## Exhibit 5

**Proof of Claim**

Claim #3691 Date Filed: 11/8/2012

The Debtor has listed your claim as Contingent, Unliquidated, and Disputed on Schedule F as a General Unsecured claim in the amount of $0.00. You MUST
timely file a Proof of Claim or you will be forever barred from recovery.

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |

Name of Debtor:
GMAC Mortgage, LLC

Case Number: 12-12032

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Wekesa O Madzimoyo vs The Bank of New York Mellon Trust Company NYBMT NA formerly known as The Bank of New York et al

Name and address where notices should be sent:    NameID: 10995364
Wekesa O Madzimoyo vs The Bank of New York Mellon Trust Company NYBMT NA formerly known as
The Bank of New York et al
852 BRAFFERTON PL
STONE MOUNT, GA 30083

Telephone number: 404-201-2356    email: wekesa@gmail.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim
Number:
*(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $ 2,275,000.⁰⁰
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: Wrongful Foreclosure, Bad Faith, Fraud
(See instruction #2)    Civil Action File # 09CV9136-10

3. Last four digits of any number by which creditor identifies debtor: __ __ __ __

3a. Debtor may have scheduled account as:
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:
Value of Property: $_____    Annual Interest Rate_____% ☐ Fixed ☐ Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____    Basis for perfection: _____
Amount of Secured Claim: $_____    Amount Unsecured: $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:

$_____

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.    $_____    (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

9. Signature: (See instruction #9) Check the appropriate box.
☒ I am the creditor.    ☐ I am the creditor's authorized agent.
(Attach copy of power of attorney, if any.)    ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: Wekesa O. Madzimoyo
Title: Plaintiff - 09CV9136-10
Company:
Address and telephone number (if different from notice address above):

(Signature) Wekesa O. Madzimoyo    11/7/2012
(Date)

RECEIVED
NOV 08 2012
KURTZMAN CARSON CONSULTANTS

COURT USE ONLY

Telephone number:    Email:

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

IN THE SUPERIOR COURT FOR THE COUNTY OF DEKALB
STATE OF GEORGIA

CIVIL ACTION FILE#

No. 09CV9136-10

Wekesa O. Madzimoyo,

-Plaintiff                                              }          PLAINTIFF DEMANDS TRIAL
                                                                              BY JURY
v.                                                          }

THE BANK OF NEW YORK                       }
MELLON TRUST COMPANY (NYBMT),

NA., formerly known as The Bank of New     }
York Trust Company, N.A., JP MORGAN        }
CHASE BANK, NA, GMAC MORTGAGE, LLC,  }
MCCURDY AND CANDLER, LLC

and ANTHONY DEMARLO, Attorney

-Defendants                                             }

---

## CONSOLIDATED AND AMENDED COMPLAINT

## WRONGFUL FORECLOSURE, BAD FAITH, FRAUD (ASSIGNMENT AND TITLE), QUIET TITLE/SLANDER OF TITLE, CLAIM FOR DAMAGES, LITIGATION FEES AND COSTS

Plaintiff Wekesa O. Madzimoyo (Plaintiff, Madzimoyo) brings this action

against the above-named Defendants consolidating for wrongful foreclosure,

bad faith, assignment and title fraud, quiet title / slander of title and claim for damages, litigation fees and costs.

This amendment comes now to consolidate the claims and existing orders of the two cases No. 09CV9136-10 and No.11CV9150-10 by a Consent Order and signed by DeKalb County Superior Court Judge Tangela Barrie on March 26, 2012.

## JURISDICTION AND VENUE

1. This property which is the subject of this lawsuit is located at 852 Brafferton PL, Stone Mountain, DeKalb Co, GA 30083, therefore jurisdiction is proper in this case.

2. Venue is proper in this case because this is a case involving real property and equity thereof.

## FACTS

3. The Plaintiff, Wekesa Madzimoyo signed a security deed with FT MORTGAGE COMPANIES dba EQUIBANK MORTGAGE CORPORATION on March 23rd, 1999 which was recorded in the office of the clerk of superior court of DeKalb County.

4.   The Plaintiff assumed over the years that the changing of servicers,

     mortgage lenders, and title and security deed transfers and assignments, state

     recording procedures had been lawfully and properly executed and filed.

5.   After having been approved for a loan modification by HomeComings

     Financial in February 2009, the Plaintiff desired to seek better modification

     terms by negotiating with his true lender (*secured creditor*).

6.   Therefore, he started a documented exchange (via certified letters and return

     receipts) with the Defendants asking them to clarify their standing as secured

     creditor, servicer, agent, attorney, debt collectors, investor, trustee, attorney-

     in-fact or otherwise relative to the subject property.

7.   The Plaintiff was / is not in default on his mortgage obligation.

8.   When Defendants refused to adequately and lawfully document their

     standing, the Plaintiff became suspicious.

9.   Fearing double jeopardy -- that he may be paying the wrong party, and that

     he unwittingly had become part of a mortgage scam -- the Plaintiff began to

     lawfully withhold payments pending legal validation of Defendants'

     standing in his mortgage loan.

3

10. From April through June, 2009 - the Plaintiff repeatedly asked the
Defendants to validate their standing as required by Federal and Georgia
law.

11. On July 3rd, 2009 Defendant Anthony DeMarlo of McCurdy and Candler
mailed to the Plaintiff a NOTICE OF FORECLOSURE SALE (See
EXHIBIT 1).  GMAC was noted as the Servicer; The Bank of New York
Mellon Trust Company, National Association fka The Bank of New Your
Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. Trustee
for RAMP 2006 RP2 (NYBMT) was noted as Creditor.

12. The Plaintiff opposed this action, first sending the Defendants a cease and
desist order, then by filing an Emergency Petition for a Temporary
Restraining Order in the DeKalb County Superior Court to force the
Defendants to cease foreclosure activity and to clarify their standing to
collect monies, and/or to foreclose on Plaintiff's home at 852 Brafferton
Place, Stone Mountain, GA 30083.

13. DeKalb County Superior Court Judge, Tangela M. Barrie, examined over
50 pages of communication between Plaintiff Madzimoyo and the
Defendants spanning months between April and July 2009.

4

14. Judge Tangle M. Barrie granted the Emergency Temporary Restraining
Order on July 29th, 2009. Judge Barrie set a hearing date for August, 28th,
2011 and ordered the Defendants to *"**Bring proper evidence of chain of
title.**"*(emphasis added)

15. Rather than doing so, the Defendants abused their Right of Removal and
removed the **Emergency Petition** and the pending hearing to Federal
District Court on August 27, 2009.

16. After many months and flurries of motions, where the Plaintiff attempted to
have the case remanded back to State Court, the Defendants alleged that the
Plaintiff's pleadings were insufficient.

17. The Defendants were granted a dismissal (Judgment on the Pleadings) of
the Plaintiff's EMERGENCY PETITION FOR TEMPORARY
RESTRAINING ORDER TO STOP FORECLOSURE by the United States
District Court for the Northern District of Georgia, Atlanta Division on
January 3, 2011.

18. The Plaintiff disagreed with the Court's decision, and appealed that order to
the 11th Circuit Court of Appeals.

19. While the Plaintiff-Madzimoyo awaited the Appellant Court ruling, the
Defendants twice commenced new and unlawful foreclosure actions against

the Plaintiff's property at 852 Brafferton Place Stone Mountain, GA 30083.
These constituted the 2nd and 3rd commencements of wrongful foreclosure.

20. The Plaintiff filed Bankruptcy on April 4, 2011 seeking protection of the
automatic stay to stop the second wrongful foreclosure.

21. On September 1, 2011, the Plaintiff filed another Complaint in the Superior
Court of DeKalb County, GA (Same property, different causes of action.)

22. On September 2, 2011, the Plaintiff appeared before DeKalb County
Superior Court Judge Michael Hancock seeking to enjoin the Defendants
from yet another wrongful foreclosure on the Plaintiff's property while he
awaited the 11th Circuit Court Ruling .

23. The Plaintiff pointed out the Defendants' foreclosure notice violations of
OCGA 44-14-162.2 – accurate secured creditor. Hence Judge Hancock
enjoined the Defendants from foreclosing on subject property.

24. On September 7t$^{h}$, the 11th Circuit Court of Appeals ruled for the Plaintiff
vacating the District Court Order and ordering the District Court to remand
the case back to DeKalb County, Superior Court - Judge Tangela Barrie's
Court.

25. On October 5, 2011 Judge Tangela Barrie issued a "Continuance Order" stating "Defendants are restrained from foreclosing on the disputed property until this matter has been finalized or proper motions made."

26. On October 12, 2011, the Federal District Court remanded the case back to DeKalb County Superior Court.

27. On March 26, DeKalb County Superior Court Judge Tangela Barrie signed a consent order consolidating the two cases.

28. In this consolidated action, Plaintiff Madzimoyo alleges that Georgia laws were violated, and that such violation has caused undue pain and suffering.

## COUNT I-WRONGFUL FORECLOSURE

29. The contents of the paragraphs set forth above are incorporated here as if fully set forth herein.

30. The Plaintiff alleges that the Defendants are not the "secured creditors" and have violated O.C.G.A. § 44-14-162 (a-c) by commencing foreclosing on 852 Brafferton Place Stone Mountain, GA 30083 on July 3rd, 2009, February 14, 2011, and then again on July 25th, 2011.

7

31. While Defendants' July 3rd, 2009 NOTICE OF FORECLURE listed

Defendant NYBMT as the "creditor" (See July 3, 2009) Foreclosure Notice:

EXHIBIT 1), please note:

    a. Examination of the DeKalb County Real Estate Records on July 3, 2009 and months thereafter revealed that none of the Defendants had recorded any assignment of title as required by Georgia law.

    b. On February 18th, 2010, the Defendants did file an assignment in the DeKalb County Real Estate records purporting to establish the New York Bank of Mellon Trust Company, NA as the "secured creditor."

    c. Examination of the Defendants' assignment document (See EXHIBIT 2) indicates that the purported assignment occurred on February 8th, 2010 - a full seven months after foreclosure proceedings were commenced on July 3rd, 2009 and after the Defendants publicly advertised that the Plaintiff was in Default and his home was to be auctioned.

    d. **Note:** Plaintiff is not confusing a late <u>filing date</u> with execution of assignment date. The Document clearly shows that it was filed with the DeKalb County clerk on February 18th, 2010, while it was purportedly legally executed on February 8th, 2010.

32. According to **O.C.G. A. § 44-14-64 (a-c)** only the documented secured

creditor/holder in due course can foreclose on subject property.

"The security instrument or assignment thereof vesting the ***secured creditor*** with title to the security instrument shall be filed prior to the

8

continues to retain remedies under the security deed so
long as the debt evidenced by the note has not been
satisfied.")

34. "A cause of action for wrongful foreclosure starts at the point of the

property being advertised for sale." *Sale City Peanut & Milling Company,*

*Inc. v. Planters & Citizens Bank et al., 107 Ga. App. 463 (130 SE2d 518*

*(1963).*

35. This was also affirmed in *Morgan vs. Ocwen Loan Servicing, LLC*, United

States District Court Judge, Amy Totenburg:

"… courts have recognized a cause of action for wrongful attempted
foreclosure when a foreclosure action was commenced, but not completed,
where plaintiffs have shown that a defendant "knowingly published an
untrue and derogatory statement concerning the plaintiffs' financial
conditions and that damages were sustained as a direct result."
*Sale City Peanut & Milling Co. v. Planters & Citizens Bank, 130 S.E.2d
518, 520 (Ga. Ct.App. 1963).*

36. Defendants' most recent wrongful foreclosure action on Plaintiff's residence

at 852 Brafferton Place Stone Mountain, GA 30083 on February 14th, 2011

forced the Plaintiff to file bankruptcy, and Defendants' July 25th, 2011

wrongful foreclosure action advertised for the third time in three years that

his home would be auctioned on Sept. 6th, 2011.

37. **WHEREFORE**, Plaintiff respectfully requests that this Court enter a

judgment against the DEFENDANTS as follows:

time of sale in the office of the clerk of the superior court of the
county in which the real property is located." O.C.G.A. § 44-14-
162(b) (emphasis added).

"Notice of the initiation of proceedings to exercise a power of sale in
a mortgage, security deed, or other lien contract shall be given to the
debtor by the *secured creditor* no later than 30 days before the date of
the proposed foreclosure." O.C.G.A. § 44-14-162.2(a) (emphasis
added).

33. United States District Court Judge Amy Totenberg in *Morgan vs. Ocwen
Loan Servicing LLC.* not only concurs, but makes clear the Georgia Supreme
Court view on this matter:

> "Georgia law authorizes the secured creditor, the holder of the obligation, to
> exercise a power of sale. See **O.C.G.A. §§ 44-14-162.2 (See #32 above.)**

The Georgia Supreme Court has clearly indicated that the right to foreclose
lies with the party that holds the indebtedness:

> "Could there be a more conclusive defense to the foreclosure
> than that the party prosecuting it was not the holder of the debt
> or demand secured by the mortgage, which he failed to produce
> when called on, and offered nothing to show that he controlled
> it, or to explain why it was not forthcoming at the trial?"
>
> *Weems v. Coker, 70 Ga. 746, 749 (1883), cited by Truitt
> v. Moister, 11 B.R. 15 (Bankr.N.D. Ga. 1981)*; see also
> *Bowen, 438 S.E.2d at 122; Boaz, 580 S.E.2d at 578;
> Cummings v. Anderson, 173 B.R. 959, 963 (Bankr. N.D.
> Ga. 1994)* (foreclosure was null and void where the entity
> foreclosing did not have an actual assignment of the note
> and security deed), aff'd, *112 F.3d 1172 (11th Cir. 1997);
> Weston v. Towson, No. 5:04-CV-416, 2006 WL 2246206,
> at *6 (M.D. Ga. Aug. 4, 2006)* ("[T]he holder of the note

9

a. That Plaintiff be granted compensatory damages against the Defendants NYBMT, JPMORGAN CHASE, GMAC, ANTHONY DEMARLO AND MCCURDY AND CANDLER in the amount of **$500,000.00**

b. That Plaintiff is granted such other and further relief as the Court deems just and proper.

**c.** That Plaintiff have a Jury trial.

## Count II-BAD FAITH

38. The Plaintiff's allegations of fraudulent assignments and bad faith stem from:

a. The Defendant's refusal to provide complete "evidence of chain of title" as ordered by Judge Barrie 3 years ago;

b. After-the-fact, fraudulently signed assignment executed on February 8th, 2010;

c. "Corrective Assignment of Security Deed" filed with the DeKalb County, GA Clerk of Superior Court on January 4th, 2011 (See EXHIBIT 3);

d. The reliance on LPS (Lender Processing Services) or other "document handlers" instead of the expected due diligence expected of Defendants, and the Agents and Attorneys

39. Chain of Title and Securitization.

11

i.   The securitization of the Plaintiff's loan does not relieve the
     Defendants of following Georgia chain of title, assignment and
     recordation laws. In bad faith they have ignored them and have
     provided a Juan Antonio Aguirre's affidavit doesn't meet the
     transfer requirements of the loan pools, Georgia laws, or Judge
     Barrie's' order.

ii.  *"Separation of the note and security deed creates a question
     of what entity [has] the authority to foreclose…"* wrote,
     Federal Judge Amy Totenberg, United States District Court,
     Northern District of Georgia, in ***Morgan v. Ocwen***. Judge
     Totenberg  then turned to a description of the securitization
     process and described how securitized debt reached this bizarre
     state of affairs. Citing the distinguished former Dean of the
     Emory Law School, Frank S. Alexander, she wrote:

iii. "In the securitization process, ownership of a note might be
     **transferred four or five times**, from the original lender to the
     issuer of the securities, through one or more special purpose
     entities, and finally to the trustee bank, which holds the legal
     interest in the note for the benefit of the securities holders

iv.  Whereas the cost-saving benefits to the mortgage banking
     industry … are clear, its harmony with Georgia real estate law is
     less evident.

40. Judge Totenberg's description is supported by the Defendants' (GMAC, JP

MORGAN CHASE, NYBMT) own Pooling and Service Agreement

governing the trust that they claim holds Plaintiff's mortgage.  That

document's section entitled Transfer of Mortgage Loans (See EXHIBIT 4)

diagrams the sequence of transfers of the mortgage loans that are included in

the mortgage pool and says:

12

   a. "The *originators* will, on or prior to the closing date, sell the
mortgage loans to the sponsor."

   b. "The *sponsor* will…sell the mortgage loan to the depositor."

   c. "The *depositor* will then transfer the mortgage loans to the trustee, on
behalf of the trust that is the issuing entity.

   d. The *trustee* will accordingly own the mortgage loans for the benefit of
the holders of the certificates."

41. Please note a minimum of four mortgage loans sales/transfers are required
for the Plaintiff's mortgage loan to be successfully placed into the trust.

42. This means that according to Georgia law a minimum of four assignments
with the proper endorsements and proper recording with the DeKalb County
Clerk are required to have been made by the time the loan was securitized
with "*First Bank of Chicago as Trustee*" which occurred 3 days after the
Plaintiff closed on the loan with FT Mortgage according to the County
records. (See EXHIBIT 5.)

43. Neither of these assignments is accounted for by the Defendants.

44. Instead, the Defendants submitted a Juan Antonio Aguirre affidavit
(EXHIBIT 6) which simply contends that the Plaintiff's mortgage loan
"came to be held" by JPMorgan Chase, then NYMPT by merger and
succession.

45. The Plaintiff alleges that the Aguirre affidavit was submitted in bad faith

designed to defraud the Court and the Plaintiff.

46. Plaintiff specifically avers that a fraudulently created Assignment confers

no rights at all, let alone the right to foreclose.

47. Indeed, O.C.G.A. § 44-2-43 declares *"Any person who: (1) fraudulently
obtains or attempts to obtain a decree of registration of title to any land or
interest therein; (2) knowingly offers in evidence any forged or fraudulent
document in the course of any proceedings with regard to registered lands
or any interest therein; (3) makes or utters any forged instrument of
transfer or instrument of mortgage or any other paper, writing, or
document used in connection with any of the proceedings required for the
registration of lands or the notation of entries upon the register of titles;
(4) steals or fraudulently conceals any owner's certificate, creditor's
certificate, or other certificate of title provided for under this article; (5)
fraudulently alters, changes, or mutilates any writing, instrument,
document, record, registration, or register provided for under this article;
(6) makes any false oath or affidavit with respect to any matter or thing
provided for in this article; or (7) makes or knowingly uses any counterfeit
of any certificate provided for by this article shall be guilty of a felony and
shall be punished by imprisonment for not less than one nor more than ten
years."*

48. The February 8th, 2010 ASSIGNMENT OF NOTE AND SECURITY

DEED filed by the Defendants features the signature of known robo-signer -

Jeffrey Stephan.

49. The Defendants have acted in bad faith by initiating foreclosures on the

Plaintiff's home when they knew or should have known that a Jeffrey

14

Stephan  signed assignment was likely fraudulent or invalid due to

verification irregularities.

50. Well before the Feb. 8th signing, Jeffrey Stephan, had admitted in a Florida

deposition that he signed thousands of affidavits a month without personal

knowledge, and had made false statements to courts under oath in hundreds

of cases.

51. Other depositions in Maine, and court sanctions followed. (See EXHIBIT

7.)

52. Ohio Judge, Margaret Russo, ordered GMAC to appear before her to provide

*"proof of integrity of all documents submitted"* in the foreclosure case US

Bank, National Association as Trustee vs. James W. Renfro.  US Bank and

its servicer – GMACM (GMAC Mortgage Corporation) when they

submitted documents executed by Jeffrey Stephan.

53. On October 27th, 2010, in the same case (US Bank National Association as

Trustee vs. James W. Renfro, et al.,) US Bank moved to withdraw the

property from sale because GMAC Mortgage Corporation (GMACM)

discovered that "…verification irregularities may have occurred in

connection with the execution of certain affidavits used in the judicial

foreclosure process. GMACM requests that the order of sale be withdrawn

15

until GMACM can confirm the accuracy of the affidavit supporting the

judgment in this matter..."

54. On January 19th, 2011 the Washington Post reported:

"Ally Financial, one of the nation's largest lenders, said Tuesday that it is

withdrawing all of its foreclosures in Maryland that were approved by

employee Jeffrey Stephan, the "robo-signer" who admitted he signed off

on thousands of files every month with little or no review. The company,

formerly known as GMAC, said about 250 active cases signed by

Stephan will be dismissed..."


55. The Defendants operated in bad faith by not verifying and instead

submitting into the DeKalb County Real Estate Record a document signed

by Jeffrey Stephan, when they knew that hundreds of court dismissals and

foreclosure withdrawals had occurred in Florida, Maine, Ohio and Maryland

prior to his signature on the February 8th, 2010 ASSIGNMENT OF NOTE

AND SECURITY DEED purporting to properly assign the subject property

to Defendant, NYBMT.

56. The Defendant's aforementioned pattern of using Stephan's fraudulently

signed documents to establish title ownership where none existed, combined

with the defendants' early refusal to validate their standing to the Plaintiff

before commencing foreclosure in July of 2009, and their decision to

execute and file an after-the-fact assignment which is fraudulent on its face,

leads the Plaintiff to these conclusions, and Plaintiff alleges:

    a. The Jeffrey Stephan-signed ASSIGNMENT OF NOTE AND

       SECURITY DEED is consistent with the thousands of other

       fraudulent documents he has signed and

    b. Knowing this and in bad faith, the Defendants recorded it in the

       DeKalb County Real Estate Record to fraudulently vest title in the

       Defendant – NYBMT, in order to justify the Defendants' illegally

       collecting payments from the Plaintiff, and wrongfully foreclosing on

       Plaintiff Madzimoyo's home and property at 852 Brafferton Place,

       Stone Mountain, GA. 30083.

57. Georgia's highest Court has spoken clearly about forged documents in

Mortgage transactions in *Aurora Loan Services, LLC v. John MaCelray*

*Veatch, ADMR., et al.*, Supreme Court of Georgia, S10A1725 (decided

March 18, 2011)

> *"A forged deed is a nullity and vests no title in a
> grantee [Cit.]. As such, even a bonafide purchaser
> for value without notice of a forgery cannot acquire
> good title from a grantee in a forged deed, or those
> holding under such a grantee, because the grantee
> has no title to convey."*

58. Any foreclosure of the security in the absence of a valid assignment is null

and void ab initio. In re *Cummings*, 173 B.R. 959, 962 (N.D. Ga. 1994). Any

foreclosure conducted using fraudulently signed and attested documents,

which the Defendants knew or should have known to be fraudulently

executed, including deeds, transfers, assignments or any other document,

that are missing the signature of an unofficial witness and deeds missing the

signature of an official witness (emphasis added) are defective. Therefore,

any wrongful foreclosures are void under O.C.G.A. § 23-2-114.


59. The Plaintiff alleges that the Defendants' subsequent filing of January 4th,

2011 "CORRECTIVE ASSIGNMENT OF SECURITY DEED" further

demonstrates fraud and bad faith. (See EXHIBIT 3.)

60. Although the "authorized officers" signers have changed, Plaintiff alleges

that the original signer – Jeffrey Stephan - of the February 8th, 2010

assignment - lacked signing authority and signed fraudulently rendering the

document a nullity. Such an assignment is fraudulent, and fraud is not

correctable.

18

61. The Defendants assert : *"This Corrective Assignment of Security Deed is being recorded in order to correct the corporate names of the Assignee and Assignor."* This implies that these changes were to address "scrivener's errors" (spelling errors, typos, insignificant, and or agreed upon date errors, etc.). (See EXHIBIT 3.)

62. According to US Legal.Com:

> The doctrine of Scrivener's error is a legal principle which permits a typographical error in a written contract to be corrected by parol evidence if the evidence is clear, convincing, and precise. ***However if such correction affects property rights then it must be approved by those affected by it.*** (Emphasis Added) Scrivener's error is an error due to a minor mistake or inadvertence and not one that occurs from judicial reasoning or determination.

63. The Defendants' **CORRECTIVE ASSIGNMENT OF SECURITY DEED** goes much farther than correcting the spelling of corporate names to naming different corporate entities.  It actually changes the names of the assignors and assignees:

The assignors from:

   a.  The Bank of New York Mellon Trust Company,

       National Association fka The Bank of New York Trust

19

Company, N.A. *as successor to JPMorgan Chase*

*Bank, NA as Trustee s/b/m to Bank One, N.A.* in the

**Jeffrey Stephan signed assignment of Feb, 8th 2010**

to

b. Assignors: The Bank of New York Mellon Trust

Company, National Association fka The Bank of New

York Trust Company, N.A. as successor to JPMorgan

Chase Bank, NA as Trustee s/b/m to Bank One, N.A. as

Trustee s/b/m to *The First National Bank of Chicago*

*as Trustee* **in the Corrective Assignment dated**

**January 18, 2011.**

64. In order to complete the chain of title, we have to know who

the actual assignor was and from whom they received and for

what consideration.

65. The Defendants also changed the names of the assignee from:

a. The Bank of New York Mellon Trust Company,

National Association fka The Bank of New York Trust

Company, N.A. as *successor to JPMorgan Chase*

*Bank, NA as Trustee for RAMP 2006-RP2* in the

20

**Jeffrey Stephan signed assignment of Feb, 8th 2010**

to

**b.** The Bank of New York Mellon Trust Company,

National Association fka The Bank of New York Trust

Company, N.A. as *successor to JPMorgan Chase*

*Bank, NA as Trustee s/b/m to Bank One, NA as*

*Trustee s/b/m to The First National Bank of Chicago*

*as Trustee for RAMP 2006-RP2* in the Corrective

Assignment dated January 18, 2011.

**c.** The doctrine of scrivener's error pursuant to OCGA 9-10-132 would

require that proper motions be made before the Court to effectuate

such a change in the names of assignees and assignors. Such a change

devoid of proper motions is fraudulent and renders the assignments a

nullity.

**66.** Note also, that neither of the first two NOTICES OF FORECLOSURE

mailed to the Plaintiff listed either "… **The First National Bank of**

**Chicago as Trustee** nor …**The First National Bank of Chicago as** *Trustee*

*for RAMP 2006RP2." (See EXHIBIT 8.)*

21

**67.** The July 25th , 2011 NOTICE OF FORECLOSURE on Subject Property from McCurdy and Candler, LLC, list yet another Corporate entity as the creditor: **The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, NA as Trustee for RAAC 2006 RP2  (See Exhibit 9.)**

68. The Securities and Exchange Commission has verified that MBS-**RAAC2006-RP2** and ... **RAMP2006-RP2** are distinct trusts with distinct Pooling and Service Agreements, investors, etc.

Multiple "secured creditors" is in direct violation of the already sited OCGA 44-14-162.2 (a-c) regarding mailing notices under *Powers of Sale* and strict adherence to the law.

Exhibit 5 shows the assignment from FT Mortgage to First National Bank of Chicago on March 26, 1999,   three days after the Plaintiff had closed on his mortgage. However, the bogus assignments filed by the Defendants attest that the foreclosing party NYBMT "came to hold" legal interest and authority to foreclose because of a series of mergers and successions of **The First National Bank of Chicago as** *Trustee for RAMP 2006RP2.*  In 1999, the trust- RAMP2006-RP2 did not exist and didn't come

22

into being until 2006, and therefore could not have been the basis from

which the authority of chain of title flows.

69. Defendants Anthony DeMarlo and McCurdy and Candler also acted in bad

faith by abrogating their professional responsibility for verification, and

instead repeatedly relying on LPS  and/or Doc X and/or Prommis Solutions

and/or LPS and/or Lender Processing Services and/or Equifax DNA and/or

Fidelity National Information Services and/or Fidelity National Foreclosure

Solutions for assignment, foreclosure, and/or title information about subject

property.

70. If it were merely a lapse in judgment, surely the Plaintiff's challenge and

Judge Tangela Barrie's 2009 order for the Defendants *"to bring proper*

*evidence of chain of title"* would have reminded them of their ethical and

professional responsibility to verify for themselves the veracity of the

subsequent documents vesting rights in their client to foreclose. Given the

continued inconsistencies, the Defendants continued in bad faith to rely on

LPS or document companies like LPS for information regarding the

Plaintiff's mortgage loan status and the right of its client relative to it.

71. Lender Processing Services.  (LPS) and the other aforementioned

outsourcers who provide third party mortgage services base their business

model in part on the *industrialization of documentation production and*

23

*execution*. This has led to foreclosure abuses that Defendants knew or
should have known about.

72. To wit:

   a. Nevada Attorney General Catherine Cortez Masto sued LPS over its

      practices, including "fraudulent notarizations." She also indicted two

      individuals involved in LPS's document execution factory.

   b. Missouri Attorney General (AG) indicted LPS subsidiary DocX for

      136 counts of forgery and making a false declaration related to

      mortgage documents. The AG noted these forged documents were

      notarized by DocX as well.

   c. In Oct. 2010 The standing Chapter 13 Trustee for the Northern

      District of Mississippi, Locke Barkley,  joined litigation against LPS

      on behalf of herself and of all Chapter 13 Trustees in the US. This

      suit, in part, is aimed at the alleged clandestine "fee splitting" between

      lawyers and LPS that litigants say are disguised as various fees for

      services.

73. Defendant McCurdy and Candler has been the LPS (Lender Processing

   Services) Summit Award winner on at least two occasions.

24

"Lender Processing Services, Inc. (LPS) has recognized the firm's

(McCurdy and Candler's) work with its Summit Award for

Excellence in Foreclosure and Bankruptcy for every quarter in both

2007 and 2008, the only firm in the LPS network with more than 100

organizations to achieve this level of consistent excellence."

74. With such a close association it would be almost impossible for McCurdy

and Candler to not be aware of the difficulties with LPS. To continue to rely

on them for documents relative to the Plaintiff's property is a clear act of

bad faith.

75. **O.C.G.A. 23-2-114** states in part that "Powers of Sale in deeds of trust,

mortgages, and other instruments *shall be strictly construed and shall be*

*fairly exercised*." [emphasis added]

76. The Defendants have violated **O.C.G.A. 23-2-114** by repeatedly publishing

on July 3rd, 2009, and subsequently on February 14, 2011, and July 25,

2011 that Plaintiff Madzimoyo was in default, that his home subject to public

auction, and that the Defendants were or represented the verified secured

creditor, when neither was/is true.

77. Because of NYBMT's, GMAC's, JPMORGAN CHASE's, and MCCURDY

AND CANDLER'S outrageous and extreme conduct, Plaintiff has suffered a

loss of business income and he, his wife and children have suffered

tremendous emotional distress.

78. **WHEREFORE**, Plaintiff respectfully requests that this Court enter a

judgment against the DEFENDANTS as follows:

a. That the Defendants' ability to foreclose on subject property be

    forever prohibited;

b. That Plaintiff be granted compensatory damages against the

    Defendants NYBMT, JPMORGAN CHASE, GMAC, Anthony

    DeMarlo and McCurdy and Candler in the amount of **$25,000** each

    for emotional distress; and

c. That Plaintiff be granted compensatory damages against the

    Defendants in the amount of $500,000.00;

d. That Plaintiff is granted such other and further relief as the Court

    deems just and proper;

e. That Plaintiff have a Jury trial.

## COUNT III- FRAUD BY NYBMT,   JPMORGAN CHASE, N.A. and GMAC

79. Plaintiff re-alleges paragraphs 1 through 78 and incorporates them as though fully set out and incorporated by reference herein.

80. Under Georgia law, the elements of fraud are: 1. false representation by Defendant; 2) scienter; 3) intent to induce Plaintiff to act or refrain from acting; 4) justifiable reliance by Plaintiff; and 5) damages.

81. On July 3, 2009 "NYBMT" by its Agent and Attorney Anthony DeMarlo and McCurdy and Candler, LLC misrepresented itself as the secured creditor in the Foreclosure Notice on subject property when it had no rights within the Plaintiff's mortgage.

82. On February 14, 2011, Defendant NYBMT by it Agent and Attorney Anthony DeMarlo and McCurdy and Candler, LLC misrepresented itself as the secured creditor by executing and recording in the DeKalb County real estate records an assignment fraudulently attested to by Jeffrey Stephan who has testified before and since to have signed assignments with no regard for the truth or legitimacy.

83. On February 14, 2011, Defendant NYBMT by it Agent and Attorney Anthony DeMarlo and McCurdy and Candler, LLC misrepresented itself as the secured creditor by executing and recording in the DeKalb County real

27

estate records a "corrected assignment" which introduced new corporations

in an already fraudulently altered chain of title.

84. Defendants NYBMT, JPMorgan Chase, GMAC/ALLY knew or should

have known that it had no rights within the Plaintiff's mortgage because it

knew that it had not been assigned any rights to the property, and had not

recorded any alleged transfer into the DeKalb County Court house. The

subsequently recorded assignment was not to be executed until February 8th,

2010- seven months after the Defendants had commenced foreclosure.

85. Defendant NYBMT knew or should have known that it had no rights in the

Plaintiff's mortgage and misrepresented to the Plaintiff- Madzimoyo by the

letters of July 3rd, 2009, Feb. 24, 2011, and July 25th , 2011 that "they had

rights *Pursuant to the Power of Sale contained in the Security Deed* given

by Plaintiff -Wekesa Madzimoyo to FT Mortgage dba Equibanc Mortgage

Corporation on March 23rd, 1999 as recorded in the office of the clerk of the

superior court of DeKalb County, GA.

86. There being no assignment- recorded or executed to Defendant NYBMT as

secured creditor, the letter of July 3rd, 2009 was false, untrue, and malicious

misrepresentation both by NYBMT and its agent and attorney.  The recorded

assignments having been fraudulently created and altered to make the

Defendant appear as the secured creditor were false, untrue, and malicious

misrepresentation. The Plaintiff is entitled to punitive damages to deter

Defendants NYBMT, JPMorgan Chase and GMAC/ALLY from such willful

and malicious misrepresentations.

87.  Plaintiff relied on the misrepresentation of Defendants NYBMT,

JPMORGAN CHASE, GMAC/ALL and their Agent – Anthony DeMarlo-

MCCURDY AND CANDLER that Defendant NYBMT had rights under an

assignment that was executed as is required by OCGA 44-14-162.2 prior to

commencing foreclosure on subject property. The allegations of assignment,

successor by merger, etc. are false and untrue. There was not and has never

been an assignment executed or recorded previously which gave the

Defendants rights to collect mortgage payments or evoke the Power of Sale

clause of the subject property security deed for foreclose on the subject

property.

88. As a result of NYBMT, JPMORGAN CHASE, GMAC, and its agent and

attorney's misrepresentations, Plaintiff was damaged by the advertisement,

anxiety, loss of business, and emotional damage from repeated foreclosure

commencements

29

89. **WHEREFORE**, Plaintiff respectfully requests that this Court enter a

judgment against the Defendants NYBMT, JPMORGAN CHASE, NA,

AND GMAC/ALLY as follows:

    a. That Plaintiff be granted compensatory damages against NYBMT,

        JPMORGAN CHASE, GMAC/ALLY in the amount of $250,000.00;

        and Punitive Damages in the amount of $1,000,000.00 or such as may

        be granted in the enlightened conscience of a jury.

    b. That Plaintiff be granted such other and further relief as the Court

        deems just and proper.

## COUNT IV-FRAUD BY ANTHONY DEMARLO AND MCCURDY AND CANDLER, LLC

90. Plaintiff re-alleges paragraph I through 91 and incorporate them as though

fully set out and incorporated by reference herein.

91. Under Georgia law, the elements of fraud are: 1) false representation by

Defendant; 2) scienter; 3) intent to induce Plaintiff to act or refrain from

acting; 4) justifiable reliance by Plaintiff; and 5) damages

92. On July 3rd, 2009; February 14, 2011; then again on July 25th, 2011,

attorney Anthony DeMarlo and McCurdy and Candler, LLC sent Plaintiff

notices of Pending Foreclosures stating that it was foreclosing on the Note

and Security Deed.

93. Anthony DeMarlo and McCurdy and Candler at all times relevant to the

Foreclosure Notices sent to the Plaintiff, knew or should have known that

NYBMT had no rights, power or authority in the Plaintiff's mortgage.

94. On or before July 3rd, 2009 Defendant Anthony DeMarlo and McCurdy and

Candler knew or should have known that there was no assignment or record

by Defendant NYMBT, JPMorgan Chase, GMAC/ALLY granting them

rights in the Plaintiff's mortgage.

95. On or before the subsequent notices (Feb, 14 and July 25th, 2011) Defendant

Anthony DeMarlo and McCurdy and Candler knew or should have known

that the recorded assignments were invalid. Each of the assignments was

stamped "return to Anthony DeMarlo, Foreclosure Dept. at McCurdy and

Candler" prior to the subsequent 2011 Notices of Foreclosure. (See

EXHIBITS 2 and 3.) Further, the Defendant Anthony DeMarlo and

McCurdy and Candler had been alerted by the Plaintiff's allegations in this

initial Petition for an Emergency Restraining Order to Stop Foreclosure, and

by DeKalb County Judge Tangela Barrie's order for them to "bring proper

evidence of chain of title." The Defendant Anthony DeMarlo and McCurdy

and Candler intentionally and deliberately moved to deceive the Plaintiff to

believe that Defendant NYBMT was the secured creditor for the subject

property. (See EXHIBITS 2 and 3.)

96. Plaintiff was deceived by the misrepresentation by GMAC, JPMORGAN

CHASE, NYBMT' s agent and attorney that NYBMT has rights under an

assignment, then a "corrected assignment" recorded in the Clerk's Office of

the Superior Court of DeKalb County. Said misrepresentations were false

and untrue by Anthony DeMarlo and McCurdy and Candler since there were

no assignments to the foreclosing creditor executed or recorded prior to the

first Notice of Foreclosure, and since both subsequent assignments were

after the fact, and invalid.

97. Plaintiff relied on the false and misleading representations by Anthony

DeMarlo and McCurdy and Candler's NOTICES OF PENDING

FORECLOSURE that NYMBT had rights to foreclose on Plaintiff's

property due to assignments recorded in the Superior Court of Clerk of

DeKalb County.

98. As a result of Anthony DeMarlo and McCurdy and Candler's

misrepresentations, Plaintiff was damaged by its property being advertised

and a nearly 4 years of wrongful foreclosure battles

99. There being no assignment of record by Defendant NYBMT until seven

months after Anthony DeMarlo and McCurdy and Candler's initial NOTICE

OF PENDING FORECLOSURE, and their ignoring Judge Tangela Barrie's

order to make sure the chain of title was complete , and their sending

repeated foreclosure notices based on invalid assignments, such willful and

malicious misrepresentation, Plaintiff is entitled to punitive damages to deter

Defendants Anthony DeMarlo and McCurdy and Candler, LLC. from such

willful and malicious conduct again.

100.    **WHEREFORE**, Plaintiff respectfully requests that this Court

enter judgment against the Defendants Anthony DeMarlo and McCurdy and

Candler as follows:

a. That Plaintiff be granted compensatory damages against Anthony

DeMarlo and McCurdy and Candler, LLC in the amount of

$250,000.00; and punitive damages in the amount of one Million

($1,000,000) to deter Defendants Anthony DeMarlo and McCurdy

and Candler from such willful and malicious misrepresentation and

conduct;

b. That Plaintiff be granted such other and further relief as the Court

deems just and proper;

c. That the Plaintiff be granted a Jury Trial.


## COUNT V- QUIET TITLE/SLANDER TITLE


101.    Plaintiff re-alleges paragraph I through 100 and incorporate them as

though fully set out and incorporated by reference herein.

102.    The Defendants' missing documentation for early assignments from

the loan originator, to the  sponsor, to the depositor, to the trust will probably

make it impossible to reconstruct the accurate chain of title.

103.    The Defendants' fraudulent assignments, and conflicting submissions

into the land record and on the Notices of Foreclosures  have created both

patently and latently defective deeds, which slanders the title of any property

foreclosed upon that relied upon an assignment with the fraudulent

attestation causing the Plaintiff damages.

104.    While purporting to have standing, the Defendants have:

    a. initiated multiple wrongful foreclosure proceedings,

    b. entered invalid documents into the chain of title to facilitate

       foreclosure,

    c. refused to execute sales as required by the governing Pooling and

       Services Agreement and/or failed to record subject property mortgage

       sales, transfers, assignments of land title documents as required by

       Georgia law.

105.    The Defendants splitting the note from the security deed, and the

dubious process of signing in blank (the promissory note) violates GA chain

of title laws and raises the question of who has the authority to foreclose.

106.    All of this and more has actually slandered the property's title.

107.    There is a genuine issue of material fact as to whether the Plaintiff's

note was ever equitably and lawfully assigned to any trust , let alone the

Defendants', and the invisible intervening owners and holders in the alleged

securitization chains. (**RAAC 2006 RP2 or RAMP 2006 RP2**)

**108.**    Given the contradictions between the after-the-fact assignment, and

the corrective assignment and the different secured creditors on the Notices

of Foreclosure, parties that have justifiably relied on county land records

when buying, extending, financing or insuring title to real property will be

unable to do so.

## CONCLUSION

**109.**    The Plaintiff and his wife are self-employed. These untrue and

derogatory financial statements and advertisements concerning the

Plaintiff's personal financial condition have tremendously hurt their

businesses.

**110.**    This, combined with the 2000-plus hours and expense of litigation to

defend his home and reputation against multiple commencements of

wrongful foreclosure at the hands of the Defendants have been severe and

substantial.

111.    In addition to seeking compensatory, consequential, punitive and

other damages (see previous counts), Plaintiff seeks declaratory relief as to

what (if any) party, entity or individual or group thereof is the owner of the

promissory note executed at the time of the loan closing by Plaintiff

Madzimoyo, and whether the purported Deed to Secure Debt ("Deed")

secures any obligation of the Plaintiff to any Defendant, and if not, a Final

Judgment granting Plaintiff Quiet Title in the subject property and an

unsecured note payable to its true owners.

## Wherefore, Plaintiff requests

1. That the commenced foreclosure be set aside

2. That the Court grant **Declaratory Judgment** which states Defendants had and
   have no legal standing or the proper legal or equitable interest in either the Note
   AND Security Deed to institute or maintain a foreclosure;

3. That the Court determine and rule on the *lawful chain of title* to the Plaintiff's
   note so as to determine each lawful transfer and who the current holder in due
   course of the Plaintiff's note is, if any;

4. That the Court , finding  none of the Defendants to be holders in due course,
   issue a Final Judgment granting Defendant Quiet Title in the subject property,
   and an unsecured note payable to its true owners.

5. That the Defendants be required to pay **compensatory damages** to the Plaintiff

   for the **wrongful foreclosure, bad faith, fraud**, and **slander of property title**

   for more than three years **as explicated in each count of this lawsuit;**

6. That the Defendants be required to pay **damages including punitive damages**

   to the Plaintiff for Wrongful Foreclosure, Bad faith, Slander of Property Title,

   Fraud against the Plaintiff as previously **set forth in each count of this**

   **lawsuit;**

7. That the Court void and further declare the Plaintiff's property free and clear

   from all claims and encumbrances; and

8. That the Court includes relief for the Plaintiff that takes into account the

   **financial burden** caused by this Defendants' actions, litigation, loss of

   reputation, loss of business, as well as the infliction of **emotional distress** and

   that the court includes relief as it may deem necessary and just.

Submitted this ____1st____ day of __May____, 2012

_____

Wekesa O. Madzimoyo

Pro Se Litigant

404-201-2356

# CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the within was served upon all
parties to this matter by my depositing a true copy of same in the U.S. Mail, proper
postage prepaid, addressed to counsel of record as follows:

Counsel for Defendants:
McCurdy & Candler, LLC
Anthony Demarlo, Attorney

Frank R. Olson, Esq.
McCurdy & Candler, LLC
3525 Piedmont Rd, NE
Bldg 6, Suite 700
Atlanta, GA 30305
404-373-1612

Counsel for Defendants:
GMAC Mortgage LLC
JP Morgan Chase Bank
The Bank of New York Mellon Trust Company

William Loeffler, Georgia Bar No    755699
Teah N. Glenn, Georgia Bar No 430412
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E,
Atlanta, GA 30308-2216
404-885-3000

_Wekesa O. Madzimoyo_____    Date __5/1/2012_____
Wekesa O. Madzimoyo, Pro Se
852 Brafferton Place, Stone Mountain, GA 30083
404-201-2356
Wekesa@gmail.com

# EXHIBIT 1

LAW OFFICES

# McCURDY & CANDLER, L.L.C.

SUITE 600
250 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1928 - 1990)
J. ROBIN HARRIS (1925 - 1998)

MAILING ADDRESS:

Post Office Box 57
Decatur, Georgia 30031

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

JOHN WALTER DRAKE
ALAN E. RAUBER
JOHN C. SAMMON
ANTHONY DEMARLO
SCOTT CANDLER, III
CLARK E. CANDLER
EDNA E. HAWES
SIDNEY A. GELERNTER*
DONALD C. SUESSMITH JR
J. MICHAEL DUGAN*
CHRISTIE B. HENNIGS
DEBORAH Y. CHANDLER

FRANK R. OLSON*
A. BRETT VERNER
LAURA A. CRIFKA*
C. ELIZABETH HINES
PATRICK N. TAGGART*
JOHN D. ANDRLE
C. ERIC BURKETT
JESSICA A. PRICE
BRENT Z. SKOLNICK
CHRISTINA J. SOLDHUB
TENNIELLE B. HAILEY
ROBERT J. WILKINSON*
OF COUNSEL

REBECCA A. HOELTING
MARGARET C. COURTRIGHT

FRANK J. RHODES, JR.
H. RAFORD HODGES, JR. (RETIRED)

*ALSO ADMITTED IN TENNESSEE

July 3, 2009

Certified Mail
Return Requested 7008 1830 0001 0661 3884
and Regular Mail

Wekesa O. Madzimoyo
852 Brafferton Place
Stone Mountain, GA  30083

    RE:   NOTICE OF FORECLOSURE SALE ENCLOSED
        Our File No.:    09-15522
        Loan No.:    ▮▮▮▮7285
        Borrower Name:   Wekesa O. Madzimoyo
        Property Address:  852 Brafferton Place
                       Stone Mountain, GA  30083

***Pursuant to O.C.G.A. Section 44-14-162.2, the following is the entity who has full authority to discuss, negotiate, or change all terms of the mortgage with you concerning the foreclosure alternatives described later in this letter.***

*Servicer:*     **GMAC Mortgage, LLC**
*Address:*     *Two Ravinia Dr. . Suite 500*
               *Atlanta, GA 30346*
**Phone Number: Joyce Gregory-6788557067**

**Creditor: The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2**

Dear Sir or Madam:

    By letter dated July 3, 2009, (the "Initial Communication Letter"), I notified you that the above-referenced creditor has referred the referenced loan to this law firm for handling.  That letter also advised you of certain rights (the "Borrowers' Rights" which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter.  Nothing in this letter will prevent you from exercising the Borrowers' Rights as explained in the Initial Communication Letter.

(36)

A failure to comply with the terms of the above loan with The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2 has created a default. As a result, the entire amount of the outstanding balance of the loan has been, and is hereby, declared immediately due and payable. This letter is a formal demand for immediate payment of the total indebtedness. Any partial payment received by The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2 on the subject debt after the date of this letter will be applied to the reduction of the aforesaid debt and will not result in a reinstatement or a deceleration of the loan.

Advertisement of foreclosure will be inserted, as provided by law, providing for public sale to be held on August 4, 2009 , before the courthouse door of DeKalb County, Georgia.

Please be advised that the provisions in the loan documents relative to payment of attorney's fees, in addition to principal and interest, will be enforced. Unless the entire balance is paid within ten (10) days from the date you receive this notice, such attorney's fees as allowed by Official Code of Georgia, §13-1-11, as amended, will be owed.

If you are currently in the military service AND joined after signing the mortgage (Security Deed) now in foreclosure, please so notify this office immediately. You may be entitled to relief under the Soldiers and Sailors Relief Act. When contacting this office as to your military service you must provide us with positive proof as to your military status. The name, address and telephone number of your Base Commander is essential. If you do not provide this information we will assume that you are not entitled to protection under the above mentioned act.

If you have received a discharge in Bankruptcy proceeding, this notice is not intended to indicate that you are personally liable for this debt. In this instance the information concerning the associated debt owed is for informational purposes only and should be disregarded for any purposes other than that of conducting a non judicial foreclosure of the security pursuant to Georgia law.

The Servicer may allow you to reinstate the loan and stop the foreclosure. You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default. If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. Other alternatives the Servicer may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, repay plan, loan modification or some other mutual agreement. The Servicer is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives. This is not meant to indicate that the Servicer will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue. I urge you to contact the Servicer at Joyce Gregory-6788557067 immediately regarding your situation. You may also contact our office at our toll free number of 1-866-303-0517 to assist with your communications with the Servicer.

The enclosed "Notice of Sale Under Power" is a copy of the advertisement sent to The Champion Newspaper for publication.

BE GOVERNED ACCORDINGLY.

McCurdy & Candler, L.L.C.

*Anthony DeMarlo*

Anthony DeMarlo
Attorney for The Bank of New York Mellon Trust
Company, National Association fka The Bank of New York Trust
Company, N.A. as successor to JPMorgan Chase Bank N.A. as
Trustee for RAMP 2006RP2

(37)

# EXHIBIT 2

DEED BOOK **21860** Pg **499**

2010042691

Filed and Recorded:
2/18/2010 11:38:28 AM
Linda Carter
Clerk of Superior Court
DeKalb County, Georgia

When Recorded, Return to
Anay Anthony Dehtav's Foreclosure Dossiers
McCurdy & Candler, L.L.C.
700 East Pierce De Leon Avenue
Decatur, GA 30030

STATE OF _Ga._
COUNTY OF _Montgomery_

File No. 09-15522

## ASSIGNMENT OF NOTE AND SECURITY DEED

FOR VALUE RECEIVED, Assignee Name: The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee s/b/m to Bank One, N.A. (hereinafter referred to as "Assignor") hereby sells, assigns, transfers, sets over and conveys without recourse unto The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2 (hereinafter referred to as "Assignee"), whose address is 1100 Virginia Drive Fort Washiagton, PA 19034, that certain Security Deed or Deed to Secure Debt executed by Wekesa D. Madzimoya to FT Mortgage Companies d.b.a. EquiBanc Mortgage Corporation and dated March 23, 1999, recorded in Deed Book 10618, Page 268, Clerk's Office, Superior Court of DeKalb County, Georgia, together with the real property therein described; and also the indebtedness described in said Deed and secured thereby, the notes evidencing said indebtedness having this day been transferred and assigned to the said Assignee together with all of Assignor's right, title and interest in and to the said Deed, the property therein described and the indebtedness secured; and the said Assignee is hereby subrogated to all the rights, powers, privileges and securities vested in Assignor under and by virtue of the aforesaid Security Deed or Deed to Secure Debt.

DEED BOOK 21860 Pg 500
**Linda Carter**
Clerk of Superior Court
DeKalb County, Georgia

File No. 09-15522

This Assignment of Note and Security Deed is executed on this ___8___ day of _February_, 2010

Signed, sealed and delivered
in the presence of:

Assignee Name: The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee s/b/m to Bank One, N.A.

By: _____          Jeffroy Stephan
Its:                                  Limited Signing Officer

By: _____
Its:        John Kerr
            Limited Signing Officer

_____
Unofficial Witness

_____
Notary Public

My Commission Expires: _____

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Teresa Latour, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Nov. 9, 2013
Member, Pennsylvania Association of Notaries

# EXHIBIT 3

2011102555    DEED BOOK 22326 Pg 593

Filed and Recorded
1/24/2011 2:43:49 PM
Linda Carter
Clerk of Superior Court
DeKalb County, Georgia

When Recorded, Return to:
Attn: Anthony DeMarlo/Foreclosure Department
McCurdy & Candler, L.L.C.
5525 Piedmont Road NE, Six Piedmont Center, Suite 700
Atlanta, GA 30305

Clerk, please cross reference to:
Security Deed in Deed Book 10618, Page 268
Assignment in Deed Book 21860, Page 499
DeKalb County, Georgia Records

STATE OF Pennsylvania
COUNTY OF Montgomery

File No. 09-15522

## * CORRECTIVE ASSIGNMENT OF SECURITY DEED

FOR VALUE RECEIVED, The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee s/b/m to Bank One, N.A. as Trustee s/b/m to The First National Bank of Chicago (hereinafter referred to as "Assignor") hereby sells, assigns, transfers, sets over and conveys without recourse unto The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee s/b/m to Bank One, N.A. as Trustee s/b/m to The First National Bank of Chicago as Trustee for RAMP 2006RP2 (hereinafter referred to as "Assignee"), whose address is 1100 Virginia Drive Fort Washington, PA 19034, that certain Security Deed or Deed to Secure Debt executed by Wekesa O. Madzimoyo   to FT Mortgage Companies d.b.a. EquiBanc Mortgage Corporation  and dated March 23, 1999, recorded in Deed Book 10618, Page 268, Clerk's Office, Superior Court of DeKalb County, Georgia, together with the real property therein described, which has the property address of 852 Brafferton Place; and also the indebtedness described in said Deed and secured thereby,  having this day been transferred and assigned to the said Assignee together with all of Assignor's right, title and interest in and to the said Deed, the property therein described and the indebtedness secured; and the said Assignee is hereby subrogated to all the rights, powers, privileges and securities vested in Assignor under and by virtue of the aforesaid Security Deed or Deed to Secure Debt.

* This Corrective Assignment of Security Deed is being recorded in order to correct the corporate names of the Assignee and Assignor.

This Assignment of Security Deed is executed on this 18th day of January, 2011.

Signed, sealed and delivered
in the presence of:

The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee s/b/m to Bank One, N.A. as Trustee s/b/m to The First National Bank of Chicago as Trustee

By:
Its: Mita Smoot – Authorized Officer

By:
Its:                    Susan Turner
Authorized Officer

Unofficial Witness

Notary Public
My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Erma Witberg, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Sept. 16, 2013

2011025366    DEED BOOK 22326 Pg 593

Filed and Recorded
1/24/2011 2:43:58 PM
Linda Carter
Clerk of Superior Court
DeKalb County, Georgia

When Recorded, Return to:
Attn: Anthony DeMarlo/Foreclosure Dept/ero
McCurdy & Candler, L.L.C
3525 Piedmont Road NE, Six Piedmont Center, Suite 700
Atlanta, GA 30305

Clerk, please cross reference to
Security Deed in Deed Book 10618, Page 268
Assignment in Deed Book 21960, Page 499
DeKalb County, Georgia Records

STATE OF Pennsylvania

File No. 09-15522

COUNTY OF Montgomery

## * CORRECTIVE ASSIGNMENT OF SECURITY DEED

FOR VALUE RECEIVED, The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee s/b/m to Bank One, N.A. as Trustee s/b/m to The First National Bank of Chicago as Trustee (hereinafter referred to as "Assignor") hereby sells, assigns, transfers, sets over and conveys without recourse unto The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee s/b/m to Bank One, N.A. as Trustee s/b/m to The First National Bank of Chicago as Trustee for RAMP 2006RP2 (hereinafter referred to as "Assignee"), whose address is 1100 Virginia Drive Fort Washington, PA 19034, that certain Security Deed or Deed to Secure Debt executed by Wekesa O. Madzimoyo to FT Mortgage Companies d.b.a. EquiBanc Mortgage Corporation and dated March 23, 1999, recorded in Deed Book 10618, Page 268, Clerk's Office, Superior Court of DeKalb County, Georgia, together with the real property therein described, which has the property address of 852 Brafferton Place; and also the indebtedness described in said Deed and secured thereby, having this day been transferred and assigned to the said Assignee together with all of Assignor's right, title and interest in and to the said Deed, the property therein described and the indebtedness secured; and the said Assignee is hereby subrogated to all the rights, powers, privileges and securities vested in Assignor under and by virtue of the aforesaid Security Deed or Deed to Secure Debt.

* This Corrective Assignment of Security Deed is being recorded in order to correct the corporate names of the Assignee and Assignor.

This Assignment of Security Deed is executed on this 18th day of January, 2011.

Signed, sealed and delivered
in the presence of:

The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee s/b/m to Bank One, N.A. as Trustee s/b/m to The First National Bank of Chicago as Trustee

By: _____
Its: Mira Smoot    Authorized Officer

By: _____    Susan Turner
Its: Authorized Officer

Unofficial Witness    Rupanwala

Notary Public

My Commission Expires: _____

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Terre Wilborn, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Sept. 16, 2013

# EXHIBIT 4



TRANSFER OF MORTGAGE LOANS

The diagram below illustrates the sequence of transfers of the mortgage loans that are included in the mortgage pool. The originators will, on or prior to the closing date, sell the mortgage loans to the sponsor. The sponsor will, simultaneously with the closing of the transaction described in this prospectus supplement, sell the mortgage loans to the depositor. The depositor will then transfer the mortgage loans to the trustee, on behalf of the trust that is the issuing entity. The trustee will accordingly own the mortgage loans for the benefit of the holders of the certificates. See "Pooling and Servicing Agreement--Trustee" in this prospectus supplement and "The Agreements--The Trustee" in the accompanying prospectus. For a description of the affiliations among various transaction parties, see "Affiliations Among Transaction Parties" in this prospectus supplement.

```
.................................................................
                          Originators
.................................................................
                             |
                             |        sale of mortgage loans
                             |
.................................................................
                Residential Funding Corporation
                  (Sponsor and Master Servicer)
.................................................................
                             |
                             |        sale of mortgage loans
                             |
.................................................................
            Residential Asset Mortgage Products, Inc.
                          (Depositor)
.................................................................
                             |
                             |        sale of mortgage loans
                             |
.................................................................
                   JPMorgan Chase Bank, N.A.
                           (Trustee)
      (owner of mortgage loans on behalf of issuing entity
             for the benefit of holders of certificates)
.................................................................
```

S-3

Issuing entity.................................    RAMP Series 2006-RP2 Trust.

Cut-off date..................................    February 1, 2006. Closing date...................................    On or about March 3, 2006.  Title of the offered certificates...............    Mortgage Asset-Backed Pass-Through Certificates, Series  2006-RP2.

Line 2,578:  Securitization Transaction: Any transaction involving a sale or other transfer of mortgage loans directly or indirectly to an issuing in connection with an issuance of publicly offered or privately placed, rated or unrated mortgage-backed securities.

**Excerpted from RAMP Series 2006-RP2-Trust Pooling and Service Agreement and Perspectus**

# EXHIBIT 5

JUN-29-2009 MON 01:12 PM                    FAX NO.                                      P. 02/07

Deed Book 11849 Pg    76
Filed and Recorded Feb-06-2001 10:47am
2001-0013187

*Linda Carter*
Linda Carter
Clerk of Superior Court Dekalb Cty. Ga.

## ASSIGNMENT

STATE OF GEORGIA
COUNTY OF FULTON

After Recording Return To:
PEELLE MANAGEMENT CORPORATION
ASSIGNMENT JOB #P08CG
P.O. BOX 1710
CAMPBELL, CA 95009-1710
1-408-866-5958

Loan #_____0886

FOR VALUE RECEIVED, FT MORTGAGE COMPANIES DBA EQUIBANC MORTGAGE CORPORATION, (Assignor), a corporation organized and doing business under the laws of the State of Kansas, having its office and principal place of business at 2974 LBJ Freeway, Suite 200, Dallas, TX 74234, hereby sells, assigns, transfers and sets over to   THE FIRST NATIONAL BANK OF CHICAGO AS TRUSTEE

One First National Plaza, Suite 0126   Chicago, Illinois 80870-0126

(Assignee), its successors and/or assigns, all its rights, title and interest in and to a certain Deed to Secure Debt dated MARCH   23 , 1999   executed by   MELISA C. MADDINGTO

REC: 4-2-99    INST # 1999-0045/46

in the principal sum of $     140,600.00     and filed for record in the Office of the Clerk of Superior Court of
DeKalb          County, Georgia, and recorded in Deed Book 10618 , Page
268     , aforesaid records. The Assignor specifically sells, assigns, transfers and sets over to the Assignee, its successors and assigns, the aforesaid Deed to Secure Debt, the property described therein, the indebtedness secured thereby, with all powers, options, privileges and immunities therein contained. The Assignor has this day sold and endorsed to the Assignee, WITHOUT RECOURSE, the Note secured by the aforesaid Deed to Secure Debt, and this Assignment is made to secure the Assignee, its successors and assigns, in the payment of the Said Note. IN WITNESS WHEREOF, the Assignor has hereunto set its hand and affixed its seal by and through its seal and its duly authorized officers, this   28th                       day of    March           1999.

FT Mortgage Companies dba
EquiBanc Mortgage Corporation

BY: *Susan L Grabryan*
    Susan L. Grabryan
    Asst. Vice President

Signed, Sealed and Delivered
in the presence of:

*David D Chotin*
WITNESS

*Cheryl McIntyre*
NOTARY PUBLIC

Form 5QSIGNGA (04/97)

1978
03/24/99
16:27:06

CHERYL McINTYRE
FEB
25
2003
NOTARY PUBLIC

# EXHIBIT 6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| WEKESA O. MADZIMOYO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION FILE |
| v. | ) | |
| | ) | NO. 1:09-cv-2355-CAP-GGB |
| GMAC MORTGAGE, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## AFFIDAVIT OF JUAN ANTONIO AGUIRRE

Personally appear before the undersigned officer duly authorized to administer oaths, Juan Antonio Aguirre, who upon being sworn, avers and deposes as follows:

1.    My name is Juan Antonio Aguirre.  I am over the age of eighteen (18) years and am competent to make this Affidavit.  The statements set forth in this affidavit are based directly upon my personal knowledge and upon my review of documents, records, databases, and data compilations made and kept in the regular and normal course of business activities of GMAC Mortgage, LLC ("GMAC").  It is and has been the regular practice of GMAC to make such documents, records, databases, and data compilations at the time of the act(s), event(s), or transaction(s) recorded therein, or within a reasonable time thereafter.  I am familiar with the practices of GMAC regarding the making and maintaining of such documents,

records, databases, and data compilations. I am a records custodian of, and I have

personally reviewed and examined and have personal knowledge of, the business

records implicated by this lawsuit. In addition, I have reviewed the Complaint

filed in the above-styled lawsuit.[1]

2.      I am the Manager-Litigation Support with GMAC. In my position, I

am responsible for reviewing business records and files and researching factual

issues pertaining to contested matters involving GMAC's interests.

3.      On March 23, 1999, Plaintiff obtained a mortgage loan from FT

Mortgage Companies d/b/a Equibanc Mortgage Corporation in the principal

amount of $140,600, which was secured by real property located at 852 Brafferton

Place, Stone Mountain, DeKalb County, Georgia, 30083. True and correct copies

of the note and security deed are attached hereto as Exhibits A and B, respectively.

4.      Subsequently, servicing on the loan was transferred to Homecomings

Financial Network, and later to GMAC. Plaintiff was notified as to the servicing

transfers.

- By letter dated April 22, 2009, in response to an inquiry made by Plaintiff,

  he was informed that his loan was then held by JPMorgan and that

  Homecomings Financial continued to be the servicer on the loan, as it had

---

[1] GMAC was misnamed as "GMAC, Mortgage" in Plaintiff's complaint.

-2-

been since November 1999. A true and correct copy of this letter is attached

hereto as Exhibit C.

- By letter dated June 10, 2009, Plaintiff was informed that the servicing on

  his loan was being transferred from Homecomings Financial to GMAC

  effective July 1, 2009. He was provided contact information at GMAC, and

  informed that the address for sending payments would remain the same. A

  true and correct copy of this letter is attached hereto as Exhibit D.

5.    Plaintiff's security deed was assigned by FT Mortgage Companies to

The First National Bank of Chicago ("First Chicago") by assignment dated March

26, 1999. A true and correct copy of that assignment is attached hereto as Exhibit

E. Through a series of corporate acquisitions and name changes, the security deed

came to be held in the name of The Bank of New York Mellon Trust Company,

National Association fka The Bank of New York Trust Company, N.A. as

successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2, which

was the creditor at the time the foreclosure was commenced.

6.    Plaintiff defaulted on the loan, which he has failed to cure.

7.    As a result of the default on the loan, the law firm of McCurdy and

Candler, LLC ("M&C") was retained to conduct a nonjudicial foreclosure sale.

8.    At the time the foreclosure was initiated, Plaintiff was substantially

delinquent on his loan.  In fact, Plaintiff has not made a payment since January

2009.

9.    The foreclosure sale was postponed as a result of the filing of this

lawsuit.

10.    GMAC was the servicer on the loan at the time of the foreclosure.

11.    Plaintiff has made no tender to GMAC of any money in any amount

to satisfy all or any portion of his outstanding indebtedness on the loan.

FURTHER AFFIANT SAYETH NOT.



Juan Antonio Aguirre

Sworn to and subscribed before me this
18 day of January 2011.

Notary Public

JILL TAYLOR
Notary Public, State of Texas
My Commission Expires
December 22, 2014

-4-

# EXHIBIT 7

| Florida<br>December 10, 2009 | Maine<br>June 7, 2010 |
|---|---|
| Q:    So these documents wouldn't be actually executed on your own personal knowledge?<br>A:    Right. (p. 10, ls. 13-15) | Q:    When you receive a summary judgment affidavit to sign, do you read every paragraph of it?<br>A:    No. (p. 61, ls. 24-25 & p. 62, ls. 1-3) |
| Q:    And how do they [his team at GMAC] verify that information is accurate?<br>A:    They do not go into the system and verify the information as accurate. (p. 12, ls. 21-24) | Q:    Do you have any knowledge about how GMAC ensures the accuracy of the data entered into the system?<br>A:    No, I do not. (p. 30, ls. 10-13) |
| Q:    Is the notary present with you…?<br>A:    No, they are not physically present.… (p. 13, ls. 10-16) | Q:    So you do not appear before the notary; is that correct?<br>A:    No, I do not. (p. 56, ls. 16-18) |
| Q:    But is it fair to say that you don't ascertain whether the member is the current promissory note-holder when you assign the lien?<br>A:    That would be correct. (p. 31, ls. 12-15) | Q:    So other than the due date and the balances due, is it correct that you do not know whether any other part of the affidavit that you sign is true? …<br>A:    That is correct. (p. 67, ls. 21-24 & p. 68, l. 3) |
| Q:    Do you normally review notes to make sure that they are a true copy of the lost note? …<br>A:    No, I do not. It is not my position. (p. 36, ls. 17-19) | Q:    When you sign a summary judgment affidavit, do you inspect any exhibits attached to it?<br>A:    No. (p. 54, ls. 22-25) |
|  | Q:    Is it your understanding that the process that you follow in signing summary judgment affidavits is in accordance with the policies and procedures required of you by GMAC Mortgage?<br>A:    Yes.<br>Q:    Does GMAC do any quality assurance training for your department?<br>A:    Presently, no. (p. 64, ls. 8-17) |
|  | Fiserv system<br>Q. Do you have any responsibilities for making entries in the Fiserv system?<br>A. Other than usual notes, no……<br>Q. What is your usual business practice and routine with respect to making usual notes |

3

in the Fiserv system?

A. If a customer were to call in, I would make a note in our computer system.

A. Do customers call you in your capacity as team lead fro the document execution team?

A. No, they do not.

Q. So if that's the only kind of notes that you would make in the system, is it fair to say that you don't make notes in the system?

A. That would be correct.

(pp. 26-28 of Maine deposition, **Exhibit B**)

Q. I think you said that the cash department receives payments – customer payments; is that correct?

A. That is correct.

Q. So you don't have firsthand knowledge about how it operates; is that correct?

A. That is correct.

Q. Do you have any knowledge about how the data relating to those payments are entered into the system?

A. I do not have that knowledge.

Q. Do you have any knowledge about how GMAC ensures the accuracy of the data entered into the system.

A. No I do not.

Q. Do you have nay knowledge as to what measures GMAC takes to preserve the integrity and security of the system?

A. No, I do not.

(p. 29-30 of Maine deposition, **Exhibit B**)

B.    **GMAC Has Been Sanctioned Twice for Filing False Affidavits**

The initial discovery of the problems with GMAC's foreclosure affidavits began, at the latest, in 2006.  In May 2006, the Circuit Court in Duvall County, Florida sanctioned a plaintiff in a Florida foreclosure proceeding for filing a false affidavit, and ordered its servicer, GMAC, to provide written confirmation that "affidavits filed in future foreclosure actions in Florida accurately memorialize the actions and conduct of the affiants." (**Exhibit C**)

4

# EXHIBIT 8

A failure to comply with the terms of the above loan with The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2 has created a default. As a result, the entire amount of the outstanding balance of the loan has been, and is hereby, declared immediately due and payable. This letter is a formal demand for immediate payment of the total indebtedness. Any partial payment received by The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2 on the subject debt after the date of this letter will be applied to the reduction of the aforesaid debt and will not result in a reinstatement or a deceleration of the loan.

Advertisement of foreclosure will be inserted, as provided by law, providing for public sale to be held on August 4, 2009 , before the courthouse door of DeKalb County, Georgia.

Please be advised that the provisions in the loan documents relative to payment of attorney's fees, in addition to principal and interest, will be enforced. Unless the entire balance is paid within ten (10) days from the date you receive this notice, such attorney's fees as allowed by Official Code of Georgia, §13-1-11, as amended, will be owed.

If you are currently in the military service AND joined after signing the mortgage (Security Deed) now in foreclosure, please so notify this office immediately. You may be entitled to relief under the Soldiers and Sailors Relief Act. When contacting this office as to your military service you must provide us with positive proof as to your military status. The name, address and telephone number of your Base Commander is essential. If you do not provide this information we will assume that you are not entitled to protection under the above mentioned act.

If you have received a discharge in Bankruptcy proceeding, this notice is not intended to indicate that you are personally liable for this debt. In this instance the information concerning the associated debt owed is for informational purposes only and should be disregarded for any purposes other than that of conducting a non judicial foreclosure of the security pursuant to Georgia law.

The Servicer may allow you to reinstate the loan and stop the foreclosure. You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default. If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. Other alternatives the Servicer may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, repay plan, loan modification or some other mutual agreement. The Servicer is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives. This is not meant to indicate that the Servicer will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue. I urge you to contact the Servicer at Joyce Gregory-6788557067 immediately regarding your situation You may also contact our office at our toll free number of 1-866-303-0517 to assist with your communications with the Servicer.

The enclosed "Notice of Sale Under Power" is a copy of the advertisement sent to The Champion Newspaper for publication.

BE GOVERNED ACCORDINGLY.

McCurdy & Candler, L.L.C.

*Anthony DeMarlo*

Anthony DeMarlo
Attorney for The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2

(357)

LAW OFFICES

# McCurdy & Candler, LLC

Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 - 1994)
J. ROBIN HARRIS (1925 - 1989)

JOHN WALTER DRAKE
ALAN E. RAUBER
JOHN C. SAMMON
ANTHONY DeMARLO
SCOTT CANDLER, III
CLARK E. CANDLER
EDNA E. HAWES
SIDNEY A. GELERNTER*
DONALD C. SUESSMITH, JR.
J. MICHAEL DUGAN*
DEBORAH Y. CHEEK
CHRISTIE O. HENNINGS

FRANK R. OLSON*
A. BRETT VERNER
PATRICK N. TAGGART*
JOHN D. ANDRLE
C. ERIC BURKETT
JESSICA A. PRICE
CHRISTINA J. SOLDHUB
TENNELLE B. BAILEY
ROBERT J. WILKINSON*
DANIEL K. BARBAGELATA
ANDREW M. O'CONNELL
ANTHONY E. MASELLI
BIANCA K. DAVIS
TODD H. SURDEN

OF COUNSEL:
FRANK J. RHODES, JR.
H. RAIFORD HODGES, JR. (RETIRED)

REBECCA A. HOELTING
MARGARET C. COURTRIGHT

*ALSO ADMITTED IN TENNESSEE

MAILING ADDRESS:

Post Office Box 57
Decatur, Georgia 30031

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

February 14, 2011

Wekesa O. Madzimoyo
852 Brafferton Place
Stone Mountain, GA  30083

Re:    Our File No.:      09-15522
       Loan No.:          ████7285
       Payoff:            $163,289.53
       Borrower Name:     Wekesa O. Madzimoyo
       Property Address:  852 Brafferton Place
                          Stone Mountain, GA  30083

**Servicer: GMAC Mortgage, LLC**
**Creditor: The Bank of New York Mellon Trust Company, National Association fka The Bank of**
**New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for**
**RAMP 2006RP2**

Dear Borrower:

NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692
INITIAL COMMUNICATION LETTER

       This law firm represents The Bank of New York Mellon Trust Company, National Association
fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as
Trustee for RAMP 2006RP2 the creditor on the above referenced loan.  This letter is to advise you that
we have been retained to collect the debt secured by the above-referenced property, which may involve
foreclosure proceedings against said property.  As of the date of this letter, you owe $163,289.53.
Because of interest, late charges, and other charges that may vary from day to day, the amount due on
the day you pay may be greater.  Hence, if you pay the amount shown above, an adjustment may be
necessary after we receive your check, in which event we will inform you before depositing the check
for collection.  For further information, you may call our loss mitigation department at 1-866-303-
0517.

Page 2

   This letter is an attempt to collect a debt and any information obtained by virtue of it will be used for that purpose. Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you notify us in writing of a dispute, we will obtain verification of the debt and mail it to you. If the creditor named in this letter is not the original creditor, and you make a written request to this law firm within thirty (30) days after receipt of this notice, then the name and address of the original creditor will be mailed to you by this law firm. We may commence the foreclosure action without waiting thirty (30) days, if so requested by our client.

   If you have received a discharge in Bankruptcy proceeding, this notice is not intended to indicate that you are personally liable for this debt. In this instance the information concerning the associated debt owed is for informational purposes only and should be disregarded for any purposes other than that of conducting a non judicial foreclosure of the security pursuant to Georgia law.

   The Servicer may allow you to reinstate the loan and stop the foreclosure. You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default. If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. Other alternatives the Servicer may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, repay plan, loan modification or some other mutual agreement. The Servicer is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives. This is not meant to indicate that the Servicer will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue. I urge you to contact the Servicer at 678-855-7067 immediately regarding your situation You may also contact our office at our toll free number of 1-866-303-0517 to assist with your communications with the Servicer.

   BE GOVERNED ACCORDINGLY.

                                        Sincerely,

                                        **Anthony DeMarlo**
                                        Anthony DeMarlo

AD/awilby


THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE



# EXHIBIT 9

LAW OFFICES

# McCurdy & Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232
WEBSITE: WWW.MCCURDYCANDLER.COM

July 25, 2011

Certified Mail
Return Requested
and Regular Mail

Wekesa O. Madzimoyo
852 Brafferton Place
Stone Mountain, GA  30083

RE:    NOTICE OF FORECLOSURE SALE ENCLOSED
Our File No.:    09-15522
Loan No.:    ████7285
Borrower Name:    Wekesa O. Madzimoyo
Property Address:    852 Brafferton Place
Stone Mountain, GA  30083

***Pursuant to O.C.G.A. Section 44-14-162.2, the following is the entity who has full authority to
discuss, negotiate, or change all terms of the mortgage with you concerning the foreclosure
alternatives described later in this letter.***

Servicer:    GMAC Mortgage, LLC
Address:    Two Ravinia Dr, , Suite 500
Atlanta, GA 30346
Phone Number: 678-855-7067

**Creditor: The Bank of New York Mellon Trust Company, National Association fka The Bank of
New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for
RAAC 2006RP2**

Dear Sir or Madam:

By letter dated July 25, 2011, (the "Initial Communication Letter"), I notified you that the
above-referenced creditor has referred the referenced loan to this law firm for handling. That letter also
advised you of certain rights (the "Borrowers' Rights" which include your right to validate the debt)
you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this
letter will prevent you from exercising the Borrowers' Rights as explained in the Initial Communication
Letter.

 A failure to comply with the terms of the above loan with The Bank of New York Mellon Trust
Company, National Association fka The Bank of New York Trust Company, N.A. as successor to
JPMorgan Chase Bank N.A. as Trustee for RAAC 2006RP2 has created a default. As a result, the
entire amount of the outstanding balance of the loan has been, and is hereby, declared immediately due
and payable. This letter is a formal demand for immediate payment of the total indebtedness. Any
partial payment received by The Bank of New York Mellon Trust Company, National Association fka

Advertisement of foreclosure will be inserted, as provided by law, providing for public sale to be held on  September 6, 2011 , before the courthouse door of DeKalb County, Georgia.

Please be advised that the provisions in the loan documents relative to payment of attorney's fees, in addition to principal and interest, will be enforced.  Unless the entire balance is paid within ten (10) days from the date you receive this notice, such attorney's fees as allowed by Official Code of Georgia, §13-1-11, as amended, will be owed.

If you are currently in the military service AND joined after signing the mortgage (Security Deed) now in foreclosure, please so notify this office immediately.  You may be entitled to relief under the Soldiers and Sailors Relief Act.  When contacting this office as to your military service you must provide us with positive proof as to your military status.  The name, address and telephone number of your Base Commander is essential.  If you do not provide this information we will assume that you are not entitled to protection under the above mentioned act.

If you have received a discharge in Bankruptcy proceeding, this notice is not intended to indicate that you are personally liable for this debt.  In this instance the information concerning the associated debt owed is for informational purposes only and should be disregarded for any purposes other than that of conducting a non judicial foreclosure of the security pursuant to Georgia law.

The Servicer may allow you to reinstate the loan and stop the foreclosure.  You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default.  If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check.  Other alternatives the Servicer may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, repay plan, loan modification or some other mutual agreement.  The Servicer is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives.  This is not meant to indicate that the Servicer will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue.  I urge you to contact the Servicer at 678-855-7067 immediately regarding your situation You may also contact our office at our toll free number of 1-866-303-0517 to assist with your communications with the Servicer.

The enclosed "Notice of Sale Under Power" is a copy of the advertisement sent to The Champion Newspaper for publication.

BE GOVERNED ACCORDINGLY.

**McCurdy & Candler, LLC**
Attorneys for The Bank of New York Mellon
Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor
to JPMorgan Chase Bank N.A. as Trustee for RAAC 2006RP2 and
GMAC Mortgage, LLC

awilby
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.



IN THE SUPERIOR COURT FOR THE COUNTY OF DEKALB

STATE OF GEORGIA

CIVIL ACTION FILE#

_____

Wekesa O. Madzimoyo,
-Plaintiff                                                     }

v.                                                              }

THE BANK OF NEW YORK                                            }
MELLON TRUST COMPANY (NYBMT),

NA., formerly known as The Bank of New                          }
York Trust Company, N.A., JP MORGAN                             }
CHASE BANK, NA, GMAC MORTGAGE, LLC,                             }
MCCURDY AND CANDLER, LLC

and ANTHONY DEMARLO, Attorney

-Defendants                                                    }

---

## Opposition to Defendants' McCurdy and Candler's and Anthony Demarlo's Motion to Dismiss

1. Comes Now Plaintiff Wekesa O. Madzimoyo , opposing  Defendants

   McCurdy and Candler, LLC's and Anthony Demarlo's Motion to Dismiss

   Plaintiff's Complaint.

2. Attached is the certified mail return receipts proving that the Defendants had
received the Complaint and the Waiver of Service request. (See Exhibit 1.)
Pursuant to Code Section 9-11-4 of the Official Code of Georgia Annotated,
the purpose of the waiver of service request is to save the Plaintiff the cost of
formal service.

3. The Defendants' – McCurdy and Candler's and Demarlo's "Special
appearance answers" and their arguments before Judge Michael Hancock
(TRO Hearing) demonstrate the Defendants' awareness of the Complaint and
all charges and allegations made by the Plaintiff against them.

4. The Plaintiff, Madzimoyo, mistook the Defendants' awareness (return
receipt) and response (answer) for their waiver, and now acknowledges that
the Defendants have refused to waive service.

5. The DeKalb County Sheriff Department is formally serving the Defendants
(See Exhibit 2), and Plaintiff is not opposed to an extension of Discovery,
to give the Defendants ample time to respond.

6. The Defendants have already indicated that they do not oppose Consolidation
of the two pending actions in which he prior action included formal service:
*"... the factual and legal issues in the two matters are so integrally related
as to make consolidation particularly appropriate for these two cases.*

2

*Further as Plaintiff has requested consolidation, which Defendants (GMAC,*

*JP Morgan Chase and NY Bank of Mellon Trust) do not oppose, the Court is*

*authorized to consolidate the matters. "* (See **Defendants' Reply Brief in**

**Support of Their Plea of Abatement and Motion to Dismiss and Response**

**To Plaintiff's Motion to Consolidate**).

7. Defendants McCurdy and Candler's and Anthony DeMarlo's assertion that

the Plaintiff has no standing because Plaintiff has not "tendered the amount to

cure the <u>default</u> on the loan prior to seeking relief ..." is baseless because the

Plaintiff has steadfastly contended that he is not, nor has ever been, in default.

8. The Plaintiff has steadfastly contended that the Defendants are not the

secured creditors and have no standing in the matter or Plaintiff Madzimoyo's

mortgage.

9. Nor have the Defendants proven that the Plaintiff is in default or that they

indeed have or have ever had any standing to collect any payments from or

commence foreclosure proceedings on Plaintiff Madzimoyo's home at 852

Brafferton Place Stone Mountain, GA 30083.

10. When given the opportunity, indeed, when ordered on July 29th, 2009 to

provide proof of such standing by this Court (*"provide proper evidence of*

*chain of title"*) at a hearing set for August 31, 2009, the Defendants instead

3

chose to present a fallacious narrative to the Federal District Court (Northern District) claiming Federal Question Jurisdiction in order to avoid this Court's order.

11. Their inventive and fallacious narrative was struck down by the 11th Circuit Court of Appeals in their September 7th, 2011 ruling remanding the case back to this Court.

12. Georgia law is clear on this matter: *A Court may enjoin a nonjudicial foreclosure sale in a wrongful foreclosure action where the authority to foreclose is in question.* (Emphasis added) See - Atlanta Dwellings, Inc. v. Wright, 527 S.E. 2nd 854,856 (Ga. 2000).

13. It is a matter of public record that the Defendants commenced foreclosure on the subject property on July ___ 2009, while the purported assignment to the foreclosing entity: NY Bank of Mellon Trust, was not executed until Feb ____ seven months later.

14. Although the Defendants claim otherwise, Georgia Courts have already allowed *"A claim of wrongful foreclosure or a power of sale can be asserted even though a debt is in default,"* (Emphasis added)  Brown et al v. Freeman; and vice versa., 222 Ga App. 213 (474 SE2d 73 (1996)

4

15. For the above reasons, the Plaintiff vigorously opposes any motion to
dismiss.

Submitted this _____ day of _____, 2011

_____

Wekesa O. Madzimoyo
Pro Se Litigant

852 Brafferton, Place
Stone Mountain, GA 30083
404-201-2356

5

# CERTIFICATION OF SERVICE

I hereby certify that a true and correct copy of the foregoing Amended Complaint has been serviced via U.S. Certified Mail to:

Counsel for Defendants:
McCurdy & Candler, LLC
Anthony Demarlo, Attorney

Frank R. Olson, Esq.
McCurdy & Candler, LLC
P.O. Box 57
Decatur, GA 30031
404-373-1612

Counsel for Defendants:
GMAC Mortgage LLC
JP Morgan Chase Bank
The Bank of New York Mellon Trust Company

William Loeffler, Georgia Bar No 755699
Teah N. Glenn, Georgia Bar No 430412
Troutman Sanders LLP
5200 Bank of America Plaza
600 Peachtree Street, N.E,
Atlanta, GA 30308-2216
404-885-3000