MARK A. NIALIS, ESQ., SBN 89923
NIALIS LAW GROUP, APLC
500 North State College Boulevard, Suite 1200
Orange, California 92868
Tel: (714) 634-8001 / Fax: (714) 634-3869
email:  mnialis@nialislaw.com

Counsel for Claimant/Creditor, ROBERT WIELAND,
as Successor Trustee of THE MARSHELL O. CULTON
REVOCABLE LIVING TRUST DATED
APRIL 28, 2005, and as Successor in Interest
of Marshell O. Culton

**UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | ) |
| | ) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) Case No.: 12-12020 (MG) |
| | ) |
| Debtors. | ) Chapter 11 |
| | ) |
| | ) Jointly Administered |

**OPPOSITION TO THE RESCAP
BORROWER CLAIMS TRUST'S SEVENTY-FIFTH
OMNIBUS OBJECTION TO CLAIMS
<u>(NO LIABILITY BORROWER CLAIMS)</u>**

**CLAIM  PROPOSED BY DEBTOR TO BE DISALLOWED AND EXPUNGED**

**CLAIM NO.  3735**

**DEBTOR:  GMAC Mortgage, LLC**

**CREDITOR:  Jacquelyn O. Wieland TTE of Marshell O. Culton Revocable Living Trust
dated April 28, 2005**

**Person with authority to discuss and or settle case:  Mark Nialis, Esq. , whose address and
phone number are listed above.  All correspondence regarding this claim should be
addressed to him at the address and phone number above.**

COMES NOW Claimant, ROBERT WIELAND, as Successor Trustee of THE

MARSHELL O. CULTON REVOCABLE LIVING TRUST DATED APRIL 28, 2005, and as

Successor In Interest of Marshell O. Culton ("Claimant or Creditor"), and responds to the

ResCap Borrower Claims Trust's ("Debtor") Seventy-Fifth Omnibus Objection to Claims

("Objection") filed in the above case as follows:

## I.  GROUNDS FOR OPPOSITION TO OBJECTION

**1.  The Objection is procedurally defective and unintelligible because Debtor has
alleged no facts nor made any allegations showing any basis to deny this Claim.**    The
Objection states on the very first page of the Notice of Hearing that the stated reason for
disallowance was--"*No liability--See Exhibit A to the proposed form of order*".

The Objection specifically instructs Claimants as follows:  "CLAIMANTS RECEIVING
THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EXHIBIT A
ATTACHED TO THE PROPOSED ORDER."   The problem is that Exhibit A to the proposed
order **does not even mention the Claimant.**   Instead, Exhibit A shows a detailed analysis of
non-liability for a series of other, unrelated creditors, but **nothing as against the Claimant**.
While there are other places in the Debtor's moving papers that outline various boilerplate
objections to claims, which may or may not apply to any specific claim, there is nothing in the
moving papers which tie any of these boilerplate objections to the Claimant.  This failure to
allege any facts, or even arguments against the Claimant, must result in denial of the Objection
on these procedural grounds.   There is no allegation that Claimant failed to answer any request
for information, and no objection was made on that ground.

**2.  Because there is no specific reference to Claimant's claim on Exhibit A, the
Objection specifically states by its own terms that it does not affect Claimant's claim (nor
any other Claimant not listed).**  The proposed Order further orders --"*that this Order has no
res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not*

*listed on Exhibit A annexed to this Order.*

**3.   There is liability for damages by the Debtor to the Claimant, justifying the Proof of Claim in the amount of $1,566,415.00.  This amount was alleged in the Proof of Claim, and there is a detailed explanation of how it was computed.**   There is a lawsuit against the Debtor brought by the Claimant which details the Debtor's substantive liability for damages. This lawsuit was attached to the Proof of Claim, as were other exhibits.  Significantly, Debtor's Objections does not mention the lawsuit and the claims set forth therein.  On May 24, 2012, GMAC served its Notice of Bankruptcy and Effect of Automatic Stay as to Defendant GMAC Mortgage, LLC, in the LASC Civil Suit and on May 30, 2012, ETS served its Notice of Bankruptcy and Effect of Automatic Stay as to Defendant Executive Trustee Services, LLC, in the LASC Civil Suit.  The filing of the Chapter 11 petitions by GMAC and ETS has stopped the civil litigation pursuant to 11 USC § 362 *et seq.*

## II. STATEMENT OF CASE

The claim of Jacqueline O. Wieland, as Trustee of the Marshell O. Culton ("Culton") Revocable Living Trust Dated April 28, 2005, and as Successor In Interest of Marshell O. Culton ("Claimant"), arises from the wrongful foreclosure by GMAC Mortgage, LLC ("GMAC") and Executive Trustee Services, LLC dba ETS Services LLC ("ETS") of real property located at 830 West Orange Grove Avenue, Arcadia, CA 91006 ("Subject Property").  Culton (the mother of Claimant) purchased the Subject Property on October 16, 2002.  On July 12, 2005, the Subject Property was transferred, by way of a Trust Transfer Deed, to The Marshell O. Culton Revocable Living Trust Dated April 28, 2005, ("Culton Trust"), which was recorded with the Los Angeles County Recorder's Office as Instrument No. 051641340. On April 25, 2007, in order to refinance the Subject Property, Culton executed a Quitclaim Deed transferring the Subject Property from

the Culton Trust to herself, an unmarried woman, and recorded this deed in the County of Los

Angeles as Instrument No. 20071113043 on May 8, 2007.  Culton encumbered the Subject

Property with a Note secured by a First Deed of Trust in the amount of $970,000.00 ("DOT

Note') dated April 30, 2007, which was recorded in the Los Angeles County Recorder's Office

on May 8, 2007 as Instrument No. 20071113044 which is in a first priority position for the

Subject Property.

On March 31, 2009, a Notice of Default and Election to Sell Under Deed of Trust

("NOD") was recorded by ETS against the Subject Property indicating that as of March 27,

2009, Culton was in default in the amount of $25,886.23.  The NOD was recorded with the Los

Angeles County Recorder's Office as Instrument No. 20090459490. Thereafter, on July 2, 2009,

a Notice of Trustee's Sale ("NTS") was recorded against the Subject Property.  The NTS was

recorded with the Los Angeles County Recorder's Office as Instrument No. 20090999746.

Subsequent to the recordation of the NOD and NTS, Culton and GMAC exchanged

communications concerning a foreclosure repayment plan and agreement.  On September 17,

2009, Culton, for the benefit of the real property and to cure the default in the NOD and NTS,

entered into a "Foreclosure Repayment Agreement," ("FRA") with GMAC, which FRA served

as a modification of the DOT Note.  Payments were made by Culton, and GMAC accepted

Culton's payments, under the DOT Note pursuant to the FRA up to November 2009.

On November 5, 2009, Culton died.[1]  Claimant is the Successor Trustee of the Culton

Trust, as well as the sole beneficiary of the Subject Property.  On November 15, 2009, after

---

1       The Los Angeles County Probate Court in Case No. GP016044 issued an order, *nunc pro tunc*, that the Subject Property is deemed property of the Culton Trust at the time of Culton's death on November 5, 2009.  At the date of the death the record title to the Subject Property was still in the name of Culton as an unmarried woman.  Culton inadvertently failed to transfer the Subject Property back into the Culton Trust after completing the April 2007 refinance on the Subject Property.  The Subject Property the court ruled was actually owned by the Culton Trust because the language in the Culton Trust Instrument is sufficient to create a trust in the property.

Culton passed away, Claimant remitted a payment pursuant to the Foreclosure Repayment Agreement, which GMAC accepted, under the DOT Note. GMAC accepted the payment remitted by Claimant in both her capacities as Successor Trustee and as Successor in Interest.

Thereafter, on December 10, 2009, at 2:07 p.m., Claimant and her husband, Robert Wieland, notified GMAC of Culton's death by calling GMAC's Mortgage Loan Servicing Customer Care Department at (866) 725-0782. GMAC, by and through its representative whose identity is known to GMAC, orally directed Claimant and her husband to **_NOT_** make any further payments under the Foreclosure Repayment Agreement. GMAC's representative (whose identity is known to GMAC) made an express promise to Claimant that GMAC would suspend all foreclosure activity concerning the Subject Property and that GMAC would continue to work with Claimant and her husband while GMAC determined how to proceed after Culton's death. In reliance upon the statements of GMAC's Loan Servicing Customer Care representative (whose identity is known to GMAC), Claimant did not make the monthly payment for December 2009.

As requested by GMAC, On December 22, 2009, Claimant's husband, Robert Wieland, provided GMAC with a copy of Culton's death certificate.

GMAC failed to note in their records that Culton had passed away and continued to direct communications to her, despite receiving a copy of Culton's death certificate and on January 8, 2010, GMAC sent a letter to Culton stating that the repayment plan previously established at her request was canceled because "the payment was not received by the payment date as specified in the signed repayment agreement."[2]

_///_

---

[2]    GMAC further indirectly admitted to the validity and enforceability of the FRA between GMAC and Culton.

On January 28, 2010, ETS, acting in concert with and at the direction of GMAC, conducted a wrongful foreclosure against the Subject Property by way of the July 2, 2009 NTS, (1) despite the representations of GMAC that foreclosure activity concerning the Subject Property would be suspended, (2) despite the representations of GMAC that they would continue to work with Claimant and her husband while GMAC determined how to proceed after Culton's death and (3) despite receiving a copy of Culton's death certificate, without further notice to Claimant.

The Subject Property was sold pursuant to the Notice of Trustee's Sale, and on February 5, 2010, ETS recorded a Trustee's Deed Upon Sale from ETS to Grandana LLC/Lava rock Investments, LLC (Los Angeles County Recorder's Office Instrument No. 20100170064).

The Subject Property was transferred pursuant to Grant Deed on February 26, 2010, from Grandana LLC/Lava Rock Investments, LLC, to Grandana, LLC, Lava Rock Investments, Mansour Meisami and Manzar Meisami, Husband and Wife and E&A LLC, which was recorded with the Los Angeles County Recorder's Office as Instrument No. 20100263451.  The Subject Property was quickly re-sold without improvements for approximately $1,500,000.00.  The fair market value of the property was $2,000,000.  A Grant Deed from Grandana LLC, Lava Rock Investments, Mansour Meisami and Manzar Meisami, Husband and Wife and E&A LLC to David Robert Kruse and Linda Faye Kruse Co-Trustees of the David and Linda Kruse Community Property Trust, under trust dated 6/26/03, was recorded with the Los Angeles County Recorder's Office as Instrument No. 20100263451.

On December 7, 2011, Claimant filed an action naming GMAC and ETS as defendants on causes of action for breach of contract, fraud, intentional misrepresentation, negligent misrepresentation and wrongful foreclosure against the Subject Property in the Superior Court of

the State of California, Los Angeles County *Jacquelyn Wieland, Trustee of the Marshell O.*

*Culton Revocable Living Trust, dated April 28, 2005 v. GMAC Mortgage, LLC, et al.*, Case No.

GC048550) ("LASC Civil Action").

Claimant, through her counsel, on November 8, 2012, filed Proof of Claim No. 3734 in

Case No. 12-2028 (MG) *In re Executive Trust Services, LLC* ("Claim 3734") and Proof of Claim

No. 3735 in Case No. 12-2032 (MG) *In re GMAC Mortgage, LLC* ("Claim 3735").

Claims 3734 and 3735 are hereinafter collectively referred to as "the Claims." The

Claims assert damages in the total amount of $1,566,415.00 for based on the loss of real

property, as of January 28, 2010, wrongfully caused by GMAC and ETS as plead in the LASC

Civil Action.   There are two claims and therefore, two oppositions filed because the Court

ordered that claims be filed separately against the Debtors, even though this is a jointly

administered case.

On June 21, 2013 Morrison | Foerster on behalf of The ResCap Borrower Claims Trust

("Trust") sent letters (one each) requesting further information regarding the Claims.  Pursuant to

the June 21, 2013 letters the deadline to respond was July 22, 2013.  Thereafter, on July 15,

2013, prior to the July 22, 2013 deadline, Claimant provided a timely and comprehensive joint

response to the Trust's request for further information.  A true and correct copy of Claimant's

July 15, 2013 letter response is attached hereto as Exhibit 1.

### III.  BASIS FOR LIABILITY OF DEBTOR

1. The actions of Debtor created a default and foreclosure, where one would not have

existed, absent their wrongful conduct.

///

///

2.   GMAC had a duty not to foreclose on the Subject Property pursuant to its express agreement with Claimant.  GMAC ratified the FRA by accepting Culton's payments and further ratified the FRA when it accepted Claimant's November 15, 2013 payment.

3.  GMAC breached its express agreement to not foreclose and also breached its express promise to Claimant to suspend all foreclosure activity concerning the Subject Property and that GMAC would continue to work with Claimant and her husband while GMAC determined how to proceed after CULTON's death.

4. The representations made by GMAC were false.  GMAC did not suspend all foreclosure activities against the Subject Property.

5.   GMAC knew, or should have known, to stay the foreclosure proceedings against the Subject Property pursuant to its representations, assurances and promises to Claimant.

6.  But for the promises made by GMAC, Claimant would have made the monthly payments pursuant to the FRA (as evidenced by Claimant's November 15, 2009 payment) or offered full tender of the arrearage at that time.

## IV.  EVIDENCE OF VALIDITY OF THE CLAIM

There has already been filed a detailed claim, with documents, showing the validity of the claim. There  will be filed a Declaration, under penalty of perjury, which details that the facts set forth in this Pleading are true and correct, and which will supply documentary evidence showing the validity of this claim.  However, the Debtor's Objection to claims, does not even refer to the Claims, as aforesaid, and therefore, the Debtor's Objection must be denied on that ground.

///

///

///

## V. CONCLUSION

WHEREFORE, Jacqueline O. Wieland, as Trustee of the Marshell O. Culton Revocable

Living Trust Dated April 28, 2005, and as Successor In Interest of Marshell O. Culton,

respectfully requests that Debtor's Objection be DENIED, and the claim described herein be

allowed as filed,  and such other relief is granted.

Dated:   October 16, 2014

                    Respectfully submitted,

                    /s/   Mark A. Nialis

By:_____

                    Mark A. Nialis
                    NIALIS LAW GROUP, APLC
                    500 N. State College Blvd,. Ste. 1200
                    Orange, CA 92868
                    Tel: (714) 634-8001
                    Fax:(714) 634-3869
                    Email:   Mnialis@NialisLaw.com

                    *Counsel for Claimant/Creditor, ROBERT
WIELAND, as Successor Trustee of THE
MARSHELL O. CULTON REVOCABLE LIVING
TRUST DATED APRIL 28, 2005, and as Successor
in Interest of Marshell O. Culton*

L:\5005 (3971)\Pld\Bankruptcy\WIP\Response to 75th Obj.wpd

*Exhibit 1*

# NIALIS LAW GROUP

### A PROFESSIONAL LAW CORPORATION

MARK A. NIALIS, ESQ.
RONDINE E. MACADAEG, ESQ.
TELEPHONE: 714.634.8001
FAX: 714.634.3869

500 NORTH STATE COLLEGE BLVD.
SUITE 1200
ORANGE, CA 92868
WWW.NIALISLAW.COM

SENT VIA EMAIL AND U.S. MAIL

July 15, 2013

**Residential Capital, LLC**
P.O. Box 385220
Bloomington, MN 55438
Email: Claims.Management@gmacrescap.com

Re:   *In re Residential Capital, LLC, et al.* (Chapter 11 Bankruptcy)
      Case No.:        USBK 12-12020 (MG) (Southern District of New York)
                       ("ResCap Bankruptcy Case")
      Our Client:      Jacqueline O. Wieland, as Trustee of the Marshell O. Culton Revocable
                       Living Trust Dated April 28, 2005
      Our File No.:    5005
      Claim Nos:       **3734 (Executive Trustee Services) and 3735 (GMAC Mortgage, LLC)**

This letter is in response to the two (2) Notices dated June 21, 2013 from Morrison Foerster for
Residential Capital requesting additional information for **Claim Nos. 3734 and 3735.**

Proofs of Claim were filed on behalf of Jacqueline O. Wieland, as Trustee of the Marshell O.
Culton Revocable Living Trust Dated April 28, 2005 ("Claimant") against Debtors GMAC
Mortgage, LLC ("GMAC") and Executive Trustee Services ("ETS") (GMAC and ETS
hereinafter collectively as "Debtors") pursuant to the ResCap Bankruptcy Case.

Claimant served upon Debtors a Second Amended Complaint ("SAC") in the Superior Court of
the State of California, Los Angeles Superior Court Case No. GC048550, to which non-parties to
the ResCap Bankruptcy Case filed a Demurrer to the SAC. Pursuant to the Court's ruling on the
Demurrers, Claimant filed a Third Amended Complaint ("TAC").

However, the Demurrers were sustained on issues that did not reduce the substantive claims
against the Debtors; the Demurrers were sustained on the grounds that the capacities of the
Demurring Parties were fundamentally different from that of the Debtors.  As the SAC and TAC

N I A L I S   L A W   G R O U P ,   A P L C

*In re Residential Capital, LLC, et al.* (Chapter 11 Bankruptcy)
July 15, 2013
Page 2

show, the allegations and the basis for the calculation of damages as against the Debtors remain the same.

A true and correct copy of the SAC was attached with the original claims.  Enclosed please find true and correct copies of the following:

1.    ResCap Form for Claim 3734;
2.    ResCap Form for Claim 3735; and
3.    Third Amended Complaint.

Please contact the undersigned should you have any questions in this matter.

NIALIS LAW GROUP, APLC

*(Sent without signature to avoid delay.)*

MARK A. NIALIS
email: Mnialis@NialisLaw.com
MAN/pm
Enclosures (as noted):
cc:    Clients
        Alan Lurya, Esq. (Bankruptcy Counsel)
L:\5005 (3971)\Corr\ResCap.01 (BK Addl Info).wpd

*5005*

Residential Capital, LLC
c/o KCC
2335 Alaska Ave                    000136
El Segundo, CA 90245

PRF # 59050***
Case No.: 12-12020                    PackID: 136
Svc: 3                                NameID: 11080091

Jacquelyn O. Wieland, TTE of Marshell O. Culton Rev. Living Trust
April 28, 2005
Wildish & Nialis
500 North State College Blvd., Suite 1200
Orange, CA 92868



# ResCap

MORRISON | FOERSTER

June 21, 2013

**Claim Number:** 3734

Dear Claimant: Jacquelyn O. Wieland, TTE of Marshell O. Culton Rev. Living Trust April 28, 2005

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota 55438

Claim Number: 3734
Jacquelyn O. Wieland, TTE of Marshell O. Culton Rev. Living Trust April 28, 2005
Type: POC

# RESCAP                    MORRISON | FOERSTER

## Claim Information

| Claim Number | 3734 |
|---|---|
| **Basis of Claim**<br><br>Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | Please see attached letter concerning Claim Nos. 3734 and 3735. |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

| Loan Number: | | |
|---|---|---|
| 0713280846 | | |
| **Address of property related to the above loan number:** | | |
| 830 West Orange Grove Avenue | | |
| City: | State: | ZIP Code: |
| Arcadia | CA | 91006 |

Additional resources may be found at - http://www.kccllc.net/rescap

Residential Capital, LLC    P.O. Box 385220  Bloomington, MN  55438

Claim Number: 3734
Jacquelyn O. Wieland, TTE of Marshell O. Culton Rev. Living Trust April 28, 2005
Type: POC



Claim #3734  Date Filed: 11/8/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor:
RESIDENTIAL CAP. LLC /EXECUTIVE TRUSTEE SERVICES /12-12020(MG)/12-12028(MG)  (JOINT ADM

Case Number:

NOTE: This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property):
JACQUELYN O. WIELAND, TTE OF MARSHELL O. CULTON REV. LIVING TRUST     APRIL 28, 2005
Name and address where notices should be sent:                   NameID: 10855520
WILDISH & NIALIS
JACQUELINE O WIELAND, AS TRUSTEE OF THE MARSHELL O CULTON REVOCABLE LIVING
TRUST DATED APRIL 28, 2005 VS GMAC MRTG LLC ET AL
500 North State College Blvd., Suite 1200
Orange, CA 92868
Telephone number: 714 634-8001          email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(if known)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:          email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

1. Amount of Claim as of Date Case Filed: $ SEE ATTACHED $1,566,415.00
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: SEE ATTACHED
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: ___ ___ ___ ___

3a. Debtor may have scheduled account as:
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
Nature of property or right of setoff: ☐ Real Estate ☐ Motor Vehicle ☐ Other
Describe:
Value of Property: $_____  Annual Interest Rate_____ % ☐ Fixed ☐ Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____  Basis for perfection: _____
Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods were sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)
DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
If the documents are not available, please explain:

9. Signature: (See instruction #9) Check the appropriate box.
☒ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or their authorized agent.  ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)     (See Bankruptcy Rule 3004.)     (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: JACQUELYN O. WIELAND
Title: TRUSTEE OF MARSHELLO
Company: CULTON REV LIVING TRUST     (Signature) Jacquelyn O. Wieland     11/8/12
Address and telephone number if different from notice address above):

Telephone number:          Email:

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

RECEIVED
NOV 08 2012
KURTZMAN CARSON CONSULTANT
COURT USE ONLY

## SUMMARY OF CLAIM AND INTEREST CALCULATION

The Claimant has sued the debtor on a variety of causes of action in the Superior Court of the State of California, Los Angeles County, in the case of **Jacquelyn Wieland, Trustee of the Marshell O. Culton Revocable Living Trust,** dated April 28, 2005 v. **GMAC Mortgage, LLC et al.** Case No. GC048550. Attached as documentary evidence of the claim is the Second Amended Complaint in this case, which constitutes a detailed pleading of the facts underlying this claim, and further contains exhibits demonstrating the validity of the claim against the debtor. The filing of the Chapter 11 petition herein has stopped the litigation as to the debtor, pursuant to 11 USC § 362 **et seq.** This claim is filed in lieu of litigation as to the debtor. Although multiple parties are listed in the lawsuit, the debtor who is named herein as the subject of this claim is substantively liable for the entire amount of damages set forth below. The amount of the claim is computed as follows:

Damages based on loss of the real property,
as of January 28 2010, wrongfully caused by debtor's acts
and omissions as plead in the complaint, and which are
applicable as to all causes of action.

| | | |
|---|---|---|
| FMV Value of real property: | $2,000,000 | |
| Less Mortgage: | 1,078,000 | 922,000 |

Attorneys fees to May 14, 2012, Chapter 11 filing date
plead and recoverable as per the complaint.                                    25,187

Interest from Jan. 28, 2010 to May 14, 2012                                    119,228
Interest Calculation: 10% is the statutory legal interest rate in Calif. litigation,
from foreclosure date to date of Chapter 11 filing. Property loss, less mortgage is
$922,000@10% simple interest= $92,200 per year,or $7683.33/month, or $252.60/day.

Punitive Damages, as plead and recoverable in the complaint.                    500,000

                                                              **TOTAL:    $1,566,415**

1

5005

Residential Capital, LLC
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

000137

PRF # 59050***
Case No.: 12-12020
Svc: 3

PackID: 137
NameID: 11080096

Jacquelyn O. Wieland, TTE of Marshell O. Culton Rev. Living Trust
April 28, 2005
Wildish & Nialis
500 North State College Blvd., Suite 1200
Orange, CA 92868



RECEIVED
JUN 2 6 2013

# R E S C A P

MORRISON | FOERSTER

June 21, 2013

**Claim Number:** 3735

Dear Claimant: Jacquelyn O. Wieland, TTE of Marshell O. Culton Rev. Living Trust April 28, 2005

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.



**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota 55438

Claim Number: 3735
Jacquelyn O. Wieland, TTE of Marshell O. Culton Rev. Living Trust April 28, 2005

# ResCap

MORRISON | FOERSTER

## Claim Information

| Claim Number | 3735 |
|---|---|
| **Basis of Claim**<br><br>Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | Please see attached letter concerning Claim Nos. 3734 and 3735. |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

| Loan Number: |
|---|
| 0713280846 |

**Address of property related to the above loan number:**

830 West Orange Grove Avenue

| City: | State: | ZIP Code: |
|---|---|---|
| Arcadia | CA | 91006 |

Additional resources may be found at - http://www.kccllc.net/rescap

Residential Capital, LLC    P.O. Box 385220  Bloomington, MN  55438

Claim Number: 3735
Jacquelyn O. Wieland, TTE of Marshell O. Culton Rev. Living Trust April 28, 2005
Type: POC

Claim #3735  Date Filed: 11/8/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | | **PROOF OF CLAIM** |
|---|---|---|

Name of Debtor: RESIDENTIAL CAP/GMAC MORTGAGE LLC    Case Number: 12-12020 MG/12-12032 (MG)/JOINT ADMIN.

NOTE: This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.

Name of Creditor (the person or other entity to whom the debtor owes money or property): JACQUELYN O. WIELAND, TTE OF MARSHELLO. CULTON REV. LIVING TRUST    APRIL 28, 2005    NameID: 10855520

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:
WILDISH & NIALIS
JACQUELINE O WIELAND, AS TRUSTEE OF THE MARSHELL O CULTON REVOCABLE LIVING
TRUST DATED APRIL 28, 2005 VS GMAC MRTG LLC ET AL
500 North State College Blvd., Suite 1200
Orange, CA 92868

Court Claim Number:_____
(If known)

Telephone number: 714 634-8001    email:

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:

■ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

1. Amount of Claim as of Date Case Filed: SEE ATTACHED $1,566,415.00
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
■ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: SEE ATTACHED
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:

3a. Debtor may have scheduled account as:
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate ☐Motor Vehicle ☐Other
Describe:
Value of Property: $_____  Annual Interest Rate_____%  ☐Fixed ☐Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $_____  Basis for perfection:_____

Amount of Secured Claim: $_____  Amount Unsecured: $_____

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. Signature: (See instruction #9) Check the appropriate box.
■ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or  ☐ I am a guarantor, surety,
(Attach copy of power of attorney, if any.)  their authorized agent.  indorser, or other codebtor.
(See Bankruptcy Rule 3004.)  (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: JACQUELYN O WIELAND
Title: TTE OF MARSHELL O CULTON
Company: REV LIVING TRUST
Address and telephone number (if different from notice address above):    (Signature) Jacquelyn O. Wieland  (Date) 11-2-12

Telephone number:    Email:

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).
☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

Amount entitled to priority:
$_____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**RECEIVED**
NOV 0 8 2012
KURTZMAN CARSON CONSULTA
COURT USE ONLY

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## SUMMARY OF CLAIM AND INTEREST CALCULATION

The Claimant has sued the debtor on a variety of causes of action in the Superior Court of the State of California, Los Angeles County, in the case of **Jacquelyn Wieland, Trustee of the Marshell O. Culton Revocable Living Trust, dated April 28, 2005 v. GMAC Mortgage, LLC et al.** Case No. GC048550. Attached as documentary evidence of the claim is the Second Amended Complaint in this case, which constitutes a detailed pleading of the facts underlying this claim, and further contains exhibits demonstrating the validity of the claim against the debtor. The filing of the Chapter 11 petition herein has stopped the litigation as to the debtor, pursuant to 11 USC § 362 **et seq.** This claim is filed in lieu of litigation as to the debtor. Although multiple parties are listed in the lawsuit, the debtor who is named herein as the subject of this claim is substantively liable for the entire amount of damages set forth below. The amount of the claim is computed as follows:

Damages based on loss of the real property,
as of January 28 2010, wrongfully caused by debtor's acts
and omissions as plead in the complaint, and which are
applicable as to all causes of action.

| | | |
|---|---|---:|
| FMV Value of real property: | $2,000,000 | |
| Less Mortgage: | 1,078,000 | 922,000 |

Attorneys fees to May 14, 2012, Chapter 11 filing date
plead and recoverable as per the complaint.                                                25,187

Interest from Jan. 28, 2010 to May 14, 2012                                               119,228
Interest Calculation: 10% is the statutory legal interest rate in Calif. litigation,
from foreclosure date to date of Chapter 11 filing. Property loss, less mortgage is
$922,000@10% simple interest= $92,200 per year,or $7683.33/month, or $252.60/day.

Punitive Damages, as plead and recoverable in the complaint.                          500,000

**TOTAL:**        **$1,566,415**

1

12/06/2012 12:30 FAX  818 953 9455          LASC Burbank Civil Dept.                    ☑0002/0003

12/03/2012  15:58  Law Offices                              (FAX)17146343869              P.002/104

1   RONDINE E. MACADAEG, ESQ., SBN 263247
    MARK A. NIALIS, ESQ., SBN 89923
2   WILDISH & NIALIS
    500 North State College Boulevard, Suite 1200
3   Orange, California 92868
    Tel: (714) 634-8001 / Fax: (714) 634-3869
4   email: rmacadaeg@wildishandnialis.com
    email: mnialis@wildishandnialis.com
5
    Attorneys for Plaintiff
6   JACQUELINE O. WIELAND, as Trustee of
    THE MARSHELL O. CULTON REVOCABLE
7   LIVING TRUST DATED APRIL 28, 2005, and
    as Successor In Interest of Marshell O. Culton
8

**FILED**
LOS ANGELES SUPERIOR COURT

**DEC 03 2012**

~~....~~ ~~....~~ CLERK
Diana Kirby
BY DIANA KIRBY DEPUTY

9                  SUPERIOR COURT OF THE STATE OF CALIFORNIA

10       COUNTY OF LOS ANGELES. NORTHEAST DISTRICT - BURBANK COURTHOUSE

| | |
|---|---|
| 11  JACQUELINE O. WIELAND, as Trustee of | ) Case No.: GC048550 **FILED BY FAX** |
| THE MARSHELL O. CULTON REVOCABLE | ) [UNLIMITED CIVIL] |
| 12  LIVING TRUST DATED APRIL 28, 2005, and | ) HEARING DATE PENDING |
| 13  as Successor In Interest of Marshell O. Culton, | ) Hearing  Type:   Case Management Cont. / |
| | )               Status Conf. re Bankruptcy |
| 14              Plaintiff, | ) Date.:          January 31, 2013 |
| | )  Time:        8:30 a.m. |
| 15  vs. | )  Dept.:       NCB B  **BY FAX** |
| 16  GMAC MORTGAGE, LLC, a California limited | ) **PLAINTIFFS' THIRD AMENDED** |
| liability company; | ) **COMPLAINT FOR:** |
| 17  EXECUTIVE TRUSTEE SERVICES, LLC dba | ) **1.   BREACH OF CONTRACT** |
| ETS SERVICES LLC, a Delaware limited | ) **2.   FRAUD;** |
| 18  liability corporation; | ) **3.   INTENTIONAL** |
| MORTGAGEIT, INC., a New York corporation; | )      **MISREPRESENTATION;** |
| 19  MORTGAGE ELECTRONIC REGISTRATION | ) **4.   NEGLIGENT** |
| SYSTEMS, INC., a Delaware corporation; | )      **MISREPRESENTATION** |
| 20  HSBC BANK USA, NATIONAL | ) Assigned for all purposes to: |
| ASSOCIATION, A National corporation; | )  Judge:   Hon. Donna Fields Goldstein |
| 21  DEUTSCH BANK AG, a German corporation; | )  Dept.:   NCB B |
| and | ) Complaint Filed:   December 7, 2011 |
| 22  DOES 3 through 50, inclusive, | ) Trial Date:         None Set |
| | ) |
| 23              Defendants. | ) |
| | ) |

24       Plaintiff JACQUELINE O. WIELAND, as the Trustee and Executor of the Marshell O.

25  Culton Estate, alleges as follows:

26                          **COMMON ALLEGATIONS**

27       1.   Plaintiff JACQUELINE O. WIELAND, as the Successor Trustee of THE

28  MARSHELL O. CULTON REVOCABLE LIVING TRUST DATED APRIL 28, 2005

                                     1
                          THIRD AMENDED COMPLAINT

1  RONDINE E. MACADAEG, ESQ., SBN 263247
   MARK A. NIALIS, ESQ., SBN 89923
2  WILDISH & NIALIS
   500 North State College Boulevard, Suite 1200
3  Orange, California 92868
   Tel: (714) 634-8001 / Fax: (714) 634-3869
4  email: rmacadaeg@wildishandnialis.com
   email: mnialis@wildishandnialis.com
5
   Attorneys for Plaintiff
6  JACQUELINE O. WIELAND, as Trustee of
   THE MARSHELL O. CULTON REVOCABLE
7  LIVING TRUST DATED APRIL 28, 2005, and
   as Successor In Interest of Marshell O. Culton
8

9              SUPERIOR COURT OF THE STATE OF CALIFORNIA

10      COUNTY OF LOS ANGELES, NORTHEAST DISTRICT - BURBANK COURTHOUSE

11 JACQUELINE O. WIELAND, as Trustee of      ) Case No.: GC048550
   THE MARSHELL O. CULTON REVOCABLE         ) [UNLIMITED CIVIL]
12 LIVING TRUST DATED APRIL 28, 2005, and   ) HEARING DATE PENDING
   as Successor In Interest of Marshell O. Culton, ) Hearing  Type:   Case Management Conf. /
13                                          )            Status Conf. re Bankruptcy
                Plaintiff,                  )        Date:    January 31, 2013
14                                          )        Time:    8:30 a.m.
   vs.                                      )        Dept.:   NCB B  BY FAX
15                                          ) PLAINTIFFS' THIRD AMENDED
   GMAC MORTGAGE, LLC, a California limited ) COMPLAINT FOR:
16 liability company;                       ) 1.  BREACH OF CONTRACT
   EXECUTIVE TRUSTEE SERVICES, LLC dba     ) 2.  FRAUD;
17 ETS SERVICES LLC, a Delaware limited     ) 3.  INTENTIONAL
   liability corporation;                   )     MISREPRESENTATION;
18 MORTGAGEIT, INC., a New York corporation; ) 4.  NEGLIGENT
   MORTGAGE ELECTRONIC REGISTRATION        )     MISREPRESENTATION
19 SYSTEMS, INC., a Delaware corporation;   ) Assigned for all purposes to:
   HSBC BANK USA, NATIONAL                  )        Judge:   Hon. Donna Fields Goldstein
20 ASSOCIATION, A National corporation;     )        Dept.:   NCB B
   DEUTSCH BANK AG, a German corporation;   ) Complaint Filed:   December 7, 2011
21 and                                      ) Trial Date:        None Set
   DOES 3 through 50, inclusive,            )
22                                          )
                Defendants.                 )
23 _____ )

24     Plaintiff JACQUELINE O. WIELAND, as the Trustee and Executor of the Marshell O.

25 Culton Estate, alleges as follows:

26                        **COMMON ALLEGATIONS**

27     1.    Plaintiff, JACQUELINE O. WIELAND, as the Successor Trustee of THE

28 MARSHELL O. CULTON REVOCABLE LIVING TRUST DATED APRIL 28, 2005

                                  1
                       THIRD AMENDED COMPLAINT

("Plaintiff" or "WIELAND"), and as the Successor In Interest of Decedent Marshell O. Culton

("CULTON"), is an individual residing in the City of Arcadia, County of Los Angeles, State of

California.  See attached Declaration of Jacqueline O. Wieland ("Wieland Dec.") as Successor

Trustee and Successor In Interest.

2.       Plaintiff is informed and believes and thereon alleges that Defendant,

MORTGAGEIT, INC. ("MORTGAGEIT"), is, and was at all times herein mentioned a foreign

corporation organized and existing under the laws of the State of New York, duly licensed and

authorized to do and doing business in the State of California.

3.       Plaintiff is informed and believes and thereon alleges that Defendant,

DEUTSCHE BANK AG ("DEUTSCHE BANK"), is, and was at all times herein mentioned, a

German business corporation authorized to and doing business in the State of California.

4.       Plaintiff is informed and believes and thereon alleges that Defendant, HSBC

BANK USA, NATIONAL ASSOCIATION ("HSBC"), is, and was at all times herein mentioned,

a national banking association organized and existing under the laws of the United States, duly

licensed and authorized to do business in the State of California.

5.       Plaintiff is informed and believes and thereon alleges that Defendant, GMAC

MORTGAGE (hereafter referred to as "GMAC") is, and at all times herein mentioned was,

limited liability company organized and existing under the laws of the State of California, and

doing business in California.  [Chapter 11 Bankruptcy pending in the United States Bankruptcy

Court, Southern District of New York, *In re Residential Capital, LLC, et al.*, Case No. 12-12020

(MG).]

6.       Plaintiff is informed and believes and thereon alleges that Defendant,

EXECUTIVE TRUSTEE SERVICES, LLC dba ETS SERVICES LLC (hereafter referred to as

"ETS") is, and at all times herein mentioned was, a foreign corporation organized and existing

under the laws of the State of Delaware, authorized to and doing business in the State of

California.  [Chapter 11 Bankruptcy pending in the United States Bankruptcy Court, Southern

District of New York, *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG).]

7.       Plaintiff is informed and believes and thereon alleges that Defendant,

THIRD AMENDED COMPLAINT

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (hereafter referred to as "MERS"), is, and at all times herein mentioned was, a foreign corporation organized and existing under the laws of the State of Delaware, authorized to do and doing business in the State of California.

8.    Plaintiff is ignorant of the true names and capacities of Defendants sued herein as DOES 1 through 50, inclusive, and therefore sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believe, and thereon allege, that each of the fictitiously named Defendants is negligently responsible in some manner for the occurrences herein alleged, and that Plaintiff's losses as herein alleged were proximately caused by such negligence.

9.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each Defendant was the agent or employee of each of the remaining Defendants and, in doing the things hereinafter alleged, was acting within the course and scope of such agency or employment.

10.    Plaintiff is informed and believes and thereon alleges that, at all times herein mentioned, each Defendant acted in concert of action with each and every other Defendant in doing the things hereinafter alleged.

11.    Plaintiff is informed and believes and thereon alleges that at all times herein mentioned, Defendants, and each of them, approved, authorized, directed and ratified the acts of each and every other Defendant in doing the things hereinafter alleged.

12.    On or about October 16, 2002, CULTON, mother of Plaintiff, purchased the real property located at 830 West Orange Grove Avenue, Arcadia, CA 91006 (the "Subject Property").

13.    On or about July 12, 2005, CULTON, as Trustee, transferred the Subject Property to THE MARSHELL O. CULTON REVOCABLE LIVING TRUST DATED APRIL 28, 2005, (hereinafter "TRUST"), which was recorded with the Los Angeles County Recorder's Office as Instrument No. 051641340.

14.    Plaintiff is Decedent CULTON's Successor Trustee and the sole beneficiary of the

1    Subject Property pursuant to the TRUST.

2      15.    Pursuant to the TRUST, CULTON declared that she transferred and delivered to

3    the trustee all of her interest in the Subject Property. The Subject Property is listed in the

4    TRUST instrument which Plaintiff, as Successor Trustee, either does not have in her possession

5    or control or which has not already been distributed according to the terms of the TRUST.

6      16.    On April 28, 2005, CULTON executed a Trust Transfer Deed transferring the

7    Subject Property to the Trust and recorded this deed on July 12, 2005 in the County of Los

8    Angeles as Instrument No. 20051641339. A true and correct copy of the Trust Transfer Deed is

9    attached to Wieland Dec. as Exhibit "B" and incorporated by this reference; Wieland Dec. ¶ 8.

10     17.    Plaintiff is informed and believes and thereon alleges that MORTGAGEIT caused

11   CULTON to take the Subject Property out of the TRUST for purposes of refinancing by way of a

12   note.

13     18.    On April 25, 2007, CULTON executed a Quitclaim Deed transferring the Subject

14   Property from the Trust to herself, an unmarried woman, and recorded this deed in the County of

15   Los Angeles as Instrument No. 20071113043 on May 8, 2007. A true and correct copy of the

16   Quitclaim Deed is attached to Wieland Dec. as Exhibit "C" and incorporated by this reference;

17   Wieland Dec. ¶ 9.

18     19.    CULTON only transferred the Subject Property out of the TRUST in order to

19   refinance the Subject Property and for no other reason. The deed of trust, dated April 30, 2007

20   (merely 5 days after recording the Quitclaim Deed), was executed by CULTON in the amount of

21   $970,000.

22     20.    Plaintiff is informed and believes and thereon alleges CULTON encumbered the

23   Subject Property with a Note secured by a First Deed of Trust in the amount of $970,000.00 (the

24   "Subject First Deed of Trust') dated April 30, 2007, which was recorded in the Los Angeles

25   County Recorder's Office on May 8, 2007 as Instrument No. 20071113044 which is in a first

26   priority position. The Subject First Deed of Trust recites MORTGAGEIT as the Lender and

27   further recites that MERS is a "nominee for the Lender and Lender's successors and assigns"

28   and that MERS is the "beneficiary under this Security Instrument." A true and correct copy of the

1  2007 Subject First Deed of Trust is attached to Wieland Dec. as Exhibit "D" and incorporated

2  herein by this reference.

3      21.    Plaintiff is informed and believes and thereon alleges that, notwithstanding the

4  Subject First Deed of Trust's recitals regarding MERS as nominee, MERS is also a beneficiary

5  under the Subject First Deed of Trust because of MERS' economic interest and financial gain

6  resulting from its financial interest under the Subject First Deed of Trust and the wrongful

7  foreclosure against the Subject Property.  Plaintiff is further informed and believes and thereon

8  alleges that, MERS acted in concert of action with each and every other Defendant to financially

9  gain from the Subject First Deed of Trust.

10     22.    Plaintiff is informed and believes and thereon alleges that MORTGAGEIT may

11  have transferred part of its beneficial interest under the Subject First Deed of Trust to

12  DEUTSCHE BANK and HSBC.  Plaintiff is further informed and believes and thereon alleges

13  that DEUTSCHE BANK may have transferred part of its beneficial interest under the Subject

14  First Deed of Trust to HSBC.  Plaintiff is FURTHER informed and believes and thereon alleges

15  that MORTGAGEIT, DEUTSCHE BANK and HSBC (collectively hereafter as

16  "Lenders/Investors") are the true beneficiaries under the Subject First Deed of Trust because they

17  are the lenders and investors of the Note secured by the Subject First Deed of Trust.

18     23.    Plaintiff alleges that MORTGAGEIT failed to record MORTGAGEIT's partial

19  transfers and/or assignments of its beneficial interest under the Subject First Deed of Trust to

20  either DEUTSCHE BANK or HSBC.  Plaintiff further alleges that DEUTSCHE BANK also

21  failed to record its partial transfer and/or assignments of its beneficial interest under the Subject

22  First Deed of Trust to HSBC.  MORTGAGEIT is the Lender of record title under the Subject

23  First Deed of Trust.  Plaintiff is ignorant of Defendants MORTGAGEIT, DEUTSCHE BANK,

24  HSBC and MERS' (collectively as "BENEFICIARIES") exact beneficial interest under the

25  Subject First Deed of Trust as they have failed to record the assignments and/or partial transfers.

26     24.    On or about March 31, 2009, a Notice of Default and Election to Sell Under Deed

27  of Trust (the "NOD") was recorded by Defendant ETS against the Subject Property indicating

28  that as of March 27, 2009, CULTON was in default in the amount of $25,886.23.  The NOD was

1  recorded with the Los Angeles County Recorder's Office as Instrument No. 20090459490.  (A
2  true and correct copy of which is attached hereto as Exhibit "F.")
3      25.    On or about July 2, 2009, a Notice of Trustee's Sale ("NTS") was recorded
4  against the Subject Property.  The NTS was recorded with the Los Angeles County Recorder's
5  Office as Instrument No. 20090999746.  A true and correct copy of which is attached hereto as
6  Exhibit "G.")
7      26.    Subsequent to the recordation of the NOD and NTS, CULTON and Defendant
8  GMAC exchanged communications concerning a foreclosure repayment plan and agreement.
9      27.    On or about September 17, 2009, CULTON, for the benefit of the real property,
10  and Defendant GMAC, as Loan Servicing Agent acting on behalf and for the benefit of the
11  BENEFICIARIES under the 2007 Deed of Trust, agreed to enter into a "Foreclosure Repayment
12  Agreement." (A true and correct copy of the Foreclosure Repayment Agreement signed by
13  CULTON is attached hereto as Exhibit "H.")  Plaintiff is informed and believes and thereon
14  alleges that Defendant GMAC is in possession of the fully executed copy of the Foreclosure
15  Repayment Agreement.  Plaintiff is further informed and believes and thereon alleges that
16  GMAC, as loan servicer, was the agent and employee of each of the remaining Defendants.
17      28.    Plaintiff alleges that CULTON attempted to cure the default in the NOD and NTS
18  under the Subject First Deed of Trust by making payments on the "Foreclosure Repayment
19  Agreement" with GMAC.  Payments were made pursuant to the Foreclosure Repayment
20  Agreement up to November 2009.  Plaintiff is informed and believes and thereon alleges that
21  GMAC accepted CULTON's payments on behalf of and for the benefit of the Beneficiary
22  Investor Pool Defendants under the Subject First Deed of Trust.
23      29.    Plaintiff alleges that CULTON performed all conditions, covenants, and promises
24  required on her part to be performed in accordance with the terms and conditions of the
25  Foreclosure Repayment Agreement up to her date of death.
26      30.    On or about November 5, 2009, CULTON died.  A true and correct copy of the
27  decedent's death certificate is attached to Declaration of Jacqueline O. Wieland re Successor
28  Trustee Status filed concurrently with this Third Amended Complaint ("Wieland Dec.") as

1    Exhibit "A" and incorporated herein by reference. Plaintiff WIELAND is the Successor Trustee

2    of the TRUST. Plaintiff is also the sole beneficiary of the Subject Property, which is TRUST

3    PROPERTY. All other beneficiaries were granted $100.00 each from the trust property.

4        31.    At the date of the death of the CULTON, the record title to the Subject Property

5    was still in the name of Marshell O. Culton, an unmarried woman. CULTON inadvertently

6    failed to transfer the Subject Property back into the TRUST after completing the refinance on the

7    Subject Property. Such property, however, was actually owned by the TRUST because the

8    language in the TRUST Instrument is sufficient to create a trust in the property. The Court is

9    invited to review *California Probate Code* Section 15200(a); *Estate of Heggstad* (1993) 16

10   Cal.App.4th 943, 949; 20 Cal.Rptr.2d 433, wherein the court stated that "a written declaration of

11   trust by the owner of real property, in which he names himself trustee, is sufficient to create trust

12   that property, and the law does not require a separate deed transferring the property to the trust."

13       32.    Based on the foregoing, the Probate Court in Case No. GP016044 issued an order,

14   *nunc pro tunc*, that the Subject Property is deemed property of the MARSHELL O. CULTON

15   TRUST at the time of CULTON's death on November 5, 2009.

16       33.    Plaintiff alleges that on or about November 15, 2009, *after* CULTON passed

17   away, Plaintiff and her husband Robert Wieland remitted a payment pursuant to the Foreclosure

18   Repayment Agreement, which GMAC accepted on behalf of and for the benefit of the

19   BENEFICIARIES under the Subject First Deed of Trust.

20       34.    Plaintiff, as Successor Trustee and as Successor In Interest, promptly notified

21   Defendant GMAC of her mother's death. On or about 12/10/09 at 2:07 p.m., Plaintiff and her

22   husband Robert Wieland called GMAC's Mortgage Loan Servicing Customer Care Department

23   at (866) 725-0782. Defendant GMAC, by and through its representative whose identity is known

24   to GMAC, orally directed Plaintiff and Robert Wieland not to make any payments under the

25   Foreclosure Repayment Agreement. Further, Defendant GMAC, by and through its

26   representative whose identity is known to GMAC, made an express promise to Plaintiff that

27   GMAC would suspend all foreclosure activity concerning the Subject Property and that GMAC

28   would continue to work with Plaintiff and her husband while GMAC determined how to proceed

1 after CULTON's death. (A true and correct copy of Robert Wieland's phone records showing

2 telephone calls made to GMAC Mortgage Loan Servicing Customer Care Department at (866)

3 725-0782 on 12/10/09 and 1/13/11 is attached hereto as Exhibit "I.")

4      35.    Pursuant to the express agreement with GMAC, Plaintiff did not make the

5 monthly payment for December 2009 in reliance upon the statements of GMAC's Loan Servicing

6 Customer Care representative whose identity is known to GMAC.

7      36.    On or about December 22, 2009, Robert Wieland thereafter provided Defendant

8 GMAC with a copy of CULTON's death certificate, as requested by GMAC. (A true and correct

9 copy of CULTON's death certificate is attached to Wieland Dec. as Exhibit "A.")

10      37.    Defendant GMAC failed to note in their records that CULTON had passed away

11 and continued to direct communications to her, despite receiving a copy of Marshell O Culton's

12 death certificate.

13      38.    On or about January 8, 2010, Defendant GMAC sent a letter to CULTON stating

14 that the repayment plan previously established at her request was canceled because "the payment

15 was not received by the payment date as specified in the **signed repayment agreement**."

16 [Emphasis Added]  This letter was sent over two months after CULTON passed away and over

17 two weeks after Robert Wieland provided a copy of CULTON's death certificate, as requested by

18 Defendant GMAC. (A true and correct copy of GMAC's letter dated 1/8/10 indirectly admitting

19 the Foreclosure Repayment Agreement between GMAC and CULTON was executed and binding

20 against GMAC is attached hereto as Exhibit "I" and incorporated by reference as though fully set

21 forth herein.)

22      39.    Plaintiff is informed and believes and thereon alleges that the BENEFICIARIES

23 under the Subject First Deed of Trust, instructed their agent ETS, to wrongfully foreclose against

24 the Subject Property in breach of GMAC's express agreement with Plaintiff, as Successor

25 Trustee and as Successor In Interest, not to foreclose.

26      40.    Plaintiff is informed and believes and thereon alleges that on January 28, 2010,

27 Defendant ETS, acting in concert of action with each and every Defendant, conducted a wrongful

28 foreclosure against the Subject Property by way of a Trustee Sale without any further notice to

1 | Plaintiff.

2 |     41.    Had Plaintiff not detrimentally relied on GMAC's representations, Plaintiff would

3 | have fully tendered that amount which was in foreclosure at that time, which would have been

4 | the payments Plaintiff withheld in reliance on GMAC's representations.

5 |     42.    On or about February 5, 2010, Defendant ETS recorded a Trustee's Deed Upon

6 | Sale from ETS to Grandana LLC/Lava rock Investments, LLC which was recorded with the Los

7 | Angeles County Recorder's Office as Instrument No. 20100170064.  (A true and correct copy of

8 | which is attached hereto as Exhibit "K.")

9 |     43.    Plaintiff is informed and believes and thereon alleges that twenty days later, on or

10 | about February 26, 2010, a Grant Deed was recorded from  Grandana LLC/Lava Rock

11 | Investments, LLC to Grandana LLC, Lava Rock Investments, Mansour Meisami and Manzar

12 | Meisami, Husband and Wife and E&A LLC, which was recorded with the Los Angeles County

13 | Recorder's Office as Instrument No. 20100263451.  (A true and correct copy of which is

14 | attached hereto as Exhibit "L.")

15 |     44.    Plaintiff is informed and believes and thereon alleges that on or about

16 | February 26, 2010, the Subject Property was quickly re-sold without improvements for

17 | approximately $1,500,000.  A Grant Deed was recorded from Grandana LLC, Lava Rock

18 | Investments, Mansour Meisami and Manzar Meisami, Husband and Wife and E&A LLC to

19 | David Robert Kruse and Linda Faye Kruse Co-Trustees of the David and Linda Kruse

20 | Community Property Trust, under trust dated 6/26/03, which was recorded with the Los Angeles

21 | County Recorder's Office as Instrument No. 20100263451.  (A true and correct copy of which is

22 | attached hereto as Exhibit "M.")

### FIRST CAUSE OF ACTION

### (Breach of Written Contract As Against

### Defendants GMAC, MORTGAGEIT, DEUTSCHE BANK, HSBC, MERS, and DOES 1

### through 50, Inclusive)

27 |     45.    Plaintiff realleges and incorporates Paragraphs 1 through 44, inclusive, as though

28 | fully set forth herein.

46.     Plaintiff is informed and believes and thereon alleges that GMAC is the duly qualified agent of Defendant MORTGAGEIT.  Plaintiff is further informed and believes and thereon alleges that  MORTGAGEIT, as principal, is liable for GMAC's acts and omissions alleged herein.

47.     Plaintiff is informed and believes and thereon alleges that GMAC is the duly qualified agent of Defendant DEUTSCHE BANK.  Plaintiff is further informed and believes and thereon alleges that  DEUTSCHE BANK, as principal, is liable for GMAC's acts and omissions alleged herein.

48.     Plaintiff is informed and believes and thereon alleges that GMAC is the duly qualified agent of Defendant HSBC.  Plaintiff is further informed and believes and thereon alleges that HSBC, as principal, is liable for GMAC's acts and omissions alleged herein.

49.     Plaintiff is informed and believes and thereon alleges that GMAC is the duly qualified agent of Defendant MERS.  Plaintiff is further informed and believes and thereon alleges that MERS, as principal, is liable for GMAC's acts and omissions alleged herein.

50.     Plaintiff is informed and believes and thereon alleges that at all times herein alleged, Defendant GMAC, as loan servicer, was acting as an authorized agent and was acting within the course and scope of such agency of MORTGAGEIT, DEUTSCHE BANK, HSBC and MERS (collectively as "BENEFICIARIES") under the Subject First Deed of Trust.  Plaintiff is further informed and believes and thereon alleges that Defendants GMAC financially benefitted as the loan servicer agent for Defendants MORTGAGEIT, DEUTSCHE BANK, and HSBC (collectively as "INVESTOR POOL DEFENDANTS") and acted in concert of action with each and every other Defendant in doing the things hereinafter alleged.

51.     On or about September 17, 2009, CULTON, for the benefit of the real property, and Defendant GMAC, as agent of the BENEFICIARIES, agreed to enter into a "Foreclosure Repayment Agreement."  Plaintiff is informed and believes and thereon alleges that Defendant GMAC is in possession of the fully executed copy of the Foreclosure Repayment Agreement (*See* Exhibit "F" for the Foreclosure Repayment Agreement executed by CULTON on 9/17/09.) Plaintiff is informed and believes and thereon alleges that the Foreclosure Repayment Agreement

1    was a modification of the Note secured by the Subject First Deed of Trust.

2         52.     Plaintiff alleges that CULTON performed all conditions, covenants, and promises

3    required on her part to be performed in accordance with the terms and conditions of the

4    Foreclosure Repayment Agreement up to her date of death on or about November 5, 2009.

5         53.     Plaintiff is informed and believes and thereon alleges that Defendant GMAC

6    ratified the partially executed Foreclosure Repayment Agreement by accepting CULTON's

7    payments. Plaintiff is informed and believes and thereon alleges that, on or about November 15,

8    2009, Defendant GMAC further accepted the payment remitted by Plaintiff in both her capacities

9    as Successor Trustee and as Successor In Interest.

10        54.     Plaintiff WIELAND is the Successor Trustee of the TRUST. Plaintiff is also the

11    sole beneficiary of the Subject Property, which is TRUST Property, *nunc pro tunc,* even though

12    the Subject Property is titled nominally in CULTON's individual name.

13        55.     Plaintiff is informed and believes and thereon alleges that CULTON was also the

14    predecessor in interest of the TRUST. It was always CULTON's intent that the Subject Property

15    would remain in the TRUST after her refinance. Plaintiff alleges that CULTON entered into the

16    Note with MORTGAGEIT nominally in her individual capacity, but it was always for the benefit

17    of herself and the Subject Property and it inured to the benefit of the TRUST when the Subject

18    Property was deemed by the Probate Court to be Trust Property, *nunc pro tunc.*

19        56.     Plaintiff is CULTON's Successor In Interest, as defined in Code Civ. Proc., §

20    377.11, and succeed to the decedent CULTON's interest in the action in that Plaintiff is the major

21    beneficiary of decedent's estate or other successor in interest who succeeds to the breach of

22    contract cause of action against Defendants, and each of them, or to the Subject Property that is

23    at issue in this action.

24        57.     No other person has a superior right to commence the action or to be substituted

25    for the decedent in the pending action, in both Plaintiff's capacities as Successor Trustee and as

26    Successor In Interest.

27        58.     Plaintiff, as Successor Trustee and as Successor In Interest, promptly notified

28    Defendant GMAC of her mother's death. Plaintiff and her husband Robert Wieland called

1    GMAC's Mortgage Loan Servicing Customer Care Department at (866) 725-0782.  Defendant

2    GMAC, by and through its representative whose identity is known to GMAC, orally directed

3    Plaintiff and Robert Wieland not to make any payments under the Foreclosure Repayment

4    Agreement.

5        59. Plaintiff alleges that Defendant GMAC, by and through its representative whose

6    identity is known to GMAC, entered into an **express agreement** with Plaintiff, as Successor

7    Trustee and as Successor In Interest, that GMAC would suspend all foreclosure activity

8    concerning the Subject Property.  Plaintiff further alleges that GMAC made an express promise

9    to Plaintiff concerning TRUST property, that GMAC would continue to work with Plaintiff and

10   her husband while GMAC determined how to proceed after CULTON's death. (A true and

11   correct copy of Robert Wieland's phone records showing telephone calls made to GMAC

12   Mortgage Loan Servicing Customer Care Department at (866) 725-0782 on 12/10/09 and 1/13/11

13   is attached hereto as Exhibit "I.")

14       60.    Plaintiff did not make the monthly payment for December 2009 in reliance upon

15   the statements of GMAC's Loan Servicing Customer Care representative whose identity is

16   known to GMAC.

17       61.    On or about January 8, 2010, Defendant GMAC sent a letter to CULTON stating

18   that the repayment plan previously established at her request was canceled because "the payment

19   was not received by the payment date as specified in the **signed repayment agreement**."

20   [Emphasis Added]  (Exhibit "J")  Plaintiff is informed and believes and thereon alleges that

21   GMAC's letter indirectly admitted to the validity and enforceability of the Foreclosure

22   Repayment Agreement.

23       62.    Plaintiff alleges that GMAC had a duty not to foreclose on the subject property

24   pursuant to its express agreement with Plaintiff.  Plaintiff further alleges that on or about

25   January 8, 2010, Defendant GMAC breached its express agreement with Plaintiff, as Successor

26   Trustee and Successor In Interest, not to foreclose against the Subject Property.  Plaintiff also

27   alleges that GMAC breached its express promise to Plaintiff to suspend all foreclosure activity

28   concerning the Subject Property and that GMAC would continue to work with Plaintiff and her

1    husband while GMAC determined how to proceed after CULTON's death. Plaintiff is informed

2    and believes and thereon alleges that at the time of GMAC's breach, GMAC was acting on

3    behalf of itself and on behalf of and for the benefit of Defendants MORTGAGEIT, DEUTSCHE

4    BANK, HSBC, and MERS.

5        63.    Plaintiff is informed and believes and thereon alleges that the BENEFICIARIES

6    under the Subject First Deed of Trust instructed their agent EXECUTIVE TRUSTEE SERVICES

7    to wrongfully foreclose against the Subject Property in breach of GMAC's express agreement

8    with Plaintiff, as Successor Trustee and as Successor In Interest, not to foreclose.

9        64.    Plaintiff is informed and believes and thereon alleges that on January 28, 2010,

10   Defendant ETS, acting in concert of action with each and every Defendant, conducted a wrongful

11   foreclosure against the Subject Property by way of a Trustee Sale without any further notice to

12   Plaintiff.

13       65.    Plaintiff alleges that she is excused from making payments pursuant to GMAC's

14   express promise not to foreclose against the TRUST property. Had Plaintiff not detrimentally

15   relied on GMAC's representations, Plaintiff would have fully tendered the arrearage at that time,

16   which would have been the payments Plaintiff withheld in reliance on GMAC's express promise.

17       66.    As a direct and proximate result of Defendant GMAC's breach of the express

18   agreement with Plaintiff not to foreclose, Plaintiff has been damaged by the wrongful foreclosure

19   against the Subject Property, in an amount according to proof at trial.

20                          **SECOND CAUSE OF ACTION**

21            **(Fraud - Promise Made Without Intention to Perform Against**

22        **Defendants GMAC, MORTGAGEIT, DEUTSCHE BANK, HSBC, MERS, ETS**

23                      **and DOES 1 through 50, Inclusive)**

24       67.    Plaintiff realleges and incorporates herein by reference Paragraph Nos. 1 through

25   66, inclusive, of this Complaint as though set forth in full herein.

26       68.    Plaintiff is informed and believes and thereon alleges that GMAC is the duly

27   qualified agent of Defendant MORTGAGEIT. Plaintiff is further informed and believes and

28   thereon alleges that  MORTGAGEIT, as principal, is liable for GMAC's acts and omissions

                                    13
                          THIRD AMENDED COMPLAINT

1   alleged herein.

2        69.   Plaintiff is informed and believes and thereon alleges that GMAC is the duly

3   qualified agent of Defendant DEUTSCHE BANK.  Plaintiff is further informed and believes and

4   thereon alleges that  DEUTSCHE BANK, as principal, is liable for GMAC's acts and omissions

5   alleged herein.

6        70.   Plaintiff is informed and believes and thereon alleges that GMAC is the duly

7   qualified agent of Defendant HSBC.  Plaintiff is further informed and believes and thereon

8   alleges that HSBC, as principal, is liable for GMAC's acts and omissions alleged herein.

9        71.   Plaintiff is informed and believes and thereon alleges that GMAC is the duly

10   qualified agent of Defendant MERS.  Plaintiff is further informed and believes and thereon

11   alleges that MERS, as principal, is liable for GMAC's acts and omissions alleged herein.

12        72.   Plaintiff is informed and believes and thereon alleges that at all times herein

13   alleged, Defendant GMAC, as loan servicer, was acting as an authorized agent and was acting

14   within the course and scope of such agency of MORTGAGEIT, DEUTSCHE BANK, HSBC and

15   MERS (collectively as "BENEFICIARIES") under the Subject First Deed of Trust.  Plaintiff is

16   further informed and believes and thereon alleges that Defendants GMAC financially benefitted

17   as the loan servicer agent for Defendants MORTGAGEIT, DEUTSCHE BANK, and HSBC

18   (collectively as "INVESTOR POOL DEFENDANTS") and acted in concert of action with each

19   and every other Defendant in doing the things hereinafter alleged.

20        73.   Plaintiff, as Successor Trustee, promptly notified Defendant GMAC of

21   CULTON's death.  On or about 12/10/09 at 2:07 p.m., Plaintiff and her husband Robert Wieland

22   called GMAC's Mortgage Loan Servicing Customer Care Department at (866) 725-0782.

23   Defendant GMAC, by and through its representative whose identity is known to GMAC, orally

24   directed Plaintiff and Robert Wieland not to make any payments under the Foreclosure

25   Repayment Agreement.  Further, Defendant GMAC, by and through its representative whose

26   identity is known to GMAC, made an express promise to Plaintiff that GMAC would suspend all

27   foreclosure activity concerning the Subject Property and that GMAC would continue to work

28   with Plaintiff and her husband while GMAC determined how to proceed after CULTON's death.

1  (See Exhibit "I" for telephone calls made to GMAC Mortgage Loan Servicing Customer Care

2  Department at (866) 725-0782 on 12/10/09 and 1/13/11).

3      74.    At the time Defendant, GMAC made this express promise to Plaintiff concerning

4  the Subject Property, which is TRUST property, GMAC had no intention of performing it.   On

5  or about January 8, 2010, Defendant GMAC sent a letter to CULTON stating that the repayment

6  plan previously established at her request was canceled because "the payment was not received

7  by the payment date as specified in the signed repayment agreement." (Exhibit "I")

8      75.    The express promise was made by Defendant GMAC by and through it's Loan

9  Servicing Customer Care representative whose identity is known to GMAC, with the intent to

10  induce Plaintiff not to make the monthly payments under the Foreclosure Repayment Agreement

11  so Defendant GMAC could proceed with wrongfully foreclosing against the Subject Property

12  pursuant to the Subject First Deed of Trust.  Defendant GMAC knew or should have known to

13  stay the foreclosure proceedings against the Subject Property.

14      76.    Plaintiff, at the time GMAC's express promise was made and at the time Plaintiff

15  took the actions herein alleged, was ignorant of Defendant GMAC's secret intention not to

16  perform.  Plaintiff could not, in the exercise of reasonable diligence, have discovered Defendant

17  GMAC's secret intention.  In reliance on the express promise of Defendant GMAC, Plaintiff did

18  not make a payment pursuant to the Foreclosure Repayment Agreement or pursuant to the

19  express agreement with GMAC, while Plaintiff was waiting for Defendant GMAC's response

20  and direction on how to proceed with the TRUST property.  If Plaintiff had known of the actual

21  intention of Defendant GMAC, Plaintiff would have made the monthly payments pursuant to the

22  Foreclosure Repayment Agreement and her subsequent express agreement with GMAC, to

23  ensure the postponement of foreclosure activity against the Subject Property.

24      77.    Defendant GMAC failed to abide by its express agreement with Plaintiff to

25  suspend all foreclosure activity against the Subject Property while GMAC determined how to

26  proceed after CULTON's death.  Instead, on or about January 28, 2010, GMAC, in concert of

27  action with each and every remaining Defendant caused Defendant ETS to wrongfully foreclose

28  against the Subject Property pursuant to the Notice of Sale dated July 2, 2009 (Exhibits "G" and

1   "K"). But for the promises made by Defendant GMAC, by and through its Loan Servicing

2   Customer Care representative whose identity is known to GMAC, Plaintiff would have made the

3   monthly payments pursuant to the Foreclosure Repayment Agreement or offered full tender of

4   the arrearage at that time.

5       78.    As a direct and proximate result of Defendant GMAC's promise made without

6   intention to perform, Plaintiff has been damaged by the wrongful foreclosure against the Subject

7   Property, in an amount according to proof at trial.

8   **THIRD CAUSE OF ACTION**

9   **(Intentional Misrepresentation As Against**

10  **Defendants GMAC, MORTGAGEIT, DEUTSCHE BANK, HSBC, MERS, ETS**

11  **and DOES 1 through 50, Inclusive)**

12      79.    Plaintiff realleges and incorporates Paragraphs Nos. 1 through 78, inclusive, as

13  though fully set forth herein.

14      80.    Plaintiff is informed and believes and thereon alleges that GMAC is the duly

15  qualified agent of Defendant MORTGAGEIT. Plaintiff is further informed and believes and

16  thereon alleges that MORTGAGEIT, as principal, is liable for GMAC's acts and omissions

17  alleged herein.

18      81.    Plaintiff is informed and believes and thereon alleges that GMAC is the duly

19  qualified agent of Defendant DEUTSCHE BANK. Plaintiff is further informed and believes and

20  thereon alleges that DEUTSCHE BANK, as principal, is liable for GMAC's acts and omissions

21  alleged herein.

22      82.    Plaintiff is informed and believes and thereon alleges that GMAC is the duly

23  qualified agent of Defendant HSBC. Plaintiff is further informed and believes and thereon

24  alleges that HSBC, as principal, is liable for GMAC's acts and omissions alleged herein.

25      83.    Plaintiff is informed and believes and thereon alleges that GMAC is the duly

26  qualified agent of Defendant MERS. Plaintiff is further informed and believes and thereon

27  alleges that MERS, as principal, is liable for GMAC's acts and omissions alleged herein.

28      84.    Plaintiff is informed and believes and thereon alleges that at all times herein

1   alleged, Defendant GMAC, as loan servicer, was acting as an authorized agent and was acting

2   within the course and scope of such agency of MORTGAGEIT, DEUTSCHE BANK, HSBC and

3   MERS (collectively as "BENEFICIARIES") under the Subject First Deed of Trust.  Plaintiff is

4   further informed and believes and thereon alleges that Defendants GMAC financially benefitted

5   as the loan servicer agent for Defendants MORTGAGEIT, DEUTSCHE BANK, and HSBC

6   (collectively as "INVESTOR POOL DEFENDANTS") and acted in concert of action with each

7   and every other Defendant in doing the things hereinafter alleged.

8       85.    Plaintiff, as Successor Trustee, promptly notified Defendant GMAC of

9   CULTON's death.  On or about 12/10/09 at 2:07 p.m., Plaintiff and her husband Robert Wieland

10  called GMAC's Mortgage Loan Servicing Customer Care Department at (866) 725-0782.

11  Defendant GMAC, by and through its representative whose identity is known to GMAC, orally

12  directed Plaintiff and Robert Wieland not to make any payments under the Foreclosure

13  Repayment Agreement.  Further, Defendant GMAC, by and through its representative whose

14  identity is known to GMAC, made an express promise to Plaintiff that GMAC would suspend all

15  foreclosure activity concerning the Subject Property and that GMAC would continue to work

16  with Plaintiff and her husband while GMAC determined how to proceed after CULTON's death.

17  (See Exhibit "I" for telephone calls made to GMAC Mortgage Loan Servicing Customer Care

18  Department at (866) 725-0782 on 12/10/09 and 1/13/11).

19      86.    The representations made by Defendant GMAC to suspend all foreclosure activity

20  concerning the Subject Property while it determined how to proceed after CULTON's death were

21  in fact false.  The true facts were that Defendants and each of them did not suspend foreclosure

22  activities against the Subject Property.  Instead, on or about January 28, 2010, GMAC, in concert

23  of action with each and every remaining Defendant caused Defendant ETS to wrongfully

24  foreclose against the Subject Property pursuant to the Notice of Sale dated July 2, 2009 (Exhibits

25  "G" and "K").

26      87.    When Defendant GMAC made these representations to Plaintiff, GMAC knew

27  them to be false and made these representations with the intention to deceive and defraud

28  Plaintiff and to induce Plaintiff to act in reliance on these representations in the manner hereafter

1    alleged, or with the expectation that Plaintiff would so act. Defendant GMAC knew or should

2    have known to stay the foreclosure proceedings against the Subject Property.

3        88.    Plaintiff, at the time said representations was made by Defendant GMAC and at

4    the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant's

5    representations and believed them to be true. In reliance on these representations, Plaintiff was

6    induced to not, and did not, make the monthly payments pursuant to the Foreclosure Repayment

7    Agreement and her subsequent express agreement with GMAC. Had Plaintiff known the actual

8    facts, Plaintiff would have made the payments pursuant to the Foreclosure Repayment

9    Agreement or offered full tender of the arrearage at that time, to ensure the Subject Property was

10   not foreclosed upon. Plaintiff's reliance on Defendant GMAC Loan Servicing Customer Care

11   agent's  representations was justified because Plaintiff had no reason to believe Defendant

12   GMAC would wrongfully foreclose against the Subject Property while Plaintiff was ready,

13   willing and able to make payments pursuant to the Foreclosure Repayment Agreement. While

14   Plaintiff was having the above-described discussions with Defendant GMAC, Plaintiff was

15   working on, and making alterations and improvements to, the Subject Property.

16       89.    As a direct and proximate result of the fraudulent conduct of Defendants GMAC

17   as herein alleged, Plaintiff was damaged in a sum according to proof at trial.

18       90.    The aforementioned conduct of Defendant GMAC was an intentional

19   misrepresentation, deceit, or concealment of a material fact known to the Defendant with the

20   intention on the part of Defendant of thereby depriving Plaintiff of property or legal rights or

21   otherwise causing injury, and was despicable conduct that subjected Plaintiff to a cruel and

22   unjust hardship in conscious disregard of Plaintiff's rights, so as to justify an award of exemplary

23   and punitive damages.

24                          **FOURTH CAUSE OF ACTION**

25                      **(Negligent Misrepresentation as Against**

26       **Defendants GMAC, MORTGAGEIT, DEUTSCHE BANK, HSBC, MERS, ETS**

27                          **and DOES 1 through 50, Inclusive)**

28       91.    Plaintiff realleges and incorporates Paragraphs Nos. 1 through 89, inclusive, as

                                  18

1  though fully set forth herein.

2      92.    Plaintiff is informed and believes and thereon alleges that GMAC is the duly

3  qualified agent of Defendant MORTGAGEIT. Plaintiff is further informed and believes and

4  thereon alleges that MORTGAGEIT, as principal, is liable for GMAC's acts and omissions

5  alleged herein.

6      93.    Plaintiff is informed and believes and thereon alleges that GMAC is the duly

7  qualified agent of Defendant DEUTSCHE BANK. Plaintiff is further informed and believes and

8  thereon alleges that DEUTSCHE BANK, as principal, is liable for GMAC's acts and omissions

9  alleged herein.

10     94.    Plaintiff is informed and believes and thereon alleges that GMAC is the duly

11 qualified agent of Defendant HSBC. Plaintiff is further informed and believes and thereon

12 alleges that HSBC, as principal, is liable for GMAC's acts and omissions alleged herein.

13     95.    Plaintiff is informed and believes and thereon alleges that GMAC is the duly

14 qualified agent of Defendant MERS. Plaintiff is further informed and believes and thereon

15 alleges that MERS, as principal, is liable for GMAC's acts and omissions alleged herein.

16     96.    Plaintiff is informed and believes and thereon alleges that at all times herein

17 alleged, Defendant GMAC, as loan servicer, was acting as an authorized agent and was acting

18 within the course and scope of such agency of MORTGAGEIT, DEUTSCHE BANK, HSBC and

19 MERS (collectively as "BENEFICIARIES") under the Subject First Deed of Trust. Plaintiff is

20 further informed and believes and thereon alleges that Defendants GMAC financially benefitted

21 as the loan servicer agent for Defendants MORTGAGEIT, DEUTSCHE BANK, and HSBC

22 (collectively as "INVESTOR POOL DEFENDANTS") and acted in concert of action with each

23 and every other Defendant in doing the things hereinafter alleged.

24     97.    Plaintiff, as Successor Trustee, promptly notified Defendant GMAC of

25 CULTON's death. On or about 12/10/09 at 2:07 p.m., Plaintiff and her husband Robert Wieland

26 called GMAC's Mortgage Loan Servicing Customer Care Department at (866) 725-0782.

27 Defendant GMAC, by and through its representative whose identity is known to GMAC, orally

28 directed Plaintiff and Robert Wieland not to make any payments under the Foreclosure

THIRD AMENDED COMPLAINT

1  Repayment Agreement.  Further, Defendant GMAC, by and through its representative whose

2  identity is known to GMAC, made an express promise to Plaintiff that GMAC would suspend all

3  foreclosure activity concerning the Subject Property and that GMAC would continue to work

4  with Plaintiff and her husband while GMAC determined how to proceed after CULTON's death.

5  (See Exhibit "I" for telephone calls made to GMAC Mortgage Loan Servicing Customer Care

6  Department at (866) 725-0782 on 12/10/09 and 1/13/11).

7       98.    The representations made by Defendant GMAC were in fact false.  The true facts

8  were that Defendant did not suspend all foreclosure activities against the Subject Property.

9  Instead, on or about January 28, 2010, GMAC, in concert of action with each and every

10  remaining Defendant caused Defendant ETS to wrongfully foreclose against the Subject Property

11  pursuant to the Notice of Sale dated July 2, 2009 (Exhibits "G" and "K").  Defendant GMAC

12  knew or should have known to stay the foreclosure proceedings against the Subject Property.

13       99.    Defendant GMAC made these representations with the intention of inducing

14  Plaintiff to act in reliance on these representations in the manner hereafter alleged, or with the

15  expectation that Plaintiff would so act.

16       100.    Plaintiff, at the time said representations were made by Defendant GMAC and at

17  the time Plaintiff took the actions herein alleged, was ignorant of the falsity of Defendant

18  GMAC's representations and believed them to be true. In reliance on these representations,

19  Plaintiff was induced to not, and did not, make the monthly payments pursuant to the Foreclosure

20  Repayment Program or the express agreement Plaintiff entered into with GMAC. Had Plaintiff

21  known the actual facts, Plaintiff would have made the payments pursuant to the Foreclosure

22  Repayment Agreement, or offer full tender of the arrearages at that time, to ensure the Subject

23  Property was not foreclosed upon.  Plaintiff's reliance on Defendant GMAC's representations

24  was justified because she had no reason to believe Defendant GMAC would wrongfully foreclose

25  against the Subject Property while Plaintiff was ready, willing and able to make payments

26  pursuant to the Foreclosure Repayment Program or the express agreement with GMAC.  While

27  Plaintiff was having the above-described discussions with Defendant GMAC, Plaintiff was

28  working on, and making alterations and improvements to, the Subject Property.

101.    As a direct and proximate result of the fraudulent conduct of Defendant GMAC as herein alleged, Plaintiff was damaged in a sum according to proof at trial.

WHEREFORE, Plaintiff prays judgment against Defendants, and each of them, as follows:

On the First Cause of Action:

    1.    General and special damages in a sum to be determined according to proof.

On the Second Cause of Action:

    1.    General and special damages in a sum to be determined according to proof.

    2.    Punitive damages according to proof.

On the Third Cause of Action:

    1.    General and special damages in a sum to be determined according to proof.

    2.    Punitive damages according to proof.

On the Fourth Cause of Action

    1.    General and special damages in a sum to be determined according to proof.

On All Causes of Action:

    1.    For costs of suit herein incurred.

    2.    For attorneys' fees and costs as allowed by law and statute, according to proof.

    3.    For prejudgment interest at the legal rate from the date first allowable by law.

    4.    For such other and further relief as the Court deems just and proper.

Dated: December 3, 2012                    WILDISH & NIALIS

By: _____
    MARK A. NIALIS
    RONDINE E. MACADAEG
    Attorney for Plaintiff
    JACQUELINE O. WIELAND, as Trustee of
    THE MARSHELL O. CULTON
    REVOCABLE LIVING TRUST DATED
    APRIL 28, 2005 and as Successor In Interest
    of Marshell O. Culton

L:\5005 (3971)\Pld\Complaint.04 (TAC).wpd

THIRD AMENDED COMPLAINT

*Exhibit F*

Branch :1LA,User :AD16          Order: 0000000  Title Officer: 00   Comment:                    Station Id :XT15

**This page is part of your document - DO NOT DISCARD**



## 20090459490



Pages:
*0003*

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**03/31/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 14.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 14.00 |



L E A D S H E E T



200903310220012

00000280283



002036665

SEQ:
22

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED          t35

Branch :1LA,User :AD16          Order: 0000000  Title Officer: 00  Comment:          Station Id :XT15



03/31/2009

*20090459490*

RECORDING REQUESTED BY:

LSI TITLE COMPANY, INC.

WHEN RECORDED MAIL TO:
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

TS No.: GM-196566-C     Loan No.: 0713280846          SPACE ABOVE THIS LINE FOR RECORDER'S USE

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

### IMPORTANT NOTICE

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS IT MAY BE SOLD WITHOUT ANY COURT ACTION,** and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).

This amount is $25,886.23 as of 3/27/2009, and will increase until your account becomes current. While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition of reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the three month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise; or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in the first paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of your property by paying the entire amount demanded by your creditor. To find out the amount you must pay, or to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.
C/O ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120
(818) 260-1600 phone

Branch :1LA,User :AD16 · Order: 0000000  Title Officer: 00  Comment: Station Id :XT15

TS NO.: GM-196568-C          LOAN NO.: 0713280848

## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale provided the sale is concluded prior to the conclusion of the foreclosure.

### Remember, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION.

NOTICE IS HEREBY GIVEN: That **Executive Trustee Services, LLC dba ETS Services, LLC** is either the original trustee, the duly appointed substituted trustee, or acting as agent for the trustee or beneficiary under a Deed of Trust dated **4/30/2007**, executed by **MARSHELL O CULTON, AN UNMARRIED WOMAN**, as Trustor, to secure certain obligations in favor of **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**, as beneficiary, recorded 5/8/2007, as Instrument No. 20071113044, in Book , Page , of Official Records in the Office of the Recorder of Los Angeles County, California describing land therein as:

AS MORE FULLY DESCRIBED IN SAID DEED OF TRUST

including **ONE NOTE FOR THE ORIGINAL** sum of **$970,000.00** ; that the beneficial interest under such Deed of Trust and the obligations secured thereby are presently held by the undersigned; that a breach of, and default in, the obligations for which such Deed of Trust is security has occurred in that payment has not been made of:

Installment of Principal and Interest plus impounds and/or advances which became due on 11/1/2008 plus late charges, and all subsequent installments of principal, interest, balloon payments, plus impounds and/or advances and late charges that become payable.

That by reason thereof, the present beneficiary under such deed of trust, has executed and delivered to said duly appointed Trustee, a written Declaration of Default and Demand for same, and has deposited with said duly appointed Trustee, such deed of trust and all documents evidencing obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

The undersigned declares that the beneficiary or its authorized agent has declared that they have complied with California Civil Code Section 2923.5 by making contact with the borrower or tried with due diligence to contact the borrower as required by California Civil Code Section 2923.5.

Dated: 3/27/2009

ETS Services, LLC AS AGENT FOR
BENEFICIARY

BY:  _____Mldebelen_____

Maria DeBelen
TRUSTEE SALE OFFICER

*Exhibit G*



**This page is part of your document - DO NOT DISCARD**



## 20090999746

Pages:
0003

**Recorded/Filed In Official Records
Recorder's Office, Los Angeles County,
California**

**07/02/09 AT 08:00AM**

| | |
|---|---|
| FEES: | 15.00 |
| TAXES: | 0.00 |
| OTHER: | 0.00 |
| PAID: | 15.00 |



L E A D S H E E T



200907020140005

00000802984



002185917

SEQ:
09

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED          T35



Branch :1LA,User :AD16    Order: 0000000  Title Officer: 00  Comment:    Station Id :XTJ5

RECORDING REQUESTED BY
ETS Services, LLC

AND WHEN RECORDED MAIL TO:
ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120

T.S. No. GM-196568-C
Loan No. 0713280846

SPACE ABOVE THIS LINE FOR RECORDER'S use

## NOTICE OF TRUSTEE'S SALE

**YOU ARE IN DEFAULT UNDER A DEED OF TRUST DATED 4/30/2007. UNLESS YOU TAKE ACTION TO PROTECT YOUR PROPERTY, IT MAY BE SOLD AT A PUBLIC SALE. IF YOU NEED AN EXPLANATION OF THE NATURE OF THE PROCEEDING AGAINST YOU, YOU SHOULD CONTACT A LAWYER.**

A public auction sale to the highest bidder for cash, cashier's check drawn on a state or national bank, check drawn by a state or federal credit union, or a check drawn by a state or federal savings and loan association, or savings association, or savings bank specified in Section 5102 of the Financial Code and authorized to do business in this state, will be held by the duly appointed trustee. The sale will be made, but without covenant or warranty, expressed or implied, regarding title, possession, or encumbrances, to satisfy the obligation secured by said Deed of Trust. The undersigned Trustee disclaims any liability for any incorrectness of the property address or other common designation, if any, shown herein.

TRUSTOR:MARSHELL O CULTON, AN UNMARRIED WOMAN
Recorded 5/8/2007 as Instrument No. 20071113044 in Book , page  of
Official Records in the office of the Recorder of Los Angeles County, California.
Date of Sale:7/27/2009 at 10:30 AM
Place of Sale:    At the west side of the Los Angeles County Courthouse,   directly facing
                  Norwalk Blvd., 12720 Norwalk Blvd., Norwalk, California
Property Address is purported to be:    830 WEST ORANGE GROVE AVENUE
                                        ARCADIA, CA 91006

APN #: 5769-015-007

The total amount secured by said instrument as of the time of initial publication of this notice is $1,075,490.40, which includes the total amount of the unpaid balance (including accrued and unpaid interest) and reasonable estimated costs, expenses, and advances at the time of initial publication of this notice.

Pursuant to California Civil Code §2923.54 the undersigned, on behalf of the beneficiary, loan servicer or authorized agent, declares as follows:

[ 1 ] The mortgage loan servicer has obtained from the commissioner a final or temporary order of exemption pursuant to Section 2923.53 that is current and valid on the date the notice of sale is filed;
[ 2 ] The timeframe for giving notice of sale specified in subdivision (a) of Section 2923.52 does not apply pursuant to Section 2923.52 or 2923.55.

Branch :JLA,User :AD16                    Order: 0000000   Title Officer: 00   Comment:                    Station Id :XTI5

T.S. No. GM-196568-C
Loan No. 0713280846

Date: 7/1/2009

ETS Services, LLC
2255 North Ontario Street, Suite 400
Burbank, California 91504-3120
Sale Line: 714-730-2727

Sunil Jayasinha, TRUSTEE SALE OFFICER

3

*Exhibit H*

09/17/09

## FORECLOSURE REPAYMENT AGREEMENT

MARSHELL O CULTON

254 ANGELO PL
ARCADIA        CA 91006-1501

RE:    Account Number        0713280846
       Property Address      830 WEST ORANGE GROVE AVENUE
                             ARCADIA        CA 91006-0000

MARSHELL O CULTON ("Customer") and GMAC Mortgage, LLC ("Lender"), in
consideration for the mutual covenants set forth in this Foreclosure Repayment Agreement (the
"Agreement"), hereby agree as follows:

1.    There is an outstanding debt to the Lender pursuant to a note and mortgage or deed of trust
      or equivalent security instrument (the "Mortgage") executed on 05/07/07, in the original
      principal amount of 5970000.00.

2.    The account is presently in default for non-payment to Lender of the 01/01/09 installment
      and all subsequent monthly payments due on the Mortgage for principal, interest,
      escrows and charges.

3.    The amount necessary to cure the default is $57,870.80 plus such additional amounts that
      are presently due under the terms of the loan documents as of  09/17/09, and will increase
      until the default in the account is brought current.

4.    Lender has instituted foreclosure proceedings against the property securing the Mortgage
      indebtedness, which proceedings will continue until the default(s) described herein is/are
      brought current under the terms of the Mortgage, or otherwise cured as provided for in this
      Agreement.

5.    Notwithstanding the foregoing, Lender agrees to suspend but not terminate foreclosure
      activity on the default account, provided we receive the executed Agreement and we
      receive the initial installment in the amount of $2,790.00 no later than 09/26/09. This
      executed Agreement can be mailed or faxed to us at:

09/17/09
Account Number 0713280846
Page Two

GMAC Mortgage, LLC
Attention: Default Payment Processor
3451 Hammond Avenue
Waterloo, IA 50702
Fax: 866-340-5043

6.  Pursuant to your request you agree to pay the remainder of the default, $55,080.80, as indicated in the Payment Schedule enclosed and made a part hereof by reference. Customer understands that payments due under the Payment Schedule may include amounts due for real estate taxes and insurance, and the Payment Schedule amounts may, in such event, have to be increased, at the sole option of the Lender, if the items for such escrow purposes should increase during the duration of the Agreement.

7.  All payments under this Agreement, including the regular monthly payments, shall be made in certified funds or cashier's check, shall include the account number on the Customer's check or on a written attachment to the check, and shall be sent to the following address:

GMAC Mortgage, LLC
Attention: Default Payment Processor
3451 Hammond Avenue
Waterloo, IA 50702

Additional methods of remitting payments under this agreement are:
- Money Gram using a Receive Code of 2365
- Western Union using a Code City and State of Home, IA

If payment is tendered in any other form, Lender may return the payment and invoke any remedies available under the loan documents and this Agreement.

8.  In the event we do not receive timely payment called for under this Agreement, Lender may, without further notice to Customer, undertake or continue collection or foreclosure activities. In such event, any payments tendered under this Agreement shall be applied to the account in the manner specified in the Mortgage, and there will be no right to a refund of the tendered funds. In the event Lender chooses to accept any payment not in the full amount called for under this Agreement, such acceptance shall not be deemed a waiver of Lender's right to declare a default under this Agreement. Upon any default in meeting the terms of this Agreement, any such payments received under the terms of this Agreement shall be applied first against the default in the account, with the excess, if any, then applied according to the terms of the Mortgage. The parties expressly understand and agree time shall be of the essence as to the obligation under this Agreement.

SEP-17-2009  13:25  FROM: AF REHLCHOICES        21481421591           TO: 8663310011              P. 004/006

09/17/09
Account Number 0713280846
Page Three

9. Customer understands and agrees that all other provisions, covenants and agreements set forth in the Mortgage shall remain in force and effect during the duration of this Agreement and thereafter, and this Agreement shall not constitute a modification or extension of the Mortgage.

10. If a notice of a new or subsequent bankruptcy is received during the duration of this Agreement, the Agreement will automatically be voided.

11. Acceptance of any payment hereunder shall not constitute a cure nor be deemed a waiver of the existing default, and in no manner shall such acceptance prejudice any rights of Lender to proceed with the Trustee Sale Action noticed in the Notice of Default, and shall not constitute a violation of California Code of Civil Procedure Section 726.580(a), 580(d) (the One Form of Action Rule), and shall not invalidate the Notice of Default. Customer expressly relinquishes and waives any rights, claims and defenses Customer may have under any of the Code of Civil Procedure Sections or under the Loan with regard to any whole or partial payments, whether current, past or future.

12. If any additional amounts are added to the loan to be collected that have not been addressed in this agreement, those amounts will need to be paid at the conclusion of this agreement.

Notice: This is an attempt to collect a debt, and any information obtained will be used for that purpose. If your debt has been discharged in bankruptcy, our rights are being exercised against the collateral for the above-referenced account, not as a personal liability.

If you have any additional questions, please contact us at 800-850-4622, extension .

Loss Mitigation Department
Loan Servicing

Enclosure

09/17/09
Account Number 0716280846
Page Four

◊**◊◊**◊◊***◊◊◊◊◊***◊◊◊◊◊***CERTIFIED FUNDS ONLY**◊◊◊◊◊◊◊***◊◊◊◊◊◊◊◊◊◊◊◊◊*

NOTE: There is no grace period during this Agreement. Pursuant to your request and in order to cure the default on this account, all payments must be received on or before the due date.

RECEIVED AND AGREED:

_Marshell O Culton_____ (Seal)     _SEPT, 17, 09_____

MARSHELL O CULTON                    Date
Customer

_____              _____

Customer                             Date

Upon receipt of the signed agreement, we as the Servicer will also execute to indicate our concurrence with this agreement.

_____

Servicer

5:15

## SIGN AND RETURN THIS PAGE ONLY

**◊**◊*◊◊*◊◊◊◊◊◊◊◊*◊*◊◊◊◊*◊◊◊◊◊◊◊** FAX TO 866-340-5043 **◊◊◊◊◊◊◊◊◊*◊◊◊◊*◊◊◊◊◊◊◊◊◊◊◊*

SEP-17-2009 13:30 FROM:HF REALCHOICES        2148742197        TO:6263576617        P. 006/006

GMAC Mortgage, LLC                                              PAGE        1
PO Box 780                                                      DATE 09/17/09

Waterloo          IA 50704-0780
                        REPAYMENT AGREEMENT- 713260046

-------------- MAIL -------------------- -------- PROPERTY ----------------

    MARSHELL O CULTON

    754 ANGELO PL                    830 WEST ORANGE GROVE AVENUE

    ARCADIA          CA 91006-1501 ARCADIA          CA 91006-0000

----- DATES ------  ---- CURRENT BALANCES -----  -------- UNCOLLECTED --------
AID TO    12/01/08  PRINCIPAL      1006097.25  LATE CHARGES        1051.42
EXT DUE   01/01/09  ESCROW          -25016.46  OPTIONAL INS           0.00
AST PMT   06/13/09  UNAPPLIED FUNDS   3162.22  INTEREST               0.00
UDIT DT   05/31/07  UNAPPLIED CODES   F         FEES                 370.50
  LAST ACTIVITY     BUYDOWN FUNDS       0.00  DFLT EXP PD          7049.58
    05/17/09        BUYDOWN CODE               DFLT EXP UNPD          0.00

| NT NUM | PLAN PMT DUE DATE | PLAN PMT AMOUNT | AMOUNT TO REG PMT | AMT TO LC/UNCOL | UNAPPLIED BALANCE | FIRST/LAST PMT APPLIED |
| --- | --- | --- | --- | --- | --- | --- |
| 1 | 05/26/09 | 2790.00 | 0.00 | 0.00 | 5952.22 | |
| 2 | 10/26/09 | 2790.00E | 6249.82 | 0.00 | 2492.40 | 01/09 |
| 3 | 11/26/09 | 2790.00 | 0.00 | 0.00 | 5282.40 | |
| 4 | 12/26/09 | 2790.00 | 6249.82 | 0.00 | 1822.58 | 02/09 |
| 5 | 01/26/10 | 66990.74* | 64741.42 | 4071.90 | 0.00 | 03/09 01/10 |

PLAN TOTAL        78150.74

. ESCROW CHANGE  A - ALTERNATIVE LOAN PMT CHANGE   B - BUYDOWN SUBSIDY CHANGE

(WE) AGREE TO THE REPAYMENT SCHEDULE AS SET FORTH ABOVE.  THE AMOUNT OF EACH
YMENT IS SUBJECT TO CHANGE BASED ON SCHEDULED ALTERNATIVE MORTGAGE PMT, ESCROW
OTHER PAYMENT CHANGES.  ALL PROVISIONS OF THE NOTE AND MORTGAGE/DEED OF TRUST
MAIN IN FULL FORCE AND EFFECT.

_____
MSRELL O CULTON

_____

20 CCL1026

*Exhibit I*

# Sprint

|  |  | Customer | Account Number | Bill Period | Bill Date |
|---|---|---|---|---|---|
|  |  | Robert Wieland | 245436617 | Dec 01 - Dec 31 | Jan 04, 2010 |

**A3 of 7**

## Call details

### (626) 975-2810 (Continued)

| | Date | Time | Phone Number | Call Destination | Rate Type | Minutes Used | Total Charges |
|---|---|---|---|---|---|---|---|
| 97 | 12/09 | 03:04 PM | VoiceMail | ALHAMBRA,CA | PU | 1 | |
| 98 | 12/09 | 03:18 PM | VoiceMail | ALHAMBRA,CA | PU | 2 | |
| 99 | 12/09 | 03:19 PM | 323-350-7629 | LOS ANGELES,CA | PU | 3 | |
| 100 | 12/09 | 03:46 PM | Incoming | | PU | 1 | |
| 101 | 12/09 | 04:00 PM | VoiceMail | ALHAMBRA,CA | PU | 1 | |
| 102 | 12/09 | 04:10 PM | 281-358-3108 | HMBLSCHML,TX | FC | 4 | |
| 103 | 12/09 | 05:13 PM | 519-293-3776 | Incoming | PU | 9 | |
| 104 | 12/09 | 05:14 PM | 414-281-5864 | MILWAUKEE,WI | PU | 7 | |
| 105 | 12/10 | 11:35 AM | VoiceMail | ALHAMBRA,CA | PU | 1 | |
| 106 | 12/10 | 11:44 AM | 626-353-5416 | ARCADIA,CA | PU | 2 | |
| 107 | 12/10 | 11:45 AM | 626-353-5416 | ARCADIA,CA | PU | 1 | |
| 108 | 12/10 | 11:47 AM | 519-293-3776 | Canada,ON | LD | 2 | $0.18 |
| 109 | 12/10 | 11:50 AM | 814-932-8193 | ALTOONA,PA | PU | 3 | |
| 110 | 12/10 | 12:19 PM | 323-350-7629 | LOS ANGELES,CA | PU | 3 | |
| 111 | 12/10 | 01:02 PM | 866-725-0782 | TollFree/Tel | PU | 1 | |
| 112 | 12/10 | 02:05 PM | VoiceMail | ALHAMBRA,CA | PU | 1 | |
| 113 | 12/10 | 02:07 PM | 866-725-0782 | TollFree/Tel | PU | 3 | |
| 114 | 12/10 | 03:26 PM | 814-932-8193 | Incoming | PU | 2 | |
| 115 | 12/10 | 03:34 PM | 323-350-7629 | LOS ANGELES,CA | PU | 2 | |
| 116 | 12/10 | 04:39 PM | 414-281-5864 | MILWAUKEE,WI | PU | 12 | |
| 117 | 12/10 | 05:15 PM | 519-293-7629 | LOS ANGELES,CA | PU | | |
| 118 | 12/10 | 09:30 PM | 831-869-8245 | MONTEREY,CA | NW/PU | 4 | |
| 119 | 12/11 | 10:42 AM | 519-293-3776 | Canada,ON | LD | 1 | $0.09 |
| 120 | 12/11 | 04:59 PM | 814-932-8193 | Incoming | PU | 2 | |
| 121 | 12/12 | 09:37 PM | 814-419-0188 | Incoming | NW/PU | 3 | |
| 122 | 12/12 | 09:39 PM | 626-793-7300 | PSDN MAIN,CA | NW/PU | 1 | |
| 123 | 12/12 | 10:56 PM | 213-200-0842 | LOS ANGELES,CA | NW/PU | 1 | |
| 124 | 12/13 | 02:19 PM | 519-293-3776 | Incoming | NW/PU | 38 | |
| 125 | 12/13 | 10:32 PM | VoiceMail | ALHAMBRA,CA | NW/PU | 1 | |
| 126 | 12/14 | 12:51 PM | 310-993-1000 | BEVERLYHLS,CA | PU | 2 | |
| 127 | 12/14 | 12:54 PM | 519-293-3776 | Canada,ON | LD | 3 | $0.18 |
| 128 | 12/14 | 03:14 PM | 310-993-1000 | Incoming | PU | 1 | |
| 129 | 12/14 | 06:54 PM | 519-293-3776 | Incoming | PU | 15 | |
| 130 | 12/14 | 07:34 PM | 814-932-8193 | ALTOONA,PA | PU | 2 | |
| 131 | 12/15 | 10:47 AM | 909-829-5213 | Incoming | PU | 1 | |
| 132 | 12/15 | 10:52 AM | 562-846-0622 | Incoming | NW/PU | 4 | |

0024-83 6/8

| | | | | | |
|---|---|---|---|---|---|
| 133 | 12/15 11:15 AM | Unavailable | Incoming | AMPU | 1 |
| 134 | 12/15 11:17 AM | Unavailable | Incoming | AMPU | 1 |
| 135 | 12/15 11:17 AM | 814-932-8193 | ALTOONA,PA | AMPU | 8 |
| 136 | 12/15 11:18 AM | 814-932-8193 | ALTOONA,PA | AMPU | |
| 137 | 12/15 11:39 AM | 856-498-5619 | Incoming | PU | 1 |
| 138 | 12/15 11:43 AM | 856-498-5619 | VINELAND,NJ | PU | 4 |
| 139 | 12/15 12:16 PM | 732-357-7629 | Incoming | PU | 2 |
| 140 | 12/15 01:06 PM | 519-293-3776 | Incoming | PU | 1 |
| 141 | 12/15 01:43 PM | 562-806-6422 | WHITTIER,CA | PU | 8 |
| 142 | 12/15 01:51 PM | VoiceMail | ALHAMBRA,CA | PU | 2 |
| 143 | 12/15 02:20 PM | 562-862-6177 | Incoming | PU | |

PU - Plan/Promotional Usage    FC - Free Call    LD - Long Distance Charges    NW - Night and Weekends
AM - Off Network - Included in America Plan

# Sprint

## Call details

### (626) 975-2810 (Continued)

**Customer:** Robert Wieland
**Account Number:** 245436617
**Bill Period:** Jan 01 - Jan 31
**Bill Date:** Feb 04, 2C10

**A3 of 9**

| | Date | Time | Phone Number | Call Destination | Rate Type | Minutes Used | Total Charges |
|---|---|---|---|---|---|---|---|
| 96 | 01/11 | 11:19 AM | 626-447-2155 | Incoming | PU | 1 | |
| 97 | | | | VAN NUYS,CA | PU | | |
| 98 | 01/11 | 12:29 PM | 818-481-7458 | VAN NUYS,CA | PU | 25 | |
| 99 | | | | SANTA ANA,CA | PU | | |
| 100 | 01/11 | 12:56 PM | 714-832-2950 | SANTA ANA,CA | PU | 5 | |
| 101 | | | | Incoming | PU | | |
| 102 | 01/11 | 01:00 PM | 714-832-2950 | SANTA ANA,CA | PU | | |
| 103 | 01/11 | | 818-481-7458 | VAN NUYS,CA | PU | | |
| 104 | 01/11 | 01:10 PM | 519-293-3776 | Canada,ON | LD | 2 | $0.18 |
| 105 | | | | BAMMEL,TX | PU | | |
| 106 | 01/11 | 01:53 PM | 832-473-1494 | BAMMEL,TX | PU | 4 | |
| 107 | | | | Incoming | PU | | |
| 108 | 01/11 | 02:02 PM | 831-869-8245 | MONTEREY,CA | PU | 7 | |
| 109 | | | | ROSELLE,IL | PU | | |
| 110 | 01/11 | 03:05 PM | 713-724-3600 | HOUSTON,TX | PU | 3 | |
| 111 | | | | SCRANTON,PA | PU | | |
| 112 | 01/11 | 03:18 PM | 570-815-1626 | SCRANTON,PA | PU | 3 | |
| 113 | | | | Incoming | PU | | |
| 114 | 01/11 | 07:03 PM | 562-846-0622 | WHITTIER,CA | PU | 3 | |
| 115 | | | | Incoming | PU | | |
| 116 | 01/12 | 01:16 PM | 626-445-0271 | Incoming | PU | 2 | |
| 117 | 01/12 | | | LOS ANGELES,CA | PU | | |
| 118 | 01/12 | 01:41 PM | 814-932-8193 | ALTOONA,PA | PU | 4 | |
| 119 | 01/12 | | | BEVERLY HLS,CA | PU | | |
| 120 | 01/12 | 01:55 PM | 310-993-1000 | BEVERLY HLS,CA | PU | 1 | |
| 121 | 01/12 | | 310-993-1000 | BEVERLY HLS,CA | PU | | |
| 122 | 01/12 | 02:55 PM | 519-293-3776 | Incoming | PU | 2 | |
| 123 | 01/12 | | 213-219-7435 | LOS ANGELES,CA | PU | | |
| 124 | 01/12 | 03:21 PM | 760-217-0754 | VICTORVL,CA | PU | 2 | |
| 125 | 01/12 | | 814-932-8193 | ALTOONA,PA | PU | | |
| 126 | 01/12 | 03:31 PM | 814-932-8193 | ALTOONA,PA | PU | 4 | |
| 127 | | | | Incoming | PU | | |
| 128 | 01/12 | 04:03 PM | 814-932-8193 | ALTOONA,PA | PU | 2 | |
| 129 | | | | ARCADIA,CA | PU | | |
| 130 | 01/12 | 04:32 PM | 626-353-5416 | ARCADIA,CA | PU | 5 | |
| 131 | | | | ALTOONA,PA | PU | | |
| 132 | 01/12 | 06:44 PM | 800-669-0102 | Incoming | PU | 1 | |



| | | | | | | |
|---|---|---|---|---|---|---|
| 133 | 01/12 | | 800-669-0102 | Incoming | PU | 1 |
| | 01/12 | | Toll Free Call | | PU | 8 |
| 134 | 01/12 | 06:53 PM | 626-375-0355 | Incoming | PU | 10 |
| 135 | 01/12 | 08:25 PM | ...-257-4434 | LOS ANGELES,CA | PU | 5 |
| 136 | 01/12 | 09:21 PM | VoiceMail | ALHAMBRA,CA | NW/PU | 6 |
| 137 | 01/13 | 10:02 AM | ...-857-4000 | Incoming | PU | |
| 138 | 01/13 | 10:04 AM | 626-353-5416 | ARCADIA,CA | PU | 1 |
| 139 | 01/13 | 11:14 AM | ...-625-8478 | Incoming | PU | 9 |
| 140 | 01/13 | 12:39 PM | 909-994-7299 | ONTARIO,CA | PU | 12 |
| 141 | 01/13 | 12:50 PM | 626-355-5456 | ARCADIA,CA | PU | |
| 142 | 01/13 | 01:31 PM | 814-932-8193 | Incoming | PU | 10 |
| 143 | 01/13 | | Toll Free Call | | PU | |

PU - Play/Promotional Usage    CW - Call Writing    LD - Long Distance Charges    NW - Night and Weekends

Exhibit J

## GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

01/08/10

MARSHELL O CULTON

254 ANGELO PL
ARCADIA          CA 91006-1501

RE:    Account Number        0713280846
       Property Address      830 WEST ORANGE GROVE AVENUE
                             ARCADIA          CA 91006-0000

Dear   MARSHELL O CULTON

The repayment plan we previously established at your request has been canceled for one or
more of the following reasons:

    [[]]   The payment received does not represent the correct amount as specified in the
signed repayment agreement.

    [[x]]  The payment was not received by the payment due date as specified in the
signed repayment agreement.

    [[]]   The signed repayment agreement has not been received.

    [[]]   The required contribution has not been received.

Notice -- This is an attempt to collect a debt and any information obtained will be used for that
purpose. If your debt has been discharged in bankruptcy, our rights are being exercised against
the collateral for the above-referenced loan, not as a personal liability.

At this time, the default proceedings will resume. If you wish to discuss the status of your
account or the canceled payment plan, please contact the Loss Mitigation Department at
800-850-4622, extension .

Loss Mitigation Department
Loan Servicing

5:86

*Exhibit K*

This page is part of your document - DO NOT DISCARD



## 20100170064



**Pages:
0004**

Recorded/Filed in Official Records
Recorder's Office, Los Angeles County,
California

**02/05/10 AT 11:52AM**

| | |
|---|---|
| FEES: | 21.00 |
| TAXES: | NFPR |
| OTHER: | 0.00 |
| PAID: | NFPR |



**LEADSHEET**



201002050050040

00001894306

002528522

**SEQ:
01**

DAR - Counter (Hard Copy)

THIS FORM IS NOT TO BE DUPLICATED



Branch :ILA,User :AD16                Order: 0000000  Title Officer: 00  Comment:                                Station Id :XTJ5

RECORDING REQUESTED BY:

AND WHEN RECORDED TO:
GRANDANA LLC/ LAVA ROCK INVESTMENTS LLC
13405 ARTESIA BLVD
CERRITOS, CA 90703

Forward Tax Statements to
the address given above



02/05/2010
*20100170064*

---

SPACE ABOVE LINE FOR RECORDER'S USE

TS # GM-198568-C
LOAN # 0713280846          INVESTOR #: 0000000000000
TITLE ORDER # 080223002-CA-MSI

## TRUSTEE'S DEED UPON SALE

APN 5769-015-007          TRANSFER TAX: $
The Grantee Herein Was Not The Foreclosing Beneficiary.
The Amount Of The Unpaid Debt was $1,078,874.88
The Amount Paid By The Grantee Was
Said Property Is In The City Of ARCADIA, County of Los Angeles

> TRANSFER TAX
> NOT A PUBLIC RECORD

Executive Trustee Services, LLC dba ETS Services, LLC, as Trustee, (whereas so designated in the Deed of Trust hereunder
more particularly described or as duly appointed Trustee) does hereby GRANT and CONVEY to

## GRANDANA LLC/ LAVA ROCK INVESTMENTS LLC

(herein called Grantee) but without covenant or warranty, expressed or implied, all right, title and interest conveyed
to and now held by it as Trustee under the Deed of Trust in and to the property situated in the county of Los Angeles,
State of California, described as follows:

SEE EXHIBIT "A"

This conveyance is made in compliance with the terms and provisions of the Deed of Trust executed by MARSHELL O
CULTON, AN UNMARRIED WOMAN as Trustor, dated 4/30/2007 of the Official Records in the office of the Recorder of
Los Angeles, California under the authority and powers vested in the Trustee designated in the Deed of Trust or as the
duly appointed Trustee, default having occurred under the Deed of Trust pursuant to the Notice of Default and Election to
Sell under the Deed of Trust recorded on  5/8/2007 , instrument number  20071113044 (or Book , Page )
of Official records. Trustee having complied with all applicable statutory requirements of the State of California and
performed all duties required by the Deed of Trust including sending a Notice of Default and Election to Sell within ten days
after its recording and a Notice of Sale at least twenty days prior to the Sale Date by certified mail, postage pre-paid to
each person entitled to notice in compliance with California Civil Code 2924b.

[Page 1 of 2]

Branch :1LA,User :AD16          Order: 0000000  Title Officer: 00  Comment:                                    Station Id :XTJ5

## TRUSTEE'S DEED UPON SALE

3

Trustee's Deed
T.S.# GM-196568-C
Loan # 0713280846
Title Order # 090223002-CA-MSI

All requirements per California Statutes regarding the mailing, personal delivery and publication of copies
of Notice of Default and Election to Sell under Deed of Trust and Notice of Trustee's Sale, and the posting
of copies of Notice of Trustee's Sale have been complied with. Trustee, in compliance with said Notice of
Trustee's sale and in exercise of its powers under said Deed of Trust sold said real property at public auction
on 1/28/2010. Grantee, being the highest bidder at said sale became the purchaser of said property
for the amount bid, being                    in lawful money of the United States, in pro per, receipt there
of is hereby acknowledged in full/partial satisfaction of the debt secured by said Deed of Trust.

In witness thereof,  **Executive Trustee Services, LLC dba ETS Services, LLC.,** as Trustee, has this day, caused its name
to be hereunto affixed by its officer thereunto duly authorized by its corporation by-laws

Date: 1/28/2010

**Executive Trustee Services, LLC dba ETS Services,**
LLC

By:_____
Max A. Garcia, Limited Signing Officer

State of California       } S.S.
County of Los Angeles   }
On 2/3/2010 before me, Gisela A. Clark, Notary Public, personally appeared Max A. Garcia who proved to me on the
basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the
instrument.

I certify under penalty of perjury under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)
Gisela A. Clark

GISELA A. CLARK
Commission # 1662674
Notary Public - California
Los Angeles County
My Comm. Expires May 1, 2010

[Page 2 of 2]

Branch :JLA,User :AD16                Order: 0000000  Title Officer: 00  Comment:                    Station Id :XTJ5

4

**EXHIBIT A**

**LEGAL DESCRIPTION**

REF. NO. GM-186568-C

REAL PROPERTY IN THE CITY OF ARCADIA, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, DESCRIBED AS FOLLOWS:

THAT PORTION OF LOT 2 OF TRACT 948, IN THE CITY OF ARCADIA, AS PER MAP RECORDED IN BOOK 17 PAGE 21 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY, DESCRIBED AS FOLLOWS:

COMMENCING AT A POINT IN THE NORTH LINE OF SAID LOT 2, SAID POINT BEING THE NORTHWEST CORNER OF THAT PARCEL OF LAND CONVEYED TO NORMAN CHANDLER ET UX., AND DESCRIBED IN DEED RECORDED IN BOOK 15466 PAGE 274, OFFICIAL RECORDS; THENCE SOUTH 88 DEGREES 53' 40" WEST ALONG THE NORTH LINE OF SAID LOT 2, 165 FEET TO THE TRUE POINT OF BEGINNING; THENCE SOUTH 88 DEGREES 53' 40" WEST ALONG THE NORTH LINE OF SAID LOT 2, 165 FEET; TO THE TRUE POINT OF BEGINNING; SOUTH 88 DEGREES 53' 40" WEST ALONG THE NORTH LINE OF SAID LOT 2, 165 FEET; THENCE SOUTH 1 DEGREES 06' 20" EAST, 260.66 FEET; THENCE NORTH 88 DEGREES 53' 40" EAST 165 FEET; THENCE NORTH 1 DEGREES 06' 20" WEST, 269.66 FEET TO THE TRUE POINT OF BEGINNING.

*Exhibit L*

Branch :1LA,User :AD16          Order: 0000000   Title Officer: 00   Comment:                    Station Id :XT15



This page is part of your document - DO NOT DISCARD

## 20100263451




Pages:
0003

**Recorded/Filed in Official Records**
Recorder's Office, Los Angeles County,
California

**02/26/10 AT 08:00AM**

| | | |
|---|---|---|
| FEES: | | 22.00 |
| TAXES: | | 0.00 |
| OTHER: | | 0.00 |
| PAID: | | 22.00 |



LEADSHEET



201002260190013

00001984451



002559006

SEQ:
20

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED           t01

LOS ANGELES,CA
Document: D 2010.263451                Page 1 of 3                Printed on 7/2/2012 10:32:13 AM

Branch :ILA,User :AD16                    Order: 0000000    Title Officer: 00    Comment:                    Station Id :XT15

RECORDING REQUESTED BY:

Order No. 106015699-H07
Escrow No. 21107-CT
Parcel No. 5769-015-007

AND WHEN RECORDED MAIL TO:

GRANDANA LLC
12654 MISTY PLACE
CERRITOS, CA 90703



SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS $-0- and CITY $-0-
☐ computed on full value of property conveyed, or
☐ computed on full value less liens or encumbrances remaining at the time of sale.
☐ unincorporated area:    ☒    Arcadia, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged.
Grandana LLC / Lava Rock Investments LLC

hereby GRANT(S) to Grandana LLC, Lava Rock Investments LLC, Mansour Meisami and Manzar Meisami, Husband and Wife and E&A LLC

the following described real property in the County of Los Angeles, State of California:

See Exhibit "A" attached hereto and made a part thereof.

*"This conveyance is to secure a debt, R & T 11921."*

Date    February 18, 2010

Grandana LLC                                          Lava Rock Investments LLC

_____                              _____
By: Grace Hu, Members                                By: Derek Kam, Managing Member


STATE OF CALIFORNIA                    )
                                       )S.S.
COUNTY OF LOS ANGELES                  )

On February 18th, 2010            , before me, Young Eil Kim, Notary Public
personally appeared Grace Hu and Derek Kam who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____    (Seal)



YOUNG EIL KIM
Commission # 1762411
Notary Public - California
Los Angeles County
My Comm. Expires Sep 12, 2011

Mail Tax Statement to SAME AS ABOVE or Address Noted Below

Branch :ILA,User :AD16                Order: 0000000   Title Officer: 00   Comment:                        Station Id :XT15

Order No: 106015659 - H07

EXHIBIT "A"

## LEGAL DESCRIPTION

3

THAT PORTION OF LOT 2 OF TRACT NO. 948, IN THE CITY OF ARCADIA, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 17 PAGE 21 OF MAPS, IN
THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

COMMENCING AT A POINT IN THE NORTH LINE OF SAID LOT 2, SAID POINT BEING THE
NORTHWEST CORNER OF THAT PARCEL OF LAND CONVEYED TO NORMAN CHANDLER ET UX., AND
DESCRIBED IN DEED RECORDED IN BOOK 15466 PAGE 274, OFFICIAL RECORDS; THENCE SOUTH
88 DEGREES 53' 40" WEST ALONG THE NORTH LINE OF SAID LOT 2, 165 FEET TO THE TRUE
POINT OF BEGINNING; THENCE SOUTH 88 DEGREES 53' 40" WEST ALONG THE NORTH LINE OF
SAID LOT 2, 165 FEET; THENCE SOUTH 1 DEGREES 06' 20" EAST, 269.66 FEET; THENCE
NORTH 88 DEGREES 53' 40" EAST 165 FEET; THENCE NORTH 1 DEGREES 06' 20" WEST,
265.66 FEET TO THE TRUE POINT OF BEGINNING.

LGLDESC- 04/24/09

*Exhibit M*

Branch :1LA,User :AD16              Order: 0000000   Title Officer: 00   Comment:              Station Id :XT15

This page is part of your document - DO NOT DISCARD



**20100263452**



Pages:
0005

Recorded/Filed In Official Records
Recorder's Office, Los Angeles County,
California

**02/26/10 AT 08:00AM**

| | |
|---|---|
| FEES: | 28.00 |
| TAXES: | 1,647.80 |
| OTHER: | 0.00 |
| PAID: | 1,675.80 |



**L E A D S H E E T**



201002260190013

00001984452



002559086

**SEQ:**
21

DAR - Title Company (Hard Copy)



THIS FORM IS NOT TO BE DUPLICATED                101

Branch :LA,User :AD16          Order: 0000000  Title Officer: 00  Comment:                    Station Id :XT15

RECORDED AT THE REQUEST OF
CHICAGO TITLE COMPANY

RECORDING REQUESTED BY:
Order No. 106015699-H07
Escrow No. 21107-CT
Parcel No. 5769-015-007



AND WHEN RECORDED MAIL TO:

DAVID/KRUSE
1205 RODEO
ARCADIA, CA 91006

02/26/2010

*20100263452*

_____
SPACE ABOVE THIS LINE FOR RECORDER'S USE



# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S) THAT DOCUMENTARY TRANSFER TAX IS $1,647.80 and CITY $-0-
☒ computed on full value of property conveyed, or
☐ computed on full value less liens or encumbrances remaining at the time of sale,
☐ unincorporated area;          ☒ Arcadia, and

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
Grandana LLC, Lava Rock Investments LLC, Mansour Meisami and Manzar Meisami, Husband and Wife
and E&A LLC

hereby GRANT(S) to   David Robert Kruse and Linda Faye Kruse Co-Trustees of the David and Linda Kruse
                     Community Property Trust, under trust dated 6/26/03

the following described real property in the County of Los Angeles, State of California:
See Exhibit "A" attached hereto and made a part thereof.

Date    February 18, 2010

Grandana LLC                                        E&A LLC

By: Grace Hu, Members                              By: Helen Lin

Lava Rock Investments LLC                           Mansour Meisami

By: Derek Kam, Managing Member                     Manzar Meisami

STATE OF CALIFORNIA        }
                           }S.S.
COUNTY OF LOS ANGELES      }

On February 18th, 2010          , before me, Young Eil Kim, Notary Public
personally appeared Grace Hu and Derek Kam who proved to me on the basis of satisfactory evidence to be the
person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is
true and correct.

WITNESS my hand and official seal.

Signature _____  (Seal)

                              YOUNG EIL KIM
                              Commission # 1762411
                              Notary Public - California
                              Los Angeles County
                              My Comm. Expires Sep 12, 2011

Mail Tax Statement to: SAME AS ABOVE or Address Noted Below

Branch :ILA,User :AD16          Order: 0000000   Title Officer: 00   Comment:          Station Id :XTJ5

# ACKNOWLEDGMENT

3

State of California

County of __Los Angeles__

On __Feb 19th, 2010__ before me, __Young Eil Kim, Notary Public__

(here insert name and title of the officer)

personally appeared __Mansour Meisami and Manzar Meisami__

_____

_____

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity on behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

YOUNG EIL KIM
Commission # 1762411
Notary Public - California
Los Angeles County
My Comm Expires Sep 12, 2011

(Seal)

## OPTIONAL INFORMATION

Description or Title of the Attached Document:: __Grant Deed__

Number of Pages: _____   Document Date: __Feb 10, 2010__

Capacity Claimed by Signer(s):
- ☐ Individual(s)
- ☐ Corporate Officer(s): _____
- ☐ Trustee(s)
- ☐ Attorney-in-Fact
- ☐ Partner(s)
- ☐ Other: _____

Branch :ILA,User :AD16                    Order: 0000000   Title Officer: 00   Comment:                                    Station Id :XTJ5

# ACKNOWLEDGMENT

4

State of California

County of   Los Angeles

On   Feb 22, 2010   before me,   Young Eil Kim, Notary Public
                                  (here insert name and title of the officer)

personally appeared   Helen Lin

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies) and that by his/her/their signature(s) on the instrument the person(s), or the entity on behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____

> YOUNG EIL KIM
> Commission # 1762411
> Notary Public - California
> Los Angeles County
> My Comm. Expires Sep 12, 2011

(Seal)

· · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · · ·

## OPTIONAL INFORMATION

Description or Title of the Attached Document:   Grant Deed

Number of Pages: _____   Document Date:   Feb 18, 2010

Capacity Claimed by Signer(s):
- ☐ Individual(s)
- ☐ Corporate Officer(s): _____
- ☐ Trustee(s)
- ☐ Attorney-in-Fact
- ☐ Partner(s)
- ☐ Other: _____

Branch :JLA,User :AD16              Order: 0000000  Title Officer: 00  Comment:              Station Id :XT15

Order No: 106015699-H07

EXHIBIT "A"

## LEGAL DESCRIPTION

THAT PORTION OF LOT 2 OF TRACT NO. 948, IN THE CITY OF ARCADIA, COUNTY OF LOS
ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 17 PAGE 21 OF MAPS, IN
THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

COMMENCING AT A POINT IN THE NORTH LINE OF SAID LOT 2, SAID POINT BEING THE
NORTHWEST CORNER OF THAT PARCEL OF LAND CONVEYED TO NORMAN CHANDLER ET UX., AND
DESCRIBED IN DEED RECORDED IN BOOK 15466 PAGE 274, OFFICIAL RECORDS; THENCE SOUTH
88 DEGREES 53' 40" WEST ALONG THE NORTH LINE OF SAID LOT 2, 165 FEET TO THE TRUE
POINT OF BEGINNING; THENCE SOUTH 88 DEGREES 53' 40" WEST ALONG THE NORTH LINE OF
SAID LOT 2, 165 FEET; THENCE SOUTH 1 DEGREES 06' 20" EAST, 269.66 FEET; THENCE
NORTH 88 DEGREES 53' 40" EAST 165 FEET; THENCE NORTH 1 DEGREES 06' 20" WEST,
269.66 FEET TO THE TRUE POINT OF BEGINNING.

1
## PROOF OF SERVICE [CCP §1013a]

2
STATE OF CALIFORNIA, COUNTY OF ORANGE

3
    I am employed in the County of Orange, State of California. I am over the age of eighteen years and not a party to the within entitled action; my business address is 500 North

4
State College Boulevard, Suite 1200, Orange, California 92868.

5
    On December 3, 2012, I caused to be served the foregoing document described as **PLAINTIFFS' THIRD AMENDED COMPLAINT FOR 1. BREACH OF CONTRACT;**

6
**2. FRAUD; 3. INTENTIONAL MISREPRESENTATION; 4. NEGLIGENT MISREPRESENTATION.** on the interested parties as follows:

7
### *SEE ATTACHED SERVICE LIST*

8

9
[x]    **BY MAIL [CCP §1013(a)]** By placing [ ] **the original** [x] **a true copy** thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of record or parties in propria

10
persona. I caused such envelope postage thereon fully prepaid to be placed in the United States mail at Orange, California. I am readily familiar with the firm's practice of collection

11
and processing correspondence for mailing. Under that practice it would be deposited with U.S. postal service on that same day with postage thereon fully prepaid at Orange, California

12
in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after

13
date of deposit for mailing in affidavit.

14
[ ]    **BY PERSONAL DELIVERY [CCP §1011(a)]** By placing [ ] **the original** [ ] **a true copy** thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of record or

15
parties in propria persona. I caused such envelope to be delivered to the office of the addressee.

16
[ ]    **BY OVERNIGHT DELIVERY [CCP §1013(a)]** By placing [ ] **the original** [ ] **a true copy** thereof enclosed in a sealed envelope(s) addressed as to the above-named counsel of

17
record or parties in propria persona. I caused such envelope to be deposited in the Federal Express box at 500 North State College Boulevard, Orange,   California, which is regularly

18
maintained by Federal Express, with delivery fees pre-paid and provided for, addressed to the person on whom said document is to be served.

19
[ ]    **BY FACSIMILE TRANSMISSION OR EMAIL [CCP §§1013(e) 1010.6(a)(6)]**

20
Based upon an agreement of the parties to accept service by facsimile transmission or email, I caused said document, along with an unsigned copy of this Declaration to be

21
transmitted to a facsimile machine telephone number or email address as last given by said counsel or party in propria persona as noted above. No error was reported by the

22
fax machine or email program and a true and correct copy of the transmission sheet or email confirmation is attached to the original of this Proof of Service.

23
    I declare under penalty of perjury under the laws of the State of California that the

24
forgoing is true and correct.

25
Dated: December 3, 2012

26
PATTI MARTINEZ

27

28

THIRD AMENDED COMPLAINT

1

*Service List - Page 1*
Re:         Weiland v. GMAC et al.

2

Case No.:    GC048550

3

File No.:    5005 (formerly 3971)

4

5

David M. Liu, Esq.                                  Attorneys for Defendants

6

**SEVERSON & WERSON, P.C.**                         GMAC MORGTGAGE, LLC; EXECUTIVE
19100 Von Karman Avenue, Suite 700                  TRUSTEE SERVICES, LLC, d/b/a ETS
Irvine CA 92612                                     Services LLC, and MORTGAGE

7

T: (949) 442-7110    F: (949) 442-7118              ELECTRONIC REGISTRATION
E: dml@severson.com                                 SYSTEMS, INC.

8

John B. Sullivan, Esq.                              Attorneys for Defendants

9

**SEVERSON & WERSON, P.C.**                         GMAC MORGTGAGE, LLC; EXECUTIVE
One Professional Corporation, One                   TRUSTEE SERVICES, LLC, d/b/a ETS
Embarcadero Center, Suite 2600                      Services LLC, and MORTGAGE

10

San Francisco CA 94111                              ELECTRONIC REGISTRATION
T: (415) 398-3344    F: (415) 956-0439              SYSTEMS, INC.

11

E: jbs@severson.com

12

Erica Yen, Esq.                                     Attorney for Defendant
**REED & SMITH, LLP**                               MORTGAGEIT, INC.

13

355 South Grand Avenue, Suite 2900
Los Angeles, CA 90071

14

T: (213) 457-8000    F: (213) 457-8080
E: eyen@reedsmith.com

15

16

17

18

19

20

21

22

23

24

25

26

27

28

THIRD AMENDED COMPLAINT

## <u>CERTIFICATE OF SERVICE</u>

The undersigned certifies that on October __16__, 2014, a copy of the OPPOSITION TO

THE RESCAP  BORROWER CLAIMS TRUST'S SEVENTY-FIFTH OMNIBUS OBJECTION

TO CLAIMS (NO LIABILITY BORROWER CLAIMS) was served upon the following parties

either electronically or by first class postage prepaid, or by Messenger, as specified:

### By FEDERAL EXPRESS

Chambers of the Honorable Martin Glenn
United States Bankruptcy Court
For the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

### By Electronic Service

<u>Counsel to the ResCap Borrower Claims Trust</u>
Morrison & Foerster LLP
1290 Avenue of the Americas
New York, NY 10104
Attn: Norman S. Rosenbaum, Jordan A. Wishnew, and Jessica J. Arett
Email: Nrosenbaum@mofo.com; Jwishnew@mofo.com; Jarett@mofo.com

<u>Office of the United States Trustee for the Southern District of New York</u>
Office of the United States Trustee
U.S. Federal Office Building
Attn: Linda A. Riffkin and Brian S. Masumoto
201 Varick Street, Suite 1006
New York, NY 10014
Email: Brian.Masumoto@usdoj.gov; Linda.Riffkin@usdoj.gov

///

///

///

///

<u>The ResCap Borrower Claims Trust</u>
Polsinelli, PC
Attn: Daniel J. Flanigan
900 Third Avenue, 21st Floor
New York, NY 10022
Email: dflanigan@polsinelli.com

<u>The ResCap Liquidating Trust</u>
Quest Turnaround Advisors
Attn: Jeffrey Brodsky
800 Westchester Avenue, Suite S-520
Rye Brook, NY 10573
Email: jbrodsky@qtadvisors.com

/s/ Patti Martinez
Legal Secretary
Mark A. Nialis
NIALIS LAW GROUP, APLC
500 N. State College Blvd,. Ste. 1200
Orange, CA 92868
Tel:    (714) 634-8001
Fax:    (714) 634-3869
Email: Mnialis@NialisLaw.com

From:  (714) 634-8001          Origin ID: APVA
Patti Martinez
NIALIS LAW GROUP
500 NORTH STATE COLLEGE BOULEVARD
SUITE 1200
ORANGE, CA 92868



J142214092303uv

Ship Date: 16OCT14
ActWgt: 2.0 LB
CAD: 9055413/INET3550

Delivery Address Bar Code

SHIP TO: (212) 284-4551          BILL SENDER

**Hon. Martin Glenn**
**US Bankruptcy court - SDNY**
**1 Bowling Green**
**Room 501**
**New York, NY 10004**

Ref #
Invoice #      File Number: 5005
PO #
Dept #

FRI - 17 OCT AA
STANDARD OVERNIGHT

TRK#  **7715 2668 4542**
0201

**10004**
NY-US
**EWR**

# XA SXYA





522G1/DF64/8AC9

**After printing this label:**
1. Use the 'Print' button on this page to print your label to your laser or inkjet printer.
2. Fold the printed page along the horizontal line.
3. Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com.FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery,misdelivery,or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim.Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental,consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss.Maximum for items of extraordinary value is $1,000, e.g. jewelry, precious metals, negotiable instruments and other items listed in our ServiceGuide. Written claims must be filed within strict time limits, see current FedEx Service Guide.