```
 1
 2  UNITED STATES BANKRUPTCY COURT
 3  SOUTHERN DISTRICT OF NEW YORK
 4  Case No. 12-12020-mg
 5  - - - - - - - - - - - - - - - - - - - - -x
 6  In the Matter of:
 7
 8  RESIDENTIAL CAPITAL, LLC, et al.,
 9
10              Debtors.
11
12  - - - - - - - - - - - - - - - - - - - - -x
13
14              United States Bankruptcy Court
15              One Bowling Green
16              New York, New York
17
18              October 6, 2014
19              3:05 PM
20
21  B E F O R E:
22  HON. MARTIN GLENN
23  U.S. BANKRUPTCY JUDGE
24
25
```

1
2   Telephone Conference re: Gilbert Claims
3
4   Adjourned Telephonic Case Management/Scheduling Conference
5   Regarding ResCap Borrower Claims Trust's Objection to the
6   Matthews Claim
7
8
9
10
11
12
13
14
15
16
17
18
19
20   Transcribed by:   David Rutt
21   eScribers, LLC
22   700 West 192nd Street, Suite #607
23   New York, NY 10040
24   (973)406-2250
25   operations@escribers.net

1
2  A P P E A R A N C E S :
3  MORRISON & FOERSTER LLP
4      Attorneys for ResCap Borrower Claims Trust
5      250 West 55th Street
6      New York, NY 10019
7
8  BY:   JORDAN A. WISHNEW, ESQ. (TELEPHONICALLY)
9
10
11 LAW OFFICE OF KATHERINE S. PARKER-LOWE
12     Attorney for Rex T. Gilbert, Jr. and Daniela L. Gilbert
13     35 Miss Elecia Lane
14     Suite 101
15     Ocracoke, NC 27960
16
17 BY:   KATHERINE S. PARKER-LOWE, ESQ. (TELEPHONICALLY)
18
19
20
21
22
23
24
25

1                    P R O C E E D I N G S
2             THE COURT:  All right, this is Judge Glenn.  We're on
3    the record in Residential Capital, number 12-12020.  This is a
4    telephone conference regarding the claims of Gilberts and also
5    of Ms. Parker-Lowe.
6             Who do I have on the phone?
7             MR. WISHNEW:  Good afternoon, Your Honor.  Jordan
8    Wishnew, Morrison & Foerster, for the ResCap Borrower Claims
9    Trust.
10            THE COURT:  Good afternoon.
11            And for the Gilberts?
12            MS. PARKER-LOWE:  Katherine Parker-Lowe.
13            THE COURT:  All right, you're not coming through
14   clearly.  You want to say that again?
15            MS. PARKER-LOWE:  Katherine Parker-Lowe for the
16   Gilberts.
17            THE COURT:  All right, thank you.
18            All right, Mr. Wishnew --
19            MR. WISHNEW:  Yes, Your Honor.
20            THE COURT:  -- when we had the status conference last
21   week, during the ResCap omnibus hearing day, Ms. Parker-Lowe
22   was not on the phone.  And so I ordered that this hearing go
23   forward today.  So first, let me ask Mr. Wishnew, have you and
24   Ms. Parker-Lowe discussed and tried to reach agreement on how
25   to proceed?

 1        MR. WISHNEW:  Your Honor, we have discussed how to
 2   proceed.  I can't represent that we have an agreement on
 3   timetable, but I think that we have an agreement in concept on
 4   the exchange of documents and the sequence in which matters
 5   will proceed.  And so if Your Honor wouldn't mind, I will make
 6   a representation to the Court of what I propose and then let
 7   Ms. Parker-Lowe address any concerns she might have.
 8        THE COURT:  Please, go ahead.
 9        MR. WISHNEW:  Okay.  The first -- based upon Your
10   Honor's feedback during last week's hearing, I proposed the
11   following to Ms. Parker-Lowe.  Initially, the Borrower Trust
12   would provide the declaration of Lauren Delehey, including
13   relevant exhibits, to Ms. Parker-Lowe to substantiate the
14   accuracy of the statements in Mr. Stephan's affidavit
15   concerning the identity of the noteholder.  And that will be
16   provided to Ms. Parker-Lowe by Friday, October 17th.
17        Then we were asking that Mr. Parker-Lowe advise us by
18   the following Wednesday, October 22nd, whether she required
19   discovery and intended to take Ms. Delehey's deposition in
20   Pennsylvania, where Ms. Delehey currently works and resides.
21        The Borrower Trust would file its memorandum in
22   support of an objection to disallow the claims by Friday,
23   October 24th.  We would -- discovery would conclude by Friday,
24   November 21st.  And Ms. Parker-Lowe would have the ability to
25   file a response to our objection on or before Friday, December

1  5th.  And we would file any reply two weeks later, on Friday,
2  December 19th.  And then Your Honor, based upon your calendar
3  and availability, would set an evidentiary hearing thereafter.
4         I'm certainly mindful of the Court's case management
5  scheduling order.  But given the narrow scope of issues that
6  remain between the parties, that's why I proposed a truncated
7  schedule, as I just outlined.
8         THE COURT:  All right, Ms. Parker-Lowe, do you want to
9  respond?
10        MS. PARKER-LOWE:  Yes.  I have the template for case
11 management and scheduling order and would respectfully request
12 something more in line with those time lines, given that I am a
13 firm of one, literally.
14        THE COURT:  My observation would be, and I'm not --
15 that's not ruling, but the template for case management
16 scheduling order is usually applicable to an adversary
17 proceeding, which this is not.  This is a proceeding in
18 connection with a claim objection.
19        We're also not writing on a clean slate.  The Court
20 entered an opinion with respect to -- sustaining in part and
21 overruling in part the claim -- the Trust's objection, on
22 November 12th, 2013.  So this matter has been on the Court's
23 calendar, and the issues reasonably well framed, for quite some
24 time.
25        Obviously when the Court previously ruled, back in

 1  2013, there remained, obviously, issues that were open.  And
 2  that's what the Court needs to resolve.
 3           If an evidentiary hearing is required, the Court will
 4  hold one.  If it can be resolved on the pleadings and any
 5  affidavits, the Court will do that.  But I don't see a reason
 6  for an extended schedule.
 7           I am mindful and respect the fact that you're a sole
 8  practitioner.  It is important that as many of the claim issues
 9  as possible get resolved as soon as possible in ResCap, and
10  certainly this is one of them.  I think the biggest issue from
11  the Court's mind is that it was in 2013 that I previously ruled
12  with respect to issues concerning the claim.
13           So let me ask first, Mr. Wishnew, tell me what you
14  believe the issues that remain to be resolved with respect to
15  the Gilberts' claim.  And obviously, Ms. Parker-Lowe's claim
16  for attorney's fees hinges on the outcome of -- at least in the
17  first instance -- on the outcome of the Gilberts' claim.  But
18  why don't you tell me, and I'll give Ms. Parker-Lowe a chance
19  to respond after you address that.
20           MR. WISHNEW:  Thank you, Your Honor.
21           The way the Borrower Trust views the remaining claims
22  is that there is a claim under -- or an alleged claim under the
23  North Carolina Unfair and Deceptive Trade Practices Act as well
24  as a question under the North Carolina Debt Collection Act,
25  which basically deals with the identity of the noteholder.  Was

1  Deutsche Bank the noteholder at the time that GMAC Mortgage
2  began foreclosure proceedings against Ms. Parker-Lowe's
3  clients?  And so that's what we see as, really, the sole
4  remaining issue.
5       And to the extent -- there may be attorney's fees
6  permissible to the extent that the claimants succeed on those
7  claims.  But if we can demonstrate that Deutsche Bank was the
8  noteholder, and we have the documentation to support it, and
9  Ms. Delehey will substantiate that documentation, then we don't
10 believe there is any claim on it under either statute or any
11 resulting claim for attorney's fees.
12      THE COURT:  All right, Ms. Parker-Lowe, do you want to
13 respond to that?
14      MS. PARKER-LOWE:  Yes.
15      We see the remaining claims being a claim under the
16 Unfair and Deceptive Acts or Practices for the advancement of
17 fraudulent affidavits and the claim under the Debt
18 Collection -- North Carolina's Debt Collection Practices Act,
19 again for the advancement of the fraudulent affidavits and for
20 illegal contacts with the Gilberts after they were -- GMAC
21 Mortgage, and others, were on notice that the Gilberts were
22 represented by counsel.
23      THE COURT:  Was that issue -- I don't remember, was
24 that issue raised during the prior proceeding?
25      MS. PARKER-LOWE:  Yes.

1        THE COURT:  Mr. Wishnew, was that previously raised?

2        MR. WISHNEW:  I don't recall that being raised, Your

3   Honor.  And I don't recall Your Honor taking note of that in

4   either one of your orders.

5        THE COURT:  I don't either.  That's why I'm expressing

6   some uncertainty about it.  Certainly the issue about the

7   fraudulent affidavit -- alleged fraudulent affidavit was the

8   principal basis for the Court overruling the Trust's objections

9   in part.

10       You're going to have to -- to the extent you believe

11  that you raised, and that the issue is preserved, of illegal

12  contact with the Gilberts, I'm going to give you one week from

13  today, Ms. Parker-Lowe, to send a letter to the Court setting

14  out the specifics of where that claim was raised and why it

15  remains as part of the Gilberts' remaining claim in the case

16  because I'm definitely drawing a complete blank; I don't

17  remember every hearing about -- it's possible, because this is

18  a 2013 matter, quite a bit of time has passed since the Court

19  dealt with the merits of it.  But I certainly don't remember

20  that.

21       I'm not going to open the door now to injecting a new

22  claim that wasn't raised into the case.  Certainly if you did

23  raise it and if it was not previously ruled on, if there's --

24  but you're going to need to point that out.  I'm going to give

25  you until October 13th at 5 o'clock to send a letter to the

1  Court with a copy to the Trust counsel setting forth the basis
2  for your claim, the assertion of a claim for illegal contact
3  with the Gilberts.
4          Now, with respect to the fraudulent affidavit issue,
5  what, if any, discovery do you believe you need, Ms. Parker-
6  Lowe?
7          MS. PARKER-LOWE:  I was hoping to receive the initial
8  disclosures, pursuant to the Rules of Civil Procedure, and then
9  be better able to advise the Court on that.
10         THE COURT:  Mr. Wishnew, tell me again the dates --
11 the first two dates you proposed were October 17th and
12 October -- or the first three, October 17th, 22, and 24.  What
13 is it that you're proposing the Trust would do by each of those
14 dates?
15         MR. WISHNEW:  Sure.  But the 17th, we would provide a
16 declaration from Ms. Lauren Delehey, who is currently chief
17 litigation counsel at the ResCap liquidating trust --
18         THE COURT:  Okay.
19         MR. WISHNEW:  -- substantiating the accuracy of the
20 statement in Mr. Stephan's affidavit concerning the identity of
21 the noteholder.
22         THE COURT:  Okay.
23         MR. WISHNEW:  That would be provided to Ms. Parker-
24 Lowe by Friday, October 17th.
25         THE COURT:  Okay.

1      MR. WISHNEW:  In turn, we would ask Ms. Parker-Lowe,
2  by Wednesday, October 22nd, if she required discovery and
3  intended to take Ms. Delehey's deposition.  And then we would
4  provide our memorandum of law, arguing why there is no
5  remaining claim by Friday, October 24th.
6      THE COURT:  Okay.  And discovery -- your proposal is
7  all discovery would close November 22nd, that Ms. Parker-Lowe
8  would file any opposition to your memorandum of law by December
9  5th, and you would file the reply by December 19th.
10     MR. WISHNEW:  Yeah.  The only correction I would make
11 to that, Your Honor, is that discovery would conclude Friday,
12 November 21st.
13     THE COURT:  Yeah, that's -- I thought I said that, but
14 maybe I misspoke.  Is there any discovery that the Trust wishes
15 to take in connection with the matter?
16     MR. WISHNEW:  Not that I'm aware of, Your Honor.
17 Basically, Ms. Parker-Lowe is making the allegation that Mr.
18 Stephan's affidavit was fraudulent, based upon his -- based
19 upon allegations of robo-signing.
20     But it's our theory that if we can substantiate the
21 accuracy of the statements within the affidavit, then there is
22 no fraud to speak of, and so no claim.  So I think once we
23 provide our -- once we provide our proofs as to why the
24 statements are accurate, it really comes down to what Ms.
25 Parker-Lowe intends to question us on.

1    THE COURT:  All right.  The one additional date -- I'm
2  going to -- I agree to that proposed schedule.  I think it
3  seems to me to be eminently reasonable.  The one additional --
4  I indicated that Ms. Parker-Lowe has until 5 p.m., October 13th
5  to provide a letter setting forth the basis for a claim for
6  alleged illegal or improper contact with the Gilberts.  After
7  receiving that letter, Mr. Wishnew, if you want to take the
8  Gilberts' deposition, promptly notify Ms. Parker-Lowe, and
9  advise the Court of that in writing.  I think the November 21
10 date for the close of discovery is ample time, if you want to
11 take the Gilberts' deposition, to do that.
12   MR. WISHNEW:  Okay.
13   THE COURT:  But you are to let Ms. Parker-Lowe know
14 promptly, after her October 13th letter, whether there's any
15 discovery that you wish to take.
16   MR. WISHNEW:  Well, I guess, Your Honor, will you
17 either endorse the letter or do some sort of order
18 acknowledging whether the claim is or is not preserved?
19   THE COURT:  Well, here's what I want you to do.
20 First, set forth in a proposed order the dates that we've
21 discussed today.
22   MR. WISHNEW:  Yep.
23   THE COURT:  And share that promptly with Ms. Parker-
24 Lowe.  If after receiving Ms. Parker-Lowe's letter by October
25 13th, there is -- let her know promptly if you want to take the

1  Gilberts' depositions. And if you believe that that issue
2  that's been raised today is not properly preserved, raised or
3  preserved, arrange another conference call with the Court. And
4  if necessary, I will probably order separate briefing on that.
5  But I'll wait and see whether this issue is a real issue in the
6  case or not. As I say, I don't recall that issue ever being
7  raised. It's possible it was. Considerable time has passed
8  since the Court dealt with the issues in the Gilberts' claims.
9  But let's see where we get to.
10            So I guess the two prongs to that, Mr. Wishnew, you'll
11 see Ms. Parker-Lowe's letter on October 13th. If you want
12 discovery, don't wait for the Court to rule on whether the
13 claim is in or out; arrange the discovery. And separately,
14 arrange a conference call with the Court, with Ms. Parker-Lowe,
15 to deal with scheduling of the additional issue.
16            MR. WISHNEW: Understood, Your Honor.
17            THE COURT: I want to deal with -- if there is a
18 dispute about it, I want to deal with it promptly, so that both
19 sides proceed toward a hearing knowing full well what's in the
20 case and what's out of the case. Okay?
21            MR. WISHNEW: Absolutely, Your Honor.
22            THE COURT: All right, Ms. Parker-Lowe, is there
23 anything else you want to raise today?
24            MS. PARKER-LOWE: No.
25            THE COURT: Okay, let me just make one other point.

1   I'm not sure whether I raised this or not.  I just want you to
2   understand that if this matter proceeds to an evidentiary
3   hearing, you and your clients must be present in court.  And
4   any witnesses that you -- well, we can talk it out whether -- I
5   will frequently take direct evidence by declaration or
6   affidavit.  But the declarants have to be present in court for
7   cross-examination.  So there are not long-distance evidentiary
8   hearings.  You and your clients will have to be present for
9   that and any other witnesses you intend to call.
10          If this -- obviously, if this proceeds based on -- if
11  the parties agree that it can proceed based on declarations
12  without the declarants present, that's a different issue; we
13  would take that up at a subsequent time.
14          I won't schedule now when the -- if we have to have --
15  well, we will have a hearing.  The last brief under this
16  schedule, the Trust reply, is December 19th.  In all
17  likelihood, any hearing, evidentiary hearing or hearing on
18  motions will take place in January, not during the holidays.
19          Okay, anything else for today?
20          MR. WISHNEW:  That's all for the Borrower Trust, Your
21  Honor.
22          THE COURT:  All right, so I'll look forward to
23  receiving the proposed scheduling order.
24          MR. WISHNEW:  Very good.
25          THE COURT:  Thank you very much; we're adjourned.

1    MR. WISHNEW:  Okay.  Thank you for your time, Your
2 Honor.
3    (Whereupon these proceedings were concluded at 3:24 PM)

1
2                    C E R T I F I C A T I O N
3
4   I, David Rutt, certify that the foregoing transcript is a true
5   and accurate record of the proceedings.
6
7
8   *[signature: David Rutt]*
9
10  _____
11  DAVID RUTT
12  AAERT Certified Electronic Transcriber CET**D-635
13
14  eScribers
15  700 West 192nd Street, Suite #607
16  New York, NY 10040
17
18  Date:   October 7, 2014
19
20
21
22
23
24
25