# United States Bankruptcy Court
## Southern District of New York
## Manhatten Division

|   |   |
|---|---|
| In Re RESIDENTIAL CAPITAL, LLC, et al, )<br>Debtors ) | Chapter 11 |
| ) | Debtor Case No. 12-12020-MG |
| ) | (consolidated) |

### OPPOSITION TO OBJECTION TO CLAIM[#3862]

## Table of Authorities and Statues

11 U.S.C. § 108(c)(1)..................................................................................................3
11 U.S.C. § 362(a).....................................................................................................3
28 U.S.C. § 1367(d)....................................................................................................3
Cannonball Fund, Ltd. v. Dutchess Capital Management, LLC, 84 Mass.App.Ct. 75, 76, 993 N.E.2d 350, 354 (2013)........................................................................................3
Kattar v. Demoulas, 433 Mass. 1, 13, 739 N.E.2d 246, 257 (2000)...................................4
Mass. G.L.c. 260, § 32................................................................................................3
U.S. Bank, National Association v. Ibanez, 458 Mass. 637, 649, 941 N.E.2d 40, 51 (2011)........................................................................................................................4

Comes now RHONDA GOSSELIN, by and through her attorney Laird J. Heal, Esq., and respectfully offers her response to the Objection included in the Seventy-Fifth Omnibus Objection to Claims[#7552].

-1-

## I. PRELIMINARY STATEMENT

1. This Claim[#3862] is not mentioned in the body of the Objection[#7552] and neither in the two Declarations (Horst, Exhibit 2, and Rosenbaum, Exhibit 3). It is quixotic inserted into the Proposed Order.

2. It is left to the Debtor to glean the allegations from the Proposed Order, which are not even signed. The edict of Rule 9011 is that all pleadings are to be signed by a responsible person. This is not signed and the Court should not give any heed.

3. The Debtor was given a Ballot after the period in which to object to the claim expired. The Confirmation Order therefore gave her status as an Allowed Secured (partly Unsecured) Claim. Notwithstanding, the Movant seeks to expunge the claim based on the language found in the Plan, allowing its own objections to claims filed. A plain reading of those clauses would indicate that the Trust should only object to claims arising after the Petition Date, and which had not been already been decided. Nevertheless, the matter has been put in issue.

## II. FACTUAL BACKGROUND

### A. Time Line for Mortgage

4. The mortgage is given to Mortgage Electronic Systems Inc., and recorded July 31, 2006, with the Hampden County Registry of Deeds (the "Registry") in Book 16085, Page 5.

5. The first assignment is from Mortgage Electronic Systems, Inc. ("MERS"), to Federal National Mortgage Association, recorded June 7, 2008, in Book

17334, Page 3 of the Registry. This was signed by Andrew Harmon, Esq., as an officer of MERS, and the practice he had done in a number of Massachusetts instances, was criticized because he was simultaneously acting as the officer of MERS and also the principal in the law firm, Harmon Law Offices, P.C., prosecuting the foreclosures on those mortgages.

6.     The second assignment was from Federal National Mortgage Association to GMAC Mortgage, LLC, dated October 8, 2012, and recorded October 17, 2012, Book 19499, Page 481 of the Registry.

7.     The third assignment is dated September 5, 2013, and recorded September 11, 2013, in Book 20010, Page 568 of the Registry.

8.     The Proof of Claim was filed on November 9, 2012, i.e., after the second assignment and before the third.

### III. OPPOSITION TO OBJECTION

9.     The narrative in the Proposed Order fails to mention that the Bankruptcy filed in this case, less than one month after the decision in the Massachusetts Bankruptcy Court, barred Ms. Gosselin from filing a successor case, unless she was given relief from the Automatic Stay. Instead, the Claims procedure works in lieu of state litigation.

10.    There is a suggestion that the claims are timed barred. This is incorrect for two reasons. The first is that 28 U.S.C. § 1367(d) allows 30 days filing after a federal court declines jurisdiction of supplemental counts, "unless State law provides for a longer tolling period". The second is that the Massachusetts law, Mass. G.L.c. 260, § 32 allows for a full year to file after a case is dismissed under circumstances such as this. See, e.g.,

*Cannonball Fund, Ltd. v. Dutchess Capital Management, LLC*, 84 Mass.App.Ct. 75, 76, 993 N.E.2d 350, 354 (2013), interpreting the phrase "for any matter of form" as to a matter dismissed other than substance.

11.    The Bankruptcy filing, interposing the Automatic Stay by 11 U.S.C. § 362(a), also creates an extension of the limitations period by operation of 11 U.S.C. § 108(c)(1). At any rate, in respect to the Debtor, GMAC Mortgage, LLC, the liability was fixed when the time for objection to the claims of Ms. Gosselin was expired, and upon the confirmation of the Plan, her rights were established.

12.    Uniquely, despite the continued claim of the discussion in the Proposed Order from pages 41-43, GMAC indeed has the liability for the full amount of the claim, including the rescission claim. The record shows that GMAC accepted the assignment of the mortgage back from FMNA, uniting the equity and the legal significance in Massachusetts, see generally *U.S. Bank, National Association v. Ibanez*, 458 Mass. 637, 649, 941 N.E.2d 40, 51 (2011), where despite the status of a mortgage as a legal theory, the mortgagee's duties as a trustee may not be ignored, such as in *Kattar v. Demoulas*, 433 Mass. 1, 13, 739 N.E.2d 246, 257 (2000), where a foreclosure based on emnity was set aside.

13.    On the facts here, where the mortgage was assigned to the Debtor GMAC Mortgage, LLC, before the Proof of Claim was filed, all of the allegations in the Proof of Claim are properly targeted directly at GMAC, and the suggestions to the contrary is specious.

14.    If necessary, the record of the Adversary Proceeding could be brought to

this Court for inspection. The movant did not bother the Court with this, and the undersigned also omits that for the purpose of this summary hearing, if because the movant has not brought the merits of the matter to the Court. Ms. Gosselin therefore urges the Court to assume that the allegations are thus accurate. The record is for the most part is available on Pacer, other than the deposition of Ms. Gosselin, but the motion has limned other issues. The Complaint simply puts down a prima facie case for rescission, filed before the four-year limitations allowed by Mass. G.L. c. 93A § 9, and after the demand letter sent more than 30 days prior to filing the complaint, and for the atrocious servicing of the Debtor GMAC, highlighted by sending her unendorsed check to a different borrower, whose check in turn was sent to a different borrower, and so on – when Ms. Gosselin had made the payment in a timely manner. She received a check sent from a dentist from Arizona. In the ensuing confusion, GMAC beginning demanding greater and greater amounts, which Ms. Gosselin could not pay.

15.    Ms. Gosselin contacted the undersigned after she received a form letter, and when it turned out to already have an attorney, became at first a pro bono consult, showing the defects in the Truth-In-Lending disclosure and the available of rescission. After that attorney relocated out of Massachusetts, the consultation became into a representation and an amended complaint was filed.

16.    The parties prepared for a Summary Motion hearing. It appeared that the Summary Motion would failed, and many of the defendants arguments were going to be withdrawn. However, the judge surprised each party by opined that because the Chapter 7 Estate had no interest in the matter, he was inclined to dismiss the case without

prejudice.

17. The matter could have thus been filed for the next calendar year, but the Residential Capital and associated bankruptcy cases interceded. If the Court wishes, the dispute could be brought into its halls, and the details is not without interest, but it does not seem that those allegations and the interpretation of the respective laws are not much disputed even in the Motion[#7552]. The reasons that have brought to the Court are limited to the Proposed Order, and are not supported by any verification. There is insufficient reasons for the Court to sustain the Motion[#7552] with respect to Ms. Gosselin's claim[#3862].

18. If the matter is brought to further proceedings, such as an evidentiary hearing, Ms. Gosselin reserve to amend the Proof of Claim as she may be allowed more under the law as are tallied in the Proof of Claim[#3862].

WEHREFORE, Rhonda Gosselin, creditor, asks that the Objection to her Proof of Claim be <u>overruled</u>, and for such other and further relief as the Court should find merited in the interests of justice.

Dated: October 17, 2014

>Respectfully Submitted for
>Rhonda Gosselin
>
>/s/ Laird J. Heal
>Laird J. Heal (pro hac vice)
>120 Chandler Street, Suite 2 R
>Worcester, MA 01609
>508-459-5095
>508-459-5320 (facsimile)
>
>*Counsel to Rhonda Gosselin*

                                      /s/ Laird J. Heal
                                      Laird J. Heal, Esq. BBO# 553901
                                      120 Chandler Street, Suite 2 R
                                      Worcester, MA 01609
                                      508-459-5095
                                      508-459-5320 facsimile
                                      LairdHeal@LH-Law-Office.com

Dated:  October 17, 2014

CERTIFICATE OF SERVICE

I hereby certify that immediately upon receipt of the Notice of Electronic Filing, I will immediately cause service of the within included Motion to Extend Time by first class mail, together with this Certificate of Service, upon any party not shown here as receiving electronic service, namely:

*By Electronic Service*

Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

*By First-Class Mail*

/s/ Laird J. Heal
Laird J. Heal