Hearing Date: October 22, 2014 at 10:00 a.m. (ET)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S OMNIBUS OBJECTION TO KAREN MICHELE ROZIER'S MOTIONS TO STRIKE THE DECLARATIONS OF DEANNA HORST AND YARON SHAHAM IN SUPPORT OF THE OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST TO PROOFS OF CLAIM FILED BY KAREN MICHELE ROZIER (CLAIM NOS. 4738 AND 5632)**

ny-1161094

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits this Objection (the "Objection") to (i) the *Motion to Strike the Declaration of Deanna Horst in Support of the Objection of the ResCap Borrower Claims Trust to Proofs of Claim Filed By Karen Michele Rozier (Claim Nos. 4738 and 5632); Declaration of Karen Michele Rozier in Support Thereof* [Docket No. 7620-7] (the "Motion to Strike Horst Decl."), filed on October 3, 2014, and (ii) the *Motion to Strike the Declaration of Yaron Shaham in Support of the Objection of the ResCap Borrower Claims Trust to Proofs of Claim Filed By Karen Michele Rozier (Claim Nos. 4738 and 5632; Declaration of Karen Michele Rozier in Support Thereof* [Docket No. 7620-3] (the "Motion to Strike Shaham Decl." and together with the Motion to Strike Horst Decl., the "Motions to Strike"), filed on October 3, 2014, and respectfully states as follows:

## PRELIMINARY STATEMENT

1. Deanna Horst ("Horst") and Yaron Shaham ("Shaham," and together with Horst, the "Declarants") provided declarations (the "Horst Declaration," the "Shaham Declaration," and together, the "Declarations") in support of the *Objection of the ResCap Borrower Claims Trust to Proofs of Claim Filed By Karen Michele Rozier (Claim Nos. 4738 and 5632)* [Docket No. 7474, Exhibits 3-A and 3-B] (the "Claims Objection"). In her Motions to Strike, Karen Michele Rozier ("Rozier") argues that the Declarations should be stricken in their entirety because, among other reasons, they contain materially false statements and serious acts of omission in the Declarations themselves, their respective exhibits, and the record of these proceedings. As in her response to the Claims Objection, Rozier not only misconstrues the statements and evidence proffered by the Declarants, but she makes unfounded, unnecessary and baseless accusations against the Declarants in an effort to tarnish their character, reputation, and qualifications.

2. It is unfortunate that Rozier has resorted to lobbing unsubstantiated character attacks on the Declarants instead of defending the validity of her claims and responding on the merits to the Claims Objection. The Motions to Strike are not only frivolous; more importantly, they fail to meet the requisite legal standards required to warrant the Court's striking either the Horst Declaration or the Shaham Declaration.

3. The Horst Declaration was submitted on personal knowledge as to all matters for which the Debtors and/or the Borrower Trust were extensively involved. The Horst Declaration provides compelling evidence of the Borrower Trust's informed judgment of the merits of Rozier's proofs of claim, Claim Nos. 4738 and 5632 (the "Proofs of Claim"), and fully complies with the Federal Rules of Evidence.

4. The Shaham Declaration was also submitted on personal knowledge as to Rozier's litigation history with the Debtors and other named defendants and status of the same. The Shaham Declaration provides evidence that sets forth the procedural posture of the multitude of proceedings initiated by Rozier, and lays the foundation and context for the Borrower Trust's Claims Objection.

## OBJECTION

**I.    Legal Standard.**

5. Under Rule 12(f) of the Federal Rules of Civil Procedure,[1] a court may strike any "insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Fed. R. Civ. P. 12(f). Courts generally disfavor motions to strike, and decline to grant such requested relief "unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Salcer v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984) (citation omitted); *see also Coach, Inc. v. Kmart Corps.*, 756 F.

---

[1] Pursuant to Rule 9032 of the Federal Rules of Bankruptcy Procedure, the Federal Rules of Civil Procedure apply in cases under the Bankruptcy Code.

Supp. 2d 421, 425 (S.D.N.Y. 2010) (citing same); *Lohrenz v. Donnelly*, 223 F. Supp. 2d 25, 39 (D.D.C. 2002), *aff'd*, 350 F.3d 1272 (D.C. Cir. 2003). (denying motion to strike declaration).

6. "The mere fact that testimony is inconsistent is insufficient to justify striking an entire document." *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. 2d 545, 553 (S.D.N.Y. 2013) (referencing *Lohrenz*, 223 F. Supp. 2d at 37 for proposition that "[m]ere inconsistency and contradiction is insufficient to support a motion to strike a document from the record, particularly where, as here, the document that defendants seek to strike is a sworn Declaration signed under penalty of perjury.").

7. Rule 602 of the Federal Rules of Evidence[2] provides that "[a] witness may testify to a matter only if evidence is introduced sufficient to support a finding that the witness has personal knowledge of the matter." Fed. R. Evid. 602. "An affidavit is admissible where 'a reasonable trier of fact could believe the witness had personal knowledge.'" *Trinidad*, 962 F. Supp. at 553 (internal citation omitted). The Court itself is best positioned to determine the usefulness of a proffered declaration, and should determine the weight and usefulness of the declaration in the context of deciding the pleading it supports. *See, e.g., BellSouth Telecommc'ns, Inc. v. W.R. Grace & Co. – Conn.*, 77 F.3d 603, 615 (2d Cir. 1996) (upholding the weight the trial court gave to the proffered affidavits, which were not stricken by the district court); *Ctr. For Auto Safety v. Nat'l Highway Traffic Safety Admin.*, 93 F. Supp. 2d 1, 12 (D.D.C. 2000) (denying motion to strike and stating court can consider declarations and decide what weight to give to it).

II. **The Declarants' Statements Are Properly Based upon Their Own Personal Knowledge, and Also May be Considered by the Court on that Basis.**

8. Horst and Shaham have laid the foundation in the Horst Declaration and Shaham Declaration, respectively, to demonstrate that they have sufficient personal knowledge

---

[2] Pursuant to Rule 9017 of the Federal Rules of Bankruptcy Procedure, the Federal Rules of Evidence apply in cases under the Bankruptcy Code.

of Rozier's asserted claims and litigation history. Therefore, each Declarant is competent to submit a declaration in support of the Borrower Trust's Claims Objection.

### A.    Horst

9.    Horst has detailed her qualifications, including her employment history and current position as Chief Claims Officer for the ResCap Liquidating Trust, as well as the tasks for which she is responsible – namely, claims management and reconciliation (*see* Horst Declaration ¶¶ 1-3). Horst provides the foundation for her knowledge about the contents of the Debtors' books and records, and establishes that she is qualified to testify regarding the Debtors' books and records. Further, her involvement in the claims process throughout the Chapter 11 Cases and her diligent review of Rozier's loan account, the servicing notes maintained in connection with the same, and the Proofs of Claim all speak to her competence and personal knowledge with respect to Rozier's loan history and claims relating thereto. Rozier's unsubstantiated allegation that Horst is neither competent nor qualified to speak to the matters set forth in the Horst Declaration simply because Horst's resume does not match up to her LinkedIn profile is devoid of any merit (*see* Motion to Strike Horst Decl. ¶ 1; *see also* Rozier declaration in support of Motion to Strike Horst Decl. ¶ 5). Additionally, Rozier's allegation that Horst was not competent at her respective prepetition roles with the Debtors (*see id.* ¶¶ 2-3; *see also* Rozier declaration in support of Motion to Strike Horst Decl. ¶ 7) is completely unsubstantiated, as there is no evidence that the quality of Horst's job performance was ever questioned during that time. In fact, over the past two years, Horst's extraordinary efforts supporting the claims reconciliation process of the Debtors, the Liquidating Trust and the Borrower Trust is nothing short of exemplary.

10.    Rozier also objects to the Borrower Trust's submission of the Horst Declaration in the support of the Claims Objection as hearsay. *See* Motion to Strike Horst Decl. ¶ 4. Not only is this argument lacking any objective support, it has been soundly rejected by this Court. *See* Memorandum Opinion and Order Sustaining in Part and Overruling in Part Objection

to Claims 3889, 4129, 4134, and 4139 Filed by Tia Smith, *In re Residential Capital, LLC, et al.*, 12-12020 (MG), n.1 (Bankr. S.D.N.Y. Oct. 1, 2014) [Docket No. 7598] (overruling objection to admissibility of Horst Declaration because it falls within the business records exception to the rule against hearsay).  The Horst Declaration describes the claims reconciliation process carried out under her direction and supervision, and further describes how the Proofs of Claim specifically became the subject of the Claims Objection.  While Horst states that she conferred with others in the process of claims review and reconciliation, she does not repeat their statements.  Moreover, all of the statements made are based on information maintained in the Debtors' books and records, records kept contemporaneously and in the ordinary course of business of the Debtors, which are attached to her declaration and were provided to Rozier.  All of the factual background was recorded in the servicing notes maintained for Rozier's account and publicly available documents.  As a result, these statements and exhibits to the Horst Declaration qualify as an exception to the rule against hearsay under Fed. R. of Evid. 803(6).

      **B.**      **Shaham**

      11.      While Rozier challenges the veracity of Shaham's statements in the Shaham Declaration (as discussed below), she does not challenge the fact that his statements derived from his personal knowledge of the matter based on his involvement with Rozier's litigation since September of 2012.  Upon becoming involved in Rozier's litigation, Shaham has discussed Rozier's claims and case history with colleagues, former employees of the Debtors, and the Liquidating Trust's employees and professionals, among others, and reviewed the factual background, numerous pleadings and court orders, and other materials to become personally familiar with Rozier's matter (*See* Shaham Declaration ¶ 3).  Accordingly, Shaham's statements in the Shaham Declaration are based on his personal knowledge in support of the Claims Objection, and should be deemed admissible for the Court's consideration.

### III. Rozier Fails to Demonstrate a Legal Basis on Which the Motions to Strike Should Be Granted.

12. Rozier makes preposterous and speculative conclusions in her Motion to Strike regarding the Declarants' veracity and the reasons for which certain statements were purportedly included – and purportedly omitted – from the Horst Declaration and Shaham Declaration, respectively. *See, e.g.*, Motion to Strike Horst Decl. ¶¶ 7-14, 17-26 and Rozier declaration in support of Motion to Strike Horst Decl. ¶ 8); *see also* Motion to Strike Shaham Decl. ¶¶ 1-2, 4-8, 9-12 and Rozier declaration in support of Motion to Strike Shaham Decl. ¶¶ 3-12). Rozier's attempt to tarnish the Declarants' character is entirely based on her statements alone, statements that are proven to the contrary by the evidence proffered by the Borrower Trust in the Claims Objection, the exhibits thereto, and the exhibits appended to the Horst Declaration and Shaham Declaration.

13. The Borrower Trust and the Declarants, to the best of their ability, have provided an accurate record[3] complete with information that they deem necessary for the Court to weigh the merits (or lack thereof) of the Proofs of Claim. The fact that Rozier disagrees with what the Borrower Trust and the Declarants deem relevant facts and information to include for this purpose neither proves a disingenuous motive on the part of the Declarants, nor is it grounds to strike either the Horst Declaration or Shaham Declaration. The fact that there exists "inconsistency and contradiction" between Rozier's accounting of events and those set forth in the Declarations "is insufficient to support a motion to strike a document from the record . . . ." *Trinidad v. Pret A Manger (USA) Ltd.*, 962 F. Supp. at 553 (internal citation omitted).

---

[3] The Borrower Trust filed a *Notice of Supplemental Declaration of Deanna Horst in Support of the Objection of the ResCap Borrower Claims Trust to Proofs of Claim Filed by Karen Michele Rozier (Claim Nos. 4738 and 5632)* contemporaneously with the Reply, along with a supplemental declaration from Horst, to correct the record so as to include the proper document as Exhibit 3-A.21. Rozier asserts that the failure to include this Assignment of Deed of Trust, dated January 13, 2012, "constitute[s] a fraud upon the court" (*see, e.g.*, Rozier Declaration in Support of Motion to Strike Horst Decl. ¶ 26). The Borrower Trust, in error, initially included an incorrect document in its place, and seeks to correct the record. Neither the initial inclusion of an incorrect document nor the amendment thereto further substantiates Rozier's arguments as to the merits of the Proofs of Claim and/or bad faith of the Borrower Trust or Horst as related to statements made in support of the Objection; it is merely a corrective measure taken by the Borrower Trust so that the Court has an accurate record before it.

-6-

14. Rozier also claims that Horst not only "conveniently omits certain crucial facts" in connection with Rozier's loan history (*see* Motion to Strike Horst Decl. ¶¶ 7-14; *see also* Rozier declaration in support of Motion to Strike Horst Decl. ¶¶ 8, 17, 23-26, 33, 34), but includes "outright lies." For instance, Rozier claims that in spite of Horst's statement to the contrary (*see* Horst Declaration ¶ 24), "[t]he Buena Park police did not accompany anyone to Rozier's home on September 24, 2012." Motion to Strike Horst Decl. ¶ 20; *see also* Rozier declaration in support of Motion to Strike Horst Decl. ¶ 27. Upon a further review of the Debtors' books and records, the Borrower Trust concedes that the actual date on which the police escort occurred was not September 24, 2012, but instead October 16, 2012, as evidenced by the Certificate of Posting, annexed hereto as Exhibit 1. This Certificate of Posting, made by Hilda Delgado, includes as comments: "5 Buena Park police officers escorted me to the property. One officer walked me to the front door to post the Notice of Trustee Sale." *See id.*

15. Additionally, Rozier claims that contrary to Horst's statements (Horst Declaration ¶ 21), no interest in her loan documents "was ever transferred to Bank of America, National Association, successor by merger to LaSalle Bank, National Association, as Trustee **RAAC** 2007RP1." Motion to Strike Horst Decl. ¶ 19; *see also* Rozier declaration in support of Motion to Strike Horst Decl. ¶ 26. In paragraph 28 of the Claims Objection and paragraph 21 of the Horst Declaration, the Borrower Trust erroneously referred to the depositor to which RFC sold Rozier's loan as the similarly named "RAAC 2007RP1" instead of the actual depositor to which the loan was sold, *i.e.*, "**RAMP 2007-RP1.**"[4] Attached as Exhibit 3-A.14 to the Horst Declaration is a copy of the Assignment of Deed of Trust, dated March 3, 2011, which reflects an assignment from MERS to **RAMP 2007-RP1**. *See* Exhibit 3-A.14 annexed to Horst Declaration.

---

[4] *See Notice of Supplemental Declaration of Deanna Horst in Support of the Objection of the ResCap Borrower Claims Trust to Proofs of Claim Filed by Karen Michele Rozier (Claim Nos. 4738 and 5632)* filed contemporaneously with the Borrower Trust's reply (the "Reply") in support of the Claims Objection; *see also Reply Declaration of Deanna Horst in Support of the Objection of the ResCap Borrower Claims Trust to Proofs of Claim Filed by Karen Michele Rozier (Claim Nos. 4738 and 5632)*, at Exhibit 1 to the Reply, ¶ 5.

16. This March 3, 2011 assignment was followed by an assignment recorded on January 13, 2012. *See* corrected <u>Exhibit 3-A.21</u> annexed to Supplemental Horst Declaration[5] as <u>Exhibit A</u>. The January 13, 2012 assignment indicated BoA, as Trustee for RAMP 2007-RP1, assigned its interest in the Deed of Trust to U.S. Bank, Trustee for RAAC 2007-RP1, and thus reflected the transfer of Rozier's loan from the depositor account to the Trust securitizing the loan, *i.e.*, RAAC 2007-RP1. *See* Reply Declaration of Deanna Horst, annexed as <u>Exhibit 1</u> to the *ResCap Borrower Claims Trust's Reply in Support of Its Objection to Proofs of Claim Filed by Karen Michele Rozier (Claim Nos. 4738 and 5632)* ¶ 5.

17. For these reasons, the Borrower Trust submits that there is no factual or legal basis to grant the Motions to Strike and strike the Declarations from the evidentiary record. Instead, the Court and should determine the weight and usefulness of the respective Declaration within in the context of deciding the Claims Objection they support. *See generally*, *BellSouth Telecommc'ns, Inc. v. W.R. Grace & Co. – Conn.*, 77 F.3d 603.

18. Rozier's attacks as to Horst's character and truthfulness in providing her statements in the Horst Declaration are not only extreme, but unsubstantiated and do not provide evidence to support striking the Horst Declaration. Rozier's attacks on Shaham's professional conduct are similarly unfounded, and Rozier relies solely on statements reflecting her own perspective of events, devoid of evidence that would warrant striking the Shaham Declaration.

[*Remainder of Page Intentionally Left Blank*]

---

[5] The "Supplemental Horst Declaration" is filed as <u>Exhibit 1</u> to the *Notice of Supplemental Declaration of Deanna Horst in Support of the Objection of the ResCap Borrower Claims Trust to Proofs of Claim Filed by Karen Michele Rozier (Claim Nos. 4738 and 5632)*,

## **CONCLUSION**

WHEREFORE, the Borrower Trust respectfully requests that the Court deny the Motion to Strike and grant such other relief as the Court deems just, equitable and proper.

Dated: October 20, 2014  /s/ Norman S. Rosenbaum
New York, New York  Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*