**Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**REPLY DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS OBJECTION TO PROOFS OF CLAIM FILED BY KAREN MICHELE ROZIER**
**<u>(CLAIM NOS. 4738 AND 5632)</u>**

I, Deanna Horst, hereby declare as follows:

1. I am the Chief Claims Officer for The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October of 2013, I became Chief Claims Officer of ResCap. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation

1

ny-1162113

12-12020-mg    Doc 7655-1    Filed 10/20/14    Entered 10/20/14 12:09:25    Exhibit 1
Pg 3 of 5

and Client Recovery.  I am authorized to submit this declaration (the "Reply Declaration") in support of *The ResCap Borrower Claims Trust's Reply in Support of Its Proofs of Claim Filed by Karen Michele Rozier (Claim Nos. 4738 and 5632)* (the "Reply") and the Objection.[1]

2. Except as otherwise indicated, all facts set forth in this Reply Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Reply and the Objection on that basis.

3. In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases.  Except as otherwise indicated, all statements in this Reply Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  Since the Plan became effective and the Liquidating Trust was established, I, along with other members of the Liquidating Trust's management or other employees of the Liquidating Trust have continued the claims reconciliation process, which includes analyzing claims and determining the appropriate treatment of the same.  In connection with such review and analysis, where applicable, I or the

---

[1] Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Reply.

2

ny-1162113

Liquidating Trust personnel under my supervision, and the Liquidating Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register.

4. Rozier has not been dispossessed of her home since foreclosure proceedings originally began in 2008 on account of Rozier defaulting on her loan payments. Rozier's mortgage account is only paid through December 1, 2007. The Debtors' servicing records indicate that the Debtors reached out to Rozier on numerous occasions to set up repayment plans, as well as a short sale work out package. *See* Objection ¶¶ 17-19. With respect to the repayment plan set up by GMACM on April 23, 2008 and executed on or about April 30, 2008, the Debtors' servicing records do not indicate in any respect that GMACM either wanted or requested Rozier to sign a new, blank signature page separate from the one initially executed by Rozier.

5. Rozier's loan was securitized, whereby the sponsor and master servicer of the loan, RFC, sold the loan to its affiliated depositor, which was Residential Asset Mortgage Products, Inc. ("RAMP").[2] The depositor then immediately deposited the loan with the issuer, RAAC[3] Series 2007-RP1 Trust (the "Trust"). The Trustee of the Trust is the owner of the loan on behalf of the securityholders of the Trust. The original Trustee of the Trust was LaSalle

---

[2] In paragraph 28 of the Objection and paragraph 21 of the Horst Declaration, the Borrower Trust erroneously referred to the depositor to which RFC sold Rozier's loan as the similarly named "RAAC 2007RP1" instead of the actual depositor to which the loan was sold, *i.e.*, "**RAMP 2007-RP1.**" Attached as Exhibit 3-A.14 to the Horst Declaration is a copy of the Assignment of Deed of Trust, dated March 3, 2011, which reflects an assignment from MERS to **RAMP 2007-RP1**. *See Notice of Supplemental Declaration of Deanna Horst in Support of the Objection of the ResCap Borrower Claims Trust to Proofs of Claim Filed by Karen Michele Rozier (Claim Nos. 4738 and 5632)* filed contemporaneously with the Reply.

[3] The Trust is the Issuer of the securities, which are collateralized by a pool of mortgage loans including, based on the Debtors' books and records, Rozier's loan.

3

ny-1162113

Bank, which was succeeded by BoA and then by U.S. Bank. Accordingly, Rozier's loan was sold to RAMP and then deposited in the Trust.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: October 20, 2014

                                                      /s/ Deanna Horst
                                                      Deanna Horst
                                                      Chief Claims Officer for The ResCap
                                                      Liquidating Trust