## Exhibit 1

**Proposed Order**

12-12020-mg    Doc 7666-1    Filed 10/20/14    Entered 10/20/14 17:47:19    Exhibit 1
Pg 1 of 4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------

| | )  | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------

### ORDER SUSTAINING RESCAP BORROWER CLAIMS TRUST'S
### OBJECTION TO PROOF OF CLAIM NO. 2536 FILED BY STEPHANIE HARRIS

Upon the objection (the "**Objection**")[1] of the ResCap Borrower Claims Trust (the

"**Borrower Trust**") established pursuant to the terms of the confirmed Plan filed in the Chapter

11 Cases, as successor in interest to the above-captioned debtors (collectively, the "**Debtors**")

with respect to Borrower Claims, to Proof of Claim Number 2536 (the "**Proof of Claim**") filed

by Stephanie Harris ("**Claimant**"), seeking entry of an order (the "**Order**") pursuant to section

502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(a) of the

Federal Rules of Bankruptcy Procedure, disallowing and expunging the Proofs of Claim on the

basis that the Debtors have no liability with respect to the Proof of Claim, all as more fully set

forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief

requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and

the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue

being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the

Objection having been provided; and upon consideration of the Objection and the *Declaration of*

*Kathy Priore in Support of the ResCap Borrower Claims Trust's Objection to Proof of Claim*

*No. 2536 Filed by Stephanie Harris*; and the Court having found and determined that the relief

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

requested in the Objection is in the best interests of the Borrower Trust, the Borrower Trust's

beneficiaries, and all parties in interest; and the Court having found and determined that the legal

and factual bases set forth in the Objection establish just cause for the relief granted herein; and

after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the relief requested in the Objection is sustained to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Proof of

Claim is hereby disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the Proof of Claim so that such they are no

longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Borrower Trust is authorized and empowered to take all

actions as may be necessary and appropriate to implement the terms of this Order; and it is

further

ORDERED that notice of the Objection as provided therein shall be deemed good

and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the

Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order,

and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Proof of

Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.

ny-1161718

Dated:    November __, 2014
           New York, New York

 

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1161718