1  Alan Moss
   P.O. Box 721
2  Moss Beach CA 94038
   Telephone:  (415)494-8314
3  Facsimile:   (650)728-0738

4  Attorney *In Pro Per*

5

6

7  OCT 16 2014

8  U.S. BANKRUPTCY COURT, SDNY

9  IN THE UNITED STATES BANKRUPTCY COURT
   FOR THE SOUTHERN DISTRICT OF NEW YORK
10                   MANHATTAN DIVISION

11

12  IN RE:                              ) BANKRUPTCY CASE No. 12-12020-MG
                                        ) CHAPTER 11
13                                      )
                                        ) Jointly Administered
14                                      ) (Executive Trustee Services, Case No. 12-
                                        ) 12028)
15  RESIDENTIAL CAPITAL, LLC, *ET*      )
    *AL.*                               ) RESPONSE IN OPPOSITION TO RESCAP
16                                      ) BORROWER CLAIMS TRUST'S *SEVENTY-*
                                        ) *FIFTH* OMNIBUS OBJECTION TO CLAIMS
17                                      ) [Claim No. 4445]
                            Debtors.)   ) Hearing Date: November 13, 2014
18  _____ ) Hearing Time: 10:00 A.M.

19          Claimant, **ALAN MOSS**, otherwise identified in the Notice to this motion,

20  dated September 17, 2014, as Claim No. 4445, hereby opposes and objects to the debtor's

21  Seventy-Fifth Omnibus Objection as it applies to him.[1]

22  _____

23      [1] It is unclear to claimant the procedural aspects of this motion.  Admittedly not know-
    ledgeable in the bankruptcy process, it nonetheless appears unfair to appoint counsel to represent a
24  class of claimants in this complex litigation process, have these counsel supposedly advise these
    claimants, advise and recommend to these claimants that they vote to approve a reduction in their
25  claims to 31% of the value of their claims, without being informed that their claims would then be

26  _____
    OPPOSITION OF ALAN MOSS [CLAIM NO. 4445]
    TO DEBTOR'S SEVENTY-FIFTH OMNIBUS OBJEC-
    TION TO CLAIMS
                                            BANKRUPTCY ACTION NO. 12-12020-MG

1    The debtor fundamentally misunderstands the nature and basis of this claim,

2    and as a result, wrongfully opposes the claim. Debtor's objection to this claim is unfounded

3    and cannot serve as a basis to disallow this claim.

4    Debtor evidently believes, and so argues(from its asserted diligent review of

5    all the files[2]), that the basis of this claim is essentially a wrongful foreclosure claim. From

6    that, the debtor argues that the claim is fallacious. In taking such an untenable position,

7    debtor ignores the years of litigation involved in this matter, and essentially sweeps it away

8    in but a few sentences.

9    Even a cursory review of the relevant documents, attached to the Moss De-

10    claration filed herewith, demonstrates that is not the case. Rather, this claim is founded on

11    the *negligence* of debtor's subsidiary, Executive Trustee Services(hereinafter "ETS"), pur-

12    suant to California law. It is not based on wrongful foreclosure. ETS was made a part of this

13    action, as Action No. 12-12028, when this action became jointly administered.

14

15

_____

16    subsequently challenged, and told that the claims would be paid by the fourth quarter of 2014. When
this motion was received, the undersigned called who he thought were his counsel and was told they

17    are no longer involved in the case, and that the counsel for the debtor should be called–counsel who
were adverse to his interests. And this is after the counsel for debtor sought additional time within

18    which to review the pending claims, and the court grants it, notwithstanding that during the entire
process, and central to the advice received by the claimants, was the time limits within which these

19    matters would be resolved. This does not appear to be fair or in the best interests of these claimants.
Counsel for the unsecured creditors were evidently no longer involved in this matter, already having

20    been paid, and thus this group of claimants were essentially unrepresented when further time was
sought. In addition, the undersigned received the motion for additional time on the very date that

21    any opposition was due, thus making it impossible to bring this to the attention of the court.

22    [2] "To assess the validity of these claims, the Trust reviewed the Debtors' books and

23    records, including the claimant's mortgage or deed of trust, documents relating to chain of
ownership, relevant assignments of interests in the loan, Loan Payment History, and Internal

24    Servicing Notes. See Horst Decl. at ¶ 7(vi). Based on its review, the Trust has determined

25    that the Debtors are not liable...." *See* Debtor's supporting Memorandum at P. 10 thereof.

26

OPPOSITION OF ALAN MOSS [CLAIM NO. 4445]
TO DEBTOR'S SEVENTY-FIFTH OMNIBUS OBJEC-
TION TO CLAIMS                    - 2 -                BANKRUPTCY ACTION NO. 12-12020-MG

# I.

## UNDERLYING FACTS RELEVANT TO THIS MOTION

On July 22, 2009, this claimant filed a lawsuit against The Bank Of New York, who as the latest assignee on title, was attempting to foreclose on claimant's home. *See Moss vs. The Bank of New York*, Action No. 486130, Superior Court of California, County of San Mateo (hereinafter the "BONY Complaint").[3] The complaint alleged multiple causes of action, asserting essentially wrongful foreclosure and related causes of action.[4] The action was removed to Federal District Court shortly thereafter.[5] The action remained there until July 5, 2012 when it was remanded back to the California Superior Court, San Mateo County.[6] During the time that the action was in the District Court, it was subjected to three motions pursuant to FRCP 12(b)(6), and was amended three more times, resulting in the operative complaint entitled Fourth Amended Complaint, filed in the U.S. District Court on November 22, 2011. This action was resolved four years later, by agreement of the parties, in November 2013.

As a separate and distinct matter, claimant filed a separate lawsuit against a dif-

---

[3] *See* the Declaration of Alan Moss(hereinafter "Moss Declaration"), attached hereto and made a part hereof, at **Exhibit 2** . This is the original complaint. It was later amended at **Exhibit 3.** As set forth therein, the matter was removed to Federal Court, where the complaint was the subject of three motions pursuant to FRCP 12(b)(6) which resulted in the Fourth Amended Complaint, the operative complaint in this litigation, which is **Exhibit 4,** and after a period of two-plus years, was then remanded back to State court.

[4] The original complaint, as filed, alleged causes of action for (1) set aside trustee sale due to sale being void, (2) set aside trustee sale due to sale being voidable, (3) set aside sale as to Lot 20 as void, (4)estoppel, (5) quiet title, (6) intentional infliction of emotional distress, (7) breach of contract, (8) violation of one action rule, (9) accounting, and (10)cancellation of recorded documents.

[5] The Federal court assigned the action number of CV-10-1734 JSW to this action.

[6] Once the action returned to the California Superior Court, it recaptured its original action number.

---

1   ferent entity, Executive Trustee Services, LLC(hereinafter "ETS"), the alleged trustee on the

2   note, for *negligence.  See Moss vs. Executive Trustee Services, LLC et al.*, Action No.

3   505386, filed May 5, 2011.[7]  This lawsuit was based on theories of negligence, negligence

4   *per se,* fraud, and intentional infliction of emotional distress.  It was not founded on anything

5   to do with wrongful foreclosure.  It did not seek to undo the foreclosure sale.  It sought mo-

6   netary damages only.  When defendant failed to answer, Claimant herein took the default of

7   ETS.  In California, default is taken first, then judgment by default is taken as a separate

8   matter.  Claimant filed papers seeking judgment by default, and a few days before the

9   scheduled hearing regarding entry of judgment on this was to be held in court, ResCap filed

10  a motion to set aside the default, delaying the hearing, and then this bankruptcy action

11  followed.  ETS then filed its motion for a stay, the present posture of the case.

12

13                                    II.

14                      **BASES OF DEBTOR'S MOTION**

15          Debtor submits that this claim is a "standing issue" claim, and that there is no

16  liability on the part of debtor because the debtor's attorneys have reviewed the necessary files

17  and so "determined" there is no liability[8]

18          There are three separate bases set forth in debtor's motion: (1) the supporting

19  memorandum, (2) the supporting Declaration of Deanna Horst, and (3) the proposed Order.

20  / / /

21

22          [7] *See* **Exhibit One**, Moss Declaration, attached hereto and made a part hereof.

23          [8] One reasonably wonders how such review could reasonably be accomplished when so
24  many cases have had to be reviewed, on files of such complexity, that had been litigated for so long
    in so many different jurisdictions.  For example, in the instant case, the basic facts set forth are com-
25  pletely wrong—including even so basic fact as the filing dates.

26

## A. DEBTOR'S SUPPORTING MEMORANDUM TO ITS MOTION

This "standing issue" is more fully set forth in the memorandum to the motion at P. 10 thereof(As filed, P. 14 of 21 to the "main document") as:

"(vi). ***Standing Issues.*** This category includes claims alleging that the Debtors lacked the standing to service, foreclose or otherwise enforce the terms of the claimant's loan(the "Standing Issues Claims"). To assess the validity of these claims, the Trust reviewed the Debtors' books and records, including the claimant's mortgage or deed of trust, documents relating to chain of ownership, relevant assignments of interests in the loan, Loan Payment History, and Internal Servicing Notes. See Horst Decl. at ¶ 7(vi). Based on its review, the Trust has determined that the Debtors are not liable for the Standing Issues Claims because the Debtors had proper authority to service or foreclose the loan and to enforce the terms of the claimant's loan on behalf of the owner of the loan. See id.

To substantiate this determination, the Trust is prepared to provide the Court sand each claimant whose claim is identified as a Standing Issues Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities: [list of documents(8) omitted]."

## B. THE HORST DECLARATION

The "Horst Declaration" referenced immediately hereinabove refers to the Declaration of Deanna Horst, which is attached to the motion as Doc 7552-3; Ms. Horst states she is the "Chief Claims Officer for The ResCap Liquidating Trust." This document states, in relevant part, as follows(at P. 5 of 11):

"(ii). ***General Standing Issues.*** This category includes claims based on general servicing issues, including assertions that a Debtor misapplied mortgage payments, provided incorrect information or reporting to the claimant, made improper collection calls, failed to release a lien on a timely basis, failed to respond to Qualified Written Requests, wrongfully transferred servicing or wrongfully sold the claimant's loan(the "General Servicing Issues Claims."). To assess the validity of these claims, the Liquidating Trust, in support of the Trust, reviewed Debtors'

1      books and records that were prepared and kept by the Debtors in
2      the course of their regularly conducted business activities, in-
cluding the Internal Servicing Notes, Loan Payment History,
3      letters between the Debtor and the applicable Borrower(s), exe-
cuted mortgage notes and deed of trust, and other relevant docu-
4      ments that are specifically identified in the Objection. <u>See</u> Ob-
jection at pp. 8-9.

5

6      Based on this review, the General Servicing Issues Claims are
not valid obligations of the Debtors because: (a) the alleged
events involving General Servicing Issues never took place; (b)
7      the Debtor remedied the alleged error or mishandling, and as a
result, the Claimant did not incur any damages or failed to pro-
vide evidence of damages; and/or © the Debtor acted properly
8      in servicing the loan, in accordance with the Debtors' standard
policies and procedures and the terms of the executed note and
9      deed of trust."

10

11 ## C. THE PROPOSED ORDER

12         At Doc 7552-2, filed September 17, 2014, Exhibit One, Proposed Order, Page

13 21 of 64, (Page 16 of 59 of Exhibit 1), Item #8, debtor states the *sole* basis of its motion as

14 applies to the undersigned:

15      "Debtor, Executive Trustee Services ("ETS"), involvement with Claim-
ant's loan was limited to acting as substitute trustee to conduct a non-
16      judicial foreclosure. CJ Mortgage Inc. originated the loan on June 22,
2005. Debtor GMAC Mortgage, LLC serviced the loan from March
17      14, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on
February 16, 2013.

18      On May 5, 2011 Claimant filed litigation against Bank of New York,
Superior Court, San Mateo County, CA Case No. 486130, as inves-
19      tor of the loan. In the complaint, Claimant seeks to void the foreclosure
because Claimant states ETS lacked authority to foreclose. Speci-
20      fically, Claimant asserts that ETS lacked authority to foreclose. Speci-
fically, Claimant asserts that ETS lacked authority because the appoint-
21      ment of substitute trustee was invalid.

22      Also on May 5, 2011, Claimant filed a parallel lawsuit against ETS, Su-
perior Court, San Mateo County, CA, Case No. CIV505386, with the
23      same allegations. For unknown reasons, ETS did not enter an appear-
ance and on June 17, 2011 default was entered. A Motion To Set Aside
24      the Default was filed on April 4, 2012 and was not heard by the court
before the case was stayed.

25

26

In November 2013, Bank of New York, through Ocwen as successor servicer, completed a settlement with the Claimant which included a dismissal with prejudice of the case against Bank of New York(which included the same claims as in the ETS lawsuit).

***Debtor has no liability for Claimant's lack of standing claim related to the authority of ETS to act as substitute trustee.*** California Civil Code §2934a, subdivision (d), which provides in salient part: "A trustee named in a recorded substitution of trustee shall be deemed to be authorized to act as the trustee under the mortgage or deed of trust for all purposes from the date the substitution is executed by the mortgagee, beneficiaries, or by their authorized agents. Nothing herein requires that a trustee under a recorded substitution accept the substitution. Once recorded, the substitution shall constitute conclusive evidence of the authority of the substituted trustee or his or her agents to act pursuant to this section."(Emphasis supplied.)"[9]

## III.

## ARGUMENT

A. RESCAP ERRONEOUSLY CONFLATES THE "ETS" COMPLAINT WITH THE "BONY" COMPLAINT

Even a cursory review of the BONY complaint((Exhibits 1 and 2) reveals that ETS is never mentioned. ETS was not faulted in these BONY complaints. ETS was mentioned once in Exhibit 4, but only as to its appearance in the recorded title documents

ResCap's statements in its supporting documents concerning ETS are simply wrong.

It is true that ResCap and its predecessors did many things wrong regarding the attempted foreclosure on claimant's home. And how the attorneys for ResCap can so smugly insinuate that they have reviewed the entire process and they are confident that the process

---

[9] The dates set forth are patently incorrect, even on so simple a matter as the filing date of the various complaints, which is verifiable from the documents attached to the Declaration of Alan Moss filed herewith.

OPPOSITION OF ALAN MOSS [CLAIM NO. 4445]
TO DEBTOR'S SEVENTY-FIFTH OMNIBUS OBJEC-
TION TO CLAIMS                            - 7 -            BANKRUPTCY ACTION NO. 12-12020-MG

1  was legal and correct and error-free is beyond the understanding of claimant.  This matter

2  was litigated for four-plus years, encompassing volumes and volumes of docket entries in

3  both state(*see* **Exhibit 6**, which covers July 2009 - May 2010 and July 2012 - January 2014)

4  and Federal court(*see* **Exhibit 7** which covers April 2010 - July 2012 ).[10]  It was hardly a

5  simple matter, and it was hardly centered on California Civil Code §2934a, which is the basis

6  of debtor's conclusion that it had done everything right, and claimant's claim was without

7  basis.[11]

8          In comparison, the ETS matter was based solely on California law, which gives

9  rise to a complaint for negligence arising out of a trustee's duties.  This is of particular note

10 since California is not a mortgage state, it is a deed of trust state.  But nowhere in ResCap's

11 papers has this been explained to the Court.

12         The parties and causes of action can be succinctly summarized as follows:

| CASE NAME DEFENDANT | CAPTIONED PARTIES | CAUSES OF ACTION LISTED IN CAPTION OF COMPLAINT |
|---|---|---|
| State Lawsuit: "ETS"  Superior Court, County of San Mateo, Action No. CIV505386 | ALAN IRVING MOSS VS. EXECUTIVE TRUSTEE SERVICES, LLC F/K/A/ EXECUTIVE TRUSTEE SERVICES, INC. | COMPLAINT FOR (1). Negligence (2). Negligence *per se* (3). Fraud (4). Intentional Infliction of     Emotional Distress (5). Negligent Infliction of     Emotional Distress |

---

[10] The docket sheet for the ETS matter is enclosed as Exhibit 5.

[11] California Civil Code §2934a is an extremely complex statute, and has been the subject of years of litigation, interpretation, treatise review and numerous court decisions.  It is unclear how counsel for debtor can acquire such expertise so quickly as to opine as it does.

OPPOSITION OF ALAN MOSS [CLAIM NO. 4445]
TO DEBTOR'S SEVENTY-FIFTH OMNIBUS OBJEC-
TION TO CLAIMS                            - 8 -                    BANKRUPTCY ACTION NO. 12-12020-MG

| Federal Lawsuit:<br>"BANK OF NEW YORK"<br>("BONY")<br><br>U.S. District Court, Northern<br>District of California,<br>Action No. CIV 10-1734 | ALAN IRVING MOSS<br>VS.<br>THE BANK OF NEW YORK | FIRST AMENDED COMPLAINT<br>1. Set Aside Trustee Sale<br>2. Fraud<br>3. Estoppel<br>4. Quiet Title<br>5. Intentional Infliction of<br>     Emotional Distress<br>6. Declaratory Relief<br>7. Accounting |
| --- | --- | --- |

The bottom line is that the two actions are not similar, are based on different legal theories, and ResCap is totally wrong. In the BONY matter, claimant was invoking equity. In the ETS matter, claimant was, and is, seeking monetary damages, not equitable relief.

Thus, ResCap's motion must be denied as to this claimant.

**B.    THE "BONY" COMPLAINT SOUNDS IN EQUITY, THE ETS COMPLAINT SOUNDS IN NEGLIGENCE.**

As can be seen from even a cursory review of the exhibits provided, the BONY complaints(i.e., the original complaint(Exhibit 2), the First Amended Complaint(Exhibit 3), and the operative complaint, the Fourth Amended Complaint(Exhibit 4) all seek equitable relief. They do not seek damages. They seek to set aside a foreclosure sale and restore the undersigned to his rightful position as the owner of the property, his residence of thirty years.

In contrast, the ETS complaint(Exhibit 1) is a tort case, sounds in negligence only, and is only seeking monetary damages. Pointedly, it does not seek equitable relief. The complaint seeks damages, under California law, for the negligent behavior of ETS, who was purported to be serving as the trustee on the foreclosure sale. Whereas the two complaints may arise from the same general facts, the theories of recovery, and the recovery sought, are

1    totally different.

2         The debtor's arguments to strike the instant claim may be pertinent as to the
3    BONY complaint, *which is not the basis of this claim,* but they are clearly irrelevant to the
4    ETS complaint, which is the basis of this claim.  Whether or not the foreclosure process, un-
5    der California law, was done properly or not, *the sole basis of debtor's objection,* has nothing
6    to do with the legitimacy of this claim pursuant to the ETS complaint.  The ETS complaint
7    sought monetary damages for negligent activities.  The claim is proper in all respects.

8

9    **C.    THE DEBTOR'S ASSERTED DEFENSE TO THIS CLAIM IS ERRONEOUS IF NOT**
10        **IRRELEVANT.**

11        The bases asserted by debtor in its Motion are entirely misplaced.

12        In its supporting Memorandum, the debtor asserts in relevant part:

13        "Based on its review, the Trust has determined that the
             Debtors are not responsible for the Standing Issues
14           Claims *because the Debtors had proper authority to
             service or foreclose the loan and to enforce the terms of
15           the claimant's loan on behalf of the owner of the loan.*"

16

17    As pointed out above, this claim has nothing to do with servicing the loan.  The claim in the
18    ETS complaint is founded on negligence.  And even if this were not so, the debtor would
19    seem to have an inherent conflict of interest in making such a conclusionary statement based
20    on its own "review" of the supposed files. In this case, the litigation took place over four and
21    a half years, and included volumes of documents, not including the internal documents of the
22    servicer.  And in the end, the case resolved by way of settlement.  It would not be misplaced
23    to conclude that the servicer would not have settled the case if it had done everything
24    properly. How then can the debtor assert that their review demonstrated that everything had
25    been properly done.  And this ignores the fact that this servicer was held in contempt in

26

OPPOSITION OF ALAN MOSS [CLAIM NO. 4445]
TO DEBTOR'S SEVENTY-FIFTH OMNIBUS OBJEC-
TION TO CLAIMS                                              - 10 -                    BANKRUPTCY ACTION NO. 12-12020-MG

1    numerous courts throughout the United States, and done so because of lying under oath,

2    deliberately falsifying notary records and notarizations, and more. Such an argument simply

3    begs credulity.

4          Further, the Horst declaration does not add any substance and support to the

5    debtor's argument–for the very same reasons as the Memorandum. The Horst Declaration

6    states in relevant part:

7          "Based on its review, the Trust has determined that the
           Debtors are not liable for the Standing Issues Claims
8          because the Debtors had proper authority to service or
           foreclose the loan and to enforce the terms of the
9          claimant's loan on behalf of the owner of the loan."

10

11    This is identical to the language of the Memorandum, and thus the arguments asserted

12    hereinabove as to the Memorandum equally apply here, and are incorporated by reference.

13          Lastly, the proposed Order served with the Motion contains the same language

14    and should be stricken for the reasons asserted hereinabove.

15

16    **D.    DEFAULT WAS DULY ENTERED AGAINST DEBTOR ON THE ETS COMPLAINT AND**

17    **BUT FOR THE FILING OF THIS BANKRUPTCY ACTION, WOULD HAVE GONE TO**

18    **JUDGMENT FOR THE AMOUNT PRAYED FOR.**

19

20          Had the ETS matter gone to judgment, claimant would be a secured creditor.

21    Claimant had completed all of the procedural aspects of obtaining a judgment, save for

22    hearing required. This hearing date was scheduled with the court, but this bankruptcy filing

23    occurred prior to that date.

24          In California, entry of judgment by default is preceded by the entry of default.

25    In a negligence action, a Statement of Damages must be filed prior to seeking a judgment by

26

default. The dates relevant to this motion are as follows:[12]

    1. ETS COMPLAINT FILED: ................................. 5/5/11

    2. ETS COMPLAINT SERVED: ............................... 5/11/11

    3. ETS POS FILED: ..................................... 6/2/11

    4. DEFAULT ENTERED: .................................. 6/17/11

    5. ETS STATEMENT OF DAMAGES SERVED: .................... 8/9/11

    6. STATEMENT OF DAMAGES POS FILED: .................... 8/22/11

    7. DEADLINE TO GET JUDGMENT *PER* COURT ORDER: ........... 3/ 7/12

    8. PROVE-UP HEARING SCHEDULED: ................. 3/1/12 FOR 3/9/12

ETS filed a motion to set aside the default which placed on the hold the prove-up hearing. It withdrew that motion and filed a second motion on April 4, 2012 to be heard May 31, 2012.

    This bankruptcy filing was done on May 11, 2012, thus halting the entire process before the hearing could be held on entering an actual money judgment. But the documents to do so were duly and timely filed with the court and remain there to this day.

## CONCLUSION

    It would be interesting to discover just how much time the debtor spent reviewing the files on this claim. The debtor so fundamentally misunderstood this claim that it calls into question the validity of its representations to the court of how it made its determinations. But it is beyond cavil that debtor's challenge to this claim is inappropriate and just plain wrong, and that debtor has totally misconstrued this claim.

---

[12] *See* Declaration of Alan Moss filed herewith, ¶2.

1    For the foregoing reasons, and each of them, the debtor's motion as to this

2  claimant and claim should be denied, and the claim allowed.

3

4  Dated: October *13*, 2014.

Respectfully submitted,

5

6

7

ALAN MOSS

8  Attorney In Pro Per
P.O. Box 721

9  Moss Beach CA 94038

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26