# EXHIBIT  ONE



1  Alan Moss
   P.O. Box 721
2  Moss Beach CA 94038
   Telephone:   (415)296-7500
3  Facsimile:   (650)728-0738

4  Attorney *In Pro Per*

(ENDORSED)
**FILED**
SAN MATEO COUNTY

MAY 5 ~ 2011

Clerk of the Superior Court
By        G. Lacey
          DEPUTY CLERK

5

6

7

8                  SUPERIOR COURT OF CALIFORNIA
9            IN AND FOR THE COUNTY OF SAN MATEO

10

11  ALAN IRVING MOSS,                )        CIV 5 0 5 3 8 6
                                     )
                                     )   Action No.
12                    Plaintiff,)
                                     )
13                                   )   COMPLAINT FOR
                                     )   (1). Negligence
          vs.                        )   (2). Negligence *per se*
14                                   )   (3). Fraud
                                     )   (4). Intentional Infliction of
15  EXECUTIVE TRUSTEE SERVICES, LLC  )        Emotional Distress
    F/K/A EXECUTIVE TRUSTEE SERVICES,)   (5). Negligent Infliction of
16  INC., AND DOES 1-50, INCLUSIVE   )        Emotional Distress
                                     )
17                                   )
                      Defendants.)
18  _____  )

19  Plaintiff ALAN IRVING MOSS alleges as follows:

20          1.  Plaintiff ALAN IRVING MOSS is, and at all times hereinafter mentioned

21  was, an individual residing in the County of San Mateo, California.

22          2.  Defendant  EXECUTIVE TRUSTEE SERVICES, LLC F/K/A EXECU-

23  TIVE TRUSTEE SERVICES, INC., (hereinafter "ETS") is, and at all times hereinafter men-

24  tioned was, a business of unknown legal origin and form.

25          3.  The true names and capacities, whether individual, corporate, associate or

26

COMPLAINT                                                        ACTION NO.

1  otherwise, of defendants sued herein as Does I through 50, inclusive, are unknown to plaintiff,

2  who sue said defendants by such fictitious names; plaintiff will amend this Complaint to show

3  the true names and capacities if and when the same are ascertained; and plaintiff is informed

4  and believes, and thereon alleges, that said defendants, and each of them, are responsible in

5  some manner for plaintiff's damages as herein alleged.

6      4.  Plaintiff is informed and believes, and thereon alleges, that at all times herein

7  mentioned, each of the defendants was the agent of the remaining defendants and, in doing

8  the things herein alleged, was acting within the course and scope of such agency.

9      5.  Plaintiff has owned and resided in the property located at 86 San Lucas,

10  Moss Beach, California(the "property"), within the County of San Mateo, continuously from

11  1984 to the present.  The legal description of the property, as contained in the official records

12  of San Mateo County,  is APN No. 037-275-120, Lots 22 and 23, Blk. 13, Riviera Ocean

13  Villa.

14      6.  According to actions taken by defendant hereinafter described, the subject

15  property also included Parcel No. 037-275-170, Lot 20 when it was encumbered by the finan-

16  cial instrument which is the subject of this lawsuit.  Lot 20 is not contiguous to Lots 22 and

17  23, but rather is separated by a legally separate lot, Lot 21.

18      7.  On or about June 22, 2005, plaintiff took out a loan against the subject pro-

19  perty, as evidenced by a Note.  Plaintiff was the borrower.  CJ Mortgage, Inc. was the lender.

20      8.  The Note was secured by a Deed of Trust, in which the purported parties

21  were: CJ Mortgage, Inc. as the beneficiary, Alliance Title was the trustee, and  plaintiff was

22  the trustor.  Said Deed of Trust described the property as APN 037-275-170-6.  Said instru-

23  ment was recorded on July 5, 2005.

24      9.  The County of San Mateo does not contain any APN number with the des-

25  cription 037-275-170-6.

26

COMPLAINT                  - 2 -                          ACTION NO.

1          10. The original lender, CJ Mortgage, Inc. drafted both the Note and Deed of

2  Trust. Plaintiff took no part in the drafting of these documents, which were drafted so as to

3  bifurcate the debt(Note) from the security(Deed of Trust) in order to, on information and be-

4  lief, facilitate the creation of certain securitized investment vehicles.

5          11. According to public records on file with the Recorders Office of San Mateo

6  County, on or about June 27, 2005, said property was allegedly assigned to Option One Mort-

7  gage Corporation by CJ Mortgage Inc. The trustee listed in said assignment was Alliance

8  Title. Said alleged assignment was recorded on April 4, 2007. A true and correct copy of said

9  assignment as contained in the official records of the County of San Mateo is attached hereto

10  as Exhibit 2. Plaintiff herein never received notice of said assignment. Said instru-ment was

11  recorded on July 5, 2005.

12          12. On or about October 26, 2005, Option One Mortgage Corporation prepared

13  a document entitled "Substitution of Trustee," in which it substituted Premier Trust Deed Ser-

14  vices Inc. as trustee in place and stead of Alliance Title. Said document was recorded on

15  February 3, 2006. A true and correct copy of said assignment as contained in the official re-

16  cords of the County of San Mateo is attached hereto as Exhibit 3.

17          13. On or about October 26, 2005, an entity set forth as "TCIF REO2, LLC"

18  prepared a document entitled "Substitution of Trustee," in which it claims to be the "present

19  beneficiary" and claims to substitute "Executive Trust Deed Services, LLC FKA Executive

20  Trust Deed Services, Inc." as trustee in place and stead of, on information and belief, Premier

21  Trust Deed Services Inc. Said document was recorded on November 10, 2006. This docu-

22  ment was signed in Pennsylvania by a Margie Kwaitanowski, as vice-president of TCIP

23  REO2, LLC. On or about October 25, 2005, Ms. Kwaitanowski was actually employed by

24  GMAC in Pennsylvania, a business entity of unknown legal form. In addition, the notary on

25  the document was Brenda Staehle, who was also an employee of GMAC. A true and correct

26

1    copy of said assignment as contained in the official records of the County of San Mateo is at-

2    tached hereto as Exhibit 4.

3         14. On or about October 26, 2005, TCIF REO2, LLC was not the present bene-

4    ficiary under the deed of trust referred to hereinabove, nor had it been assigned the deed of

5    trust as of that date.

6         15. On or about November 10, 2006, TCIF REO2, LLC was not the present be-

7    neficiary under the deed of trust, nor had it been assigned the deed of trust as of that date.

8         16. According to public records on file with the Recorders Office of San Mateo

9    County, on or about September 15, 2007, said property was allegedly assigned to "TCIF,

10   LLC" by Option One Mortgage Inc. The signature of the officer of the assignor was notar-

11   ized more than four months prior to the signature of the representative of the assignor, on May

12   7, 2007; the date of May 7, 2007 was interlineated by handwriting after a typed date of May

13   8, 2008 was crossed out. The document was allegedly notarized on May 7, 2007; the "7" of

14   the "2007" date was written by hand over the "8" of the typed "2008." Plaintiff is informed

15   and believes, and on that basis alleges, that this document was actually signed and notarized

16   on My 8, 2008. Said alleged assignment was recorded on June 16, 2008. A true and correct

17   copy of said assignment as contained in the official records of the County of San Mateo is at-

18   tached hereto as Exhibit 5. Plaintiff herein never received notice of said assignment.

19        17. According to public records on file with the Recorders Office of San Mateo

20   County, on or about September 17, 2007, a Notice of Default was recorded against said pro-

21   perty. Said document was issued by "TCIF REO2, LLC c/o Executive Trustee Services

22   LLC." The document was signed by "Executive Trustee Services, LLC as agent for benefi-

23   ciary." The document was recorded on September 18, 2007. A true and correct copy of said

24   assignment as contained in the official records of the County of San Mateo is attached hereto

25   as Exhibit 6.

26

1        18. Plaintiff never received notice of any Notice of Default up to and including

2    the present time.

3        19. According to public records on file with the Recorders Office of San Mateo

4    County, on or about April 29, 2008, said property was allegedly assigned to The Bank of New

5    York Trust Company by TCIF, LLC. Said alleged assignment was recorded on June 16, 2008.

6    A true and correct copy of said assignment as contained in the official records of the County

7    of San Mateo is attached hereto as Exhibit 7. Plaintiff herein never received notice of said

8    assignment.

9        20. According to public records on file with the Recorders Office of San Mateo

10    County, on or about May 19, 2008, a Notice of Trustees Sale was recorded on said property

11    by ETS Services, LLC , which was, on information and belief, a sub-entity of Executive Trus-

12    tee Services. A true and correct copy of this document as contained in the official records of

13    the County of San Mateo is attached hereto as Exhibit 8.

14        21. On or about May 7, 2009, unbeknownest to plaintiff, a Trustee Sale took

15    place, conducted by defendant ETS, pursuant to the Notice of Default and Notice of Trustees

16    Sale, regarding the foreclosure on the property, in which defendant ETS as trustee, sold the

17    property.

18        22. On or about May 12, 2009, defendant ETS prepared a document entitled

19    Trustee's Deed Upon Sale which purported to grant to The Bank of New York Trust Com-

20    pany, title to said property. The document states that "grantee was the foreclosing benefi-

21    ciary." On information and belief, this was a full credit purchase sale, and no cash changed

22    hands, in derogation of the specific language of the Notice of Trustees Sale. The Bank of

23    New York Trust Company was not a BFP. A true and correct copy of this document as con-

24    tained in the official records of the County of San Mateo is attached hereto as Exhibit 9.

25

26

# FIRST CAUSE OF ACTION

## (NEGLIGENCE)

23.  Plaintiff re-alleges and re-asserts, as though fully set forth herein, Paragraphs 1 - 22 inclusive.

24.  At all relevant times herein, defendant ETS, acting as trustee, owed plaintiff an affirmative duty of care, that in fulfilling its responsibilities as trustee, and in particular to exercise the power of sale of residential real property, to faithfully comply and strictly comport with the laws of California and the provisions of the deed of trust referred to hereinabove.  In particular, because ETS was acting under a power of sale whose actions could result in the removal of plaintiff from his residence, and because ETS had an affirmative duty of care to plaintiff, ETS had an affirmative duty of care to plaintiff to treat plaintiff fairly, in a manner equal to the manner in which it was treating the alleged beneficiary, and in conformance with the law.

25.  Prior to issuing the Notice of Default and the Notice of Trustees Sale, defendant ETS negligently failed to examine the chain-of-title of the subject property and negligently failed to determine that it had not in fact been legally and properly substituted in as trustee, and had no power and authority to issue said Notice of Default and Notice of Trustee Sale.

26. At the time that defendant ETS was allegedly made trustee by virtue of said substitution of trustee prepared and recorded by TCIF REO2, LLC , TCIF REO2, LLC was not the present beneficiary of the deed of trust.  Therefore, defendant ETS could not, and did not, legally acquire the power of sale from the purported substitution;  therefore, ETS had no power and authority to issue said notices.

27.  Prior to conducting the trustee's sale which resulted in plaintiff allegedly

1  losing his property, defendant ETS negligently failed to examine the chain-of-title of the sub-

2  ject property and negligently failed to determine that it had in fact been legally and properly

3  substituted in as trustee, and had the power and authority to conduct said trustee's sale.

4      28. At the time that defendant ETS was allegedly made trustee by virtue of said

5  substitution of trustee prepared and recorded by TCIF REO2, TCIF REO2, LLC was not the

6  present beneficiary of the deed of trust. Therefore, defendant ETS could not, and did not, le-

7  gally acquire the power of sale from the purported substitution; therefore, ETS had no power

8  and authority to conduct said trustee sale.

9      29. Prior to issuing the Trustees Deed referred to hereinabove, defendant ETS

10  negligently failed to examine the chain-of-title of the subject property and negligently failed

11  to determine that it had in fact been legally and properly substituted in as trustee, and had the

12  power and authority to issue said Trustees Deed.

13      30. At the time that defendant ETS was allegedly made trustee by virtue of said

14  substitution of trustee prepared and recorded by TCIF REO2, TCIF REO2, LLC was not the

15  present beneficiary of the deed of trust Therefore, ETS could not, and did not, legally acquire

16  the power of sale from the purported substitution; therefore, ETS had no power and authority

17  to issue said Trustees Deed.

18      31. By doing the acts aforementioned mentioned, and each of them, defendant

19  ETS breached the duty of care it owed to plaintiff.

20      32. As a direct and proximate result of the negligence of defendant ETS, as set

21  forth hereinabove, plaintiff sustained damage, both physically, emotionally and financially,

22  and plaintiff prays judgment against defendant as hereinafter set forth.

23  **SECOND CAUSE OF ACTION**

24  **(NEGLIGENCE *PER SE*)**

25      33.  Plaintiff re-alleges and re-asserts, as though fully set forth herein, para-

26

1 ‖ graphs 1 - 32 inclusive.

2 ‖      34. On or about September 21, 2006, defendant ETS was allegedly substituted

3 ‖ in as trustee of the Note and Deed of Trust as set forth hereinabove.

4 ‖      35. As the purported trustee under a Deed of Trust, ETS believed it had ac-

5 ‖ quired the powers enunciated in the Deed of Trust and the relevant statutes of the State of

6 ‖ California, i.e., Civil Code §§ 2924b and 2934, including the power of sale.

7 ‖      36. Acting under this supposed power, defendant ETS negligently issued a No-

8 ‖ tice of Default dated September 17, 2007 regarding the subject property.

9 ‖      37. Acting under this supposed power, ETS negligently issued a Notice of Trus-

10 ‖ tees Sale dated May 19, 2008.

11 ‖      38. Acting under this supposed power, defendant ETS negligently conducted

12 ‖ a Trustees Sale on said property, in which The Bank of New York Trust Company "bought"

13 ‖ the property on a credit bid and acting as the "foreclosing beneficiary."

14 ‖      39. Acting under this supposed power, defendant ETS negligently issued a

15 ‖ Trustees Deed to the Bank of New York Trust Company, purporting to pass title to said pro-

16 ‖ perty to The Bank of New York Trust Company.

17 ‖      40. At all relevant times herein, there was in effect California Civil Code §§

18 ‖ 2924b and 2934 which provided the only method by which a beneficiary could substitute in

19 ‖ a new trustee and instill on said trustee all the powers of the previous trustee and trust deed.

20 ‖ Pursuant to said statute, only the beneficiary or beneficiaries had the power to substitute a new

21 ‖ trustee. On the date that ETS was substituted in as new trustee by TCIF REO2, LLC, TCIF

22 ‖ REO2, LLC was not the beneficiary under said Deed of Trust, because it was not assigned the

23 ‖ deed of trust until May 7, 2007 at the earliest.

24 ‖      41. Civil Code §§ 2924b and 2934 are a statutory scheme designed specifically

25 ‖ for the protection of trustors under a deed of trust, specifically in this case the plaintiff herein.

26 ‖

42. As a result of defendant ETS acting in derogation of the aforementioned statutes, plaintiff was directly and proximately injured as hereinafter prayed and set forth.

43. As a direct and proximate result of the negligence of defendant ETS, as set forth hereinabove, plaintiff sustained damaged, both physically, emotionally and financially, and plaintiff prays judgment against defendant as hereinafter set forth.

## THIRD CAUSE OF ACTION

## (FRAUD)

44. Plaintiff re-alleges and re-asserts, as though fully set forth herein, paragraphs 1 - 43 inclusive.

45. At the time that defendant ETS issued the Notice of Default and the Notice of Trustee Sale, defendant ETS knew or should have known, that it did not have the legal authority to issue said notices.

46. At the time that defendant ETS conducted the trustees sale set forth hereinabove, defendant ETS knew or should have known, that it did not have the legal authority to conduct said sale.

47. At the time that defendant ETS issued the Trustees Deed on said property, as set forth hereinabove, defendant ETS knew or should have known, that it did not have the legal authority to issue said Trustees Deed.

48. As a direct result of these aforementioned actions of defendant ETS, and because of direct representations of defendant ETS to plaintiff, plaintiff was caused to believe that his property was subject to being sold at a trustees sale and that said sale would not be cancelled unless and until plaintiff reached an agreement with the loan servicer, GMAC.

49. Defendant ETS, by doing the acts hereinabove complained of, intended that plaintiff rely on its official capacity and representations, and that plaintiff had to reach agree-

1   ment with GMAC to cancel said sale.

2          50.  Due to the fraudulent misrepresentations made to plaintiff by defendant

3   ETS, and others purporting to act on behalf of those purporting to hold a beneficial interests

4   in the property, and their principals, agents, assignors, assignees and predecessor, plaintiff was

5   induced to reasonably rely on their express and implied assurance regarding loan forbearance

6   and forgiveness, cancellation and postponement of the foreclosure process.

7          51.  Plaintiff reasonably relied on said representations in paying $50,000.00 to

8   the loan servicer in order to cancel said sale; plaintiff reasonably and in good faith relied on

9   said representations that the sale would be cancelled;  as a direct result, plaintiff believed that

10   defendant ETS cancelled said scheduled trustees sale.

11         52.  In reliance on said representations, Plaintiff did not receive notice of any

12   subsequently scheduled trustee sale.

13         53.  As a result of the fraudulent activities by defendant ETS, Does 1 through

14   50 and their assignors ad predecessors in interest, plaintiff has been damaged in an amount

15   to be determined at trial, both as to compensatory and punitive damages.

16         54.  As a direct and proximate result of the negligence of defendant ETS, as set

17   forth hereinabove, plaintiff sustained damaged, both physically, emotionally and financially,

18   and plaintiff prays judgment against defendant as hereinafter set forth.

19

20                 **FOURTH CAUSE OF ACTION**

21      **(INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)**

22

23         55.  Plaintiff re-alleges and re-asserts, as though fully set forth herein, para-

24   graphs 1 through 54 inclusive.

25         56.  Defendant's conduct, as hereinabove set forth, was intentional and mali-

26

1  cious and done for the purpose of causing plaintiff to suffer humiliation, mental anguish, and

2  emotional and physical distress. Defendant's conduct in confirming and ratifying that conduct

3  was done with knowledge that plaintiff's emotional and physical distress would thereby in-

4  crease, and was done with a wanton and reckless disregard of the consequences to plaintiff.

5         57. As a direct and proximate result of the acts alleged above, plaintiff suffered

6  humiliation, mental anguish and emotional and physical distress, and has been injured in mind

7  and body, all to plaintiff's damage.

8         58. By reason of the acts alleged above, plaintiff was prevented from attending

9  to plaintiff's usual occupation and thereby lost earnings.  Plaintiff is informed and believes

10  and thereon alleges, that plaintiff will thereby be prevented form attending to plaintiff's usual

11  occupation for a period in the future which plaintiff cannot ascertain, and will thereby sustain

12  further loss of earnings.

13         59. The acts of defendants alleged above were willful, wanton, malicious, and

14  oppressive, and justify the awarding of exemplary and punitive damages.

15         60. Defendant ETS, Does 1 through 50 and any of their agents, principals, as-

16  signors, assignees, predecessor and related entities are in the business of real estate and knew

17  or should have known of the requirements of State law regarding the sale of real property.

18  Defendants, and each of them, deliberately and carelessly, or with such callous disregard for

19  State law that it amounted to deliberateness, violated the requirements of State law as set forth

20  hereinabove.

21         61. Defendants intentionally, with callous disregard for plaintiff, and with ma-

22  lice aforethought violated numerous requirements of State law, and as a direct and proximate

23  result, plaintiff was severely injured and made to suffer for months on end as this process

24  went forward.

25         62. As a direct and proximate result of the negligence of defendant ETS, Does

26

---

COMPLAINT              - 11 -             ACTION NO.

1 -50, and their agents, as set forth hereinabove, plaintiff sustained damages, both physically,

emotionally and financially, and plaintiff prays judgment against defendant as hereinafter set

forth.

## FIFTH CAUSE OF ACTION

## (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

63. Plaintiff realleges and re-assets, as though fully set forth herein, para-graphs 1 through 62 inclusive.

63. Defendant ETS, Does 1 - 50, and their agents, knew or should have known, that its failure to exercise due care in the performance of its acts, as set forth hereinabove, would cause plaintiff severe emotional distress.

64. Defendant's, and each of them, in their acts in defiance of the law, and in a manner designed to be in derogation of California statute and the deed of trust, was a direct breach of the law and statutes and deed of trust.

65. As a direct and proximate result of defendant's, and each of them, acts and omissions, plaintiff suffered extreme emotional distress and threatened, and as of this date, actual, loss of his property.

66. As a further proximate result of defendant's breach of duty and the conse-quences proximately caused by it, as hereinabove alleged, plaintiff suffered severe emotional distress and mental suffering, all to his damage.

67. As a direct and proximate result of the negligence of defendant ETS, as set forth hereinabove, plaintiff sustained damaged, both physically, emotionally and financially, and plaintiff prays judgment against defendant as hereinafter set forth.



1    WHEREFORE, plaintiff prays for judgment against Defendant ETS and Does

2    1 through 50 as follows:

3

4    AS TO THE FIRST CAUSE OF ACTION:

5    1. For special and general damages according to proof at time of trial.

6    2. For incidental damages in an amount to be determined at trial;

7    3. For reasonable attorney fees;

8    4. For costs of suit incurred; and

9    5. For such other and further relief as the court may deem just and proper.

10

11   AS TO THE SECOND CAUSE OF ACTION:

12   1. For special and general damages according to proof at time of trial.

13   2. For incidental damages in an amount to be determined at trial;

14   3. For reasonable attorney fees;

15   4. For costs of suit incurred; and

16   5. For such other and further relief as the court may deem just and proper.

17

18   AS TO THE THIRD CAUSE OF ACTION:

19   1. For monetary damages, both compensatory and punitive, in an amount to be determined

20   at trial;

21   2. For reasonable attorney fees;

22   3. For costs of suit incurred; and

23   4. For such other and further relief as the court may deem just and proper.

24

25   AS TO THE FOURTH CAUSE OF ACTION:

26

1  1.  For special and general damages according to proof at time of trial.

2  2.  For incidental damages in an amount to be determined at trial;

3  3.  For punitive damages according to proof at trial.

4  4.  For reasonable attorney fees;

5  5.  For costs of suit incurred; and

6  6. For such other and further relief as the court may deem just and proper.

7

8  AS TO THE FIFTH CAUSE OF ACTION:

9  1.  For special and general damages according to proof at time of trial.

10  2.  For incidental damages in an amount to be determined at trial;

11  3.  For reasonable attorney fees;

12  4.  For costs of suit incurred; and

13  5. For such other and further relief as the court may deem just and proper.

14

15  Dated: May ___3___ , 2011.                    Respectfully submitted,

16

17

18

19                                               ALAN IRVING MOSS

20                                               Attorney In Pro Per

21

22

23

24

25

26



COMPLAINT                              - 14 -                              ACTION NO.

# EXHIBIT  TWO

ABA | MBA

1  Michael B. Allen, Esq.; SBN: 81550
   Marc D. Bender, Esq.; SBN: 156923
2  Jonathan D. Bishop, Esq.; SBN: 233496
   MICHAEL B. ALLEN LAW GROUP, INC.
3  520 South El Camino Real, Suite 840
   San Mateo, California 94402
4  Telephone:    (650) 347-5000
   Facsimile:    (650) 340-6350
5
   Attorneys for Plaintiff ALAN IRVING MOSS
6

**FILED**
SAN MATEO COUNTY

JUL 22 2009

Clerk of the Superior Court
By _____ .
DEPUTY CLERK

7

8          SUPERIOR COURT OF THE STATE OF CALIFORNIA

9          COUNTY OF SAN MATEO, UNLIMITED JURISDICTION

10                                         CIV 4 8 6 1 3 0

11  ALAN IRVING MOSS                 )    CASE NO:
                                     )
12            Plaintiff,             )    COMPLAINT
                                     )
13  v.                               )    1.    Set Aside Trustee Sale
                                     )    2.    Fraud
14  THE BANK OF NEW YORK TRUST       )    3.    Quiet Title
    COMPANY, N.A.; and Does 1 through 50,  )    4.    Declaratory Relief
15  inclusive,                       )
                                     )
16            Defendants.            )
                                     )
17  _____)

18

19          Plaintiff ALAN IRVING MOSS alleges as follows:

20                      **GENERAL ALLEGATIONS**

21          1.    Plaintiff ALAN IRVING MOSS is, and at all times hereinafter mentioned was, an

22  individual residing in the County of San Mateo, State of California.

23          2.    Defendant THE BANK OF NEW YORK TRUST COMPANY, N.A. ("BANK OF NEW

24  YORK") is, and at all times hereinafter mentioned was, a banking institution with its principal offices

25  in the State of New York which is qualified to do business in the State of California.

26          3.    The true names and capacities, whether individual, corporate, associate or otherwise, of

27  defendants sued herein as Doe 1 through Doe 50, inclusive, are unknown to plaintiff, who sue said

28  defendants by such fictitious names; plaintiff will amend this Complaint to show the true names and

COMPLAINT                                    1

1  capacities if and when the same are ascertained; and plaintiff is informed and believes, and thereon

2  alleges, that said defendants, and each of them, are responsible in some manner for plaintiff's damages

3  as herein alleged.

4      4.    Plaintiff is informed and believes, and thereon alleges, that, at all times herein mentioned,

5  each of the defendants was the agent of the remaining defendants and, in doing the things herein alleged,

6  was acting within the course and scope of such agency.

7      5.    Plaintiff owned and resided in the property located at 86 San Lucas Avenue, Moss Beach,

8  California ("the property") from 1984 to May, 2009.  A legal description of the property is attached

9  hereto as Exhibit "A".

10     6.    On or about May 7, 2009, a Trustee Sale took place regarding a foreclosure on the

11  property, in which Executive Trustee Service, LLC acquired title to the property.

12     7.    On or about May 12, 2009, Executive Trustee Services, LLC transferred title to Defendant

13  BANK OF NEW YORK and Does 1 through 50.

14     8.    The Trustee Sale was invalid, due to improper notice of sale and default to Plaintiff MOSS,

15  and improper transfers and assignments of beneficial interests in the property, thereby voiding actions

16  by subsequent entities who wrongfully acquired said interests, fraudulent misrepresentations by holders

17  of beneficial interests, and acceptance of funds paid by Plaintiff,

18                      **FIRST CAUSE OF ACTION**

19                      **(SET ASIDE TRUSTEE SALE)**

20     9.    Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through

21  8, inclusive.

22     10.   The Trustee Sale of the property on or about May 7, 2009 must be set aside, due to the

23  failures by parties holding beneficial interests in the property, including Defendant BANK OF NEW

24  YORK and its principals, agents, assignors, assignees and predecessor, to properly follow the required

25  procedures set forth in Civil Code Section 2924 et seq.

26     11.   The Trustee Sale of the property on or about May 7, 2009 must be set aside, due to

27  fraudulent misrepresentations made to Plaintiff by parties holding beneficial interests in the property,

28  including Defendant BANK OF NEW YORK, DOES 1 through 50, and their principals, agents,

COMPLAINT                              2

1   assignors, assignees and predecessor, which induced Plaintiff to reasonably rely on their express and

2   implied assurance regarding loan forbearance and forgiveness, cancellation and postponement of the

3   foreclosure process.

4        12.  The Trustee Sale of the property on or about May 7, 2009 must be set aside, due to

5   acceptance of funds paid by Plaintiff thereby changing the amount of indebtedness and rendering prior

6   notices stating indebtedness to be invalid.

7        13.  Plaintiff reserves the right to claim and articulate further grounds for setting aside the

8   Trustee Sale upon discovery and/or realization of said claims.

9                **SECOND CAUSE OF ACTION**

10                    **(FRAUD)**

11        14.  Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through

12   13, inclusive.

13        15.  In or about July, 2008, Defendant BANK OF NEW YORK's agents, principals,

14   assignors and/or predecessors in interest represented to Plaintiff that said entity would forebear and

15   rescind foreclosure on the property in exchange for a specified payment by Plaintiff.

16        16.  Plaintiff reasonably relied on said representation in paying the specified sum, and on

17   said entities' action acceptance of said payment without objection and cancellation of a scheduled

18   Trustee Sale date.

19        17.  Plaintiff did not receive notice of any subsequently-scheduled Trustee Sale.

20        18.  As a result of the fraudulent activities by Defendant BANK OF NEW YORK, Does 1

21   through 50 and their assignors and predescessors in interest, Plaintiff has been damaged in an amount

22   to be determined at trial.

23                **THIRD CAUSE OF ACTION**

24                  **(QUIET TITLE)**

25        19.  Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through

26   18, inclusive.

27        20.  Plaintiff has valid claims to quiet title to the property which is legally described in

28   Exhibit "A" hereto, due to the invalidity of the Trustee Sale on or about May 7, 2008 arising from

1    numerous violations of Civil Code §2924 et seq., fraudulent misrepresentations regarding forbearance

2    and cancellation of foreclosure process,

3    improper notice, and invalid transfers of interests, as more fully described herein.

4       21.    Wherefore, Plaintiff prays for a judgment quieting title to the property to Plaintiff

5    adverse to the claims of Defendant BANK OF NEW YORK, Does 1 through 50 and any of their agents,

6    principals, assignors, assignees, predecessor and related entities.

7                         **FOURTH CAUSE OF ACTION**

8                         **(DECLARATORY RELIEF)**

9       22.    Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through

10    21, inclusive.

11       23.    An actual controversy has arisen between plaintiff and Defendants BANK OF NEW

12    YORK and Does 1 through 50, in that Plaintiff maintains that the Trustee Sale of the property on or

13    about May 7, 2008 was invalid, and Defendants BANK OF NEW YORK and Does 1 through 50

14    maintain that said Trustee Sale was valid.

15       24.    Plaintiff desires a judicial determination and declaration of regarding the validity of said

16    Trustee Sale and Plaintiff's associated rights to title to the property and monetary damages.

17       WHEREFORE, Plaintiff prays for judgment against Defendants BANK OF NEW YORK and

18    Does 1 through 50 as follows:

19    **AS TO THE FIRST CAUSE OF ACTION**

20       1.    For an order setting aside the Trustee Sale of the property that took place on or about May

21    7, 2009.

22       2.    For incidental damages in an amount to be determined at trial;

23       3.    For reasonable attorneys fees;

24       4.    For costs of suit incurred; and

25       5.    For such other and further relief as the court may deem just and proper.

26    **AS TO THE SECOND CAUSE OF ACTION**

27       1.    For monetary damages in an amount to be determined at trial;

28       2.    For reasonable attorneys fees;

1    3.    For costs of suit incurred; and

2    4.    For such other and further relief as the court may deem just and proper.

3    **AS TO THE THIRD CAUSE OF ACTION**

4    1.    For a judgment quieting title to the property to Plaintiff

5    adverse to the claims of Defendant BANK OF NEW YORK and any of its agents, principals, assignors,

6    assignees, predecessor and related entities.

7    2.    For reasonable attorney's fees;

8    3.    For costs of suit incurred; and

9    4.    For such other and further relief as the court may deem just and proper.

10   **AS TO THE FOURTH CAUSE OF ACTION**

11   1.    For a declaration of the validity of the Trustee Sale of the property;

12   2.    For reasonable attorneys fees as allowed under plaintiff's governing documents;

13   3.    For costs of suit incurred; and

14   4.    For such other and further relief as the court may deem just and proper.

15

16

17   Dated: 7/22/09                    MICHAEL B. ALLEN LAW GROUP, INC.

18

19                          By: _____
                                MARC D. BENDER
20                              Attorneys for Plaintiff ALAN IRVING MOSS

21

22

23

24

25

26

27

28

COMPLAINT                          5



Page No. 6
No. 15070373-099

## Exhibit A
## LEGAL DESCRIPTION

All that certain real property in the County of San Mateo, State of California, described as follows:

Lots 20, 22 and 23, Block 13, as designated on that certain map entitled, "Map of Riviera Ocean Villa Tract, San Mateo County, California", which map was filed in the Office of the Recorder of the County of San Mateo, State of California on June 15, 1908, in Book 6 of Maps at Page 20.

APN No:  037-275-120-6



CERTIFIED TO BE A TRUE AND EXACT
COPY OF THE ORIGINAL.
FIDELITY NATIONAL TITLE INS. CO.

By

# EXHIBIT  THREE

1  | Alan Moss
   | In Pro Per
2  | P.O. Box 721
   | Moss Beach CA 94038
3  | Telephone:  (415)296-7500
   | Facsimile:   (415)296-9034
4  |
   | In Propria Personum
5  |

**FILED**
**SAN MATEO COUNTY**

MAR 1 6 2010

Clerk of the Superior Court
By _____
DEPUTY CLERK

5/18
CUC

6  |
7  |              SUPERIOR COURT OF CALIFORNIA
   |          IN AND FOR THE COUNTY OF SAN MATEO
8  |

9  | ALAN IRVING MOSS,                    )    Action No.  CIV486130
   |                                      )
10 |                        Plaintiff,)   **FIRST AMENDED COMPLAINT TO**
   |                                      )   1.  SET ASIDE TRUSTEE SALE
11 |                                      )   2.  SET ASIDE TRUSTEE SALE AS TO LOT
   |            vs.                       )   3.  FRAUD
12 |                                      )   4.  ESTOPPEL
   |                                      )   5.  QUIET TITLE
13 | THE BANK OF NEW YORK TRUST           )   6.  INTENTIONAL INFLICTION OF
   | COMPANY, AND DOES 1-50,              )       EMOTIONAL DISTRESS
14 | INCLUSIVE                            )   7.  DECLARATORY RELIEF
   |                                      )   8.  BREACH OF CONTRACT
15 |                                      )   9.  ONE ACTION RULE
   |                        Defendants.)      10. ACCOUNTING
16 |                                      )

17 | Plaintiff ALAN IRVING MOSS alleges as follows:

18 |         1.  Plaintiff ALAN IRVING MOSS is, and at all times hereinafter mentioned

19 | was, an individual residing in the County of San Mateo, California.

20 |         2.  Defendant BANK OF NEW YORK TRUST COMPANY, N.A.(hereinafter

21 | "BNY") is, and at all times hereinafter mentioned was, is a business of unknown legal origin

22 | and form, and on information and belief, a banking institution with its principal offices in the

23 | State of New York, which is qualified to do business in the State of California.

24 |         3.  The true names and capacities, whether individual, corporate, associate or

25 | otherwise, of defendants sued herein as Does I through 50, inclusive, are unknown to plaintiff,

26 |

FIRST AMENDED COMPLAINT                                    ACTION NO. CIV486130

1  who sue said defendants by such fictitious names; plaintiff will amend this Complaint to show

2  the true names and capacities if and when the same are ascertained; and plaintiff is informed

3  nd belies, and thereon alleges, that said defendants, and each of them, are responsible in some

4  manner for plaintiff's damages as herein alleged.

5           4. Plaintiff is informed and believes, and thereon alleges, that at all times herein

6  mentioned, each of the defendants was the agent of the remaining defendants nd, in doing the

7  things herein alleged, was acting within the course and scope of such agency.

8           5. Plaintiff has owned and resided in the property located at 86 an Lucas, Moss

9  Beach, California(the "property") continuously from 1984 to May, 2009. A legal description

10  of the property is attached hereto as Exhibit 1.

11           6. . According to public records on file with the Recorders Office of San Mateo

12  County, on or about June 27, 2005, said property was allegedly assigned to Option One Mort-

13  gage by CJ Mortgage Inc.  The trustee listed in said assignment was Alliance Title.  Said al-

14  leged assignment was recorded on April 4, 2007.  A true and correct copy of said assignment

15  as contained in the official records of the County of San Mateo is attached hereto as Exhibit

16  2.  Plaintiff herein never received notice of said assignment.

17           7. According to public records on file with the Recorders Office of San Mateo

18  County, on or about September 18, 2007, a Notice of Default was recorded against said pro-

19  perty.  Said recordation was done by Executive Trustee Services LLC, on behalf of "TCIF

20  REO2, LLC."  A true and correct copy of said assignment as contained in the official records

21  of the County of San Mateo is attached hereto as Exhibit 3.

22           8. Plaintiff never received notice of any Notice of Default or Amended Notice

23  of Default up to and including the present time.

24           9. According to public records on file with the Recorders Office of San Mateo

25  County, on or about September 15, 2007, said property was allegedly assigned to TCIF, LLC

26

---

FIRST AMENDED COMPLAINT                 - 2 -               ACTION NO. CIV486130

1    by Option One Mortgage Inc.  The signature of the assignor was notarized more than four

2    months prior to the signature of the representative of the assignor, on May 7, 2007.  The

3    trustee listed in said assignment was Alliance Title.  Said alleged assignment was recorded

4    on June 16, 2008.  A true and correct copy of said assignment as contained in the official re-

5    cords of the County of San Mateo is attached hereto as Exhibit 4.  Plaintiff herein never re-

6    ceived notice of said assignment

7            10. According to public records on file with the Recorders Office of San Mateo

8    County, on or about April 29, 2008, said property was allegedly assigned to defendant BNY

9    by TCIF, LLC.  The trustee listed in said assignment was Alliance Title.  Said alleged assign-

10   ment was recorded on June 16, 2008.  A true and correct copy of said assignment as con-

11   tained in the official records of the County of San Mateo is attached hereto as Exhibit 5.

12   Plaintiff herein never received notice of said assignment.

13           11. According to public records on file with the Recorders Office of San Mateo

14   County, on or about May 19, 2008, a Notice of Trustees Sale was recorded on said property

15   by ETS Services, LLC , which was, on information and belief, a sub-entity of Executive

16   Trustee Services. A true and correct copy of this document as contained in the official records

17   of the County of San Mateo is attached hereto as Exhibit 6.

18           12. On or about May 7, 2009, a Trustee Sale took place regarding a foreclosure

19   on the property, in which Executive Trustee Services, LLC, as trustee, acquired title to the

20   property.

21           13. On or about May 12, 2009, Executive Trustee Services, LLC prepared a do-

22   cument entitled Trustee's Deed Upon Sale which purported to grant to defendant herein,

23   BNY, title to said property.  A true and correct copy of this document as contained in the offi-

24   cial records of the County of San Mateo is attached hereto as Exhibit 7.

25

26

# FIRST CAUSE OF ACTION

## (SET ASIDE TRUSTEE SALE)

14. Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 - 13 inclusive.

15. The trustee sale of the property on or about May 7, 2009 must be set aside, due to the failures by parties holding beneficial interests in the property, including Defendant BNY and its principals, agents, assignors, assignees and predecessors in interest, to properly follow the procedures required by Civil Code §2924 *et seq.,* including *inter alia*:

A. Failure to publish notice of the trustees sale in a newspaper of general circulation in the County of San Mateo, for three consecutive weeks at least twenty days prior to the noticed sale date;

B. Failure to comply with Civil Code §2923.5, sub-part c, in that the Notice of Sale did not evidence any efforts to contact plaintiff, as required by said section;

C. Failure to post any notice of sale on non-contiguous parcels, to wit Parcel No. 037-275-170, as required by Civil Code §2924;

D. Failure to continue the noticed date of sale with the procedures set forth in Civil Code §2924, including but not limited to exceeding the number of allowable continuances, hence the sale date as carried out was illegal and of no effect;

E. Failure to conduct the sale in a manner designed to protect the best interests of the trustor, plaintiff herein, as required by law;

F. Failure to file, serve, and record an amended Notice of Default as a result of assignments subsequent to the Notice of Default and prior to

the sale of the property, as required by Civil Code §2924c.

G.  Failure to file an amended Notice of Trustee Sale, as required by Civil Code §2934a(e), regarding the substitution of trustee;

H.  The trustee sale of the property on or about May 7, 2009 must be set aside, due to acceptance of funds paid by plaintiff thereby changing the amount of indebtedness and rendering prior notices listing indebtedness to be invalid;

I.  Failure to comply with statutory mandates regarding the proper trustee to conduct a sale and to convey title, and

J.  The defendant herein did not have clear title to the property at the time of the Notice of Default, the Notice of Trustees Sale, or at the time of the sale itself, in that defendant's assignor did not have clear title, the assignment received being null and void because there was, in effect, no signature conveying title appearing on said document, the sig-nature having been notarized four months previously.

16.  For each of the foregoing reasons and failure to comply with the strict sta-tutory requirements required as a prerequisite for a sale, the trustee sale must be set aside.

## SECOND CAUSE OF ACTION
## (SET ASIDE SALE AS TO LOT 20)

17.  Plaintiff incorporates and realleges, as though fully set forth herein, para-graphs 1 - 15 inclusive.

18.  Said trustee's sale sold Lots 20, 22, and 23 as therein described.  Plaintiff's home sits on Lots 22 and 23.  Lot 20 is a non-contiguous parcel which was mistakenly made part of the deed of trust which is the subject of this action.

1     19. No notice of trustees sale was posted on or about Lot 20. The only notice

2  of trustees sale which was served and posted and served as the basis for the trustees sale

3  posted a notice only on the front door of plaintiff's home.

4     20. Failure to post a separate notice of trustees sale on non-contiguous parcels

5  renders any sale of said parcels null and void pursuant to Civil Code §2924.

6     21. The trustees sale of Lot 20 was therefore illegal and must be set aside.

7

8                         **THIRD CAUSE OF ACTION**

9                              **(FRAUD)**

10     22. Plaintiff incorporates and realleges, as though fully set forth herein, para-

11  graphs 1 - 20 inclusive.

12     23. The trustee sale of the property on or about May 7, 2009 must be set aside,

13  due to fraudulent misrepresentations made to plaintiff by parties holding beneficial interests

14  in the property, including Defendant BNY, Does 1 through 50, and their principals, agents,

15  assignors, assignees and predecessor, which induced plaintiff to reasonably rely on their ex-

16  press and implied assurance regarding loan forbearance and forgiveness, cancellation and

17  postponement of the foreclosure process.

18     24. Prior to the date of sale included in the Notice of Trustees Sale, plaintiff

19  telephoned the trustee and was instructed to call GMAC Mortgage to discuss postponement

20  and other possible remedies. GMAC was the servicer on the loan. As a result of said con-

21  versations, plaintiff was assured that by tendering $50,000.00, the sale would be put off. Said

22  funds were forwarded in reliance thereon and confirmed in writing that they were received,

23  and that as a result, the sale would be cancelled. Plaintiff did not receive any further commu-

24  nication from GMAC, the trustee, the assignee or any other representative of BNY(although

25  BNY was unknown to plaintiff at the time). Plaintiff, on multiple occasions, attempted to

26

1 | communicate with GMAC, in writing and otherwise, all to no avail.

2 |     25. In or about June 2008, Defendant BNY 's agents, principals, assignors and/

3 | or predecessors in interest represented to Plaintiff that said entity would forebear and rescind

4 | foreclosure on the property in exchange for a specified payment by plaintiff.

5 |     26. Plaintiff reasonably relied on said representation in paying the specified

6 | sum, and n said entities' action acceptance of said payment without objection and cancellation

7 | of a scheduled trustee sale date.

8 |     27. The trustee sale of the property on or about May 7, 2009 must be set aside,

9 | due to acceptance of funds paid by plaintiff thereby changing the amount of indebtedness and

10 | rendering prior notices sting indebtedness to be invalid.

11 |     28. Plaintiff did not receive notice of any subsequently scheduled trustee sale.

12 |     29. As a result of the fraudulent activities by defendant BNY, Does 1 through

13 | 50 and their assignors ad predecessors in interest, plaintiff has been damaged in an amount

14 | to be determined at trial.

15 |

16 |     **FOURTH CAUSE OF ACTION**

17 |     **(ESTOPPEL)**

18 |

19 |     30. Plaintiff incorporates and realleges, as though fully set forth herein, para-

20 | graphs 1 through 28 inclusive.

21 |     31. Plaintiff was promised by defendant and its agents that his property would

22 | not be sold provided he tendered $50,000.00 in certified funds. Said agreement was me-

23 | morialized in writing. Plaintiff tendered said funds in reliance on said promise.

24 |     32. Notwithstanding said fulfillment of their agreement and detrimental reliance

25 | thereon, all as confirmed in writing, defendant and its agents sold the property to itself, at an

26 |

FIRST AMENDED COMPLAINT                    - 7 -                    ACTION NO. CIV486130

1 │ unannounced and unnoticed sale, unbeknownest to plaintiff.

2 │      33. As a direct and proximate result of the foregoing, plaintiff suffered and con-

3 │ tinues to suffer great irreparable harm, including the loss of his residence for over twenty-four

4 │ years.

5 │      34. As a result of these activities by defendant BNY, Does 1 through 50 and

6 │ their assignors ad predecessors in interest, defendant should be estopped to hold title to said

7 │ property and it should be returned to plaintiff forthwith, together with damages as hereinafter

8 │ set forth.

9 │

10 │ **FIFTH CAUSE OF ACTION**

11 │ **(QUIET TITLE)**

12 │

13 │      35. Plaintiff incorporates and realleges, as though fully set forth herein, para-

14 │ graphs 1 through 34 inclusive.

15 │      36. Plaintiff has valid claims to quiet title to the property which is legally des-

16 │ cribed in Exhibit "A" hereto, due to the invalidity of the trustee sale on or about May 7, 2009

17 │ arising from numerous violations of Civil Code §2924 *et seq.* , fraudulent misrepresentations

18 │ regarding forbearance and cancellation of foreclosure process, improper notice, and invalid

19 │ transfers of interests, as more fully described herein.

20 │      37. Wherefore, Plaintiff prays for a judgment quieting title to the property to

21 │ plaintiff adverse to the claims of defendant BNY, Does 1 through 50 and any of their agents,

22 │ principals, assignors, assignees, predecessor and related entities.

23 │

24 │ **SIXTH CAUSE OF ACTION**

25 │ **(DECLARATORY RELIEF)**

26 │

**First Amended Complaint**       - 8 -       ACTION NO. CIV486130

38.  Plaintiff incorporates and realleges, as though fully set forth herein, para-graphs 1 through 37 inclusive.

39.  An actual controversy has arisen between plaintiff and defendants BNY and Does 1 through 50, in that plaintiff maintains that the trustee sale of the property on or about May 7, 2009 was invalid, and defendants BNY and Does 1 through 50 maintain that said trustee sale was valid.

40.  Plaintiff desires a judicial determination and declaration of regarding the validity of said trustee sale and plaintiff's that took place on or about May 7, 2009.

## SEVENTH CAUSE OF ACTION
## (INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS)

41.  Plaintiff incorporates and realleges, as though fully set forth herein, para-graphs 1 through 40 inclusive.

42.  Defendant BNY, Does 1 through 50 and any of their agents, principals, assignors, assignees, predecessor and related entities are in the business of real estate and knew or should have known of the requirements of State law regarding the sale of real pro-perty. Defendants, and each of them, deliberately and carelessly, or with such callous dis-regard for State law that it amounted to deliberateness, violated the requirements of State law as set forth hereinabove.

43.  Defendants intentionally, with callous disregard for plaintiff, and with malice aforethought violated numerous requirements of State law, and as a direct and proximate result, plaintiff was severely injured and made to suffer for months on end as this process went forward.

FIRST AMENDED COMPLAINT                    - 9 -                    ACTION NO. CIV486130

44. As further evidence of said malice and deliberate indifference, plaintiff was unable to communicate with anyone at defendant BNY concerning these events, including attorneys then representing plaintiff. As further evidence of this, defendants attorney failed and refused to return telephone messages left by plaintiff's attorneys, despite a court order to do so, and in addition, failed and refused to return messages and written requests from plaintiff herein.

45. Wherefore, plaintiff prays as hereinafter set forth.

## EIGHTH CAUSE OF ACTION
## (BREACH OF CONTRACT)

46. Plaintiff incorporates and realleges, as though fully set forth herein, paragraphs 1 through 45 inclusive.

47. At all times relevant herein, defendant, on information and belief, defendant employed GMAC to act as a loan servicer on behalf of defendant, and in all material ways, gave GMAC full authority to act on its behalf, such that the actions of GMAC regarding the loan at issue herein, became the actions of defendant.

48. On or about June 18, 2010, plaintiff and employees of GMAC entered into a contract, pursuant to which GMAC would cancel the trustees sale presently scheduled in exchange for the payment of $50,000.00 in certified funds. Said contract was confirmed in writing by plaintiff. At no time, up to and including the present time, has GMAC or defendant ever challenged the existence of said contract or in any way, undertook any actions to rescind said contract.

49. Plaintiff, in reliance thereon, tendered $50,000.00 in certified funds to GMAC, the receipt of which was confirmed.

1    50. The trustees sale aforementioned hereinabove was therefore a breach of the

2  contract entered into between plaintiff and defendants agents.

3    51. Wherefore, plaintiff prays as hereinafter set forth

4

5    **NINTH CAUSE OF ACTION**

6    **(VIOLATION OF ONE ACTION RULE)**

7

8    52. Plaintiff incorporates and realleges, as though fully set forth herein, para-

9  graphs 1 through 51 inclusive.

10    53. CCP §726 requires that there be one form of action for recovery of any debt

11  or the enforcement of any right secured by mortgage upon real property.

12    54. Defendant sought from plaintiff and obtained the payment of monies, as set

13  forth hereinabove.

14    55. Defendant, at the same time, sought to, and did, foreclose on the subject

15  property.

16    56. By taking the actions set forth herein, defendant violated CCP §726.

17    57. Wherefore, plaintiff prays as hereinafter set forth.

18

19    **TENTH CAUSE OF ACTION**

20    **(ACCOUNTING)**

21    58. Plaintiff incorporates and realleges, as though fully set forth herein, para-

22  graphs 1 through 57 inclusive.

23    59. The amounts of money set forth in the Notice of Default, the Notice of

24  Trustees Sale, and the Trustees Deed Upon Sale are erroneous and incorrect. In addition, any

25  fees charged by the trustee or other agents are incorrect.

26

FIRST AMENDED COMPLAINT                   - 11 -                   ACTION NO. CIV486130



60.  Wherefore, plaintiff prays as hereinafter set forth.

WHEREFORE, plaintiff prays for judgment against Defendants BNY and Does 1 through 50 as follows:

AS TO THE FIRST CAUSE OF ACTION:

1.  For an order setting aside the trustee sale of the property that took place on or about May 7, 2009.

2.  For incidental damages in an amount to be determined at trial;

3.  For reasonable attorney fees;

4.  For costs of suit incurred; and

5.  For such other and further relief as the court may deem just and proper.

AS TO THE SECOND CAUSE OF ACTION:

1.  For an order setting aside the trustee sale of the property as to Lot 20 that took place on or about May 7, 2009.

2.  For incidental damages in an amount to be determined at trial;

3.  For reasonable attorney fees;

4.  For costs of suit incurred; and

5.  For such other and further relief as the court may deem just and proper.

AS TO THE THIRD CAUSE OF ACTION:

1.  For monetary damages, both compensatory and punitive, in an amount to be determined at trial;

1  2. For reasonable attorney fees;

2  3. For costs of suit incurred; and

3  4. For such other and further relief as the court may deem just and proper.

4

5  AS TO THE FOURTH CAUSE OF ACTION:

6  1. For an order setting aside the trustee sale of the property that took place on or about May

7  7, 2009.

8  2. For incidental damages in an amount to be determined at trial;

9  3. For reasonable attorney fees;

10  4. For costs of suit incurred; and

11  5. For such other and further relief as the court may deem just and proper.

12

13  AS TO THE FIFTH CAUSE OF ACTION:

14  1. For a judgment quieting title to the property to plaintiff adverse to the claims of defendant

15  Bank of New York and any of its agents, principals, assignors, assignees, predecessor and

16  related entities.

17  2. For reasonable attorney fees;

18  3. For costs of suit incurred; and

19  4. For such other and further relief as the court may deem just and proper.

20

21  AS TO THE SIXTH CAUSE OF ACTION:

22  1. For a declaration that  the trustee sale of the property was invalid *ab initio* and null and

23  void.

24  2. For reasonable attorneys fees as allowed under plaintiff's governing documents;

25  3. For costs of suit incurred; and

26

FIRST AMENDED COMPLAINT                                    - 13 -                        ACTION NO. CIV486130

4. For suck other and further relief as the court may deem just and proper.

AS TO THE SEVENTH CAUSE OF ACTION:

1. For monetary damages, both compensatory and punitive, in an amount to be determined at trial;

2. For reasonable attorney fees;

3. For costs of suit incurred; and

4. For such other and further relief as the court may deem just and proper.

AS TO THE EIGHTH CAUSE OF ACTION:

1. For an order setting aside the trustee sale of the property that took place on or about May 7, 2009.

2. For damages in an amount to be determined at trial;

3. For reasonable attorney fees;

4. For costs of suit incurred; and

5. For such other and further relief as the court may deem just and proper.

AS TO THE NINTH CAUSE OF ACTION:

1. For an order setting aside the trustee sale of the property that took place on or about May 7, 2009.

2. For damages in an amount to be determined at trial;

3. For reasonable attorney fees;

4. For costs of suit incurred; and

5. For such other and further relief as the court may deem just and proper.

1  AS TO THE TENTH CAUSE OF ACTION:

2  1.  For a certified accounting of all amounts set forth and charged or claimed to be owing

3  since the onset of the note which is the subject of this action;

4  2. For reasonable attorney fees;

5  3.  For costs of suit incurred; and

6  4. For such other and further relief as the court may deem just and proper.

7

8

9  Dated: March *15*, 2010.                    Respectfully submitted,

10

11

12

13                                              ALAN MOSS
                                                In Propria Persona
14

15

16

17

18

19

20

21

22

23

24

25

26

FIRST AMENDED COMPLAINT                    - 15 -                ACTION NO. CIV486130