```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
In re:                                                      :
                                                            :
RESIDENTIAL CAPITAL, LLC, et al.,                           :
                                                            :
                              Debtors.                      :
                                                            :
------------------------------------------------------------X
                                                            :
YOSEF LE ROI MUSTAFANOS,                                    :
Representative for the Estate of James Jackson              :
Marshall,                                                   :
                                                            :
                              Appellant,                    :
                                                            :
              -v-                                           :
                                                            :
ALLY FINANCIAL, INC. and THE RESCAP                         :
LIQUIDATING TRUST,                                          :
                                                            :
                              Appellees.                    :
                                                            :
------------------------------------------------------------X
```

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: SEP 2 3 2014

No. 14-cv-4490-RA

MEMORANDUM DECISION AND ORDER

RONNIE ABRAMS, United States District Judge:

Appellant Yosef Le Roi Mustafanos, proceeding *pro se* on behalf of the estate of his father, James Jackson Marshall, appeals the Bankruptcy Court's April 21, 2014 Order denying his motion for relief from the automatic stay so that he can prosecute state law claims against debtors GMAC Mortgage LLC and Residential Capital LLC and non-debtor Ally Financial, Inc. (Bankr. Dkt. 6806.) On July 14, 2014, Ally Financial, Inc. moved to dismiss the appeal on the grounds that (1) the Court lacks jurisdiction to consider the appeal since Appellant failed to timely file a notice of appeal and (2) the appeal is mooted by Appellant's dismissal of his state law claims against Ally Financial, Inc. with prejudice, pursuant to the Bankruptcy Court's April 21, 2014 Order. (Dkt. 6.)

As of the date of this Order, Appellant has not filed an appellate brief or an opposition to Appellee's motion. By letter dated September 15, 2014, which will be docketed along with this Order, Ally Financial, Inc. asks the Court to dismiss Appellant's appeal for failure to prosecute in addition to the reasons set forth in its motion. As Appellant has had more than ample opportunity to submit an opposition to Appellee's motion, and as "Federal Courts are obliged to consider the question of federal subject matter jurisdiction *sua sponte*," Cooper Square Realty, Inc. v. Jensen, 04 Civ. 01011 (CSH), 2004 WL 2813132, at *1 (S.D.N.Y. Dec. 7, 2004), the Court considers Appellee's motion without the benefit of Appellant's briefing and concludes that it lacks jurisdiction to consider Appellant's appeal.

## BACKGROUND

The present appeal is taken from the Bankruptcy Court's April 21, 2014 Order in which the Bankruptcy Court denied Appellant's motion to lift the automatic stay to prosecute state law claims against debtors GMAC Mortgage LLC and Residential Capital LLC and non-debtor Ally Financial, Inc. Appellant's Notice of Appeal is dated May 5, 2014, but is stamped as having been received by the Bankruptcy Court Clerk's Office on May 14, 2014. (Bankr. Dkt. 6966.) The appeal was entered on this Court's docket on June 23, 2014, and in accordance with Rule 8009 of the Federal Rules of Bankruptcy Procedure, Appellant's appellate brief was due on July 7, 2014. Fed. R. Bankr. P. 8009. Appellant, however, did not file an appellate brief. On July 14, 2014, Ally Financial, Inc. moved to dismiss the appeal. (Dkt. 6.) Appellant has not filed an opposition.

## DISCUSSION

Federal Rule of Bankruptcy Procedure 8002(a) provides, in relevant part, that a "notice of appeal shall be filed with the clerk within 14 days of the date of the entry of the judgment, order,

2

or decree appealed from." Fed. R. Bankr. P. 8002(a). Filing of a notice of appeal "occurs upon receipt in the clerk's office." Am. Exp. Travel Related Servs. Co. v. Farley, 146 B.R. 82, 82 (S.D.N.Y. 1992); see also One Stop Realtour Place, Inc. v. Allegiance Telecom Liquidating Trust, 05 Civ. 6861 (GBD), 2005 WL 3312248, at *1 (S.D.N.Y. Dec. 5, 2005) ("[F]iling of a notice of appeal is not complete until the clerk actually receives the notice."). Failure to file a timely notice of appeal is jurisdictional in nature. See In re Siemon, 421 F.3d 167, 169 (2d Cir. 2005) ("[T]he time limit contained in Rule 8002(a) is jurisdictional, and . . . in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal, regardless of whether the appellant can demonstrate 'excusable neglect.'"). Therefore, to the extent that Appellant did not timely file his Notice of Appeal, this Court has "no choice but to dismiss" his appeal. In re Harris, 464 F.3d 263, 270 (2d Cir. 2006).

In accordance with Federal Rule of Bankruptcy Procedure 8002(a), Appellant's Notice of Appeal from the Bankruptcy Court's April 21, 2014 Order was due on May 5, 2014. Although Appellant's Notice of Appeal is dated May 5, 2014, the Clerk's Office stamped Appellant's Notice as having been received on May 14, 2014, nine days after it was due. (Bnk. Dkt. 6966.) There is no indication in the record that the Notice of Appeal was, or would have been, received by the Clerk's Office prior to May 14, 2014, when it was stamped. The record further reflects that Appellant did not move for an extension of time in which to file his Notice of Appeal in accordance with Federal Rule of Bankruptcy Procedure 8002(c)(2), and the time for so moving has long since passed. See Fed. R. Bankr. P. 8002(c)(2); Delafield 246 Corp. v. City of New York, 07 Civ. 6238 (LAP), 2007 WL 4103830, at *1 (S.D.N.Y. Nov. 13, 2007) ("Even if Delafield were to move the Bankruptcy Court for an extension of time in which to have its Notice of Appeal considered to be timely, that motion would be futile at this late date.").

Consequently, the Court concludes that Appellant's Notice of Appeal was untimely. The Court therefore lacks jurisdiction to consider his appeal. See Petite-El v. WorldCom, Inc., 05 Civ. 3179 (PAC), 2006 WL 27443, at *2 & n.5 (S.D.N.Y. Jan. 4, 2006) (dismissing appeal as untimely where appellant mailed notice of appeal on last date on which to request an extension but notice was not "received" by Clerk's Office until seven days later).

## CONCLUSION

For the reasons stated above, Ally Financial, Inc.'s motion to dismiss Appellant's appeal as untimely is granted and the appeal is dismissed. The Clerk of Court is respectfully directed to close item-number six on the docket and close the case.

SO ORDERED.

Dated:    September 23, 2014
         New York, New York

Ronnie Abrams
United States District Judge

# KIRKLAND & ELLIS LLP
AND AFFILIATED PARTNERSHIPS

Justin Ryan Bernbrock
To Call Writer Directly:
(312) 862-3412
justin.bernbrock@kirkland.com

300 North LaSalle
Chicago, Illinois 60654

(312) 862-2000

www.kirkland.com

Facsimile:
(312) 862-2200

September 15, 2014

**VIA FEDERAL EXPRESS**

Honorable Ronnie Abrams
Thurgood Marshall United States Courthouse
Courtroom 1506
40 Foley Square
New York, New York 10007

Re: *Mustafanos v. Ally Financial Inc. et al.*, Case No. 14-cv-04490

Dear Judge Abrams:

This firm represents Ally Financial, Inc. ("*Ally*") in the above-referenced bankruptcy appeal (the "*Appeal*"), which arose from the chapter 11 cases of Residential Capital, LLC and its subsidiaries (Bankr. S.D.N.Y., Case No. 12-12020).

The Appeal was docketed with this Court on June 23, 2014, and the Appellant's opening brief was due by July 7, 2014. The Appellant has not, however, filed an opening brief. On July 14, 2014, after the due date for the Appellant's opening brief, Ally filed a motion to dismiss the Appeal (the "*Motion*"). *See* Appellee's Mot. to Dismiss Appeal [ECF No. 6]. The Appellant did not respond to Ally's Motion. Accordingly, Ally respectfully requests that the Court dispose of this matter because the Appellant has failed to prosecute the Appeal and for the reasons set forth in Ally's Motion.

Very truly yours,

KIRKLAND & ELLIS LLP

Justin Ryan Bernbrock

cc: Rev. Yousef Le Roi Mustafanos
     Mr. Norman Rosenbaum, Esq.
     Mr. Daniel Harris, Esq.

Beijing    Hong Kong    Houston    London    Los Angeles    Munich    New York    Palo Alto    San Francisco    Shanghai    Washington, D.C.