**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

**IN RE RESIDENTIAL CAPITAL, LLC,**

**DEBTOR.**

---

**CARLA JACKSON,**

**Appellant,**

**- against -**

**RESCAP BORROWER CLAIMS TRUST,**

**Appellee.**

---

**14 Cv. 2427 (JGK)**

**MEMORANDUM OPINION AND ORDER**

**JOHN G. KOELTL, District Judge:**

Pro se plaintiff-appellant Carla Jackson appeals from an order of the United States Bankruptcy Court for the Southern District of New York (Glenn, J.) disallowing and expunging her proof of claim. Jackson appears to allege that GMAC Mortgage, LLC ("GMACM") acquired her mortgage note through false documentation, forged signatures, and "identity theft." The bankruptcy court held that Jackson's claims were barred by judicial estoppel and lacked merit. For the following reasons, the appeal is dismissed for lack of jurisdiction.

**I.**

In May 2004, Jackson received a home mortgage loan from Option One Mortgage Corporation ("Option One"), and executed a

note for $240,000. The loan was secured by Jackson's home, and GMACM serviced the loan. The note authorized Option One to assign its interest in the loan without providing Jackson with prior notice. Delehey Decl. Ex. A ¶ 19. In June 2008, Option One assigned the note to GMACM. Delehey Decl. Ex. B.

In June 2005, Jackson filed the first of three Chapter 13 bankruptcy petitions in the Bankruptcy Court for the Southern District of Alabama. See In re Jackson, No. 05-13142 (Bankr. S.D. Ala. June 1, 2005). GMACM—then the mortgage loan servicer—filed two proofs of claim. The first claim was for the remaining principal and interest due on the note, and the second claim was for supplemental arrearages. In October 2005, the bankruptcy court confirmed Jackson's Chapter 13 plan. The plan required Jackson to make timely post-petition payments on the mortgage note and on any supplemental arrearages. In re Jackson, No. 05-13142 (Bankr. S.D. Ala. June 6, 2005).

Having failed to receive any payments from Jackson, GMACM moved to lift the automatic stay. The bankruptcy court conditionally denied the motion, subject to the following conditions: (1) Jackson had to pay the supplemental arrearages; (2) GMACM could file a proof of claim for the supplemental arrearages; (3) Jackson was required to make timely post-petition payments to GMACM in accordance with her Chapter 13 plan; and (4) if Jackson failed to cure a default, the automatic

stay would terminate automatically, and GMACM and Option One could then enforce their rights under the mortgage note. In re Jackson, No. 05-13142 (Bankr. S.D. Ala. Mar. 1, 2006). The order allowed Jackson to "cure any said default on two (2) separate occasions only. Upon the third default, . . . the automatic stay [would] automatically terminate." Id.

Jackson failed to make timely mortgage payments, GMACM notified her of the default, and Jackson failed to cure. Delehey Decl. Ex. D. As a result, the automatic stay terminated, GMACM and Option One were entitled to foreclose, and the bankruptcy court thus reduced and allowed GMACM's claims to the amount paid. See In re Jackson, No. 05-13142 (Bankr. S.D. Ala. Sept. 20, 2009). The bankruptcy court issued a discharge order in January 2010. As Judge Glenn explained, "By operation of (1) the Chapter 13 Plan, (2) the Confirmation Order, (3) Bankruptcy Code sections 1322(b)(2), (b)(5) and 1328(a), and (4) the relief granted in the First GMACM Stay Relief Order, Ms. Jackson was not discharged of her obligations under the Loan, including payment of Arrearages, Supplemental Arrearages, and postpetition monthly payments." Bankr. Op. at 6.

In October 2010, Jackson filed a second Chapter 13 petition for relief. In Jackson, No. 10-04820 (Bankr. S.D. Ala. Oct. 15, 2010). In December 2010, the bankruptcy court dismissed the

petition for “failure to pay Chapter 13 plan payments.” In re Jackson, No. 10-04820 (Bankr. S.D. Ala. Dec. 20, 2010).

In April 2011, Jackson filed her third Chapter 13 petition for bankruptcy relief. In re Jackson, No. 11-01545 (Bankr. S.D. Ala. Apr. 18, 2011). In her schedules and statement of financial affairs, Jackson failed to list any potential claims against GMACM or Option One. Delehey Decl. Ex. G. In July 2011, GMACM filed a motion to lift the automatic stay because Jackson was still in default on the mortgage loan. The bankruptcy court conditionally denied the request, subject to Jackson making regular payments on the mortgage note and on any outstanding arrearages. In re Jackson, No. 11-01545 (Bankr. S.D. Ala. Aug. 29, 2011).

In October 2011, GMACM filed a notice of the automatic stay’s termination because Jackson had again failed to make timely payments on the mortgage note. In December 2011, the bankruptcy court denied Jackson’s motion to reinstate the automatic stay. In re Jackson, No. 11-01545 (Bankr. S.D. Ala. Dec. 28, 2011). In October 2011, Jackson filed an amendment to her Chapter 13 plan that stated GMACM’s “mortgage note is contested and protected. Delehey Decl. Ex. H. On March 12, 2012, Jackson deleted the amendment. Delehey Decl. Ex. I.

The bankruptcy court confirmed Jackson’s Chapter 13 plan in March 2012. However, the court dismissed the petition in

September 2012 because Jackson had failed to comply with the plan. In re Jackson, No. 11-01545 (Bankr. S.D. Ala. Sept. 27, 2012).

In January 2012, Jackson filed a complaint against GMACM in Alabama state court. Delehey Decl. Ex. J. Jackson appeared to allege that GMACM did not own her note and that GMACM did not repair hurricane damage to her property. Id. GMACM removed the action to the United States District Court for the Southern District of Alabama. Jackson v. GMAC Mortgage, No. 12-00111 (S.D. Ala. 2011). In March 2012, GMACM filed a motion to dismiss based on judicial estoppel and Jackson's failure to comply with pleading standards. In May 2012, GMACM filed a voluntary Chapter 11 petition for bankruptcy, which was consolidated with a Chapter 11 petition filed by Residential Capital, LLC. The District Court for the District of Alabama accordingly stayed Jackson's suit pursuant 11 U.S.C. § 362.

In June 2012, GMACM foreclosed on Jackson's home and purchased it at a non-judicial foreclosure sale. Delehey Decl. Ex. K. As of January 2014, Jackson appears to remain in possession of the property. Bankr. Op. at 4.

In November 2012, Jackson filed a proof of claim in the GMACM bankruptcy, alleging that GMACM "stole" her identity and requesting $100,000,000 in damages. GMACM objected. On January 27, 2014, the bankruptcy court sustained GMACM's objection and

quashed the proof of claim. The court held that because Jackson failed to list her claims against GMACM in the asset schedules that she filed in her third bankruptcy, the claims were barred by judicial estoppel. In the alternative, the bankruptcy court held that Jackson's claims lacked merit.

Jackson filed a notice of appeal on February 11, 2014. In re Residential Capital, No. 12-12020 (S.D.N.Y. Feb. 11, 2014), ECF No. 6487.

**II.**

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure requires a notice of appeal to "be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." Compliance with Rule 8002(a) is jurisdictional, and "in the absence of a timely notice of appeal in the district court, the district court is without jurisdiction to consider the appeal," even in the case of a pro se litigant. Simeon v. Emigrant Savings Bank (In re Siemon), 421 F.3d 167, 169 (2d. Cir. 2005) (per curiam); see also Surabian v. Picard, No. 13cv935, 2014 WL 917091, at *1 (S.D.N.Y. Mar. 7, 2014) (two days late); Chaturvedi v. O'Connell, No. 08cv249, 2008 WL 2276690, at *2 (S.D.N.Y. June 2, 2008) (one day late), aff'd, 335 F. App'x 145, 146 (2d Cir. 2009); Fed. R. Bankr. P. 9022 ("Lack of notice of the entry does not affect the time to appeal or relieve or authorize the court to relieve a

party for failure to appeal within the time allowed, except as permitted in Rule 8002.”).[1]

Here, the fourteen-day period for filing a notice of appeal from the bankruptcy court’s judgment ended on February 10, 2014. The notice of appeal was filed on February 11, 2014. Accordingly, the appeal was untimely, and it must be dismissed for lack of jurisdiction.

**III.**

For purposes of completeness, it should be noted that the bankruptcy court did not err in disallowing and expunging Jackson’s proof of claim.

**A.**

The exact criteria for invoking judicial estoppel will vary based on “specific factual contexts,” but judicial estoppel typically is appropriate when a party’s position is clearly inconsistent with an earlier litigation position, the party persuaded a court to accept the earlier position, and the party will obtain a benefit from the new position. New Hampshire v. Maine, 532 U.S. 742, 750–51 (2001). In this Circuit, estoppel

[1] Before the time to appeal has expired, an appellant can file a written motion with the bankruptcy court seeking to extend the time to file a notice of appeal, except that a motion filed not later than twenty-one days after the expiration of the time for filing a notice of appeal may be granted only on a showing of excusable neglect. Fed. R. Bankr. P. 8002(c)(2). There is no evidence that such a motion was filed in this case.

only applies "to situations where the risk of inconsistent results with its impact on judicial integrity is certain." Uzdavines v. Weeks Marine, Inc., 418 F.3d 138, 148 (2d Cir. 2005) (internal quotation marks omitted) (quoting Simon v. Safelite Glass Corp., 128 F.3d 68, 72 (2d Cir. 1997)). Because judicial estoppel is an equitable doctrine applied in a court's discretion, this Court will not overturn the bankruptcy court's decision absent an abuse of discretion. See Pereia v. Dow Chem. Co. (In re Trace Int'l Holdings, Inc.), No. 04cv1295, 2009 WL 1810112, at *2 (S.D.N.Y. June 25, 2009). The bankruptcy court did not abuse its discretion in holding that Jackson's claims are barred by judicial estoppel.

Jackson's proof of claim is inconsistent with a prior factual representation that she made to the Bankruptcy Court for the District of Alabama. In the schedules and statement of financial affairs filed pursuant to her third bankruptcy petition, Jackson did not list her causes of action against GMACM as an asset. Subsection 521(a) of title 11 of the United States Code requires a debtor to file a schedule of assets and liabilities. See Seward v. Devine, 888 F.2d 957, 963 (2d Cir. 1989). The Second Circuit Court of Appeals recently held that a party may be judicially estopped from taking a litigation position inconsistent with a previously filed asset schedule. See Adelphia Recovery Trust v. Goldman, Sachs & Co., 748 F.3d

110, 117–19 (2d Cir. 2014). And courts in this District have held that a petitioner has a duty to disclose any known contingent or unliquidated claims. See, e.g., Grammer v. Mercedes Benz of Manhattan, No. 12cv6005, 2014 WL 1040991, at *3–4 (S.D.N.Y. Mar. 13, 2014); Kunica v. St. Jean Fin., Inc., 233 B.R. 46, 57–58 (S.D.N.Y. 1999); Rosenshein v. Kleban, 918 F. Supp. 98, 104 (S.D.N.Y. 1996). Indeed, Official Bankruptcy Form 6B, which requires a Chapter 13 petitioner "to list all personal property of the debtor of whatever kind" and which Jackson completed, identifies "contingent and unliquidated claims of every nature" as a form property that must be listed by the petitioner.

Jackson should have known that she had claims against GMACM when she completed her asset schedule. Although less than clear, her proof of claim appears to assert (a) that GMACM did not hold her note, (b) that any documents suggesting otherwise are fraudulent, and (c) that because she was discharged from her first bankruptcy, she owes GMACM nothing. These events occurred before she filed her third petition for bankruptcy. Jackson received a discharge in her first bankruptcy in January 2010. Option One assigned Jackson's note to GMACM in 2008, and Jackson likely was aware of the assignment because her second bankruptcy petition—filed in October 2010—listed GMACM as a creditor. In re Jackson, No. 10-04820 (Bankr. S.D. Ala. Oct. 15, 2010).

Nor did the bankruptcy court err in finding that the omission was not "a good faith mistake or an unintentional error." Mitchell v. Washingtonville Cent. Sch. Dist., 190 F.3d 1, 6 n.2 (2d Cir. 1999) (internal quotation marks omitted) (quoting Simon v. Safelite Glass Corp., 128 F.3d 68, 73 (2d Cir. 1997)). Jackson does not dispute that she knew of her potential claims against GMACM during her third bankruptcy. Moreover, Jackson—who was then represented by counsel—knew that she must include unliquidated claims in her asset schedule; her schedule lists an unliquidated claim against Farmers Insurance. Delehey Decl. Ex. G.

While not raised by the parties, it should be noted that the dismissal of Jackson's third Chapter 13 petition, after the bankruptcy court had confirmed the plan, should not affect the application of judicial estoppel. The Second Circuit Court of Appeals recently held that if a bankruptcy court dismisses a Chapter 13 petition before *confirming* the debtor's plan, the debtor will not be estopped from later prosecuting a cause of action not listed in the asset schedule. See Crawford v. Franklin Credit Mgmt. Corp., 758 F.3d 473, 486 (2d Cir. 2014). In other words, without confirmation, there is no judicial acceptance. Id. However, the Second Circuit Court of Appeals has not yet addressed a case such as the present one, where a

petitioner's Chapter 13 plan is confirmed but the bankruptcy petition is subsequently dismissed.

A majority of courts have held that the confirmation of a debtor's Chapter 11 or 13 plan qualifies as acceptance for judicial estoppel purposes, even if the debtor's petition is later dismissed. See Williams v. Hainje, 375 F. App'x 625, 627–28 (7th Cir. 2010); Casanova v. Pre Solutions, Inc., 228 F. App'x 837, 8441 (11th Cir. 2007); Jethroe v. Omnova Solutions, Inc., 412 F.3d 598, 599–600 (5th Cir. 2005); Hamilton v. State Farm Fire & Cas. Co., 270 F.3d 778, 783–86 (9th Cir. 2001); Kunica, 233 B.R. at 58; see also White v. Wyndham Vacation Ownership, Inc., 617 F.3d 472, 474–45, 479–82 (6th Cir. 2010) (applying judicial estoppel when the Chapter 13 debtor had not yet received a discharge).

The fact that Jackson's Chapter 13 plan was dismissed after confirmation should not affect the application of judicial estoppel. Even if a debtor's bankruptcy petition is dismissed before discharge, a bankruptcy court still "accepts" the veracity of the plaintiff's asset schedules when it confirms a Chapter 13 plan. Jethroe, 212 F.3d at 600. The purpose of judicial estoppel is to protect the integrity of the judicial process. A debtor should not be able to obtain the benefits of failing to list an asset and then reverse course after obtaining the benefit of a plan confirmation. Williams, 375 Fed. App'x at

627–28. Moreover, allowing a debtor to assert a cause of action omitted from the schedule of assets would promote gamesmanship. A Chapter 13 petitioner could bring a suit, omit that suit from the asset schedule, and adopt a wait-and-see strategy. If the unlisted lawsuit has promise, the debtor could then voluntarily dismiss the Chapter 13 petition, even after confirmation. That approach would undermine the integrity of the judicial process. Id. at 628.

Courts in this Circuit have not consistently required that a petitioner obtain an unfair advantage from a new litigation position. See Adelphia Recovery Trust, 748 F.3d at 116; Raizberg v. JV CJSC Gulfstream Sec. Sys., No. 11cv8498, 2013 WL 1245545, at *4–6 (S.D.N.Y. Mar. 26, 2013). Nonetheless, Jackson received a financial benefit even though her debts were not discharged. The automatic stay prevented GMACM from immediately foreclosing on Jackson's house, and the Chapter 13 plan temporarily relieved Jackson of most of her debts without further interest or penalty.

Accordingly, the bankruptcy court did not abuse its discretion in holding that Jackson's claims are barred by judicial estoppel.

**B.**

Nor did the district court err in finding that Jackson's claims lack merit. The bankruptcy court's factual findings are

reviewed for clear error, and its legal conclusions are reviewed de novo. Unsecured Claims Estate Representative of Teligent, Inc. v. Cigna Healthcare, Inc. (In re Teligent, Inc.), 326 B.R. 219, 224 (S.D.N.Y. 2005).

Jackson's claims are difficult to discern. The bankruptcy court reasonably concluded that Jackson asserted that her mortgage note had been discharged in her first bankruptcy, that she had paid the note in full, and that GMACM did not own the note. There is no evidence to support these claims. The discharge in the first Chapter 13 bankruptcy did not relieve Jackson of her obligation to make payments on the mortgage note. See 11 U.S.C. § 1322(b)(2), (b)(5). There is no evidence to suggest that she paid the note in full. And Option One properly assigned the mortgage note to GMACM. Delehey Decl. Ex. A ¶ 19.

Accordingly, the bankruptcy court did not err in sustaining GMACM's objection and quashing Jackson's proof of claim.

**CONCLUSION**

The Court has considered all of the arguments of the parties. To the extent not specifically addressed above, the remaining arguments are either moot or without merit. The appeal from the order of the bankruptcy court sustaining GMACM's objection and quashing Jackson's proof of claim is **dismissed for**

**lack of jurisdiction**. The Clerk is directed to close all pending motions and to close this case.

**SO ORDERED.**

**Dated: New York, New York**
**October 8, 2014**

**_____________/s/_______________**
**John G. Koeltl**
**United States District Judge**