Patrick L. Robson
Joseph J. Saltarelli
HUNTON & WILLIAMS LLP
200 Park Avenue, 52nd Floor
New York, N.Y. 10166-0136
(212) 309-1000

*Attorneys for Plaintiff Ocwen Loan Servicing, LLC*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------X
In re:

RESIDENTIAL CAPITAL LLC, et al.,

                Debtors.

OCWEN LOAN SERVICING, LLC,

                Plaintiff,

vs.

THE RESCAP LIQUIDATING TRUST,
a Delaware Statutory Trust,

                Defendant.
------------------------------------------------------------X

Case NO. 12-12020 (MG)

Chapter 11

Jointly Administered

Adv. Pro. No. _____

## COMPLAINT

Plaintiff Ocwen Loan Servicing, LLC ("Ocwen"), by counsel, as and for its Complaint against Defendant, The ResCap Liquidating Trust, a Delaware Statutory Trust ("ResCap Trust"), alleges:

### NATURE OF THE ACTION

1.     In November 2012, Ocwen and Residential Capital, LLC ("ResCap") entered into an asset purchase agreement whereby Ocwen purchased from ResCap, among other things,

certain mortgage servicing rights. Under the asset purchase agreement and related agreements subsequently entered into between the parties, ResCap was obligated but thereafter refused to pay directly the costs associated with third party vendors' segregation, removal, repackaging, and relocation of the records purchased by Ocwen. ResCap's rights and obligations under the asset purchase agreement and related agreements have since been assumed by the ResCap Trust, which has similarly refused to pay such costs directly in breach of the agreements. Moreover, because an actual controversy exists between the parties as to the ResCap Trust's obligation to pay such costs directly, Ocwen seeks a declaratory judgment that, pursuant to the agreements, the ResCap Trust is obligated to pay the costs described above.

## PARTIES

2.      Ocwen is a Delaware limited liability company with its principal place of business at 1661 Worthington Road, Suite 100, West Palm Beach, Florida.

3.      Upon information and belief, the ResCap Trust is a Delaware Statutory Trust created pursuant to the terms of that certain Amended and Restated ResCap Liquidating Trust Liquidating Trust Agreement by and among the Liquidating Trustees, Wilmington Trust, National Association, Manufacturers and Traders Trust Company, Residential Capital, LLC and the Other Debtors Listed on the Signature Page thereto, dated and effective as of December 17, 2013 (the "ResCap Liquidating Trust Agreement"). The ResCap Trust has its principal place of business c/o Quest Turnaround Advisors, LLC, 800 Westchester Avenue, Suite S-520, Rye Brook, New York 10573.

## JURISDICTION AND VENUE

4.      The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1334(b), as this case is related to ResCap's bankruptcy proceeding under Chapter 11 of the Bankruptcy Code. Pursuant to § 12.6(c) of the Asset Purchase Agreement between Ocwen and ResCap (and various other parties), dated November 2, 2012, as amended (the "APA"), § 5.07(c) of the Servicing Transfer Agreement between Ocwen and ResCap (and various other parties), dated February 15,

2013 (the "STA"), and § 15.7(b) of the Transition Services Agreement between Ocwen and ResCap, dated February 15, 2013 (the "TSA"), the parties thereto irrevocably submitted to the jurisdiction of the Bankruptcy Court with respect to disputes arising under those agreements.

5. On December 11, 2013, the Bankruptcy Court entered an Order confirming ResCap's Second Amended Plan of Reorganization (the "Confirmation Order"). Pursuant to paragraph 66 of the Confirmation Order, the Bankruptcy Court retained jurisdiction over cases and controversies related to ResCap's Chapter 11 case. Moreover, pursuant to paragraph 31 of the Confirmation Order, the ResCap Trust "assume[d]" and is required to perform "any and all rights, benefits, duties and obligations" of ResCap under the APA, and related agreements such as the STA and TSA. Finally, under Section 13.2 of the ResCap Liquidating Trust Agreement, the Bankruptcy Court exercises "exclusive jurisdiction" over the ResCap Trust.

6. This matter is a core proceeding under 28 U.S.C. § 157(b)(2). Ocwen consents to the entry of final orders or judgment by the bankruptcy judge if it is determined that the bankruptcy judge, absent consent of the parties, cannot enter final orders or judgment consistent with Article III of the United States Constitution.

## FACTUAL ALLEGATIONS

7. On or about November 2, 2012, and with the approval of the Bankruptcy Court, Ocwen and ResCap entered into the APA. Pursuant to the APA, Ocwen purchased and ResCap agreed to deliver to Ocwen the Purchased Assets, as defined in the APA. Among the Purchased Assets were certain mortgage servicing rights and all records related thereto.

8. Also pursuant to the APA, on or about February 15, 2013, Ocwen and ResCap entered into the STA and the TSA. Under the STA and TSA, ResCap and Ocwen provide services to each other pursuant to various Statements of Work.

9. On or about February 1, 2013, pursuant to the TSA, Ocwen and ResCap entered into a Statement of Work for Records Management Services (the "RM SOW"). Under the RM SOW, Ocwen acts as a supplier of Records Management Services, as defined in the RM SOW, to or on behalf of ResCap.

10. Upon information and belief, ResCap had contracts with Iron Mountain, a vendor that maintains ResCap's records as well as the records of Ally Financial, Inc. ("Ally"), and with Kenwood Records Management, another vendor that maintains ResCap records ("Kenwood") (Iron Mountain and Kenwood may be referred to collectively as the "Vendors").

11. The ResCap records maintained by the Vendors include necessary documents Ocwen requires to exercise the mortgage servicing rights it purchased from ResCap. Upon information and belief, ResCap's and Ally's records are comingled at Iron Mountain and not segregated by entity.

12. ResCap did not assign its contracts with the Vendors to Ocwen.

13. Under the terms of the RM SOW, ResCap is obligated to pay for the segregation, removal, repackaging, and relocation of records acquired by Ocwen from ResCap pursuant to the APA.

14. Section V.1 of the RM SOW provides that "[w]ithin 18 months after the Effective Date, Ocwen shall, **at ResCap's cost**, direct the appropriate third-party vendor to segregate, remove, repackage, and relocate those records belonging to Ocwen from all other records at such record retention site." (emphasis added).

15. In August 2013, ResCap indicated that it would pay the Vendors' charges to segregate, remove, repackage and relocate those records belonging to Ocwen pursuant to § V.1, and ResCap and Iron Mountain began negotiating a statement of work ("IM SOW") for Iron Mountain's services.

16. Upon information and belief, ResCap budgeted for the amounts it expected to pay in connection with its obligations under § V.1 of the RM SOW.

17. Upon information and belief, estimated total charges for Iron Mountain's services will be approximately $9.1 million, and estimated total charges for Kenwood's services will be approximately $2 million, a combined estimated total of approximately $11.1 million.

18. While the IM SOW was being reviewed and negotiated, ResCap indicated that the Vendors should begin to segregate, remove, repackage, and relocate Ocwen's records.

19. Then, on or about September 18, 2013, without explanation, ResCap declined to move forward with its obligations under the RM SOW, and requested that the Vendors cease work on Ocwen's records. Since that time, ResCap has refused Ocwen's demand that ResCap pay directly or agree to pay directly the estimated Vendors' charges for the segregation, removal, repackaging, and relocation of Ocwen's records.

20. Upon information and belief, since in or about August 2013, one or more Vendors has billed ResCap, and more recently the ResCap Trust, for storage fees related to the storage of records which include Ocwen's records. The ResCap Trust has paid such fees and, in turn, invoiced Ocwen for reimbursement of some portion of those fees. With the exception of one month in which Ocwen reimbursed ResCap in error, Ocwen has since August 2013 disputed each of the invoices and denied any obligation to reimburse the ResCap Trust.

21. Ocwen has disputed the invoices because, among other reasons, had the ResCap Trust performed its obligations under the applicable agreements, Ocwen would have acquired direct control over the records and scanned and/or maintained them in a manner that would not have required storage by third-party vendors or resulted in the payment of storage fees. But for the ResCap Trust's breach of its obligations under the applicable agreements, the ResCap Trust would not have incurred storage fees for the storage of Ocwen's records, and Ocwen would not be under any purported obligation to reimburse the ResCap Trust for the payment of such fees.

22. According to the invoices submitted by the ResCap Trust to Ocwen, the ResCap Trust incurs approximately $110,000 per month in storage fees related to the storage of Ocwen's records. Upon information and belief, however, the amount of storage fees related to the storage of Ocwen's records, as opposed to the storage of commingled records unrelated to Ocwen's records, is significantly less than the amounts the ResCap Trust has invoiced to Ocwen.

23. Accordingly, a dispute has arisen and exists between Ocwen and the ResCap Trust, which has assumed ResCap's obligations under the applicable agreements, regarding the ResCap Trust's obligation under Section V.1 of the RM SOW to pay directly the costs associated with the segregation, removal, repackaging, and relocation of Ocwen's records, and Ocwen's

purported obligation to reimburse the ResCap Trust for Vendor storage fees related to the storage of Ocwen's records and purportedly paid by the ResCap Trust. Ocwen's position is that, pursuant to the unambiguous language of § V.1 of the RM SOW, ResCap, and now the ResCap Trust, is obligated to pay the Vendors' charges directly; the ResCap Trust's position is that it is not obligated to pay the Vendors' charges.

24. Moreover, Ocwen's position is that it is under no obligation to reimburse the ResCap Trust for any storage fees related to the storage of Ocwen's records, incurred and paid by ResCap or the ResCap Trust after August 2013, when such records should have been segregated, removed, repackaged, and relocated at Ocwen's direction; the ResCap Trust's position is that Ocwen is obligated to reimburse it for such storage fees.

25. Finally, under §§ 6.25 and 9.2 of the APA, the ResCap Trust is liable for any servicing transfer costs in excess of the Purchaser Payment Cap of $10 million (as allocable to Ocwen and another party at their respective closings). Because Ocwen has already satisfied its allocated obligation relating to servicing transfer costs, any excess costs, including the Vendors' charges for segregating, removing, repackaging, and relocating Ocwen's records, are payable directly by the ResCap Trust pursuant to §§ 6.25 and 9.2 of the APA.

26. Although the parties have attempted to resolve their dispute, their efforts have not been successful and an actual and justiciable controversy exists between them with respect to the ResCap Trust's obligations under § V.1 of the RM SOW.

### FIRST CLAIM (BREACH OF CONTRACT)

27. Ocwen repeats and realleges paragraphs 1 through 26 as if fully set forth herein.

28. The APA, STA, TSA, and RM SOW are valid and subsisting agreements between Ocwen and the ResCap Trust, subject to enforcement in accordance with their terms.

29. Ocwen has performed its material obligations under the APA, STA, TSA, and RM SOW.

30. By refusing to pay directly or to agree that it will pay directly the Vendors' estimated charges for the segregation, removal, repackaging, and relocation of Ocwen's records,

the ResCap Trust has breached and continues to breach its obligations under the APA, STA, TSA, and RM SOW, specifically § V.1 of the RM SOW.

31. As a direct and proximate result of the ResCap Trust's breach of its obligations as described above, Ocwen has sustained damages in an amount to be determined at trial, but believed to be not less than approximately $11.2 million.

## SECOND CLAIM (DECLARATORY JUDGMENT)

32. Ocwen repeats and realleges paragraphs 1 through 31 as if fully set forth herein.

33. The APA, STA, TSA, and RM SOW are valid and subsisting agreements between Ocwen and the ResCap Trust, subject to enforcement in accordance with their terms.

34. Section V.1 of the RM SOW requires the ResCap Trust to pay directly the Vendors' charges to segregate, remove, repackage, and relocate those mortgage servicing records belonging to Ocwen from all other records at the Vendors' sites.

35. Due to the ResCap Trust's refusal to comply with the terms of the RM SOW, there is an actual and justiciable controversy between Ocwen and the ResCap Trust regarding the ResCap Trust's obligation to pay directly the Vendors' charges. Ocwen is entitled to a declaration that pursuant to § V.1 of the RM SOW and §§ 6.25 and 9.2 of the APA, the ResCap Trust must pay directly the Vendors' charges for the segregation, removal, repackaging, and relocation of those mortgage servicing records belonging to Ocwen from all other records at the Vendors' sites.

36. Ocwen is entitled to a further declaration that it is under no obligation to reimburse the ResCap Trust for storage fees incurred and paid by ResCap or the ResCap Trust after August 2013, related to the storage of Ocwen records that, under the applicable agreements, should have been segregated, removed, repackaged, and relocated at Ocwen's direction at that time.

**WHEREFORE**, Ocwen respectfully requests that the Court enter judgment:

    a. awarding Ocwen damages caused by the ResCap Trust's breach of its obligations under the APA, STA, TSA, and RM SOW, in an amount to be determined at trial

representing all of the Vendors' charges for the segregation, removal, repackaging, and relocation of those mortgage servicing records belonging to Ocwen from all other records at the Vendors' sites, and believed to be not less than $11.3 million, together with costs, disbursements, and any applicable pre-judgment interest;

      b.    declaring, adjudging and decreeing that pursuant to § V.1 of the RM SOW and § 6.25 and 9.2 of the APA, the ResCap Trust is obligated to pay directly all of the Vendors' charges for the segregation, removal, repackaging, and relocation of those mortgage servicing records belonging to Ocwen from all other records at the Vendors' sites, and that Ocwen is not obligated to reimburse the ResCap Trust for storage fees related to the storage of Ocwen's records and incurred by the ResCap Trust after August 2013; and

      c.    granting such other and further relief as may be just and proper.

Dated: New York, New York
       October 24, 2014

                              HUNTON & WILLIAMS LLP

                              By: _____
                                  Patrick L. Robson
                                  Joseph J. Saltarelli
                                  200 Park Avenue, 52nd Floor
                                  New York, N.Y. 10166-0136
                                  (212) 309-1000

                              *Attorneys for Plaintiff Ocwen Loan Servicing, LLC*