The Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004

October 29, 2014

RE:  Case No: 12-12020(MG) Chapter 11

**Subject:  The ResCap Trust's Failure to Give Notice to Claimant**

Dear Judge Glenn,

The ResCap Borrower Claims Trust filed an Objection to my Proof of
Claims (ECF Doc. # 7188) and I timely filed an Opposition to the Objection
(ECF Doc. # 7300).The ResCap Trust then filed a Reply (ECF Doc. # 7410).
The Court heard limited oral argument on the Objection on August 26, 2014
and took the matter under submission.

Over a month after the hearing was held, I discovered the Court's
Memorandum Order and Opinion regarding my claims posted on the KCCL
RESCAP website.  Although, I have had limited experience in federal court,
state court and the appellate court, I am not familiar with the bankruptcy
court's procedures.  In my limited experience, the moving party almost
always gave notice of the court's decision on a matter, unless the parties
waived noticed.

After reading the Court's Order, I researched and decided to file a motion
for reconsideration. Motions for reconsideration are reviewed under ***Federal
Rule of Civil Procedure 59,*** which is made applicable to bankruptcy
proceedings pursuant to ***Federal Rule of Bankruptcy Procedure 9023***. In
relevant part, Rule 59 allows a party to seek an order altering or amending a
judgment within **28 days** of the issuance of the judgment. See ***Fed. R. Civ.
P. 59(e).***

I am writing to inform the Court of the ResCap Trust's failure to give me notice of the Court's Order and Opinion. I discovered the Order and Opinion by searching the KCCL RESCAP website. As of today's date, I still have neither received notice nor does the website reflect an "**Affidavit of Service of Richie Lim re: Memorandum Opinion and Order Sustaining in Part and Overruling in Part Objection to Claims 3889, 4129, 4134, and 4139 Filed by Tia Smith**" being posted.

I understand it is a parties' responsibility to do due diligence concerning their interests, however, this is the largest bankruptcy case in the history of the United States, with over 7700 filings. I am a *pro se* Claimant, and it is quite unfair to expect *pro se* Claimant's to navigate in unfamiliar territory without any guidance. The ResCap Trust continues in their misdeeds and should be monitored and held accountable for their misconduct during this bankruptcy action.

Thank God I discovered the Court's Order and Opinion in enough time to file a timely motion for reconsideration. I suspect that is the goal of the Debtors and the ResCap Trust, to unfairly derail all *pro se* Claimants and create a disadvantage for meritorious claims.

I hold and trust that this Court will investigate this matter in hope of establishing and facilitating a fair environment for all *pro se* Claimants in order to seek relief in an equitable arena.

Respectfully,


Tia Smith, Claimant
4011 Hubert Avenue
Los Angeles, California 90008
(323) 803-3027