Michael E. Boyd
5439 Soquel Drive
Soquel, CA 95073
Phone: (408) 891-9677
E-mail: michaelboyd@sbcglobal.net
In Pro Per

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

Debtors.

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

## ADDENDUM TO ANSWER IN OPPOSITION OF MICHAEL BOYD SECURED CLAIMANT # 960 TO RESCAP BORROWER CLAIMS TRUST'S SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS) (THE "OMNIBUS OBJECTION")

Please incorporate the attached signed Affidavit of William J. Paatalo as an Addendum to Exhibit B of Claimant's *Answer in Opposition to the ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims) (the "Omnibus Objection")*, filed by Debtors September 17, 2014.

### Affidavit of Michael Boyd

The original signed version of the Affidavit of William J. Paatalo was en route via the mail and is being submitted immediately upon receipt today. The prior submitted Exhibit B of Claimant's *Answer in Opposition to the ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims) (the "Omnibus Objection")* Affidavit of William J. Paatalo, was submitted to the Court unsigned.

I swear under penalty of perjury that the above is true and correct. Executed on October 17, 2012 at Soquel, California.

/s/   Michael E. Boyd
Michael E. Boyd
5439 Soquel Drive
Soquel, CA 95073
Phone: (408) 891-9677
E-mail: michaelboyd@sbcglobal.net

RECEIVED
OCT 20 2014
U.S. BANKRUPTCY

# AFFIDAVIT OF WILLIAM J. PAATALO

STATE OF MONTANA
COUNTY OF STILLWATER



BEFORE ME this day personally appeared William Paatalo, who, being first duly sworn and taking an oath, deposes and says as follows:

1. I am an Oregon licensed private investigator under ORS 703.430, and have met the necessary requirements under ORS 703.415. My Oregon PSID number is 49411.

2. I am over the age of eighteen years, am of sound mind, having never been convicted of a felony or a crime or moral turpitude. I am competent in all respects to make this Affidavit. I have personal knowledge of the matters declared herein, and if called to testify, I could and would competently testify thereto.

3. I have 17 years combined experience in law enforcement and the mortgage industry. My Resume ("CV") is attached as "**Exhibit 1**."

4. I have worked exclusively over the last 4 - years investigating foreclosure fraud, chain of title, and issues related to the securitization of residential and commercial mortgage loans, and have spent more than 8,000 hours conducting

1. Affidavit of William J. Paatalo

investigatory research specifically related to mortgage securitization and chain of title analysis. I have performed such analyses for residential real estate located in many states, including, but not limited to Washington, Oregon, California, Arizona, Nevada, Florida, Ohio, Montana, New Jersey, and several other states.

5. As of this date, I have conducted over 700 investigations in this area.

6. As a result of my education and experience I am familiar with and have sufficient training and expertise to qualify as an expert.

7. I have testified as an expert in state and federal judicial proceedings in various jurisdictions throughout the United States. Most recently, I was admitted to testify as an expert witness on August 11, 2014 at a hearing in the following Ohio case:

*Washington Mutual Bank fka Washington Mutual Bank, F.A. v. Jon A. Smetana, et al., In The Court of Common Pleas, Cuyahoga County, Ohio Case No.CV-08-652392.*

8. My securitization analysis here involves the factual aspects of securitization. My research methods are not considered scientific in nature.

9. In performing this investigation, I relied upon publicly recorded documents, documents filed with the Securities & Exchange Commission ("SEC"), and data using my ABSNet subscription; a globally recognized software program used by institutional investors in mortgage-backed securities.

10. I was retained by Michael Boyd to review the chain of title and

2. Affidavit of William J. Paatalo

securitization of two loans originated by "Plaza Home Mortgage, Inc." The first loan was originated on or about December 22, 2006 for the property located at 1090-1092 Lakebird Drive, Sunnyvale, CA 94089 (hereinafter "Sunnyvale") and the second loan was originated on or about January 16, 2007 for the property located at 5439 Soquel Drive, Soquel, CA 95073 (hereinafter "Soquel.")

11.  I was asked to point out any discrepancies or issues of fact regarding the chain of title and securitization of the subject Deeds of Trust and Notes / debts. The following documents were inspected and marked as exhibits:

- Link to the "Pooling & Servicing Agreement" (PSA) for "Harborview 2007-4" Trust (HVMLT 2007-4) filed with the Securities & Exchange Commission on 06/14/2007:

  http://www.secinfo.com/d12TC3.u11vh.d.htm#1stPage

- Link to the "424(b)(5) Prospectus Supplement" for "Harborview 2007-4" Trust (HVMLT 2007-4) filed with the Securities & Exchange Commission on 06/15/2007:

  http://www.secinfo.com/d12TC3.uVAs.htm#1stPage

  **Exhibit 2** – Boyd - Loan Trust Capture - Soquel

  **Exhibit 3** – Boyd - Loan Level Data within the "Harborview 2007-4" (HVMLT 2007- 4.) - Soquel

  **Exhibit 4** – Assignments - Soquel

3. Affidavit of William J. Paatalo

**Exhibit 5** – Note - Soquel

**Exhibit 6** - HVMLT 2007-4 – January 19, 2012 Remittance Report, Pg.22.

**Exhibit 7**- HVMLT 2007-4 – March 19, 2012 Remittance Report, Pg.22.

**Exhibit 8** - HVMLT 2007-4 – July 19, 2012 Remittance Report, Pg.22.

**Exhibit 9** - HVMLT 2007-4 – September 19, 2012 Remittance Report, Pg.20.

**Exhibit 10** – Loan Trust Capture – Sunnyvale

**Exhibit 11** – Assignments – Sunnyvale

**Exhibit 12** – Note – Sunnyvale

**Exhibit 13** - Boyd - Loan Level Data within the "Harborview 2007-4" (HVMLT 2007- 4.) - Sunnyvale

12.    Within a reasonable degree of investigative certainty, my professional opinions are as follows:

a.  The HVMLT 2007-4 Trust failed to perfect its ownership interest in the subject Deeds of Trust and Notes; as the "Depositor," and only entity allowed to sell the assets to the HVMLT 2007-4 Trust (Greenwich Capital Acceptance, Inc.), and the Trust's "Seller" (Greenwich Capital Financial Products, Inc.) are missing in both chains of title. Furthermore, the Notes for each loan that were attached to the proof of claims during the Boyd Bankruptcy (*U.S. BK Ct. No. Dist. CA – Case No. 11-61311-*

4. Affidavit of William J. Paatalo

*SLJ*) do not contain endorsements as required in the HVMLT 2007-4 Trust Agreement, as no endorsements appear on the "face" of either document. Dubious endorsements, one of which is illegible, are provided on blank sheets of paper that have no connection to the notes.

b. The Boyd debts, which appear in "Bankruptcy" status as of 10/14/2014 within the HVMLT 2007-4 Trust are not in default. All payments "due" on the debts are being timely paid to, and received by, the certificateholders /investors in the HVMLT 2007-4 Trust during the pendency of the Boyd bankruptcy.

### EVIDENCE IN SUPPORT OF OPINION "A."

13. Attached as **"Exhibits 4 & 11"** are the assignments for both Boyd Deeds of Trust. Each of the most recent assignments are called "amended assignments" naming the Assignee as *"Deutsche Bank National Trust Company, Solely as Trustee for Harborview Mortgage Loan Pass-Through Certificates, Series 2007-4."* The Soquel amended assignment is executed on 03/27/2012 and the Sunnyvale's is executed on 06/19/2012.

14. I located the HVMLT 2007-4 Trust "Prospectus Supplement" (link above) filed with the SEC on 06/15/2007. According to this document, the "Cut-Off Date" for assets to be sold and conveyed to the Trust was May 1, 2007.

15. The only entity (*emphasis added*) allowed to sell the loans

5. Affidavit of William J. Paatalo

to the HVMLT 2007-4 Trust was the "Depositor" – "Greenwich Capital Acceptance, Inc." Furthermore, the "Depositor" was to first purchase and acquire (*emphasis added*) the Boyd notes and Deeds of Trust from the "Seller" – "Greenwich Capital Financial Products, Inc." These transaction were to have occurred on or before the Trust's closing date.

16. The Trust Agreement (PSA) identifies the Trust participants as follows on Pg. VI:

This Pooling and Servicing Agreement is dated as of <u>May 1, 2007</u> (the "**Agreement**"), among GREENWICH CAPITAL ACCEPTANCE, INC., a Delaware corporation, as depositor (the "**Depositor**"), GREENWICH CAPITAL FINANCIAL PRODUCTS, INC., a New York corporation, as seller (the "**Seller**"), WELLS FARGO BANK, N.A., a national banking association, as master servicer (in such capacity, the "**Master Servicer**") and as securities administrator (in such capacity, the "**Securities Administrator**"), CLAYTON FIXED INCOME SERVICES INC., as credit risk manager (the *"Credit Risk Manager"*) and DEUTSCHE BANK NATIONAL TRUST COMPANY, a national banking association, as trustee and a custodian (the "**Trustee**").

17. In addition, the PSA describes the process for how the Trust's assets were to be sold and conveyed to the Trust in "Section 2.01." The "Depositor" was the party responsible for transferring, assigning, and conveying the assets to the Trust. Per the PSA:

**Section 2.01    Conveyance of Mortgage Loans.**

(a) The Depositor, concurrently with the execution and delivery hereof, does hereby transfer, assign, set over and otherwise convey to the Trustee without recourse for the benefit of the Certificateholders all the right, title and interest of the Depositor, including any security interest therein for the benefit of the Depositor, in and to (i) each Initial Mortgage Loan identified on the Mortgage Loan Schedule[.]    (Pg. 63)

6. Affidavit of William J. Paatalo

       In connection with such transfer and assignment, the Seller, on behalf of the Depositor, does hereby deliver on the Closing Date, unless otherwise specified in this Section 2.01, to, and deposit with the Trustee, or the related Custodian as its designated agent, the following documents or instruments with respect to each Mortgage Loan (a "**Mortgage File**") so transferred and assigned:

(i)    the original Mortgage Note, endorsed either on its face or by allonge attached thereto in blank or in the following form: *"Pay to the order of Deutsche Bank National Trust Company, as Trustee for HarborView Mortgage Loan Trust Mortgage Loan Pass-Through Certificates, Series 2007-4, without recourse"*, or with respect to any lost Mortgage Note, an original Lost Note Affidavit stating that the original Mortgage Note was lost, misplaced or destroyed, together with a copy of the related Mortgage Note;

(Pg. 64)

18.    It is my opinion that the sales transactions of the Boyd Deeds of Trust and Notes / debts to the HVMLT 2007-4 Trust never occurred, and that the attempted assignments to the Trust years after the Trust's Closing Date not only contravene the Trust Agreement, they completely bypass the "Seller" (Greenwich Capital Financial Products, Inc.) and the "Depositor" (Greenwich Capital Acceptance, Inc.) in the chain of title.

19.    Furthermore, attached as **Exhibits 5 & 12** are both Notes that, upon information and belief, were attached to the Proof's of Claim in the Boyd Bankruptcy case in Northern California.

20.    Each of the notes contain 5 (five) pages marked as "1 of 5" through "5 of 5." Nowhere on the "face" of either document are there any endorsements as required by the PSA language in Sec. 2.01 above. Each Proof of Claim does contain a

7. Affidavit of William J. Paatalo

blank piece of paper with endorsements on each, but these documents have no connection to the actual notes, nor are the documents dated or marked "6 of 6."

21. In addition, one of the endorsements is completely illegible.

22. From experience in the mortgage industry, and having investigated more than 700 cases to date, endorsements are to be placed on the "face" of the signature page of the note(s), and if no room exists, then an "Allonge" is to be affixed permanently to the Note. This did not happen.

### EVIDENCE IN SUPPORT OF OPINION "B"

23. I identified the subject loans / debts within the HVMLT 2007-4 Trust using my subscription to ABSNet; a globally recognized software database utilized by institutional investors in mortgage-backed securities. (See attached **Exhibits 2 & 10**.)

24. It should be noted that the presence of the loan(s) data within the Trust only proves an intent to have securitized the loans / debts. It does not prove ownership of the Notes and Deeds of Trust.

25. Attached as **Exhibits 6 - 9** are the pages from the HVMLT 2007-4 monthly "Remittance Reports" for January 2012, March 2012, July 2012, and September 2014 which I also retrieved from ABSNet.

26. These Remittance Reports come directly from the HVMLT 2007-4 Trust's Securities Administrator and Master Servicer "Wells Fargo Bank, N.A." which is shown in the upper right corner of the documents.

8. Affidavit of William J. Paatalo

27. According to the Remittance Report Exhibits, the Trust began reporting both of the Boyd loans / debts as being in "Bankruptcy" status beginning in January 2012. The following "Approximate Delinquent Interest" balances for each loan is provided in sequence as follows"

|  | Soquel #1701055 | Sunnyvale #1612127 |
|---|---|---|
| January 19, 2012 | $64,231.65 | $30,588.35 |
| March 19, 2012 | $70,267.98 | $30,024.60 |
| July 19, 2012 | $68,765.64 | $25,469.16 |
| September 19, 2014 | $59,445.77 | $23,319.40 |

28. The reason for the declining balances is that the servicer / master servicer is making all delinquent payments of P&I on the Boyd debt to the certificateholders / investors in the HVMLT 2007-4 Trust.

29. Attached as **Exhibits 3 & 13** is the internal loan level data for each of the Boyd loans / debts. Pages 20 & 21 to each of these exhibits show the following:

|  | Soquel #1701055 | Sunnyvale #1612127 |
|---|---|---|
| Monthly Servicer Advance: | $1,555.79 | $1,238.66 |
| Non-Stop Advances: | $55,637.90 | $21,234.16 |

30. Therefore it is my opinion, should the HVMLT 2007-4 Trust be

9. Affidavit of William J. Paatalo

deemed the proper beneficiary, that no default against the beneficiary has occurred. All payments "due" have consistently been made and continue to be made to the beneficiary / investors.

31. To the best of my knowledge, these payments being made to and received by the alleged beneficiary, have not been disclosed to the Court.

**Further affiant sayeth not.**

By: _____William J. Paatalo_____
William J. Paatalo

SWORN TO AND SUBSCRIBED before me on this __14__ day of October, 2014 by William J. Paatalo, who produced the following identification: _Driven License_ and who took an oath.

_____Barbara C. Jones_____
Notary Public – State of Montana

My commission expires: _12-6-2015_

BARBARA C. JONES
NOTARY PUBLIC for the
State of Montana
Residing at Absarokee, Montana
My Commission Expires
December 6, 2015

10. Affidavit of William J. Paatalo