**UNITED STATES BANKRUPCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

..............................................................

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors | ) | Jointly Administered |
| ................................................./.......... ) | | |

**NOTICE OF HEARING ON RESCAP BORROWER CLAIMS TRUST**

**SEVENTY- FIFTH OMNIBUS OBJECTION TO CLAIMS**

**(NO LIABILTIY BORROWER CLAIMS)**

**[DWAYNE F POOLE AND TRINA M POOLE vs GMAC MORTGAGE LLC]**

**<u>OBJECTION</u> TO PROPOSED CLAIMS TO BE DISALLOWED OR EXPUNGED**

DWAYNE F POOLE AND TRINA M POOLE OBJECT TO THE PROPOSED CLAIM TO BE DISALLOWED OR EXPUNGED FOR THE FOLLOWING REASONS:

Residential Capital has acquired all ASSETS as well as LIABILITIES of GMAC Mortgage LLC. Due to the rampant FRAUD that has been executed on the American public by many mortgage companies, as proven by the many fines that have been paid out through many State Attorneys General, I have continually requested " Proof Of Debt" in the legal form of a "wet ink, original signature, unaltered note" since October 12, 2010 and have never received it. We have been fraudulently removed from our property and request to have our property returned to us.

A. **FACTS:**

1. On the face of the Complaint, Plaintiffs entered into a mortgage with WORLDWIDE MORTGAGE COMPANY, which is a corporation organized under

RECEIVED
OCT 17 2014
U.S. BANKRUPTCY COURT, SDNY

the laws of the State of Texas.

2. Plaintiff did not enter into any transaction with Defendant, GMAC Mortgage LLC.

3. No assignment of the note and mortgage has been pleaded in this case and no assignment has been recorded in Franklin County, Missouri, to the best of Plaintiffs' knowledge.

4. Defendant, GMAC MORTGAGE LLC, is not the real party in interest in this case, has refused to return the note as required, has tacitly admitted it did not have standing to foreclose, and, is not shown to be authorized to bring this foreclosure action.

5. It is not sufficient to merely claim or plead that the loan was "assigned." See: Jeff-Ray Corp. v. Jacobson, 566 So.2d 885 (Fla. 4th DCA 1990); see also, Progressive Express Ins. co. v. McGrath Comm. Chiro. 913 So.2d 1281 (Fla. 2d DCA 2005).

6. "Only those who have standing to be heard in the judicial proceeding may participate in it." Byrom v. Gallagher, 578 So. 2d 715, 717 (Fla. 5th DCA 1991)

**B. I. GMAC Mortgage, LLC had no standing to institute a non-judicial foreclosure action.**

1. The basis for this Wrongful Foreclosure case is the void, non-existent claim by GMAC MORTGAGE, LLC. The record which purports to show that GMAC MORTGAGE, LLC, had the right to sell the subject property is a fraud upon the court due to GMAC MORTGAGE, LLC's failure to return to Plaintiff his property: the genuine, original, note, which was stolen by Defendant, GMAC. Therefore the "sale" of subject property and related paperwork written to the public record is void and a counterfeit security.

2. Plaintiff has Noticed this court that Defendant, GMAC MORTGAGE, LLC, has come to court without clean hands; has brought forward no original mortgage and no genuine, original note, had a mandatory duty for over three years, to return the original note after the "sale" of Plaintiff's property, but has refused to return said note, which is a theft of Plaintiff's property. Upon the sale of the subject property, GMAC MORTGAGE, LLC had, and still has, the mandatory duty to return to DWAYNE POOLE his genuine, original note. But, for the past 3+ years, GMAC MORTGAGE, LLC has failed to do so, thereby admitting that its foreclosure is a fraud upon this

court; that GMAC MORTGAGE, LLC had no standing to foreclose and that this court is absent subject matter jurisdiction.

3. This failure to return the note is no mere oversight on the part of GMAC MORTGAGE, LLC. It is a well-known and customary practice for banks to securitize notes, and to sell said notes to investors. When securitized, such notes are functional money. Thus, if this court should proceed, despite this court's lack of jurisdiction, GMAC MORTGAGE, LLC will be permitted to take Plaintiffs property, and to keep the securitized Note, which, on information and belief, was sold.

4. "Fraud destroys the validity of everything into which it enters," *Nudd v. Burrows*, 91 U.S 426. "Fraud vitiates everything," *Boyce v. Grundy*, 3 Pet. 210. "Fraud vitiates the most solemn contracts, documents and even judgments," *U.S. v. Throckmorton*, 98 U.S. 61. Therefore GMAC MORTGAGE, LLC's Wrongful Foreclosure action should be abated for fraud upon the court and theft of Plaintiff's property: the original note which GMAC MORTGAGE, LLC claimed to have, but did not have.

5. By refusing to return to Plaintiff his original note, after three plus years of opportunity to do so, GMAC MORTGAGE, LLC has tacitly admitted it does not have the original note. GMAC MORTGAGE, LLC had Notice and Opportunity to prove up its claim to be the owner/holder in due course of Plaintiff's Note but has not done so. It had a duty to bring forward the original note and mortgage in this instant action, on the subject property but failed/refused to do so.

6. In mortgage foreclosure actions (as in all actions), the foreclosing party must have standing to bring the action:

> Standing to sue is critical to the proper functioning of the judicial system. It is a threshold issue. If standing is blocked, the pathway to the courthouse is blocked. ...Standing to sue requires an interest in the claim at issue in the lawsuit that the law will recognize as a sufficient predicate for determining the issue at the litigant's request....If a Plaintiff lacks standing to sue, the Plaitiff may not proceed in the action.

IndyMac Bank v. Bethley, 2009 NY Slip Op 50186(U)(N.Y.Sup.Ct. 2/6/2009), citing Saratoga County Chamber of Commerce, Inc. v. Pataki, 100 NY2d 801, 812 [2003], cert denied 540 US 1017 [2003]; Caprer v. Nussbaum, 36 AD3d 176, 181 [2d Dept 2006]; Stark v. Goldberg, 297 A2d 203 [1st Dept 2002].

7. Where there is no evidence that the Defendant, prior to commencing a foreclosure action, is the holder of the mortgages and notes or took physical delivery of the mortgages and notes or that same were conveyed by written assignment, the Defendant did not have standing to institute

the action. New Century Mortgage Corporation v. Durden et al., 2009 NY Slip Op 50175(U) (N.Y. Sup. Ct. 2/2/09), citing Deutsche Bank Trust Co. Ams. V. Peabody, 20 Misc. 3d 1108A (Sup.Ct. Saratoga County 2008) and Countrywide Home Loans, Inc. v. Taylor, 17 Misc. 3d 595 (Sup.Ct. Suffolk County 2007) and additional cases cited therein.

8. Plaintiff's signature upon said note and Deed of Trust is a masterful forgery under People v Martinez 161 Cal App. 4th 754, People v Looney 125 Cal. 4th 242, People v Parker 255 Cal. App. 2d 664, 11 A.L.R. 3d 1074 Forgery-Procuring Signature by Fraud (1967) "Case authority provides that procuring of a genuine signature to an instrument by fraudulent representations constitutes forgery." 2 Witken & Epstein, Cal. Criminal Law (3rd ed. 2000) Crimes Against Property § 164, pp. 194-195 and annotated.

9. Attorney for Defendant has attempted to act as a witness and to offer testimony. The Defendant's attorney may not offer testimony, and may not be a witness.

10. Named Defendant has failed to bring forward a competent fact witness. Void for fraud records are hearsay and not evidence. (After the fact hearsay testimony with regard to said records is insufficient to establish that the fraudulent and counterfeit securities and documents ever conveyed title, and is not testimony by a competent witness.) Without a competent witness, the court has no subject matter jurisdiction.

11. Named Defendant has failed to bring forward the original note, signed by Plaintiff, or any evidence of actual or legitimate title to the property. Without the signed, original note and legitimate evidence that title was conveyed by the (fraudulent) sale, the court has no subject matter jurisdiction.

12. Defendant's attorneys have proven nothing; have produced no original contract and no competent fact witness, as required by law, to bring an action in court. The court is acceding to fraud if it continues to "presume" jurisdiction it does not have, or if it proceeds despite clear evidence of fraud, and a void contract.

## II. BASIS OF DEMAND.

### A. Jurisdiction Must Be Properly Established Before Proceeding.

13. Unrepresented Party is not an attorney, and therefore is not subject to be held to the levels and standards of an attorney regarding any responses, demands, or motions or pleadings. In any

code citations, case citations, and Constitutional citations, ***any and all emphasis employed herein*** may be construed to have been added.

14. This court is hereby put upon mandatory notice to observe the determinations of the Supreme Court of the United States, in the case <u>Puckett v. Cox</u> 456 F2d 233 (1972 Sixth Circuit USCA) where it was held that a pro-se complaint requires a less stringent reading than one drafted by an attorney, said by Justice Black in <u>Conley v. Gibson</u>. 355 U.S. 41 at 48(1957):

"The Federal Rules rejects the approach that pleading is a game of skill in which one misstep by counsel may be decisive to the outcome and accept the principle that the purpose of pleading is to facilitate a proper decision on the merits." **According to rule 8(f) FRCP all pleadings shall be construed to do substantial justice."**

15. This court will observe that all case citations cited by Plaintiff here within have been shepardized and found to be standing decisions of their respective tribunals.

16. When the jurisdiction of any tribunal is challenged, that tribunal bears the burden of proving of jurisdictions over both person and subject matter.

**"Once jurisdiction is challenged it must be proven."** <u>Hagins vs Levine 415 US 533 note 3</u> (1974)

"...Where the question of **jurisdiction** in the court over the person, the subject matter, or the place where the crime was committed can be raised, in any stage of a criminal proceeding; it **is never presumed, but must always be proved**; and it is never waived by the Plaintiff." <u>U.S. vs. Rogers,</u> District Court Ark., 23 Fed 658 1855

Title 5 U.S.C. section 556 states as follows: **"When jurisdiction is challenged the burden of proof is on the government."**

<u>**Federal Procedure**</u> §2.455 states, as follows: "If a party's allegations of jurisdictional facts are challenged by an adversary in any appropriate manner, he or she must support them by competent proof."

    Also: Please take Notice of the following:

    <u>McNutt v. G.M.</u>, 56 S. Ct. 789, 80 L. Ed. 1135

    <u>Basso v. U.P.L.</u>, 495 F. 2d 906

<u>Thomson v. Gaskiel</u>, 62 S. Ct. 673, 83 L. Ed. 111

"Jurisdiction once challenged cannot be assumed and must be decided." <u>Maine v. Thiboutot</u> 100 S. Ct 2502

"Therefore, it is necessary that the record present the fact establishing the jurisdiction of the tribunal." <u>Lowe vs. Alexander</u> 15C 296; <u>People vs. Board of Delegates of S.F. Fire Department</u>. 14 C 479

"Once challenged, jurisdiction cannot be assumed, it must be proved to exist." <u>Stuck v. Medical Examiners</u>, 94 CA2d 751.211 P2s 389

"... Federal jurisdiction cannot be assumed, but must be clearly shown." <u>Brooks vs. Yawkey</u> 200 F. 2d. 63 3

17. It is clearly observable in the varied courts that the standard practice in Public Policy is that **establishment of jurisdiction on the record is required.**

**B. II.    Limitation On Court Action**

18. It is equally clear that failure to provide proof for the record of jurisdiction over person and subject matter dispossesses a tribunal of ability to adjudicate:

"If any tribunal finds absence of proof of jurisdiction over person and subject matter, the case must be dismissed." <u>Louisville RR v. Motley</u>, 211 U.S. 149,29S. Ct. 42

"The law requires proof of jurisdiction to appear on the record of the administrative agency and all administrative proceedings." <u>Hagans vs Lavine</u> 415 U.S. 533

"No sanction can be imposed absent proof of jurisdiction." <u>Standard v. Olesen</u> 74 S. Ct 768

19. Any decisions that an over-zealous judge (that has not properly established jurisdiction) make will be **mandatorily overturned**: Void judgments.

    Void judgments must be dismissed, regardless of timeliness if jurisdiction is deficient. Mitchell v. Kitsap County 59 Wash.App. 177, 180-81, 797 P.2d 516 (1990)

    Collateral challenge to jurisdiction of pro-tem judge granting summary judgment properly raised on appeal. Allied Fidelity Ins. Co. v. Ruth, 57 Wash.App. 783, 790, 790 P.2d 206 (1990); Jaffe and Asher v. Van Brunt, 158 F.R.D.278 (S.D.N.Y. 1994)

    **Res judicata does not apply to a void judgment.** Allcock v. Allcock 437 NE.2d 392 (Ill.App.Dist.3 1982)

    When rule providing relief from void judgment is applicable, **relief is mandatory** and not discretionary. In re Marriage of Markowski, 50 Wash.App. 633, 635, 749 P.2d 745 (1988); Brickum Inv. Co. v. Vernham Corp., 46 Wash.App. 517, 520, 731 p.2d 533 (1987); Orner v. Shalala, 30 F.3d 1307 (Colo.1994)

## B. III. Accusation of Fraud (as stated above).

20. Plaintiff has Noticed this court that Defendant, GMAC MORTGAGE, LLC, has come to court without clean hands; has brought forward no original mortgage and no genuine, original note, had a mandatory duty for over three years, to return the original note after the "sale" of Plaintiff's property, but has refused to return said note, which is a theft of Plaintiff's property. Upon the sale of the subject property, GMAC MORTGAGE, LLC had, and still has, the mandatory duty to return to DWAYNE POOLE his genuine, original note. But, for the past 3+ years, GMAC MORTGAGE, LLC has failed to do so, thereby admitting that its foreclosure is a fraud upon this court; that GMAC MORTGAGE, LLC had no standing to foreclose and that this court is absent subject matter jurisdiction.

21. This failure to return the note is no mere oversight on the part of GMAC MORTGAGE, LLC. It is a well-known and customary practice for banks to securitize notes, and to sell said notes to investors. When securitized, such notes are functional money. Thus, if this court should proceed, despite this court's lack of jurisdiction, GMAC MORTGAGE, LLC will be permitted to take Plaintiffs property, and to keep the securitized Note, which, on information and belief, was sold.

22. "Fraud destroys the validity of everything into which it enters," *Nudd v. Burrows,* 91 U.S 426. "Fraud vitiates everything," *Boyce v. Grundy*, 3 Pet. 210. "Fraud vitiates the most solemn contracts, documents and even judgments," *U.S. v. Throckmorton,* 98 U.S. 61. Therefore GMAC MORTGAGE, LLC's Wrongful Foreclosure action should be abated for fraud upon the court and theft of Plaintiff's property: the original note which GMAC MORTGAGE, LLC claimed to have, but did not have.

23. By refusing to return to Plaintiff his original note, after three plus years of opportunity to do so, GMAC MORTGAGE, LLC has tacitly admitted it does not have the original note. GMAC MORTGAGE, LLC had Notice and Opportunity to prove up its claim to be the owner/holder in due course of Plaintiff's Note but has not done so. It had a duty to bring forward the original note and mortgage in this instant action, on the subject property but failed/refused to do so.

### B. IV.  Fair Debt Collection Practices Act (FDCPA) Violation

24. FDCPA was designed to "protect consumers from abusive debt practices" from debt collectors. Without proof of standing in this matter, GMAC has participated in abusive debt practices by wrongfully foreclosing and did not have the authority to sell the subject property.

### B. V.  Real Estate Settlement Procedures Act (RESPA) Violations.

On October 12, 2010 a "Qualified Written Request" was sent to GMAC as a complaint of accounting and servicing of this mortgage. With all the news lately regarding the stories of predatory lending, fraudulent and deceptive practices by mortgage brokers and servicers, I was concerned. Asking for a list of documents for my understanding and clarification of various sale, chain of transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, payment analyses and records related to the servicing of this account is within my right as an account holder. In return I received a

"payment history and an account statement" and an explanation of "proprietary business practices" in the attached letter. This was nowhere near the extent of the documentation requested.

### B. VI.  Truth In Lending Act (TILA) Violation

The Truth in Lending Act, 15 USC§1601 et seq; 12 CFR Part 226 allows three (3) years to review Disclosure Documents. The referenced "Three Day Right To Cancel" must have a trigger to begin. That trigger is when the Lender has provided the Borrower with ALL of the required Disclosures under TILA, and that the same are true, complete, accurate, and timely provided.

Being as the entire purported loan/mortgage process and Deed Of Trust referenced herein and throughout, was obtained by wrongful acts of fraud, fraudulent inducement, concealment, fraudulent misrepresentation, the borrower has other recourse, right and cause of action under numerous state and federal statutes. Acts of fraud taint/void everything it touches as the US Supreme Court has declared: "There is no question of the general doctrine that fraud vitiates the most solemn contracts, documents, and even judgments." (United States v. Throckmorton. 98 U.S. 61).

To this date, GMAC has never provided Dwayne Poole with true, complete, accurate or timely documents as required and demand that my property be returned to me.

Any and all responses/replies to this Objection are to be sent to:

Dwayne F Poole and Trina M Poole

1348 N. Bend Rd.

Union, MO. 63084

Phone Number:  314-691-0024

## Certificate of Service

I, Dwayne Poole, certify that on October 14th, 2014, I mailed a true and correct copy of the above and foregoing **OBJECTION TO PROPOSED CLAIMS TO BE DISALLOWED OR EXPUNGED** via certified mail, return receipt requested to counsel for named plaintiff at

The Honorable Martin Glenn                Cert Mail # <u>7013 3020 0001 3651 5858</u>

United States Bankruptcy Court for the Southern District of New York

Alexander Hamilton Custom House

One Bowling Green

New York, New York 10004-1408

_____
Dwayne Poole

Signed reserving all my rights at UCC 1-308