Pablo E. Bustos Esq., Bar No.:4122586
BUSTOS & ASSOCIATES, P.C.
225 Broadway 39th Floor
New York, NY 10007-3001
212-796-6256 Office
pbustos@bustosassociates.com
*Attorney for the Creditor Conrad P Burnett Jr*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------x
In re:                                                          :        Chapter 11
                                                                :
                                                                :        Case No. 12-12020 (MG)
Residential Capital, LLC, et al.                                :
                                                                :        Jointly Administered
                        Debtors.                                :
-----------------------------------------------------------x

### AMENDED APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE AND IMMEDIATE PAYMENT PURSUANT TO 11 U.S.C. § 503

Conrad P Burnett, Claimant, represented and through counsel and pursuant to 11

U.S.C. §503, applies to this Court for allowance of an administrative expense and for

immediate payment. In support of this motion, Claimant would show as follows:

1.      On July 30, 2009 Conrad P Burnett Jr. received a letter from GMAC Mortgage,

Inc., ("GMAC") stating that he was denied a loan modification and foreclosure would

soon commence. Additionally, these acts occurred under a mandate by Congress and

stipulation by Debtor and Co-Debtors with the Government and a "Servicer Participation

Agreement." Co-Debtor GMAC as servicer for Deutsche Bank Trust Company Americas

under the Home Affordable Modification Program otherwise known as ("HAMP.")

which violates the False Claims Act under 31 U.S.C. §3729 et seq…Evidence of this

correspondence is attached herewith and marked as "Exhibit 1"

2.    On August 23, 2010 a subsidiary of the Co-Debtor GMAC, Deutsche Bank Trust Company Americas obtained judgment In the Circuit Court of Clarke County, State of Virginia and shortly thereafter took possession of the Creditors real property through novation.  The order of that Court is annexed to this Amended Application and marked as Exhibit "2".

3.    Claimant had business transactions with Co-Debtor GMAC, Case No. 12-12032 (MG) a subsidiary of Debtor which provided Mortgage Servicing to Conrad P Burnett.

4.    Conrad P Burnett Jr. was part of a proceeding in the State of Pennsylvania with Notary Commissioner which was against Susan Turner who was a notary with Countrywide & GMAC for ("robo-signing.") During her employment she falsified documents and filed fraudulent affidavits which lead to the foreclosure of Thousands of homes nationwide. Although damages were not awarded in that case Mr. Burnett would at the very least be entitled to his Administrative Claim on the basis that this claim arose before the filing of this Chapter 11. Attached are communications with the Co-Debtor GMAC prior to the filing of said Bankruptcy proceedings. A copy of the Consent Agreement between GMAC and the Commonwealth of Pennsylvania, Department of State; Before the Secretary of the Commonwealth and attached an incorporated for reference and marked as Exhibit "3."

5.    On or about December 6, 2012 Creditor Conrad P Burnett Jr. filed a Civil Action for Conversion of an Instrument under Va. Code §8.3A-420; Case No. 12002111 in the Circuit Court of Clarke County, State of Virginia.

6.    Debtor filed its voluntary petition under Chapter 11of the Bankruptcy Code on May 15, 2012.

7.      After the filing of the petition in this case Conrad P Burnett, in the ordinary course of business, provided a Proof of Claim No. 345 filed July 27, 2012 and was served to Debtor's and Co-Debtor's and collectively they did not object. Copies of the Original Application for Administrative Expenses, and monthly billing statements showing the dates and nature of the administrative expenses incurred by the Claimant are annexed as Composite Exhibit "4". Conrad P Burnett has billed Debtor and Co-Debtor both for these expenses.

8.      Creditor Conrad P Burnett filed his Original Application for Allowance of Administrative Expense and Immediate Payment was filed on January 8, 2014 with a sworn affidavit attached herewith and marked as Exhibit "4" and incorporated for reference.

9.      On January 8, 2014 the Trustee entered an additional Proof of Claim No. 7413. The deadline for objection to all administrative claims was June 15, 2014. In fact, Debtor and Co-Debtor GMAC did not object Conrad P Burnett's claims.

10.     Debtor owes Conrad P Burnett, Claimant $750,790.00 for failed mortgage servicing rendered in the ordinary course of business between May 14, 2012, and December 17, 2013.

11.     This claim is not subject to any set off or counterclaim and Conrad P Burnett holds no security for the debt.

12.     Creditor Conrad P Burnett Jr is entitled to payment of all administrative expenses on the grounds that he can show good cause as to his prior claims against Co-Debtor GMAC prior to the filing of this instant Chapter 11 filed by Debtor, Residential Capital, LLC, et al.

13.    All conditions precedent to the relief demanded herein have been performed or have occurred.

**WHEREFORE**, Claimant Conrad P Burnett moves this Court to enter an Order allowing Conrad P Burnett an administrative expense, pursuant to 11 U.S.C. §503 and directing immediate payment of that claim.

Date: 8/30/2014

Respectfully Submitted,

Pablo E. Bustos, Esq.
Attorney for the Plaintiff

Pablo E. Bustos Esq., Bar No.:4122586
BUSTOS & ASSOCIATES, P.C.
225 Broadway 39th Floor
New York, NY 10007-3001
212-796-6256 Office
pbustos@bustosassociates.com
*Attorney for the Creditor Conrad P Burnett Jr*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 12-12020 (MG) |
| Residential Capital, LLC, et al. | : | |
| | : | Jointly Administered |
| Debtors. | : | |

-------------------------------------------------------------x

### NOTICE OF APPLICATION FOR ADMINSTRATIVE EXPENSE

Notice is hereby given that "Application" has been filed with the Court and

Application for Allowance of Administrative Expense and Immediate Payment (the

"Application") Pursuant to 11 U.S.C. §503(b)(1) and §507(b). A copy of the Application

is attached hereto.

Notice is further given that objections to the Application must be filed in writing

with the Court and served to Attorney Pablo E. Bustos, Esq. at the address below within

twenty days of the date of the notice. A hearing will be held on the Application only if an

objection is timely and properly filed. In the absence of a timely written objection, the

Application will be considered uncontested and the Applicant will submit an appropriate

order granting the Application.

Date: 8/30/2014                                Respectfully Submitted,

                                               *Pablo E Bustos*

                                               Pablo E. Bustos, Esq.
                                               Attorney for the Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re:                                                        :        Chapter 11
                                                             :
                                                             :        Case No. 12-12020 (MG)
Residential Capital, LLC, et al.                             :
                                                             :        Jointly Administered
                           Debtors.                          :

-------------------------------------------------------------x

### ORDER

    The application of Conrad P Burnett for the payment of administrative expenses

was filed with this Court on August _____, 2014. Notice was served on the parties in

interest in these proceedings. The objections of Residential Capital, LLC to such

application were filed on _____, 2014. The Court heard the motion and objections

on _____, 2014.

    **IT IS ORDERED** that $750,790.00 of administrative expenses is allowed as

administrative expenses, specifically, legal expenses, filing fees, attorney's fees, and

proof of claim.

Dated: _____                    _____
                                            **Honorable Martin Glenn**
                                            **United Stated Bankruptcy Judge**

Pablo E. Bustos Esq., Bar No.:4122586
BUSTOS & ASSOCIATES, P.C.
225 Broadway 39th Floor
New York, NY 10007-3001
212-796-6256 Office
pbustos@bustosassociates.com
*Attorney for the Creditor Conrad P Burnett Jr*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

In re:                                                    :          Chapter 11
                                                          :
                                                          :          Case No. 12-12020 (MG)
                                                          :
Residential Capital, LLC, et al.                          :
                                                          :          Jointly Administered
                        Debtors.                          :
------------------------------------------------------------x

### AMENDED APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE AND IMMEDIATE PAYMENT PURSUANT TO 11 U.S.C. § 503

Conrad P Burnett, Claimant, represented and through counsel and pursuant to 11 U.S.C. §503, applies to this Court for allowance of an administrative expense and for immediate payment. In support of this motion, Claimant would show as follows:

1.       On July 30, 2009 Conrad P Burnett Jr. received a letter from GMAC Mortgage, Inc., ("GMAC") stating that he was denied a loan modification and foreclosure would soon commence. Additionally, these acts occurred under a mandate by Congress and stipulation by Debtor and Co-Debtors with the Government and a "Servicer Participation Agreement." Co-Debtor GMAC as servicer for Deutsche Bank Trust Company Americas under the Home Affordable Modification Program otherwise known as ("HAMP.") which violates the False Claims Act under 31 U.S.C. §3729 et seq…Evidence of this correspondence is attached herewith and marked as "Exhibit 1"

2.      On August 23, 2010 a subsidiary of the Co-Debtor GMAC, Deutsche Bank Trust Company Americas obtained judgment In the Circuit Court of Clarke County, State of Virginia and shortly thereafter took possession of the Creditors real property through novation. The order of that Court is annexed to this Amended Application and marked as Exhibit "2".

3.      Claimant had business transactions with Co-Debtor GMAC, Case No. 12-12032 (MG) a subsidiary of Debtor which provided Mortgage Servicing to Conrad P Burnett.

4.      Conrad P Burnett Jr. was part of a proceeding in the State of Pennsylvania with Notary Commissioner which was against Susan Turner who was a notary with Countrywide & GMAC for ("robo-signing.") During her employment she falsified documents and filed fraudulent affidavits which lead to the foreclosure of Thousands of homes nationwide. Although damages were not awarded in that case Mr. Burnett would at the very least be entitled to his Administrative Claim on the basis that this claim arose before the filing of this Chapter 11. Attached are communications with the Co-Debtor GMAC prior to the filing of said Bankruptcy proceedings. A copy of the Consent Agreement between GMAC and the Commonwealth of Pennsylvania, Department of State; Before the Secretary of the Commonwealth and attached an incorporated for reference and marked as Exhibit "3."

5.      On or about December 6, 2012 Creditor Conrad P Burnett Jr. filed a Civil Action for Conversion of an Instrument under Va. Code §8.3A-420; Case No. 12002111 in the Circuit Court of Clarke County, State of Virginia.

6.      Debtor filed its voluntary petition under Chapter 11of the Bankruptcy Code on May 15, 2012.

7.      After the filing of the petition in this case Conrad P Burnett, in the ordinary

course of business, provided a Proof of Claim No. 345 filed July 27, 2012 and was served

to Debtor's and Co-Debtor's and collectively they did not object. Copies of the Original

Application for Administrative Expenses, and monthly billing statements showing the

dates and nature of the administrative expenses incurred by the Claimant are annexed as

Composite Exhibit "4". Conrad P Burnett has billed Debtor and Co-Debtor both for these

expenses.

8.      Creditor Conrad P Burnett filed his Original Application for Allowance of

Administrative Expense and Immediate Payment was filed on January 8, 2014 with a

sworn affidavit attached herewith and marked as Exhibit "4" and incorporated for

reference.

9.      On January 8, 2014 the Trustee entered an additional Proof of Claim No. 7413.

The deadline for objection to all administrative claims was June 15, 2014. In fact, Debtor

and Co-Debtor GMAC did not object Conrad P Burnett's claims.

10.     Debtor owes Conrad P Burnett, Claimant $750,790.00 for failed mortgage

servicing rendered in the ordinary course of business between May 14, 2012, and

December 17, 2013.

11.     This claim is not subject to any set off or counterclaim and Conrad P Burnett

holds no security for the debt.

12.     Creditor Conrad P Burnett Jr is entitled to payment of all administrative expenses

on the grounds that he can show good cause as to his prior claims against Co-Debtor

GMAC prior to the filing of this instant Chapter 11 filed by Debtor, Residential Capital,

LLC, et al.

13.    All conditions precedent to the relief demanded herein have been performed or

have occurred.

    **WHEREFORE**, Claimant Conrad P Burnett moves this Court to enter an Order

allowing Conrad P Burnett an administrative expense, pursuant to 11 U.S.C. §503 and

directing immediate payment of that claim.

Date: 8/30/2014                                         Respectfully Submitted,

*Pablo E. Bustos*

                                     Pablo E. Bustos, Esq.
                                     Attorney for the Plaintiff

Pablo E. Bustos Esq., Bar No.:4122586
BUSTOS & ASSOCIATES, P.C.
225 Broadway 39th Floor
New York, NY 10007-3001
212-796-6256 Office
pbustos@bustosassociates.com
*Attorney for the Creditor Conrad P Burnett Jr*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------x

In re:                                              :        Chapter 11
                                                    :
                                                    :        Case No. 12-12020 (MG)
Residential Capital, LLC, et al.                    :
                                                    :        Jointly Administered
                        Debtors.                    :
-------------------------------------------------------------x

### NOTICE OF APPLICATION FOR ADMINSTRATIVE EXPENSE

Notice is hereby given that "Application" has been filed with the Court and

Application for Allowance of Administrative Expense and Immediate Payment (the

"Application") Pursuant to 11 U.S.C. §503(b)(1) and §507(b). A copy of the Application

is attached hereto.

Notice is further given that objections to the Application must be filed in writing

with the Court and served to Attorney Pablo E. Bustos, Esq. at the address below within

twenty days of the date of the notice. A hearing will be held on the Application only if an

objection is timely and properly filed. In the absence of a timely written objection, the

Application will be considered uncontested and the Applicant will submit an appropriate

order granting the Application.

Date: 8/30/2014                                     Respectfully Submitted,

                                                    *Pablo E Bustos*

                                                    Pablo E. Bustos, Esq.
                                                    Attorney for the Plaintiff

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------x

In re:                                               :        Chapter 11
                                                     :
                                                     :        Case No. 12-12020 (MG)
Residential Capital, LLC, et al.                     :
                                                     :        Jointly Administered
                                Debtors.             :
-------------------------------------------------------------x

## ORDER

The application of Conrad P Burnett for the payment of administrative expenses

was filed with this Court on August _____, 2014. Notice was served on the parties in

interest in these proceedings. The objections of Residential Capital, LLC to such

application were filed on _____, 2014. The Court heard the motion and objections

on _____, 2014.

**IT IS ORDERED** that $750,790.00 of administrative expenses is allowed as

administrative expenses, specifically, legal expenses, filing fees, attorney's fees, and

proof of claim.

Dated: _____          _____
                                 **Honorable Martin Glenn**
                                 **United Stated Bankruptcy Judge**

[EXHIBIT "1"]

**GMAC** Mortgage

00044

July 30, 2009

Conrad P Burnett
458 Lakeview Ln
Boyce, VA 22620-3171
لسلسلبلللمسلدللسللسلللسلسلبلبلبلسلسللد

| Re: Loan Number | 7441368818 |
|---|---|
| Property Address | 458 LAKEVIEW LANE<br>BOYCE, VA 22620 |

Dear Conrad P Burnett:

We have been unsuccessful in our attempts to reach you to discuss possible workout options.
In order to consider a workout and/or repayment for your mortgage loan, it is critical that the
enclosed Financial Analysis Form is completed and returned to our office at your earliest
opportunity. Please fax the documentation to 1.866.709.4744. In addition to the completed
Financial Analysis Form, please provide the following:

1) **Signed letter explaining the cause of default or imminent (future) default and signed
   Hardship Affidavit**
2) **Copies of the two most recent pay stubs (for each borrower on the loan) or, if self-employed,
   a current income statement, balance sheet, statement of owner's equity and a 6-month profit
   and loss statement**
3) **Copy of your most recent Federal Tax return with all schedules and completed Request for
   Transcript of Tax Return, Form 4506-T**

Please allow five business days from the date of receipt to process your financial package. If
you have any questions regarding this information, please contact us at 1.800.799.9250
(Monday - Thursday 8:00 a.m. to 7:00 p.m., Friday 8:00 a.m. to 5:00 p.m., Central time).
Thank you once again for contacting GMAC Mortgage. We look forward to assisting you in
the near future.

Sincerely,

Asset Resolution Specialist

Enclosure

*Please note, federal law requires that we advise you that this letter and all subsequent communication
(written and/or oral) is an attempt to collect a debt and any information obtained will be used for that
purpose.*

GMAC Mortgage
2711 North Haskell Avenue    Suite 900    Dallas, TX 75204
Phone: 1.800.799.9250    Fax: 1.866.709.4744

30 days to sale

[EXHIBIT]  No. 2

VIRGINIA:

## IN THE CIRCUIT COURT OF CLARKE COUNTY

| | |
|---|---|
| DEUTSCHE BANK TRUST COMPANY AMERICAS, | ) |
| Plaintiff, | ) |
| v. | ) Case No.: 10-1295 |
| BURNETT, CONRAD P. JR., | ) |
| Defendant | ) |

### *ORDER*

THIS MATTER CAME ON TO BE HEARD this day for hearing on the merits of

the Plaintiff's Motion to Dismiss, and each party being represented by their respective

counsel; and

IT APPEARING TO THE COURT after argument of counsel that Plaintiff's

Motion to Dismiss is granted and the Defendant's appeal is dismissed and the Plaintiff is

awarded possession of the premises located at 458 Lakeview Lane, Boyce, Virginia

22620 and the Plaintiff is entitled to the issuance of a writ of possession for the aforesaid *(2010)*

See Bob Woods Union 76, Inc. v. Alo Taibi, Romula C.n. 09-1553 (2010)

premises, that this Order is proper and should be entered; it is therefore

ADJUDGED, ORDERED AND DECREED that the Plaintiff be and hereby is

awarded possession of the premises located at 458 Lakeview Lane, Boyce, Virginia

22620 from the Defendant, that the Defendant's appeal is dismissed and that the Plaintiff

is entitled to the issuance of a writ of possession to recover possession of the said

premises and the Clerk of the Court be and hereby is authorized to forthwith issue a writ

of possession in favor of the Plaintiff against the Defendant for possession of the

aforesaid premises.

1

ENTERED this _16_ day of _SEP_ , 2010.

_____
⟨JUDGE⟩

PRAYED FOR:

_____

J. Thomas Fromme, II, Esquire
VSB #12913
The Law Offices of J. Thomas Fromme, II
10482 Armstrong Street
Fairfax, Virginia 22030
(703) 385-8008
(703) 385-2896 - Fax
FOR
Summer Hughes, Esquire
Johnson & Freedman, LLC
310 Victory Road, Suite B
Winchester, Virginia 22602
(866) 682-4472
(540) 545-4162
Counsel for Plaintiff

SEEN AND _____:

_____

Phillip S. Griffin, II, Esquire
VSB #
102 South Kent Street
Winchester, Virginia 22601
Counsel for Defendant
mspibumert2.ord

09/23/2010:   CIVIL ORDER BOOK 11, PAGE 520

CERTIFIED TO BE A TRUE COPY
TESTE: Helen Butts, Clerk

_____ Dep. Clerk

2

Dear Ms. Hughes, Mr. Fromme, Mr. Griffin, and Mr. Burnett:

On the 5th day of May, 2010, trial in the above styled matter of <u>Deutsche Bank Trust
Company Americas v. Conrad P. Burnett, Jr., and/or current occupant(s)</u> occurred in the
General District Court for Clarke County. At that time, Plaintiff was represented by J.
Thomas Fromme, II, (standing in on behalf of counsel of record, namely Summer
Hughes, Esquire). At that time, the Defendant Conrad P. Burnett, Jr. appeared in person
and with his counsel, namely Phillip S. Griffin, Esquire.

Opening statements were made. Thereafter, counsel for the Plaintiff presented testimony
of one witness and introduced several exhibits on Plaintiff's behalf including but not
limited to a Substitute Trustee's Deed dated the 19th day of August, 2009, by and between
Specialized Inc., of Virginia, a Virginia Corporation, substitute trustee, grantor; and
Deutsche Bank Trust Company Americas as Trustee for RALI 2006OS5, grantee which
had been drafted following a foreclosure upon the property located at 458 Lakeview
Lane, Boyce, Virginia 22620. After resting Plaintiff's case, counsel for the Defendant
presented testimony of one witness, namely the Defendant Conrad P. Burnett, Jr., and
exhibits on behalf of the named Defendant. Following completion of testimony, both
parties were given an opportunity for final argument.

The Court took this matter under advisement as it wanted to review all exhibits and
documentation offered during trial fully and completely, its notes, and any relevant
statutory and case law before rendering a final decision herein.

**This letter opinion shall constitute a FINAL ORDER. The date of this letter of the
17th day of June, 2010 shall be the date of the FINAL ORDER.**

If the Defendant ultimately contests the previous foreclosure proceedings and/or the
ultimate issue of "ownership" as opposed to the "possession" of the real estate/real
property, those issues are within the jurisdiction of the Circuit Courts. As this claim
pending herein is one of possession as opposed to ownership, the General District Court
is entitled to make a decision relative to possession only. Given the exhibits offered by
the Plaintiff including but most importantly the Substitute Trustee's Deed dated the 19th
day of August, 2009, which was subsequently recorded in the Circuit Court, the named
and present owner of the real estate following the foreclosure is the Plaintiff herein. The
statutory provisions of Section 8.01-389 of the Code of Virginia of 1950, as amended,
also support the following decision.

Judgment is entered on behalf of the Plaintiff against the named Defendants herein for the
possession of the real estate/real property located at 458 Lakeview Lane, Boyce, Virginia
22620. Given that this ruling is by way of a letter opinion which is being both mailed
and faxed to counsel and to the named Defendant(s) and the logistical communications
that must be made with counsel and their respective parties as a result of this ruling by
letter opinion, no immediate writ of possession is ordered but a writ may be obtained
following the usual ten day (10 day) period as set forth in Section 8.01-129 of the Code
of Virginia of 1950, as amended. While there would normally be an immediate writ of



**Clarke County Sheriff's Office**
Anthony W. Roper, Sheriff
100 North Church Street · PO Box 49 · Berryville, VA 22611
540-955-5152 (Office)
540-955-1234 (24-hour Non-emergency Line)
540-955-4111 (Facsimile)

## WRIT OF POSSESSION

DATE Sept 23, 2010

CASE: Deutsche Bank Trust VS Conrad P. Burnett, Jr
Company Americas          458 Lakeview Lane
                          Boyce, Va. 22620

THE PLAINTIFF/AGENT AND THE CLARKE COUNTY SHERIFF'S OFFICE WILL BE AT
YOUR RESIDENCE LOCATED AT 458 Lakeview Lane, Boyce, Va.

ON THE 5th DAY OF Oct AT 9:00 AM/PM, TO EXECUTE A COURT
ORDER WHICH WILL REQUIRE SETTING ALL PROPERTY OUT OF THE RESIDENCE.

THE CLARKE COUNTY SHERIFF'S OFFICE WILL BE THERE TO MAINTAIN LAW
AND ORDER, AND PROPERTY WILL BE REMOVED TO THE NEAREST STATE
MAINTAINED ROADWAY. THIS LOCATION WILL BE In Front OF Residence
At 458 Lakeview Ln, Boyce, Va.

UNDER VIRGINIA STATE CODE #8.01-470, THE SHERIFF MAY BREAK INTO THE
RESIDENCE TO EXECUTE THE COURT ORDER...(IF THE DOOR IS LOCKED).

IF YOU HAAVE ANY QUESTIONS ABOUT THIS WRIT OF POSSESSION, CONTACT
THE CLARKE COUNTY SHERIFF'S OFFICE AT 540-955-1234.

BY ORDER OF THE CLARKE COUNTY SHERIFF'S OFFICE AND THE
Clarke County Circuit COURT.

Sgt. B. Roseberry
ANTHONY W. ROPER , SHERIFF

Dear Ms. Hughes, Mr. Fromme, Mr. Griffin, and Mr. Burnett:

On the 5th day of May, 2010, trial in the above styled matter of <u>Deutsche Bank Trust Company Americas v. Conrad P. Burnett, Jr., and/or current occupent(s)</u> occurred in the General District Court for Clarke County. At that time, Plaintiff was represented by J. Thomas Fromme, II, (standing in on behalf of counsel of record, namely Summer Hughes, Esquire). At that time, the Defendant Conrad P. Burnett, Jr. appeared in person and with his counsel, namely Phillip S. Griffin, Esquire.

Opening statements were made. Thereafter, counsel for the Plaintiff presented testimony of one witness and introduced several exhibits on Plaintiff's behalf including but not limited to a Substitute Trustee's Deed dated the 19th day of August, 2009, by and between Specialized Inc., of Virginia, a Virginia Corporation, substitute trustee, grantor; and Deutsche Bank Trust Company Americas as Trustee for RALI 2006OS5, grantee which had been drafted following a foreclosure upon the property located at 458 Lakeview Lane, Boyce, Virginia 22620. After resting Plaintiff's case, counsel for the Defendant presented testimony of one witness, namely the Defendant Conrad P. Burnett, Jr., and exhibits on behalf of the named Defendant. Following completion of testimony, both parties were given an opportunity for final argument.

The Court took this matter under advisement as it wanted to review all exhibits and documentation offered during trial fully and completely, its notes, and any relevant statutory and case law before rendering a final decision herein.

<u>This letter opinion shall constitute a FINAL ORDER. The date of this letter of the 17th day of June, 2010 shall be the date of the FINAL ORDER.</u>

If the Defendant ultimately contests the previous foreclosure proceedings and/or the ultimate issue of "ownership" as opposed to the "possession" of the real estate/real property, those issues are within the jurisdiction of the Circuit Courts. As this claim pending herein is one of possession as opposed to ownership, the General District Court is entitled to make a decision relative to possession only. Given the exhibits offered by the Plaintiff including but most importantly the Substitute Trustee's Deed dated the 19th day of August, 2009, which was subsequently recorded in the Circuit Court, the named and present owner of the real estate following the foreclosure is the Plaintiff herein. The statutory provisions of Section 8.01-389 of the Code of Virginia of 1950, as amended, also support the following decision.

Judgment is entered on behalf of the Plaintiff against the named Defendants herein for the possession of the real estate/real property located at 458 Lakeview Lane, Boyce, Virginia 22620. Given that this ruling is by way of a letter opinion which is being both mailed and faxed to counsel and to the named Defendant(s) and the logistical communications that must be made with counsel and their respective parties as a result of this ruling by letter opinion, no immediate writ of possession is ordered but a writ may be obtained following the usual ten day (10 day) period as set forth in Section 8.01-129 of the Code of Virginia of 1950, as amended. While there would normally be an immediate writ of

possession given Section 8.01-129 of the Code of Virginia of 1950, as amended, following a trustee's deed following foreclosure, that same section does also indicate that the general rule would be in place unless otherwise specifically provided in the court's order as I am setting forth herein.

Enter this 17th day of June, 2010.

Amy B. Tisinger
Judge, 26th Judicial District

[EXHIBIT]   No. 3

COMMONWEALTH OF VIRGINIA

1300 EAST MAIN STREET
SUITE EIGHT HUNDRED
P.O. BOX 640
RICHMOND, VIRGINIA 23218-0640
(804) 371-9657
FAX (804) 371-9416
TDD (804) 371-9206
www.scc.virginia.gov

## STATE CORPORATION COMMISSION
## BUREAU OF FINANCIAL INSTITUTIONS

April 18, 2012

RE: GMAC Mortgage, LLC - Complaint No. 20155

Dear Mr. Burnett:

We are in receipt of your correspondence, in which you have registered a complaint against the subject company. It is noted however your attachment of "Substitute of Trustee" lists three specific entities as follows: MERS, Deutsche Bank Trust Company Americas and Specialized, Inc. of Virginia. Unfortunately, none of those named entities are licensee of this Bureau and as such we have no authority to offer you any direct assistance as it pertains to those three specific entities. However, as you state your complaint is against GMAC, we plan to review the matter with GMAC and will contact you when our review is completed.

As your complaint form references wrongdoings that are possibly covered in the recently announced Joint State-Federal Mortgage Servicing Settlement, you may find the assistance you are seeking by reviewing the information about that settlement on the website www.NationalMortgageSettlement.com. In addition the Virginia Office of the Attorney General has information about that national settlement as well which can be found on their Virginia Office of the Attorney General website. Further, as it specifically pertains to GMAC and the recently announced settlement, the contact number for consumers to reach GMAC to determine if they are part of the national settlement has been provided as 800-766-4622

As it pertains to your stated complaint against GMAC, it is the practice of this Bureau to respond to consumer complaints or inquiries within 45 –60 calendar days. Please be aware our office has the authority to ensure that state-chartered financial institutions and certain out-of-state entities that have been granted authority to do business in the Commonwealth comply with certain consumer protection statutes and regulations. However, these statutes and regulations do not specifically address all facets of a particular company's operation.

It is important to remember that the Bureau does not act as your attorney. We also do not have the power to adjudicate complaints. In some cases, the transactions that may lead consumers to file a complaint with our office simply are not within our regulatory jurisdiction. If the matter is of a contractual or factual dispute that does not involve a supervised entity's violation of a specific law or regulation (for example, a matter concerning internal policies or guidelines), the Bureau will advise you of such. If we are able to provide you with options to

Exhibit "2"

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF STATE
BEFORE THE SECRETARY OF THE COMMONWEALTH

PROTHONOTARY

2012 AUG -7 PM 12: 46

Department of State

Commonwealth of Pennsylvania,
Bureau of Commissions, Elections, and
Legislation

vs.

Susan Turner,
Respondent

Docket No.: G09 6 -99-12

File No.: 10-99-08768
11-99-07232

## CONSENT AGREEMENT AND ORDER

### PARTIES

The Commonwealth of Pennsylvania, Bureau of Commissions, Elections, and Legislation

(Bureau) and Susan Turner (Respondent) stipulate as follows in settlement of the above-

captioned case.

### JURISDICTION

1.      This matter is before the Secretary of the Commonwealth ("Secretary") pursuant

to the Notary Public Law, Act of August 21, 1953, P.L. 1323, No. 373 *as amended*, 57 P.S.

§§147-169 ("Law") and/or the Uniform Acknowledgement Act, Act of July 24, 1941. P.L. 490,

as amended, 21 P.S. § 291.1-13(Act). of 1953, P.L. 1323, *as amended* ("Law"), 57 P.S. §§ 147-

169.

2.      At all relevant and material times, Respondent held a commission as a notary

public within this Commonwealth, Notary I.D. Number 1237652.

### STIPULATED FACTS

3.      The Respondent admits that the following allegations are true:

a.      Respondent's commission expired on November 9, 2011.

b.      Respondent's last known office address on file with the

Department of State is GMAC RESLAP, 1100 Virginia Dr., Forth Washington,

PA 19034.

c.   Prior to October 2010, and while employed by GMAC where she used her notary seal, Respondent failed to be familiar with the duties of a notary.

d.   Prior to September 2009, and while employed by GMAC where she used her notary seal, Respondent failed to log notarial acts as required by law.

e.   On at least one occasion prior to October 2010, while employed by GMAC where she used her notary seal, Respondent failed to require a personal appearance.

## ALLEGED VIOLATIONS

4.   Based upon the foregoing factual allegations, the Secretary of the Commonwealth may, for good cause, issue a written reprimand, impose a civil penalty, suspend or revoke the Respondent's commission or order the Respondent to attend additional educational courses under the authority of Section 22 of the Act, 57 P.S. §§168 (a), (b) and (c), because:

a.   Prior to October 2010, Respondent failed to be familiar with the duties of a notary public in violation of Section 5 of the Law, 57 P.S. §151(b);

b.   Prior to September 2009, Respondent failed to log notarial acts as required by Section 15 of the Law, 57 P.S. § 161.

c.   On at least one occasion prior to October 2010, Respondent failed to require a personal appearance as required by Section 12.1 of the law, 57 P.S. § 158.1.

## ORDER

5.   The parties intending to be legally bound consent to the issuance of the following Order in settlement of this matter:

a.   Respondent violated the Law because prior to October 2010, Respondent failed to be familiar with the duties of a notary public in violation of Section 5 of the Law, 57 P.S. §151(b); prior to September

-2-

2009 failed to log notarial acts as required by Section 15 of the Law, 57

P.S. § 161; and on at least one occasion prior to October 2010, failed to

require a personal appearance as required by Section 12.1 of the law, 57

P.S. § 158.1.

b.  In consideration for not imposing other disciplinary sanctions, the

Parties propose, and the Secretary hereby accepts the **PERMANENT**

**VOLUNTARY  SURRENDER/RELINQUISHMENT  OF  ANY**

**FUTURE  RIGHT** the Respondent may possess to apply for a new

Commission, or other licenses, registrations, certificates or permits

authorizing Respondent to practice as a notary.  Respondent acknowledges

that with the permanent voluntary surrender of any future right the

Respondent may have to apply to for a new commission as a Notary,

Respondent is surrendering any and all property rights she may have had

in her Commission and will no longer be eligible to renew and/or apply

for an authorization/commission to practice as a Notary.  As further stated

consideration for the Commonwealth not seeking that the Secretary

impose other disciplinary sanctions against Respondent, Respondent

agrees not apply for the issuance or reissuance/reinstatement of any

authorizations to practice as a Notary.  Respondent agrees that any future

applications submitted by the Respondent may be and shall be

immediately deemed denied.

c.  The permanent voluntary surrender of Respondent's future right to

apply for a commission shall be considered a disciplinary sanction and

will be reported to other licensing authorities and any applicable national

-3-

databank as a disciplinary action.

d.  Respondent will surrender to the Bureau Respondent's notary seal and notary embosser, if any, (or affidavit of loss or destruction), along with a signed copy of this Consent Agreement.

## CASE SETTLED AND DISCONTINUED

6.  This case shall be deemed settled and discontinued upon the Secretary issuing an Order adopting this Consent Agreement.

## ACKNOWLEDGMENT OF NOTICE AND WAIVER OF HEARING

7.  Respondent waives the filing of an Order to Show Cause in this matter. Respondent knowingly and voluntarily waives the right to an administrative hearing in this matter, and to the following rights related to that hearing:  to be represented by counsel at the hearing; the right to present witnesses and testimony in defense or in mitigation of any sanction that may be imposed for a violation; to cross-examine witnesses and to challenge evidence presented by the Commonwealth; to present legal arguments by means of a brief; and to take an appeal from any final adverse decision.

## NO MODIFICATION OF ORDER

8.  Respondent agrees, as a condition of entering into this Consent Agreement, not to seek modification at a later date of the Order adopting and implementing this Consent Agreement without first obtaining the express written concurrence of the Prosecution Division.

## AGREEMENT NOT BINDING ON OTHER PARTIES

9.  This Consent Agreement is between the Commonwealth and Respondent only. Except as otherwise noted, this Agreement is to have no legal effect *a)* if the Office of General Counsel expresses an objection to the Agreement's form or legality and/or *b)* unless and until the Secretary issues the stipulated Order.

-4-

## EFFECT OF SECRETARY'S REJECTION OF CONSENT AGREEMENT

10.   Should the Secretary not approve this Consent Agreement, presentation to and consideration of this Consent Agreement and other documents and matters by the Secretary shall not prejudice the Secretary from further participation in the adjudication of this matter. This paragraph is binding on the participants even if the Secretary does not approve this Consent Agreement.

## ENTIRE AGREEMENT

11.   This agreement contains the whole agreement between the parties; provided however, that the captions printed in the various provisions of this agreement are for ease of reading only and are not to be interpreted as forming any part of this agreement. There are no other terms, obligations, covenants, representations, statements or conditions, or otherwise, of any kind whatsoever concerning this agreement.

## AGREEMENT DOES NOT PREVENT ADDITIONAL DISCIPLINE BASED ON FUTURE CONDUCT

12.   By virtue of this Consent Agreement, the Commonwealth and Respondent agree that they have resolved all issues relating to Respondent's compliance with the Law, as defined in paragraph 1, up through and including the date of this Consent Agreement. Nothing in this Consent Agreement or the Order based upon this Consent Agreement shall preclude the Prosecuting Attorney for the Commonwealth from filing charges or the Secretary from imposing disciplinary or corrective measures for violations or facts occurring after the date of this Consent Agreement.

## VERIFICATION OF FACTS AND STATEMENTS

13.   Respondent verifies that the facts and statements set forth in this Agreement are true and correct to the best of Respondent's knowledge, information and belief. Respondent understands that statements in this Agreement are made subject to the criminal penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF STATE
BEFORE THE SECRETARY OF THE COMMONWEALTH

Commonwealth of Pennsylvania,
Bureau of Commissions, Elections, and
Legislation

vs.

Susan Turner,
Respondent

: Docket No.:      -99-12
: File Nos. 10-99-08768
:           11-99-07232

# ORDER

AND NOW, this 6th day of August 2012, the Secretary of the
Commonwealth adopts and approves the foregoing Consent Agreement and incorporates the
terms of paragraph 5 above, which shall constitute the Secretary of the Commonwealth's
Order, and which is now issued in resolution of this matter.

This Order shall take effect immediately.

BY ORDER

Carol Aichele
Secretary of the Commonwealth

Date of Mailing:

For the Commonwealth:

August 7, 2012

Commonwealth of Pennsylvania
Department of State
P. O. Box 2649
Harrisburg, PA 17105-2649

For Respondent:

Kristin H. Jones, Attorney at Law
Pepper Hamilton LLP
3000 Two Logan Square, Eighteenth and Arch Sts
Philadelphia, PA 19103-2799

[EXHIBIT]   No. 4

Conrad P Burnett
612 McIntosh Drive
Linden, VA. 22642
571-528-5972
Claimant Unrepresented Pro Se



RECEIVED
JAN - 8 2014
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------x

In re:                                              :        Chapter 11
                                                    :
                                                    :        Case No. 12-12020 (MG)
                                                    :
Residential Capital, LLC, et al.                    :
                                                    :        Jointly Administered
                             Debtors.               :
--------------------------------------------------------x

## APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE AND
## IMMEDIATE PAYMENT PURSUANT TO 11 U.S.C. § 503

Conrad P Burnett, Claimant, represented pro se and pursuant to 11 U.S.C. §503,

applies to this Court for allowance of an administrative expense and for immediate

payment. In support of this motion, Claimant would show as follows:

1.      Debtor filed its voluntary petition under Chapter 11of the Bankruptcy Code on

May 15, 2012.

2.      Claimant had business transactions with Co-Debtor GMAC Mortgage, Inc. Case

No. 12-12032 (MG) a subsidiary of Debtor which provided Mortgage Servicing to

Conrad P Burnett.

3.      After the filing of the petition in this case Conrad P Burnett, in the ordinary

course of business, provided a Proof of Claim No. 345 filed July 27, 2012 and was served

to Debtor's and Debtor's did not object. Copies of monthly billing statements showing

the dates and nature of the administrative expenses incurred by the Claimant are annexed

as Composite Exhibit A. Conrad P Burnett has billed Debtor for these expenses.



1212020140214000000000018

4.    Debtor owes Conrad P Burnett, Claimant $375,395.00 for failed mortgage servicing rendered in the ordinary course of business between May 14, 2012, and December 17, 2013.

5.    This claim is not subject to any set off or counterclaim and Conrad P Burnett holds no security for the debt.

6.    All conditions precedent to the relief demanded herein have been performed or have occurred.

   **WHEREFORE**, Claimant Conrad P Burnett moves this Court to enter an Order allowing Conrad P Burnett an administrative expense, pursuant to 11 U.S.C. §503 and directing immediate payment of that claim.

Date: January **6** , 2014

   Respectfully Submitted,

   _____
   Conrad P Burnett

Conrad P Burnett
612 McIntosh Drive
Linden, VA. 22642
571-528-5972
Claimant Unrepresented Pro Se

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

In re:                                      :       Chapter 11
                                            :
                                            :       Case No. 12-12020 (MG)
Residential Capital, LLC, et al.            :
                                            :       Jointly Administered
                       Debtors.             :

---------------------------------------------------------------x

### AFFIDAVIT OF CONRAD P BURNETT

Conrad P Burnett, being duly sworn, states as follows:

1.      I am Creditor for GMAC Mortgage, Inc. Co-Debtor in case 12-12032 (MG) and I

have priority claim for the Debtor account at GMAC Mortgage, Inc. Account No.:

████8818 (458 LAKEVIEW LANE, BOYCE, VA. 22620) a subsidiary for Debtor

herein Residential Capital, LLC. parent for said Mortgage Servicer.

2.      I properly filed my Proof of Claim timely and the time for objection has passed.

3.      I have maintained continual contact with Attorney Justin Krull attorney with

GMAC, Mortgage, Inc. regarding prior claims and this settlement by confirmation. The

contact between the parties thus far has promoted judicial efficiency and economy; any

may have prevented a miscarriage of justice.

4.      I have reviewed the Application for Allowance of Administrative Expenses and

Immediate Payment Pursuant to 11 U.S.C. §503, for Administrative Expense. All of the

facts and matters stated in said Application are true and correct to the best of my

knowledge, information, and belief.

        Further affiant saith naught.

By: _____

Conrad P Burnett
Affiant


### ACKNOWLEDGMENT

STATE OF VIRGINIA          )

COUNTY OF _Wg/ln___ )

Sworn to and subscribed before me, _Jon Jai Dowl_ ___, this the _6D_ day

of _January___, 2014by _Conw P Burnett_

_____
Notary Public  #344724

My Commission Expires: _0 3r 2016_

Conrad P Burnett
612 McIntosh Drive
Linden, VA. 22642
571-528-5972
Claimant Unrepresented Pro Se

### UNITED STATES BANKRUPTCY COURT
### SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------x

In re:                                    :        Chapter 11
                                          :
                                          :        Case No. 12-12020 (MG)
                                          :
Residential Capital, LLC, et al.          :
                                          :        Jointly Administered
                         Debtors.         :
-------------------------------------------------x

### NOTICE OF APPLICATION FOR ADMINSTRATIVE EXPENSE

Notice is hereby given that "Application" has been filed with the Court and

Application for Allowance of Administrative Expense and Immediate Payment (the

"Application") Pursuant to 11 U.S.C. §503(b)(1) and §507(b). A copy of the Application

is attached hereto.

Notice is further given that objections to the Application must be filed in writing

with the Court and served to Conrad P Burnett at the address below within twenty days of

the date of the notice. A hearing will be held on the Application only if an objection is

timely and properly filed. In the absence of a timely written objection, the Application

will be considered uncontested and the Applicant will submit an appropriate order

granting the Application.

Dated: *1-6-2014*

Conrad P Burnett
612 McIntosh Drive
Linden, VA. 22642
571-528-5972
Claimant Unrepresented Pro Se

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x

In re:                                                :        Chapter 11
                                                     :
                                                     :        Case No. 12-12020 (MG)
Residential Capital, LLC, et al.                      :
                                                     :        Jointly Administered
                                Debtors.              :
------------------------------------------------------------x

### ORDER

The application of Conrad P Burnett for the payment of administrative expenses

was filed with this Court on January _____, 2014. Notice was served on the parties in

interest in these proceedings. The objections of Residential Capital, LLC to such

application were filed on January _____, 2014. The Court heard the motion and

objections on _____, 2014.

**IT IS ORDERED** that $375,395.00 of administrative expenses be allowed as

administrative expenses, specifically, legal expenses, filing fees, attorney's fees, and

proof of claim.

Dated: _____

                                        _____
                                        **Honorable Martin Glenn**
                                        **United Stated Bankruptcy Judge**

1:04 PM

12/31/13

# Phillip S. Griffin II PC
## Payments and Credits for Burnett, Conrad
### May 2012 through December 2013

| Type | Num | Date | Amount | Open Balance |
|------|-----|------|--------|--------------|
| **May '12 - Dec 13** | | | | |
| Payment | 1050 | 06/17/2013 | 1,564.00 | |
| Discount | 1050 | 06/17/2013 | 9.67 | 0.00 |
| Payment | 1065 | 05/17/2013 | 600.00 | |
| Payment | | 08/27/2012 | 6,000.00 | |
| Credit Memo | 9534 | 08/21/2012 | 5,846.34 | |
| Payment | 1025 | 08/16/2012 | 6,000.00 | |
| **May '12 - Dec 13** | | | 20,020.01 | 0.00 |

*EXHIBIT "A"*

9:15 PM
01/01/14

# HUELBIG DOC PREP CORPORATION
## Customer QuickReport
### All Transactions

| Type | Date | Num | Memo | Account | Clr | Split | Amount |
|------|------|-----|------|---------|-----|-------|--------|
| **CONRAD P. BURNETT** | | | | | | | |
| Payment | 1/14/2013 | | | Undeposited Funds | | Accounts Rec... | 250.00 |
| Payment | 1/5/2013 | | | Undeposited Funds | | Accounts Rec... | 250.00 |
| Invoice | 1/2/2013 | 0000... | | Accounts Receivable | | -SPLIT- | 875.00 |
| Payment | 1/1/2013 | | | Undeposited Funds | | Accounts Rec... | 375.00 |
| Payment | 12/17/2012 | | | Undeposited Funds | | Accounts Rec... | 200.00 |
| Payment | 12/3/2012 | | | Undeposited Funds | | Accounts Rec... | 500.00 |
| Payment | 11/27/2012 | | | Undeposited Funds | | Accounts Rec... | 500.00 |
| Payment | 11/14/2012 | | | Undeposited Funds | | Accounts Rec... | 300.00 |
| Payment | 11/10/2012 | | | Undeposited Funds | | Accounts Rec... | 500.00 |
| Invoice | 11/3/2012 | 0000... | | Accounts Receivable | | -SPLIT- | 1,300.00 |
| Payment | 11/3/2012 | | | Undeposited Funds | | Accounts Rec... | 500.00 |
| Invoice | 10/2/2012 | 0000... | | Accounts Receivable | | -SPLIT- | 1,200.00 |
| Payment | 11/22/2010 | | | Undeposited Funds | | Accounts Rec... | 800.00 |
| Invoice | 11/15/2010 | 0000... | | Accounts Receivable | | -SPLIT- | 800.00 |
| Payment | 10/13/2010 | | | Undeposited Funds | | Accounts Rec... | 525.00 |
| Invoice | 10/11/2010 | 0000... | | Accounts Receivable | | -SPLIT- | 175.00 |
| Invoice | 10/6/2010 | 0000... | | Accounts Receivable | | -SPLIT- | 525.00 |
| Payment | 10/1/2010 | | | Undeposited Funds | | Accounts Rec... | 175.00 |
| Payment | 3/29/2010 | | | Undeposited Funds | | Accounts Rec... | 415.00 |
| Invoice | 3/17/2010 | 0000... | | Accounts Receivable | | -SPLIT- | 795.00 |
| Payment | 3/17/2010 | | | Undeposited Funds | | Accounts Rec... | 380.00 |
| Invoice | 11/5/2009 | 0000... | | Accounts Receivable | | -SPLIT- | 175.00 |
| Payment | 11/5/2009 | | | Undeposited Funds | | Accounts Rec... | 175.00 |
| Invoice | 8/31/2009 | 0000... | | Accounts Receivable | | -SPLIT- | 225.00 |
| Payment | 8/31/2009 | | | Undeposited Funds | | Accounts Rec... | 225.00 |

$ 3,375.00

EXHIBIT "A"

Page 1

Claim #345 Date Filed: 7/27/2012

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor:<br>GMAC MORTGAGE, LLC | Case Number:<br>12-12032-MG | |

**RECEIVED**

**JUL 3 1 2012**

**KURTZMAN CARSON CONSULTANTS**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**CONRAD P BURNETT JR**

Name and address where notices should be sent:
**612 MCINTOSH DRIVE**
**LINDEN, VA. 22642**

Telephone number: **(703) 300-7122**   email:

Name and address where payment should be sent (if different from above):
**612 MCINTOSH DRIVE**
**LINDEN, VA. 22642**

Telephone number: **(703) 300-7122**   email:

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
*(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $        352,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**   COMMERCIAL PAPER "DEED OF TRUST"
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>4 8 4 0 | 3a. Debtor may have scheduled account as:<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑Real Estate  ☐Motor Vehicle  ☐Other
Describe:

Value of Property: $ **232,700.00**

Annual Interest Rate **7.125%** ☑Fixed or ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$    352,000.00

Basis for perfection:  Security Instrument

Amount of Secured Claim:  $    352,000.00

Amount Unsecured:    $       0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(2).

Amount entitled to priority:

$       352,000.00

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

RECEIVED
JUL 27 2012
U.S. BANKRUPTCY COURT
SO. DIST OF NEW YORK

12120321207270000000000003

Conrad P Burnett Jr
206 Sunset Lane
Linden, VA. 22642


To: ResCap Claims Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

**RE: SETTLEMENT OF ADMINISTRATIVE CLAIMS AND REQUEST FOR PAYMENT**
**RESIDENTIAL CAPITAL, LLC, et al (12-12020(MG))**

I am following up on the above mentioned matter. It has been brought to my attention that as of June 15, 2014 the debtor was required to provide objections against certain administrate claims to which it has not on my claim. To date the Debtor owes $727,395.00 for Claim No.: (345) filed July 27/2014 and Claim No.: (7413) filed 1/8/2014. I am seeking redress on the following issue regarding a settlement payment with Debtor Residential Capital on behalf of GMAC Mortgage, Inc....to the Creditor Conrad P Burnett Jr... We wish to resolve these issues immediately. We are requesting that within ten (10) days of this Notice, letter and demand you furnish a formal response or we will conditionally accept your silence and "default" as an accepted agreement to tender the amount of the Administrative Claims. Please provide a response to: 206 Sunset Lane, Linden, VA. 22642. Failure to respond may affect your *"reservation of rights"* and thereby create civil liability. If you have any further questions please do not hesitate to contact me if you have any questions regarding the issues at hand. Thank you for your attention to this matter.

/s/ Conrad P Burnett Jr, Creditor