Frank Reed
817 Matlack Drive
Moorestown, NJ 08057
Telephone: (856) 956-6950
*Creditor, Pro Se*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL LLC et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### STATEMENT OF ISSUES AND DESIGNATION OF RECORD
### BY APPELLANTS FRANK REED AND CHRISTINA REED
### PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 8006

Pursuant to Rule 8006 of the Federal Rules of Bankruptcy Procedure, Frank Reed and Christina Reed, creditors pro se and appellants herein, hereby designate the issues and record presented on appeal to the United States District Court for the Southern District of New York from the Memorandum Opinion and Order, dated October 6, 2014, which order appears on the court docket as Document No. 7619, in the above-referenced chapter 11 case of the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") by the Honorable Martin Glenn.

### Statement of Issues Presented on Appeal

Frank Reed and Christina Reed, creditors pro se, hereby assert the following Issues presented on Appeal:

   A. Did the Bankruptcy Court err in holding that the Reeds did not demonstrate that the damages other than those awarded are recoverable from GMACM on the theories asserted in their Claims;

   B. Did the Bankruptcy Court utilize the correct standard in considering and weighing the Reeds' evidence as to damages, *to wit*, the Reeds presented a reasonable basis for calculation of damages with no contradictory evidence presented;

C. Did the Bankruptcy Court err in *sua sponte* preemptively restricting the scope and classes of damages that it would consider, and excluding and disregarding classes of consequential damages asserted by the Reeds in their Claims;

D. Did the Bankruptcy Court err in sustaining Trust's Objection to the Reeds' negligence claim after the evidentiary hearing;

E. Did the Bankruptcy Court err in concluding that the Reeds failed to establish that they are entitled to recover damages on their breach of contract claim;

F. Did the Bankruptcy Court err in holding, with respect to the Reeds' Consumer Fraud claim, that the Reeds' only ascertainable loss with a causal connection to the wrongful conduct are the attorneys' fees they incurred in defending the Foreclosure Action;

G. Did the Bankruptcy Court err in excluding the contents of the Reeds' proffered TD Bank letters evidence at the evidentiary hearing, pertaining to Reeds' attempts to refinance the subject property, when the Court previously indicated that the letters would be allowed if authenticated;

H. Did the Bankruptcy Court err in restricting Frank Reed from fully addressing the TD Bank letters issue at the evidentiary hearing, thereby preventing Frank Reed from requesting relief in the form of a continuance of the hearing for the purpose of obtaining the attendance of the subpoenaed TD Bank witness at the hearing;

I. Did the Bankruptcy Court err allowing the ResCap Trust's introduction and use of servicing records/notes at the evidentiary hearing over the objection of the Reeds;

J. Did the Bankruptcy Court err in relying on the ResCap Trust's sole witness and sole evidence (servicing records/notes) in making its findings and Order [Doc. 7619] where the ResCap witness testimony and evidence consisted, in their entirety, of hearsay;

K. Did the Bankruptcy Court err in failing to take judicial notice of the Statement of Scott G. Alvarez, General Counsel, Board of Governors of the Federal Reserve System, Submitted to the Senate Committee on Banking, Housing, and Urban Affairs Subcommittee On Housing, Transportation, and Community Development - U.S. Senate, Washington, D.C. (December 13, 2011) with respect to the Reeds' negligence claim;

L. Did the Bankruptcy Court err in precluding the expert testimony of Dr. Jay I. Sussman;

M. Did the Bankruptcy Court err in sustaining the ResCap Borrower Trust's May 29, 2014 Objection to the Reeds' malicious use of process claim; and denying reconsideration

N. Did the Bankruptcy Court err in denying the Reeds' July 25, 2014 partial Motion for Reconsideration regarding their malicious use of process claim; and

O. Did the Bankruptcy Court err in failing to rule on the Reeds' Motion for Judgment as to Liability [Doc. 7545] prior to the evidentiary hearing.

## Designation of Items to be Included in the Record on Appeal

Items are generally listed as they appear on the Bankruptcy Court's docket. ECF numbers refer to the Bankruptcy Court's docket unless otherwise indicated. All items designated herein include all exhibits, attachments or other papers included within each docket entry for such an item.

| Item No. | Date | ECF No. | Description |
| --- | --- | --- | --- |
| 1 | 5/14/2012 | 1 | Voluntary Petition for Residential Capital, LLC |
| 2 | 5/14/2012 | 1 | Voluntary Petition for GMAC Mortgage, LLC (Case No. 12-12032) |
| 3 | 12/11/13 | 6065 | Order confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors |
| 4 | 5/29/14 | 7017 | ResCap Borrower Claims Trust's Objection to Proofs of Claim Filed by Frank Reed and Christina Reed Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 |
| 5 | 5/29/14 | 7018 | Notice of ResCap Borrower Claims Trust's Objection to Proofs of Claim Filed by Frank Reed and Christina Reed Pursuant to Section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 |
| 6 | 6/23/14 | 7153 | Reed Response to Debtors' Objection to Proofs of Claim |
| 7 | 7/3/14 | 7228 | The ResCap Borrower Claims Trust's Reply in Support of its Objection to Proofs of Claim Filed by Frank Reed and Christina Reed Pursuant to Sections 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 |
| 8 | 7/11/14 | 7246 | Order Sustaining in Part and Overruling without Prejudice in Part the ResCap Borrower Trust's Objection to the Reed Claims and Setting Evidentiary Hearing |
| 9 | 7/10/14 | 7259 | Transcript regarding Hearing Held on July 9, 2014 re ResCap Borrower Claims Trust's Objection to Reed Proofs of Claim |
| 10 | 7/22/14 | 7282 | Order Establishing Procedures for Trial of Contested Matter Concerning Claims of Frank and Christina Reed |
| 11 | 7/24/14 | 7302 | Reed Letter to Court re request for mediation/arbitration |
| 12 | 7/29/14 | 7314 | Order Concerning Contested Matter for Claims of Frank and Christina Reed |
| 13 | 7/25/14 | 7317 | Motion for Partial Reconsideration of the July 11, 2014 Order [ECF Doc. #7246] Sustaining in Part and Overruling in Part the ResCap Borrower Trust's Objection to Proof of Claim Nos. 3708 and 3759 Filed by Frank Reed and Proof of Claim Nos. 4736 and 4759 Filed by Christina Reed |

| | | | |
|---|---|---|---|
| 14 | 7/25/14 | 7318 | Declaration of Frank Reed Submitted in Connection with Motion for Reconsideration of July 11, 2014 Order [ECF Doc. #7246] |
| 15 | 7/30/14 | 7319 | Order Denying Motion for Reconsideration |
| 16 | 7/30/14 | 7320 | Transcript regarding Hearing held on July 28, 2014 re mediation and discovery matters in reference to the Reed evidentiary hearing |
| 17 | 8/12/14 | 7383 | Transcript of Hearing held on August 11, 2014 regarding Reed deposition |
| 18 | 8/14/14 | 7387 | Order Precluding Claimants from Introducing Testimony of Christina Reed at Evidentiary Hearing |
| 19 | 8/29/14 | 7459 | The Rescap Borrower Claims Trust's Motion In Limine To Exclude The Expert Testimony of Louise Carter |
| 20 | 8/29/14 | 7460 | The Rescap Borrower Claims Trust's Motion In Limine To Exclude The Expert Testimony of Christy Zoltun Donati |
| 21 | 8/29/14 | 7461 | The Rescap Borrower Claims Trust's Motion In Limine To Exclude The Expert Testimony of Evan Hendricks |
| 22 | 9/8/14 | 7494 | The ResCap Borrower Claims Trust's Pre-Trial Memorandum |
| 23 | 9/8/14 | 7495 | The ResCap Borrower Claims Trust's Proposed Findings of Fact and Conclusions of Law |
| 24 | 9/8/14 | 7499 | Order Granting in Part and Denying in Part ResCap Borrower Claims Trust's Motions in Limine to Exclude Certain Expert Evidence from Contested Evidentiary Hearing Concerning Claims of Frank and Christina Reed |
| 25 | 9/8/14 | 7504 | Pretrial Memorandum Filed by Frank Reed |
| 26 | 9/8/14 | 7505 | Opposition of Claimants Frank J. Reed III and Christina Reed to ResCap Borrower Claims Trust's Motion in Limine to Exclude the Expert Testimony of Evan D. Hendricks |
| 27 | 9/10/14 | 7516 | Order precluding the expert testimony of Dr. Jay I. Sussma |
| 28 | 9/8/14 | 7543 | Opposition of Claimants Frank J. Reed III and Christina Reed to ResCap Borrower Claims Trust's Motion in Limine to Exclude the Expert Testimony of Christy Zoltun Donati, Esq. |
| 29 | 9/8/14 | 7544 | Opposition of Claimants Frank J. Reed III and Christina Reed to ResCap Borrower Claims Trust's Motion in Limine to Exclude the Expert Testimony of Louise Carter |
| 30 | 9/15/14 | 7545 | Reeds' Motion for Judgment as to Liability on Claims for Negligence, New Jersey Consumer Fraud Act and Punitive Damages |
| 31 | 9/9/14 | 7557 | Transcript of final pre-trial conference held on September 8, 2014 |
| 32 | 9/17/14 | 7560 | Transcript regarding hearing held on September 15-16, 2014 |
| 33 | 10/6/14 | 7619 | Memorandum Opinion and Order Determining the Amount of Allowed Claim of Frank and Christina Reed |
| 34 | 10/20/14 | 7674 | Notice of Appeal |

Dated: Moorestown, New Jersey
       October 31, 2014

By: /s/ Frank Reed
Frank Reed
817 Matlack Drive
Moorestown, NJ 08057
Telephone: (856) 956-6950
*Creditor, Pro Se*

TO:

Clerk of the Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

REED SMITH LLP
Attorneys for ResCap Borrower Claims Trust
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone: (609) 987-0050
Diane A. Bettino, Esq.
Barbara K. Hager, Esq.

MORRISON & FOERSTER LLP
Attorneys for ResCap Borrower Claims Trust
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Norman S. Rosenbaum, Esq.
Jordan A. Wishnew, Esq.
Meryl L. Rothchild, Esq.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL LLC et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below, a true and original copy of the Notice of Appeal of Frank Reed and Christina Reed was served by overnight mail upon the following:

Clerk of the Court
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

REED SMITH LLP
Attorneys for ResCap Borrower Claims Trust
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Telephone: (609) 987-0050
Diane A. Bettino, Esq.
Barbara K. Hager, Esq.

MORRISON & FOERSTER LLP
Attorneys for ResCap Borrower Claims Trust
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Norman S. Rosenbaum, Esq.
Jordan A. Wishnew, Esq.
Meryl L. Rothchild, Esq.

Dated: Moorestown, New Jersey
October 31, 2014

By: _____
Frank Reed, *pro se*