**Hearing Date: December 18, 2014 at 10:00 a.m. (ET)**
**Objection Deadline: December 1, 2014 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:   (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton

*Counsel for the ResCap Borrower*
*Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S OBJECTION**
**TO PROOF OF CLAIM NO. 4927 FILED BY RHONDA DEESE**

ny-1162724

## TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................1

JURISDICTION, VENUE AND STATUTORY PREDICATE .....................................................2

BACKGROUND ..........................................................................................................................2

      I.     General Overview ...............................................................................................2

      II.    Claim Specific Background ................................................................................4

           A.     Claimant's Loan ......................................................................................4

           B.     The Proof of Claim ..................................................................................4

RELIEF REQUESTED .................................................................................................................5

OBJECTION .................................................................................................................................5

      I.     The Letter was Not a Qualified Written Request ................................................6

NOTICE ........................................................................................................................................9

CONCLUSION .............................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Berneike v. CitiMortgage, Inc.*,
    708 F.3d 1141 (10th Cir. 2013) ............................................................................................. 6, 7

*Childress v. CitiMortgage*,
    No. 1:08-cv-01137-MCA-RMS, 2010 U.S. Dist. LEXIS 145683 (D.N.M. Feb. 19,
    2010) ............................................................................................................................................ 7

*Roth v. CitiMortgage Inc.*,
    756 F.3d 178, 181 n.3 (2d Cir. 2014) ................................................................................. 6, 7, 8

**STATUTES**

12 U.S.C. §§ 2601-2617 ................................................................................................................. 5

12 U.S.C. § 2605(e) ........................................................................................................................ 6

12 U.S.C. § 2605(e)(1)-(2) ............................................................................................................. 6

12 U.S.C. § 2605(e)(1)(B) .............................................................................................................. 6

**OTHER AUTHORITIES**

12 C.F.R. §§ 1024.1-1024.23 (2012) ............................................................................................. 5

24 C.F.R. § 3500.21 ........................................................................................................................ 6

24 C.F.R. § 3500.21(e) ................................................................................................................... 6

24 C.F.R. § 3500.21(e)(1) .............................................................................................................. 6

24 C.F.R. § 3500.21(e)(3) .............................................................................................................. 8

Dodd–Frank Wall Street Reform and Consumer Protection Act, Pub. L. 111–203 §
    1463(c), 124 Stat. 1376, 2184 (2010) ..................................................................................... 6

Real Estate Settlement Procedures Act, Section 6, Transfer of Servicing of Mortgage
    Loans (Regulation X), 59 Fed. Reg. 65,442, 65,446 (Dec. 19, 1994) ..................................... 7

Transcript of Hearing, *In re Residential Capital, LLC*,
    Case No. 12-12020 (Bankr. S.D.N.Y. Jan. 30, 2014) [Docket No. 6407] ............................ 4, 9

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "**Borrower Trust**"), established pursuant to the terms of the chapter 11 plan confirmed in the above captioned bankruptcy cases (the "**Chapter 11 Cases**"), as successor in interest to the above captioned debtors (collectively, the "**Debtors**") with respect to Borrower Claims (as defined below), hereby submits this objection (the "**Objection**") seeking to disallow and expunge, without leave to amend, proof of claim number 4927 (the "**Proof of Claim**"), attached hereto as Exhibit 1, filed by Rhonda Deese ("**Claimant**") against Debtor Residential Capital, LLC ("**ResCap**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") on the ground that the Claim fails to state a claim against the Debtors. The Borrower Trust seeks entry of an order, substantially in the form attached hereto as Exhibit 2 (the "**Proposed Order**"), granting the requested relief. In support of the Objection, the Borrower Trust submits the Declaration of Kathy Priore (the "**Priore Decl.**"), attached hereto as Exhibit 3, and the Declaration of Jordan A. Wishnew (the "**Wishnew Decl.**"), attached hereto as Exhibit 4, and respectfully represents as follows:

## PRELIMINARY STATEMENT[1]

1. The sole basis for liability asserted in the Proof of Claim is GMAC Mortgage's failure to respond to a May 25, 2012 Letter from Claimant, presumably based on Claimant's mistaken belief that the Letter constituted a Qualified Written Request for purposes of the Real Estate Settlement Procedures Act. However, Claimant failed to submit her request to the address designated by GMAC Mortgage for the receipt and quick turn-around of QWRs, as she was required to do under controlling Second Circuit law interpreting RESPA and Regulation X.

---

[1] Capitalized terms used in this Preliminary Statement shall have the meanings ascribed to such terms below.

ny-1162724

Even when Claimant was later informed that she had sent her request to the incorrect address and was given the opportunity to send the request to the correct address, she chose not to do so – instead, she opted to file an unmeritorious proof of claim in the Debtors' Chapter 11 Cases. Claimant has failed to comply with the requirements contained in RESPA and Regulation X for the submission of QWRs. Therefore, GMAC Mortgage was not obligated to respond, and the Proof of Claim must be disallowed and expunged.

## JURISDICTION, VENUE AND STATUTORY PREDICATE

2.      This Court has jurisdiction over this Objection under 28 U.S.C. § 1334. This matter is a core proceeding under 28 U.S.C. § 157(b). Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a).

## BACKGROUND

**I.      General Overview**

4.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

6.      On March 21, 2013, this Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the

"**Claims Procedures Order**"). The Claims Procedures Order includes specific protections for Borrowers[2] and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims.

7. On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065] approving the terms of the Chapter 11 plan (as amended, the "**Plan**"), filed in these Chapter 11 Cases. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [see Docket No. 6137].

8. The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed claims to the extent such claims are ultimately allowed either through settlement or pursuant to an Order of the Court. See Plan, Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims." See id.

## II.    Claim Specific Background

### A.    Claimant's Loan

9. On or about June 10, 2005, Claimant executed an adjustable rate note (the "**Note**")[3] in favor of Ampro Mortgage Corporation dba Westworks Mortgage in the amount of $141,950 in connection with her purchase of property located at 2213 ½ Hurst Road, Auburndale, FL 33823 (the "**Property**"). See Priore Decl. ¶ 5; see also Note at 1. Claimant's

---

[2] As used herein, the terms "**Borrower**" and "**Borrower Claims**" have the meanings ascribed to them in the Plan (defined below).
[3] A copy of the Note is attached as Exhibit 3-A to the Priore Declaration.

3
ny-1162724

obligations under the Note were secured by a mortgage (the "**Mortgage**" and, together with the Note, the "**Loan**") on the Property.[4]  See Priore Decl. ¶ 5.  Debtor Residential Funding Company, LLC ("**RFC**") subsequently acquired the Loan as an investor and the Note was endorsed to RFC.  See  Priore Decl. ¶ 5; Note at 5.  Debtor GMAC Mortgage began servicing the Loan on or about July 1, 2009.  See Priore Decl. ¶ 7; Exhibit 3-D.

10.     RFC transferred its interest in the Loan to JP Morgan Chase Bank, as Trustee for holders of Mortgage Asset-Backed Pass-Through Certificates, Series 2005-RS7, on or about September 1, 2007 in connection with the Loan's securitization, and the Note was negotiated by special endorsement from RFC to JP Morgan Chase Bank, as Trustee.  See  Priore Decl. ¶ 6; Note at 5; Exhibit 3-C.

11.     As of the date that servicing of Claimant's account was transferred to Ocwen Loan Servicing, LLC, the account remained due for Claimant's January and February 2013 payments.  See  Priore Decl. ¶ 8.

**B.      The Proof of Claim**

12.     On November 15, 2012, Claimant filed the Proof of Claim.  See Exhibit 1.  The Proof of Claim asserts a $142,950 prepetition claim[5] relating solely to Debtor GMAC Mortgage

---

[4] A copy of the Mortgage is attached as Exhibit 3-B to the Priore Declaration.

[5] The Proof of Claim states that Claimant is entitled to (i) postpetition interest, (ii) a secured claim in an unspecified amount, (iii) an administrative expense claim under 11 U.S.C. § 503(b)(9) and (iv) an unspecified priority.  Proof of Claim at 1.  Claimant's Proof of Claim was previously reclassified as a general unsecured claim against GMAC Mortgage in connection with the *Debtors' Thirty-Sixth Omnibus Claims Objection* [Docket No 5138].  See Transcript of Hearing at 79-82, *In re Residential Capital, LLC*, Case No. 12-12020 (Bankr. S.D.N.Y. Jan. 30, 2014); *Supplemental Order Granting Debtors' Thirty-Sixth Omnibus Claims Objection with Respect to Claim No. 4927 of Rhonda Deese*, *In re Residential Capital, LLC*, Case No. 12-12020 (Bankr. S.D.N.Y. Feb. 3, 2014) [Docket No. 6407].  To the extent that Claimant attempts to pursue an administrative expense claim at this juncture, it should be denied because the Court has already ordered the Proof of Claim reclassified and also for the reasons stated in this Objection.  Moreover, Claimant has provided no evidence that her claim is secured (and, correspondingly, potentially entitled to accrue postpetition interest) in the form of a security agreement or otherwise, has provided no statement of interest or charges as required by Official Bankruptcy Form 10, nor has she provided any basis for her purported entitlement to any priority set forth in section 507 of the Bankruptcy Code.  Finally, Claimant has provided no evidence that she delivered any goods to the Debtors within 20 days of the Petition Date and, in fact, the Proof of Claim specifically states that it arises solely from GMAC Mortgage's failure to respond to a letter sent

4

ny-1162724

LLC's ("**GMAC Mortgage**") failure to respond to a May 25, 2012 letter (the "**Letter**") that appears to have been intended by Claimant to constitute a Qualified Written Request ("**QWR**"), as defined in the Real Estate Settlement Procedures Act (12 U.S.C. §§ 2601-2617 ("**RESPA**")) and implementing regulations (see 12 C.F.R. §§ 1024.1-1024.23 (2012) ("**Regulation X**")). Cf. Proof of Claim at 1-2.

13.     On June 21, 2013, the Debtors sent Claimant a letter requesting additional support for the Proof of Claim. See Priore Decl. ¶ 9, Exhibit 3-E at 9-10.[6] On or about July 22, 2013, the Debtors received a response to their request for additional information. See Priore Decl. ¶ 9, Exhibit 3-E.

## RELIEF REQUESTED

14.     The Borrower Trust files this Objection pursuant to section 502(b) of the Bankruptcy Code, seeking to disallow and expunge in its entirety the Proof of Claim from the Debtors' Claims Register.

## OBJECTION

**I.    The Letter was Not a Qualified Written Request**

15.     The Proof of Claim does not identify any legal basis for Claimant's purported claim against the Debtors. The Claimant appears to contend that the May 25, 2012 Letter attached to the Proof of Claim constituted a QWR, to which the Debtors were required to respond in accordance with RESPA and Regulation X. Claimant appears to further contend that her claim arises as a result of GMAC Mortgage's failure to respond to the Letter.

---

**after** the Petition Date. For these reasons as well, Claimant is not entitled to any secured, priority, or administrative expense claim and is also not entitled to postpetition interest.

[6] A copy of the Debtors' letter to Claimant was included with Claimant's response thereto, which response is attached as Exhibit 3-E to the Priore Declaration.

16. RESPA requires servicers of certain types of mortgage loans to respond to certain inquiries meeting the definition of a QWR within certain specified, relatively short time periods. See 12 U.S.C. § 2605(e)(1)-(2).[7] Pursuant to 12 U.S.C. § 2605(e)(1)(B):

> For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that—
>
> > (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and
> >
> > (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

12 U.S.C. § 2605(e)(1)(B)

Because of the relatively short time periods within which mortgage servicers are required to respond to inquiries submitted pursuant to RESPA, "RESPA's implementing regulations allow (but do not require) servicers to establish a designated address for QWRs." Roth v. CitiMortgage, 756 F.3d at 181 (citing 24 C.F.R. § 3500.21(e)(1). Such an "exclusive office and address for the receipt and handling of [QWRs]" may be "either included in the Notice of Transfer or separately delivered by first-class mail, postage prepaid…." 24 C.F.R. § 3500.21(e). "[I]f a servicer establishes a designated QWR address, "then the borrower **must** deliver its request to that office in order for the inquiry to be a 'qualified written request.'" Roth v.

---

[7] The time periods and certain other provisions of RESPA were amended by the Dodd–Frank Wall Street Reform and Consumer Protection Act, Pub. L. 111–203 § 1463(c), 124 Stat. 1376, 2184 (2010) (the "**Dodd-Frank Act**"). However, the provisions of the Dodd-Frank Act amending RESPA did not become effective until the Consumer Financial Protection Bureau assumed responsibility for administering RESPA, promulgated and proposed rules under RESPA, and those rules became final and effective on January 10, 2014. See Berneike v. CitiMortgage, Inc., 708 F.3d 1141, 1146 n.3 (10th Cir. 2013) (describing the timeline leading up to the effectiveness of the Dodd-Frank Act's amendments to RESPA); accord Roth v. CitiMortgage Inc., 756 F.3d 178, 181 n.3 (2d Cir. 2014) (noting that the shortened timeframes specified in the Dodd-Frank Act amendments to RESPA applied "[a]s of January 10, 2014"). For the Court's convenience, copies of the relevant section of RESPA (12 U.S.C. § 2605(e)) and implementing regulations (24 C.F.R. § 3500.21) as they existed on May 25, 2012 are attached hereto as Exhibits 5 and 6, respectively.

6

ny-1162724

CitiMortgage, 756 F.3d at 181 (citing Real Estate Settlement Procedures Act, Section 6, Transfer of Servicing of Mortgage Loans (Regulation X), 59 Fed. Reg. 65,442, 65,446 (Dec. 19, 1994)) (emphasis added). Therefore, "[f]ailure to send the [request] to the designated address ... does not trigger the servicer's duties under RESPA." Roth v. CitiMortgage, 756 F.3d at 182 (quoting Berneike v. CitiMortgage, Inc., 708 F.3d at 1148-49) (alteration in Roth).

17. Here, the mortgage statements sent to Claimant in April and May of 2012 clearly state that any QWRs must be sent to a specified address and provide instructions for submitting a QWR:

> **Qualified Written Request** - Under the Real Estate Settlement Procedures Act, a qualified written request is a written correspondence, other than notice on your payment coupon or other payment medium supplied by us, regarding the servicing of your loan which includes your name, account number, and your reasons for the request. Any qualified written request you wish to submit must be sent to: **GMAC Mortgage, Attn: Customer Care, PO Box 1330, Waterloo, IA 50704-1330.**

Priore Decl., Exhibit 3-F at 2, Exhibit 3-G at 2 (first emphasis in originals, second emphasis added).[8] Consequently, under Second Circuit law, Claimant was required to submit any QWRs to the address specified by GMAC Mortgage. Roth v. CitiMortgage, 756 F.3d at 181 (explaining that borrower must deliver requests to a specified address and that notification of a specified address in monthly mortgage statement provided borrower with sufficient notice of the address); accord Childress v. CitiMortgage, No. 1:08-cv-01137-MCA-RMS, 2010 U.S. Dist. LEXIS 145683, at *23-24 (D.N.M. Feb. 19, 2010) (holding that Citi's QWR notice, listed on the reverse

---

[8] To date, the Borrower Trust has been unable to determine if the GMAC Mortgage's so-called "Welcome Letter," which was sent to Claimant when GMAC Mortgage began servicing her Loan, specified an address for submissions of QWRs. A copy of the front side of the Claimant's Welcome Letter is attached to the Priore Declaration as Exhibit 3-D. While this Exhibit directs the borrower to "see the back side of this letter for additional information about . . . the Real Estate Settlement Procedures Act (RESPA)" the Borrower Trust has been unable, to this point, to obtain a copy of the back of this specific letter.

7

ny-1162724

side of its monthly mortgage statement, complied with § 3500.21(e)(1)).[9] Claimant did not do so. Instead, Claimant sent the Letter to the address for general account inquiries – GMAC Mortgage, Attn: Customer Care, P.O. Box 780, Waterloo, IA 50704-0780. Compare Proof of Claim at 2 and Priore Decl., Exhibit 3-E at 3-4 with Priore Decl., Exhibit 3-F at 2 and Exhibit 3-G at 2. For this reason, the Letter "d[id] not trigger the [GMAC Mortgage's] duties under RESPA," and the Proof of Claim must be disallowed and expunged. See Roth v. CitiMortgage, 756 F.3d at 181.

18.     While the Borrower Trust believes that the foregoing is dispositive in this case, it bears noting that Claimant contacted GMAC Mortgage Customer Care on October 4, 2012 to inquire regarding a response to the Letter. Claimant indicated that she had sent it to the **P.O. Box 780** – the address for general inquiries – and was informed by the GMAC Mortgage Customer Care representative that she had mailed the Letter to the incorrect address. Rather than submit the Letter to the correct address, Claimant indicated that she had already made her request and that her attorney would take care of it (see Priore Decl., Exhibit 3-H at 11-12). Notwithstanding, Claimant filed the Proof of Claim asserting a claim that Claimant had been informed was – and which she could have easily verified was – without merit.

19.     Furthermore, assuming arguendo that there had been a violation of RESPA and Regulation X in this instance – and there has not been – Claimant has provided no evidence to substantiate her assertion of a $142,950 claim. Claimant does not provide evidence that her damages from a three month delay in a responding to her Letter[10] or even a much longer delay

---

[9] A copy of the Childress decision is attached hereto as Exhibit 7.
[10] RESPA requires that a mortgage servicer respond to a QWR within 60 business days of its receipt. See 24 C.F.R. § 3500.21(e)(3). Assuming arguendo that Claimant's letter was a QWR and was received at the correct address by the end of May 2012, GMAC Mortgage's 60 business day response period would have lapsed in August 2012, approximately three months prior to the November 15, 2012 submission of the Proof of Claim stating a fixed claim amount.

amounted to $142,950, or would possibly entitle her to damages in an amount in excess of the original amount of her mortgage loan. Compare Note (showing original loan amount of $141,950) with Priore Decl., Exhibit 3 (Claimant indicating that she is requesting "$141,950.00 be forgiven plus [a] $1,000.00 fine"). Moreover, pursuant to the Court's request[11] Claimant was recently provided with a copy of all documents contained in its Loan file, thereby further mitigating any potential damages. See Wishnew Decl., Exhibit A.

## NOTICE

The Borrower Trust has provided notice of this Motion in accordance with the Case Management Procedures Order approved by this Court on May 23, 2012 [Docket No. 141] and the Claims Procedures Order [Docket No. 3294].

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as the Court may deem proper.

Dated: November 7, 2014

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

---

[11] See Transcript of Hearing at 82:3-8, *In re Residential Capital, LLC*, Case No. 12-120202 (Bankr. S.D.N.Y. Jan. 30, 2014).