# Exhibit 5

## 12 U.S.C. § 2605

United States Code Annotated
Title 12. Banks and Banking
Chapter 27. Real Estate Settlement Procedures (Refs & Annos)

This section has been updated. Click here for the updated version.

12 U.S.C.A. § 2605

§ 2605. Servicing of mortgage loans and administration of escrow accounts

Effective: July 21, 2011

(a) Disclosure to applicant relating to assignment, sale, or transfer of loan servicing

Each person who makes a federally related mortgage loan shall disclose to each person who applies for the loan, at the time of application for the loan, whether the servicing of the loan may be assigned, sold, or transferred to any other person at any time while the loan is outstanding.

(b) Notice by transferor of loan servicing at time of transfer

(1) Notice requirement

Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person.

(2) Time of notice

(A) In general

Except as provided under subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not less than 15 days before the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

(B) Exception for certain proceedings

The notice required under paragraph (1) shall be made to the borrower not more than 30 days after the effective date of assignment, sale, or transfer of the servicing of the mortgage loan (with respect to which such notice is made) in any case in which the assignment, sale, or transfer of the servicing of the mortgage loan is preceded by--

**(i)** termination of the contract for servicing the loan for cause;

**(ii)** commencement of proceedings for bankruptcy of the servicer; or

**(iii)** commencement of proceedings by the Federal Deposit Insurance Corporation or the Resolution Trust Corporation for conservatorship or receivership of the servicer (or an entity by which the servicer is owned or controlled).

(C) Exception for notice provided at closing

The provisions of subparagraphs (A) and (B) shall not apply to any assignment, sale, or transfer of the servicing of any mortgage loan if the person who makes the loan provides to the borrower, at settlement (with respect to the property for which the mortgage loan is made), written notice under paragraph (3) of such transfer.

(3) Contents of notice

The notice required under paragraph (1) shall include the following information:

**(A)** The effective date of transfer of the servicing described in such paragraph.

**(B)** The name, address, and toll-free or collect call telephone number of the transferee servicer.

**(C)** A toll-free or collect call telephone number for (i) an individual employed by the transferor servicer, or (ii) the department of the transferor servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.

**(D)** The name and toll-free or collect call telephone number for (i) an individual employed by the transferee servicer, or (ii) the department of the transferee servicer, that can be contacted by the borrower to answer inquiries relating to the transfer of servicing.

**(E)** The date on which the transferor servicer who is servicing the mortgage loan before the assignment, sale, or transfer will cease to accept payments relating to the loan and the date on which the transferee servicer will begin to accept such payments.

**(F)** Any information concerning the effect the transfer may have, if any, on the terms of or the continued availability of mortgage life or disability insurance or any other type of optional insurance and what action, if any, the borrower must take to maintain coverage.

**(G)** A statement that the assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the security instruments other than terms directly related to the servicing of such loan.

(c) Notice by transferee of loan servicing at time of transfer

(1) Notice requirement

Each transferee servicer to whom the servicing of any federally related mortgage loan is assigned, sold, or transferred shall notify the borrower of any such assignment, sale, or transfer.

(2) Time of notice

(A) In general

Except as provided in subparagraphs (B) and (C), the notice required under paragraph (1) shall be made to the borrower not more than 15 days after the effective date of transfer of the servicing of the mortgage loan (with respect to which such notice is made).

(B) Exception for certain proceedings

The notice required under paragraph (1) shall be made to the borrower not more than 30 days after the effective date of assignment, sale, or transfer of the servicing of the mortgage loan (with respect to which such notice is made) in any case in which the assignment, sale, or transfer of the servicing of the mortgage loan is preceded by--

**(i)** termination of the contract for servicing the loan for cause;

**(ii)** commencement of proceedings for bankruptcy of the servicer; or

**(iii)** commencement of proceedings by the Federal Deposit Insurance Corporation or the Resolution Trust Corporation for conservatorship or receivership of the servicer (or an entity by which the servicer is owned or controlled).

(C) Exception for notice provided at closing

The provisions of subparagraphs (A) and (B) shall not apply to any assignment, sale, or transfer of the servicing of any mortgage loan if the person who makes the loan provides to the borrower, at settlement (with respect to the property for which the mortgage loan is made), written notice under paragraph (3) of such transfer.

(3) Contents of notice

Any notice required under paragraph (1) shall include the information described in subsection (b)(3) of this section.

(d) Treatment of loan payments during transfer period

During the 60-day period beginning on the effective date of transfer of the servicing of any federally related mortgage loan, a late fee may not be imposed on the borrower with respect to any payment on such loan and no such payment may be treated as late for any other purposes, if the payment is received by the transferor servicer (rather than the transferee servicer who should properly receive payment) before the due date applicable to such payment.

(e) Duty of loan servicer to respond to borrower inquiries

(1) Notice of receipt of inquiry

(A) In general

If any servicer of a federally related mortgage loan receives a qualified written request from the borrower (or an agent of the borrower) for information relating to the servicing of such loan, the servicer shall provide a written response acknowledging receipt of the correspondence within 20 days (excluding legal public holidays, Saturdays, and Sundays) unless the action requested is taken within such period.

(B) Qualified written request

For purposes of this subsection, a qualified written request shall be a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, that--

**(i)** includes, or otherwise enables the servicer to identify, the name and account of the borrower; and

**(ii)** includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

(2) Action with respect to inquiry

Not later than 60 days (excluding legal public holidays, Saturdays, and Sundays) after the receipt from any borrower of any qualified written request under paragraph (1) and, if applicable, before taking any action with respect to the inquiry of the borrower, the servicer shall--

**(A)** make appropriate corrections in the account of the borrower, including the crediting of any late charges or penalties, and transmit to the borrower a written notification of such correction (which shall include the name and telephone number of a representative of the servicer who can provide assistance to the borrower);

**(B)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

**(i)** to the extent applicable, a statement of the reasons for which the servicer believes the account of the borrower is correct as determined by the servicer; and

**(ii)** the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower; or

**(C)** after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

**(i)** information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

**(ii)** the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

(3) Protection of credit rating

During the 60-day period beginning on the date of the servicer's receipt from any borrower of a qualified written request relating to a dispute regarding the borrower's payments, a servicer may not provide information regarding any overdue payment, owed by such borrower and relating to such period or qualified written request, to any consumer reporting agency (as such term is defined under section 1681a of Title 15).

(f) Damages and costs

Whoever fails to comply with any provision of this section shall be liable to the borrower for each such failure in the following amounts:

(1) Individuals

In the case of any action by an individual, an amount equal to the sum of--

**(A)** any actual damages to the borrower as a result of the failure; and

**(B)** any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not to exceed $1,000.

(2) Class actions

In the case of a class action, an amount equal to the sum of--

**(A)** any actual damages to each of the borrowers in the class as a result of the failure; and

**(B)** any additional damages, as the court may allow, in the case of a pattern or practice of noncompliance with the requirements of this section, in an amount not greater than $1,000 for each member of the class, except that the total amount of damages under this subparagraph in any class action may not exceed the lesser of--

**(i)** $500,000; or

**(ii)** 1 percent of the net worth of the servicer.

(3) Costs

In addition to the amounts under paragraph (1) or (2), in the case of any successful action under this section, the costs of the action, together with any attorneys fees incurred in connection with such action as the court may determine to be reasonable under the circumstances.

(4) Nonliability

A transferor or transferee servicer shall not be liable under this subsection for any failure to comply with any requirement under this section if, within 60 days after discovering an error (whether pursuant to a final written examination report or the servicer's own procedures) and before the commencement of an action under this subsection and the receipt of written notice of the error from the borrower, the servicer notifies the person concerned of the error and makes whatever adjustments are necessary in the appropriate account to ensure that the person will not be required to pay an amount in excess of any amount that the person otherwise would have paid.

(g) Administration of escrow accounts

If the terms of any federally related mortgage loan require the borrower to make payments to the servicer of the loan for deposit into an escrow account for the purpose of assuring payment of taxes, insurance premiums, and other charges with respect to the property, the servicer shall make payments from the escrow account for such taxes, insurance premiums, and other charges in a timely manner as such payments become due.

(h) Preemption of conflicting State laws

Notwithstanding any provision of any law or regulation of any State, a person who makes a federally related mortgage loan or a servicer shall be considered to have complied with the provisions of any such State law or regulation requiring notice to a borrower at the time of application for a loan or transfer of the servicing of a loan if such person or servicer complies with the requirements under this section regarding timing, content, and procedures for notification of the borrower.

(i) Definitions

For purposes of this section:

(1) Effective date of transfer

The term “effective date of transfer” means the date on which the mortgage payment of a borrower is first due to the transferee servicer of a mortgage loan pursuant to the assignment, sale, or transfer of the servicing of the mortgage loan.

(2) Servicer

The term “servicer” means the person responsible for servicing of a loan (including the person who makes or holds a loan if such person also services the loan). The term does not include--

  **(A)** the Federal Deposit Insurance Corporation or the Resolution Trust Corporation, in connection with assets acquired, assigned, sold, or transferred pursuant to section 1823(c) of this title or as receiver or conservator of an insured depository institution; and

  **(B)** the Government National Mortgage Association, the Federal National Mortgage Association, the Federal Home Loan Mortgage Corporation, the Resolution Trust Corporation, or the Federal Deposit Insurance Corporation, in any case in which the assignment, sale, or transfer of the servicing of the mortgage loan is preceded by--

    **(i)** termination of the contract for servicing the loan for cause;

    **(ii)** commencement of proceedings for bankruptcy of the servicer; or

    **(iii)** commencement of proceedings by the Federal Deposit Insurance Corporation or the Resolution Trust Corporation for conservatorship or receivership of the servicer (or an entity by which the servicer is owned or controlled).

  (3) Servicing

The term "servicing" means receiving any scheduled periodic payments from a borrower pursuant to the terms of any loan, including amounts for escrow accounts described in section 2609 of this title, and making the payments of principal and interest and such other payments with respect to the amounts received from the borrower as may be required pursuant to the terms of the loan.

(j) Transition

  (1) Originator liability

A person who makes a federally related mortgage loan shall not be liable to a borrower because of a failure of such person to comply with subsection (a) of this section with respect to an application for a loan made by the borrower before the regulations referred to in paragraph (3) take effect.

  (2) Servicer liability

A servicer of a federally related mortgage loan shall not be liable to a borrower because of a failure of the servicer to perform any duty under subsection (b), (c), (d), or (e) of this section that arises before the regulations referred to in paragraph (3) take effect.

  (3) Regulations and effective date

The Bureau shall establish any requirements necessary to carry out this section. Such regulations shall include the model disclosure statement required under subsection (a)(2) of this section.

**CREDIT(S)**

(Pub.L. 93-533, § 6, as added Pub.L. 101-625, Title IX, § 941, Nov. 28, 1990, 104 Stat. 4405; amended Pub.L. 102-27, Title III, § 312(a), Apr. 10, 1991, 105 Stat. 154; Pub.L. 103-325, Title III, § 345, Sept. 23, 1994, 108 Stat. 2239; Pub.L. 104-208, Div. A, Title II, § 2103(a), Sept. 30, 1996, 110 Stat. 3009-399; Pub.L. 111-203, Title X, § 1098(4), July 21, 2010, 124 Stat. 2104.)

**AMENDMENT OF SUBSEC. (E)**

<Pub.L. 111-203, Title XIV, §§ 1400(c), 1463(c), July 21, 2010, 124 Stat. 2136, 2184, provided that, effective pursuant to the provisions in Pub.L. 111-203, § 1400(c), set out as a note under 15 U.S.C.A. § 1601, subsec. (e) is amended-->

<**(1)** in paragraph (1)(A), by striking "20 days" and inserting "5 days";>

<**(2)** in paragraph (2), by striking "60 days" and inserting "30 days"; and>

<**(3)** by adding at the end the following new paragraph:>

<**(4) Limited extension of response time**>

<The 30-day period described in paragraph (2) may be extended for not more than 15 days if, before the end of such 30-day period, the servicer notifies the borrower of the extension and the reasons for the delay in responding.>

**AMENDMENT OF SUBSEC. (F)**

<Pub.L. 111-203, Title XIV, §§ 1400(c), 1463(b), July 21, 2010, 124 Stat. 2136, 2184, provided that, effective pursuant to the provisions in Pub.L. 111-203, § 1400(c), set out as a note under 15 U.S.C.A. § 1601, subsec. (f) is amended-->

<**(1)** in paragraphs (1)(B) and (2)(B), by striking "$1,000" each place such term appears and inserting "$2,000"; and>

<**(2)** in paragraph (2)(B)(i), by striking "$500,000" and inserting "$1,000,000".>

**AMENDMENT OF SUBSEC. (G)**

<Pub.L. 111-203, Title XIV, §§ 1400(c), 1463(d), July 21, 2010, 124 Stat. 2136, 2184, provided that, effective pursuant to the provisions in Pub.L. 111-203, § 1400(c), set out as a note under 15 U.S.C.A. § 1601, subsec. (g) is amended by adding at the end the following new sentence: "Any balance in any such account that is within the servicer's control at the time the loan is paid off shall be promptly returned to the borrower within 20 business days or credited to a similar account for a new mortgage loan to the borrower with the same lender.">

**ENACTMENT OF SUBSECS. (K) TO (M)**

<Pub.L. 111-203, Title XIV, §§ 1400(c), 1463(a), July 21, 2010, 124 Stat. 2136, 2182, provided that, effective pursuant to the provisions in Pub.L. 111-203, § 1400(c), set out as a note under 15 U.S.C.A. § 1601, section is amended by enacting subsecs. (k) to (m) to read:>

<**(k) Servicer prohibitions**>

<**(1) In general**>

<A servicer of a federally related mortgage shall not-->

<**(A)** obtain force-placed hazard insurance unless there is a reasonable basis to believe the borrower has failed to comply with the loan contract's requirements to maintain property insurance;>

<**(B)** charge fees for responding to valid qualified written requests (as defined in regulations which the Bureau of Consumer Financial Protection shall prescribe) under this section;>

<**(C)** fail to take timely action to respond to a borrower's requests to correct errors relating to allocation of payments, final balances for purposes of paying off the loan, or avoiding foreclosure, or other standard servicer's duties;>

<**(D)** fail to respond within 10 business days to a request from a borrower to provide the identity, address, and other relevant contact information about the owner or assignee of the loan; or>

<**(E)** fail to comply with any other obligation found by the Bureau of Consumer Financial Protection, by regulation, to be appropriate to carry out the consumer protection purposes of this chapter.>

<**(2) Force-placed insurance defined**>

<For purposes of this subsection and subsections (l) and (m), the term "force-placed insurance" means hazard insurance coverage obtained by a servicer of a federally related mortgage when the borrower has failed to maintain or renew hazard insurance on such property as required of the borrower under the terms of the mortgage.>

<**(l) Requirements for force-placed insurance**>

<A servicer of a federally related mortgage shall not be construed as having a reasonable basis for obtaining force-placed insurance unless the requirements of this subsection have been met.>

<**(1) Written notices to borrower**>

<A servicer may not impose any charge on any borrower for force-placed insurance with respect to any property securing a federally related mortgage unless-->

<**(A)** the servicer has sent, by first-class mail, a written notice to the borrower containing-->

<**(i)** a reminder of the borrower's obligation to maintain hazard insurance on the property securing the federally related mortgage;>

<**(ii)** a statement that the servicer does not have evidence of insurance coverage of such property;>

<**(iii)** a clear and conspicuous statement of the procedures by which the borrower may demonstrate that the borrower already has insurance coverage; and>

<**(iv)** a statement that the servicer may obtain such coverage at the borrower's expense if the borrower does not provide such demonstration of the borrower's existing coverage in a timely manner;>

<**(B)** the servicer has sent, by first-class mail, a second written notice, at least 30 days after the mailing of the notice under subparagraph (A) that contains all the information described in each clause of such subparagraph; and>

<**(C)** the servicer has not received from the borrower any demonstration of hazard insurance coverage for the property securing the mortgage by the end of the 15-day period beginning on the date the notice under subparagraph (B) was sent by the servicer.>

<**(2) Sufficiency of demonstration**>

<A servicer of a federally related mortgage shall accept any reasonable form of written confirmation from a borrower of existing insurance coverage, which shall include the existing insurance policy number along with the identity of, and contact information for, the insurance company or agent, or as otherwise required by the Bureau of Consumer Financial Protection.>

<**(3) Termination of force-placed insurance**>

<Within 15 days of the receipt by a servicer of confirmation of a borrower's existing insurance coverage, the servicer shall-->

<**(A)** terminate the force-placed insurance; and>

<**(B)** refund to the consumer all force-placed insurance premiums paid by the borrower during any period during which the borrower's insurance coverage and the force-placed insurance coverage were each in effect, and any related fees charged to the consumer's account with respect to the force-placed insurance during such period.>

<**(4) Clarification with respect to Flood Disaster Protection Act**>

<No provision of this section shall be construed as prohibiting a servicer from providing simultaneous or concurrent notice of a lack of flood insurance pursuant to section 4012a of Title 42.>

<**(m) Limitations on force-placed insurance charges**>

<All charges, apart from charges subject to State regulation as the business of insurance, related to force-placed insurance imposed on the borrower by or through the servicer shall be bona fide and reasonable.>

12 U.S.C.A. § 2605, 12 USCA § 2605
Current through P.L. 113-163 (excluding P.L. 113-128) approved 8-8-14

**End of Document**

© 2014 Thomson Reuters. No claim to original U.S. Government Works.