LAIRD J. HEAL, ESQ.
120 Chandler Street #2R
Worcester, MA 01609
Telephone:     508-459-5095
Facsimile:     508-459-5320
Laird J. Heal (*admitted pro hac vice*)

Counsel for Creditor Thomas James La Casse

# United States Bankruptcy Court
## Southern District of New York
## Manhattan Division

|  |  |
|---|---|
| In Re RESIDENTIAL CAPITAL, LLC, et al,<br>    Debtors | Debtor Case No. 12-12020-MJG<br><br>Chapter 11 |

### MOTION TO RECONSIDER OBJECTION[#4635] TO CLAIM #3856

## Table of Authorities

Stevens v. Miller , 676 F.3d 62, 67 (2d Cir. 2012)..........................................................10

Abu Dhabi Commercial Bank, et. al. v. Morgan Stanley & Co. Incorporated, et. al, 888

F.Supp.2d 478, 486 (n.36) (S.D.N.Y. 2012)...................................................................10

Hine v. Overstock.com, 380 Fed.App. 22, 25 (2d Cir. 2010)............................................10

F.R.Civ.P 60.....................................................................................................................10

Trehan v. Von Tarkanyi, 85 B.R. 920, 933 (S.D.N.Y. 1988)............................................10

Lee v. Marvel Enterprises, Inc., 765 F.Supp.2d 440, 450 (S.D.N.Y. 2011).......................11

Comes now THOMAS JAMES LA CASSE, by and through his attorney <u>Laird J. Heal, Esq.</u>, and moves this Honorable Court to reconsider its decision[#5620] upon the presentation of new evidence [Exhibit 1] which could not have been brought to the attention of the Court earlier, respectfully representing the following to this Court:

PRELIMINARY STATEMENT

1. Mr. La Casse's original proof of claim # 3856 (the "Proof of Claim") filed prior to the applicable deadline, asserts claims against Residential Funding Company, LLC and others arising from a judicial foreclosure case filed in the Connecticut Superior Court.  The case, from 2009, is still pending.  During this time, the named plaintiff, Residential Funding, LLC, has aggressively taken possession of the property in question.  The tactic was to leave the property too damaged to allow the owner to live in the property.  At first, Mr. La Casse would come home and find that someone had broken into his home and after obviously leaving traces that they had been in the home, such as changing the locks as putting fluids into the plumbing and left notices of winterizing and advising to leave the house. Mr. La Casse was so upset that he simply tore those notices up and threw them away.  Soon, a barrage was begun. The locks were changed at least 8 times. Many items of personal property were stolen.  The utilities were interfered with. The windows were broken and the doors were alternately broken and nailed shut. A short discussion cannot convey the devastation. Eventually, the damage became overwhelming and the property became unlivable.

2. The Claim[#3856] states the Debtor is liable under Civil RICO.  The Debtor had

employed known and unknown agents to interfere with Mr. La Casse's ownership and enjoyment of his property. The attorneys have violated mail fraud and wire fraud laws, and the unknown agents have committed the criminal acts such as burglary.

3. The Bankruptcy Court struck the Claim[#3856] for failing to state a claim. The request to amend the claim to correct the deficiencies were denied because, the Court said, it had already decided that the action of taking possession of the Note and assignment of the Mortgage had given the Debtor the right to file the judicial strict foreclosure case in Connecticut. Mr. La Casse timely filed an appeal to this point. The mistake in this Court was to misapply the case law of Connecticut. Despite the verbatim recitation of the Connecticut Supreme Court by both the Motion[#5923] and the Court's opinion[#6156], the Court did not apply the edict, and instead found that the facts "the Debtors submitted evidence that Residential Funding Company, LLC held the La Casse note at the time it initiated foreclosure, and that note was indorsed in blank " were conclusive.

4. During the last hearing on that appeal, counsel for the Debtor mentioned that there was no appeal to the denial of the motion to amend the Claim. While the matter of law of the interpretation of the effect of the physical possession of the note and mortgage is appeal, this motion, which is asking the Court to change its findings of fact themselves, is not. This matter is properly before this Court; although the Court may abstain until the appeal may be decided and sent back to this Court.

5. In the aftermath of the denial[#6156], counsel for Residential Funding Company. LLC in the Connecticut case stipulated that it "was not the owner of the subject

note at the time of commencing this foreclosure action.  This document was filed in the Connecticut case on or about January 27, 2014.[1]  The judgment of strict foreclosure was thus opened, in order for the defendant, Mr. La Casse, to conduct discovery.  Understandably, Residential Funding Company, LLC, has to yet to give Mr. La Casse as much as a single page of the requested discovery, although it has not spared any effort in its further objections and requests for extra time.

6. The hearing on the Objection[#4635] was a summary processing; that is, no evidence was taken and the matter was decided on the argument of the attorneys.  In that line, the stipulation should be taken by the Court as an evidentiary conclusion.  Because this stipulation contradicts the facts which the Court found apparently conclusive, Mr. La Casse request the Court consider this, in context with the other <u>propositions</u> of the attorneys for Residential Funding in this and the Connecticut case, as it undermines the straight reasoning of the Court and gives more <u>power</u> to the contention that the matter should be set down for a hearing on evidence.

7. That is, in the aftermath of this admission that Residential Funding was not the owner of the note when prosecuting the foreclosure in Connecticut, it has been waving an assortment of flags, latest the contention that the actual owner of the note, HSBC Bank USA, N.A., as Trustee for the Luminent Mortgage Trust 2006-3, had given the authority to file the foreclosure case.  As to the last reason allowing for the filing, now given as reason over five years after the case was filed during a period when Residential Funding has steadfastly stated it was the

---

1  As happened, the undersigned was hospitalized and enforced recuperation for two months after January 28, 2014, and was only reminded of the stipulation recently and noticed its importance to this case.

owner of the note, Mr. La Casse has asked for any evidence or documentation that supports this, and, again, nothing has been produced.

8. Mr. La Casse has forwarded similar evidence on his side before this Court, namely the Affidavit of Marie McDonnell, a forensic analyst as said in her affidavit[Document No. 5106-5], and the response of the so-called "qualified written request" of Mr. La Casse under 11 U.S.C. § 1635[Document No. 5106-6], asking the name of the owner of the loan and the master servicer, which, on letterhead of GMAC Mortgage, on March 30, 2012, stated that the master servicer is Residential Funding Company, LLC, fka Residential Funding Corporation, and the owner is "HSBC Bank USA, N.A., as Trustee".  However, this is a document uttered from Residential Funding and which flatly contradicted the statements of the Debtors, and which should be counted against the other assertions, even though they were submitted to this Court under the pains and penalty of perjury.

9. Even if the Debtor is shielded by the Confirmation Order, its successor entities has continued the strict foreclosure case in Connecticut.  If the Debtors were liable under a RICO case, the post-petition and post-confirmation entities are co-conspirators and Mr. La Casse should be allowed to present evidence, prove the amount of the damages and the case for the enterprise and the actors, and collect his eventual judgment.  There is more than enough evidence on either side, and especially since the lender itself is impeaching its own affiants.  The Court should reopen this matter on such procedures as it should decide.

## DISCUSSION OF FACTS

10. <u>Affidavit of Lauren Graham Delehey</u>.  Document 4635-13, page 18 of 78, August

13, 2013, shows that the indorsement is given to Residential Funding Corporation and an allonge. However, the Proof of Claim submitted by GMAC Mortgage, LLC, as servicing agent for Residential Funding Company, LLC fka Residential Funding Corporation, March 12, 2010, shows an image of the note without that allonge.

11. Because the Electronic Filing Rules require that the party is bound to the document representation as that exactly as the image submitted, before March 12, 2010, there was no such allonge as described by Delehey in her affidavit.

12. The statement of the affidavit is at least inaccurate and misleading if not purposely prevaricated. Delehey says in Document 4635-5, page 5, "In 2006, Homecomings sold the Valley Forge Note and specifically indorsed it to Residential Funding Corporation, which later changed its name to Residential Funding Company, LLC.", However, the report of Marie McDonnell shows that the loan was sold to the Luminent Mortgage Trust 2006-3. No allonge was present in 2010 when the document was filed with the Massachusetts Bankruptcy Court. The Note has the indorsement specific to that entity, Residential Funding Corporation, but the implication that the loan was then owned by that entity, was incorrect and misleading.

13. The Affidavit continues, "The Valley Forge Note was indorsed in blank and held by Wells Fargo on behalf of RFC under a custodial agreement." However, this is contradicted by the stipulation in the Connecticut strict foreclosure case, which says that Residential Funding was not the owner of the note at the time the case was filed. The details were uncovered by Ms. McDonnell and are in the Pooling

and Security Agreement, namely that the physical documents were kept by Wells Fargo for the trustee of the Luminent Mortgage Trust 2006-3, namely HSBC. This statement is a misleading statement intended to give the Court an untrue impression, namely that Residential Funding was the owner of the note. The time that the indorsement, by allonge, was negotiated, is not specified but is inserted to make it appear that it was before the Connecticut strict foreclosure case was filed, when it was not, because that would have to be included with the Proof of Claim in March, 2010.

14. <u>Argument in the Objection to Claim[#4635] and Reply[#5295]</u>. The Delehey affidavit was relied upon by the Debtors' in their argument of the Objection to Claim. See Document 4635, page 15. The argument goes further by proclaiming, "However, RFC held the Valley Forge Note at the time of foreclosure. Delehey Decl. 9-10." However, the Delehey Declaration stated only that the possession of the original Valley Forge Note was given to Residential Funding and it then transferred it to is counsel to conduct the foreclosure. This apparently swayed the Court, as it noted as the reason for denying the Motion to Reconsider and Allow Amendment to Claim; but that erroneous conclusion is on appeal.

15. The Debtors artfully confuse the meaning of the holder of the note, as in the strict meaning under the Uniform Commercial Code, with the normal meaning, which is the person who has possession. The UCC <u>confers</u> special powers of the "holder in due course" which has been negotiates to. The statutory foreclosure affords such a holder special power: it is the only person who can foreclose, or give the permission of another to do. Thus, in the reply[#5295, p. 9] on the Objection to

Claim the Debtors say, "Here, in this case, it is undisputed that RFC held the Note at the time it began foreclosure proceedings." Quite the contrary; it is undisputed and admitted that the Debtors were not the owner of the obligation, and similarly it was not the <u>holder in due course</u> of the loan.

16. The conclusion[Document No. 5295, p. 9, ¶9] is reserved for that special art for that which the Court was convinced by. However, to the extent that the prevarication in the Delehey Affidavit swayed the Court, as it was explicitly relied on in the argument, the Court should take another look.

17. Further proceedings in the Connecticut case. In the Opposition to the Motion to Disqualification [Exhibit 12], it is stated, "In May 2009, Residential Funding Company, LLC, commenced this action to foreclose the mortgage. As thoroughly discussed in Plaintiff's supplemental objection filed on September 13, 2012, Entry No. 167.00, and as will be discussed in objection to Defendant's recently filed motion to dismissed, at the time this action was filed, Residential Funding Company, LLC, had standing to foreclose the mortgage as the holder of the note and mortgage with the right and/or requisite authority to enforce the note and mortgage." This is emphasized because Residential Funding is not starting to sing a different tune – namely that it was given authority by the rightful owner of the loan to file the strict foreclosure case. The quotation language is also found in the Objection to the Motion for Nonsuit, which is apparently the "recently filed motion" referred to.

ARGUMENT

18. Federal Rules of Bankruptcy Procedure Rule 9024 applies F.R.Civ.P. 60

9

generally. This motion is concerning itself with the application to consider new evidence, e.g., important information which was not brought to the attention of the Court because either the party could reasonably have learned of its existence or, here, the document was not in existence. As the Court has opined early in this case, "Whether to grant a motion for relief under Rule 60 is within the discretion of the court. *Stevens v. Miller* , 676 F.3d 62, 67 (2d Cir. 2012)."[Document No. 7211]. In the current dispute, which brings the veracity of the Debtors' affiant in question, and when the Court has cited a suspect affidavit in its decision, the Court should be inclined to allow the motion and reopen the contested matter.

19. Under F.R.Civ.P. 60(b)(2) the Court may entertain a motion, and review the judgment, upon new evidence. As cited in *Abu Dhabi Commercial Bank, et. al. v. Morgan Stanley & Co. Incorporated, et. al*, 888 F.Supp.2d 478, 486 (n.36) (S.D.N.Y. 2012), the Second Circuit restated in *Hine v. Overstock.com*, 380 Fed.App. 22, 25 (2d Cir. 2010) that reconsideration is appropriate if new evidence becomes available. This issue is one which the Court may consider as new evidence, and weigh whether or not it brings it to a different conclusion.

20. Under F.R.Civ.P 60(b)(3) a motion may move for misrepresentation of the opposing party. The above discussion shows that the Debtors have not been candid with the Court, and has represented important facts and law to the Court, when in a different forum, admitted to different facts and has had a different result. As above, the court should decide if it would not bring it to a different conclusion. See generally, *Trehan v. Von Tarkanyi*, 85 B.R. 920, 933 (S.D.N.Y. 1988), ruling, "As a result of the fraud perpetrated by the Trehans the default

judgment is void and must be set aside as a nullity." *Id.*

21. The hoary notion of "fraud upon the court", which may be oft-bandied, as often indicates how litigants may respond to decisions. Nevertheless, it should be considered under the facts given above. One good summarization of the issue is given in *Lee v. Marvel Enterprises, Inc.,* 765 F.Supp.2d 440, 450 (S.D.N.Y. 2011). It is a high standard to prove under Rule 60(c)(5) and not to bring when the motion could be made under the other above reasons. *Id.*

### CONCLUSION

22. Mr. La Casse asks the Court to restore his Claim to the list of approved Claims. He understands that some of the issues intertwined in his claim may require the Court to have further proceedings, i.e. a trial. However, the claim against Residential Funding Company, LLC, is one that any court should be ready and willing to try, because an antique but lovingly home that was painstakingly restored by Mr. La Casse, with no detail omitted, was turned into a ruin by the lender, simply to gain advantage in a foreclosure dispute. If the lender may run into bankruptcy to escape the full liability, it should not be allowed to escape completely. That is, Mr. La Casse should be able to recoup his damages, as much as possible.

WHEREFORE, the debtor respectfully asks this Court to reconsider its decision and set the Claim[#3856] returned to the list of allowed claims, in full or part as the Court may decide, to the and for such other relief which the Court may find merited in the interests of justice.

/s/ Laird J. Heal
Laird J. Heal, Esq., <u>pro hac vice</u>

                                                                       120 Chandler Street, Suite 2 R  
                                                                       Worcester, MA 01609  
                                                                       508-459-5095  
                                                                       508-459-5320 facsimile  
                                                                       LairdHeal@LH-Law-Office.com

Dated: November 7, 2014

CERTIFICATE OF SERVICE

I hereby certify that immediately upon receipt of the Notice of Electronic Filing, I will immediately cause service of the within included Motion to Reconsider by first class mail, together with this Certificate of Service, upon any party not shown here as receiving electronic service, namely:

*By Electronic Service*

Gary S. Lee
Norman S. Rosenbaum
Melissa A. Hager
Erica J. Richards
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

*By First-Class Mail*

/s/ Laird J. Heal
Laird J. Heal