# EXHIBIT 5

| | | |
|---|---|---|
| **DOCKET NO.:  FST-CV09-5011591-S** | : | **SUPERIOR COURT** |
| **RESIDENTIAL FUNDING CO., LLC** | : | **J.D. OF STAMFORD/NORWALK** |
| **v.** | : | **AT STAMFORD** |
| **THOMAS J. LA CASSE** | : | **SEPTEMBER 26, 2014** |

**PLAINTIFF'S OBJECTIONS TO DEFENDANT'S
FIRST REQUEST FOR INTERROGATORIES
AND FIRST REQUEST FOR PRODUCTION**

Plaintiff hereby objects to the First Request for Interrogatories and First Request for Production (collectively the "Discovery Responses") propounded by Defendant Thomas J. La Casse ("Defendant") as follows:

**INTERROGATORIES**

1.     Please identify in detail all person(s) consulted or involved in answering these discovery requests, other than Your attorneys, including for each her/his name, address, telephone number, occupation and title, and a description of such person's actual involvement with this foreclosure case.

**Objection:**   Plaintiff objects to Interrogatory No. 1 on grounds that it is vague, ambiguous, overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.   Notwithstanding the foregoing objections, Plaintiff will provide the name, title and business address of the person signing the Discovery Responses.

2.     Please identify each legal or beneficial owner of the note and the mortgage, including: the date such entity acquired an ownership interest in the Property, how it was acquired, and whether such owner is a corporation, partnership, limited partnership, trust (detailing type of trust) or other business form (indicating which form specifically).

**Objection:**   Plaintiff objects to Interrogatory No. 2 on grounds that it is overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.   Plaintiff objects on grounds that this interrogatory improperly calls for legal conclusions. Notwithstanding the foregoing objections, Plaintiff will provide material information regarding the entity(ies) having the right to foreclose the mortgage under Connecticut law at the times(s) relevant to this foreclosure action.

3.       Does the plaintiff in this case allege to own the note and/or mortgage that is being foreclosed?  If the plaintiff claims to be the owner of the note and/or mortgage please specify which instrument is owned, and on what date it was acquired.

**Objection:**  Plaintiff objects to Interrogatory No. 3 on grounds that it is vague and ambiguous and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Plaintiff objects to the extent that this interrogatory improperly calls for legal conclusions and attempts to impose a duty which does not exist.  Notwithstanding the foregoing objections, Plaintiff will provide material information regarding the entity(ies) having the right to foreclose the mortgage under Connecticut law at the times(s) relevant to this foreclosure action.

a [sic]  Please specify the price paid for the interest acquired in question 3 above.

**Objection:**  Plaintiff objects to Interrogatory No. a on grounds that it seeks confidential information regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary.[1]  Plaintiff objects on grounds that this interrogatory overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law. See footnote 1.  Any amount paid in conjunction with any sale, transfer or assignment of the note and/or mortgage executed by Defendant or the underlying debt does not relieve Defendant of his obligation under the note and mortgage and does not affect the making, validity or enforcement of the note or mortgage.

b [sic]  Please specify the name, business address, residential address, telephone number, and employer of all persons involved in the acquisition of the asset described in question 3.

**Objection:**  Plaintiff objects to Interrogatory No. b on grounds that it seeks confidential information regarding individuals and regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. See footnote 1.  Plaintiff objects on grounds that this interrogatory is vague, ambiguous, overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law. See id.  Any sale, transfer or assignment of the note and/or mortgage executed by Defendant or the underlying debt does not relieve Defendant of his obligation under the note and mortgage and does not affect the making, validity or enforcement of the note or mortgage.

---

[1]    Under Connecticut law, a person who is not a party to or a contemplated beneficiary of a contract or agreement does not have enforceable contract rights or standing to challenge acts or omissions under the contract or agreement. See Grigerik v. Sharpe, 247 Conn. 293, 311-318 (1998); Cimmino v. Household Realty Corp., 104 Conn. App. 392, 395-396 (2007), cert. denied 285 Conn. 912 (2008); Wells Fargo Bank, N.A. v. Strong, 149 Conn. App. 384, 401-402 (2014) (rejecting defendant borrower's argument that plaintiff's alleged noncompliance with Pooling and Servicing Agreement ("PSA") undermined its standing to bring foreclosure action and ability to establish ownership element of its prima facie case), cert denied 312 Conn. 923 (2014).

34451432v1 0949864

c [sic]  Please indicate how you paid for the interest in said instrument described in question 3. (Cash, Check, Wire, Advance, Etc.)

**Objection:**  Plaintiff objects to Interrogatory No. c on grounds that it seeks confidential information regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. <u>See</u> footnote 1.  Plaintiff objects on grounds that this interrogatory overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law. <u>See id.</u>  Any amount paid in conjunction with any sale, transfer or assignment of the note and/or mortgage executed by Defendant or the underlying debt does not relieve Defendant of his obligation under the note and mortgage and does not affect the making, validity or enforcement of the note or mortgage.

6 [sic]  Please provide the following information regarding ownership and operations:

a.  Name of the "trust," LLC, LLP, or other entity claiming ownership in this note/mortgage, the name of the trustee, the address of the trustee, the telephone number of the trustee;

b.  The cut-off date of the trust;

c.  The name of all "investors in this transaction" and any "investor" referred to during the course of foreclosure mediation in this case, also provide the name, address, and telephone number of such investor.

d.  The actual placement date for which this note and/or mortgage were placed into the trust, LLC, LLP, or any other type of entity.

**Objection:**  Plaintiff objects to Interrogatory No. 6 on grounds that it is vague and ambiguous as to the terms "ownership" and "operations," which are not defined.  Plaintiff objects on grounds that this interrogatory seeks confidential information regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. <u>See</u> footnote 1.  Plaintiff objects on grounds that this interrogatory overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law. <u>See id.</u>  Any sale, transfer or assignment of the note and/or mortgage executed by Defendant or the underlying debt does not relieve Defendant of his obligation under the note and mortgage and does not affect the making, validity or enforcement of the note or mortgage.  Notwithstanding the foregoing objections, Plaintiff will provide material information regarding the entity(ies) having the right to foreclose the mortgage under Connecticut law at the times(s) relevant to this foreclosure action.

7.  Please identify in detail the following information regarding servicing:

a.      Please specify the name of <u>ALL</u> servicers of this loan regardless of servicer type, along with their name, address, and telephone number.

b.      Please provide in detail the names of all individuals or entities who have been retained or authorized to act on Your behalf relating to the foreclosure, sale, management, maintenance of the Property, or eviction of the Tenant (e.g., agents, employees, trustees, real estate brokers, Property management agents, loan servicers, and the like, stating for each: their identity and title; the effective date and nature of the relationship between You and the person/entity; the rate and any applicable conditions of compensation for each such person/entity; and the scope of the person's or entity's authority and duties with regard to the mediation, foreclosure and liquidation of the property.

**Objection:**  Plaintiff objects to Interrogatory No. 7 on grounds that it is vague, ambiguous, overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law. Plaintiff objects on grounds that this interrogatory seeks confidential information regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. <u>See</u> footnote 1. Notwithstanding the foregoing objections, Plaintiff will identify the servicers for Defendant's mortgage loan.

8.      Do you service any other loans under which this borrower is principally liable?

**Objection:**  Plaintiff objects to Interrogatory No. 8 on grounds that it seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this mortgage foreclosure case.

9.      For each relationship described in Interrogatory 7 and 8 above, please describe any and all communications relating to mediation or foreclosure, whether oral or written, between or among you and your agents, including but not limited to:

a.      The date and manner of, and persons involved in, each communication;

b.      The substance thereof; and

c.      Any documents that accompanied or constituted the communication.

**Objection:**  Plaintiff objects to Interrogatory No. 9 on grounds that it seeks information protected by the attorney-client privilege and/or the work product doctrine and/or which was prepared in anticipation of litigation. Plaintiff objects on grounds that this interrogatory is vague, ambiguous, overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.

4

10. Please describe in full and complete detail any evaluation(s) of the market value of the Property before or after foreclosure, e.g., appraisals, estimates, broker price opinions (by realtors or other agents, or otherwise), and the like, describing for each evaluation the date, result/dollar value provided, person(s) involved and any related documents.

    a.    Please describe why such data was compiled regarding this property.

**Objection:**  Plaintiff objects to Interrogatory No. 10 on grounds that it is overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Any evaluations of the market value for the subject property do not relieve Defendant of his obligation under the note and mortgage and do not affect the making, validity or enforcement of the note or mortgage.  Plaintiff further objects on grounds that this interrogatory seeks information regarding the market value of the property which is equally available to Plaintiff.  Notwithstanding, Plaintiff refers Defendant to the appraisals filed in this action.  Plaintiff will also produce a copy of the appraisal obtained in conjunction with the origination of the mortgage loan.

11. Please describe in full any and all documents that this note / mortgage is subject to: including but not limited to:

    a.    Describe in detail the title of, and the date of any and all amendments to any "pooling and servicing" agreements.

    b.    Describe in detail the title of, and the date of any and all amendments to any "investor guidelines."

    c.    Describe in detail the title of, and the date of any and all amendments to any reports or monthly statements to "investors."

    d.    Describe in detail the title of, and the date of any and all "deal documents" related to the transfer of the note and/or mortgage from the original lender and into the trust, lock, or other entity, through its current ownership.

**Objection:**   Plaintiff objects to Interrogatory No. 11 on grounds that it is vague, ambiguous and argumentative and misrepresents the terms of the note and mortgage.  The note and mortgage and Defendant's obligations under the note and mortgage are not "subject to" any pooling and servicing agreement, investor guidelines, reports or monthly statements to investors, "deal documents," or any other documents.  Plaintiff objects on grounds that this interrogatory seeks confidential information regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary.  See footnote 1.  Plaintiff objects on grounds that this interrogatory is overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law. See id. Any sale, transfer or assignment of the note and/or mortgage executed by Defendant or

5

34451432v1 0949864

the underlying debt does not relieve Defendant of his obligation under the note and mortgage and does not affect the making, validity or enforcement of the note or mortgage.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the note, mortgage and assignment(s) of the mortgage and will provide material information regarding the entity(ies) having the right to foreclose the mortgage under Connecticut law at the times(s) relevant to this foreclosure action.

12.     Please describe in detail all communications you have had with the current principal maker with respect to modifications, including but not limited to:

   a.     The date and time of the conversation;

   b.     Who initiated the conversation?

   c.     Where the communication took place;

   d.     The length and substance of the conversation; and

   e.     The name of the person acting on your behalf who had the conversation with the Tenant.

   **Objection:**  Plaintiff objects to Interrogatory No. 12 on grounds that it is vague and ambiguous as to the term "current principal maker," which is not defined.  Plaintiff objects on grounds that this interrogatory is overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Plaintiff objects to this interrogatory on grounds that notwithstanding the fact that Defendant was offered a loan modification, Defendant is not entitled to a loan modification under terms of note or mortgage. Plaintiff objects on grounds that this interrogatory seeks information equally available to Defendant and his attorneys.   Notwithstanding the foregoing objections, a loan modification offer of settlement was emailed to Defendant's counsel on March 7, 2014. Defendant did not respond to the offer.

13.     If You or, if You are the trustee of a trust (and/or officer of some other entity), if the trust claims to be a bank chartered in the State of Connecticut or the United States, please explain in detail how, where and when the trust was chartered.

   **Objection:**  Plaintiff objects to Interrogatory No. 13 on grounds that it overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.

14.     Please list the names of any individuals with knowledge of the facts alleged in Your Complaint or the facts alleged in any Tenant's Answer and/or Counterclaims, as applicable, and for each person, please state: (a) his or her name, occupation, telephone number, and address; (b) the factual substance of the information known to such person; and (c) the expert qualifications, if any, of said person.

34451432v1 0949864

**Objection:**  Plaintiff objects to Interrogatory No. 14 on grounds that it overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  This interrogatory clearly does not contemplate the nature of the instant action, which does not involve a tenant and Defendant has not filed an answer or counterclaim.

15. Please state in detail how and why this loan was placed into foreclosure.

**Objection:**  Plaintiff objects to Interrogatory No. 15 on grounds that it vague, ambiguous, overbroad and unduly burdensome.  Plaintiff objects on grounds that this interrogatory seeks information equally available to Defendant.  Notwithstanding the foregoing objections, Plaintiff refers Defendant to the terms of the note and mortgage, as well as paragraph 5 of the complaint, which alleges that the note is in default, and responds that the mortgage loan is due for the January 1, 2009 payment and all subsequent monthly payments.

16. Please identify in detail the steps taken to modify the defendant's loan in this case, specifically:

    a.  Whether there is a formal process for modification;

    b.  Whether there are written "investor guidelines" and if so, the date the "guidelines" took effect;

    c.  Whether you sought written, oral, or other communications with the "investor" to modify this loan and if so, the name, date and identification of any such documents containing such "guidelines."

    d.  Whether there are any "underwriting guidelines" that apply to the modification of this loan and if so, the name, date and identification of any such documents containing such "guidelines."

    e.  Whether any other persons, agencies, entities or affiliated business of the plaintiff's were notified of, communicated with, or consulted regarding the modification of this loan, and the date, method of communication, and substance of said communications.

**Objection:**  Plaintiff objects to Interrogatory No. 16 on grounds that it is overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Plaintiff objects to this interrogatory on grounds that notwithstanding the fact that Defendant was offered a loan modification, Defendant is not entitled to a loan modification under terms of note or mortgage.

34451432v1 0949864

17.   Identify any and all communications originating from Your Plaintiff regarding the modification of this loan during the foreclosure process, not including any communications between you and your attorney's.

**Objection:**  Plaintiff objects to Interrogatory No. 17 on grounds that it is overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Plaintiff objects to this interrogatory on grounds that notwithstanding the fact that Defendant was offered a loan modification, Defendant is not entitled to a loan modification under terms of note or mortgage.  Plaintiff objects on grounds that this interrogatory seeks information equally available to Defendant and his attorneys.  Notwithstanding the foregoing objections, a loan modification offer of settlement was emailed to Defendant's counsel on March 7, 2014.  Defendant did not respond to the offer.

18.   Identify any and all communications originating from Your Plaintiff to any custodian for the release of documents and the date and substance of said communication.

**Objection:**  Plaintiff objects to Interrogatory No. 18 on grounds that it is vague, ambiguous, overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.

19.   Identify all persons who acted on your behalf or at your direction in participating in this mediation process, excluding your attorney's, and provide their name, address, residential address, and telephone number, and the number and address of their employer.

**Objection:**  Plaintiff objects to Interrogatory No. 19 on grounds that it is vague and ambiguous as to the terms "this mediation process," which is not defined.  Plaintiff objects on grounds that this interrogatory is overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law, including because the foreclosure mediation time period in this action expired on June 18, 2009, before Defendant appeared in the action.  Plaintiff objects to this interrogatory on grounds that notwithstanding the fact that Defendant was offered a loan modification, Defendant is not entitled to a loan modification under terms of note or mortgage.

21.   Identify each and every charge made to the defendant's account under this note stating the date of the charge, the amount of the charge, the payee of the charge, and a complete description for the charge.

**Objection:**  Plaintiff objects to Interrogatory No. 21 on grounds that it is overbroad and unduly burdensome.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the account history for the mortgage loan.

8

22.     Identify the party or parties that have the lawful right to payments under this loan.  If there are more than one party entitled to receive payments under this loan, please state so, the purpose of the payments and the dates and times of all distributions.

**Objection:**  Plaintiff objects to Interrogatory No. 22 on grounds that it is vague and ambiguous as to the term "the lawful right to payments under this loan."  Plaintiff objects to the extent that this interrogatory seeks confidential information regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary.  See footnote 1.  Plaintiff objects on grounds that this interrogatory overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law. See Id.  Notwithstanding the foregoing objections, Ocwen Loan Servicing, LLC ("Ocwen"), is the current servicer for Defendant's mortgage loan and any future payments should be made to Ocwen.  Plaintiff will provide material information regarding the entity(ies) having the right to foreclose the mortgage under Connecticut law at the times(s) relevant to this foreclosure action.

23.     Identify all payments received on this alleged defendant's account from inception through the date of your response to these interrogatories.

**Objection:**  Plaintiff objects to Interrogatory No. 22 on grounds that it is overbroad and unduly burdensome.  Plaintiff objects to this interrogatory on grounds that it seeks information equally available to Defendant.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the account history for the mortgage loan.

24.     Identify the transaction, or series of transactions, and the date of those transactions, the substance of the transactions, and any monies or other consideration to support said transactions that allow the defendant or third parties to receive payments due under this note.

**Objection:**   Plaintiff objects to Interrogatory No. 24 on grounds that it is vague, ambiguous, overbroad and unduly burdensome.  Plaintiff objects on grounds that this interrogatory improperly assumes Defendant is entitled to receive payments due under the note, which is not true.  Plaintiff objects to the extent that this interrogatory seeks confidential information regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. See footnote 1.  Plaintiff objects on grounds that this interrogatory overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law. See Id.  Notwithstanding the foregoing objections, Ocwen is the current servicer for Defendant's mortgage loan and any future payments should be made to Ocwen.  Plaintiff will identify the servicers for Defendant's mortgage loan and will provide material information regarding the entity(ies) having the right to foreclose the mortgage under Connecticut law at the times(s) relevant to this foreclosure action.

34451432v1 0949864

25.     What is the relationship of the named plaintiff Residential Funding Company, LLC to Residential Funding Corporation?

**Objection:**  Plaintiff objects to Interrogatory No. 25 on grounds that it seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Notwithstanding the foregoing objections, Plaintiff will provide material information regarding the entity(ies) having the right to foreclose the mortgage under Connecticut law at the times(s) relevant to this foreclosure action.

26.     Identify any documents in connection with the creation, organization, or incorporation of the plaintiff AND Residential Funding Corporation.

For each document:

a.      Identify the dates of said documents.

b.      Identify the substance of those documents.

c.      Identify the keeper of records of those documents.

**Objection:**  Plaintiff objects to Interrogatory No. 26 on grounds that it seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.

27.     Identify the state of creation, organization or incorporation of the plaintiff and Residential Funding Corporation.

**Objection:**  Plaintiff objects to Interrogatory No. 27 on grounds that it seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.

28.     Explain in detail the securitization process involving this note and mortgage.

**Objection:**  Plaintiff objects to Interrogatory No. 28 on grounds that it seeks confidential information regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. See footnote 1.  Plaintiff objects on grounds that this interrogatory seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Any securitization of the note and/or mortgage executed by Defendant and/or the underlying debt does not relieve Defendant of his obligation under the note and mortgage and does not affect the making, validity or enforcement of the note or mortgage.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the note, mortgage and assignment(s) of the mortgage and will provide material information regarding the entity(ies) having the right

34451432v1 0949864

to foreclose the mortgage under Connecticut law at the times(s) relevant to this foreclosure action.

29.    Explain the negotiation of this note from origination to current owner.  In connection herewith:

   a.      Identify each assignor and assignee of the note.

   b.      Identify the date of each negotiation.

   c.      Identify the consideration for such negotiation.

   d.      Identify any documents pertaining to the negotiation of said note.

   e.      Identify whether the negotiation was in blank or by specific indorsement.

   f.      Identify if the note was hypothecated, pledged, factored, or used as collateral for any other transaction by the plaintiff.

   g.      Identify if any "signing agents" or "attorney's in fact" were used in negotiating the note in its chain of title.

   **Objection:**  Plaintiff objects to Interrogatory No. 29 on grounds that it seeks confidential information regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. See footnote 1.  Plaintiff objects on grounds that this interrogatory seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Any consideration given in conjunction with any sale, transfer or assignment of the note and/or mortgage executed by Defendant or the underlying debt does not relieve Defendant of his obligation under the note and mortgage and does not affect the making, validity or enforcement of the note or mortgage.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the note, mortgage and assignment(s) of the mortgage and will provide material information regarding the entity(ies) having the right to foreclose the mortgage under Connecticut law at the times(s) relevant to this foreclosure action.

30.    Explain the assignment of the mortgage deed from origination to current holder of the mortgage deed interest.

   In connection therewith:

   a.   Identify each assignor and assignee of the mortgage.

   b.   Identify the date of each assignment.

   c.   Identify the consideration for such assignment.

11

    d.  Identify if any interest in the mortgage was hypothecated, pledged, or used as security for a debt and provide specific details regarding such status.

    e.  Identify any documents pertaining to the assignment of said mortgage.

    f.  Identify if any "signing agents" or other "attorney's in fact" were utilized in the assignment process.

**Objection:**   Plaintiff objects to Interrogatory No. 30 on grounds that it is vague, ambiguous, overbroad and unduly burdensome which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.   Plaintiff objects on grounds that this interrogatory seeks confidential information regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. See footnote 1.  Any consideration given in conjunction with any assignment of the mortgage executed by Defendant does not relieve Defendant of his obligation under the note and mortgage and does not affect the making, validity or enforcement of the note or mortgage.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the assignment(s) of the mortgage.

31.    Identify all persons purporting to have authority to sign on behalf of the plaintiff as "signing agents" and/or "attorney's in fact" in connection with the negotiation of this loan, and / or assignment of mortgage.

    **Objection:**   Plaintiff objects to Interrogatory No. 31 on grounds that it is vague, ambiguous, overbroad and unduly burdensome and seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.   Plaintiff objects on grounds that this interrogatory seeks confidential information regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. See footnote 1.  Any "negotiation of the loan" or assignment of the mortgage does not relieve Defendant of his obligation under the note and mortgage and does not affect the making, validity or enforcement of the note or mortgage.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the note, mortgage and assignment(s) of the mortgage.

32.    Identify all persons purporting to have authority to sign on behalf of the plaintiff as "signing agents" and/or "attorney's in fact" in connection with preparation of affidavits used in the court process.

    State with specificity:

    a.  The name and address of the person.

    b.  The name and address of their employer.

34451432v1 0949864

    c.   Identify any documents purporting to authorize their actions, signatures, testimony, or statements which bind the plaintiff.

**Objection:**  Plaintiff objects to Interrogatory No. 32 on grounds that it is premature, overbroad and unduly burdensome and seeks information which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.

33.    Identify with specificity who is EMortgage Logic, and what is their relationship to the plaintiff and/or the defendant.

State with specificity:

    a.   Identify what function is performed by EMortgage Logic.

    b.   Identify their principal business address.

    c.   Identify any documents or communications between the plaintiff and EMortgage Logic.

    d.   Identify any services provided by EMortgage Logic, with specificity, including the date and time of service, either to the property, the foreclosure process, or the plaintiff, or any other third party.

    e.   Identify any agreements, authorizations, work orders, contracts, bills, statements, receipts, or other communications concerning said services provided.

**Objection:**  Plaintiff objects to Interrogatory No. 33 on grounds that it seeks information which is not material to the subject matter, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.

34.    Identify all agents, contractors, service providers, trades people, realtors, brokers, insurance agents, insurance adjusters, maintenance providers, property management providers, disaster providers, or other agents, employees, or service providers who were directed by the plaintiff or its employees, agents, assigns, service providers to enter upon the property owned by the defendant and secured by the mortgage and described in the note in this action.

Identify with specificity for each entry onto the property:

    a.   Identify the date of each entry on the property.

    b.   Identify the name and address of each person entering the property.

    c.   Identify the name and address of each person's employer.

34451432v1 0949864

d.   Identify the specific purpose for the entry onto the property.

e.   Identify any services provided to the property the result of the entry onto the property of the defendant.

f.   Identify any documents pertaining to the entry, whether they be books, records, statements, invoices, bills, contracts for services, receipts, written authorizations, work logs, etc.; and the location of said records, and a brief synopsis of said records.

g.   Identify the parties to the records identified in paragraph "f." above.

h.   Identify whether said persons had or hold a professional trade license, or other certification, license, or permit issued through or by the State of Connecticut, or any other State.

i.   Identify any building permits that were pulled in connection with any work done at the property by any of the plaintiff's agents, assigns, or contractors.

j.   Identify the date and time any permits were obtained, the cost, and the date upon which work was completed and inspected as applicable.

**Objection:**   Plaintiff objects to Interrogatory No. 34 on grounds that it is overbroad and unduly burdensome and seeks information which is not material to the subject matter of, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Plaintiff objects to the extent that this interrogatory is more properly directed to another person or entity.

35.   Identify any persons, entities, agents, contractors or other service providers that were responsible for changing the locks at the premises, unless such answer has been provided in response to question #34.

In connection herewith, please identify with specificity:

a.   The name and address of any person changing the locks at the property, the subject of this foreclosure action.

b.   The name and address of any employer of the person described in the aforementioned paragraph "a." of question 35.

c.   The number of times said person or entity visited the premises.

d.   Any documents, contracts, memorandums, work orders, or other communications regarding any transaction authorizing their entry onto the property.

14

e.   Identify any payments made to these entities, individuals, contractors, or otherwise, either by the plaintiff, or their agents, assigns, or service providers or contractors in connection with the entry onto the property of the defendant.

f.   Identify who made such payment, whom it was payable to, the date, and the time of payment.

g.   Identify if the payment was made by the plaintiff or an agent, contractor, service provider, or otherwise.

h.   In the event the payment was made as provided under paragraph "g." of question #35, please indicate the date, manner, and method of payment of the agent, contractor, or service provider, for arranging said service.

**Objection:**  Plaintiff objects to Interrogatory No. 35 on grounds that it is overbroad and unduly burdensome and seeks information which is not material to the subject matter of, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Plaintiff objects to the extent that this interrogatory is more properly directed to another person or entity.

35[sic]  Identify the date and payee of each and every payment made by the plaintiff in connection with or on account of this loan, including the name and address of the payee, and the purpose of the payment.

**Objection:**  Plaintiff objects to Interrogatory No. 35 [sic] on grounds that it is vague, ambiguous, overbroad and unduly burdensome and seeks information which is not material to the subject matter of, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the account history for the mortgage loan.

36.   Identify each and every communication by the plaintiff in regards to this loan, the date of the communication, the parties to the communication, the address of the parties to the communication, the substance of the communication, and the location of the documents constituting the communication.

**Objection:**  Plaintiff objects to Interrogatory No. 36 on grounds that it is overbroad and unduly burdensome and seeks information which is not material to the subject matter of, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this interrogatory seeks information protected by the attorney-client privilege and/or work product doctrine and/or which was prepared in anticipation of litigation.

34451432v1 0949864

37.    Identify and provide a compilation of any and all statements made (as defined in *Conn. Prac. Bk.* §13-1) and identify with specificity:

    a.  Who made the statement, their address, telephone number, and the date of the statement(s)?

    b.  The substance of the statement.

    c.  The physical location of any such statements contained in documents or communications and who has possession of those documents or communications, and their name, address and telephone number.

    d.  Identify any other parties to those statements and include their names, addresses, and telephone numbers.

**Objection:**  Plaintiff objects to Interrogatory No. 37 on grounds that it is vague, ambiguous, overbroad and unduly burdensome and seeks information which is not material to the subject matter of, and which is not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Notwithstanding the forgoing objections, Plaintiff is not aware of any statements regarding the mortgage loan.

## REQUESTS FOR PRODUCTION

1.    Please produce all documents in connection with Question 2:

Specifically:

    a.  Produce <u>ALL</u> documents evidencing ownership of the note.

    b.  Produce <u>ALL</u> documents evidencing ownership of the mortgage.

**Objection:**  Plaintiff objects to Request No. 1 on grounds that it is vague, ambiguous, overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this request improperly attempts to impose a duty which does not exist.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the note, mortgage, assignment(s) of the mortgage, pooling and servicing agreement and applicable schedule.

2.    Please produce all documents regarding the Plaintiff:

Specifically:

34451432v1 0949864

    a.  Produce <u>ALL</u> documents related to the formation, incorporation, or organization and/or creation of Residential Funding Corporation, the original Plaintiff in this action.

    b.  Produce <u>ALL</u> documents related to the formation, incorporation, or organization and/or creation of Residential Funding Company, LLC, and the Plaintiff in this action.

**Objection:**  Plaintiff objects to Request No. 2 on grounds that it is overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this request improperly attempts to impose a duty which does not exist.

3.    Produce <u>ALL</u> documents regarding the following for Residential Funding Corporation and Residential Funding Company, LLC:

    a.  Produce all corporate or organizational bylaws, rules, regulations, and any corporate / organizational resolutions (as the case may be, respectively);

    b.  Any articles of organization or incorporation (as the case may be) that have not already been produced.

**Objection:**  Plaintiff objects to Request No. 3 on grounds that it is overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this request improperly attempts to impose a duty which does not exist.

4.    Produce a list of officers, directors, of both Residential Funding Corporation from the time at which the note and mortgage was executed through present.

**Objection:**  Plaintiff objects to Request No. 4 on grounds that it is overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this request improperly attempts to impose a duty which does not exist.

5.    Produce a list of officers, directors, members, and managers of Residential Funding Company, LLC., from the date of origination of the loan or the formation of Residential Funding Company, LLC., whichever is later, through present.

**Objection:**  Plaintiff objects to Request No. 5 on grounds that it is overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this request improperly attempts to impose a duty which does not exist.

34451432v1 0949864

6.     Produce all documents and communications as defined above, regarding your answer to interrogatory #3.

**Objection:**  Plaintiff objects to Request No. 6 on grounds that it is vague, ambiguous, overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the note, mortgage, assignment(s) of the mortgage, pooling and servicing agreement and applicable schedule.

7.     Produce all documents and communications evidencing the following:

a.  Documents and communications regarding the servicing of this loan; and specifically:

i.     Documents and communications that identify and set forth the obligations and responsibilities of the various servicers;

ii.    Documents and communications that identify and set forth the obligations and responsibilities of the various custodians involved in the La Casse loan transaction;

iii.   Documents and communications that identify payments made to, or received by any of these entities in connection with their services on the La Casse account;

iv.   Documents and communications that identify any advances made on behalf of the La Casse account by any of these servicers or custodians;

v.    Documents and communications between the servicers and trust regarding the La Casse account;

vi.   Documents and communications between the custodian(s) and trust; and

vii.  Documents and communications between the servicers, trust, and custodian regarding the La Casse account;

**Objection:**  Plaintiff objects to Request No. 7 on grounds that it is vague, ambiguous, overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this request improperly attempts to impose a duty which does not exist.  Plaintiff objects on grounds that this request seeks confidential documents and communications relating to agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. See footnote 1. Notwithstanding the foregoing objections, Plaintiff will produce a copy of the account history for the mortgage loan.

34451432v1 0949864

8.    Produce any documents or communications regarding the following with respect to both Residential Funding Corporation and Residential Funding Company, LLC,:

    a.   Documents and communications regarding minutes of all board meetings;

    b.   Documents and communications regarding minutes of all meetings of officers, members, or managers.

**Objection:**  Plaintiff objects to Request No. 8 on grounds that it is overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this request improperly attempts to impose a duty which does not exist.

9.    Produce any documents and communications regarding the La Casse loan account with <u>ALL</u> third parties engaged to provide services on behalf of the plaintiff in the following specific manner:

    a.   Produce all documents and communications with third parties who provided an "opinion" regardless of the substance of the "opinion" regarding the La Casse account that are not subject to the Attorney-Client privilege.

    b.   Produce all documents and communications with third parties who provided <u>ANY</u> service in connection with the La Casse loan account.

    c.   Produce all documents and communications with third parties evidencing payment for their services in connection with the La Casse loan account.

**Objection:**  Plaintiff objects to Request No. 9 on grounds that it is vague, ambiguous, overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this request improperly attempts to impose a duty which does not exist.  Plaintiff objects on grounds that this request seeks confidential documents and communications relating to agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary.

10.   Produce a list of all third parties who provided services in connection with the La Casse account regardless of the service provided, to include the following:

    a.   Name and address of the service provider;

    b.   The purpose and scope of the service provided;

    c.   Any work authorization in the form of a document or communication;

34451432v1 0949864

    d.  Any copies of any professional license, trade license, or license issued by the State of Connecticut held by said service provider; and

    e.  Any copy of any contract for insurance, indemnity agreement, or bond, provided by said third party in connection with their provision of services.

**Objection:**  Plaintiff objects to Request No. 10 on grounds that it is overbroad and unduly burdensome and seeks documents which are not material to the subject matter of, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this production request improperly requires the creation of a document.

11.    Produce a list of all persons and entities sent to do work at the premises secured by the La Casse loan, with specificity:

    a.  The name and address of any person sent to the property;

    b.  The name and address of any such persons employer;

    c.  Any documents or communications between the plaintiff, it's agents and assigns, and the third parties; and

    d.  Any documents or communications evidencing payment to the third parties by the plaintiff;

**Objection:**  Plaintiff objects to Request No. 11 on grounds that it is overbroad and unduly burdensome and seeks documents which are not material to the subject matter of, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this production request improperly requires the creation of a document.

12.    Produce any and all documents and communications which would constitute "deal documents" that were generated by the securitization of this loan.

**Objection:**  Plaintiff objects to Request No. 12 on grounds that it is vague and ambiguous as to the term "deal documents," which is not defined.  Plaintiff objects on grounds that this request seeks confidential documents regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. See footnote 1.  Plaintiff objects on grounds that this request is overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law. See footnote 1. Notwithstanding the foregoing objections, Plaintiff will produce a copy of the note, mortgage, assignment(s) of the mortgage, pooling and servicing agreement and applicable schedule.

34451432v1 0949864

13.   Produce any and all documents evidencing payment for the purchase of this loan by each of the entities involved in the securitization of this loan.

**Objection:**   Plaintiff objects to Request No. 13 on grounds that it seeks confidential documents regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. See footnote 1.  Plaintiff objects on grounds that this request is overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law. See id.  Any amount paid in conjunction with any sale, transfer or assignment of the note and/or mortgage executed by Defendant or the underlying debt does not relieve Defendant of his obligation under the note and mortgage and does not affect the making, validity or enforcement of the note or mortgage.

14.   Produce all documents and communications regarding the formation of the trust in which this loan is secured.

**Objection:**   Plaintiff objects to Request No. 14 on grounds that it seeks confidential documents and communications regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. See footnote 1.  Plaintiff objects on grounds that this request is overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law. See footnote 1.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the note, mortgage, assignment(s) of the mortgage, pooling and servicing agreement and applicable schedule.

15.   Produce all documents and communications to third parties regarding this loan.

**Objection:**   Plaintiff objects to Request No. 15 on grounds that it is overbroad and unduly burdensome and seeks documents which are not material to the subject matter of, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this request improperly attempts to create a duty which does not exist.  Plaintiff objects on grounds that this request improperly seeks documents protected by the attorney-client privilege and/or work product doctrine and/or which were prepared in anticipation of litigation.

16.   Produce a list of all persons with knowledge of the La Casse loan transaction, and their address and telephone number.

**Objection:**   Plaintiff objects to Request No. 16 on grounds that it is overbroad and unduly burdensome and seeks documents which are not material to the subject matter of, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this request improperly

34451432v1 0949864

attempts to create a duty which does not exist.  Plaintiff objects on grounds that this request improperly requires the creation of a document.

17.     Produce a list of any witnesses you expect to call at trial, their names, addresses (both business and residential) and their telephone numbers.

**Objection:**  Plaintiff objects to Request No. 17 on grounds that it seeks confidential information of individuals which is not reasonably calculated to lead to the discovery of admissible evidence.  Plaintiff objects on grounds that this request improperly calls for the creation of a document.  Notwithstanding the foregoing objections, Plaintiff has not made a determination as to its trial witnesses and will identify its trial witnesses seasonably in advance of any trial.

18.     Produce any documents and communications between the plaintiff and any witnesses produced in response to paragraph 17.

**Objection:**  Plaintiff objects to Request No. 18 on grounds that it is overbroad and unduly burdensome and seeks i documents which are not material to the subject matter of, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this request improperly attempts to create a duty which does not exist.  Plaintiff objects to the extent that this request improperly seeks information protected by the attorney-client privilege and/or the work product doctrine and/or which was prepared in anticipation of litigation.

19.     Produce any documents and communications between the plaintiff and any insurance companies (including but not limited to title insurance, default insurance, etc.) regarding the La Casse account, specifically:

  a.  A list of all insurance companies contacted, contracted, or engaged with the plaintiff regarding the La Casse account, their names, addresses, claim numbers, and telephone numbers.

  b.  Produce all insurance contracts in connection with the La Casse account.

  c.  Produce all insurance contracts that compensate either the plaintiff or the trust or its shareholders/certificate holders (as the case may be) in the event of default by the defendant.

  d.  Produce any and all documents and communications concerning any claims or payments in connection with the La Casse default or the La Casse loan.

**Objection:**  Plaintiff objects to Request No. 19 on grounds that it seeks confidential documents and communications regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. <u>See</u> footnote 1.  Plaintiff objects on grounds that this request is vague, ambiguous, overbroad and unduly burdensome and seeks documents which are not material to the subject matter of, and

34451432v1 0949864

which are not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Plaintiff objects on grounds that this request improperly attempts to create a duty which does not exist.  Plaintiff objects to the extent that this request improperly seeks information protected by the attorney-client privilege and/or the work product doctrine and/or which was prepared in anticipation of litigation.

20.     Produce a list of any "expert" witnesses you expect to call at trial, their names, addresses (both business and residential) and their telephone numbers.

        **Objection:**  Plaintiff objects to Request No. 20 on grounds that it improperly requires the creation of a document.  Plaintiff objects on grounds that this request seeks confidential information of individuals which is not reasonably calculated to lead to the discovery of admissible evidence and which exceeds the scope of permissible discovery relating to experts.   Notwithstanding the foregoing objections, Plaintiff has not made a determination as to its trial witnesses and will disclose its expert witnesses seasonably in advance of any trial and in accordance with the Practice Book.

21.     Produce any documents or communications between the plaintiff and any expert witness produced in response to paragraph 20.

        **Objection:**  Plaintiff objects to Request No. 21 on grounds that it seeks documents and communications which are not reasonably calculated to lead to the discovery of admissible evidence and which exceed the scope of permissible discovery relating to experts.  Notwithstanding the foregoing objections, Plaintiff has no documents responsive to this request.  Plaintiff will disclose its expert witnesses seasonably in advance of any trial and in accordance with the Practice Book.

22.     Produce any documents or communications that would constitute compensation received on the La Casse account.

        **Objection:**   Plaintiff objects to Request No. 22 on grounds that it is vague and ambiguous as to the term "compensation on the La Casse account," which is not defined.  Plaintiff objects to the extent that this request seeks confidential documents and communications regarding agreements and/or transactions to which Defendant is neither a party nor a contemplated beneficiary. See footnote 1.  Plaintiff objects on grounds that this interrogatory overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law. See id.  Any amount paid in conjunction with any sale, transfer or assignment of the note and/or mortgage executed by Defendant or the underlying debt does not relieve Defendant of his obligation under the note and mortgage and does not affect the making, validity or enforcement of the note or mortgage.

23.     Produce any and all documents and communications received by the Plaintiff as a result of the closing of the La Casse loan.

34451432v1 0949864

**Objection:**  Plaintiff objects to Request No. 23 on grounds that it is vague, ambiguous, overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the note and mortgage.

24.     Produce a complete list of all persons or entities having access to the original documents constituting the La Casse loan file, including the entity name, their name, location, and telephone number.

**Objection:**  Plaintiff objects to Request No. 24 on grounds that it improperly calls for the creation of a document.  Plaintiff objects on grounds that this request is vague, ambiguous, overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.

25.     Produce each and every document and communication by and between the Plaintiff and EMortgage Logic, in connection with the La Casse account.

**Objection:**  Plaintiff objects to Request No. 25 on grounds that it seeks documents which are not material to the subject matter of, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues in, Plaintiff's foreclosure complaint under Connecticut foreclosure law.

26.     Produce all documents and communications regarding payments made to anyone, for any reason, in connection with the La Casse loan account.

**Objection:**  Plaintiff objects to Request No. 26 on grounds that it is overbroad and unduly burdensome and seeks documents which re not material to the subject matter of, and which re not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Notwithstanding the foregoing objections, Plaintiff will produce a copy of the account history for the mortgage loan.

27.     Produce any documents or communications containing any statements made by any person on behalf of the plaintiff in connection with the La Casse loan.

**Objection:**  Plaintiff objects to Request No. 27 on grounds that it is overbroad and unduly burdensome and seeks documents which re not material to the subject matter of, and which re not reasonably calculated to lead to the discovery of admissible evidence regarding the limited issues raised in, Plaintiff's foreclosure complaint under Connecticut mortgage foreclosure law.  Plaintiff objects to the extent that this request improperly seeks documents protected by the attorney-client privilege and/or work product doctrine and/or which were prepared in anticipation of litigation.

34451432v1 0949864

28.    Produce a list of any and all parties, persons, agents, employees, or otherwise and identify them by name, employer, address, and telephone number, and identify the document or communication that they were a party to.

**Objection:**  Plaintiff objects to Request No. 28 on grounds that it improperly calls for the creation of a document.  Plaintiff objects on grounds that this request is vague, ambiguous, overbroad and unduly burdensome and seeks documents which are not material to the subject matter, and which are not reasonably calculated to lead to the discovery of admissible evidence regarding the issues, in this case under Connecticut mortgage foreclosure law.

Plaintiff,
By its attorneys,


*/s/ Valerie N. Doble*
Marissa I. Delinks, Juris No. 434580
Valerie N. Doble, Juris No. 425760
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: 617-213-7000 / Fax: 617-213-7001
Email: mdelinks@hinshawlaw.com
        vdoble@hinshawlaw.com


## CERTIFICATE OF SERVICE

I hereby certify that on this 26th day of September, 2014, a copy of the foregoing *Plaintiff's Objections to Defendant's First Request for Interrogatories and First Request for Production* was mailed, postage prepaid, to all counsel of record and pro se parties as follows:

Donald M. Brown, Esq.                    Thomas La Casse
Law Offices of Donald M. Brown, Esq.      100 Cambridge Street
32 Pine Tree Lane                        Boston, MA 02114
Avon, CT 06001


*/s/ Valerie N. Doble*
  Valerie N. Doble

34451432v1 0949864