# EXHIBIT 7

| | |
|---|---|
| **FST-CV-09-5011591-S** | **: SUPERIOR COURT** |
| | **:** |
| **RESIDENTIAL FUNDING CO., LLC.** | **: J.D. OF STAMFORD/NORWALK** |
| | **:** |
| **v.** | **: AT STAMFORD** |
| | **:** |
| **THOMAS J. LA CASSE** | **: DATED OCT. 2, 2014** |

<div style="text-align:left; margin-left:-4em; transform: rotate(-90deg);">LAW OFFICES OF DONALD M. BROWN, ESQ.<br>32 PINE TREE LANE AVON CT 06001<br>(203)359-3771 - 800-636-2701 FAX</div>

## MOTION TO DISMISS WITH PREJUDICE

Now comes the defendant Thomas J. La Casse by his attorney and files the following motion to dismiss the above captioned case pursuant to *Practice Book* §10-30, *et seq*.

In support of the motion to dismiss for lack of subject matter jurisdiction, the defendant submits and represents the following good faith basis(es) for said motion:

1.      That the defendant Thomas J. La Casse has properly raised an issue of standing;

2.      That Residential Funding Co., LLC., the current plaintiff was not a holder, holder in due course, or owner of the subject note and mortgage as plead in *Plaintiff's Complaint* ¶ 5 at the time of the filing of this suit;

3.      That Residential Funding is not the owner of the note or mortgage referenced herein as a matter of fact and admission; and

4.      That Residential Funding Co., LLC, lacks the capacity to maintain this present foreclosure suit.

For the foregoing reasons, the defendant Thomas J. La Casse, moves to dismiss this case with prejudice for lack of standing. WHEREFORE, the defendant contends the plaintiff lacks standing and the court must dismiss this action for lack of subject matter jurisdiction.

THE DEFENDANT,
THOMAS LA CASSE,
BY HIS ATTORNEY,
DONALD M. BROWN


/ss/ 421865_____
Donald M. Brown, Esq.
Juris No. 421865

LAW OFFICES OF DONALD M. BROWN, ESQ.
32 PINE TREE LANE AVON CT 06001
(203)359-3771 - 800-636-2701 FAX

| | |
|---|---|
| **FST-CV-09-5011591-S** | **: SUPERIOR COURT** |
| | : |
| **RESIDENTIAL FUNDING CO., LLC.** | **: J.D. OF STAMFORD/NORWALK** |
| | : |
| **v.** | **: AT STAMFORD** |
| | : |
| **THOMAS J. LA CASSE** | **: DATED OCT. 2, 2014** |

## MEMORANDUM OF LAW

I.      Facts and Relevant Procedural History:

This case was brought by writ, summons, and complaint dated May 18, 2009. It has been brought by Residential Funding Co., LLC., as the "holder" of the note and mortgage. *Plaintiff's Complaint* ¶ 5.

The standing of the plaintiff Residential Funding Co., LLC., has been hotly contested in this case, and the defendants have made significant progress in demonstrating that Residential Funding was never in fact the holder of this note.

Counsel for the plaintiff in this case has at all times maintained that Residential Funding Co., LLC. was the holder and owner of the note and mortgage. *See Objection #167.00, Residential Funding's Co., LLC's, Supplemental Objection* dated September 13, 2012. The plaintiff through counsel, then, again asserted they are the owner and holder of the note, despite the fact that the note was securitized and could only be held by a trust; and despite the fact that the trust continued to report its ownership of the note to investors. Yet, Residential Funding continued to assert their ownership of the loan. When called out on the issue after the deposition of the defendant's expert witness, and discussion of the parties on their own, the plaintiff filed a very troubling affidavit indicating that the plaintiff did not own the subject loan at the time the foreclosure action was commenced. *See Joint Stipulation dated January 29, 2014*, "Residential Funding Company, LLC., was not the owner of the subject note at the time of commencing this foreclosure action." Said stipulation was signed by plaintiff and defendant's counsel and constitutes a judicial admission in a pleading and is now evidence in this case. After discussion of counsel and the parties, the plaintiff agreed to vacate all judgments in this case and the matter was reopened. *See Order #175.00 dated Feb. 4, 2014*, *Tierney, J.* The court also vacated the default for failure to appear. *See Order #105.86 dated Feb. 4, 2014, Tierney, J.*

II.    Applicable Law:

1.    <u>The defendants have properly raised an issue of standing.</u>

Standing is best described as:

"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he [or she] has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy.'' *Bysiewicz v. Dinardo*, 298 Conn. 748, 758 (2010)

Standing may be contested by filing a motion that satisfies the requirements of *Practice Book* §10-31(a)(1).

With regard to issues related to inconvenience or timeliness, *Practice Book* § 10-33 states clearly that "Any claim of lack of jurisdiction over the subject matter cannot be waived; and whenever it is found after suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the judicial authority shall dismiss the action." At this point in time, the plaintiff's stipulation states "Residential Funding Company, LLC., was not the owner of the subject note at the time of commencing this foreclosure action." *See  Joint Stipulation dated January 29, 2014, #171.00.*

A court lacks jurisdiction to decide a claim brought by a party that does not have standing to assert the claims pleaded. *Unisys Corporation v. Department of Labor*, 220 Conn. 689, 693 (1991). The plaintiff has asserted that he has the right pursuant to *Conn. Gen. Stat.* § 49-17 to pursue this foreclosure as an alleged holder of a note and thus claims standing as a holder/owner of the note and mortgage pursuant to the statute. It is the defendant's position, and shall be demonstrated through an anticipated evidentiary hearing that at no time did Residential Funding Co. LLC., expressly acquire an ownership interest in the note or mortgage. This coupled with the fact that the plaintiff has already disclaimed ownership of the note and mortgage through their stipulation; and in addition to the fact that the true owner/holder of the note is actually a trust known as HSBC BANK AS TRUSTEE FOR THE LUMINENT MORTGAGE TRUST 2006-3,  it will be the plaintiff's burden to demonstrate the standard's enunciated in *RMS Residential Properties, LLC. v. Miller*, 303 Conn. 224, 229 (2011) that Residential Funding Co. LLC,  is the correct holder and owner of the note and thus entitled to payment thereon. ("The possession by the bearer of a note indorsed in blank imports prima facie that he acquired the note in good faith for value and in the course of business, before maturity and without notice of any circumstances impeaching its validity.", *RMS, supra at* 232) It is also the defendant's contention that the plaintiff  Residential Funding is merely a servicer of some sort,

LAW OFFICES OF DONALD M. BROWN, ESQ.
32 PINE TREE LANE AVON CT 06001
(203)359-3771 - 800-636-2701 FAX

and that they are arguably not even a payment agent authorized to accept the payments of the defendant, in fact, it is the defendant's belief that the subservicer GMAC is the correct party to collect mortgage payments, as evidenced by the plaintiff's responses to Qualified Written Requests promulgated under the *Federal Servicer Act*, which is a part of the *Real Estate Settlement Procedures Act*, 12 U.S.C. 2605(e) and the "Subtitle 'E' Mortgage Servicing" of the *Dodd-Frank Wall Street Reform and Consumer Protection Act* and pursuant to 12 U.S.C. Section 2605(e)(1)(A) and *Reg. X* Section 3500.21(e)(1). The plaintiff also provided information which reflected that Residential Funding Co., LLC., was not the holder/owner of the note and mortgage.

A claim of lack of standing is not to be decided on the basis of the legal sufficiency of the claim or the evidence in support of the merits of the claim, but on the basis of the allegation of a direct injury in the complaint. As the Connecticut Supreme Court has repeatedly stated, the requirement that a claimant have standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented.  *Connecticut Associated Builders & Contractors v. Hartford*, 251 Conn. 169, 178 (1999); *Gay & Lesbian Law Students Assn. v. Board of Trustees*, 236 Conn. 453, 463 (1996); *Unisys Corp. v. Dept. of Labor*, 220 Conn. 689, 693 (1991); *Maloney v. Pac*, 183 Conn. 313, 320 (1981).  "Statutory aggrievement exists by legislative fiat, not by judicial analysis of the particular facts of the case. In other words, in cases of statutory aggrievement, particular legislation grants standing to those who claim injury to an interest protected by that legislation.'' (Internal quotation marks omitted.) *Andross v. West Hartford*, 285 Conn. 309, 322 (2008).  "Standing is established by showing that the party claiming it is authorized by statute to bring suit or is classically aggrieved.'' (Internal quotation marks omitted.) *St. Paul Travelers Cos. v. Kuehl*, 299 Conn. 800, 809 (2011). ''Where a party is found to lack standing, the court is consequently without subject matter jurisdiction to determine the cause.'' (Internal quotation marks omitted.) *Monroe v. Horwitch*, 215 Conn. 469, 473, 576 (1990). quoted by *RMS Residential Properties, LLC. v. Miller*, 303 Conn. 224, 229 (2011).

The defendants contend that the plaintiff Residential Funding was not a proper party to this action at the time suit was instituted, that it was not a proper party after suit was instituted

LAW OFFICES OF DONALD M. BROWN, ESQ.
32 PINE TREE LANE AVON CT 06001
(203)359-3771 - 800-636-2701 FAX

and that the complaint of the plaintiff limits the relief they can be granted to the facts they have plead in their complaint.

2.    <u>That Residential Funding was not a holder at the time of the filing of this suit.</u>

White and Summers on the Uniform Commercial Code 5th Ed., defines a "holder" as one entitled to enforce the instrument. § 13-4(b). See also *Conn. Gen. Stat.* § 42a-3-301. However, White and Summers also indicates that it is up to the defendant to rebut the presumption of enforceability. *Id.* Moreover, the Connecticut Supreme Court in interpreting *C.G.S.* § 49-17 determined slightly differently by indicating that "The possession by the bearer of a note indorsed in blank imports prima facie that he acquired the note in good faith for value and in the course of business, before maturity and without notice of any circumstances impeaching its validity." *RMS Residential Properties, LLC. v. Miller*, 303 Conn. 224, 232 (2011) This interpretation merely creates a rebuttable presumption in favor of the plaintiff which we intend to demonstrate never happened. It is important to note that the Conneciticut Supreme Court in *New England Savings Bank v. Bedford Realty Corp.*, 238 Conn.745,759–60 (1996)  indicated that a mere holder of promissory note, if not owner of underlying debt, cannot exercise equitable power of foreclosure of promissory note, if not owner of underlying debt, cannot exercise equitable power of foreclosure. See also *RMS Residential Properties, LLC. v. Miller,* 303 Conn. 224, 231 (2011).

The illusion of the "indorsement in blank" is simply an artifice designed to obfuscate the true owner of the note in this case and encourage convenience for the required transfers and true sales involved in a mortgage securitization. (Generally, there is a requirement of at least two true sales between the originator to the trust—through the sponsor and depositor in an effort to make the transaction bankruptcy remote) The mortgage transfer is merely a tool of convenience to assist Residential Funding in administering the sale of property, and possibly a buyback of the note from the trustee (for a discount), or some other artifice designed to offset expenditures or advances. In fact the assignment of the mortgage was designed to give the appearance of marketable title, since the failure of the true owner and the intermediary assignees of the note and mortgage were never recorded properly, presenting a obfuscation of title issue.

The defendant in this action intends to demonstrate that this note was held as receivable of the Luminent Mortgage Trust 2006-3, a mortgage backed securities trust and was

LAW OFFICES OF DONALD M. BROWN, ESQ.
32 PINE TREE LANE AVON CT 06001
(203)359-3771 - 800-636-2701 FAX

being tracked, and reported to investors as an asset of said trust at the time of foreclosure, at the time of the transfer by Jeffery Stephan of the Mortgage and as of March 30, 2012.

The plaintiff has stipulated that they were not the owner of the note or mortgage at the time they filed this foreclosure case. *See Joint Stipulation dated Jan 31, 2014, #171.00.*

3.    <u>That Residential Funding is not the owner of the note or mortgage referenced herein.</u>

Based upon the documentary evidence that the defense intends to offer, including the stipulation of the plaintiff stating that they were not the owner of the note or mortage at the time they filed this foreclosure case. *See Joint Stipulation dated Jan 31, 2014, #171.00.* We also intend to further offer evidence to show by any further requirement of proof that this loan was originated, reserialized, pooled, and inserted into a trust from which mortgage backed securities were issued. This is supported by the fact that the documents establishing said trusts indicate the methods of transfer and creation, (as part of their inducements to purchase said mortgage backed securities) and that said documents were filed as public records with the United States Securities and Exchange Commission.

Moreover, the various servicers regularly make reports to third party data servicers, for the benefit of investors of these products (primarily institutional investors), have continued to report this loan as belonging to the trust afore mentioned. This information supported by and coupled with the opinion of our expert, is expected to show, that this loan was being and is continuing to be reported as an asset or receivable of the Luminent Mortgage Trust 2006-3.

Residential Funding is not the correct party to this action, nor, never was the party entitled to bring this foreclosure action.

4.    <u>That Residential Funding lacks the capacity to maintain this present foreclosure suit.</u>

The defendant through counsel believes given the stipulation of the plaintiff and the facts and reasonable conclusions that may be drawn from evidence awaiting delivery from the plaintiff, that the plaintiff Residential Funding Co., LLC., has no basis upon which to rely in claiming standing under the laws of the State of Connecticut to maintain this action, or to let alone have filed this action.

LAW OFFICES OF DONALD M. BROWN, ESQ.
32 PINE TREE LANE AVON CT 06001
(203)359-3771 - 800-636-2701 FAX

WHEREFORE, the defendant contends the plaintiff lacks standing to foreclose and the court must dismiss this action for lack of subject matter jurisdiction and grant whatever other legal and equitable relief it deems appropriate.

<div style="margin-left:50%">

THE DEFENDANT,
THOMAS J. LA CASSE,
BY HIS ATTORNEY,


/ss/ 421865_____
Donald M. Brown, Esq.
Juris No. 421865

</div>

## **CERTIFICATION**

I hereby certify that a copy of the foregoing and within Defendant's Motion to Dismiss with Prejudice and Memorandum of Law was mailed first class postage prepaid to the plaintiff on Oct. 3, 2014 at the following address:

PHV ELCOCK THOMAS           MARISSA I DELINKS
PRINCE LOBEL TYE LLP        28 STATE ST 24TH FLR
100 CAMBRIDGE ST            BOSTON, MA 02109
BOSTON, MA 02114

VALERIE NICOLE DOBLE
28 STATE ST 24TH FLR
BOSTON, MA 02109

<div style="margin-left:50%">

/ss/ 421865_____
Donald M. Brown, Esq.
Juris No. 421865

</div>

<div style="writing-mode: vertical-rl">

LAW OFFICES OF DONALD M. BROWN, ESQ.
32 PINE TREE LANE AVON CT 06001
(203)359-3771 - 800-636-2701 FAX

</div>