# EXHIBIT 10

| DOCKET NO. FST-CV-09-5011591-S | : | SUPERIOR COURT |
| RESIDENTIAL FUNDING CO., LLC | : | J.D. OF STAMFORD/NORWALK |
| v. | : | AT STAMFORD |
| THOMAS J. LA CASSE | : | OCTOBER 23, 2014 |

## OBJECTION TO DEFENDANT'S MOTION FOR NON-SUIT

Plaintiff objects to Defendant Thomas J. La Casse's ("Defendant") motion for non-suit filed on October 3, 2014, Entry No. 181.00 ("Nonsuit Motion"). The Nonsuit Motion should be denied. Plaintiff filed timely objections to Defendant's discovery requests and there has been no ruling on the objections. Nor has Plaintiff's pending motion for a further extension of time been ruled upon. Plaintiff and its undersigned counsel are diligently working to compile all substantive information and documents which the objections reflect will be provided in response to Defendant's discovery requests and to finalize written answers. Further, the sanction of non-suit should only be used as a last resort and the circumstances of the instant discovery dispute do not warrant the sanction of a nonsuit.

**ORAL ARGUMENT REQUESTED. TESTIMONY NOT REQUIRED.**

## I.    RELEVANT FACTS

### A.    <u>Background</u>

Given the allegations in the Nonsuit Motion and the age of this case, Plaintiff deems it necessary to provide a brief summary of the history of this matter.  This action arises from a $650,000 loan to Defendant on January 30, 2006, which is secured by a mortgage on the property located at 153 Valley Forge Road, Weston, Connecticut.  Defendant defaulted on his repayment obligations.  <u>See</u> Complaint.  In May 2009, Residential Funding Company, LLC, commenced this action to foreclose the mortgage.  <u>See</u> Docket.  At the time the action was filed, Residential Funding Company, LLC had standing to foreclose the mortgage as the holder of the note and mortgage with the right and/or requisite authority to enforce the note and mortgage.  <u>See</u> Complaint; <u>J.E. Robert Co., Inc. v. Signature Properties, LLC</u>, 309 Conn. 307, 327-331 (2013).[1]

On or about September 2, 2009, the Court granted Plaintiff's motion for default for Defendant's failure to appear, entered judgment of strict foreclosure and set the law day for October 20, 2009. <u>See</u> Docket and September 4, 2009 Notice.  On October 20, 2009, Defendant filed a Chapter 13 bankruptcy petition in the U.S. District Court for the District of Massachusetts.  The case was dismissed on December 8, 2009.  On January 19, 2010, Defendant

---

[1]    While irrelevant to the pending discovery motion, it is important to note that Defendant misrepresents the pleadings in this case.  Plaintiff's Supplemental Objection, Entry No. 167, does not state that Residential Funding Company, LLC, was the owner of the note and mortgage as misstated  by Defendant.  In fact, Plaintiff stipulated that Residential Funding Company, LLC, is and was not the owner.  Rather, the pleadings state only that Residential Funding Company, LLC, is the holder of the note and mortgage.  Defendant ignores Connecticut law which permits an entity other than the owner of the debt to foreclose.  <u>See</u>, <u>e.g.</u>, <u>J.E. Robert Co., Inc. v. Signature Properties, LLC</u>, 309 Conn. 307, 327-331 (2013).  Defendant also ignores Connecticut law which permits an assignee/transferee to proceed in the name of the assignor/transferor.  <u>See</u>, <u>e.g.</u>, <u>Dime Savings Bank of Wallingford v. Arpaia</u>, 55 Conn. App. 180 (1999) (holding that assignee has option to maintain action in name of his assignor); <u>Washington Mut. Bank, F.A. v. Walpuck</u>, 134 Conn. App. 446 (2012).

filed a Chapter 11 bankruptcy petition in the U.S. District Court for the District of Massachusetts. The bankruptcy court granted Plaintiff's motion for relief from the automatic bankruptcy stay on November 4, 2010.

In January 2011, Defendant appeared in this action by and through counsel and moved for a forty-five day continuance of all matters in this case on grounds that Defendant's counsel would "need ample time to meet with the Defendant for an extensive review of the case file" for this "complex" case. See January 3, 2011 Appearance; Entry No. 128.00   Eleven months later, on November 14, 2011, Defendant filed a motion to open and vacate the judgment of strict foreclosure and to dismiss the case ("Motion to Open"). See Entry No. 133.00. See also Practice Book § 10-8 (regarding time to plead).  On January 3, 2012, Defendant filed a motion to compel discovery ("Discovery Motion"). See Entry No. 139.00

On May 14, 2012, Residential Funding Company, LLC, and related entities filed Chapter 11 bankruptcy petitions in the U.S. Bankruptcy Court for the Southern District of New York.  On May 14, 2013, Plaintiff filed a notice of relief from the bankruptcy stay, requesting that the Court schedule a hearing on Defendant's Motion to Open. See Entry No. 169.00.  On November 1, 2013, Plaintiff filed a Caseflow request to schedule a hearing on Defendant's Motion to Open. See Entry No. 170.00.   The Court scheduled and conducted a hearing on Defendant's Motion to Open and Discovery Motion for February 4, 2014. See Entry No. 170.86.  After the hearing, Defendant withdrew its motions, and the Court vacated its September 2, 2009 order granting Plaintiff's motion to default and opened the judgment of strict foreclosure.

The parties then engaged in settlement discussions over the course of several months. See Ex. 1, Affidavit. On March 7, 2014, Plaintiff's predecessor counsel emailed Defendant's counsel a loan modification offer of settlement. Id. That day, Defendant's counsel advised that he would discuss this matter with his client when he returned from vacation. Id. Having received no response, on April 8 and May 27, 2014, Plaintiff's predecessor counsel emailed Defendant's counsel, asking if he had an opportunity to review the modification offer with Defendant. Id. On May 27, 2014, Defendant's counsel advised that Defendant was currently reviewing the offer and that he would respond "shortly." Id. Defendant never responded to the March 7, 2014 loan modification offer. Id.

**B.    History relating to Defendant's Discovery Requests and Pending Motion**

Defendant served extensive interrogatories and requests for production ("Discovery Requests") on Plaintiff's predecessor counsel.[2] The certifications state the Discovery Requests were sent first class mail on July 28, 2014. Plaintiff has no personal knowledge regarding the date the Discovery Requests were mailed to or received by Plaintiff's predecessor counsel.

On August 19, 2014, undersigned counsel appeared in the action on behalf of Plaintiff and in lieu of predecessor counsel. See Appearances.[3] That same day, Plaintiff filed a timely request for a 30-day extension of time to respond to Defendant's July 28, 2014 Discovery Requests, pursuant to Practice Book §§ 13-7 (a)(2) and 13-10 (a)(2). See Entry No. 176.00.

---

[2]    Plaintiff disagrees with Defendant's representation that he only filed "several" interrogatories and production requests. Plaintiff served 37 interrogatories and 28 production requests, excluding subparts, seeking extensive documents and information, which are largely irrelevant to the subject matter and issues in this foreclosure action.

[3]    Defendant incorrectly states that appearances were filed on August 8, 2014.

Defendant did not object to the request, such that it was automatically granted and the initial 30-day time period was extended to 60 days, until September 26, 2014.

After appearing in the case, undersigned counsel left two voice messages for Defendant's counsel in an effort to discuss the case and the Discovery Requests. See Ex.1, Affidavit. The messages were not returned. Id. Consequently, on September 24, 2014, undersigned counsel emailed Defendant's counsel, asking if Defendant would consent to a further extension of time for Defendant's responses. Id. Defendant did not respond to the email request. Id. The complete emails between counsel are attached as Ex. 1(A). Plaintiff and its undersigned counsel disagree that these emails reflect "discovery misconduct" or "bad faith," as alleged by Defendant. To the contrary, undersigned counsel left voicemail messages in an effort to confer about the case and discovery, but the calls were unreturned and Defendant never attempted to confer before filing serial motions. See Ex. 1.

On September 25, 2014, Plaintiff filed a motion requesting additional time for Plaintiff to respond to the Discovery Requests, stating, in part, that additional time was necessary for Plaintiff's new counsel to fully and accurately complete objections, written responses and document production. See Entry No. 177.00. The motion remains pending. On September 26, 2014, Plaintiff timely filed and served objections to the Discovery Requests. See Entry Nos. 178.00, 179.00.

On October 3, 2014, Defendant filed a motion for non-suit for failure to comply with discovery. Defendant's motion should be denied.

5

## II.    ARGUMENT

### A.    Plaintiff filed timely objections, which have not been ruled upon.

Defendant's motion should be denied because Plaintiff filed timely objections to Defendant's Discovery Requests and there has been no ruling on the objections. Specifically, Defendant certified that the Discovery Requests were served on July 28, 2014, such that objections and responses were due 30 days later on August 27, 2014. On August 18, 2014, within the initial 30-day time period, Plaintiff filed a timely request to extend for an additional 30 days. See Entry No. 176.00. Because Defendant did not object to the request, it was automatically granted and the initial 30-day time period was extended to 60 days, until September 26, 2014. Plaintiff timely filed and served objections on September 26, 2014, within the initial time period, as extended.

Defendant cites no authority to support his apparent contention that the automatic extension to respond to discovery requests does not apply to objections, and the Practice Book does not state that the automatic extension does not apply to objections. Practice Book §§ 13-7 and 13-10 may be reasonably read as a whole that the automatic extension applies to objections, as well as substantive answers and document production, as objections are a form of a response to interrogatories and requests for production and the evaluation and preparation of substantive answers and document production often dictates the nature and extent of a party's objections. Similarly, Practice Book §§ 13-7 (c) and 13-10 (b) are reasonably read as intended only to clarify that if objections are timely filed to some, but not all, of the interrogatories or production requests, then the responding party must answer the interrogatories and production requests to

6

which it asserted no objection. This interpretation is consistent with this Court's decision in

Reice v. O'Sullivan. See No. CV105013487S, 2011 WL 2150575 (Conn. Super. May 4, 2011)

(J.D. Stamford-Norwalk) (denying motion for non-suit and treating objections as timely filed

even though plaintiff did not request 30-day extension or file objections within 30 days where

objections were filed within period during which plaintiff could have obtained automatic 30-day

extension by request under Practice Book §§ 13-7 (a)(2) and 13-10 (a)(2)), attached in Ex. 2.

Because Plaintiff filed timely objections and the objections and Plaintiff's motion for

additional time have not been ruled upon, the Nonsuit Motion should be denied.

**B.      Nonsuit is not a proper remedy.**

The sanction of dismissal or nonsuit is extraordinary and should only be imposed as a last

resort. See Millbrook Owners Ass'n, Inc. v. Hamilton Standard, 257 Conn. 1, 16-17 (2001);

Martin v. DellaBianca, No. HHBCV040525312S, 2007 WL 3088069, *3 (Conn. Super. Sept. 20,

2007), attached in Ex. 2. In exercising its discretion whether to enter nonsuit, the Court

considers "the policy preference to bring about a trial on the merits of a dispute whenever

possible and to secure for the litigant his day in court." See Martin v. DellaBianca, 2007 WL

3088069 at *1. Defendant has not demonstrated that the sanction of nonsuit is an appropriate

remedy. See id. at *2 (identifying requirements for sanction of nonsuit for alleged discovery

violation).

Plaintiff has not violated any order of this Court. As addressed above, Plaintiff filed

timely objections, which have not been ruled upon, and also moved for additional time to object

and provide substantive answers to interrogatories and document production. Any interest of

Defendant may be remedied by an order that Plaintiff provide its substantive answers to interrogatories and document production within a reasonable period of time. Further, while he has not yet done so, Defendant may seek a ruling on Plaintiff's objections to the Discovery Requests. It would be inequitable and contrary to policy in favor of deciding the merits of a dispute to enter nonsuit under these circumstances.

The decision in Duart v. Dep't of Corr., cited by Defendant, is inapposite. See 303 Conn. 479 (2012) (discussing standard applicable to motion for new trial based on alleged discovery misconduct). This matter has not been assigned for trial. Contrary to Defendant's conclusory allegations, Plaintiff is not refusing to provide answers or documents that are within the permissible scope of discovery. See Entry No. 179.00, Objections (stating that Plaintiff will provide information and documents in response to a number of the Discovery Requests). Plaintiff asserted objections, which have not been ruled upon, and needs a brief period of additional time for its new counsel: (i) to better familiarize itself with the voluminous file for this case, which Defendant characterized as "complex" in his request for a continuance to allow his counsel to familiarize himself with the case; (ii) to compile all documents and information necessary to answer interrogatories and produce documents to the extent reflected in Plaintiff's objections; (iii) to complete written discovery responses; and (iv) to have Plaintiff review, revise if necessary, and then sign the final discovery responses. Plaintiff's ability to finalize its substantive discovery responses has been significantly hampered by Defendant's recent filings. As reflected by the history of this case set forth above, the age of this case is not due to any dilatory practices by Plaintiff. While the parties and court discussed there would be a

substitution of the party-plaintiff at the February 4, 2014 hearing, such action was deferred during the time Defendant advised he was considering Plaintiff's loan modification offer.

Further, Defendant offers no support for his contention that Plaintiff was required to file an affidavit with its motion for a further extension of time to respond to the Discovery Requests. Defendant also provides no support for his allegation that Plaintiff's objections are "inappropriate" and "not even permitted by our rules of practice," and improperly suggests that the obligation to confer rests solely with Plaintiff and its counsel, when it does not. See Practice Book §§ 13-8, 13-10 (providing that objections shall not be placed "on the short calendar list until an affidavit by *either counsel* is filed certifying that bona fide attempts have been made to resolve the differences concerning the subject matter of the objection and that counsel have been unable to reach an accord") (emphasis added).   Defendant has made no effort to resolve the alleged dispute regarding the Plaintiff's objections.

Finally, Defendant does not claim that he has been prejudiced.  While Defendant appears to suggest that discovery is necessary for him to answer the complaint, the Practice Book does not extend the time to answer the complaint to allow for discovery.

For these reasons, non-suit is not a proper remedy.

### III.    CONCLUSION

WHEREFORE, Plaintiff respectfully requests that the Court deny Defendant's motion for

non-suit, Entry No. 181.00.

<div style="margin-left: 40%;">

Plaintiff,

By its attorneys,

/s/ Valerie N. Doble

Marissa I. Delinks, Jury No. 434580
Valerie N. Doble, Juris No. 425760
HINSHAW & CULBERTSON LLP
28 State Street, 24th Floor
Boston, MA 02109
Tel: 617-213-7000 / Fax: 617-213-7001
Email: mdelinks@hinshawlaw.com
        vdoble@hinshawlaw.com

</div>

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing *Objection to Defendant's Motion for Nonsuit* has been sent this 23rd day of October, 2014, to:

| Via first class and electronic mail | Via first class mail |
|---|---|
| Donald M. Brown, Esq. | Thomas La Casse (pro se) |
| Law Offices of Donald M. Brown, Esq. | 100 Cambridge Street |
| 32 Pine Tree Lane | Boston, MA 02114 |
| Avon, CT 06001 | |
| donbrownzd@optonline.net | |

<div style="margin-left: 40%;">

/s/ Valerie N. Doble

Valerie N. Doble, Juris No. 425760

</div>

10

# Ex. 1

DOCKET NO. FST-CV-09-5011591-S          :          **SUPERIOR COURT**

**RESIDENTIAL FUNDING CO., LLC**          :          **J.D. OF STAMFORD/NORWALK**

**v.**          :          **AT STAMFORD**

**THOMAS J. LA CASSE**

## AFFIDAVIT RELATING TO DISCOVERY

I, Valerie N. Doble, hereby depose and state as follows:

1.      I am an attorney with the firm Hinshaw & Culbertson LLP.  I represent the plaintiff in regards to the above-captioned matter.

2.      Predecessor counsel for the plaintiff provided email communications reflecting that the parties engaged in settlement discussions over the course of several months. Specifically, on March 7, 2014, plaintiff's predecessor counsel emailed defendant's counsel a loan modification offer of settlement.  That day, defendant's counsel responded that he would discuss this matter with his client when he returned from vacation.  Having received no response, on April 8 and May 27, 2014, plaintiff's predecessor counsel emailed defendant's counsel, asking if he had an opportunity to review the modification offer with Defendant.  On May 27, 2014, defendant's counsel advised that the defendant was currently reviewing the offer and that he would respond "shortly."    The defendant never responded to the March 7, 2014 loan modification offer.

3.      Sometime between August 19, 2014 and September 24, 2014, I left two voice messages for defendant's counsel in an effort to discuss the case and the defendant's discovery requests.  Defendant's counsel did not return my calls.

4.      On September 24, 2014, I emailed Defendant's counsel, asking if Defendant would consent to a further extension of time for the plaintiff to object and respond to the

defendant's discovery requests.   Defendant did not respond to this request.   That day I also requested that defendant's counsel email the Word version of the defendant's discovery requests as the requests are lengthy and do not leave much room to respond.  I received an email with the Word documents on September 26, 2014.  Attached as Exhibit A is a true and accurate copy of all emails that I have exchanged with defendant's counsel.

5.      The defendant did not attempt to confer regarding the apparent discovery dispute.

**Signed under the pains and penalties of perjury this 23rd day of October, 2014.**

_____

**Valerie N. Doble**

2

# Ex. A



### Re: Residential Funding v. Thomas La Casse - request for consent to extension for discovery responses

Valerie N. Doble  to:  Donald M. Brown                                      09/26/2014 08:54 AM

Thanks.  I'll be in the office most of next week.  We filed a motion for an extension of time yesterday but continue to work on the responses.

Sent from my iPhone

On Sep 26, 2014, at 8:51 AM, "Donald M. Brown" <donbrownzd@optonline.net> wrote:

> Thank you for your email, I have been in court virtually every hour of the work day this week. I will be discussing this matter with my client tomorrow. (As I will be again in court this afternoon).
>
> I will forward a response to you either Saturday or Monday.
>
> Thank You,
>
> Donald M. Brown, Esq.
> 203-359-3771
>
> From: VDoble@hinshawlaw.com
> Sent: Wednesday, September 24, 2014 5:10 PM
> To: donbrownzd@optonline.net
> Subject: Re: Residential Funding v. Thomas La Casse - request for consent to extension for discovery responses
>
> Attorney Brown:
>
> We would also appreciate it if you would forward the Word version of Mr. LaCasse's discovery requests as they are lengthy and do not leave much room to respond.
>
> Thank you.
>
>
> Valerie N. Doble
> Hinshaw & Culbertson LLP
> vdoble@hinshawlaw.com
>
> 28 State Street, 24th Floor
> Boston, MA 02109-5709
> Tel: 617-213-7000 | Fax: 617-213-7001
>
> 321 South Main Street, Suite 304
> Providence, RI 02903
> Tel: 401-751-0842 | Fax: 401-751-0072

From:     Valerie N. Doble/HC34
To:       donbrownzd@optonline.net,
Cc:       Marissa I. Delinks/HC34@HC
Date:     09/24/2014 04:28 PM
Subject:  Residential Funding v. Thomas La Casse - request for consent to extension for discovery responses

Attorney Brown:

As you are aware, our office appeared in this matter in August.  As you likely expect, we intend to
file a motion to substitute the party plaintiff.  We suspect that this is the reason you have not yet
filed a responsive pleading.  We are in the process of obtaining the necessary information and
documents to do this and also to respond Mr. La Casse's discovery requests, but need additional
time.  Rather than simply filing objections, we would prefer to move an extension of time to submit
both objections and responses at the same time.

As such, please advise if Mr. La Casse will consent to an extension of time for the plaintiff's
discovery responses.  We are requesting an additional 45 days to allow sufficient time for the
motion to substitute and to prepare responses on behalf of the proposed substitute plaintiff.  We
need to file the motion by close of business tomorrow.

Please feel free to call me to discuss this request further.  I will be leaving the office shortly for the
day, but will be in all day tomorrow.  My direct dial is 617-213-7035.

Thank you.

Valerie N. Doble
Hinshaw & Culbertson LLP
vdoble@hinshawlaw.com

28 State Street, 24th Floor
Boston, MA 02109-5709
Tel: 617-213-7000 | Fax: 617-213-7001

321 South Main Street, Suite 304
Providence, RI 02903
Tel: 401-751-0842 | Fax: 401-751-0072

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be
governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named
in this message. This communication is intended to be and to remain confidential and may be subject to

applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

<atteej26.jpg><attnf80c.jpg>



**Re: Residential Funding v. Thomas La Casse - request for consent to extension for discovery responses**
Valerie N. Doble  to:  Donald M. Brown                                    09/26/2014 09:20 AM

Thank you.

Sent from my iPhone

On Sep 26, 2014, at 8:56 AM, "Donald M. Brown" <donbrownzd@optonline.net> wrote:

> Here are the word documents.
>
> Thanks,
>
> Donald M. Brown, Esq.
> 203-359-3771
>
> From: VDoble@hinshawlaw.com
> Sent: Wednesday, September 24, 2014 5:10 PM
> To: donbrownzd@optonline.net
> Subject: Re: Residential Funding v. Thomas La Casse - request for consent to extension for discovery responses
>
> Attorney Brown:
>
> We would also appreciate it if you would forward the Word version of Mr. LaCasse's discovery requests as they are lengthy and do not leave much room to respond.
>
> Thank you.
>
>
> Valerie N. Doble
> Hinshaw & Culbertson LLP
> vdoble@hinshawlaw.com
>
> 28 State Street, 24th Floor
> Boston, MA 02109-5709
> Tel: 617-213-7000  |  Fax: 617-213-7001
>
> 321 South Main Street, Suite 304
> Providence, RI 02903
> Tel: 401-751-0842  |  Fax: 401-751-0072
>
>
>
> From:      Valerie N. Doble/HC34
> To:        donbrownzd@optonline.net,

Cc:        Marissa I. Delinks/HC34@HC
Date:      09/24/2014 04:28 PM
Subject:   Residential Funding v. Thomas La Casse - request for consent to extension for discovery responses

Attorney Brown:

As you are aware, our office appeared in this matter in August.  As you likely expect, we intend to file a motion to substitute the party plaintiff.  We suspect that this is the reason you have not yet filed a responsive pleading.  We are in the process of obtaining the necessary information and documents to do this and also to respond Mr. La Casse's discovery requests, but need additional time.  Rather than simply filing objections, we would prefer to move an extension of time to submit both objections and responses at the same time.

As such, please advise if Mr. La Casse will consent to an extension of time for the plaintiff's discovery responses.  We are requesting an additional 45 days to allow sufficient time for the motion to substitute and to prepare responses on behalf of the proposed substitute plaintiff.  We need to file the motion by close of business tomorrow.

Please feel free to call me to discuss this request further.  I will be leaving the office shortly for the day, but will be in all day tomorrow.  My direct dial is 617-213-7035.

Thank you.

Valerie N. Doble
Hinshaw & Culbertson LLP
vdoble@hinshawlaw.com

28 State Street, 24th Floor
Boston, MA 02109-5709
Tel: 617-213-7000 | Fax: 617-213-7001

321 South Main Street, Suite 304
Providence, RI 02903
Tel: 401-751-0842 | Fax: 401-751-0072

Hinshaw & Culbertson LLP is an Illinois registered limited liability partnership that has elected to be governed by the Illinois Uniform Partnership Act (1997).

The contents of this e-mail message and any attachments are intended solely for the addressee(s) named in this message. This communication is intended to be and to remain confidential and may be subject to applicable attorney/client and/or work product privileges. If you are not the intended recipient of this message, or if this message has been addressed to you in error, please immediately alert the sender by reply e-mail and then delete this message and its attachments. Do not deliver, distribute or copy this message and/or any attachments and if you are not the intended recipient, do not disclose the contents or take any action in reliance upon the information contained in this communication or any attachments.

<attn3at6.jpg><att3bow2.jpg>

<discovery - first set of interrogatories.doc>
<discovery - first set of production.doc>

# Ex. 2

2011 WL 2150575
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK
COURT RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of Stamford–Norwalk.

Richard M. REICE
v.
Christine O'SULLIVAN.

No. CV105013487S.    |    May 4, 2011.

## Opinion

ALFRED J. JENNINGS, JR., Judge Trial Referee.

*1 The motion for nonsuit is denied. Defendant claims that plaintiff made ten objections to interrogatories, and six objections to production requests beyond the thirty-day deadlines of Practice Book §§ 13 7 and 13 10. A close examination of the responses, however, indicates that the plaintiff actually answered five of those interrogatories and responded to four of those production requests "notwithstanding the foregoing objection." There are several factors which militate against a nonsuit for the alleged late filing of the objections. First, the case was in the very first weeks of its existence and defendant has waited approximately six months before raising this issue. Second, the objections, certified as served on October 11, 2010 were beyond the thirty-day limit from the serving of the interrogatories and production requests on August 26, 2010, but the serving of those interrogatories and production requests on that date was also in violation of the Practice Book Rules. P.B. §§ 13 6(a) and 13 9(b) permit the service of interrogatories and production requests "upon any party without leave of the judicial authority at any time after the return day."The return day of this action was September 7, 2010. There was disregard of the rules of practice by both

parties. Third, even if measured from August 26, 2010, the objections were served well within the period during which the plaintiff would have been able to obtain an automatic thirty-day extension by request under P.B. §§ 13 7(a)(2) and/or 13–10(a)(2). For all these reasons and because the defendant has not indicated any prejudice by the lateness of the objections, the court exercises its discretion under § 1 8 of the Practice Book to excuse the late filing of the objections in keeping with the well-established precepts that "The court's discretion should be exercised mindful of the policy preference to bring about a trial on the merits of a dispute whenever possible and to secure for the litigant his day in court ... The sanction of dismissal should be imposed only as a last resort and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the Court."*Millbrook Owners' Association, Inc. v. Hamilton Standard,* 257 Conn. 1, 14 17 (2001).

Defendant also asks for a nonsuit on the ground that the notary public who took the acknowledgment of plaintiff Richard Reice on his answers to interrogatories failed to fill in the blank for the day in October of 2010 that the acknowledgment was taken. This claim borders on being frivolous. The answers were clearly "under oath" as required by P.B. § 13 7(a). The exact date of the acknowledgment does not impact the thirty-day deadline which is closed as of the "date of certification of service" [of the answers] (§ 13 7(b)) which in this case was October 11, 2010. The failure to fill in the blank for the day was clearly a "no harm—no foul" situation.

For these reasons the court treats the objections as properly filed and they remain outstanding. The plaintiff and counsel for the defendant shall meet and confer "in a bona attempt to resolve the objections" as required by the rules, and an appropriate affidavit shall be filed if either party wishes to claim the objections to the short calendar.

*2 SO ORDERED.

    2014 Thomson Reuters. No claim to original U.S. Government Works.

Martin v. DellaBianca, Not Reported in A.2d (2007)

2007 WL 3088069

2007 WL 3088069
Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK
COURT RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of New Britain.

Lawrence MARTIN et al.

v.

Kevin DELLABIANCA et al.

No. HHBCV040525312S.   |   Sept. 20, 2007.

**Attorneys and Law Firms**

Gary J.C. Woodfield, New Britain, for Lawrence Martin,
Robin Daigle and Carmichael Reid.

Mathis David J. Law Office, Hartford, for Kevin DellaBianca.

Feldman & Hickey LLC, Farmington, CT, for Jeff Louis
Associates LLC and Forest Glen Condominium Association
Inc.

**Opinion**

ROBERT B. SHAPIRO, Judge of the Superior Court.

*\*1* This matter is before the court concerning the defendants'
Jeff Lewis Associates, LLC and Forest Glen Condominium
Association, Inc.'s (the movants) motion for order, which was
filed on August 24, 2007, in which they seek judgments of
nonsuit against the plaintiffs, Robin Daigle-Reid, Lawrence
Martin, and Carmichael Reid. As to Daigle-Reid, the movants
contend that she failed to comply with this court's previous
discovery compliance order, dated July 16, 2007 (# 115). As
to Lawrence and Reid, the movants seek the entry of non-suits
as a result of their failures to appear for their duly noticed
depositions.

The motion for order appeared on the short calendar for
September 10, 2007 as a non-arguable motion. Jury selection
is scheduled in this case for October 17, 2007. Pursuant
the court's standing discovery and deposition dispute order
(revised September 18, 2006, see *Connecticut Law Journal*,
November 7, 2006, pages 1D-2D), since the motion for
order is directed to discovery and deposition issues, and
was filed within six months of the trial date, it was referred
to the presiding judge (Pittman, J.), who assigned it to

the undersigned, as her designee, for hearing. The Clerk's
Office notified counsel by telephone that the motion for order
would be heard as a write-in matter at the short calendar for
September 17, 2007.

At the short calendar on September 17, 2007, counsel for
defendant Kevin Dellabianca and counsel for the movants
were both present. On the record, they confirmed that they
each had received telephone calls from the Clerk's Office
advising them that the motion for order would be heard on
that date. Since counsel for the plaintiffs was not present,
the court passed the matter and requested counsel for the
movants to call counsel for the plaintiffs to ascertain whether
he planned to appear before the court to oppose the motion for
order. After the matter was recalled, counsel for the movants
reported that she had called plaintiffs' counsel, that she was
not able to reach him, and that she had left him a message
advising him that the motion would be heard. Plaintiffs'
counsel failed to appear to oppose the motion for order. In
addition, no papers were filed in opposition to the motion for
order. At oral argument, counsel for Dellabianca stated that
he joined with the movants in seeking the entry of non-suits
against the plaintiffs.

Practice Book § 13-14(a) provides, in relevant part, "If any
party has failed to ... respond to requests for production ... or
has failed to appear and testify at a deposition duly noticed
pursuant to this chapter, or has failed otherwise substantially
to comply with any other discovery order made pursuant to
Sections 13-6 through 13-11, the judicial authority may, on
motion, make such order as the ends of justice require."Such
order may include the entry of a nonsuit against the party
failing to comply. See Practice Book § 13-14(b)(1).

"[A] court may, either under its inherent power to impose
sanctions in order to compel observance of its rules and
orders, or under the provisions of § 13-14, impose sanctions,
including the sanction of dismissal."*Millbrook Owners
Association, Inc. v. Hamilton Standard*, 257 Conn. 1, 14,
776 A.2d 1115 (2001)."[T]he court's discretion should be
exercised mindful of the policy preference to bring about
a trial on the merits of a dispute whenever possible and to
secure for the litigant his day in court ... The design of the
rules of practice is both to facilitate business and to advance
justice; they will be interpreted liberally in any case where
it shall be manifest that a strict adherence to them will work
surprise or injustice ... Rules are a means to justice, and
not an end in themselves ... Our practice does not favor
the termination of proceedings without a determination of

the merits of the controversy where that can be brought about with due regard to necessary rules of procedure ... Therefore, although dismissal of an action is not an abuse of discretion where a party shows a deliberate, contumacious or unwarranted disregard for the court's authority; *Fox v. First Bank*, 198 Conn. 34, 39, 501 A.2d 747 (1985); see also *Pavlinko v. Yale-New Haven Hospital*, [192 Conn. 138, 145, 470 A.2d 246 (1984) ] (dismissal proper where party's disobedience intentional, sufficient need for information sought is shown, and disobedient party not inclined to change position); the court should be reluctant to employ the sanction of dismissal except as a last resort ... [T]he sanction of dismissal should be imposed only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court."(Citations omitted; internal quotation marks omitted.) *Millbrook Owners' Association, Inc. v. Hamilton Standard, supra*, 257 Conn. at 16-17.

**\*2** "In order for a trial court's order of sanctions for violation of a discovery order to withstand scrutiny, three requirements must be met. First, the order to be complied with must be reasonably clear. In this connection, however, we also state that even an order that does not meet this standard may form the basis of a sanction if the record establishes that, notwithstanding the lack of such clarity, the party sanctioned in fact understood the trial court's intended meaning. Second, the record must establish that the order was in fact violated ... Third, the sanction imposed must be proportional to the violation."(Internal quotation marks omitted.) *Wexler v. DeMaio*, 280 Conn. 168, 179, 905 A.2d 1196 (2006).

### I

The court first addresses the movants' contentions as to Daigle-Reid's alleged failure to comply with the court's previous discovery compliance order. In their amended complaint (# 105), the plaintiffs allege that on November 22, 2001, they suffered a fire at a residential condominium unit where they resided, located at 410 Emmett Street in Bristol, Connecticut, which forced them to vacate the premises. They allege that defendant Jeff Louis Associates, LLC managed the condominium and that defendant Forest Glen Condominium Association, Inc. (Association) was the condominium's association. They further allege that Dellabianca, a general contractor and builder, was hired to complete repairs which were necessary as a result of the fire.

The plaintiffs claim their personal property was discarded, missing and/or destroyed without their permission. They also allege that the unit's ceiling was damaged. They also claim that they incurred expense and installed items in the unit at an upgrade. They further allege that the Association was paid insurance proceeds to which the plaintiffs are entitled, but which the Association refuses to pay to them. They also contend that a punch list of repair items has not been completed by Dellabianca. The plaintiffs also claim that, due to the lack of completion of the punch list items, they were forced to expend additional monies for housing and maintenance, for a period in excess of three months.

In their previous motion for order (# 115), which was filed on June 21, 2007, the movants requested the court to order Daigle-Reid to produce documents which had been listed in the notice of continuation of the plaintiff's deposition and other documents which had been identified at her May 2006 deposition, and which she agreed to produce. No papers in opposition to the previous motion for order were filed. The court's July 16, 2007 order stated, "Absent objection, compliance by August 6, 2007 is ordered. If compliance does not occur by that date, the movant may apprise the court by motion and sanctions will be considered. See P.B. § 13-14."

Thereafter, the parties entered into an agreed scheduling order on July 27, 2007, which was signed by the court (Shaughnessy, J.T.R.) (scheduling order). Therein, it was agreed by the parties and ordered by the court that written discovery requests and responses were to be completed by August 6, 2007; and depositions of fact witnesses were to be completed by August 31, 2007. The October 17, 2007 jury selection date was also selected at that time. That order states, "Failure to comply with this order shall result in the entry of sanctions, including but not limited to the entry of nonsuit or default."

**\*3** Movants' counsel then sent a letter to plaintiff's counsel, dated August 6, 2007, in which she reminded him that the court had ordered production of documents, which were again specified in her letter. See Exhibit A, marked at the September 17, 2007 oral argument. [1] In her letter, she advised plaintiffs' counsel that if the documents were not received within the week, she would file a motion seeking sanctions.

Daigle-Reid subsequently provided documents by having them dropped off at movants' counsel's office on August 13, 2007, without a cover letter or notice of compliance indicating

Martin v. DellaBianca, Not Reported in A.2d (2007)
2007 WL 3088069

what they represent. Copies thereof are attached to the motion for order.

In the present motion for order, the movants again state that they have not received almost all of the documents as to which the court previously ordered production by Daigle-Reid. They acknowledge receiving what they characterize as a "morass of receipts" in response to their request for receipts, inventories, and written lists for items lost, stolen or replaced. See motion for order, p. 4.

In considering the factors set forth in *Wexler v. DeMaio, supra,* 280 Conn. at 179, the court finds that its discovery compliance order (# 115) is clear.

As to the second factor, whether the order was in fact violated, the court has reviewed the documents produced by Daigle-Reid on August 13, 2006. Although the movants assert that she has not produced documents pertaining to the purchase and sale of another residence (Stafford Avenue sale, see pages 161-62 of Daigle-Reid's May 18, 2006 deposition, attached to the motion for order), as to which she claims she lost her deposit, there is a document which was produced concerning a residence at 187 Stafford Avenue, dated February 21, 2002, which discusses a deposit of $7,500.00. Also, a copy of a check in that amount was produced as well.

Although the movants claim that no photographs were produced concerning any item of damage or work done, the documents produced include a photograph of what appears to be a chandelier. From review of other produced documents, it appears that there are none pertaining to the purchase and sale of the condominium involved in the claimed fire loss. See pages 161-62 of Daigle-Reid's May 18, 2006 deposition. In addition, she has not produced copies of documents which were marked as Exhibits 10, 10A, and 10B at her deposition, which were identified as correspondence to or from any defendants or insurance companies involved in the fire. See page 126 of Daigle-Reid's May 18, 2006 deposition. As discussed above, she has produced many receipts, although it is not clear how they relate to her claims.

Thus, the court finds that there was partial, although somewhat late, compliance with the court's July 16, 2007 order and with the scheduling order's requirement that documentary discovery was to be completed by August 6, 2007.

Third, in considering what sanction is warranted, the court is mindful that the Supreme Court has stated that a nonsuit or dismissal is to be ordered as a sanction only as a last resort, and where it would be the only reasonable remedy available to vindicate the legitimate interests of the other party and the court. See *Millbrook Owners' Association, Inc. v. Hamilton Standard, supra,* 257 Conn. at 16-17. At trial, the movants may move in limine to preclude the plaintiff from introducing matters in evidence relating to documents which Daigle-Reid has failed to produce. See Practice Book §§ 15-3; 13-14(a) (4). The movants' presentation has not shown how they are prejudiced in preparing their defenses by not having copies of Exhibits 10, 10A, and 10B from her deposition. Presumably, these documents were reviewed and were the subject of inquiry at the time she testified. Also, the movants are free, at trial, to use her deposition testimony and limited document production on cross-examination as bases for challenging her credibility. Under these circumstances, in the exercise of its discretion, the court concludes that, as to Daigle-Reid, a nonsuit, which was the only relief requested by the movants, is not warranted.

**II**

**\*4** The record before the court shows that the depositions of Martin and Reid, were duly noticed on August 2, 2007 and scheduled to occur on August 21, 2007. See Exhibit E to motion for order (notices of depositions). Copies of certified mail receipts are included, as is a copy of a "green card," signed by the plaintiffs' attorney, and stamped as received on August 3, 2007.

In the motion for order, the movants' attorney states that her paralegal called the plaintiff's attorney's office on August 20, 2007 to confirm that the depositions would be held, and left a message on his answering machine. On August 21, 2007, movants' counsel and Dellabianca's counsel appeared for the depositions; a court reporter was in attendance as well. The motion also states that neither deponent nor the plaintiffs' counsel appeared for the depositions, nor was any attempt made to contact movants' counsel or her firm. On August 21, 2007, movants' counsel attempted to, but could not reach plaintiffs' counsel by phone, and again left messages on his answering machine. Nothing was heard from plaintiffs' counsel. As stated above, no papers in opposition to the motion for order were filed.

Martin v. DellaBianca, Not Reported in A.2d (2007)
2007 WL 3088069

Thus, neither Martin nor Reid ever sought to advise the movants that they were unable to appear on the date for which their depositions were noticed, nor did they suggest another date. As noted above, their counsel did not appear at short calendar to oppose the entry of non-suits against them. Based on the record, including the statements of movants' counsel and Dellabianca's counsel at the September 17, 2007 oral argument, the court finds that plaintiffs Martin and Reid wilfully failed to appear for their duly noticed depositions.

The movants have timely sought non-suits against Martin and Reid, by filing their motion for order on August 24, 2007, well in advance of October 17, 2007, the date scheduled for jury selection. The motion for order was not presented "on the eve of trial." *U.B. Vehicle Leasing, Inc. v. Davis,* 90 Conn.App. 206, 211, 876 A.2d 1222 (2005). The movants did not "delay in moving for sanctions." *Associated Investment Co. Limited Partnership v. Williams Associates IV,* 230 Conn. 148, 164, 645 A.2d 505 (1994).

"Our rules of practice provide guidelines to facilitate the discovery of information relevant to a pending suit. The primary purpose of a deposition taken pursuant to these provisions is discovery."*Sanderson v. Steve Snyder Enterprises, Inc.,* 196 Conn. 134, 139, 491 A.2d 389 (1985). As the Supreme Court recently reiterated, the "rules of discovery are designed to make a trial less a game of

blindman's buff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent."(Internal quotation marks omitted.) *Wexler v. DeMaio, supra,* 280 Conn. at 188-89.

The plaintiffs' claims here for personal losses may depend on their credibility. Since Martin and Reid wilfully failed to appear for their depositions, which were noticed in advance of trial and in compliance with the scheduling order, and since it would be unfair for the movants (and Dellabianca, who joins in the motion for order) to learn what Martin's and Reid's claims are and to have to evaluate them as witnesses in person for the first time at trial, non-suits as to them are warranted. In the exercise of the court's discretion, the motion for order is granted as to Martin and Reid.

### CONCLUSION

**\*5** For the foregoing reasons, the motion for order is granted in part and denied in part. The motion for the entry of a nonsuit against plaintiff Robin Daigle-Reid is denied. The motion for the entry of non-suits against plaintiffs Lawrence Martin and Carmichael Reid is granted.

It is so ordered.

Footnotes

1    Also, counsel for Dellabianca presented copies of letters he sent to plaintiffs' counsel, dated December 1, 2006 and February 12, 2007, detailing documentation which Daigle-Reid testified at her deposition that she had, but which were not produced. See Exhibits B and C, marked at September 17, 2007 oral argument.

        © 2014 Thomson Reuters. No claim to original U.S. Government Works.