## Exhibit 1

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

### ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S SEVENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)

Upon the seventy-sixth omnibus objection to claims (the "<u>Objection</u>")[1] of the

ResCap Borrower Claims Trust (the "<u>Trust</u>"), established pursuant to the terms of the confirmed

Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors with

regard to Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title

11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of

Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus

objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and

expunging the No Liability Borrower Claims, all as more fully described in the Objection; and it

appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157

and 1334; and consideration of the Objection and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided,

and it appearing that no other or further notice need be provided; upon consideration of the

Objection and the *Declaration of Kathy Priore in Support of the ResCap Borrower Claims*

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

*Trust's Seventy-Sixth Omnibus Objection to Claims (No Liability Borrower Claims)* annexed thereto as Exhibit 2, and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower Claims Trust's Seventy-Sixth Omnibus Objection to Claims (No Liability Borrower Claims)*, annexed thereto as Exhibit 3; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto (collectively, the "No Liability Borrower Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Borrower Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

ny-1160980

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures

Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order,

and the Trust's and any party in interest's right to object on any basis are expressly reserved with

respect to any such claim not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No

Liability Borrower Claims identified on Exhibit A annexed hereto, as if each such No Liability

Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated: _____, 2015
       New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1160980

## Exhibit A

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 4106 | Lucas and Lisa Griego<br><br>$659,554<br><br>GMAC Mortgage, LLC<br><br>1929 7th Street<br>Las Vegas, NV  87701 | Loan Modification Issues |  Debtor Homecomings Financial, LLC originated the loan on July 12, 2006.  Debtor Residential Funding Company, LLC purchased the loan from Homecomings and transferred its interest when the loan was securitized on or about December 1, 2006 where Deutsche Bank Trust Company Americas was appointed as Trustee. Debtor Homecomings Financial serviced the loan from July 12, 2006 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors have no liability for allegations of wrongful denial of loan modification and general mishandling of the loss mitigation process because in every instance that Claimants applied for modification, Claimants either failed to provide the required information to be considered for modification or Claimants did not meet the criteria required for modification.<br><br>Claimants assert that they first applied for a loan modification in April 23, 2009. Debtors found no record of Claimants submitting an application on or about this time. Claimants assert that Debtors advised Claimants to miss their October 2009 payment in order to be considered for modification. Debtors have no liability for this assertion because there is no record that Debtors ever told Claimants to miss a payment. In the instances where Claimants applied for modification and were denied on the basis of the property being non-owner occupied, Debtors have no liability because Claimants failed to show that the property was owner-occupied, and applicable guidelines require that the property be owner-occupied. In the instances where Debtor denied modification on the basis of insufficient income, Debtors have no liability because Debtors' denials were in accordance | 12-14 |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
|  |  |  | with applicable guidelines, as discussed herein.<br><br>Below is a timeline of the loss mitigation and foreclosure related events involved with Claimants' account:<br>Debtors spoke with Claimants via phone on October 5, 2009.  Debtors advised Claimants of the modification options available to help with delinquency on their loan. Claimants were advised that they could obtain a workout package application from the Debtors' website. Debtors mailed a workout package to Claimants on October 20, 2009.  Claimants advised Debtors to mail the workout package to 726 Grand Ave, Las Vegas, NM 87701, which was not the property address related to Claimants' loan. Debtors received a workout package on November 3, 2009. A forbearance plan was setup on the account and a letter with forbearance plan details was mailed to Claimants. Claimants spoke with Debtors via phone on December 15, 2009. Debtors advised Claimants that the forbearance plan payment due December 13, 2009 had not been received.  Claimants advised Debtors that the payment was mailed on December 10, 2009.  Debtors denied HAMP Modification on December 17, 2009 due to the property being non-owner occupied. Debtors continued review for traditional modification options.<br><br>Claimants spoke with Debtors via phone on December 18, 2009. Debtors advised Claimants of HAMP modification denial due to property being non-owner occupied. Claimants stated the property is owner occupied and not a rental property. In conjunction with review for traditional modification options, Debtors mailed missing items letter to Claimant on December 21, 2009 requesting a lease agreement for the rental property Claimants listed on their financial package. Debtors received additional financial |  |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | information from Claimants on January 11, 2010. Debtors re-reviewed for a HAMP modification due to receipt of the new financial information and denied a HAMP Modification on January 12, 2010 due to the property being non-owner occupied. Debtors continued to review for traditional loan modification options.<br><br>Claimants spoke with Debtors via phone on January 13, 2010. Debtors advised Claimants of the denial due to the property being non-owner occupied. Claimants advised Debtors again that they live in the property and do not agree with the denial. Debtors reviewed a profit and loss statement submitted by Claimants on January 14, 2010. Debtors determined that self-employment income reflects that the Claimant had no excess income (the Claimant had more expenses than income) and therefore a traditional modification cannot be completed due to insufficient income. Claimants spoke with Debtors on January 19, 2010 via phone. Debtors advised Claimants that a modification was not able to be completed as self-employment income reflects a negative surplus. Claimants spoke with Debtors via phone on January 21, 2010. Debtors advised of traditional modification denial due to negative surplus and denied for HAMP due to the property being non-owner occupied. Although Debtor denied Claimants HAMP modification only on the basis of non-owner occupancy, it is noteworthy that Claimants were also ineligible for HAMP for the same reason Claimants were ineligible for a traditional modification: because Claimants had a negative surplus. On January 22, 2010, Claimants spoke with Debtors via phone and Debtors advised that proof of occupancy has not been received.  Claimants spoke with Debtors via phone on February 22, 2010. Debtors advised Claimants that the HAMP modification was denied due to the property being non-owner occupied. | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Debtors received a new workout package from Claimants on March 10, 2010. On March 18, 2010 Debtors mailed a letter to Claimants requesting missing items. Debtors referred the account to foreclosure on March 23, 2010. Debtors received additional information for workout package on March 26, 2010. On April 8 and May 11, 2010, Debtors spoke with Claimants over the phone and advised Claimants of the missing information needed to complete the workout package. Debtors received additional information for a workout package on May 13, 2010. Debtors mailed a missing items letters to Claimants on June 1 and July 6, 2010. Debtors advised Claimants over the phone on July 13, 2010 of the missing documents needed for a modification review. Debtors closed out the loan modification review on July 23, 2010 due to Claimants not sending in the missing documents.<br><br>Claimants spoke with Debtors via phone on September 24, 2010. Debtors advised that the modification request has closed out due to the Debtors not receiving the missing documents and that Claimants will need to submit a new package if they would like a modification review. Debtors mailed a workout package to Claimants on September 27, 2010. Claimants spoke with Debtors via phone on October 13, 2010. Claimants advised that the workout package was not received. Debtors advised Claimants that the workout package was mailed September 27, 2010 and informed Claimants how to access the workout package online. Claimants spoke with Debtors via phone on October 19, 2010. Debtors advised that they need a new workout package in order to consider Claimants for a modification. Claimants stated again that they has not received a new one to fill out. Debtors advised that they will have new one mailed. Debtors mailed a workout package via overnight mail on October 20, 2010; tracking number 794032106650. Claimants spoke | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | with Debtors via phone on November 3, 2010. Claimants advised that they need a new workout package.  Debtors mailed a workout package to Claimants on November 4, 2010.<br><br>A HOPE letter was mailed to Claimants on November 8, 2010. Ben Candler from HOPE attempted to contact Claimants to set up a phone meeting to discuss the available workout options. Claimants spoke with Debtors via phone on November 16, 2010. Claimants stated that they received a workout package and are waiting for Ben from HOPE to call them back and discuss. Claimants met with Ben Candler from HOPE on November 18, 2010. Claimants informed the HOPE rep that Claimant lives in the property but their mailing address is different. Claimants did not have all the paperwork available at the time of the meeting but Claimants said they will complete the paperwork and send to Debtors for review.<br><br>Debtors received a new workout package for review on December 1, 2010.  Debtors mailed a missing items letter to Claimants on December 6, 2010 as documents were needed to complete the workout package. Debtors received some additional documents needed for modification review on December 14, 2010 and December 31, 2010. Debtors mailed Claimants a missing items letter on January 7, 2011 as there were still documents needed to complete workout package. Debtors closed out the loan modification review on January 25, 2011 due to Claimants not sending in the necessary documents.   Debtors attempted to contact Claimants regarding the denial on January 24, February 7, February 14, and February 21, 2011 with no answer.  Messages were left for Claimants to call back. Claimants spoke with Debtors via phone on April 1, 2011. Debtors advised Claimants that the prior modification review closed due to not receiving the required missing documents. | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address Claim Amount Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Claimants spoke with Debtors via phone on May 5, 2011. Claimants spoke with Debtors via phone on May 27, 2011. Debtors referred Claimant to website to obtain workout package. Claimants spoke with Debtors via phone on July 25, 2011. Debtors advised Claimants that they need a workout package for modification review. Debtors mailed a new workout package to Claimants on July 26, 2011.<br><br>On December 7, 2011 the foreclosure case was dismissed without prejudice due to Debtors' lack of prosecution.  Debtors referred the account to foreclosure on February 22, 2012.<br><br>Claimants spoke with Debtors via phone on June 5, 2012. Claimants stated they wanted to complete a short sale on the account. Debtors advised Claimants of the information and documents needed for short sale review. Claimants spoke with Debtors via phone on June 7, 2012. Claimant advised they are trying for short sale but are still interested in a modification.  Debtors advised that Claimants need to complete a workout package for modification review. Debtors mailed a workout package to Claimant on June 8, 2012. Debtors attempted to contact Claimants on June 11, 15, 18, 20, 21, 27, 29, July 3, 5, 10, and 16, 2012 with no answer or returned call from Claimants.  Claimants spoke with Debtors via phone on July 17, 2012 and Claimants stated that they were already actively speaking to someone with GMACM about options. However, Debtors showed no records of any such conversations. Between August 2012 and February 2013, Debtors continued to attempt to contact Claimants to discuss the account, however, Claimants did not answer or return these calls or allow the account to be discussed. The loan was transferred to Ocwen for servicing on February 16, 2013. | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address Claim Amount Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 1083 | Maria M. & Elda Thompson $658,336 GMAC Mortgage, LLC 137 Ellery Avenue Newark, NJ 07106-3501 Maria M. Thompson & Elda M. Thompson 29 General Lane Wilingboro, NJ  08046 | General Servicing Issues, Wrongful Foreclosure, Interest Rate and Fees Collected, Origination Issues | The Loan originated with Ameriquest Mortgage Company on June 25, 2005. The loan was securitized where U.S. Bank National Association was named as Trustee for Citigroup Mortgage Loan Trust Inc. series 2005-9.  GMAC Mortgage LLC serviced the loan from October 20, 2005 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Claimants assert as a basis for their claim in box 2 of the proof of claim form "Breach of Contract". Debtor mailed a letter requesting additional information and documentation in support of Claimants' claim on June 21, 2013. Claimants responded by letter on September 26, 2013 asserting i) Debtors lack standing with respect to Claimants' loan by virtue of an improper assignment and an "illegal" mortgage, which Claimants attached as exhibit F to the letter response, ii) GMACM sent borrower a copy of the wrong note, iii) Debtors violated NJ state law with respect to the origination of the loan and foreclosure steps taken with respect to the loan, iv) Debtors were charging an interest rate that was different than what is stated on the monthly mortgage statement, v) Debtors pursued "illegal" foreclosure despite the fact that the loan was paid-in-full on August 16, 2005, and vi) wrongful foreclosure. Claimants' allegation that the mortgage attached (as exhibit f) to the proof of claim is an "illegal" document due to the stamp showing on the document is not a valid basis for invalidating the mortgage and Claimants have not demonstrated how the stamp renders the document illegal. The stamp appears to be an "office-use" stamp related to the processing or handling of the mortgage in connection with a foreclosure filed in 2007. | 7-8, 8-9, 9-10, 10-11 |

<u>Exhibit A</u> - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Claimants have not demonstrated how they were damaged or somehow relied to their detriment on a copy of the wrong note.  Debtors' records show that on January 14, 2011 Debtors inadvertently sent Claimant a copy of a note that had no relation to Claimants or Claimants' property (the "Unrelated Note").  The note was sent in response to a letter received by the Debtors on January 7, 2011.  The loan number associated with the Unrelated Note was different than Claimants' loan number.<br><br>With respect to Claimants' assertions that Debtors violated NJ law, Claimants makes two allegations: (a) Debtor charged Claimant fees that were not permitted by the NJ Licensed Lender Act, N.J.S.A. 17:11C-1 et seq. (now, the Residential Mortgage Lending Act, N.J.S.A. 17:11C-51 et seq.) (the "LLA"); and (b) that Debtors violated a provision in the "Save New Jersey Homes Act of 2008," by failing to provide the borrower with a six-month period of forbearance before proceeding with foreclosure. With regard to the first of these allegations, the Claimants allege Debtor impermissibly charged her for third party fees that were shown on the HUD-1 as being paid to Lender rather than to the third party. Debtors have no liability for this assertion because Debtors were not involved in the origination of the loan in any way and the allegations do not carry assignee liability to Debtor as servicer.  Additionally, the LLA does not provide consumers with a private right of action.<br><br>With regard to the second allegation, Claimants assert that by virtue of their "high risk loan" Claimants were entitled to, but failed to receive, a six-month period of forbearance before Debtor proceeded with foreclosure. Debtors have no liability because i) the law has been inoperative since July 2, 2011 and therefore the Claimants could not assert a | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | cause of action under it in their proof of claim and ii) the foreclosure action at issue commenced in 2007, and the law at issue did not become effective until July 2009.<br><br>Debtors are not liable for Claimants' allegation that Debtors were charging an incorrect interest rate because at all times Debtors correctly charged, collected and applied payments in accordance with the terms of the mortgage note and the ARM Adjustable rate letters sent to Claimants. Debtors confirmed that the ARM Adjustable rate letters mailed to Claimants on December 24, 2009, June 23, 2010, December 24, 2010, June 23, 2011, December 26, 2011, June 26, 2012, December 24, 2012 reflected the correct terms per the note.<br><br>Debtors are not liable for Claimants' allegation that Debtors pursued "illegal" foreclosure despite the fact that the loan was paid-in-full on August 16, 2005. At no time did Debtors pursue foreclosure against Claimants on a loan that was paid in full.  Claimants' loan with Chase Mortgage was paid off from the proceeds of the refinancing provided by AMC Mortgage and Debtors serviced the AMC loan, which was not paid in full.<br><br>Debtors have no liability for Claimants' allegation that Debtors refused to accept payments sent by Claimants between August 2005 and September 2011 because i) Debtors' payment history records reflect that payments Debtors received during this time period were correctly applied to the account, and ii) Debtors did not service the loan for the entire period alleged. The loan was originated with AMC Mortgage on July 5, 2005 and servicing was transferred to Debtors for servicing on October 20, 2005.  Debtors' servicing records show that the account fell behind on October 16, 2006 when Claimants sent a | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | payment by check with insufficient funds. The November 7, 2006 payment was also returned for insufficient funds.  On January 16, 2007, a third payment was returned for insufficient funds. Debtors added a restriction to the account requiring certified funds payments because it is company policy to add such a restriction once three payments have been returned for insufficient funds. Claimants brought the account current March 9, 2007, however, Claimants did not make a payment in April or May 2007 causing the account to fall delinquent.  Debtors' records verify that Debtors setup a repayment plan in August 2007 to bring the account current and Claimants completed payments due on this plan. Claimants kept the account current until the November 1, 2010 payment was missed.<br><br>Debtors have no liability for wrongful foreclosure because in every instance Debtors acted in accordance with the terms of the note and mortgage and its standard business practices. In every instance in which Debtors conducted foreclosure steps, Claimants were significantly past due and had not made arrangements to bring the account current. Additionally, the Borrower Trust found no instances of Debtors acting inappropriately with respect to loss mitigation efforts.  Debtors referred the account to foreclosure on July 10, 2007 because the account owed for March through July 2007 payments. In support of Debtors' objection to wrongful foreclosure claims, and any possible allegations involving wrongful handling of loss mitigation efforts, Debtors' records show the following chronology:<br><br>Debtors began servicing Claimants' account on October 20, 2005. Debtors received a payment in amount of $1227.78 from Claimants on October 16, November 7, and | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | December 12, 2006 and January 16, 2007; however, Debtors received notification from Claimants' bank that there were insufficient funds to complete the payment, so Debtors reversed the payments off the account.<br><br>On March 9, 2007, Debtors returned a payment of $1300 to Claimants because Claimants sent the payment via bill pay account and the account was restricted to certified funds due to Claimants having three nonsufficient fund payment returns on account. Debtors mailed Claimants a Breach letter on June 5, 2007. Debtors returned a payment to Claimants in the amount of $1227.78 on June 21,2007 because Claimants only submitted one of three payments due on account and this was not within Debtors' payment guidelines, as Debtors' payment guidelines at this time required a minimum of half the total amount due for payment to be accepted. Debtors received a payment in amount of $1288.78 from Claimants on February 22, 2007; however Debtors received notification from Claimants' bank that there were insufficient funds to complete the payment, so Debtors' reversed the payment off the account on June 27, 2007. Debtors referred the account to Foreclosure on July 10, 2007 as the account was owed for March through July 2007 payments. Debtors received a payment from Claimant on July 16, 2007 in the amount of $1227.78; however the payment was returned to Claimant due to it only being one of five payments due on the account and account was in active foreclosure which required Claimant to pay total amount due, including foreclosure fees, for payments to be accepted. Debtors received a payment from Claimant on August 15 and September 14, 2007 in the amount of $1227.78, however payment was returned to Claimants because the account was in active foreclosure. | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Debtors received workout information from Claimants on September 21, 2007. Debtors determined Claimants qualified for a 12 month repayment plan with a $4000 down payment and payment of $2215 due on the 30th of each month starting in September 2007 and ending September 2008. Debtors received signed agreement from Claimants for the 12 month repayment plan on October 30, 2007. Claimants brought the account current through the repayment plan.<br><br>On November 25, 2008, Debtors spoke with Maria Thompson, a borrower on the account, via phone. Maria wanted to know why the interest rate had increased from 5.75% to 6%. Debtors advised her that the loan is an adjustable rate mortgage.  Maria stated she would like a fixed rate mortgage and the Debtors advised her of the Direct Lending Department to discuss options.  During this call, Maria also stated that she had not received a monthly account statement.  Debtors advised December payment due on account and verified the correct mailing address is on account.  Debtors then advised her that a monthly account statement was mailed on November 4, 2008 and faxed a copy to Maria.<br><br>Debtors received a workout package on January 5, 2010. On January 7, 2010, Debtors denied a HAMP modification due to the fact that there was no verifiable income. Debtors mailed a denial letter to Claimants. Debtors attempted to contact Claimants via phone on January 11, 2010 to advise them of the HAMP denial, however there was no answer. Debtors received a payment in the amount of $1227.78 from Claimants on January 7, 2010; however, Debtors received notification from Claimant's bank that the payment was nonsufficient funds and payment was reversed off the account on January 20, 2010. Debtors spoke with Maria Thompson via phone on May 5, 2010. Maria asked why her | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | credit bureaus show reported a late payment.  Debtors advised her that they received the January payment 35 days after the due date. Maria wanted the credit report amended but Debtors advised it will not amend because it believes the information is accurate.  Debtors advised Maria that if she insists the information reported is wrong she can dispute the credit report with the credit bureau. Debtors received a letter from Maria, borrower 1, disputing how payments posted on May 14, 2010.  Debtors responded by providing Maria with the payment history, a copy of the 12 month repayment plan agreement from 2007 and advised the Claimants that credit reporting had to continue as account was still delinquent and there was no agreement to amend the credit report.<br><br>Debtors received a workout package from Claimants on September 10, 2010. Debtors denied the loan for a HAMP modification on October 6, 2010 because the financial package they received included information showing that the property is non-owner occupied. A denial letter was mailed to Claimants on October 7, 2010.<br><br>Debtors received information from Newark City Tax Department on September 24, 2010. Claimants were behind on paying the 3rd and 4th installments for their 2009 property taxes and the 1st and 2nd installments for 2010.  Debtors paid the delinquent taxes and added an escrow to the account.  The escrow account had been added as part of the loan modification process, as escrows were required on all new modifications that were set up. Debtors spoke with Maria Thompson via phone on October 2, 2010. Maria questioned Debtors why the escrow account was added to account.  Debtors advised that the escrow account was added as part of the loan modification process. Debtors mailed Claimants a letter on October 12, 2010 informing Claimants that the escrow account has been | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address Claim Amount Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | removed from the account because the previous loan modification had been denied. However, there was a shortage that needed to be paid from delinquent taxes and that was spread over a 12 month period for Claimants to pay back. Debtors mailed Claimants a copy of the mortgage deed on December 2, 2010 to show Claimants that escrow can be added to protect the property. Debtors spoke with Maria Thompson via phone on December 3, 2010. Maria disputed the escrow account being added to the account as taxes and insurance were already paid and stated that she feels the foreclosure completed on the account was illegal. Maria stated money is being held illegally and she received an escrow letter stating the escrow account would be waived. Debtors spoke with Maria Thompson again on December 6, 2010. Maria stated she does not have to pay the negative escrow balance on account.  Debtors advised that the account will not be escrowed in the future but that she still needs to pay the shortage. Maria began disputing the foreclosure that was started in 2007. Debtors advised her that it will review the account. Debtors emailed Claimants on December 7, 2010. Debtors advised Claimants in an email that Debtors paid delinquent taxes on September 24, 2010 for taxes due for 3rd and 4th installments due in 2009 and 1st, 2nd, and 3rd installments due in 2010.  Once the escrow balance is brought to zero the escrow account will be removed.<br><br>Claimants spoke with Debtors via phone on December 11, 2010. Claimants asked for an update on the foreclosure dispute.  Debtors advised that it needed more time for review. Claimants stated that they are also disputing the escrow on the account.  Debtors advised that the escrow account is not illegal and that Claimants need to pay the negative escrow balance to close out the escrow account. Claimants spoke with Debtors via phone on December 30, 2010. Claimants were disputing escrow payments due on the account. | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Debtors advised the Claimants that the mortgage deed allows the escrow account to be added if necessary and advised it will mail Claimants a copy of the mortgage deed. Debtors mailed a copy of mortgage deed to Claimants on January 5, 2011. Debtors spoke with Maria Thompson via phone on January 25, 2011. Claimant stated that the payments made to Debtors September through November 2007 were not posted to the account but show that they cleared at the bank.  Debtors advised her to send in the bank statements and it will validate with the Debtors' records.<br><br>Debtors received a QWR request from Claimants on April 19, 2011.  Debtors replied to the QWR on May 9, 2011.  Debtors provided copies of the mortgage note, HUD, mortgage deed, payment history and advised of assignment information.<br><br>Debtors referred the account to foreclosure on July 7, 2011 because the account owed April through July 2011 payments. Debtors return a payment of $1227.78 received on July 11, 2011 as this was not enough to bring the account current. Claimants spoke with Debtors via phone on July 15, 2011 and asked why the payment was returned.  Debtors advised that the account was in active foreclosure.<br><br>Claimants spoke with Debtors via phone on July 16, 2011. Claimants stated that someone from Debtors came to the property to do an inspection and she considers this harassment. Debtors explained purpose of property inspections (to ensue property is occupied and being maintained). Debtors mailed a copy of the mortgage note per Claimants' request on July 19, 2011. Debtors returned a payment of $1227.78 received on July 21, 2011 as this was not enough to bring the account current. Debtors received a letter from Claimants with copies of tax payments made and asking for a response to be | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | sent to an attorney. Debtors mailed the attorney prior responses to the Claimants as well as the state complaint response and explained that these issues have been addressed and will not continue to be addressed any further. Debtors advised that the tax receipts sent by Claimants reflect taxes paid in 2007 and 2008 but Debtors paid at last half of 2009 and the first 3 installments of 2010 taxes.<br><br>Debtors returned payments of $1227.78 received on August 5, August 11, August 17, September 6, September 12, September 15, September 21, September 23, September 27, September 28, October 3, October 6, October 10, October 13, October 17, 2011 as this was not enough to bring the account current.<br><br>Claimants' authorized third party, Alex Ramos, spoke with Debtors via phone April 20, 2012. Alex asked if account is under review for loan modification, Debtors advised that it was not and that the account is in active foreclosure. Alex advised the Claimants would like to consider a modification for the account. Debtors advised they will need to complete a workout package for review. Debtors mailed workout package to Claimants on April 24, 2012 but a completed workout package was never received. Loan was transferred to Ocwen Loan Servicing on February 16, 2013. | |
| 4312 | Deborah C. Maxwell<br><br>$542,500<br><br>GMAC Mortgage, LLC<br><br>22822 Fossil Peak | Origination issues | Debtor Homecomings Financial, LLC originated the loan on October 26, 2006. Debtor Residential Funding Company, LLC purchased the loan from Homecomings and transferred its interest when the loan was securitized on or about December 1, 2006 where Deutsche Bank Trust Company Americas was appointed as Trustee. Homecomings serviced the loan from origination until servicing transferred to GMAC Mortgage, LLC on July 1, 2009; GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC | 8 |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | San Antonio, TX 78261 | | on February 16, 2013.<br><br>Claimant attaches to her proof of claim litigation filed against Debtors and others in the District Court, 224th Judicial District, Bexar County, TX, Case No. 2010-C1-14491, filed on August 27, 2010.  The complaint lists one cause of action for rescission under the Truth in Lending Act.  A Motion to Dismiss was granted to all parties dismissing the case without prejudice on August 21, 2014 because the Claimant failed to provide discovery and pay the required escrow payments to the court.  The Claimant did not appeal.<br><br>Debtors have no liability for Claimant's origination-based allegations for damages. Debtors' records show that Claimant signed, acknowledging receipt of the proper disclosures related to the loan closing, including: the final HUD statement (showing closing charges associated with the loan), the Notice of Right to Cancel, and additionally a waiver of her right to rescind.<br><br>The Truth in Lending Act ("TILA"), 15 USC 1635(f) provides that certain borrowers may exercise their right to rescind for up to 3 years after consummation.  15 U.S.C 1640(e) permits an action for damages to be brought within 1 year of the date of occurrence of the violation.  In this case, the loan originated in 2006 and the complaint wasn't filed until 2010, therefore any claim for damages is time-barred.<br><br>In addition, Debtor GMAC Mortgage was only a servicer of the loan and therefore cannot be liable under TILA (15 U.S.C 1602(g). | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | As stated above, Debtor Homecomings transferred its beneficial interest in the loan shortly after origination.  Therefore, a claim for actual rescission of the loan would be belong to the current owner of the loan, Deutsche Bank, and not Debtor. | |
| 4378 | Deborah C. Maxwell<br><br>$542,500<br><br>Homecomings Financial, LLC<br><br>22822 Fossil Peak<br>San Antonio, TX 78261 | Origination issues | Debtor Homecomings Financial, LLC originated the loan on October 26, 2006.  Debtor Residential Funding Company, LLC purchased the loan from Homecomings and transferred its interest when the loan was securitized on or about December 1, 2006 where Deutsche Bank Trust Company Americas was appointed as Trustee.  Homecomings serviced the loan from origination until servicing transferred to GMAC Mortgage, LLC on July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant attaches to her proof of claim litigation filed against Debtors and others in the District Court, 224th Judicial District, Bexar County, TX, Case No. 2010-C1-14491, filed on August 27, 2010.  The complaint lists one cause of action for rescission under the Truth in Lending Act.  A Motion to Dismiss was granted to all parties dismissing the case without prejudice on August 21, 2014.<br><br>Debtors have no liability for Claimant's origination-based allegations for damages. Debtors' records show that Claimant signed, acknowledging receipt of the proper disclosures related to the loan closing, including: the final HUD statement (showing closing charges associated with the loan), the Notice of Right to Cancel, and additionally a waiver of her right to rescind. | 8 |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address / Claim Amount / Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | The Truth in Lending Act ("TILA"), 15 USC 1635(f) provides that certain borrowers may exercise their right to rescind for up to 3 years after consummation. 15 U.S.C 1640(e) permits an action for damages to be brought within 1 year of the date of occurrence of the violation. In this case, the loan originated in 2006 and the complaint wasn't filed until 2010, therefore any claim for damages is time-barred.<br><br>In addition, Debtor GMAC Mortgage was only a servicer of the loan and therefore cannot be liable under TILA (15 U.S.C 1602(g).<br><br>As stated above, Debtor Homecomings transferred its beneficial interest in the loan shortly after origination. Therefore, a claim for actual rescission of the loan would be belong to the current owner of the loan, Deutsche Bank, and not Debtor. | |
| 2055 | MICHAEL KARMAZYN AND KRISTIN<br><br>$389,000<br><br>GMAC Mortgage, LLC<br><br>Karmazyn and Co. Inc. 5262 S. Malta Way Centennial, CO 80015-6013 | General No Liability, Wrongful Foreclosure, General Servicing Issues, Loan Modification Issues | Equifirst Corporation originated the loan on August 5, 2005. Debtor Residential Funding Company, LLC purchased the loan from Equifirst and transferred its interest when the loan was securitized on or about October 26, 2005 where US Bank, NA was appointed as Trustee. Debtor Homecomings Financial serviced the loan from October 1, 2005 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until the October 7, 2009 foreclosure sale.<br><br>Claimant asserts "Wrongful Foreclosure by GMAC, determined by Independent Foreclosure Review" as basis for claim in box 2 of the proof of claim form. Additionally, Claimant attached a letter to the proof of claim alleging i) a person informed Claimant on August 1, 2009 that they had bought the property at auction. When Claimant contacted | 6-7, 7-8, 8-9, 12-14 |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Debtors, Debtors told Claimant that Claimant had not made a payment for "fees for the modified loan"; ii) Debtor misapplied or wrongfully "reversed" payments Claimant had made and never told Claimant why, iii) Debtor did not properly provide notice of the foreclosure sale because Debtor did not publish the foreclosure sale in the newspaper. On June 21, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim. Claimant replied by letter on July 23, 2013 alleging a person informed Claimant on July 28, 2009 that he bought the property at auction, that Claimant contacted Debtors via phone on August 1, 2009 and was told by Debtors that "a terrible mistake was made and we were paid in full and we did not have to move", and on "August 4, 2009 sheriff kick us out."<br><br>Debtors have no liability for any conclusions determined by the Independent Foreclosure Review because the Independent Foreclosure Review is a non-Debtor related program that does not have the authority or ability to impute liability to Debtors for the benefit of a Claimant in connection with the Debtors' chapter 11 case.<br><br>Debtors found no evidence validating the events that allegedly occurred or the statements Debtors' allegedly made regarding Claimant's account on or about August 1, 2009. Claimant alleges they were evicted by a sheriff in connection with a foreclosure sale on August 4, 2009. Debtors have no records indicating that a foreclosure sale took place prior to August 4, 2009 or that Claimant was evicted on or about August 4, 2009. Debtors' records show a foreclosure sale occurred on October 7, 2009, two-months after the alleged eviction, and do not show that there was ever an eviction action against Claimant. Debtors have no records or evidence indicating Debtor told Claimant their account was | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | "paid in full" or that Debtors had made a "terrible mistake". Debtors also confirmed that Claimant's account was not paid in full and that Debtors had not made a mistake in the handling of Claimant's account during the period at issue.<br><br>Debtors have no liability for allegations of wrongful foreclosure because in every instance in the foreclosure process Debtors acted in accordance with Debtors' standard policies and procedures, applicable foreclosure law, and the terms of the Claimant's note, mortgage, and loss mitigation-related agreements. Claimant was significantly past due on their account and had not satisfied requirements to bring Claimant's account current. Specifically, a foreclosure sale was completed because Claimant failed to make the entire payment due on a repayment plan entered into on September 24, 2009. At the time of the foreclosure sale, the account was owing for November 2008 through October 2009 payments.<br><br>Debtors have no liability for allegations of misapplied payments because Debtors confirmed that Debtors handled all payments received from Claimant appropriately. Debtors confirmed that in every instance Claimant submitted an incorrect amount or used the wrong payment method, Debtors did not apply the funds and either returned the funds to Claimant or did not cash the underlying checks.<br><br>In support of Debtors' abovementioned bases for objection, Debtors' records show the following chronology of events:<br><br>Debtors approved the account for a traditional modification on January 15, 2009. The | |

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | modification required a contribution of $1,979.14 in certified funds due on January 25, 2009. The modification reduced the interest rate from 9.10% to 4.85% and added $12,407.30 (for the interest and escrow that had accrued since the Claimant's last payment) to the principal balance in order to bring the account current. Debtors mailed the traditional modification documents to Claimant on January 21, 2009. Debtors received modification documents from Claimant on January 30, 2009 with a personal check for $2,000; however, Claimant did not send in the contribution amount via certified funds and funds were not able to be accepted.  As a result, the modification was terminated. The Debtors never cashed this check. Debtors received a payment from Claimant via personal check in amount on $4,000 on March 11, 2009. Debtors returned the payment to Claimant as the account required payments in certified funds.  The Debtors mailed a letter to Claimant informing him of the payment being returned and why it was returned.<br><br>Debtors approved the account for a traditional three month trial plan on March 20, 2009. The plan required a contribution payment of $4,000 and a monthly contribution of $2,035. Debtors received a signed traditional trial plan agreement from Claimant on March 26, 2009. Debtors received a payment from Claimant via personal check in the amount of $2,000 on April 21, 2009. Debtors returned the payment to Claimant as the account required certified funds and mailed a letter to Claimant informing him of the payment being returned and why it was returned.  Claimant spoke with Debtors via phone on May 4, 2009. Claimant wanted to know why the payment was returned.  Debtors advised that the account requires payment to be made via certified funds. Claimant said that he will make a payment that day. Debtors cancelled the trial plan and denied modification review on May 14, 2009 due to Claimant not making a payment due on the | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | trial plan.<br><br>Debtors received a payment in the amount of $2,000 on June 2, 2009 via Western Union Quick Collect #5614783653, however, the amount was less than the amount required to bring the account current so Debtors returned the $2,000.  Debtors received workout packages from Claimant on June 10, June 15, and July 29, 2009. Claimant spoke with Debtors via phone on July 29, 2009 and Debtors set up a 5-month foreclosure repayment plan with monthly payments of $1,528.92. The plan was set up to allow Claimant time to submit the missing documents needed for modification review.  Debtors cancelled the foreclosure repayment plan on September 15, 2009 due to Claimant not making the contribution payment. Debtors mailed a letter to Claimant on September 17, 2009 informing him of the repayment plan being cancelled. Funds were received and returned September 23, 2009, check #6365504983, in the amount of $1,530.00 due to the plan no longer being active on the account when the funds came in and the funds not being enough to reinstate the account.<br><br>A new foreclosure plan was sent to the claimant on September 24, 2009 and the claimant was informed on September 24, 2009 that a payment of $1,530 was needed to be received by October 5, 2009 followed by three more payments of $1,244.65 due on the 5th of November, December and January.  The foreclosure repayment plan was cancelled October 7, 2009 due to not receiving the full payment due as the Claimant only sent in $1,244.65, check #6365505039, which was returned to Claimant October 7, 2009.  The property went to foreclosure sale October 7, 2009.  At the time of the foreclosure sale, there was an unpaid principal balance of $285,480.45 and the account was owing for | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | November 2008 through October 2009 payments. | |
| 3819 | Patti Ann Tetherow<br><br>$340,257<br><br>GMAC Mortgage, LLC<br><br>2020 NE 59th Court Fort Lauderdale, FL 33308 | General No Liability, Wrongful Foreclosure, General Servicing Issues, Loan Modification Issues | Bergin Financial, Inc. originated the loan on September 14, 2006. Debtor Residential Funding Company, LLC purchased the loan from Bergin Financial and transferred its interest when the loan was securitized on or about November 1, 2006 where Deutsche Bank Trust Company Americas was appointed as Trustee.  Debtor Homecomings Financial serviced the loan from September 29, 2006 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant asserts "Mortgage Loan/Note" as the basis for her claim in box 2 of the proof of claim form. Claimant attached a timeline of events involving Claimant's account and efforts to obtain a loan modification, as well as other documents sent to and received from Debtors. On June 21, 2013 Debtors sent Claimant a letter requesting additional information in support of Claimant's claim. Claimant responded by letter on July 22, 2013, stating "My loan has been sold/transferred four times. I have applied for a loan modification numerous times (copies sent). During the transferring of my loan, this property has been subject to a Sheriff's Sale (4) times - copies included. This has affected my rental property/listed in the paper also comes up on the internet when address is searched. I have been given every excuse for denial of a modification, which I believe has been wrong."<br><br>Debtors have no liability arising from Claimant's statement "My loan has been sold/transferred four times" because the statement is incorrect, and the transfers of | 6-7, 7-8, 8-9, 12-14 |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | servicing and loan ownership that did occur were proper and lawful. Furthermore, Claimant has failed to demonstrate how she was damaged by this assertion. Debtors' copy of the note shows proper endorsements from Bergin Financial, Inc. to Residential Funding Company, LLC, and then to Deutsche Bank Trust Company, as Trustee. Debtor Homecomings Financial serviced the loan on behalf of the respective investor from September 29, 2006 until July 2009 when all loans serviced by Homecomings transferred to GMAC Mortgage LLC. GMAC Mortgage LLC continued with servicing until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors have no liability for allegations of wrongful denial of a loan modification because Debtors did in fact modify Claimant's loan in late 2008; however, Claimant failed to make the required payments under the agreement. Thereafter, in every instance Claimant was denied for modification, Claimant either did not meet the applicable investor/traditional or HAMP guidelines for a modification, or Claimant failed to provide the requisite information in order to be considered for a modification.<br><br>Debtors have no liability for wrongful foreclosure because in every instance Debtors acted in accordance with Debtors' standard policies and procedures and the terms of the Claimant's note, mortgage, and other related agreements, and Claimant was significantly past due on her account and had not made arrangements to bring Claimant's account current. At the time the servicing of Claimant's loan was transferred to Ocwen in 2013, the account was owing for November 1, 2008 payment.<br><br>In support of Debtors' bases for objection with respect to wrongful denial of loan | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | modification and wrongful foreclosure claims, Debtors' records show the following chronology of events:<br><br>Claimant spoke with Debtors via phone on August 17, 2007.  Claimant requested a deferment of payment, Debtors informed Claimant a deferment is not an option on the loan. Claimant spoke with Debtors via phone again on October 18, 2007 and advised the Debtors she had a loss in income and would like to be considered for a modification. Debtors took verbal financial information from Claimant and determined Claimant had a more expenses than income so a modification was not possible under the investor guidelines. Debtors advised her of the option to list the property for a sale and also advised her that it will mail a workout package so Claimant can submit information if Claimant's situation changes. Debtors mailed Claimant an Options to Avoid Foreclosure letter to Claimant on November 14, 2007.<br><br>Claimant spoke with Debtors via phone on November 19, 2007 and Claimant stated she did not receive a workout package that was mailed.  Debtors advised her that it can fax a workout package to her but the line disconnected before a fax number could be received and Claimant did not answer when Debtors attempted to call her back.  Debtors mailed a Breach letter to Claimant on December 4, 2007.<br><br>Debtors mailed a Loss Mitigation Foreclosure Referral letter to Claimant on January 4, 2008. Debtors mailed a Breach letter to Claimant on January 4, 2008.<br><br>Debtors received a workout package for traditional loan modification review on February | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | 1, 2008.<br>Claimant spoke with Debtors via phone on February 7, 2008. Debtors reviewed the financial information received in workout package and advised Claimant that the financials received reflect claimant is over extended and that the Debtors cannot approve the account for a loan modification. Debtors advised Claimant that it she needs to consider selling property. Debtors referred account to foreclosure on February 18, 2008.<br><br>Claimant spoke with Debtors via phone on June 12, 2008. Debtors advised her that it will refer the loan for traditional loan modification review. Debtors set up a traditional trial plan for Claimant for a $1,000 payment on June 23, 2008 and payments of $2300 due July 23, 2008. Debtors mailed repayment plan to Claimant. The Debtors received June and July payments under the trial plan from the Claimant and received the signed trial plan documents on July 8, 2008.<br><br>Claimant spoke with Debtors via phone on July 24, 2008. Debtors advised Claimant that it received her payment July 22, 2008. Debtors advised Claimant that if a permanent modification is not approved by August 23, 2008, then she should make another payment of $2,300.<br><br>Debtors approved the account for a traditional permanent modification on September 3, 2008 effective with the October 1, 2008 payment. Debtors mailed the traditional permanent modification documents to Claimant on September 16, 2008. Documents were due back to Debtors by September 24, 2008. Debtors received signed modification documents from Claimant on November 24, 2008. The foreclosure referral on the | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address Claim Amount Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | account was closed out on November 24, 2008 as the account had an executed loan modification. Debtors received notification of Claimant filing Chapter 7 bankruptcy on November 20, 2008.  Bankruptcy was dismissed on March 17, 2009.  Claimant did not reaffirm debt after bankruptcy was dismissed. Claimant spoke with Debtors via phone on January 8, 2009.  Claimant wanted a modification to assist with lowering monthly mortgage payments. Debtors advised Claimant that it would need bankruptcy attorney information on file before a loan modification can be discussed.   Debtors also advised Claimant that a motion for relief was filed and if it was approved collection activity would resume.  Debtors obtained Claimant's bankruptcy attorney information after the phone call was completed. Debtors received notification of Claimant filing Chapter 13 bankruptcy on March 18, 2009. Debtors mailed Breach letter to Claimant on July 17, 2009 as the account owed for November 1, 2008 through July 1, 2009 payments.  Claimant spoke with Debtors via phone on July 20, 2009. Claimant wanted to know if a repayment plan could be setup on the account. Debtors advised Claimant that they would need to get a judgment from the court stating Claimant is no longer in bankruptcy.  Claimant spoke with Debtors via phone on July 22, 2009. Claimant wanted to know about loan modification.  Debtors advised Claimant that they will be able to consider modification once bankruptcy has ended on the account. Debtors qualified the Claimants for a traditional permanent modification on July 28, 2009. | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | The loan was interest only with a lower interest rate. A contribution payment of $2,013.47 was due on August 7, 2009. Debtors mailed permanent modification documents on August 3, 2009, but received notification from attorney on September 23, 2009 that the Claimant would not be executing the loan modification offered. The attorney notified the Debtors that the claimant was not paying the Trustee and the bankruptcy case will likely be dismissed.  Claimant's Chapter 13 Bankruptcy was dismissed on September 24, 2009.<br><br>Claimant spoke with Debtors via phone on October 7, 2009. Claimant stated she would like to keep the property. Debtors mailed a workout package to Claimant on October 30, 2009. On December 9, 2009, Debtors closed out the approved loan modification from July 28, 2009 as Claimant did not return the permanent loan modification documents. Debtors referred the account to foreclosure on December 14, 2009. The account owed for November 1, 2008 through December 1, 2009 payments.<br><br>Debtors received a workout package from Claimant on January 28, 2010. Debtors mailed a 10-day missing items letter to Claimant on February 4, 2010 as the workout package received was not complete. Debtors received additional documents for the workout package on March 5, 2010.<br><br>Debtors denied the loan for a HAMP Modification on March 19, 2010 because Claimant's workout package did not support a loan modification within HAMP program guidelines due to insufficient income. Debtors continued to review the account for a traditional modification. Debtors denied the loan for a traditional loan modification on March 23, 2010.  This was because Debtors were unable to reach an affordable payment of $1,045.00 based on Claimant's income of $2750 and property value of $271,792, even | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | when reducing the interest rate and unpaid principal balance within program guidelines. Debtors mailed a denial letter to Claimant.  Claimant spoke with Debtors via phone on April 21, 2010. Claimant wanted to reapply for a loan modification because she said her income increased. Debtors received workout package from Claimant on June 4, 2010 and additional documents for loan modification review on June 14, 2010. Debtors mailed Claimant a 15 day missing items letter on July 19, 2010. Debtors received additional documents for the workout package on July 20, 2010; however, Debtors did not receive all of the items needed. Debtors closed out the loan modification review on August 5, 2010 as Claimant had not sent in all documents needed for the loan modification review. Claimant spoke with Debtors via phone on August 27, 2010 and Debtors advised Claimant that the loan was no longer under review for a loan modification as Debtors did not receive all of the documents needed for review. Debtors advised Claimant that she needs to mail in a new workout package.<br><br>Debtors received workout package from Claimant on September 25, 2010. Debtors denied loan for HAMP Modification on November 17, 2010 because the workout package reflected a lack of income to support a loan modification. Debtors mailed a denial letter to Claimant. Debtors continued to review the account for a traditional modification but denied the loan for traditional loan modification on November 24, 2010.  The denial occurred due to Claimant having insufficient income to support a loan modification. Debtors mailed a denial letter to Claimant.<br><br>Claimant spoke with Debtors via phone on December 3, 2010. Debtors advised Claimant of the HAMP and traditional modification denials and advised Claimant to consider selling | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | the property.  Claimant stated that she will be reapplying for a  loan modification. Debtors mailed a new workout package to Claimant on December 6, 2010.<br><br>Debtors received a new workout package from Claimant on March 1, 2011. Debtors denied the loan for a HAMP Modification on March 10, 2011 because the workout package received reflected a lack of income to support a loan modification. Debtors mailed a denial letter to Claimant. Debtors continued to review account for traditional modification but denied the loan for traditional loan modification on March 16, 2011.  The denial occurred due to Claimant having insufficient income to support a loan modification. Debtors mailed a denial letter to Claimant.<br><br>Debtors received new workout package from Claimant on November 15, 2011. Debtors mailed Claimant 30-day missing items letter on November 22, 2011. Debtors received additional documents for modification review on December 19, 2011 and February 14, 2012. However, the information received did not complete the workout package, as the profit and loss statement that was submitted was not completed correctly, and the loan modification review was closed on February 17, 2012 due to Debtors not receiving documents needed for modification review to continue.<br><br>Claimant spoke with Debtors via phone on February 20, 2012. Debtors advised her of the modification denial due to the Profit and Loss statement not being completed correctly. Debtors mailed a new workout package to Claimant on February 21 and February 24, 2012 and received a new workout package from Claimant on March 5, 2012. Debtors mailed 30-day missing items letter to Claimant on March 14, 2012. Claimant spoke with | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Debtors via phone on March 21, 2012. Claimant advised the Debtors that the last missing items letter was blank, and Debtors advised it will mail missing a item letter with the necessary information on it.  Debtors advised Claimant of the missing information needed on the account. Claimant advised Debtors that three tenants pay rent via check and one tenant pays rent in cash and all rental income is deposited at one time. Debtors received additional documents for workout package on March 28, 2012. Debtors denied loan for HAMP Modification on May 8, 2012 because workout package received reflected a lack of income to support a loan modification. Debtors continued to review the account for a traditional loan modification. Claimant spoke with Debtors via phone on May 9, 2012 and Debtors advised Claimant of the HAMP denial and that account still under review for possible traditional modification.  Claimant spoke with Debtors via phone on May 14, 2012. Debtors advised her of the denial and reviewed the profit and loss statement with Clamant.  Claimant stated the income on the statement was not correct because Claimant had included personal expenses.  Debtors advised Claimant to submit a corrected profit and loss statement for modification review so the correct income would be used.<br><br>Debtors denied account for traditional modification options due to a negative NPV (net present value) of $25,933.15. Debtors mailed a denial letter to Claimant. Claimant spoke with Debtors via phone on May 29, 2012. Debtors advised Claimant of the modification denial.  Claimant did not submit an updated profit and loss statement.  Debtors advised the Claimant it will need a new workout package to be considered for a loan modification. Debtors received workout package from Claimant on May 30, 2012.<br><br>Claimant spoke with Debtors via phone on June 4, 2012. Claimant called in for update on | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | the modification review. Debtors advised that it received a 4 page fax from Claimant on May 29, 2012, but the package was not complete and a workout package was mailed to Claimant so all documents needed could be completed and sent. Until all documents were received, the loan could not be reviewed for a loan modification.<br><br>Claimant spoke with Debtors via phone on June 11, 2012. Debtors reviewed income on file and verified that Claimant agreed it was the correct amount. Debtors denied the loan for a HAMP Modification on June 13, 2012 due to an inability to reduce payment low enough to meet the guidelines. Debtors noted that the account may be eligible for the HAMP Tier 2 program set to begin in July 2012.<br><br>Claimant spoke with Debtors via phone on June 15, 2012. Debtors advised Claimant of the HAMP denial due to an inability to reduce the payment low enough. Debtors advised Claimant that HAMP guidelines were in the process of changing and that it will hold the account in loan modification review to review when new guidelines come out.<br><br>Debtors reviewed account for HAMP Tier 2 modification and loan was denied on July 13, 2012 due to the debt to income ratio that would be achieved with the modification being outside of the guidelines. Debtors continued to review the account for traditional modification options. Claimant spoke with Debtors via phone on July 16, 2012.  Debtors advised Claimant of the HAMP modification denial but that the account was still under review for a traditional modification. Claimant spoke with Debtors via phone on July 19, 2012.  Debtors advised Claimant that the Debtors had submitted a request to postpone the foreclosure sale. Debtors denied the account for a traditional modification on July 23, | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | 2012 due to the Claimant having insufficient income to support a loan modification. Claimant spoke with Debtors via phone on July 23, 2012. Foreclosure attorney verified foreclosure sale date will be moved to a new date.  Debtors advised Claimant of the loan modification denial and also advised Claimant that she was able to consider a short sale of property.<br><br>Debtors received notice on October 8, 2012 of Claimant filing Chapter 7 Bankruptcy in the Southern District of Indiana Bankruptcy Court, case number 1-271518 on October 5, 2012. Debtors were granted relief from the bankruptcy on December 11, 2012.  Claimant's bankruptcy was dismissed on January 8, 2013.  Claimant did not reaffirm the debt. Servicing of the account was transferred to Ocwen Loan Servicing on February 16, 2013. | |
| 3711 | Paul Ciaramitaro<br><br>$295,957<br><br>GMAC Mortgage, LLC<br><br>2407 Davis Lane Antioch, CA 94509<br><br>527 Texas Street Antioch, CA 94509 | Standing Issues, Wrongful Foreclosure, General No Liability | Debtors records show Claimant had three loans that involved Debtors. Two of the loans, a 1st mortgage and a 2nd mortgage, were secured by one property in Antioch, CA (respectively, the "Antioch 1st Loan" and the "Antioch 2nd Loan"). Claimant's third loan was a 1st mortgage secured by a property in Brentwood, CA (the "Brentwood Loan").<br><br>The Antioch 1st Loan was originated by GMAC Mortgage Corporation on October 19, 2002. Debtor transferred its ownership interest in the loan to Fannie Mae on or about February 4, 2004. Debtor GMAC Mortgage serviced the loan from origination until servicing transferred to GreenTree Servicing on February 1, 2013.<br><br>The Antioch 2nd Loan was originated by GMAC Mortgage Corporation on October 19, 2002. GMAC Mortgage Corporation transferred its ownership interest in the loan to Specialized Loan servicing on or about September 27, 2006. Debtor GMAC Mortgage | 6-7, 8-9, 10 |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | serviced the loan from origination until servicing transferred to Specialized Loan Servicing on October 1, 2009.<br><br>The Brentwood Loan was originated by GMAC Mortgage Corporation on October 24, 2003. GMAC Mortgage Corporation transferred its ownership interest in the loan to Fannie Mae on or about February 4, 2004. Debtor GMAC Mortgage serviced the loan from origination until servicing transferred to GreenTree Servicing on February 1, 2013.<br><br>Claimant states "mortgages" as basis for claim in box 2 of the proof of claim form. In an attachment to the proof of claim, Claimant asserts that Debtor "does not have sufficient proof of its claimed interest in my home and may be using forged documents to support is foreclosure claim".  Claimant also attached a document with a handwritten note that alleges the Brentwood Loan was "given to SLS (Specialized Loan Servicing LLC) from GMAC without my permission." A letter requesting additional information in support of Claimant's claim was mailed to Claimant by Debtors on June 21, 2013, however, Claimant failed to respond.<br><br>Debtors have no liability for the lack-of-standing claims asserted by Claimant because for each loan that Debtor serviced for Claimant, Debtors' records show the mortgage, note endorsements and underlying agreements with the respective investors for whom Debtors serviced the loans all give proper standing to Debtors to service the loan. With respect to the Antioch 1st Loan, Antioch 2nd Loan and Brentwood Loan , i) the mortgages correctly show GMAC Mortgage Corporation as the lender and MERS as a nominee for Lender and Lender's successors and assigns and as beneficiary under the security | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | instrument, and ii) the notes correctly show GMAC Mortgage Corp as the lender. Debtors have no liability for the allegation that Debtor transferred the Antioch 2nd Loan to Specialized Loan Servicing, LLC without Claimant's permission because Paragraph 11 of the Antioch 2nd Loan states that "GMAC may transfer its rights and duties at any time, without notice". Nevertheless, Debtors' records show Debtor sent Claimant a notice dated September 16, 2009 stating that servicing was to be transferred to Specialized Loan Servicing effective October 1, 2009.<br><br>If it is Claimant's contention that GMAC Mortgage Corporation did not properly transfer or assign its rights under the notes and mortgages to GMAC Mortgage LLC, Debtors have no liability. GMAC Mortgage Corporation did not transfer, sell or assign any interest in the loans to GMAC Mortgage LLC. GMAC Mortgage Corporation converted from a corporation to an LLC by merger on October 24, 2006. The merger or name change did not constitute an event requiring notice to Claimant under RESPA, TILA or any statute because there was no transfer, sale or assignment of Claimant's loan in connection with the merger.<br><br>Claimant seems to indicate that its claim is related to "its (Debtors) foreclosure claim", however, Debtors records show none of Claimant's three loans was ever referred to foreclosure while Debtor serviced the loans. At the time servicing was transferred for each of the three loans, the loans were current. | |
| 3728 | Kenneth C. Thomas<br><br>$291,472 | Loan Modification Issues, General | United Home Loans Inc. originated the loan on March 28, 2008. Non-Debtor GMAC Bank purchased the loan from United.  Debtor GMAC Mortgage purchased the loan from GMAC Bank and transferred its interest to Fannie Mae on or about May 23, 2008. Debtor GMAC | 7-8, 12-14 |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | GMAC Mortgage, LLC<br><br>Gerald D. Chambers<br>1464 S. Michigan Ave.<br>Unit 1705<br>Chicago, IL 60605 | Servicing Issues | Mortgage LLC serviced the loan from March 28, 2008 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant asserts "Mortgage" as basis for claim in box 2 of the proof of claim form. Claimant attached a copy of the mortgage to the proof of claim, but provided no other documentation or explanation of the basis for claim.  On May 20, 2013, Debtors sent Claimant a letter requesting additional information and documentation in support of the claim. Claimant responded by email on June 20, 2013 stating, "The reason we believe we are owed and/or entitled to relief is that GMAC through its alliance with ResCap and Ally Bank engaged in fraudulent and improper activity leading to its bankruptcy. On several occasions in the last 2-3 years, we have attempted to obtain a loan modification from GMAC and were denied each and every time. My loan was in the process of foreclosure; however, I was never properly served by GMAC's law firm. In the Proof of Claim information your office sent -- you stated that "those in the process of foreclosure should do nothing". GMAC and the other entities that make up ResCap, along with its representatives, would have continued the practices except for the fact that it caused them to declared bankruptcy. My loan has been modified and reinstated since the purchase of the GMAC loan from Ocwen."<br><br>Debtors have no liability for allegations of wrongful denial of loan modification or any mishandling of loss mitigation efforts because in every instance, Debtors considered Claimant for loss mitigation options, Debtors acted in accordance with Debtors standard business practices, applicable loan modification guidelines, and the terms of the mortgage and note. Additionally, Debtors have no liability because Claimant has failed to | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | demonstrate how they were damaged by this assertion, particularly in the light of two facts: i) Debtors approved Claimant for a trial modification plan on or about November 20, 2012, twelve days after Claimant filed the proof of claim, and ii) upon successful completion of the trial modification plan provided by Debtors, Ocwen provided Claimant with a permanent loan modification on April 17, 2013. Prior to approving Claimant for a trial loan modification in November 2012, Debtors' records show Debtors explored several alternatives to foreclosure with Claimant. Debtors' records show that Debtor set up several repayment plans for Claimant; however, those plans were cancelled due to Claimant's bank having insufficient funds for the checks Claimant submitted to Debtors. Debtors' records also show Debtors sent several HAMP and HOPE solicitation letters and work out packages from 2011 to 2012, without response from Claimant. Debtors ultimately approved Claimant for a trial modification plan on May 14, 2012, but that plan was properly cancelled/denied on July 10, 2012 because Claimant failed to send in the first required payment.<br><br>Debtors have no liability for Claimant's assertion that they were not properly served by GMAC's law firm while in process of foreclosure. Debtors' records show that Debtors satisfied all noticing requirements in accordance with applicable law. Among other relevant records, Debtors possess several copies of notices provided to Claimant, as well as copies of affidavits of service and affidavits to allow service by publication filed with the court. Notwithstanding Debtors properly served or noticed Claimant of foreclosure-related filings, Debtors have no liability because Claimant has failed to demonstrate how they were damaged. Debtors' records show that upon Claimant obtaining a loan | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | modification, the related foreclosure action was closed. | |
| 1397 | Leilani R. Sulit<br><br>$280,000<br><br>GMAC Mortgage, LLC<br><br>3415 N. Odell Ave.<br>Chicago, IL 60634<br><br>Leilan Sulit<br>3315 N. Oak Park Ave.<br>Chicago, IL 60634 | Origination Issues, General No Liability | The loan was originated by BankUnited on October 17, 2006. After the mortgage's origination, GMAC Mortgage, LLC purchased the loan from BankUnited FSB and then securitized the loan into HarborView Mortgage Loan Trust 2006-14 where Deutsche Bank National Trust Company was named as trustee. GMAC Mortgage, LLC serviced Mrs. Sulit's mortgage from January 11, 2007 until servicing transferred to Ocwen on or about February 16, 2013.<br><br>Ms. Sulit asserts a $280,000 secured claim against GMAC Mortgage, LLC in connection with the mortgage on Mr. and Mrs. Sulit's residence in Chicago, Illinois. The only supporting documentation is a letter from GMAC Mortgage, LLC to Mrs. Sulit dated September 18, 2012, regarding an interest rate change to her mortgage. On May 20, 2013, Debtors sent a letter to Claimant requesting additional information and documentation in support of claim; however, no response was received. On July 4, 2013, Debtors filed Debtors' Twentieth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation), which objected to Claim No. 1397 (among other claims) on the basis that it lacked sufficient documentation and is unsupported by the Debtors' books and records. On or about July 11, 2013, Patricio Sulit, the husband of Claimant Leilani Sulit, filed a reply to Debtors objection (the "Response"). Mr. Sulit attached a copy of Mrs. Sulit's mortgage deed, which was originated by BankUnited FSB on October 17, 2006 (and is signed by both Mr. Sulit and Ms. Sulit). The Response states that <u>Mr. Sulit's</u> signature (<u>not</u> Ms. Sulit's) was forged on the deed (which he refers to as the note), attached to the Response. The | 6-7, 8 |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address Claim Amount Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Objection was continued by the Court's Order Establishing Procedures for the Adjudication of Claims of Brian Admond Bath, Ailette Cornelius, and Leilani Sulit in Connection with the Debtors' Eighteenth and Twentieth Omnibus Objections to Claims [Docket No. 5324].  The Debtors attempted to reach a settlement agreement but were unsuccessful. Debtors' records show i) Mr. Sulit is not a borrower on the loan/note, ii) the loan application, note, and closing documents were all signed only by Ms. Sulit, iii) the loan application indicates that title will be held by "Leilani I Sulit and Patricio L Sulit", and iv) Claimant never communicated to Debtor any concerns with forged documents. Debtors have no liability for the assertions of forgery at origination raised by Mr. Sulit in the Response because i) Mr. Sulit is not a co-borrower on the note, and it is not clear or explained how Claimant (Leilani Sulit) was damaged by the alleged forgery, ii) nothing in the Debtors' books and records suggests that the Debtors had any involvement in the origination of Ms. Sulit's mortgage by BankUnited FSB. As a result, the Debtors cannot be held liable for any alleged forgery that took place in the origination process. Ms. Sulit has not introduced any evidence to the contrary. In addition, even if GMAC Mortgage, LLC had been involved in the alleged forgery of Mr. Sulit's name on the deed, that forgery would not support a valid claim against the Debtors' estates by Ms. Sulit because Mr. Sulit is not a signatory to the mortgage note, the Note establishes liability to repay the mortgage loan. Only Ms. Sulit is a signatory to the mortgage note and she has not alleged that her signature has been forged. Accordingly, | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | the Sulit Claim should be disallowed and expunged because Ms. Sulit fails to identify and substantiate a valid claim that she has, as a borrower, against the Debtors. | |
| 4108 | Karina Kowalczyk<br><br>$250,000<br><br>GMAC Mortgage, LLC<br><br>608 Margaret Place<br>Elgin, IL 60120 | Wrongful Foreclosure, Loan Modification Issues | Chicago Bankcorp originated the loan on June 10, 2005. Non-Debtor GMAC Bank purchased the loan from Chicago Bankcorp.  Debtor GMAC Mortgage purchased the loan from GMAC Bank and transferred its interest to Fannie Mae on or about July 26, 2005. Debtor GMAC Mortgage LLC serviced the loan from June 24, 2005 until the August 9, 2012 REO sale. The foreclosure sale occurred December 2, 2011.<br><br>Claimant asserts "Foreclosed on even though I tried modification numerous times approx. 45,000 down payment + payments" as basis for claim in box 2 of the proof of claim form. On May 24, 2013 Debtors mailed a letter to Claimant requesting additional information in support of Claimant's claim.  Claimant responded by letter on June 28, 2013, stating "I put 45,000+ down on mortgage. Tried to apply 4+ times for mortgage modification due to loss of income. House was valued @ 300,000 at one point. Was told would sell for about 130,000. I owed 250,000. I wanted to stay but they forced me out and unwilling to work with me. Was left homeless with a child with a disability. I make only 25,000/year. I believe I am entitled to my down payment plus money paid toward principal minus the interest." Claimant did not attach any evidence in support of the allegations.<br><br>Debtors have no liability for wrongful foreclosure because in every instance Debtors conducted foreclosure steps i) Debtors acted in accordance with Debtors' standard policies and procedures and the terms of the Claimant's note and mortgage, and ii) Claimant was significantly past due on her account and had not made arrangements to | 8-9, 12-14 |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address Claim Amount Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | bring Claimant's account current with a repayment plan or loan modification. Debtors' records show the account was referred to foreclosure on December 29, 2010 because the account was owing for July through December 2010 payments. Debtors have no liability for assertions of wrongful denial of loan modification because in every instance Claimant was denied a modification, Claimant either did not meet the applicable investor or HAMP guidelines for modification, or Claimant failed to provide the requisite information in order to be considered for modification.  Furthermore, in each instance that Claimant was offered a repayment plan or trial modification plan, Claimant failed to meet the terms of those agreements by failing to make the required payments. The below chronology of servicing events support the reasons noted above: Claimant spoke with Debtors via phone on August 4, 2008.  Claimant stated she cannot refinance and is interested in lowering her mortgage payment. Debtors took verbal financial information from Claimant and Claimant's information reflected a negative surplus.  Claimant stated she will be placing the property on the market the following week. Claimant spoke with Debtors via phone on February 11, 2009. Claimant stated that she would like to apply for a loan modification.  Debtors advised her that it will mail her a workout package.   Debtors received a workout package from Claimant on February 25, 2009. On March 2, 2009, Debtors denied the account for traditional loan modification because the Claimant had insufficient income. Debtors mailed denial letter to Claimant. | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address  Claim Amount  Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Debtors received workout a package from Claimant on May 11, 2009 and received additional workout package documents from Claimant on June 9, 2009. Debtors denied the account for a  HAMP and traditional modification on June 16, 2009 due to Claimant's workout package showing insufficient income to support either a HAMP modification or a traditional modification. Debtors mailed denial letter to Claimant.  Debtors received a workout package from Claimant on April 20, 2010. Debtors denied the account for a HAMP and a traditional loan modification on April 21, 2010 as Claimant's workout package indicated the property was not owner occupied and owner occupancy was an eligibility requirement for loan modification.  Debtors mailed Claimant a denial letter. Claimant spoke with Debtors via phone on April 27, 2010 and asked the reason for the denial.  Debtors advised her that the modification was denied because the package received indicated the property is not owner occupied.  Debtors advised Claimant that it can send in a copy of a utility bill as proof of occupancy. Debtors received additional documents for workout package, including a utility bill. Debtors denied account for HAMP and traditional loan modification on April 30, 2010, as Claimant's workout package indicated the property is not owner occupied.  Debtors mailed Claimant a denial letter.  It appears that this determination may have been made without reviewing the utility bill submitted by claimant.  A review of the income and expenses provided by claimant indicate that the account would also have been denied for insufficient income.  Claimant filed for chapter 7 bankruptcy, case number  10-21689, on May 14, 2010. Debtors were granted a motion for stay relief on July 20, 2010. Claimant's chapter 7 | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | bankruptcy was discharged on August 17, 2010. Claimant did not reaffirm the debt.<br><br>Debtors mailed breach letters to Claimant on July 21 and August 11, 2010. Debtors received a workout package from Claimant on August 11, 2010. Debtors mailed a 30 day missing items letter to Claimant on August 17, 2010 as documents were missing for modification review. Debtors received additional documents from Claimant for a workout package on September 14 and September 29, 2010.  Debtors denied the account for a HAMP modification on September 30, 2010 due to the Debt to Income (DTI) ratio being below 25%. Debtors mailed a denial letter to Claimant and continued reviewing the account for traditional modification options. Debtors approved account for 6 month repayment plan on October 7, 2010 with payments of $2,424.39 with the first payment due October 21, 2010 and future payments due on the 21st of each month.  Claimant did not make the repayment plan payment due on October 21, 2010 and the repayment plan was cancelled on November 24, 2010. Debtors mailed a Breach letter to Claimant on November 25, 2010.<br><br>Debtors received a workout package from Claimant on December 8, 2010. Debtors received additional documents from Claimant for the workout package on December 27, 2010. Debtors referred the account to foreclosure on December 29. 2010. Debtors approved the account for a HAMP Trial Plan on January 7, 2011 with payment of $1397.81 due on the 1st of February, March and April 2011. Debtors mailed claimant a trial plan letter. Debtors closed down trial plan on March 7, 2011 as the trial payment due on February 1, 2011 was not received. Debtors mailed a denial letter to Claimant on March 11, 2011. | |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address Claim Amount Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | On September 6, 2011 the foreclosure sale was scheduled for December 2, 2011. The foreclosure sale was held on December 2, 2011. Property was sold back to beneficiary. | |
| 3868 | Carlos Lopez Plaintiff vs. GMAC Mortgage LLC fka GMAC Mortgage Corporation Thomas E Black Jr Trustee Mortgage et al<br><br>$105,930<br><br>GMAC Mortgage, LLC<br><br>Law Office of Edward P. Cano<br>201 W. Poplar St.<br>San Antonio, TX 78212 | Res Judicata | Debtor GMAC Mortgage Corporation originated the loan on October 1, 2002.  Debtor transferred its interest to Lehman Brothers Bank, FSB on or about February 1, 2003. Debtor GMAC Mortgage, LLC serviced the loan from origination until servicing transferred to Ocwen Loan Servicing on February 16, 2013.<br><br>Claimant attaches to her proof of claim litigation against Debtor GMAC Mortgage, LLC and others in USDC, Western District of TX, San Antonio Division, Case No. 5:12-CV-00521. The First Amended Complaint and application for TRO was filed June 12, 2012.  On February 18, 2014, the case was dismissed by Summary Judgment.  Claimant did not file an appeal.  A copy of the order dismissing the case on summary judgment is attached to the Objection as Exhibit 5.<br><br>Accordingly, since the claim is predicated on the litigation, the final adjudication of the litigation in Debtors' favor warrants disallowance of the claim. | 12 |
| 2452 | Ms. Leslie D. Watley<br><br>UNLIQUIDATED<br><br>GMAC Mortgage, LLC | Judicial Estoppel and Standing | Debtor Homecomings Financial, LLC originated the loan on April 4, 2008.  Debtor GMAC Mortgage, LLC purchased the loan from Homecomings.  GMAC Mortgage, LLC transferred its interest to Fannie Mae on or about May 7, 2008.  Debtor Homecomings serviced the loan from April 4, 2008 until servicing transferred to GMAC Mortgage, LLC on July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to GreenTree Servicing, | 11-12 |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | 22 Conhurst Drive North Haven, CT 06473<br><br>Jerome N. Frank Legal Services Organization J.L. Pottenger, Jr. P.O. Box 209000 New Haven, CT 06520-9090 | | LLC on February 1, 2013.<br><br>Claimant attaches to her poof of claim a foreclosure action filed by the Debtors in the Judicial District of New Haven, Superior Court, Case No. NNH-CV-10-6015961.  In that action, the Claimant filed an answer, special defenses, and a counterclaim.  The allegations relate to an alleged loan modification in 2009.<br><br>Debtors have no liability for any of the claims asserted in the proof of claim because Claimant effectively waived the claims in Claimant's personal bankruptcy, and therefore, is estopped from asserting the claims against the Debtors. Debtors' records and research shows i) Claimant filed for chapter 7 bankruptcy protection in the U.S. Bankruptcy Court for the District of Connecticut, Case No. 12-32625, on November 30, 2012 and received an order of discharge March 13, 2013, and ii) Claimant's schedules filed in her chapter 7 case does not show any liquidated, unliquidated or contingent claims against any of the Debtors that are consistent with the allegations in the Claimant's proof of claim, and iii) all of the allegations and issues of fact regarding the proof of claim occurred prior to the Claimant's chapter 7 petition date and subsequent discharge. | |
| 3670 | Angelo Mariani Jr.<br><br>$470,000<br><br>GMAC Mortgage, LLC<br><br>P.O. Box 2481 | Res Judicata, General No Liability | New Century Mortgage Corporation originated the loan on November 23, 2005.  Debtor Residential Funding Company, LLC ("RFC") purchased the loan from New Century.  Debtor transferred its interest when the loan was securitized on or about April 1, 2006 where JP Morgan Chase Bank, NA was appointed as Trustee.  Debtor Homecomings Financial serviced the loan from February 22, 2006 until servicing transferred to GMAC Mortgage, LLC on July 1, 2009.  GMAC Mortgage serviced the loan until servicing transferred to | 12 |

**Exhibit A** - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | Kamuela, HI 69743 | | Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>In his proof of claim, Claimant lists litigation, Circuit Court of the Third Circuit, State of Hawaii, Civil No. 09-01-339K as his basis for damages. The litigation was originally filed by Claimant on September 17, 2009 against Bank of New York Mellon Trust Company as successor to JP Morgan Chase Bank. Complaint was later amended on February 27, 2012 when Debtor, RFC, filed a complaint in Intervention for Ejectment (essentially an eviction action) because RFC held title to the property by virtue of a Grant Deed from Bank of New York Trust Company. In response to the Ejectment, Claimant filed an amended answer, counterclaim (against RFC) and cross claim (against Bank of New York Trust Company). A corrected Quit Claim deed was recorded on September 23, 2014 from RFC to Bank of New York Mellon Trust Company. RFC has no further interest in the property.<br><br>The proof of claim was originally filed against Residential Capital, LLC, and was reclassified as a claim against GMAC Mortgage, LLC by the *Order Granting Debtors' Thirty-Sixth Omnibus Objection to Claims (Misclassified and Wrong Debtor Borrower Claims)* [Docket No. 5895]. Given that the alleged basis of the claim is a lawsuit against RFC, a potential claim may lie against Debtor RFC as well. If the Court is not prepared to expunge the claim, the Borrower Trust will treat the claim as asserted against RFC. For purposes of the Objection, the Borrower Trust addresses the claim as asserted against both RFC and GMAC Mortgage, LLC.<br><br>On June 16, 2014, the Court granted summary judgment in favor of Bank of New York Mellon Trust Company and RFC. On July 17, 2014, the Court entered the following | |

Exhibit A - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address Claim Amount Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Orders:<br><br>• (1) Defendant The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank N.A. as Trustee for Ramp 2006RS3's Motion for Summary Judgment as to Plaintiff Angelo M. Mariani, Jr.'s Complaint filed on September 17, 2009; (2) Complainant-Intervenor Residential Funding Company, LLC's Motion for Summary Judgment on its Complaint In Intervention For Ejectment; and (3) Counter/Cross-Defendants The Bank of New York Mellon Trust Company, National Association FKA The Bank of New York Trust Company, N.A. as Successor to JP Morgan Chase Bank N.A. as Trustee For Ramp 2006RS3's and Residential Funding Company, LLC's Motion for Summary Judgment as to Counter/Cross-Complainant Angelo M. Mariani, Jr.'s Counter-Claim and Cross-Claim filed on March 19, 2012;<br><br>• 2. Notice of Entry of Judgment for Possession;<br><br>• 3. Judgment for Possession;<br><br>• 4. Notice of Entry of Final Judgment as to: (1) Plaintiff Angelo M. Mariani, Jr.'s Complaint filed on September 17, 2009; and (2) Counter/Cross-Complainant Angelo M. Mariani, Jr.'s Counter-Claim and Cross-Claim filed on March 19, 2012; and<br><br>• 5. Final Judgment as to: (1) Plaintiff Angelo M. Mariani, Jr.'s Complaint filed on September 17, 2009; and (2) Counter/Cross-Complainant Angelo M. Mariani, Jr.'s | |

**Exhibit A** - **Seventy-Sixth Omnibus Objection – No Liability Borrower Claims**

| Claim No. | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Counter-Claim and Cross-Claim filed on March 19, 2012.<br><br>These orders amounted to a final judgment on the merits in favor of RFC with regard to the foreclosure action and the litigation related to the foreclosure.<br><br>The time for appeal on the orders has passed.  Copies of the orders are attached to the objection as Exhibits 6-1 through 6-5.<br><br>Accordingly, since the claim is predicated on the litigation, the final adjudication of the litigation in favor of RFC means that any claim against RFC is barred by the doctrine of res judicata.  Additionally, the claim does not assert any basis for liability against GMAC Mortgage, LLC because GMAC Mortgage, LLC was not named in the lawsuit that serves as the basis for the proof of claim and the claim asserts no other basis for liability against GMAC Mortgage, LLC. | |