**Exhibit 5**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

FILED
2014 FEB 18 PM 1:21
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____KK_____
DEPUTY

| | |
|---|---|
| CARLOSE LOPEZ<br><br>*Plaintiff*<br><br>v.<br><br>GMAC MORTGAGE, LLC et al<br><br>*Defendants* | CIVIL ACTION NO.<br>5:12-cv-00251-JRN |

ORDER

Before the Court is Defendants' Motion for Summary Judgment, (Dkt. No. 25); Plaintiff's Response, (Dkt. No. 30); and Defendants' Reply to Plaintiff's Response. (Dkt. No. 31). For reasons set out below, the Court grants Defendants' Motion for Summary Judgment.

I. OVERVIEW

On October 1, 2002, Plaintiff executed a Promissory Note ("Note") in the original principle amount of $82,000.00, payable to GMAC Mortgage Corporation. Concurrent with the execution of the Note, Plaintiff executed a Deed of Trust, granting a lien on the property at 10907 Mount Boracho Drive, San Antonio, Texas 78213 (the "Property").

Effective February 15, 2013, Ocwen Loan Servicing, LLC ("Ocwen") purchased the servicing rights of Rescap LLC, which included certain assets of GMAC, including Plaintiff's loan. Ocwen, as the successor servicer of the loan, possesses the original Note; however, prior to February 15, 2013, GMAC possessed the original Note. (Maxwell Aff., ¶

1

10). Plaintiff defaulted on the Note by failing to make payments pursuant to the terms of the Note and Deed of Trust. (Maxwell Aff., ¶ 11). Plaintiff has not made a payment pursuant to the terms of the Note and Deed of Trust since January 2010 and, as of June 30, 2013, Plaintiff owes $39,407.27.

In April of 2010, Plaintiff applied for a loan modification, but GMAC declined to modify his loan. (Maxwell Aff., ¶ 13). Eventually, in November of 2010, GMAC commenced foreclosure proceedings and scheduled a Trustee's sale of the Property for that same month.

In the instant lawsuit, Plaintiff is suing Defendant for breach of contract, negligent misrepresentation, unlawful debt collection, constructive fraud, violation of the Federal Consumer Credit Protection Act, breach of fiduciary duty, trespass to try title, and wrongful foreclosure. None of Plaintiff's claims withstand scrutiny.

## II. STANDARD OF REVIEW

The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. *See* FED. R. CIV. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007). A dispute regarding a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict in favor of the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When ruling on a motion for summary judgment, the court is required to view all inferences drawn from the factual record in the light

most favorable to the nonmoving party. *See Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587 (1986); *Washburn*, 504 F.3d at 508.

Once the moving party has made an initial showing that there is no evidence to support the nonmoving party's case, the party opposing the motion must come forward with competent summary-judgment evidence of the existence of a genuine fact issue. *Matsushita*, 475 U.S. at 586. Mere conclusory allegations are not competent summary-judgment evidence, and thus are insufficient to defeat a motion for summary judgment. *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007). Unsubstantiated assertions, improbable inferences, and unsupported speculation are not competent summary-judgment evidence. *Id.* The party opposing summary judgment is required to identify specific evidence in the record and to articulate the precise manner in which that evidence supports his claim. *Adams v. Travelers Indem. Co. of Conn.*, 465 F.3d 156, 164 (5th Cir. 2006). Rule 56 does not impose a duty on the court to "sift through the record in search of evidence" to support the nonmovant's opposition to the motion for summary judgment. *Id.* "Only disputes over facts that might affect the outcome of the suit under the governing laws will properly preclude the entry of summary judgment." *Anderson*, 477 U.S. at 248. Disputed fact issues which are "irrelevant and unnecessary" will not be considered by a court in ruling on a summary judgment motion. *Id.* If the nonmoving party fails to make a showing sufficient to establish

3

the existence of an element essential to its case and on which it will bear the burden of proof at trial, summary judgment must be granted. *Celotex*, 477 U.S. at 322–23.

III. DISCUSSION

   A. **Defendants are entitled to summary judgment on Plaintiff's "Show Me the Note Claims."**

   Plaintiff's complaint is not a model of clarity, but the Court agrees with Defendant that many of Plaintiff's complaints are built upon a so called "show me the note" theory. (*See* Am. Compl., ¶ 17). Texas courts have "roundly rejected this theory and dismissed the claims because foreclosure statutes simply do not require possession or production of the original note." *Martins v. BAC Home Loans Servicing, LP*, 2013 WL 1777487, at *2 (5th Cir. April 26, 2013) (quoting *Wells v. BAC Home Loans Servicing, L.P.*, 2011 WL 2163987, at *2 (W.D. Tex. April 26, 2011)). Accordingly, to the extent that Plaintiff's claims rely upon the "show me the note" legal theory, the claims are not supported by a cognizable legal theory, and Defendants are due summary judgment.

   B. **Defendants are entitled to summary judgment on all of Plaintiff's TARP/HAMP claims.**

   Plaintiff attempts to bring claims under TARP, HAMP, and other federal programs. Plaintiff's claims under TARP fail since the program does not provide a private right of action to individual borrowers against lenders. *See* 12 U.S.C. § 5229. *See also Thomas v. Pentagon Federal Credit Union*, 393 Fed. Appx. 635, 638 (11th Cir. 2010) ("[TARP] provides

4

for judicial review of the Secretary's decision, but does not mention a private right of action against private entities. Thus, it appears that Congress did not intend to allow such actions under § 5211."); *Regions Bank v. Homes by Williamscroft, Inc.*, 2009 WL 3753585 (N.D. Ga. Nov. 16, 2009); *Gonzalez v. First Franklin Loan Services*, 2010 WL 144862 (E.D. Cal. Jan. 11, 2010); *Santos v. Countrywide Home Loans*, 2009 WL 3756337 (E.D. Cal. Nov. 6, 2009); *Pantoja v. Countrywide Home Loans, Inc.*, 640 F. Supp. 2d 1177, 1185 (N.D. Cal. 2009).

Along the same lines, neither HAMP nor any of the other programs created under the umbrella of the Homeowners Affordability and Stability Plan creates a private right of action. *See Pennington v. HSBC Bank USA, Nat. Ass'n*, 2011 WL 6739609, at *5 (W.D. Tex. Dec. 22, 2011); *Cruz v. CitiMortgage, Inc.*, 2012 WL 1836095, at * 6 (N.D. Tex. May 21, 2012) ("The vast majority of courts that have addressed similar claims by plaintiffs asserting entitlement to a permanent HAMP modification, based on a variety of different legal theories, have universally rejected these claims on the ground that HAMP does not create a private right of action for borrowers against lenders and servicers."); *Easley v. Federal Nat. Mortg. Ass'n*, 2011 WL 6002644, at * 5 (S.D. Tex. Nov. 30, 2011); *Alsobrook v. GMAC Mortg., LLC*, 2012 WL 1643220, at *6 (N.D.Tex. April 13, 2012); *Cade v. BAC HomeLoans Serv., LP*, 2011 WL 2470733, at *2 (S.D. Tex. June 20, 2011). Thus all of Plaintiff's claims relating to these programs fail as a matter of law.

5

## C. Defendants are entitled to summary judgment on Plaintiff's breach of contract claims.

Plaintiff's breach of contract claim fails as a matter of law since Plaintiff's Amended Complaint fails to state all the elements of a breach of contract cause of action. Under Texas law, the "essential elements of a breach of contract claim are: (1) the existence of a valid contract; (2) performance or tendered performance by the plaintiff; (3) breach of contract by the defendant; and (4) damages sustained as a result of the breach." *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 247 (Tex. App.–Houston [1st Dist.] 2010); *see also Watson v. Citimortgage, Inc.*, 814 F.Supp.2d 726, 732 (E.D. Tex. 2011). Also, "in order to properly plead a claim based on breach of the Note and Deed of Trust, the Plaintiff must point to a specific provision in the contract that was breached by the Defendants." *Milton v. U.S. Bank Nat. Ass'n*, No. 4:10-CV-538, 2012 WL 1969935, at *2 (E.D. Tex. May 31, 2012).

Here, Plaintiff fails to point to any provision of the Note or Deed of Trust that was breached. Moreover, Plaintiff first breached the contract by defaulting on the terms of the Note and Deed of Trust. (Maxwell Aff., ¶ 11). Thus, Plaintiffs did not perform under the contract and are barred as a matter of law from pursuing a breach of contract claim. *Carr v. Norstok Bldg. Sys.*, 767 S.W.2d 936, 939 (Tex. App.–Beaumont 1989, no writ).

Even if Plaintiff had properly pleaded its breach of contract claim, the Court would still dismiss the claim since Plaintiff's claim is barred by the statute of frauds. The Texas statute of frauds states that "[a] loan agreement in which the amount involved exceeds

6

$50,000 in value is not enforceable unless the agreement is in writing and signed by the party to be bound or by that party's authorized representative." TEX. BUS. & COM. CODE § 26.02(b). Further, "[t]he rights and obligations of the parties to [a loan] agreement shall be determined solely from the written loan agreement, and any prior oral agreements between the parties are superseded by and merged into the loan agreement." *Id.* at § 26.02(c). A loan agreement "may not be varied by any oral agreements or discussions that occur before or contemporaneously with the execution of the agreement." *Id.* at § 26.02(d). All of this means that, §26.02 bars any claim of breach of contract based on oral representations that conflict with the written terms of the contract. *See Foster*, 2002 WL 31730405, at *3.

Plaintiff's Amended Complaint posits that Defendants made and failed to satisfy oral promises that differed from the written terms of the loan. (Am. Compl., at ¶ 18-19). Since an enforceable, written contract exists between the parties in this case, the statute of frauds prohibits Plaintiff from now alleging that Defendants failed to comply with oral representations that allegedly varied with the terms of the written contract. *See Foster*, 2002 WL 31730405 at *3.

Plaintiff's Amended Complaint does not otherwise demonstrate any breach by Defendants. While Plaintiff complains that GMAC refused payment, the Deed of Trust expressly stated that Defendants "may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current." (Dkt No. 25, Ex. A2, Deed of Trust, at ¶ 1). Given that Plaintiff freely admits that he "fell behind on his

7

house payment" before his payments were refused, Defendant was clearly within its rights when it rejected Plaintiff's payment. (Am. Compl., ¶ 13; Dkt No 25, Exs. A-8 & A-9).

In sum, Plaintiff fails to argue that Defendant took any action in violation of the terms of the agreement that Plaintiff struck with Defendant. Accordingly, the Court is obligated to dismiss this claim.

### D. Defendants are entitled to summary judgment on Plaintiff's negligent misrepresentation and fraud claims.

Plaintiff's negligent misrepresentation and fraud claims fails since Plaintiff, again, has not and cannot state all of the elements of either cause of action. "The elements of fraud in Texas are (1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation the defendant knew it was false or made the representation recklessly and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury." *Shandong Yinguang Chemical Industries Joint Stock Co., Ltd. v. Potter*, 607 F.3d 1029, 1032-33 (5th Cir. 2010).

Likewise, the elements of a negligent misrepresentation claim are: "(1) a defendant, in the course of its business or in a transaction in which it had a pecuniary interest, made a representation; (2) the defendant supplied false information for the guidance of another in the other's business; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; and (4) the plaintiff suffered pecuniary loss

8

by justifiably relying on the representation." *Martin K. Eby Constr. Co. v. LAN/STV*, 350 S.W.3d 675, 688 (Tex. App.-Dallas 2011, pet. filed). "[P]romises of future action are not actionable as a negligent misrepresentation tort" under Texas law. *Custer v. Wells Fargo Bank, N.A.*, 2013 WL 1926412, at *13 (W.D. Tex. April 1, 2013) (quoting *De Franceschi v. BAC Home Loans Servicing, L.P.*, 477 F. App'x 200, 204-05 (5th Cir. 2012)).

All of alleged misrepresentations that Plaintiff raises in its complaint relate to future actions and, accordingly, are not actionable. (*See* Am. Compl., ¶¶ 16, 18). Additionally, Plaintiff fails to allege that he suffered pecuniary loss by relying on any alleged misrepresentations, a required element of a valid fraud or negligent misrepresentation claim. Accordingly, the Court grants summary judgment in favor of Defendants on Plaintiff's fraud and negligent misrepresentation claims.

### E. Defendants are entitled summary judgment on Plaintiff's unlawful debt collection claims.

Assuming Plaintiff intends to allege a claim for a breach of common law tort of unreasonable collection efforts, the allegations in the Amended Complaint fall short of the required standard of conduct as a matter of law. As has been made clear by the Fifth Circuit, the standard for claims of unreasonable collection efforts under Texas law requires a showing of "a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." *Water Dynamics, Ltd. v. HSBC Bank USA, Nat. Ass'n*, 2013 WL 363118, 2 (5th Cir. 2013) (citing *EMC Mortg. Corp. v. Jones*, 252 S.W.3d 857, 868 (Tex. App.-Dallas 2008). While "[u]nreasonable collection efforts is a Texas

9

common-law intentional tort that lacks clearly defined elements," the reasonableness of conduct is judged on a case-by-case basis. *B.F. Jackson, Inc. v. Costar Realty Info., Inc.*, 2009 WL 1812922, at *5 (S.D. Tex. 2009) (citing *Woodrum v. Bradley*, 1990 WL 151264, at *4 (Tex.App.-Houston [14th Dist.] 1990, writ denied). Generally, "mental anguish damages alone will not establish a right of recovery; the plaintiff must suffer some physical or other actual damages in order to be entitled to relief." *Id.*

Plaintiff's Amended Complaint is devoid of any evidence suggesting that Defendants engaged in "a course of harassment that was willful, wanton, malicious, and intended to inflict mental anguish and bodily harm." Instead, Plaintiff only alleges that Defendants made "misrepresentations that his request for home loan modification would be considered." (Am. Compl., ¶ 16). The summary judgment evidence, however, demonstrates that Plaintiff's request was reviewed and ultimately denied. (*See* Dkt. No. 25, Ex. A-3 – A-7). There is no evidence that would create a fact issue as to Plaintiff's claim of unreasonable collection efforts. Moreover, Plaintiff failed to allege that he suffered "some physical or other actual damages." Accordingly, Plaintiff's unreasonable collection efforts claim fails as a matter of law. *Franklin v. PNC Bank Nat'l Assn.*, 2013 WL 1856004, at *5 (E.D. Tex. May 1, 2013; *Bacon v. U.S. Bank N.A.*, 2013 WL 4506532, at *6 (E.D. Tex. Aug. 31, 2012).

Plaintiff's Texas Deceptive Trade Practices Act ("DTPA") claims fare no better than those already addressed by the Court in this Order. Sections 392.301 and 392.302 of the DTPA both deal with threatening, coercive, and harassing debt collection, while § 392.304

10

prohibits certain fraudulent representations. To state a plausible claim for relief under the DTPA, Plaintiff must allege facts showing that a violation of the statute occurred and that he was actually injured. Plaintiff must also allege facts establishing a causal link between the conduct constituting the violation and the alleged injury. *See* TEX. FIN. CODE § 392.403(a)(2). Moreover, when requesting damages due to a DTPA violation, Plaintiff must show that his damages were "sustained as a result of a violation of [the DTPA]." TEX. FIN. CODE § 392.403(a)(2).

Plaintiff does not cite the particular sub-section of the DTPA that was allegedly violated, nor provide any allegations in support of this claim. (*See* Am. Compl., ¶ 28(g)). Moreover, Plaintiff's Amended Complaint does not include *any factual* allegations that would, if buttressed by evidence, support a claim under § 392.301, 392.302, or 392.304 of the DTPA. Accordingly, Defendants are entitled to summary judgment on Plaintiff's DTPA claims.

### F. Defendants are entitled to summary judgment on Plaintiff's Consumer Credit Protection Act Claim.

In its complaint, Plaintiff fails to identify the specific provision of the Consumer Credit Protection Act which was allegedly violated. Instead, Plaintiff simply cites to 15 U.S.C. § 1600 *et seq.*, legislation which spans seven chapters. In any case, none of the allegations included in the Amended Complaint support a claim for a violation of the Act. Moreover, there is no evidence that any such violation occurred. Therefore, Defendants are due summary judgment on Plaintiff's Consumer Credit Protection Act claim.

### G. Defendants did not owe Plaintiff any fiduciary duty.

Plaintiff alleges that Defendants violated a fiduciary duty, but this claim fails since Defendants did not owe Plaintiff any fiduciary duty. "The duty of good faith and fair dealing only exists in Texas where express language in a contract creates the duty or where a special relationship of trust exists between the parties." *Graves v. Deutsche Bk. Nat. Trust Co.*, 2011 WL 2119189, at *3 (N.D. Tex. May 27, 2011). It is well established under Texas law that, ordinarily, there is no special relationship between a mortgagor and mortgagee. *See Federal Deposit Ins. Corp. v. Coleman*, 795 S.W.2d 706 (Tex. 1990). "Absent a 'special relationship,' any duty to act in good faith is contractual in nature and its breach does not amount to an independent tort." *Adams*, 2011 WL 5080217, at *7 (internal quotations omitted).

Plaintiff's complaint does not identify any special relationship that existed between Plaintiff and Defendant. On the contrary, the evidence establishes that the only relationship that existed between the parties in this case was that of mortgagor and mortgagee. That being the case, there is no genuine issue of material fact as to the nature of the duties that Defendants owed Plaintiff and Defendants are entitled to summary judgment on this claim.

### H. Defendants are entitled to summary judgment on Plaintiff's trespass to try title claim.

Plaintiff's Complaint fails to state all of the required elements of a trespass to try title claim. "To prevail in a trespass-to-try-title action, Plaintiff must usually (1) prove a

12

regular chain of conveyances from the sovereign, (2) establish superior title out of a common source, (3) prove title by limitations, or (4) prove title by prior possession coupled with proof that possession was not abandoned." *Martin v. Amerman*, 133 S.W.3d 262, 265 (Tex. 2004) (citation omitted). "The pleading rules are detailed and formal, and require a plaintiff to prevail on the superiority of his title, not on the weakness of a defendant's title." *Id.* (citation omitted). A trespass to try title suit is used to clear problems in the chain of title or recover possession of wrongfully-withheld land. *See* Tex. Prop. Code Ann. § 22.001 (Vernon 2000). Under Texas Rules of Civil Procedure 784, "the defendant in [a trespass to try title] action shall be the person in possession if the premises are occupied." Tex. R. Civ. P. 784

Plaintiff's trespass to try title claim appears to be based on his theory that Defendants are not entitled to foreclose, which is refuted by the terms of the agreement between the parties. As discussed earlier, this is simply incorrect. Moreover, since Plaintiff remains in possession of the property at issue in this case, Plaintiff's trespass to try title claim is precluded by Rule 784's requirement that the defendant be in possession of the premises at issue.

## I. Plaintiff has not and cannot establish the elements of a valid wrongful foreclosure cause of action.

In Texas, to state a claim for wrongful foreclosure, a plaintiff must set forth facts showing: "(1) a defect in the foreclosure sale proceedings; (2) a grossly inadequate selling price; and (3) a causal connection between the defect and the grossly inadequate selling

13

price." *Sauceda v. GMAC Mortgage Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008). Thus, a completed foreclosure sale is a pre-requisite to a claim of wrongful foreclosure. *See Ayers v. Aurora Loan Servs. LLC*, 787 F.Supp.2d 451, 454 (E.D. Tex. 2011). Texas law does not recognize a cause of action for attempted wrongful foreclosure. *See Port City State Bank v .Leyco Constr. Co.*, 561 S.W.2d 546, 547 (Tex. Civ. App.—Beaumont 1977, no writ). Applying Texas law, Texas federal district courts have consistently held that attempted wrongful foreclosure claims like the one asserted here are not cognizable. *See, e.g., Ramming v. JPMorgan Chase Bank, N.A.*, No. H-10-5011, 2012 WL 1122791, at *3 n.3 (S.D. Tex. Apr. 3, 2012); *Thomas v. EMC Mortg. Corp.*, No. 4:10-CV-861-A, 2011 WL 5880988, at *6 (N.D. Tex. Nov. 23, 2011).

The Court has already dispensed with Plaintiff's central argument—that Defendants lacked the contractual right to foreclose. Obviously, this fact is fatal to Plaintiff's wrongful foreclosure claim. Moreover, while Defendants did move to commence foreclosure proceedings at one point, Defendants' attempted foreclosure was abated when Plaintiff filed this action, so there has not *been any foreclosure* in this case. A foreclosure that has not occurred cannot be wrongful, and Defendants are therefore entitled to summary judgment on Plaintiff's wrongful foreclosure claim.

### J. Plaintiff is not entitled to any equitable remedy from this Court.

In the Amended Complaint, Plaintiff requests reformation, specific performance, and declaratory judgment from the Court. Plaintiff is not entitled to any of these remedies. First, Plaintiff is not entitled to a reformation of the contract since the Amended

14

Complaint does not demonstrate or even allege a mutual mistake, a required element of reformation. *See Kiggundu v. Mortgage Electronic Registration Systems, Inc.*, 2011 WL 2606359, at * 7-8 (S.D. Tex. June 30, 2011).

Along the same lines, Plaintiff is not entitled to specific performance since Plaintiff fails to demonstrate the required elements to entitle him to specific performance. "In Texas, '[s]pecific performance is an equitable remedy that may be awarded upon a showing of breach of contract.'" *Geske v. Wells Fargo Bank, Nat. Ass'n*, 2012 WL 1231835, at *5 (N.D. Tex. April 12, 2012) (*quoting Stafford v. Southern Vanity Magazine, Inc.*, 231 S.W.3d 530, 535 (Tex. App.– Dallas 2007, pet. denied)). "In addition to the elements for breach of contract, the party seeking specific performance must also establish that there is no adequate remedy at law to compensate it for its loss." *Geske*, 2012 WL 1231835, at *5 (*citing South Plains Switching, Ltd. v. BNSF Ry. Co.*, 255 S.W.3d 690, 703 (Tex. App.– Amarillo 2008, pet. denied)). Here, Plaintiff failed established a breach of contract, and has not alleged that there no adequate remedy at law to compensate him for his loss. Accordingly, Plaintiff is not entitled to specific performance. *See Mitchell v. Chase Home Finance LLC*, 2008 WL 623395, at *6 (N.D. Tex. March 4, 2008).

Finally, Plaintiff is not entitled to a declaratory judgment since Plaintiff has not demonstrated the existence of an actual controversy. The Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202, does not create a substantive cause of action. *See Lowe v. Ingalls Shipbuilding, A Div. of Litton Sys., Inc.*, 723 F.2d 1173, 1179 (5th Cir. 1984). Instead, a declaratory judgment action allows "an early adjudication of an actual controversy"

arising under other substantive law. *Collin Cnty., Tex. v. Homeowners Ass'n for Values Essential to Neighborhoods, (HAVEN)*, 915 F.2d 167, 170 (5th Cir. 1990). Since Plaintiff has failed to prove the existence of an actual controversy, Plaintiff's declaratory action fails.

IV.   CONCLUSION

For reasons set out above, the Court GRANTS Defendants' Motion for Summary Judgment. (Dkt. No. 25).

SIGNED this 18th day of February, 2014.

JAMES R. NOWLIN
UNITED STATES DISTRICT JUDGE