**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER SUSTAINING RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NUMBER 3702 FILED BY ROYAL KINGDOM BUILDERS C/O SIMON M. WOODY JR.**

Upon the seventy-fifth omnibus objection to claims, dated September 17, 2014 [Docket No. 7552] (the "Objection")[1] of the ResCap Borrower Claims Trust (the "Trust"), established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors for Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging proof of claim no. 3702 (the "Claim"), all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the *Declaration of Deanna Horst in Support*

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

*of the ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* annexed thereto as Exhibit 2; the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)*, annexed thereto as Exhibit 3; the *Response to the ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* filed by Royal Kingdom Builders c/o Simon M. Woody Jr. (the "Claimant") [Docket No. 7663]; and the *ResCap Borrower Claims Trust's Omnibus Reply in Support of its Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims) as to Claim Nos. 1574, 2761, 3702, 3862, 4118, 5653, 5892, and 5970* [Docket No. 7727]; and a hearing having been held to consider the Objection on November 13, 2014 (the "Hearing"); and for the reasons set forth on the record, and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Claim so that such claim is no longer maintained on the Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:   November 14, 2014
         New York, New York

                                                    _____/s/Martin Glenn_____
                                                         MARTIN GLENN
                                                  United States Bankruptcy Judge