**Hearing Date: November 20, 2014 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

_____
                                                  )
In re:                               )    Case No. 12-12020 (MG)
                                                  )
RESIDENTIAL CAPITAL, LLC, et al.,   )    Chapter 11
                                                  )
                       Debtors.   )    Jointly Administered
_____)

**THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS
OBJECTION TO CLAIM NUMBER 5800 FILED BY WEKESA MADZIMOYO**

ny-1165123

**TABLE OF CONTENTS**

**Page**

I.  PRELIMINARY STATEMENT ................................................................................... 1

II. REPLY ........................................................................................................................... 2

    A.  The Claimant Fails to Adequately Respond to the Borrower Trust's Arguments Regarding His Failure to Plead a Claim for Fraud ............................. 3

        i.  The Claimant Fails to Sufficiently Rebut the Borrower Trust's Argument That He Does Not Have Standing to Assert A Fraud Claim ................................................................................................................ 3

        ii. The Claimant Has Not Alleged Any of the Elements of a Fraud Claim ................................................................................................................ 4

    B.  The Claimant Fails to Sufficiently Respond to the Borrower Trust's Arguments Regarding His Failure to Plead a Claim for Wrongful Foreclosure, Wrongful Attempted Foreclosure, and Quiet Title ........................ 10

        i.  If There Has Not Been A Foreclosure, the Claimant Cannot Assert a Claim for Wrongful Foreclosure ............................................................. 10

        ii. The Claimant Has Failed to Show that Any Untrue or Derogatory Information Concerning His Financial Condition Was Published by the Debtors ...................................................................................... 10

        iii. The Claimant's Claim for Injunctive or Declaratory Relief Also Fails ................................................................................................................ 11

    C.  Allegations of Hearsay ................................................................................... 12

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Aetna Fin. Co. v. Culpepper,
 320 S.E.2d 228 (Ga. Ct. App. 1984)................................................................................10

Allegheny Int'l, Inc. v. Snyder,
 954 F.2d 167 (3d Cir. 1992)................................................................................................2

Barksdale v. DeKalb Cnty.,
 561 S.E.2d 163 (Ga. Ct. App. 2002)..................................................................................11

Bradshaw v. Bank of America, N.A.,
 C.A. No. 1:12-CV-3784-RWS, 2013 WL 6669233 (N.D. Ga., Sep. 16, 2013) ..................6

Clay v. Stanfield,
 119 S.E.2d 564 (Ga. 1961)..................................................................................................7

Deutsche Bank Nat'l Trust Co. v. JP Morgan Chase Bank, N.A.,
 704 S.E.2d 823 (Ga. Ct. App. 2010)...................................................................................5

Edward v. BAC Home Loans Serv., L.P.,
 534 Fed. Appx. 888 (11th Cir. 2013)..................................................................................3

Feinberg v. Bank of N.Y. (In re Feinberg),
 442 B.R. 215 (Bankr. S.D.N.Y. 2010)................................................................................2

Harris v. Chase Home Fin., LLC,
 524 Fed. Appx. 590 (11th Cir. 2013)..................................................................................8

Hay v. Bank of Am., N.A.,
 No. 1:12-CV-01596-RWS, 2013 WL 1339729 (N.D. Ga. Mar. 29, 2013) ......................10

Hill v. Filsoof,
 618 S.E.2d 12 (Ga. Ct. App. 2005)...................................................................................11

Hines v. Midfirst Bank,
 C.A. No. 1:12-CV-2527-TWT-JSA, 2013 WL 609401 (N.D. Ga. Jan. 8, 2013) ...............3

In re Adelphia Commc'ns Corp.,
 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ..........3

In re Oneida Ltd.,
 400 B.R. 384 (Bankr. S.D.N.Y. 2009)................................................................................3

In re Residential Capital, LLC,
 507 B.R. 477 (Bankr. S.D.N.Y. 2014)................................................................................2

In re Rockefeller Ctr. Props.,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000) ........................................................................................3

Mitchell v. Deutsche Bank Nat'l Trust Co.,
    Case No. 1:13-CV-00304-WSD 2013 WL 6510783 (N.D. Ga. Dec. 12, 2013) ......................11

Montgomery v. Bank of Am.,
    740 S.E.2d 434 (Ga. Ct. App. 2013) ........................................................................................3

Thomas v. Henry Cnty. Water and Sewerage Auth.,
    731 S.E.2d 66 (Ga. 2012) .........................................................................................................7

You v. JPMorgan Chase Bank, N.A.,
    743 S.E.2d 428 (Ga. 2013) .......................................................................................................8

**STATUTES**

11 U.S.C. 502(b)(1) .........................................................................................................................2

11 U.S.C. § 502(a) ..........................................................................................................................2

Ga. Code. § 44-14-162.2 .................................................................................................................9

**OTHER AUTHORITIES**

2 Ga. Real Estate Law & Oricedyre (Pindar, 7th Ed. 2014) ...........................................................7

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], hereby submits this reply (the "Reply"), together with the Supplemental Declaration of Kathy Priore, Associate Counsel for The ResCap Liquidating Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the response of claimant Wekesa Madzimoyo (the "Claimant") [Docket No. 7731] (the "Response") to the *Objection Of The Rescap Borrower Claims Trust To Claim Number 5800 Filed By Wekesa Madzimoyo* [Docket No. 7643] (the "Objection").[1]  In further support of the Objection, the Borrower Trust respectfully represents as follows:

## I.    PRELIMINARY STATEMENT

1.    Based on the record before the Court, the Claimant has failed to carry his requisite burden of proof with respect to the Claim.  The Claim is based on allegations that are not supported in law or fact, but rather are an attempt to get out of his obligations under his loan, which he has not made a payment on since March 2009.  As an initial matter, the Claimant was not a party to the assignments of the Security Deed, and therefore under Georgia law does not have standing to assert a fraud claim based on purported irregularities in those assignments. Furthermore, the Claimant has neither shown how these purported irregularities amount to a false representation made by the Debtors, nor alleged any of the other elements necessary to assert a cause of action for fraud, including how he was damaged.

2.    The Claimant's efforts to substantiate his other causes of action by a preponderance of the evidence similarly fail.  The Claimant does not provide any legal

---

[1]    Capitalized terms not defined in this Reply have the meaning ascribed to such terms in the Objection.

1

justification for the Debtors' liability for a wrongful foreclosure claim when no foreclosure has occurred. Similarly, he fails to allege a cause of action for wrongful attempted foreclosure because he has not proven, by a preponderance of the evidence, the existence of any untrue and derogatory statements by the Debtors concerning his financial condition. Finally, his attempts to modify his claim for quiet title into a claim for injunctive or declaratory relief also lack merit because the Claimant has not demonstrated he has a viable claim against the Debtors. Moreover, he lacks standing to seek such relief because he has not tendered the amount due under his loan.

3. For these reasons, as set forth below and in the Objection, the Claim should be disallowed and expunged from the Claims Register in its entirety.

## II.    REPLY

4. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. 502(b)(1). As noted previously by the Court, claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. In re Residential Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014). See also Allegheny Int'l, Inc. v. Snyder, 954 F.2d 167, 173-74 (3d Cir. 1992).

5. Once an objection refutes an essential allegation of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence. Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y.

2

(In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

    **B.**    **The Claimant Fails to Adequately Respond to the Borrower Trust's Arguments Regarding His Failure to Plead a Claim for Fraud**

        **i.**    **The Claimant Fails to Sufficiently Rebut the Borrower Trust's Argument That He Does Not Have Standing to Assert A Fraud Claim**

    6.    The Claimant's fraud claim is predicated on alleged irregularities in the assignment of the Security Deed. In the Response, the Claimant asserts that, contrary to Georgia law, he has standing to challenge the assignment of the Security Deed. See Response ¶¶ 72-76. However, under Georgia law, only a party to an assignment has standing to bring a suit challenging the validity of the assignment. See Montgomery v. Bank of Am., 740 S.E.2d 434, 437 (Ga. Ct. App. 2013) (plaintiff borrower lacked standing to bring fraud claim challenging the assignment of a security deed even if the assignment was flawed); Hines v. Midfirst Bank, C.A. No. 1:12-CV-2527-TWT-JSA, 2013 WL 609401, at *8 (N.D. Ga. Jan. 8, 2013) ("Plaintiff cannot base her claim of fraud on her allegation that the assignment was forged or fraudulent, because she was not a party to the assignment and she does not allege any facts indicating that she relied on the assignment to her detriment."); Edward v. BAC Home Loans Serv., L.P., 534 Fed. Appx. 888, 890 (11th Cir. 2013) (a borrower lacked standing to challenge a foreclosure based on alleged irregularities in an assignment, even in the face of allegations of forgery.)

    7.    The Claimant attempts to distinguish his claim from the claims in Montgomery because his claim purportedly involves a broken chain of title. See Response ¶ 73. However, this has no merit, since the Montgomery court specifically dealt with the question of an improper assignment. See Montgomery, 740 S.E.2d at 438. He also attempts to rely on an unpublished

3

opinion from the Northern District of Georgia, Bahaeddin Kharazmi v. BAC, No. 11-CV-02933-AT (N.D. Ga. May 4, 2012) to support his assertion that, contrary to the holding in Montgomery, a borrower that is not a party to the assignment can challenge said assignment. See Response ¶ 75. However, Bahaeddin is an unpublished federal district court case that was decided prior to the decisions in Montgomery, Hines, and Edward, and Bahaeddin does not address a claim for fraud. As a result, its holding is irrelevant because there is binding Georgia authority that is directly on point. Since the Claimant has not provided any controlling legal authority to support his position, he has failed to demonstrate his standing to challenge the assignments under Georgia law.

### ii. The Claimant Has Not Alleged Any of the Elements of a Fraud Claim

8. The Claimant's fraud claim is predicated on the assertion that the Debtors misrepresented to him that they were authorized to foreclose on his property on behalf of Bank of New York. He alleges that Bank of New York was not the holder of the loan because there were errors in the assignment of the Security Deed to Bank of New York. See Response ¶ 61. However, as was demonstrated in the Objection, there was a proper chain of title from Equibanc to Bank of New York. Therefore, Bank of New York, as holder of the Security Deed, was entitled to initiate a non-judicial foreclosure proceeding against the Claimant, and there was no misrepresentation to the Claimant by the Debtors. Furthermore, the Claimant has failed to assert the other elements of fraud, including how he was damaged by the purported misrepresentation.

*Chain of Title is Unbroken and Vests Title of the Security Deed with Bank of New York*

9. As noted in the Objection, the Loan was first securitized on or about June 1, 1999, where First National Bank of Chicago was appointed as Trustee. See Objection ¶ 15. The loan was pulled out of the securitization in late 2005 and was put into another securitization on or about April 1, 2006, and J.P. Morgan Chase Bank, N.A. ("J.P. Morgan") was appointed as

Trustee.[2] See id. When the Claimant's loan was securitized in 2006, Residential Funding Company, LLC ("RFC") sold the loan to its affiliated depositor Residential Asset Mortgage Products, Inc. ("RAMP"). See Supplemental Declaration ¶ 5. RAMP then immediately deposited the loan with the issuer, RAAC Series 2006RP2 (the "Trust"), where J.P. Morgan Chase was appointed as Trustee.[3] See id. The Trustee of the Trust is the owner of the loan on behalf of the security-holders of the Trust. See id. Bank of New York was subsequently appointed as successor Trustee. See id. Accordingly, the claimant's loan was sold to RAMP and then deposited in the Trust. See id.

10. The first corrective assignment, which was attached to the Objection, shows the Bank of New York as the Trustee for "RAMP 2006 RP2," dated January 18, 2011 (the "First Corrective Assignment"). The First Corrective Assignment was incorrect as it listed the trust name as "RAMP 2006 RP2" instead of "RAAC 2006 RP2." See Exhibit E to the Priore Declaration. This assignment was done out of an abundance of caution, as First National Bank of Chicago was merged into Bank One, N.A., which was subsequently merged into J.P. Morgan, which became Trustee. Bank of New York was subsequently appointed as successor Trustee to J.P. Morgan after Bank of New York purchased J.P. Morgan's trust business. See Supplemental Declaration ¶ 6.

11. The second corrective assignment, attached to the Supplemental Declaration as Exhibit A, shows Bank of New York as the Trustee for the Trust (i.e. "RAAC 2006 RP2," not "RAMP 2006 RP2") and is dated September 20, 2011 (the "Second Corrective Assignment").

---

[2] J.P. Morgan was appointed Trustee as the result of corporate mergers between J.P. Morgan, Bank One, N.A., and First National Bank of Chicago.

[3] The Trust is the Issuer of the securities that are collateralized by a pool of mortgage loans, which includes, according to the Debtors' books and records, the Claimant's loan.

5

ny-1165123

The Second Corrective Assignment was executed to provide the correct entity, the Trust, as the entity on whose behalf Bank of New York was acting as Trustee. <u>See</u> Supplemental Declaration ¶ 7.

12. There were three notices of foreclosure sale sent to the Claimant. The first and second were sent July 3, 2009 and February 14, 2011 and listed Bank of New York as the Trustee for "RAMP 2006 RP2". The third was sent July 25, 2011 and listed Bank of New York as the Trustee for "RAAC 2006 RP2." <u>See</u> Notices of Foreclosure, attached to the Supplemental Declaration as <u>Exhibit B</u>. In the Response, Claimant attempts to argue that inconsistencies between the assignments and the notices of foreclosure demonstrate that Bank of New York did not have standing to foreclose. <u>See</u> Response ¶¶ 78-84. Since the First Corrective Assignment incorrectly listed "RAMP 2006 RP2" as the Trust, the third notice of foreclosure, which accurately listed the Trust as RAAC 2006 RP2, was inconsistent with the First Corrective Assignment. However, the Second Corrective Assignment, filed after the third notice of foreclosure, fixed this mistake.

*The Assignments Were Not Actually Necessary to Make Bank of New York the Holder of the Security Deed*

13. In Georgia, assignments are not necessary to transfer property interests in connection with a bank merger. <u>See</u> <u>Bradshaw v. Bank of America, N.A.</u>, C.A. No. 1:12-CV-3784-RWS, 2013 WL 6669233 at *9 (N.D. Ga., Sep. 16, 2013) ("Under Georgia law, when banking entities merge, it is not necessary to record an assignment of loans or security deeds in the real estate records." (citation omitted)) Therefore, the First and Second Corrective Assignments were executed out of an abundance of caution to account for the precise series of corporate mergers that led to the Security Deed being held by Bank of New York. As a result, the assignments were not even necessary to make vest title in Bank of New York, as it obtained

6

ny-1165123

title as a result of the corporate mergers. As a result, Bank of New York, as the holder of the Security Deed, had standing to initiate a foreclosure proceeding, but it never actually commenced a foreclosure action.

*The Corrective Assignments Had No Impact on the Claimant's Obligations Under the Loan*

14.     The Claimant alleges that the correction of the Trust name on the First and Second Corrective Assignments invalidates these assignments.  He also appears to allege, inconsistently, that both assignments were valid, stating that the Second Corrective Assignment "paid off his mortgage or doubled his indebtedness." See Response ¶ 85.  However, neither of these assertions is accurate.  "[A] mere misnomer of a corporation in a written instrument… is not material or vital in its consequences, if the identity of the corporation intended is clear or can be ascertained by proof." Deutsche Bank Nat'l Trust Co. v. JP Morgan Chase Bank, N.A., 704 S.E.2d 823, 828 (Ga. Ct. App. 2010) (citation omitted).  The fact that the name of the Trust was corrected is immaterial, since both assignments demonstrate that title was conveyed to Bank of New York as Trustee.  Furthermore, "[a] corrective deed is valid without any new consideration, and acceptance by the grantee constitutes an admission of the incorrectness of the original deed." 2 Ga. Real Estate Law & Oricedyre 19:114 (Pindar, 7th Ed. 2014) (citing Deck v. Deck, 24 S.E.2d 303 (Ga. 1943); Clay v. Stanfield, 119 S.E.2d 564, 565 (Ga. 1961); Thomas v. Henry Cnty. Water and Sewerage Auth., 731 S.E.2d 66 (Ga. 2012).  Here, all of the parties involved in the assignment accepted the First and Second Corrective Assignments.

15.     Furthermore, the Second Corrective Assignment did not amount to a second assignment of the Claimant's loan, but rather it corrected and replaced the previous assignment. Therefore Claimant's assertion that the Second Corrective Assignment doubled his debt is incorrect, and the Claimant does not provide any evidence to the contrary.  As a result, the

Second Corrective Assignment is valid, and Bank of New York properly holds the Security Deed.

*Bank of New York Had Standing to Initiate Foreclosure*

16.    As noted in the Objection, under Georgia law, the holder of the security deed has the authority to foreclose even if it does not hold the note. See You v. JPMorgan Chase Bank, N.A., 743 S.E.2d 428, 428 (Ga. 2013) (answering a certified question from the U.S. District Court of the N. Dist. of Georgia); see also Harris v. Chase Home Fin., LLC, 524 Fed. Appx. 590, 592-93 (11th Cir. 2013) (applying You and finding that the holder of a security deed had authority to foreclose even though it did not hold the note).  Therefore, as was demonstrated in the Objection, Bank of New York is the proper holder of the Security Deed, and as a result had the authority to foreclose on the Claimant's property.

*The Claimant's Other Arguments that Chain of Title Was Broken Have No Merit*

17.    The Claimant also alleges that there is nothing showing that the loan was transferred to RFC, and therefore RFC could not transfer an interest in the loan. See Response ¶ 53.  However, the Note shows endorsements to RFC.  The fact that the Security Deed was never assigned to RFC does not show a break in title, as it was assigned to First National Bank of Chicago, and later Bank of New York.

18.    The Claimant also alleges, without providing any legal or evidentiary support, that Equibanc was not the source of the funds for his loan, and therefore "there is no underlying debt." See Response ¶¶ 57-58.  In addition, the Claimant does not demonstrate why, even if this is true, this voids the debt he owes as a result of his loan transaction.

19.    The Claimant further alleges that the assignment from Equibanc to First Bank of Chicago was invalid because it does not identify the trust for which First Bank of Chicago was

8

ny-1165123

acting as Trustee. <u>See</u> Response ¶ 55. However, because First Bank of Chicago, as Trustee, was the actual owner of the loan, the fact that the specific trust is not listed does not make the assignment invalid.

20. Additionally, the Claimant argues that there was a break in the chain of title when his loan was pulled out of securitization in late 2005. <u>See</u> Response ¶ 54. However, when the loan was pulled out of securitization, the Note was transferred back to RFC, and RFC then transferred the Note to J.P. Morgan when the loan was put into the other securitization in 2006. <u>See</u> Supplemental Declaration ¶9. This is shown by endorsements on the Note from Bank One, N.A., f/k/a First National Bank of Chicago, to RFC and from RFC to J.P. Morgan. <u>See</u> Note, attached to the Priore Declaration as <u>Exhibit B</u>.

21. As a result, none of the Claimant's allegations demonstrate that GMACM misrepresented to him that it was entitled to initiate foreclosure on behalf of Bank of New York.

*The Claimant Cannot Show He Was Damaged by the Purported Misrepresentation*

22. Even if the Claimant has sufficiently alleged that a misrepresentation occurred, he has not demonstrated how he was damaged by any alleged misrepresentation related to the assignments. In Georgia, the only legal significance of a notice of foreclosure is that it is required for a foreclosing party to proceed with the sale. <u>See</u> Ga. Code. § 44-14-162.2. As was noted in the Objection, no foreclosure sale has ever occurred, and therefore, the Claimant has not been harmed by any purported misrepresentations in the Notices of Foreclosure, and has no basis to allege the damages element of a fraud claim.

*The Claimant Has Not Alleged the Other Elements of Fraud*

23. The Claimant has also failed to allege any of the other elements of fraud. The Claimant has not alleged that the purported misrepresentations were made to induce him to act or not to act and he has not proffered an allegation that he relied on the purported

9

misrepresentations.  As a result, the Claimant has failed to meet his burden of alleging that the Debtors' actions gave rise to even a single element of a claim for fraud.

      **C.    The Claimant Fails to Sufficiently Respond to the Borrower Trust's Arguments Regarding His Failure to Plead a Claim for Wrongful <u>Foreclosure, Wrongful Attempted Foreclosure, and Quiet Title</u>**

           **i.    If There Has Not Been A Foreclosure, the Claimant Cannot Assert a Claim for Wrongful Foreclosure**

24.    As noted in the Objection, the Claimant cannot state a claim for wrongful foreclosure because foreclosure has not yet occurred.  <u>Hay v. Bank of Am., N.A.</u>, No. 1:12-CV-01596-RWS, 2013 WL 1339729, at *3 (N.D. Ga. Mar. 29, 2013) ("Under Georgia law, a party may not state a claim for wrongful foreclosure where no foreclosure sale has occurred.")  The Claimant does not provide any legal authority to the contrary, instead attempting to challenge a case that is not cited in the Objection.  <u>See</u> Response ¶ 92.  Furthermore, the Claimant has still not stated the other elements of a wrongful foreclosure claim, specifically that GMACM's actions would be the cause of the nonexistent wrongful foreclosure and that the Claimant was damaged.  As a result, the Claimant has failed to state a cause of action for wrongful foreclosure.

           **ii.    The Claimant Has Failed to Show that Any Untrue or Derogatory Information Concerning His Financial Condition Was Published by the Debtors**

25.    As noted in the Objection, in order to establish a claim for wrongful attempted foreclosure, the Claimant must establish "a knowing and intentional publication of untrue and derogatory information concerning [his] financial condition, and that [those] damages were sustained as a result of this publication."  <u>Aetna Fin. Co. v. Culpepper</u>, 320 S.E.2d 228, 232 (Ga. Ct. App. 1984).  The Claimant alleges that he was not in default of the note, even though he has not made a payment since March 2009, because he was not obligated to make payments to Bank of New York because of the alleged defects in the assignment of the Security Deed.  <u>See</u>

Response, ¶¶ 89-90.  However, the Claimant provides nothing to support his assertion that he was not required to make payments that he admits were due under his loan documents, and as such has not shown that any false statement was made in the foreclosure notice suggesting he was in default of the loan.  See Mitchell v. Deutsche Bank Nat'l Trust Co., Case No. 1:13-CV-00304-WSD 2013 WL 6510783 at *3 (N.D. Ga. Dec. 12, 2013) (rejecting a claim for wrongful attempted foreclosure where the Claimant characterized their default as withheld payments "pending legal validation of Defendants' standing." (citation omitted))  As a result, Claimant has not met his burden of alleging a cause of action for wrongful attempted foreclosure.

### iii. The Claimant's Claim for Injunctive or Declaratory Relief Also Fails

26.    In the Response, the Claimant appears to admit that he cannot state a cause of action for quiet title (which was asserted in the Complaint attached to the proof of claim), but argues that he should nevertheless be entitled to declaratory or injunctive relief that would enjoin any future non-judicial foreclosure sale by Bank of New York. See Response, ¶ 97.  As an initial matter, this is the first time that the Claimant has raised such a cause of action.  Secondly, because the Claimant has not demonstrated that he has a viable claim against the Debtors, he cannot be entitled to equitable or declaratory relief.  See Barksdale v. DeKalb Cnty., 561 S.E.2d 163, 164 (Ga. Ct. App. 2002) ("If an action for declaratory judgment raises issues that are moot … the action must be dismissed as decisively as would any other action presenting the same – non-justiciable issues.")  Additionally, because no Debtor has any interest in the loan, this Court cannot provide the Claimant with the relief he seeks, as it would be a determination of the Claimant's rights vis-à-vis other non-Debtor parties.

27.    Furthermore, even if the Claimant could seek an injunction against foreclosure as part of a claim against the Debtors, he lacks standing to seek such relief because he has not tendered the amounts admittedly due under the loan.  See Hill v. Filsoof, 618 S.E.2d 12, 14 (Ga.

11

Ct. App. 2005) (affirming dismissal of borrower's action to set aside allegedly wrongful foreclosure because he did not tender payment of the debt owed under the note secured by the property, which was a prerequisite to the plaintiff's action to set aside the foreclosure sale). Here, the Claimant does not allege that he has tendered the amounts due under his loan, but admits that he has been withholding payment, and has not provided a sufficient legal basis for doing so. As a result, he does not have standing to assert a cause of action for declaratory or injunctive relief.

### D.    Allegations of Hearsay

28.    The Claimant also objects to the Borrower Trust's submission of the Priore Declaration in the support of the Objection as hearsay. <u>See</u> Response ¶¶ 40-46. This objection is unsubstantiated and lacks any objective support. As an initial matter, the Claimant does not identify any of the statements in the Priore Declaration as being factually inaccurate, nor does she identify a legitimate basis for calling into question the trustworthiness of Ms. Priore's written testimony. Moreover, all of the statements made are based on information maintained in the Debtors' Books and Records, records kept in the ordinary course of business of the Debtors. As a result, these statements qualify as an exception to the rule against hearsay under Fed. R. of Evid. 803(6)(B).

WHEREFORE, the Borrower Trust respectfully requests that the Court overrule the Response and grant the relief requested in the Objection by disallowing and expunging the Claim in its entirety.

| | |
|---|---|
| Dated:  November 17, 2014<br>        New York, New York | /s/  Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Jessica J. Arett<br>MORRISON & FOERSTER LLP<br>250 West 55th St.<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for The ResCap Borrower Claims Trust* |