# Exhibit 1

**Supplemental Priore Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUPPLEMENTAL DECLARATION OF KATHY PRIORE IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS <u>OBJECTION TO CLAIM NUMBER 5800 FILED BY WEKESA MADZIMOYO</u>**

I, Kathy Priore, hereby declare as follows:

1. I serve as Associate Counsel for the ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Associate Counsel in the legal department of Residential Capital, LLC ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I joined ResCap on May 1, 2008 as in-house litigation counsel. Prior to my in-house litigation counsel position, I held various roles within the legal department at ResCap.

2. In my role as Associate Counsel at ResCap, I was responsible for the management of litigation, including, among others, residential mortgage-related litigation. In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the chapter 11 cases, including the borrower litigation matters pending before this Court. In my current position as Associate Counsel to the

1

ny-1165619

Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust and the Borrower Claims Trust (the "<u>Borrower Trust</u>") in connection with the claims reconciliation process.[1] I am authorized to submit this declaration (the "<u>Declaration</u>") in support of the *Rescap Borrower Claims Trust's Reply in Support of its Objection to Claim No. 5800 Filed by Wekesa Madzimoyo* (the "<u>Reply</u>").[2]

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

4. In my current and former capacities as Associate Counsel to the Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' Books and Records (the "<u>Books and Records</u>"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and reconciliation of claims, and/or my review of relevant documents. I or other Liquidating Trust personnel have reviewed and analyzed the proof of claim form and supporting documentation filed by the Claimant. Since the Plan went effective and the Borrower Trust was established, I, along with other members of the

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

2

ny-1165619

Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

        5.        When the Claimant's loan was securitized in 2006, Debtor Residential Funding Company, ("RFC") sold the loan to its affiliated depositor Residential Asset Mortgage Products, Inc. ("RAMP"). RAMP then immediately deposited the loan with the issuer, RAAC Series 2006RP2 (the "Trust"), where J.P. Morgan Chase was appointed as Trustee.[3] The Trustee of the Trust is the owner of the loan on behalf of the security-holders of the Trust. Bank of New York was subsequently appointed as successor Trustee. Accordingly, the claimant's loan was sold to RAMP and then deposited in the Trust.

        6.        The first corrective assignment, which was attached to the Objection, incorrectly shows the Bank of New York as the Trustee for RAMP 2006 RP2, dated January 18, 2011 (the "First Corrective Assignment"). The Trust should have been identified as RAAC 2006 RP2. This assignment was done out of an abundance of caution, as First National Bank of Chicago was merged into Bank One, N.A., which was subsequently merged into J.P. Morgan Chase Bank, N.A. ("J.P. Morgan"), which became Trustee. Bank of New York was subsequently appointed as successor Trustee to J.P. Morgan after Bank of New York purchased J.P. Morgan's trust business.

---

[3] The Trust is the Issuer of the securities that are collateralized by a pool of mortgage loans, which includes, according to the Debtors' books and records, the Claimant's loan.

3

ny-1165619

7. The second corrective assignment, attached hereto as <u>Exhibit A</u>, shows Bank of New York as the Trustee for the Trust and is dated September 20, 2011 (the "<u>Second Corrective Assignment</u>"). The Second Corrective Assignment was executed to provide the correct entity, the Trust, as the entity on whose behalf Bank of New York was acting as Trustee.

8. There were three notices of foreclosure sale sent to the Claimant. The first and second were sent July 3, 2009 and February 14, 2011 and listed Bank of New York as the Trustee for "RAMP 2006 RP2". The third was sent July 25, 2011 and listed Bank of New York as the Trustee for "RAAC 2006 RP2." <u>See</u> Notices of Foreclosure, attached hereto as <u>Exhibit B</u>.

9. When the loan was pulled out of securitization, the Note was transferred back to RFC, and RFC then transferred the Note to J.P. Morgan, as Trustee, when the loan was put into the other securitization in 2006.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: November 17, 2014

                                                         /s/ Kathy Priore
                                                       Kathy Priore
                                                       Associate Counsel for ResCap Liquidating Trust

**Exhibit A**

2011155103   DEED BOOK **22644** Pg **791**

Filed and Recorded:
9/27/2011 10:30:53 AM
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

When Recorded, Return to:
Attn: Edwin A. Capitan
McCurdy & Candler, LLC
3525 Piedmont Road NE, Six Piedmont Center, Suite 700
Atlanta, GA 30305

Please cross-reference to Security Deed
in DB 10618, P 268; Assignment in
DB 21860, P 499; and Corrective
Assignment in DB 22326, P 593

STATE OF **Pennsylvania**
COUNTY OF **Montgomery**

File No. 09-15522

## **SECOND CORRECTIVE ASSIGNMENT OF SECURITY DEED**

FOR VALUE RECEIVED, **The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee s/b/m to Bank One, N.A. as Trustee s/b/m to The First National Bank of Chicago as Trustee** (hereinafter referred to as "Assignor") hereby sells, assigns, transfers, sets over and conveys without recourse unto **The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAAC 2006RP2** (hereinafter referred to as "Assignee"), whose address is 1100 Virginia Drive, Fort Washington, PA 19034, that certain Security Deed or Deed to Secure Debt executed by Wekesa O. Madzimoyo to FT Mortgage Companies d.b.a. EquiBanc Mortgage Corporation and dated March 23, 1999, recorded in Deed Book 10618, Page 268, Clerk's Office, Superior Court of DeKalb County, Georgia, together with the real property therein described, which has the property address of 852 Brafferton Place, Stone Mountain, GA 30083; and also the indebtedness described in said Deed and secured thereby, having this day been transferred and assigned to the said Assignee together with all of Assignor's right, title and interest in and to the said Deed, the property therein described and the indebtedness secured; and the said Assignee is hereby subrogated to all the rights, powers, privileges and securities vested in Assignor under and by virtue of the aforesaid Security Deed or Deed to Secure Debt.

** This Second Corrective Assignment of Security Deed is being recorded in order to correct the Assignee/Trust name.

This Assignment of Security Deed is executed on this _20_ day of _September_, 20_11_.

Signed, sealed and delivered
in the presence of:

The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank, N.A. as Trustee s/b/m to Bank One, N.A. as Trustee s/b/m to The First National Bank of Chicago as Trustee

By: _____
Its: Mary Ladd   Authorized Officer

By: _____
Its: Jacqueline Keele Authorized Officer

Witness _Vonda Cow_
Witness _Lepketia Dukes_

DEED BOOK 22844 Pg 792
Debra DeBerry
Clerk of Superior Court
DeKalb County, Georgia

ACKNOWLEDGMENT

STATE OF __Pennsylvania__
COUNTY OF __Montgomery__

On __9-20-2011__ before me, __Regina M. Frederick__, a Notary Public in and for said state, personally appeared __Mary Ladd__ and __Jaclue Keith__, personally known to me, or proved to me on the basis of satisfactory evidence, to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of __Pennsylvania__ that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Notary Public _Regina M Frederick_    (Seal)

```
NOTARIAL SEAL
REGINA M FREDERICK
Notary Public
UPPER DUBLIN TWP., MONTGOMERY COUNTY
My Commission Expires Nov 22, 2012
```

**Exhibit B**

LAW OFFICES
# McCURDY & CANDLER, L.L.C.
SUITE 600
250 EAST PONCE DE LEON AVENUE
DECATUR, GEORGIA 30030

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 - 1994)
J ROBIN HARRIS (1923 - 1989)

JOHN WALTER DRAKE
ALAN E. RAUPER
JOHN C SAMMON
ANTHONY DEMARLO
SCOTT CANDLER, III
CLARK E CANDLER
EDNA E HAWES
SIDNEY A. OSLERNTER*
DONALD C SUESSMITH, JR
J. MICHAEL DUGAN*
CHRISTIE B HENNINGS
DEBORAH Y CHANDLER

FRANK R. OLSON*
A. BRETT VERNER
LAURA A ORIFKA-
C ELIZABETH JONES
PATRICK N TAGGART*
JOHN D. ANDRLE
C. ERIC BURKETT
JESSICA A. PRICE
BRENT Z SKOLNICK
CHRISTINA I SOLOMON
TENNIELLE B HARLEY
ROBERT J WILKINSON*
OF COUNSEL:
FRANK J RHODES, JR
H RAIFORD HODGES, JR. (RETIRED)

REBECCA A. HOELTING
MARGARET C COURTRIGHT

*ALSO ADMITTED IN TENNESSEE

MAILING ADDRESS

Post Office Box 57
Decatur, Georgia 30031

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

July 3, 2009

<u>Certified Mail
Return Requested 7008 1830 0001 0661 3884
and Regular Mail</u>

Wekesa O. Madzimoyo
852 Brafferton Place
Stone Mountain, GA 30083

    RE:  NOTICE OF FORECLOSURE SALE ENCLOSED
          Our File No.:  09-15522
          Loan No.:  ▬7285
          Borrower Name:  Wekesa O. Madzimoyo
          Property Address:  852 Brafferton Place
                                 Stone Mountain, GA 30083

***Pursuant to O.C.G.A. Section 44-14-162.2, the following is the entity who has full authority to discuss, negotiate, or change all terms of the mortgage with you concerning the foreclosure alternatives described later in this letter.***

*Servicer:*  *GMAC Mortgage, LLC*
*Address:*  *Two Ravinia Dr., Suite 500*
          *Atlanta, GA 30346*
*Phone Number: Joyce Gregory-6788557067*

**Creditor: The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2**

Dear Sir or Madam:

    By letter dated July 3, 2009, (the "Initial Communication Letter"), I notified you that the above-referenced creditor has referred the referenced loan to this law firm for handling. That letter also advised you of certain rights (the "Borrowers' Rights" which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising the Borrowers' Rights as explained in the Initial Communication Letter.

(36)

A failure to comply with the terms of the above loan with The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2 has created a default. As a result, the entire amount of the outstanding balance of the loan has been, and is hereby, declared immediately due and payable. This letter is a formal demand for immediate payment of the total indebtedness. Any partial payment received by The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2 on the subject debt after the date of this letter will be applied to the reduction of the aforesaid debt and will not result in a reinstatement or a deceleration of the loan.

Advertisement of foreclosure will be inserted, as provided by law, providing for public sale to be held on August 4, 2009, before the courthouse door of DeKalb County, Georgia.

Please be advised that the provisions in the loan documents relative to payment of attorney's fees, in addition to principal and interest, will be enforced. Unless the entire balance is paid within ten (10) days from the date you receive this notice, such attorney's fees as allowed by Official Code of Georgia, §13-1-11, as amended, will be owed.

If you are currently in the military service AND joined after signing the mortgage (Security Deed) now in foreclosure, please so notify this office immediately. You may be entitled to relief under the Soldiers and Sailors Relief Act. When contacting this office as to your military service you must provide us with positive proof as to your military status. The name, address and telephone number of your Base Commander is essential. If you do not provide this information we will assume that you are not entitled to protection under the above mentioned act.

If you have received a discharge in Bankruptcy proceeding, this notice is not intended to indicate that you are personally liable for this debt. In this instance the information concerning the associated debt owed is for informational purposes only and should be disregarded for any purposes other than that of conducting a non judicial foreclosure of the security pursuant to Georgia law.

The Servicer may allow you to reinstate the loan and stop the foreclosure. You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default. If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. Other alternatives the Servicer may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, repay plan, loan modification or some other mutual agreement. The Servicer is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives. This is not meant to indicate that the Servicer will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue. I urge you to contact the Servicer at Joyce Gregory-6788557067 immediately regarding your situation. You may also contact our office at our toll free number of 1-866-303-0517 to assist with your communications with the Servicer.

The enclosed "Notice of Sale Under Power" is a copy of the advertisement sent to The Champion Newspaper for publication.

BE GOVERNED ACCORDINGLY.

McCurdy & Candler, L.L.C.

*Anthony DeMarlo*

Anthony DeMarlo
Attorney for The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2

LAW OFFICES

# McCurdy & Candler, LLC

Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

JULIUS A. McCURDY (1903 - 1993)
SCOTT CANDLER, JR. (1926 - 1994)
J. ROBIN HARRIS (1925 - 1989)

JOHN WALTER DRAKE
ALAN E. RAUBER
JOHN C. SAMMON
ANTHONY DEMARLO
SCOTT CANDLER, III
CLARK E. CANDLER
EDNA E. HAWES
SIDNEY A. GELERNTER*
DONALD C. SUESSMITH, JR.
J. MICHAEL DUGAN*
DEBORAH Y. CHEEK
CHRISTIE B. HENNINGS

FRANK R. OLSON*
A. BRETT VERNER
PATRICK N. TAGGART*
JOHN D. ANDRLE
C. ERIC BURKETT
JESSICA A. PRICE
CHRISTINA J. SDLOHUB
TENNIELLE B. BAILEY
ROBERT J. WILKINSON*
DANIEL K. BARBAGELATA
ANDREW M. O'CONNELL
ANTHONY E. MASELLI
BIANCA K. DAVIS
TODD H. SURDEN

OF COUNSEL:
REBECCA A. HOELTING        FRANK J. RHODES, JR.
MARGARET C. COURTRIGHT    H. RAIFORD HODGES, JR. (RETIRED)

*ALSO ADMITTED IN TENNESSEE

MAILING ADDRESS:

Post Office Box 57
Decatur, Georgia 30031

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232

WEBSITE: WWW.MCCURDYCANDLER.COM

February 14, 2011

Wekesa O. Madzimoyo
852 Brafferton Place
Stone Mountain, GA 30083

Re:   Our File No.:      09-15522
      Loan No.:          ▓▓▓▓7285
      Payoff:            $163,289.53
      Borrower Name:     Wekesa O. Madzimoyo
      Property Address:  852 Brafferton Place
                         Stone Mountain, GA 30083

**Servicer: GMAC Mortgage, LLC**
**Creditor: The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2**

Dear Borrower:

NOTICE PURSUANT TO FAIR DEBT COLLECTION PRACTICES ACT 15 USC 1692
INITIAL COMMUNICATION LETTER

This law firm represents The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAMP 2006RP2 the creditor on the above referenced loan. This letter is to advise you that we have been retained to collect the debt secured by the above-referenced property, which may involve foreclosure proceedings against said property. As of the date of this letter, you owe $163,289.53. Because of interest, late charges, and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive your check, in which event we will inform you before depositing the check  for collection. For further information, you may call our loss mitigation department at 1-866-303-0517.

Page 2

Page 2

   This letter is an attempt to collect a debt and any information obtained by virtue of it will be used for that purpose. Unless you notify us within thirty (30) days after receipt of this letter that the validity of this debt, or any portion of it, is disputed, we will assume that the debt is valid. If you notify us in writing of a dispute, we will obtain verification of the debt and mail it to you. If the creditor named in this letter is not the original creditor, and you make a written request to this law firm within thirty (30) days after receipt of this notice, then the name and address of the original creditor will be mailed to you by this law firm. We may commence the foreclosure action without waiting thirty (30) days, if so requested by our client.

   If you have received a discharge in Bankruptcy proceeding, this notice is not intended to indicate that you are personally liable for this debt. In this instance the information concerning the associated debt owed is for informational purposes only and should be disregarded for any purposes other than that of conducting a non judicial foreclosure of the security pursuant to Georgia law.

   The Servicer may allow you to reinstate the loan and stop the foreclosure. You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default. If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. Other alternatives the Servicer may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, repay plan, loan modification or some other mutual agreement. The Servicer is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives. This is not meant to indicate that the Servicer will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue. I urge you to contact the Servicer at 678-855-7067 immediately regarding your situation. You may also contact our office at our toll free number of 1-866-303-0517 to assist with your communications with the Servicer.

   BE GOVERNED ACCORDINGLY.

                                             Sincerely,

                                             **Anthony DeMarlo**
                                             Anthony DeMarlo

AD/awilby


THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE



LAW OFFICES
# McCurdy & Candler, LLC
Six Piedmont Center, Suite 700
3525 Piedmont Road, NE
Atlanta, GA 30305

TELEPHONE: 404-373-1612
MAIN TELECOPIER: 404-370-7232
WEBSITE: WWW.MCCURDYCANDLER.COM

July 25, 2011

<u>Certified Mail</u>
<u>Return Requested</u>
<u>and Regular Mail</u>

Wekesa O. Madzimoyo
852 Brafferton Place
Stone Mountain, GA 30083

RE:  NOTICE OF FORECLOSURE SALE ENCLOSED
Our File No.:     09-15522
Loan No.:         ▊▊▊▊7285
Borrower Name:    Wekesa O. Madzimoyo
Property Address: 852 Brafferton Place
                  Stone Mountain, GA 30083

***Pursuant to O.C.G.A. Section 44-14-162.2, the following is the entity who has full authority to discuss, negotiate, or change all terms of the mortgage with you concerning the foreclosure alternatives described later in this letter.***

*Servicer:* ***GMAC Mortgage, LLC***
*Address:* ***Two Ravinia Dr., Suite 500***
***Atlanta, GA 30346***
*Phone Number:* ***678-855-7067***

**Creditor: The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAAC 2006RP2**

Dear Sir or Madam:

By letter dated July 25, 2011, (the "Initial Communication Letter"), I notified you that the above-referenced creditor has referred the referenced loan to this law firm for handling. That letter also advised you of certain rights (the "Borrowers' Rights" which include your right to validate the debt) you could exercise within 30 days of your receipt of the Initial Communication Letter. Nothing in this letter will prevent you from exercising the Borrowers' Rights as explained in the Initial Communication Letter.



A failure to comply with the terms of the above loan with The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAAC 2006RP2 has created a default. As a result, the entire amount of the outstanding balance of the loan has been, and is hereby, declared immediately due and payable. This letter is a formal demand for immediate payment of the total indebtedness. Any partial payment received by The Bank of New York Mellon Trust Company, National Association fka

Advertisement of foreclosure will be inserted, as provided by law, providing for public sale to be held on September 6, 2011, before the courthouse door of DeKalb County, Georgia.

Please be advised that the provisions in the loan documents relative to payment of attorney's fees, in addition to principal and interest, will be enforced. Unless the entire balance is paid within ten (10) days from the date you receive this notice, such attorney's fees as allowed by <u>Official Code of Georgia</u>, §13-1-11, as amended, will be owed.

If you are currently in the military service AND joined after signing the mortgage (Security Deed) now in foreclosure, please so notify this office immediately. You may be entitled to relief under the Soldiers and Sailors Relief Act. When contacting this office as to your military service you must provide us with positive proof as to your military status. The name, address and telephone number of your Base Commander is essential. If you do not provide this information we will assume that you are not entitled to protection under the above mentioned act.

If you have received a discharge in Bankruptcy proceeding, this notice is not intended to indicate that you are personally liable for this debt. In this instance the information concerning the associated debt owed is for informational purposes only and should be disregarded for any purposes other than that of conducting a non judicial foreclosure of the security pursuant to Georgia law.

The Servicer may allow you to reinstate the loan and stop the foreclosure. You may call to find out if reinstatement is allowed; and if allowed, to find out the amount of money you must pay in order to cure the default. If you are allowed to reinstate your loan, payment must be made through our office in the form of certified funds or cashier's check. Other alternatives the Servicer may consider are full payoffs, short payoffs, deeds in lieu of foreclosure, repay plan, loan modification or some other mutual agreement. The Servicer is willing to consider your individual circumstances and will be flexible in its consideration of various alternatives. This is not meant to indicate that the Servicer will definitely accept any of the above alternatives as your loan has been accelerated and foreclosure proceedings will continue. I urge you to contact the Servicer at 678-855-7067 immediately regarding your situation You may also contact our office at our toll free number of 1-866-303-0517 to assist with your communications with the Servicer.

The enclosed "Notice of Sale Under Power" is a copy of the advertisement sent to The Champion Newspaper for publication.

<u>BE GOVERNED ACCORDINGLY.</u>

**McCurdy & Candler, LLC**
Attorneys for The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A. as Trustee for RAAC 2006RP2 and
GMAC Mortgage, LLC
awilby
THIS LAW FIRM IS ACTING AS A DEBT COLLECTOR AND IS ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

