**Hearing Date: December 18, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: December 8, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th St.
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims*
*Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- )
In re:                                                          )    Case No. 12-12020 (MG)
                                                                )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                        )    Chapter 11
                                                                )
                                   Debtors.                     )    Jointly Administered
-------------------------------------------------------------- )

**RESCAP BORROWER CLAIMS TRUST'S JOINDER AND**
**SUPPLEMENTAL OBJECTION TO OCWEN LOAN**
**SERVICING LLC'S OBJECTION TO CLAIM OF ROBERT DE SIMONE**

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant

to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the

"Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above captioned debtors

(collectively, the "Debtors") with respect to Borrower Claims (as defined below), hereby submits

this joinder and supplemental objection (the "Joinder and Supplemental Objection") to the

*Objection to Claim of Robert De Simone* filed by Ocwen Loan Servicing, LLC ("Ocwen")

[Docket No. 7539] (the "Ocwen Objection"), seeking to disallow and expunge, without leave to

amend, proof of claim no. 3829 (the "Claim") filed by Robert De Simone (the "Claimant")

against Debtor GMAC Mortgage, LLC for $825,703.23, pursuant to section 502(b) of title 11 of

the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of

Bankruptcy Procedure (the "Bankruptcy Rules"), on the grounds that the Claim fails to state a

basis for liability against the Debtors.[1]  The Borrower Trust seeks entry of an order substantially

in the form annexed hereto as Exhibit 1 (the "Proposed Order") granting the requested relief.  In

support of the Objection, the Borrower Trust submits the declaration of Kathy Priore, Associate

Counsel for the ResCap Liquidating Trust (the "Priore Declaration"), attached hereto as Exhibit

2, and the declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the

Borrower Trust (the "Rosenbaum Declaration"), attached hereto as Exhibit 3.

---

[1]    The Borrower Trust reserves all of its rights to object on any other basis to the Claim not set forth in this Joinder
and Supplemental Objection, and the Borrower Trust reserves all of its rights to amend this Joinder and
Supplemental Objection should any further bases come to light.

## PRELIMINARY STATEMENT

1.      The Claim asserts two causes of action against GMAC Mortgage, LLC
("GMACM").  The first is a cause of action for rescission and the second is a cause of
action under Mass. G.L. c. 93A ("Chapter 93A").  In the Ocwen Objection, Ocwen objects
to the cause of action for rescission on the grounds that it is barred by the doctrine of res
judicata.  The Borrower Trust supports and joins in the Ocwen Objection; however, Ocwen
does not specifically object to the cause of action under Chapter 93A.

2.      Accordingly, in the interest of judicial economy, the Borrower Trust
submits this Joinder and Supplemental Objection by which it adopts and incorporates by
reference the Ocwen Objection and objects to the Claim on the basis that the alleged cause
of action under Chapter 93A cannot be supported as a matter of law.  Massachusetts law is
clear that an assignee of a loan cannot be held liable for alleged wrongful conduct that
occurred during the origination of the loan when the assignee had no involvement with the
purported wrongful conduct.  GMACM first became involved with the loan two years after
its origination.  Therefore, for the reasons discussed herein, it cannot be liable to the
Claimant under Chapter 93A.

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

3.      This Court has jurisdiction over this Objection under 28 U.S.C.
§ 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before
this Court under 28 U.S.C. §§ 1408 and 1409.

4.      The statutory predicates for the relief requested herein are section
502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a).

2

## **BACKGROUND**

5.      On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

7.      On November 12, 2012, the Claimant filed the Claim.

8.      On March 21, 2013, this Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order").  The Procedures Order includes specific protections for Borrowers[2] and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims (the "Borrower Claim Procedures").

9.      On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [Docket No. 6137].

---

[2]      As used herein, the terms "Borrower" and "Borrower Claims" have the meanings ascribed to them in the Plan (defined below).

10.     The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed claims to the extent such claims are ultimately allowed either through settlement or pursuant to an Order of the Court. See Plan, Art. IV.F.  The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims."  See id.

11.     On September 15, 2014, Ocwen filed the Ocwen Objection.

## RELIEF REQUESTED

12.     The Borrower Trust files this Joinder and Supplemental Objection, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, and seeks entry of an order, substantially in the form annexed hereto as Exhibit 1, disallowing and expunging the Claim with prejudice from the Claims Register.

13.     Specifically, the Borrower Trust adopts in its entirety the Ocwen Objection.  However, the Borrower Trust respectfully submits that pursuant to the Plan, the Confirmation Order and the Borrower Trust Agreement, only the Borrower Trust has standing to object to the Claim.[3]  Counsel to the Borrower Trust advised counsel to Ocwen

---

[3] See The ResCap Borrower Claims Trust Trust Agreement [D.E. 6136 at 2.2(a) ("The Borrower Claims Trust is established for the purpose of directing the reconciliation, processing, liquidation and payment of the Allowed Borrower Claims …."); see also 6.2(a) ("The Borrower Claims Trustee, or one or more of the Borrower Claims Trust Agents designated by the Borrower Claims Trustee if, and to the extent, authorized by the Trust Committee, shall be authorized to resolve, on behalf of the Borrower Claims Trust, all Disputed Borrower Claims without further Bankruptcy Court order …."); see also Plan, Art. IV.F. (providing for the creation and implementation of the Borrower Trust, which will, among other things, "direct the processing, liquidation and payment of the Allowed (Cont.'d)

4

of its position, and Ocwen's counsel has no objection to the Borrower Trust prosecuting the

objection to the Claim on the bases set forth in the Ocwen Objection and herein.

## OBJECTION

14.    A filed proof of claim is "deemed allowed, unless a party in interest …

objects." 11 U.S.C. §502(a).  Section 502(b)(1) of the Bankruptcy Code provides, in

relevant part, that a claim may not be allowed to the extent that "such claim is

unenforceable against the debtor and property of the debtor, under any agreement or

applicable law…." 11 U.S.C. 502(b)(1).  Furthermore, the burden of persuasion once an

objection refutes an essential allegation of the claim is on the holder of a proof of claim to

establish a valid claim against a debtor by a preponderance of the evidence.  Feinberg v.

Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

*Background Facts*

15.    Non-Debtor MortgageIT, Inc. ("MortgageIT") originated a loan to the

Claimant on January 30, 2007.  See Priore Declaration ¶ 6.  An assignment of the mortgage

was recorded from MERS to GMACM on October 2, 2009, and from GMACM to HSBC

Bank, NA as Trustee on April 2, 2013. See id.  GMACM serviced the loan from February 9,

2007 until servicing of the loan assigned to Ocwen on February 16, 2013. See id. No Debtor

was involved in the origination of the loan.  See id.

16.    In 2010, the Claimant commenced an action in Middlesex County

Superior Court in Massachusetts (the "Superior Court") against GMAC Mortgage, LLC

---

Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower
Claims Trust Agreement."

ny-1160767

("GMACM") and other defendants.  See Priore Declaration ¶ 7.  A copy of the Complaint is attached to the Ocwen Objection as Exhibit A.  GMACM filed for summary judgment on count I for rescission (the "Rescission Claim") and count IV for violation of the Consumer Protection Statute Mass. G.L. c. 93A (the "93A Claim"), as they were the only counts asserted against GMACM.  See id.

17.    The Superior Court granted summary judgment in favor of GMACM on the Rescission Claim and the 93A Claim on May 22, 2012. See Priore Declaration ¶ 8. As a consequence of the filing of a notice of bankruptcy, the proceedings were stayed before the Superior Court entered a final judgment.  See id. On September 10, 2012, the Superior Court permitted litigation to proceed as to the Rescission Claim, but not to the 93A Claim. See id. The Superior Court entered a final judgment dismissing the Rescission Claim on October 23, 2012 (the "Superior Court Decision").  See id.

18.    The Claimant appealed the Superior Court Decision on November 21, 2012, and on February 25, 2014, the Massachusetts Appeals court affirmed the Superior Court Decision.  See Prior Declaration ¶ 9.

*The Rescission Claim*

19.    The Borrower Trust asserts that Ocwen sufficiently demonstrated that the Debtors are not liable for the Rescission Claim in the Ocwen Objection because that claim is barred by the doctrine of res judicata and adopts and incorporates by reference the Ocwen Objection. See Ocwen Objection at 4-5.  As a result, the Borrower Trust will not address the Rescission Claim further.

*The 93A Claim*

20.    In the Complaint, the Claimant alleges that MortgageIT purportedly provided an inaccurate disclosure on the truth in lending statement and provided Claimant with an unaffordable loan.  <u>See</u> Complaint, ¶¶ 19-23.  The Claimant also alleges that GMACM is liable for the actions of MortgageIT under Chapter 93A as an assignee of the loan.  <u>See</u> Complaint, ¶¶34-35.

21.    Massachusetts law is clear that an assignee of a mortgage loan that was not involved in the alleged wrongful conduct cannot be held liable under Chapter 93A. <u>See</u> <u>McBride v. Am. Home Mortg. Servicing, Inc.</u>, Case No. 11-10998-RWZ, 2012 WL 931247, at 3-4 (D. Mass. Mar. 19, 2012) (assignee not "connected to the alleged improprieties during the loan's origination" and a Chapter 93A claim "directed at the execution of the initial mortgage" failed as against assignee); <u>Riga v. Deutsche Bank Nat'l Trust Co. (In re Riga)</u>, Adv. Proc. No. 10-1083, 2011 WL 1115084, at 1 (Bankr. D. Mass. Mar. 25, 2011) ("A claim under 93A against an assignee may not be predicated solely on conduct of the assignor"); <u>McKensi v. Bank of Am., N.A.</u>, No. 09-11940-JGD, 2010 WL 3781841, at 3 (D. Mass. Sept. 22, 2010) (where wrongful conduct occurred before assignee involved, plaintiff failed to state a Chapter 93A claim against the assignee).

22.    No Debtor was involved in the origination of the loan, nor had any affiliation with the loan until GMACM was assigned an interest in the mortgage more than two years after the purported wrongful acts occurred.  Additionally, the Claimant does not proffer any factual allegations of wrongdoing against GMACM that are distinct from the allegations made against MortgageIT.  Therefore, Claimant fails to adequately plead a cause

7

of action against GMACM under Chapter 93A and for the reasons stated, GMACM cannot be held liable for a violation of Chapter 93A.

## NOTICE

23.     The Borrower Trust has provided notice of this Objection in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141] and the Procedures Order.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as this Court may deem proper.

Dated:   November 17, 2014
         New York, New York

/s/  Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

8