## Exhibit 1

## Proposed Order

ny-1160767

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-----------------------------------------------------------------------

### ORDER GRANTING THE RESCAP BORROWER CLAIMS TRUST'S JOINDER AND SUPPLEMENTAL OBJECTION TO OCWEN LOAN SERVICING LLC'S OBJECTION TO CLAIM OF ROBERT DE SIMONE INCORPORATED THEREIN

Upon *Ocwen Loan Servicing LLC's Objection to Claim of Robert De Simone* (the "Ocwen Objection") of Ocwen Loan Servicing LLC ("Ocwen") and the *ResCap Borrower Claims Trust's Joinder and Supplemental Objection to Ocwen Loan Servicing LLC's Objection to Claim of Robert De Simone* (the "Joinder and Supplemental Objection," together with the Ocwen Objection, the "Claim Objection") of the ResCap Borrower Claims Trust (the "Borrower Trust") as successor to Residential Capital, LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors") with respect to Borrower Claims, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the proof of claim no. 3829 (the "Claim") on the basis that the Debtors have no liability with respect to the Claim; and it appearing that this Court has jurisdiction to consider the Claim Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Claim Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Claim Objection having been provided, and

ny-1165937

it appearing that no other or further notice need be provided; and upon consideration of the

Claim Objection, as well as the *Declaration of Kathy Priore in Support of The ResCap Borrower*

*Claims Trust's Joinder and Supplemental Objection to Ocwen Loan Servicing LLC's Objection*

*to Claim of Robert De Simone* annexed thereto as <u>Exhibit 2</u>; and the Court having found and

determined that the relief collectively sought in the Claim Objection is in the best interests of the

Borrower Trust, the Borrower Trust's beneficiaries, the Debtors, and all parties in interest and

that the legal and factual bases collectively set forth in the Claim Objection establish just cause

for the relief granted herein; and the Court having determined that the Claim Objection complies

with the Borrower Claims Procedures set forth in the Procedures Order; and after due

deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Claim Objection is granted to the

extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is

hereby disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is directed to disallow and expunge the Claim so that it is no longer maintained

on the Debtors' Claims Register; and it is further

ORDERED that the Borrower Trust is authorized and empowered to take all

actions as may be necessary and appropriate to implement the terms of this Order; and it is

further

ORDERED that notice of the Ocwen Objection and the Joinder and Supplemental

Objection as provided therein shall be deemed good and sufficient notice of such objection, and

the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May

ny-1165937

23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court

are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Claim; and it

is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:_____, 2014
　　　New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1165937