# **Exhibit G**

XCZ  102962/rj  **FILED:**
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 301
P.O. Box 1024
Mountainside, New Jersey 07092-0024
1-908-233-8500

| | |
|---|---|
| GMAC MORTGAGE, LLC : | SUPERIOR COURT OF NEW JERSEY |
| : | CHANCERY DIVISION |
| : | BURLINGTON COUNTY |
| Plaintiff, : | DOCKET NO. F- |
| : | |
| vs. : | Civil Action |
| : | |
| Frank J. Reed, III and Christina A. Reed, his wife, : | **COMPLAINT** |
| and each of their heirs, devisees, and personal : | **FOR** |
| representatives, and his, her, their or any of their : | **FORECLOSURE** |
| successors in right, title and interest; Mortgage : | |
| Electronic Registration Systems, Inc., as nominee : | |
| for Homecomings Financial, LLC; State of New : | |
| Jersey; : | |
| : | |
| Defendants. | |

GMAC MORTGAGE, LLC, (hereinafter "plaintiff"), through its servicing agent located at 1100 VIRGINIA DRIVE, P.O. BOX 8300, FORT WASHINGTON, PA  19034, hereby says:

# **FIRST COUNT**

1. On 05/31/2006, Frank J. Reed, III executed to Metrocities Mortgage, LLC a Note (hereinafter "Note") securing the sum of $1,000,000.00, payable on 06/01/2036 with the initial interest rate of 6.3750% per annum.

2. To secure the payment of the Note, Frank J. Reed, III and Christina A. Reed, husband and wife, executed to Mortgage Electronic Registration Systems, Inc., as nominee for Metrocities Mortgage, LLC, a Mortgage (hereinafter "Mortgage") dated 05/31/2006, and thereby mortgaged to Mortgage Electronic Registration Systems, Inc., as nominee for Metrocities Mortgage, LLC in fee the land hereinafter described (hereinafter "Mortgaged Premises").  Said Mortgage was duly recorded on 09/25/2006, in the OFFICE OF THE CLERK OF BURLINGTON COUNTY, in Mortgage Book 11124, Page 410.  The Mortgage is a Purchase Money Mortgage.

3. The legal description of the Mortgaged Premises is described on the Schedule annexed hereto and made a part hereof.

## **SCHEDULE A- Legal Description**

ALL the following described property located in the Township of Moorestown, County of Burlington, State of New Jersey:

COMMONLY known as 817 MATLACK DRIVE, MOORESTOWN, NJ 08057.

BEING also known as Lot 2, Block 3803 on the tax map of the Township of Moorestown.

DIMENSION: APPROXIMATELY 185 x 111 x 156 x 33 x 130 x 28
NEAREST CROSS STREET: Situate in the southerly line of Matlack Drive approximately 580 feet westerly from the westerly line of New Albany Road

The following is a metes and bounds legal description as found in the Mortgage:

BEGINNING at a point in the Southerly right of way line of Matlack Drive (60 feet wide), said point being 580.94 feet Westwardly from the Westerly end of a curve having a radius of 20.00 feet and connecting said line of Matlack Drive with the Westerly right of way line of New Albany Road (66 feet wide); thence

1. South 12 degrees 58 minutes 42 seconds West, 185.00 feet to a point; thence

2. North 77 degrees 01 minute 18 seconds West, 111.42 feet to a point; thence

3. North 14 degrees 38 minutes 30 seconds West, 156.41 feet to a point in said line of Matlack Drive; thence

4. North 75 degrees 21 minutes 30 seconds East, along said line of Matlack Drive, 33.75 feet to a point of curvature; thence

5. Eastwardly and curving to the right with a radius of 270.00 feet, still along said line of Matlack Drive, the arc distance of 130.16 feet to a point of tangency; thence

6. South 77 degrees 01 minute 18 seconds East, still along said line of Matlack Drive, 28.86 feet to the point and place of BEGINNING.

BEING Block 3803, Lot 2 as shown on the "Final Plan of Lots, Mechling Farms, Section 3", Filed May 15, 2003 as Map #3821600.

FOR INFORMATION PURPOSES ONLY: BEING known as Lot 2, Block 3803 on the Official Tax Map of Township of Moorestown.

Above description made in accordance with a survey made by Wallace Associates, dated March 10, 2006.

4. On or before the date the within complaint was drafted, the plaintiff herein became the owner of the note and mortgage being foreclosed herein.

5. The Note contained an agreement that if any installment payment should remain unpaid for 30 days after the same shall fall due, the whole principal sum, with all unpaid interest, fees, costs and advances, should, at the option of plaintiff or its representatives or assigns, become immediately due and payable.

6. The obligor(s) has/have failed to make the installment payment due on 02/01/2008, and all payments becoming due thereafter. Therefore the loan has been in default since on or about 03/01/2008.

7. As a result of said default, plaintiff hereby elects and declares that the whole unpaid principal sum due on the Note and Mortgage, along with all unpaid interest, advances, fees and costs, shall be accelerated and is now due and payable.

8. The Note and Mortgage do not contain a prepayment penalty.

9. The following defendants are joined herein because they are either the holder of an instrument or interest appearing of record which affect or may affect the Mortgaged Premises, or because they are the holder of a legal and equitable interest in the Mortgaged Premises which is subordinate to plaintiff's Mortgage lien.

9a. On 05/31/2006 Frank J. Reed, III and Christina A. Reed, husband and wife mortgaged the premises being foreclosed herein to Mortgage Electronic Registration Systems, Inc., as nominee for Metrocities Mortgage, LLC to secure the sum of $414,400.00, which mortgage was recorded 09/25/2006 in Book 11124 of Mortgages for Burlington County, Page 431, which Mortgage was assigned to Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial, LLC which assignment is unrecorded at this time. Mortgage Electronic Registration Systems, Inc., as nominee for Homecomings Financial, LLC is made a party defendant to this foreclosure action by virtue thereof.

    9b. The **State of New Jersey** is made a party defendant to this foreclosure action by reason of the following 4 liens entered in the office of the Clerk of the Superior Court of New Jersey recovered against plaintiff's mortgagors, Frank J. Reed, III and Christina A. Reed.

9b-1

```
                        SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: J-142752-1992              CASE NUMBER: L-21331-87
DATE ENTERED: 12/30/92      DATE SIGNED: 12/01/92
TYPE OF ACTION: AUTO NEGL
VENUE: ESSEX
                                           DEBT: $     15,000.00
CREDITOR(S):
     RICHARD EPPS
         ATTORNEY: NICHOLAS STEFANCHIK, JR.
     SAMUEL F. FORTUNATO, COMMISSIONER OF INSURANCE ,ASSIGNEE
DEBTOR(S):
     MARCUS X. HANNAH
         (No Address)
     FRANK REED
         (No Address)
                           ----------------
   04-28-93 ASSIGNED TO SAMUEL FORTUNATO, COMMISSIONER DEPARTMENT OF
           INSURANCE., RECORDED 10-06-93.
                      *** End of Abstract ***
```

9b-2

```
                         SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: DJ-328724-2006
DATE DOCKETED: 12/12/06
TYPE OF ACTION: CERTIF OF DEBT
VENUE: MERCER
                                                    DEBT: $        200.00
  CREDITOR(S):
      DIV OF MOTOR VEHICLES
            ATTORNEY: PRO SE
  DEBTOR(S):
      FRANK M REED ,  DRIVERS LICENSE # = R21632677410772
                86 HIGHLAND AV, NEWARK, NJ 07104-1107
            ATTORNEY: PRO SE
                            ---------------
                         *** End of Abstract ***
```

9b-3

```
                         SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: PD-154183-2005
DATE ENTERED: 06/16/05
LIEN FOR LEGAL SERVICES
VENUE: MERCER
                                                    DEBT: $         50.00
  CREDITOR: OFFICE OF THE PUBLIC DEFENDER
  DEBTOR(S):
      FRANK M REED
            1ST FL,
              2018 GRIER AV, LINDEN, NJ 07036
         ATTORNEY: PRO SE
                            ---------------
                         *** End of Abstract ***
```

9b-4

```
                       SUPERIOR COURT OF NEW JERSEY
JUDGMENT NUMBER: PD-213865-2007
DATE ENTERED: 08/07/07
LIEN FOR LEGAL SERVICES
VENUE: MERCER
                                                DEBT: $        566.00
 CREDITOR: OFFICE OF THE PUBLIC DEFENDER
 DEBTOR(S):
     MICHAEL VOLPE
            715 CENTER ST, GARWOOD, NJ 07207
       ATTORNEY: PRO SE
           A/K/A
     FRANK REED
        (No Address)
           A/K/A
     MIKE VOLPE
        (No Address)
                               ---------------
                           *** End of Abstract ***
```

10. The following defendants are joined herein because they are the holder of an instrument or interest appearing of record which affect or may affect the Mortgaged Premises which has been paid in full but have not been discharged of record.

NONE.

11. In the event plaintiff is unable to determine the present whereabouts of defendants, Frank J. Reed, III and Christina A. Reed, his wife, or ascertain if he/she/they is/are presently alive, and as a precaution, plaintiff has joined the following persons as party defendants to this foreclosure action for any lien, claim or interest they may have in, to, or against the mortgaged premises:

> Frank J. Reed, III and Christina A. Reed, his wife, and each of their heirs, devisees, and personal representatives, and his, her, their or any of their successors in right, title and interest.

12. Pursuant to the terms of the Note and Mortgage, plaintiff (or its predecessors, successors or servicing agent), reserved the right to pay taxes, municipal charges, or other liens affecting the Mortgaged Premises, which charges or liens are superior to the lien of the Mortgage. When paid by plaintiff (or its predecessors, successors, or servicing agent), these taxes, municipal charges, or other liens, together with interest thereon, are to be added to the amount due plaintiff, whether such advances were made prior to the filing of this action or during its pendency.

13. Plaintiff has complied with the Fair Foreclosure Act N.J.S.A. 2A:50-53, et seq., by serving the required Notice of Intention to Foreclose at least 30 days in advance of filing of this complaint.

WHEREFORE, the plaintiff demands judgment:

(a)   Fixing the amount due on the Mortgage;

(b)   Barring and foreclosing the defendants and each of them of all equity of redemption in and to the Mortgaged Premises;

    (c)    Directing that plaintiff be paid the amount due as provided in the Mortgage, together with interest, fees, costs and advances;

    (d)    Adjudging that the Mortgaged Premises be sold according to law to satisfy the amount due to plaintiff on the Mortgage; and

    (e)    Appointing a receiver of the rents, issues and profits of the Mortgaged Premises.

### SECOND COUNT

1. Plaintiff hereby repeats, re-alleges, and incorporates the allegations set forth in the First Count of the Complaint, as if set forth herein at length.

2. By the terms of the Note and Mortgage, plaintiff is entitled to possession of the Mortgaged Premises and all appurtenances.

3. The Mortgagor(s) and Obligor(s) named herein has or may claim to have certain rights in the Mortgaged Premises, and by reason thereof, has or have deprived plaintiff of possession of the Mortgaged Premises.

WHEREFORE, plaintiff demands judgment against the defendants, except those protected by N.J.S.A. 2A:18-61.1, et. seq.:

    (a)    for possession of the Mortgaged Premises in favor of plaintiff or its assignee or designee, which right to possession shall be transferred to the successful purchaser at the foreclosure sale;

    (b)    for costs.

### CERTIFICATION PURSUANT TO RULE 4:5-1

I hereby certify that the matter in controversy is not the subject of any other Court proceeding or arbitration and that, to the best of my knowledge and belief, no other parties need be joined at this time, and that no other proceedings are contemplated.

### CERTIFICATION PURSUANT TO RULE 4:64-1(a) AND RULE 1:5-6(c)(1)(E)

I hereby certify that a title search of the public record has been received and reviewed

prior to the filing of this action.

                          ZUCKER, GOLDBERG & ACKERMAN, LLC
                          Attorneys for Plaintiff


                      By:_____
                          LEONARD B. ZUCKER
                          MEMBER OF THE FIRM

DATED: May 16, 2008

NOTICE REQUIRED BY THE
FAIR DEBT COLLECTION
PRACTICES ACT, (the act),
15 U.S.C. SECTION 1601 AS AMENDED

**THIS IS AN ATTEMPT TO COLLECT A
DEBT.  ANY INFORMATION OBTAINED
<u>WILL BE USED FOR THAT PURPOSE.</u>**

    1.  The amount due on the debt, as of 05/31/2006, is the sum of $1000000.00.  This sum does not include foreclosure fees and costs or any payments received or advances made after that date.

    2.  The debt described in the complaint attached hereto and evidenced by the copy of the mortgage and note, will be assumed to be valid by the creditor's law firm, unless debtors, within thirty (30) days after receipt of this Notice, disputes, in writing, the validity of the debt or some portion thereof.

    3.  If the debtor notifies the creditor's law firm in writing within thirty (30) days of the receipt of this Notice, that the debt or any portion thereof, is disputed, the creditor's law firm will obtain verification of the debt and a copy of the verification will be mailed to the debtor by the creditor's law firm.

    4.  If the creditor who is named as plaintiff in the attached summons and complaint, is not the original creditor, and if the debtor makes written request to the creditor's law firm within thirty (30) days from the receipt of this Notice, the name and address of the original creditor will be mailed to the debtor by the creditor's law firm.

    5.  Written request should be addressed to ZUCKER, GOLDBERG & ACKERMAN, LLC, 200 Sheffield Street, Suite 301, P.O. Box 1024, Mountainside, New Jersey  07092-0024.  Please refer to our file number, which is XCZ 102962.

**THIS IS AN ATTEMPT TO COLLECT A DEBT.
ANY INFORMATION OBTAINED
WILL BE USED FOR THAT PURPOSE.**