# **Exhibit X**



EXHIBIT
Carter-13
8-7-14

1  Standard Form of Real Estate Sales Contract adopted by the Burlington Camden County Association of REALTORS® and recommended for use only when: (1) A Listing
2  Agreement has been signed by Seller, and (2) the real estate being sold involves a one-to-four family residential property. This form has been certified by the
3  Attorney General to be in compliance with the Plain Language Law. Approval of a consumer contract by the Attorney General only means that simple,
4  understandable and easily readable language is used. It is not an approval of the contract's terms or legality.

7  **CONTRACT FOR SALE OF A ONE-TO-FOUR FAMILY RESIDENTIAL PROPERTY**

10  THIS IS A LEGALLY BINDING CONTRACT THAT WILL BECOME FINAL IN THREE BUSINESS DAYS.
11  DURING THIS PERIOD YOU MAY CHOOSE TO CONSULT AN ATTORNEY WHO CAN REVIEW AND CANCEL
12  THIS CONTRACT.  SEE SECTION ON ATTORNEY REVIEW FOR DETAILS.

14  THIS CONTRACT FOR SALE has been prepared on the 25th day of August, 2008.

16  BETWEEN _____ Frank J. Reed 3rd & Christina A. Reed _____ the Seller(s)

18  Whose address is _____ 817 Matlack Drive, Moorestown, NJ 08057 _____ and

20  _____ Mark Weaver _____ the Buyer(s)

22  Whose address is _____ 205 Dickens Drive, Delran, NJ  08075 _____

24  **TABLE OF CONTENTS**

26  1. Attorney Review                                              23. Home Inspection and Reports
27  2. Commencement of Attorney Review                              24. Infestation and/or Damage by Wood Boring Insects
28  3. Notices and Fax Transmission                                 25. Radon Information
29  4. Sale, Purchase and Property                                  26. Lead-Based Paint Document Acknowledgment
30  5. Personal Property and Fixtures                               27. Lead-Based Paint and/or Lead-Based Paint Hazard Contingency Clause
31  6. Purchase Price/Manner of Payment                             28. Notice of Off-Site Conditions
32  7. Deposit Monies                                               29. Airport Safety Zone
33  8. Sufficient Assets                                            30. Megan's Law Statement
34  9. Mortgage Contingency, Placement Fee (Points),Commitment Fee  31. Dispute Between Seller and Buyer over Deposit
35  10. Inspection by Lenders,, Surveyors: Certifications & Repairs 32. Failure of Buyer or Seller to Settle
36  11. Flood Areas                                                 33. Brokerage Fee
37  12. Possession, Occupancy and Tenancies                         34. Seller not Liable to Buyer after Settlement
38  13. Dates and Time for Performance                              35. Risk of Loss
39  14. Settlement Time and Place                                   36. No Reliance on Others
40  15. Settlement Costs and Money Adjustments                      37. Consumer Information Statement Acknowledgment
41  16. Deed and Other Documents Required for Settlement            38. Declaration of Licensee
42  17. Certificate of Occupancy and Zoning Compliance              39. No Assignment of Recording
43  18. Condominium/Homeowners Association Documents                40. Entire Contract, No Oral Representations
44  19. Quality and Insurability of Title                           41. Binding on Successors
45  20. Condition of Property                                       42. Additional Contract Provisions
46  21. Seller's Warranty and Pre-Settlement Inspection             43. Acknowledgment of Terms of Contract
47  22. Seller's Representation

50  **1. ATTORNEY REVIEW:**
51  A. Study by Attorney:
52  The Buyer or Seller may choose to have an attorney study this Contract. If an attorney is consulted, the attorney must complete his or her
53  Review of the Contracts within a three-day period. This Contract will be legally binding at the end of this three-day period unless an attorney
54  for the Buyer or the Seller reviews and disapproves of this Contract.
55  B. Counting the Time:
56  You count the three days from the date of delivery of the signed Contract to the Buyer and Seller. You do not count Saturdays, Sundays or
57  legal holidays. The Buyer and the Seller may agree in writing to extend the three-day period for attorney review.
58  C. Notice of Disapproval:
59  If an attorney for the Buyer or the Seller reviews and disapproves of the Contract, the attorney must notify the REALTOR(S)® and the other
60  party named in this Contract within the three-day period. Otherwise, this Contract will be legally binding as written. The attorney must send
61  notice of disapproval to the REALTOR(S)® by certified mail, by telegram or by delivering it personally. The telegram or certified letter will
62  be effective upon sending. The personal delivery will be effective upon delivery to the REALTOR(S)® office. The attorney may also, but
63  need not, inform the REALTOR(S)® of any suggested revision(s) in the Contract that would make it satisfactory.

66  **2. COMMENCEMENT OF ATTORNEY REVIEW:**
67  The parties acknowledge by their initials the date of delivery of this Contract signed by both Buyer and Seller to be as follows:

69  INITIALS AS TO BUYER (MW)(    )              INITIALS AS TO SELLER CR__
71  DATE   8/27/08                                DATE  8/27/08

74  **3. NOTICES AND FAX TRANSMISSIONS.**
75  A. Notices:
76  All notices required in this Contract must be in writing. All notices shall be by certified mail, by telegram, by personal delivery,
77  or by facsimile transmission (fax). The telegram, certified letter or facsimile transmission will be effective upon sending. The
78  personal delivery will be effective upon delivery to the other party. Each party must accept the certified mail, telegram or
79  facsimile transmission sent by the other party. Notices to the Seller shall be addressed as indicated on Line 18 of this Contract.
80  Notices to the Buyer shall be addressed as indicated on Line 22 of this Contract. Notices to the Realtors® shall be addressed to
81  the addresses as indicated in Paragraph 33 of this Contract. Notwithstanding the above, this notice provision shall not apply to
82  Paragraph 1, entitled "Attorney Review," which has its own methods of notice that must be strictly adhered to.
83  B. Contract, Counter Offer, Addendum, Amendment:
84  The facsimile transmission (fax) of a signed copy of this Contract, any counter offer, addendum or amendment to the other party
85  or their agent, followed by faxed acknowledgment of receipt, shall constitute delivery of the signed document. The Seller and
86  Buyer agree to confirm the faxed transmission by mailing or personally delivering a clear copy with original signatures to the
87  other party or their agent.



DEPOSITION
EXHIBIT UK
Reed-11
8-14-14

**4. SALE, PURCHASE and PROPERTY.**

The Seller agrees to sell and Buyer agrees to buy under the terms of this Contract:
(a) All that land, building(s) and improvements in the Municipality of __Moorestown__, County of __Burlington__ and State of New Jersey, being commonly known as __817 Matlack Drive__ identified on the Municipal Tax Map as Block __03803__, Lot(s) No(s) __00002__.
A description of the boundaries of the land is either attached as Schedule "A" or appears in Deed Book _____ at page _____, recorded in the Clerk or Register of Deed's Office of __Burlington__ County.
(b) All other rights of the Seller in the land.

**5. PERSONAL PROPERTY and FIXTURES.**

The property being transferred includes all fixtures permanently attached to the building(s), all shrubbery, plantings and fencing.
Also included:
All permanently attached fixtures, wall / wall carpeting, SubZero refrigerator, all window treatments.

Specifically excluded:
Swing set, and bathroom hanging mirror.

**6. PURCHASE PRICE/MANNER OF PAYMENT.**

The purchase price is __One Million Eight Hundred Thousand__ Dollars   $1,800,000
Payable as follows:
(1) Deposit paid upon signing of the Contract ............................................................... $50,000
(2) Additional deposit to be paid on or before .............................................................. $0
(3) At settlement, by certified or cashier's check and/or mortgage company check ............ $1,750,000
In the event of assumption of existing first mortgage or by Seller taking back Buyers' mortgage note and mortgage. *See Additional Contract Provisions*

PURCHASE PRICE ..................................................................................................... $1,800,000

**7. DEPOSIT MONIES.**

All deposit payments made by the Buyer on account of the purchase price shall be held in a ☐ non-interest bearing ☒ interest bearing (W-9 to be supplied to Escrow Holder with deposit) Trust Account of __B.T. Edgar & Son__ who is called the Escrow Holder and shall be applied on account of the purchase price upon compliance by the Buyer with this Contract. In the event the W-9 form is not returned or returned incomplete or unsigned, the down payment monies shall be placed in a Non-interest bearing trust account of the Escrow Holder.

**8. SUFFICIENT ASSETS.**

Buyer represents that as of the signing of this Contract, Buyer has or will have as of the date of settlement, all necessary cash assets, together with the mortgage loan proceeds, to complete settlement. Should the Buyer not have sufficient cash assets at the time of settlement, Buyer will be in breach of Contract and Seller shall be entitled to any remedies as provided by law.
Buyer further represents:
☒ the purchase of this property is NOT contingent upon the sale of any other real estate or personal property.
☐ in order to complete settlement, Buyer will require the proceeds from the sale of property located at _____, which is currently under Contract. A copy of such Contract of Sale shall be delivered to Seller, or Seller's agent, at the time of signing of this Contract.
☐ in order to complete settlement, Buyer will require the proceeds from the sale of property located at _____, which is NOT currently under Contract.
A right of first refusal provision is attached and made a part of this Contract of Sale.

Seller represents that as of the date of settlement, Seller will have sufficient assets, including, but not limited to, the equity in the property, to satisfy all liens, encumbrances and costs to complete settlement.

**9. MORTGAGE CONTINGENCY, PLACEMENT FEE (POINTS), COMMITMENT DATE:**

If payment of the purchase price requires a mortgage loan other than by the Seller or other than assumption of Seller's mortgage, the Buyer shall apply for the loan in writing on lender's standard form within seven (7) days after the expiration of the Attorney Review period (Paragraph 1) and use their best efforts to obtain it. The Buyer shall supply all necessary information and fees required by the proposed lender and shall authorize the lender to communicate with the real estate broker(s) and involved attorney(s). The Buyer shall obtain a written commitment from an established mortgage lender to make a loan on the property under the following terms.

Principal Amount: $_____  Type of Mortgage: ( ) VA ( ) FHA ( ) Conventional ( ) Other.

Term of Mortgage: _____ years, with monthly payments based on a _____ year payment schedule.
If VA guaranteed or FHA insured, minimum amount of appraisal required: $_____, See FHA/VA AMENDATORY CLAUSE attached to and made part of this contract.
At settlement, Seller shall also pay $_____ to be applied toward Buyer's escrow items, closing costs, and/or points. This amount shall not exceed the maximum credit permitted by Buyer's Mortgage Lender. Each "point" being 1% of Buyer's mortgage loan.

The written mortgage commitment must be delivered to the Seller's agent who is the Listing Broker identified in Paragraph 33 no later than the _____ day of _____, 20____. Should Buyer require additional time to obtain the written mortgage commitment, the commitment date shall automatically be extended for a period not to exceed _____ days. If such

169 ~~extension shall cause the commitment date to extend beyond the settlement date specified in paragraph 14 then the settlement~~
170 ~~date shall be extended for____ days~~ after the revised commitment date. In the event ~~the mortgage commitment is not delivered~~
171 ~~by the specified date, or any extended date permitted by the Seller, this Contract shall be deemed null and void. In that event,~~
172 ~~the deposit monies paid by the Buyer,~~ shall be returned to the Buyer unless ~~failure to obtain~~ the mortgage commitment is the
173 ~~result of the Buyer's negligence or intentional conduct or failure to diligently pursue the mortgage application.~~
174
175

10. **INSPECTION BY LENDERS, SURVEYORS: CERTIFICATIONS & REPAIRS.**
Seller agrees to permit inspections of the property by authorized appraisers, inspectors and surveyors that may be requested by Buyer and/or Buyer's mortgage lender.
All mandatory certifications required by the Buyer's mortgage lender shall be paid for by the Buyer, except as otherwise provided in this Contract.
All mandatory repairs required by the Buyer's mortgage lender, or as a condition of those certifications, shall be accomplished before settlement at the Sellers expense, except as otherwise noted in this Contract. If the total cost of those repairs is more than $ 200.00 , this Contract may be declared null and void at the option of the Seller and all deposit monies paid by the Buyer toward the purchase price shall be refunded to the Buyer, without further liability to the Seller, or the Buyer may elect to make the repairs in excess of $ 200.00 at the Buyer's expense and in that event, this contract shall remain in full force and effect.

11. **FLOOD AREAS.**
The federal and state governments have designated certain areas as flood areas. If the property is located in a flood area, the use of the property may be limited. The Seller is not aware that the property is in a flood area; however, this does not ensure that your lender may not require flood insurance. If Buyer's inquiry reveals that the property is in a flood area, the Buyer may cancel this Contract within ten (10) business days after the expiration of the Attorney Review Period. If the mortgage lender requires "flood insurance" then the Buyer shall be responsible for obtaining such insurance on the property.

12. **POSSESSION, OCCUPANCY and TENANCIES.**
Possession and occupancy will be given to Buyer at time of settlement. However, if the property is to be tenant occupied as of the date of settlement, see **TENANCY ADDENDUM** and leases attached and made a part of this contract.

13. **DATES AND TIME FOR PERFORMANCE.**
The Seller and the Buyer agree that all dates and times for performance of this Contract are **OF THE ESSENCE**. This means that the Seller and Buyer must perform what is required of them within the time limits set by this this Contract, or be in default, except as provided in this Contract.

14. **SETTLEMENT TIME and PLACE.**
Settlement is the meeting at which time the Seller transfers ownership of the property by Deed to the Buyer and the Buyer pays the Seller the remainder of the purchase price.
Settlement shall take place at _____ Infinity Title Co. - 33 E. Main St., Moorestown, NJ _____ or at such place as may be required by the mortgage lender on the _____ 29th _____ day of _____ September _____, 2008 _____. at _____ TBD _____ o'clock _____.M. The date, but not the hour, shall be of the essence. Where there is a designated title insurance company, the proceeds check will be issued by it or by its authorized agent.

15. **SETTLEMENT COSTS and MONEY ADJUSTMENTS.**
Seller shall pay for the preparation of the Deed, realty transfer fee, lien discharge fees, if any, and one-half of the title company charges for disbursements and attendance allowed by the Commissioner of Insurance; but all searches, title insurance premium and other conveyancing expenses are to be paid for by the Buyer, unless the Seller and the Buyer provide differently in writing.
Seller and Buyer shall make prorated adjustments at settlement for items which have been paid by Seller or are due from Seller such as taxes, water and sewer charges which could be claims against the property, rental and security deposits, association and condominium dues, and fuel in Seller's tank. Adjustments of fuel shall be based upon physical inventory and pricing by the Seller's supplier; such determination shall be conclusive.
If Buyer is assuming Seller's mortgage loan, Buyer shall credit Seller for all monies such as taxes and insurance premiums paid in advance or on deposit with Seller's mortgage lender. Buyer shall receive a credit for monies which the Seller owes to Seller's Mortgage lender, such as current interest or a deficit in the mortgage escrow account. There shall be no adjustment on any Homestead Rebate due or to become due.

16. **DEED and OTHER DOCUMENTS REQUIRED FOR SETTLEMENT.**
A Deed is a written document used to transfer ownership of property. Seller agrees to provide and the Buyer agrees to accept a Bargain and Sale Deed with Covenants against Grantor's (Seller's) acts. This means that the Seller has done nothing to encumber the title while being the owner. If the Seller is a corporation, it will also deliver a corporate resolution authorizing the sale. The Seller shall give to the Buyer and/or title company an Affidavit of Title and executed IRS 1099S form for reporting the sale. An Affidavit of Title is a sworn statement which contains information clarifying the Seller's ownership of the property, such as marital status, right of tenants, claims on record against people having similar name as Seller.
Seller(s) state they are, are not, foreign persons or non-resident aliens for the purpose of U.S. income taxation and will, if required, provide a certificate of non-foreign status at, or before, settlement as to each Seller.

17. **CERTIFICATE OF OCCUPANCY AND ZONING COMPLIANCE.**
Seller makes no representation concerning existing zoning ordinances except that Seller's use of the property is not presently in violation of any zoning ordinances and its present use as a _____ single _____ family dwelling may be continued.
Some municipalities may require a Certificate of Occupancy or Housing Code Letter to be issued. If any is required for this property, Seller shall obtain it at Seller's expense and shall be responsible to make and pay for any repairs required in order to obtain the Certificate or Letter. However, if this expense should exceed $ 300.00 to the Seller, then the Seller may terminate this contract and refund to the Buyer all deposit monies plus Buyer's reasonable expenses, if any, in preparing to make settlement. The Buyer may elect to make repairs in excess of $ 300.00 at the Buyer's expense. In addition, Seller shall comply with the New Jersey State Law, and local ordinances, including but

not limited to smoke detectors, carbon monoxide detectors and indoor sprinklers, the cost of which shall not be considered as a repair cost.

**18. CONDOMINIUM/HOMEOWNERS ASSOCIATION DOCUMENTS.**
If the property is a condominium, or is subject to a homeowners' association, Seller shall prior to or at the time of the signing of this Contact, provide Buyer with a copy of the current rules, regulations and by-laws of the condominium, and/or homeowners' association. The name(s), address(es) and telephone number(s) of the Association(s) is/are: N/A
_____
_____

Seller, if required, shall provide Buyer with written approval by the condominium or homeowners' association for Buyer's purchase of the property. Prior to settlement, Seller shall provide a "Status of Account" letter and Certificate of Insurance for the Association.
Seller represents that the current annual association fee is $ N/A_____ . Buyer acknowledges that associations commonly require a one-time non-refundable capital contribution or start-up fees.

**19. QUALITY and INSURABILITY OF TITLE.**
The title to be transferred shall be a marketable title and insurable at regular rates by a reputable title insurance company authorized to do business in the State of New Jersey.
The title shall be free and clear of all encumbrances including municipal liens and assessments and liabilities for future assessments for improvements constructed and completed; however, title shall be subject to liabilities for assessments for municipal improvements not completed on the date of this Contract. Seller represents that Seller ☐ has ☒ has not been notified of any such assessments. All liens and encumbrances shall be satisfied at or before time of settlement.
The title shall be subject to all existing utility easements and restrictions of record, provided such easement or restriction does not unreasonably limit the use of the property. Generally, an easement is a right of a person, other than the owner, of the property to use a portion of the property for a special purpose. A restriction is a recorded limitation on the use of the property. A violation of any restriction shall not be a reason for Buyer refusing to complete settlement as long as the Title Company insures the Buyer against actual loss at regular rates..
The Seller states, to the best of the Seller's knowledge, that there are no restrictions in any conveyance or plans of record that will prohibit use and/or occupancy of the property as a ____single____ family residential dwelling.
The Seller states that all buildings and other improvements on the property are within its boundary lines. Also, that no improvements on adjoining properties extend across the boundary lines of this property. In the event the Seller is unable to transfer the quality of title required and if the Buyer is unwilling to accept Seller's title without a reduction of the purchase price, the monies paid by Buyer toward the purchase price shall be returned to the Buyer, together with expenses of examining the title, making survey, mortgage application fees and Buyer's other reasonable expense in preparing for settlement without further liability to the Seller.

**20. CONDITION OF PROPERTY.**
The land and buildings shall be transferred in the same condition as they now appear, reasonable wear and tear excepted. This means that the property is being sold in its present conditions unless otherwise warranted hereinafter. In addition, Seller shall leave the property free of debris and in broom-clean condition.

**21. SELLER'S WARRANTIES AND PRE-SETTLEMENT INSPECTION.**
A warranty is a promise. Seller warrants that the plumbing, electrical and heating systems together with all equipment servicing those systems, the central air-conditioning, if existing, and all appliances, at time of settlement, are in good operating condition. Buyer shall have the right to inspect the property immediately prior to settlement to ensure that these items are in working order, also that the conditions of the property are as agreed.
Seller shall have all utilities in service during the 48-hour period immediately preceding settlement.

**22. SELLER'S REPRESENTATION.** (Check appropriate box)
Seller represents that the property is serviced by: ☒ public ☐ private waste disposal. If private waste disposal, see attached **PRIVATE WASTE DISPOSAL ADDENDUM.**
Seller represents that the property is serviced by ☒ public ☐ private drinking water source. If private drinking water source, see attached **WELL DRINKING WATER TEST ADDENDUM.**
Seller represents that to the best of Seller's knowledge there ☒ is/are no underground fuel tank(s), ☐ is/are underground fuel tank(s) on the property, ☐ was/were underground fuel tank(s) which was/were properly removed, ☐ is/are underground fuel tank(s) which was/were properly abandoned in place pursuant to the rules and regulations of NJDEP. If an underground fuel tank(s) is present see attached **UNDERGROUND FUEL TANK ADDENDUM.**

**23. HOME INSPECTION and REPORTS.**
Although the premises is being purchased in its present condition, it is recommended that the Buyer obtain an inspection. The Seller will make the property available to the Buyer's qualified inspectors for the purpose of inspecting the property at Buyer's expense to assure that:

    A.  The heating, air-conditioning, plumbing and electrical systems are in good operating condition.
    B.  The foundation and structure of the building(s) and garage(s) are sound and that there is no water intrusion into the premises;
    C.  The roof and flashings do not leak and are structurally sound;
    D.  The doors and windows (including seals), fireplaces and chimneys are in good operating condition;
    E.  There are no adverse environmental conditions affecting the property, such as the presence of toxic mold, radon gas of 4.0 pCi/l or greater, air-borne asbestos fibers, toxic chemicals or other pollutants in the soil, air or water.

These inspections are to be performed within 10 business days from the expiration of the Attorney Review Period. If the reports disclose defects in the items mentioned above, Buyer shall supply to Seller or Seller's agent within that 10 day period, those portions of the reports describing said defects, together with a list of requested repairs. The Seller shall then have 5 business days to respond in writing to the Buyer or Buyer's agent. If the Seller does not respond within 5 business days, or if the Seller refuses to make the requested repairs at Seller's expense, then the Buyer may cancel this Contract by giving written notice to the Seller or Seller's agent within 3 business days thereafter. In that event, all deposit monies shall be returned to Buyer and neither party shall have any further obligation to the other.

If Buyer does not obtain and deliver these inspection reports within that 10-day period, Buyer's rights under this paragraph shall be deemed waived and this Contract shall remain binding. The time for delivery of these reports is of the essence.

"Qualified inspector" is defined as someone who is licensed or certified by a governmental authority having jurisdiction for such purposes. Where licensure or certification is not required by law for any such inspector, the term "qualified inspector" shall mean persons who are regularly engaged in the business of inspecting residential properties for a fee and who generally maintain good reputations for skill and integrity in their areas of expertise.

The fact that a structural element, system or subsystem is near, at or beyond the end of the normal useful life of such a structural element, system or subsystem is not by itself a material defect.

Maintenance and cosmetic items that are included in inspection reports are for the Buyer's information only and are not covered by the provisions of this paragraph.

Should Buyer's inspection fail to reveal existing defects in the property, Buyer's sole and exclusive remedy shall be against the inspectors providing such services.

Attached is a Seller's disclosure statement to Buyer regarding the property   (Check appropriate box)

☒ Yes
☐ No

**24. INFESTATION and/or DAMAGE by WOOD BORING INSECTS.**
The Buyer is permitted to have the accessible areas of the building and detached garage(s) inspected by a reputable exterminating company of Buyer's choice to determine if there is any damage caused or infestation by termites or other wood destroying insects. The Buyer will pay for this inspection. The inspection report shall be furnished to the Seller or Seller's agent no later than ____10____ days prior to settlement. If infestation or damage is found, the Seller, at the Seller's expenses, shall have the infestation treated and have repaired or replaced any wood which is deemed to be unserviceable in the opinion of a professional engineer or building contractor. Treatment and/or repairs are to be completed before settlement. If the estimate for the treatment and/or repairs exceeds $1,500.00_____, Seller, at Seller's option, may cancel this Contract. If Seller elects to cancel this Contract, all deposit monies plus the Buyer's reasonable expenses, if any, in preparing to make settlement shall be refunded to the Buyer. The Buyer may agree to accept the premises without the treatment and/or repairs in which case the Seller shall allow a credit of up to $1,500.00_____ against the purchase price at time of settlement. The failure of the Buyer to furnish the inspection report to the Seller or Seller's agent within the time provided will constitute a waiver by the Buyer or Buyer's rights under this clause.

**25. RADON INFORMATION. (Check one)**
☐ Seller has obtained a radon test. The results of the test are being provided to the Buyer.
☒ Seller represents that Seller is unaware of any such tests having been made.

**26. LEAD-BASED PAINT DOCUMENT ACKNOWLEDGMENT (applies to dwellings built before 1978)**
Buyer acknowledges receipt of the EPA pamphlet entitled "Protect Your Family From Lead in Your Home". Moreover, a copy of a document entitled DISCLOSURE OF INFORMATION AND ACKNOWLEDGMENT LEAD-BASED PAINT AND LEAD-BASED PAINT HAZARDS has been fully completed and signed by Buyer, Seller and Broker(s) and is attached and made part of this Contract.

**27. LEAD-BASED PAINT and/or LEAD-BASED PAINT HAZARD CONTINGENCY CLAUSE.**
This paragraph is applicable to all dwellings built prior to 1978. Unless the Buyer and Seller agree to a longer or shorter period, Buyer has a ten (10) business day period within which to complete an inspection and/or risk assessment (the "Inspection") of the Property by a certified inspector/risk assessor for the presence of lead-based paint hazards. The Inspection shall be ordered and obtained by the Buyer at the Buyer's expense, within ten (10) business days from the expiration of the Attorney Review Period. If the Inspection indicates that no lead-based paint or lead-based paint hazard is present at the Property, this contingency clause shall be deemed to be null and void. If the Inspection indicates that lead-based paint or lead-based paint hazard is present at the Property, this contingency clause will terminate at the time set forth above unless within five business days of receiving the inspection results, the Buyer delivers a copy of the inspection and/or risk assessment report to the Seller and Broker(s) and (a) advises Seller and Broker(s), in writing that Buyer is voiding this Contract; or (b) delivers to Seller and Broker(s) a written amendment (the "Amendment") to this Contract listing the specific existing deficiencies and corrections required by the Buyer. The Amendment shall provide that the Seller agrees to (a) correct the deficiencies; and (b) furnish the Buyers with a certification from a certified inspector/risk assessor that the deficiencies have been corrected, before the date of settlement. The Seller shall have __5__ days after receipt of The Amendment to sign and return it to Buyer or send a written counter-proposal to Buyer. If Seller does not sign and return the amendment or fails to offer a counter-proposal, this Contract shall be null and void and all deposit monies paid by Buyer toward the purchase price shall be refunded to the Buyer, without further liability to the Seller. In the event Seller offers a counter-proposal, Buyer shall have __5__ days after receipt of the counter-proposal to accept it. If the Buyer fails to accept the counter-proposal within the time limit provided, this Agreement shall be null and void and all deposit monies paid by Buyer toward the purchase price shall be refunded to the Buyer, without further liability to the Seller.

**28. NOTICE OF OFF-SITE CONDITIONS. (This statement is required by the New Jersey Real Estate Commission for Residential Resale Properties).**
Pursuant to the New Residential Construction Off-Site Conditions Disclosure Act, P.L. 1995, c.253 the clerks of municipalities in New Jersey maintain lists of off-site conditions which may affect the value of residential properties in the vicinity of the off-site condition. Purchasers may examine the lists and are encouraged to independently investigate the area surrounding this property in order to become familiar with any off-site conditions that may affect the value of the property. In cases where a property is located near the border of a municipality, purchasers may wish to also examine the list maintained by the neighboring municipality. If new construction, see attached NOTIFICATION REGARDING OFF-SITE CONDITIONS ADDENDUM.

**29. AIRPORT SAFETY ZONE. (Check applicable box)**
Seller represents that the property identified in Paragraph 1 of this Contract ☐ is ☒ is not located in an AIRPORT SAFETY ZONE as defined by the New Jersey Air Safety and Zoning Act of 1983, amended by L1991C445.

30. **MEGAN'S LAW STATEMENT.** (This statement is required by the New Jersey Real Estate Commission.)
Under New Jersey Law, the county prosecutor determines whether and how to provide notice of the presence of convicted sex offenders in the area. In their professional capacity, real estate licensees are not entitled to notification by the county prosecutor under Megan's Law and are unable to obtain such information for you. Upon settlement, the county prosecutor may be contacted for such further information as may be disclosable to you.

31. **DISPUTE BETWEEN SELLER AND BUYER OVER DEPOSIT.**
The Escrow Holder is not required to resolve any dispute which might arise between the Seller and Buyer concerning deposit payments in the Trust Account. The Escrow Holder will require from both the Seller and Buyer their written permission to pay out the deposit payment from the Trust Account. If the dispute is not resolved, the Escrow Holder will retain the deposit money until the Buyer and/or Seller receive an order from the Court regarding distribution.

32. **FAILURE OF BUYER OR SELLER TO SETTLE: BROKER'S RIGHT TO BROKERAGE FEE:**
In the event the Seller or Buyer fails to settle in accordance with this Contract, either may commence any legal or equitable action against the other as may be permitted by law. If Seller breaches this Contract, Seller will nevertheless be liable to the Broker for a brokerage fee as otherwise set forth in the Listing Agreement Contract. If Buyer breaches this Contract, Buyer will nevertheless be liable to the Broker for damages as determined by the Court, which may be equivalent to the brokerage fee in this Contract.

33. **BROKERAGE FEE: LIEN ON PROCEEDS.**
The Seller agrees to pay the named real estate broker(s) for services rendered in procuring this sale.
This fee is payable as follows:

B.T. Edgar & Son       Phone: (856) 235-0101       **As stated in Listing Agreement**
Listing Broker                                      Brokerage Fee
27 E. Main Street, Moorestown, NJ 08057    Fax: (856) 722-9190
Address and Telephone Number

_____       **As stated in MLS**
Selling Broker                                      Brokerage Fee
_____
Address and Telephone Number

The brokerage fee shall be due and payable at the time of actual settlement and all purchase money consideration has been received by the Seller. The Seller agrees and acknowledges that the dollar amount of the brokerage fee shall be a lien (a legal claim) on the purchase money proceeds derived from the sale of the subject property. The Seller, by this Contract, authorizes and directs the Buyer's attorney, or the title insurance company, whichever is the case, to pay to the broker(s) the full brokerage fee out of the proceeds of sale, prior to the payment of any funds to the Seller. The brokerage fee bill, duly receipted by the broker or broker's agent, or the closing attorney's or title insurance company's check in payment of such brokerage fee, shall be deemed a release and discharge of this lien.

34. **SELLER NOT LIABLE TO BUYER AFTER SETTLEMENT.**
All warranties, guarantees, representations of Seller concerning the property, the systems servicing the property, the appliances, lot lines, location of structures, driveways, fences and any other matter affecting this Contract, unless otherwise set forth in writing shall be absolutely void after settlement or delivery and acceptance of possession or occupancy, whichever is earlier. Buyer acknowledges they have the right to purchase a home warranty.

35. **RISK OF LOSS.**
The risk of loss or damage to the property by fire or otherwise, except ordinary wear and tear, is the responsibility of the Seller until settlement.

36. **NO RELIANCE ON OTHERS.**
This Contract is entered into by the Seller and Buyer based upon their full understanding of the meaning of all the provisions of this Contract, and upon the knowledge of the parties as to the value of the land and whatever buildings are upon same, and not on any representations made by either of them to the other, or by the real estate broker(s) involved. The Broker(s) named in this Contract, their personnel and associates are not to be held liable either to Seller or Buyer for the performance or non-performance of any of the terms of this Contract. Seller and Buyer agree that they are entering into this Contract without any reliance upon any representations or statements which may have been made by personnel or associates of the realty firm(s).

37. **CONSUMER INFORMATION STATEMENT ACKNOWLEDGMENT.**
By signing below the Seller(s) and Buyer(s) acknowledge they received the Consumer Information Statement on New Jersey Real Estate Relationships from the brokerage firms involved in this transactions prior to the first showing of the property.

38. **DECLARATION OF LICENSEE BUSINESS RELATIONSHIP(S).**
B.T. Edgar & Son _____ (name of firm) AND
Louse Marsh Carter _____ (name(s) of licensee(s))

AS ITS AUTHORIZED REPRESENTATIVE(S), ARE WORKING IN THIS TRANSACTION AS (choose one):
____ SELLER'S AGENT(S)                    ____ BUYER'S AGENTS(S)
_X_ DISCLOSED DUAL AGENT(S)               ____ TRANSACTION BROKER(S)

INFORMATION SUPPLIED BY _____ (name of firm) AND
_____ (name(s) of licensee(s))

INDICATED THAT IT IS OPERATING IN THIS TRANSACTION AS A (choose one):
____ SELLER'S AGENT(S)                    ____ BUYER'S AGENT
____ DISCLOSED DUAL AGENT(S)              ____ TRANSACTION BROKER

39. **NO ASSIGNMENT OR RECORDING.**
    This Contract shall not be assigned. This means that neither the Buyer nor the Seller may transfer the rights under this Contract to anyone else. Neither this Contract nor a memorandum of it shall be recorded in the County Recording Office.

40. **ENTIRE CONTRACT, NO ORAL REPRESENTATIONS.**
    This contract is the entire and only Contract between Buyer and Seller and cancels and replaces any previous agreements between them. This Contract may be changed only in writing signed by both Buyer and Seller. ANY REPRESENTATIONS OR AGREEMENTS NOT CONTAINED IN THIS CONTRACT ARE OF NO EFFECT.

41. **BINDING ON SUCCESSORS.**
    This Contract is binding not only on the Seller and Buyer, but also on their heirs, personal representatives, and successors.

42. **ADDITIONAL CONTRACT PROVISIONS.**

    _____
    (blank lines 499–537)

43. **ACKNOWLEDGMENT OF TERMS OF CONTRACT.**
    The Seller and Buyer agree to the terms of this Contract by signing below. If a corporation is a party, this Contract is signed by its proper corporate officers pursuant to a corporate resolution, and its corporate seal is affixed.

| Witness | Date | Seller | Date |
|---|---|---|---|
| [signed] Lemuel M. Cart | 8/25/08 | [signed] | 8/25/08 |
| [signed] Lemuel M. Cart | 8/25/08 | [signed] Christina Alleed | 8/25/08 |
| Witness | Date | BUYER [signed] Mark | 8/27/08 |
| Witness | Date | BUYER | Date |

THIS CONTRACT PREPARED BY: _____
(Individual Licensee)

Printed Using Professional Computer Forms Co. On-Line Forms Software 3/05