# **Exhibit OO**

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **REED SMITH LLP** |
| 250 West 55th Street | *Formed in the State of Delaware* |
| New York, NY 10019 | Princeton Forrestal Village |
| Tel. (212) 468-8000 | 136 Main Street, Suite 250 |
| Fax: (212) 468-7900 | Princeton, NJ 08540 |
| Norman S. Rosenbaum | Tel. (609) 987-0050 |
| Jordan A. Wishnew | Fax: (609) 951-0824 |
| Meryl L. Rothchild | Diane A. Bettino |
| | Kellie Lavery |
| | |
| *Counsel for the ResCap Borrower Claims Trust* | *Co-Counsel for the ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | : |
| | : Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | : |
| | : Chapter 11 |
| Debtors. | : |
| | : Jointly Administered |
| | : |
| | : |

**THE RESCAP BORROWER CLAIMS TRUST'S FIRST REQUEST
FOR PRODUCTION OF DOCUMENTS DIRECTED TO CLAIMANTS**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] (the "Plan") confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), by their undersigned counsel, and pursuant to Rule 34 of the Federal Rules of Civil Procedure and Rules 3007, 9014, and 7034 of the Federal Rules of Bankruptcy Procedure, hereby submits to the claimants' Christina and Frank Reed ("Claimants" or the "Reeds") the following First Request For Production Of Documents.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, made applicable here by Rules 7026 and 7034 of the Federal Rules of Bankruptcy Procedure, the Borrower Trust hereby requests that the Claimants produce for inspection and copying all Documents responsive to these Document Requests no later than Monday, July 28, 2014, and provide such answers to the Borrower Trust's counsel: Morrison & Foerster LLP, 250 W. 55th Street, New York, New York, 10019; Reed Smith LLP, Princeton Forrestal Village, 136 Main Street, Suite 250, Princeton, New Jersey, 08540. Each of the following Document Requests is to be read and responded to in accordance with the Definitions and Instructions below.

## **DEFINITIONS**

Unless otherwise specified, the following definitions apply:

1. Pursuant to Rule 26.3(a) of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Civil Rules"), the full text of the definitions and rules of construction set forth in Local Civil Rule 26.3(c) and (d) are incorporated herein by reference. The Definitions described herein also apply.

2. "Bankruptcy Case" shall mean that certain Chapter 11 proceeding in which Residential Capital, LLC ("ResCap") and certain of its affiliates are the debtors (the "Debtors") and which is pending in the United States Bankruptcy Court for the Southern District of New York, Case Number 12-12020 (MG).

3. "Claimants" shall refer to Christina and Frank Reed.

4. "Contested Matter" shall mean the objection interposed by the Borrower Trust to the Proofs of Claim.

5. "Proofs of Claim" shall refer to the claims filed by Christina and Frank Reed in the Bankruptcy Case, designated as Claim Nos. 3759 and 4736 asserted against GMAC Mortgage, LLC ("GMACM") and Claim Nos. 3708 and 4759 asserted against Residential Funding Company, LLC ("RFC").

6. "Mortgage Loan" shall refer to the loan dated May 31, 2006, entered into between Claimants and Metrocities Mortgage, LLC.

7. "Foreclosure Case" shall refer to the complaint filed in the Chancery Division, Superior Court of New Jersey, Burlington County, captioned GMAC Mortgage, LLC v. Frank J. Reed and Christina Reed, et al., Docket Number F-19177-08.

8. "Law Division Case" shall refer to the complaint filed in the Law Division, Superior Court of New Jersey, Burlington County, captioned Frank J. Reed III and Christina A. Reed v. GMAC Mortgage, et al., Docket Number L-1526-10.

    9.     "Property" or "Properties" shall mean one or a combination of the properties located at (i) 817 Matlack Drive, Moorestown, New Jersey, 08057 (ii) 9717 Old Dell Trace, Richmond, Virginia, 23238, (iii) 133 Brooks Chase Lane, Richmond, Virginia, 23229; (iv) 318 Columbia Avenue, Stratford, New Jersey, 08081; (v) 52 Stone Hollow Drive, Sickleville, New Jersey, 08081; and (vi) 318 Darien Drive, Cherry Hill, New Jersey, 08003.

    10.    The term "communication" means, without limitation, any oral, written or electronic transmission of information, demands or questions, including, but not limited to conversation, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, writings, letters, messages, notes or memoranda.

    11.    The term "document" means each and every form in which information is kept, however, produced, reproduced or stored, in your actual or constructive possession, custody or control, or of which you have knowledge of its existence, and whether prepared, published or released by you or by any other person or entity, including but not limited to, letters, reports, agreements, duty rosters, correspondence, intra-office or inter-office correspondence, telegrams, minutes or records of meetings, reports or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories, financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars, statements, work papers, videotapes, photographs, pamphlets, brochures, advertisements, trade letters, press releases, drawings, recaps, maps, tables, articles, summaries of conversations, computer cards, tapes, disks, and other means of electronically or magnetically maintained information, and printouts.

    12.    "Documents" shall also include all electronic data, including emails and any related attachments, electronic files or other data compilations that relate to the categories of "documents" listed above, whether stored on a personal computer, network computer system, backup computer tape, servicer, and/or disk, or by some other storage mechanism or database.

    13.    The term "document" also includes, without limitation, all originals and non-identical copies.  "Document" includes a copy of the original when the original is not in the possession, custody or control of you, and every non-identical copy of the original.

    14.    Any document bearing on any sheet or side thereof, any marks, including, by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not part of the original test, or any reproduction thereof, is to be considered a separate document.

    15.    The term "identify," when used with respect to documents, means that you are required, for each and every document, to:

        a.    State its exact name and title;

        b.    State the author or generator;

        c.    State each addressee;

        d.    State all individuals designated on the document to receive a copy or otherwise known to have received a copy;

        e.    State the date on which you first received, or received knowledge of, the document and the source from whom you received the document or knowledge thereof;

    f. State the date of the document and all other serial or identifying numbers thereon;

    g. State its general subject matter;

    h. Describe the document by type, i.e., a letter, newspaper, memorandum, or other type of document;

    i. Specify the location of any file or files where the document, or any copy thereof, is normally or presently kept; and

    j. State the present custodian for each copy thereof and the last known address for each custodian.

In lieu of identifying a document, the particular document may be referred to and produced.

  16. The term "identify," when used with respect to a communication, discussion or meeting, means that you are required to:

    a. State the type of communication, discussion, or meeting (e.g., telephone conversation, face-to-face conversation, staff meeting);

    b. State the date or approximate date of the communication;

    c. State the location where the communication took place;

    d. state the identity of all persons who participated in the communication and of all persons with knowledge of the communication or of the subject matter thereof; and

    e. state the subject matter of the communication.

  17. The term "identify," when used with respect to an individual, corporation, or other entity, means that you are required to:

    a. state his or her full name;

    b. state his or her last known residence and business address, last known employer, job title and job description; and

    c. if a corporation or other entity, its principal place of business.

  18. The term "person" means any entity that has a separate identity, recognized in law or in fact to have legal rights and obligations.  This term includes, but is not limited to, any natural person, corporation, partnership, joint venture, association, company, group, organization, trust, estate, business or governmental entity or agency (public or private), a committee, subcommittee, board or any other public or private entity whatsoever.

  19. "You" or "your" refer to the person or entity to whom this Request is directed.

  20. The term "relating to" or "related to" means comprising, constituting, consisting of, describing, discussing, explaining, reflecting, containing, proposing, showing, citing, pertaining to, regarding, evidencing, concerning, summarizing, analyzing, implying, authorizing, respecting, recording, noting, embodying, mentioning, studying, evaluating, or referring to, whether directly or indirectly, the matter discussed.

-4-

21.     The term "representative" means any person, including any attorney or agent, who acts, has acted or has at any time been requested or solicited to act, for the benefit or on the behalf of any other person, with that other person's knowledge, consent or acquiescence.

## INSTRUCTIONS

All Documents produced shall be organized and labeled to correspond to each category in this Document Request. Claimants shall produce a written response to this Document Request, including a log of Documents withheld under the claim of privilege, together with all Documents responsive to this Document Request within the time-frame required under the applicable rules. Such production shall be made at the offices of undersigned or at such other place as may be mutually agreed upon by counsel for the parties.

**Applicable Time Period**

Unless otherwise specified herein, the following requests relate to a time period extending from May, 2006 to present. Accordingly, the following requests shall be deemed to be continuing so as to require further and supplemental production by you of documents which originate or fall within the scope of the following requests at any time prior to the filing of any plan of reorganization.

**Destroyed Documents**

If any documents requested herein or fairly comprised within the scope of the following requests have been lost or destroyed, please provide in lieu of a true and correct copy thereof a list of each document so lost or destroyed together with the following information: (a) the date of origin; (b) a brief description of such document; (c) the author of the document; (d) the date upon which the document was lost or destroyed; and (e) a brief statement of the manner in which the document was lost or destroyed.

**Objections to Production**

In the event that any objection is made to the production of any document fairly comprised within the scope of the following requests, please furnish in lieu of the production of such document a list of each document withheld from production together with the following information: (a) the reason for withholding production; (b) a statement of the facts constituting the basis for your withholding the document from production; and (c) a brief description of the documents withheld, including (i) the date upon which the document was originated, (ii) the identity of its author or preparer, (iii) the identity of each person who was a recipient of the document, (iv) the specific request which encompasses the document, (v) a brief description of the subject matter of the document, and (vi) the identity of all persons who have personal knowledge of subject matter.

**Business, Trade Secret or Proprietary Information**

If any of the following requests comprise documents which you contend contain confidential, business, trace secret or proprietary information, you shall not withhold such documents on the grounds of confidentiality, but shall forthwith advise all parties to this litigation of the confidential nature of such material and request all parties to stipulate to the entry of an appropriate order preserving such confidentiality.

**Claims of Privilege**

If you consider any document responsive to any request to be privileged, then, with regard to each document, state the date of the document and describe the document generally, explain fully the basis of the claimed privilege, identify the author, all signatories of the document and all recipients of the document.

## **REQUESTS FOR PRODUCTION**

1. All documents referred to in your responses to the Interrogatories which were served simultaneously upon you along with this First Request for Production of Documents.

2. All documents which mention, discuss, describe, relate to, refer to or embody the allegations in the Proofs of Claim.

3. All documents which mention, discuss, describe, relate to, refer to or embody any communications between you and the Debtors concerning your Mortgage Loan or the servicing of your Mortgage Loan.

4. All documents you sent to the Debtors, including copies of cancelled checks.

5. All documents you received from the Debtors, including their attorneys.

6. All documents which mention, discuss, describe, relate to, refer to or embody all statements, oral or written, from any person involved with, or knowledgeable of, the facts about the circumstances on which this Contested Matter is based.

7. Any and all documents, correspondence, reports and/or memoranda which support your contention that the Debtors are liable to you for damages relating to the Foreclosure Case and claims made in the Proofs of Claim.

8. Any and all documents, correspondence, reports and/or memoranda which support your contention that the Debtors were negligent or grossly negligent.

9. Any and all documents, correspondence, reports and/or memoranda which support your contention that the Debtors violated the Fair Foreclosure Act.

10. All documents and correspondence between you and any Debtor.

11. Any and all expert reports obtained by you with regard to the claims in the Proofs of Claim.

12. Curriculum vitae for any experts you intend to call at trial for this Contested Matter.

13. All documents upon which any expert will rely for his or her opinion(s) offered in support of the claims set forth in the Law Division Case and/or Proofs of Claim.

14. All documents upon which any fact witness will rely offered in support of the claims set forth in the Proofs of Claim.

15. All documents which you intend to introduce in evidence at the trial of this Contested Matter.

16. All documents that refer to or reflect any lost business opportunities.

17. All documents that refer to or reflect efforts by you to have the Lis Pendens on the Property discharged and/or removed.

18. All documents that refer to or reflect your efforts to reinstate the Mortgage Loan.

19. All documents that refer to or reflect your efforts to cure the default on your Mortgage Loan.

20. All real estate listings of the Properties for sale.

21. All leases relating to the Properties since 2006.

22. All broker agreements concerning the Properties.

23. All contracts, letters, or documents offering to purchase the Properties.

24. All real estate appraisals of the Properties.

25. All credit reports since 2006.

26. All documents that refer to or reflect any inquiries made on your credit report.

27. All documents relating to your employment history since 2006.

28. All profit and loss statements for any financial and/or real estate transaction that commenced since 2006.

29. Copies of all documents showing that you attempted to refinance any of the Properties, including applications, responses from any creditor granting or denying your request.

30. The written fee agreement between you and any and all attorneys who represented you in the Foreclosure Case.

31. All documents that refer or reflect all amounts billed by or fees incurred by any and all attorneys who represented you in the Foreclosure Case.

32. All documents that refer or reflect all amounts you have paid to any attorneys who represented you in the Foreclosure Case.

33. The written fee agreement between you and any and all attorneys who represented you in the Law Division Case.

34. All documents that refer or reflect all amounts billed by or fees incurred by any and all attorneys who represented you in the Law Division Case.

35. All documents that refer or reflect all amounts you have paid to any attorneys who represented you in the Law Division Case.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of The Rescap Borrower Claims Trust's First Request For Production Of Documents Directed To Claimants to be served via email and overnight mail on:

Christina and Frank Reed
Pro Se Claimants
817 Matlack Drive
Moorestown, New Jersey 08057
*frankreedva@aol.com*

**REED SMITH LLP**

_____
Diane A. Bettino

Dated: July 17, 2014

-9-