# **Exhibit PP**

12-12020-mg    Doc 7766-19    Filed 11/17/14    Entered 11/17/14 19:14:16    Exhibit PP
Pg 1 of 14

| | |
|---|---|
| **MORRISON & FOERSTER LLP** | **REED SMITH LLP** |
| 250 West 55th Street | *Formed in the State of Delaware* |
| New York, NY 10019 | Princeton Forrestal Village |
| Tel. (212) 468-8000 | 136 Main Street, Suite 250 |
| Fax: (212) 468-7900 | Princeton, NJ 08540 |
| Norman S. Rosenbaum | Tel. (609) 987-0050 |
| Jordan A. Wishnew | Fax: (609) 951-0824 |
| Meryl L. Rothchild | Diane A. Bettino |
| | Kellie Lavery |
| *Counsel for the ResCap Borrower Claims Trust* | *Co-Counsel for the ResCap Borrower Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

_____

In re:                                                  :
                                                        :  Case No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al.,                       :
                                                        :  Chapter 11
            Debtors.                                    :
                                                        :  Jointly Administered
                                                        :
                                                        :
_____                :

**THE RESCAP BORROWER CLAIMS TRUST'S**
**FIRST SET OF INTERROGATORIES DIRECTED TO CLAIMANTS**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] (the "Plan") confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), by their undersigned counsel, and pursuant to Rule 33 of the Federal Rules of Civil Procedure and Rules 3007, 9014, and 7033 of the Federal Rules of Bankruptcy Procedure, hereby submits to the claimants' Christina and Frank Reed ("Claimants" or the "Reeds") the following First Set of Interrogatories.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure, made applicable here by Rules 7026 and 7033 of the Federal Rules of Bankruptcy Procedure, the Borrower Trust hereby requests that the Claimants provide answers to all Documents responsive to these Document Requests no later than Monday, July 28, 2014, and provide such answers to the Borrower Trust's counsel:  Morrison & Foerster LLP, 250 W. 55th Street, New York, New York, 10019; Reed Smith LLP, Princeton Forrestal Village, 136 Main Street, Suite 250, Princeton, New Jersey, 08540.  Each of the following Document Requests is to be read and responded to in accordance with the Definitions and Instructions below.

# DEFINITIONS

Unless otherwise specified, the following Definitions apply:

1.  Pursuant to Rule 26.3(a) of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Civil Rules"), the full text of the definitions and rules of construction set forth in Local Civil Rule 26.3(c) and (d) are incorporated herein by reference.  The Definitions described herein also apply.

2.  "Bankruptcy Case" shall mean that certain Chapter 11 proceeding in which Residential Capital, LLC ("ResCap") and certain of its affiliates are the debtors (the "Debtors") and which is pending in the United States Bankruptcy Court for the Southern District of New York, Case Number 12-12020 (MG).

3.  "Claimants" shall refer to Christina and Frank Reed.

4.  "Contested Matter" shall mean the objection interposed by the Borrower Trust to the Proofs of Claim in the Bankruptcy Case.

5.  "Proofs of Claim" shall refer to the claims filed by Christina and Frank Reed in the Bankruptcy Case, designated as Claim Nos. 3759 and 4736 asserted against GMAC Mortgage, LLC ("GMACM") and Claim Nos. 3708 and 4759 asserted against Residential Funding Company, LLC ("RFC").

6.  "Mortgage Loan" shall refer to the loan dated May 31, 2006, entered into between Claimants and Metrocities Mortgage, LLC.

7.  "Foreclosure Case" shall refer to the Complaint filed in the Chancery Division, Superior Court of New Jersey, Burlington County, captioned *GMAC Mortgage, LLC v. Frank J. Reed and Christina Reed, et al.*, Docket Number F-19177-08.

8.  "Law Division Case" shall refer to the complaint filed in the Law Division, Superior Court of New Jersey, Burlington County, captioned *Frank J. Reed III and Christina A. Reed v. GMAC Mortgage, et al.*, Docket Number L-1526-10.

9. "Property" or "Properties" shall mean one or a combination of the properties located at (i) 817 Matlack Drive, Moorestown, New Jersey, 08057 (ii) 9717 Old Dell Trace, Richmond, Virginia, 23238, and (iii) 133 Brooks Chase Lane, Richmond, Virginia, 23229; (iv) 318 Columbia Avenue, Stratford, New Jersey, 08081; (v) 52 Stone Hollow Drive, Sickleville, New Jersey, 08081; and (vi) 318 Darien Drive, Cherry Hill, New Jersey, 08003.

10. The term "communication" means, without limitation, any oral, written or electronic transmission of information, demands or questions, including, but not limited to conversation, meetings, discussions, telephone calls, telegrams, telecopies, telexes, seminars, conferences, writings, letters, messages, notes or memoranda.

11. The term "document" means each and every form in which information is kept, however, produced, reproduced or stored, in your actual or constructive possession, custody or control, or of which you have knowledge of its existence, and whether prepared, published or released by you or by any other person or entity, including but not limited to, letters, reports, agreements, duty rosters, correspondence, intra-office or inter-office correspondence, telegrams, minutes or records of meetings, reports or summaries of investigations, expressions or statements of policy, opinions or reports of consultants, lists, drafts, revisions, invoices, receipts, original and preliminary notes, preliminary sketches, records, ledgers, contracts, bills of lading, bills, inventories, financial data, maps, memoranda, accounting and financial records, diaries, journals, calendars, statements, work papers, videotapes, photographs, pamphlets, brochures, advertisements, trade letters, press releases, drawings, recaps, maps, tables, articles, summaries of conversations, computer cards, tapes, disks, and other means of electronically or magnetically maintained information, and printouts.

12. "Documents" shall also include all electronic data, including emails and any related attachments, electronic files or other data compilations that relate to the categories of "documents" listed above, whether stored on a personal computer, network computer system, backup computer tape, servicer, and/or disk, or by some other storage mechanism or database.

13. The term "document" also includes, without limitation, all originals and non-identical copies. "Document" includes a copy of the original when the original is not in the possession, custody or control of you, and every non-identical copy of the original.

14. Any document bearing on any sheet or side thereof, any marks, including, by way of illustration only and not by way of limitation, initials, stamped indicia, any comment or any notation of any character and not part of the original test, or any reproduction thereof, is to be considered a separate document.

15. The term "identify," when used with respect to documents, means that you are required, for each and every document, to:

   a. State its exact name and title;

   b. State the author or generator;

   c. State each addressee;

   d. State all individuals designated on the document to receive a copy or otherwise known to have received a copy;

   e. State the date on which you first received, or received knowledge of, the document and the source from whom you received the document or knowledge thereof;

-3-

   f. State the date of the document and all other serial or identifying numbers thereon;

   g. State its general subject matter;

   h. Describe the document by type, i.e., a letter, newspaper, memorandum, or other type of document;

   i. Specify the location of any file or files where the document, or any copy thereof, is normally or presently kept; and

   j. State the present custodian for each copy thereof and the last known address for each custodian.

In lieu of identifying a document, the particular document may be referred to and produced.

16. The term "identify," when used with respect to a communication, discussion or meeting, means that you are required to:

   a. State the type of communication, discussion, or meeting (*e.g.*, telephone conversation, face-to-face conversation, staff meeting);

   b. State the date or approximate date of the communication;

   c. State the location where the communication took place;

   d. state the identity of all persons who participated in the communication and of all persons with knowledge of the communication or of the subject matter thereof; and

   e. state the subject matter of the communication.

15. The term "identify," when used with respect to an individual, corporation, or other entity, means that you are required to:

   a. state his or her full name;

   b. state his or her last known residence and business address, last known employer, job title and job description; and

   c. if a corporation or other entity, its principal place of business.

16. The term "person" means any entity that has a separate identity, recognized in law or in fact to have legal rights and obligations. This term includes, but is not limited to, any natural person, corporation, partnership, joint venture, association, company, group, organization, trust, estate, business or governmental entity or agency (public or private), a committee, subcommittee, board or any other public or private entity whatsoever.

17. "You" or "your" refer to the person or entity to whom this Request is directed.

18. The term "relating to" or "related to" means comprising, constituting, consisting of, describing, discussing, explaining, reflecting, containing, proposing, showing, citing, pertaining to, regarding, evidencing, concerning, summarizing, analyzing, implying, authorizing,

-4-

respecting, recording, noting, embodying, mentioning, studying, evaluating, or referring to, whether directly or indirectly, the matter discussed.

19. The term "representative" means any person, including any attorney or agent, who acts, has acted or has at any time been requested or solicited to act, for the benefit or on the behalf of any other person, with that other person's knowledge, consent or acquiescence.

## INSTRUCTIONS

a. These Interrogatories are continuing in character, so as to require the Claimants to file supplemental answers if the Claimants obtain further, contradictory or different information. Such supplemental answers, if any, shall be filed from time to time promptly upon the discovery by you of such supplemental information. Each Interrogatory is to be answered separately and as completely as possible. The fact that an investigation is continuing and discovery is not complete shall not be used as a reason for failure to answer any such Interrogatory as fully as possible. The omission of any name, fact or other item of information from the answer shall be deemed a representation that such name, fact or item is not known to the Claimants, its counsel or other representatives or agents of the Claimants.

b. Answers shall be based upon information known to the Claimants, its agents, attorneys, partners, associates, employees, servants, representatives, investigators or any other party or entity acting or who has acted by or on behalf of the Claimants. To the extent that the answer to any Interrogatory is not based upon information known to the Claimants, the Claimants shall specify that fact and the person or entity possessing such information.

c. If the answer to all or any part of an Interrogatory is not presently known or available, include a statement to that effect, specifying the portion of the Interrogatory that cannot be completely answered. However, once information is available, the Claimants are required to furnish all information available in response to the entire Interrogatory by supplemental answer as required above.

d. If the Claimants refuse to answer any Interrogatory or any part thereof on the grounds of privilege, the Claimants must identify the basis for the privilege claimed, the nature

-5-

of any information that it refuses to disclose, referring specifically to the Interrogatory or any part thereof to which the Interrogatory applies and by identifying the form in which said information exists, the date of the document or oral communication and the general subject matter of the document or oral communication.  To the extent you object to or claim a privilege with respect to any Interrogatory, in whole or in part, set forth all reasons and the underlying factual basis for your objection or claim of privilege in sufficient detail to permit the Court to determine the validity of your objection of claim of privilege.

## **INTERROGATORIES**

1. Set forth the name and last known address of all persons who have knowledge or who are believed to have knowledge of any facts relevant to the subject matter of the Proofs of Claim, and summarize the relevant knowledge he or she is believed or known to have.

2. For all written and oral contacts and communications between you and the Debtors with respect to the subject matter of the Proofs of Claim, set forth the date of the contact or communication, the substance of the contact or communication, and the identity of the individuals who participated in such contact or communication.

3. Identify any and all experts whom you expect to call at trial as an expert witness in the Contested Matter, and for each such expert witness, set forth his or her area of expertise in relation to the claims set forth in the Proofs of Claim.

4. For each expert identified in response to the preceding Interrogatory, provide a complete statement of the expert's opinions and the basis therefor; the facts and data considered in forming the opinions; the treatises, authorities or other sources upon which the expert will rely to support his or her testimony or conclusions, the qualifications of the expert, including a list of all publications authored by the expert within the preceding ten years; the docket number, names of the parties, date, and court of all cases in which the expert testified at deposition or trial in the past five years; whether compensation has been or is to be paid for the report and testimony and, if so, the terms of the compensation; and identify and attach any and all written reports rendered by the expert.

      5.      If you intend to offer any lay opinion testimony at trial for the Contested Matter, identify each witness through whom you will present such testimony and, for each such witness, set forth the substance of the opinions to which he or she is expected to testify; the grounds for each such opinion; any special qualifications or experience that the witness has in relation to the opinion; and identify and attach copies of any and all documents upon which the witness relied in forming his or her opinion.

      6.      Identify the name of all person(s) whom you intend to call as a witness at the trial of this Contested Matter, and identify the subjects on which each witness will testify.

      7.      Detail each claim that has not been overruled by the Bankruptcy Court that you are asserting against each Debtor, including each and every fact upon which the claims are based and the identity of all persons having knowledge of such facts.

      8.      Detail the factual basis for your claim that each Debtor is liable to you for any alleged violations, including each and every fact upon which this claim is based and the identity of all persons having knowledge of such facts.

      9.      Detail the factual basis for your claim that each Debtor is liable for violating the Fair Foreclosure Act, including each and every fact upon which this claim is based and the identity of all persons having knowledge of such facts.

10. Detail the factual basis for your claim that each Debtor was negligent or grossly negligent with respect to the Foreclosure Case, including each and every fact upon which this claim is based and the identity of all persons having knowledge of such facts.

11. For each attempt you made to reinstate the Mortgage Loan, detail the date on which the attempt to reinstate was made, who you attempted to contact, who you spoke to, what was discussed, whether you tendered a check or other monies to reinstate the Mortgage Loan, and the amount of the check or other funds payable to reinstate the Mortgage Loan.

12. Did you ever attempt to sell any Property from June 1, 2007 to present? If so, when? Include in your response all documents concerning any attempt to sell any of the Properties, any communications concerning any offers, and all copies of offers received on the Property.

13. Did you ever attempt to refinance the Mortgage Loan on the Property, or other loans on any of the Properties? If so, when? Include in your response all documents concerning any attempt to refinance the Mortgage Loan on the Property or other loans on other Properties.

14. After the Foreclosure Case was dismissed by the court in New Jersey, did you ever request that GMAC Mortgage, LLC or any other party discharge the Lis Pendens? If so, when and who did you speak to or write to? Include in your response all documents concerning your attempts to have the Lis Pendens discharged from the Property, and include the date, method, and result of such effort.

15. Describe in detail any communications you had with any Debtor or any of its agents where you specifically described the impact, both present and future, the Lis Pendens had on your business and/or generation of income, and include the date and name(s) of individual(s) involved in each communication.

16. If you claim that any Debtor or any of its agents made any admissions with regard to the allegations, claims, or defenses in the Foreclosure Case, the Law Division Case, and/or the Contested Matter have been made by any person or entity, set forth or identify for each such admission the exact words, if known, and if not known, the substance of it, the date it was made, the person who made it, all persons present when it was made (if oral), all persons to whom it was made or provided (if written), the place where it was made and the method of its communication.

17. Describe in detail any statement you have obtained from any person not a party to this Contested Matter relating to any of the allegations, claims, or defenses in this case, including the person who gave each statement and the person who obtained each statement; whether it was oral or in writing; the date it was obtained; if it was oral, whether a recording was made, and, if so, the type of recording and the name(s) and present address(es) of the person(s) who have custody of it; if it was written, whether it was signed by the person making it; and if it was oral, a detailed summary of its contents.

18. Detail the nature and amount of damages you are seeking to recover in this Contested Matter. Your response should include a description by category, of the damages incurred, and an explanation of the manner and method by which the dollar amount of your damages was calculated.

19.    For each attorney who represented you in the Foreclosure Case, set forth in detail the terms of your fee arrangement, including but not limited to, the date on which you signed the written fee agreement, and amounts billed to date, and amounts paid to date.

20.    Describe in detail each and every effort you made to cure or reinstate the Loan, and for each such effort, identify who you contacted, the date of the communication, what was discussed, and the amount you paid to cure the default.

21.    Describe in detail each and every effort you made to have the Lis Pendens discharged, including the date, method, and result of each such effort.

22.    For each payment made on the Mortgage Loan, identify the date it was made, amount of the payment, the payee, and the payor, and the date on which the payment was cashed and applied.

23.    Detail all property taxes that you paid on any of the Properties.

24.    Detail all insurance payments that you made for property insurance on any of the Properties.

25. Detail all information about alleged lost business opportunities, including each and every fact upon which this claim of lost business opportunities is based and the identity of all persons having knowledge of such facts.

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I caused a true and correct copy of The Rescap Borrower Claims Trust's First Set of Interrogatories Directed To Claimants to be served via email and overnight mail on:

Christina and Frank Reed
Pro Se Claimants
817 Matlack Drive
Moorestown, New Jersey 08057
*frankreedva@aol.com*

**REED SMITH LLP**

_____
Diane A. Bettino

Dated: July 17, 2014