## Exhibit UU

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, NY 10019
Tel. (212) 468-8000
Fax: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the ResCap Borrower
Claims Trust*

**REED SMITH LLP**
*Formed in the State of Delaware*
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540
Tel. (609) 987-0050
Fax: (609) 951-0824
Diane A. Bettino
Kellie A. Lavery

*Co-Counsel for the ResCap Borrower
Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | : |
| | :   Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | : |
| | :   Chapter 11 |
| | : |
| Debtors. | :   Jointly Administered |
| | : |
| | : |
| | : |

### THE RESCAP BORROWER CLAIMS TRUST'S
### REQUEST FOR ADMISSIONS DIRECTED TO CLAIMANTS

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the

terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et*

*al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] (the "Plan")

confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), by their

undersigned counsel, and pursuant to Rule 36 of the Federal Rules of Civil Procedure and Rules

3007, 9014, and 7036 of the Federal Rules of Bankruptcy Procedure, hereby submits to the

claimants' Christina and Frank Reed ("Claimants" or the "Reeds") the following Request for

Admissions.

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, made applicable here by Rules 7026 and 7036 of the Federal Rules of Bankruptcy Procedure, the Borrower Trust hereby requests that the Claimants answer, by admitting or denying and providing an explanation as necessary, the following Request for Admissions no later than Monday, July 28, 2014, and provide such answers to the Borrower Trust's counsel:  Morrison & Foerster LLP, 250 W. 55th Street, New York, New York, 10019; Reed Smith LLP, Princeton Forrestal Village, 136 Main Street, Suite 250, Princeton, New Jersey, 08540.  Each of the following Request for Admissions is to be read and responded to in accordance with the Definitions and Instructions below.

## DEFINITIONS

Unless otherwise specified, the following definitions apply:

1.   Pursuant to Rule 26.3(a) of the Local Civil Rules of the United States District Court for the Southern District of New York (the "Local Civil Rules"), the full text of the definitions and rules of construction set forth in Local Civil Rule 26.3(c) and (d) are incorporated herein by reference.  The Definitions described herein also apply.

2.   "Bankruptcy Case" shall mean that certain Chapter 11 proceeding in which Residential Capital, LLC ("ResCap") and certain of its affiliates are the debtors (the "Debtors") and which is pending in the United States Bankruptcy Court for the Southern District of New York, Case Number 12-12020 (MG).

3.   "Claimants" shall refer to Christina and Frank Reed.

4.   "Contested Matter" shall mean the objection interposed by the Borrower Trust to the Proofs of Claim in the Bankruptcy Case.

5.   "Proofs of Claim" shall refer to the claims filed by Christina and Frank Reed in the Bankruptcy Case, designated as Claim Nos. 3759 and 4736 asserted against GMAC Mortgage, LLC ("GMACM") and Claim Nos. 3708 and 4759 asserted against Residential Funding Company, LLC ("RFC").

6.   "Mortgage Loan" shall refer to the loan dated May 31, 2006, entered into between Claimants and Metrocities Mortgage, LLC.

7.   "Foreclosure Case" shall refer to the Complaint filed in the Chancery Division, Superior Court of New Jersey, Burlington County, captioned *GMAC Mortgage, LLC v. Frank J. Reed and Christina Reed, et al.*, Docket Number F-19177-08.

8.   "Law Division Case" shall refer to the complaint filed in the Law Division, Superior Court of New Jersey, Burlington County, captioned *Frank J. Reed III and Christina A. Reed v. GMAC Mortgage, et al.*, Docket Number L-1526-10.

9.   "Property" or "Properties" shall mean one or a combination of the properties located at (i) 817 Matlack Drive, Moorestown, New Jersey, 08057 (ii) 9717 Old Dell Trace, Richmond, Virginia, 23238, and (iii) 133 Brooks Chase Lane, Richmond, Virginia, 23229; (iv) 318 Columbia Avenue, Stratford, New Jersey, 08081; (v) 52 Stone Hollow Drive, Sickleville, New Jersey, 08081; and (vi) 318 Darien Drive, Cherry Hill, New Jersey, 08003.

## **INSTRUCTIONS**

1.   Each Request requires you to admit or deny the stated matter in each Request.

2.   If you object to a particular Request, the reasons for said objection must be stated with specificity.

3.   If you deny or are unable to admit a part of a Request, your answer must specify as much of the Request as is true and qualify or specifically deny the remainder, setting forth in detail the reasons you cannot truthfully admit or deny that part of the Request.

4.   As the answering party, you may not give lack of information or knowledge as a reason for failure to admit or deny unless you state that you have made reasonable inquiry and that the information known or readily obtainable by you is insufficient to enable you to admit or deny the Request.

5.   If your answer relies or is based on language in a document, identify that document and state that language with specificity.

## REQUEST FOR ADMISSIONS

1.     On May 31, 2006, Metrocities Mortgage, LLC made a Mortgage Loan in the amount of $1,000,000.00, plus interest to Frank J. Reed III.

2.     The Mortgage Loan is evidenced by a Fixed/Adjustable Rate Note to Metrocities Mortgage, LLC executed by Frank J. Reed III on May 31, 2006.

3.     Frank J. Reed III executed the Interest-Only Addendum to Adjustable Rate Promissory Note.

4.     Frank J. Reed III agreed to make monthly payments on the Mortgage Loan beginning on July 1, 2006, in the initial amount of $5,312.50.

5.     The monthly payments on the Mortgage Loan were due on the first of each month.

6.     By signing the Note, Frank J. Reed III agreed "If I do not pay the full amount of each monthly payment on the date it is due, I will be in default."

7.     To secure the payment of the Note, Frank J. Reed, III and Christina A. Reed, husband and wife, executed to Mortgage Electronic Registration Systems, Inc., as nominee for Metrocities Mortgage, LLC, a Mortgage dated May 31, 2006, on the property located at 817 Matlack Drive, Moorestown, New Jersey 08057.

8.     The Mortgage is a Purchase Money Mortgage.

## Mortgage Payments

9.     Claimants did not make the monthly payment due on the Mortgage Loan on February 1, 2008.

10.     Claimants did not make the monthly payment due on the Mortgage Loan on March 1, 2008.

11.     Claimants did not make the monthly payment due on the Mortgage Loan on April 1, 2008.

12.     Claimants did not make the monthly payment due on the Mortgage Loan on May 1, 2008.

13.     Claimants did not make the monthly payment due on the Mortgage Loan on June 1, 2008.

14.     Claimants did not make the monthly payment due on the Mortgage Loan on July 1, 2008.

15.     Claimants did not make the monthly payment due on the Mortgage Loan on August 1, 2008.

16.     Claimants did not make the monthly payment due on the Mortgage Loan on September 1, 2008.

17.     Claimants did not make the monthly payment due on the Mortgage Loan on October 1, 2008.

18.     Claimants did not make the monthly payment due on the Mortgage Loan on November 1, 2008.

19.     Claimants did not make the monthly payment due on the Mortgage Loan on December 1, 2008.

20.     For the period January 1, 2009 through December 31, 2009, Claimants did not make the monthly payments due on the Mortgage Loan.

21.     For the period January 1, 2010 through December 31, 2010, Claimants did not make the monthly payments due on the Mortgage Loan.

22.    For the period January 1, 2011 through December 31, 2011, Claimants did not make the monthly payments due on the Mortgage Loan.

23.    For the period January 1, 2012 through December 31, 2012, Claimants did not make the monthly payments due on the Mortgage Loan.

24.    For the period January 1, 2013 through December 31, 2013, Claimants did not make the monthly payments due on the Mortgage Loan.

25.    For the period January 1, 2014 through July 1, 2014, Claimants did not make the monthly payments due on the Mortgage Loan.

26.    Claimants are in default under the terms of the Note.

27.    Claimants are in default under the terms of the Mortgage Loan.

**<u>Property Taxes</u>**

28.    Claimants have not paid the property taxes due on the property located at 817 Matlack Drive, Moorestown, New Jersey, 08057 for the period June 1, 2008 through December 31, 2008.

29.    Claimants have not paid the property taxes due on the property located at 817 Matlack Drive, Moorestown, New Jersey, 08057 for the period January 1, 2009 through December 31, 2009.

30.    Claimants have not paid the property taxes due on the property located at 817 Matlack Drive, Moorestown, New Jersey, 08057 for the period January 1, 2010 through December 31, 2010.

31.    Claimants have not paid the property taxes due on the property located at 817 Matlack Drive, Moorestown, New Jersey, 08057 for the period January 1, 2011 through December 31, 2011.

32.    Claimants have not paid the property taxes due on the property located at 817 Matlack Drive, Moorestown, New Jersey, 08057 for the period January 1, 2013 through December 31, 2013.

33.    Claimants have not paid the property taxes due on the property located at 817 Matlack Drive, Moorestown, New Jersey, 08057 for the period January 1, 2014 through July 1, 2014.

**Insurance**

34.     Claimants have not paid to insure the property located at 817 Matlack Drive, Moorestown, New Jersey, 08057 for the period June 1, 2008 through December 31, 2008.

35.     Claimants have not paid to insure the property located at 817 Matlack Drive, Moorestown, New Jersey, 08057 for the period January 1, 2009 through December 31, 2009.

36.     Claimants have not paid to insure the property located at 817 Matlack Drive, Moorestown, New Jersey, 08057 for the period January 1, 2010 through December 31, 2010.

37.     Claimants have not paid to insure the property located at 817 Matlack Drive, Moorestown, New Jersey, 08057 for the period January 1, 2011 through December 31, 2011.

38.     Claimants have not paid to insure the property located at 817 Matlack Drive, Moorestown, New Jersey, 08057 for the period January 1, 2013 through December 31, 2013.

39.     Claimants have not paid to insure the property located at 817 Matlack Drive, Moorestown, New Jersey, 08057 for the period January 1, 2014 through July 1, 2014.

**Reinstatement**

40.     Claimants did not request a reinstatement quote on the Mortgage Loan at any time during the period June 1, 2008 through December 31, 2008.

41.     Claimants did not request a reinstatement quote on the Mortgage Loan at any time during the period January 1, 2009 through December 31, 2009.

42.     Claimants did not request a reinstatement quote on the Mortgage Loan at any time during the period January 1, 2010 through December 31, 2010.

43.     Claimants did not request a reinstatement quote on the Mortgage Loan at any time during the period January 1, 2011 through December 31, 2011.

44.     Claimants did not request a reinstatement quote on the Mortgage Loan at any time during the period January 1, 2012 through December 31, 2012.

45.     Claimants did not request a reinstatement quote on the Mortgage Loan at any time during the period January 1, 2013 through December 31, 2013.

46.     Claimants did not request a reinstatement quote on the Mortgage Loan at any time during the period January 1, 2014 through July 1, 2014.

47.     For the period June 1, 2009 through July 1, 2014, Claimants did not pay the amounts due to reinstate the Mortgage Loan.

48.     Claimants have never attempted to reinstate the Mortgage Loan.

49.     Claimants have never paid the amounts due to reinstate the Mortgage Loan.

50.     Claimants have never attempted to refinance the Mortgage Loan.

**Lis Pendens**

51.     Claimants never filed a lawsuit to have the Lis Pendens on the Property discharged.

52.     Claimants never made a request in writing to GMAC Mortgage, LLC to have the Lis Pendens on the Property discharged.

53.     Claimants never made a request in writing to Fleischer, Fleischer & Suglia to have the Lis Pendens on the Property discharged.

54.     Claimants never made a request in writing to Zucker Goldberg & Ackerman LLC to have the Lis Pendens on the Property discharged.

55.     Claimants never made a request in writing to the Clerk of Burlington County to have the Lis Pendens on the Property discharged.

56.     Claimants made no efforts to have the Lis Pendens on the Property discharged.

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this date, I caused a true and correct copy of The Rescap

Borrower Claims Trust's Request for Admissions Directed To Claimants to be served via email

and overnight mail on:

> Christina and Frank Reed
> Pro Se Claimants
> 817 Matlack Drive
> Moorestown, New Jersey 08057
> *frankreedva@aol.com*

**REED SMITH LLP**

_____
Diane A. Bettino

Dated:  July 17, 2014