## Exhibit VV

SUPERIOR COURT
BURLINGTON COUNTY

2014 APR 15  PM 2: 16

Appendix XII-B2

Print Form     Clear Form

## FORECLOSURE
## CASE INFORMATION STATEMENT
## (FCIS)

Use for initial Chancery Division — General Equity foreclosure pleadings (not motions) under Rule 4:5-1. Pleading will be rejected for filing, under Rule 1:5-6(c), if information is not furnished or if attorney's signature is not affixed.

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: ☒ CK ☐ CG ☐ CA ☐ MO

RECEIPT NO.  315

AMOUNT:  # 135

OVERPAYMENT:

BATCH NUMBER:  204

BATCH DATE:  4-15-14

### SECTION A: TO BE COMPLETED BY ALL PARTIES

**CAPTION**
21st Mortgage Corporation, Plaintiff v
Frank Reed, et al, Defendant-Third Party Plaitiff v.
Zucker, Goldber & Ackerman, Third Party Defendant

**COUNTY OF VENUE**
Burlington

**DOCKET NUMBER (when available)**
F-008034-14

**NAME(S) OF FILING PARTY(IES) (e.g. John Doe, Plaintiff)**
Frank Reed

**DOCUMENT TYPE**
☐ COMPLAINT  ☒ ANSWER  ☐ OTHER

**ATTORNEY NAME (IF APPLICABLE)**

**FIRM NAME (IF APPLICABLE)**

**MAILING ADDRESS**
817 Matlack Drive Moorestown, NJ 08057

**DAYTIME TELEPHONE NUMBER**
(856) 956-6950

### SECTION B: TO BE COMPLETED BY PLAINTIFF TO INITIAL COMPLAINT

**FORECLOSURE CASE TYPE NUMBER**

☐ 088  IN PERSONAM TAX FORECLOSURE
☐ 089  IN REM TAX FORECLOSURE
☒ ORF  RESIDENTIAL MORTGAGE FORECLOSURE
☐ OCF  COMMERCIAL MORTGAGE FORECLOSURE
☐ OCD  CONDOMINIUM OR HOMEOWNER'S ASSOCIATION LIEN FORECLOSURE
☐ 091  STRICT FORECLOSURE
☐ OFP  OPTIONAL FORECLOSURE PROCEDURE (NO SALE)
☐ OTS  TIME SHARE FORECLOSURE

IS THIS A HIGH RISK MORTGAGE PURSUANT TO P.L.2009,C.84 AND P.L.2008,C.127   ☒ YES ☐ No

PURCHASE MONEY MORTGAGE   ☒ YES ☐ No

RELATED PENDING CASE   ☐ YES ☒ No
IF YES, LIST DOCKET NUMBERS:

**FULL PHYSICAL STREET ADDRESS OF PROPERTY:**
817 Matlack Drive
Moorestown, NJ

**MUNICIPALITY CODE (*) 0322**

**MUNICIPAL BLOCK: 3803**

ZIP CODE 08057   COUNTY: Burlington   (LOTS) 2

### ALL FILING PARTIES MUST SIGN AND PRINT NAMES(S) AND DATE THE FORM BELOW

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with Rule 1:38-7(b).

**ATTORNEY / SELF REPRESENTED SIGNATURE**

**PRINT ATTORNEY / SELF REPRESENTED NAME**
Frank Reed

**DATE**
04/15/2014

(*) The Municipality Codes can be found at http://www.judiciary.state.nj.us/forms/11343_municodes.pdf

**FILED Apr 15, 2014**

**CONTESTED**

Frank Reed
817 Matlack Drive
Moorestown, NJ 08057
Telephone: (856) 956-6950
Defendant, Pro Se

SUPERIOR COURT
BURLINGTON COUNTY

2014 APR 15  PM 2: 16

RECEIVED
BY: 005

---

| | |
|---|---|
| 21st Mortgage Corporation, | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION |
| Plaintiff, | BURLINGTON COUNTY |
| v. | Docket No: F-  008034-14 |
| Frank Reed, et. al, | CIVIL ACTION |
| Defendant-Third-Party Plaintiff | CONTESTING ANSWER, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD PARTY COMPLAINTS |
| v. | |
| Zucker, Goldberg & Ackerman, LLC | |
| Third-Party Defendant | |

Defendant, Frank Reed, residing at 817 Matlack Drive Moorestown, NJ 08057, by way of Answer to the Complaint, says:

## FIRST COUNT

1. Defendant admits that Defendant executed a Note; as to the rest, Defendant neither admits nor denies, leaving Plaintiff to its proofs for the allegations made in Paragraph 1 of the Complaint.

2. Defendant admits that Defendant executed a document purporting to be a Mortgage; as to the rest, Defendant neither admits nor denies, leaving Plaintiff to its proofs as alleged in Paragraph 2 of the Complaint.

3. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 3 of the Complaint.

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 4 of the Complaint.

5. Defendant denies that Plaintiff is entitled to enforce the note and its associated mortgage under applicable law as alleged in Paragraph 5 of the Complaint.

6. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 6 of the complaint.

7. Defendant denies the allegation made in paragraph 7 of the complaint.

8. Defendant denies that plaintiff has the right to accelerate and demand as due, the amounts alleged by Plaintiff in paragraph 8 of the complaint.

9. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 9 of the complaint.

10. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 10 of the Complaint.

11. Plaintiff admits admits that the allegation in paragraph 11 of the Complaint is true.

12. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 12 of the Complaint.

13. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 13 of the Complaint.

14. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegation contained in Paragraph 14 of the Complaint.

15. To the extent that the allegation contained in Paragraph 15 of the Complaint sets forth a legal conclusion, no response is required; to the extent a response is required, Defendant  denies allegations contained in Paragraph 15 of the Complaint. Defendant also asserts that Defendant lacks knowledge or information sufficient to form a belief as to the truth of the remaining parts of the.

16. Defendant denies Plaintiff's assertions contained within Paragraph 16 of the Complaint.

**WHEREFORE,** Defendant demands entry of judgment as follows:

a. Dismissing the First Count of the Complaint;

b. Awarding attorney's fees and cost of suit; and

c. Granting such other relief as the Court deems just and proper.

## SECOND COUNT

1.  Defendant hereby repeats re-alleges, and incorporates all the denials and statements set forth in response to the First Count of the Complaint, as set forth herein at length.

2.  To the extent that the allegation contained in Paragraph 2 of the Second Count of the Complaint sets forth a legal conclusion, no response is required; to the extent a response is required, Defendant denies allegations contained in Paragraph 2 of the Second Count of the Complaint.

3.  To the extent that the allegation contained in Paragraph 3 of the Second Count of the Complaint sets forth a legal conclusion, no response is required; to the extent a response is required, Defendant denies in part and admits in part allegations contained in Paragraph 3 of the Second Count of the Complaint.

**WHEREFORE,** Defendant demands entry of judgment as follows:

a. Dismissing the Second Count of the Complaint;

b. Awarding attorney's fees and cost of suit; and

c. Granting such other relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES,

1. Plaintiff failed to serve Defendant with a proper Notice of Intent to Foreclose, by registered or certified mail, return receipt requested at least thirty (30) days in advance of the filing of the Complaint.

2. To the extent that a Notice of Intent to Foreclose was served upon Defendants, that Notice did not comply with the requirements of the Fair Foreclosure Act

as enumerated in N.J.S.A. 2A:50-56(c) and P.L.2009, C.84 and P.L.2008, C.127.

3. In May of 2008, Plaintiff's Predecessor In Interest and Plaintiff's legal counsel, (then counsel to Plaintiff's Predecessor In Interest), filed a foreclosure action against Defendant.

4. In March of 2009 the foreclosure action was found to be in violation of New Jersey foreclosure law by this Court and it was dismissed.

5. The May 2008 foreclosure filed by Plaintiff's Predecessor In Interest and Plaintiff's legal counsel, (then counsel to Plaintiff's Predecessor In Interest) that was found to be impermissible by this Court and which was dismissed by this Court in March 2009, interfered with and / or hindered Defendant's satisfaction of his obligations to Plaintiff.

6. Additionally Plaintiff, Plaintiff's Predecessor In Interest and Plaintiff's legal counsel, (then counsel to Plaintiff's Predecessor In Interest), wrongfully caused and/or permitted the recorded lis pendens associated with the dismissed Foreclosure action to remain active and filed against Defendant's title.

7. The actions of Plaintiff, Plaintiff's Predecessor In Interest and Plaintiff's legal counsel, (then counsel to Plaintiff's Predecessor in Interest), which interfered with and / or hindered Defendant's ability to satisfy the obligations to Plaintiff's Predecessor In Interest have relieved Defendant of its obligations under the contracts between the parties, i.e. the Note and related Mortgage as a Matter of Law.

8. The actions of Plaintiff's Predecessor In Interest and Plaintiff's legal counsel, (then counsel to Plaintiff's Predecessor in Interest), which interfered with and / or hindered Defendant's ability to satisfy the obligations to Plaintiff's Predecessor In Interest also substantially interfered with Defendant's property rights.

9. Plaintiff would be unjustly enriched if it were to exercise rights no longer in existence as per Paragraph 7, immediately above. Also, Plaintiff would be unjustly

enriched from Plaintiff's and Plaintiff's Predecessor In Interest's interference in Defendant's property rights as indicated in Paragraph 8, immediately above. To prevent such, a Constructive Trust exists over the property subject of this foreclosure action, with Defendant as the trust's sole beneficiary to the exclusion of Plaintiff.

10. Plaintiff's complaint alleges damages which are actually the result of acts or omissions committed by non-parties to this action over whom the Defendant has no responsibility or control. In particular, Plaintiff's Predecessor In Interest and Counsel to Plaintiff's Predecessor In Interest.

11. Plaintiff and Plaintiff's Predecessor In Interest failed to exercise their statutory, contractual and/or equitable rights in a timely fashion and specifically took no action when Defendant initiated New Jersey Law Division litigation against Plaintiff and as such should be barred from foreclosing due to Laches and Waiver.

12. Plaintiff and Plaintiff's Predecessor In Interest failed to exercise their statutory, contractual and/or equitable rights in a timely fashion and specifically took no action when Defendant initiated New Jersey Law Division litigation against Plaintiff. Defendant reasonably relied on Plaintiff's and Plaintiff's Predecessor In Interest's acts, lack of acts and silence. Additionally, Defendant changed his position for the worse in such reliance. Therefore, Plaintiff should be barred from foreclosing due to the doctrine of Equitable Estoppel or Estoppel in Pais.

13. Plaintiff is not the equitable owner of the note on which the mortgage and the foreclosure is based. Plaintiff is under contract to sell the note. Plaintiff has instead chosen to opportunistically breach the contract to sell the note. However, without equitable title to the note, Plaintiff lacks standing and/or the real party in interest empowered to bring this Foreclosure action and/or would be unjustly enriched by its wrongful act. Therefore Plaintiff should be barred from prosecuting this Foreclosure action.

14. Plaintiff's bad faith and opportunistic breach indicated in Paragraph 13 immediately above, results in Plaintiff having unclean hands. As a result, Plaintiff lacks standing in this Court, a court of Equity, to bring this Foreclosure litigation.

15. Plaintiff was assigned the note for further collection action by its immediate Predecessor In Interest, Ocwen. Ocwen, noticed Defendant of its attempt to collect under the note and mortgage pursuant to the Fair Debt Collection Practices Act and Defendant responded per the Fair Debt Collection Practices Act, staying all collection activity until Ocwen's Federally required respond per the Fair Debt Collection Practices Act. However, Ocwen, in direct violation of the Fair Debt Collection Practices Act failed to respond and instead assigned the debt to Plaintiff for further collection. Therefore, the transfer is void ab initio, Plaintiff does not own the note and Plaintiff lacks standing to bring this Foreclosure action.

16. The alleged note and mortgage are void and unenforceable and Plaintiff's claim is barred because the mortgage was procured by fraud and/or any alleged loss to the Plaintiff is cause by the fraud of the Plaintiff, Plaintiff's Predecessor In Interest and/or the fraud of third parties over which the Defendant has no control.

17. Counsel to Plaintiff and Plaintiff's Predecessor In Interest, and Plaintiff committed Fraud on the Court when they knew or constructively had knowledge that they falsely represented that they had complied with all the statutory requirements necessary as conditions precedent to perfect their right to institute the 2008 Foreclosure Litigation.

## RESERVATION OF DEFENSES

Defendants reserve the right to add additional affirmative defenses as are made known during the course of discovery.

## COUNTERCLAIMS

## FIRST COUNT

**(Consumer Fraud and Predatory Practices)**

1. Defendant repeats and realleges all paragraphs above as if fully set forth herein.

2. Plaintiff or Plaintiff's predecessor in interest engaged in unconscionable commercial practices, deception, fraud, false pretense, false promise and/or misrepresentations with regard to the subject mortgage.

3. Alternatively, or in addition, Plaintiff or Plaintiff's predecessor in interest engaged in acts of omission, including but not limited to knowing concealment, suppression and omissions of material facts in connection with the subject mortgage.

4. Specifically, Plaintiff knew or should have known that Defendant would be unable to afford the loan at issue and did not have the necessary income to afford the loan at issue after Plaintiff's Predecessor In Interest interfered with Defendant's property rights.

6. The foregoing acts of Plaintiff constitute violations of New Jersey's Consumer Fraud Act, N.J.S.A. 56:8-2 at seq., as a result of which Defendant suffered an ascertainable loss.

7. The foregoing acts, and other acts by Plaintiff in connection with the subject loan, constituted prohibited practices under the New Jersey Home Ownership and Security Act of 2002 and other New Jersey laws prohibiting predatory loans and practices.

WHEREFORE, Defendant seeks judgment against Plaintiff as follows:

A.Declaratory and injunctive relief declaring the mortgage void and unenforceable;

B.Declaratory and injunctive relief rescinding and/or reforming the mortgage;

C.Awarding actual damages;

D.Awarding treble damages;

E.Awarding costs and attorney's fees; and

F. Granting such other relief as the court deems just and equitable.

## SECOND COUNT
### (Negligence)

1. Defendant repeats and realleges all paragraphs above as if fully set forth herein.

2. In May of 2008, Plaintiff's Predecessor In Interest and Plaintiff's legal counsel, (then counsel to Plaintiff's Predecessor In Interest), filed a foreclosure action against Defendant.

3. In March of 2009 the foreclosure action was found to be in violation of New Jersey foreclosure law by this Court and it was dismissed.

4. The May 2008 foreclosure filed by Plaintiff's Predecessor In Interest and Plaintiff's legal counsel, (then counsel to Plaintiff's Predecessor In Interest) that was found to be impermissible by this Court and which was dismissed by this Court in March 2009, wrongfully and substantially interfered with Defendant's property rights; interfering with Defendant's proper use his assets to earn his normal income and satisfy his obligations to Plaintiff and others.

5. The results of the actions of Plaintiff's Predecessor In Interest and Plaintiff's legal counsel, (then counsel to Plaintiff's Predecessor in Interest), which wrongfully and substantially interfered with Defendant's property rights - interfering with Defendant's proper use of his assets to earn his normal income and satisfy his obligations to Plaintiff and others – were foreseeable and as such, both Plaintiff's Predecessor In Interest and Plaintiff's Counsel had a duty to safeguard against such harm.

6. Plaintiff's Predecessor In Interest and Plaintiff's Counsel negligently violated their duty to Defendant proximately causing Defendant property damage in excess of $3.9 million.

**WHEREFORE,** Defendants seek judgment as follows:

A. Declaratory and injunctive relief voiding the mortgage;

B. Awarding actual damages;

C. Awarding attorney's fees and costs; and

D. Granting such other relief as the court deems just and equitable.

## THIRD COUNT
### (Breach of Contract and Good Faith and Fair Dealing)

1. Defendant repeats and realleges all paragraphs above as if fully set forth herein.

2. Plaintiff, Plaintiff's Predecessor In Interest and Plaintiff's Agent, (Counsel to Plaintiff and Plaintiff's Predecessor In Interest), had an affirmative obligation under the contract to not interfere with the Defendant's performance under the contract.

3. The actions of Plaintiff's Predecessor in Interest and Plaintiff's Agent, (Counsel to Plaintiff and Plaintiff's Predecessor In Interest), were wrongful and in breach of both the explicit language of the contract and the implicit covenant of Good Faith and Fair Dealing embodied in every lawful contract.

4. Plaintiff's Predecessor In Interest and Plaintiff's Counsel violated their duty to Defendant causing Defendant property damage in excess of $3.9 million.

**WHEREFORE,** Defendants seek judgment as follows:

A. Declaratory and injunctive relief voiding the mortgage;

B. Awarding actual damages;

C. Awarding attorney's fees and costs; and

D. Granting such other relief as the court deems just and equitable.

## FOURTH COUNT
### (Conversion)

1. Defendant repeats and realleges all paragraphs above as if fully set forth herein.

2. Plaintiff is wrongfully in possession of a lien on Defendant's property and is

attempting to fully convert this property via this Foreclosure action.

**WHEREFORE,** Defendants seek judgment as follows:

A. Declaratory and injunctive relief voiding the mortgage;

B. Awarding actual damages;

C. Awarding attorney's fees and costs; and

D. Granting such other relief as the court deems just and equitable.

### FIFTH COUNT
### (Unjust Enrichment and Constructive Trust)

1. Defendant repeats and realleges all paragraphs above as if fully set forth

herein.

2. Plaintiff is wrongfully in possession of a lien on Defendant's property and is

attempting to fully convert this property via this Foreclosure action.

3. The imposition of a Constructive Trust is the appropriate remedy to be

employed to redress Plaintiff's wrongful possession of Defendant's property rights.

**WHEREFORE,** Defendants seek judgment as follows:

A. Declaratory and injunctive relief voiding the mortgage;

B. Awarding actual damages;

C. Awarding attorney's fees and costs; and

D. Granting such other relief as the court deems just and equitable such as a

constructive trust.

### SIXTH COUNT
### (Breach of Contract to Sell Note and Attempted Conversion)

1. Defendant repeats and realleges all paragraphs above as if fully set forth

herein.

2. During the month of December 2013, Plaintiff entered into an oral contract to

sell to Defendant the note, subject of this Foreclosure.

3. Defendant had offered to buy the note for $400,000, but Plaintiff refused the offer and instead counteroffered to sell the note a firm price not to exceed the "value of the note's underlying asset" – the property subject of this Foreclosure.

4. Plaintiff proposed and Defendant accepted that an appraiser hired by Plaintiff would be employed to set the value of the property and thus the top price for the note.

5. However, Plaintiff has opportunistically breached its agreed to the sale of the note when it came to believe that the property would be worth more than the Plaintiff's own valuation vis-à-vis its appraiser.

6. Plaintive is attempting to wrongfully convert Defendant's Note and rights to the underlying asset – the property subject of this foreclosure - to its own use. This is an intentional tort committed by Plaintiff and is being done with willful and wanton disregard for the property rights of the Defendant and/or with actual malice.

7. Defendant will be deprived of both no cost housing for 24 to 30 months and estimated profit of $439,000 from Plaintiff's opportunistic breach of the contract.

**WHEREFORE,** Defendants seek judgment as follows:

A. Awarding actual damages;

B. Punitive Damages;

B. Awarding attorney's fees and costs; and

D. Granting such other relief as the court deems just and equitable such as a constructive trust.

## SEVENTH COUNT
### (Equitable Estoppel – Attempted Conversion of Note and Secured Property)

1. Defendant repeats and realleges all paragraphs above as if fully set forth herein.

2. During the month of December 2013, Plaintiff entered into an agreement to

sell to Defendant the note, subject of this Foreclosure.

3.  Defendant had offered to buy the note for $400,000, but Plaintiff refused the offer and instead counteroffered to sell the note a firm price not to exceed the "value of the note's underlying asset" – the property subject of this Foreclosure.

4.  Plaintiff proposed and Defendant accepted that an appraiser hired by Plaintiff would be employed to set the value of the property and thus the top price for the note.

5.  However, Plaintiff has failed to honor its agreement with Defendant to sell the note when it came to believe that the property would be worth more than the Plaintiff's own valuation vis-à-vis its appraiser.

6.  Plaintive is attempting to wrongfully convert Defendant's Note and rights to the underlying asset – the property subject of this foreclosure - to its own use.  This is an intentional tort committed by Plaintiff and is being done with willful and wanton disregard for the property rights of the Defendant and/or with actual malice.

7.  Defendant reasonably relied on Plaintiff's assertions that it would sell Defendant the note on the property which is subject to this Foreclosure.

8.  Defendant relied on Plaintiff's assertions to Defendant's substantial detriment, harming business relationships, losing profits otherwise gained on alternative projects and beneficial housing.

8.  Defendant will be deprived of both no cost housing for 24 to 30 months and estimated profit of $439,000 from Plaintiff's opportunistic breach of the contract.

**WHEREFORE,** Defendants seek judgment as follows:

A.  Awarding actual damages;

B.  Punitive Damages;

B.  Awarding attorney's fees and costs; and

D.  Granting such other relief as the court deems just and equitable such as a constructive trust.

### EIGHT COUNT
### (Violation of the FDCPA)

1. Defendant repeats and realleges all paragraphs above as if fully set forth herein.

2. Defendant asserts that Plaintiff is aware or should be aware that it is in wrongful possession of the note, as its assignment from Plaintiff's immediate Predecessor In Interest was done in violation of the Fair Debt Collection Practices Act, in furtherance of collection action which is statutorily stayed.

3. Plaintiff's actions have substantially interfered with Defendant's property rights.

4. Plaintiff's actions have caused significant emotional damages severely exacerbating Defendant's existing serious cardiac condition.

**WHEREFORE,** Defendants seek judgment as follows:

A. Awarding actual damages;

B. Treble Damages;

B. Awarding attorney's fees and costs; and

D. Granting such other relief as the court deems just and equitable.

### NINTH COUNT
### (Slander of Title)

1. Defendant repeats and realleges all paragraphs above as if fully set forth herein.

2. Additionally, Plaintiff and/ or Plaintiff's predecessor In Intereset caused the lis pendens associated with its 2008 Foreclosure action to remain active on Defendant's title for several years AFTER the lis pendens' associated litigation was long dismissed.

**WHEREFORE,** Defendants seek judgment as follows:

A. Awarding actual damages;

B. Punitive Damages;

B. Awarding attorney's fees and costs; and

D. Granting such other relief as the court deems just and equitable such as a constructive trust.

## TENTH COUNT
### (Malicious Prosecution)

1. Defendant repeats and realleges all paragraphs above as if fully set forth herein.

2. Plaintiff and Plaintiff's Predecessor In Interest are sophisticated national servicers of mortgages with highly skilled and knowledgeable staff and agents in their employ.

3. Plaintiff's Predecessor In Interest knew or should have known that its right to institute litigation against Defendant in the 2008 Foreclosure action was not perfected at the time of its filing, as there are multiple conditions precedent that must be present and/or occur BEFORE there coalesces a reasonable or probable cause for instituting the civil action against the Defendant.

**WHEREFORE,** Defendants seek judgment as follows:

A. Awarding actual damages;

B. Punitive Damages;

B. Awarding attorney's fees and costs; and

D. Granting such other relief as the court deems just and equitable such as a constructive trust.

## ELEVENTH COUNT
### (Fraud on the Court)

1. Defendant repeats and realleges all paragraphs above as if fully set forth herein.

2. Plaintiff and Plaintiff's Predecessor In Interest are sophisticated national

servicers of mortgages with highly skilled and knowledgeable staff and agents in their employ.

3. As the this Court eventually discovered, Plaintiff's Predecessor In Interest knew or constructively knew that its bald assertions that it complied with all relevant statutes necessary as conditions precedent to perfecting its right to institute litigation against Defendant in the 2008 Foreclosure action were not true.

4. This fraudulent misrepresentation caused Defendant over $3.9 million dollars in actual harm as well as harm from emotional distress.

**WHEREFORE,** Defendants seek judgment as follows:

A.  Awarding actual damages;

B.  Punitive Damages;

B.  Awarding attorney's fees and costs; and

D.  Granting such other relief as the court deems just and equitable such as a constructive trust.

E.  Awarding damages for emotional distress.

### TWELFTH COUNT
### (Action to Quiet Title)

1.  Defendant repeats and realleges all paragraphs above as if fully set forth herein.

2.  As stated and alleged in detail herein, Plaintiff has wrongfully gained or has wrongfully retained the barest legal title to the note and mortgage on the property subject to this Foreclosure, COMMONLY known as 817 Matlack Drive Moorestown, NJ 08057 and BEING alsoknown as Lot2, Block 3803 on the tax map of the Township of Moorestown, Burlington County, New Jersey.

3.  Equitable title rests with the Defendant pursuant to the varied factual, legal and equitable reasons detailed herein.

**WHEREFORE,** Defendants seek judgment as follows:

A. Granting declaratory relief vesting title in the note and/or property with Defendant;

B. Awarding attorney's fees and costs; and

D. Granting such other relief as the court deems just and equitable.

### THIRD-PARTY COMPLAINT

Defendant-Third-Party Plaintiff, Frank Reed, by way of Third-Party

Complaint against Third-Party Defendant, Zucker, Goldberg and Ackerman, LLC says:

### FIRST COUNT
### (Negligence)

1. Defendant repeats and realleges all paragraphs above as if fully set forth
herein.

2. In May of 2008, Plaintiff's Predecessor In Interest and Plaintiff's legal
counsel, (then counsel to Plaintiff's Predecessor In Interest), filed a foreclosure action
against Defendant.

3. In March of 2009 the foreclosure action was found to be in violation of New
Jersey foreclosure law by this Court and it was dismissed.

4. The May 2008 foreclosure filed by Plaintiff's Predecessor In Interest and
Plaintiff's legal counsel, (then counsel to Plaintiff's Predecessor In Interest) that was
found to be impermissible by this Court and which was dismissed by this Court in March
2009, wrongfully and substantially interfered with Defendant's property rights; interfering
with Defendant's proper use of his assets to earn his normal income and satisfy his
obligations to Plaintiff and others.

5. The results of the actions of Plaintiff's Predecessor In Interest and Plaintiff's
legal counsel, (then counsel to Plaintiff's Predecessor in Interest), which wrongfully and
substantially interfered with Defendant's property rights - interfering  with Defendant's
proper use of his assets to earn his normal income and satisfy his obligations to Plaintiff

and others – were foreseeable and as such, both Plaintiff's Predecessor In Interest and

Plaintiff's Counsel had a duty to safeguard against such harm.

6.  Plaintiff's Predecessor In Interest and Plaintiff's Counsel negligently violated

their duty to Defendant proximately causing Defendant property damage in excess of

$3.9 million.

**WHEREFORE,** Defendants seek judgment as follows:

A.  Declaratory and injunctive relief voiding the mortgage;

B.  Awarding actual damages;

C.  Awarding attorney's fees and costs; and

D.  Granting such other relief as the court deems just and equitable.

**SECOND COUNT**
**(Slander of Title)**

1.  Defendant repeats and realleges all paragraphs above as if fully set forth

herein.

2.  As agent to Plaintiff and/ or Plaintiff's predecessor In Intereset  Plaintiff's

Counsel caused the lis pendens associated with its 2008 Foreclosure action to remain

active on Defendant's title for several years AFTER the lis pendens' associated litigation

was long dismissed.

**WHEREFORE,** Defendants seek judgment as follows:

A.  Awarding actual damages;

B.  Punitive Damages;

B.  Awarding attorney's fees and costs; and

D.  Granting such other relief as the court deems just and equitable such as a

constructive trust.

**THIRD COUNT**
**(FRAUD ON THE COURT)**

1.  Defendant repeats and realleges all paragraphs above as if fully set forth

SUPERIOR COURT
BURLINGTON COUNTY

herein.                                                    2014 APR 15 PM 2:16

2. Counsel to Plaintiff and Plaintiff's Predecessor In Interest is sophisticated
RECEIVED
large and notorious prosecutor of mortgage foreclosure actions, with highly skilled and
BY: OO5
knowledgeable staff and agents in their employ.

3. As the this Court eventually discovered, Counsel to Plaintiff and Plaintiff's

Predecessor In Interest knew or constructively knew that its bald assertions that it

complied with all relevant statutes necessary as conditions precedent to perfecting its

right to institute litigation against Defendant in the 2008 Foreclosure action were not true.

4. This fraudulent misrepresentation caused Defendant over $3.9 million dollars

in actual harm as well as harm from emotional distress.

**WHEREFORE,** Defendants seek judgment as follows:

A. Awarding actual damages;

B. Punitive Damages;

B. Awarding attorney's fees and costs; and

D. Granting such other relief as the court deems just and equitable such as a

constructive trust.

E. Awarding damages for emotional distress.

Dated: April 15, 2014

Frank Reed,
Defendant-Third Party Plaintiff
Pro Se

**CERTIFICATION**

Pursuant to New Jersey Court Rule 4:5-1, I hereby certifies that the matter in

controversy is not the subject of any other action pending in any court and is likewise not

the subject of any pending arbitration proceeding, to the best of my knowledge or belief.

I further certify that I have no knowledge of any contemplated action or arbitration

proceeding regarding the subject matter of this action and that, other than the parties set

forth in this pleading, I am not aware of any other parties who should be joined in this

action. In addition, I recognize the continuing obligation of each party to file and serve on

all parties and the court an amended certification if there is a change in the facts stated

in this original certification.

Dated: April 15, 2014

Frank Reed,
Defendant-Third Party Plaintiff
Pro Se

## SERVICE UPON ATTORNEY GENERAL

Service of a copy of the Answer, Defenses, and Counterclaims in this matter is being

made upon the Attorney General of the State of New Jersey, pursuant to the Consumer

Fraud Act for the purpose of encouraging intervention, by mailing a copy of said

complaint to Attorney General, Office of the Attorney General, Hughes Justice Complex,

25 W Market St., PO Box 080, Trenton, NJ 08625-0080.

Dated: April 15, 2014

Frank Reed,
Defendant-Third Party Plaintiff
Pro Se

## CERTIFICATION OF SERVICE

I hereby certify that on April 15, 2014, I caused to be mailed a copy of the Answer to

Complaint with Affirmative Defenses and Counterclaims on behalf of Defendant to

attorneys for Plaintiff, Zucker, Goldberg & Ackerman, LLC 200 Sheffield Street, Suite

101 Mountainside, NJ 07092.

Dated: April 15, 2014

Frank Reed,
Defendant-Third Party Plaintiff
Pro Se