# **Exhibit 8**

XCZ 102962/wb
ZUCKER, GOLDBERG & ACKERMAN, LLC
Attorneys for Plaintiff
200 Sheffield Street, Suite 301
P.O. Box 1024
Mountainside, New Jersey 07092-0024
1-908-233-8500

THIS RELIEF SET FORTH BELOW
IS ORDERED AND FILED

FEB 09 2009

MICHAEL J. HOGAN, P.J.Ch.

| | |
|---|---|
| GMAC MORTGAGE, LLC<br><br>Plaintiff,<br><br>vs.<br><br>Frank J. Reed, III, et al.,<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>BURLINGTON COUNTY<br>GENERAL EQUITY PART<br>DOCKET NO. F-19177-08<br><br>Civil Action<br><br>ORDER GRANTING SUMMARY<br>JUDGMENT TO STRIKE<br>DEFENDANT'S ANSWER, TO ENTER<br>DEFAULT AND TRANSFER CASE TO<br>THE FORECLOSURE UNIT |

THIS MATTER having been opened to the Court By ZUCKER, GOLDBERG & ACKERMAN, LLC, Esqs., Richard P. Haber, Esq., attorneys for plaintiff, GMAC MORTGAGE, LLC on notice to Frank J. Reed, III, Pro Se Defendant, for an Order to strike the contesting answer, and the Court having considered the submissions of the parties, and for good cause shown;

IT IS ON THIS 9th day of February, 2008;

ORDERED:

1. ~~That the Answer and defenses filed on behalf of defendant be and are hereby stricken and that the Clerk of this Court is hereby instructed to enter default against defendant as though no answering pleading has been filed; and~~

2. ~~That this matter shall be transferred to the Foreclosure Unit of the Superior Court in Trenton,~~

EXHIBIT
8

~~New Jersey to proceed as an uncontested matter; and~~

3. That plaintiff serve a copy of this Order on Frank J. Reed, III, ~~Pro Se~~ Defendant and to counsel for all parties of interest within ___7___ days of plaintiff's counsel's receipt of the Order.

*& Defendant's cross-motion for summary judgment is GRANTED, per the attached written decision*

_____
Honorable ~~Ronald E. Bookbinder, P.J.Ch.~~
Michael J. Hogan

This matter was:

Opposed ✓

Unopposed ___

NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE COMMITTEE ON OPINIONS

PREPARED BY THE COURT

| | |
|---|---|
| GMAC MORTGAGE, LLC, | SUPERIOR COURT OF NEW JERSEY<br>BURLINGTON COUNTY<br>CHANCERY DIVISION |
| Plaintiff, | DOCKET NO.: BUR-F-19177-08 |
| v. | |
| FRANK J. REED, III, et al., | DECISION |
| Defendants. | Dated: February 6, 2009 |

Christopher G. Ford, Esq., Attorney for Plaintiff, GMAC Mortgage, LLC (Zucker, Goldberg and Ackerman)

Linda L. Campbell, Esq., Attorney for Defendant, Frank J. Reed, III (Kearney & Assocs.)

*HOGAN, P.J. Ch.*

Plaintiff GMAC Mortgage, LLC brings this present Motion for Summary Judgment to Strike Defendant's Answer, Enter Default, and transfer the matter to the Foreclosure Unit to proceed as an uncontested matter. Defendant Frank J. Reed, III has filed a Cross-motion for Summary Judgment before the Court to dismiss the Complaint for failure to provide a proper notice of intent ("NOI") as required under the New Jersey Fair Foreclosure Act ("FFA"). The court has considered those papers submitted. Proof of service has been furnished. The Court now holds, for the following reasons, Plaintiff's motion is hereby DENIED and Defendant's cross-motion is hereby GRANTED. Plaintiff's Foreclosure Complaint is dismissed without prejudice.

## FACTS

On May 31, 2006, Defendant Frank J. Reed, III executed a Note in favor of MERS, as nominee for Metrocities Mortgage, LLC for the amount of $1,000,000.00. To secure that obligation, Defendant executed a Mortgage in the same amount for real property located at 817 Matlack Drive, Moorestown, New Jersey. The Mortgage was recorded in the Burlington County Clerk's Office on Sept. 25, 2006. The Mortgage was subsequently assigned to Plaintiff GMAC Mortgage, LLC, who is alleged to be the current holder of both the Note and Mortgage. Defendant subsequently defaulted under the terms of the Note by failing and neglecting to make payments that were due on Feb. 1, 2008 and all payments due thereafter. As such, Plaintiff filed a Foreclosure Complaint on May 19, 2008.

Defendant asserts that Plaintiff failed to send a written Notice of Intent to Foreclose

pursuant to the FAA at least thirty (30) days prior to the filing of the Foreclosure Complaint.

Plaintiff asserts that it has not been able to locate a copy of the NOI that was sent to Defendant or the certified mailing receipt for the same. Plaintiff further asserts that the Answer filed by Defendant is merely a delay tactic and presents no material issue of fact that contests Plaintiff's right to foreclose.

Accordingly, Plaintiff seeks for this Court to enter an Order striking the Answer, entering default and transferring the case back to the Foreclosure Unit to proceed as an uncontested matter. Defendant seeks to dismiss the Foreclosure Complaint.

## LEGAL DISCUSSION

### Summary Judgment Standard

Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." R. 4:46-2(c). "A party may defeat a motion for summary judgment by demonstrating that the evidential materials relied upon by the moving party, considered in light of the applicable burden of proof, raise sufficient credibility issues to permit a rational factfinder to resolve the alleged disputed issued in favor of the non-moving party." D'Amato v. D'Amato, 305 N.J. Super. 109, 114, 701 A.2d 970 (App. Div. 1997) (quoting Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 523, 666 A.2d 146 (1995)).

The trial court's "function is not . . . to weigh the evidence and determine the truth . . . but to determine whether there is a genuine issue for trial." Brill, supra, 142 N.J. at 540, 666 A.2d 146 (quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d. 202, 212 (1986)). The trial judge must consider "whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party." Id. When the facts present "a single, unavoidable resolution" and the evidence "is so one-sided that one party must prevail as a matter of law," then a trial court should grant summary judgment. Id.

Here, the parties' submissions do not contest the relevant material facts. Therefore, no genuine questions of material fact are presented in this case, such that summary judgment is appropriate in this matter.

### Notice of Intent to Foreclose

The FFA requires a residential mortgage lender to serve a written notice of intention to file foreclosure proceedings, by registered or certified mail, return receipt requested, at least thirty (30) days prior to commencing suit. N.J.S.A. 2A:50-56(a)-(b).

This duty of the lender "to serve notice of intention to foreclose is independent of any other duty to give notice under the common law, principles of equity, state or federal statute, or rule of court and of any other right or remedy the debtor may have as a result of the failure to give such notice." N.J.S.A. 2A:50-56(e). Compliance with this rule must be set forth in the pleadings of a Foreclosure Complaint. N.J.S.A. 2A:50-56(f).

Plaintiff states that, even if this Court determines that Defendant was not properly served

with a NOI in accordance with the FFA, dismissal or denial of summary judgment is not the appropriate remedy. Citing GE Capital Mortgage Servs., Inc. v. Weisman, 339 N.J. Super. 590 (Ch.Div. 2000), Plaintiff alleges that the appropriate remedy for failure to provide a proper NOI is for the foreclosure to be stayed for thirty (30) days, while the lender or its counsel sends out a letter that conforms with N.J.S.A. 2A:50-56, and that this solution provides a defendant with all the protections he or she would have had if the notice was properly sent out in the first instance. In Weisman, the foreclosing mortgagee was unable to locate its records demonstrating service of the NOI on the debtor. 339 N.J. Super. at 592. The Chancery Division found that, because total non-compliance with the FFA or bad faith were not involved, dismissal of the foreclosure action was not the appropriate remedy. Rather, that court held that the appropriate remedy in light of mortgagee's inability to demonstrate its compliance with FFA was order directing mortgagee to forward a new NOI within ten (10) days, with mortgagors entitled to thirty (30) days from the mailing of a NOI during which they could reinstate the mortgage without liability for costs and attorney fees. Id. at 595.

However, this Court notes that Plaintiff fails to cite current law, which has overturned Weisman. In EMC Mortgage Corp. v. Chaudhri, 400 N.J. Super. 126 (App.Div. 2008), the Appellate Division disapproved of the remedy employed in Weisman and held that a violation of the FFA's pre-suit notice requirement cannot be cured by proper mailing during pendency of suit, as an alternative to dismissal of action without prejudice. Id. at 587.

The Court also notes that a dismissal of a foreclosure action without prejudice has no effect on the underlying contractual obligations of the parties and does not bar reinstitution of the same claims in a later action. R. 4:37-2(a).

The Court, having considered the Plaintiff's Motion for Summary Judgment, the Defendant's Cross-Motion for Summary Judgment, and the Plaintiff's Opposition to Cross-Motion, now finds that Plaintiff failed to comply with the notice requirements of N.J.S.A. 2A:50-56 and has neglected to state such compliance in its Complaint as required under N.J.S.A. 2A:50-56(f). Accordingly, Plaintiff's Motion for Summary Judgment is hereby DENIED and Defendant's Cross-motion for Summary Judgment is GRANTED. Plaintiff's Foreclosure Complaint is dismissed without prejudice.

- 3 -