# **Exhibit 11**

1 today -- regarding the hearsay portion of their objection, but
2 we had a litany of exceptions to the hearsay rule, and, also,
3 statements to the fact that our experts, or anyone who's opined
4 to --
5     THE COURT: That's not today's issue.
6     MR. REED: Yeah, we'll be here, they'll be here.
7     THE COURT: That's not today's issue.
8     All right. Mr. Wishnew, Mr. Reed points to what is
9 tabbed as Exhibit 3, behind tab 4, a copy of the state court
10 complaint --
11     MR. WISHNEW: Um-hum.
12     THE COURT: -- filed on May 19th, 2008, and he points
13 to paragraph 4 in the complaint that reads, "On or before the
14 date within complaint was drafted, the plaintiff herein became
15 the owner of the note and mortgage --
16     MR. WISHNEW: Um-hum.
17     THE COURT: -- being foreclosed herein".
18     MR. WISHNEW: Um-hum.
19     THE COURT: The plaintiff is GMAC Mortgage, LLC.
20     MR. WISHNEW: Correct, Your Honor. So --
21     THE COURT: Doesn't that create -- you say GMACM never
22 owned the note. Why doesn't this allegation in the state court
23 pleading create, at a minimum, a disputed issue of fact as to
24 whether GMACM --
25     MR. WISHNEW: Because I think if you take a closer

EXHIBIT 11

1  look at the underlying documents, the statement is partially
2  correct in --
3          THE COURT:  Partially correct?
4          MR. WISHNEW:  Well, I would say this, Your Honor.  In
5  order for us to have standing to commence the action in New
6  Jersey, we would have had to have had the mortgage assigned to
7  us, which we did.  And if you look, as Mr. Reed points out, to
8  page 84 of the exhibits, which is titled "Assignment of
9  Mortgage" -- this is at page 84 of 103 at docket 7017-6 -- it
10 specifically says, Your Honor, "and the said assignor" -- and
11 the assignor in this document is identified as MERS or Mortgage
12 Electronic Registration Systems, Inc., as nominee for Metro
13 City Mortgage, LLC -- "constitutes and appoints the
14 assignee" -- the assignee in this case is GMAC Mortgage, LLC --
15 "as the assignor's true and lawful attorney, irrevocable in law
16 or in equity, in the assignor's name, place and stead, but at
17 assignee's cost and expense".
18         THE COURT:  Okay.  So they were assigned the mortgage.
19 But paragraph 4 alleges that they were the owner of the note.
20         MR. WISHNEW:  I recognize that, Your Honor, and that
21 should not have said the owner of the note.
22         THE COURT:  Okay.
23         MR. WISHNEW:  It should have said the holder of the
24 note.  And if you were to look to Ms. Delehey's supplemental
25 declaration in support of the reply, at docket 7228-1, page 37

RESIDENTIAL CAPITAL, LLC, ET AL.                                87

1  of 37, nowhere, on the endorsements to the note, is GMAC
2  Mortgage, LLC.
3              THE COURT:  Okay.
4              MR. WISHNEW:  So we never --
5              THE COURT:  It's a disputed issue of fact.  So I'm
6  going to overrule the objection to the breach of contract
7  claim.  You may well prevail.
8              MR. WISHNEW:  Um-hum.
9              THE COURT:  It's too bad somebody alleged in the
10 complaint that you owned the note.
11             MR. WISHNEW:  Agreed, Your Honor.
12             MR. REED:  Your Honor, may --
13             THE COURT:  No, just a second, Mr. Reed.
14             MR. REED:  Sure.  Sure.
15             THE COURT:  Where in the proof of claim is an unjust
16 enrichment claim?
17             MR. WISHNEW:  It might be in the certification to the
18 claim, Your Honor.  Just give me one minute; I'll double check.
19             MR. REED:  It's on the face as well, Your Honor.
20             THE COURT:  Where?
21             MR. REED:  No, I don't have that -- I don't have the
22 original document.
23             THE COURT:  Mr. Reed?
24             MR. WISHNEW:  I just have the supplemental.
25             THE COURT:  Mr. Wishnew will --