KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

------------------------------------------------------------

**NOTICE OF RESCAP LIQUIDATING TRUST'S SEVENTY-EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.     On November 18, 2014, the ResCap Liquidating Trust filed its *Seventy-Eighth Omnibus Objection to Claims (No Liability Claims)* (the "**Omnibus Objection**").

2.     A hearing (the "**Hearing**") to consider the Omnibus Objection shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004-1408, on **December 18, 2014 at 10:00 a.m.** (prevailing Eastern Time).

3.     Any responses to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **December 9, 2014 at 4:00 p.m.** (prevailing Eastern Time) upon (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H.

Eckstein, Douglas H. Mannal, Joseph A. Shifer); (c) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew and Meryl L. Rothchild) (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Ave., Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

4.    If no responses to the Omnibus Objection are timely filed and served to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

5.    A copy of the Omnibus Objection can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
          November 18, 2014

                                        KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                        /s/ Joseph A. Shifer
                                        Kenneth H. Eckstein
                                        Douglas H. Mannal
                                        Joseph A. Shifer
                                        1177 Avenue of the Americas
                                        New York, New York 10036
                                        Telephone: (212) 715-9100
                                        Facsimile: (212) 715-8000

                                        *Counsel for the ResCap Liquidating Trust*

**Hearing Date and Time: December 18, 2014 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: December 9, 2014 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------

**RESCAP LIQUIDATING TRUST'S SEVENTY-EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON EXHIBIT A ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON
EXHIBIT A ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT
THE LIQUIDATING TRUST'S COUNSEL, JOSEPH A. SHIFER, AT (212) 715-9100.**

# <u>TABLE OF CONTENTS</u>

<u>Page</u>

JURISDICTION ..................................................................................................................1

BACKGROUND ................................................................................................................2

RELIEF REQUESTED........................................................................................................4

OBJECTION.......................................................................................................................4

     A.     Nationstar Mortgage LLC................................................................. 6

     B.     Tata America International Corporation ............................................. 7

     C.     Richard Sax .................................................................................. 7

     D.     Faith Lynn Brashear....................................................................... 9

RESERVATION OF RIGHTS ...........................................................................................10

NOTICE.............................................................................................................................11

NO PRIOR REQUEST ..................................................................................................... 11

CONCLUSION...................................................................................................................12

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adelphia Commc'ns Corp.*,
  No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20,
  2007) .......................................................................................................................4

*In re Allegheny Int'l, Inc.*,
  954 F.2d 167 (3d Cir. 1992).......................................................................................5

*Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*,
  178 B.R. 222 (B.A.P. 9th Cir. 1995), *aff'd sub nom., Ashford v. Naimco, Inc.*
  *(In re Consol. Pioneer Mortg. Entities)*, 91 F.3d 151 (9th Cir. 1996)......................5

*In re Bethlehem Steel Corp.*,
  479 F.3d 167 (2d Cir. 2007)........................................................................................8

*In re Drexel Burnham Lambert Group, Inc.*,
  134 B.R. 482 (Bankr. S.D.N.Y. 1991).........................................................................9

*In re Enron Corp.*,
  279 B.R. 695 (Bankr. S.D.N.Y. 2002).........................................................................9

*Feinberg v. Bank of N.Y. (In re Feinberg)*,
  442 B.R. 215 (Bankr. S.D.N.Y. 2010)......................................................................5, 6

*In re Globe Metallurgical, Inc.*,
  312 B.R. 34 (Bankr. S.D.N.Y. 2004)...........................................................................8

*Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*,
  536 F. 2D 950 (1st Cir. 1976).....................................................................................8

*In re Minbatiwalla*,
  424 B.R. 104 (Bankr. S.D.N.Y. 2010)......................................................................5, 6

*In re Oneida Ltd.*,
  400 B.R. 384 (Bankr. S.D.N.Y. 2009).........................................................................4

*In re Patient Educ. Media*,
  221 B.R. 97 (Bankr. S.D.N.Y. 1998)...........................................................................9

*In re Porter*,
  374 B.R. 471 (Bankr. D. Conn. 2007) .........................................................................6

*In re Rockefeller Ctr. Props.*,
  272 B.R. 524 (Bankr. S.D.N.Y. 2000).........................................................................4

*In re Tower Auto., Inc.,*
   No. 05-10578, 2007 WL 1888383 (Bankr. S.D.N.Y. June 29, 2007) ......................................8

*Trustees of Amalgamated Ins. Fund. v. McFarlin's, Inc.,*
   789 F. 2d 98 (2d Cir. 1986)..........................................................................................................8

**Statutes**

11 U.S.C. § 502...............................................................................................................1, 2, 4, 5

28 U.S.C § 157..............................................................................................................................1

28 U.S.C. § 1334...........................................................................................................................1

28 U.S.C. § 1408...........................................................................................................................1

28 U.S.C. § 1409...........................................................................................................................1

**Other Authorities**

Fed. R. Bankr. P. 1015(b) ............................................................................................................2

Fed. R. Bankr. P. 3001(c) ............................................................................................................5

Fed. R. Bankr. P. 3007.........................................................................................................1, 2, 3

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

      The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby files this seventy-eighth omnibus objection to claims (the "**Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "**Claims Objection Procedures Order**"), seeking entry of an order (the "**Proposed Order**"), in a form substantially similar to that attached hereto as **Annex 2**, disallowing and expunging the claims listed on **Exhibit A** annexed to the Proposed Order.[1]  In support of the Objection, the Liquidating Trust submits the declaration of Deanna Horst, Chief Claims Officer for the Liquidating Trust (the "**Horst Declaration**"), attached hereto as **Annex 1**, and respectfully represents as follows:

## **JURISDICTION**

1.      This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334,  and Article XII of the Plan (defined herein).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.      The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Rule 3007(d) of the Bankruptcy Rules.

---

[1] Claims listed on Exhibit A to the Proposed Order are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

## BACKGROUND

3.       On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.       On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Docket No. 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065-1].[2]  On December 17, 2013, the Effective Date of the Plan occurred, and the Liquidating Trust was established [Docket No. 6137].

5.       The Liquidating Trust was established to, among other things, wind down the affairs of the Debtors.  *See* Plan, Art. VI.  Pursuant to the Plan, the Liquidating Trust has the exclusive authority to "[f]ile, withdraw, or litigate to judgment, objections to Claims or Equity Interests (other than Borrower Claims, Private Securities Claims, and the NJ Carpenters Claims)." Plan, Art. VIII.A.3.

6.       On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.  KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

7.       On August 29, 2012, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**").  The Bar Date Order established (i) November 9, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**," with the General Bar Date, the "**Bar Date**").  Bar Date Order at ¶¶ 2-3.  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

8.       The Confirmation Order required holders of Administrative Claims (as such term is defined in the Plan), including claims that arose between the Petition Date and the Effective Date, to file their "requests for the payment of such Administrative Claims not already Allowed by Final Order in accordance with the procedures specified in the Confirmation Order, on or before the first Business Day that is thirty (30) days following the Effective Date."  *See* Confirmation Order ¶ 50(f).  As the Effective Date of the Plan occurred on December 17, 2013, the deadline by which holders of Administrative Claims must have filed requests for payment was January 16, 2014 (the "**Administrative Claims Bar Date**").

9.       On March 21, 2013, the Court entered the Claims Objection Procedures Order, which authorizes the Debtors to file omnibus objections to up to 150 claims at a time on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Claims Objection Procedures Order.

- 3 -

10.    To date, over 7,400 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Claims Register.

## **RELIEF REQUESTED**

11.    By this Objection, and for the reasons discussed below, the Liquidating Trust seeks to disallow and expunge the proofs of claim identified on <u>Exhibit A</u> to the Proposed Order (collectively, the "**<u>No Liability Claims</u>**").[3]

## **OBJECTION**

12.    The Liquidating Trust examined the No Liability Claims and supporting documents filed therewith, as well as the books and records the Debtors maintained in the ordinary course of business (the "**<u>Books and Records</u>**"), and determined that the No Liability Claims fail to articulate any valid obligation for which the Debtors are liable. *See* Horst Declaration ¶ 4. Accordingly, the No Liability Claims should be disallowed and expunged from the Claims Register. If the No Liability Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive an improper recovery from the Liquidating Trust to the detriment of the Liquidating Trust's beneficiaries.

13.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000). The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. *In re Allegheny Int'l,*

---

[3] No Borrower Claims (as defined in the Claims Objection Procedures Order) are included in this Objection.

- 4 -

*Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim."). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

14.     Further, the Court should expunge the No Liability Claims to the extent they fail to attach adequate, or any, supporting documentation to demonstrate the validity of the claims. Bankruptcy Rule 3001(c)(1) instructs that:

> when a claim, or an interest in property of the debtor securing the claim, is based on a writing, the original or a duplicate shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

15.     If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity. *See Ashford v. Consol. Pioneer Mortg. (In re Consol. Pioneer Mortg.)*, 178 B.R. 222, 226 (B.A.P. 9th Cir. 1995), *aff'd sub nom., Ashford v. Naimco, Inc. (In re Consol. Pioneer Mortg. Entities)*, 91 F.3d 151 (9th Cir. 1996); *In re Minbatiwalla*, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010) (Glenn, J.).

16.     Where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed. *See Minbatiwalla*, 424 B.R. at 119 (determining that "in certain circumstances, claims can be disallowed for failure to support the claim with sufficient evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the

objector to concede the validity of a claim."); *In re Porter*, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also *Feinberg*, 442 B.R. at 220-22 (applying *Minbatiwalla* to analysis).

17.    The Liquidating Trust carefully analyzed the No Liability Claims and compared the claims set forth therein to the Books and Records.    After such review, the Liquidating Trust determined that each of the No Liability Claims fails to reflect a liability of the Debtors.  *See* Horst Declaration ¶ 4.  For the reasons set forth below, in addition to those set forth on **Exhibit A** to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors are not liable to these claimants for the amounts asserted in their respective proofs of claim:

### A.    **Nationstar Mortgage LLC**

18.    Nationstar Mortgage LLC ("**Nationstar**") filed Claim No. 7421 against Debtor Residential Capital, LLC (the "**Nationstar Claim**"), asserting an administrative expense claim in the amount of $928,764.08.

19.    According to the Nationstar Claim, the claim is based on an Asset Purchase Agreement between Debtor GMAC Mortgage, LLC and Nationstar dated November 14, 2008, pursuant to which Nationstar purchased certain mortgage servicing rights from GMAC Mortgage, LLC.  *See* Nationstar Claim at 2.  Nationstar alleges that between May 14, 2012 and December 17, 2013, it received repurchase demands for eight mortgage loans totaling $928,764.08, and that such repurchase obligations are the obligations of GMAC Mortgage, LLC. *See id.* at 4.  After discussions with Nationstar, a review of the supporting documentation provided by Nationstar, and a search of the Books and Records, the Liquidating Trust was unable to identify any of the eight loans referenced by Nationstar as ever being serviced by the Debtors, despite repeated requests for information and substantiation from Nationstar.

- 6 -

B.    **Tata America International Corporation**

20.    Tata America International Corporation ("**Tata**") filed Claim No. 7477 against Debtor Residential Capital, LLC (the "**Tata Claim**"), asserting an administrative expense claim in the amount of $16,341.00.  After a search of the Books and Records, the Liquidating Trust determined there is no obligation owed by the Debtors to Tata on account of the Tata Claim.  As of the date hereof, there are no unpaid invoices relating to Tata, and the Liquidating Trust intends to pay in the ordinary course of business any future invoices submitted by Tata for post-Effective Date services.  Prior to filing the Objection, counsel to the Liquidating Trust contacted counsel to Tata in an attempt to consensually resolve the Tata Claim, but to date has been unsuccessful in effectuating a resolution of the Tata Claim.

C.    **Richard Sax**

21.    The Law Offices of Richard Sax filed Claim No. 7422 against Debtor Residential Capital, LLC (the "**Sax Claim**"), asserting an administrative expense claim of $3,398.08.  The Sax Claim asserts that attorney Richard Sax had represented Marvin McDougal against Residential Capital, LLC, and filed Mr. McDougal's proofs of claim against the Debtors, Claim Nos. 2864 and 5892.  *See* Sax Claim at 1.[4]  The Sax Claim asserts that the total amount billed to Mr. McDougal was $6,182.17, with Mr. McDougal paying $2,784.09 and an unpaid

---

[4] Mr. McDougal's Claim No. 2864 was disallowed and expunged pursuant to the *Order Granting Debtors' Seventh Omnibus Objection to Claims (Amended and Superseded Borrower Claims)* [Docket No. 4238], and Mr. McDougal's Claim No. 5892 is subject to the *ResCap Borrower Claims Trust's Seventh-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* [Docket No. 7552], with the Court taking the objection to Claim No. 5892 under submission after the November 13, 2014 hearing.

balance due of $3,398.08 (*i.e.*, the amount requested by Mr. Sax as an administrative expense claim). *Id.* at 2.[5]

22.     The Sax Claim does not provide any valid basis explaining why the Debtors should be liable for Mr. McDougal's legal expenses, such as a valid agreement between the Debtors and Mr. McDougal stating that the Debtors will reimburse his legal fees.  Moreover, Mr. Sax fails to meet his burden of establishing an administrative expense claim under Section 503 of the Bankruptcy Code.  As the claimant, Mr. Sax bears the burden of proving his administrative claim; the Debtors do not have the burden of disproving it.  *In re Tower Auto., Inc.*, No. 05-10578, 2007 WL 1888383, at *2 (Bankr. S.D.N.Y. June 29, 2007) (the "burden of proving administrative priority falls upon the litigant seeking administrative status").

23.     A claim is granted administrative expense priority under section 503 of the Bankruptcy Code only if the following two conditions are satisfied.  First, the expense must arise "out of a transaction between the creditor and the bankrupt's trustee or debtor in possession." *Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc.*, 789 F.2d 98, 101 (2d Cir. 1986); *accord In re Bethlehem Steel Corp.*, 479 F.3d 167, 172 (2d Cir. 2007).  Second, "the consideration supporting the claimant's right to payment [must have been] both supplied to and beneficial to the debtor-in-possession in the operation of the business." *McFarlin's*, 789 F.2d at 101 (quoting *Cramer v. Mammoth Mart, Inc. (In re Mammoth Mart, Inc.)*, 536 F.2d 950, 954 (1st Cir. 1976)); *accord Bethlehem Steel*, 479 F.3d at 172.

24.     With respect to the first prong, "an expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in

---

[5] On October 2, 2013, Richard Sax filed a letter with the Court asserting that the Law Offices of Richard Sax does not represent Marvin McDougal in his legal matters, and all future correspondence and documents should be sent to Mr. McDougal [Docket No. 5476].

possession. . . . A debt is not entitled to priority simply because the right to payment arises after the debtor in possession had begun managing the estate." *McFarlin's*, 789 F.2d at 101; *see also In re Globe Metallurgical, Inc.*, 312 B.R. 34, 40 (Bankr. S.D.N.Y. 2004) ("There also must be an element of inducement [from the debtor-in-possession]. . . .").  Here, Mr. Sax provided services to a non-Debtor, Mr. McDougal, and the Sax Claim does not identify any relevant postpetition transaction with the estates that would entitle him to an administrative expense claim.

25.    With respect to the second prong, "there must be a concrete, discernible benefit from actual use because a speculative benefit or the mere potential for benefit is not enough to warrant administrative claim priority."  *In re Enron Corp.*, 279 B.R. 695, 706 (Bankr. S.D.N.Y. 2002).  The test of whether the estate benefits from a postpetition transaction is "an objective one." *In re Patient Educ. Media*, 221 B.R. 97, 102 (Bankr. S.D.N.Y. 1998).  "The inclusion of the words 'actual' and 'necessary' in § 503(b)(1) means the estate must accrue a real benefit from the transaction."  *In re Drexel Burnham Lambert Group, Inc.*, 134 B.R. 482, 488 (Bankr. S.D.N.Y. 1991).  The Sax Claim fails to identify any benefit that accrued to the Debtors' estates as a result of the legal services Mr. Sax provided to Mr. McDougal.

26.     Prior to filing the Objection, counsel to the Liquidating Trust contacted Mr. Sax in an attempt to consensually resolve the Sax Claim, but to date has been unsuccessful in effectuating a resolution of the Sax Claim.

### D.    **Faith Lynn Brashear**

27.    Faith Lynn Brashear filed Claim No. 7465 (the "**Brashear Claim**") against Debtor Residential Capital, LLC, asserting a general unsecured claim in the amount of $56,000.00.

28.    As an initial matter, the Brashear Claim was filed on May 16, 2014, significantly after both the General Bar Date and the Administrative Claims Bar Date, and as

such, should be disallowed and expunged for being a late-filed claim.  Even if the Brashear

Claim was timely-filed, however, it must be disallowed and expunged as it asserts no basis for a

valid claim against the Debtors.

29.     The Liquidating Trust reviewed the Brashear Claim, the documents filed

therewith, and the Books and Records, and determined there is no amount owed by the Debtors

to Ms. Brashear.  Although the Brashear Claim is peppered with general allegations about the

mortgage industry, the Debtors have no record that Ms. Brashear is or ever was a borrower of the

Debtors.[6]  Furthermore, the Brashear Claim appears that it may be based on an automobile loan

with GMAC, LLC.  GMAC, LLC, a predecessor to Ally Financial Inc., is not a debtor in the

Bankruptcy Cases and the Debtors were not involved in the business of automobile loans.

30.     Prior to filing the Objection, counsel to the Liquidating Trust contacted

Ms. Brashear in an attempt to consensually resolve the Brashear Clam, but to date has been

unsuccessful in effectuating a resolution of the Brashear Clam.

31.     For the reasons described above, to avoid the possibility that these

claimants receive improper recoveries against the Debtors' estates, and to ensure that the

Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating

Trust requests that this Court disallow and expunge in their entirety each of the No Liability

Claims.

**RESERVATION OF RIGHTS**

32.     To the extent not expunged by this Objection, the Liquidating Trust

---

[6] The documents included with the Brashear Claim indicate that Faith Lynn Brashear was formerly known as Donna
Marie Beltz; a search of the Debtors' Books and Records reveals no record of either Faith Lynn Brashear or Donna
Marie Beltz being a borrower of, or being owed any money by, the Debtors.

reserves the right to object further to any of the No Liability Claims on any and all additional factual or legal grounds. Without limiting the generality of the foregoing, the Liquidating Trust specifically reserves its right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a response filed in accordance with the Claims Objection Procedures Order by or on behalf of any of the claimants or other interested parties; (b) object further to any No Liability Claims addressed in this Objection for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any No Liability Claims addressed in this Objection based on additional information that may be discovered upon further review by the Liquidating Trust or through discovery. In addition, as described above and as contemplated and permitted under the Claims Objection Procedures Order, the Liquidating Trust reserves and retains its rights to object to any No Liability Claim addressed in this Objection, but not ultimately expunged, on any and all available grounds.

## NOTICE

33.    The Liquidating Trust has served notice of the Objection in accordance with the Case Management Procedures [Docket No. 141] and the Claims Objection Procedures Order, including upon the holders of the No Liability Claims and their counsel of record. The Liquidating Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

34.    No previous request for the relief sought herein as against the holders of the No Liability Claims has been made by the Liquidating Trust to this or any other court.

## **CONCLUSION**

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

order substantially in the form of the Proposed Order granting the relief requested herein and

granting such other relief as is just and proper.

Dated: New York, New York
        November 18, 2014

                                    KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                    /s/ Joseph A. Shifer
                                    Kenneth H. Eckstein
                                    Douglas H. Mannal
                                    Joseph A. Shifer
                                    1177 Avenue of the Americas
                                    New York, New York 10036
                                    Telephone: (212) 715-9100
                                    Facsimile: (212) 715-8000

                                    *Counsel for the ResCap Liquidating Trust*

**<u>Annex 1</u>**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF DEANNA HORST IN SUPPORT**
**OF RESCAP LIQUIDATING TRUST'S SEVENTY-EIGHTH**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.       I am the Chief Claims Officer for the ResCap Liquidating Trust (the

"**Liquidating Trust**"), and previously served as Chief Claims Officer for Residential Capital,

LLC and its affiliates (collectively, "**ResCap**"), a limited liability company organized under the

laws of the state of Delaware and the parent of the other post-effective date debtors in the above-

captioned Chapter 11 Cases (collectively, the "**Debtors**").  I was employed by ResCap beginning

in August of 2001.  In June 2012, I became Senior Director of Claims Management for ResCap

and became Chief Claims Officer of ResCap in October of 2013.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.   In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role.  In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.  I am authorized to submit this declaration (the "**Declaration**") in support

of the *ResCap Liquidating Trust's Seventy-Eighth Omnibus Objection to Claims (No Liability Claims)* (the "**Objection**").[1]

2.     Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.     In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 cases. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "**Books and Records**"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "**Schedules**"), my review and reconciliation of claims, and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on **Exhibit A** annexed to the Proposed Order. Since the Plan went effective, I, along with other members of the Debtors' management or other employees of the Debtors have continued the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same. In connection with such review and analysis, where applicable, the Liquidating Trust has reviewed (i) information supplied or verified by personnel

---

[1]     Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

4.    Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.  Based on a thorough review of the No Liability Claims at issue, the supporting documents filed therewith, and the Books and Records, it was determined that each No Liability Claim on **Exhibit A** annexed to the Proposed Order fails to establish a claim for which the Debtors are liable.  For the reasons set forth below, in addition to those set forth on **Exhibit A** to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors are not liable to these claimants for the amounts asserted in their respective proofs of claim.

A.    **Nationstar Mortgage LLC**

5.    Nationstar Mortgage LLC ("**Nationstar**") filed Claim No. 7421 against Debtor Residential Capital, LLC (the "**Nationstar Claim**"), asserting an administrative expense claim in the amount of $928,764.08.  According to the Nationstar Claim, it is based on an Asset Purchase Agreement between Debtor GMAC Mortgage, LLC and Nationstar dated November 14, 2008, pursuant to which Nationstar purchased certain mortgage servicing rights from GMAC Mortgage, LLC.  *See* Nationstar Claim at 2. Nationstar alleges that between May 14, 2012 and December 17, 2013, it received repurchase demands for eight mortgage loans totaling $928,764.08, and that such repurchase obligations are the obligations of GMAC Mortgage, LLC. *See id.* at 4.  After discussions with Nationstar, a review of the supporting documentation provided by Nationstar, and a search of the Books and Records, the Liquidating Trust was unable

- 3 -

to identify any of the eight loans referenced by Nationstar as ever being serviced by the Debtors, despite repeated requests for information and substantiation from Nationstar.

### B.    Tata America International Corporation

6.    Tata America International Corporation ("**Tata**") filed Claim No. 7477 against Debtor Residential Capital, LLC (the "**Tata Claim**"), asserting an administrative expense claim in the amount of $16,341.00. After a search of the Books and Records, the Liquidating Trust determined there is no obligation owed by the Debtors to Tata on account of the Tata Claim.  As of the date hereof, there are no unpaid invoices relating to Tata, and the Liquidating Trust intends to pay in the ordinary course of business any future invoices submitted by Tata for post-Effective Date services.

### C.    Richard Sax

7.    The Law Offices of Richard Sax filed Claim No. 7422 against Debtor Residential Capital, LLC (the "**Sax Claim**"), asserting an administrative expense claim of $3,398.08.  The Sax Claim asserts that attorney Richard Sax had represented Marvin McDougal against Residential Capital, LLC, and filed Mr. McDougal's proofs of claim against the Debtors, Claim Nos. 2864 and 5892.  *See* Sax Claim at 1.[2]  The Sax Claim asserts that the total amount billed to Mr. McDougal was $6,182.17, with Mr. McDougal paying $2,784.09 and an unpaid balance due of $3,398.08 (*i.e.*, the amount requested by Mr. Sax as an administrative expense

---

[2] Mr. McDougal's Claim No. 2864 was disallowed and expunged pursuant to the *Order Granting Debtors' Seventh Omnibus Objection to Claims (Amended and Superseded Borrower Claims)*[Docket No. 4238], and Mr. McDougal's Claim No. 5892 is subject to the *ResCap Borrower Claims Trust's Seventh-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* [Docket No. 7552], with the Court taking the objection to Claim No. 5892 under submission after the November 13, 2014 hearing.

claim).  *Id.* at 2.[3]  The Sax Claim does not provide any valid basis explaining why the Debtors

should be liable for Mr. McDougal's legal expenses.

###            D.            **Faith Lynn Brashear**

8.            Faith Lynn Brashear filed Claim No. 7465 (the "**Brashear Claim**")

against Debtor Residential Capital, LLC, asserting a general unsecured claim in the amount of

$56,000.00.  The Brashear Claim was filed on May 16, 2014, significantly after both the General

Bar Date and the Administrative Claims Bar Date, and it asserts no basis for a valid claim against

the Debtors.  The Liquidating Trust reviewed the Brashear Claim, the documents filed therewith,

and the Books and Records, and determined there is no amount owed by the Debtors to Ms.

Brashear.  In addition, the Debtors have no record that Ms. Brashear is or ever was a borrower of

the Debtors.[4]

9.            If the No Liability Claims are not disallowed and expunged, the claimants

who filed these Claims may potentially receive an improper recovery to the detriment of other

creditors.

10.            Accordingly, based upon the Liquidating Trust's review and for the

reasons set forth in the Objection, I have determined that each No Liability Claim that is the

subject of the Objection should be disallowed and expunged it its entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing

is true and correct.

---

[3] On October 2, 2013, Richard Sax filed a letter with the Court asserting that the Law Offices of Richard Sax does
not represent Marvin McDougal in his legal matters, and all future correspondence and documents should be sent to
Mr. McDougal [Docket No. 5476].

[4] The documents included with the Brashear Claim indicate that Faith Lynn Brashear was formerly known as Donna
Marie Beltz; a search of the Debtors' Books and Records reveals no record of either Faith Lynn Brashear or Donna
Marie Beltz being a borrower of, or being owed any money by, the Debtors.

Dated:  November 18, 2014

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for the ResCap
Liquidating Trust

**<u>Annex 2</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S**
**<u>SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)</u>**

Upon the seventy-eighth omnibus objection to claims (the "**<u>Objection</u>**")[1] of the

ResCap Liquidating Trust (the "**<u>Liquidating Trust</u>**") established pursuant to the terms of the

confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the

Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code (the "**<u>Bankruptcy Code</u>**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure,

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim [Docket No. 3294] (the "**<u>Claims Objection Procedures Order</u>**"), disallowing and

expunging the No Liability Claims, as more fully described in the Objection; and it appearing

that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334;

and consideration of the Objection and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it

appearing that no other or further notice need be provided; and upon consideration of the

Objection and the *Declaration of Deanna Horst in Support of the ResCap Liquidating Trust's*

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Objection.

*Seventy-Eighth Omnibus Objection to Claims (No Liability Claims)* annexed to the Objection as **Annex 1**; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Claims Objection Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Objection is granted to the extent provided herein.

2.      Pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit A** annexed hereto are hereby disallowed and expunged in their entirety with prejudice.

3.      Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' claims and noticing agent, is directed to disallow and expunge the claims identified on the schedule attached as **Exhibit A** hereto so that such claims are no longer maintained on the Debtors' Claims Register.

4.      The Liquidating Trust and KCC are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

5.      Notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Objection Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

6.      This Order has no res judicata, estoppel, or other effect on the allowance of any claim not listed on **Exhibit A** annexed to this Order, and all rights of the Liquidating Trust or any other party to object on any basis are expressly reserved with respect to any claim that is not listed on **Exhibit A** annexed hereto.

7.      This Order shall be a final order with respect to each of the  claims identified on **Exhibit A** annexed hereto, as if each such claim had been individually objected to.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2014
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## **Exhibit A**

No Liability Claims

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Faith Lynn Brashear 1095 Lowry Ranch Road Corona, CA 92881 | 7465 | 05/16/2014 | $56,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |
| 2 | Law Offices of Richard Sax Richard Sax 448 Sebastopol Avenue Santa Rosa, CA 95401 | 7422 | 01/16/2014 | $3,398.08 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | The claimant does not provide any valid basis explaining why the Debtors are liable for the claim and fails to meet his burden of establishing an administrative expense claim under Section 503 of the Bankruptcy Code. |
| 3 | Nationstar Mortgage LLC Attn Office of General Counsel 350 Highland Drive Lewisville, TX 75067 | 7421 | 01/16/2014 | $928,764.08 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and was unable to identify the loans Nationstar referenced as forming the basis of its claim as ever being serviced by the Debtors. |
| 4 | Tata America International Corporation Fred Stevens Klestadt & Winters LLP 570 Seventh Avenue, 17th Floor New York , NY 10018 | 7477 | 01/16/2014 | $16,341.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |

Claims to be Disallowed and Expunged