# UNITED STATES BANKRUPTCY COURT -- SOUTHERN DISTRICT OF NEW YORK

Hearing Date:
November 20, 2014
Hearing Time: 10:00A.M

Chapter 11

Jointly Administered

**Case No.: 12-12020 (MG**

In Re:

**RESIDENTIAL CAPITAL, LLC,** et al. Debtor et al...



RECEIVED
NOV 17 2014
U.S. BANKRUPTCY COURT, SDNY

## WEKESA MADZIMOYO'S REQUEST FOR SUBSTITUTION OF OPPOSITION DOCUMENT FOR THE SAKE OF CONSISTENCY

On November 5th, claimant mailed into the court an exact same copy of the opposition attached. When he printed the same document to serve on all parties involved, he realized that page numbers did not print at the bottom of the pages. Because he was using a new word processor, he had extreme difficulty getting the page numbers to print properly, and was finally able to get them to print as they are printed in the attached document. For the sake of consistency for all parties involved, please substitute the court's copy for the attached copy which includes page numbers consistent with the ones served on all parties. There are no other changes except for page numbers at the bottom of each page.

Wekesa O. Madzimoyo, 11/11/2014

I hereby certify that a copy of the same document that has been sent to the

bankruptcy court to replace the copy that was sent on November 5th was sent to the

following on November 6th via U.S. mail and facsimile.


Counsel to the ResCap Borrower Claims Trust
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
Attention: Norman S. Rosenbaum and Jordan A. Wishnew

The Office of the United States Trustee for the
Southern District of New York
U.S. Federal Office Building
201 Varick Street
Suite 1006
New York, New York 10014
Attention: Linda A. Riffkin and Brian S. Masumoto

The Rescap Liquidating Trust, Quest Turnaround Advisors
800 Westchester Avenue, Suite S-520
Rye Brook, NY 10573
Attention: Jeffrey Brodsky

The ResCap Borrower Claims Trust Polsinelli PC
900 Third Avenue
21st Floor
New York, NY 10022
Attention: Daniel J. Flanigan
New York, New York 10022 Attention: Daniel J. Flanigan

Wekesa O. Madzimoyo    November 11, 2014

**UNITED STATES BANKRUPTCY COURT**
**-- SOUTHERN DISTRICT OF NEW YORK**
Hearing Date: November 20, 2014 Hearing Time:
10:00A.M

In Re:

**RESIDENTIAL CAPITAL, LLC,** et al.

Debtor et al...

**Case No.: 12-12020 (MG)** Chapter

11

Jointly Administered

**WEKESA MADZIMOYO'S OPPOSITION AND RESPONSE TO THE
RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM
NO. 5800 (PRO SE)**

Dated: Nov. 4, 2014
Wekesa Madzimoyo 852
Brafferton PL Stone
Mountain, GA 30083
Tel: 404.201.2356
Wekesa@gmail.com
Claimant

**TABLE OF CONTENTS**

INTRODUCTION ............................................................................................................... 4

I. Claimant Requests the Court to Take Judicial Notice ....................................... 5

II. FACTUAL BACKGROUND ..........................................................................................5

III. STANDARD OF REVIEW .......................................................................................10

IV. ARGUMENT ............................................................................................................ 11

A. The ResCap Trust's Purported Declaration of Kathy Priore is not Admissible under the...12

Federal Rules of Evidence and Should be Disregarded and Stricken

B. Claimant Alleges Four Legal Theories of Liability and Recovery ........................................15

D. Claimant will Prevail in GA Appellate Court....................................................19

Error to Lift Stay ...................................................................................................... 19

F. One-Satisfaction Rule, Injunctive Declaratory Relief.............................................20

G. Break in the Chain of Title...............................................................................21

H. Claimant has Standing to Challenge Putative Assignments and other Defects..................22

    a. Not Barred by Montgomery V. BAC

    b. Not Barred by You V. Chase

I. Debtor Et Al. is not authorized to Foreclose ......................................................25

J. Second Corrective Assignment Fails.................................................................27

K. Claimant has effectively stated a Claim for Wrongful Foreclosure, Injunctive Relief and

Damages.......................................................................................................................28

L. Claimant is entitled to Equitable Quiet Title......................................................30

**V. CONCLUSION..........................................................................................................31**

# Table of Authorities

***United States v. Reliable Transfer Co., Inc*** 421 U.S. 397 (1975)

***You v. JPMorgan Chase Bank, N.A.,*** 293 Ga 67 (2013)

***Slorp v. Lerner, Sampson, et al*** (Apr. 29, 2013) 39 Misc.3d 1220(A), 2013 WL 1831799, slip opn. p. 8

***Carmack v. Bank of N.Y. Mellon.,*** 534 F. App'x 508, 511— 12 (6th Cir. 2013)

***MONTGOMERY v. BANK OF AMERICA et al.*** *No. A12A0514, March 29, 2013*

***Bahaeddin Kharazmi v. BAC*** US District Court for the Northern District of Georgia

***Babalola v. HSBC Bank, USA NA*** (Ga. App., 2013)

***Holloway v. U.S. Bank Trust Nat'l Ass'n,*** 731 S.E.2d 763, 12 FCDR 2668 (Ga. App., 2012)

***Sale City Peanut & Milling Co. v. Planters & Citizens Bank,*** 130 S.E.2d 518, 520

***Hauf v. HomEq Servicing Corp.,*** No. 4:05-CV-109, 2007 WL 486699, at *6 (N.D. Ga. Feb. 9, 2007).

***Hay v. Bank of A, CIVIL ACTION NO. 1:12-CV-01596-RWS.***

***Edwards v. BA, CIVIL ACTION NO. 1:11-CV-2465-RWS.***

***Roper v. Parcel of Land,*** No. 1:09-CV-0312-RWS, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010

***Washington vs. FEDERAL NATIONAL MORTGAGE***

***Woodberry v. Bank of America, L.P., 2012 WL 4327052 at *1 (N.D. Ga.).***

***Kuriatnyk v. kuriatnyk,*** *286 Ga, 589, 590 (690 SE2d 397) (2010)*

***Atlanta Dwellings, Inc. v. Wright,*** 527 S.E. 2nd 854,856 (Ga. 2000)

***Bakhtiarnejd v. Cox Enterprises, Inc.,*** 247 Ga App 205, 210 (1) (541 SE2d 33)(2000).

April 23rd Hearing Transcript (DeKalb County Superior Court Judge – Tangela Barrie's Hearing

**STATUTES**

***OCGA 44-14-162.2 a-c***

***OCGA § 9-11-12(b)(6)***

***OCGA § 9-11-54(c)(1)***

***OCGA 11-3-602***

***OCGA 23-3-61***

**Code of Civil Procedure § 338, subd. (d**

***EPTL§ 7-2.4***

*Fed. R. Evid. 201*

**OTHER AUTHORITIES**

*4 GA Supreme Court  Justice David E. Nahmias (Supplemental Authority via Affidavit)*

**RULES**

*[section] 502(a*

*11 U.S.C. § 501(a)*

7i  *U.S.C. § 502(a)*

*4 COLLIER ON BANKRUPTCY % 502.02[2] (16th ed. 2013)*

*Bankruptcy Code section 502(b)(1)*

*Bankruptcy Rule 3001(f)*

*FED. R. BANKR. P. 3001(f)*

3

## INTRODUCTION

1.      Wekesa Madzimoyo ("Claimant") filed a civil action against GMAC, JPMorgan Chase, NYBMT, McCurdy and Candler and Anthony DeMarlo in the DeKalb County Superior Court in the State of Georgia on July 29, 2009. Claimant's complaints sought declaratory relief to prevent a wrongful foreclosure sale.

2.      On October 16, 2014, the ResCap Borrower Claims Trust (the "Trust") filed its objection to Claimant's Proof of Claim advancing multiple arguments which are not supported by the law or facts before the Court.

3.      The Claims are based on a pre-petition lawsuit filed by Claimant in Georgia state court. Accordingly, Claimant hereby files this Response to the Trust's Objection pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007. Claimant opposes the Trust's objection on the basis that the Trust's reasons for disallowance and expungement are premature because the underlying issues set forth in the GA State action are pending on appeal. As such, the determination by the Trust of no liability for the amount of claim is unsupported until final disposition by the GA State Appellate Court in the State of Georgia. (See Appellate Brief Exhibit 1)

4.      Essentially the Trust makes unsupported factual arguments that are not admissible under the federal rules and cannot overcome the presumption in favor of Claimant. In response, Claimant puts forward actual admissible evidence and legal argument based on federal and Georgia law as is called for in paragraph 15 Governing Law of the Security Deed signed by Claimant to FT Mortgage DBA Equibanc. For the reasons stated herein, the Trust's Objection should be overruled.

4

### I.  *Claimant Requests the Court to Take Judicial Notice*

5.      Claimant requests that the Court take judicial notice of GMAC's letter noticing servicing

rights are being assigned sold or transferred to GMACM on July 1, 2009, a true and correct copy is

attached as **Exhibit 2** hereto.

6.      Claimant requests that the Court take judicial notice of a copy of Claimant's ***purported***

***original*** ("FIRST Note") displaying an endorsement in Blank. A true and correct copy is attached

as **Exhibit 3** hereto.

7.      Claimant requests that the Court take judicial notice of another copy of Claimant's

***purported*** original ("SECOND Note") displaying two special endorsements and a ***purported***

allonge. A true and correct copy is attached as **Exhibit 4** hereto.

8.      Claimant requests that the Court take judicial notice of a copy of DeKalb County GA,

Superior Court Judge Tangela Barrie's Order Reopening the Case. **See attached Second**

**Amended Complaint (SAC), Exhibit 3.**

### *Factual Background*

9.      The Claimant, Wekesa Madzimoyo, signed a security deed with FT MORTGAGE

COMPANIES dba EQUIBANK MORTGAGE CORPORATION on March 23rd, 1999.

10.     After approval of a loan modification by Home Comings Financial in February 2009, the

Claimant desired to seek better modification terms by negotiating with his true lender (secured

creditor).

11.     Therefore, he started a documented exchange (via certified letters and return receipts) with

the Debtor et al. asking them to clarify their standing as secured creditor, servicer, agent, attorney,

debt collectors, investor, trustee, attorney-in-fact, or otherwise, relative to the subject property.

12.     The Claimant was / is not in default on his mortgage obligation.

5

**13.**    The Debtor et al. refusing to adequately and lawfully document their standing, the

Claimant became suspicious and upon independent investigation became fearful of double

jeopardy -- that he may be paying the wrong party, and that he unwittingly had become part of a

mortgage scam.

**14.**    The Claimant began to lawfully withhold payments with full belief and contention that

Debtor et al. had no standing in his loan or mortgage or property.

**15.**    On July 3rd, 2009 Claimant received a NOTICE OF FORECLOSURE SALE.  GMAC

was noted as the Servicer; The Bank of New York Mellon Trust Company, National Association

fka The Bank of New Your Trust Company, N.A. as successor to JPMorgan Chase Bank N.A.

(NYBMT) Trustee for RAMP 2006 RP2 (RAM) was noted as Creditor. **(See SAC, Exhibit 2)**

**16.**    DeKalb County Superior Court Judge Tangela M. Barrie, examined over 50 pages of

communication (requesting validation) between Claimant Madzimoyo and the Debtor et al.

spanning months between April and July 2009.

**17.**    Judge Barrie granted the Emergency Temporary Restraining Order on July 29th, 2009 and

set a hearing date for August, 28th, 2011 and ordered the Defendants to "Bring proper evidence of

chain of title."(emphasis added) **(See SAC, Exhibit 3)**

**18.**    The Debtor et al. removed the Claimant's Emergency Petition to Federal District Court on

August 27, 2009.

**19.**    Seven months after Debtor et al. commenced foreclosure proceedings, and after they were

ordered to bring proper evidence of chain of title by Judge Barrie, the Debtor et al. executed and

filed an assignment claiming that The Bank of New York Mellon Trust Company, National

Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase

Bank, NA as Trustee for RAMP 2006 RP2 (RAM) was the secured creditor. **(See SAC, Exhibit 6)**

6

**20.**     The Debtor et al. were granted a dismissal (Judgment on the Pleadings) by the United States District Court for the Northern District of Georgia, Atlanta Division on January 3, 2011. On January 4th, 2011 the Debtor et al. filed into the DeKalb County Courthouse what would become the first of two corrective assignments. (Exhibit 5)

**21.**     The Claimant appealed the United States District Court's order to the 11th Circuit Court of Appeals.

**22.**     On July 25th, 2011 the Debtor et al. commenced their 3rd foreclosure on Claimant's home. The NOTICE OF FORECLOSURE on Subject Property from Debtor et al. McCurdy and Candler, LLC. and NYBMT changed the corporate entity claiming the right to foreclose. They listed the same trustee (NYBMT), but a new secured creditor/note-holder RAAC 2006 RP2 (RAAC) (See SAC, Exhibit 4)

**23.**     On September 1, 2011, the Claimant filed another Complaint into the Superior Court of DeKalb County, GA. On September 2, 2011.

**24.**     DeKalb County Superior Court Judge Michael Hancock issued a TRO to enjoin the Debtor et al. from conducting the foreclosure sale of the Plaintiff's property, noting that the new secured creditor on the Notice of Foreclosure (RAAC-2006-RP2) was at variance with the secured creditor listed in the 1st Corrected Assignment to (RAMP-2006-RP2) in the DeKalb County real estate record.

**25.**     Judge Hancock sent the case to Judge Barrie's Court. (See SAC Exhibit 5).On September 7, the 11th Circuit Court of Appeals ruled for the Claimant, and remanded the case back to DeKalb County. On March 26, the two cases were consolidated.

**26.**     On June 4, 2012, The Debtor ResCap-GMAC filed a Notice of Bankruptcy and Effect of Automatic Stay.

7

27.     On June 15, 2012 the court stayed the action in the case "until said bankruptcy case (GMAC) has been fully disposed of by the Bankruptcy Court."

28.     On August 29, 2012, this Court entered the Bar Date Order, which established November 9, 2012 at 5:00 p.m. as the deadline to file proofs of claim by virtually all creditors against the Debtor et al. (the "General Bar Date") and prescribed the form and manner for filing proofs of claim. (ECF Doc. # 1309 ^ 2, 3.)

29.     On November 7, 2012, Claimant filed proof of claim No. 5800, a General Unsecured claim in the amount of $2,275,000.00 against Debtor GMAC Mortgage, LLC.

30.     August 29, 2013 Judge Barrie granted the Debtor et al.'s Motion to Reopen Proceedings over Claimant's objections.

31.     Debtor et al. filed Motion for a Judgment on the Pleadings to dismiss the Claimant's case. Claimant opposed.

32.     On February 10, 2013, Judge Barrie called a hearing to hear outstanding motions. The Claimant also stated -for the record – another cause of action – violation of the one satisfaction rule to add to his pleadings. Debtor et al. opposed.

33.     On April 22, 2014, the Claimant filed his second amended complaint supporting his oral arguments, adding this new cause of action. **See second amended complaint (SAC) attached.**

34.     On April 23, 2014 Judge Barry held another hearing. On June 5, 2014, Judge Barrie granted the Debtor et al.' motion for Judgment on the Pleadings – dismissing the Claimant's case with prejudice.

35.     On October 16, 2014 the Trust filed the ***ResCap Borrower Claims Trust's Objection to Claims 5800 (No Liability Borrower Claims)*** The ResCap Trust attached a chart for each claim submitted by Claimant asserting their lack of liability. In support of the Objection, the ResCap

8

Trust submitted the Declarations of Kathy Priore (the "Priore Decl.," the Trust's Objection,

Exhibit 2) and Alexandria Reyes (the "Reyes Decl.," the Trust's Objection, Exhibit 3).

**36.**     On Oct. 31, 2014, Claimant filed his Amended Appellate Brief into the Georgia Appellate

Court.

**II.**                                 **STANDARD OF REVIEW**

37.      Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of

claim." 11 U.S.C. § 501(a). A filed proof of claim is "deemed allowed, unless a party in

interest ...objects." 11 U.S.C. § 502(a). If the claim is properly filed, it is prima facie evidence of

the validity and amount of the claim. See *FED. R. BANKR. P. 3001(f)*. A party in interest may

object to a proof of claim, and once an objection is made, the court must determine whether the

objection is well founded. See *4 COLLIER ON BANKRUPTCY ^ 502.02[2]* (16th ed. 2013).

Although *Bankruptcy Rule 3001(f)* establishes the initial evidentiary effect of a filed claim...

[t]he burden of proof for claims brought in the bankruptcy court under *[section] 502(a)* rests on

different parties at different times. Initially, the claimant must allege facts sufficient to support the

claim. If the averments in his filed claim meet this standard of sufficiency, it is *"prima facie"*

valid. In other words, a claim that alleges facts sufficient to support a legal liability to the claimant

satisfies the claimant's initial obligation to go forward. **The burden of going forward then shifts**

**to the objector to produce evidence** sufficient to negate the *prima facie* validity of the filed claim.

It is often said that **the objector must produce evidence** equal in force to the *prima facie* case. In

practice, **the objector must produce evidence** which, if believed, would refute at least one of the

allegations that is essential to the claim's legal sufficiency. If **the objector produces sufficient**

**evidence** to negate one or more of the sworn facts in the proof of claim, the burden reverts to the

claimant to prove the validity of the claim by a preponderance of the evidence. *In re Allegheny*

*Intern., Inc.,* 954 F.2d 167, 173-74 (3rd Cir. 1992) (internal citations omitted). *In re MF Global*

*Holdings Ltd.,* Nos. 11-15059, 11-02790, 2012 WL 5499847, at * 3 (Bankr. S.D.N.Y. Nov. 13,

2012) ("The party objecting to the proof of claim bears the burden of "**providing evidence** to

show that the proof of claim should not be allowed"). (emphasis and underscore added)

**38.**      If the objecting party satisfies its initial burden and "the presumption of ***prima facie***

validity is overcome—e.g., the objecting party establishes that the proof of claim lacks a sound

legal basis—the burden shifts to the claimant to support its proof of claim unless the claimant

would not bear that burden outside of bankruptcy." ***Id.*** (citing ***In re Oneida Ltd.,*** 500 B.R. 384,

389 (Bankr. S.D.N.Y. 2009). ***Bankruptcy Code section 502(b)(1)*** provides that claims may be

disallowed if "unenforceable against the debtor and property of the debtor, under any agreement

or applicable law." To determine whether a claim is allowable by law, bankruptcy courts look

to "applicable nonbankruptcy law." ***In re W.R. Grace & Co.,*** 346 B.R. 672, 674 (Bankr. D. Del.

2006). "What claims of creditors are valid and subsisting obligations against the bankrupt at the

time a petition is filed, is a question which, in the absence of overruling federal law, is to be

determined by reference to state law." ***In re Hess,*** 404 B.R. 747, 749 (Bankr. S.D.N.Y. 2009)

(quoting ***Vanston Bondholders Protective Comm. v. Green,*** 329 U S. 156, 161 (1946)).

Claimant's pleadings must be liberally construed. ***Haines v. Kerner,*** 404 U.S. 519, 520. See also

***Erickson v. Pardus,*** 551 U.S. 89, 94 (2007.)

Further, "[l]awyers must be held to higher standards" than pro se parties. ***In re Maurice,*** 69 F.3d

830 (7th Cir. 1995) at ^ 16.

### III.                                                     ARGUMENT

**39.**      The party objecting to the proof of claim bears the burden of "**providing evidence** to show

that the proof of claim should not be allowed. ***In re MF Global Holdings Ltd.,*** Nos. 1115059,

11-02790, 2012 WL 5499847, at * 3 (Bankr. S.D.N.Y. Nov. 13, 2012) Claimant disputes that the

declaration of Kathy Priore is sufficient to shift the burden of proof unto Claimant.

***A. The ResCap Trust's Purported Declaration of Kathy Priore is not Admissible under the Federal Rules of Evidence and Should be Disregarded and Stricken***

**40.**    The declaration of Kathy Priore with which the Trust attempts to support its version of

the facts explicitly incorporates inadmissible hearsay evidence and should be disregarded by the

Court. Specifically, Ms. Priore's declaration states: "…In my role as Associate Counsel at ResCap,

I was responsible for the management of litigation among my other duties, I continue to assist the

Liquidating Trust and the Borrower Claims Trust (the "Borrower Trust") in connection with the

claims reconciliation process… Except as otherwise indicated, all facts set forth in this

Declaration are based upon my personal knowledge of the Debtor et al.'s operations, information

learned from my review of relevant documents and information I have received through my

discussions with other former members of the Debtor et al.'s management or other former

employees of the Debtor et al.'s, the Liquidating Trust, and the Borrower Trust's professionals

and consultants."

"…**I or my designee at my direction have reviewed and analyzed the proof of claim forms

and supporting documentation, if any, filed by the claimants…** Since the Plan became

effective and the Trust was established, **I, along with other members of the Liquidating

Trust's management or other employees of the Liquidating Trust have consulted with the

Trust to continue the claims reconciliation process, analyze claims, and determine the

appropriate treatment of the same.** In connection with such review and analysis, where

applicable, **I or other of the Liquidating Trust personnel, under my supervision, and the

Liquidating Trust's and the Trust's professional advisors, have reviewed…**" (Priore

Declaration) **(emphasis added)**

**41.**    ***Federal Rule of Evidence 801*** defines hearsay as "a statement that (1) the declarant does

not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove

the truth of the matter asserted in the statement." The Priore declaration falls squarely under this

definition, as the declarant, Ms. Priore, is not making her statements to be presented to the Court at

a hearing on the objection to Claimant's Proof of Claims, and the statements contained in her

declaration are being offered for their truth. ***Federal Rule of Evidence 802*** precludes admission of

hearsay unless otherwise provided by a federal statute, the Federal Rules of Evidence or other

rules prescribed by the Supreme Court.

**42.**    In this case, no such provision is made for the testimony in Ms. Priore's declaration, which

she admits is based on information provided by an unknown number of unnamed persons. To the

extent the Trust relies on the exception for regularly conducted activity for the admissibility of Ms.

Priore's declaration, this reliance is misplaced. ***Federal Rule of Evidence 803(6)*** does provide

that a record of a regularly conducted activity is admissible as an exception to the hearsay rule.

However, in order to qualify as a record of a regularly conducted activity however, the party

offering the purported record **must show**, *inter alia*, that "the record was made at or near the time

by - or from information transmitted by - someone with knowledge... the record was kept in the

course of a regularly conducted activity of a business... making the keeping of the record a regular

practice of that activity...[and]...neither the source of information nor the method or circumstances

of preparation indicate a lack of trustworthiness." Here, the Priore Declaration was not made at or

near the time of the events it recounts.

**43.**    The declaration was executed on October 16, 2014, but purports to describe events that

happened as far back as March 30, 2007. There is no showing by the Trust that the statements in

the declaration were transmitted by anyone with knowledge of the facts alleged. Indeed, the Trust

does not even assert such transmission. Secondly, the declaration is not a document kept in the

course of the Trust's regularly conducted business activity, and there is no showing or assertion to

13

the contrary. Finally, the fact that the declaration explicitly states that it is based on **information supplied by unnamed individuals at unspecified times,** but then does not indicate at any time what particular facts were transmitted to Ms. Priore by these persons indicates a lack of trustworthiness that should preclude the declaration's admission into evidence. **It is the business records that constitute the evidence,** not the testimony of the witness referring to them. To prove the content of a writing, recording, or photograph, the ***original*** writing, recording, or photograph is required except as otherwise provided by law.

**44.**    How can the parties or the Court determine which of the facts in the declaration are based on Ms. Priore's personal knowledge, and which have been supplied by the unnamed persons to which she refers? How can the parties or the Court even know that such unnamed persons actually exist? The vague, boilerplate references to unnamed sources of unspecified information indicates a lack of trustworthiness in the circumstances of this declaration's preparation that should preclude its admission.

**45.**    In a similar situation where a declarant hoped to affirm the accuracy of information transmitted by an unknown number of unnamed persons at unnamed times, the Federal District Court for the Eastern District of New York stated that "[s]ignificantly, Plaintiff never identified the source for her information regarding the interaction, or lack thereof, between [other parties], and her assertion appears to be rooted in hearsay..." *Hyek v. Field Support Services, Inc.,* 702 F.Supp.2d 84, 96 (E.D.N.Y. 2010). Such is the case here. The Trust hopes to support numerous factual assertions with Ms. Priore's declaration, which admittedly relies on information transmitted by an unspecified number of unnamed people on unspecified dates. **Such a declaration is plainly inadmissible hearsay not subject to any exception to the general ban on hearsay evidence and should be excluded, stricken, and otherwise disregarded by the**

14

Court.

**46.**     Claimant contends that the Debtor et al. have failed to come forth with any admissible

evidence refuting his allegations essential to his claims. Claimant contends that his Property is

under threat of being wrongfully foreclosed upon by the Debtor et al., Debtor et al.'s agents and/or

coconspirators without any legal, equitable or pecuniary right. As a result of the Debtor et al.'s

acts and omissions, Claimant has sustained damages and losses which are subject to his Proof of

Claim No. 5800 which the Trust has not rebutted whatsoever with any admissible

evidence.Claimant acknowledges that the trial court dismissed his wrongful foreclosure action

against  Debtor ResCap-GMAC and its agent and/or co-conspirator non-debtor, NYBMT.

Claimant timely appealed the trial court's order, and the appeal is currently awaiting resolution.

**47.**     Four theories lie at the heart of Claimant's Second Amended Complaint. Moreover, the

newly discovered evidence corroborates two of the three theories below. **See Second Amended**

**Complaint attached.**

### Claimant Alleges Four Legal Theories of Liability

**Theory No. 1**

**48.**     Claimant contends that ResCap concurrently sold his Note and Security deed to two

companies RAAC-2006 RP2 and RAMP-2006 RP2 (typically called "pools") so that both of these

companies held ownership of this loan and deed simultaneously, and both of these companies via

their trustee - NYBMT has asserted their ownership, by accessing the Powers of Sales clause in

Claimant's security deed - both declaring the Claimant in default, and both commencing

foreclosure proceedings against the Claimant. **(See SAC, Exhibits 2 and 4)**

**49.**     If this theory is proven, then Debtor - ResCap either applied the monies to the Claimant's

15

loan (extinguishing it) or doubled the Claimant's debt to enrich itself at the Claimant's expense

without the Claimant's permission or consent. Additionally, if this theory is proven true, ResCap

(alone or in cooperation with GMAC, JPMorgan Chase, NYBMT, et al) fraudulently collected

mortgage payments from the Claimant when none were do to them. It will mean that Debtor also

broke the chain of title and violated **Georgia's One Satisfaction Law.  OCGA  11-3-602**

**Theory 2:**

**50.**      That valid "corrective assignments" of mortgage notes and security deeds which affect

property rights is held to a greater standard than are scrivener's errors, and are required to be

approved by those affected by it and/ or by the Courts

**51.**      Relevance: If this theory is true, then the Debtor et al.'s 1ˢᵗ  and especially the 2ⁿᵈ

Corrected assignment is invalid and conveys no legal title or rights to the Debtor et al.'s pools, or

designees in Georgia . If true, then proper discovery regarding the corrected assignments would be

in order as well as injunctive and declaratory relief from the Courts for the Claimant.

**52.**      If true, it mitigates against the Debtor et al.'s  claim that "deed holder" renders the

"identity of the note holder" of no regard, and "freely assignable" in spite of  filed documents that

questions the integrity of the chain of title.

**Theory 3:**

**53.**      The purported transfer of the "Loan" evidenced by the "Note" and "Security Deed" from

Equibanc to ResCap has not been memorialized by any documented transfer supporting ResCap's

claim that it could legally, "transfer its interest" or "securitize" the loan on about June 1, 1999. The

Note with Residential Funding stamp differs from copies of the note provided via QWR responses

and over 5 years of litigation. Neither evidenced a sale of Note and or Deed from FT
Mortgage/Equibanc to Residential Funding)

54.    Additionally, by the Debtor et al.'s own declaration (Exhibit D "The Loan was pulled out
of securitization in late 2005...") Taking the Debtor et al. at their words - that the ownership of
"Loan and Note" and "Security Deed" was transferred ("pulled out"), then there is not
documentation of the sale or assignment. Additionally, there it was "held" by some entity from
late 2005 until April 2006, when according to the Debtor et al. it was "put into another trust." The
Claimant avers that this further evidences a break in the chain of title which invalidates Debtor's
claim to Claimants property and years of loan payments.

55.    Any or both transfers of the Note or Deed to companies RAAC-2006 RP2 and
RAMP-2006 RP2 (so called "securitization) constitute legal transfer/s, but none are memorialized
by the steps outlined in the PSA (Pooling and Servicing Agreement). The 2001 purported
assignment from FT Mortgage/Equibanc to First Bank of Chicago as Trustee (Exhibit 6) fails to
say exactly to whom they are acting as trustee.

**Theory No. 4**

56.    The Claimant - signer of the "Note" denies that the loan transfer was complete - that there
was no consideration, and therefore no enforceable contract. If the signer of the note denies that
the transaction was complete — i.e., there was no consideration and therefore there is no
enforceable contract, then the burden switches back to the "holder" of the note to step into the
shoes of the original lender to prove that the loan actually occurred, the original lender was the
creditor and the signer was the debtor.

17

**57.**     The Claimant avers that ResCap-GMAC is a stranger to the Note and Security deed,

because the contract was between the borrower and the FT Mortgage (DBA EQUIBANC), and the

Claimant's theory is that the money for the transaction was provided by ResCap or another outside

party creating a debt to that outside party who was never privy with the originator.

**58.**     If the creditor named as payee (FT Mortgage) and mortgagee was not the source of the

funds then there is no underlying debt. The truth is that the holder of the paper is NOT the party

who was the creditor at "closing." The closing was fictitious.  It really is that simple. If the

fact-finding of Discovery proves this true, such as the Claimant avers, a cause of action for fraud

would be evident.

**59.**     If Claimant's theory is proven, then Debtor et al.'s failure to comply with the PSA voids

the ***purported*** sale and/or transfer of Claimant's mortgage to either or both RAMP-2006-RP@ or

RAAC-RP2.


**60.**     And if that ***purported*** sale and/or transfer is void, then it goes on to say that the ***purported***

sale and/or transfer to the trustees First Bank of Chicago, JPMorgan Chase, NYBMT is also void

and that neither the Debtor or any of the entities in this case possess ***any*** right or ***any*** interest in

Claimant's promissory note or security deed. These entities have no power to service, enforce or

otherwise act on the loan if the loan has been pledged to the RAMP or RAAC companies. These

entities have no right to enter into settlement agreements, modification agreements, nor to execute

a "release and satisfaction of mortgage." As a result, ResCap – GMAC and the list of trustees

would be ***legal strangers*** to Claimant's mortgage contracts.


**61.**     In sum, Claimant alleges Debtor Homecomings and Debtor et al. (RFC, ResCap, GMAC,

and RAMP-2006-RP2 AND RAAC-2006 –R2) possibly more, perpetrated a fraud on him, and

fraud upon the courts, and as such, should be criminally remanded.

## WILL PREVAIL IN GA APPELLATE COURT

Standard of Review for Motion for Judgment on the Pleadings;

**62.**    As an appellate court, "[W]e review de novo a trial court's determination that a pleading
fails to state a claim upon which relief can be granted, construing the pleadings in the light most
favorable to the plaintiff and with any doubts resolved in the plaintiff's favor. Babalola v. HSBC
Bank, USA, N.A., 324 Ga. App. 750 (751 SE2d 545) (2013) [OCGA § 9-11-8(a)(2)(A)]

**63.**    In evaluating the sufficiency of the complaint, "[i]t must be remembered that the objective
of the [Civil Practice Act] **is to avoid technicalities and to require only a short and plain
statement of the claim that will give the defendant fair notice of what the claim is and a
general indication of the type of litigation involved; the discovery process bears the burden
of filling in details.** [282 Ga. 714] 34; (Citations omitted).

**64.**    The critical question is whether, under the assumed set of facts, a right to some form of
legal relief would exist. [Allied Asphalt Co. v. Cumbie, 134 Ga.App. 960, 962, 216 S.E.2d 659
(1975)]; [accord Kansas City, St. L. & C. R. Co. v. Alton R. Co., 124 F.2d 780, 783 (7th Cir.1941)]
("'**The question is not whether the Plaintiff has asked for the proper remedy but whether
under his pleadings he is entitled to any remedy.**' [Cit.]."). Thus, a complaint will not be
dismissed under OCGA § 9-11-12(b)(6) for requesting the wrong form of relief, or no relief at all,
as long as the complainant is entitled to some legal remedy under the facts pled. See OCGA §
9-11-54(c)(1).

**65.**    The Civil Practice Act "does not countenance . . . dismissals based on a judge's disbelief of
a complaint's factual allegations." **[Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104
L.Ed.2d 338 (1989)].** See Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90
(1974) (well-pleaded complaint may proceed even if it appears that "a recovery is very remote and
unlikely").

## ERROR TO LIFT AUTOMATIC STAY

**66.**    In order to lift the Stay, only non-monetary claims against Appellee GMAC could be

adjudicated. While the Reyes Declaration and the Debtor et al.'s pleadings indicate that the Judge

ordered the case reopened on the basis that "all claims for monetary relief against GMACM

19

remain stayed but that nonmonetary claims concerning the property could proceed" (Reyes Decl.

Paragraph 10), this is not true, the Judge made no distinction in her order to re-open. And, if she

intended to she failed to explicate which claims would go forth and which would not. (See Exhibit

7)

**67.**    Additionally, Claimant asserts that Debtor et al. violated Georgia's One Satisfaction Rule

and his right to interplead both RAAC-2006-RP2(RAAC) and RAMP-2006-RP2 (RAMP).

Claimant's pleadings throughout and clarification in his Opposition to the Debtor et al.'s Motion

to Reopen the Case clearly articulates that he has monetary claims against defendant GMAC

(ResCap). Additionally, the record shows that Claimant had filed a claim against

Appellee/Creditor – GMAC (ResCap) in the US Southern District of New York Bankruptcy Court

for $2,275,000.00 pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code").

### One Satisfaction Violation, Injunctive, Declaratory Relief

**68.**    Claimant's Court appearances on Feb. 10, 2014 and April 23, 2014, as well as his 2nd

Amended Complaint **(See attached)** have documented his claims that the Debtor et al. are in

violation of the Court of Equity's and Georgia's One Satisfaction rule OCGA 11-3-602. See also

United States v. Reliable Transfer Co., Inc., 421 U.S. 397 (1975). The Supreme Court first noted

that the *"one satisfaction rule"* only comes into play in those instances where the debtor would be

overcompensated *(Emphasis mine)*

**69.**    The record shows that both RAMP and RAAC have claimed ownership in the Claimant's

property and both have attempted to foreclose. **(See SAC, Exhibits 2 and 4)**

Georgia Supreme Court Justice David E. Nahmias has been heard to say in the oral arguments

20

of You v. Chase (See Exhibit 1) that Georgia has a 'One Satisfaction Rule that bars double

recovery.' He further was heard to have said that 'if such a double jeopardy situation would

occur against a home-owner, the homeowner could inter-plead the competing parties.'

The lower court has ignored this equitable cause of action articulated by the Claimant.

Likewise, the Claimant avers that the assertions that GA Supreme Court Justice Nahmias was

heard to say challenges the lower court's ruling that the Claimant has no standing to challenge

the Debtor et al.'s standing.

## Break in Chain of Title

70.      The Debtor et al.'s attempt to avert the conflicting claims is confounded by their own

Motion For Judgment on The Pleadings (See Exhibit 1) where they list a chain of title that starts

with FT Mortgage and ends with RAMP-2006 RP2, then in the foot note #8 references a 2nd

Second Corrective Assignment. (See Exhibit 8)  This 2nd Corrective Assignment as read in the

court hearing of April 23rd shows that the current purported assignee of record is RAAC-2006 RP2.

Here's an excerpt from the April 23rd Hearing Transcript Pages 7 and 8).

> **"The COURT (Judge Tangela Barrie):**
>
> "...And then the second corrective assignment of the security deed, which of
> course becomes the big issue here, and that one is in deed book 22644, page 791,
> and on that one basically the corrective assignment of the security deed shows
> that there's a JP Morgan Chase Bank, NA as trustee but now it's for RAAC,
> R-A-A-C, 2006 RP2.
>
> **THE COURT:** And his (the Claimant's) position with regard to that is that
> there are basically, at this point, two banks or trust pools that has his loan,
> because you have one RAMP, R-A-M-P, 2006 and then you have RAAC 2006
> RP2. I think the analysis that was given to me previously was that that was a --
> basically a clerical error and that that's the reason why the clerical corrective
> assignment of security deed was done.

21

**MR. WINDHAM** (Attorney for Debtor et al.): Well, I guess I would say two
things to that, your Honor. I can't confirm -- I assume if there was a -- that there
was a clerical error or there could have been a transfer from RAMP to RAAC
that were all leading up to the eventual foreclosure, but --

**THE COURT:** Okay. However, my concern is -- the reason I brought you here
today, was to determine if a RAMP 2006 RP2 exists, because if it does, in fact,
exist, it does mean that there are two entities with this deed.

…But there's nothing -- you have haven't -- you haven't articulated that there's a
transfer and there is no document that shows a transfer between -- between
RAMP and RAAC."

71.    The Claimant avers that the Debtor et al.'s record of varying and conflicting assignees and

after-the-fact assignments (Exhibits 5 and 8) followed by two corrective assignments and

court-recorded explanations of - "I can't confirm," and "I assume," and "it doesn't matter" if two

different parties both hold simultaneous notes on the subject property - evidences both a plausible

allegation of injury due to doubling Claimant's indebtedness, and a very real conflict that begs for

Discovery or Declarative Judgment to clear up.

## Claimant Has Standing to Challenge Putative Assignments &other Defects

### Not Barred by Montgomery v. BAC

72.    The Debtor et al. and the state lower court leaned heavily on Montgomery v. BAC and

You v. Chase to support that it "doesn't matter who or how many note holders there are, and that

the Claimant doesn't have standing to challenge assignments of notes, deeds or other defects. This

case is unlike Montgomery in key aspects:

73.    While Montgomery challenged MERS's right to convey the assignment to BAC, Claimant

has never challenged FT Mortgage's or any succeeding assignee's right to assign the rights and

interest in the security deed. Instead, in his original Complaint (Exhibit 1) Plaintiff challenged the

Defendant's claim that they held those rights based on (a) a broken chain of title via errors in the

22

securitization chain violation of 14-44-162 (b) no (<u>executed</u> or filed) assignment prior to

foreclosure, and in his 2nd amended complaint (See SAC attached) based on a break in the chain

of title caused by apparently duplicated and simultaneous assignments and actual utilization of the

Powers of Sales clauses by RAMP (NYBMT) and to RAAC (NYBMT).

**74.**    The Claimant avers that the Montgomery v. BAC Court would not have intended to

preclude all borrowers from challenging the validity of mortgage assignments under Georgia law.

**75.**    To support this assertion, note that the US District Court for the Northern District of

Georgia in ***Bahaeddin Kharazmi vs. BAC*** has ruled:

> "While plaintiff has not asserted a viable claim for damages for wrongful
> attempted foreclosure, <u>he does assert a cognizable claim for injunctive relief
> barring Bank of America from proceeding with a foreclosure based on its
> alleged lack of authority to foreclose.</u> (Compl. ¶¶ 103-115.) <u>A court may
> enjoin a nonjudicial foreclosure sale where the authority to foreclose is in
> question.</u> See Atlanta Dwellings, Inc. v. Wright, 527 S.E.2d 854, 856 (Ga.
> 2000); West v. Koufman, 384 S.E.2d at 666; Cotton v. First Nat'l Bank of
> Gwinnett Co., 220 S.E.2d 132 (Ga. 1975)" ***(Emphasis mine)***

**76.**    While not binding in Georgia, the 6th Circuit Court of Appeals in ***Slorp v. Lerner,***

***Sampson, et al*** offers a persuasive course when their ruling similar to Montgomery v. BAC was

taken too broadly:

> "The district court in Livonia Properties stated that an individual "who is
> not a party to an assignment lacks standing to challenge that assignment,"
> and our Livonia Properties opinion quoted and endorsed that general
> statement, perhaps inartfully. 399 F. App'x at 102.
>
> But we quickly limited the scope of that rule, clarifying that a non-party
> homeowner may challenge the validity of an assignment to establish the
> assignee's lack of title, among other defects. Id. (citing 6A C.J.S.
> Assignments § 132); see also Carmack v. Bank of N.Y. Mellon, 534 F.
> App'x 508, 511– 12 (6th Cir. 2013)

"Livonia's statement on standing should not be read broadly to preclude all borrowers from challenging the validity of mortgage assignments under Michigan law." Thus a non-party homeowner may challenge a putative assignment's validity on the basis that it was not effective to pass legal title to the putative assignee. See Conlin v. Mortg. Elec. Registration Sys., 714 F.3d 355, 361 (6th Cir. 2013); Livonia Props., 399 F. App'x at 102; see also Woods v. Wells Fargo Bank, N.A., 733 F.3d 349, 353–54 (1st Cir. 2013); 6A C.J.S. Assignments § 132 ("The debtor may also question a plaintiff's lack of title or the right to sue.").

## Not Barred by You v. Chase

77.    While the lower court has said "As the Deed Holder, BNY is the "secured creditor" entitled to exercise the powers of sale under Georgia law. See You v. JPMorgan Chase Bank, N.A., 293 Ga 67 (2013)" the You v. Chase ruling does not apply in this case for several reasons

- The Claimant seeks protection from actual doubling of his debt obligation and double foreclosure owing to his loan/deed having been owned simultaneously by two companies. Even if those two companies (RAMP and RAAC) had actual standing and did assign the deed to one trustee, NYBMT – such assignment of "holder" status doesn't preclude NYBMT from acting on both of their instructions to attempt of foreclose or otherwise collect the alleged debt.

- The record proves that the Debtor et al. or their trustee (NYBMT) **can and have** attempted to collect from the Claimant for both RAMP and RAAC in the past.

- Based on Claimant's interpretation of what GA Supreme Court Justice David E. Nahmias was heard to say at the *You v. Chase* Oral Arguments about a homeowner interpleading in the face of actual double jeopardy, this is the kind of protection to which he may have been referring. (Exhibit 9)

- The Claimant has averred a break in the chain of title and or simultaneous holding of title by ResCap, RAMP or RAAC renders their authority in subject loan or property and their ability to assign the security deed in the subject property void.
- If the attempted transfer was void, then NYBMT could not claim to be the holder of the Madzimoyo deed by virtue of being the successor trustee of the securitized trust. **(See Thomas A. Glaski, V. Bank of America, NA, et al 5th District Court of Appeals, California)**
- Nothing in the *You v. Chase* ruling suggested that the Court held that the putative assignee of note or deed was above challenge by the homeowner/borrowers and Claimant has already shown above why Claimant is not barred by Montgomery v. BAC .

## DEBTOR ET AL. IS NOT AUTHORIZED TO FORECLOSE

**78.**    The Plaintiff raised the contradiction between RAAC's claim to the Plaintiff's note and security deed via a Notice of Foreclosure and the Defendant's 1st Corrective Assignment claiming the note and security deed for RAMP-BNY in his 2nd Complaint and Motion for Temporary Restraining order (See Exhibit 1)

**79.**    Based on the conflict between the DeKalb County records and Debtor "owners" via Notices of Foreclosure, Superior Court Judge Michael Hancock  ruled the Defendants in violation of OCGA 44-14-162 (a-c). Over the Defendants' "he hasn't tendered his arrears" and "he's here for a second bite of the apple" objections, Judge Hancock, halted the Sept. 6th 2011 foreclosure sale, and allowed the Plaintiff's second case to move forward.  That case would later be consolidated with the Plaintiff's original Complaint remanded back to Superior Court by 11th Circuit mandate (Exhibit 1)

**80.**    The Defendants Motion for Judgment on the Pleadings, nor any other of their pleadings

25

deny the competing claims recognized by Judge Hancock.

**81.**     The lower court Judge presented You v. Chase as the answer: "First, under You, BNY is entitled to foreclose without regard to the identity of the note holder. (Exhibit 1). The Claimant avers that the lower court has confused the "identities of the note holder" with the valid authority of the note holders. The Claimant avers that the You Court assumed that the assigner and the assignment of security deed to the "holder" would be valid under Georgia law.

**82.**     ***Babalola v. HSBC Bank, USA NA*** (Ga. App., 2013) demonstrates that evidence is required to determine if you have authority to foreclose:

> "We are unable to determine from the pleadings (as opposed to the evidence
> presented in support of the motion to dismiss), however, whether HSBC was the
> holder of the security deed, as it contends it was, or whether Litton was
> appointed to serve as HSBC's agent with respect to that deed. We are therefore
> constrained to find that Babalola's assertion that neither HSBC nor Litton had
> the authority to foreclose on his property supports his wrongful foreclosure
> claim."

**83.**     The Debtor et al's second challenge to the Claimant's "one satisfaction theory" is that he "sites no authority prohibiting assignment of the Note which is freely assignable absent some provision to the contrary." While the note may have been assigned, both Superior Court Judge Tangela Barrie and Hancock have enjoined the Debtor, et al from a foreclosure sale for want of a "complete chain of title." The record clearly shows that whenever the Debtor et al. have attempted to show a complete chain of title, it was either non-existent or contradicted by the Debtor et al.'s own filings in the DeKalb County, GA real estate Records.

**84.**     To find the "provision to the contrary" we need look no further than to this Court of

Appeals in    *Holloway v. U.S. Bank Trust National Association*:

> "There is some evidence that U.S. Bank acquired its security deed from a party
> who acquired her interest through <u>constructive fraud</u>, so the bank has not shown as
> a matter of law that it acquired good title. We therefore reverse." *(Emphasis mine)*

## SECOND CORRECTIVE ASSIGNMENT FAILS

**85.**    The Claimant avers that the dual and simultaneous selling "either paid off his mortgage or

doubled his indebtedness without his permission or consent. Moreover, the record shows that the

Claimant has long maintained that he owes the Debtor et al. nothing, and they have yet to martial

evidence that they are legal owners of his debt or security deed.  When the Debtor et al. first

commenced foreclosure they weren't the lawful assignees, and each time they have attempted to

assert the validity of their claim, they have contradicted themselves.

- No assignment executed to establish Claimant's indebtedness to RAMP-BNY at the
  first foreclosure attempt – July, 2009. Contradiction between Notice (Secured
  Creditor) and 1st Corrected assignment challenge validity of Defendants claim of
  title (Judge Hancock)

- The same contradiction between who the Defendants claim in their Motion to
  Dismiss is the valid assignee (RAMP-BNY), and the 2nd Corrected Assignment
  (RAAC-BNY) exists now. Only the roles have been reversed.

**86.**    Plaintiff's documented objections and citation of authority to the 1st objections stand

doubly here:

**According to US Legal.Com:**

> The doctrine of Scrivener's error is a legal principle which permits a
> typographical error in a written contract to be corrected by parol
> evidence if the evidence is clear, convincing, and precise. <u>However if</u>

27

such correction affects property rights then it must be approved by those
affected by it. *(Emphasis Added)* Scrivener's error is an error due to a
minor mistake or inadvertence and not one that occurs from judicial
reasoning or determination.

## CLAIMANT HAS EFFECTIVELY STATED A CLAIM FOR WRONGFUL FORECLOSURE, INJUNCTIVE RELIEF, DAMAGES, AND IS NOT BOUND BY GA LAW TO TENDER ARREARS

**87.**    Though not always using the caption of wrongful foreclosure, Georgia courts have

recognized claims for (1) injunctive relief to set aside a past unlawful foreclosure, (2) damages

arising out of a past unlawful foreclosure, (3) injunctive relief to prevent an unauthorized

foreclosure, and (4) damages arising out of an attempted unauthorized foreclosure. See, e.g., Curl

v. Fed. Sav. & Loan, 244 S.E.2d 812, 812 (Ga. 1978); Calhoun First Nat'l Bank v. Dickens, 443

S.E.2d 837, 838 (Ga. 1994); West v. Koufman, 384 S.E.2d 664, 665 (Ga. 1989); Sale City Peanut

& Milling Co. v. Planters & Citizens Bank, 130 S.E.2d 518, 520 (Ga. Ct. App. 1963"

**88.**    According to the Gonzaga Law Review:
"Many jurisdictions have found that attempted wrongful foreclosure gives rise to a
common law cause of action, if under the rubric of other claims. For example,
Georgia courts have found liability for attempted wrongful foreclosure in common
law theories of damage to compensate a grantor's damaged reputation, invasion of
privacy, and libel arising from the illegal foreclosure. These courts allow plaintiffs
to assert a claim for attempted wrongful foreclosure when a defendant breaches
their duty by knowingly and intentionally publicizing "untrue and derogatory"
information concerning the debtor's financial condition and the debtor sustains
damages as a direct result of this publication *(Emphasis Added)*

(See Aetna Fin. Co. v. Culpepper, 315 S.E.2d 228, 232 (Ga. Ct. App. 1984); Jenkins v. McCalla

Ravmer LLC, 492 Fed. Appx. 968, 972 (11th Cir. 2012); Sale City Peanut Co. v. Planters &

Citizens Bank, 130 S.E. 2d 518, 520 (Ga. Ct. App. 1963); Hodson v. Whitworth, 266 S.E.2d 561,

565 (Ga. Ct. App. 1980); Mayo v. Bank of Carroll County, 276 S.E.2d 660 (Ga. Ct. App. 1981

**89.**    "A wrongful publication that plaintiff has defaulted on a loan may constitute an untrue and

derogatory statement concerning the plaintiff's financial condition. See Hauf v. HomEq Servicing

Corp., No. 4:05-CV-109, 2007 WL 486699, at *6 (N.D. Ga. Feb. 9, 2007)."

**90.**    In Bahaeddin Kharazmi v. BAC (US District Court for the Northern District of GA) the

Court found, "Plaintiff is alleging that Bank of America does not hold his note. (Compl. ¶ 23.) If

Plaintiff succeeds in proving that Bank of America is not the holder of the note, in addition to the

other elements required for injunctive relief, then no tender would be required because no sum

would be due to Bank of America under the note. See Everson v. Franklin Discount Co., 285

S.E.2d 530, 533 (Ga. 1982); Sapp v. ABC Credit & Inv. Co., 253 S.E.2d 82, 87 (Ga. 1979); Davis

v. Atlanta Fin. Co., 129 S.E. 51, 52 (Ga. 1925). Therefore, the Court finds that dismissal on

grounds of failure to tender would be premature at this time, because Plaintiff has alleged facts in

the complaint that suggest he owes no duty in equity to Bank of America (Emphasis mine)

**91.**    The Debtor et al.'s position, and that of the lower court - that *"Plaintiff may not state a*

*claim for wrongful foreclosure where no sale actually occurred"* relies on Hay v. Bank of Am,

which relies on Edwards v. BAC who referenced Roper: *"Plaintiffs may not state a claim for*

*wrongful foreclosure where no foreclosure sale has actually occurred."*); Roper v. Parcel of Land,

No. 1:09-CV-0312-RWS, 2010 WL 1691836, at *2 (N.D. Ga. Apr. 23, 2010).

**92.**    Claimant's investigation reveals that on this issue, Roper was poorly plead. In fact, the

Plaintiff in Roper had motioned for a voluntary dismissal prior to the ruling. What's more: Roper motioned to dismiss her counsel, which was granted. She continued though; she wanted to withdraw apparently without the service of counsel.

**93.**    The Claimant avers that the Roper Court merely ruled based on the brief presented. Neither the Roper, Edwards nor Hay Courts addressed the established ruling listed above. Based on the Claimant's research, these were simply not brought to the Court's attention.

## CLAIMANT IS ENTITLED TO EQUITABLE, QUIET TITLE AND DECLARATIVE AND INJUNCTIVE RELIEF

**94.**    Regarding Quiet Title and Declaratory relief, the Georgia Court of Appeals in *Washington vs. FEDERAL NATIONAL MORTGAGE* (August 6, 2014) has ruled:

> "Even though Washington may lack standing to bring a quiet title action, it appears that his complaint sufficiently states a basis for the trial court to issue a declaratory judgment regarding parties"

**95.**    In that same case:
> ...the trial Court determined that the complaint shows that Washington lacks current legal title or current prescriptive title and therefore that he lacks standing to seek and order quieting title **(Woodberry v. Bank of America and OCGA 23-3-61)** Although Washington characterized his action, in part, as one seeking quiet title, however "the well-established rule in Georgia is that, under our system of notice pleadings, the substance, rather than the nomenclature, of legal pleadings determines their nature." (Emphasis Added.) **Cotton v. Federal Land Bank, 246 Ga. 188, 191 (269SR2d422)(1980) See also Kuriatnyk v. kuriatnyk, 286 Ga, 589, 590 (690 SE2d 397) (2010) (accord.)** Accordingly, "pleadings, motions, and orders are to be construed according to their substance and function and not merely as to their nomenclature, being always mindful to construe such

30

documents in a manner compatible with the best interest of justice."

**96.**     Plaintiff is entitled to declarative relief given the previously documented dual, competing

claims on subject property and double claims to Plaintiff's indebtedness

**97.**     On injunctive relief Georgia law is clear on this matter:

"A Court may enjoin a non-judicial foreclosure sale in a wrongful foreclosure action where the

authority to foreclose is in question". See - Atlanta Dwellings, Inc. v. Wright, 527 S.E. 2nd

854,856 (Ga. 2000).

Although the Debtor, et al. have asserted otherwise, Georgia Courts have already allowed "A

claim of wrongful foreclosure or a power of sale can be asserted even though a debt is in default,"

**(Emphasis added)** *Brown et al v. Freeman; and vice versa., 222 Ga App. 213 (474 SE2d 73*

### V. CONCLUSION

**98.**     As stated herein, Claimant has stated valid claims for liability against Debtor – ResCap -

GMAC. The trust presents a blanket defense void of any evidence for the Court to rebut the ***prima***

***facie*** presumption in favor of Claimant. Additionally, as set forth above, Mr. Madzimoyo has

never admitted to being in default on his Mortgage Loan, and has disputed the ResCap GMAC, et

al. efforts as Servicer and purported "lender/note/interest holders'" ability to legally make such a

claim against him. Mr. Madzimoyo's claims set forth in all his causes of action are neither time

barred, nor speculative, and if the Court has any hesitation whatsoever, Claimant requests the

Court to exercise its discretion and permit him to pursue his claims in the pending action in the

Georgia Appellate Court or alternatively to appoint a special master at the Debtors' and the

Trust's expense to make findings of fact after a period of discovery and an evidentiary

hearing/trial. In sum, Mr. Madzimoyo's claim should be moved to the liability borrower claims

31

pool and retain its status as an active claim for which the Debtors are wholly liable. For these reasons, Claimant requests the Court to overrule the Trust's Objection with prejudice or grant leave to pursue the alternative relief requested herein.

99.    WHEREFORE, the Claimant respectfully requests that the Court enter an order in which Mr. Madzimoyo's claim is neither disallowed nor expunged, granting the relief herein and granting such other relief as is just and proper.

Respectfully submitted,

Dated: November, 5, 2014

*Wekesa O. Madzimoyo*

Wekesa Madzimoyo, Claimant

[Type text]

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:  Chapter 11

RESIDENTIAL CAPITAL, LLC, et al.                    Case No.: 12-12020 (MG)

        Debtors.

**ORDER DENYING OBJECTION OF
THE RESCAP BORROWER TRUST
CLAIM NUMBER 5800 FILED BY WEKESA MADZIMOYO**

Upon consideration of the objection of the ResCap Borrowers Claims Trust As the successor to

Residential Capital, LLC, and its affiliated debtors and debtors in possession with respect to

Borrower Claims, and the response and opposition by Wekesa Madzimoyo, it is hereby

    ORDERED, ADJUDGED, AND DECREED THAT:

1. The relief requested in the Objection is DENIED as set forth in the Court's Memorandum

   Opinion and/or statements on the record at a hearing held on November 20, 2014 in this

   Court;

2. The relief requested by the ResCap Borrower Trust is denied with prejudice; and

3. Kurtzman Carlson Consultants LLC, the Claims and Noticing Agent on behalf of the

   Debtors, is directed to mark the claims register consistent with this Order.

Dated: _____ , 2014


                        The Honorable Martin Glenn
                        United States Bankruptcy
                        Judge

[Type text]
**I HEREBY CERTIFY that a true and correct copy was mailed on November 5, 2014 to:**


The Honorable Martin Glenn
United States Bankruptcy Court for the
Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

Counsel to the ResCap Borrower Claims Trust
Morrison & Foerster LLP
250 West 55th Street
New York, New York 10019
Attention: Norman S. Rosenbaum and Jordan A. Wishnew

The Office of the United States Trustee for the
Southern District of New York
U.S. Federal Office Building
201 Varick Street
Suite 1006
New York, New York 10014
Attention: Linda A. Riffkin and Brian S. Masumoto

The Rescap Liquidating Trust, Quest Turnaround Advisors
800 Westchester Avenue, Suite S-520
Rye Brook, NY 10573
Attention: Jeffrey Brodsky

The ResCap Borrower Claims Trust Polsinelli PC
900 Third Avenue
21st Floor
New York, NY 10022
Attention: Daniel J. Flanigan
New York, New York 10022 Attention: Daniel J. Flanigan


Dated: November 5, 2014


*Wekesa O. Madzimoyo*
Wekesa O. Madzimoyo, Pro Se Claimant #5800



CERTIFICATE OF SERVICE