**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**ORDER REQUIRING SUPPLEMENTAL SUBMISSION OF RESCAP BORROWER CLAIMS TRUST WITH RESPECT TO THE TRUST'S OBJECTION TO CLAIM NUMBER 4128 FILED BY DWAYNE F. AND TRINA M. POOLE**

Pending before the Court is the *ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* (ECF Doc. # 7552). It is supported by the declarations of Deanna Horst (ECF Doc. # 7552-3) and Norman S. Rosenbaum (ECF Doc. # 7552-4). The Objection addresses 26 claims (*see* Obj. Ex. A), but this Order only addresses Proof of Claim Number 4128 filed by Dwayne F. and Trina M. Poole (the "Claim"). The Pooles filed an opposition to the Objection on October 17, 2014 (ECF Doc. # 7706). The Trust filed a reply to several claims including the Claim on November 7, 2014 (the "Reply," ECF Doc. # 7727), supported by a supplemental declaration of Ms. Horst ("Horst Supp.," ECF Doc. # 7727-1). The Court held a hearing on November 13, 2014, and took the Objection to the Claim under submission.

Attached to its Reply, the Trust provided a copy of an Assignment of Deed of Trust from Mortgage Electronic Registration Systems as nominee for Worldwide Mortgage Company to Debtor GMAC Mortgage, LLC executed on March 21, 2011 (the "Assignment"). (Horst Supp. Ex. OO.) The Trust has not provided any evidence that the Assignment was recorded. It appears that Missouri law requires an Assignment of Deed of Trust to be recorded "to establish as a matter of [] law that a proper foreclosure sale did occur." *Lackey v. Wells Fargo Bank, N.A.*, No.

11-1067-CV-W-DGK, 2013 WL 65461, at *3 (W.D. Mo. Jan. 4, 2013); *see also* MO. ANN. STAT. §§ 443.290, 443.380 (West 2014).

It is hereby **ORDERED** that

1. The Trust shall provide a recorded copy of the Assignment no later than Monday, December 1, 2014.

2. In the absence of an existing recorded copy of the Assignment, the Trust shall provide authority under Missouri law demonstrating that the Assignment does not need to be recorded for the foreclosure sale to be valid.

3. The Pooles shall have the opportunity to respond to the Trust's supplemental submission by no later than Monday, December 8, 2014.

**IT IS SO ORDERED.**

Dated:  November 20, 2014
         New York, New York

                                                  **/s/Martin Glenn**
                                                  MARTIN GLENN
                                        United States Bankruptcy Judge