**UNITED STATE BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE: ) | CASE NO 12-12020 |
| ) | |
| RESIDENTIAL CAPITAL, LLC, ET AL., ) | CHAPTER 11 |
| ) | |
| DEBTORS ) | |

*[RECEIVED NOV 17 2014 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK stamp]*

**UNITED STATE DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA**
**FORT MYERS DIVISION**

| | |
|---|---|
| RONALD P GILLIS | CASE NO: 2:14-CV-418-FTM |
| PLAINTIFF | |
| V | |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, | |
| GMAC-RFC MASTER SERVICING, | |
| HOMECOMINGS FINANCIAL, | |
| ERIN MAE ROSE QUINN | |
| ANDREW LEE FIVECOAT | |
| DEFENDANT | |

## AMENDED MOTION for RELIEF of AUTOMATIC STAY REGARDING "RFC" and "HOMECOMINGS FINANCIAL" to PERSUE DISCOVERY

COMES NOW, Plaintiff RONALD P. GILLIS in US District Court, for the Middle District of Florida, Fort Myers Division (herein after US_FMD-FTM), and Creditor #444 & 913 / Movant in NY Southern District Bankruptcy Court (herein after NY_BK Court) case #12-12020 moves the NY_BK Court, pursuant to 11 U.S.C. §523 and 11 U.S.C. §362 not to permit the withdraw of

either Defendant GMAC-RFC Master Servicer (whom attorney Justin Tinshung Wong has stated was incorrectly named and should be Residential Funding Corporation, and hereinafter "RFC") as well as Homecomings Financial, hereinafter "HOME" from the US_FMD-FTM Court Case 2:14-cv-00418-SPC-DNF. Movant submitted the original request on October 21, 2014, which was received by the NY_BK Court on October 24, 2014, but not yet docketed. The basis for this amended motion are as follows:

1) Relief from the automatic stay may be granted "for cause" under 11 U.S.C. § 362(d)(1). The stay may be lifted "for cause" to allow litigation involving the debtor to proceed in a nonbankruptcy forum under certain circumstances. *In re Blan* (Blan v. Nachogdoches County Hospital), 237 B.R. 737 (B.A.P. 8th Cir. 1999) (citing *H.R. Rep.* No. 95-595, at 341 (1977); S. Rep. No. 95-989, at 504 L:\Evans\GrantingStayRelief.Pending.Lawsuit.wpd (1978)). Although a creditor moving for relief from stay must make a prima facie case that cause exists, the Debtor has the ultimate burden of proof in opposing motions for relief from stay except where equity in property is at issue. 11 U.S.C. § 362(g). See *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992). The Bankruptcy Court has wide discretion in determining whether or not to lift the automatic stay.

The submission of this motion is prompted by the inclusion of comments in Mr Wong's Notice of Appearance in the US_FMD-FTM Court case, where he states he will seek removal for RFC and HOME from the US_FMD-FTM Court case from the court for his purported clients because they have filed bankruptcy. In support of this motion, Plaintiff reminds this court that in the US_FMD-FTM Docket # 16, "The Complaint", Plaintiff on pages three (3) and four (4) state that both defendant entities have been liquidated in Bankruptcy as of December 17, 2013. This position is supported by Mr Wong's statements. However this liquidation does not release or protect either

defendant where issues of fraud are involved. See *Grogan v Garner*, 498 US 279 (1991); *US v Spicer*, 57 F3d 1152, Court of Appeals, District of Columbia Circuit 1995; and *Freezor v Davis (in re Davis)* 108 F3d 337 (9th US DCA 1996). Further for the record, US_FMD-FTM Judge Sheri Polster Chappell states in her order of stay in the US_FMD-FTM case, this matter is ripe for review.

Further, for the record, Mr Wong states in his notice of appearance, that the Plaintiff, "did not file a proof of claim in the Bankruptcy cases," yet the record reflects this statement to be false, as a timely filing of a proof of claim was filed in the New York Bankruptcy Court Case #12-12020, which was received August 31, 2012 by Kurtzman Carson Consultants. Further, the Plaintiff also informed the NY_BK Court, of possible bankruptcy fraud perpetrated by GMAC and/or its subsidiaries on August 27, 2012. Since December 02, 2009, an entity that Mr Wong states is not an entity-in-fact, yet is instead just a "trademark name" has carried on a court case in the Twentieth Judicial Circuit of Charlotte County, Florida as a purported trust and purported injured party, with a purported trustee of Deutsche Bank Trust Company Americas. This is a fraud before the state court that Plaintiff has been seeking relief from to no avail. HOME has committed its own acts of fraud by not disclosing its involvement in purporting to lend money to the undersigned in contradiction to the record, which would be violations of the Truth in Lending Act. Both entities, RFC and HOME have committed separate and distinct violations of fraud as alleged in this complaint.

2) Mr Wong's statements and filings have further supported Plaintiff/movants basis for the reasons the undersigned filing of the case in the US_FMD-FTM Court for RICO, TILA and FDCPA violations. Additionally, in a brief and quick search of some counties in Florida state Courts, it appears this non-existent entity, along with other attorneys at the law firm Albertelli Law (where

defendants Andrew Lee Fivecoat and Erin Mae Rose Quinn previously worked) has filed another case in Charlotte County, one in Hillsborough County (and an additional eight by attorneys from a different law firm), eight (8) cases in Palm Beach County (one by a suspended Florida Bar attorney and one filed by Defendant in this case, Andrew Lee Fivecoat), one in Duval County (filed by another attorney from Albertelli Law), fifteen (15) in Miami-Dade (one by an attorney with three disciplinary actions by the Florida Bar, and one filed by another attorney from Albertelli Law).

3) Movant submits the attached Motion to Proceed as Indigent to waive the $176. filing fee for a motion to lift the automatic stay.

WHEREFORE, Plaintiff respectfully motions the NY_BK Court to proceed as indigent and permit Plaintiff discovery in the US-FMD-FTM Court, including but not necessarily limited to depositions, admissions, interrogatories, and request for production of documents from both entities which should prove involvement in fraud, RICO Violations as well as Fair Debt Collections Practices Act violations mentioned in the complaint by both RFC and HOME.

Respectfully Submitted,

_(signature)_

Ronald P Gillis
P O Box 380842
Murdock, FL 33938
(413) 622-2282

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that by signing this below, a true and correct copy of the foregoing **AMENDED MOTION FOR RELIEF OF AUTOMATIC STAY REGARDING "RFC" AND "HOMECOMINGS FINANCIAL" TO PERSUE DISCOVERY** was furnished by hand delivery or USPS 1st Class Mail to:

1. Florida Middle US District Court
2110 First Street
Fort Myers, FL 33901

2. United States Bankruptcy Court - Southern District of New York
One Bowling Green
New York, NY 10004

3. Homecomings Financial LLC & GMAC-RFC Master Servicer
ATTN: Attorney Justin T. Wong
Troutman Saunders LLP
600 Peachtree St NE, Suite 5200
Atlanta, GA 30308-2216

on this ___13th___ day of November, 2014

_____
By: Ronald P Gillis

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:                                         ) CASE NO 12-12020
                                               )
RESIDENTIAL CAPITAL, LLC, ET AL.,              ) CHAPTER 11
                                               )
DEBTORS                                        )

APPROVED
OCT 24
U.S. [illegible] COURT
[illegible]

UNITED STATE DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD P GILLIS                    | CASE NO: 2:14-CV-418-FTM
                                   |
PLAINTIFF                          |
                                   |
V                                  |
                                   |
DEUTSCHE BANK TRUST COMPANY        |
  AMERICAS,                        |
GMAC-RFC MASTER SERVICING,         |
HOMECOMINGS FINANCIAL,             |
ERIN MAE ROSE QUINN                |
ANDREW LEE FIVECOAT                |
                                   |
DEFENDANT                          |

## MOTION for RELIEF of AUTOMATIC STAY REGARDING "RFC" and "HOMECOMINGS FINANCIAL" to PERSUE DISCOVERY

COMES NOW, Plaintiff RONALD P. GILLIS in US District Court, for the Middle District of Florida, Fort Myers Division (herein after US_FMD-FTM), and Creditor #444 & 913 / Movant in NY Southern District Bankruptcy Court (herein after NY_BK Court) case #12-12020 moves the NY_BK Court, pursuant to 11 U.S.C. §523 and 11 U.S.C. §362 not to permit the withdraw of

either Defendant GMAC-RFC Master Servicer (whom attorney Justin Tinshung Wong has stated was incorrectly named and should be Residential Funding Corporation, and hereinafter "RFC") as well as Homecomings Financial, hereinafter "HOME" from the US_FMD-FTM Court Case 2:14-cv-00418-SPC-DNF for the following reasons:

1) Relief from the automatic stay may be granted "for cause" under 11 U.S.C. § 362(d)(1). The stay may be lifted "for cause" to allow litigation involving the debtor to proceed in a nonbankruptcy forum under certain circumstances. *In re Blan* (Blan v. Nachogdoches County Hospital), 237 B.R. 737 (B.A.P. 8th Cir. 1999) (citing *H.R. Rep.* No. 95-595, at 341 (1977); S. Rep. No. 95-989, at 504 L:\Evans\GrantingStayRelief.Pending.Lawsuit.wpd (1978)). Although a creditor moving for relief from stay must make a prima facie case that cause exists, the Debtor has the ultimate burden of proof in opposing motions for relief from stay except where equity in property is at issue. 11 U.S.C. § 362(g). See *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992). The Bankruptcy Court has wide discretion in determining whether or not to lift the automatic stay.

The submission of this motion is prompted by the inclusion of comments in Mr Wong's Notice of Appearance in the US_FMD-FTM Court case, where he states he will seek removal for RFC and HOME from the US_FMD-FTM Court case from the court for his purported clients because they have filed bankruptcy. In support of this motion, Plaintiff reminds this court that in the US_FMD-FTM Docket # 16, "The Complaint", Plaintiff on pages three (3) and four (4) state that both defendant entities have been liquidated in Bankruptcy as of December 17, 2013. This position is supported by Mr Wong's statements. However this liquidation does not release or protect either defendant where issues of fraud are involved. See <u>Grogan v Garner, 498 US 279 (1991); US v Spicer, 57 F3d 1152, Court of Appeals, District of Columbia Circuit 1995;</u> and <u>Freezor v Davis</u>

*(in re Davis)* 108 F3d 337 (9th US DCA 1996). Further for the record, US_FMD-FTM Judge Sheri Polster Chappell states in her order of stay in the US_FMD-FTM case, this matter is ripe for review.

Further, for the record, Mr Wong states in his notice of appearance, that the Plaintiff, "did not file a proof of claim in the Bankruptcy cases," yet the record reflects this statement to be false, as a timely filing of a proof of claim was filed in the New York Bankruptcy Court Case #12-12020, which was received August 31, 2012 by Kurtzman Carson Consultants. Further, the Plaintiff also informed the NY_BK Court, of possible bankruptcy fraud perpetrated by GMAC and/or its subsidiaries on August 27, 2012. Since December 02, 2009, an entity that Mr Wong states is not an entity-in-fact, yet is instead just a "trademark name" has carried on a court case in the Twentieth Judicial Circuit of Charlotte County, Florida as a purported trust and purported injured party, with a purported trustee of Deutsche Bank Trust Company Americas. This is a fraud before the state court that Plaintiff has been seeking relief from to no avail. HOME has committed its own acts of fraud by not disclosing its involvement in purporting to lend money to the undersigned in contradiction to the record, which would be violations of the Truth in Lending Act. Both entities, RFC and HOME have committed separate and distinct violations of fraud as alleged in this complaint.

Mr Wong's statements and filings have further supported Plaintiff/movants basis for the reasons the undersigned filing of the case in the US_FMD-FTM Court for RICO, TILA and FDCPA violations. Additionally, in a brief and quick search of some counties in Florida state Courts, it appears this non-existent entity, along with other attorneys at the law firm Albertelli Law (where defendants Andrew Lee Fivecoat and Erin Mae Rose Quinn previously worked) has filed another case in Charlotte County, one in Hillsborough County (and an additional eight by attorneys from a

different law firm), eight (8) cases in Palm Beach County (one by a suspended Florida Bar attorney and one filed by Defendant in this case, Andrew Lee Fivecoat), one in Duval County (filed by another attorney from Albertelli Law), fifteen (15) in Miami-Dade (one by an attorney with three disciplinary actions by the Florida Bar, and one filed by another attorney from Albertelli Law).

WHEREFORE, Plaintiff respectfully motions the NY_BK Court to permit Plaintiff discovery in the US-FMD-FTM Court, including but not necessarily limited to depositions, admissions, interrogatories, and request for production of documents from both entities which should prove involvement in fraud, RICO Violations as well as Fair Debt Collections Practices Act violations mentioned in the complaint by both RFC and HOME.

Respectfully Submitted,

/s/ RG

Ronald P Gillis
P O Box 380842
Murdock, FL 33938
(413) 622-2282

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that by signing this below, a true and correct copy of the foregoing **MOTION FOR RELIEF OF AUTOMATIC STAY REGARDING "RFC" AND "HOMECOMINGS FINANCIAL" TO PERSUE DISCOVERY** was furnished by hand delivery or USPS 1st Class Mail to:

1. Florida Middle US District Court
2110 First Street
Fort Myers, FL 33901

2. United States Bankruptcy Court - Southern District of New York
One Bowling Green
New York, NY 10004

3. Homecomings Financial LLC & GMAC-RFC Master Servicer

ATTN: Attorney Justin T. Wong
Troutman Saunders LLP
600 Peachtree St NE, Suite 5200
Atlanta, GA 30308-2216

on this __21st__ day of October, 2014          /s/ RG
                                               _____
                                               By:  Ronald P Gillis