MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP LIQUIDATING TRUST'S OBJECTION TO THE APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE AND IMMEDIATE PAYMENT PURSUANT TO 11 U.S.C. § 503 FILED BY CREDITOR CONRAD P. BURNETT**

ny-1165657

The ResCap Liquidating Claims Trust (the "Liquidating Trust"), established pursuant to the terms of the Chapter 11 Plan confirmed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), as successor-in-interest to the above-captioned debtors (collectively, the "Debtors"), hereby submits this objection (the "Objection") to the *Notice of Hearing on Application for Allowance of Administrative Expense and Immediate Payment Pursuant to 11 U.S.C. § 503 Filed by Creditor Conrad P. Burnett* [Docket No. 7710] and related filings (as identified below) filed by Conrad P. Burnett ("Burnett"). In support of the Objection, the Liquidating Trust respectfully represents as follows:

## BACKGROUND

1. On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137]. The Plan provides that the Liquidating Trust and the ResCap Borrower Claims Trust (the "Borrower Trust," and together with the Liquidating Trust, the "Trusts"), as successors-in-interest to the Debtors, have 270 days after the Effective Date to object to claims filed[1] against the Debtors' estates (the "Claims Objection Deadline"). The Liquidating Trust filed a motion requesting the Court's permission to extend the Claims Objection Deadline to June 15, 2015 [Docket No. 7306], and the Court entered an order granting the motion [Docket No. 7445] (the "Claims Objection Order").

---

[1] The Court established November 16, 2012 as the general bar date for filing non-governmental claims [Docket No. 2093] and January 16, 2014 as the administrative claims bar date [Docket No. 6137].

ny-1165657

2. On July 27, 2012, Burnett filed Claim No. 345 against Debtor GMAC Mortgage, LLC ("GMACM") as an administrative priority claim in the amount of $352,000.

3. On November 8, 2012, Burnett filed Claim No. 3743 against GMACM as a secured claim in the amount of $352,000.

4. On January 8, 2014, Burnett filed the *Application for Allowance of Administrative Expense and Immediate Payment Pursuant to 11 U.S.C. § 503* [Docket No. 6256] (the "Application"). The Application, assigned Claim No. 7413, asserted Burnett's claim against Residential Capital, LLC ("ResCap") in the amount of "$375,395 for failed mortgage servicing rendered in the ordinary course of business between May 14, 2012 and December 17, 2013." Application ¶ 4.

5. On or about September 10, 2014, Burnett, represented by Pablo E. Bustos, Esq. of Bustos & Associates, P.C.,[2] filed the *Amended Application for Allowance of Administrative Expenses and Immediate Payment Pursuant to 11 U.S.C. § 503* [Docket No. 7523] (the "Amended Application"). In the Amended Application, Burnett sought to amend Claim No. 7413, without leave of the Court, and asserted an administrative expense claim against GMACM in the amount of $750,790.

6. On October 3 2014, Burnett filed a Certificate of No Objection in connection with the Amended Application [Docket No. 7612], which was subsequently withdrawn on October 20, 2014 [Docket No. 7656].

7. On October 20, 2014, Burnett filed a Statement of Damages in connection with the Amended Application [Docket No. 7658], alleging that as of October 15, 2014, Burnett's damages were in the amount of $1,528,218.

---

[2] Upon information and belief, Burnett has been represented by Mr. Bustos since the filing of the Amended Application, and is currently represented by Mr. Bustos in this matter.

2

ny-1165657

8. On or about October 27, 2014, Burnett sought to re-open the adversary proceeding that Burnett had filed against GMACM [Adv. Pro. Docket No. 9], styled *Burnett v. GMAC Mortgage, LLC*, Adv. Pro. No. 12-ap-02049 (the "Adversary Proceeding"). The Adversary Proceeding was voluntarily dismissed by the parties' entry into the *Stipulation and Order (A) Dismissing Adversary Proceeding Without Prejudice, and (B) Granting Related Relief* [Adv. Pro. Docket No. 7], dated February 15, 2013, whereby the parties agreed, among other things, that Burnett would have the right "to pursue his claims, if any, against GMAC Mortgage, through resolution of any timely filed proof of claim filed in GMAC Mortgage's chapter 11 case." Adversary Proceeding, Docket No. 7 ¶ 4.

9. On or about October 31, 2014, Burnett filed the *Notice of Hearing on Application for Allowance of Administrative Expense and Immediate Payment Pursuant to 11 U.S.C. § 503 Filed by Creditor Conrad P. Burnett* [Docket No. 7710] (the "Notice"), requesting a hearing date for the Amended Application. In the Notice, Burnett states his belief "that the debtors are constructively intending on hindering Burnett's claims and therefore the application for relief requested is appropriate since it appears debtor's [sic] in concert are frustrating settlement of the claim." Notice ¶ 3. Further, Burnett contends incorrectly that because there was no formal acknowledgement of Burnett's application for immediate payment on his asserted administrative expense claim, "regardless of an extension of time granted by the court, the exception is believed to apply in this action because these claims were filed timely before any extensions of time were granted or requested within a reasonable about of time; [sic] by Debtor." See id. ¶ 4.

10. As of the date of the Objection, neither the Debtors nor the Trusts have filed an objection to any of Burnett's proofs of claim, including his requests for payment on

3

ny-1165657

account of asserted administrative expense claims. Upon its review of certain purported administrative expense claims, the Liquidating Trust expects to file in the near future an omnibus objection to such claims, including the purported administrative expense claim filed by Burnett.

## ARGUMENT

11. None of Burnett's proofs of claim, including the claims set forth in the Amended Application, have been deemed "allowed" by either the Debtors or the Trusts. Pursuant to section 502 of the Bankruptcy Code, "[a] claim or interest . . . is deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502. Burnett is only entitled to receive payment on his claims in the event and to the extent that they are allowed, and a distribution is made to other creditors. See Fed. R. Bankr. P. 3021 ("[A]fter a plan is confirmed, distribution shall be made to creditors whose claims have been allowed, . . ."). Because these claims are still subject to objection and have not been deemed allowed, Burnett is not presently entitled to any distribution.

12. Moreover, although neither the Debtors nor the Trusts have filed an objection to any of Burnett's proofs of claim or "acknowledged" the Amended Application, the Claims Objection Deadline, as extended to June 15, 2015, has not passed. Therefore, the Trusts, as the Debtors' successors-in-interest, may still object to one – or all – of these claims. Burnett argues – without any supporting authority – that an "exception" applies to Burnett's claims because they were timely filed "before any extensions of time were granted or requested" to object to claims in the Chapter 11 Cases. See Notice ¶ 4. However, the Plan expressly provides that the Claims Objection Date could be extended after the initial 270 days to any later date set by the Court following a motion from the Liquidating Trust. See Plan, Art. I.A.54.

13. Prior to Burnett's filing of the Amended Application and the Notice, a number of other claimants in the Chapter 11 Cases sought immediate payment on account of

their filed claims, both prior and subsequent to the Effective Date.  On each occasion, the Court, without making a determination as to the merits of the filed claims, denied such request for immediate payment, finding that the Debtors or the Borrower Trust, as applicable, was not required to make such a payment unless and until the claim ultimately was deemed an "allowed" claim.[3]  In fact, in response to these motions requesting payment, the Borrower Trust received permission from the Court to file the *Notice to Holders of Borrower Claims Regarding Requests for Distributions on Account of Borrower Claims* [Docket No. 6852-1], dated May 2, 2014, in an effort to address any pending or future borrower request for distributions submitted on account of their claims asserted against the Debtors.

WHEREFORE, the Liquidating Trust respectfully submits that the Proposed Order, annexed hereto as <u>Exhibit 1</u> denying Burnett's requests, should be granted, together with any other relief that the Court deems just.

Dated:  November 21, 2014　　　　　　　　　　　　/s/  Norman S. Rosenbaum
　　　　　New York, New York　　　　　　　　　　 Norman S. Rosenbaum
　　　　　　　　　　　　　　　　　　　　　　　　 Jordan A. Wishnew
　　　　　　　　　　　　　　　　　　　　　　　　 Meryl L. Rothchild
　　　　　　　　　　　　　　　　　　　　　　　　 MORRISON & FOERSTER LLP
　　　　　　　　　　　　　　　　　　　　　　　　 250 West 55th Street
　　　　　　　　　　　　　　　　　　　　　　　　 New York, New York 10019
　　　　　　　　　　　　　　　　　　　　　　　　 Telephone: (212) 468-8000
　　　　　　　　　　　　　　　　　　　　　　　　 Facsimile: (212) 468-7900

　　　　　　　　　　　　　　　　　　　　　　　　 *Counsel for The ResCap Liquidating Trust*

---

[3]　*See, e.g.*, Order Denying Motion of Francine Silver for Payment of Claim #61, *In re Residential Capital, LLC, et al.*, No. 12-12020 [Docket No. 6706] (Bankr. S.D.N.Y. Mar. 26, 2014); Order Sustaining Objection to Motions of Karen Michele Rozier for Payment on Claims, *In re Residential Capital, LLC, et al.*, No. 12-12020 [Docket No. 6519] (Bankr. S.D.N.Y. Feb. 26, 2014); Order Denying Joint Motion of Basic Life Resources and Pamela Z. Hill for Emergency Payment of Claims, *In re Residential Capital, LLC, et al.*, No. 12-12020 [Docket No. 2645] (Bankr. S.D.N.Y. Jan. 16, 2013).