# **Exhibit 1**

**Proposed Order**

ny-1165657

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING OBJECTION OF THE RESCAP LIQUIDATING TRUST
TO THE APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE
AND IMMEDIATE PAYMENT PURSUANT TO 11 U.S.C. § 503
FILED BY CREDITOR CONRAD P. BURNETT**

Upon the objection (the "Objection")[1] of The ResCap Liquidating Trust (the "Liquidating Trust"), as successor to Residential Capital, LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to the *Notice of Hearing on Application for Allowance of Administrative Expense and Immediate Payment Pursuant to 11 U.S.C. § 503 Filed by Creditor Conrad P. Burnett* [Docket No. 7710] (the "Notice"), all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Notice and the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Notice and the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Notice and the Objection having been provided; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and it appearing that the relief requested in the Objection is in the best

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

ny-1159365

interests of the Trusts, the Trusts' beneficiaries, the Debtors, their estates and other parties in interest; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. The relief requested in the Objection is GRANTED as set forth herein.

2. Creditor Conrad P. Burnett ("Burnett") is not entitled to immediate payment on any filed proof of claim or administrative expense claim, including those claims set forth in the Amended Application. None of Burnett's claims have been deemed "allowed" as of the date of this Order, and therefore, Burnett cannot receive any distribution on account of his asserted claims at this time.

3. Entry of this Order is without prejudice to the Trusts' right to object to the Burnett's claims in the Debtors' Chapter 11 Cases.

4. The Trusts and the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

5. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

6. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2014
       New York, New York

                                              _____
                                              THE HONORABLE MARTIN GLENN
                                              UNITED STATES BANKRUPTCY JUDGE

ny-1165657