**Exhibit 3**

**Priore Declaration**

ny-1159365

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————— )
                                                          )
In re:                                                 )      Case No. 12-12020 (MG)
                                                          )
RESIDENTIAL CAPITAL, LLC, et al.,      )      Chapter 11
                                                          )
            Debtors.                                  )      Jointly Administered
                                                          )
———————————————————————— )

**DECLARATION OF KATHY PRIORE IN SUPPORT OF**
**THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO**
**CLAIM NUMBER 2009 FILED BY TEDDY HALSTEAD**

I, Kathy Priore, hereby declare as follows:

1.      I serve as Associate Counsel for The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). During the Chapter 11 Cases, I served as Associate Counsel in the legal department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). On May 1, 2008, I began as in-house litigation counsel at ResCap. Prior to my in-house litigation counsel position, I held various roles within the legal department at ResCap.

2.      In my role as Associate Counsel at ResCap, I was responsible for the management of residential mortgage-related litigation. In connection with the Debtors' chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the Chapter 11 Cases, including the borrower litigation matters pending before

this Court.  In my current position as Associate Counsel to the Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust and Borrower Claims Trust (the "Borrower Trust") in connection with the claims reconciliation process.[1]  I am authorized to submit this declaration (the "Declaration") in support of *The ResCap Borrower Claims Trust's Objection to Claim Number 2009 Filed by Teddy Halstead* (the "Objection").[2]

3.     In my current and former capacities as Associate Counsel to the Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based on my familiarity with the Debtors' Books and Records (the "Books and Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or other Liquidating Trust personnel have reviewed and analyzed the proof of claim form and supporting documentation filed by the Claimant.  Since the Plan went effective and the Borrower Trust was established, I, along with other members of the Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims and determine the appropriate treatment of the same.  In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the

---

[1]    The Liquidating Trust and the Borrower Trust are parties to an Access and Cooperation Agreement, dated as of December 17, 2013, which, among of things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and the Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2]    Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

4.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

## I.      Claims-Related Background

5.      On June 21, 2013, pursuant to the Procedures Order, the Debtors mailed Halstead a Request Letter, the form of which is annexed hereto as Exhibit A, requesting additional information and documentation in support of Claim No. 2009.  The Request Letter states that the claimant must respond within 30 days with an explanation setting forth the legal and factual reasons why the claimant believes he is owed money or is entitled to other relief from the Debtors and that the claimant must provide copies of all supporting documents that he believes support the basis for the Proof of Claim.  See Request Letter at 1.  The Request Letter further provides that if the claimant fails to provide an explanation and the supporting documentation, the Debtors may file a formal objection to the proof(s) of claim, seeking to have the proof(s) of claim disallowed and permanently expunged.  See id.

6.      Halstead did not respond to the Request Letter.

## II.    Events Leading to Foreclosure Actions

### A.    The Halstead Loan

7.    Halstead is a Borrower under a residential mortgage loan (the "Mortgage") that was originated by Fairmont Funding, Ltd. ("Fairmont") on or about March 27, 2009.  See Mortgage attached as Exhibit B hereto.  The Mortgage, recorded in the County of Bronx on April 20, 2009, was executed and delivered to Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Fairmont.  See id.  The loan was evidenced by a note in the amount of $399,480.00 (the "Note"), which was secured by real property located at 872 East 216th Street, Bronx, New York, 10467 (the "Property").  See Note, also attached as Exhibit B hereto.  Shortly after the Mortgage's origination, GMAC Bank, n/k/a/ Ally Bank ("Ally Bank"), a non-Debtor entity, purchased the Mortgage from Fairmont.  The Note was endorsed from Fairmont to Ally Bank, and subsequently to GMAC Mortgage, LLC ("GMACM") and then to The Bank of New York Mellon Trust Company, N.A. ("BONY Mellon"), as FHA Qualified Trustee for ResCap Liquidating Trust.  GMACM serviced the loan from March 27, 2009 until servicing transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013.

8.    On November 6, 2010, MERS, as nominee for Fairmont, assigned Fairmont's rights under the Mortgage to Debtor GMACM.  See Exhibit C annexed hereto.  This assignment was recorded on December 1, 2010.  See id.

9.    On July 9, 2014, GMACM assigned the Mortgage to BONY Mellon.  See Exhibit D annexed hereto.  On August 1, 2014, this assignment was recorded in the Bronx County records.  See id.

**B.    Foreclosure Actions and Related Loss Mitigation Activities for the Halstead Loan**

10.    Halstead became delinquent on his Mortgage by failing to make the July 1, 2009 payment.  On September 11, 2009, the Debtors approved Halstead for a forbearance repayment plan, pursuant to which Halstead made payments in September, October, November, and December of 2009.  See Exhibit E annexed hereto.  This plan expired on March 5, 2010 pursuant to the agreement's terms.  See id.  Halstead failed to remit payments due on January 11, 2010 and February 11, 2010, respectively, as required by the terms of the forbearance repayment plan.

11.    On both January 25, 2010 and March 8, 2010, the Debtors mailed loan workout packages to Halstead, as a result of the forbearance repayment plan expiring and as part of the HOPE campaign to assist Halstead in becoming current on his Mortgage payments.

12.    On September 15, 2010, the Debtors referred the foreclosure to the Steven J. Baum law firm, as the account was due for the September 1, 2009 payment.

13.    On December 6, 2010, as a result of Halstead's continued delinquency on making any Mortgage payments due since September 1, 2009, the Steven J. Baum law firm filed a complaint with the State of New York Supreme Court, County of Bronx (the "Bronx Court"), Index No. 382154/10.  See Exhibit F annexed hereto.

14.    On or about May 2, 2011, GMACM withdrew the foreclosure action due to the expiration of the 90-day default notice sent to Halstead.

15.    It is my understanding that on May 16, 2011, the Debtors prepared and sent Halstead a notice letter (the "Notice Letter") stating that the Mortgage was 622 days in default, and that Halstead was at risk of losing the Property.  See Exhibit G annexed hereto.  The Debtors appended to the Notice Letter a list of government-approved housing counseling

5

agencies in Halstead's area that provide free or very low-cost counseling to assist Halstead in assessing his financial condition, exploring the possibility for a loan modification, debt repayment plan, or forbearance agreement.  See id.

16.     Also on or about May 16, 2011, GMACM filed a pre-foreclosure notice with the New York State Banking Department, and mailed Halstead a 90-day notice letter pursuant to New York law requirements.   See Exhibit H annexed hereto.

17.     On August 18, 2011 and on December 5, 2011, the Debtors referred Halstead's loan to the Rosicki, Rosicki & Associates, PC ("Rosicki") firm as the account was still due for the September 1, 2009 payment.

18.     On April 4, 2012, at Halstead's request, the Debtors mailed Halstead a loan workout package.

19.     On June 11, 2012, the Debtors mailed to Halstead a "cash for keys" solicitation, but received no response from Halstead.

20.     On June 21, 2012, GMACM filed a summons and complaint (the "Foreclosure Complaint") against Teddy Halstead, among other defendants, with the Supreme Court of the State of New York, County of Bronx (the "Bronx Court"), Index No. 380678-2012 (the "Foreclosure Action"), to foreclose on the Property pursuant to the terms of the Note and the Mortgage and Halstead's default thereunder.   See Exhibit I annexed hereto.   The law firm representing GMACM was Rosicki.   See id.   On that same date, the Debtors also filed with the Bronx County Clerk a lis pendens against the Property.

21.     On or about July 16, 2012, Halstead, appearing pro se, filed an answer to the Foreclosure Complaint (the "Answer").   See Exhibit J annexed hereto.   In the Answer, in addition to asserting a general denial of the Foreclosure Complaint's allegations, Halstead pled

6

the following defenses and affirmative defenses: (i) plaintiff lacked standing to sue because it was not the legal owner of the note and/or mortgage at the time it commenced the Foreclosure Action; (ii) Halstead did not receive the "Help for Homeowners in Foreclosure" that was supposed to be served with the summons and Foreclosure Complaint; (iii) Halstead had no knowledge that plaintiff was assigned his debt, and plaintiff failed to allege in the Foreclosure Complaint that it has the authority to foreclose; and (iv) the 90-day Pre-Foreclosure Notice was inadequate.  See id.  In addition, Halstead asserted counterclaims that included, among others: (i) the Steven J. Baum law firm was closed and settled with the New York State Attorney General's Office for robo-signing and other fraudulent foreclosure activity; (ii) a review of his assignment documents indicate that John Kerr robo-signed these documents and such assignment was a fraud; and (iii) plaintiff used "defective supporting documents" to support a second action where the first foreclosure action was dismissed.  See id.

22.    On August 21, 2012, the Debtors received workout package materials from Halstead, but the package was deficient and missing a number of documents needed to complete the loan workout.

23.    As of February 16, 2013, the date Ocwen began servicing Halstead's loan, the Mortgage account was due for the September 1, 2009 payment and all subsequent payments.

*[Remainder of Page Intentionally Left Blank]*

7

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my

knowledge, the foregoing is true and correct.


Dated:  November 21, 2014                    /s/ Kathy Priore
                                             Kathy Priore
                                             Associate Counsel for The ResCap
                                             Liquidating Trust

8

## Exhibit A

**Request Letter Sent by the Debtors to Mr. Halstead**



MORRISON | FOERSTER

June 21, 2013

**Claim Number: <mark>XXX</mark>**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

       **(i)**       **Claims.Management@gmacrescap.com; or**
       **(ii)**     **Residential Capital, LLC**
               **P.O. Box 385220**
               **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

## Exhibit B

**Halstead Mortgage and Note**



## NYC DEPARTMENT OF FINANCE
## OFFICE OF THE CITY REGISTER

This page is part of the instrument. The City Register will rely on the information provided by you on this page for purposes of indexing this instrument. The information on this page will control for indexing purposes in the event of any conflict with the rest of the document.

| RECORDING AND ENDORSEMENT COVER PAGE | PAGE 1 OF 12 |
|---|---|

**Document ID:** ████     Document Date: 03-27-2009     Preparation Date: 04-15-2009
Document Type: MORTGAGE
Document Page Count: 11

| PRESENTER: | RETURN TO: |
|---|---|
| PICK UP AT KINGS CITY REGISTER'S OFFICE | SMI-FAIRMONT FUNDING DOCS |
| RIVERFRONT ABSTRACT CORP. | 9700 BISSONNET, SUITE 1500 |
| 45 MAIN STREET, SUITE 1052 | MAILSTOP-TD 127 |
| BROOKLYN, NY 11201 | HOUSTON, TX 77036 |
| 718-797-5200 | |
| jgentili@riverfrontcorp.com | |

### PROPERTY DATA

| Borough | Block | Lot | Unit | Address |
|---|---|---|---|---|
| BRONX | 4674 | 91 | Entire Lot | 872 EAST 216 STREET |

**Property Type:** DWELLING ONLY - 2 FAMILY

### CROSS REFERENCE DATA

CRFN_____ *or* Document ID_____ *or* _____ Year_____ Reel ___ Page ____ *or* File Number_____

### PARTIES

| MORTGAGOR/BORROWER: | MORTGAGEE/LENDER: |
|---|---|
| TEDDY HALSTEAD | MERS |
| 872 EAST 216TH STREET | P.O. BOX 2026 |
| BRONX, NY 10467 | FLINT, MI 48501 |

### FEES AND TAXES

| Mortgage | | | Filing Fee: | |
|---|---|---|---|---|
| Mortgage Amount: | $ | 399,480.00 | $ | 0.00 |
| Taxable Mortgage Amount: | $ | 399,480.00 | NYC Real Property Transfer Tax: | |
| Exemption: | | | $ | 0.00 |
| TAXES: County (Basic): | $ | 1,997.50 | NYS Real Estate Transfer Tax: | |
| City (Additional): | $ | 3,995.00 | $ | 0.00 |
| Spec (Additional): | $ | 0.00 | | |
| TASF: | $ | 998.75 | **RECORDED OR FILED IN THE OFFICE** | |
| MTA: | $ | 1,168.50 | **OF THE CITY REGISTER OF THE** | |
| NYCTA: | $ | 0.00 | **CITY OF NEW YORK** | |
| Additional MRT: | $ | 0.00 | Recorded/Filed     04-20-2009 16:41 | |
| TOTAL: | $ | 8,159.75 | City Register File No (CRFN): | |
| Recording Fee: | $ | 92.00 | **2009000116452** | |
| Affidavit Fee: | $ | 0.00 | | |

*Annette M. Hill*

*City Register Official Signature*

After Recording Return To:
**SMI - Fairmont Funding Docs**
**9700 Bissonnet, Suite 1500 Mailstop - TD 127**
**Houston, TX  77036**

———————————————— [Space Above This Line For Recording Data] ————————————————

# MORTGAGE

| FHA CASE NO |
| ████████ ██ |

MIN: ████████████

THIS MORTGAGE ("Security Instrument") is given on **March 27, 2009**
The mortgagor is **Teddy Halstead** ,  872  East 216th St, Bronx, NY 10467.

("Borrower"). This Security Instrument is given to
Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as hereinafter defined, and
Lender's successors and assigns), as beneficiary. MERS is organized and existing under the laws of Delaware, and has an
address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS. **Fairmont Funding, LTD.,**
**New York Corporation**

("Lender") is organized and existing
, and
under the laws of **The State of New York**
has an address of **1333 60th Street, 2nd Floor, Brooklyn, NY  11219**

Borrower owes Lender the principal sum of **Three Hundred Ninety Nine Thousand Four Hundred Eighty and**
**no/100**                                                   Dollars (U.S. $ **399,480.00**                   ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for
monthly payments, with the full debt, if not paid earlier, due and payable on **April 01, 2039**                   .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all
renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under
paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and
agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey
to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the
following described property located in **Bronx**                                                   County, New York:

**See attached legal description**

NEW YORK FHA MORTGAGE

which has the address of                          **872 East 216th Street**
                                                      [Street]

         **Bronx**                    New York                **10467**                    ("Property Address");
         [City]                                              [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
   1.   **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.
   2.   **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Lender may, at any time, collect and hold amounts for Escrow Items in an aggregate amount not to exceed the maximum amount that may be required for Borrower's escrow account under the Real Estate Settlement Procedures Act of 1974, 12 U.S.C. §2601 et seq. and implementing regulations, 24 CFR Part 3500, as they may be amended from time to time ("RESPA"), except that the cushion or reserve permitted by RESPA for unanticipated disbursements or disbursements before the Borrower's payments are available in the account may not be based on amounts due for the mortgage insurance premium.

If the amounts held by Lender for Escrow Items exceed the amounts permitted to be held by RESPA, Lender shall account to Borrower for the excess funds as required by RESPA. If the amounts of funds held by Lender at any time are not sufficient to pay the Escrow Items when due, Lender may notify the Borrower and require Borrower to make up the shortage as permitted by RESPA.

The Escrow Funds are pledged as additional security for all sums secured by this Security Instrument. If Borrower tenders to Lender the full payment of all such sums, Borrower's account shall be credited with the balance remaining for all installment items (a), (b), and (c) and any mortgage insurance premium installment that Lender has not become obligated to pay to the Secretary, and Lender shall promptly refund any excess funds to Borrower. Immediately prior to a foreclosure sale of the Property or its acquisition by Lender, Borrower's account shall be credited with any balance remaining for all installments for items (a), (b), and (c).
   3.   **Application of Payments.** All payments under paragraphs 1 and 2 shall be applied by Lender as follows:
FIRST, to the mortgage insurance premium to be paid by Lender to the Secretary or to the monthly charge by the Secretary instead of the monthly mortgage insurance premium;
SECOND, to any taxes, special assessments, leasehold payments or ground rents, and fire, flood and other hazard insurance premiums, as required;
THIRD, to interest due under the Note;

**NEW YORK FHA MORTGAGE**

FOURTH, to amortization of the principal of the Note; and

FIFTH, to late charges due under the Note.

4. **Fire, Flood and Other Hazard Insurance.** Borrower shall insure all improvements on the Property, whether now in existence or subsequently erected, against any hazards, casualties, and contingencies, including fire, for which Lender requires insurance. This insurance shall be maintained in the amounts and for the periods that Lender requires. Borrower shall also insure all improvements on the Property, whether now in existence or subsequently erected, against loss by floods to the extent required by the Secretary. All insurance shall be carried with companies approved by Lender. The insurance policies and any renewals shall be held by Lender and shall include loss payable clauses in favor of, and in a form acceptable to, Lender.

In the event of loss, Borrower shall give Lender immediate notice by mail. Lender may make proof of loss if not made promptly by Borrower. Each insurance company concerned is hereby authorized and directed to make payment for such loss directly to Lender, instead of to Borrower and to Lender jointly. All or any part of the insurance proceeds may be applied by Lender, at its option, either (a) to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order in paragraph 3, and then to prepayment of principal, or (b) to the restoration or repair of the damaged Property. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments which are referred to in paragraph 2, or change the amount of such payments. Any excess insurance proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

In the event of foreclosure of this Security Instrument or other transfer of title to the Property that extinguishes the indebtedness, all right, title and interest of Borrower in and to insurance policies in force shall pass to the purchaser.

5. **Occupancy, Preservation, Maintenance and Protection of the Property; Borrower's Loan Application; Leaseholds.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within sixty days after the execution of this Security Instrument (or within sixty days of a later sale or transfer of the Property) and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender determines that requirement will cause undue hardship for Borrower, or unless extenuating circumstances exist which are beyond Borrower's control Borrower shall notify Lender of any extenuating circumstances. Borrower shall not commit waste or destroy, damage or substantially change the Property or allow the Property to deteriorate, reasonable wear and tear excepted. Lender may inspect the Property if the Property is vacant or abandoned or the loan is in default. Lender may take reasonable action to protect and preserve such vacant or abandoned Property. Borrower shall also be in default if Borrower, during the loan application process, gave materially false or inaccurate information or statements to Lender (or failed to provide Lender with any material information) in connection with the loan evidenced by the Note, including, but not limited to, representations concerning Borrower's occupancy of the Property as a principal residence. If this Security Instrument is on a leasehold, Borrower shall comply with the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and fee title shall not be merged unless Lender agrees to the merger in writing.

6. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of any part of the Property, or for conveyance in place of condemnation, are hereby assigned and shall be paid to Lender to the extent of the full amount of the indebtedness that remains unpaid under the Note and this Security Instrument. Lender shall apply such proceeds to the reduction of the indebtedness under the Note and this Security Instrument, first to any delinquent amounts applied in the order provided in paragraph 3, and then to prepayment of principal. Any application of the proceeds to the principal shall not extend or postpone the due date of the monthly payments, which are referred to in paragraph 2, or change the amount of such payments. Any excess proceeds over an amount required to pay all outstanding indebtedness under the Note and this Security Instrument shall be paid to the entity legally entitled thereto.

7. **Charges to Borrower and Protection of Lender's Rights in the Property.** Borrower shall pay all governmental or municipal charges, fines and impositions that are not included in paragraph 2. Borrower shall pay these obligations on time directly to the entity which is owed the payment. If failure to pay would adversely affect Lender's interest in the Property, upon Lender's request Borrower shall promptly furnish to Lender receipts evidencing these payments.

If Borrower fails to make these payments or the payments required by paragraph 2, or fails to perform any other covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the Property (such as a proceeding in bankruptcy, for condemnation or to enforce laws or regulations), then Lender may do and pay whatever is necessary to protect the value of the Property and Lender's rights in the Property, including payment of taxes, hazard insurance and other items mentioned in paragraph 2.

Any amounts disbursed by Lender under this paragraph shall become an additional debt of Borrower and be secured by this Security Instrument. These amounts shall bear interest from the date of disbursement at the Note rate, and at the option of Lender shall be immediately due and payable.

NEW YORK FHA MORTGAGE

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender; (b) contests in good faith the lien by, or defends against enforcement of the lien in, legal proceedings which in the Lender's opinion operate to prevent the enforcement of the lien; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which may attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Borrower shall satisfy the lien or take one or more of the actions set forth above within 10 days of the giving of notice.

8. **Fees.** Lender may collect fees and charges authorized by the Secretary.

9. **Grounds for Acceleration of Debt.**

(a) **Default.** Lender may, except as limited by regulations issued by the Secretary in the case of payment defaults, require immediate payment in full of all sums secured by this Security Instrument if:

(i) Borrower defaults by failing to pay in full any monthly payment required by this Security Instrument prior to or on the due date of the next monthly payment, or

(ii) Borrower defaults by failing, for a period of thirty days, to perform any other obligations contained in this Security Instrument.

(b) **Sale Without Credit Approval.** Lender shall, if permitted by applicable law (including section 341(d) of the Garn-St. Germain Depository Institutions Act of 1982, 12 U.S.C. 1701j-3(d)) and with the prior approval of the Secretary, require immediate payment in full of all sums secured by this Security Instrument if:

(i) All or part of the Property, or a beneficial interest in a trust owning all or part of the Property, is sold or otherwise transferred (other than by devise or descent), and

(ii) The Property is not occupied by the purchaser or grantee as his or her principal residence, or the purchaser or grantee does so occupy the Property, but his or her credit has not been approved in accordance with the requirements of the Secretary.

(c) **No Waiver.** If circumstances occur that would permit Lender to require immediate payment in full, but Lender does not require such payments, Lender does not waive its rights with respect to subsequent events.

(d) **Regulations of HUD Secretary.** In many circumstances regulations issued by the Secretary will limit Lender's rights, in the case of payment defaults, to require immediate payment in full and foreclose if not paid. This Security Instrument does not authorize acceleration or foreclosure if not permitted by regulations of the Secretary.

(e) **Mortgage Not Insured.** Borrower agrees that if this Security Instrument and the Note are not determined to be eligible for insurance under the National Housing Act within

from the date hereof, Lender may, at its option require immediate payment in full of all sums secured by this Security Instrument. A written statement of any authorized agent of the Secretary dated subsequent to

from the date hereof, declining to insure this Security Instrument and the Note, shall be deemed conclusive proof of such ineligibility. Notwithstanding the foregoing, this option may not be exercised by Lender when the unavailability of insurance is solely due to Lender's failure to remit a mortgage insurance premium to the Secretary.

10. **Reinstatement.** Borrower has a right to be reinstated if Lender has required immediate payment in full because of Borrower's failure to pay an amount due under the Note or this Security Instrument. This right applies even after foreclosure proceedings are instituted. To reinstate the Security Instrument, Borrower shall tender in a lump sum all amounts required to bring Borrower's account current including, to the extent they are obligations of Borrower under this Security Instrument, foreclosure costs and reasonable and customary attorneys' fees and expenses properly associated with the foreclosure proceeding. Upon reinstatement by Borrower, this Security Instrument and the obligations that it secures shall remain in effect as if Lender had not required immediate payment in full. However, Lender is not required to permit reinstatement if: (i) Lender has accepted reinstatement after the commencement of foreclosure proceedings within two years immediately preceding the commencement of a current foreclosure proceeding, (ii) reinstatement will preclude foreclosure on different grounds in the future, or (iii) reinstatement will adversely affect the priority of the lien created by this Security Instrument.

11. **Borrower Not Released; Forbearance by Lender Not a Waiver.** Extension of the time of payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to any successor in interest of Borrower shall not operate to release the liability of the original Borrower or Borrower's successors in interest. Lender shall not be required to commence proceedings against any successor in interest or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy shall not be a waiver of or preclude the exercise of any right or remedy.

**12. Successors and Assigns Bound; Joint and Several Liability; Co-Signers.** The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of Lender and Borrower, subject to the provisions of paragraph 9(b). Borrower's covenants and agreements shall be joint and several. Any Borrower who co-signs this Security Instrument but does not execute the Note: (a) is co-signing this Security Instrument only to mortgage, grant and convey that Borrower's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower may agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without that Borrower's consent.

**13. Notices.** Any notice to Borrower provided for in this Security Instrument shall be given by delivering it or by mailing it by first class mail unless applicable law requires use of another method. The notice shall be directed to the Property Address or any other address Borrower designates by notice to Lender. Any notice to Lender shall be given by first class mail to Lender's address stated herein or any address Lender designates by notice to Borrower. Any notice provided for in this Security Instrument shall be deemed to have been given to Borrower or Lender when given as provided in this paragraph.

**14. Governing Law; Severability.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. In the event that any provision or clause of this Security Instrument or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision. To this end the provisions of this Security Instrument and the Note are declared to be severable.

**15. Borrower's Copy.** Borrower shall be given one conformed copy of the Note and of this Security Instrument.

**16. Hazardous Substances.** Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property that is in violation of any Environmental Law. The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property.

Borrower shall promptly give Lender written notice of any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge. If Borrower learns, or is notified by any governmental or regulatory authority, that any removal or other remediation of any Hazardous Substances affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.

As used in this paragraph 16, "Hazardous Substances" are those substances defined as toxic or hazardous substances by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials. As used in this paragraph 16, "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

**17. Assignment of Rents.** Borrower unconditionally assigns and transfers to Lender all the rents and revenues of the Property. Borrower authorizes Lender or Lender's agents to collect the rents and revenues and hereby directs each tenant of the Property to pay the rents to Lender or Lender's agents. However, prior to Lender's notice to Borrower of Borrower's breach of any covenant or agreement in the Security Instrument, Borrower shall collect and receive all rents and revenues of the Property as trustee for the benefit of Lender and Borrower. This assignment of rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of breach to Borrower: (a) all rents received by Borrower shall be held by Borrower as trustee for benefit of Lender only, to be applied to the sums secured by the Security Instrument; (b) Lender shall be entitled to collect and receive all of the rents of the Property; and (c) each tenant of the Property shall pay all rents due and unpaid to Lender or Lender's agent on Lender's written demand to the tenant.

Borrower has not executed any prior assignment of the rents and has not and will not perform any act that would prevent Lender from exercising its rights under this paragraph 17.

Lender shall not be required to enter upon, take control of or maintain the Property before or after giving notice of breach to Borrower. However, Lender or a judicially appointed receiver may do so at any time there is a breach. Any application of rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of rents of the Property shall terminate when the debt secured by the Security Instrument is paid in full.

**18. Foreclosure Procedure.** If Lender requires immediate payment in full under paragraph 9, Lender may bring a lawsuit to take away all of Borrower's remaining rights in the Property and have the Property sold. At this sale Lender or another person may acquire the Property. This is known as "foreclosure and sale." In any lawsuit for foreclosure and sale, Lender will have the right to collect all costs and disbursements and additional allowances allowed by applicable law and will

NEW YORK FHA MORTGAGE

have the right to add all reasonable attorneys' fees to the amount Borrower owes Lender, which fees shall become part of the Sums Secured.

Lender may require immediate payment in full under this paragraph 18 only if all of the following conditions are met:

(a)  Borrower fails to keep any promise or agreement made in this Security Instrument or the Note, including, but not limited to, the promises to pay the Sums Secured when due, or if another default occurs under this Security Instrument.

(b)  Lender sends to Borrower, in the manner described in paragraph 13 of this Security Instrument, a notice that states:

(i)  The promise or agreement that Borrower failed to keep or the default that has occurred;

(ii)  The action that Borrower must take to correct that default;

(iii)  A date by which Borrower must correct the default. That date must be at least 30 days from the date on which the notice is given;

(iv)  That if Borrower does not correct the default by the date stated in the notice, Lender may require immediate payment in full, and Lender or another person may acquire the Property by means of foreclosure and sale.

(v)  That if Borrower meets the conditions stated in paragraph 10 of this Security Instrument, Borrower will have the right to have Lender's enforcement of this Security Instrument stopped and to have the Note and this Security Instrument remain fully effective as if immediate payment in full had never been required; and

(vi)  That Borrower has the right in any lawsuit for foreclosure and sale to argue that Borrower kept the promises and agreements under the Note and under this Security Instrument, and to present any other defenses that Borrower may have.

(c)  Borrower does not correct the default stated in the notice from Lender by the date stated in that notice.

If the Lender's interest in this Security Instrument is held by the Secretary and the Secretary requires immediate payment in full under paragraph 9, the Secretary may invoke the nonjudicial power of sale provided in the Single Family Mortgage Foreclosure Act of 1994 ("Act") (12 U.S.C. 3751 et seq.) by requesting a foreclosure commissioner designated under the Act to commence foreclosure and to sell the Property as provided in the Act. Nothing in the preceding sentence shall deprive the Secretary of any rights otherwise available to a Lender under this paragraph 18 or applicable law.

**19.  Lender's Obligation to Discharge This Security Instrument.** When Lender has been paid all amounts due under the Note and under this Security Instrument, Lender will discharge this Security Instrument by delivering a certificate stating that this Security Instrument has been satisfied. Borrower will pay all costs of recording the discharge in the proper official records. Borrower agrees to pay a fee for the discharge of this Security Instrument, if Lender so requires. Lender may require that Borrower pay such a fee, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under applicable law.

**20.  Agreements About New York Lien Law.** Borrower will receive all amounts lent by Lender subject to the trust fund provisions of Section 13 of the New York Lien Law. This means that if, on the date this Security Instrument is recorded, construction or other work on any building or other improvement located on the Property has not been completed for at least four months, Borrower will: (A) hold all amounts which Borrower receives and which Borrower has a right to receive from Lender under the Note as a "trust fund"; and (B) use those amounts to pay for that construction or work before Borrower uses them for any other purpose. The fact that Borrower is holding those amounts as a "trust fund" means that for any building or other improvement located on the Property Borrower has a special responsibility under the law to use the amount in the manner described in this paragraph 20.

**21.  Borrower's Statement Regarding the Property [check box as applicable].**

☐  This Security Instrument covers real property improved, or to be improved, by a one or two family dwelling only.

☐  This Security Instrument covers real property principally improved, or to be improved, by one or more structures containing, in the aggregate, not more than six residential dwelling units with each dwelling unit having its own separate cooking facilities.

☐  This Security Instrument does not cover real property improved as described above.

**22.  Riders to this Security Instrument.** If one or more riders are executed by Borrower and recorded together with this Security Instrument, the covenants of each such rider shall be incorporated into and shall amend and supplement the covenants and agreements of this Security Instrument as if the rider(s) were in a part of this Security Instrument. [Check applicable box(es)].

☐ Condominium Rider                ☐ Graduated Payment Rider        ☐ Growing Equity Rider

☐ Planned Unit Development Rider    ☐ Adjustable Rate Rider          ☐ Rehabilitation Loan Rider

☐ Non-Owner Occupancy Rider        ☒ Other [Specify]
                                      1-4 Family Rider

NEW YORK FHA MORTGAGE

BY SIGNING BELOW, Borrower accepts and agrees to the terms contained in pages 1 through 7 of this Security Instrument and in any rider(s) executed by Borrower and recorded with it.

_____ (Seal)          _____ (Seal)
**Teddy Halstead**          -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                         -Borrower

_____ (Seal)          _____ (Seal)
                            -Borrower                                         -Borrower

Witness: _____          Witness: _____

State of New York          )
                           ) SS.:
County of Bronx            )

On the **27th** day of **March** in the year **2009**, before me, the undersigned, a Notary Public in and for said State, personally appeared **Teddy Halstead**

personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

MORDECHAI POLLAK
Notary Public. State of New York
No. 01PO6099252
Qualified in Rockland County
Commission Expires September 29, 20 11.

_____
Notary Public

**NEW YORK FHA MORTGAGE**

ITEM 2848L7 (0509)—MERS          *(Page 7 of 7 pages)*          GreatDocs™
**HU2520 Halstead**                                             To Order Call 1-800-968-5775

## Schedule A Description

Title Number                                                                    Page   1

ALL that certain plot, piece or parcel of land, with the buildings and
improvements thereon erected, situate, lying and being in the Borough and
County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Southerly side of East 216th Street, distant 22.23
feet Westerly from the corner formed by the intersection of the Southerly side of
East 216th Street and the Westerly side of Bronxwood avenue.

RUNNING THENCE Southerly at right angles to the Southerly side of East 216th
Street and part of the distance through a party wall 78.23 feet to the Southerly
line of tax lot No 1 Block 4674 in Section 16 on tax map of City of NEw York, for
Borough of Bronx, as said map was on November 3, 1953.

THENCE Westerly and part of the distance along Southerly line of said tax lot, a
distance of 20 feet to a point on a line drawn at right angles to the Southerly side
of East 216th Street and distant 78.24 feet Southerly thereon;

THENCE Northerly again at right angles to the Southerly side of East 216th
Street and part of the distance through another party wall 78.24 feet to the
Southerly sid eof East 216th Street and ;

THENCE Easterly along the Southerly side of East 216th Street 20 feet to the
point or place of BEGINNING.

FOR INFORMATION ONLY:
Premises are known as and or by:  872 East 216th Street, Bronx, NY
Block: 4674        Lot: 91

# 1-4 FAMILY RIDER
### (Assignment of Rents)

THIS 1-4 FAMILY RIDER is made this        **27th**      day of **March 2009**                     ,
and is incorporated into and shall be deemed to amend and supplement the Mortgage, Deed of Trust, or
Security Deed (the "Security Instrument") of the same date given by the undersigned (the "Borrower") to
secure Borrower's Note to **Fairmont Funding, LTD., New York Corporation**

(the "Lender") of the same date and covering the Property described in the Security Instrument and located at:
**872 East 216th Street**
**Bronx, NY 10467**

[Property Address]

**1-4 FAMILY COVENANTS.** In addition to the covenants and agreements made in the Security
Instrument, Borrower and Lender further covenant and agree as follows:

**A. ADDITIONAL PROPERTY SUBJECT TO THE SECURITY INSTRUMENT.** In
addition to the Property described in Security Instrument, the following items now or hereafter
attached to the Property to the extent they are fixtures are added to the Property description, and
shall also constitute the Property covered by the Security Instrument: building materials,
appliances and goods of every nature whatsoever now or hereafter located in, on, or used, or
intended to be used in connection with the Property, including, but not limited to, those for the
purposes of supplying or distributing heating, cooling, electricity, gas, water, air and light, fire
prevention and extinguishing apparatus, security and access control apparatus, plumbing, bath
tubs, water heaters, water closets, sinks, ranges, stoves, refrigerators, dishwashers, disposals,
washers, dryers, awnings, storm windows, storm doors, screens, blinds, shades, curtains and
curtain rods, attached mirrors, cabinets, paneling and attached floor coverings, all of which,
including replacements and additions thereto, shall be deemed to be and remain a part of the
Property covered by the Security Instrument. All of the foregoing together with the Property
described in the Security Instrument (or the leasehold estate if the Security Instrument is on a
leasehold) are referred to in this 1-4 Family Rider and the Security Instrument as the "Property."

**B. USE OF PROPERTY; COMPLIANCE WITH LAW.** Borrower shall not seek, agree
to or make a change in the use of the Property or its zoning classification, unless Lender has
agreed in writing to the change. Borrower shall comply with all laws, ordinances, regulations and
requirements of any governmental body applicable to the Property.

**C. SUBORDINATE LIENS.** Except as permitted by federal law, Borrower shall not allow
any lien inferior to the Security Instrument to be perfected against the Property without Lender's
prior written permission.

**D. RENT LOSS INSURANCE.** Borrower shall maintain insurance against rent loss in
addition to the other hazards for which insurance is required by Section 5.

**E. "BORROWER'S RIGHT TO REINSTATE" DELETED.** Section 19 is deleted.

**F. BORROWER'S OCCUPANCY.** Unless Lender and Borrower otherwise agree in
writing, Section 6 concerning Borrower's occupancy of the Property is deleted.

**G. ASSIGNMENT OF LEASES.** Upon Lender's request after default, Borrower shall
assign to Lender all leases of the Property and all security deposits made in connection with leases

MULTISTATE 1-4 FAMILY RIDER—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT                         Form 3170 1/01
                                                                                                GreatDocs ™
ITEM 1790L1 (0411)                             *(Page 1 of 3 pages)*                    To Order Call 1-800-968-5775
**HU2520 Halstead**

of the Property. Upon the assignment, Lender shall have the right to modify, extend or terminate the existing leases and to execute new leases, in Lender's sole discretion. As used in this paragraph G, the word "lease" shall mean "sublease" if the Security Instrument is on a leasehold.

**H. ASSIGNMENT OF RENTS; APPOINTMENT OF RECEIVER; LENDER IN POSSESSION.** Borrower absolutely and unconditionally assigns and transfers to Lender all the rents and revenues ("Rents") of the Property, regardless of to whom the Rents of the Property are payable. Borrower authorizes Lender or Lender's agents to collect the Rents, and agrees that each tenant of the Property shall pay the Rents to Lender or Lender's agents. However, Borrower shall receive the Rents until (i) Lender has given Borrower notice of default pursuant to Section 22 of the Security Instrument and (ii) Lender has given notice to the tenant(s) that the Rents are to be paid to Lender or Lender's agent. This assignment of Rents constitutes an absolute assignment and not an assignment for additional security only.

If Lender gives notice of default to Borrower: (i) all Rents received by Borrower shall be held by Borrower as trustee for the benefit of Lender only, to be applied to the sums secured by the Security Instrument; (ii) Lender shall be entitled to collect and receive all of the Rents of the Property; (iii) Borrower agrees that each tenant of the Property shall pay all Rents due and unpaid to Lender or Lender's agents upon Lender's written demand to the tenant; (iv) unless applicable law provides otherwise, all Rents collected by Lender or Lender's agents shall be applied first to the costs of taking control of and managing the Property and collecting the Rents, including, but not limited to, attorney's fees, receiver's fees, premiums on receiver's bonds, repair and maintenance costs, insurance premiums, taxes, assessments and other charges on the Property, and then to the sums secured by the Security Instrument; (v) Lender, Lender's agents or any judicially appointed receiver shall be liable to account for only those Rents actually received; and (vi) Lender shall be entitled to have a receiver appointed to take possession of and manage the Property and collect the Rents and profits derived from the Property without any showing as to the inadequacy of the Property as security.

If the Rents of the Property are not sufficient to cover the costs of taking control of and managing the Property and of collecting the Rents any funds expended by Lender for such purposes shall become indebtedness of Borrower to Lender secured by the Security Instrument pursuant to Section 9.

Borrower represents and warrants that Borrower has not executed any prior assignment of the Rents and has not performed, and will not perform, any act that would prevent Lender from exercising its rights under this paragraph.

Lender, or Lender's agents or a judicially appointed receiver, shall not be required to enter upon, take control of or maintain the Property before or after giving notice of default to Borrower. However, Lender, or Lender's agents or a judicially appointed receiver, may do so at any time when a default occurs. Any application of Rents shall not cure or waive any default or invalidate any other right or remedy of Lender. This assignment of Rents of the Property shall terminate when all the sums secured by the Security Instrument are paid in full.

**I. CROSS-DEFAULT PROVISION.** Borrower's default or breach under any note or agreement in which Lender has an interest shall be a breach under the Security Instrument and Lender may invoke any of the remedies permitted by the Security Instrument.

MULTISTATE 1-4 FAMILY RIDER—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3170 1/01

ITEM 1790L2 (0411)                          *(Page 2 of 3 pages)*          GreatDocs™
**HU2520 Halstead**                                                      To Order Call 1-800-968-5775

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 3 of this 1-4 Family Rider.

_____ (Seal)     _____ (Seal)
Teddy Halstead              -Borrower                              -Borrower

_____ (Seal)     _____ (Seal)
                            -Borrower                              -Borrower

_____ (Seal)     _____ (Seal)
                            -Borrower                              -Borrower

MULTISTATE 1-4 FAMILY RIDER—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3170 1/01
                                                                              GreatDocs™
ITEM 1790L3 (0411)                      *(Page 3 of 3 pages)*          To Order Call: 1-800-968-5775
**HU2520 Halstead**

# NOTE

FHA CASE NO.

**March 27, 2009**
[Date]

**872 East 216th Street**
**Bronx, NY 10467**

[Property Address]

### 1.    PARTIES

"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means **Fairmont Funding, LTD., New York Corporation**

and its successors and assigns.

### 2.    BORROWER'S PROMISE TO PAY; INTEREST

In return for a loan received from Lender, Borrower promises to pay the principal sum of
**Three Hundred Ninety Nine Thousand Four Hundred Eighty and no/100**                                  Dollars
(U.S. $ **399,480.00**                                  ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of **Five and One Half**

percent (                  **5.5000**%) per year until the full amount of principal has been paid.

### 3.    PROMISE TO PAY SECURED

Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

### 4.    MANNER OF PAYMENT

**(A)  Time**

Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on
**May 01, 2009**                  . Any principal and interest remaining on the first day of                  **April 2039**                  , will be due on that date, which is called the "Maturity Date."

**(B)  Place**

Payment shall be made at **Fairmont Funding, LTD., 1333 60th Street, 2nd Floor, Brooklyn, NY 11219**

or at such other place as Lender may designate in writing by notice to Borrower.

**(C)  Amount**

Each monthly payment of principal and interest will be in the amount of U.S. $**2,268.20**                  .
This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.

**(D)  Allonge to this Note for Payment Adjustments**

If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. (Check applicable box.)

☐ Growing Equity Allonge                    ☐ Graduated Payment Allonge

☐ Other [specify]

## 5.  BORROWER'S RIGHT TO PREPAY

Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

## 6.  BORROWER'S FAILURE TO PAY

**(A)  Late Charge for Overdue Payments**

If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of fifteen calendar days after the payment is due, Lender may collect a late charge in the amount of **Four** percent ( **4.0000**%) of the overdue amount of each payment.

**(B)  Default**

If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.

**(C)  Payment of Costs and Expenses**

If Lender has required immediate payment in full, as described above, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

## 7.  WAIVERS

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

## 8.  GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

## 9.  OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

MULTISTATE FHA FIXED RATE NOTE

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in pages 1 through 3 of this Note.

_____ (Seal)          _____ (Seal)
**Teddy Halstead**                    -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                     -Borrower                                          -Borrower

_____ (Seal)          _____ (Seal)
                                     -Borrower                                          -Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF **GMAC Bank**
WITHOUT RECOURSE

By _____
Mordechai D. Husarsky, Managing Director
Fairmont Funding Ltd

**PAY TO THE ORDER OF
GMAC MORTGAGE, LLC
WITHOUT RECOURSE**

_____
**D. CHIODO
ASSISTANT SECRETARY
GMAC BANK**

PAY TO THE ORDER OF

WITHOUT RECOURSE

_____
D. CHIODO
LIMITED SIGNING OFFICER
GMAC MORTGAGE, LLC f/k/a
GMAC MORTGAGE CORPORATION

**MULTISTATE FHA FIXED RATE NOTE**

ITEM 6432L3 (9606)                *(Page 3 of 3 pages)*            GreatDocs™
**HU2520 Halstead**                                              To Order Call: 1-800-968-5775

## Exhibit C

**Assignment of Mortgage from MERS to GMACM**

# *ASSIGNMENT OF MORTGAGE*

Original Lender: **Mortgage Electronic Registration Systems Inc., as nominee for Fairmont Funding, Ltd.**

Know that,

**Mortgage Electronic Registration Systems Inc., as nominee for Fairmont Funding, Ltd., 3300 SW 34th Ave Suite 101, Ocala, FL 34474,** assignor,

in consideration of the sum of One and No/100th Dollars and other good valuable consideration dollars, paid by

**GMAC Mortgage, LLC, 1100 Virginia Drive, Ft. Washington, PA 19034,** assignee

hereby assigns unto the assignee, a certain mortgage made by TEDDY HALSTEAD, given to secure payment of the sum of **Three hundred and ninety nine thousand four hundred and eighty dollars ($399,480.00)** and interest, dated **the 27th day of March, 2009,** recorded on **the 20th day of April, 2009,** in the office of the Clerk of the County of **Bronx,** at Instrument No.

covering premises 872 EAST 216TH STREET, BRONX, NY 10467, SBL #Block 4674 Lot 91,

together with the Assignor's beneficial interest under the Mortgage, and the moneys due and to grow due thereon with the interest,

This said mortgage has not been otherwise assigned of record.

*TO HAVE AND TO HOLD* the said Mortgage, and also the said property unto the said Assignee forever, subject to the terms contained in said Mortgage.

*THIS* Assignment is not subject to the requirement of Section 275 of the Real Property Law because it is within the secondary mortgage market.

*IN WITNESS WHEREOF*, the Assignor has caused these presents to be signed by its duly authorized officer this
_____ day of _November_, 20 _10_ .

*IN PRESENCE OF*

Mortgage Electronic Registration Systems Inc., as nominee for Fairmont Funding, Ltd.

BY: _____

Name: ___ **Kerr, Vice President** ___

Title: _____

**Pennsylvania**

State of .....................................

County of ......... **Montgomery** .       ss:

On the _6_ day of _November_ in the year _2010_ before me, the undersigned, a notary public in and for said state, personally appeared ___ *Suhn Kerr* ___, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s) or the person upon behalf of which the individual(s) acted, executed the instrument and that such individual made such appearance before the undersigned in the _Fort Washington PA_. *(Insert city or political subdivision and state or other place acknowledgment taken--- if acknowledgment is taken outside of New York State)*

_____
Notary Public

**SEAL**

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Mary Lynch, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Nov. 3, 2014
Member, Pennsylvania Association of Notaries

Steven J. Baum, PC
220 ....
........., NY 14228
Suite B

2010-762

## Exhibit D

**Assignment of Mortgage from GMACM to The Bank of New York Mellon, N.A.**

## ASSIGNMENT OF MORTGAGE

### New York

**This ASSIGNMENT OF MORTGAGE from** GMAC MORTGAGE LLC ("Assignor") **to** THE BANK OF NEW YORK MELLON TRUST COMPANY, N.A., AS FHA QUALIFIED TRUSTEE FOR RESCAP LIQUIDATING TRUST, ("Assignee")
*1100 Virginia Dr, Fort Washington, PA 19034*

For the sum of ten dollars ($10.00) cash and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Assignor does by these presents hereby grant, bargain, sell, assign, transfer and set over unto the Assignee, its successors, transferees and assigns forever all of the rights, title and interest together with the certain note(s) described therein together with all interest secured thereby, all liens, and any rights due or to become due thereon of said Assignor in and to the following instrument describing land therein, duly recorded in the Office of the County Recorder of BRONX County, State of NEW YORK, as follows:

| | |
|---|---|
| Borrowers: | TEDDY HALSTEAD |
| Lender: | Mortgage Electronic Registration Systems, Inc. as nominee for Fairmont Funding, LTD |
| OPB: | $ 399,480.00 |
| Document Date: | 03/27/2009 |
| Date Recorded: | 04/20/2009 |
| Instrument Number: | ▮▮▮▮▮▮ |
| Property Address: | 872 EAST 216TH STREET, BRONX, NY 10467 |

Said Mortgage was assigned from Mortgage Electronic Registration Systems, Inc. as nominee for Fairmont Funding, LTD to GMAC Mortgage, LLC by instrument dated November 6th, 2010, recorded on December 1st, 2010, under instrument number ▮▮▮▮▮▮

If this loan is secured by an interest in a cooperative Apartment, Assignor hereby assigns all of its, right, title and interest in and to the Assignment of Lease and Stock Power executed by the borrower(s) in conjunction with the loan.

This assignment is not subject to the requirement of section two hundred seventy-five (275) and three hundred twenty one (321) of the Real Property Law because it is an assignment within the secondary mortgage market.

*xx 1 Wall St. NY, NY 10005*

*B - 4674     L - 91*

This assignment is made without warranty, express or implied, and without recourse to the Assignor in any event whatsoever.

Dated: 07/ 9 /14

GMAC MORTGAGE LLC

*POA Recorded on: July 9th, 2014 Under CRFN* ▮▮▮▮▮

BY: *Peter Nocero*

NAME:    Peter Nocero
TITLE:    Contract Management Coordinator, Ocwen Loan Servicing, LLC
STATE OF:  Pennsylvania                              Attorney-in-Fact

OUT OF STATE NOTARY

State of        Pennsylvania          )
                          ss:
County of    Montgomery    )

On    07/ 9 /14    (date) before me **Thomas J. Cunningham** _____ (Notary`s name), a Notary Public in and for *PHILADELPHIA* _____ (Notary`s city) in the State of **Pennsylvania** (Notary`s state) personally appeared **Peter Nocero** (Affiant`s name) personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/their signature on the instrument the person(s), of the entity upon behalf of which the person(s) acted, executed the instrument, and that such individual(s) made such appearance before the undersigned in the County of **Montgomery** (County name), State of **Pennsylvania** (State name).

Witness my hand and official seal,

Notary Name: **Thomas J. Cunningham**
Notary Expire: 8/1/16

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
THOMAS J. CUNNINGHAM, Notary Public
City of Philadelphia, Phila. County
My Commission Expires August 1, 2016

CERTIFICATE OF CONFORMITY

STATE OF ____**Pennsylvania**____

COUNTY OF ____**Montgomery**____

The undersigned does hereby certify that he/she is an attorney at law duly admitted to practice in the State of ____**Pennsylvania**____ and is a resident of _Philadelphia_, in the State of ____**Pennsylvania**____ : that he/she is a person duly qualified to make this certificate of conformity pursuant to Section 299-a of the Real Property Law of the State of New York: that the foregoing acknowledgment by ____**Peter Nocero**____ named in the forgoing in instrument taken before **Thomas J. Cunningham** , a notary in the State of ____**Pennsylvania**____ was taken in the manner prescribed by such laws of the State of ____**Pennsylvania**____ , being the State in which it was taken; and that it duly conforms with such laws and is in all respects valid and effective in such state.

_Heather Harper_ HH _7/9/2014_

Attorney at law for the State of ____**Pennsylvania**____

Heather Harper

## Exhibit E

**Forbearance Agreement**

9/14/2009

GMAC Mortgage

**GMAC** Mortgage

TEDDY HALSTEAD
PO BOX 985
NEW YORK NY 10035-0806

RE:        Account Number
           Property Address    872 EAST 216TH STREET
                               BRONX NY 10467

Dear    TEDDY HALSTEAD                 :

We recently contacted you by phone to discuss your prior request for payment assistance under the Home Affordable
Mortgage Program. While you did not qualify under the guidelines of the modification program, you expressed an
interest in an option known as HomeSaver Forbearance™. Under this program, you would make a reduced monthly
payment for up to six months.

If you are willing and able to make these reduced monthly payments, please follow the below steps:

1)    Sign and return the enclosed Forbearance Agreement no later than 9/11/2009 to:
      GMAC Mortgage, LLC
      Attention: Loss Mitigation
      3451 Hammond Ave.
      Waterloo IA 50702

2)    Include your first monthly payment; as instructed in the enclosed Forbearance Agreement.

Additional methods of remitting payments under this agreement are:
  ▪   Money Gram using a Receive Code of **2365**
  ▪   Western Union using a Code City of **HOME** and State of **IA**

You can also fax the executed Forbearance Agreement to us at 1-866-340-5043.

**Now is the time to act. We are ready to help you.** During the forbearance period you will receive a phone call from
one of our representatives to discuss HomeSaver Forbearance Program and to find a long-term solution to avoid
foreclosure. Please take advantage of the opportunity to discuss your personal needs and get the help you need.

If you do not want to stay in your home, we will work with you to explore other options available to you. Our goal is to
help you through this difficult time. Please contact our office as soon as possible for more information.

If you have any questions regarding this, please contact our office at 1-888-714-4622, between the hours of 7:00 am to
9:00 pm Monday through Thursday Central Standard time, 7:00 am to 6:00 pm Central Standard time Friday and 8:00
am to 12:00 pm Central Standard time on Saturday.

Loss Mitigation Department

Enclosure

Doc Type:LSMIT

Investor Loan #

## HOMESAVER PAYMENT FORBEARANCE AGREEMENT

Forbearance Agreement Effective Date: 9/11/2009
Borrower ("I"): TEDDY HALSTEAD
Lender ("Lender"): GMAC Mortgage, LLC
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 3/27/2009
Loan Number ("Loan"):
Property Address ("Property"): 872 EAST 216TH STREET  BRONX NY 10467

The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this Agreement and not defined herein have the meaning given to them in the Loan Documents.

1. **My Representations.** I certify, represent to Lender and agree:

   A.   I am unable to afford my Mortgage payments for the reasons indicated in my Hardship Affidavit (previously provided to Lender) and as a result, (i) I am either in default or believe I will be in default under the Loan Documents in the near future, and (ii) I do not have access to sufficient liquid assets to make the scheduled monthly Mortgage payments under my Loan Documents now or in the near future;

   B.   The occupancy status of the Property is as indicated below (circle most appropriate option):

      a.   I live in the Property as my principal residence.

      b.   I use the Property as a second home.

      c.   I use the Property as rental property.

      d.   I live in one unit of the Property and rent other units.

   C.   I have not sold or otherwise transferred  ownership of the Property since I signed the Loan Documents and the Property has not been condemned;

   D.   I am providing or already have provided documentation for all income that I receive (except that I understand that I am not required to disclose any child support or alimony that I receive, unless I wish to have such income considered to qualify for this HomeSaver Forbearance.

   E.   All documents and information I have provided to Lender pursuant to this Agreement, including the documents and information regarding my eligibility for the  HomeSaver Forbearance program, are true and correct; and

   F.   All borrowers on the Note, except any deceased borrowers, have signed this Agreement.

2. **The Payment Deferral Agreement**. On or before each of the following due dates, I will pay the Lender the amount set forth below ("Deferral Period Payment").

2. **The Payment Deferral Agreement**. On or before each of the following due dates, I will pay the Lender the amount set forth below ("Deferral Period Payment").

| Deferral Period Payment No. | Deferral Period Payment | Due Date On or Before |
|---|---|---|
| 1 | $ 1,955.43 | 9/11/2009 |
| 2 | $ 1,955.43 | 10/11/2009 |
| 3 | $ 1,955.43 | 11/11/2009 |
| 4 | $ 1,955.43 | 12/11/2009 |
| 5 | $ 1,955.43 | 1/11/2010 |
| 6 | $ 1,955.43 | 2/11/2010 |

During the period (the "Deferral Period") commencing on the date of this Agreement and ending on the earlier of: (i: 2/11/2010) [6 months from execution date by Lender]; (ii) execution of an agreement with Lender for another resolution of my default under my Loan Documents, for example, a modification, pre-foreclosure sale or deed in lieu of foreclosure; or (iii) my default under the terms of this Agreement.

I understand and acknowledge that:

A. <u>Foreclosure Activity.</u> The Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Agreement. If this Agreement terminates, however, then any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action, all rights to such notices being hereby waived to the extent permitted by Applicable Law;

B. <u>Application of Payments.</u> The Lender will hold the payments received during the Deferral Period in a non-interest bearing account until they total an amount that is enough to pay my oldest delinquent monthly payment on my Loan in full. If there is any remaining money after such payment is applied, such remaining funds will be held by the Lender and not posted to my account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full. Upon termination of this Agreement, if I have not entered into another agreement with Lender to cure or otherwise resolve my default under the Loan Document or reinstated my Loan in full, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make under this Agreement and not yet applied to my Loan as described above shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me.

C. <u>Additional Assistance.</u> During the Deferral Period, Lender will review my Loan to determine whether additional default resolution assistance can be offered to me. At the end of the Deferral Period either (1) I will be required to recommence my regularly scheduled payments and to make additional payment(s), on terms to be determined by Lender, until all past due amounts owed under the Loan documents have been paid in full, (2) I will be required to reinstate my Loan in full, (3) Lender will offer to modify my Loan; (4) Lender will offer me some other form of payment assistance or alternative to foreclosure, on terms to be determined solely by Lender with the approval of the investors or insurers on my Loan, or (5) if no feasible alternative can be identified, Lender may commence or continue foreclosure proceedings or exercise other rights and remedies provided Lender under the Loan Documents.

D. <u>No Modification.</u> **I understand that the Agreement is not a forgiveness of payments on my Loan or a modification of the Loan Documents. I** further understand and agree that the Lender is not obligated or bound to make any modification of the Loan Documents or provide any other alternative resolution of my default under the Loan Documents.

E. <u>Late Charges.</u> Unless otherwise expressly prohibited by Applicable Law, late charges will be assessed against me until the Deferred Payments have been paid in full and my Loan is brought completely current under my Loan documents, even if I make timely payments in accordance with this Agreement.

F. <u>Bankruptcy:</u> If, before all past due amounts are paid, I or any party with an interest in the real property which secures my Loan become subject to a proceeding in bankruptcy, or if my Loan otherwise is subject to protection under bankruptcy laws, I hereby acknowledge and agree that (1) any continued

workout assistance will need to be addressed in the context of the Bankruptcy proceedings, (2) unless expressly prohibited by Applicable Law, Lender, at its option, may terminate this Agreement immediately and automatically, and (3) to the extent allowed by Applicable Law, Lender shall be entitled expressly prohibited by Applicable Law, Lender, at its option, may terminate this Agreement immediately and automatically, and (3) to the extent allowed by Applicable Law, Lender shall be entitled to immediate and automatic relief from the bankruptcy stay upon my breach of any term or condition of this Agreement, or upon Lender's termination of this Agreement.

G.  Property Taxes and Insurance: If Lender does not maintain an impound account with respect to my Loan, it is my responsibility to timely pay all property taxes and premiums for insurance due, as required in my Loan Documents. If Lender does maintain an impound account with respect to my Loan, I agree during the Deferred Payment Period to forward to Lender the amounts required to permit the impound account to contain a sufficient balance so that payments for property taxes and insurance may be timely. My failure to timely pay property taxes or insurance, if there is no impound account, or to forward to Lender sufficient funds so that such payment may be timely made from my impound account, shall constitute an event of default, and, at Lender's option, this Agreement shall terminate immediately and automatically without further notice to me.

H.  Waiver: Any forbearance by Lender in exercising any right or remedy under this Agreement or as otherwise afforded by Applicable Law shall not be a waiver or preclude the exercise of that or any other right or remedy. For example, if Lender decides to accept a partial or untimely payment from me instead of terminating this Agreement as provided herein, Lender shall not be precluded from rejecting a subsequent partial or untimely payment, terminating this Agreement, and commencing or continuing, as the case may be, foreclosure proceedings or taking any other action permitted by law.

I.  Miscellaneous Provisions: The invalidity of any portion of this Agreement shall in no way affect the balance thereof. Each covenant set forth in this Agreement shall inure to the benefit of and be binding upon the parties to this Agreement and their respective heirs, successors, assigns, attorneys, agents, employees, representatives (past and present) and each of them. TIME IS OF THE ESSENCE under this Agreement;

3.  **Acknowledgement.  I acknowledge that all terms and provisions of the Loan Documents remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents. The Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.**

In Witness Whereof, the Lender and I have executed this Agreement.

| | |
|---|---|
| GMAC Mortgage, LLC | TEDDY HALSTEAD |
| | Date |
| By: _____ | |
| Date | Date |

**Exhibit F**

**2010 Foreclosure Complaint**

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BRONX
-----------------------------------------------------------------X
GMAC MORTGAGE, LLC
3451 Hammond Avenue
Waterloo, IA 50704-5400

                      Plaintiff,

vs.

TEDDY HALSTEAD, NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD, NEW YORK
CITY PARKING VIOLATIONS BUREAU, NEW
YORK CITY TRANSIT ADJUDICATION BUREAU,

JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to
designate any and all occupants of
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

                      Defendant(s).
-----------------------------------------------------------------X

**SUMMONS**

ORIGINAL FILED WITH THE
CLERK ON __12 | 6 | 10__

INDEX NO.: _382154 / 10_

MORTGAGED PREMISES:
872 EAST 216TH STREET
BRONX, NY 10467

SBL #:
BLOCK 4674   LOT 91

TO THE ABOVE NAMED DEFENDANTS:

       YOU ARE HEREBY SUMMONED to answer the Complaint in the above captioned action and to serve
a copy of your Answer on the Plaintiff's attorney within twenty (20) days after the service of this Summons,
exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any
other manner than by personal delivery within the State.   The United States of America, if designated as a
Defendant in this action, may answer or appear within sixty (60) days of service hereof.   In case of your failure to
appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

# <u>NOTICE</u>
## <u>YOU ARE IN DANGER OF LOSING YOUR HOME</u>

**<u>If you do not respond to this summons and complaint by serving a copy
of the answer on the attorney for the mortgage company who filed this
foreclosure proceeding against you and filing the answer with the court, a
default judgment may be entered and you can lose your home.</u>**

**<u>Speak to an attorney or go to the court where your case is pending for
further information on how to answer the summons and protect your
property.</u>**

**Sending a payment to your mortgage company will not stop this foreclosure action.**

## YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.

Bronx County is designated as the place of trial.   The basis of venue is the location of the mortgaged premises foreclosed herein.

DATED:       December  3, 2010

By: _____
Jennifer M. McCann, Esq.
**Steven J. Baum, P.C.**
**Attorneys for Plaintiff**
**220 Northpointe Parkway Suite G**
**Amherst, NY 14228**
**Tel.: 716-204-2400**

The law firm of Steven J. Baum, P.C. and the attorneys whom it employs are debt collectors who are attempting to collect a debt. Any information obtained by them will be used for that purpose.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BRONX
-----------------------------------------------------------------X

GMAC MORTGAGE, LLC
3451 Hammond Avenue
Waterloo, IA 50704-5400

     Plaintiff,

vs.              **COMPLAINT**

TEDDY HALSTEAD, NEW YORK CITY   INDEX NO.: 38 21 54/10
ENVIRONMENTAL CONTROL BOARD, NEW YORK
CITY PARKING VIOLATIONS BUREAU, NEW  MORTGAGED PREMISES:
YORK CITY TRANSIT ADJUDICATION BUREAU, 872 EAST 216TH STREET
               BRONX, NY 10467
JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to    SBL #:
designate any and all occupants of    BLOCK 4674  LOT 91
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

     Defendant(s).
-----------------------------------------------------------------X

   The Plaintiff by its attorneys, Steven J. Baum, P.C., for its complaint against the Defendant(s) alleges upon information and belief as follows:

   FIRST:  Plaintiff is a limited liability company duly organized and existing under and by virtue of the laws of the State of Delaware, the holder of the note and mortgage being foreclosed herein.

   SECOND:  On or about the 27th day of March, 2009, TEDDY HALSTEAD duly executed and delivered a note whereby TEDDY HALSTEAD promised to pay the sum of $399,480.00 with interest on the unpaid balance of the debt.

   THIRD:  That as security for the payment of said note TEDDY HALSTEAD duly executed and delivered a mortgage in the amount of $399,480.00 which mortgage was recorded as follows and mortgage tax paid thereon:

   Recording Date: April 20, 2009
   Instrument Number: ███████████
   County (or City Register of): City of New York

   The mortgage was subsequently assigned to GMAC MORTGAGE, LLC by assignment dated November 6, 2010 and sent for recording in the Office of the City Register of the City of New York.

   FOURTH:  The mortgaged premises are commonly known as 872 EAST 216TH STREET, BRONX, NY 10467 and more fully described in "Schedule A" attached to this complaint.  The tax map designation is known as all or part of SBL: Block 4674  Lot 91.

FIFTH:   That the Defendant(s) TEDDY HALSTEAD so named, has/have failed to comply with the conditions of the mortgage and note by failing to pay principal and interest and/or taxes, assessments, water rates, insurance premiums, escrow and/or other charges that came due and payable on the 1st day of September, 2009 as more fully set forth below.   Accordingly, Plaintiff elects to call due the entire amount secured by the mortgage.

SIXTH:   There is now due and owing on said mortgage the following amounts:

Principal balance: $397,712.35
Interest Rate: 5.5%
Date interest accrues from: August 1, 2009
Escrow advances: $7,497.76
Late charges: $1,809.84
Inspection fees: $98.00

Together with monies advanced for taxes, insurance, maintenance of premises and the costs, allowances and reasonable attorney's fees if permitted by the mortgage.

SEVENTH:   In order to protect its security interest the Plaintiff or its agent has paid or may be compelled to pay during the pendency of this action, taxes, assessments, water rates, insurance premiums and other charges affecting the mortgaged premises.   Plaintiff requests that any sums it or its agent has paid, together with interest, be included in the sum otherwise due as provided for and secured by the mortgage.

EIGHTH:   Upon information and belief all the defendants herein have or claim to have some interest in or lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of Plaintiff's mortgage, or has been paid or equitably subordinated to Plaintiff's mortgage, or has been duly subordinated thereto, or is adverse to that of Plaintiff.   The reason for naming said defendants is set forth in "Schedule B" that is attached to this complaint.

NINTH:   The reason for naming any governmental agency or instrumentalities of the Federal, State or local government (however designated), is set forth in "Schedule C" that is attached to this complaint.

TENTH:   Upon information and belief the defendant(s) "John Doe" are occupants of the premises being foreclosed, or may be any persons, corporations or entities who claim, or may claim, a lien or other interest against the premises.

ELEVENTH:   If applicable, the mortgage originated in compliance with Banking Law Sections 595-a and 6-l or 6-m and at the time of commencement of this action, the Plaintiff has complied with all of the provisions of Section 595-a of the Banking law and any rules and regulations promulgated thereunder, Section 6-l and 6-m of the Banking Law, and Sections 1304 and 1306 of the Real Property Actions and Proceedings Law.

TWELFTH:   Plaintiff requests that in the event this action proceeds to judgment of foreclosure and sale, said premises be sold subject to: any state of facts an inspection of the premises would disclose or an accurate survey of the premises would show; covenants, restrictions, easements and public utility agreements of record, if any; building and zoning ordinances and possible violations of the same; any rights of tenants or persons in possession of the premises; any equity of redemption of the United States of America to redeem the premises within 120 days; prior mortgages and liens, if any.   If the mortgage secures more than one parcel, Plaintiff requests the judgment of foreclosure provide for the sale of the parcels in a particular order to the extent necessary to satisfy the indebtedness.

THIRTEENTH:   There are no other actions or pending proceedings at law to collect or enforce the note and mortgage.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT:

1.  Adjudging and decreeing the amounts due the Plaintiff for principal, interest, costs, late charges, expenses of sale, allowances and disbursements, reasonable attorney's fees if provided for in the mortgage and any monies advanced and paid which are secured by the mortgage.

2.  That the defendants and all persons claiming by, through or under them and every other person or entity whose right, title, conveyance or encumbrance is subsequent to or subsequently recorded, or whose lien is being challenged by being a defendant in this action, be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises.

3.  That the said mortgaged premises, or such part thereof as may be necessary to raise the amounts due as aforesaid, be decreed to be sold according to law subject to the provisions of paragraph "TWELFTH" of this complaint.

4.  That out of the monies arising from the sale thereof, the Plaintiff may be paid the amounts due on said note and mortgage, plus those items referenced in paragraph 1, above, together with any sums expended as aforesaid, with interest as allowed by law upon any advances from the dates of the respective payments, so far as the amount of such money properly applicable thereto will pay the same.

5.  That either or any of the parties to this action may become a purchaser upon such sale.

6.  That this court, if requested, forthwith appoint a receiver of the rents and profits of said premises with the usual powers and duties.

7.  That the defendants referred to in paragraph "FIFTH" of this complaint and any original or subsequent obligors so named in this action, may be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto, unless the debt has been listed and discharged in a bankruptcy petition, or unless the Plaintiff is unable to produce a copy of the note, in which case no deficiency judgment will be sought.

8.  In the event Plaintiff possesses any other liens against the premises, they shall not be merged with the same.  Plaintiff specifically reserves its right to share in any surplus monies arising from the sale of the subject premises by virtue of its position as a judgment or other lien creditor, excluding the mortgage being foreclosed herein.

9.  That the Plaintiff may have such other and further relief as may be just, equitable and proper.

By: _____
Jennifer M. McCann, Esq.
Steven J. Baum, P.C.
Attorneys for Plaintiff
220 Northpointe Parkway Suite G
Amherst, NY 14228
Tel.: 716-204-2400

The law firm of Steven J. Baum, P.C. and the attorneys whom it employs are debt collectors who are attempting to collect a debt. Any information obtained by them will be used for that purpose.

## Schedule A Description

Title Number ▮▮▮▮▮▮▮▮                                                      Page    **1**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Southerly side of East 216th Street, distant 22.23 feet Westerly from the corner formed by the intersection of the Southerly side of East 216th Street and the Westerly side of Bronxwood avenue.

RUNNING THENCE Southerly at right angles to the Southerly side of East 216th Street and part of the distance through a party wall 78.23 feet to the Southerly line of tax lot No 1 Block 4674 in Section 16 on tax map of City of NEw York, for Borough of Bronx, as said map was on November 3, 1953.

THENCE Westerly and part of the distance along Southerly line of said tax lot, a distance of 20 feet to a point on a line drawn at right angles to the Southerly side of East 216th Street and distant 78.24 feet Southerly thereon;

THENCE Northerly again at right angles to the Southerly side of East 216th Street and part of the distance through another party wall 78.24 feet to the Southerly sid eof East 216th Street and ;

THENCE Easterly along the Southerly side of East 216th Street 20 feet to the point or place of BEGINNING.

FOR INFORMATION ONLY:
Premises are known as and or by: 872 East 216th Street, Bronx, NY
Block: 4674        Lot: 91

# SCHEDULE A

## Schedule B - Defendants

TEDDY HALSTEAD                     Record owner and original mortgagor.

JOHN DOE                          Said name being fictitious, it being the
                                  intention of Plaintiff to designate any and all
                                  occupants of premises being foreclosed herein,
                                  and any parties, corporations or entities, if
                                  any, having or claiming an interest or lien upon
                                  the mortgaged premises.

**Schedule C - Defendants**

| | |
|---|---|
| NEW YORK CITY TRANSIT ADJUDICATION BUREAU | Holder of possible judgments against Teddy Halstead, judgments cannot be certified since docket books are missing. |
| NEW YORK CITY PARKING VIOLATIONS BUREAU | Holder of possible judgments against Teddy Halstead, see attached. |
| NEW YORK CITY ENVIRONMENTAL CONTROL BOARD | Holder of possible judgments against Teddy Halstead, see attached. |



Page 1/4

```
Title No: [REDACTED]

COUNTY CLERK SEARCH( 10/1/2010 )

Last Name: ( Halstead )
First Name: ( Ted )
COUNTY: ( BRONX )

Run Date:  To: 10/1/2010
**********************************************************

JUDGMENTS -

Bronx County from ( 08/90 to 09/30/10 )

Search Parameters- Last:Halstead     First:Ted

All Types Of Liens


Book Type -- Judgments Docket          Control No. [REDACTED]
Judgment Type: NY STATE TAX WARRANT    Index #
Court:                                 Effective Date: 11/14/2005
Satisfaction: Full-01/25/2006          Expiration Date: 11/14/2025

                                       Docket Date:11/14/2005
                                       Date Received:11/14/2005
Debtor Info:
HALSTEAD, TEDDY
2907   KINGSBRIDGE TER
BX NY

Creditor Info:
NYS DEPARTMENT OF TAXATION & FINANCE
- - -  DEPT OF TAXATION
ALBANY NY          12201-

Amount: $845.04
----------------------------------------------------------
END RETURNS
**********************************************************

PVB - (Parking Violations Bureau - Ending Date 09/24/10)

Search Parameters- Last:Halstead     First:Ted

HALSTEAD TEDDY A
PO BOX 985
NEW YORK      NY 10035
No. of Judgments - 1       Plate No.-DZT7724

Amt: $95.00      Interest: $1.22
----------------------------------------------------------
END RETURNS
**********************************************************

(Environmental Control Board (Fire and Building) - Ending Date 03/30/10)

Search Parameters- Last:Halstead     First:Ted
```

Friday October 01, 2010                                          1/4



Page 2/4

HALSTEAD TEDDY
762 NEW JERSEY AVENUE
BROOKLYN, NY 11207
ECB Violation No.: 40540466H        Date-10/07

Amt: $300.00
------------------------------------------------------------------
HALSTEAD TEDDY
762 NEW JERSEY AVENUE
BROOKLYN, NY 11207
ECB Violation No.: 40500870N        Date-10/07

Amt: $300.00
------------------------------------------------------------------
END RETURNS
******************************************************************

Uniform Commercial Code from ( 10/01/1988 - 09/30/10 )

Bronx County
Search Parameters- Last:Halstead      First:Ted

END RETURNS
******************************************************************

Federal Tax Liens from ( 01/94 - 09/30/10 )

Manhattan, Bronx, Queens, Kings County
Search Parameters- Last:Halstead      First:Ted

END RETURNS
******************************************************************

2/4                                        Friday October 01, 2010

10

STATE OF NEW YORK
SUPREME COURT: COUNTY OF BRONX
-------------------------------------------------------------------X
GMAC MORTGAGE, LLC
3451 Hammond Avenue
Waterloo, IA 50704-5400

        Plaintiff,

vs.

TEDDY HALSTEAD, et al.

        Defendants.
-------------------------------------------------------------------X

SUMMONS AND COMPLAINT

-------------------------------------------------------------------X

STEVEN J. BAUM, P.C.
Attorneys for Plaintiff
220 Northpointe Parkway Suite G
Amherst, NY 14228
Tel.: 716-204-2400

## Exhibit G

**90-Day Notice Letter to Halstead**

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

05/16/11

TEDDY HALSTEAD

872 EAST 216TH STREET

BRONX        NY 10467

Loan Number:
Property Address:        872 EAST 216TH STREET

                         BRONX        NY10467

Dear    TEDDY HALSTEAD

YOU COULD LOSE YOUR HOME. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY

AS OF 05/16/11, YOUR HOME LOAN IS 622 DAYS IN
DEFAULT. UNDER NEW YORK STATE LAW, WE ARE
REQUIRED TO SEND YOU THIS NOTICE TO INFORM YOU
THAT YOU ARE AT RISK OF LOSING YOUR HOME. YOU
CAN CURE THIS DEFAULT BY MAKING THE PAYMENT OF
65604.26 DOLLARS BY 06/15/2011.

IF YOU ARE EXPERIENCING FINANCIAL DIFFICULTY, YOU
SHOULD KNOW THAT THERE ARE SEVERAL OPTIONS
AVAILABLE TO YOU THAT MAY HELP YOU KEEP YOUR HOME.

05/16/11
Account Number ▁
Page 2

ATTACHED TO THIS NOTICE IS A LIST OF GOVERNMENT
APPROVED HOUSING COUNSELING AGENCIES IN YOUR AREA
WHICH PROVIDE FREE OR VERY LOW-COST COUNSELING. YOU
SHOULD CONSIDER CONTACTING ONE OF THESE AGENCIES
IMMEDIATELY. THESE AGENCIES SPECIALIZE IN HELPING
HOMEOWNERS WHO ARE FACING FINANCIAL DIFFICULTY.
HOUSING COUNSELORS CAN HELP YOU ASSESS YOUR
FINANCIAL CONDITION AND WORK WITH US TO EXPLORE THE
POSSIBILITY OF MODIFYING YOUR LOAN, ESTABLISHING AN
EASIER PAYMENT PLAN FOR YOU, OR EVEN WORKING OUT A
PERIOD OF LOAN FORBEARANCE. IF YOU WISH, YOU MAY
ALSO CONTACT US DIRECTLY AT 800-850-4622 AND ASK TO
DISCUSS POSSIBLE OPTIONS.

WHILE WE CANNOT ASSURE THAT A MUTUALLY AGREEABLE
RESOLUTION IS POSSIBLE, WE ENCOURAGE YOU TO TAKE
IMMEDIATE STEPS TO TRY TO ACHIEVE A RESOLUTION. THE
LONGER YOU WAIT, THE FEWER OPTIONS YOU MAY HAVE.

IF THIS MATTER IS NOT RESOLVED WITHIN 90 DAYS FROM THE
DATE THIS NOTICE WAS MAILED, WE MAY COMMENCE LEGAL
ACTION AGAINST YOU OR SOONER IF YOU CEASE TO LIVE IN
THE DWELLING AS YOUR PRIMARY RESIDENCE. IF YOU NEED
FURTHER INFORMATION, PLEASE CALL THE NEW YORK STATE
BANKING DEPARTMENT'S TOLL-FREE HELPLINE AT 1-877-
BANK-NYS (1-877-226-5697) OR VISIT THE DEPARTMENT'S
WEBSITE AT

HTTP://WWW.BANKING.STATE.NY.US

COLLECTIONS DEPARTMENT
GMAC Mortgage, LLC

5:82

05/16/11
Account Number
Page 3

NOTICE:  THIS IS AN ATTEMPT TO COLLECT ON A DEBT AND
ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE ONLY.

IF YOU HAVE FILED FOR BANKRUPTCY OR IF YOU HAVE BEEN
DISCHARGED OF YOUR PERSONAL LIABILITY FOR
REPAYMENT OF THIS DEBT BY ORDER OF THE BANKRUPTCY
COURT, THIS LETTER IS BEING PROVIDED FOR
INFORMATIONAL PURPOSES ONLY, IT IS NOT AN ATTEMPT TO
COLLECT THE DEBT FROM YOU PERSONALLY AND APPLIES
ONLY TO OUR RIGHTS WITH REGARD TO THE PROPERTY.

**Agencies located in NEW YORK**

Agency Name: AFFORDABLE HOUSING PARTNERSHIP
Phone: 518-434-1730-2
Toll Free: Fax: 518-434-1767
Address: 255 Orange St Albany, New York 12210
Website: ahphome.org

Agency Name: CATHOLIC CHARITIES, UNITED TENANTS OF ALBANY
Phone: 518-436-8997
Fax: 518-436-0320
Address: United Tenants of Albany 33 Clinton Ave, Albany, NY 12207;
        Catholic Charities of the Albany Diocese 40 N. Main Ave., Albany, NY 12203
Website: http://www.unitedtenantsalbany.org

Agency Name: CCCS OF CENTRAL NEW YORK
Phone: 518-482-2227
Toll Free: 800-479-6026
Fax: 518-482-2296
Address: 2 Computer Drive West Albany, New York 12205-1622
Website: http://www.CreditHelpNY.org

Agency Name: NY STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES (OMRDD)
Phone: 518-473-1973
Fax: 518-473-9784
Address: 44 Holland Avenue, Albany, New York 12229-0001
Website: http://www.omr.state.ny.us

Agency Name: TOWN OF EAST HAMPTON-OFFICE OF HOUSING & COMMUNITY DEVELOPMENT
Phone: 631-267-7896
Fax: 631-267-8679
Address: 267 Bluff Road Amagansett, New York 11930
Website: http://www.town.east-hampton.ny.us

Agency Name: ECONOMIC OPPORTUNITY COUNCIL OF SUFFOLK, INC.
Phone: 631-289-2124-112
Toll Free: 800-300-4362
Fax: 631-289-2178
Address: Amityville/Copiague/Farmingdale/ ACE Family Development Center, 48 Cedar Road, Amityville, New York 11701
Website: www.eoc-suffolk.com

Agency Name: ECONOMIC OPPORTUNITY COUNCIL OF SUFFOLK, INC.
Phone: 631-289-2124-112
Toll Free: 800-300-4362
Fax: 631-289-2178
Address: COBRA Office 357 Broadway, Suite 4 Amityville, New York 11701
Website: www.eoc-suffolk.com

Agency Name: CORNELL COOPERATIVE EXTENSION
Phone: 518-885-8995-219
Toll Free: 800-443-0107
Fax: 518-885-9078
Address: 50 W High St Ballston Spa, New York 12020-1979
Website: http://www.ccesaratoga.org

Agency Name: ECONOMIC OPPORTUNITY COUNCIL OF SUFFOLK, INC.
Phone: 631-289-2124-112
Toll Free: 800-300-4362
Fax: 631-289-2178
Address: E.O.C. of Suffolk Counseling Center 25 Fourth Avenue Bay Shore, New York 11706
Website: www.eoc-suffolk.com

Agency Name: NEW YORK CITY COMMISSION ON HUMAN RIGHTS
Phone: 718-579-6900
Fax: 718-579-6995
Address: 1932 Arthur Avenue, Suite 203A Bronx, New York 10457
Website: http://www.nyc.gov/cchr

Agency Name: AFFORDABLE HOUSING CENTERS OFAMERICA, NEW YORK CITY
Phone: 718-246-8080
Fax: 718-246-7939
Address: 2-4 Nevins Street, 2nd Floor Brooklyn, New York 11217-0000
Website: http://www.ahcoa.org

Agency Name: BROOKLYN COOPERATIVE FEDERAL CREDIT UNION
Phone: 718-418-8232-202
Fax: 718-418-8252
Address: 1474 Myrtle Ave Brooklyn, New York 11237
Website: http://www.brooklyn.coop

Agency Name: BROOKLYN HOUSING AND FAMILY SERVICES
Phone: 718-435-7585
Address: 415 Albermarle Road Brooklyn, New York 11218-2351
Website: n/a

Agency Name: BROOKLYN NEIGHBORHOOD IMPROVEMENT ASSOCIATION
Phone: 718-773-4116-11
Fax: 347-663-9103
Address: 1482 Saint Johns Pl Ste 1F Brooklyn, New York 11213-3929
Website: n/a

Agency Name: CAMBA - CHURCH AVENUE MERCHANTS BLOCK ASSOCIATION, INC.
Phone: 718-282-2500
Address: 884 Flatbush Avenue Brooklyn, New York 11226
Website: n/a

Agency Name: CONSUMER CREDIT COUNSELING SERVICES, A DIVISION OF MMI
Phone: 866-889-9347
Toll Free: 866-346-2227
Address: 26 Court Street, Suite 1801 Brooklyn, New York 11242
Website: http://www.moneymanagement.org

Agency Name: CYPRESS HILLS LOCAL DEVELOPMENT CORPORATION
Phone: 718-647-8100
Address: 625 Jamaica Avenue, 3214 Fulton Street, Brooklyn, New York 11208-1203
Website: http://www.cypresshills.org

Agency Name: CYPRESS HILLS LOCAL DEVELOPMENT CORPORATION
Phone: 718-647-8100
Fax: 718-647-2104
Address: 3214 Fulton Street Brooklyn, New York 11208-1908
Website: http://www.cypresshills.org

Agency Name: GREENPATH
Phone: 888-860-4167
Toll Free: 888-860-4167
Address: 175 Remsen Street, Ste. 1102 Brooklyn, New York 11201
Website: www.greenpath.com

Agency Name: NEIGHBORHOOD HOUSING SERVICES OF BEDFORD-STUYVESANT
Phone: 718-919-2100
Fax: 718-919-2725
Address: 1012 Gates Avenue Brooklyn, New York 11221
Website: www.nhsnyc.org

Agency Name: ST. LAWRENCE COUNTY HOUSING COUNCIL,INC
Phone: 315-386-8576-223
Fax: 315-386-1564
Address: 19 Main Street Canton, New York 13617
Website: http://www.slchc.org

Agency Name: PUTNAM COUNTY HOUSING CORPORATION
Phone: 845-225-8493-212
Fax: 845-225-8532
Address: 11 Seminary Hill Road Carmel, New York 10512
Website: http://www.Putnamhousing.com

Agency Name: COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND
Phone: 631-471-1215-144
Fax: 631-471-3087
Address: 2100 Middle Country Road Suite 300 Centereach, New York 11720
Website: http://www.cdcli.org

Agency Name: ALBANY COUNTY RURAL HOUSING ALLIANCE, INC.
Phone: 518-235-3920
Fax: 518-235-3920
Address: PO Box 83 10 Cayuga Plaza Cohoes, New York 12047
Website: http://www.acrha.org

Agency Name: CORTLAND HOUSING ASSISTANCE COUNCIL, INCORPOR
Phone: 607-753-8271-15
Fax: 607-756-6267
Address: 36 Taylor Street Cortland, New York 13045
Website: http://www.cortlandhousing.org

Agency Name: CHAUTAUQUA OPPORTUNITIES, INCORPORATED
Phone: 716-363-6364-270
Fax: 716-363-6368
Address: 17 W Courtney St Dunkirk, New York 14048-2754
Website: http://www.chautauquaopportunities.com

Agency Name: AMERICAN DEBT RESOURCES
Phone: 631-912-9542-110
Toll Free: 800-498-0766
Fax: 631-912-9030
Address: 248C Larkfield Road East Northport, New York 11731
Website: http://www.americandebtresources.com

Agency Name: HOUSING ASSISTANCE PROGRAM OF ESSEX COUNTY
Phone: 518-873-6888
Fax: 518-873-9102
Address: 103 Hand Avenue, PO Box 157, Elizabethtown, New York 12932-0157
Website: http://www.hapec.org

Agency Name: CATHOLIC CHARITIES, ELMIRA, NY
Phone: 607-734-9784-2132
Fax: 607-734-6588
Address: 215 East Church Street Elmira, New York 14901-2743
Website: www.cs-cc.org

Agency Name: MARGERT COMMUNITY CORPORATION
Phone: 718-471-3724
Fax: 718-471-5342
Address: 325 Beach 37th Street Far Rockaway, New York 11691-1510
Website: http://www.margert.org

Agency Name: GREENPATH, INC.
Phone: 888-860-4167
Toll Free: 888-860-4167
Address: 700 Veterans Memorial Hwy., Suite 305, Hauppauge, New York 11788
Website: www.greenpath.com

Agency Name: LONG ISLAND HOUSING PARTNERSHIP, INC.
Phone: 631-435-4710-2
Fax: 631-435-4751
Email: dweir@lihp.org
Address: 180 Oser Ave, Suite 800, Hauppauge, New York 11788-3709
Website: http://www.lihp.org

Agency Name: SAFEGUARD CREDIT COUNSELING, INC.
Phone: 631-930-9158
Fax: 866-383-7181
Address: 112 Parkway Drive South Hauppauge, New York 11788
Website: www.safeguardcredit.org

Agency Name: HOUSING OPPORTUNITIES FOR GROWTH, ADVANCEMENT AND REVITALIZATION, INC
Phone: 845-429-1100
Fax: 845-429-0193
Address: 17 West Broad Street, PO Box 577, Haverstraw, New York 10927
Website: http://www.hogarinc.com

Agency Name: COUNTY OF NASSAU ECONOMIC DEVELOPMENT - OFFICE OF HOUSING &
INTERGOVERNMENTAL AFFAIRS
Phone: 516-572-1903
Fax: 516-572-
Address: 40 Main Street, Suite B Hempstead, New York 11550
Website: http://www.nassaucountyny.gov

Agency Name: FAMILY AND CHILDREN'S ASSOCIATION
Phone: 516-292-1300-2282
Fax: 516-538-
Address: 336 Fulton Avenue Hempstead, New York 11550
Website: www.familyandchildrens.org

Agency Name: LONG ISLAND HOUSING PARTNERSHIP, INC.
Phone: 631-435-4710-2
Fax: 631-435-4751
Address: C/O Nassau County OHIA 40 Main Street First Floor-Suite B Hempstead, New York 11550
Website: http://www.lihp.org

Agency Name: HOUSING RESOURCES OF COLUMBIA COUNTY, INC.
Phone: 518-822-0707-16
Fax: 518-822-0367
Address: 252 Columbia Street Hudson, New York 12534-2509
Website: http://www.housingresources.org

Agency Name: ALTERNATIVES FEDERAL CREDIT UNION
Phone: 607-216-3416
Fax: 607-277-6391
Address: 125 North Fulton St. Ithaca, New York 14850
Website: http://www.alternatives.org

Agency Name: BETTER HOUSING FOR TOMPKINS COUNTY, INC
Phone: 607-273-2187
Fax: 607-273-1630
Address: 950 Danby Road, Ste. 102 Ithaca, New York 14850
Website: http://www.betterhousingtc.org

Agency Name: FRANKLIN COUNTY COMMUNITY HOUSING COUNCIL
Phone: 518-483-5934
Fax: 518-483-0984
Address: 337 West Main Street Malone, New York 12953
Website: n/a

Agency Name: HUMAN DEVELOPMENT SERVICES OF WESTCHESTER, INC.
Phone: 914-939-2005
Fax: 914-939-3531
Address: 930 Mamaroneck Avenue Mamaroneck, New York 10543
Website: http://www.HDSW.org

Agency Name: CHAUTAUQUA HOME REHABILITATION AND IMPROVEMENT CORP. (CHRIC)
Phone: 716-753-4650
Fax: 716-753-4508
Address: 2 Academy Street Mayville, New York 14757
Website: http://www.chric.org

Agency Name: RURAL SULLIVAN HOUSING CORPORATION
Phone: 845-794-0348
Fax: 845-794-3042
Address: 33 Lakewood AVe Monticello, New York 12701-1128
Website: n/a

Agency Name: COMMUNITY ACTION PROGRAM FOR MADISON COUNTY
Phone: 315-684-3144-20
Toll Free: 800-721-2271
Fax: 315-684-9650
Address: 3 East Main Street, P.O. Box 249 13408, Morrisville, New York 13408-0000
Website: http://www.capmadco.org

Agency Name: WESTCHESTER RESIDENTIAL OPPORTUNITIES, INCORPORATED
Phone: 914-668-4424
Fax: 914-668-9515
Address: 144 North 5th Avenue MT Vernon, New York 10550
Website: www.wroinc.org

Agency Name: ROCKLAND HOUSING ACTION COALITION
Phone: 845-352-3819
Fax: 845-352-2126
Address: 95 New Clarkstown Road Nanuet, New York 10954
Website: n/a

Agency Name: ABYSSINIAN DEVELOPMENT CORPORATION
Phone: 646-442-6545
Fax: 646-442-6598
Address: 4 W. 125 Street New York, New York 10027
Website: http://www.adcorp.org

Agency Name: ASIAN AMERICANS FOR EQUALITY
Phone: 212-964-2288
Fax: 212-964-6003
Address: 111 Division St New York, New York 10002-0000
Website: http://www.aafecdf.org

Agency Name: ASIAN AMERICANS FOR EQUALITY
Phone: 212-979-8381-107
Fax: 212-979-8386
Address: 108-110 Norfolk Street New York, New York 10002
Website: http://www.aafe.org

Agency Name: NORTHERN MANHATTAN IMPROVEMENT CORPORATION
Phone: 212-822-8300
Fax: 212-928-4180
Address: 76 Wadsworth Avenue New York, New York 10033
Website: http://www.nmic.org

Agency Name: OPERATION HOPE, INC
Phone: 917-477-2800
Address: 2511 Frederick Douglass Blvd New York, New York 10030
Website: http://www.operationhope.org

Agency Name: STRYCKER'S BAY NEIGHBORHOOD COUNCIL, INCORPORATED
Phone: 212-874-7272
Fax: 917-591-4995
Address: 61 West 87th Street, Lower Level New York, New York 10024
Website: www.stryckersbay.org

Agency Name: UNITED JEWISH COUNCIL OF THE EAST SIDE, INC.
Phone: 212-233-6037
Fax: 212-385-2693
Address: 235 East Broadway
New York, New York 10002
Website: n/a

Agency Name: UNIVERSITY SETTLEMENT
Phone: 212-505-1995
Address: 184 Eldridge Street New York, New York 10002
Website: http://www.universitysettlement.org/

Agency Name: WEST HARLEM GROUP ASSISTANCE, INCORPORATED
Phone: 212-862-1399-26
Fax: 212-862-3281
Address: 500 West 134th Street New York, New York 10031
Website: www.whgainc.org

Agency Name: WEST HARLEM GROUP ASSISTANCE, INCORPORATED
Phone: 212-862-1399-
Fax: 212-862-3281
Address: 1652 Amsterdam Avenue New York City, New York 10031
Website: www.whgainc.org

Agency Name: NIAGARA FALLS NEIGHBORHOOD HOUSING SERVICES
Phone: 716-285-7778
Address: 479 16th Street Niagara Falls, New York 14303
Website: n/a

Agency Name: OPPORTUNITIES FOR CHENANGO, INC.
Phone: 607-336-2101-111
Toll Free: 866-456-3051
Fax: 607-336-3089
Address: 44 W Main St Norwich, New York 13815
Website: http://www.ofcinc.org

Agency Name: OSWEGO HOUSING DEVELOPMENT COUNCIL, INC.
Phone: 315-625-4520
Toll Free: 866-706-2679
Fax: 315-625-7347
Address: 2971 County Rte 26 Parish, New York 13131
Website: n/a

Agency Name: COMMUNITY HOUSING INNOVATIONS, INC.
Phone: 631-475-6390
Address: 55 Medford Ave., Ste. B Patchogue, New York 11772
Website: n/a

Agency Name: MARKETVIEW HEIGHTS ASSOCIATION, INC.
Phone: 585-423-1540
Fax: 585-423-1934
Address: 308 North Street, Rochester, New York 14605
Website: http://www.marketviewheights.org

Agency Name: NEIGHBORWORKS ROCHESTER
Phone: 585-325-4170-333
Fax: 585-325-2587
Address: 570 South Ave, Rochester, New York 14620-1345
Website: http://www.nwrochester.org

Agency Name: PATHSTONE (FORMERLY RURAL OPPORTUNITIES, INC.)
Phone: 585-546-7180
Fax: 585-340-3326
Address: 400 East Ave, Rochester, New York 14607-1910
Website: www.pathstone.org

Agency Name: PROVIDENCE HOUSING DEVELOPMENT CORPORATION
Phone: 585-328-3228-1319
Fax: 585-529-9525
Address: 1136 Buffalo Road, Rochester, New York 14624
Website: http://Providencehousing.org

Agency Name: URBAN LEAGUE OF ROCHESTER
Phone: 585-325-6530-3020
Fax: 585-325-4864
Address: 265 North Clinton Avenue, Rochester, New York 14605
Website: http://www.ulr.org

Agency Name: BETTER NEIGHBORHOODS, INCORPORATED
Phone: 518-372-6469
Fax: 518-372-6460
Address: 986 Albany St, Schenectady, New York 12307
Website: http://www.better-neighborhoods.org

Agency Name: WESTERN CATSKILLS COMMUNITY REVITALIZATION COUNCIL, INC
Phone: 607-652-2823
Fax: 607-652-2825
Address: 76 Main Street, Stamford, New York 12167
Website: http://www.westerncatskills.org

Agency Name: NEIGHBORHOOD HOUSING SERVICES OF STATEN ISLAND
Phone: 718-442-8080
Fax: 718-442-8245
Address: 1205 Castleton Avenue, Staten Island, New York 10310
Website: www.nhsofstatenisland.org and www.nhsnyc.org

Agency Name: NORTHFIELD COMMUNITY LOCAL DEVELOPMENT CORPORATION
Phone: 718-442-7351-236
Fax: 718-981-3441
Address: 160 Heberton Ave. Staten Island, New York 10302
Website: http://www.northfieldldc.org

Agency Name: NYC COMM. ON HUMAN RIGHTS - STATEN ISLAND COMMUNITY SERVICE CENTER
Phone: 718-390-8506
Fax: 718-390-8516
Address: 60 Bay Street, 7th Floor, Staten Island, New York 10301
Website: http://nyc.gov

Agency Name: NEIGHBORS OF WATERTOWN, INC.
Phone: 315-782-8497
Fax: 315-782-0102
Address: 112 Franklin Street, Watertown, New York 13601
Website: http://www.neighborsofwatertown.com

Agency Name: CCCS OF BUFFALO, INC.
Phone: 800-926-9685
Toll Free: 800-926-9685
Fax: 716-712-2079
Address: 40 Gardenville Parkway, Suite 300, West Seneca, New York 14224
Website: http://www.cccsbuffalo.org

Agency Name: COMMUNITY HOUSING INNOVATIONS, INC
Phone: 914-683-1010
Fax: 914-683-6158
Address: 190 East Post Road, Suite 401, White Plains, New York 10601
Website: www.chigrants.org

Agency Name: WESTCHESTER RESIDENTIAL OPPORTUNITIES, INCORPORATED
Phone: 914-428-4507
Toll Free: 877-976-4968
Fax: 914-428-9455
Address: 470 Mamaroneck Ave, Suite 410, White Plains, New York 10605-1830
Website: http://www.wroinc.org

Agency Name: NEIGHBORHOOD HOUSING SERVICES OF NORTHERN QUEENS
Phone: 718-457-1017
Fax: 718-457-1247
Address: 60-20 Woodside Avenue, Woodside, New York 11377
Website: www.nhsnorthernqueens.org and www.nhsnyc.org

Agency Name: WYANDANCH COMMUNITY DEVELOPMENT CORPORATION
Phone: 631-253-0139
Fax: 631-643-9128
Address: 59 Cumberbach Street, Wyandanch, New York 11798-3326
Website: http://www.wyandanchcdc.org

Agency Name: WESTCHESTER RESIDENTIAL OPPORTUNITIES INCORPORATED
Phone: 914-207-1753-1754
Toll Free: 877-976-4968
Fax: 914-207-1755
Address: 164 Ashburton Avenue, 3rd Floor, Yonkers, New York 10701
Website: www.wroinc.org

## Exhibit H

**Pre-Foreclosure Notice Letter to NYS Banking Department**



**New York State Banking Department**
One State Street Plaza, New York, NY 10004

Proof of Filing Statement

To Whom It May Concern:

Section 1306 of the Real Property Actions and Proceedings Law (RPAPL) requires lenders, assignees or mortgage loan servicers servicing loans on 1-to-4 family residential properties in New York State to file certain information with the Superintendent of Banks within three days after the mailing of a 90-Day Pre-Foreclosure Notice.

The information below pertains to a filing submitted to the Banking Department as required in Section 1306 of RPAPL. The information is presented as filed by the lender, assignee or mortgage loan servicer.

**Filer Information:**

| | |
|---|---|
| Name | : GMAC Mortgages, LLC |
| Address | : One Meridian Crossings, Suite 100, Richfield  MN  55423 |

**Filing Information:**

| | |
|---|---|
| Tracking Number | : NYS2345270 |
| Mailing Date Step 1 | : 16-MAY-11 12.00.00.000 AM |
| Mailing Date Step 2 | : |
| Judgment Date Step 3 | : |
| Filing Date Step 1 | : 17-MAY-11 03.18.20.000 PM |
| Filing Date Step 2 | : |
| Filing Date Step 3 | : |
| Owner Occupd at Jdgmnt | : |
| Property Type | : 1 to 4 Family Home |
| Property Address | : 872 EAST 216TH STREET 872 EAST 216TH STREET BRONX NY 10467 |
| County | : Bronx |
| Date of Original Loan | : 27-MAR-09 12.00.00.000 AM |
| Amt of Original Loan | : 399480 |
| Loan Number Step 1 | : ███████ |
| Loan Number Step 2 | : |
| Loan Reset Frequency | : Annual |
| Loan Type | : 1st Lien |
| Loan Details | : Fixed Rate |
| Loan Term | : 30 Year |
| Loan Modification | : No Modification |
| Days Delinquent | : Other |
| Borrower's Name | : TEDDY  HALSTEAD |
| Address | : PO BOX 985 NEW YORK NY 10035  0806 |
| Borrower's Phone No | : ███████ |
| Filing Status | : Step 1 Completed-Online |

Sincerely,

New York State Banking Department

## Exhibit I


**Foreclosure Complaint**

# Notice to Tenants of Buildings in Foreclosure

New York State Law requires that we provide you this notice about the foreclosure process. Please read it carefully.

WE, GMAC MORTGAGE, LLC, ARE THE FORECLOSING PARTY AND ARE LOCATED AT 1100 VIRGINIA DRIVE, FORT WASHINGTON, PA 19034. WE CAN BE REACHED AT 800-850-4622.

The dwelling where your apartment is located is the subject of a foreclosure proceeding. If you have a lease, are not the owner of the residence, and the lease requires payment of rent that at the time it was entered into was not substantially less than the fair market rent for the property, you may be entitled to remain in occupancy for the remainder of your lease term. If you do not have a lease, you will be entitled to remain in your home until ninety days after any person or entity who acquires title to the property provides you with a notice as required by section 1305 of the Real Property Actions and Proceedings Law. The notice shall provide information regarding the name and address of the new owner and your rights to remain in your home. These rights are in addition to any others you may have if you are a subsidized tenant under federal, state or local law or if you are a tenant subject to rent control, rent stabilization or a federal statutory scheme.

<u>ALL RENT STABILIZED TENANTS AND RENT-CONTROLLED TENANTS ARE PROTECTED UNDER THE RENT REGULATIONS WITH RESPECT TO EVICTION AND LEASE RENEWALS. THESE RIGHTS ARE UNAFFECTED BY A BUILDING ENTERING FORECLOSURE STATUS. THE TENANTS IN RENT-STABILIZED AND RENT-CONTROLLED BUILDINGS CONTINUE TO BE AFFORDED THE SAME LEVEL OF PROTECTION EVEN THOUGH THE BUILDING IS THE SUBJECT OF FORECLOSURE. EVICTIONS CAN ONLY OCCUR IN NEW YORK STATE PURSUANT TO A COURT ORDER AND AFTER A FULL HEARING IN COURT.</u>

If you need further information, please call the New York State Banking Department`s toll-free helpline at 1-877-BANK-NYS (1-877-226-5697) or visit the Department`s website at http://www.banking.state.ny.us.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------------x

GMAC MORTGAGE, LLC

                        Plaintiff,

           -against-

TEDDY    HALSTEAD;    NEW    YORK    CITY
ENVIRONMENTAL CONTROL BOARD; NEW YORK
CITY PARKING VIOLATIONS BUREAU; NEW YORK
CITY TRANSIT ADJUDICATION BUREAU; NEW YORK
STATE DEPARTMENT OF TAXATION AND FINANCE;
"JOHN DOES" and "JANE DOES", said names being
fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities or
persons who claim, or may claim, a lien against the
premises,

                      Defendant(s),

-------------------------------------------------------------------------x

Index No.  380678/12

D/O/F:  6/21/2012

**NOTICE OF PENDENCY**

Premises Address:
872 EAST 216TH STREET
BRONX, NY 10467

     NOTICE IS HEREBY GIVEN, that an action has been commenced and is pending in this Court upon a complaint of the above named plaintiff against the above named defendants for the foreclosure of a certain mortgage given by:

     TEDDY HALSTEAD to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC AS NOMINEE FOR FAIRMONT FUNDING, LTD., ITS SUCCESSORS AND ASSIGNS bearing date March 27, 2009 and recorded in CRFN.         in the County of Bronx on April 20, 2009.

     Thereafter said mortgage was assigned to GMAC MORTGAGE, LLC by assignment of mortgage dated November 6, 2010 and recorded on December 1, 2010 in CRFN.

     That the mortgaged premises affected by said foreclosure action are situate in the County of Bronx, State of New York, and more specifically described in "Schedule A" annexed hereto and made a part hereof.

     Said premises are commonly known as 872 EAST 216TH STREET, BRONX, NY 10467 and bearing tax map designation: Section: 16 Block: 4674 Lot(s): 91

     The Clerk of the County of Bronx is directed to index this notice to the names of the defendants and the property identified above.

Dated: June 19, 2012

 

 

Catherine Guy, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Southerly side of East 216th Street, distant 22.23 feet Westerly from the corner formed by the intersection of the Southerly side of East 216th Street and the Westerly side of Bronxwood avenue.

RUNNING THENCE Southerly at right angles to the Southerly side of East 216th Street and part of the distance through a party wall 78.23 feet to the Southerly line of tax lot No 1 Block 4674 in Section 16 on tax map of City of NEw York, for Borough of Bronx, as said map was on November 3, 1953.

THENCE Westerly and part of the distance along Southerly line of said tax lot, a distance of 20 feet to a point on a line drawn at right angles to the Southerly side of East 216th Street and distant 78.24 feet Southerly thereon;

THENCE Northerly again at right angles to the Southerly side of East 216th Street and part of the distance through another party wall 78.24 feet to the Southerly sid eof East 216th Street and ;

THENCE Easterly along the Southerly side of East 216th Street 20 feet to the point or place of BEGINNING.

Index No.:  380678/12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Bronx
-------------------------------------------------------------------------
GMAC MORTGAGE, LLC,

                              Plaintiff,


             -against-



TEDDY HALSTEAD, et al.,

                              Defendants.
-------------------------------------------------------------------------

---

### NOTICE OF PENDENCY OF ACTION

---


**ROSICKI, ROSICKI & ASSOCIATES, P.C.**
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585
516-622-9434
RR&A: 11-019534

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------------x

GMAC MORTGAGE, LLC

Plaintiff,

-against-

TEDDY HALSTEAD; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW YORK
CITY PARKING VIOLATIONS BUREAU; NEW YORK
CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; "JOHN DOES" and "JANE DOES", said names
being fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities or
persons who claim, or may claim, a lien against the
premises,

Defendant(s),

------------------------------------------------------------------------x

Index No.  380678/12

D/O/F:  6/21/2012

**SUMMONS**

Premises Address:
872 EAST 216TH STREET
BRONX, NY 10467

TO THE ABOVE NAMED DEFENDANTS:

YOU ARE HEREBY SUMMONED to answer the Complaint in this action, and to serve a copy of your Answer, or, if the Complaint is not served with this Summons, to serve a Notice of Appearance on the Plaintiff's Attorneys within twenty (20) days after the service of this Summons, exclusive of the day of service, where service is made by delivery upon you personally within the State, or within thirty (30) days after completion of service where service is made in any other manner, and in case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the complaint.

**NOTICE**
**YOU ARE IN DANGER OF LOSING YOUR HOME**
**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home. Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**
**Sending a payment to your mortgage company will not stop this foreclosure action.**
**YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.**

The following notice is intended only for those defendants who are owners of the premises sought to be foreclosed or who are liable upon the debt for which the mortgage stands as security.

**YOU ARE HEREBY PUT ON NOTICE THAT WE ARE ATTEMPTING TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**

The amount of the Debt: $478,685.77 consisting of principal balance of $397,712.35 plus interest of $63,252.86, escrow/impound shortages or credits of $16,893.00, late charges of $1,307.41; Broker's Price Opinion, inspection and miscellaneous charges of $293.38, less unapplied funds

($2,235.92); attorney fee $925.00 and title search $537.69. Because of interest and other charges that may vary from day to day, the amount due on the day you pay may be greater. Hence, if you pay the amount shown above, an adjustment may be necessary after we receive the check, in which event we will inform you.

The name of the creditor to whom the debt is owed: GMAC Mortgage, LLC.

Unless you dispute the validity of the debt, or any portion thereof, within thirty (30) days after receipt hereof, the debt will be assumed to be valid by the herein debt collector.

If you notify the herein debt collector in writing within thirty (30) days after your receipt hereof that the debt, or any portion thereof, is disputed, we will obtain verification of the debt or a copy of any judgment against you representing the debt and a copy of such verification or judgment will be mailed to you by the herein debt collector.

Upon your written request within 30 days after receipt of this notice, the herein debt collector will provide you with the name and address of the original creditor if different from the current creditor.

Note: Your time to respond to the summons and complaint differs from your time to dispute the validity of the debt or to request the name and address of the original creditor. Although you have as few as 20 days to respond to the summons and complaint, depending on the manner of service, you still have 30 days from receipt of this summons to dispute the validity of the debt and to request the name and address of the original creditor.

TO THE DEFENDANTS, except TEDDY HALSTEAD: The Plaintiff makes no personal claim against you in this action.

TO THE DEFENDANTS: TEDDY HALSTEAD: If you have obtained an order of discharge from the Bankruptcy court, which includes this debt, and you have not reaffirmed your liability for this debt, this law firm is not alleging that you have any personal liability for this debt and does not seek a money judgment against you. Even if a discharge has been obtained, this lawsuit to foreclose the mortgage will continue and we will seek a judgment authorizing the sale of the mortgaged premises.

Dated: June 19, 2012

Catherine Guy, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX

------------------------------------------------------------------------x

GMAC MORTGAGE, LLC

                                     Plaintiff,

                -against-

TEDDY HALSTEAD; NEW YORK CITY
ENVIRONMENTAL CONTROL BOARD; NEW YORK
CITY PARKING VIOLATIONS BUREAU; NEW YORK
CITY TRANSIT ADJUDICATION BUREAU; NEW
YORK STATE DEPARTMENT OF TAXATION AND
FINANCE; "JOHN DOES" AND "JANE DOES", said names
being fictitious, parties intended being possible tenants or
occupants of premises, and corporations, other entities or
persons who claim, or may claim, a lien against the
premises,

                              Defendant(s),

------------------------------------------------------------------------x

Index No.   380678/12

D/O/F:   6/21/2012

**COMPLAINT**

Premises Address:
872 EAST 216TH STREET
BRONX, NY 10467

Plaintiff, by its attorney, ROSICKI, ROSICKI & ASSOCIATES, P.C., complaining of the Defendant(s)
alleges, upon information and belief as follows:

      1.     At all times hereinafter mentioned, plaintiff GMAC Mortgage, LLC was and still is duly
organized and existing under the laws of the Delaware.

      2.     At all times hereinafter mentioned, the defendants were, and still are, residents,
corporations and/or bodies politics, duly authorized to reside and/or exist in and under the laws of New
York State.

      3.     On or about March 27, 2009, TEDDY HALSTEAD executed and delivered to
FAIRMONT FUNDING, LTD., a note bearing date that day, whereby TEDDY HALSTEAD
covenanted and agreed to pay the sum of $399,480.00, with interest on the unpaid balance thereof, at
the rate of 5.50000 percent per annum, to be computed from the date of said note, by payments of
$2,268.20 on May 1, 2009 and thereafter in payments of $2,268.20 on the like date of each subsequent
month, until said note is fully paid, except that the final payment of principal and interest remaining
due, if not sooner paid, shall become due and payable on April 1, 2039.

      4.     Plaintiff
(a)     is holder of the subject note and mortgage, or has been delegated the authority to institute a
mortgage foreclosure action by the owner and holder of the subject mortgage and note; and
(b)     has complied with all the provisions of section five hundred ninety-five-a of the Banking Law
and any rules and regulations promulgated there under, section six-L or six-M of the Banking Law, and
(c)     is in compliance with sending the ninety (90) day notices as required by RPAPL §1304.
(d)     is in compliance with RPAPL §1306. The tracking number provided by the New York State
Banking Department for the reporting is NYS2345270.

      5.     As collateral security for the payment of said indebtedness, the aforesaid defendant
TEDDY HALSTEAD, also executed, acknowledged and delivered to MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC AS NOMINEE FOR FAIRMONT FUNDING, LTD., ITS
SUCCESSORS AND ASSIGNS, a mortgage dated March 27, 2009 and recorded in the County of

Bronx on April 20, 2009 in CRFN. ████████. The mortgage tax was duly paid. Thereafter said mortgage was assigned to GMAC MORTGAGE, LLC by assignment of mortgage dated November 6, 2010 and recorded on December 1, 2010 in CRFN ████████.

Said mortgaged premises being known as and by street address:
872 EAST 216TH STREET, BRONX, NY 10467 bearing tax map designation:

Section:  16  Block:  4674  Lot(s): 91

which premises are more fully described in Schedule "A," annexed hereto and made a part hereof.

6.    Said premises are subject to covenants, restrictions, easements of record, prior mortgages and liens, and amendments thereto, if any; to any state of facts an accurate survey may show; railroad consents and sewer agreements, and to utility agreements, municipal and governmental zoning, rules, regulations and ordinances, if any.

7.    That the Mortgagors, their successors, assigns and/or transferees, have failed to comply with the terms and conditions of said above named instrument[s] by failing or omitting to pay the installment which became due and payable as of September 1, 2009 and also by failing or omitting to pay the installment which became due and payable each and every month thereafter, to the date hereof, although duly demanded.

8.    The total monthly payment due as of default date to plaintiff is $2,793.47.

9.    That the terms of the above described instruments provide: (1) that the whole of said principal sum and interest shall become due at the option of the Mortgagee after default in the payment of any installment of principal or of interest; (2) that upon any default the Mortgagor will pay to the Mortgagee any sums paid for taxes, charges, assessments, and insurance premiums upon said mortgaged premises; (3) that in case of sale under foreclosure, the premises may be sold in one parcel.

10.    Pursuant to the terms of said instrument[s] notice of default has been duly given to the defendants TEDDY HALSTEAD if required, and the period to cure, if any, has elapsed and by reason thereof, Plaintiff has elected and hereby elects to declare immediately due and payable the entire unpaid balance of principal.

11.    That the balance of principal due upon said note and mortgage as of the date of said default and as of the time of this Complaint is $397,712.35 plus interest from August 1st, 2009.

12.    That in order to protect its security, plaintiff may be compelled during the pendency of this action to make repairs to, board, secure, protect and maintain the premises, to pay taxes, assessments, water rates, sewer rentals, insurance premiums, mortgage insurance premiums, if there be any, and other charges affecting the premises, and the plaintiff requests that any sum so paid be added, including legal fees to the sum otherwise due, with interest as provided in the aforesaid instruments, and be deemed secured by said instrument[s] and adjudged a valid lien on the premises hereinabove described.

13.    That the plaintiff requests that in the event this action proceeds to Judgment of Foreclosure and Sale, said premises be sold subject to covenants, restrictions and easements, prior mortgages and liens, and amendments, if any, of record; any state of facts an accurate survey may show; restrictions, regulations, ordinances and zoning ordinances of any municipal or governmental authority having jurisdiction thereof; and municipal, departmental and other governmental violations,

if any, affecting the premises; and real estate taxes, sewer rents, water charges, if any, open of record.

14.    That no other action has been commenced at law or otherwise for the recovery of the sum or any part thereof secured by the said instrument[s].

15.    That the defendants all have or claim to have some interest in or lien[s] upon the said mortgaged premises, or some part thereof, which interest or lien[s], if any, has [have] accrued subsequently to the lien[s] of the said mortgage[s] or was in express terms or by law made subject thereto, or has [have] been duly subordinated thereunto.

16.    That the defendants "JOHN DOES" and "JANE DOES" may be tenants or may be in possession of the aforementioned premises, or may be corporations, other entities or persons who claim, or may claim, a lien against the premises.

17.    That the basis for naming any political subdivision, governmental agency or similar body, or the holder of a security interest in either personal property or real property, if any, is set forth as Exhibit "B."

18.    That New York State Department of Taxation and Finance is named herein as a necessary party defendant because they hold a lien which predates that of the plaintiff. Plaintiff's lien is superior to that of said defendant as it holds a purchase money mortgage.

WHEREFORE, plaintiff demands judgment that the defendants and all persons claiming under them subsequent to the filing of the Notice of Pendency of this action in the County of Bronx may be forever barred and foreclosed from all right, title, claim, lien and equity of redemption in said mortgaged premises, and each and every part thereof; except the right of the United States of America and its political subdivision, if it or they be a party to this action, to redeem as provided for in the applicable laws; that the said premises may be decreed to be sold according to law; that the amount of principal due the plaintiff on said note and mortgage may be adjudged in the sum of $397,712.35 plus interest from August 1st, 2009, and that from the money arising from the sale, plaintiff be paid the amount of $397,712.35 principal due it on said note and mortgage with interest and late charges that may be due and owing to the time of such payment plus the expenses of sale and the costs and expenses of this action, together with any sum which may be paid by the plaintiff for repairs to, boarding, securing, protecting and maintaining the premises, taxes, charges, assessments and insurance premiums upon said mortgaged premises, with appropriate interest thereon so far as such moneys properly applicable thereto will pay the same; that the defendants TEDDY HALSTEAD be adjudged to pay any deficiency which may remain; that a Receiver, upon plaintiff's application therefore, be forthwith appointed for said mortgaged premises for the benefit of the plaintiff, with all powers of receivers in such actions, and that the plaintiff have such other and further relief as may be just and proper in the premises, together with attorney`s fees, costs and disbursements of this action.

Dated: June 19, 2012

Catherine Guy, Esq.
ROSICKI, ROSICKI & ASSOCIATES, P.C.
Attorneys for Plaintiff
Main Office 51 E Bethpage Road
Plainview, NY 11803
516-741-2585

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Borough and County of Bronx, City and State of New York, bounded and described as follows:

BEGINNING at a point on the Southerly side of East 216th Street, distant 22.23 feet Westerly from the corner formed by the intersection of the Southerly side of East 216th Street and the Westerly side of Bronxwood avenue.

RUNNING THENCE Southerly at right angles to the Southerly side of East 216th Street and part of the distance through a party wall 78.23 feet to the Southerly line of tax lot No 1 Block 4674 in Section 16 on tax map of City of NEw York, for Borough of Bronx, as said map was on November 3, 1953.

THENCE Westerly and part of the distance along Southerly line of said tax lot, a distance of 20 feet to a point on a line drawn at right angles to the Southerly side of East 216th Street and distant 78.24 feet Southerly thereon;

THENCE Northerly again at right angles to the Southerly side of East 216th Street and part of the distance through another party wall 78.24 feet to the Southerly sid eof East 216th Street and ;

THENCE Easterly along the Southerly side of East 216th Street 20 feet to the point or place of BEGINNING.

## SCHEDULE B

-NEW YORK CITY TRANSIT ADJUDICATION BUREAU has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

-NEW YORK CITY ENVIRONMENTAL CONTROL BOARD has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

-NEW YORK CITY PARKING VIOLATIONS BUREAU  has been named as a party defendant herein subject to liens; copies of which are unavailable due to the condition of the books for the county.

Title No: █████████

COUNTY CLERK SEARCH( 12/5/2011 ) SPECIAL NAME SEARCH

Last Name: ( Halstead )
First Name: ( Teddy )
COUNTY: ( BRONX )

Run Date: 12/01/2001 To: 12/5/2011
*****************************************************************

JUDGMENTS -

Bronx County from ( 08/90 to 12/02/11 )

Search Parameters- Last:Halstead      First:Teddy

All Types Of Liens

Book Type -- Judgments Docket
Judgment Type: NY STATE TAX WARRANT
Court:
Satisfaction: Full-01/25/2006

Control No. █████████
Index #
Effective Date: 11/14/2005
Expiration Date: 11/14/2025

Docket Date:11/14/2005
Date Received:11/14/2005

Debtor Info:
HALSTEAD, TEDDY
2907   KINGSBRIDGE TER
BX NY

Creditor Info:
NYS DEPARTMENT OF TAXATION & FINANCE
- - - DEPT OF TAXATION
ALBANY NY           12201-

Amount: $845.04
----------------------------------------------------------------
Block: 04674 Lot: 00091
Book Type -- Lis Pendens - Docket No: 0051
Judgment Type: FORECLOSE MORTGAGE
Court: Supreme Court
Disposition: Yes-06/06/2011

Control No. █████████
Index # 382154-10
Effective Date: 12/06/2010
Expiration Date: 12/06/2013

Docket Date:12/06/2010
Date Received:06/29/2011

Debtor Info:
HALSTEAD, TEDDY
872   EAST 216TH STREET
BX NY           10467-

Creditor Info:
GMAC MORTGAGE LLC

                              cancelled

Amount: $0.00

COM:12/06/2010-INDEX AGAINST ALL
    DEFENDANTS
COM:06/06/2011-AFFIRMATION IN SUPPORT OF DISCONTINUANCE

```
    AND CANCELLATION OF LIS              PENDENS.
-----------------------------------------------------------------
END RETURNS
********************************************************************

PVB - (Parking Violations Bureau - Ending Date 11/25/11)

Search Parameters- Last:Halstead     First:Teddy

END RETURNS
********************************************************************

(Environmental Control Board (Fire and Building) - Ending Date 10/31/11)

Search Parameters- Last:Halstead     First:Teddy

HALSTEAD TEDDY
762 NEW JERSEY AVENUE
BROOKLYN, NY 11207
ECB Violation No.: 40540466H     Date-10/07

Amt: $300.00
-----------------------------------------------------------------
HALSTEAD TEDDY
762 NEW JERSEY AVENUE
BROOKLYN, NY 11207
ECB Violation No.: 40500870N     Date-10/07

Amt: $300.00
-----------------------------------------------------------------
END RETURNS
********************************************************************

Uniform Commercial Code from ( 10/01/1988 - 12/02/11 )

Bronx County
Search Parameters- Last:Halstead     First:Teddy

END RETURNS
********************************************************************

Federal Tax Liens from ( 01/94 - 12/02/11 )

Manhattan, Bronx, Queens, Kings County
Search Parameters- Last:Halstead     First:Teddy

END RETURNS
********************************************************************

TAB - (Transit Adjudication Bureau - from 06/04/1986 to 11/18/11)

Search Parameters- Last:Halstead     First:Teddy

END RETURNS
********************************************************************
```

Block: ( 04674 )
Lot: ( 00091 )
COUNTY: ( BRONX )

Run Date: 12/01/2001 To: 12/5/2011
********************************************************************
Policy Information Found
Dated:07/09/04 Order#:AL-20506    ADV    Remarks:LOAN POLICY
********************************************************************

JUDGMENTS -

Bronx County from ( 08/90 to 12/02/11 )

Search Parameters- Block:04674      Lot:00091

All Types Of Liens

Block: 04674 Lot: 00091                    Control No.
Book Type -- Sidewalk Lien                 Index # 89
Judgment Type: SIDEWALK VIOLATION          Effective Date: 01/11/2000
Court:                                     Expiration Date: 02/06/2028
                                           Docket Date:02/06/2008
                                           Date Received:02/06/2008

Debtor Info:
FORDE, PRISILLA
872     E 216 ST
BX NY

Creditor Info:
NYC BUREAU OF HIGHWAY OPERATIONS
40      WORTH STREET
NEW YORK NY          10013-

Amount: $0.00
------------------------------------------------------------------
Block: 04674 Lot: 00091                    Control No.
Book Type -- Lis Pendens - Docket No: 0051  Index # 382154-10
Judgment Type: FORECLOSE MORTGAGE          Effective Date: 12/06/2010
Court: Supreme Court                       Expiration Date: 12/06/2013
Disposition: Yes-06/06/2011
                                           Docket Date:12/06/2010
                                           Date Received:06/29/2011

Debtor Info:
HALSTEAD, TEDDY
872     EAST 216TH STREET
BX NY               10467-

Creditor Info:
GMAC MORTGAGE LLC


Amount: $0.00

COM:12/06/2010-INDEX AGAINST ALL
    DEFENDANTS
COM:06/06/2011-AFFIRMATION IN SUPPORT OF DISCONTINUANCE
    AND CANCELLATION OF LIS              PENDENS.
------------------------------------------------------------------

11-019534AB

| 11-019534AB | Page 1/1 |
|---|---|

Title No: ████████████

COUNTY CLERK SEARCH( 12/5/2011 )

(Environmental Control Board (Fire and Building) - Ending Date 10/31/11)

Search Parameters- Address:872 East 216 ST

DAVY NIGEL
872 EAST  216 STREET
BRONX, NY 10467
ECB Violation No.: 151591981      Date-01/07

Amt: $170.00
----------------------------------------------------------------
END RETURNS
****************************************************************

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

05/16/11

TEDDY HALSTEAD

PO BOX 985

NEW YORK          NY 10035-0806

Loan Number:
Property Address:        872 EAST 216TH STREET

                         BRONX          NY10467

Dear    TEDDY HALSTEAD

YOU COULD LOSE YOUR HOME. PLEASE READ THE
FOLLOWING NOTICE CAREFULLY

AS OF 05/16/11, YOUR HOME LOAN IS  622 DAYS IN
DEFAULT. UNDER  NEW YORK STATE LAW, WE ARE
REQUIRED TO SEND YOU  THIS NOTICE TO INFORM YOU
THAT YOU ARE AT RISK OF  LOSING YOUR HOME. YOU
CAN CURE THIS DEFAULT BY  MAKING THE PAYMENT OF
65604.26 DOLLARS BY 06/15/2011.

IF YOU ARE EXPERIENCING FINANCIAL DIFFICULTY, YOU
SHOULD KNOW THAT THERE ARE SEVERAL OPTIONS
AVAILABLE TO YOU THAT MAY HELP YOU KEEP YOUR HOME.

05/16/11
Account Number ·
Page 2

ATTACHED TO THIS NOTICE IS A LIST OF GOVERNMENT
APPROVED HOUSING COUNSELING AGENCIES IN YOUR AREA
WHICH PROVIDE FREE OR VERY LOW-COST COUNSELING. YOU
SHOULD CONSIDER CONTACTING ONE OF THESE AGENCIES
IMMEDIATELY. THESE AGENCIES SPECIALIZE IN HELPING
HOMEOWNERS WHO ARE FACING FINANCIAL DIFFICULTY.
HOUSING COUNSELORS CAN HELP YOU ASSESS YOUR
FINANCIAL CONDITION AND WORK WITH US TO EXPLORE THE
POSSIBILITY OF MODIFYING YOUR LOAN, ESTABLISHING AN
EASIER PAYMENT PLAN FOR YOU, OR EVEN WORKING OUT A
PERIOD OF LOAN FORBEARANCE. IF YOU WISH, YOU MAY
ALSO CONTACT US DIRECTLY AT 800-850-4622 AND ASK TO
DISCUSS POSSIBLE OPTIONS.

WHILE WE CANNOT ASSURE THAT A MUTUALLY AGREEABLE
RESOLUTION IS POSSIBLE, WE ENCOURAGE YOU TO TAKE
IMMEDIATE STEPS TO TRY TO ACHIEVE A RESOLUTION. THE
LONGER YOU WAIT, THE FEWER OPTIONS YOU MAY HAVE.

IF THIS MATTER IS NOT RESOLVED WITHIN 90 DAYS FROM THE
DATE THIS NOTICE WAS MAILED, WE MAY COMMENCE LEGAL
ACTION AGAINST YOU OR SOONER IF YOU CEASE TO LIVE IN
THE DWELLING AS YOUR PRIMARY RESIDENCE. IF YOU NEED
FURTHER INFORMATION, PLEASE CALL THE NEW YORK STATE
BANKING DEPARTMENT'S TOLL-FREE HELPLINE AT 1-877-
BANK-NYS (1-877-226-5697) OR VISIT THE DEPARTMENT'S
WEBSITE AT

HTTP://WWW.BANKING.STATE.NY.US


COLLECTIONS DEPARTMENT
GMAC Mortgage, LLC

5:82

05/16/11
Account Number
Page 3

NOTICE:  THIS IS AN ATTEMPT TO COLLECT ON A DEBT AND
ANY INFORMATION OBTAINED WILL BE USED FOR THAT
PURPOSE ONLY.

IF YOU HAVE FILED FOR BANKRUPTCY OR IF YOU HAVE BEEN
DISCHARGED OF YOUR PERSONAL LIABILITY FOR
REPAYMENT OF THIS DEBT BY ORDER OF THE BANKRUPTCY
COURT, THIS LETTER IS BEING PROVIDED FOR
INFORMATIONAL PURPOSES ONLY, IT IS NOT AN ATTEMPT TO
COLLECT THE DEBT FROM YOU PERSONALLY AND APPLIES
ONLY TO OUR RIGHTS WITH REGARD TO THE PROPERTY.

**Agencies located in NEW YORK**

Agency Name: AFFORDABLE HOUSING PARTNERSHIP
Phone: 518-434-1730-2
Toll Free: Fax: 518-434-1767
Address: 255 Orange St Albany, New York 12210
Website: ahphome.org

Agency Name: CATHOLIC CHARITIES, UNITED TENANTS OF ALBANY
Phone: 518-436-8997
Fax: 518-436-0320
Address: United Tenants of Albany 33 Clinton Ave, Albany, NY 12207;
         Catholic Charities of the Albany Diocese 40 N. Main Ave., Albany, NY 12203
Website: http://www.unitedtenantsalbany.org

Agency Name: CCCS OF CENTRAL NEW YORK
Phone: 518-482-2227
Toll Free: 800-479-6026
Fax: 518-482-2296
Address: 2 Computer Drive West Albany, New York 12205-1622
Website: http://www.CreditHelpNY.org

Agency Name: NY STATE OFFICE OF MENTAL RETARDATION AND DEVELOPMENTAL DISABILITIES (OMRDD)
Phone: 518-473-1973
Fax: 518-473-9784
Address: 44 Holland Avenue, Albany, New York 12229-0001
Website: http://www.omr.state.ny.us

Agency Name: TOWN OF EAST HAMPTON-OFFICE OF HOUSING & COMMUNITY DEVELOPMENT
Phone: 631-267-7896
Fax: 631-267-8679
Address: 267 Bluff Road Amagansett, New York 11930
Website: http://www.town.east-hampton.ny.us

Agency Name: ECONOMIC OPPORTUNITY COUNCIL OF SUFFOLK, INC.
Phone: 631-289-2124-112
Toll Free: 800-300-4362
Fax: 631-289-2178
Address: Amityville/Copiague/Farmingdale/ ACE Family Development Center, 48 Cedar Road, Amityville, New York 11701
Website: www.eoc-suffolk.com

Agency Name: ECONOMIC OPPORTUNITY COUNCIL OF SUFFOLK, INC.
Phone: 631-289-2124-112
Toll Free: 800-300-4362
Fax: 631-289-2178
Address: COBRA Office 357 Broadway, Suite 4 Amityville, New York 11701
Website: www.eoc-suffolk.com

Agency Name: CORNELL COOPERATIVE EXTENSION
Phone: 518-885-8995-219
Toll Free: 800-443-0107
Fax: 518-885-9078
Address: 50 W High St Ballston Spa, New York 12020-1979
Website: http://www.ccesaratoga.org

Agency Name: ECONOMIC OPPORTUNITY COUNCIL OF SUFFOLK, INC.
Phone: 631-289-2124-112
Toll Free: 800-300-4362
Fax: 631-289-2178
Address: E.O.C. of Suffolk Counseling Center 25 Fourth Avenue Bay Shore, New York 11706
Website: www.eoc-suffolk.com

Agency Name: NEW YORK CITY COMMISSION ON HUMAN RIGHTS
Phone: 718-579-6900
Fax: 718-579-6995
Address: 1932 Arthur Avenue, Suite 203A Bronx, New York 10457
Website: http://www.nyc.gov/cchr

Agency Name: AFFORDABLE HOUSING CENTERS OFAMERICA, NEW YORK CITY
Phone: 718-246-8080
Fax: 718-246-7939
Address: 2-4 Nevins Street, 2nd Floor Brooklyn, New York 11217-0000
Website: http://www.ahcoa.org

Agency Name: BROOKLYN COOPERATIVE FEDERAL CREDIT UNION
Phone: 718-418-8232-202
Fax: 718-418-8252
Address: 1474 Myrtle Ave Brooklyn, New York 11237
Website: http://www.brooklyn.coop

Agency Name: BROOKLYN HOUSING AND FAMILY SERVICES
Phone: 718-435-7585
Address: 415 Albermarle Road Brooklyn, New York 11218-2351
Website: n/a

Agency Name: BROOKLYN NEIGHBORHOOD IMPROVEMENT ASSOCIATION
Phone: 718-773-4116-11
Fax: 347-663-9103
Address: 1482 Saint Johns Pl Ste 1F Brooklyn, New York 11213-3929
Website: n/a

Agency Name: CAMBA - CHURCH AVENUE MERCHANTS BLOCK ASSOCIATION, INC.
Phone: 718-282-2500
Address: 884 Flatbush Avenue Brooklyn, New York 11226
Website: n/a

Agency Name: CONSUMER CREDIT COUNSELING SERVICES, A DIVISION OF MMI
Phone: 866-889-9347
Toll Free: 866-346-2227
Address: 26 Court Street, Suite 1801 Brooklyn, New York 11242
Website: http://www.moneymanagement.org

Agency Name: CYPRESS HILLS LOCAL DEVELOPMENT CORPORATION
Phone: 718-647-8100
Address: 625 Jamaica Avenue, 3214 Fulton Street, Brooklyn, New York 11208-1203
Website: http://www.cypresshills.org

Agency Name: CYPRESS HILLS LOCAL DEVELOPMENT CORPORATION
Phone: 718-647-8100
Fax: 718-647-2104
Address: 3214 Fulton Street Brooklyn, New York 11208-1908
Website: http://www.cypresshills.org

Agency Name: GREENPATH
Phone: 888-860-4167
Toll Free: 888-860-4167
Address: 175 Remsen Street, Ste. 1102 Brooklyn, New York 11201
Website: www.greenpath.com

Agency Name: NEIGHBORHOOD HOUSING SERVICES OF BEDFORD-STUYVESANT
Phone: 718-919-2100
Fax: 718-919-2725
Address: 1012 Gates Avenue Brooklyn, New York 11221
Website: www.nhsnyc.org

Agency Name: ST. LAWRENCE COUNTY HOUSING COUNCIL,INC
Phone: 315-386-8576-223
Fax: 315-386-1564
Address: 19 Main Street Canton, New York 13617
Website: http://www.slchc.org

Agency Name: PUTNAM COUNTY HOUSING CORPORATION
Phone: 845-225-8493-212
Fax: 845-225-8532
Address: 11 Seminary Hill Road Carmel, New York 10512
Website: http://www.Putnamhousing.com

Agency Name: COMMUNITY DEVELOPMENT CORPORATION OF LONG ISLAND
Phone: 631-471-1215-144
Fax: 631-471-3087
Address: 2100 Middle Country Road Suite 300 Centereach, New York 11720
Website: http://www.cdcli.org

Agency Name: ALBANY COUNTY RURAL HOUSING ALLIANCE, INC.
Phone: 518-235-3920
Fax: 518-235-3920
Address: PO Box 83 10 Cayuga Plaza Cohoes, New York 12047
Website: http://www.acrha.org

Agency Name: CORTLAND HOUSING ASSISTANCE COUNCIL, INCORPOR
Phone: 607-753-8271-15
Fax: 607-756-6267
Address: 36 Taylor Street Cortland, New York 13045
Website: http://www.cortlandhousing.org

Agency Name: CHAUTAUQUA OPPORTUNITIES, INCORPORATED
Phone: 716-363-6364-270
Fax: 716-363-6368
Address: 17 W Courtney St Dunkirk, New York 14048-2754
Website: http://www.chautauquaopportunities.com

Agency Name: AMERICAN DEBT RESOURCES
Phone: 631-912-9542-110
Toll Free: 800-498-0766
Fax: 631-912-9030
Address: 248C Larkfield Road East Northport, New York 11731
Website: http://www.americandebtresources.com

Agency Name: HOUSING ASSISTANCE PROGRAM OF ESSEX COUNTY
Phone: 518-873-6888
Fax: 518-873-9102
Address: 103 Hand Avenue, PO Box 157, Elizabethtown, New York 12932-0157
Website: http://www.hapec.org

Agency Name: CATHOLIC CHARITIES, ELMIRA, NY
Phone: 607-734-9784-2132
Fax: 607-734-6588
Address: 215 East Church Street Elmira, New York 14901-2743
Website: www.cs-cc.org

Agency Name: MARGERT COMMUNITY CORPORATION
Phone: 718-471-3724
Fax: 718-471-5342
Address: 325 Beach 37th Street Far Rockaway, New York 11691-1510
Website: http://www.margert.org

Agency Name: GREENPATH, INC.
Phone: 888-860-4167
Toll Free: 888-860-4167
Address: 700 Veterans Memorial Hwy., Suite 305, Hauppauge, New York 11788
Website: www.greenpath.com

Agency Name: LONG ISLAND HOUSING PARTNERSHIP, INC.
Phone: 631-435-4710-2
Fax: 631-435-4751
Email: dweir@lihp.org
Address: 180 Oser Ave, Suite 800, Hauppauge, New York 11788-3709
Website: http://www.lihp.org

Agency Name: SAFEGUARD CREDIT COUNSELING, INC.
Phone: 631-930-9158
Fax: 866-383-7181
Address: 112 Parkway Drive South Hauppauge, New York 11788
Website: www.safeguardcredit.org

Agency Name: HOUSING OPPORTUNITIES FOR GROWTH, ADVANCEMENT AND REVITALIZATION, INC.
Phone: 845-429-1100
Fax: 845-429-0193
Address: 17 West Broad Street, PO Box 577, Haverstraw, New York 10927
Website: http://www.hogarinc.com

Agency Name: COUNTY OF NASSAU ECONOMIC DEVELOPMENT - OFFICE OF HOUSING &
INTERGOVERNMENTAL AFFAIRS
Phone: 516-572-1903
Fax: 516-572-
Address: 40 Main Street, Suite B Hempstead, New York 11550
Website: http://www.nassaucountyny.gov

Agency Name: FAMILY AND CHILDREN'S ASSOCIATION
Phone: 516-292-1300-2282
Fax: 516-538-
Address: 336 Fulton Avenue Hempstead, New York 11550
Website: www.familyandchildrens.org

Agency Name: LONG ISLAND HOUSING PARTNERSHIP, INC.
Phone: 631-435-4710-2
Fax: 631-435-4751
Address: C/O Nassau County OHIA 40 Main Street First Floor-Suite B Hempstead, New York 11550
Website: http://www.lihp.org

Agency Name: HOUSING RESOURCES OF COLUMBIA COUNTY, INC.
Phone: 518-822-0707-16
Fax: 518-822-0367
Address: 252 Columbia Street Hudson, New York 12534-2509
Website: http://www.housingresources.org

Agency Name: ALTERNATIVES FEDERAL CREDIT UNION
Phone: 607-216-3416
Fax: 607-277-6391
Address: 125 North Fulton St. Ithaca, New York 14850
Website: http://www.alternatives.org

Agency Name: BETTER HOUSING FOR TOMPKINS COUNTY, INC
Phone: 607-273-2187
Fax: 607-273-1630
Address: 950 Danby Road, Ste. 102 Ithaca, New York 14850
Website: http://www.betterhousingtc.org

Agency Name: FRANKLIN COUNTY COMMUNITY HOUSING COUNCIL
Phone: 518-483-5934
Fax: 518-483-0984
Address: 337 West Main Street Malone, New York 12953
Website: n/a

Agency Name: HUMAN DEVELOPMENT SERVICES OF WESTCHESTER, INC.
Phone: 914-939-2005
Fax: 914-939-3531
Address: 930 Mamaroneck Avenue Mamaroneck, New York 10543
Website: http://www.HDSW.org

Agency Name: CHAUTAUQUA HOME REHABILITATION AND IMPROVEMENT CORP. (CHRIC)
Phone: 716-753-4650
Fax: 716-753-4508
Address: 2 Academy Street Mayville, New York 14757
Website: http://www.chric.org

Agency Name: RURAL SULLIVAN HOUSING CORPORATION
Phone: 845-794-0348
Fax: 845-794-3042
Address: 33 Lakewood AVe Monticello, New York 12701-1128
Website: n/a

Agency Name: COMMUNITY ACTION PROGRAM FOR MADISON COUNTY
Phone: 315-684-3144-20
Toll Free: 800-721-2271
Fax: 315-684-9650
Address: 3 East Main Street, P.O. Box 249 13408, Morrisville, New York 13408-0000
Website: http://www.capmadco.org

Agency Name: WESTCHESTER RESIDENTIAL OPPORTUNITIES, INCORPORATED
Phone: 914-668-4424
Fax: 914-668-9515
Address: 144 North 5th Avenue MT Vernon, New York 10550
Website: www.wroinc.org

Agency Name: ROCKLAND HOUSING ACTION COALITION
Phone: 845-352-3819
Fax: 845-352-2126
Address: 95 New Clarkstown Road Nanuet, New York 10954
Website: n/a

Agency Name: ABYSSINIAN DEVELOPMENT CORPORATION
Phone: 646-442-6545
Fax: 646-442-6598
Address: 4 W. 125 Street New York, New York 10027
Website: http://www.adcorp.org

Agency Name: ASIAN AMERICANS FOR EQUALITY
Phone: 212-964-2288
Fax: 212-964-6003
Address: 111 Division St New York, New York 10002-0000
Website: http://www.aafecdf.org

Agency Name: ASIAN AMERICANS FOR EQUALITY
Phone: 212-979-8381-107
Fax: 212-979-8386
Address: 108-110 Norfolk Street New York, New York 10002
Website: http://www.aafe.org

Agency Name: NORTHERN MANHATTAN IMPROVEMENT CORPORATION
Phone: 212-822-8300
Fax: 212-928-4180
Address: 76 Wadsworth Avenue New York, New York 10033
Website: http://www.nmic.org

Agency Name: OPERATION HOPE, INC
Phone: 917-477-2800
Address: 2511 Frederick Douglass Blvd New York, New York 10030
Website: http://www.operationhope.org

Agency Name: STRYCKER'S BAY NEIGHBORHOOD COUNCIL, INCORPORATED
Phone: 212-874-7272
Fax: 917-591-4995
Address: 61 West 87th Street, Lower Level New York, New York 10024
Website: www.stryckersbay.org

Agency Name: UNITED JEWISH COUNCIL OF THE EAST SIDE, INC.
Phone: 212-233-6037
Fax: 212-385-2693
Address: 235 East Broadway
New York, New York 10002
Website: n/a

Agency Name: UNIVERSITY SETTLEMENT
Phone: 212-505-1995
Address: 184 Eldridge Street New York, New York 10002
Website: http://www.universitysettlement.org/

Agency Name: WEST HARLEM GROUP ASSISTANCE, INCORPORATED
Phone: 212-862-1399-26
Fax: 212-862-3281
Address: 500 West 134th Street New York, New York 10031
Website: www.whgainc.org

Agency Name: WEST HARLEM GROUP ASSISTANCE, INCORPORATED
Phone: 212-862-1399-
Fax: 212-862-3281
Address: 1652 Amsterdam Avenue New York City, New York 10031
Website: www.whgainc.org

Agency Name: NIAGARA FALLS NEIGHBORHOOD HOUSING SERVICES
Phone: 716-285-7778
Address: 479 16th Street Niagara Falls, New York 14303
Website: n/a

Agency Name: OPPORTUNITIES FOR CHENANGO, INC.
Phone: 607-336-2101-111
Toll Free: 866-456-3051
Fax: 607-336-3089
Address: 44 W Main St Norwich, New York 13815
Website: http://www.ofcinc.org

Agency Name: OSWEGO HOUSING DEVELOPMENT COUNCIL, INC.
Phone: 315-625-4520
Toll Free: 866-706-2679
Fax: 315-625-7347
Address: 2971 County Rte 26 Parish, New York 13131
Website: n/a

Agency Name: COMMUNITY HOUSING INNOVATIONS, INC.
Phone: 631-475-6390
Address: 55 Medford Ave., Ste. B Patchogue, New York 11772
Website: n/a

Agency Name: MARKETVIEW HEIGHTS ASSOCIATION, INC.
Phone: 585-423-1540
Fax: 585-423-1934
Address: 308 North Street, Rochester, New York 14605
Website: http://www.marketviewheights.org

Agency Name: NEIGHBORWORKS ROCHESTER
Phone: 585-325-4170-333
Fax: 585-325-2587
Address: 570 South Ave, Rochester, New York 14620-1345
Website: http://www.nwrochester.org

Agency Name: PATHSTONE (FORMERLY RURAL OPPORTUNITIES, INC.)
Phone: 585-546-7180
Fax: 585-340-3326
Address: 400 East Ave, Rochester, New York 14607-1910
Website: www.pathstone.org

Agency Name: PROVIDENCE HOUSING DEVELOPMENT CORPORATION
Phone: 585-328-3228-1319
Fax: 585-529-9525
Address: 1136 Buffalo Road, Rochester, New York 14624
Website: http://Providencehousing.org

Agency Name: URBAN LEAGUE OF ROCHESTER
Phone: 585-325-6530-3020
Fax: 585-325-4864
Address: 265 North Clinton Avenue, Rochester, New York 14605
Website: http://www.ulr.org

Agency Name: BETTER NEIGHBORHOODS, INCORPORATED
Phone: 518-372-6469
Fax: 518-372-6460
Address: 986 Albany St, Schenectady, New York 12307
Website: http://www.better-neighborhoods.org

Agency Name: WESTERN CATSKILLS COMMUNITY REVITALIZATION COUNCIL, INC
Phone: 607-652-2823
Fax: 607-652-2825
Address: 76 Main Street, Stamford, New York 12167
Website: http://www.westerncatskills.org

Agency Name: NEIGHBORHOOD HOUSING SERVICES OF STATEN ISLAND
Phone: 718-442-8080
Fax: 718-442-8245
Address: 1205 Castleton Avenue, Staten Island, New York 10310
Website: www.nhsofstatenisland.org and www.nhsnyc.org

Agency Name: NORTHFIELD COMMUNITY LOCAL DEVELOPMENT CORPORATION
Phone: 718-442-7351-236
Fax: 718-981-3441
Address: 160 Heberton Ave, Staten Island, New York 10302
Website: http://www.northfieldldc.org

Agency Name: NYC COMM. ON HUMAN RIGHTS - STATEN ISLAND COMMUNITY SERVICE CENTER
Phone: 718-390-8506
Fax: 718-390-8516
Address: 60 Bay Street, 7th Floor, Staten Island, New York 10301
Website: http://nyc.gov

Agency Name: NEIGHBORS OF WATERTOWN, INC.
Phone: 315-782-8497
Fax: 315-782-0102
Address: 112 Franklin Street, Watertown, New York 13601
Website: http://www.neighborsofwatertown.com

Agency Name: CCCS OF BUFFALO, INC.
Phone: 800-926-9685
Toll Free: 800-926-9685
Fax: 716-712-2079
Address: 40 Gardenville Parkway, Suite 300, West Seneca, New York 14224
Website: http://www.cccsbuffalo.org

Agency Name: COMMUNITY HOUSING INNOVATIONS, INC
Phone: 914-683-1010
Fax: 914-683-6158
Address: 190 East Post Road, Suite 401, White Plains, New York 10601
Website: www.chigrants.org

Agency Name: WESTCHESTER RESIDENTIAL OPPORTUNITIES, INCORPORATED
Phone: 914-428-4507
Toll Free: 877-976-4968
Fax: 914-428-9455
Address: 470 Mamaroneck Ave, Suite 410, White Plains, New York 10605-1830
Website: http://www.wroinc.org

Agency Name: NEIGHBORHOOD HOUSING SERVICES OF NORTHERN QUEENS
Phone: 718-457-1017
Fax: 718-457-1247
Address: 60-20 Woodside Avenue, Woodside, New York 11377
Website: www.nhsnorthernqueens.org and www.nhsnyc.org

Agency Name: WYANDANCH COMMUNITY DEVELOPMENT CORPORATION
Phone: 631-253-0139
Fax: 631-643-9128
Address: 59 Cumberbach Street, Wyandanch, New York 11798-3326
Website: http://www.wyandanchcdc.org

Agency Name: WESTCHESTER RESIDENTIAL OPPORTUNITIES INCORPORATED
 Phone: 914-207-1753-1754
Toll Free: 877-976-4968
Fax: 914-207-1755
Address: 164 Ashburton Avenue, 3rd Floor, Yonkers, New York 10701
Website: www.wroinc.org

Index No.:  380678/12

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF Bronx
--------------------------------------------------------------------------
GMAC MORTGAGE, LLC,

                                        Plaintiff,

        -against-


TEDDY HALSTEAD, et al.,

                                        Defendants.
--------------------------------------------------------------------------

## SUMMONS AND COMPLAINT

**ROSICKI, ROSICKI & ASSOCIATES, P.C.**
**Attorneys for Plaintiff**
**Main Office 51 E Bethpage Road**
**Plainview, NY 11803**
**516-741-2585**
**516-622-9434**
**RR&A: 11-019534**

## Exhibit J

**Answer to Foreclosure Complaint**

County of _____: State of New York

GMAC MORTGAGE, LLC

Plaintiff,

Index No.: 380678/12

v.

TEDDY HALSTEAD et. al.,

Defendant.

**VERIFIED ANSWER TO
FORECLOSURE COMPLAINT**

---

**Defendant Answers as follows:**

☑ General Denial

**I plead the following Defenses and Affirmative Defenses:**

☑ Lack of Standing to Sue: Plaintiff does not have standing to sue because it was not the legal owner of the Note and/or Mortgage at the time it commenced this foreclosure lawsuit.

☐ Improper Service of the Summons and Complaint (NY Civil Practice Law and Rules Section 308) for the following reason:_____

☐ Partial or Full Payment: I have made payments in the amount of $_____which have not been properly credited and are not reflected in the Summons and Complaint:
_____

☑ I did not receive the notice "Help for Homeowners in Foreclosure" that was supposed to be served with the Foreclosure Summons and Complaint (NY Real Property Actions and Proceedings Law Section 1303) (amended 2008).

☑ I have no knowledge that the plaintiff was assigned my debt or there was no Affirmative Allegation of Standing (NY Real Property Actions and Proceedings Law Section 1302, high-cost and subprime home loans) (amended 2008): Plaintiff failed to allege (swear) in the Foreclosure Complaint that it is the legal owner and holder of the Note and/or Mortgage or has the authority to foreclose.

☑ 90-Day Pre-Foreclosure Notices (NY Real Property Actions and Proceedings Law Section 1304, high-cost, subprime and non-traditional home loans) (amended 2008) were inadequate because (circle one): Two copies not delivered; OR foreclosure lawsuit filed within 90 days of Pre-Foreclosure Notices.

☐ An active servicemember is an owner of the property and is on the mortgage and qualifies for Active Military Service protections under state or local law (Federal Servicemembers Civil Relief Act, 50 App. U.S.C. 501 et seq.; and New York State Soldiers' and Sailors' Civil Relief Act, NY Military Law Section 300 et seq.)

☐ Homeowner's Mental Disability or Incompetence (NY Civil Practice Law and Rules Section 1202)

COUNTER CLAIMS: PREVIOUS CLAIM WAS VOLUNTARELY DISMISSED BY PLAINTIFFS COUNSELS FIRM, WHICH WAS PROCESSED BY THE US REGULATORS AND NY STATE ATTORNEY GENERALS OFFICE AND PAID A PENALTY OF 2 MILLION DOLLARS FOR FILING FRAUDULENT ROBO SIGNED PAPERWORK.

THIS FIRM IS KNOWN TOO TO FILE OR USE FRAUDULENT PAPER-WORK TO FORCLOSE ILLEGALLY ON HOMES.

REVIEWING ASSIGNMENT DOCUMENTS ON HOW ALLEGED HOLDER OF NOTE AND MORTGAGE CAME IN POSSESSION INDICATES ROBO-SIGNING OF AN INDIVIDUAL MR JOHN KERR WHICH IS A KNOWN ROBO-SIGNER AND KNOWN BY GOVERNMENTAL AND NON GOVERNMENTAL SOURCES AND WHICH WAS IDENTIFIED MULTIPLE TIMES TO SIGN WITHOUT KNOWLEDGE WHAT HE WAS SIGNING FOR HERS.

THIS ASSIGNMENT DOCUMENT IS A COMPLETE FRAUD OR ACT OF FRAUD AND THIS CASE SHOULD BE STRICKEN FROM EXISTANCE AND THIS CASE SHOULD BE DISMISSED.

YOU CANNOT USE DEFECTIVE DO SUPPORTING DOCUMENTS TO SUPPORT A FORCLOSURE CLAIM FOR THE SECOND ACTION IF THE FIRST ACTION WAS DISMISSED AND BECAUSE IT IS GOOD FOR THE PLAINTIFF, WHICH FILED FOR CHAPTER 11 BANKRUPTCY PROTECTION IN WHICH THE DEBTOR AS OF HIS STATEMENT OF JUNE 12, 2012 SAID THAT ROBO SIGNING AND FRAUD ISSUES COULD GO FORWARD IN STATE COURT OR DEBTOR GMAC MORTGAGE COULD BE SUED) REGARDING THE INTERIM ORDER, WHICH RELATES ALSO TO THE CONSENT ORDER OF THE DEPARTMENT OF JUSTICE/US ATTORNEY VS DEBTOR WHICH IN THIS CASE IS THE PLAINTIFF TO RECOVER LOSSES AND ASSETS AND TO SEEK SWIFT JUSTICE, AS AUTHORIZED BY BANKRUPTCY COURT BUT DEBTOR DOES NOT WANT TO HAVE

Wherefore, the Defendant requests that the Complaint be dismissed; the relief requested by the Defendant be granted in its entirety; the costs associated with this defense; and any other relief allowed by law and considered just by this Court. ANY RESPONSI-BILITIES FOR WHAT THEY HAVE DONE AND CAUSED TO BORROWERS.

DATED:

DEFENDANT'S NAME:   TEDDY HALSTEAD   , appearing pro se

DEFENDANT'S ADDRESS:   872 EAST 216th STREET, BRONX NY 10467

DEFENDANT'S TELEPHONE NUMBER:   ███████

## AFFIDAVIT OF SERVICE

I, x _Nila Tirnolly_ (name), served the within Verified Answer on
Plaintiff's attorney, _Rosicci, Rosicci + Associates, P.c._ (attorney name), at
_51 E BETHPAGE ROAD, PLAINVIEW NY 11803_ (address). Service was by means
of _ALL DESCRIBED SERVICES_ (first class mail/certified
mail/overnight delivery service/fax/~~personal delivery~~). It was served on _18_ day of
_JULY_, 20_12_, I am _____ (18 or over) years old and am not a Defendant in this
lawsuit.

Signed: x _[signature]_

Print Name: x _Nila Tirnolly_  07/16/242

Sworn to and subscribed before me on

_7/16/12_

_[signature]_

Notary Public

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOSEPH F SANTELLA
NOTARY PUBLIC
SPRINGFIELD TWP., DELAWARE COUNTY
My Commission Expires Oct. 20, 2013

## VERIFICATION

I, _TEDDY  HALSTEAD_ , being duly sworn, state that the within Answer is true to the best of my knowledge, except as to those matters alleged upon information and belief, which I believe to be true.

_Teddy Hal St_

Defendant (Print Name)  _July 10 2012_

Sworn to and subscribed before me on

_7/16/12_

Notary Public

_TEDDY  HALSTEAD_

Defendant (Signature)

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
JOSEPH F SANTELLA
NOTARY PUBLIC
SPRINGFIELD TWP, DELAWARE COUNTY
My Commission Expires Oct. 20, 2013

TEDDY HALSTEAD
872 East 216 ST.
BX NY 10467-5






**CERTIFIED MAIL™**

7011 0470 0000 6167 5636

UNITED STATES POSTAL SERVICE

1000    11803

U.S. POSTAGE
PAID
SPRINGFIELD.PA
19064
JUL 17, 12
AMOUNT
$5.75
00011305-96

CERTIFIED

RETURN RECEIPT
REQUESTED

Rosikiki, Rosikiki & Associates
51 EAST BETHPAGE ROAD
PLAINVIEW NY 11803

JUL 18 2012

11803422451