Pablo E. Bustos Esq., Bar No.:4122586
BUSTOS & ASSOCIATES, P.C.
225 Broadway 39th Floor
New York, NY 10007-3001
212-796-6256 Office
pbustos@bustosassociates.com
*Attorney for the Creditor Conrad P Burnett Jr*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------x
In re:                                                          :       Chapter 11
                                                                :
                                                                :       Case No. 12-12020 (MG)
Residential Capital, LLC, et al.                                :
                                                                :       Jointly Administered
                                          Debtors.              :
------------------------------------------------------------x    **Hon. Martin Glenn**

### AMENDED REPLY MEMORANDUM TO RESCAP LIQUIDATING TRUST'S OBJECTION TO THE APPLICATION FOR IMMEDATE PAYMENT OF ADMINISTRATIVE EXPENSES PURSUANT TO 11 U.S.C. §503 FILED BY CONRAD P BURNETT

#### I.        INTRODUCTION

**COMES NOW**, CONRAD P BURNETT JR hereinafter ("Creditor") or

("Burnett") hereby files this reply memorandum in response to the Liquidating Trusts

opposition to the Application for Immediate Payment of Administrative Expenses

Pursuant to 11 U.S.C. §503 ("Application") filed by Conrad P Burnett. The Liquidating

Trust has objected to the allowance of [Claim No. 7413] and has requested to include

such claim in the upcoming omnibus objection. Creditor avers that there are particular

circumstances surrounding "core" matters of the Debtors Bankruptcy Estate; mainly

violations to Consumer Protection Law or in the alternative a fraudulent

misrepresentation. Additionally, Creditor can prove a *causal connection* between GMAC

Mortgage, Inc. ("GMAC") which is Jointly Administered together with Residential

Capital, LLC. ("RES CAP")

Creditor files this memorandum in support of the Application specifically that GMAC willfully violated certain Consumer Protection Laws in the State of Virginia at the time of the foreclosure proceeding in Clarke County, State of Virginia. Additionally, as a result of the costs to defend and attempt to litigate with GMAC and Deutsche Bank of the Americas ("Deutsche") for the RALI Series asset backed security which was created from the original Note. Creditor has paid an excess of _$29,333.33_ in Attorney's Fees during the course of defending against GMAC in foreclosure. In fact, Creditors property was assigned by a Corporate Assignment of Deed of Trust which ultimately led to the sale and loss of Creditors real property; and these instruments were endorsed and duly sealed by Jeffery Stephan. Moreover, Creditor can show an _ascertainable loss_, and _an unlawful practice_. Therefore, Creditor files this memorandum in support of immediate payment and prays this Honorable Court will Overrule the Trusts Objection to [Docket No. 7791] based on the circumstances set forth above and argument hereinafter; to promote judicial economy and ensure the consistent application of law.

## II.    BACKGROUND

The Creditor thus far has made many assertions as to a wrongdoing against joint debtor GMAC, in fact, aside from other claims in which Creditor may have against joint debtor, the creditor can prove through documentary evidence that GMAC was admonished in an administrative law proceeding against GMAC for committing fraud upon Burnett and millions of others nationwide. Creditor was part of a proceeding in the State of Pennsylvania with the Notary Commission against GMAC for ("Robo-Signing") by Susan Turner and Jeffery Stephan who both, in concert, falsified documents and filed fraudulent affidavits which lead to the taking of Burnett's primary residence in a

foreclosure Proceeding. Creditor acknowledges and can justify what appear to be duplicate claims.

However, in this instant proceeding regarding [Proof of Claim No. 7413] Creditor seeks redress for the costs to fight GMAC by way of attorney's fees. As for the other timely filed claims creditor will address each claim, individuality; and show allowance for payment thereof. For the purposes of this argument below Creditor will only be supporting and defending the facts surrounding *Id. 7413* and justification for immediate payment of said claim. Finally, request for payment of this claim is uncontradicted because *Id. 7413* was filed by the Liquidating Trust's as a result of an Order if Dismissal and Stipulation of the parties in an [Adversary Proceeding Case No.: 12-02049 (MG)] [Docket No. 10].

## III.    ARGUMENT

**(A)    CONTROLING LAW**

**Administrative Expense Priority (Traditional Criteria)**

Section 503(b) (1) (A) of the Bankruptcy Code provides a priority for "the actual, necessary costs and expenses of preserving the estate ... for services rendered after the commencement of the case." Pursuant to section 507(a) (1) of the Bankruptcy Code, these expenses for administering the estate are afforded a first priority. Thus, expenses incurred by the debtor-in-possession during the reorganization effort are afforded a first priority. *See*, <u>In re Jartran,</u> 732 F.2d 584, 586 (7th Cir.1984)

Nevertheless, in light of the bankruptcy goal of providing equal distribution of a debtor's assets to all creditors, "statutory priorities, such as those resulting from administrative expense treatment, are narrowly construed." Strictly construing the terms "actual" and "necessary" minimizes administrative expense claims, thereby preserving

3

the estate for the benefit of all creditors. If claims not intended to have priority were afforded such, the value of the priority for those creditors Congress intended to prefer would be diluted. *Cramer v. Mammoth Mart, Inc.* (In re Mammoth Mart, Inc.), 536 F.2d 950, 954 (1st Cir. 1976). Although *Mammoth Mart* was decided under the former Bankruptcy Act, its analysis remains applicable under the Bankruptcy Code. *See* *In Re Drexel Burnham Lambert Group Inc.,* 134 B.R. 482, 489 (Bankr.S.D.N.Y.1991). *See also*, *In Re Old Carco LLC*, 424 BR 633. Bankr Court, S.D.N.Y. (2010) Ordinarily, an expense will be accorded administrative status:

1) if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor-in-possession; and

Therefore, in this instant case Creditor proves that he would be entitled to the relief afforded by the Virginia Consumer Protection Act and an immediate award and payment for attorney's fees incurred.

**(B)  APPLICATION OF VIRGINIA CONSUMER PROTECTION ACT (VCPA)**

Proof of fraud in a consumer transaction is alone sufficient to establish a violation of the VCPA, but the legislative purpose underlying the VCPA was, in large part, to expand the remedies afforded to consumers and to relax the restrictions imposed upon them by the common law. That remedial purpose would be nullified by an interpretation of the VCPA that construed it as merely declarative of the common law, *Lynchburg Division of Social Services v. Cook*, 276 Va. 465, 483, 666 S.E.2d 361, 370 (2008). Creditor argues that the VCPA's proscription of conduct by suppliers in consumer transactions extends considerably beyond fraud.

The VCPA clearly does not require the consumer to prove in every case that misrepresentations were made knowingly or with the intent to deceive, because of its

4

additional provision that damages may be trebled, but only in cases where the court finds that the violation was "willful." Code § 59.1-204(A).

This Court has already concluded that GMAC committed an "unlawful act" that violated the VCPA when it submitted the assignment signed under oath by Jeffery Stephan to try to establish GMAC's standing to bring the Foreclosure Action.

Creditor feels this was an affirmative act/misrepresentation by GMAC; therefore, no showing of intent is required. *See, In Re Residential Capital, LLC*, et al., No. 12-12020 [Docket No. 7619] (Bankr. S.D.N.Y. October 6, 2014). Additionally, this false filing of a document signed under oath by Stephan was hardly an isolated instance of similar misconduct by GMAC. *See, In re Residential Capital, LLC*, 501 B.R. 531, 547-48 (Bankr. S.D.N.Y. 2013) (overruling objection to claim under North Carolina Unfair & Deceptive Practices Act because of false affidavit signed by Stephan and filed in court, and discussing other cases in which courts discussed false affidavits signed by Stephan).

**(C)    CREDITOR ARGUES THAT GMAC FAILED TO COMPLY WITH [12 U.S.C. §§ 1709; 1701 et seq.] IN SERVICING CONRAD P BURNETTS LOAN**

**Failure to Comply with Servicing Regulations**

The mortgage which is the subject of this action is insured by the federal Single-Family Loan Insurance Program, 12 U.S.C. §1709. Therefore, GMAC was required to service the mortgage according to the applicable federal regulations. GMAC failed to comply with these regulation as detailed below, precluding the initiation of foreclosure proceedings.

(a) Failed to send a delinquency notice as required by 24 C.F.R. §203.602.

(b) Failed to contact or make reasonable attempts to contact Burnett as required by 24 C.F.R. §203.604.

5

(c) Failed to provide Burnett with a pre-foreclosure counseling notice within forty-five (45 days) of having missed a payment, as required by the U.S.C. §1701x(c) (5).

(d) Failed to provide a default notice as required by 24 C.F.R. 650.

**Failure to Comply with 12 U.S.C. §1701(x) (c) (5)**

a.  Failure to comply with 12 U.S.C. §1701(x) (c) (5), prior to instituting this foreclosure action and is therefore stopped from proceeding with this action;

b.      GMAC filed foreclosure action concerning the conventional mortgage under which Creditor is obligated and which is the subject of this cause;

c.      Burnett defaulted on the mortgage due to an involuntary reduction in his income;

d.      GMAC was required by the Housing and Community Development Act of 1987, as amended, to send a notice of the availability of financial counseling to the Burnett who became delinquent due to an involuntary loss of income before GMAC can legally initiate a foreclosure action. *See*, 54 Fed. Reg. 210964, 20965 (May 15, 1989); _U.S. v. Trimble_, 86 F.R.D. 435 (S.D. Fla. 1980);

e.      12 U.S.C. §1701 (x) (c) (5), was first passed as a provision of the Housing and Community Development Act of 1987. Congress has extended this pre-foreclosure notice requirement through 1994. *See also*, _Housing and Community Education and Development Act of 1992_, Section 162; P. 102-150; 106 Stat. 3719-3722;

f.      The Federal Regulations issued pursuant to the statute required GMAC to send notification before the expiration of the 45 day period beginning on the date on which the failure to pay occurs;

6

g.        GMAC was required under the statute and regulations to advise Burnett of

any home ownership counseling GMAC may offer together with information

about counseling offered by the U.S. Department of Housing and Urban

Development;

h.        The Department of Housing and Urban Development has determined that

the act created an affirmative legal duty on the part of creditor which the

homeowner/mortgagor can enforce and that the creditor's non-compliance with

the law's requirement may be an actionable event that could affect a mortgage's

liability to carry out foreclosure in a timely manner. 54 Fed. 20964-65 (May 15,

1988.);

i.        GMAC never sent Creditor the required notice; and

j.        GMAC had no valid cause of action for foreclosure and never

demonstrated compliance with 12 U.S.C. §1701 (x) (c) (5).

At all times relevant had GMAC ever complied or conferred with the Creditor in

compliance with 12 U.S.C. §1701 (x) (c) (5), and therefore; the said mismanagement cost

Burnett the loss of his home of Sixteen (16) years.

**(D)    CREDITOR HAS SUFFERED ACTUAL DAMAGES AS A RESULT OF**

**GMACS VIOLATION TO THE CONSUMER PROTECTION ACT**

The defense contention that actual damages does not include personal injury damages

has some support in Virginia Circuit court case law. ***See*** *Deane v. Novacre Orthotics &*

*Prosthetics East, Inc.*, 50 Va. Cir. 418 (Page County, 1999) (McGrath, J.); *Devonshire v.*

*EurAuPair International Inc.*, 40 Va. Cir. 149 (Fairfax Co, 1996) (Smith, J.) These courts

have sidestepped the broad language of the Act, concluding simply that the legislature

could not have intended the Act to apply:

7

[E]ven considering the remedial nature of the statute, and the fact that it should be broadly construed, this court feels that a fair reading of the Consumer Protection Act indicates that the "actual damages" allowed by it are limited to only those pecuniary, out-of-pocket losses that a party has sustained. Creditor is attempting to simplify his damages to only those pecuniary losses he incurred.

Two circuits have reached the result, finding nothing in the Act to restrict its scope. *Lambert v. Downtown Garage Inc.*, 47 Va. Cir. 88 (Spotsylvania Co.) (Ledbetter, J.); *Bosko v. NHP. Inc.*, Law No. CL99-2240 (Norfolk, 2001).  Virginia Courts have expressly ruled that the Act covers wrongful death, as well as *personal injury*, *damages*.

Additionally the Courts have simply applied the Act as written:
"The Act allows any person "who suffers loss as the result of a violation" to "initiate an action to recover actual damages...." Virginia Code § 59.1-204. Nowhere in the Act is "loss" limited to property interests, and the Liquidating Trust cite no authority for such a limitation."

**(E)    CREDITOR AT THE MINIMUM WOULD BE ENTITLED TO RECOUPMENT OF ATTORNEYS IN ORDER TO FIGHT GMAC'S FRAUD**

(I)    Joint-Debtor GMAC engaged in a pattern and practice of defrauding Burnett in that, during the life of the mortgage loan, GMAC failed to properly credit payments made and foreclosed on the Subject Property based on GMAC's alleged non-payment which they knew to be false.

(II)    Joint-Debtor GMAC had actual knowledge that the Burnett's account was not accurate but that GMAC could use the inaccuracy to foreclose on the Subject Property which had substantial equity, to recover its excessive fees, charges and interest. Burnett

8

made such payments and provided proof of the payments based on the improper, inaccurate, and fraudulent representations as to their account. GMAC also utilized known amounts to Burnett to be inaccurate to determine the amount allegedly due and owing for purposes of foreclosure.

(III)    Additionally, the GMAC concealed material facts known to them but not to Burnett regarding payments, notices, assignments, transfers, late fees and charges with the intent to defraud Creditor Burnett.

(IV)    GMAC made the above-referenced false representations, concealments and non-disclosures with knowledge of the misrepresentations, intending to induce Burnett's reliance, which the unsuspecting he justifiably relied upon, resulting in damage to his credit standing, costs and loss of his property. Burnett was unaware of the true facts. Had he known the true facts, Creditor, among other things, would not have maintained the GMAC as their lender, servicer and trustee (and their alleged agents) and/or would have taken legal action immediately to save his house.

(V)    As a result of GMACs' fraudulent conduct, Burnett has suffered compensatory, general and special damages in an amount of proof. Additionally, GMAC acted with malice, fraud and/ or oppression and, thus, Creditor is entitled to an award of punitive and treble damages.

## IV.    CONCLUSION

For the foregoing reasons mentioned above Creditor Conrad P Burnett respectfully

requests that this Court Overrule the Objection filed by the Liquidating Trust and all

other relief this Court deems just and proper.

Date: 11/29/2014                                          Respectfully Submitted,


                                                          ___/s/_Pablo E. Bustos_____

                                                          Pablo E. Bustos, Esq.
                                                          Attorney for the Creditor

## CERTIFICATE OF SERVICE

   **I HEREBY** certify that a true and correct copy of the foregoing **REPLY**

**MEMORANDUM TO RESCAP LIQUIDATING TRUST'S OBJECTION** is to be

electronically filed with the Clerk of the Court using ECF system, which sent notification

of such filing to all ECF participants requesting electronic service.

Date: 11/29/2014                                        Respectfully Submitted,


                                                          **/s/  Pablo E. Bustos**

                                                       Pablo E. Bustos, Esq.
                                                       Attorney for the Creditor