November 15, 2014

Elda M Thompson
137 Ellery Avenue
Newark, NJ 07106-3501
609-973-687-4117

Maria M Thompson
29 General Lane
Willingboro, NJ 08046
609-531-6075

Honorable Martin Glenn
United States Bankruptcy Court for the
Southern District of New York
Aleander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

Morrison & Foerster LLP
Counsel to the ResCap Borrower Claims Trust
250 West 55th Street
New York, NY 10019
(Attention: Norman S. Rosenbaum,
Jordan A. Wishnew
Jessica J. Arett

Office of the United States Trustee for the
Southern District of New York
U. S. Federal Office Building
201 Varick Street – Suite 1006
New York, NY 10014
(Attention: Linda A. Riffkin, Brian S. Masumoto)

The ResCap Borrower Claims Trust
Polsinelli PC
900 Third Avenue
21st Floor
New York, NY 10022
(Attention: Daniel J. Flanigan)

Re: Residential Capital, LLC, et. al.
Case No. 12-12020 MG
Chaptel 11
Jointly Administered - GMAC
Account number 0359188459
Residence located at
137 Ellery Avenue
Newark, NJ 07106



Case No. 12-12020 (MG)
Chapter 11
Jointly Administered – GMA account number 0359188459
Residence located at 137 Ellery Avenue, Newark, NJ 07106-3501

As per your request both, Elda M Thompson and Maria M. Thompson are submitting to you our opposition for the disallowance and expungement of our claim listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED on the ground that the claim(s) is a No Liability Borrower Claim, and sufficient evidence for you to recognize the calculations used to determine the amount claimed to be owed, and the claim(s) is a Liability Borrower Claim.

The following Exhibits will answer our claim:

Exhibit A - Proof of mortgage loan owned by JP Morgan Chase on 137 Ellery Avenue, Newark, NJ 07016 paid-in full by Ameriquest Mortgage Company on July 12, 2005.

Exhibit B - Cancelled of Record dated August 16, 2005

Exhibit C – Assignment of Mortgage
 Ameriquest Mortgage Company to GMAC Mortgage
 This document has been altered:

1- Date: 4-22-12                              (handwritten)
2- Numbers 89171-RI GMAC                      (handwritten)
3- Account number –0359188459                 (handwritten)
4- Line across:  When recorded mail to
                 Ameriquest Mortgage Company
                 P. O. Box 11507
                 Santa Ana, CA  92711
5- Ineligible initials                        (handwritten)

6- Stamp of: ZUCKER,GOLDBERG,MCKERMAN,LLC
             Attorneys At Law
             200 Sheffield St. Suite 301
             Mountainside, NJ 07092
7- Loan Number:  completely black stained
8- Assignment of Mortgage
   FOR GOOD AND VALUABLE CONSIDERATION, the sufficiency is hereby acknowledged, whose address is: 1100 Town & County Road Orange, CA 92868 by these presents does convey, grant, bargain, sell, assign, transfer and set over to: (handwritten) U.S. Bank National Association ( ?? )Trustee for Citigroup Mortgage Loan Trust, Inc, Mortgage Pass-Through Certificates Series: 2005- 9 (Assignee")

12-12020-mg    Doc 7817    Filed 11/19/14    Entered 12/02/14 14:04:29    Main Document
                                    Pg 3 of 13
Case No. 12-12020 (MG)
Chapter 11
Jointly Administered – GMA account number 0359188459
Residence located at 137 Ellery Avenue, Newark, NJ 07106-3501

> whose address is: c/o GMAC Mortgage 1100 Virginia Drive,
> Port Washington, PA 19034.............
> Said Mortgage is recorded in official records of ESSEX,
> County, State of New Jersey
> Recorded in Book 107?? on Page 595 ???#5745468
> Recorded: 10-3-05

This altered document is an illegal document; therefore, unacceptable as proof of GMAC ownership of the mortgage loan on 137 Ellery Avenue, Newark, NJ 07106-3501. The original of this altered document was prepared by: Ameriquest Mortgage Company – 1100 Town & Country Road, Orange, CA 92868, on July 5, 2005.

> Exhibit D – Mr. Jeremy Poorte and Michelle Poorte's mortgage loan, with Identifier: 0359188459, which is Elda M. Thompson's mortgage account number with GMAC. It was sent on 2010 by GMAC as copy of the mortgage on 137 Ellery Avenue, Newark, NJ 07106. It is noted that Mr. Jeremy Poorte and Michelle Poorte's property address is shown as 3779 Jackson, Ogden, UT 84403. GMAC Mortgage needs to explain why the mortgage loan of Mr. Jeremy Poorte and Michelle Poorte's Identifier in Ogden, UT is the exact number of the mortgage account loan on 137 Ellery Avenue, Newark, NJ.
>
> Exhibit E – Forensic Audit on 137 Ellery Avenue, Newark, NJ, 07106 property

The Forensic Audit on 137 Ellery Avenue, Newark, New Jersey, 07106-3501, shows the mortgage loan on said property did not pass the state regulations and that GMAC was also charging a higher interest rate than what is stated on the billing statements.

GMAC has an APR of 5.99000 % with a P & I payment 1227.71, the margin is 2.75000 %. The forensic audit shows a disclosed APR: 6.6554 % and a calculated APR of 6.6554, with a difference of 0.0014 %. According to the Forensic audit the APR is 6.6554 % and the margin is 2.75000 %: The calculation for the sum paid up to date is:

> With this hidden ARP rate of 6.6554 %, the amount paid up-to-date is: Quarterly: $ 37,862.73 with a sum of (4 * $ 37,862.73) = 151, 450. 92 Total Interest rate paid up-to-date is $ 12, 731.16. The financial fee paid up-to-date is $ 10, 471.20. The total amount paid of the quarterly (4) + the Total Interest rate + the Financial Fee equals 174,653.28, not including the $ 12, 000 additional paid for the in properly submitted foreclosure that included a mortgage that was already paid off and closed. All of the documents will be included in with this letter. I hope you can see that we are owed more than

12-12020-mg    Doc 7817    Filed 11/19/14    Entered 12/02/14 14:04:29    Main Document
Case No. 12-12020 (MG)            Pg 4 of 13
Chapter 11
Jointly Administered – GMA account number 0359188459
Residence located at 137 Ellery Avenue, Newark, NJ 07106-3501

previously stated because I was using the APR interest rate stated on the mortgage payment bill of every month, which is 5.999 %.

The review also includes an analysis of the significant data in the mortgage loan agreement documents to evaluate the conformity with the specific characteristics of the Consumer Protection Laws relating to the GMAC mortgage lending Company which includes the Truth-In-Lending, the anti-predatory lending and the pertinent Federal and State Consumer Protection Laws and Regulations.

The Forensic Audit review details demonstrated that the following five regulations were violated by the lending company, GMAC:

1) The New Jersey Lenders Act which forbids third party fees in a first lien loan if disbursed to the lender as an alternative of a third party contributor. (N.J. ADC 3:1-16.2)

N.J.A.C. 3:1-16.2 is delineates an assurance fee as "... a fee, exclusive of Third Party Fees, levied by a Lender as deliberation for binding the Lender to create a loan in Agreement with the standings and circumstances of its commitment and allocated on or after acquiescence of the commitment... The volume of several commitment fees intends to be judiciously linked to its resolution and may be established upon a proportion of the principal sum of the loan or the sum funded."

2) The New Jersey Licensed Lenders Act (N.J. REV. State 17:11C-28; N.J. ADC 3:15-9.2) does not consent Settlement or Closing Fee (Fee ID: 51) to be charged to the Borrower in New Jersey.

N.J. Stat. Ann. 17:11C-23 (West, WESTLAW through 2004). The resolved of the statute is to limit the fees licensed Lenders may charge indispensable to the commencement, handling and closing of a mortgage loan transaction. Gulkowsky v. Equity One Inc., 821 A.2d 485, 513(N.J. Super. 2003), revised on other sediments, 848 A.2d 747 (N.J. 2004); in executing the decree, the New Jersey Department of Banking states a commitment fee as abide by:

"Commitment fee: Defined as a fee, exclusive of third-party fees, imposed by a lender as consideration for binding the lender to make a loan in accordance with the terms and conditions of its commitment and payable on or after acceptance of the commitment, except a lock-in fee charged pursuant to (a) 5 below, the amount of any commitment fee shall be reasonably related to its purpose and may be based upon a percentage of the principal amount of the loan or the amount financed."

12-12020-mg    Doc 7817    Filed 11/19/14    Entered 12/02/14 14:04:29    Main Document
Case No. 12-12020 (MG)         Pg 5 of 13
Chapter 11
Jointly Administered – GMA account number 0359188459
Residence located at 137 Ellery Avenue, Newark, NJ 07106-3501

Section 22 of P.L.1996, c.157 (C.17:11C-22) is amended to read as follows:

a. No individual intend to use the word "mortgage" or comparable words in several marketing, signs, letterheads, cards, or like substance which incline to characterize that the individual organizes the first mortgage loans except that an individual is licensed to act as a mortgage banker or mortgage broker underneath this act, or is released from licensing beneath section 4 of this act. No individual licensed under this act will be granted a license in a name holding such texts as "insured," "bonded," "guaranteed," "secured" and the like. Nonetheless the prearrangements of section 18 of P.L.1948, c.67 (C.17:9A-18) or any other law to the opposing, an individual licensed under this act to act such as a mortgage banker [or], mortgage broker or mortgage advocate may use the terminologies "mortgage banker" [or], "mortgage broker," or "mortgage solicitor," correspondingly, as part of the licensee's name.

b. No mortgage banker or mortgage broker shall, in relationship with or accompanying to the creating of a first mortgage loan, entail or allow the mortgage implement or bond or note to be contracted by a party to the deal if the implement comprehends any outright gaps to be satiated in subsequently it has remained contracted, except blank spaces connecting to documenting.

c. No mortgage banker or mortgage broker shall charge or precisely straight or circuitously from the mortgagor or any other person fees, commissions or charges not sanctioned by this act.

d. No individual shall obtain any commission, bonus or fee in joining with positioning or commencing a first mortgage loan for a borrower except if that individual is licensed or exempt from licensure by way of a mortgage banker or mortgage broker, except that a [recorded] licensed mortgage advocate may receive a commission, bonus, or fee from his employer.

e. No individual or licensee sanctioned to act as a mortgage banker or mortgage broker shall compensation of any commission, bonus or fee to any individual not licensed or not exempt under the endowments of this act in joining with positioning for or starting a mortgage loan for a borrower, except that a [recorded] licensed mortgage advocate may be paid a bonus, commission or fee by his employer.

12-12020-mg    Doc 7817    Filed 11/19/14    Entered 12/02/14 14:04:29    Main Document
Case No. 12-12020 (MG)         Pg 6 of 13
Chapter 11
Jointly Administered – GMA account number 0359188459
Residence located at 137 Ellery Avenue, Newark, NJ 07106-3501

    f. No individual shall acquire or effort to get hold of a license by deception or falsification.

    g. No mortgage banker or mortgage broker shall distort, evade, or suppress the nature of any physical precise of any transaction to which the mortgage banker or broker is a party.

    h. No mortgage banker or mortgage broker shall neglect to disburse the funds in agreement with the mortgage banker's or broker's contracts, without then well-arranged by the commissioner or a court of this State or of the United States.

    i. No mortgage banker or mortgage broker shall fail deprived of respectable cause to account or transport to any individual any individual assets, money, fund, deposit, check, draft, mortgage, document or thing of value, which is not the mortgage banker's or broker's property, or which the mortgage banker or broker is not in law or equity permitted to retain under the state of affairs, at the time which has remained agreed upon, or is mandatory by law or, in the nonappearance of a fixed time, upon mandate of the individual titled to such accounting and delivery.

    j. No individual or licensee shall neglect to position an escrow, instantaneously upon receiving, any money, fund, deposit, check or draft commended to him/her via any individual distributing with him/her as a mortgage banker or mortgage broker, in a way approved by the commissioner, or to deposit the assets in a trust or escrow account retained by him/her with a financial institution the deposits of which remain insured by the Federal Deposit Insurance Corporation or [the Federal Savings and Loan Insurance Corporation] its predecessor, in which the funds shall be reserved pending the expenditure thereof is appropriately sanctioned.

    k. If a mortgage banker or mortgage broker offers loan continues to a closing agent for the determination of closing and resolving a mortgage transaction the mortgage banker or mortgage broker shall not fail: (1) to present a certified check, cashier's check, teller's check or bank check for the proceeds of the first mortgage loan; (2) to arrange an electronic fund transfer for the continues of the loan; or (3) to deliver for payment by cash to the closing agent at a judicious time and position prior to the time of the mortgage closing transaction. The closing agent shall deposit the loan continues in a trust or escrow account, which shall not be commingled with the agent's own funds, and shall distribute the loan ensues upon the closing or settlement in

12-12020-mg    Doc 7817    Filed 11/19/14    Entered 12/02/14 14:04:29    Main Document
Case No. 12-12020 (MG)          Pg 7 of 13
Chapter 11
Jointly Administered – GMA account number 0359188459
Residence located at 137 Ellery Avenue, Newark, NJ 07106-3501

arrangement with the settlement forms. Nonentity controlled in this subsection k. shall necessitate a mortgage banker or mortgage broker to exploit a closing agent, nor avert the mortgage banker or mortgage broker from straightforwardly distributing loan ensues from the account of the mortgage banker or mortgage broker to the mortgagor and other individuals authorized to obtain expenditures from the reimbursement if a closing agent is not used. Nothing controlled in this subsection k. shall avert the individual or licensee from evaluating a judicious charge as set forth by directive by the commissioner to replicate the supplementary expenditure to the individual or licensee for the issuance of a certified, cashier's, teller's or bank check or for positioning an electronic fund transfer. That judicious charge shall be fully revealed at request or at or preceding to the issuance of the loan commitment, A "bank check" indicates a transferable device illustrated by a state or federally commissioned bank, savings bank or savings and loan connotation on itself or on its account in alternative state or federally commissioned bank, savings bank or savings and loan connotation liability business in this State. A "teller's check" entails a draft drawn by a bank on additional bank, or allocated at or through a bank.

3) The New Jersey Licensed Lenders Act (N.J. Revised State 17:11C-28; N.J. ADC 3: 15-9.2) does not permit Settlement or closing fee (Fee ID: 51) to be charged to the Borrower in New Jersey State.

Subchapter 9 administrates allowable fees to be charged by mortgage bankers, communicator mortgage bankers and mortgage brokers. N.JA.C. 3:15-9.1(a) is projected to be obliterated, as the subsection is duplicative of what is controlled in the stability of the subchapter.

N.J.A.C. 3:15-9.2(b), which prohibits secondary Lenders from accumulating interest beforehand it is earned, is projected to be obliterated. The Department has regulated that the Act does not proscribe this procedure as to secondary Lenders.

4) The New Jersey Licensed Lender's limits the quantity of the additional Service fee for recording a cancellation of a mortgage to $25,000. (N.J. ADC 3:1-16.2(a)(3))

N.J.A.C. 3:116.2 (a) (3) Subchapter 16 standardizes the fees, charges, and requirements associated with submissions for closed-end residential mortgage loans secured by first liens. The precise, rules set the necessities for the loan applications, lock-in agreements, and commitments, and define the allowable fees. Changes are projected in N.J.A.C. 3:1-16.1 and 16.3 to imitate withdraw of the

Case No. 12-12020 (MG)
Chapter 11
Jointly Administered – GMA account number 0359188459
Residence located at 137 Ellery Avenue, Newark, NJ 07106-3501

Mortgage Bankers and Brokers Act, N.J.S.A. 17:11B-1 et seq. and its substitute by the Licensed Lenders Act, N.J.S.A. 17:11C-1 et seq. and the transformed terminologies from that constitutional substitution. Moreover, language variations to simplify the rule are projected at N.J.A.C. 3:1-16.2.

> 5) This Mortgage Agreement Loan, a High Risk Mortgage Loan. Under the New Jersey Mortgage Stabilization and Relief Act upon satisfying a foreclosure complaint on or after April 1, 2009, the Lender requirement contribution the Borrower a six-month –period of forbearance to follow a loan without, modification, refinancing, or other alternative through reflection subsidized by the Administrative Office of the Courts, throughout the patience period the loan's interest rate cannot increase and the Lender may not take part which further action to pursue foreclosure. (N.J. Rev. Stat. 46:10B-50)

46:10B-50. Six-month forbearance period before foreclosure; classifications.

> 16. a. (1) A creditor that files and serves, pursuant to the "Fair Foreclosure Act," P.L.1995, c.244 (C.2A:50-53 et al.), a summons and complaint of foreclosure on a high risk mortgage loan, shall grant the borrower a six-month period of forbearance, upon written request of the borrower, to pursue a loan workout, loan modification, refinancing, or other alternative through the Judiciary's Foreclosure Mediation Program, where eligible, or another form of mediation or settlement discussion. During the six-month forbearance period, the interest rate on the high risk mortgage loan shall not increase and the creditor shall take no further action to pursue foreclosure of the property. Nothing in this subsection shall constitute a limitation on the ability of the creditor and borrower to participate in the Judiciary's Foreclosure Mediation Program or another form of mediation or settlement discussion, or enter into an agreement as a result of that mediation.

> As used in this section:
> "Forbearance" means a period of six months during which the creditor shall suspend all efforts to advance any judicial foreclosure proceedings filed by the creditor against the borrower."
> "High Risk Mortgage" means the first mortgage loan that has one or more of the following characteristics: is an interest only mortgage with a future interest reset rate; has a reset mortgage interest rate that increases the initial interest rate by two or more percentage points; contains a payment option plan or a "pick a payment" plan; contains a negative amortization schedule and is a subprime mortgage, which means a consumer credit transaction, secured by the consumer's principal dwelling,

Page 8

12-12020-mg    Doc 7817    Filed 11/19/14    Entered 12/02/14 14:04:29    Main Document
Case No. 12-12020 (MG)    Pg 9 of 13
Chapter 11
Jointly Administered – GMA account number 0359188459
Residence located at 137 Ellery Avenue, Newark, NJ 07106-3501

with an annual percentage rate that exceeds the average prime offer rate for a comparable transaction, as of the date the interest rate is set, by 1.5 or more percentage points for loans secured by a first lien on a dwelling, or by 3.5 or more percentage points for loans secured by a subordinate lien on a dwelling; contains an enforceable prepayment penalty; or is a high cost home loan as defined in section 3 of the "New Jersey Home Ownership Security Act of 2002," P.L.2003, c.64 (C.46:10B-24).

(2)   Upon serving the summons and complaint in a foreclosure action, the creditor shall notify the borrower of the borrower's right to forbearance as provided for in this section, and, upon receipt of written request by the borrower, within 30 days of the receipt of the summons and complaint, the creditor shall grant the borrower a six-month period of forbearance, beginning on the date the creditor receives the borrower's request.

(3)   The notice of the borrower's right to forbearance shall include the following information:

(a)   whether the loan being foreclosed upon is eligible to receive forbearance;
(b)   that the borrower has the right to request the period of forbearance in writing no later than 30 days after receipt of the summons and complaint;

(c)   the full address and other contact information to which the request for forbearance may be sent.

(4)   Upon receipt of a request for forbearance, the creditor shall:

(a)   suspend all efforts, during the forbearance period, to advance any judicial proceeding in furtherance of the foreclosure action; and

(b)   notify the court that forbearance has been granted with the dates that the forbearance period will begin and end. Nothing herein shall preclude the creditor and borrower from participating in mediation or settlement discussions, including the Judiciary's Foreclosure Mediation Program.

(5) When a forbearance period is granted by the creditor pursuant to subsection a. of this section, the borrower and creditor shall participate in the Judiciary's Foreclosure Mediation Program, where eligible, or another form of mediation or settlement discussion; provided, however, that the inability of the borrower to participate in mediation as a result of circumstances beyond the

12-12020-mg    Doc 7817    Filed 11/19/14    Entered 12/02/14 14:04:29    Main Document
                                    Pg 10 of 13

Case No. 12-12020 (MG)
Chapter 11
Jointly Administered – GMA account number 0359188459
Residence located at 137 Ellery Avenue, Newark, NJ 07106-3501

borrower's control shall not affect the borrower's continued eligibility for forbearance.

(6) If the borrower ceases to occupy the property at any time during the period of forbearance under this section, or if the borrower affirmatively advises the creditor, in writing, that the borrower will not participate in the Judiciary's Foreclosure Mediation Program or another form of mediation or settlement discussion, the creditor shall notify the court, and upon notification, and approval of the court, the period of forbearance shall be deemed to have ended.

(7) The provisions of this section shall expire two years following the effective date of P.L.2009, c.84; provided, however, that a forbearance period shall continue for its entire six-month period notwithstanding the expiration of this section.

L.2008, c.127, s.16; amended 2009, c.84, s.1

Exhibit F – Altered document showing a Mortgage – Recorded/Filed AC 2 Essex County Register 10/03/2005 - 10:40:4 Bk 10772 Pg 19. The same document shows a stamp – Bill to Foreclosure Filed 8-3-2007. In addition, the same document shows two initials (mt) (emt) signed 06/24/2005 3:05:20, and at the bottom of the page a series of numbers: Inst#5145468 BK# 10772 PG#5?. Altered documents are illegal proof, thus, not a valid document.

Exhibit G – Complaint for Foreclosure – Docket NO F 19337-07 based on a mortgage loan paid-in full on August 16, 2005.

Exhibit H – Foreclosure Repayment Agreement based on illegal foreclosure filed 8-3-2007. Elda M. Thompson was forced to pay the amount of $28,369.95.

Exhibit I, J, & K – Denise Jungen, Executive Account Manager- Ocwen Loan Servicing, LLC sent a letter dated April 9, 2013 to Elda M. Thompson and Maria M. Thompson. On this document Ms. Jungen stated: "The loan was service released to GMACM as of October 2005 and as of February 2013, the loan was service released to Ocwen. Therefore, your current loan servicer is Ocwen". "Our records confirm as of July 7, 2011 the loan was referred to foreclosure....you need to contact the foreclosure attorney Zucker, Goldberg, Ackerman at 1-908-924-8409, option 1. Zucker,Goldberg, Ackerman denied knowledge of Ocwen Loan Servicing, LLC and added that a foreclosure was not filed nor enforced on 137 Ellery Avenue, Newark, NJ 07106-3501 either presently or in the past.

The entire document sent belongs to Maria M. Thompson's loan with JPMorgan Chase. This loan could not have been released to GMAC Mortgage Company as of October 2005; the loan was cancelled on August 16, 2005; therefore,

Case No. 12-12020 (MG)
Chapter 11
Jointly Administered – GMA account number 0359188459
Residence located at 137 Ellery Avenue, Newark, NJ 07106-3501

in October 2005 the loan was still own by JPMorgan Mortgage Company. The first page is missing; nonetheless, as GMAC is unable to present a clear, valid mortgage documents, GMAC Mortgage Company is using JPMorgan Chase mortgage documents as its own. An action also appears to be illegal.

The main issue is, not only that GMAC improperly and with malice performed a foreclosure with what appeared to be two months late in the year of 2007, in 2010, in another attempt tried to repeat its illegal action in 2007. GMAC opened an Escrow account, while GMAC claim in 2010 was that an Escrow account is automatically created based on the sole application for a loan modification, (1) it is also stated – by GMAC – that, the Escrow account could not come into effect, and was cancelled because the loan was not approved.

GMAC claimed ownership of a mortgage loan on 137 Ellery Avenue, Newark, NJ 07106-3501 presenting altered documents, and documents owned by other parties. GMAC actions are unacceptable and should be punished by law.

Exhibit L – Deed – This document was not valid until August 16, 2005 when it was recorded and filed. If GMAC has a valid mortgage loan on 137 Ellery Avenue, Newark, NJ 07106-3501, Elda M. Thompson's name should not appear as joint tenant in October 2005.

The documentation enclosed clearly proof that GMAC, not only did not own a mortgage on 137 Ellery Avenue, Newark, NJ 07016-3501 in October 2005, but failed to provide clear, original, and legal documents of the loan it claimed possess since October 2005.

Regarding your understanding of the calculations used to determine the amount GMAC owed Elda M. Thompson, we stated that: The current mortgage has an APR of 5.99000 % with a P & I payment 1227.71, the margin is 2.75000 %. The forensic audit shows a disclosed APR: 6.6554 % and a calculated APR of 6.6554, with a difference of 0.0014 %. According to the Forensic audit the APR is 6.6554 % and the margin is 2.75000 %.

The calculation for the sum paid up to date is: With this hidden ARP rate of 6.6554 %, the amount paid up-to-date is: Quarterly: $ 37,862.73 with a sum of (4 * $ 37,862.73) = 151, 450. 92 Total Interest rate paid up-to-date is $ 12, 731.16
The financial fee paid up-to-date is $ 10, 471.20.

Case No. 12-12020 (MG)
Chapter 11
Jointly Administered – GMA account number 0359188459
Residence located at 137 Ellery Avenue, Newark, NJ 07106-3501

The total amount paid of the quarterly (4) + the Total Interest rate + the Financial Fee equals 174,653.28, not including the $ 12, 000 additional paid for the in properly submitted foreclosure that included a mortgage that was already paid off and closed. I am owed more than previously stated because I was using the APR interest rate stated on the mortgage payment bill of every month, which is 5.999 %.

Based on the aforementioned detailed evidence the Debtors incurred in a Wrongful Foreclosure on August 3, 2007 against the residence located at 137 Ellery Avenue, Newark, NJ.

Based on the aforementioned detailed the Debtors are liable for the Loan Modification Claims because: (a) the Debtor failed to prove it holds a proper and valid Mortgage/Deed of Trust, as consequence a Modification Loan is null and void. Then the Debtor attempted to pass the fraudulent Mortgage to Ocwen Loan Servicing, LLC and Ocwen Loan Servicing, LLC, failed for the same reason; lacked of a proper, valid Mortgage/Deed of Trust

## CERTIFICATE OF SERVICE

Elda M. Thompson and Maria M. Thompson, hereby certified that copies of Notice of Response to Motion to Dismiss Plaintiffs Complaint with Prejudice filed on November 18, 2014 are been sent Priority Mail to:

Honorable Martin Glenn
United States Bankruptcy Court for the
Southern District of New York
Aleander Hamilton Custom House
One Bowling Green
New York, New York 10004-1408

Morrison & Foerster LLP
Counsel to the ResCap Borrower Claims Trust
250 West 55th Street
New York, NY 10019
(Attention: Norman S. Rosenbaum,
Jordan A. Wishnew
Jessica J. Arett

Case No. 12-12020 (MG)
Chapter 11
Jointly Administered – GMA account number 0359188459
Residence located at 137 Ellery Avenue, Newark, NJ 07106-3501

Office of the United States Trustee for the
Southern District of New York
U. S. Federal Office Building
201 Varick Street – Suite 1006
New York, NY 10014
(Attention: Linda A. Riffkin, Brian S. Masumoto)

The ResCap Borrower Claims Trust
Polsinelli PC
900 Third Avenue
21st Floor
New York, NY 10022
(Attention: Daniel J. Flanigan)

    Norma G. Thompson-Little possess ultimate authority to reconcile, settle, or otherwise resolve the claim on behalf of Plaintiffs in the event of the death of either Plaintiffs.

_____  _____
ELDA M. THOMPSON    MARIA M. THOMPSON