UNITED STATES BAMKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK                case no. 12-12020{MG)

In re:

RESIDENTIAL CAPITAL LLC        et al       chapter 11

Debtors                                    Jointly Administered



NOTICE OF OBJECTION TO TRUST'S OBJECTION OF PROOF OF CLAIM NO 2536 filed by
STEPHANIE HARRIS.

PRELIMINARY STATEMENT.

1   Objection is made to all redaction documents unless mutually agreed upon.  The redaction is
    primarily self-serving for the trust.

2   Objection is made as many of the statements have gross errors and many of the statements do not
    match the exhibits.  Many of the statements have gross errors of facts.  Thus rendering the
    objection mute as it is based upon facts misstated.

3   The damage only came out to the full extent at the very chapter 7 hearing and forward from that
    Trust claims should have stopped such claims.

4   There has been no wrongful foreclosure as the property under the laws of the state of Florida see
    Ocwen vs Bellistri. The note is separated from the mortgage. At all times there is no original note.

    a.  Attorney Stern with the intent to rush to foreclosure under the OBAMA ban fabricated the
        Identity of Deutsche Bank. This is further proven by the one of the multiple assignments
        Here to not in possession of page 51 of 379. Presented by the objecting Trust itself.  Proving
        that as the attorney stated in open court that "this was a mistake" Upon other issue there are
        three other conflicting assignments of Attorney Stern which other that no note and the
        mortgage separated from the property. (Florida is a lien state.  The Mortgage is only a lien
        upon the note.)  The note in all times the original was absent was not assigned to MERS only
        the mortgage so the defense that it was transferred through MERS is invalid.

    b.  Stacy Bressler under the employ of Stern disguised as the representative of Deutsche Bank
        placed on camera hidden until finalization of case when all come to surface. Proof of
        Standing and Proof of Claim which she claimed in open court as the Original Note.  Upon the
        reading of the pacer document after closing of case the document on camera was an
        unrecorded   safety deposit box agreement from 2004. Virtually no proof of standing and
        clearly no original note.

c. When an evidentiary hearing was demanded that Bressler under the employ of Stern under the Employ of GMAC {see United States Court of Appeals for the ninth Circuit: Exon Shipping Company vs. Grant Baker case number 04-35183) the intent of the Trick upon the Court was the responsibility of Residential. There is no hiding the responsibility. There is no denying Stern was under clear orders of the Gmac, Residential et al. At all times they paid his bills. The courts upheld Sterns right to fees and the courts forced the payment of Stern's fees. The rush to lift the stay and rush to foreclosure was an attempt to with Identity theft of Deutsche Bank, notoriously one of the most difficult entities to get confirmation or denial from, to do so before the full ban on foreclosure was in full force thereby attempting to slip it in incognito without being suspect to the penalties of disobeying the ban on foreclosure during this period.

d. The multiple hearing and attempts to lift the stay were endless and deliberate to exhaust the financial capabilities of Harris and to weary the court, the patience of Judge Crystal, and the trustees of so many hearings running up legal fees in abundance of at this venue some $27,000.00 plus trustee fee in the amount of $8,000.00 and the alienation of attorney Berlowitz who was a school mate of Bressler and constantly urged to cede the property.

e. Gmac was never in good faith on attempts of loss mitigation as this was the beginning of Save Your Home Hope. GMAC at all times was handled by Attorney Gary Glasser whom very early in negotiations made it clear the there was no note, and more important (and this is the primary reason to redact the documents, the Federal Reserve has never been paid.) This is from People's Choice, the Trust, GMAC, Residential and most important the liquidating Trust. Had the Federal Reserve been paid, all the properties (victim's class) that were sold at platform auction to Ocwen and Berkshire Hathaway would have been saved through the current Hamp programs and not lost to foreclosure by their owner and not net profit of the liquidating trust. This damage continues to this day. It will certainly come to the knowledge of more than me that had the Trust as it had originally stated paid the Federal Reserve or even made a repayment agreement with the Treasury Department, the Hamp modification would have been available instead of economic slaughter.

f. Gmac offered attorney Glasser a non performing edition of what was the forerunner of the Save the Home; which eventually became Hamp but with all the negotiations with Glasser no modification was ever produced; nothing was provided as all loans depended on either credit sweetening or participation of a bank that had paid the Federal Reserve. What was offered was a document making three payments and a balloon which in fine print created some trigger point of escalation foreclosure in the Trust. The balloon in the loan modification offered by GMAC was the only outcome possible as the two payments would be made, no loan available as in foreclosure and no Federal Reserve payment so the balloon would automatically be triggered into escalation of trigger points in the non-provided trust agreement. (The actual Trust agreement was only revealed recently) but it was clear to Glasser and Harris that the financial documents only applied to Fannie Mae or Freddie Mac loans and would automatically trigger the balloon. Harris and Glasser both by knowledge and research by speaking to multiple mortgage brokers, HUD, knew the "modification" was leading to the slaughter of the trigger balloon to this day. The damage by the Liquidating Trust continues as The Federal Reserve has still not been paid and each property has gone to

3 9 4

its intended profit producing entity which funded the Trust yet deprived each homeowner of a modification. Except in cases such a 1525 Lenox Ave number 2. (More litigation La Salle)

g. This in essence answers and clarifies the lack of veracity in B (1) Pre foreclosure Work out attempts. In B 15. 16, 17, 18, 19, 20.21.22, 23, 24, as there was no loan or modification until the Federal Reserve was paid. The documents would have only triggered balloon payments.

   h. In the 2014 attempt of chap 13 modification programs. No proof of claim was even offered by Ocwen. The cost of Gasser was approximately $12,000.00. New damages · created through the hands of residential and the signing off of its participation in trust.

a) It is open to future interpretation as to cause the quit claiming of Residential from the Trust, (after the orders of Glenn that no changes could be paid.) as reason Harris could not be ceded the ownerless property) was one of the triggering escalation clause causing the trust to be dismantled and distribution of equities)

b) During the course of the confirmation of the 5th plan in the chap 13 modification La Salle Bank object to confirmation and claims that the property belong to it. That it has not accepting any modification and object to any strip down of value. We are now adding some other $6,000.00 in Chapter 13 loan modification attorney's fees. Plus the payment of the mediator which neither Ocwen nor La Salle New York bank would book or attend. Yet continually objection to confirmation of the chapter 13 plan without proof of claim, or a note.

c) In answer to 43 of Trust dispute of Claim damages are still ongoing. Therefore could not have been disclosed in Chapter 7 2010 case.

d) In short and plain words the damage is caused by the failure to pay the Federal Reserve making all modifications impossible.

e) This failure to pay the Federal Reserve voids all statements of the Prior Declaration as all proposals could not be provided by GMAC. The response to errors of omission of page 333 of 379 of the Trust's objection to claim 2536.

5) Department of Professional Regulation, Divisions of Florida Land Sales and Mobile Homes. As Plaintiff vs. Stephanie Harris as defendant entered by Liquidating Trust as proof of no tortuous interference by GMAC at the 2010 Chapter 7 bankruptcy case.

   1) Clearly this is in error as identified as it is proof of nothing.
   2) Omission en gross as to true circumstances, outcome, of case.

   As noted this case has two numbers.

   1) Both of which were dismissed in 2010 when after from 2006 on (slap suit) it was declared by William Wohlsifer that he had no evidence on file for all 189 statements in the complaint.
   2) This is the only time I have ever seen a true look of uncontrolled shock and disbelief on a judges Face.
   3) Wohlsifer was fired by the DBPR.
   4) The DBPR also did the preliminary investigation for the EPA ruling of owners of last responsibility of the some thousands of landsite quit claimed to unavailable owners, defunct corporations etc. The damages of creating canals and lakes without permits destroying and cost of billions of dollars to remedy the State of Florida.

4 of 4

5) In note during the chapter 7 2010 case all pleadings of the DBPR attorney Brittle were identified as for the defendant the Department of Professional Regulation (Trust Objection pages 333 of 379. This was due to the one oversight that the state of Florida has on the DBPR other than it must bring its cases to court for judgment. Cannot adjudicate for itself, but the only restriction in bring to court is 718-516 (1) (a);  All complaints over ninety days old must be brought to notice of the Governor and the Speakers of the house. From 2006 until 2010 no administrative hearing was ever held. No evidentiary procedure. The case continued on mismarked exhibits on hearsay without any documented neither proof nor disclosure to the governor. I.e. Wohlsifer's disclosure of no evidence on returned to county court and dismissal. And Brittles transition to defendant. A wise woman she at all times was ready to defend the failure of the DBPR in 4 years failing to have made one disclosure that was due 90 days after original complaint. The complaints were dismissed within the DBPR but each year the former issues were rolled over and represented.

6) The final dismissal was executed by Attorney Alex Britto.

7) Alex Britto's firm Zarco Einhorn Salkowski & Brito, P.A. recently prosecuted Stern in  DJSP Enterprises Inc. et al   vs. Stern, case number 1200097  Broward Circuit Court of the 17th Judicial Circuit for Broward  where a judgment of $60 million dollars was given and collected for selling the same type of toxic paper produced in the multiple and fraudulent assignments, statements and filing to a Chinese law firm.

A. Claim is now reopened for further offering of settlement 2536.

B. On the Objection to the Trusts Objection is now simplified the Federal Reserve has never been paid. This has cost Harris more that 5 million dollars in credit denial, lost ability to move forward, modify this loan. This is to date.

C. the settled amount of 1.5 million seems quite adequate for the years of pain and suffering to date

 D. It is unclear if damages are here with   stopped with the entry of La Salle and New York Bank creating a new and costly litigation

Respectfully Submitted,

Stephanie Harris Pro Se

Exhibit list for Objection to PROOF OF Claim objection.  Claim 2536.

1.  Document Stacy Bressler employed by David Stern in Identity Theft as Deutche  Bank , claimed to be to the Court The Original note.   Bressler employed by Stern, employed by GMAC. (Reference: Exon Shipping Company et al  vs. Grant Baker   United States Court of Appeals, 9th circuit  case no.  04-35183

2.  Statement of company of David Stern working for GMAC ( Residential) stating that they ( Duetche Bank was in possession of Original Note.

3.  Letter from Federal Reserve in 2010.  Indication that Residential had been informed as early as 2010 that Deutsche Bank did not own property, the trust.  The Federal Reserve indicated that Deutsche Bank wanted this corrected.  Attornies for GMAC and Residential  stayed  mute through out the hearing where Harris asked for  ownerless property.  Response after Judge Glens ruling that nothing could be done after platform auction to Ockwen.  Residential proceeded in spite of judicial order to quit claim itself from Trust.   Thus triggering one of the Trusts escalpatory clauses to unwind. And distribute

4.  Robert Bellistri respondent vs Ocwen Loan Servicing Appellant  ruling that the note was separated from the mortgage,,,showing that Ocwen had no standing to attach the property as the mortgage did not follow the deed.  There was no MERS assignment of the note.

5.   Newspaper article about the employee of GMAC Residential. The same firm that processed Harris in 1525 Lenox number 2 Miami Beach Florida 33139 Case number. Broward County Case # CA 12000096- Fraud  and Case number  CA 1200097 Professional malpractice.  Most of the Documents are under seal. As per Britto jr. attorney on case a judgement of $60,000,000.00 was given and collected.  Much of the settlement occurred outside of the courts.

6.   New problem and costly one at that. Fees are at this point  unconcluded as it disturbed the Chap 13 Mortgage modification and Chap 13 of Harris.  Resulting thus far in some in excess of $20,000.00 in court fees and  an estimated $20,000.00 additional.  The question is are the additional fees stopped with the chap 11 of GMAC, Resdiential or does  US  Bank hold additional liabilities for remaining mute through out proceedings. The damages will be covered within the 1.5 million settlement.

7. The docket of the SLAPP suit of the DBPR  dating from 2008 until 2011.  The later return to
Couty handled by S Harris pro se and closed to settlement by Ales Britto with no charge as a
personal   FAVOR TO s. Harris.   It settled in 5 minitues on the phone.  After actually 2006 – 2011
with no evidence filed by Plantiff.    The settlement agreement had really nothing to settle only
dismiss.

Record & Return To:
GMAC ResCap
One Meridian Crossings, Suite 100
Minneapolis, MN 55423
ATTN: Lisa Magnuson

# Limited Power of Attorney

Return Document To: US Recordings, 2925 Country Drive, St. Paul, Minnesota USA 55117
Prepared by: Peggy Jordan, US Recordings, 2925 Country Drive, St. Paul, Minnesota USA 55117

## KNOW ALL MEN BY THESE PRESENTS,

That Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company), as Trustee (together with its successors and assigns, the "Trustee") under Pooling and Servicing or Indenture Agreements pursuant to which Residential Funding Company, LLC, acts as Master Servicer, and such Trustee being, a New York Banking Corporation organized and existing under the laws of the State of New York, c/o Deutsche Bank National Trust Company having an office located at 1761 East St. Andrew Place, in the City of Santa Ana, State of California, 92705, has made, constituted and appointed, and does by these presents make, constitute and appoint Residential Funding Company, LLC, a limited liability company organized and existing under the laws of the State of Delaware, its trust and lawful Attorney-in Fact, with full power and authority to sign, execute, acknowledge, deliver, file for record, and record any instrument on its behalf and to perform such other act or acts as may be customarily and reasonably necessary and appropriate to effectuate the following enumerated transactions in respect of any of the mortgages or deeds of trust ( the "Mortgages" and the "Deeds of Trust", respectively) and promissory notes secured thereby (the "Mortgages Notes") for which the undersigned is acting as Trustee for various certificate holders pursuant to certain Pooling and Servicing Agreements, specified on Exhibit A hereto (the "Agreements") ( whether the undersigned is names therein as mortgagee or beneficiary or has become mortgagee by virtue of endorsement of the Mortgage Note secured by any such Mortgage or Deed of Trust) and for which Residential Funding Company, LLC is acting as master servicer.

This appointment shall apply to the following enumerated transactions only:

1. The modification or re-recording of a Mortgage or Deed of Trust, where said modification or recording is for the purpose of correcting the Mortgage or Deed of Trust to conform same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued and said modification or re-recording, in either instance, does not adversely affect the lien of the Mortgage or Deed of Trust as insured and otherwise conforms to the terms of the applicable Agreement.
2. The subordination of the lien of a Mortgage or Deed of Trust to an easement in Favor of a public utility company or a government agency or unit with power of eminent domain; this section shall include, without limitation, the execution of partial satisfaction/releases, partial reconveyances or the execution of requests to trustees to accomplish same.
3. The qualified subordination of the lien of a Mortgage or Deed of Trust to a lien of a creditor that is created in connection with the refinancing of a debt secured by a lien that was originally superior to the lien of the Mortgage or Deed of Trust.
4. With respect to a Mortgage or Deed of Trust, the Foreclosure, the taking of a deed in lieu of Foreclosure, or the completion of judicial or non-judicial Foreclosure or termination, cancellation or rescission of any such Foreclosure, including, without limitation, any and all of the following acts:
   a. The substitution of trustee(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;
   b. Statements of breach or non-performance;
   c. Notices of default;

   d. Cancellations/rescissions of notices of default and/or notices of sale;
   e. The taking of a deed in lieu of foreclosure; and
   f. Such other documents and action as may be necessary under the terms of the Mortgage, Deed of Trust of state law to expeditiously complete said transactions.

5. The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title of real estate owned.

6. The completion of loan assumption agreements.

7. The full satisfaction/ release of a Mortgage or Deed of Trust or full reconveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

8. The assignment of any Mortgage or Deed of Trust and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced by the Mortgage pursuant to the requirements of a Residential Funding Corporation Seller Contract, including, without limitation, by reason of conversion of an adjustable rate mortgage loan from a variable rate to a fixed rate.

9. The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

10. The modification or amendment of escrow agreements established for repairs to the mortgaged property or reserves for replacement of personal property."

The undersigned gives said Attorney-in Fact full Power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the power of powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and hereby does ratify and confirm to all that said Attorney-in Fact shall lawfully do or cause to be done by authority hereof.

This appointment is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it give rise to, and it is not to be construed as a general power of attorney.

Nothing contained herein shall (i) limit in any manner any indemnification provided by the Master Servicer to the Trustee under the Agreements, or (ii) be construed to grant the Master Servicer the power to initiate or defend any suit, litigation or proceeding in the name of Deutsche Bank Trust Company Americas except as specifically provided for herein. If the Master Servicer receives any notice of suit, litigation or proceeding in the name of Deutsche Bank Trust Company Americas or Bankers Trust Company, then the Master Servicer shall promptly forward a copy of same to the Trustee.

The Master Servicer hereby agrees to indemnify and hold the Trustee and its directors, officers, employees and agents harmless from and against any and all third party liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of or in connection with the exercise by the Master Servicer of the powers granted to it hereunder. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the Agreement or the earlier resignation or removal of the Trustee under the Agreement.

This Limited Power of Attorney is entered into and shall be governed by the laws of the State of New York, without regard to conflicts of law principles of such state.

This limited power of attorney is not intended to extend the powers granted to the Master Servicer under the Agreements or to allow the Master Servicer to take any action with respect to Mortgages, Deeds of Trust or Mortgage Notes not authorized by the Agreements.

Third parties without actual notice may rely upon the exercise of the power granted under this Limited Power of Attorney; and may be satisfied that this Limited Power of Attorney shall continue in full force and effect has not been revoked unless and instrument of revocation has been made in writing by the undersigned.

2

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE SOUTHERN DISTRICT OF FLORIDA
#### MIAMI DIVISION

IN RE:

Stephanie Harris

     Debtor(s).

_____/

CASE NO. 10-11746-AJC
CHAPTER 7

### AFFIDAVIT OF CUSTODIAN OF ORIGINAL NOTE

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

BEFORE ME, this day personally appeared Rubina K. Shaldjian, "Affiant," who, upon being duly sworn, deposes on personal knowledge and says:

1.    I am an Attorney for Florida Default Law Group P.L..

2.    That Florida Default Law Group, P.L., represents DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE in Foreclosure Case 08-40534 CA10 and in the instant bankruptcy case.

3.    Florida Default Law Group, P.L. is the current document custodian of the original Note in the instant bankruptcy case.

FURTHER AFFIANT SAYETH NOT.

_____
Affiant

Rubina K. Shaldjian
Print or Type Name

The foregoing instrument was sworn to and subscribed before me this 15th day of July_____, 2010, by Rubina K. Shaldjian, who is personally known to me.

LESLEY A. CURRY
MY COMMISSION # DD 695361
EXPIRES: July 16, 2011
Bonded Thru Notary Public Underwriters

_____
NOTARY PUBLIC, State of Florida
My commission expires:

_____

B10008564



# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

September 27, 2010

Ms. Stephanie Harris
P.O. Box 190540
Miami Beach, Florida  33119

Dear Ms. Harris:

This letter is in response to your complaint against Deutsche Bank Trust Company Americas (Deutsche).  As we understand your complaint, you state that your home has been erroneously foreclosed on and request a loan modification.  We contacted Deutsche on your behalf and would like to report our findings.

In connection with our inquiry, Deutsche informs us that the mortgage loan for the property referenced in your complaint at 1525 Lenox Ave., Miami Beach, FL 33139 is being serviced by Residential Funding Company, LLC (Residential).  LaSalle Bank National Association (LaSalle) is the Trustee pursuant to a Pooling and Servicing Agreement, for the RAAC Series 2007-SP3 Trust, a securitization trust which includes the mortgage loan in question.

Deutsche indicates that it has been incorrectly identified as the Trustee in this case and has since notified Residential of this issue so that it may correct this error as soon as possible.  As further background, Deutsche states that it has no involvement with the RAAC Series 2007-SP3 Trust and therefore the aforementioned mortgage loan.  Furthermore, LaSalle's parent company was acquired by Bank of America in 2008.

Please note that since LaSalle Bank National Association is subject to the supervisory jurisdiction of the Office of the Comptroller of the Currency, we are unable to investigate the issues you raise.  Therefore, you should contact the agency at:

Office of the Comptroller of the Currency
Customer Assistance Group
1301 McKinney Street, Suite 3450
Houston, TX 77010
Tel: 1-800-613-6743
Fax: 713-336-4301
HelpWithMyBank.gov

4.



# In the Missouri Court of Appeals
# Eastern District

### DIVISION FIVE

| | | |
|---|---|---|
| ROBERT BELLISTRI, | ) | No. ED91369 |
| | ) | |
| Respondents, | ) | |
| | ) | Appeal from the Circuit Court |
| v. | ) | of Jefferson County |
| | ) | |
| OCWEN LOAN SERVICING, LLC, | ) | Honorable Mark T. Stoll |
| | ) | No. 06JE-CC00893 |
| Appellant. | ) | |
| | ) | FILED: March 3, 2009 |

### *Introduction*

The appellant, Ocwen Loan Servicing, L.L.C.[1], (Ocwen) appeals from a judgment

of the Circuit Court of Jefferson County quieting title to real estate commonly known as

1210 Airglades, Arnold, Missouri, 63010 (the property) in favor of Robert Bellistri. Both

parties filed motions for summary judgment, and the circuit court held that Ocwen lacked

standing to contest Bellistri's deed. For the following reasons, we affirm.

### *Facts*

On March 5, 2002, Glen Crouther purchased the property and executed a

promissory note and a deed of trust. BNC Mortgage Inc. (BNC) was the lender and

payee of the promissory note. In the deed of trust, Millsap, Singer & Dunn, P.C. was the

---

[1] Ocwen Loan Servicing, L.L.C. refers to Ocwen Loan Servicing, L.L.C., servicer for Deutsche Bank
National Trust Company, as Trustee for the registered holders of the CDC Mortgage Capital trust 2002-
HE1, as successor in interest to MERS, Inc.

1

Case
Broward County Case # CACE12000097
CACE 12000096
professional
malpractice

# South Florida BUSINESS JOURNAL

April 13, 2012

# David Stern's public company lawsuit accuses him of 'malpractice'

BY PAUL BRINKMANN

A lawsuit against foreclosure attorney David Stern focuses on his duties as a lawyer and his role as former executive with DJSP Enterprises, the public company he helped establish.

The lawsuit, which DJSP filed in Broward County Circuit Court in January, alleges that Stern defrauded DJSP by lying about his law firm business and committing foreclosure fraud in individual cases he was handling. DJSP is also suing accounting firms McGladrey & Pullen and Grant Thornton over their accounting work for Stern.

DJSP was formed in late 2009, at the height of Stern's foreclosure mill business, with the single purpose of processing tons of paperwork for the David J Stern Law Firm.

But the law firm closed after state officials began investigating Stern for alleged "robo-signing" or fabrication of foreclosure documents.

Stern was removed as chairman, and then president, of DJSP. Now, the company's lawsuit alleges Stern committed fraud on the company, breach of fiduciary duty and malpractice.

Stern's attorneys with Keller Landsberg have filed a motion to dismiss the case, saying DJSP has failed to state a case and that DJSP cannot sue for malpractice because it was not a client of Stern's.

DJSP's attorneys with Zarco Einhorn



The boat and Fort Lauderdale mansion that once belonged to David Stern.

FILE PHOTO

Salkowski & Brito, P.A. have fired back with examples of non-clients suing attorneys for malpractice. DJSP alleges that it was a legitimate "third-party beneficiary" of Stern's legal obligations to his clients, which were all mateor law firms as clients.

"David Stern was in the foreclosure business but malpractice was part of this business model," DJSP attorney Robert Zarco said.

David Keller, representing Stern, said malpractice claims against Stern are misdirected and the suit is without merit. Keller said non-clients can only sue attorneys for malpractice in narrow situations, such as if they are the beneficiary of a will the attorney crafted.

In January 2010, Stern earned $58.7 million

in cash and stock interest in DJSP for selling the company to a group of investors. He handled 70,000 foreclosure cases in 2009 and was on pace to do that again in 2010. At the time, it may have seemed that the foreclosure epidemic would go on for years. Stern would continue to prosper and DJSP could land other law firms as clients.

But during investigation by the Florida Attorney General's Office, former Stern employees alleged in depositions that the firm forged notarized documents, and employees signed files without reviewing them, and hid problem files from Fannie Mae and Freddie Mac representatives.

DJSP has also alleged that P&M Corporate

## Finance, which provided financial advisory services in connection with the purchase of DJSP, failed to act with due professional care

**DAVID STERN** was in the foreclosure business, but malpractice was part of his business model.

**Robert Zarco** [Zarco Einhorn Salkowski & Brito, P.A.

in preparing pro forma financial statements on which DJSP relied. P&M has also defended itself with a separate motion to dismiss the suit.

DJSP was formerly listed on the NASDAQ stock exchange, but was delisted in March 2011, after which shares fell to a low of 5 cents. The historic high was $13.65 on April 26, 2010. As of April 11, 2011, the stock had risen to 18 cents.

DJSP's buyer was a special purpose acquisition company, Chardan 2008 China Acquisition Corp., a subsidiary of Chinese-American investment banking firm Chardan Capital.

The company lost almost all of its business when Stern's law firm folded, and about 1,000 DJSP employees were laid off.

pbrinkmann@bizjournals.com | (954) 949-7562

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF FLORIDA - MIAMI DIVISION

IN RE:                                    **CASE NO.: 14-13319-LMI**
                                          **CHAPTER 13**
STEPHANIE HARRIS,

      Debtor.

_____/

## OBJECTION TO CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN

US BANK NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR IN INTEREST

TO BANK OF AMERICA, NATIONAL ASSOCIATION, AS TRUSTEE, SUCCESSOR BY

MERGER TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, FOR THE

HOLDERS OF THE RAAC SERIES 2007-SP3 TRUST, MORTGAGE ASSET-BACKED

PASS-THROUGH CERTIFICATES, SERIES 2007- ("Creditor"), by and through undersigned

counsel, hereby files its Objection to Confirmation of Debtor's Chapter 13 Plan (DE # 39) and,

in support thereof, states as follows:

1.    Stephanie Harris ("Debtor") filed a voluntary Chapter 13 proceeding pursuant to the

United States Bankruptcy Code in this Court on February 12, 2014.

2.    Creditor holds a Mortgage on the real property owned by Debtor located at 1525 LENOX

AVENUE UNIT 2, MIAMI BEACH, FL 33139. The legal description of the property is as

follows:

> **CONDOMINIUM UNIT NO. 2, OF LINCOLN MEWS CONDOMINIUM,
> ACCORDING TO THE DECLARATION OF CONDOMINIUM THEREOF,
> RECORDED IN OFFICIAL RECORDS BOOK 21772 AT PAGE 2818, OF
> THE PUBLIC RECORDS OF MIAMI-DADE COUNTY, FLORIDA.**

3.    Debtor's Plan fails to state the total arrearage amount owed and proposes monthly

payments of $285.76, in accordance with a modification of the loan. To date, Creditor has not

approved or consented to a loan modification with Debtor. Therefore, Creditor contends that the



14-42962

Plan is not in compliance with requirements of 11 U.S.C. § 1322(b)(3) and cannot be confirmed per § 1325(a)(5).

4.      In addition, the proposed regular Plan payments pursuant to the Loss Mitigation Mediation Program do not account for 31% of Debtor's gross monthly income of $4,279.00. As such, Creditor objects to Debtor's Plan in that it is not in accordance with Administrative Order 13-01 of the Southern District of Florida.

5.      Additionally, in addition to the Modification of the subject loan, Debtor's Plan proposes to modify Creditor's original Note and Mortgage by valuing the property to $186,360.00. Creditor objects to this valuation and requests an opportunity to conduct an appraisal of the subject property.

6.      Creditor is in the process of preparing a Proof of Claim and intends to file same with this Court prior to the Claims Bar Date of July 2, 2014. Creditor reserves the right to amend and/or supplement this response, if necessary.

7.      Furthermore, Creditor has incurred fees and costs as a result of having to file this objection.

14-42962

**WHEREFORE,** Creditor respectfully requests entry of an order denying confirmation of the proposed Chapter 13 Plan unless such plan is amended to overcome the objections as stated herein, or Creditor permanently modifies the subject loan prior to the confirmation of the Plan and for such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that a copy of the foregoing Objection to Confirmation has been served either by electronic transmission or by United States first class mail postage prepaid to the attached mailing list on this 15th day of May, 2014.

Respectfully Submitted,

ROBERTSON, ANSCHUTZ & SCHNEID, P.L.
Attorney for Secured Creditor
6409 Congress Ave., Suite 100
Boca Raton, FL 33487
Telephone: 561-241-6901 Ext. 1091
Facsimile: 561-241-1969

By: /s/ Anila S. Rasul
Anila S. Rasul, Esquire
Florida Bar No. 36378
Email: arasul@rasflaw.com

**Mailing list**

Stephanie Harris
POB 190504
Miami Beach, FL 33119

Samuel S Sorota, Esq
801 N.E. 167 St #308
North Miami, FL 33162

Nancy N. Neidich
P.O. Box 279806
Miramar, FL 33027

Office of the US Trustee
51 S.W. 1st Ave.
Suite 1204
Miami, FL 33130

14-42962



🛒 0 Item(s) in Basket                    Home    Online Services    About us    Contact us

# Civil Court Online System - Docket Information

BACK TO SEARCH RESULTS                    **ALL PARTIES**                                START A NEW SEARCH

## DEPARTMENT OF BUSINESS & ETC vs HARRIS, STEPHANIE
* Click on BOOK/PAGE of a particular docket to see the image if it is available *

**Case Number (LOCAL):** 2008-40836-CA-01       **Dockets Retrieved:** 130       **Filing Date:** 07/07/2008

**Case Number (STATE):** 13-2008-CA-040836-0000-01                **Judicial Section:** 09

| Date | Book/Page | Docket Entry | Comments |
|------|-----------|--------------|----------|
| 06/01/2011 | | RESPONSE: | TO MTN TO QUASH & MTN TO STRIKE & REPEAL:ORDER TO COMPEL |
| 06/01/2011 | 27713 / 3669 Pages: 2 | FINAL JUDGMENT | J $ 0.00 BK:27713 PG:3669 DN01 |
| 05/31/2011 | 27712 / 597 Pages: 3 | RECORDED DOCUMENT | BK:27712 PG:0597 JOINT STIPULATION FOR ENTRY OF FINAL JUDGMENT |
| 05/31/2011 | 27712 / 601 Pages: 2 | RECORDED DOCUMENT | BK:27712 PG:0601 SETTLEMENT AGREEMENT |
| 05/25/2011 | | NOTICE: | OF TEMPORARY APPEARANCE PENDING SUBSTITUTION OF COUNSEL |
| 05/25/2011 | | MOTION: | TO ALLOW TELEPHONIC APPEARANCE |
| 05/25/2011 | | MOTION: | TOR ESCHEDULE MOTION HEARING OR ALLOW TELEPH. APPEARANCE |
| 05/25/2011 | | NOTICE: | OF CASE MANAGEMENT CONFERENCE |
| 05/23/2011 | | MOTION: | TO RESCHEDULE HEARING ETC |
| 05/23/2011 | | ORDER: | GRANTING PLT'S MOTION TO RESCHEDULE ETC |
| 05/23/2011 | | ORDER GRANTING TELEPHONIC HEARING | |
| 05/16/2011 | | RESPONSE: | TO MTN TO REQUEST EMERGENCY PROTECT ORDER ETC... |
| 05/16/2011 | | ORDER: | GRANTING PLT'S COUNSEL MOTION TO WITHDRAW |
| 05/16/2011 | | ORDER GRANTING TELEPHONIC HEARING | |
| 05/13/2011 | | MOTION FOR CONTINUANCE | |
| 05/12/2011 | | NOTICE NOT TIMELY FILED | 05/16/2011 08:30 AM |
| 05/12/2011 | | MOTION: | TO ALLOW TELEPHONIC APPEARANCE |
| 05/11/2011 | | MOTION TO STRIKE | |
| 05/11/2011 | | MOTION: | TO OBJECT WITHDRAWAL OF COUNSEL |
| 05/11/2011 | | MOTION TO QUASH | |
| 05/11/2011 | | MOTION TO QUASH | |

| 05/10/2011 | | MOTION TO WITHDRAW | |
| 05/10/2011 | | MOTION: | TO ALLOW TELEPHONIC APPEARANCE |
| 05/10/2011 | | RESPONSE: | TO DN'S MOTI TO COMPEL |
| 05/09/2011 | | RESPONSE: | TO AMENDED COMPLAINT |
| 05/09/2011 | | ORDER GRANTING TELEPHONIC HEARING | |
| 05/05/2011 | | NOTICE HEARING- | MOTIONS 05/16/2011 08:30 AM |
| 05/05/2011 | | MOTION TO STRIKE | |
| 05/03/2011 | | MOTION TO COMPEL | |
| 05/02/2011 | | NOTICE HEARING- | MOTIONS 05/11/2011 08:30 AM |
| 05/02/2011 | | MOTION TO STRIKE | |
| 04/29/2011 | | NOTICE HEARING- | MOTIONS 05/11/2011 08:30 AM |
| 04/26/2011 | | ORDER DENYING MOTION TO DISMISS | |
| 04/26/2011 | | MOTION TO STRIKE | |
| 04/26/2011 | | ORDER: | DENYING M.FOR PROTECTIVE ORDER,GRANTING M. TO COMPEL ETC |
| 04/13/2011 | | RESPONSE: | OF PLTF REQUEST FOR PROTECTION ORDER & OBJECTION TO,ETC |
| 04/13/2011 | | MOTION TO STRIKE | |
| 04/13/2011 | | MOTION TO DISMISS | |
| 04/11/2011 | | NOTICE NOT TIMELY FILED | 04/18/2011 04:00 PM |
| 04/11/2011 | | MOTION FOR TELEPHONIC HEARING | |
| 04/07/2011 | | ORDER GRANTING TELEPHONIC HEARING | |
| 03/29/2011 | | MOTION TO COMPEL | |
| 03/28/2011 | | MOTION TO STRIKE | |
| 03/23/2011 | | NOTICE: | OF STATUS CONFERENCE |
| 03/23/2011 | | MOTION: | TO ALLOW TELEPHONIC APPERANCE |
| 03/23/2011 | | ORDER: | GRANTING DEF'S MOTION TO WITHDRAW ETC |
| 03/22/2011 | | TEXT | EMERGENCY REQUEST FOR RE-NOTICE OF HEARING |
| 03/22/2011 | | NOTICE HEARING- | MOTIONS 06/01/2011 08:30 AM |
| 03/10/2011 | | OBJECTION: | TO PLAQINTIFF'S MOTION TO STRIKE REQUEST FOR PRODUCTION |
| 03/10/2011 | | MOTION TO STRIKE | |
| 03/10/2011 | | MOTION TO WITHDRAW | |
| 03/10/2011 | | REQUEST FOR PRODUCTION | |
| 03/10/2011 | | MOTION TO DISMISS | |
| 03/07/2011 | | MOTION TO WITHDRAW | |
| 03/04/2011 | | NOTICE OF HRG SPECIAL APPT | 03/29/2011 11:00 AM |
| 02/25/2011 | | TEXT | PLAINTIFF'S OBJECTIONS MOTION TO STRIKE DEFT. ETC |
| 02/18/2011 | | REQUEST FOR PRODUCTION | |
| 02/18/2011 | | MOTION TO STRIKE | |

| 02/14/2011 | | NOTICE OF HRG SPECIAL APPT | 06/01/1330 01:30 PM |
|---|---|---|---|
| 02/12/2011 | | MOTION TO STRIKE | |
| 02/04/2011 | | NOTICE OF APPEARANCE | ATTORNEY: 88888888 DN01 |
| 01/25/2011 | | CANCELLATION NOTICE | 01/26/2011 08:30 AM |
| 01/06/2011 | | NOTICE HAS WRONG DATE | 01/26/2011 08:30 AM |
| 12/30/2010 | | NOTICE: | OF RELIEF FROM AUTOMATIC STAY,APPLICATION TO,ETC... |
| 01/26/2010 | | ORDER: | ALLOWING TELEPHONIC APPEARANCE |
| 01/26/2010 | | MOTION: | TO ALLOW THE PROPOSED RECEIVE3R |
| 01/26/2010 | | MOTION: | TO REMOVE EVIDENTIARY HEARING SET ON MOTI CALENDER |
| 01/20/2010 | | MOTION: | REMOVING MTN FOR EMERGENCY HEARING TO POSTPONE |
| 01/20/2010 | | ORDER: | REMOVING MTN FOR EMERGENCY HEARING TO POSTPONE |
| 01/19/2010 | | MOTION: | TO APPEAR BY PHONE ON JANUARY 27,2010 AT 10:30 AM |
| 01/19/2010 | | NOTICE OF HEARING- | MOTIONS 01/27/2010 10:30 AM |
| 01/08/2010 | | NOTICE HEARING- | MOTIONS 01/25/2010 08:30 AM |
| 01/05/2010 | | NOTICE OF FILING: | CURRICULUM VIATAE OF STEPHEN C.RIGGS, CPA IN SUPP MTN |
| 01/05/2010 | | MOTION TO STRIKE | |
| 12/28/2009 | | MOTION FOR PROTECTIVE ORDER | |
| 12/16/2009 | | MOTION: | TO STRIKE, ETC |
| 12/10/2009 | | NOTICE HEARING- | MOTIONS 01/04/2010 08:30 AM |
| 12/07/2009 | | MOTION: | TO REQUEST PERFORMANCE BOND |
| 12/04/2009 | | OBJECTION: | & RESP TO REQUEST FOR PRODUCTION OF DOCUMENTS |
| 12/04/2009 | | REQUEST: | FOR HEARINT TO POSTPONE EVIDENTIARY HEARING TO,ETC...ET |
| 12/02/2009 | | NOTICE OF DEFAULT NOT ENTERED | DN01 E |
| 12/01/2009 | | NOTICE NOT PROCESSED, CAL FULL | 12/07/2009 09:00 AM |
| 11/20/2009 | | REQUEST FOR PRODUCTION | |
| 11/20/2009 | | TEXT | AMENDED ANSWER,MTN TO DISMISS,AFFIRM DEFENSE ETC... |
| 11/16/2009 | | MOTION: | FOR ORDER TO CMPL PRODUCTION OF DOC IN COMPLIANCE ETC |
| 11/10/2009 | | NOTICE OF HEARING- | MOTIONS 01/05/2010 10:30 AM |
| 11/10/2009 | | MOTION FOR DEFAULT | |
| 10/14/2009 | | MEMORANDUM | IN SUPPORT OF MOT TO APPOINT OF RECEIVER |
| 10/09/2009 | | ORDER: | GRANTING PLAINTFF'S MOTION FOR LEAVE TO AMEND |
| 10/09/2009 | | NOTICE: | OF SERVICING CD-ROM VIDEO RECORDING WITH INTENT TO |

| | | | |
|---|---|---|---|
| 10/08/2009 | | NOTICE OF FILING: | AFFIDAVIT IN OPPOSITION OF MOTION FOR APPT. OF RECEIVER |
| 10/07/2009 | | NOTICE OF FILING: | CIRRICULM VITAE IN SUPPORT OF APPOINTMENT OF RECEIVER |
| 10/07/2009 | | AFFIDAVIT OF: | OF STEPHANIE HARRIS DEF IN OPPOSITION OF APPOINT OF RE |
| 10/02/2009 | | MEMORANDUM | OPPO OF PN MTN TO APPOINT,ETC |
| 09/28/2009 | | AFFIDAVIT OF: | OF JORGE GARCIA |
| 09/28/2009 | | NOTICE OF FILING: | AFFIDAVIT OF JORGE GARCIA |
| 08/31/2009 | | MOTION TO STRIKE | |
| 08/26/2009 | | OBJECTION: | AND RESPONSES TO DEF. REQUEST FOR ADMISSIONS |
| 08/17/2009 | | REQUEST FOR ADMISSIONS | |
| 07/31/2009 | | NOTICE: | OF SERVING DEFENDANT'S 1ST SET OF REQUEST FR ADM..ETC |
| 07/31/2009 | | NOTICE OF APPEARANCE | ATTORNEY: 00016975 DN01 |
| 07/24/2009 | | NOTICE OF HRG SPECIAL APPT | 10/09/2009 09:30 AM |
| 07/22/2009 | | ORDER: | GRANTING COUNSELS MOTION TO WITHDRAW |
| 07/17/2009 | | MOTION: | FOR APPT OF A RECEIVER OR CONSERVATIOR TO CONTROL,ETC. |
| 07/01/2009 | | MOT TO FILE AMENDED COMPLAINT | |
| 07/01/2009 | | AMENDED COMPLAINT | |
| 06/23/2009 | | MOTION TO STRIKE | |
| 06/22/2009 | | RESPONSE TO REQUEST FOR PRODUCTION | |
| 06/12/2009 | | MOTION FOR SUMMARY JUDGMENT | |
| 06/12/2009 | | NOTICE NOT PROCESSED, CAL FULL | 07/22/2009 09:00 AM |
| 06/08/2009 | | ANSWER | ATTORNEY:88888888 DN01 |
| 05/29/2009 | | NOTICE NOT PROCESSED, CAL FULL | 06/15/2009 09:00 AM |
| 05/20/2009 | | REQUEST FOR PRODUCTION | |
| 04/16/2009 | | NOTICE HEARING- | MOTIONS 05/27/2009 09:00 AM |
| 04/15/2009 | | MOTION TO WITHDRAW | |
| 04/15/2009 | | TEXT | SUBSTITUTION OF ATTORNEY |
| 03/24/2009 | | MOT TO FILE AMENDED COMPLAINT | |
| 03/24/2009 | | AMENDED COMPLAINT | |
| 01/15/2009 | | NOTICE OF TAKING DEPOSITION | |
| 12/11/2008 | | SUBPOENA RETURNED | |
| 12/04/2008 | | SUBPOENA RETURNED | |
| 12/02/2008 | | NOTICE OF TAKING DEPOSITION | |
| 11/18/2008 | | ANSWER AND AFFIRMATIVE DEFENSE | ATTORNEY:00104700 DN01 |

| 11/07/2008 | | NOTICE OF APPEARANCE | ATTORNEY: 00104700 DN01 |
|---|---|---|---|
| 10/30/2008 | | NOTICE OF TAKING DEPOSITION | |
| 10/20/2008 | | NOTICE: | OF APPEAR.AS SUBSTIT.COUNSEL IN PLACE OF P.F.MONTE ETC. |
| 09/10/2008 | | SERVICE RETURNED | BADGE # 1516 P 08/30/2008 DN01 |
| 07/07/2008 | | COMPLAINT | |
| 07/07/2008 | | SUMMONS ISSUED | DN01 |
| 07/07/2008 | | CIVIL COVER | |

BACK TO SEARCH RESULTS                    ALL PARTIES                              START A NEW SEARCH


S0142977

3
/2DoC

IN THE CIRCUIT COURT OF THE
ELEVENTH JUDICIAL CIRCUIT, IN
AND FOR MIAMI-DADE COUNTY, FL

DEPARTMENT OF BUSINESS AND
PROFESSIONAL REGULATION, DIVISION OF
FLORIDA CONDOMINIUMS, TIMESHARES,
AND MOBILE HOMES,

     Plaintiff,

vs.

STEPHANIE HARRIS,

     Defendant.

_____/

**CASE NO.:  08-40836-CA-09**
**DBPR CASE NOS.:  2006057258**
**2008012098**

## <u>JOINT STIPULATION FOR ENTRY OF FINAL JUDGMENT</u>

Plaintiff, DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, DIVISION OF FLORIDA LAND SALES, CONDOMINIUMS AND MOBILE HOMES[1] (Division), and Defendant STEPHANIE HARRIS, by and through undersigned counsel, move this Honorable Court for entry of a Final Judgment adopting the settlement of the parties as a full resolution of the case.

The parties have agreed to the following terms as a full resolution of this case:

1.    Stephanie Harris will not obtain a controlling interest in the board of directors, meaning that if Tara Harris or any other person who represents Stephanie Harris' interests becomes a unit owner, Stephanie Harris, and such other person shall not both serve on the board of directors of Lincoln Mews Condominium at the same time; and

2.    The parties waive any and all claims to attorney's fees and costs

_____

[1] n/k/a Division of Florida Condominiums, Timeshares, and Mobile Homes

incurred in bringing forth this action.

**WHEREFORE,** Plaintiff, DEPARTMENT OF BUSINESS AND PROFESSIONAL REGULATION, DIVISION OF FLORIDA CONDOMINIUMS, TIMESHARES, AND MOBILE HOMES, and Defendant, STEPHANIE HARRIS, move this Honorable Court for entry of a Final Judgment adopting the settlement of the parties as a full resolution of the case.

_____
STEPHANIE HARRIS
Defendant

_____
JANIS SUE RICHARDSON
Florida Bar # 899518
Attorney for Plaintiff
Division of Florida Condominiums,
Timeshares, and Mobile Homes
Department of Business and
Professional Regulation

_____
Date

_____
5/27/11
Date

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was furnished via US Mail to Stephanie Harris, PO Box 190504, Miami Beach, FL 33119, on this 27ᵗ day of _May_ 2011.

_____
J. Sue Richardson
Florida Bar Number 899518
Senior Assistant General Counsel
Florida Department of Business
and Professional Regulation
Division of Florida Condominiums,
Timeshares, and Mobile Homes

2