UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al*., | ) ) ) | Chapter 11 |
| Debtors. | ) ) | Jointly Administered |

### ORDER DENYING THE AMENDED APPLICATION FOR ALLOWANCE OF ADMINISTRATIVE EXPENSE AND IMMEDIATE PAYMENT PURSUANT TO 11 U.S.C. § 503 FILED BY CONRAD P. BURNETT

Upon the *Notice of Hearing on Application for Allowance of Administrative Expense and Immediate Payment Pursuant to 11 U.S.C. § 503 Filed by Creditor Conrad P. Burnett* (ECF Doc. # 7710) and attached *Amended Application for Allowance of Administrative Expense and Immediate Payment Pursuant to 11 U.S.C. § 503* (the "Application," ECF Doc. # 7710-1); and upon the objection (the "Objection," ECF Doc. # 7791) of the ResCap Liquidating Trust (the "Trust"), as successor to Residential Capital, LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors"), to the Application, all as more fully set forth in the Objection; and upon the *Reply Memorandum to ResCap Liquidating Trust's Objection to the Application for Immediate Payment of Administrative Expenses Pursuant to 11 U.S.C. § 503 Filed by Conrad P. Burnett* (the "Reply," ECF Doc. # 7810); and the Court having jurisdiction to consider the Application, the Objection, and the Reply, and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Application, the Objection, and Reply and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Application and the Objection having been provided; and the Court having determined that the legal and factual bases set forth in the Application fail to establish just cause for the relief

requested therein; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and it appearing that the relief requested in the Objection is in the best interests of the Trust, the Trust's beneficiaries, the Debtors, their estates, and other parties in interest; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Application is **DENIED** and the relief requested in the Objection is **GRANTED** as set forth herein.

2. Creditor Conrad P. Burnett is not entitled to immediate payment on any filed proof of claim or administrative expense claim, including those claims set forth in the Amended Application. None of Burnett's claims have been deemed "allowed" or "disallowed" as of the date of this Order, and therefore, Burnett cannot receive any distribution on account of his asserted claims at this time.

3. Entry of this Order is without prejudice to the merits of Burnett's claims in the Debtors' Chapter 11 cases.

4. Entry of this Order is without prejudice to the Trust's right to object to Burnett's claims in the Debtors' Chapter 11 cases.

5. The Trust and the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order.

**IT IS SO ORDERED.**

Dated:  December 4, 2014
         New York, New York

                                               <u>     **/s/Martin Glenn**         </u>
                                                      MARTIN GLENN
                                               United States Bankruptcy Judge