
**Hearing Date: December 10, 2014 at 10:00 A.M. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESCAP BORROWER CLAIMS TRUST'S OMNIBUS REPLY IN SUPPORT OF ITS
SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS
(NO-LIABILITY BORROWER CLAIMS)
AS TO CLAIM NO. 960 FILED BY MICHAEL E. BOYD**

ny-1166911

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT .................................................................................................. 1

BACKGROUND .......................................................................................................................... 2

REPLY .......................................................................................................................................... 5

CONCLUSION ............................................................................................................................. 8

ny-1166911

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Allegheny Int'l, Inc. v. Snyder (In re Allegheny Int'l, Inc.),
    954 F.2d 167 (3d Cir. 1992)......................................................................................6

Celli v. First Nat'l Bank of N.N.Y. (In re Layo),
    460 F.3d 289 (2d Cir. 2006)..................................................................................7, 8

Corbett v. MacDonald Moving Servs., Inc.,
    124 F.3d 82 (2d Cir. 1997)........................................................................................7

Feinberg v. Bank of N.Y. (In re Feinberg),
    442 B.R. 215 (Bankr. S.D.N.Y. 2010)......................................................................6

Gomes v. Countrywide Home Loans, Inc.,
    121 Cal. Rptr. 3d 819 (Cal. Ct. App. 2011)..............................................................4

In re Adelphia Commc'ns Corp.,
    Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ..........6

In re Oneida Ltd.,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009)......................................................................6

In re Residential Capital, LLC,
    507 B.R. 477 (Bankr. S.D.N.Y. 2014)......................................................................6

In re Rockefeller Ctr. Props.,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000)......................................................................6

People ex. Rel. Gow v. Mitchell Bros.' Santa Ana Theater,
    161 Cal. Rptr. 562 (Cal. Ct. App. 1980)....................................................................

Semtek Int'l Inc. v. Lockheed Martin Corp.,
    531 U.S. 497 (2001)..................................................................................................6

**STATUTES**

11 U.S.C. § 502(a) ............................................................................................................5

11 U.S.C. § 502(b)(1) .......................................................................................................5

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this reply (the "Boyd Reply") and the Supplemental Declaration of Deanna Horst, Chief Claims Officer of the ResCap Liquidating Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the response filed by Michael E. Boyd ("Mr. Boyd") [Docket No. 7701] (the "Boyd Response") to the *ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* [Docket No. 7552] (the "Objection") and in further support of the Objection. The Borrower Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Borrower Trust examined the Boyd Response and the statements submitted in support thereof. For purposes of the Boyd Reply and the Objection, the Borrower Trust takes these statements at face value. If the Court is not prepared to rule on the Objection with respect to Mr. Boyd, then the Borrower Trust reserves the right to take discovery from the Mr. Boyd.

2. As described herein and in the Supplemental Declaration, the Borrower Trust thoroughly examined the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records") in an effort to validate the accuracy of the allegations made in the Boyd Response and the Claim.

3. The Objection shifted the burden of proof back to Mr. Boyd, so through the Boyd Response, Mr. Boyd had to demonstrate a valid claim against the Debtors' estates by a

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1166911

preponderance of the evidence. Mr. Boyd has failed to adequately rebut the Borrower Trust's argument that the doctrine of res judicata precludes him from further litigating, through the Claim (as defined herein), the validity of the lien previously enforced by the Debtors, as servicers of Mr. Boyd's mortgage loan. As addressed in the Objection and discussed in further detail herein, Mr. Boyd affirmed the liens against his real property in his chapter 13 plan and as a result, he is barred from now asserting a claim based on the purported invalidity of those liens.

4.  Accordingly, the relief sought in the Objection should be granted with respect to the Claim.

## BACKGROUND

5.  In connection with the claims reconciliation process, the Borrower Trust identified certain claims filed by Borrowers that it believed did not constitute valid liabilities of the Debtors (together, the "No Liability Borrower Clams"). See Objection ¶ 16.

6.  The Debtors sent a Request Letter to Mr. Boyd on June 21, 2013, requesting additional documentation in support of the Claim. See Supplemental Declaration ¶ 5. The Request Letter stated that Mr. Boyd must respond within 30 days with an explanation that states the legal and factual reasons why he believes he is owed money or is entitled to other relief from the Debtors, and he must provide copies of any and all documentation that he believes supports the basis for his claim. The Request Letter further stated that if Mr. Boyd does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the Claim, seeking to have the Claim disallowed and permanently expunged. See Supplemental Declaration ¶ 5.

7.  The Debtors received a response to the Request Letter from Mr. Boyd on July 23, 2013 (the "Diligence Response"). A copy of the Diligence Response is attached to the Supplemental Declaration as Exhibit A. However, the Diligence Response failed to allege bases

2

ny-1166911

for claims against the Debtors' estates. Further, as stated in the Objection, the Books and Records do not show any liability due and owing to Mr. Boyd. See Supplemental Declaration ¶ 6.

*Background Facts*

8.      On or around October 4, 2012, Mr. Boyd filed a proof of claim against Debtor GMAC Mortgage, LLC ("GMACM"), designated as Claim No. 960 (the "Claim"), asserting a secured claim for $186,000.00. See Exhibit B to the Supplemental Declaration. See Exhibit A to the proposed order to the Objection ("Exhibit A to the Objection").

9.      According to the Debtors' books and records, non-Debtor Plaza Home Mortgage, Inc. ("Plaza") originated a loan in the amount of $647,000.00 to Mr. Boyd on January 16, 2007 (the "Soquel Loan"), secured by a mortgage on property located at 5439 Soquel Drive, Soquel, CA 98073 (the "Soquel Property"). See Exhibit A to the Objection; see also Soquel Note, attached to the Supplemental Declaration as Exhibit C, and Soquel Deed of Trust, attached to the Supplemental Declaration as Exhibit D. Plaza originated a second loan to Mr. Boyd on December 22, 2006 (the "Lakebird Loan," and collectively with the Soquel Loan, the "Loans"), secured by a mortgage on property located at 1090-1092 Lakebird Drive, Sunnyvale, CA 94089 (the "Lakebird Property"). See Exhibit A to the Objection; see also Lakebird Note, attached to the Supplemental Declaration as Exhibit E, and Lakebird Deed of Trust, attached to the Supplemental Declaration as Exhibit F. No Debtor ever owned either of the Loans. See Exhibit A to the Objection.

10.     GMACM serviced the Soquel Loan from April 10, 2007 until servicing was transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013. GMACM

3

ny-1166911

serviced the Lakebird Loan from March 13, 2007 until servicing was transferred to Ocwen on February 16, 2013. See Exhibit A to the Objection.

11. At the time servicing of the Soquel Loan was transferred to Ocwen, it was due for the November 1, 2011 payment. See Supplemental Declaration ¶ 9. On February 9, 2011, the Soquel Loan was referred to foreclosure. See id. On March 1, 2011, ETS Services, LLC ("ETS"), acting as beneficiary for GMACM, recorded a notice of default. See Soquel Notice of Default, attached to the Supplemental Declaration as Exhibit G.

12. The Lakebird Loan was due for the April 1, 2011 payment when servicing was transferred to Ocwen. See Supplemental Declaration ¶ 10. On August 9, 2011, the Lakebird Loan was referred to foreclosure. See id. On September 14, 2011, ETS recorded a notice of default. See Lakebird Notice of Default, attached to the Supplemental Declaration as Exhibit H.

13. On September 11, 2011, Mr. Boyd filed a complaint in the United States District Court for the Northern District of California (the "District Court"), Case No. 5:11-CV-05018, for "unconscionability to contract and adhesion to real property" (the "Complaint"). See District Court Docket, attached to the Supplemental Declaration as Exhibit I.[2] The District Court dismissed the Complaint without prejudice on December 5, 2011. See id. Mr. Boyd filed an amended complaint on May 22, 2012 (the "Amended Complaint"). See Exhibit J to the Supplemental Declaration. The claims in the Amended Complaint were to invalidate/contest the liens on the Soquel and Lakebird Properties with regard to the mortgage loans.[3]

---

[2] The District Court had diversity jurisdiction over the case.

[3] The Amended Complaint alleged that Mr. Boyd had unencumbered title to the Properties because the deeds of trust were reconveyed to him. See Amended Complaint at p. 16. The Debtors argued that the reconveyances that Mr. Boyd referenced in the Amended Complaint paid off older loans that were not related to the Soquel or Lakebird Loans. Therefore, neither reconveyance released Mr. Boyd's obligations under the Soquel or Lakebird Loans. Mr. Boyd also argued that MERS did not have authority to enforce and assign the Soquel deed of trust, and therefore could not assign the interest in the Soquel deed of trust to the Debtors. See Amended Complaint, at 19. The Debtors argued that California law clearly states that MERS has the authority to both enforce and assign deeds of trust. See Gomes v. Countrywide Home Loans, Inc., 121 Cal. Rptr. 3d 819, 826-827 (Cal. Ct. App. 2011) (finding that MERS

4

ny-1166911

14.     The case was dismissed with prejudice on August 22, 2012 by an Order Granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (the "District Court Order"). A copy of the District Court Order is attached to the Supplemental Declaration as Exhibit K. The United States Court of Appeals for the Ninth Circuit affirmed the district court's order dismissing the case on August 22, 2014 (the "Appellate Court Order"). A copy of the Appellate Court Order is attached to the Supplemental Declaration as Exhibit L. On September 9, 2014, Mr. Boyd petitioned for a panel rehearing (the "Panel Petition"), which is still pending. See Court of Appeals Docket, attached to the Supplemental Declaration as Exhibit M.

15.     On December 12, 2011, Mr. Boyd commenced a Chapter 13 bankruptcy proceeding in the Northern District of California Bankruptcy Court, case no. 11-BK-61311. See Boyd Bankruptcy Docket, attached to the Supplemental Declaration as Exhibit N. On May 20, 2014, Mr. Boyd's chapter 13 plan (the "Chapter 13 Plan") was confirmed. A copy of the Chapter 13 Plan is attached to the Supplemental Declaration as Exhibit O. In the Chapter 13 Plan, Mr. Boyd affirmed the liens on both properties, as the Plan provides that all arrears on the Loans will be paid and Mr. Boyd will make ongoing payments on the Loans. See Chapter 13 Plan.

**REPLY**

16.     A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C.

---

has authority enforce and assign deeds of trust where it is named as a beneficiary in a deed of trust). Finally, Mr. Boyd alleges that because the property was part of a joint living trust, he did not have authority to execute the loan agreements. See Amended Complaint at 19. In its motion to dismiss, the Debtors argued that Mr. Boyd was the trustee of the joint living trust at the time the loan documents were executed. See Amended Complaint at 10.

502(b)(1).  As noted previously by the Court, claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case.  In re Residential Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014).  See also Allegheny Int'l, Inc. v. Snyder (In re Allegheny Int'l, Inc.), 954 F.2d 167, 173-74 (3d Cir. 1992).

17. Once an objection refutes an essential allegation of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence.  Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

18. In the Boyd Response, Mr. Boyd makes two arguments.  First, he argues that his claim is not barred by the doctrine of res judicata because he submitted the Panel Petition.  See Boyd Response at 4.  He also argues, without providing any legal support, that the fact that he affirmed his liens should not bar the Court from hearing his claim.

19. Mr. Boyd is correct that, due to the Panel Petition, res judicata does not apply to the Appellate Court Order.  See Semtek Int'l Inc. v. Lockheed Martin Corp., 531 U.S. 497 (2001) (noting that the res judicata effect of a decision by a federal court sitting in diversity should be determined by the rule for the state in which the diversity court sits).[4]  However, Mr.

---

[4] In California, res judicata cannot apply while an appeal is pending. People ex. Rel. Gow v. Mitchell Bros.' Santa Ana Theater, 161 Cal. Rptr. 562, 568 (Cal. Ct. App. 1980).

Boyd's claim is still barred by res judicata because he affirmed the liens against his real property in his Chapter 13 Plan.

20. In Corbett v. MacDonald Moving Servs., Inc., the Second Circuit put forward the following rule:

> To determine whether the doctrine of res judicata bars a subsequent action, we consider whether 1) the prior decision was a final judgment on the merits, 2) the litigants were the same parties, 3) the prior court was of competent jurisdiction, and 4) the causes of action were the same. In the bankruptcy context, we ask as well whether an independent judgment in a separate proceeding would impair, destroy, challenge, or invalidate the enforceability or effectiveness of the reorganization plan. See Corbett v. MacDonald Moving Servs., Inc., 124 F.3d 82, 87-88 (2d Cir. 1997) (citations omitted).

21. Pursuant to 11 U.S.C. § 1327(a), the order confirming the Chapter 13 Plan was a final judgment on the merits. See Celli v. First Nat'l Bank of N.N.Y. (In re Layo), 460 F.3d 289, 293 (2d Cir. 2006). Furthermore, both the Chapter 13 Plan and the Claim involve the same parties, Mr. Boyd and GMACM, and it was confirmed by a court of competent jurisdiction. Thus, the only remaining question is whether the causes of action are the same.

22. In a nearly identical situation, the Second Circuit, applying Corbett, held that an action to avoid a lien that was included in a debtor's confirmed chapter 13 plan was barred by the doctrine of res judicata. See Layo, 460 F.3d 293. There, the debtor consented to the validity of the bank's mortgage in his plan as a valid first mortgage, and the plan was confirmed. Subsequent to the confirmation, the bank moved for relief from the stay, and the debtor and chapter 13 trustee filed a complaint to avoid the mortgage. See Layo, 460 F.3d at

7

293. The Court noted that the critical question with regards to whether the causes of action are the same is whether the party could or should have asserted the claim in the earlier proceeding. See id. at 292. The Court found that because the debtor and the Trustee had the motive and opportunity to confirm the status of the real estate liens affecting the debtor's estate and object to those liens at or before the time of the plan was confirmed, this element of the test was satisfied. See id. at 293.

23. This situation is nearly identical to the situation in Layo. The Claim is based on a cause of action that seeks to invalidate/contest the liens on the Soquel and Lakebird properties previously serviced by GMACM. However, Mr. Boyd affirmed the liens in his Chapter 13 Plan. At the time his plan was confirmed, Mr. Boyd certainly had the opportunity and motive to object to the validity of the liens and failed to do so, instead including and affirming the liens in the Chapter 13 Plan. Therefore, since the causes of action are the same, the fourth prong of the standard in Corbett is satisfied, and Mr. Boyd should not be given another opportunity to invalidate the liens he previously affirmed.

24. As a result, because the Claim is an attempt to contest GMACM's liens on Mr. Boyd's two properties, the Claim is barred by the doctrine of res judicata on account of the confirmation of the Chapter 13 Plan.

## **CONCLUSION**

25. WHEREFORE, the Borrower Trust respectfully submits that the relief requested in the Objection should be granted in its entirety.

|  |  |
|---|---|
| Dated: December 4, 2014<br>       New York, New York | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Jessica J. Arett<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Borrower Claims Trust* |