# Exhibit 1

**Supplemental Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF DEANNA HORST IN SUPPORT OF**
**THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS**
**SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (NO-LIABILITY**
**BORROWER CLAIMS) AS TO CLAIM NO. 960 FILED BY MICHAEL E. BOYD**

I, Deanna Horst, hereby declare as follows:

1. I am the Chief Claims Officer for The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and, in October of 2013, I became the Chief Claims Officer of ResCap. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation

1

ny-1167496

and Client Recovery. I am authorized to submit this declaration (the "Supplemental Declaration") in support of *ResCap Borrower Claims Trust's Reply in Support of Its Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims) as to Claim No. 960 Filed by Michael E. Boyd* (the "Boyd Reply").[1]

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's employees, professionals, and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3. In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or other Liquidating Trust personnel under my supervision have reviewed and analyzed the proof of claim form and supporting documentation filed by Mr. Boyd. Since the Plan became effective and the Borrower Trust was established, I, along with other members of the Liquidating Trust, have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Reply.

2

ny-1167496

the appropriate treatment of the same.[2] In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with the Liquidating Trust's and the Borrower Trust's professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

4.    In connection with the claims reconciliation process, the Borrower Trust identified certain claims filed by Borrowers that are not liabilities of the Debtors (together, the "No Liability Borrower Clams").

5.    The Debtors sent a Request Letter to Mr. Boyd on June 21, 2013, requesting additional documentation in support of the Claim. The Request Letter stated that Mr. Boyd must respond within 30 days with an explanation that states the legal and factual reasons why he believes he is owed money or is entitled to other relief from the Debtors, and he must provide copies of any and all documentation that he believes supports the basis for his claim. The Request Letter further stated that if Mr. Boyd does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the Claim, seeking to have the Claim disallowed and permanently expunged.

6.    The Debtors received a response to the Request Letter from Mr. Boyd on July 23, 2013 (the "Diligence Response"). A copy of the Diligence Response is attached hereto as Exhibit A. However, the Diligence Response failed to allege bases for claims against the

---

[2] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

3

ny-1167496

Debtors' estates. Further, as stated in the Objection, the Books and Records do not show any liability due and owing to Mr. Boyd.

7. On or around October 4, 2012, Mr. Boyd filed a proof of claim against Debtor GMAC Mortgage, LLC ("GMACM"), designated as Claim No. 960 (the "Claim"), asserting a secured claim for $186,000.00. See Exhibit B attached hereto.

8. According to the Debtors' books and records, non-Debtor Plaza Home Mortgage, Inc. ("Plaza") originated a loan in the amount of $647,000.00 to Mr. Boyd on January 16, 2007 (the "Soquel Loan"), secured by a mortgage on property located at 5439 Soquel Drive, Soquel, CA 98073 (the "Soquel Property"). See Soquel Note, attached hereto as Exhibit C, and Soquel Deed of Trust, attached hereto as Exhibit D. Plaza originated a second loan to Mr. Boyd on December 22, 2006 (the "Lakebird Loan," and collectively with the Soquel Loan, the "Loans"), secured by a mortgage on property located at 1090-1092 Lakebird Drive, Sunnyvale, CA 94089 (the "Lakebird Property"). See Lakebird Note, attached hereto as Exhibit E, and Lakebird Deed of Trust, attached hereto as Exhibit F.

9. At the time servicing of the Soquel Loan was transferred to Ocwen, it was due for the November 1, 2011 payment. On February 9, 2011, the Soquel Loan was referred to foreclosure. On March 1, 2011, ETS Services, LLC ("ETS"), acting as beneficiary for GMACM, recorded a notice of default. See Soquel Notice of Default, attached hereto as Exhibit G.

10. The Lakebird Loan was due for the April 1, 2011 payment when servicing was transferred to Ocwen. On August 9, 2011, the Lakebird Loan was referred to foreclosure. On September 14, 2011, ETS recorded a notice of default. See Lakebird Notice of Default, attached hereto as Exhibit H.

4

ny-1167496

11. On September 11, 2011, Mr. Boyd filed a complaint in the United States District Court for the Northern District of California (the "District Court"), Case No. 5:11-CV-05018, for "unconscionability to contract and adhesion to real property" (the "Complaint"). See District Court Docket, attached hereto as Exhibit I. The District Court dismissed the Complaint without prejudice on December 5, 2011. See id. Mr. Boyd filed an amended complaint on May 22, 2012 (the "Amended Complaint"). See Exhibit J. The claims in the Amended Complaint were to invalidate/contest the liens on the Soquel and Lakebird Properties with regard to the Loans.

12. The case was dismissed with prejudice on August 22, 2012 by an Order Granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (the "District Court Order"). A copy of the District Court Order is attached hereto as Exhibit K. The United States Court of Appeals for the Ninth Circuit affirmed the district court's order dismissing the case on August 22, 2014 (the "Appellate Court Order"). A copy of the Appellate Court Order is attached hereto as Exhibit L. On September 9, 2014, Mr. Boyd petitioned for a panel rehearing, which is still pending. See Court of Appeals Docket, attached hereto as Exhibit M.

13. On December 12, 2011, Mr. Boyd commenced a Chapter 13 bankruptcy proceeding in the Northern District of California Bankruptcy Court, case no. 11-BK-61311. See Boyd Bankruptcy Docket, attached hereto as Exhibit N. On May 14, 2014, Mr. Boyd's chapter 13 plan (the "Chapter 13 Plan") was confirmed. A copy of the Chapter 13 Plan is attached hereto as Exhibit O. In the Chapter 13 Plan, Mr. Boyd affirmed the liens with regard to both the Soquel and Lakebird properties, as the Plan provides that all arrears on the Loans will be paid and Mr. Boyd will make ongoing payments on the Loans. See Chapter 13 Plan.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 4, 2014

      /s/ Deanna Horst
Deanna Horst
Chief Claims Officer for ResCap Liquidating Trust