**Exhibit K to Horst Declaration**

**United States District Court**
**For the Northern District of California**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICHAEL E. BOYD, ) | Case No.: 11-05018-PSG |
| ) | |
| Plaintiff, ) | **ORDER GRANTING DEFENDANTS'** |
| v. ) | **MOTION TO DISMISS PLAINTIFF'S** |
| ) | **FIRST AMENDED COMPLAINT** |
| GMAC MORTGAGE LLC; MORTGAGE ) | |
| ELECTRONIC REGISTRATION SYSTEMS, ) | **(Re: Docket Nos. 58, 60)** |
| INC.; and DOES 1 TO 100, ) | |
| ) | |
| Defendants. ) | |
| ) | |

    Plaintiff Michael E. Boyd ("Boyd"), appearing *pro se*, asserts causes of action against Defendants GMAC Mortgage, LLC ("GMAC"), Mortgage Electronic Registration Systems, Inc. ("MERS"), and Does 1-100 (collectively "Defendants"). Defendants move to dismiss Boyd's First Amended Complaint ("FAC") for failure to state a claim under Fed. R. Civ. P. 12(b)(6). Having considered the arguments and evidence presented, the court GRANTS the Defendants' motion to dismiss Boyd's FAC. Because it is clear that amendment cannot save Boyd's claims, the dismissal is with prejudice. Boyd's motion for procedural relief also is DENIED as moot.

1

Case No.: 11-05018-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

12-12020-mg    Doc 7825-12    Filed 12/04/14    Entered 12/04/14 17:51:36    Exhibit K
to Declaration    Pg 3 of 5
Case5:11-cv-05018-PSG   Document66   Filed06/22/12   Page2 of 4

## I. BACKGROUND

On October 11, 2011, Boyd filed the instant complaint against Defendants. On November 9, 2011, Defendants moved to dismiss the complaint, and on December 5, 2011, this court granted Defendants' motion with leave to amend. On May 22, 2012, Boyd filed his FAC, and on June 25, 2012, Defendants moved to dismiss Boyd's FAC. Boyd failed to timely respond, and on July 12, 2012, Boyd filed a motion for procedural relief from the July 9, 2012 filing deadline for an opposition to Defendants' motion to dismiss.

As was the case with Boyd's original complaint, the court extracts these allegations with some difficulty because Boyd's complaint does not set forth particular allegations as individual causes of action. The court reads Boyd's FAC as essentially alleging the same set of facts as in his original complaint, but including the new allegation that Defendants' actions were in breach of Boyd and his wife's Joint Living Trust.[1] Because the court's previous order granting Defendants' motion to dismiss Boyd's original complaint included an exhaustive background and discussion of Boyd's original claims for alleged incomplete reconveyance, unconscionablity, and Defendants' authority to foreclose,[2] the court will not address these claims again, and adopts the reasoning of its previous order.[3] At issue here is whether the additional Joint Living Trust claim in Boyd's FAC can save Boyd's complaint from dismissal. As is discussed in greater detail below, it does not.

## II.    LEGAL STANDARDS

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[4] If a plaintiff fails to proffer "enough facts to state a claim to relief that is plausible on its face," the complaint may be dismissed for failure to state a claim upon which relief may be granted.[5] A claim is facially plausible "when the pleaded factual content allows the court to

---

[1] *See generally* Docket No. 52 (Pl.'s FAC).

[2] *See generally* Docket No. 32 (Order Granting Defs.' Mot. to Dismiss).

[3] Boyd's FAC omits much of this language, and is replaced by allegations that Defendants breached Boyd's Joint Living Trust.

[4] Fed. R. Civ. P. 8(a)(2).

[5] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

2

Case No.: 11-05018-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

draw the reasonable inference that the defendant is liable for the misconduct alleged."[6] Accordingly, under Fed. R. Civ. P. 12(b)(6), which tests the legal sufficiency of the claims alleged in the complaint, "[d]ismissal can based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory."[7]

On a motion to dismiss, the court must accept all material allegations in the complaint as true and construe them in the light most favorable to the non-moving party.[8] The court's review is limited to the face of the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice.[9] However, the Court need not accept as true allegations that are conclusory, unwarranted deductions of fact, or unreasonable inferences.[10] "Dismissal with prejudice and without leave to amend is not appropriate unless it is clear that the complaint could not be saved by amendment."[11]

### III. DISCUSSION

Boyd alleges that GMAC and MERS violated the UCL because Boyd's property was part of a Joint Living Trust, and due to this alleged fact Boyd makes the conclusory allegation that he did not have the authority to execute loan agreements and that the agreements therefore are void.[12] Boyd's FAC alleges that Defendants, specifically GMAC and MERS, "breach[ed] said 'Joint Living Trust' through the use of standard form loans and promissory notes . . . signed by Plaintiff in and about January 2007." This allegation is made throughout Boyd's FAC,[13] but this is clearly

---

[6] *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009).

[7] *Balistreri v. Pacifica Police Dep't.*, 901 F.2d 696, 699 (9th Cir. 1990).

[8] *See Metzler Inv. GMBH v. Corinthian Colls, Inc.*, 540 F.3d 1049, 1061 (9th Cir. 2008).

[9] *See id.* at 1061.

[10] *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001); s*ee also Twombly*, 550 U.S. at 561 ("a wholly conclusory statement of [a] claim" will not survive a motion to dismiss).

[11] *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F. 3d 1048, 1052 (9th Cir. 2003).

[12] *See generally* Docket No. 52 (Pl.'s FAC).

[13] *Compare* Docket No. 52 (Pl.'s FAC) *with* Docket No. 1 (Pl.'s Compl.). Boyd's FAC for the first time also includes a chart and summary titled "12 Steps of Bank Fraud." *See id.* at 3-7.

3
Case No.: 11-05018-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

United States District Court
For the Northern District of California

1  not the law.[14] GMAC and MERS were not parties to the trust. If that were not enough, Boyd

2  acknowledges that he was the Joint Living Trust's trustee at the time he executed the loan

3  agreements.[15] The net result is that Boyd's FAC fails to state a claim for relief and cannot survive

4  Rule 12(b)(6).

5  **IV.    CONCLUSION**

6  The court GRANTS Defendants' motion to dismiss Boyd's FAC. Because it is clear that

7  amendment cannot not save Boyd's FAC, the court's grant of dismissal is with prejudice. Because

8  Boyd's motion for procedural relief is now moot, this motion too is DENIED.

9  **IT IS SO ORDERED.**

10  Dated: August 22, 2012

11  

12  _____
PAUL S. GREWAL
United States Magistrate Judge

---

[14] *See, e.g.*, *E.E.O.C. v. Waffle House, Inc.*, 534 U.S. 279, 294 (2002) ("It goes without saying that a contract cannot bind a nonparty.").

[15] *See* Docket No. 52 (Pl.'s FAC) at 10.

4

Case No.: 11-05018-PSG
**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**