Hearing Date and Time: **January 14, 2015 at 10:00 a.m. (Prevailing Eastern Time)**
Response Date and Time: **December 29, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF THE RESCAP LIQUIDATING TRUST'S SEVENTY-NINTH OMNIBUS CLAIMS OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap Liquidating Trust's Seventy-Ninth Omnibus Claims Objection (Purported Administrative Claims)* (the "<u>Omnibus Objection</u>"), which seeks to alter your rights by disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection will take place on **January 14, 2015 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

ny-1168473

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **December 29, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum, Jordan A. Wishnew, and Meryl L. Rothchild); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (d) The ResCap Borrower Claims Trust, Polsinelli PC, 900 Third Avenue, 21st Floor, New York, NY 10022, (Attn: Daniel J. Flanigan) and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Avenue, Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated: December 8, 2014
   New York, New York

                     Respectfully Submitted,

                     /s/ Norman S. Rosenbaum
                     Norman S. Rosenbaum
                     Jordan A. Wishnew
                     Meryl L. Rothchild
                     **MORRISON & FOERSTER LLP**
                     250 West 55th Street
                     New York, New York 10019
                     Telephone: (212) 468-8000
                     Facsimile: (212) 468-7900

                     *Counsel to The ResCap Liquidating Trust*

ny-1168473

Hearing Date and Time: January 14, 2015 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time: December 29, 2014 at 4:00 p.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel to The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP LIQUIDATING TRUST'S SEVENTY-NINTH OMNIBUS CLAIMS
OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS)**

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON EITHER EXHIBIT A OR EXHIBIT B ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
THE RESCAP LIQUIDATING TRUST'S COUNSEL,
JORDAN A. WISHNEW, AT (212) 468-8000.**

ny-1165104

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), established pursuant to terms of the Plan (defined below) confirmed in the above-captioned chapter 11 cases (the "<u>Chapter 11 Cases</u>"), as successor in interest to the Debtors (defined below), respectfully represents:

**RELIEF REQUESTED**

1. The Liquidating Trust files this seventy-ninth omnibus claims objection (the "<u>Objection</u>") pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), Article II.A of the Plan and the Confirmation Order (defined below), seeking entry of an order (the "<u>Proposed Order</u>"), in a form substantially similar to that attached hereto as <u>Exhibit 2</u>, disallowing and expunging the purported administrative claims listed on <u>Exhibit A</u> and <u>Exhibit B</u> annexed to the Proposed Order.[1]  In support of this Objection, the Liquidating Trust submits the Declaration of Deanna Horst, Chief Claims Officer for The ResCap Liquidating Trust (the "<u>Horst Declaration</u>"), annexed hereto as <u>Exhibit 1-A</u>, and the Declaration of P. Joseph Morrow IV, Director of Kurtzman Carson Consultants LLC, claims and noticing agent of the Debtors (the "<u>Morrow Declaration</u>"), annexed hereto as <u>Exhibit 1-B</u>.

2. A number of these purported claim submissions should be expunged for the claimants' failure to comply with the procedures specified in the Confirmation Order for filing requests for payment of administrative expense claims.  Specifically, these procedures,

---

[1] Claims listed on <u>Exhibit A</u> and <u>Exhibit B</u> are reflected in the same manner as they appear on the Claims Register (defined herein) maintained by KCC.

among other things, require that the request for allowance of an administrative expense claim be *filed* with the Court, not delivered to the Debtors' claims agent.[2] The failure of these claimants to comply with an order of this Court, in and of itself, warrants the disallowance and expungement of their purported administrative expense claims.

3. The Liquidating Trust also examined the proofs of claim identified on Exhibit A to the Proposed Order (collectively, the "Late-Filed Claims") and determined that such claims violate the procedures and deadline for filing administrative expense claims in the Chapter 11 Cases. Specifically, the Late-Filed Claims violate Article II.A of the Plan, as approved by the Confirmation Order (defined herein), which states that a holder of an administrative expense claim must file with the Court and serve on the Liquidating Trust on or before the Administrative Claim Bar Date (as defined below) requests for payment of administrative expense claims not already allowed, or be forever barred, estopped, and enjoined from asserting such a Claim against the Debtors. See Plan, Art. II.A. Each of the Late-Filed Claims was delivered to the Debtors' claims agent after the Administrative Claim Bar Date and must be disallowed and expunged in their entirety. Further, these claimants fail to proffer any excuse as to why they should not be bound by the specific deadline set forth in the Confirmation Order.

4. The Liquidating Trust also examined the proofs of claim identified on Exhibit B annexed to the Proposed Order (the "No Basis Claims") and determined that the No

---

[2] Only the following holders of purported administrative expense claims filed their requests for payment on the docket in these Chapter 11 Cases: (i) Conrad P. Burnett Jr. for payment on account of Claim No. 7413 [Docket Nos. 6256, 7523]; (ii) Emilia Zuniga for payment on account of Claim No. 7420, mailed to the Court but not filed on the docket; (iii) Felix O. Abu for payment on account of Claim No. 7428, mailed to the Court but not filed on the docket; (vi) Raymond and Deanne Eckert for payment on account of Claim Nos. 7416 and 7417 [Docket Nos. 6266, 6267]; and (v) Mary F. Singleton on account of payment for Claim No. 7424 [Docket No. 6298]. The Liquidating Trust seeks to expunge these claims.

Basis Claims are neither liabilities of the Debtors, nor do they have a basis as an administrative expense claim pursuant to section 503 of the Bankruptcy Code. Therefore, the Liquidating Trust requests that the No Basis Claims be disallowed and expunged in their entirety.

5. The proofs of claim identified on <u>Exhibit A</u> and <u>Exhibit B</u> annexed to the Proposed Order solely relate to claims filed by current or former borrowers (each an "<u>Administrative Borrower Claim</u>" and collectively, the "<u>Administrative Borrower Claims</u>"). As used herein, the term "Borrower" means an individual whose current or former mortgage loan was originated, serviced, sold, consolidated or owned by any of the Debtors.[3] See Plan, Art. I.A.38.

6. The Court previously entered orders [Docket No. 7096, 7202] sustaining a similar omnibus claims objection filed by the Liquidating Trust [Docket No. 6845] based on substantially similar grounds as set forth in this Objection. The holders of the purported Administrative Borrower Claims, listed on <u>Exhibit A</u> and <u>Exhibit B</u> annexed to the Proposed Order, have failed to demonstrate that their claims meet the standards under section 503(b) of the Bankruptcy Code to warrant their claims' treatment as administrative expense claims; therefore, the Liquidating Trust respectfully submits that the relief provided for in the Proposed Order is appropriate and warranted.

7. As provided for in the Plan, "any and all proofs of claim filed after the applicable bar date shall be deemed disallowed, discharged, released, and expunged as of the effective date without any further notice to or action, order, or approval of the Bankruptcy

---

[3] The ResCap Borrower Claims Trust established pursuant to the Plan is dedicated solely to the satisfaction of Borrower Claims as defined and addressed in the Plan. The reconciliation of Administrative Claims asserted by Borrowers is the sole responsibility of the Liquidating Trust and to the extent allowed, such claims constitute obligations of the Liquidating Trust under the Plan.

Court" unless said claim is deemed timely filed by the Court. Plan, Art. VIII.B. Accordingly, should any claims be filed in the Chapter 11 Cases following the date of the Objection, the Liquidating Trust will deem such claims as untimely and disallowed unless and until the claimant proves, and the Court orders, otherwise.

## JURISDICTION

8. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

9. On May 14, 2012, each of the debtors in the Chapter 11 Cases (the "Debtors") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

10. On May 26, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the noticing and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

11. On March 21, 2013, the Court entered the Procedures Order, which authorizes the Liquidating Trust to, among other things, file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order.

12. On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official*

4

ny-1165104

*Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

13. The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates. See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22. Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets. See generally Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

14. Specifically, the Confirmation Order required holders of purported Administrative Claims (as such term is defined in the Plan) to file their "requests for the payment of such Administrative Claims not already Allowed by Final Order in accordance with the procedures specified in the Confirmation Order, on or before the first Business Day that is thirty (30) days following the Effective Date." See Confirmation Order ¶ 50(f). The Confirmation Order further provides that a claimant's failure to follow these procedures would result in the claimant being "forever barred, estopped, and enjoined from asserting such Claims against the Debtors, the Plan Trusts, or their assets or properties, and such Claims shall be deemed discharged as of the Effective Date." See id.

15. In addition, on the Effective Date, in accordance with the Plan, the Debtors filed the Notice of Entry of the Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by the Residential Capital, LLC, et al. and the Official

5

ny-1165104

Committee of Unsecured Creditors and Occurrence of the Effective Date [Docket No. 6137], which set **January 16, 2014** as the deadline by which holders of administrative expense claims could file requests for payment of such purported claims (the "Administrative Claim Bar Date").

16.     Thereafter, potential claimants and other parties in interest received *Notice of Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6138] via mail (each an "Administrative Claim Bar Date Notice" and collectively, the "Administrative Claim Bar Date Notices") twenty-three (23) days prior to the Administrative Claim Bar Date.[4]  See Morrow Declaration ¶ 4. KCC mailed the Administrative Claim Bar Date Notices to claimants at the addresses maintained in KCC's creditor matrix, which reflect the claimants' addresses reflected in the Debtors' records shortly before the service of the Administrative Claim Bar Date Notices. See id. The Administrative Claim Bar Date Notice prominently identifies the Administrative Claim Bar Date and advises recipients that:

> holders of administrative claims that are required to, but do not, file and serve a request for payment of such administrative claims by the Administrative Claim Bar Date shall be forever barred, estopped and enjoined from asserting such administrative claim against the Debtors, the Plan Trusts, or their assets or properties, and such administrative claims shall be deemed discharged as of the Effective Date.

Administrative Claim Bar Date Notice ¶ 4.

## BASIS FOR RELIEF

17.     Section 503(b)(1)(A) of the Bankruptcy Code provides that only "actual, necessary costs and expenses of preserving the estate" are allowed as administrative expenses.

---

[4] See *Affidavit of Service of Clarissa D. Chu re: 1) Notices of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors and Occurrence of Effective Date and 2) Notice of Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6187].

11 U.S.C. §503(b)(1)(A). A party asserting an administrative expense claim has the burden of proving that such expense was actual and necessary for preserving the estate. See In re Old Carco LLC, 424 B.R. 650, 657 (Bankr. S.D.N.Y. 2010); In re Drexel Burnham Lambert Grp. Inc., 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991). Courts in this District have held that section 503(b)(1)(A) should be narrowly construed due to "the bankruptcy goal of providing equal distribution of a debtor's assets to all creditors." Old Carco, 424 B.R. at 656.

18. Specifically, "an expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession,…and only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business." See In re Grubb & Ellis Co., 478 B.R. 622, 624 (Bankr. S.D.N.Y. 2012), citing Trustees of Amalgamated Ins. Fund v. McFarlin's, Inc., 789 F.2d 98, 101 (2d Cir. 1986). It is a claimant's burden to establish that it is entitled to an administrative expense claim. In re Bethlehem Steel Corp., 479 F.3d 167, 172 (2d Cir. 2007). An administrative expense claim "should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate." In re Drexel Burnham Lambert Grp. Inc., 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991) (quoting In re Amfesco Indus., Inc., 81 B.R. 777, 785 (Bankr. E.D.N.Y. 1988).

19. None of the claimants asserting a claim listed on Exhibit A and Exhibit B has carried the burden of showing that the purported expense related to its claim was necessary for the Debtors' postpetition operations or the preservation of the Debtors' estates. As such, none of the Administrative Borrower Claims are entitled to administrative priority pursuant to section 503(b)(1)(A) of the Bankruptcy Code. Furthermore, a number of these

7

claimants failed to follow the required procedures of actually filing on the docket such claimant's request for payment on account of a purported Administrative Claim. See Confirmation Order ¶ 50(f). Moreover, certain claims (as discussed herein) must also be disallowed because they are duplicative of previously-filed prepetition claims and/or filed after January 16, 2014.

### A.    The Late-Filed Claims Should Be Disallowed and Expunged

20.    Based upon its review of the claims filed on the Claims Register in these Chapter 11 Cases maintained by KCC and the docket in the Chapter 11 Cases, the Liquidating Trust identified the Late-Filed Claims on Exhibit A, annexed to the Proposed Order, as claims that should be disallowed and expunged because they were filed after the Administrative Claim Bar Date and therefore the claimants failed to comply with the terms of the Plan and Confirmation Order. See Horst Declaration ¶ 6.

21.    "Bar dates are 'critically important to the administration of a successful chapter 11 case.'" Memorandum Decision Denying Motions for Leave to File Late Claims [Docket No. 9150], In re Lehman Bros. Holdings, Inc., Case No. 08-13555 (JMP), 2010 WL 2000326, at *2 (Bankr. S.D.N.Y. May 20, 2010) (quoting In re Musicland Holding Corp., 356 B.R. 603, 607 (Bankr. S.D.N.Y. 2006)); see also Order Denying Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim [Docket No. 3648], In re Residential Capital, LLC, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 17, 2013). A bar date is more than a "procedural gauntlet" and functions as "an integral part of the reorganization process." In re Hooker Invs., Inc., 937 F.2d 833, 840 (2d Cir. 1991). A bar date enables debtors to determine with reasonable promptness, efficiency and finality what claims will be made against their estates—a determination without which they cannot effectively reorganize. See In re Keene Corp., 188 B.R. 903, 907 (Bankr. S.D.N.Y. 1995). Accordingly, bar dates are strictly enforced

in the Second Circuit. See id.; see also In re Lehman Bros. Holdings, Inc., 2010 WL 2000326, at *2; In re Musicland Holding Corp., 356 B.R. at 607 ("The bar date is akin to a statute of limitations, and must be strictly enforced.").

22. Article II.A of the Plan provides that, except as provided in the Plan or any order of the Court, holders of administrative expense claims must "file and serve on the Plan Proponents or the Liquidating Trust requests for the payment of such administrative expense claims on or before the Administrative Claim Bar Date or be forever barred, estopped, and enjoined from asserting such Claims against the Debtors, the Plan Trusts, or their assets or properties, and such Claims shall be deemed discharged as of the Effective Date." See Plan, Art. II.A; see also Confirmation Order ¶ 50(f). None of the Borrowers listed on Exhibit A to the Proposed Order submitted a formal or informal request seeking permission to either file a late claim or be exempt from this Plan or Confirmation Order provision. See Horst Declaration ¶ 6. Further, neither the Liquidating Trust nor the Debtors agreed to exempt any of the Late-Filed Claims from this Plan provision. See id. As a result, by the Court's entry of the Confirmation Order, the Late-Filed Claims (to the extent they are even valid administrative expense claims) were barred and discharged as soon as the Administrative Claim Bar Date passed.

23. The Confirmation Order specifically requires purported holders of administrative expense claims to ensure that their requests for payment of such claims **be actually received** either by the Plan Proponents (as such term is defined in the Plan) or the Liquidating Trust **on or before** the Administrative Claim Bar Date. See Confirmation Order ¶ 50(f). Potential claimants were provided with the Administrative Claim Bar Date Notice, including the deadline to file (with the Court) requests for allowance of such claims and a

9

warning that failure to comply with the Administrative Claim Bar Date would result in their claims being barred. See Administrative Claim Bar Date Notice ¶ 4; see also Confirmation Order ¶ 59 (directing the Plan Proponents or the Liquidating Trust to serve the Administrative Claim Bar Date Notice).

24. The Liquidating Trust confirmed with KCC that each of the Borrowers who filed a Late-Filed Claim was timely served with the Administrative Claim Bar Date Notice. See Horst Declaration ¶ 5; see also Morrow Declaration ¶¶ 4-6. KCC mailed these notices to each Borrower who filed a Late-Filed Claim at the address reflected in the Debtors' books and records. See id. Nevertheless, these parties filed their claims after the Administrative Claim Bar Date. See Morrow Declaration ¶¶ 5-6; see also Horst Declaration ¶ 5. Moreover, these Late-Filed Claims do not amend any previously filed administrative expense claims. See Morrow Declaration ¶ 7; see also Horst Declaration ¶ 6.

25. Additionally, as described in the "Reason for Disallowance" column of Exhibit A, pursuant to the supplemental servicing order entered by the Court [Docket No. 774] (the "Supplemental Servicing Order"),[5] Borrowers who commenced postpetition litigation outside of the Chapter 11 Cases against the Debtors may only raise defenses and counterclaims (including Mandatory Monetary Claims, as such term is defined in the Supplemental Servicing Order) related to a foreclosure action and seek equitable relief in those lawsuits. See Supplemental Servicing Order ¶ 14. Should the Borrower seek monetary relief, the Borrower's recourse was to file a claim requesting such relief in the Chapter 11 Cases and become subject

---

[5] *See Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774], entered on July 13, 2012.

to the claims reconciliation process. By failing to timely file a claim by the Administrative Claim Bar Date, these Borrowers should be precluded from asserting any monetary damages against the Debtors' estates and the Liquidating Trust.

26. Because the Late-Filed Claims violate the terms of the Plan and the Confirmation Order and are untimely, the Liquidating Trust requests that the Court disallow and expunge in their entirety the Late-Filed Claims listed on Exhibit A to the Proposed Order. The Liquidating Trust reserves all rights to object on any other basis to any Late-Filed Claim as to which the Court does not grant the relief requested herein.

**B.    The No Basis Claims**

27. Based upon its review of the claims filed on the Claims Register in these cases maintained by KCC, the Liquidating Trust determined that the No Basis Claims identified on Exhibit B annexed to the Proposed Order should be disallowed and expunged because they do not state a basis for an administrative expense claim under section 503 of the Bankruptcy Code.

28. To be an allowed administrative expense claim under section 503(b)(1)(A) of the Bankruptcy Code, a claim must be an actual and necessary expense of preserving the estate and must have occurred between the Petition Date and the Effective Date. None of the No Basis Claims listed on Exhibit B annexed to the Proposed Order meets this definition. See Horst Declaration ¶ 7.

29. The Liquidating Trust reviewed the Debtors' books and records, and found no basis for any amounts owing on account of any prepetition or post-petition activities to any of the claimants who filed the No Basis Claims. See Horst Declaration ¶ 7. The basis for objecting to each of the No Basis Claims is set forth in more detail on Exhibit B attached to the Proposed Order under the heading titled *Reason for Disallowance*. The Liquidating

11

ny-1165104

Trust asserts that such claims do not represent valid, postpetition liabilities of the Debtors' estates because none of the claimants identify any credit or services they purportedly extended or provided to the Debtors after the Petition Date that were actual and necessary to preserve the estates, nor do they identify and/or present sufficient evidence of any postpetition conduct on the part of any Debtor that could potentially give rise to a claim.[6]  See id.  Therefore, the Debtors' estates are not liable to the claimants identified on Exhibit B attached to the Proposed Order.  See id.

30.  Accordingly, to avoid the possibility that the claimants at issue receive improper recoveries, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge in their entirety each of the No Basis Claims.  See Horst Declaration ¶ 8.

**NOTICE**

31.  The Liquidating Trust has served notice of this Omnibus Administrative Claims Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order.  The Liquidating Trust submits that no other or further notice need be provided.

[*Remainder of Page Intentionally Left Blank*]

---

[6] The Liquidating Trust reserves all rights to contest that any such conduct could in and of itself in fact give rise to an administrative expense claim.

## **CONCLUSION**

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  December 8, 2014
          New York, New York

    /s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel to The ResCap Liquidating Trust*