**Exhibit 1-A**

**Horst Declaration**

ny-1165104

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP LIQUIDATING TRUST'S SEVENTY-NINTH OMNIBUS CLAIMS OBJECTION (<u>PURPORTED ADMINISTRATIVE CLAIMS</u>)**

I, Deanna Horst, hereby declare as follows:

1.  I am the Chief Claims Officer for The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October of 2013, I became Chief Claims Officer of ResCap. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery. I am authorized to submit this declaration (the "<u>Declaration</u>") in support of

1

*The ResCap Liquidating Trust's Seventy-Ninth Omnibus Claims Objection (Purported Administrative Claims)* (the "<u>Objection</u>").[1]

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's professionals and consultants, and/or Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the Debtors' noticing and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3. In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "<u>Books and Records</u>"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and reconciliation of claims, and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the claim forms or requests for payment of administrative expense claims, where applicable, and supporting documentation, if any, filed by the claimants listed on <u>Exhibit A</u> and <u>Exhibit B</u> annexed to the Proposed Order. Since the Plan became effective and the Liquidating Trust was established, I, along with other members of the Liquidating Trust's management or other employees of the Liquidating Trust have continued the claims reconciliation process, which includes analyzing claims and determining the appropriate

---

[1] Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

treatment of the same.  In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register.

4. Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim and the purported administrative expense claims that are the subject of the Objection filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

A. **The Late-Filed Claims**

5. Based on a thorough review of the Late-Filed Claims at issue, I determined that each claim listed on Exhibit A annexed to the Proposed Order was received by the Court and/or KCC, after the Administrative Claim Bar Date passed.  Each claim submitted by a creditor was date-and-time-stamped upon receipt by KCC and/or the Court.  The Late-Filed Claims included on Exhibit A to the Proposed Order were each date-and-time-stamped after the Administrative Claim Bar Date.  In addition, the Liquidating Trust confirmed with KCC that each of these claimants who filed a Late-Filed Claim, through such claimant's counsel, was timely served with the Administrative Claim Bar Date Notice.  KCC mailed this notice to each claimant's counsel at the address reflected in the Debtors' books and records.  In addition, upon my review, these Late-Filed Claims do not amend any previously filed administrative expense claims.

6.  To my knowledge, none of the claimants listed on <u>Exhibit A</u> to the Proposed Order ever filed a motion with the Court, or contacted the Liquidating Trust, requesting permission to file a late proof of claim or proffered to the Debtors or their counsel an excuse for such Late-Filed Claim. Further, neither the Liquidating Trust nor the Debtors agreed to exempt any of the Late-Filed Claims from Article II.A of the Plan or Paragraph 50(f) of the Confirmation Order, which provides the consequences of a claimant's failure to file a request for payment of an administrative expense claim subsequent to the Administrative Claim Bar Date. Based on a review of the Late-Filed Claims, none of these claims purported to amend any previously filed prepetition claims or administrative expense claims. If the Late-Filed Claims are not disallowed and expunged, the claimants who filed the Late-Filed Claims may potentially receive distributions to the detriment of other beneficiaries of the Liquidating Trust that they are not entitled to, because such claims were untimely.

**B.    The No Basis Claims**

7.  Based on a thorough review of the No Basis Claims at issue, I determined that each claim listed on <u>Exhibit B</u> annexed to the Proposed Order fails to set forth any valid justification for asserting a claim for an actual and necessary expense of preserving the estate that occurred postpetition.[2] The Liquidating Trust reviewed the Debtors' books and records, and found no basis for any amounts owing on account of any prepetition or post-petition activities to any of the Borrowers who filed the No Basis Claims. Therefore, the Debtors' estates are not liable to the claimants identified on <u>Exhibit B</u> attached to the Proposed Order.

---

[2]  The basis for objecting to each of the No Basis Claims is set forth in more detail on <u>Exhibit B</u> to the Proposed Order under the heading titled "*Reason for Disallowance.*"

4

ny-1166391

8. If each of the No Basis Claims is not disallowed and expunged in its entirety, the claimants who filed the No Basis Claims may potentially receive a wholly improper recovery to the detriment of other Liquidating Trust beneficiaries.

9. Accordingly, based upon this review and in consultation with the Liquidating Trust, and for the reasons set forth in the Objection, I have determined that each Late-Filed Claim and No Basis Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: December 8, 2014

    /s/ Deanna Horst
Deanna Horst
Chief Claims Officer for The ResCap
Liquidating Trust