# Exhibit 1-B

## Morrow Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF P. JOSEPH MORROW IV IN SUPPORT OF THE RESCAP LIQUIDATING TRUST'S SEVENTY-NINTH OMNIBUS CLAIMS OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS)**

I, P. Joseph Morrow IV, depose and say under the penalty of perjury:

1. I am a Director of Corporate Restructuring Services, employed by Kurtzman Carson Consultants, LLC ("KCC"), the claims and noticing agent retained by Residential Capital, LLC, *et al.* (collectively with its affiliated debtors (the "Debtors") in the above-captioned Chapter 11 Cases,[1] pursuant to the *Order Authorizing Retention and Appointment of Kurtzman Carson Consultants, LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), S.D.N.Y. LBR 5075-1 and General Order M-409 and Granting Related Relief* [Docket No. 96] entered by this Court on May 16, 2012, and the *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Employment and Retention of Kurtzman Carson Consultants LLC as Administrative Agent, Nunc Pro Tunc to the Petition Date* [Docket No. 798] entered by this Court on July 17, 2012.

----

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection (defined below).

1

ny-1166394

2. I am authorized to submit this declaration (the "Declaration") in support of *The ResCap Liquidating Trust's Seventy-Ninth Omnibus Claims Objection (Purported Administrative Claims)* (the "Objection").

3. All facts set forth in this Declaration are based upon information learned from my review of relevant documents and information I have received through my discussions with KCC employees, the Liquidating Trust's professionals, and the Debtors' former professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth herein on that basis.

4. Acting as the Debtors' claims and noticing agent, KCC serves notices and other mailings upon parties and/or their representatives at the direction of the Debtors and the Court. Subsequent to the Effective Date of the Plan filed and confirmed in the Chapter 11 Cases, KCC served the *Notice of Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6138] (the "Administrative Claim Bar Date Notice") twenty-three (23) days prior to the Administrative Claim Bar Date. KCC mailed the Administrative Claim Bar Date Notices to claimants at the addresses maintained in KCC's creditor matrix, which reflect the claimants' addresses as reflected in the Debtors' records shortly before the service of the Administrative Claim Bar Date Notices.

5. On or before December 24, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar Date Notice to be served upon counsel to **Barbara Glapion, c/o Ernie Ernie Gracia, Gracia & Sweny, PLLC at 2616 S. Loop West, Suite 580, Houston, TX 77054** via First Class U.S. Mail. See KCC Affidavit of Service of the Administrative Claims Bar Date Notice, Docket No. 6187, Ex. E – Part 2, at 1351 of 4526 (of the PDF). The return address on the request for payment of

an administrative expense claim – **Barbara Glapion, c/o Ernie Garcia, The Law Office of Ernie Garcia** at **616 Cypress Creek Parkway, Ste 105, Houston, TX 77090** – was different than the service address.   KCC received the returned request for payment of an administrative expense claim on June 30, 2014.  As of the date of this Declaration, the foregoing mailing was not returned to KCC as "undeliverable."

6. On or before December 24, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar Date Notice to be served upon counsel to **Martha S. Panaszewicz, c/o Errol J. Zshornack, Esq.** at **7311 Mission Street, Suite E, Daly City, CA 94014** via First Class U.S. Mail.   See KCC Affidavit of Service of the Administrative Claims Bar Date Notice, Docket No. 6187, Ex. E – Part 2, at 1352 of 4526 (of the PDF).  The return address on the request for payment of an administrative expense claim – **Martha S. Panaszewicz, c/o Errol J. Zshornack** at **2429 Ocean Avenue, San Francisco, CA 94127** – was different than the service address.  KCC received the returned request for payment on June 6, 2014.  As of the date of this Declaration, the December 2013 mailing was returned to KCC as "undeliverable."

7. Based on a review of the Late-Filed Claims and the Claims Register, neither of these claims purported to amend any previously filed prepetition claims or administrative expense claims.

8. In accordance with KCC's standard procedure, each of the foregoing documents was securely enclosed in postage prepaid envelopes and delivered to an office of the United States Postal Service for delivery by First Class U.S. Mail.  The envelopes were clearly marked with KCC's return address.

ny-1166394

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  December 8, 2014

/s/ P. Joseph Morrow IV
P. Joseph Morrow IV
Director of Kurtzman Carson Consultants LLC

ny-1166394