# **Exhibit 17**

**09-25338**

Phelan Hallinan & Schmieg, LLP
Lawrence T. Phelan, Esq., Id. No. 32227
Francis S. Hallinan, Esq., Id. No. 62695
Daniel G. Schmieg, Esq., Id. No. 62205
Michele M. Bradford, Esq., Id. No. 69849
Judith T. Romano, Esq., Id. No. 58745
Sheetal R. Shah-Jani, Esq., Id. No. 81760
Jenine R. Davey, Esq., Id. No. 87077
Lauren R. Tabas, Esq., Id. No. 93337
Vivek Srivastava, Esq., Id. No. 202331
Jay B. Jones, Esq., Id. No. 86657                           ATTORNEY FOR PLAINTIFF
Peter J. Mulcahy, Esq., Id. No. 61791
Andrew L. Spivack, Esq., Id. No. 84439
Jaime McGuinness, Esq., Id. No. 90134
Chrisovalante P. Fliakos, Esq., Id. No. 94620
Joshua I. Goldman, Esq., Id. No. 205047
Courtenay R. Dunn, Esq., Id. No. 206779
Andrew C. Bramblett, Esq., Id. No. 208375
1617 JFK Boulevard, Suite 1400                              2009-25338-0000
One Penn Center Plaza                                       8/14/2009 2:34:28 PM
Philadelphia, PA 19103                                      Complaint in Mort Foreclosures
215-563-7000                           213964               Receipt#   2009-54-02282
                                                            Mark Levy - Montgomery County Prothonotary

GMAC MORTGAGE, LLC
1100 VIRGINIA DRIVE                     COURT OF COMMON PLEAS
P.O. BOX 8300
FORT WASHINGTON, PA 19034               CIVIL DIVISION

        Plaintiff                       TERM

v.
                                        NO.

KENNETH TAGGART
521 COWPATH ROAD                        MONTGOMERY COUNTY
TELFORD, PA 18969-7100
        Defendant

<u>**CIVIL ACTION - LAW**</u>
<u>**COMPLAINT IN MORTGAGE FORECLOSURE**</u>



File #: 213964

## NOTICE

You have been sued in Court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Services:
Montgomery Bar Association
100 West Airy Street
P.O. Box 268
Norristown, PA 19404
(610) 279-9660
(800) 560-5291

File #: 213964

1. Plaintiff is

   ~~GMAC MORTGAGE, LLC~~
   ~~1100 VIRGINIA DRIVE, P.O. BOX 8300~~
   ~~FORT WASHINGTON, PA 19034~~

2. The name(s) and last known address(es) of the Defendant(s) are:

   KENNETH TAGGART
   521 COWPATH ROAD
   TELFORD PA 18969-7100

   who is/are the mortgagor(s) and/or real owner(s) of the property hereinafter described.

3. On 07/11/2008 mortgagor(s) made, executed and delivered a mortgage upon the premises hereinafter described to ~~MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INCORPORATED AS A NOMINEE FOR LBA FINANCIAL GROUP, LLC~~ which mortgage is recorded in the Office of the Recorder of MONTGOMERY County, in Mortgage Book No. 12440, Page 01519. The PLAINTIFF is now the legal owner of the mortgage and is in the process of formalizing an assignment of same. The mortgage and assignment(s), if any, are matters of public record and are incorporated herein by reference in accordance with Pa.R.C.P. 1019(g); which Rule relieves the Plaintiff from its obligations to attach documents to pleadings if those documents are of public record.

4. The premises subject to said mortgage is described as attached.

5. ~~The mortgage is in default because monthly payments of principal and interest upon said mortgage due 04/01/2009 and each month thereafter are due and unpaid, and by the terms of said mortgage, upon failure of mortgagor to make such payments after a date specified by written notice sent to Mortgagor, the entire principal balance and all interest due thereon are collectible forthwith.~~

File #: 213964

6. The following amounts are due on the mortgage:

| | |
|---|---|
| Principal Balance | $655,405.27 |
| Interest | $19,526.10 |
| 03/01/2009 through 08/12/2009 | |
| (Per Diem $118.34) | |
| Attorney's Fees | $1,300.00 |
| Cumulative Late Charges | $1,762.16 |
| 07/11/2008 to 08/12/2009 | |
| Property Inspections | $16.88 |
| Cost of Suit and Title Search | $750.00 |
| Subtotal | $678,760.41 |
| Escrow | |
| Credit | $0.00 |
| Deficit | $6,916.42 |
| Subtotal | $6,916.42 |
| TOTAL | $685,676.83 |

7. If the mortgage is reinstated prior to a Sheriff's Sale, the attorney's fee set forth above may be less than the amount demanded based on work actually performed. The attorney's fees requested are in conformity with the mortgage and Pennsylvania law. Plaintiff reserves its right to collect attorney's fees up to 5% of the remaining principal balance in the event the property is sold to a third party purchaser at Sheriff's Sale, or if the complexity of the action requires additional fees in excess of the amount demanded in the Action.

8. Plaintiff is not seeking a judgment of personal liability (or an in personam judgment) against the Defendant(s) in the Action; however, Plaintiff reserves its right to bring a separate Action to establish that right, if such right exists. If Defendant(s) has/have received a discharge of personal liability in a bankruptcy proceeding, this Action of Mortgage Foreclosure is in no way an attempt to reestablish such personal liability discharged in bankruptcy, but only to foreclose the mortgage and sell the mortgaged premises pursuant to Pennsylvania Law.

File #:  213964

9. The action does not come under Act 6 of 1974 because the original mortgage amount exceeds the dollar amount provided in the statute.

10. This action does not come under Act 91 of 1983 because the mortgage is FHA-insured.

WHEREFORE, PLAINTIFF demands an in rem Judgment against the Defendant(s) in the sum of $685,676.83, together with interest from 08/12/2009 at the rate of $118.34 per diem to the date of Judgment, and other costs and charges collectible under the mortgage and for the foreclosure and sale of the mortgaged property.

PHELAN HALLINAN & SCHMIEG, LLP

By: _Jaime M. McGuinness_
☐ Lawrence T. Phelan, Esq., Id. No. 32227
☐ Francis S. Hallinan, Esq., Id. No. 62695
☐ Daniel G. Schmieg, Esq., Id. No. 62205
☐ Michele M. Bradford, Esq., Id. No. 69849
☐ Judith T. Romano, Esq., Id. No. 58745
☐ Sheetal R. Shah-Jani, Esq., Id. No. 81760
☐ Jenine R. Davey, Esq., Id. No. 87077
☐ Lauren R. Tabas, Esq., Id. No. 93337
☐ Vivek Srivastava, Esq., Id. No. 202331
☐ Jay B. Jones, Esq., Id. No. 86657
☐ Peter J. Mulcahy, Esq., Id. No. 61791
☐ Andrew L. Spivack, Esq., Id. No. 84439
☒ Jaime McGuinness, Esq., Id. No. 90134
☐ Chrisovalante P. Fliakos, Esq., Id. No. 94620
☐ Joshua I. Goldman, Esq., Id. No. 205047
☐ Courtenay R. Dunn, Esq., Id. No. 206779
☐ Andrew C. Bramblett, Esq., Id. No. 208375
Attorneys for Plaintiff

File #: 213964

## LEGAL DESCRIPTION

All that certain messuage or tract of land with the improvements thereon erected, situate in the Township of Franconia, County of Montgomery, and Commonwealth of Pennsylvania, bounded and described according to a recent plan and survey dated August 16, 1947 with revisions of October 3, 1951 as prepared by Stanley F. Moyer, Registered Engineer and Land Surveyor, Souderton, PA, as follows, to wit:-

Beginning at a spike in the center line of the Cowpath Road extending from the Harleysville-Telford Pike to Earlington said spike being 474.43 feet North of the center line of Harleysville-Telford Pike, thence along the Cowpath Road North 1 degree 31 minutes East the distance of 281.65 feet to an angle point of the road, thence still along the same North 39 degrees 13 minutes West the distance of 647.02 feet to a corner, thence along Tract #1A on said plan intended to be conveyed to John R. Souder North 79 degrees 11 minutes East the distance of 419.19 feet to a corner in the center line of the creek channel in line of lands of Preston Souder, thence along the same the next three courses and distances (1) South 38 degrees 2 minutes East the distance of 191.88 feet to an iron pin, thence (2) North 72 degrees 47 minutes East the distance of 302.47 feet to an iron pin, thence (3) South 25 degrees 7 minutes East the distance of 647.39 feet to a corner of Telford Borough lands, thence along land now or late of Charles B. Miminger South 29 degrees 52 minutes East the distance of 107.58 feet to a corner, thence along Tract #1B on said plan other lands of grantor of which this was a part, South 64 degrees 47 minutes West the distance of 509.33 feet to an iron pin a corner of lands of Wellington N. Cassel thence along the same North 75 degrees 16 minutes West the distance of 317.47 feet to the place of beginning.

Being Tract #1 on said Plan.

File #: 213964

Tax ID / Parcel No. 34-00-01078-004

Being the same premises which Virginia R. Lattig, Trustee and John H. Van Dyke, Jr. Trustee under Revocable Trust Agreement for Margaret E. Van Dyke dated May 10, 2002, by Deed dated July 27, 2004 and recorded August 12, 2004 in Montgomery County in Deed Book 5521, Page 2204 conveyed unto Kenneth Taggart, in fee.

PROPERTY BEING; 521 COWPATH ROAD

File #: 213964

## VERIFICATION

The undersigned attorney hereby states that I am the attorney for the Plaintiff in this matter, that Plaintiff is outside the jurisdiction of the Court and/or the verification could not be obtained within the time allowed for the filing of the pleading, that I am authorized to make this verification pursuant to Pa.R.C.P. 1024 (c), and that the statements made in the foregoing Civil Action in Mortgage Foreclosure are based upon information supplied by Plaintiff and are true and correct to the best of my knowledge, information and belief. Furthermore, counsel intends to substitute a verification from Plaintiff upon receipt.

The undersigned understands that this statement is made subject to the penalties of 18 Pa.C.S. Sec. 4904 relating to unsworn falsifications to authorities.

*[signature]*
Attorney for Plaintiff

DATE: 8-12-09

File #: 213964