# **Exhibit 32**

12-12020-mg Doc 7847-36 Filed 12/09/14 Entered 12/09/14 17:48:56 Exhibit 32
to Delehey Decl Pg 2 of 20
Case 2:12-cv-01913-WD Document 2 Filed 05/08/12 Page 1 of 19

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF PENNSYLVANIA

Kenneth J Taggart, Pro Se  **Civil Case# 2:2012 cv 01913**
45 Heron Rd
Holland, Pa 18966

Plaintiff

v.

County of Montgomery (in The State of Pennsylvania)
Montgomery County Court House
2 East Airy Street
Norristown, Pennsylvania 19401

Court of Common Pleas of Montgomery County- State of Pennsylvania
Montgomery County Court House
2 East Airy Street
Norristown, Pennsylvania 19401

Prothonotary of Montgomery County Pennsylvania
Montgomery County Court House
2 East Airy Street
Norristown, Pennsylvania 19401

Superior Court of Pennsylvania
530 Walnut Street, #315
Philadelphia, Pa 19106

And Does

Defendant(s)

And

GMAC Mortgage, LLC
1100 Virginia Dr.
P.O. Box 8300
Fort Washington, Pa 19034  **Third Party Defendant**

And

Mortgage Electronic Registration Systems Incorporated & MERSCORP
1818 Library St
Reston, Va. 20190

**Third Party Defendant**

# Amended    CIVIL COMPLAINT    (5/7/2012)

## Parties to Complaint & Abbreviations

*The Plaintiff to the complaint is: Kenneth Taggart,* herein after known as: TAGGART

*The Defendants to the complaint are:* "County of Montgomery (in The State of Pennsylvania)", herein after known as "THE COUNTY"; "Court of Common Pleas of Montgomery County- State of Pennsylvania", herein after known as "THE COURT", Prothonotary of Montgomery County Pennsylvania, herein after known as " THE PROTHONOTARY", The Superior Court of Pennsylvania, herein after known as SUPERIOR COURT.

*Third Party Defendants to the Complaint are:* Mortgage Electronic Registration Systems Inc. & Merscorp, herein after known collectively as "MERS", GMAC Mortgage, LLC herein after known as, "GMAC"

2

12-12020-mg    Doc 7847-36    Filed 12/09/14    Entered 12/09/14 17:48:56    Exhibit 32
to Delehey Decl    Pg 4 of 20
Case 2:12-cv-01913-WD    Document 2    Filed 05/08/12    Page 3 of 19

## Concise Statement

1. GMAC Mortgage, LLC illegally filed a foreclosure action against Plaintiff, TAGGART, and property that Plaintiff owns to cover up mortgage servicing abuses and violations. The case GMAC Mortgage, LLC illegally filed is: Case #2009-25338 in The Court of Common Please, Montgomery County, Pennsylvania. GMAC Mortgage, LLC did so once they realized Plaintiff, TAGGART, discovered the mortgage servicing abuse; GMAC committed violations of, among other things, "Forced Placed Insurance", mortgage escrow law violations, and breach of contract. During the foreclosure process defendants, The COURT, The COUNTY, THE PROTHONOTARY, and SUPERIOR COURT violated TAGGART's United States Constitutional Rights to Fair Trial and Due Process. The COURT, The COUNTY, THE PROTHONOTARY, and SUPERIOR COURT also violated, TAGGART's Pennsylvania's Constitutional Rights to Due Process and Fair Trial during the course of the litigation process. The litigation is still in process in The Montgomery County Court of Common Pleas.

2. GMAC, defaulted on the mortgage contract by, among other things, Breaching the Mortgage Contract by charging a higher escrow payment than the contract allowed, and illegally charging for "Forced Placed Insurance" when TAGGART WAS INSURED DURING THE ENTIRE TIME THE LOAN WAS IN PLACE.

3. *GMAC violated the mortgage contract and would not take payments pursuant to what the mortgage contract stated.* When TAGGART refused to make payments that were inflated by over $1,200 per month by GMAC, GMAC illegally foreclosed on the property to cover for it's illegal activity.

4. GMAC also filed, with the PROTHONOTARY, their illegal foreclosure complaint with fraudulent paperwork including, among other things, affidavits that were not notarized, affidavits that were fraudulent signed by known "Robo-Signer", Jeffrey Stephan. Jeffrey Stephan has stated in at least two depositions, that he has not completely reviewed any of the affidavits that he has signed. Furthermore, the affidavits were recorded without being notarized. The COURT & COUNTY allowed the foreclosure to proceed with all of the following defects.

5. Furthermore, THE COURT, THE PROTHONOTARY & THE COUNTY has allowed foreclosures with faulty titles to proceed with foreclosure and litigation including, GMAC's foreclosure against TAGGART. The Montgomery County Recorder of Deeds, Nancy Becker, has stated that titles with a transfer from MERS are invalid..... Transfers within MERS void the title pursuant Pennsylvania Law. Yet, the COUNTY, THE PROTHONOTARY & THE COURT has allowed foreclosures to be filed and proceed with faulty MERS titles even when The Recorder of Deeds has asserted that they are fraudulent & faulty. The Recorder of Deeds has presented evidence that the transfers are null and void. Therefore, GMAC does not even have standing or ownership to the title of this mortgage in question. Despite all of this, THE COUNTY, THE PROTHONOTARY & THE COURT has allowed this foreclosure to proceed and refused to dismiss the case

4

in violation of TAGGART'S United States Constitutional Rights and Pennsylvania State Civil Rights & Constitution.

6. THE COURT & THE PROTHONOTARY have a duty and obligation to uphold justice by dismissing cases and documents that are known to be fraud. THE COUNTY, THE COURT & THE PROTHONOTARY further have a duty to put procedures in place to insure that documents are authentic and not based on Fraud.....other states and/or counties have done this. THE COURT is obligated to dismiss a case if it is based on Fraud.....it is clear this case is in fact fraud.

**(See    Exhibits    –    A,B,C,D,F,I,N,O,P,Q,R,S,TU,V,W,X,Y,Z,AA,BB,CC, DD,EE,FF,GG,HH,II)**

7. The COURT and SUPERIOR COURT has shown clear bias to TAGGART, a Pro Se litigant during the litigation process. The COURT & SUPERIOR COURT have not followed all rules, and have erroneously Denied TAGGART motions and appeals based on knowingly misleading opinions. ( **See Exhibits J,K & L)**

8. These actions as described herein violate the Constitution of The Commonwealth (or State) of Pennsylvania, Article 1, Declaration of Rights, Section 31, & Section #6. Right to Due Process & Right to Fair Trial. They also violate the 14th Amendment of the United States Constitution.

5

9. Therefore, All Defendants are responsible for, among other things, violating TAGGART'S United States Constitutional Rights and Pennsylvania's Constitutional Rights to "Due Process" and entitlement to a "Fair Trial". For the willful violations, abuse, and damages that TAGGART has suffered he is entitled to relief under the law for claims made in this complaint.

## JURISDICTION & VENUE

10. Jurisdiction and Venue is conferred as the property is located in Montgomery County and all transactions took place in Montgomery County and Bucks County, State of Pennsylvania, however there are questions regarding The United States Constitution; Therefore, jurisdiction is proper in The District Court for Eastern Pennsylvania.

11. Defendant relies on The Constitution of The United States of America, The Constitution of The Commonwealth of Pennsylvania. Venue is proper in this court as there are questions regarding the United States Constitution as it applies to State & Local Governments.

## PRELIMINARY ALLEGATIONS

12. At all times relevant herein, Defendant, Kenneth J Taggart, is the owner of a residential property whose address is : 521 Cowpath Rd, Telford, Pa 18969

13. At times relevant herein, defendant(s) are informed and believe that the Defendant's, GMAC Mortgage, LLC, MERSCORP, and Mortgage Electronic Registration Systems, Inc. are either a Limited Liability Company, Corporation or Limited Liability Partnership doing business in Montgomery County, State of Pennsylvania. Montgomery County, Montgomery County Prothonotary, The Court of Common Pleas of Montgomery County, Pennsylvania and Superior Court of Pennsylvania, are all State and local government entities.

14. At all times relevant herein, Plaintiff is informed and believes and thereon alleges that the true names, and identities and capacities, whether government entities, individual corporation, association, partnership or otherwise are at this time unknown to Plaintiff who therefore sues said Defendant(s) by such fictitious names and will so amend complaint to show the true names and capacities of such Doe Defendant(s) when the same are ascertained.

15. At all times relevant herein, Defendants(s) are sued and were acting as principal employer, and or agent, servant and employee of the said principal(s) or employee(s), and all of the acts performed by them, or their agents, servants And employees, were performed with the knowledge and under the control of Said principal(s) or employer(s) and all such acts performed by such agents, servants and/or employers, were performed within the course and scope of their authority.

## STATEMENT OF FACTS

16. Plaintiff refinanced a property he owned at 521 Cowpath Rd, Telford, Pa 18969, in July 2008 with LBA Financial and/or The Mortgage Electronic Registration Systems. (It appears that LBA Financial nominated Mortgage Electronic Registration Systems to be mortgage & note holder).The loan was later allegedly sold to GMAC and is now allegedly "Serviced" by GMAC. The mortgage loan has been allegedly serviced by GMAC at all times relevant in this claim.

    a) GMAC & MERS claim to have or had ownership of a mortgage on the subject property at: 521 Cowpath Rd, Telford, Pa 18969 (in Franconia Township Montgomery County). **The only mortgage or alleged mortgage owned on the subject property, is a mortgage that is on a property in Bucks County, Pennsylvania. (See Exhibit "E") (Emphasis Added)**

    b) GMAC has also submitted to the court a fraudulent and altered notarized mortgage with a notary date that was changed. (from the original mortgage) **(See Exhibit "E") (Emphasis Added) – notarized on 2 different dates!!!??**

17. GMAC, among other things, defaulted on the loan agreement, breached the contract in January 2009, and committed tortuous actions that caused harm to plaintiff; GMAC charged plaintiff a higher than allowed escrow amount on each monthly payment from January 2009 until present, placed "Forced Placed Insurance" on the property when plaintiff had insurance since January 2009( then charged plaintiff for alleged Forced Placed Insurance); Then, subsequently

declared plaintiff in default for not paying a higher than allowed escrow amount, or paying for "Forced Placed Insurance Premium". GMAC refused to take or accept the payment that the contract stated TAGGART was supposed to make to them for the mortgage loan. TAGGART refused to pay "Forced Placed Insurance" as he maintained insurance at all times. TAGGART attempted to pay the mortgage pursuant the mortgage contract, however GMAC refused to take payments.

18. GMAC then, in August 2009, wrongfully filed a complaint for a foreclosure action on the mortgage for the property located at 521 Cowpath Rd; Telford, Pa. 18966, Montgomery County (Franconia Township), Pennsylvania; GMAC erroneously cited an alleged default on the part of Plaintiff to cover up for their devious actions that included several servicing violations and abuses.
**GMAC _only has_ provided a _mortgage_ that exists in _Bucks County_, but has provided no proof of any mortgage that exists in Montgomery County (See Exhibit "E" - Emphasis Added)**

GMAC proceeded with foreclosure with fraudulent documents and knowledge of their attorneys. The attorneys representing GMAC proceeded with the foreclosure even though they knew and of fraudulent paperwork & affidavits by Jeffrey Stephan and flawed procedures. _GMAC and their attorneys continue to proceed with this case based on Fraud. THE COURT, THE COUNTY & PROTHONOTARY, continue to proceed with this case based on known FRAUD._

(See    Exhibits    –    A,B,C,D,F,I,N,O,P,Q,R,S,TU,V,W,X,Y,Z,AA,BB,CC, DD,EE,FF,GG,HH,II)

9

19. All Defendants have violated Plaintiff's United States Constitutional Rights and The Pennsylvania State Constitutional Rights to a "Fair Trial" (14th Amendments of The U.S. Constitution).

20. All Defendants have violated Plaintiff's United States Constitutional rights and The Pennsylvania State Constitutional Rights by taking "Property" away from plaintiff without "Due Process". All defendants violated TAGGART'S rights by denying "Due Process" or "Fair Trial" (14th Amendments of The U.S. Constitution).

## FIRST CLAIM FOR RELIEF

**COMES NOW PLAINTIFF and for the separate and distinct CLAIM FOR RELIEF against THE COUNTY, THE COURT, THE PROTHONOTARY, & SUPERIOR COURT for lack of "Due Process" & "Right to Fair Trial" and allege as follows:**

21. Plaintiff repeats and re pleads paragraphs 1 through 20 and incorporates the allegations by reference as though fully set-forth herein.

22. All Defendants violated "The Constitution of The United States of America As they **have attempted to take "Property" from Plaintiff without any "Due Process" or "Fair Trial"**; A violation of **The 14th Amendment of The United**

10

**States Constitution**. TAGGART's by attempting to take TAGGART's property , including real estate & rental income, away from him without any "Due Process or "Fair Trial"" by the actions all defendants. All Defendants have violated Pennsylvania Civil right laws as well:

**23.** **All Defendants have violated TAGGART'S Rights by**:

**(To Due Process & Fair Trial)**

**a)** THE COURT has granted defendants Motions to Compel when it did not follow court rules, yet dismissed TAGGART's motion's when he did not follow court rules.

**b)** THE COURT refused to dismiss the case when it was clear the case was admittedly based on Fraud. The court did not even grant a hearing or oral argument as requested, but grants a hearing by GMAC to appoint a receiver to take TAGGART's rents (property). Again, showing clear bias…….there is clear evidence of fraud and even admitted by GMAC, ….. but has shown no evidence that TAGGART was the party who defaulted. Furthermore, GMAC did not even respond to the motion for "Fraud Upon the Court" which is admitted guilt pursuant court rules.

**c)** THE COURT, via order from Judge Tilson, ordered a court proceeding on January 31, 2012 not to be recorded by telling Mary Lou Hoelscher, court reporter for Judge Tilson, not to record the hearing, when she was in fact present and being paid by the court anyway. Thus, hiding any records

12-12020-mg Doc 7847-36 Filed 12/09/14 Entered 12/09/14 17:48:56 Exhibit 32
to Delehey Decl Pg 13 of 20
Case 2:12-cv-01919-WD Document 2 Filed 05/08/12 Page 12 of 15

for transparency and accountability. TAGGART was led to believe the proceeding was being recorded and never told it was not being recorded. A clear deception on the part of the COURT and a clear demonstration to hide transparency and prevent a fair trial and justice. See records of Mary Lou Hoelsher, court reporter, or lack thereof as proof of abuse and deception.

**d)** The COURT via Judge Tilson has shown bias who further made comments at the January 31, 2012 quoting that "It is embarrassing for the county to take over 2 years to get a foreclosure done"; Ironically, there is a current counterclaim which clearly documents that it is in fact an illegal foreclosure based on fraudulent affidavits. Judge Tilson acted as if there was no counterclaim and that TAGGART was the guilty party in this case …. A let's just get this case done attitude as it is already a foregone conclusion that TAGGART is a deadbeat and guilty Pro Se litigant wasting his time. *TILSON DID NOT POINT OUT THE FACT THAT TAGGART HAS SUFFERED OVER 2 YEARS DEFENDING A FALSE, ILLEGAL AND FRAUDULANT FORECLOSURE.*

**e)** THE COURT refused to grant injunction, stating no injunctive relief was available in a foreclosure action. THE SUPERIOR COURT also refused to grant appeal stating that injunctive relief order is not appealable... erroneous! An Appeal to SUPERIOR COURT, EDA 1105, 2010 which was an appeal associated with the denial of an injunction that was denied by Judge Moore in THE COURT. SUPERIOR COURT in a corrupt and erroneous order denying appeal stated that an injunction was not appealable, despite The Pa Rules of Appellate Procedure allowing for such appeal and cited by TAGGART during the

12-12020-mg  Doc 7847-36  Filed 12/09/14  Entered 12/09/14 17:48:56  Exhibit 32
to Delehey Decl  Pg 14 of 20
Case 2:12-cv-01919-WD  Document 2  Filed 05/08/12  Page 13 of 15

appeal. (See Exhibits regarding EDA 1105 2010)

f) THE SUPERIOR COURT also failed to grant appeal based on a court filing error by THE COURT violating TAGGART's Rights. SUPERIOR COURT denied the appeal as untimely when the COURT filed the wrong appeal. TAGGART was clearly denied right of appeal (to an appealable interlocutory matter). (See Exhibits EDA 1104 2010)

g) THE SUPERIOR COURT also failed to grant appeal, EDA 859 2012, that was an appealable interlocutory matter, which pertained to Receivership. This was clearly appealable under The Pa Rules of Appellate Procedure that allow for such appeal. (See Exhibits EDA 859 2012)

h) THE COURT via Judge Tilson would not grant TAGGART sufficient time to complete discovery, even though plaintiff, GMAC & Eagle Nationwide Mortgage Company, third party defendant had been delaying interrogatories that prevented TAGGART from completing discovery. TAGGART requested at least 150 days from date of meeting, but accepted request of the opposing counsel of 90 days. Judge Tilson also kept such court action off the record for transparency to hide bias and deny TAGGART his constitutional rights. (Exhibit "M")

i) The PROTHONOTARY & HE COUNTY & THE COURT allowed false affidavits to be filed and recorded. The Court also failed to dismiss TAGGART's case despite being notified of these defects.

13

12-12020-mg    Doc 7847-36    Filed 12/09/14    Entered 12/09/14 17:48:56    Exhibit 32
to Delehey Decl    Pg 15 of 20
Case 2:12-cv-01919-WD    Document 2    Filed 05/08/12    Page 14 of 15

j)  The PROTHONOTARY & THE COUNTY & THE COURT allowed affidavits to be filed and recorded that were not notarized. The Court also failed to dismiss TAGGART's case despite being notified of these defects. (See Exhibit "F")

k)  The PROTHONOTARY & THE COUNTY & THE COURT permitted the filing of foreclosure cases where there was a clear question of title or ownership of the mortgage or knowingly did not have ownership of mortgage. The Court also failed to dismiss TAGGART's case despite being notified of these defects.

The president of "MERS" has admitted that they own nothing; this makes the title flawed and void. A Federal Bankruptcy Judge has ruled that titles with MERS involved have no standing to foreclose. ( See Exhibit "N")

l)  The PROTHONOTARY & THE COUNTY & THE COURT permitted the filing of foreclosure cases where there **was "No Wet Ink Note"** of the mortgage or knowingly did not have ownership of mortgage. The Court also failed to dismiss TAGGART's case despite being notified of these defects.

m)  The Montgomery County Recorder of Deeds has stated that ant Title or Ownership of mortgage recorded with "MERS" or after "MERS" is null and void. **The county's own Department, Recorder of Deeds has stated that there is no ownership to this loan by GMAC, therefore no standing to foreclose!** Yet, The PROTHONOTARY & THE COUNTY & THE COURT has

14

allowed GMAC's illegal foreclosure to proceed. (See Exhibit "c")

The president of "MERS" has admitted that they own nothing; this makes the title flawed and void. A Federal Bankruptcy Judge has ruled that titles with MERS involved have no standing to foreclose. ( See Exhibit "N")

**n)** The PROTHONOTARY & THE COUNTY & THE COURT the case despite overwhelming evidence of Fraud, and even refused "A Hearing" on the Fraud Issue. **The court has refused to dismiss TAGGART's case despite the admission by GMAC of Fraud** on its foreclosure process, Jeffrey Stephan, as well as other procedural flaws. This is not withstanding the other flaws to title regarding MERS. Known "robo-signer" employee, Jeffrey Stephan, of GMAC has admitted that he never fully reviewed verification documents or assignments prior to signing. Jeffrey Stephan allegedly signed TAGGART's affidavit and alleged to verify the accuracy of numbers and legal documents submitted, yet GMAC cannot explain, among other things, the difference in escrow changes, no policy furnished to TAGGART for alleged Insurance, and no permission granted by TAGGART to obtain insurance that is still charged by GMAC. (See Exhibits – Depositions from Jeffrey Stephan of GMAC from Florida & Maine in foreclosure proceedings admitting he never verified information he claimed to … he just signed the affidavits.)

**(See Exhibits – A,B,C,D,F,I,N,O,P,Q,R,S,T,U,V,W,X,Y,Z,AA,BB,CC, DD,EE,FF,GG,HH,II)**

15

    **o)**    THE COUNTY & THE COURT has refused to grant a hearing regarding a "Review of the Loan" regarding the admitted flawed foreclosure practices of GMAC. GMAC consented to the federal government that they used false affidavits and promised to correct those problems. The government just fined GMAC and they consented to a fine for failure to correct those problems. **The COURT refused to dismiss the case or grant a hearing despite the admission by GMAC that, among other things, they failed to follow government procedures, had internal flawed procedures to foreclose, used robo-signed foreclosure documents, and filed foreclosures with knowingly fraudulent documents. (See Exhibit "R")** <u>**HUD just identified faulty foreclosure proceedings with false documents at GMA. (See Exhibit "U")**</u>

24.    All of the pleadings have violated TAGGART's rights to Fair Trial and due Process both individually and collectively

## 25.    All Defendants have shown Bias toward TAGGART, Unethical Behavior, AND VIOLATED HIS CIVIL RIGHTS

    The court has shown bias in several ways, including not granting simple extensions, while granting motions when not following the court rules, and Ignoring overwhelming evidence, including Fraud.

26.    Defendant(s), and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiffs rights. Conduct by the Defendant (s), and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendant(s) in

16

an amount according to proof. Plaintiff is also entitled to "General Damages" as a result of all of the Defendants actions

27. Plaintiff informed and believes that as a further result of all of the Defendant's conduct, Plaintiff has suffered economic damages in the amount to be proven at trial. Plaintiff is entitled to "General Damages" as a result of all Defendants actions

28. Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentations and actions by all of the Defendants, he is also entitled to "General Damages" as well as "Punitive Damages" The Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

29. The court has failed to cite any Pro Se case law and has shown bias against Pro Se litigant, TAGGART, in the false and illegal foreclosure case filed against him.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

---

ALL FOR WHICH PLAINTIFF PRAY AS FOLLOWS

### On all Claims for Relief FROM ALL PARTIES:

1. **Compensatory Damages in an amount of $5,000,000.**

2. **General Damages in the amount of $15,000,000.**

17

12-12020-mg    Doc 7847-36    Filed 12/09/14    Entered 12/09/14 17:48:56    Exhibit 32
to Delehey Decl    Pg 19 of 20
Case 2:12-cv-01919-WD   Document 2   Filed 05/08/12   Page 18 of 19

3.  **Punitive Damages in the amount of $15,000,000.**

4.  **Statutory Damages in the amount of $15,000,000.**

5.  **Special Damages in the amount of $15,000,000.**

6.  **Treble Damages in the amount of $15,000,000.**

7.  **Dismissal of foreclosure complaint – GMAC v. Taggart**

    (Case in common Pleas court, Montgomery county, Pennsylvania, 2009-25338)

8.  **Cost of suit;**

9.  **Attorney's fees; and,**

10. **Such other relief as the court deems just and proper**

11. **"Declaratory Judgment"** whether TAGGART received "Due Process" & "A Fair Trial" (under The United States Constitution & Pennsylvania State Constitution) in GMAC v Taggart (Case in common Pleas court, Montgomery county, Pennsylvania, 2009-25338)

12. **"Declaratory Judgment"** whether Montgomery County & Montgomery County Court of Common Pleas has a right to allow foreclosures to be filed With MERS in chain of title or clouds on title.

13. **"Declaratory Judgment"** whether Montgomery County & Montgomery County Court of Common Pleas has a right to allow foreclosures to be filed With knowing false affidavits.

14. **"Declaratory Judgment"** whether Montgomery County & Montgomery County Court of Common Pleas has a right to allow foreclosures to be filed With knowing false affidavits from Jeffrey Stephan of GMAC Mortgage, LLC.

15. **"Declaratory Judgment"** against Montgomery County & Montgomery County Court of Common Pleas to insure ownership of mortgage.- Montgomery County & Montgomery must require proof of ownership in mortgage by owner providing all transfers to the court & recorder of deeds since last recording of such mortgage and all mortgages shall have to be recorded to be valid.

18

16. Declaratory Judgment – "Does MERS in chain of Title of Mortgage void Title or ownership to mortgage"?

May 7, 2012

Kenneth J Taggart,
Plaintiff Pro Se

19