## Exhibit 34

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

### Civil Case# 12 – cv 12020

**Residential Capital, LLC, et al**
**Debtor(s)**

*ADVERSARY COMPLAINT  -   Jury Trial Demanded*

~~Doe Defendant(s)  (Defendants who may not be named at this time through the motion at this time for that may also be added later.)~~

**Notice to:**
*U.S. Trustee -*United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004
(212) 510-0500

**Notice to:**
*Claims and Noticing Agent*
**Kurtzman Carson Consultants**
2335 Alaska Ave
El Segundo, CA 90245

**Notice to:**
**U.S. Attorney General for The United States of America/ Preet Bharara**
United States Attorney's Office
86 Chambers Street / 3rd Floor
New York City, NY 10007

**Claim(s) made by Kenneth Taggart,** Plaintiff(s) *and others similarly situated*

**& Doe Plaintiff(s) under "The Federal False Claims Act"**
*("Doe Plaintiffs" to be named when determination is made as to the Fraudulent Documents & False Claims discovered under the Federal False Claims Act.)*

VS.

*Claims Made against Debtors and other Defendants listed below*

GMAC Mortgage, LLC
1100 Virginia Drive
Fort Washington, Pa 19034

Jeffrey Stephen – a/k/a Jeffrey Stephan
1100 Virginia Drive
Fort Washington, Pa 19034
And/Or

42 Lenape Dr.
Sellersville, Pa. 18960

Balboa Insurance Services Inc. & Balboa Insurance Group
349 Michelson Dr., suite #300
Irvine, Ca. 92612-8885

Mortgage Electronic Registration Systems Incorporated a/k/a MERS &
MERSCorp
1818 Library St
Reston, Va. 20190

Michelle Bradford, Esquire; Michelle Bradford, Assistant Secretary and Vice President
of Mortgage Electronic Registration Systems, Inc.
1617 JFK Blvd, Suite #1400
One Penn Center Plaza
Philadelphia, Pa 19103

The Law firm of Phelan, Hallinan & Schmieg, LLP
1617 JFK Blvd, Suite #1400
One Penn Center Plaza
Philadelphia, Pa 19103

Jamie McGuinnis, Esquire
1617 JFK Blvd, Suite #1400
One Penn Center Plaza
Philadelphia, Pa 19103

Daniel G. Schmieg, Esquire
1617 JFK Blvd, Suite #1400
One Penn Center
Philadelphia, Pa 19103

Jennie Davey, Esquire
1617 JFK Blvd, Suite #1400
One Penn Center
Philadelphia, Pa 19103

Francis Hallinan, Esquire
1617 JFK Blvd, Suite #1400
One Penn Center
Philadelphia, Pa 19103

Lawrence Phelan, Esquire
1617 JFK Blvd, Suite #1400
One Penn Center
Philadelphia, Pa 19103

Angela McFadden, Notary Public
1617 JFK Blvd, Suite #1400
One Penn Center
Philadelphia, Pa 19103

JAM Transfers, Inc.
108 S. Cedar Hollow Rd
Paoli, Pa 19301

Reed Smith , LLP
2500 One Liberty Place
1650 Market St
Philadelphia, Pa 19103

Maria T Guerin, Esquire
2500 One Liberty Place
1650 Market St
Philadelphia, Pa 19103

Diane Bettino, Esquire
2500 One Liberty Place
1650 Market St
Philadelphia, Pa 19103

Trey Jordan , Esquire
1100 Virginia Drive
Fort Washington, Pa 19034

Carol Benello, Paralegal
1100 Virginia Drive
Fort Washington, Pa 19034

The Law Firm of: Fleischer, Fleischer & Suglia
Plaza 1000 at Main St
Suite #208
Voorhees, New Jersey, 08043

Brian Fleisher, Esquire
Plaza 1000 at Main St
Suite #208
Voorhees, New Jersey, 08043

Nicola Suglia, Esquire
Plaza 1000 at Main St
Suite #208
Voorhees, New Jersey, 08043

Ahmed Soliman, Esquire
Plaza 1000 at Main St
Suite #208
Voorhees, New Jersey, 08043

Allison Domowich, Esquire
Plaza 1000 at Main St
Suite #208
Voorhees, New Jersey, 08043

and Does

Defendant(s),

---

# AVERSARY COMPLAINT against Debtors & Others

---

# Short & Plain Statement

1.      GMAC Mortgage, LLC, serviced a loan in which it committed, *inter alia*, fraud

with deceptive business practices to deceive plaintiff regarding his mortgage loan they

serviced and later claimed to own. GMAC Mortgage, LLC along with Balboa Insurance

conspired to intentionally duplicate Hazard Insurance on Home Owners, including

plaintiff to unduly enrich themselves and defraud consumers. GMAC Mortgage, LLC

conspired to raise escrow payments to defraud consumers and/or " Force Foreclosures"

to increase profits and unduly enrich themselves. GMAC Mortgage, LLC, conspired with

legal counsel to cover up these actions by filing foreclosures with fraudulent affidavits and

assignments of mortgages in order to proceed with foreclosure complaints. GMAC

Mortgage LLC also conspired with Mortgage Electronic Registration Systems Inc. to cause

confusion as to who was the true owner of the mortgage and deceive borrowers, including

plaintiff, and the county. GMAC Mortgage LLC later alleged the Mortgage was assigned to

them, but it has questionable ownership for several reasons as stated in this complaint.

Plaintiff is entitled to relief for the illegal foreclosure and other actions perpetrated by GMAC

Mortgage LLC as well as other conspirators and defendants for their intentional despicable

actions. Plaintiff seeks immediate injunctive relief in order to stop these despicable actions

which are fraudulent  and in violation to several government regulator consent agreements ,

rules and laws. Plaintiff seeks relief for other similarly situated as it is apparent that the

defiance of GMAC Mortgage LLC is apparently widespread throughout the country.  While

GMAC Mortgage LLC asserts that they are cleaning up their act and have several

agreements to correct their illegal behavior, they apparently proceed with the business as

usual attitude; It is apparent that even despite notifying them of specific illegal activity, GMAC

clearly ignores it with no fear of government repercussion or threat of the rule of law.

# Emergency Injunctive Relief

*(Oral Argument Requested)*

2.      Plaintiff seeks immediate Emergency Injunctive Relief in this complaint as the

one of the defendants, GMAC Mortgage, LLC, is in the process of foreclosing on a property

with, *inter alia*, admittedly fraudulent  affidavits as well as fraudulent assignments of mortgage.

GMAC Mortgage, LLC has proceeded with a case against plaintiff in The Court of Common

Pleas in Montgomery County Pennsylvania, case #2009-25338) GMAC Mortgage, LLC has

also pursued other Foreclosure cases in Montgomery County Pennsylvania, and other

counties, with similar fraudulent documents. Furthermore, GMAC Mortgage, LLC has willfully

defied several Consent Orders signed by them with the "Board of Governors of The Federal

Reserve", The Federal Deposit Insurance Corporation (FDIC), Warnings from The Federal

Housing Administration, and A Settlement Agreement with 49 State Attorneys Generals.

Plaintiff is prepared to produce other cases still being pursued with knowingly fraudulent

documents.  "Immediate and Emergency Injunctive Relief" is sought as GMAC Mortgage, LLC

continues to willfully ignore all of these Warnings and Agreements, with Federal Regulatory

agencies, and pursue foreclosures with admittedly fraudulent documents. Immediate Injunctive

Relief is needed to prevent GMAC Mortgage, LLC from taking property based on fraud, and

"Fraud Upon The Court". Failure to Issue an "Injunctive Order" may, or would result in the

*irreversible loss of property based on willful, deceptive practices, fraud, malice, and "Fraud*

*Upon The Court" .  **Injunctive Relief is needed to stop the apparent widespread abusive***

***and illegal behavior of GMAC Mortgage, LLC.*** Therefore, plaintiff seeks immediate relief in

the form of the court granting an "Order Upon GMAC Mortgage, LLC" in which The Court

*orders GMAC Mortgage, LLC* to immediately withdraw the foreclosure complaint against

plaintiff and the property at 521 Cowpath Rd, Telford, Pa 18969, in Montgomery County

Pennsylvania. *The Order shall also include all other parties "Similarly Situated"* with fraudulent

documents, or know fraudulent documents that are still being pursued for foreclosure. *Known*

*Fraudulent documents include*, but are not limited to, Affidavits and Mortgage Assignments

signed by Jeffrey Stephan, Assignments of Mortgage signed by Michelle Bradford who is

admittedly a Vice President of  Mortgage Electronic Registration Systems, Inc. and admittedly

an attorney with the "Foreclosure Mill" of Phelan, Hallinan, & Schmieg.


### *Parties to Adversary Complaint*


3.      This Adversary complaint is made by Creditor, Kenneth Taggart, Pro Se, who

files this complaint and asserts claims in good faith with the belief that it is in compliance

with all rules, laws, and orders of The United States Bankruptcy Court. Plaintiff, Taggart

also asserts claims on behalf of all parties similarly situated, as well as any "Doe

Plaintiff's" that may be discovered during the process of this litigation. Should any

assertions, claims, rules, or procedures not be in compliance in any way, Taggart

requests "Leave To Amend the Complaint". This complaint is filed in good faith by

Taggart against Debtors who have "a checkered history of fraud";  GMAC Mortgage,

LLC not only has a history of fraud in the Taggart case, but with thousands of other

borrowers who have complained of fraud perpetrated by GMAC Mortgage, LLC.

**GMAC Mortgage, LLC continues to knowingly foreclose with fraudulent
Documents**

4.    GMAC Mortgage, LLC continues to pursue a foreclosure complaint with

*knowingly* "Fraudulent Affidavits" as well as "Fraudulent Mortgage Assignments" in the

Taggart foreclosure filed in The Court of Common Pleas, Montgomery County,

Pennsylvania.  In a cursory search of documents (in September 2012) in the

Montgomery County Court House of Pennsylvania, GMAC Mortgage, LLC has

continued to foreclose with fraudulent affidavits and assignments even after it agreed to

stop doing so in a consent order with The Federal Reserve & FDIC on April 13,2011. It

also continues to violate other government consent orders to this day in complete

defiance of the law and government.

**History**

5.    Some of the claims asserted were originally made by Taggart in a complaint filed

in Federal Court, E.D.PA 12-CV-4077 filed in July 2012. The complaint was voluntarily

withdrawn by "Plaintiff Taggart" at the request of GMAC Mortgage, LLC who asserted

that it was in violation of the Bankruptcy Stay under GMAC's bankruptcy protection.

Although there was no ruling by any court that it was in violation in any way, Taggart

was the party who voluntarily withdrew the complaint as opposed to seeking leave to

continue with the complaint. *This complaint was in no way filed with malice or with the*

*intention to violate any law, order, or rule of the bankruptcy court. The claims that were*

*withdrawn against GMAC Mortgage, LLC are now asserted as part of this "Adversary*

*Complaint".*   This "Adversary Complaint" also asserts claims for "Doe Plaintiff's" under

"The Federal False Claims Act" for fraudulent claims made by Debtors to the United States

Government.  Debtors have made "False Claims" to The Department of Housing and
Urban Development & Federal Housing Administration for the loan held by Kenneth
Taggart on the property located at: 521 Cowpath Rd, Telford, Pa. 18969.

**GMAC Mortgage , LLC  filed "False Claims" with the Government**

6.    Debtors have filed a Claim with The Department of Housing and Urban
Development & Federal Housing Administration for "Alleged Default" on the loan, when
in fact the committed fraud by , *inter alia*, putting "Forced Placed Insurance" on the
Taggart loan when they knew there was insurance in property, raising escrow amount
required by borrower in violation of state and federal laws; Then causing a "Forced
Foreclosure" Or "engineered Foreclosure" by raising payments too high and foreclosing
upon Taggart's property owned at: 521 Cowpath  Rd, Telford, Pa 18969 (Montgomery
County). It is apparent that debtors have made "False Claims" on other properties/loans
for the same or similar reasons they have done so on Taggart and his property. In a
cursory search of The Montgomery County Court House, Debtors have filed
foreclosures with "Fraudulent Robo Signed Affidavits",  and  "Fraudulent Mortgage
Assignments"; That is not withstanding the many assertions of claims by borrowers of
"Forced or Engineered Foreclosures" by use of "Forced Placed Insurance", and raising
escrow payments illegally.

# Concise Summary

7.    A cash strapped GMAC Mortgage, LLC engaged in, *inter alia,* Fraud, Deceit,

Racketeering, and Unfair trade Practices, during the financial Crisis of 2008 – 2010 by

charging borrowers, including plaintiff, "Forced Mortgage Insurance" when they in fact

knew they already had "Hazard Insurance" already in place. They charged Duplicate

coverage for "Forced Placed Insurance to raise cash, cheated consumers, and unduly

enriched themselves.  GMAC Mortgage LLC conspired and engaged in Racketeering with

Balboa Insurance Services Inc. to *Deceive* and *Defraud* consumers by charging

unneeded duplicate coverage when they know the consumers already had insurance;

They both did this to unduly enrich themselves. This is an old trick of GMAC Mortgage

LLC as they did this same thing back in the early 1990's and got caught then as well.


8.    GMAC Mortgage, LLC also knowingly raised escrow amount required by

borrowers, including plaintiff , to increase likelihood of default and/or pocket the extra

monies received unduly enriching themselves. Audits show as much as 50% of escrow

accounts are double charged by mortgage servicers to unduly enrich themselves.


9.    GMAC Mortgage, LLC is allegedly a professional business engaged in mortgage

servicing, yet it created misleading documents including escrow analysis(s) and alleged

"a need for of additional insurance": These actions forced or increased the likelihood of

foreclosure as GMAC Mortgage, LLC needed cash; GMAC Mortgage, LLC makes

thousands more on a mortgage loan by foreclosing instead of just collecting regular

payments and servicing a performing loan. More foreclosures means or meant more

needed cash for a "Cash Strapped GMAC Mortgage, LLC". Therefore, **GMAC**

**Mortgage, LLC created "Forced Foreclosures"** when it increased escrow payments

and put unnecessary duplicate insurance on borrowers, including plaintiff.


10.     In order to cover for the **"Forced Foreclosures"** by GMAC Mortgage, LLC, it

provided Robo-Signed documents to cover up fraud, and proceeded with foreclosures in

state courts. GMAC Mortgage, LLC.  knowingly had employees who admittedly signing

to as much 10,000 sworn affidavits a month; Employees indicated that they verified all

of the information in a foreclosure when in fact they never verified all of the information

in any foreclosure case. "Jeffrey Stephan", the most infamous Robo-Signer in the

country in fact signed plaintiff's Foreclosure "Verification Affidavit". Even though

counsel representing GMAC Mortgage, LLC was notified of the admittedly fraudulent

affidavit, they all refused to withdraw the complaint in foreclosure regarding said

property. Even worse, Brian Fleischer, Esquire, was the first attorneys that became

aware of the "Robo-Signing" by "Jeffrey Stephan" via a deposition from June 7, 2010

where he admitted they were fraud as he never verified everything in the complaint or

what he alleged in the affidavit. Counsel has an obligation to the plaintiff and to the

court to not knowingly produce fraudulent documents. The knowingly fraudulent

affidavits represent "Fraud Upon the Court" as members of the court knowingly

proceeded with the knowledge  they were fraud.

11.    In addition to producing fraudulent affidavits and documents, GMAC Mortgage,

conspired to commit fraud, deceive plaintiff , and engaged in racketeering with

foreclosure mills and legal counsel, including The Phelan Law Firm, The Fleischer Law

Firm and The Law Firm of Reed Smith, to pursue foreclosures based on knowingly false

documents and information.

12.    The Phelan Law firm has a full time employee assigned as a notary to produce

knowingly fraudulent mortgage assignments; Angela McFadden, of the Phelan Firm,

routinely produces fraudulent documents, including fraudulent mortgage assignments

from Mortgage Electronic Registration Systems, Inc. to mortgage companies in which

one attorney from the firm represents "The Mortgage Company Foreclosing" and the

other represents Mortgage Electronic Registration Systems, Inc. a clear conflict and

practice that voids documents due to conflict of interest.

13.    GMAC Mortgage, LLC participates in a partnership with Mortgage

Electronic Registration Systems, Inc. a/k/a "MERS". MERS is a recording system set up

by many banks, including GMAC Mortgage, LLC, to avoid recording fees and use a

"Quasi Recording system that is in violation with Pennsylvania State Laws and laws in

other states. The original mortgage Note and Mortgage was assigned to MERS at

closing. It was later assigned to GMAC Mortgage, LLC from MERS. MERS transfers

mortgages within its system, violating state recording laws and breaking the chain of

title to the mortgage and note of plaintiffs title. As a matter of law, once the chain of

title to ownership is broken, the party cannot prove ownership of the mortgage and
note. A note and Mortgage without clear chain of title is void. GMAC Mortgage, LLC has
never shown clear transfers of mortgage & note since its origination on July 11, 2008,
including those transfers that occurred within MERS.

14.    GMAC Mortgage ,LLC has never produced ownership including "Wet Ink Note" or
"Wet Ink Mortgage".  Despite requesting a "Wet Ink Note" or "Wet Ink Mortgage" that
is required to foreclose, GMAC Mortgage, LLC has never produced these documents;
These documents were requested many times, including a request to "Stephan
Maxwell", corporate representative from GMAC Mortgage, LLC on March 7, 2012 as
noted in the transcript from his deposition.

15.    In a Word, GMAC Mortgage, LLC, along with Balboa Insurance, JAM Transfers,
Mortgage Electronic Registration Systems, Inc., and counsel, have engaged in, *inter
alia*,  fraud, deceit, racketeering, unfair trade practices, and other willful and unlawful
acts to deceive and defraud plaintiff of property and civil rights.

## JURISDICTION & VENUE

16.    Jurisdiction and Venue is conferred as the property is located in
Montgomery County, State of Pennsylvania.

17.    Plaintiff relies on Federal Statues and Pennsylvania State law on which to base

his claims ;  Pennsylvania State Law, The Pennsylvania Unfair Trade, Practices and

Consumer Protection Law. Federal Rico  Statutes, Tort Law, 2nd Restatement of Torts.

Federal Fraud Statutes.UTPCPL 73 PS. 201-1 73 P.S.    201-9.2, Federal False Claims

Act.


## STATEMENT OF  FACTS  & TIME LINE


18.    **July 11, 2008**

On or about  July 11, 2008, Plaintiff refinanced a mortgage with LBA Financial,

LLC. for the residential property he owned at: 521 Cowpath Rd, Telford, Pa.

18969.  (LBC Financial, LLC. is believed to be no longer in business)

(see Exhibit "E")


19.    **July 11, 2008**

LBA Financial, LLC required "proof of Hazard Insurance" in order to close on

the mortgage loan in question as provided in their closing instructions.

(see Exhibits  "I" & "J")


20.    **July 11, 2008**

Plaintiff, as well as plaintiff's Insurance Agent, Jeffrey Delp, provides proof of

Hazard Insurance to LBA Financial, LLC & Loan Broker as well as closing agent,

at closing for the refinance. (see Exhibit "I" & "J")

21.  **July 11, 2008**

The Mortgage was assigned immediately to " Mortgage Electronic Registration
Systems, Inc. (MERS)"; They may be the original lender, however it is unclear
who the original mortgage holder was. (see Exhibit "E")

22.  **JULY 11, 2008**

The Mortgage Ownership with MERS or Mortgage Electronic Registration
Systems, Inc. is a flawed ownership system or procedure and does not conform
to state and federal laws regarding mortgage ownership of said mortgage. The
president of "MERS" has even stated that "MERS does not own anything" , even
"The NOTE" in a mortgage transaction.  (see Exhibits ,B,C,D,N,S,W,Y,Z,CC, EE,FF
,GG,HH)

23.  **July 11, 2008**

GMAC Mortgage, LLC becomes servicer of the mortgage loan in question.

24.  **August 2008**

GMAC Mortgage, LLC pays bill/invoice for hazard insurance premium, out of
plaintiff's escrow account, for the property in question. (see Exhibit # L )

25. **September 2008**

GMAC Mortgage, LLC pays bill/invoice for hazard insurance premium, out of

plaintiff's escrow account, for the property in question. (see Exhibit # L )

26. **October – December 2008**

Despite providing proof of Hazard Insurance at closing, as well as GMAC

Mortgage, LLC paying renewal premiums in August 2008 & September 2008,

GMAC Mortgage, LLC sends notice(s) of Intent to require "Forced Place

Insurance" on the mortgage loan in question and the property that GMAC

Mortgage, LLC and/or MERS allegedly encumber.(see Exhibit "M")

27. **October – December 2008**

Plaintiff again provides proof of Hazard Insurance to GMAC Mortgage, LLC

several times via mail and fax and provides agent, Jeffrey Delp's, phone number

as well; GMAC Mortgage, LLC already had Jeffrey Delp' s phone number from the

Insurance premium notices they received and paid in August 2008 & September

2008. (see Exhibit "J")

28. **January 11, 2009**

GMAC Mortgage, LLC puts "Forced Placed Insurance" on said mortgage/property

despite paying Hazard Insurance themselves out of plaintiff's escrow account &

despite plaintiff faxing and mailing them proof again of Hazard Insurance.
Furthermore, GMAC Mortgage, LLC has insurance agents name, address, and
phone number. (see Exhibits #I, J,II)

29.    **January 2009 –present**

GMAC Mortgage refused to provide reason for "Forced Placed Insurance" or
Escrow Increase pursuant the Mortgage contract.

30.    **January 2009 – present**

GMAC Mortgage, LLC never provided any proof of "Policy" or coverage of alleged
"Hazard Insurance" placed or obtained from : Balboa Insurance or Balboa
Insurance Services.

31.    **January 22, 2009**

GMAC Mortgage, LLC sends notice of Partial removal of "Forced Placed
Insurance" despite providing proof at closing, faxing proof and insurance agent
notifying them that plaintiff had  been insured at all times during the time he
owned the property. (see Exhibits #JJ, I,J,L,)

32     **February – June  2009**

GMAC Mortgage, LLC sends notification(s) of escrow shortage.

(see Exhibits #KK)

**33.    February 2009 until present**

Plaintiff disputes the escrow analysis sent to plaintiff by GMAC Mortgage, LLC

See dispute letters and counterclaims filed. (see Exhibits#, LL,TT)


**34.    April 2009**

GMAC Mortgage, LLC. recalculates escrow analysis and notifies plaintiff of escrow

shortage and increased payment.(see Exhibits #KK,SS)


**35.    April 2009**

Plaintiff again disputes escrow analysis and notice sent to plaintiff.

(see Exhibits #LL,SS)


**36.    April 2009**

GMAC Mortgage, LLC. Will not accept payments of less than $6,669.09

Even though they have lowered their payment to: $5,609.10.

(see Exhibits #KK, SS)


**37.    March - April 2009**

Plaintiff disputes that the payment of $6,669.09 is still not correct and is in

violation of the mortgage terms and mortgage contract.(see Exhibits #LL,SS)

38.  **May 12, 2009**

GMAC Mortgage, LLC. Completes new escrow analysis and notifies plaintiff via
letter stating it has completed a new analysis; The new analysis admits the old
analysis was wrong and asserts a new payment based on their new analysis. The
new analysis increased payments by about $209 per month yet taxes and
insurance were about the same. (see Exhibits #KK,SS)

39.  **May 2009**

Plaintiff again disputes the new analysis provided to plaintiff dates May 12, 2009.
(see Exhibits #LL,SS)

40.  **June – August 2009**

Plaintiff notifies and calls GMAC Mortgage, LLC. In an attempt to resolve the
escrow analysis errors. GMAC Mortgage, LLC. agrees to escalate the matter to
higher level and get the escrow problem resolved.

41.  **August 14, 2009**

GMAC Mortgage, LLC files a "Complaint in Mortgage Foreclosure" for the said
property in Montgomery County Pennsylvania via a "Foreclosure Mill" called
"Phelan, Hallinan, & Schmeig" a law firm located in Philadelphia, Pennsylvania.

The foreclosure filed alleges ownership of a mortgage in Bucks County,

Pennsylvania, the property they filed a foreclosure complaint on is in

Montgomery County Pennsylvania. (see Exhibit "G" & "E")


42.   **August 14, 2009**

The information in the "Mortgage Foreclosure Complaint" filed in Montgomery

County Pennsylvania alleges a default on the mortgage or mortgage contract for

the following reasons only: lack of monthly payments received in the amount of

$5,612.25 per month for the months of April 2009, May 2009, June 2009, July

2009 & August 2009. In addition to alleged related late payments fees, and

alleged inspection fees. The complaint was filed but not verified that the

information was correct. (see Exhibit #F,O,P,G,LL,SS)


43.   **August 14, 2009**

A praecipe for substitution of verification was filed with the court in the

"Mortgage Foreclosure Complaint" case by Jamie McGuinnis, of "The Foreclosure

Mill" known as the  Phalen, Hallinan & Schmieg, alleging that all of the

information in the complaint was based on personal knowledge, but only had

hearsay knowledge and not personal knowledge of the information alleged

in the Mortgage Foreclosure Complaint. (see Exhibit #F,O,P,G,LL,SS)

44.  **August 19, 2009**

An "Assignment of Mortgage" was allegedly executed by "Michelle Bradford" of

The Mortgage Electronic Registration Systems, Inc. (MERS or MERSCORP), as

"Executive Vice President & Assistant Secretary of  Mortgage Electronic

Registration Systems, Inc.  A clear violation of the law as "Michelle Bradford" is

readily aware that her law firm,  Phalen, Hallinan & Schmieg is representing

GMAC Mortgage, LLC in a mortgage foreclosure complaint. This action clearly

makes the assignment void and no valid transfer from MERS to GMAC Mortgage,

LLC ever took place. GMAC Mortgage, LLC lacks standing to even file a

foreclosure complaint. Furthermore, MERS or GMAC Mortgage, LLC did not follow

recording laws by notifying plaintiff that an assignment had taken place as

required by Pennsylvania state law. The only notification plaintiff had of an

alleged assignment was in a pleading in the foreclosure complaint case in

state court that was filed on January 4, 2012. (see Exhibits #DD & G) the

Mortgage foreclosure complaint clearly identifies "Michelle Bradford as an

Attorney with Phalen, Hallinan & Schmieg. The assignment was witnessed and

notarized by Angela McFadden, Notary Public with Phalen, Hallinan & Schmieg

who knowingly notarized a fraudulent document. The assignment was forwarded

to "JAM Transfers, Inc." who recorded it with the court house in Montgomery

County , Pennsylvania on September 2,2009 & October 5, 2009. (see Exhibits

#DD & G)

45.  **September 4, 2009**

A substitution of verification was filed with the Court of Common Pleas in

Montgomery County Pennsylvania, by "Jeffrey Stephan", a Limited Signing

Officer with GMAC Mortgage, LLC alleging verification of facts based on personal

knowledge of the loan and file- signed on August 19,2009 & dated September

14,2009.  Verification was invalid as it was not notarized as provided by

Pennsylvania State Law. (see Exhibits #F,O,P)


46.  **September 4, 2009**

A praecipe for ***verification filed*** *with the Court* **signed by** ***"Jeffrey Stephan"***,

a Limited Signing Officer with GMAC Mortgage, LLC. *was **not notarized*** in

violation of State laws and foreclosure laws. *It later becomes public knowledge in*

*October 2010 that GMAC Mortgage & Jeffrey Stephan documents were not*

*verified and were "Robo-Signed" without ever verifying what was in the*

*documents. Plaintiff became aware of GMAC's Robo -Signing procedure in*

*October 2010 when it was publicly announced by GMAC Mortgage, LLC*

**It became clear documents filed were "Fraud".**  (See Exhibits

#F,O,P,G,LL,SS)

47.  **September 2009**

Taggart, defendant in the foreclosure Case, files a counter claim against GMAC
Mortgage, LLC. for , *intra alia*, Escrow Abuse & related claims, illegal "Forced
Insurance Placement" and related claims, Unfair Trade Practices & consumer
Protection Laws, and Breach of Contract claims. Plaintiff later filed an amended
complaint. (See Exhibit# TT)


48.  **September 2009 – April 2012**

GMAC Mortgage, LLC hires the Law Firm of :Fleischer, Fleischer, & Suglia in
September to pursue Mortgage foreclosure and defend Counter Claims of
defendant Taggart. Fleischer was later relieved of duty after Jeffrey Stephan
issues were pressed in a deposition on March 7, 2012 (see Exhibit #H").


49.  **February 2010**

Taggart sends letter to Brian Fleischer, of Fleischer, Fleischer & Suglia, notifying
him of the illegal "Forced Placed Insurance", as well as the escow analysis errors;
Brian Fleischer alleged that he sent the information to GMAC Mortgage, LLC for
review. GMAC Mortgage, LLC simply refused to respond and pursued
"Foreclosure Complaint" alleging that "Forced Placed Insurance" was correct, as
well as escrow analysis indicating an increased payment of over $209 per month
or $5610.12 per month. (see Exhibit "UU")

50.   **January 2010 – present**

Taggart requested during discovery, via interrogatories and document requests,

that GMAC Mortgage, LLC provide Hazard Policy information that was obtained

on his behalf from any insurance company including that alleged policy from

Balboa Insurance in January 2009; No policy information or documents were

produced at any time by GMAC Mortgage, LLC. It became readily apparent that

no such policy ever existed. (see exhibit "H")


51.   **April 13, 2011**

The Board of Governors of The Federal Reserve and The Federal Deposit

Insurance Corp. sign a consent agreement whereas GMAC mortgage, LLC

Agrees to pay penalties for violations of the law regarding, *inter alia*, false

affidavits, false assignments, invalid assignments, and other abusive and illegal

servicing practices. (see exhibit "MM")


52.   **February 10, 2012**

The Board of Governors of The Federal Reserve agree and GMAC Mortgage, LLC

Sign a "Consent Order" for in essence the same violations GMAC was cited for in

the last Consent Agreement in April 13, 2011. GMAC Mortgage, LLC willfully

proceeded with no regard for government or the rule of law.

53.  **March 7, 2012**

During the deposition with, Corporate Representative and Custodian of Records,

Stephan Maxwell on March 7, 2012, he testified that all of the documents in the

file were already provided to Taggart and were made part of the deposition (see

Exhibit  "H"). Yet , there was no copy or evidence that any Forced Placed

Hazard Insurance Policy ever existed that was allegedly obtained by GMAC

Mortgage. Despite questioning Mr. Maxwell at the deposition about the absence

of the Policy or Policy Information he then claimed to have a policy and later

provide one......No policy was ever provided after that. Again, the policy for

Hazard insurance alleged to be from Balboa Insurance never existed.


54.  **MARCH 7, 2012**

Plaintiff notifies counsel, Trey Jordan , Esquire & paralegal, Carol Benello,

present at the deposition of Stephan Maxwell on March 7, 2012 of fraudulent

documents of , "Jeffrey Stephan Affidavit"  and other documents in the file.

Plaintiff also told Nicola Suglia of Fleisher, Fleischer & Suglia, of the fraudulent

affidavits of "Jeffrey Stephan" that he should have already know were

fraudulent; Brian Fleischer, his partner was counsel at the deposition of "Jeffrey

Stephan" when he admitted that he never verified all of the information in his

affidavits. (see Exhibit #H, F) (Trey Jordan & Carol Benello are in house counsel

& paralegal for GMAC Mortgage, LLC)

55. **March 12, 2012**

In a scathing review of GMAC Mortgage LLC from HUD (Department of

Housing and Urban Development), it found serious problems with GMAC

Mortgage, LLC; HUD completed an investigation in which it issued its

memorandum on March 12, 2012 and found no control or oversight in their

foreclosure processing. It found, *inter alia*, false and fraudulent affidavits,

Robo- Signed affidavits and unsound foreclosure practices.


56. **April 2009**

GMAC Mortgage, LLC make settlement for foreclosure abuses, including filing

false affidavits and assignments in foreclosure proceedings and bankruptcy

cases. GMAC Mortgage, LLC agrees to review cases filed between 2008 – 2010

for false documents and affidavits; They have clearly known about false

documents, but refuse to withdraw the case. (see Exhibit #OO")


57. **April  12, 2009**

Plaintiff notifies counsel Maria Guerin & Diane Bettino of the Law firm of Reed

Smith, LLP of, among other things,  fraudulent affidavits of "Jeffrey Stephan"

being used to pursue their foreclosure action.  (see Exhibit "RR")

## 58.   June 26, 2012

Taggart provides "Escrow Analysis" and "Escrow Analysis Review of the May 12,
2009 Escrow Statement" from GMAC Mortgage, LLC., from expert witness
showing the analysis from the May 12, 2009 analysis & statement sent to
Taggart by GMAC Mortgage, LLC. Was not in compliance with, inter alia, escrow
laws and the mortgage contract. ( see Exhibit #SS)

## 59.   June 26, 2012

The Escrow Analysis & Escrow Analysis Review provided by the expert witness,
Chip Cummings of Northwind International, indicated that GMAC Mortgage, LLC
Incorrectly indicated that, School taxes were to be paid in July 2009, but were
not due until October 31, 2009;  Also, township taxes were to be paid in March
2010, but were not due until May 2010. ( see Exhibit #SS)

## 60.   Current Assertions of Plaintiff

GMAC Mortgage, LLC, allegedly claims to be the present owner of the
mortgage;  Kenneth Taggart disputes GMAC Mortgage, LLC is the present owner
of the mortgage, or mortgage  note on said property and disputes that there is
any valid mortgage/note on the said property at all at: 521 Cowpath Rd, Telford,
Pa 18969. MERS note is invalid to begin with ; Furthermore, chain of title was
broken with invalid assignment to GMAC Mortgage, LLC. GMAC Mortgage, LLC

has no claim or Note on said property at : 521 Cowpath Rd, Telford, Pa 18969

Montgomery County Pennsylvania.


## PRELIMINARY ALLEGATIONS


61.    At all times relevant herein, Plaintiff, Kenneth J Taggart, is the owner of

a residential property whose address is : 521 Cowpath Rd, Telford, Pa. 18969.

(Montgomery County, Pennsylvania).

62.    At times relevant herein, Plaintiff is informed and believe that the Defendants,

GMAC Mortgage, LLC, Mortgage Electronic Registration Systems Inc. & Merscorp,

Phelan, Hallinan & Schmieg, LLP, Balboa Insurance Services Inc. & Balboa Insurance

Group, Reed Smith, LLP, Fleischer, Fleisher & Suglia, is or are Corporations, Limited

Liability  Partnerships or Limited Liability Companies doing business in Montgomery

County, State of Pennsylvania. Francis Hallinan, Esquire, Daniel Schmieg, Esquire,

Jammie McGuinnis, Esquire, Michelle Bradford, Esquire, Jennie Davey, Esquire,

Lawrence Phelan, Esquire, Maria T Guerin, Esquire, Dianne Bettino, Esquire, Brian

Fleischer, Esquire, Nicola Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowitch,

Esquire, Jeffrey Stephan, and Angela McFadden are all individuals who are conducting

business in Montgomery County, State of Pennsylvania.

63.    At all times relevant herein, Plaintiff  is informed and believes and thereon

alleges that the true names, and identities and capacities, whether individual

corporation, association, partnership or otherwise are at this time unknown to

Plaintiff who therefore sues said Defendants by such fictitious names and will

so amend complaint to show the true names and capacities of such Doe

Defendant(s) when the same are ascertained.

64.    At all times relevant herein, Defendants are sued and were acting as

principal employer, and or agent, servant and employee of the said principal(s)

or employee(s), and all of the acts performed by them, or their agents, servants

and employees, were performed with the knowledge and under the control of

said principal(s) or employer(s) and all such acts performed by such agents,

servants and/or employers, were performed within the course and scope of their

authority.

### *Plaintiff Refinances his residential property*

65.    Plaintiff settled on a mortgage refinance of the residential property he owned at:

521 Cowpath Rd, Telford, Pa. 18969 on or about July 11, 2008.

### *Confusion, Disputes, and Legality of Mortgage/Note Ownership*

66.    The loan was made via LBA Financial, LLC/  Mortgage Electronic Registration

Systems, Inc. (MERS). It appears that Mortgage Electronic Registration Systems, Inc.

(MERS) is the original lender, however it is unclear who the original mortgage holder

was. The loan at closing was allegedly assigned to Mortgage Electronic Registration

Systems, Inc. and allegedly sold after that to GMAC Mortgage, LLC, on August 17,

2009, who allegedly is the current owner of the mortgage and the note.  Plaintiff

disputes GMAC Mortgage, LLC is the present owner of the mortgage & mortgage note

on said property and disputes that there is any valid mortgage/note on the said

property at all at: 521 Cowpath Rd, Telford, Pa 18969.

### *GMAC Mortgage, LLC serviced loan since its origin.*

67.    It is clear undisputed by both  Plaintiff and GMAC Mortgage, LLC, that GMAC

Mortgage, LLC,  has been the servicer of the mortgage loan since July 2008 even if they

do not have now or have had ownership of the mortgage at any time during its

existence.

### *Fraud by way of " Forced Placed Insurance", "Escrow Fraud", "Conspiracy", "Racketeering" & other means.*

68.    During the financial crisis of 2008 – 2009, an admitted "Cash Strapped GMAC

Mortgage, LLC", conspired with Balboa Insurance Services, Inc. /Balboa Insurance and

engaged in racketeering, by fraudulently charging borrowers, including plaintiff, for

insurance and/or services that were unnecessary, not needed, or even provided, and

obtaining insurance that apparently did not even exist; All in violation of the mortgage

contract. GMAC Mortgage, LLC perpetrated and conspired with Balboa Insurance and engaged in Racketeering via its partnership or agreement with Balboa Insurance

Services/Balboa Insurance. GMAC Mortgage, LLC & Balboa Insurance, Inc. did this to

defraud borrowers, including plaintiff, to force borrowers into foreclosure unnecessarily,

increase fees charged to borrowers, increase fees charged to investors when they

foreclosed, increase their profits, and unduly enrich themselves. GMAC Mortgage, LLC

apparently has a history of this going back to the early 1990's... charging for "Forced

Placed Insurance" that was not needed to defraud borrowers. GMAC Mortgage, LLC did

the same thing when they needed money in the early 1990's. (See Exhibits of Escrow

Analysis from Expert Witness #SS)

### *GMAC Mortgage, LLC caused a "Forced Foreclosure" to cover for its illegal "Forced Placed Insurance" , illegally Increased Escrow Payments, and increase its revenue from foreclosures*

69.    GMAC Mortgage, LLC charged plaintiff, *inter alia*," Forced Placed Insurance"

Unnecessarily to defraud plaintiff by, raising escrow payments well in excess of what

was needed or allowed by law, .. then alleged a default on the mortgage and filed a

"Complaint in Mortgage Foreclosure" on the property in The Court of Common Pleas,

Montgomery County Pennsylvania; This was all perpetrated to cover for their illegal and

fraudulent activity of Escrow abuse and "Forced Placed Insurance" abuse, while unduly

enriching themselves, and increasing profits by committing fraud. The same or similar

abuse has been perpetrated on many other property owners by GMAC Mortgage, LLC &

Balboa Insurance as they have a history of this very abuse (see class action case with

GMAC Mortgage, LLC & Balboa Insurance Services, Inc. *(Exhibit #Q)*

### *Foreclosure filed with knowingly fraudulent Affidavits & Assignment*

70.    Furthermore, GMAC Mortgage, LLC via their legal counsel, Lawrence Phelan,

Esquire, Francis Hallinan, Esquire, Daniel G. Schmieg, Esquire, Jennie Davey, Esquire,

Jamie McGuinnis, Esquire, and  Michelle Bradford, of the Law Firm of Phelan, Hallinan

& Schmieg, LLP, *inter alia,* filed a mortgage foreclosure complaint in Montgomery

County Court of Common Pleas on August 14, 2009 (case# 2009-25338) with knowingly

fraudulent documents. Jamie McGuinnis of The Phelan Firm signed a verification, on

August 12, 2009 with the foreclosure complaint, knowing that all of the information had

not been verified by the mortgage company in the complaint; Verification was by

hearsay and not verified pursuant the affidavit filed with the court. Other fraudulent

documents filed with the court, via legal counsel, include, a "Robo -Signed" mortgage

verification provided by GMAC Mortgage, LLC and signed by known "Robo  - Signer" ,

Jeffrey Stephan  (signed by Stephan on August 19, 2009  & dated verification by Jenine

R Davie, Esquire, of The Phelan Law Firm on September 4, 2009,and filed with the

court on September 8, 2009).  It has been virtually public  knowledge, as of October

2010, that Jeffrey Stephan and GMAC Mortgage, LLC did not fully verify all information

as alleged in the verification filed with the court. (See attached Exhibits #A, F, O, P, T,

U, X, MM, NN, OO).

### *Fraud & Robo-Signed Documents*

71.    GMAC Mortgage, LLC is the real party of interest and they are the party

that is required to provide verification of information upon filing a foreclosure complaint.

GMAC Knew that they were "Robo – Signing" affidavits in a mass production fashion in violation with the law. Counsel, if they were not aware of fraudulent, Robo  - Signed Affidavits, they knew as of October 2010 as it became public knowledge. In addition to the news stories in virtually every public newspaper and news outlet regarding GMAC Mortgage, LLC & "Robo –Signing", their attorney, Brian Fleischer, or Fleischer, Fleischer & Suglia were the attorneys representing Jeffrey Stephan & GMAC Mortgage at the Deposition on June 7, 2010,where the facts were revealed about the mass produced  & fraudulent Robo-Signed affidavits ( see Exhibits   "O" ).

### *Fraudulent Assignment – Representation of Two Parties by Counsel*

72.    Michelle Bradford, Esquire (with the Phelan Law Firm), also allegedly Assistant Secretary & Vice President of Mortgage Electronic Registration Systems, Inc. signed an "Assignment of Mortgage" on August 17, 2009, on behalf of MERS,and recorded it on September 2,209 & October 5, 2009 with "The Recorder of Deeds" in Montgomery County. *Michelle Bradford knowingly represented herself to be with "The Law Firm of Phelan" and also "Assistant Secretary & Vice President of Mortgage Electronic Registration Systems, Inc."* making the "Mortgage Assignment" void due to conflict of interest. *A Law firm seeking to foreclose on a party may not also represent another party in an assignment to said mortgage in order to foreclose;*  This was a knowingly fraudulent document filed with the willful intent to deceive  Kenneth Taggart and defraud him of said property. (see Exhibits #DD, G)

## *Mortgage Electronic Registration Systems, Inc. does Not Own Anything*

(They have nothing to assign)

73.    `Mortgage Electronic Registration Systems Inc. has allegedly been assigned or nominated to this note or mortgage by LBA Financial, LLC.   Mortgage Electronic Registration Systems, Inc. does not own anything including the mortgage and has no legal right to assign a mortgage that it does not even own. The alleged assignment of the said mortgage and/or note from Mortgage Electronic Registration Systems Inc. to GMAC Mortgage, LLC was recorded by The Phelan Law Firm; This assignment is considered fraudulent and void as a matter of law as an attorney or Law Firm (Michelle Bradford) cannot represent two different parties in the same transaction.   Furthermore, MERS or Mortgage Electronic Registration Systems, Inc. admits they do not own anything, they are admittedly a "dummy corporation" and "Quasi National Recording System" for mortgage recording set by Banks and financial institutions to avoid recording fees. This system is in violation of Pennsylvania State Recording Laws and MERS is being sued in Federal Court by The Recorder of Deeds of Montgomery County as well as many other counties and municipalities in the United States for avoiding the recording of mortgages; Montgomery County Recorder of Deeds v MortgageElectronic Registration Systems, Inc., E.D. Pa., Nov 2011.( See Exhibit s #B,C,D,N,SW,Y,Z,CC,EE,FF,GG,HH).

## *GMAC Mortgage, LLC lacks standing to foreclose due to inappropriate venue.*

*(GMAC Mortgage, LLC filed a Foreclosure Complaint in Montgomery County when their mortgage states their alleged mortgage is in Bucks County)*

74.    It is further added that the original mortgage created by LBA Financial, LLC

is invalid as the "Legal Description" of said property that the alleged note and mortgage

encumber does not describe the property owned by Kenneth Taggart in Telford ,

Pennsylvania; This is the same mortgage allegedly transferred to Mortgage Electronic

Registration Systems Inc. at closing, and later allegedly transferred to GMAC Mortgage,

LLC.  The transfer from Mortgage Electronic Registration Systems, Inc. was recorded by

The Phelan Firm (**emphasis added**) (See Exhibit #E).


### *Plaintiff was never sent any notice of transfer(s), or Assignment(s) of Mortgage from GMAAC Mortgage, LLC, MERS or any party.*

75.    Plaintiff, Kenneth Taggart, was never sent any Notice of transfers or the

mortgage or note, as required by law, of any transfer since the original mortgage note

and mortgage was signed. No transfer notices were sent to plaintiff by LBA financial,

LLC, By Mortgage Electronic Registration Systems, Inc., or GMAC Mortgage, LLC.

Therefore, the current alleged ownership is invalid as it has not provided notice of

Transfer.


### *GMAC Mortgage, LLC has not shown "A Chain of Title" to Taggart*
### *and the court it's legal ownership of "The Mortgage" and "The Note"*


76.    GMAC Mortgage, LLC has alleged that they are the owner of the mortgage in

question, but have never shown and proof of ownership including,  "chain of title" ,

 the "Wet Ink Note", the "Wet Ink Mortgage", and history of transfers since the alleged

original note was signed, and any transfers within the Mortgage Electronic Registration

System Inc. (see Deposition of Stephan Maxwell – Exhibit #H).

**_Conspired to Create & Provide False Documents_**

77.    All defendants conspired to produce, create and file false documents in an

attempt to deceive Kenneth Taggart, The Court, The Recorder of Deeds, the

Prothonotary of Montgomery County Pennsylvania, and the public as to the authenticity

of said documents, ownership of mortgage/note, and standing to file a foreclosure

complaint against Kenneth Taggart and the property in question. Despite notifying all

counsel who represented GMAC Mortgage, LLC of the fraudulent and invalid affidavits,

GMAC Mortgage, LLC has arrogantly continued to pursue this complaint in mortgage

foreclosure with knowingly false information and affidavits  (see Exhibits  #RR).

Furthermore, GMAC Mortgage, LLC very well knew that "Jeffrey Stephan" and other

employees of GMAC Mortgage, LLC were signing thousands of false affidavits as they

would not have time to sign so many documents in one day or 10,000 per month as

"Jeffrey Stephan" has stated in deposition testimony. ( see Exhibits  # O, P).

What is even more stunning is that counsel representing GMAC Mortgage in this

foreclosure, Brian Fleischer, of Fleischer, Fleischer, & Suglia, was the attorney present

at one of the depositions in which **_"Jeffrey Stephan" admits he never verified the_**

**_information_** _as stated in his affidavits signed in foreclosure cases_;  Mr. Brian Fleischer

knew "first hand" that this case was knowingly filed with fraudulent affidavits (See

Exhibits   "O").  Counsel has an obligation to the court to not file a case, or

pursue a case with knowingly false documents; Counsel is obligated to withdraw the

case and notify the court of said documents or it is "Fraud Upon The Court".

## *Complete Arrogance and Willful Disregard of Government Laws & Orders*

78.    GMAC Mortgage, LLC as well as their legal counsel, have known of these false

and fraudulent affidavits, but continue to pursue this case as well as many others based

on fraudulent affidavits, assignments, and other documents.  In checking with the court

house in Montgomery County, GMAC Mortgage, LLC has continued to pursue and

foreclose on people, with fraudulent foreclosures, even after it had become common

knowledge to the public in October 2010. Furthermore, GMAC Mortgage, LLC, as well

as counsel for GMAC Mortgage, LLC it has continued to pursue foreclosures and

arrogantly ignore, Consent Orders signed by GMAC Mortgage, LLC in April 2011 & April

2012 with the OCC & FDIC.  In addition to that, GMAC Mortgage, LLC has completely

snubbed The Inspector General's Order from The Department of Housing and Urban

Development (HUD) issued on March 12, 2012 in which it orders GMAC Mortgage, LLC

to review its files regarding false affidavits and review its foreclosures based on false

affidavits. The Order of March 12, 2012 has further  demanded GMAC Mortgage, LLC

put in place new procedures for foreclosures and affidavits (See Exhibit  "H" ). Again,

despite the certified letters notifying all  counsel that represents GMAC Mortgage, LLC

in this case, they refuse to withdraw this case with apparently no fear of reprisal from

The Department of Housing and Urban Development regarding their March 12, 2012

order and other violations of the law. GMAC Mortgage, LLC and Counsel also have no

fear of the FDIC & OCC as it willfully violates their order(s) as well. GMAC Mortgage,

LLC continues to "March On" and "Bull Doze" clients with knowingly fraudulent

documents with no fear of the law or repercussions. Even counsel for GMAC Mortgage, LLC is liable by pursuing cases with knowingly fraudulent documents and willfully and knowingly violation government laws, procedure, and orders from government agencies. Counsel for GMAC Mortgage, LLC also operates and continues, with arrogance, no respect, fear of the law, or government orders to cease foreclosures with fraudulent documents. GMAC Mortgage, LLC & Counsel for GMAC operate as if they were in a "Kangaroo Court" in a "Banana Republic"

### *Wire & Mail Fraud with Knowingly Fraudulent Documents*

79.    All defendants committed wire and mail fraud each and every time a fraudulent document was mailed, electronically sent via email or other electronic means, or electronically filed with the court. This has occurred thousands of times during the course of this transactions as the entire case is based on a fraudulent affidavit and unverified information by "Jeffrey Stephan". Documents base on the verification by fraudulent documents make the entire case "Fraud".

### *Conclusion*

80.    During the history of this mortgage, from July 2008 until the present, GMAC Mortgage, LLC has, inter alia: 1) Conspired with Balboa Insurance to fraudulently charged plaintiff  "Forced Place Insurance, 2) Conspired with its legal counsel to Defraud Plaintiff and raised escrow in excess of what the contract allowed & violate The Real Estate Settlement Procedures Act, Sec 9, 3) Conspired  with its legal

counsel to defraud plaintiff and filed an illegal foreclosure complaint based on

fraudulent documents to unduly enrich themselves, 4) Conspired with its legal counsel

to knowingly file a foreclosure on a property in Montgomery County when it has clearly

stated it owns a property in Bucks County, 5) Conspired with its legal counsel and

knowingly filed an illegal foreclosure with a faulty chain of title not showing

ownership of the actual mortgage instrument and note itself.. alleged note was

transferred to GMAC Mortgage from MERS which does not own anything, or even failed

to produce "Wet Ink Note" or "Wet Ink Mortgage" to plaintiff or The Court, 6) Conspired

with its legal counsel GMAC filed a foreclosure action without standing to foreclose, 7)

Conspired with its legal counsel to foreclose on plaintiff, and others, with knowingly

fraudulent verification affidavits filed with the court in the foreclosure complaint, 8)

Conspired with its legal counsel and refused to withdraw their foreclosure complaint

against plaintiff despite orders to do so by: The Inspector General of HUD & The OCC &

FDIC Consent Orders, 8) Conspired with MERS and GMAC's legal counsel to complete

an illegal and fraudulent transfer of alleged Mortgage Note and/or Mortgage; The Mortgage

and/or Note was transferred or assigned with a known conflict of interest in which Michelle

Bradford, Esquire (with the Phelan Law Firm), also allegedly Assistant Secretary & Vice

President of Mortgage Electronic Registration Systems, Inc. 9) Conspired to commit fraud

by along with Notary for The Phelan firm Angela McFadden, who knowingly notarized the

alleged assignment from MERS to GMAC Mortgage, LLC.,10) or MERS never sent any

"Notice of Transfers" or the mortgage or note, as required by law, of any transfer since the

original mortgage note and mortgage was signed, 11) committed along with counsel and

other defendants, wire and mail fraud each and every time a fraudulent document was

mailed, electronically sent via email or other means, or electronically filed with the court.

ALL FOR WHICH PLAINTIFF PRAYS FOR RELIEF

## FIRST CLAIM FOR RELIEF

**Racketeering and Conspiracy to Commit Fraud-RICO, Fraud, Deceit, Pennsylvania Unfair Trade Practice Act & Consumer Protection Laws, Tortuous Actions, Breach of Contract**

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF allege as

Follows that :  Defendants, GMAC Mortgage LLC & Balboa Insurance, Inc. fraudulently

placed **"Forced Placed Insurance"** on Plaintiffs property when it knew insurance was

in place.

81.    Plaintiff repeats and re pleads paragraphs 1 through 80 and incorporates the

allegations by reference as though fully set-forth herein.

82.    Defendants, GMAC Mortgage LLC & Balboa Insurance, Inc. ,Jeffrey Stephan, and

Stephan Maxwell, conspired to deceive and defraud Plaintiff for the need of duplicate

Hazard Insurance for his property when they very well knew he already had Hazard

Insurance in place.

83.    GMAC Mortgage, LLC knew that insurance was required and provided at closing

or the loan would not have been permitted to close. GMAC Mortgage LLC also paid

renewal premiums out of plaintiffs escrow account as GMAC's own escrow payment

history shows. In addition to that, Plaintiff as well as his agent, Jeffrey Delp, faxed and

sent GMAC Mortgage LLC proof of insurance several times between July  2008 –
January 2009.

84.    Despite the inherent knowledge of Insurance being in place, GMAC Mortgage

LLC Conspired with Balboa Insurance Services Inc. to, intentionally Deceive  & Defraud

Plaintiff out Money for unnecessary Duplicate Insurance premiums at three and one half

times the "Market Rate" for such insurance;  This Conspiracy of Fraud and Deception

was done to unduly enrich themselves as the GMAC Mortgage, LLC & Balboa

Insurance Services, Inc. engaged in: Racketeering, Tortuous Actions, and Unfair Trade

Practices. GMAC did this to case **"Forced Foreclosures"** charge fees, and/or

increase the likelihood of foreclosure. GMAC Mortgage, LLC makes more money as a

servicer when a loan is in foreclosure as opposed to a loan being current.


85.    GMAC Mortgage, LLC & Balboa Insurance Services, Inc., Jeffrey Stephan, and

Stephan Maxwell engaged in Conspiracy to Commit Fraud, Fraud, Deception,

Racketeering, violations of Pennsylvania's Unfair Trade Practices Act & violations of

Pennsylvania Consumer Protection Laws, Racketeering, and violating the Federal Civil

RICO Act; Plaintiff, Kenneth Taggart is entitled to relief for damages for violating all of

these laws


86.    Plaintiff, Kenneth Taggart, has had to defend a false claim for foreclosure and

Asserted ownership of a mortgage by GMAC Mortgage, LLC  with knowingly false

payments required for duplicate insurance to deceive plaintiff .

12-04028-mg    Doc 1784-38    Filed 12/09/14    Entered 12/09/14 17:48:56    Exhibit 34
to Deleheoy Decl.    Pg 43 of 87

12-04028-mg    Doc 1784-38    Filed 12/09/14    Entered 12/09/14 17:48:56    Main Document
Pg 42 of 78

87.    All Defendant (s) in this count, and each of them, committed the acts herein

alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and was

carried out in a despicable, deliberate, cold, callous and intentional manor thereby

entitling Plaintiff to recover punitive damages from the Defendants in an amount

according to proof.


88.    Plaintiff is informed and believes that as a further result of Defendant(s)

conduct, Plaintiff has suffered economic damages in the amount to be proven

at trial.


89.    Plaintiff is informed and believes and thereon alleges that as a result of

the misrepresentation of the Defendant(s) in this count, Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.


90.    Plaintiff has been harmed and suffered loss as a result of these actions and

plaintiff is entitled to relief for such actions from defendants.


ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

# SECOND CLAIM FOR RELIEF

## Racketeering ,Conspiracy to Commit Fraud-RICO, Fraud, Deceit, Pennsylvania Unfair Trade Practice Act & Consumer Protection Laws, Breach of Contract, Tortuous Actions

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF allege as

Follows that:  Defendant, *GMAC Mortgage LLC & others, **Intentionally Raised***

***Escrow Payments** in violation of the mortgage contract, escrow laws, and **caused a***

***"Forced Foreclosure".***

91.   Plaintiff repeats and re pleads paragraphs 1 through 80 and incorporates the

allegations by reference as though fully set-forth herein.

92.   Defendants, GMAC Mortgage LLC, Jeffrey Stephan and Stephan Maxwell,

conspired to deceive plaintiff regarding how much escrow was needed to make

insurance and tax payments on his mortgage loan. Defendant, GMAC Mortgage LLC

conspired to defraud plaintiff out of escrow monies by requiring more escrow monies

than needed, more monies  allowed by contract, or more monies needed by The Real

Estate Settlement Procedures Act, or The Pennsylvania State Escrow laws regarding

the limitations or monies a servicer is allowed to collect and keep in escrow accounts.

93.   GMAC Mortgage, LLC is a professional mortgage servicing company that service

an estimated 5 million loan, or at least holds itself out to be a professional, competent

and responsible mortgage servicer abiding by all laws regarding mortgage servicing;

Therefore, it is clear that the only reason GMAC Mortgage LLC raised the escrow

payments more than required by law is to intentionally, deceived plaintiff , commit fraud,

conspired to commit fraud, conspired to commit fraud upon the court, commit fraud

upon the court, violate Pennsylvania's Unfair Trade Practices Act & Consumer

Protection Laws, engaging in Racketeering-RICO, Intentional Breach of Contract and

deception which are tortuous actions made to deceive and defraud plaintiff.


94.    Even if GMAC Mortgage LLC can demonstrate that is was not conspiracy

racketeering and fraud, it is clearly a "Brach of Contract" as the escrow payments being

charged were in excess of what the contract allows, what Pennsylvania State

Escrow Laws allow or what The Real Estate Settlement Procedures Act allows. Even if

it was made in error it is clear the amount demanded by GMAC Mortgage LLC was

above what was allowed by law or contract. *The escrow payment should have gone

up only $1.46 per month, not $209.00 per month as GMAC LLC demanded. (See

Expert Testimony in  Exhibit  #SS)*


95.    This Fraud and Deception was perpetrated to unduly enrich themselves as the

GMAC Mortgage, LLC, Jeffrey Stephan and Stephan Maxwell, engaged in: Conspiracy

to commit fraud, fraud, deception, breach of contract, Racketeering, Tortuous Actions,

and Unfair Trade Practices.


96.    GMAC Mortgage, LLC engaged in Conspiracy to Commit Fraud, Fraud, Deception,

Racketeering, violations of Pennsylvania's Unfair Trade Practices Act & violations of

Pennsylvania Consumer Protection Laws, Breach of Contract, and violating the Federal

Civil RICO Act: Plaintiff, Kenneth Taggart is entitled to relief for damages for violating

all of these laws

97.    Plaintiff, Kenneth Taggart, has had to defend a false claim for foreclosure and

ownership of a mortgage with knowingly false documents which were manufactured by

defendants reporting an escrow shortage of at least $209 per month when in fact it was

only $1.46/per month short; GMAC Mortgage LLC sent letters indicating escrow was

short to plaintiff in order to deceive plaintiff and unduly enrich themselves and defraud

plaintiff. It demanded an increase of $209.00 per month increase.

98.    GMAC Mortgage LLC, Jeffrey Stephan and Stephan Maxwell, committed the acts

herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of

Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice

and was carried out in a despicable, deliberate, cold, callous and intentional manor

thereby entitling Plaintiff to recover punitive damages from GMAC Mortgage LLC in an

amount according to proof.

99.    Plaintiff is informed and believes that as a further result of Defendant(s)

conduct, Plaintiff has suffered economic damages in the amount to be proven

at trial.

100.    Plaintiff is informed and believes and thereon alleges that as a result of

the misrepresentation of the GMAC Mortgage LLC, Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.


101.    Plaintiff has been harmed and suffered loss as a result of these actions and

plaintiff is entitled to relief for such actions from GMAC Mortgage LLC .


ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


## THIRD CLAIM FOR RELIEF

**Racketeering and Conspiracy to Commit Fraud-RICO, Fraud, Deceit, Conspiracy, Pennsylvania Unfair Trade Practice Act & Consumer Protection Laws, Breach of Contract, Tortuous Actions**

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for

Intentional Misrepresentation & Fraud against Plaintiff; Plaintiff  alleges as follows:

*GMAC Mortgage LLC* conspired to produce *"False Affidavits"* in order to foreclose

on properties, and *Counsel for GMAC LLC knowingly proceeded with fraudulent*

*affidavits even after they were notified the affidavits were fraudulent or*

*became aware the affidavits were fraudulent.*


102.    Plaintiff repeats and re pleads paragraphs 1 through 80 and incorporates the

allegations by reference as though fully set-forth herein

103.  **GMAC Mortgage LLC, knowingly produced a** "Forced Foreclosure" and

pursued a The **"Forced Foreclosure" with false "Robo – Signed" Affidavits by**

**"Jeffrey Stephan** and other employees who produced thousands of fraudulent

affidavits a month in order to foreclose on borrowers, including plaintiff. GMAC

Mortgage LLC produced a fraudulent Affidavit of verification that was filed with the

foreclosure complaint by Jeffrey Stephan in order to *Deceive the court and plaintiff* that

the information was correct and verified when it was in fact not correct or verified.


104.  Counsel for GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg,

Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel schmieg,Esquire, Jennie

Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP,

Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello,

Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola

Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, also knew that

they were pursuing a foreclosure based on a fraudulent affidavit by Jeffrey Stephan as

they were all notified of the fraudulent document via a certified letter or by notification at

the deposition of Stephan Maxwell on March 7,2012;  All counsel for GMAC refused to

withdraw the Foreclosure Complaint.


105.   It is intentional Deception, Fraud , "Fraud Upon The Court", Conspiracy and

Racketeering, when counsel or a member of the court Knowingly submits false

documents or pursues a case with knowingly fraudulent Documents. All of the

defendants in this count  have knowingly done so.

106.   Jeffrey Stephan, employee of GMAC Mortgage LLC, admittedly to willingly

signing as much as 10,000 documents a month without verifying them and creating

fraudulent documents as he signed a "Sworn Affidavit" that he had verified all of the

information when he had not done so.

107.   Defendants, GMAC Mortgage LLC, The Law Firm of Phelan, Hallinan & Schmieg,

Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie

Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP,

Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello,

Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola

Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Stephan

Maxwell, and Jeffrey Stephan, committed tortious actions, deception, fraud, fraud Upon

the court, engaged in conspiracy, racketeering and unfair trade practices as described

harmed Plaintiff, Kenneth Taggart, by having to defend a fraudulent foreclosure based

on fraudulent documents produced and recorded by defendants.

108. Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg,

Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel schmieg,Esquire, Jennie

Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP,

Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello,

Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola

Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Stephan

Maxwell and Jeffrey Stephan, and each of them, committed the acts heron alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights.
Conduct by the Defendants in this count, and each of them, amounted to malice and
was carried out in a despicable, deliberate, cold, callous and intentional manor thereby
entitling Plaintiff to recover punitive damages from the Defendants in an amount
according to proof. Actual damages include all costs to defend lawsuit and relates costs.

109.    Plaintiff is informed and believes that as a further result of all of the
Defendant(s) conduct (in this count), Plaintiff has suffered economic damages in the
amount to be proven at trial.

110.    Plaintiff is informed and believes and thereon alleges that as a result of
the misrepresentation of all of the Defendants in this count , Plaintiff has suffered
severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

# FOURTH CLAIM FOR RELIEF

**Racketeering and Conspiracy to Commit Fraud-RICO, Fraud, Deceit, Pennsylvania Unfair Trade Practice Act & Consumer Protection Laws, Breach of Contract, Tortuous Actions**

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for

Intentional Misrepresentation & Fraud against Plaintiff; Plaintiff alleges as follows:

*GMAC Mortgage LLC and others conspired to produce "False Mortgage*

*ASSIGNMENTS" in order to foreclose on Plaintiff; GMAC Mortgage LLC , Mortgage*

*Electronic Registration Systems, Inc., and Counsel for GMAC LLC knowingly conspired to*

*produce false assignments and proceeded with fraudulent affidavits even after they*

*were known to be fraudulent.*

111.    Plaintiff repeats and re pleads paragraphs 1 through 80 and incorporates the

allegations by reference as though fully set-forth herein

112.    GMAC Mortgage LLC, knowingly produced and pursued a foreclosure with false

or fraudulent "Mortgage Assignments" produced by "Michelle Bradford" and other

employees or Mortgage Electronic Registration Systems, who produced thousands of

"Fraudulent Mortgage Assignments" in order to foreclose on borrowers, including

plaintiff.  GMAC Mortgage LLC, conspired with The Mortgage Electronic Registration

Systems, Inc., The Law Firm of Phalen, Hllinan & Schmieg, and Michelle Bradford,

Esquire ( who is also, Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc.), and Angela McFadden (Notary for The Phelan Law Firm), Who knowingly notarized false assignments, And JAM Transfers, Inc. to knowingly produce fraudulent Assignments or transfers from Mortgage Electronic Registration Systems, Inc. to other parties, including GMAC Mortgage, LLC.

113.    The fraudulent Assignments, including the fraudulent assignment for the plaintiffs mortgage on 521 Cowpath Rd, Telford, Pa 18969, were then recorded in court houses as valid by JAM Transfers, Inc. ; Angela McFadden knowingly notarized false assignments.

114.    Michelle Bradford who is both Michelle Bradford, Esquire; of The Phelan Law Firm, and is also Assistant Secretary and Vice President of  Mortgage Electronic Registration Systems, Inc. executed an assignment of mortgage on plaintiffs property in order to *Deceive the Court and plaintiff* that GMAC was the actual owner of the property.

115.    Counsel for GMAC Mortgage LLC, The Law firm of Phelan, Hallinan & Schmieg, Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP, Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello, Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Angela

McFadden, and JAM Transfers, Inc. also knew that they were pursuing a foreclosure

based on a fraudulent "Mortgage Assignments".

116.    It is intentional Deception, Fraud and "Fraud Upon The Court" when counsel or

a member of the court Knowingly submits false documents or pursues a case with

knowingly fraudulent Documents. All of the defendants in this count have knowingly

done so.

117.    Michelle Bradford has allegedly signed thousands of mortgage assignments

representing two parties and conspired to knowingly defraud plaintiff as well as other

similarly situated; Michelle Bradford held these Fraudulent Mortgage assignments out

to plaintiff and the public as legal documents as they were recorded in the court

house(s) as legal documents. The fraudulent documents were knowingly recorded by

JAM Transfers, Inc.

118.    Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg,

Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie

Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP,

Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello,

Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola

Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Angela

McFadden and JAM Transfers Inc., committed tortious actions, deception, fraud, Fraud

Upon the Court, engaged in conspiracy, racketeering and unfair trade practices as

described harmed Plaintiff, Kenneth Taggart, by having to defend a fraudulent

foreclosure based on fraudulent documents produced and recorded by defendants.

119. Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg, Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel schmieg,Esquire, Jennie Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP, Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello, Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Angela McFadden and JAM Transfers, Inc., and each of them, committed the acts heron alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants in this count, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendants in an amount according to proof. Actual damages include all costs to defend lawsuit and relates costs.


120.    Plaintiff is informed and believes that as a further result of all of the Defendant(s) conduct (in this count), Plaintiff has suffered economic damages in the amount to be proven at trial.


121.    Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of all of the Defendants in this count , Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS

PRAYED

## FIFTH CLAIM FOR RELIEF

**Racketeering and Conspiracy to Commit Fraud-RICO, Fraud, Deceit, Pennsylvania Unfair Trade Practice Act & Consumer Protection Laws, Breach of Contract, Tortuous Actions**

**COMES NOW PLANTIFF** and for the separate and distinct CLAIM FOR RELIEF for

Intentional Misrepresentation & Fraud against Plaintiff; Plaintiff  alleges as follows:

*GMAC Mortgage LLC and others conspired to produce a "FORCED*

*FORELOSURE "  upon Plaintiff; GMAC Mortgage LLC , Balboa Insurance Services, Inc*

*knowingly conspired to produce fraudulent Hazard Insurance Premiums. GMAC*

*conspired to raise escrow well in excess of what was needed or contract allowed to*

*"Force Foreclosure"  Upon Plaintiff and others.  Counsel for GMAC LLC proceeded with*

*Foreclosure even after it knew of fraudulent Insurance Premiums, Fraudulent Escrow*

*payments, fraudulent affidavits of Jeffrey Stephan, and fraudulent assignments of*

*Michelle Bradford, even after they were known to be fraudulent.*

122.    Plaintiff repeats and re pleads paragraphs 1 through 80 and incorporates the

allegations by reference as though fully set-forth herein

123.    GMAC Mortgage LLC, knowingly produced and pursued a "Forced Foreclosure"

with false or fraudulent "Mortgage Assignments" produced by "Michelle Bradford" and

other employees, Fraudulent, Robo-Signed Affidavits of Jeffrey Stephan, Fraudulent

Hazard Insurance Premiums, and Fraudulent Escrow Analysis(s) that demanded Plaintiff

pay more Than contract or escrow laws allowed.


124.   GMAC Mortgage, LLC conspired with: Counsel for GMAC Mortgage LLC, The Law

firm of Phelan, Hallinan & Schmieg, Jamie McGuinnis, Esquire, Michelle Bradford,

Esquire, Daniel Schmieg, Esquire, Jennie Davey, Esquire, Francis Hallinan, Esquire,

Lawrence Phelan, Esquire, Reed Smith LLP, Maria T Guerin, Esquire, Diane Bettino,

Esquire, Trey Jordan, Esquire, Carol Benello, Paralegal, The law Firm of Fleischer,

Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola Suglia, Esquire, Ahmed Soliman,

Esquire, Allison Domowich, Esquire, Angela McFadden and JAM Transfers, Inc. , to

knowingly pursue foreclosure Complaint  with knowingly fraudulent documents and

pretenses.


125.   Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg,

Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie

Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP,

Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello,

Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola

Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Jeffrey Stephan,

Angela McFadden and JAM Transfers Inc., committed tortious actions, deception,

fraud, Fraud Upon the Court, engaged in conspiracy, racketeering and unfair trade

practices as described harmed Plaintiff, Kenneth Taggart, by having to defend a

fraudulent foreclosure based on fraudulent documents produced and recorded by defendants.

126.    Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg, Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg,Esquire, Jennie Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP, Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello, Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Jeffrey Stephan, Angela McFadden and JAM Transfers, Inc., and each of them, committed the acts heron alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants in this count, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendants in an amount according to proof. Actual damages include all costs to defend lawsuit and relates costs.

127.    Plaintiff is informed and believes that as a further result of all of the Defendant(s) conduct (in this count), Plaintiff has suffered economic damages in the amount to be proven at trial.

128.     Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of all of the Defendants in this count , Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS

PRAYED

## SIXTH CLAIM FOR RELIEF

**Racketeering and Conspiracy to Commit Fraud-RICO, Fraud, Deceit, Pennsylvania Unfair Trade Practice Act & Consumer Protection Laws, Breach of Contract, Tortuous Actions**

**COMES NOW PLANTIFF** and for the separate and distinct CLAIM FOR RELIEF for

Intentional Misrepresentation & Fraud against Plaintiff; Plaintiff  alleges as follows:

*GMAC Mortgage LLC, ALL Counsel for GMAC Mortgage LLC , and*

*others, conspired to pursue mortgage foreclosure in violation of several*

*government FORELOSURE Laws , Government Consent Orders,*

*Memorandums, and Settlements.*

129.    Plaintiff repeats and re pleads paragraphs 1 through 80 and incorporates the

allegations by reference as though fully set-forth herein

130.    GMAC Mortgage LLC, as well as all counsel for GMAC, Jeffrey Stephan, Michelle

Bradford, Mortgage Electronic Registration Systems knowingly produced and pursued a

"Forced Foreclosure" with false or fraudulent documents and pretenses in violations of

A Consent Order signed by GMAC with The Board of Governors of The Federal Reserve

& The Federal Deposit Insurance Corp. (FDIC), on April 11, 2011 & The Federal Deposit

Insurance Corp. (FDIC), another Consent Order signed by GMAC with The Board of

Governors of The Federal Reserve, on February 2012, a Memorandum and findings sent

to GMAC by The Department of Housing and Urban Development's Inspector General

(HUD) on March 7, 2012, and a Settlement Agreement from April 2012, reached with 49

Attorney's generals & Others, including Pennsylvania's Attorney General; The Consent

Orders, Settlement and Memorandum from HUD all asserted that GMAC would review

foreclosure practices and stop foreclosing on properties with fraudulent affidavits,

assignments and only when they have shown proof of title and standing to foreclose.

This appears to be a clear smoke screen and sham by GMAC to make the public,

Federal Government, and consumers believe they are actually doing what they have

consented to do.


131.   GMAC Mortgage, LLC conspired with: Counsel for GMAC Mortgage LLC, The Law

firm of Phelan, Hallinan & Schmieg, Jamie McGuinnis, Esquire, Michelle Bradford,

Esquire, Daniel Schmieg, Esquire, Jennie Davey, Esquire, Francis Hallinan, Esquire,

Lawrence Phelan, Esquire, Reed Smith LLP, Maria T Guerin, Esquire, Diane Bettino,

Esquire, Trey Jordan, Esquire, Carol Benello, Paralegal, The law Firm of Fleischer,

Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola Suglia, Esquire, Ahmed Soliman,

Esquire, Allison Domowich, Esquire, Jeffrey Stephan, Angela McFadden, and JAM

Transfers, Inc. , to knowingly pursue a "Forced Foreclosure" Complaint  against Plaintiff

and others, with knowingly fraudulent documents, unproven ownership and false

pretenses. All in violation of The Government Consent Orders, Settlements and Memos

132.    Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg, Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP, Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello, Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Jeffrey Stephan, Angela McFadden and JAM Transfers Inc., committed tortious actions, deception, fraud, Fraud Upon the Court, engaged in conspiracy, racketeering and unfair trade practices as described harmed Plaintiff, Kenneth Taggart, by having to defend a fraudulent foreclosure based on fraudulent documents produced and recorded by defendants.


133.    Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg, Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg,Esquire, Jennie Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP, Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello, Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Jeffrey Stephan, Angela McFadden and JAM Transfers, Inc., and each of them, committed the acts heron alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants in this count, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Plaintiff to recover punitive damages from the Defendants in an

amount according to proof. Actual damages include all costs to defend lawsuit and

relates costs.

134.   Plaintiff is informed and believes that as a further result of all of the

Defendant(s) conduct (in this count), Plaintiff has suffered economic damages in the

amount to be proven at trial.

135.     Plaintiff is informed and believes and thereon alleges that as a result of

the misrepresentation of all of the Defendants in this count , Plaintiff has suffered

severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SEVENTH CLAIM FOR RELIEF

**Racketeering and Conspiracy to Commit Fraud-RICO, Fraud, Deceit,
Pennsylvania Unfair Trade Practice Act & Consumer Protection Laws, Breach
of Contract, Tortuous Actions**

**COMES NOW PLANTIFF** and for the separate and distinct CLAIM FOR RELIEF for

Intentional Misrepresentation & Fraud against Plaintiff; Plaintiff  alleges as follows:

*GMAC Mortgage LLC, ALL Counsel for GMAC Mortgage LLC, Mortgage*

*Electronic Registration Systems, Inc., Michelle Bradford, and JAM Transfers,*

*Inc., <u>conspired to allegedly transfer ownership of mortgage without ever</u>*

*<u>notifying plaintiff</u> of such alleged transfer or recording alleged transfer at the*

*county court house as required by Pennsylvania state Law.*

136.   Plaintiff repeats and re pleads paragraphs 1 through 80 and incorporates the

allegations by reference as though fully set-forth herein


137.   GMAC Mortgage LLC, as well as all counsel for GMAC, Michelle Bradford,

Mortgage Electronic Registration Systems, Inc., Angela McFadden and JAM Transfers,

Inc. knowingly produced false assignments of mortgage, asserted false ownership of

title or ownership of mortgage, and never notified plaintiff of any transfers of alleged

ownership of mortgage.


138.   There was never any notification of a transfer of alleged mortgage or

assignment from MERS to GMAC Mortgage, LLC; The only way plaintiff was informed

was via a pleading by GMAC in state court for the alleged foreclosure proceeding in

January 2012


139.   No "Notice of Assignments", transfers of mortgage, or ownership within the

"Quasi Recording System" of MERS was ever sent to plaintiff or the court house in

Montgomery County.


140.   MERS never had any ownership to the mortgage as the president of MERS has

testified in a deposition, therefore it never had anything to assign to GMAC Mortgage

LLC as it has alleged to have done.

141.   GMAC Mortgage, LLC conspired with: Counsel for GMAC Mortgage LLC, The Law

firm of Phelan, Hallinan & Schmieg, Jamie McGuinnis, Esquire, Michelle Bradford,

Esquire, Daniel Schmieg, Esquire, Jennie Davey, Esquire, Francis Hallinan, Esquire,

Lawrence Phelan, Esquire, Reed Smith LLP, Maria T Guerin, Esquire, Diane Bettino,

Esquire, Trey Jordan, Esquire, Carol Benello, Paralegal, The law Firm of Fleischer,

Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola Suglia, Esquire, Ahmed Soliman,

Esquire, Allison Domowich, Esquire, Angela McFadden, and JAM Transfers Inc., to

knowingly allege ownership of a mortgage that did not exist or was invalid for, *inter alia*,

violating the notice of transfer required by Pennsylvania state Law.


142.   Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg,

Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie

Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP,

Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello,

Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola

Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Angela

McFadden, and JAM Transfers Inc., committed tortious actions, deception, fraud, Fraud

Upon the Court, engaged in conspiracy, racketeering and unfair trade practices as

described harmed Plaintiff, Kenneth Taggart, by having to defend a fraudulent

foreclosure based on fraudulent documents, including an alleged assignment of

mortgage, produced and recorded by defendants.

143.   Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg,
Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg,Esquire, Jennie
Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP,
Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello,
Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire, Nicola
Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Angela
McFadden and JAM Transfers, Inc., and each of them, committed the acts heron
alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants in this count, and each of them, amounted to malice
and was carried out in a despicable, deliberate, cold, callous and intentional manor
thereby entitling Plaintiff to recover punitive damages from the Defendants in an
amount according to proof. Actual damages include all costs to defend lawsuit and
relates costs.

144.   Plaintiff is informed and believes that as a further result of all of the
Defendant(s) conduct (in this count), Plaintiff has suffered economic damages in the
amount to be proven at trial.

145.    Plaintiff is informed and believes and thereon alleges that as a result of
the misrepresentation of all of the Defendants in this count , Plaintiff has suffered
severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# EIGHTH CLAIM FOR RELIEF

**Racketeering and Conspiracy to Commit Fraud-RICO, Fraud, Deceit,
Pennsylvania Unfair Trade Practice Act & Consumer Protection Laws,
Tortuous Actions, Mail & Wire Fraud**

**COMES NOW PLANTIFF** and for the separate and distinct CLAIM FOR RELIEF for

Intentional Misrepresentation & Fraud against Plaintiff; Plaintiff alleges as follows:

*GMAC Mortgage LLC, ALL Counsel for GMAC Mortgage LLC, Mortgage*

*Electronic Registration Systems, Inc., Michelle Bradford, Jeffrey Stephan,*

*Angela McFadden, and JAM Transfers, Inc., committed , inter alia, Mail &*

*Wire Fraud each and every time each party sent their fraudulent documents*

*through the mail , electronically filed the document or sent it via email.*

146.    Plaintiff repeats and re pleads paragraphs 1 through 80 and incorporates the

allegations by reference as though fully set-forth herein

147.    Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg,

Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie

Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP,

Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello,

Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola

Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Angela

McFadden, and JAM Transfers Inc., committed tortious actions, deception, fraud, Fraud

Upon the Court, engaged in conspiracy, racketeering and unfair trade practices as described harmed Plaintiff, Kenneth Taggart, by having to defend a fraudulent foreclosure based on fraudulent documents, including an alleged assignment of mortgage, produced and recorded by defendants.

148.    All Defendants in this count have committed mail & wire fraud each and every time they have mailed, electronically filed, or emailed the fraudulent documents that were produced. As a matter of law, when the case is based on one fraudulent document, the entire case becomes fraud; Therefore all documents produced by defendants are fraudulent.

149.    GMAC Mortgage, LLC conspired with: Counsel for GMAC Mortgage LLC, The Law firm of Phelan, Hallinan & Schmieg, Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP, Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello, Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Angela McFadden and JAM Transfers, Inc, to knowingly allege ownership of a mortgage that did not exist or was invalid for, *inter alia*, violating the notice of transfer required by Pennsylvania state Law.

150.   Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg,

Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie

Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP,

Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello,

Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola

Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Jeffrey Stephan,

Angela McFadden and JAM Transfers Inc., committed tortious actions, deception,

fraud, Fraud Upon the Court, engaged in conspiracy, racketeering and unfair trade

practices , committed mail & Wire Fraud, as described harmed Plaintiff, Kenneth

Taggart, by having to defend a fraudulent foreclosure based on fraudulent documents,

including an alleged assignment of mortgage, produced and recorded by defendants.

151.   Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg,

Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie

Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP,

Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello,

Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola

Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Jeffrey Stephan,

Angela McFadden and JAM Transfers, Inc., and each of them, committed the acts

heron alleged maliciously, fraudulently, and oppressively, with reckless disregard of

Plaintiff's rights. Conduct by the Defendants in this count, and each of them, amounted

to malice and was carried out in a despicable, deliberate, cold, callous and intentional

manor thereby entitling Plaintiff to recover punitive damages from the Defendants in an

amount according to proof. Actual damages include all costs to defend lawsuit and
relates costs.

152.    Plaintiff is informed and believes that as a further result of all of the
Defendant(s) conduct (in this count), Plaintiff has suffered economic damages in the
amount to be proven at trial.

153.    Plaintiff is informed and believes and thereon alleges that as a result of
the misrepresentation of all of the Defendants in this count , Plaintiff has suffered
severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## NINTH CLAIM FOR RELIEF

**Racketeering and Conspiracy to Commit Fraud-RICO, Fraud, Deceit,
Pennsylvania Unfair Trade Practice Act & Consumer Protection Laws,
Tortuous Actions,**

**COMES NOW PLANTIFF** and for the separate and distinct CLAIM FOR RELIEF for

Intentional Misrepresentation & Fraud against Plaintiff; Plaintiff  alleges as follows:

*GMAC Mortgage LLC, ALL Counsel for GMAC Mortgage LLC, Mortgage*

*Electronic Registration Systems, Inc., Michelle Bradford, JAM Transfers, Inc.,*

*& Others, CAUSED CONFUSION AS TO THE OWNERSHIP OT THE MORTGAGE*

*in many ways, and in fact has a flawed system that makes their alleged*

*ownership at any point in the transaction VOID.*

154. Plaintiff repeats and re pleads paragraphs 1 through 80 and incorporates the allegations by reference as though fully set-forth herein

155. Defendants, GMAC Mortgage LLC, The Law firm of Phelan, Hallinan & Schmieg, Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP, Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello, Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire, Nicola Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Stephan Maxwell, and JAM Transfers Inc., committed tortious actions, deception, fraud, Fraud Upon the Court, engaged in conspiracy, racketeering and unfair trade practices as described harmed Plaintiff, Kenneth Taggart, by having to defend a fraudulent foreclosure based on fraudulent ownership of mortgage via the use of MERS itself and fraudulent assignment as well.

156. All Defendants in this count have conspired to deceive and defraud plaintiff into allegedly holding out that MERS had an ownership to transfer and that the alleged transfer between MERS and GMAC Mortgage, LLC was valid when it was in fact invalid. matter of law, when the case is based on one fraudulent document, the entire case becomes fraud; Therefore all documents produced by defendants are fraudulent.

157. GMAC Mortgage, LLC conspired with: Counsel for GMAC Mortgage LLC, The Law firm of Phelan, Hallinan & Schmieg, Jamie McGuinnis, Esquire, Michelle Bradford,

Esquire, Daniel Schmieg, Esquire, Jennie Davey, Esquire, Francis Hallinan, Esquire,

Lawrence Phelan, Esquire, Reed Smith LLP, Maria T Guerin, Esquire, Diane Bettino,

Esquire, Trey Jordan, Esquire, Carol Benello, Paralegal, The law Firm of Fleischer,

Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola Suglia, Esquire, Ahmed Soliman,

Esquire, Allison Domowich, Esquire, Stephan Maxwell, and JAM Transfers, Inc, to

knowingly allege ownership of a mortgage that did not exist or was invalid for, *inter alia*,

violating the notice of transfer required by Pennsylvania state Law.


158.   Furthermore, all defendants in this court have not shown chain of title of

ownership to plaintiff, the court in which the "Forced Foreclosure" was filed or to the

Recorder of Deeds in Montgomery county Pennsylvania.


159.   Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg,

Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie

Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP,

Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello,

Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola

Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Jeffrey Stephan,

Stephan Maxwell, and JAM Transfers Inc., committed tortious actions, deception, fraud,

Fraud Upon the Court, engaged in conspiracy, racketeering and unfair trade practices ,

as described harmed Plaintiff, Kenneth Taggart, by having to defend a fraudulent

foreclosure based on fraudulent documents, including an alleged assignment of

mortgage, produced and recorded by defendants, and essentially no ownership of
mortgage or standing to foreclose on plaintiff

160.   Defendants, GMAC Mortgage LLC,  The Law firm of Phelan, Hallinan & Schmieg,
Jamie McGuinnis, Esquire, Michelle Bradford, Esquire, Daniel Schmieg, Esquire, Jennie
Davey, Esquire, Francis Hallinan, Esquire, Lawrence Phelan, Esquire, Reed Smith LLP,
Maria T Guerin, Esquire, Diane Bettino, Esquire, Trey Jordan, Esquire, Carol Benello,
Paralegal, The law Firm of Fleischer, Fleischer, & Suglia, Brian Fleisher, Esquire,Nicola
Suglia, Esquire, Ahmed Soliman, Esquire, Allison Domowich, Esquire, Jeffrey Stephan,
and JAM Transfers, Inc., and each of them, committed the acts heron alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights.
Conduct by the Defendants in this count, and each of them, amounted to malice and
was carried out in a despicable, deliberate, cold, callous and intentional manor thereby
entitling Plaintiff to recover punitive damages from the Defendants in an amount
according to proof. Actual damages include all costs to defend lawsuit and relates costs.

161.   Plaintiff is informed and believes that as a further result of all of the
Defendant(s) conduct (in this count), Plaintiff has suffered economic damages in the
amount to be proven at trial.

162.   Plaintiff is informed and believes and thereon alleges that as a result of
the misrepresentation of all of the Defendants in this count , Plaintiff has suffered
severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS

PRAYED

## TENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for I

ntentional Misrepresentation against All Defendants, allege as follows:  Plaintiff pleads

for relief to **Quiet Title against all claims of Mortgage as alleged in The Foreclosure**

**Complaint in Montgomery County Pennsylvania**

163.    Plaintiff repeats and repleads paragraphs 1 through 162 and  incorporates the

allegations by reference as though fully set-forth herein

164.    Plaintiff seeks to Quiet Title from all claims from all defendants, against Kenneth

Taggart & property located at: 521 Cowpath Rd, Telford, Pa 18969, in which GMAC

Mortgage, LLC and all other interested parties claim to have or had claim to a mortgage

on the said property. No party has provided any legal proof of ownership of a mortgage

or note on the property as described in The Court House of Montgomery County,

Pennsylvania.

165.    All claims for mortgage are based on inaccurate of fraudulent documents to

claim, invalid ownership and verification of mortgage or note on said property.

Plaintiff seeks dismissal of all claims against property including all claims or mortgage

ownership from all defendants. No defendant has provided legal proof of ownership of

any mortgage on the said property.

166.   All defendants conspired and attempted to deceive the courts and Kenneth

Taggart by Fraudulent conduct. All defendants actions , and each of them, amounted

to malice and was carried out in a despicable, deliberate, cold, callous and intentional

manor thereby entitling Plaintiff to recover punitive damages from the Defendant in an

amount according to proof.

167.   Plaintiff is informed and believes that as a further result of Defendants

conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

168.   Plaintiff is informed and believes and thereon alleges that as a result of

the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional

distress in an amount to be proven at trial.

169.   Plaintiff seeks relief to Quiet title and have all claims dismissed with prejudice

against Property At; 521 Cowpath Rd, Telford, Pa 18969

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS

PRAYED

# ELEVENTH CLAIM FOR RELIEF- False Claims Act

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF allege as

Follows that:  Defendants, GMAC Mortgage LLC, Inc. fraudulently made **"False**

**Claims"** to the United States Government on Taggart and his property as well as other

homes & Homeowners for defaults on mortgages that did not occur, were caused by

GMAC Mortgage, LLC or were made with knowingly fraudulent documents.

170.    Taggart repeats and re pleads paragraphs 1 through 7 and incorporates the

allegations by reference as though fully set-forth herein.

171.    GMAC Mortgage, LLC knew that it filed a "False Claim" on Taggart's loan for the

mortgage it alleges to service or own at : 521 Cowpath Rd, Telford, Pa 18969. GMAC

Mortgage, LLC has also made "False Claims" on other mortgage loans with Fraudulent

documents with Fraudulent Documents for alleged defaults that did not occur, and for

other reasons that were known to be false.

172.    Taggart, and many other parties have had to defend false claims for foreclosure

and Asserted ownership of a mortgage by GMAC Mortgage, LLC with knowingly false

payments required for duplicate insurance to deceive plaintiff .

173.   GMAC Mortgage, LLC has submitted "FALSE CLAIMS" to the United States

Government (Federal Housing Administration and Department of Housing and Urban

Development) for compensation for alleged defaults on Taggart's loan and many other

loans with the knowledge that they made claims with fraudulent documents and

knowledge that, *inter alia*, they caused default on those mortgages, or were not even in

default. Furthermore, GMAC Mortgage, LLC foreclosed on homes with knowingly

fraudulent documents, then filed a claim with  HUD,FHA, and The United States

Government.


174    Plaintiff is informed and believes that as a further result of Defendant(s)

conduct, Plaintiff has suffered economic damages in the amount to be proven

at trial.

175.   Plaintiff is informed and believes and thereon alleges that as a result of the

misrepresentation of the Defendant(s) in this count, Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.


176.   Plaintiff has been harmed and suffered loss as a result of these actions and

plaintiff is entitled to relief for such actions from defendants.


ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# TWELFTH CLAIM FOR RELIEF  - Due Process

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF allege as Follows that:  Defendants, GMAC Mortgage LLC, Inc. **Violated the "Due Process Rights" of Taggart and other similarly situated** by knowingly producing fraudulent documents, filing fraudulent documents, and representing to Taggart, the government, the courts, and the judicial system that those fraudulent documents were in fact true and legal documents.

177.   Taggart repeats and re pleads paragraphs 1 through 14 and incorporates the allegations by reference as though fully set-forth herein.

178.   Defendants, GMAC Mortgage LLC, Inc**. Violated the "Due Process Rights" of Taggart and other similarly situated** by knowingly producing fraudulent documents, filing fraudulent documents, and representing to Taggart, the government, the courts, and the judicial system that those fraudulent documents were in fact true and legal documents.

179.   Defendants, GMAC Mortgage LLC, prevented Taggart, Doe Plaintiff's, and others similarly situated, from receiving "Due Process" under The United States Constitution as well as The state(s) Constitution of Due Process as the used their implicit trust and membership in the court to deceive parties as to the authenticity and validity of documents used in Taggart's foreclosure and other foreclosures that GMAC Mortgage pursued with knowingly fraudulent documents.

180.   GMAC Mortgage, LLC employee, Jeffrey Stephan, has admitted to "Robo-

Signing" 10,000 documents a month with the knowledge of managers , other

employees, and executives of GMAC Mortgage, LLC.  Documents produced fraudulent

affidavits for foreclosure in which the affiant attested to personal knowledge of the case

and file when they in fact had no knowledge of the file;  Yet the affiant had no

knowledge at all of the facts of what he attested to. GMAC Mortgage also signed

Mortgage assignments that were knowingly fraudulent and invalid. Mortgage

assignments were signed by and employee of GMAC Mortgage, LLC over to

themselves as a knowing conflict of interest voiding the Mortgage assignment, or had

the Foreclosure Mill that was filing a foreclosure against the property sign an

Assignment of Mortgage from The Mortgage electronic Registration system to GMAC

Mortgage when the foreclosure Mill represented both parties. In Taggart's case,

Michelle Bradford, represented herself to be a  Vice President of The Mortgage

Electronic Registration Systems Inc. at the same time she is/was a partner with the

"Foreclosure Mill" that filed a foreclosure against Taggart.


181.   GMAC Mortgage, LLC has represented fraudulent documents to The court of

Common Pleas in the foreclosure complaint filed against Taggart and his property at:

521 Cowpath Rd, Telford, Pa 18969 (Montgomery county Pennsylvania).  This is

notwithstanding the fact that GMAC Mortgage has produced an alleged mortgage that

represents it owns a mortgage in Bucks county , Pennsylvania…… not Montgomery

County, Pennsylvania.

182.    GMAC Mortgage, LLC has failed to comply with all state laws regarding filing

And recording all Assignments of Mortgage with the Court House in Montgomery

County. GMAC Mortgage, LLC has failed to provide standing and ownership of

mortgage in question to bring a foreclosure case against Taggart and property in

question.


183.    GMAC Mortgage, LLC has an obligation to show proof of ownership of mortgage

ownership when asked to prove ownership. It has agreed to show "Wet Ink Note" and

Wet Ink Mortgage" to Taggart or any court of law upon request.. Yet, GMAC Mortgage,

LLC has not provided "Wet Ink Note" and "Wet Ink Mortgage" to Taggart. It has not

produced this to any court to date as well, yet continues to foreclose on Taggart and

many others using similar fraudulent procedures and documents.


184.    Plaintiff is informed and believes that as a further result of Defendant(s)

conduct, Plaintiff has suffered economic damages in the amount to be proven

at trial.


185.    Plaintiff is informed and believes and thereon alleges that as a result of the

misrepresentation of the Defendant(s) in this count, Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.


186.    Plaintiff has been harmed and suffered loss as a result of these actions and

plaintiff is entitled to relief for such actions from defendants.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

ALL FOR WHICH PLAINTIFF PRAY AS FOLLOWS:

**On all Claims for Relief**

**1. Cost of suit;**

**2. Attorney's fees – Including fees for Pro Se Plaintiff Litigant Taggart; and,**

**3. Such other relief as the court deems just and proper.**

**4. "Quiet Title" on: 521 Cowpath Rd, Telford, Pa 18969, Release all claims from all defendants in foreclosure case pending in The Court of common Pleas in Montgomery County, Pennsylvania.**

**5. Total costs to Defend claims against fraudulent Foreclosure Complaint**

   **$625,000- amount to increase as case proceeds.**

**6. Punitive Damages In the amount of $15,000,000.**

**7. General Damages In the amount of $15,000,000.**

**8. Actual damages to be calculated at trial**

**9. Special Damages In the amount of $15,000,000.**

**10. Statutory relief as provided by law.**

**Dated : November 9, 2012**

**Kenneth J Taggart, Pro Se Plaintiff**

45 Henry Rd
Holland Pa 18966            215-774-1585

B104 (FORM 104) (08/07)

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS *Kenneth Taggart + Does* | DEFENDANTS *Residential Capital, GMAC Mortgage, LLC et el* |
|---|---|
| ATTORNEYS (Firm Name, Address, and Telephone No.) *Pro Se* | ATTORNEYS (If Known) *12-12020* |
| PARTY (Check One Box Only)<br>☐ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor    ☒ Other<br>☐ Trustee | PARTY (Check One Box Only)<br>☒ Debtor    ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor    ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

*Adversary Complaint against Debtors for, inter alia, Fraud, + Fraud Upon The Court,*

## NATURE OF SUIT
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

| | |
|---|---|
| **FRBP 7001(1) – Recovery of Money/Property**<br>☒ 11-Recovery of money/property - §542 turnover of property (1)<br>☐ 12-Recovery of money/property - §547 preference<br>☒ 13-Recovery of money/property - §548 fraudulent transfer (2)<br>☐ 14-Recovery of money/property - other | **FRBP 7001(6) – Dischargeability (continued)**<br>☐ 61-Dischargeability - §523(a)(5), domestic support<br>☐ 68-Dischargeability - §523(a)(6), willful and malicious injury<br>☐ 63-Dischargeability - §523(a)(8), student loan<br>☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation<br>(other than domestic support)<br>☐ 65-Dischargeability - other |
| **FRBP 7001(2) – Validity, Priority or Extent of Lien**<br>☒ 21-Validity, priority or extent of lien or other interest in property (4) | **FRBP 7001(7) – Injunctive Relief**<br>☐ 71-Injunctive relief – imposition of stay<br>☒ 72-Injunctive relief – other (3) |
| **FRBP 7001(3) – Approval of Sale of Property**<br>☒ 31-Approval of sale of property of estate and of a co-owner - §363(h) (5) | **FRBP 7001(8) Subordination of Claim or Interest**<br>☐ 81-Subordination of claim or interest |
| **FRBP 7001(4) – Objection/Revocation of Discharge**<br>☐ 41-Objection / revocation of discharge - §727(c),(d),(e) | **FRBP 7001(9) Declaratory Judgment**<br>☐ 91-Declaratory judgment |
| **FRBP 7001(5) – Revocation of Confirmation**<br>☐ 51-Revocation of confirmation | **FRBP 7001(10) Determination of Removed Action**<br>☐ 01-Determination of removed claim or cause |
| **FRBP 7001(6) – Dischargeability**<br>☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims<br>☐ 62-Dischargeability - §523(a)(2), false pretenses, false representation,<br>actual fraud<br>☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny<br>**(continued next column)** | **Other**<br>☐ SS-SIPA Case - 15 U.S.C. §§78aaa et.seq.<br>☐ 02-Other (e.g. other actions that would have been brought in state court<br>if unrelated to bankruptcy case) |

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ *450,000,000.* |
| Other Relief Sought | |

B104 (FORM 104) (08/07), Page 2

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR  *GMAC Mortgage, LLC. + Residential* | BANKRUPTCY CASE NO. *12-12020* | |
| DISTRICT IN WHICH CASE IS PENDING *Capital LLC* *Southern District of New York* | DIVISION OFFICE *Manhattan* | NAME OF JUDGE *Glenn* |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF  *N/A* | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)   *Pro Se* | | |
| DATE  *1/15/12* | PRINT NAME OF ATTORNEY (OR PLAINTIFF)  *Pro Se* | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located.  Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate.  There also may be lawsuits concerning the debtor's discharge.  If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF).  (CM/ECF captures the information on Form 104 as part of the filing process.)  When completed, the cover sheet summarizes basic information on the adversary proceeding.  The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court.  The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney).  A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs and Defendants.**  Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.**  Give the names and addresses of the attorneys, if known.

**Party.**  Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.**  Enter the dollar amount being demanded in the complaint.

**Signature.**  This cover sheet must be signed by the attorney of record in the box on the second page of the form.  If the plaintiff is represented by a law firm, a member of the firm must sign.  If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

<u>EXHIBITS</u>

Case # Residential Capital, LLC

# 12-12020

<u>Adversary Complaint</u>    — (Kenneth Taggart)

A. US National Association v Kimball, 7,22,11
  Vermont Supreme Court

B. State of Delaware v. Merscorp.- Complaint State of Delaware

C. Montgomery County Recorder of Deeds v Merscorp. - Complaint

D. Attorney General - New York v. Merscorp, et al

E. Copy of Mortgage - 2 different acknowledgements

F. Fraudulent Affidavit of "Jeffrey Stephan" + Summary of
  testimony from June 7, 2010

G. Copy of Mortgage Forclosure Complaint filed by GMAC

H. Deposition of Stephan Maxwell of GMAC 3-7-12

I. Documents indicating Insurance (Hazzard) required on loan.
  (at closing)

J. Affidavit + Does From Insurance Agent showing insurance
  at all times on property.

K. Initial Escrow Account Disclosure

L. History Escrow Payments.

M. GMAC letters imposing unneccessary INSURANCE

Page 1 of 6

FILED
2012 NOV 15 P 12: 23
U.S. BANKRUPTCY COURT
S.D.N.Y.

*Exhibit(s)*

*Adversary Complaint*

Case# Residential Capital(

(Kenneth Taggart)  #12-12020

N. MERS · Deposition of William Naltman, CEO
MERS owns Nothing

O. Jeffrey Stephan Deposition June 7, 2010
(Signed Affidavit on Taggart loan)

P. Jeffrey Stephan Deposition December 10, 2009

Q. Class Action Complaint Against GMAC + Balboa Insurance
Ulbrigh v. GMAC et al   US. DCSDF 11-cv-62424

R. Motion for Review of Fraudulent Foreclosure
Violation of Consent Orders By FDIC + Federal Reserve

S. Supreme Court of New York - MERS ORDER

T. OHIO Attorney General - Amicus Curiae regarding
GMAC Mortgage, LCC, Jeffrey Stephan + Fraud

U. FHA Memorandum From March 12, 2012 regarding
Fraud at GMAC Mortgage LCC

V. Fraud - 3rd Circuit Opinion - Standard for Fraud

Page 2 of 6

Exhibits

Case # Residential Capital, LLC

Adversary Complaint   #12-12020
(Kenneth Taggart)

W. SUPREME COURT OF New York - MERS OPINION
Bank of New York v. Silverberg - June 7, 2011


X. OHIO Attorney General v. GMAC Mortgage
OHIO Atty General Sues GMAC for Fraud


Y. State of OHIO v. Mers et al, Case regarding
Chain of title


Z. State of Rhode Island - Order regarding
MERS August 16, 2011. US District Court


AA. Scott v. GMAC (Fraud Case) U.S. DC. WDV.
3:10-CV-24 (Virgina)


BB. Class Action Lawsuit Against GMAC + MERS
in US. Dist Court Kentucky


Page 3 of 6

*Exhibits*

Case # Residential Capital, LC

Adversary Complaint    #12020

(Kenneth Taggart)

CC. Clerk of the Circuit Court, Duval County, FL
    V. MERS, Mortgage Electronic Registration Systems.
    Class Action Suit

DD. Fraudulent Mortgage Assignment From MERS - GMAC

EE. William + Mary Law Review

FF. Temple Law Review on Foreclosures +
    Mortgage Assignments

GG. Testimony of Thomas Cox to House Judiciary Committie
    December 2. 2010

HH. Georgetown Law - Nov 18, 2010 regarding. Robo Signing
    + Chain of Title + Hearing before Sub Committie
    on Housing    111th Congress.

Page 4 of 6

12-12020-mg    Doc 7847-39    Filed 12/29/14    Entered 12/29/14 17:48:56    Exhibit 24
12-04045-mg    Doc 732-5    Filed 05/29/14    Entered 05/29/14 04:048:05    Exhibits 1 thru
4 to Delehey Decl5    Pg 86 of 87

EXHIBITS

<u>Adversary Complaint</u>    Case# Residential Capital (L...
# 12-12020
(Kenneth Taggart)

<u>II</u>. GMAC letters placing Insurance on Property
despite Knowledge of Insurance In Place.

JJ. GMAC letter cancelling part of "Forced
Placed Insurance"

KK. GMAC Fraudulently Raised Escrow-Letters

LL. Escrow Dispute Letters.

MM. Consent Order Signed by GMAC 4/13/11
Federal Reserve + FDIC

NN. Consent Order Signed by GMAC 2/10/12
Federal Reserve

OO. Settlement Terms GMAC

PP. Letter Tax Collector When Taxes are due

QQ. Letter Tax collector when taxes were paid

Page 5 of 6

_EXHIBITS_          Case # Residential Capital, LLC

_Adversary Complaint_ (Kenneth Taggart)   # 12012020

R.R.   _Letter to Reed Smith_ Notifying them
of _fraudulent "Jeffrey Stephan"_ Affidavits
in foreclosure Case. _Also_ Notified, Fleischer
Fleischer + Suglia Law Firm

SS.   Expert Witness Report Showing Escrow
Payment was too high.

T.T.   Claims/CounterClaims Against GMAC
Mortgage + Foreclosure Action

UU.   Letter notifying GMAC of Escrow
errors after they initiated foreclosure.