## Exhibit 36

# COURT OF COMMON PLEAS

# MONTGOMERY COUNTY, PA

Court of Common Pleas
Civil Division

Term  # 09-25338

Montgomery County

GMAC Mortgage, LLC                    Jamie McGinness, Esq
1100 Virginia Dr,                     Phelan, Holliman & Schmieg,LLP
P.O. Box 8300                         One Penn Center
Fort Washington, Pa 19034             Philadelphia, Pa 19103
                                      215-563-7000
                                      Council for Plaintiff/ GMAC

Plaintiff

v.

Kenneth J Taggart, Pro Se
45 Heron Rd
Holland, Pa 18966


Defendant

---

**Supplemental to rebuttal  / Counter Claim filed against Plaintiff**

---

Attached is a Counter Claim against GMAC Mortgage, LLC , plaintiff in foreclosure

Complaint/action against, Kenneth J Taggart, Defendant. This counter claim against

GMAC Mortgage, LLC is herby made part of the rebuttal to claim for foreclosure.

Respectfully Submitted,

Kenneth J Taggart, Pro Se      9/14/09

# COURT OF COMMON PLEAS

# MONTGOMERY COUNTY, PA

Court of Common Pleas
Civil Division

Term #  *09-25338*

Montgomery County

Kenneth J Taggart, Pro Se
45 Heron Rd
Holland, Pa 18966

Plaintiff

v.

Montgomery County

GMAC Mortgage, LLC
1100 Virginia Dr,
P.O. Box 8300
Fort Washington, Pa 19034

Jamie McGinness, Esq
Phelan, Holliman & Schmieg,LLP
One Penn Center
Philadelphia, Pa 19103
215-563-7000
Council for Plaintiff/ GMAC

2009-25338-0006
9/14/2009 11:00:23 AM
Counterclaim of
Receipt#    Z741063
Mark Levy - Montgomery County Prothonotary

Defendant

_____

**Complaint**    ~ Counter  Claim

_____

     This is a Counter Claim filed by Plaintiff in regard to the complaint for

foreclosure action on the mortgage for the property located at 521 Cowpath Rd;

Telford, Pa .18966, Montgomery County, Pennsylvania.  The plaintiff, Kenneth J

Taggart in this case was served a complaint for a mortgage foreclosure by the

*1*

Certificate of Service

The undersigned certifies that on September 14, 2009, he caused a copy of

"Supplemental to Rebuttal / Counter claim against Plaintiff" to be delivered to

The Montgomery County Court of Common Pleas to be hand delivered and

served to the Court via personal service. Additionally, the undersigned certifies

that he caused a true and correct copy of the foregoing Notice to be hand

delivered and served on the following  to:

Council for Plaintiffs/GMAC Mortgage


Jamie McGinness, Esq
Phelan, Holliman & Schmieg,LLP
One Penn Center
Philadelphia, Pa 19103
215-563-7000
Council for Plaintiff/ GMAC


Kenneth J Taggart

Pro se

# COURT OF COMMON PLEAS

# MONTGOMERY COUNTY, PA

Court of Common Pleas
Civil Division

Term  #_____

Montgomery County


Kenneth J Taggart, Pro Se
45 Heron Rd
Holland, Pa 18966

Plaintiff

v.

Montgomery County

GMAC Mortgage, LLC              Jamie McGinness, Esq
1100 Virginia Dr,               Phelan, Holliman & Schmieg,LLP
P.O. Box 8300                   One Penn Center
Fort Washington, Pa 19034       Philadelphia, Pa 19103
                                215-563-7000
                                Council for Plaintiff/ GMAC

Defendant

---

**Complaint**

---

    This is a Counter Claim filed by Plaintiff in regard to the complaint for

foreclosure action on the mortgage for the property located at 521 Cowpath Rd;

Telford, Pa .18966, Montgomery County, Pennsylvania.  The plaintiff, Kenneth J

Taggart in this case was served a complaint for a mortgage foreclosure by the

*/*

Bucks County Sheriff on August 24, 2009. The plaintiff in this action, Kenneth J

Taggart, is filing action against GMAC Mortgage LLC, and any does to be

disclosed, LLC for violations of several laws in the servicing and origination of

the loan in question on the subject property.

## JURISDICTION & VENUE

1) Jurisdiction and Venue is conferred as the property is located in

Montgomery County and all transactions took place in Montgomery County and

Bucks County, State of Pennsylvania.

2) Plaintiff relies on Federal Statues and Pennsylvania State law

on which to base his claims ; The Real Estate Settlement & Procedures Act,

& The Consumer Protection Credit Act. 15 U.S.C. 1601, The Federal Truth In

Lending Act & Regulation "Z", The Fair Credit Reporting Act, The Fair Debt

Collection Practices Act, - Pennsylvania State Law, The Pennsylvania Unfair

Trade, Practices and Consumer Protection.

Act 15 U.S.C. 1601, 12 U.S.C.A. 2601, 12 U.S.C.A. 2603, 12 U.S.C.A. 2604,

12 U.S.C.A. 2607, 12 U.S.C.A. 2610., 12 U.S.C.A. 2603, 24 CFR 3500.14,

24 CFR 3500.6, 24 CFR 3500.7, CFR 3500.10, 12 CFR 226.20,

12 CFR 226.19(b), 12 CFR226.18, 12 CFR 226.18(g), 12 CFR 226.18(h),

12 CFR 226.31(c), 12 CFR 226.32(c), 15 U.S.C.1639(a), 15 U.S.C.1639(b),

15 USC 1681, 12 USC 2605, 15 USC 1601, 1692, 1692-1622p.

UTPCPL 73 PS. 201-1 73 P.S.   201-9.2

## PRELIMINARY ALLEGATIONS

3)  At all times relevant herein,  Plaintiff, Kenneth J Taggart, is the owner of a residential property whose address is ; 521 Cowpath Rd, Telford, Pa 18969

4) At times relevant herein, Plaintiff is informed and believe that the defendants, GMAC Mortgage, LLC is a Limited Liability Company, Corporations or Limited Liability Partnership doing business in Montgomery County, State of Pennsylvania.

5) At all times relevant herein, Plaintiff is informed and believes and thereon alleges that the true names, and identities and capacities, whether individual corporation, association, partnership or otherwise are at this time unknown to Plaintiff who therefore sues said Defendant by such fictitious names and will so amend complaint to show the true names and capacities of such Doe Defendant(s) when the same are ascertained.

6) At all times relevant herin, Defendants are sued and were acting as principal employer, and or agent, servant and employee of the said principal(s) or employee(s), and all of the acts performed by them, or their agents, servants And employees, were performed with the knowledge and under the control of Said principal(s) or employer(s) and all such acts performed by such agents, servants and/or employers, were performed within the course and scope of their authority.

7) Defendant shall  identify who or what companies are " The Servicer ",

3

which companies are the actual "Mortgage Company" , "The Investor(s) and

all parties who have an interest in any way to the subject loan". Defendant

Shall identify and amend the complaint to show them as defendants and either

accept service for the defendants or allow the plaintiff time to amend and serve

Additional defendants.

## Procedural History & Statement of Facts

**8)** About May or June 2008, plaintiff contacted a mortgage

company, Eagle Nationwide Mortgage Company to refinance a

property located at 521 Cowpath Rd, Telford, Pa 18969. Eagle

Nationwide Mortgage Company indicated that they would broker the

loan to LBA  Financial Group. Inc. LBA Financial Group, LLC then

Provided disclosures and terms of the loan and the loan closed on

July 11,2008.

9)The loan was quickly sold to GMAC Mortgage within a

few weeks to 30 days. GMAC Mortgage, LLC has owned the loan

And GMAC Mortgage or it's affiliated company d/b/a GMAC

Mortgage has serviced the loan since it was purchased from LBA

Financial Group, LLC to the best of plaintiffs knowledge.

## Additional Statement of Facts & Recent Disputes

10)There have been several issues recently that have been in dispute

4

with defendant, GMAC Mortgage.

11) On January 11,2009 GMAC Mortgage sent a notification letter to plaintiff that indicating that there is no insurance on the property and that forced insurance coverage was being charged to the account. GMAC Mortgage, defendant obtained insurance with a premium amount of $7,261 per year charged the escrow account.

12) This was an illegal and breach of contract by defendant; Defendant is the one who received the invoice and paid for the 1 year insurance policies on 8/1/08 and 9/1/09. Insurance information was also provided again in November 2008 and faxed again in January 2009 by defendant; They failed to document this. This was an absorbitnt amount of money for Insurance that was already paid for by GMAC out of plaintiff's escrow account that was not needed. To date, plaintiff has not received full audit of the escrow account showing a full credit for this, even though it was disputed several times and no response on the last request from June 29,2009.

13) On February 9, 2009 GMAC completed an escrow analysis (see attached) and would not remove forced insurance, even after providing it again; the escrow letter stated that, "even if the shortage is paid in full, payment would be, $6,007 even though defendants taxes and insurance were relatively the same or only a marginal difference . How did payment go up over $400 a month even if paid in full. This is ambiguous and conflicting. This was never disclosed in Truth-In-Lending documents.

14) Kenneth J Taggart then sent a qualified written request dated

5

April 24,2009 to GMAC Mortgage stating that the escrow portion of the payment

was in dispute. Kenneth J Taggart attempted to pay on-line the amount not in

dispute of $5,401.26 but the computer would not accept the payment or anything

GMAC Mortgage considered less than full payment; This is in violation of

"RESPA - Section 6" of loan servicing. I also failed to receive acknowledgement

Of my qualified written request within 20 days as required by RESPA Sec 6.

Defendant also failed to provide the name, phone number and extension of a

person who can resolve the problem.

15) On May 12,2009 GMAC Mortgage completed another escrow analysis

and concluded that the monthly payment was now only going to increase by

$209.00 month ($2,508.00 Yr), however insurance and taxes were close to the

same amount as the prior year or only a marginal increase. The letter returned

To plaintiff also stated the wrong address as plaintiff's address had changed as

GMAC had not  honored the request to change plaintiff's address. GMAC failed

to update plaintiff's address change from the April 20,2009 letter requesting

address change. I did not receive the May 12,2009 escrow analysis until the

beginning of June 2009. Again, GMAC Mortgage refused to accept any

payments except what they deemed to be the right payment. Furthermore, they

kept charging plaintiff late fees and inspection fees while in dispute in violation of

RESPA -Sec 6. They refused to remove any late fees or inspection fees charged

while in dispute and would not lower escrow payment or provide valid reason or

proof for increase.

16) On May 28,2009 Kenneth J Taggart made a 2nd request for address

change. On June 9,2009 GMAC finally acknowledged address change by providing letter to Kenneth J Taggart.

17) On June 2,2009 GMAC sent a foreclosure notice to the wrong address and demanded payment in full with inspection fees and late fees charged while in dispute. I made another attempt via the phone to speck to someone who could remove illegally charged late fees and inspection fees from the account and I would pay all payments that were due even though I was still disputing the $209.00 month increase. They told me on the phone they could not do this.

18) On June 29,2009 I had sent another qualified written request Indicating the escrow calculation was incorrect. GMAC never responded with a 20 day notification or acknowledgement of request. I offered again in July 2009 to pay all payments up to date minus the late fees and inspection fees (while still in dispute) and they indicated there were now court costs or attorney fees added as well as late fees and inspections fees. GMAC indicated that they would only accept payment in full, including all costs they deemed appropriate, or offer a possible modification. I called customer service in the beginning of August 2009 and customer service was going to contact supervisor or management and told me to call back. When I called back, they could not do anything except as previously stated and then told me to call their attorney as it was in their hands.

Defendant failed again to provide the name, phone number and extension of a person who can resolve the issue.

19) When I contacted the attorney and mentioned that GMAC was considering crediting inspection fees and late fees, they told me to call GMAC

7

Mortgage. It went around and around from there until Kenneth J Taggart was
served a Complaint for mortgge foreclosure on August 24,2009.

20) I then retrieved and reviewed original mortgage documents and
disclosures. The escrow agreement disclosure indicates that the escrow
Payments per month shall be $1,231.84. Less than one year later the payment
Increased by $209 mth; this was not disclosed in Truth-In-Lending documents
(Taxes & insurance are relatively the same). It is apparent that this was not
disclosed prior to or at settlement. Furthermore servicing of the loan was not
disclosed properly in the mortgage servicing statement provided at settlement. It
states that "We are able to service your loan" and We are not able to service
your loan". It also does not disclose the "assign,sell or transfer disclosure
properly on page #2.

21) It has also become apparent that the defendant provided two different
Truth-In-Lending disclosures one on 7/10/08 with an APR or 7.091% and
another on 7/14/08 with an APR of 7.092%.

22) The original Mortgage company. LBA Financial Group, LLC did not
extend rescission on 7/14/08 disclosure provided after closing, but before
disbursement. Disbursement was on 7/16/08 without giving Kenneth J Taggart a
three day rescission period. This is a Truth-In Lending/RESPA violation.

23) The loan fees and escrow page also appear to have fees that were
not disclosed prior to settlement. These are TILA & RESPA violations.

24) During the dispute process GMAC Mortgage violated SEC 6 of

8

RESPA, "The Real Estate Settlement and Procedures Act", by not protecting the

credit rating of Kenneth J Taggart while in dispute and charging inspection fees

while in dispute. GMAC also failed to provide the name and phone number of

someone who can help resolve my problem on several occasions. They also

violated the "Fair Debt Collection Practices Act "(FDCP) and "The Fair Credit

Reporting Act" (FCRA). It has become apparent that RESPA was willfully

violated on several occasions. There are also violations of Sate law, The

Pennsylvania Unfair Trade Practice and Consumer Protection Act (UTPCPL).

25) GMAC has disregarded the law and has made no attempt to

resolve this and has shown no regard for consumer whatsoever.

26) Kenneth J Taggart requests that an injunction be issued against

GMAC Mortgage to refrain from reporting and late payments, derogatory

information or foreclosure information to the credit bureaus or any other party

that would have need to use the payment history. This is currently causing

"Defamation of Character" against Kenneth J Taggart.

27) In providing evidence of Truth-In-Lending & RESPA origination laws

as well as RESPA Sec 6 servicing laws, Fair Debt Collection Practices and The

Fair Credit Reporting Act. Kenneth J Taggart would like to motion to the court to

Quiet title "dismiss all charges with prejudice" against Kenneth J Taggart. GMAC

Mortgage filed an illegal foreclosure and should be dismissed.

28) Kenneth J Taggart would like to motion for the loan to be rescinded

under violations of The Truth-In-Lending Act as well as the Real Estate

9

Settlement and Procedures Act.

29) If the motion is not granted for any reason, a stay is requested for the foreclosure action on 521 Cowpath Rd; Telford, Pa 18969. The stay is requested until all litigation is been exhausted.

30) GMAC's foreclosure complaint should be "dismissed with prejudice" for lack of subject matter. GMAC refused to resolve simple escrow and payment issues. Furthermore, Truth-In-Lending and RESPA violations have also become Apparent and loan should be rescinded.

## FIRST CLAIM FOR RELIEF

COMES NOW PLAINTIFF and for the separate and distinct CLAIM FOR RELEIF for Intentional Misrepresentation against Defendants, allege as follows:

31) Plaintiff repeats and repleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

32) Defendant(s) charged undisclosed fees to Plaintiff. Defendant(s) charged Plaintiff unearned fees at closing without prior disclosure.

33) Defendant(s) violated " The Real Estate Settlement and Procedures Act" by not disclosing all fees and charges prior to settlement. RESPA 24 CFR 3500.14, 12 U.S.C. 2607

34) Defendant(s), and each of them, committed the acts herin alleged

$$10$$

maliciously, fraudulently, and oppresively, with reckless disregard of Plaintiff''s

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a dispicable, deliberate, cold, callous and intentional mannor

thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

35) Plaintiff is informed and believes that as a further result of

Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to

be proven at trial.

36)    Plaintiff is informed and believes and thereon alleges that as a

result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## SECOND CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR
RELIEF for Intentional Misrepresentation against Defendants, allege as
follows:

37) Plaintiff repeats and repleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein

38) Defendant(s) failed to provide all mortgage documents and

HUD 1 statement at least  24 hours prior to settlement.

39) Defendant(s) violated the " Real Estate Settlement and Procedures

Act"  RESPA 3500.10, 12 U.S.C. 2603

40).    Defendant(s), and each of them, committed the acts herin alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a despicable , deliberate, cold, callous and intentional manor

thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

41) Plaintiff is informed and believes that as a further result of

Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to

be proven at trial.

42)    Plaintiff is informed and believes and thereon alleges that as a

result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


## THIRD CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Defendants, allege as

follows:

43) Plaintiff repeats and repleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

44) Defendant(s) failed to provide all disclosures 3 days after application.

24 CFR 3500.7

45)    Defendant(s), and each of them, committed the acts herin alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's

12

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a despicable , deliberate, cold, callous and intentional manor

thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

46) Plaintiff is informed and believes that as a further result of

Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to

be proven at trial.

47) Plaintiff is informed and believes and thereon alleges that as a result

of the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## FOURTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR
RELIEF for Intentional Misrepresentation against Defendants, allege as
follows

48) Plaintiff repeats and repleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

49) Defendant(s) failed to disclose the payment schedule per

"Regulation Z "  12 C.R.F. 226.18(g) Creditors must disclose the number,

amounts, and timing of payments scheduled to repay the obligation.

50) Defendant(s), and each of them, committed the acts herin alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a despicable , deliberate, cold, callous and intentional man

13

or thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

51) Plaintiff is informed and believes that as a further result of

Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to

be proven at trial.

52) Plaintiff is informed and believes and thereon alleges that as a

result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


## FIFTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Defendants, allege as

follows

53) Plaintiff repeats and repleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

54)     Defendant(s) failed to disclose the total payments, using that term, and

a descriptive explanation such as " The amount you will have paid when you

have made all scheduled payments". 12 C.F.R. 226.18(h). The total payments
I
& the sum of the payments disclosed 12 C. F. R. 226.18(g).

55) Defendant(s), and each of them, committed the acts herin alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff"s

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a despicable , deliberate, cold, callous and intentional man

or thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

56) Plaintiff is informed and believes that as a further result of

Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to

be proven at trial.

57) Plaintiff is informed and believes and thereon alleges that as a

result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


## SIXTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Defendants, allege as

follows

58) Plaintiff repeats and repleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

59) Defendant failed to provide proper disclosures under the " Home

Owners equity Protection Act" (HOEPA). The defendant(s) failed to deliver

to the consumer special HOEPA disclosure notice at least three days prior

to closing of the loan. 15 U.S.C. 1639(b); 12 C.F.R. 226.31 (c)

15

60) Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable , deliberate, cold, callous and intentional man or thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

61) Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

62) Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SEVENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

63) Plaintiff repeats and repleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

64)  Defendant failed to provide proper disclosures under the " Home Owners equity Protection Act" (HOEPA). The defendant(s) failed to provide notice that " The consumer need not enter into the loan, and if he does enter

16

the loan, he could loose his home and any money as put in it."

15 U.S.C. 1639(a); 12 C.F.R. 226.32(c)

65) Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable , deliberate, cold, callous and intentional man or thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

66) Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

67) Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# EIGHTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Defendants, allege as follows

68) Plaintiff repeats and repleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

69)  Defendant(s) failed to provide to Plaintiff HOEPA notices that include: an accurate statement of APR, monthly payments, and a maximum payment amount on variable rate loans. 15 U.S.C. 1639 (a)(2); 12 C.F.R. 226.32(c)(2)-(4)

Defendants failed to provide HOEPA disclosure to Plaintiff that must state the total amount borrowed. 12 C.F.R. 226.32(c)(3)-2.

70) Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable , deliberate, cold, callous and intentional man or thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

71) Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

72) Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## NINTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Defendants, allege as follows

73) Plaintiff repeats and repleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

74) Defendant failed to disclose the loan term(s) throughout the loan when the rate or payment amount is changed. 12 C.F.R. 226.20

75) Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff"s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable , deliberate, cold, callous and intentional man or thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

76) Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

77) Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

19

RELIEF for Intentional Misrepresentation against Defendants, allege as follows

78) Plaintiff repeats and repleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

79 Defendant failed to provide proper disclosures under the " Home Owners equity Protection Act" (HOEPA). The defendant(s) failed to deliver to the consumer special HOEPA disclosure notice at least three days prior to closing of the loan. 15 U.S.C. 1639(b); 12 C.F.R. 226.31 (c)

80) Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff"s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable , deliberate, cold, callous and intentional man or thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

81) Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

82) Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## ELEVENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

20

RELIEF for Intentional Misrepresentation against Defendants, allege as follows

83) Plaintiff repeats and repleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

84) Defendant failed to provide and disclose all terms of the loan at the time of mortgage application in violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2.

85) Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable , deliberate, cold, callous and intentional man or thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

86) Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

87) Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWELTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

21

RELIEF for Intentional Misrepresentation against Defendants, allege as

follows

88) Plaintiff repeats and repleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

89) Defendant failed to provide and disclose all fees and cost of the loan

at the time of mortgage application in violation of "The Pennsylvania Unfair

Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,

73 P.S. 201-9.2.

90) Defendant(s), and each of them, committed the acts herin alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a despicable , deliberate, cold, callous and intentional man

or thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

91) Plaintiff is informed and believes that as a further result of

Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to

be proven at trial.

92) Plaintiff is informed and believes and thereon alleges that as a

result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## THIRTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

22

RELIEF for Intentional Misrepresentation against Defendants, allege as follows

93) Plaintiff repeats and repleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

94) Defendant failed to provide and disclosures all fees and cost of the loan at least 3 days prior to closing of the loan.  "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2.

95) Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff''s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable , deliberate, cold, callous and intentional man or thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

96) Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

97) Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## FOURTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

23

RELIEF for Intentional Misrepresentation against Defendants, allege as follows

98) Plaintiff repeats and repleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

99) Defendant failed to provide closing documents and Hud 1 statement at least 24 hours prior to closing of the loan. "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2.

100) Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff''s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable , deliberate, cold, callous and intentional man or thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

101) Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

102) Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## FIFTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Defendants, allege as
follows

103) Plaintiff repeats and repleads paragraphs 1 through 30 and
incorporates the allegations by reference as though fully set-forth herein.

104)    Defendant(s) failed to disclose the payment schedule per
"Creditors must disclose the number, amounts, and timing of payments
scheduled to repay the obligation. "The Pennsylvania Unfair Trade Practices
and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

105) Defendant(s), and each of them, committed the acts herin alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff''s
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable , deliberate, cold, callous and intentional man
or thereby entitling Plaintiff to recover punitive damages from the Defendant in
an amount according to proof.

106) Plaintiff is informed and believes that as a further result of
Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to
be proven at trial.

107) Plaintiff is informed and believes and thereon alleges that as a
result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe
emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## SIXTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

25

RELIEF for Intentional Misrepresentation against Defendants, allege as

follows

108) Plaintiff repeats and repleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

109)    Defendant(s) failed to disclose the total payments, using that term, and

a descriptive explanation such as " The amount you will have paid when you

have made all scheduled payments.  "The Pennsylvania Unfair Trade Practices

and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

110) Defendant(s), and each of them, committed the acts herin alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a despicable , deliberate, cold, callous and intentional man

or thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

111) Plaintiff is informed and believes that as a further result of

Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to

be proven at trial.

112) Plaintiff is informed and believes and thereon alleges that as a

result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## SEVENTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Defendants, allege as

follows

113) Plaintiff repeats and repleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

114)    Defendant failed to provide proper disclosures under the " Home

Owners equity Protection Act" (HOEPA). The defendant(s) failed to deliver

to the consumer special HOEPA disclosure notice at least three days prior

to closing of the loan. . "The Pennsylvania Unfair Trade Practices

and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

115) Defendant(s), and each of them, committed the acts herin alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff"s

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a despicable , deliberate, cold, callous and intentional man

or thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

116) Plaintiff is informed and believes that as a further result of

Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to

be proven at trial.

117) Plaintiff is informed and believes and thereon alleges that as a

result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## EIGHTEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

27

RELIEF for Intentional Misrepresentation against Defendants, allege as follows

118) Plaintiff repeats and repleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

119)   Defendant failed to provide proper disclosures under the " Home Owners equity Protection Act" (HOEPA). The defendant(s) failed to provide notice that " The consumer need not enter into the loan, and if he does enter the loan, he could loose his home and any money as put in it." "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2

120) Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff"s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable , deliberate, cold, callous and intentional man or thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof.

121) Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

122) Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# NINETEENTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Defendants, allege as

follows

      123) Plaintiff repeats and repleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

      124)    Defendant failed to disclose the loan term(s) throughout the loan

when the rate or payment amount is changed "The Pennsylvania Unfair Trade

Practices and Consumer protection Law"  ("UTPCPL"), 73 P.S. 201-1,73

P.S. 201-9.2.

      125) Defendant(s), and each of them, committed the acts herin alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a despicable , deliberate, cold, callous and intentional man

or thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

      126) Plaintiff is informed and believes that as a further result of

Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to

be proven at trial.

      127) Plaintiff is informed and believes and thereon alleges that as a

result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe
emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

29

## TWENTIETH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Defendants, allege as

follows

128) Plaintiff repeats and repleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

129)    Plantiff disputed the payment history, payments credited as well

as payment amount several times and defendant failed to follow the

procedure under " The Fair Credit Reporting Act".

130)  Defendant(s) failed to report to the Credit Bureaus that the loan was

in dispute, failed to make a consumer report disclosure, reported inaccurate

information to the credit bureaus, and damaged the character of the plaintiff.

131)    4/09, 5/09,6/09,7/09,8/09 & 9/09  Defendant(s) failed

to report the account as "In Dispute" with the credit Bureaus.

132).    4/09, 5/09,6/09,7/09,8/09 & 9/09  refused to credit payments as
required.

133).    4/09, 5/09,6/09,7/09,8/09 & 9/09   reported inaccurate and

Derogatory information while in dispute in violation of "The Fair Credit Reporting

Act". 15 U.S.C. 1681

134) Defendant(s), and each of them, committed the acts herin alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a despicable , deliberate, cold, callous and intentional man

or thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

135) Plaintiff is informed and believes that as a further result of
Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to
be proven at trial.

136) Plaintiff is informed and believes and thereon alleges that as a
result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe
emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


## TWENTY FIRST CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR
RELIEF for Intentional Misrepresentation against Defendants, allege as
follows

137) Plaintiff repeats and repleads paragraphs 1 through 30 and
incorporates the allegations by reference as though fully set-forth herein.

138)   Plantiff disputed the payment history, payments credited, as well
as payment amount several times and defendant failed to follow the
procedure under " Real Estate Settlement and Procedures Act".

Defendant(s) failed to report to the Credit Bureaus that the loan was in
dispute, failed to make a consumer report disclosure, reported inaccurate
information to the credit bureaus, and damaged the character of the
plaintiff.

139)   4/24/09 & 6/29/09 in writing as well as several times via the phone

defendant(s) failed to provide the name, person, and phone number who can resolve the dispute.  Refused and failed to credit payments as required.

140)    reported inaccurate and derogatory information while in dispute in violation of Section six of "The Real Estate Settlement and Procedures Act". 12 U.S.C. 2605.  Defendant(s) failed  to protect the credit rating of the Plaintiff during the 60 day protection period while in dispute

4/09, 5/09,6/09,7/09,8/09 & 9/09 .

141) Defendant(s), and each of them, committed the acts herin alleged maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff"s rights. Conduct by the Defendants, and each of them, amounted to malice and was carried out in a despicable , deliberate, cold, callous and intentional man or thereby entitling Plaintiff to recover punitive damages from the Defendant in an amount according to proof

142) Plaintiff is informed and believes that as a further result of Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to be proven at trial.

143) Plaintiff is informed and believes and thereon alleges that as a result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS

## TWENTY SECOND CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Defendants, allege as

follows

144) Plaintiff repeats and repleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

145)    Plantiff disputed the payment history, payments credited as well

as payment amount several times and defendant failed to follow the

procedure under " Fair Debt Collections Practices  Act".Defendant(s) failed to

report to the Credit Bureaus that the loan was in dispute, failed to make a

consumer report disclosure, reported inaccurate information to the credit

bureaus, and damaged the character of the plaintiff.

146).    Defendant(s) failed on 4/09, 5/09,6/09,7/09,8/09 & 9/09

to report to credit bureaus "As Disputed". Section 807(f) 15 U.S.C. 1601,

15 U.S.C. 1692 ,1692-1622p

147).   Defendant on  failed to credit Plaintiff's payments

as required on 4/09, 5/09,6/09,7/09,8/09 & 9/09.

148).   4/09, 5/09,6/09,7/09,8/09 & 9/09 . reported inaccurate and

derogatory information while in dispute in violation of  "The Fair Debt Collection

Practices Act" Sec 809(b)Defendant(s) failed  to protect the credit rating of the

Plaintiff without validating debt and while in dispute .15 U.S.C. 1601, 15 U.S.C.

1692 1692-1622p

149) Defendant(s) continued collection activity and reported

Misinformation to credit bureaus even when debt was not validated. "Fair Debt

Collection Practices Act"809(b).

150) Defendant(s), and each of them, committed the acts herin alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a despicable , deliberate, cold, callous and intentional man

or thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof

151) Plaintiff is informed and believes that as a further result of

Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to

be proven at trial.

152) Plaintiff is informed and believes and thereon alleges that as a

result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


## TWENTY THIRD CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Defendants, allege as

follows

153) Plaintiff repeats and repleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

154)    Plaintiff is the owner in fee of title to property commonly known as:

34

521 Cowpath Rd.  Defendant(s) claim and assert interest in the above described
real property which are adverse to plaintiff. The claims of defendants are based
on the deeds of trust.

155)    The deeds of trust are invalid and void as to Plaintiff's property
because Plaintiff is entitled to offsets against the promissory notes that
are secured by deeds of trust, and these offsets are greater in amount
than the sum that would otherwise be due under the promissory notes,
and/or Plaintiff is Defendant(s) claim to entitled to rescission of the
promissory notes and deeds of trust such that Defendant's claim to the
property is released.

156).   Plaintiff seeks to Quiet Title  as of the date this complaint is filed.

157) Defendant(s), and each of them, committed the acts herin alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable , deliberate, cold, callous and intentional man
or thereby entitling Plaintiff to recover punitive damages from the Defendant in
an amount according to proof.

158) Defendant(s), and each of them, committed the acts herin alleged
maliciously, fraudulently, and oppressively, with reckless disregard of Plaintiff's
rights. Conduct by the Defendants, and each of them, amounted to malice and
was carried out in a despicable , deliberate, cold, callous and intentional man
or thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof

159) Plaintiff is informed and believes that as a further result of
Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to
be proven at trial.

160) Plaintiff is informed and believes and thereon alleges that as a
result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe
emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## TWENTY FOURTH CLAIM FOR RELIEF

COMES NOW PLANTIFF and for the separate and distinct CLAIM FOR
RELIEF for Intentional Misrepresentation against Defendants, allege as
follows

161) Plaintiff repeats and repleads paragraphs 1 through 30 and
incorporates the allegations by reference as though fully set-forth herein.

162) Plaintiff is the owner in fee of title to property commonly known as:
521 Cowpath Rd, Telford, Pa 18966. Defendant(s) contends that that a
breach of obligation secured by the deed of trust has occurred in that
contends that he is able to retain possessory rights to the property based
on the willful intentions to mislead, neglect, lack of material disclosure,
as well as other violations of the law throughout the loan application process

and servicing.

163) Defendant(s), and each of them, committed the acts herin alleged

maliciously, fraudulently, and oppressively, with reckless disregard of plaintiff's

rights. Conduct by the Defendants, and each of them, amounted to malice and

was carried out in a despicable , deliberate, cold, callous and intentional man

or thereby entitling Plaintiff to recover punitive damages from the Defendant in

an amount according to proof.

164) Plaintiff is informed and believes that as a further result of

Defendant(s) conduct, Plaintiff has suffered economic damages in the amount to

be proven at trial.

165) Plaintiff is informed and believes and thereon alleges that as a

result of the misrepresentation of the Defendant(s), Plaintiff has suffered severe

emotional distress in an amount to be proven at trial.

ALL FOR WHICH PLAINTIFF SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

ALL FOR WHICH PLAINTIFF PRAY AS FOLLOWS:


**On all Claims for Relief:**


**1. Compensatory Damages in an amount to be proven at trial;**

**2. General Damages in the amount in excess of $500,000 or to be
   proven at trial;**

**3. Punitive Damages in the amount in excess of $500,000 or to be
   proven at trial;**

**4. Statutory Damages in the amount to be proven at trial;**

**5. Special Damages in the amount to be proven at trial;**

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

8. Cost of suit;

9. Attorneys fees; and,

10. Such other relief as the court deems just and proper

Dated _September 14,_ 2009

Kenneth J Taggart

Plaintiff

Pro Se

38

38

April 20,2009
Kenneth Taggart
45 Heron Rd
Holland, Pa. 18966

GMAC Mortgage
P.O. Box 4622
Waterloo, IA 50704-4622

RE; Loan ~~Redacted~~ *Redacted*

521 Cowpath Rd
Telford, Pa 18969

Address Change

Dear Customer Service,

    Please change my address my mailing address and email address to:

New Address;

Kenneth J Taggart
45 Heron Rd
Holland, Pa. 18966

email address: appraisal1s@verizon.net

    Please make the following changes as soon as possible. If you have any
questions you may contact me at ~~Redacted~~ or my new mailing address.

                        *Redacted*

Thank You

Kenneth J Taggart

A1

May 28,2009
Kenneth Taggart
45 Heron Rd
Holland, Pa. 18966

GMAC Mortgage
P.O. Box 4622
Waterloo, IA 50704-4622

RE; Loan #~~~~~~~~ *Redacted*

521 Cowpath Rd
Telford, Pa 18969

Address Change

Dear Customer Service,

This is the 2nd request for mailing address change as well as email address change. Please change my mailing address to:

New Address;

Kenneth J Taggart
45 Heron Rd
Holland, Pa. 18966

email address: appraisal1s@verizon.net

Please make the following changes as soon as possible. If you have any questions you may contact me at ~~~~~~~~ or my new mailing address.
*Redacted*

Thank You

Kenneth J Taggart

A2

```
      FEASTERVILLE-TREVOSE BRANCH
      FEASTERVILLE, Pennsylvania
              190539997
           4165410247 -0096
05/28/2009    (800)275-8777    12:26:12 PM

            Sales Receipt
Product          Sale Unit     Final
Description       Qty Price     Price

WATERLOO IA 50704              $4.95
Zone-5 Priority Mail
  0.90 oz.
Delivery Confirmation         $0.70
Label #:       03082040000022416576
                              ========
Issue PVI:                    $5.65


Total:                        $5.65

Paid by:
Cash                         $10.00
Change Due:                  -$4.35

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clickship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000403387532
Clerk: 36

   All sales final on stamps and postage
   Refunds for guaranteed services only
      Thank you for your business
**********:***************************
**********:***************************
       HELP US SERVE YOU BETTER

   Go to: http://gx.gallup.com/pos

   TELL US ABOUT YOUR RECENT
        POSTAL EXPERIENCE

      YOUR OPINION COUNTS
***:**********************************
***:**********************************


        Customer Copy
```



**U.S. Postal Service™ Delivery Confirmation™ Receipt**

Postage and Delivery Confirmation fees must be paid before mailing.

Article Sent To: (to be completed by mailer)

_(Please Print Clearly)_

GMAE Mortgage
P ... 14622
Waterloo IA 50704-4622

DELIVERY CONFIRMATION NUMBER:
2040 0000 2241 6576

0308

Postmark
Here
MAY 28 2009

USPS

POSTAL CUSTOMER:
Keep this receipt. For inquiries:
Access internet web site at
www.usps.com ®
or call 1-800-222-1811

CHECK ONE (POSTAL USE ONLY)
☒ Priority Mail™ Service
☐ First-Class Mail® parcel
☐ Package Services parcel
(See Reverse)

PS Form 152, May 2002

A 3

# ITEMIZATION OF AMOUNT FINANCED

Creditor:
LBA FINANCIAL GROUP, LLC
1681 KENNETH ROAD
YORK, PA  17408

Borrower(s):
KENNETH TAGGART

Property Address:
521 Cowpath road
Telford, PA  18969

Mailing Address:
521 Cowpath road
Telford, PA  18969

Loan Number: ~~Redacted~~  *Redacted*

Sales Price: $ N/A

Preparation Date: July 11, 2008

Loan Amount: $ 659,648.00

THIS FORM DOES NOT COVER ALL ITEMS YOU WILL BE REQUIRED TO PAY IN CASH AT SETTLEMENT.
FOR EXAMPLE, DEPOSIT IN ESCROW FOR REAL ESTATE TAXES AND INSURANCE.  YOU MAY WISH TO
INQUIRE AS TO THE AMOUNTS OF SUCH OTHER ITEMS.  YOU MAY BE REQUIRED TO PAY OTHER
ADDITIONAL AMOUNTS AT SETTLEMENT.

| | Service/Provider | Estimated Charges | |
|---|---|---|---|
| Amount Given to You Directly | | | 626,374.68 |
| Amount Paid on Your Account | | | 1,924.80 |
| 1001 Hazard Insurance Reserves | | 283.34 | |
| 1004 County Property Taxes Reserves | | 643.98 | |
| 1005 Annual Assessments Reserves | | 1,426.84 | |
| 1099 Aggregate Accounting Adjustment | | -429.36 | |
| Amount Paid to Others on Your Behalf | | | 3,887.88 |
| 0803 Appraisal Fee Paid To norm Rader | | 600.00 | |
| 1106 incoming wire fee Paid To SUBURBAN ABSTRACT AFFILIATES | | 25.00 | |
| 1108 Title Insurance Paid To SUBURBAN ABSTRACT AFFILIATES | | 3,112.88 | |
| 1111 Endorsement Fee Paid To SUBURBAN ABSTRACT AFFILIATES | | 150.00 | |
| Amount Financed | | | 632,187.36 |

Itemization of Amount Financed (Multistate)
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com

Page 1 of 2

02063MU 08/04
©2004, The Compliance Source, Inc.

*Redacted*

A-4

# TRUTH IN LENDING DISCLOSURE STATEMENT
## (RESPA Transactions)

*Redacted*

CREDITOR: **LBA FINANCIAL GROUP, LLC**        Loan No.: ~~_____~~

PROPERTY: **521 Cowpath road, Telford, PA 18969**      FHA/VA Case No: ~~_____~~

| ANNUAL PERCENTAGE RATE<br><br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br><br>The dollar amount the credit will cost you. | Amount Financed<br><br>The amount of credit provided to you or on your behalf | Total of Payments<br><br>The amount you will have paid after you have made all payments as scheduled | Total Sale Price<br><br>The total cost of your purchase on credit, including your downpayment of |
|---|---|---|---|---|
| 7.092 % | $ 884,573.35 | $ 632,187.36 | $ 1,516,760.71 | $ N/A<br>$ N/A |

Your Monthly payment schedule will be:

| Number of Payments | Amount of Payments | When payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| 1: | 4,438.84 | 09/01/2008 | | | | | | |
| 1: | 4,435.72 | 09/01/2009 | | | | | | |
| 1: | 4,432.39 | 09/01/2010 | | | | | | |
| 1: | 4,428.84 | 09/01/2011 | | | | | | |
| 1: | 4,425.06 | 09/01/2012 | | | | | | |
| 299 | 4,169.42 | 09/01/2013 | | | | | | |
| 1 | 4,173.93 | 08/01/2038 | | | | | | |

*Changed*

*360*

*Supposed to be added up + totaled*

**Construction Loan:** ☐ If checked, this loan provides for interest-only payments during the construction period. Beginning you will make periodic interest-only payments during the construction period, followed by payments of principal and interest as scheduled above

**Variable Rate:** ☐ If checked, this loan contains a variable rate feature. ☐ Disclosures about the variable rate feature were provided to you earlier ☐ Disclosures about the variable rate feature are provided in the attached Variable Rate Disclosure Addendum.

**Assumption:** Someone buying your property ☐ cannot, unless otherwise provided by federal law, ☒ may, subject to conditions, be allowed to assume the remainder of the loan on the original terms.

**Security:** You are giving a security interest in: 521 Cowpath road, Telford, PA 18969
☐ the property being purchased ☒ your property.

**Late Charge:** If a payment is not received by the end of 15 days after the date it is due, you will be charged 4.000% of the overdue ☒ payment ☐ payment of principal and interest (or interest if your payment consists only of interest), but not less than U.S. $N/A and not more than U.S. $N/A.

**Prepayment:** If you pay this loan early you ☐ may ☒ will not have to pay a penalty ☒ If you pay off an FHA insured loan, on a date other than the regular installment date, you may be assessed interest charges until the end of the month. You ☒ may be or ☐ will not be entitled to a refund of part of the finance charge.

**Deposit:** ☐ If checked, the annual percentage rate does not take into account your required deposit.

**Demand:** ☐ If checked, this loan has a demand feature

See your contract documents for any additional information about non-payment, default, any required payment in full before the scheduled date, and any prepayment refunds.

*DATE 7/14/08*



*Redacted*



*A5*





# TRUTH IN LENDING DISCLOSURE STATEMENT
## (RESPA Transactions)

*Redacted*

CREDITOR: **LBA FINANCIAL GROUP, LLC**                                    Loan No.: ~~████~~
PROPERTY: **521 Cowpath road, Telford, PA 18969**                         FHA/VA Case No.: ~~████~~

| ANNUAL PERCENTAGE RATE | FINANCE CHARGE | Amount Financed | Total of Payments | Total Sale Price |
|---|---|---|---|---|
| The cost of your credit as a yearly rate. | The dollar amount the credit will cost you. | The amount of credit provided to you or on your behalf. | The amount you will have paid after you have made all payments as scheduled. | The total cost of your purchase on credit, including your downpayment of $ N/A |
| **7.091 %** | **$ 884,493.35** | **$ 632,267.36** | **$ 1,516,760.71** | **$ N/A** |

Your Monthly payment schedule will be:

| Number of Payments | Amount of Payments | When payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due | Number of Payments | Amount of Payments | When Payments Are Due |
|---|---|---|---|---|---|---|---|---|
| 12 | 4,438.84 | 09/01/2008 | | | | | | |
| 12 | 4,435.72 | 09/01/2009 | | | | | | |
| 12 | 4,432.39 | 09/01/2010 | | | | | | |
| 12 | 4,428.84 | 09/01/2011 | | | | | | |
| 12 | 4,425.06 | 09/01/2012 | | | | | | |
| 299 | 4,169.42 | 09/01/2013 | | | | | | |
| 1 | 4,173.93 | 08/01/2038 | | | | | | |

*(handwritten: Dcharged)*

*(handwritten: $632... supposed to be added up + totaled)*

**Construction Loan:** ☐ If checked, this loan provides for interest-only payments during the construction period. Beginning you will make periodic interest-only payments during the construction period, followed by payments of principal and interest as scheduled above.

**Variable Rate:** ☐ If checked, this loan contains a variable rate feature. ☐ Disclosures about the variable rate feature were provided to you earlier. ☐ Disclosures about the variable rate feature are provided in the attached Variable Rate Disclosure Addendum.

**Assumption:** Someone buying your property ☐ cannot, unless otherwise provided by federal law, ☒ may, subject to conditions, be allowed to assume the remainder of the loan on the original terms.

**Security:** You are giving a security interest in: 521 Cowpath road, Telford, PA 18969
☐ the property being purchased ☒ your property.

**Late Charge:** If a payment is not received by the end of 15 days after the date it is due, you will be charged **4.000%** of the overdue ☒ payment ☐ payment of principal and interest (or interest if your payment consists only of interest), but not less than U.S. $N/A and not more than U.S. $N/A.

**Prepayment:** If you pay this loan early you ☐ may ☒ will not have to pay a penalty. ☒ If you pay off an FHA insured loan, on a date other than the regular installment date, you may be assessed interest charges until the end of the month. You ☒ may be or ☐ will not be entitled to a refund of part of the finance charge.

**Deposit:** ☐ If checked, the annual percentage rate does not take into account your required deposit.

**Demand:** ☐ If checked, this loan has a demand feature

See your contract documents for any additional information about non-payment, default, any required payment in full before the scheduled date, and any prepayment refunds.

*(handwritten: DATE 7/10/08)*



*Redacted* ~~████~~



A6

June 29,2009
Kenneth Taggart
45 Heron Rd
Holland, Pa 18966


GMAC Mortgage
P.O. Box 4622
Waterloo, IA. 50704-4622

RE; Loan : ~~████████~~ *Redacted*


521 Cowpath Rd
Telford, Pa 18969


    I am redisputing the amount of the monthly payment as appears to be
high for the escrow portion of the loan. I payment indicated is too high for escrow.
Please complete analysis of the escrow account and payment and send me
complete information on the loan.


Kenneth J Taggart

A7





```
        FEASTERVILLE-TREVOSE BRANCH
        FEASTERVILLE, Pennsylvania
                190539997
             4165410247 -0098
06/29/2009    (800)275-8777      03:34:58 PM

              ===== Sales Receipt =====
Product            Sale  Unit       Final
Description         Qty  Price      Price

WATERLOO IA 50704                  $17.50
Zone-5 Express Mail
PO-Add Flat Rate
1.60 oz.
Label #:        EH881797709US
Next Day 3PM   / Normal Delivery
Signature Requested
                                 ========
Issue PVI:                        $17.50


Total:                            $17.50

Paid by:
Cash                              $18.00
Change Due:                       -$0.50

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000202860465
Clerk: 30

 All sales final on stamps and postage
  Refunds for guaranteed services only
        Thank you for your business
*****************************************
*****************************************
        HELP US SERVE YOU BETTER

     Go to: http://gx.gallup.com/pos

      TELL US ABOUT YOUR RECENT
           POSTAL EXPERIENCE

         YOUR OPINION COUNTS
*****************************************
*****************************************


             Customer Copy
```

April 24,2009
Kenneth J Taggart
45 Heron Rd
Holland, Pa. 18966

Gmac Mortgage
P.O. Box 9001719
Louisville, Ky. 40290-1719

RE: Loan # ~~Redacted~~ (subject property) 521 Cowpath Rd; Telford, Pa 18969

Dear Customer Service,

I am writing you to inquire why my payment has gone from $5401.26 to $6,669.05.
This appears to be an increase in escrow amount. It appears that all taxes and insurance
were paid and I have received no explaintion why this payment has gone up over $1,400!

I tried to make my normal payment of $5,401.26 on line, but it would not take it.
Furthermore your customer service dept sid it would not take $5401.26 as they considered
this a partial payment.

I am disputing this payment increase under Section 6 (six) of " The Real Estate
Settlement and Procedures Act". Please provide me with proff or reason why there was
and increase in payment. I will expect this to be resolved within 60 days. If you have any
questions, please call me at: ~~Redacted~~

Yours Truely,

Kenneth J Taggart

A9

| Contact Us | Log Off |

# GMAC Mortgage

Friday April 24, 2009

View Account Statement
View Account Summary
Payment Services
Update email/Banking
Online Bill Payment Demo
Frequently Asked Questions
Terms And Conditions

## Make A Payment Today

Transactions entered before 3:00 p.m. ET will be posted today. Transactions entered between 3:00 p.m. and 12:00 a.m. ET will be posted to your account the following business day. These payments will be effective dated back to the previous business day.

If you are scheduling a transaction on a non-business day, it will be posted on the next business day.

Please select the GMAC Mortgage account you wish to make a payment:

*Redacted*    View

| Account Number | Amount Due | Due Date | |
|---|---|---|---|
| 0602083957 | $6,669.09 | APR 01, 2009 | KENNETH TAGGART<br>PO BOX 411<br>TELFORD PA , 18969-0411 |

| Payment Information - Current As Of APR 22, 2009 | | | |
|---|---|---|---|
| **Due Date** | **Outstanding Late Charge** | **Payment** | **Total Amount Due** |
| APR 01, 2009 | $864.20 | $6669.09 | $7800.05 |

| Please Assist GMAC Mortgage in Applying Your Payments | |
|---|---|
| Number of Full Payments    1 | $ 6669.09 |
| Additional Principal | $ 0.00 |
| Additional Escrow | $ 0.00 |
| Late Charge | $ 0.00 |
| Other Fees | $ 0.00 |
| Total Amount to be Debited | $6669.09 |

*If you select a payment date beyond your grace period, you may incur a late charge.

| Payment Date | Payment Account | |
|---|---|---|
| 04/24/2009 | Checking | Submit |

*Redacted*



©2006 GMAC Financial. All rights reserved.

4/24/09

A-10




GMAC Mortgage Account Statement

## GMAC Mortgage

| CUSTOMER INFORMATION | PROPERTY ADDRESS |
|---|---|
| Name:  Kenneth Taggart | 521 COWPATH ROAD |
| Account Number: | TELFORD    PA 18969 |
| Home Phone #:  (267)987-3466 | |

Visit us at www.gmacmortgage.com for account information or to apply on-line.

 *Redacted*

KENNETH TAGGART
PO BOX 411
TELFORD PA 18969-0411

For information about your existing account, please call 1-800-766-4622.

For information about re-financing or obtaining a new loan, please call 1-866-690-8322

Please verify mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, and mail to address listed for inquiries on the reverse side.

| Account Information | | Detail Amount Due | |
|---|---|---|---|
| Account Number | *Redacted* | Principal and Interest | $4,169.42 |
| Current Statement Date | March 18, 2009 | Subsidy/Buydown | $0.00 |
| | | Escrow | $2,499.67 |
| Maturity Date | August 01, 2038 | Amount Past Due | $5,401.26 |
| Interest Rate | 6.50000 | Outstanding Late Charges | $864.20 |
| | | Other | $0.00 |
| Current Principal Balance* | $656,021.24 | Total Amount Due | $12,934.55 |
| Current Escrow Balance | $3,659.68 | Account Due Date | March 01, 2009 |
| Interest Paid Year-to-Date | $7,116.84 | | |
| Taxes Paid Year-to-Date | $1,280.22 | | |

**For Customer Care inquiries call: 1-800-766-4622**
**For Insurance inquiries call: 1-800-256-9962**
**For Payment Arrangements call: 1-888-714-4622**

### Account Activity Since Last Statement

| Description | Due Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Mortgage Ins Paid | 02/01/09 | 03/04/09 | $269.42 | | | $269.42 | | | |
| Payment | 02/01/09 | 02/27/09 | $5,401.26 | $612.65 | $3,556.77 | $1,231.84 | | | |
| City Tax Paid | 01/01/09 | 02/23/09 | $1,280.22 | | | $1,280.22 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week). See back for automatic payment sign-up information and other payment options.

### Important News

This is a reminder that we have not received your current payment and a late charge has been added to your account. Please contact us at 800-850-4622 to make payment arrangements.

At this time you have an outstanding late charge balance of $864.20.
Please remit this amount with your payment for a total amount due of $12,934.55.

### See Reverse Side For Important Information

## Mail This Portion With Your Payment

### Mortgage Payment Coupon

| Account Number | Due Date | Mortgage Payment | Total Amount Due | Amount Due With Late Fee if Received 15 Days AFTER Due Date | GMAC Mortgage |
|---|---|---|---|---|---|
| | 03/01/09 | $6,669.09 | $12,934.55 | $6,885.14 | |

KENNETH TAGGART

To assist GMAC Mortgage in applying your payment:

| | |
|---|---|
| Full Payment(s) | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (please specify) | $ |
| Total Amount Enclosed | $ |

Sign here to enroll in monthly ACH.
(See back for details)

4/24/09

GMAC MORTGAGE
PO BOX 9001719
LOUISVILLE KY 40290-1719





Online ePayment Services - GMAC Mortgage                                                Page 1 of 1

| Contact Us | Log Off |

# GMAC Mortgage

Friday, April 24, 2009

View Account Statement
View Account Summary
Payment Services
Update email/Banking
Online Bill Payment Demo
Frequently Asked Questions
Terms And Conditions

## Make A Payment Today

Transactions entered before 3:00 p.m. ET will be posted today. Transactions entered between 3:00 p.m.
and 12:00 a.m. ET will be posted to your account the following business day. These payments will be
effective dated back to the previous business day.

If you are scheduling a transaction on a non-business day, it will be posted on the next business day.

Please select the GMAC Mortgage account you wish to make a payment:

*Redacted*    [View]

| Account Number | Amount Due | Due Date | KENNETH TAGGART |
|---|---|---|---|
| 0602083957 | $6,669.09 | APR 01, 2009 | PO BOX 411 TELFORD PA , 18969-0411 |

| Payment Information - Current As Of APR 22, 2009 | | | |
|---|---|---|---|
| Due Date | Outstanding Late Charge | Payment | Total Amount Due |
| APR 01, 2009 | $864.20 | $6669.09 | $7800.05 |

| Please Assist GMAC Mortgage in Applying Your Payments | |
|---|---|
| Number of Full Payments    1 | $ 6669.09 |
| Additional Principal | $ 0.00 |
| Additional Escrow | $ 0.00 |
| Late Charge | $ 0.00 |
| Other Fees | $ 0.00 |
| Total Amount to be Debited | $6669.09 |

*If you select a payment date beyond your grace period, you may incur a late charge.

| Payment Date | Payment Account | |
|---|---|---|
| 04/24/2009 | Checking *Redacted* | [Submit] |

*Redacted*

©2006 GMAC Financial. All rights reserved.

4/24/09





**EXPRESS MAIL**

EH 391442644 US

UNITED STATES POSTAL SERVICE ® **Post Office To Addressee**

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code

Day of Delivery
☐ Next  ☐ 2nd  ☐ 2nd Del. Day

Date Accepted

Scheduled Date of Delivery
Month _____ Day _____

Postage
$

Return Receipt Fee
$

Mo. _____ Day _____ Year

Scheduled Time of Delivery
☒ Noon  ☐ 3 PM

COD Fee    Insurance Fee
$    $

Time Accepted
☐ AM
☐ PM

Military
☐ 2nd Day  ☐ 3rd Day

Total Postage & Fees
$

Flat Rate ☐ or Weight

Int'l Alpha Country Code

Acceptance Emp. Initials

_____ lbs. _____ ozs.

**DELIVERY (POSTAL USE ONLY)**

Delivery Attempt    Time    ☐ AM    Employee Signature
Mo. _____ Day _____          ☐ PM

Delivery Attempt    Time    ☐ AM    Employee Signature
Mo. _____ Day _____          ☐ PM

Delivery Date    Time    ☐ AM    Employee Signature
Mo. _____ Day _____          ☐ PM

**CUSTOMER USE ONLY**

PAYMENT BY ACCOUNT
Express Mail Corporate Acct. No.  ☐

Federal Agency Acct. No. or
Postal Service Acct. No.

☐ NO DELIVERY

FROM: (PLEASE PRINT)    PHONE (    )

TO: (PLEASE PRINT)    PHONE (    )

ZIP + 4 (U.S. ADDRESSES ONLY. DO NOT USE FOR FOREIGN POSTAL CODES.)

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call 1-800-222-1811

_EMS_

APR 24 2009

4/24/09

A13

```
            USPS SOUTHAMPTON
          SOUTHAMPTON, Pennsylvania
                189669998
             4144060066 -0096
04/24/2009    (800)275-8777    09:53:32 AM
```

```
              Sales Receipt
Product           Sale  Unit       Final
Description        Qty  Price       Price

LOUISVILLE KV 40290                $17.50
Zone-4 Express Mail
PO-Add Flat Rate
 1.00 oz.
 Label #:        EH391442644US
 2nd Delivery Day Noon / Normal
 Delivery
 Signature Waived
                                 ========
  Issue PVI:                      $17.50


Total:                            $17.50

Paid by:
Cash                              $20.00
Change Due:                       -$2.50
```

Order stamps at USPS.com/shop or call
1-800-Stamp24.  Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000404269036
Clerk: 09

    All sales final on stamps and postage
     Refunds for guaranteed services only
        Thank you for your business
*********************************************
*********************************************
       HELP US SERVE YOU BETTER

    Go to: http://gx.gallup.com/pos

      TELL US ABOUT YOUR RECENT
           POSTAL EXPERIENCE

         YOUR OPINION COUNTS
*********************************************
*********************************************


          Customer Copy

4/24/09

A-14

GMAC Mortgage, LLC
PO Box 780

Waterloo      , IA  50704-0780

Date:  06/02/09

# ACT 6 NOTICE
# TAKE ACTION TO SAVE YOUR
# HOME FROM FORECLOSURE

**This is an official notice that the mortgage on your home is in default, and the lender intends to foreclose. Specific information about the nature of the default is provided in the attached pages.**

**HOME OWNER'S NAME(S):**    KENNETH TAGGART

**ADDRESS:**    521 COWPATH ROAD

    TELFORD      PA 18969

**LOAN ACCT. NO.:**    ~~██████~~ *Redacted*

---

**NOTE:  IF YOU ARE CURRENTLY PROTECTED BY THE FILING OF A PETITION IN BANKRUPTCY, THE FOLLOWING PART OF THIS NOTICE IS FOR INFORMATION PURPOSES ONLY AND SHOULD NOT BE CONSIDERED AS AN ATTEMPT TO COLLECT THE DEBT.**

---

### HOW TO CURE YOUR MORTGAGE DEFAULT (Bring it up to date).

**NATURE OF THE DEFAULT** – The MORTGAGE debt held by the above lender on your property located at: 521 COWPATH ROAD         TELFORD PA 18969           IS SERIOUSLY IN DEFAULT because:

YOU HAVE NOT MADE MONTHLY MORTGAGE PAYMENTS for the following months and the following amounts are now past due: 04/01/09 through 06/01/09. See attached Exhibit for payment breakdown.

| | |
|---|---|
| Monthly Payments | $  16836.75 |
| Late Charges | $  1313.18 |
| NSF | $    0.00 |
| Inspections | $   11.25 |
| Other (Default Expenses and Fees) | $    0.00 |
| Optional Insurance | $    0.00 |
| Suspense | $    0.00 |
| **TOTAL AMOUNT PAST DUE:** | $  18161.18 |

**HOW TO CURE THE DEFAULT** – You may cure the default within THIRTY (30) DAYS of the date of this notice **BY PAYING THE TOTAL AMOUNT PAST DUE TO THE LENDER, WHICH IS $      18161.18**, PLUS ANY MORTGAGE PAYMENTS AND LATE CHARGES WHICH BECOME DUE DURING THE THIRTY (30) DAY PERIOD.

Payments must be made either by cash, cashier's check or certified check made payable and sent to:
GMAC Mortgage, LLC
ATTN: Payment Processing
PO Box 780

Waterloo      , IA  50704-0780

A-15



# GMAC Mortgage

June 9, 2009

Kenneth Taggart
45 Heron Rd
Holland PA  18966

RE:    Account Number       ~~~~~~~~ *Redacted*
        Property Address       521 Cowpath Road
                                      Telford PA  18969

Dear Kenneth Taggart:

This letter is in response to your mailing address and email address request on the above-referenced account.

Please be advised we have updated your mailing address.

To update your email address, please complete the following steps.

1) Go to our website, www.gmacmortgage.com.
2) View your current email address under the Welcome Banner of My Account page.
3) Click edit to change the email address.
4) Update the email address and click on submit.

If you have any further questions, please contact Customer Care at 1-800-766-4622 during the following hours Monday – Friday 6:00 am-10:00 pm CT and Saturday 9:00 am-1:00 pm CT.

Customer Care
Loan Servicing

TN

3451 Hammond Ave
Waterloo, IA 50704

A16

# GMAC Mortgage



3451 Hammond Ave
Waterloo, IA 50704

DROP SHIPMENT
AUTHORIZATION 44
MAILED AT CEDAR RAPIDS IA
PRESORTED FIRST CLASS



UNITED STATES POSTAGE
PITNEY BOWES

02 1M                $ 00.35⁷
0004246642      JUN 10 2009
MAILED FROM ZIP CODE 50702

A17

D-WMS31  18966

# GMAC Mortgage

3451 Hammond Avenue
Waterloo, IA 50702
1-800-766-4622/Follow the Prompts

**Important Note:** In accordance with RESPA requirements, this notice is being sent as a result of the review completed on your escrow account.

## INITIAL ESCROW ACCOUNT DISCLOSURE STATEMENT

ACCOUNT NUMBER: ~~Redacted~~

PROPERTY ADDRESS: *Redacted*
521 COWPATH ROAD
TELFORD PA 18969

ANALYSIS DATE: MAY 12, 2009

83833-0000123-001
KENNETH TAGGART
PO BOX 411
TELFORD PA  18969-0411

PLEASE KEEP THIS ESCROW ANALYSIS FOR COMPARISON TO NEXT YEAR'S STATEMENT.

**Section 1:**

| DESCRIPTION | NEXT DUE DATE | ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT | AMOUNT(S) USED IN PRIOR ANALYSIS |
|---|---|---|---|
| FHA RISK BASED | APRIL 2009 | 269.42 | 0.00 |
| FHA RISK BASED | MAY 2009 | 269.42 | 0.00 |
| FHA RISK BASED | JUNE 2009 | 269.42 | 0.00 |
| FHA RISK BASED | JULY 2009 | 269.42 | 0.00 |
| FIRE | AUGUST 2009 | 978.00 | 0.00 |
| FIRE | AUGUST 2009 | 925.00 | 0.00 |
| FHA RISK BASED | AUGUST 2009 | 269.42 | 0.00 |
| SCHOOL | AUGUST 2009 | 8,389.77 | 0.00 |
| FHA RISK BASED | SEPTEMBER 2009 | 269.42 | 0.00 |
| FHA RISK BASED | OCTOBER 2009 | 269.42 | 0.00 |
| FHA RISK BASED | NOVEMBER 2009 | 269.42 | 0.00 |
| FHA RISK BASED | DECEMBER 2009 | 269.42 | 0.00 |
| FHA RISK BASED | JANUARY 2010 | 269.42 | 0.00 |
| FHA RISK BASED | FEBRUARY 2010 | 269.42 | 0.00 |
| FHA RISK BASED | MARCH 2010 | 269.42 | 0.00 |
| CITY/TOWNSHIP | MARCH 2010 | 1,280.22 | 0.00 |
| TOTAL ANNUAL DISBURSEMENTS: | | 14,806.03 | 0.00 |
| TOTAL ESCROW PAYMENT: | | 1,233.83 | 1,231.84 |

The amounts above are based on either an estimate previously provided or the amount last disbursed.

**NOTE:** If you pay the escrow shortage amount of $2,508.02, your new total payment will automatically be adjusted to $5,403.25 effective with your APRIL 01, 2009 payment. If you do not pay the shortage, your total payment effective APRIL 01, 2009 will be $5,612.25.

| Payment change: | New | Prior Analysis |
|---|---|---|
| Escrow | 1,233.83 | 1,231.84 |
| Surplus/Shortage | 209.00 | 0.00 |
| Escrow Shortage Spread 12 Months | | |
| Total: | 1,442.83 | 1,231.84 |
| Principal/Interest | 4,169.42 | 4,169.42 |
| Total Payment | 5,612.25 | 5,401.26 |

Depending on the timing of when your next billing notice is released, you may not see the payment change until the following billing notice.

For details about the difference between the old and new payment amounts, please reference the ESTIMATED AMOUNTS OF NEXT DISBURSEMENT and AMOUNT(S) USED IN PRIOR ANALYSIS columns listed above.

**Any questions regarding changes in the "Estimated Amount of Next Disbursement"
should be directed to your Tax Authority and/or Insurance Company.
To reach our insurance department call: 1-800-256-9962.**

By sending your check, please be aware that you are authorizing us to use information on your check to make a one-time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

If you are utilizing a military allotment, or third-party company to make payments on your behalf, please notify your service of any payment changes.

NOTE — you must use the below address when remitting your escrow shortage payment



THIS COUPON MUST ACCOMPANY YOUR ESCROW SHORTAGE PAYMENT

680-0000-1200F

ANALYSIS TYPE: 1/6 AGGREGATE
PROJECTED ESCROW BALANCE AS OF: MARCH 31, 2009

ACCOUNT NUMBER: ~~Redacted~~
4,891.52  *

*Redacted*

\* Projected balance reflects all receipts and disbursements made prior to the date of analysis and all mortgagor payments and disbursements anticipated to be made prior to the effective date of analysis.

| DATE | RECEIPTS | PROJECTED DISBURSEMENTS | CUR. BAL. PROJECTIONS | REQ. BAL. PROJECTIONS | |
|---|---|---|---|---|---|
| PROJECTED BALANCE | | | 4,891.52 | 7,399.54 | |
| 04/01/09 | 1,233.83 | 269.42- | 5,855.93 | 8,363.95 | |
| 05/01/09 | 1,233.83 | 269.42- | 6,820.34 | 9,328.36 | |
| 06/01/09 | 1,233.83 | 269.42- | 7,784.75 | 10,292.77 | |
| 07/01/09 | 1,233.83 | 269.42- | 8,749.16 | 11,257.18 | |
| 08/01/09 | 1,233.83 | 978.00- | 9,004.99 | 11,513.01 | |
| 08/01/09 | .00 | 925.00- | 8,079.99 | 10,588.01 | |
| 08/01/09 | .00 | 269.42- | 7,810.57 | 10,318.59 | |
| 08/01/09 | .00 | 8,389.77- | 579.20- | 1,928.82 | L |
| 09/01/09 | 1,233.83 | 269.42- | 385.21 | 2,893.23 | |
| 10/01/09 | 1,233.83 | 269.42- | 1,349.62 | 3,857.64 | |
| 11/01/09 | 1,233.83 | 269.42- | 2,314.03 | 4,822.05 | |
| 12/01/09 | 1,233.83 | 269.42- | 3,278.44 | 5,786.46 | |
| 01/01/10 | 1,233.83 | 269.42- | 4,242.85 | 6,750.87 | |
| 02/01/10 | 1,233.83 | 269.42- | 5,207.26 | 7,715.28 | |
| 03/01/10 | 1,233.83 | 269.42- | 6,171.67 | 8,679.69 | |
| 03/01/10 | .00 | 1,280.22- | 4,891.45 | 7,399.47 | |

L  ANTICIPATED LOW POINT FOR ANALYSIS PERIOD:
-579.20

MAXIMUM PERMITTED LOW-POINT: (EXCLUDING MIP)
1,928.82

*UNKNOWN*

---

Section 3:  ➡️ | SHORTAGE | 2,508.02 |

ESCROW ACCOUNT ACTIVITY (APRIL 01, 2008 - MARCH 31, 2009)

| DATE | TXN | PREV PROJ AMOUNT | PREV PROJ BALANCE | TXN | ACTUAL AMOUNT | ACTUAL BALANCE |
|---|---|---|---|---|---|---|
| BEGINNING BALANCE | | | .00 | | | .00 |
| 04/01/08 | | .00 | .00 | | .00 | .00 |
| 05/01/08 | | .00 | .00 | | .00 | .00 |
| 06/01/08 | | .00 | .00 | | .00 | .00 |
| 07/01/08 | | .00 | .00 | PAYMENT | 1,914.80 | 1,914.80 |
| 08/01/08 | | .00 | .00 | FIRE | 978.00- | 936.80 |
| 09/01/08 | | .00 | .00 | PAYMENT | 1,231.84 | 1,899.22 |
| 09/01/08 | | .00 | .00 | FHA RISK BASED | 269.42- | 1,899.22 |
| 09/01/08 | | .00 | .00 | FIRE | 925.00- | 974.22 |
| 10/01/08 | | .00 | .00 | PAYMENT | 1,231.84 | 1,936.64 |
| 10/01/08 | | .00 | .00 | FHA RISK BASED | 269.42- | 1,936.64 |
| 11/01/08 | | .00 | .00 | PAYMENT | 1,231.84 | 2,899.06 |
| 11/01/08 | | .00 | .00 | FHA RISK BASED | 269.42- | 2,899.06 |
| 12/01/08 | | .00 | .00 | PAYMENT | 1,231.84 | 3,861.48 |
| 12/01/08 | | .00 | .00 | FHA RISK BASED | 269.42- | 3,861.48 |
| 01/01/09 | *Forced Ins* | .00 | .00 | PAYMENT | 7,915.84 | 11,507.90 |
| 01/01/09 | | .00 | .00 | FHA RISK BASED | 269.42- | 11,507.90 |
| 01/01/09 | | .00 | .00 | FIRE | 7,261.00- | 4,246.90 |
| 02/01/09 | | .00 | .00 | PAYMENT | 1,231.84 | 5,209.32 |
| 02/01/09 | | .00 | .00 | FHA RISK BASED | 269.42- | 5,209.32 |
| 02/01/09 | | .00 | .00 | CITY/TOWNSHIP | 1,280.22- | 3,929.10 |
| 03/01/09 | | .00 | .00 | PAYMENT | 1,231.84 | 4,891.52 |
| 03/01/09 | | .00 | .00 | FHA RISK BASED | 269.42- | 4,891.52 |

A19

# GMAC
# Mortgage

## THIS IS NOT A CHECK

NOTE — you must use this address when remitting your escrow shortage payment

KENNETH TAGGART



GMAC MORTGAGE
PO BOX 79162
PHOENIX AZ 85062-9162

| Account Number | Shortage Amount |
|---|---|
|  | 2,508.02 |

| Total Amount Enclosed  $ |
|---|

If you pay the escrow shortage amount of $2,508.02, your new payment will be automatically adjusted to $5,403.25 effective with your APRIL 01, 2009 payment.

By sending your check, please be aware that you are authorizing us to use information on your check to make a one-time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

02    0409    0602083957    00250802    00000    11111    1

Section 2:

A 20



ACCOUNT NUMBER: ~~████████~~ *Redacted*

KENNETH TAGGART

Dear Homeowner(s):

As you know, we are the servicer for your mortgage loan.  We maintain an escrow account for your loan.  Part of your monthly payment is an escrow payment.  We use that money to pay your escrow items. These items may include property taxes, hazard insurance, ground rents and other expenses as described in your mortgage contract.

The amount of your escrow payment depends upon the way we classified your contract.  We have classified your contract as a "One Sixth Aggregate Cushion Contract."  Under this kind of contract, we have estimated the amount of your future bills for escrow items.  We have projected your account balance for the next year.  Your projected account balance will fall to 1/6 of the total amount of your escrow bills at least once during the projected year.  For example, if your estimated bills for escrow items total $2400, your projected account balance should drop to at least $400 (1/6 of $2400) during the projected year following the analysis.  Actual results will often differ from the projections.  Differences in amounts will be considered in your next escrow analysis.

We may improperly classify a few contracts.  If you believe that we have incorrectly classified your contract, contact us at the phone number or address listed below.

If you have any questions concerning your escrow analysis, please contact us at the phone number or address listed below.

GMAC Mortgage
3451 Hammond Avenue
P.O. Box 780
Waterloo, IA  50704-0780

1-800-766-4622 (Toll Free Number)

Very truly yours,

GMAC Mortgage           A 2l
Escrow Analysis Department

Dear Valued Customer(s),

We recently analyzed your escrow account and found a shortage. This means you will not have sufficient money in your account to pay your escrow bills and maintain the cushion permitted by your contract. The amount of the shortage is indicated in Section 3 of the Escrow Analysis Statement. Shortly, you will receive a new monthly remittance statement based upon this new analysis.

Your escrow analysis was based on our estimate of your future escrow bills. We usually cannot determine the exact amount of these bills. Therefore, you could have either a shortage or a surplus when we do your next escrow analysis.

We are offering you **3 options** for paying the shortage:

1. **Pay the monthly payments shown on the new monthly remittance statement.**
   The statement includes an additional amount to pay the shortage over a prorated period specified on the escrow analysis statement. **You do not need to contact us if you choose this option.** Simply use the remittance statement to make your payments.

2. **Pay the entire shortage now.**
   You may send us a check for the amount of the shortage indicated in Section 3 of the Escrow Analysis Statement. If you choose to pay the **entire shortage**, your new payment will be adjusted, which will reflect a **LOWER** monthly payment. **You may still see an increase in your new monthly payment if your taxes and/or insurance have increased from the previous year.**

3. **Pay part of the shortage now.**
   If you choose this option, your payment will be adjusted and will include an additional payment amount to pay the remaining shortage over the prorated period specified on the escrow analysis statement. **Your monthly payments will be smaller than those reflected on the new remittance statement, but they will be larger than if you had paid the entire shortage now.**

If you choose **Option 1**, you need not contact us.

If you choose **Option 2 or 3**:

**PLEASE USE THE COUPON ATTACHED TO YOUR ESCROW ANALYSIS AND THE ENCLOSED ENVELOPE TO MAIL YOUR SHORTAGE PAYMENT TO THE ADDRESS LISTED ON THE COUPON. THIS WILL HELP INSURE PROPER HANDLING OF FUNDS.**

680-2026-1007F



A22

# YOUR ESCROW ANALYSIS

If we are maintaining a reserve account for the payment of taxes, insurance premiums, and/or other escrow items, a portion of your mortgage payment is deposited into your Escrow/Impound account. Should your estimated or actual bills for taxes, insurance, and/or other escrow items go up or down, the amount we collect may be too little or too much to pay the anticipated bills. Therefore, we analyze your escrow account each year to adjust for the difference.

Your escrow account is maintained on an aggregate balance basis. This means that we calculate the amount of your required escrow payment based upon the lowest balance expected to occur within the 12-month period beginning with the effective payment change date for your escrow analysis. The anticipated lowest balance is determined through a running trial balance of the expected escrow receipts and disbursements in which the anticipated balance at the end of each month is noted. Your mortgage contract indicates what the maximum permitted low balance should be.

Your escrow payment will be equal to 1/12 of the anticipated total escrow disbursements plus a pro-rata portion of any shortage determined to exist if the lowest escrow balance in the running trial balance is less than the maximum permitted low balance. Shortages are usually a result of estimated or actual increases in taxes and/or insurance premiums, and/or the maintenance of any cushion authorized by your mortgage contract.

The effective date of your escrow analysis is the date on which the change in your payment takes effect.

**THE FOLLOWING EXPLANATION IS PROVIDED TO ASSIST YOU IN UNDERSTANDING YOUR ESCROW ANALYSIS STATEMENT.**

**Section 1:**
The "**DESCRIPTION**" identifies each escrow item that we will be paying.
The "**NEXT DUE DATE**" is the date by which the bill for each escrow item must be paid.
The "**ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT**" are the anticipated amount(s) for the next bill(s) for each escrow item.
The "**AMOUNT(S) USED IN PRIOR ANALYSIS**" are the corresponding amount(s) used in your prior escrow analysis.

**Section 2:**
The "**ANALYSIS TYPE**" indicates how we have classified your mortgage contract for escrow analysis purposes. It specifies the percentage, if any, of the total projected disbursements that we used to determine the maximum permitted low point for your escrow account.

The "**PROJECTED ESCROW BALANCE**" is the projected balance in your account as of the effective date of the analysis.

The "**ANTICIPATED LOW POINT FOR ANALYSIS PERIOD**" is the lowest balance anticipated to be in your escrow account during the 12 month period beginning with the effective date of the analysis.

The "**MAXIMUM PERMITTED LOW POINT**" is the maximum balance that can be projected to be in your account at its lowest point during the period covered by the escrow analysis. This balance is determined by our classification of your mortgage contract.

**Section 3:**
The "**SURPLUS**" is the amount by which the Anticipated Low Point exceeds the Maximum Permitted Low Point For Analysis Period.

The "**SHORTAGE**" is the amount by which the Maximum Permitted Low Point exceeds the Anticipated Low Point For Analysis Period.

A-23

(A-23)

680-2027-1007B



*Redacted* *1 or 2*

# GMAC Mortgage

PO Box 4025
Coraopolis, PA 15108-6942

Notification Date:  01/11/2009

001478 - 003369
KENNETH TAGGART
PO BOX 411
TELFORD, PA 18969-0411

**NOTICE OF PLACEMENT**

*Forced Insurance when already provided.*

RE:  **REFERENCE NUMBER:** ~~Redacted~~
Loan Number: ███████
Hazard Insurance Uninsured Date: 07/11/2008
Property Location:  521 COWPATH ROAD
TELFORD PA  18969

Certificate Number:  ███████ *Redacted*
Effective Date:  07/11/2008
Dwelling Limit:  $659,051.00

Expiration Date:  07/11/2009
Annual Charge:  $7,261.00

Deductibles: All perils except Windstorm/Hail
Residential Occupied:  $500 (except GU, NM, OK, VT, WV - Deductible $250)
Residential Vacant:  $750 (except OK, NM and VT - Deductible $500, GU and WV - Deductible $1,000)
Commercial Occupied:  $500 (except CA, GU - Deductible $1,000)
Commercial Vacant:  $1,000 or 2% of the insured amount, whichever is greater
Vandalism and Malicious Mischief:  $5,000 or 2% of the insured amount, whichever is greater
(Deductibles may change if occupancy changes.)

For Residential properties in the following states:  AL, FL, GA, HI, LA, MS, NC, SC and TX
Windstorm/Hail Deductible Applies:  Greater of $2,000 or 2% of dwelling limit

Dear Customer:

We have obtained lender-placed insurance coverage with BALBOA INSURANCE COMPANY to provide the necessary insurance protection under the terms of your mortgage. We have notified you during the past 90 days that this insurance would be placed if we did not receive a copy of a valid hazard insurance policy.

The cost of the insurance in the amount of $7,261.00 was advanced for the period 07/11/2008 to 07/11/2009. The coverage amount placed would be based on the replacement value, which we believe is the last known amount of coverage you purchased. If we do not have that information, the coverage amount will be based on the current principal balance of your mortgage loan. Lender-placed insurance does not provide guaranteed replacement cost coverage. Appropriate changes to your monthly payment will be made as indicated in our previous letter.

This insurance will remain in force unless we receive evidence of a hazard insurance policy with an effective date on or before 07/11/2008. Evidence of a valid policy in effect at a later date will result in cancellation of the coverage. Any insurance charges not used will be credited to your account.

*A-24*



RE:   KENNETH TAGGERT
Loan Number: _____

*Redacted*

**IMPORTANT NOTICE TO CUSTOMER**

The insurance we obtained to protect our interest in your property applies only to the dwelling at the coverage amount indicated. Coverage does not extend to contents or personal property and may not be adequate to protect the equity in the property. If the limit is only sufficient to insure the principal balance of your loan then the lender-placed policy may not be adequate to protect the value of your property that exceeds the amount of your mortgage. Also, there is no coverage for liability protection with this insurance. This insurance may be more expensive than coverage you could arrange on your own. We recommend you place full insurance coverage that adequately protects both your and the lender's interest with a company of your choice.

When you furnish acceptable proof of other insurance, the lender will cancel the insurance coverage and you will be entitled to a refund of any insurance charges not used. GMAC MORTGAGE, LLC and/or an affiliate of our company may receive compensation as a result of the placing of this insurance.

Should you have any questions regarding this matter, please do not hesitate to contact our office at (800) 256-9962 from 4 a.m. to 8 p.m. PST, Monday through Friday. If you would like to submit a claim, please call (800) 323-7466. Your call may be monitored for quality assurance.

Thank you,

Insurance Department
GMAC Mortgage, LLC

REMINDER...
**MAIL POLICY TO:**
GMAC MORTGAGE, LLC
ITS SUCCESSOR AND/OR ASSIGNS
P.O. BOX 4025
CORAOPOLIS, PA 15108-6942

Or Fax to: (866) 336-9021

A25



# THE PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY
210 SOUTH FOURTH STREET
PHILADELPHIA, PA 19106

**DECLARATIONS**

| Policy Number | Policy Type | Policy Effective | Policy Expiration |
|---|---|---|---|
| | Dwelling | 08-09-2008 12:01AM | 08-09-2009 12:01AM |

| Insured | Producer | Property Location |
|---|---|---|
| KENNETH TAGGART<br>45 EERON RD<br>7606 BUSTLETON AVE<br>SOUTHAMPTON, PA<br>18966-2109 | JEFFREY A. DELP<br>(215)355-9660<br>1035 MILL CREEK DRIVE, 1ST FLR<br>FEASTERVILLE, PA<br>19053<br>(215) 355-9660 | 521 COWPATH RD FRNT<br>TELFORD, PA<br>18969-7100 |

| Mortgagee | Address | Loan No. |
|---|---|---|
| GMAC MORTGAGE, LLC ISAOA | PO BOX 4025 CORAOPOLIS, PA 15108-6942 | 0602083957 |

| Basic Coverage Premium | Scheduled Property Coverage | Total Policy Premium |
|---|---|---|
| $925 | $0 | $925 |

| Deductible Section I | Policy Cov. Form | Construction Type | Construction Year | Number of Families | Protection Class | Terr. |
|---|---|---|---|---|---|---|
| $1,000 | DP-0001 | Masonry | 1935 | 2 | 05 | 45 |

## COVERAGE LIMITS

| Dwelling | Other Structures | Contents | Loss of Use | Additional Living Expenses | Liability | Med Pay |
|---|---|---|---|---|---|---|
| 330,000 | 0 | 0 | 0 | 0 | 100,000 | 1,000 |

## POLICY FORMS AND ENDORSEMENTS

| Number | Description | Limit |
|---|---|---|

See SUPPLEMENT for Policy Forms and Endorsements

| Amended Date | Premium Balance |
|---|---|
| 09-16-2008 | $0.00 |

PAID

A-26



## THE PHILADELPHIA CONTRIBUTIONSHIP INSURANCE COMPANY
210 SOUTH FOURTH STREET
PHILADELPHIA, PA 19106

### DECLARATIONS

| Policy Number | Policy Type | Policy Effective | Policy Expiration |
|---|---|---|---|
|  | Dwelling | 08-09-2008 12:01AM | 08-09-2009 12:01AM |

| Assured | Producer | Property Location |
|---|---|---|
| KENNETH TAGGERT<br>4H HERON RD<br><br>HOLLAND    , PA<br>18956-2109 | JEFFREY A. DELP<br>(215) 355-9660<br>1035 MILL CREEK DRIVE, 1ST FLR<br>FEASTERVILLE, PA<br>19053<br>(215) 355-9660 | 521 COWPATH RD SIDE<br>TELFORD, PA<br>18969-7100 |

| Mortgagee | Address | Loan No. |
|---|---|---|
| GMAC MORTGAGE, LLC ISAOA | PO BOX 4025 CORAOPOLIS, PA 15108-6942 | 0602083957 |

| Basic Coverage Premium | Scheduled Property Coverage | Total Policy Premium |
|---|---|---|
| $978 | $0 | $978 |

| Deductible Section I | Policy Cov. Form | Construction Type | Construction Year | Number of Families | Protection Class | Terr. |
|---|---|---|---|---|---|---|
| $1,000 | DP-0001 | Frame | 1930 | 1 | 05 | 45 |

### COVERAGE LIMITS

| Dwelling | Other Structures | Contents | Loss of Use | Additional Living Expenses | Liability | Med Pay |
|---|---|---|---|---|---|---|
| 330,000 | 0 | 0 | 0 | 0 | 100,000 | 1,000 |

### POLICY FORMS AND ENDORSEMENTS

| Number | Description | Limit |
|---|---|---|
|  | See SUPPLEMENT for Policy Forms and Endorsements |  |

| Amended Date | Premium Balance |
|---|---|
| 08-09-2008 | $0.00 |





# GMAC Mortgage

3451 Hammond Avenue
Waterloo, IA 50702
1-800-766-4622/Follow the Prompts

**Important Note:** In accordance with RESPA requirements, this notice is being sent as a result of the review completed on your escrow account.

## INITIAL ESCROW ACCOUNT DISCLOSURE STATEMENT

ACCOUNT NUMBER: ~~Redacted~~   *Redacted*

PROPERTY ADDRESS:
521 COWPATH ROAD
TELFORD PA 18969

ANALYSIS DATE: FEBRUARY 09, 2009

61182-0000281-001
KENNETH TAGGART
PO BOX 411
TELFORD PA  18969-0411

PLEASE KEEP THIS ESCROW ANALYSIS FOR COMPARISON TO NEXT YEAR'S STATEMENT.

Section 1:

| DESCRIPTION | NEXT DUE DATE | ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT | AMOUNT(S) USED IN PRIOR ANALYSIS |
|---|---|---|---|
| FHA RISK BASED | APRIL 2009 | 269.42 | 0.00 |
| FHA RISK BASED | MAY 2009 | 269.42 | 0.00 |
| FHA RISK BASED | JUNE 2009 | 269.42 | 0.00 |
| FIRE | JULY 2009 | 7,261.00 | 0.00 |
| FHA RISK BASED | JULY 2009 | 269.42 | 0.00 |
| FIRE | AUGUST 2009 | 1,903.00 | 0.00 |
| FHA RISK BASED | AUGUST 2009 | 269.42 | 0.00 |
| SCHOOL | AUGUST 2009 | 8,389.77 | 0.00 |
| FHA RISK BASED | SEPTEMBER 2009 | 269.42 | 0.00 |
| FHA RISK BASED | OCTOBER 2009 | 269.42 | 0.00 |
| FHA RISK BASED | NOVEMBER 2009 | 269.42 | 0.00 |
| FHA RISK BASED | DECEMBER 2009 | 269.42 | 0.00 |
| FHA RISK BASED | JANUARY 2010 | 269.42 | 0.00 |
| FHA RISK BASED | FEBRUARY 2010 | 269.42 | 0.00 |
| FHA RISK BASED | MARCH 2010 | 269.42 | 0.00 |
| CITY/TOWNSHIP | MARCH 2010 | 1,266.16 | 0.00 |

*WRONG* (handwritten)

TOTAL ANNUAL DISBURSEMENTS:   22,052.97
TOTAL ESCROW PAYMENT:   1,837.74     1,231.84

*Wrong* (handwritten)

The amounts above are based on either an estimate previously provided or the amount last disbursed.

**NOTE:** If you pay the escrow shortage amount of $7,943.23, your new total payment will automatically be adjusted to $6,007.16 effective with your APRIL 01, 2009 payment. If you do not pay the shortage, your total payment effective APRIL 01, 2009 will be $6,669.09.

| Payment change: | New | Prior Analysis |
|---|---|---|
| Escrow | 1,837.74 | 1,231.84 |
| Surplus/Shortage | 661.93 | 0.00 |
| Escrow Shortage Spread 12 Months | | |
| Total | 2,499.67 | 1,231.84 |
| Principal/Interest | 4,169.42 | 4,169.42 |
| Total Payment | 6,669.09 | 5,401.26 |

*INCorrect* (handwritten)

Depending on the timing of when your next billing notice is released, you may not see the payment change until the following billing notice.

For details about the difference between the old and new payment amounts, please reference the ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT and AMOUNT(S) USED IN PRIOR ANALYSIS columns listed above

**Any questions regarding changes in the "Estimated Amount of Next Disbursement" should be directed to your Tax Authority and/or Insurance Company. To reach our insurance department call: 1-800-256-9962.**

By sending your check, please be aware that you are authorizing us to use information on your check to make a one-time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

If you are utilizing a military allotment, or third-party company to make payments on your behalf, please notify your service of any payment changes.

NOTE — you must use the below address when remitting your escrow shortage payment

*(A28)* (handwritten)

*(A-28)* (handwritten)

ANALYSIS TYPE: 1/12 AGGREGATE
PROJECTED ESCROW BALANCE AS OF: MARCH 31, 2009

ACCOUNT NUMBER: ~~·········~~
4,905.58 *

*Nedeshl*

\* Projected balance reflects all receipts and disbursements made prior to the date of analysis and all mortgagor payments and disbursements anticipated to be made prior to the effective date of analysis.

| DATE | RECEIPTS | PROJECTED DISBURSEMENTS | CUR. BAL. PROJECTIONS | REQ. BAL. PROJECTIONS | |
|------|----------|------------------------|----------------------|----------------------|---|
| PROJECTED BALANCE | | | 4,905.58 | 12,848.81 | |
| 04/01/09 | 1,837.74 | 269.42- | 6,473.90 | 14,417.13 | |
| 05/01/09 | 1,837.74 | 269.42- | 8,042.22 | 15,985.45 | |
| 06/01/09 | 1,837.74 | 269.42- | 9,610.54 | 17,553.77 | |
| 07/01/09 | 1,837.74 | 7,261.00- | 4,187.28 | 12,130.51 | |
| 07/01/09 | .00 | 269.42- | 3,917.86 | 11,861.09 | |
| 08/01/09 | 1,837.74 | 1,903.00- | 3,852.60 | 11,795.83 | |
| 08/01/09 | .00 | 269.42- | 3,583.18 | 11,526.41 | |
| 08/01/09 | .00 | 8,389.77- | 4,806.59- | 3,136.64 | L |
| 09/01/09 | 1,837.74 | 269.42- | 3,238.27- | 4,704.96 | |
| 10/01/09 | 1,837.74 | 269.42- | 1,669.95- | 6,273.28 | |
| 11/01/09 | 1,837.74 | 269.42- | 101.63- | 7,841.60 | |
| 12/01/09 | 1,837.74 | 269.42- | 1,466.69 | 9,409.92 | |
| 01/01/10 | 1,837.74 | 269.42- | 3,035.01 | 10,978.24 | |
| 02/01/10 | 1,837.74 | 269.42- | 4,603.33 | 12,546.56 | |
| 03/01/10 | 1,837.74 | 269.42- | 6,171.65 | 14,114.88 | |
| 03/01/10 | .00 | 1,266.16- | 4,905.49 | 12,848.72 | |

L  ANTICIPATED LOW POINT FOR ANALYSIS PERIOD:
-4,806.59

MAXIMUM PERMITTED LOW-POINT: (EXCLUDING MIP)
3,136.64

WRONG

Section 3: 🏛    | SHORTAGE |    7,943.23

ESCROW ACCOUNT ACTIVITY (APRIL 01, 2008 - MARCH 31, 2009)

| DATE | TXN | PREV PROJ AMOUNT | PREV PROJ BALANCE | TXN | ACTUAL AMOUNT | ACTUAL BALANCE |
|------|-----|------------------|-------------------|-----|---------------|----------------|
| BEGINNING BALANCE | | | .00 | | | .00 |
| 04/01/08 | | .00 | .00 | | .00 | .00 |
| 05/01/08 | | .00 | .00 | | .00 | .00 |
| 06/01/08 | | .00 | .00 | | .00 | .00 |
| 07/01/08 | | .00 | .00 | PAYMENT | 1,914.80 | 1,914.80 |
| 08/01/08 | | .00 | .00 | FIRE | 978.00- | 936.80 |
| 09/01/08 | | .00 | .00 | PAYMENT | 1,231.84 | 1,899.22 |
| 09/01/08 | | .00 | .00 | FHA RISK BASED | 269.42- | 1,899.22 |
| 09/01/08 | | .00 | .00 | FIRE | 925.00- | 974.22 |
| 10/01/08 | | .00 | .00 | PAYMENT | 1,231.84 | 1,936.64 |
| 10/01/08 | | .00 | .00 | FHA RISK BASED | 269.42- | 1,936.64 |
| 11/01/08 | | .00 | .00 | PAYMENT | 1,231.84 | 2,899.06 |
| 11/01/08 | | .00 | .00 | FHA RISK BASED | 269.42- | 2,899.06 |
| 12/01/08 | | .00 | .00 | PAYMENT | 1,231.84 | 3,861.48 |
| 12/01/08 | | .00 | .00 | FHA RISK BASED | 269.42- | 3,861.48 |
| 01/01/09 | | .00 | .00 | PAYMENT | 7,915.84 | 11,507.90 |
| 01/01/09 | | .00 | .00 | FHA RISK BASED | 269.42- | 11,507.90 |
| 01/01/09 | | .00 | .00 | FIRE | 7,261.00- | 4,246.90 |
| 02/01/09 | | .00 | .00 | FHA RISK BASED | 269.42- | 3,977.48 |
| 03/01/09 | | .00 | .00 | | .00 | 3,977.48 |

A-28

THIS COUPON MUST ACCOMPANY YOUR ESCROW SHORTAGE PAYMENT

# GMAC
# Mortgage

## THIS IS NOT A CHECK

NOTE — you must use this address when remitting your escrow shortage payment

*Redacted*

| Account Number | Shortage Amount |
|---|---|
| ~~Redacted~~ | 7,943.23 |

| Total Amount Enclosed  $ | |

KENNETH TAGGART

GMAC MORTGAGE
PO BOX 79162
PHOENIX AZ 85062-9162

If you pay the escrow shortage amount of $7,943.23, your new payment will be automatically adjusted to $6,007.16 effective with your APRIL 01, 2009 payment.

By sending your check, please be aware that you are authorizing us to use information on your check to make a one-time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

*Redacted*

A30



ACCOUNT NUMBER: ~~████████~~ *Redacted*

KENNETH TAGGART

Dear Homeowner(s):

As you know, we are the servicer for your mortgage loan.  We maintain an escrow account for your loan.  Part of your monthly payment is an escrow payment.  We use that money to pay your escrow items. These items may include property taxes, hazard insurance, ground rents and other expenses as described in your mortgage contract.

The amount of your escrow payment depends upon the way we classified your contract.  We have classified your contract as a "One Month Cushion Individual Item Analysis Contract."  However, until further notice we will treat your contract as a "One-Twelfth Aggregate Cushion Contract."  Such treatment will be better for you.  Under this kind of contract, we have estimated the amount of your future bills for escrow items.  We have projected your account balance for the next year.  Your projected account balance will fall to 1/12 of the total amount of your escrow bills at least once during the projected year.  For example, if your estimated bills for escrow items total $2400, your projected account balance should drop to at least $200 (1/12 of $2400) during the projected year following the analysis.  Actual results will often differ from the projections.  Differences in amounts will be considered in your next escrow analysis.

We may improperly classify a few contracts.  If you believe that we have incorrectly classified your contract, contact us at the phone number or address listed below.

If you have any questions concerning your escrow analysis, please contact us at the phone number or address listed below.

GMAC Mortgage
3451 Hammond Avenue
P.O. Box 780
Waterloo, IA  50704-0780

1-800-766-4622 (Toll Free Number)

Very truly yours,            A31

Loan No.: ~~Redacted~~

# NOTICE OF RIGHT TO CANCEL

*Redacted*

**Your Right to Cancel.** You are entering into a transaction that will result in a mortgage, lien or security interest on/in your home. You have a legal right under federal law to cancel this transaction, without cost, within three (3) business days from whichever of the following events occurs last:

(1)    the date of the transaction, which is:    **July 11, 2008**    ; or
(2)    the date you received your Truth in Lending disclosures; or
(3)    the date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage, lien or security interest is also canceled. Within twenty (20) calendar days after we receive your notice, we must take the steps necessary to reflect the fact that the mortgage, lien or security interest on/in your home has been canceled, and we must return to you any money or property you have given to us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer to return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer to return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within twenty (20) calendar days of your offer, you may keep it without further obligation.

**How To Cancel.** If you decide to cancel this transaction, you may do so by notifying us in writing, at:

**LBA FINANCIAL GROUP, LLC**
**1681 KENNETH ROAD**
**YORK, PA  17408**
**Fax Number: 717-767-1899**

You may use any written statement that is signed and dated by you and states your intention to cancel, or you may use this notice by dating and signing below. Keep one (1) copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than midnight of,    **July 15, 2008**    ,
(or midnight of the third business day following the latest of the three events listed above). If you send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

**I Wish To Cancel.**

_____    Date: _____
(Consumer)

**Receipt of Notice.** I hereby acknowledge that the transaction identified on the face of this Notice was consummated and that I have received one (1) copy of the Federal Truth in Lending Disclosure and two (2) copies of this Notice.

**Do not sign unless the dates in the boxes are completed.**

_____    Date: _____
**KENNETH TAGGART**    (Consumer)



provide you with a written clarification regarding any dispute. During this 60-business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request.

A business day is any day in which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

## DAMAGES AND COSTS
Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section.

## SERVICING TRANSFER ESTIMATES
1.  The following is the best estimate of what will happen to the servicing of your mortgage loan:

*(handwritten: NOT DISCLOSED)*

A.  ☒  We may assign, sell or transfer the servicing of your loan while the loan is outstanding.
    ☒  We are able to service your loan and we
       ☐ will service your loan
       ☒ will not service your loan
       ☐ have not decided whether to service your loan.
                                    **OR**
B.  ☐  We do not service mortgage loans, ☒ and we have not serviced mortgage loans in the past three years. We presently intend to assign, sell or transfer the servicing of your mortgage loan. You will be informed about your servicer.

C.  ☐  We assign, sell or transfer the servicing of some of our loans while the loan is outstanding depending on the type of loan and other factors. For the program you have applied for, we expect to:
       ☐ sell all of the mortgage servicing
       ☐ retain all of the mortgage servicing
       ☐ assign, sell or transfer .000 % of the mortgage servicing.

2.  For all the first-lien mortgage loans that we make in the 12-month period after your mortgage loan is funded, we estimate that the percentage of such loans for which we will transfer servicing is between:

    ☐ 0% to 25%      ☐ 26% to 50%      ☐ 51% to 75%      ☒ 76% to 100%

This estimate ☐ does ☒ does not include assignments, sales or transfers to affiliates or subsidiaries. This is only our best estimate, and it is not binding. Business conditions or other circumstances may affect our future transferring decisions.

3.  A.  ☒  We have previously assigned, sold or transferred the servicing of first-lien mortgage loans.
                                    **OR**
    B.  ☐  This is our record of transferring the servicing of the first-lien mortgage loans we have made in the past:

    | Year | Percentage of Loans Transferred (Rounded to nearest quartile - 0%, 25%, 50%, 75%, or 100%) |
    |------|---------------------------------------------------------------------------------------------|
    | 2007 | 100.000 % |
    | 2006 | 100.000 % |
    | 2005 | 100.000 % |

    This information ☒ does ☐ does not include assignments, sales or transfers to affiliates or subsidiaries.

*(handwritten: Redacted)*

*(handwritten: A33)*



**Prepaid Finance Charge**                                                                                    27,460.64
0801 Origination Fee Paid To BROKER                                          6,499.00
0802 Discount Fee Paid To LBA FINANCIAL GROUP, LLC                           8,245.60
0806 Broker Credit Report Paid To Broker                                        18.00
0814 Processing Fee Paid To Broker                                              175.00
0815 Commitment Fee Paid To LBA FINANCIAL GROUP, LLC                            695.00
0901 Prepaid Interest(6.500%) 07/16/2008-08/01/2008 @ $117.                   1,879.54
     5/day
0902 Prepaid Mortgage Insurance Premium, Financed                            9,748.50
1110 E-Mail Fee Paid To SUBURBAN ABSTRACT AFFILIATES                            50.00
1112 overnight payoff/loan docs Paid To SUBURBAN ABSTRACT                       80.00
     AFFILIATES
1114 Notary Fee Paid To SUBURBAN ABSTRACT AFFILIATES                            35.00
1117 Closing Protection Letter Fee Paid To SUBURBAN                             35.00
     ABSTRACT AFFILIATES

**Total Closing Costs**                                                                                       33,273.32

The above Itemization of Amount Financed is made pursuant to the requirements of the Truth in Lending Act.

_____          (Borrower) (Date)          _____          (Borrower) (Date)
**KENNETH TAGGART**

_____          (Borrower) (Date)          _____          (Borrower) (Date)



A34

**Escrow Reserves.** If an escrow account is to be established at closing, the maximum cushion the lender may require is 1/6 of the total annual disbursements using aggregate analysis accounting (RESPA, Regulation X).

☐ Escrows will be collected once construction is completed.
☐ Escrow reserves are waived. Escrow waiver must be executed at closing.
☒ Collect the following escrow reserves and show these amounts on the HUD-1 or HUD-1A Settlement Statement under Section L. 1000. Initial Escrow Account Disclosure must be <u>executed at closing</u>. Reserves Deposited With Lender:

0 mos **Monthly Mortgage Insurance** @ $269.42 per month = $0.00
2 mos **Hazard Insurance** @ $141.67 per month = $283.34
6 mos **County Property Taxes** @ $107.33 per month = $643.98
2 mos **Annual Assessments** @ $713.42 per month = $1,426.84

**Aggregate Accounting Adjustment**          -$429.36
**Total Initial Escrow Deposit**              $1,924.80

D.  **Mortgage Broker Fees.** The following amounts have not been deducted from Lender's funds. Collect the following Mortgage Broker Fees and show these amounts on the HUD-1 or HUD-1A Settlement Statement under Section L. 800. Items Payable in Connection With Loan (808-811):

|          | Borrower | Seller | Lender/Third Party |
|----------|----------|--------|--------------------|

All Mortgage Broker Fees should be shown on lines 808-815 of the HUD-1. If the Mortgage Broker is being paid a premium yield discount it should also be indicated on lines 808-815 of the HUD-1, but shown as "POC."

01607MU 10/01 Rev. 09/06
©2006 The Compliance Source, Inc.





Loan No.: <span>▆▆▆▆</span>



# FIRST PAYMENT LETTER
# AND MAILING ADDRESS CERTIFICATION

Words used in this Letter and Certification are defined below. Words in the singular mean and include the plural and vice versa.

"Borrower" is **KENNETH TAGGART**.

"First Payment Due Date" is **September 1, 2008**

"Lender" is **LBA FINANCIAL GROUP, LLC**, and its successors or assigns.

"Note" means the promissory note(s) dated **July 11, 2008**, signed by Borrower in favor of Lender.

"Property" means the property commonly known as **521 Cowpath road, Telford, PA 18969**.

"Security Instrument" means the deed of trust/mortgage/security deed/security instrument signed by Borrower in favor of Lender, securing payment of the note.

To assure proper credit on Borrower's account, please include the loan number on all loan payment checks. Unless otherwise indicated in the Note, each loan payment is due on the **1st** day of each month. Each payment should be mailed early enough for it to reach Lender on or before that date. Payments received after that date are delinquent and could affect Borrower's credit rating. Unless otherwise indicated in the Note, payments received 15 days after the due date are subject to late charges. The regular Total Monthly Payment is itemized below. This will be the amount of Borrower's first payment unless Lender notifies Borrower otherwise. The payment may change due to changes in any of the components of the Total Monthly Payment (including a possible interest rate change if the loan contains a variable rate feature). New payment coupons (including any adjusted amounts) will be mailed to Borrower at Borrower's last known address.

|  | | **INITIAL AMOUNT** |
| --- | --- | --- |
| Initial Monthly Payment (as provided in the Note) | $ | 4,169.42 |
| Monthly Hazard Insurance Reserve | $ | 141.67 |
| Monthly Flood Insurance Reserve | $ | |
| Monthly Mortgage Insurance Reserve | $ | 269.42 |
| Monthly County Property Tax Reserve | $ | 107.33 |
| Monthly City Property Tax Reserve | $ | |
| Other, if any: | | |
|   Annual Assessments | $ | 713.42 |
|  | $ | |
|  | $ | |
|  | $ | |
|  | $ | |
|  | $ | |
|  | $ | |
|  | $ | |
| **Total Monthly Payment:** | $ | 5,401.26 |

---

First Payment Letter and Mailing Address Certification (Multistate)
—THE COMPLIANCE SOURCE, INC.—                    Page 1 of 2                    06001ML 12/97 Rev. 10/03
www.compliancesource.com                                                        ©2003, The Compliance Source, Inc.

<span>▆▆▆▆▆</span>



A-36



# INITIAL ESCROW ACCOUNT DISCLOSURE STATEMENT

MIN: ~~Redacted~~

Disclosure Date: July 11, 2008

| BORROWER(S) NAME AND ADDRESS:<br>KENNETH TAGGART<br>521 Cowpath road<br>Telford, PA 18969 | LENDER/SERVICER NAME AND ADDRESS:<br>LBA FINANCIAL GROUP, LLC<br>1681 KENNETH ROAD<br>YORK, PA 17408<br>717-767-1889    *Redacted* |
|---|---|
| LOAN NO.: *Redacted* | MORTGAGE INSURANCE/CASE NUMBER<br>~~Redacted~~ *Redacted* |

Your first monthly payment is due **September 1, 2008** and will be **$5,401.26**, of which **$4,169.42** will be for principal and interest, and **$1,231.84** will go into your escrow account.

**This is an estimate** of activity in your escrow account during the next 12 months based on payments anticipated to be made from your account.

| MONTH | PAYMENTS TO ESCROW ACCT. | PAYMENTS FROM ESCROW ACCT. | DESCRIPTION | ESCROW ACCT. BALANCE |
|---|---|---|---|---|
| Opening Deposit: | | | | $    1,924.80 |
| Sep, 08 | 1,231.84 | 269.42 | Mortgage Insurance | 2,887.22 |
| Oct, 08 | 1,231.84 | 269.42 | Mortgage Insurance | 3,849.64 |
| Nov, 08 | 1,231.84 | 269.42 | Mortgage Insurance | 4,812.06 |
| Dec, 08 | 1,231.84 | 269.42 | Mortgage Insurance | 5,774.48 |
| Jan, 09 | 1,231.84 | 269.42 | Mortgage Insurance | 6,736.90 |
| Feb, 09 | 1,231.84 | 269.42 | Mortgage Insurance | 7,699.32 |
| Mar, 09 | 1,231.84 | 269.42 | Mortgage Insurance | 8,661.74 |
| Apr, 09 | 1,231.84 | 1,288.00 | County Property Taxes | 8,605.58 |
| | 0.00 | 269.42 | Mortgage Insurance | 8,336.16 |
| May, 09 | 1,231.84 | 269.42 | Mortgage Insurance | 9,298.58 |
| Jun, 09 | 1,231.84 | 269.42 | Mortgage Insurance | 10,261.00 |
| Jul, 09 | 1,231.84 | 269.42 | Mortgage Insurance | 11,223.42 |
| Aug, 09 | 1,231.84 | 1,700.00 | Hazard Insurance | 10,755.26 |
| | 0.00 | 8,561.00 | Annual Assessments | 2,194.26 |
| | 0.00 | 269.42 | Mortgage Insurance | 1,924.84 |

(Please keep this statement for comparison with the actual activity in your account at the end of the escrow accounting computation year.)

Cushion selected by servicer: **$1,924.84 or 2 month(s)**

By signing below, I/we acknowledge receipt of a copy of this Initial Escrow Account Disclosure Statement.

| | | |
|---|---|---|
| Borrower **KENNETH TAGGART**    Date | | Borrower    Date |

| | | |
|---|---|---|
| Borrower    Date | | Borrower    Date |

Initial Escrow Account Disclosure Statement (Multistate)
—THE COMPLIANCE SOURCE, INC.—
www.compliancesource.com

Page 1 of 1

06211MU 07/99 Rev. 10/03
©2003, The Compliance Source, Inc.

*Redacted*

A37



8/24/09

by Sheriff

Phelan Hallinan & Schmieg, LLP
Lawrence T. Phelan, Esq., Id. No. 32227
Francis S. Hallinan, Esq., Id. No. 62695
Daniel G. Schmieg, Esq., Id. No. 62205
Michele M. Bradford, Esq., Id. No. 69849
Judith T. Romano, Esq., Id. No. 58745
Sheetal R. Shah-Jani, Esq., Id. No. 81760
Jenine R. Davey, Esq., Id. No. 87077
Lauren R. Tabas, Esq., Id. No. 93337
Vivek Srivastava, Esq., Id. No. 202331
Jay B. Jones, Esq., Id. No. 86657
Peter J. Mulcahy, Esq., Id. No. 61791
Andrew L. Spivack, Esq., Id. No. 84439
Jaime McGuinness, Esq., Id. No. 90134
Chrisovalante P. Fliakos, Esq., Id. No. 94620
Joshua I. Goldman, Esq., Id. No. 205047
Courtenay R. Dunn, Esq., Id. No. 206779
Andrew C. Bramblett, Esq., Id. No. 208375
1617 JFK Boulevard, Suite 1400
One Penn Center Plaza
Philadelphia, PA 19103
215-563-7000                          213964

09 AUG 14 PM 2:41

Sat 13th 20 Days SUNDAY

ATTORNEY FOR PLAINTIFF

GMAC MORTGAGE, LLC
1100 VIRGINIA DRIVE
P.O. BOX 8300
FORT WASHINGTON, PA 19034

COURT OF COMMON PLEAS

CIVIL DIVISION

Plaintiff

v.

TERM

NO.  09-25338

KENNETH TAGGART
521 COWPATH ROAD
TELFORD, PA 18969-7100
Defendant

MONTGOMERY COUNTY

## CIVIL ACTION - LAW
## COMPLAINT IN MORTGAGE FORECLOSURE

We hereby certify the within to be a true and correct copy of the original filed of record

RECEIVED
09 AUG 17 AM 8:45
OFFICE OF THE SHERIFF
MOTG CO. OF PA.

File #:  213964

A38



## NOTICE

You have been sued in Court.  If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served by entering a written appearance personally or by attorney and filing in writing with the Court your defenses or objections to the claims set forth against you.  You are warned that if you fail to do so, the case may proceed without you, and a judgment may be entered against you by the Court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff.  You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE.  IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.

IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.

Lawyer Referral Services:
Montgomery Bar Association
100 West Airy Street
P.O. Box 268
Norristown, PA  19404
(610) 279-9660
(800) 560-5291





1.   Plaintiff is

GMAC MORTGAGE, LLC
1100 VIRGINIA DRIVE, P.O. BOX 8300
FORT WASHINGTON, PA 19034

2.   The name(s) and last known address(es) of the Defendant(s) are:

KENNETH TAGGART
521 COWPATH ROAD
TELFORD PA 18969-7100

who is/are the mortgagor(s) and/or real owner(s) of the property hereinafter described.

3.   On 07/11/2008 mortgagor(s) made, executed and delivered a mortgage upon the premises

hereinafter described to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

INCORPORATED AS A NOMINEE FOR LBA FINANCIAL GROUP, LLC. which

mortgage is recorded in the Office of the Recorder of MONTGOMERY County, in

Mortgage Book No. 12440, Page 01519. The PLAINTIFF is now the legal owner of the

mortgage and is in the process of formalizing an assignment of same. The mortgage and

assignment(s), if any, are matters of public record and are incorporated herein by

reference in accordance with Pa.R.C.P. 1019(g); which Rule relieves the Plaintiff from its

obligations to attach documents to pleadings if those documents are of public record.

4.   The premises subject to said mortgage is described as attached.

5.   The mortgage is in default because monthly payments of principal and interest upon said

mortgage due 04/01/2009 and each month thereafter are due and unpaid, and by the terms

of said mortgage, upon failure of mortgagor to make such payments after a date specified

by written notice sent to Mortgagor, the entire principal balance and all interest due

thereon are collectible forthwith.

6. The following amounts are due on the mortgage:

| | |
|---|---|
| Principal Balance | $655,405.27 |
| Interest | $19,526.10 |
| 03/01/2009 through 08/12/2009 | |
| (Per Diem $118.34) | |
| Attorney's Fees | $1,300.00 |
| Cumulative Late Charges | $1,762.16 |
| 07/11/2008 to 08/12/2009 | |
| Property Inspections | $16.88 |
| Cost of Suit and Title Search | $750.00 |
| Subtotal | $678,760.41 |
| Escrow | |
| Credit | $0.00 |
| Deficit | $6,916.42 |
| Subtotal | $6,916.42 |
| **TOTAL** | $685,676.83 |

7. If the mortgage is reinstated prior to a Sheriff's Sale, the attorney's fee set forth above may be less than the amount demanded based on work actually performed. The attorney's fees requested are in conformity with the mortgage and Pennsylvania law. Plaintiff reserves its right to collect attorney's fees up to 5% of the remaining principal balance in the event the property is sold to a third party purchaser at Sheriff's Sale, or if the complexity of the action requires additional fees in excess of the amount demanded in the Action.

8. Plaintiff is not seeking a judgment of personal liability (or an in personam judgment) against the Defendant(s) in the Action; however, Plaintiff reserves its right to bring a separate Action to establish that right, if such right exists. If Defendant(s) has/have received a discharge of personal liability in a bankruptcy proceeding, this Action of Mortgage Foreclosure is in no way an attempt to reestablish such personal liability discharged in bankruptcy, but only to foreclose the mortgage and sell the mortgaged premises pursuant to Pennsylvania Law.

A41

9.    The action does not come under Act 6 of 1974 because the original mortgage amount

exceeds the dollar amount provided in the statute.

10.    This action does not come under Act 91 of 1983 because the mortgage is FHA-insured.

WHEREFORE, PLAINTIFF demands an in rem Judgment against the Defendant(s) in the sum of

$685,676.83, together with interest from 08/12/2009 at the rate of $118.34 per diem to the date of

Judgment, and other costs and charges collectible under the mortgage and for the foreclosure and

sale of the mortgaged property.

PHELAN HALLINAN & SCHMIEG, LLP

By: _Jaime M. Guinness_____

☐ Lawrence T. Phelan, Esq., Id. No. 32227
☐ Francis S. Hallinan, Esq., Id. No. 62695
☐ Daniel G. Schmieg, Esq., Id. No. 62205
☐ Michele M. Bradford, Esq., Id. No. 69849
☐ Judith T. Romano, Esq., Id. No. 58745
☐ Sheetal R. Shah-Jani, Esq., Id. No. 81760
☐ Jenine R. Davey, Esq., Id. No. 87077
☐ Lauren R. Tabas, Esq., Id. No. 93337
☐ Vivek Srivastava, Esq., Id. No. 202331
☐ Jay B. Jones, Esq., Id. No. 86657
☐ Peter J. Mulcahy, Esq., Id. No. 61791
☐ Andrew L. Spivack, Esq., Id. No. 84439
☑ Jaime McGuinness, Esq., Id. No. 90134
☐ Chrisovalante P. Fliakos, Esq., Id. No. 94620
☐ Joshua I. Goldman, Esq., Id. No. 205047
☐ Courtenay R. Dunn, Esq., Id. No. 206779
☐ Andrew C. Bramblett, Esq., Id. No. 208375
Attorneys for Plaintiff

A-42



## LEGAL DESCRIPTION

All that certain messuage or tract of land with the improvements thereon erected, situate in the Township of Franconia, County of Montgomery, and Commonwealth of Pennsylvania, bounded and described according to a recent plan and survey dated August 16, 1947 with revisions of October 3, 1951 as prepared by Stanley F. Moyer, Registered Engineer and Land Surveyor, Souderton, PA, as follows, to wit:-

Beginning at a spike in the center line of the Cowpath Road extending from the Harleysville-Telford Pike to Earlington said spike being 474.43 feet North of the center line of Harleysville-Telford Pike, thence along the Cowpath Road North 1 degree 31 minutes East the distance of 231.65 feet to an angle point of the road, thence still along the same North 39 degrees 13 minutes West the distance of 647.02 feet to a corner, thence along Tract #1A on said plan intended to be conveyed to John R. Souder North 79 degrees 11 minutes East the distance of 419.19 feet to a corner in the center line of the creek channel in line of lands of Preston Souder, thence along the same the next three courses and distances (1) South 38 degrees 2 minutes East the distance of 191.88 feet to an iron pin, thence (2) North 72 degrees 47 minutes East the distance of 302.47 feet to an iron pin, thence (3) South 25 degrees 7 minutes East the distance of 647.39 feet to a corner of Telford Borough lands, thence along land now or late of Charles B. Miminger South 29 degrees 52 minutes East the distance of 107.58 feet to a corner, thence along Tract #1B on said plan other lands of grantor of which this was a part, South 64 degrees 47 minutes West the distance of 509.33 feet to an iron pin a corner of lands of Wellington N. Cassel thence along the same North 75 degrees 16 minutes West the distance of 317.47 feet to the place of beginning.

Being Tract #1 on said Plan.

File #: 213964

A-403



Tax ID / Parcel No. 34-00-01078-004

Being the same premises which Virginia R. Lattig, Trustee and John H. Van Dyke, Jr. Trustee

under Revocable Trust Agreement for Margaret E. Van Dyke dated May 10, 2002, by Deed dated

July 27, 2004 and recorded August 12, 2004 in Montgomery County in Deed Book 5521, Page

2204 conveyed unto Kenneth Taggart, in fee.

PROPERTY BEING; 521 COWPATH ROAD

A44

## VERIFICATION

The undersigned attorney hereby states that I am the attorney for the Plaintiff in this matter, that Plaintiff is outside the jurisdiction of the Court and/or the verification could not be obtained within the time allowed for the filing of the pleading, that I am authorized to make this verification pursuant to Pa.R.C.P. 1024 (c), and that the statements made in the foregoing Civil Action in Mortgage Foreclosure are based upon information supplied by Plaintiff and are true and correct to the best of my knowledge, information and belief.  Furthermore, counsel intends to substitute a verification from Plaintiff upon receipt.

The undersigned understands that this statement is made subject to the penalties of 18 Pa.C.S. Sec. 4904 relating to unsworn falsifications to authorities.

_____
Attorney for Plaintiff

DATE:  __8-12-09__

File #:  213964

