## Exhibit 37

# COURT OF COMMON PLEAS

# MONTGOMERY COUNTY, PA



Court of Common Pleas
Civil Division

Term # 09-25338

Montgomery County

GMAC Mortgage, LLC                    Jamie McGinness, Esq
1100 Virginia Dr,                     Phelan, Holliman & Schmieg,LLP
P.O. Box 8300                         One Penn Center
Fort Washington, Pa 19034             Philadelphia, Pa 19103
                                      215-563-7000

                                      Fleischer, Fleischer & Suglia
                                      Brian Fleischer, Esquire
                                      Plaza 100 at Main St
                                      Voorhees, N.J. 08053

                                      Council for Plaintiff/ GMAC

LBA Financial Group, LLC
970 Loucks Rd
York, Pa. 17404

Eagle Nationwide Mortgage Company
789 East Lancaster Ave, suite #201
Villanova, Pa 19085

And Does

Plaintiff
V.
Kenneth J Taggart, Pro Se
45 Heron Rd
Holland, Pa 18966

Defendant

---

**3rd Amended Counter Claim against GMAC Mortgage, LLC, LBA Financial
Group, LLC, Eagle Nationwide Mortgage Company, et al**    4/28/10

---

/

This 3rd amended counter claim is being filed in compliance with Rule

1028 (c )(1) of the Pa Code. Kenneth J Taggart requests the court accept this

amended complaint to confirm the evidence and pleading.

This amended complaint in response to Eagle Nationwide Mortgage

Company's preliminary objections is considered timely;  Eagle Nationwide

Mortgage Company alleges to have served Kenneth J Taggart via first class

U.S. Mail on: March 29,2010, however the envelope received by Kenneth J

Taggart has no post mark whatsoever on it.  It appears that it was never

mailed through the U.S. Postal Service; A photo copy is attached. The

preliminary objections appeared in Kenneth J Taggart's mailbox on

April 9,2010; This was apparently placed in Kenneth J Taggart's mail box

on April 9,2010 in violation of postal regulation that required only the

postal service to place mail that has been sent through the post office in a

residential mail box.

### Summary of Case

This is a Counter Claim filed by Kenneth J Taggart, Defendant, in regard

to the complaint for foreclosure action on the mortgage for the property located

at 521 Cowpath Rd; Telford, Pa .18966, Montgomery County, Pennsylvania.

The Defendant, Kenneth J Taggart in this case was served a complaint for a

mortgage foreclosure by the Bucks County Sheriff on August 24,2009.  The

Defendant in this action, Kenneth J Taggart, is filing action  against GMAC

Mortgage LLC, Plaintiff and any "Does" to be disclosed, LLC  for violations of

several laws in the servicing and origination of the loan in question on the subject

property.

Defendant, Kenneth J Taggart, applied for a mortgage on or about May or

June 2008 with Eagle Nationwide Mortgage (hereinafter called Eagle). Eagle

then brokered the loan to LBA Financial Group, LLC (herein after called LBA).

LBA shortly thereafter sold the loan to GMAC Mortgage, LLC ( hereinafter called

GMAC). During the origination and closing of the loan, Eagle and LBA willfully

and fraudulently violated, among other things, Federal Truth-in-Lending Laws

(herein after know as TILA) and Real Estate Settlement & Procedures Act laws

(herein after known as RESPA). Eagle and LBA willfully deceived and misled

Kenneth J Taggart as to the true terms and cost of the loan by failing to provide

TILA & RESPA disclosures required and charging undisclosed fees. Eagle and

LBA, among other things charged at closing a processing fee of $175, an

origination fee of $6,499, a discount fee of $8,245 and a commitment fee of

$695. Eagle and LBA also failed to provide estimate of closing costs within 3

days of application, provide closing documents within 24 hours of closing,

Did not provide proper Truth-In-Lending disclosure at closing that conformed to

Regulation "Z" of TILA, and even changed the Annual Percentage Rate after

closing of the loan. GMAC mortgage is liable for the origination and closing

violations as a subsequent lender in the transaction.

GMAC violated , among other things, RESPA, Fair Credit Reporting Act

(herein after known as FCRA)laws, Fair Debt Collection Practices Act ( herein

3

after known as FDCPA) during the servicing of the loan. GMAC violated the law several times and did not resolve disputes by law. GMAC also illegally placed "Forced Insurance" on Kenneth J Taggart in order to increase profits for the company.

Kenneth J Taggart is entitled to relief from EAGLE, LBA, and GMAC as a subsequent lender to the loan for the following willful violations of the law during the origination and closing of the loan. Kenneth J Taggart has paid higher closing Cost on the loan, paid a higher interest rate than disclosed, and has suffered, among other things, severe emotional stress, defamation, and financial stress. As a result, Kenneth J Taggart is entitled to compensatory damages suffered as well as punitive damages, statutory damages, general damages, special damages, treble damages, cost of suit, attorneys fees, rescission of the loan, as well as any other relief the court deems just and proper.

Furthermore, Kenneth J Taggart is entitled to relief from GMAC for the servicing violations during the servicing of the loan. GMAC , among other things, charged late fees while in dispute, charged a higher escrow payment than permitted by law, charged forced insurance when insurance was in place, caused financial defamation by reporting inaccurate information to credit bureaus as well as the government ( Housing and Urban Development - HUD).

As a result, Kenneth J Taggart is entitled to compensatory damages suffered as well as punitive damages, statutory damages, general damages, special damages, treble damages, cost of suit, attorneys fees, rescission of the loan, as well as any other relief the court deems just and proper.

4

## JURISDICTION & VENUE

1) Jurisdiction and Venue is conferred as the property is located in

Montgomery County and all transactions took place in Montgomery County and

Bucks County, State of Pennsylvania.

2) Defendant relies on Federal Statues and Pennsylvania State law

on which to base his claims ; The Real Estate Settlement & Procedures Act,

& The Consumer Protection Credit Act. 15 U.S.C. 1601,  The Federal Truth In

Lending Act & Regulation "Z", The Fair Credit Reporting Act, The Fair Debt

Collection Practices Act, - Pennsylvania State Law, The Pennsylvania Unfair

Trade, Practices and Consumer Protection, The Fair Credit Extension Uniformity

Act.
Act  15 U.S.C. 1601,  12 U.S.C.A. 2601, 12 U.S.C.A. 2603,12 U.S.C.A. 2604,

12 U.S.C.A. 2607,12 U.S.C.A. 2610.,12 U.S.C.A. 2603, 24 CFR 3500.14,

24 CFR 3500.6, 24 CFR 3500.7, CFR 3500.10, 12 CFR 226.20,

12 CFR 226.19(b), 12 CFR226.18, 12 CFR  226.18(g), 12 CFR 226.18(h),

12 CFR 226.31(c), 12 CFR 226.32(c), 15 U.S.C.1639(a),15 U.S.C.1639(b),

15 USC 1681, 12 USC 2605, 15 USC 1601,1692,1692-1622p.

UTPCPL 73 PS. 201-1 73 P.S.   201-9.2, 73 P.S. 2270.1

## PRELIMINARY ALLEGATIONS

3)  At all times relevant herein,  Defendant, Kenneth J Taggart, is the

owner of a residential property whose address is ; 521 Cowpath Rd, Telford, Pa

18969

5

4) At times relevant herein, Defendant is informed and believe that the all Plaintiffs, GMAC Mortgage, LLC, LBA Financial Group LLC and Eagle Nationwide Mortgage Company are a Limited Liability Company, Corporation or Limited Liability Partnership doing business in Montgomery County, State of Pennsylvania.

5) At all times relevant herein, Defendant is informed and believes and thereon alleges that the true names, and identities and capacities, whether individual corporation, association, partnership or otherwise are at this time unknown to Defendant who therefore sues said Plaintiff(s) by such fictitious names and will so amend complaint to show the true names and capacities of such Doe Defendant(s) when the same are ascertained.

6) At all times relevant herein, Plaintiff(s) are sued and were acting as principal employer, and or agent, servant and employee of the said principal(s) or employee(s), and all of the acts performed by them, or their agents, servants And employees, were performed with the knowledge and under the control of Said principal(s) or employer(s) and all such acts performed by such agents, servants and/or employers, were performed within the course and scope of their authority.

7) Plaintiff, GMAC Mortgage, LLC  shall  identify who or what companies are " The Servicer ",which companies are the actual "Mortgage Company" , "The Investor(s) and all parties who have an interest in any way to the subject loan". Plaintiff, GMAC Mortgage, LLC, shall identify and amend the complaint to show them as defendants in counterclaim and either accept service for the them

or allow the defendant time to amend and serve additional parties.

## Procedural History & Statement of Facts

**8)** About May or June 2008, defendant contacted a mortgage

company, Eagle Nationwide Mortgage Company to refinance a

property located at 521 Cowpath Rd, Telford, Pa 18969. Eagle

Nationwide Mortgage Company indicated that they would broker the

loan to LBA Financial Group. Inc. LBA Financial Group, LLC then

provided disclosures and terms of the loan and the loan closed on

July 11,2008.  LBA Financial Group, LLC (LBA) is the company who

Actually loaned the money to Kenneth J Taggart.


9)The loan was quickly sold to GMAC Mortgage, LLC (GMAC)

within a few weeks to 30 days. GMAC  owned the loan and GMAC

or it's affiliated company d/b/a GMAC  Mortgage has serviced the

loan since it was purchased from LBA  Financial Group, LLC to the

best of defendants knowledge.

## Additional Statement of Facts & Recent Disputes

10)There have been several issues recently that have been in dispute

with Plaintiff, GMAC Mortgage by the Defendant, Kenneth J Taggart.

11) On January 11,2009 GMAC Mortgage sent a notification letter to

Defendant that  indicating that there is no insurance on the property and that

7

forced insurance coverage was being charged to the account. GMAC Mortgage,

Plaintiff obtained insurance with a premium amount of $7,261 per year

charged the escrow account.

12) This was an illegal and breach of contract by GMAC; GMAC is

the one who received the invoice and paid for the 1 year insurance policies on

8/1/08 and 9/1/09 for the property . Insurance information was also provided

again in November 2008 and faxed again in January 2009 by Defendant;

GMAC failed to document this. This was an absorbitant amount of money for

Insurance that was already paid for by GMAC out of Defendant's escrow account

that was not needed. To date, Defendant has not received  full audit of the

escrow account showing a full credit for this, even though it was disputed several

times and no response on the last request from June 29,2009.

13) On February 9, 2009 GMAC completed an escrow analysis (see

attached)  and would not remove forced insurance, even after Defendant

provided it again; The escrow letter stated that, "even if the shortage is paid in

full,  payment would be, $6,007 even though Defendant's taxes and insurance

were relatively the same or only a marginal difference . How did payment go up

over $400 a month even if paid in full. This is ambiguous and conflicting. This

was never disclosed in Truth-In-Lending documents.

14) Kenneth J Taggart, Defendant, then sent a qualified written request

dated April 24,2009 to GMAC Mortgage stating that the escrow portion of the

payment was in dispute. Kenneth J Taggart attempted to pay on-line the amount

not in dispute of $5,401.26 but the computer would not accept the payment or

Anything GMAC Mortgage considered less than full payment; This is in violation

of "RESPA - Section 6" of loan servicing. I also failed to receive

Acknowledgement of my qualified written request within 20 days as required by

RESPA Sec 6. Plaintiff , GMAC also failed to provide the name, phone number

and extension of a person who can resolve the problem.

15) On May 12,2009 GMAC Mortgage completed another escrow analysis

and concluded that the monthly payment was now only going to increase by

$209.00 month ($2,508.00 Yr), however insurance and taxes were close to the

same amount as the prior year or only a marginal increase. The letter returned

to Defendant also stated the wrong address as Defendant's address had

changed and GMAC had not honored the request to change plaintiff's address.

GMAC  failed to update Defendants address change from the April 20,2009

letter requesting address change. Defendant did not receive the May 12,2009

escrow analysis until the beginning of June 2009.  Again, GMAC Mortgage

refused to accept any payments except what they deemed to be the right

payment. Furthermore, GMAC Mortgage kept charging Defendant late fees and

inspection fees while in dispute in violation of  RESPA -Sec 6. Plaintiff, GMAC

refused to remove any late fees or inspection fees charged while in dispute and

would not lower escrow payment or provide valid reason or proof for increase.

16) On May 28,2009 Kenneth J Taggart made a 2nd request for address

change. On June 9,2009 GMAC Mortgage finally acknowledged address change

by providing letter to Kenneth J Taggart.

*9*

17) On June 2,2009 GMAC sent a foreclosure notice to the wrong address and demanded payment in full with inspection fees and late fees charged while in dispute. Defendant made another attempt via the phone to speak to someone at GMAC who could remove illegally charged late fees and inspection fees from the account and Defendant would pay all payments that were due even though Defendant was still disputing the $209.00 month increase. GMAC Mortgage told Defendant on the phone they could not do this.

18) On June 29,2009 Defendant had sent another qualified written request indicating the escrow calculation was incorrect. GMAC never responded with a 20 day notification or acknowledgement of request. Defendant offered again in July 2009 to pay all payments up to date minus the late fees and inspection fees (while still in dispute) and they indicated there were now court costs or attorney fees added as well as late fees and inspections fees. GMAC indicated that they would only accept payment in full, including all costs they deemed appropriate, or offer a possible modification. Defendant called GMAC customer service in the beginning of August 2009 and customer service was going to contact supervisor or management and told Defendant to call back. When Defendant called GMAC Mortgage back, they could not do anything except as previously stated and then told Defendant to call their attorney (GMAC's attorney) as it was in their hands.

Plaintiff failed again to provide the name, phone number and extension of a person who can resolve the issue.

19) When Defendant contacted the GMAC Mortgage's attorney and

*10*

mentioned that GMAC was considering crediting inspection fees and late fees, they told me to call GMAC Mortgage. It went around and around from there until Kenneth J Taggart was served a Complaint for mortgage foreclosure on August 24,2009 from GMAC.

20)Defendant then retrieved and reviewed original mortgage documents and disclosures. The escrow agreement disclosure indicates that the escrow payments per month shall be $1,231.84. Less than one year later the payment Increased by $209 month; This was not disclosed in Truth-In-Lending documents (Taxes & insurance are relatively the same). It is apparent that this was not disclosed prior to or at settlement. Furthermore servicing of the loan was not disclosed properly in the mortgage servicing statement provided at settlement to Defendant. It states that "We are able to service your loan" and We are not able to service your loan". It also does not disclose the "assign, sell or transfer disclosure properly on page #2.

21) It has also become apparent that the Plaintiff, LBA Financial provided two different Truth-In-Lending disclosures one on 7/10/08 with an APR or 7.091% and another on 7/14/08 with an APR of 7.092%: GMAC as a subsequent lender is responsible for the violation.

22) The original Mortgage company, LBA Financial Group, LLC did not extend rescission on 7/14/08 disclosure provided after closing, but did before disbursement. Disbursement was on 7/16/08 without LBA giving Kenneth J Taggart a three day rescission period. This is a Truth-In Lending/RESPA violation.

*l l*

23) The loan fees and escrow page provided by LBA  & Eagle also appear to have fees that were not disclosed prior to settlement. These are TILA & RESPA violations. GMAC as a subsequent lender is responsible for the violation.  Eagle and LBA, among other things charged at closing a processing fee of $175, an origination fee of $6,499, a discount fee of $8,245 and a commitment fee of $695. Eagle and LBA also failed to provide estimate of closing costs within 3 days of application,

24) During the dispute process GMAC Mortgage violated SEC 6 of RESPA,  "The Real Estate Settlement and Procedures Act", by not protecting the credit rating of Kenneth J.Taggart while in dispute and charging inspection fees while in dispute. GMAC also failed to provide the name and phone number of someone who can help resolve my problem on several occasions. GMAC also violated the "Fair Debt Collection Practices Act "(FDCP) and "The Fair Credit Reporting Act" (FCRA). It has become apparent that RESPA was willfully violated on several occasions; There are also violations of Sate law: The Pennsylvania Unfair Trade Practice and Consumer Protection Act (UTPCPL). GMAC also reported to The Department of Housing and Urban Development Sometime prior to January 27,2010 that Kenneth J Taggart was in default on his Loan as a result of GMAC demanding higher payments than required regarding escrow and late fees illegally charged.

25) GMAC has disregarded the law and has made no attempt to resolve this and has shown no regard for consumer whatsoever.

12

26) Kenneth J Taggart requests that an injunction be issued against GMAC Mortgage to refrain from reporting and late payments, derogatory information or foreclosure information to the credit bureaus or any other party that would have need to use the payment history. This is currently causing "Defamation of Character" against Kenneth J Taggart.

27) By providing evidence of Truth-In-Lending & RESPA origination laws as well as RESPA Sec 6 servicing laws, Fair Debt Collection Practices and The Fair Credit Reporting Act, Kenneth J Taggart would like to motion to the court to Quiet title "dismiss all charges with prejudice" against Kenneth J Taggart. GMAC Mortgage filed an illegal foreclosure and should be dismissed.

28) Kenneth J Taggart would like to motion for the loan to be rescinded under violations of The Truth-In-Lending Act as well as the Real Estate Settlement and Procedures Act.

29) If the motion is not granted for any reason, a stay is requested for the foreclosure action on 521 Cowpath Rd; Telford, Pa 18969. The stay is requested until all litigation is been exhausted.

30) GMAC's foreclosure complaint should be "dismissed with prejudice" for lack of subject matter. GMAC refused to resolve simple escrow and payment issues. Furthermore, Truth-In-Lending and RESPA violations have also become Apparent and loan should be rescinded.

# FIRST CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELEIF for Intentional Misrepresentation against Plaintiff(s), LBA, Eagle &

GMAC as a subsequent lender, allege as follows:

31) Defendant repeats and re pleads  paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

32) Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, charged

undisclosed fees to Defendant. Plaintiff charged defendant unearned fees at

closing without prior disclosure. Eagle and LBA, among other things charged at

closing a processing fee of $175, an origination fee of $6,499, a discount fee of

$8,245 and a commitment fee of $695. Eagle and LBA also failed to provide

estimate of closing costs within 3 days of application,

33) Plaintiff's violated " The Real Estate Settlement and Procedures

Act" by not disclosing all fees and charges prior to settlement. RESPA 24 CFR

3500.14, 12 U.S.C. 2607

34) Plaintiff(s), and each of them, committed the acts herein alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Defendants

rights. Conduct by the Plaintiff(s), and each of them, amounted to malice and

was carried out in a despicable, deliberate, cold, callous and intentional manor

thereby entitling Defendant to recover punitive damages from the Plaintiff(s) in

an amount according to proof.

35)  Defendant is informed and believes that as a further result of

Plaintiff's conduct, defendant has suffered economic damages in the amount to

14

be proven at trial.

36)     Defendant is informed and believes and thereon alleges that as a

result of the misrepresentations by the Plaintiff(s), Defendant has suffered

Severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## SECOND CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(s), LBA, Eagle &

GMAC as a subsequent lender, allege as follows:

37) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein

38) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to

provide all mortgage documents and HUD 1 statement at least 24 hours prior

to settlement.

39) Plaintiff violated the " Real Estate Settlement and Procedures

Act"  RESPA 3500.10, 12 U.S.C. 2603

40)Plaintiff(s), and each of them, committed the acts herein alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Defendants

rights. Conduct by the Plaintiff, and each of them, amounted to malice and

was carried out in a despicable, deliberate, cold, callous and intentional manor

thereby entitling Defendant to recover punitive damages from the Plaintiff in

an amount according to proof.

*15*

41) Defendant is informed and believes that as a further result of Plaintiff's conduct, defendant has suffered economic damages in the amount to be proven at trial.

42)    Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED


## THIRD CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, allege as follows:

43) Defendant repeats and re pleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

44) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to provide all disclosures and estimate of closing costs 3 days after application. 24 CFR 3500.7

45) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Defendant to recover punitive damages

16

from the Plaintiff in an amount according to proof.

46) Defendant is informed and believes that as a further result of

Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has

suffered economic damages in the amount to be proven at trial.

47)    Defendant is informed and believes and thereon alleges that as a

result of the misrepresentation of the Plaintiff(s), Defendant has suffered severe

LBA, Eagle & GMAC as a subsequent lender, emotional distress in an amount to

be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## FOURTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(S), LBA, Eagle &

GMAC as a subsequent lender, allege as follows.

48) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

49) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to

disclose the payment schedule per "Regulation Z " 12 C.R.F. 226.18(g)

Creditors  must disclose the number, amounts, and timing of payments

scheduled to repay the obligation. (Exhibit A5 & A6)

50) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of

them, committed the acts herein alleged maliciously, fraudulently, and

oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Defendant to recover punitive damages from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in an amount according to proof.

51) Defendant is informed and believes that as a further result of Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has suffered economic damages in the amount to be proven at trial.

52) Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED


## FIFTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, allege as follows

53) Defendant repeats and re pleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

54) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to disclose the total payments, using that term, and a descriptive explanation such as " The amount you will have paid when you have made all scheduled

payments". 12 C.F.R. 226.18(h). The total payments & the sum of the payments disclosed 12 C. F. R. 226.18(g).

55) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Defendant to recover punitive damages from the Plaintiff(s),LBA, Eagle & GMAC as a subsequent lender, in an amount according to proof.

56)  Defendant is informed and believes that as a further result of Plaintiff's, LBA, Eagle & GMAC as a subsequent lender,  conduct, defendant has suffered economic damages in the amount to be proven at trial.

57)     Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SIXTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(S),LBA, Eagle &

GMAC as a subsequent lender, allege as follows

58) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

59) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to

provide proper disclosures under the " Home Owners equity Protection Act"

(HOEPA). The defendant(s) failed to deliver to the consumer special HOEPA

disclosure notice at least three days prior to closing of the loan. 15 U.S.C.

1639(b); 12 C.F.R. 226.31 (c)

60) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of

them, committed the acts herein alleged maliciously, fraudulently, and

oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them,

amounted to malice and was carried out in a despicable, deliberate, cold, callous

and intentional manor thereby entitling Defendant to recover punitive damages

from the Plaintiff (s), LBA, Eagle & GMAC as a subsequent lender, in an amount

according to proof.

61) Defendant is informed and believes that as a further result of

Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has

suffered economic damages in the amount to be proven at trial.

62)    Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff, LBA, Eagle & GMAC as a subsequent lender, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SEVENTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Plaintiff(S), LBA, Eagle & GMAC as a subsequent lender, allege as follows

63) Defendant repeats and re pleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

64) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to provide proper disclosures under the " Home Owners equity Protection Act" (HOEPA). The defendant(s) failed to provide notice that " The consumer need not enter into the loan, and if he does enter the loan, he could loose his home and any money as put in it." 15 U.S.C. 1639(a); 12 C.F.R. 226.32(c)

65)Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the Plaintiff(s),LBA, Eagle & GMAC as a subsequent lender,  and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous

21

and intentional manor thereby entitling Defendant to recover punitive damages from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in an amount according to proof.

66)  Defendant is informed and believes that as a further result of Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has suffered economic damages in the amount to be proven at trial.

67)    Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED


# EIGHTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Plaintiff(S), LBA, Eagle & GMAC as a subsequent lender, allege as follows

68) Defendant repeats and re pleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

69)  Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to provide to Plaintiff HOEPA notices that include: an accurate statement of APR, monthly payments, and a maximum payment amount on variable rate loans. 15 U.S.C. 1639 (a)(2); 12 C.F.R. 226.32(c)(2)-(4)

22

Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to provide HOEPA disclosure to Plaintiff that must state the total amount borrowed. 12 C.F.R. 226.32(c)(3)-2.

70) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Defendant to recover punitive damages from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in an amount according to proof.

71) Defendant is informed and believes that as a further result of Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has suffered economic damages in the amount to be proven at trial.

72)    Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# NINTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(S), LBA, Eagle &

GMAC as a subsequent lender, allege as follows

73) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

74) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to

disclose the loan term(s) throughout the loan when the rate or payment amount

is changed, including escrow payment RESPA Regulation "X" . 12 C.F.R. 226.20

(escrow disclosures attached - see Exhibits A4, A18-A23 and A35-A37)

75) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of

them, committed the acts herein alleged maliciously, fraudulently, and

oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them,

amounted to malice and was carried out in a despicable, deliberate, cold, callous

and intentional manor thereby entitling Defendant to recover punitive damages

from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in an amount

according to proof.

76) Defendant is informed and believes that as a further result of

Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has

suffered economic damages in the amount to be proven at trial.

77) Defendant is informed and believes and thereon alleges that as a

result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a

subsequent lender, Defendant has suffered severe emotional distress in an

amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED


## <u>TENTH CLAIM FOR RELIEF</u>

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(S),LBA, Eagle &

GMAC as a subsequent lender,  allege as follows

78) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

79) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to

provide proper disclosures under the " Home Owners equity Protection Act"

(HOEPA). The defendant(s) failed to deliver to the consumer special HOEPA

disclosure notice at least three days prior to closing of the loan. 15 U.S.C.

1639(b); 12 C.F.R. 226.31 (c)

80) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of

them, committed the acts herein alleged maliciously, fraudulently, and

oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them,

amounted to malice and was carried out in a despicable, deliberate, cold, callous

and intentional manor thereby entitling Defendant to recover punitive damages

from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in an amount

according to proof.

25

81) Defendant is informed and believes that as a further result of Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has suffered economic damages in the amount to be proven at trial.

82)    Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## ELEVENTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Plaintiff(S), LBA, Eagle & GMAC as a subsequent lender,  allege as follows

83) Defendant repeats and re pleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

84) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, ailed to provide and disclose all terms of the loan at the time of mortgage application in violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2. Failed to disclose Interest Rate, Annual percentage Rate (APR), terms and escrow required.  APR changed After closing and escrow not correct. (see Exhibits A5, A6, A18 - A23, A35-A37)

85) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of

26

them, committed the acts herein alleged maliciously, fraudulently, and

oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender,  and each of them,

amounted to malice and was carried out in a despicable, deliberate, cold, callous

and intentional manor thereby entitling Defendant to recover punitive damages

from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in an amount

according to proof.

86) Defendant is informed and believes that as a further result of

Plaintiff's, LBA, Eagle & GMAC as a subsequent lender,  conduct, defendant has

suffered economic damages in the amount to be proven at trial.

87) Defendant is informed and believes and thereon alleges that as a

result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a

subsequent lender,  Defendant has suffered severe emotional distress in an

amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


## TWELTH CLAIM FOR RELIEF


COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(S), LBA, Eagle &

GMAC as a subsequent lender, allege as follows

88) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

27

89) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to provide and disclose all fees and cost of the loan at the time of mortgage application in violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2. Failed to disclose all closing costs, total costs of the loan, and total payments per "Regulation Z". Total cost of loan was incorrect as tow APR's were provided at closing. ( see Exhibits

90) Plaintiff(s),LBA, Eagle & GMAC as a subsequent lender,  and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Defendant to recover punitive damages from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in an amount according to proof.

91)  Defendant is informed and believes that as a further result of Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has suffered economic damages in the amount to be proven at trial.

92) Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

28

## THIRTEENTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(S), LBA, Eagle &

GMAC as a subsequent lender, allege as follows

93) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

94) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to

provide and disclosures all fees and cost of the loan at least 3 days prior to

closing of the loan.   "The Pennsylvania Unfair Trade Practices and Consumer

protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2. Eagle and

LBA, among other things charged at closing a processing fee of $175, an

origination fee of $6,499, a discount fee of $8,245 and a commitment fee of

$695. Eagle and LBA also failed to provide estimate of closing costs within 3

days of application,

95) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of

them, committed the acts herein alleged maliciously, fraudulently, and

oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff, and each of them, amounted to malice and was carried out in a

despicable, deliberate, cold, callous and intentional manor thereby entitling

Defendant to recover punitive damages from the Plaintiff(s),LBA, Eagle & GMAC

as a subsequent lender,  in an amount according to proof.

29

96) Defendant is informed and believes that as a further result of Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has suffered economic damages in the amount to be proven at trial.

97) Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## FOURTEENTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender,  allege as follows

98) Defendant repeats and re pleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

99) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to provide closing documents and HUD 1 statement at least 24 hours prior to closing of the loan. "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1, 73 P.S. 201-9.2.

100) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them,
amounted to malice and was carried out in a despicable, deliberate, cold,
callous and intentional manor thereby entitling Defendant to recover punitive
damages from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in
an amount according to proof.

101) Defendant is informed and believes that as a further result of
Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has
suffered economic damages in the amount to be proven at trial.

102)  Defendant is informed and believes and thereon alleges that as a
result of the misrepresentation of the Plaintiff,(s),LBA, Eagle & GMAC as a
subsequent lender, Defendant has suffered severe emotional distress in an
amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## FIFTEENTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR
RELIEF for Intentional Misrepresentation against Plaintiff(s), LBA, Eagle &
GMAC as a subsequent lender, allege as follows

103) Defendant repeats and re pleads paragraphs 1 through 30 and
incorporates the allegations by reference as though fully set-forth herein.

104) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, willfully

failed to disclose the payment schedule per "Creditors must disclose the number, amounts, and timing of payments scheduled to repay the obligation. A violation of TILA & RESPA Constitutes a violation of "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

105) Plaintiff, LBA, Eagle & GMAC as a subsequent lender, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Defendant to recover punitive damages from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in an amount according to proof.

106) Defendant is informed and believes that as a further result of Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has suffered economic damages in the amount to be proven at trial.

107) Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SIXTEENTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(s), LBA, Eagle &

GMAC as a subsequent lender, allege as follows

108) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

109)  Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to

disclose the total payments, using that term, and a descriptive explanation such

as " The amount you will have paid when you have made all scheduled

payments.  A violation of TILA & RESPA Constitutes a violation of

"The Pennsylvania Unfair Trade Practices and Consumer protection

Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

110) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of

them, committed the acts herein alleged maliciously, fraudulently, and

oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them,

amounted to malice and was carried out in a despicable, deliberate, cold, callous

and intentional manor thereby entitling  Defendant to recover punitive damages

from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in an amount

according to proof.

111)  Defendant is informed and believes that as a further result of

Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has

suffered economic damages in the amount to be proven at trial.

33

112)    Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## SEVENTEENTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, allege as follows

113) Defendant repeats and re pleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

114)    Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to provide proper disclosures under the " Home Owners equity Protection Act" (HOEPA). The defendant(s) failed to deliver to the consumer special HOEPA disclosure notice at least three days prior to closing of the loan. . "The Pennsylvania Unfair Trade Practices and Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2.

115) Plaintiff(s),LBA, Eagle & GMAC as a subsequent lender,  and each of them, committed the acts herein alleged maliciously, fraudulently, and

oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff, and each of them, amounted to malice and was carried out in a

despicable, deliberate, cold, callous and intentional manor, thereby entitling

Defendant to recover punitive damages from the Plaintiff(s), LBA, Eagle &

GMAC as a subsequent lender, in an amount according to proof.

116) Defendant is informed and believes that as a further result of

Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has

suffered economic damages in the amount to be proven at trial.

117) Defendant is informed and believes and thereon alleges that as a

result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a

subsequent lender, Defendant has suffered severe emotional distress in an

amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


## EIGHTEENTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(s), LBA, Eagle &

GMAC as a subsequent lender, allege as follows

118) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

119)   Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to

35

provide proper disclosures under the " Home Owners equity Protection Act"

(HOEPA). The defendant(s) failed to provide notice that " The consumer need

not enter into the loan, and if he does enter the loan, he could loose his home

and any money as put in it." "The Pennsylvania Unfair Trade Practices and

Consumer protection Law" ("UTPCPL"), 73 P.S. 201-1,73 P.S. 201-9.2

    120) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of

them, committed the acts herein alleged maliciously, fraudulently, and

oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them,

amounted to malice and was carried out in a despicable, deliberate, cold, callous

and intentional manor thereby entitling Defendant to recover punitive damages

from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in an amount

according to proof.

    121)  Defendant is informed and believes that as a further result of

Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has

suffered economic damages in the amount to be proven at trial.

    122)   Defendant is informed and believes and thereon alleges that as a

result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a

subsequent lender, Defendant has suffered severe emotional distress in an

amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

\

# NINETEENTH CLAIM FOR RELIEF

36

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(S) ,LBA, Eagle &

GMAC as a subsequent lender,  allege as follows

123)  Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

124)  Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, failed to

disclose the loan term(s) throughout the loan when the rate or payment amount

is changed A violation of TILA & RESPA constitutes a violation of "The

Pennsylvania Unfair Trade Practices and Consumer protection  Law"

(UTPCPL"),  73 P.S. 201-1,73 P.S. 201-9.2.

125) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each

of them, committed the acts herein alleged maliciously, fraudulently, and

oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them,

amounted to malice and was carried out in a despicable, deliberate, cold, callous

and intentional manor thereby entitling Defendant to recover punitive damages

from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in an amount

according to proof.

126)  Defendant is informed and believes that as a further result of

Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has

suffered economic damages in the amount to be proven at trial.

127)   Defendant is informed and believes and thereon alleges that as a

result of the misrepresentation of the Plaintiff(s),LBA, Eagle & GMAC as a

subsequent lender,  Defendant has suffered severe emotional distress in an

amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


# TWENTIETH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff, GMAC, allege as

follows

128) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

129)   Defendant disputed the payment history, payments credited as well

as payment amount several times and plaintiff, GMAC, failed to follow the

procedure under " The Fair Credit Reporting Act".

130) Plaintiff, GMAC, failed to report to the Credit Bureaus that the loan

was in dispute, failed to make a consumer report disclosure, reported inaccurate

information to the credit bureaus, and damaged the character of the defendant.

131)   4/09, 5/09,6/09,7/09,8/09 & 9/09  Plaintiff, GMAC,  failed

to report the account as "In Dispute" with the credit Bureaus.

132).  4/09, 5/09,6/09,7/09,8/09 & 9/09  Plaintiff, GMAC, refused to credit

payments as required.

133).  4/09, 5/09,6/09,7/09,8/09 & 9/09  Plaintiff , GMAC, reported

inaccurate and Derogatory information while in dispute in violation of "The Fair

38

Credit Reporting Act". 15 U.S.C. 1681

134) Plaintiff, GMAC, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the Plaintiff, GMAC, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Defendant to recover punitive damages from the Plaintiff , GMAC, in an amount according to proof.

135) Defendant is informed and believes that as a further result of Plaintiff's, GMAC, conduct, defendant has suffered economic damages in the amount to be proven at trial.

136) Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff, GMAC, Defendant has suffered Severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED


## TWENTY FIRST CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Plaintiff, GMAC, allege as follows

137) Defendant repeats and re pleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

138) Defendant disputed the payment history, payments credited, as well as payment amount several times and Plaintiff, GMAC, failed to follow the

procedure under " Real Estate Settlement and Procedures Act".

Plaintiff , GMAC, failed to report to the Credit Bureaus that the loan was in

dispute, failed to make a consumer report disclosure, reported inaccurate

information to the credit bureaus, and damaged the character of the

Defendant.

139)    On 4/24/09 & 6/29/09 in writing as well as several times via the

phone, Plaintiff GMAC, failed to provide the name, person, and phone number

who can resolve the dispute.  Plaintiff, GMAC,  refused and failed to credit

payments as required.

140)    Plaintiff , GMAC, reported inaccurate and derogatory information

while in dispute in violation of Section six of "The Real Estate Settlement and

Procedures Act". 12 U.S.C. 2605.  Plaintiff failed  to protect the credit

rating of the Plaintiff, GMAC,  during the 60 day protection period while in dispute

4/09, 5/09,6/09,7/09,8/09 & 9/09 .

141) Plaintiff, GMAC,  committed the acts herein alleged maliciously,

fraudulently, and oppressively, with reckless disregard of Defendants rights.

conduct by the Plaintiff,  GMAC, amounted to malice and was carried out in a

despicable, deliberate, cold, callous and intentional manor thereby entitling

Defendant to recover punitive damages from the Plaintiff, GMAC,  in an amount

according to proof.

142)  Defendant is informed and believes that as a further result of

Plaintiff, GMAC's,  conduct, defendant has suffered economic damages in the

amount to be proven at trial.

143)    Defendant is informed and believes and thereon alleges that as a

40

result of the misrepresentation of the Plaintiff, GMAC, Defendant has suffered

severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


## TWENTY SECOND CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff, GMAC, allege as

follows

144) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

145) Defendant disputed the payment history, payments credited as well

as payment amount several times and Plaintiff, GMAC, failed to follow the

procedure under " Fair Debt Collections Practices Act". Plaintiff, GMAC, failed

to report to the Credit Bureaus that the loan was in dispute, failed to make a

consumer report disclosure, reported inaccurate information to the credit

bureaus, and damaged the character of the Defendant.

146). Plaintiff, GMAC, failed on 4/09, 5/09,6/09,7/09,8/09 & 9/09

to report to credit bureaus "As Disputed". Section 807(f) 15 U.S.C. 1601,

15 U.S.C. 1692 ,1692-1622p

147). Plaintiff, GMAC, on failed to credit Defendant's payments

as required on 4/09, 5/09,6/09,7/09,8/09 & 9/09.

148). Plaintiff, GMAC, on 4/09, 5/09,6/09,7/09,8/09 & 9/09 reported

inaccurate and derogatory information while in dispute in violation of "The Fair

Debt Collection Practices Act" Sec 809(b)Defendant(s) failed to protect the

credit rating of the Plaintiff, GMAC, without validating debt and while in dispute .

15 U.S.C. 1601, 15 U.S.C. 1692 1692-1622p

149) Plaintiff, GMAC, continued collection activity and reported

misinformation to credit bureaus even when debt was not validated. "Fair Debt

Collection Practices Act"809(b).

150) Plaintiff, GMAC, committed the acts herein alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Defendants

rights. Conduct by the Plaintiff, GMAC, amounted to malice and

was carried out in a despicable, deliberate, cold, callous and intentional manor

thereby entitling Defendant to recover punitive damages from the Plaintiff,

GMAC, in an amount according to proof.

151) Defendant is informed and believes that as a further result of

Plaintiff's, GMAC, conduct, defendant has suffered economic damages in the

amount to be proven at trial.

152)    Defendant is informed and believes and thereon alleges that as a

result of the misrepresentation of the Plaintiff, GMAC, Defendant has suffered

Severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


## TWENTY THIRD CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

42

RELIEF for Intentional Misrepresentation against Plaintiff, GMAC, allege as follows

153) Defendant repeats and re pleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

154)    Defendant is the owner in fee of title to property commonly known as: 521 Cowpath Rd. Plaintiff , GMAC, claims and assert interest in the above described real property which are adverse to Defendant. The claims of Plaintiff , GMAC, are based on the deeds of trust.

155)    The deeds of trust are invalid and void as to Defendant's property because Defendant is entitled to offsets against the promissory notes that are secured by deeds of trust, and these offsets are greater in amount than the sum that would otherwise be due under the promissory notes, and Defendant is entitled to rescission of the promissory notes and deeds of trust such that Plaintiff's, GMAC, claim to the property is released.

156).  Defendant seeks to Quiet Title  as of the date this counter claim is filed.

157) Plaintiff, LBA, Eagle & GMAC as a subsequent lender, and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling  Defendant to recover punitive damages from the Plaintiff in an amount according to proof.

158)  Defendant is informed and believes that as a further result of

43

Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has

suffered economic damages in the amount to be proven at trial.

159)    Defendant is informed and believes and thereon alleges that as a

result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a

subsequent lender, Defendant has suffered severe emotional distress in an

amount to be proven at trial.


ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


## TWENTY FOURTH CLAIM FOR RELIEF


COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(s), LBA, Eagle &

GMAC  as a subsequent lender allege as follows

160) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

162) Defendant is the owner in fee of title to property commonly known as:

521 Cowpath Rd, Telford, Pa 18966. Defendant contends that that a breach of

obligation secured by the deed of trust has occurred in that contends that he is

able to retain possessory rights to the property based on the willful intentions by

LBA, Eagle & GMAC as a subsequent lender to mislead, neglect, lack of material

disclosure, as well as other violations of the law throughout the loan application

process and servicing.

163) Plaintiff, LBA, Eagle & GMAC as a subsequent lender and each of

44

them, committed the acts herein alleged maliciously, fraudulently, and

oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each of them,

amounted to malice and was carried out in a despicable, deliberate, cold, callous

and intentional manor thereby entitling Defendant to recover punitive damages

from the Plaintiff in an amount according to proof.

164) Defendant is informed and believes that as a further result of

Plaintiff's , LBA, Eagle & GMAC as a subsequent lender conduct, defendant has

suffered economic damages in the amount to

be proven at trial.

165)   Defendant is informed and believes and thereon alleges that as a

result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a

subsequent lender Defendant has suffered severe emotional distress in an

amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

## TWENTY FIFTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(s),LBA, Eagle & GMAC

as a subsequent lender allege as follows

166) Defendant repeats and re pleads paragraphs 1 through 30 and

45

incorporates the allegations by reference as though fully set-forth herein.

167) Plaintiff(s) LBA, Eagle & GMAC as a subsequent lender, caused a breach of contract by not honoring terms of the contract in regards to loan payments, escrow, loan fees, servicing and origination of the loan in question. GMAC charged a higher escrow amount than disclosed or required in the loan documents. (see exhibits A4, A34, A18 - A23, A35-A37)

168) Plaintiff(s) ,LBA, Eagle & GMAC as a subsequent lender and each of them, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender and each of them, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Defendant to recover punitive damages from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, in an amount according to proof.

169) Defendant is informed and believes that as a further result of Plaintiff's, LBA, Eagle & GMAC as a subsequent lender, conduct, defendant has suffered economic damages in the amount to be proven at trial.

170) Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY SIXTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff, GMAC, allege as

follows

171) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

172) Defendant disputed the payment history, payments credited, as well

as payment amount several times and Plaintiff, GMAC, failed to follow the

procedure under " Real Estate Settlement and Procedures Act"-Section Six;

Therefore, a violation of the UTPCPL 73 P.S. 201-1 & 201-9.2.

Plaintiff, GMAC, failed to report to the Credit Bureaus that the loan was in

dispute, failed to make a consumer report disclosure, reported inaccurate

information to the credit bureaus, and damaged the character of the

defendant..

173)  On 4/24/09 & 6/29/09 in writing as well as several times via the

phone Plaintiff, GMAC,  failed to provide the name, person, and phone number

who can resolve the dispute to Defendant.

174) Plaintiff, GMAC,  refused and failed to credit payments as required

And  reported inaccurate and derogatory information while in dispute in violation

of Section six of "The Real Estate Settlement and Procedures Act". 12 U.S.C.

2605.  Plaintiff, GMAC,  failed  to protect the credit rating of the Defendant during

the 60 day protection period while in dispute on 4/09, 5/09,6/09,7/09,8/09 & 9/09

and continue to do so.

47

175) Plaintiff, GMAC, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the Plaintiff, GMAC, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Defendant to recover punitive damages from the Plaintiff in an amount according to proof.

176) Defendant is informed and believes that as a further result of Plaintiff's, GMAC, conduct, defendant has suffered economic damages in the amount to be proven at trial.

177) Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff, GMAC, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## TWENTY SEVENTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Plaintiff,, GMAC, allege as follows

178) Defendant repeats and re pleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein. Defendant disputed the (with GMAC) payment history, payments credited, as well as payment amount, several times and Plaintiff, GMAC, failed to follow the

procedure under " The Fair Credit Reporting Act"; Therefore a violation of the

UTPCPL 73 P.S. 201-1 & 201-9.2.

179) Plaintiff , GMAC, failed to report to the Credit Bureaus that the loan

was in dispute, failed to make a consumer report disclosure, reported inaccurate

information to the credit bureaus, and damaged the character of the Defendant.

180)   On 4/09, 5/09,6/09,7/09,8/09 & 9/09  Plaintiff , GMAC, failed

to report the account as "In Dispute" with the credit Bureaus.

181).   On 4/09, 5/09,6/09,7/09,8/09 & 9/09  Plaintiff, GMAC,  refused to

credit  payments as required by law.

182).   On 4/09, 5/09,6/09,7/09,8/09 & 9/09  Plaintiff , GMAC,  reported

inaccurate and derogatory information about Defendant ,while in dispute, in

violation of "The Fair Credit Reporting Act". 15 U.S.C. 1681

183) Plaintiff,  GMAC,  committed the acts herein alleged maliciously,

fraudulently, and oppressively, with reckless disregard of Defendants rights.

conduct by the Plaintiff , GMAC, amounted to malice and was carried out in a

despicable, deliberate, cold, callous and intentional manor thereby entitling

Defendant to recover punitive damages from the Plaintiff , GMAC, in an amount

according to proof.

184)  Defendant is informed and believes that as a further result of

Plaintiff's , GMAC, conduct, defendant has suffered economic damages in the

amount to be proven at trial.

185)   Defendant is informed and believes and thereon alleges that as a

49

result of the misrepresentation of the Plaintiff, GMAC, Defendant has suffered

Severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED


## TWENTY EIGHTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff, GMAC, allege as

follows:

186) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

187) Defendant disputed the payment history, payments credited as well

as payment amount several times and Plaintiff, GMAC, failed to follow the

procedure under " Fair Debt Collections Practices Act".Defendant(s) failed to

report to the Credit Bureaus that the loan was in dispute, failed to make a

consumer report disclosure, reported inaccurate information to the credit

bureaus, and damaged the character of the Defendant.

188). Plaintiff, GMAC, failed on 4/09, 5/09,6/09,7/09,8/09 & 9/09

to report to credit bureaus "As Disputed". Section 807(f) 15 U.S.C. 1601,

15 U.S.C. 1692 ,1692-1622p

189). Plaintiff, GMAC, on failed to credit Defendant's payments as

required on 4/09, 5/09,6/09,7/09,8/09 & 9/09.

190). On 4/09, 5/09,6/09,7/09,8/09 & 9/09 Plaintiff, GMAC, reported

inaccurate and derogatory information about Defendant, while in dispute, in

violation of "The Fair Debt Collection Practices Act" Sec 809(b). Plaintiff ,

GMAC, failed to protect the credit rating of the Defendant without validating

debt, and while in dispute 15 U.S.C. 1601, 15 U.S.C. 1692 1692-1622p;

Therefore this constitutes violations of "The Fair Credit Extension Uniformity Act"

73 P.S. 2270.1 & "The Unfair Trade Practices and Consumer Protection Law

UTPCPL 73 P.S. 201-1 & 201-9.2.

191) Plaintiff, GMAC, continued collection activity and reported

Misinformation to credit bureaus even when debt was not validated. "Fair Debt

Collection Practices Act"809(b).

192) Plaintiff, GMAC, committed the acts herein alleged

maliciously, fraudulently, and oppressively, with reckless disregard of Defendants

rights. Conduct by the Plaintiff, GMAC, amounted to malice and was carried out

in a despicable, deliberate, cold, callous and intentional manor thereby entitling

Defendant to recover punitive damages from the Plaintiff, GMAC, in an amount

according to proof.

193) Defendant is informed and believes that as a further result of

Plaintiff's, GMAC, conduct, defendant has suffered economic damages in the

amount to be proven at trial.

194) Defendant is informed and believes and thereon alleges that as a

result of the misrepresentation of the Plaintiff, GMAC, Defendant has suffered

Severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

# TWENTY NINTH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff(s), LBA, Eagle &

GMAC as a subsequent lender, allege as follows

195) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

196) Plaintiff(s) LBA, Eagle & GMAC as a subsequent lender

mischaracterized the debt as a result of a TILA, "Truth in Lending Act" violation

constituting a violation of the FCEUA, "The Fair Credit Extension Uniform Act".

73 P.S. 2270.4(b)(5)(ii) & 2270.49(b) (6)(I). Did not properly disclose all terms

per TILA; Mischaracterized the escrow disclosure, APR disclosure (provided 2

APR disclosures at settlement and did not disclose correct APR prior to closing),

Total payments on TILA/REG "Z" disclosure indicating total number of payments

per TILA.

197) Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender, and each

of them, committed the acts herein alleged maliciously, fraudulently, and

oppressively, with reckless disregard of Defendants rights. Conduct by the

Plaintiff, LBA, Eagle & GMAC as a subsequent lender, and each of them,

amounted to malice and was carried out in a despicable, deliberate, cold, callous

and intentional manor thereby entitling Defendant to recover punitive damages

from the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender in an amount

according to proof.

198) Defendant is informed and believes that as a further result of Plaintiff's, LBA, Eagle & GMAC as a subsequent lender conduct, defendant has suffered economic damages in the amount to

be proven at trial.

199)  Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff(s), LBA, Eagle & GMAC as a subsequent lender  Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTIETH CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Plaintiff, GMAC,  allege as follows

200) Defendant repeats and re pleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

201) Plaintiff, GMAC, caused "Defamation of Character" of Defendant for several reasons:  A) Plaintiff ,GMAC, reported derogatory, inaccurate and false information to credit bureaus while in dispute with Plaintiff; The account Is still in dispute with Plaintiff, GMAC, , i.e. legal action, and the Plaintiff , GMAC,

continued to defame Defendant by reporting derogatory, inaccurate, and false information to the credit bureaus . B) Plaintiff , GMAC, defamed Defendant by filing illegal foreclosure action in violation of RESPA and contract law defaming Defendant and mischaracterizing the debt to the public. C) Reported false and inaccurate information to HUD indicating Kenneth J Taggart was in default and that Kenneth J Taggart has not made payments as per loan terms. If fact GMAC Would not accept loan payments as per the loan terms and declared the loan As "Delinquent or In Default".

202) Plaintiff, GMAC, , committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the Plaintiff, GMAC, , amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Defendant to recover punitive damages from the Plaintiff in an amount according to proof.

203) Defendant is informed and believes that as a further result of Plaintiff's, GMAC, conduct, defendant has suffered economic damages in the amount to be proven at trial.

204) Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff, GMAC, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

## THIRTY FIRST CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR

RELIEF for Intentional Misrepresentation against Plaintiff, GMAC, allege as

follows

205) Defendant repeats and re pleads paragraphs 1 through 30 and

incorporates the allegations by reference as though fully set-forth herein.

206) Plaintiff , GMAC, violated Privacy Rights and U.S. Constitutional

Rights of Defendant by publicizing and filing foreclosure and submitting false

information to the public and government including HUD . Also requesting name

of person and personal information of residents in the property. Plaintiff, GMAC,

has no legal right to report any Payment or financial information to the credit

bureaus. Defendant has never given consent to Plaintiff to report private

information to any third party. The plaintiff, GMAC, has violated the Defendants

U.S. Constitutional Rights including the 1st Amendment of Freedom of

Expression by depriving defendant the right to be a FHA appraiser or participate

in any other government programs, The 4th Amendment by depriving defendant

of Life Liberty and Property without due process (The defendant has been barred

from participating In government programs including the participation as an FHA

Appraiser due to The inaccurate reporting without due process), The 14th

Amendment,  by depriving Defendant of life, liberty or property without due

process of the law and  denied the defendant within its jurisdiction the equal

protection of the laws. The actions by GMAC  has resulted in a permanent loss

of income by Defendant, Kenneth J Taggart.

207) Plaintiff, GMAC, committed the acts herein alleged maliciously, fraudulently, and oppressively, with reckless disregard of Defendants rights. Conduct by the Plaintiff,, GMAC, amounted to malice and was carried out in a despicable, deliberate, cold, callous and intentional manor thereby entitling Defendant to recover punitive damages from the Plaintiff , GMAC, in an amount according to proof.

208) Defendant is informed and believes that as a further result of Plaintiff's, GMAC, conduct, defendant has suffered economic damages in the amount to be proven at trial.

209) Defendant is informed and believes and thereon alleges that as a result of the misrepresentation of the Plaintiff, GMAC, Defendant has suffered severe emotional distress in an amount to be proven at trial.

ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS PRAYED

# THIRTY SECOND CLAIM FOR RELIEF

COMES NOW DEFENDANT and for the separate and distinct CLAIM FOR RELIEF for Intentional Misrepresentation against Plaintiff, GMAC, allege as follows

210) Defendant repeats and re pleads paragraphs 1 through 30 and incorporates the allegations by reference as though fully set-forth herein.

211) Plaintiff, GMAC, violated the "Mortgage Property Insurance

Coverage Act" 7 P.S. 6701, PA ST 7 P.S. 6701  & 6703  by attempting to

require more money in escrow than allowed by law and causing and/or illegally

filing foreclosure as a result of such breach. Lender , GMAC, also "Force Placed

Insurance" on Defendant even though Defendant had adequate insurance and

provided proof to Plaintiff, GMAC, ; Furthermore, GMAC, is charging well

above market rates to increase profits for Plaintiff,  GMAC, and not returning this

to Defendant.  Plaintiff, GMAC, is still currently refusing to return $7,800

insurance premium charged and is still charging more than required by law in

monthly escrow payments.

212) Plaintiff,  GMAC, committed the acts herein alleged maliciously,

fraudulently, and oppressively, with reckless disregard of Defendants rights.

Conduct by the Plaintiff, and each of them, amounted to malice and was carried

out in a despicable, deliberate, cold, callous and intentional manor thereby

entitling Defendant to recover punitive damages from the Plaintiff in an amount

according to proof.

213)  Defendant is informed and believes that as a further result of

Plaintiff's, GMAC,  conduct, defendant has suffered economic damages in the

amount to be proven at trial.

214)   Defendant is informed and believes and thereon alleges that as a

result of the misrepresentation of the Plaintiff, GMAC, , Defendant has suffered

severe emotional distress in an amount to be proven at trial.


ALL FOR WHICH DEFENDANT SEEKS DAMAGES AND OTHER RELIEF AS
PRAYED

ALL FOR WHICH PLAINTIFF PRAY AS FOLLOWS

<u>On all Claims for Relief:</u>

1. Compensatory Damages in an amount to be proven at trial;

2. General Damages in the amount in excess of $5,000,000 or to be proven at trial;

3. Punitive Damages in the amount in excess of $5,000,000 or to be proven at trial;

4. Statutory Damages in the amount to be proven at trial;

5. Special Damages in the amount to be proven at trial;

6. Treble Damages in the amount to be proven at trial;

7. Rescission of Loan;

8. Cost of suit;

9. Attorneys fees; and,

10. Such other relief as the court deems just and proper

Dated _April 28th_ 2010

Kenneth J Taggart

Plaintiff

Pro Se

58