**Hearing Date: January 14, 2015 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Deadline: December 10, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

JEROME N. FRANK LEGAL
SERVICES ORGANIZATION
P.O. Box 209090
New Haven, CT 06520-9090
Tel: 203-432-4800
Fax: 203-432-1426
J.L. Pottenger, Jr.

*Counsel for Claimant Leslie Watley*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No.  12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | December 10, 2014 |
| | ) | |

**MEMORANDUM REQUESTING ENLARGEMENT OF TIME AND OPPOSING
RESCAP BORROWER CLAIMS TRUST'S SEVENTY-SIXTH OMNIBUS
OBJECTION TO CLAIMS (CLAIM 2452, LESLIE WATLEY)**

# TABLE OF CONTENTS

I.   INTRODUCTION ................................................................................................. 1

II.  FACTUAL HISTORY ......................................................................................... 1

III.  MS. WATLEY IS NOT JUDICIALLY ESTOPPED FROM PURSUING HER
CLAIMS AGAINST THE BORROWER TRUST. ............................................... 3

   A.   The Court should apply Connecticut judicial estoppel rules in this case if the
choice of judicial estoppel rules is outcome-determinative. ........................................ 4

   B.   Under Connecticut judicial estoppel rules, Ms. Watley's Claims are not estopped.8

   C.   Even under Second Circuit precedent, Ms. Watley's Claims are not estopped..... 12

IV.  MS. WATLEY'S BANKRUPTCY TRUST IS NOT JUDICIALLY ESTOPPED
FROM PURSUING THE CLAIMS AGAINST THE BORROWER TRUST ................. 15

V.   MS. WATLEY REQUESTS AN ENLARGMENT OF TIME PURSUANT TO
FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1) TO OPPOSE THE
BORROWER TRUST'S OBJECTION TO STANDING. ............................................. 16

VI.  EITHER MS. WATLEY OR HER BANKRUPTCY TRUST HAS STANDING TO
PURSUE THE CLAIMS AGAINST THE BORROWER TRUST ................................ 17

   A.   Ms. Watley's bankruptcy trust has standing to pursue her Claims against the
Borrower Trust ........................................................................................................... 17

   B.   If Ms. Watley's bankruptcy trustee abandons the Claims Ms. Watley will have
standing to pursue them. ............................................................................................. 19

VII.  CONCLUSION ................................................................................................. 20

i

# TABLE OF AUTHORITIES

## CASES

*Adelphia Recovery Trust v. Goldman,* Sachs & Co., 748 F.3d 110 (2d Cir. 2014) .......... 16

*Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23 (1st Cir. 2004) ................. 8

*Ass'n Res., Inc. v. Wall*, 2 A.3d 873 (Conn. 2010).............................................. 9, 10, 11, 12

*Astor Chauffeured Limousine Co. v. Runnfeldt Inv. Corp.*, 910 F.2d 1540 (7th Cir. 1990)
......................................................................................................................... 9

*Cessario v. Hartford Roman Catholic Diocesan Corp.*, No. HHD-CV-106012782, 2012
WL 335868 (Conn. Super. Ct. Jan. 5, 2012).......................................................... 12, 13

*DeRosa v. National Envelope Corp.*, 595 F.3d 99 (2d Cir. 2010) ............................. 10, 16

*Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938)....................................................... 7

*Fidelity & Deposit Co. v. Fitzgerald (In re Midyett & May Constr. Co.)*, 272 F.2d 121
(10th Cir. 1959), *cert. denied*, 362 U.S. 919 (1960),.................................................. 23

*GMAC Mortgage, LLC v. Leslie D. Watley*, Docket No. NNH-cv-10-6015961-S (Conn.
Super. Ct.)................................................................................................................... 20

*Goldson v. Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP*, No. 13-CV-2747-
GBD-FM, 2014 WL 4061157 (S.D.N.Y. July 11, 2014)........................................... 15

*Grammer v. Mercedes Benz of Manhattan*, No 12-CV-6005-LTS-JCF, 2014 WL 1040991
(S.D.N.Y. Mar. 13, 2014)........................................................................................... 17

*In re Black & Geddes, Inc.*, 58 B.R. 547 (Bankr. S.D.N.Y. 1983).................................. 20

*In re Coudert Bros. LLP*, 673 F.3d 180 (2d Cir. 2012) .............................................. passim

*In re Enron Corp.*, 419 F.3d 115 (2d Cir. 2005)............................................................ 21

*In re Integrated Res., Inc.*, 157 B.R. 66 (S.D.N.Y. 1993) ............................................. 21

*In re Lipman*, 65 F.2d 366 (2d Cir. 1933)...................................................................... 21

*In re McLean Industries, Inc.*, 121 B.R. 704 (Bankr. S.D.N.Y. 1990)............................ 20

*In re Neptune World Wide Moving, Inc.* 111 B.R. 457 (Bankr. S.D.N.Y. 1990) ............... 8

*In re Residential Capital, LLC*, 513 B.R. 856 (Bankr. S.D.N.Y. 2014) ............................ 8

*In re Residential Capital, LLC*, No. 12-12020-MG, 2014 WL 301974 (Bankr. S.D.N.Y.
Jan. 27, 2014)................................................................................................................ 8

*In re Segretario*, 258 B.R. 541 (Bankr. D. Conn. 2001).................................................. 7

*In re Unioil, Inc.*, 962 F.2d 988 (10th Cir. 1992) ......................................................... 22

*Klaxon Co. v. Stentor Elec. Mfg. Co.* 313 U.S. 487 (1941)........................................ 5, 7

*Matter of Ovetsky*, 100 B.R. 115 (Bankr. N.D. Ga. 1989)............................................. 7

*Matter of Paul R. Dean Co., Inc.*, 460 F. Supp. 452 (W.D.N.Y. 1978)........................... 23

*Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron)*, 419 F.3d 115
(2d Cir. 2005)................................................................................................................ 21

*Mitchell v. Washingtonville Cent. Sch. Dist.*, 190 F.3d 1 (2d Cir. 1999) ....................... 14

*New Hampshire v. Maine*, 532 U.S. 742 (2001)......................................................... 9, 14

*Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004)........................................ 18

*Peoples v. Carberry*, No. FST-CV-105013413, 2012 WL 1662623 (Conn. Super. Ct. Apr.
20, 2012) ...................................................................................................................... 12

*Reed v. City of Arlington*, 650 F.3d 571 (5th Cir. 2011)................................................. 18

*Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 397 (2d Cir. 2011)...................... 16

*Simon v. Safelite Glass Corp.*, 128 F.3d 68, 73 (2d Cir. 1997) .................................. 10, 14

*Stephens v. Nat'l Distillers & Chem. Corp.*, No. 91-CIV-2901-JSM-KAR, 1993 WL
    228851 (S.D.N.Y. June 18, 1993) *aff'd*, 69 F.3d 1226 (2d Cir. 1995) (Jan. 11, 1996)... 5
*Stephenson v. Malloy*, 700 F.3d 265 (6th Cir. 2012) ..................................................... 18
*Sun Oil v. Wortman*, 486 U.S. 717 (1988) ........................................................................ 6
*Van Dusen v. Barrack*, 376 U.S. 612 (1964) ................................................................ 4, 5
*Vanston Bondholders Protective Comm. v. Green*, 329 U.S. 156 (1946).......................... 7

## STATUTES

28 U.S.C. § 1404(a) ........................................................................................................ 4
The Rules of Decision Act, 28 U.S.C. § 1652 .................................................................. 9

## RULES

Fed. R. Bankr. P. 9006(b)(1)........................................................................................... 1
Federal Rule of Bankruptcy Procedure 9006(b)(1), ....................................................... 16

## OTHER AUTHORITIES

Restatement (Second) of Conflicts § 142(i) (1971)............................................................ 6

## I.    INTRODUCTION

Leslie Watley filed a Proof of Claim in the above-captioned bankruptcy with respect to counterclaims she asserted in Connecticut state court against GMAC Mortgage, LLC ("GMAC") in a pending foreclosure proceeding. The ResCap Borrower Claims Trust's ("Borrower Trust") objection to Ms. Watley's claims states two reasons for disallowance: judicial estoppel and lack of standing. *See* Notice of ResCap Borrower Claims Trust's Seventy-Sixth Omnibus Objection to Claims, Exhibit 1, 45-6, Nov. 10, 2014. In this Memorandum, Ms. Watley (i) opposes the objection based on judicial estoppel on the ground that her nondisclosure in bankruptcy was a good faith mistake; and (ii) requests more time to respond to the objection based on standing pursuant to Federal Rule of Bankruptcy Procedure 9006(b)(1), so that she can obtain a ruling on her pending petition to reopen her bankruptcy. If the bankruptcy is reopened, either Ms. Watley or the trustee of her bankruptcy estate will have standing to pursue these Claims. If the Watley bankruptcy trustee decides to pursue the Claims, the trust will not be judicially estopped.

## II.    FACTUAL HISTORY

On October 14, 2010 GMAC filed a complaint against Ms. Leslie Watley in the Superior Court of Connecticut, Judicial District of New Haven. In its complaint GMAC sought foreclosure of Ms. Watley's home, located at 22 Conhurst Drive, North Haven, Connecticut. *See* Exhibit A.

On September 22, 2011, after a year of unsuccessful mediation, Ms. Watley filed her answer to GMAC's complaint. Ms. Watley denied being in default under the parties' Permanent Modification Agreement and asserted five special defenses. *See* Exhibit B.

Ms. Watley also asserted six counterclaims against GMAC ("the Claims"). Five Claims

arose under Connecticut common law, and one claim alleged violations of the

Connecticut Unfair Trade Practices Act ("CUTPA").

On May 14, 2012 GMAC, along with the other debtors captioned above, filed for

Chapter 11 bankruptcy in this Court.

On August 2, 2012 Superior Court Judge Terence Zemetis denied GMAC's

Motion for Summary Judgment. *See* Exhibit C. Judge Zemetis found that Ms. Watley's

special defenses—which arise from the same factual circumstances as the Claims—raise

genuine issues of material fact as to whether Ms. Watley was in default when GMAC

initiated foreclosure.

On November 6, 2012 Ms. Watley's undersigned counsel filed a Proof of Claim

on her behalf in this Court, attaching her Answer, Counterclaim, and exhibits

documenting the factual basis for the Claims.

On November 30, 2012 Ms. Watley filed a petition for bankruptcy under Chapter

7 in the U.S. Bankruptcy Court for the District of Connecticut. Ms. Watley's undersigned

counsel here and in the GMAC foreclosure suit did not represent Ms. Watley in her

bankruptcy. Ms. Watley provided her bankruptcy attorney with documentation about her

foreclosure, but did not understand that the Claims were "assets." Nor did she distinguish

between her special defenses and the Claims, and so she did not specifically call her

Claims to the attention of her bankruptcy attorney. *See* Exhibit D (Affidavit of Leslie

Watley). In her bankruptcy schedules, Ms. Watley listed GMAC as a creditor, providing

them with notice of the proceedings. *See* Exhibit E.

2

On March 13, 2013 Ms. Watley received an order of discharge from the Bankruptcy Court. *See* Exhibit F.

On December 11, 2013 this Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors,* approving the terms of the Chapter 11 Plan ("the Plan") and creating the Borrower Trust. Recognizing the magnitude and likely success of borrower claims against the debtors, the Plan provided for the transfer of $57,600,000 to the Borrower Trust for the benefit of claimants, like Ms. Watley, who alleged injury resulting from the origination, sale, or servicing of mortgage loans.

On November 10, 2014 Ms. Watley received notice that the Claims had not been listed in her Chapter 7 schedules and that the Borrower Trust was objecting to Ms. Watley's proof of claim based on that omission.

On December 8, 2014, Ms. Watley filed a motion to reopen her case in the U.S. Bankruptcy Court for the District of Connecticut and list the Claims as assets. *See* Exhibit G. Ms. Watley paid both a filing fee and attorney's fee to do so. *See* Exhibit D (Affidavit of Leslie Watley).

## III.    MS. WATLEY IS NOT JUDICIALLY ESTOPPED FROM PURSUING HER CLAIMS AGAINST THE BORROWER TRUST.

Under Connecticut judicial estoppel rules, Ms. Watley is not estopped from pursuing the Claims. The same is true under Second Circuit law, although the District Court for the Southern District of New York has described a stricter standard. If this Court should determine that the federal precedent is contrary to Connecticut law, then the choice of law issue becomes outcome-determinative, and the Court should rely upon the

law of Connecticut, the forum in which the claim was originally filed. *See In re Coudert Bros. LLP*, 673 F.3d 180, 190 (2d Cir. 2012).

### A. The Court should apply Connecticut judicial estoppel rules in this case if the choice of judicial estoppel rules is outcome-determinative.

The Second Circuit has found that claims brought into a Bankruptcy Court from another jurisdiction are governed by the law of the transferor court for outcome-determinative issues. The court held that claims brought into a Bankruptcy Court from the jurisdiction in which they were originally filed should be treated as though they had been subject to venue transfer pursuant to 28 U.S.C. § 1404(a). *See In re Coudert Bros.*, 673 F.3d at 182 ("Although the case was not technically transferred under 28 U.S.C. § 1404(a) the practical effect of filing a proof of claim in the bankruptcy court was to transfer the case from Connecticut federal court to New York federal court"). When a case is transferred under § 1404(a), the transferee court must apply the law of the transferor court with regard to all outcome-determinative matters. *See Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964) (holding that "[a] change of venue under § 1404(a) generally should be, with respect to state law, but a change of courtrooms," and clarifying in a footnote that "the transferee District Court may apply its own rules governing the conduct and dispatch of cases in its court. We are only concerned here with those state laws of the transferor State which would significantly affect the outcome of the case"). This outcome-determinative rule is independent of substance-procedure distinctions that might otherwise apply. *See Stephens v. Nat'l Distillers & Chem. Corp.*, No. 91-CIV-2901-JSM-KAR, 1993 WL 228851, at *2 (S.D.N.Y. June 18, 1993) *aff'd*, 69 F.3d 1226 (2d Cir. 1995) (Jan. 11, 1996) ("*Van Dusen* would automatically apply local law only

4

where such law does not 'significantly affect' the outcome of the case regardless of any 'procedural' versus 'substantive' distinction"). The logic of *In re Coudert Bros.* and *Van Dusen* therefore requires that the court apply Connecticut judicial estoppel rules in the present case if the judicial estoppel question is outcome-determinative. That is, if applying federal judicial estoppel rules would require disallowing Ms. Watley's Claims, the Court should apply Connecticut judicial estoppel rules.

In *In re Coudert Bros.*, the Second Circuit recognized a distinction between a federal court sitting in diversity and the "hybrid situation" presented by a federal bankruptcy court. *In re Coudert Bros.*, 673 F.3d at 186. In that case, the dispute concerned whether the bankruptcy court should have applied the choice of law rules of Connecticut—where the claimant originally filed suit—or New York—where the proof of claim was filed in the defendant's subsequent bankruptcy. Federal courts sitting in diversity usually apply the choice of law rules of the state in which they sit. *See Klaxon Co. v. Stentor Elec. Mfg. Co.* 313 U.S. 487 (1941). In this case, however, the Second Circuit required bankruptcy courts to do otherwise. The court's reasoning is worth quoting at length:

> Except by the most formalistic of interpretations, Statek—the claimant here—did not choose to litigate in New York. Instead, it affirmatively chose to file its complaint against Coudert somewhere else. The record is clear that Statek exercised its venue privilege in favor of Connecticut. Only in the midst of the Connecticut proceedings—well after they were initiated, when Coudert had filed for bankruptcy—did Statek come to New York. Realistically, Statek had no other option. That Statek's participation in the bankruptcy is an extension of the Connecticut action is beyond doubt. Statek could only hold itself out as a potential creditor in the bankruptcy by virtue of the pending Connecticut action, and, accordingly, its proof of claim was nothing more than a copy of the Connecticut complaint. The two proceedings are functionally one and the same.

> Under these circumstances, it would be fundamentally unfair to allow
> Coudert's bankruptcy, coming as it did in the midst of the Connecticut
> action, to deprive Statek of the state-law advantages adhering to the
> exercise of its venue privilege.

*In re Coudert Bros.*, 673 F.3d at 190 (internal citations omitted). Replace "Statek" with

"Ms. Watley" and "Coudert" with "GMAC" and the conclusion follows directly: if the

judicial estoppel question in this case is outcome-determinative, the judicial estoppel

rules of Connecticut should apply.[1]

    Courts have also recognized the importance of ensuring that claimants do not lose

rights by moving into a bankruptcy court when deciding what statute of limitations

applies. Under traditional choice of law principles, the statute of limitations is a

procedural rule. *See* Restatement (Second) of Conflicts § 142(i) (1971); *Sun Oil v.

Wortman*, 486 U.S. 717, 722-26 (1988). Under *Erie* and *Klaxon*, a federal court sitting in

diversity applies the statute of limitations rule picked out by the choice of law principles

of the jurisdiction in which it sits. *See In re Coudert Bros.*, 673 F.3d at 188; *see also Erie

R.R. Co. v. Tompkins*, 304 U.S. 64 (1938). Bankruptcy courts follow neither of these

rules. They treat statutes of limitations neither as procedural rules governed by federal

law nor as substantive rules governed by the law of the state in which the court sits, but

rather apply the statute of limitations of the state where the claim was originally filed,

citing concerns about fundamental fairness. *See In re Segretario*, 258 B.R. 541, 545

(Bankr. D. Conn. 2001) (citing *Vanston Bondholders Protective Comm. v. Green*, 329

U.S. 156, 167 n.10 (1946)) ("It is fundamentally unfair, and subversive of uniformity, for

---

[1] The characterization of bankruptcy as a "hybrid situation," *distinct from* a federal court
sitting in diversity, also compels the conclusion that precedent from federal courts sitting
in diversity is inapplicable.

a debtor in the Defendant's position to be permitted to defeat a creditor's claim—which

was timely prosecuted in, and under the law of, the state with the greatest interest in the

dispute—through the simple maneuver of filing a bankruptcy case in a different state

where a less generous statute of limitation arguably controls"); *Matter of Ovetsky*, 100

B.R. 115, 118 (Bankr. N.D. Ga. 1989) ("It is a basic tenet of bankruptcy law that debts

are fixed prior to the filing of a bankruptcy petition. A claim which was valid prior to

bankruptcy should not be disallowed solely because the state law of the state in which the

debtor has chosen to reside and file bankruptcy and which has no relation to the claim

would not allow a recovery"). Indeed, the dispute over choice of law in *In re Coudert

Bros.* was significant because it determined whether New York's borrowing statute,

which had the effect of shortening the applicable statute of limitations, would apply. *In re

Coudert Bros*, 673 F.3d at 190.

       In a prior proceeding in this case, this Court recognized that judicial estoppel rules

are not entirely procedural, and so applied the judicial estoppel rules of the jurisdiction

where the claimant originally filed her case. *See In re Residential Capital, LLC*, No. 12-

12020-MG, 2014 WL 301974, at *7 (Bankr. S.D.N.Y. Jan. 27, 2014) (applying Eleventh

Circuit precedent). In the cases in this Circuit where federal bankruptcy courts have

applied federal judicial estoppel law to state law claims, they have generally done so

without considering the alternative, indicating that the matter was not briefed. *See, e.g.,

In re Neptune World Wide Moving, Inc.* 111 B.R. 457, 461 (Bankr. S.D.N.Y. 1990).[2]

---

[2] The mere fact that these federal courts cite federal precedent in deciding the judicial
estoppel question is not evidence that federal judicial estoppel rules apply. Federal courts
have regularly avoided resolving this *Erie* issue when not disputed by the parties. *See,
e.g., Alternative Sys. Concepts, Inc. v. Synopsys, Inc.*, 374 F.3d 23, 32 (1st Cir. 2004)
("As judicial estoppel appears neither clearly procedural nor clearly substantive, there

**B.    Under Connecticut judicial estoppel rules, Ms. Watley's Claims are not estopped.**

The Connecticut law of judicial estoppel does not bar Ms. Watley's Claims

because her failure to list the Claims in her bankruptcy was a good faith mistake. Under

Connecticut law, judicial estoppel is an equitable doctrine, limited in its application to

cases where a party would otherwise derive an unfair advantage due to their own bad

faith. "[J]udicial estoppel is an equitable doctrine invoked by a court at its discretion."

*Ass'n Res., Inc. v. Wall*, 2 A.3d 873, 891 (Conn. 2010) (quoting *New Hampshire v.*

*Maine*, 532 U.S. 742, 750 (2001)).[3] To invoke the doctrine of judicial estoppel, a party

must demonstrate three things: "1) a party's later position is clearly inconsistent with its

earlier position; 2) the party's former position has been adopted in some way by the court

---

may be a legitimate question as to whether federal or state law . . . should supply the rule
of decision. Having noted this question, we swiftly lay it to one side. The parties have
addressed the judicial estoppel issue on the frank assumption that federal standards
control and the district court operated on that assumption"); *Astor Chauffeured Limousine*
*Co. v. Runnfeldt Inv. Corp.,* 910 F.2d 1540, 1551 (7th Cir. 1990) ("The Supreme Court . .
. has expanded [The Rules of Decision Act, 28 U.S.C.] § 1652 beyond the understanding
of 1789, treating as rules of decision those procedural rules that are 'outcome
determinative'. This expansion makes the choice between state and federal law hard for a
doctrine such as judicial estoppel, a hybrid between substance and process that on
occasion affects the outcome. Mercifully, the parties have spared us the choice, by
ignoring the potential effects of *Erie*. Both sides have treated judicial estoppel as a
doctrine to be shaped by the court in which the case is pending") (internal citations
omitted).

[3] The Connecticut Supreme Court outlined its doctrine of judicial estoppel as a matter of
first impression only very recently, in *Ass'n Res., Inc. v. Wall*, 2 A.3d 873, 891 (Conn.
2010). In doing so, the Court "turn[ed] for guidance to the significant body of federal
case law addressing this doctrine," *id.* at 890, drawing in particular on Second Circuit
precedent such as *DeRosa v. National Envelope Corp.,* 595 F.3d 99, 103 (2d Cir. 2010)
and *Safelite Glass Corp.,* 128 F.3d at 73, in its key holding, namely, that a good-faith
exception applies. *See Wall*, 2 A.3d at 891. The conclusion that this Court should follow
its earlier precedent in applying Connecticut law on this issue is therefore further
buttressed by the fact that in doing so, it adopts principles consistent with federal law in
this Circuit.

in the earlier proceeding; and 3) the party asserting the two positions would derive an
unfair advantage against the party seeking estoppel." *Wall*, 2 A.3d at 891. The
Connecticut Supreme Court has further limited application of that discretion "to
situations where the risk of inconsistent results with its impact on judicial integrity is
certain." *Id.* (quoting *DeRosa v. National Envelope Corp.*, 595 F.3d 99, 103 (2d Cir.
2010)). Specifically, the doctrine does not apply where the "first statement or omission
was the result of a good faith mistake . . . or an unintentional error." *Wall*, 2 A.3d at 891
(quoting *Simon v. Safelite Glass Corp.*, 128 F.3d 68, 73 (2d Cir. 1997)).

    Ms. Watley's inadvertent omission from her bankruptcy petition presents the
canonical example of such a "good faith mistake" under Connecticut law. The
Connecticut Supreme Court addressed judicial estoppel in a procedural posture that
closely resembled the instant case: the defendant in that employment litigation matter
asserted judicial estoppel as a defense based on the failure to list the relevant claims in a
prior bankruptcy filed by the plaintiff, Wall. *Wall*, 2 A.3d at 882-83. As in the instant
case, Wall's claims had arisen initially as a set of *counterclaims* to the defendant's suit
against Wall, and the filing of both defendant's suit and Wall's counterclaims occurred
*before* Wall's bankruptcy petition was filed. *Id.* at 883. The *Wall* court held that judicial
estoppel did not apply in such circumstances, and that Wall could proceed with his
counterclaims—notwithstanding his earlier mistake in failing to list those claims on his
bankruptcy.

    In coming to this decision, the Connecticut Supreme Court explicitly declined to
apply the "body of federal case law that is hostile to an inadvertence or good faith
mistake exception [and holds that] . . . such claims will only be deemed inadvertent or

due to mistake when either the debtor has no knowledge of the claims or no motive to conceal them" *Id.* at 892 n.28 (internal quotations and citations omitted). Rather, the court chose to uphold the lower court's finding of a mistake "[g]iven the lack of evidence in the record with respect to any manipulative intent by the plaintiff." *Id.*

Ms. Watley meets, or is in the process of meeting, the factors set forth in *Wall* as the basis of the court's equitable holding denying judicial estoppel. In *Wall*, the Connecticut Supreme Court upheld the trial court's refusal to grant a dismissal on judicial estoppel grounds in the absence of "any evidence contradicting the plaintiff's assertion that he did not realize that he was supposed to list this counterclaim as an asset in the bankruptcy proceeding, and was not advised to that effect by his bankruptcy attorney," and the absence of "a risk of inconsistent results between the state and federal courts," or any prejudice to the Bankruptcy Court or plaintiff's creditors. *Id.* at 892. Like Wall, Watley has asserted without contradiction that her mistake in failing to list her Claims was inadvertent. Nor can the Borrower Trust argue that it has been prejudiced by this mistake; the Claims are dwarfed by the magnitude of the estate's obligations and assets. Furthermore, by moving to reopen her bankruptcy proceedings, Ms. Watley has ensured that neither her creditors nor the Bankruptcy Court will be prejudiced by her earlier mistake in omitting the Claims. Finally, by moving to reopen her bankruptcy, Ms. Watley has sought to reconcile her Claims in the instant proceeding with the earlier result, obviating any inconsistency, at personal expense.[4] *See* Exhibits G, D.

---

[4] In an unpublished opinion, a lower Connecticut court has held that a successful motion to reopen a bankruptcy precludes the application of judicial estoppel altogether. Where "the plaintiff filed a motion to reopen his bankruptcy proceeding to permit him to amend his schedule of assets by adding his claim against the defendants, [i]f this motion were granted, and the plaintiff amended his schedule of assets as indicated, the plaintiff's conduct would no longer meet the first

In both *Wall* and subsequent cases applying it, Connecticut courts have implied that the burden remains on the party seeking estoppel to prove the necessary prejudice and bad faith. *See, e.g. Peoples v. Carberry*, No. FST-CV-105013413, 2012 WL 1662623, at *4 (Conn. Super. Ct. Apr. 20, 2012) ("To establish the merits of the judicial estoppel defense the defendant will have to prove its elements, including perhaps the fact that the Bankruptcy Court relied on the failure of the plaintiff to list her claim against the defendant among her assets."); *Cessario v. Hartford Roman Catholic Diocesan Corp.*, No. HHD-CV-106012782, 2012 WL 335868, at *10 (Conn. Super. Ct. Jan. 5, 2012) ("the defendants have not provided any evidence that the plaintiff's failure to list this action as an asset in the bankruptcy proceeding was an act of bad faith, rather than an unintentional omission"). The Borrower Trust has produced no evidence contradicting the Affidavit (Exhibit D) submitted today by Ms. Watley; if the trustee were to do so, applying Connecticut law would require this Court to engage in fact-finding prior to estopping Ms. Watley's Claims.

While potentially of significant import to Ms. Watley, her Claims are but a few of the many subject to the ResCap bankruptcy proceedings. The Borrower Trust cannot plausibly argue that it was prejudiced in this multi-billion dollar proceeding by Ms. Watley's inadvertent mistake in failing to list her Claims in her own bankruptcy. Ms. Watley's good faith in these proceedings is further evidenced by her willingness to reopen her own bankruptcy, at personal expense, in order to report her Claims. The Borrower Trust seeks this Court's equitable discretion to prevent litigation of these Claims, but does not present any evidence either to contradict Ms. Watley's claim of

element of judicial estoppel." *Cessario v. Hartford Roman Catholic Diocesan Corp.*, No. HHD-CV-106012782, 2012 WL 335868, at *10 (Conn. Super. Ct. Jan. 5, 2012).

inadvertence, *see* Exhibit D, or to demonstrate any prejudice to itself by this mistake. The

Court should therefore deny the trustee's request.

### C. Even under Second Circuit precedent, Ms. Watley's Claims are not estopped.

Under Second Circuit precedent, the equitable doctrine of judicial estoppel does

not apply to the Claims because Ms. Watley's nondisclosure was a good faith mistake.

The doctrine is further inapplicable because Ms. Watley recently moved to reopen her

bankruptcy and list her Claims. By reopening her bankruptcy Ms. Watley has ensured

that she can gain no unfair advantage against the Borrower Trust and has eliminated the

risk of inconsistent in results in different courts.

The Second Circuit, like Connecticut state courts, has recognized that judicial

estoppel does not apply in cases of good faith mistake. *See Simon v. Safelite Glass Corp.,*

128 F.3d 68, 72-73 (2d Cir. 1997) (holding that judicial estoppel does not apply if "the

first statement was the result of a good faith mistake… or an unintentional error."); *see*

*also New Hampshire v. Maine*, 532 U.S. 742, 753 (2001) ("We do not question that it

may be appropriate to resist application of judicial estoppel when a party's prior position

was based on inadvertence or mistake.") (quotations omitted); *Mitchell v.*

*Washingtonville Cent. Sch. Dist.*, 190 F.3d 1, 6 (2d Cir. 1999) ("We have recognized that

judicial estoppel does not apply when the first statement resulted from a good faith

mistake or an unintentional error.") (internal quotations omitted). Ms. Watley's good

faith mistake in failing to list the Claims in her bankruptcy schedules does not estop her

from pursing those Claims in this Court.

Both Ms. Watley's affidavit, and the inferences about Ms. Watley's intent that

can be reasonably inferred from her actions, confirm that the nondisclosure of the Claims

was a good faith mistake. Ms. Watley did not understand that her Claims were assets

under Chapter 7. *See* Exhibit D. Ms. Watley has not benefited in any way from her

mistaken omission. On the contrary, Ms. Watley has incurred additional expenses to

reopen her bankruptcy proceedings and retroactively list her Claims. *Id.* Because GMAC

was a creditor of Ms. Watley, and because she declared bankruptcy while her Claims

against GMAC were in active litigation, GMAC received notice of Ms. Watley's filing in

multiple forums. *See* Exhibit E. Ms. Watley did not think, nor could she have reasonably

thought, that failing to list her Claims would benefit her in any way. Ms. Watley's words

and actions confirm that her conduct falls under the repeatedly recognized exception for

good faith mistakes. Her Claims are therefore not estopped.

Because Ms. Watley lacked motive to conceal her Claims from the bankruptcy

court, her nondisclosure qualifies as a good faith error even under the stricter mistake

standard sometimes adopted by the District Court for the Southern District of New York.

*See, e.g.*, *Goldson v. Kral, Clerkin, Redmond, Ryan, Perry & Van Etten, LLP,* No. 13-

CV-2747-GBD-FM, 2014 WL 4061157, at *5 (S.D.N.Y. July 11, 2014). Under this rule,

"nondisclosure should only be considered inadvertent or mistaken where a debtor either

lacks knowledge of undisclosed claims or has no motive to conceal them." *Id.* However,

as the *Goldson* court acknowledged, the Second Circuit has never adopted this standard

in the bankruptcy context. *Id.* Ms. Watley could only have profited from her

nondisclosure to the bankruptcy court if GMAC remained unaware of the nondisclosure.

But, as noted, GMAC was both a creditor of Ms. Watley and her counterparty in the suit

over the claim in question. Ms. Watley's bankruptcy, and her nondisclosure, was

therefore promptly revealed to GMAC in two separate forums. Ms. Watley could not

13

have reasonably believed that her failure to disclose her claim would remain hidden from
GMAC and she therefore had no motive hide the Claims. Because Ms. Watley had no
motive to hide her Claims from the Bankruptcy Court, her nondisclosure remains a good
faith mistake even under this strictest standard. The Claims therefore are not estopped.

Moreover, in addition to falling under the good faith mistake exception, Ms.
Watley's nondisclosure cannot estop the Claims because Ms. Watley has gained no unfair
advantage against the Borrower Trust, and there is no continuing risk of inconsistent
results. "[T]ypically the application of judicial estoppel requires showing unfair
advantage against the party seeking estoppel." *Adelphia Recovery Trust v. Goldman,
Sachs & Co.*, 748 F.3d 110, 116 (2d Cir. 2014) (quoting *DeRosa v. Nat'l Envelope Corp.*,
595 F.3d 99, 103 (2d Cir. 2010)). Furthermore, judicial estoppel applies "only when the
risk of inconsistent *results* with its impact on judicial integrity is *certain*." *Adelphia*, 748
F.3d at 116 (quoting *Republic of Ecuador v. Chevron Corp.*, 638 F.3d 384, 397 (2d Cir.
2011)) (emphasis added).

By moving to reopen her bankruptcy and list the Claims as assets, Ms. Watley has
eliminated the risk of inconsistent results: the Claims will be pursued or abandoned by
the trustee exactly as if they had been listed at the original time of filing. Reopening the
bankruptcy has also ensured that Ms. Watley cannot gain any unfair advantage. Rather,
she has incurred additional expenses by initially failing to list the Claims in her
bankruptcy schedules. Because the Claims will be pursued exactly as they would have
been had Ms. Watley listed them at the time of filing, the Borrower Trust has not been
disadvantaged in any way. There is no remaining risk of inconsistent results and Ms.
Watley has gained no advantage; applying judicial estoppel is inappropriate in this case.

Ms. Watley's nondisclosure falls under the Second Circuit's good faith mistake exception to judicial estoppel. Furthermore, by reopening her bankruptcy Ms. Watley has erased any potential unfair advantage against the Borrower Trust and has eliminated the risk of inconsistent results. Ms. Watley's Claims are not estopped.

## IV.    MS. WATLEY'S BANKRUPTCY TRUST IS NOT JUDICIALLY ESTOPPED FROM PURSUING THE CLAIMS AGAINST THE BORROWER TRUST.

Ms. Watley's bankruptcy trustee is not estopped from bringing the Claims by Ms. Watley's nondisclosure. In *Grammer v. Mercedes Benz of Manhattan*, No 12-CV-6005-LTS-JCF, 2014 WL 1040991 (S.D.N.Y. Mar. 13, 2014), the debtor did not disclose a potential claim in the bankruptcy petition, but reopened his bankruptcy petition to list the claim. The district court held that the trustee was not judicially estopped from pursuing the claim, because the trustee had never disavowed the existence of the claim. "Judicial estoppel does not bar a trustee who has been substituted into a bankruptcy case because the trustee has never abandoned the plaintiff's discrimination claim and the trustee never took an inconsistent position under oath with regard to such claims." *Id.* at *6 (internal marks omitted) (citing *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004)). The court went on to hold that application of estoppel against the trustee would not be equitable, because there (as here), the trustee was unaware of the existence of the claim, and estopping the trustee would permit the defendant to receive a windfall by not being held responsible for its misconduct. *Id.* While the Second Circuit has not directly addressed the issue, multiple other Circuits have reached the same conclusion. *See, e.g.,* *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268, 1272 (11th Cir. 2004); *Reed v. City of*

15

*Arlington*, 650 F.3d 571, 575 (5th Cir. 2011); *Stephenson v. Malloy*, 700 F.3d 265, 272

(6th Cir. 2012).

### V.    MS. WATLEY REQUESTS AN ENLARGMENT OF TIME PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9006(b)(1) TO OPPOSE THE BORROWER TRUST'S OBJECTION TO STANDING.

Claimant Leslie Watley requests an enlargement of time to oppose the Borrower

Trust's objection to her standing pursuant to Federal Rule of Bankruptcy Procedure

9006(b)(1), which provides this Court with authority to extend the deadline "for cause

shown." Fed. R. Bankr. P. 9006. Ms. Leslie requests that the time be extended until

February 28, 2015, so that she has time to open her bankruptcy, correct her good faith

mistake, and learn whether the trustee decides to pursue these Claims.

Since receiving notice of this objection on November 10, 2014, Ms. Watley and

her attorneys have consulted with her bankruptcy attorney and moved to have her

bankruptcy reopened, so that she can list the Claims against GMAC as assets. The motion

to reopen was filed on December 8, 2014. *See* Exhibit G. Ms. Watley paid both a filing

fee and counsel fees to reopen her bankruptcy. *See* Exhibit D. Once Ms. Watley has

corrected her good faith error by listing her Claims as assets, the Watley bankruptcy trust

will be able to choose either to pursue the claims or abandon them. If her bankruptcy is

reopened and the Claims are listed as assets of the bankruptcy trust, the Borrower Trust's

standing objection will no longer apply.

It would be inequitable to Ms. Watley's creditors to use a short response period to

deny Ms. Watley's bankruptcy trust the opportunity to determine if it wants to pursue

these Claims. That is, because it will take approximately two months for Ms. Watley's

bankruptcy to be reopened and for Ms. Watley's bankruptcy trustee to decide whether to

pursue the Claims, it would be inequitable to allow the Borrower Trust to benefit from

the December 10 response deadline to the potential detriment of Ms. Watley's creditors.

Further, it would be inequitable to use a short response period to deny Ms. Watley the

opportunity to receive some compensation for GMAC's wrongdoing, even while she is

still facing foreclosure due to the incompetent handling of her mortgage modification.

*See GMAC Mortgage, LLC v. Leslie D. Watley*, No. NNH-CV-10-6015961-S, Doc. No.

143.00 (Conn. Super. Ct. Aug. 15, 2014).

## VI.    EITHER MS. WATLEY OR HER BANKRUPTCY TRUST HAS STANDING TO PURSUE THE CLAIMS AGAINST THE BORROWER TRUST.

### A.    Ms. Watley's bankruptcy trust has standing to pursue her Claims against the Borrower Trust.

By asserting that Ms. Watley lacks standing to bring her Claims, the Borrower

Trust essentially concedes that Ms. Watley's trust has standing. Once the Claims have

been properly listed as assets in the reopened bankruptcy, the Watley bankruptcy trust

may choose to pursue the Claims and substitute itself as claimant. This Court has the

authority to allow the proof of claim to be amended to effectuate this substitution.

The decision whether to allow an amendment to a proof of claim rests within the

discretion of the Bankruptcy Judge. *See, e.g., In re McLean Industries, Inc.*, 121 B.R.

704, 708 (Bankr. S.D.N.Y. 1990) ("It is well-settled that the decision to permit an

amendment of a proof of claim rests within the sound discretion of the bankruptcy

judge."); *In re Black & Geddes, Inc.*, 58 B.R. 547, 553 (Bankr. S.D.N.Y. 1983) ("[T]he

propriety of permitting an amendment to any particular claim is an issue traditionally

residing within the sound discretion of the bankruptcy judge."). Courts have traditionally

liberally allowed amendments to proofs of claim. *See, e.g., In re Lipman*, 65 F.2d 366,

368 (2d Cir. 1933) ("The courts have shown great liberality in allowing amendments").

The Second Circuit has affirmed that "[a]mendment to a claim is freely allowed where

the purpose is to cure a defect in the claim as originally filed, to describe the claim with

greater particularity, or to plead a new theory of recovery on the facts set forth in the

original claim." *In re Enron Corp.*, 419 F.3d 115, 133 (2d Cir. 2005) (quoting *In re

Integrated Res., Inc.*, 157 B.R. 66, 70 (S.D.N.Y.1993)). The primary limitation on this

discretion is that "the court must subject post bar date amendments to careful scrutiny to

assure that there was no attempt to file a new claim under the guise of amendment." *Id.*

     In the Second Circuit, "courts apply a two-step inquiry in making this

determination." *In re Residential Capital, LLC*, 513 B.R. 856, 870 (Bankr. S.D.N.Y.

2014) (citing *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron)*,

419 F.3d 115, 133 (2d Cir. 2005)). "First, a court must "examine whether there was [a]

timely assertion of a similar claim or demand evidencing an intention to hold the estate

liable." *Id.* This first prong is satisfied if the amendment "1) corrects a defect of form in

the original claim; 2) describes the original claim with greater particularity; or 3) pleads a

new theory of recovery on the facts set forth in the original claim." *Id.* (internal

quotations omitted). Second, courts "determine whether it would be equitable to allow the

amendment." *In re Integrated Res.,* 157 B.R. at 70. The equitable factors considered

include:

> (1) undue prejudice to opposing party; (2) bad faith or dilatory behavior on the
> part of the claimant; (3) whether other creditors would receive a windfall were the
> amendment not allowed; (4) whether other claimants might be harmed or
> prejudiced; and (5) the justification for the inability to file the amended claim at
> the time the original claim was filed.

*Id.* (citations omitted).

An amendment to substitute the trustee of Ms. Watley's bankruptcy estate for Ms. Watley in the proof of claim would easily satisfy this two-prong test. Such an amendment would merely "correct a defect of form in the original claim," satisfying the first prong. Additionally, an equitable analysis would require allowing the amendment based on the factors listed above. Indeed, other courts have held that an amendment to substitute parties in a proof of claim is allowable. The Tenth Circuit held in *In re Unioil, Inc.*, 962 F.2d 988 (10th Cir. 1992), that a proof of claim could be amended to remove the original claimant in favor of a trust for which he was trustee. In so doing, it cited *Fidelity & Deposit Co. v. Fitzgerald (In re Midyett & May Constr. Co.),* 272 F.2d 121, 129 (10th Cir. 1959), *cert. denied,* 362 U.S. 919 (1960), which held:

> Where there is a substitution as party plaintiff or claimant of one having the legal right to sue instead of one improperly named as plaintiff or claimant and the party substituted bears some relation of interest to the original party, there is no change in the cause of action and the substitution relates back to the . . . filing of the claim.

Similarly, the District Court for the Western District of New York has held that "[a] proof of claim may be amended in order to substitute parties, where the amendment would make the real party in interest the holder of the claim." *Matter of Paul R. Dean Co., Inc.*, 460 F. Supp. 452, 455 (W.D.N.Y. 1978).

Thus, if the trustee chooses to pursue the Claims, Ms. Watley's bankruptcy trust will be able to substitute itself as claimant and will have standing to pursue these Claims.

**B.    If Ms. Watley's bankruptcy trustee abandons the Claims Ms. Watley will have standing to pursue them.**

After Ms. Watley reopens her bankruptcy, it is possible that the trustee will choose to abandon the Claims against the Borrower Trust. The trustee may make this choice because the Claims may be much less valuable to the trust than they are to Ms.

Watley. There are not many lawyers or law firms in Connecticut that have the expertise

to bring the sorts of claims she originally filed as counterclaims in a foreclosure action.

Ms. Watley is already represented by a law school clinic that specializes in just this sort

of case. The lawyers and law firms that do have expertise either tend to charge for their

services or to carefully restrict the contingent fee matters they undertake. The

undersigned law school clinic representing Ms. Watley, however, only receives

compensation in the event that a court award or settlement includes attorneys' fees.

In the event the trustee does abandon the Claims against the Borrower Trust, Ms.

Watley will own the Claims and have standing to pursue them.

## VII.    CONCLUSION

For the foregoing reasons, the claimant Ms. Watley requests that the Court deny

the Borrower Trust's objection based on judicial estoppel and enlarge her time to respond

to the Borrower Trust's objection based on standing until February 28, 2015.


On the memo:                                   By: _____
                                               J. L. Pottenger, Jr.
Aurelia Chaudhury                              SDNY Bar No. JP2457
Nicholas Gerschman                             Attorney for Leslie Watley
Alexa Milton
Christian Mott                                 The Jerome N. Frank Legal Services
Megan Wachspress                               Organization
                                               P.O. Box 209090
Law Students                                   New Haven, CT 06520-9090
Jerome N. Frank Legal Services                 Phone: (203) 432-4800
Organization                                   Fax: (203) 432-1426
                                               E-mail: j.pottenger@yale.edu

## CERTIFICATE OF SERVICE

I hereby certify that on December 9, 2014, a copy of the foregoing motion was filed electronically. Note of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's CM/ECF System.

I hereby certify that on December 9, 2014, a copy of foregoing was sent by overnight mail to:

The Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York, NY 10004-1408

Morrison & Foerster, LLP
250 West 55th Street
New York, NY 10019
ATTN: Norman S. Rosenbaum. Jordan A. Wishnew, and Jessica J. Arett

The Office of the United States Trustee for the Southern District of New York
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York, NY 10014
ATTN: Linda A. Riffkin and Brian S. Masumoto

The ResCap Borrower Claims Trust
Polsinelli PC
900 Third Avenue, 21st Floor
New York, NY 10022
ATTN: Daniel J. Flanigan

J.L. Pottenger, Jr., Attorney