**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

**FOR PUBLICATION**

Case No. 12-12020 (MG)

Jointly Administered

**MEMORANDUM OPINION AND ORDER OVERRULING THE RESCAP BORROWER
CLAIMS TRUST'S OBJECTION TO CLAIM NO. 960 FILED BY MICHAEL BOYD**

This opinion addresses the objection filed by the ResCap Borrower Claims Trust (the "Trust") to claim number 960 (the 'Claim") filed by Michael Boyd ("Boyd"). The Trust seeks to disallow and expunge Boyd's Claim based on res judicata applied to Boyd's confirmed chapter 13 plan. For the reasons explained below, the objection is overruled without prejudice.

## I.  BACKGROUND

### A.  The Objection

The objection is included as part of the *ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection" or "Obj.," ECF Doc. # 7552). It is supported by the declarations of Deanna Horst ("Horst Decl.," ECF Doc. # 7552-3) and Norman S. Rosenbaum ("Rosenbaum Decl.," ECF Doc. # 7552-4). Boyd filed an opposition to the Objection (the "Opp.," ECF Doc. # 7701), and the Trust filed a reply (the "Reply," ECF Doc. # 7825), supported by a supplemental declaration of Ms. Horst ("Horst Supp.," ECF Doc. # 7825-1).

Boyd's Claim relates to two separate loans (the "Loans"): one loan purportedly secured by a mortgage on property located on Soquel Drive (the "Soquel Loan") originated by Plaza Home Mortgage Inc. ("Plaza") in January 2007, and another loan purportedly secured by a mortgage on property located on Lakebird Drive (the "Lakebird Loan") originated by Plaza.

(*See* Obj. Ex. 1-A, at 45.)  Debtor GMAC Mortgage, LLC ("GMACM") serviced the Soquel Loan from April 10, 2007 until servicing was transferred to Ocwen Loan Servicing LLC ("Ocwen") on February 16, 2013.  (*Id.*)  GMACM serviced the Lakebird Loan from March 13, 2007 until servicing was transferred to Ocwen on February 16, 2013.  (*Id.*)

On September 11, 2011, Boyd filed a complaint in the United States District Court for the Northern District of California (the "California District Court"), asserting claims against GMACM and other defendants and seeking to invalidate the liens granted in connection with the Loans (the "California Action").  (*See id.*)  The California Action was dismissed with prejudice on August 22, 2012 for failure to state a claim.  (*See id.*; Obj. Ex. 5-5, at 2.)  Boyd appealed the dismissal to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit"), which affirmed the California District Court's ruling on August 22, 2014.  (*See id.*; Obj. Ex. 5-5, at 7.)  Boyd's petition for rehearing of the Ninth Circuit decision (the "Petition for Rehearing") was filed on September 4, 2014 and remains pending at this time.  (Opp. at 3.)

Boyd filed a chapter 13 bankruptcy petition (the "Chapter 13 Case") in the United States Bankruptcy Court for the Northern District of California (the "California Bankruptcy Court") on December 12, 2011.  (*See* Obj. Ex. 1-A, at 45.)  On May 14, 2014, the California Bankruptcy Court confirmed Boyd's chapter 13 plan (the "Chapter 13 Plan"), which provides for the payment of all arrears on the Loans and ongoing payments on the Loans.  (*See id.*)

The Trust argues that Boyd's Claim is barred as a result of confirmation of the Chapter 13 Plan.  (*Id.* at 45–46.)

### B. The Opposition

Boyd argues correctly (and the Trust concedes) that the judgment dismissing the California Action is not final, and therefore res judicata does not apply on the basis of such dismissal, because Boyd's Petition for Rehearing remains pending. (*See* Opp. at 4; Reply ¶ 19.)

The remainder of Boyd's arguments make very little sense. He invokes "his First Amendment rights to judicial review [right to petition for grievances against the government, AKA ResCap] under the Supreme Clause." (*See* Opp. at 4.) Boyd appears to argue that the Debtors are majority-owned by the United States government, their actions are thereby executive or legislative acts, and this Court has a mandate to review such acts for Constitutional infringements. (*See id.*) Boyd also asserts that it is unclear how res judicata applies due to confirmation of his Chapter 13 Plan, noting that he filed for bankruptcy protection before the Debtors filed their chapter 11 cases. (*See id.* at 4–5.)

Boyd states that he has retained the services of a purported forensic mortgage loan auditor, William J. Paatalo, for research related to the chain of title of Boyd's Loans. (*See id.* at 4–5.) According to Boyd, Paatalo's research indicates that the applicable notes for the Loans do not contain valid endorsements and the Loans are not in default. (*See id.* at 6.) Accordingly, Boyd requests that the Court overrule the Trust's Objection. (*Id.* at 7.)

### C. The Reply

While the Trust concedes that res judicata does not apply to the Ninth Circuit's order affirming dismissal of the California Action while the Petition for Rehearing remains pending, the Trust argues that res judicata applies to the Claim because Boyd affirmed the liens on his properties in his confirmed Chapter 13 Plan. (Reply ¶ 19.) Specifically, the Trust asserts that (1) the order confirming the Chapter 13 Plan was a final order (*id.* ¶ 21); (2) the Chapter 13 Plan and

3

Boyd's Claim involve the same parties—Boyd and GMACM, (*id.*); (3) the Chapter 13 Plan was confirmed by a court of competent jurisdiction (*id.*); and (4) the causes of action—actions to avoid liens—are the same because at the time his Chapter 13 Plan was confirmed, Boyd "had the opportunity and motive to object to the validity of the liens and failed to do so" (*id.* ¶ 23). As explained below, while res judicata *may* arise from a confirmed Chapter 13 plan, it does not do so here because the validity of the mortgage lien was the subject of pending, unresolved litigation in the California District Court. Because the validity of the liens was not actually litigated or resolved in Boyd's Chapter 13 Case, res judicata does not arise here as a result of the confirmed Chapter 13 Plan.

## II.    DISCUSSION

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008). The doctrine of res judicata precludes the same parties from litigating claims in a subsequent suit based on the same cause of action if there has been a final judgment on those claims. *Id.* Res judicata precludes "later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (citing *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985)). "In the bankruptcy context, [courts] ask as well whether an independent judgment in a separate proceeding would impair, destroy, challenge, or invalidate the enforceability or effectiveness of the reorganization plan." *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 88 (2d Cir. 1997) (internal quotation marks omitted) (citing *Sure-Snap Corp. v. State St. Bank & Trust Co.*, 948 F.2d 869, 875–76 (2d Cir. 1991)).

The first of the four factors is dispositive of the issue here.[1] The Court concludes on the fact of this matter that the confirmed Chapter 13 Plan is not a final judgment on the merits with respect to the validity of the liens.

The Second Circuit has held that an order confirming a chapter 13 bankruptcy plan constitutes a final judgment on the merits for purposes of res judicata. *See Celli v. First Trust Nat'l Bank of N. New York (In re Layo)*, 460 F.3d 289, 294 (2d Cir. 2006). The *Layo* court recognized that "challenges to the validity of the lien must be brought through an adversary proceeding." *Id.*; *see also Palmatier v. Wells Fargo Fin. Nat'l Bank*, No. 1:09-CV-220 (DNH), 2010 WL 2516577, at *3 (N.D.N.Y. June 14, 2010) ("Whether a confirmation order constitutes a final judgment on the merits depends, in part, upon the availability of an adversary proceeding pursuant to Federal Rule of Bankruptcy Procedure 7001(2)."). But *Layo* further held that "[w]here, at the outset, there is no dispute as to the basis of the lien, . . . given the policy embodied in § 1327(a) that confirmation of a plan 'bind the debtor and each creditor,' it does not follow that a non-objecting creditor has a right to bring an adversary proceeding whenever he gets around to doing so. To allow that practice would fly in the face of Congress' expressed intention that confirmation give debtors and creditors finality with respect to satisfaction of outstanding debt." *Id.* At the time of the confirmation of Layo's chapter 13 plan, no issue had been raised by anyone about the validity of the mortgage lien. The chapter 13 debtor in *Layo* had scheduled the lender's debt as a secured debt, and the court stated that "it is clear from the record that both Layo and FNB [the lender] agreed that Layo owed FNB $99,000 and that the mortgage note was secured by a first mortgage interest in Layo's homestead property." *Id.* at 291.

---

[1] The Court assumes that the other requirements for res judicata are satisfied.

In this matter, however, the California Action challenging the validity of the liens was pending at the time Boyd filed his Chapter 13 Case, and it remained pending during the Chapter 13 Case, and after the Chapter 13 Plan was confirmed. The pendency of the California Action challenging the liens is dispositive of whether res judicata applies here.

In reaching its decision in *Layo*, the court discussed and distinguished the Fourth Circuit's decision in *Cen-Pen Corp. v. Hanson*, 58 F.3d 89, 93 (4th Cir. 1995), which limited the preclusive effect of a chapter 13 plan on the validity of a lien. The court in *Cen-Pen Corp.* held that the joint debtors' confirmed chapter 13 plan did not have res judicata effect with respect to the validity of a creditor's liens where the debtors "did not take a sufficient 'affirmative step' to avoid [the creditor's] liens." *Id.* at 93. Prior to the debtors' chapter 13 filing, the debtors and the creditor disputed the validity and extent of the creditor's liens on the debtors' property. *Id.* at 91. The debtors' chapter 13 plan treated the creditor as an unsecured creditor. The plan provided that objections to the plan were required to be filed within specified time periods but the creditor never objected to the plan. *Id.* at 92. After the plan was confirmed the creditor filed an adversary proceeding to determine the validity of the liens. *Id.* The debtors argued that their confirmed plan had preclusive effect extinguishing the creditor's liens. *Id.* The Fourth Circuit disagreed, holding that "[i]f a Chapter 13 plan does not address a creditor's lien . . . that lien passes through the bankruptcy process intact, absent the initiation of an adversary proceeding . . . ." *Id.* at 94.

Here, the validity of GMACM's liens on Boyd's properties was in dispute at the time his Chapter 13 Case was filed. Boyd's California Action was filed on September 11, 2011 (*see* Horst Supp. ¶ 11); his Chapter 13 Case was filed on December 12, 2011 (*see id.* ¶ 13). A review of the docket in Boyd's Chapter 13 Case shows that the California Bankruptcy Court dismissed

6

an adversary proceeding Boyd filed against GMACM on the basis that it attempted improperly to remove the California Action to the California Bankruptcy Court. (*See Boyd v. GMAC Mortg. LLC (In re Boyd)*, Adv. Proc. No. 11-5345 (N.D. Cal. Mar. 19, 2012), ECF Doc. # 7.) Boyd disputed the validity of GMACM's liens on his properties before, during, and after his Chapter 13 Case, but the California Bankruptcy Court did not adjudicate the issue. Through the confirmed Chapter 13 Plan, Boyd agreed to pay the mortgage debts, but he did not expressly concede the validity of the liens that were challenged in the then-pending California Action. The California District Court adjudicated Boyd's challenge to the validity of the liens, dismissing Boyd's action for failure to state a claim. But that judgment is not yet final.

In *Layo*, the Second Circuit held that the confirmation of the debtor's chapter 13 plan and the trustee's subsequent adversary proceeding challenging the validity of the mortgage lender's liens constituted identical causes of action for res judicata purposes, noting that the "critical question for res judicata purposes is whether the party could or should have asserted the claim in the earlier proceeding." *Layo*, 460 F.3d at 292 (quoting *In re Howe*, 913 F.2d 1138, 1146 n.28 (5th Cir. 1990)). The trustee argued that she lacked facts that warranted challenging the liens prior to confirmation of the plan. *Id.* at 292. However, the court found that "the Trustee had both a motive and opportunity to confirm the status of real estate liens affecting the debtor's estate at or before the time that the plan was confirmed." *Id.* at 293. Specifically, "[t]he Trustee had clear opportunities to object to the validity of the mortgage lien listed in the confirmed Chapter 13 plan—when [the creditor] filed its claim in the amount of $99,000 and when [the debtor] consented to and included that claim in his final Chapter 13 plan." *Id.* In this matter, of course, Boyd had raised the issue of the validity of the liens.

7

While Boyd included provisions in the Chapter 13 Plan for payment of GMACM's claims, the Chapter 13 Plan did not waive Boyd's lien challenges that were, in fact, already subject to dispute in the California Action.

### III.   CONCLUSION

If and when the judgment in the California Action becomes final, it will be entitled to res judicata effect in this case, supporting the disallowance and expungement of Boyd's Claim. Boyd's confirmed Chapter 13 Plan does not, however, give rise to res judicata effect on the facts here. At this stage, the Trust's objection is premature. Therefore, the Objection is **OVERRULED WITHOUT PREJUDICE.**

**IT IS SO ORDERED.**

Dated:   December 11, 2014
         New York, New York

                                   ___*Martin Glenn*_____
                                       MARTIN GLENN
                                   United States Bankruptcy Judge