UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------

In re:                                          )    Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITOL, LLC, et al.,               )
                                                )    CHAPTER 11
                    Debtors.                    )

**MOTION FOR RECONSIDERED FOR CAUSE OR REHEARING BORROWER CLAIM 1574 TO REINSTATE SEVENTY - FIFTH OMNIBUS OBJECTION DOC.# 7803 AND DOCKET NO. 7800 ORDER SUSTAINING BORROWER CLAIMS TRUST OBJECTION TO CLAIM 1574 FILED BY RAINER P. WARNER APPEALL AND STATES AS FOLLOWS:**

BASIS FOR RECONSIDERATION OF CLAIM N0.1574

## Table of Authorities

Stevens v. Miller , 676 F.3d 62, 67 (2d Cir. 2012)..........................................................2

Hine v. Overstock.com, 380 Fed.App. 22, 25 (2d Cir. 2010)...........................................2

F.R.Civ.P 60................................................................................................................... 2

Lee v. Marvel Enterprises, Inc., 765 F.Supp.2d 440, 450 (S.D.N.Y. 2011).......................3



1

Comes now RAINER P. WARNER, moves this Honorable Court to reconsider its decision on claim [#1574] upon the presentation of new evidence [Exhibit G] which prompted a quick response to (ECF Doc #7727) which was electronically mailed six days before the scheduled hearing. Although filed on the 13TH Nov 2014 Warner's court document #7782 [Exhibit H] could not have been brought to the attention of the Court earlier, respectfully representing the following to this Court:

BASIS FOR RECONSIDERATION OF CLAIM N0.1574

### PRELIMINARY STATEMENT

1.      Mr. Warner after reviewing the Trust reply and **Exhibit G.** found many inconsistencies in the foreclosure inspections, BPO's, and property vacancies. The evidence will show that the property was never vacant and locked. Mr. Warner recognize that the Trust succeeded at putting forward additional evidence that should have been introduced in its initial reply but did not. Hine v. Overstock.com, 380 Fed.App. 22, 25 (2d Cir. 2010)

2.      Mr. Warner also noticed the possibility that the Trust may have pursued books and records from another property which Warner owned, and was in foreclosure with GMAC simultaneously as based on the (Horst Supp. Ex. B.   The relevant property is located at 1180 Flintock Avenue Southeast, Palm Bay, Florida 32909-4707)   (the "Property"). (Horst Supp. Ex. B.) Doc #7800   [**Exhibit F. Pg 2** ORDER SUSTAINING RESCAP BORROWER CLAIMS TRUST'S OBJECTION]. Stevens v. Miller , 676 F.3d 62, 67 (2d Cir. 2012) F.R. Civ. P. 60 (1) (2).

3.          The Trust filed an reply to several claims including the expediently filed Claim on <u>November 7, 2014,</u> (the "Reply," ECF Doc. # 7727), supported by a supplemental declaration of Ms. Horst ("Supplemental Horst Declaration," ECF Doc. # 7727-1). The Court held a hearing on November 13, 2014 and took the Objection to the Claim under submission.

4.          On 7 November 2014 Mr. Warner electronically received Court Docket: #7727 Document Name: ResCap Borrower Claims Trust's Omnibus Reply in Support of its Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims) as to Claim Nos. 1574, 2761, 3702, 4118, 4128, 5653, 5892, and 5970 Date Filed: 11/7/2014 Related Documents [5] 7794, 7784, 7759, 7740, 7552

5.          Court document #7782 Mr. Warner submitted a Response to ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims) as to Claim No. 1574 Filed 11/13/2014. **Exhibit H** which provided additional evidence to counter the Trust's objection to the claim. The discovery by the Trust came as a surprise and did not allow ample review or reply, which suggests fraud by the Trust on the court. F.R. Civ. P. b. (3) d. (3). Lee v. Marvel Enterprises, Inc., 765 F.Supp.2d 440, 450 (S.D.N.Y. 2011)

3

ARGUMENT

6.      Federal Rules of Bankruptcy Procedure Rule 9024 applies F.R.Civ.P. 60 generally. This motion is in reference to the petition to consider new evidence, or pertinent information which was not brought to the attention of the Court because of the expedient nature of the other party to disallow the claim in the upcoming court hearing; and not allow a response to discovery by the claimant due to the time restraint. The new evidence also challenges the fidelity of the Trust's position on the Warner claim, as well as the reasoning for filing an expedited objection, supplemental declaration, and Horst declaration six days' before the hearing is to commence. Court should be inclined to allow the motion and reopen the contested matter.

7.      Under F.R.Civ.P. 60(b)(2) the Court may entertain a motion, and review the judgment, upon new evidence. And that reconsideration is appropriate if new evidence becomes available. This issue is one which the Court may consider as new evidence, and weigh whether or not if the information would have brought about a different outcome.

4

## CONCLUSION

8.  Mr. Warner asks the Court to restore his Claim to the list of approved Claims. Although, Warner asserts a $207,947.59 secured claim and a $292,052.41 unsecured claim against Debtor Residential Capital, LLC ("ResCap"), and with the new pertinent information have shown the inconsistencies in proposed property inspections, BPO's, excessive and improperly assessed fees and charges, and the sincere possibility that the Trust has integrated the wrong books and records for a different property which Warner owned (Horst Supplement 1180 Flintlock Ave SE). Mr. Warner is willing to consider a settlement for this claim as it seems that the main issue may be the amount of the claim and not that their is a legitimate claim for damages.

WHEREFORE, Mr. Warner respectfully asks this Court to reconsider its decision and set the Claim[#1574] returned to the list of allowed claims, in full or part as the Court may deem appropriate, and for such other relief which the Court may find merited in the interests of justice.

Respectfully Submitted by,

*[signature]*

RAINER P. WARNER

Dated 3 November 2014