IN THE CIRCUIT COURT OF THE EIGHTEENTH CIRCUIT IN AND FOR SEMINOLE COUNTY, FLORIDA

CASE NO: _____

GTS CAPITAL HOLDINGS IRA, LLC,
    Plaintiff,
vs.
CARLOS R. ORTIZ, a single man, HOMECOMINGS FINANCIAL NETWORK, INC., and any unknown heirs, devisees, grantees, creditors, and other unknown persons or unknown spouses claiming by, through and under any of the above-named Defendants,

    Defendants.
_____/

## VERIFIED COMPLAINT TO FORECLOSE REAL ESTATE MORTGAGE

The Plaintiff, GTS Capital Holdings IRA, LLC, sues the Defendants Carlos R. Ortiz, a single man, Homecomings Financial Network, Inc., and any unknown heirs, devisees, grantees, creditors, and other unknown persons or unknown spouses claiming by, through and under any of the above-named Defendants, and alleges:

    1.    **JURISDICTION OF THE COURT:** This is an action to foreclose a Mortgage on real property located in Seminole County, Florida and therefore the Circuit Court of Seminole County, Florida has jurisdiction. The legal description of the property is as follows:

> Lot 8, South Pinecrest, Third Addition, according to the map or plat thereof, as recorded in Plat Book 11, Page(s) 62 and 63, of the Public Records of Seminole County, Florida.
> Parcel Identification Number: 12-20-30-502-0000-0080
> A/K/A 113 E. Coleman Circle, Sanford, FL 32773

    2.    **15 U.S.C. SECT. 1601 FAIR DEBT COLLECTION PRACTICES ACT:** For a list of your rights under the FAIR DEBT COLLECTION PRACTICES ACT, please see a list of your rights attached as **Exhibit "A."**

Exhibit "4"

NOTE: PURSUANT TO THE FAIR DEBT COLLECTION PRACTICES ACT YOU ARE ADVISED THAT THIS LAW FIRM IS DEEMED TO BE A DEBT COLLECTOR ATTEMPTING TO COLLECT A DEBT AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.

3. **EXECUTION OF THIS NOTE AND MORTGAGE AND CREATION OF LIEN:**

On or about August 7, 2006, a Note was executed and delivered in favor of Homecomings Financial Network, Inc., in the original principal amount of $148,000.00. A copy of the Note is attached hereto as **Exhibit "B."** The Note was signed by the Defendant, Carlos R. Ortiz. To secure the payment of said Note, the Defendant, Carlos R. Ortiz, executed and delivered a Mortgage ("Mortgage") which is attached as **Exhibit "C."** It was recorded in Official Records Book 6381, Page 1165, of the Public Records of Seminole County, Florida. It encumbers the real and personal properties and fixtures described therein.

As the signature page of the Note indicates, it was endorsed by Homecomings Financial Network, Inc. to Residential Funding Company, LLC, which then endorsed it to Deutsche Bank Trust Company Americas as Trustee. By an Allonge, Deutsche Bank Trust Company Americas then assigned the Note back to Residential Funding Company, LLC which then assigned it to Residential Fund 138, LLC. A true copy of the Allonge is attached hereto as **Exhibit "D"**. By an Allonge, Residential Fund 138, LLC assigned the Note to Gemini Capital Managers, LLC, which by another Allonge assigned the Note to the Plaintiff. True copies of the latter two Allonges are attached hereto as **Exhibits "E" & "F"**.

By a corrective Corporate Assignment of Mortgage MERS as nominee for Homecomings Financial Network, Inc., its successors and assigns assigned the mortgage to Deutsche Bank Trust Company Americas as Trustee. A true copy of the Assignment of Mortgage is attached hereto as **Exhibit "G"**. Deutsche Bank Trust Company Americas as Trustee then assigned the mortgage to Residential Funding Company, LLC. A true copy of the recorded Assignment of Mortgage is attached hereto as **Exhibit "H"**. Residential Funding Company, LLC then assigned the mortgage to Residential Fund 138, LLC. A true copy of the recorded Assignment of Mortgage is attached hereto as **Exhibit "I"**. Residential Fund 138, LLC then assigned the mortgage to Gemini Capital Managers, LLC. A true copy of the recorded Assignment of Mortgage is attached hereto as **Exhibit "J"**. Gemini Capital Managers, LLC then assigned the mortgage to the Plaintiff. A true copy of the recorded Assignment of Mortgage is attached hereto as

2

**Exhibit "K"**. The Plaintiff is the present owner and holder of the Note and Mortgage. The original loan documents are in the possession of the undersigned attorney.

4. **OWNER OF PROPERTY:** The property is now owned by the Defendant, Carlos R. Ortiz.

5. **DEFAULT ON NOTE AND MORTGAGE:** The payment, which became due on the Note and Mortgage on June 1, 2009 and all payments due since that date have not been paid to the Plaintiff by the Defendants, the current real property owner, or by anyone on behalf of the Defendants liable on the Note and Mortgage. The Note and Mortgage are in default for failure to pay as required thereunder. On or about July 31, 2014, the Plaintiff sent a Notice-to-Cure letter to Defendant Carlos R. Ortiz, in compliance with paragraph 22 of the Mortgage, but the Defendant has failed to cure the deficiency. A true copy of the Notice-to-Cure letter is attached as **Exhibit "L"**.

6. **APPROXIMATE AMOUNT DUE AND ACCELERATION:** The principal balance due on the Note and Mortgage is $142,778.03 together with interest accrued as allowed by the Note through June 30, 2014 of $51,599.15. Interest continues to accrue after June 30, 2014 at the rate of $27.38 per diem. The Plaintiff by filing this Complaint does accelerate the payment of the debt. In addition, during the pendency of this lawsuit, as Plaintiff incurs necessary costs and advances to protect its security, those costs and expenses shall be secured by the lien of the Mortgage and which Plaintiff is entitled to recover.

7. **ATTORNEYS' FEES:** Plaintiff has employed the undersigned as its attorneys to prosecute this suit and has thereby incurred reasonable attorneys' fees and is entitled to an award of attorneys' fees and costs under the Note and Mortgage. Said fees are an additional indebtedness secured by the lien of the Mortgage.

8. **CONDITIONS PRECEDENT:** Plaintiff has complied with all conditions precedent to its right to foreclose.

9. **RECEIVERSHIP:** The Mortgage allows for the appointment of a receiver to preserve the property and collect the rents and pay the bills, including Plaintiff's Mortgage, costs of the receivership

and other reasonable and necessary costs. If the Plaintiff deems this necessary, it will file a notice of hearing for such appointment per Rule 1.620(a), Rule 1.610 and Rule 1.620.

10. **SUPERIORITY OF PLAINTIFF:** The Mortgage of the Plaintiff is a lien superior in dignity to the right, title, claim of lien or interest of all the Defendants in this case, or any of them.

    a. Defendant, Homecomings Financial Network, Inc., may claim an interest in the subject real property by virtue of a mortgage recorded in OR Book 6381, Page 1182 of the Official Records of Seminole County, FL. However, any such interest is subordinate and inferior to Plaintiff's interest.

    b. The interests of each Defendant are subject, subordinate, and inferior to the right, title, interest, and lien of Plaintiff's.

11. **UNKNOWN PARTIES:** The Plaintiff states that it is superior to any right, title or interest of any unknown spouses, parties in possession, heirs, devisees, grantees, creditors of any such person's estate, their successors and assigns, and other unknown persons claiming by, through and under any of the Defendants..

**WHEREFORE,** Plaintiff prays that the Court determine what is due the Plaintiff, including principal, interest, costs, expenses and attorneys' fees. In default of payment to the Plaintiff of the above amounts found due that the mortgaged property be sold under the direction of this Court for satisfaction of the Final Judgment pursuant to Chapter 45, Florida Statutes. Plaintiff further prays that Defendants herein and all parties claiming interest by, through or under them in said property to the filing of the Lis Pendens be forever foreclosed of all right, title, interest, equity of redemption or lien in and to said property. Plaintiff demands judgment foreclosing the mortgage and, if the proceeds of the sale are insufficient to pay the Plaintiff's claim, a deficiency judgment if allowed unless any originators or individuals assuming the debt or guarantee have been discharged pursuant to a federal bankruptcy action. The Court should retain jurisdiction to enter all orders and judgments necessary for the complete resolution of all claims between these parties.

4

DATED: _____, 2014.

        Terrence J. McGuire, Esquire
        Florida Bar No. 201154
        Fassett, Anthony & Taylor, P.A.
        1325 W. Colonial Drive
        Orlando, Florida 32804
        Telephone: 407-872-0200
        Facsimile: 407-422-8170
        E-mail: tmcguire@fassettlaw.com
        Secondary E-mail: tsadaka@fassettlaw.com
        Attorneys for Plaintiff, GTS Capital Holdings IRA, LLC

## VERIFICATION

GTS CAPITAL HOLDINGS IRA, LLC v. CARLOS R. ORTIZ, et al...

STATE OF California
COUNTY OF San Diego

Under penalty of perjury, I declare that I have read the foregoing, and the facts alleged therein are true and correct to the best of my knowledge and belief.

        GTS CAPITAL HOLDINGS IRA, LLC

        By: _Greg T. Soule_
            Greg Soule, Manager

SWORN TO AND SUBSCRIBED before me this 8th day of September, 2014.

*SEE CA JURAT ATTACHED.

(seal)

        Notary Public
        Print Name: _____
        My Commission Expires: _____

5

# Jurat

State of California

County of San Diego

Subscribed and sworn to (or affirmed) before me on this  06  day of September,
20 14  by  Greg Soule,
proved to me on the basis of satisfactory evidence to be the person(s) who appeared before me.

_____
Signature

(Notary Seal)



LINA J. SMITH
Commission # 1969856
Notary Public - California
San Diego County
My Comm. Expires Feb 17, 2016

## OPTIONAL INFORMATION

### DESCRIPTION OF THE ATTACHED DOCUMENT

Verification
(Title or description of attached document)

_____
(Title or description of attached document continued)

Number of Pages  5   Document Date  9/8/14

_____
(Additional information)

### INSTRUCTIONS FOR COMPLETING THIS FORM

The wording of all Jurats completed in California after January 1, 2008 must be in the form as set forth within this Jurat. There are no exceptions. If a Jurat to be completed does not follow this form, the notary must correct the verbiage by using a jurat stamp containing the correct wording or attaching a separate jurat form such as this one which does contain proper wording. In addition, the notary must require an oath or affirmation from the document signer regarding the truthfulness of the contents of the document. The document must be signed AFTER the oath or affirmation. If the document was previously signed, it must be re-signed in front of the notary public during the jurat process.

- State and County information must be the State and County where the document signer(s) personally appeared before the notary public.
- Date of notarization must be the date that the signer(s) personally appeared which must also be the same date the jurat process is completed.
- Print the name(s) of document signer(s) who personally appear at the time of notarization.
- Signature of the notary public must match the signature on file with the office of the county clerk.
- The notary seal impression must be clear and photographically reproducible. Impression must not cover text or lines. If seal impression smudges, re-seal if a sufficient area permits, otherwise complete a different jurat form.
  - Additional information is not required but could help to ensure this jurat is not misused or attached to a different document.
  - Indicate title or type of attached document, number of pages and date.
- Securely attach this document to the signed document

2014 www.NotaryClasses.com 800-873-9865

## **FAIR DEBT COLLECTION PRACTICE**

The Law Firm of Fassett, Anthony & Taylor, P.A., through its attorneys, represents the interest of GTS Capital Holdings IRA, LLC. In the event that the law firm is deemed to be a "debt collector" within the meaning of the Fair Debt Collection Practices Act, we are hereby giving notice of our attempt to collect the debt, the amount of which is stated in this notice and any and all information obtained will be used for that purpose. Unless within 30 days after receipt of this notice, you dispute the validity of the debt, or any portion thereof, the debt will be assumed to be valid by us. If we are notified in writing within 30 days that you dispute the debt or any part of it, we will either obtain verification of the debt or obtain a copy of the judgment against you and a copy of such verification or judgment will be mailed to you by us. Additionally, upon written request, we will provide you the name and address of the original creditor to which the obligation is owed if different from the current creditor.

The law does not require that we wait until the end of the thirty (30) day period before suing to collect the debt. If, however, you request proof of the debt or the name and address of the original creditor within the thirty (30) day period, we will suspend our efforts (through litigation or otherwise) to collect the debt until we mail the requested information to you.



EXHIBIT A

# NOTE

AUGUST 7TH, 2006              CLEVELAND                     OHIO
[Date]                        [City]                        [State]

113 EAST COLEMAN CIRCLE, SANFORD, FL 32773
                            [Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 148,000.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is HOMECOMINGS FINANCIAL NETWORK, INC.

I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 7.0000 %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the FIRST day of each month beginning on OCTOBER 1ST, 2006. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on SEPTEMBER 1ST, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 4350 VON KARMAN AVENUE, #100, NEWPORT BEACH, CA 92660                                             or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 984.65.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

FLORIDA FIXED RATE NOTE-Single Family-Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

-5N(FL) (0005)          Form 3210 1/01
VMP MORTGAGE FORMS - (800)521-7291
Page 1 of 3          Initials: C-R-O          MFFL6054 - (10/2004) / 042-970642-7

F09    EXHIBIT B

### 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

### 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of   15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.00   % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.


VMP® -5N(FL) (0005)    Page 2 of 3    MFFL6054 - (10/2004) / 042-970642-7

Form 3210 1/01
Initials: _CLO_

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

### 11. DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_Carlos R. Ortiz_ (Seal)
CARLOS R. ORTIZ  -Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

Without Recourse
Pay To The Order Of
RESIDENTIAL FUNDING COMPANY, LLC
_[signature]_
Bory Phan, Assistant Secretary
Homecomings Financial Network, Inc.
A Delaware Corporation

_____ (Seal)
-Borrower

PAY TO THE ORDER OF
Deutsche Bank Trust Company Americas as Trustee
WITHOUT RECOURSE
Residential Funding Company, LLC
BY _Judy Faber_
Judy Faber, Vice President

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

_____ (Seal)
-Borrower

*[Sign Original Only]*

VMP -5N(FL) (0005)    Page 3 of 3    MFFL6054 - (10/2004) / 042-970642-7    Form 3210 1/01