To it may concern:

Claim number 2055

Per your request.

Exhibit A –The original claim stated "Paid in Full" it was meant to say "Paid to Date"

Exhibit B- GMAC is correct we were not convicted by GMAC, We were evicted by the new owner of the house.

Exhibit D- Please refer to GMAC statement, it shows numerous amounts being pulled from our account. We never received this money back from GMAC. The say they returned the $4000.00. We never received it, as we did not we receive the other checks. We asked for copies for the cancel checks .We never received them.

Exhibit E- GMAC stated the sent us notifications about the modifications and foreclosure, we never received any of them, we were working over the phone with them. Send me copies of the certified letters you sent us.

EXHIBIT F: **My husband death certificate, Cause of death ESOPHAGUS CANCER, per the medical records and DR reports my husband starting having uncontrolled "acid Reflux" in November 2009 caused by stress. They could never get it under control, the stress killed my 49(did not smoke or drink, Mike was healthy as a 21 year old). What GMAC did with our house destroyed my family. They are not telling the truth and someone needs to care and do the right thing. I don't understand why GMAC can't submit copies of the money refund and copies of the notifications they said they sent us. Look at the statement I submitted with claim it doesn't match their statements, most major corporation record telephone calls, pull the recordings and submit them.**

Kristin Karmazyn

720-314-0188



**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **December 10, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum, Jordan A. Wishnew, and Jessica J. Arett); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (d) The ResCap Borrower Claims Trust, Polsinelli PC, 900 Third Avenue, 21st Floor, New York, NY 10022, (Attn: Daniel J. Flanigan) and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Avenue, Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

**Exhibit A - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims**

| Claim No. | Name and Address<br>Claim Amount<br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | As stated above, Debtor Homecomings transferred its beneficial interest in the loan shortly after origination. Therefore, a claim for actual rescission of the loan would be belong to the current owner of the loan, Deutsche Bank, and not Debtor. | |
| 4378 | Deborah C. Maxwell<br>$542,500<br>Homecomings Financial, LLC<br>22822 Fossil Peak<br>San Antonio, TX 78261<br>No idea what this means | Origination issues | Debtor Homecomings Financial, LLC originated the loan on October 26, 2006. Debtor Residential Funding Company, LLC purchased the loan from Homecomings and transferred its interest when the loan was securitized on or about December 1, 2006 where Deutsche Bank Trust Company Americas was appointed as Trustee. Homecomings serviced the loan from origination until servicing transferred to GMAC Mortgage, LLC on July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant attaches to her proof of claim litigation filed against Debtors and others in the District Court, 224th Judicial District, Bexar County, TX, Case No. 2010-C1-14491, filed on August 27, 2010. The complaint lists one cause of action for rescission under the Truth in Lending Act. A Motion to Dismiss was granted to all parties dismissing the case without prejudice on August 21, 2014. ??<br><br>Debtors have no liability for Claimant's origination-based allegations for damages. Debtors' records show that Claimant signed, acknowledging receipt of the proper disclosures related to the loan closing, including: the final HUD statement (showing closing charges associated with the loan), the Notice of Right to Cancel, and additionally a waiver of her right to rescind. | 8 |

**Exhibit A** - **Seventy-Sixth Omnibus Objection – No Liability Borrower Claims**

| Claim No. | Name and Address<br>Claim Amount<br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | The Truth in Lending Act ("TILA"), 15 USC 1635(f) provides that certain borrowers may exercise their right to rescind for up to 3 years after consummation. 15 U.S.C 1640(e) permits an action for damages to be brought within 1 year of the date of occurrence of the violation. In this case, the loan originated in 2006 and the complaint wasn't filed until 2010, therefore any claim for damages is time-barred.<br><br>In addition, Debtor GMAC Mortgage was only a servicer of the loan and therefore cannot be liable under TILA (15 U.S.C 1602(g).<br><br>As stated above, Debtor Homecomings transferred its beneficial interest in the loan shortly after origination. Therefore, a claim for actual rescission of the loan would be belong to the current owner of the loan, Deutsche Bank, and not Debtor. | |
| 2055 | MICHAEL KARMAZYN AND KRISTIN<br><br>$389,000<br><br>GMAC Mortgage, LLC<br><br>Karmazyn and Co. Inc.<br>5262 S. Malta Way<br>Centennial, CO 80015-6013 | General No Liability, Wrongful Foreclosure, General Servicing Issues, Loan Modification Issues | Equifirst Corporation originated the loan on August 5, 2005. Debtor Residential Funding Company, LLC purchased the loan from Equifirst and transferred its interest when the loan was securitized on or about October 26, 2005 where US Bank, NA was appointed as Trustee. Debtor Homecomings Financial serviced the loan from October 1, 2005 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until the October 7, 2009 foreclosure sale.<br><br>Claimant asserts "Wrongful Foreclosure by GMAC, determined by Independent Foreclosure Review" as basis for claim in box 2 of the proof of claim form. Additionally, Claimant attached a letter to the proof of claim alleging i) a person informed Claimant on August 1, 2009 that they had bought the property at auction. When Claimant contacted | 6-7, 7-8, 8-9, 12-14 |

ny-1160298

**Exhibit A - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims**

| Claim No. | Name and Address<br>Claim Amount<br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | NOT TRUE | A<br>B | Debtors, Debtors told Claimant that Claimant had not made a payment for "fees for the modified loan"; ii) Debtor misapplied or wrongfully "reversed" payments Claimant had made and never told Claimant why, iii) Debtor did not properly provide notice of the foreclosure sale because Debtor did not publish the foreclosure sale in the newspaper. On June 21, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim. Claimant replied by letter on July 23, 2013 alleging a person informed Claimant on July 28, 2009 that he bought the property at auction, that Claimant contacted Debtors via phone on August 1, 2009 and was told by Debtors that "a terrible mistake was made and we were paid in full and we did not have to move", and on "August 4, 2009 sheriff kick us out."<br><br>Debtors have no liability for any conclusions determined by the Independent Foreclosure Review because the Independent Foreclosure Review is a non-Debtor related program that does not have the authority or ability to impute liability to Debtors for the benefit of a Claimant in connection with the Debtors' chapter 11 case.<br><br>Debtors found no evidence validating the events that allegedly occurred or the statements Debtors' allegedly made regarding Claimant's account on or about August 1, 2009. Claimant alleges they were evicted by a sheriff in connection with a foreclosure sale on August 4, 2009. Debtors have no records indicating that a foreclosure sale took place prior to August 4, 2009 or that Claimant was evicted on or about August 4, 2009. Debtors' records show a foreclosure sale occurred on October 7, 2009, two-months after the alleged eviction, and do not show that there was ever an eviction action against Claimant. Debtors have no records or evidence indicating Debtor told Claimant their account was | new owner evicted us |

**Exhibit A - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims**

| Claim No. | Name and Address<br>Claim Amount<br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | Paid to date | (C) | "paid in full" or that Debtors had made a "terrible mistake". Debtors also confirmed that Claimant's account was not paid in full and that Debtors had not made a mistake in the handling of Claimant's account during the period at issue.<br><br>Debtors have no liability for allegations of wrongful foreclosure because in every instance in the foreclosure process Debtors acted in accordance with Debtors' standard policies and procedures, applicable foreclosure law, and the terms of the Claimant's note, mortgage, and loss mitigation-related agreements. Claimant was significantly past due on their account and had not satisfied requirements to bring Claimant's account current. Specifically, a foreclosure sale was completed because Claimant failed to make the entire payment due on a repayment plan entered into on September 24, 2009. At the time of the foreclosure sale, the account was owing for November 2008 through October 2009 payments.<br><br>Debtors have no liability for allegations of misapplied payments because Debtors confirmed that Debtors handled all payments received from Claimant appropriately. Debtors confirmed that in every instance Claimant submitted an incorrect amount or used the wrong payment method, Debtors did not apply the funds and either returned the funds to Claimant or did not cash the underlying checks.<br><br>In support of Debtors' abovementioned bases for objection, Debtors' records show the following chronology of events:<br><br>Debtors approved the account for a traditional modification on January 15, 2009. The | |

refer to statement money was misapplied no refunds were ever given to us as the (P) statement shows — GMAC could never produce the proof

Exhibit A - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims

| Claim No. | Name and Address<br>Claim Amount<br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | modification required a contribution of $1,979.14 in certified funds due on January 25, 2009. The modification reduced the interest rate from 9.10% to 4.85% and added $12,407.30 (for the interest and escrow that had accrued since the Claimant's last payment) to the principal balance in order to bring the account current. Debtors mailed the traditional modification documents to Claimant on January 21, 2009. Debtors received modification documents from Claimant on January 30, 2009 with a personal check for $2,000; however, Claimant did not send in the contribution amount via certified funds and funds were not able to be accepted. As a result, the modification was terminated. The Debtors never cashed this check. Debtors received a payment from Claimant via personal check in amount of $4,000 on March 11, 2009. Debtors returned the payment to Claimant as the account required payments in certified funds. The Debtors mailed a letter to Claimant informing him of the payment being returned and why it was returned.<br><br>Debtors approved the account for a traditional three month trial plan on March 20, 2009. The plan required a contribution payment of $4,000 and a monthly contribution of $2,035. Debtors received a signed traditional trial plan agreement from Claimant on March 26, 2009. Debtors received a payment from Claimant via personal check in the amount of $2,000 on April 21, 2009. Debtors returned the payment to Claimant as the account required certified funds and mailed a letter to Claimant informing him of the payment being returned and why it was returned. Claimant spoke with Debtors via phone on May 4, 2009. Claimant wanted to know why the payment was returned. Debtors advised that the account requires payment to be made via certified funds. Claimant said that he will make a payment that day. Debtors cancelled the trial plan and denied modification review on May 14, 2009 due to Claimant not making a payment due on the | |

**Exhibit A - Seventy-Sixth Omnibus Objection – No Liability Borrower Claims**

| Claim No. | Name and Address<br>Claim Amount<br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | Never returned<br>No letter recieved<br>never returned<br>Never recieved this modification plan | | trial plan.<br><br>Debtors received a payment in the amount of $2,000 on June 2, 2009 via Western Union Quick Collect #5614783653, however, the amount was less than the amount required to bring the account current so Debtors returned the $2,000. Debtors received workout packages from Claimant on June 10, June 15, and July 29, 2009. Claimant spoke with Debtors via phone on July 29, 2009 and Debtors set up a 5-month foreclosure repayment plan with monthly payments of $1,528.92. The plan was set up to allow Claimant time to submit the missing documents needed for modification review. Debtors cancelled the foreclosure repayment plan on September 15, 2009 due to Claimant not making the contribution payment. Debtors mailed a letter to Claimant on September 17, 2009 informing him of the repayment plan being cancelled. Funds were received and returned September 23, 2009, check #6365504983, in the amount of $1,530.00 due to the plan no longer being active on the account when the funds came in and the funds not being enough to reinstate the account.<br><br>A new foreclosure plan was sent to the claimant on September 24, 2009 and the claimant was informed on September 24, 2009 that a payment of $1,530 was needed to be received by October 5, 2009 followed by three more payments of $1,244.65 due on the 5th of November, December and January. The foreclosure repayment plan was cancelled October 7, 2009 due to not receiving the full payment due as the Claimant only sent in $1,244.65, check #6365505039, which was returned to Claimant October 7, 2009. The property went to foreclosure sale October 7, 2009. At the time of the foreclosure sale, there was an unpaid principal balance of $285,480.45 and the account was owing for | |