UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

NOT FOR PUBLICATION

Case No. 12-12020 (MG)

Jointly Administered

*A P P E A R A N C E S:*

DWAYNE F. POOLE AND TRINA M. POOLE
*Pro Se*
1348 North Bend Road
Union, Missouri 63084
By:   Dwayne F. Poole

MORRISON & FOERSTER LLP
*Attorneys for ResCap Borrower Claims Trust*
250 West 55th Street
New York, New York 10019
By:   Norman S. Rosenbaum, Esq.
      Jordan A. Wishnew, Esq.
      Jessica J. Arett, Esq.

**MEMORANDUM OPINION AND ORDER SUSTAINING THE RESCAP
BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NUMBER 4128 FILED
BY DWAYNE F. AND TRINA M. POOLE**

The ResCap Borrower Claims Trust (the "Trust") objects to Claim Number 4128 (the "Claim") filed by Dwayne F. and Trina M. Poole (the "Pooles"), asserting a $220,922.00 secured claim against Debtor GMAC Mortgage, LLC ("GMACM"). (Horst Supp. Ex. W.) The Claim purports to assert claims against GMACM for wrongful foreclosure, and violations of the Real Estate Settlement Practices Act ("RESPA"), the Truth in Lending Act ("TILA), and the Fair Debt Collections Practices Act ("FDCPA"). The Trust argues that the Claim fails to state a claim against GMACM as a matter of law. For the reasons explained below, the Trust's objection is sustained and the Claim is expunged.

## I. BACKGROUND

The objection to the Pooles' Claim is included in the *ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection," ECF Doc. # 7552). It is supported by the declarations of Deanna Horst (the "Horst Declaration," ECF Doc. # 7552-3) and Norman S. Rosenbaum (ECF Doc. # 7552-4). The Pooles filed an opposition to the Objection (the "Opposition," ECF Doc. # 7706). The Trust filed a reply (the "Reply," ECF Doc. # 7727), supported by a supplemental declaration of Ms. Horst (the "Supplemental Horst Declaration," ECF Doc. # 7727-1). The Court held a hearing on November 13, 2014 and took the Objection under submission. After the hearing, the Court ordered that the Trust provide a supplemental submission (ECF Doc. # 7784). The Trust filed its supplemental submission, attaching a recorded copy of the previously submitted Assignment of Deed of Trust relevant to the Claim (the "Supplemental Submission," ECF Doc. # 7794). The Pooles then filed a further response, as permitted by the Court (the "Supplemental Response," ECF Doc. # 7846).

### A.    The Pooles' Loan and Mortgage

Worldwide Mortgage Company ("Worldwide") originated a loan to the Pooles on July 10, 2006 (the "Loan"), secured by property located at 220 River Rock Drive, Union, Missouri 63084 (the "Property"). (Obj. Ex. A at 38–39; Horst Supp. Exs. W–Y.) Mr. Poole signed a Truth-In-Lending Statement. (Horst Supp. Ex. Z.) On July 10, 2006, GMAC Bank purchased the Note from Worldwide. (*Id.* Exs. X–Y.) Subsequently, GMACM purchased the Note from GMAC Bank. (*Id.*; *see also* Obj. Ex. A at 39.) After GMACM was assigned the Note by GMAC Bank, GMACM endorsed the Note in blank. (Horst Supp. Ex. X.) GMACM transferred its interest in the Note to the Government National Mortgage Association ("Ginnie Mae") on August 28, 2006. (Obj. Ex. A at 39.)

On March 21, 2011, Mortgage Electronic Registration Systems ("MERS"), as nominee for Worldwide, executed an Assignment of Deed of Trust to GMACM, but the effective date of this assignment is listed as February 10, 2010. (Horst Supp. Ex. OO; Supp. Submission at 4–6.) This Assignment was recorded on March 24, 2011.[1] (Supp. Submission at 4–6.)

GMACM serviced the Loan from July 31, 2006 through February 16, 2013, when the loan servicing was transferred to Ocwen Loan Servicing, LLC. (Obj. Ex. A at 39.) During the time GMACM serviced the Loan, the Pooles sent GMACM a Qualified Written Request dated October 12, 2010 requesting information related to their account (the "QWR"). (Reply at 14 (citing Horst Supp. Ex. AA).) GMACM received the QWR on October 25, 2010 and responded the next day, attaching several documents to its response relating to the Pooles' account, including copies of the Pooles' Note and corresponding Deed of Trust. (Horst Supp. Ex. AA.)

B.  **The Pooles' Loan Default and Foreclosure**

The Trust alleges that the Pooles were in default on their Loan as of November 1, 2010. (Obj. Ex. A at 39.) GMACM appointed South and Associates as successor Trustee to carry out a non-judicial foreclosure sale of the Property. (*Id.*) The Property was referred to foreclosure on February 1, 2011. (*Id.*) The Property was sold in a trustee's sale on May 4, 2011; a Trustee's Deed was issued by South and Associates to GMACM on May 5, 2011. (*Id.*) The Pooles vacated the Property in December 2011. (*Id.*)

---

[1] The original copy of the assignment provided to the Court by the Trust did not show that the assignment was recorded. (*See* Horst Supp. Ex. OO.) After the hearing on the Objection, the Court ordered the Trust to provide a recorded copy of the assignment, if one existed. (*See* ECF Doc. # 7784.) The Trust produced a copy of the recorded assignment in its Supplemental Submission. (*See* Supp. Submission at 4–6.) As permitted by the Court's order, the Pooles responded to the Supplemental Submission. (*See* ECF Doc. # 7846.) In their Supplemental Response, the Pooles argued that the copy of this recorded Assignment of Deed of Trust was insufficient to establish that GMACM was a "holder in due course" under Missouri law. (Supp. Resp. at 1–2 (citing MO. REV. STAT. § 400.3-308; FED. R. EVID. 801–02, 901, 1002).) The Pooles argue that an original document with a "wet ink" signature is necessary. (*Id.*) The remainder of their Supplemental Response is substantively identical to their Opposition. (*Id.* at 2–10.)

3

The Trust objects to the Pooles' Claim, arguing that the foreclosure sale of the Property was proper since the evidence establishes that the Pooles defaulted on the Loan, and a valid and complete chain of title establishes that South and Associates, as successor Trustee for GMACM, had standing to conduct the non-judicial foreclosure sale. (*Id*. at 38–40.) According to the Trust, the Claim fails to allege that GMACM is liable under any purported theory of relief. (*Id*.) The Court agrees.

## II.    DISCUSSION

"Claims objections have a shifting burden of proof.  Correctly filed proofs of claim "constitute prima facie evidence of the validity and amount of the claim . . . .  To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim.  By producing evidence equal in force to the prima facie case, an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to prove by a preponderance of the evidence that under applicable law the claim should be allowed.  If the objector does not introduce[ ] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." *In re Residential Capital, LLC*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014) (internal quotation marks and citations omitted.); *see also* 4 COLLIER ON BANKRUPTCY ¶ 502.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014).

Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).  To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law." *Residential Capital*, 518 B.R. at 731 (quoting *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006)).

4

The Court addresses the Pooles' asserted causes of actions below, each of which the Court finds should be disallowed and expunged.

### A.      Wrongful Foreclosure

The Pooles' primary cause of action asserts that GMACM never had standing to foreclose on the Property. (Opp. at 2.) According to the Pooles, during the period of their default leading up to the foreclosure sale, they repeatedly requested that GMACM provide them with the original Note and Deed of Trust to demonstrate that GMACM had standing to foreclose. (*See* Horst Supp. Ex. W (attaching several "Notice[s] of Fault," TILA requests, and other correspondence from the Pooles to GMACM beginning in November 2010, when the alleged default on the mortgage began); *see also* Opp. at 2–8.) The Pooles assert that GMACM never provided them with the *original* Note, which the Pooles assert is required by law, and that in failing to provide the original documentation, GMACM implicitly admitted that it did not have standing to foreclose. (Opp. at 7.) In their Supplemental Response, the Pooles reaffirm this argument by asserting that the Federal Rules of Evidence and Missouri statutes require GMACM to produce the *original* of the Assignment of Deed of Trust to avoid violation of the hearsay rule and as proof that GMACM is the rightful "holder in due course." (Supp. Resp. at 1–2 (citing FED. R. EVID. 801–02, 901, 1002; MO. REV. STAT. § 400.3-308).) The Pooles also allege that there was never a contract between them and any of the Debtors and, without such privity, the foreclosure was wrongful. (Opp. at 2.) The Pooles assert that GMACM's lack of standing strips the Court of subject matter jurisdiction over the foreclosure, and therefore the foreclosure should be deemed void. (*Id*. at 2–6.) The Pooles lastly contend that GMACM's failure to return the original Note to them "after three plus years of opportunity to do so" was fraudulent. (*Id*. at 2–3.)

5

The Trust objects to the wrongful foreclosure cause of action, arguing that GMACM did have standing to foreclose because it serviced the Loan from July 2006 through February 2013, and GMACM owned the Deed of Trust at the time the foreclosure sale was conducted. (Obj. Ex. A at 38–39.) The Trust reiterated in its Reply that the chain of assignment and endorsements on the Note are valid. (Reply at 35.) The Trust attaches to its Reply and Supplemental Submission the Assignment of Deed of Trust from MERS as nominee for Worldwide to GMACM as evidence of GMACM's right to foreclose. (*Id*. (citing Horst Supp. Ex. OO); *see also* Supp. Submission at 4–6.) The Trust contends that the Pooles cannot refute this valid recorded assignment, and instead rely on unsupported general allegations of fraud. (Reply at 35.)

The evidence before the Court clearly establishes (1) a valid chain of title for the Note (Horst Supp. Ex. X); (2) that the Deed of Trust authorizes the holder of the Deed of Trust to exercise a "power of sale" (*id*. Ex. Y); and (3) that a recorded Assignment of Deed of Trust to GMACM became effective before the initiation of foreclosure (Supp. Submission at 4–6). Thus, GMACM, or its successor Trustee, South and Associates, had standing under Missouri law to initiate the foreclosure proceeding on the Property. *See* MO. ANN. STAT. §§ 443.290, 443.380 (West 2014); *see also Lackey v. Wells Fargo Bank, N.A.*, No. 11-1067-CV-W-DGK, 2013 WL 65461, at *3 (W.D. Mo. Jan. 4, 2013) (holding that recorded assignment of deed of trust and appointment of successor trustee "establish as a matter of Missouri law that a proper foreclosure sale did occur").

At the hearing on the Objection, it became clear that the Pooles' wrongful foreclosure claim is primarily based on the allegation that GMACM never provided the *original* Note to the

6

Pooles, allegedly required to evidence proper standing to initiate the foreclosure.[2] This purported theory of relief is similar to the wrongful foreclosure claim rejected in *Hobson v. Wells Fargo Home Mortg.*, No. 2:11CV00010 AGF, 2011 WL 3704815, at *2 (E.D. Mo. Aug. 24, 2011). The court in *Hobson* characterized the plaintiffs' wrongful foreclosure claim as based on a purported "'show me the note' theory, which posits that 'only the holder of an original wet-ink signature has the lawful power to initiate a non-judicial foreclosure.'" *Id*. (citing cases). The *Hobson* court rebuffed the plaintiffs' argument, recognizing that "[t]his theory has been uniformly rejected by courts around the country. . . . Under Missouri law, non-judicial foreclosure is a contractual right established by a power of sale clause in a deed of trust." *Id*. (internal citations omitted).

Here, the Deed of Trust includes a "power of sale" clause and was properly assigned to GMACM, which then appointed South and Associates as successor Trustee to conduct the non-judicial foreclosure sale. (*See* Horst Supp. Exs. Y, OO; Obj. Ex. A at 39.) The Pooles' "show me the note" theory does not provide a viable legal basis for a wrongful foreclosure claim in Missouri. Accordingly, the Trust's Objection to the Pooles' wrongful foreclosure cause of action is **SUSTAINED**.

### B. FDCPA Violation

The Pooles base their FDCPA claim upon the same allegations as their wrongful foreclosure claim—without providing the original of the Note and Deed of Trust to establish its standing, GMACM violated the FDCPA. (Opp. at 8.) The Trust objects to this cause of action on the same grounds that it objects to the Pooles' wrongful foreclosure claim. (Obj. Ex. A at 38–

---

[2]    Mr. Poole admitted on the record that the Pooles received *copies* of the Note and Deed of Trust in response to their QWR letter.

7

40.) The Pooles base their FDCPA claim upon a theory of wrongful foreclosure that it is not viable under Missouri law, *see Hobson*, 2011 WL 3704815, at *2, and in turn the FDCPA cause of action fails.

Although not raised by the Trust, the Pooles also fail to establish that GMACM is a "debt collector" subject to liability under the statute. *See id.* at *4 ("An entity 'attempting to collect its own debt is not a "debt collector" under the FDCPA.'") (quoting *Wilson v. Bank of Am. Corp., N.A.*, No. 4:10-CV-512 CAS, 2010 WL 3843781, at *4 (E.D. Mo. Sept. 27, 2010)).

The Court **SUSTAINS** the Objection with respect to the Pooles' FDCPA cause of action.

C.     **RESPA Violation**

The Pooles assert that GMACM violated RESPA by failing to adequately respond to their October 12, 2010 QWR that requested "a list of documents for [their] understanding and clarification of various sale, chain of transfer, funding source, legal and beneficial ownership, charges, credits, debits, transactions, payment analyses and records related to the servicing of this account . . . ." (Opp. at 8–9.) In the Objection, the Trust responds that requests from the Pooles were received and responses were sent on October 26 and 30, 2010. (Obj. Ex. A at 38–39.) The Pooles allege in their Opposition that they only received a "'payment history and an account statement' and an explanation of 'proprietary business practices.'" (*Id.*) The Pooles assert that this was insufficient under RESPA. (*Id.*) At the hearing on the Objection, Mr. Poole admitted that the Pooles received the copies of their Note and Deed of Trust in GMACM's response to the QWR.

The Trust argues in its Reply that RESPA provides that a servicer's response to a QWR must include the information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer. (Reply at 36 (citing 12 U.S.C. § 2605(e)(2)(C)).) The Pooles' QWR sought information relating to the recording of the Loan,

8

both in county records and within the MERS system, which would not have been evident from the mortgage or Note. (*Id.* (citing Horst Supp. Ex. AA).) In response to the QWR, the Debtors provided the Pooles with copies of the Note and Deed of Trust, and a copy of the subsequent modification of the Pooles' Loan, signed by Mr. Poole. (*Id.*) The Trust argues that this response was sufficient to show the history of the debits and credits on the account, any late fees assessed on the account, any suspension of the account, any property inspections done on the Property, any fees that were assessed as a result of those inspections, and the status of the insurance policy on the account. (*Id.*) The Trust asserts that GMACM did not provide information regarding its loan accounting and servicing systems, assignments, and other servicing-related information because these items constitute proprietary and confidential business and trade practices. (*Id.*) Moreover, GMACM did not provide information about the assignments of the mortgage because that does not relate to the servicing of the account. (*Id.*) GMACM's response to the QWR includes this explanation. (*Id.*)

Upon review of the QWR and GMACM's response thereto, the Court concludes that GMACM's response, which included copies of the Note, Deed of Trust, and loan modification documents (*see* Horst Supp. Decl. Ex. AA), was sufficient and did not violate RESPA. *See O'Connor v. Nantucket Bank*, 992 F. Supp. 2d 24, 35–36 (D. Mass. 2014) (concluding that lender complied with requirements of RESPA governing duty of loan servicer to respond to borrower inquiries when it responded to mortgagors' broad information requests, where lender provided mortgagors with their loan history, a contact person, and included copies of note, mortgage, loan modification documents the mortgagors executed, and then recent appraisal of property); *see also Kelly v. Fairon & Assocs.*, 842 F. Supp. 2d 1157, 1160–61 (D. Minn. 2012) (concluding that mortgage loan servicer did not violate RESPA section requiring servicers to

provide written responses to a QWR seeking information relating to the servicing of a loan by failing to provide information relating to the noteholder or master servicer, since that information did not relate to servicing).

The Trust's Objection to the Pooles' RESPA claim is therefore **SUSTAINED**.

### D.     TILA Violation

The Pooles argue that TILA provides mortgage borrowers three years to review disclosure documents and a "Three Day Right to Cancel" that must be triggered when the lender has provided the borrower with "ALL of the required Disclosures under TILA . . . ." (Opp. at 9 (emphasis in original).) "To this date, GMAC[M] has never provided Dwayne Poole with true, complete, accurate or timely documents as required . . . ." (*Id.*)

The Trust objects to the Pooles' TILA claim, arguing that GMACM received various letters from the Pooles and sent responses on October 26 and 30, 2010. (Obj. Ex. A at 38–39.) The Trust further argues that the Pooles misunderstand the law. (Reply at 37.) According to the Trust, the Pooles cite to 15 U.S.C. § 1601 *et seq.* and 12 C.F.R. § 226.23, which refer to disclosures that are provided at the time a loan is originated and a right of rescission for up to three days after such disclosures are provided, or up to three years after the origination of the loan if the disclosures are not provided. (*Id.*) The Trust asserts that Mr. Poole was provided with the necessary disclosures at the time of origination, as evidence by the Truth-In-Lending Statement Mr. Poole signed at the time the Loan was originated. (*Id.*) The Trust also points out that more than three years have passed since the origination and as a result, the Pooles' TILA claim is time barred. (*Id.*)

Section 1640 of title 15 of the United States Code provides a cause of action that must be filed within one year after the asserted violation against creditors who fail to comply with disclosure requirements enumerated in subsection (a). *Hobson*, 2011 WL 3704815, at *3 (citing

*Kramer v. Am.'s Wholesale Lenders*, No. 4:10cv0156 TCM, 2011 WL 577390, at *3 (E.D. Mo. Feb. 9, 2011)). A "violation" occurs "when the transaction is consummated" and the "violation" cannot be construed as a "continuing violation for purposes of the statute of limitation." *Id*. (internal quotation marks omitted). The Pooles' transaction was consummated, or originated, in July 2006. (Horst Supp. Ex. X.) Thus, the Pooles' TILA claim is time barred whether based on a one-year or three-year statute of limitations, and the Trust's Objection to this cause of action is hereby **SUSTAINED**.

### III.    CONCLUSION

The Trust's Objection to the Pooles' Claim adequately shifted the burden to the Pooles to prove their Claim by a preponderance of the evidence. The Pooles failed to satisfy this burden with respect to each of their asserted causes of action against GMACM. The Pooles also misunderstand and misapply applicable law. Therefore, the Trust's Objection to the Pooles' Claim Number 4128 is **SUSTAINED** in its entirety and the Claim is **DISALLOWED** and **EXPUNGED**.

**IT IS SO ORDERED.**

Dated:   December 15, 2014
         New York, New York

                                                                ___*Martin Glenn*_____
                                                                MARTIN GLENN
                                                                United States Bankruptcy Judge