**Hearing Date: December 18, 2014 at 10:00 a.m. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton

*Counsel for the ResCap Borrower
Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT
OF OBJECTION TO PROOF OF CLAIM NO. 2536 FILED BY STEPHANIE HARRIS**

ny-1168357

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "**Borrower Trust**"), established pursuant to the terms of the chapter 11 plan confirmed in the above captioned bankruptcy cases [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "**Debtors**") with respect to Borrower Claims,[1] hereby submits this reply (the "**Reply**") to the response (the "**Response**") [Docket No. 7818][2] of Stephanie Harris ("**Claimant**") to the *ResCap Borrower Claims Trust's Objection to Proof of Claim No. 2536 Filed by Stephanie Harris* (the "**Objection**") [Docket No. 7666]. In further support of the Objection, the Borrower Trust submits the *Supplemental Declaration of Kathy Priore in Support of the ResCap Borrower Claims Trust's Objection to Proof of Claim No. 2536 Filed by Stephanie Harris* (the "**Supplemental Priore Declaration**"), attached hereto as Exhibit 2, respectfully represents as follows:

## REPLY

**I.    CLAIMANT'S ALLEGATIONS REGARDING STANDING TO FORECLOSE ARE RAISED IN AN IMPROPER FORUM AND ARE INCORRECT AS A MATTER OF LAW**

1.    Claimant, apparently conceding that she does not have a claim for wrongful foreclosure (see Response ¶ 4 ("[t]here has been no wrongful foreclosure . . . .")), now appears to assert that no entity has standing to bring a foreclosure action against her due to the inadvertent assignment of the Mortgage to Deutsche Bank, as Trustee. Aside from the fact that this is not the appropriate forum in which to contest the standing of a party to a foreclosure proceeding – which

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection (defined below).
[2] The Borrower Trust understands that Claimant requested an extension of her Response deadline claiming that, despite the Borrower Trust's filing and serving Objection on October 20, 2014, she did not received a copy of the Objection until sometime in November. To the contrary, Ms. Harris not only received service of the Objection by email on October 20, 2014, but within twelve hours of her receipt, she sent a responsive email to counsel for the Borrower Trust, attached hereto as Exhibit 1, and she also left a voicemail message on October 21, 2014.

ny-1168357

should be done in connection with the foreclosure proceeding – Claimant's allegations are also incorrect as a matter of law.

2. Under Florida law, "possession of the note determines standing to foreclose." Everhome Mortg. Co. v. Janssen, 100 So. 3d 1239, 1240 (Fla. Dist. Ct. App. 2012). "[O]wnership of the mortgage follow[s] the note," Taylor v. Bayview Loan Servicing, LLC, 74 So. 3d 1115, 1117-18 (Fla. Dist. Ct. App. 2011) (quoting Johns v. Gillian, 134 Fla. 575, 184 So. 140, 143 (1938)). Indeed, "[A] mortgage is but an incident to the debt, the payment of which it secures, and its ownership follows the assignment of the debt. If the note or other debt secured by a mortgage be transferred without any formal assignment of the mortgage, or even a delivery of it, the mortgage in equity passes as an incident to the debt . . . ." Everhome Mortg. Co. v. Janssen, 100 So. 3d at 1240 (alteration in original). As a result, "standing may be established from a plaintiff's status as the note holder, regardless of any recorded assignments." McLean v. JP Morgan Chase Bank Nat'l Ass'n, 79 So. 3d 170, 173 (Fla. Dist. Ct. App. 2012).

3. The sole case cited by Claimant does not contradict these points of law. See Response at 1-2. In Bellistri v. Ocwen Loan Servicing, LLC, 284 S.W.3d 619 (Mo. Ct. App. 2009), cited by Claimant, the Court concluded that an assignment of a security interest in real property separate from the note was of no force. Id. at 623-24. In that case, Bellistri, the purchaser of a property at a tax sale, sought to quiet title to the purchased property. Id. at 621. Ocwen Loan Servicing, LLC ("**Ocwen**") contested the action on the basis that it had been assigned a deed of trust by Mortgage Electronic Registration System, Inc., as nominee for BNC Mortgage Inc. Id. The court concluded that Ocwen lacked standing to contest the quiet title action. Id. at 624. The court explained that the "note and the deed of trust are inseparable" and, therefore, the holder of the note or a transferee of the note held "all the interest, rights, powers

- 2 -

ny-1168357

and security conferred by the deed of trust upon the beneficiary of therein." Id. at 623 (citing St. Louis Mut. Life Ins. Co. v. Walter, 46 S.W.2d 166, 170 (1931)). The record, however, included no evidence that Ocwen was the holder of the note. Id. at 623-24. Consequently, evidence of the assignment of the deed of trust, separate and apart from the note was of "no force" and the holder of the note, whoever that may have been, remained the beneficiary under the deed of trust. Id.

4.      Here, the Note was assigned to LaSalle Bank, N.A., by special endorsement and is currently held by U.S. Bank, N.A., as Trustee. See Priore Decl. ¶ 6 & ¶ 6 n.6. Under the ruling in Bellistri, U.S. Bank also holds the Mortgage associated with the Note, regardless of the mistaken assignment of the Mortgage to Deutsche Bank Trust Company Americas, as Trustee. Moreover, under Florida law, U.S. Bank, N.A., as Trustee, as the Note's holder, has standing to foreclose "regardless of any recorded assignments." McLean, 79 So. 3d at 173. To the best of the Borrower Trust's knowledge, Claimant remains delinquent on her April 1, 2008 and subsequent payments (see Priore Decl. ¶ 25) and, consequently, upon the lifting of the automatic stay that arose as a result of Claimant's 2014 bankruptcy case, appropriate steps may be taken to substitute U.S. Bank, as Trustee (or a subsequent holder of the Note, if any), as the plaintiff in the 2012 Foreclosure Proceeding.[3]

---

[3] Claimant further objects to the Borrower Trust's redaction of certain entries in Exhibit 2-E to the Priore Declaration, which contains excerpts of the Debtors' internal Servicing Notes for the Loan. See Response at ¶ 1. These Servicing Notes were provided to affirmatively support contentions in the Objection, not as part of any discovery process, and the redacted portions were not cited as support for any statements contained in the Objection. Additionally, nearly all of the entries relate to confidential communications among outside counsel and the Debtors made during the course of providing legal advice to the Debtors and, therefore, are subject to the attorney-client privilege. See United States v. Mejia, 655 F.3d 126, 135 (2d Cir. 2011) ("The attorney-client privilege protects communications (1) between a client and his or her attorney (2) that are intended to be, and in fact were, kept confidential (3) for the purpose of obtaining or providing legal advice."). The Borrower Trust also believes that each of these communications is entirely irrelevant to the merits of the Proof of Claim, especially given that the Borrower Trust concedes the fundamental factual predicate that Claimant appears to allege – that the foreclosure proceedings were inadvertently initiated in the name of the wrong entity. Moreover, the Court was provided with an unredacted copy of the excerpts of the Servicing Notes with its courtesy copy of the Objection so that it may review the Servicing Notes in camera.

## II. THE RESPONSE IS PREDICATED ON NUMEROUS OTHER INCORRECT AND INACCURATE FACTUAL STATEMENTS

5. Claimant's Response is also predicated on numerous other inaccurate factual statements that she contends supports the validity of her Proof of Claim. While the Borrower Trust will not address each such statement, two of the misstatements are particularly worth noting.

6. First and foremost, Claimant makes numerous allegations regarding the alleged involvement and conspiratorial dealings of Florida attorney, David Stern, and his law firm in connection with her Loan. In fact, no matters relating to Claimant's Loan were ever referred to David Stern or his law firm and, as far as the Borrower Trust is aware, neither David Stern nor his law firm were ever involved in any way with Claimant's Loan. See Supp. Priore Decl. ¶ 5.

7. Additionally, Claimant makes a number of statements regarding the Debtors' alleged "failure to pay the Federal Reserve," and asserts that this fact, alone, caused Claimant's damages because she would have been able to obtain a loan modification if the Federal Reserve were paid. See Response at ¶ 4.h.d); see also Response ¶¶ 4.e., 4.f., 4.g., 4.h.e), and p. 4. Presumably, Claimant is referring to a payment to the Federal Reserve in connection with the FRB Foreclosure Review process.[4] As this Court is aware, the Debtors settled with the Federal Reserve and, pursuant to a settlement agreement approved by this Court, paid approximately $230 million in full and final satisfaction of the Debtors' FRB Foreclosure Review obligations. See Docket No. 4365. Consequently, to the extent that the Response alleges that Claimant was damaged or continues to be damaged as a result of the Debtors' "failure to pay the Federal Reserve," such claims are based entirely on a factually inaccurate premise.

---

[4] For a description of the FRB Foreclosure Review process, see *Debtors' Motion Pursuant to Bankruptcy Rule 3013 and Bankruptcy Code Section 362(a) for a Determination That (I) GMAC Mortgage's FRB Foreclosure Review Obligation Is a General Unsecured Claim and (II) The Automatic Stay Prevents Enforcement of the FRB Foreclosure Review Obligation* [Docket No. 3055], at ¶ 11-16.

- 4 -
ny-1168357

### III. CLAIMANT IS NOT ENTITLED TO A CLAIM AGAINST THE DEBTORS RELATED TO ACTIONS RELATING TO HER LOAN TAKEN AFTER FEBRUARY 15, 2013

8.  Claimant also alleges ongoing damages resulting from actions taken during the course of her 2014 bankruptcy case on behalf of La Salle Bank.  See Response at ¶¶ 4.h. & 4.h.b).  However, as set forth in the Objection, the servicing rights related to the Loan were transferred to Ocwen on February 15, 2013 in connection with the Debtors' sale of their mortgage servicing platform, and the Debtors and Borrower Trust have not been involved with the servicing of the Loan since that time.  See Priore Decl. ¶ 24; accord Response ¶ 4.h. (referencing Claimant's expectation that Ocwen may file a proof of claim in her 2014 bankruptcy case).  Neither the Debtors nor the Borrower Trust is liable for any actions taken independently by Ocwen or La Salle Bank in connection with the Loan after the February 15, 2013 transfer of servicing.

### IV. RESERVATION OF RIGHTS

9.  The Borrower Trust has been unable to interpret the allegations set forth in paragraphs 5-7 of the Response or decipher how such statements relate to the Loan.  William Wohlsifer appears to be the Florida Attorney General, DBPR appears to refer to the Florida Department of Business and Professional Regulation and EPA appears to refer to the United States Environmental Protection Agency.  The allegations contained in paragraphs 5-7 may be related to the allegations regarding David Stern, but it is not clear and, in any event, to the best of the Borrower Trust's knowledge, David Stern has no connection with the Loan.  *See* supra at ¶ 6.  The Borrower Trust reserves the right to supplement this Reply to the extent that the import of these entities and their relation to the Loan becomes clear.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests entry of the Proposed Order granting the relief requested in the Objection and such other and further relief as the Court may deem proper.

Dated: December 15, 2014

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*