# **Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUPPLEMENTAL DECLARATION OF KATHY PRIORE**
**IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S**
**OBJECTION TO  PROOF OF CLAIM NO. 2536 FILED BY STEPHANIE HARRIS**

I, Kathy Priore, hereby declare as follows:

1. I serve as Associate Counsel for The ResCap Liquidating Trust (the "**Liquidating Trust**"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**").  During the Chapter 11 cases, I served as Associate Counsel in the legal department at Residential Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**").  I joined ResCap on May 1, 2008 as in-house litigation counsel.  Prior to my in-house litigation counsel position, I held various roles within the legal department at ResCap.

2. In my role as Associate Counsel at ResCap, I was responsible for the management of residential mortgage-related litigation.  In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the Chapter 11 Cases, including the borrower litigation matters pending before this Court.  In my current position as Associate Counsel to the Liquidating Trust, among my

1

ny-1168867

other duties, I continue to assist the Liquidating Trust and Borrower Claims Trust (the "**Borrower Trust**") in connection with the claims reconciliation process.[1] I am authorized to submit this declaration (the "**Declaration**") in support of the *ResCap Borrower Claims Trust's Reply in Support of Objection to Proof of Claim No. 2536 Filed by Stephanie Harris* (the "**Reply**").[2]

        3. In my current and former capacities as Associate Counsel to the Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based on my familiarity with the Debtors' Books and Records (the "**Books and Records**"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "**Schedules**"), my review and reconciliation of claims, and/or my review of relevant documents. I or other Liquidating Trust personnel have reviewed and analyzed the proof of claim form and supporting documentation filed by the Claimant. Since the Plan went effective and the Borrower Trust was established, I, along with other members of the Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among of things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Reply.

    4. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Reply on that basis.

    5. Claimant makes numerous allegations in her Response regarding Florida attorney, David Stern, his law firm, and their alleged involvement in legal proceedings related to the Loan.  To the best of my knowledge and belief, neither Mr. Stern nor his law firm was engaged by the Debtors in connection with the foreclosure proceedings related to Claimant's loan or in connection with Claimant's bankruptcy cases.  Moreover, after a review of the Debtors' servicing records and foreclosure records, I am unaware of any records that reflect that Mr. Stern and his law firm were ever involved in any way with Claimant's Loan.

 Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated:  December 15, 2014

                 /s/ Kathy Priore
                 Kathy Priore
                 Associate Litigation Counsel for
                 The ResCap Liquidating Trust