Pablo E. Bustos Esq., Bar No.:4122586
BUSTOS & ASSOCIATES, P.C.
225 Broadway 39th Floor
New York, NY 10007-3001
212-796-6256 Office
pbustos@bustosassociates.com
*Attorney for the Creditor Conrad P Burnett Jr*


**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------x

| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 12-12020 (MG) |
| Residential Capital, LLC, et al. | : | |
| | : | Jointly Administered |
| Debtors. | : | |

-------------------------------------------------------------x    **Hon. Martin Glenn**

<u>**MOTION FOR LEAVE TO AMEND PROOF OF CLAIM NO.7413**</u>


Creditor Conrad P Burnett Jr moves the court pursuant to Federal Rule of Civil

Procedure Rule 15(a)(2) and Bankruptcy Rule 3003(c)(3) for leave to file an amendment

to Proof of Claim No. 7413 beyond the bar date in the following particulars and grounds

for this Motion would state as follows:

1.      On January 8, 2014 the Liquidating Trust on behalf of the Debtor filed a [Proof of

Claim No. 7413] on behalf of the Creditor Conrad P Burnett Jr in the amount of

$375,395.00. Creditor cannot ascertain how Debtor calculated these figures which appear

to duplicate prior claims filed by Creditor; however, at the very least the amendment

would correct the amount to reflect true administrative expenses and as a mechanism

providing the Debtor and its creditors with finality.

2.       The amended proof of claim accurately reflects the true nature of this claim for

administrative expenses for Attorney's fees both pre and post-petition costs to litigate and

enforce Creditors' claims.

3.      Bankruptcy Rule 3003(c) (3) directs a bankruptcy court to establish a bar date

beyond which proofs of claim are disallowed in a chapter 11 case. *See*, *Gulf States*

*Exploration Co. v. Manville Forest products Corp. (In re Manville Forest Products*

*Corp.*), 89 B.R. 358, 374 (Bankr. S.D.N.Y. 1988)

4.      The bankruptcy judge has the discretion to grant or deny an amendment to a

timely filed proof of claim. *See also*, *In re McLean Industries, Inc.*, 121 B.R. 704, 708

(Bankr. S.D. N.Y. 1990); the bankruptcy court must take care that an amendment would

truly amend a timely filed proof of claim rather than assert a new claim. Creditor Conrad

P Burnett Jr did file an original timely proof of claim.

5.      Although the Bankruptcy Code nor Bankruptcy Rules directly address

amendment of a proof of claim, however, determining whether the first prong of the two-

prong test is satisfied this Court has determined the application of F.R.C.P. Rule 15(c)

and pursuant to Bankruptcy Rules 7015 and 9014(c), to analyze such an amendment,

*Enjet, Inc. v. Maritime Challenge Corp. (In re Enjet, Inc.)*, 220 B.R. 312, 315 (E.D. La.

1998) and *Liddle v. Drexel Burnham Lambert Group, Inc.*, 159 B.R. 420, 425 (S.D.N.Y.

1993); this amended claim relates back to the date of the original claim.

6.      Creditor feels this was an affirmative act/misrepresentation by GMAC Joint-

Debtor; and therefore, no showing of intent is required. *See, In Re Residential Capital,*

*LLC*, et al., No. 12-12020 [Docket No. 7619] (Bankr. S.D.N.Y. October 6, 2014) the

amount of the amended proof of claim would represent Attorney's fees only for the cost

to litigate with Joint-Debtor GMAC both pre & post-petition to enforce the creditors'

rights under a contract, and consumer fraud. The amendment to *Id.* 7413 would only

represent restitution for the costs paid to counsel and burden to defend against Joint-

Debtor GMAC. If the court does not permit the amendment of the Proof of Claim the

Creditor would suffer irreparable harm and damage in an amount that cannot reasonable

be ascertained.

7.      Creditor has attached the Amended Proof of Claim and is affixed herewith and

marked as Exhibit "1" and incorporated for reference.

**WHEREFORE**, Creditor Conrad P Burnett Jr prays that this Honorable Court

will grant leave to file an amendment to his proof of claim for administrative

expenses for Attorney's Fees and all other relief this court deems just and proper.

Date: 12/15/2014                                    Respectfully Submitted,


    **/s/  Pablo E. Bustos**

Pablo E. Bustos, Esq.
*Attorney for the Creditor*

## <u>CERTIFICATE OF SERVICE</u>

**I HEREBY** certify that a true and correct copy of the foregoing **MOTION FOR**

**LEAVE TO AMEND PROOF OF CLAIM NO.7413** is to be electronically filed with

the Clerk of the Court using ECF system, which sent notification of such filing to all ECF

participants requesting electronic service.

Date: 12/15/2014                                    Respectfully Submitted,

    **/s/  Pablo E. Bustos**

Pablo E. Bustos, Esq.
*Attorney for the Creditor*

4