## Exhibit 1

## Proposed Order

ny-1158883

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------------------- )
                                   )

In re:                               )     Case No. 12-12020 (MG)

                                  )

RESIDENTIAL CAPITAL, LLC, et al.,    )     Chapter 11

                                  )

           Debtors.               )     Jointly Administered

--------------------------------------------------------------------------------- )

**ORDER SUSTAINING RESCAP LIQUIDATING TRUST'S**
**OBJECTION TO PROOFS OF CLAIM NOS. 5853 AND 5856**
**<u>FILED BY CONNECTICUT HOUSING FINANCE AUTHORITY</u>**

Upon the objection, dated December 16, 2014 [Docket No. ____] (the "**Objection**")[1], of the ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "**Chapter 11 Cases**") [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "**Debtors**"), to Proofs of Claim Numbers 5853 and 5856 (the "**Proofs of Claim**") filed by Connecticut Housing Finance Authority ("**CTHFA**" or the "**Claimant**"), seeking entry of an order (the "**Order**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure, disallowing and expunging the Proofs of Claim on the grounds that the Debtors' books and records do not reflect any sums due and owing the Claimant as of the Petition Date and the Claims otherwise fail to state a valid basis for liability against the Debtors, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection having been provided; and upon consideration of the Objection, the *Declaration of Teresa Rae Farley in Support of the ResCap Liquidating Trust's Objection to Proofs of Claim Nos. 5853 and 5856 Filed by Connecticut Housing Finance Authority*; and the Court having found and determined that the relief requested in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, and all parties in interest; and the Court having found and determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefore, it is hereby

ORDERED that the relief requested in the Objection is sustained to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Proofs of Claim are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Proofs of Claim so that they are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims

ny-1169177

Procedures Order [Docket No. 3294], and the Local Bankruptcy Rules of this Court are satisfied

by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Proofs of

Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:    February __, 2015
          New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

3