UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al*.<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

### ORDER DENYING MOTION OF RAINER P. WARNER FOR RECONSIDERATION

Pending before the Court is a motion for reconsideration filed by Rainer P. Warner (the "Motion," ECF Doc. # 7863). Through the Motion, Warner asks the Court to reconsider its ruling sustaining the ResCap Borrower Claims Trust's (the "Trust") objection to claim number 1574, filed by Warner. For the reasons explained below, the Motion is **DENIED**.

The Trust objected to Warner's claim (the "Claim") in its Seventy-Fifth Omnibus Objection (the "Objection," ECF Doc. # 7552). Warner filed a response to the Objection (the "Response," ECF Doc. # 7722). The Trust filed a reply on November 7, 2014 (the "Reply," ECF Doc. # 7727). Warner filed a subsequent response on November 13, 2014 (the "Surreply," ECF Doc. #7782). On the same day Warner filed his Surreply, the Court held a hearing on the Objection. On November 25, 2014, the Court issued an order disallowing and expunging the Claim on the grounds that the Debtors were not liable for any unlawful conduct asserted in Warner's Claim (the "Order," ECF Doc. # 7800). The facts giving rise to Warner's Claim are discussed in the Order, and familiarity of those facts is assumed here. In the Motion, Warner first asserts that his Surreply revealed inconsistencies in the foreclosure inspections and property valuation documentation the Trustee submitted in its Reply that support his Claim that the inspections and valuations were excessive in number and resulted in improper fees. (Motion

¶ 1.)  Warner also submits that the Trust may have submitted documentation of such inspections and property valuations for a different property Warner owned.  (*Id.* ¶ 2.)

Rule 9023 of the Federal Rules of Bankruptcy Procedure incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment.  Additionally, Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedure, which establishes the grounds for granting relief from a final order.  Rule 9024 provides that a court may grant relief from an order for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order.  FED. R. CIV. P. 60(a), (b).  Under these rules allowing for reconsideration, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)).  "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court."  *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted).  A motion may not be used "to enable a party to complete presenting his case after the court has ruled against him."  *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).  Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances."  *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted).  But the Motion is held "to less stringent standards

2

than formal pleadings drafted by lawyers" because Warner in proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Although Warner only seeks relief pursuant to Federal Rule of Civil Procedure 60, the Motion fails to identify adequate grounds for relief under either Federal Rule of Civil Procedure 59 or 60.  The Motion does not identify any legal authority for the relief he requests, intervening change in law, or newly available evidence that was not available to him before the Court ruled.

With respect to Warner's first argument in the Motion, Warner attempts to characterize the revealed inconsistencies and improperly assessed inspection and property valuation (or "BPO") fees as "new evidence" by asserting that the documentation evidencing the inspections and BPOs was only submitted in the Trust's Reply and he was therefore not afforded an opportunity to respond to it.  (Motion ¶¶ 1, 3–7.)  But Warner's purported "new evidence" is not new evidence at all.  The asserted inconsistencies and fees incurred as a result of alleged excessive inspections and BPOs were previously raised in his proof of claim, Response, and Surreply.  In its prior Order, the Court held that "[t]he record also supports the Trust's Objection to Warner's arguments relating to the BPOs and property inspections; the Debtors appear to have properly conducted the necessary inspections in substance and amount on Warner's Property as was required for the numerous loss mitigation proposals Warner's submissions prompted." (Order at 11.)  The Court therefore already considered the validity and weight of the inspection and valuation documentation in concluding that they were proper and disallowing the Claim. Warner cannot use a motion for reconsideration as an opportunity to reargue what has already been considered and rejected by the Court.

As to Warner's second argument, the Trust did not submit documentation relating to the wrong property owned by Warner.  The Claim relates to Warner's loan that was secured by

property located at 520 Se Entrada Street, Palm Bay, Florida 32909 (the "Se Entrada Property"). (*See* Supplemental Declaration of Deanna Horst Exs. A–B, ECF Doc. # 7727-3.)  Warner's proof of claim (*see* Supplemental Declaration of Deanna Horst Ex. A), note (*see id.* Ex. B), and all other documentation submitted by both Warner and the Trust relate to the Se Entrada Property. In his Motion, Warner correctly points out that the Court mistakenly indicated that the relevant property was located at 1180 Flintock Avenue, Palm Bay, Florida 32909-4707 in its prior Order. (*See* Motion ¶ 2 (citing Order at 2).)  The typographical error in the Court's prior Order did not alter the substantive analysis or conclusions of the Court.  *See Key Mech. Inc.*, 330 F.3d at 123 (internal quotation marks and citation omitted).  Nevertheless, the Court entered an amended order correcting the error on December 16, 2014 (the "Amended Order," ECF Doc. # 7888).

For the foregoing reasons, Warner's Motion is **DENIED**, except to the extent that the Amended Order corrects the relevant property address.

**IT IS SO ORDERED.**

Dated:   December 17, 2014
         New York, New York

                                                   **/s/Martin Glenn**
                                                   MARTIN GLENN
                                                   United States Bankruptcy Judge

4