MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the ResCap Borrower Claims
Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------- ) | | |
| In re: ) | Case No. 12-12020 (MG) | |
| ) | | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 | |
| ) | | |
| Debtors. ) | Jointly Administered | |
| ------------------------------------------------------------- ) | | |

**THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO THE MOTION
FILED BY MICHAEL DOCKERY SEEKING TO ALLOW A LATE-FILED
CLAIM TO BE TREATED AS TIMELY FILED**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ........................................................................................... 1

BACKGROUND ................................................................................................................. 2

I.      GENERAL BACKGROUND....................................................................................... 2

II.     THE UNDERLYING PROCEEDINGS, ENTRY OF THE BAR DATE ORDER,
        AND RELATED NOTICE OF THE BAR DATE .......................................................... 2

        A.      Litigation Between Debtors and Movant ................................................... 2

        B.      Debtors' Notices to the Movant of the Commencement of the Chapter 11
                Cases and the Bar Date ............................................................................ 6

ARGUMENT ...................................................................................................................... 8

I.      SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT ..................................... 8

II.     MOVANT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT ................... 11

        A.      The Reason for the Delay, Including Whether it was Within the
                Reasonable Control of the Movant .......................................................... 12

        B.      The Danger of Prejudice to the Debtors ................................................. 14

        C.      Whether the Movant Acted in Good Faith ............................................... 15

        D.      The Length of Delay and its Potential Impact on Judicial Proceedings .............. 15

ny-1160732

## TABLE OF CONTENTS
(continued)

**Page**

### EXHIBIT LIST

**Exhibit 1:**    Priore Declaration

    **Exhibit A:**    Dockery Mortgage and Note
    **Exhibit B:**    Notice of Bankruptcy Filed in Dockery Action

**Exhibit 2:**    Fabella Declaration

    **Exhibit A:**    Copies of Letters from Dilday to Hinshaw and from Hinshaw to Dilday

**Exhibit 3:**    Morrow Declaration

    **Exhibit A:**    Affidavit of Service by Clarissa D. Cu

**Exhibit 4:**    Dockery Complaint Against GMAC Mortgage, LLC

**Exhibit 5:**    Dockery Action Docket

**Exhibit 6:**    Notice of Appeal

**Exhibit 7:**    Amended Schedules of Assets and Liabilities for GMAC Mortgage, LLC

**Exhibit 8:**    Cover Page for KCC Package Sent by Dockery

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Hagner v. United States,
    285 U.S. 427 (1932).......................................................................................................8

In re Alexander's Inc.,
    176 B.R. 715 (Bankr. S.D.N.Y. 1995) ........................................................................8

In re BGI, Inc.,
    476 B.R. 812 (Bankr. S.D.N.Y. 2012) (Glenn, J.) ....................................................11

In re BH S & B Holdings LLC,
    435 B.R. 153 (Bankr. S.D.N.Y. 2010) (Glenn, J.) ..............................................11, 12

In re Dana Corp.,
    No. 06–10354 (BRL), 2008 WL 2885901 (Bankr. S.D.N.Y. July 23, 2008) ...........13

In re Kmart Corp.,
    381 F.3d 709 (7th Cir. 2004), cert. denied sub nom. Simmons v. Kmart Corp., 543
    U.S. 1056 (2005) .......................................................................................................14

In re Lehman Brothers Holdings Inc.,
    433 B.R. 113 (Bankr. S.D.N.Y. 2010) .....................................................................13

In re Nw. Airlines Corp.,
    No. 05-17930 (ALG), 2007 WL 498285 (Bankr. S.D.N.Y. Feb. 9, 2007) ..............11

In re PT-1 Communications, Inc.,
    403 B.R. 250 (Bankr. E.D.N.Y. 2009) .....................................................................12

In re WorldCom, Inc.,
    No. 02-13533, 2005 WL 3875192 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.)................8

Pioneer Investment Services Co. v. Brunswick Associates Limited Partnership,
    507 U.S. 380 (1993) .................................................................................10, 11, 13, 14

Midland Cogeneration Venture Limted Partnership v. Enron (In re Enron Corp.),
    419 F.3d 115 (2d Cir. 2005) .....................................................................11, 12, 13, 14

Riverhead Transit Mix Corp. v. Walsh Construction Co. (In re Riverhead Transit Mix
    Corp.),
    No. 091-7142-511, 1995 WL 1051649 (Bankr. S.D.N.Y. June 29, 1995) ................8

ny-1160732

**STATUTES**

Mass. Gen. Laws ch. 93A, § 2(a), *available at*
https://malegislature.gov/Laws/GeneralLaws/PartI/TitleXV/Chapter93A (last visited
Nov. 20, 2014) ...................................................................................................................3

iv

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 Plan[1] confirmed in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors") with respect to Borrower Claims (defined below), hereby submits this objection (the "Objection") to the *Motion to Allow Late Filed Claim to be Treated as Timely Filed* [Docket No. 7585] (the "Motion") filed by Michael Dockery (the "Movant").    In support of the Objection, the Borrower Trust submits the declaration of Kathy Priore, Associate Counsel for the ResCap Liquidating Trust (the "Priore Declaration"), annexed hereto as Exhibit 1, the declaration of Justin M. Fabella, attorney with Hinshaw & Culbertson LLP (the "Fabella Declaration"), annexed hereto as Exhibit 2, and the declaration of P. Joseph Morrow, Director of Corporate Restructuring Services for Kurtzman Carson Consultants LLC, the claims and noticing agent retained by the Debtors (the "Morrow Declaration"), annexed hereto as Exhibit 3.    In further support of the Objection, the Borrower Trust respectfully represents as follows:

## **PRELIMINARY STATEMENT**

1.      The Motion should be denied because the Movant has failed to demonstrate that the Debtors did not provide Movant with sufficient notice of the Bar Date (defined below).    Service of the notice of the claims Bar Date on the Movant at the Movant's Address (defined below) and on Movant's then counsel was proper service, and the Movant cannot satisfy the standards for excusable neglect applicable in this District so as to permit the Movant to file an untimely proof of claim.

---

[1]      Terms defined in this paragraph and the Preliminary Statement shall have the meanings ascribed to such terms in the Objection.

# BACKGROUND

## I.    GENERAL BACKGROUND

2.    On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "<u>Confirmation Order</u>") approving the terms of the Chapter 11 plan, as amended (the "<u>Plan</u>"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things, the Borrower Trust and the ResCap Liquidating Trust were established [Docket No. 6137].[2]

3.    The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed Borrower Claims (as such terms are defined in the Plan) to the extent such claims are ultimately allowed either through settlement or pursuant to an order of the Court. <u>See</u> Plan, Art. IV.F.  The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims." <u>See</u> <u>id.</u>

## II.    THE UNDERLYING PROCEEDINGS, ENTRY OF THE BAR DATE ORDER, AND RELATED NOTICE OF THE BAR DATE

### A.    Litigation Between Debtors and Movant

4.    On August 16, 2005, the Movant executed a promissory note (the "<u>Note</u>") and mortgage (the "<u>Mortgage</u>" and together with the Note, the "<u>Loan</u>") in the original principal

---

[2]    The ResCap Liquidating Trust and the Borrower Trust are parties to an Access and Cooperation Agreement, dated December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

2

amount of $348,000 with Union Capital Mortgage Business Trust in connection with the Movant's real property located at 255 Court Street, Brockton, Massachusetts 02302.  <u>See</u> Priore Declaration ¶ 5; <u>see also</u> Dockery Mortgage and Note at <u>Exhibit A</u> annexed to Priore Declaration.  Based on a statement included in *Defendant's Statement of Reasons in Support of Its Opposition to Plaintiff's Motion for Relief from Judgment*,[3] a copy of which is annexed to the Motion at Exhibit B, filed by 21st Mortgage Corporation in the Dockery Action (as discussed below) (the "<u>21st Mortgage's Statement</u>"), upon information and belief, this property is not the Movant's residence.  The Movant's home address, as reflected in the Debtors' records at the time of the Petition Date, is:  46 Sharon Street, Brockton, Massachusetts 02302 (the "<u>Movant's Address</u>").

5.      As part of the Debtors' sale of assets to Ocwen Loan Servicing, LLC ("<u>Ocwen</u>") and Berkshire Hathaway, Inc. ("<u>Berkshire</u>"), which closed in February of 2013, the Movant's Loan was acquired by Berkshire and the right to service the Loan was acquired by Ocwen.  <u>See</u> Priore Declaration ¶ 6.  GMAC Mortgage, LLC ("<u>GMACM</u>") acted as servicer for the Loan prior to the closing of the asset sales.  <u>See id.</u>  On February 16, 2013, servicing transferred from GMACM to Ocwen.  <u>See id.</u>  Upon information and belief, on or about November 4, 2013, Ocwen assigned the servicing of the Loan to 21st Mortgage Corporation.[4] <u>See id.</u>  Also, upon information and belief, at present, 21st Mortgage Corporation is the current holder of the Note and Mortgage.[5]  <u>See id.</u>

---

[3]    21st Mortgage's Statement is appended to the Motion.

[4]    This statement is based on the representation made by 21st Mortgage Corporation in the 21st Mortgage's Statement.

[5]    This statement is based on the representation made by 21st Mortgage Corporation in the 21st Mortgage's Statement.

6.      On or about November 2, 2007, the Movant filed a complaint (the "Complaint") against GMACM with the Commonwealth of Massachusetts Superior Court Department of the Trial Court, Plymouth County (the "Plymouth Superior Court"), Case No. 2007-1433A (the "Dockery Action").  A copy of the Complaint is annexed hereto as Exhibit 4. Upon information and belief, in the Complaint, the Movant asserted that GMACM breached the terms of the Loan and alleged that GMACM violated Massachusetts General Laws, Chapter 93A.[6]  The Movant's Complaint sought money damages against GMACM related to GMACM's purportedly wrongful acts and omissions in servicing the Loan from 2005 to 2007, as well as an order directing GMACM "to take all actions to restore the credit rating of the Plaintiff."  See id.

7.      On October 6, 2011, after a jury trial held in September 2011, the Plymouth Superior Court entered an order in favor of GMACM (the "Judgment").  A copy of the docket in the Dockery Action is annexed hereto as Exhibit 5.  As Dockery states in the Motion, "the jury returned a verdict in favor of GMAC[M] on the issues presented, which included terms of the mortgage and whether or not the terms were violated by Dockery."  See Motion ¶ 2; see also 21st Mortgage's Statement, a copy of which is attached to the Motion at Ex. B (noting 21st Mortgage Corporation's discussion of the procedural posture of the Dockery Action).

8.      On October 24, 2011, Dockery, acting pro se, filed a notice of appeal.  A copy of the Notice of Appeal is annexed hereto as Exhibit 6.

9.      On March 14, 2012, GMACM filed a motion to dismiss the appeal.  See Dockery Action Docket at Exhibit 5.

---

[6]    Chapter 93A of the Massachusetts General Laws, titled "Regulation of Business Practices for Consumers Protection," provides that a person's use or employment of "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are hereby declared unlawful.  See Mass. Gen. Laws ch. 93A, § 2(a), *available at* https://malegislature.gov/Laws/GeneralLaws/PartI/TitleXV/Chapter93A (last visited Nov. 20, 2014).

4

10.     On April 11, 2012, Dockery filed a notice of intent to file a Rule 60(b) motion.  See Dockery Action Docket at Exhibit 5.

11.     On June 6, 2012, GMACM filed a Notice of Bankruptcy and Effect of Automatic Stay with the Plymouth Superior Court in connection with the Dockery Action.  See Priore Declaration ¶ 7; see also Notice of Bankruptcy as Exhibit B annexed to the Priore Declaration.

12.     On or about March 28, 2014, the Movant filed a motion (the "Relief from Judgment Motion")[7] with the Plymouth Superior Court requesting that the court vacate the Judgment and set a new trial that would, among other things, include evidence purportedly excluded from the jury trial. See Motion at Ex. A, (*Affidavit of Plaintiff, Michael Dockery Pro Se in Support of the Motion for Relief from Judgment*).

13.     On May 14, 2014, 21st Mortgage Corporation, as holder of the Mortgage and Note, filed an objection to the Relief from Judgment Motion, requesting that the Plymouth Superior Court, among other things, enter an order denying the relief sought in the motion and directing the Movant to pursue claims in the Chapter 11 Cases.  See Motion at Ex. B.

14.     On July 2, 2014, a Clerks' Notice was filed in the Dockery Action, stating that the Plymouth Superior Court would not take any action on the Relief from Judgment Motion in light of the automatic stay that remains in full force and effect in the Chapter 11 Cases.  See Motion at Ex. C.

15.     As of the date of this Objection, Dockery's appeal and the Relief from Judgment Motion are pending.

---

[7]     In the Motion, Dockery refers to this pleading as his "Rule 60(b) Motion," though he only appends an affidavit in support of said motion.

**B.      Debtors' Notices to the Movant of the Commencement of the Chapter 11 Cases and the Bar Date**

16.     Shortly following the Petition Date, the Movant was served with notice of the pendency of the Debtors' Chapter 11 Cases at the Movant's Address.   <u>See</u> Morrow Declaration ¶ 5 and Affidavit of Service by Clarissa D. Cu, attached to Morrow Declaration as <u>Exhibit A</u>; <u>see also</u> Affidavit of Kurtzman Carson Consultants, LLC [Docket No. 336].   In addition, the Movant's then counsel, Dilday & Associates LLC of Boston, Massachusetts ("<u>Dilday</u>"), was also served with notice of the pendency of the Debtors' Chapter 11 Cases.[8]   <u>See</u> Morrow Declaration ¶ 6; <u>see also</u> Affidavit of Service by Clarissa D. Cu, attached as <u>Exhibit A</u> to Morrow Declaration.

17.     On or about July 3, 2012, the Debtors filed the *Amended Schedules of Assets and Liabilities for GMAC Mortgage, LLC (Case No. 12-12032)* [Docket No. 685].   <u>See</u> GMACM Amended Schedules listing Dockery Action, the relevant pages of which are annexed hereto as <u>Exhibit 7</u>.   The Dockery Action was listed on Schedule F-3, General Litigation, Creditors Holding Unsecured Claims, and Dilday noted as the contact party and address in connection with the Movant's prepetition litigation.   <u>See id.</u>   The Dockery Action was listed as having a "Contingent, Unliquidated, and Disputed" claim and as having an "Unknown" claim amount.   <u>See id.</u>

---

[8]      The Movant was represented by Keith Slattery of the Law Office of Keith Slattery in the Dockery Action through the trial.   <u>See</u> Dockery Action Docket at <u>Exhibit 5</u>; <u>see also</u> Fabella Declaration ¶ 4.   Following the trial of the Dockery Action and the Plymouth Superior Court's entry of the Judgment in favor of GMACM, it is the Borrower Trust's understanding that the Movant retained a new lawyer of Dilday & Associates LLC of Boston, Massachusetts ("<u>Dilday</u>") to be involved in settlement negotiations regarding the Movant's claims against GMACM.   <u>See id.</u> Upon information and belief, Dilday represented the Movant as of the Petition Date, and therefore, Dilday is reflected in the Debtors' records as the Movant's then counsel.   <u>See id.</u>; <u>see also</u> Copies of Letter from Dilday to Hinshaw & Culbertson LLP ("<u>Hinshaw</u>"), GMACM's counsel for the Dockery Action, dated December 16, 2011, and Letters from Hinshaw to Dilday, dated December 22, 2011 and February 24, 2012, respectively, attached to the Fabella Declaration as <u>Exhibit A</u>.   Accordingly, it was appropriate that KCC served the Bar Date Notice, as well as other notices related to the Chapter 11 Cases, to the Movant individually as well as to his counsel, Dilday.

6

18.    On August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "Bar Date Order"), establishing November 9, 2012 as the general claims bar date (the "Bar Date").[9]

19.    Attached to the Bar Date Order is a form of notice regarding the Bar Date (the "Bar Date Notice").  The Bar Date Notice states that, subject to certain exceptions not applicable here "You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date . . . even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date."  Bar Date Notice ¶ 1.  In addition, the Bar Date Notice states that, with respect to holders of claims listed on the Debtors' Schedules:

> If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or unliquidated," you need not file a proof of claim.  Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Bar Date Notice ¶ 7.  The Bar Date Notice further states:

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE**

---

[9]    The Court subsequently entered an *Order Extending Deadline for Filing Proofs of Claim* [Docket No. 2093], extending the Bar Date to November 16, 2012.

ny-1160732

**DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

Bar Date Notice ¶ 6.

20.     In accordance with the Bar Date Order, on or before September 7, 2012, Kurtzman Carson Consultants, LLC ("KCC"), the Debtors' claims and noticing agent, served a copy of the Bar Date Notice on the Movant, through his then counsel, Dilday.[10]  See Morrow Declaration ¶ 7; see also Affidavit of Service by Clarissa D. Cu, attached as Exhibit A to Morrow Declaration.

21.     In addition, on or before October 5, 2012, KCC served a copy of the Bar Date Notice on the Movant at the Movant's Address.  See Morrow Declaration ¶ 8; see also Affidavit of Service by Clarissa D. Cu, attached as Exhibit A to Morrow Declaration.

22.     Nearly two years after receiving notice of the Bar Date, on September 22, 2014, Movant filed the Motion, seeking permission to file an untimely proof of claim in the Chapter 11 Cases.

<u>**ARGUMENT**</u>

**I.     SERVICE OF THE BAR DATE NOTICE WAS SUFFICIENT**

23.     Courts in this circuit support the view that "[a] rebuttable presumption that an addressee received a mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice was properly addressed and mailed."  See In re WorldCom, Inc., No. 02-13533, 2005 WL 3875192, at *3 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) (finding that a claimant received notice of a bar date based on evidence demonstrating that notice was

---

[10]     The Bar Date Notice was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, which noticed potential claimants that proofs of claim against the Debtors must be received on or before the Bar Date.  See Bar Date Notice ¶¶ 1, 3; see also Amended Affidavit of Publication re: Notice of Deadlines for Filing Proofs of Claim in the Wall Street Journal and USA Today [Docket No. 1660]. In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

ny-1160732

properly addressed and mailed); see also Hagner v. U.S., 285 U.S. 427, 430 (1932) ("The rule is well settled that proof that a letter properly directed was placed in a post office creates a presumption that it reached its destination in usual time and was actually received by the person to whom it was addressed."). See, e.g., In re Alexander's Inc., 176 B.R. 715, 721 (Bankr. S.D.N.Y. 1995) (it is "black letter law" that properly mailed bar date notice presumed to be received); Riverhead Transit Mix Corp. v. Walsh Const. Co. (In re Riverhead Transit Mix Corp.), No. 091-7142-511, 1995 WL 1051649, at *11 (Bankr. S.D.N.Y. June 29, 1995) ("affidavit of service is sufficient evidence to raise a presumption of receipt by the party served"); Memorandum Opinion and Order Denying Motion to Lift the Automatic Stay and Permit a Late-Filed Claim of Jorge Cerron, In re Residential Capital, LLC, et al., No. 12-12020 (MG), Docket No. 7333 at 21 (Bankr. S.D.N.Y. July 31, 2014) (finding that claimant's "bald denial of receipt, without more, is legally insufficient to overcome the presumption of receipt."); Order Denying Request for Late-Filed Proof of Claim of Donna Chinloy, In re Residential Capital, LLC, et al., No. 12-12020 (MG), Docket No. 3973 at 4 (Bankr. S.D.N.Y. June 13, 2013) (determining that KCC affidavits give rise to presumption that claimant received the Bar Date Notice and notice of the commencement of the case, and claimant has not rebutted this presumption).

24.    The Bar Date Notice was duly served upon the Movant **twice**, both personally and through his then counsel, Dilday, by First Class Mail. Furthermore, assuming *arguendo* that the Movant's contention that he "was not being advised by any attorney during the period of the establishment of the court's bar dates" (see Motion ¶ 8), and therefore, Dilday never conveyed the notice information to the Movant, the Movant was mailed the Bar Date Notice at the Movant's Address. Moreover, neither of these notices was returned as

9

undeliverable.  See Morrow Declaration ¶ 10.  Thus, the Bar Date Notice is presumed to have

been received.  See generally, Morrow Declaration and Affidavit of Service by Clarissa D. Cu,

attached as Exhibit A to Morrow Declaration.

25.     Movant makes no reference in the Motion, including in the statement and

exhibits thereto, as to whether he received notice, timely or otherwise, of the Bar Date.

Furthermore, the Movant provides no arguments or testimony to contradict the presumption that

these notices were, in fact, received at the address to which KCC mailed them.  Movant neither

asserts that Movant's Address used for mailing these notices was incorrect, nor one at which

Movant does not regularly receive mail.  In fact, several items appended to the Motion list the

Movant's Address, which indicates that Movant's Address is valid and used by the Movant.  For

example, the package in which the Motion was mailed to KCC has the Movant's Address listed

as the return address.  See Cover page of Dockery package sent to KCC at Exhibit 8 annexed

hereto.  In addition, the Movant's Address is listed on the Clerk's Notice filed in the Dockery

Action notifying parties that the action is stayed during the pendency of the Chapter 11 Cases

absent this Court's direction to do otherwise.  See Motion, Ex. C.  Also, a letter dated June 19,

2014 sent to the Movant on behalf of 21st Mortgage Corporation lists the Movant's Address.  See

id., Motion, Ex. D.

26.     Thus, the Borrower Trust submits the presumption that Movant timely

received the Bar Date Notice has not been, and cannot be, rebutted.  The Debtors properly and

timely notified the Movant of the commencement of these Chapter 11 Cases, and properly and

timely notified the Movant of the Bar Date, as demonstrated by the Affidavit of Service by

Clarissa D. Cu, attached as Exhibit A to the Morrow Declaration.  KCC mailed all notices to the

Movant and Movant's then counsel at the address reflected in the Debtors' records shortly before

10

the service of the Bar Date Notice.  Accordingly, the Debtors satisfied due process requirements

and the requirements of the Bankruptcy Code and Bankruptcy Rules.

## II.    MOVANT HAS FAILED TO DEMONSTRATE EXCUSABLE NEGLECT

27.    The Supreme Court considered the test for determining whether a creditor

may be permitted to file a late proof of claim in Pioneer Inv. Servs. Co. v. Brunswick Assocs.

Ltd. P'ship, 507 U.S. 380 (1993).    In Pioneer,[11] the Court explained that Congress, in

empowering "the courts to accept late filings 'where the failure to act was the result of excusable

neglect,' Congress plainly contemplated that the courts would be permitted, where appropriate,

to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening

circumstances beyond the party's control."    Id. at 388 (citations omitted).  The Court explained

that "the determination [regarding whether a failure to act constitutes excusable neglect] is at

bottom an equitable one, taking account of all relevant circumstances surrounding the party's

omission," including (i) "the reason for the delay, including whether it was within the reasonable

control of the movant," (ii)  "the danger of prejudice to the debtor," (iii) "whether the movant

acted in good faith," and (iv) "the length of delay and its potential impact on judicial

proceedings." Id. at 395.

28.    The Second Circuit takes a "hard line" approach in applying the Pioneer

test.  Midland Cogeneration Venture Ltd. P'ship v. Enron (In re Enron Corp.), 419 F.3d 115, 122

(2d Cir. 2005); see also In re BGI, Inc., 476 B.R. 812, 824 (Bankr. S.D.N.Y. 2012) (Glenn, J.).

The Second Circuit has observed that three of the Pioneer factors typically will weigh in favor of

the movant – the length of the delay, the danger of prejudice, and the movant's good faith.  In re

Enron Corp., 419 F.3d at 122; see also In re BH S & B Holdings LLC, 435 B.R. 153, 168

---

[11]    Unless otherwise specified, references to Pioneer are to the Supreme Court's decision.

(Bankr. S.D.N.Y. 2010) (Glenn, J.).  As a result, the Second Circuit has focused on the factor related to "the reason for the delay, including whether it was within the reasonable control of the movant." In re Enron Corp., 419 F.3d at 122 (internal quotations omitted).  Importantly, the Second Circuit noted "that the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule," and "that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the Pioneer test." Id. at 123 (internal quotations omitted).  Instead, "[O]nly in unusual instances would inadvertence, ignorance of the rules, or mistakes construing the rules . . . constitute excusable neglect." In re BH S & B Holdings LLC, 435 B.R. at 168 (quoting In re Nw. Airlines Corp., No. 05-17930 (ALG), 2007 WL 498285, at *3 (Bankr. S.D.N.Y. Feb. 9, 2007) (internal quotations omitted)).

29.     Here, the Movant has failed to meet his burden of demonstrating excusable neglect.  See In re PT-1 Commc'ns, Inc., 403 B.R. 250, 260 (Bankr. E.D.N.Y. 2009) (concluding that late filer bears burden of demonstrating excusable neglect); see also In re BH S & B Holdings LLC, 435 B.R. at 168 (burden of showing excusable neglect is on the movant). The Movant's failure to "follow the clear dictates of a court rule" and provide any reasonable justification or arguments as to why he should be permitted to file a late proof of claim in the Chapter 11 Cases simply cannot arise to the type of "unusual instance[]" in which "inadvertence, ignorance of the rules, or mistakes construing the rules . . . [would] constitute excusable neglect." In re Enron Corp., 419 F.3d at 123; In re BH S & B Holdings LLC, 435 B.R. at 168.

**A.      The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Movant**

30.     The Movant never denies receiving the Bar Date Notice.  Instead, the Movant looks elsewhere in an attempt to excuse his failure to file a timely proof of claim in the

Chapter 11 Cases for nearly two years.  Each of these excuses, however, falls flat.  For instance, the Movant asserts that the Debtors did not notify this Court of the Dockery Action, but then concedes that a Notice of Bankruptcy was filed with the Plymouth Superior Court.  See Motion ¶¶ 8, 11, 12.  The Movant then alleges that he "was not being advised by any attorney during the period of the establishment of the court's bar dates" (see id. ¶¶ 8, 18) and further, he "missed the bar date, due in part to the Superior Court order to stay the matter pending the results of the Bankruptcy conclusion."  See id. ¶ 9.  Movant simply states that he "was unaware that he had to make a claim in the Bankruptcy proceeding."  See id. ¶ 14.

31.      The Debtors served both the notice of the pendency of the Chapter 11 Cases as well as the Bar Date Notice at a valid and actively used address for the Movant. Notwithstanding that service was made at a valid address and admitting that he was aware of the existence of the Chapter 11 Cases and their impact on staying the Dockery Action, Movant argues that he should be permitted to file a late proof of claim "as a matter of fairness" (see Motion ¶ 17).  Even in circumstances where a party is somehow is confused by the notices received by such party, a recipient's mistakes concerning a bar date notice or a recipient's failure to comprehend the notice's importance despite the notice's clear mandates do not constitute excusable neglect.  See In re Lehman Bros. Holdings Inc., 433 B.R. 113, 124 (Bankr. S.D.N.Y. 2010) (noting that failure to file proof of claim was within movant's reasonable control and "resulted from a failure to coordinate, a lack of supervision, or a mistake"); In re Dana Corp., No. 06–10354 (BRL), 2008 WL 2885901, at *5 (Bankr. S.D.N.Y. July 23, 2008) (lawyers' failure to comprehend significance of bar date notice was not sufficient reason for delay under Pioneer test).  In the matter before the Court, the reason for the delay was based solely on the Movant's failure to act over the past two years, and was within the Movant's reasonable control.

ny-1160732

None of the excuses the Movant offers is reasonable to justify any delay, let alone one of this duration. This factor weighs heavily in favor of denying the Motion.

### B.    The Danger of Prejudice to the Debtors

32.    Although the size of Movant's purported claim is unknown at this time because no monetary damages were asserted in the Motion, the Borrower Trust will presume that the claim is small in comparison to the aggregate claims pending against the Borrower Trust. Regardless, the Debtors and the Borrower Trust would be prejudiced if the Court grants the relief requested by the Movant. Granting the Motion would undoubtedly invite similar motions and negate the goal of finality that claims' bar dates are intended to instill. See In re Enron Corp., 419 F.3d at 131-32 (affirming bankruptcy court's denial of late filed proof of claim and noting that permitting the first claim could invite late claims from many other potential claimants with similar claims). The Debtors, and now the ResCap Liquidating Trust and Borrower Trust (as successors to the Debtors), have been tirelessly working to reconcile the thousands of claims filed in the Chapter 11 Cases in order to make initial cash distributions to holders of Allowed Borrower Claims. The claims reconciliation process would have no end if motions seeking similar relief as that sought by the Movant are granted by the Court. On this basis, the Motion should be denied. Moreover, this Court has previously denied motions filed in these Chapter 11 Cases by claimants seeking an opportunity to file an untimely claim.[12]

---

[12]    See, e.g., See Order Denying Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim [Docket No. 3648], In re Residential Capital, LLC, et al., Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 17, 2013); and Order Denying Request for Late-Filed Proof of Claim Filed by Donna Chinloy [Docket No. 3973] In re Residential Capital, LLC, et al., Case No. 12-12020 (MG) (Bankr. S.D.N.Y. June 13, 2013).

The Court also denied the motion filed by Julio Solano requesting, among other things, to file a late proof of claim, but approved the Debtors' and Mr. Solano's resolution of issues, which provided for a modification of the automatic stay to allow Mr. Solano to pursue non-monetary claims in his state court action. See Stipulation and Order Resolving (I) Motions by Julio Solano (A) for Relief from the Automatic Stay and (B) to File a Late Proof of Claim and (II) Adversary Proceeding Filed by Julio Solano [Docket No. 4236], In re Residential Capital, LLC, et al., Case No. 12-12020 (MG) (Bankr. S.D.N.Y. July 15, 2013).

14

C.      **Whether the Movant Acted in Good Faith**

33.    The Borrower Trust does not contend that the Movant has acted other than in good faith, although the Borrower Trust reserves the right to seek discovery from and depose the Movant on this issue if the Court grants the relief sought by the Movant.

D.      **The Length of Delay and its Potential Impact on Judicial Proceedings**

34.    Here, the delay between the Bar Date and the Motion is approaching __**two**__ __**years**__ after the Bar Date.  In light of the length of this delay, along with the lack of justifiable reasons and circumstances for the delay, the Borrower Trust submits that this <u>Pioneer</u> factor overwhelmingly favors the Borrower Trust.  <u>See</u> <u>In re Enron Corp.</u>, 419 F.3d at 128 (length of the delay "must be considered in the context of the proceeding as a whole" and, in some instances, courts have rejected claims filed just one day late) (citing <u>In re Kmart Corp.</u>, 381 F.3d 709, 714-15 (7th Cir. 2004), <u>cert.</u> <u>denied</u> <u>sub</u> <u>nom.</u> <u>Simmons v. Kmart Corp.</u>, 543 U.S. 1056 (2005)).

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Borrower Trust respectfully submits that the Motion should be

denied and the Movant be barred from asserting any claims against the Debtors' estates.


Dated: December 17, 2014                    /s/  Norman S. Rosenbaum
      New York, New York                    Norman S. Rosenbaum
                                      Jordan A. Wishnew
                                        Meryl L. Rothchild
                                        MORRISON & FOERSTER LLP
                                        250 West 55th Street
                                        New York, New York 10019
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900

                                        *Counsel for the ResCap Borrower Claims Trust*

ny-1160732