# Exhibit 2

## Fabella Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF JUSTIN M. FABELLA IN SUPPORT OF
THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO THE MOTION
FILED BY MICHAEL DOCKERY SEEKING TO ALLOW A LATE-FILED CLAIM
TO BE TREATED AS TIMELY FILED**

I, Justin M. Fabella, hereby declare as follows:

      1.    I am an attorney with Hinshaw & Culbertson LLP ("Hinshaw") and previously served as litigation counsel to GMAC Mortgage, LLC ("GMACM") prior to the establishment of the Liquidating Trust.[1] I have been practicing law in the State of Massachusetts for 12 years. I was a litigation attorney in New York from 2002 to 2005 and have been practicing litigation attorney in Massachusetts since 2005. Upon joining Hinshaw, I represented GMACM in the Dockery Action since it was commenced on or about November 2, 2007. I withdrew my appearance for GMACM in the Dockery Action by filing a Notice of Withdrawal that was docketed by the Massachusetts Superior Court on March 19, 2014.

      2.    I am authorized to submit this declaration (the "Declaration") in support of the *Objection of the ResCap Borrower Claims Trust to the Motion Filed by Michael Dockery Seeking to Allow a Late-Filed Claim To Be Treated as Timely Filed* (the "Objection").

---

[1] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection (as defined herein).

2

ny-1166824

      3.      Mr. Dockery was represented by attorneys of the Law Office of Keith Slattery in the Dockery Action through the trial. <u>See</u> copy of the docket for the Dockery Action attached as <u>Exhibit 5</u> to the Objection. Following the 2011 jury trial of the Dockery Action and the Plymouth Superior Court's entry of the Judgment in favor of GMACM on October 6, 2011, it is my understanding that Mr. Dockery retained a new lawyer at Dilday & Associates LLC of Boston, Massachusetts ("<u>Dilday</u>") to be involved in settlement negotiations regarding Mr. Dockery's claims against GMACM. I worked with Mr. Dockery and his then counsel, Michael Dash of Dilday, to attempt to settle the remaining issues between the parties. On at least one occasion, I received a letter from Dilday, and on two occasions, I prepared and sent letters to Dilday in connection with these settlement discussions. A copy of the letters from Dilday to Hinshaw, dated December 16, 2011, and from Hinshaw to Dilday, dated December 22, 2011 and February 24, 2012, respectively, and addressed to Michael Dash, are attached hereto as <u>Exhibit A</u>. Upon information and belief, Dilday represented Mr. Dockery during the commencement of these settlement discussions, which began on or about December 16, 2011 through May 14, 2012.

      Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated: December 17, 2014

                                                      /s/ Justin M. Fabella
                                                      Justin M. Fabella
                                                      Attorney with Hinshaw & Culbertson LLP

ny-1166824

## Exhibit A

**Copies of Letters from Dilday to Hinshaw and from Hinshaw to Dilday**

12-12020-mg    Doc 7891-2    Filed 12/17/14    Entered 12/17/14 17:45:08    Exhibit 2
Pg 4 of 10

# Dilday & Associates, LLC

10 Liberty Square, 5th Floor
Boston, MA 02109
Tel: (617) 227-3470
Fax: (617) 227-9231

*Of Counsel:*
Richard W. Boulware

December 16, 2011

Justin Fabella, Esquire
Maura McKelvey, Esquire
Hinshaw & Culbertson LLP
28 State Street, 24th Floor
Boston, MA 02109

Re:     <u>Michael Dockery v. GMAC Mortgage LLC</u>

Dear Attorneys Fabella and McKelvey:

    We have been retained by Mr. Michael Dockery for the purpose of returning his credit status to good. It is our understanding that, during the trial in the above referenced matter, Mr. Peter Knapp testified that, GMAC had never foreclosed on the plaintiff's property. Additionally, GMAC Mortgage Corporation assured the state Office of the Commissioner of Banks that they would amend Mr. Dockery's credit report to reflect no late payments and no foreclosures. (Please see attached letter from the state Office of the Commissioner of Banks). However, Mr. Dockery's credit report has not been corrected to reflect same.

    Therefore, we asked that your client act in accordance to the testimony presented in court and the agreement with the state Office of the Commissioner of Banks, and take the necessary steps to correct Mr. Dockery's credit report, to reflect that, neither foreclosures nor late fees ever occurred.

    Your attention to this important matter would be greatly appreciated.

Very truly yours,

*[signature]*

Michael Dash



# The Commonwealth of Massachusetts
## Office of the Commissioner of Banks
One South Station
Boston, Massachusetts 02110

**DEVAL L. PATRICK**
GOVERNOR

**TIMOTHY P. MURRAY**
LIEUTENANT GOVERNOR

**DANIEL O'CONNELL**
SECRETARY OF HOUSING AND
ECONOMIC DEVELOPMENT

April 17, 2007

**DANIEL C. CRANE**
DIRECTOR OFFICE OF
CONSUMER AFFAIRS AND
BUSINESS REGULATION

**STEVEN L. ANTONAKES**
COMMISSIONER OF BANKS

Michael Dockery
255 Court Street
Brockton, Massacshusetts 02302

Re: GMAC Mortgage Corporation, Complaint ID#107465

Dear Mr Dockery:

The Division of Banks (the "Division") recently received a response for your complaint against GMAC Mortgage Corporation (the "Licensee"). Through the Division's research we can appropriately address your complaint.

Your complaint states that the Licensee is applying mortgage payments to an unneeded insurance plan. In addition, the complaint states the Licensee is forclosing on your property to recover funds. In response, the Licensee advised that your insurance coverage ended on September 5, 2005. The Licensee advised after not receiving a response from two notices requesting proof of insurance, they initiated a force placed insurance policy. On October 31, 2006, the Licensee received proof of coverage from your provider, Massachusetts Property Insurance.

In an effort to resolve the situation the Licensee has agreed that upon reinstatement of the loan to cease forclosure; waive all foreclosure fees; waive all fees incurred from October 31, 2006; and amend your credit report to reflect no late payments after October 31, 2006.

For the exact details of this agreement please contact Licensee employee Theresa Darst at (888) 462-2864 ext 5750.

The Division appreciates your concerns versus the Licensee. The Division will maintain your complaint on file in the instance of similar future events.

Sincerely,

Michael Tumsaroch
Consumer Assistance Unit
Massachusetts Division of Banks



**HINSHAW**
& CULBERTSON LLP

**ATTORNEYS AT LAW**
28 State Street
24th Floor
Boston, MA 02109

617-213-7000
617-213-7001 (fax)
www.hinshawlaw.com

December 22, 2011

Michael Dash, Esq.
Dilday & Associates LLC
10 Liberty Square
Boston, MA 02109

Re:   *Michael Dockery v. GMAC Mortgage, LLC*
      Civil Action No.: PLCV2007-01433A

Dear Mr. Dash:

We are in receipt of your letter dated December 16, 2011 indicating that you have been retained by Michael Dockery with regard to the above-referenced matter. Kindly advise if your office is also representing Mr. Dockery with regard to the appeal of the judgment in favor of GMAC Mortgage, LLC ("GMACM").

Your letter correctly states that Mr. Peter Knapp testified that GMACM never completed its foreclosure proceedings with regard to Mr. Dockery's property. A completed foreclosure includes an auction of the property and transfer of the title to another person or entity, none of which has occurred with regard to Mr. Dockery's property. This remains true today as GMACM has not yet reinitiated foreclosure proceedings following the jury verdict in its favor.

It appears that Mr. Dockery may have misconstrued the April 17, 2007 letter from Michael Tumsaroch with the Consumer Assistant Unit of the Massachusetts Division of Banks. Specifically, GMACM agreed to "amend [Mr. Dockery's] credit report to reflect no late payments after October 31, 2006," conditioned "**upon reinstatement of the loan**." Since Mr. Dockery never reinstated the loan, despite GMACM's offer to waive all fees incurred from October 31, 2006 to the date of the offer, his credit report was not amended. Thus, unless Mr. Dockery reinstates the loan, GMAC cannot consider the request to "correct Mr. Dockery's credit report, to reflect that, neither foreclosures nor late fees ever occurred," as you stated in your letter.

Please advise as to whether Mr. Dockery has obtained the tapes from the Plymouth Superior Court in order to order the trial transcript. During our last conversation, he advised that the form was completed incorrectly and needed to be resubmitted.

Michael Dash, Esq.
December 22, 2011
Page 2

    I look forward to hearing from you. Please do not hesitate to contact my office to discuss this matter further.

                Very truly yours,

                HINSHAW & CULBERTSON LLP

                Justin M. Fabella
                617-213-7004
                jfabella@hinshawlaw.com

JMF:mjt

34136563 0905180

February 24, 2012

Michael Dash, Esq.
Dilday & Associates LLC
10 Liberty Square
Boston, MA  02109

      Re:    *Michael Dockery v. GMAC Mortgage, LLC*
              *Civil Action No.: PLCV2007-01433A*

Dear Mr. Dash:

      I am in receipt of your correspondence dated February 21, 2012, which you sent on behalf of Michael Dockery.  Please note that my client, GMAC Mortgage, LLC ("GMACM"), rejects Mr. Dockery's settlement offer in which he appears to request that GMACM discharge its mortgage and pay him $100,000 in cash in exchange for Mr. Dockery's dismissal of the appeal.  However, as a counteroffer, GMACM will forego its judgment for costs and withdraw its Motion to Dismiss the Appeal if Mr. Dockery conveys title to 255 Court Street, Brockton, Massachusetts ("the property") to GMACM or brings his mortgage loan current.  As you know, Mr. Dockery has the means to bring his loan current as testified at trial that he has placed all missed payments in an escrow account.

      Regarding your inquiry about the insurance claim, I am attaching another copy of the correspondence that GMACM sent to Mr. Dockery on September 20, 2011.  This correspondence details the claim procedures and provides the forms that need to be completed by Mr. Dockery.  The correspondence provides a mailing address and fax number for Mr. Dockery to utilize when sending back the required documents.

      Based on your letter that you are not representing Mr. Dockery with regard to the appeal, we will not be forwarding you a copy of our Motion to Dismiss the Appeal.  However, should Mr. Dockery retain your office for the appeal, please contact my office should you require a copy of the motion.

Michael Dash, Esq.
February 24, 2012
Page 2

      I look forward to hearing from you with regard to Mr. Dockery's response to GMACM's counteroffer. Please do not hesitate to contact me with any questions or to discuss this matter further.

                Very truly yours,

                HINSHAW & CULBERTSON LLP


                Justin M. Fabella
                617-213-7004
                jfabella@hinshawlaw.com

Enclosure

JMF:mjt
cc:    Maura K. McKelvey, Esq.
       Alex Angelo, LN## 601340930