# Exhibit D

12-12020-mg Doc 7892-4 Filed 12/17/14 Entered 12/17/14 20:44:45 Exhibit D
12-12020-mg Doc 5971 Filed 11/21/13 Entered 11/27/13 14:03:16 Main Document
Pg 2 of 9
Pg 1 of 253

1

```
 1
 2   UNITED STATES BANKRUPTCY COURT
 3   SOUTHERN DISTRICT OF NEW YORK
 4   - - - - - - - - - - - - - - - - - - - - - -x
 5   In the Matters of:
 6   RESIDENTIAL CAPITAL, LLC, et al.,            Case No. 12-12020-mg
 7           Debtors.
 8   - - - - - - - - - - - - - - - - - - - - - -x
 9   RESIDENTIAL CAPITAL, LLC, et al.,
10           Plaintiffs,                           Adv. No. 13-01343-mg
11       - against -
12   UMB BANK, N.A., in its Capacity as Trustee
13   INDENTURE TRUSTEE,
14           Defendant.
15   - - - - - - - - - - - - - - - - - - - - - -x
16   OFFICIAL COMMITTEE OF UNSECURED
17   CREDITORS, et al.,
18           Plaintiffs,                           Adv. No. 13-01277-mg
19       - against -
20   UMB BANK, N.A., et al.,
21           Defendants.
22   - - - - - - - - - - - - - - - - - - - - - -x
23
24
25
```

12-12020-mg    Doc 7892-4    Filed 12/17/14    Entered 12/17/14 20:44:45    Exhibit D
Pg 3 of 9
12-12020-mg    Doc 5971    Filed 11/21/13    Entered 11/27/13 14:03:16    Main Document
Pg 2 of 253

2

1
2
3
4
5
6
7
8
9
10
11
12
13
14           United States Bankruptcy Court
15           One Bowling Green
16           New York, New York
17
18           November 19, 2013
19           9:07 AM
20
21  B E F O R E:
22  HON. MARTIN GLENN
23  U.S. BANKRUPTCY JUDGE
24
25

12-12020-mg    Doc 7892-4    Filed 12/17/14    Entered 12/17/14 20:44:45    Exhibit D
12-12020-mg    Doc 5971    Filed 11/21/13    Entered 11/27/13 14:03:16    Main Document
Pg 3 of 253
Pg 4 of 9

3

```
 1
 2   Adversary proceeding: 13-01277-mg    Official Committee of
 3   Unsecured Creditors et al v. UMB Bank, N.A. et al.
 4   PHASE II TRIAL
 5
 6   Adversary proceeding: 13-01343-mg Residential Capital, LLC et
 7   al. v. UMB Bank, N.A., in its Capacity as Indenture Trustee
 8   PHASE II TRIAL
 9
10   12-12020-mg    Residential Capital, LLC
11   Fairness Hearing RE: Kessler Settlement Class.
12
13   CONFIRMATION HEARING.
14
15   (CC: Doc# 5535, 5536, 5537) Debtors Motion for Approval of the
16   Settlement Agreement Between the Debtors and the National
17   Credit Union Administration Board as Liquidating Agent for
18   Western Corporate Federal Credit Union and U.S. Central Federal
19   Credit Union.
20
21   Doc# 5598 Motion to Allow and Memorandum of Law in Support of
22   Class Counsels Motion and Application for Award of Attorneys
23   Fees and Litigation Costs and Expenses
24
25
```

12-12020-mg   Doc 7892-4   Filed 12/17/14   Entered 12/17/14 20:44:45   Exhibit D
Pg 5 of 9
12-12020-mg   Doc 5971   Filed 11/21/13   Entered 11/27/13 14:03:16   Main Document
Pg 4 of 253

4

|  |  |
|---|---|
| 1 |  |
| 2 | Doc# 5597 Motion to Allow and Memorandum of Law in Support of |
| 3 | Application for Incentive Awards to Named Plaintiffs |
| 4 |  |
| 5 |  |
| 6 |  |
| 7 |  |
| 8 |  |
| 9 |  |
| 10 |  |
| 11 |  |
| 12 |  |
| 13 |  |
| 14 |  |
| 15 |  |
| 16 |  |
| 17 |  |
| 18 |  |
| 19 |  |
| 20 | Transcribed by:   Penina Wolicki |
| 21 | eScribers, LLC |
| 22 | 700 West 192nd Street, Suite #607 |
| 23 | New York, NY 10040 |
| 24 | (973)406-2250 |
| 25 | operations@escribers.net |

12-12020-mg    Doc 7892-4    Filed 12/17/14    Entered 12/17/14 20:44:45    Exhibit D
12-12020-mg    Doc 5971    Filed 11/21/13    Entered 11/27/13 14:03:16    Main Document
Pg 6 of 9
Pg 243 of 253

RESIDENTIAL CAPITAL, LLC, ET AL.                                        243

1      MR. COHEN:  Thank you.

2      THE COURT:  All right.  Is anyone else intending to
3 make an opening in opposition to confirmation of the plan?

4      MR. DONNELL:  Yes, Your Honor.  Wachovia, Jim Donnell.

5      THE COURT:  Come on up.

6      MR. DONNELL:  Jim Donnell, Winston & Strawn --

7      THE COURT:  I'm sorry; I still didn't hear your last
8 name.

9      MR. DONNELL:  Donnell, D-O-N-N-E-L-L --

10     THE COURT:  Okay.

11     MR. DONNELL:  -- on behalf of Wachovia, WFBNA.  And --

12     THE COURT:  Go ahead.

13     MR. DONNELL:  -- I can be very brief.

14     THE COURT:  Yeah, go ahead.

15     MR. DONNELL:  So I would like to explain -- it's been
16 characterized as --

17     THE COURT:  Let me -- sorry.

18     MR. DONNELL:  I will be brief and you can cut me off.

19     THE COURT:  No, I'm going to let you do what you need
20 to do, but we have to stop at 5 o'clock.

21     MR. DONNELL:  Sure.

22     THE COURT:  If you're not done, we're going to resume
23 in the morning but, okay --

24     MR. DONNELL:  That's fine.

25     THE COURT:  -- we have to stop at 5.

12-12020-mg    Doc 7892-4    Filed 12/17/14    Entered 12/17/14 20:44:45    Exhibit D
        Pg 7 of 9
12-12020-mg    Doc 5971    Filed 11/21/13    Entered 11/27/13 14:03:16    Main Document
        Pg 244 of 253

RESIDENTIAL CAPITAL, LLC, ET AL.                                    244

1           MR. DONNELL:  Understand.

2           THE COURT:  Thank Congress for that.  Sequestration
3    is --

4           MR. DONNELL:  So I would like to explain the strangest
5    objection of all, as Mr. Lee characterized it.  And recognizing
6    that we are a very small claim compared to everybody else here,
7    I will keep this very brief.

8           But first, I would like to clear up what we view as
9    three mischaracterizations of our position that were set forth,
10   and I'll be brief.

11          One is of the challenge to jurisdiction.  We do not
12   contest this Court's jurisdiction to generally grant a release
13   of third-party creditors.  In fact, we agree with the debtor
14   that of the Second Circuit Quigley decision even goes so far as
15   to say that even nonderivative claims are subject to
16   jurisdiction.

17          So we only contest jurisdiction for our specific
18   claims to the extent that this Court agrees that there is no
19   underlying right of indemnity in favor of AFI that would give
20   rise to jurisdiction, whether that's because of the fact that
21   the claim is related to AFI's accounts as opposed to the
22   debtors' accounts, or whether because there is a specific
23   waiver of indemnity rights in our deposit agreement.  So it's
24   issues limited to us.

25          Similarly, the second statement, we do not contest the

12-12020-mg   Doc 7892-4   Filed 12/17/14   Entered 12/17/14 20:44:45   Exhibit D
12-12020-mg   Doc 5971   Filed 11/21/13   Entered 11/27/13 14:03:16   Main Document
Pg 8 of 9
Pg 245 of 253

RESIDENTIAL CAPITAL, LLC, ET AL.                                    245

1  best-interests test, generally, with respect to creditors as a
2  whole.  And instead, we are only contesting it with respect to
3  our particular claims under the deposit agreement because those
4  claims we have directly against AFI, and we would receive a
5  hundred percent recovery on those claims from AFI.
6           So in fact, we think it is amazing the support that
7  the plan has garnered and it clearly does appear to be in the
8  best interests of most creditors.
9           THE COURT:  Do you really run up 800,000 dollars in
10 fees after the account was closed?
11          MR. DONNELL:  No, that's incorrect.  I will go through
12 the history of our disputes in just a moment.
13          THE COURT:  You ran up anything you're trying to
14 charge them after the account was closed?
15          MR. DONNELL:  Our dispute is with AFI.  And AFI's
16 accounts were open as of a month and a half ago.
17          THE COURT:  Okay.
18          MR. DONNELL:  So our dispute is not with the debtor,
19 per se.
20          We seek no leverage in this case.  In fact, we would
21 waive any existing fee claim against the debtor.  All we are
22 looking for is a preservation of our indemnity rights against
23 AFI, both for any obligations associated with the AFI deposit
24 accounts or the other nondebtor AFI affiliates, including Ally
25 Bank.  And then the other type of indemnity rights we have

1  against AFI includes what we view as an enforceable guarantee
2  by AFI of whatever rights arise out of the ResCap accounts.
3          THE COURT: Well, that would be indemnifiable, right?
4  I mean if you're claiming rights because of debtors' accounts,
5  that specifically goes back to the race as to which you're
6  conceding there is jurisdiction to grant a release, correct?
7          MR. DONNELL: Ordinarily it would except for the same
8  instrument that gives us the guarantee rights also waives their
9  indemnity rights. AFI waives its indemnity rights against
10 ResCap for our particular claims. So --
11         THE COURT: Okay.
12         MR. DONNELL: -- if you don't agree with that, then
13 yes, you're right.
14         THE COURT: Go ahead.
15         MR. DONNELL: So to get to our claim, so -- or, the
16 question, why are we barking. We're barking because we've had
17 a very long-running dispute, number of disputes with AFI that
18 began over a year and a half ago before the bankruptcy
19 occurred. So we demanded additional collateral and guarantees
20 from AFI as the parent corporation. And the end result of that
21 was the imposition of an amendment to the deposit agreement
22 that provided for a guarantee by the parent company AFI.
23         THE COURT: Deposit agreement with whom?
24         MR. DONNELL: With AFI. There's one deposit agreement
25 signed by AFI and signed by ResCap debtors. But they each had