**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------

|                          |   |                          |
|--------------------------|---|--------------------------|
| In re:                   | ) | Case No. 12-12020 (MG)   |
|                          | ) |                          |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
|                          | ) |                          |
| Debtors.                 | ) | Jointly Administered     |
|                          | ) |                          |

---------------------------------------------------

### ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S
### SEVENTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the seventy-eighth omnibus objection to claims (the "**Objection**")[1] of the ResCap

Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the confirmed

Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the Debtors,

seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the

"**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "**Claims Objection Procedures Order**"), disallowing and expunging

the No Liability Claims, as more fully described in the Objection; and it appearing that this Court

has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Objection and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Objection having been provided, and it appearing that

no other or further notice need be provided; and upon consideration of the Objection and the

*Declaration of Deanna Horst in Support of the ResCap Liquidating Trust's Seventy-Eighth*

*Omnibus Objection to Claims (No Liability Claims)* annexed to the Objection as **Annex 1**; and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Objection.

the Court having held a hearing on the Objection on December 18, 2014; and as set forth more fully on the record, the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Claims Objection Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Objection is granted to the extent provided herein.

2.      Pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit A** annexed hereto are hereby disallowed and expunged in their entirety with prejudice.

3.      Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' claims and noticing agent, is directed to disallow and expunge the claims identified on the schedule attached as **Exhibit A** hereto so that such claims are no longer maintained on the Debtors' Claims Register.

4.      The Liquidating Trust and KCC are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

5.      Notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Objection Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

6.      This Order has no res judicata, estoppel, or other effect on the allowance of any claim not listed on **Exhibit A** annexed to this Order, and all rights of the Liquidating Trust or any other party to object on any basis are expressly reserved with respect to any claim that is not listed on **Exhibit A** annexed hereto.

7.      This Order shall be a final order with respect to each of the claims identified on **Exhibit A** annexed hereto, as if each such claim had been individually objected to.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:  December 18, 2014
        New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge

**<u>Exhibit A</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-EIGHTH OMNIBUS OBJECTION - NO LIABILITY (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Faith Lynn Brashear 1095 Lowry Ranch Road Corona, CA 92881 | 7465 | 05/16/2014 | $56,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |
| 2 | Law Offices of Richard Sax Richard Sax 448 Sebastopol Avenue Santa Rosa, CA 95401 | 7422 | 01/16/2014 | $3,398.08 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | The claimant does not provide any valid basis explaining why the Debtors are liable for the claim and fails to meet his burden of establishing an administrative expense claim under Section 503 of the Bankruptcy Code. |
| 3 | Tata America International Corporation Fred Stevens Klestadt & Winters LLP 570 Seventh Avenue, 17th Floor New York , NY 10018 | 7477 | 01/16/2014 | $16,341.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and determined that the claim asserts a liability for which the Debtors are not liable. |

Claims to be Disallowed and Expunged