**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------
                                                      )
In re:                                                )    Case No. 12-12020 (MG)
                                                      )
RESIDENTIAL CAPITAL, LLC, et al.,                     )    Chapter 11
                                                      )
                                        Debtors.      )    Jointly Administered
                                                      )
---------------------------------------------------------------------------

**STIPULATION AND ORDER MODIFYING THE**
**AUTOMATIC STAY TO PERMIT LIMITED THIRD PARTY DISCOVERY**

This Stipulation and Order (the "**Stipulation and Order**") is made and entered into by, between and among The ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the Plan (defined below) in the above-captioned bankruptcy cases (the "**Chapter 11 Cases**"), and Green Tree Servicing LLC ("**Requesting Party**" and, together with the Liquidating Trust and Debtors, the "**Parties**" and each, a "**Party**"), each through their respective counsel.

WHEREAS Requesting Party is a plaintiff in an action currently pending in the Circuit Court for Prince George's County, Maryland, brought against Bank of America, N.A. ("**BOA**") and Shindana and Timothy Lawson (the "**Lawsons**") captioned *GMAC Mortgage LLC v. Bank of America, N.A., et al.*, Case No. CAE 14-13735 (the "**State Court Action**");

WHEREAS the Debtors have never been named as defendants in the State Court Action and no counter-claims have been filed against the Debtors;

WHEREAS Debtor GMAC Mortgage, LLC ("**GMACM**") was formerly the servicer for the mortgage loan of the Lawsons, with an account number ending in #3170 (the "**Prior Lawson Loan**");

WHEREAS each of the debtors in the Chapter 11 Cases (the "**Debtors**") filed voluntary

petitions in this Court for relief under Chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**") on May 14, 2012 (the "**Petition Date**");

WHEREAS on October 12, 2012, the Court entered the *Memorandum Opinion and Order Denying the Motions of the Federal Housing Finance Agency and Underwriter Defendants to Compel Document Discovery From the Debtors* [Docket No. 1813] (the "**Discovery Injunction**");

WHEREAS on December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "**Plan**") in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Plan went effective and the Liquidating Trust was created [Docket No. 6137];

WHEREAS on or about October 9, 2014, Requesting Party served a third-party subpoena on GMACM requesting certain documents related to the Prior Lawson Loan;

WHEREAS the Debtors have not produced documents in response to the subpoena;

WHEREAS the Liquidating Trust asserts that Requesting Party's non-party discovery requests are subject to the automatic stay imposed by Section 362(a) of the Bankruptcy Code pursuant to the Discovery Injunction;

WHEREAS the Liquidating Trust and Requesting Party have reached agreement under which the Liquidating Trust shall consent to a limited modification of the automatic stay and the Discovery Injunction to permit the production of certain agreed-upon documents on the terms and conditions contained herein, subject to Court approval of the Stipulation;

NOW THEREFORE, the Parties agree and stipulate as follows:

2

1. The automatic stay of section 362(a) of Bankruptcy Code and the Discovery Injunction are hereby modified for these limited purposes, and subject to the terms and conditions set forth herein.

2. The Liquidating Trust agrees to produce only the items set forth on **Exhibit A**, annexed hereto (the "**Agreed Documents**"). The Liquidating Trust shall not be required to provide any witness or other documents or items to Requesting Party under this Stipulation and Order.

3. Requesting Party acknowledge and agree that:

   a. Requesting Party and their affiliates have no current or prospective claims against the Debtors, the Liquidating Trust, the ResCap Borrower Claims Trust, or any of their respective affiliates concerning the State Court Action, the Lawsons and/or the Prior Lawson Loan; and

   b. Requesting Party shall treat the Agreed Documents in accordance with any applicable protective order that may be entered in the State Court Action; and

   c. Requesting Party and their affiliates shall not use any of the Agreed Documents in connection with any claims against the Debtors, the Liquidating Trust, the ResCap Borrower Claims Trust, or any of their respective affiliates.

4. This Stipulation and Order is without prejudice to the right of the Liquidating Trust to seek to enforce the automatic stay and/or the Discovery Injunction against Requesting Party in connection with any additional discovery requests or in any other context.

5. Except as specifically provided for herein, the Parties reserve all rights and defenses they may have in the above-captioned cases, and entry into this Stipulation and Order shall not impair or otherwise affect such rights and defenses, and all such rights and defenses are expressly preserved.

6. This Stipulation and Order shall not become effective unless and until it is entered by the Court.

7. The Court retains jurisdiction with respect to all matters arising from or related to the implementation of this Stipulation and Order.

8. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

9. Each person who executes this Stipulation and Order on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation and Order on behalf of such Party.

*[Remainder of page intentionally left blank]*


| Dated December 9, 2014 | Dated: December 8, 2014 |
|---|---|
| /s/ Norman S. Rosenbaum | /s/ Matthew Barlow |
| Norman S. Rosenbaum | Matthew Barlow |
| Erica J. Richards | MCNAMEE, HOSEA, JERNIGAN, KIM, |
| MORRISON & FOERSTER LLP | GREENAN & LYNCH, P.A. |
| 250 W 55th Street | 6411 Ivy Lane, Suite 200 |
| New York, New York 10019 | Greenbelt, MD 20770 |
| Telephone: (212) 468-8000 | Telephone: (301) 441-2420 |
| Facsimile: (212) 468-7900 | Facsimile: (301) 982-9450 |
| *Counsel for the ResCap Liquidating Trust* | *Counsel for Green Tree Servicing LLC* |

**IT IS SO ORDERED.**

Dated: December 19, 2014
      New York, New York

                                      **/s/Martin Glenn**
                                      MARTIN GLENN
                          United States Bankruptcy Judge

**EXHIBIT A**

**Agreed Upon Discovery Information**

1. Copy of Lawson loan file for mortgage on property located at 7004 Furman Parkway Riverdale, Maryland 20737, account ending in #3170

2. Certificate of Authenticity of Business Records