**Hearing Date: February 11, 2015 at 10:00 A.M. (ET)**
**Response Deadline: January 14, 2015 at 4:00 P.M. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
|  |  )  |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
-------------------------------------------------------------------

**RESCAP BORROWER CLAIMS TRUST'S SUPPLEMENTAL OBJECTION AND
REPLY IN SUPPORT OF ITS SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS
(NO-LIABILITY BORROWER CLAIMS) SOLELY AS TO CLAIM NO. 4445 FILED BY
ALAN MOSS**

# <u>TABLE OF CONTENTS</u>

**Page**

PRELIMINARY STATEMENT ..................................................................................................... 1

BACKGROUND .......................................................................................................................... 3

REPLY ........................................................................................................................................ 6

SUPPLEMENTAL OBJECTION ................................................................................................. 8

CONCLUSION ........................................................................................................................... 13

ny-1168273

# TABLE OF AUTHORITIES

**Page(s)**

### CASES

Aguinaldo v. Ocwen Loan Serv., LLC,
  Case No. 12-CV-01393-EJD, 2012 WL 3835080 (N.D. Cal. Sep. 4, 2012) ..........................12

Allegheny Int'l, Inc. v Snyder (In re Allegheny Int'l, Inc.),
  954 F.2d 167 (3d Cir. 1992).......................................................................................7

Bergman v. Bank of America,
  Case No. C-13-00741-JCS, 2013 WL 5863057 (N.D. Cal. Oct. 23, 2013)............................10

Branch v. Homefed Bank,
  8 Cal. Rptr. 2d 182 (Cal. Ct. of App. May 14, 1992) ...........................................................11

Cabanilla v. Wells Fargo Bank, N.A.,
  Case No. E055041, 2013 WL 1633626 (Cal. Ct. App. Apr. 17, 2013) ...................................12

Davenport v. Litton Loan Servicing, LP,
  725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) ...............................................................13

De la Cerra Frances v. de Anda,
  224 Fed. Appx. 637 (9th Cir. 2007)...............................................................................12

Feinberg v. Bank of N.Y. (In re Feinberg),
  442 B.R. 215 (Bankr. S.D.N.Y. 2010)......................................................................7

Ferraro v. Camarlinghi,
  75 Cal. Rptr. 3d 19 (Cal. Ct. App. 2008) ................................................................7

Freeman v. King,
  Case No. B181091, 2007 WL 1289810 (Cal. Ct. App. May 3, 2007)....................................10

Friedman v. Merck & Co.,
  131 Cal. Rptr. 2d 885 (Cal. Ct. App. 2003) ................................................................11

Harvey G. Ottowvich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc.,
  No. 10-CV-02842, 2010 WL 3769459 (N.D. Cal. Sep. 22, 2010) .........................................13

In re Adelphia Commc'ns Corp.,
  Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ..........7

In re Oneida Ltd.,
  400 B.R. 384 (Bankr. S.D.N.Y. 2009)......................................................................7

In re Residential Capital, LLC,
  507 B.R. 477 (Bankr. S.D.N.Y. 2014).....................................................................7

ii

In re Rockefeller Ctr. Props.,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000) .................................................................7

Kachlon v. Markowitz,
    168 Cal. App. 4th 316 (Cal. Ct. App. 2008) .........................................................9

Lazar v. Superior Court of Los Angeles Cty.,
    909 P.2d 981 (Cal. 1996) ...................................................................................11

Le Beau v. Bank of America,
    Case No. G050079, 2014 WL 4809843 (Cal. Ct. App. Sept. 29, 2014)..................9

Maomanivong v. Nat'l City Mortg. Co.,
    No. 13-05433-DMR, 2014 WL 4623873 (N.D. Cal. Sept. 15, 2014)..................8, 9

Mehta v. Wells Fargo Bank, N.A.,
    737 F. Supp. 2d 1185 (S.D. Cal. 2010) ...............................................................13

Merrill v. Navegar, Inc.,
    28 P.3d 116 (Cal. 2001) .......................................................................................8

Schroeder v. Auto Driveaway Co.,
    523 P.2d 662 (Cal. 1974) ....................................................................................12

Smith v. Superior Court of Orange Cty.,
    13 Cal. Rptr. 2d 133 (1992) ................................................................................11

Varnado v. Midland Funding LLC,
    No. 13-05705-DMR, 2014 WL 1994622 (N.D. Cal. May 14, 2014) ......................8

**STATUTES**

11 U.S.C.
    § 502(a) ................................................................................................................6
    § 502(b)(1) ...........................................................................................................6

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] confirmed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this Reply and Supplemental Objection (the "Reply and Supplemental Objection") together with the Supplemental Declaration of Deanna Horst, Chief Claims Officer of the ResCap Liquidating Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the response filed by Alan Moss ("Mr. Moss") [Docket No. 7642] (the "Moss Response") to the *ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* [Docket No. 7552] (the "Objection") and in further support of the Objection. The Borrower Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Borrower Trust examined the Moss Response and the Moss Claim (defined below) and the statements submitted in support thereof. For purposes of this Reply and Supplemental Objection as well as the Objection, the Borrower Trust takes these statements at face value. If the Court is not prepared to rule on the Objection with respect to Mr. Moss, then the Borrower Trust reserves the right to take discovery from Mr. Moss.

2.      As described herein and in the Supplemental Declaration, the Borrower Trust thoroughly examined the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records") in an effort to validate the accuracy of the allegations made in the Moss Response and the Moss Claim.

3.      As provided in the Objection, the Borrower Trust preserved its rights to object to the No-Liability Borrower Claims on any other basis not stated in the Objection. After

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

the Objection was filed, the Borrower Trust determined that there were additional grounds on which to object to Mr. Moss' claim.[2]    As a result, through the Reply and Supplemental Objection, the Borrower Trust is now advancing these bases for the Objection and allowing Mr. Moss the opportunity to respond to the Borrower Trust's arguments.  See Notice of Adjournment of Hearing *on ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims) Solely as it Relates to the Claim Filed by Alan Moss (Claim No. 4445) to February 11, 2015 at 10:00 a.m. (Prevailing Eastern Time)* [Docket No. 7829].

4.    Mr. Moss asserts a claim for $750,000, comprised of $730,000 for alleged damages for emotional distress and pain and suffering, and the remaining $18,460.98 for attorney's fees and costs, none of which are substantiated.   However, Mr. Moss has not demonstrated any liability of ETS related to its filing of a Notice of Default and a Notice of Trustee's Deed Upon Sale in relation to the Moss Loan.  Furthermore, regardless of the propriety of the trustee substitution, given that the Notice of Default and Notice of Trustee's Deed Upon Sale have been rescinded and Mr. Moss retains possession and title to his property, Mr. Moss has failed to show how he has been damaged by ETS' actions.   Mr. Moss cannot support his negligence claim because he  has neither shown that ETS owed him a duty, nor has he shown that he was damaged as a result of ETS' alleged negligence.  In California, recovery of emotional distress damages is not permitted where the alleged conduct resulted in only economic loss. Similarly, Mr. Moss' fraud claim fails because he has not shown that his damages were the result of ETS' actions, and because a fraud claim cannot rest solely on emotional distress damages in California.  Finally, Mr. Moss has not shown he is entitled to a claim for intentional infliction of

---

[2]The Objection asserted that ETS was properly named as substitution trustee under California law.  However, it is unclear whether the substitution of trustee was proper.

emotional distress because he has not adequately demonstrated that the actions of ETS qualified as "outrageous conduct."

5.      In essence, the Claim is significantly overstated and only seeks to punish the Debtors rather than make Mr. Moss whole.  The allegedly wrongful actions of the Debtors have been rescinded, allowing Mr. Moss to be in the same position as he was prior to the events in question.  Moreover, in the interim, Mr. Moss has reached a settlement with the investor of his loan and remains in possession of his home.  In sum, the legal basis and any relevant supporting documentation for such damages against ETS is entirely lacking.

## **BACKGROUND**

6.      The Debtors sent a Request Letter to Mr. Moss on June 21, 2013, requesting additional documentation in support of the Claim.  See Supplemental Declaration ¶ 4. The Request Letter stated that Mr. Moss must respond within 30 days with an explanation that states the legal and factual reasons why he believes he is owed money or is entitled to other relief from the Debtors, and that he must provide copies of any and all documentation that he believes supports the basis for his claim.  The Request Letter further stated that if Mr. Moss does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the Claim, seeking to have the Claim disallowed and permanently expunged.

7.      The Debtors received a response to the Request Letter from Mr. Moss on July 25, 2013 (the "Diligence Response"). A copy of the Diligence Response is attached to the Supplemental Declaration as Exhibit A.  However, the Diligence Response failed to allege bases for claims against the Debtors' estates.  Further, as stated in the Objection, the Books and Records do not show any liability due and owing to Mr. Moss.  See Supplemental Declaration ¶ 5.

3

*Background Facts*

8.      On or around November 7, 2012, Mr. Moss filed a proof of claim against Executive Trustee Services, LLC ("ETS"), designated as Claim No. 4445 (the "Moss Claim"), asserting a general unsecured claim for $750,000.00.   See Exhibit B to the Supplemental Declaration; see also Exhibit A to the proposed order to the Objection ("Exhibit A to the Objection").

9.      The Debtors' books and records show that non-Debtor CJ Mortgage, Inc. originated a loan in the amount of $612,500.00 to Mr. Moss on June 22, 2005 (the "Moss Loan"), secured by a deed of trust on property located at 86 San Lucas Ave., Moss Beach, CA 94038 (the "Moss Property").   See Moss Note and Moss Deed of Trust, attached to the Supplemental Declaration as Exhibit C and Exhibit D, respectively. Subsequently, the Moss Loan was transferred to Option One Mortgage Corp. ("Option One") on or around June 27, 2005. See Option One Assignment, attached to the Supplemental Declaration as Exhibit E.  Option One then transferred the Moss Loan to TCIF, LLC ("TCIF") on or around September 15, 2007, and TCIF subsequently assigned the Moss Loan to Bank of New York Trust Company ("Bank of New York") on or around April 29, 2008.   See TCIF Assignment and Bank of New York Assignment, attached to the Supplemental Declaration as Exhibit F and Exhibit G.

10.      Debtor GMAC Mortgage, LLC serviced the Moss Loan from March 14, 2006 until servicing was transferred to Ocwen Loan Servicing on February 16, 2013. See Exhibit A to the Objection.

11.      ETS was appointed as substitute trustee on September 21, 2006.   See Substitution of Trustee, attached to the Supplemental Declaration as Exhibit H.

4

12.     On June 16, 2006, the Moss Loan was referred to foreclosure because the account was owing for the April 1, 2006 payment (the "June 16 Foreclosure").   See Supplemental Declaration ¶ 10.

13.     ETS recorded a notice of default on June 20, 2006 (the "2006 Notice of Default").   See Notice of Rescission of 2006 Notice of Default, attached to the Supplemental Declaration as Exhibit I.   On May 4, 2007, a Notice of Rescission of the 2006 Notice of Default was recorded.   See id.

14.     On September 17, 2007, the Debtors referred the Moss Loan to foreclosure because the account was owing for the July 1, 2007 payment (with the June 16 Foreclosure, the "Foreclosure Proceedings").   See Supplemental Declaration ¶ 12.

15.     ETS recorded a notice of default on September 18, 2007 (the "2007 Notice of Default").   See Notice of Rescission of the 2007 Notice of Default, attached to the Supplemental Declaration as Exhibit J.

16.     On May 7, 2009, ETS conducted a trustee sale and acquired title in the property.   ETS recorded a Trustee's Deed Upon Sale on May 15, 2009 (the "Notice of Trustee's Deed Upon Sale" and with the 2006 Notice of Default and 2007 Notice of Default, the "Notices"), which granted title in the property to Bank of New York.[3]   See Notice of Rescission of the Trustee's Deed Upon Sale, attached to the Supplemental Declaration as Exhibit K.   A Notice of Rescission of the Trustee's Deed Upon Sale was recorded on September 18, 2012, and a Notice of Rescission of the 2007 Notice of Default was recorded on August 19, 2013.   See

---

[3] The foreclosure sale was conducted by the Debtor in error due to a failure to communicate timely, notice of conditions that would have warranted a cancellation of the foreclosure.   See Rescission of Notice of Trustee's Deed Upon Sale.

Notices of Rescission.  On information and belief, Mr. Moss continues to hold title to the Moss Property, subject to the note and the deed of trust.

17.     On July 22, 2009, Mr. Moss filed litigation against Bank of New York in Superior Court, San Mateo County, CA (the "Superior Court"), case number 486130.  See Bank of New York Complaint, attached to the Moss Response as Exhibit 2.  In the Bank of New York Complaint, Mr. Moss sought to set aside the trustee sale due to it being void.  See Bank of New York Complaint, p. 6.

18.     On May 5, 2011, Mr. Moss filed a parallel lawsuit against ETS in the Superior Court, case number 505386, for negligence, fraud, and intentional infliction of emotional distress resulting from ETS executing the Notice of Default and the Trustee's Deed Upon Sale.  See ETS Complaint, attached to the Moss Response as Exhibit 1.  ETS did not enter an appearance in the case, and on June 17, 2011, a default was entered.  See ETS Docket, attached to the Supplemental Declaration as Exhibit L.  A motion to set aside the default was filed on April 4, 2012, and was not heard by the court before the imposition of the automatic stay in the Chapter 11 Cases.  See id.  No default judgment was ever entered against ETS.  See id.

19.     In November 2013, Bank of New York, through Ocwen Loan Servicing, LLC ("Ocwen") as its servicer, completed a settlement with Mr. Moss that included a dismissal with prejudice of the Bank of New York Complaint.  See Supplemental Declaration ¶ 17. The terms of the settlement are subject to a confidentiality provision.  See id.

## REPLY

20.     A filed proof of claim is "deemed allowed, unless a party in interest … objects."  11 U.S.C. § 502(a).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…."  11 U.S.C.

6

502(b)(1).  As noted previously by the Court, claims objections have a shifting burden of proof.

Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie

case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim.

The objecting party is thereafter required to produce evidence equal in force to that provided by

the claimant to rebut the presumption of the claimant's prima facie case.  In re Residential

Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014).  See also Allegheny Int'l, Inc. v

Snyder (In re Allegheny Int'l, Inc.), 954 F.2d 167, 173-74 (3d Cir. 1992).

21.     Once an objection refutes an essential allegation of the claim, the burden

of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a

preponderance of the evidence.  Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y.

(In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384,

389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case  No. 02-41729 (REG), 2007

Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272

B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

### ETS' Default Has No Bearing on the Borrower Trust's Ability to Prosecute the Objection

22.     In the Moss Response, Mr. Moss argues that the entry of a default should

bar the Borrower Trust from objecting to the Moss Claim.  See Moss Response, pp. 11-12.

However, as Mr. Moss acknowledges in the Moss Response, the court never entered an actual

default judgment against ETS.  See Moss Response, p. 11-12.

23.     In California, where a default is entered but the court does not enter a

default judgment, the default is not considered a final judgment.  See Ferraro v. Camarlinghi, 75

Cal. Rptr. 3d 19, 39 (Cal. Ct. App. 2008) ("A clerk's entry of default possesses none of the

characteristics of a preclusive judgment.  It is not final, it is not on the merits; it does not decide

anything; it results from no litigation on any issue. Indeed it does not adjudicate anything, it is

not a judicial act."). As a result, the fact that a default was entered against ETS has no preclusive

effect and does not bar an objection to the Moss Claim.

## SUPPLEMENTAL OBJECTION

***Mr. Moss Has Not Satisfied the Requisite Elements for Any of the Causes of Action in the
Moss Claim***

24.     Mr. Moss' causes of action against ETS fail because Mr. Moss has not

sufficiently stated the necessary elements of any of his causes of action against ETS.

*Negligence Claims*

25.     In the ETS Complaint, Mr. Moss asserts causes of action for negligence[4]

against ETS because "ETS negligently failed to examine the chain-of-title of the subject property

and negligently failed to determine that it had not in fact been legally and properly substituted in

as a trustee." See ETS Complaint, ¶ 25. However, Mr. Moss' negligence claim fails for

numerous reasons.

26.     In order to assert a cause of action for negligence under California law,

Mr. Moss must demonstrate that ETS owed him a duty, that ETS breached that duty, and that

Mr. Moss was damaged as a result of that breach. See Merrill v. Navegar, Inc., 28 P.3d 116,

---

[4] Mr. Moss asserts causes of action for negligence, negligence *per se*, and negligent infliction of emotional distress. Negligent infliction of emotional distress is not an independent tort doctrine in California, but rather is a form of the tort of negligence. See Varnado v. Midland Funding LLC, No. 13-05705-DMR, 2014 WL 1994622, at *3 (N.D. Cal. May 14, 2014). Negligence *per se* is not a cause of action distinct from negligence; rather, it is "an evidentiary presumption that a party failed to exercise due care if: (1) it violated a statute, ordinance, or other regulation of a public entity; (2) the violation proximately caused death or injury to a person or property; (3) the death or injury resulted from an occurrence of the nature the statute, ordinance, or regulation was designed to prevent; and (4) the person suffering the death or injury to his or her person or property was one of the class of persons whose protection the statute, ordinance, or regulation was adopted." Maomanivong v. Nat'l City Mortg. Co., No. 13-05433-DMR, 2014 WL 4623873, at *16 (N.D. Cal. Sept. 15, 2014). Before the presumption of negligence can be applied, it must be shown that the underlying claim of ordinary negligence is viable. See id at *16.

123-24 (Cal. 2001). However, Mr. Moss can neither show that ETS owed him a duty, nor that he was damaged as a result of ETS' actions.

27.     Courts in California have held that "a trustee in a non-judicial foreclosure is not a true trustee with fiduciary duties, but rather a common agent for the trustor and beneficiary. The scope and nature of the trustee's duties are exclusively defined by the deed of trust and the governing statutes. No other common law duties exist." See Kachlon v. Markowitz, 168 Cal. App. 4th 316, 334 (Cal. Ct. App. 2008). Mr. Moss alleges that ETS violated its duty to examine the chain of title, however, no such duty exists in the deed of trust securing the Property, and Mr. Moss has not identified an applicable statute nor identified a provision within the deed of trust that creates such a duty. Therefore, while Mr. Moss contends that ETS owed him a duty, his contention is not supported by the law in California. Therefore, the claim for negligence must fail.

28.     Mr. Moss also asserts a cause of action for negligence *per se* based on a violation of Cal. Civil Code sections 2924b and 2934. However, violations of sections 2924 and 2934 cannot constitute a breach of a duty for a negligence *per se* claim. See Maomanivong, 2014 WL 4623873, at *16 (a violation of section 2924 cannot support a breach of duty for a negligence *per se* claim); Le Beau v. Bank of America, Case No. G050079, 2014 WL 4809843, at *9 (Cal. Ct. App. Sept. 29, 2014) (holding that allegations of violation of sections 2924 and 2934 were not sufficient to support a negligence *per se* claim because the plaintiff had not shown that the defendant owed him a duty of care). Therefore, Mr. Moss' claim under a negligence *per se* theory fails for the same reason as his negligence claim.

29.     Additionally, even if ETS did owe Mr. Moss a duty, Mr. Moss cannot show that he was in any way damaged as a result of ETS' actions.  The Notices have both been rescinded, and, on information and belief, Mr. Moss currently is not in default of the loan.

30.     Mr. Moss asserts that he is entitled to emotional distress/pain and suffering damages in the amount of $730,000, which he inexplicably calculated based on purported damages of $3,000 a day for six months and $1,000 a day for another six months.  He also asserts that he is entitled to $18,460.98 in attorney's fees and costs associated with defending the Foreclosure Proceedings.  See Statement of Damages, attached to the Diligence Response.  All of these damages are the result of Foreclosure Proceedings being commenced against him by the owner of the Moss Loan, Bank of New York.  As discussed in ¶¶ 12, 14 supra, the Foreclosure Proceedings were commenced because Mr. Moss defaulted on the loan, and Mr. Moss does not contest that the owner of his loan had the right to commence foreclosure as a result of his default. ETS' only role in these proceedings was to record the Notices (at the direction of the owner of the Moss Loan) and conduct the sale of the Moss Property, both of which have been rescinded. ETS' recording of the Notices did not cause the commencement of the foreclosure process, and therefore cannot be the cause of Mr. Moss' alleged damages.  See Freeman v. King, Case No. B181091, 2007 WL 1289810, at *6 (Cal. Ct. App. May 3, 2007) (holding that improper notice of a foreclosure sale did not cause the plaintiff to incur attorney's fees defending the foreclosure because the foreclosure was caused by the borrower's default on the loan); Bergman v. Bank of America, Case No. C-13-00741-JCS, 2013 WL 5863057, at *16 (N.D. Cal. Oct. 23, 2013) (plaintiff could not show that her damages were caused by an alleged improper substitution of trustee where the loan was in default at the time of the foreclosure).  Mr. Moss did not pay his mortgage, and the consequence of his actions (or lack thereof) was the commencement of a

10

foreclosure.  As a result, Mr. Moss cannot show that his damages were caused by ETS' alleged negligence.

31.    Furthermore, Mr. Moss cannot show that he is entitled to emotional damages. In California, where a plaintiff incurs neither physical impact nor physical damage, and whose loss (other than emotional distress) is solely economic, the plaintiff is entitled to neither punitive damages nor recovery for emotional distress.  See Friedman v. Merck & Co., 131 Cal. Rptr. 2d 885, 908 (Cal. Ct. App. 2003) (citing Branch v. Homefed Bank, 8 Cal. Rptr. 2d 182, 187 (Cal. Ct. of App. May 14, 1992) ("Recovery for worry, distress, and unhappiness as the result of damage to property, loss of a job or loss of money is not permitted when the defendant's conduct is merely negligent.")); Smith v. Superior Court of Orange Cty., 13 Cal. Rptr. 2d 133, 137 (1992) ("mere negligence will not support a recovery for mental suffering where the defendant's tortious conduct has resulted in only economic injury to the plaintiff.")  As a result, Mr. Moss has failed to meet his burden of showing that he has been damaged as a result of any action taken by ETS, and his causes of action for negligence, negligence *per se*, and negligent infliction of emotional distress must fail.

*Fraud*

32.    Mr. Moss' cause of action for fraud must similarly fail.  The elements of fraud in California are: (1) defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably and reasonably relied on the representation; and (5) the plaintiff suffered resulting damages.  Lazar v. Superior Court of Los Angeles Cty., 909 P.2d 981, 984 (Cal. 1996).

11

33. Mr. Moss asserts that ETS committed fraud when it recorded the Notices. <u>See</u> ETS Complaint, ¶¶ 45-54. However, as discussed above, Mr. Moss has not shown how he was damaged by the Notices, since the notices have been rescinded, Mr. Moss has retained title to his property, and any damages incurred in defending the foreclosures were caused by his own default. Additionally, "[U]nder California law, a fraud claim cannot rest solely on emotional distress damages." <u>See</u> <u>De la Cerra Frances v. de Anda</u>, 224 Fed. Appx. 637, 638 (9th Cir. 2007), <u>citing</u> <u>Schroeder v. Auto Driveaway Co.</u>, 523 P.2d 662, 671 (Cal. 1974). As a result, Mr. Moss has failed to show how ETS' actions resulted in any compensable damages that would support his claim.

*Intentional Infliction of Emotional Distress*

34. Finally, Mr. Moss alleges a cause of action for intentional infliction of emotional distress. The elements of a cause of action for intentional infliction of emotional distress are (1) the defendant engaged in extreme and outrageous conduct with the intention of causing, or reckless disregard of the probability of causing, severe emotional distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress; and (3) the outrageous conduct was the actual and proximate cause of the emotional distress. <u>Cabanilla v. Wells Fargo Bank, N.A.</u>, Case No. E055041, 2013 WL 1633626, at *6 (Cal. Ct. App. Apr. 17, 2013).

35. Mr. Moss cannot sustain a claim for intentional infliction of emotional distress because in California, foreclosing on a property does not amount to "outrageous conduct." <u>See</u> <u>Aguinaldo v. Ocwen Loan Serv., LLC</u>, Case No. 12-CV-01393-EJD, 2012 WL 3835080 (N.D. Cal. Sep. 4, 2012) ("As a matter of law . . . foreclosing on property does not amount to the 'outrageous conduct' required to support a claim for intentional infliction of

12

emotional distress."); <u>Davenport v. Litton Loan Servicing, LP</u>, 725 F. Supp. 2d 862, 884 (N.D. Cal. 2010) (holding that the act of foreclosing on a home "falls shy of 'outrageous,' however wrenching the effects on the borrower."); <u>Mehta v. Wells Fargo Bank, N.A.</u>, 737 F. Supp. 2d 1185, 1204 (S.D. Cal. 2010) ("The fact that one of the Defendant [lenders] employees allegedly stated that the sale would not occur but the house was sold anyway is not outrageous as that word is used in this context." (citation omitted)); <u>Harvey G. Ottowvich Revocable Living Trust Dated May 12, 2006 v. Wash. Mut., Inc.</u>, No. 10-CV-02842, 2010 WL 3769459, at *4-5 (N.D. Cal. Sep. 22, 2010) (holding that the act of foreclosing on a home by itself does not constitute outrageous conduct for an intentional infliction of emotional distress claim).  As a result, Mr. Moss cannot assert a cause of action for intentional infliction of emotional distress.

## **CONCLUSION**

36.    WHEREFORE, the Borrower Trust respectfully submits that the relief requested in the Objection should be granted in its entirety.


Dated: December 19, 2014             /s/ Norman S. Rosenbaum
         New York, New York             Norman S. Rosenbaum
                                        Jordan A. Wishnew
                                        Jessica J. Arett
                                        MORRISON & FOERSTER LLP
                                        250 West 55th Street
                                        New York, New York 10019
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900
                                        *Counsel for the ResCap Borrower Claims Trust*