UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al*.<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER DENYING MOTION TO RECONSIDER OBJECTION TO CLAIM #3856**

Pending before the Court is a motion for reconsideration filed by Thomas James La Casse (ECF Doc. # 7728, the "Motion"). Through the Motion, La Casse asks the Court to reconsider its decision sustaining the ResCap Borrower Claims Trust's (the "Trust") objection to claim numbers 3852, 3856, and 3860 filed by La Casse.[1] For the reasons explained below, the Motion is **DENIED**.

The Trust objected to La Casse's claims (the "Claims") on the basis that they lacked sufficient documentation and failed to state a claim against the Debtors (the "Obj.," ECF Doc. # 4635). La Casse filed an opposition to the Objection (the "Opp.," ECF Doc. # 5106). After a hearing, the Court issued an opinion sustaining the Trust's Objection (the "Opinion," ECF Doc. # 5620). La Casse filed a motion to allow amendment of Claim 3856 and for reconsideration of the Opinion (the "Prior Reconsideration Motion," ECF Doc. # 5923), which the Court denied (the "Prior Reconsideration Order," ECF Doc. # 6156). La Casse filed a notice of appeal from the Prior Reconsideration Order, which appeal is pending in the United States District Court for the Southern District of New York. *See La Casse v. Residential Funding Company, LLC (In re Residential Capital, LLC)*, Case No. 1:14-cv-01531 (PGG) (S.D.N.Y. 2014). The facts giving

---

[1] The Motion only pertains to claim number 3856 ("Claim 3856").

rise to Claim 3856 are discussed in the Opinion and the Prior Reconsideration Order, and familiarity of those facts is assumed here.

In the Motion, La Casse argues that newly available evidence warrants reconsideration of the Opinion. (*See* Motion ¶¶ 5–9.) As explained below, this "new evidence" would not have changed the Court's ruling on Claim 3856, and therefore reconsideration of the Opinion is not warranted. *See Vincent v. Money Store*, No. 03 Civ. 2876 (JGK), 2011 WL 4501325, at *9 (S.D.N.Y. Sept. 29, 2011) ("For new evidence to justify reconsideration, the evidence must be "of such importance that it probably would have changed the outcome" of the prior ruling." (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 392 (2d. Cir. 2001))), *vacated in part on other grounds*, 736 F.3d 88 (2d Cir. 2013).

Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates Rule 59 of the Federal Rules of Civil Procedure (the "FRCP"), which regulates motions for amendment of a judgment. *See* FED. R. BANKR. P. 9023; FED R. CIV. P. 59. Additionally, Bankruptcy Rule 9024 incorporates FRCP Rule 60, which establishes the grounds for granting relief from a final order. *See* FED. R. BANKR. P. 9023; FED R. CIV. P. 60. FRCP 60 provides that a court may grant relief from an order for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order. FED. R. CIV. P. 60(a)–(b). A court should not grant a motion for consideration unless "the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l*

2

*Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted).

LaCasse argues that after the Court entered the Prior Reconsideration Order, Residential Funding Company, LLC ("RFC"), the Debtor that commenced an action to foreclose on LaCasse's property in Connecticut state court (the "Foreclosure Action"), stipulated that it was not the owner of the subject note at the time it filed the Foreclosure Action. (Motion ¶ 5.) LaCasse contends that this subsequent admission constitutes new evidence warranting reconsideration of the Opinion disallowing and expunging Claim 3856 (*see id.* ¶ 9), because it "contradicts the facts which the Court found apparently conclusive" in reaching its decision (*id.* ¶ 6). Among the exhibits attached to the Motion is an objection to LaCasse's motion to disqualify RFC's counsel in the Foreclosure Action, in which counsel to RFC agrees with LaCasse that it is not the owner of the subject note but reiterates that "at the time th[e] action was filed, Residential Funding Company, LLC, had standing to foreclose the mortgage as the holder of the note and mortgage with the right and/or requisite authority to enforce the note and mortgage." (*Id.* Ex. 12 at 4–5.)

3

This new evidence would not have altered the Court's prior ruling on Claim 3856. Indeed, in the Opinion the Court noted that "[e]ven if [LaCasse] could somehow demonstrate that despite the note's blank indorsement, RFC was not the proper owner of the note, RFC was entitled to enforce the note merely by virtue of holding the note. (*See* Opinion at 11 (citing *RMS Residential Props., LLC v. Miller*, 32 A.3d 307, 313 (Conn. 2011) (finding that noteholder could enforce note even without ownership); *Bankers Trust of Cal., N.A. v. Vaneck*, 899 A.2d 41, 42 (Conn. App. Ct. 2006) (holding that Connecticut law "permits the holder of a negotiable instrument that is secured by a mortgage to foreclose on the mortgage")).) In short, the determinative issue was not then, and is not now, whether RFC was the owner of the note at the time it commenced the Foreclosure Action; the evidence provided by the Trust in connection with the Objection demonstrated that the note, indorsed in blank, was held by RFC, which sufficiently established that it had standing to foreclose on LaCasse's property. (*See id.*) Further evidence establishing that RFC did not own the note at the time of commencing the Foreclosure Action is of no moment.

For the foregoing reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   December 19, 2014
         New York, New York

                                            ___*Martin Glenn*___
                                            MARTIN GLENN
                                            United States Bankruptcy Judge