**Exhibit 5**

**Docket No. 7188**

**Hearing Date and Time: August 13, 2014 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: July 25, 2014 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

```
-----------------------------------------------------
                                  )
In re:                            )     Case No. 12-12020 (MG)
                                  )
RESIDENTIAL CAPITAL, LLC, et al., )     Chapter 11
                                  )
                      Debtors.    )     Jointly Administered
                                  )
-----------------------------------------------------
```

**NOTICE OF RESCAP BORROWER CLAIMS TRUST'S**
**SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS**
**(NO LIABILITY BORROWER CLAIMS)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Omnibus Objection"), which seeks to alter your rights by disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection will take place on **August 13, 2014 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District

of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **July 25, 2014 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum and Jordan A. Wishnew); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (d) The ResCap Borrower Claims Trust, Polsinelli PC, 900 Third Avenue, 21st Floor, New York, NY 10022 (Attn: Daniel J. Flanigan).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated:  June 25, 2014
        New York, New York

Respectfully  Submitted,

/s/ Norman  S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for The ResCap Borrower
Claims Trust*

12-12020-mg    Doc 7180-1    Filed 07/25/14    Entered 07/25/14 18:30:36    Main Document
Pg 2 of 20

Hearing Date and Time:  August 13, 2014 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time:  July 25, 2014 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower*
*Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------- )
In re:                                                  )    Case No. 12-12020 (MG)
                                                        )
RESIDENTIAL CAPITAL, LLC, et al.,                       )    Chapter 11
                                                        )
                              Debtors.                  )    Jointly Administered
------------------------------------------------------- )

## RESCAP BORROWER CLAIMS TRUST'S
## SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS
## (NO LIABILITY BORROWER CLAIMS)

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF
CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES
AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE RESCAP BORROWER
CLAIMS TRUST'S COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

   The ResCap Borrower Claims Trust (the "<u>Trust</u>"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "<u>Chapter 11 Cases</u>"), as successor in interest to the above-captioned debtors (collectively, the "<u>Debtors</u>") for Borrower Claim (defined below) matters, by and through its undersigned counsel, respectfully represents:

<b><u>RELIEF REQUESTED</u></b>

   1. The Trust files this sixty-ninth omnibus objection to claims (the "<u>Objection</u>") pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "<u>Bankruptcy Rules</u>"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "<u>Procedures Order</u>") [Docket No. 3294], and seeks entry of an order (the "<u>Proposed Order</u>"), in a form substantially similar to that attached hereto as <u>Exhibit 1</u>, to disallow and expunge the claims listed on <u>Exhibit A</u>[1] annexed to the Proposed Order.  In support of this Objection, the Trust submits the Declaration of Deanna Horst, Chief Claims Officer for the ResCap Liquidating Trust (the "<u>Horst Declaration</u>," attached hereto as <u>Exhibit 2</u>), the Declaration of P. Joseph Morrow IV (the "<u>Morrow Declaration</u>"), attached hereto as <u>Exhibit 3</u>, and the Declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Trust (the "<u>Rosenbaum Declaration</u>," attached hereto as <u>Exhibit 4</u>).

   2. The Trust examined the proofs of claim identified on <u>Exhibit A</u> to the Proposed Order and determined that the proofs of claim listed on <u>Exhibit A</u> (collectively, the "<u>No Liability Borrower Claims</u>") are not liabilities of the Debtors.  This determination was made

---

[1] Claims listed on <u>Exhibit A</u> are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

ny-1147207

after the holders of the No Liability Borrower Claims were given an opportunity under the Procedures Order to supply additional documentation to substantiate their respective claims. Accordingly, the Trust seeks entry of the Proposed Order disallowing and expunging the No Liability Borrower Claims from the Claims Register.

3.        The proofs of claim identified on <u>Exhibit A</u> annexed to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "<u>Borrower Claims</u>" and each a "<u>Borrower Claim</u>").  As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

4.        The Trust expressly reserves all rights to object on any other basis to any No Liability Borrower Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

5.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

*General Case Background*

6.        On May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[2]      The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

8.      On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Trust was established [Docket No. 6137].

9.      The Plan provides for the creation and implementation of the Trust, which is established for the benefit of Borrowers who filed Borrower Claims to the extent such claims are ultimately allowed either through settlement with the Borrower Claims Trustee or pursuant to an Order of the Court. See Plan, at Art. IV.F. The Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims." See id.

*Claims-related Background*

10.     On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

4

11.     On August 29, 2012, this Court entered an order approving the Debtors'
motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No.
1309] (the "Bar Date Order").    The Bar Date Order established, among other things,
(i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of
claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the
form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing
Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental
Bar Date").    Bar Date Order ¶¶ 2, 3.    On November 7, 2012, the Court entered an order
extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)
[Docket No. 2093]. The Governmental Bar Date was not extended.

12.     On March 21, 2013, the Court entered the Procedures Order, which
authorizes the Debtors to, among other things, file omnibus objections to no more than 150
claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and
those additional grounds set forth in the Procedures Order. See Procedures Order at 2-3.

13.     Based on substantial input from counsel to the Creditors' Committee and
its special counsel for Borrower issues, SilvermanAcampora LLP ("Special Counsel"), the
Procedures Order includes specific protections for Borrowers and sets forth a process for the
Debtors or any successor in interest to follow before objecting to certain categories of Borrower
Claims (the "Borrower Claim Procedures").    The Borrower Claim Procedures provide, inter alia,
that prior to objecting to Borrower Claims filed with no or insufficient documentation, the
Debtors must send each such Borrower claimant a letter requesting additional documentation in
support of the purported claim (the "Request Letter").    See Procedures Order at 4.

14.     Beginning in May of 2013, the Debtors sent Request Letters, substantially
in the form as those attached as Exhibit 5, to those Borrowers who filed the No Liability

Borrower Claims with insufficient documentation.  The Request Letters state that the claimant must respond within thirty (30) days (the "Response Deadline") with an explanation that states the legal and factual reasons why the claimant believes it is owed money or is entitled to other relief from the Debtors and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for its claim.  See Request Letters at 1.  The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, then the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.  Id.

15.    The Response Deadline has passed, and the Debtors and the Trust either did not receive any response to the Request Letters or received insufficient information to establish a basis for liability with respect to the applicable No Liability Borrower Claims.  See Horst Declaration at ¶ 4.

## THE NO LIABILITY BORROWER CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

16.    Based upon its review of the proofs of claim filed on the Claims Register, the Trust determined that the No Liability Borrower Claims identified on Exhibit A annexed to the Proposed Order do not represent valid prepetition claims against the Debtors.  If the No Liability Borrower Claims are not disallowed and expunged, then the parties who filed these proofs of claim may receive a wholly improper recovery to the detriment of other Borrowers who hold valid claims.  See Horst Declaration ¶ 8.

17.    Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim."  11 U.S.C. § 501(a).  "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)."  4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th

6

ed. rev. 2013). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such a claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

18.     If an objection refuting at least one of the claim's essential allegations is asserted, however, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

19.     The Debtors and the Trust diligently analyzed the No Liability Borrower Claims and the allegations set forth therein and examined the Debtors' books and records in order to assess the alleged liabilities asserted. See Horst Declaration at ¶¶ 3-5. In addition, the Debtors sent Request Letters to those claimants who filed No Liability Borrower Claims with insufficient supporting documentation to allow such claimants to provide additional support for their claims. The holders of the No Liability Borrower Claims that received Request Letters either failed to respond to the letters or failed to provide sufficient information to substantiate their claims. See id. at ¶ 4.

20.     The Trust's specific factual and/or legal reason(s) for objecting to the allowance of each No Liability Borrower Claim is set forth on Exhibit A to the Proposed Order under the heading titled "*No Liability Summaries.*" In general, the Trust's objection to each No Liability Borrower Claim falls under one or more of the following thirteen categories:

(i) ***General No Liability***. This category includes claims:
- relating to requests to reduce or forgive outstanding loan balances or to reduce interest rates;
- asserting that a Debtor is responsible for liabilities of non-Debtor entities;
- for which the claimants have, subsequent to filing the claims, admitted to the Debtors or Special Counsel that the Debtors have no liability; or
- that otherwise do not constitute a valid obligation of the Debtors (collectively, the "General No Liability Claims").

7

To assess the validity of these claims, the Trust reviewed the Debtors' books and records, including (a) the claimant's transaction history showing the payments the claimant has made and the Debtors' application of those payments to principal, interest, fees, and escrows, as applicable (the "Loan Payment History"), (b) the Debtors' records tracking the history of the servicing of the claimant's loan, including but not limited to documenting instances of i) communication with the claimant, ii) letters and notices sent by the Debtors to the claimant, and iii) the Debtors' efforts to foreclose, conduct loss mitigation efforts, inspect properties, pay taxes and insurance on behalf of the claimant, and other standard servicing activity (collectively, the "Internal Servicing Notes"), and (c) other records as applicable. See Horst Decl. at ¶ 7(i). Based on its review, the Trust has determined that the Debtors are not liable for the General No Liability Claims. See id.

To substantiate this determination, the Trust is prepared to provide the Court and each claimant whose claim is identified as a General No Liability Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more[3] of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust; or
- Other documents that are relevant to the reconciliation of the claim.[4]

(ii) **_General Servicing Issues_**. This category includes claims based on general servicing issues, including assertions that a Debtor misapplied mortgage payments, provided incorrect information or reporting to the claimant, made improper collection calls, failed to release a lien on a timely basis, failed to respond to Qualified Written Requests, wrongfully transferred servicing or wrongfully sold the claimant's loan (the "General Servicing Issues Claims"). To assess the validity of these claims, the Trust reviewed Internal Servicing Notes, Loan Payment History, letters between the Debtors and the applicable Borrower(s), executed mortgage notes and deeds of trust, and other relevant documents. See Horst Decl. at ¶ 7(ii).

Based on its review, the Trust has determined that the General Servicing Issues Claims are not valid obligations of the Debtors because: (a) the alleged events involving General Servicing Issues never took place; (b) the Debtor remedied the alleged error or

---

[3]   Generally, for the purpose of clarification, the Trust is not suggesting that the listed documents in the respective objection categories are relevant to every Claim; rather, the Trust will provide the claimant and the Court with copies of only those relevant documents presently in its possession that substantiate the stated reason(s) for disallowance.

[4]   Generally, the production of documents by the Trust (to claimants under any of the stated objection categories) will be subject to all applicable privileges, including without limitation, attorney-client, and where necessary, will be subject to a mutually acceptable Confidentiality Agreement.

mishandling, and as a result, the Claimant did not incur any damages or failed to provide evidence of damages; and/or (c) the Debtor acted properly in servicing the loan, in accordance with the Debtors standard policies and procedures and the terms of the executed note and deed of trust. See id.

To substantiate this determination, the Trust is prepared to provide the Court and each claimant whose claim is identified as a General Servicing Issues Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors' in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Debtors' written communications to the claimant;
- Copies of lien releases; or
- Other documents that are relevant to the reconciliation of the claim.

(iii) ***Origination Issues***. This category includes claims based on loan origination issues, which include, without limitation, claims relating to disputes regarding the loan application and closing process, disclosures, loan terms, rights of rescission or a purportedly defective title exam. To assess the validity of these claims (the "Origination Issues Claims"), the Trust reviewed the Debtors' books and records, including the claimants' executed mortgage notes, to determine whether any Debtor was involved in the origination of the applicable loans. See Horst Decl. at ¶ 7(iii).

Based on its review of the Debtors' books and records and its review of applicable state and federal law, the Trust determined that the Debtors are not liable for the Origination Issues Claims because no Debtor entity was involved in the origination of the applicable loans and vicarious liability cannot be imputed to any Debtor in its capacity as servicer or assignee of the loans.[5] See id.

To substantiate this determination, the Trust is prepared to provide the Court and each claimant whose claim is identified as an Origination Issues Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Internal Servicing Notes currently accessible to the Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;

---

[5]   As noted in Exhibit A, to the extent the claimant asserts statutory claims related to origination of the loan, the Trust reviewed the applicable federal and state statutes and determined that such claims against servicers or loan assignees carry no successor liability. To the extent claimant asserts common-law claims, the Trust found no case precedent establishing assignee liability when a party is not involved with the origination of the loan, and the claimant did not provide any specific legal authority to substantiate its allegation.

ny-1147207

- Origination File; or
- Other documents that are relevant to the reconciliation of the claim.

(iv) *Escrow Issues*. This category includes claims based on the alleged improper application or calculation of escrow amounts (the "Escrow Issues Claims"). To assess the validity of these claims, the Trust examined the Debtors' books and records, including the Debtors' escrow receipts and payments, the annual escrow analysis sent to Borrowers and any Internal Servicing Notes and written communication between the Debtors and the applicable Borrower(s).

Based on its review, the Trust determined that the Debtors are not liable for the Escrow Issues Claims. See Horst Decl. at ¶ 7(iv). In cases where a claimant asserted that they were owed a refund, the Trust determined that the mortgage payments received were all correctly applied. In cases where a claimant asserted that the escrow collected was insufficient to cover the property taxes and insurance, the Trust reviewed the escrow statements issued to the claimant, which outlined the amounts paid that year compared to what was estimated, as well as Internal Servicing Notes to the extent that there was an escrow account added to the loan, and determined that they have no liability as long as all amounts received from the Borrower were accurately recorded because the Borrowers are liable for the taxes and insurance on their real property. In cases where a claimant asserted that it was owed a refund, the Trust looked at (1) the escrow statement issued to the claimant to determine if there was a refund due, (2) the history of the loan to determine if a check was issued for the refund and (3) the internal account notes to determine if there were discussions with the claimant regarding an escrow refund not being received, and found that any refunds due were previously paid. Moreover, to the extent that the Debtors' books and records indicated that the issues asserted by a claimant occurred after the Debtors ceased servicing the underlying loan, the Trust concluded that the Debtors had no liability for the claim. See id.

To substantiate this determination, the Trust is prepared to provide the Court and each claimant whose claim is identified as an Escrow Issues Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:
- Loan Payment History;
- Internal Servicing Notes currently accessible to the Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Debtors' written communications to the claimant;
- Escrow Statement;
- Loan Modification Agreement, if applicable; or
- Other documents that are relevant to the reconciliation of the claim.

(v) *Wrongful Foreclosure*. This category includes claims based, either directly or indirectly, on allegations of wrongful foreclosure by the Debtors (the "Wrongful Foreclosure Claims"). To assess the validity of these claims, the Trust examined the Debtors' books and records to verify that the Debtors foreclosed properly and, where applicable, took the

10

ny-1147207

appropriate loss mitigation steps. Specifically, the Trust reviewed Payment History, Internal Servicing Notes, as well as, where applicable, the claimants' loan modification applications, loan modification approval letters, loan modification denial letters, compliance with loan modifications (trial and/or permanent), compliance with any other payment plans (forbearance and repayment), short sale applications and history, investor guidelines and/or direction, breach letters, and/or foreclosure related documents. Where a claimant asserted that he or she did not execute the mortgage note, the Trust also examined Internal Servicing Notes to determine whether any previous identity theft claims were alleged, and compared the signatures on other executed documents in the claimant's file, as well as examining the Loan Payment History and any other information in the Debtors' possession including tax records reflecting whether the claimant deducted interest on the mortgage. Moreover, where a Wrongful Foreclosure Claim was based on issues related to a short sale, the Trust further reviewed the Debtors' records to determine whether a short sale approval had been requested, and, if so and if such request was denied, whether the reason for denial was proper.[6] See Horst Decl. at ¶ 7(v). Based on its review, the Trust determined that the Debtors are not liable for the Wrongful Foreclosure Claims. See id.

To substantiate this determination, the Trust is prepared to provide the Court and each claimant whose claim is identified as a Wrongful Foreclosure Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Loan Modification Agreement, if applicable;
- Debtors' written communications to Claimant, including the following, if applicable:
  - Denial Letters,
  - Missing Items Letters,
  - Loan Modification Offers,
  - Signed Modification Agreement(s),
  - Breach of Contract Notice, and
  - Trial, Forbearance, or Foreclosure Repayment Plan Letters;
- Escrow Statement, if applicable;
- Pooling and Servicing Agreements, if applicable; or
- Other documents that are relevant to the reconciliation of the claim.

(vi) **_Standing Issues_**. This category includes claims alleging that the Debtors lacked the standing to service, foreclose or otherwise enforce the terms of the claimant's loan (the

---

[6] Appropriate reasons for denying a short sale request include, without limitation, a claimant's failure to submit executed sale contracts, a claimant's failure to obtain approval from second lien holders and/or a claimant's short sale request did not comply with the investor's requirements.

11

"Standing Issues Claims").  To assess the validity of these claims, the Trust reviewed the Debtors' books and records, including the claimant's mortgage or deed of trust, documents relating to chain of ownership, relevant assignments of interests in the loan, Loan Payment History, and Internal Servicing Notes.  See Horst Decl. at ¶ 7(vi).  Based on its review, the Trust has determined that the Debtors are not liable for the Standing Issues Claims because the Debtors had proper authority to service or foreclose the loan and to enforce the terms of the claimant's loan on behalf of the owner of the loan.  See id.

To substantiate this determination, the Trust is prepared to provide the Court and each claimant whose claim is identified as a Standing Issues Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Mortgage Assignments;
- Loan Modification Agreement, if applicable;
- Debtors' written communications to Claimant, if applicable; or
- Other documents that are relevant to the reconciliation of the claim.

(vii) ***Interest Rates and Fees Collected***.  This category includes claims based on assertions that either (a) interest rates charged to the claimant were incorrect, incorrectly adjusted, or incorrectly not adjusted (the "Interest Rates Claims") or (b) the fees charged to the claimant were incorrect or inappropriate (the "Fees Collected Claims," and together with the Interest Rates Claims, the "Interest Rates and Fees Collected Claims").  To assess the validity of these claims, the Trust reviewed the Debtors' books and records, including the claimant's note, any adjustable rate rider and related documents, notices and/or adjustment letters sent to the claimant, Loan Payment History and fees charged.  See Horst Decl. at ¶ 7 (vii).

Based on its review, the Trust has determined that the Debtors are not liable for the Interest Rates and Fees Collected Claims because the interest rates and fees charged were consistent with the governing loan documents, the Debtors' servicing policies, and if applicable, investor guidelines and/or servicing agreements.  To substantiate this determination, the Trust is prepared to provide the Court and each claimant whose claim is identified as an Interest Rates Claim or a Fees Collected Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Loan Modification Agreement, if applicable;
- Investor guidelines, if applicable;

12

- Servicing agreement(s), if applicable;
- Debtors' written communications to the claimant, including, if applicable Rate Adjustment Letters; or
- Other documents that are relevant to the reconciliation of the claim.

(viii) ***Wrong Debtor***. This category includes claims against one or more Debtors as the obligor when such claims are properly asserted, if at all, against another Debtor in the Chapter 11 Cases (the "Wrong Debtor Claims"). To assess the validity of the Wrong Debtor Claims, the Trust reviewed the Debtors' books and records. See Horst Decl. at ¶ 7(viii). Based on its review, the Trust determined that the Debtors are not liable for the Wrong Debtor Claims because the alleged Debtors that are subject to the claims were not in contractual privity with the claimant or otherwise have not connection to the Claimant. See id.[7] The documents reviewed by the Trust in reaching this determination are the same documents that support the other applicable bases for the Trust's objection to each Wrong Debtor Claim.

(ix) ***Amended and Superseded***. This category includes claims that have been amended and superseded by at least one subsequently-filed, corresponding claim by the same creditor (the "Amended Claims").

Claims that are amended and superseded by subsequent proofs of claim filed by the same creditor are routinely disallowed and expunged. See, e.g., In re Enron Corp., Case No. 01 B 16034 (AJG), 2005 WL 3874285, at *1 n.1 (Bankr. S.D.N.Y. Oct. 5, 2005) (noting that "[i]n as much as the Initial Claim was amended and superseded by the Amended Claim, it was disallowed and expunged . . . ."); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging amended, duplicative claim).

To confirm that a claim was amended and superseded by subsequently-filed claims, the Trust validated that (a) the claimant's assertions in subsequently-filed claim(s) included all of the assertions made in the Amended Claim, or if applicable (b) the claimant expressly stated within the subsequently-filed claim their intention to amend or replace the Amended Claim. See Horst Decl. at ¶ 7(ix).

(x) ***Late-Filed***. This category includes claims (the "Late-Filed Claims") that were filed after November 16, 2012 (the "Bar Date"). In order to be timely-filed, proofs of claim must have been "actually received" on or before the Bar Date. The order setting the Bar Date expressly provides, in pertinent part, that "any holder of a claim against one or more of the Debtors who is required, but fails, to file a proof of such claim in appropriate form in accordance with this Order shall forever be barred, estopped, and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto)."

---

[7]    Nevertheless, if a Wrong Debtor Claim is not expunged as a result of this Objection, the Trust reserves the right to redesignate the claim against the correct Debtor entity.

To confirm that a claim was late-filed, the Trust validated that (a) Debtors received the proof of claim after November 16, 2012, (b) KCC served Claimant with notice of the Bar Date at least 35 days prior to the Bar Date, and (c) the address to which the notice was sent was Claimant's address per the Debtors' servicing records at the time the notice was delivered.  See Horst Decl. at ¶ 7(x); see also Morrow Declaration at ¶ 5.

(xi) **_Insufficient Documentation_**.  This category includes claims that either (a) fail to identify the amount of the claim and the basis for claim, or (b) identify the claim amount but do not provide an explanation or attach any supporting documentation to substantiate the claim amount (the "Insufficient Documentation Claims").

The Debtors sent Request Letters in connection with all of the Insufficient Documentation Claims to the either the property address or email address marked on the proof of claim by Claimant as the "address where notices should be sent".  See Horst Decl. at ¶ 7(xi).  In each instance, Claimant either failed to respond or provided insufficient information to establish a basis for liability.  As a result, the Claimant has failed to satisfy its initial burden to state a claim against the Debtors and therefore, the Trust has no liability for the Insufficient Documentation Claims.  See id.

To substantiate this determination, the Trust is prepared to provide the Court and each claimant whose claim is identified as an Insufficient Documentation Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of the Request Letters prepared by the Debtors.  See id.

(xii) **_Estoppel by Waiver_**.

This category includes claims (the "Waived Claims") that are barred from relief under the doctrine of judicial estoppel.  Judicial estoppel applies when (i) a party asserts a position in a proceeding, but thereafter assumes a contrary position, and (ii) such inconsistences create the inference the court has been misled.  New Hampshire v. Maine, 532 U.S. 742, 749 (2001).  Pursuant to 11 U.S.C. § 521(1), a debtor is required to disclose all of his/her actual or potential assets, which would include any known causes of action.  See 11 U.S.C. §§ 521(1), 1306; Chartschlaa v. Nationwide Mut. Ins. Co., 538 F.3d 116 (2d Cir. 2008) (citing 11 U.S.C. §§ 521(a)(1)(B)(i), (iii)); Rosenshein v. Kleban, 918 F. Supp. 98 (S.D.N.Y. 1996).  "If the debtor has enough information … prior to confirmation to suggest that it may have a possible cause of action, then it is a 'known' cause of action such that it must be disclosed."  In re Coastal Plains, 179 F.3d 197, 208 (5th Cir. 1999) (citations omitted).  Undisclosed assets automatically remain property of the estate, and as a result, even after discharge of the bankruptcy estate, the debtor lacks standing to pursue a claim that he failed to disclose.  See Rosenshein, 918 F. Supp. at 103.

This Court, following numerous other courts in this circuit, has applied the doctrine of judicial estoppel to disallow and expunge claims where the claimant failed to disclose the claim in their own bankruptcy proceeding.  See _Memorandum Opinion and Order Sustaining Objection and Expunging Claim No. 4443 by Corla Jackson_ [Docket No. 6363].  Similarly, each of the Claimants asserting a Waived Claim failed to affirmatively assert the Waived Claim in his or her respective bankruptcy cases (all of which have been closed).  As a result, each Claimant effectively waived the right to assert his or her

14

Waived Claim and is estopped from bringing those same claims in the Debtors' Chapter 11 cases. See Horst Decl. at ¶ 7(xii). Additionally, even if the Waived Claims were not barred by judicial estoppel, none of the Claimant's that filed Waived Claims have standing to pursue them because the Waived Claims are property of each Claimant's bankruptcy estate. As a result, the Waived Claims are also barred for lack of standing.

With respect to the Waived Claims, the Trust examined the proofs of claims in conjunction with public bankruptcy records and validated that:

(a) Claimant filed for individual bankruptcy protection and received a discharge,

(b) the basis for claim comprising each of the Waived Claims involves assertions and alleged damages that occurred prior to either (i) Claimant's respective individual bankruptcy filing(s) or (ii) Claimant's filing of amended schedules in those cases,

(c) Claimant did not include the Waived Claims in the schedule of assets filed by Claimant in their bankruptcy case(s), and

(d) Claimant never raised such claims in any other proceeding during their individual bankruptcy case (e.g., an adversary proceeding). See id.

(xiii) **_Loan Modification_**. This category includes claims based on loan modification issues (the "Loan Modification Claims"), which allege, among other things, that the Debtors (a) failed to provide a loan modification,[8] or (b) provided a loan modification, but the claimant believes the terms of the modification were not as favorable to the claimant as those to which claimant believed he or she was entitled. To assess the validity of these claims, the Trust examined the Debtors' books and records to verify that the Debtors followed the applicable investor guidelines and policies regarding loan modifications. Specifically, the Trust reviewed Internal Servicing Notes, Loan Payment History, and, where applicable, loan modification agreements, loan modification applications, loan modification denial letters, loan modification approval letters, the claimant's compliance with modifications (trial and/or permanent) and any instructions or guidelines provided by the investor for the claimant's loan. See Horst Decl. at ¶ 7(xiii).

Based on its review, the Trust determined that the Debtors are not liable for the Loan Modification Claims because: (a) in cases where a loan modification request was denied, the Debtors complied with the applicable investor guidelines and policies governing the loan modification process; (b) in the cases where the claimant obtained a loan modification, the claimant was not damaged by the loan modification assistance provided; and (c) in the cases where the claimant disputes the terms of his or her loan modification, the Trust verified that (i) the claimant agreed to the terms by executing the underlying agreement, and (ii) the Debtors administered or serviced the loan modification

---

[8]    As a regular part of the Debtors' business practices, the Debtors offered mortgage loan modifications to Borrowers in financial distress, pursuant to certain guidelines established by the investors ("Traditional Modifications"). The Home Affordable Modification Program ("HAMP") is an administrative program that was implemented in April 2009 by the United States Treasury Department to help eligible homeowners with loan modifications on their home mortgage debt. HAMP provided the Debtors with an additional type of loan modification (a "HAMP Modification") for assisting eligible Borrowers experiencing financial distress.

in accordance with the governing loan documents, the Debtors' servicing policies, and if applicable, investor guidelines and/or servicing agreements. See id.

To substantiate this determination, the Trust is prepared to provide the Court and each claimant whose claim is identified as a Loan Modification Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Loan Modification Agreement, if applicable;
- Investor guidelines, if applicable;
- Servicing agreement(s), if applicable;
- Workout Packages;
- Debtors' written communications to Claimant, including the following, if applicable:
  - Denial Letters,
  - Missing Items Letters,
  - Loan Modification Offers,
  - Signed Mod Agreement(s),
  - Breach of Contract Notice(s), and
  - Trial, Forbearance, or Foreclosure Repayment Plan Letters;
- Escrow Statement; or
- Other documents that are relevant to the reconciliation of the claim.

21.    To prevent the claimants that filed the No Liability Borrower Claims from receiving improper recoveries to the detriment of other Borrowers holding valid claims, the Trust requests that the Court disallow and expunge in their entirety each of the No Liability Borrower Claims.

**NOTICE**

22.    The Trust has served notice of this Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order. The Trust submits that no other or further notice need be provided.

16

## NO PRIOR REQUEST

23.    No previous request for the relief sought herein as against the holders of the No Liability Borrower Claims has been made by the Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated:  June 25, 2014
      New York, New York

                    /s/ Norman S. Rosenbaum
                    Norman S. Rosenbaum
                    Jordan A. Wishnew
                    MORRISON & FOERSTER LLP
                    250 West 55th Street
                    New York, New York 10019
                    Telephone:  (212) 468-8000
                    Facsimile:  (212) 468-7900

                    *Counsel for The ResCap Borrower Claims Trust*

12-12020-mg   Doc 7185-1   Filed 12/22/14   Entered 12/22/14 16:38:15   Exhibit 5
Pg 22 of 131

**Exhibit 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|   |   |   |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|   | ) |   |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|   | ) |   |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------

### ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)

Upon the sixty-ninth omnibus objection to claims (the "<u>Objection</u>")[1] of the ResCap Borrower Claims Trust (the "<u>Trust</u>"), established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors for Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the No Liability Borrower Claims, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the *Declaration of Deanna Horst in Support of the ResCap Borrower Claims Trust's Sixty-Ninth*

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

*Omnibus Objection to Claims (No Liability Borrower Claims)* annexed thereto as <u>Exhibit 2</u>, the *Declaration of P. Joseph Morrow IV in Support of the ResCap Borrower Claims Trust's Seventieth Omnibus Objection to Claims (No Liability Borrower Claims)* annexed thereto as <u>Exhibit 3</u>; and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)*, annexed thereto as <u>Exhibit 4</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>No Liability Borrower Claims</u>") are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Borrower Claims identified on the schedule attached as <u>Exhibit A</u> hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

2

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on <u>Exhibit A</u> annexed to this Order, and the Trust's and any party in interest's right to object on any basis are expressly reserved with respect to any such claim not listed on <u>Exhibit A</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No Liability Borrower Claims identified on <u>Exhibit A</u> annexed hereto, as if each such No Liability Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:    August _____, 2014
          New York, New York



_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1147211

**Exhibit A**

12-12020 mg    Doc 7189-5    Filed 06/25/14    Entered 06/25/14 18:30:10    Exhibit 5
Pg 6 of 59

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Sharpe Maurice v GMAC Mortgage SSAFE Mortgage Fidelity National Title Agency of Nevada et al<br><br>David J Winterton and Associates LTD 1140 No Town Center Drive Suite 120 Las Vegas, NV 89144<br><br>Claim: 2079<br><br>Filed: 11/01/2012 | General Unsecured<br><br>$3,200,000 | GMAC Mortgage, LLC<br><br>12-12032 | Origination Issues, Wrongful Foreclosure | Debtor GMAC Mortgage LLC serviced the loan from March 10, 2008 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Mountain View Mortgage Company originated the loan on March 10, 2008.<br><br>Debtors have no liability for Claimant's wrongful foreclosure claim because the loan was past due for the August 2008 payment when foreclosure proceedings commenced on December 10, 2008 and Claimant never cured arrearages.<br><br>Claimant alleges the loan was taken out without his knowledge and that Debtors failed to fully investigate. Debtors' records show that Claimant contacted Debtors on or about April 14, 2009 regarding the alleged identity theft and a customer service representative advised Claimant that the Debtors required a copy of a filed police report. After four months, Debtors were unable to reach Claimant and discovered that the police department was also unable to reach the Claimant who had ceased cooperating with them. Debtors provided written notice to Claimant on September 24, 2009 that there was insufficient information to support the claim for identify theft, that foreclosure had been on hold and was now going to be reinstated. Property was subsequently sold at foreclosure on April 16, 2010.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims of negligence, slander of title or wrongful foreclosure. | 9, 10-11 |

ny-1147902

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Tia Smith<br>4011 Hubert Avenue<br>Los Angeles, CA 90008<br><br>Claim: 3889<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$3,000,000 | GMAC Mortgage, LLC<br><br>12-12032 | General no Liability, Origination Issues, Wrongful Foreclosure | Debtor Residential Funding Company purchased the loan from American Mortgage Network, Inc., and the loan was then securitized where Deutsche Bank Trust Company Americas was appointed trustee on or about January 30, 2007. Debtor Homecomings Financial serviced the loan from December 29, 2006 until servicing transferred to Aurora Loan Servicing on April 1, 2008. American Mortgage Network, Inc. originated the loan on November 13, 2006.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. There is no stated legal basis in the claims for assignee liability that would extend to Debtors on these claims in its role as servicer or owner of the loan, and all of the origination claims are time-barred.<br><br>Debtors have no liability for Claimant's wrongful foreclosure claims because i) loan was in default and due for February 1, 2008 payment when servicing transferred to Aurora, and ii) foreclosure proceedings were never commenced by the Debtors. Debtors' records show that an "options to avoid foreclosure" letter was sent to Claimant on February 11, 2008 as well as a breach letter on March 3, 2008.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims for fraud, tortious interference with contract, wrongful foreclosure, cancellation of instruments, breach of contract, breach of forbearance agreements, unfair competition, unfair debt collection, TILA, unjust enrichment, account, constructive trust, fraudulent omissions, or quiet title. | 7-8, 9, 10-11 |

ny-1147902

12-12020-mg    Doc 7191-5    Filed 06/25/14    Entered 06/25/14 18:30:16    Exhibit 5
Pg 29 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Tia Smith<br><br>4011 Hubert Ave.<br>Los Angeles, CA 90008<br><br>Claim: 4129<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$3,000,000 | Homecomings Financial, LLC<br><br>12-12042 | General no liability, Origination Issues, Wrongful Foreclosure | Debtor Residential Funding Company purchased the loan from American Mortgage Network, Inc., and the loan was then securitized where Deutsche Bank Trust Company Americas was appointed trustee on or about January 30, 2007. Debtor Homecomings Financial serviced the loan from December 29, 2006 until servicing transferred to Aurora Loan Servicing on April 1, 2008. American Mortgage Network, Inc. originated the loan on November 13, 2006.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. There is no stated legal basis in the claims for assignee liability that would extend to Debtors on these claims in its role as servicer or owner of the loan, and all of the origination claims are time-barred.<br><br>Debtors have no liability for Claimant's wrongful foreclosure claims because i) loan was in default and due for February 1, 2008 payment when servicing transferred to Aurora, and ii) foreclosure proceedings were never commenced by the Debtors. Debtors' records show that an "options to avoid foreclosure" letter was sent to Claimant on February 11, 2008 as well as a breach letter on March 3, 2008.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims for fraud, tortious interference with contract, wrongful foreclosure, cancellation of instruments, breach of contract, breach of forbearance agreements, unfair competition, unfair debt collection, TILA, unjust enrichment, account, constructive trust, fraudulent omissions, or quiet title. | 7-8, 9, 10-11 |

ny-1147902

12-12020-mg    Doc 7185-5    Filed 06/25/14    Entered 06/25/14 18:30:16    Exhibit 5
Pg 30 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Tia Smith<br><br>4011 Hubert Avenue<br>Los Angeles, CA 90008<br><br>Claim: 4134<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$3,000,000 | Residential Funding Company, LLC<br><br>12-12019 | General no liability, Origination Issues, Wrongful Foreclosure | Debtor Residential Funding Company purchased the loan from American Mortgage Network, Inc., and the loan was then securitized where Deutsche Bank Trust Company Americas was appointed trustee on or about January 30, 2007. Debtor Homecomings Financial serviced the loan from December 29, 2006 until servicing transferred to Aurora Loan Servicing on April 1, 2008. American Mortgage Network, Inc. originated the loan on November 13, 2006.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. There is no stated legal basis in the claims for assignee liability that would extend to Debtors on these claims in its role as servicer or owner of the loan, and all of the origination claims are time-barred.<br><br>Debtors have no liability for Claimant's wrongful foreclosure claims because i) loan was in default and due for February 1, 2008 payment when servicing transferred to Aurora, and ii) foreclosure proceedings were never commenced by the Debtors. Debtors' records show that an "options to avoid foreclosure" letter was sent to Claimant on February 11, 2008 as well as a breach letter on March 3, 2008.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims for fraud, tortious interference with contract, wrongful foreclosure, cancellation of instruments, breach of contract, breach of forbearance agreements, unfair competition, unfair debt collection, TILA, unjust enrichment, account, constructive trust, fraudulent omissions, or quiet title. | 7-8, 9, 10-11 |

4

12-12020-mg    Doc 7185-5    Filed 06/25/14    Entered 06/25/14 18:30:15    Exhibit 1
Pg 100 of 154

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Tia Smith<br><br>4011 Hubert Avenue<br>Los Angeles, CA 90008<br><br>Claim: 4139<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$3,000,000 | Residential Accredit Loans, Inc.<br><br>12-12052 | General no liability, Origination Issues, Wrongful Foreclosure | Debtor Residential Funding Company purchased the loan from American Mortgage Network, Inc., and the loan was then securitized where Deutsche Bank Trust Company Americas was appointed trustee on or about January 30, 2007. Debtor Homecomings Financial serviced the loan from December 29, 2006 until servicing transferred to Aurora Loan Servicing on April 1, 2008. American Mortgage Network, Inc. originated the loan on November 13, 2006.<br><br>Debtors have no liability for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. There is no stated legal basis in the claims for assignee liability that would extend to Debtors on these claims in its role as servicer or owner of the loan, and all of the origination claims are time-barred.<br><br>Debtors have no liability for Claimant's wrongful foreclosure claims because i) loan was in default and due for February 1, 2008 payment when servicing transferred to Aurora, and ii) foreclosure proceedings were never commenced by the Debtors. Debtors' records show that an "options to avoid foreclosure" letter was sent to Claimant on February 11, 2008 as well as a breach letter on March 3, 2008.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims for fraud, tortious interference with contract, wrongful foreclosure, cancellation of instruments, breach of contract, breach of forbearance agreements, unfair competition, unfair debt collection, TILA, unjust enrichment, account, constructive trust, fraudulent omissions, or quiet title. | 7-8, 9, 10-11 |

5

12-12020-mg    Doc 7191-5    Filed 12/22/14    Entered 12/22/14 16:38:15    Exhibit 5
Pg 32 of 131

<u>Exhibit A</u>

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| John Kaspar<br><br>P.O. Box 77613<br>Corona, CA 92877<br><br>Claim: 4309<br><br>Filed: 11/07/2012 | General Unsecured<br><br>$1,964,000 | Residential Capital, LLC<br><br>12-12020 | General No liability, Wrong Debtor | Debtor GMAC Mortgage LLC serviced the loan from September 13, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. K. Hovnanian American Mortgage, LLC originated the loan on April 5, 2006.<br><br>Debtors have no liability for this claim. Claimant attaches what appears to be a "claim of commercial lien" to the proof of claim without further basis for his claim. Debtors' records show that litigation brought by Claimant was dismissed with prejudice on November 13, 2013 in Superior Court of CA, Riverside (Case No. MCC1300785) and no appeal was filed.<br><br>In addition, Debtors' records show that foreclosure proceedings were initiated on or about November 5, 2012 due to loan owing for July 2009 through November 2012 payments. The property went to a foreclosure sale June 10, 2013. Impac Funding Corporation sold the property out of REO on October 31, 2013. | 7-8, 13 |
| Alan T Israel and Jill C Habib v GMAC Mortgage GreenPoint Mortgage Funding Specialized Loan Servicing LLC Douglas et al<br><br>5572 N. El Adobe Dr.<br>Fresno, CA 93711<br><br>Claim: 3843<br><br>Filed: 11/09/2012 | Secured<br><br>$804,000 | Executive Trustee Services, LLC<br><br>12-12028 | Origination Issues, Wrongful Foreclosure, Standing Issues | Debtor GMAC Mortgage LLC serviced the loan from October 4, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. GreenPoint Mortgage Funding, Inc. originated the loan on July 12, 2006.<br><br>Claimant is involved in litigation asserting fraud against ETS (and GMAC Mortgage as well as non-Debtors including GreenPoint). Claimant alleges that ETS did not have the right to foreclose as it was not a trustee, mortgagee or beneficiary, or an agent thereof - and that the note was not properly endorsed to the trustee. Claimant also alleges that ETS did not have authority to act as substitute trustee and conduct the non-judicial foreclosure. Claim for fraud is all that remains as part of the Third Amended Complaint that was filed in April 2011. Demurrer to the Second Amended Complaint was sustained on all other claims with prejudice on | 9, 10-11, 11-12 |

6

ny-1147902

<u>Exhibit A</u>

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | April 5, 2011.<br><br>Debtors are not liable for Claimant's origination-based claims because no Debtor entity was involved in the origination of this loan. The loan was securitized by GreenPoint, Aurora Loan Services was master servicer, and GMACM was appointed as subservicer on October 4, 2006. No debtor was involved in the origination, securitization or had an ownership interest in the loan.<br><br>Debtors have no liability for Claimant's lack-of standing claims because Debtors have verified that the assignment and endorsement chain is complete and valid. Debtors' records show i) Note is endorsed from originator to blank, ii) MERS, as nominee for lender appointed ETS as substitute trustee to conduct the non-judicial foreclosure sale. ETS was properly appointed as trustee to conduct the foreclosure on the deed of trust. The deed of trust, which borrower signed, permits for an appointment of a substitute trustee. The property sold to a third party in 2010. Based on the facts and reasons outlined above, the proof of claim does not give rise to liability for a claim for fraud. | |
| Shomari Colver<br><br>1042 Olancha Dr.<br>Los Angeles, CA 90065<br><br>Claim: 4138<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$234,500 | GMAC Mortgage, LLC<br><br>12-12032 | General No Liability, Wrongful Foreclosure, Standing Issues | Debtor GMAC Mortgage LLC serviced the loan from May 21, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. SBMC Mortgage originated the loan on March 7, 2007.<br><br>Debtors have no liability for Claimant's lack-of-standing or authority to foreclose claims because Debtors have verified that the assignment and endorsement chains are complete and valid. Proper steps were taken to complete the assignment of the deed of trust and substitution of Trustee. In addition, the Note endorsed by the originator in blank has no effect on the referral of the loan to foreclosure. Debtors' records show i) the note is endorsed from SBMC Mortgage to blank, ii) the assignment of mortgage | 7-8, 10-11, 11-12 |

ny-1147902

12-12020-mg    Doc 7189-15    Filed 12/22/14    Entered 12/22/14 16:38:15    Exhibit 5
Pg 34 of 131

<u>Exhibit A</u>

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | was recorded from MERS (as nominee for originator) to Deutsche Bank National Trust Company, as Trustee, iii) Substitution of Trustee was recorded from Deutsche Bank National Trust Company, as Trustee to ETS.<br><br>The proof of claim cites to active litigation in CA, which no Debtor is a party to (Claimant filed a notice to dismiss without prejudice on January 28, 2014). Claimant alleges that Debtors are foreclosing. Debtors have no liability for Claimant's wrongful foreclosure claims because the first lien loan was in default and due for September 2007 through October 2012 payments when it was referred to foreclosure on October 14, 2012. Ocwen is currently servicing and handling the foreclosure.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims involving "unfair business practices" or "cancellation of instruments". | |
| AUBREY MANUEL vs GREENPOINT MORTGAGE FUNDING INC GMAC MORTGAGE LLC and ALL PERSONS UNKNOWN<br><br>1036 W 46TH ST<br>LOS ANGELES, CA 90037<br><br>Claim: 5634<br><br>Filed: 11/16/2012 | General Unsecured<br><br>$170,000 | GMAC Mortgage, LLC<br><br>12-12032 | Loan Modification Issues | Debtor GMAC Mortgage LLC serviced the loan from May 3, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. GreenPoint Mortgage Funding, Inc. originated the loan on February 17, 2006.<br><br>Debtors have no liability for wrongful foreclosure claims and loan modification claims because Debtors handled all aspects of the loan modification process appropriately, and Claimant was not damaged by the assistance Debtors provided to Claimant.<br><br>Debtors' records show that Claimant was advised on June 22, 2010 that the borrower needed to submit a complete workout package 7 days prior to foreclosure sale in order to be considered for a loan modification. Claimant was advised on June 25, 2010 of the missing documents needed to complete the workout package and was advised these documents were | 14-16 |

8

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | needed as soon as possible as the foreclosure sale cannot be stopped once the property is 7 business days from sale. The foreclosure sale was placed on hold on July 6, 2010 as a complete package was received on June 26, 2010. The claimant was denied a HAMP modification on July 6, 2010 due to the home being non-owner occupied. The new foreclosure sale date was set for August 9, 2010. In order to review the loan workout package, additional information was needed related to Foster Care Income and the rental income/lease agreement on the property. These documents were not received and property was foreclosed on August 9, 2010.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims of "breach of covenant of good faith and fair dealing" or "unfair business practices". | |
| Jacqueline A. Warner c/o Jan Schrieberl., Third Party Witness<br><br>3494 Camino Casa Tassajara.<br>Unit 308<br>Danville, CA 94506<br><br>Claim: 1638<br><br>Filed: 10/22/2012 | General Unsecured<br><br>BLANK | Residential Capital, LLC<br><br>12-12020 | Amend and Supersede, General No Liability | Debtor GMAC Mortgage LLC serviced the loan from November 9, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors object to claim no. 1638 on the basis that it was amended or replaced by claim no. 3502.<br><br>Claimant filed proofs of claim nos. 3415, 3502 and 1638. Claim No. 3415 was expunged in the sixth omnibus objection because it was a duplicate of Claim No. 3502.<br><br>Claim No. 3502 was expunged in the 50th omnibus objection on grounds of "No Liability Books and Records". In the ruling [Docket 6824], the Court found Claimant had not rescinded her loan, which served as Claimant's basis for claim.<br><br>Claim No. 1638 does not include a proof of claim form or any reference to | 13 |

Exhibit  A

Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | an amount asserted for damages. However, attached to the proof of claim is a list of attachments that appear to only relate to Claimant's attempt to rescind her loan, which served as Claimant's basis for claim no. 3502. Additionally, most or all of the documents attached to claim no. 1638 were also provided to Debtors and the court in connection with claim no. 3502. For these reasons, Debtors have concluded that Claimant intended to amend or replace proof of claim no. 1638 with claim no. 3502. | |
| Sylvia Essie Dadzie Shaev & Fleischman, LLP<br><br>350 Fifth Avenue Suite 7210 New York, NY 10118<br><br>Claim: 5258<br><br>Filed: 11/15/2012 | General Unsecured<br><br>Unliquidated | GMAC Mortgage, LLC<br><br>12-12032 | Insufficient Information, General No Liability | Debtor GMAC Mortgage, LLC purchased the loan from Ally Bank who purchased from originator Advanced Financial Services, Inc. Debtor transferred its interest in the loan to Fannie Mae on or about September 12, 2006. Debtor GMAC Mortgage LLC serviced the loan from August 14, 2006 until servicing transferred to GreenTree Servicing, LLC on February 1, 2013. Advanced Financial Services, Inc. originated the loan on June 28, 2006.<br><br>Debtors have no liability for this claim which is based on Claimant's adversary proceeding in her chapter 7 bankruptcy filed in the Southern District of New York (Case No. 1110822 filed on February 25, 2011). Claim is related to equitable claims and it seeks to determine the lien amount on a loan that is now serviced by a third party, GreenTree. A stipulation was entered on July 24, 2013 [Docket No. 4341] related to relief from the automatic stay to allow Claimant's adversary complaint to proceed. The stipulation specifically states that Claimant cannot file a claim for damages against Debtors. Debtors have confirmed with GreenTree that Claimant's bankruptcy case was dismissed on November 19, 2013. | 14, 7-8 |
| Donna Lanzetta<br><br>Lanzettta and Assoc | General Unsecured | GMAC Mortgage, | Standing Issues, Loan Modification, | Debtor GMAC Mortgage, LLC originated the loan on January 26, 2007. Residential Funding Company purchased the loan from GMACM and thereafter the loan was securitized where US Bank, NA was appointed as | 11-12, 14-16, 7-8 |

10

12-12020-mg    Doc 7189-5    Filed 06/25/14    Entered 06/25/14 18:30:10    Exhibit 5
Pg 376 of 531

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| PC472 Montank Highway East Quogue, NY 11942<br><br>Claim: 4420<br><br>Filed: 11/09/2012 | $2,250,000 | LLC<br><br>12-12032 | General No Liability | Trustee on or about June 1, 2007. Debtor GMAC Mortgage LLC serviced the loan from January 26, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant's basis for the claim is stated as "civil wrong (sic), breach of contract, fraud, misrepresentation, negligent supervision of staff, negligent and intentional infliction of emotional distress" and that "the lender is not the proper holder of the note or mortgage". No other explanation or documentation in the proof of claim is provided to explain the basis for claim or calculation of damages, however, Claimant does note "treble damages" on the proof of claim form. In response to a letter sent to Claimant on May 24, 2013 requesting additional information and documentation in support of the claim, Claimant attached a copy of Claimant's "Verified Answer and Counterclaim" in connection with a lawsuit in Suffolk County, New York [US Bank National Association as Trustee for FRMSI 2007S6 (Plaintiff) against Jean Lanzetta, Dominick Lanzetta (and other Defendants); case 10-22010), which Claimant states "sets forth the details and basis of claim". Claimant's allegations include that Plaintiff i) lacks standing, including the assertion that Plaintiff is not the proper holder of the note, ii) failed to negotiate in good faith in loan modification process, iii) executed an incorrect assignment dated May 27, 2010.<br><br>Debtors have no liability for the counterclaims in Claimant's "Verified Answer and Counterclaim" because no Debtor is a party to the case. The counterclaims listed in Claimant's "Verified Answer and Counterclaim" that serve as Claimant's basis for claim are brought against US Bank National Association, a non-debtor entity. Additionally, Debtors' research shows Claimant's motion to include counterclaims in the case was denied by the court. Notwithstanding these facts, Debtors do not have liability for these same assertions even if the claims survived in the lawsuit and were | |

11

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | properly asserted against Debtors, as described below.<br><br>Debtors have no liability for the allegation that Debtors are not the "proper holder" or "lawful assignee" of the note because i) Debtors are not the current owners of the loan. Debtors' records show the note is properly endorsed from GMAC Mortgage, to Residential Funding Company and, subsequently, to U.S. Bank National Association as trustee, and ii) Claimant has not demonstrated how they were damaged by this assertion.<br><br>Debtors have no liability for the allegation that Debtor executed an incorrect assignment on May 27, 2010 because Claimant has not demonstrated how they were damaged. The assignment dated May 27, 2010 was recorded June 14, 2010 properly assigning the mortgage from MERS as nominee for GMAC Mortgage, LLC to US Bank National Association as trustee for RFMSI 2007S6.<br><br>Debtors have no liability for the allegation that Debtors failed to negotiate in good faith during loan modification discussions because Claimant has not provided any proof or demonstrated how they were damaged by this incorrect assertion, and Debtors validated that they handled all aspects of the loan modification process appropriately and in accordance with applicable guidelines. Debtors' records show Claimant submitted a workout package May 5, 2011, but Claimant was denied on June 28, 2011 because Claimant did not submit missing documents requested by Debtor. Debtors have no other records of Claimant submitting loan modification requests.Debtors have no liability for allegations of "fraud, misrepresentation, negligent supervision of staff, negligent and intentional infliction of emotional distress" because Claimant has failed to provide any additional factual evidence supporting these allegations. Additionally, Claimant has failed to demonstrate or proffer any evidence | |

12

12-12020-mg    Doc 7185    Filed 12/22/14    Entered 12/22/14 16:38:15    Exhibit 5
Pg 39 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | as to the legal basis for the entitlement to "treble damages." | |
| Jean Lanzetta<br><br>Lanzetta & Assoc PC472 Montauk Hwy East Quogue, NY 11942<br><br>Claim: 4423<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$2,250,000 | GMAC Mortgage, LLC<br><br>12-12032 | Standing Issues, Loan Modification, General No Liability | Debtor GMAC Mortgage, LLC originated the loan on January 26, 2007. Residential Funding Company purchased the loan from GMACM and thereafter the loan was securitized where US Bank, NA was appointed as Trustee on or about June 1, 2007. Debtor GMAC Mortgage LLC serviced the loan from January 26, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant's basis for the claim is stated as "civil wrong (sic), breach of contract, fraud, misrepresentation, negligent supervision of staff, negligent and intentional infliction of emotional distress" and that "the lender is not the proper holder of the note or mortgage". No other explanation or documentation in the proof of claim is provided to explain the basis for claim or calculation of damages, however, Claimant does note "treble damages" on the proof of claim form. In response to a letter sent to Claimant on May 24, 2013 requesting additional information and documentation in support of the claim, Claimant attached a copy of Claimant's "Verified Answer and Counterclaim" in connection with a lawsuit in Suffolk County, New York [US Bank National Association as Trustee for FRMSI 2007S6 (Plaintiff) against Jean Lanzetta, Dominick Lanzetta (and other Defendants); case 10-22010), which Claimant states "sets forth the details and basis of claim". Claimant's allegations include that Plaintiff i) lacks standing, including the assertion that Plaintiff is not the proper holder of the note, ii) failed to negotiate in good faith in loan modification process, iii) executed an incorrect assignment dated May 27, 2010. Claimant is a co-borrower with Dominick Lanzetta, whose estate filed an identical claim, claim number 4405.<br><br>Debtors have no liability for the counterclaims in Claimant's "Verified Answer and Counterclaim" because no Debtor is a party to the case. The | 11-12, 14-16, 7-8 |

13

12-12020-mg   Doc 7185-5   Filed 06/25/14   Entered 06/25/14 18:30:10   Exhibit 5
Pg 40 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | counterclaims listed in Claimant's "Verified Answer and Counterclaim" that serve as Claimant's basis for claim are brought against US Bank National Association, a non-debtor entity. Additionally, Debtors' research shows Claimant's motion to include counterclaims in the case was denied by the court. Notwithstanding these facts, Debtors do not have liability for these same assertions even if the claims survived in the lawsuit and were properly asserted against Debtors, as described below.

Debtors have no liability for the allegation that Debtors are not the "proper holder" or "lawful assignee" of the note because i) Debtors are not the current owners of the loan. Debtors' records show the note is properly endorsed from GMAC Mortgage, to Residential Funding Company and, subsequently, to U.S. Bank National Association as trustee, and ii) Claimant has not demonstrated how they were damaged by this assertion.

Debtors have no liability for the allegation that Debtor executed an incorrect assignment on May 27, 2010 because Claimant has not demonstrated how they were damaged. The assignment dated May 27, 2010 was recorded June 14, 2010 properly assigning the mortgage from MERS as nominee for GMAC Mortgage, LLC to US Bank National Association as trustee for RFMSI 2007S6.

Debtors have no liability for the allegation that Debtors failed to negotiate in good faith during loan modification discussions because Claimant has not provided any proof or demonstrated how they were damaged by this incorrect assertion, and Debtors validated that they handled all aspects of the loan modification process appropriately and in accordance with applicable guidelines. Debtors' records show Claimant submitted a workout package May 5, 2011, but Claimant was denied on June 28, 2011 because Claimant did not submit missing documents requested by Debtor. Debtors have no other records of Claimant submitting loan modification | |

14

12-12020-mg    Doc 7188-5    Filed 06/26/14    Entered 06/26/14 18:30:10    Exhibit 5
Pg 41 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | requests.Debtors have no liability for allegations of "fraud, misrepresentation, negligent supervision of staff, negligent and intentional infliction of emotional distress" because Claimant has failed to provide any additional factual evidence supporting these allegations. Additionally, Claimant has failed to demonstrate or proffer any evidence as to the legal basis for the entitlement to "treble damages." | |

15

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| The Estate of Dominick Lanzetta<br><br>Lanzetta & Assoc. PC472 Montauk Hwy East Quogue, NY 11942<br><br>Claim: 4405<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$2,250,000 | GMAC Mortgage, LLC<br><br>12-12032 | Standing Issues, Loan Modification, General No Liability | Debtor GMAC Mortgage, LLC originated the loan on January 26, 2007. Residential Funding Company purchased the loan from GMACM and thereafter the loan was securitized where US Bank, NA was appointed as Trustee on or about June 1, 2007. Debtor GMAC Mortgage LLC serviced the loan from January 26, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Claimant's basis for the claim is stated as "civil wrong (sic), breach of contract, fraud, misrepresentation, negligent supervision of staff, negligent and intentional infliction of emotional distress" and that "the lender is not the proper holder of the note or mortgage". No other explanation or documentation in the proof of claim is provided to explain the basis for claim or calculation of damages, however, Claimant does note "treble damages" on the proof of claim form. In response to a letter sent to Claimant on May 24, 2013 requesting additional information and documentation in support of the claim, Claimant attached a copy of Claimant's "Verified Answer and Counterclaim" in connection with a lawsuit in Suffolk County, New York [US Bank National Association as Trustee for FRMSI 2007S6 (Plaintiff) against Jean Lanzetta, Dominick Lanzetta (and other Defendants); case 10-22010), which Claimant states "sets forth the details and basis of claim". Claimant's allegations include that Plaintiff i) lacks standing, including the assertion that Plaintiff is not the proper holder of the note, ii) failed to negotiate in good faith in loan modification process, iii) executed an incorrect assignment dated May 27, 2010. Claimant is a co-borrower with Jean Lanzetta, who filed an identical claim, claim number 4423.<br><br>Debtors have no liability for the counterclaims in Claimant's "Verified Answer and Counterclaim" because no Debtor is a party to the case. The counterclaims listed in Claimant's "Verified Answer and Counterclaim" that serve as Claimant's basis for claim are brought against US Bank | 11-12, 14-16, 7-8 |

16

12-12020-mg    Doc 7189-5    Filed 06/25/14    Entered 06/25/14 18:30:15    Exhibit 5
Pg 42 of 53

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | National Association, a non-debtor entity. Additionally, Debtors' research shows Claimant's motion to include counterclaims in the case was denied by the court. Notwithstanding these facts, Debtors do not have liability for these same assertions even if the claims survived in the lawsuit and were properly asserted against Debtors, as described below.<br><br>Debtors have no liability for the allegation that Debtors are not the "proper holder" or "lawful assignee" of the note because i) Debtors are not the current owners of the loan. Debtors' records show the note is properly endorsed from GMAC Mortgage, to Residential Funding Company and, subsequently, to U.S. Bank National Association as trustee, and ii) Claimant has not demonstrated how they were damaged by this assertion.<br><br>Debtors have no liability for the allegation that Debtor executed an incorrect assignment on May 27, 2010 because Claimant has not demonstrated how they were damaged. The assignment dated May 27, 2010 was recorded June 14, 2010 properly assigning the mortgage from MERS as nominee for GMAC Mortgage, LLC to US Bank National Association as trustee for RFMSI 2007S6.<br><br>Debtors have no liability for the allegation that Debtors failed to negotiate in good faith during loan modification discussions because Claimant has not provided any proof or demonstrated how they were damaged by this incorrect assertion, and Debtors validated that they handled all aspects of the loan modification process appropriately and in accordance with applicable guidelines. Debtors' records show Claimant submitted a workout package May 5, 2011, but Claimant was denied on June 28, 2011 because Claimant did not submit missing documents requested by Debtor. Debtors have no other records of Claimant submitting loan modification requests. Debtors have no liability for allegations of "fraud, misrepresentation, negligent supervision of staff, negligent and | |

17

12-12020-mg    Doc 7189-5    Filed 06/26/14    Entered 06/26/14 18:30:16    Exhibit 5
Pg 43 of 53

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | intentional infliction of emotional distress" because Claimant has failed to provide any additional factual evidence supporting these allegations. Additionally, Claimant has failed to demonstrate or proffer any evidence as to the legal basis for the entitlement to "treble damages." | |
| Joaquin A. Sosa and Griselda Sosa, Individually and as Husband and Wife Sosa c/o Prentice<br><br>3866 Wilson Avenue San Diego, CA 92104<br><br>Claim: 2403<br><br>Filed: 11/05/2012 | General Unsecured<br><br>Unliquidated | GMAC Mortgage, LLC<br><br>12-12032 | Origination Issue, Loan Modification, Wrongful Foreclosure | Debtor GMAC Mortgage LLC serviced the loan from September 14, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. GreenPoint Mortgage Funding, Inc. originated the loan on June 9, 2006.<br><br>Claimant alleges "fraud committed by original lender in the refinancing of the loan and fraud during the foreclosure procedures by the debtor" as the basis for claim. Claimant attached to the proof of claim a one page document showing case information in connection with a foreclosure action brought by GMAC Mortgage against Claimant. No other explanation of the basis or damages is provided by the Claimant in the proof of claim. In response to a letter requesting more information and documentation in support of the claim, Claimant asserts that the originating lender misrepresented to Claimant that there would be no prepayment penalty, and that originating lender would qualify a buyer for a loan to purchase Claimant's property when they decided to sell their property. As a result of both misrepresentations, Claimant asserts they were unable to sell the subject property, and when attempting to "negotiate the loan in 2009", Debtor would not "make adjustments or reductions" to their loan "based on our retirement income." As a result, the Claimant was purportedly forced into a foreclosure situation that caused the claimants to lose their excellent credit ratings and suffer damages "in excess of $500,000." According to Claimant, Debtors purportedly engaged in illegal practices through their retained attorney, Stern Law, including fraud and providing incorrect information. In addition, the new servicer, Ocwen, purportedly continues illegal foreclosure proceedings against Claimant based on | 9, 14-16, 10-11 |

ny-1147902

12-12020-mg    Doc 7185-15    Filed 06/25/14    Entered 06/25/14 18:30:10    Exhibit 5
Pg 45 of 131

Exhibit A

Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim<br>Amount | Asserted<br>Debtor<br>Name<br>and<br>Asserted<br>Case<br>Number | Reason<br>for<br>Disallowance | No Liability Summaries | Corresponding<br>Page # in<br>Omnibus<br>Objection |
|---|---|---|---|---|---|
| | | | | incorrect information and misrepresentations by Debtors. Claimant's proof of claim and letter response to Debtors provides no explanation for the calculation of damages asserted in the amount of $1,000,000.<br><br>Debtors have no liability for the allegations against the originating lender because no Debtor was involved with the origination of the loan, and the assertions do not carry assignee liability. The originating lender was GreenPoint Mortgage Funding, Inc., a non-Debtor entity.<br><br>Debtors have no liability for the allegation that Debtors failed to modify Claimant's loan in 2009 because Claimant never took the necessary steps to obtain a modification. Debtors' records show i) there is no evidence of negotiations or communications between Debtors and Claimant recorded in the servicing records in 2009, and ii) because Claimant was past due on their account, Debtors sent to Claimant a loan modification workout package on October 27, 2009, but Claimant never returned a completed package for Debtors to consider for modification.<br><br>Debtors have no liability for the allegation that Debtors engaged in illegal practices through their retained attorney, Stern Law, because Claimant has provided no evidence to support it, and Claimant has not demonstrated how they were damaged. Debtors' records show i) Claimant's account was referred to foreclosure on July 8, 2009 as the account was owing for April through July, 2009 payments, ii) from July 2009 to the point when Debtors transferred servicing to Ocwen in February 2013, Claimants never set up any arrangements or agreements with Debtors to bring the account current or make payment toward the delinquency, and iii) Debtors acted within the terms of the mortgage and note to begin the foreclosure process. Subsequently, on December 29, 2011, the loan was referred to a new foreclosure attorney law firm, | |

19

12-12020 mg   Doc 7188-1   Filed 06/25/14   Entered 06/25/14 18:30:16   Exhibit 1
Pg 46 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | Albertelli Law, to continue the foreclosure process.<br><br>Debtors have no liability for the allegation that new servicer, Ocwen, continues illegal foreclosure proceedings against claimant based on incorrect information and misrepresentations by Debtors because i) Debtors are not responsible for the actions of Ocwen, a non-Debtor entity, and ii) Claimant has provided no evidence of specific misrepresentation by the Debtors.  Debtors' research shows a foreclosure sale was scheduled for February 20, 2014 by Ocwen, however, the subject property was sold in short sale on January 29, 2014. | |

Exhibit  A

Sixty-Ninth  Omnibus  Objection  –  No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Joaquin A. Sosa and Griselda Sosa, Individually and as Husband and Wife<br><br>Sosa c/o Prentice 3866 Wilson Avenue San Diego, CA 92104<br><br>Claim: 2428<br><br>Filed: 11/05/2012 | General Unsecured<br><br>Unliquidated | GMAC Mortgage, LLC<br><br>12-12032 | Origination Issue, Loan Modification, Wrongful Foreclosure | Debtor GMAC Mortgage  LLC serviced the loan from September  14, 2006 until servicing transferred  to Ocwen Loan Servicing, LLC on February 16, 2013. GreenPoint  Mortgage  Funding, Inc. originated  the loan on June 9, 2006.<br><br>Claimant alleges "fraud committed by original lender in the refinancing of the loan and fraud during the foreclosure procedures  by the debtor" as the basis for claim. Claimant attached  to the proof of claim a one page document showing case information in connection with a foreclosure action brought by GMAC Mortgage  against Claimant. No other explanation of the basis or damages is provided by the Claimant in the proof of claim. In response to a letter requesting more information and documentation  in support of the claim, Claimant asserts that the originating lender misrepresented  to Claimant that there would be no prepayment  penalty, and that originating lender would qualify a buyer for a loan to purchase Claimant's property when they decided to sell their property.  As a result of both misrepresentations,  Claimant asserts they were unable to sell the subject property, and when attempting to "negotiate  the loan in 2009", Debtor would not "make adjustments  or reductions" to their loan "based on our retirement  income." As a result, the Claimant was purportedly forced into a foreclosure situation that caused the claimants to lose their excellent credit ratings and suffer damages "in excess of $500,000." According to Claimant, Debtors purportedly  engaged  in illegal practices through their retained attorney,  Stern Law, including fraud and providing incorrect information.  In addition, the new servicer, Ocwen, purportedly continues illegal foreclosure proceedings against Claimant based on incorrect information and misrepresentations  by Debtors. Claimant's proof of claim and letter response to Debtors provides no explanation  for the calculation of damages  asserted in the amount of $1,000,000.<br><br>Debtors have no liability for the allegations against the originating lender | 9, 14-16, 10-11 |

12-12020-mg    Doc 7185-15    Filed 06/26/14    Entered 06/26/14 18:30:16    Exhibit 15
Pg 427 of 453

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | because no Debtor was involved with the origination of the loan, and the assertions do not carry assignee liability. The originating lender was GreenPoint Mortgage Funding, Inc., a non-Debtor entity. Debtors have no liability for the allegation that Debtors failed to modify Claimant's loan in 2009 because Claimant never took the necessary steps to obtain a modification. Debtors' records show i) there is no evidence of negotiations or communications between Debtors and Claimant recorded in the servicing records in 2009, and ii) because Claimant was past due on their account, Debtors sent to Claimant a loan modification workout package on October 27, 2009, but Claimant never returned a completed package for Debtors to consider for modification. Debtors have no liability for the allegation that Debtors engaged in illegal practices through their retained attorney, Stern Law, because Claimant has provided no evidence to support it, and Claimant has not demonstrated how they were damaged. Debtors' records show i) Claimant's account was referred to foreclosure on July 8, 2009 as the account was owing for April through July, 2009 payments, ii) from July 2009 to the point when Debtors transferred servicing to Ocwen in February 2013, Claimants never set up any arrangements or agreements with Debtors to bring the account current or make payment toward the delinquency, and iii) Debtors acted within the terms of the mortgage and note to begin the foreclosure process. Subsequently, on December 29, 2011, the loan was referred to a new foreclosure attorney law firm, Albertelli Law, to continue the foreclosure process. Debtors have no liability for the allegation that new servicer, Ocwen, continues illegal foreclosure proceedings against claimant based on incorrect information and misrepresentations by Debtors because i) Debtors are not responsible for the actions of Ocwen, a non-Debtor entity, | |

22

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | and ii) Claimant has provided no evidence of specific misrepresentation by the Debtors. Debtors' research shows a foreclosure sale was scheduled for February 20, 2014 by Ocwen, however, the subject property was sold in short sale on January 29, 2014.<br><br>Upon review, it also appears that this claim is identical to claim number 2403. As a result, it is duplicative and should also be expunged on that basis. | |
| Julie A. Eriksen<br><br>2647 Kendridge Ln<br>Aurora, IL 60502<br><br>Claim: 5573<br><br>Filed: 11/16/2012 | General Unsecured<br><br>$1,000,000 | GMAC Mortgage, LLC<br><br>12-12032 | Estoppel by Waiver, Standing Issues, Wrongful Foreclosure, General Servicing Issues | Loan was originated by Debtor GMAC Mortgage, LLC on November 9, 2005. GMAC Mortgage subsequently sold its interest in the loan to Freddie Mac on or about January 18, 2006. Debtor GMAC Mortgage LLC serviced the loan from November 9, 2005 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>The Claimant's proof of claim states "fraud, conspiracy to commit fraud, RESPA and TILA violations, deceptive business practices, breach of contract and other wrongful acts" as basis for claim. Claimant provided no additional information or documentation to explain the basis or calculation of damages. In response to a letter requesting additional information in support of claim, Claimant asserts i) GMAC Mortgage Corporation transferred Claimant's to GMAC Mortgage LLC, and Debtors failed to provide Claimant with notice of any "transfer, sale or assignment" of their loan in accordance with "12 USC 2605". As a result, Debtors' lawsuit against Claimant "constituted a wrongful foreclosure action predicated on fraudulent documents", and therefore, Debtors did not have standing to sue Claimant. Claimant alleges this has caused them damages of $1,000,000 plus $2,000, however, Claimant attaches an itemization of damages totaling $1,956,300, comprised of $450,000 for "the value of home", $1,800 for "moving expenses", $26,500 for "housing and living expenses", and $1,478,000 for "personal harms." Claimant is a co- | 14, 11-12, 10-11, 8-9 |

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | borrower with Ronald A. Erickson, who filed an identical claim, claim number 5580.<br><br>Debtors have no liability for any of the allegations referenced in the proof of claim because Claimant waived the right to assert such claims by failing to preserve such claims in the Claimant's personal bankruptcy, and therefore, is estopped from asserting the claims against the Debtors. Debtors' records and research show i) Claimant filed for chapter 7 bankruptcy protection on July 14, 2011 and received an order of discharge in January 2012, and ii) Claimant's schedules filed in their chapter 7 case do not show any liquidated, unliquidated or contingent claims against any of the Debtors that are consistent with the allegations in the Claimant's proof of claim, and iii) all of the allegations and issues of fact regarding the proof of claim occurred prior to the Claimant's chapter 7 petition date and subsequent discharge. Notwithstanding the fact Claimant is estopped from bringing these claims against Debtors, Debtors have no liability for the claims because the claims have no merit as outlined below.<br><br>Debtors have no liability for wrongful foreclosure claims arising from Debtors' failure to provide notice of a "transfer, sale or assignment" of their loan from GMAC Mortgage Corporation to GMAC Mortgage LLC because i) GMAC Mortgage Corporation did not transfer, sell or assign any interest in the loan to GMAC Mortgage LLC. GMAC Mortgage Corporation changed its corporate status from a corporation to an LLC by merger on October 24, 2006. The merger or name change did not constitute an event requiring notice to Claimant under RESPA, TILA or any statute because there was no transfer, sale or assignment of Claimant's loan in connection with the merger. In addition, Claimant has failed to demonstrate how they were damaged by this assertion. Moreover, Claimant was past due on their account. When Claimant's loan was referred to foreclosure on May 29, 2010, the account was owing for March 2010 through May 2010 | |

24

Exhibit  A

Sixty-Ninth  Omnibus  Objection  –  No Liability  Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | payments. The Illinois Courts entered judgment in favor of Debtors on February 28, 2011, and the redemption period expired on June 28, 2011. | |
| Ronald A. Eriksen, Jr.<br><br>2647 Kendridge Ln.<br>Aurora, IL 60502<br><br>Claim: 5580<br><br>Filed: 11/16/2012 | General Unsecured<br><br>$1,000,000 | GMAC Mortgage, LLC<br><br>12-12032 | Estoppel by Waiver, Standing Issues, Wrongful Foreclosure, General Servicing Issues | Loan was originated by Debtor GMAC Mortgage, LLC on November 9, 2005. GMAC Mortgage subsequently sold its interest in the loan to Freddie Mac on or about January 18, 2006. Debtor GMAC Mortgage LLC serviced the loan from November 9, 2005 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>The Claimant's proof of claim states "fraud, conspiracy to commit fraud, RESPA and TILA violations, deceptive business practices, breach of contract and other wrongful acts" as basis for claim. Claimant provided no additional information or documentation to explain the basis or calculation of damages. In response to a letter requesting additional information in support of claim, Claimant asserts i) GMAC Mortgage Corporation transferred Claimant's to GMAC Mortgage LLC, and Debtors failed to provide Claimant with notice of any "transfer, sale or assignment" of their loan in accordance with "12 USC 2605". As a result, Debtors' lawsuit against Claimant "constituted a wrongful foreclosure action predicated on fraudulent documents", and therefore, Debtors did not have standing to sue Claimant. Claimant alleges this has caused them damages of $1,000,000 plus $2,000, however, Claimant attaches an itemization of damages totaling $1,956,300, comprised of $450,000 for "the value of home", $1,800 for "moving expenses", $26,500 for "housing and living expenses", and $1,478,000 for "personal harms." Claimant is a co-borrower with Julie A. Erickson, who filed an identical claim, claim number 5573.<br><br>Debtors have no liability for any of the allegations referenced in the proof of claim because Claimant waived the right to assert such claims by failing to preserve such claims in the Claimant's personal bankruptcy, and | 14, 11-12, 10-11, 8-9 |

ny-1147902

12-12020-mg    Doc 7185    Filed 12/22/14    Entered 06/25/14 16:30:15    Exhibit 1
Pg 52 of 54

Exhibit_A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | therefore, is estopped from asserting the claims against the Debtors. Debtors' records and research show i) Claimant filed for chapter 7 bankruptcy protection on July 14, 2011 and received an order of discharge in January 2012, and ii) Claimant's schedules filed in their chapter 7 case do not show any liquidated, unliquidated or contingent claims against any of the Debtors that are consistent with the allegations in the Claimant's proof of claim, and iii) all of the allegations and issues of fact regarding the proof of claim occurred prior to the Claimant's chapter 7 petition date and subsequent discharge. Notwithstanding the fact Claimant is estopped from bringing these claims against Debtors, Debtors have no liability for the claims because the claims have no merit as outlined below.<br><br>Debtors have no liability for wrongful foreclosure claims arising from Debtors' failure to provide notice of a "transfer, sale or assignment" of their loan from GMAC Mortgage Corporation to GMAC Mortgage LLC because i) GMAC Mortgage Corporation did not transfer, sell or assign any interest in the loan to GMAC Mortgage LLC. GMAC Mortgage Corporation changed its corporate status from a corporation to an LLC by merger on October 24, 2006. The merger or name change did not constitute an event requiring notice to Claimant under RESPA, TILA or any statute because there was no transfer, sale or assignment of Claimant's loan in connection with the merger. In addition, Claimant has failed to demonstrate how they were damaged by this assertion. Moreover, Claimant was past due on their account. When Claimant's loan was referred to foreclosure on May 29, 2010, the account was owing for March 2010 through May 2010 payments. The Illinois Courts entered judgment in favor of Debtors on February 28, 2011, and the redemption period expired on June 28, 2011. | |
| Donald & Roberta (Bobbi) Signs | General Unsecured | GMAC Mortgage, | Loan Modification Wrongful | Debtor Homecomings Financial originated the loan on June 27, 2006. Residential Funding Company purchased the loan from Homecomings and thereafter the loan was securitized where US Bank, NA, as Trustee was | 14-16, 10-11 |

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| 23411 Olde Meadowbrook Circle Bonita SP, FL 34134<br><br>Claim: 3798<br><br>Filed: 11/08/2012 | Unliquidated | LLC<br><br>12-12032 | Foreclosure | appointed trustee on or about August 1, 2006. Debtor Homecomings Financial serviced the loan from June 27, 2006 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013.<br><br>Claimant states "fraudulent foreclosure action" as basis for claim, but provided no additional explanation of basis or damages in the proof of claim. In response to Debtors' letter requesting additional information in support of the claim, Claimant asserts Debtor wrongfully foreclosed because Debtor carried out foreclosure steps while Debtor agreed to evaluate Claimant for a loan modification, and Debtor failed to give Claimant a modification as agreed after Claimant performed in accordance with the terms of their trial plan. Claimant also alleges that Debtors executed an invalid assignment through "robo-signing" after the foreclosure had been "served upon us."<br><br>Debtors have no liability for the loan modification-related allegations because Claimant never completed the steps or satisfied the conditions necessary to obtain a permanent modification. Specifically, in each instance Claimant submitted workout packages in order to be considered for a loan modification, Claimant either i) never submitted a complete package in order to be considered for modification, ii) did not qualify for HAMP or Traditional modification options, or iii) failed to make any of the trial payments under an approved trial plan. While Claimant did make certain payments under various forbearance plans, the terms of the forbearance plans did not include any promise by Debtors to modify Claimant's loan. A forbearance plan is an accommodation to a borrower in default whereby the borrower is given more time to bring their account current or pursue loan modification. Under the terms of a typical forbearance plan, Debtors agree to suspend the foreclosure process for a | |

27

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | specific period of time provided the borrower makes certain monthly payments, which include initial monthly payments that are often lower than the monthly mortgage payment required under the borrower's note and follow with a large payment due at the end of the forbearance term that includes all deferred or past due amounts. Forbearance plans do not include any forgiveness of amounts owing under the borrower's loan.<br><br>Debtors' records show:<br>i) Debtors approved Claimant for a forbearance plan on June 5, 2009 that allowed for 4 monthly payments of $1,612 between June 29, 2009 and September 29, 2009, and a payment of $7,686.49 on October 29, 2009;<br>ii) In Claimant's first attempt at applying for a modification, Claimant was denied on August 10, 2009 because claimant failed to provide missing items from their workout package,<br>iii) As an accommodation to Claimant to give them more time to provide a complete workout package, Debtors approved Claimant for a new forbearance plan on August 17, 2009 that allowed for 3 monthly payments of $1,612 between August 29, 2009 and November 29, 2009, and a payment of $9,345.66 on December 29, 2009. Claimant failed to provide a complete workout package during this timeframe,<br>iv) Debtors provided a third forbearance plan to Claimant on December 22, 2009 that allowed for 2 payments of $1,612 between December 30, 2009 and January 20, 2009, and a payment of $10,414.31 on February 28, 2010;<br>v) Claimant submitted a third workout package on February 17, 2010; however, Debtors determined that Claimant was ineligible for both HAMP and Traditional modifications. Debtors properly denied Claimant HAMP modification on February 18, 2010 because Claimant's cash reserves exceeded amounts allowed under HAMP guidelines. HAMP does not permit a loan modification if a Claimant's cash reserves exceed three times the borrower's monthly debt payments. In Claimant's workout package, | |

28

12-12020-mg    Doc 7189-5    Filed 06/25/14    Entered 06/25/14 18:30:15    Exhibit 5
Pg 54 of 59

<u>Exhibit A</u>

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | Claimant reported cash balances equal to 3.11 times total monthly debt payments. Debtors properly denied Claimant Traditional modification on February 25, 2010 because Debtors were unable to reduce Claimant's monthly payment sufficient to meet the maximum debt-to-income ratio of 31% per investor guidelines. Debtors were unable to reduce Claimant's monthly payment sufficient to meet the maximum debt-to-income ratio of 31% because reducing to this point would have required Debtors to implement two prohibited actions under the investor's guidelines: a) reducing a borrower's interest rate to less than half of the interest rate on the original loan, and b) forgiving principal such that the loan-to-value would drop below 70%; and vi) Claimant submitted a fourth workout package on March 3, 201;, however, Claimant was denied modification because Claimant failed to provide missing items within the 10-day deadline given to Claimant. Debtors mailed Claimant a denial letter on April 15, 2010; vi) Claimant provided a fifth workout package on April 8, 2011. Debtors approved Claimant for a HAMP Trial Modification on April 21, 2011 with payments due June 1, 2011 through August 1, 2011 in amount of $2,740.53. Claimant failed to make any of the required payments under the trial plan and failed to submit additional financial information for consideration of a new trial plan, and as a result, Debtors properly denied Claimant a permanent modification on August 2, 2011. Debtors have no liability for the allegations that Debtor wrongfully foreclosed because Debtor never completed foreclosure. At the time Debtor transferred servicing to Ocwen on February 16, 2013, foreclosure had not been completed. As noted above, Debtor properly denied claimant loan modifications on August 10, 2009, February 18, 2010, February 25, 2010, and April 15, 2010 and suspended the foreclosure process in accordance with each of Claimant's three forbearance plans. Debtors' records show the account was properly referred to foreclosure in April | |

29

ny-1147902

12-12020-mg    Doc 7185    Filed 12/22/14    Entered 06/25/14 16:38:15    Exhibit 5
Pg 55 of 131

<u>Exhibit A</u>

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | 2010 as the account was owing for November 1, 2009 payment, there was no agreement in place whereby Debtor agreed to suspend the foreclosure process or where Claimant agreed to bring the account current.<br><br>Debtors have no liability for the allegations the Debtors executed an invalid assignment by "robo-signing" because Claimants have not shown how the assignment was purportedly invalid. The assignment at issue was executed on April 5, 2010 and recorded on May 19, 2010 properly assigning the mortgage from MERS (as nominee for Homecomings Financial Network, Inc.) to US Bank National Association as trustee. | |
| Otis L. Collier, Jr.<br><br>3201 Milburn Street Houston, TX 77021-1128<br><br>Claim: 5066<br><br>Filed: 11/15/2012 | General Unsecured<br><br>$362,000 | GMAC Mortgage, LLC<br><br>12-12032 | Loan Modification | Loan was originated by Decision One Mortgage Company on June 16, 2005. Debtor Residential Funding Company purchased the loan from Decision One. Debtors transferred its interest when the loan was securitized in which US Bank, NA was appointed as Trustee on or about September 1, 2005. Debtor Homecomings Financial serviced the loan from September 15, 2005 until servicing transferred to GMAC Mortgage, LLC on or about (July 1, 2009). GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013.<br><br>Claimant states "modification vs. (non-legible word) true faithful lending law (sic), physical and mental (non-legible word)" as basis for claim. Claimant attaches a mortgage statement, a property tax document, and a marketing flier from a non-Debtor purporting that Claimant may "qualify for mortgage relief". Claimant provided no additional information or documentation explaining the basis for claim or calculation of damages. In response to a letter requesting additional information and documentation in support of the claim, Claimant asserts that i) they were approved for a modification in 2010 and made payments for 6-months, but never received the "modification papers;" ii) GMAC had promised them a "mortgage" on or about December 2010; iii) "GMAC illegally granted a | 14-16 |

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | modification of my mortgage" because TX state law does not "allow a modification of an equity loan". Claimant asserts Debtors acknowledged this in communication with Claimant; iv) Claimants lengthy efforts to pursue a modification from Debtors prevented Claimant from obtaining a refinance mortgage; and v) damages are $128,885, which equal the value of the property ($125,000) minus the "amount owed on my mortgage" ($243,885).<br><br>Debtors have no liability for the assertion that Claimant was approved for modification in 2010 but never received the "modification papers" because Debtors' records show Claimant did receive the permanent modification agreements to sign, but Claimant never signed them. Additionally, Debtor found no evidence that Debtor "Promised (Claimant) a mortgage in December 2010".<br><br>Debtors have no liability for the assertion that Debtor "illegally granted a modification of my mortgage" in violation of TX state law because it is not illegal in TX or under any federal laws for a servicer to modify or offer to modify Claimant's loan, or for Claimant to enter into an agreement modifying Claimant's loan.<br><br>Debtor's records show Claimant obtained a loan modification from Debtor on or about August 21, 2008, and Claimant applied for another loan modification March 22, 2010. Debtors properly denied Claimant the HAMP modification option on April 2, 2010 due to Claimant's insufficient income to meet program guidelines; however, Debtor approved Claimant for a traditional modification trial plan on May 12, 2010. Claimant made all payments required under the trial plan, and Debtor sent to Claimant a permanent modification agreement to sign on July 15, 2010 by FedEx with tracking number 456422691950. The agreement states that Claimant must execute the agreement and make a down payment of $1,725 by July | |

ny-1147902

12-12020-mg   Doc 7189-5   Filed 06/25/14   Entered 06/25/14 18:30:10   Exhibit 1
Pg 58 of 131

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | 21, 2010 in order for the modification agreement to become effective. Claimant advised Debtors on September 17, 2010 that permanent modification documents were never received. Debtors sent to Claimant a new permanent modification agreement to sign on December 29, 2010 by FedEx with tracking number 47210384845. The agreement states that Claimant must execute the agreement and make a payment of $1,725.07 by January 21, 2011 in order for the modification agreement to become effective. Debtors never received the executed modification agreement from Claimant. Debtors attempted to call Claimant January 4, 2011, January 7, 2011, and January 11, 2011 to see if Claimant planned to execute the agreement, but Claimant did not answer any of the calls. Claimant spoke with Debtors via phone on January 12, 2011 stating that they received the permanent modification documents, but they did not know if they would be able to make the required payment of $1,725.07. Debtors advised Claimant that there was no guarantee Claimant would be approved for a subsequent permanent modification if Claimant did not execute the agreement. Debtors denied Claimant permanent modification on March 4, 2011 because Claimant failed to return the executed permanent modification agreement to Debtors. Debtors made the business decision to stop modifying loans that were originated as "Texas Home Equity" loans. This decision made Claimant ineligible for consideration for any loan modification options. | |
| David Duggan<br><br>26 Oak Valley Road<br>Shelton, CT 6484<br><br>Claim: 5869 | General Unsecured<br><br>$196,000 | Residential Capital, LLC<br><br>12-12020 | Standing Issues, General No Liability | Debtor GMAC Mortgage purchased the loan from Accubanc Mortgage Corp and subsequently sold its interest to Freddie Mac on or about June 16, 1999. Debtor GMAC Mortgage LLC serviced the loan from July 1999 until loan was paid in full February 15 2006. Accubanc Mortgage Corp originated the loan on February 4, 1999.<br><br>Claimant asserts "Mortgage/Note" as the basis for claim in box 2 of the proof of claim form. No other explanation or documentation is included | 11-12, 7-8 |

Exhibit  A

Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Filed: 11/21/2012 | | | | with the proof of claim. In response to Debtor's letter requesting information and documentation in support of Claimant's proof of claim, Claimant states "my chain of title has been destroyed by GMAC. Where is my original note with my wet ink signature?" Claimant did not provide any additional explanation or documentation in support of the basis for the claim or for the calculation of Claimant's asserted damages of $196,000.<br><br>Debtors have no liability for the assertion that GMACM damaged Claimant's title because Claimant has failed to proffer any objective evidence to substantiate the assertion or demonstrate any specific damages. Debtors' records show Debtors serviced Claimant's loan between 1999 and 2006, Claimant's loan was paid off on February 15, 2006, and Debtor executed a lien release on February 27, 2006 that was recorded in Shelton City, Connecticut on March 14, 2006. Debtors' imaged copy of the Note shows the note was properly endorsed from originator to blank.<br><br>Debtor has no liability for any possible assertion arising from the statement "where is my original note?" because i) the loan paid off in 2006 and Debtors have no interest in the loan, and ii) Claimant's property is in Connecticut, and Debtors confirmed that state laws in Connecticut do not require Debtor to return the original note to Claimant after the loan is paid off. | |
| CHARYL ROY AND FLOORING SOLUTIONS FACTORY DIRECT | General Unsecured<br><br>$192,094 | GMAC Mortgage, LLC<br><br>12-12032 | Insufficient Documentation | Debtor GMAC Mortgage, LLC purchased the loan from USAA Federal Savings Bank and subsequently transferred its interest to Fannie Mae on or about September 18, 2007. Debtor GMAC Mortgage LLC serviced the loan from August 13, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. USAA Federal Savings Bank originated the loan on August 13, 2007. | 14 |

ny-1147902

12-12020 mg   Doc 7185-5   Filed 06/25/14   Entered 06/25/14 18:30:15   Exhibit 5
Pg 69 of 131

<u>Exhibit A</u>

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| 9760 US HIGHWAY 80 E BROOKLET, GA 30415-6734<br><br>Claim: 1232<br><br>Filed: 10/15/2012 | | | | Debtors object to claim on grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtor's connection to this claimant gives rise to liability.<br><br>Claimant asserts as basis for claim "mortgage note". No other explanation of the basis for claim is provided. Claimant attached to their proof of claim several documents related to their loan, including a mortgage statement, several letters and notices from USAA Federal Savings Bank regarding Claimant's loan, an unsigned loan modification agreement, and a workout package. The amount of the claim is $192,094, which appears to be the Claimant's principal balance of their mortgage loan as of September 3, 2009, per the documentation provided by Claimant. Debtors mailed to claimant a letter on January 23, 2014 requesting additional information in support of claim; however, the letter was returned to Debtors as "undeliverable". Debtors sent claimant a second request letter by email on June 21, 2013 to the email address provided by Claimant on the proof of claim. Claimant failed to respond to the letter. Debtors searched their servicing records and found no evidence that Debtors owe Claimant money, or that Debtors mishandled the servicing of Claimant's account. | |
| Philip C Holland (Decease)<br><br>Peter Holland 273 North Hill Rd Yanceyville, NC 27379<br><br>Claim: 2787 | General Unsecured<br><br>$188,973 | GMAC Mortgage, LLC<br><br>12-12032 | Origination Issues Interest and Fees Collected | Debtor GMAC Mortgage LLC serviced the loan from September 2, 2011 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Mortgage Investors Corp originated the loan on September 2, 2011.<br><br>Claimant asserts "mortgage principal and interest, fees and deposits" as basis for claim and attaches various documents stemming from the origination of Claimant's loan. No other explanation of the basis of claim or calculation of damages is provided by Claimant. In response to a letter requesting additional information in support of the claim, Claimant states origination-based claims, including i) that he is a victim of "fraud, | 9, 12 |

34

12-12020-mg    Doc 7189-5    Filed 06/25/14    Entered 06/25/14 18:38:15    Exhibit 5
Pg 64 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Filed: 11/07/2012 | | | | predatory lending, over-charges, unallowable fees and concealment of fees on VA loans", and ii) that there were hidden defects in the subject property that existed prior to purchasing the property, and iii) issues with a defective appraisal.<br><br>Debtors have no liability for these origination-based claims because no Debtor entity was involved in the origination of the loan, and Claimant does not proffer any basis for assignee liability to any Debtor. Debtors' records show the loan was originated by Mortgage Investors Corp, a non-Debtor entity, on September 2, 2011. Notwithstanding, the claims appear to be origination-based claims only, Debtor searched its books and records and found no evidence that Debtor incorrectly charged fees to Claimant's account. Furthermore, Debtor found no evidence in the servicing records of Claimant ever disputing issues arising from the origination of Claimant's loan. | |
| Clover Earle<br><br>3631 N.W. 41st Street Laurderdale Lakes, FL 33309<br><br>4569<br><br>11/08/2012 | General Unsecured<br><br>$16,000 | GMAC Mortgage, LLC<br><br>12-12032 | General Servicing Issues | Claimant had a first and second mortgage secured by their personal residence. The loan at issue in Claimant's proof of claim relates only to the second mortgage loan. Debtor Homecomings Financial originated the second mortgage loan on May 22, 2006. Residential Funding Company purchased the loan from Homecomings and subsequently sold its interest in the loan to ETrade Bank on or about May 30, 2006. Debtor Homecomings Financial serviced the loan from May 22, 2006 until servicing was transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing was transferred to Ocwen Loan Servicing on February 16, 2013.<br><br>Claimant asserts "disputed debt – mortgage note to be wiped out" as the basis for the claim in box 2 of the proof of claim form. In a letter attached to the proof of claim, Claimant asserts "I am disputing the balance of $16,000 your dept. (sic) is billing me for," which Claimant asserts pertains | 9 |

35

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | to a 2nd lien mortgage that was wiped out by a deed-in-lieu of foreclosure and a state tax sale of the property.<br><br>Debtors have no liability for the assertion that Debtors improperly sought to collect the Claimant's second lien after the lien was wiped out in the state tax sale. The state tax sale did not eliminate Claimant's personal liability to Debtors under the second mortgage loan. Rather, the state tax sale eliminated the lien that secured the Claimant's performance under the second mortgage loan, thereby preventing Debtors from foreclosing on the property; however, Claimant remained personally liable to the Debtors.<br><br>Debtors' records show the Debtors currently have no interest in the second mortgage or the property at issue, Ocwen is the current servicer of the second mortgage loan, and Debtors never entered into a deed-in-lieu of foreclosure agreement with Claimant. | |
| Maria J. Novak<br>c/o Erik L. Walter, Esq.<br><br>60 South Park Place<br>Painesville, OH 44077<br><br>Claim: 4017<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$150,000 | GMAC Mortgage, LLC<br><br>12-12032 | Wrongful Foreclosure | The loan was originated by Freedom Mortgage Corp on September 7, 2000. Debtor GMAC Mortgage purchased the loan from Freedom Mortgage. Debtors subsequently sold its interest in the loan to Fannie Mae on or about April 3, 2012. Debtor GMAC Mortgage LLC serviced the loan from September 29, 2000 until servicing transferred to GreenTree Servicing, LLC on February 1st, 2013.<br><br>In the proof of claim, Claimant states "lawsuit filed against creditor and the loss of her property through a foreclosure action" as the basis for claim. Claimant attaches an order of judgment in favor or GMAC Mortgage LLC in the amount of $71,414.39 in connection with a foreclosure action against Claimant, and evidence of Debtors' winning credit bid of $74,000 at public sale. No other explanation of basis or documentation is provided by Claimant. In response to a letter requesting additional information in | 10-11 |

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | support of claim, Claimant states "Judgment entered - see attached" and "After careful review, it has been determined that the value submitted by Attorney Erik L. Walter for $150,000 was submitted by mistake. The value of the property should have been $111,000 as per the Lake County Sheriff's Office appraisal on or about the 24th of February 2012." Claimant re-attached the same documents provided in Claimant's proof of claim. Claimant provided no other explanation of the basis for claim.<br><br>Debtors have no liability for allegations involving wrongful foreclosure because Debtors' records show all aspects of the foreclosure were handled appropriately and in accordance with the terms of the note and mortgage. Furthermore, Claimant has not demonstrated or evidenced any damages, including damages for the asserted amount of the claim of $150,000.<br><br>Debtors' records show:<br>i) Debtors mailed a breach of contract letter to Claimant on August 2, 2010 because Claimant's account was owing for June through August 2010 payments;<br>ii) Claimant's loan was referred to foreclosure September 7, 2010 as Claimant failed to bring account current or obtain an agreement whereby Debtors agreed to suspend foreclosure;<br>iii) Claimant listed property for sale and applied for short sale with Debtors on March 2, 2011;<br> iv) The property went to a foreclosure sale April 2, 2012 as a result of the property failing to be sold in a short sale and Claimant failing to bring account current. At the time of foreclosure sale, the account was due for June 2010 to April 2012 payments;<br>v) Claimant submitted additional requests for short sale, however, these requests were denied on April 3, 2012 and April 13, 2012 due to the home having been sold in foreclosure sale on April 2, 2012.;<br>vi) Claimant failed to pay the amounts due during the redemption period. | |

ny-1147902

Exhibit  A

Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | In accordance with state law, Debtors did not record a foreclosure deed during the redemption  period, which ended November 19, 2012; and vii) Although  the foreclosure sale was completed in 2012, the account was service released to GreenTree  Mortgage February 1, 2013 as the deed had not yet been recorded.<br><br>Debtors' records also show i) the Debtors  currently  have no interest in the 2nd mortgage  or the property at issue, ii) Ocwen is the current servicer of the 2nd mortgage loan, and iii) Debtors never entered into a deed-in-lieu  of foreclosure agreement  with Claimant. | |
| Faye Abughazaleh<br><br>475 River St<br>Northville, MI 48167<br><br>Claim: 7303<br><br>Filed: 11/12/2013 | Secured<br><br><br>Unliquidated | Residential Capital, LLC<br><br>12-12020 | Late Filed (Borrower) | Debtor GMAC Mortgage  LLC serviced the loan from April 17, 2008 until servicing transferred  to Ocwen Loan Servicing, LLC on February  16, 2013.<br><br>Debtors have no liability because the proof of claim is late filed.<br><br>On August 29, 2012, this Court entered  into its Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and manner  of Notice Thereof [Docket No. 1309] (the "Order"), establishing November 9, 2012 as the general  claims bar date, which was subsequently  extended  to November 16, 2012. Claimant filed the proof of claim on November 12, 2013. In accordance with the Order, KCC's records show that on or before October 5, 2012, KCC served a copy of the bar date notice to Claimant at their residence in Dearborn Michigan.  Debtor's records show Claimant's primary residence  was the Dearborn  Michigan property from 2008 to at least November 2012. On this basis, Debtors assert that Claimant was timely and adequately  served notice of the general  claims bar date, and the claim is late filed. | 13 |

12-12020-mg   Doc 7189-5   Filed 06/25/14   Entered 06/25/14 18:30:16   Exhibit 5
Pg 65 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Tresse Z. King<br><br>5759 Appalossa Drive Grand Prairie, TX 75052<br><br>Claim: 5587<br><br>Filed: 11/16/2012 | General Unsecured<br><br>$100,000 | GMAC Mortgage, LLC<br><br>12-12032 | General Servicing Issues | Debtor GMAC Mortgage LLC serviced the loan from May 29, 2009 until loan was paid in full July 7, 2011. Amerigroup Mortgage Corp originated the loan on May 29, 2009.<br><br>Claimant asserts "SCRA Service Members Civil Relief Act. I did not receive benefits and was threatened with Foreclosure" as basis for claim in box 2 of the proof of claim form. In a letter attached to the proof of claim, Claimant also asserts i) Debtors wrongfully pursued foreclosure and wrongfully reported to the credit bureaus, and ii) that "under SCRA, soldiers should be allotted the 6.0% interest rate at the time of sale or transfer. GMAC threatened to change that rate" without explanation. Debtors sent Claimant a letter on June 21, 2013 requesting additional information in support of claim, but Claimant failed to respond.<br><br>Debtors have no liability for the assertion that Debtors "threatened foreclosure" or wrongfully reported information to the credit bureaus because Debtors' records show i) Debtors never threatened Claimant with foreclosure or commenced foreclosure, ii) Claimant was never more than one payment past due, and iii) Debtors provided accurate information to the credit bureaus.<br><br>Debtors have no liability for the assertion that Debtor should have provided Claimant with a 6% interest rate in accordance with the Servicemembers Civil Relief Act. The Servicemembers Civil Relief Act requires a cap of 6% annual interest rate on any loan obligation obtained by a servicemember prior to his or her entry into active duty. Debtors have no liability for the assertion because i) Claimant had a loan with a 4.5% interest rate (less than the 6% maximum allowed under the law), and at no time did Debtors collect interest in excess of the note rate, and | 8-9 |

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | ii) the protections under the Servicemembers Civil Relief Act apply only to loan obligations originated prior to a servicemember commencing active duty in the military. The Act does not apply to loan obligations originated while a person is on active duty. Debtors' records and research show Claimant obtained the loan at issue in May 2009, and Claimant had been on active duty since December 13, 1991. | |
| Christopher Wendt<br><br>1410 South 25th Avenue<br>Yakima, WA 98902<br><br>Claim: 3619<br><br>Filed: 11/08/2012 | General Unsecured<br><br>$92,451.60 | GMAC Mortgage, LLC<br><br>12-12032 | Loan Modification, General No Liability | Debtor Homecomings Financial originated the loan on January 16, 2007. Residential Funding Corporation purchased the loan from Homecomings, and subsequently the loan was securitized where Deutsche Bank Trust Company Americas was appointed trustee on or about February 26, 2007. Debtor Homecomings Financial serviced the loan from January 16, 2007 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013.<br><br>Claimant asserts "failure to modify home loan" as basis for claim in box 2 of the proof of claim form. No other explanation of basis or supporting documentation is attached to the proof of claim. In response to a letter requesting additional information and documentation in support of claim, Claimant attaches a letter stating "I believe I am owed money or relief...due to the failure to modify my loan in 2009 when I applied for a loan modification." No other documentation or explanation of the basis or calculation of damages was provided in Claimant's letter response.<br><br>Debtors have no liability for the assertion that Debtors wrongfully denied Claimant loan modification in 2009 because i) Claimant did not qualify for any modification options, and ii) Claimant has failed to demonstrate how they were damaged by the assertion of wrongful denial of loan modification. | 14-16, 7-8 |

12-12020-mg    Doc 7185-5    Filed 06/25/14    Entered 06/25/14 18:36:15    Exhibit 5
Pg 676 of 53

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | Debtors' records show i) Claimant provided their first workout package in order to be considered for modification on May 23, 2009; however, the package was missing items necessary for modification review. Claimant provided their first complete workout package on August 17, 2009. On August 26, 2009, Debtors' servicing notes show Debtors determined that Claimant was ineligible for HAMP and Traditional modifications because Claimant's income was sufficient to cover Claimant's existing mortgage obligation. Specifically, HAMP and Traditional guidelines do not permit modification if a borrower's debt-to-income ratio is below 31%, and Claimant's workout package showed Claimant had a debt-to-income ratio of 30.8%. Notwithstanding Claimant's ineligibility for modification due to sufficient income, Claimant was also ineligible for HAMP modification because under HAMP guidelines the underlying property must be owner-occupied, and Claimant's property was non-owner occupied. As a result of Claimant's ineligibility for any loan modification, Debtors sent Claimant a denial letter on August 27, 2009. Claimant never submitted any subsequent workout packages to Debtors, and v) at the time that servicing was transferred to Ocwen Loan Servicing (February 16, 2013), Claimant's loan was due for January 2013. | |
| Tara T. Merritt<br><br>10701 Brook Bend Circle<br>Pensacola, FL 32506<br><br>Claim: 4690<br><br>Filed: 11/14/2012 | General Unsecured<br><br>$92,065.86 | Residential Capital, LLC<br><br>12-12020 | Standing Issues, Wrongful foreclosure | Concorde Acceptance Corporation originated the loan on November 10, 2003. Debtor, Residential Funding purchased the loan from Concorde. Debtors transferred its interest the loan was securitized, and JP Morgan Chase Bank, NA was appointed as Trustee on or about January 1, 2004. Debtor Homecomings Financial serviced the loan from January 8, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013.<br><br>Claimant asserts "Establishing Lost Mortgage Note. Plaintiff no Status. Wrongful Foreclosure" as basis for claim in box 2 of the proof of claim | 11-12, 10-11 |

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | form. Claimant attaches several documents related to one or more of Claimant's foreclosure actions, including several loan documents and a final judgment of mortgage foreclosure awarded to JP Morgan Chase with a foreclosure sale date set for January 25, 2007.<br><br>Debtors' records show: i) the note was properly endorsed from the originator to Residential Funding Corporation, with further endorsement from Residential Funding Corporation to the owner/foreclosing party, JP Morgan Chase, as Trustee and ii) an Assignment of Mortgage was recorded from MERS, as nominee for the originator to the foreclosing party, JP Morgan Chase, as Trustee. Claimant's loan was three payments past due at the time Claimant's account was first referred for foreclosure on September 22, 2006. Debtors sent the Claimant's original note to the foreclosing attorney's office on Sept 27, 2006 in connection with the September 22 foreclosure referral, and the attorney filed the original note with the court on December 11, 2006. The note was subsequently lost; the foreclosure action was dismissed because Claimant reinstated account on or about January 4, 2007. Claimant's account was three payments past due at the time Claimant's account was referred for foreclosure on June 28, 2007. Debtors voluntarily dismissed the foreclosure action on or about November 26, 2008 because Debtors approved Claimant for a traditional loan modification on or about the same date. Claimant's account was three or more payments past due when Claimant's account was referred for foreclosure on July 24, 2009. Subsequently, Debtors voluntarily dismissed the foreclosure action. Claimant's loan was three or more payments past due at the time Claimant's account was referred for foreclosure on November 19, 2011; and at the time Debtors transferred the loan to Ocwen, the 2011 foreclosure action remained pending. Claimant never applied for a subsequent loan modification after obtaining the loan modification in November 2008. | |

ny-1147902

12-12020-mg    Doc 7189-1    Filed 06/25/14    Entered 06/25/14 18:30:10    Exhibit 1
Pg 69 of 133

<u>Exhibit  A</u>

Sixty-Ninth  Omnibus  Objection – No Liability  Borrower  Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
|  |  |  |  | Debtors are not liable for Claimant's wrongful foreclosure claim, or any assertion that Debtors did not have the right to service or foreclose Claimant's loan as a result of a "Lost Mortgage Note" because: i) Debtors never completed foreclosure, ii) in each instance where Debtors referred Claimant's account to foreclosure Claimant was three or more payments past due on their loan, and Debtors acted in accordance of the terms of the note and mortgage, and iii) at all times, Debtors had proper standing to initiate foreclosure on behalf of the investor. In each instance that Debtors commenced foreclosure on behalf of the investor, the foreclosing attorneys were in possession of either the original note or a valid lost note affidavit in place of the original note. Florida permits foreclosure and acceleration on the note if the party in interest produces a lost note affidavit in lieu of the original note, and the chain of title was accurate and complete as evidenced by the note endorsements and assignment of mortgages identifying JP Morgan Chase, as Trustee, as the owner. |  |

43

12-12020-mg    Doc 7181-5    Filed 06/25/14    Entered 06/25/14 18:30:15    Exhibit 5
Pg 70 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| SAMUEL PRIETO JAVIER FAJARDO215<br><br>49TH ST STE 2AND N JERSEY PUBLIC ADJINC UNION CITY, NJ 07087<br><br>Claim: 905<br><br>Filed: 10/01/2012 | General Unsecured<br><br>$50,000 | Residential Capital, LLC<br><br>12-12020 | Insufficient Documentation, Escrow issues | The loan was originated by First National Bank of Arizona on September 7, 2000. Debtor GMAC Mortgage, LLC purchased the loan from First National Bank of Arizona on or about September 25, 2006 and Debtors transferred its interest in the loan to LaSalle Bank NA Trustee for Washington Mutual Mortgage Pass-Through Certificates WMALT Series 2007-2 Trust on February 1, 2007. Debtor GMAC Mortgage, LLC serviced the loan from September 25, 2006, until servicing transferred to Washington Mutual Bank on February 1, 2007.<br><br>Debtors object to claim on grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability.<br><br>Claimant asserts "Proceeds from Fire Damages" as the basis of claim in box 2 of the proof of claim form. Claimant attaches documentation evidencing a property insurance claim involving non-Debtor entities, but provides no other explanation of the basis of claim or calculation of damages. Debtors sent a letter to Claimant on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>Notwithstanding the fact Claimant has failed to explain their basis for claim or calculation of damages, Debtors have no liability for any allegations regarding property insurance proceeds due to Claimant from fire damages because Debtors remitted all property insurance proceeds due to Claimant and does not have any remaining insurance proceeds in its possession. Debtors' records show i) Claimant notified Debtors on December 5, 2006 that Claimant had suffered a loss event on September 9, 2006 from fire damage that was covered under their property insurance policy, ii) Debtors received an insurance check in the amount of $25,000 from the insurer and issued a check to Claimant for the same amount on | 14, 9-10 |

44

12-12020-mg    Doc 7185-5    Filed 06/25/14    Entered 06/25/14 16:38:15    Exhibit 5
Pg 45 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | December 20, 2006, and iii) on February 1, 2007, Debtors transferred servicing to Washington Mutual Bank. Any handling of Claimant's insurance claim following February 1, 2007 is not the responsibility of any Debtor entity. | |
| Linton C. Layne, Nancy K. Layne Nancy Kay Layne 95580 South Coos River Lane Coos Bay, OR 97420 Claim: 292 Filed: 07/17/2012 | General Unsecured $35,200 | GMAC Mortgage, LLC 12-12032 | Estoppel by Waiver, General No Liability | Claimant's loan at issue in the proof of claim is a 2nd mortgage loan. Debtor Residential Funding Company purchased the loan from the originator, and subsequently transferred its interest in the loan when it was securitized and Citibank, N.A. was appointed trustee on or about August 31, 2006. Debtor GMAC Mortgage LLC serviced the loan from August 4, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Sierra Pacific Mortgage Company, Inc. originated the loan on March 8, 2006. Claimant asserts "promissory note at closing. No credit given" as basis for claim in box 2 of the proof of claim form. Claimant provided no additional explanation of the basis of claim or the asserted damages of $35,200. In response to Debtors' letter requesting more information in support of claim, Claimant states "Original lender, Sierra Pacific Mortgage Company Inc., shows that the notes was paid off in 2006, by GMAC. If GMAC bought the Note and the Deed of Trust then a new Deed of Trust would have been filed in Washington County, Oregon records office. No such recording exists. So no one has beneficial interest in this property. Pursuant to 11 U.S.C §506(a) and §1322 this note is second lien to the property home value less than 1st lien. Hence if sold no monies would be available to the second lien holder." Debtors have no liability because the assertions and statements proffered by Claimant in the proof of claim and subsequent letter responses to Debtors are incorrect. Specifically, Debtors never paid off Claimant's loan in 2006 as asserted by Claimant. Debtors' records show Debtor charged- | 14, 7-8 |

12-12020-mg    Doc 7185-1    Filed 06/25/14    Entered 06/25/14 18:30:10    Exhibit 1
Pg 72 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | off Claimant's loan on June 29, 2009 because Debtors' records indicated Bank Of America foreclosed on Claimant's property in connection with Claimant's default under the 1st lien mortgage, thereby wiping out the 2nd lien secured by Claimant's property. Neither the charge-off nor the loss of security interest in the property absolved Claimant's payment obligations under the 2nd mortgage note. Accordingly, Debtors were within their rights to pursue collection of payments from Claimant even after the foreclosure, ii) Debtor GMAC Mortgage LLC never bought the Note and Deed of Trust as asserted by Claimant. Debtors' records show Residential Funding Company purchased the loan from the originator before the loan was later securitized on or about August 2006. The purchase by Residential Funding Company does not require that a "new deed of trust" be filed in the applicable county, as asserted by Claimant. Moreover, no Debtor currently has an interest in the loan.<br><br>Debtors have no liability for any of the claims noted above because Claimant effectively waived the claims in Claimant's personal bankruptcy, and therefore, is estopped from asserting the claims against the Debtors. Debtors' records and research shows i) Claimant filed for chapter 7 bankruptcy protection in the District of Oregon (Case No. 1041697) on December 14, 2010 and received an order of discharge March 16, 2011, ii) Claimant's schedules filed in their chapter 7 case do not show any liquidated, unliquidated or contingent claims against any of the Debtors that are consistent with the allegations in the Claimant's proof of claim, and iii) all of the allegations and issues of fact regarding the proof of claim occurred prior to the Claimant's chapter 7 petition date and subsequent discharge. Notwithstanding the fact Claimant is estopped from bringing these claims against Debtors, Debtors have no liability for the claims because the claims have no merit as outlined above. | |

ny-1147902

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Rosario Pacheco<br><br>209 Lopez Ct<br>Calexico, CA 92231<br><br>Claim: 1327<br><br>Filed: 10/17/2012 | General Unsecured<br><br><br>$34,717.58 | GMAC Mortgage, LLC<br><br>12-12032 | Insufficient Documentation | The loan was originated by Debtor GMAC Mortgage on October 19, 2004. Debtor transferred its interest. when the loan was securitized and Wells Fargo Bank was appointed as Trustee on or about November 23, 2004. Debtor GMAC Mortgage LLC serviced the loan from October 19, 2004 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors object to claim on grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability.<br><br>Claimant asserts "Bank Bankruptcy" as basis for claim in box 2 of the proof of claim form. Claimant attaches a copy of a HELOC statement from September 2012 showing a beginning balance of $34,717.58, which is also the claim amount asserted in box 1 of the proof of claim form. Claimant provides no other documentation or explanation of the basis for claim. In response to a letter requesting additional information in support of the claim sent by Debtors on June 21, 2013, Claimant attached several months of mortgage statements stemming from 2010-2012, but provided no additional explanation for the basis for the claim. Notwithstanding the fact the Claimant failed to provide a basis for the claim, Debtors reviewed its books and records and found no evidence of monies owing to Claimant. | 14 |
| Harris Marcus<br><br><br>2010 EVERGREEN AVE. APT #10<br>DES MOINES, IA 50320<br><br>Claim: 1292 | General Unsecured<br><br>$31,500 | Homecomings Financial, LLC<br><br>12-12042 | Insufficient Information, General No Liability | Debtor Homecomings Financial originated the loan on July 9, 2002. Residential Funding Company purchased the loan from Homecomings and thereafter the loan was securitized where JP Morgan Chase Bank, as Trustee was appointed trustee on or about September 1, 2002. Debtor Homecomings Financial serviced the loan from July 9, 2002 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013. | 14, 7-8 |

47

Exhibit A
Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| Filed: 10/15/2012 | | | | Debtors object to claim on grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability.<br><br>Claimant's asserts "Security Instrument "as a basis for claim in box 2 of the proof of claim form. In response to Debtors' letter requesting information in support of Claimant's proof of claim, Claimant asserts "The security instrument provided is registered on a UCC file # 201294421560 with the Commonwealth of Massachusetts on March 14, 2012 at 4:54PM. Creditor Marcus Harris claim 'recoupment' under UCC 3-305. All "interest" and proceeds should be returned to the originator of the Note". Claimant also mailed correspondence to Debtors on March 16, 2012 in the form of a Qualified Written Request (QWR), stating that he is the original creditor of the Note because he funded the loan with his credit.<br><br>Debtors found no evidence that Debtors are liable or responsible to return "interest" and "proceeds" to Claimant in connection with Claimant's loan. Debtors' records show the loan was due for January 1, 2012 at the time the servicing was transferred to Ocwen in February 2013. | |
| Ronald and Elaine Nakamoto Ron Nakamoto<br><br>18650 Vista De Almaden San Jose, CA 95120<br><br>Claim: 1279<br><br>Filed: 10/15/2012 | General Unsecured<br><br>$20,137.18 | GMAC Mortgage, LLC<br><br>12-12032 | General Servicing Issues, Escrow issues | Debtor GMAC Mortgage LLC serviced the loan from September 8, 2005 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Heritage Place Mortgage, Inc. originated the loan on April 4, 2005.<br><br>Claimant asserts as basis for claim that i) he was wrongfully denied a waiver to the escrow payment, ii) that Debtors did not follow the terms of the note by failing to reduce his required monthly payment when his variable interest rate on his interest-only loan reduced from 5.75% to 3.5% in January 2010. Instead, Claimant asserts Debtors required a fixed monthly payment, and applied amounts in excess of the interest payment to Claimant's principal balance, and iii) Claimant asserted damages equal | 8-9, 9-10 |

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | the "principal reduction that had been applied since January 2010 of $592.27 per month". Claimant requests that Debtors "Credit the principal amount to me as cash" and "reduce the mortgage payment prospective to the interest only amount and eliminate the escrow amount". Debtors have no ability to make changes to Claimant's loan, including crediting or debiting Claimant's loan balance, because no Debtors currently has an interest in the loan. Debtors have no liability for the assertion that Debtors wrongfully denied Claimant their request to waive the escrow payment requirement because Claimant was ineligible for the waiver and Debtors acted in accordance with i) standard business practices, ii) the terms of the note and mortgage, and iii) the investors' guidelines. Debtors' records show Claimant was not eligible for an escrow waiver because the loan to value ratio exceeded the maximum amount allowed per investor/servicer guidelines, or 70%. Debtors sent a letter dated May 12, 2011 to the Claimant explaining this reason for denial. Claimant was also ineligible for an escrow waiver per investor/servicer guidelines because Claimant did not live in the property. Debtors explained this denial reason, as well as the loan-to-value requirement, in a phone conversation on July 12, 2011. Riders to the Deed of Trust confirm that the property was being used as investment/rental property. Debtors' records show Claimant's loan required an interest-only payment with an annual interest rate of 5.75% for the first 5 years, or from June 2005 to May 2010. Thereafter, Claimant's loan required monthly payments of principal and interest at a rate of 3 percent plus the 6-month LIBOR rate as of the applicable "Change Date," per section 4(A) of the note. The "Change Dates" that determine Claimant's index occur every 6-months, so Claimant's required payment effectively changed every 6-months. In accordance | |

49

12-12020-mg    Doc 7191-5    Filed 12/22/14    Entered 12/22/14 18:30:16    Exhibit 5
Pg 76 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | with the terms of the Note, Debtors sent Claimant all required notices of changes to Claimant's interest rate and the amount of Claimant's required monthly payment. The first of such notices was delivered to Claimant on April 12, 2010, which states that the interest rate would change to 3.50% effective June 2, 2010. Claimant never disputed Debtors' application of principal and interest to Claimant's loan balances.<br><br>Debtors have no liability for the assertion that Debtors required payments in excess of the required payments under the note because the assertion is incorrect. Debtors never required payments in excess of the payments required under the terms of the note. Claimant never made payments in excess of the payments required under the note, and in all instances, Debtors applied payments appropriately and accurately to Claimant's account. | |
| SIXTA ASSOC LLP FOR MELISSA RODRIGUEZ<br><br>117 E EDGEWOOD DR FRIENDSWOOD, TX 77546<br><br>Claim: 4021<br><br>Filed: 11/09/2012 | General Unsecured<br><br>$228,180 | Residential Capital, LLC<br><br>12-12020 | Wrongful Foreclosure, General No Liability | Debtor Residential Funding purchased the loan from MILA, Inc. and subsequently the loan was securitized where JP Morgan Chase Bank was appointed trustee on or about October 1, 2004. Debtor Homecomings Financial serviced the loan from October 14, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing on February 16, 2013. MILA, Inc. dba Mortgage Investment Lending Associates originated the loan on August 27, 2004.<br><br>Debtors have no liability for Claimant's claims. No Debtor was involved in the tax lien foreclosure attached to the Claimant's proof of claim. Claimant alleges that she was working with a 3rd party, Tax Rescue, LP, to resolve property tax issues. At some point Tax Rescue instituted a foreclosure against the property and ultimately an eviction. Tax Rescue had failed to include the first lien holder in the foreclosure notice the first lien holder (who Debtors were servicing the loan on behalf of). Claimant filed an | 10-11, 7-8 |

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | action in the District Court of Fort Bend County TX against Tax Rescue (no Debtor was a defendant) seeking an injunction to prevent the eviction. Debtors intervened in that action. Tax Rescue issued a Cancellation and Rescission of the Substitute Trustee's Deed which was recorded on or about November 28, 2009 and the eviction was dismissed. Claimant filed Notice of Nonsuit and the action was dismissed (based on documents Claimant attaches). Title was reinstated to the Claimant subject to the first lien holder's Deed of Trust.<br><br>Claimant alleges that she had no notice of Debtors' interest in the loan. Debtors have no liability for Claimant's claim because the Note has been endorsed from the originator to Residential Funding Corporation, with further endorsement from Residential Funding Corporation to JP Morgan Chase Bank, as Trustee and an Assignment of Deed of Trust was recorded from MERS, as nominee for the originator to Bank of New York Trust Company, NA successor to JP Morgan Chase Bank, as Trustee was recorded January 16, 2007. In addition, Claimant received servicing related correspondence from Homecomings Financial through July 2009 and after that had communications and received servicing related correspondence from GMACM as successor servicer. | |
| Suzanne Koegler and Edward Tobias<br><br>75 Princeton OvalFreehold, NJ 7728<br><br>Claim: 1466<br><br>Filed: 10/22/2012 | General Unsecured<br><br>$1,000,000 | GMAC Mortgage, LLC<br><br>12-12032 | Wrongful Foreclosure, General No Liability, General Servicing Issues | Debtors currently have no interest in the loan referenced in Claim No. 1466. On or around September 2, 2005, Debtor GMAC Mortgage Corporation originated the loan to Claimant in the amount of $299,000.00. Debtors subsequently sold the loan to Freddie Mac on or about October 20, 2005. GMACM serviced the loan from September 2, 2005 until servicing was transferred to Ocwen Financial on February 16, 2013. At the time servicing transferred from Debtors to Ocwen in February 2013, the loan was still owned by Freddie Mac.<br><br>On or about October 22, 2012, Claimant filed two proofs of claim against | 10-11, 7-8, 8-9 |

51

Exhibit  A

Sixty-Ninth  Omnibus  Objection – No Liability  Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | ResCap, Claim No. 1466 and Claim No. 1467.  Claim No. 1466 relates to property in Long Beach, NY (the "Long Beach Property"), and Claim No. 1467 relates to property in Freehold, New Jersey. Claimant's assertions and supporting documentation in Claim No. 1466, while relating to a different property, are identical to those stated in Claim No. 1467.  Claim No. 1466 asserts general unsecured claims against ResCap in the amount of $1,000,000.  In Box 2 of the proof of claim form (Basis for Claim), Claimant provides that the basis for the claim is "Damages based on Consumer Fraud or other claim/affirmative defense to foreclosure requesting monetary relief." In Box 8 of the proof of claim form, Claimant wrote "Complaint has not yet been filed."  Nothing was attached to the proof of claim. In Claimants' letter dated June 25, 2013 in response to Debtors' request for additional information, Claimant provided no additional explanation of basis for the claim. On October 28, 2013, Claimant filed an adversary proceeding ("the Lawsuit") against several defendants, including the Debtors, the United States of America and Barack Obama, which purportedly lays out the causes of action in support of both of Claimant's proofs of claim. In the Complaint, Claimant asserts i) Claimant requested assistance from defendants following Hurricane Sandy and the defendants failed to adequately compensate plaintiffs for damages sustained as a result of their wrongful acts. Claimant further asserts that defendants were required to provide assistance to the Claimants under the terms of the Claimants' mortgages and federal law; ii) "defendants wrongfully engaged in illegal or other adverse actions that negatively affected the nationwide real estate market resulting in untrue or inaccurate property values at the time Claimants purchased the properties", and iii) Claimants sustained a loss when they sold the property referenced in claim 1466. On June 5, 2014, Claim No. 1467 was expunged by order (Docket 7052), | |

52

12-12020-mg   Doc 7185-5   Filed 12/22/14   Entered 12/22/14 16:38:15   Exhibit 5
Pg 79 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant<br>Claim Number<br>Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | whereby the court sustained Debtors' 61st omnibus objection. The court found that "the facts asserted in the Complaint - which was filed against Debtors in violation of the automatic stay - are insufficiently pled to form the basis for the claim".<br><br>Debtors have no liability for proof of claim 1466 and the assertions in the lawsuit for many of the same reasons the Court found that Debtors have no liability for claim 1467. Debtors have no liability for Claim 1466 because i) the assertions are vague, conclusory allegations, and ii) the underlying complaint, which serves to explain the basis for the claim and was filed in violation of the automatic stay, neither identifies the specific defendants that engaged in "illegal" or improper conduct, whether a Debtor entity engaged in the alleged conduct, nor the exact nature of the purported conduct, and iii) there is no evidence proffered in support of the allegations.<br><br>Nevertheless, the Borrower Trust reviewed the Debtors' books and records in connection with Claim No. 1466 to determine if there was any basis to these allegations, and it could not find any instance where Claimant ever contacted the Debtors regarding any "illegal" conduct. With respect to allegations that Debtors failed to provide assistance to Claimant in connection with Hurricane Sandy, Debtors have no liability because the assertion is incorrect. On the contrary, Debtors' records show Debtors accommodated Claimant's request for assistance. Debtors' records show Debtors spoke with Claimant by phone on November 27, 2012 and Claimant requested reprieve from making payments between December 2012 and February 2013 due to hardship from Hurricane Sandy. On November 28, 2013 Debtors approved Claimant for a Disaster Forbearance plan whereby i) Claimant was allowed to defer making payments between December 2012 and February 2013 and Debtors agreed to not assess late charges, pursue foreclosure, or report late | |

53

12-12020-mg   Doc 7189-5   Filed 12/22/14   Entered 12/22/14 16:38:15   Exhibit 5
Pg 80 of 131

Exhibit A

Sixty-Ninth Omnibus Objection – No Liability Borrower Claims

| Name of Claimant Claim Number Date Filed | Claim Amount | Asserted Debtor Name and Asserted Case Number | Reason for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|---|
| | | | | payments to the credit bureaus during this period, and ii) Claimant was required to make any deferred payments at the end of the forbearance period. Debtors complied with all terms of the forbearance agreement. After Debtors transferred servicing to Ocwen in February 2013, the servicing notes show Ocwen extended the forbearance plan through May 2013, and Claimant made a payment to Ocwen on May 31, 2013 that brought the account current. Debtors' records show i) Claimants' loan was never referred to foreclosure while Debtors serviced the loan, ii) Claimant's loan was never delinquent prior to Debtors' bankruptcy petition date, iii) the terms of Claimants' loan application are consistent with the terms of the loan executed by Claimants at origination, and iv) prior to the filing of the proof of claim, there is no record of Claimants raising any of the allegations in the proof of claim with the Debtors. | |

12-12020-mg    Doc 7190-5    Filed 06/25/14    Entered 06/25/14 18:30:15    Exhibit 5
Pg 81 of 131

**<u>Exhibit 2</u>**

**Horst Declaration**

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------  )

In re:                                                       )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,                            )    Chapter 11
                                                             )
                            Debtors.                         )    Jointly Administered
                                                             )
-----------------------------------------------------------  )

## DECLARATION OF DEANNA HORST IN SUPPORT OF
## RESCAP BORROWER CLAIMS TRUST'S SIXTY-NINTH OMNIBUS
## OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)

I, Deanna Horst, hereby declare as follows:

1.      I am the Chief Claims Officer for The ResCap Liquidating Trust (the

"Liquidating Trust"),[1] and I previously served as Chief Claims Officer for Residential Capital,

LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the

state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases

(collectively, the "Debtors").    I have been employed by affiliates of ResCap since August of

2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October

of 2013, I became the Chief Claims Officer.    I began my association with ResCap in 2001 as the

Director, Responsible Lending Manager, charged with managing the Debtors' responsible

lending on-site due diligence program.    In 2002, I became the Director of Quality Asset

Management, managing Client Repurchase, Quality Assurance and Compliance—a position I

held until 2006, at which time I became the Vice President of the Credit Risk Group, managing

Correspondent and Broker approval and monitoring.    In 2011, I became the Vice President,

Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role.

---

[1]     The Liquidating Trust and the Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among of things, provides the Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Trust in performing its obligations.

In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery.   I am authorized to submit this declaration (the "Declaration") in support of *ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection").[2]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with former members of the Debtors' management or other former employees of the Debtors, the Debtors, the Liquidating Trust and the Trust's professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent.   If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases.   Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records, the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.   I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A annexed to the Proposed Order.   Since the Plan became effective and the Trust was established, I, along with other members of the Liquidating Trust's management or other employees of the Liquidating Trust have consulted with the Trust to continue the claims

---

[2]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

ny-1147208

reconciliation process, analyze claims, and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's and the Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Debtors' books and records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases. The Liquidating Trust, in support of the Trust, diligently evaluated any information provided by the claimants who filed the No Liability Borrower Claims, listed on Exhibit A to the Proposed Order. In accordance with the Borrower Claim Procedures, the Debtors previously contacted those Borrowers who filed the No Liability Borrower Claims whose claims were filed with insufficient or no supporting documentation and requested that they provide additional information so that the Debtors could reconcile such claimants' filed claims with the Debtors' books and records. Beginning in May of 2013, the Debtors sent Request Letters, substantially in the form as those attached at Exhibit 4 to the Objection, to the applicable Borrowers requesting additional documentation in support of their respective No Liability Borrower Claims. The Borrowers who received the Request Letters either failed to respond to the Debtors' requests or failed to provide sufficient information to establish a basis for liability.

5.      At my direction and with my oversight, the Liquidating Trust, in support of the Trust, thoroughly reviewed the No Liability Borrower Claims listed under the heading

ny-1147208

*"Claims to be Disallowed and Expunged"* on <u>Exhibit A</u> to the Proposed Order, together with information contained within the Debtors' books and records.

6.      These efforts led to the conclusion and belief that there is no present liability due and owing to such claimants and the specific objections to the allowance of such claims are set forth on <u>Exhibit A</u> to the Proposed Order in the column titled *"No Liability Summaries."* The explanations for the requested disallowance of each claim set forth under the heading titled *"No Liability Summaries"* are incorporated by reference into this Declaration as if fully set forth herein.

7.      In general, the Trust's objection to each No Liability Borrower Claim falls under one or more of the following thirteen categories:

(i)  ***General No Liability***. This category includes claims:
   - relating to requests to reduce or forgive outstanding loan balances or to reduce interest rates;
   - asserting that a Debtor is responsible for liabilities of non-Debtor entities;
   - for which the claimants have, subsequent to filing the claims, admitted to the Debtors or Special Counsel that the Debtors have no liability; or
   - that otherwise do not constitute a valid obligation of the Debtors (collectively, the "<u>General No Liability Claims</u>").

   To assess the validity of these claims, the Liquidating Trust, in support of the Trust, reviewed the Debtors' books and records that were prepared and kept by the Debtors in the course of their regularly conducted business activities, including (a) the claimant's transaction history showing the payments the claimant has made and the Debtors' application of those payments to principal, interest, fees, and escrows, as applicable (the "<u>Loan Payment History</u>"), (b) the Debtors' records tracking the history of the servicing of the claimant's loan, including but not limited to documenting instances of i) communication with the claimant, ii) letters and notices sent by the Debtors to the claimant, and iii) the Debtors' efforts to foreclose, conduct loss mitigation efforts, inspect properties, pay taxes and insurance on behalf of the claimant, and other standard servicing activity (collectively, the "<u>Internal Servicing Notes</u>"), and (c) other records that are specifically identified in the Objection. <u>See</u> Objection at pp. 7-8. Based on this review, the General No Liability Claims are not valid liabilities of the Debtors.

(ii)  ***General Servicing Issues***. This category includes claims based on general servicing issues, including assertions that a Debtor misapplied mortgage payments, provided incorrect information or reporting to the claimant, made improper collection calls, failed

to release a lien on a timely basis, failed to respond to Qualified Written Requests, wrongfully transferred servicing or wrongfully sold the claimant's loan (the "General Servicing Issues Claims"). To assess the validity of these claims, the Liquidating Trust, in support of the Trust, reviewed the Debtors' books and records that were prepared and kept by the Debtors in the course of their regularly conducted business activities, including the Internal Servicing Notes, Loan Payment History, letters between the Debtors and the applicable Borrower(s), executed mortgage notes and deeds of trust, and other relevant documents that are specifically identified in the Objection. See Objection at pp. 8-9.

Based on this review, the General Servicing Issues Claims are not valid obligations of the Debtors because: (a) the alleged events involving General Servicing Issues never took place; (b) the Debtor remedied the alleged error or mishandling, and as a result, the Claimant did not incur any damages or failed to provide evidence of damages; and/or (c) the Debtor acted properly in servicing the loan, in accordance with the Debtors' standard policies and procedures and the terms of the executed note and deed of trust.

(iii) **_Origination Issues_**. This category includes claims based on loan origination issues, which include, without limitation, claims relating to disputes regarding the loan application and closing process, disclosures, loan terms, rights of rescission or a purportedly defective title exam (the "Origination Issues Claims"). To assess the validity of these claims, the Liquidating Trust, in support of the Trust, reviewed the Debtors' books and records that were prepared and kept by the Debtors in the course of their regularly conducted business activities, including the claimants' executed mortgage notes and other documents that are specifically identified in the Objection, see Objection at pp. 9-10, to determine whether any Debtor was involved in the origination of the applicable loans.

Based on this review and the Trust's review of applicable state and federal law, the Origination Issues Claims are not valid liabilities of the Debtors because no Debtor entity was involved in the origination of the applicable loans.

(iv) **_Escrow Issues_**. This category includes claims based on the alleged improper application or calculation of escrow amounts (the "Escrow Issues Claims"). To assess the validity of these claims, the Liquidating Trust, in support of the Trust, reviewed the Debtors' books and records that were prepared and kept by the Debtors in the course of their regularly conducted business activities, including the Debtors' escrow receipts and payments, the annual escrow analysis sent to Borrowers, and any Internal Servicing Notes and written communication between the Debtors and the applicable Borrower(s) as well as other documents that are specifically identified in the Objection. See Objection at p. 10.

Based on this review, the Escrow Issues Claims are not valid liabilities of the Debtors. In cases where a claimant asserted that they were owed a refund, the mortgage payments received were all correctly applied. In cases where a claimant asserted that the escrow collected was insufficient to cover the property taxes and insurance, the Trust reviewed the escrow statements issued to the claimant, which outlined the amounts paid that year

compared to what was estimated, as well as Internal Servicing Notes to the extent that there was an escrow account added to the loan, and determined that the Debtors have no liability as long as all amounts received from the Borrower were accurately recorded because the Borrowers are liable for the taxes and insurance on their real property. In cases where a claimant asserted that it was owed a refund, the Trust looked at (1) the escrow statement issued to the claimant to determine if there was a refund due, (2) the history of the loan to determine if a check was issued for the refund and (3) the internal account notes to determine if there were discussions with the claimant regarding an escrow refund not being received, and found that any refunds due were previously paid. Moreover, to the extent that the Debtors' books and records indicated that the issues asserted by a claimant occurred after the Debtors ceased servicing the underlying loan, the Debtors have no liability for the claim.

(v) ***Wrongful Foreclosure***. This category includes claims based, either directly or indirectly, on allegations of wrongful foreclosure by the Debtors (the "Wrongful Foreclosure Claims").

To assess the validity of these claims, the Liquidating Trust, in support of the Trust, reviewed the Debtors' books and records that were prepared and kept by the Debtors in the course of their regularly conducted business activities, to verify that the Debtors foreclosed properly and, where applicable, took the appropriate loss mitigation steps. Specifically, the Trust reviewed Payment History, Internal Servicing Notes, as well as, where applicable, the claimants' loan modification applications, loan modification approval letters, loan modification denial letters, compliance with loan modifications (trial and/or permanent), compliance with any other payment plans (forbearance and repayment), short sale applications and history, investor guidelines and/or direction, breach letters, and/or foreclosure related documents. Where a claimant asserted that he or she did not execute the mortgage note, the Trust also examined Internal Servicing Notes to determine whether any previous identity theft claims were alleged, and compared the signatures on other executed documents in the claimant's file, as well as examining the Loan Payment History and any other information in the Debtors' possession including tax records reflecting whether the claimant deducted interest on the mortgage. Moreover, where a Wrongful Foreclosure Claim was based on issues related to a short sale, the Trust further reviewed the Debtors' records to determine whether a short sale approval had been requested, and, if so and if such request was denied, whether the reason for denial was proper.[3] See Objection at p. 11.

Based on this review, the Wrongful Foreclosure Claims are not valid liabilities of the Debtors.

(vi) ***Standing Issues***. This category includes claims alleging that the Debtors lacked standing to service, foreclose or otherwise enforce the terms of the claimant's loan (the "Standing Issues Claims"). To assess the validity of these claims, the Liquidating Trust,

---

[3]    Appropriate reasons for denying a short sale request include, without limitation, a claimant's failure to submit executed sale contracts, a claimant's failure to obtain approval from second lien holders and/or a claimant's short sale request did not comply with the investor's requirements.

ny-1147208

in support of the Trust, reviewed the Debtors' books and records that were prepared and kept by the Debtors in the course of their regularly conducted business activities, including the claimant's mortgage or deed of trust, documents relating to chain of ownership, relevant assignments of interests in the loan, Loan Payment History, and Internal Servicing Notes. Based on this review, the Standing Issues Claims are not valid liabilities of the Debtors because the Debtors had proper authority to service or foreclose the loan and to enforce the terms of the claimant's loan on behalf of the owner of the loan. <u>See</u> Objection at pp. 11-12.

(vii) ***Interest Rates and Fees Collected***. This category includes claims based on assertions that either (a) interest rates charged to the claimant were incorrect, incorrectly adjusted, or incorrectly not adjusted (the "<u>Interest Rates Claims</u>") or (b) the fees charged to the claimant were incorrect or inappropriate (the "<u>Fees Collected Claims</u>," and together with the Interest Rates Claims, the "<u>Interest Rates and Fees Collected Claims</u>"). To assess the validity of these claims, the Liquidating Trust, in support of the Trust, reviewed the Debtors' books and records that were prepared and kept by the Debtors in the course of their regularly conducted business activities, including the claimant's note, any adjustable rate rider and related documents, notices and/or adjustment letters sent to the claimant, Loan Payment History and fees charged, and other documents that are specifically identified in the Objection. <u>See</u> Objection at p. 12. Based on this review, the Interest Rates and Fees Collected Claims are not valid liabilities of the Debtors because the interest rates and fees charged were consistent with the governing loan documents, the Debtors' servicing policies, and if applicable, investor guidelines and/or servicing agreements.

(viii) ***Wrong Debtor***. This category includes claims against one or more Debtors as the obligor when such claims are properly asserted, if at all, against another Debtor in the Chapter 11 Cases (the "<u>Wrong Debtor Claims</u>"). To assess the validity of the Wrong Debtor Claims, the Liquidating Trust, in support of the Trust, reviewed the Debtors' books and records. Based on this review, the Wrong Debtor Claims are not valid liabilities of the Debtors because the alleged Debtors that are subject to the claims were not in contractual privity with the claimant or otherwise have no connection to the claimant. The documents that were reviewed in reaching this determination are the same documents that support the other applicable bases for the Trust's objection to each Wrong Debtor Claim. <u>See</u> Objection at p. 13.

(ix) ***Amended and Superseded***. This category includes claims that have been amended and superseded by at least one subsequently-filed, corresponding claim by the same creditor (the "<u>Amended Claims</u>").

To confirm that a claim was amended and superseded by subsequently-filed claims, the Trust validated that (a) the claimant's assertions in subsequently-filed claim(s) included all of the assertions made in the Amended Claim, or if applicable (b) claimant expressly stated within the subsequently-filed claim their intention to amend or replace the Amended Claim. <u>See</u> Objection at p. 13.

7

(x) **_Late-Filed_**. This category includes claims (the "Late-Filed Claims") that were filed after November 16, 2012 (the "Bar Date").

To confirm that a claim was late-filed, the Trust validated that (a) the Debtors received the proof of claim after November 16, 2012, (b) KCC served Claimant with notice of the Bar Date at least 35 days prior to the Bar Date, and (c) the address to which the notice was sent was Claimant's address per the Debtors' servicing records at the time the notice was delivered. See Morrow Declaration ¶ 5, attached to the Objection as Exhibit 3.

(xi) **_Insufficient Documentation_**. This category includes claims that either (a) fail to identify the amount of the claim and the basis for claim, or (b) identify the claim amount but do not provide an explanation or attach any supporting documentation to substantiate the claim amount (the "Insufficient Documentation Claims").

The Debtors sent Request Letters in connection with all of the Insufficient Documentation Claims to the either the property address or email address marked on the proof of claim by Claimant as the "address where notices should be sent". In each instance, Claimant either failed to respond or provided insufficient information to establish a basis for liability. See Objection at p. 14.

To substantiate this determination, the Trust is prepared to provide the Court and each claimant whose claim is identified as an Insufficient Documentation Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of the Request Letters prepared by the Debtors.

(xii) **_Estoppel by Waiver_**.

This category includes claims barred from relief because the Claimants effectively waived their right to pursue the Claim against the Trust because the Claimant failed to affirmatively assert the Waived Claims in their respective bankruptcy cases (all of which have been closed), and therefore, it is my understanding that they are judicially estopped from bringing those same claims in the Debtors' Chapter 11 Cases (the "Waived Claims"). See Objection at pp. 14-15.

With respect to the Waived Claims, the Trust examined the proofs of claims in conjunction with public bankruptcy records and validated that:
> (a) Claimant filed for individual bankruptcy protection and received a discharge,
> (b) the basis for claim comprising each of the Waived Claims involves assertions and alleged damages that occurred prior to either (i) Claimant's respective individual bankruptcy filing(s) or (ii) Claimant's filing of amended schedules in those cases,
> (c) Claimant did not include the Waived Claims in the schedule of assets filed by Claimant in their bankruptcy case(s), and
> (d) Claimant never raised such claims in any other proceeding during their individual bankruptcy case (e.g., an adversary proceeding).

8

(xiii) **_Loan Modification_**. This category includes claims based on loan modification issues (the "Loan Modification Claims"), which allege, among other things, that the Debtors (a) failed to provide a loan modification,[4] or (b) provided a loan modification, but the claimant believes the terms of the modification were not as favorable to the claimant as those to which claimant believed he or she was entitled. To assess the validity of these claims, the Liquidating Trust, in support of the Trust, reviewed the Debtors' books and records that were prepared and kept by the Debtors in the course of their regularly conducted business activities, to verify that the Debtors followed the applicable investor guidelines and policies regarding loan modifications. Specifically, the Trust reviewed Internal Servicing Notes, Loan Payment History, and, where applicable, loan modification agreements, loan modification applications, loan modification denial letters, loan modification approval letters, the claimant's compliance with modifications (trial and/or permanent) and any instructions or guidelines provided by the investor for the claimant's loan. See Objection at p. 15.

Based on this review, the Loan Modification Claims are not valid liabilities of the Debtors because: (a) in cases where a loan modification request was denied, the Debtors complied with the applicable investor guidelines and policies governing the loan modification process; (b) in the cases where the claimant obtained a loan modification, the claimant was not damaged by the loan modification assistance provided; and (c) in the cases where the claimant disputes the terms of his or her loan modification, the Trust verified that (i) the claimant agreed to the terms by executing the underlying agreement, and (ii) the Debtors administered or serviced the loan modification in accordance with the governing loan documents, the Debtors' servicing policies, and if applicable, investor guidelines and/or servicing agreements.

8.      If the No Liability Borrower Claims are not disallowed and expunged, the parties asserting such claims may potentially receive an improper distribution on account of the asserted liabilities to the detriment of other Borrower claimants.

9.      Before filing this Objection, to the best of my knowledge, the Trust fully complied with all applicable provisions of the Borrower Claim Procedures set forth in the Procedures Order.

---

4      As a regular part of the Debtors' business practices, the Debtors offered mortgage loan modifications to Borrowers in financial distress, pursuant to certain guidelines established by the investors ("Traditional Modifications"). The Home Affordable Modification Program ("HAMP") is an administrative program that was implemented in April 2009 by the United States Treasury Department to help eligible homeowners with loan modifications on their home mortgage debt. HAMP provided the Debtors with an additional type of loan modification (a "HAMP Modification") for assisting eligible Borrowers experiencing financial distress.

9

10.    Accordingly, based upon this review, and for the reasons set forth in the Objection and <u>Exhibit A</u> to the Proposed Order, I have determined that each No Liability Borrower Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 25, 2014

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for The ResCap
Liquidating Trust

10

12-12020-mg    Doc 7310-5    Filed 12/22/14    Entered 12/22/14 16:38:15    Exhibit 5
Pg 1 of 10

## Exhibit 3

**Morrow Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------
)
In re:                                    )    Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, et al.,         )    Chapter 11
                                          )
            Post Effective Date Debtors.  )    Jointly Administered
-----------------------------------------------------------------
)


### DECLARATION OF P. JOSEPH MORROW IV IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)


I, P. Joseph Morrow IV, depose and say under the penalty of perjury:

1.      I am a Director of Corporate Restructuring Services, employed by Kurtzman Carson Consultants LLC ("KCC"), the claims and noticing agent retained by Residential Capital, LLC, *et al.*, (collectively with its affiliated debtors (the "Debtors") in the above-captioned Chapter 11 cases, pursuant to the *Order Authorizing Retention and Appointment of Kurtzman Carson Consultants LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), S.D.N.Y. LBR 5075-1 and General Order M-409 and Granting Related Relief* [Docket No. 96] entered by this Court on May 16, 2012, and the *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Employment and Retention of Kurtzman Carson Consultants LLC as Administrative Agent, Nunc Pro Tunc to the Petition Date* [Docket No. 798] entered by this Court on July 17, 2012.

2.       I am authorized to submit this declaration (the "<u>Declaration</u>") in support of

*The ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability*

*Borrower Claims)* (the "<u>Objection</u>").[1]

3.       All facts set forth in this Declaration are based upon information learned

from my review of relevant documents and information I have received through my discussions

with KCC employees, the Trust's Professionals, and the Debtors' professionals and consultants.

If I were called upon to testify, I could and would testify competently to the facts set forth herein

on that basis.

4.       Acting as the Debtors' claims and noticing agent, KCC serves notices and

other mailings upon parties and/or their representatives at the direction of the Debtors and the

Court.   I understand that the Debtors have advised KCC that the full list of the Debtors'

customers, which includes information for over two million parties, is confidential and not made

publicly available for privacy reasons (as Borrower information is included therein).   For these

reasons, KCC executed an Affidavit of Service, annexed hereto as <u>Exhibit A</u>, in connection with

KCC's mailing and service of the Bar Date Notice to Individual Borrowers [Docket No. 2179],

which includes as an exhibit thereto the Notice of Deadlines for Filing Proofs of Claims.

5.       On or before October 5, 2012, at my direction and under my supervision,

employees of KCC caused a true and accurate copy of the Notice of Deadlines for Filing Proofs

of Claims (attached hereto as <u>Exhibit B</u>) to be served upon **Faye Abughazaleh** at **15361 Payne**

**Court, Dearborn, MI 48126** via First Class U.S. Mail. The subject property on the Proof of

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in
the Objection.

Claim is **15361 Payne Court, Dearborn, MI 48126**.[2] The mailing address on the returned Proof of Claim is **475 River St, Northville, MI 48167**.

6.  In accordance with KCC's standard procedure, each of the foregoing documents was securely enclosed in postage prepaid envelopes and delivered to an office of the United States Postal Service for delivery by First Class U.S. Mail. The envelopes were clearly marked with KCC's return address.

7.  As of the date of this Declaration, none of the foregoing mailings identified in this Declaration were returned to KCC as "undeliverable."

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  June 25, 2014

/s/ Joseph Morrow IV
P. Joseph Morrow IV

---

[2] Attached to the proof of claim is a letter indicating that the Claimant resided at 15361 Payne Court, Dearborn, MI 48126 until January of 2013.

**Exhibit A to Morrow Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x
                                            :

In re                               :               Chapter 11
                                            :

RESIDENTIAL CAPITAL, LLC, et al.,[1]  :             Case No. 12-12020 (MG)
                                            :
                                            :              (Jointly Administered)

           Debtors.               :
------------------------------------------------------------x

## AFFIDAVIT OF SERVICE

    I, Clarissa D. Cu, depose and say that I am employed by Kurtzman Carson Consultants LLC (KCC), the claims and noticing agent for the Debtors.

A.  On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused the following document to be served via First Class Mail on the Individual Borrowers whose loans are serviced by the Debtors (Due to the voluminous and confidential nature of this list, the Exhibits are not attached hereto and are on file with KCC):

    1.  Notice of Deadlines for Filing Proofs of Claim, dated August 29, 2012, attached hereto as **Exhibit A**

Dated:  November 14, 2012

                                          _____
                                                  Clarissa D. Cu

State of California

County of Los Angeles

Subscribed and sworn to (or affirmed) before me on this 14th of November, 2012, by Clarissa D. Cu, proved to me on the basis of satisfactory evidence to be the person who appeared before me.

Signature:  _____



LYDIA PASTOR NINO
Commission # 1960751
Notary Public - California
Los Angeles County
My Comm. Expires Nov 18, 2015

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are: Residential Capital, LLC (0738); ditech, LLC (7228); DOA Holding Properties, LLC (4257); DOA Properties IX (Lots-Other), LLC (3274); EPRE LLC (7974); Equity Investment I, LLC (2797); ETS of Virginia, Inc (1445); ETS of Washington, Inc (0665); Executive Trustee Services, LLC (8943); GMAC Model Home Finance I, LLC (8469); GMAC Mortgage USA Corporation (6930); GMAC Mortgage, LLC (4840); GMAC Residential Holding Company, LLC (2190); GMAC RH Settlement Services, LLC (6156); GMACM Borrower LLC (4887); GMACM REO LLC (2043); GMACR Mortgage Products, LLC (6369); GMAC-RFC Holding Company, LLC (3763); HFN REO Sub II, LLC (N/A); Home Connects Lending Services, LLC (9412); Homecomings Financial Real Estate Holdings, LLC (6869); Homecomings Financial, LLC (9458); Ladue Associates, Inc. (3048); Passive Asset Transactions, LLC (4130); PATI A, LLC (2729); PATI B, LLC (2937); PATI Real Estate Holdings, LLC (5201); RAHI A, LLC (3321); RAHI B, LLC (3553); RAHI Real Estate Holdings, LLC (5287); RCSFJV204, LLC (2722); Residential Accredit Loans, Inc (8240); Residential Asset Mortgage Products, Inc (5181); Residential Asset Securities Corporation (2653); Residential Consumer Services of Alabama, LLC (5449); Residential Consumer Services of Ohio, LLC (4796); Residential Consumer Services of Texas, LLC (0515); Residential Consumer Services, LLC (2167); Residential Funding Company, LLC (1336); Residential Funding Mortgage Exchange, LLC (4247); Residential Funding Mortgage Securities I, Inc (6294); Residential Funding Mortgage Securities II, Inc (8858); Residential Funding Real Estate Holdings, LLC (6505); Residential Mortgage Real Estate Holdings, LLC (7180); RFC Asset Holdings II, LLC (4034); RFC Asset Management, LLC (4678); RFC Borrower LLC (5558); RFC Constructing Funding, LLC (5730); RFC REO LLC (2407); RFC SFJV-2002, LLC (4670); RFC-GSAP Servicer Advance, LLC (0289)

1212020121114000000000081

12-12020-mg    Doc 10789-19    Filed 10/04/24    Entered 10/04/24 16:45:48    Main Document
Pg 99 of 163

# EXHIBIT A

| If you have any questions related to this notice, please call (888) 926-3479 |
|---|

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

<u>NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM</u>

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT
ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

On August 29, 2012, the United States Bankruptcy Court for the Southern District of New
York (the U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing
**November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last
date and time for each person or entity (including individuals, partnerships, corporations, joint
ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against
Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those
proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order
established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and
time for each such governmental unit to file a proof of claim against the Debtors (the
"Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims
against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced
cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for
those holders of the claims listed in section 4 below that are specifically excluded from the
General Bar Date filing requirement.

## 1.    WHO MUST FILE A PROOF OF CLAIM

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

## 2.    WHAT TO FILE

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

## 3.    WHEN AND WHERE TO FILE

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

> (i) **If by mail or overnight courier**:
>
> **ResCap Claims Processing Center, c/o KCC**
> **PO Box 5004**
> **Hawthorne, CA 90250**

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

## 4.    WHO NEED NOT FILE A PROOF OF CLAIM

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)    Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)    Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided** **that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)     Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)     Any person or entity whose claim has been paid in full by any of the Debtors;

(e)     Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)     Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)     Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)     Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)     Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)     Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

(k) Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6. CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7. THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules. If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**PO Box 5004**
**Hawthorne, CA 90250**

## 8.   RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds.  The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
       August 29, 2012

BY ORDER OF THE COURT

Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

*Counsel for the Debtors and*
*Debtors in Possession*

---

**If you have any questions related to this notice, please call (888) 926-3479**

**Exhibit B to Morrow Declaration**

| If you have any questions related to this notice, please call (888) 926-3479 |
| --- |

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Gary S. Lee
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------
|                                      )
In re:                                )    Case No. 12-12020 (MG)
|                                      )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,  )    Chapter 11
|                                      )
|                          Debtors.    )    Jointly Administered
|                                      )
------------------------------------------------------------

## NOTICE OF DEADLINES FOR FILING PROOFS OF CLAIM

TO ALL PERSONS AND ENTITIES WITH CLAIMS AGAINST RESIDENTIAL CAPITAL, LLC OR ITS AFFILIATED ENTITIES THAT ARE ALSO DEBTORS AND DEBTORS IN POSSESSION:

On August 29, 2012, the United States Bankruptcy Court for the Southern District of New York (the U.S. Bankruptcy Court") entered an order (the "Bar Date Order") establishing **November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time)** (the "General Bar Date") as the last date and time for each person or entity (including individuals, partnerships, corporations, joint ventures, corporations, estates, trusts, and governmental units) to file a proof of claim against Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those proceedings (collectively, the "Debtors"). Solely as to governmental units the Bar Date Order established **November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time)** as the last date and time for each such governmental unit to file a proof of claim against the Debtors (the "Governmental Bar Date," and, together with the General Bar Date, the "Bar Dates").

The Bar Dates and the procedures set forth below for filing proofs of claim apply to all claims against the Debtors that arose before May 14, 2012, the date on which the Debtors commenced cases under Chapter 11 of the United States Bankruptcy Code (the "Petition Date"), except for those holders of the claims listed in section 4 below that are specifically excluded from the General Bar Date filing requirement.

1.    **WHO MUST FILE A PROOF OF CLAIM**

You **MUST** file a proof of claim to vote on a Chapter 11 plan filed by the Debtors or to share in distributions from the Debtors' bankruptcy estates if you have a claim that arose before the filing of the Debtors' Chapter 11 petitions on the Petition Date and it is not one of the types of claims described in section 4 below.  Claims based on acts or omissions of the Debtors that occurred before the Petition Date must be filed on or before the applicable Bar Date, even if such claims are not now fixed, liquidated or certain or did not mature or become fixed, liquidated or certain before the Petition Date.

Under section 101(5) of the Bankruptcy Code and as used in this Notice, the word "claim" means: (a) a right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured; or (b) a right to an equitable remedy for breach of performance if such breach gives rise to a right to payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

2.    **WHAT TO FILE**

Each filed proof of claim must conform substantially to the Proof of Claim Form (as defined in the Bar Date Order).  Copies of the Proof of Claim Form may be obtained at http://www.kccllc.net/rescap.  Each proof of claim must be **signed** by the claimant or by an authorized agent of the claimant.  Each proof of claim must be written in English and be denominated in United States currency.  You should attach to each completed proof of claim any documents on which the claim is based (if voluminous, attach a summary) or an explanation as to why the documents are not available.

Any holder of a claim against more than one Debtor must file a separate proof of claim with respect to each such Debtor and all holders of claims must identify on their proof of claim the specific Debtor against which their claim is asserted.  A list of the names of the Debtors and their respective case numbers is attached to the Proof of Claim Form.

Under the Bar Date Order, the filing of a Proof of Claim Form shall be deemed to satisfy the procedural requirements for the assertion of administrative priority claims under section 503(b)(9) of the Bankruptcy Code.

3.    **WHEN AND WHERE TO FILE**

Except as provided for herein, all proofs of claim must be filed so as to be actually received **on or before November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time), or solely as to governmental units on or before November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time),** at:

> (i) **If by mail or overnight courier**:
>
> **ResCap Claims Processing Center, c/o KCC
> PO Box 5004
> Hawthorne, CA 90250**

(ii) if by hand delivery:

United States Bankruptcy Court for the Southern District of New York
One Bowling Green, Room 534
New York, New York 10004

or

ResCap Claims Processing Center, c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

Proofs of claim will be deemed timely filed only if **actually received** at the ResCap Claims Processing Center or hand delivered to the U.S. Bankruptcy Court on or before 5:00 p.m. (Prevailing Eastern Time) on the applicable Bar Date.  Proofs of claim **may not** be delivered by facsimile, or electronic mail.

4.    **WHO NEED NOT FILE A PROOF OF CLAIM**

You do not need to file a proof of claim on or before the General Bar Date if you are:

(a)    Any person or entity that has **already** properly filed a proof of claim against the applicable Debtor or Debtors with the Clerk of the Bankruptcy Court for the Southern District of New York in a form substantially similar to the Proof of Claim Form;

(b)    Any person or entity whose claim is listed on the Debtors' schedules of assets and liabilities and/or schedules of executory contracts and unexpired leases (collectively, the "Schedules"), **provided** **that**: (i) the claim is **not** scheduled as "disputed," "contingent" or "unliquidated"; **and** (ii) the claimant agrees with the amount, nature and priority of the claim as set forth in the Schedules; **and** (iii) the claimant agrees that the claim is an obligation of the specific Debtor against which the claim is listed on the Schedules;

(c)     Any person or entity that holds a claim that has been allowed by an order of the Court entered on or before the applicable Bar Date;

(d)     Any person or entity whose claim has been paid in full by any of the Debtors;

(e)     Any person or entity that holds a claim for which specific deadlines have been fixed by an order of the Court entered on or before the applicable Bar Date;

(f)     Any person or entity that holds a claim allowable under sections 503(b) and 507(a) of the Bankruptcy Code as an expense of administration (other than any claim allowable under section 503(b)(9) of the Bankruptcy Code);

(g)     Any Debtor having a claim against another Debtor or any of the non-debtor subsidiaries of Residential Capital, LLC having a claim against any of the Debtors;

(h)     Any person or entity that holds an interest in any of the Debtors, which interest is based exclusively upon the ownership of common stock, membership interests, partnership interests, or warrants or rights to purchase, sell or subscribe to such a security or interest; provided, however, that interest holders that wish to assert claims (as opposed to ownership interests) against any of the Debtors that arise out of or relate to the ownership or purchase of an interest, including claims arising out of or relating to the sale, issuance, or distribution of the interest, must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies;

(i)     Any person or entity whose claim is limited exclusively to the repayment of principal, interest, and/or other applicable fees and charges (a "Debt Claim") on or under any bond or note issued or guaranteed by the Debtors pursuant to an indenture (the "Debt Instruments"); **provided**, **however**, that (i) the foregoing exclusion in this subparagraph shall not apply to the Indenture Trustee under the applicable Debt Instruments (an "Indenture Trustee"), (ii) the Indenture Trustee shall be required to file one Proof of Claim, on or before the General Bar Date, with respect to all of the Debt Claims on or under each of the applicable Debt Instruments, and (iii) any holder of a Debt Claim wishing to assert a claim, other than a Debt Claim, arising out of or relating to a Debt Instrument shall be required to file a Proof of Claim on or before the Bar Date, unless another exception in this paragraph applies;

(j)     Any person or entity holding a claim for principal, interest and other fees and expenses under the Debtors' secured financing facilities (the "Financing Facilities")[1] to the extent of, and only for such claims relating to the Financing Facilities; or

---

[1] "Financing Facilities" as used herein shall mean the Debtors' financing facilities that are exempt from filing a Proof of Claim Form as previously ordered by the Court [Docket Nos. 471, 490 and 491].

(k) Any person or entity that holds a claim against a securitization trust (each a "Trust") that is based exclusively upon the ownership of a note, bond and/or certificate backed by mortgage loans held by the Trust; provided, however, that holders of such notes, bonds and/or certificates that wish to assert claims against the Debtors (as opposed to claims against the applicable Trust) must file Proofs of Claim on or before the applicable Bar Date, unless another exception identified herein applies.

This Notice is being sent to many persons and entities that have had some relationship with or have done business with the Debtors but may not have an unpaid claim against the Debtors. Receipt of this Notice does not mean that you have a claim or that the Debtors or the Court believe that you have a claim against the Debtors.

## 5.    EXECUTORY CONTRACTS AND UNEXPIRED LEASES

If you have a claim arising out of the rejection of an executory contract or unexpired lease, you must file a proof of claim by the later of (a) the applicable Bar Date and (b) thirty (30) days after the date of entry of an order of rejection (unless the order of rejection provides otherwise).

## 6.    CONSEQUENCES OF FAILURE TO FILE A PROOF OF CLAIM BY THE BAR DATE

**ANY HOLDER OF A CLAIM THAT IS NOT EXCEPTED FROM THE REQUIREMENTS OF THE BAR DATE ORDER, AS DESCRIBED IN SECTION 4 ABOVE, AND THAT FAILS TO TIMELY FILE A PROOF OF CLAIM IN THE APPROPRIATE FORM WILL BE FOREVER BARRED, ESTOPPED AND ENJOINED FROM ASSERTING SUCH CLAIM AGAINST THE DEBTORS, THEIR SUCCESSORS, THEIR CHAPTER 11 ESTATES AND THEIR RESPECTIVE PROPERTY OR FILING A PROOF OF CLAIM WITH RESPECT TO SUCH CLAIM, FROM VOTING ON ANY PLAN OF REORGANIZATION FILED IN THESE CASES AND FROM PARTICIPATING IN ANY DISTRIBUTION IN THE DEBTORS' CASES ON ACCOUNT OF SUCH CLAIM OR RECEIVING FURTHER NOTICES REGARDING SUCH CLAIM.**

## 7.    THE DEBTORS' SCHEDULES AND ACCESS THERETO

You may be listed as the holder of a claim against one or more of the Debtors in the Debtors' Schedules. If you rely on the Debtors' Schedules, it is your responsibility to determine that your claim is accurately listed on the Schedules. If you agree with the nature, amount and status of your claim as listed on the Debtors' Schedules, and if you do not dispute that your claim is against only the specified Debtor, and if your claim is not described as "disputed," "contingent," or "unliquidated," you need not file a proof of claim. Otherwise, or if you decide to file a proof of claim, you must do so before the applicable Bar Date in accordance with the procedures set forth in this Notice.

Copies of the Debtors' Schedules are available for inspection on the Court's internet website at www.nysb.uscourts.gov and on the independent website maintained by the Debtors, http://www.kccllc.net/rescap.  A login and password to the Court's Public Access to Electronic Court Records ("PACER") are required to access www.nysb.uscourts.gov and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov.  Copies of the Schedules may also be examined between the hours of 9:00 a.m. and 4:30 p.m. (Prevailing Eastern Time), Monday through Friday, at the Office of the Clerk of the Bankruptcy Court, One Bowling Green, Room 511, New York, New York 10004-1408.

Copies of the Debtors' Schedules may also be obtained by written request to the Debtors' claims agent at the address set forth below:

**ResCap Claims Processing Center**
**c/o KCC**
**PO Box 5004**
**Hawthorne, CA 90250**

## 8.    RESERVATION OF RIGHTS

The Debtors reserve their right to object to any proof of claim, whether filed or scheduled, on any grounds.  The Debtors reserve their right to dispute or to assert offsets or defenses to any claim reflected on the Schedules or any amendments thereto, as to amount, liability, classification or otherwise, and to subsequently designate any claim as disputed, contingent, unliquidated or undetermined.

**A holder of a possible claim against the Debtors should consult an attorney regarding matters in connection with this Notice, such as whether the holder should file a Proof of Claim.**

Dated: New York, New York
       August 29, 2012

BY ORDER OF THE COURT

Gary S. Lee
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104

*Counsel for the Debtors and*
*Debtors in Possession*

| **If you have any questions related to this notice, please call (888) 926-3479** |
| --- |

ny-1043431

12-12020-mg    Doc 7185-4    Filed 06/25/14    Entered 06/25/14 18:30:16    Exhibit 4
Pg 112 of 131

## Exhibit 4

**Rosenbaum Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------------- )
                                                              )
In re:                                                        )       Case No. 12-12020 (MG)
                                                              )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                     )       Chapter 11
                                                              )
                                         Debtors.             )       Jointly Administered
                                                              )
------------------------------------------------------------------------------- )

### DECLARATION OF NORMAN S. ROSENBAUM IN SUPPORT OF RESCAP BORROWER CLAIMS TRUST'S SIXTY-NINTH    OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)

Norman S. Rosenbaum, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury:

1.      I am a partner in the law firm of Morrison & Foerster LLP ("<u>M&F</u>").  M&F maintains offices for the practice of law, among other locations in the United States and worldwide, at 250 West 55th Street, New York, NY 10019.  I am an attorney duly admitted to practice before this Court and the courts of the State of New York.  By this Court's Order entered on July 16, 2012, M&F was retained as counsel to Residential Capital, LLC and its affiliated debtors (the "<u>Debtors</u>").  Following the Effective Date,[1] M&F has been retained as counsel to the ResCap Borrower Claims Trust (the "<u>Trust</u>").

2.      I submit this declaration in support of the Objection and in compliance with this Court's Order entered March 21, 2013, pursuant to section 105(a) of the Bankruptcy Code and Bankruptcy Rules 1009, 3007 and 9019(b), approving (i) claim objection procedures; (ii) Borrower Claim procedures; (iii) settlement procedures; and (iv) schedule amendment procedures [Docket No. 3294] (the "<u>Claim Objection Procedures Order</u>").

---

[1]      Unless otherwise indicated herein, capitalized terms shall have the meanings ascribed to them in the *ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "<u>Objection</u>")

3.      It is my understanding that in connection with the filing of the Objection, prior to the Effective Date of the Plan, the Debtors have complied with the Borrower Claim Procedures. I have been advised by M&F attorneys under my supervision that, prior to the Plan's Effective Date, in accordance with the Claims Objection Procedures Order, the Debtors, first reviewed a preliminary Borrower Claim List (as such term is defined in the Procedures Order), which included each proof of claim that the Debtors contemplating including in the Objection (the "Objection Claim List"), determined if such claims contradicted the information in the Debtors' books and records, and then confirmed the Objection Claim List's accuracy. Thereafter, the Debtors determined which claimants on the Objection Claim List should receive a Request Letter.

4.      To the best of my knowledge, the Debtors sent a Request Letter to those Borrowers that the Debtors and SilvermanAcampora LLP, Special Counsel to the Creditors' Committee, agreed should receive a Request Letter, with the Debtors providing copies of such letters to Special Counsel.

5.      To the best of my knowledge, prior to the filing of the Objection, the Debtors and the Trust have fully complied with all other applicable terms of the Claim Objection Procedures Order.[1]

*(Signature Page to Follow)*

---

[1] The Objection deviates from the Borrower Claim Procedures in that it is not supported by a declaration from Special Counsel. As of the Effective Date of the Plan, the Creditors' Committee was dissolved (see Plan at Art.XIII.D.). In connection with the Objection, it is my understanding that, prior to the Effective Date of the Plan, both the Debtors and Special Counsel complied with the Borrower Claim Procedures in connection with the furnishing of the Request Letters as set forth herein and the Objection. Because the Creditors' Committee was dissolved as of the Plan Effective Date (with the exception of certain limited duties provided for in the Plan), the Trust did not consult with Special Counsel prior to filing the Objection.

ny-1147210

I declare under penalty of perjury that the foregoing is true and correct.
Executed in New York, New York on June 25, 2014

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum

12-12020-mg    Doc 7189-5    Filed 06/25/14    Entered 06/25/14 18:30:15    Exhibit 5
Pg 116 of 131

# Exhibit 5

## Request Letters

**Request Letter No. 1**

ny-1147207



MORRISON | FOERSTER

**Claim Number:**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case.  A copy of your Proof of Claim form is enclosed for your reference.  In the process of reviewing the Proof of Claim form and the document(s), if any, you submitted, we noticed that you left the "Basis for Claim" field on the Proof of Claim form blank, or indicated that the basis for your claim is "unknown".  In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 17, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 17, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the basis for your claim and the supporting documentation by June 17, 2013, the Debtors may file a formal objection to your Proof of Claim on, among others, the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      (i)     **Claims.Management@gmacrescap.com, or**
      (ii)    **Residential Capital, LLC**
          **P.O. Box 385220**
          **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

11-12020-mg    Doc 7189-5    Filed 06/25/14    Entered 06/25/14 18:30:10    Exhibit 5
Pg 9 of 16

**Request Letter No. 2**



MORRISON | FOERSTER

July 21, 2013

**Claim Number:** <mark>XXX</mark>

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information regarding the claim amount. In order to evaluate your claim, we need you to reply using the attached form and provide a specific explanation of how you calculated the amount of your claim and also provide sufficient documentation to support the amount you have claimed.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors:**

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**<u>Questions</u>:**
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**<u>You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either:</u>**

      (i)     **<u>Claims.Management@gmacrescap.com</u>; or**
      (ii)    **Residential Capital, LLC**
               **P.O. Box 385220**
               **Bloomington, Minnesota 55438**

**<u>Please mark each document you send with the Claim Number referenced above.</u>**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

11-12020-mg    Doc 7155-5    Filed 06/25/14    Entered 06/25/14 18:30:15    Exhibit 5
Pg 3 of 16

**Request Letter No. 3**



MORRISON | FOERSTER

June 21, 2013

**Claim Number:** <mark>XXX</mark>

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      **(i)**    **Claims.Management@gmacrescap.com; or**
      **(ii)**   **Residential Capital, LLC**
             **P.O. Box 385220**
             **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

**Request Letter No. 4**



MORRISON | FOERSTER

June 21, 2013

**Claim Number: XXX**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

<u>**The Information we Need From You Regarding Your Proof of Claim**</u>:
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information to support your "Basis for Claim" and we do not have sufficient information to understand the calculations you used to determine the amount you claim to be owed. In order to evaluate your claim, we need to understand the specific reasons as to why you believe you are owed money or are entitled to other relief from one or more of the Debtors. Please reply using the attached form and provide a written explanation, with supporting documentation, and include a detailed explanation of how you calculated the amount of your claim.

<u>**You Must Respond to this Letter by no Later Than July 22, 2013**</u>:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

<u>**Consequences of Failing to Respond**</u>:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors**:
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions**:
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

      (i)     **Claims.Management@gmacrescap.com**; or
      (ii)    **Residential Capital, LLC**
              **P.O. Box 385220**
              **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

**Request Letter No. 5**



**MORRISON | FOERSTER**

**Claim Number: XXXX**

Dear Claimant:

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC, and other affiliated debtors and debtors in possession (collectively, the "Debtors"), pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claim(s) you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We received and reviewed a copy of the Proof of Claim form filed on your behalf, and noticed that it did not have any supporting documents attached to it.  In order to evaluate your claim, we need to specifically understand why you believe you are owed money or are entitled to other relief from one or more of the Debtors.  Although you may have stated the factual or legal basis for your claim on the first page of the Proof of Claim form, you have not provided any documentation to support this claim.  Therefore, we need you to provide us with documents that support the basis for your asserted claim.  A copy of your Proof of Claim form is enclosed for your reference.

**You Must Respond to this Letter by no Later Than June 24, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 24, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases), and you **must** provide copies of any and all documentation that you believe supports the basis for your claim.   Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond**:
If you do not provide the supporting documentation by June 24, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged.  If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied.  Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim(s).

<u>Questions</u>:

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney.  You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com


<u>**You must send the requested information and document(s) supporting your claim(s) on or before the date provided in this letter to either:**</u>

(i)     **Claims.Management@gmacrescap.com; or**
(ii)     **Residential Capital, LLC**
        **P.O. Box 385220**
        **Bloomington, Minnesota 55438**


<u>**Please mark each piece of correspondence with the Claim Number referenced above.**</u>



Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually, and therefore, cannot provide you with legal advice.