**Exhibit 11**

**Docket No. 7795**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: <br><br> RESIDENTIAL CAPITAL, LLC, *et al*. <br><br> Debtors. | Case No. 12-12020 (MG) <br><br> Jointly Administered |

**ORDER DENYING MOTION OF TIA SMITH FOR RECONSIDERATION**

Pending before the Court is a motion for reconsideration filed by Tia Smith (ECF Doc. # 7691, the "Motion"). Through the Motion, Smith asks the Court to reconsider its ruling sustaining the ResCap Borrower Claims Trust's (the "Trust") objection to claim numbers 3889, 4129, 4134, and 4139 filed by Smith. For the reasons explained below, the Motion is **DENIED**.

The Trust objected to Smith's claims (the "Claims") in its Sixty-Ninth Omnibus Objection (the "Objection," ECF Doc. # 7188). Smith filed a response to the Objection (the "Response," ECF Doc. # 7300). The Court held a hearing on August 26, 2014; Smith appeared by telephone. On October 1, 2014, the Court issued an opinion sustaining in part and overruling in part the Trust's Objection, holding that the majority of Smith's Claims fail to state a plausible basis for the Debtors' liability, but Smith's Claim under the California Unfair Competition Law, CAL. BUS. & PROF. CODE §17200 *et seq.*, raises a contested matter (the "Opinion," ECF Doc. # 7598). The facts giving rise to Smith's Claims are discussed in the Opinion, and familiarity of those facts is assumed here. In the Motion—as in her Response—Smith reiterates arguments in support of each cause of action she asserts against the Debtors. (Motion at 15–34.) These arguments were raised by Smith and considered by the Court when it reached its prior decision. Smith also argues that the Court overlooked certain inferences to be drawn from the exhibits attached to the Objection, the Response, and the Reply. However, the Court has already

reviewed these documents in reaching its prior decision, and Smith does not provide any newly discovered evidence to support her arguments. As explained below, Smith cannot use a motion for reconsideration as an opportunity to reargue what has already been considered and rejected by the Court.[1]

Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates Rule 59 of the Federal Rules of Civil Procedure (the "FRCP"), which regulates motions for amendment of a judgment. *See* FED. R. BANKR. P. 9023; FED R. CIV. P. 59. Additionally, Bankruptcy Rule 9024 incorporates FRCP Rule 60, which establishes the grounds for granting relief from a final order. *See* FED. R. BANKR. P. 9023; FED R. CIV. P. 60. FRCP 60 provides that a court may grant relief from an order for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order. FED. R. CIV. P. 60(a)–(b). A court should not grant a motion for consideration unless "the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123

---

[1] By letter dated October 29, 2014 (ECF # 7699), Smith states that the Trust never provided her with notice of the issuance of the Opinion, highlighting the fact that she nearly missed the deadline by which her Motion could be filed as a result of the Trust's error. Smith expresses concern with the Trust's failure to provide notice of the Opinion, and her point is well taken. The Court reminds the Trust that notice of filings must be provided to all applicable parties.

2

(2d Cir. 2003) (internal quotation marks and citation omitted).  A motion may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995).  Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted).

Because Smith is *pro se*, the Motion is held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even so, the Motion fails to identify adequate grounds for relief.  The Motion does not identify any intervening change in law or any newly available evidence.  Although Smith only purports to seek relief under FRCP 59, the Court holds that she has failed to satisfy the standards of either FRCP 59 or 60.

In the Motion, Smith rehashes the arguments made in her Response, challenging many findings the Court made in the Opinion.  She argues that reconsideration of the Opinion is warranted on the basis that the Court erred by (1) relying on insufficient evidence submitted by the Trust; (2) preventing Smith from having a full and fair opportunity to present her case; and (3) relying on incorrect legal principles and reaching incorrect conclusions.  (*See* Motion ¶ 10.) The Court finds that none of these arguments establish extraordinary circumstances warranting reconsideration of the Opinion.  *See In re Enron Corp.*, 325 B.R. 363, 369 (Bankr. S.D.N.Y. 2006) (holding that for purposes of determining a reconsideration motion, "an error in legal interpretation does not constitute 'extraordinary circumstances'").

Claims objections have a shifting burden of proof.  Correctly filed proofs of claim "constitute prima facie evidence of the validity and amount of the claim . . . .  To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed,

3

would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal citations and quotation marks omitted). If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." 4 COLLIER ON BANKRUPTCY ¶ 502.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014).

    The Court did not err when it held that the Trust shifted the burden of proving the validity of the Claims back to Smith and that Smith failed to satisfy that burden. As set forth in the Opinion, the Trust provided sufficient evidence to establish the untimeliness of several of Smith's Claims, and the Trust also established that certain of Smith's Claims lacked merit. In light of the evidence provided by the Trust, Smith did not establish the validity of her Claims by a preponderance of the evidence. Nor did the Court overlook critical elements of Smith's arguments.

    In the Motion, Smith rehashes many of the arguments she made in her Response, asserting that the Court misinterpreted certain of her arguments and overlooked facts purportedly supporting her position. She also argues that the Court denied her an opportunity to fully explain her position at the hearing on the Objection, claiming that the Court admonished her for speaking out of turn. However, Smith does not submit new evidence in support of her arguments, relying instead on the same documents reviewed by the Court in issuing the Opinion. While the Court

4

did reprimand Smith for speaking out of turn at the hearing on the Objection, she was afforded the opportunity to address the points she wished to raise. (*See* Obj. Hr'g Tr. 64:10–13, Aug. 26, 2014, ECF Doc. # 7497 ("Ms. Smith, briefly, what else did you want to say? MS. SMITH: I wanted to say that the ResCap trust failed to identify the actual servicer on Exhibit X. It doesn't even give the name of who the servicer is.").) And the purportedly erroneous findings made by the Court do not amount to extraordinary circumstances warranting reconsideration of the Opinion. The Court considered the arguments made by the parties and the evidence in support thereof when issuing its prior decision. A reconsideration motion may not be used to renew the same evidence and arguments that were considered and rejected by the Court once before.

For the foregoing reasons, the Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 24, 2014
New York, New York

                                                 **/s/Martin Glenn**
                                                 MARTIN GLENN
                                                 United States Bankruptcy Judge