Stephanie Harris
PO Box 190504
Miami Beach, Florida 33139
786-222-0701

Pro se claimant no. 2536

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

FILED
U.S. BANKRUPTCY COURT
2014 DEC 17 P 2:09
S.D. OF N.Y.

IN RE: RESIDENTIAL CAPITAL, LLC ET AL.

Case Number: 12-12020 (MG)
CHAPTER 11
Jointly Administered

Claimant No. 2536, STEPHANIE HARRIS RESPONSE TO REPLY FILED BY RESCAP BORROWERS CLIAMS TRUST, REQUEST FOR DIMISSAL AND STRIKE.

Comes Now, STEPHANIE HARRIS, Pro Se and pursuant to the U.S. BANKRUPTCY RULES AND PROCEDURES, and hereby moves the Court to Order dismissing the response filed by RESCAP TRUST,

As grounds therefore, Claimant No. 2536 offers the following:

I

MOTION TO STRIKE RESCAP'S TRUST RESPONSE

A. That the Claimant, Stephanie Harris, as a general objection would state that the response filed by the RESCAP TRUST attorney is self-serving and does not address the material issues which not only the criminal complicity of Attorney Stern but also the lack of standing to pursue any remedy due to lack of ORIGINAL NOTE. That the claimant would assert that Florida is a lien state which requires the note in order to have standing to pursue a legal

foreclosure That without the note there can be no case for foreclosure in the state of Florida. . In Florida Statute 702.015, Florida banks are held to a duty of providing the courts with proper, valid documentation in support of their foreclosure lawsuit. Specifically:

(2) A complaint that seeks to foreclose a mortgage or other lien on residential real property, including individual units of condominiums and cooperatives, designed principally for occupation by from one to four families which secures a promissory note must:
(a) Contain affirmative allegations expressly made by the plaintiff at the time the proceeding is commenced that the plaintiff is the holder of the original note secured by the mortgage; or
(b) Allege with specificity the factual basis by which the plaintiff is a person entitled to enforce the note under s. 673.3011.
(3) If a plaintiff has been delegated the authority to institute a mortgage foreclosure action on behalf of the person entitled to enforce the note, the complaint shall describe the authority of the plaintiff and identify, with specificity, the document that grants the plaintiff the authority to act on behalf of the person entitled to enforce the note. This subsection is intended to require initial disclosure of status and pertinent facts and not to modify law regarding standing or real parties in interest. The term "original note" or "original promissory note" means the signed or executed promissory note rather than a copy thereof. The term includes any renewal, replacement, consolidation, or amended and restated note or instrument given in renewal, replacement, or substitution for a previous promissory note. The term also includes a transferable record, as defined by the Uniform Electronic Transaction Act in s. 668.50(16).
(4) If the plaintiff is in possession of the original promissory note, the plaintiff must file under penalty of perjury a certification with the court, contemporaneously with the filing of the complaint for foreclosure, that the plaintiff is in possession of the original promissory note. The certification must set forth the location of the note, the name and title of the individual giving the certification, the name of the person who personally verified such possession, and the time and date on which the possession was verified. Correct copies of the note and all allonges to the note must be attached to the certification. The original note and the allonges must be filed with the court before the entry of any judgment of foreclosure or judgment on the note.

B. That as a lien state the Bank must provide satisfactory evidence that the note exist and provide proof of its evidence. ., *JP Morgan Chase v. New Millenial, LC,* 6 So. 3d 681 (Fla. 2d D.C.A. 2009) (reversing summary judgment in favor of mortgagor); *Margiewicz v. Terco Properties of Miami Beach, Inc.*, 441 So. 2d 1124, 1125 (Fla. 3d D.C.A. 1995); *WM Specialty Mtg., LLC v. Salomon*, 874 So. 2d 680, 682 (Fla. 4th D.C.A. 2004); *Chem. Res. Mtg. v. Rector*, 742 So. 2d 300 (Fla. 1st D.C.A. 1998) (no requirement that written and recorded assignment be attached to complaint); *Mfrs' Trust Co. v. People's Holding Co.*, 110 Fla. 451, 149 So. 5 (1933); Restatement (Third) Property: Mortgages §5.4(a).

C. That the antics of David J. Stern and his foreclosure mill are well documented by the Florida bar and other government agencies. Claimant is alleging complicity with the David J. Stern office which has not been properly addressed. In the State of Florida accusations flooded the Florida Bar and local courts about false or inaccurate documents in those cases. Stern's offices closed, and he laid off thousands of employees.

The following is a summary of the Bar's complaint, which barely touches on the volumes of

Criminal and suspicious activities that was conducted by Stern and his office:

Stern promoted attorneys Beverly McComas and Miriam Mendieta, and nonlawyer Cheryl Samons to manage employees in his office. While case volume sky-rocketed, he boosted their salaries to a range of $200,000 to $600,000.

Stern knew or should have known that Mendieta and McComas failed to make reasonable efforts to ensure that the office and its lawyers were complying with bar rules.

Stern's lack of supervisory oversight contributed too many allegations of misconduct, including many judicial referrals to the Bar, including:

• Missed hearings, trials, other court proceedings

• Improperly executed documents and motions in foreclosure cases, or improperly notarized documents

• Hundreds of attorneys handling thousands of mortgage foreclosure files with substandard administration, direction, supervision, oversight or control

• Thousands of pending foreclosure cases and clients left without proper representation

Stern failed to make reasonable efforts to ensure the professional conduct of those handing the firm's files.

Stern failed to take sufficient steps to prevent wrongdoing by the firm's employees despite the multiple allegations of misconduct, such as backdating or changing dates on documents.

Stern either knew or should have known that inaccurate and/or improperly executed documents were regularly being provided to courts and took insufficient action to investigate the activity or to stop or prevent the improprieties. Disciplinary action has been brought against him for various actions that are not only unethical but are Criminal in nature.

The culmination of Stern's complicities and elaborate foreclosure frauds have resulted in his loss of license by being disbarred by the Florida Bar. The Claimants position is that Stern had complicity in this matter and that the Bank not only assisted in his complicity but was an active participant.

WHEREFORE, STEPHANIE HARRIS, requests that this Court strike the RESCAP TRUST response.

Respectfully Submitted,

/s/ ________________
Stephanie Harris

PO Box 190504
Miami Beach, Florida 33139
786-222-0701

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing has been furnished by U.S. Mail, this_______ day___________, 2014 to:.

1. Norman S. Rosenbaum Esq.
   MORRISON AND FOERSTER, LLP
   Attorney for RESCAP BORROWER CLAIMS TRUST
   250 WEST 55TH STREET
   NEW YORK, NEW YORK 10019

2. Street Address:

   One Bowling Green

   New York, NY 10004-1408

Mailing Address:
US Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

/s/_____________________.

Stephanie Harris

PO Box 190504
Miami Beach, Florida 33139
786-222-0701