Hearing Date and Time:  February 11, 2015 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time:  January 22, 2015 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Borrower Claims*
*Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

---------------------------------------------------------------

## NOTICE OF THE RESCAP BORROWER CLAIMS TRUST'S
## EIGHTIETH OMNIBUS OBJECTION TO CLAIMS
## (NO LIABILITY BORROWER CLAIMS)

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap*
*Borrower Claims Trust's Eightieth Omnibus Objection to Claims (No Liability Borrower*
*Claims)* (the "Omnibus Objection"), which seeks to alter your rights by disallowing your
claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Omnibus Objection
will take place on **February 11, 2015 at 10:00 a.m. (Prevailing Eastern Time)** before
the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern
District of New York, Alexander Hamilton Custom House, One Bowling Green, New
York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **January 22, 2015 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) counsel to the ResCap Borrower Claims Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum, Jordan A. Wishnew, and Jessica J. Arett); (c) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); (d) The ResCap Borrower Claims Trust, Polsinelli PC, 900 Third Avenue, 21st Floor, New York, NY 10022, (Attn: Daniel J. Flanigan) and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Avenue, Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

Dated:  December 23, 2014
        New York, New York

Respectfully Submitted,


/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for The ResCap Borrower
Claims Trust*

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for The ResCap Borrower*
*Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ------------------------------------------------------------ ) | | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------ ) | | |

**RESCAP BORROWER CLAIMS TRUST'S**
**EIGHTIETH OMNIBUS OBJECTION TO CLAIMS**
**<u>(NO LIABILITY BORROWER CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN FILED PROOFS OF CLAIM.  CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE RESCAP BORROWER CLAIMS TRUST'S COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

## TABLE OF CONTENTS

**Page**

RELIEF REQUESTED.................................................................................................. 1

JURISDICTION ........................................................................................................... 2

BACKGROUND ........................................................................................................... 2

THE NO LIABILITY BORROWER CLAIMS ............................................................. 5

NOTICE...................................................................................................................... 15

NO PRIOR REQUEST ............................................................................................... 15

CONCLUSION............................................................................................................ 15

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Browning Manufacturing v. Mims (In re Coastal Plains, Inc.),
179 F.3d 197 (5th Cir. 1999) .............................................................................12

Chartschlaa v. Nationwide Mutual Insurance Co.,
538 F.3d 116 (2d Cir. 2008)..............................................................................12

In re Adelphia Communications Corp.,
Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ..........6

In re Oneida Ltd.,
400 B.R. 384 (Bankr. S.D.N.Y. 2009).......................................................................6

In re Rockefeller Center Properties,
272 B.R. 524 (Bankr. S.D.N.Y. 2000) .....................................................................6

New Hampshire v. Maine,
532 U.S. 742 (2001).......................................................................................12

Rosenshein v. Kleban,
918 F. Supp. 98 (S.D.N.Y. 1996).........................................................................12

STATUTES

11 U.S.C. § 521(1) ...........................................................................................12

28 U.S.C. §§ 157 and 1334 ....................................................................................2

28 U.S.C. §§ 1408 and 1409 ..................................................................................2

11 U.S.C. § 501(a) ............................................................................................5

11 U.S.C. § 502(b)(1) ......................................................................................1, 6

OTHER AUTHORITIES

Bankruptcy Rule 1015(b).......................................................................................2

Bankruptcy Rule 3007(d).....................................................................................1, 4

Bankruptcy Rule 3001(f) ......................................................................................5

4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f]
(Alan N. Resnick & Henry J. Sommer eds., 16th ed. rev. 2013)................................................5

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors") with regards to Borrower Claim (defined below) matters, by and through its undersigned counsel, respectfully represents:

## RELIEF REQUESTED

1.      The Borrower Trust files this eightieth omnibus objection to claims (the "Objection") pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases (the "Procedures Order") [Docket No. 3294], and seeks entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 1, to disallow and expunge the claims listed on Exhibit A[1] annexed to the Proposed Order.  In support of this Objection, the Borrower Trust submits the Declaration of Kathy Priore, Associate Counsel for the ResCap Liquidating Trust (the "Priore Declaration," attached hereto as Exhibit 2), and the Declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Borrower Trust (the "Rosenbaum Declaration," attached hereto as Exhibit 3).

2.      The Borrower Trust examined the proofs of claim identified on Exhibit A to the Proposed Order and determined that the proofs of claim listed on Exhibit A (collectively, the "No Liability Borrower Claims") are not liabilities of the Debtors.  This determination was made after the holders of the No Liability Borrower Claims were given an opportunity under the

---

[1]      Claims listed on Exhibit A are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

1

Procedures Order to supply additional documentation to substantiate their respective claims. Accordingly, the Borrower Trust seeks entry of the Proposed Order disallowing and expunging the No Liability Borrower Claims from the Claims Register.

3.    The proofs of claim identified on <u>Exhibit A</u> annexed to the Proposed Order solely relate to claims filed by current or former borrowers (collectively, the "<u>Borrower Claims</u>" and each a "<u>Borrower Claim</u>").  As used herein, the term "Borrower" means a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors.[2]

4.    The Borrower Trust expressly reserves all rights to object on any other basis to any No Liability Borrower Claim as to which the Court does not grant the relief requested herein.

## JURISDICTION

5.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334.  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## BACKGROUND

*General Case Background*

6.    On May 14, 2012 (the "<u>Petition Date</u>"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[2]    The terms "Borrower" and "Borrower Claims" are identical to those utilized in the Procedures Order [Docket No. 3294].

ny-1169948

7.      On May 16, 2012, the United States Trustee for the Southern District of New York appointed a nine member official committee of unsecured creditors [Docket No. 102] (the "Creditors' Committee").

8.      On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred, and, among other things, the Borrower Trust was established [Docket No. 6137].

9.      The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed Borrower Claims to the extent such claims are ultimately allowed either through settlement with the Borrower Claims Trustee or pursuant to an Order of the Court.  See Plan, at Art. IV.F.  The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims."  See id.

*Claims-related Background*

10.     On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

ny-1169948

11.    On August 29, 2012, this Court entered an order approving the Debtors'

motion to establish procedures for filing proofs of claim in the Chapter 11 Cases [Docket No.

1309] (the "Bar Date Order").    The Bar Date Order established, among other things,

(i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of

claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribing the

form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental

Bar Date").    Bar Date Order ¶¶ 2, 3.    On November 7, 2012, the Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time)

[Docket No. 2093].  The Governmental Bar Date was not extended.

12.    On March 21, 2013, the Court entered the Procedures Order, which

authorizes the Debtors to, among other things, file omnibus objections to no more than 150

claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and

those additional grounds set forth in the Procedures Order.  See Procedures Order at 2-3.

13.    Based on substantial input from counsel to the Creditors' Committee and

its special counsel for Borrower issues, SilvermanAcampora LLP ("Special Counsel"), the

Procedures Order includes specific protections for Borrowers and sets forth a process for the

Debtors or any successor in interest to follow before objecting to certain categories of Borrower

Claims (the "Borrower Claim Procedures").  The Borrower Claim Procedures provide, *inter alia*,

that prior to objecting to Borrower Claims filed with no or insufficient documentation, the

Debtors must send each such Borrower claimant a letter requesting additional documentation in

support of the purported claim (the "Request Letter").  See Procedures Order at 4.

14.    Beginning in May of 2013, the Debtors sent Request Letters, substantially

in the form as those attached as Exhibit 4, to those Borrowers who filed the No Liability

4

Borrower Claims with insufficient documentation.  The Request Letters state that the claimant must respond within thirty (30) days (the "Response Deadline") with an explanation that states the legal and factual reasons why the claimant believes it is owed money or is entitled to other relief from the Debtors and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for its claim.  See Request Letters at 1.  The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, then the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.  Id.

15.    The Response Deadline has passed, and the Debtors and the Borrower Trust either did not receive any response to the Request Letters or received insufficient information to establish a basis for liability with respect to the applicable No Liability Borrower Claims.  See Priore Declaration at ¶ 5.

## THE NO LIABILITY BORROWER CLAIMS SHOULD BE DISALLOWED AND EXPUNGED

16.    Based upon its review of the No Liability Borrower Claims identified on Exhibit A annexed to the Proposed Order, the Borrower Trust determined that they do not represent valid prepetition claims against the Debtors and should be expunged.  If the No Liability Borrower Claims are not disallowed and expunged, then the parties who filed these proofs of claim may receive a wholly improper recovery to the detriment of other Borrowers who hold valid claims.  See Priore Declaration ¶ 9.

17.    Section 501(a) of the Bankruptcy Code provides that "[a] creditor . . . may file a proof of claim."  11 U.S.C. § 501(a).  "The proof of claim, if filed in accordance with section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim under Federal Rule of Bankruptcy 3001(f) and Code section 502(a)."  4 COLLIER ON BANKRUPTCY ¶ 502.02[3][f] (Alan N. Resnick & Henry J. Sommer eds., 16th

5

ed. rev. 2013).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim

may not be allowed to the extent that "such a claim is unenforceable against the debtor and

property of the debtor, under any agreement or applicable law . . . ." 11 U.S.C. § 502(b)(1).

18.    If an objection refuting at least one of the claim's essential allegations is

asserted, however, the claimant has the burden to demonstrate the validity of the claim.  See In re

Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case

No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re

Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

19.    The Debtors and the Borrower Trust diligently analyzed the No Liability

Borrower Claims and the allegations set forth therein and examined the Debtors' books and

records in order to assess the alleged liabilities asserted.  See Priore Declaration at ¶¶ 4-6.  In

addition, the Debtors sent Request Letters to those claimants who filed No Liability Borrower

Claims with insufficient supporting documentation to allow such claimants to provide additional

support for their claims.  The holders of the No Liability Borrower Claims that received Request

Letters either failed to respond to the letters or failed to provide sufficient information to

substantiate their claims.  See id. at ¶ 5.

20.    The Borrower Trust's specific factual and/or legal reason(s) for objecting

to the allowance of each No Liability Borrower Claim is set forth on Exhibit A to the Proposed

Order under the heading titled "*No Liability Summaries*."  In general, the Borrower Trust's

objection to each No Liability Borrower Claim falls under one or more of the following ten

categories:

(i)    ***General No Liability***.  This category includes claims:
- asserting that a Debtor is responsible for liabilities of non-Debtor entities;
- related to a settlement that the Claimant was not a party to;
- related to statements made by non-Debtor entities that do not have the ability to impute liability to the Debtors for the benefit of Claimants in connection with the Chapter 11 Cases;

6

- asserting that a Debtor is liable based on litigation to which the Debtor is not a party;
- where the Claimant has not demonstrated how they were damaged by the Debtors' actions; or
- that otherwise do not constitute a valid obligation of the Debtors (collectively, the "General No Liability Claims").

To assess the validity of these claims, the Borrower Trust reviewed the Debtors' books and records, including (a) the claimant's transaction history showing the payments the claimant has made and the Debtors' application of those payments to principal, interest, fees, and escrows, as applicable (the "Loan Payment History"), (b) the Debtors' records tracking the history of the servicing of the claimant's loan, including but not limited to documenting instances of i) communication with the claimant, ii) letters and notices sent by the Debtors to the claimant, and iii) the Debtors' efforts to foreclose, conduct loss mitigation efforts, inspect properties, pay taxes and insurance on behalf of the claimant, and other standard servicing activity (collectively, the "Internal Servicing Notes"), and (c) other records as applicable.  See Priore Declaration at ¶ 8(i).  Based on its review, the Borrower Trust has determined that the Debtors are not liable for the General No Liability Claims.  See id.

To substantiate this determination, the Borrower Trust is prepared to provide the Court and each claimant whose claim is identified as a General No Liability Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more[3] of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:
- Loan Payment History;
- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust; or
- Other documents that are relevant to the reconciliation of the claim.[4]

(ii) **_General Servicing Issues_**.  This category includes claims based on general servicing issues, including assertions that a Debtor misapplied mortgage payments, provided incorrect information or reporting to the claimant, made improper collection calls, failed to release a lien on a timely basis, failed to respond to Qualified Written Requests, wrongfully transferred servicing or wrongfully sold the claimant's loan (the "General Servicing Issues Claims").  To assess the validity of these claims, the Borrower Trust reviewed Internal Servicing Notes, Loan Payment History, letters between the Debtors

---

[3]    For the purpose of clarification, the Borrower Trust is not suggesting that the listed documents in the respective objection categories are relevant to every Claim; rather, the Borrower Trust will provide the claimant and the Court with copies of only those relevant documents presently in its possession that substantiate the stated reason(s) for disallowance.

[4]    The production of documents by the Borrower Trust (to claimants under any of the stated objection categories) will be subject to all applicable privileges, including without limitation, attorney-client, and where necessary, will be subject to a mutually acceptable Confidentiality Agreement.

ny-1169948

and the applicable Borrower(s), executed mortgage notes and deeds of trust, and other relevant documents.  See Priore Declaration at ¶ 8(ii).

Based on its review, the Borrower Trust has determined that the General Servicing Issues Claims are not valid obligations of the Debtors because: (a) the alleged events involving General Servicing Issues never took place; (b) the Debtor remedied the alleged error or mishandling, and as a result, the Claimant did not incur any damages or failed to provide evidence of damages; (c) the Debtor acted properly in servicing the loan, in accordance with the Debtors standard policies and procedures and the terms of the executed note and deed of trust; and/or (d) the allegations relate to actions taken by a non-Debtor entity. See id.

To substantiate this determination, the Borrower Trust is prepared to provide the Court and each claimant whose claim is identified as a General Servicing Issues Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors' in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Debtors' written communications to the claimant;
- Copies of lien releases; or
- Other documents that are relevant to the reconciliation of the claim.

(iii) **_Origination Issues_**.  This category includes claims based on loan origination issues, which include, without limitation, claims relating to disputes regarding the loan application and closing process, disclosures, loan terms, rights of rescission or a purportedly defective title exam.  To assess the validity of these claims (the "Origination Issues Claims"), the Borrower Trust reviewed the Debtors' books and records, including the claimants' executed mortgage notes, to determine whether any Debtor was involved in the origination of the applicable loans, and if so, if the claim would be barred by the applicable statute of limitations.  See Priore Declaration at ¶ 8(iii).

Based on its review of the Debtors' books and records and its review of applicable state and federal law, the Borrower Trust determined that the Debtors are not liable for the Origination Issues Claims because either (1) no Debtor entity was involved in the origination of the applicable loans and vicarious liability cannot be imputed to any Debtor in its capacity as servicer or assignee of the loans,[5] or (2) the claim is barred by the applicable statute of limitations  See id.

---

[5]    As noted in Exhibit A, to the extent the claimant asserts statutory claims related to origination of the loan, the Borrower Trust reviewed the applicable federal and state statutes and determined that such claims against servicers or loan assignees carry no successor liability.  To the extent claimant asserts common-law claims, the Borrower Trust found no case precedent establishing assignee liability when a party is not involved with the origination of the loan, and the claimant did not provide any specific legal authority to substantiate its allegation.

To substantiate this determination, the Borrower Trust is prepared to provide the Court and each claimant whose claim is identified as an Origination Issues Claim on <u>Exhibit A</u> to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Origination File; or
- Other documents that are relevant to the reconciliation of the claim.

(iv)   ***<u>Escrow Issues</u>***.  This category includes claims based on the alleged improper application or calculation of escrow amounts (the "<u>Escrow Issues Claims</u>").  To assess the validity of these claims, the Trust examined the Debtors' books and records, including the Debtors' escrow receipts and payments, the annual escrow analysis sent to Borrowers and any Internal Servicing Notes and written communication between the Debtors and the applicable Borrower(s).

Based on its review, the Trust determined that the Debtors are not liable for the Escrow Issues Claims.  <u>See</u> Priore Decl. at ¶ 8(iv).  In cases where a claimant asserted that they were owed a refund, the Trust determined that the payments to the Debtors received were all correctly applied.  In cases where a claimant asserted that the escrow collected was insufficient to cover the property taxes and insurance, the Trust reviewed the escrow statements issued to the claimant, which outlined the amounts paid that year compared to what was estimated, as well as Internal Servicing Notes to the extent that there was an escrow account added to the loan, and determined that they have no liability as long as all amounts received from the Borrower were accurately recorded because the Borrowers are liable for the taxes and insurance on their real property.  In cases where a claimant asserted that it was owed a refund, the Trust looked at (1) the escrow statement issued to the claimant to determine if there was a refund due, (2) the history of the loan to determine if a check was issued for the refund and (3) the internal account notes to determine if there were discussions with the claimant regarding an escrow refund not being received, and found that any refunds due were previously paid.  Moreover, to the extent that the Debtors' books and records indicated that the issues asserted by a claimant occurred after the Debtors ceased servicing the underlying loan, the Trust concluded that the Debtors had no liability for the claim.  <u>See id</u>.

To substantiate this determination, the Trust is prepared to provide the Court and each claimant whose claim is identified as an Escrow Issues Claim on <u>Exhibit A</u> to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;

9

- Debtors' written communications to the claimant;
- Escrow Statement;
- Loan Modification Agreement, if applicable; or
- Other documents that are relevant to the reconciliation of the claim.

(v) ***Wrongful Foreclosure***.  This category includes claims based, either directly or indirectly, on allegations of wrongful foreclosure by the Debtors (the "Wrongful Foreclosure Claims").  To assess the validity of these claims, the Borrower Trust examined the Debtors' books and records to verify that the Debtors foreclosed properly and, where applicable, took the appropriate loss mitigation steps.  Specifically, the Borrower Trust reviewed Payment History, Internal Servicing Notes, as well as, where applicable, the claimants' loan modification applications, loan modification approval letters, loan modification denial letters, compliance with loan modifications (trial and/or permanent), compliance with any other payment plans (forbearance and repayment), short sale applications and history, investor guidelines and/or direction, breach letters, and/or foreclosure related documents.  Where a claimant asserted that he or she did not execute the mortgage note, the Borrower Trust compared the signatures on other executed documents in the claimant's file, as well as examining the Loan Payment History and any other information in the Debtors' possession.  Moreover, where a Wrongful Foreclosure Claim was based on issues related to a short sale, the Borrower Trust further reviewed the Debtors' records to determine whether a short sale approval had been requested, and, if so and if such request was denied, whether the reason for denial was proper.[6]  See Priore Declaration at ¶ 8(v).  Based on its review, the Borrower Trust determined that the Debtors are not liable for the Wrongful Foreclosure Claims.  See id.

To substantiate this determination, the Borrower Trust is prepared to provide the Court and each claimant whose claim is identified as a Wrongful Foreclosure Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Loan Modification Agreement, if applicable;
- Debtors' written communications to Claimant, including the following, if applicable:
  - Denial Letters,
  - Missing Items Letters,
  - Loan Modification Offers,
  - Signed Modification Agreement(s),
  - Breach of Contract Notice, and

---

[6]    Appropriate reasons for denying a short sale request include, without limitation, a claimant's failure to submit executed sale contracts, a claimant's failure to obtain approval from second lien holders and/or a claimant's short sale request did not comply with the investor's requirements.

       ▪  Trial, Forbearance, or Foreclosure Repayment Plan Letters;
- Escrow Statement, if applicable;
- Pooling and Servicing Agreements, if applicable; or
- Other documents that are relevant to the reconciliation of the claim.

(vi)  ***Standing Issues***.  This category includes claims alleging that the Debtors lacked the standing to service, foreclose or otherwise enforce the terms of the claimant's loan (the "Standing Issues Claims").  To assess the validity of these claims, the Borrower Trust reviewed the Debtors' books and records, including the claimant's mortgage or deed of trust, documents relating to chain of ownership, relevant assignments of interests in the loan, Loan Payment History, and Internal Servicing Notes.  See Priore Declaration at ¶ 8(vi).  Based on its review, the Borrower Trust has determined that the Debtors are not liable for the Standing Issues Claims because the Debtors had proper authority to service or foreclose the loan and to enforce the terms of the claimant's loan on behalf of the owner of the loan.  See id.

To substantiate this determination, the Borrower Trust is prepared to provide the Court and each claimant whose claim is identified as a Standing Issues Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:
- Loan Payment History;
- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Mortgage Assignments;
- Loan Modification Agreement, if applicable;
- Debtors' written communications to Claimant, if applicable; or
- Other documents that are relevant to the reconciliation of the claim.

(vii)  ***Interest Rates and Fees Collected***.  This category includes claims based on assertions that either (a) interest rates charged to the claimant were incorrect, incorrectly adjusted, or incorrectly not adjusted (the "Interest Rates Claims") or (b) the fees charged to the claimant were incorrect or inappropriate (the "Fees Collected Claims," and together with the Interest Rates Claims, the "Interest Rates and Fees Collected Claims").  To assess the validity of these claims, the Borrower Trust reviewed the Debtors' books and records, including the claimant's note, any adjustable rate rider and related documents, notices and/or adjustment letters sent to the claimant, Loan Payment History and fees charged. See Priore Declaration at ¶ 8 (vii).

Based on its review, the Borrower Trust has determined that the Debtors are not liable for the Interest Rates and Fees Collected Claims because the interest rates and fees charged were consistent with the governing loan documents, the Debtors' servicing policies, and if applicable, investor guidelines and/or servicing agreements.  To substantiate this determination, the Borrower Trust is prepared to provide the Court and each claimant whose claim is identified as an Interest Rates Claim or a Fees Collected Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the

11

following types of documents, each of which were prepared or kept by the Debtors in the
course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;
- Loan Modification Agreement, if applicable;
- Investor guidelines, if applicable;
- Servicing agreement(s), if applicable;
- Debtors' written communications to the claimant, including, if applicable Rate
  Adjustment Letters; or
- Other documents that are relevant to the reconciliation of the claim.

(viii) ***Judicial Estoppel and Standing***.   This category includes a claim (the "Judicial Estoppel
Claim") that is barred from relief under the doctrine of judicial estoppel.  Judicial
estoppel applies when (i) a party asserts a position in a proceeding, but thereafter assumes
a contrary position, and (ii) such inconsistences create the inference the court has been
misled.  New Hampshire v. Maine, 532 U.S. 742, 749 (2001).  Pursuant to 11 U.S.C. §
521(1), a debtor is required to disclose all of his/her actual or potential assets, which
would include any known causes of action.  See 11 U.S.C. §§ 521(1), 1306; Chartschlaa
v. Nationwide Mut. Ins. Co., 538 F.3d 116 (2d Cir. 2008) (citing 11 U.S.C. §§
521(a)(1)(B)(i), (iii)); Rosenshein v. Kleban, 918 F. Supp. 98 (S.D.N.Y. 1996).  "If the
debtor has enough information … prior to confirmation to suggest that it may have a
possible cause of action, then it is a 'known' cause of action such that it must be
disclosed."  Browning Mfg. v. Mims (In re Coastal Plains, Inc.), 179 F.3d 197, 208 (5th
Cir. 1999) (citations omitted).  Undisclosed assets automatically remain property of the
estate, and as a result, even after discharge of the bankruptcy estate, the debtor lacks
standing to pursue a claim that he failed to disclose.  See Rosenshein, 918 F. Supp. at
103.

This Court, following numerous other courts in this circuit, has applied the doctrine of
judicial estoppel to disallow and expunge claims where the claimant failed to disclose the
claim in their own bankruptcy proceeding.  See *Memorandum Opinion and Order
Sustaining Objection and Expunging Claim No. 4443 by Corla Jackson* [Docket No.
6363], *appeal dismissed,* No. 14 cv. 1427 (S.D.N.Y. Oct. 9, 2014).  Similarly, each of the
Claimants asserting a Judicial Estoppel Claim failed to affirmatively assert the Judicial
Estoppel Claim in his or her respective bankruptcy cases (all of which have been closed).
As a result, each Claimant effectively waived the right to assert his or her Judicial
Estoppel Claim and is estopped from bringing those same claims in the Debtors' Chapter
11 cases. See Priore Declaration at ¶ 8(viii).  Additionally, even if the Judicial Estoppel
Claims were not barred by judicial estoppel, none of the Claimant's that filed Judicial
Estoppel Claims have standing to pursue them because the Judicial Estoppel Claims are
property of each Claimant's bankruptcy estate.  As a result, the Judicial Estoppel Claims
are also barred for lack of standing.

With respect to the Judicial Estoppel Claim, the Borrower Trust examined the proof of
claims in conjunction with public bankruptcy records and validated that:

(a) Claimant filed for individual bankruptcy protection and received a discharge,

(b) the basis for claim comprising the Judicial Estoppel Claim involves assertions and alleged damages that occurred prior to Claimant's respective individual bankruptcy filing(s),

(c) Claimant did not include the Judicial Estoppel Claim in the schedule of assets filed by Claimant in their bankruptcy case(s), and

(d) Claimant never raised such claim in any other proceeding during their individual bankruptcy case (e.g., an adversary proceeding). See id.

(ix) ***Loan Modification***. This category includes claims based on loan modification issues (the "Loan Modification Claims"), which allege, among other things, that the Debtors (a) failed to provide a loan modification,[7] or (b) provided a loan modification, but the claimant believes the terms of the modification were not as favorable to the claimant as those to which claimant believed he or she was entitled. To assess the validity of these claims, the Borrower Trust examined the Debtors' books and records to verify that the Debtors followed the applicable investor guidelines and policies regarding loan modifications. Specifically, the Borrower Trust reviewed Internal Servicing Notes, Loan Payment History, and, where applicable, loan modification agreements, loan modification applications, loan modification denial letters, loan modification approval letters, the claimant's compliance with modifications (trial and/or permanent) and any instructions or guidelines provided by the investor for the claimant's loan. See Priore Declaration at ¶ 8(ix).

Based on its review, the Borrower Trust determined that the Debtors are not liable for the Loan Modification Claims because: (a) in cases where a loan modification request was denied, the Debtors complied with the applicable investor guidelines and policies governing the loan modification process and (b) in the cases where the claimant obtained a loan modification, the claimant was not damaged by the loan modification assistance provided. See id.

To substantiate this determination, the Borrower Trust is prepared to provide the Court and each claimant whose claim is identified as a Loan Modification Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of one or more of the following types of documents, each of which were prepared or kept by the Debtors in the course of their regularly conducted business activities:

- Loan Payment History;
- Internal Servicing Notes currently accessible to the Borrower Trust;
- Note and riders to the Note, if applicable;
- Mortgage/Deed of Trust;

---

[7] As a regular part of the Debtors' business practices, the Debtors offered mortgage loan modifications to Borrowers in financial distress, pursuant to certain guidelines established by the investors ("Traditional Modifications"). The Home Affordable Modification Program ("HAMP") is an administrative program that was implemented in April 2009 by the United States Treasury Department to help eligible homeowners with loan modifications on their home mortgage debt. HAMP provided the Debtors with an additional type of loan modification (a "HAMP Modification") for assisting eligible Borrowers experiencing financial distress.

ny-1169948

- Loan Modification Agreement, if applicable;
- Investor guidelines, if applicable;
- Servicing agreement(s), if applicable;
- Workout Packages;
- Debtors' written communications to Claimant, including the following, if applicable:
  - Denial Letters,
  - Missing Items Letters,
  - Loan Modification Offers,
  - Signed Mod Agreement(s),
  - Breach of Contract Notice(s), and
  - Trial, Forbearance, or Foreclosure Repayment Plan Letters;
- Escrow Statement; or
- Other documents that are relevant to the reconciliation of the claim.

(x) ***Insufficient Documentation***.  This category includes claims that either (a) fail to identify the amount of the claim and the basis for claim, or (b) identify the claim amount but do not provide an explanation or attach any supporting documentation to substantiate the claim amount (the "Insufficient Documentation Claims").

The Debtors sent Request Letters in connection with all of the Insufficient Documentation Claims to the either the property address or email address marked on the proof of claim by Claimant as the "address where notices should be sent". See Priore Decl. at ¶ 7(x).  In each instance, Claimant either failed to respond or provided insufficient information to establish a basis for liability.  As a result, the Claimant has failed to satisfy its initial burden to state a claim against the Debtors and therefore, the Trust has no liability for the Insufficient Documentation Claims.  See id.

To substantiate this determination, the Trust is prepared to provide the Court and each claimant whose claim is identified as an Insufficient Documentation Claim on Exhibit A to the Proposed Order, upon their respective request, with copies of the Request Letters prepared by the Debtors.  See id.

21.    To prevent the claimants that filed the No Liability Borrower Claims from receiving improper recoveries to the detriment of other Borrowers holding valid claims, the Borrower Trust requests that the Court disallow and expunge in their entirety each of the No Liability Borrower Claims.

14

## NOTICE

22.    The Borrower Trust has served notice of this Objection in accordance with the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Procedures Order.  The Borrower Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

23.    No previous request for the relief sought herein as against the holders of the No Liability Borrower Claims has been made by the Borrower Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.


Dated:  December 23, 2014
        New York, New York

                                        /s/ Norman S. Rosenbaum
                                        Norman S. Rosenbaum
                                        Jordan A. Wishnew
                                        Jessica J. Arett
                                        MORRISON & FOERSTER LLP
                                        250 West 55th Street
                                        New York, New York 10019
                                        Telephone:  (212) 468-8000
                                        Facsimile:  (212) 468-7900

                                        *Counsel for The ResCap Borrower
                                        Claims Trust*

15