**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

December 23, 2014

Writer's Direct Contact
+1 (415) 268.7232
ALewis@mofo.com

Via UPS Overnight Service

Hon. Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   In re Residential Capital, LLC et al.
      United States Bankruptcy Court
      Southern District of New York
      Jointly Administered Under Case No. 12-12020 MG
      Objection to Mack Claim (No. 386)

Dear Judge Glenn:

By this letter, which I ask be filed, the ResCap Borrower Claims Trust asks for a pre-motion conference pursuant to Local Bankruptcy Rule 7056-1 and Paragraph 6(a) of the Case Management & Scheduling Order (Dkt. No. 7447) as a prelude to filing a summary judgment motion in the above matter on two issues. The first issue whether the October 26, 2009 letter from the Macks to GMAC Mortgage, LLC ("GMACM"), can qualify as a Qualified Written Request (a "QWR") under 12 U.S.C. § 2605(e) when it was sent to an address other than the address specifically designated on monthly account statements to the Macks for QWRs in light of *Roth v. CitiMortgage Inc.*, 756 F.3d 178, 182 (2nd Cir. 2014) (citing *Berneike v. CitiMortgage Inc.*, 708 F.3d 1141, 1148-49 (10th Cir. 2013). The second question is whether Mr. Mack can claim punitive damages in the amount of $30 million (as alleged in Claim No. 386) or any other amount in light of *Houston v. U.S. Bank Home Mort. Wis. Serv.*, 2011 WL 4905533, *5 (E.D. Mich. Oct. 14, 2011); *Carr v. Mid-Atlantic Fin. Servs., Inc.*, 2010 WL 3368620, *14 (N.D. Ga. July 27, 2010); *Sarsfield v. Citimortgage. Inc.*, 667 F. Supp. 461, 470 (M.D. Pa. 2009); *In re Thomasevic*, 273 B.R. 682, 686 (Bankr. M.D. Fla. 2002) (punitive damages not recoverable under RESPA) and the Court's power to subordinate punitive damages in an insolvent chapter 11 case per *Owens Corning v. Credit Suisse First Boston*, 322 B.R. 719, 724 (D. Del. 2005) (court can subordinate punitive damage claim in chapter 11 case plan because 11 U.S.C. § 1129(a)(7) imports 11 U.S.C. § 726(a)(4)); *In re Residential Capital, LLC*, 517 B.R. 462, 490-91 (Bankr. S.D.N.Y. October 6, 2014); *In re Friedman's, Inc.*, 356 B.R. 766, 775-76 (Bankr.S.D. Ga. 2006) (court subordinates punitive damage claim

sf-3490007

MORRISON | FOERSTER

Hon. Martin Glenn
December 23, 2014
Page Two

in chapter 11 case so that claim does not dilute recovery of innocent creditors); *In re Keene Corp.*, 171 B.R. 180, 186 (Bankr. S.D.N.Y. 1994) (court can subordinate punitive damage claims in chapter 11 case); *In re Drexel Burnham Lambert Group, Inc.*, 1990 Bankr. LEXIS 2889, 32-33 (Bankr. S.D.N.Y. 1990); *In re Johns-Manville Corp.*, 68 B.R. 618, 627-28 (Bankr. S.D.N.Y. 1986), *aff'd* 74 B.R. 407 (S.D.N.Y. 1987) (punitive damage claim subordinated under 11 U.S.C. § 510(c) in chapter 11 case); *Matter of Colin*, 44 B.R. 806, 810 (Bankr. S.D.N.Y. 1984) (punitive damage claim subordinated under 11 U.S.C. § 510(c) in chapter 11 case).

Additionally, I would like to propose that if the Court is willing to conduct a pre-motion conference, it do so at the status conference now scheduled for January 6, 2014 at 4:00 p.m. Eastern time.

Thank you for your time and consideration.

Respectfully submitted,

Adam A. Lewis

Enclosure

cc:    David F. Garber, Esq. (Encl.) (Via Email and U.S. Mail)

sf-3490007