**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Pursuant to the order, dated October 15, 2012 (Docket No. 1824) (the "Procedures Order"),[1] pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code") establishing procedures (the "Stay Relief Procedures") for requesting relief from the automatic stay to commence and/or complete the foreclosure of a senior mortgage and security interest on lands and premises with respect to which the Debtors hold or service a subordinate mortgage and security interest; and Select Portfolio Servicing, Inc. ("Requesting Party"), as Servicer for U.S. Bank National Association, as trustee, on behalf of the holders of the CSFB Home Equity Pass-Through Certificates, Series 2005-AGE1; having requested (the "Request") relief from the automatic stay in accordance with the Stay Relief Procedures in connection with the property of Clyde R. Ritter and Carrie M. Ritter with an address of 1930 North Twisted Oak Dr., Little River, SC 29566 (the "Mortgaged Property") and due and proper notice of the Request having been made on all necessary parties; and the above-captioned Debtors (the "Debtors") having consented to the relief sought in the Request on the terms and conditions contained in this stipulation and order ("Stipulation and Order"),

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

NOW, THEREFOR, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Request is granted as set forth herein.

2. To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Requesting Party to commence and/or complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3. Requesting Party shall provide due notice to the Debtors and Ocwen Loan Servicing, LLC[2] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent notice to a junior lienholder is required by applicable state law.

4. To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to all entities holding valid and enforceable liens on the Mortgaged Property that are senior to the lien which the applicable land records indicate is held or serviced by the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed to Ocwen Loan Servicing, LLC via wire transfer.

5. By entering into this Stipulation and Order, Requesting Party hereby represents that it is an agent for and has the authority to seek relief from the automatic stay on behalf of U.S. Bank National Association, as trustee, on behalf of the holders of the CSFB Home Equity Pass-Through Certificates, Series 2005-AGE1.

---

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

6. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

7. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8. Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived. Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

9. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| RESIDENTIAL FUNDING COMPANY, LLC<br><br>By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust* | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE CSFB HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2005-AGE1<br><br><br>By: /s/ Eric S. Sheidlower<br>Eric S. Sheidlower<br>**ROSICKI, ROSICKI, ASSOCIATES, P.C.**<br>51 E. Bethpage Road<br>Plainview, New York 11803<br>Telephone: (516)741-2585<br>Facsimile: (516) 873-7243<br><br>*Counsel for U.S. Bank National Association,* |
|---|---|

**IT IS SO ORDERED.**

Dated: December 31, 2014
       New York, New York

                                    /s/Martin Glenn
                              MARTIN GLENN
                         United States Bankruptcy Judge

3