Pablo E. Bustos Esq., Bar No.:4122586
BUSTOS & ASSOCIATES, P.C.
225 Broadway 39th Floor
New York, NY 10007-3001
212-796-6256 Office
pbustos@bustosassociates.com
*Attorney for the Creditor Conrad P Burnett Jr*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------------x
| | | |
|---|---|---|
| In re: | : | Chapter 11 |
| | : | |
| | : | Case No. 12-12020 (MG) |
| Residential Capital, LLC, et al. | : | |
| | : | Jointly Administered |
| Debtors. | : | |

-----------------------------------------------------------------x      **Hon. Martin Glenn**

### REPLY BY CONRAD P BURNETT JR TO THE DEBTOR'S LIQUIDATING TRUST'S EIGHTIETH OMNIBUS OBJECTION TO CLAIM NO. 352 AND CLAIM NO. 3743 WITH AFFIRMATIVE DEFENSES

The court having ordered a reply to the Debtor's Eightieth Omnibus Objection, Conrad P Burnett Jr., hereinafter, ("Creditor"), for his reply to the new matter set forth in Debtor's Eightieth Omnibus Objection, states as follows:

1.   Debtor alleges that it bought a loan from Homestead Funding and then securitized the loan with third parties which are non-debtor parties. During this time joint-debtor GMAC Mortgage, LLC, hereinafter ("GMAC") serviced the loan until August 19, 2009.

*Answer:*

*Creditor denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "1" of the objection.*

2. Debtor alleges that [Claim No. 345] and [Claim No. 3743] are similar in nature, however, different in terms of cause of action, or otherwise referred to as in this action as a "Claim."

*Answer:*

*Creditor admits the allegations in paragraph "2" of the objection.*

3. Debtor alleges that Creditor claims that GMAC did not exercise certain duties and failed to specifically identify his damages. Furthermore, Debtor purports that notaries by its deputies was legal and valid.

*Answer:*

*Creditor denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "3" of the objection.*

4. Debtor alleges that it sent Creditor a workout package for modification and agreed to a Thirty (30) day extension to delay foreclosure. In addition it avers that Debtor failed to make payments.

*Answer:*

*Creditor denies any knowledge or information sufficient to form a belief as to the allegations contained in paragraph "4" of the objection.*

5. Debtor alleges that it did in fact perform the duties it was required to perform and made certain offers to the Creditor, but Creditor refused to accept those alleged offers, terms, and rates.

*Answer:*

*Creditor denies each and every allegation contained in paragraphs "5" and "6" of the objection.*

2

**WHEREFORE**, the Creditor, having responded to the Eightieth Omnibus Objection to Claim No. 345 and Claim No. 3743 and prays that the same be overruled and at the cost of the Debtor.

Date: 1/2/2015                                                      Respectfully Submitted,

                                                                    ___/s/_ **Pablo E. Bustos**_____

                                                                    Pablo E. Bustos, Esq.
                                                                    *Attorney for the Creditor*

## AFFIRMATIVE DEFENSES

Creditor states the following as his Affirmative Defenses to the allegations contained in the Eightieth Omnibus Objection as to the claims mentioned above.

## FIRST AFFIRMATIVE DEFENSE
### *(Failure of Consideration in Contract Action)*

There has been a total failure of consideration by Debtor and GMAC by reason that no money or anything else was discussed or even offered in exchange for the alleged proposed offer for loan modification service, terms, rate and conditions; as alleged by Debtor.

## SECOND AFFIRMATIVE DEFENSE
### *(Statute of Frauds)*

The averments in the Eightieth Omnibus Objection arise from an alleged oral contract for loan modification with Joint-Debtor GMAC in a telephone conversation, and therefore, the allegations raised in the objection are barred and are unenforceable by reason of the statute of frauds, more specifically violations to the False Claims Act pursuant to 31 U.S.C. §3729, among other things; which required the Debtor to supervise, manage and execute loan modification programs created by the Government. Debtor and GMAC were required to manage, perform and operate the HAMP program in exchange for federal funding based on the condition that homeowners including Creditor were offered and permanently placed into an affordable loan modification program without having to lose his house in foreclosure. Debtor, GMAC, successors, and its assignees, at all times mentioned in the objection provided false statements to the Government, and the U.S. Treasury in order to continually obtain federal funding for its own benefit; and not for the intended purpose to assist homeowners save their homes and provide a solution

4

for borrowers to get back on track with regular payments under the Troubled Asset Relief Program otherwise known as ("TARP".)

### THIRD AFFIRMATIVE CLAYTON ACT DEFENSE

The United States has long taken the position that a corporation or other business entity may violate Section 8 of the Clayton Act 15 U.S.C. et seq. if its deputies serve as directors or officers of competing corporations barred from sharing directors or officers under the statute. *United States v. Cleveland Trust Co.*, 392 F. Supp. 699 (N.D. Ohio 1974), aff'd mem, 513 F.2d 633 (6th Cir. 1975). The language of Section 8 offers no support for an exemption for Corporations, Section 8 provides that no "person" may "serve as" a "director or officer" of two competing corporations meeting certain criteria. Section 8 also provides a "prophylactic purpose" to "nip in the bud incipient violations of the antitrust laws by removing the opportunity or temptation to such violations through interlocking directorates. *SCM Corp. v. Federal Trade Comm'n*, 565 F. 2d 807, 811 (2nd Cir. 1977) see also, *United States v. Sears, Roebuck & Co.*, 111 F. Supp. 614, 616 (S.D.N.Y. 1953) additionally Section 8 supplements the Sherman Act 15 U.S.C. §1.

### FOURTH AFFIRMATIVE DEFENSE
*(Laches)*

The averments in the objection are barred by the equitable doctrine of laches. Specifically, the Creditor hired third parties to negotiate and communicate with GMAC regarding the alleged offers and failure thereof, by Debtor herein. In fact, David M Petrovich, Fraud Examiner personally made several attempts to contact GMAC to negotiate the terms of a potential short sale, with no success. Moreover, GMAC failed to respond in all instances with the Examiner. Any delay mentioned was on the part of the Debtor and or GMAC collectively.

5

**FIFTH AFFIRMATIVE DEFENSE**

The underlying Mortgage and Note is illegal and unenforceable under the Real Estate Settlement Procedures Act. The Debtor's assignor engaged in predatory lending tactics by conspiring to induce Creditor into entering the Mortgage. Accordingly, the Mortgage and Note and all the obligations therein are also unenforceable.

**SIXTH AFFIRMATIVE DEFENSE**

Debtor has failed to join an indispensable party as the holder in due course of the promissory note at the time this Bankruptcy action was filed and if the Mortgage has not been assigned to Debtor and the lender does not have the note then Debtor lacks standing to bring opposition because it has suffered no legally cognizable injury upon which relief can be granted.

**SEVENTH AFFIRMATIVE DEFENSE**

Debtor has breached the contract with Creditor by failing to provide the original promissory note as affirmatively required in the original promissory note and mortgage contract in order to file a foreclosure suit thus contractually this cause of action is not valid when executed in violation of an agreement entered into with the mortgagor and acquiesced in by the mortgage, in the absence of a compliance with the terms of the agreement.

**EIGHTH AFFIRMATIVE DEFENSE**

FHA loans have special servicing requirements, including a counseling notice mailed to the mortgagor within 45 days of default, a face-to-face meeting with the borrower within 90 days of default, and a notice of available counseling. Debtor has failed to apprise Creditor of such and thus failed to follow the procedure requirement to bring a foreclosure suit in his jurisdiction.

## NINTH AFFIRMATIVE HUD DEFENSE

### (Failure to Comply with Servicing Regulations)

The mortgage which is the subject of this action is insured by the federal Single-Family Loan Insurance Program, 12 U.S.C. §1709. Therefore, Debtor must service the mortgage according to the applicable federal regulations. Debtor failed to comply with these regulation as detailed below, precluding the initiation of foreclosure proceedings.

(a) Failed to send a delinquency notice as required by 24 C.F.R. §203.602.

(b) Failed to contact or make reasonable attempts to contact Creditor as required by 24 C.F.R. §203.604.

(c) Failed to provide Creditor with a pre-foreclosure counseling notice within forty-five (45 days) of having missed a payment, as required by the U.S.C. §1701x(c)(5).

(d) Failed to provide a default notice as required by 24 C.F.R. 650.

## TENTH AFFIRMATIVE DEFENSE

### (Unconscionability)

The mortgage is unconscionable in that it purports to waive rights to which the mortgager is entitled by law.

Specifically, the mortgage is unconscionable in that it seeks to have the mortgagor waive his rights to a notice mandated by federal law at 12 U.S.C. §1701(x)(c)(5).

Specifically, the mortgage is unconscionable in that it seeks to have the mortgagor waive his right to due process prior to entry upon the land he owns. Because the mortgage is unconscionable, the claim cannot be expunged since the Debtor and GMAC profited from the original Note to which these claims arise.

### ELEVENTH AFFIRMATIVE DEFENSE
#### (Inequitable Agreement)

Debtor is not permitted to profit from its own inequity. Debtor seeks to defend a wrongful foreclosure and agreement for deed that is abhorrent under the law.

The agreement for deed is inequitable in that it does not allow for recordation in the official records of Clarke County, Virginia.

The agreement for deed is inequitable in that it included a promise by the Debtor to perform an act with the Debtor knew it was incapable of performing. Specifically, the Debtor was prohibited from alienating or transferring any interest in the property.

The agreement for deed is inequitable because it attempts to forego rights created by the laws and Constitution of Virginia. Specifically, the agreement for deed attempts to grant the Debtor and its successor and assigns the right to unlawfully reenter the premises without benefit of legal action.

The agreement for deed is inequitable because it attempts to forego rights created by the laws and Constitution of Virginia. Specifically, the agreement for deed attempts to deprive the Creditor of his right to notices required by law.

**WHEREFORE**, Creditor requests that this Honorable Court grant as follows 1) allow for examination of evidence under Fed. R. Bank. P. Rule 2004; 2) Provide an Evidentiary Hearing pursuant to Fed. R. Bank. P. Rule 9017 and 3001(f); 3) and that Creditor recover costs together with such other and further relief as this court may deem proper.

Date: 1/2/2015                                               Respectfully Submitted,
                                                             __/s/ Pablo E. Bustos__
                                                             Pablo E. Bustos, Esq.
                                                             *Attorney for the Creditor*

# CERTIFICATE OF SERVICE

**I HEREBY** certify that a true and correct copy of the foregoing **REPLY IN RESPONSE BY CONRAD P BURNETT JR TO THE DEBTOR'S LIQUIDATING TRUST'S EIGHTIETH OMNIBUS OBJECTION TO CLAIM NO. 352 AND CLAIM NO. 3743 WITH AFFIRMATIVE DEFENSES** is to be electronically filed with the Clerk of the Court using ECF system, which sent notification of such filing to all ECF participants requesting electronic service.

Date: 1/2/2015                                     Respectfully Submitted,

                                                   ___/s/  Pablo E. Bustos_____

                                                   Pablo E. Bustos, Esq.
                                                   *Attorney for the Creditor*