**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE RESCAP BORROWER CLAIMS TRUST'S JOINDER AND SUPPLEMENTAL OBJECTION TO OCWEN LOAN SERVICING LLC'S OBJECTION TO CLAIM NUMBER 3829 FILED BY ROBERT DE SIMONE INCORPORATED THEREIN**

Upon *Ocwen Loan Servicing LLC's Objection to Claim of Robert De Simone* [Docket No. 7539] filed by HSBC Bank USA, National Association as Trustee for Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5 and Ocwen Loan Servicing LLC (the "Ocwen Objection") and the *ResCap Borrower Claims Trust's Joinder and Supplemental Objection to Ocwen Loan Servicing LLC's Objection to Claim of Robert De Simone* [Docket No. 7765] (the "Joinder and Supplemental Objection," together with the Ocwen Objection, the "Claim Objection") of the ResCap Borrower Claims Trust (the "Borrower Trust") as successor to Residential Capital, LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors") with respect to Borrower Claims, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging proof of claim no. 3829 (the "Claim") on the basis that the Debtors have no liability with respect to the Claim; and it appearing that this Court has jurisdiction to consider the Claim Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Claim Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C.

§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Claim Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Claim Objection, as well as the *Declaration of Kathy Priore in Support of The ResCap Borrower Claims Trust's Joinder and Supplemental Objection to Ocwen Loan Servicing LLC's Objection to Claim of Robert De Simone* annexed thereto as Exhibit 2; and the Claim Objection having been considered before the Court at a hearing on January 6, 2015; and for the reasons stated more fully on the record, the Court having found and determined that the relief collectively sought in the Claim Objection is in the best interests of the Borrower Trust, the Borrower Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases collectively set forth in the Claim Objection establish just cause for the relief granted herein; and the Court having determined that the Claim Objection complies with the Borrower Claims Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefore, it is

ORDERED that the relief requested in the Claim Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is hereby disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Claim so that it is no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Borrower Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Ocwen Objection and the Joinder and Supplemental Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:  January 6, 2015
       New York, New York

                                              **/s/Martin Glenn**
                                              MARTIN GLENN
                                   United States Bankruptcy Judge