## Exhibit B

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY **COURT FOR THE SOUTHERN DISTRICT OF NEW YORK** | PROOF OF CLAIM |
|---|---|

Claim #1083    Date Filed: 10/9/2012

Name of Debtor and Case Number:
*Residential Capital LLC, et, al, CASE # 12-12020 (MG)*

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
*MARIA M. & ELDA THOMPSON*

Name and address where notices should be sent:
*MARIA M. & ELDA M. Thompson*
*137 Ellery Avenue*
*Newark NJ 07106-3501*
Telephone number: *609-531-6075*    email: *tonicuaprelda@msn.com*

☐ Check this box if this claim amends a previously filed claim.

Court Claim
Number:
*(If known)*

Filed on:

Name and address where payment should be sent (if different from above):
*MARIA M Thompson / Elda M Thompson*
*39 General Lane*
*Willingboro NJ 08046*
Telephone number:    email: *same as above*

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $ *158,336.03*

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** *Breach of Contract*
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** *1234* | **3a. Debtor may have scheduled account as:** Alison Teamen _____ (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** _____ (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑Real Estate ☐ Motor Vehicle ☐Other
Describe:

Value of Property: $ *unknown*    Annual Interest Rate *6.6554*% ☐Fixed ☑Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim,**

if any: $ _____    Basis for perfection: _____

**Amount of Secured Claim:** $ *158,336.03*    **Amount Unsecured:** $ *500,000.00*

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.

$ _____    (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DO

12120201210090000000011

If the documents are not available, please explain:

**9. Signature:** (See instruction #9) Check the appropriate box.
☐ I am the creditor.    ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)    ☑ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)    ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: *Elda M Thompson*
Title: *Borrower*    *Elda M Thompson 10/05/2012*
Company: *Homeowner*    (Signature)    (Date)
Address and telephone number (if different from notice address above): *mailing:*
*137 Ellery Ave*    *39 General Lane*
*Newark NJ 07106-3501*    *Willingboro NJ*    *08046*
Telephone number:    Email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$ _____

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**RECEIVED**

OCT 0 9 2012

KURTZMAN CARSON CONSULTANTS

**COURT USE ONLY**

October 5, 2012

Elda M. Thompson
29 General Lane
Willingboro, NJ 08046-3019

ResCap Claims Processing Center
c/o KCC
P. O. Box 5004
Hawthorne, CA  90250

Re:  Residential Capital, LLC, et at,
     Case No. 12-12020 (MG)
     Chapter 11
     Jointly Administered
     Residence located at 137 Ellery Avenue, Newark, NJ 07016-3501

As instructed, I am filing a proof of claim against Residential Capital, LLC its affiliates that are also debtors and debtors in possession in those proceedings (Collectively, the "Debtors)

I made the following payments to GMAC from August 2005 through September 2011, in which month GMAC began to deny accepting my mortgage payments, for a grand total of $158,336.23; therefore, GMAC owes me $158,336.23.

Enclosed, please find:

> United States Bankruptcy Court for the Southern District of New York/Proof of Claim
> Forensic Review Report – Prepared by The Foreclosure Law Center
> Chase Home Finance LLC – Letter Dated July 13, 2005 – Full Payment of my mortgage, which was under Maria M. Thompson, my mother.
> Cancelled of Record by the Essex County dated July 12, 2005
> Copies of copy and paste signatures of my mother and myself, signed on June 24, 2005.
> The form which supposed to be the Register Bill to Foreclosure, showing a recorded stamp at 06/24/2005 @ 3:05:20; however signed on June 25, 2005 – filed on August 3, 2007.  Separate photocopy of pages of the Mortgage – Pages 2; 3; and of 15

Cordially yours,

*Elda M. Thompson*

Elda M. Thompson



# Forensic Review Report

### Prepared by The Foreclosure Law Center
### Borrower: Maria & Elda Thompson
### Date: 7/23/2012

© Aequitas Compliance Solutions INC.  All Rights Reserved.

7/23/2012



Maria & Elda Thompson
137 Ellery Avenue
Newark, NJ 07106

Dear Maria & Elda Thompson,

Enclosed with this letter you will find the Forensic Review Report resulting from an automated system consumer protection regulatory compliance review of the following loan file:

| | | | |
|---|---|---|---|
| Borrower Name: | Maria & Elda Thompson | Loan Amount: | $205,000.00 |
| Lender Name: | Ameriquest Mortgage | Lien Position: | 1 |
| Loan Purpose: | Refinance | Application Date: | 05/25/2005 |
| Property Address: | 137 Ellery Avenue, Newark, NJ  07106 | | |

The review includes an examination of relevant data in the loan documents to assess compliance with certain aspects of consumer protection laws relating to mortgage lending, including Truth-In-Lending, anti-predatory lending and other applicable federal and state consumer protection laws and regulations.

The review required that The Foreclosure Law Center make reasonable assumptions respecting certain loan terms that, if erroneous, may result in material differences between the System findings and the loan's actual compliance with applicable regulatory requirements. While The Foreclosure Law Center believes that its assumptions provide a reasonable basis for the System review results. No representations or warranties are made respecting the appropriateness of The Foreclosure Law Center's assumptions, the completeness of the information considered or the accuracy of the System findings.

Our responsibility is to provide a report on the data in the mortgage loan documents provided based on the System review and to provide the report to you and for no other purpose. This report has been prepared for and only for Maria & Elda Thompson in accordance with the terms of our engagement and for no other purpose. We do not, in providing this report, accept or assume responsibility for any other purpose or to any other person to whom this report is shown or into whose hands it may come save where expressly agreed by our prior consent in writing.

Sincerely,

# *The Foreclosure Law Center*



| | |
|---|---|
| **Customer:** The Foreclosure Law Center (0316041612) | **Review Status:** **FAIL** |
| **Loan ID:** THOMPSON_MNE | **Review Date:** 2012-07-11 |
| **Review ID:** 0316041612THOMPSON_MNE982438662 0120711114826165 | **State:** NJ |
| **Location:** Main | |
| **Borrower:** Maria & Elda  Thompson | |

**Loan Status: FAIL**

| High Cost | Higher Priced | TILA | State Rules | License | NMLS | OFAC | HMDA | GSE | Enterprise Rules | Other |
|---|---|---|---|---|---|---|---|---|---|---|
| PASS | PASS | PASS | FAIL | PASS | Not Requested | Not Requested | Not Requested | Not Requested | PASS | PASS |

### Request Summary                    Result: **FAIL**

| | | | |
|---|---|---|---|
| **Borrower:** | Maria & Elda   Thompson | **Seller:** | |
| **Reviewed by:** | bob.howley | **Originator:** | |
| **Location:** | Main | **First Group:** | |
| **Loan ID:** | THOMPSON_MNE | **Second Group:** | |
| | | **Third Group:** | |
| **Address 1:** | 137 Ellery Avenue | **Lien Position:** | 1 |
| **Address 2:** | | **Occupancy Type:** | Primary |
| **City:** | Newark | **Property Type:** | SFR Detached |
| **County:** | | **Mortgage Type:** | Conventional |
| **State:** | NJ | **FHA Section:** | |
| **Zip Code:** | 07106 | **Transaction Type:** | Cash Out Refinance |
| | | **Purpose of Refinance:** | Cash |
| | | **Origination Type:** | Retail |
| | | **Documentation Type:** | Full Documentation |
| | | **Appraised Price:** | $ 205,000.00 |
| | | **Sales Price:** | $ 0.00 |
| | | **Loan Amount:** | $ 205,000.00 |
| | | **As-Is Value:** | $ 0.00 |
| | | **After-Improved Value:** | $ 0.00 |
| | | **Total Rehabilitation Cost:** | $ 0.00 |

### TILA-Tolerance                    Result: **PASS**

| APR | | Finance Charges | |
|---|---|---|---|
| **Review:** | PASS | **Review:** | PASS |
| **Disclosed APR:** | 6.654000% | **Disclosed Finance Charges:** | $ 261,500.24 |
| **Calculated APR:** | 6.6554% | **Calculated Finance Charges:** | $ 261,527.29 |
| **Difference:** | (0.0014% ) | **Difference:** | ($ 27.05) |

**Calculation data**

| Jurisdiction | Finance Charge Amount | Financed Amount | APR | Days of Prepaid Interest | Daily Prepaid Interest Amount |
|---|---|---|---|---|---|
| FED | $ 261,527.29 | $ 195,934.80 | 6.6554% | 30 | $ 33.64 |

| Fees Included | Paid By | Paid To | Amount |
|---|---|---|---|
| Loan Discount: | Borrower | Lender | $ 7,052.00 |
| Tax Related Service Fee: | Borrower | Lender | $ 70.00 |
| Flood Certification Fee: | Borrower | Lender | $ 9.00 |
| Prepaid Interest: | Borrower | Lender | $ 1,009.20 |
| Settlement or Closing Fee: | Borrower | Provider | $ 350.00 |
| Settlement or Closing Fee: | Borrower | Provider | $ 195.00 |
| Recording Service Fee: | Borrower | Provider | $ 380.00 |
| **Total Fees:** | | | **$ 9,065.20** |

| Fees Excluded | Paid By | Paid To | Amount |
|---|---|---|---|
| Inspection Fee: | Borrower | Lender | $ 360.00 |
| Title Insurance: | Borrower | Provider | $ 621.00 |
| Title Search: | Borrower | Provider | $ 425.00 |
| **Total Fees:** | | | **$ 1,406.00** |

## TILA MDIA Disclosure

## Disclosed Payment Summary

## TILA-Right of Rescission    Result: **PASS**

| | |
|---|---|
| **Loan Disbursement Date:** | 2005-07-05 |
| **Right To Cancel Expire Date:** | 2005-06-29 |
| **Right to Cancel Signed Date:** | 2005-06-25 |

## TILA-Payment

### Payment Date

| | |
|---|---|
| **LTV Drop Date:** | N/A |
| **Sum of Payments:** | $ 457,462.09 |

## Payment Stream Worksheet

### Calculated Data

| Number of Payments | Date | Payment Amount |
|---|---|---|
| 36 | 2005-09-01 | $1,227.76 |
| 323 | 2008-09-01 | $1,275.49 |
| 1 | 2035-08-01 | $1,279.46 |

## High Cost ( FED ) Second Pass    Result: **PASS**

**Federal Total Loan Amount: $195,574.80**

| APR Result | | Fee Result | |
|---|---|---|---|
| Limit Rate: | 12.7300% | Fee Limit: | $ 15,645.98 |
| Loan Rate: | 6.6554% | Loan Fees: | $ 8,416.00 |
| Difference: | 6.0746% | Difference: | $ 7,229.98 |

| Fees Included | Paid By | Paid To | Amount |
|---|---|---|---|
| Loan Discount : | Borrower | Lender | $ 7,052.00 |
| Inspection Fee : | Borrower | Lender | $ 360.00 |
| Tax Related Service Fee : | Borrower | Lender | $ 70.00 |
| Flood Certification Fee : | Borrower | Lender | $ 9.00 |
| Settlement or Closing Fee : | Borrower | Provider | $ 350.00 |
| Settlement or Closing Fee : | Borrower | Provider | $ 195.00 |
| Recording Service Fee : | Borrower | Provider | $ 380.00 |
| **Total Fees:** | | | **$ 8,416.00** |

| Fees Excluded | Paid By | Paid To | Amount |
|---|---|---|---|
| Prepaid Interest : | Borrower | Lender | $ 1,009.20 |
| Title Insurance : | Borrower | Provider | $ 621.00 |
| Title Search : | Borrower | Provider | $ 425.00 |
| **Total Fees:** | | | **$ 2,055.20** |

| High Cost ( NJ )  Second Pass | Result: **PASS** |
|---|---|

**New Jersey Total Loan Amount: $196,584.00**

| APR Result | | Fee Result | |
|---|---|---|---|
| Limit Rate: | 12.7300% | Fee Limit: | $ 8,846.28 |
| Loan Rate: | 6.6554% | Loan Fees: | $ 8,416.00 |
| Difference: | 6.0746% | Difference: | $ 430.28 |

| Fees Included | Paid By | Paid To | Amount |
|---|---|---|---|
| Loan Discount : | Borrower | Lender | $ 7,052.00 |
| Inspection Fee : | Borrower | Lender | $ 360.00 |
| Tax Related Service Fee : | Borrower | Lender | $ 70.00 |
| Flood Certification Fee : | Borrower | Lender | $ 9.00 |
| Settlement or Closing Fee : | Borrower | Provider | $ 350.00 |
| Settlement or Closing Fee : | Borrower | Provider | $ 195.00 |
| Recording Service Fee : | Borrower | Provider | $ 380.00 |
| **Total Fees:** | | | **$ 8,416.00** |

| Fees Excluded | Paid By | Paid To | Amount |
|---|---|---|---|
| Prepaid Interest : | Borrower | Lender | $ 1,009.20 |
| Title Insurance : | Borrower | Provider | $ 621.00 |
| Title Search : | Borrower | Provider | $ 425.00 |
| **Total Fees:** | | | **$ 2,055.20** |

| Higher-Priced (FED) Review | Result: **PASS** |
|---|---|

| Higher-Rate Review | Result: **ALERT** |

**New Jersey High Risk Mortgage Loan(59280)**                    ALERT

This is a New Jersey High Risk Mortgage Loan. Under the New Jersey Mortgage Stabilization and Relief Act, upon filing a foreclosure complaint on or after April 1, 2009, the lender must grant the borrower a six-month period of forbearance to pursue a loan workout, modification, refinancing, or other alternative through mediation sponsored by the Administrative Office of the Courts. During the forbearance period the loan's interest rate cannot increase and the lender may not take further action to pursue foreclosure. (N. J. Rev. Stat. 46:10B-50)

**Lacks Current Rate Set and Current Rate Lock Dates (Warning)(61190)**         WARNING

The System uses the Current Rate Set Date (if provided), or the Current Rate Lock Date as the "date the interest rate is set" to determine the NJ Subprime Mortgage threshold. Since both of these dates are absent from this loan, the System used the Document Sign Date. This may affect the reliability of your New Jersey High Risk/Subprime Mortgage threshold results. (N.J. Rev. Stat. 46:10B-50)

| HOEPA Review | Result: **PASS** |

| State Rules Review | Result: **FAIL** |

**Third Party Fees To Lender Not Allowed(24710)**            FAIL

The New Jersey Licensed Lenders Act prohibits third party fees in a first lien loan if paid to the Lender instead of a third party provider. (N.J. ADC 3:1-16.2)

**Fee Not Allowed(2000000)**                    FAIL

The New Jersey Licensed Lenders Act (N.J. Rev. Stat. 17:11C-28; N.J. ADC 3:15-9.2) does not allow Settlement or Closing Fee (Fee ID: 51) to be charged to the Borrower in NJ.

**Fee Not Allowed(2000000)**                    FAIL

The New Jersey Licensed Lenders Act (N.J. Rev. Stat. 17:11C-28; N.J. ADC 3:15-9.2) does not allow Settlement or Closing Fee (Fee ID: 51) to be charged to the Borrower in NJ.

**Recording Service Fee Can't Exceed $25(54520)**            FAIL

The New Jersey Licensed Lender's Act limits the amount of the additional service fee for recording a cancellation of a mortgage to $25.00. (N. J. ADC 3:1-16.2(a)(3))

| License Review - Lender | Result: **PASS** |

|  |  |
|---|---|
| **Review Status:** | **PASS** |
| **License Review:** | License Review - Lender ( LIC ) |
| **License Role:** | Lender |
| **Jurisdiction:** | NJ |
| **License Type:** | NJ_MBN |
| **Exempt:** | false |

| Geocode Data | Result: **PASS** |

| | | | | |
|---|---|---|---|---|
| **Address 1:** | 137 Ellery Ave | | **Latitude:** | 40.732050 |
| **Address 2:** | | | **Longitude:** | -74.241662 |
| **City:** | Newark | | **CBSA Number:** | 35620 |
| **County:** | Essex County | | **CBSA Division:** | 35084 |
| **State:** | NJ | | **Census Tract:** | 0022.02 |
| **Zip Code:** | 07106-3501 | | **Match Code:** | S80 |
| **State FIPS:** | 34 | | **Location Quality Code:** | AS0 |
| **County FIPS:** | 013 | | **Score:** | 0.0025000 |

| LO Compensation (TILA) | Result: **PASS** |

## Review

### Making Home Affordable Enterprise Rules Review

**Result: PASS**

## Index Values

| Date | Type | Value | Purpose | Rule ID |
|------|------|-------|---------|---------|
| 2005-04-15 | UST20Y | 4.73 | Federal - High Cost (First Liens 10/02) | 6130 |
| 2005-04-15 | UST20Y | 4.73 | New Jersey - High Cost (First Liens >= $40,000)(07/04) | 28790 |
| 2005-04-15 | CMR | 5.91 | New Jersey - High Cost (First Liens >= $40,000)(07/04) | 28790 |
| 2005-06-25 | APORAdjustable3Y | 5.90 | New Jersey - High Risk Mortgage Loan (07/09) | 61190 |

## Service Info

**Result: PASS**

Mavent Transaction ID:  0316041612THOMPSON_MNE9824386620120711114826165
Service Code:  DI-ComplianceReview-MHA
Received:  2012-07-11  11: 48: 26: 165
Returned:  2012-07-11  11: 48: 33: 069

| Service | Status |
|---------|--------|
| Geocode | **PASS** |
| SDS Prepayment Penalty Plan | **PASS** |
| ARM Mapper | **PASS** |
| Index Review | **PASS** |
| Perform Mortgage Calculations | **PASS** |

©2001 - 2012 Mavent Inc.
2comply Expert System®

 **CHASE**

**Chase Home Finance LLC**
3415 Vision Drive
Columbus, OH  43219-6009
(800) 848-9136 Customer Care
(800) 582-0542 TDD / Text Telephone

Date: July 13, 2005

THOMPSON MARIA M
29    GENERAL LN
WILLINGBORO, NJ 0804600000

RE:    Loan Nbr:                        ██████6410
       Property Address:              137   ELLERY AVE
       Property City, State, Zip:     NEWARK, NJ 0710600000

This letter is to acknowledge that Chase has received the funds to pay off your mortgage loan referenced above. Chase Home Finance LLC (Chase) will forward the required document to release its lien, shortly. If state law requires that Chase record the release document, we will prepare the
document and send it to the appropriate county for recording.

This letter will serve as proof that the above referenced loan is paid in full.  Within 30 days from receipt of the payoff funds, Chase will forward any funds received in excess of the payoff amount and any remaining escrow funds to you.  Unless notified, Chase will send overpayment or escrow refund you are entitled to as a result of this payoff and your 1098 year end interest statement to the mailing address used in sending this letter. To prevent delays, it is imperative that you inform us of any change to your mailing address.

If Chase was collecting escrow funds for taxes or insurance, the payment of these items is now your responsibility. Please contact your homeowner's insurance agent and your taxing authority to advise them of the address for forwarding future related correspondence and bills.  If your mortgage payment included optional insurance, this coverage was canceled when your loan was paid off.  If you refinanced your loan through Chase, please contact Customer Care at (800) 848-9136, if you wish to inquire about continuing this coverage.

Chase's goal is to provide the highest level of quality service.  If you have any questions or want to change your mailing address, please contact Customer Care at (800) 848-9136.  You may speak with a Customer Care Professional, available Monday through Friday from 8:00 a.m. to 6:00 p.m., Eastern Time.

We appreciate the opportunity to have serviced your mortgage loan and hope that you will look to Chase for your future financial needs.

Sincerely,

Reconveyance Services
Chase Home Finance LLC                                                    Loan Type: 000

Reconveyance Services for Alaska, California and Nevada are
Provided by J.P. Morgan Chase Custody Services, Inc.

Thankyou.doc

Return To:
JPMorgan Chase Custody Services
P.O. Box 8000
Monroe, LA  71211

Prepared By:



Instr#   5068085          Carole A. Graves
Recorded/Filed   RG   2    Essex County Register
05/12/2005  14:53:5  Bk 10463  Pg 773  #Pgs  20    1

―――――――――[Space Above This Line For Recording Data]―――――――――

# MORTGAGE          90844

WHEN RECORDED, RETURN TO:
Peelle Management, Recon Division
P.O. Box 30014
Reno, NV  89520-3014
(775) 827-9600

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated May 10, 2005 together with all Riders to this document.
(B) "Borrower" is
Maria M. Thompson, a single person

"The within Mortgage having been paid in full, the County Clerk of _Essex_ County is hereby authorized to cancel of record"

BY: _____ Marshe' Craine

OF: JP Morgan Chase Bank NA

ON: 7-12-05

Vice President

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is
JPMorgan Chase Bank, N.A.
Lender is a  national banking association
organized and existing under the laws of the United States of America

1689876410

NEW JERSEY - Single Family - Fannie Mae/Freddie Mac UNIFORM INSTRUMENT          Form 3031 1/01

-6(NJ) (0005).01
Page 1 of 15          Initials:

VMP MORTGAGE FORMS - (800)521-7291

CANCELLED OF RECORD

AUG 1 6 2005          X FKA JP Morgan Chase Bank

_Carole A. Graves_
Register



Instr#   5119622          Carole A. Graves
Recorded/Filed   LD   26    Essex County Register
08/16/2005  15:31:0  Bk 0        Pg 0    #Pgs  1    1

Inst# 5068085 BK# 10463 PG# 773

Return To:.

Ameriquest Mortgage Company
P.O. Box 11507,
Santa Ana, CA 92711

Prepared By:Ameriquest Mortgage Company

Rhonda Lee
80 Main St., 2nd Floor,West
Orange, NJ 07052

**NEW VISION TITLE AGENCY**
30 FRENEAU AVENUE
MATAWAN, NJ 07747
732-360-2800
AM-16755

───────────── [Space Above This Line For Recording Data] ─────────────

# MORGAGE

Instr#    5145468         Carole A. Graves
Recorded/Filed  AC   2    Essex County Register
10/03/2005  10:40:4  Bk 10772 Pg 595 #Pgs 19  T

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections
3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided
in Section 16.

(A) "Security Instrument" means this document, which is dated June 25, 2005
together with all Riders to this document.
(B) "Borrower" isMARIA M THOMPSON and ELDA THOMPSON, SINGLE DAUGHTER

NO. B 7103246
LISPENDENS FILED 8-14 2007
Citigroup / Maria Thompson
COMPLT.                    DEPT..
BILL TO FORECLOSURE
FILED 8-3 2007

Borrower is the mortgagor under this Security Instrument.
(C) "Lender" is Ameriquest Mortgage Company

Lender is a Corporation
organized and existing under the laws of Delaware

**NEW JERSEY** - Single Family - Fannie Mae/Freddie Mac UNIFORM
0125315309 - 5614

06/24/2005 3:05:20

AM6NJ (0311)
Page 1 of 16
VMP Mortgage Solutions (800)521-729

Date Recorded
Stamp:
06/24/2005
@ 3:05.20
Date Signed
25 of June 2005

───── Inst# 5145468 BK# 10772 PG# 5

Lender's address is 1100 Town and Country Road, Suite 200  Orange, CA 92868

Lender is the mortgagee under this Security Instrument.

**(D) "Note"** means the promissory note signed by Borrower and dated June 25, 2005
The Note states that Borrower owes Lender two hundred five thousand and 00/100

Dollars

(U.S. $ 205,000.00            ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than August 1, 2035

**(E) "Property"** means the property that is described below under the heading "Transfer of Rights in the
Property."

**(F) "Loan"** means the debt evidenced by the Note, plus interest, any prepayment charges and late charges
due under the Note, and all sums due under this Security Instrument, plus interest.

**(G) "Riders"** means all Riders to this Security Instrument that are executed by Borrower. The following
Riders are to be executed by Borrower [check box as applicable]:

- [X] Adjustable Rate Rider
- [ ] Balloon Rider
- [ ] VA Rider
- [ ] Condominium Rider
- [ ] Planned Unit Development Rider
- [ ] Biweekly Payment Rider
- [ ] Second Home Rider
- [ ] 1-4 Family Rider
- [ ] Other(s) [specify]

**(H) "Applicable Law"** means all controlling applicable federal, state and local statutes, regulations,
ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final,
non-appealable judicial opinions.

**(I) "Community Association Dues, Fees, and Assessments"** means all dues, fees, assessments and other
charges that are imposed on Borrower or the Property by a condominium association, homeowners
association or similar organization.

**(J) "Electronic Funds Transfer"** means any transfer of funds, other than a transaction originated by check,
draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument,
computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an
account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine
transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

**(K) "Escrow Items"** means those items that are described in Section 3.

**(L) "Miscellaneous Proceeds"** means any compensation, settlement, award of damages, or proceeds paid
by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i)
damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the
Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the
value and/or condition of the Property.

**(M) "Mortgage Insurance"** means insurance protecting Lender against the nonpayment of, or default on,
the Loan.

**(N) "Periodic Payment"** means the regularly scheduled amount due for (i) principal and interest under the
Note, plus (ii) any amounts under Section 3 of this Security Instrument.

**(O) "RESPA"** means the Real Estate Settlement Procedures Act (12 U.S.C. Section 2601 et seq.) and its
implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time,
or any additional or successor legislation or regulation that governs the same subject matter. As used in this
Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a
"federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan"
under RESPA.

AM6NJ (0311)                            Page 2 of 15                                Form 3031 1/01

5614

06/24/2005 3:05:20

0000012531530903014316602

**(P) "Successor in Interest of Borrower"** means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For these purposes, Borrower does hereby mortgage, grant and convey to Lender the following described property located in the **County** of **ESSEX** :

          [Type of Recording Jurisdiction]               [Name of Recording Jurisdiction]

Legal Description Attached Hereto and Made a Part Hereof.

Property Account Number: **Block 4138 Lot 7**                which currently has the address of
**137  ELLERY AVENUE**                                                [Street]
**NEWARK**                        [City], New Jersey **07106**        [Zip Code]
("Property Address"):

    TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property."

    BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

    THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

AM6NJ (0311)                         Page 3 of 15         Initials         Form 3031 **1/01**
            5614
06/24/2005 3:05:20



0000001253153090301431603

Inst# 5145468 BK# 10772 PG# 597

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

**1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future. If Lender accepts such payments, it shall apply such payments at the time such payments are accepted. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

**2. Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

**3. Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver,



AM6NJ (0311)                                 Page 4 of 15                                 Form 3031 1/01

 5614

06/24/2005  3:05:20

0000012531530903014316604

Inst# 5145468 BK# 10772 PG# 598