**<u>Exhibit S</u>**

Doc#: 1334715041 Fee: $50.25
RHSP Fee:$9.00 RPRF Fee: $1.00
Karen A.Yarbrough
Cook County Recorder of Deeds
Date: 12/13/2013 10:16 AM Pg: 1 of 6

When Recorded Return To:
Indecomm Global Services
2925 Country Drive
St. Paul, MN 55117

79167808

Investor Loan # 1706937346
Custodian ID: A1
This document was prepared by <u>Ocwen Loan Servicing, LLC</u>
Prepared by Laura Saul
~~After Recording Return To:~~
Ocwen Loan Servicing, LLC
~~Attention~~: Loss Mitigation
3700 J Street SW
Suite 555
Cedar Rapids, IA 52404

_____ [Space Above This Line For Recording Data  2077

# Non-HAMP Loan Modification Agreement

Loan Modification Agreement ("Agreement") made this April 01, 2013 ("Effective Date") between
GERALD D CHAMBERS Unmarried KENNETH C THOMAS Unmarried ("Borrower") and Ocwen
Loan Servicing, LLC, Lender/Servicer or Agent for Lender/Servicer ("Lender"), amends and supplements
that certain promissory note ("Note") dated March 28, 2008 in the original principal sum of THREE
HUNDRED FIVE THOUSAND DOLLARS AND ZERO CENTS ($305,000.00) executed by Borrower.
The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"),
dated the same date as the Note, and if applicable, recorded on April 01, 2008 with Instrument Number
0809240021 in Book and/or Page Number of the real property records of COOK County, IL. Said
Security Instrument covers the real and personal property described in such Security Instrument (the
"Property") located at 1464 S MICHIGAN AVENUE UNIT 1705 CHICAGO IL 60605, which real
property is more particularly described as follows:

S ✓
P 6
S N
M N
SC ✓
E ✓
INT 9+

(Legal Description if Applicable for Recording Only)

Parcel 17221070691143
Borrower acknowledges that "Lender" is the legal holder and the owner, or agent/servicer for the legal
holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender" transfers
the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of
the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security
Instrument.

-1-

610345-000066

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and Security Instrument (New Principal Balance) is $328,000.93.

2. The Maturity Date is April 01, 2053.

3. Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and Security Instrument.

4. Interest will be charged on the unpaid, non-deferred, "New Principal Balance" until the non-deferred principal has been paid in full. Borrower promises to pay interest at the rate of 4.000% from April 01, 2013 until I payoff my loan at the time when I sell or transfer any interest in my home, refinance the loan, or when the last scheduled payment is due. The rate of interest I pay will change based upon Payment Schedule below.

5. Borrower promises to make monthly principal and interest payments of $1,370.85, beginning on May 01, 2013, and continuing thereafter on the same day of each succeeding month, according to the Payment Schedule below until all principal and interest is paid in full. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, Iowa, 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

If Step Rate:
## PAYMENT SCHEDULE

| Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Payment Ends on |
|---|---|---|---|---|---|---|
| 4.000% | April 01, 2013 | $1,370.85 | $493.12, may adjust periodically | $1,863.97, may adjust periodically | May 01, 2013 | April 01, 2053 |

6. If on April 01, 2053 (the "Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including any "Deferred Principal Balance" as provided for in this Agreement, Borrower will pay these amounts in full on that date.

7. If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly, but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

-2-

610345-000066

8. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

9. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

10. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

11. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

4/17/13    _____
Date       GERALD D CHAMBERS

4/17/13    _____
Date       KENNETH C THOMAS

_____    _____
Date

_____    _____
Date

## BORROWER ACKNOWLEDGMENT

State of ILLinois
County of Cook

On this 17 day of April, 2013, before me, the undersigned, a Notary Public in and for said county and state, personally appeared GERALD D CHAMBERS KENNETH C THOMAS, personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

Notary Public Norma I. Huntley
My Commission Expires: August 18, 2015

**OFFICIAL SEAL**
Norma I. Huntley
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES AUGUST 18, 2015

-4-

610345-000066

Ocwen Loan Servicing, LLC

By: _Lisa K Howard_
    Lisa K Howard

Title: Authorized Officer

Date: 4/23/13

## LENDER ACKNOWLEDGMENT

State of IOWA
County of Linn

On this 23 day of Apr 2013, before me, the undersigned, a Notary Public in and for said county and state, personally appeared Lisa K Howard, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Authorized Officer of Ocwen Loan Servicing, LLC, said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_Alice M Decker_
Notary Public
My Commission Expires: 10/20/15

ALICE M. DECKER
Commission Number 743553
My Commission Expires
October 20, 2015

*U04456316*
5673    12/5/2013    79167808/1

610345-000066

## LEGAL DESCRIPTION
## EXHIBIT A

The land referred to in this policy is situated in the **STATE OF ILLINOIS, COUNTY OF COOK, CITY OF CHICAGO**, and described as follows:

DWELLING UNIT 1705 IN THE 1464 SOUTH MICHIGAN AVENUE CONDOMINIUM AS DELINEATED ON THE PLAT OF SURVEY OF THE FOLLOWING DESCRIBED REAL ESTATE:

PARCEL 1:

THE SOUTH 3.1 FEET OF LOT 23 (EXCEPT ALLEY) AND ALL OF LOT 24 (EXCEPT ALLEY) IN SPRING TRACT OF THE NORTHWEST 1/4 OF SECTION 22, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, ALSO THE NORTH 4.64 FEET OF LOT 1 (EXCEPT ALLEY) IN BLOCK 19 IN ASSESSOR'S DIVISION OF THE NORTHWEST 1/4 OF SECTION 22, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS.

PARCEL 2:

LOT 3 (EXCEPT THAT PORTION THEREOF TAKEN OR USED FOR AN ALLEY) IN COUNTY CLERK'S DIVISION OF LOTS 2 AND 3 IN BLOCK 19 IN ASSESSOR'S DIVISION OF THE NORTHWEST FRACTIONAL 1/4 OF SECTION 22, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, ACCORDING TO THE MAP OF SAID COUNTY CLERK'S DIVISION RECORDED APRIL 23, 1878, IN BOOK 13 OF PLATS, PAGE 78, IN COOK COUNTY, ILLINOIS.

PARCEL 3:

LOT 1 (EXCEPT THE NORTH 4.64 FEET THEREOF) IN BLOCK 19 IN ASSESSOR'S DIVISION OF THE NORTHWEST FRACTIONAL 1/4 OF SECTION 22, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, ALSO A STRIP OF LAND 8.94 FEET IN WIDTH LYING SOUTH OF AND ADJOINING LOT 1 OF THE SAME DEPTH AS LOT 1 (EXCEPT FROM EAST THOSE PARTS TAKEN AS ALLEY), IN COOK COUNTY, ILLINOIS.

PARCEL 4:

THE SOUTH 25 FEET OF LOT 1 (EXCEPT THE A PART TAKEN FOR AN ALLEY) IN BLOCK 19 IN ASSESSOR'S DIVISION OF THE NORTHWEST FRACTIONAL 1/4 OF SECTION 22, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, OTHERWISE BOUNDED AND DESCRIBED AS FOLLOWS: COMMENCING ON THE WEST LINE OF MICHIGAN AVENUE IN THE CITY OF CHICAGO, IN COOK COUNTY, ILLINOIS AT A POINT 772.7 FEET NORTH OF THE SOUTH LINE OF SAID QUARTER SECTION; THENCE RUNNING WEST 181.9 FEET MORE OR LESS TO A POINT MIDWAY BETWEEN THE WEST LINE OF MICHIGAN AVENUE AND THE EAST LINE OF WABASH AVENUE; THENCE RUNNING SOUTH 25 FEET; THENCE EAST TO THE WEST LINE OF MICHIGAN AVENUE; THENCE NORTH ON SAID WEST LINE, 25 FEET TO THE POINT OF BEGINNING (EXCEPT THAT PART TAKEN FOR AND USED AS AN ALLEY), IN COOK COUNTY, ILLINOIS.

PARCEL 5:

LOT 2 (EXCEPT 9.7 FEET OFF THE WEST END THEREOF) IN COUNTY CLERK'S DIVISION OF LOTS 2 AND 3 IN BLOCK 19 IN ASSESSOR'S DIVISION OF THE NORTHWEST FRACTIONAL 1/4 OF SECTION 22, TOWNSHIP 39 NORTH, RANGE 14 EAST OF THE THIRD PRINCIPAL MERIDIAN, IN COOK COUNTY, ILLINOIS. WHICH SURVEY IS ATTACHED AS EXHIBIT "A" TO THE DECLARATION OF CONDOMINIUM RECORDED IN THE OFFICE OF THE RECORDER OF DEEDS OF COOK COUNTY, ILLINOIS, AS DOCUMENT #0803903091 AND AS AMENDED FROM TIME TO TIME, TOGETHER WITH AN UNDIVIDED PERCENTAGE INTEREST IN THE COMMON ELEMENTS.

A.P.N.: 17-22-107-037-0000

677

6