Hearing Date: January 14, 2015 at 10:00 a.m. (ET)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------
|                              | )  |                          |
| In re:                       | )  | Case No. 12-12020 (MG)   |
|                              | )  |                          |
| RESIDENTIAL CAPITAL, LLC, et al., | )  | Chapter 11          |
|                              | )  |                          |
|                     Debtors. | )  | Jointly Administered     |
-------------------------------------------------------------------

**THE RESCAP LIQUIDATING TRUST'S (I) REPLY IN SUPPORT OF THE RESCAP
LIQUIDATING TRUST'S SEVENTY-NINTH OMNIBUS CLAIMS OBJECTION
(PURPORTED ADMINISTRATIVE CLAIMS) SOLELY IN RESPECT OF
CLAIM NO. 7413 AND (II) OBJECTION TO MOTION BY CONRAD P. BURNETT, JR.
<u>SEEKING LEAVE TO AMEND CLAIM NO. 7413</u>**

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ..................................................................................................................... 2

A.    Chapter 11 Cases ...................................................................................................... 2

B.    Claim No. 7413 ......................................................................................................... 4

REPLY .................................................................................................................................. 7

A.    Burnett Fails to Meet His Burden of Proof to Demonstrate the Merits of Claim
      No. 7413 .................................................................................................................... 7

B.    Burnett Does Not Meet the Legal Standards Required to Amend His Purported
      Administrative Expense Claim .................................................................................. 12

CONCLUSION ...................................................................................................................... 17

## TABLE OF AUTHORITIES

**Page(s)**

**CASES**

In re Amfesco Indus., Inc.,
81 B.R. 777 (Bankr. E.D.N.Y. 1988) ...................................................................... 8

Ashcroft v. Iqbal,
556 U.S. 662 (2009) ............................................................................................... 9

Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co. GUC
Trust),
No. 12. Civ. 6074 (RJS), 2013 U.S. Dist. LEXIS 143957 (S.D.N.Y. Sept. 26, 2013)............. 7

In re Allegheny Int'l, Inc.,
954 F.2d 167 (3d Cir. 1992) .................................................................................. 7

In re Bayou Grp., LLC,
431 B.R. 549 (Bankr. S.D.N.Y. 2010) .................................................................. 11

In re Best Prods. Co.,
173 B.R. 862 (Bankr. S.D.N.Y. 1994) .................................................................. 11

In re Dana Corp.,
390 B.R. 100 (Bankr. S.D.N.Y. 2008) .................................................................. 10

In re DPH Holdings Corp.,
494 Fed. Appx. 135 (2d Cir. 2012) ...................................................................... 12

In re Drexel Burnham Lambert Grp. Inc.,
134 B.R. 482 (Bankr. S.D.N.Y. 1991) .................................................................... 8

In re Enron Creditors Recovery Corp.,
370 B.R. 90 (Bankr. S.D.N.Y. 2007) .................................................................... 16

In re Granite Partners, L.P.,
213 B.R. 440 (Bankr. S.D.N.Y. 1997) .................................................................. 11

In re Grubb & Ellis Co.,
478 B.R. 622 (Bankr. S.D.N.Y. 2012) .................................................................... 8

In re McLean Indus., Inc.,
121 B.R. 704 (Bankr. S.D.N.Y. 1990) .................................................................. 12

In re Old Carco LLC,
424 B.R. 650 (Bankr. S.D.N.Y. 2010) .................................................................... 8

Integrated Res., Inc. v. Ameritrust Co. Nat'l Ass'n (In re Integrated Res., Inc.),
   157 B.R. 66 (S.D.N.Y. 1993) ...............................................................................15

Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.),
   419 F.3d 115 (2d Cir. 2005) ....................................................................12, 13, 15

Otte v. United States,
   419 U.S. 43 (1974) ...............................................................................................10

Sherman v. Novak (In re Reilly),
   245 B.R. 768 (B.A.P. 2d Cir. 2000), aff'd, 242 F.3d 367 (2d Cir. 2000)...............7

Supplee v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.),
   479 F.3d 167 (2d Cir. 2007) ...................................................................................9

Trs. of Amalgamated Ins. Fund v. McFarlin's, Inc.,
   789 F.2d 98 (2d Cir. 1986) .....................................................................................8

Vaughn v. Air Line Pilots Ass'n, Int'l,
   604 F.3d 703 (2d Cir. 2010) ...................................................................................9

**STATUTES**

11 U.S.C. § 503(b)(1)(A) .................................................................................................8

11 U.S.C. § 503(b)(3)(D) ...............................................................................................10

**OTHER AUTHORITIES**

In re Residential Capital, LLC,
   No. 12-12020 (MG) (Bankr. S.D.N.Y. Sept. 30, 2014) [Docket No. 7592] ............7

In re Residential Capital, LLC,
   No. 12-12020 (MG) (Bankr. S.D.N.Y. July 31, 2014) [Docket No. 7328]...............8

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to

the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC,*

*et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] (the "Plan")

confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), hereby submits

this (i) reply in support of the ResCap Liquidating Trust's Seventy-Ninth Omnibus Claims

Objection (Purported Administrative Claims) [Docket No. 7841] (the "Claims Objection"), and

(ii) objection to the motion of claimant Conrad P. Burnett, Jr. ("Burnett") seeking leave to amend

Claim No. 7413 [Docket No. 7881] (the "Motion") (together (i) and (ii) are referred to herein as

the "Objection").    In support of the Objection, the Liquidating Trust respectfully states as

follows:

## **PRELIMINARY STATEMENT**

1.      In both Burnett's initial request for payment of an administrative expense

claim, reflected in Claim No. 7413, and the Motion, Burnett fails to meet the legal standards

required to assert a valid administrative expense claim.    Burnett has not offered sufficient

evidence to show that the Debtors improperly serviced Burnett's mortgage loan postpetition, nor

has Burnett offered any factual or legal basis to demonstrate that any of his attorneys' fees,

purportedly incurred postpetition on account of defending his claims against the Debtors, should

be reimbursed by the Debtors' estates.

2.      Nor does the Motion seeking leave to amend Claim No. 7413[1] cure the

underlying defects of Claim No. 7413 as identified in the Claims Objection.    Apparently, the

Motion purports to reduce the amount of Burnett's asserted administrative expense claim

---

[1]      Burnett filed a number of other documents purporting to amend and/or supplement Claim No. 7413 without
first seeking leave of the Court. See, e.g., Docket Nos. 7523, 7658.

ny-1170198

reflected in Claim No. 7413, but regardless, it is yet another confusing and misguided effort on Burnett's part to support his claim for "true administrative expenses" (Motion ¶ 1). Burnett's Motion not only lacks any support for a claim of attorneys' fees incurred either pre- or postpetition, it fails to meet the legal standards that courts in this district apply when determining whether to allow post-bar date amendments to claims. The Motion also misstates numerous facts related to Claim No. 7413 and these proceedings, which the Liquidating Trust clarifies below. Moreover, in the face of an objection, before having an opportunity to seek permission to amend its claim, a claimant should first prove, at the outset, to the court that it has a valid basis for an allowed claim, so as to not waste the court's time adjudicating a potentially irrelevant issue.

3.      In sum, based on the Liquidating Trust's review of the Debtors' books and records, Claim No. 7413 and the relief requested in the Motion, Burnett cannot meet the requisite standards for either an allowed administrative expense claim or amending a claim well after the applicable bar date. Lastly, Burnett's general unsecured claims still remain unresolved and will be heard by the Court shortly as part of the recently-filed eightieth omnibus claims objection filed by the ResCap Borrower Claims Trust (the "Borrower Trust") [Docket No. 7922].[2]

## BACKGROUND

### A.      Chapter 11 Cases

4.      On May 14, 2012, each of the debtors in the Chapter 11 Cases (the "Debtors") filed a voluntary petition in the Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[2]      Burnett filed a response to the eightieth omnibus claims objection in support of his general unsecured claims [Docket No. 7938], which will be addressed in the Borrower Trust's reply in support of its objection.

ny-1170198

5.      On December 11, 2013, the Court entered an Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "Confirmation Order") approving the terms of the Plan filed in these Chapter 11 Cases [Docket No. 6065].  On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and among other things, the Liquidating Trust was established [Docket No. 6137].

6.      The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates.  See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22.  Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets. See generally Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

7.      The Confirmation Order required holders of purported Administrative Claims (as such term is defined in the Plan) to file their "requests for the payment of such Administrative Claims not already Allowed by Final Order in accordance with the procedures specified in the Confirmation Order, on or before the first Business Day that is thirty (30) days following the Effective Date. . . ."[3]  See Confirmation Order ¶ 50(f).  The Confirmation Order further provides that a claimant's failure to follow these procedures would result in the claimant being "forever barred, estopped, and enjoined from asserting such Claims against the Debtors,

---

[3]     On December 17, 2013, in accordance with the Plan, the Debtors filed the Notice of Entry of the Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by the Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors and Occurrence of the Effective Date [Docket No. 6137], which set **January 16, 2014** as the deadline by which holders of administrative expense claims could file requests for payment of such purported claims (the "Administrative Claim Bar Date").

ny-1170198

the Plan Trusts, or their assets or properties, and such Claims shall be deemed discharged as of

the Effective Date." See id.

**B.    Claim No. 7413**

8.    On January 8, 2014, Burnett filed an Application for Allowance of

Administrative Expense and Immediate Payment Pursuant to 11 U.S.C. § 503 [Docket No. 6256]

(the "Purported Admin. Claim") in his capacity as a *pro se* claimant.  The Purported Admin.

Claim alleged that the "Debtor owes Conrad P Burnett, Claimant $375,395.00 for failed

mortgage servicing rendered in the ordinary course of business between May 14, 2012, and

December 17, 2013."  See Purported Admin. Claim ¶ 4.  The form of order appended to the

Purported Admin. Claim provides that "$375,395.00 of administrative expenses [should] be

allowed as administrative expenses, specifically, legal fees, filing fees, attorney's fees, and proof

of claim."  See Exhibit Order, annexed to Purported Admin. Claim.  Burnett also appended to the

application certain documents that purportedly support his administrative expense claim: (i) a

statement of Payments and Credits from Phillip S. Griffin II PC, from May 2012 through

December 2013, totaling $20,020.01; (ii) a Customer QuickReport from Huelbig Doc Prep

Corporation, noting a series of payments and invoices related to an account held by Burnett, with

a handwritten total of $3,375.00 marked thereon; and (iii) Claim No. 345, filed by Burnett on or

about July 27, 2012 against Debtor GMAC Mortgage, LLC ("GMACM") in the amount of

$352,000.00 based on "commercial paper 'deed of trust.'"

9.    On or about September 10, 2014, Burnett, represented by Pablo E. Bustos,

Esq. of Bustos & Associates, P.C.,[4] filed an Amended Application for Allowance of

Administrative Expenses and Immediate Payment Pursuant to 11 U.S.C. § 503 [Docket No.

---

[4]    Upon information and belief, Burnett has been represented by Mr. Bustos since the filing of the Amended
Application, and is currently represented by Mr. Bustos in this matter.

7523] (the "Amended Application").  In the Amended Application, Burnett sought to amend

Claim No. 7413, without leave of the Court, and asserted an administrative expense claim

against GMACM in the amount of "$750,790.00 for failed mortgage servicing rendered in the

ordinary course of business between May 14, 2012, and December 17, 2013."  Amended

Application ¶ 10.

10.    On October 3, 2014, Burnett filed a Certificate of No Objection in

connection with the Amended Application [Docket No. 7612], which was subsequently

withdrawn on October 20, 2014 [Docket No. 7656].

11.    On October 20, 2014, Burnett filed a Statement of Damages in connection

with the Amended Application [Docket No. 7658].  The Statement of Damages reflects that as of

October 15, 2014, Burnett's damages inexplicably doubled from the amount asserted in the

Amended Application to $1,528,218.

12.    On or about October 27, 2014, Burnett then sought to re-open the

adversary proceeding that Burnett had filed against GMACM [Adv. Pro. Docket No. 9], styled

*Burnett v. GMAC Mortgage, LLC*, Adv. Pro. No. 12-ap-02049 (the "Adversary Proceeding").

The Adversary Proceeding was voluntarily dismissed by the parties' entry into the Stipulation

and Order (A) Dismissing Adversary Proceeding Without Prejudice, and (B) Granting Related

Relief [Adv. Pro. Docket No. 7], dated February 15, 2013, whereby the parties agreed, among

other things, that Burnett would have the right "to pursue his claims, if any, against GMAC

Mortgage, through resolution of any timely filed proof of claim filed in GMAC Mortgage's

chapter 11 case." Adversary Proceeding, Docket No. 7, ¶ 4.

13.    On October 31, 2014, Burnett filed a Notice of Hearing in connection with

the Amended Application, seeking immediate payment on account of Burnett's purported

administrative expense claim and attempting to schedule a hearing for this matter [Docket No. 7710] (the "Immediate Payment Motion").

14.     On November 21, 2014, the Liquidating Trust filed an objection to Burnett's Immediate Payment Motion [Docket No. 7791].

15.     On November 30, 2014, Burnett filed a reply in support of the Immediate Payment Motion [Docket Nos. 7810, 7811].

16.     On December 4, 2014, the Court denied the Immediate Payment Motion without prejudice to the parties' respective rights to adjudicate Burnett's claims in the Chapter 11 Cases [Docket No. 7823].

17.     On December 8, 2014, the Liquidating Trust filed the Claims Objection. Claim No. 7413 is listed on Exhibit B annexed to the proposed order to the Claims Objection, pursuant to which the Liquidating Trust explains why there is no legal basis for Burnett to assert an administrative expense claim against the Liquidating Trust.  A copy of the relevant page of Exhibit B is annexed hereto as Exhibit 1.

18.     On December 15, 2014, Burnett filed the Motion seeking to amend Claim No. 7413, and which, upon information and belief, serves as Burnett's response to the Claim Objection.  Burnett claims that the Liquidating Trust originally filed Claim No. 7413 in the amount of $375,395.00 on behalf of Burnett, and Burnett "cannot ascertain how Debtor calculated these figures which appear to duplicate prior claims filed by Creditor."  Motion ¶ 1. Burnett asserts that the proposed amendment to Claim No. 7413, asserted in an amount of $58,933.33 as against Debtor Residential Capital, LLC ("ResCap"), would represent "[a]ttorney's fees only for the cost to litigate with Joint-Debtor GMAC[M] both pre & post-

6

petition to enforce the creditors' rights under a contract, and consumer fraud." Id. ¶ 6.[5]  Burnett

asserts that he "would suffer irreparable harm and damage in an amount that cannot be

reasonable [sic] be ascertained" if permission to amend Claim No. 7413 is not granted (see id.).

## REPLY

### A.    Burnett Fails to Meet His Burden of Proof to Demonstrate the Merits of Claim No. 7413.

19.    In the Objection, the Liquidating Trust rebutted the presumption of

Burnett's prima facie claim asserted against the Debtors.  See In re Allegheny Int'l, Inc., 954

F.2d 167, 173-74 (3d Cir. 1992) ("In practice, the objector must produce evidence which, if

believed, would refute at least one of the allegations that is essential to the claim's legal

sufficiency."); Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (B.A.P. 2d Cir. 2000) (same),

aff'd, 242 F.3d 367 (2d Cir. 2000).  The Liquidating Trust produced evidence at least equal in

force to that provided by Burnett, and as a result, the burden shifted back to Burnett to produce

additional evidence to prove the validity of his claims by a preponderance of the evidence.  See

Allegheny, 954 F.2d at 174; see also Creamer v. Motors Liquidation Co. GUC Trust (In re

Motors Liquidation Co. GUC Trust), No. 12. Civ. 6074 (RJS), 2013 U.S. Dist. LEXIS 143957, at

*12-13 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted) (stating an objector can

negate a claim's presumptive validity and shift the burden back to the claimant to "prove by a

preponderance of the evidence that under applicable law the claim should be allowed." (citation

omitted); Memorandum Opinion and Order Sustaining the ResCap Borrower Claims Trust's

Objection to Claim Numbers 283, 1353, 1696, 4629, and 6281 Filed by Patrick Lorne Farrell, In

re Residential Capital, LLC, et al., No. 12-12020 (MG) (Bankr. S.D.N.Y. Sept. 30, 2014)

---

[5]    Burnett appends to the Motion a proof of claim form, which denotes that the entire amount of the administrative expense claim is allegedly entitled to priority under 11 U.S.C. § 507(a)(C).  See Exhibit 1 to Motion, Proof of Claim Form, Box 5.

[Docket No. 7592] (stating same standard); Memorandum Opinion and Order Sustaining the ResCap Borrower Claims Trust's Objection to Claim No. 5282 of Michelle Lawson, In re Residential Capital, LLC, et al., No. 12-12020 (MG) (Bankr. S.D.N.Y. July 31, 2014) [Docket No. 7328] (same).

20.    Section 503(b)(1)(A) of the Bankruptcy Code provides that only "actual, necessary costs and expenses of preserving the estate" are allowed as administrative expenses. 11 U.S.C. § 503(b)(1)(A).  A party asserting an administrative expense claim has the burden of proving that such expense was actual and necessary for preserving the estate.  See In re Old Carco LLC, 424 B.R. 650, 657 (Bankr. S.D.N.Y. 2010); In re Drexel Burnham Lambert Grp. Inc., 134 B.R. 482, 489 (Bankr. S.D.N.Y. 1991).  Courts in this District have held that section 503(b)(1)(A) should be narrowly construed due to "the bankruptcy goal of providing equal distribution of a debtor's assets to all creditors. . . ."  Old Carco, 424 B.R. at 656.

21.    Specifically, "an expense is administrative only if it arises out of a transaction between the creditor and the bankrupt's trustee or debtor in possession," and "only to the extent that the consideration supporting the claimant's right to payment was both supplied to and beneficial to the debtor-in-possession in the operation of the business."  See In re Grubb & Ellis Co., 478 B.R. 622, 624 (Bankr. S.D.N.Y. 2012) and Trs. of Amalgamated Ins. Fund v. McFarlin's, Inc., 789 F.2d 98, 101 (2d Cir. 1986).  An administrative expense claim "should only be granted under extraordinary circumstances, to wit, when the parties seeking priority have sustained their burden of demonstrating that their services are actual and necessary to preserve the estate."  In re Drexel Burnham Lambert Grp. Inc., 134 B.R. at 489 (quoting In re Amfesco Indus., Inc., 81 B.R. 777, 785 (Bankr. E.D.N.Y. 1988).

8

22.     It is a claimant's burden to establish that it is entitled to an administrative expense claim.  Supplee v. Bethlehem Steel Corp. (In re Bethlehem Steel Corp.), 479 F.3d 167, 172 (2d Cir. 2007).   For Claim No. 7413 to survive, Burnett must allege "enough facts to state a claim for relief that is plausible on its face."  Vaughn v. Air Line Pilots Ass'n, Int'l, 604 F.3d 703, 709 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)).  Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully."  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).  Accordingly, where a claimant recites "mere conclusory statements" in place of well-pleaded factual allegations, the court need not accept those conclusory statements as true.  See, e.g., Iqbal, 556 U.S. at 677-78.  Burnett's request for payment of Claim No. 7413 pursuant to section 503 of the Bankruptcy Code, both in its original form (see Exhibit 1) and in its proposed amended form, fails to demonstrate that this claim should be treated as an administrative expense claim, or that this claim has any merit whatsoever.  Many of the statements in the Motion and Claim No. 7413, as well as the exhibits submitted in support thereof, fail to prove by any measure of evidence that Claim should be allowed – in whole or in part – as an administrative expense claim.   In the Motion, Burnett has failed to meet his burden of showing that the purported expense claimed therein, namely, purported professional fees, was necessary for the Debtors' postpetition operations or the preservation of the Debtors' estates.   Nor has Burnett identified any legal or factual basis that would support shifting the payment of his professional fees to the Liquidating Trust, whereby such a claim could be treated as either a general unsecured claim or an administrative expense claim.

23.     First, Burnett fails to offer sufficient evidence that any of the Debtors engaged in wrongful conduct, or demonstrate the causal connection of such purported wrongful

9

conduct to Burnett's alleged claims.  Burnett summarily asserts that the Debtors are guilty under

contract and according to fraud.  Not only do such general, conclusory and unsubstantiated

statements both fail to constitute sufficient proof of the Debtors' wrongdoing and substantiate

any damages incurred by Burnett, such paltry proffers by Burnett fail to approach the significant

burden that must be met for an allowed administrative expense claim.  Therefore, the Objection

should be sustained.

24.    <u>Second</u>, Burnett's statements and appended exhibits to the Burnett

Declaration in support of the Motion do not quantify or detail his damages in the form of

incurred professional fees or otherwise.  Specifically, Burnett has not designated what portion of

the purported $58,933.33 in professional fees was incurred prepetition, and what portion was

incurred postpetition.  Burnett neither provides any supporting documentation, in the form of

invoices or another form of verifiable proof, to evidence (a) to whom any professional fees were

paid by Burnett, (b) the matter for which those fees were incurred, nor (c) the amounts of such

fees and the dates such fees were incurred.

25.    <u>Third</u>, Burnett has provided no legal authority to show that the legal fees

he has incurred in connection with either prepetition or postpetition litigation with the Debtors

may be shifted to, and reimbursed by, the Liquidating Trust.  For example, a bankruptcy court

may reward a party that makes a "substantial contribution" to a chapter 11 case by ordering the

debtor to pay the party's fees and expenses incurred in making that contribution under section

503(b)(3)(D) of the Bankruptcy Code.  <u>See</u> 11 U.S.C. § 503(b)(3)(D).[6]  "Third parties, who

---

[6]    Section 503(b)(3)(D) reflects a policy of encouraging meaningful participation in a reorganization or
liquidation case while "keeping fees and administrative expenses to a minimum so as to preserve as much of
the estate as possible for the creditors."  <u>Otte v. United States</u>, 419 U.S. 43, 53 (1974).  Although the
Bankruptcy Code does not define "substantial contribution," courts generally have required that the claimant
demonstrate that it took extraordinary actions that led to an actual and demonstrable, or direct and material,
(Cont.'d)

ny-1170198

generally represent only their clients' interests and only indirectly contribute to the case's administration, therefore normally would not be compensated by the estate on an administrative priority basis. Instead, 'compensation under section 503 is reserved for those rare and extraordinary circumstances when the creditor's involvement truly enhances the administration of the estate.'" In re Bayou Grp., LLC, 431 B.R. 549, 561 (Bankr. S.D.N.Y. 2010) (citing In re Dana Corp., 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008)).

26.    As stated in Exhibit 1, Burnett's request for the payment of attorney's fees is inappropriate as an administrative expense because pursuant to section 503(b)(3)(D) of the Bankruptcy Code, Burnett's activities in the Chapter 11 Cases do not amount to a substantial contribution to the progression of these cases.  Regardless of whether Burnett's attorney's fees were incurred prepetition or postpetition, Burnett has not demonstrated that these expenses were incurred by efforts that directly benefited the Debtors' estates.  Nor has Burnett offered any contractual or legal basis upon which he, as a purported creditor who has not made a substantial contribution to the Chapter 11 Cases, should have his attorney's fees paid by the Liquidating Trust. See In re Bayou Grp., LLC, 431 B.R. at 560 ("[t]he integrity of section 503(b) can only be maintained by strictly limiting compensation or extraordinary creditor actions which lead directly to tangible benefits to the creditors, debtor or estate.") (citing In re Best Prods. Co., 173 B.R. 862, 866 (Bankr. S.D.N.Y. 1994)).

27.    Moreover, the deadline by which a claimant could file 503(b)(3)(D) claims – the Administrative Claims Bar Date – has passed.  Burnett did not submit an application

---

benefit to the debtor's estate, and not where such benefit was incidental to the claimant's pursuit of its own self interest.  See, e.g., In re Granite Partners, L.P., 213 B.R. 440, 445-46 (Bankr. S.D.N.Y. 1997) (stating "[c]ompensation is limited to those extraordinary actions that foster and enhance, rather than retard or interrupt the progress of reorganization.") (internal citations and quotations omitted).

to the Liquidating Trust for the payment of attorneys' fees pursuant to section 503(b)(3)(D) of

the Bankruptcy Code by this date.  Therefore, such a claim would be late-filed and disallowed.

**B.      Burnett Does Not Meet the Legal Standards Required to Amend His Purported
Administrative Expense Claim.**

28.      Since Burnett has failed to meet his burden to prove his entitlement to an

allowed administrative expense claim, for the reasons described above, his request to amend an

otherwise invalid claim is moot and need not be addressed by the Court.

29.      Notwithstanding, Burnett's application to amend Claim No. 7413 does not

meet the standards that courts in the district apply when determining whether to allow post-bar

date amendments to proofs of claim.  See generally In re DPH Holdings Corp., 494 Fed. Appx.

135 (2d Cir. 2012) (applying Federal Rule of Bankruptcy Procedure 7015 and the Second

Circuit's Enron test (described below) to determine whether a post-bar date amendment to a

claim for payment of administrative expenses under section 503 is appropriate); see also Midland

Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.), 419 F.3d 115, 133 (2d Cir.

2005) (describing a two-step inquiry to consider allowing a post-bar date amendment: (i)

whether the amendment "relates back" to a timely filed claim; and (ii) whether allowing the

amendment would, among other things, unduly prejudice *the opposing party*) (emphasis added).

The "relation back" inquiry considers whether the purported amendment to a proof of claim "1)

corrects a defect of form in the original claim; 2) describes the original claim with greater

particularity; or 3) pleads a new theory of recovery on the facts set forth in the original claim."

Id. (quoting In re McLean Indus., Inc., 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)).

30.      First, the Motion does not correct a defect of form in Claim No. 7413.

Claim No. 7413 was filed prior to the Administrative Claim Bar Date in proper form, *i.e.*, a

request filed with the Court pursuant to 11 U.S.C. § 503.  Burnett inexplicably claims that the

ny-1170198

Liquidating Trust originally filed Claim No. 7413 on behalf of Burnett, stating that he "cannot ascertain how Debtor calculated these figures which appear to duplicate prior claims filed by Creditor." Motion ¶ 1. The Liquidating Trust was not involved in Burnett's decision to file an application for an administrative expense claim, nor did it arbitrarily designate an amount for this claim. The amount listed in the claims register for this claim is based on the information contained in the Purported Admin. Claim. Moreover, it is clear from numerous statements in the Purported Admin. Claim that Burnett himself drafted and submitted his request for payment of an administrative expense claim. <u>See</u> Docket No. 6256 ("Conrad P Burnett, Claimant, represented pro se . . . applies to this Court for allowance . . . ."). KCC, as the Debtors' noticing and claims agent, received the filed version of the Purported Admin. Claim, processed it as an administrative expense claim request, and assigned it Claim No. 7413 in the Claims Register. Neither the Liquidating Trust nor KCC filed the Purported Admin. Claim on the docket; therefore, upon information and belief, it appears as though the Purported Admin. Claim was processed in the Chapter 11 Cases' docket when received by the Court.

31.     <u>Second</u>, the content of the Motion and the proposed amendment, in substance, "does not describe the original claim[s] with greater particularity" (<u>In re Enron Corp.</u>, 419 F.3d at 133). The Motion seeks to remove the alleged prepetition and postpetition mortgage servicing claims from Claim No. 7413 and only assert an administrative expense claim for attorneys' fees purportedly incurred by Burnett in connection with his prepetition and postpetition litigation with the Debtors. Motion ¶ 6. While the Motion seeks to limit the universe of what is sought as an administrative expense claim, it does not describe or elaborate on that claim with greater particularity or add any proof to the original Claim No. 7413 (which is lacking in proof altogether). The Motion adds prepetition attorneys' fees to the claim, whereby

13

the original application only included postpetition attorneys' fees, and simply alleges a vague,

conclusory allegation that these purported prepetition and postpetition legal fees relate to "an

affirmative act/misrepresentation by GMAC[M] Joint Debtor; and therefore, no showing of

intent is required." Motion ¶ 6. This allegation is insufficient to state a claim against GMACM

that is plausible on its face, and does nothing to further demonstrate the merits of Claim No.

7413.

32.    <u>Third</u>, the Motion does not adequately plead a new and valid theory of

recovery on the facts set forth in the original administrative expense claim.  The Purported

Admin. Claim asserts that GMACM owes Burnett payment for administrative expenses allegedly

incurred from "failed mortgage servicing rendered in the ordinary course of business."

Application ¶ 4.  The Amended Application (made without leave of the Court) increased the

amount of Claim No. 7413 to $750,000, but did not add any new theory of recovery; in addition

to basing the claim on alleged "failed mortgage servicing" (similar to the Purported Admin.

Claim), it also referenced certain allegations included in Burnett's prepetition proofs of claim,

Claim Nos. 345 and 3743.  <u>See</u> Amended Application ¶ 4, 7, 10.[7]  The Motion references this

Court's Memorandum Opinion and Order Determining the Amount of Allowed Claim of Frank

and Cristina Reed [Docket No. 7619] in support of Burnett's argument that legal fees should be

paid as an *administrative expense* where there is a misrepresentation on the part of a Debtor.

Motion ¶ 6. If this is an attempt by Burnett to plead a new theory of recovery, it fails.  Further,

Burnett's reliance on the Memorandum Opinion and Order is entirely misplaced and does not

---

[7]    Burnett also states, for the first time, that on or about December 6, 2012, Burnett "filed a Civil Action for
Conversion of an Instrument under Va. Code § 8.3A-420; Case No. 12002111 in the Circuit Court of Clarke
County, State of Virginia.  Motion ¶ 5.  This lawsuit, naming Deutsche Bank Trust Company Americas,
GMACM, and Does I-X inclusive, as defendants, was dismissed without prejudice on April 30, 2013.  <u>See</u>
Order, *Burnett v. Deutsche Bank Trust Co. Americas, et al.*, Case No. 5:13cv005 (MFU) (W.D. Va. Apr. 30,
2013), ECF #9.  Upon information and belief, GMACM was never served with the complaint relating to this
lawsuit. <u>See id.</u> n.1.

14

validate his entitlement to an allowed administrative expense claim. In that opinion, the Court

found that the Reeds are entitled to one allowed *unsecured claim* against GMACM on one of

their claims under the New Jersey Consumer Fraud Act, to be in the amount of attorney's fees

incurred in defending against a foreclosure action, trebled. <u>See</u> Docket No. 7619 at 12. The

Court did <u>not</u> grant the Reeds an administrative expense claim for this amount. Here, Burnett

merely asserts a conclusory and vague statement alleging fraud and without offering any

evidence or legal support. Thus, in addition to the reasons stated in <u>Exhibit 1</u>, not only is there

no evidence in the original Claim No. 7413 specifying how any of the Debtors engaged in

consumer fraud or made any misrepresentation under a contract with Burnett, none of the

aforementioned allegations qualify as valid grounds for Burnett to amend Claim No. 7413.

   33. Should the Court find that Burnett's amendment relates back to the timely

submitted Claim No. 7413, permitting the amendment would, among other things, unduly

prejudice the Debtors' estates because it would unnecessarily obligate the Liquidating Trust to

litigate a claim that is otherwise invalid. Courts consider the following five equitable factors in

determining whether to allow an amendment:

> (1) undue prejudice to opposing party; (2) bad faith or dilatory behavior on the
> part of the claimant; (3) whether other creditors would receive a windfall were the
> amendment not allowed; (4) whether other claimants might be harmed or
> prejudiced; and (5) the justification for the inability to file the amended claim at
> the time the original claim was filed.

<u>Integrated Res., Inc. v. Ameritrust Co. Nat'l Ass'n (In re Integrated Res., Inc.)</u>, 157 B.R. 66, 70

(S.D.N.Y. 1993) (citation omitted); <u>see also In re Enron Corp.</u>, 419 F.3d at 133. "The critical

consideration is whether the opposing party will be unduly prejudiced by the amendment." <u>In re</u>

<u>Integrated Res., Inc.</u>, 157 B.R. at 70 (citation omitted). Here, there is no question that Claim No.

7413 and all of Burnett's confused efforts to "amend" the claim are simply all devoid of merit.

Moreover, the Liquidating Trust "would be unduly prejudiced due to the possibility of opening

the floodgates for other similarly situated creditors to come forward to amend their claims or file late claims . . . " on otherwise tenuous legal grounds.  See In re Enron Creditors Recovery Corp., 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007).  In addition, Burnett has not presented any reasonable justification for his inability to file the contents of the amended claims at the time the original claims were filed, or at any time subsequent to then as part of his multiple filings in the Chapter 11 Cases.

34.      For these reasons, Claim No. 7413 is not entitled to administrative priority pursuant to section 503(b)(1)(A) of the Bankruptcy Code, nor should the Court grant Burnett leave to amend Claim No. 7413, as the proposed amendment both fails the standards to amend claims and the requirements for the amended claim to be treated as administrative expense claim.  Claim No. 7413 lacks merit, and should be disallowed and expunged from the Claims Register without leave to amend.

[*Remainder of Page Intentionally Left Blank*]

ny-1170198

## **CONCLUSION**

WHEREFORE, the Liquidating Trust respectfully requests that the Court (i) overrule the Motion seeking leave to amend Claim No. 7413, and (ii) grant the relief requested in the Claims Objection by disallowing and expunging Claim No. 7413 in its entirety.


Dated: January 9, 2015                      /s/ Norman S. Rosenbaum
         New York, New York            Norman S. Rosenbaum
                                          Jordan A. Wishnew
                                          Meryl L. Rothchild
                                          MORRISON & FOERSTER LLP
                                          250 West 55th Street
                                          New York, New York 10019
                                          Telephone:  (212) 468-8000
                                          Facsimile:  (212) 468-7900

                                          *Counsel for The ResCap Liquidating Trust*

17