**<u>Exhibit 1</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-NINTH OMNIBUS OBJECTION - NO BASIS / NO LIABILITY (BORROWER ADMIN CLAIMS)

### Claims to be Disallowed and Expunged

| # | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Unliquidated | Claimant Filed Prepetition Claim | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Charles C. Heyward<br>14120 Bishop Claggett Ct<br>Upper Marlboro, MD 20772 | 7313 | 12/17/2013 | $340,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | ☐ | ☐ | Claimant was timely served with the Administrative Claim Bar Date Notice at the same address listed in the Debtors' records. There is no basis for an administrative expense claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim before the November 16, 2012 Bar Date. In addition, Claimant filed a postpetition adversary proceeding against the Debtors but has failed to prosecute it. The Liquidating Trust will be moving to dismiss the adversary proceeding. |
| 2 | Conrad P Burnett Jr.<br>612 McIntosh Drive<br>Linden, VA 22642 | 7413 | 01/08/2014 | $375,395.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☑ | Claimant asserts an administrative expense claim for "failed mortgage servicing rendered in the ordinary course of business between May 14, 2012 and December 17, 2013". On September 10, 2014, Claimant filed an amended application for allowance of administrative expenses and immediate payment [Docket No. 7523] and a statement of damages in connection therewith [Docket No. 7658], alleging continued servicing damages were owed to Claimant postpetition and claiming that total damages amounted to $1,528,218. That application was denied [Docket No. 7823]. There is no basis for an administrative expense claim pursuant to section 503 of the Bankruptcy Code because Claimant has provided no evidence of any postpetition claim based on either a necessary expense of the estates or any wrongful postpetition conduct on the part of any Debtor that potentially could give rise to a claim. Moreover, the Liquidating Trust reserves all rights to contest any claim on the basis of any alleged conduct of the Debtors postpetition. Claimant previously filed Claim No. 345 on July 27, 2012 and Claim No. 3743 on November 8, 2012. The Borrower Claim Trust will be addressing these claims in due course. Claimant was timely served with the Administrative Claim Bar Date Notice at same address listed in the Debtors' records. Further, Claimant's request for payment of attorneys fees is inappropriate as an administrative expense because section 503(b)(3)(D) of the Bankruptcy Code grants administrative expense priority only to the actual, necessary expenses incurred by a creditor where such creditor makes a substantial contribution to the chapter 11 case. Regardless of whether Claimant's attorneys fees were incurred prepetition or postpetition, Claimant has not demonstrated that these expenses were incurred by efforts that directly benefited the Debtors' estates, or any basis on which claimant, as a purported creditor, should have his attorneys fees paid in the Chapter 11 Cases. See In re Bayou Group, LLC, 431 B.R. 549, 560 (Bankr. S.D.N.Y. 2010) ("[t]he integrity of section 503(b) can only be maintained by strictly limiting compensation or extraordinary creditor actions which lead directly to tangible benefits to the creditors, debtor or estate.") (citing In re Best Prods. Co., Inc., 173 B.R. 862, 866 (Bankr. S.D.N.Y. 1994)). "Third parties, who generally represent only their clients' interests and only indirectly contribute to the case's administration, therefore normally would not be compensated by the estate on an administrative priority basis. Instead, 'compensation under section 503 is reserved for those rare and extraordinary circumstances when the creditor's involvement truly enhances the administration of the estate.'" Id. at 561 (citing In re Dana Corp., 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008)). |
| 3 | Emilia Zuniga<br>53700 Pine Canyon Rd.<br>King City, CA 93930 | 7420 | 01/14/2014 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☑ | Claimant references having received notice of the administrative claims bar date, but Claimant fails to state a basis for the asserted claim and its purported status as an administrative expense. Accordingly, there is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant previously filed Claim No. 4392 on November 9, 2012. The Borrower Claim Trust will be addressing prepetition Claim No. 4392 in due course. Claimant was timely served with the Bar Date Notice and Notice of Confirmation at the same address listed in the Debtors' records. |