# **Exhibit O**

| | |
|---|---|
| DOCKET NO. HHD CV 10 6009500 | : SUPERIOR COURT |
| GMAC MORTGAGE, LLC | : JUDICIAL DISTRICT OF HARTFORD |
| VS. | : AT HARTFORD |
| TODD SILBER | : DECEMBER 27, 2011 |

## MEMORANDUM OF DECISION
## MOTION FOR SUMMARY JUDGMENT

### FACTS

On March 31, 2010, the plaintiff, GMAC Mortgage, LLC, filed a one count complaint against the defendant property owner, Todd Silber, to foreclose on the mortgage securing the promissory note for property in South Windsor, Connecticut known as 73 Farnham Road. In the complaint, the plaintiff alleges the following relevant facts. On or about November 20, 2008, the defendant executed and delivered to Norwich Commercial Group, Inc., d/b/a Norcom Mortgage, a note for a loan in the amount of $238,823. Also on this date, the defendant executed and delivered a mortgage on the property to Mortgage Electronic Registration Systems, Inc. as nominee for Norcom Mortgage. The note and mortgage were subsequently assigned to the plaintiff. The plaintiff then became the owner of the note and mortgage.

The plaintiff further alleges that as of March 24, 2010, the note was in default. The plaintiff elected to accelerate the balance due, to declare the note due in full and

to foreclose the mortgage securing the note. The plaintiff provided the defendant with written notice of the default, but the defendant failed to cure the default.

On May 2, 2011, the defendant filed its amended answer and special defenses, as well as its amended answer and counterclaims.[1] The plaintiff filed its motion for summary judgment and the defendant has filed its objection thereto.

## DISCUSSION

"Summary judgment is a method of resolving litigation when pleadings, affidavits, and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." (Citations omitted.) *Wilson* v. *New Haven*, 213 Conn. 277, 279, 567 A.2d 829 (1989). "However, since litigants ordinarily have a constitutional right to have issues of fact decided by a jury . . . the moving party for summary judgment is held to a strict standard . . . of demonstrating his entitlement to summary judgment." (Citation omitted; internal quotation marks omitted.) *Kakadelis* v. *DeFabritis*, 191 Conn. 276, 282, 464 A.2d 57 (1983). "Practice Book § 17-49 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to

---

[1] The court must note that the label the defendant gives to these additional pleadings are inconsistent with the contents of each. The amended answers does not provide additions to the initial answer. The "amended answer and special defenses" attempts to set forth additional special defenses. The "amended answer and special defenses (counterclaims)" attempts to set forth counterclaims.

judgment as a matter of law. In deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party." (Internal quotation marks omitted.) *Sherman v. Ronco*, 294 Conn. 548, 553-54, 985 A.2d 1042 (2010). "Indeed, pleadings must be construed broadly and realistically, rather than narrowly and technically." (Internal quotation marks omitted.) *Connecticut Coalition for Justice in Education Funding, Inc. v. Rell*, 295 Conn. 240, 252-53, 990 A.2d 206 (2010).

"[S]ummary judgment is appropriate only if a fair and reasonable person could conclude only one way.... [A] summary disposition ... should be on evidence which a jury would not be at liberty to disbelieve and which would require a directed verdict for the moving party.... [A] directed verdict may be rendered only where, on the evidence *viewed in the light most favorable to the nonmovant*, the trier of fact could not reasonably reach any other conclusion than that embodied in the verdict as directed." (Citations omitted; emphasis in original; internal quotation marks omitted.) *Dugan v. Mobile Medical Testing Service, Inc.*, 265 Conn. 791, 815, 830 A.2d 752 (2003).

"[T]he 'genuine issue' aspect of summary judgment requires the parties to bring forward before trial evidentiary facts, or substantial evidence outside the pleadings, from which the material facts alleged in the pleadings can warrantably be inferred.... A material fact has been defined adequately and simply as a fact which will make a difference in the result of the case." (Citation omitted; internal quotation marks omitted.) *Buell Industries, Inc. v. Greater New York Mutual Ins. Co.*,

-3-

259 Conn. 527, 556, 791 A.2d 489 (2002). "The facts at issue [in the context of summary judgment] are those alleged in the pleadings." (Internal quotation marks omitted.) *Keller v. Beckenstein*, 117 Conn. App. 550, 557, 979 A.2d 1055, cert. denied, 294 Conn. 913, 983 A.2d 274 (2009). "'Issue of fact' encompasses not only evidentiary facts in issue but also questions as to how the trier would characterize such evidentiary facts and what inferences and conclusion it would draw from them." *United Oil Co. v. Urban Development Commission*, 158 Conn. 362, 379, 260 A.2d 596 (1969). "The facts at issue [in the context of summary judgment] are those alleged in the pleadings." (Internal quotation marks omitted.) *Washington v. Blackmore*, 119 Conn. App. 218, 220, 986 A.2d 356, cert. denied, 296 Conn. 903, 991 A.2d 1104 (2010). "In ruling on a motion for summary judgment, the court's function is not to decide issues of material fact, but rather determine whether any such issues exist." *Nolan v. Barkowski*, 206 Conn. 495, 500, 538 A.2d 1031 (1988).

"In seeking summary judgment, it is the movant who has the burden of showing the nonexistence of any issue of fact. The courts are in entire agreement that the moving party for summary judgment has the burden of showing the absence of any genuine issue as to all the material facts, which, under applicable principles of substantive law, entitle him to a judgment as a matter of law. The courts hold the movant to a strict standard. To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excludes any real doubt as to the existence of any genuine issue of material fact. . . . As the burden of proof is on the

-4-

movant, the evidence must be viewed in the light most favorable to the opponent. . . . When documents submitted in support of a motion for summary judgment fail to establish that there is no genuine issue of material fact, the nonmoving party has no obligation to submit documents establishing the existence of such an issue. . . . Once the moving party has met its burden, however, the opposing party must present evidence that demonstrates the existence of some disputed factual issue. . . . It is not enough, however, for the opposing party merely to assert the existence of such a disputed issue. Mere assertions of fact . . . are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book § [17-45]." (Internal quotation marks omitted.) *Ramirez v. Health Net of the Northeast, Inc.*, 285 Conn. 1, 10-11, 938 A.2d 596 (2008).

I

The Defendant's Liability

In its memorandum of law, the plaintiff argues that it has made out its prima facie case and is, therefore, entitled to summary judgment as a matter of law. Specifically, the plaintiff argues that there is no genuine issue of material fact that the plaintiff is the holder of the note and mortgage, that the defendant has defaulted, and that the plaintiff properly accelerated the debt and commenced this foreclosure action pursuant to the terms of the note and mortgage. In its objection to the plaintiff's motion for summary judgment, the defendant argues that the plaintiff has not provided evidence demonstrating that the plaintiff is the holder of the note and mortgage because the plaintiff has failed to produce the original, unaltered note.

-5-

"In a mortgage foreclosure action, [t]o make out its prima facie case, [the foreclosing party has] to prove by a preponderance of the evidence that it [is] the owner of the note and mortgage and that [the mortgagor has] defaulted on the note. . . . Furthermore, the foreclosing party must demonstrate that <u>all conditions precedent to foreclosure, as mandated by the note and mortgage, have been satisfied.</u>" (Citation omitted; internal quotation marks omitted.) *Bank of New York* v. *Conway*, 50 Conn. Sup. 189, 193-94, 916 A.2d 130 (2006). "[A] foreclosure complaint must contain certain allegations regarding the nature of the interest being foreclosed. These should include allegations relating to the parties and the terms of the operative instruments, the nature of the default giving rise to the right of foreclosure, the amount currently due and owing, the name of the record owner and of the party in possession, and appropriate prayers for relief. . . . The terms of the mortgage determine the necessary elements of the plaintiff's prima facie case." (Citation omitted; internal quotation marks omitted.) *New England Savings Bank* v. *Bedford Realty Corp.*, 246 Conn. 594, 610-11, 717 A.2d 713 (1998).

The evidence submitted, specifically, the copy of the note and corresponding allonge; the copy of the mortgage assignment; and the copy of the default notice, demonstrate that the plaintiff has provided sufficient evidentiary proof to make out its prima facie case. The copies of the note, the allonge and the mortgage assignment demonstrate that the plaintiff is indeed the owner of the note and mortgage. These documents undeniably show that the note and mortgage were assigned to the plaintiff

-6-

on or before December 8, 2010.[2] The defendant submitted a copy of the mortgage servicing transfer notice as proof that the plaintiff is not the owner of the note and mortgage. The defendant, however, misunderstands the terms of the servicing transfer notice. The servicing transfer notice does not serve the same function as an assignment of the note or mortgage. Rather, the servicing transfer notice merely entitles the transferee to collect payment on the note from the mortgagor and then requires the transferee to provide the loan originator, the owner of the note, with the payment collected. Thus, the defendant fails to provide evidentiary proof sufficient to raise a genuine issue of material fact as to whether the plaintiff is the owner of the note and mortgage.

Furthermore, the plaintiff provides a copy of the default notice that it sent to the defendant dated January 4, 2010. The default notice demonstrates that the defendant was in default on the note since November 1, 2009, and such default remained uncured at the time the notice was mailed. The notice also provides the defendant with thirty days from the date on the notice to cure the default. The defendant fails to provide any evidentiary proof to raise a genuine issue of material fact as to the defendant defaulting on the note. Therefore, there is no genuine issue of material fact that the defendant defaulted on the note.

In the present case, the mortgage provides that defendant cannot be in default until the defendant fails to make a monthly payment for at least thirty days, or if the

---

[2] December 8, 2010, is the date that the mortgage assignment was signed. Therefore the court will consider this the effective date of the assignment as neither the assignment notes on the note nor the allonge are dated.

-7-

defendant fails to make a monthly payment before the next monthly payment is due. The copy of the default notice provided by the plaintiff demonstrates that more than sixty days elapsed after the defendant's failure to pay before the plaintiff provided the defendant with the default notice. Therefore, the court concludes that the plaintiff provides evidentiary proof sufficient to demonstrate that it fulfilled the conditions precedent to instituting this foreclosure action pursuant to the terms of the note and mortgage. Accordingly, the plaintiff is entitled to judgment as a matter of law and the court will grant the plaintiff's motion for summary judgment as to the defendant's liability on the complaint.

II

Special Defense

"Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact . . . it [is] incumbent upon the party opposing summary judgment to establish a factual predicate from which it can be determined, as a matter of law, that a genuine issue of material fact exists." (Internal quotation marks omitted.) *Union Trust Company* v. *Jackson*, 42 Conn. App. 413, 417, 679 A.2d 421 (1996). "[S]ince a single valid [special] defense may defeat recovery, claimant's motion for summary judgment should be denied when any defense presents significant fact issues that should be tried." (Internal quotation marks omitted.) Id. "When a complaint and supporting affidavits establish an undisputed prima facie case for a foreclosure action, a court must only determine whether [a] special defense is legally sufficient before granting summary judgment." See *LaSalle*

-8-

*National Bank* v. *Shook*, Superior Court, judicial district of New London, Docket No. CV 549266 (July 13, 2011, *Martin, J.*), aff'd, 67 Conn. App. 93, 787 A.2d 32 (2001). "[T]he purpose of a special defense is to plead facts that are consistent with the allegations of the complaint but demonstrate, nonetheless, that the plaintiff has no cause of action. . . . A valid special defense at law to a foreclosure proceeding must be legally sufficient and address the making, validity or enforcement of the mortgage, the note or both." (Internal quotation marks omitted.) *Emigrant Mortgage Co.* v. *D'Agostino*, 94 Conn. App. 793, 802, 896 A.2d 812, cert. denied, 278 Conn. 919, 901 A.2d 43 (2006). "[The Connecticut Appellate Court] recently stated that special defenses and counterclaims alleging a breach of an implied covenant of good faith and fair dealing . . . are not equitable defenses to a mortgage foreclosure." (Internal quotation marks omitted.) *Fidelity Bank* v. *Krenisky*, 72 Conn. App. 700, 716-17, 807 A.2d 968 (2002).

Viewing the pleadings realistically, the court construes the defendant's "special defenses" as setting forth only one special defense. The content of the defendant's "special defenses" and the "amended special defenses" set forth arguments and factual allegations that amount to the defendant alleging a single special defense; that the plaintiff breached the implied covenant of good faith and fair dealing. The defendant alleges that the plaintiff breached the implied covenant of good faith and fair dealing by denying the defendant's requests for modification; failing to give the defendant thirty-days notice to bring the account current; and by failing to provide answers to discovery requests. Breach of the implied covenant of

-9-

good faith and fair dealing, however, is not a recognized special defense to a foreclosure action in Connecticut. Therefore, the court concludes that the defendant fails to set forth a valid and legally sufficient special defense to the plaintiff's foreclosure action and the plaintiff is entitled to judgment as a matter of law on the complaint.

### III

### Counterclaim

"[A]ny party may move for summary judgment upon any counterclaim or cross complaint as if it were an independent action. . . ." Practice Book § 17-44. "Because a counterclaim is a separate and distinct action . . . a party seeking summary judgment on both a compliant and a counterclaim must file an appropriate motion addressed to each." (Citations omitted; internal quotation marks omitted.) *Miller* v. *Bourgoin*, 28 Conn. App. 491, 500, 613 A.2d 292, cert. denied, 223 Conn. 927, 614 A.2d 825 (1992).

In its counterclaim, the defendant alleges: 1) that the plaintiff failed to produce the original and unaltered promissory note on the mortgage; 2) that the plaintiff has failed to produce any document demonstrating that the plaintiff has an ownership interest in the note; and 3) that the plaintiff has wrongfully demanded and collected payment from the defendant on the note. In its memorandum of law, the plaintiff argues that it is entitled to summary judgment as to the defendant's counterclaim because the plaintiff is the legal owner of the note, the plaintiff has

-10-

produced the original note demonstrating its legal interest and that having this legal interest in the note entitles the plaintiff to collect such payment.

The court construes the defendant's counterclaim as setting forth allegations that constitute a wrongful collection cause of action. See General Statutes § 36a-646.[3] The court views the defendant's counterclaim in conjunction with the evidence set forth by both parties for the motion for summary judgment. There is but one way that a reasonable person could conclude regarding ownership of the note. As discussed in section I, both parties provided documentary evidence demonstrating that the plaintiff is the legal owner of the note. (Plaintiff's Exhibits A and C; Defendant's Exhibits B, C, and D.) Also discussed in section I, the servicing transfer did not deprive the plaintiff of its ownership interest in the note, as the defendant argues. The documentary evidence demonstrates that there is no genuine issue of material fact that the plaintiff is the legal owner of the note. As such, the plaintiff has the legal right to collect payment on the note from the defendant. Furthermore, the defendant does not provide any evidentiary proof sufficient to demonstrate that the plaintiff engaged in any objectionable conduct that would serve as a basis for a wrongful collection claim. The court concludes that there is no genuine issue of material fact as to the plaintiff's method of collecting the debt on the note and that the plaintiff is entitled to summary judgment on the defendant's counterclaim. Therefore,

---

[3] General Statutes § 36a-646 provides: "No creditor shall use any abusive, harassing, fraudulent, deceptive or misleading representation, device or practice to collect or attempt to collect any debt."

-11-

the court will grant the plaintiff's motion for summary judgment as to the defendant's counterclaim.

## CONCLUSION

For the reasons stated above, the court finds that there is no genuine issue as to the defendant's liability on the complaint. The defendant's special defense does not bar the court from granting the plaintiff's motion for summary judgment. There is no genuine issue as to the plaintiff's manner of collecting payment on the note.

Accordingly, the plaintiff is entitled to summary judgment as a matter of law. The court hereby grants the plaintiff's motion for summary judgment on the complaint and the counterclaim.

_____
Robaina, J.