**Exhibit S**

# United States District Court

## District of Connecticut: Bridgeport

**FILED**
2012 AUG 31  P 12: 19
U.S. DISTRICT COURT
BRIDGEPORT, CONN

**Todd Silber (pro-se), Plaintiff**          Case: 3:12-cv01087-Jch

**Vs.**                                       August 29th 2012

**GMAC Mortgage LLC, Defendant**

## Plaintiffs Amended Complaint / Motion to Amend

Count ONE: Statements of Fact.

1) The Defendant, GMAC Mortgage LLC. Has a registered agent according to the secretary of state listed as; Corporation Service Company, 50 weston St. Hartford Ct. 06120-1537, where the original complaint/summons, was served.
2) On or about Jan 1st 2009 the Defendant had sent a bill demanding payment on mortgage for the property located at 73 Farnham Rd. South Windsor Ct. 06074.
3) On or about August 2009 and since such time, the defendant has participated in various programs from State and Government, commonly known as loss mitigation. Programs set forth to help home owners stay in their homes during the 'mortgage crisis' and unemployment crisis. The Defendant WILLFULLY received funds and funding, commonly known as TARP funds, or bail out money.
4) On or about November 1st 2009, the plaintiff fell behind on said mortgage payment and began to 'work' with the defendant, applying for modification work out plans with the hopes of saving his home from foreclosure, and has continually done so as of this August 29th 2012.
5) On or about March 24th 2010 the Defendant began to foreclose on said mortgage and promissory note.
6) On or about June 1st 2010 the Plaintiff and Defendant entered into the Ct. court Mediation program and remained there until Feb 2011.
7) The property has been in foreclosure, and a case is still pending as of August 29th 2012.

Count TWO: Breech of Contract.

1: Paragraphs one through seven of Count one are hereby incorporated as paragraphs one through seven inclusive of this count two, and made part hereof as if more fully set forth.

8) During the Foreclosure process and proceedings the defendant breeched said mortgage contract and 'alleged' promissory note. Whereas said Note states that under circumstances during Foreclosure the Defendant is bound and limited to HUD guidelines and regulation, and has failed to do so.

9) On or about June 1st 2010. The Plaintiff and Defendant reached a temporary agreement, a contract in writing and signed. The Agreement stated that Todd Silber would pay GMAC LLC modified, forbearance payments for a period of 6 months.

10) On or about July 1st 2010, the defendant, GMAC LLC, wrongfully terminated the agreement, Refused payment, breeching said agreement/contract.

11) During the Temporary agreement The Defendant wrongfully applied payments received from the Plaintiff, and failed to apply payment pursuant to said temporary agreement/contract.

Count THREE: Breech of Covenant to bargain in good faith and fair dealings / Failure to bargain in good faith.

1: Paragraphs one through seven inclusive to Count one and paragraphs seven through eleven inclusive to count two are hereby incorporated as paragraphs one through eleven inclusive of this count three, and made part hereof as if more fully set forth.

12) On or about June 1st 2010, the Plaintiff and Defendant entered into the Connecticut, court mediation program. During said programs the defendant failed to bargain in good faith and good intentions, which is a violation of a Hartford Superior Court standing order.

13) During the Mediation time, the defendant (who was the plaintiff at the time), failed to provide documents required by the court to be provided at each mediation session.

14) During the foreclosure and loss mitigation process, the defendant had wrongfully denied the plaintiff's modification /work out applications. The Plaintiff was entitled to a fair and accurate review and according to FHA/HUD regulation and guidelines would have qualified for said modification work out plans. And instead was wrongfully denied on untrue basis and conditions.

15) Pursuant to the 'Alleged' promissory Note attached to said mortgage contract. The Defendant failed to follow HUD guidelines, as well as FHA regulations while reviewing the loss mitigation applications filed by the Plaintiff.

16) On or about August 31st 2011. The Defendant provided in-accurate financial figures and information to CHFA (Connecticut Finance Housing authority). Resulting in a denial of

the EHLP program. A program that would of Given the Plaintiff a forgivable Loan of Fifty Thousand dollars. The program would have not only brought the Plaintiff current on his mortgage, but would have also assisted with monthly payments.

17) The Defendant has failed to hold up its commitment to the loan Modification process, and after receiving Billions of dollars in Aid, failed to perform the obligations required, pursuant to accepting Tarp Funds, Bailout Funds, federal aid, etc. The Defendant has repeatedly engaged in "dangling the Carrot" techniques, where upon reaching an agreement during a mediation session received requested documents and in return told the plaintiff that he would receive some sort of modification work out plan. However after the Plaintiff held up his end of the agreement, the Defendant failed to do so.

Count FOUR: Bank Fraud and ROBO Signing

1: Paragraphs one through seven inclusive to Count one and paragraphs seven through eleven inclusive to count two and paragraphs twelve through seventeen of count three are hereby incorporated as paragraphs one through seventeen inclusive of this count four, and made part hereof as if more fully set forth.

18) The Defendant has repeatedly made false representation of fact to the Superior Court personnel, as well as various State and Federal agencies acting on the Plaintiff's behalf.
19) The Defendant has repeatedly made false representation of fact that was detrimental to the plaintiff. Resulting in denials and/or refusals of modification work out plans, or other relief that would have saved the plaintiffs homes from the dangers of foreclosure.
20) In an Affidavit, filed by the Defendant on May 12th 2012 in the Hartford superior court. The Defendant is making false representation of fact that is Detrimental to the Plaintiff, to the Hartford Superior court; this is extremely detrimental to the Plaintiff. The affidavit is a crucial form that a foreclosing institute must have on file in order to be granted a "Motion of Strict Foreclosure". This is also a direct violation of the "unclean hands" act.
21) During the mediation program/meetings. The Defendant repeatedly made false representation of fact to the Court appointed mediator and the plaintiff, which was detrimental to the plaintiff benefiting from any positive outcome from mediation.
22) The Defendant has failed to show it ever properly and fairly conducted a modification review. As a hole the Defendant has admitted and/or it has been proven that the Defendant has Robo signed documents in the past, as well as falsifying certain documents. The Plaintiff makes complaint and believes that the Defendant has repeated said conduct, showing wanton disregards to rules and regulations
23) On or about May 2011, the Plaintiff had filed a motion of discovery and interrogatories with Hartford Superior court. One of the request, ask the Defendant to supply the

original "wet ink" bank note. At said time it was believed that the promissory Note they provided was said original. The Plaintiff now believes said note was not the original, and the Defendant had presented an altered, modified bank note to the Plaintiff as well as the Courts.

24) The Defendant has wrongfully pursued payments on a mortgage and wrongfully filed a foreclosure lawsuit on a promissory note that have been altered without the Plaintiffs knowledge, making said Mortgage contract and promissory Note, NOT Valid.

Count FIVE: Violation of Truth in Lending Act, U.S. code & Unfair Business Practices.

    1: Paragraphs one through seven inclusive to Count one and paragraphs seven through eleven inclusive to count two and paragraphs twelve through seventeen of count three and paragraphs eighteen through twenty four of count four are hereby incorporated as paragraphs one through twenty four inclusive of this count five, and made part hereof as if more fully set forth.

25) The Defendant has illegally and fraudulently acquired the 'alleged' promissory note for the property at 73 Farnham rd. South Windsor Ct. 06074. The Note has been altered without the Plaintiffs knowledge.
26) The plaintiff has never received a "truth in lending" statement for the mortgage contract referenced in this complaint.
27) The Defendant never provided the plaintiff with proper documentation that it was the legal servicer of the Mortgage referenced in this complaint. Nor that it was acquiring said mortgage or being assigned said promissory note.
28) The defendant never provided the Plaintiff with a Welcome/Hello Letter.
29) The Defendant willfully acquired a mortgage which consists of falsification of the plaintiff's loan documents.

Count SIX: Wrongful foreclosure procedures.

    1: Paragraphs one through seven inclusive to Count one and paragraphs seven through eleven inclusive to count two and paragraphs twelve through seventeen of count three and paragraphs eighteen through twenty four of count four and paragraphs twenty five through twenty nine of count five are hereby incorporated as paragraphs one through twenty nine inclusive of this count six, and made part hereof as if more fully set forth.

30) The Defendant has made it utterly impossible for the Plaintiff to receive any work out plans, or any relief that was available to save his home from Foreclosure. The Defendant has conducted itself in an unlawful, unethical, and immoral manner, acting in deceptive conduct during the foreclosure process.

31) The Defendant has rushed to foreclosure instead of fairly reviewing the Plaintiffs modification applications.
32) The Defendant has shown wanton disregard for Federal, state, as well as court appointed regulations. And has acted with repeated patterns of misconduct since the entire foreclosure process in the Superior court has begun.

12-12020-mg  Doc 7979-22  Filed 01/12/15  Entered 01/12/15 16:27:37  Exhibit S
to Priore Declaration    Pg 7 of 7
Case 3:12-cv-01087-JCH  Document 21  Filed 08/31/12  Page 6 of 6

United States District Court
District of Connecticut: Bridgeport

Todd Silber (pro-se), Plaintiff                     Case: 3:12-cv01087-Jch
Vs.                                                 August 29th 2012
GMAC Mortgage LLC, Defendant

Statement of Amount in Demand

The Amount, legal interest, interest or property in demand is FIFTEEN THOUSAND DOLLARS or more, Exclusive interest and cost.

Plaintiff, Todd Silber
By_____ Date 8/29/2012
Todd Silber, 860-922-4156
Self-Represented.
73 Farnham Rd.
South Windsor Ct. 06074

CERITIFICATION OF SERVICE:
   This is to certify that a copy of the foregoing was mailed Via U.S. mail certified, On August 29th 2012. To the Following.

Jennifer G. Farrell
Dowley & Associates
116 Washington St.
Middletown CT. 06457

BY Todd Silber  date 8/29/2012