**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER SUSTAINING RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NUMBER 2009 FILED BY TEDDY HALSTEAD**

The ResCap Borrower Claims Trust (the "Trust") objects to Proof of Claim Number 2009 (the "Claim") filed by Teddy Halstead ("Halstead"). The Objection (ECF Doc. # 7793) is supported by the declaration of Kathy Priore (the "Priore Decl.," ECF Doc. # 7793, Ex. 3). Halstead did not file any opposition to the Objection. The Court held a hearing on January 14, 2015. Halstead did not appear in person or by telephone. The Court now sustains the Objection and expunges the Claim.

Halstead filed the Claim on October 31, 2012, asserting a claim against Residential Capital, LLC ("ResCap") in the amount $2 million for "personal injury for wrongful foreclosure by Robo Signers and fraudulently falsifying mortgage and note transfers from the originator to the actual holder (Steven J. Baum firm)." Halstead attached no documents and provided no further explanation for the Claim.

On March 21, 2013, the Court entered the Procedures Order (ECF Doc. # 3294) requiring the Debtors (and now the Trust), before objecting to certain categories of Borrower Claims, to send the Borrower a request letter ("Request Letter") seeking additional documentation supporting a claim. (*See* Procedures Order at 4). The Debtors sent Halstead a Request Letter on June 21, 2013, but he failed to respond. *See* Priore Decl. ¶ 6. Halstead's Claim was a subject of the Debtors' earlier Fifty-First Omnibus Objection to Claims; Halstead did not file a response to

that objection, but that objection to Halstead's Claim was withdrawn without prejudice.  The Trust now objects to Halstead's Claim in this standalone Objection, to which Halstead has again not responded.  Therefore, after Halstead has had numerous opportunities to explain or support his Claim, the Trust is left with the barest and conclusory allegations in the Claim.

The Trust's Objection to Halstead's Claim is thorough and professional, addressing the lengthy factual history of Halstead's loan and mortgage, his failure to make *any* mortgage payments since September 2009, the several unsuccessful efforts by the Debtors to arrange a loan workout or forbearance plan that would have allowed Halstead to avoid foreclosure, and at least two failed efforts by GMACM to foreclose on the loan and mortgage.  Debtor GMACM serviced the loan until servicing was transferred to Ocwen on February 16, 2013.  No foreclosure had occurred nor was a foreclosure action pending at the time servicing of the loan was transferred to Ocwen.  The Objection also addresses in considerable detail the legal arguments why Halstead's Claim fails to state a cognizable claim for relief against the Debtors.

Correctly filed proof of claims "constitute prima facie evidence of the validity and amount of the claim . . . .  To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim."  *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000).  By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed."  *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted).  If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of

its amount, the claimant need offer no further proof of the merits of the claim." 4 COLLIER ON BANKRUPTCY ¶ 502.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014); *see In re Residential Capital, LLC*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014).

Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law." *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

Federal pleading standards apply when assessing the validity of a proof of claim. *See, e.g.*, *Residential Capital*, 518 B.R. at 731; *In re DJK Residential LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure." (citations omitted)). Accordingly, Halstead must allege "enough facts to state a claim for relief that is plausible on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted). The court must accept all factual allegations as true, discounting legal conclusions clothed in factual garb. *See, e.g., id.* at 677–78; *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true" (citing

*Iqbal*, 556 U.S. at 678)). The court must then determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679 (citation omitted).

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A claim that pleads only facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

To support his claims grounded in fraud, Rule 9(b) of the Federal Rules of Civil Procedure requires Halstead to "state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). "In order to meet the particularity requirement of Rule 9(b), a plaintiff [must] allege the time, place, and content of the misrepresentations on which he or she relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from the fraud." *Ind. State Dist. Council of Laborers & HOD Carriers Pension & Welfare Fund v. Omnicare, Inc.*, 719 F.3d. 498, 503 (6th Cir. 2013) (alteration in original) (internal quotation marks omitted).

Although "[claims] drafted by *pro se* [claimants] are to be construed liberally, [] they must nonetheless be supported by specific and detailed factual allegations sufficient to provide the court and the defendant with 'a fair understanding of what the [claimant] is complaining about and . . . whether there is a legal basis for recovery.'" *Kimber v. GMAC Mortgage, LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (quoting *Iwachiw v. New York City Bd. of Elections*, 126 Fed. App'x 27, 29 (2d Cir. 2005) (ellipsis in original)).

Halstead's Claim fails to provide *any* factual or legal basis for a claim against any of the Debtors. Halstead has had numerous opportunities to explain the basis for his Claim; he has failed to respond when given numerous chances to do so.

The Court has carefully considered the uncontroverted facts set forth in considerable detail in the Objection and the Priore Declaration, and has likewise carefully considered the legal principles applicable to "wrongful foreclosure," and "falsifying mortgage and note transfers," the asserted bases for the Claim. In the absence of any response or argument from Halstead, it is sufficient to say that Halstead has not set forth any factual or legal basis for recovery against any of the Debtors.

Therefore, the Objection to Halstead's Claim is **SUSTAINED** and the Claim is **EXPUNGED.**

**IT IS SO ORDERED.**

Dated:   January 14, 2015
         New York, New York

                                         ___*Martin Glenn*_____
                                              MARTIN GLENN
                                   United States Bankruptcy Judge