```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 12/18/2014
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
                                                                  :
RONALD A. ERIKSEN et al.,                                         :
                                                                  :
                         Movants,                                 :     14-CV-7205 (JMF)
                                                                  :
            -v-                                                   :     MEMORANDUM OPINION
                                                                  :          AND ORDER
RESIDENTIAL CAPITAL, LLC et al.,                                  :
                                                                  :
                         Defendants.                              :
                                                                  :
------------------------------------------------------------------X

JESSE M. FURMAN, United States District Judge:

      This case arises from the bankruptcy proceedings relating to Residential Capital, LLC ("ResCap"). Movants Ronald and Julie Eriksen, proceeding *pro se*, filed proofs of claim in the United States Bankruptcy Court for the Southern District of New York, asserting "fraud, conspiracy to commit fraud, [Real Estate Settlement Procedures Act ("RESPA")] and [Truth in Lending Act ("TILA")] violations, deceptive business practices, breach of contract, and other wrongful acts" and seeking $1,000,000 each. (Resp. ResCap Borrower Claims Trust Movants' Mot. To Withdraw Reference (Docket No. 5) ("Trust Resp."), Ex. A, at 1). On June 25, 2014, the ResCap Borrower Claims Trust (the "Borrower Trust") — the successor in interest to Debtor ResCap, which was established pursuant to the Chapter 11 plan confirmed by the Bankruptcy Court — objected to Movants' claims on the ground that they do not represent valid prepetition claims against the debtors. (Trust Resp., Ex. C, at 23-26). Thereafter, Movants filed the instant motion to withdraw the reference, seeking to have this Court rather than the Bankruptcy Court determine whether they have stated valid claims. (Pet. Withdrawal Referenced Claims Pursuant 28 USC 157(d) and 28 USC 157(b)(5) (Docket No. 2) ("Withdrawal Pet.")).

Substantially for the reasons stated in the Borrower Trust's memorandum of law (Docket No. 5), the motion is DENIED. First, Movants are not entitled to withdrawal under Title 28, United States Code, Section 157(b)(5), which provides that "personal injury tort and wrongful death claims shall be tried in the district court in which the bankruptcy case is pending, or in the district court in the district in which the claim arose," rather than in the bankruptcy court. *See also* 28 U.S.C. § 157(b)(2)(B) (excluding the "liquidation or estimation of contingent or unliquidated personal injury tort" claims from the definition of a core proceeding). For one thing, although Movants seek compensatory damages for emotional distress (Withdrawal Pet. 5; *id*., Ex. B at Ex. A), none of their causes of action is for a personal injury tort (*id.* at 5, Ex. B at 4-6). *See In re WorldCom, Inc.,* No. 02-13533 (AJG), 2007 WL 841948, at *3 (Bankr. S.D.N.Y. 2007). And even if Movants did assert personal injury claims, withdrawal would not be appropriate at this time because the Borrower Trust's objection "seeks only the disallowance of (and not the estimation or liquidation of) the Claims." (Trust Resp. 7). Accordingly, no trial is required; instead, the question is whether any right to trial exists, which the Bankruptcy Court has jurisdiction to determine. *See, e.g.*, *Flake v. Alper Holdings USA, Inc.*, 398 B.R. 736, 749 (S.D.N.Y. 2008).

Second, Movants are not entitled to mandatory withdrawal under Section 157(d). Although Movants allege federal non-bankruptcy claims — including claims under TILA and RESPA — their claims will not "require [the] bankruptcy court judge to engage in significant interpretation, as opposed to simple application, of federal laws apart from the bankruptcy statute." *City of N.Y. v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991); *see also In re Lehman Bros. Holding Inc.*, No. 13-CV-7481 (LGS), 2013 WL 6633431, at *2 (S.D.N.Y. Dec. 17, 2013) (same). Finally, there are no grounds for permissive withdrawal of the reference. *See* 28 U.S.C.

§ 157(d) (granting district courts discretion to withdraw the reference for "cause shown"). To the extent that it survives the Supreme Court's decision in *Stern v. Marshall*, 131 S. Ct. 2594 (2011), the test articulated in *In re Orion Pictures Corp.*, 4 F.3d 1095, 1101 (2d Cir. 1993), and applied by courts in this Circuit strongly favors the Borrower Trust. *See In re Lyondell Chem. Co.*, 467 B.R. 712, 719-20 (S.D.N.Y. 2012) (noting that *Stern* likely modified the *Orion* analysis). Put simply, the dispute over whether to allow Movants' claims is a core proceeding; withdrawing the reference would neither promote efficiency nor uniformity of bankruptcy administration; and, even if a jury trial may ultimately be required, the case is not yet ready to be tried. *See id.* at 723-26.; *see also, e.g.*, *In re Enron Corp.*, No. 04-CV-509 (MBM), 2004 WL 2149124, at *4 (stating that "[c]ourts in this Circuit have held consistently that a party's entitlement to a jury trial alone is insufficient to compel immediate withdrawal of the reference" and citing cases). Further, to the extent that, post-*Stern*, courts ask not whether a proceeding is core or non-core, but rather whether the bankruptcy court has the constitutional authority to resolve the claim, that analysis also favors the Borrower Trust. *See Lyondell Chem. Co.*, 467 B.R. at 719-20. In *Stern*, the Court held that bankruptcy courts lack final adjudicative authority over core claims if the claim would not necessarily be resolved in ruling on a creditor's proof of claim. *See* 131 S. Ct. at 2611; *see also Lyondell Chem. Co.*, 467 B.R. at 720. Here, the dispute is well within the constitutional authority of the bankruptcy court to resolve because the only issue presented is whether to allow Movants' claims.

4

For the foregoing reasons, Movants' motion to withdraw their claims from the Bankruptcy Court is DENIED. The Clerk of Court is directed to close the case and to mail a copy of this Memorandum Opinion and Order to Movants.

SO ORDERED.

Date: December 18, 2014
New York, New York

_____
JESSE M. FURMAN
United States District Judge