**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**CORRECTED ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S SEVENTY-NINTH OMNIBUS CLAIMS OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS) AS TO CERTAIN CLAIMS**

Upon the seventy-ninth omnibus claims objection, dated December 8, 2014 [Docket No. 7841] (the "<u>Objection</u>"),[1] of The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging the Late-Filed Claim on the basis that it was filed after the Administrative Claim Bar Date, and the No Basis Claims on the basis that they assert claims that are not valid administrative expense claims under section 503 of the Bankruptcy Code; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

no other or further notice need be provided; and upon consideration of the Objection, the declaration of Deanna Horst in support of the Objection, annexed thereto as <u>Exhibit 1-A</u>; and the declaration of P. Joseph Morrow IV in support of the Objection, annexed thereto as <u>Exhibit 1-B</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim listed on <u>Exhibit A</u> annexed hereto (the "<u>Late-Filed Claim</u>") is hereby disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit B</u> annexed hereto (the "<u>No Basis Claims</u>") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants, LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Late-Filed Claim and the No Basis Claims identified on the schedules attached as <u>Exhibit A</u> and <u>Exhibit B</u> hereto so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A or Exhibit B annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any claim that is not listed on Exhibit A or Exhibit B annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to the Late-Filed Claim and each of the No Basis Claims identified on Exhibit A or Exhibit B annexed hereto, as if each such Late-Filed Claim and No Basis Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:  January 21, 2015
          New York, New York

                                                         /s/Martin Glenn
                                                    MARTIN GLENN
                                            United States Bankruptcy Judge

## Exhibit A

**Late-Filed Claim**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SEVENTY-NINTH OMNIBUS OBJECTION - LATE FILED (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Unliquidated | Claimant Filed Prepetition Claim | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|---|---|
| | *Claims to be Disallowed and Expunged* | | | | | | | | |
| 1 | Barbara Glapion<br>c/o The Law Office of Ernie Garcia<br>616 Cypress Creek Parkway, Ste 105<br>Houston, TX 77090 | 7469 | 06/30/2014 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$67,201.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | ☐ | ☐ | Claimant filed Claim No. 7469 on June 30, 2014 after the Administrative Claims Bar Date. Claimant did not file a prepetition proof of claim. Claimant was timely served with the Administrative Bar Date Notice at Claimant's counsel's address listed in the Debtors' records, but failed to file a claim in the Chapter 11 Cases to preserve its rights to assert monetary damages. In addition, litigation was commenced against the Debtors postpetition, pursuant to the Supplemental Servicing Order [Docket No 774], and while Claimant is permitted to raise defenses to the foreclosure action and may seek equitable relief (against the current servicer), Claimant's only recourse to seek monetary damages is through the claims reconciliation process. Claimant failed to timely file a claim in the Chapter 11 Cases, and it is now precluded from asserting monetary damages against the Debtors' estates. |

# Exhibit B

## No Basis Claims

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-NINTH OMNIBUS OBJECTION - NO BASIS / NO LIABILITY (BORROWER ADMIN CLAIMS)

### Claims to be Disallowed and Expunged

| # | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Unliquidated | Claimant Filed Prepetition Claim | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Charles C. Heyward<br>14120 Bishop Claggett Ct<br>Upper Marlboro, MD 20772 | 7313 | 12/17/2013 | $340,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | ☐ | ☐ | Claimant was timely served with the Administrative Claim Bar Date Notice at the same address listed in the Debtors' records. There is no basis for an administrative expense claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim before the November 16, 2012 Bar Date. In addition, Claimant filed a postpetition adversary proceeding against the Debtors but has failed to prosecute it. The Liquidating Trust will be moving to dismiss the adversary proceeding. |
| 2 | Emilia Zuniga<br>53700 Pine Canyon Rd.<br>King City, CA 93930 | 7420 | 01/14/2014 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☑ | Claimant references having received notice of the administrative claims bar date, but Claimant fails to state a basis for the asserted claim and its purported status as an administrative expense. Accordingly, there is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant previously filed Claim No. 4392 on November 9, 2012. The Borrower Claim Trust will be addressing prepetition Claim No. 4392 in due course. Claimant was timely served with the Bar Date Notice and Notice of Confirmation at the same address listed in the Debtors' records. |
| 3 | Felix O. Abu<br>P.O. Box 231171<br>Sacramento, CA 95823 | 7428 | 01/16/2014 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☑ | Claimant makes reference to Claims 241 and 246 and states "ADMINISTRATIVE CLAIM"; however, Claimant neither states a basis for his claim, quanitfies the damages, or explains why Claim No. 7428 qualifies as an administrative claim. Accordingly, the Claimant has not met his evidentiary burden to warrant allowance of an administrative expense claim pursuant to Section 503 of the Bankruptcy Code. Claimant previously filed Claim No. 241 and Claim No. 246 on July 2, 2012. The Borrower Claim Trust will be addressing prepetition claims 241 and 246 in due course. Claimant was timely served with the Bar Date Notice and Notice of Confirmation at the same address listed in the Debtors' records. |
| 4 | John E. Satterwhite, Jr.<br>PO Box 24093<br>Richmond, VA 23224 | 7345 | 01/14/2014 | $5,000.00<br><br>$455,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | ☐ | ☑ | Claimant asserts an administrative expense claim for attorneys fees in the amount of $5,000 and a general unsecured claim for $455,000. Claimant previously filed Claim No. 2397 on November 5, 2012. The general unsecured claim asserted in Claim No. 7345 is duplicative of Claimant's general prepetition Claim No. 2397. Claim No. 2397 was reclassified from a priority claim and a partially secured claim against Residential Capital, LLC to a general unsecured claim against GMAC Mortgage, LLC pursuant to the Order Granting the Debtors' Thirty-Eighth Omnibus Objection [Docket No. 5898]. The Borrower Claims Trust will be addressing Claim No. 2397 in due course. Claimant was timely served with the Bar Date Notice and Notice of Confirmation at the same address listed in the Debtors' records. There is no basis for either the $455,000 or $5,000 components of Claim No. 7345 to be treated as an administrative expense claim pursuant to Section 503(b) of the Bankruptcy Code. Specifically, Claimant's request for payment of attorneys fees is inappropriate as an administrative expense because section 503(b)(3)(D) of the Bankruptcy Code grants administrative expense priority only to the actual, necessary expenses incurred by a creditor where such creditor makes a substantial contribution to the chapter 11 case. Regardless of whether Claimant's attorneys fees were incurred prepetition or postpetition, Claimant has not demonstrated that these expenses were incurred by efforts that directly benefited the Debtors' estates, or any basis on which claimant, as a purported creditor, should have his attorneys fees paid in the Chapter 11 Cases. See In re Bayou Group, LLC, 431 B.R. 549, 560 (Bankr. S.D.N.Y. 2010) ("[t]he integrity of section 503(b) can only be maintained by strictly limiting compensation ot extraordinary creditor actions which lead directly to tabgible benefits to the creditors, debtor or estate.") (citing In re Best Prods. Co., Inc., 173 B.R. 862, 866 (Bankr. S.D.N.Y. 1994)). "Third parties, who generally represent only their clients' interests and only indirectly contribute to the case's administration, therefore normally would not be compensated by the estate on an administrative priority basis. Instead, 'compensation under section 503 is reserved for those rare and extraordinary circumstances when the creditor's involvement truly enhances the administration of the estate.'" Id. at 561 (citing In re Dana Corp., 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008)). |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SEVENTY-NINTH OMNIBUS OBJECTION - NO BASIS / NO LIABILITY (BORROWER ADMIN CLAIMS)

### Claims to be Disallowed and Expunged

| # | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Unliquidated | Claimant Filed Prepetition Claim | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|
| 5 | Mary F. Singleton<br>Laird J. Heal, Esq.<br>120 Chandler St. # 2R<br>Worcester, MA 01609 | 7424 | 01/16/2014 | $8,100.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant requests "allowance of her administrative expense claim" and asserts damages arising from a property insurance claim. Debtors confirmed that the underlying property insurance claim involves a loss-event that occurred prepetition, on Oct 28, 2011. Claimant never filed a prepetition claim before the November 16, 2012 Bar Date. Claimant was timely served with the Bar Date Notice and Notice of Confirmation at the same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code because Claimant has not demonstrated that a postpetition claim exists that is a necessary expense of the estates, and which would warrant the allowance of an administrative expense claim. |
| 6 | RAYMOND AND DEANNE ECKERT AND<br>6115 SANCTUARY GARDEN BLVD<br>A CERTIFIED SCREEN SERVICE<br>PORT ORANGE, FL 32128 | 7416 | 01/13/2014 | $500.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimants attach Debtors' notice of the Administrative Claims Bar Date, and appear to assert damages involving unfinished repairs to Claimants' home in connection with a property insurance claim. Debtors' records show Debtors ceased having any interest in Claimant's loan when servicing of Claimant's loan transferred to Carrington Mortgage Servicing Inc. on June 19, 2010. Accordingly, Claimants' assertions involve only prepetition events. Debtors verified that Claimants never filed a prepetition claim by the November 16, 2012 Bar Date. Claimant was timely served with the Bar Date Notice and Notice of Confirmation at the same address listed in the Debtors' records. Therefore, there is no basis for an administrative expense claim pursuant to Section 503 of the Bankruptcy Code. |
| 7 | RAYMOND C ECKERT DEANNE M<br>SHEET METAL 6115 SANCTUARY GARDEN BLVD<br>ECKERT AND WAYNES ROOFING AND<br>PORT ORANGE, FL 32128 | 7417 | 01/13/2014 | $3,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimants attach Debtors' notice of the Administrative Claims Bar Date, and appear to assert damages involving unfinished repairs to Claimants' home in connection with a property insurance claim. Debtors' records show Debtors ceased having any interest in Claimant's loan when servicing of Claimant's loan transferred to Carrington Mortgage Servicing Inc on June 19, 2010. Accordingly, Claimants' assertions involve only prepetition events. Debtors verified that Claimants never filed a prepetition claim by the November 16, 2012 Bar Date. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant was timely served with the Bar Date Notice and Notice of Confirmation at the same address listed in the Debtors' records. |