**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF DEANNA HORST IN FURTHER SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S SUPPLEMENTAL OBJECTION AND REPLY IN SUPPORT OF ITS SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (NO-LIABILITY BORROWER CLAIMS) AS TO CLAIM NO. 3862 FILED BY RHONDA GOSSELIN**

I, Deanna Horst, hereby declare as follows:

1. I am the Chief Claims Officer for The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and, in October of 2013, I became the Chief Claims Officer of ResCap. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

1

ny-1173103

this role.  In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery.  I am authorized to submit this declaration (the "Supplemental Declaration") in support of *ResCap Borrower Claims Trust's Supplemental Objection and Reply in Support of Its Seventy-Fifth Omnibus Objection to Claims (No-Liability Borrower Claims) as to Claim No. 3862 Filed by Rhonda Gosselin* (the "Reply and Supplemental Objection").[1]

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, and/or the Liquidating Trust's employees, professionals, and consultants.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Reply and Supplemental Objection on that basis.

3. In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.

4. A hearing on the objection to Ms. Gosselin's claim was held on January 14, 2015 (the "January 14 Hearing").  At that time, the Court requested that the Borrower Trust submit evidence regarding the information used to approve Ms. Gosselin for a loan, including Ms. Gosselin's credit score at the time of her application.

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Reply.

5. Following the January 14 Hearing, I or other Liquidating Trust personnel under my supervision have reviewed and analyzed (i) information supplied or verified by former personnel in departments within the Debtors' various business units and (ii) the Books and Records in order to provide the information requested by the Court.

6. According to the Debtors' books and records, GMACM originated a loan in the amount of $85,000.00 to Ms. Gosselin on July 26, 2006 (the "Gosselin Loan"). The Gosselin Loan was a cash-out refinance of her primary residence. The product she applied for was an ALT A loan where there was no income, no asset and no employment verification required. A copy of Ms. Gosselin's loan application is attached as **Exhibit C** to the Supplemental Declaration to the Reply and Supplemental Objection [Docket No. 7842-1]. Pursuant to the terms of the product matrix utilized by GMACM to vet a borrower's eligibility (the "GMAC Wholesale Mortgage Product Matrix", a copy of which is attached hereto as **Exhibit A**), the minimum FICO score permitted under this product's guidelines was 660, and the maximum loan-to-value ratio as a cash out refinance was 90%. Additionally, the new mortgage payment could not be more than two times the borrower's current mortgage payment. See **Exhibit A**, p.6.

7. Based on my understanding of GMACM's business practices, Ms. Gosselin's loan information was entered into an automated underwriting tool which also required that there were no late payments on her current mortgage. See Engenious Findings Report, attached hereto as **Exhibit B**. Ms. Gosselin was approved for this loan because (i) her credit score of 679 exceeded the minimum threshold of 660, her loan-to-value ratio of 47% was significantly less than the maximum LTV of 90%, and the new loan payment was only 1.75x Ms. Gosselin's existing loan payment. In addition, her loan payment history at the time the loan was

3

originated did not reflect any late payments on her existing mortgage.  <u>See</u> Credit Report, attached hereto as **Exhibit C**.[2]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 21, 2015

    /s/ Deanna Horst
Deanna Horst
Chief Claims Officer for ResCap
Liquidating Trust

---

[2] In order to preserve the confidentiality of Ms. Gosselin's credit report, Exhibit C, is not included in the publicly filed version of this declaration.  Exhibit C has been attached to the declaration provided to the Court and to Ms. Gosselin's counsel.

4

ny-1173103