**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC., et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## NOTICE OF FILING

**PLEASE TAKE NOTICE** that on January 17, 2015 and simultaneously with the Rule 9024

motion filed in the above entitled cause on this date, the Respondent did likewise file the

accompanying Request to Take Judicial Notice.

Dated: January 17, 2015

Timothy J. Lahrman, *pro se*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC., et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**NOTICE OF MOTION**

    **PLEASE TAKE NOTICE** that on this date Timothy J. Lahrman did filed his Rule

9024/FRCP 60 motion for relief from judgment or order  together with supporting declaration

and motion papers and that a hearing will be held on these motions before the Honorable Martin

Glenn of the United States Bankruptcy Court for the Southern District of New York (the

*"Bankruptcy Court"*), in Room 501, One Bowling Green, New York New York 10004-1408, on

a date to be set by the Court and at the Court's earliest convenience.

    **PLEASE TAKE FURTHER NOTICE** that responses or objections to the Motions and

relief requested therein, if any, must be in writing, shall conform to the Federal Rules of

Bankruptcy Procedure and the Local Rules of the Bankruptcy Court, shall set forth the basis for

the objection and the specific grounds therefore and shall be filed with the Bankruptcy Court

electronically in accordance with General Order M-399, by registered users of the Bankruptcy

Court's case filing system (the User's Manual for the Electronic Case Filing System can be

found at http://www.nysb.uscourts.gov , the official website for the Bankruptcy Court), with a

hard copy delivered directly to Chambers and served, so as to be received no later than _____

days prior to the scheduled hearing or as otherwise specified by any order from the Bankruptcy

Court, upon all parties to whom notice and service is due in these proceedings.

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Motions, the Bankruptcy Court may deem any opposition waived, treat the Motions as conceded, and enter an order granting the relief requested in the motion without further notice or hearing.

Dated: January 17, 2015

Timothy J. Lahrman, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that I am not an ECF/Pacer subscriber with access to electronic filing yet on January 17, 2015, via U.S. Postal Service with adequate prepaid first class postage affixed I did file the foregoing pleading or paper with the Clerk of the Court who, by entering the document into the CM/ECF system will cause to be sent a copy of this filing on all parties of record who are registered in and subscriber to the CM/ECF system and identified to receive Notice in these proceedings.

Timothy J. Lahrman

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC., et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## MOTION FOR RELIEF FROM JUDGMENT OR ORDER

**COMES NOW**, Timothy J. Lahrman, *pro se,* who, relying on *Haines v. Kerner*, 404

U.S. 519 and pursuant to Federal Bankruptcy Rule 9024 and F.R.C.P. 60, respectfully moves

this Court as follows;

### I:    BACKGROUND

1.    On or about January 3, 2014 "Lahrman" filed suit in the Elkhart County Indiana

Circuit Court to "quiet title" on a parcel of real property located in Elkhart County Indiana, the

same where Lahrman has made his residence and dwelled for the past twenty two (22) years.  In

this state court action Lahrman, named as Defendant Ally Financial, Inc. ("AFI") and three of

AFI's subsidiary/affiliate/associate debtors to this chapter 11 proceeding including, without

limitation, GMAC Mortgage LLC.  In addition to seeking to 'quiet title' Lahrman asserted other

claims against AFI and its associated debtors arising from, in and during, an underlying state

court mortgage foreclosure action and in due course counsel for AFI sought the intervention of

this court to enforce the third-party release and chapter 11 Plan injunction .  [ECF Doc. #6527].

Ultimately Lahrman was enjoined by order of this Court dated  March 26, 2014 [ECF Doc.

#6702],  and a subsequent motion to reconsider filed by Lahrman was denied on April 23, 2014.

[ECF Doc. #6772].

1

## II:   FACTS

Lahrman reiterates and incorporates herein ¶ 1 above and for those relevant facts stated therein and includes;

2.      On or about January 30, 2014 and in the Elkhart County state court proceedings AFI disclaimed and disavowed having any legal, equitable and or title interest in the subject real property. (*see* Declaration **Exhibit A** at p. 7 "Answer" ¶ 15)

3.      In and during the proceedings before this Court counsel for AFI echoed the above disclaimer and upon those representations made to this Court by counsel for AFI this court found, "… Lahrman's assertion that the State Court Action is based on post confirmation conduct is simply not true. … GMACM is not a plaintiff and is not engaged in affirmative conduct in the foreclosure action." [ECF Doc. #6772 at p. 10 ¶ 3 cont. p.11], and, "… as noted above, GMACM *did not* act post-Plan confirmation, nor is it a party to either the foreclosure proceeding or the State Court Action." [*id* at p. 12 ¶ 1] (emphasis in the original).

4.      At all times relevant hereto Attorney Joel Bornkamp is/was counsel of record for GMACM in the state court foreclosure proceedings.  (Declaration **Exhibit B**)

5.      On or about December 3, 2014, Lahrman was served with a "Notice of Sheriff's Sale" by the Elkhart County Indiana Sheriff's Department. (Declaration **Exhibit C**)

6.      On or about December 16, 2014, Lahrman received from attorney Bornkamp and his associates at the Reisenfeld firm and as "Attorneys for Plaintiff" an "Assignment of Bid" as the same was duly filed in and made of record in the state court foreclosure action. (Declaration **Exhibit D**)

Additional facts will be set forth below as relevant and necessary.

2

### III:    ALLEGED VIOLATIONS

7.    Contrary to that which counsel for AFI represented to this Court as evidenced by the findings of this Court set forth in ¶ 3 above, those Declaration Exhibits B,C, and D set forth above by Lahrman clearly evidence that GMAC Mortgage LLC ("GMACM") continues, as Lahrman complained of previously, to hold itself out and participate as "plaintiff" in the state court foreclosure proceeding and, has likewise GMAC Mortgage LLC has unquestionably and clearly taken affirmative action as "plaintiff" to levy execution upon Lahrman's home by way of foreclosure.

8.    GMACM's actions in the state court foreclosure proceedings are unquestionably post-Plan confirmation, completely contrary to those prior representations made to this Court and completely contrary to AFI's stated position in the State Court Action which underlies this matter. *See* ¶ 2 above Declaration Exhibit A.

9.    In addition to those critical issues set forth in the above ¶¶ 7, 8, GMACM is **not** the judgment creditor allegedly owed the judgment debt noted in and on the "Notice of Sheriff's Sale" *see* ¶ 5 above Declaration Exhibit C.  GMACM holds no judgment lien on the real property upon which it now seeks to levy execution; GMACM holds no mortgage lien on the real property *see* ¶ 2 above Declaration Exhibit A, if it ever did at all; and GMACM's specious act of assigning its bid as "plaintiff" to and in favor of Fannie Mae *see*¶ 6 above Declaration Exhibit D is a ruse "of- the-first- order".[1]

---

1. Like conmen staging an auto accident for the insurance claim, GMAC Mortgage LLC has, as always intended at the first opportunity, engineered with others and executed a scheme of predatory and discriminatory housing practices, mortgage servicing and mortgage foreclosure practices aimed, by design, at equity stripping Lahrman and his companion of both their fair housing opportunity (the continued enjoyment of the same) and their advantageous economic opportunity to build wealth through homeownership – all for the benefit of and on behalf of Fannie Fannie Mae who, never before disclosed or discussed, sweeps in at the 11th hour and upon a foreclosure execution and sale asserts its unrecorded undisclosed first lien priority, likely with a "credit-bid" no cash anticipation.

3

10.    At all times relevant hereto the post-Plan confirmation acts and conducts

complained of by Lahrman, by both AFI and GMAC Mortgage LLC, are in direct violation of

the reorganization Plan itself as provided in and at ECF Doc. #6065 at p. 56 ¶ 41 **Release of**

**Liens**; *id* at p. 48 ¶ 34 **Substitution in Pending Legal Actions**; and, *id* at p. 6 ¶¶ 7, 8 **Provision**

**For Debtors Dissolution**.

11.    Moreover, spoken toward in the Plan at ECF Doc. # 6065 p. 38 ¶ 17, at times

relevant hereto both pre-Bankruptcy, pre-Plan confirmation and continuing to date post-plan

confirmation, GMAC Mortgage LLC and AFI are, together with others and in particular Federal

National Mortgage Association ("Fannie Mae"), overtly engaged in a scheme of misconducts,

misrepresentations of fact, intentional omissions of material fact and outright fraud upon the

courts, this court included.[2]

12.    At all times relevant hereto both GMAC Mortgage LLC and  Fannie Mae have a

notorious reputation for engaging in bad faith and misconduct, including fraud upon the court, in

and during state court foreclosure proceedings not unlike and nearly identical to, *see Federal*

*National Mortgage Association, et al. v. Bradbury,* 32 A.3d 1014 (ME Supreme Ct. 2011) *in*

*passim* and in particular Levy, J. dissent *in passim* and at fn. 8; *see also JP Morgan Chase Bank,*

*NA v. Butler,* 2013 NY Slip Op 51050  King County, NY, Supreme Court; and 'Request to Take

Judicial Notice' as submitted with this motion simultaneously.

13.    At all times relevant hereto and while still holding itself out as "plaintiff" with

remaining enforceable rights to levy execution (**Declaration Exhibit C**) and as lawful possessor

of a "plaintiff's bid" to assign (**Declaration Exhibit D**), GMACM and its successors, part and

---

2. This ruse and scheme of frauds and now been played out before and practiced on
   the Elkhart County Superior Court No. 2; the Elkhart County Circuit Court ; the
   Indiana Court of Appeals in attemtped interlocutory appeal by Lahrman; the
   United States District Court ND Indiana; and the 7th Circuit Court of Appeals – in
   addition to and now this Court.

4

parcel of its scheme of fraud upon the courts, has omitted from disclosure and intentionally failed

to disclose while required, that: **(a)**: on or before August 1, 2005 GMAC Mortgage Corp.

assigned to Fannie Mae the mortgage loan associated with the residence where Lahrman dwells;

**(b)**: at all times relevant hereto and in spite of holding itself out in the "Lahrman foreclosure" to

be "in possession as holder" of the mortgage note, GMACM (and its successors) are parties to an

undisclosed extrinsic agreement with Fannie Mae wherein and under all parties agree that at all

times Fannie Mae is the "holder" of the mortgage note and likewise the holder of the first

priority mortgage lien, hence "the ruse of-the-first-order" – assigning the bid to Fannie Mae at

the 11th hour; **(c)**: at all times relevant hereto GMACM and its successors have held secret the

material fact that the "mortgage note" they swear to possess and hold with authority to enforce –

is an asset of the FHFA Fannie Mae conservatorship, and as a matter of law --- GMACM has

absolutely no rights, title, powers and/or authority whatsoever to hold, possess, transfer, deliver,

and/or enforce in a state court to collect on, a mortgage note owned by Fannie Mae.  Pursuant to

HERA, touched upon in the "Plan" ECF Doc. #6065 at p. 38 ¶ 17, *see* 12 U.S.C. § 4617(b)(2)(A)

(i),(ii),(B)(i),(ii),(iii),(iv),(v), the United State Congress vested in the FHFA conservator of

Fannie Mae sole authority over  Fannie Mae, the assets of Fannie Mae -- and those of Fannie

Mae's custodians *id* at § 4617(b)(2)(B)(ii) – mortgage contracts and securities included *id* §

4617(d) *et seq. see also In re Fannie Mae, et al.* (MDL) reported at 629 F. Supp.2d 1 (2009);

*Kellmer v. Raines*, 674 F. 3d 848 (DC Cir. App. 2012); *Federal Housing Finance Agency v. UBS*

*Americas*, 712 F.3d 136 (2nd Cir 2013).[3]

---

**3.** This is a restatement of the law conservator/guardian.  Once appointed a guardian
or conservator no one besides the appointed conservator/guardian can prosecute
defend and or possess and deal with property and assets of the person/entity under
under conservatorship/guardianship. *See Struck v. Cook Co. Pub. Guardian,* 508
F.3d 858 (7th Cir. 2009) ["Because he is not his mother appointed guardian he
cannot sue on her behalf."].

5

14.    Relevant hereto albeit this Court is powerless to alter the course of the state court foreclosure proceedings, the very fact that on December 3, 2014 – overtly and in furtherance of its disregard for its own honor and integrity before this Court -- GMACM appeared in the state court foreclosure proceeding holding itself out as being  the "plaintiff" and , as "plaintiff" took affirmative action in furtherance of the state court foreclosure  action (*see* Declaration **(Exhibit(s) C, D),** all of which, contrary to GMACM's prior representations to this Court, is likewise a transgression and misconduct remedial by this Court and its continuing jurisdiction and supervision of AFI and its debtors under the Plan.

15.    At all times relevant hereto GMACM did act and has acted knowing that Lahrman is disadvantaged, and furthermore enjoined  by this Court, from accessing the local courts to take action and stop GMACM from committing the fraud upon the court that it so clearly is engaged in.  In addition to holding secret at all times relevant hereto the existence of the Fannie Mae conservatorship, both GMACM and AFI have likewise held secret from this Court what they know and have likewise known about the very fact that Lahrman is himself is under an Indiana conservatorship/guardianship which, for reasons not yet extrapolated upon herein, cast further complications on this matter in its entirety.[4]

16.    Federal Bankruptcy Rule 9024 and F.R.C.P. 60(B) provide the basis for granting Lahrman relief in this instance.  For GMACM/AFI to have come before this Court representing that they were *not* the plaintiff in the state court foreclosure and that they were taking no

---

4. The very fact that GMACM knew and knows that Lahrman is under guardianship calls into question the entire matter from "Service" to whether or not Lahrman could even be enjoined by this Court absent an appearance in this matter by Lahrman's appointed guardian and/or absent a Rule 1004 guardian ad litem being appointed by this Court.

6

affirmative action in the foreclosure proceeding, securing an injunction upon these grounds, and

then turning right around and on December 3, 2014 (Declaration Exhibit C) and December 16,

2014 (Declaration Exhibit D) and engage in the very acts they disavowed to this Court is a

misconduct, misrepresentation and fraud upon the Court which warrants both monetary sanctions

and absolution and vacation of the previous injunction entered against Lahrman.

17.    At all times relevant hereto the post-Plan acts and conducts of GMACM

complained of by Lahrman have been and are part and parcel to a continuing and ongoing

scheme of intentional misrepresentations and frauds which originated pre-Plan and even pre-

bankruptcy, and if it is that GMACM and AFI wish to enjoy the benefit of their reorganization

plan they should simply cease, post-Plan confirmation, the very business practices and conducts

that pre-petition led to their demise.

18.    At all times relevant hereto and while in and under the supervisory control and

responsibility of AFI, the acts and conducts of GMACM and its "attorneys", Joel Bornkamp

in particular and including counsels for AFI, are knowing, intentional and egregious when

engaged in by officers of the court and licensed attorneys.

19.    At no time relevant hereto has Attorney Joel Bornkamp or any of his associates at

Reisenfeld & Associates LLP, LPA ever appeared as legal counsel for Green Tree Servicing

LLC that there could be any simple clerical error or need for clarification to, or in the intent of,

GMAC Mortgage LLC when holing itself out as 'plaintiff', knowingly and wrongfully, in both

Declaration Exhibits C, and D.

20.    At all times relevant hereto GMAC Mortgage LLC has been and is under contract

with Fannie Mae, and is likewise guided and instructed by Fannie Mae on how and what steps to

7

take in the concerted scheme of fraud and predatory and discriminatory housing practices in which the parties are overtly and by agreement engaged.

21.    Because fraud vitiates all that it touches, the injunction entered against Lahrman in this matter, induced by the false representations made to this Court, is void, a legal nullity and unenforceable.

22.    At no time relevant hereto has Fannie Mae, as a matter of law, been possessed of the legal capacity, and/or the right, title, power and/or authority, to "loan" or allow to be "borrowed" or otherwise transferred to GMAC Mortgage LLC, and/or any if its successors, any asset, mortgage note, evidence of indebtedness, mortgage security and/or choice of action belonging to Fannie Mae.

## VERIFICATION/DECLARATION

I hereby swear, declare and affirm under the penalties of perjury that the above and foregoing facts and representations are true, correct and within the best of my personal knowledge and based entirely upon my personal experience(s).

## PRAYER FOR RELIEF

WHEREFORE, upon those grounds and reasons set forth above Lahrman prays for an Order from this Court vacating the previously entered injunction against Lahrman [ECF Doc. # 6702] and the "Memorandum Opinion and Order" entered on April 23, 2014 [ECF Doc. #6772]. For a finding from this that the misconduct and intentional misrepresentations made to and engaged in before this Court, asserting as it did the grounds for enjoining Lahrman and then engaging in the very conduct Lahrman complained of, are intolerable and egregious, worthy of monetary sanctions, and entitle Lahrman to bring whatever claims he has against GMACM and

8

AFI in any court of his choosing, and for all just and proper relief this Court finds appropriate

under the facts and circumstances presented.

Dated: January 17, 2015

Timothy J. Lahrman, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that I am not an ECF/Pacer subscriber with access to electronic filing yet on January 17, 2015, via U.S. Postal Service and with adequate first class prepaid postage affixed I did file the foregoing pleading or paper with the Clerk of the Court who, by entering the document into the CM/ECF system will cause to be sent a copy of this filing on all parties of record who are registered in and subscriber to the CM/ECF system and identified to receive Notice in these proceedings.

Timothy J. Lahrman

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC., et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## <u>DECLARATION OF TIMOTHY J. LAHRMAN</u>

Timothy J. Lahrman, *pro se*, pursuant to 28 U.S.C. § 1746 and under the penalties of perjury declares as follows, that;

1.    I am the Respondent in the above entitled cause, I am over the age of eighteen (18), sufficiently mentally competent and alert to make this declaration based upon my personal knowledge of each fact and representation and its truthfulness, and I make this declaration in support of the Rule 9024 motion submitted simultaneously herewith.

2.    I am a "qualified individual with a disability" since being adjudicated as such by an Indiana state court in 1987.

3.    Since 1992, to date herein and for the past twenty-two-plus (22+) years, I have maintained my residence and dwelling place at 3004 Garden Blvd. Elkhart, IN where I reside in joint tenancy with my female companion who purchased the home as new construction in 1972.

4.    In 1996 my companion granted to me a one-half ownership interest in the 3004 Garden Blvd. real property and, in light of my disabled status, she likewise granted to me a life estate in the entirety for my lifetime should she precede me in death.

5.    In 2005, after being discharged in 2002 from the original thirty year mortgage under the 1972 purchase and with my emotional support, financial support, and my informed

perspective, my companion entered into a residential-related consumer home mortgage transaction with GMAC Mortgage Corporation which has since become mired in the housing and economic collapse of 2007/2008 and a state court foreclosure proceeding.

6.    I have been omitted as a party defendant in the state court foreclosure proceedings and excluded from any access and/or opportunity to participate in order to defend my property in the state court foreclosure proceedings, and I have likewise, but for and because of my disability and disabled status, been excluded from the opportunity to access the Indiana state courts and participate in and prosecute an action outside of the foreclosure proceedings in order to assert my property rights and interests.   In sum, because of my disability and adjudicated disabled status, I am without an adequate remedy at law or in equity before the Indiana state courts.

7.    An emergency exists in that on January 28, 2015, before I can ever be heard on my claims for asserting and/or defending my property rights, an highly irregular and very likely fraudulent Sheriff's Sale – if concluded with a sale – will result in irreparable injury and dispossess me of both my fair housing opportunity and the continued enjoyment of the same and, my vested property rights and interests all without due process of law.

8.    I am personally and intimately familiar with all of the facts and representations made in both this declaration and the accompanying Rule 9024motion  to which this declaration is made in support.

9.    The attached Exhibit A was sent to me by legal counsel for AFI in and during the "State Court Action" as that term appears herein and throughout Lahrman's involvement in this chapter 11 proceeding.

10.    The attached Exhibit B was retrieved by myself from the official record of the state court foreclosure proceeding or was otherwise sent to counsel for my companion from

whom I likewise retrieved a copy.

11.    The attached Exhibits C and D were caused to be sent to me and my companion by "Attorneys for Plaintiff" GMAC Mortgage LLC and were received by me for and on behalf of my companion on or about December 3, 2014 and December 16, 2014 respectively.

12.    The attached Exhibit E was received by my companion and me, sent from and issued by the Office of the Comptroller of the Currency, on or about  that date appearing in and on Exhibit E.

I hereby swear under the penalties of perjury that the foregoing facts and representation made in this declaration and its accompanying Rule 9024 motion are true, accurate and within the best of my personal knowledge.

Further Declarant sayeth naught

Date: January 17, 2015

Timothy J. Lahrman, *pro se*

## CERTIFICATE OF SERVICE

I hereby certify that I am not an ECF/Pacer subscriber with access to electronic filing yet on January 17, 2015, via U.S. Postal Service and with adequate first class prepaid postage affixed I did file the foregoing pleading or paper with the Clerk of the Court who, by entering the document into the CM/ECF system will cause to be sent a copy of this filing on all parties of record who are registered in and subscriber to the CM/ECF system and identified to receive Notice in these proceedings.

Timothy J. Lahrman

3

# EXHIBIT A

STATE OF INDIANA                )          ELKHART COUNTY CIRCUIT COURT
                                ) SS:
COUNTY OF ELKHART               )          CAUSE NO.: 20C01-1401-PL-002


TIMOTHY J. LAHRMAN                          )
            Petitioner/Plaintiff            )
                                            )
    vs.                                     )
                                            )
**GREEN TREE SERVICING, LLC.**              )
as assignee of and/or successor to          )
GMAC Mortgage, LLC.; **ALLY**               )
**FINANCIAL, INC.,** d/b/a GMAC             )
Mortgage, LLC./GMAC Mortgage Corp./         )
Residential Funding Company, LLC.;          )
**FEDERAL NATIONAL MORTGAGE**               )
**ASSOCIATION** (Fannie Mae);               )
**MORTGAGE ELECTRONIC**                     )
**REGISTRATION SYSTEMS, INC.**              )
(MERS, Inc.); and, unnamed, unknown         )
and yet to be identified persons, entities  )
and/or membership associated common         )
agents of MERS, Inc.                        )
            Respondent(s)/Defendant(s)      )

## ALLY FINANCIAL INC.'S ANSWER

Defendant Ally Financial Inc. ("Ally") (improperly named as "Ally Financial, Inc. d/b/a

GMAC Mortgage, LLC/GMAC Mortgage Corp./Residential Funding Company, LLC) by its

attorneys, Dykema Gossett PLLC, answers Plaintiff's Complaint as follows:


1.          Lahrman is presently in possession, and is a person entitled to possession, of the

real estate commonly known to be 3004 Garden Blvd. in the City of Elkhart, Elkhart County

Indiana, described in particular as:

**ALL THAT PARCEL OF LAND IN ELKHART COUNTY, STATE OF**
**INDIANA, AS MORE FULLY DESCRIBED IN DEED DOC #357P739. ID**
**#20-06-16-433-026, BEING KNOWN AND DESIGNATED AS:**

LOT NUMBERED THREE (3) IN BLOCK TWENTY FOUR (24) AND THE NORTH ONE HALF (1/2) OF LOT NUMBERED ONE

(1) OF BLOCK TWENTY FIVE (25) AS THE SAME ARE KNOWN AND DESIGNATED ON THE RECORDED PLAT OF CITY GARDENS ADDITION TO ELKHART INDIANA SAID PLAT BEING RECORDED IN PLAT BOOK 2 PAGE 47 IN THE OFFICE OF THE RECORDER OF ELKHART COUNTY STATE OF INDIANA

BY FEE SIMPLE DEED FROM LARRY D. ROGERS AS SET FORTH IN DOC #357P739 DATED 08/02/1976 AND RECORDED 08/02/1976, ELKHART COUNTY RECORDS, STATE OF INDIANA.

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

2.      Lahrman's legal and equitable rights and interests in the above described real estate (hereinafter 'subject real estate') were granted to him by and under a long-standing agreement with the deed holder, Cynthia S. Damron, reduced to writing and duly executed by way of 'Limited Special Warranty Deed'. (Exhibit A)[1]

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

---

[1] Lahrman and Cynthia are 'significant others'/'life partners' who, for twenty-two (22) years have resided together and maintained their lives' mutually in the subject real estate as their homestead and common household.

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and footnote and therefore denies them as untrue.

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•HS WACKER DRIVE, SUITE 2300•CHICAGO, ILLINOIS 60606

3.      Defendant Green Tree Servicing, LLC. [sic] ("GT") claims an interest in the subject real estate as 'holder' and 'mortgagee' under an alleged purchase or assignment transaction with Defendant Ally Financial, Inc. d/b/a GMAC Mortgage, LLC.  (hereinafter Ally.01)[2] for which, and in favor of GT, Defendant Ally Financial, Inc. d/b/a Ally.01 and Defendant Ally Financial, Inc. d/b/a Residential Funding Company, LLC. (hereinafter Ally.02) executed an un-dated 'Limited Power of Attorney'. (Exhibit B)

**ANSWER:** Denied as untrue.

4.      Defendant Ally.01 claims its interest in the subject real estate as 'holder' and 'mortgagee' under a 'Corrective Assignment of Mortgage' dated November 23, 2009, from Defendant MERS, Inc. (hereinafter MERS) as nominee for Defendant Ally Financial, Inc. d/b/a GMAC Mortgage Corporation (hereinafter Ally.03). (Exhibit C)

**ANSWER:** Denied as untrue.

5.      Defendant Federal National Mortgage Association (hereinafter Fannie Mae) is known to have an interest in the subject real estate as the owner of loan #***** *9793, the same which is known by all parties herein to represent the mortgage loan and mortgage note associated with the subject real estate.

---

[2] Defendant Ally Financial, Inc. d/b/a GMAC Mortgage, LLC. is likewise known by as many as fifty-two other recognized trade names and business entities serving the home mortgage business of defendant Ally Financial, Inc.  By reference and unless otherwise specified, references to "Ally" includes [sic] any and all Ally related mortgage entities known, or which come to be known, to have associated with the subject real estate and its title.

**ANSWER:** Denied as untrue.

3

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

6.        Defendant Fannie Mae has been the owner/holder of the mortgage note and mortgage loan associated with the subject real estate since taking delivery and possession of the same on August 1, 2005.

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

7.        Defendant Fannie Mae is under conservatorship of the Federal Housing Finance Agency (FHFA), and accordingly, together with summons and notice all service of process is issued to the conservator of Fannie Mae as being the proper party with lawful authority and representative capacity to represent and defend Fannie Mae in the above entitled cause of action.

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

8.        Defendant Ally.01's claimed interest in the subject real estate as being 'holder' of a promissory note and 'mortgagee' under the aforementioned Exhibit C 'Corrective Assignment of Mortgage' is false and fraudulent, is known to Ally.01 to be a false and fraudulent representation, and is a known misrepresentation of a known and agreed upon fact by which Ally.01 intended for others to rely and by which Ally.01 intended to impair, and has impaired, the marketability of the subject real estate by the public filing and recording with the Elkhart

4

County Recorder's Office of a false and fraudulent mortgage lien on the title to the subject real estate of these proceedings.

ANSWER: Denied as untrue.

9.      Lahrman verily and reasonably believes that defendant GT has no legal and/or equitable rights or interests to, in and/or under title to, the subject real estate of these proceedings, and neither the aforementioned Exhibit B 'Limited Power of Attorney' nor the aforementioned Exhibit C 'Corrective Assignment of Mortgage' relied upon by GT vests in GT enforceable rights or interest legal and/or equitable in and under title to the subject real estate of these proceedings.

ANSWER: Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

10.     Defendant Ally.03 did, on or about September 14, 2005, file with the Elkhart County Recorder's Office a 'Mortgage' lien on the subject real estate that is false and fraudulent and which was known by Ally.03 to be false and fraudulent. Defendant Ally.03 knew, should have known and had every responsibility to know that on September 14, 2005, Ally.03 did not own or possess the promissory note/debt obligation at the time of filing the mortgage lien with the Elkhart County Recorder's Office. (Exhibit D)

ANSWER: Denied as untrue.

11.     Defendant Ally.03 did, on or about November 23, 2009 and by way of Defendant MERS, Inc., intentionally, knowingly and fraudulently attempt to assign its false and fraudulent

5

'Mortgage' of September 2005 (Exhibit D) to Ally.01 (Exhibit C). Defendant Ally Financial, Inc. knew, should have known and had every responsibility to know that on November 29, 2009, Ally.03 was wholly and legally incapable of making any assignment as is allegedly evidenced by Exhibit C because on November 23, 2009; Ally.03 was not a legal entity as a matter of law (Exhibit E), nor was Ally.03 capable of being a member of Defendant MERS, Inc. that on November 23, 2009, Ally.03 could instruct Defendant MERS, Inc. to make the assignment allegedly evidenced by Exhibit C.

**ANSWER:** Denied as untrue.

12.    Lahrman verily believes and has good reason to believe – following a December 11, 2013 telephone discussion with Fannie Mae Resource Center representative "Gerda" – that defendant Fannie Mae has been the owner of the loan, holder of the mortgage note/mortgage loan and securities contract, since August 1, 2005, under 'loan #******9793'.

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

13.    Lahrman verily believes and has good reason to believe that defendant Mortgage Electronic Registration Systems, Inc. ("MERS, Inc.") has, in relation to the subject real estate of these proceedings, recorded and tracked in its MERS© system, information relative to any transfer of the mortgage loan and security interest associated with the subject real estate and that MERS, Inc. serves as agent, among a common agency, entitled to receive Notice of these proceedings on behalf of its membership, the same membership which includes, among others, defendant(s) Ally.01, GT and Fannie Mae.

**ANSWER:** Denied as untrue.

14.    Lahrman verily believes and has good reason to believe that defendant MERS, Inc. has no legal and/or equitable rights or interests to, in and/or under the title to the subject real estate.

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

15.    Lahrman verily believes and has good reason to believe that defendant Ally.02 has no legal and/or equitable rights or interests to, in and/or under the title to the subject real estate.

**ANSWER:** Ally denies that it claims any legal, equitable, or title interest in the subject real property.  Ally is not a proper defendant in this litigation.  Ally otherwise denies any remaining allegations contained in this paragraph as untrue.

16.    Lahrman verily believes and has good reason to reasonably believe that the FHFA conservator of and for Fannie Mae has, by its election of remedy in *Federal Housing Finance Agency v. Ally Financial Inc., et al*, No. 652441/2011, which was removed to the United States District Court for the Southern District of New York on or about October 6, 2011, captioned *Federal Housing Finance Agency v. Ally Financial Inc., et al.*, No. 11 CIV. 7010 (the "*Ally Action*"), repudiated any legal and/or equitable rights or interests which Lahrman believes Fannie Mae has, and/or once had, in the title to the subject real estate.

7

**ANSWER:**   Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

17.   As the direct and proximate result of the Defendants [sic] acts and conducts, both individually and/or collectively in concert, flowing directly from and related to the false and fraudulent mortgage lien filed and recorded against the subject real estate of these proceedings Lahrman has suffered and continues to suffer damages both economic and, [sic]  to his person and personal rights and interests.

**ANSWER:** Denied as untrue.

WHEREFORE, Ally Financial Inc. requests that the Court enter a judgment in its favor, and award Ally Financial Inc. its costs, attorneys fees, and other relief that the Court deems appropriate.

## COMPLAINT FOR DAMAGES

### COUNT
### I

Ally incorporates by reference its responses to all prior paragraphs.

18.   At all times relevant hereto Defendant(s) Ally.02 and Fannie Mae are/were, together with other industry leaders, 'founding shareholders' in the formulation and creation of MERSCORP (a/k/a MERSCORP Holdings, Inc.) which owns and operates MERS, Inc. and, Ally.03 and Fannie Mae are/were 'charter members' in the MERS, Inc. associated membership. Defendant GT is a current MERS, Inc. member, but not a 'charter member'.

**ANSWER:** Denied as untrue.

19.     At all times relevant hereto Defendant(s) Ally.01, Ally.02 [sic] Ally.03, Fannie

Mae, MERS, Inc. and GT are/were acting in concert and overtly, in unison and with a common

objective under an agreed upon business plan and business model of their customary industry

practices acquiesced to by the defendants and which, by design, was intended to deceive and

inveigle American homeowner's, the historical institutions of American society and, both state

and federal government authorities.[3]

**ANSWER:** Denied as untrue.


20.     In July of 2005 Ally.03[4] induced Lahrman and his 'significant other' to enter into

two consumer mortgage transactions[5] for which Lahrman and his 'significant other' were

induced to pledge valuable security with a marketable worth of one hundred ninety thousand

dollars ($190,000.00) to secure an equity refinance package of two separate consumer mortgage

loans totaling approximately ninety-five thousand five hundred dollars ($95,500,00) toward

which Lahrman and his 'significant other' parted with valuable consideration monthly for years,

---

[3] U.S. Treasury Secretary Henry J. Paulsen characterized the defendants' business model as
"flawed" (see, http://money.cnn.com/2008/09/07/news/economy/paulsonstatement) and U.S.
District Court Judge Robert E. Grossman found the business model and practice "illegal" (see, *In
re Agard*, 444 BR 231 (ED N.Y. 2011)

**ANSWER:** Denied as untrue.

[4] Ally.03 marketed its mortgage services and products to Lahrman and his significant other
under the trade names GMAC Mortgage and GM Family Enterprise Group, [sic]

**ANSWER:** Denied as untrue.

[5] The above entitled cause involves only one of two properties owned by Lahrman and his
significant other. The second home is not yet considered in these proceedings.

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the
allegations contained in this paragraph and therefore denies them as untrue.

totaling approximately forty-four thousand dollars ($44,000,00), all of which to date is and has been their ultimate detriment and loss.

**ANSWER:** Denied as untrue.

21.    That Lahrman and his 'significant other' where induced by Ally.03 to believe in the integrity and quality of the mortgage products they believed they purchased from Ally.03 all the while Ally.03 held secret, and failed to disclose, the true nature and character of their business model and intent[6] and likewise held secret and failed to disclose to Lahrman and his 'significant other' the risks associated with the role and function of Ally.03's undisclosed associated membership in MERS, Inc. and Ally.02's role and function as a founding shareholder in MERSCORP.

**ANSWER:** Denied as untrue.

22.    That both Ally.03 and subsequently Ally.01 induced Lahrman and his 'significant other' to believe that their mortgage loan and consumer mortgage transaction was provided, funded, owned, and held by Ally.03, when in fact the truth is otherwise, was known by Ally to be otherwise and was intended by Ally to be otherwise. Ally knew at all times relevant hereto,

---

[6]    The true nature and character of Ally's business model and designed intent is/was not to make fund [sic] and hold home mortgage loans as was in fact represented to Lahrman and his significant other, but rather, the true nature and character of Ally's business model and designed intent is/was, by deceit and misrepresentation, to 'harvest' from consumers and homeowners 'negotiable instruments' and 'mortgage security instruments' that constituted Ally's 'business inventory' which Ally paid nothing for and with which Ally did fully intend to securitize and transform into a variety of derivative instruments and investment products which would then be widely marketed and traded in both proprietary trading transactions and in the global secondary investment markets [sic]

**ANSWER:** Denied as untrue.

10

and kept secret from Lahrman and his significant other, that on August 1, 2005 — thirteen (13) days following consummation of the consumer mortgage transactions — Ally.03 sold or assigned the consumer mortgage loan relating to the subject real estate of these proceedings to Defendant Fannie Mae.

**ANSWER:** Denied as untrue.

23.    That, as averred herein and above in ¶ #10, on or about September 14, 2005, Ally.03 filed and recorded a false and fraudulent mortgage lien on the title of Lahrman's homestead under which Ally.03 and subsequently Ally.01 held/hold themselves out publically, falsely, fraudulently and to date herein, to be 'mortgagee' and 'holder' of the consumer mortgage loan related to the subject real estate of these proceedings. Additionally and based upon the false and fraudulent September 14, 2005 recorded mortgage lien, defendants Ally.02, Ally.03 and, unknown and yet to be identified other defendants and/or members of the MERS, Inc. common agency, did, within their scheme of fraud and with intent to unjustly enrich themselves, create to be bought, sold, traded, insured, re-insured and over-insured, fraudulent derivative investment instruments and mortgage-backed securities which, unbeknownst to Lahrman and without his knowledge or consent, ultimately involved and encumbered the legal title to and on Lahrman's homestead and those of his rights and interests in the subject real estate of these proceedings.

**ANSWER:** Denied as untrue.

24.    On or about April 22, 2013, Ally.01 admitted and acknowledged, in unison and in concert with defendant GT, that defendant Fannie Mae is the true owner/holder of the consumer mortgage loan (Exhibit B at p. 2 ¶ #3). Defendant(s) Ally.01, GT and Fannie Mae kept secret

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•10 S. WACKER DRIVE, SUITE 2300•CHICAGO, ILLINOIS 60606

from Lahrman and his significant other until December 11, 2013, the fact that defendant Fannie

Mae purchased and took, and/or took under assignment, delivery and possession of, the

consumer mortgage loan/note on August 1, 2005, assigning to the same Fannie Mae loan

#******9793.

**ANSWER:** Denied as untrue.

25.    At all times relevant hereto, in concert, defendants Ally.02, Ally.03, Fannie Mae,

MERS, Inc., and likely unknown and yet to be identified members of the MERS, Inc. common

agency membership, did, by in and under the securitization process, fragment into an untold and

undisclosed number of shares the interests in and rights to the 'negotiable instrument' and

'mortgage security instrument' related to the subject real estate of these proceedings which

defendants sold notoriously as 'Mortgage Backed Securities', as was/is the true nature, character

design and intent of the defendants' business model and customary business routines and

practices.

**ANSWER:** Denied as untrue.

26.    At all times relevant hereto, in concert, defendants Ally.02, Ally.03, Fannie Mae,

MERS, Inc., and likely unknown and yet to be identified members of the MERS, Inc. common

agency membership, did, by creating an unknown number of, and yet to be identified, derivative

instruments and fractionated shares, alter the identity and character of the ownership interests in

and ownership rights to the 'negotiable instrument' and 'mortgage security instrument' subject of

the consumer mortgage transaction relevant to the subject real estate of these proceedings.

**ANSWER:** Denied as untrue.

12

27.    At all times relevant hereto, in concert, defendants Ally.02, Ally.03, Fannie Mae,

MERS, Inc., and likely unknown and yet to be identified members of the MERS, Inc. common

agency membership, did, unjustly enrich themselves tremendously by fractionating and selling

the derivative shares which fraudulently enmeshed and encumbered Larhman's [sic] homestead

and those of his rights and interest under title to the subject real estate of these proceedings.

**ANSWER:** Denied as untrue.

28.    At all times relevant hereto, in concert, defendants Ally.02, Ally,03, Fannie Mae,

MERS, Inc., and likely unknown and yet to be identified members of the MERS, Inc. common

agency membership, have kept secret the true identities of any individual shareholders owning

interest in and rights to Lahrman's homestead.  Defendants have neither made, nor offered to

make, an accounting for the profits derived from fraudulently selling, buying, trading, insuring,

re-insuring, and over-insuring their fraudulent derivative instruments and mortgage-backed

securities which have in fact enmeshed Lahrman's homestead and real estate title in their scheme

of notorious 'Mortgage Backed Securities' trading, the ultimate collapse and failure of which

substantially damaged Lahrman's equity values, pledged security and real estate title.

**ANSWER:** Denied as untrue.

29.    At all times relevant hereto and to date herein, defendants Ally.01 and GT have

— in concert and by extrinsic agreement with Fannie Mae — joined in overtly executing upon

orchestrating, directing and facilitating the scheme of frauds set up and put in motion by

defendants Ally,02, Ally.03, Fannie Mae and MERS, Inc.  In furtherance of the broader scheme

of frauds defendants Ally.01 and GT have, at all times relevant hereto and to date herein, held

13

themselves out publically, falsely and fraudulently to be the 'holder' and 'mortgagee' of the consumer mortgage transaction and consumer mortgage loan related to Lahrman's homestead and title to the subject real estate of these proceedings.

**ANSWER:** Denied as untrue.

30.    For its role in the broader scheme of frauds, the defendant Fannie Mae — being a founding shareholder of MERSCORP and charter member of defendant MERS, Inc. — wrote the 'roadmap' which, relied upon by all defendants, was designed and intended to inveigle and deceive both the American homeowner and the institutions of both state and federal government, the judiciary and courts included.

**ANSWER:** Denied as untrue.

31.    As the direct and proximate result of the defendants' acts and conducts, and those Acts and conducts in execution and furtherance of the broader scheme of defendants' frauds, Lahrman has suffered damages and continuing harm and damage both economic and to his person, and to those of his rights and interests under title to the subject real estate [sic] these proceedings, and, as continued below.

**ANSWER:** Denied as untrue.

## COUNT
## II

Ally incorporates by reference its responses to all prior paragraphs.

14

32.    Lahrman is an adjudicated incapacitated and disabled adult. He is a vulnerable person with a qualified disability. His home is a necessary [sic] of his life and vital to his well-being safety and security.

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

33.    In July 2008 and during an emergency session, the United States Congress passed P.L. No. 110-289, 122 Stat. 2654 (2008) the Housing and Economic Recovery Act of 2008 ("HERA") which created a new federal housing agency and spawned regulatory review and investigations into the business practices of the home-mortgage industry nationwide.

**ANSWER:** The referenced act speaks for itself, and Ally denies the allegations contained in this paragraph to the extent they conflict with the referenced act. Ally otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

34.    In April of 2011 defendant Ally Financial, Inc., entered into various "Consent Orders" with federal regulators and authorities among which are the Board of Governors for the Federal Reserve System, the Office of the Comptroller of Currency ("OCC"), and the Federal Deposit Insurance Corp. ("FDIC"). Under these "Consent Orders" defendant Ally Financial, Inc. agreed to, among other things, cease and desist in certain business practices relative to the defendants' business model and its customs, practices and policies.

**ANSWER:** The referenced "orders" speaks for itself, and Ally denies the allegations contained in this paragraph to the extent they conflict with the referenced orders. Ally otherwise

lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

35.    In [sic] or about May 2012 defendant Ally Financial, Inc., entered into the 'National Mortgage Settlement' "Consent Judgment" with federal and state regulators and authorities, among which is/was the Office of the Indiana Attorney General, Consumer Protection Division who appeared, in Case No. 1:12-cv-00361-RMC, *United States of America, et al. v. Bank of America Corporation, et al,*[7] in its legal status and legal capacity as *parens patraie*, on behalf of Indiana homeowners' [sic], consumers, and Indiana's disabled and incapacitated homeowners' [sic] and consumers among which is Lahrman.

**ANSWER:** The referenced judgment speaks for itself, and Ally denies the allegations contained in this paragraph to the extent they conflict with the referenced judgment. Ally otherwise lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

36.    Defendant(s) Ally.01, Ally.02, GT and Fannie Mae have and are continuing to engage in the business practices relative to those acts, conducts, business practices, customs and policies subject of and prohibited by the aforementioned "Consent Orders" and "Consent Judgment", the same to which the defendants are parties. The defendants are, have been and

---

[7]    Incorporated herein by reference and reiterated in its entirely are the material facts and allegations contained in the "Complaint", (Pacer doc. #4-1, Case No. 1:12-cv-00361-RMC) as it appears captioned, under *United States of America, et al. v. Bank America Corporation, et al.*

**ANSWER:** This footnote does not require a response. To the extent a response may be required, Ally denies the allegations as untrue.

continue to be in violation and breach of those agreements represented by "Consent Orders", "Consent Judgment"[8] and the National Mortgage Settlement.

**ANSWER:** Denied as untrue.

37.    As the direct and proximate result of defendant(s) Gmac's [sic] and GT's continuing violations of I.C. § 24-5-0.5 et seq. and breaches of those agreements represented by the National Mortgage Settlement and the "Consent Judgment" of Case No. 1:12-cv-00361-RMC, Larhman [sic] has suffered incurable damage and loss and is continuing to suffer damages, loss and harm both economic and to his person, and to those of his personal rights and interests, and, further damages resulting from the following.

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

**COUNT
III**

Ally incorporates by reference its responses to all prior paragraphs.

---

[8]  The defendants are engaged in, *inter alia*, unfair and deceptive mortgage servicing practices and are not complying with the servicing standards expressly set forth in the 'Consent Judgment' and under the National Mortgage Settlement. The defendants are not dealing openly, honestly and fairly with Lahrman and his household, and in bad faith the defendants have, among other things, refused tender of payment, forced an unauthorized escrow and applied forced placed insurance on the account and property. The defendants have engaged, and continue to engage, in acts of personal dishonesty for which the defendants intend to enrich themselves unjustly with and by exorbitant and unjustified administrative fee stacking which defendant [sic] report and contend to be a debt owing. Additionally, the defendants are engaged in unfair and deceptive mortgage foreclosure practices, they are engaged in practicing fraud upon both the state and federal courts, and are proceeding with foreclosure proceedings with **known** 'robo-signed' documents and documentations [sic] which do not meet the required documentation standards expressly set forth in the National Mortgage Settlement.

**ANSWER:** Denied as untrue.

38.     Lahrman is, as householder, homeowner and household member, a direct beneficiary of any consumer mortgage transaction and contract relative to and secured by his home which is the subject real estate of these proceedings.

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

39.     Lahrman has legal and equitable rights and interests in his home, in his possession of his home, in maintaining possession of his home, in the advantageous economic opportunities accompanying home ownership, and in the peaceable and quiet enjoyment, use and benefit of his home, the same which is the subject matter of consumer contractual relations and obligations between Fannie Mae and Lahrman's household.

**ANSWER:** Ally lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them as untrue.

40.     Defendant(s) Ally and GT know, should know and have every responsibility of knowing of the existing contractual relationships between Fannie Mae and Larhman's [sic] household, and of the legal and equitable rights and interests associated with the same.

**ANSWER:** Denied as untrue.

41.     Defendant(s) Ally.01 and GT have, both individually and jointly and joined by their respective employees agents and attorneys, postured themselves overtly in the broader

18

scheme of frauds[9] as 'servicers', and with the intent to unjustly enrich themselves by engaging overtly in furtherance of the broader scheme of frauds and engaging in acts of personal dishonesty, deceit, unfair and deceptive mortgage servicing practices, unfair, deceptive and unscrupulous debt collection practices, and unfair and deceptive mortgage foreclosure practices, which are by design and with intent to deceive, inveigle and tortuously [sic] interfere with the consumer mortgage transaction subject of these proceedings and with the existing relationship involving Fannie Mae and Lahrman's rights and interests associated with his household and status as a homeowner.

   **ANSWER:** Denied as untrue.


42      As the direct and proximate result of the defendants [sic] tortuous [sic] acts and conducts [sic] interfering with Larhman' rights, interests and reasonable expectations as a homeowner, contract beneficiary and household consumer, Lahrman has suffered and continues to suffer; economic damages and loss to the economic value of his property rights and interest; economic damages and loss to the advantageous economic opportunities associated with Lahrman's rights and interests in homeownership and as a homeowner.  In addition Lahrman has suffered and continues to suffer damage to, and loss of, his right to peaceably and fully enjoy freely the full and unimpaired use and benefit of his home and status as a homeowner.

---

[9]   As used throughout, the phrase 'broader scheme of frauds' includes, without limitation, designing and implementing the flawed and illegal business model; the predatory harvesting of 'negotiable instruments' and 'security instruments', securitization of the same and the global marketing of those fraudulent derivative instruments and mortgage backed-securities which, insured, re-insured and over-insured, where [sic] expected to fail and result in foreclosure and seizure of homes.

**ANSWER:**  This footnote does not require a response.  To the extent a response may be required, Ally denies the allegations as untrue.

**ANSWER:** Denied as untrue.

43.    As the direct and proximate result of the defendants [sic] intentional and tortuous [sic] acts and conducts [sic] of Defendants Ally.01, GT, and those of their employees, agents and attorneys whether individually or jointly and collectively, the defendants have, whether individually or jointly and collectively in concert, annoyed, interfered with and caused interruption to Lahrman's right to the full and free use and benefit of his land, home and property.

**ANSWER:** Denied as untrue.

44.    As the direct and proximate result of the defendants' intentional and willful acts, conducts and doings, the defendants named herein and those of their employees, agents and attorneys whether individually or jointly and collectively have in fact made of themselves a nuisance for and to Lahrman and his household privately, and to the broader public in general [sic]

**ANSWER:** Denied as untrue.

45.    As the direct and proximate result of the defendants' intentional, willful and tortuous [sic] acts and conducts and those of the defendants' employees, agents and attorneys, whether individually or jointly and collectively, have inflicted upon Lahrman and continue to so maliciously inflict, undue emotional distress, fear, mental anguish and unwarranted psychological imposition.

**ANSWER:** Denied as untrue.

20

## PETITION/APPLICATION FOR DECLARATORY JUDGMENT
## AND DAMAGES

Ally incorporates by reference its responses to all prior paragraphs.

46.    Pursuant to I.C. § 26-1-9.1; see also, I.C. § 26-1-3.1-605.  Lahrman has the right
to be compensated for the destruction, impairment, waste and loss of equity value, to the
collateral and security Lahrman's household pledged in exchange for the July 2005 consumer
mortgage transaction involving both defendants Ally and Fannie Mae.[10]

**ANSWER:** Denied as untrue.

47.    Defendants Ally Financial, Inc. and Fannie Mae are liable to Lahrman for
compensatory damages pro rata in value to the destruction, impairment, waste and loss of equity
value and marketability relating to Lahrman's homestead and the security collateral parted with
and pledge [sic] to Ally.03 in 2005.

---

[10]  The ultimate failure and collapse of the defendants' flawed and illegal business model, thru no
fault of Lahrman's doing, resulted in the loss and destruction of Lahrman's security and equity.
The defendants cannot return intact, and in and of its full value, the security pledged to the
defendants.

**ANSWER:** Denied as untrue.

[11]  In advance of consummating the July 2005 consumer mortgage transaction, defendant Ally.03
secured both the pre-approved funding from, and the sale/assignment and transfer of the
consumer mortgage note to, defendant Fannie Mae.

**ANSWER:** Denied as untrue.

[12] Lahrman disavows any right to or interest in the incomes and profits derived as the fruits of the
defendants' broader scheme of frauds.

**ANSWER:**  This footnote does not require a response.  To the extent a response may be
required, Ally denies the allegations as untrue.

DYKEMA GOSSETT A PROFESSIONAL LIMITED LIABILITY COMPANY•10 S. WACKER DRIVE, SUITE 2300•CHICAGO, ILLINOIS 60606

**ANSWER:** Denied as untrue.

48.     Defendants Ally Financial, inc. [sic] Fannie Mae are liable to Lahrman for special damages flowing from the defendants' broader scheme of frauds which intentionally involved Larhman's unwitting and unknowing involvement and the same which inured to and for the benefit of, and financial gain for, the defendants whether individually and/or collectively.[12]

**ANSWER:** Denied as untrue.

WHEREFORE, Ally Financial Inc. requests that the Court enter a judgment in its favor, and award Ally Financial Inc. its costs, attorneys fees, and other relief that the Court deems appropriate.

## AFFIRMATIVE DEFENSES

Ally Financial Inc. has not yet had the opportunity to complete its investigation and discovery in this matter and thereby relies on such of the following defenses as may prove applicable after discovery and at trial:

1.     Plaintiff's complaint fails to state a claim upon which relief can be granted against Ally Financial Inc.

2.     Ally Financial Inc. is not a proper defendant in this matter.  Ally Financial Inc. is not and has never been known as GMAC Mortgage, LLC, GMAC Mortgage Corp., Residential Funding, LLC, or any of the other "trade names" alleged by Plaintiff.  Plaintiff improperly conflates multiple legal entities and seeks to hold Ally Financial Inc. liable for the alleged actions and inactions of indirect subsidiaries.

3.     The claims against Ally Financial Inc. in this litigation have been discharged and released pursuant to a Third Party Release contained in the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "Plan"), as ordered on December 11, 2013 by the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG).

DYKEMA GOSSETT•A PROFESSIONAL LIMITED LIABILITY COMPANY•10 S. WACKER DRIVE, SUITE 2300•CHICAGO, ILLINOIS 60606

4.  This Court lacks subject matter jurisdiction over the claims against Ally Financial Inc.  Pursuant to Article XII of the Plan, the Southern District of New York Bankruptcy Court has retained jurisdiction to determine any disputes concerning the Third Party Release under the Plan, and Ally Financial Inc. reserves all of its rights to bring to the Southern District of New York Bankruptcy Court for resolution any dispute by the plaintiff in the above-captioned action as to whether his claim(s) against Ally Financial Inc. have been discharged.

5.  Plaintiff's claims against Ally Financial Inc. may be barred due to estoppel, laches, statute of frauds, statute of limitations, waiver, lack of jurisdiction over the subject-matter, collateral estoppel and/or *res judicata*.

## RESERVATION OF RIGHT

Ally Financial Inc. reserves its right to file such amended answers and such additional defenses as may be appropriate upon completion of its investigation and discovery.

*Respectfully submitted,*

DYKEMA GOSSETT PLLC

By: _____
Jordan S. Huttenlocker, Atty # 30351-02
10 South Wacker Drive
Suite 2300
Chicago, IL 60606
(312) 627-2281
JHuttenlocker@dykema.com

January 30, 2014

# EXHIBIT B

STATE OF INDIANA         IN THE ELKHART SUPERIOR COURT

COUNTY OF ELKHART       CAUSE NUMBER: 20D02-1008-MF-312

GMAC MORTGAGE, LLC

                  Plaintiff,

       vs.

CYNTHIA S. DAMRON, et al.

                Defendants.

## APPEARANCE BY ATTORNEY IN CIVIL CASE

1.     The party on whose behalf this form is being filed is:

Initiating    \_\_\_\_\_      Responding   X      Intervening \_\_\_\_\_; and

     the undersigned attorney and all attorneys listed on this form now appear in this case for the following parties:

Name of party:         GMAC Mortgage, LLC

Address of party:       1100 Virginia Drive
                         Ft. Washington, PA 19034

Telephone # of party:    (319) 236-7624

Attorney information for service as required by Trial Rule 5(B)(2)

**Name:** Joel F. Bornkamp    **Atty Number:**    (27410-49)    **E-Mail Address:**   joel.bronkamp@rslegal.com

**Address:**     3962 Red Bank Road, Cincinnati, OH 45227
**Phone:**       (513) 322-7045
**Fax:**         (513) 322-8074

3.      This is a <u>Mortgage Foreclosure (MF)</u> case type as defined in administrative Rule 8(B)(3).

4.      I will accept service by:
        FAX at the above noted number:        Yes        No    X



Email at the above noted          Yes          No      X
address:                                        _____        _____

5.      This case involves child support issues. Yes _____ No __X__ (If yes, supply social
security numbers for all family        members on a separately attached document filed as
confidential information on light green paper. Use Form    TCM-TR3.1-4.)

6.      This case involves a protection from abuse order, a workplace violence restraining order,
or a no - contact order.       Yes _____ No __X__ (If Yes, the initiating party must provide an
address for the purpose of legal service but that      address should not be one that exposes the
whereabouts of a petitioner.) The party shall use the following address      for purposes of legal
service:

_____          Attorney's address

                       The Attorney General Confidentiality program address
                       (contact the Attorney General at 1-800-321-1907 or e-mail address is
_____          **confidential@atg.state.in.us**)

                       Another address (provide)
_____

                       _____

7.    This case involves a petition for involuntary commitment. Yes _____ No __X__

8.    If Yes above, provide the following regarding the individual subject to the petition for
involuntary commitment:

            a. Name of the individual subject to the petition for involuntary commitment if it
            is not already provided in #1 above:

            _____

            b. State of Residence of person subject to petition:

            _____

            c. At least one the following pieces of identifying information:

      (i)       Date of Birth _____
      (ii)      Driver's License Number _____
                State where issued _____ Expiration date _____
      (iii)     State ID number _____
                State where issued _____ Expiration date _____
      (iv)      FBI number _____
      (v)       Indiana Department of Corrections Number _____

    (vi)    Social Security Number is available is being provided in an attached confidential document
Yes _____ No _____

9.    There are related cases: Yes _____ No __X__ *(If yes, list on continuation page.)*

10.    Additional information required by local rule:

_____

_____

11.    There are other party members: Yes _____ No __X__ *(If yes, list on continuation page.)*

12.    This form has been served on all other parties and Certificate of Service is attached: Yes _
X__ No ____

Joel F. Bornkamp (27410-49)

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been duly served upon the following, by ordinary U.S. Mail herein this 5th day of February 2013:

James M. Boyers, Esq.
Wooden & McLaughlin LLP
211 North Pennsylvania Street
One Indiana Square, Suite 1800
Indianapolis, IN 46204-4209

Martin A. McCloskey, Esq.
McCloskey Law Offices
301 N. Nappanee Street
Elkhart, IN 46514

LHR, Inc.
56 Main Street
Hamburg, NY 14075

Chase Bank USA
CT Corporation
350 N. St. Paul, Suite 2900
Dallas, TX 75201

CitiBank (South Dakota) N.A.
701 East 60th Street North
Sioux Falls, SD 57104

Joel F. Bornkamp (27410-49)

# EXHIBIT C

## ELKHART COUNTY SHERIFF'S DEPARTMENT

### TO THE OWNERS OF THE WITHIN DESCRIBED REAL ESTATE AND ALL INTERESTED PARTIES

# NOTICE OF SHERIFF'S SALE

**Sheriff's File Number:** 0023-15

**Date of Sale:**      1/28/2015

**Goshen News:**      December 17,24, & 31

**Judgment to be Satisfied: $65,479.35**

By virtue of a certified copy of a decree to me directed from the Clerk of Superior Court of Elkhart County, Indiana, in cause No. 20D02-1008-MF-312

**Plaintiff:** GMAC Mortgage, LLC

**Defendant:** Cynthia S. Damron, aka Cynthia Sue Rogers, et al.

required me to make the sum as provided for in said Decree with interest and cost, I will expose at public sale to the highest bidder, at the hour of 10:00 AM of said day as listed above, at the Elkhart County Sheriff's Department, 26861 C.R. 26, Elkhart, IN 46517, the fee simple of the whole body of Real Estate in Elkhart County, Indiana:

ALL THAT PARCEL OF LAND IN ELKHART COUNTY, STATE OF INDIANA, AS MORE FULLY DESCRIBED IN DEED DOC#35TF738; TM 20-06-16-433-026, BEING KNOWN AND DESIGNATED AS:

LOT NUMBERED THREED IN BLOCK TWENTY FOUR (24) AND THE NORTH ONE HALF (1/2) OF LOT NUMBERED ONE (1) OF BLOCK TWENTY FIVE (25) AS THE SAME ARE KNOWN AND DESIGNATED ON THE RECORDED PLAT OF CITY GARDENS ADDITION TO ELKHART INDIANA SAID PLAT BEING RECORDED IN PLAT BOOK 3 PAGE 9 IN THE OFFICE OF THE RECORDER OF ELKHART COUNTY STATE OF INDIANA

BY FEE SIMPLE DEED FROM LARRY D. ROGERS AS SET FORTH IN DOC#35TF738 DATED 08/02/1976 AND RECORDED 08/02/1976, ELKHART COUNTY RECORDS, STATE OF INDIANA.

**Parcel No.** 20-06-16-433-026.000-012

**Commonly Known as:** 3004 GARDEN BOULEVARD, ELKHART, IN 46517

Together with rents, issues, income and profits thereof, said sale will be made without relief from valuation or appraisement laws. This Notice shall also represent service of Notice of Sale of the above-described real estate upon the owners, pursuant to requirements of IC 32-8-16-1.

Joel Bornkamp (27410-49)
Timothy D. McKay (29372-49)
Robert E. Altman III (29811-15)
_____
Attorney

Reisenfeld & Associates, LPA LLC
_____
Attorney's Law Firm

*Bradley D. Rogers*
_____
Sheriff of Elkhart County

Concord
_____
Township of Property Location

3004 Garden Boulevard, Elkhart, IN 46517
_____
Street Address of Property being sold

**The Sheriff's Department does not warrant the accuracy of the street address published herein.**

Please Serve:

CitiBank (South Dakota), N.A.
c/o Highest Executive Officer Present
701 E 60th Street N
Sioux Falls, SD 57104

Chase Bank USA
CT Corporation
350 N St. Paul Suite 2900
Dallas, TX 75201

LHR, Inc.
56 Main Street
Hamburg, NY 14075

Cynthia S. Damron, aka Cynthia Sue Rogers
3004 Garden Boulevard
Elkhart, IN 46517

# EXHIBIT D

STATE OF INDIANA

COUNTY OF ELKHART

GMAC MORTGAGE, LLC

                              Plaintiff,

            vs.

CYNTHIA S. DAMRON, AKA CYNTHIA
SUE ROGERS
et al.

                        Defendants.

IN THE ELKHART SUPERIOR COURT

CAUSE NUMBER: 20D02-1008-MF-312

---

### ASSIGNMENT OF BID

Please be advised that GMAC Mortgage, LLC, by and through counsel, hereby assigns its bid from the Sheriff Sale to be held January 28, 2015 on real property located at 3004 Garden Boulevard, Elkhart, IN 46517, to Fannie Mae A/K/A Federal National Mortgage Association organized and existing under the laws of the United States of America, whose mailing address is 14221 Dallas Parkway, Suite 1000, Dallas, TX 75254-2916.

Respectfully Submitted,

Joel E. Bornkamp (27410-49)
Timothy D. McKay (29372-49)
Robert E. Altman III (29811-15)
Reisenfeld & Associates, LPA LLC
Attorneys for Plaintiff
3962 Red Bank Road
Cincinnati, OH 45227
Voice: (513) 322-7000
Facsimile: (513) 322-7099

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and exact copy of the foregoing has been duly served upon the following, by ordinary U.S. Mail herein this _16_ day of December 2014:

CitiBank (South Dakota), N.A.
c/o Highest Executive Officer Present
701 E 60th Street N
Sioux Falls, SD 57104

Chase Bank USA
CT Corporation
350 N St. Paul Suite 2900
Dallas, TX 75201

LHR, Inc.
56 Main Street
Hamburg, NY 14075

Cynthia S. Damron, aka Cynthia Sue Rogers
3004 Garden Boulevard
Elkhart, IN 46517


Joel F. Bornkamp (27410-49)
Timothy D. McKay (29372-49)
Robert E. Altman III (29811-15)

**REISENFELD AND ASSOCIATES LPA, LLC**

Attorneys At Law
3962 Red Bank Road
Cincinnati, OH 45227-9802

neopost℠
12/17/2014
**US POSTAGE**
**$00.48⁰**

FIRST-CLASS MAIL

ZIP 45227
041L12202668



Cynthia S. Damron, aka
Cynthia Sue Rogers
3004 Garden Boulevard
Elkhart, IN 46517

4651 7#2646 0023

# EXHIBIT E

Paying Agent – Rust Consulting, Inc.
P.O. Box 3036
Faribault, MN 55021-2636

**Independent Foreclosure Review**

**IMPORTANT PAYMENT AGREEMENT INFORMATION ENCLOSED**

January 27, 2014



\* 1 0 0 1 9 2 3 9 7 8 – 7 6 6 2 5 5 9 \*

**Your payment is enclosed.**

_____

Reference Number: 1001923978
Property Address:

**\*\*SNGLP**
CYNTHIA S DAMRON
3004 GARDEN BLVD
ELKHART, IN 46517-2646

3004 GARDEN BOULEVARD

ELKHART IN 46517

*Si usted habla español, tenemos representantes que*
*pueden asistirle en su idioma.*



Dear Cynthia S Damron,

You were recently sent a notice that you are eligible to receive a payment as a result of an agreement between federal banking regulators and GMAC Mortgage, LLC in connection with an enforcement action related to deficient mortgage servicing and foreclosure processes.

**This letter includes your check.** It also explains the amount of the payment, why you are receiving a payment, how to cash the check, and other important information and disclosures.

## Your payment is: $800.00.

### Why you are receiving a payment

In July of 2013, GMAC Mortgage, LLC entered into an agreement with the Board of Governors of the Federal Reserve System. This agreement resolved the Independent Foreclosure Review required by the Board of Governors. Additional information about this agreement can be found at www.federalreserve.gov.

Regulators determined your payment amount based on the stage of your foreclosure process and other considerations related to your foreclosure.

### How to cash the check

**You must cash or deposit the check within 90 days, or the check will be void.** All borrowers listed on the check must sign it to cash it.

> ## The payment amount is final.
> ## There is no process to appeal the payment.

*Continued on reverse side*

A 1LDN 000101203

GMAC2014



Fund 3 Independent Foreclosure Review Payment QSF
Loan Servicer: GMAC Mortgage, LLC
P.O. Box 3036
Faribault, MN 55021-2636

The Huntington National Bank                    56-1512
                                                441

Check No. 7662559

| DATE | CLAIM NUMBER | AMOUNT |
|------|--------------|--------|
| January 27, 2014 | 1001923978 | $800.00 |

NOT VALID FOR AMOUNT OTHER THAN $800.00
VOID AFTER NINETY (90) DAYS
All Payee's signatures required on back in order for this instrument to be paid.

Financial Institutions may call
1-855-460-1528 to verify this check.

Pay:
Pay to the order of:   CYNTHIA S DAMRON

EIGHT HUNDRED DOLLARS AND NO CENTS

Paul V—e
Authorized Signature

⑈766255⑈⑈ ⑈044⑈⑈5⑈26⑈ 0189266532⑈⑈