Hearing Date and Time: February 25, 2015 at 10:00 a.m. (Prevailing Eastern Time)
Response Date and Time:  February 12, 2015 at 4:00 p.m. (Prevailing Eastern Time)

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
Jessica J. Arett

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP LIQUIDATING TRUST'S EIGHTY-FIRST OMNIBUS OBJECTION TO CLAIMS ((A) DUPLICATE CLAIM; (B) INSUFFICIENT DOCUMENTATION CLAIMS; (C) NO LIABILTY CLAIMS; (D) REDESIGNATE AND ALLOW CLAIM; AND (E) REDUCE AND ALLOW CLAIMS)**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON EITHER EXHIBIT A, EXHIBIT B, EXHIBIT C, EXHIBIT D, OR EXHIBIT E ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT THE RESCAP LIQUIDATING TRUST'S COUNSEL, JORDAN A. WISHNEW, AT (212) 468-8000.**

---

ny-1171780

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to terms of the Plan (defined below) confirmed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as successor in interest to the Debtors (defined below), respectfully represents:

**RELIEF REQUESTED**

1. The Liquidating Trust files this eighty-first omnibus objection to claims (the "Objection"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in the Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 2: (i) disallowing and expunging the claims listed on Exhibit A, Exhibit B and Exhibit C, and (ii) modifying (by redesignating[1] and/or reducing) and/or allowing the claims listed on Exhibit D and Exhibit E attached to the Proposed Order.[2] In support of the Objection, the Liquidating Trust submits the Declaration of Deanna Horst, Chief Claims Officer for the ResCap Liquidating Trust (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently herewith.

2. The Liquidating Trust examined the proof of claim identified on Exhibit A to the Proposed Order and determined that the proof of claim listed thereon (the "Duplicate

---

[1] As used herein, the term "redesignate" (or "redesignating") means to modify (or modifying) a proof of claim filed against the incorrect Debtor to accurately reflect the Debtor that may be liable on the Claims Register (as defined herein).

[2] Claims listed on Exhibits A through E are reflected in the same manner as they appear on the Claims Register maintained by KCC (as defined herein).

ny-1171780

Claim") is substantially duplicative of Claim No. 2097 filed by the same claimant.[3] Accordingly, the Liquidating Trust requests that the Duplicate Claim be disallowed and expunged in its entirety.

3. The Liquidating Trust examined the proofs of claim identified on Exhibit B to the Proposed Order and determined that the proofs of claim listed on Exhibit B (collectively, the "Insufficient Documentation Claims") lack sufficient supporting documentation as to their validity and amount and have no basis in the Debtors' books and records. This determination was made after the holders of the Insufficient Documentation Claims were given an opportunity to supply the Liquidating Trust with additional documentation to substantiate their respective claims. Accordingly, the Liquidating Trust seeks entry of the Proposed Order disallowing and expunging the Insufficient Documentation Claims in their entirety.

4. The Liquidating Trust examined the proofs of claim identified on Exhibit C to the Proposed Order (collectively, the "No Liability Claims") as well as the books and records the Debtors maintained in the ordinary course of business, and determined that the No-Liability Claims are not reflected in the Debtors' historical accounts payable. In addition, the Debtors' books and records do not reflect any sums owing to the claimants by any Debtor on account of any prepetition liabilities. For these reasons, as set forth in more detail in Exhibit C, the Liquidating Trust determined that it has no liability regarding such claims. Accordingly, the Liquidating Trust requests that the No Liability Claims be disallowed and expunged in their entirety.

5. The Liquidating Trust also examined the proof of claim identified on Exhibit D to the Proposed Order and determined that a portion of the proof of claim listed

---

[3] This Objection does not affect Claim No. 2097 and does not constitute any admission or finding with respect to that claim. Further, the Liquidating Trust expressly reserves all rights to object on any basis to claim number 2097.

thereon (the "Redesignate and Allow Claim") was filed against the incorrect Debtor. The Liquidating Trust seeks to (a) modify the Redesignate and Allow Claim to reflect liabilities asserted against the corresponding Debtors set forth under the heading "*Modified Debtor Name*" on Exhibit D and (b) allow the Redesignate and Allow Claim in the properly asserted amounts against the originally designated and modified Debtor.

6. The Liquidating Trust also examined the proofs of claim identified on Exhibit E to the Proposed Order and determined that each proof of claim listed thereon (collectively, the "Reduce and Allow Claims," and together with the Duplicate Claim, the Insufficient Documentation Claims, the No Liability Claims, and the Redesignate and Allow Claim, the "Claims") was filed in an amount that is greater than the actual amount for which the Debtors' estates are liable. The Liquidating Trust seeks to modify the Reduce and Allow Claims by (a) reducing them to the corresponding amounts set forth under the heading "*Modified Claim Amount*" on Exhibit E and (b) allow each Reduce and Allow Claim only to the extent of such modified amount.

7. The Liquidating Trust expressly reserves all rights to object on any other basis to any Claim as to which this Court does not grant the relief requested herein.

8. No Borrower Claims (as defined in the Procedures Order) are included in the Objection.

**JURISDICTION**

9. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND**

10. On May 14, 2012, each of the debtors in the Chapter 11 Cases (the "Debtors") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

11. On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official Claims Register for the Debtors (the "Claims Register").

12. On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date"). (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended.

13. On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065].

On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

14. The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind down of the affairs of the Debtors' estates. See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22. Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets. See generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

## BASIS FOR RELIEF

15. A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

**A.    The Duplicate Claim Should be Disallowed and Expunged**

16. Pursuant to Bankruptcy Rule 3007(d), a debtor may object to claims and seek their disallowance where such claims "duplicate other claims." Fed. R. Bankr. P. 3007(d)(1). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). Accordingly, courts in the Southern District of New York routinely disallow and expunge duplicative and/or redundant claims filed by the same creditor against the same debtor. See, e.g.,

5

ny-1171780

Order Granting the ResCap Liquidating Trust's Seventy-Second Omnibus Objection to (A) Amended and Superseded Claims; (B) Late Filed Claims; and (C) Duplicate Claims, In re Residential Capital, LLC, Case No. 12-12020(MG) (Bankr. S.D.N.Y. Sept. 30, 2014), ECF #7595 (ordering the disallowance and expungement of redundant claims identified by the Liquidating Trust in its seventy-second omnibus claims objection); In re Worldcom, Inc., Case No. 02-13533AJG, 2005 WL 3875191, at *8 (Bankr. S.D.N.Y. June 3, 2005) (expunging duplicate claim); In re Best Payphones, Inc., Case No. 01-15472, 2002 WL 31767796, at *4, 11 (Bankr. S.D.N.Y. Dec. 11, 2002) (expunging duplicate claim).

17. Based upon its review of the Duplicate Claim, the Liquidating Trust determined that it is identical to the proof of claim designated as Claim No. 2097 filed by the same claimant. See Horst Declaration ¶ 5.

18. The Liquidating Trust believes that it was not the claimant's intention in asserting the Duplicate Claim to seek a double recovery against the Debtors' estates. Instead, the filing of the Duplicate Claim appears to be a function of the claimant filing an additional proof of claim for the same dollar amount, and on account of the same obligation, as reflected in Claim No. 2097. See Horst Declaration ¶ 6. Regardless of the claimant's reasons for filing the Duplicate Claim, at most, only one claim against the Debtors' estates should potentially be allowed for the claimant.

19. The Debtors are not required to make a distribution to a creditor on the same claim more than once. See, e.g., In re Finley, Kumble, Wagner, Heine, Underberg, Manley, Myerson, & Casey, 160 B.R. 882, 894 (Bankr. S.D.N.Y. 1993) ("In bankruptcy, multiple recoveries for an identical injury are generally disallowed."). Moreover, elimination of the Duplicate Claim will enable the Liquidating Trust to maintain the Claims Register to more accurately reflects the universe of claims asserted against the Debtors.

20. Accordingly, to avoid the possibility of multiple recoveries on a single claim by the same creditor, the Liquidating Trust requests that the Court disallow and expunge in its entirety the Duplicate Claim listed on Exhibit A to the Proposed Order. Claim No. 2097 will remain on the Claims Register subject to further objections on any other basis.

B. **The Insufficient Documentation Claims Should Be Disallowed and Expunged**

21. Based upon its review of the proofs of claim filed on the Claims Register maintained by KCC, the Debtors determined that the Insufficient Documentation Claims listed on Exhibit B to the Proposed Order are claims that should be disallowed and expunged because they lack sufficient documentation to substantiate the asserted claim and are unsupported by the Debtors' books and records. See Horst Declaration at ¶¶ 7.

22. Bankruptcy Rule 3001(c)(1) instructs that:

> [W]hen a claim, or an interest in property of the debtor securing the claim, is based on a writing, a copy of the writing shall be filed with the proof of claim. If the writing has been lost or destroyed, a statement of the circumstances of the loss or destruction shall be filed with the claim.

Fed. R. Bankr. P. 3001(c)(1).

23. If a claim fails to comply with the documentation requirements of Bankruptcy Rule 3001(c), it is not entitled to *prima facie* validity. See Ashford v. Consolidated Pioneer Mortg. (In re Consolidated Pioneer Mortg.), 178 B.R. 222, 226 (9th Cir. B.A.P. 1995), aff'd, 91 F.3d 151 (9th Cir. 1996); In re Minbatiwalla, 424 B.R. 104, 112 (Bankr. S.D.N.Y. 2010).

24. Where creditors fail to provide adequate documentation supporting the validity of their claims consistent with Bankruptcy Rule 3001(c), courts in this Circuit have held that such claims can be disallowed. See Minbatiwalla, 424 B.R. at 119 (determining that "in certain circumstances claims can be disallowed for failure to support the claim with sufficient

7

ny-1171780

evidence . . . because absent adequate documentation, the proof of claim is not sufficient for the objector to concede the validity of a claim"); In re Porter, 374 B.R. 471, 480 (Bankr. D. Conn. 2007); see also Feinberg v. Bank of NY (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (applying Minbatiwalla to analysis).

25.    Additionally, several courts, including those in this District, have applied the federal pleadings standards when assessing the validity of a proof of claim. See In re DJK Residential LLC, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure.") (citing In re Rockefeller Ctr. Props., 272 B.R. at 542, n.17); Flake v. Alper Holdings USA, Inc. (In re Alper Holdings USA, Inc.), 398 B.R. 736, 748 (Bankr. S.D.N.Y. 2008) ("The documents attached to the proofs of claim should be treated, for purposes of a motion to disallow claims, like documents that are attached to or relied upon in a complaint are treated on a Rule 12(b)(6) motion to dismiss. . . ") (citation omitted). Indeed, since a claim objection is a contested matter under Fed. R. Bankr. P. 9014(a), Rule 9(b) applies per Fed. R. Bankr. P. 9014(c).

26.    In this case, the claimants who filed the Insufficient Documentation Claims failed to attach any or adequate supporting documentation to demonstrate the validity of their claims. See Horst Declaration at ¶ 8. The Liquidating Trust reached out to the holders of the Insufficient Documentation Claims in an effort to obtain information that would support these claims. However, the claimants failed to provide any explanation as to why such documentation is unavailable, and/or were non-responsive. In each case, the Liquidating Trust diligently evaluated any information provided by the claimants in their proofs of claim. See id.

27.    The Liquidating Trust objects to 92 proofs of claim filed by the City of Cleveland, Division of Water ("Division of Water"), as reflected in Exhibit B annexed to the

8

ny-1171780

Proposed Order, on the grounds that in each instance, the Division of Water failed to sufficiently provide documents and information in support of its claims. See Horst Declaration ¶ 9. On several occasions in 2013, employees of the Debtors or the Liquidating Trust emailed the Division of Water requesting precise invoices (*i.e.*, bills sent to borrowers) with itemized charges on the Division of Water's purported dates of service so that the Liquidating Trust could determine if any of the Debtors was the owner or servicer of the properties in question. See id. After several months, the Division of Water provided the Liquidating Trust with data from the Division of Water's internal systems; however, none of this information included itemized details of the dates of service or type of service rendered to the Debtors, information that is necessary for the Liquidating Trust to properly research the merits of the claims. See id. The Liquidating Trust's review of the Debtors' books and records indicated no outstanding amounts owing to the Division of Water. See id. Accordingly, because the Division of Water was unable to sufficiently detail and substantiate its claims against the Debtors, its proofs of claim should be disallowed and expunged on the grounds that the claimant did not meet its burden of proof to validate its claims.

28.     Therefore, to avoid the possibility that the claimants at issue receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Liquidating Trust requests that the Court disallow and expunge in their entirety each of the Insufficient Documentation Claims.

C.     **The No Liability Claims Should Be Disallowed and Expunged**

29.     The Liquidating Trust diligently analyzed the No Liability Claims and compared the claims set forth therein to the Debtors' books and records. After such review, the Liquidating Trust determined that each of the No Liability Claims is asserted against a Debtor that does not have liability for such claim. See Horst Declaration ¶ 11. This determination was

9

ny-1171780

made after the holders of the No Liability Claims were given an opportunity to supply additional documentation to substantiate their respective claims. See id. For instance, certain claimants purport to be either the Debtors' vendors, taxing authorities, or service providers and assert claims on this basis; however, based on a diligent review of the Debtors' books and records: (i) there is no record of any invoice amounts owing to the claimant by the Debtors, (ii) the claimant did not attach an invoice to its proof of claim, (iii) the amounts asserted in the proof of claim have been paid and satisfied by the Debtors or the Liquidating Trust, as applicable, and/or (iv) the claim is asserted against a non-Debtor party. See id. For these reasons, as described in greater detail on Exhibit C annexed to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors are not liable to these claimants for the amounts asserted in the respective proofs of claim. See id.

30. Therefore, to avoid the possibility that these claimants receive improper recoveries against the Debtors' estates, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge in their entirety each of the No Liability Claims.

**D.** **The Redesignate and Allow Claim Should Be Redesignated and Allowed As Modified**

31. Based upon its review of Claim Number 4256 filed on the Claims Register, the Liquidating Trust determined that the Redesignate and Allow Claim identified on Exhibit D attached to the Proposed Order was filed, in part, against the incorrect Debtor. See Horst Declaration ¶ 12.

32. In its proof of claim, the holder of the Redesignate and Allow Claim has asserted a liquidated claim amount based on invoices for goods and services provided to the Debtors. After a review of the claimant's supporting documentation and the Debtors' books and records, the Debtors determined that the Redesignate and Allow Claim was partially asserted

10

ny-1171780

against a Debtor that is not entirely liable for the claims asserted therein, and that a different Debtor is partially liable for the claim. See Horst Declaration ¶ 13.

33. The Debtors listed on Exhibit D under the column heading "*Modified Debtor Name*" represent the Debtors that are liable for the Redesignate and Allow Claim, as reflected in the Debtors' books and records as of the Petition Date. See Horst Declaration ¶ 14. The holder of the Redesignate and Allow Claim should not be allowed to recover on a claim from the incorrect Debtor's estate to the detriment of other creditors with valid claims against such Debtor. Accordingly, the Debtors request that this Court modify and allow the Redesignate and Allow Claim against the corresponding Debtors listed on Exhibit D under the column heading "*Modified Debtor Name*."

E.     **The Reduce and Allow Claims Should Be Reduced and Allowed As Modified**

34. Based upon its review of the proofs of claim filed on the Claims Register, the Liquidating Trust determined that each Reduce and Allow Claim identified on Exhibit E attached to the Proposed Order was filed in an amount that is greater than the actual amount for which the Debtors' estates are liable. See Horst Declaration ¶ 15.

35. In their proofs of claim, holders of the Reduce and Allow Claims have asserted liquidated claim amounts based on either (i) invoices for goods or services provided to the Debtors or (ii) outstanding tax liabilities of the Debtors. After a review of the claimants' supporting documentation and the Debtors' books and records, the Liquidating Trust determined that the Reduce and Allow Claims do not reflect the correct amount of liability owed by the Debtors to the claimant because either (i) they are based on outstanding balances that are higher than what is reflected in the Debtors' books and records, or fail to take into account the Debtors' satisfaction of certain claimed liabilities, (ii) are based on information that does not match the Debtors' books and records, and/or (iii) assert claims for invoices not found in the Debtors'

books and records, as set forth on Exhibit E under the column heading "*Reason For Modification.*" See 11 U.S.C. § 502(b); Horst Declaration ¶ 16.

36.  The amounts listed on Exhibit E under the column heading "*Modified Claim Amount*" represent the actual value of the Reduce and Allow Claims as reflected in the Debtors' books and records as of the Petition Date, less any amounts already satisfied after the Petition Date. See Horst Declaration ¶ 17. The holders of the Reduce and Allow Claims should not be allowed to recover more than the value of their claims. Accordingly, in order to properly reflect the actual value of these claims, the Debtors request that this Court reduce each Reduce and Allow Claim to the corresponding amount listed on Exhibit E under the column heading "*Modified Claim Amount*" and allow each such Reduce and Allow Claim only to the extent of such modified amount.

## NOTICE

37.  The Liquidating Trust has served notice of this Objection in accordance with the Case Management Procedures [Docket No. 141] and the Procedures Order. The Liquidating Trust submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an order substantially in the form of the Proposed Order granting the relief requested herein and granting such other relief as is just and proper.

Dated: January 22, 2015
New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
Jessica J. Arett
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to the ResCap Liquidating Trust*

ny-1171780