# Exhibit 1

# Horst Declaration

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP LIQUIDATING TRUST'S EIGHTY-FIRST OMNIBUS OBJECTION TO CLAIMS ((A) DUPLICATE CLAIM; (B) INSUFFICIENT DOCUMENTATION CLAIMS; (C) NO LIABILTY CLAIMS; (D) REDESIGNATE AND ALLOW CLAIM; AND (E) REDUCE AND ALLOW CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1. I am the Chief Claims Officer for The ResCap Liquidating Trust (the "Liquidating Trust"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October of 2013, I became the Chief Claims Officer of ResCap. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery. I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Liquidating Trust's Eighty-First Omnibus Objection to Claims ((A) Duplicate Claim; (B) Insufficient Documentation Claims; (C) No Liability Claims; (D) Redesignate and Allow Claim; and (E) Reduce and Allow Claims)* (the "Objection").[1]

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's employees, professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3. In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E annexed to the Proposed Order. Since the Plan became effective and the Liquidating Trust was established, I, along with other members of the Liquidating Trust's management or other

---

[1] Defined terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

2

ny-1172339

employees of the Liquidating Trust have continued the claims reconciliation process, which includes analyzing claims and determining the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register.

4. Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases. Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

A. **The Duplicate Claim**

5. Based upon its review of the Duplicate Claim, the Liquidating Trust determined that it is identical to the proof of claim designated as Claim No. 2097 filed by the same claimant.

6. The Liquidating Trust believes that it was not the claimant's intention in asserting the Duplicate Claim to seek a double recovery against the Debtors' estates. Instead, the filing of the Duplicate Claim appears to be a function of the claimant filing an additional proof of claim for the same dollar amount, and on account of the same obligation, as reflected in Claim No. 2097. Accordingly, to avoid the possibility of multiple recoveries on a single claim by the same creditor, the Liquidating Trust requests that the Court disallow and expunge in its entirety the Duplicate Claim listed on Exhibit A to the Proposed Order. Claim No. 2097 will remain on the Claims Register subject to further objections on any other basis.

3

ny-1172339

B.  **Insufficient Documentation Claims**

7.  Based upon its review of the proofs of claim filed on the Claims Register maintained by KCC, the Liquidating Trust determined that the Insufficient Documentation Claims listed on Exhibit B to the Proposed Order are claims that should be disallowed and expunged because they lack sufficient documentation to substantiate the asserted claim and are not supported by the Debtors' books and records.

8.  In this case, the claimants who filed the Insufficient Documentation Claims failed to attach any or adequate supporting documentation to demonstrate the validity of their claims. The Liquidating Trust reached out to the holders of the Insufficient Documentation Claims in an effort to obtain information that would support these claims. However, the claimants failed to provide any explanation as to why such documentation is unavailable, and/or were non-responsive. In each case, the Liquidating Trust diligently evaluated any information provided by the claimants in their proofs of claim.

9.  The Liquidating Trust objects to 92 proofs of claim filed by the City of Cleveland, Division of Water ("Division of Water"), as reflected in Exhibit B annexed to the Proposed Order, on the grounds that in each instance, the Division of Water failed to sufficiently provide documents and information in support of its claims. On several occasions in 2013, employees of the Debtors or the Liquidating Trust emailed the Division of Water requesting precise invoices (*i.e.*, bills sent to borrowers) with itemized charges on the Division of Water's purported dates of service so that the Liquidating Trust could determine if any of the Debtors was the owner or servicer of the properties in question. After several months, the Division of Water provided the Liquidating Trust with data from the Division of Water's internal systems; however, none of this information included itemized details of the dates of service or type of

4

service rendered to the Debtors, information that is necessary for the Liquidating Trust to properly research the merits of the claims. The Liquidating Trust's review of the Debtors' books and records indicated no outstanding amounts owing to the Division of Water. Accordingly, because the Division of Water was unable to sufficiently detail and substantiate its claims against the Debtors, its proofs of claim should be disallowed and expunged on the grounds that the claimant did not meet its burden of proof to validate its claims.

10. Therefore, to avoid the possibility that the claimants at issue receive improper recoveries against the Debtors' estates, and to ensure the Debtors' creditors are not prejudiced by such improper recoveries, the Liquidating Trust requests that the Court disallow and expunge in their entirety each of the Insufficient Documentation Claims.

C. **No Liability Claims**

11. The Liquidating Trust diligently analyzed the No Liability Claims and compared the claims set forth therein to the Debtors' books and records. After such review, the Liquidating Trust determined that each of the No Liability Claims is asserted against a Debtor that does not have liability for such claim. This determination was made after the holders of the No Liability Claims were given an opportunity to supply additional documentation to substantiate their respective claims. For instance, certain claimants purport to be either the Debtors' vendors, taxing authorities, or service providers and assert claims on this basis; however, based on a diligent review of the Debtors' books and records: (i) there is no record of any invoice amounts owing to the claimant by the Debtors, (ii) the claimant did not attach an invoice to its proof of claim, (iii) the amounts asserted in the proof of claim have been paid and satisfied by the Debtors or the Liquidating Trust, as applicable, and/or (iv) the claim is asserted against a non-Debtor party. For these reasons, as described in greater detail on Exhibit C

5

ny-1172339

annexed to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors are not liable to these claimants for the amounts asserted in the respective proofs of claim. Therefore, to avoid the possibility that these claimants receive improper recoveries against the Debtors' estates, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge in their entirety each of the No Liability Claims.

### D. The Redesignate and Allow Claim

12. Based upon its review of Claim Number 4256 filed on the Claims Register, the Liquidating Trust determined that the Redesignate and Allow Claim identified on Exhibit D attached to the Proposed Order was filed, in part, against the incorrect Debtor.

13. In its proof of claim, the holder of the Redesignate and Allow Claim has asserted a liquidated claim amount based on invoices for goods and services provided to the Debtors. After a review of the claimant's supporting documentation and the Debtors' books and records, the Liquidating Trust determined that the Redesignate and Allow Claim was partially asserted against a Debtor that is not entirely liable for the claims asserted therein, and that a different Debtor is partially liable for the claim.

14. The Debtors listed on Exhibit D under the column heading "*Modified Debtor Name*" represent the Debtors that are liable for the Redesignate and Allow Claim, as reflected in the Debtors' books and records as of the Petition Date. The holder of the Redesignate and Allow Claim should not be allowed to recover on a claim from the incorrect Debtor's estate to the detriment of other creditors with valid claims against such Debtor. Accordingly, the Liquidating Trust requests that this Court modify and allow the Redesignate

6

ny-1172339

and Allow Claim against the corresponding Debtors listed on <u>Exhibit D</u> under the column heading "*Modified Debtor Name*."

### E. The Reduce and Allow Claims

15. Based upon its review of the proofs of claim filed on the Claims Register, the Liquidating Trust determined that each Reduce and Allow Claim identified on <u>Exhibit E</u> attached to the Proposed Order was filed in an amount that is greater than the actual amount for which the Debtors' estates are liable.

16. In their proofs of claim, holders of the Reduce and Allow Claims have asserted liquidated claim amounts based on either (i) invoices for goods or services provided to the Debtors or (ii) outstanding tax liabilities of the Debtors. After a review of the claimants' supporting documentation and the Debtors' books and records, the Liquidating Trust determined that the Reduce and Allow Claims do not reflect the correct amount of liability owed by the Debtors to the claimant because either (i) they are based on outstanding balances that are higher than what is reflected in the Debtors' books and records, and/or fail to take into account the Debtors' satisfaction of certain claimed liabilities, (ii) are based on information that does not match the Debtors' books and records, and/or (iii) assert claims for invoices not found in the Debtors' books and records, as set forth on <u>Exhibit E</u> under the column heading "*Reason For Modification*."

17. The amounts listed on <u>Exhibit E</u> under the column heading "*Modified Claim Amount*" represent the actual value of the Reduce and Allow Claims as reflected in the Debtors' books and records as of the Petition Date, less any amounts already satisfied after the Petition Date. The holders of the Reduce and Allow Claims should not be allowed to recover more than the value of their claims. Accordingly, in order to properly reflect the actual value of

7

these claims, the Liquidating Trust requests that this Court reduce each Reduce and Allow Claim to the corresponding amount listed on Exhibit E under the column heading "*Modified Claim Amount*" and allow each such Reduce and Allow Claim only to the extent of such modified amount.

18. Based upon these reviews, and for the reasons set forth in the Objection and Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E to the Proposed Order, I have determined that each Claims that are the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 22, 2015

                                                                     /s/ Deanna Horst
                                                                     Deanna Horst
                                                                     Chief Claims Officer for The ResCap Liquidating Trust

ny-1172339