## Exhibit 2

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

----------------------------------------------------------------

## ORDER GRANTING RESCAP LIQUIDATING TRUST'S EIGHTY-FIRST OMNIBUS OBJECTION TO CLAIMS ((A) DUPLICATE CLAIM; (B) INSUFFICIENT DOCUMENTATION CLAIMS; (C) NO LIABILTY CLAIMS; (D) REDESIGNATE AND ALLOW CLAIM; AND (E) REDUCE AND ALLOW CLAIMS)

Upon the *ResCap Liquidating Trust's Eighty-First Omnibus Objection to Claims ((A) Duplicate Claim; (B) Insufficient Documentation Claims; (C) No Liability Claims; (D) Redesignate and Allow Claim; and (E) Reduce and Allow Claims* (the "<u>Objection</u>")[1] of The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging (i) the Duplicate Claim on the grounds that it is substantially duplicative of Claim No. 2097 filed by the same claimant, (ii) the Insufficient Documentation Claims on the grounds that they lack sufficient supporting documentation as to their validity and amount and have no basis in the Debtors' books and records, and (iii) the Books and Records Claims on the basis that the Debtors' books and records reflect no liability for amounts owed for such claims against the Debtors' estates; and modifying

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

and allowing (i) the Redesignate and Allow Claim on the grounds that a portion of the proof of

claim was filed against the incorrect Debtor, and (ii) the Reduce and Allow Claims, on the

grounds that these claims were filed in an amount that is greater than the actual amount for

which the Debtors' estates are liable; all as more fully described in the Objection; and it

appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157

and 1334; and consideration of the Objection and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided,

and it appearing that no other or further notice need be provided; upon consideration of the

Objection and the *Declaration of Deanna Horst in Support of ResCap Liquidating Trust's*

*Eighty-First Omnibus Objection to Claims ((A) Duplicate Claim; (B) Insufficient Documentation*

*Claims; (C) No Liability Claims; (D) Redesignate and Allow Claim; and (E) Reduce and Allow*

*Claims)*, annexed to the Objection as Exhibit 1; and the Court having found and determined that

the relief sought in the Objection is in the best interests of the Liquidating Trust, it's constituents,

the Debtors, and all parties in interest, and that the legal and factual bases set forth in the

Objection establish just cause for the relief granted herein; and after due deliberation and

sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claim

listed on Exhibit A annexed hereto (the "Duplicate Claim") is hereby disallowed and expunged

in its entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit B annexed hereto (collectively, the "Insufficient Documentation Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit C annexed hereto (collectively, the "No Liability Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the claim listed on Exhibit D annexed hereto (the "Redesigate and Allow Claim") is hereby redesignated and allowed as a general unsecured claim in the amount of $2,486.50 against GMAC Mortgage, LLC and $4,112.50 against Residential Funding Company, LLC, and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Claims listed on Exhibit E annexed hereto (the "Reduce and Allow Claims") are hereby reduced and allowed in the amount provided under the column *Modified Claim Amount*, and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A, Exhibit B, Exhibit C, Exhibit D, and Exhibit E annexed to this Order, and the Liquidating Trust and any party in

3

interest's rights to object on any basis is expressly reserved with respect to any such claim not listed on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C, Exhibit D</u>, and <u>Exhibit E</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Claims identified on <u>Exhibit A</u>, <u>Exhibit B</u>, <u>Exhibit C, Exhibit D</u>, and <u>Exhibit E</u> annexed hereto, as if each such Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2015
    New York, New York

                          _____
                          THE HONORABLE MARTIN GLENN
                          UNITED STATES BANKRUPTCY JUDGE

4

## Exhibit A

ny-1172350

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

EIGHTY-FIRST OMNIBUS OBJECTION - DUPLICATE DEBT CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 1 | Obermayer Rebmann Maxwell & Hippel LLP<br>1617 J.F.K. Boulevard<br>One Penn Center, 19th Floor<br>Philadelphia, PA 19103 | 2095 | 11/02/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$7,443.31 General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | Claim duplicative of the surviving Master Proof of Claim 2097 filed by Obermayer Rebmann Maxwell & Hippel LLP |

## **Exhibit B**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | |
| 1 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 789 | 10/03/2012 | $1,302.66 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 2 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 790 | 10/03/2012 | $2,531.99 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 3 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 791 | 10/03/2012 | $182.22 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 4 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 792 | 10/03/2012 | $247.92 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 5 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 793 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$385.73 General Unsecured | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 6 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 794 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$791.31 General Unsecured | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 7 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 795 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$3,764.71 General Unsecured | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 8 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 796 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$444.48 General Unsecured | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 9 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 797 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $1,667.64 General Unsecured | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 10 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 798 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $149.31 General Unsecured | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 11 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 799 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $1,260.28 General Unsecured | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 12 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 800 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $216.97 General Unsecured | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | \
*Claims to be Disallowed and Expunged* | | | | |
| 13 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 801 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $510.71 General Unsecured | | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 14 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 802 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $656.50 General Unsecured | | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 15 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 803 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $102.36 General Unsecured | | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 16 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 804 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $4,644.80 General Unsecured | | Homecomings Financial, LLC | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 17 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 805 | 10/03/2012 | $1,040.16 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 18 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 806 | 10/03/2012 | $2,815.54 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 19 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 807 | 10/03/2012 | $213.79 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 20 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 808 | 10/03/2012 | $90.18 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 21 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 809 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$350.83 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 22 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 810 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$317.97 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 23 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 811 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$338.93 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 24 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 812 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$141.77 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | |
| 25 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 813 | 10/03/2012 | $990.04 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 26 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 814 | 10/03/2012 | $1,316.24 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 27 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 815 | 10/03/2012 | $289.70 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 28 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 816 | 10/03/2012 | $1,575.05 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 29 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 817 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $185.29 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 30 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 818 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $936.50 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 31 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 819 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $282.16 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 32 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 820 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $433.41 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 33 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 821 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $815.09 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 34 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 822 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $549.32 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 35 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 823 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $43.19 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 36 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 824 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $613.38 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 37 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 825 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$907.76 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 38 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 826 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$144.47 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 39 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 827 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$629.49 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 40 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 828 | 10/03/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$392.66 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 41 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 829 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $626.86 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 42 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 830 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $411.62 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 43 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 831 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $662.77 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 44 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 832 | 10/03/2012 | Administrative Priority Administrative Secured Secured Priority $260.12 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 45 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 961 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $5,820.28 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 46 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 962 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $1,904.12 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 47 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 963 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $1,735.98 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 48 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 964 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $692.61 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services.  Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date.  The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 49 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 965 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $185.87 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 50 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 966 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $528.82 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 51 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 967 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $913.15 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 52 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 968 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $1,051.98 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 53 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 969 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $2,434.65 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 54 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 970 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $672.39 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 55 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 971 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $962.96 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 56 | Division of Water PO Box 94540 Cleveland, OH 44101 City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 972 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $123.45 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

Claims to be Disallowed and Expunged

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 57 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 973 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$1,970.97 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 58 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 974 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$4,787.98 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 59 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 976 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$361.28 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 60 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 977 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$629.79 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 61 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 978 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $1,596.30 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 62 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 979 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $264.96 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 63 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 980 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $311.22 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 64 | Division of Water PO Box 94540 Cleveland, OH 44101  City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 981 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $761.07 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 65 | Division of Water PO Box 94540 Cleveland, OH 44101 <br><br> City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 982 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $169.38 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested at least on one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 66 | Division of Water PO Box 94540 Cleveland, OH 44101 <br><br> City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 983 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $291.73 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested at least on one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 67 | Division of Water PO Box 94540 Cleveland, OH 44101 <br><br> City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 984 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $1,089.09 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested at least on one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 68 | Division of Water PO Box 94540 Cleveland, OH 44101 <br><br> City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 1016 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $86.17 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested at least on one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | |
| 69 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 1017 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $5,959.24 General Unsecured | | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 70 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 1018 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $178.99 General Unsecured | | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 71 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 1019 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $261.91 General Unsecured | | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 72 | Division of Water PO Box 94540 Cleveland, OH 44101<br><br>City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 1020 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $596.92 General Unsecured | | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | | | | **Claims to be Disallowed and Expunged** | | | |
| 73 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1022 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$177.03 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 74 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1023 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$48.05 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 75 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1024 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$10,324.46 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 76 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1025 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$214.05 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 77 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1026 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$2,284.32 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 78 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1027 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$317.01 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 79 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1028 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$258.59 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 80 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1029 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$2,433.76 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 81 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1030 | 10/05/2012 | $413.52 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 82 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1031 | 10/05/2012 | $116.81 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 83 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1032 | 10/05/2012 | $1,609.72 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 84 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1033 | 10/05/2012 | $1,541.72 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 85 | Division of Water PO Box 94540 Cleveland, OH 44101 <br><br> City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 1034 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $329.77 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 86 | Division of Water PO Box 94540 Cleveland, OH 44101 <br><br> City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 1035 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $599.60 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 87 | Division of Water PO Box 94540 Cleveland, OH 44101 <br><br> City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 1036 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $472.35 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 88 | Division of Water PO Box 94540 Cleveland, OH 44101 <br><br> City of Cleveland, Division of Water 1201 Lakeside Avenue, 1st Floor SE Cleveland, OH 44114 | 1037 | 10/05/2012 | Administrative Priority Administrative Secured Secured Priority $223.23 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

Claims to be Disallowed and Expunged

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 89 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1038 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$144.84 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 90 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1041 | 10/05/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$350.78 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 91 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1053 | 10/09/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$532.16 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |
| 92 | Division of Water<br>PO Box 94540<br>Cleveland, OH 44101<br><br>City of Cleveland, Division of Water<br>1201 Lakeside Avenue, 1st Floor SE<br>Cleveland, OH 44114 | 1074 | 10/09/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$336.16 General Unsecured | Homecomings | 12-12042 | Liquidating Trust requested on at least one occasion that Claimant provide sufficient claim detail, including past due invoices and bills issued by the Claimant, in order to allow the Trust to examine Debtors' books and records and confirm whether the Debtors had any connection to the underlying properties, at which claimant purportedly provided prepetition services. Information subsequently provided to the Trust did not permit the Trust to confirm whether the Debtors were responsible for payment on account of a specific property at a specific point in time before the Petition Date. The Debtors' books and records do not reflect any prepetition liabilities to the Claimant, and the information provided with the claim, together with the non-specific spreadsheets subsequently provided to the Trust, do not adequately substantiate the purportedly liability quantified in the claim. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-FIRST OMNIBUS OBJECTION - INSUFFICIENT DOCUMENTATION CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 93 | MARINELLI APPRAISAL & REAL PROP SVC 152 E 41ST ST ERIE, PA 16504-2008 | 1374 | 10/18/2012 | Administrative Priority Administrative Secured Secured Priority $1,400.00 General Unsecured | Residential Capital, LLC | 12-12020 | Insufficient Documentation. Given the lack of materials provided by claimant to substantiate its claim, the Liquidating Trust reached out to claimant a number of times, through both email and phone calls, to obtain copies of invoices, loan numbers, or any additional identifying information to research the merits of the claim. Claimant responded that it did not have any additional documentation. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant. |

## **Exhibit C**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT C
EIGHTY-FIRST OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 1 | Aldridge Connors LLP 15 Piedmont Ctr 3575 Piedmont Rd NE Ste 500 Atlanta, GA 30305 | 2083 | 11/01/2012 | Administrative Priority Administrative Secured Secured Priority $12,702.29 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Given the lack of materials provided by claimant to substantiate its claim, the Liquidating Trust requested, on at least one occasion, that claimant provide sufficient claim detail, such as copies of invoices, loan numbers, or any additional identifying information to allow the Trust to research the merits of the claim.  Claimant responded that the claim was paid.  Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any prepetition liabilities. |
| 2 | ALL PRO ROOFING INC 2502 W 45TH AMARILLO, TX 79110 | 1549 | 10/23/2012 | Administrative Priority Administrative Secured Secured Priority $1,166.65 General Unsecured | Residential Capital, LLC | 12-12020 | The Trust's examination of the Debtors' books and records confirmed that there was no record of outstanding prepetition invoices owed to claimant by debtor. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any other prepetition liabilities. |
| 3 | Anchor Title Services, Inc. Daniel C. McCarthy 10216 Bryant Road Lithia, FL 33547 | 2576 | 11/06/2012 | Administrative Priority Administrative Secured Secured Priority $30,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Claimant Anchor Title Service, Inc. alleges that Debtors are responsible for a $24,000 judgment it obtained against non-Debtor owners of "a certain piece of real estate upon which (Debtor) held a mortgage."  Claimant seeks an amount equal to the $24,000 judgment, plus $150 in court costs, $16,170.11 in accrued statutory interest based on 3,056 days at a rate of 8%, for a total of $40,320.10.  The Debtors have no liability for any amount relating to Claimant's judgment because no Debtor is named as defendant in the judgment, no Debtor is, or was, an owner of the property to which Claimant's judgment lien attached, and no Debtor possesses or was ever in possession of proceeds from the alleged property that Claimant was allegedly entitled to by virtue of their judgment.  Debtors currently have no interest in the property as Debtors' lien was released in January 2007 following the short sale of the property in November 2006.  Debtors' lien, which was recorded on March 8, 2002,  preceded Claimant's judgment lien, which was recorded on December 21, 2002.  Accordingly, at the time of short sale, Claimant's judgment lien was subordinate to Debtors' lien.  Because the proceeds of the short sale were insufficient to cover lienholders with a priority lien to Claimant's judgment lien, Claimant was not entitled to any of the proceeds of the short sale.  Notwithstanding the above, Claimant has lost its rights under Indiana state law to require payment on its judgment lien because over 10 years has lapsed since the rendition of Claimant's judgment.  Per Indiana state law (IC 34-55-9-2;  Liens upon real estate and chattels real; Section 2): "All final judgments for the recovery of money or costs in the circuit court and other courts of record of general original jurisdiction in Indiana, whether state or federal, constitute a lien upon real estate and chattels real liable to execution in the county where the judgment has been duly entered and indexed in the judgment docket as provided by law: (1) after the time the judgment was entered and indexed; and (2) until the expiration of ten (10) years after the rendition of the judgment; exclusive of any time during which the party was restrained from proceeding on the lien by an appeal, an injunction, the death of the defendant, or the agreement of the parties entered of record." |
| 4 | ATLAS APPRAISAL INC PO BOX 21821 SANTA BARBARA, CA 93121-1821 | 1096 | 10/10/2012 | Administrative Priority Administrative Secured Secured Priority $8,725.00 General Unsecured | ditech, LLC | 12-12021 | The Trust's examination of the Debtors' books and records confirmed that there was no record of outstanding prepetition invoices owed to claimant by debtor. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any other prepetition liabilities. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT C

EIGHTY-FIRST OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 5 | Atlas Appraisal, Inc.<br>P.O. Box 21821<br>Santa Barbara, CA 93121 | 1144 | 10/10/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$2,975.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | The Trust's examination of the Debtors' books and records confirmed that there was no record of outstanding prepetition invoices owed to claimant by debtor. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any other prepetition liabilities. |
| 6 | CAIRO CITY<br>202 W MARTIN<br>P.O. BOX 14<br>CITY HALL<br>CAIRO, MO 65239 | 5969 | 11/28/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$5,680.82 General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust is unable to identify the Debtors' connection to the property in question in the Debtors' books and records. The Trust requested on several occasions that claimant provide additional claim detail. Claimant indicated that it does not have any additional documentation in support of its claim. |
| 7 | City of Milwaukee - City Treasurer<br>200 East Wells Street - Room 103<br>Milwaukee, WI 53202 | 484 | 09/13/2012 | Administrative Priority<br>Administrative Secured<br>$6,168.88 Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust examined the Debtors' books and records and determined that the taxes asserted in claimant's proof of claim have been paid and satisfied. The Trust notified claimant that the Debtors' records indicate that no amounts are owed to claimant, and claimant, pursuant to its policy to amend paid claims to reflect the satisfaction thereof, filed Claim No. 7480 in the amount of $0.00 to indicate that no amounts are owed by any Debtor to claimant. |
| 8 | City of Milwaukee - City Treasurer<br>200 East Wells Street - Room 103<br>Milwaukee, WI 53202 | 7480 | 12/15/2014 | Administrative Priority<br>Administrative Secured<br>$0.00 Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claim No. 7480 amends Claim No. 484 (City of Milwaukee). The City of Milwaukee would not execute a withdrawal and has a policy to amend paid claims to reflect amounts paid. |
| 9 | City of Newton, MA<br>City of Newton Treasury<br>1000 Commonwealth Avenue<br>Newton, MA 02459 | 407 | 08/15/2012 | Administrative Priority<br>Administrative Secured<br>$24,944.28 Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant verified to the Liquidating Trust that the Debtors paid and satisfied real property taxes for the amount asserted in the claim on 12/5/2012. |
| 10 | DRA CLP Esplanade LP<br>C/O John H. Capitano, Esq.<br>214 N. Tryon Street, 47th Floor<br>Charlotte, NC 28202 | 2076 | 11/01/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | Claimant filed an unliquidated, contingent claim that it described as "protective" and contingent because liability for a Debtor would only exist if there was a default under the lease. Since this claim was filed in November 2012, no representative for the claimant has contacted a representative of the Debtors and identified a default or ever quantified the Debtors' liability (if any). Nor are the Debtors aware of any such default that would trigger the Debtors' liability. Therefore, the claim should be disallowed. |
| 11 | Farmer, Dawn M<br>6741 West Condon Road<br>Janesville, WI 53548 | 630 | 09/21/2012 | $6,827.38 Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant appends to the proof of claim form an "Equi-Vest Quarterly Portfolio Review" account statement related to a retirement program managed by AXA Equitable, a non-Debtor entity. The Trust's examination of the Debtors' books and records confirmed that there was no record of invoices owed to claimant by debtor. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any other prepetition liabilities. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT C

EIGHTY-FIRST OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| 12 | GREEN, KENDALL G<br>23 SPRING CREEK DR<br>TOWNSEND, DE 19734 | 952 | 10/04/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$8,500.00 General Unsecured | Residential Capital, LLC | 12-12020 | Given the lack of materials provided by claimant to substantiate its claim, the Liquidating Trust requested, on at least one occasion, that claimant provide sufficient claim detail, such as copies of invoices, loan numbers, or any additional identifying information to allow the Trust to research the merits of the claim. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any prepetition liabilities. |
| 13 | Hunt Leibert Jacobson, PC<br>Linda J. St. Pierre<br>50 Weston Street<br>Hartford, CT 06120 | 1606 | 10/24/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>$4,577.70 Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Trust's examination of the Debtors' books and records confirmed that there was no record of invoices owed to claimant by debtor. Moreover, the Debtors' Accounts Payable database does not reflect the invoices appended to the claim or any sums owing to this claimant on account of any other prepetition liabilities. |
| 14 | K&L Gates LLP, fka Preston Gates & Ellis LLP<br>David C. Neu<br>925 Fourth Avenue<br>Suite 2900<br>Seattle, WA 98104-1158 | 3678 | 11/08/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$3,642.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Given the lack of materials provided by claimant to substantiate its claim, the Liquidating Trust requested, on at least one occasion, that claimant provide sufficient claim detail, such as copies of invoices, loan numbers, or any additional identifying information to allow the Trust to research the merits of the claim. Claimant provided an invoice for services rendered postpetition in connection with a services agreement related to foreclosure and/or REO activities. However, the invoice was not submitted within the reasonable time following the performance of such services as required by the parties' Attorney Expectation contract, which provides that any untimely submitted invoice is not guaranteed payment. Moreover, the claim is for alleged postpetition services, not prepetition services. The Debtors' books and records do not reflect any sums owing to this claimant on account of any prepetition liabilities, and there is no open balance in the Debtors' Accounts Payable with respect to this claimant. |

Claims to be Disallowed and Expunged

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT C
EIGHTY-FIRST OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| **Claims to be Disallowed and Expunged** | | | | | | | |
| 15 | Kevron, LLC<br>Kevin ODonnell<br>10117 Donegal Court<br>Potomac, MD 20854 | 4161 | 11/09/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant attaches to the proof of claim litigation documents filed in Superior Court of District of Columbia, Case No. 2009-CA-008634, against Debtors Residential Funding and GMAC Mortgage and other non-debtor defendants.  Loan at issue was originated by American Residential Mortgage Corporation on 7/12/2004.  Debtor Residential Funding purchased the loan from American Residential Mortgage and transferred its interest when the loan was securitized on or about 9/1/2004 when JP Morgan Chase Bank, NA was appointed as trustee.  Debtor Homecomings Financial serviced the loan from 8/27/2004 until servicing was transferred to GMAC Mortgage on or about 7/1/2009.  GMAC Mortgage serviced the loan until it was service transferred to Ocwen Loan Servicing, LLC on 2/16/2013.  Claimant is a subsequent purchaser of a tax lien foreclosure, who asserts injunctive/declaratory relief against MERS as potential foreclosing entity on its lien.  Debtors RFC and GMACM were named in the complaint as the alleged investors on the loan based on an incorrect factual assertion that the Debtors asserted an ownership interest in the property.  That fact is not true.  As noted above, the Debtors have only serviced the loan since 2004. There were no direct claims related to any activity of RFC or GMACM; rather, the complaint sought to quiet title and validate the Claimant's purported interest in the subject property.  On or about June 16, 2014 , an Order was entered (upon the consent of all parties) substituting Ocwen Loan Servicing for the Debtors in the litigation. Debtors are no longer a party, nor have any interest, in the litigation which is the basis of the claim. |
| 16 | Kevron, LLC<br>Kevin ODonnell<br>10117 Donegal Court<br>Potomac, MD 20854 | 4165 | 11/09/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 | Claimant attaches to the proof of claim litigation documents filed in Superior Court of District of Columbia, Case No. 2009-CA-008634, against Debtors Residential Funding and GMAC Mortgage and other non-debtor defendants.  Loan at issue was originated by American Residential Mortgage Corporation on 7/12/2004.  Debtor Residential Funding purchased the loan from American Residential Mortgage and transferred its interest when the loan was securitized on or about 9/1/2004 when JP Morgan Chase Bank, NA was appointed as trustee.  Debtor Homecomings Financial serviced the loan from 8/27/2004 until servicing was transferred to GMAC Mortgage on or about 7/1/2009.  GMAC Mortgage serviced the loan until it was service transferred to Ocwen Loan Servicing, LLC on 2/16/2013.  Claimant is a subsequent purchaser of a tax lien foreclosure, who asserts injunctive/declaratory relief against MERS as potential foreclosing entity on its lien.  Debtors RFC and GMACM were named in the complaint as the alleged investors on the loan based on an incorrect factual assertion that the Debtors asserted an ownership interest in the property.  That fact is not true.  As noted above, the Debtors have only serviced the loan since 2004. There were no direct claims related to any activity of RFC or GMACM; rather, the complaint sought to quiet title and validate the Claimant's purported interest in the subject property.  On or about June 16, 2014 , an Order was entered (upon the consent of all parties) substituting Ocwen Loan Servicing for the Debtors in the litigation. Debtors are no longer a party, nor have any interest, in the litigation which is the basis of the claim. |
| 17 | Law Offices of Marshall C. Watson P.A.<br>c/o Scott Weiss, Esq.<br>1800 NW 49th St Ste 120<br>Ft Lauderdale, FL 33309 | 3740 | 11/08/2012 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$21,177.82 General Unsecured | GMAC Mortgage USA Corporation | 12-12031 | The Trust's examination of the Debtors' books and records confirmed that there was no record of outstanding prepetition invoices owed to claimant by debtor. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any other prepetition liabilities. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT C

EIGHTY-FIRST OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | |
| 18 | McCabe, Weisberg & Conway, PC 123 South Broad Street, Suite 1400 Philadelphia, PA 19109 | 2396 | 11/07/2012 | Administrative Priority Administrative Secured Secured Priority $15,928.38 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant provided invoices for services rendered postpetition in connection with a services agreement related to foreclosure and/or REO activities. The Liquidating Trust examined the Debtors' books and records and determined that certain invoices were not submitted within the reasonable time following the performance of such services as required by the parties' Attorney Expectation contract, which provides that any untimely submitted invoice is not guaranteed payment. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any prepetition liabilities, and there is no open balance in the Debtors' Accounts Payable with respect to this claimant. |
| 19 | McCalla Raymer, LLC 6 Concourse Parkway, Suite 3200 Atlanta, GA 30328 | 3866 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority $15,339.73 General Unsecured | Residential Capital, LLC | 12-12020 | The Trust's examination of the Debtors' books and records confirmed that there was no record of outstanding prepetition invoices owed to claimant by debtor. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any other prepetition liabilities. |
| 20 | Obermayer Rebmann Maxwell & Hippel LLP 1617 J.F.K. Boulevard One Penn Center, 19th Floor Philadelphia, PA 19103 | 2097 | 11/02/2012 | Administrative Priority Administrative Secured Secured Priority $7,443.31 General Unsecured | GMAC Mortgage, LLC | 12-12032 | The Trust's examination of the Debtors' books and records confirmed that there was no record of outstanding prepetition invoices owed to claimant by debtor. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any other prepetition liabilities. |
| 21 | Pacific Bell Telephone Company James Grudus, Esq. c/o AT&T Services, Inc One AT&T Way, Room 3A218 Bedminster, NJ 07921 | 3587 | 11/12/2012 | Administrative Priority Administrative Secured Secured Priority $6,184.48 General Unsecured | Residential Capital, LLC | 12-12020 | Claimant provided four invoices in support of its claim. One invoice was directed to Cornerstone Mortgage DBA Residential Mortgage, a non-Debtor entity. Two of the invoices were submitted on account of services purportedly rendered postpetition, but upon the Liquidating Trust's examination of the Debtors' books and records, there is no record of any amounts owing to claimant on account of such services or based on any other prepetition liability of the Debtors. The fourth invoice reflects a property address that the Trust was unable to locate in the Debtors' books and records, and the Trust's research found no record of outstanding prepetition invoices or invoice amounts owed to claimant by any Debtor. |
| 22 | Stern, Lavinthal & Frankenberg, LLC Jeanette F. Frankenberg, Esq. 105 Eisenhower Pkwy, Suite 302 Roseland, NJ 07068 | 4711 | 11/14/2012 | Administrative Priority Administrative Secured Secured Priority $9,555.28 General Unsecured | Residential Capital, LLC | 12-12020 | Given the lack of materials provided by claimant to substantiate its claim, the Liquidating Trust requested, on at least one occasion, that claimant provide sufficient claim detail, such as copies of invoices, loan numbers, or any additional identifying information to allow the Trust to research the merits of the claim. Claimant responded that the claim was paid. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any prepetition liabilities. |
| 23 | SUSAN L JOHNSON AND 5089 BASINVIEW DR WILLIAMS CONSTRUCTION COMPANY NEW ORLEANS, LA 70126 | 2112 | 11/02/2012 | Administrative Priority Administrative Secured Secured Priority $30,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust has requested on at least one occasion that claimant provide sufficient claim detail. Claimant has not provided any response. The Trust's examination of the Debtors' books and records relating to the property address listed in the claim and determined that there was no record of any Debtor servicing a loan related to that property. Moreover, the Debtors' books and records neither reflect any record of a mortgage held by claimant, any affiliated relationship with Williams Construction, nor that any sums are owing to this claimant on account of any prepetition liabilities. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT C

EIGHTY-FIRST OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 24 | TFLG, A Law Corporation formerly known as the Endres Law Firm<br>202 Cousteau Place #260<br>Davis, CA 95618 | 5327 | 11/16/2012 | $138,253.88 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant provided an invoice for services rendered postpetition in connection with a services agreement related to foreclosure and/or REO activities. The invoice was for services performed before the REO and/or servicing was sold/transferred to Ocwen Loan Servicing LLC, but was submitted after the sale/transfer. The Liquidating Trust determined that the invoice was not submitted within the reasonable time following the performance of such services as required by the parties' Attorney Expectation contract, which provides that any untimely submitted invoice is not guaranteed payment Moreover, the claim is for alleged postpetition services, not prepetition services. The Debtors' books and records do not reflect any sums owing to this claimant on account of any prepetition liabilities, and there is no open balance in the Debtors' Accounts Payable with respect to this claimant. |
| 25 | Whispering Firs Home Owners Association<br>c/o Kelly DeLaat-Maher<br>Smith Alling, P.S.<br>1102 Broadway<br>Ste 403<br>Tacoma, WA 98402 | 2419 | 11/05/2012 | $1,200.00<br>$11,173.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The claim relates to a Lien for Assessments on a property that is owned by Rosemary A. Blasco, a non-Debtor. The Liquidating Trust's examination of the Debtors' books and records reflect that there is no record of any Debtor servicing or owning the property at issue. The Trust's examination of the Debtors' books and records also confirmed that there were no outstanding prepetition invoice amounts owed to claimant by debtor. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any other prepetition liabilities. |
| 26 | Wilson & Associates, P.L.L.C.<br>1521 Merrill Dr., Suite D-220<br>Little Rock, AR 72211 | 2091 | 11/01/2012 | $15,918.13 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | The Liquidating Trust has requested on at least one occasion that claimant provide sufficient claim detail. Claimant has not provided any response. The Trust's examination of the Debtors' books and records confirmed that there were no outstanding prepetition invoice amounts owed to claimant by debtor. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any prepetition liabilities. |
| 27 | Wilton Construction Services, Inc.<br>Richard Griffin<br>PO Box 552<br>Midlothian, VA 23113 | 1438 | 10/22/2012 | $5,783.96 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust has requested on at least one occasion that claimant provide sufficient claim detail. The claim relates to a promissory note held by claimant against Net Five Group, LLC, a non-Debtor entity. The Trust's examination of the Debtors' books and records confirmed that there were no outstanding prepetition invoice amounts owed to claimant by debtor. Moreover, the Debtors' books and records do not reflect any sums owing to this claimant on account of any prepetition liabilities. |

## Exhibit D

ny-1172350

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT D

EIGHTY-FIRST OMNIBUS OBJECTION - MODIFY - REDESIGNATE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Modified Debtor Name | Modified Case Number | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | WOODEN & MCLAUGHLIN LLP ONE INDIANA SQUARE SUITE 1800 INDIANAPOLIS, IN 46204-4208 | 4256 | 11/09/2012 | | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 $0.00 $0.00 $0.00 $2,486.50 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Allowed portion of claim due to different balances in the claim as compared to the Debtors' books and records. Claim partially asserted against the wrong debtor entity. |
| | | | | $6,599.00 | | | | $0.00 $0.00 $0.00 $0.00 $4,112.50 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Funding Company, LLC | 12-12019 | Allowed portion of claim due to different balances in the claim as compared to the Debtors' books and records. Claim partially asserted against the wrong debtor entity. |

**<u>Exhibit E</u>**

ny-1172350

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT E

EIGHTY-FIRST OMNIBUS OBJECTION - MODIFY - REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|---|---|---|
| 1 | Fein, Such, Kahn & Shepard P.C. 7 Century Drive Parsippany, NJ 07054 | 434 | 08/24/2012 | Administrative Priority Administrative Secured Secured Priority $55,870.77 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $9,450.50 General Unsecured | Reduce and allow. Books and records research found no record of certain invoices included in the claim, owed to claimant by debtor. Other invoices were marked as paid; certain invoices remain open in the amount $9,450.50. |
| 2 | Kelly Hart & Hallman LLP Attn Kristi Hudson 201 Main Street, Suite 2500 Fort Worth, TX 76102 | 387 | 08/08/2012 | Administrative Priority Administrative Secured Secured Priority $4,754.95 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $2,887.50 General Unsecured | Reduced claim due to (1) different balances in the claim vs in books and records and (2) invoice(s) paid. |
| 3 | Maricopa County Treasurer Lori A. Lewis Maricopa County Attorneys Office 222 N. Central Avenue, Suite 1100 Phoenix, AZ 85004 | 93 | 06/15/2012 | Administrative Priority Administrative Secured $90,850.85 Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority $0.00 Administrative Secured $1,414.36 Secured $0.00 Priority $0.00 General Unsecured | Claimant's Tax Website indicates only 1 of 54 properties included in POC have outstanding taxes due. Multiple attempts made to contact Claimant to reconcile without response. Allow $1,414.36 on parcel 107-06-028 |
| 4 | Monty Allen & Heather Allen 612 E. Puritan Ave. Muscle Shoals, AL 35661 | 6768 | 02/25/2013 | Administrative Priority Administrative Secured Secured Priority $175,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $24,000.00 General Unsecured | On April 21, 2009 Claimants filed litigation against Debtor Homecomings Financial and others in the Circuit Court of Lauderdale County, AL as Case No. CV-2009-900073. The complaint alleges causes of action for breach of contract, fraud and reckless misrepresentation. The Claimants were potential purchasers of an REO property serviced by Debtor. Claimants signed a contract and addendum on May 17, 2007 and the closing was scheduled for June 14, 2007. On June 5, 2007, a non-related third party sent a letter to Debtor stating that they have obtained the right to redeem from the borrower and intend to redeem. The property was taken off the market, and Debtor cancelled the contract and returned the earnest money to Claimants. Debtor never received redemption funds from the purported redeemer. The property went back on the market on September 19, 2007, and in December 2007, the Claimants submitted the same offer of $125,000 that was given in the May contract, and asserted that he had an enforceable contract from May 2007. He was informed there were multiple offers, and the highest and best would be chosen. The Claimants did not change their offer and were outbid. The property sold to another bona fide purchaser on or about January 8, 2008 for $127,000.

The Claimants only damages are the difference between the appraised market value of the property at the time of the scheduled closing date, which, according to an appraisal provided by the Claimant, was $149,000, and the contract purchase price of $125,000. Therefore, the Claimants are entitled to an allowed general unsecured claim of $24,000. |
| 5 | Snow Christensen & Martineau Kim R. Wilson P.O. Box 45000 Salt Lake City, UT 87145 | 3703 | 11/08/2012 | Administrative Priority Administrative Secured Secured Priority $6,895.50 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $3,485.20 General Unsecured | Reduced claim due to different balances in the claim vs in books and records. |