**Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NUMBER 2267 FILED BY ABOSEDE EBOWEME**

Upon the objection (the "<u>Objection</u>")[1] of The ResCap Borrower Claims Trust (the "<u>Borrower Trust</u>"), as successor to Residential Capital, LLC, and its affiliated debtors and debtors in possession (collectively, the "<u>Debtors</u>") with respect to Borrower Claims, to Claim No. 2267 and request for entry of an order (the "<u>Order</u>") pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007 seeking to disallow and expunge the Claim, all as more fully set forth in the Objection; and the Court having jurisdiction to consider the Objection and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Objection having been provided; and upon consideration of the Objection, the Declaration of Kathy Priore, annexed to the Objection as <u>Exhibit 3</u>, and the Declaration of Jon H. Patterson, annexed to the Objection as <u>Exhibit 4</u>; and the Court having determined that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and it appearing that the relief requested in the Objection is in the best interests of the Borrower

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

ny-1160150

Trust, the Borrower Trust's beneficiaries, the Debtors, their estates and other parties in interest; and responses to the Objection, if any, having been resolved, withdrawn or otherwise overruled by this Order; and after due deliberation and sufficient cause appearing therefore, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT**:

1. The relief requested in the Objection is GRANTED as set forth herein.

2. Claim No. 2267 is hereby disallowed and expunged in its entirety. Specifically, the proof of claim designated as Claim No. 2267 shall no longer be maintained on the Debtors' Claims Register and Kurtzman Carson Consultants LLC, the Claims and Noticing Agent, is directed to disallow and expunge the Claim.

3. Entry of this Order is without prejudice to the Borrower Trust's right to object to any other claims in the Debtors' Chapter 11 Cases.

4. The Borrower Trust and the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

5. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order and the Local Rules of this Court are satisfied by such notice.

6. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the interpretation or implementation of this Order.

Dated: _____, 2015
      New York, New York

                                        THE HONORABLE MARTIN GLENN
                                        UNITED STATES BANKRUPTCY JUDGE

3