**<u>Exhibit 4-A</u>**

**Eboweme Petition in Wrongful Foreclosure Action**

## *CITATION*

Cause No. 342-258269-12

ABOSEDE EBOWEME

VS.

GMAC, ET AL

ISSUED

This 7th day of March, 2012

Thomas A. Wilder
Tarrant County District Clerk
200 E WEATHERFORD
FORT WORTH TX 76196-0402

By       KIMBERLY KRUMLAND Deputy

PRO SE
Name: ABOSEDE EBOWEME
(214)317-2811
Address: 4617 COVINGTON CT

GRAND PRAIRIE, TX 75052

## *CIVIL LAW*



*34225826912000002*

THE STATE OF TEXAS
DISTRICT COURT, TARRANT COUNTY

## CITATION    Cause No. 342-258269-12

ABOSEDE EBOWEME
VS.
GMAC, ET AL

TO: GMAC

B/S MR CHRISTOPHER FERGUSON, ATTY PO BOX 815369 DALLAS, TX 75381-

You said DEFENDANT are hereby commanded to appear by filing a written answer to the PLAINTIFF'S ORIGINAL PETITION FOR WRONGFUL FORECLOSURE AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF at or before 10 o'clock A.M. of the Monday next after the expiration of 20 days after the date of service hereof before the 342nd District Court in and for Tarrant County, Texas, at the Courthouse in the City of Fort Worth, Tarrant County, Texas said PLAINTIFF being

ABOSEDE EBOWEME

Filed in said Court on March 6th, 2012 Against
GMAC, BANK OF AMERICA, BANK OF NEW YORK MELLON, CHRISTOPHER FERGUSON

For suit, said suit being numbered 342-258269-12 the nature of which demand is as shown on said
PLAINTIFF'S ORIGINAL PETITION FOR WRONGFUL FORECLOSURE AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF a copy of which accompanies this citation.

PRO SE
Attorney for ABOSEDE EBOWEME  Phone No. (214)317-2811
Address        4617 COVINGTON CT GRAND PRAIRIE, TX 75052

_____Thomas A. Wilder_____, Clerk of the District Court of Tarrant County, Texas. Given under my hand and the seal of said Court, at office in the City of Fort Worth, this the 7th day of March, 2012.

By _____ Deputy
KIMBERLY KRUMLAND

NOTICE: You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 AM. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you.

Thomas A. Wilder, Tarrant County District Clerk, 200 E WEATHERFORD, FORT WORTH TX 76196-0402

## OFFICER'S RETURN

Received this Citation on the _____ day of _____, _____ at _____ o'clock ___M; and executed at _____ within the county of _____, State of _____ at _____ o'clock ___M on the _____ day of _____, _____ by mailing to the within named _____

a true copy of this Citation together with the accompanying copy of PLAINTIFF'S ORIGINAL PETITION FOR WRONGFUL FORECLOSURE AND APPLICATION FOR TEMPORARY RESTRAINING ORDER AND INJUNCTIVE RELIEF having first endorsed on same the date of delivery.

_____
Deputy/Constable/Sheriff: _____
County of _____ State of _____
By _____ Deputy

Fees $_____ _____
State of _____ County of _____ (Must be verified if served outside the State of Texas)
Signed and sworn to by the said _____ before me this _____ day of _____, ____
to certify which witness my hand and seal of office
(Seal)
_____
County of _____, State of _____

Abosede Ebowemo  
Plaintiff.

GMAC Bank of America.

Bank of New York Mellon F/K/A Bank.

342 258269 12

*Affidavit of Inability to Pay*

IN THE DISTRICT COURT OF TARRANT COUNTY JUDICIAL DISTRICT

FILED TARRANT COUNTY 2012 MAR -6 P 4:31 THOMAS A. WILDER DISTRICT CLERK

JURY TRIAL REQUESTED

Plaintiff Original Petition for Wrongful Foreclosure and Application for Temporary Restraining Order and Injunctive Relief.

To the Honorable Judge of Said Court.

Come Now Plaintiff Abosede Ebowemo file this Petition for

Wrongful Foreclosure and application for Temporary restraining Order and Injunctive Relief in the interest of justice and fairness, and ask the Honorable Court to find favor for Plaintiff and against GMAC, Bank of America, Bank of New York, Mellon FKA Bank and Mr Ferguson Christopher.

All Defendants have ~~put~~ purposefully, intentionally and wrongfully instructed

and carried out a collective action by way of a foreclosure and substitute Trustee's Non Judicial foreclosure sale in violation of the Texas Finance code Section 392.30 (8) and 392.304 and other various state laws

My house was foreclosed on while I was in Bankruptcy and paying GMAC,

Ownership of not and mortgage was it properly documented,

Bank of America took me to court, they were not

4

able to prove that I was not paying because I had the checks from the bank, where they collected it. Then the stopped taking my checks, I mean cashing it, while still taking money from the bankruptcy trustee. Then they stopped and later started taking money from the trustee again.

On August 30th 2010 GMAC took me to court again, the Judge did not rule on the case until Feb. 14th 2011 Bank of America wanted me to pay what the original 14% Rate was.

5

I refused, I wanted a Fixed Rate, based on my original credit score of 850.

Did Foreclosure sale occur when loss litigation solution were still under consideration? Bank of America defrauded many, and I am one of them.

On October 31st 2008 GMAC sent me a letter for Adjustable Rate Loan Modification Agreement, I refused to accept it, I wanted a fixed rate.

I did not know when my house

was really foreclosed. I was never ~~told~~ told that.

I did not sign any agreement with Bank of America, GMAC or Bank of New York. I asked for Mortgage Service Agreement as required by RESPA, Bank of America failed to provide it.

Did Bank of America just fined three million dollars fraud?

GMAC claims are barred because of unclean hands. GMAC claims are barred

by terms of the loan fraudulent documents.

## COUNT 1: WRONGFUL FORECLOSURE

The Defendants foreclosure action was wrongful. The Deed of Trust is not enforceable due to the lack of ownership in the note by the Defendants and if such lawful owner of the indebtedness was to prove up a proper Note, bifurcation of the note and security instrument has been proved by an assignment of the mortgage by an intrusive

8

non-party that was not "Holder in Due Course".

## Intentional Infliction of Emotional Distress

This wrongful foreclosure upon my home, intentional or recklessly engage in extreme and outrageous conduct to cause me emotional distress. The emotional distress that I suffered as a result of their conduct was sever.

Notice, amounts, calculation of the default period, were they in accordance with Texas law and the terms of the loan in my non judicial foreclosure?

Fees and or penalties were they in accordance with the terms of the loan documents, state or Federal law or otherwise unreasonable?

Frequency of fees were excessive

Loss litigation were they handled in accordance with the policies and procedures?

Financial and mental injury to me from this wrongful foreclosure

Promissory notes can be transferred lawfully without a written assignment or an endorsement by the legal owner or holder. <u>Waters v. Waters</u>, 498 S.W.2d 236, 241 (Tex.Civ.App.-Tyler 1973, writ ref'd n.r.e.); see also <u>Christian v. University Federal Savings Association</u>, 792 S.W.2d at 534. Absent an endorsement, however, possession must be accounted for by proving the transaction through which the note was acquired. Tex. Bus. & Com.Code Ann. § 3.201(c), Comment 8 (Vernon 1968); <u>Lawson v. Finance America Private Brands, Inc.</u>, 537 S.W.2d at 485. Appellee has presented no proof of any transfer that would vest in it ownership rights sufficient to enforce payment of the note. See *Northwestern National Insurance Company v. Crockett*, 857 S.W.2d 757, 758 (Tex.App.-Beaumont 1993, no writ).

. <u>Shepard v. Boone</u>, 99 S.W.3d 263, 265-266 (Tex.App. - Eastland 2003).

<u>Producing Cause.</u>  Plaintiff would show that the acts, practices, and/or omissions complained of were the producing causes of Plaintiff's damages more fully described herein.

<u>Written Notice Not Given.</u>  Plaintiff's have not timely notified Defendants of such complaint pursuant to Section 17.505(a) of the Texas Business and Commerce Code. However, pursuant to Section 17.505(b) of the Texas Business and Commerce Code, the giving of 60 days' written notice is impracticable by reason of the necessity of filing suit in order to prevent irreparable damage to Plaintiffs', and because a consumer's claim is asserted as a response to actions taken by Defendants.

## APPLICATION FOR TEMPORARY RESTRAINING ORDER

Plaintiffs' requests this Honorable Court to restrain Defendants, or any of them, Defendants' officers, agents, servants, employees, and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the subject property, reporting the subject

Original Petition for Wrongful Foreclosure

property for any other sale, or otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the subject property during the pendency of this cause. Unless this Honorable Court immediately restrains Defendants, or any of them, Defendants' officers, agents, servants, employees, and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the subject property, reporting or listing the subject property for any other sale, or otherwise disturbing or attempting to disturb Plaintiff's peaceable possession and enjoyment of the subject property during the pendency of this cause, Plaintiff will suffer immediate and irreparable injury, for which there is no adequate remedy at law to give Plaintiff complete and final relief. More specifically, Plaintiffs' will show unto this Court the following:

(a)    The harm to Plaintiffs' is imminent because Plaintiffs' property is at immediate risk of re-sale, alteration, or destruction whereupon Plaintiffs' would lose the ability to recover her property should Plaintiffs' prevail in this action.

(b)    There is no adequate remedy at law that will give Plaintiffs' complete and final relief if the Temporary Restraining Order is not granted, and any transfer, alteration, or destruction of the property is allowed to occur.

(c)    Plaintiffs' are willing to post a reasonable temporary restraining order bond and hereby request this Honorable Court to set such bond at a reasonable amount.

(d)    Plaintiffs' have met their burden by establishing each element that must be present before injunctive relief can be granted by this Court, and Plaintiff's therefore are entitled to the requested temporary restraining order.

Plaintiffs' are likely to succeed on the merits of this lawsuit.

Original Petition for Wrongful Foreclosure

*12*

## CONCLUSION

When the Court takes into account the Statutes and Case Law and applies them to the facts of this case and the documents relied on by the Plaintiffs', it is clear why it is necessary for the "Holder" who is authorizing the collection of the Note be required to prove they are the Holder of the ink-signed Original Note with a valid perfected security interest. No such evidence exists.

Defendants through their actions of attempting an assignment of a non valid security instrument, and with reference to public records, there is proof of bifurcation or separation of the security instrument from the note. This action by 3rd parties or the lack of action thereof has rendered the security instrument a nullity, leaving only an unsecured indebtedness of the negotiable instrument that could only be enforced by the original Creditor through legal avenues.

## PRAYER FOR RELIEF

**WHEREFORE PLAINTIFF RESPECTFULLY REQUESTS:**

1. That this Petition be filed and that a day be appointed for a hearing on this matter;

2. That a temporary restraining order will be issued, restraining Defendants, or any of them, Defendants' officers, agents, servants, employees, and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the subject property, reporting or listing the subject property for any other sale, or otherwise disturbing or attempting to disturb Plaintiffs' peaceable possession and enjoyment of the subject property during the pendency of this cause;

3. That the Court *Please waive the bond* for the temporary restraining order;

Original Petition for Wrongful Foreclosure

13

4. That, after notice and hearing, the Court set aside the Substitute Trustee's Sale of the above-specified property and issue a temporary injunction enjoining and restraining Defendants, or any of them, Defendants' officers, agents, servants, employees, successors and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the subject property, reporting the subject property for any other sale, or from otherwise disturbing or attempting to disturb Plaintiffs' peaceable possession and enjoyment of the subject property during the pendency of this cause;

5. That, after trial on the merits, the Court permanently enjoin Defendants, or any of them, Defendants' officers, agents, servants, employees, successors and assigns, constables, sheriffs, Justices of the Peace, and attorneys from directly or indirectly taking, leasing, encumbering, selling, taking possession of, altering, or destroying the subject property of the subject property, reporting the subject property for any other sale, or otherwise disturbing or attempting to disturb Plaintiffs' peaceable possession and enjoyment of the property;

6. Damages in an amount not to exceed the jurisdictional limits of this Court;

7. Economic Damages;

8. Punitive Damages;

9. Additional Treble Damages for all intentional and knowing violations;

10. Exemplary Damages;

11. Equitable Relief;

12. Costs of Court; and

13. All other relief to which Plaintiffs' are entitled;

14. Plaintiffs' pray for general relief.

Original Petition for Wrongful Foreclosure

25

14

Respectfully submitted

Abosede Eboweme

ABOSEDE EBOWEME