**Exhibit 7**

**BoA's Motions for Relief from Stay**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS - FT. WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-41144-DML13 |
| | § | |
| ABOSEDE EBOWEME, | § | CHAPTER 13 |
| | § | |
| Debtor(s). | § | |
| | § | HEARING DATE: July 30, 2009 |
| BANK OF AMERICA, NATIONAL | § | HEARING TIME: 9:30AM |
| ASSOCIATION AS SUCCESSOR BY | § | JUDGE: Honorable D. Michael Lynn |
| MERGER TO LASALLE BANK | § | |
| NATIONAL ASSOCIATION AS | § | |
| TRUSTEE FOR RAMP 2007RP2, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | |
| | § | |
| ABOSEDE EBOWEME; and TIM | | |
| TRUMAN, Trustee, | | |
| | | |
| Respondents. | | |

**MOTION OF BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RAMP 2007RP2,
FOR RELIEF FROM STAY AND CO-DEBTOR STAY OF ACT AGAINST PROPERTY**

PURSUANT TO LOCAL BANKRUPTCY RULE 4001(b), AN ANSWER IS REQUIRED. THE TRUSTEE (IF ONE HAS BEEN APPOINTED), OR THE DEBTOR SHALL FILE AN ANSWER TO ANY MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN TWELVE (12) DAYS FROM THE SERVICE OF THE MOTION.* THE DEBTOR'S ANSWER SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. IF THE DEBTOR DOES NOT FILE AN ANSWER AS REQUIRED, THE ALLEGATIONS SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

\*UNDER BANKRUPTCY RULE 9006(e), SERVICE BY MAIL IS COMPLETE UPON MAILING; UNDER BANKRUPTCY RULE 9006(f),

THREE (3) DAYS ARE ADDED TO THE PERIOD FOR ANSWER OR OTHER RESPONSE WHEN SERVICE IS BY MAIL.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RAMP 2007RP2 (hereinafter "Movant"), secured creditor and party in interest to the above-styled proceeding, and files this Motion for Relief From Stay and Co-Debtor Stay of Act Against Property. In support of its Motion, Movant would respectfully show the Court as follows:

I. JURISDICTION

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§§105, 362, and 1301.

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(G).

II. FACTS

1. On or about February 27, 2009, Abosede Eboweme ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, thereby initiating the above-styled bankruptcy case. Tim Truman is the duly appointed and acting trustee.

2. On February 25, 2002, Debtor and Ayo Eboweme (collectively the "Borrowers") executed a Note ("Note") in the original principal amount of $123,500.00, payable to the order of Aegis Mortgage Corporation ("Lender").

3. Concurrently with the execution of the Note, Borrowers executed a Deed of Trust granting Lender a lien on certain real property located at 4617 Covington Court, Grand Prairie,

Texas 75052 (hereinafter the "Property"), to secure payment of the Note. The Deed of Trust grants Lender a lien on the Property described as follows:

> LOT 23, BLOCK X, OF OAK HOLLOW - PHASE FOUR, AN ADDITION TO THE CITY OF GRAND PRAIRIE, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 388-160, PAGES 60 AND 61, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS.

The Deed of Trust was duly recorded in Tarrant County Deed Records.

4. Subsequently, all beneficial interest in the Note and the Deed of Trust was sold, assigned and transferred to Movant.

5. Debtor is in default on the obligation to Movant in that Debtor has failed to make installment payments when due and owing pursuant to the terms of the above-described Note.

6. As of July 1, 2009, the status of the indebtedness is as follows:

    a. Debtor is due for the March 1, 2009, post-petition payment and subsequent months. The total post-petition arrearage is in the amount of $11,188.17, consisting of one (1) payment in the amount of $2,259.09, four (4) payments in the amount of $2,178.21 each, and late charges in the amount of $216.24. The unpaid principal balance due and owing to Movant on the Note is $117,325.34. Additional fees include Movant's attorneys' fees and costs.

7. Movant would allege that the Fair Market Value of the Property is $127,000.00, based on Debtor's Bankruptcy Schedules A and D.

8.  Based on the above, Movant maintains that the equity in the Property is as follows:

|  |  |
|---|---|
| Fair Market Value: | $127,000.00 |
| Less: |  |
| Movant's Trust Deed (principal only) | 117,325.34 |
| Tarrant County Tax Assessor | $2,639.77 |
| Costs of Sale (8%) | $10,160.00 |
| Equity in the Property: | $<3,125.11> |

As a result, there is no equity in the Real Property to be realized by the Debtor or the bankruptcy estate. Further, as the Debtor is unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from stay under 11 United States Code section 362(d)(2).

9.  If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss and damage.

### III. RELIEF FROM THE STAY AND CO-DEBTOR STAY

1.  Movant requests that this Honorable Court terminate the automatic stay and co-debtor stay pursuant to the provisions of the Bankruptcy Code to allow Movant to exercise all of its rights and remedies against the Debtor under state law, including, inter alia, foreclosing its lien on the Property.

2.  Movant alleges that cause exists for the lifting of the stay and Movant's interest is not adequately protected.

3.  It has been necessary for Movant to hire Pite Duncan, LLP to collect the debt owed to it through this Court. Pursuant to the Note and Deed of Trust, Movant is entitled to reimbursement of its reasonable attorneys' fees for their services.

4. Movant requests that an order granting its motion for relief from automatic stay, if such order should be entered, will be effective immediately upon entry and, pursuant to Rule 4001(a)(3), enforcement of such Order will not be stayed until the expiration of ten days after entry of the Order.

WHEREFORE, PREMISES CONSIDERED, Movant prays that this Court enter an Order granting relief from the automatic stay to allow Movant to exercise and enforce all its rights and remedies against the Debtor as a secured creditor and perfected lienholder to the Property; including, but not limited to, payment of reasonable bankruptcy attorney fees and costs, foreclosure and disposition of the Property, payment of costs, expenses and reasonable attorneys' fees in accordance with the terms of the Note and Deed of Trust, and for such other relief to which Movant may be justly entitled, either at law or in equity.

Respectfully submitted,

**Pite Duncan, LLP**

By: /s/ Tracy D. Mabry
SBOT 24055887
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Email: ecftxnb@piteduncan.com
Telephone: (858)750-7600
Facsimile: (619) 590-1385
**ATTORNEYS FOR MOVANT**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Special Notice and Service of Papers and Reservation of Rights; Motion for Relief From Stay and Co-Debtor Stay of Act Against Property; Affidavit in support thereof; Notice of Hearing for Relief; and Certificate of Conference on Motion For Relief From Stay and Co-Debtor Stay of Act Against Property was served on the following parties at the addresses indicated by deposit in the United States Mail, first class postage prepaid and or by electronic notice.

**DEBTOR(S)**

Abosede Eboweme
4617 Covington Court
Grand Prairie, TX 75052

**DEBTOR(S) ATTORNEY**

William P. Rossini
Rossini, PLLC
1201 Main Street, Suite 2470
Dallas, TX 75202

**CHAPTER 13 TRUSTEE**

Tim Truman
6851 N.E. Loop 820
Suite 300
Fort Worth, TX 76180-6608

**U.S. TRUSTEE**

U.S. Trustee
Department of Justice
1100 Commerce Street, Room 976
Dallas, TX 75242-1496

**LIENHOLDER(S)**

Tarrant County Tax Assessor
100 E. Weatherford
Ft. Worth, TX 76196

Arlington ISD
c/o Elizabeth Banda
Perdue, Brandon, Fielder, Collins & Mott, LLP
P.O. Box 13430
Arlington, TX 76094-0430

Dallas County/Tarrant County
Linebarger, Goggan, Blair & Sampson, LLP
2323 Bryan Street Suite 1600
Dallas, TX 75201

GE Money Bank
c/o Recovery Management Systems Corp.
Attn:Ramesh Singh
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

**CO-BORROWER(S)**

Ayo Eboweme
4617 Covington Court
Grand Prairie, TX 75052


/s/Tracy D. Mabry
SBOT 24055887
**ATTORNEY FOR MOVANT**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF TEXAS - FT. WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 09-41144-DML13 |
| | § | |
| ABOSEDE EBOWEME, | § | CHAPTER 13 |
| | § | |
| Debtor(s). | § | |
| | § | HEARING DATE: July 30, 2009 |
| BANK OF AMERICA, NATIONAL | § | HEARING TIME: 9:30AM |
| ASSOCIATION AS SUCCESSOR BY | § | JUDGE: Honorable D. Michael Lynn |
| MERGER TO LASALLE BANK | § | |
| NATIONAL ASSOCIATION AS | § | |
| TRUSTEE FOR RAMP 2007RP2, | § | |
| | § | |
| Movant, | § | |
| | § | |
| v. | § | |
| | § | |
| ABOSEDE EBOWEME; and TIM | | |
| TRUMAN, Trustee, | | |
| | | |
| Respondents. | | |

**MOTION OF BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RAMP 2007RP2,
FOR RELIEF FROM STAY AND CO-DEBTOR STAY OF ACT AGAINST PROPERTY**

PURSUANT TO LOCAL BANKRUPTCY RULE 4001(b), AN ANSWER IS REQUIRED. THE TRUSTEE (IF ONE HAS BEEN APPOINTED), OR THE DEBTOR SHALL FILE AN ANSWER TO ANY MOTION FOR RELIEF FROM THE AUTOMATIC STAY WITHIN TWELVE (12) DAYS FROM THE SERVICE OF THE MOTION.* THE DEBTOR'S ANSWER SHALL INCLUDE A DETAILED AND COMPREHENSIVE STATEMENT AS TO HOW THE MOVANT CAN BE "ADEQUATELY PROTECTED" IF THE STAY IS TO BE CONTINUED. IF THE DEBTOR DOES NOT FILE AN ANSWER AS REQUIRED, THE ALLEGATIONS SHALL BE DEEMED ADMITTED, UNLESS GOOD CAUSE IS SHOWN WHY THESE ALLEGATIONS SHOULD NOT BE DEEMED ADMITTED, AND AN ORDER GRANTING THE RELIEF SOUGHT MAY BE ENTERED BY DEFAULT.

*UNDER BANKRUPTCY RULE 9006(e), SERVICE BY MAIL IS COMPLETE UPON MAILING; UNDER BANKRUPTCY RULE 9006(f),

THREE (3) DAYS ARE ADDED TO THE PERIOD FOR ANSWER OR OTHER RESPONSE WHEN SERVICE IS BY MAIL.

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW BANK OF AMERICA, NATIONAL ASSOCIATION AS SUCCESSOR BY MERGER TO LASALLE BANK NATIONAL ASSOCIATION AS TRUSTEE FOR RAMP 2007RP2 (hereinafter "Movant"), secured creditor and party in interest to the above-styled proceeding, and files this Motion for Relief From Stay and Co-Debtor Stay of Act Against Property. In support of its Motion, Movant would respectfully show the Court as follows:

I. JURISDICTION

1. This Court has jurisdiction of this matter pursuant to 28 U.S.C. §1334 and 11 U.S.C. §§§105, 362, and 1301.

2. This is a core proceeding under 28 U.S.C. §157(b)(2)(G).

II. FACTS

1. On or about February 27, 2009, Abosede Eboweme ("Debtor") filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code, thereby initiating the above-styled bankruptcy case. Tim Truman is the duly appointed and acting trustee.

2. On February 25, 2002, Debtor and Ayo Eboweme (collectively the "Borrowers") executed a Note ("Note") in the original principal amount of $123,500.00, payable to the order of Aegis Mortgage Corporation ("Lender").

3. Concurrently with the execution of the Note, Borrowers executed a Deed of Trust granting Lender a lien on certain real property located at 4617 Covington Court, Grand Prairie,

Texas 75052 (hereinafter the "Property"), to secure payment of the Note. The Deed of Trust grants Lender a lien on the Property described as follows:

> LOT 23, BLOCK X, OF OAK HOLLOW - PHASE FOUR, AN ADDITION TO THE CITY OF GRAND PRAIRIE, TARRANT COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF RECORDED IN VOLUME 388-160, PAGES 60 AND 61, OF THE PLAT RECORDS OF TARRANT COUNTY, TEXAS.

The Deed of Trust was duly recorded in Tarrant County Deed Records.

4. Subsequently, all beneficial interest in the Note and the Deed of Trust was sold, assigned and transferred to Movant.

5. Debtor is in default on the obligation to Movant in that Debtor has failed to make installment payments when due and owing pursuant to the terms of the above-described Note.

6. As of July 1, 2009, the status of the indebtedness is as follows:

    a. Debtor is due for the March 1, 2009, post-petition payment and subsequent months. The total post-petition arrearage is in the amount of $11,188.17, consisting of one (1) payment in the amount of $2,259.09, four (4) payments in the amount of $2,178.21 each, and late charges in the amount of $216.24. The unpaid principal balance due and owing to Movant on the Note is $117,325.34. Additional fees include Movant's attorneys' fees and costs.

7. Movant would allege that the Fair Market Value of the Property is $127,000.00, based on Debtor's Bankruptcy Schedules A and D.

8. Based on the above, Movant maintains that the equity in the Property is as follows:

| | |
|---|---:|
| Fair Market Value: | $127,000.00 |
| Less: | |
| Movant's Trust Deed (principal only) | 117,325.34 |
| Tarrant County Tax Assessor | $2,639.77 |
| Costs of Sale (8%) | $10,160.00 |
| Equity in the Property: | $<3,125.11> |

As a result, there is no equity in the Real Property to be realized by the Debtor or the bankruptcy estate. Further, as the Debtor is unable to service the debt on the Real Property, Movant contends that the Real Property is not necessary for an effective reorganization. Therefore, Movant is entitled to relief from stay under 11 United States Code section 362(d)(2).

9. If Movant is not allowed to regain possession of and to foreclose on the Real Property it will suffer irreparable injury, loss and damage.

### III. RELIEF FROM THE STAY AND CO-DEBTOR STAY

1. Movant requests that this Honorable Court terminate the automatic stay and co-debtor stay pursuant to the provisions of the Bankruptcy Code to allow Movant to exercise all of its rights and remedies against the Debtor under state law, including, inter alia, foreclosing its lien on the Property.

2. Movant alleges that cause exists for the lifting of the stay and Movant's interest is not adequately protected.

3. It has been necessary for Movant to hire Pite Duncan, LLP to collect the debt owed to it through this Court. Pursuant to the Note and Deed of Trust, Movant is entitled to reimbursement of its reasonable attorneys' fees for their services.

4.  Movant requests that an order granting its motion for relief from automatic stay, if such order should be entered, will be effective immediately upon entry and, pursuant to Rule 4001(a)(3), enforcement of such Order will not be stayed until the expiration of ten days after entry of the Order.

WHEREFORE, PREMISES CONSIDERED, Movant prays that this Court enter an Order granting relief from the automatic stay to allow Movant to exercise and enforce all its rights and remedies against the Debtor as a secured creditor and perfected lienholder to the Property; including, but not limited to, payment of reasonable bankruptcy attorney fees and costs, foreclosure and disposition of the Property, payment of costs, expenses and reasonable attorneys' fees in accordance with the terms of the Note and Deed of Trust, and for such other relief to which Movant may be justly entitled, either at law or in equity.

Respectfully submitted,

**Pite Duncan, LLP**

By: /s/ Tracy D. Mabry
SBOT 24055887
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933
Email: ecftxnb@piteduncan.com
Telephone: (858)750-7600
Facsimile: (619) 590-1385
**ATTORNEYS FOR MOVANT**

# CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing Request for Special Notice and Service of Papers and Reservation of Rights; Motion for Relief From Stay and Co-Debtor Stay of Act Against Property; Affidavit in support thereof; Notice of Hearing for Relief; and Certificate of Conference on Motion For Relief From Stay and Co-Debtor Stay of Act Against Property was served on the following parties at the addresses indicated by deposit in the United States Mail, first class postage prepaid and or by electronic notice.

**DEBTOR(S)**

Abosede Eboweme
4617 Covington Court
Grand Prairie, TX 75052

**DEBTOR(S) ATTORNEY**

William P. Rossini
Rossini, PLLC
1201 Main Street, Suite 2470
Dallas, TX 75202

**CHAPTER 13 TRUSTEE**

Tim Truman
6851 N.E. Loop 820
Suite 300
Fort Worth, TX 76180-6608

**U.S. TRUSTEE**

U.S. Trustee
Department of Justice
1100 Commerce Street, Room 976
Dallas, TX 75242-1496

**LIENHOLDER(S)**

Tarrant County Tax Assessor
100 E. Weatherford
Ft. Worth, TX 76196

Arlington ISD
c/o Elizabeth Banda
Perdue, Brandon, Fielder, Collins & Mott, LLP
P.O. Box 13430
Arlington, TX 76094-0430

Dallas County/Tarrant County
Linebarger, Goggan, Blair & Sampson, LLP
2323 Bryan Street Suite 1600
Dallas, TX 75201

GE Money Bank
c/o Recovery Management Systems Corp.
Attn:Ramesh Singh
25 SE 2nd Avenue, Suite 1120
Miami, FL 33131-1605

**CO-BORROWER(S)**

Ayo Eboweme
4617 Covington Court
Grand Prairie, TX 75052

    /s/Tracy D. Mabry
SBOT 24055887
**ATTORNEY FOR MOVANT**