# **Exhibit 3**

**Priore Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF KATHY PRIORE IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO PROOF OF CLAIM FILED BY FRANCINE SILVER (CLAIM NO. 61)**

I, Kathy Priore, hereby declare as follows:

1. I serve as Associate Counsel for The ResCap Liquidating Trust (the "Liquidating Trust"),[1] established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). During the Chapter 11 Cases, I served as Associate Counsel in the legal department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). On May 1, 2008, I began as in-house litigation counsel at ResCap. Prior to beginning my in-house litigation counsel position, I held various roles within the legal department at ResCap.

2. In my role as Associate Counsel at ResCap, I was responsible for the management of residential mortgage-related litigation. In connection with the Debtors' chapter

---

[1] The ResCap Liquidating Trust and the Borrower Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among of things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the Chapter 11 Cases, including the borrower litigation matters pending before this Court. In my current position as Associate Counsel to the Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust and the ResCap Borrower Claims Trust (the "Borrower Trust") in connection with the claims reconciliation process. I am authorized to submit this Declaration in support of the *Objection of the ResCap Borrower Claims Trust to Proof of Claim Filed by Francine Silver (Claim No. 61)* (the "Objection").

        3.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's and/or the Borrower Trust's employees, professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Declaration on that basis.

    A.    **Foreclosure Activity**

        4.      On March 15, 2006, as part of a refinancing of the existing secured debt on her real property located at 8613 Franklin Avenue, Los Angeles, California, 90069 (the "Property"), Silver executed a note in the amount of $1,300,000 (the "Note") with Nationwide Lending Group ("Nationwide") as lender and Land America Commonwealth as trustee, secured by a deed of trust (the "Deed of Trust"). See copy of the Note and Deed of Trust as Exhibit 3-A annexed hereto. The Deed of Trust identified Mortgage Electronic Registration Systems ("MERS") as beneficiary, "solely as nominee for Lender and Lender's successors and assigns and the successors and assigns of MERS." See id. Subsequent to its origination, the mortgage

loan became a part of a securitization trust, named Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, 2006-AR7 Series (the "Securitization Trust"). The loans within the Securitization Trust, including Silver's loan, were initially serviced by Greenpoint Mortgage Funding, with U.S. Bank, National Association, as Trustee ("U.S. Bank") and holder of a beneficial interest in the Note. On or about December 7, 2006, GMACM was designated as the successor servicer to Greenpoint Mortgage Funding.

5. On July 5, 2011, MERS assigned the Note and Deed of Trust to GMACM, an assignment signed by Jacqueline Keeley as "Assistant Secretary of MERS."[2] See Assignment attached to Keeley Declaration as Exhibit 4-A. This assignment, which was recorded in the official records of Los Angeles County on July 13, 2011, did not transfer ownership of the loan, but rather only assigned the right to GMACM, as a beneficial holder of the Note, to take legal measures to enforce the terms of the Note. See id.

6. On July 6, 2011, GMACM executed a Substitution of Trustee, appointing ETS as the party to provide Trustee services, executed by Jacqueline Keeley as "GMAC[M] Authorized Officer." See Substitution of Trustee attached to Keeley Declaration as Exhibit 4-B.

7. On July 22, 2011, a Notice of Default was recorded against the property and foreclosure proceedings were initiated. See Exhibit 3-B annexed hereto. At the time the Notice of Default was issued, Ms. Silver had been delinquent in failing to make nine (9) consecutive monthly mortgage payments in the aggregate amount of $58,595.72 as of July 21, 2011.

8. On October 21, 2011, Silver was served with a Notice of Trustee's Sale, which was scheduled to be held on November 21, 2011. See Exhibit 3-C annexed hereto. The

---

[2] Ms. Keeley was employed by GMACM and was an authorized signor for MERS in relation to her work in the foreclosure area.

sale was preempted by Silver's bankruptcy filing. A new Notice of Trustee's Sale was recorded on the Property on October 5, 2012. See Exhibit 3-D annexed hereto.

9. On February 6, 2013, GMACM notified Silver that servicing of the loan would be transferred to Ocwen Loan Servicing, LLC ("Ocwen") as of February 16, 2013.

10. On March 25, 2013, the Deed of Trust was assigned to U.S. Bank. See Exhibit 3-E annexed hereto.

11. It is my understanding that Silver is still in possession of the Property. It is also my understanding that as of the time of the servicing transfer to Ocwen, Silver owed approximately $1,537,071.00 on the defaulted loan.

**B.     Proof of Claim Related Background**

12. On June 21, 2013, pursuant to the Procedures Order, the Debtors mailed Silver a Request Letter, the form of which is annexed hereto at Exhibit 3-F, requesting additional information and documentation in support of the Claim. The Request Letter states that the claimant must respond within 30 days with an explanation setting forth the legal and factual reasons why the claimant believes he is owed money or is entitled to other relief from the Debtors and that the claimant must provide copies of all supporting documents that he believes support the basis for the Proof of Claim. See Request Letter at 1. The Request Letter further provides that if the claimant fails to provide an explanation and the supporting documentation, the Debtors may file a formal objection to the proof(s) of claim, seeking to have the proof(s) of claim disallowed and permanently expunged. See id.

13. On July 9, 2013, Ms. Silver submitted to the Debtors a response to the Request Letter. See Response at Exhibit 3-G annexed hereto. Silver included in her response (i) her loan payment history, (ii) the First Amended Complaint, (iii) the exhibits to the TRO

application she filed, and (iv) a forensic audit report. See id. This response did not include any new information or documentation that the Debtors did not previously review and analyze.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 22, 2015

                                                    /s/ Kathy Priore
                                                    Kathy Priore
                                                    Associate Counsel for The ResCap
                                                  Liquidating Trust