**<u>Exhibit 4</u>**

**Keeley Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF JACQUELINE KEELEY IN SUPPORT OF THE OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST TO PROOF OF CLAIM FILED BY FRANCINE SILVER (CLAIM NO. 61)**

I, Jacqueline Keeley, hereby declare as follows:

1. I am a Contested Foreclosure Specialist employed by Ocwen Financial Corporation, whose indirect subsidiary is Ocwen Loan Servicing, LLC ("Ocwen"), which is the current servicer for the beneficiary of the subject loan obtained by Francine Silver ("Silver") and the successor loan servicer to GMAC Mortgage, LLC ("GMACM"). My current job duties at Ocwen include managing litigation files and assisting attorneys in litigation matters.

2. As demonstrated herein, I could and would be competent to testify to the contents of this declaration in a Court of law if requested to do so.

3. I am authorized to submit this declaration (the "Declaration") in support of the *Objection of the ResCap Borrower Claims Trust to Proof of Claim Filed by Francine Silver (Claim No. 61)* (the "Objection").[1]

4. I started employment with GMACM in November 2004. I began as a Foreclosure Specialist handling foreclosure files. I then worked in GMAC Bank's construction lending department for approximately a year and eventually returned working as a Foreclosure

---

[1] Defined terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1170559

Specialist. In 2010, I was assigned to work on signing affidavits for GMACM and for Mortgage Electronic Registration Systems, Inc. ("MERS"). I was chosen by GMACM to sign affidavits at that time because I had full knowledge of the servicing process start to finish.

5. In July 2011, I was a GMACM Foreclosure Specialist and assigned to a team for reviewing affidavits, and my duties included reviewing Assignments of Deeds of Trust for accuracy and signing them on behalf of GMACM and for MERS.

6. In July 2011, I was an authorized signatory for MERS to execute, among other things, Assignments of Deeds of Trusts and Substitutions of Trustees on behalf of MERS as an Assistant Secretary.

7. In July 2011, I was an authorized signatory for GMACM to execute, among other things, Substitutions of Trustees on behalf of GMACM as an Authorized Officer.

8. In reviewing the loan file for this loan, I see that on March 15, 2006, Silver and Nationwide Lending Group ("Nationwide") entered into a loan agreement whereby Nationwide loaned Silver $1,300,000 (the "Note"), which was secured by a deed of trust (the "Deed of Trust") relating to real property located at 8613 Franklin Avenue, Los Angeles, California 90069 (the "Property"). See copy of the Note and Deed of Trust attached as Exhibit 3-A to the Priore Declaration.

9. On July 5, 2011, the Deed of Trust[2] was assigned to GMACM, f/k/a GMAC Mortgage Corporation. On July 5, 2011, I executed the Assignment of Deed of Trust, as Assistant Secretary on behalf of Mortgage Electronic Registration Systems, Inc. ("MERS"). Attached hereto as Exhibit 4-A is a true and correct copy of the Assignment of the Deed of Trust that I signed.

---

[2] Capitalized terms used but not defined herein shall have the meaning ascribed to such terms in the Objection.

ny-1170559

10. On July 6, 2011, the trustee on the Deed of Trust became Executive Trustee Services, LLC d/b/a ETS Services, LLC.  On July 6, 2011, I executed the Substitution of Trustee as an Authorized Officer for GMACM, f/k/a GMAC Mortgage Corporation.  Attached hereto as <u>Exhibit 4-B</u> is a true and correct copy of the Substitution of Trustee that I signed.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  January 22, 2015

                                                      /s/ Jacqueline Keeley

                                                      Jacqueline Keeley