# Exhibit 5

**Liu Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF DAVID M. LIU IN SUPPORT OF THE OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST TO PROOF OF CLAIM FILED BY FRANCINE SILVER (CLAIM NO. 61)**

I, David M. Liu, hereby declare as follows:

**Qualifications:**

1. I am an attorney with Severson & Werson, P.C. law firm ("Severson"), and serve as counsel to the ResCap Borrower Claims Trust (the "Borrower Trust"). I have been practicing law in the State of California for more than twelve years, and I have no record of discipline with the State Bar of California. Prior to joining Severson, I have been involved in defending financial institutions from claims involving wrongful foreclosure since 2008. After I joined Severson, I have been involved with Silver's litigation before the Superior Court of the State of California, County of Los Angeles, from its inception in September 2012 to the present.

2. I am authorized to submit this declaration (the "Declaration") in support of the *Objection of the ResCap Borrower Claims Trust to Proof of Claim Filed by Francine Silver (Claim No. 61)* (the "Objection").[1]

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the litigation between Silver and the Debtors, information

---

[1] Defined terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1169869

learned from my review of relevant documents. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

**Silver v. GMACM Litigation:**

4. On September 17, 2012, Silver filed a Complaint for Declaratory and Injunctive Relief (the "Complaint") against GMACM with the Superior Court of the State of California, County of Los Angeles ("Superior Court"), Case No. SC 118412 (the "Wrongful Foreclosure Action").[2] See Complaint at Exhibit 5-A annexed hereto. Silver alleged wrongful foreclosure, claiming GMACM was not a party with due authority to foreclose on the Property. See id. Silver sought (i) declaratory relief that GMACM's Notice of Default is void and that GMACM has no right, title, or interest in the Property, and (ii) injunctive relief temporarily and permanently enjoining GMACM its respective successors and assigns from taking further action to foreclose on the Property. See id. Because the Complaint only sought declaratory and injunctive relief and did not include any claims for monetary damages against GMACM, the Debtors did not file a Notice of Bankruptcy and Effect of the Automatic Stay in the Wrongful Foreclosure Action.

5. On November 2, 2012, Silver filed a motion in the Wrongful Foreclosure Action seeking a preliminary injunction (the "Preliminary Injunction Motion") to halt the sale of the Property from going forward on November 5, 2012, and to prevent parties from continuing foreclosure activities in connection with the Property. See Preliminary Injunction Motion, attached hereto as Exhibit 5-B. The parties attempted to settle the matter and the hearing date for the Preliminary Injunction Motion was eventually continued to May 23, 2014. The settlement negotiations did not conclude in a settlement.

---

[2] Silver was represented by the Gersten Law Group, based in San Diego, California, in the Silver Bankruptcy Case and is currently represented by this firm in the Wrongful Foreclosure Action.

2

ny-1169869

6. On June 25, 2013, Silver filed a First Amended and Supplemental Complaint for Declaratory and Injunctive Relief, and Damages in the Wrongful Foreclosure Action (the "First Amended Complaint"), alleging GMACM wrongfully foreclosed on the Property because it is not a proper party with standing to commence foreclosure. See First Amended Complaint, attached hereto as Exhibit 5-C. The First Amended Complaint also named Ocwen Loan Servicing, LLC ("Ocwen") as a defendant and alleged a claim for violation of the California Fair Debt Collection Practices Act ("FDCPA") against Ocwen. See id. In addition, Silver seeks similar declaratory and injunctive relief against GMACM as in the prior version of the complaint. See id. Silver further seeks actual and statutory damages, as well as attorney fees against Ocwen (but none against GMACM) on the FDCPA claim. See id. Because Silver's claims in the First Amended Complaint were proceeding under the Supplemental Servicing Order, once Ocwen succeeded GMACM as servicer, all of the litigation activity involving GMACM in the Wrongful Foreclosure Action has been conducted by Ocwen as successor servicer.

7. On August 30, 2013, Silver served on GMACM discovery requests, including interrogatories and requests for admission. See Silver Discovery Requests, attached hereto as Exhibit 5-D.

8. On March 31, 2014, GMACM responded to these requests, maintaining that there were no issues with the assignment of the Deed of Trust and Substitution of Trustee documents. See Response to Silver Discovery Requests, attached hereto as Exhibit 5-E.

9. On April 16, 2014, Silver filed a Second Amended and Supplemental Complaint for Declarative and Injunctive Relief in the Wrongful Foreclosure Action (the "Second Amended Complaint"), and states the same allegations against GMACM, challenging

GMACM's right to foreclose based on alleged securitization issues and a faulty assignment of the Deed of Trust. See Second Amended Complaint, attached hereto as Exhibit 5-F. Silver continues to allege that the assignments, based on the signatures of Jacqueline Keeley on the assignment of Deed of Trust and Substitution of Trustee, are faulty because they are allegedly signed by different people. See id.

10. On May 12, 2014, GMACM objected to the Preliminary Injunction Motion. See Objection to Preliminary Injunction Motion, attached hereto as Exhibit 5-G. At a hearing held on May 23, 2014, the Superior Court granted the Preliminary Injunction Motion, finding, among other things, that it appeared questionable as to whether the Jacqueline Keeley signatures did come from the same person. See Order Granting Preliminary Injunction Motion, dated June 10, 2014, attached hereto as Exhibit 5-H.

11. On May 21, 2014, GMACM filed a demurrer to the Second Amended Complaint, which is currently scheduled for a hearing on May 14, 2015.[3] See Demurrer, attached hereto as Exhibit 5-I.

12. In no iteration of Silver's complaint does Silver allege a nexus between the purported wrongful conduct by GMACM and any economic damages, nor does she indicate what monetary amount, if any, would satisfy her claims.

[*Remainder of Page Intentionally Left Blank*]

---

[3] The bases for the demurrer include: (i) the Second Amended Complaint is not sufficiently-pleaded because, under California law, Silver does not have standing to challenge the non-judicial foreclosure process based on mere allegations that a lender does not have a right to foreclose; (ii) Silver lacks standing to challenge any securitization of the deed of trust; (iii) Silver has failed to show that there was absolutely no assignment of the Deed of Trust, and that she has suffered prejudice based on any alleged faulty assignment.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 22, 2015

                                                 */s/* David M. Liu  
                                                 David M. Liu, Esq.  
                                                 Counsel for The ResCap Borrower Claims Trust

ny-1169869