**Exhibit 5-C**

**Silver First Amended Complaint**

EHUD GERSTEN, SBN 236159
Gersten Law Group
3115 Fourth Avenue
San Diego, CA 92103
Telephone: 619-600-0098
egersten@gerstenlaw.com

Attorneys for Plaintiff Francine Silver

CALENDARED
Resp Due 8/9
DML
WORKING COPY

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

FRANCINE SILVER,

    Plaintiff,

v.

GMAC MORTGAGE, LLC, a limited liability company; OCWEN LOAN SERVICING, LLC; and DOES 1-20,

    Defendant.

Case No. SC 118412

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND DAMAGES

Plaintiff alleges:

### Common allegations

1. Plaintiff is the owner in fee simple of residential property, which she occupies, located at 8613 Franklin Avenue, Los Angeles, CA 90069 (the "Property").

2. The grounds for this action are wrongful foreclosure by defendant GMAC Mortgage, LLC ("GMAC"), which is not a proper party to foreclose; and wrongful debt collection in violation of the California Fair Debt Collection Practices Act (Civ. Code §§ 1788.10 et seq.) by defendant OCWEN Loan Servicing, LLC ("Ocwen").

3. Plaintiff does not know the true names and capacities, whether individual,

1
FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

corporate or otherwise, of defendants DOEs 1 to 20, and therefore sues them by those fictitious names. Plaintiff is informed and believes that each such defendant is in some way responsible for the damages alleged in this Complaint. Plaintiff will amend this complaint to allege the Doe defendants' true names and capacities when they have been ascertained.

4. Plaintiff is informed and believes that, in doing the acts alleged in this Complaint, each of the named and Doe defendants was the agent or employee of the other defendants; that in doing the acts alleged, was acting within the course and scope of their agency, employment, or service with the advance knowledge, consent, or ratification of the other defendants, including the corporate defendants' officers, directors, or managing agents; and that those defendants participated in the acts alleged in this Complaint and ratified or accepted the benefits of such acts.

5. On or about May 14, 2012, GMAC's parent company, Residential Capital, LLC ("ResCap") and affiliated entities, including GMAC, petitioned for protection under Chapter 11 of the Bankruptcy Code in the Southern District of New York (Case No. 12-12020 (MG)). On or about June 15, 2012, the Bankruptcy Court issued an interim order providing limited relief from the automatic stay in bankruptcy to allow, among other things, actions by borrowers to defend against judicial or nonjudicial foreclosure where a final judgment allowing foreclosure has not been awarded. *Id.*, Doc. 391, Section 12(a). In accordance with that order, this action is limited to claims for declaratory and injunctive relief as against GMAC and does not include claims for money damages or penalties of any kind. Plaintiff also seeks declaratory and injunctive relief, as well as damages, against defendant OCWEN.

**FIRST CAUSE OF ACTION – For Declaratory and Injunctive Relief**
**(Against All Defendants)**

6. Paragraphs 1-5 are part of this cause of action.

7. In 2006, plaintiff borrowed $1,300,000 from Nationwide Lending Group

("Nationwide") to refinance the debt on the Property. The loan was evidenced by a promissory note and a deed of trust, both dated March 15, 2006.

8. The deed of trust identified the beneficiary as Mortgage Electronic Registration System, Inc. (MERS), "solely as nominee for Lender and Lender's successors and assigns." Plaintiff is informed and believes that MERS never had any beneficial interest in the security.

9. Plaintiff is informed and believes that Nationwide sold or pre-sold the loan in a series of transactions known as "securitization." In recent years, securitization has greatly expanded the capital available for residential mortgage loans and has become the most common source of the capital to fund the loans.

10. A typical securitization proceeds as follows. First, the lender, or "originator," sells the loan to a sponsor, typically an investment bank. The sponsor aggregates the loans it buys into pools and transfers them to an intermediary called a depositor. The depositor creates a "special purpose vehicle," a trust, also known as a Real Estate Mortgage Investment Conduit ("REMIC"), which exists only to make the loan part of a security pool. The trust issues certificates representing shares of the pool. The pool has a cutoff date, by which time all loans to be included in the pool must have been identified, and a closing date, by which time all the assets in the pool (the promissory notes and their security interests in recordable form) must have been transferred to the trust. The sponsor, serving as an underwriter, divides the pool into tranches according to the perceived credit risk of the loans in each tranche, prices the certificates accordingly, and sells them to investors. The sponsor also contracts with an entity that services the individual loans, aggregating loan payments and performing other duties under the "Pooling and Servicing Agreement." Subject to governing law, the Pooling and Servicing Agreement sets the terms of the trust. The servicer remits payments to the trustee for the trust, which remits net revenues to the investors. Thus title to individual loans vests in the trust.

11. Based on the findings of a securitization audit by the firm Certified Forensic Loan Auditors, LLC, plaintiff is informed and believes that her loan became, through

3

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

securitization, an asset of Greenpoint Mortgage Funding Trust 2006-AR7 (the "Trust"); that the trustee for the Trust was U.S. Bank, N.A.; that the Trust was formed and to be governed by the laws of the State of New York; and that the Trust's closing date was November 30, 2006.

12. Plaintiff is informed and believes that at no time did U.S. Bank have any power to transfer plaintiff's loan, and that any transfer after the closing date would have been null and void as a violation of both the Pooling and Service Agreement and New York law.

13. Nevertheless, based on a creditor's claim in her recent bankruptcy, plaintiff is informed and believes that GMAC claims an interest in the loan and a security interest in the Property. Plaintiff does not know who currently owns the interest in her loan.

14. MERS exists primarily to facilitate transfers of security interests in real property as the beneficial interests in the loans change hands. MERS is supported by membership fees from numerous financial institutions. Members of MERS register their interests with MERS and self-report the transfers.

15. MERS maintains a public database that identifies the servicer of and the investor in a loan that a member registers with it, but an investor may choose not to display its identity in the database.

16. Notwithstanding MERS's role as nominee beneficiary of plaintiff's deed of trust when her loan originated in 2006, plaintiff is informed and believes based on diligent searches of the MERS public database that MERS had no record of this loan at any time before February 11, 2011, and no way to reconstruct the chain of title.

17. Despite its apparent lack of any record of the chain of title and despite its lack of any beneficial interest in the security, MERS purported to assign the deed of trust and promissory note to GMAC on July 5, 2011 (the "Assignment"), and GMAC purported to execute a substitution of trustee the following day.

18. The Assignment purported to be executed by one Jacqueline Keeley as "Assistant Secretary of MERS." The Substitution of Trustee was signed under the same

4
FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

1  name as a "GMAC Authorized Officer." Based on an expert handwriting analyst's report,
2  plaintiff is informed and believes that one or both signatures were forged.
3     19.   On July 21, 2011, plaintiff was served with a notice of default and later with
4  a notice of trustee sale, both in the name of ETS Services, LLC, the purported substitute
5  trustee. The sale was set for November 21, 2011, but was stayed by plaintiff's petition for
6  bankruptcy protection.
7     20.   GMAC petitioned the bankruptcy court for relief from the automatic stay on
8  the ground that its alleged interest in property was not adequately protected. The
9  bankruptcy court denied the motion on the ground that GMAC had failed to prove
10 standing. Specifically, the court found that "Jacqueline Keeley's" two signatures had not
11 been written by the same person, and that "either someone is forging signatures or this is a
12 blatant example of robo-signing." Transcript of hearing on GMAC's motion for relief from
13 stay, February 23, 2012, Hon. Thomas B. Donovan, Bankruptcy Judge, presiding (copy
14 attached as Exhibit A hereto), at 2:19 to 3:9.
15    21.   Meanwhile, on or about February 6, 2013, GMAC sent plaintiff notice that it
16 was transferring servicing rights on her loan to Ocwen, effective February 16, 2013.
17    22.   Plaintiff is informed and believes that GMAC did not in fact own the
18 servicing rights Ocwen purportedly acquired.
19    23.   On or about February 16, 2013, Ocwen sent plaintiff a letter stating that it
20 was attempting to collect the subject debt on behalf of Aurora Loan Services, LLC, "which
21 currently owns the interest in your account."
22    24.   By means of a document dated March 25, 2013, titled "Assignment of Deed
23 of Trust," and executed by a person signing as "Keli D. Smith, Authorized Officer",
24 GMAC purported to transfer all beneficial interest in the Deed of Trust to "U.S. Bank
25 National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-
26 Through Certifiicates, Series 2006-AR7.
27    25.   On or about April 9, 2013, Ocwen sent plaintiff a letter stating that "[d]ue to
28 a computer programming error, the creditor for the referenced account was possibly

misidentified. As part of our error correcting procedures, we are writing to inform you that the creditor to whom the debt is owed is U.S. Bank, [N.A.], as Trustee [etc.]."

26. Plaintiff is informed and believes that neither U.S. Bank nor any other purported creditor submitted a proof of claim against her interest in the Property in her above-referenced bankruptcy case.

27. GMAC's residential loan foreclosure problems are the subject of an April 2011 Federal Reserve Board Consent Order, available at <http://www.federalreserve.gov/newsevents/press/enforcement/enf20110413a3.pdf>, which requires that independent auditors review foreclosures.

28. More specifically, GMAC fraud in documenting residential loan assignments has been reported. An examination of New York court records by the investigative journalism bureau ProPublica found hundreds of assignment documents that were filed in the name of Ameriquest Mortgage Company by GMAC and other mortgage servicers years after Ameriquest had ceased to exist. In at least one incident, in June 2011, a GMAC employee reportedly proposed filling the gap left by a defunct lender by filing a false "lost assignment" affidavit. (ProPublica's report can be found at <http://www.propublica.org/article/gmac-mortgage-whistleblower-foreclosure>.

29. In late 2011, Phil Ting, Assessor-Recorder of the City and County of San Francisco, retained Aequitas Compliance Solutions, Inc., a mortgage regulatory compliance and consulting firm, to review 382 residential loan transactions that resulted in foreclosure sales during the period from January 2009 through October 2011. The loans that were reviewed were about 16% of all the loans that resulted in foreclosure sales. Phil Ting published the Aequitas report in February 2012. Among the findings:

  a. In 23% of the loans, the foreclosure documents filed at the county recorder's office contradict the findings of a securitization audit as to who is the true, current owner of the loan. Report, p. 6.

  b. In 45% of the loans, the property was sold to an entity purporting to be the beneficiary of the deed of trust when that entity was not the original beneficiary and

either (1) no assignment of a beneficial interest in the loan was *ever* recorded, or (2) such an assignment was recorded only *after* the sale. *Id.*, p. 12.

    c.    The MERS database identified an investor in 192 loans. In 58% of those loans, the investor in the MERS database was not the foreclosing beneficiary as named in the trustee's deed upon sale. *Id.*, p. 13.

30. Plaintiff is informed and believes that, when MERS purported to assign the deed of trust and promissory note to GMAC, MERS lacked reliable information to determine who then owned the beneficial interest in the loan.

31. Plaintiff is further informed and believes that MERS was not specifically authorized by the then-current beneficiary of the deed of trust to assign the deed of trust and promissory note to GMAC.

32. Plaintiff is further informed and believes that GMAC is not the current owner of the beneficial interest in her loan.

33. Plaintiff's bankruptcy has now been discharged and her case has been closed. Plaintiff anticipates service of another Notice of Trustee's Sale at any time.

34. Declaratory relief is required so that plaintiff may know who in fact owns the beneficial interest in her loan and who in fact owns servicing rights to her loan, so that she may know her rights and duties (if any) to the defendants.

35. Injunctive relief is required so that plaintiff does not lose her home in foreclosure to an entity which is not in fact her creditor, through a foreclosure initiated by one who is not a proper party to foreclose, or both.

**SECOND CAUSE OF ACTION—Violation of California Fair Debt Collection Practices Act (Civ. Code §§ 1788.13(l), 1788.17; 15 U.S.C. § 1692(e)(10))**
**(Against Ocwen and DOEs 1-20).**

36. Paragraphs 1- 19 are part of this cause of action.

37. Plaintiff is informed and believes that Ocwen violated Civil Code §§ 1788.13(l) and 1788.17 (incorporating 15 U.S.C. § 1692e(10)), by falsely representing

7

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

1 | that it had been assigned to service plaintiff's debt when in fact it had not.

2 |     38.    By reason of such false representation, plaintiff is entitled to statutory damages in the amount of $1,000, actual damages in amounts to be proved at trial but not less than $10,000, and reasonable attorney fees incurred in bringing this action.

WHEREFORE, Plaintiff prays:

On the First Cause of Action

1. For judgment declaring that GMAC's Notice of Default is void and that GMAC has no right, title, or interest in the Property.

2. For an order temporarily and permanently enjoining GMAC, Ocwen, and their respective successors, assigns, agents, and employees from taking any further action to foreclose on the Property.

On the Second Cause of Action

3. For actual and statutory damages.

4. For reasonable attorney fees.

On both causes of action

5. For such other and further relief as the Court may deem proper.

Dated: June 25, 2013                      Gersten Law Group

_____
EHUD GERSTEN
Attorney for Plaintiff Francine Silver

8

FIRST AMENDED AND SUPPLEMENTAL COMPLAINT

# Exhibit A

# ORIGINAL

1      UNITED STATES BANKRUPTCY COURT

2      CENTRAL DISTRICT OF CALIFORNIA

3                --oOo--

4  In Re:                          ) Case No. LA11-57082-TD
                                   )
5  FRANCINE SILVER,                ) Los Angeles, California
                                   ) Thursday, February 23, 2012
6          Debtor.                 ) 10:00 a.m.
                                   )
7  _____

8                                   MOTION FOR RELIEF FROM STAY
                                    [RP] [GILBERT YABES]

9                                   GMAC MORTGAGE, LLC VS. DEBTOR

10
             TRANSCRIPT OF PROCEEDINGS
11       BEFORE THE HONORABLE THOMAS B. DONOVAN
              UNITED STATES BANKRUPTCY JUDGE
12
   APPEARANCES:
13
   For the Debtor:              EHUD GERSTEN, ESQ.
14                              3115 Fourth Avenue
                                San Diego, California 92103
15                              (619) 600-0098

16 For GMAC Mortgage, LLC:      JARED BISSELLS, ESQ.
                                Pite Duncan, LLP
17                              4375 Jutland Drive, Suite 200
                                San Diego, California 92117
18                              (858) 750-7713

19

20

21

22

23

24
   Proceedings recorded by electronic sound recording;
25 transcript produced by transcription service.

*Briggs Reporting Company, Inc.*

ii

1  Court Recorder:         Wanda Toliver
                           United States Bankruptcy Court
2                          Edward R. Roybal Federal
                              Building
3                          255 East Temple Street
                           Los Angeles, California 90012
4
   Transcriber:            Briggs Reporting Company, Inc.
5                          6336 Greenwich Drive, Suite B
                           San Diego, California 92122
6                          (310) 410-4151

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

```
                                                                    1
 1  LOS ANGELES, CALIFORNIA THURSDAY, FEBRUARY 23, 2012 10:00 AM
 2                              --oOo--
 3       (Call to order of the Court.)
 4            THE COURT: Number two, Francine Silver.
 5            MS. SILVER: Yes.
 6            MR. GERSTEN: Your Honor, Ehud -- Ehud Gersten on
 7  behalf of the Debtor, Francine Silver.
 8            THE COURT: Yes.  I see Mr. Yabes -- it looks like
 9  he's signed in, but the screen tells me that he
10  disconnected.
11            Mr. Gersten, I think I'm going to wait just a
12  little bit to see if Mr. Gersten (sic) may have gotten
13  called away or what happened there.
14            MR. GERSTEN: Mr. Yabes.
15            THE COURT: Mr. Yabes.
16            MR. GERSTEN: That's fine, your Honor.
17       (Pause while the Court heard other matters.)
18            THE COURT: Mr. Yabes, sir, are you there?
19            MR. BISSELL (Telephonic): Your Honor, this is
20  Jared Bissell appearing in lieu of Mr. Yabes.  I was having
21  trouble with the court call, I do apologize.
22            THE COURT: Oh, I'm -- who is here?
23            MR. BISSELL: Jared Bissell on behalf of the moving
24  party.
25            THE COURT: Okay, just a moment.  We're -- I'm
```

*Briggs Reporting Company, Inc.*

2

1 dealing with some other people in the courtroom right now,
2 but Mr. Gersten is here with his client.
3        MR. BISSELL: Thank you very much.
4    (Pause while the Court heard other matters.)
5        THE COURT: Francine Silver.
6        MS. SILVER: Yes.
7        MR. GERSTEN: Your Honor.
8        THE COURT: And I'm sorry, on the phone, would you
9 spell your last name, please?
10       MR. BISSELL: Absolutely, your Honor.  Jared
11 Bissell, B-I-S-S-E-L-L.
12       THE COURT: Thank you.  One second.
13       I've received the Debtor's opposition and I find
14 the Debtor's opposition to be persuasive.  I'm going to
15 sustain the Debtor's opposition and deny the motion for the
16 reason that I believe that the Debtor has established, by
17 declarations, a reasonable doubt as to the veracity of the
18 movant's basis for claiming the right to bring this motion.
19       I do not believe the movant has qualified under
20 Rule 17.  I do not believe the movant has established
21 standing either under the constitutional principals, or
22 under prudential principals, and I come to that conclusion
23 because I believe that what I've received are documents that
24 are not credible because of the signature of Jacqueline
25 Keeley (phonetic), which seems to differ between two

*Briggs Reporting Company, Inc.*

3

1 documents, and based on the Debtor's handwriting expert's
2 written testimony, it would appear that the documents were
3 certified by two different people using the name Jacqueline
4 Keeley and signing on behalf of the Muirs (phonetic).
5     So I think there's sufficient doubt about the
6 veracity of the documents and I would have to conclude that
7 either somebody was forging signatures, or this is a blatant
8 example of robo-signing.  I don't know which, I don't know
9 why, but that's what the evidence establishes.
10         Motion denied.
11         MR. GERSTEN: Thank you, your Honor.
12         THE COURT: You're welcome.  Thank you, Mr.
13 Bissell.
14         MR. BISSELL: Thank you, your Honor.
15     (Proceedings concluded.)
16
17
18
19
20     I certify that the foregoing is a correct
21 transcript from the electronic sound recording of the
22 proceedings in the above-entitled matter.
23
24  _____     _3-13-12_
     Transcriber                    Date
25

*Amended* **SUMMONS**
**(CITACION JUDICIAL)**

SUM-100

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GMAC Mortgage, LLC, a limited liability company; OCWEN LOAN SERVICING, LLC; and DOES 1-20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Francine Silver

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site *(www.lawhelpcalifornia.org)*, the California Courts Online Self-Help Center *(www.courtinfo.ca.gov/selfhelp)*, or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

CASE NUMBER: *(Número del Caso):*
SC118412

The name and address of the court is:
*(El nombre y dirección de la corte es):*
Superior Court of California
1725 Main Street
Santa Monica, CA 90401

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Ehud Gersten                        Gersten Law Group
3115 4th Ave                        (619) 600-0098
San Diego, CA 92103

DATE:                               Clerk, by _____, Deputy
*(Fecha)*                           *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*
   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

*Martin Dean's*
**ESSENTIAL FORMS**

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Francine Silver

POS-030

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| Ehud Gersten    236159 <br> Gersten Law Group <br> 3115 4th Avenue <br> San Diego, CA 92103 <br> TELEPHONE NO.: (619) 600-0098    FAX NO. *(Optional)*: (619) 600-0083 <br> E-MAIL ADDRESS *(Optional)*: egersten@gerstenlaw.com <br> ATTORNEY FOR *(Name)*: Plaintiff Francine Silver | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 1725 Main Street
MAILING ADDRESS:
CITY AND ZIP CODE: Santa Monica 90401
BRANCH NAME: West District

PETITIONER/PLAINTIFF: Francine Silver

RESPONDENT/DEFENDANT: GMAC Mortgage, LLC; OCWEN Loan Servicing, LLC

| PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL | CASE NUMBER: <br> SC118412 |
|---|---|

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and **not a party to this action.** I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   278 Slate Street
   Chula Vista, CA 91911

3. On *(date)*: July 5, 2013    I mailed from *(city and state)*: Chula Vista, CA
   the following **documents** *(specify)*:
   FIRST AMENDED AND SUPPLEMENTAL COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, AND DAMAGES; AMENDED SUMMONS

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☑ **depositing** the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ **placing** the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. **Name** of person served: David M. Liu
   b. **Address** of person served:
      Severson & Werson
      19100 Von Karman Avenue, Suite 700
      Irvine, CA 92612

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail—Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 5, 2013

Lynda M. West
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)    (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use <br> Judicial Council of California <br> POS-030 [New January 1, 2005]    **PROOF OF SERVICE BY FIRST-CLASS MAIL—CIVIL** <br> (Proof of Service)    Code of Civil Procedure, §§ 1013, 1013a <br> www.courtinfo.ca.gov