**<u>Exhibit 5-D</u>**

**Silver Discovery Requests**

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
— Ehud Gersten 236159
Gersten Law Group
3115 4th Ave
San Diego, CA 92103
TELEPHONE NO.: (619) 600-0098
FAX NO. *(Optional)*: (619) 600-0083
E-MAIL ADDRESS *(Optional)*: egersten@gerstenlaw.com
ATTORNEY FOR *(Name)*: Francine Silver

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    Los Angeles
West District

SHORT TITLE OF CASE:

## FORM INTERROGATORIES-GENERAL

Asking Party:  FRANCINE SILVER

Answering Party:  GMAC Mortgage, LLC

Set No.:  1

| CASE NUMBER: |
|---|
| SC118412 |

**Sec. 1. Instructions to All Parties**

(a) Interrogatories are written questions prepared by a party to an action that are sent to any other party in the action to be answered under oath. The interrogatories below are form interrogatories approved for use in civil actions.

(b) For time limitations, requirements for service on other parties, and other details, see Code of Civil Procedure sections 2030.010-2030.410 and the cases construing those sections.

(c) These form interrogatories do not change existing law relating to interrogatories nor do they affect an answering party's right to assert any privilege or make any objection.

**Sec. 2. Instructions to the Asking Party**

(a) These interrogatories are designed for optional use by parties in unlimited civil cases where the amount demanded exceeds $25,000. Separate interrogatories, *Form Interrogatories - Limited Civil Cases (Economic Litigation)* (form DISC-004), which have no subparts, are designed for use in limited civil cases where the amount demanded is $25,000 or less; however, those interrogatories may also be used in unlimited civil cases.

(b) Check the box next to each interrogatory that you want the answering party to answer. Use care in choosing those interrogatories that are applicable to the case.

(c) You may insert your own definition of INCIDENT in Section 4, but only where the action arises from a course of conduct or a series of events occurring over a period of time.

(d) The interrogatories in section 16.0, Defendant's Contentions-Personal Injury, should not be used until the defendant has had a reasonable opportunity to conduct an investigation or discovery of plaintiff's injuries and damages.

(e) Additional interrogatories may be attached.

**Sec. 3. Instructions to the Answering Party**

(a) An answer or other appropriate response must be given to each interrogatory checked by the asking party.

(b) As a general rule, within 30 days after you are served with these interrogatories, you must serve your responses on the asking party and serve copies of your responses on all other parties to the action who have appeared. See Code of Civil Procedure sections 2030.260-2030.270 for details.

(c) Each answer must be as complete and straightforward as the information reasonably available to you, including the information possessed by your attorneys or agents, permits. If an interrogatory cannot be answered completely, answer it to the extent possible.

(d) If you do not have enough personal knowledge to fully answer an interrogatory, say so, but make a reasonable and good faith effort to get the information by asking other persons or organizations, unless the information is equally available to the asking party.

(e) Whenever an interrogatory may be answered by referring to a document, the document may be attached as an exhibit to the response and referred to in his response. If the document has more than one page, refer to the page and section where the answer to the interrogatory can be found.

(f) Whenever an address and telephone number for the same person are requested in more than one interrogatory, you are required to furnish them in answering only the first interrogatory asking for that information.

(g) If you are asserting a privilege or making an objection to an interrogatory, you must specifically assert the privilege or state the objection in your written response.

(h) Your answers to these interrogatories must be verified, dated, and signed. You may wish to use the following form at the end of your answers:

*I declare under penalty of perjury under the laws of the State of California that the foregoing answers are true and correct.*

_____          _____
          *(DATE)*                              *(SIGNATURE)*

**Sec. 4. Definitions**

Words in **BOLDFACE CAPITALS** in these interrogatories are defined as follows:

(a) *(Check one of the following):*

[X] (1)  INCIDENT includes the circumstances and events surrounding the alleged accident, injury, or other occurrence or breach of contract giving rise to this action or proceeding.

Page 1 of 8

Form Approved for Optional Use
Judicial Council of California
DISC-001 [Rev. January 1, 2008]           ESSENTIAL FORMS
**FORM INTERROGATORIES - GENERAL**
Code of Civil Procedure,
§§ 2030.010-2030.410, 2033.710
*www.courtinfo.ca.gov*

Francine Silver

DISC-001

☐ (2)  **INCIDENT** means *(insert your definition here or on a separate, attached sheet labeled "Sec. 4(e)(2)"):*

**(b)  YOU OR ANYONE ACTING ON YOUR BEHALF** includes you, your agents, your employees, your insurance companies, their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

**(c)  PERSON** includes a natural person, firm, association, organization, partnership, business, trust, limited liability company, corporation, or public entity.

**(d)  DOCUMENT** means a writing, as defined in Evidence Code section 250, and includes the original or a copy of handwriting, typewriting, printing, photostats, photographs, electronically stored information, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds, or symbols, or combinations of them.

**(e)  HEALTH CARE PROVIDER** includes any **PERSON** referred to in Code of Civil Procedure section 667.7(e)(3).

**(f)  ADDRESS** means the street address, including the city, state, and zip code.

**Sec. 5. Interrogatories**
The following interrogatories have been approved by the Judicial Council under Code of Civil Procedure section 2033.710:

### CONTENTS
1.0 Identity of Persons Answering These Interrogatories
2.0 General Background Information - Individual
3.0 General Background Information - Business Entity
4.0 Insurance
5.0 *[Reserved]*
6.0 Physical, Mental, or Emotional Injuries
7.0 Property Damage
8.0 Loss of Income or Earning Capacity
9.0 Other Damages
10.0 Medical History
11.0 Other Claims and Previous Claims
12.0 Investigation - General
13.0 Investigation - Surveillance
14.0 Statutory or Regulatory Violations
15.0 Denials and Special or Affirmative Defenses
16.0 Defendant's Contentions Personal Injury
17.0 Responses to Request for Admissions
18.0 *[Reserved]*
19.0 *[Reserved]*
20.0 How the Incident Occurred - Motor Vehicle
25.0 *[Reserved]*
30.0 *[Reserved]*
40.0 *[Reserved]*
50.0 Contract
60.0 *[Reserved]*
70.0 Unlawful Detainer *[See separate form DISC-003]*
101.0 Economic Litigation *[See separate form DISC-004]*
200.0 Employment Law *[See separate form DISC-002]*
      Family Law *[See separate form FL-145]*

**1.0  Identity of Persons Answering These Interrogatories**

☒ 1.1 State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON** who prepared or assisted in the preparation of the responses to these interrogatories. *(Do not identify anyone who simply typed or reproduced the responses.)*

**2.0  General Background Information - Individual**

☐ 2.1 State:
(a)  your name;
(b)  every name you have used in the past; and
(c)  the dates you used each name.

☐ 2.2 State the date and place of your birth.

☐ 2.3 At the time of the INCIDENT, did you have a driver's license? If so state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☐ 2.4 At the time of the INCIDENT, did you have any other permit or license for the operation of a motor vehicle? If so, state:
(a)  the state or other issuing entity;
(b)  the license number and type;
(c)  the date of issuance; and
(d)  all restrictions.

☐ 2.5 State:
(a)  your present residence **ADDRESS**;
(b)  your residence **ADDRESSES** for the past five years; and
(c)  the dates you lived at each **ADDRESS**.

☐ 2.6 State:
(a)  the name, **ADDRESS**, and telephone number of your present employer or place of self-employment; and
(b)  the name, **ADDRESS**, dates of employment, job title, and nature of work for each employer or self-employment you have had from five years before the INCIDENT until today.

☐ 2.7 State:
(a)  the name and **ADDRESS** of each school or other academic or vocational institution you have attended, beginning with high school;
(b)  the dates you attended;
(c)  the highest grade level you have completed; and
(d)  the degrees received.

☐ 2.8 Have you ever been convicted of a felony? If so, for each conviction state:
(a)  the city and state where you were convicted;
(b)  the date of conviction;
(c)  the offense; and
(d)  the court and case number.

☐ 2.9 Can you speak English with ease? If not, what language and dialect do you normally use?

☐ 2.10 Can you read and write English with ease? If not, what language and dialect do you normally use?

Francine Silver

☐ 2.11 At the time of the INCIDENT were you acting as an agent or employee for any PERSON? If so, state:
   (a) the name, ADDRESS, and telephone number of that PERSON; and
   (b) a description of your duties.

☐ 2.12 At the time of the INCIDENT did you or any other person have any physical, emotional, or mental disability or condition that may have contributed to the occurrence of the INCIDENT? If so, for each person state:
   (a) the name, ADDRESS, and telephone number;
   (b) the nature of the disability or condition; and
   (c) the manner in which the disability or condition contributed to the occurrence of the INCIDENT.

☐ 2.13 Within 24 hours before the INCIDENT did you or any person involved in the INCIDENT use or take any of the following substances: alcoholic beverage, marijuana, or other drug or medication of any kind (prescription or not)? If so, for each person state:
   (a) the name, ADDRESS, and telephone number;
   (b) the nature or description of each substance;
   (c) the quantity of each substance used or taken;
   (d) the date and time of day when each substance was used or taken;
   (e) the ADDRESS where each substance was used or taken;
   (f) the name, ADDRESS, and telephone number of each person who was present when each substance was used or taken; and
   (g) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who prescribed or furnished the substance and the condition for which it was prescribed or furnished.

## 3.0 General Background Information - Business Entity

☒ 3.1 Are you a corporation? If so, state:
   (a) the name stated in the current articles of incorporation;
   (b) all other names used by the corporation during the past 10 years and the dates each was used;
   (c) the date and place of incorporation;
   (d) the ADDRESS of the principal place of business; and
   (e) whether you are qualified to do business in California.

☒ 3.2 Are you a partnership? If so, state:
   (a) the current partnership name;
   (b) all other names used by the partnership during the past 10 years and the dates each was used;
   (c) whether you are a limited partnership and, if so, under the laws of what jurisdiction;
   (d) the name and ADDRESS of each general partner; and
   (e) the ADDRESS of the principal place of business.

☒ 3.3 Are you a limited liability company? If so, state:
   (a) the name stated in the current articles of organization;
   (b) all other names used by the company during the past 10 years and the date each was used;
   (c) the date and place of filing of the articles of organization;
   (d) the ADDRESS of the principal place of business; and
   (e) whether you are qualified to do business in California.

☒ 3.4 Are you a joint venture? If so, state:
   (e) the current joint venture name;
   (b) all other names used by the joint venture during the past 10 years and the dates each was used;
   (c) the name and ADDRESS of each joint venture; and
   (d) the ADDRESS of the principal place of business.

☒ 3.5 Are you an unincorporated association? If so, state:
   (a) the current unincorporated association name;
   (b) all other names used by the unincorporated association during the past 10 years and the dates each was used; and
   (c) the ADDRESS of the principal place of business.

☒ 3.6 Have you done business under a fictitious name during the past 10 years? If so, for each fictitious name state:
   (a) the name;
   (b) the dates each was used;
   (c) the state and county of each fictitious name filing; and
   (d) the ADDRESS of the principal place of business.

☒ 3.7 Within the past five years has any public entity registered or licensed your business? If so, for each license or registration:
   (a) identify the license or registration;
   (b) state the name of the public entity; and
   (c) state the dates of issuance and expiration.

## 4.0 Insurance

☒ 4.1 At the time of the INCIDENT, was there in effect any policy of insurance through which you were or might be insured in any manner (for example, primary, pro-rata, or excess liability coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of the INCIDENT? If so, for each policy state:
   (a) the kind of coverage;
   (b) the name and ADDRESS of the insurance company;
   (c) the name, ADDRESS, and telephone number of each named insured;
   (d) the policy number;
   (e) the limits of coverage for each type of coverage contained in the policy;
   (f) whether any reservation of rights or controversy or coverage dispute exists between you and the insurance company; and
   (g) the name, ADDRESS, and telephone number of the custodian of the policy.

☒ 4.2 Are you self-insured under any statute for the damages, claims, or actions that have arisen out of the INCIDENT? If so, specify the statute.

## 5.0 [Reserved]

## 6.0 Physical, Mental, or Emotional Injuries

☐ 6.1 Do you attribute any physical, mental, or emotional injuries to the INCIDENT? (If your answer is "no," do not answer interrogatories 6.2 through 6.7).

☐ 6.2 Identify each injury you attribute to the INCIDENT and the area of your body affected.

6.3  Do you still have any complaints that you attribute to the INCIDENT? If so, for each complaint state:
(a)  a description;
(b)  whether the complaint is subsiding, remaining the same, or becoming worse; and
(c)  the frequency and duration.

6.4  Did you receive any consultation or examination (except from expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) or treatment from a HEALTH CARE PROVIDER for any injury you attribute to the INCIDENT? If so, for each HEALTH CARE PROVIDER state:
(a)  the name, ADDRESS, and telephone number;
(b)  the type of consultation, examination, or treatment provided;
(c)  the dates you received consultation, examination, or treatment; and
(d)  the charges to date.

6.5  Have you taken any medication, prescribed or not, as a result of injuries that you attribute to the INCIDENT? If so, for each medication state:
(a)  the name;
(b)  the PERSON who prescribed or furnished it;
(c)  the date it was prescribed or furnished;
(d)  the dates you began and stopped taking it; and
(e)  the cost to date.

6.6  Are there any other medical services necessitated by the injuries that you attribute to the INCIDENT that were not previously listed (for example, ambulance, nursing, prosthetics)? If so, for each service state:
(a)  the nature;
(b)  the date;
(c)  the cost; and
(d)  the name, ADDRESS, and telephone number of each provider.

6.7  Has any HEALTH CARE PROVIDER advised that you may require future or additional treatment for any injuries that you attribute to the INCIDENT? If so, for each injury state:
(a)  the name and ADDRESS of each HEALTH CARE PROVIDER;
(b)  the complaints for which the treatment was advised; and
(c)  the nature, duration, and estimated cost of the treatment.

7.0  Property Damage
7.1  Do you attribute any loss of or damage to a vehicle or other property to the INCIDENT? If so, for each item of property:
(a)  describe the property;
(b)  describe the nature and location of the damage to the property;

(c)  state the amount of damage you are claiming for each item of property and how the amount was calculated; and
(d)  if the property was sold, state the name, ADDRESS, and telephone number of the seller, the date of sale, and the sale price.

7.2  Has a written estimate or evaluation been made for any item of property referred to in your answer to the preceding interrogatory? If so, for each estimate or evaluation state:
(a)  the name, ADDRESS, and telephone number of the PERSON who prepared it and the date prepared;
(b)  the name, ADDRESS, and telephone number of each PERSON who has a copy of it; and
(c)  the amount of damage stated.

7.3  Has any item of property referred to in your answer to interrogatory 7.1 been repaired? If so, for each item state:
(a)  the date repaired;
(b)  a description of the repair;
(c)  the repair cost;
(d)  the name, ADDRESS, and telephone number of the PERSON who repaired it;
(e)  the name, ADDRESS, and telephone number of the PERSON who paid for the repair.

8.0  Loss of Income or Earning Capacity
[X] 8.1  Do you attribute any loss of income or earning capacity to the INCIDENT? (If your answer is "no," do not answer interrogatories 8.2 through 8.8).

[X] 8.2  State:
(a)  the nature of your work;
(b)  your job title at the time of the INCIDENT; and
(c)  the date your employment began.

8.3  State the last date before the INCIDENT that you worked for compensation.

[X] 8.4  State your monthly income at the time of the INCIDENT and how the amount was calculated.

8.5  State the date you returned to work at each place of employment following the INCIDENT.

8.6  State the dates you did not work and for which you lost income as a result of the INCIDENT.

8.7  State the total income you have lost to date as a result of the INCIDENT and how the amount was calculated.

8.8  Will you lose income in the future as a result of the INCIDENT? If so, state:
(a)  the facts upon which you base this contention;
(b)  an estimate of the amount;
(c)  an estimate of how long you will be unable to work; and
(d)  how the claim for future income is calculated.

Martin Dean's
ESSENTIAL FORMS™

Francine Silver

DISC-001

## 9.0 Other Damages

☐ 9.1 Are there any other damages that you attribute to the INCIDENT? If so, for each item of damage state:
   (a) the nature;
   (b) the date it occurred;
   (c) the amount; and
   (d) the name, ADDRESS, and telephone number of each PERSON to whom an obligation was incurred.

☐ 9.2 Do any DOCUMENTS support the existence or amount of any item of damages claimed in interrogatory 9.1? If so, describe each document and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

## 10.0 Medical History

☐ 10.1 At any time before the INCIDENT did you have complaints or injuries that involved the same part of your body claimed to have been injured in the INCIDENT? If so, for each state:
   (a) a description of the complaint or injury;
   (b) the dates it began and ended; and
   (c) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER whom you consulted or who examined or treated you.

☐ 10.2 List all physical, mental, and emotional disabilities you had immediately before the INCIDENT. *(You may omit mental or emotional disabilities unless you attribute any mental or emotional injury to the INCIDENT.)*

☐ 10.3 At any time after the INCIDENT, did you sustain injuries of the kind for which you are now claiming damages? If so, for each incident giving rise to an injury state:
   (a) the date and the place it occurred;
   (b) the name, ADDRESS, and telephone number of any other PERSON involved;
   (c) the nature of any injuries you sustained;
   (d) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER who you consulted or who examined or treated you; and
   (e) the nature of the treatment and its duration.

## 11.0 Other Claims and Previous Claims

☐ 11.1 Except for this action, in the past 10 years have you filed an action or made a written claim or demand for compensation for your personal injuries? If so, for each action, claim, or demand state:
   (a) the date, time, and place and location (closest street ADDRESS or intersection) of the INCIDENT giving rise to the action, claim, or demand;
   (b) the name, ADDRESS, and telephone number of each PERSON against whom the claim or demand was made or the action filed;

   (c) the court, names of the parties, and case number of any action filed;
   (d) the name, ADDRESS, and telephone number of any attorney representing you;
   (e) whether the claim or action has been resolved or is pending; and
   (f) a description of the injury.

☐ 11.2 In the past 10 years have you made a written claim or demand for workers' compensation benefits? If so, for each claim or demand state:
   (a) the date, time, and place of the INCIDENT giving rise to the claim;
   (b) the name, ADDRESS, and telephone number of your employer at the time of the injury;
   (c) the name, ADDRESS, and telephone number of the workers' compensation insurer and the claim number;
   (d) the period of time during which you received workers' compensation benefits;
   (e) a description of the injury;
   (f) the name, ADDRESS, and telephone number of any HEALTH CARE PROVIDER who provided services; and
   (g) the case number at the Workers' Compensation Appeals Board.

## 12.0 Investigation-General

☒ 12.1 State the name, ADDRESS, and telephone number of each individual:
   (a) who witnessed the INCIDENT or the events occurring immediately before or after the INCIDENT;
   (b) who made any statement at the scene of the INCIDENT;
   (c) who heard any statements made about the INCIDENT by any individual at the scene; and
   (d) who YOU OR ANYONE ACTING ON YOUR BEHALF claim has knowledge of the INCIDENT (except for expert witnesses covered by Code of Civil Procedure section 2034).

☒ 12.2 Have YOU OR ANYONE ACTING ON YOUR BEHALF interviewed any individual concerning the INCIDENT? If so, for each individual state:
   (a) the name, ADDRESS, and telephone number of the individual interviewed;
   (b) the date of the interview; and
   (c) the name, ADDRESS, and telephone number of the PERSON who conducted the interview.

☒ 12.3 Have YOU OR ANYONE ACTING ON YOUR BEHALF obtained a written or recorded statement from any individual concerning the INCIDENT? If so, for each statement state:
   (a) the name, ADDRESS, and telephone number of the individual from whom the statement was obtained;
   (b) the name, ADDRESS, and telephone number of the individual who obtained the statement;
   (c) the date the statement was obtained; and
   (d) the name, ADDRESS, and telephone number of each PERSON who has the original statement or a copy.

Francine Silver

**12.4** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any photographs, films, or videotapes depicting any place, object, or individual concerning the **INCIDENT** or plaintiff's injuries? If so, state:

(a) the number of photographs or feet of film or videotape;

(b) the places, objects, or persons photographed, filmed, or videotaped;

(c) the date the photographs, films, or videotapes were taken;

(d) the name, **ADDRESS,** and telephone number of the individual taking the photographs, films, or videotapes; and

(e) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the photographs, films, or videotape.

**12.5** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** know of any diagram, reproduction, or model of any place or thing (except for items developed by expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310) concerning the **INCIDENT**? If so, for each item state:

(a) the type (i.e., diagram, reproduction, or model);

(b) the subject matter; and

(c) the name, **ADDRESS,** and telephone number of each **PERSON** who has it.

**12.6** Was a report made by any **PERSON** concerning the **INCIDENT**? If so, state:

(a) the name, title, identification number, and employer of the **PERSON** who made the report;

(b) the date and type of report made;

(c) the name, **ADDRESS,** and telephone number of the **PERSON** for whom the report was made; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of the report.

**12.7** Have **YOU OR ANYONE ACTING ON YOUR BEHALF** inspected the scene of the **INCIDENT**? If so, for each inspection state:

(a) the name, **ADDRESS,** and telephone number of the individual making the inspection (except for expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310); and

(b) the date of the inspection.

**13.0 Investigation—Surveillance**

[X] **13.1** Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance state:

(a) the name, **ADDRESS,** and telephone number of the individual or party;

(b) the time, date, and place of the surveillance;

(c) the name, **ADDRESS,** and telephone number of the individual who conducted the surveillance; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy of any surveillance photograph, film, or videotape.

**13.2** Has a written report been prepared on the surveillance? If so, for each written report state:

(a) the title;

(b) the date;

(c) the name, **ADDRESS,** and telephone number of the individual who prepared the report; and

(d) the name, **ADDRESS,** and telephone number of each **PERSON** who has the original or a copy.

**14.0 Statutory or Regulatory Violations**

[X] **14.1** Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON** involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation was a legal (proximate) cause of the **INCIDENT**? If so, identify the name, **ADDRESS,** and telephone number of each **PERSON** and the statute, ordinance, or regulation that was violated.

[X] **14.2** Was any **PERSON** cited or charged with a violation of any statute, ordinance, or regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:

(a) the name, **ADDRESS,** and telephone number of the **PERSON**;

(b) the statute, ordinance, or regulation allegedly violated;

(c) whether the **PERSON** entered a plea in response to the citation or charge and, if so, the plea entered; and

(d) the name and **ADDRESS** of the court or administrative agency, names of the parties, and case number.

**15.0 Denials and Special or Affirmative Defenses**

[X] **15.1** Identify each denial of a material allegation and each special or affirmative defense in your pleadings and for each:

(a) state all facts upon which you base the denial or special or affirmative defense;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of those facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your denial or special or affirmative defense, and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT**.

**16.0 Defendant's Contentions—Personal Injury**

**16.1** Do you contend that any **PERSON**, other than you or plaintiff, contributed to the occurrence of the **INCIDENT** or the injuries or damages claimed by plaintiff? If so, for each **PERSON**:

(a) state the name, **ADDRESS,** and telephone number of the **PERSON**;

(b) state all facts upon which you base your contention;

(c) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(d) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

**16.2** Do you contend that plaintiff was not injured in the **INCIDENT**? If so:

(a) state all facts upon which you base your contention;

(b) state the names, **ADDRESSES,** and telephone numbers of all **PERSONS** who have knowledge of the facts; and

(c) identify all **DOCUMENTS** and other tangible things that support your contention and state the name, **ADDRESS,** and telephone number of the **PERSON** who has each **DOCUMENT** or thing.

Francine Silver

☐ 16.3 Do you contend that the injuries or the extent of the injuries claimed by plaintiff as disclosed in discovery proceedings thus far in this case were not caused by the INCIDENT? If so, for each injury:

(a) Identify it;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.4 Do you contend that any of the services furnished by any HEALTH CARE PROVIDER claimed by plaintiff in discovery proceedings thus far in this case were not due to the INCIDENT? If so:

(a) Identify each service;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.5 Do you contend that any of the costs of services furnished by any HEALTH CARE PROVIDER claimed as damages by plaintiff in discovery proceedings thus far in this case were not necessary or unreasonable? If so:

(a) Identify each cost;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.6 Do you contend that any part of the loss of earnings or income claimed by plaintiff in discovery proceedings thus far in this case was unreasonable or was not caused by the INCIDENT? If so:

(a) Identify each part of the loss;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.7 Do you contend that any of the property damage claimed by plaintiff in discovery Proceedings thus far in this case was not caused by the INCIDENT? If so:

(a) Identify each item of property damage;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.8 Do you contend that any of the costs of repairing the property damage claimed by plaintiff in discovery proceedings thus far in this case were unreasonable? If so:

(a) Identify each cost item;
(b) state all facts upon which you base your contention;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of the facts; and
(d) identify all DOCUMENTS and other tangible things that support your contention and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

☐ 16.9 Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT (for example, insurance bureau index reports) concerning claims for personal injuries made before or after the INCIDENT by a plaintiff in this case? If so, for each plaintiff state:

(a) the source of each DOCUMENT;
(b) the date each claim arose;
(c) the nature of each claim; and
(d) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

☐ 16.10 Do YOU OR ANYONE ACTING ON YOUR BEHALF have any DOCUMENT concerning the past or present physical, mental, or emotional condition of any plaintiff in this case from a HEALTH CARE PROVIDER not previously identified (except for expert witnesses covered by Code of Civil Procedure sections 2034.210-2034.310)? If so, for each plaintiff state:

(a) the name, ADDRESS, and telephone number of each HEALTH CARE PROVIDER;
(b) a description of each DOCUMENT; and
(c) the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT.

**17.0 Responses to Request for Admissions**

☒ 17.1 Is your response to each request for admission served with these interrogatories an unqualified admission? If not, for each response that is not an unqualified admission:

(a) state the number of the request;
(b) state all facts upon which you base your response;
(c) state the names, ADDRESSES, and telephone numbers of all PERSONS who have knowledge of those facts; and
(d) identify all DOCUMENTS and other tangible things that support your response and state the name, ADDRESS, and telephone number of the PERSON who has each DOCUMENT or thing.

**18.0**    *[Reserved]*
**19.0**    *[Reserved]*

**20.0 How the Incident Occurred-Motor Vehicle**

☐ 20.1 State the date, time, and place of the INCIDENT (closest street ADDRESS or intersection).

☐ 20.2 For each vehicle involved in the INCIDENT, state:

(a) the year, make, model, and license number;
(b) the name, ADDRESS, and telephone number of the driver;

Francine Silver

(c)  the name, **ADDRESS**, and telephone number of each occupant other than the driver;

(d)  the name, **ADDRESS**, and telephone number of each registered owner;

(e)  the name, **ADDRESS**, and telephone number of each lessee;

(f)  the name, **ADDRESS**, and telephone number of each owner other than the registered owner or lien holder; and

(g)  the name of each owner who gave permission or consent to the driver to operate the vehicle.

☐  **20.3** State the **ADDRESS** and location where your trip began and the **ADDRESS** and location of your destination.

☐  **20.4** Describe the route that you followed from the beginning of your trip to the location of the INCIDENT, and state the location of each stop, other than routine traffic stops, during the trip leading up to the INCIDENT.

☐  **20.5** State the name of the street or roadway, the lane of travel, and the direction of travel of each vehicle involved in the INCIDENT for the 500 feet of travel before the INCIDENT.

☐  **20.6** Did the INCIDENT occur at an intersection? If so, describe all traffic control devices, signals, or signs at the intersection.

☐  **20.7** Was there a traffic signal facing you at the time of the INCIDENT? If so, state:

(a)  your location when you first saw it;

(b)  the color;

(c)  the number of seconds it had been that color; and

(d)  whether the color changed between the time you first saw it and the INCIDENT.

☐  **20.8** State how the INCIDENT occurred, giving the speed, direction, and location of each vehicle involved:

(a)  just before the INCIDENT;

(b)  at the time of the INCIDENT; and (c) just after the INCIDENT.

☐  **20.9** Do you have information that a malfunction or defect in a vehicle caused the INCIDENT? If so:

(a)  identify the vehicle;

(b)  identify each malfunction or defect;

(c)  state the name, **ADDRESS**, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and

(d)  state the name, **ADDRESS**, and telephone number of each PERSON who has custody of each defective part.

☐  **20.10** Do you have information that any malfunction or defect in a vehicle contributed to the injuries sustained in the INCIDENT? If so:

(a)  identify the vehicle;

(b)  identify each malfunction or defect;

(c)  state the name, **ADDRESS**, and telephone number of each PERSON who is a witness to or has information about each malfunction or defect; and

(d)  state the name, **ADDRESS**, and telephone number of each PERSON who has custody of each defective part.

☐  **20.11** State the name, **ADDRESS**, and telephone number of each owner and each PERSON who has had possession since the INCIDENT of each vehicle involved in the INCIDENT.

**25.0** *[Reserved]*

**30.0** *[Reserved]*

**40.0** *[Reserved]*

**50.0 Contract**

☒  **50.1** For each agreement alleged in the pleadings:

(a)  identify each DOCUMENT that is part of the agreement and for each state the name, **ADDRESS**, and telephone number of each PERSON who has the DOCUMENT;

(b)  state each part of the agreement not in writing, the name, **ADDRESS**, and telephone number of each PERSON agreeing to that provision, and the date that part of the agreement was made;

(c)  identify all DOCUMENTS that evidence any part of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each PERSON who has the DOCUMENT;

(d)  identify all DOCUMENTS that are part of any modification to the agreement, and for each state the name, **ADDRESS**, and telephone number of each PERSON who has the DOCUMENT;

(e)  state each modification not in writing, the date, and the name, **ADDRESS**, and telephone number of each PERSON agreeing to the modification, and the date the modification was made;

(f)  identify all DOCUMENTS that evidence any modification of the agreement not in writing and for each state the name, **ADDRESS**, and telephone number of each PERSON who has the DOCUMENT.

☒  **50.2** Was there a breach of any agreement alleged in the pleadings? If so, for each breach describe and give the date of every act or omission that you claim is the breach of the agreement.

☒  **50.3** Was performance of any agreement alleged in the pleadings excused? If so, identify each agreement excused and state why performance was excused.

☒  **50.4** Was any agreement alleged in the pleadings terminated by mutual agreement, release, accord and satisfaction, or novation? If so, identify each agreement terminated, the date of termination, and the basis of the termination.

☒  **50.5** Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

☒  **50.6** Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**60.0** *[Reserved]*

Francine Silver

1  EHUD GERSTEN, SBN 236159
2  Gersten Law Group
   3115 Fourth Avenue
3  San Diego, CA  92103
   Telephone: 619-600-0098
4  egersten@gerstenlaw.com
5
   Attorneys for Plaintiff
6
7              SUPERIOR COURT OF THE STATE OF CALIFORNIA
8                        COUNTY OF LOS ANGELES
9
10 FRANCINE SILVER,                    | Case No. SC118412
11        Plaintiff,                   |
                                       | PLAINTIFF FRANCINE SILVER'S
12 v.                                  | SPECIAL INTERROGATORIES TO
                                       | DEFENDANT GMAC MORTGAGE,
13                                     | LLC
14 GMAC MORTGAGE, LLC, a limited       |
   liability company; OCWEN LOAN       | SET ONE
15 SERVICING, LLC; and DOES 1-20,      |
16        Defendant.                   |
17
18
19
20 PROPOUNDING PARTY: Plaintiff Francine Silver
21 RESPONDING PARTY:   Defendant GMAC Mortgage, LLC
22 SET NUMBER:         One
23
24 Plaintiff Francine Silver propounds these Special Interrogatories to defendant GMAC
25 Mortgage, LLC  Written responses under oath are to be served within the time allowed by
26 the California Code of Civil Procedure § 2030.
27
28 _____
                              1
   PLAINTIFF FRANCINE SILVER'S SPECIAL INTERROGATORIES TO DEFENDANT GMAC
                       MORTGAGE, LLC, SET 1

DEFINITIONS:

1.    "YOU" and "YOURS" refer to the responding party, GMAC Mortgage, LLC, and/or to its agents, employees, representatives, attorneys and/or to anyone acting on its behalf.

2.    "THE PROPERTY" refers to real property located at 8613 Franklin Avenue, Los Angeles, CA 90069.

3.    "SILVER" refers to plaintiff Francine Silver.

4.    "OCWEN" refers to OCWEN Loan Servicing, LLC, and/or to its agents, employees, representatives, attorneys and/or to anyone acting on its behalf.

5.    "THE NOTE" refers to a promissory note executed by SILVER, in favor of Nationwide Lending Group, on or about March 15, 2006.

6.    "MERS" refers to Mortgage Electronic Registration System, Inc., and/or to its agents, employees, representatives, attorneys and/or to anyone acting on its behalf.

7.    "THE TRUST" refers to Greenpoint Mortgage Funding Trust 2006-AR7, a trust formed and governed under the laws of the state of New York.

8.    "NATIONWIDE" refers to Nationwide Lending Group and/or to its agents, employees, representatives, attorneys and/or to anyone acting on its behalf.

PLAINTIFF FRANCINE SILVER'S SPECIAL INTERROGATORIES TO DEFENDANT GMAC MORTGAGE, LLC, SET 1

1    SPECIAL INTERROGATORIES:

2

3    SPECIAL INTERROGATORY NO. 1:

4         Identify by name, address, and telephone number any person YOU employed or

5    otherwise authorized or directed to communicate with SILVER regarding THE

6    PROPERTY.

7

8    SPECIAL INTERROGATORY NO. 2:

9         Provide the date, time, participants, and content of any communication between

10   YOU and any other person or entity, including internal COMMUNICATIONS, concerning

11   THE PROPERTY.

12

13   SPECIAL INTERROGATORY NO. 3:

14        Describe any interest YOU have or previously had in THE PROPERTY, regarding

15   or relating to ownership, THE NOTE, or any lien on THE PROPERTY.

16

17   SPECIAL INTERROGATORY NO. 4:

18        Describe how, when, and from whom YOU acquired any interest YOU have or

19   previously had in THE PROPERTY, regarding or relating to ownership, THE NOTE, or

20   any lien on THE PROPERTY.

21

22   SPECIAL INTERROGATORY NO. 5:

23        Describe any interest OCWEN has or previously had in THE PROPERTY,

24   regarding or relating to ownership, THE NOTE, or any lien on THE PROPERTY.

25

26

27

28

PLAINTIFF FRANCINE SILVER'S SPECIAL INTERROGATORIES TO DEFENDANT GMAC
MORTGAGE, LLC, SET 1

SPECIAL INTERROGATORY NO. 6:

Describe how, when, and from whom OCWEN acquired any interest OCWEN has or previously had in THE PROPERTY, regarding or relating to ownership, THE NOTE, or any lien on THE PROPERTY.

SPECIAL INTERROGATORY NO. 7:

Describe how, when, and to whom YOU transferred any interest YOU previously had in THE PROPERTY, regarding or relating to ownership, THE NOTE, or any lien on THE PROPERTY.

SPECIAL INTERROGATORY NO. 8:

Describe any and all actions taken by YOU to record in the public record any interest YOU have or previously had in THE PROPERTY.

SPECIAL INTERROGATORY NO. 9:

Describe any and all actions taken by YOU to record in the public record the transfer by YOU to any other person or entity any interest YOU previously had in THE PROPERTY.

SPECIAL INTERROGATORY NO. 10:

Describe any and all actions taken by YOU to inform SILVER of any interest YOU have or previously had in THE PROPERTY.

SPECIAL INTERROGATORY NO. 11:

Describe any and all actions taken by YOU to inform SILVER of any interest any other person or entity has or previously had in THE PROPERTY.

PLAINTIFF FRANCINE SILVER'S SPECIAL INTERROGATORIES TO DEFENDANT GMAC MORTGAGE, LLC, SET 1

1    SPECIAL INTERROGATORY NO. 12:

2         Identify by name, address, and telephone number each and every owner of THE

3    NOTE or the corresponding lien on THE PROPERTY.

4

5    SPECIAL INTERROGATORY NO. 13:

6         Provide the address, telephone number, email, and any other contact information

7    you have for "Jacqueline Keeley."

8

9    SPECIAL INTERROGATORY NO. 14:

10        Provide the address, telephone number, email, and any other contact information

11    you have for "Keli D. Smith."

12

13    SPECIAL INTERROGATORY NO. 15:

14        Describe all factors which went into YOUR decision to purportedly assign the

15    servicing rights to THE NOTE to OCWEN on or about February 6, 2012.

16

17    SPECIAL INTERROGATORY NO. 16:

18        Describe all factors which went into YOUR decision to purportedly assign all

19    beneficial interest in the deed of trust associated with THE NOTE to "U.S. Bank National

20    Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through

21    Certifiicates, Series 2006-AR7" via a document dated March 25, 2013, titled "Assignment

22    of Deed of Trust," and executed by a person signing as "Keli D. Smith, Authorized

23    Officer."

24

25

26

27

28
                                              5
        PLAINTIFF FRANCINE SILVER'S SPECIAL INTERROGATORIES TO DEFENDANT GMAC
                              MORTGAGE, LLC, SET 1

1  SPECIAL INTERROGATORY NO. 17:

2      Provide any and all facts which YOU allege support the contention in YOUR

3  Second Affirmative Defense to the claims in this case that "Plaintiff has waived her right

4  to seek the relief herein due to her own acts and/or omissions."

5

6  SPECIAL INTERROGATORY NO. 18:

7      Provide any and all facts which YOU allege support the contention in YOUR Third

8  Affirmative Defense to the claims in this case that "Plaintiff . . . is estopped from recovery

9  herein."

10

11  SPECIAL INTERROGATORY NO. 19:

12      Provide any and all facts which YOU allege support the contention in YOUR

13  Fourth Affirmative Defense to the claims in this case that SILVER's claims are barred by

14  the statute of limitations.

15

16  SPECIAL INTERROGATORY NO. 20:

17      Provide any and all facts which YOU allege support the contention in YOUR Sixth

18  Affirmative Defense to the claims in this case that SILVER's injuries and/or damages were

19  "the result of the . . . wrongful acts of third parties."

20

21  SPECIAL INTERROGATORY NO. 21:

22      Provide any and all facts which YOU allege support the contention in YOUR Ninth

23  Affirmative Defense to the claims in this case that SILVER's "claims are barred, in whole

24  or in part, by operation of the doctrine of unclean hands."

25

26

27

28

PLAINTIFF FRANCINE SILVER'S SPECIAL INTERROGATORIES TO DEFENDANT GMAC
MORTGAGE, LLC, SET 1

1    SPECIAL INTERROGATORY NO. 22:

2        Provide any and all facts which YOU allege support the contention in YOUR Tenth

3    Affirmative Defense to the claims in this case that SILVER's "claims are barred, in whole

4    or in part, by operation of the doctrine of laches."

5

6    SPECIAL INTERROGATORY NO. 23:

7        Provide any and all facts which YOU allege support YOUR Eleventh Affirmative

8    Defense to the claims in this case.

9

10   SPECIAL INTERROGATORY NO. 24:

11       Provide any and all facts which YOU allege support YOUR Twelfth Affirmative

12   Defense to the claims in this case.

13

14   SPECIAL INTERROGATORY NO. 25:

15       Provide any and all facts which YOU allege support the contention in YOUR

16   Thirteenth Affirmative Defense to the claims in this case that SILVER's injuries and/or

17   damages were "proximately caused by the conduct of parties other than Defendant."

18

19   SPECIAL INTERROGATORY NO. 26:

20       Provide any and all facts which YOU allege support the contention in YOUR

21   Fifteenth Affirmative Defense to the claims in this case that SILVER has failed to mitigate

22   her damages.

23

24   SPECIAL INTERROGATORY NO. 27:

25       Provide any and all facts which YOU allege support YOUR Sixteenth Affirmative

26   Defense to the claims in this case.

27

28

PLAINTIFF FRANCINE SILVER'S SPECIAL INTERROGATORIES TO DEFENDANT GMAC
MORTGAGE, LLC, SET 1

SPECIAL INTERROGATORY NO. 28:

Provide any and all facts which YOU allege support YOUR Seventeenth Affirmative Defense to the claims in this case.


SPECIAL INTERROGATORY NO. 29:

Provide any and all facts which YOU allege support the contention in YOUR Eighteenth Affirmative Defense to the claims in this case that SILVER has intentionally violated the provisions of the Rosenthal Fair Debt Collection Practices Act.


SPECIAL INTERROGATORY NO. 30:

Provide any and all facts which YOU allege support the contention in YOUR Nineteenth Affirmative Defense to the claims in this case that SILVER's damages resulted from a bona fide error.


SPECIAL INTERROGATORY NO. 31:

Provide any and all facts which YOU allege support YOUR Twentieth Affirmative Defense to the claims in this case.


SPECIAL INTERROGATORY NO. 32:

Provide any and all facts which YOU allege support YOUR Twenty-First Affirmative Defense to the claims in this case.

8

PLAINTIFF FRANCINE SILVER'S SPECIAL INTERROGATORIES TO DEFENDANT GMAC MORTGAGE, LLC, SET 1

1  SPECIAL INTERROGATORY NO. 33:

2      Provide the name, address, and telephone number of any individual who assisted in

3  the preparation of the responses to these Special Interrogatories, the responses to Francine

4  Silver's Requests for Production of Documents to GMAC Mortgage, LLC, Set One, or the

5  responses to Francine Silver's Requests for Admissions to GMAC Mortgage, LLC Set

6  One.

7

8  Dated:  August 30, 2013

9                                              EHUD GERSTEN
                                               Attorney for Francine Silver
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF FRANCINE SILVER'S SPECIAL INTERROGATORIES TO DEFENDANT GMAC
MORTGAGE, LLC, SET 1

EHUD GERSTEN, SBN 236159
Gersten Law Group
3115 Fourth Avenue
San Diego, CA 92103
Telephone: 619-600-0098
egersten@gerstenlaw.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| FRANCINE SILVER, | Case No. SC118412 |
| Plaintiff, | PLAINTIFF FRANCINE SILVER'S REQUESTS FOR PRODUCTION TO DEFENDANT GMAC MORTGAGE, LLC |
| v. | |
| GMAC MORTGAGE, LLC, a limited liability company; OCWEN LOAN SERVICING, LLC; and DOES 1-20, | SET ONE |
| Defendant. | |

PROPOUNDING PARTY: Plaintiff Francine Silver

RESPONDING PARTY:    Defendant GMAC Mortgage, LLC

SET NUMBER:    One

        Under California Code of Civil Procedure § 2031.010, plaintiff Francine Silver demands that the responding party, defendant GMAC Mortgage, LLC, produce for inspection and copying the documents specified below. Under Code of Civil Procedure § 2031.030, the date for production of the documents under this demand is to be 30 days after the service of this demand.

1

INSTRUCTIONS AND DEFINITIONS

1.      The term "WRITING(S)" shall have the same meaning as that set forth in the California Evidence Code §250, and includes both "originals" and "duplicates" as those terms are defined by the California Evidence Code §§255 and 260 respectively.

2.      "YOU" and "YOURS" refer to the responding party, GMAC Mortgage, LLC, and/or to its agents, employees, representatives, attorneys and/or to anyone acting on its behalf.

3.      "THE PROPERTY" refers to real property located at 8613 Franklin Avenue, Los Angeles, CA 90069.

4.      "SILVER" refers to plaintiff Francine Silver.

5.      "OCWEN" refers to OCWEN Loan Servicing, LLC, and/or to its agents, employees, representatives, attorneys and/or to anyone acting on its behalf.

6.      "THE NOTE" refers to a promissory note executed by SILVER, in favor of Nationwide Lending Group, on or about March 15, 2006.

7.      "MERS" refers to Mortgage Electronic Registration System, Inc., and/or to its agents, employees, representatives, attorneys and/or to anyone acting on its behalf.

8.      "THE TRUST" refers to Greenpoint Mortgage Funding Trust 2006-AR7, a trust formed and governed under the laws of the state of New York.

PLAINTIFF FRANCINE SILVER'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
GMAC MORTGAGE, LLC, SET 1

9.     "NATIONWIDE" refers to Nationwide Lending Group and/or to its agents, employees, representatives, attorneys and/or to anyone acting on its behalf.

10.     "COMMUNICATION(S)" means any contact between two or more persons, including, without limitation, written contact (by such means as letters, memoranda, or telegrams), electronic communication, including e-mail and oral contact (by such means as face-to-face meetings, telephone, VOIP (such as Skype) and/or video conference).

11.     If you claim that any document that is responsive to the demands is privileged, you must:

    (a)     Identify the number of the demand to which the document is responsive;

    (b)     Identify the document by title and general subject matter;

    (c)     State the date of the document;

    (d)     State the author(s) of the document;

    (e)     Identify the person(s) for whom the document was prepared and to whom it was addressed, sent, or given;

    (f)     State the nature of the privilege claimed;

    (g)     State in detail each and every fact upon which you base your claim of privilege.

12.     If any document demanded herein did at one time exist, but has been lost, discarded, destroyed, or is now missing, identify such document as completely as possible, providing as much of the following information as possible:

    (a)     The number of the demand to which the document is responsive;

    (b)     The title and general subject matter of the document;

    (c)     The date of the document;

    (d)     The date or approximate date the document was lost, discarded, destroyed, or

PLAINTIFF FRANCINE SILVER'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GMAC MORTGAGE, LLC, SET 1

1    discovered missing;

2        (e)    The circumstances under which the document was lost, discarded, destroyed,

3    or discovered missing;

4        (f)    The reason(s) for disposing of or discarding the document if discarded or

5    destroyed;

6        (g)    The identity of all persons authorizing the disposal of the document or

7    having knowledge of the circumstances surrounding such disposal;

8        (h)    The identity of all persons having knowledge of the contents of any such

9    document.

10

11    REQUESTS FOR PRODUCTION OF DOCUMENTS:

12

13    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 1:

14        All WRITINGS regarding or relating to THE PROPERTY.

15

16    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 2:

17        All WRITINGS regarding or relating to any interest YOU have or previously had in

18    THE PROPERTY.

19

20    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 3:

21        All WRITINGS regarding or relating to any interest OCWEN has or previously had

22    in THE PROPERTY.

23

24    REQUEST FOR PRODUCTION OF DOCUMENTS NO. 4:

25        All WRITINGS regarding or relating to THE NOTE.

26

27

28

1 | REQUEST FOR PRODUCTION OF DOCUMENTS NO. 5:

2 |     All WRITINGS regarding or relating to any interest YOU have or previously had in

3 | THE NOTE.

4

5 | REQUEST FOR PRODUCTION OF DOCUMENTS NO. 6:

6 |     All WRITINGS regarding or relating to any interest OCWEN has or previously had

7 | in THE NOTE.

8

9 | REQUEST FOR PRODUCTION OF DOCUMENTS NO. 7:

10 |     All WRITINGS regarding or relating to any lien on THE PROPERTY.

11

12 | REQUEST FOR PRODUCTION OF DOCUMENTS NO. 8:

13 |     All WRITINGS regarding or relating to any COMMUNICATION between YOU

14 | and SILVER and/or anyone acting on behalf of SILVER.

15

16 | REQUEST FOR PRODUCTION OF DOCUMENTS NO. 9:

17 |     All WRITINGS regarding or relating to any COMMUNICATION between YOU

18 | and OCWEN regarding or relating to THE PROPERTY, including communications

19 | regarding or relating to THE NOTE or the corresponding lien on THE PROPERTY.

20

21 | REQUEST FOR PRODUCTION OF DOCUMENTS NO. 10:

22 |     All WRITINGS regarding or relating to any COMMUNICATION between YOU

23 | and MERS regarding or relating to THE PROPERTY, including communications

24 | regarding or relating to THE NOTE or the corresponding lien on THE PROPERTY.

25

26

27

28

PLAINTIFF FRANCINE SILVER'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
GMAC MORTGAGE, LLC, SET 1

1  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 11:

2      All WRITINGS regarding or relating to any COMMUNICATION between YOU

3  and any other person or entity, including internal COMMUNICATIONS, regarding or

4  relating to THE PROPERTY, including communications regarding or relating to THE

5  NOTE or the corresponding lien on THE PROPERTY.

6

7  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 12:

8      All WRITINGS regarding or relating to any attempts by YOU to record in the

9  public record any interest YOU hold or previously held in THE PROPERTY.

10

11  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 13:

12      All WRITINGS regarding or relating to any attempts by YOU to record in the

13  public record any interest any other person or entity holds or previously held in THE

14  PROPERTY.

15

16  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 14:

17      All WRITINGS regarding or relating to any attempts by YOU to record in the

18  public record the transfer of any interest in THE PROPERTY from or to YOU or any other

19  person or entity.

20

21  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 15:

22      All WRITINGS which YOU contend support one or more of YOUR affirmative

23  defenses to the claims in this case.

24

25  REQUEST FOR PRODUCTION OF DOCUMENTS NO. 16:

26      All WRITINGS regarding or relating to any insurance agreement covering or

27  potentially covering the claims and damages at issue in this case.

28

PLAINTIFF FRANCINE SILVER'S REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANT
GMAC MORTGAGE, LLC, SET 1

EHUD GERSTEN, SBN 236159
Gersten Law Group
3115 Fourth Avenue
San Diego, CA 92103
Telephone: 619-600-0098
egersten@gerstenlaw.com

Attorneys for Plaintiff

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

FRANCINE SILVER,

    Plaintiff,

v.

GMAC MORTGAGE, LLC, a limited
liability company; OCWEN LOAN
SERVICING, LLC; and DOES 1-20,

    Defendant.

Case No. SC118412

PLAINTIFF FRANCINE SILVER'S
REQUESTS FOR ADMISSIONS TO
DEFENDANT GMAC MORTGAGE,
LLC

SET ONE

PROPOUNDING PARTY: Plaintiff Francine Silver

RESPONDING PARTY:  GMAC Mortgage, LLC

SET NUMBER:      One

Under California Code of Civil Procedure § 2033, plaintiff Francine Silver requests that

defendant GMAC Mortgage, LLC, admit the truth of the following.

DEFINITIONS:

1.      "YOU" and "YOURS" refer to the responding party, GMAC Mortgage, LLC, and/or to its agents, employees, representatives, attorneys and/or to anyone acting on its behalf.

2.      "THE PROPERTY" refers to real property located at 8613 Franklin Avenue, Los Angeles, CA 90069.

3.      "SILVER" refers to plaintiff Francine Silver.

4.      "OCWEN" refers to OCWEN Loan Servicing, LLC, and/or to its agents, employees, representatives, attorneys and/or to anyone acting on its behalf.

5.      "THE NOTE" refers to a promissory note executed by SILVER, in favor of Nationwide Lending Group, on or about March 15, 2006.

6.      "MERS" refers to Mortgage Electronic Registration System, Inc., and/or to its agents, employees, representatives, attorneys and/or to anyone acting on its behalf.

7.      "THE TRUST" refers to Greenpoint Mortgage Funding Trust 2006-AR7, a trust formed and governed under the laws of the state of New York.

8.      "NATIONWIDE" refers to Nationwide Lending Group and/or to its agents, employees, representatives, attorneys and/or to anyone acting on its behalf.

PLAINTIFF FRANCINE SILVER'S REQUESTS FOR ADMISSIONS
TO DEFENDANT GMAC MORTGAGE, LLC, SET 1

1   REQUESTS FOR ADMISSION:

2

3   REQUEST FOR ADMISSION NO. 1:

4      Admit that SILVER is the fee owner of THE PROPERTY.

5

6   REQUEST FOR ADMISSION NO. 2:

7      Admit that at some time in or about 2006, THE NOTE became an asset of THE

8   TRUST.

9

10   REQUEST FOR ADMISSION NO. 3:

11      Admit that the Trustee of THE TRUST has at all times been U.S. Bank, N.A.

12

13   REQUEST FOR ADMISSION NO. 4:

14      Admit that under the Pooling Agreement associated with THE TRUST, after the

15   closing date of THE TRUST (on or about November 30, 2006) U.S. Bank, N.A. did not

16   have the power to transfer THE NOTE.

17

18   REQUEST FOR ADMISSION NO. 5:

19      Admit that under New York law, after the closing date of THE TRUST (on or about

20   November 30, 2006) U.S. Bank, N.A. did not have the power to transfer THE NOTE.

21

22   REQUEST FOR ADMISSION NO. 6:

23      Admit that, with respect to THE PROPERTY, YOU acted as the agent of OCWEN.

24

25   REQUEST FOR ADMISSION NO. 7:

26      Admit that, with respect to THE PROPERTY, OCWEN acted as YOUR agent.

27

28

1    REQUEST FOR ADMISSION NO. 8:

2        Admit that on or about March 15, 2006, SILVER executed THE NOTE in favor of

3    NATIONWIDE.

4

5    REQUEST FOR ADMISSION NO. 9:

6        Admit that the deed of trust executed in connection with THE NOTE defines the

7    "Lender" as NATIONWIDE.

8

9    REQUEST FOR ADMISSION NO. 10:

10        Admit that the deed of trust executed in connection with THE NOTE defines the

11    "Trustee" as MERS, "solely as nominee for Lender and Lender's successors and assigns."

12

13    REQUEST FOR ADMISSION NO. 11:

14        Admit that, prior to SILVER's filing of bankruptcy on or about November 14, 2011,

15    YOU had never provided to SILVER a copy of the instrument by which YOU assert that

16    YOU acquired an interest in THE NOTE.

17

18    REQUEST FOR ADMISSION NO. 12:

19        Admit that, prior to SILVER's filing of bankruptcy on or about November 14, 2011,

20    YOU had never informed SILVER that YOU claimed an interest in THE NOTE.

21

22    REQUEST FOR ADMISSION NO. 13:

23        Admit that YOU assert that YOU are now the "investor," the "owner," or otherwise

24    hold an interest in, THE NOTE.

25

26

27

28

1   REQUEST FOR ADMISSION NO. 14:

2       Admit that YOU are not the current holder of the beneficial interest in THE NOTE

3   or the associated deed of trust.

4

5   REQUEST FOR ADMISSION NO. 15:

6       Admit that MERS had no record of Plaintiff's loan in its database prior to February

7   11, 2011.

8

9   REQUEST FOR ADMISSION NO. 16:

10       Admit that no substitution of trustee (on the deed of trust associated with THE

11   NOTE) from MERS to any other person or entity, if such transfer or transfers occurred,

12   was recorded in the public records prior to the filing of SILVER'S bankruptcy on

13   November 14, 2011.

14

15   REQUEST FOR ADMISSION NO. 17:

16       Admit that no transfer of the beneficial interest (on the deed of trust associated with

17   THE NOTE) from NATIONWIDE to any other person or entity, if such transfer or

18   transfers occurred, was recorded in the public records prior to the filing of SILVER'S

19   bankruptcy on November 14, 2011.

20

21   REQUEST FOR ADMISSION NO. 18:

22       Admit that on February 23, 2012, Bankruptcy Judge Thomas B. Donovan denied

23   YOUR request for relief from the automatic stay in SILVER's bankruptcy.

24

25   REQUEST FOR ADMISSION NO. 19:

26       Admit that on February 23, 2012, Bankruptcy Judge Thomas B. Donovan found

27   that at least one of the purported signatures of "Jacqueline Keeley" (on 1) the purported

28

PLAINTIFF FRANCINE SILVER'S REQUESTS FOR ADMISSIONS
TO DEFENDANT GMAC MORTGAGE, LLC, SET 1

1  assignment of the deed of trust associated with THE NOTE from MERS to GMAC; and 2)

2  the purported substitution of trustee substituting ETS Services, LLC as trustee on the deed

3  of trust) was either forged or was "a blatant example of robo-signing."

4

5  REQUEST FOR ADMISSION NO. 20:

6      Admit that on February 23, 2012, Bankruptcy Judge Thomas B. Donovan found

7  that YOU had failed to demonstrate standing to seek relief from the automatic stay in order

8  to foreclose on THE PROPERTY.

9

10  REQUEST FOR ADMISSION NO. 21:

11      Admit that YOUR residential loan foreclosure problems are the subject of an April

12  2011 Federal Reserve Board Consent Order, available at

13  <http://www.federalreserve.gov/newsevents/press/enforcement/enf20110413a3.pdf>,

14  which requires that independent auditors review foreclosures.

15

16  REQUEST FOR ADMISSION NO. 22:

17      Admit that no party other than YOU filed in SILVER's bankruptcy case any claim

18  against or regarding THE PROPERTY.

19

20  REQUEST FOR ADMISSION NO. 23:

21      Admit that at no time on February 6, 2012, did YOU own servicing rights to THE

22  NOTE.

23

24  REQUEST FOR ADMISSION NO. 24:

25      Admit that YOU purported to assign all beneficial interest in the deed of trust

26  associated with THE NOTE to "U.S. Bank National Association, as Trustee for Greenpoint

27  Mortgage Funding Trust Mortgage Pass-Through Certifiicates, Series 2006-AR7" via a

28

6

1  document dated March 25, 2013, titled "Assignment of Deed of Trust," and executed by a

2  person signing as "Keli D. Smith, Authorized Officer."

3

4  Dated: August 30, 2013

5

6                                                    EHUD GERSTEN
                                                     Attorney for Plaintiff Francine Silver
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF FRANCINE SILVER'S REQUESTS FOR ADMISSIONS
TO DEFENDANT GMAC MORTGAGE, LLC, SET 1