## Exhibit 5-E

**GMACM Response to Silver Discovery Requests**

1  | ROBERT J. GANDY (State Bar No. 225405)
DAVID M. LIU (State Bar No. 216311)
2  | SEVERSON & WERSON
A Professional Corporation
3  | The Atrium
19100 Von Karman Avenue, Suite 700
4  | Irvine, California 92612
Telephone: (949) 442-7110
5  | Facsimile: (949) 442-7118

6  | JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON
7  | A Professional Corporation
One Embarcadero Center, Suite 2600
8  | San Francisco, California 94111
Telephone: (415) 398-3344
9  | Facsimile: (415) 956-0439

10 | Attorneys for Defendant
GMAC MORTGAGE, LLC; and
11 | OCWEN LOAN SERVICING, LLC

12 |

13 | **SUPERIOR COURT OF CALIFORNIA**

14 | **COUNTY OF LOS ANGELES — WEST DISTRICT**

15 | **SANTA MONICA COURTHOUSE**

16 | FRANCINE SILVER,                    Case No. SC118412
                                     Assigned for All Purposes to:
17 |         Plaintiff,                Hon. Allan J. Goodman
                                     Dept. WE "P"
18 |     vs.

19 | GMAC MORTGAGE, LLC, a limited liability   **GMAC MORTGAGE, LLC'S**
   company,                                **RESPONSES TO PLAINTIFF FRANCINE**
20 |                                        **SILVER'S FORM INTERROGATORIES,**
           Defendant.                       **SET ONE (1)**

21 |                                      Action Filed:    September 17, 2012
                                        Trial Date:      None Set
22 |

23 | **PROPOUNDING PARTY:**     PLAINTIFF FRANCINE SILVER

24 | **RESPONDING PARTY:**      GMAC MORTGAGE, LLC

25 | **SET NO.:**               ONE (1)

26 |     Pursuant to California Code of Civil Procedure section 2030.210, defendant GMAC

27 | MORTGAGE, LLC responds to Plaintiff Francine Silver's Form Interrogatories, Set One, as

28 | follows:

19000.1384/3181179.1

1   Defendant GMAC Mortgage, LLC ("GMAC"), whose discovery and investigation in this

2   matter are continuing and not yet completed, and whose discovery responses are given without

3   prejudice to subsequent supplementation and/or amendment as may be appropriate, responds to

4   plaintiff's first set of Form Interrogatories, pursuant to California Code of Civil Procedure section

5   2030.010-2030.410, as follows:

6   **FORM INTERROGATORIES**

7   **FORM INTERROGATORY NO. 1.1:**

8   State the name, **ADDRESS**, telephone number, and relationship to you of each **PERSON**

9   who prepared or assisted in the preparation of the responses to these interrogatories. (Do not

10  identify anyone who simply typed or reproduced the responses.)

11  **RESPONSE FORM INTERROGATORY NO. 1.1:**

12  Kyle Lucas, Senior Loan Analyst employed by Ocwen Financial Corporation, whose

13  indirect subsidiary is Ocwen Loan Servicing, LLC, which is the current servicer for the

14  beneficiary of the subject loan and the successor loan servicer to GMAC Mortgage, LLC; who

15  may be contacted through GMAC Mortgage's counsel of record in this action.

16  **FORM INTERROGATORY NO. 3.1:**

17  Are you a corporation? If so, state:

18  (a)    the name stated in the current articles of incorporation;

19  (b)    all other names used by the corporation during the past ten years and the dates each

20  was used;

21  (c)    the date and place of incorporation;

22  (d)    the **ADDRESS** of the principal place of business;

23  (e)    whether you are qualified to do business in California.

24  **RESPONSE FORM INTERROGATORY NO. 3.1:**

25  No.

26  **FORM INTERROGATORY NO. 3.2:**

27  Are you a partnership? If so, state:

28  (a)    the current partnership name;

1    (b)    all other names used by the partnership during the past ten years and the dates each

2    was used;

3    (c)    whether you are a limited partnership and, if so, under the laws of what

4    jurisdiction;

5    (d)    the name and **ADDRESS** of each general partner;

6    (e)    the **ADDRESS** of the principal place of business.

7 **RESPONSE TO FORM INTERROGATORY NO. 3.2:**

8    No.

9 **INTERROGATORY NO. 3.3:**

10    Are you a limited liability company?  If so, state:

11    (a)    the name stated in the current articles of organization;

12    (b)    all other names used by the company during the past 10 years and the date each

13 was used;

14    (c)    the date and place of filing of the articles of organization;

15    (d)    the ADDRESS of the principal place of business; and

16    (e)    whether you are qualified to do business in California.

17 **RESPONSE TO INTERROGATORY NO. 3.3:**

18    Yes.

19    (a)    GMAC Mortgage, LLC (formerly known as GMAC Mortgage Corporation);

20    (b)    GMAC Mortgage, LLC – 4/16/2006;

21    GMAC Mortgage USA Corporation – 4/26/2006;

22    GMAC Mortgage, LLC of TN – 5/16/2006;

23    Ditech, LLC – 3/1/2006;

24    (c)    4/13/2006 in Delaware;

25    (d)    1100 Virginia Drive, Fort Washington, Pennsylvania 19034; and

26    (e)    Yes.

27

28

1  **FORM INTERROGATORY NO. 3.4:**

2      Are you a joint venture? If so, state:

3      (a)    the current joint venture name;

4      (b)    all other names used by the joint venture during the past 10 years and the dates

5  each was used;

6      (c)    the name and **ADDRESS** of each joint venturer; and

7      (d)    the **ADDRESS** of the principal place of business.

8  **RESPONSE TO FORM INTERROGATORY NO. 3.4:**

9      No.

10 **FORM INTERROGATORY NO. 3.5:**

11     Are you an unincorporated association? If so, state:

12     (a)    the current unincorporated association name;

13     (b)    all other names used by the unincorporated association during the past ten years

14            and the dates each was used;

15     (c)    the **ADDRESS** of the principal place of business.

16 **RESPONSE TO FORM INTERROGATORY NO. 3.4:**

17     No.

18 **FORM INTERROGATORY NO. 3.6:**

19     Have you done business under a fictitious name during the past ten years? If so, for each

20 fictitious name state:

21     (a)    the name;

22     (b)    the dates each was used;

23     (c)    the state and county of each fictitious name filing;

24     (d)    the **ADDRESS** of the principal place of business.

25 **RESPONSE FORM INTERROGATORY NO. 3.6:**

26     Responding party objects to the extent the request seeks information protected by the

27 attorney-client privilege and the attorney work product doctrine. Responding party further objects

28 that the request seeks information that is not reasonably calculated to lead to the discovery of

1 | admissible evidence. Responding party's identity is not in dispute and its use of fictitious names

2 | is not at issue in this action. Responding party further objects to this interrogatory on the grounds

3 | that it would be unduly burdensome and oppressive to require responding party to provide the

4 | requested information with respect to all fictitious names used by responding party outside of

5 | California and during the past ten years.

6 | **FORM INTERROGATORY NO. 3.7:**

7 | Within the past five years has any public entity registered or licensed your businesses? If

8 | so, for each license or registration:

9 | (a)    identify the license or registration;

10 | (b)    state the name of the public entity;

11 | (c)    state the dates of issuance and expiration.

12 | **RESPONSE FORM INTERROGATORY NO. 3.7:**

13 | Responding party objects to the extent the request seeks information protected by the

14 | attorney-client privilege and the attorney work product doctrine. Responding party further objects

15 | that the request seeks information that is not reasonably calculated to lead to the discovery of

16 | admissible evidence. Responding party's identity is not in dispute and its use of fictitious names

17 | is not at issue in this action. Responding party further objects to this interrogatory on the grounds

18 | that it would be unduly burdensome and oppressive to require responding party to provide the

19 | requested information with respect to all fictitious names used by responding party outside of

20 | California and during the past ten years.

21 | **FORM INTERROGATORY NO. 4.1:**

22 | At the time of the **INCIDENT**, was there in effect any policy of insurance through which

23 | you were or might be insured in any manner (for example, primary, pro-rate, or excess liability

24 | coverage or medical expense coverage) for the damages, claims, or actions that have arisen out of

25 | the **INCIDENT**? If so, for each policy state:

26 | (a)    the kind of coverage;

27 | (b)    the name and **ADDRESS** of the insurance company;

28 | (c)    the name, **ADDRESS**, and telephone number of each named insured;

1    (d)    the policy number;

2    (e)    the limits of coverage for each type of coverage contained in the policy;

3    (f)    whether any reservation of rights or controversy or coverage dispute exists between

4    you and the insurance company;

5    (g)    the name, **ADDRESS**, and telephone number of the custodian of the policy.

6    **RESPONSE FORM INTERROGATORY NO. 4.1:**

7    Responding party objects to the extent the request seeks information protected by the

8    attorney-client privilege and the attorney work product doctrine. Responding party further objects

9    that the request seeks information that is not reasonably calculated to lead to the discovery of

10    admissible evidence. Responding party further objects that the term "INCIDENT" is vague and

11    ambiguous as the allegations in the complaint involve numerous alleged acts which occurred over

12    a period of time between multiple persons and entities.

13    Subject to and without waiving the foregoing objections, responding party responds as

14    follows: No.

15    **FORM INTERROGATORY NO. 4.2:**

16    Are you self-insured under any statue for the damages, claims, or actions that have arisen

17    out of the **INCIDENT**? If so, specify the statute.

18    **RESPONSE FORM INTERROGATORY NO. 4.2:**

19    Responding party objects to the extent the request seeks information protected by the

20    attorney-client privilege and the attorney work product doctrine. Responding party further objects

21    that the request seeks information that is not reasonably calculated to lead to the discovery of

22    admissible evidence. Responding party further objects that the term "INCIDENT" is vague and

23    ambiguous as the allegations in the complaint involve numerous alleged acts which occurred over

24    a period of time between multiple persons and entities.

25    Subject to and without waiving the foregoing objections, responding party responds as

26    follows: No.

27

28

**FORM INTERROGATORY NO. 8.1:**

Do you attribute any loss of income or earning capacity to the **INCIDENT**? If your answer is "no," do not answer interrogatories 8.2 through 8.8.

**RESPONSE TO FORM INTERROGATORY NO. 8.1:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Responding party further objects that the term "INCIDENT" is vague and ambiguous as the allegations in the complaint involve numerous alleged acts which occurred over a period of time between multiple persons and entities.

Subject to and without waiving the foregoing objections, responding party responds as follows: No.

**FORM INTERROGATORY NO. 12.1:**

State the name, **ADDRESS**, and telephone number of each individual:

    (a)    who witnessed the **INCIDENT** or the events occurring immediately before or after the **INCIDENT**;

    (b)    who made any statement at the scene of the **INCIDENT**;

    (c)    who heard any statements made about the **INCIDENT** by any individual at the scene;

    (d)    who **YOU OR ANYONE ACTING ON YOUR BEHALF** claim has knowledge of the **INCIDENT** (except for expert witnesses covered by Code of Civil Procedure, §2034).

**RESPONSE FORM INTERROGATORY NO. 12.1:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the term "INCIDENT" is vague and ambiguous as the allegations in the complaint involve numerous alleged acts which occurred over a period of time between multiple persons and entities. Subject to and without waiving the foregoing objections, responding party responds as follows:

1  Persons having knowledge of the alleged facts in the complaint may include, without limitation,

2  the following individuals:

3      (1)    Francine Silver, c/o her counsel;

4      Discovery is ongoing with respect to persons employed or were agents of Defendants.

5  **FORM INTERROGATORY NO. 12.2:**

6      Have **YOU OR ANYONE ACTING ON YOUR BEHALF** interviewed any individual

7  concerning the **INCIDENT**?  If so, for each individual state:

8      (a)    the name, **ADDRESS**, and telephone number of the individual interviewed;

9      (b)    the date of the interview;

10      (c)    the name, **ADDRESS**, and telephone number of the **PERSON** who conducted the

11          interview.

12  **RESPONSE FORM INTERROGATORY NO. 12.2:**

13      Responding party objects to the extent the request seeks information protected by the

14  attorney-client privilege and the attorney work product doctrine.  Responding party further objects

15  that the request seeks information that is not reasonably calculated to lead to the discovery of

16  admissible evidence.  Responding party further objects that the term "INCIDENT" is vague and

17  ambiguous as the allegations in the complaint involve numerous alleged acts which occurred over

18  a period of time between multiple persons and entities.

19      Subject to and without waiving the foregoing objections, responding party responds as

20  follows: No.

21  **FORM INTERROGATORY NO. 12.3:**

22      Have **YOU OR ANYONE ACTING ON YOUR BEHALF** obtained a written or

23  recorded statement from any individual concerning the **INCIDENT**?  If so, for each statement

24  state:

25      (a)    the name, **ADDRESS**, and telephone number of the individual from whom the

26          statement was obtained;

27      (b)    the name, **ADDRESS**, and telephone number of the individual who obtained the

28          statement;

1    (c)    the date the statement was obtained;

2    (d)    the name, **ADDRESS**, and telephone number of each **PERSON** who has the

3    original statement or a copy.

4  **RESPONSE FORM INTERROGATORY NO. 12.3:**

5       Responding party objects to the extent the request seeks information protected by the

6  attorney-client privilege and the attorney work product doctrine. Responding party further objects

7  that the request seeks information that is not reasonably calculated to lead to the discovery of

8  admissible evidence. Responding party further objects that the term "INCIDENT" is vague and

9  ambiguous as the allegations in the complaint involve numerous alleged acts which occurred over

10  a period of time between multiple persons and entities.

11       Subject to and without waiving the foregoing objections, responding party responds as

12  follows: No.

13  **FORM INTERROGATORY NO. 13.1:**

14       Have **YOU OR ANYONE ACTING ON YOUR BEHALF** conducted surveillance of

15  any individual involved in the **INCIDENT** or any party to this action? If so, for each surveillance

16  state:

17    (a)    the name, **ADDRESS**, and telephone number of the individual or party;

18    (b)    the time, date and place of the surveillance;

19    (c)    the name, **ADDRESS**, and telephone number of the individual who conducted the

20    surveillance.

21  **RESPONSE TO FORM INTERROGATORY NO. 13.1:**

22       Responding party objects to the extent the request seeks information protected by the

23  attorney-client privilege and the attorney work product doctrine. Responding party further objects

24  that the request seeks information that is not reasonably calculated to lead to the discovery of

25  admissible evidence. Responding party further objects that the term "INCIDENT" is vague and

26  ambiguous as the allegations in the complaint involve numerous alleged acts which occurred over

27  a period of time between multiple persons and entities.

28

1    Subject to and without waiving the foregoing objections, responding party responds as

2    follows: No.

3    **FORM INTERROGATORY NO. 14.1:**

4    Do **YOU OR ANYONE ACTING ON YOUR BEHALF** contend that any **PERSON**

5    involved in the **INCIDENT** violated any statute, ordinance, or regulation and that the violation

6    was a legal (proximate) cause of the **INCIDENT**? If so, identify each **PERSON** and the statute,

7    ordinance, or regulation.

8    **RESPONSE FORM INTERROGATORY NO. 14.1:**

9    Responding party objects to the extent the request seeks information protected by the

10    attorney-client privilege and the attorney work product doctrine. Responding party further objects

11    that the request seeks information that is not reasonably calculated to lead to the discovery of

12    admissible evidence. Responding party further objects that the term "INCIDENT" is vague and

13    ambiguous as the allegations in the complaint involve numerous alleged acts which occurred over

14    a period of time between multiple persons and entities.

15    Subject to and without waiving the foregoing objections, responding party responds as

16    follows: No.

17    **FORM INTERROGATORY NO. 14.2:**

18    Was any **PERSON** cited or charged with a violation of any statute, ordinance, or

19    regulation as a result of this **INCIDENT**? If so, for each **PERSON** state:

20    (a)    the name, **ADDRESS**, and telephone number of the **PERSON**;

21    (b)    the statute, ordinance, or regulation allegedly violated.

22    (c)    whether the **PERSON** entered a plea in response to the citation or charge and, if so,

23    the plea entered;

24    (d)    the name and **ADDRESS** of the court or administrative agency, names of the

25    parties, and case number.

26    **RESPONSE FORM INTERROGATORY NO. 14.2:**

27    Responding party objects to the extent the request seeks information protected by the

28    attorney-client privilege and the attorney work product doctrine. Responding party further objects

1  that the request seeks information that is not reasonably calculated to lead to the discovery of

2  admissible evidence.  Responding party further objects that the term "INCIDENT" is vague and

3  ambiguous as the allegations in the complaint involve numerous alleged acts which occurred over

4  a period of time between multiple persons and entities.

5      Subject to and without waiving the foregoing objections, responding party responds as

6  follows: No.

7  **FORM INTERROGATORY NO. 15.1:**

8      Identify each denial of a material allegation and each special or affirmative defense in your

9  pleadings and for each:

10      (a)    state all facts upon which you base the denial or special or affirmative defense;

11      (b)    state the names, **ADDRESSES**, and telephone numbers of all **PERSON** who have

12             knowledge of those facts;

13      (c)    identify all **DOCUMENTS** and other tangible things which support your denial or

14             special or affirmative defense, and state the name, **ADDRESS**, and telephone

15             number of the **PERSON** who has each **DOCUMENTS**.

16  **RESPONSE FORM INTERROGATORY NO. 15.1:**

17      Responding party objects to the extent the request seeks information protected by the

18  attorney-client privilege and the attorney work product doctrine.  Responding party further objects

19  that the request seeks information that is not reasonably calculated to lead to the discovery of

20  admissible evidence because responding party has not made any claims for loss of property or

21  incurred any damages that it is seeking against the propounding party.

22      Subject to and without waiving the foregoing objections, responding party responds as

23  follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded

24  to the operative complaint by filing a general denial rather than specifically responding to each

25  allegation contained therein.  Because there are no specific denials of material allegations set forth

26  in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

27  material allegations" are inapplicable.

28

1        As to alleged affirmative defenses, responding party objects to this interrogatory on the

2    ground that it is premature. Responding party has pled its affirmative defenses as a matter of right

3    to preserve certain issues that may arise at trial and must be introduced by way of affirmative

4    defenses. However, responding party's factual investigation and legal research concerning each

5    matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

6    use and rely upon subsequent developed facts, information and legal theories, as well as expert

7    analysis and opinion, at hearings and at the trial of this action as such information is developed

8    and becomes available. The inability of responding to provide specific facts, witnesses or

9    documents supporting each and every one of its affirmative defenses shall not be construed as a

10   waiver of such affirmative defense nor an admission that such a defense lacks merit.

11   **FORM INTERROGATORY NO. 17.1:**

12       Is your response to each request for admission served with these interrogatories an

13   unqualified admission? If not, for each response that is not an unqualified admission:

14       (a)    state the number of the request;

15       (b)    state all facts upon which you base your response;

16       (c)    state the names, **ADDRESSES**, and telephone numbers of all **PERSON** who have

17           knowledge of those facts;

18       (d)    identify all **DOCUMENTS** and other tangible things that support your response

19           and state the name, **ADDRESS**, and telephone number of the **PERSON** who has

20           each **DOCUMENTS** or thing.

21   **RESPONSE FORM INTERROGATORY NO. 17.1:**

22       Responding party objects to the extent the request seeks information protected by the

23   attorney-client privilege and the attorney work product doctrine.

24       Subject to and without waiving the foregoing objections, responding party responds as

25   follows: Responding party's factual investigation and legal research concerning each matter

26   addressed in this discovery is ongoing, and responding party therefore reserves the right to use and

27   rely upon subsequent developed facts, information and legal theories, as well as expert analysis

28   and opinion, at hearings and at the trial of this action as such information is developed and

1    becomes available.

2    **FORM INTERROGATORY NO. 50.1:**

3        For each agreement alleged in the pleadings:

4        (a)    identify all **DOCUMENTS** that are part of the agreement and for each state the

5        name, **ADDRESS**, and telephone number of each **PERSON** who has the

6        **DOCUMENTS**;

7        (b)    state each part of the agreement not in writing, the name, **ADDRESS**, and

8        telephone number of each **PERSON** agreeing to that provision, and the date that

9        part of the agreement was made;

10       (c)    identify all **DOCUMENTS** that evidence each part of the agreement not in writing

11       and for each state the name, **ADDRESS**, and telephone number of each **PERSON**

12       who has the **DOCUMENTS**;

13       (d)    identify all **DOCUMENTS** that are part of each modification to the agreement, and

14       for each state the name, **ADDRESS**, and telephone number of each **PERSON** who

15       has the **DOCUMENTS**;

16       (e)    state each modification not in writing, the date, and the name, **ADDRESS**, and

17       telephone number of each **PERSON** agreeing to the modification, and the date the

18       modification was made;

19       (f)    identify all **DOCUMENTS** that evidence each modification of the agreement not

20       in writing and for each state the name, **ADDRESS**, and telephone number of each

21       **PERSON** who has the **DOCUMENTS**.

22   **RESPONSE FORM INTERROGATORY NO. 50.1:**

23       Responding party objects to the extent the request seeks information protected by the

24   attorney-client privilege and the attorney work product doctrine.

25       Subject to and without waiving the foregoing objections, responding party responds as

26   follows:

27       (a)    The only agreement alleged in the first amended complaint is the residential loan

28   entered into by plaintiff Francine Silver and plaintiff is in possession of a copy of the subject note,

1  deed of trust and loan documents.

2          (b)      None;

3          (c)      None;

4          (d)      None;

5          (e)      None; and

6          (f)      None.

7  **FORM INTERROGATORY NO. 50.2:**

8          Was there a breach of any agreement alleged in the pleadings?  If so, for each breach

9  describe and give the date of every act or omission that you claim is the breach of the agreement.

10  **RESPONSE FORM INTERROGATORY NO. 50.2:**

11          Responding party objects to the extent the request seeks information protected by the

12  attorney-client privilege and the attorney work product doctrine.

13          Subject to and without waiving the foregoing objections, responding party responds as

14  follows:  Yes, plaintiff defaulted on the subject deed of trust.

15  **FORM INTERROGATORY NO. 50.3:**

16          Was performance of any agreement alleged in the pleadings excused?  If so, identify each

17  agreement excused and state why performance was excused.

18  **RESPONSE FORM INTERROGATORY NO. 50.3:**

19          Responding party objects to the extent the request seeks information protected by the

20  attorney-client privilege and the attorney work product doctrine.

21          Subject to and without waiving the foregoing objections, responding party responds as

22  follows: No.

23  **FORM INTERROGATORY NO. 50.4:**

24          Was any agreement alleged in the pleadings terminated by mutual agreement, release,

25  accord and satisfaction, or novation?  If so, identify each agreement terminated and state why it

26  was terminated including dates.

27

28

**RESPONSE FORM INTERROGATORY NO. 50.4:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, responding party responds as follows: No.

**FORM INTERROGATORY NO. 50.5:**

Is any agreement alleged in the pleadings unenforceable? If so, identify each unenforceable agreement and state why it is unenforceable.

**RESPONSE FORM INTERROGATORY NO. 50.5:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, responding party responds as follows: No.

**FORM INTERROGATORY NO. 50.6:**

Is any agreement alleged in the pleadings ambiguous? If so, identify each ambiguous agreement and state why it is ambiguous.

**RESPONSE FORM INTERROGATORY NO. 50.6:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine.

Subject to and without waiving the foregoing objections, responding party responds as follows: No.

DATED: March 31, 2014

SEVERSON & WERSON
A Professional Corporation

By: _____
DAVID M. LIU
Attorneys for Defendant
GMAC MORTGAGE, LLC; and
OCWEN LOAN SERVICING, LLC

1

## VERIFICATION

2    I, _Kne Lucis_ , am a Senior Loan Analyst employed by Ocwen Financial

3    Corporation, whose indirect subsidiary is Ocwen Loan Servicing, LLC, which is the current

4    servicer for the beneficiary of the subject loan and the successor loan servicer to GMAC

5    Mortgage, LLC, and am authorized to make this verification on its behalf.

6    I have read the foregoing GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF

7    FRANCINE SILVER'S FORM INTERROGATORIES, SET ONE (1) and know its contents. I

8    am informed and believe that the matters stated therein are true.

9    I declare under penalty of perjury under the laws of the State of California that the

10    foregoing is true and correct and that this verification was executed on this 27th day of March

11    2014, in _Coppell_ , _Texas_ .

12

13    By: _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2    At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Orange, State of California. My business address is The Atrium,

3    19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

4    On March 31, 2014, I served the **ORIGINAL** of the following document(s): **GMAC
MORTGAGE, LLC'S RESPONSES TO PLAINTIFF FRANCINE SILVER'S FORM**

5    **INTERROGATORIES, SET ONE (1)** on the interested parties in this action as follows:

6    Ehud Gersten, Esq.                                        Attorneys for Plaintiff FRANCINE SILVER
     GERSTEN LAW GROUP

7    3115 Fourth Avenue                                        Telephone:    (619) 600-0098
     San Diego, CA 92103                                       Email:        egersten@gerstenlaw.com

8

9    ☐    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
          persons at the addresses listed in the Service List and placed the envelope for collection

10        and mailing, following our ordinary business practices. I am readily familiar with
          Severson & Werson's practice for collecting and processing correspondence for mailing.

11        On the same day that the correspondence is placed for collection and mailing, it is
          deposited in the ordinary course of business with the United States Postal Service, in a

12        sealed envelope with postage fully prepaid.

13   ☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION: By agreement of the parties or
          by court order,** I caused a copy of the document(s) to be sent from e-mail address

14        rjb@severson.com to the persons at the e-mail addresses listed in the Service List. The
          document(s) were transmitted, and I did not receive, within a reasonable time after the

15        transmission, any electronic message or other indication that the transmission was
          unsuccessful.

16   ☒    **BY FEDEX OVERNIGHT:** I enclosed said document(s) in an envelope or package
          provided by FedEx and addressed to the persons at the addresses listed in the Service List.

17        I placed the envelope or package for collection and overnight delivery at an office or a
          regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver

18        authorized by FedEx to receive documents.

19        I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.

20

21        Executed on March 31, 2014, at Irvine, California.

22

23                                                RYAN J. BROOKS

24

25

26

27

28

19000.1384/3181179.1

1  ROBERT J. GANDY (State Bar No. 225405)
   DAVID M. LIU (State Bar No. 216311)
2  SEVERSON & WERSON
   A Professional Corporation
3  The Atrium
   19100 Von Karman Avenue, Suite 700
4  Irvine, California 92612
   Telephone: (949) 442-7110
5  Facsimile: (949) 442-7118

6  JOHN B. SULLIVAN (State Bar No. 96742)
   SEVERSON & WERSON
7  A Professional Corporation
   One Embarcadero Center, Suite 2600
8  San Francisco, California 94111
   Telephone: (415) 398-3344
9  Facsimile: (415) 956-0439

10  Attorneys for Defendant
    GMAC MORTGAGE, LLC; and
11  OCWEN LOAN SERVICING, LLC

12

13              SUPERIOR COURT OF CALIFORNIA

14         COUNTY OF LOS ANGELES — WEST DISTRICT

15              SANTA MONICA COURTHOUSE

16  FRANCINE SILVER,                     Case No. SC118412
                                         Assigned for All Purposes to:
17          Plaintiff,                   Hon. Allan J. Goodman
                                         Dept. WE "P"
18      vs.

19  GMAC MORTGAGE, LLC, a limited liability   **GMAC MORTGAGE, LLC'S**
    company,                                  **RESPONSES TO PLAINTIFF FRANCINE**
20                                            **SILVER'S SPECIAL**
            Defendant.                        **INTERROGATORIES, SET ONE (1)**
21
                                         Action Filed:    September 17, 2012
22                                       Trial Date:      None Set

23  **PROPOUNDING PARTY:**      PLAINTIFF FRANCINE SILVER

24  **RESPONDING PARTY:**       GMAC MORTGAGE, LLC

25  **SET NO.:**                ONE (1)

26      Pursuant to California Code of Civil Procedure section 2030.210, Defendant GMAC

27  MORTGAGE, LLC responds to Plaintiff Francine Silver's Special Interrogatories, Set One, as

28  follows:

19000.1384/2867053.1

GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF'S SPROGS, (1)

1    Defendant GMAC MORTGAGE, LLC ("GMAC"), whose discovery and investigation in

2  this matter are continuing and not yet completed, and whose discovery responses are given

3  without prejudice to subsequent supplementation and/or amendment as may be appropriate,

4  responds to Plaintiff Francine Silver's first set of Special Interrogatories, pursuant to California

5  Code of Civil Procedure section 2030.010-2030.410, as follows:

6                  **SPECIAL INTERROGATORIES AND RESPONSES**

7  **SPECIAL INTERROGATORY NO. 1:**

8    Identify by name, address, and telephone number any person YOU employed or otherwise

9  authorized or directed to communicate with SILVER regarding THE PROPERTY.

10  **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**

11    Responding party objects to the extent the request seeks information protected by the

12  attorney-client privilege and the attorney work product doctrine. Responding party further objects

13  that the request seeks information that is not reasonably calculated to lead to the discovery of

14  admissible evidence. Responding party further objects that the interrogatory is vague and

15  ambiguous. Responding party further objects that the interrogatory is burdensome and oppressive.

16  Responding party further objects that the interrogatory violates the privacy rights of the agent or

17  employees of responding party.

18  **SPECIAL INTERROGATORY NO. 2:**

19    Provide the date, time, participants, and content of any communication between YOU and

20  any other person or entity, including internal COMMUNICATIONS, concerning THE

21  PROPERTY.

22  **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**

23    Responding party objects to the extent the request seeks information protected by the

24  attorney-client privilege and the attorney work product doctrine. Responding party further objects

25  that the request seeks information that is not reasonably calculated to lead to the discovery of

26  admissible evidence. Responding party further objects that the interrogatory is vague and

27  ambiguous. Responding party further objects that the interrogatory is burdensome and oppressive.

28

1 **SPECIAL INTERROGATORY NO. 3:**

2     Describe any interest YOU have or previously had in THE PROPERTY, regarding or

3 relating to ownership, THE NOTE, or any lien on THE PROPERTY.

4 **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

5     Responding party objects to the extent the request seeks information protected by the

6 attorney-client privilege and the attorney work product doctrine. Responding party further objects

7 that the request seeks information that is not reasonably calculated to lead to the discovery of

8 admissible evidence.

9     Subject to and without waiving the foregoing objections, responding party responds as

10 follows: In a deed of trust, dated March 15, 2006, plaintiff and non-party Nationwide Lending

11 Group, entered into a loan agreement whereby Nationwide Lending loaned plaintiff $1.3 million

12 (the "Deed of Trust") which was secured by real property located at 8613 Franklin Avenue, Los

13 Angeles, California 90069 (the "Property"). On July 5, 2011, the Deed of Trust was assigned by

14 Mortgage Electronic Registrations Systems, Inc., to GMAC Mortgage, LLC (fka GMAC

15 Mortgage Corporation). On March 25, 2013, the Deed of Trust was assigned to U.S. Bank

16 National Association, a Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through

17 Certificates, Series 2006-AR7.

18     On February 16, 2013, the servicing of the subject loan transferred from GMAC Mortgage,

19 LLC to Ocwen Loan Servicing, LLC.

20 **SPECIAL INTERROGATORY NO. 4:**

21     Describe how, when, and from whom YOU acquired any interest YOU have or previously

22 had in THE PROPERTY, regarding or relating to ownership, THE NOTE, or any lien on THE

23 PROPERTY.

24 **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

25     Responding party objects to the extent the request seeks information protected by the

26 attorney-client privilege and the attorney work product doctrine. Responding party further objects

27 that the request seeks information that is not reasonably calculated to lead to the discovery of

28 admissible evidence.

1       Subject to and without waiving the foregoing objections, responding party responds as

2 follows: In a deed of trust, dated March 15, 2006, plaintiff and non-party Nationwide Lending

3 Group, entered into a loan agreement whereby Nationwide Lending loaned plaintiff $1.3 million

4 (the "Deed of Trust") which was secured by real property located at 8613 Franklin Avenue, Los

5 Angeles, California 90069 (the "Property"). On July 5, 2011, the Deed of Trust was assigned by

6 Mortgage Electronic Registrations Systems, Inc., to GMAC Mortgage, LLC (fka GMAC

7 Mortgage Corporation). On March 25, 2013, the Deed of Trust was assigned to U.S. Bank

8 National Association, a Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through

9 Certificates, Series 2006-AR7.

10       On February 16, 2013, the servicing of the subject loan transferred from GMAC Mortgage,

11 LLC to Ocwen Loan Servicing, LLC.

12 **SPECIAL INTERROGATORY NO. 5:**

13       Describe any interest OCWEN has or previously had in THE PROPERTY, regarding or

14 relating to ownership, THE NOTE, or any lien on THE PROPERTY.

15 **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

16       Responding party objects to the extent the request seeks information protected by the

17 attorney-client privilege and the attorney work product doctrine. Responding party further objects

18 that the request seeks information that is not reasonably calculated to lead to the discovery of

19 admissible evidence.

20       Subject to and without waiving the foregoing objections, responding party responds as

21 follows: In a deed of trust, dated March 15, 2006, plaintiff and non-party Nationwide Lending

22 Group, entered into a loan agreement whereby Nationwide Lending loaned plaintiff $1.3 million

23 (the "Deed of Trust") which was secured by real property located at 8613 Franklin Avenue, Los

24 Angeles, California 90069 (the "Property"). On July 5, 2011, the Deed of Trust was assigned by

25 Mortgage Electronic Registrations Systems, Inc., to GMAC Mortgage, LLC (fka GMAC

26 Mortgage Corporation). On March 25, 2013, the Deed of Trust was assigned to U.S. Bank

27 National Association, a Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through

28 Certificates, Series 2006-AR7.

1  On February 16, 2013, the servicing of the subject loan transferred from GMAC Mortgage,

2  LLC to Ocwen Loan Servicing, LLC.

3  **SPECIAL INTERROGATORY NO. 6:**

4  Describe how, when, and from whom OCWEN acquired any interest OCWEN has or

5  previously had in THE PROPERTY, regarding or relating to ownership, THE NOTE, or any lien

6  on THE PROPERTY.

7  **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

8  Responding party objects to the extent the request seeks information protected by the

9  attorney-client privilege and the attorney work product doctrine. Responding party further objects

10  that the request seeks information that is not reasonably calculated to lead to the discovery of

11  admissible evidence.

12  Subject to and without waiving the foregoing objections, responding party responds as

13  follows: In a deed of trust, dated March 15, 2006, plaintiff and non-party Nationwide Lending

14  Group, entered into a loan agreement whereby Nationwide Lending loaned plaintiff $1.3 million

15  (the "Deed of Trust") which was secured by real property located at 8613 Franklin Avenue, Los

16  Angeles, California 90069 (the "Property"). On July 5, 2011, the Deed of Trust was assigned by

17  Mortgage Electronic Registrations Systems, Inc., to GMAC Mortgage, LLC (fka GMAC

18  Mortgage Corporation). On March 25, 2013, the Deed of Trust was assigned to U.S. Bank

19  National Association, a Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through

20  Certificates, Series 2006-AR7.

21  On February 16, 2013, the servicing of the subject loan transferred from GMAC Mortgage,

22  LLC to Ocwen Loan Servicing, LLC.

23  **SPECIAL INTERROGATORY NO. 7:**

24  Describe how, when, and to whom YOU transferred any interest YOU previously had in

25  THE PROPERTY, regarding or relating to ownership, THE NOTE, or any lien on THE

26  PROPERTY.

27

28

**RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responding party responds as follows: In a deed of trust, dated March 15, 2006, plaintiff and non-party Nationwide Lending Group, entered into a loan agreement whereby Nationwide Lending loaned plaintiff $1.3 million (the "Deed of Trust") which was secured by real property located at 8613 Franklin Avenue, Los Angeles, California 90069 (the "Property"). On July 5, 2011, the Deed of Trust was assigned by Mortgage Electronic Registrations Systems, Inc., to GMAC Mortgage, LLC (fka GMAC Mortgage Corporation). On March 25, 2013, the Deed of Trust was assigned to U.S. Bank National Association, a Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7.

On February 16, 2013, the servicing of the subject loan transferred from GMAC Mortgage, LLC to Ocwen Loan Servicing, LLC.

**SPECIAL INTERROGATORY NO. 8:**

Describe any and all actions taken by YOU to record in the public record any interest YOU have or previously had in THE PROPERTY.

**RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responding party responds as follows: The subject deed of trust and assignments were recorded with the Los Angeles County Recorder.

**SPECIAL INTERROGATORY NO. 9:**

Describe any and all actions taken by YOU to record in the public record the transfer by YOU to any other person or entity any interest YOU previously had in THE PROPERTY.

**RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responding party responds as follows: The subject deed of trust and assignments were recorded with the Los Angeles County Recorder.

**SPECIAL INTERROGATORY NO. 10:**

Describe any and all actions taken by YOU to inform SILVER of any interest YOU have or previously had in THE PROPERTY.

**RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responding party responds as follows: Responding party and Ocwen notified plaintiff of the assignment of the deeds of trust through the recorded assignments and written correspondence to plaintiff.

**SPECIAL INTERROGATORY NO. 11:**

Describe any and all actions taken by YOU to inform SILVER of any interest any other person or entity has or previously had in THE PROPERTY.

**RESPONSE TO SPECIAL INTERROGATORY NO. 11:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects

1  that the request seeks information that is not reasonably calculated to lead to the discovery of

2  admissible evidence.

3       Subject to and without waiving the foregoing objections, responding party responds as

4  follows: Responding party and Ocwen notified plaintiff of the assignment of the deeds of trust

5  through the recorded assignments and written correspondence to plaintiff.

6  **SPECIAL INTERROGATORY NO. 12:**

7       Identify by name, address, and telephone number each and every owner of THE NOTE or

8  the corresponding lien on THE PROPERTY.

9  **RESPONSE TO SPECIAL INTERROGATORY NO. 12:**

10      Responding party objects to the extent the request seeks information protected by the

11  attorney-client privilege and the attorney work product doctrine. Responding party further objects

12  that the request seeks information that is not reasonably calculated to lead to the discovery of

13  admissible evidence. Responding party further objects that the interrogatory is vague and

14  ambiguous. Responding party further objects that the interrogatory is burdensome and oppressive.

15  **SPECIAL INTERROGATORY NO. 13:**

16      Provide the address, telephone number, email, and any other contact information you have

17  for "Jacqueline Keeley."

18  **RESPONSE TO SPECIAL INTERROGATORY NO. 13:**

19      Responding party objects to the extent the request seeks information protected by the

20  attorney-client privilege and the attorney work product doctrine. Responding party further objects

21  that the request seeks information that is not reasonably calculated to lead to the discovery of

22  admissible evidence. Responding party further objects that the interrogatory is vague and

23  ambiguous. Responding party further objects that the interrogatory is burdensome and oppressive.

24  Responding party further objects to the rights of privacy of the person to whom plaintiff is seeking

25  personal information.

26  **SPECIAL INTERROGATORY NO. 14:**

27      Provide the address, telephone number, email, and any other contact information  you

28  have for "Keli D. Smith."

1    **RESPONSE TO SPECIAL INTERROGATORY NO. 14:**

2        Responding party objects to the extent the request seeks information protected by the

3    attorney-client privilege and the attorney work product doctrine.  Responding party further objects

4    that the request seeks information that is not reasonably calculated to lead to the discovery of

5    admissible evidence.  Responding party further objects that the interrogatory is vague and

6    ambiguous.  Responding party further objects that the interrogatory is burdensome and oppressive.

7    Responding party further objects to the rights of privacy of the person to whom plaintiff is seeking

8    personal information.

9    **SPECIAL INTERROGATORY NO. 15:**

10        Describe all factors which went into YOUR decision to purportedly assign the servicing

11    rights to THE NOTE to OCWEN on or about February 6, 2012.

12    **RESPONSE TO SPECIAL INTERROGATORY NO. 15:**

13        Responding party objects to the extent the request seeks information protected by the

14    attorney-client privilege and the attorney work product doctrine.  Responding party further objects

15    that the request seeks information that is not reasonably calculated to lead to the discovery of

16    admissible evidence.  Responding party further objects that the interrogatory is vague and

17    ambiguous.

18    **SPECIAL INTERROGATORY NO. 16:**

19        Describe all factors which went into YOUR decision to purportedly assign all beneficial

20    interest in the deed of trust associated with THE NOTE to "U.S. Bank National Association, as

21    Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through   Certificates, Series

22    2006-AR7" via a document dated March 25, 2013, titled "Assignment of Deed of Trust," and

23    executed by a person signing as "Keli D. Smith, Authorized Officer."

24    **RESPONSE TO SPECIAL INTERROGATORY NO. 16:**

25        Responding party objects to the extent the request seeks information protected by the

26    attorney-client privilege and the attorney work product doctrine.  Responding party further objects

27    that the request seeks information that is not reasonably calculated to lead to the discovery of

28

19000.1384/2867053.1                                           -9-

GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF'S SPROGS, (1)

1 admissible evidence. Responding party further objects that the interrogatory is vague and

2 ambiguous.

3 **SPECIAL INTERROGATORY NO. 17:**

4     Provide any and all facts which YOU allege support the contention in YOUR Second

5 Affirmative Defense to the claims in this case that "Plaintiff has waived her right to seek the relief

6 herein due to her own acts and/or omissions."

7 **RESPONSE TO SPECIAL INTERROGATORY NO. 17:**

8 Responding party objects to the extent the request seeks information protected by the attorney-

9 client privilege and the attorney work product doctrine. Responding party further objects that the

10 request seeks information that is not reasonably calculated to lead to the discovery of admissible

11 evidence because responding party has not made any claims for loss of property or incurred any

12 damages that it is seeking against the propounding party.

13     Subject to and without waiving the foregoing objections, responding party responds as

14 follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded

15 to the operative complaint by filing a general denial rather than specifically responding to each

16 allegation contained therein. Because there are no specific denials of material allegations set forth

17 in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

18 material allegations" are inapplicable.

19     As to alleged affirmative defenses, responding party objects to this interrogatory on the

20 ground that it is premature. Responding party has pled its affirmative defenses as a matter of right

21 to preserve certain issues that may arise at trial and must be introduced by way of affirmative

22 defenses. However, responding party's factual investigation and legal research concerning each

23 matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

24 use and rely upon subsequent developed facts, information and legal theories, as well as expert

25 analysis and opinion, at hearings and at the trial of this action as such information is developed

26 and becomes available. The inability of responding to provide specific facts, witnesses or

27 documents supporting each and every one of its affirmative defenses shall not be construed as a

28 waiver of such affirmative defense nor an admission that such a defense lacks merit.

**SPECIAL INTERROGATORY NO. 18:**

Provide any and all facts which YOU allege support the contention in YOUR Third Affirmative Defense to the claims in this case that "Plaintiff . . . is estopped from recovery herein."

**RESPONSE TO SPECIAL INTERROGATORY NO. 18:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because responding party has not made any claims for loss of property or incurred any damages that it is seeking against the propounding party.

Subject to and without waiving the foregoing objections, responding party responds as follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded to the operative complaint by filing a general denial rather than specifically responding to each allegation contained therein. Because there are no specific denials of material allegations set forth in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of material allegations" are inapplicable.

As to alleged affirmative defenses, responding party objects to this interrogatory on the ground that it is premature. Responding party has pled its affirmative defenses as a matter of right to preserve certain issues that may arise at trial and must be introduced by way of affirmative defenses. However, responding party's factual investigation and legal research concerning each matter addressed in this discovery is ongoing, and responding party therefore reserves the right to use and rely upon subsequent developed facts, information and legal theories, as well as expert analysis and opinion, at hearings and at the trial of this action as such information is developed and becomes available. The inability of responding to provide specific facts, witnesses or documents supporting each and every one of its affirmative defenses shall not be construed as a waiver of such affirmative defense nor an admission that such a defense lacks merit.

1    **SPECIAL INTERROGATORY NO. 19:**

2        Provide any and all facts which YOU allege support the contention in YOUR Fourth

3    Affirmative Defense to the claims in this case that SILVER's claims are barred by the statute of

4    limitations.

5    **RESPONSE TO SPECIAL INTERROGATORY NO. 19:**

6    Responding party objects to the extent the request seeks information protected by the attorney-

7    client privilege and the attorney work product doctrine. Responding party further objects that the

8    request seeks information that is not reasonably calculated to lead to the discovery of admissible

9    evidence because responding party has not made any claims for loss of property or incurred any

10   damages that it is seeking against the propounding party.

11       Subject to and without waiving the foregoing objections, responding party responds as

12   follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded

13   to the operative complaint by filing a general denial rather than specifically responding to each

14   allegation contained therein. Because there are no specific denials of material allegations set forth

15   in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

16   material allegations" are inapplicable.

17       As to alleged affirmative defenses, responding party objects to this interrogatory on the

18   ground that it is premature. Responding party has pled its affirmative defenses as a matter of right

19   to preserve certain issues that may arise at trial and must be introduced by way of affirmative

20   defenses. However, responding party's factual investigation and legal research concerning each

21   matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

22   use and rely upon subsequent developed facts, information and legal theories, as well as expert

23   analysis and opinion, at hearings and at the trial of this action as such information is developed

24   and becomes available. The inability of responding to provide specific facts, witnesses or

25   documents supporting each and every one of its affirmative defenses shall not be construed as a

26   waiver of such affirmative defense nor an admission that such a defense lacks merit.

27

28

1  **SPECIAL INTERROGATORY NO. 20:**

2        Provide any and all facts which YOU allege support the contention in YOUR Sixth

3  Affirmative Defense to the claims in this case that SILVER's injuries and/or damages were "the

4  result of the . . wrongful acts of third parties."

5  **RESPONSE TO SPECIAL INTERROGATORY NO. 20:**

6  Responding party objects to the extent the request seeks information protected by the attorney-

7  client privilege and the attorney work product doctrine. Responding party further objects that the

8  request seeks information that is not reasonably calculated to lead to the discovery of admissible

9  evidence because responding party has not made any claims for loss of property or incurred any

10  damages that it is seeking against the propounding party.

11        Subject to and without waiving the foregoing objections, responding party responds as

12  follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded

13  to the operative complaint by filing a general denial rather than specifically responding to each

14  allegation contained therein. Because there are no specific denials of material allegations set forth

15  in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

16  material allegations" are inapplicable.

17        As to alleged affirmative defenses, responding party objects to this interrogatory on the

18  ground that it is premature. Responding party has pled its affirmative defenses as a matter of right

19  to preserve certain issues that may arise at trial and must be introduced by way of affirmative

20  defenses. However, responding party's factual investigation and legal research concerning each

21  matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

22  use and rely upon subsequent developed facts, information and legal theories, as well as expert

23  analysis and opinion, at hearings and at the trial of this action as such information is developed

24  and becomes available. The inability of responding to provide specific facts, witnesses or

25  documents supporting each and every one of its affirmative defenses shall not be construed as a

26  waiver of such affirmative defense nor an admission that such a defense lacks merit.

27

28

**SPECIAL INTERROGATORY NO. 21:**

Provide any and all facts which YOU allege support the contention in YOUR Ninth Affirmative Defense to the claims in this case that SILVER's "claims are barred, in whole or in part, by operation of the doctrine of unclean hands."

**RESPONSE TO SPECIAL INTERROGATORY NO. 21:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because responding party has not made any claims for loss of property or incurred any damages that it is seeking against the propounding party.

Subject to and without waiving the foregoing objections, responding party responds as follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded to the operative complaint by filing a general denial rather than specifically responding to each allegation contained therein. Because there are no specific denials of material allegations set forth in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of material allegations" are inapplicable.

As to alleged affirmative defenses, responding party objects to this interrogatory on the ground that it is premature. Responding party has pled its affirmative defenses as a matter of right to preserve certain issues that may arise at trial and must be introduced by way of affirmative defenses. However, responding party's factual investigation and legal research concerning each matter addressed in this discovery is ongoing, and responding party therefore reserves the right to use and rely upon subsequent developed facts, information and legal theories, as well as expert analysis and opinion, at hearings and at the trial of this action as such information is developed and becomes available. The inability of responding to provide specific facts, witnesses or documents supporting each and every one of its affirmative defenses shall not be construed as a waiver of such affirmative defense nor an admission that such a defense lacks merit.

**SPECIAL INTERROGATORY NO. 22:**

Provide any and all facts which YOU allege support the contention in YOUR Tenth Affirmative Defense to the claims in this case that SILVER's "claims are barred, in whole or in part, by operation of the doctrine of laches."

**RESPONSE TO SPECIAL INTERROGATORY NO. 22:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because responding party has not made any claims for loss of property or incurred any damages that it is seeking against the propounding party.

Subject to and without waiving the foregoing objections, responding party responds as follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded to the operative complaint by filing a general denial rather than specifically responding to each allegation contained therein. Because there are no specific denials of material allegations set forth in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of material allegations" are inapplicable.

As to alleged affirmative defenses, responding party objects to this interrogatory on the ground that it is premature. Responding party has pled its affirmative defenses as a matter of right to preserve certain issues that may arise at trial and must be introduced by way of affirmative defenses. However, responding party's factual investigation and legal research concerning each matter addressed in this discovery is ongoing, and responding party therefore reserves the right to use and rely upon subsequent developed facts, information and legal theories, as well as expert analysis and opinion, at hearings and at the trial of this action as such information is developed and becomes available. The inability of responding to provide specific facts, witnesses or documents supporting each and every one of its affirmative defenses shall not be construed as a waiver of such affirmative defense nor an admission that such a defense lacks merit.

1    **SPECIAL INTERROGATORY NO. 23:**

2      Provide any and all facts which YOU allege support YOUR Eleventh Affirmative Defense

3    to the claims in this case.

4    **RESPONSE TO SPECIAL INTERROGATORY NO. 23:**

5    Responding party objects to the extent the request seeks information protected by the attorney-

6    client privilege and the attorney work product doctrine.  Responding party further objects that the

7    request seeks information that is not reasonably calculated to lead to the discovery of admissible

8    evidence because responding party has not made any claims for loss of property or incurred any

9    damages that it is seeking against the propounding party.

10      Subject to and without waiving the foregoing objections, responding party responds as

11    follows:  As permitted by Code of Civil Procedure section 431.30(d), responding party responded

12    to the operative complaint by filing a general denial rather than specifically responding to each

13    allegation contained therein.  Because there are no specific denials of material allegations set forth

14    in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

15    material allegations" are inapplicable.

16      As to alleged affirmative defenses, responding party objects to this interrogatory on the

17    ground that it is premature.  Responding party has pled its affirmative defenses as a matter of right

18    to preserve certain issues that may arise at trial and must be introduced by way of affirmative

19    defenses.  However, responding party's factual investigation and legal research concerning each

20    matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

21    use and rely upon subsequent developed facts, information and legal theories, as well as expert

22    analysis and opinion, at hearings and at the trial of this action as such information is developed

23    and becomes available.  The inability of responding to provide specific facts, witnesses or

24    documents supporting each and every one of its affirmative defenses shall not be construed as a

25    waiver of such affirmative defense nor an admission that such a defense lacks merit.

26    **SPECIAL INTERROGATORY NO. 24:**

27      Provide any and all facts which YOU allege support YOUR Twelfth Affirmative Defense

28    to the claims in this case.

**RESPONSE TO SPECIAL INTERROGATORY NO. 24:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence because responding party has not made any claims for loss of property or incurred any damages that it is seeking against the propounding party.

Subject to and without waiving the foregoing objections, responding party responds as follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded to the operative complaint by filing a general denial rather than specifically responding to each allegation contained therein. Because there are no specific denials of material allegations set forth in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of material allegations" are inapplicable.

As to alleged affirmative defenses, responding party objects to this interrogatory on the ground that it is premature. Responding party has pled its affirmative defenses as a matter of right to preserve certain issues that may arise at trial and must be introduced by way of affirmative defenses. However, responding party's factual investigation and legal research concerning each matter addressed in this discovery is ongoing, and responding party therefore reserves the right to use and rely upon subsequent developed facts, information and legal theories, as well as expert analysis and opinion, at hearings and at the trial of this action as such information is developed and becomes available. The inability of responding to provide specific facts, witnesses or documents supporting each and every one of its affirmative defenses shall not be construed as a waiver of such affirmative defense nor an admission that such a defense lacks merit.

**SPECIAL INTERROGATORY NO. 25:**

Provide any and all facts which YOU allege support the contention in YOUR Thirteenth Affirmative Defense to the claims in this case that SILVER's injuries and/or damages were "proximately caused by the conduct of parties other than Defendant."

**RESPONSE TO SPECIAL INTERROGATORY NO. 25:**

Responding party objects to the extent the request seeks information protected by the attorney-

1  client privilege and the attorney work product doctrine. Responding party further objects that the

2  request seeks information that is not reasonably calculated to lead to the discovery of admissible

3  evidence because responding party has not made any claims for loss of property or incurred any

4  damages that it is seeking against the propounding party.

5       Subject to and without waiving the foregoing objections, responding party responds as

6  follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded

7  to the operative complaint by filing a general denial rather than specifically responding to each

8  allegation contained therein. Because there are no specific denials of material allegations set forth

9  in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

10  material allegations" are inapplicable.

11       As to alleged affirmative defenses, responding party objects to this interrogatory on the

12  ground that it is premature. Responding party has pled its affirmative defenses as a matter of right

13  to preserve certain issues that may arise at trial and must be introduced by way of affirmative

14  defenses. However, responding party's factual investigation and legal research concerning each

15  matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

16  use and rely upon subsequent developed facts, information and legal theories, as well as expert

17  analysis and opinion, at hearings and at the trial of this action as such information is developed

18  and becomes available. The inability of responding to provide specific facts, witnesses or

19  documents supporting each and every one of its affirmative defenses shall not be construed as a

20  waiver of such affirmative defense nor an admission that such a defense lacks merit.

21  **SPECIAL INTERROGATORY NO. 26:**

22       Provide any and all facts which YOU allege support the contention in YOUR Fifteenth

23  Affirmative Defense to the claims in this case that SILVER has failed to mitigate her damages.

24  **RESPONSE TO SPECIAL INTERROGATORY NO. 26:**

25  Responding party objects to the extent the request seeks information protected by the attorney-

26  client privilege and the attorney work product doctrine. Responding party further objects that the

27  request seeks information that is not reasonably calculated to lead to the discovery of admissible

28  evidence because responding party has not made any claims for loss of property or incurred any

1  damages that it is seeking against the propounding party.

2    Subject to and without waiving the foregoing objections, responding party responds as

3  follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded

4  to the operative complaint by filing a general denial rather than specifically responding to each

5  allegation contained therein. Because there are no specific denials of material allegations set forth

6  in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

7  material allegations" are inapplicable.

8    As to alleged affirmative defenses, responding party objects to this interrogatory on the

9  ground that it is premature. Responding party has pled its affirmative defenses as a matter of right

10  to preserve certain issues that may arise at trial and must be introduced by way of affirmative

11  defenses. However, responding party's factual investigation and legal research concerning each

12  matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

13  use and rely upon subsequent developed facts, information and legal theories, as well as expert

14  analysis and opinion, at hearings and at the trial of this action as such information is developed

15  and becomes available. The inability of responding to provide specific facts, witnesses or

16  documents supporting each and every one of its affirmative defenses shall not be construed as a

17  waiver of such affirmative defense nor an admission that such a defense lacks merit.

18  **SPECIAL INTERROGATORY NO. 27:**

19    Provide any and all facts which YOU allege support YOUR Sixteenth Affirmative Defense

20  to the claims in this case.

21  **RESPONSE TO SPECIAL INTERROGATORY NO. 27:**

22  Responding party objects to the extent the request seeks information protected by the attorney-

23  client privilege and the attorney work product doctrine. Responding party further objects that the

24  request seeks information that is not reasonably calculated to lead to the discovery of admissible

25  evidence because responding party has not made any claims for loss of property or incurred any

26  damages that it is seeking against the propounding party.

27    Subject to and without waiving the foregoing objections, responding party responds as

28  follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded

1  to the operative complaint by filing a general denial rather than specifically responding to each

2  allegation contained therein. Because there are no specific denials of material allegations set forth

3  in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

4  material allegations" are inapplicable.

5        As to alleged affirmative defenses, responding party objects to this interrogatory on the

6  ground that it is premature. Responding party has pled its affirmative defenses as a matter of right

7  to preserve certain issues that may arise at trial and must be introduced by way of affirmative

8  defenses. However, responding party's factual investigation and legal research concerning each

9  matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

10  use and rely upon subsequent developed facts, information and legal theories, as well as expert

11  analysis and opinion, at hearings and at the trial of this action as such information is developed

12  and becomes available. The inability of responding to provide specific facts, witnesses or

13  documents supporting each and every one of its affirmative defenses shall not be construed as a

14  waiver of such affirmative defense nor an admission that such a defense lacks merit.

15  **SPECIAL INTERROGATORY NO. 28:**

16        Provide any and all facts which YOU allege support YOUR Seventeenth Affirmative

17  Defense to the claims in this case.

18  **RESPONSE TO SPECIAL INTERROGATORY NO. 28:**

19  Responding party objects to the extent the request seeks information protected by the attorney-

20  client privilege and the attorney work product doctrine. Responding party further objects that the

21  request seeks information that is not reasonably calculated to lead to the discovery of admissible

22  evidence because responding party has not made any claims for loss of property or incurred any

23  damages that it is seeking against the propounding party.

24        Subject to and without waiving the foregoing objections, responding party responds as

25  follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded

26  to the operative complaint by filing a general denial rather than specifically responding to each

27  allegation contained therein. Because there are no specific denials of material allegations set forth

28  in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

1 | material allegations" are inapplicable.

2 |      As to alleged affirmative defenses, responding party objects to this interrogatory on the

3 | ground that it is premature. Responding party has pled its affirmative defenses as a matter of right

4 | to preserve certain issues that may arise at trial and must be introduced by way of affirmative

5 | defenses. However, responding party's factual investigation and legal research concerning each

6 | matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

7 | use and rely upon subsequent developed facts, information and legal theories, as well as expert

8 | analysis and opinion, at hearings and at the trial of this action as such information is developed

9 | and becomes available. The inability of responding to provide specific facts, witnesses or

10 | documents supporting each and every one of its affirmative defenses shall not be construed as a

11 | waiver of such affirmative defense nor an admission that such a defense lacks merit.

12 | **SPECIAL INTERROGATORY NO. 29:**

13 |      Provide any and all facts which YOU allege support the contention in YOUR Eighteenth

14 | Affirmative Defense to the claims in this case that SILVER has intentionally violated the

15 | provisions of the Rosenthal Fair Debt Collection Practices Act.

16 | **RESPONSE TO SPECIAL INTERROGATORY NO. 29:**

17 | Responding party objects to the extent the request seeks information protected by the attorney-

18 | client privilege and the attorney work product doctrine. Responding party further objects that the

19 | request seeks information that is not reasonably calculated to lead to the discovery of admissible

20 | evidence because responding party has not made any claims for loss of property or incurred any

21 | damages that it is seeking against the propounding party.

22 |      Subject to and without waiving the foregoing objections, responding party responds as

23 | follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded

24 | to the operative complaint by filing a general denial rather than specifically responding to each

25 | allegation contained therein. Because there are no specific denials of material allegations set forth

26 | in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

27 | material allegations" are inapplicable.

28 |

1    As to alleged affirmative defenses, responding party objects to this interrogatory on the

2    ground that it is premature. Responding party has pled its affirmative defenses as a matter of right

3    to preserve certain issues that may arise at trial and must be introduced by way of affirmative

4    defenses. However, responding party's factual investigation and legal research concerning each

5    matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

6    use and rely upon subsequent developed facts, information and legal theories, as well as expert

7    analysis and opinion, at hearings and at the trial of this action as such information is developed

8    and becomes available. The inability of responding to provide specific facts, witnesses or

9    documents supporting each and every one of its affirmative defenses shall not be construed as a

10    waiver of such affirmative defense nor an admission that such a defense lacks merit.

11    **SPECIAL INTERROGATORY NO. 30:**

12    Provide any and all facts which YOU allege support the contention in YOUR Nineteenth

13    Affirmative Defense to the claims in this case that SILVER's damages resulted from a bona fide

14    error.

15    **RESPONSE TO SPECIAL INTERROGATORY NO. 30:**

16    Responding party objects to the extent the request seeks information protected by the attorney-

17    client privilege and the attorney work product doctrine. Responding party further objects that the

18    request seeks information that is not reasonably calculated to lead to the discovery of admissible

19    evidence because responding party has not made any claims for loss of property or incurred any

20    damages that it is seeking against the propounding party.

21    Subject to and without waiving the foregoing objections, responding party responds as

22    follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded

23    to the operative complaint by filing a general denial rather than specifically responding to each

24    allegation contained therein. Because there are no specific denials of material allegations set forth

25    in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

26    material allegations" are inapplicable.

27    As to alleged affirmative defenses, responding party objects to this interrogatory on the

28    ground that it is premature. Responding party has pled its affirmative defenses as a matter of right

1  to preserve certain issues that may arise at trial and must be introduced by way of affirmative

2  defenses. However, responding party's factual investigation and legal research concerning each

3  matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

4  use and rely upon subsequent developed facts, information and legal theories, as well as expert

5  analysis and opinion, at hearings and at the trial of this action as such information is developed

6  and becomes available. The inability of responding to provide specific facts, witnesses or

7  documents supporting each and every one of its affirmative defenses shall not be construed as a

8  waiver of such affirmative defense nor an admission that such a defense lacks merit.

9  **SPECIAL INTERROGATORY NO. 31:**

10         Provide any and all facts which YOU allege support YOUR Twentieth Affirmative

11  Defense to the claims in this case.

12  **RESPONSE TO SPECIAL INTERROGATORY NO. 31:**

13  Responding party objects to the extent the request seeks information protected by the attorney-

14  client privilege and the attorney work product doctrine. Responding party further objects that the

15  request seeks information that is not reasonably calculated to lead to the discovery of admissible

16  evidence because responding party has not made any claims for loss of property or incurred any

17  damages that it is seeking against the propounding party.

18         Subject to and without waiving the foregoing objections, responding party responds as

19  follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded

20  to the operative complaint by filing a general denial rather than specifically responding to each

21  allegation contained therein. Because there are no specific denials of material allegations set forth

22  in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

23  material allegations" are inapplicable.

24         As to alleged affirmative defenses, responding party objects to this interrogatory on the

25  ground that it is premature. Responding party has pled its affirmative defenses as a matter of right

26  to preserve certain issues that may arise at trial and must be introduced by way of affirmative

27  defenses. However, responding party's factual investigation and legal research concerning each

28  matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

1 use and rely upon subsequent developed facts, information and legal theories, as well as expert

2 analysis and opinion, at hearings and at the trial of this action as such information is developed

3 and becomes available. The inability of responding to provide specific facts, witnesses or

4 documents supporting each and every one of its affirmative defenses shall not be construed as a

5 waiver of such affirmative defense nor an admission that such a defense lacks merit.

6 **SPECIAL INTERROGATORY NO. 32:**

7  Provide any and all facts which YOU allege support YOUR Twenty-First Affirmative

8 Defense to the claims in this case.

9 **RESPONSE TO SPECIAL INTERROGATORY NO. 32:**

10 Responding party objects to the extent the request seeks information protected by the attorney-

11 client privilege and the attorney work product doctrine. Responding party further objects that the

12 request seeks information that is not reasonably calculated to lead to the discovery of admissible

13 evidence because responding party has not made any claims for loss of property or incurred any

14 damages that it is seeking against the propounding party.

15  Subject to and without waiving the foregoing objections, responding party responds as

16 follows: As permitted by Code of Civil Procedure section 431.30(d), responding party responded

17 to the operative complaint by filing a general denial rather than specifically responding to each

18 allegation contained therein. Because there are no specific denials of material allegations set forth

19 in responding party's answer, subparts (a) through (c) of this interrogatory as related to "denial of

20 material allegations" are inapplicable.

21  As to alleged affirmative defenses, responding party objects to this interrogatory on the

22 ground that it is premature. Responding party has pled its affirmative defenses as a matter of right

23 to preserve certain issues that may arise at trial and must be introduced by way of affirmative

24 defenses. However, responding party's factual investigation and legal research concerning each

25 matter addressed in this discovery is ongoing, and responding party therefore reserves the right to

26 use and rely upon subsequent developed facts, information and legal theories, as well as expert

27 analysis and opinion, at hearings and at the trial of this action as such information is developed

28 and becomes available. The inability of responding to provide specific facts, witnesses or

GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF'S SPROGS, (1)

1  documents supporting each and every one of its affirmative defenses shall not be construed as a

2  waiver of such affirmative defense nor an admission that such a defense lacks merit.

3  **SPECIAL INTERROGATORY NO. 33:**

4      Provide the name, address, and telephone number of any individual who assisted in the

5  preparation of the responses to these Special Interrogatories, the responses to Francine Silver's

6  Requests for Production of Documents to GMAC Mortgage, LLC, Set One, or the responses to

7  Francine Silver's Requests for Admissions to GMAC Mortgage, LLC Set One.

8  **RESPONSE TO SPECIAL INTERROGATORY NO. 33:**

9      Responding party objects to the extent the request seeks information protected by the

10  attorney-client privilege and the attorney work product doctrine.  Responding party further objects

11  that the request seeks information that is not reasonably calculated to lead to the discovery of

12  admissible evidence.

13      Subject to and without waiving the foregoing objections, responding party responds as

14  follows:  Kyle Lucas, Senior Loan Analyst employed by Ocwen Financial Corporation, whose

15  indirect subsidiary is Ocwen Loan Servicing, LLC, which is the current servicer for the

16  beneficiary of the subject loan and the successor loan servicer to GMAC Mortgage, LLC; c/o

17  defendants' counsel.

18

19  DATED:  March 31, 2014                SEVERSON & WERSON
                                                                           A Professional Corporation
20

21

22                                                            By: _____

23                                                                           DAVID M. LIU

24                                                            Attorneys for Defendant
                                                                           GMAC MORTGAGE, LLC; and
25                                                            OCWEN LOAN SERVICING, LLC

26

27

28

19000.1384/2867053.1                          -25-

GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF'S SPROGS, (1)

1

## **VERIFICATION**

2    I, _Kyle Locas_, am a Senior Loan Analyst employed by Ocwen Financial

3  Corporation, whose indirect subsidiary is Ocwen Loan Servicing, LLC, which is the current

4  servicer for the beneficiary of the subject loan and the successor loan servicer to GMAC

5  Mortgage, LLC, and am authorized to make this verification on its behalf.

6    I have read the foregoing GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF

7  FRANCINE SILVER'S SPECIAL INTERROGATORIES, SET ONE (1) and know its contents.  I

8  am informed and believe that the matters stated therein are true.

9    I declare under penalty of perjury under the laws of the State of California that the

10  foregoing is true and correct and that this verification was executed on this 27th day of March

11  2014, in _Coppell_, _Texas_.

12

13    By: _[signature]_

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PROOF OF SERVICE**

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On March 31, 2014, I served the **ORIGINAL** of the following document(s): **GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF FRANCINE SILVER'S SPECIAL INTERROGATORIES, SET ONE (1)** on the interested parties in this action as follows:

| | |
|---|---|
| Ehud Gersten, Esq. | Attorneys for Plaintiff FRANCINE SILVER |
| GERSTEN LAW GROUP | |
| 3115 Fourth Avenue | Telephone: (619) 600-0098 |
| San Diego, CA 92103 | Email: egersten@gerstenlaw.com |

☐     **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒     **BY E-MAIL OR ELECTRONIC TRANSMISSION: By agreement of the parties or by court order,** I caused a copy of the document(s) to be sent from e-mail address rjb@severson.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒     **BY FEDEX OVERNIGHT:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 31, 2014, at Irvine, California.

_RYAN J. BROOKS_

19000.1384/2867053.1

PROOF OF SERVICE

1  ROBERT J. GANDY (State Bar No. 225405)
   DAVID M. LIU (State Bar No. 216311)
2  SEVERSON & WERSON
   A Professional Corporation
3  The Atrium
   19100 Von Karman Avenue, Suite 700
4  Irvine, California 92612
   Telephone: (949) 442-7110
5  Facsimile: (949) 442-7118

6  JOHN B. SULLIVAN (State Bar No. 96742)
   SEVERSON & WERSON
7  A Professional Corporation
   One Embarcadero Center, Suite 2600
8  San Francisco, California 94111
   Telephone: (415) 398-3344
9  Facsimile: (415) 956-0439

10 Attorneys for Defendant
   GMAC MORTGAGE, LLC; and
11 OCWEN LOAN SERVICING, LLC

12

13                    **SUPERIOR COURT OF CALIFORNIA**

14          **COUNTY OF LOS ANGELES — WEST DISTRICT**

15                    **SANTA MONICA COURTHOUSE**

16 FRANCINE SILVER,                          Case No. SC118412
                                             Assigned for All Purposes to:
17          Plaintiff,                       Hon. Allan J. Goodman
                                             Dept. WE "P"
18      vs.

19 GMAC MORTGAGE, LLC, a limited liability   **GMAC MORTGAGE, LLC'S**
   company,                                  **RESPONSES TO PLAINTIFF FRANCINE**
20                                           **SILVER'S REQUESTS FOR**
            Defendant.                       **PRODUCTION, SET ONE (I)**
21
                                             Action Filed:    September 17, 2012
22                                           Trial Date:      None Set

23 **PROPOUNDING PARTY:**    PLAINTIFF FRANCINE SILVER

24 **RESPONDING PARTY:**     GMAC MORTGAGE, LLC

25 **SET NO.:**              ONE (1)

26      Pursuant to Code of Civil Procedure sections 2031.210, et seq., Defendant GMAC

27 MORTGAGE, LLC ("GMAC") responds to Plaintiff Francine Silver's Request for Production

28 of Documents, Set Number One, as follows:

19000.1384/2867001.1

1    Defendant GMAC provides the following responses to plaintiff's First Set of Requests for

2  Production. In providing these responses, GMAC notes that it has not yet completed discovery in

3  the referenced action, nor has it completed its investigation regarding the factual basis of

4  plaintiff's claims. GMAC reserves its right to rely on any information or other evidence which

5  may develop or come to GMAC attention at a later time. GMAC's objections and reservations as

6  set forth herein are made without prejudice to GMAC's right to assert any additional or

7  supplemental objections or reservations should GMAC discover additional grounds for such

8  objections or reservations.

9    By making these responses, GMAC does not concede that the matters stated in its

10  responses are properly discoverable or admissible, and reserves its right to object to further

11  discovery into such matters and to the introduction of these responses into evidence.

12                      **GENERAL OBJECTIONS**

13    GMAC makes the following general objections to each Request for Production. The

14  assertion of the same, similar, or additional objections or the provision of a response to these

15  Requests for Production waives none of GMAC's objections as set forth below:

16    1.    GMAC objects to each Request for Production to the extent that it purports to

17  impose any burden or obligation in excess of the requirements of the discovery provisions of the

18  California Code of Civil Procedure.

19    2.    GMAC objects to each Request for Production to the extent it is unduly

20  burdensome, annoying, harassing, oppressive, over-broad, seeks information neither relevant to

21  the subject matter of the action nor reasonably calculated to lead to the discovery of admissible

22  evidence and exceeds the bounds of the legitimate purposes of discovery.

23    3.    GMAC objects to each and every Request for Production to the extent it seeks

24  information protected by any applicable privilege, including, without limitation, the attorney-client

25  privilege or the work product doctrine. GMAC reserves the right to object at any time before or at

26  trial to the introduction into evidence or the use of any privileged information that has been

27  revealed or produced inadvertently.

28

19000.1384/2867001.1                    -2-

GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF'S RFPD, (1)

1   4.  GMAC objects to the Requests for Production, and to each one individually, to the

2 extent it purports to require the disclosure of the content and/or basis of expert consultants'

3 investigations, or expert testimony which GMAC intends to offer in this action. No mutual

4 disclosure of experts has taken place, and GMAC has not yet determined which experts will testify at

5 the trial on its behalf.

6   5.  GMAC further objects to each and every Request for Production to the extent it

7 seeks information known to plaintiff, plaintiff's agents, or other business entities owned or

8 controlled by plaintiff or its agents, or equally available to plaintiff.

9   6.  By making these responses, GMAC does not concede that any information given is

10 properly discoverable or admissible. GMAC expressly reserves the right to object to further

11 discovery into the subject matter encompassed by the Requests for Production and to object to the

12 introduction into evidence of these responses. GMAC further expressly reserves the right to rely

13 on any further, additional or different facts, documents or other information which may develop or

14 come to its attention. GMAC responses as set forth herein are made without prejudice to GMAC's

15 right to assert additional responses or grounds for objections.

16   7.  GMAC objects to each and every Request for Production on the grounds that

17 discovery is not complete in this action. To the extent that plaintiff requests "all" information,

18 GMAC will make a good faith determination of, and review, the information which is likely to be

19 responsive. To the extent that plaintiff requests GMAC to disclose information from all sources,

20 GMAC objects on the grounds that such a request is unduly burdensome and/or expensive, taking

21 into account the needs of the case and the limitations on the parties' resources.

22   8.  Each of these objections is incorporated into GMAC's responses to each of the

23 Requests for Production below as if fully set forth therein.

24

25

26

27

28

**DOCUMENTS TO BE PRODUCED AND RESPONSES**

1

**REQUEST FOR PRODUCTION NO. 1:**

2

3      All WRITINGS regarding or relating to THE PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 1:**

4

5      Responding party objects to the extent the request seeks information protected by the

6   attorney-client privilege and the attorney work product doctrine. Responding party further objects

7   that the request seeks information that is not reasonably calculated to lead to the discovery of

8   admissible evidence. Responding party further objects that the request seeks documents protected

9   and privileged under the laws of the United States or the State of California, including without

10  limitation, documents that are privileged based on any consumer's right of privacy and responding

11  party's confidential and proprietary business and trade information which are protectable as trade

12  secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

13     Subject to and without waiving the foregoing objections, responding party responds that it

14  will produce all relevant non-privileged documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 2:**

15

16     All WRITINGS regarding or relating to any interest YOU have or previously had in THE

17  PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 2:**

18

19     Responding party objects to the extent the request seeks information protected by the

20  attorney-client privilege and the attorney work product doctrine. Responding party further objects

21  that the request seeks information that is not reasonably calculated to lead to the discovery of

22  admissible evidence. Responding party further objects that the request seeks documents protected

23  and privileged under the laws of the United States or the State of California, including without

24  limitation, documents that are privileged based on any consumer's right of privacy and responding

25  party's confidential and proprietary business and trade information which are protectable as trade

26  secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

27     Subject to and without waiving the foregoing objections, responding party responds that it

28  will produce all relevant non-privileged documents in its possession, custody or control.

GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF'S RFPD, (1)

**REQUEST FOR PRODUCTION NO. 3:**

All WRITINGS regarding or relating to any interest OCWEN has or previously had in THE PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 3:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Responding party further objects that the request seeks documents protected and privileged under the laws of the United States or the State of California, including without limitation, documents that are privileged based on any consumer's right of privacy and responding party's confidential and proprietary business and trade information which are protectable as trade secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

Subject to and without waiving the foregoing objections, responding party responds that it will produce all relevant non-privileged documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 4:**

All WRITINGS regarding or relating to THE NOTE.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 4:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Responding party further objects that the request seeks documents protected and privileged under the laws of the United States or the State of California, including without limitation, documents that are privileged based on any consumer's right of privacy and responding party's confidential and proprietary business and trade information which are protectable as trade secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

Subject to and without waiving the foregoing objections, responding party responds that it will produce all relevant non-privileged documents in its possession, custody or control.

GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF'S RFPD, (1)

1    **REQUEST FOR PRODUCTION NO. 5:**

2         All WRITINGS regarding or relating to any interest YOU have or previously had in THE

3    NOTE.

4    **RESPONSE TO REQUEST FOR PRODUCTION NO. 5:**

5         Responding party objects to the extent the request seeks information protected by the

6    attorney-client privilege and the attorney work product doctrine.  Responding party further objects

7    that the request seeks information that is not reasonably calculated to lead to the discovery of

8    admissible evidence.  Responding party further objects that the request seeks documents protected

9    and privileged under the laws of the United States or the State of California, including without

10   limitation, documents that are privileged based on any consumer's right of privacy and responding

11   party's confidential and proprietary business and trade information which are protectable as trade

12   secrets.  Responding party further objects that the request is vague, ambiguous and unintelligible.

13        Subject to and without waiving the foregoing objections, responding party responds that it

14   will produce all relevant non-privileged documents in its possession, custody or control.

15   **REQUEST FOR PRODUCTION NO. 6:**

16        All WRITINGS regarding or relating to any interest OCWEN has or previously had in

17   THE NOTE.

18

19

20

21

22

23

24

25

26

27

28

19000.1384/2867001.1                          -6-

1    **RESPONSE TO REQUEST FOR PRODUCTION NO. 6:**

2        Responding party objects to the extent the request seeks information protected by the

3 attorney-client privilege and the attorney work product doctrine. Responding party further objects

4 that the request seeks information that is not reasonably calculated to lead to the discovery of

5 admissible evidence. Responding party further objects that the request seeks documents protected

6 and privileged under the laws of the United States or the State of California, including without

7 limitation, documents that are privileged based on any consumer's right of privacy and responding

8 party's confidential and proprietary business and trade information which are protectable as trade

9 secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

10        Subject to and without waiving the foregoing objections, responding party responds that it

11 will produce all relevant non-privileged documents in its possession, custody or control.

12    **REQUEST FOR PRODUCTION NO. 7:**

13        All WRITINGS regarding or relating to any lien on THE PROPERTY.

14    **RESPONSE TO REQUEST FOR PRODUCTION NO. 7:**

15        Responding party objects to the extent the request seeks information protected by the

16 attorney-client privilege and the attorney work product doctrine. Responding party further objects

17 that the request seeks information that is not reasonably calculated to lead to the discovery of

18 admissible evidence. Responding party further objects that the request seeks documents protected

19 and privileged under the laws of the United States or the State of California, including without

20 limitation, documents that are privileged based on any consumer's right of privacy and responding

21 party's confidential and proprietary business and trade information which are protectable as trade

22 secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

23        Subject to and without waiving the foregoing objections, responding party responds that it

24 will produce all relevant non-privileged documents in its possession, custody or control.

25    **REQUEST FOR PRODUCTION NO. 8:**

26        All WRITINGS regarding or relating to any COMMUNICATION between YOU and

27 SILVER and/or anyone acting on behalf of SILVER.

28

**RESPONSE TO REQUEST FOR PRODUCTION NO. 8:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Responding party further objects that the request seeks documents protected and privileged under the laws of the United States or the State of California, including without limitation, documents that are privileged based on any consumer's right of privacy and responding party's confidential and proprietary business and trade information which are protectable as trade secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

Subject to and without waiving the foregoing objections, responding party responds that it will produce all relevant non-privileged documents in its possession, custody or control.

**REQUEST FOR PRODUCTION NO. 9:**

All WRITINGS regarding or relating to any COMMUNICATION between YOU and OCWEN regarding or relating to THE PROPERTY, including communications regarding or relating to THE NOTE or the corresponding lien on THE PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 9:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Responding party further objects that the request seeks documents protected and privileged under the laws of the United States or the State of California, including without limitation, documents that are privileged based on any consumer's right of privacy and responding party's confidential and proprietary business and trade information which are protectable as trade secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

Subject to and without waiving the foregoing objections, responding party respond that responding party has made a diligent search and reasonable inquiry in an effort to locate the requested document but responding party is not able to comply as the documents have never existed.

**REQUEST FOR PRODUCTION NO. 10:**

All WRITINGS regarding or relating to any COMMUNICATION between YOU and MERS regarding or relating to THE PROPERTY, including communications regarding or relating to THE NOTE or the corresponding lien on THE PROPERTY.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 10:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Responding party further objects that the request seeks documents protected and privileged under the laws of the United States or the State of California, including without limitation, documents that are privileged based on any consumer's right of privacy and responding party's confidential and proprietary business and trade information which are protectable as trade secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

Subject to and without waiving the foregoing objections, responding party respond that responding party has made a diligent search and reasonable inquiry in an effort to locate the

1  requested document but responding party is not able to comply as the documents have never

2  existed.

3  **REQUEST FOR PRODUCTION NO. 11:**

4      All WRITINGS regarding or relating to any COMMUNICATION between YOU and any

5  other person or entity, including internal COMMUNICATIONS, regarding or relating to THE

6  PROPERTY, including communications regarding or relating to THE NOTE or the corresponding

7  lien on THE PROPERTY.

8  **RESPONSE TO REQUEST FOR PRODUCTION NO. 11:**

9      Responding party objects to the extent the request seeks information protected by the

10  attorney-client privilege and the attorney work product doctrine. Responding party further objects

11  that the request seeks information that is not reasonably calculated to lead to the discovery of

12  admissible evidence. Responding party further objects that the request seeks documents protected

13  and privileged under the laws of the United States or the State of California, including without

14  limitation, documents that are privileged based on any consumer's right of privacy and responding

15  party's confidential and proprietary business and trade information which are protectable as trade

16  secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

17  **REQUEST FOR PRODUCTION NO. 12:**

18      All WRITINGS regarding or relating to any attempts by YOU to record in the public

19  record any interest YOU hold or previously held in THE PROPERTY.

20

21

22

23

24

25

26

27

28

1  **RESPONSE TO REQUEST FOR PRODUCTION NO. 12:**

2      Responding party objects to the extent the request seeks information protected by the

3  attorney-client privilege and the attorney work product doctrine. Responding party further objects

4  that the request seeks information that is not reasonably calculated to lead to the discovery of

5  admissible evidence. Responding party further objects that the request seeks documents protected

6  and privileged under the laws of the United States or the State of California, including without

7  limitation, documents that are privileged based on any consumer's right of privacy and responding

8  party's confidential and proprietary business and trade information which are protectable as trade

9  secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

10      Subject to and without waiving the foregoing objections, responding party responds that it

11  will produce all relevant non-privileged documents in its possession, custody or control.

12  **REQUEST FOR PRODUCTION NO. 13:**

13      All WRITINGS regarding or relating to any attempts by YOU to record in the public

14  record any interest any other person or entity holds or previously held in THE PROPERTY.

15  **RESPONSE TO REQUEST FOR PRODUCTION NO. 13:**

16      Responding party objects to the extent the request seeks information protected by the

17  attorney-client privilege and the attorney work product doctrine. Responding party further objects

18  that the request seeks information that is not reasonably calculated to lead to the discovery of

19  admissible evidence. Responding party further objects that the request seeks documents protected

20  and privileged under the laws of the United States or the State of California, including without

21  limitation, documents that are privileged based on any consumer's right of privacy and responding

22  party's confidential and proprietary business and trade information which are protectable as trade

23  secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

24  **REQUEST FOR PRODUCTION NO. 14:**

25      All WRITINGS regarding or relating to any attempts by YOU to record in the public

26  record the transfer of any interest in THE PROPERTY from or to YOU or any other person or

27  entity.

28

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 14:**

2 Responding party objects to the extent the request seeks information protected by the

3 attorney-client privilege and the attorney work product doctrine. Responding party further objects

4 that the request seeks information that is not reasonably calculated to lead to the discovery of

5 admissible evidence. Responding party further objects that the request seeks documents protected

6 and privileged under the laws of the United States or the State of California, including without

7 limitation, documents that are privileged based on any consumer's right of privacy and responding

8 party's confidential and proprietary business and trade information which are protectable as trade

9 secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

10 Subject to and without waiving the foregoing objections, responding party responds that it

11 will produce all relevant non-privileged documents in its possession, custody or control.

12 **REQUEST FOR PRODUCTION NO. 15:**

13 All WRITINGS which YOU contend support one or more of YOUR affirmative defenses

14 to the claims in this case.

15 **RESPONSE TO REQUEST FOR PRODUCTION NO. 15:**

16 Responding party objects to the extent the request seeks information protected by the

17 attorney-client privilege and the attorney work product doctrine. Responding party further objects

18 that the request seeks information that is not reasonably calculated to lead to the discovery of

19 admissible evidence. Responding party further objects that the request seeks documents protected

20 and privileged under the laws of the United States or the State of California, including without

21 limitation, documents that are privileged based on any consumer's right of privacy and responding

22 party's confidential and proprietary business and trade information which are protectable as trade

23 secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

24 Subject to and without waiving the foregoing objections, responding party responds that it

25 will produce all relevant non-privileged documents in its possession, custody or control.

26 **REQUEST FOR PRODUCTION NO. 16:**

27 All WRITINGS regarding or relating to any insurance agreement covering or potentially

28 covering the claims and damages at issue in this case.

1 **RESPONSE TO REQUEST FOR PRODUCTION NO. 16:**

2        Responding party objects to the extent the request seeks information protected by the

3 attorney-client privilege and the attorney work product doctrine. Responding party further objects

4 that the request seeks information that is not reasonably calculated to lead to the discovery of

5 admissible evidence. Responding party further objects that the request seeks documents protected

6 and privileged under the laws of the United States or the State of California, including without

7 limitation, documents that are privileged based on any consumer's right of privacy and responding

8 party's confidential and proprietary business and trade information which are protectable as trade

9 secrets. Responding party further objects that the request is vague, ambiguous and unintelligible.

10        Subject to and without waiving the foregoing objections, responding party respond that

11 responding party has made a diligent search and reasonable inquiry in an effort to locate the

12 requested document but responding party is not able to comply as the documents have never

13 existed.

14

15 DATED: March 31, 2014                    SEVERSON & WERSON

16                                         A Professional Corporation

17

18                                         By: _____

19                                                       DAVID M. LIU

20                                         Attorneys for Defendant

21                                         GMAC MORTGAGE, LLC; and
                                           OCWEN LOAN SERVICING, LLC

22

23

24

25

26

27

28

19000.1384/2867001.1                              -13-

GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF'S RFPD, (1)

## VERIFICATION

1

2    I, _Kyle Lucas_ , am a Senior Loan Analyst employed by Ocwen Financial

3    Corporation, whose indirect subsidiary is Ocwen Loan Servicing, LLC, which is the current

4    servicer for the beneficiary of the subject loan and the successor loan servicer to GMAC

5    Mortgage, LLC, and am authorized to make this verification on its behalf.

6        I have read the foregoing **GMAC MORTGAGE, LLC'S RESPONSES TO**

7    **PLAINTIFF FRANCINE SILVER'S REQUESTS FOR PRODUCTION, SET ONE (1)** and

8    know its contents. I am informed and believe that the matters stated therein are true.

9        I declare under penalty of perjury under the laws of the State of California that the

10   foregoing is true and correct and that this verification was executed on this _27th_ day of March

11   2014, in _Coppell_ , _Texas_ .

12

13                                      By: _____

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2        At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Orange, State of California. My business address is The Atrium,
3    19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

4        On March 31, 2014, I served the **ORIGINAL** of the following document(s): **GMAC
MORTGAGE, LLC'S RESPONSES TO PLAINTIFF FRANCINE SILVER'S REQUESTS
5    FOR PRODUCTION, SET ONE (1)** on the interested parties in this action as follows:

6    Ehud Gersten, Esq.                        Attorneys for Plaintiff FRANCINE SILVER
     GERSTEN LAW GROUP
7    3115 Fourth Avenue                         Telephone:    (619) 600-0098
     San Diego, CA 92103                        Email:        egersten@gerstenlaw.com

8

9    ☐    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
          persons at the addresses listed in the Service List and placed the envelope for collection
          and mailing, following our ordinary business practices. I am readily familiar with
10        Severson & Werson's practice for collecting and processing correspondence for mailing.
          On the same day that the correspondence is placed for collection and mailing, it is
11        deposited in the ordinary course of business with the United States Postal Service, in a
          sealed envelope with postage fully prepaid.

12

13   ☒    **BY E-MAIL OR ELECTRONIC TRANSMISSION: By agreement of the parties or
          by court order,** I caused a copy of the document(s) to be sent from e-mail address
14        rjb@severson.com to the persons at the e-mail addresses listed in the Service List. The
          document(s) were transmitted, and I did not receive, within a reasonable time after the
15        transmission, any electronic message or other indication that the transmission was
          unsuccessful.

16   ☒    **BY FEDEX OVERNIGHT:** I enclosed said document(s) in an envelope or package
          provided by FedEx and addressed to the persons at the addresses listed in the Service List.
17        I placed the envelope or package for collection and overnight delivery at an office or a
          regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver
18        authorized by FedEx to receive documents.

19        I declare under penalty of perjury under the laws of the State of California that the
     foregoing is true and correct.
20

21        Executed on March 31, 2014, at Irvine, California.

22

23                                                        RYAN J. BROOKS

24

25

26

27

28

19000.1384/2867001.1

                                                                            PROOF OF SERVICE

1 | ROBERT J. GANDY (State Bar No. 225405)
DAVID M. LIU (State Bar No. 216311)
2 | SEVERSON & WERSON
A Professional Corporation
3 | The Atrium
19100 Von Karman Avenue, Suite 700
4 | Irvine, California 92612
Telephone: (949) 442-7110
5 | Facsimile: (949) 442-7118

6 | JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON
7 | A Professional Corporation
One Embarcadero Center, Suite 2600
8 | San Francisco, California 94111
Telephone: (415) 398-3344
9 | Facsimile: (415) 956-0439

10 | Attorneys for Defendant
GMAC MORTGAGE, LLC; and
11 | OCWEN LOAN SERVICING, LLC

12 |

13 | **SUPERIOR COURT OF CALIFORNIA**

14 | **COUNTY OF LOS ANGELES — WEST DISTRICT**

15 | **SANTA MONICA COURTHOUSE**

16 | FRANCINE SILVER,                     Case No. SC118412
                                        Assigned for All Purposes to:
17 |          Plaintiff,                Hon. Allan J. Goodman
                                        Dept. WE "P"
18 |     vs.

19 | GMAC MORTGAGE, LLC, a limited liability    **GMAC MORTGAGE, LLC'S**
     company,                                   **RESPONSES TO PLAINTIFF FRANCINE**
20 |                                            **SILVER'S REQUESTS FOR**
              Defendant.                        **ADMISSIONS, SET ONE (1)**

21 |                                            Action Filed:    September 17, 2012
                                                Trial Date:      None Set
22 |

23 | **PROPOUNDING PARTY:**      PLAINTIFF FRANCINE SILVER

24 | **RESPONDING PARTY:**       GMAC MORTGAGE, LLC

25 | **SET NO.:**                ONE (1)

26 |     Pursuant to Code of Civil Procedure section 2033.210, et seq., Defendant GMAC

27 | MORTGAGE, LLC responds to plaintiff Francine Silver's First Set of Requests for Admissions as

28 | follows.

19000.1384/2867025.1

GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF'S RFA, (1)

## GENERAL OBJECTIONS

1.      These responses are made solely for the purpose of this action.  Each response is subject to all objections as to competence, relevance, materiality, propriety, admissibility and any and all other objections on grounds that would require the exclusion of any statement herein if any request for admission were asked for, or if any statement contained herein were made by a witness present and testifying in court, all of which objections and grounds are reserved and may be interposed at the time of the trial.

2.      Defendants are responding to all of the requests for admission to the extent that information has become known to them.  However, defendants' discovery, investigation and preparation for trial of this matter has not been completed as of the date of these responses and, therefore, defendants do not purport to state anything more than information currently known to them.  Defendants reserve the right to supplement or amend their responses if additional information is discovered or located.

3.      Defendants object to each and every request on the ground pursuant to Code of Civil Procedure section 2033.060(c), (d) no preface or instructions are permitted and each request shall be "separately set forth" and shall be "full and complete in and of itself."  Plaintiff's use of definitions makes most if not all requests so vague and ambiguous that defendants are unable to admit or deny such request.

4.      These General Objections are incorporated into each and every response set forth below.

Without waiving the foregoing objections, defendants respond to the requests for admission as set forth below.

**REQUEST FOR ADMISSION NO. 1:**

Admit that SILVER is the fee owner of THE PROPERTY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine.  Responding party further objects

1    that the request seeks information that is not reasonably calculated to lead to the discovery of

2    admissible evidence.

3        Subject to and without waiving the foregoing objections, responding party responds as

4    follows: Deny.

5    **REQUEST FOR ADMISSION NO. 2:**

6        Admit that at some time in or about 2006, THE NOTE became an asset of THE TRUST.

7    **RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

8        Responding party objects to the extent the request seeks information protected by the

9    attorney-client privilege and the attorney work product doctrine. Responding party further objects

10   that the request seeks information that is not reasonably calculated to lead to the discovery of

11   admissible evidence.

12       Subject to and without waiving the foregoing objections, responding party responds as

13   follows: Deny.

14   **REQUEST FOR ADMISSION NO. 3:**

15       Admit that the Trustee of THE TRUST has at all times been U.S. Bank, N.A.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

17       Responding party objects to the extent the request seeks information protected by the

18   attorney-client privilege and the attorney work product doctrine. Responding party further objects

19   that the request seeks information that is not reasonably calculated to lead to the discovery of

20   admissible evidence.

21       Subject to and without waiving the foregoing objections, responding party responds as

22   follows: Deny.

23   **REQUEST FOR ADMISSION NO. 4:**

24       Admit that under the Pooling Agreement associated with THE TRUST, after the closing

25   date of THE TRUST (on or about November 30, 2006) U.S. Bank, N.A. did not have the power to

26   transfer THE NOTE.

27   **RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

28       Responding party objects to the extent the request seeks information protected by the
   attorney-client privilege and the attorney work product doctrine. Responding party further objects

1    that the request seeks information that is not reasonably calculated to lead to the discovery of

2    admissible evidence.

3         Subject to and without waiving the foregoing objections, responding party responds as

4    follows: Deny.

5    **REQUEST FOR ADMISSION NO. 5:**

6         Admit that under New York law, after the closing date of THE TRUST (on or about

7    November 30, 2006) U.S. Bank, N.A. did not have the power to transfer THE NOTE.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

9         Responding party objects to the extent the request seeks information protected by the

10   attorney-client privilege and the attorney work product doctrine. Responding party further objects

11   that the request seeks information that is not reasonably calculated to lead to the discovery of

12   admissible evidence.

13        Subject to and without waiving the foregoing objections, responding party responds as
     follows: Deny.

14   **REQUEST FOR ADMISSION NO. 6:**

15        Admit that, with respect to THE PROPERTY, YOU acted as the agent of OCWEN.

16   **RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

17        Responding party objects to the extent the request seeks information protected by the

18   attorney-client privilege and the attorney work product doctrine. Responding party further objects

19   that the request seeks information that is not reasonably calculated to lead to the discovery of

20   admissible evidence.

21        Subject to and without waiving the foregoing objections, responding party responds as

22   follows: Deny.

23   **REQUEST FOR ADMISSION NO. 7:**

24        Admit that, with respect to THE PROPERTY, OCWEN acted as YOUR agent.

25   **RESPONSE TO REQUEST FOR ADMISSION NO. 7:**

26        Responding party objects to the extent the request seeks information protected by the

27   attorney-client privilege and the attorney work product doctrine. Responding party further objects

28

1 | that the request seeks information that is not reasonably calculated to lead to the discovery of

2 | admissible evidence.

3 | Subject to and without waiving the foregoing objections, responding party responds as

4 | follows: Deny.

5 | **REQUEST FOR ADMISSION NO. 8:**

6 | Admit that on or about March 15, 2006, SILVER executed THE NOTE in favor of

7 | NATIONWIDE.

8 | **RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

9 | Responding party objects to the extent the request seeks information protected by the

10 | attorney-client privilege and the attorney work product doctrine. Responding party further objects

11 | that the request seeks information that is not reasonably calculated to lead to the discovery of

admissible evidence.

12 | Subject to and without waiving the foregoing objections, responding party responds as

13 | follows: Admit.

14 | **REQUEST FOR ADMISSION NO. 9:**

15 | Admit that the deed of trust executed in connection with THE NOTE defines the "Lender"

16 | as NATIONWIDE

17 | **RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

18 | Responding party objects to the extent the request seeks information protected by the

19 | attorney-client privilege and the attorney work product doctrine. Responding party further objects

20 | that the request seeks information that is not reasonably calculated to lead to the discovery of

21 | admissible evidence.

22 | Subject to and without waiving the foregoing objections, responding party responds as

23 | follows: Admit.

24 | **REQUEST FOR ADMISSION NO. 10:**

25 | Admit that the deed of trust executed in connection with THE NOTE defines the "Trustee"

26 | as MERS, "solely as nominee for Lender and Lender's successors and assigns."

27 |

28 |

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responding party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 11:**

Admit that, prior to SILVER's filing of bankruptcy on or about November 14, 2011, YOU had never provided to SILVER a copy of the instrument by which YOU assert that YOU acquired an interest in THE NOTE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 11:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responding party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 12:**

Admit that, prior to SILVER's filing of bankruptcy on or about November 14, 2011, YOU had never informed SILVER that YOU claimed an interest in THE NOTE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responding party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 13:**

Admit that YOU assert that YOU are now the "investor," the "owner," or otherwise hold an interest in, THE NOTE.

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responding party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 14:**

Admit that YOU are not the current holder of the beneficial interest in THE NOTE or the associated deed of trust.

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responding party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 15:**

Admit that MERS had no record of Plaintiff's loan in its database prior to February 11, 2011.

**RESPONSE TO REQUEST FOR ADMISSION NO. 15:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF'S RFA, (1)

1     Subject to and without waiving the foregoing objections, responding party responds as

2 follows: Deny.

3 **REQUEST FOR ADMISSION NO. 16:**

4     Admit that no substitution of trustee (on the deed of trust associated with THE NOTE)

5 from MERS to any other person or entity, if such transfer or transfers occurred, was recorded in

6 the public records prior to the filing of SILVER'S bankruptcy on November 14, 2011.

7 **RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

8     Responding party objects to the extent the request seeks information protected by the

9 attorney-client privilege and the attorney work product doctrine. Responding party further objects

10 that the request seeks information that is not reasonably calculated to lead to the discovery of

admissible evidence.

11

12     Subject to and without waiving the foregoing objections, responding party responds as

follows: Deny.

13

14 **REQUEST FOR ADMISSION NO. 17:**

15     Admit that no transfer of the beneficial interest (on the deed of trust associated with THE

NOTE) from NATIONWIDE to any other person or entity, if such transfer or transfers occurred,

16

was recorded in the public records prior to the filing of SILVER'S bankruptcy on November 14,

17 2011.

18 **RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

19     Responding party objects to the extent the request seeks information protected by the

20 attorney-client privilege and the attorney work product doctrine. Responding party further objects

21 that the request seeks information that is not reasonably calculated to lead to the discovery of

22 admissible evidence.

23     Subject to and without waiving the foregoing objections, responding party responds as

24 follows: Deny.

25 **REQUEST FOR ADMISSION NO. 18:**

26     Admit that on February 23, 2012, Bankruptcy Judge Thomas B. Donovan denied YOUR

27 request for relief from the automatic stay in SILVER's bankruptcy.

28

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responding party responds as follows: Admit.

**REQUEST FOR ADMISSION NO. 19:**

Admit that on February 23, 2012, Bankruptcy Judge Thomas B. Donovan found that at least one of the purported signatures of "Jacqueline Keeley" (on 1) the purported assignment of the deed of trust associated with THE NOTE from MERS to GMAC; and 2) the purported substitution of trustee substituting ETS Services, LLC as trustee on the deed of trust) was either forged or was "a blatant example of robo-signing."

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

Subject to and without waiving the foregoing objections, responding party responds as follows: Deny.

**REQUEST FOR ADMISSION NO. 20:**

Admit that on February 23, 2012, Bankruptcy Judge Thomas B. Donovan found that YOU had failed to demonstrate standing to seek relief from the automatic stay in order to foreclose on THE PROPERTY.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Responding party objects to the extent the request seeks information protected by the attorney-client privilege and the attorney work product doctrine. Responding party further objects that the request seeks information that is not reasonably calculated to lead to the discovery of admissible evidence.

1    Subject to and without waiving the foregoing objections, responding party responds as

2    follows: Deny.

3    **REQUEST FOR ADMISSION NO. 21:**

4    Admit that YOUR residential loan foreclosure problems are the subject of an April 2011

5    Federal Reserve Board Consent Order, available at

6    <http://www.federalreserve.gov/newsevents/press/enforcement/enf20110413a3.pdf>, which

7    requires that independent auditors review foreclosures.

8    **RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

9    Responding party objects to the extent the request seeks information protected by the

10   attorney-client privilege and the attorney work product doctrine.  Responding party further objects

11   that the request seeks information that is not reasonably calculated to lead to the discovery of

12   admissible evidence.

13   Subject to and without waiving the foregoing objections, responding party responds as

14   follows: Deny.

**REQUEST FOR ADMISSION NO. 22:**

15   Admit that no party other than YOU filed in SILVER's bankruptcy case any claim against

16   or regarding THE PROPERTY.

17   **RESPONSE TO REQUEST FOR ADMISSION NO. 22:**

18   Responding party objects to the extent the request seeks information protected by the

19   attorney-client privilege and the attorney work product doctrine.  Responding party further objects

20   that the request seeks information that is not reasonably calculated to lead to the discovery of

21   admissible evidence.

22   Subject to and without waiving the foregoing objections, responding party responds as

23   follows: Deny.

24   **REQUEST FOR ADMISSION NO. 23:**

25   Admit that at no time on February 6, 2012, did YOU own servicing rights to THE NOTE.

26   **RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

27   Responding party objects to the extent the request seeks information protected by the

28   attorney-client privilege and the attorney work product doctrine.  Responding party further objects

1 | that the request seeks information that is not reasonably calculated to lead to the discovery of

2 | admissible evidence.

3 |     Subject to and without waiving the foregoing objections, responding party responds as

4 | follows: Deny.

5 | **REQUEST FOR ADMISSION NO. 24:**

6 |     Admit that YOU purported to assign all beneficial interest in the deed of trust associated

7 | with THE NOTE to "U.S. Bank National Association, as Trustee for Greenpoint Mortgage

8 | Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7" via a document dated

9 | March 25, 2013, titled "Assignment of Deed of Trust," and executed by a person signing as "Keli

10 | D. Smith, Authorized Officer."

11 | **RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

12 |     Responding party objects to the extent the request seeks information protected by the

13 | attorney-client privilege and the attorney work product doctrine. Responding party further objects

14 | that the request seeks information that is not reasonably calculated to lead to the discovery of

15 | admissible evidence.

16 |     Subject to and without waiving the foregoing objections, responding party responds as

17 | follows: Admit.

DATED: March 31, 2014

                    SEVERSON & WERSON
                    A Professional Corporation

                    By: _____
                          DAVID M. LIU

                    Attorneys for Defendant
                    GMAC MORTGAGE, LLC; and
                    OCWEN LOAN SERVICING, LLC

**VERIFICATION**

1

2  I, _~~Jo Kyra Lees~~_ , am a Senior Loan Analyst employed by Ocwen Financial

3  Corporation, whose indirect subsidiary is Ocwen Loan Servicing, LLC, which is the current

4  servicer for the beneficiary of the subject loan and the successor loan servicer to GMAC

5  Mortgage, LLC, and am authorized to make this verification on its behalf.

6  I have read the foregoing GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF

7  FRANCINE SILVER'S REQUESTS FOR ADMISSIONS, SET ONE (1) and know its contents. I

8  am informed and believe that the matters stated therein are true.

9  I declare under penalty of perjury under the laws of the State of California that the

10  foregoing is true and correct and that this verification was executed on this 27th day of March

11  2014, in _Coppell_ , _Texas_ .

12

13  By: _[signature]_

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

19000.1384/2867025.1                              -12-

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On March 31, 2014, I served the **ORIGINAL** of the following document(s): **GMAC MORTGAGE, LLC'S RESPONSES TO PLAINTIFF FRANCINE SILVER'S REQUESTS FOR ADMISSIONS, SET ONE (1)** on the interested parties in this action as follows:

Ehud Gersten, Esq.                          Attorneys for Plaintiff FRANCINE SILVER
GERSTEN LAW GROUP
3115 Fourth Avenue                          Telephone:   (619) 600-0098
San Diego, CA 92103                         Email:       egersten@gerstenlaw.com

☐  **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☒  **BY E-MAIL OR ELECTRONIC TRANSMISSION:  By agreement of the parties or by court order,** I caused a copy of the document(s) to be sent from e-mail address rjb@severson.com to the persons at the e-mail addresses listed in the Service List. The document(s) were transmitted, and I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒  **BY FEDEX OVERNIGHT:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on March 31, 2014, at Irvine, California.

_____
RYAN J. BROOKS

19000.1384/2867025.1

PROOF OF SERVICE