**<u>Exhibit 5-G</u>**

**GMACM Objection to Preliminary Injunction Motion**

1  ROBERT J. GANDY (State Bar No. 225405)
   DAVID M. LIU (State Bar No. 216311)
2  SEVERSON & WERSON
   A Professional Corporation
3  The Atrium
   19100 Von Karman Avenue, Suite 700
4  Irvine, California 92612
   Telephone: (949) 442-7110
5  Facsimile: (949) 442-7118

6  JOHN B. SULLIVAN (State Bar No. 96742)
   SEVERSON & WERSON
7  A Professional Corporation
   One Embarcadero Center, Suite 2600
8  San Francisco, California 94111
   Telephone: (415) 398-3344
9  Facsimile: (415) 956-0439

10 Attorneys for Defendants
   GMAC MORTGAGE, LLC; and
11 OCWEN LOAN SERVICING, LLC

12

13                  SUPERIOR COURT OF CALIFORNIA

14         COUNTY OF LOS ANGELES — WEST DISTRICT

15              SANTA MONICA COURTHOUSE

16 FRANCINE SILVER,                          Case No. SC118412
                                             Assigned for All Purposes to:
17              Plaintiff,                    Hon. Allan J. Goodman
                                             Dept. WE "P"
18      vs.

19 GMAC MORTGAGE, LLC, a limited liability   DEFENDANTS GMAC MORTGAGE,
   company; OCWEN LOAN SERVICING,            LLC; AND OCWEN LOAN SERVICING,
20 LLC; and DOES 1-20,                       LLC'S OPPOSITION TO OSC RE
                                             PRELIMINARY INJUNCTION
21              Defendants.
                                             Date:   May 23, 2014
22                                           Time:   8:30 a.m.
                                             Crtrm.: WE "P"
23

24                                           Action Filed:  September 17, 2012
                                             Trial Date:    None Set
25

26

27

28



19000.1384/3257277.1

# TABLE OF CONTENTS

Page

I. INTRODUCTION .................................................................................................................. 1

II. FACTUAL BACKGROUND .............................................................................................. 2

III. ARGUMENT ...................................................................................................................... 3

    A.    A Preliminary Injunction Should Not Be Ordered Because Plaintiff Cannot Establish A Reasonable Probability Of Prevailing On The Merits Of Her Claims ............................................................................................................... 3

    B.    Plaintiff's First Claim For Declaratory Relief Fails Because She Lacks Standing To Sue For Any Alleged Violation Of A Pooling And Servicing Agreement And Any Such Agreement Does Not Negate GMAC's Right To Foreclose On The Property ......................................................................... 3

        1.    An Actual And Present Controversy Must Exist To Support A Declaratory Relief Claim ................................................................. 3

        2.    Declaratory Relief Is Not Necessary Because Plaintiff Cannot Show That Any Actual And Present Controversy Exists Regarding The Foreclosure ................................................................................... 4

        3.    MERS May Foreclose On The Property And Assign The Deed Of Trust .......................................................................................... 6

        4.    The Weight Of Authority Goes Against *Glaski* .............................. 8

        5.    The Exhibit Attached To The SAC Should Be Disregarded As It Is Not Authenticated And Is Irrelevant ............................................. 9

    C.    The SAC Does Not Allege A Violation Of Civil Code Section 2923.5 And The Motion's Argument On This Purported Issue Is Irrelevant .................. 9

    D.    The Purported Violation Of 12 C.F.R. § 226.39 Lacks Any Facts To Constitute A Cause Of Action Against GMAC .......................................... 10

    E.    If The Preliminary Injunction Is Granted, The Court Must Set A Bond ............... 10

IV. CONCLUSION ................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

CASES

*Apostol v. CitiMortgage, Inc.,*
13-CV-01983-WHO, 2013 WL 6328256 (N.D. Cal. Nov. 21, 2013) ...................................... 8

*Armeni v. Am.'s Wholesale Lender,*
2012 WL 603242 (C.D. Cal. Feb. 24, 2012) ........................................................ 5

*Armstrong v. Chevy Chase Bank, FSB,*
2012 WL 4747165 (N.D. Cal. Oct. 3, 2012) ........................................................ 5

*Babb v. Superior Court of Sonoma County,*
3 Cal. 3d 841 (1971) ........................................................................................... 4

*Benham v. Aurora Loan Servs.,*
2009 WL 28880232 (N.D. Cal. 2009) ................................................................ 5

*Boza v. U.S. Bank Nat. Ass'n,*
2013 WL 5943160 (C.D. Cal. Oct. 28, 2013) ..................................................... 8

*Christopher v. First Franklin Fin. Corp.,*
2010 WL 3895351 (S.D. Cal. Sept. 29, 2010) .................................................... 5

*Christopher v. First Franklin Fin'l Corp.,*
2010 WL 1780077 (S.D. Cal. 2010) .................................................................... 5

*City of Tiburon v. Northwestern Pac. R.R. Co.,*
4 Cal. App. 3d 160 (1970) ................................................................................... 4

*County of San Diego v. State*
164 Cal. App. 4th 580 (2008) .............................................................................. 4

*Fontenot v. Wells Fargo Bank, N.A.,*
198 Cal. App. 4th 258 (2011) .............................................................................. 7

*Glaski v. Bank of Am., Nat'l Ass'n,*
218 Cal. App. 4th 1079 (2013) ............................................................................ 8

*Gomes v. Countrywide Home Loans, Inc.,*
192 Cal. App. 4th 1149 (2011) ........................................................................ 6, 7

*Hafiz v. Greenpoint Mortg. Funding, Inc.,*
652 F.Supp.2d 1039 (N.D. Cal. 2009) ................................................................ 5

*Herrera v. Federal National Mortgage Association,*
205 Cal. App. 4th 1495 (2012) ........................................................................... 7

*Hood v. Superior Court,*
    33 Cal. App. 4th 319 (1995) ............................................................................................ 4

*Howard Contracting, Inc. v. G.A. MacDonald Constr. Co., Inc.,*
    71 Cal. App. 4th 38 (1998) ............................................................................................. 9

*Jenkins v. JP Morgan Chase Bank, N.A.,*
    216 Cal. App. 4th 497 (2013) ............................................................................. 5, 6, 7, 8

*Johnson v. HSBC Bank USA, Nat. Ass'n,*
    3:11-CV-2091-JM-WVG, 2012 WL 928433 (S.D. Cal. Mar. 19, 2012) ......................... 7

*Kilroy v. State,*
    119 Cal. App. 4th 140 (2004) ........................................................................................ 9

*Korean Amer. Legal Advocacy Foundation v. Los Angeles,*
    23 Cal. App. 4th 376 (1994) .......................................................................................... 3

*Labra v. Cal-Western Reconveyance Corp.,*
    2010 WL 889537 (N.D. Cal. 2010) ............................................................................... 5

*LePage v. Oakland,*
    13 Cal. App. 3d 689 (1970) ........................................................................................... 4

*Lortz v. Connell,*
    273 Cal. App. 2d 286 (1969) ......................................................................................... 4

*Mabry v. Superior Court,*
    185 Cal. App. 4th 208 (2010) ...................................................................................... 10

*Major v. Miraverde Homeowners Assn.,*
    7 Cal. App. 4th 618 (1992) ............................................................................................ 3

*Marina Development Co. v. County of Los Angeles,*
    155 Cal. App. 3d 435 (1984) ......................................................................................... 4

*Mulato v. WMC Mortg. Corp.,*
    2010 WL 1532276 (N.D. Cal. 2010) ............................................................................. 5

*O'Connell v. Superior Court,*
    141 Cal. App. 4th 1452 (2006) ...................................................................................... 3

*San Francisco Newspaper Printing Co., Inc. v. Sup. Ct. (Miller),*
    170 Cal. App. 3d 438 (1985) ......................................................................................... 3

*Saxon Mortg. Services v. Hillery,*
    2009 WL 2435926 (N.D. Cal. 2009) ............................................................................. 5

*Siliga v. Mortgage Elec. Registration Sys., Inc.,*
    219 Cal. App. 4th 75 (2013) ............................................................................. 7

*Vogan v. Wells Fargo Bank, N.A.,*
    2:11-CV-02098-JAM, 2011 WL 5826016 (E.D. Cal. Nov. 17, 2011) ................................. 7

**STATUTES**

Cal. Civ. Proc. Code § 526(a)(2) ........................................................................... 10

Cal. Civ. Proc. Code § 1060 ............................................................................... 4

Code Civ. Proc. § 529 ..................................................................................... 10

Code Civ. Proc. §§ 529, 995.710 ........................................................................ 10

1 2 3 4 5 6 7 8 9 10 11 12 13 14 15 16 17 18 19 20 21 22 23 24 25 26 27 28

## I.    INTRODUCTION

Plaintiff Francine Silver brings this action against defendant GMAC Mortgage, LLC ("GMAC") to argue that GMAC has no right to foreclose on real property after plaintiff defaulted on a residential loan. To this end, plaintiff is seeking a preliminary injunction to stop any foreclosure on the subject property.

Plaintiff's first theory to support this proposition is that the subject loan was placed in a Pooling and Servicing Agreement and, thus, GMAC may not foreclose on the Property. This theory does not hold water. As detailed below, the fact that a loan may be placed in such an agreement does not negate the creditor's right to foreclose. Further, plaintiff lacks standing to sue for a breach of the agreement as she is neither a party nor beneficiary to the agreement. Furthermore, the PSA is not attached to the operative second amended complaint ("SAC") nor any of the briefs used in support of the request for an injunction and it is impossible to determine if the PSA applies to this loan or to see what its terms are.

Plaintiff also argues that GMAC cannot foreclose because Mortgage Electronic Registration Systems, Inc. ("MERS") has no interest in the property and cannot assign the loan to another creditor. But, plaintiff agreed in the loan documents that MERS was a beneficiary of the loan. Moreover, California law provides that MERS may act to foreclose on property and may assign any interest in the loan to another creditor.

The motion for a preliminary injunction also argues that GMAC failed to provide loan disclosures as purportedly required by the federal Truth in Lending Act. *See* Motion, pg. 3, lines 14 to 16. However, this assertion is not alleged in the SAC. Also, although the motion cites to "Silver Decl., ¶ 10" to support this fact, the declaration does not support this statement with any facts.

Moreover, the motion argues that GMAC violated Civil Code section 2923.5 by not discussing alternatives to foreclosure prior to recording the notice of default. *See* Motion, pg. 4, lines 5 to 10. But the SAC does not make any claim based on violation of Civil Code section 2923.5. And furthermore, there are absolutely no facts from plaintiff Francine Silver or her son, Marcus Silver, that supports this assertion.

1    Plaintiff has taken out nearly $1.5 million in loans on the residence and, having defaulted,

2  is trying any avenue to stall a foreclosure on the property. But as noted in this opposition, all of

3  plaintiff's theories to stall the foreclosure have no basis in the law. Accordingly, the request for an

4  injunction should be denied.

5    If the Court is inclined to grant the preliminary injunction, the Court should order that

6  plaintiff pay a bond in the amount of $1,524,730.70 which is the current amount owed by plaintiff

7  on the defaulted loan.

8  **II.   FACTUAL BACKGROUND**

9    In a deed of trust, dated March 15, 2006, plaintiff and non-party Nationwide Lending

10  Group, entered into a loan agreement whereby Nationwide Lending loaned plaintiff $1.3 million

11  (the "First Deed of Trust") which was secured by real property located at 8613 Franklin Avenue,

12  Los Angeles, California 90069 (the "Property"). *See* Ex. 1 to Defendants' Request for Judicial

13  Notice ("RJN").

14    On March 17, 2006, plaintiff deeded her rights to the Property to "The Leslie and Francine

15  Silver Living Trust, UTD, Sept. 8, 1999, Francine Silver Trustee" (the "Trust"). *See* Ex. 2 to RJN.

16    In another deed of trust, dated September 7, 2007, plaintiff obtained a subsequent loan

17  from JPMorgan Chase Bank for $170,000 which was also secured by the Property. *See* Ex. 3 to

18  RJN.

19    On July 5, 2011, the First Deed of Trust was assigned to GMAC Mortgage, LLC (fka

20  GMAC Mortgage Corporation). *See* Ex. 4 to RJN. On July 6, 2011, the trustee on the First Deed

21  of Trust became Executive Trustee Services, LLC dba ETS Services, LLC. *See* Ex. 5 to RJN.

22    Plaintiff defaulted on the First Deed of Trust and a notice of default was recorded on the

23  Property on July 22, 2011. *See* Ex. 6 to RJN.

24    Plaintiff failed to cure the default and a notices of trustee's sale for the First Deed of Trust

25  were recorded on the Property on October 5, 2012. *See* Ex. 7 to RJN. On March 25, 2013, the

26  First Deed of Trust was assigned to U.S. Bank National Association, as Trustee for Greenpoint

27  Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7. *See* Ex. 8 to

28  RJN.

MEMORANDUM OF POINTS AND AUTHORITIES

1  III.   ARGUMENT

2      A.   **A Preliminary Injunction Should Not Be Ordered Because Plaintiff Cannot**

3         **Establish A Reasonable Probability Of Prevailing On The Merits Of Her**

4         **Claims**

5         A preliminary injunction should not be ordered because plaintiff cannot establish a

6  reasonably probability of prevailing on the merits of any of her claims.  A preliminary injunction

7  must not issue unless it is "reasonably probable that the moving party will prevail on the merits."

8  *San Francisco Newspaper Printing Co., Inc. v. Sup. Ct. (Miller)*, 170 Cal. App. 3d 438, 42 (1985).

9  Because a preliminary injunction is an interim remedy, and not a cause of action, a cause of action

10  must exist before an injunction can be issued. *See Major v. Miraverde Homeowners Assn.*, 7 Cal.

11  App. 4th 618, 623 (1992); *Korean Amer. Legal Advocacy Foundation v. Los Angeles*, 23 Cal.

12  App. 4th 376, 398 (1994).

13         "[T]he burden was on plaintiffs, as the parties seeking injunctive relief, to show all

14  elements necessary to support issuance of a preliminary injunction." *O'Connell v. Superior Court*,

15  141 Cal. App. 4th 1452 (2006).  As set forth below, plaintiff cannot prevail on the merits of her

16  claims and the request for a preliminary injunction should be denied.

17      B.   **Plaintiff's First Claim For Declaratory Relief Fails Because She Lacks**

18         **Standing To Sue For Any Alleged Violation Of A Pooling And Servicing**

19         **Agreement And Any Such Agreement Does Not Negate GMAC's Right To**

20         **Foreclose On The Property**

21         1.   **An Actual And Present Controversy Must Exist To Support A**

22            **Declaratory Relief Claim**

23         California Code of Civil Procedure section 1060 allows any person "[i]nterested under a

24  written instrument, excluding a will or trust, or under a contract, or who desires a declaration of

25  his or her rights or duties with respect to another, or in respect to, in, over or upon property..." to

26  seek a judicial declaration of his, her, or its rights and duties in the premises, including a

27  determination of any question of construction or validity arising under the instrument or contract.

28

1    California Code of Civil Procedure section 1061 provides that the court may refuse to

2    exercise the power to grant declaratory relief in any case in which its declaration or determination

3    is not necessary or proper at the time under all the circumstances.

4    The purpose of declaratory relief is to eliminate uncertainties that may result in future

5    litigation, and, hence, to quiet or stabilize an uncertain or disputed legal relations by permitting a

6    prompt adjudication of the respective rights and obligations of the parties. *See Marina*

7    *Development Co. v. County of Los Angeles*, 155 Cal. App. 3d 435, 443 (1984); *City of Tiburon v.*

8    *Northwestern Pac. R.R. Co.*, 4 Cal. App. 3d 160, 173 (1970); *Lortz v. Connell*, 273 Cal. App. 2d

9    286, 301 (1969). Declaratory relief enables the parties to shape their future conduct to avoid the

10   breach of an obligation. *See Babb v. Superior Court of Sonoma County*, 3 Cal. 3d 841, 848

11   (1971).

12   An action for declaratory relief is authorized only when an actual controversy relating to

13   the legal rights and duties of the respective parties exists. *See* Cal. Civ. Proc. Code § 1060. A

14   justiciable controversy must be definite, concrete, and touching the legal relations of parties

15   having adverse interests. *See LePage v. Oakland*, 13 Cal. App. 3d 689, 692 (1970). When only

16   past wrongs are involved there is no basis for declaratory relief. *See County of San Diego v. State*

17   164 Cal. App. 4th 580, 607–608 (2008).

18   Declaratory relief is superfluous if another cause of action would resolve the alleged

19   dispute. "The object of the [declaratory relief statute] is to afford a new form of relief where

20   needed and not to furnish a litigant with a second cause of action for the determination of identical

21   issues." *Hood v. Superior Court*, 33 Cal. App. 4th 319, 321–324 (1995).

22   **2.       Declaratory Relief Is Not Necessary Because Plaintiff Cannot Show**

23   **That Any Actual And Present Controversy Exists Regarding The**

24   **Foreclosure**

25   Plaintiff alleges at length that Defendants have no authority to foreclose on the Property

26   because the loan was securitized through a Pooling and Service Agreement ("PSA"). *See* SAC, ¶¶

27   6 to 10. However, the securitization is not attached to the SAC which shows that the subject loan

28   is part of the alleged securitization.

1    And in any event, this contention was recently rejected in *Jenkins v. JP Morgan Chase*

2  *Bank*, which held that a borrower was not a party to the securitization and could not complain if

3  there was a problem with the securitization. "As an unrelated third party to the alleged

4  securitization, and any other subsequent transfers of the beneficial interest under the promissory

5  note, Jenkins lacks standing to enforce any agreements, including the investment trust's pooling

6  and servicing agreement, relating to such transactions." *Jenkins v. JP Morgan Chase Bank, N.A.*,

7  216 Cal. App. 4th 497, 515 (2013). Even if there were problems with the securitization, the

8  borrower still had the obligation under the note and deed of trust to repay the loan. *See id.*

9    Courts have rejected claims that companies lose their power of sale pursuant to the deed of

10  trust when the original promissory note is securitized and assigned to a trust pool. *See Benham v.*

11  *Aurora Loan Servs.*, 2009 WL 28880232, *3 (N.D. Cal. 2009); *Hafiz v. Greenpoint Mortg.*

12  *Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009); *Mulato v. WMC Mortg. Corp.*, 2010

13  WL 1532276, at *2 (N.D. Cal. 2010).

14    Courts have also rejected the notion that the securitization of a loan results in the

15  separation of the note and deed of trust which would allegedly prohibit foreclosure on the

16  Property. *See Christopher v. First Franklin Fin'l Corp.*, 2010 WL 1780077, at ** 2-3 (S.D. Cal.

17  2010); *Labra v. Cal-Western Reconveyance Corp.*, 2010 WL 889537, at ** 12-15 (N.D. Cal.

18  2010); *Saxon Mortg. Services v. Hillery*, 2009 WL 2435926, at ** 4-5 (N.D. Cal. 2009).

19    Further, plaintiff does not have standing to challenge the securitization of the loan and

20  whether the loan was properly transferred in accordance with the Pooling and Servicing

21  Agreement, as plaintiff has failed to demonstrate she is a party or beneficiary to the Pooling and

22  Servicing Agreement. *See Christopher v. First Franklin Fin. Corp.*, 2010 WL 3895351, at *4

23  (S.D. Cal. Sept. 29, 2010); *Armeni v. Am.'s Wholesale Lender*, 2012 WL 603242, at *3 (C.D. Cal.

24  Feb. 24, 2012) ("The Court finds that plaintiff lacks standing to challenge the process by which his

25  mortgage was (or was not) securitized because he is not a party to the PSA."); *Armstrong v. Chevy*

26  *Chase Bank, FSB*, 2012 WL 4747165, at *2-*3 (N.D. Cal. Oct. 3, 2012) ("Plaintiffs theory of

27  liability fails to support a plausible claim because Plaintiffs lack standing to allege a breach of the

28  PSA. Indeed, they are neither direct parties to nor third-party beneficiaries of that agreement.").

1   Thus, the theory that the PSA prevents a foreclosure lacks merit. That plaintiff's loan may

2   have been securitized and governed by a pooling and servicing are not grounds to invalidate the

3   loan on the Property. The request for a preliminary injunction should be denied.

4   **3.      MERS May Foreclose On The Property And Assign The Deed Of Trust**

5   Plaintiff further alleges that Defendants had no rights under the Deed of Trust to foreclose

6   on the Property. This contention is not supported by the law. "California courts have refused to

7   delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial

8   actions to challenge the right, power, and authority of a foreclosing "beneficiary" or beneficiary's

9   "agent" to initiate and pursue foreclosure." *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal.

10  App. 4th 497, 511 (2013). Thus, plaintiff has no standing to sue to challenge Defendants' right to

11  foreclose on the Property.

12  Plaintiff alleges that MERS has no interest in the subject loan and could not assign the

13  loan. *See* SAC, ¶¶ 11 to 13. Plaintiff's conclusory allegation that MERS could not foreclose on

14  the Property or assign the loan is not supported by the law. As held in *Gomes v. Countrywide*

15  *Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1151 (2011) ("*Gomes*"), the purpose of MERS is:

16

17          MERS is a private corporation that administers the MERS System, a national
            electronic registry that tracks the transfer of ownership interests and servicing
18          rights in mortgage loans. Through the MERS System, MERS becomes the
            mortgagee of record for participating members through assignment of the
19          members' interests to MERS. MERS is listed as the grantee in the official
            records maintained at county register of deeds offices. The lenders retain the
20          promissory notes, as well as the servicing rights to the mortgages. The lenders
            can then sell these interests to investors without having to record the
21          transaction in the public record. MERS is compensated for its services through
            fees charged to participating MERS members.
22

23  The *Gomes* court held that the rules governing non-judicial foreclosure [Civil Code

24  sections 2924 *et seq.*] were the *only* rules governing non-judicial foreclosure. *See id.* at 1154.

25  Thus, a plaintiff cannot seek a judicial determination that MERS could not foreclose on real

26  property.

27  Further, plaintiffs agreed in the deed of trust that MERS was the nominal beneficiary and

28  could non-judicially foreclose upon plaintiffs' default on the loan. *See id.* at 1157. The *Gomes*

1  decisions was affirmed in *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 258, 268-73

2  (2011) ("*Fontenot*"). In *Fontenot*, the court stated that the *Gomes* decision was rightly decided.

3  *See id.*

4      Further, the *Fontenot* court held that a plaintiff bore the burden of establishing that any

5  assignment to MERS was improper because plaintiff was challenging the propriety of the

6  foreclosure proceedings. *See id.* The court also held that MERS, as nominee for the lender, could

7  assign a note as an agent for the lender. *See id.* Furthermore, simply alleging that as assignment

8  is improper is not enough -- plaintiff must establish that there was absolutely no assignment of the

9  note and deed of trust to the foreclosing lender. *See id.* Here, there are two recorded assignments

10  of the First Deed of Trust which show the Defendants' rights to foreclose.

11      Here, like in *Gomes*, plaintiff agreed in the First Deed of Trust that MERS was a nominee

12  and beneficiary for the loan. *See* Ex. 1 to RJN, page 1. In short, MERS may act as a beneficiary

13  under a deed of trust and may, in that capacity, commence non-judicial foreclosure based upon the

14  borrowers' default.

15      Furthermore, even if any of the assignments were improper, plaintiff must show how she

16  was prejudiced. "Prejudice is not presumed from 'mere irregularities' in the process." *Herrera v.*

17  *Federal National Mortgage Association*, 205 Cal. App. 4th 1495, 1507-1508 (2012). Any error in

18  assignments do not damage the borrower, but the lender. *See id.* at 1508.

19      The weight of California state authority -- *Gomes*, *Fontenot*, and *Jenkins* -- show that

20  plaintiff does not have a right to challenge the completed foreclosure on the Property. The

21  holdings in *Jenkins, Gomes, Fontenot* and *Herrera* were also affirmed in *Siliga v. Mortgage Elec.*

22  *Registration Sys., Inc.*, 219 Cal. App. 4th 75, 85 to 86 (2013).

23      And thus, plaintiff's reliance on two federal cases to the contrary do not support her

24  position regarding the alleged faulty securitization. *See Vogan v. Wells Fargo Bank, N.A.*, 2:11-

25  CV-02098-JAM, 2011 WL 5826016 at * 7 (E.D. Cal. Nov. 17, 2011); *Johnson v. HSBC Bank*

26  *USA, Nat. Ass'n*, 3:11-CV-2091-JM-WVG, 2012 WL 928433, at *2-*3 (S.D. Cal. Mar. 19, 2012).

27  Both of these federal cases were decided before *Jenkins* and *Herrera* which is the operative law on

28  the issue.

1   Plaintiff alleges that Jacqueline Keeley was not an authorized signatory for the assignment

2   of the deed of trust. *See* SAC, ¶ 15. This theory fails because plaintiff must allege that there was

3   absolutely no assignment of the note and deed of trust but plaintiff failed to do so.

### 4.   The Weight Of Authority Goes Against *Glaski*

5   Plaintiff may rely on *Glaski v. Bank of Am., Nat'l Ass'n*, 218 Cal. App. 4th 1079 (2013) to

6   support her position that she has a right to challenge GMAC's right to foreclose. The issue in

7   *Glaski* was the plaintiff's allegation that the note and deed of trust were not properly transferred to

8   a trust in violation of New York trust law. *See id.*, at 1093 to 1096.

9   *Glaski* has also been rejected by a majority of federal decisions. "[G]*laski* represents a

10   distinct minority view on the standing of third parties to enforce or assert claims based on alleged

11   violations of a PSA." *Apostol v. CitiMortgage, Inc.*, 13-CV-01983-WHO, 2013 WL 6328256, at

12   *6 to *7 (N.D. Cal. Nov. 21, 2013). "[S]everal state and district courts that have analyzed the

13   effect of New York law on post-closing date acquisitions, like the one at issue in *Glaski*, have

14   concluded that such transfers are voidable rather than void." *Boza v. U.S. Bank Nat. Ass'n*, 2013

15   WL 5943160, at *6 to *7 (C.D. Cal. Oct. 28, 2013). "The rationale for these decisions is that New

16   York courts do not apply New York Estates, Powers & Trusts Law § 7–2.4 literally. Rather, 'New

17   York courts have held that a beneficiary can ratify a trustee's ultra vires act.'" *Id.*

18   *Jenkins, supra*, also found, unlike the *Glaski* decision, that a borrower lacked standing to

19   challenge the validity of the loan transfer to a trust pool because the borrower was a nonparty to

20   the pooling and servicing agreement and "even if any subsequent transfers of the promissory note

21   were invalid, [the borrower] is not the victim of such invalid transfers because her obligations

22   under the note remained unchanged." (216 Cal.App.4th at 515.)

23   The *Glaski* decision failed to address the point made in *Jenkins* that a borrower is not

24   necessarily prejudiced by an alleged invalid assignment of the loan to a trust pool. And plaintiff

25   does not allege prejudice here—e.g., that she made payments to the original Note holder, but the

26   would-be assignee Note holder asserted it was entitled to those payments and initiated foreclosure.

27   That is because the foreclosure here was caused by Plaintiff's failure to make payments, not by

28   purported defects in assignment of the Deed of Trust.

5.      **The Exhibit Attached To The SAC Should Be Disregarded As It Is Not**

               **Authenticated And Is Irrelevant**

The bankruptcy court order is irrelevant to the allegations in the SAC. "[F]ederal decisional authority is neither binding nor controlling in matters involving state law." *Howard Contracting, Inc. v. G.A. MacDonald Constr. Co., Inc.*, 71 Cal. App. 4th 38, 52 (1998). Thus, what the bankruptcy court may have found is not controlling on plaintiff's state-law claim for declaratory relief.

Also, the Court should not take judicial notice of the purported facts stated in the order. "[W]hile courts are free to take judicial notice of the existence of each document in a court file, including the truth of results reached, they may not take judicial notice of the truth of hearsay statements in decisions and court files. [Citation.] Courts may not take judicial notice of allegations in affidavits, declarations and probation reports in court records because such matters are reasonably subject to dispute and therefore require formal proof." *Kilroy v. State*, 119 Cal. App. 4th 140, 145 (2004) (citation omitted). Thus, the Court may take judicial notice that the order was issued, but the Court should not take judicial notice of facts found by the bankruptcy court because, as stated in the order, it relied on declarations. *See id.* As stated in *Kilroy*, "[f]indings in a prior judicial opinion are not a proper subject of judicial notice." *Id.* at 148.

Furthermore, plaintiff alleges that GMAC does not have standing to foreclose based on the loan being assigned to a pooling and servicing agreement. This has nothing to do with the signatures discussed in the order. Plaintiff also alleges that, as a general principle, MERS has no right to foreclose because it is not a beneficiary of the loan and cannot assign loans. Again, this has nothing to do with the signatures discussed in the order.

Hence, the Bankruptcy Court order is irrelevant and is not subject to judicial notice.

C.      **The SAC Does Not Allege A Violation Of Civil Code Section 2923.5 And The**

               **Motion's Argument On This Purported Issue Is Irrelevant**

Civil Code section 2923.5 ("Section 2923.5") provides that, before a Notice of Default may be recorded on a property due to non-payment of the loan: "A mortgagee, beneficiary, or authorized agent shall contact the borrower in person or by telephone in order to assess the

1 | borrower's financial situation and explore options for the borrower to avoid foreclosure."

2 | However, a borrower is not guaranteed a right to be given a loan modification. *See Mabry v.*

3 | *Superior Court,* 185 Cal. App. 4th 208, 214 (2010).

4 |      This purported issue is irrelevant because this alleged violation is not alleged in the SAC.

5 | Moreover, plaintiff offers absolutely no facts that GMAC did not attempt to contact her before the

6 | notice of default was recorded. Plaintiff also offers no evidence as to how any amounts stated on

7 | the notice of default or the notice of trustee's sale are or were inaccurate. And in any event, an

8 | injunction is only to prevent irreparable harm. *See* Cal. Civ. Proc. Code § 526(a)(2). If there are

9 | any accounting issues, they can be dealt with by adjusting the accounting on the loan without a

10 | need for a preliminary injunction.

11 |      Accordingly, this argument should be disregarded by the Court.

12 | **D.    The Purported Violation Of 12 C.F.R. § 226.39 Lacks Any Facts To Constitute**

13 | **A Cause Of Action Against GMAC**

14 |      Plaintiff alleges a violation of 12 C.F.R. § 226.39 which governs the provisions of mortgage

15 | transfer disclosures. This purported claim fails for multiple reasons. First, it was not alleged as a

16 | cause of action in the SAC. Second, plaintiff offers absolutely no evidence to support this

17 | assertion. And without any evidence, it should be disregarded by the Court. Third, plaintiff fails to

18 | show how the purported failure to provide the disclosure causes her any irreparable harm. This

19 | simply cannot be the basis for a preliminary injunction.

20 | **E.    If The Preliminary Injunction Is Granted, The Court Must Set A Bond**

21 |      Notwithstanding the above, if a preliminary injunction is issued, the Court must require an

22 | undertaking or at least a cash deposit in lieu thereof. *See* Code Civ. Proc. §§ 529, 995.710. The

23 | purpose of the bond or undertaking is to cover any damages to Defendants caused by the

24 | injunction if it is ultimately determined that the plaintiff is not entitled to the injunction. *See* Code

25 | Civ. Proc. § 529.

26 |      If the Court is inclined to grant plaintiffs' request for preliminary injunction, plaintiff

27 | should be required to provide an undertaking no less than $1,524,730.70, which is equal to the

28 | current amount of arrearage owing on the loan. *See* Ex. 7 to RJN.

1 | IV.    **CONCLUSION**

2 |     For the foregoing reasons, GMAC respectfully requests the Court to deny the request for a

3 | preliminary injunction.

4

5 | DATED: May 12, 2014               SEVERSON & WERSON
                           A Professional Corporation

6

7

8 |                            By: _____
                                 DAVID M. LIU

9

10 |                            Attorneys for Defendants
                           GMAC MORTGAGE, LLC; and

11 |                            OCWEN LOAN SERVICING, LLC

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PROOF OF SERVICE

1

2        At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Orange, State of California. My business address is The Atrium,
3   19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

4        On May 12, 2014, I served true copies of the following document(s): **DEFENDANTS
GMAC MORTGAGE, LLC; AND OCWEN LOAN SERVICING, LLC'S OPPOSITION**
5   **TO OSC RE PRELIMINARY INJUNCTION** on the interested parties in this action as follows:

6   Ehud Gersten, Esq.                          Attorneys for Plaintiff FRANCINE SILVER
    GERSTEN LAW GROUP
7   3115 Fourth Avenue                          Telephone:    (619) 600-0098
    San Diego, CA 92103                         Email:        egersten@gerstenlaw.com
8

9   ☐    **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the
         persons at the addresses listed in the Service List and placed the envelope for collection
         and mailing, following our ordinary business practices. I am readily familiar with
10       Severson & Werson's practice for collecting and processing correspondence for mailing.
         On the same day that the correspondence is placed for collection and mailing, it is
11       deposited in the ordinary course of business with the United States Postal Service, in a
         sealed envelope with postage fully prepaid.
12

13  ☐    **BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED:** I enclosed the
         document(s) in a sealed envelope or package addressed to the persons at the addresses
         listed in the Service List and placed the envelope for collection and mailing via Certified
14       Mail, Return Receipt Requested, following our ordinary business practices. I am readily
         familiar with Severson & Werson's practice for collecting and processing correspondence
15       for mailing. On the same day that the correspondence is placed for collection and mailing,
         it is deposited in the ordinary course of business with the United States Postal Service, in a
16       sealed envelope with postage fully prepaid.

17  ☒    **BY FEDEX OVERNIGHT:** I enclosed said document(s) in an envelope or package
         provided by FedEx and addressed to the persons at the addresses listed in the Service List.
18       I placed the envelope or package for collection and overnight delivery at an office or a
         regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver
19       authorized by FedEx to receive documents.

20       I declare under penalty of perjury under the laws of the State of California that the
    foregoing is true and correct.
21

22       Executed on May 12, 2014, at Irvine, California.

23

24                                          RYAN J. BROOKS

25

26

27

28

**FedEx.**    Shipment Receipt

## Address Information
**Ship to:**
Ehud Gersten
GERSTEN LAW GROUP
3115 4TH AVE

SAN DIEGO, CA
921035802
US
6196000098

**Ship from:**
DAVID M. LIU
SEVERSON & WERSON
19100 VON KARMAN #700

IRVINE, CA
92612
US
9492257201

## Shipment Information:
Tracking no.: 798827699627
Ship date: 05/12/2014
Estimated shipping charges: 8.28

## Package Information
Pricing option: FedEx Standard Rate
Service type: Standard Overnight
Package type: FedEx Envelope
Number of packages: 1
Total weight: 0.20  LBS
Declared Value: 0.00  USD
Special Services:
Pickup/Drop-off: Use an already scheduled pickup at my location

## Billing Information:
Bill transportation to: 208217-216
Your reference:  19000-1384
P.O. no.:
Invoice no.:
Department no.:

---

Thank you for shipping online with FedEx ShipManager at fedex.com.

**Please Note**

FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g., jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits; Consult the applicable FedEx Service Guide for details.
The estimated shipping charge may be different than the actual charges for your shipment. Differences may occur based on actual weight, dimensions, and other factors. Consult the applicable FedEx Service Guide or the FedEx Rate Sheets for details on how shipping charges are calculated.