# Exhibit 5-H

## Order Granting Preliminary Injunction Motion

EHUD GERSTEN, SBN 236159
Gersten Law Group
3115 Fourth Avenue
San Diego, CA 92103
Telephone: 619-600-0098
egersten@gerstenlaw.com

Attorneys for Plaintiff Francine Silver

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

JUN 9 2014

Sherri R. Carter, Executive Officer/Clerk
By Darian Salisbury, Deputy

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES          FILED BY FAX

| | |
|---|---|
| FRANCINE SILVER,<br><br>  Plaintiff,<br><br>v.<br><br>GMAC MORTGAGE, LLC, a limited liability company; and OCWEN LOAN SERVICING, LLC, a limited liability company.<br><br>  Defendant. | Case No. SC 118412<br><br>ORDER GRANTING PRELIMINARY INJUNCTION<br><br>Date of Hearing: May 23, 2014<br>Dept.: P<br>Time: 8:30 a.m.<br><br>Filing Date: Sept. 17, 2012<br>Trial Date: None |

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

The motion of plaintiff Francine Silver for a Preliminary Injunction to enjoin defendants from foreclosing on her real property, located at 8613 Franklin Street, Los Angeles, CA 90069, was heard before the Court on May 23, 2014, under an Order to Show Cause re: Preliminary Injunction. Ehud Gersten appeared as counsel for plaintiff Francine Silver. David M. Liu of Severson & Werson appeared as counsel for defendant GMAC Mortgage, LLC. The matter having been argued and evidence having been presented to the Court by both parties, the Court finds that there is substantial evidence that one or more documents on which defendants rely for their claims are fraudulent or contain fraudulent

signatures. Based on these findings, the Court adopted the Tentative Ruling (attached as Exhibit A) as the ruling on the motion (with the bond amount corrected post-hearing from $10,000 to $1,000). Plaintiff has shown a probability of prevailing at trial and will suffer great or irreparable injury unless injunctive relief is granted before the trial is held. Therefore:

**IT IS HEREBY ORDERED:**

That defendants GMAC Mortgage, LLC, Ocwen Loan Servicing, LLC, their agents, servants, employees, assigns or anyone acting on their behalf (collectively "defendants") are enjoined, pending trial of this matter, from any action of any kind, whether in law or equity, regarding or relating to the foreclosure of plaintiff's interest in the real property located at 8613 Franklin Street, Los Angeles, CA 90069 ("the Property"), based in whole or in part upon the Note for the purchase of the Property, the Deed of Trust securing the Note, any agreement between defendants by which any of them may act as the servicing agent of the Note, or any purported assignment of any of the following: the Note, Deed of Trust, servicing rights, or right to act as a trustee on behalf of any of the defendants, including, but not limited to any claim of defendants, regardless of the basis for that claim, that is or may be adverse to plaintiff's interest in the Property.

Plaintiff is not required to make any payments on the Note until such time as there is a judicial determination at time of trial as to the validity of any assignment of the Note or the Deed of Trust and a determination as to whom plaintiff may owe any payments.

The Court requires that plaintiff post a bond with the Court in the amount of One Thousand Dollars ($1,000) to be held until such time as the Preliminary Injunction is vacated by an order of this Court.

Dated: JUN 10 2014, 2014

ALLAN J. GOODMAN
JUDGE

Hon. Allan J. Goodman
Judge

2
PRELIMINARY INJUNCTION

# Exhibit A

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 05/23/14 | DEPT. WEP |
| HONORABLE ALLAN J. GOODMAN  JUDGE | D. SALISBURY  DEPUTY CLERK |
| HONORABLE #1  JUDGE PRO TEM | B. HALL, CSL/CT.ASST.  ELECTRONIC RECORDING MONITOR |
| Deputy Sheriff  NONE | Reporter |

| | | |
|---|---|---|
| 9:00 am | SC118412 | Plaintiff Counsel: EHUD GERSTEN (X) (COURT CALL) |
| | FRANCINE SILVER VS GMAC MORTGAGE | Defendant Counsel: DAVID M. LIU (X) |
| | RECUSAL JUDGE TILLMON | |

**NATURE OF PROCEEDINGS:**

ORDER TO SHOW CAUSE RE: PRELIMINARY INJUNCTION AND TEMPORARY RESTRAINING ORDER;

Order to Show Cause hearing is held and the Court rules pursuant to the Tentative Ruling as follows:

PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION (continued from 11/30/12)

Evidentiary matters

    Defendants' Objections to Silver declaration: S as to 1 and 2, O as to 3.

    Defendants' Objections to Gersten declaration: O as to all.

    Defendants' request for judicial notice is granted as to all 8 exhibits thereto, as to recordation and existence only.

    It appears that even if the objections overruled were sustained, Plaintiff would nevertheless prevail for several of the reasons stated.

Merits

    This is an action to, essentially, enjoin a

Page 1 of 5   DEPT. WEP

MINUTES ENTERED
05/23/14
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 05/23/14 | DEPT. WEP |
| HONORABLE ALLAN J. GOODMAN    JUDGE | D. SALISBURY    DEPUTY CLERK |
| | B. HALL, CSL/CT.ASST. |
| HONORABLE #1    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| Deputy Sheriff    NONE | Reporter |

| | | |
|---|---|---|
| 9:00 am | SC118412 | Plaintiff Counsel    EHUD GERSTEN (X) (COURT CALL) |
| | FRANCINE SILVER VS GMAC MORTGAGE | Defendant Counsel    DAVID M. LIU (X) |
| | RECUSAL JUDGE TILLMON | |

**NATURE OF PROCEEDINGS:**

threatened foreclosure sale under a deed of trust on residential property. The operative complaint for declaratory relief and injunctive relief, Plaintiff's Second Amended and Supplemental Complaint ("SAC"), arises from a loan obtained by plaintiff in March 2006 from Nationwide Lending Group in the amount of $1.3M. The current assignee of the promissory note and deed of trust is purported to be GMAC, pursuant to an assignment from MERS on July 5, 2011. GMAC is seeking to foreclose on the property. Plaintiff seeks an order declaring that GMAC's notice of default is void and that GMAC has no right, title or interest in the property. Plaintiff obtained a TRO in October 2012, which TRO is still in effect; Plaintiff now seeks a preliminary injunction enjoining a foreclosure sale. The Court will grant the motion.

In order to obtain a preliminary injunction, a party must show: (1) a reasonable probability of success on the merits; (2) an inadequate remedy at law/irreparable injury; and (3) a balancing of the equities tilting in his/her favor. See generally, Weil & Brown (2013), paras. 9:519-533.3; CCP 526; CRC 3.1150. It is long-standing law that the granting of an injunction pendente lite, viz., a preliminary injunction, is an "extraordinary" remedy, "to be exercised always with great caution," and only where it fairly appears to be necessary to prevent irreparable injury or to preserve the estates of the parties. Schwartz v. Arata (1920) 45

Page    2 of    5    DEPT. WEP

MINUTES ENTERED
05/23/14
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 05/23/14 | DEPT. WEP |
| HONORABLE ALLAN J. GOODMAN    JUDGE | D. SALISBURY    DEPUTY CLERK |
| | B. HALL, CSL/CT.ASST. |
| HONORABLE #1    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| Deputy Sheriff    NONE | Reporter |

| | | |
|---|---|---|
| 9:00 am | SC118412 | Plaintiff Counsel   EHUD GERSTEN (X) (COURT CALL) |
| | FRANCINE SILVER VS GMAC MORTGAGE | Defendant Counsel   DAVID M. LIU (X) |
| | RECUSAL JUDGE TILLMON | |

**NATURE OF PROCEEDINGS:**

Cal.App. 596, 601. The Court has significant discretion to grant or deny a preliminary injunction. E.g., 6 Witkin, California Procedure (5th Ed. 2008), Provisional Remedies, sec. 354.

Plaintiff asserts numerous grounds for the motion: (1) the purported assignment of the Deed of Trust by MERS to GMAC is unreliable due to the mis-matched signatures of Jacqueline Kinney on behalf of MERS; (2) the assignment is also called into question because plaintiff's loan appears to be an asset of a securitization trust, from which it could not have been validly assigned; (3) GMAC failed to make an attempt to contact plaintiff in order to explore alternatives to foreclosure as required by Civil Code §2923.5; (4) GMAC failed to disclose the purported assignment as required by Regulation Z under the Truth in Lending Act (15 U.S.C. §1601, et seq.); and (5) the Notice of Default overstates the amount required to reinstate the loan because GMAC obtained overpayments before Plaintiff's default by means of fraud.

The Court concludes that Plaintiff has established a probability of prevailing based on the first ground for the motion outlined above. (While it also appears that several of the other bases would support the granting of the requested relief, the Court need not discuss the other four grounds.)

The purported beneficiary of the Deed of Trust,

Page    3 of    5    DEPT. WEP

MINUTES ENTERED
05/23/14
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 05/23/14 | DEPT. WEP |
| HONORABLE ALLAN J. GOODMAN  JUDGE | D. SALISBURY  DEPUTY CLERK |
| HONORABLE #1  JUDGE PRO TEM | B. HALL, CSL/CT.ASST.  ELECTRONIC RECORDING MONITOR |
| Deputy Sheriff  NONE | Reporter |

| 9:00 am | SC118412 | Plaintiff Counsel | EHUD GERSTEN (X) (COURT CALL) |
|---|---|---|---|
| | FRANCINE SILVER VS GMAC MORTGAGE | Defendant Counsel | DAVID M. LIU (X) |
| | RECUSAL JUDGE TILLMON | | |

**NATURE OF PROCEEDINGS:**

by assignment from MERS, is GMAC. However, Plaintiff has submitted substantial evidence supporting her assertion that GMAC is not the true beneficiary and is not a proper party to seek foreclosure. There is strong reason to doubt the validity of the written assignment because the signatures on the Assignment of Deed of Trust and Substitution of Trustee by purported MERS secretary Jacqueline Keeley do not match. In other words, there is substantial evidence that the assignment to GMAC was fraudulent - and thus GMAC lacks standing to foreclose. Notably, GMAC has failed to meaningfully address Plaintiff's argument that its standing as beneficiary (and ETS Services' standing as substitute trustee) is called into question due to the inconsistent signatures by Keeley. See, Opp., at 8:1-3.

The Court having determined that Plaintiff has established a reasonable probability of success on the merits, that foreclosure on her house would constitute irreparable injury, and that the balance of the equities tilts in Plaintiff's favor, the Court must determine the proper amount of the injunction bond. GMAC requests that the court order Plaintiff to post an undertaking in the full amount now owed on the loan  over $1.5M. Plaintiff contends that due to continuing increases in real estate prices, the bond amount should be minimal. GMAC has not shown that it is likely to sustain any damages should this injunction have been

Page    4 of    5    DEPT. WEP

MINUTES ENTERED
05/23/14
COUNTY CLERK

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| DATE: 05/23/14 | DEPT. WEP |
| HONORABLE ALLAN J. GOODMAN    JUDGE | D. SALISBURY    DEPUTY CLERK |
| | B. HALL, CSL/CT.ASST. |
| HONORABLE #1    JUDGE PRO TEM | ELECTRONIC RECORDING MONITOR |
| Deputy Sheriff | NONE    Reporter |

| 9:00 am | SC118412 | Plaintiff Counsel | EHUD GERSTEN (X) (COURT CALL) |
|---|---|---|---|
| | FRANCINE SILVER VS GMAC MORTGAGE | Defendant Counsel | DAVID M. LIU (X) |
| | RECUSAL JUDGE TILLMON | | |

**NATURE OF PROCEEDINGS:**

improvidently issued. The Court elects to impose a bond in the nominal amount of $1,000.00.

Motion for preliminary injunction is granted. The mandatory injunction bond is set at $10,000.00. The temporary restraining order issued on October 25, 2012 shall continue to be in effect until the Court executes an order granting the injunction.

Plaintiff is ordered to serve and lodge a revised proposed preliminary injunction consistent with today's ruling, in accordance with CRC 3.1312. That order should refer to the Court as "the Court," not as "me."

**END OF TENTATIVE RULING**

NOTICE

Counsel for plaintiff shall give notice of today's rulings and timely file proof of service thereof, pursuant to CCP 1019.5 and CRC 3.1312.

Page    5 of    5    DEPT. WEP

MINUTES ENTERED
05/23/14
COUNTY CLERK

| | |
|---|---|
| Ehud Gersten<br>Gersten Law Group<br>3115 4th Ave<br>San Diego, CA 92103<br>TELEPHONE NO.: (619) 600-0098    FAX NO. (Optional): (619) 600-0083<br>E-MAIL ADDRESS (Optional): egersten@gerstenlaw.com<br>ATTORNEY FOR (Name): Francine Silver | |
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles<br>STREET ADDRESS: 1725 Main Street<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Santa Monica, CA 90401<br>BRANCH NAME: West District | |
| PETITIONER/PLAINTIFF: Francine Silver<br>RESPONDENT/DEFENDANT: GMAC Mortgage, LLC et al. | |
| **PROOF OF SERVICE BY FIRST-CLASS MAIL - CIVIL** | CASE NUMBER:<br>SC118412 |

*(Do not use this Proof of Service to show service of a Summons and Complaint.)*

1. I am over 18 years of age and not a party to this action. I am a resident of or employed in the county where the mailing took place.

2. My residence or business address is:
   3115 4th Avenue
   San Diego, CA 92103

3. On *(date)*: July 2 2014      I mailed from *(city and state)*: San Diego, CA
   the following documents *(specify)*:
   SIGNED ORDER GRANTING PRELIMINARY INJUNCTION

   ☐ The documents are listed in the *Attachment to Proof of Service by First-Class Mail - Civil (Documents Served)* (form POS-030(D)).

4. I served the documents by enclosing them in an envelope and *(check one)*:
   a. ☒ depositing the sealed envelope with the United States Postal Service with the postage fully prepaid.
   b. ☐ placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with this business's practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

5. The envelope was addressed and mailed as follows:
   a. Name of person served: David M. Liu
   b. Address of person served:
      Severson & Werson
      19100 Von Karman Avenue, Suite 700
      Irvine, CA 92612

   ☐ The name and address of each person to whom I mailed the documents is listed in the *Attachment to Proof of Service by First-Class Mail-Civil (Persons Served)* (POS-030(P)).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: July 2 2014

Ehud Gersten
(TYPE OR PRINT NAME OF PERSON COMPLETING THIS FORM)     ▶     (SIGNATURE OF PERSON COMPLETING THIS FORM)

Form Approved for Optional Use
Judicial Council of California
POS-030 [New January 1, 2005]
Martin Dean's ESSENTIAL FORMS™

**PROOF OF SERVICE BY FIRST-CLASS MAIL - CIVIL**
**(Proof of Service)**

Code of Civil Procedure, §§ 1013, 1013a
www.courtinfo.ca.gov

Francine Silver