**Exhibit 5-I**

**GMACM Demurrer**

1  ROBERT J. GANDY (State Bar No. 225405)
   DAVID M. LIU (State Bar No. 216311)
2  SEVERSON & WERSON
   A Professional Corporation
3  The Atrium
   19100 Von Karman Avenue, Suite 700
4  Irvine, California 92612
   Telephone: (949) 442-7110
5  Facsimile: (949) 442-7118

6  JOHN B. SULLIVAN (State Bar No. 96742)
   SEVERSON & WERSON
7  A Professional Corporation
   One Embarcadero Center, Suite 2600
8  San Francisco, California 94111
   Telephone: (415) 398-3344
9  Facsimile: (415) 956-0439

10 Attorneys for Defendants
   GMAC MORTGAGE, LLC; and
11 OCWEN LOAN SERVICING, LLC

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAY 21 2014

Sherri R. Carter, Executive Officer/Clerk
By **Darnetta Smith**, Deputy

### SUPERIOR COURT OF CALIFORNIA
### COUNTY OF LOS ANGELES — WEST DISTRICT
### SANTA MONICA COURTHOUSE

| | |
|---|---|
| FRANCINE SILVER,<br><br>Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE, LLC, a limited liability company; OCWEN LOAN SERVICING, LLC; and DOES 1-20,<br><br>Defendant. | Case No. SC118412<br>Assigned for All Purposes to:<br>Hon. Allan J. Goodman<br>Dept. WE "P"<br><br>**DEFENDANT GMAC MORTGAGE, LLC'S NOTICE OF DEMURRER; DEMURRER TO SECOND AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date: May 14, 2015<br>Time: 8:30 a.m.<br>Crtrm.: WE "P"<br><br>Action Filed: September 17, 2012<br>Trial Date: None Set |

19000.1384/3258733.1

NOTICE OF AND DEMURRER TO SAC

Scanned by CamScanner

```
 1  ROBERT J. GANDY (State Bar No. 225405)
    DAVID M. LIU (State Bar No. 216311)
 2  SEVERSON & WERSON
    A Professional Corporation
 3  The Atrium
    19100 Von Karman Avenue, Suite 700
 4  Irvine, California 92612
    Telephone: (949) 442-7110
 5  Facsimile: (949) 442-7118

 6  JOHN B. SULLIVAN (State Bar No. 96742)
    SEVERSON & WERSON
 7  A Professional Corporation
    One Embarcadero Center, Suite 2600
 8  San Francisco, California 94111
    Telephone: (415) 398-3344
 9  Facsimile: (415) 956-0439

10  Attorneys for Defendants
    GMAC MORTGAGE, LLC; and
11  OCWEN LOAN SERVICING, LLC
```

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF LOS ANGELES — WEST DISTRICT

## SANTA MONICA COURTHOUSE

| | |
|---|---|
| FRANCINE SILVER,<br><br>Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE, LLC, a limited liability company; OCWEN LOAN SERVICING, LLC; and DOES 1-20,<br><br>Defendant. | Case No. SC118412<br>Assigned for All Purposes to:<br>Hon. Allan J. Goodman<br>Dept. WE "P"<br><br>**DEFENDANT GMAC MORTGAGE, LLC'S NOTICE OF DEMURRER; DEMURRER TO SECOND AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    May 14, 2015<br>Time:   8:30 a.m.<br>Crtrm.:  WE "P"<br><br>Action Filed:   September 17, 2012<br>Trial Date:     None Set |

19000.1384/3258733.1

NOTICE OF AND DEMURRER TO SAC

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that on May 14, 2015, at 8:30 a.m., or as soon thereafter as counsel may be heard, in Department P of the Los Angeles County Superior Court, the Honorable Allan J. Goodman presiding, located at 1725 Main Street, Santa Monica, California 90401, defendant GMAC Mortgage, LLC ("GMAC") demurs to the second amended complaint ("SAC") of plaintiff Francine Silver and to each cause of action asserted against GMAC.

The demurrer is made pursuant to Code of Civil Procedure section 430.10(e) on the ground that plaintiff's SAC fails to state facts sufficient to constitute any cause of action against Defendants.

The demurrer is based on this notice and demurrer, the memorandum of points and authorities, the request for judicial notice, the SAC, and all other papers filed in this action.

DATED: May 21, 2014

SEVERSON & WERSON
A Professional Corporation

By: _____
DAVID M. LIU

Attorneys for Defendants
GMAC MORTGAGE, LLC; and
OCWEN LOAN SERVICING, LLC

19000.1384/3258733.1

-i-

NOTICE OF DEMURRER TO SAC

## DEMURRER TO SECOND AMENDED COMPLAINT

### Demurrer to the First Cause of Action

1.    GMAC demurs to the first cause of action on the ground that it fails to state facts sufficient to constitute a cause of action. *See* Code Civ. Proc. § 430.10(e).

DATED: May 21, 2014

SEVERSON & WERSON
A Professional Corporation

By: _____
DAVID M. LIU

Attorneys for Defendants
GMAC MORTGAGE, LLC; and
OCWEN LOAN SERVICING, LLC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Plaintiff Francine Silver brings this action against defendants GMAC Mortgage, LLC ("GMAC") to argue that GMAC has no right to foreclose on real property after plaintiff defaulted on a residential loan.

Plaintiff's first theory to support this proposition is that the subject loan was placed in a Pooling and Servicing Agreement and, thus, GMAC may not foreclose on the Property. This theory does not hold water. As detailed below, the fact that a loan may be placed in such an agreement does not negate the creditor's right to foreclose. Further, plaintiff lacks standing to sue for a breach of the agreement as she is neither a party nor beneficiary to the agreement.

Plaintiff also argues that GMAC cannot foreclose because Mortgage Electronic Registration Systems, Inc. ("MERS") has no interest in the property and cannot assign the loan to another creditor. But, plaintiff agreed in the loan documents that MERS was a beneficiary of the loan. Moreover, California law provides that MERS may act to foreclose on property and may assign any interest in the loan to another creditor.

Plaintiff has taken out nearly $1.5 million in loans on the residence and, having defaulted, is trying any avenue to stall a foreclosure on the property. But as noted in this demurrer, all of plaintiff's theories to stall the foreclosure have no basis in the law. Accordingly, the demurrer should be sustained without leave to amend.

### II. FACTUAL BACKGROUND

In a deed of trust, dated March 15, 2006, plaintiff and non-party Nationwide Lending Group, entered into a loan agreement whereby Nationwide Lending loaned plaintiff $1.3 million (the "First Deed of Trust") which was secured by real property located at 8613 Franklin Avenue, Los Angeles, California 90069 (the "Property"). *See* Ex. 1 to Defendants' Request for Judicial Notice ("RJN").

On March 17, 2006, plaintiff deeded her rights to the Property to "The Leslie and Francine Silver Living Trust, UTD, Sept. 8, 1999, Francine Silver Trustee" (the "Trust"). *See* Ex. 2 to RJN.

1. In another deed of trust, dated September 7, 2007, plaintiff obtained a subsequent loan from JPMorgan Chase Bank for $170,000 which was also secured by the Property. *See* Ex. 3 to RJN.

On July 5, 2011, the First Deed of Trust was assigned to GMAC Mortgage, LLC (fka GMAC Mortgage Corporation). *See* Ex. 4 to RJN.

On July 6, 2011, the trustee on the First Deed of Trust became Executive Trustee Services, LLC dba ETS Services, LLC. *See* Ex. 5 to RJN.

Plaintiff defaulted on the First Deed of Trust and a notice of default was recorded on the Property on July 22, 2011. *See* Ex. 6 to RJN.

Plaintiff failed to cure the default and a notices of trustee's sale for the First Deed of Trust were recorded on the Property on October 5, 2012. *See* Ex. 7 to RJN.

On March 25, 2013, the First Deed of Trust was assigned to U.S. Bank National Association, as Trustee for Greenpoint Mortgage Funding Trust Mortgage Pass-Through Certificates, Series 2006-AR7. *See* Ex. 8 to RJN.

## III. ARGUMENT

### A. Standard On Demurrer

For the purposes of testing the sufficiency of the pleadings, the demurrer assumes the truth of the well-pleaded factual allegations of the complaint. *See City of Dinuba v. County of Tulare*, 41 Cal. 4th 859, 865 (2007). A demurrer does not, however, assume the truth of "contentions, deductions or conclusions of fact or law." *Blank v. Kirwan*, 39 Cal. 3d 311, 318 (1985); *see also Aubry v. Tri-City Hosp. Dist.*, 2 Cal. 4th 962, 967 (1992).

Additionally, a demurrer may be based on matters appearing on the face of a complaint or on matters of which the court is required or requested to take judicial notice. *See* Code Civ. Proc., § 430.30(a). The Court may consider the contents of any documents attached as exhibits to the complaint. *See Frantz v. Blackwell*, 189 Cal. App. 3d 91, 94 (1987). To the extent allegations in the complaint contradict such exhibits, courts "rely on and accept as true the contents of the exhibits...." *Barnett v. Fireman's Fund Insurance Co.*, 90 Cal. App. 4th 500, 505 (2001).

19000.1384/3258733.1        -2-

MEMORANDUM OF POINTS AND AUTHORITIES

### B. Plaintiff's First Claim For Declaratory Relief Fails Because She Lacks Standing To Sue For Any Alleged Violation Of A Pooling And Servicing Agreement And Any Such Agreement Does Not Negate GMAC's Right To Foreclose On The Property

#### 1. An Actual And Present Controversy Must Exist To Support A Declaratory Relief Claim

California Code of Civil Procedure section 1060 allows any person "[i]nterested under a written instrument, excluding a will or trust, or under a contract, or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property..." to seek a judicial declaration of his, her, or its rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract.

California Code of Civil Procedure section 1061 provides that the court may refuse to exercise the power to grant declaratory relief in any case in which its declaration or determination is not necessary or proper at the time under all the circumstances.

The purpose of declaratory relief is to eliminate uncertainties that may result in future litigation, and, hence, to quiet or stabilize an uncertain or disputed legal relations by permitting a prompt adjudication of the respective rights and obligations of the parties. *See Marina Development Co. v. County of Los Angeles*, 155 Cal. App. 3d 435, 443 (1984); *City of Tiburon v. Northwestern Pac. R.R. Co.*, 4 Cal. App. 3d 160, 173 (1970); *Lortz v. Connell*, 273 Cal. App. 2d 286, 301 (1969). Declaratory relief enables the parties to shape their future conduct to avoid the breach of an obligation. *See Babb v. Superior Court of Sonoma County*, 3 Cal. 3d 841, 848 (1971).

An action for declaratory relief is authorized only when an actual controversy relating to the legal rights and duties of the respective parties exists. *See* Cal. Civ. Proc. Code § 1060. A justiciable controversy must be definite, concrete, and touching the legal relations of parties having adverse interests. *See LePage v. Oakland*, 13 Cal. App. 3d 689, 692 (1970). When only past wrongs are involved there is no basis for declaratory relief. *See County of San Diego v. State* 164 Cal. App. 4th 580, 607–608 (2008).

1  Declaratory relief is superfluous if another cause of action would resolve the alleged
2  dispute. "The object of the [declaratory relief statute] is to afford a new form of relief where
3  needed and not to furnish a litigant with a second cause of action for the determination of identical
4  issues." *Hood v. Superior Court*, 33 Cal. App. 4th 319, 321-324 (1995).

### 2. Declaratory Relief Is Not Necessary Because Plaintiff Cannot Show That Any Actual And Present Controversy Exists Regarding The Foreclosure

Plaintiff alleges at length that Defendants have no authority to foreclose on the Property because the loan was securitized through a Pooling and Service Agreement ("PSA"). *See* SAC, ¶¶ 6 to 10. However, the securitization is not attached to the SAC which shows that the subject loan is part of the alleged securitization.

And in any event, this contention was recently rejected in *Jenkins v. JP Morgan Chase Bank*, which held that a borrower was not a party to the securitization and could not complain if there was a problem with the securitization. "As an unrelated third party to the alleged securitization, and any other subsequent transfers of the beneficial interest under the promissory note, Jenkins lacks standing to enforce any agreements, including the investment trust's pooling and servicing agreement, relating to such transactions." *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 515 (2013). Even if there were problems with the securitization, the borrower still had the obligation under the note and deed of trust to repay the loan. *See id.*

Courts have rejected claims that companies lose their power of sale pursuant to the deed of trust when the original promissory note is securitized and assigned to a trust pool. *See Benham v. Aurora Loan Servs.*, 2009 WL 28880232, *3 (N.D. Cal. 2009); *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1043 (N.D. Cal. 2009); *Mulato v. WMC Mortg. Corp.*, 2010 WL 1532276, at *2 (N.D. Cal. 2010).

Courts have also rejected the notion that the securitization of a loan results in the separation of the note and deed of trust which would allegedly prohibit foreclosure on the Property. *See Christopher v. First Franklin Fin'l Corp.*, 2010 WL 1780077, at ** 2-3 (S.D. Cal. 2010); *Labra v. Cal-Western Reconveyance Corp.*, 2010 WL 889537, at ** 12-15 (N.D. Cal.

1  2010); *Saxon Mortg. Services v. Hillery*, 2009 WL 2435926, at ** 4-5 (N.D. Cal. 2009).

2  Further, plaintiff does not have standing to challenge the securitization of the loan and whether the loan was properly transferred in accordance with the Pooling and Servicing Agreement, as plaintiff has failed to demonstrate she is a party or beneficiary to the Pooling and Servicing Agreement. *See Christopher v. First Franklin Fin. Corp.*, 2010 WL 3895351, at *4 (S.D. Cal. Sept. 29, 2010); *Armeni v. Am.'s Wholesale Lender*, 2012 WL 603242, at *3 (C.D. Cal. Feb. 24, 2012) ("The Court finds that plaintiff lacks standing to challenge the process by which his mortgage was (or was not) securitized because he is not a party to the PSA."); *Armstrong v. Chevy Chase Bank, FSB*, 2012 WL 4747165, at *2-*3 (N.D. Cal. Oct. 3, 2012) ("Plaintiffs theory of liability fails to support a plausible claim because Plaintiffs lack standing to allege a breach of the PSA. Indeed, they are neither direct parties to nor third-party beneficiaries of that agreement.").

Thus, the theory that the PSA prevents a foreclosure lacks merit. That plaintiff's loan may have been securitized and governed by a pooling and servicing are not grounds to invalidate the loan on the Property. The motion should be granted without leave to amend.

**3.   MERS May Foreclose On The Property And Assign The Deed Of Trust**

Plaintiff further alleges that Defendants had no rights under the Deed of Trust to foreclose on the Property. This contention is not supported by the law. "California courts have refused to delay the nonjudicial foreclosure process by allowing trustor-debtors to pursue preemptive judicial actions to challenge the right, power, and authority of a foreclosing "beneficiary" or beneficiary's "agent" to initiate and pursue foreclosure." *Jenkins v. JP Morgan Chase Bank, N.A.*, 216 Cal. App. 4th 497, 511 (2013). Thus, plaintiff has no standing to sue to challenge Defendants' right to foreclose on the Property.

Plaintiff alleges that MERS has no interest in the subject loan and could not assign the loan. *See* SAC, ¶¶ 11 to 15. Plaintiff's conclusory allegation that MERS could not foreclose on the Property or assign the loan is not supported by the law. As held in *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal. App. 4th 1149, 1151 (2011) ("*Gomes*"), the purpose of MERS is:

19000.1384/3258733.1                    -5-

MERS is a private corporation that administers the MERS System, a national electronic registry that tracks the transfer of ownership interests and servicing rights in mortgage loans. Through the MERS System, MERS becomes the mortgagee of record for participating members through assignment of the members' interests to MERS. MERS is listed as the grantee in the official records maintained at county register of deeds offices. The lenders retain the promissory notes, as well as the servicing rights to the mortgages. The lenders can then sell these interests to investors without having to record the transaction in the public record. MERS is compensated for its services through fees charged to participating MERS members.

The *Gomes* court held that the rules governing non-judicial foreclosure [Civil Code sections 2924 *et seq.*] were the *only* rules governing non-judicial foreclosure. *See id.* at 1154. Thus, a plaintiff cannot seek a judicial determination that MERS could not foreclose on real property.

Further, plaintiffs agreed in the deed of trust that MERS was the nominal beneficiary and could non-judicially foreclose upon plaintiffs' default on the loan. *See id.* at 1157. The *Gomes* decisions was affirmed in *Fontenot v. Wells Fargo Bank, N.A.*, 198 Cal. App. 4th 258, 268-73 (2011) ("*Fontenot*"). In *Fontenot*, the court stated that the *Gomes* decision was rightly decided. *See id.*

Further, the *Fontenot* court held that a plaintiff bore the burden of establishing that any assignment to MERS was improper because plaintiff was challenging the propriety of the foreclosure proceedings. *See id.* The court also held that MERS, as nominee for the lender, could assign a note as an agent for the lender. *See id.* Furthermore, simply alleging that as assignment is improper is not enough – plaintiff must establish that there was absolutely no assignment of the note and deed of trust to the foreclosing lender. *See id.* Here, there are two recorded assignments of the First Deed of Trust which show the Defendants' rights to foreclose.

Here, like in *Gomes*, plaintiff agreed in the First Deed of Trust that MERS was a nominee and beneficiary for the loan. *See* Ex. 1 to RJN, page 1. In short, MERS may act as a beneficiary under a deed of trust and may, in that capacity, commence non-judicial foreclosure based upon the borrowers' default.

1   Furthermore, even if any of the assignments were improper, plaintiff must show how she
2   was prejudiced. "Prejudice is not presumed from 'mere irregularities' in the process." *Herrera v.*
3   *Federal National Mortgage Association*, 205 Cal. App. 4th 1495, 1507-1508 (2012). Any error in
4   assignments do not damage the borrower, but the lender. *See id.* at 1508.
5       The weight of California state authority -- *Gomes*, *Fontenot*, and *Jenkins* -- show that
6   plaintiff does not have a right to challenge the completed foreclosure on the Property. The
7   holdings in *Jenkins*, *Gomes*, *Fontenot* and *Herrera* were also affirmed in *Siliga v. Mortgage Elec.*
8   *Registration Sys., Inc.*, 219 Cal. App. 4th 75, 85 to 86 (2013).
9       Plaintiff alleges that Jacqueline Keeley was not an authorized signatory for the assignment
10  of the deed of trust. *See* SAC, ¶ 15. This theory fails because plaintiff must allege that there was
11  absolutely no assignment of the note and deed of trust but plaintiff failed to do so.
12          **4.   Exhibit "A" Attached To The SAC Should Be Disregarded As It Is Not**
13              **Authenticated And Is Irrelevant**
14      The bankruptcy court order (attached as Exhibit A) is irrelevant to the allegations in the
15  SAC. "[F]ederal decisional authority is neither binding nor controlling in matters involving state
16  law." *Howard Contracting, Inc. v. G.A. MacDonald Constr. Co., Inc.*, 71 Cal. App. 4th 38, 52
17  (1998). Thus, what the bankruptcy court may have found is not controlling on plaintiff's state-law
18  claim for declaratory relief.
19      Also, the Court should not take judicial notice of the purported facts stated in the order.
20  "[W]hile courts are free to take judicial notice of the existence of each document in a court file,
21  including the truth of results reached, they may not take judicial notice of the truth of hearsay
22  statements in decisions and court files. [Citation.] Courts may not take judicial notice of
23  allegations in affidavits, declarations and probation reports in court records because such matters
24  are reasonably subject to dispute and therefore require formal proof." *Kilroy v. State*, 119 Cal.
25  App. 4th 140, 145 (2004) (citation omitted). Thus, the Court may take judicial notice that the
26  order was issued, but the Court should not take judicial notice of facts found by the bankruptcy
27  court because, as stated in the order, it relied on declarations. *See id.* As stated in *Kilroy*,
28  "[f]indings in a prior judicial opinion are not a proper subject of judicial notice." *Id.* at 148.

1 | Furthermore, plaintiff alleges that GMAC does not have standing to foreclose based on the
2 | loan being assigned to a pooling and servicing agreement. This has nothing to do with the
3 | signatures discussed in the order. Plaintiff also alleges that, as a general principle, MERS has no
4 | right to foreclose because it is not a beneficiary of the loan and cannot assign loans. Again, this
5 | has nothing to do with the signatures discussed in the order.
6 | Hence, the Bankruptcy Court order is irrelevant and is not subject to judicial notice.

## IV. CONCLUSION

For the foregoing reasons, Defendants respectfully requests the Court to grant the motion for judgment on the pleadings, without leave to amend.

DATED: May 21, 2014

SEVERSON & WERSON
A Professional Corporation

By: _/s/ David M. Liu_
DAVID M. LIU

Attorneys for Defendants
GMAC MORTGAGE, LLC; and
OCWEN LOAN SERVICING, LLC

19000.1384/3258733.1

-8-

MEMORANDUM OF POINTS AND AUTHORITIES

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On May 21, 2014, I served true copies of the following document(s): **DEFENDANT GMAC MORTGAGE, LLC'S NOTICE OF DEMURRER; DEMURRER TO SECOND AMENDED COMPLAINT; AND MEMORANDUM OF POINTS AND AUTHORITIES** on the interested parties in this action as follows:

| | |
|---|---|
| Ehud Gersten, Esq. | Attorneys for Plaintiff FRANCINE SILVER |
| GERSTEN LAW GROUP | |
| 3115 Fourth Avenue | Telephone:  (619) 600-0098 |
| San Diego, CA 92103 | Email:  egersten@gerstenlaw.com |

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY CERTIFIED MAIL – RETURN RECEIPT REQUESTED:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing via Certified Mail, Return Receipt Requested, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

☐ **BY FEDEX:** I enclosed said document(s) in an envelope or package provided by FedEx and addressed to the persons at the addresses listed in the Service List. I placed the envelope or package for collection and overnight delivery at an office or a regularly utilized drop box of FedEx or delivered such document(s) to a courier or driver authorized by FedEx to receive documents.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on May 21, 2014, at Irvine, California.

*/s/ Ryan J. Brooks*
RYAN J. BROOKS

19000.1384/3258733.1