**Exhibit 8**

**GMACM Stay Relief Motion**

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Brian A. Paino (SBN 251243)<br>bpaino@piteduncan.com<br>Gilbert R. Yabes (SBN 267388)<br>gyabes@piteduncan.com<br>PITE DUNCAN, LLP<br>4375 Jutland Drive, Suite 200<br>P.O. Box 17933<br>San Diego, CA 92177-0933<br>Telephone: (858)750-7600<br>Facsimile: (619) 590-1385 | |
| ☒ *Attorney for Movant(s)*<br>☐ *Movant(s) appearing without an attorney* | |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA - LOS ANGELES DIVISION**

| In re:<br><br>FRANCINE SILVER | CASE NO.: 2:11-bk-57082-TD |
|---|---|
| | CHAPTER: 7 |
| | **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** |
| | DATE: February 23, 2012<br>TIME: 10:00 a.m.<br>COURTROOM: 1345<br>PLACE: 255 E. Temple Street, Los Angeles, CA 90012 |
| Debtor(s). | |

**MOVANT** (*name of*): GMAC MORTGAGE, LLC

**Movant is the *(check one)***
☐ Holder of Deed of Trust
☒ Assignee of Holder of Deed of Trust
☐ Servicing Agent for Holder of Deed of Trust or Assignee of Holder of Deed of Trust

1. NOTICE IS HEREBY GIVEN to the Debtor and trustee (*if any*)(Responding Parties), their attorneys (*if any*), and other interested parties that on the above date and time and in the stated courtroom, Movant in the above-captioned matter will move this court for an Order granting relief from the automatic stay as to Debtor and Debtor's bankruptcy estate on the grounds set forth in the attached Motion.

2. **Hearing Location:**
   ☒ **255 East Temple Street, Los Angeles**    ☐ **411 West Fourth Street, Santa Ana**
   ☐ **21041 Burbank Boulevard, Woodland Hills**    ☐ **1415 State Street, Santa Barbara**
   ☐ **3420 Twelfth Street, Riverside**

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

3. a. ☒ This Motion is being heard on REGULAR NOTICE pursuant to LBR 9013-1. If you wish to oppose this Motion, you must file a written response to this Motion with the court and serve a copy of it upon the Movant's attorney (or upon Movant, if the Motion was filed by an unrepresented individual) at the address set forth above no less than 14 days before the above hearing and appear at the hearing of this Motion.

   b. ☐ This Motion is being heard on SHORTENED NOTICE. If you wish to oppose this Motion, you must appear at the hearing. Any written response or evidence may be filed and served:

   ☐ at the hearing      ☐ at least _____ days before the hearing.

   (1) ☐ A Motion for Order Shortening Time was not required according to the calendaring procedures of the assigned judge.

   (2) ☐ A Motion for Order Shortening Time was filed pursuant to LBR 9075-1(b) and was granted by the court, and such motion and order have been or are being served upon the Debtor and trustee, if any.

   (3) ☐ A Motion for Order Shortening Time has been filed and is pending. Once the court has ruled on that Motion, you will be served with another notice or an order that will specify the date, time and place of the hearing on the attached Motion and the deadline for filing and serving a written opposition to the Motion, if any.

4. You may contact the clerk's office to obtain a copy of an approved court form for use in preparing your response (*Optional Court Form F 4001-1M.RES*), or you may prepare your response using the format required by LBR 9004-1 and the Court Manual.

5. If you fail to file a written response to the Motion, if required, or fail to appear at the hearing, the court may treat such failure as a waiver of your right to oppose the Motion and may grant the requested relief.


Date:   January 26, 2012                                   Respectfully submitted,


                                                          GMAC Mortgage, LLC
                                                          Movant name


                                                          Pite Duncan, LLP
                                                          Printed name of law firm *(if applicable)*


                                                          /s/ Gilbert R. Yabes
                                                          Signature of individual Movant or attorney for Movant


                                                          Gilbert R. Yabes  (SBN 267388)
                                                          Printed name of individual Movant or attorney for Movant

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2011                              Page 2                              **F 4001-1.MOTION.RP**

# MOTION FOR RELIEF FROM THE AUTOMATIC STAY[1]

1.  **The Property at Issue:** Movant moves for relief from the automatic stay with respect to following real property (the Property):

    Street address:         8613 Franklin Avenue
    Unit/suite no.:
    City, state, zip code:   Los Angeles, California 90069

    Legal description or document recording number (including county of recording):

    Los Angeles County; Inst. No. 06 0618788

    ☐ See attached continuation page.

2.  **Case History:**

    a.  ☒  A voluntary petition      ☐ An involuntary petition
        under Chapter      ☒ 7  ☐ 11  ☐ 12  ☐ 13 was filed on *(specify date)*: 11/14/2011

    b.  ☐  An Order of Conversion to Chapter      ☐ 7  ☐ 11 ☐ 12 ☐ 13
        was entered on *(specify date)*: _____

    c.  ☐  Plan, if any, was confirmed on *(specify date)*: _____

    d.  ☐  Other bankruptcy cases affecting this Property were pending within the past two years.  See attached declaration.

3.  **Grounds for Relief from Stay:**

    a.  ☒  Pursuant to 11 U.S.C. § 362(d)(1), cause exists to grant Movant the requested relief from stay as follows:

        (1) ☒  Movant's interest in the Property is not adequately protected.

            (a) ☒  Movant's interest in the collateral is not protected by an adequate equity cushion.

            (b) ☐  The fair market value of the Property is declining and payments are not being made to Movant sufficient to protect Movant's interest against that decline.

            (c) ☐  No proof of insurance re Movant's collateral has been provided to Movant, despite borrower's(s') obligation to insure the collateral under the terms of Movant's contract with Debtor.

            (d) ☐  Payments have not been made as required by an Adequate Protection Order previously granted to Movant.

        (2) ☐  The bankruptcy case was filed in bad faith to delay, hinder and defraud Movant.

            (a) ☐  Movant is the only creditor or one of very few creditors listed on the Debtor's master mailing matrix.

            (b) ☐  Non-individual entity was created just prior to bankruptcy filing for the sole purpose of filing bankruptcy.

            (c) ☐  The Debtor filed what is commonly referred to as a "face sheet" filing of only a few pages consisting of the petition and a few other documents.  No other Schedules or Statement of Financial Affairs (or chapter 13 Plan, if appropriate) have been filed.

            (d) ☐  Other *(see attached continuation page)*.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2011                                Page 3                          **F 4001-1.MOTION.RP**

(3) ☐ *(Chapter 12 or 13 cases only)*

    (a) ☐ Postconfirmation plan payments have not been made to the standing trustee.

    (b) ☐ Postpetition payments due on the note secured by a deed of trust on the Property have not been made to Movant.

(4) ☐ For other cause for relief from stay, see attached continuation page.

b. ☒ Pursuant to 11 U.S.C. § 362(d)(2)(A), Debtor has/have no equity in the Property; and pursuant to § 362(d)(2)(B), the Property is not necessary for an effective reorganization.

c. ☐ Pursuant to 11 U.S.C. § 362(d)(3), Debtor has/have failed within the later of 90 days after the order for relief or 30 days after the court determined that the Property qualifies as "single asset real estate" as defined in 11 U.S.C. § 101(51B) to file a reasonable plan of reorganization or to commence monthly payments.

d. ☐ Pursuant to 11 U.S.C. § 362(d)(4), Debtor's filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    (1) ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or court approval; or

    (2) ☐ Multiple bankruptcy filings affecting the Property.

4. ☐ Movant also seeks annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

5. **Evidence in Support of Motion:** *(Important Note: Declaration(s) in support of the Motion MUST be attached hereto.)*

a. ☒ Movant submits the attached declaration(s) on the court's approved forms (*if applicable*) to provide evidence in support of this Motion pursuant to the LBR.

b. ☐ Other declaration(s) are also attached in support of this Motion.

c. ☒ Movant requests that the court consider as admissions the statements made by Debtor under penalty of perjury concerning Movant's claims and the Property set forth in Debtor's schedules. Authenticated copies of the relevant portions of the schedules are attached as Exhibit _4_.

d. ☐ Other evidence *(specify)*: _____

6. ☐ **An optional Memorandum of Points and Authorities is attached to this Motion.**

**WHEREFORE, Movant prays that this court issue an Order terminating or modifying the stay and granting the following *(specify forms of relief requested)*:**

1. Relief from the stay allowing Movant (and any successors or assigns) to proceed under applicable nonbankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property.

2. **Movant, or its agents, may, at its option, offer, provide and enter into a potential forbearance agreement, loan modification, refinance agreement or other loan workout or loss mitigation agreement. Movant, through its servicing agent, may contact the Debtor via telephone or written correspondence to offer such an agreement. Any such agreement shall be nonrecourse unless stated in a reaffirmation agreement.**

3. ☐ Annulment of the stay so that the filing of the bankruptcy petition does not affect postpetition acts, as specified in the attached declaration(s).

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

December 2011                Page 4              **F 4001-1.MOTION.RP**

4.  ☒     Additional provisions requested:

a.  ☒   That the 14-day stay described by FRBP 4001(a)(3) is waived.

b.  ☐   That Extraordinary Relief be granted as set forth in the Attachment (*Use Optional Court Form F 4001-1M.ER).*

c.  ☐   For other relief requested, see attached continuation page.

5.  If relief from stay is not granted, Movant respectfully requests the court to order adequate protection.


Date:     <u>January 26, 2012</u>                                 Respectfully submitted,


<u>GMAC Mortgage, LLC</u>
Movant name


<u>Pite Duncan, LLP</u>
Printed name of law firm (if applicable)


<u>/s/ Gilbert R. Yabes</u>
Signature of individual Movant or attorney for Movant


<u>Gilbert R. Yabes (SBN 267388)</u>
Printed name of individual Movant or attorney for Movant


---

[1] This Motion for Relief from Automatic Stay shall not constitute a waiver of the within party's right to receive service pursuant to Fed. R. Civ. P. 4, made applicable to this proceeding by Fed. R. Bankr. P. 7004, notwithstanding Pite Duncan, LLP's participation in this proceeding. Moreover, the within party does not authorize Pite Duncan, LLP, either expressly or impliedly through Pite Duncan, LLP's participation in this proceeding, to act as its agent for purposes of service under Fed. R. Bankr. P. 7004.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2011*                                 Page 5                                 **F 4001-1.MOTION.RP**

# REAL PROPERTY DECLARATION

I, (*name of Declarant*) <u>Jane Mullen</u>, declare as follows:

1.  I have personal knowledge of the matters set forth in this declaration and, if called upon to testify, I could and would competently testify thereto. I am over 18 years of age. I have knowledge regarding Movant's interest in the real property that is the subject of this Motion (Property) because (*specify*):

    ☐ I am the Movant and owner of the Property.

    ☐ I manage the Property as the authorized agent for the Movant.

    ☐ I am employed by Movant as (*state title and capacity*): _____

    _____

    ☒ Other *(specify):* See **Attachment 1.** _____

2.  I am one of the custodians of the books, records and files of Movant that pertain to loans and extensions of credit given to Debtor concerning the Property. I have personally worked on books, records and files, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of Movant on behalf of Movant, which were made at or about the time of the events recorded, and which are maintained in the ordinary course of Movant's business at or near the time of the acts, conditions or events to which they relate. Any such document was prepared in the ordinary course of business of Movant by a person who had personal knowledge of the event being recorded and had or has a business duty to record accurately such event. The business records are available for inspection and copies can be submitted to the court if required.

3.  The Movant is:

    ☐ Original holder of the beneficial interest in the Property. A true and correct copy of a recorded proof of this interest is attached hereto as Exhibit __ *(e.g. deed of trust).*

    ☒ Assignee of the original holder of the beneficial interest in the Property. A true and correct copy of recorded proof of this interest is attached hereto as Exhibit _3_. *(E.g., allonge, assignment, et.al.)*

    ☐ Servicing or subservicing agent pursuant to a servicing agreement or other documented authorization to act as Movant for the owner of the beneficial interest. Attached hereto as Exhibit _ is a true and correct copy of the relevant part of the document which reflects authority to act as Movant for the owner of the beneficial interest.

4.  a.  The address of the Property that is the subject of this Motion is:

    *Street address:*     8613 Franklin Avenue
    *Unit/suite no.:*
    *City, state, zip code:*    Los Angeles, California 90069

    b.  The legal description or document recording number (including county of recording) set forth in Movant's deed of trust is attached as Exhibit _2_.

    ☐ See attached page.

5.  Type of property: *(check all applicable boxes):*

    a. ☐ Debtor's(s') principal residence        b. ☐ Other single family residence
    c. ☐ Multi-unit residential                  d. ☐ Commercial
    e. ☐ Industrial                             f. ☐ Vacant land
    g. ☐ Other *(specify):* _____

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

6. Nature of Debtor's interest in the Property:

    a. ☒ Sole owner

    b. ☐ Co-owner(s) *(specify)*:

    c. ☐ Lien holder *(specify)*:

    d. ☐ Other *(specify)*:

    e. ☒ Debtor ☒ did ☐ did not    list the Property in the schedules filed in this case.

    f. ☐ Debtor acquired the interest in the Property by   ☐ grant deed ☐ quitclaim deed ☐ trust deed

      The deed was recorded on: _____

7. Amount of Movant's claim with respect to the Property:

| | | PREPETITION | POSTPETITION | TOTAL |
|---|---|---|---|---|
| a. | Principal: | $ | $ | $1,394,075.04 |
| b. | Accrued interest: | $ | $ | $0.00 |
| c. | Late charges | $ | $ | $0.00 |
| d. | Costs (attorney's fees, other costs): | $ | $ | $0.00 |
| e. | Advances (property taxes, insurance): | $ | $ | $0.00 |
| f. | Less suspense account or partial balance paid: | $ [    ] | $ [    ] | $[0.00] |
| g. | TOTAL CLAIM as of: 11/21/2011 | $ | $ | $1,394,075.04 |
| h. | ☐ Loan is all due and payable because it matured on *(specify date)*: _____ | | | |

8. Movant holds a   ☒ deed of trust   ☐ judgment lien   ☐ other *(specify)* _____
that encumbers the Property.

    a. A true and correct copy of the document as recorded is attached as Exhibit \_2\_.

    b. A true and correct copy of the promissory note or other document that evidences the Movant's claim is attached as Exhibit \_1\_.

    c. ☒ A true and correct copy of the assignment(s) transferring the beneficial interest under the note and deed of trust to Movant is attached as Exhibit \_3\_.

9. Status of Movant's foreclosure actions relating to the Property (fill the date or check the box confirming no such action has occurred):

    a. Notice of default recorded on the following date: \_\_\_ or none recorded ☒

    b. Foreclosure sale originally scheduled for the following date: \_\_\_ or none scheduled ☒

    c. Foreclosure sale currently scheduled for the following date: \_\_\_ or none scheduled ☒

    d. Foreclosure sale already held on the following date: \_\_\_ or none held ☒

    e. Trustee's deed on sale already recorded on the following date: \_\_\_ or none recorded ☒

10. Attached *(optional)* hereto as Exhibit \_\_\_\_ is a true and correct copy of a POSTPETITION statement of account that accurately reflects the dates and amounts of all charges assessed to and payments made by the Debtor since the petition date.

11. ☒ (chapter 7 and 11 cases only):

Status of Movant's loan:

    a. Amount of current monthly payment: $ 6,648.64 _____ for the month of December 2011.

    b. Number of payments that have come due and were not made: 14. Total amount: $ 80,044.48 _____

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2011*                           Page 7                             **F 4001-1.MOTION.RP**

c. Future payments due by time of anticipated hearing date *(if applicable):*

An additional payment of $ __6,648.64__ will come due on __January 1, 2012__ , and on the _1st_ dayof each month thereafter. If the payment is not received within __15__ days of said due date, a late charge of $____ will be charged to the loan.

d. The fair market value of the entire Property is $ __978,000.00__ , established by:

☐ Appraiser's declaration with appraisal is attached herewith as Exhibit ____.

☐ A real estate broker or other expert's declaration regarding value is attached as Exhibit ____.

☒ A true and correct copy of relevant portion(s) of Debtor's schedules is attached as Exhibit _4_.

☐ Other *(specify):* _____

e. **Calculation of equity in Property:**

Based upon ☐ preliminary title report ☒ Debtor's admissions in the schedules filed in this case, the Property is subject to the following deed(s) of trust or lien(s) in the amounts specified securing the debt against the Property:

| | Name of Holder | Amount as Scheduled by Debtor *(if any)* | Amount known to Declarant and Source |
|---|---|---|---|
| 1st deed of trust: | Movant | 1,434,558.00 | 1,394,075.04 |
| 2nd deed of trust: | Chase | 150,412.00 | |
| 3rd deed of trust: | | | |
| Judgment liens: | | | |
| Taxes: | | | |
| Other: | | | |

**TOTAL DEBT: $ __1,544,487.04__**

f. Evidence establishing the existence of the above deed(s) of trust and lien(s) is attached as Exhibit _4_ and consists of:

☐ Preliminary title report

☒ Relevant portions of Debtor's schedules as filed in this case

☐ Other *(specify):* _____

g. Subtracting the deed(s) of trust and other lien(s) set forth above from the value of the Property as set forth in Paragraph 10 above, the Debtor's equity in the Property is $ _(566,487.04)_ (§ 362(d)(2)(A)).

h. The value of the "equity cushion" in the Property exceeding Movant's debt and any lien(s) senior to Movant is $ _(416,075.04)_ (§ 362(d)(1)).

i. Estimated costs of sale: $ _78,240.00_ (estimate based upon __8__ % of estimated gross sales price).

j. The fair market value of the Property is declining based on or due to:

_____

_____

12. ☐ (Chapter 12 and 13 cases only)

Chapter 12 or 13 case status information:

a. A 341(a) Meeting currently scheduled for (*or concluded on*) the following date:
Confirmation hearing currently scheduled for (*or concluded on*) the following date:
Plan was confirmed on the following date (*if applicable*):

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2011*       Page 8       **F 4001-1.MOTION.RP**

Postpetition payments due BUT REMAINING UNPAID since the filing of the case:

| *(Number of)* | payment(s) due at | $ | Each = $ |
|---|---|---|---|
| *(Number of)* | payment(s) due at | $ | Each = $ |
| *(Number of)* | payment(s) due at | $ | Each = $ |
| *(Number of)* | payment(s) due at | $ | Each = $ |
| *(Number of)* | late charges at | $ | Each = $ |
| *(Number of)* | late charges at | $ | Each = $ |
| *(Number of)* | late charges at | $ | Each = $ |
| *(Number of)* | late charges at | $ | Each = $ |

*(See attachment for additional breakdown or information attached as Exhibit _____.)*

b. Postpetition advances or other charges due but unpaid:                     $
*(See attachment for details of type and amount attached as Exhibit _____.)*

c. Attorneys' fees and costs                                                   $
*(See attachment for details of type and amount attached as Exhibit _____.)*

d. Less suspense account or partial paid balance              $[          ]

            TOTAL POSTPETITION DELINQUENCY:              $

e. Future payments due by time of anticipated hearing date *(if applicable):*
An additional payment of $_____ will come due on _____, and on
the _____ day of each month thereafter. If the payment is not received by the _____ day of the month, a late
charge of $_____ will be charged to the loan.

f. Amount and date of the last 3 postpetition payments received in good funds, regardless of how applied, from the
Debtor, if applicable:
$_____ received on _____
$_____ received on _____
$_____ received on _____

g. ☐ The claim is provided for in the chapter 12 or 13 Plan. Plan payment history is attached as Exhibit _____.

h. ☐ See attached declaration(s) of chapter 12 or 13 Trustee regarding receipt of payments under the plan *(attach
LBR Form F 4001-1M.13).*

13. ☐ Movant has not been provided with evidence that the Property is currently insured, as required under the terms of
the loan.

14. ☐ The court determined on _____ that the Property qualifies as "single asset real estate" as defined in
11 U.S.C. § 101(51B). More than 90 days have passed since the filing of the petition, more than 30 days have
passed since the court determined that the Property qualifies as single asset real estate; the Debtor has not filed
a plan of reorganization that has a reasonable possibility of being confirmed within a reasonable time; or the
Debtor has not commenced monthly payments to Movant as required by 11 U.S.C. § 362(d)(3).

15. ☐ See attached continuation page for facts establishing that the bankruptcy case was filed in bad faith to delay,
hinder, and or defraud Movant.

16. ☐ The filing of the petition was part of a scheme to delay, hinder, and defraud creditors that involved:

    a. ☐ The transfer of all or part ownership of, or other interest in, the Property without the consent of Movant or
court approval. See attached continuation page for facts establishing the scheme.

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2011*                          Page 9                          F 4001-1.MOTION.RP

12-12020-mg Doc 8019-27 Filed 01/22/15 Entered 01/22/15 18:14:28 Exhibit 8
Pg 11 of 14

b. ☐ Multiple bankruptcy filings affecting the Property. The multiple bankruptcy filings include the following cases:

1. Case name:                          Chapter:
   Case number:                        Date dismissed:              Date discharged:
   Date filed:
   Relief from stay re this Property ☐ was    ☐ was not granted.

2. Case name:                          Chapter:
   Case number:                        Date dismissed:              Date discharged:
   Date filed:
   Relief from stay re this Property ☐ was    ☐ was not granted.

3. Case name:                          Chapter:
   Case number:                        Date dismissed:              Date discharged:
   Date filed:
   Relief from stay re this Property ☐ was    ☐ was not granted.

☐ See attached continuation page for more information about other bankruptcy cases affecting the Property.

☐ See attached continuation page for facts establishing that the multiple bankruptcy cases were part of a scheme to delay, hinder, and defraud creditors.

17. ☐ Movant seeks annulment of the automatic stay so that the filing of the bankruptcy petition does not affect any and all of the enforcement actions set forth in paragraph 8 above that were taken after the filing of the bankruptcy petition in this case.

a. ☐ These actions were taken by Movant without knowledge of the bankruptcy filing, and Movant would have been entitled to relief from stay to proceed with these actions.

b. ☐ Although Movant knew about the bankruptcy filing, Movant had previously obtained relief from stay to proceed with these enforcement actions in prior bankruptcy cases affecting this Property as set forth in Exhibit _____ attached hereto.

c. ☐ For other facts justifying annulment, see attached continuation page.

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Date: _1-20-12_   ___Jane Mullen___            ___Jane Mullen___
                  Printed Declarant's name        Signature of Declarant

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2011*                    Page 10                    F 4001-1.MOTION.RP

## ATTACHMENT 1.

I, Jane Mullen, do hereby state as follows:

1.  I am over 18 years of age, not a party to the above captioned action, and competent to be a witness.

2.  I am employed by GMAC Mortgage, LLC ("GMAC Mortgage") regarding the mortgage loan on the real property of Francine Silver (the "Debtor") that is the subject of the Motion for Relief from the Automatic Stay filed on behalf of GMAC Mortgage (the "Motion") and in this capacity as Bankruptcy Specialist of GMAC Mortgage have personal knowledge of the facts and matters stated herein.

3.  My training includes instruction on how to access business records necessary to offer testimony concerning loan status and documentation.  My experience in performing my job tasks includes accessing these documents per my training.  My testimony is based upon my training, my experience in doing my job and my knowledge of GMAC Mortgage's record keeping system, the practices that are followed when entries or documents are added to GMAC Mortgage's electronic record, and my review of this Debtor's particular file in the electronic record.

4.  I am experienced in the course of performing my job functions with the process by which GMAC Mortgage maintains its loan records relating to accounts, including the Debtor's account, that are serviced by GMAC Mortgage.  Based upon my observations, training, and experience, I know that entries in the records are made at or near the time of the event recorded by or with information from a person with knowledge of the event recorded and that the records kept are a matter of the business routine in the course of regularly conducted business at GMAC Mortgage.

5.  The record services group ("Record Services Group") at GMAC Mortgage maintains loan documents and electronic images received from lenders or prior loan servicers.   The electronic copies are maintained in its computerized records system, which is made available to the GMAC Mortgage loan processors, who in turn provide counsel representing GMAC Mortgage with copies of the relevant loan documents maintained in the computerized records the original loan documents are held in a secure document storage facility.  The Record Services Group has verified possession of the Note (as defined below) and has made an electronic copy that is specially noted in the electronic records at GMAC Mortgage.

6.  If a promissory note is transferred or sold to another entity, GMAC Mortgage's record keeping procedure requires that an entry on the record be made to reflect the transfer.  The absence of such an entry of transfer indicates that GMAC Mortgage has not further endorsed and delivered the note to another party and that GMAC Mortgage retains dominion and control over the note.  No entries of a transfer by GMAC Mortgage to any other party regarding the Debtor's account exists in GMAC Mortgage's records at this time.

7.  The business records summarized herein constitute records and/or data compilations of transactions relating to the mortgage loan of the Debtor (the "Records").  I have reviewed these Records in preparation of the statements made herein.

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2011*                                   Page 11                                   **F 4001-1.MOTION.RP**

8.  According to the Records, the Debtor, Francine Silver, executed a note in the original principal amount of $1,300,000.00 as evidenced by that certain note dated March 15, 2006 (the "Note"). A copy of the Note is attached hereto as Exhibit 1.

9.  According to the Records, the Note is secured by a Deed of Trust dated, Instrument Number 06 0618788, Recorder's Office for Los Angeles County, California, evidencing a lien on certain real property known as 8613 Franklin Avenue, Los Angeles, California 90069 (the "Deed of Trust"). A copy of the Deed of Trust is attached hereto as Exhibit 2.

10. According to the Records, the Debtor is in default under his/her obligations under the Note and Deed of Trust (collectively the "Loan").

11. The Deed of Trust has been assigned to GMAC Mortgage as evidenced by an assignment of record Instrument Number 11-937251, Register's Office for Los Angeles County, California. A copy of the Assignment is attached hereto as Exhibit 3.

12. I have reviewed the documents attached hereto as exhibits and they are true and accurate copies of the documents in the Records.

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2011*                                  Page 12                                  **F 4001-1.MOTION.RP**

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
4375 Jutland Drive, Suite 200
P.O. Box 17933
San Diego, CA 92177-0933

A true and correct copy of the foregoing document described as **NOTICE OF MOTION AND MOTION FOR RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362 (WITH SUPPORTING DECLARATIONS) REGARDING REAL PROPERTY** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Order(s) and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On January 26, 2012, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) stated below:

- Ehud Gersten     egersten@gerstenlaw.com

- David M Goodrich (TR)     trustee@goodlawcorp.com, pkraus@marshackhays.com;c116@ecfcbis.com;aconnell@goodlawcorp.com

- United States Trustee (LA)     ustpregion16.la.ecf@usdoj.gov

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL OR OVERNIGHT MAIL**(state method for each person or entity served):
On January 26, 2012, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

- Honorable Thomas B. Donovan, U.S. Bkcy Court, 255 E. Temple St, Ste 1352, Los Angeles, CA 90012
- Chase, c/o Managing or Servicing Agent, 802 Delaware Ave. 8th Fl, Wilmington, DE  19801
- Francine Silver, 8613 Franklin Avenue, West Hollywood, California 90069
- David M Goodrich, 870 Roosevelt Avenue, Irvine, CA 92620

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____, I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

Date: <u>January 26, 2012</u>          Signature: <u>/s/ Michael Leewright</u>

Printed Name: <u>Michael Leewright</u>

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.