**Exhibit 12**

**Adversary Complaint**

| | |
|---|---|
| 1 | EHUD GERSTEN, SBN 236159 |
| 2 | Gersten Law Group |
|   | 3115 Fourth Avenue |
| 3 | San Diego, CA 92103 |
|   | Telephone: 619-600-0098 |
| 4 | egersten@gerstenlaw.com |
| 5 | |
|   | Attorney for Debtor |
| 6 | FRANCINE SILVER |

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

LOS ANGLES DIVISION

| In Re: | Case No. 2-11-bk-57082-TD |
|---|---|
| FRANCINE SILVER, | Chapter 7 |
| Debtor, | Adversary Proceeding No. _____ |
| FRANCINE SILVER, | |
| Plaintiff, | |
| v. | |
| GMAC MORTGAGE, LLC, | |
| Defendant. | |

Plaintiff and Debtor Francine Silver alleges:

1. This is an adversary proceeding under Rule 7001 of the Federal Rules of Bankruptcy Procedure to quiet title to real property against defendant, GMAC Mortgage, LLC ("GMAC"), which claims to be the beneficiary of a deed of trust against the property.

1
ADVERSARY PROCEEDING NO. _____

The property, located at 8613 Franklin Avenue, Los Angeles, CA 90069, is plaintiff's residence and is listed in Schedule A to Debtor's petition. GMAC's claim against the property is listed in Schedule D as disputed.

2. This Court has jurisdiction under 28 U.S.C. § 1334.

3. This adversary proceeding is a core proceeding under 28 U.S.C. § 157(b)(2)(K) and (O).

4. This District is the proper venue for this proceeding under 28 U.S.C. § 409.

5. The Chapter 7 Trustee in this case filed a no-assets report on 1/20/2012. Plaintiff has standing in this proceeding under that report, which indicates that the Trustee does not intend to pursue the listed dispute on GMAC's claim for the benefit of the bankruptcy estate.

6. In 2006, plaintiff borrowed $1,300,000 from Nationwide Lending Group (Nationwide) to refinance the debt on her residence. The loan was evidenced by a promissory note and secured by a deed of trust.

7. The deed of trust identified the beneficiary as Mortgage Electronic Registration System, Inc. (MERS), "solely as nominee for Lender and Lender's successors and assigns and the successors and assigns of MERS." Debtor is informed and believes that MERS never had any beneficial interest in the security.

8. The Loan was initially serviced by Greenpoint Mortgage Funding. After some months, GMAC took over servicing.

9. In 2010, in response to plaintiff's inquiry, GMAC identified the current owner of the beneficial interest in the loan as U.S. Bank, N.A., as Trustee.

10. MERS exists primarily to facilitate transfers of security interests in real property as the beneficial interests in loans change hands. Members of MERS register their interests with MERS and self-report the transfers.

11. MERS maintains a public database that identifies the servicer of and the investor in a loan that a member registers with it (investors may choose not to display their identity in the database).

12. Notwithstanding MERS's role as nominee beneficiary of plaintiff's deed of trust when her loan originated in 2006, plaintiff is informed and believes that MERS had no record of the loan at any time before February 11, 2011, and no way to reconstruct the chain of title.

13. Notwithstanding its apparent lack of any record of the chain of title, and notwithstanding its lack of any beneficial interest in the security, MERS purported to assign the deed of trust and the promissory note to GMAC on July 5, 2011, and GMAC purported to execute a substitution of trustee the following day.

14. The Assignment purported to be signed by one Jacqueline Keeley, as an "Assistant Secretary of MERS." The Substitution of Trustee was signed under the same name, as a "GMAC Authorized Officer." Based on an expert handwriting analyst's report, plaintiff is informed and believes that one or both signatures were forged.

15. On July 21, 2011, plaintiff was served with a notice of default. Ninety days thereafter, plaintiff was served with notice of a trustee's sale. The sale was scheduled to be held on November 21, 2011, but was preempted by plaintiff's bankruptcy petition, which triggered the automatic stay.

16. GMAC moved for relief from the automatic stay on the ground that its alleged interest in the property was not adequately protected. Debtor opposed the motion on the ground that GMAC had failed to adequately demonstrate any interest in the property and therefore lacked standing. GMAC's motion was heard before Judge Thomas B. Donovan on February 23, 2012. The motion was denied on the ground that GMAC had failed to prove standing.

17. In late 2011, Phil Ting, Assessor-Recorder of the City and County of San Francisco, retained Aequitas Compliance Solutions, Inc., a mortgage regulatory and compliance consulting firm, to review 382 residential loan transactions involving San Francisco properties that resulted in foreclosure sales during the period from January 2009 through October 2011. The loans reviewed were about 16 % of all the loans that resulted in foreclosure sales. Phil Ting published the resulting report in February 2012. Among the findings:

a. In 23% of the loans, the foreclosure documents filed at the County Recorder's office contradict the findings of a securitization audit as to who is the true, current owner of the loan (Report, p. 6).

b. In 45% of the loans, the property was sold to an entity purporting to be the beneficiary of the deed of trust when that entity was not the original beneficiary and either (1) no assignment of a beneficial interest in the loan to that entity was *ever* recorded, or (2) such an assignment was recorded only *after* the sale (*Id.*, p. 12).

c. The MERS database identified an investor in 192 loans. In 58% of those loans, the investor in the MERS database was not the foreclosing beneficiary as named in the

4
ADVERSARY PROCEEDING NO. _____

1 trustee's deed upon sale. (*Id.*, p. 13).

18. Plaintiff is informed and believes that when MERS purported to assign the deed of trust and promissory note to GMAC, MERS lacked reliable information to establish who then owned the beneficial interest in the loan.

19. Plaintiff is further informed and believes that MERS was not specifically authorized by the then-current beneficiary of the deed of trust to assign the deed of trust and promissory note to GMAC.

20. Plaintiff is further informed and believes that GMAC is not the current owner of the beneficial interest in her loan.

WHEREFORE, plaintiff prays:

1. For judgment quieting title to the subject property against GMAC and in favor of plaintiff as of this date.

2. For judgment enjoining GMAC, its agents and assigns from any and all further foreclosure proceedings against the subject property.

3. For such other and further relief as this Court may deem just and proper.

Dated: March 6, 2012

/s/ Ehud Gersten

EHUD GERSTEN
Attorney for Debtor,
Francine Silver

5
ADVERSARY PROCEEDING NO. _____