## Exhibit 16

**Silver Opposition to Motion to Dismiss**

1  EHUD GERSTEN, SBN 236159
   Gersten Law Group
2  3115 Fourth Avenue
3  San Diego, CA 92103
   Telephone: 619-600-0098
4  egersten@gerstenlaw.com
5
6  Attorneys for Debtor
7
8              UNITED STATES BANKRUPTCY COURT
9              CENTRAL DISTRICT OF CALIFORNIA
10             LOS ANGELES DIVISION
11
12 | In Re:                          | Case No. 2-11-bk-57082-TD
13 |                                 |
   | FRANCINE SILVER,                | Chapter 7
14 |                                 |
15 |     Debtor.                     | Adversary Proceeding No. 2:12-ap-01352-
   |                                 | TD
16 |---------------------------------|
17 | FRANCINE SILVER,                | PLAINTIFF FRANCINE SILVER'S
   |                                 | OPPOSITION TO GMAC'S MOTION
18 |     Plaintiff,                  | TO DISMISS ADVERSARY
19 | vs.                             | PROCEEDING
20 |                                 |
   | GMAC MORTGAGE, LLC,             |
21 |                                 |
   |     Defendant.                  |
22
23
24
25
26
27
28
                                    1
       PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

TABLE OF CONTENTS

INTRODUCTION ..................................................................................................................4
1. This Court has jurisdiction to hear Silver's complaint. ............................................4
2. The Court must accept as true all factual allegations in the complaint. ....................7
3. The Court must not take judicial notice of the facts in the documents offered by GMAC. ......................................................................................................................8
4. Silver's quiet title action states a claim against GMAC. ........................................ 10
5. Silver can proceed with her quiet title action without tendering the balance due.... 12
6. Silver can seek both declaratory relief and injunctive relief in her prayer. ............. 14
CONCLUSION................................................................................................................... 17

i
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

TABLE OF AUTHORITIES

**Cases**

*Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101(1996)........................................ 12

*Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575 (1984).............................. 12

*Booth v. Quantum3D, Inc.* 2005 WL 1512138 (N.D. Cal) ................................................ 16

*Californians for Native Salmon and Steelhead Association v. Department of Forestry*, 221 Cal.App.3d 1419 (1990)................................................................................................. 15

*Cervantes v. City of San Diego*, 5 F.3d 1273 (9th Cir. 1993).............................................. 7

*Cox Communications. PCS, L.P. v. City of San Marcos,* 204 F. Supp. 2d 1272 (S.D. Cal. 2002)................................................................................................................................ 16

*Epstein v. Washington Energy Co.*, 83 F.3d 1136 (9th Cir. 1999)....................................... 7

*Fontenot v. Wells Fargo, N.A.*,198 Cal.App.4th 419 (2011) ............................................. 10

*Frazier v. Aegis Wholesale Corp.*, 2011 U.S. Dist. LEXIS 145210 (N.D. Cal.).... 10, 12, 13

*Gioscio v. Lautenschlager*, 23 Cal.App.2d 616, 619 (1937) ............................................. 13

*Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149 (2011) ........................ 10

*Gonzalez v. Metropolitan Transp. Auth.,* 174 F.3d 1016 (9th Cir. 1999) ........................... 7

*Herrera v. Deutsche Bank National Trust Co.*, 196 Cal. App. 4th 1366 (2011) ............ 9, 10

*In re Carraher*, 971 F.2d 327 (9th Cir. 1992)..................................................................... 5

*In re Kieslich,* 243 B.R. 871 (D. Nev 1999) ....................................................................... 5

*Joslin v. H.A.S. Ins. Brokerage*, 184 Cal.App.3d 369 (1986) ............................................. 9

*Kieslich v. United States (In re Kieslich)* 258 F.3d 968 (9th Cir. 2001) ............................. 5

*Krzyzanowsky v. Orkin Exterminating Co.*, 2009 U.S. Dist. Lexis 14332 (N.D. Cal.)........ 15

*Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 1988).................................................... 8

*Linkway Investment Company v. Olsen (In re Casamont Investors)* 196 B.R. 517 (9th Cir. BAP)................................................................................................................................. 5

*Lopez v. Smith*, 203 F.3d 1122 (9th Cir. 2000) .................................................................. 8

*McDowell v. Watson*, 59 Cal.App.4th 1155 (1997) .................................................... 15, 16

ii
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

| | |
|---|---|
| 1 | *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500 (9th Cir. 1986)..........................................8 |
| 2 | *Miller v. Carrington Mortgage Service.*, 2012 U.S. Dist. LEXIS 114608 (N.D. Cal.) 11, 14, |
| 3 | 15 |
| 4 | *Parrino v. FHP, Inc.,* 146 F.3d 699 (9th Cir. 1998)..........................................................7 |
| 5 | *Sacchi v. Mortgage Elec. Registration Sys.*, 2011 U.S. Dist. LEXIS 68007 (C.D. Cal.) |
| 6 | ................................................................................................ passim |
| 7 | *Storm v. America's Servicing Co.*, 2009 U.S. Dist. LEXIS 103647 (S.D. Cal)...................12 |
| 8 | *StorMedia Inc. v. Superior Court*, 20 Cal.4th 449 (1999) ....................................................9 |
| 9 | *Zeitlin v. Arnebergh*, 59 Cal.2d 901 (1963) ......................................................15 |

**Statutes**

California Code of Civil Procedure § 1021.1................................................................16

California Code of Civil Procedure § 1060 ................................................................14

**Rules**

Federal Rules of Civil Procedure, Rule 12(b)(6) ................................................................7

Federal Rules of Evidence, Rule 201(b) ................................................................8

**INTRODUCTION**

This case is yet another one of the thousands across the country in which a financial institution and its alleged agents and representatives have engaged in blatantly fraudulent conduct in order to foreclose on a homeowner. In the past a borrower and a lender had a long-term relationship during the term of a loan. But courts have begun to address the fact that a loan made today often disappears within days of signing into the financial black hole of the secondary mortgage market. Then months or even years later, new parties mysteriously appear claiming ownership rights with neither proof nor believable explanations as to how they acquired them.

Courts are now recognizing that there has been widespread fraud, and that the mortgage industry has made use of archaic laws (passed long before the days of MERS and securitized loans) to hide that fraud. "It is not the case, however, that the availability of a non-judicial foreclosure process somehow exempts lenders, trustees, beneficiaries, servicers, and the numerous other (sometimes ephemeral) entities involved in dealing with Plaintiffs from following the law." *Sacchi v. Mortgage Elec. Registration Sys.*, 2011 U.S. Dist. LEXIS 68007 (C.D. Cal.).

That is the essence of this case. Silver is not asking to get something for nothing, as GMAC claims. She is asking the court to prevent GMAC from taking her home through fraud and deception.

**1.  This Court has jurisdiction to hear Silver's complaint.**

Under Rule 7001, Scope of Rules of Part VII of the Bankruptcy Code, an adversary proceeding includes "(2) a proceeding to determine the validity, priority, or extent of a lien or other interest in property, other than a proceeding under Rule 4003(d)."

Even if the court were to conclude, as GMAC contends, that Silver's action is a non-core claim, that alone would not preclude this court from hearing the adversary proceeding. The Court *may* decline jurisdiction once the main case has been discharged,

4
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

but it is not required to do so and has the discretion to continue its jurisdiction. In determining whether to exercise that discretion, the court may consider applicable case law regarding state law claims after federal claims have been dismissed. Nothing in the Bankruptcy Code *requires* a bankruptcy court to dismiss related proceedings following termination of the underlying case. Instead, in determining whether to retain jurisdiction over related proceedings, the court may consider various factors, including judicial economy, convenience to the parties, fairness, and comity. *In re Carraher*, 971 F.2d 327, 328 (9th Cir. 1992).

GMAC relies in part on *In re Kieslich,* 243 B.R. 871 (D. Nev 1999), in which the district court overturned a bankruptcy court ruling retaining jurisdiction of an adversary proceeding after the case had been closed. *Kieslich* has a somewhat lengthy history of contrary rulings and remands. On appeal of the district court case cited by GMAC, which ruled that the bankruptcy court erred in maintaining jurisdiction, the Ninth Circuit reversed the district court on the grounds that, because the government had not raised the issue of waiver at the proper time, the district court's ruling was error. *Kieslich v. United States (In re Kieslich)* 258 F.3d 968 (9th Cir. 2001).

In its discussion regarding waiver (not at issue here), the court stated that the district court was correct that a party cannot waive objections to jurisdiction, but then went on to state:

> That is not, however, the question before us. There is subject matter jurisdiction, albeit supplemental jurisdiction, in this case. District courts have the discretion to retain jurisdiction over pendent (now supplemental) state law claims when the accompanying federal question claim falls out. [Citation.]

*Id.* at 970.

The Ninth Circuit's reversal of the district court means that the analysis of the factors in *Linkway Investment Company v. Olsen (In re Casamont Investors)* 196 B.R. 517 (9th Cir. BAP) that led to the district court's conclusion, and on which GMAC relies here, is incorrect. Instead, the factors listed in *Carraher, supra,* support retaining jurisdiction:

**1. Judicial economy.** The arguments in GMAC's motion and this opposition are

5
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

1 based on the same documents, facts, and circumstances this Court considered in February
2 when it denied GMAC relief from the bankruptcy stay. This Court has now seen these
3 same arguments twice and will no doubt be as familiar with them as the parties and their
4 counsel when they are made again. It makes little sense to dismiss the complaint and start
5 over in another venue, applying the same law and citing the same cases before a court
6 unfamiliar with the case. State courts are already burdened with cutbacks and crowded
7 dockets. Although that is not the only consideration, judicial economy supports keeping
8 this case where it has been all along.

9     **2. Convenience to the parties.** Both parties have already done their research, have
10 written their briefs and made their arguments. Although months from now in a different
11 court, the parties may have new cases to cite or may have discovered existing cases to
12 supplement their arguments, that seems unlikely. Furthermore, the documents on which
13 both sides rely (such as the deed of trust, the Assignment, and the Substitution of Trustee)
14 are not going to improve with age.

15     **3. Fairness and comity.** Both sides have invested significant time into making and
16 defending various motions related to this case. In fairness to the plaintiff, who is not a
17 multi-billion dollar corporation like defendant, that work should not be for naught. If
18 GMAC's goal is merely to outlast plaintiff, rather than have the case decided on the merits,
19 the Court has the opportunity to ensure that Silver gets a full and fair hearing on the merits
20 rather than lose a war of attrition. Granted, as GMAC points out, this proceeding has only
21 been on the docket for a few months and courts have viewed that as a point against
22 retaining jurisdiction. But GMAC's argument that a state claim should not be heard in this
23 Court does not comport with the statutes or case law cited above that allow this Court to
24 hear it. As for the lack of the Court's authority to issue a final judgment, that is a non-
25 issue. Any ruling by this Court can and would be reviewed by a district court, as was the
26 case in *Kieslich*, *supra*.

27     Nor is comity a real factor. The issue here is not based on complex or unresolved
28 state law issues. The question here is straightforward: Does GMAC have a beneficial

6
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

1 interest in Silver's note and deed of trust or not? The Court has already ruled once that it
2 could not prove that it did. As the Court said on February 23, "either somebody was
3 forging signatures, or this is a blatant example of robo-signing. I don't know which, I don't
4 know why, but that's what the evidence establishes." Transcript of hearing on motion for
5 relief of stay, p. 3:6-9. This is not a complicated issue for this Court to consider again.

Based on all these factors, this Court should, in its discretion, retain jurisdiction over this adversary proceeding.

### 2. The Court must accept as true all factual allegations in the complaint.

Under Federal Rules of Civil Procedure, Rule 12(b)(6), on a motion to dismiss, a court must "evaluate the complaint de novo to decide whether it states a claim upon which relief could be granted." *Gonzalez v. Metropolitan Transp. Auth.,* 174 F.3d 1016, 1018 (9th Cir. 1999). All of the factual allegations set forth in the complaint "are taken as true and construed in the light most favorable to plaintiffs." *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1999). Furthermore, "factual challenges to a plaintiff's complaint have no bearing on the legal sufficiency of the allegations under Rule 12(b)(6)." *Id.*

With limited exceptions, when the legal sufficiency of a complaint's allegations is tested by a motion under Rule 12(b)(6), "review is limited to the complaint alone." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). One of those exceptions includes documents referred to in the complaint. If the documents are not physically attached to the complaint, they may be considered if the documents' authenticity is not contested and the plaintiff's complaint necessarily relies on them. *Parrino v. FHP, Inc.,* 146 F.3d 699, 705-06 (9th Cir. 1998).

If the court dismisses the complaint, it "should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127

7
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

(9th Cir. 2000).

### 3. The Court must not take judicial notice of the facts in the documents offered by GMAC.

A court may take judicial notice of "matters of public record" without converting a motion to dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986). But a court may not take judicial notice of a fact that is "subject to reasonable dispute." Fed. R. Evid. 201(b).

GMAC has requested that the Court take judicial notice of the following recorded documents:

    a. Deed of Trust, recorded with the Los Angeles County Recorder's Office on March 23, 2006;

    b. Assignment of Deed of Trust, recorded with the Los Angeles County Recorder's Office on July 13, 2011;

    c. Substitution of Trustee, recorded with the Los Angeles County Recorder's Office on July 22, 2011;

    d. Notice of Default and Election to Sell Under Deed of Trust, recorded with the Los Angeles County Recorder's Office on July 22, 2011;

    e. Notice of Trustee's Sale, recorded with the Los Angeles County Recorder's Office on October 24, 2011.

These documents are attached as Exhibits A-E, respectively to GMAC's Request for Judicial Notice.

Although the Court may take judicial notice of the fact that these documents have been recorded, the Court must not take judicial notice of any of the facts set forth in those documents.

The court may not take judicial notice of facts in dispute. In *Lee v. City of Los Angeles*, 250 F.3d 668 (9th Cir. 1988), the court held that the trial court had erred by relying on facts presented at a hearing that were in dispute: "[W]e hold that the district

8

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

court erred in granting the City's motion to dismiss plaintiffs' §1983 claims under the First, Fourth, and Fourteenth Amendments by relying on extrinsic evidence and by taking judicial notice of disputed matters of fact to support its ruling." *Id.* at 690.

The standard is virtually identical under California law: "Taking judicial notice of a document is not the same as accepting the truth of its contents or accepting a particular interpretation of its meaning." *Joslin v. H.A.S. Ins. Brokerage*, 184 Cal.App.3d 369, 374 (1986). "When judicial notice is taken of a document, … the truthfulness and proper interpretation of the document are disputable." *StorMedia Inc. v. Superior Court*, 20 Cal.4th 449, 457, fn. 9 (1999). California courts have ruled that recitations in trust documents and assignments, such as those at issue here, are mere hearsay, and the facts therein may be disputed, as plaintiff has alleged in her complaint. Therefore, the Court should not rely on any facts set forth in these documents other than the fact that they have been recorded.

*Herrera v. Deutsche Bank National Trust Co.*, 196 Cal. App. 4th 1366 (2011) also involved a foreclosure based on suspect documents, a questionable chain of title, and a purported assignee's claim of authority:

> The same situation is present here in the context of this residential mortgage foreclosure litigation. The substitution of trustee recites that the Bank "is the present beneficiary under" the 2003 deed of trust. As in *Poseidon*, this fact is hearsay and disputed; the trial court could not take judicial notice of it. Nor does taking judicial notice of the assignment of deed of trust establish that the Bank is the beneficiary under the 2003 deed of trust. The assignment recites that JPMorgan Chase Bank, "successor in interest to WASHINGTON MUTUAL BANK, SUCCESSOR IN INTEREST TO LONG BEACH MORTGAGE COMPANY" assigns all beneficial interest under the 2003 deed of trust to the Bank.
>
> The recitation that JPMorgan Chase Bank is the successor in interest to Long Beach Mortgage Company, through Washington Mutual, is hearsay. Defendants offered no evidence to establish that JPMorgan Chase Bank had the beneficial interest under the 2003 deed of trust to assign to the Bank. The truthfulness of the contents of the assignment of deed of trust remains subject to dispute (*StorMedia*, supra, 20 Cal.4th at p. 457, fn. 9), and plaintiffs dispute the truthfulness of the contents of all of the recorded documents.
>
> Judicial notice of the recorded documents did not establish that the Bank was the beneficiary or that CRC was the trustee under the 2003 deed of trust. Defendants failed to establish "facts justifying judgment in [their] favor" ([citation]), through their request for judicial notice.

9
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

*Herrara,* at 1374-1375.

Finally, unlike the plaintiff in *Fontenot v. Wells Fargo, N.A.*, 198 Cal.App.4th 419 (2011), Silver has alleged, among other things, that the signature of the signing officer on either the Assignment or the Substitution of Trustee—or both—are forgeries. Adversary Proceeding complaint at 3:18-23. Therefore, with the allegation of forgery, there is a dispute alleged as to whether the Assignment or Substitution of Trustee are valid. Because plaintiff has alleged forgery, these documents are not subject to judicial notice for the legal effect of their recordation.

**4.     Silver's quiet title action states a claim against GMAC.**

GMAC attacks Silver's quiet title action on several fronts, citing California cases such as *Gomes v. Countrywide Home Loans, Inc.*, 192 Cal.App.4th 1149 (2011), in which the court held that the plaintiff had no right to question the legal authority of the foreclosing entity in a non-judicial foreclosure. Although defendants such as GMAC cite *Gomes* as the Holy Grail for concealment of foreclosure malfeasance, the scope of that ruling is now being questioned. Some courts have realized that a broad reading of *Gomes* creates nothing less than a "get out of jail free card" for fraud.

*Frazier v. Aegis Wholesale Corp.*, 2011 U.S. Dist. LEXIS 145210 (N.D. Cal.) held that, although *Gomes* seemed to support the defendant, *Gomes* did not create a complete shield to judicial review:

> While *Gomes* does support [defendant]'s position, the holding in *Gomes* may not be so sweeping. Simply because the California legislature set up a nonjudicial foreclosure process does not mean that that process is entirely immunized from judicial review, *particularly where the claim is that the foreclosing party has no authority to foreclose in the first instance.* Thus, *Gomes* itself seems to leave open the possibility that, under certain circumstances, a plaintiff may bring a claim for lack of authority to foreclose—i.e., where the plaintiff has identified in his or her complaint "a specific factual basis for alleging that the foreclosure was not initiated by the correct party."

*Id.* at *14, citing *Gomes* at 1156 (emphasis added.)

*Frazier* cited a similar argument in *Sacchi v. Mortgage Elec. Registration Sys.,*

*supra,* in which the plaintiff argued that documents claiming to transfer interests were fraudulent: that, among other things, the Notice of Default was filed long before the plaintiffs had missed any payments; the Substitution of Trustee was not valid; and that although plaintiffs had characterized their claim as one for quiet title, they were actually seeking redress for wrongful foreclosure:

> Not only is *Gomes* distinguishable on its facts, the *Gomes* court actually suggested that a cause of action for wrongful foreclosure might survive if "the plaintiff's complaint identified a *specific factual basis* for alleging that the foreclosure was not initiated by the correct party." *Id.* (emphasis in original). Here, Plaintiffs have alleged just such a specific factual basis—namely, that RCS was not yet the beneficiary under the DOT when it executed the Substitution of Trustee in favor of Fidelity.

*Sacchi* at *23-24.

A third recent case, *Miller v. Carrington Mortgage Service.*, 2012 U.S. Dist. LEXIS 114608 (N.D. Cal.), also supports Silver. The Millers alleged that, among other wrongdoing, the Assignment and the Substitution of Trustee that were authority for the foreclosure on their home were fraudulent. The Millers alleged that MERS, the nominal beneficiary, had assigned their loan to Wells Fargo as the trustee for Carrington, with documents backdated to a time before the Millers's lender, Fremont, had gone out of business. Therefore, the Millers argued, the foreclosure could not be valid because Wells Fargo and the trustee had proceeded to foreclose without any real authority. Therefore, they alleged, because Wells Fargo was never legally assigned the loan, its backdated Substitution of Trustee was also invalid. Consequently, the foreclosure was invalid because the new trustee's powers were based on a fraudulent assignment and substitution of trustee.[1] In denying the defendant's motion to dismiss the Millers's quiet-title claim, the court held that it was in essence a wrongful foreclosure case, because Wells Fargo foreclosed without owning the note or deed of trust. *Miller* at 18-19.

Silver's argument is essentially the same: that the Assignment from MERS to

---

[1] As with many of these cases, the facts in *Miller* present an "Alice in Wonderland" scenario that is extremely convoluted. Silver has attempted to simplify it as much as possible without compromising the essential elements.

11
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

GMAC is a fraud; that GMAC's Substitution of Trustee is also fraudulent (Complaint at 3:18-23); that GMAC holds no beneficial interest in Silver's loan; and thus that GMAC has no legal right to foreclose or to direct anyone else to foreclose on its behalf.

Silver does not argue, as GMAC would like the Court to believe, that she does not owe the money she borrowed. She just knows that she does not owe it to GMAC.

## 5. Silver can proceed with her quiet title action without tendering the balance due.

Silver's quiet-title action is really one for wrongful foreclosure, or more accurately at this point, preventing a wrongful foreclosure. Nevertheless, GMAC argues that, in a quiet-title action, Silver must tender the amount GMAC claims it is owed, with no exceptions. But Silver should not be required to tender payment to a party that has no interest in her loan. "Whether Plaintiffs are required to tender is a matter of discretion left up to the Court. At this procedural juncture, the Court only decides whether Plaintiffs have pleaded 'enough facts to state a claim to relief that is plausible on its face.'" *Storm v. America's Servicing Co.*, 2009 U.S. Dist. LEXIS 103647 (S.D. Cal) *23.

GMAC argues that "[t]ender is an 'essential' prerequisite to equitable relief from a foreclosure sale" (motion at 9:28), citing various cases. But there are exceptions to the general rule, and this case is one of those exceptions in which tender is not required: "The Court is unaware of any case holding there is a bright-line rule requiring tender of the unpaid debt to set aside a sale in other circumstances, such as where a trustee allegedly sells property that is not encumbered." *Storm* at 23, fn. 9.

Just as courts are limiting the scope of *Gomes,* courts may limit the requirement of tender. In *Frazier, supra,* the defendants made the same argument GMAC does here, citing two of the same cases—*Arnolds Management Corp. v. Eischen*, 158 Cal. App. 3d 575 (1984) and *Abdallah v. United Savings Bank*, 43 Cal. App. 4th 1101(1996). In holding that neither case applied, *Frazier* distinguished between cases in which the plaintiff had alleged an irregularity in the notice or sale procedure, for which tender was required, and cases

12
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

like this one, where the issue is not the notice or the procedure, but whether GMAC has *any right at all* to foreclose. "Here, Plaintiffs are not claiming an irregularity in sale notice or procedure; rather, they are, as stated above, contesting Defendants' 'standing' to even pursue foreclosure in the first instance." *Frazier* at *8. This is exactly what Silver has alleged in her complaint.

Silver raised this argument in opposing GMAC's motion for relief from the bankruptcy stay heard earlier this year. In denying the motion after the hearing on February 23, 2012, the Court stated that GMAC did not have standing to seek relief from the stay because its claim was based on the same fraudulent documents it is relying on now. As the Court will recall, the suspect documents—the Assignment and Substitution of Trustee—appear to have been signed by two different individuals purporting to be the same person: "Jacqueline Keeley," an "assistant secretary" of MERS who signed the Assignment and "Jacqueline Keeley," an officer of GMAC who signed the Substitution. As the Court noted at the February hearing, there is no way to know which of the two signatures is a forgery—or if both are—but they were signed by two different people using the same name.[2]

GMAC's argument that MERS had the authority to assign the deed of trust might have more credibility if this Court had not already determined that any rights MERS claims to have transferred were never transferred because the document purporting to do so is fraudulent. Fraudulent transfers are *void*:

> There is no question but what the forged deed is absolutely void, and even in the case of a person claiming in good faith thereunder, is inoperative, either to divest the purported grantor's title or to vest any right or title in the grantee or claimant and being a void deed it could not operate as an estoppel, nor would the fact that it was duly recorded create an estoppel.

*Gioscio v. Lautenschlager*, 23 Cal.App.2d 616, 619 (1937) (citations omitted).

*Sacchi, supra,* analyzed the tender argument put forth by the defendant bank and

---

[2] If "Jacqueline Keeley" is in fact two separate people signing the same name, as it appears, then the notarization of at least one of the documents must also be fraudulent. They were notarized one day apart by two separate notaries.

13
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

concluded that equity demands that a homeowner in these circumstances be allowed to proceed without tendering the balance due:

> Defendants present this "tender" argument as though it were absolute and without exception. Such a rule, if it existed, would in many instances eliminate any possibility of challenging wrongful foreclosures. Most homeowners, even those who are not in default, do not have ready access to the funds necessary to pay off the balance of their mortgages. Thus, if a home is about to be taken away through error or malfeasance, a homeowner would be unable to hold onto his most precious possession. This would be a grossly inequitable result and would permit entities to foreclose on properties with impunity.
>
> In fact, contrary to Defendants' arguments, the tender rule is not absolute and "'[a] tender may not be required where it would be inequitable to do so.'" [Citations.]

*Sacchi* at *28.

*Miller, supra,* also rejected the requirement for tender, following *Frazier*:

> For similar reasons, the Court rejects any argument by Defendants that the quiet title claim should be dismissed absent an allegation of tender by Plaintiffs. See Mot. at 9-10. That is, Plaintiffs should not have to tender any money to Defendants if they in fact are not the true owners of the loan. See *Frazier v. Aegis Wholesale Corp.,* No. C-11-4850 EMC, 2011 U.S. Dist. LEXIS 145210, at *7-8, 27 (N.D. Cal. Dec. 16, 2011) (stating that, "[i]f Plaintiffs are correct in arguing that none of the defendants own the loan, then Plaintiffs should have no obligation to tender any money at all to any defendant," including for the quiet title claim).

*Miller* at *21.

## 6. Silver can seek both declaratory relief and injunctive relief in her prayer.

GMAC contends that Silver is not entitled to declaratory relief or injunctive relief because her claim for quiet title fails and these remedies are not separate claims. This argument fails for two reasons: (1) Silver has stated a claim for quiet title based on wrongful foreclosure and (2) as GMAC itself points out, Silver has not alleged a separate claim for declaratory relief or injunctive relief in the first place. GMAC admits this, but for no apparent reason goes on to argue against the nonexistent claims anyway.

Under California Code of Civil Procedure § 1060, the proper action to determine the parties' rights is one for declaratory relief:

> Any person interested under a written instrument, . . . or who desires a declaration of his or her rights or duties with respect to another, or in respect to, in, over or upon property . . . may, in cases of actual controversy relating to the legal rights and duties of the respective

14
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

parties, bring an original action or cross-complaint in the superior court for a declaration of his or her rights and duties in the premises, including a determination of any question of construction or validity arising under the instrument or contract.

At this early stage of the action, Silver's allegations must be taken as fact. "In the realm of truth and fact the assertion may indeed be erroneous, but for present purposes the demurrer admits the allegation that those policies exist." *Californians for Native Salmon and Steelhead Association v. Department of Forestry,* 221 Cal.App.3d 1419 (1990) (addressing an allegation regarding forestry policies pleaded in that complaint).

"If these facts show the existence of an actual controversy between appellants and respondents, appellants have 'stated a legally sufficient complaint' for declaratory relief and it was an abuse of discretion to dismiss the action." *Id.* at 1426, citing *Zeitlin v. Arnebergh*, 59 Cal.2d 901, 908 (1963).

*Miller, supra*, held that the plaintiffs' claim for declaratory relief should not be dismissed for reasons similar to those raised by Silver:

> The declaratory relief and quiet title claims are dismissed only to the extent that they are predicated on an alleged fraud by Defendants. The claims, however, survive to the extent Plaintiffs basically claim a wrongful foreclosure by Defendants on the grounds that they do now (sic) own the promissory note/deed of trust at issue.

*Miller* at *26.

Silver is also entitled to injunctive relief. *McDowell v. Watson*, 59 Cal.App.4th 1155, 1159 (1997), on which GMAC relies, does not apply here. This point was succinctly made in *Krzyzanowsky v. Orkin Exterminating Co.*, 2009 U.S. Dist. Lexis 14332 (N.D. Cal.).

> Orkin buries a third challenge in a footnote, asserting that *McDowell v. Watson*, 59 Cal.App.4th 1155, 1159, 69 Cal.Rptr.2d 692 (1997), holds that California does not recognize a cause of action for injunctive relief. Mot. at 10 n.5 The Court does not address arguments not worthy of inclusion in the body of a pleading. Nor would it be worthwhile to do so here, as (1) McDowell's holding appears limited to the context of disposing of motions for attorney's fees, and (2) no California court has ever cited McDowell for the holding which Orkin asserts.

*Krzyzanowsky* at *28 fn.7.

*Cox Communications. PCS, L.P. v. City of San Marcos,* 204 F. Supp. 2d 1272 (S.D.

15
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

1  Cal. 2002) also does not support GMAC's argument. In *Cox,* unlike this case, the plaintiff
2  *did* plead for injunctive relief separately, which the court dismissed. But the court held that
3  the plaintiff could ask for injunctive relief in its prayer. "Since Sprint has correctly sought
4  an injunction as part of its remedy, . . . the Court dismisses the eleventh cause of action."
5  *Id.* at 1283. GMAC has shown no reason why Silver is not entitled to the same remedy as
6  the plaintiff in *Cox*.

7      GMAC's final contention is that injunctive relief may only be granted when the
8  defendant owes the plaintiff a duty. None of the cases GMAC cites stands for this
9  proposition and it is not the law. *Booth v. Quantum3D, Inc.* 2005 WL 1512138 (N.D. Cal),
10 which GMAC cites, said nothing regarding duty. All the court said, citing several cases, is
11 that injunctive relief is not a separate claim. The word "duty" appears nowhere in the
12 order.[3] Nor does it appear in *Cox Communications.*

13     Duty was discussed briefly in *McDowell,* but only in defining a cause of action.
14 *McDowell* at 1159. The court did not discuss the limits of injunctive relief. The very
15 narrow issue in *McDowell* was whether or not Watson, a developer, was entitled to
16 attorney fees under California Code of Civil Procedure § 1021.1, after defeating the
17 McDowells in an action they brought protesting a permit Watson had been issued. The
18 statute does not provide for attorney fees if an action is one for injunctive relief.
19 *McDowell*'s outcome depended on statutory interpretation and on whether a petition for a
20 writ of mandate was essentially an action for injunctive relief. The facts and issues in
21 *McDowell* are so far afield as to render the ruling wholly inapplicable here.

22     Since GMAC has not shown that Silver is precluded from seeking declaratory relief
23 or injunctive relief as remedies, the motion should be denied on those grounds.

24
25

---

26 [3] Plaintiff found this case on Pacer. It is not reported on Lexis, which counsel uses, nor available anywhere
27 online, except perhaps Westlaw. The document referenced here, if plaintiff has the correct one, is an order
dismissing one of the defendants. The court's discussion of injunctive relief makes no reference to duty,
28 noting only that injunctive relief is a remedy, not a separate claim. The case was eventually dismissed by
stipulation.

16
PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS ADVERSARY PROCEEDING

**CONCLUSION**

GMAC has not shown that it is entitled to dismissal of Silver's adversary proceeding on any of the grounds argued in its motion. The motion should be denied.

Dated: August 23, 2012                   Respectfully submitted,

                                                 Gersten Law Group

                                                 /s/ Ehud Gersten
                                                 EHUD GERSTEN
                                                 Attorney for Debtor, Francine Silver