## Exhibit 18

**Appeal Brief**

# UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF NEW YORK

## PRO SE APPEAL BRIEF BY FRANCINE SILVER  REGARDING

## ALLOWED CLAIM # 61 AGAINST GMAC MORTGAGE

Case # 14CV3630(GD).

DEFENSE COUNSEL
MORRISON & FOERSTER LLP
Gary s. Lee
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6 2 2014

APPELLANT FRANCINE SILVER
8613 Franklin Ave
Los Angeles, CA 90069
Tel (310) 945 6105



Case 1:14-cv-03630-GBD Document 6 Filed 06/02/14 Page 2 of 36

**TABLE OF CONTENTS**                                              **Page**

JURISDICTIONAL STATEMENT……………………..………….…………1

STATEMENT OF ISSUES PRESENTED…………………………….………3

STATEMENT ON FACTS RELEVANT TO ISSUES……….…..…………...3

ARGUMENT…..……………………………………………….…………....6

      A. Default Judgment should have been granted…………..…………...6

      B. The Judge should have disqualified himself…………………..…...10

      C. Does the Judge's assertion that the 270 day Claims Objection

          Deadline applies have merit? ……………………………….,,,…22

      D. Was due process violated?..............................................................25

SUMMARY OF ARGUMENT…………………………………….....……..26

CONCLUSSION…………………………………………………….……..27

**TABLE OF AUTHORITIES**

**CASES:**

Bartee, 212 F. 3d 277, 282 (5th Cir. 2000)…….....…………………….………..2

Bauer v. Shepard, 620 F.3d 704, 712 (7th Cir.2010)………..………..….…15

Bradley v. Milliken, 620 F.2d 1143, 1156-58 (6th Cir.)………………….18

Cabassa v. Smith et al, 9:08cv480…………………………………...…….7

Cumminas, 211 P.3d 1136 (Alaska 2009)…………………………….…..18

England v. Fed. Deposit Ins. Corp. (In re England),

975 F.2d 1168, 1171 (5th Cir. 1992).................................….………...…….2

Fong v American Airlines, Inc. (1977, DC Cal) 431 F Supp 1334,….....15, 21

Henkel v. Lickman, 284 B.R. 299; 2002....................…..…....………19, 21

Hughes Aircraft Co., 197 U.S.P.Q. 797, 800 (Ct.C1.1977)..................…17

J.M. v. MA., 928 N.E.2d 230 (Ind. Ct. App. 2010)..............…..…….19

Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3dCir.1990)..........16

Litekv V. United States, 510 U.S. 540, 555, 114 S.Ct. (1994)...............19

Mistretta v. United States, 488 U.S. 361, 407, 109 S.Ct.

647, 102 L.Ed.2d 714 (1989)…………………………………....………14

Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955)…........14

Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954))..15

*O'Keefe v. Arbon Equip. Corp.*, 399 F. Supp. 2d 478, 482

(S.D.N.Y. 2005)……………………………....…………….....………..9

Potashnick v. Port City Const. Co., 609 F.2d 1101, 1111 (5th Cir.),.......16, 17

Saco Local Development Corp, 711 F. 2d 441, 444 (1st Cir. 1983)………...2

Siefert, 608 F.3d at 985…………………………………..…………..25

Simprop Acquisition Co. v. L. Simpson Charitable Remainder…...……..20

State v. Atwood, 2010 ME 12, 988 A.2d 981 (Me. 2010)....................20

Swenson, 244 P.3d 959 (Wash. Ct. App. Div. 1 2010)…..…..………....20

Union Carbide Corp. v. U.S. Cutting Service, Inc.,

782 F.2d 710, 712-14 (7th Cir.1986)……………………………..……...18

United States v. Nobel, 696 F.2d 231, 235 (3d Cir.1982)…..….………16, 17

U.S. v. Salemme, 164 F. Supp. 2d 49 (D. Mass. 1998)…….…..…………16

Unitrust, 305 Ga. App. 564, 699 S.E.2d 860 (2010)…………………….20

**STATUTES**

28 U.S.C. § 157(a)….……………………………………………………1

28 U.S.C. § 1334(a)….……………………………………………………1

28 U.S.C 158 (a)(1)-(3),…………………………………………………1

Bankruptcy Code 547……………………………………………………1

Bankruptcy Code 550……………………………………………………1

Rules 7001 (1)……………………………………………………………1

Rules 7001 (9)……………………………………………………...………1

U.S.C. 158 (a)……………………………………………………………1

Fed. R. Bankr. P. 8001(b)…………………………………………….…..1

Federal Rule of Civil Procedure 12………………………………..………7

Federal Rule of Civil Procedure 56………………………………………7

Local Rule 15(k) Middle District of North Carolina…………………….…7

Local Civil Rule 55.2……………………………………………………...7

N.D.N.Y.L.R. 56.2…………………………………………………….…7

Rule 7.1(b)(3),……………………………………………………………7

J.P.M.L. Rules of Procedure 6.1(c)……………………………..………..8

N.D.N.Y.L.R. 7.1(b)(3)……………………………………………………8

Local Rule 56.1(b)………………………………………………………...8

Local Rule 56.1(c)………………………………………………………...9

The Federal Rules of Civil Procedure TITLE VII. Rule 55………………9

FED. R. CIV. P. 12(h)(1)(B)………………………………………………9

N.Y. CVP. LAW § 3215 : NY Code - Section 3215…………………...…9

28 USC.Section. 455……………………………………...11, 15, 16, 17, 18, 21

NY Court Rules section *(E) Disqualification*…………..……………….11

Code of Jud. Conduct, Canons 1, 2(A, B), 3(B)(2)(a, b), (E)…….……….18

28 U.S.C.S. 144 Canon 3C of the Code of Judicial Conduct……………..19

Code of Jud. Conduct, Canon 3(E)(1)……………...…………………….20

The Fifth Amendment……………………………………….……………25

The Fourteenth Amendment…………………………………..…………..25

18 U.S. Code § 157…………………………………………….…………26

## JURISDICTIONAL STATEMENT

## JURISDICTION AND VENUE

The Court has jurisdiction over this matter under the Bankruptcy Code and pursuant to 28 U.S.C. § 157(a) and § 1334(a) and this is a core proceeding pursuant to 28 U.S.C. §. The statutory predicates for the relief requested herein are sections 547 and 550 of the Bankruptcy Code and Rules 7001(1) and (9) of the Federal Rules of Bankruptcy.  Appellant asserts that the appeal is from the final order denying motion for payment from the Borrowers Liquidating Trust regarding the allowed and uncontested claim # 61. The jurisdictional basis for an appeal of a bankruptcy court order is contained in U.S.C. 158 (a). Under section 158 (a), the district court has jurisdiction over appeals of final orders, interlocutory orders increasing or reducing the time in which the debtor has the exclusive right to propose a plan of reorganization and with leave of the district court, other interlocutory orders. 28 U.S.C 158 (a)(1)-(3), Fed. R. Bankr. P. 8001 (a) (describing appeals under section 158 (a)(1) & (2) as appeals of right'); Fed. R. Bankr. P. 8001(b) (setting forth the procedure for taking an appeal from an interlocutory order under section 158(a)(3).

For the avoidance of doubt, the Order being appealed from is a Final Order –

See England v. Fed. Deposit Ins. Corp. (In re England), 975 F.2d 1168, 1171

(5th Cir. 1992) To be final, the order "must constitute either a final

determination of the rights of the parties to secure the relief they seek, or a

final disposition of a discrete dispute within the larger bankruptcy case". In

re Bartee, 212 F. 3d 277, 282 (5th Cir. 2000) (citations and internal

quotations omitted); See In re Saco Local Development Corp, 711 F. 2d 441,

444 (1st Cir. 1983) (containing a comprehensive discussion of finality for the

purpose of appeal). Numerous other decisions overwhelmingly confirm that

the order being appealed from is without doubt a Final Order.


The timeline of relevant events fall within the deadline to Appeal:

On March 7th 2014 a motion for payment was made

On March 26th 2014 an Order denying the Motion was filed.

On April 9th 2014 a Motion to Reconsider was filed

On April 24th 2014 the Motion was Denied.

On April 24th 2014 the Appeal was filed.


This Court has jurisdiction and is the correct Court for the Appeal to be

heard in.

12-12020-mg   Doc 8019-37   Filed 01/22/15   Entered 01/22/15 18:14:28   Exhibit 18
Case 1:14-cv-03630-GBD   Document 6   Filed 06/02/14   Page 8 of 35
Pg 9 of 37

3

## STATEMENT OF ISSUES PRESENTED

(All to be considered De Novo)

- The Court made an error in not issuing a default Judgment.

- The Judge was not impartial and should have disqualified himself.

- The Judges Argument lacks any merit and should be disregarded.

- Appellant was denied due process.


## STATEMENT ON FACTS RELEVANT TO ISSUES

This Pro se Appeal is against a ruling by the Honorable Judge Martin Glenn

denying motion for payment of allowed claim # 61.


On May 14th, 2012 Rescap et al filed for bankruptcy.


On June 4th, 2012 claim # 61 was timely filed and detailed, undisputed and

uncontested proof of claim was subsequently submitted.

12-12020-mg   Doc 8019-37   Filed 01/22/15   Entered 01/22/15 18:14:28   Exhibit 18
Case 1:14-cv-03690-GBD   Document 6   Filed 08/02/14   Page 36 of 36
Pg 10 of 37

4

On February 16th, 2013 Debtors sold their mortgage and servicing interests in a Court approved sale to OCWEN.

On March 25th, 2013 Debtors recorded a transfer of Appellants Deed of Trust to US Bank for valuable consideration. This transfer and the valuable consideration were apparently not reported to or authorized by the Court and occurred six weeks after Debtors had apparently sold their mortgage and servicing interests. Either there was bankruptcy fraud or continued fraud by fabrication of documents.

On December 17, 2013 a reorganization plan was confirmed and became effective with contractually binding terms. These terms include the definition of what an allowed claim is and a provision that allowed claims should be paid on the effective date or as soon as practicable thereafter and within 90 days at most.

On March 7th 2014 a motion for payment was made. Debtors did not respond and should have expected a Default Judgment against them.

On March 26th 2014, even though the debtors had not responded, the Judge asserted an argument on their behalf, ignored the motions arguments and instead of issuing a Default Judgment, issued an order denying the motion.

On April 9th 2014 a Motion to Reconsider was filed and introduced newly discovered facts relating to the Judges relationship with Judge Peck who had previously worked on this very case before retiring from the bench and joining the law firm of Debtors counsel in the same week Appellants original motion for payment was filed. The Debtors did not respond to the motion to reconsider.

On April 24th 2014 the Motion was Denied while again ignoring the arguments and dismissing them as having no merit even though the arguments were based on the controlling language of the plan, rules of the Court, and Federal and State rules, laws and statutes.

On April 24th 2014 this Appeal was also filed.

In the course of litigation between Appellant and Debtors, Judge Donovan who was the Judge when Appellant was forced into bankruptcy found

12-12020-mg Doc 8018-37 GBFiled 01/22/15 6Entered 01/22/15 18:14:28 Exhibit 18
Case 1:14-cv-03038-GBD Document 6 Filed 06/02/14 Page 12 of 36
Pg 12 of 37

6

Debtors lacked standing to foreclose due to their fraud. More recently in Los

Angels Superior Court, Judge Goodman also determined that the Debtors

had committed fraud. Federal and state court Judges have now determined

that debtors committed fraud against Appellant.


**ARGUMENT**

**DEFAULT JUDGEMENT SHOULD HAVE BEEN GRANTED**

**(To be considered DeNovo)**

Appellants motion for payment should have been granted by way of a

Default Judgment against Debtors and was denied in error by the Court.


On December 17th, 2013 the Rescap Bankruptcy et al settlement plan was

confirmed and called for holders of "allowed" claims to be paid on the

effective date or as soon as practicable thereafter".  As discussed in the

Motion, Claim # 61 was listed as and met the plan definition of being an

"allowed" claim. The Motion for payment was not based on vague,

whimsical or fanciful ideas but rather on the clear, concise language and

agreed upon, voted upon, legally binding terms of the plan. The Debtors

failed to respond to the motion and it is well established that a failure to

respond to a motion is usually viewed as consenting to it and also a waiver

12-12020-mg Doc 8018-37 Filed 01/22/15 Entered 01/22/15 18:14:28 Exhibit 18
Case 1:Dev 00803-GB Document 6 Filed 00/02/15 Page 13 of 36 Pg 13 of 37

7

of future defenses See Local Civil Rule 55.2 and (1) Federal Rule of Civil
Procedure 12 -- The failure to file an answer or respond within the time
specified in this rule shall constitute a waiver of the right thereafter to file an
answer or respond, except upon a showing of excusable neglect.  [3]. (2)
Federal Rule of Civil Procedure 56 -- Due to defendants failure to respond as
the law requires, a default judgment will be entered against defendant. The
failure to respond or responding late, not based upon excusable neglect, is a
waiver by defendant and is a fatal defect in their defense and judgment will
be granted to Plaintiffs as a matter of law. (3) Local Rule 15(k) Middle
District of North Carolina holds: The failure to file a brief or response within
the time specified in this rule shall constitute a waiver of the right thereafter
to file such brief or response, except upon a showing of excusable neglect.
Further, "if a respondent fails to file a response within the time required by
this rule, the Motion will be considered and decided as an uncontested
motion, and ordinarily will be granted without further notice".

In Cabassa v. Smith et al, 9:08cv480, it was stated "to clearly advise pro se
litigants of their obligations in responding to such motion and the result of
their failure to do so. Id.; see N.D.N.Y.L.R. 56.2. Thus, it is clear that
plaintiff was sufficiently apprised ... ... 7.1(b)(3), which provides that, absent

a showing of good cause, failure to respond to a motion shall be deemed

consent to the relief ... Also *See* J.P.M.L. Rules of Procedure 6.1(c)

("Failure to respond to a motion shall be treated as that party's acquiescence

to it.").

Again in Case 9:03-cv-01256-LES-GJD Document 69 Filed 12/09/2005

"Failure to respond to Defendants' motion may result in the Court granting

the motion, in which there will not be a trial. See N.D.N.Y.L.R. 7.1(b)(3)

("Where a properly filed motion is unopposed and the court determines that

the moving party has met its burden demonstrating entitlement to the relief

requested therein, failure by the non-moving party to file or serve any papers

as required by this Rule shall be deemed by the court as consent to the

granting or denial of the motion, as the case my be, unless good cause is

shown.").Dated: Albany, New York December 8, 2005 ELIOT SPITZER

Attorney General of the State of New York.

It is well-settled that a non-movant's failure to respond to a motion, as

mandated by Local Rule 56.1(b), permits the Court to admit any material

fact listed in Plaintiffs' Rule 56.1 Statement "unless specifically controverted

by a correspondingly numbered paragraph in the statement required to be

served by the opposing party." *O'Keefe v. Arbon Equip. Corp.*, 399 F. Supp. 2d 478, 482 (S.D.N.Y. 2005) quoting Local Rule 56.1(c).

The Federal Rules of Civil Procedure TITLE VII. Rule 55. states "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

Under FED. R. CIV. P. 12(h)(1)(B) (a party waives certain defenses, by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading"). The Debtors failed to respond to the Motion and it is now to late for them to assert an argument.

Appellant Silver should have been entitled to a Default Judgment in favor of the motion for theses reasons and also under N.Y. CVP. LAW § 3215 : NY Code - Section 3215:

The Judge erred in not issuing a Default Judgment because he ignores the aforementioned laws, rules and Federal procedures. The Judge should make his ruling based upon the evidence brought by the litigants. When one party

asserts a valid argument and the other party fails to respond, the Judge
should issue a default judgment and not as in this case assert an argument on
behalf of the non-responding party, especially when they are apparently one
of the most fraudulent companies the world has ever seen.  In any event,
even if the Debtors had asserted the Judge's argument themselves, the
argument is without merit. As discussed in detail in the Motion and as will
later be discussed, the 270 day deadline does not apply to allowed claims
like claim # 61 and this point has now been conceded by the Debtors failure
to respond.

The Judge should have issued a Default Judgment against the Debtors and
erred in not doing so. The Court should for these reasons reverse the Order
and issue a Default Judgment against the Debtors.

## THE JUDGE SHOULD HAVE DISQUALIFIED HIMSELF

### (To be considered De Novo)

Judge Glenn had a prior relationship with Judge James Peck who worked on
and played a key role in this very case before retiring from the bench and
joining the Debtor's law firm in the very same week the motion for payment
was filed and as confirmed in the press release in the Motion to Reconsider.

NY Court rules state that a Judge should disqualify himself if his impartiality may be reasonably questioned. See 28 U.S.C.A. 455(a) and also NY Court Rules section *(E) Disqualification. (1) A judge shall disqualify himself or herself in a proceeding in which the judge's <u>impartiality might reasonably be questioned</u>, including but not limited to instances where: (a) (i) the judge has a personal bias or prejudice concerning a party or (ii) the judge has personal knowledge of disputed evidentiary facts concerning the proceeding; (b) the judge knows that (i) the judge served as a lawyer in the matter in controversy, or<u>) a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter,</u> or (iii) the judge has been a material witness concerning it;"*

The above mentioned rule makes it clear under section *(ii)* that the Judge's impartiality can be reasonably questioned due to his relationship with Judge Peck and therefore, for this reason alone the Judge should have disqualified himself. The ruling should be overturned and Default Judgment granted in favor of Appellant.

Judge Glenn's relationship with Judge Peck is alone sufficient to question

the Judge's impartiality and for the Judge to have disqualified himself as per

NY court rules but there are still more questions regarding his impartiality.

These questions are answered in no uncertain terms by the Judge's actions.

As discussed, an impartial Judge basing his decisions on the applicable rules,

statutes and laws would have issued a default Judgment against the non-

responding Debtors but instead in this case the Judge asserted a defense on

the Debtors behalf.

By asserting a defense on their behalf, the Judge acts more as Defense

Counsel than an impartial Judge and is clearly not acting with impartiality.

The Judge cherry picks terms and takes them out of context to support his

argument but refuses to properly address any of the Motions arguments even

though they have merit and are based on the terms, definitions and

controlling language of the plan as well as Federal and State laws, rules,

statutes and doctrines. The Judge also ignores allegations of on-going fraud

and simply dismisses Movant's arguments as without merit and not in need

of discussion. A reasonable person could not possibly conclude that these

actions are impartial.

The plan calls for allowed claims to be paid" <u>on or as soon as practicable</u>

Case 1:14-cv-09038-GBD   Document 6   Filed 06/02/14   Page 28 of 36

following the effective date" but the Judge seeks to add additional terms to
the plan so that his interpretation of when allowed claims should be paid is
"*As soon as practicable following the expiration of the 270 day claims
objection deadline, unless a further extension is granted by the Court.*" The
Judge also adds yet another condition not found anywhere in the language of
the plan that also requires a pro rata distribution to other similarly situated
creditors. An impartial Judge would not be adding additional terms to the
settlement agreement and nor is he or anyone empowered or allowed to add
additional terms to the voted on and confirmed plan.

Claim # 61 was and still is according to the plan definition and as argued in
the uncontested motion an allowed claim and should have been paid on the
effective date or as soon as practicable thereafter.

No reasonable person could conclude that the Judge acted with impartiality
or even within his legal responsibility when he failed to issue a default
judgment, asserted an argument on behalf of the non responding Debtors,
improperly attached added additional terms and refused to properly address
any of the Movant's arguments including the apparently unreported
fraudulent transfer of Appellants Deed of Trust.

The rules listed on NYCOURTS.gov state " *Most important of all, judges are impartial decision-makers in the pursuit of justice. We have what is known as an adversarial system of justice - legal cases are contests between opposing sides, which ensures that evidence and legal arguments will be fully and forcefully presented. The judge, however, remains above the fray, providing an <u>independent and impartial</u> assessment of the facts and how the law applies to those facts.* "

"*Impartiality*" *denotes absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintaining an open mind in considering issues that may come before the judge.  (B) A judge shall not allow family, social, political or <u>other relationships</u> to influence the judge's judicial conduct or judgment.*

The reputational interest is not a fanciful one; rather, public confidence in the judiciary is integral to preserving our justice system. See Mistretta v. United States, 488 U.S. 361, 407, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) ("The legitimacy of the Judicial Branch ultimately depends on its reputation for impartiality and nonpartisanship."); In re Murchison, 349 U.S. 133, 136,

Case 1:14-cv-03030-GBD   Document 6   Filed 06/02/14   Page 20 of 36

15

75 S.Ct. 623, 99 L.Ed. 942 (1955) ("[T]o perform its high function in the

best way 'justice must satisfy the appearance of justice.'") (quoting Offutt v.

United States, 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954));Bauer v.

Shepard, 620 F.3d 704, 712 (7th Cir.2010) ("The judicial system depends on

its reputation [81]  for impartiality.


When the impartiality of the Judge might reasonably be questioned" *under*

*28 U.S.C.A. 455(a), the court in Fong v American Airlines, Inc. (1977, DC*

*Cal) 431 F Supp 1334, held that the legislative history of 28 U.S.C.A. 455(a)*

*left no doubt that Congress intended to adopt an objective standard, as*

*opposed to the judge's own opinion of his impartiality, or lack there of.*

*Quoting the House Report, the court stated that disqualification for lack of*

*impartiality must have a reasonable basis. And, added the court, decisions*

*rendered since the adoption of the 1974 amendment to 455(a) confirmed that*

*the charge of lack of impartiality must be grounded on facts which would*

*create a reasonable doubt concerning the judge's impartiality, not in the*

*mind of the judge or even necessarily in the mind of the litigant, but rather*

*in the mind of a reasonable person.*


"Disqualification of a judge on the grounds that his impartiality might

12-12020-mg   Doc 8018-37   Filed 01/22/15   Entered 01/22/15 18:14:28   Exhibit 18
Case 1:14-cv-03383-GBD   Document 6   Filed 08/02/14   Page 23 of 36
Pg 22 of 37

16

reasonably be questioned is appropriate only if the facts provide what an

objective, knowledgeable member of the public would find to be a

reasonable basis for doubting the judge's impartiality." U.S. v. Salemme, 164

F. Supp. 2d 49 (D. Mass. 1998).

28 U.S.C. § 455(a), requires that "[a]ny justice, judge, or magistrate judge of

the United States shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned."

"The standard for determining whether a judge should be disqualified

pursuant to Section 455 is "whether a reasonable person knowing all the

circumstances would harbor doubts concerning the judge's impartiality."

Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3dCir.1990). "Section

455(a) focuses the inquiry on the objective appearance of bias." United

States v. Nobel, 696 F.2d 231, 235 (3d Cir.1982), cert. denied 462 U.S. 1118

(1983).

The judicial disqualification statute is designed to foster both impartiality in

fact and the appearance of impartiality See, Potashnick v. Port City

Construction Co., 609 F.2d 1101, 1111 (5th Cir.), cert. denied 449 U.S. 820

Case 1:14-cv-08385-GBD   Document 6   Filed 06/02/15   Page 23 of 36

(1980). In the words of Congress, 28 USC Section 455 is designed "to promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case." (emphasis added) See United States v. Nobel, 696 F.2d 231, 235 (3d Cir.1982), cert denied 462 U.S. 1118 (1983), quoting House Report at 5, reprinted in 1974 U.S. Code Cong. & Admin. News at 6354-55. Under 28 USC section 455 "[E]ach judge must be alert to avoid the possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision." 1974 U.S. Code Cong. & Admin. News 6351, 6355. Thus, the primary purpose of 28 USC Section 455 is to avoid the appearance of judicial impropriety. Section (b) should be construed in accord with section (a) to "promote public confidence in the integrity and impartiality of the judiciary in general and of the participating judge in particular." Potashnik v. Port City Constr. Co., 609 F.2d 1101, 1114 (5th Cir.) cert. denied, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980); 28 USC section 455 (b) applies only if the judge's impartiality might reasonably be questioned, since the purpose of specifying specific situations in section (b) was to avoid any ambiguity inherent in section (a). See In re Hughes Aircraft Co., 197 U.S.P.Q. 797, 800

(Ct.C1.1977).


28 USC Section 455 provides that "Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein.


 A judge should be part of the solution to a controversy, not part of the problem. See Bradley v. Milliken, 620 F.2d 1143, 1156-58 (6th Cir.) (important case reassigned despite failure to satisfy 28 USC Section 455 cwt. denied, 449 U.S. 870, 101 S.Ct. 207, 66 L.Ed.2d 89 (1980) See Union Carbide Corp. v. U.S. Cutting Service, Inc., 782 F.2d 710, 712-14 (7th Cir.1986). (emphasis added) "District court judge's intentional ex parte communications with prosecution team violated statutes and canons of the Code of Judicial Conduct barring the appearance of impropriety." Code of Jud. Conduct, Canons 1, 2(A, B), 3(B)(2)(a, b), (E).


In re Cumminas, 211 P.3d 1136 (Alaska 2009) [W]hat matters is not the reality of bias or prejudice but its appearance. Quite simply and quite

universally, recusal [is] required whenever 'impartiality might reasonably be

questioned. Litekv V. United States, 510 U.S. 540, 555, 114 S.Ct. (1994)

A court is required to determine a motion for disqualification on the basis of

the record and legal criteria that are established in the statute and the case

law. Henkel v. Lickman, 284 B.R. 299; 2002 Bankr. LEXIS 1026; 15 Fla. L.

Weekly Fed. B 237 "When a judge's impartiality might reasonably be

questioned because of personal bias against a party, a judge shall disqualify

herself from a proceeding." J.M. v. MA., 928 N.E.2d 230 (Ind. Ct. App.

2010) "Whenever a party to any proceeding in a district court makes and

files a timely and sufficient affidavit that the judge before whom the matter

is pending has a personal bias or prejudice either against him or in favor of

any adverse party, such judge shall proceed no further therein, but another

judge shall be assigned to hear such proceeding." 28 U.S.C.S. 144 Canon 3C

of the Code of Judicial Conduct provides as follows: "1. Judges should

disqualify themselves in proceedings in which impartiality might reasonably

be questioned or where personal knowledge of disputed evidentiary facts

might reasonably affect their impartiality in the proceeding. Judges shall

disqualify themselves in instances where: a. they have a personal bias or

prejudice concerning a party, or the party's attorney."

Case 1:13-cv-03836-GBD   Document 6   Filed 08/02/14   Page 28 of 36

20

The phrase "impartiality might reasonably be questioned" contained in code of judicial conduct canon governing disqualification of judges means a reasonable perception of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference; it is not based upon the perception of either interested parties or their lawyer-advocates. Code of Jud. Conduct, Canon 3(E)(1). Simprop Acquisition Co. v. L. Simpson Charitable Remainder Unitrust, 305 Ga. App. 564, 699 S.E.2d 860 (2010).

A judge must recuse herself on motion made by any party if her impartiality might reasonably be questioned or if she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. Code of Jud. Conduct, Canon 3(E)(2), (E)(2)(a). State v. Atwood, 2010 ME 12, 988 A.2d 981 (Me. 2010).

The appearance of fairness doctrine requires a judge to disqualify himself from a proceeding if the judge is biased against a party, or the judge's impartiality may reasonably be questioned. In re Swenson, 244 P.3d 959 (Wash. Ct. App. Div. 1 2010).

The existence of the appearance of impropriety is to be determined not by considering what a straw poll of the only partly informed man in the street would show, but by examining the record facts and the law. Henkel v. Lickman, 284 B.R. 299; 2002 Bankr. LEXIS 1026; 15Fla. L. Weekly Fed. B 237.

Where the defendant moved to disqualify the judge on the ground that "his impartiality might reasonably be questioned" under 28 U.S.C.A. 455(a), the court in Fong v American Airlines, Inc. (1977, DC Cal) 431 F Supp 1334, held that the legislative history of 28 U.S.C.A. 455(a) left no doubt that Congress intended to adopt an objective standard, as opposed to the judge's own opinion of his impartiality, or lack thereof.

In the case at hand, the Judges actions, lack of actions, relationships with Judge Peck, potential lucrative employment prospects with Judge Peck at the Debtors prestigious Law firm and the Judges assertion of an argument on behalf of non-responding Debtors as well as his refusal to address valid legal arguments and allegations of fraud and document fabrication mean that a reasonable person could not only question but also conclude that the Judge was not impartial and quite obviously did not act with impartiality or even in

12-12020-mg   Doc 8018-37   Filed 01/22/15   Entered 01/22/15 18:14:28   Exhibit 18
Case 1:15-cv-03083-GBD   Document 6   Filed 06/02/15   Page 28 of 36
Pg 28 of 37

22

accordance with his judicial responsibilities under established Federal and State laws, rules, statutes and procedures.

The Judges relationship with Judge Peck were sufficient reason for him to disqualify himself but instead quite clearly the Judge went on to act without impartiality. His order should be overturned and the Motion for payment should be granted by way of a Default Judgment against the Debtors.

## Does the Judge's assertion that the 270 day Claims Objection Deadline applies have merit? (To be considered De Novo)

The Debtors failed to respond to the Motion for Payment and as already discussed thereby conceded to Appellants arguments.

Several days after the deadline to respond, the Judge issued the Order Denying the Motion for Payment and citing his reason as being that the Debtors have a 270 Day claims objection deadline from the effective date. This argument is without merit for several reasons. First instead of being timely asserted by the Debtors, this argument is being asserted by the Judge, who had he been impartial and followed the rules of the Court and Federal

12-12020-mg  Doc 8018-37  Filed 01/22/15  Entered 01/22/15 18:14:28  Exhibit 18
Case 1:14-cv-08083-GBD  Document 6  Filed 06/02/14  Page 29 of 37
Pg 29 of 37

23

and State laws, would have disqualified himself or else issued a default

Judgment against Debtors but instead he asserted a defense on their behalf.

Secondly, even if the Debtor's themselves had asserted this argument, it fails

as discussed in detail in the uncontested motion (and thereby conceded to),

but to reiterate, the 270 day deadline can only apply to claims that were

listed as disputed when the plan was confirmed. It is a deadline for

Claimants and Debtors to wrap up objections to timely disputed claims –

Not an excuse to renege on or delay payment on claims that were deemed

allowed on the effective date, for if it were, it would clash with the plans

requirement that allowed claims are to be paid on the effective date or as

soon as practicable thereafter.


 The deadline would also clash with the controlling language of the plan in

ARTICLE VIII which governs in the event of a dispute and states, "The

provisions of this Article VIII shall govern the resolution of Disputed

Claims to the extent not otherwise provided for in this Plan or in any other

trust agreement."  Article VIII takes precedence and makes it very clear that

the 270 day deadline for objections applies to all claims except for claims

deemed allowed on the effective date. Absolutely no claims could be

considered allowed on the effective date if a 270 day objection deadline

Case 1:14-cv-03383-GBD   Document 6   Filed 06/02/14   Page 29 of 36

were to apply so the logic of the Judges argument not only contradicts the terms of the plan bus is also fundamentally flawed.

Also note that in the plan section 6. Deadline to File Claims Objections it states *"Any objections to Claims shall be filed by no later than the applicable Claims Objection Deadline."* This language confirms that more than one deadline existed and was applicable. For allowed claims, so as not to violate Article VIII, the deadline was the December 17th, 2013 effective date. The 270 Day objection deadline can only apply to timely disputed claims – not allowed claims.

Even though Article VIII governs in the event of a dispute and states that allowed claims can't be objected to, the Judge refuses to address the relevance of Article VIII or the motions related arguments because to do so would undermine his argument regarding the claims deadline.

The Judge is not the correct party to assert a defense on behalf of the non-responding Debtors. Even if he were a correct party or the Debtors asserted the argument themselves, the argument is completely flawed and without merit and should be disregarded and Appellant's Motion for Payment should

be granted by way of a Default Judgment against the Debtors.

## Was Due Process Violated? (To be considered De Novo)

Before being deprived payment on the claim, all arguments should be addressed and not dismissed without due consideration and the Judge should be impartial not an advocate of the Debtors as in this case.

The Constitution states only one command twice: The Fifth Amendment says that no one shall be "deprived of life, liberty or property without due process of law." The Fourteenth Amendment, ratified in 1868, uses the same eleven words, called the Due Process Clause, to describe a legal obligation of all states. These words have as their central promise an assurance that all levels of American government must operate within the law ("legality") and provide fair procedures. Also see Siefert, 608 F.3d at 985 ("Due process requires both fairness and the appearance of fairness in the tribunal) Before depriving a citizen of life, liberty or property, The government must follow fair procedures and not dismiss arguments without due consideration.

Appellants arguments were entitled to due consideration by an impartial Judge. The arguments are based on the rules and definitions in the plan as

well as State and Federal rules, laws, statutes and doctrines. The Judge is not

acting in accordance with his judicial responsibility when he turns a blind

eye to the fact that with Court approval, on February 16th 2013 Debtors sold

all or most of its mortgage and servicing rights but six weeks later on March

25th, 2013 GMAC purportedly transferred Appellants Deed of Trust to US

Bank for valuable consideration. This sale was recorded at the Los Angeles

County Recorders Office but apparently was not approved or acknowledged

by the Bankruptcy Court so either assets are being concealed from the Court

and sold in unreported sales in which case there is Bankruptcy Fraud or else

there is fraud by fabrication of documents. See 18 U.S. Code § 157 -

Bankruptcy fraud. In either case Appellant is entitled to have all her

Arguments addressed and not just thrown out as having no merit and

unworthy of discussion.


Appellant did not receive due process. The Order denying payment should

be over-ruled and a Default Judgment should be issued against Debtors.


SUMMARY OF ARGUMENT

 The impartiality of the Judge may be reasonably questioned and a

reasonable person would conclude that he did not act with impartiality or

even in conformance with his judicial responsibility under the law. This is

because instead of disqualifying himself the Judge asserted an argument on

behalf of the non-responding Debtors, improperly attached additional terms

to the settlement agreement and refused to properly consider Appellants

arguments. In conformity with applicable State and local rules, laws and

statutes, the Judge should have accepted all of Appellants arguments and

issued a Default Judgment against the Debtors.


Appellants right to due process was violated and she has been an on-going

victim of fraud, document fabrication and malicious prosecution while the

Court turns a blind eye, ignores her arguments and asserts a defense for the

Debtors.  It is too late for Debtors to now contest the well argued  motion.


The Judges ruling should be overturned and the Court should consider the

entire case De Novo and base it's decision on the weight of the Appellants

well founded, powerful arguments and the Debtors failure to respond.


CONCLUSSION

Appellant has suffered and continues to suffer financially, emotionally and

physically while Debtors refuse to abide by the terms of the voted on,

confirmed and legally binding settlement plan. As the Debtors have engaged

in fraud and breached the terms of the settlement agreement and as

Appellant has continued to suffer resulting on going damages, the claim

should immediately be paid in the full amount of $3,000,000.00 plus interest

and the Court should clarify whether the sale of the Deed of Trust was or

was not in fact reported to the Court.


Respectfully,

Francine Silver

# PROOF OF SERVICE FORM

PART 1:    **Delivery by U.S. Mail**: Proof of Service by Mail.

I, Marcus Silver, declare that I am over the age of eighteen years and not a party to the action. My address is 8613 Franklin Ave, Los Angeles, CA 90069

On, May 30th, 2014, I served the Appeals Brief by placing a true copy in the United States mail enclosed in a sealed envelope with postage fully prepaid, addressed as follows:

> Gary S. Lee
> Morrison and Foerster
> 1290 Avenue of the Americas
> New York, New York 10104

PART 2:    I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on May 30th, 2014, in Los Angeles, California.

_____
Signature

MARCUS SILVER
Type or Print Name

JUN 2 2014

Case 1:14-cv-03383-GBD   Document 6   Filed 06/02/14   Page 35 of 36

## CERTIFICATE OF COMPLIANCE

The number of words in the Appeals Brief by Francine Silver is 5,385.

The number of lines is 551

The number of pages is 28

The brief complies with the type-volume limitation.

Francine Silver        May 30th, 2014.

Case 1:14-cv-03630-GBD    Document 6    Filed 06/02/14    Page 36 of 36

UNITED STATES
POSTAL SERVICE
1007

MAY 30, '14
AMOUNT
**$19.99**
00092920-13

# PRIORITY
## ★ MAIL ★
# EXPRESS™

**OUR FASTEST SERVICE IN THE U.S.**


EI 328836851



U·S·DIST COURT.
SOUTHERN DIST. OF N.Y.
PROSE INTAKE UNIT
DANIEL PATRICK MOYNIHAN
500 PEARL ST  ROOM 200
NEW YORK, N.Y. 10007

WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.



EP13F July 2013   OD: 12.5 x 9.5



P S 10001000006

VISIT US AT USPS.COM
ORDER FREE SUPPLIES ONLINE

## EXPRESS MAIL
**UNITED STATES POSTAL SERVICE®**

**Mailing Label**
Label 11-B, March 2004

**Post Office To Addressee**

**DELIVERY (POSTAL USE ONLY)**

| | | | |
|---|---|---|---|
| Delivery Attempt | Time | □ AM □ PM | Employee Signature |
| Mo.    Day | Time | □ AM □ PM | Employee Signature |
| Delivery Date | Time | □ AM □ PM | Employee Signature |

**CUSTOMER USE ONLY**

**PAYMENT BY ACCOUNT**
Express Mail Corporate Acct. No.

Federal Agency Acct. No. or
Postal Service Acct. No.

□ **WAIVER OF SIGNATURE** (Domestic Mail Only)
Additional merchandise insurance is void if
customer requests waiver of signature.
I wish delivery to be made without obtaining signature of
addressee or addressee's agent (if delivery employee
judges that article can be left in secure location) and I
authorize that delivery employee's signature constitutes
valid proof of delivery.

□ **NO DELIVERY**
□ Weekend  □ Holiday    Mailer Signature

**ORIGIN (POSTAL SERVICE USE ONLY)**

| PO ZIP Code | Day of Delivery | Postage |
|---|---|---|
| 90069 | ☑ Next □ 2nd □ 2nd Del. Day | $ 15.55 |
| Date Accepted | Scheduled Date of Delivery | Return Receipt Fee |
| 05 30 2014 | May   Day | $ |
| Time Accepted | Scheduled Time of Delivery | COD Fee | Insurance Fee |
| 1:19  □ AM ☑ PM | □ Noon  □ 3 PM | $ | $ |
| | Military | Total Postage & Fees |
| Flat Rate ☑ or Weight | □ 2nd Day  □ 3rd Day | $ 19.99 |
| 7.2 lbs.   ozs. | Int'l Alpha Country Code | Acceptance Emp. Initials  S2 |

**FROM: (PLEASE PRINT)** PHONE ( )  310 945 6105

F. SILLER
8613 FRANKLIN AVE
L.A. CA 90069

**TO: (PLEASE PRINT)** PHONE ( )

U·S· DISTRICT COURT
SOUTHERN DISTRICT OF N.Y.
PROSE INTAKE UNIT
DANIEL PATRICK MOYNIHAN COURT
500 PEARL ST  ROOM 200
NEW YORK N.Y.
10007

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call **1-800-222-1811**

 


UNITED STATES
POSTAL SERVICE®

This envelope is made from post-consumer waste. Please recycle - again.

PRESS HARD. YOU ARE MAKING 3 COPIES.

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Priority Mail Express™ shipments. Misuse may
be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; July 2013; All rights reserved.