## Exhibit 21

**Borrower Trust Opposition to Certification Motion**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| Residential Capital, LLC, | Chapter 11 |
| Debtor | Jointly Administered |
|  |  |
| Francine Silver, |  |
|  |  |
| Appellant, | 14cv3630 (GBD) |
|  |  |
| - against - |  |
|  |  |
| ResCap Borrower Claims Trust, |  |
|  |  |
| Appellee |  |

-------------------------------------------------------------------------

## THE RESCAP BORROWER CLAIMS TRUST'S MEMORANDUM OF LAW IN OPPOSITION TO FRANCINE SILVER'S MOTION FOR CERTIFICATION OF APPEAL TO COURT OF APPEALS

Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019

*Counsel for The ResCap Borrower*
*Claims Trust*

Case 1:14-cv-03630-GBD   Document 16   Filed 06/26/14   Page 2 of 20

# TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ............................................................................. 1

BACKGROUND ................................................................................................. 3

ARGUMENT ..................................................................................................... 6

    A.    The Orders Are Not Final Orders ....................................................... 6

    B.    Certification Is Not Warranted............................................................ 9

        1.    Movant's Appeal Does Not Involve Any Question of Public
Importance as to Which There Is No Controlling Circuit Decision ....... 10

        2.    Movant's Appeal Does Not Involve Any Question of Law
Requiring Resolution of Conflicting Decisions...................................... 11

        3.    Movant's Certification of Appeal Would Not Materially Advance
the Case .............................................................................................. 12

CONCLUSION ................................................................................................... 16

## TABLE OF AUTHORITIES

**Page(s)**

C**ASES**

*Bank of Nova Scotia v. Adelphia Communications Corp. (In re Adelphia Communications Corp.)*,
    Nos. 02-B-41729 (REG), 2007 WL 4615604 (S.D.N.Y. Dec. 26, 2007)...............................13

*Dubin v. SEC* (*In re Johns Manville Corp.*),
    824 F.2d 176 (2d Cir. 1987)..............................................................................................7

*In re Fugazy Express, Inc.*,
    982 F.2d 769 (2d Cir. 1992)..........................................................................................6, 7

*In re Greenwich Sentry, L.P.*,
    484 B.R. 567 (S.D.N.Y. 2012)........................................................................................13

*In re Lyondell Chemical Co.*,
    No. 11-MC-387 (JPO), 2012 WL 163192 (S.D.N.Y. Jan. 18, 2012) ...................................7, 8

*In re Nortel Networks Corp.*,
    No. 09-10138 (KG), 2010 Bankr. LEXIS 812 (Bankr. D. Del. Mar. 18, 2010) .....................13

*In re Waczewski*,
    No. 6:06-bk-00620-KSJ, 2006 Bankr. LEXIS 1234 (Bankr. M.D. Fla. May 5, 2006) .....12, 13

*Klingman v. Levinson*,
    114 F.3d 620 (7th Cir. 1997) ...........................................................................................8

*Luke Oil Co. v. SemCrude, L.P. (In re SemCrude, L.P.)*,
    407 B.R. 553 (D. Del. 2009) ............................................................................................8

*National City Bank v. Enron Creditors Recovery Corp (In re Enron Creditors Recovery Corp.)*,
    No. 09-Civ.-4168 (RJS), 2011 WL 1345254 (S.D.N.Y. Mar. 31, 2011)................................13

*Securities Investor Protection Corp. v. Bernard L. Madoff Investment Securities LLC*,
    2010 U.S. Dist. LEXIS 81492, SIPA Liquidation No. 08-01789 (S.D.N.Y. Aug. 6, 2010) ........................................................................................................................8

*Weber v. U.S. Trustee*,
    484 F.3d 154 (2d Cir. 2007)..........................................................................10, 11, 12, 14

Case 1:17-cv-03830-GBD   Document 16   Filed 06/28/17   Page 28 of 20

## STATUTES

11 U.S.C. § 502(a) .................................................................................................14

28 U.S.C. 158(d)(2)(A) ..................................................................................... passim

28 U.S.C. § 158(a) ...........................................................................................5, 6, 7

## OTHER AUTHORITIES

Fed. R. Bankr. P. 1015(b)........................................................................................3

Fed. R. Bankr. P. 3003(c)(3)...................................................................................14

Fed. R. Bankr. P. 3007(a).......................................................................................14

Fed. R. Bankr. P. 9006(a).........................................................................................5

H.R. Rep. No. 109-31 (2005)..............................................................................10, 11

The ResCap Borrower Claims Trust (the "Trust") established pursuant to the terms of the Plan (defined below) in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors") with respect to Borrower Claims,[1] by and through its undersigned counsel, hereby files this objection (the "Objection") to *Motion for Case 14CV3630 (GBD) To Be Certified for Appeal to the Court of Appeals* [Case No. 14-cv-03630-GBD, Docket No. 8] (the "Motion") interposed by Francine Silver (the "Movant"). In support of the Objection, the Trust respectfully represents as follows:

## PRELIMINARY STATEMENT

1.    The Movant's request for direct certification to the court of appeals should be denied as it does not meet the rigorous standards imposed by 28 U.S.C. § 158(d)(2)(A). The certification request is simply an effort to accelerate the appellate process so that the Movant can learn whether she is entitled to immediate payment on her Claim (as defined herein), which is wholly at odds with the purpose of 28 U.S.C. § 158(d)(2)(A). This request for a direct appeal is a futile exercise that, for the reasons set forth herein, effectively amounts to a request for an advisory opinion. Indeed, as a consequence, there is no basis for *any* appeal, let alone an expedited appeal.

---

[1]    As defined in the confirmed Plan filed in the Chapter 11 Cases, "Borrower Claims" means:

> (i) Claims of a Borrower arising from or relating to any alleged act or omission or any other basis of liability of any Debtor (or any predecessor) in connection with the origination, sale, and/or servicing of a mortgage loan originated, sold, consolidated, purchased, and/or serviced by any Debtor, (ii) Claims filed for or on behalf of a Borrower by such Person's attorney or agent, including as part of a proof of claim filed on behalf of a putative class of Borrowers, and (iii) claims that have become Allowed as a result of settlement of Borrower litigation commenced against Ally and the Debtors. For the avoidance of doubt, Borrower Claims shall include Allowed Claims held by the Kessler Class Claimants (to the extent that the Kessler Class Claimants are certified as a class action for settlement or allowance purposes), and shall not include the: (a) Senior Unsecured Notes Claims; (b) Junior Secured Notes Claims; (c) RMBS Trust Claims; (d) Private Securities Claims; (e) General Unsecured Claims; (f) General Unsecured Convenience Claims; or (g) Intercompany Balances. For the further avoidance of doubt, no Claim described in subsection (ii) hereof shall be considered an Allowed Borrower Claim unless such Claim is either certified under Bankruptcy Rule 7023 or by Final Order for purposes of settlement or allowance.

*See* Plan, Art. I.A.40.

2.      The first (of many) deficiencies with the Motion is that the Orders (defined herein) at issue in the Appeal (defined herein) are interlocutory.  Under §158(d)(2)(A), the tribunal before which an appeal is pending must certify, whether on its own initiative or at the request of the parties, that either the order on immediate appeal (i) involves a question of law where there is no controlling decision from either the court of appeals or Supreme Court, and the question involves a matter of public importance, (ii) involves a question of law regarding resolution of conflicting decisions, or (iii) may materially advance the progress of the case in which the appeal is taken.  *See* 28 U.S.C. 158(d)(2)(A)(i)-(iii).  As an initial matter, the Movant failed to properly request leave to appeal an interlocutory order.  Additionally, the Movant does not attempt to make her case for direct appeal by arguing that her case meets either (i) or (ii) above, but instead contends that her circumstances meet the requirements of 28 U.S.C. 158(d)(2)(A)(iii), claiming that the United States Court of Appeals for the Second Circuit's (the "Second Circuit") review of this case would "materially advance the progress of the case or proceeding in which the appeal is taken."  This is simply not the case.  Given that the confirmed Plan provides the Trust with the right to object to Borrower Claims at least until the Claim Objection Deadline (as defined herein), a direct appeal would not materially advance the Movant's case in any respect.

3.      In addition, the Appeal (defined below) raises the question of whether the Bankruptcy Court correctly interpreted the Plan, which it approved.  This question should be heard by the District Court (defined below); the Movant fails to proffer any reason that would warrant direct appeal to the Second Circuit.

4.      For the reasons set forth herein, certification is not warranted.

2

## BACKGROUND

5.      On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition with the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court") for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").   On the Petition Date, the Bankruptcy Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

6.      On August 29, 2012, the Bankruptcy Court entered an order [Docket No. 1309] (the "Bar Date Order") establishing November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for filing proofs of claim by virtually all creditors against the Debtors (the "General Bar Date"), and prescribing the form and manner for filing proofs of claim. On November 7, 2012, the Bankruptcy Court entered an Order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].

7.      On June 4, 2012, the Movant filed a $3 million proof of claim as a general unsecured claim against Debtor Residential Capital, LLC, designated as Claim No. 61 (the "Claim"), citing "Mortgage litigation, fraud, [and] unjust enrichment" as grounds for the Claim. Through the *Order Granting Debtors' Thirty-Eighth Omnibus Objection to Claims (Wrong Debtor Borrower Claims)* [Docket No. 5898], the Bankruptcy Court redesignated the Claim as one against Debtor GMAC Mortgage, LLC.  The Debtors' right to object to the Claim on any and all bases was expressly preserved by this order.

8.      On December 11, 2013, the Bankruptcy Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of

the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065].

9.      On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things, the Trust was established [Docket No. 6137]. The Debtors did not object to the Movant's Claim before the Bankruptcy Court issued the Confirmation Order.

10.     The Plan provides for the creation and implementation of the Trust, which is established for the benefit of Borrowers[2] who filed Borrower Claims to the extent such claims are ultimately allowed either through settlement by the Trustee for the Trust or pursuant to an Order of the Bankruptcy Court. *See* Plan, Art. IV.F. The Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims." *See id.*

11.     The Plan provides a timeframe by which the Trust shall determine whether it will object to any proof of claim asserted by a Borrower filed in the Chapter 11 Cases. Specifically, the Plan provides that this "Claims Objection Deadline" is either "(i) two hundred seventy (270) days following the Effective Date or (ii) such other later date the Bankruptcy Court may establish upon a motion by the Liquidating Trust, which motion may be approved without a hearing and without notice to any party." *See* Plan, Art. I.A.54. Accordingly, the Trust has until

---

[2]    The term "Borrower" means an individual whose current or former mortgage loan was originated, serviced, sold, consolidated, or owned by any of the Debtors. *See* Plan, Art. I.A.38.

ny-1146661

at least Monday, September 15, 2014[3] by which to file an objection to any given claim, including

the Claim.  Therefore, all unresolved proofs of claim are still subject to the claims reconciliation

and objection process and may become the subject of an objection by the Trust.  Borrowers are

only entitled to receive payment on their claims from the Trust in the event that such claim is

ultimately allowed by the Trust or by a final order of the Bankruptcy Court.

12.     On March 7, 2014, the Movant filed the *Pro Se Motion by Francine Silver for

*Payment of Claim #61* [Docket Nos. 6639, 6690] (the "Motion for Payment") seeking immediate

payment from the Trust on account of her Claim, which the Movant asserted was allowed by

virtue of the Debtors not objecting to it prior to the Effective Date.  On March 26, 2014, the

Bankruptcy Court denied the Motion for Payment [Docket No. 6706].

13.     On April 9, 2014, the Movant filed a motion for reconsideration of this order

denying her request for immediate payment on her Claim [Docket No. 6774] (the "Motion for

Reconsideration").  In the Motion for Reconsideration, the Movant relied primarily on arguments

made in the Motion for Payment, arguments that had already been rejected by the Bankruptcy

Court.  On April 24 2014, the Bankruptcy Court denied the Motion for Reconsideration [Docket

No. 6818] (together with Docket No. 6706, the "Orders").

14.     On April 24, 2014, the Movant filed a notice of appeal of the Orders with the

United States District Court for the Southern District of New York (the "District Court") [Docket

No. 6820] (the "Appeal").[4]  On June 2, 2014, the Movant filed her brief in support of the Appeal

---

[3]     Pursuant to Article I, Section C. of the Plan, this date accounts for the application of Bankruptcy Rule 9006(a) to compute any period of time prescribed or allowed in the Plan.  Since 270 days following the Effective Date falls on Saturday, September 13, 2014, the Claims Objection Period continues to run until the next day that is not a weekend day or holiday, *i.e.*, Monday, September 15, 2014.

[4]     The Movant used the wrong form for her Notice of Appeal, and should have completed and filed Official Form 17 provided by the Bankruptcy Court, which is to be used to file a Notice of Appeal under 28 U.S.C. § 158(a) or (b) from a Judgment, Order or Decree of a Bankruptcy Court.

ny-1146661

(Case No. 14-cv-03630-GBD, Docket No. 6) ("Appeal Brief").   The statement of issues presented include:

    a.  The Court made an error in not issuing a default judgment on the Movant's Motion for Payment;

    b.  The Judge was not impartial and should have disqualified himself;

    c.  The Judge's argument lacks any merit and should be disregarded; and

    d.  Appellant was denied due process.

*See* Appeal Brief at 3.

    15.    On May 23, 2014, the District Court entered a scheduling order for the Appeal setting deadlines by which the Movant and the Trust were required to submit their respective memorandum of law regarding the Appeal (Case No. 14-cv-03630-GBD, Docket No. 5).[5]

    16.    On June 5, 2014, the Movant filed the Motion with the District Court seeking to certify the Appeal to the Second Circuit (Case No. 14-cv-03630-GBD, Docket No. 8).

## ARGUMENT

### A.    The Orders Are Not Final Orders

    17.    The Movant contends that each Order is a "final order" under 28 U.S.C. § 158(a)(1); however, when viewed in the proper context of these cases, the Orders are interlocutory.   "[F]or a bankruptcy court order to be final within the meaning of § 158(d), the order need not resolve all of the issues raised by the bankruptcy; but it must completely resolve all of the issues pertaining to a discrete claim, including issues as to the proper relief."   *In re Fugazy Express, Inc.*, 982 F.2d 769, 776 (2d Cir. 1992).   Although the concept of finality that

---

[5]    On June 19, 2014, the Movant filed a *Motion for Default Judgment* (Case No. 14-cv-03630-GBD, Docket No. 9), claiming that the Trust failed to timely respond to her opening brief.  In light of the District Court's scheduling order, which provides that the Trust has until November 6, 2014 to file its memorandum of law in response to the Movant's brief, this motion is wholly without merit.

ny-1146661

has developed in bankruptcy matters is more flexible than in ordinary civil litigation, an order of

a bankruptcy court may be appealed immediately only if it "finally dispose[s] of discrete disputes

within the larger case." *Dubin v. SEC* (*In re Johns Manville Corp.*), 824 F.2d 176, 179 (2d Cir.

1987) (emphasis omitted). Given the strong federal policy against piecemeal appeals, a

"dispute," for appealability purposes in the bankruptcy context, means at least an entire claim on

which relief may be granted.  "Thus, with respect to a meritorious claim for damages, the dispute

is not completely resolved until the bankruptcy court determines the amount of damages to be

awarded." *Fugazy*, 982 F.2d at 775-76; *see also In re Lyondell Chem. Co.*, No. 11-MC-387

(JPO), 2012 WL 163192, at *3 (S.D.N.Y. Jan. 18, 2012) (finding an appeal of a judgment that

allowed an objection to be filed to the treatment of an administrative expense claim pursuant to

the confirmation order was not an appeal of a final judgment because the judgment did not

finally dispose of an entire claim or address the merits of the claim, only a procedural misstep,

and expressly contemplated further proceedings on appellants' claims).

18.    The Movant does not account for the fact that the Orders are interlocutory and

fails to set forth any basis for why the District Court should depart from the general rule that

interlocutory orders are not ripe for appeal.  Section 158(d)(2)(A) expressly conditions any direct

appeal to the court of appeals by stating that the "appropriate court of appeals shall have

jurisdiction of appeals described in the first sentence of subsection (a) . . . ."  The reference to

appeals under subsection (a) Section 158, by its terms, encompasses appeals arising under

section 158(a)(3), which is the last clause of the first sentence of subsection (a).  Under section

158(a)(3) of title 28, interlocutory appeals may be made only with "leave of the court," thus

leaving in place the gate-keeping function of this District Court to assure that leave to appeal the

Bankruptcy Court's interlocutory orders is not granted where improperly sought, such as here.

ny-1146661

19.    "[I]nterlocutory appeals from bankruptcy courts' decisions are disfavored in the Second Circuit." *Lyondell*, 2012 WL 163192, at *4 (citing *Sec. Investor Prot. Corp. v. Bernard L. Madoff Inv. Sec. LLC*, 2010 U.S. Dist. LEXIS 81492, at *3, SIPA Liquidation No. 08-01789 (S.D.N.Y. Aug. 6, 2010) (internal quotation marks and citation omitted)). "Because an interlocutory appeal represents a deviation from the basic judicial policy of deferring review until the entry of a final judgement [sic], the party seeking leave to appeal an interlocutory order must also demonstrate that exceptional circumstances exist." *Luke Oil Co. v. SemCrude, L.P. (In re SemCrude, L.P.)*, 407 B.R. 553, 556-57 (D. Del. 2009) (citations omitted).  *See also Klingman v. Levinson*, 114 F.3d 620, 628 (7th Cir. 1997) (stating that discretionary interlocutory appeals are reserved "for only the most important questions").  As explained more fully below, the Trust respectfully submits that the Movant has not established exceptional circumstances that warrant an appeal of the Orders, let alone a direct appeal to the Second Circuit.

20.    Here, the Orders resolve only whether the Movant is entitled to immediate payment on her Claim, and do not resolve <u>with any finality</u>, the merits or allowance of the Claim in the Chapter 11 Cases.  Accordingly, the Orders are properly regarded as interlocutory, rather than final.  The Orders explain that the Claim has not yet been deemed an "Allowed"[6] claim because the Claim has not been settled or deemed "Allowed" by the Trust, and therefore remains subject to the Trust's determination as to whether it should become the subject of an objection or instead be entitled to a distribution from the Trust.  The Claim, along with hundreds of other pending claims, remains to be evaluated as part of the Trust's claims reconciliation process, and the Trust has until the Claims Objection Deadline – at least 270 days commencing on the

---

[6]    An "<u>Allowed</u>" Claim means, with respect to a Claim against any Debtor, except as otherwise provided herein, (a) a Claim that is . . . (ii) evidenced by a valid Proof of Claim or request for payment of Administrative Claim, as applicable, Filed by the applicable Bar Date, **and as to which the Debtors or other parties-in-interest have not Filed an objection to the allowance thereof by the Claims Objection Deadline**, . . ." Plan, at Art. I.11 (emphasis added).

Effective Date – to file any objection to the Claim.  No provision of the Plan or Confirmation Order states that any claim not yet objected to by the Effective Date is automatically deemed "Allowed" and entitled to an immediate distribution on account of said claim.  Thus, the mere fact that the Movant's Claim was neither objected to nor the subject of a pending objection as of the Effective Date does not render it an allowed claim.  The Orders even contemplate future proceedings that may involve the Claim and its merits (or lack thereof).  Despite the Motion asserting otherwise, given the interlocutory nature of the Orders, the Movant's Appeal is not ripe for review by the Second Circuit.

### B.   Certification Is Not Warranted

21.   The Movant seeks certification for a direct appeal of the Orders to the Second Circuit pursuant to 28 U.S.C. § 158(d)(2)(A).  Assuming *arguendo* that the Orders appealed from are final orders of the Bankruptcy Court, the Movant fails to meet any of the three requirements of this provision.

22.   Section 158(d)(2)(A) of title 28 sets forth a limited exception to the traditional principle that bankruptcy matters are appealed initially to the district courts by authorizing an immediate appeal to the circuit court if specific requirements are met.  Thus, section 158(d)(2)(A) can vest a court of appeals with jurisdiction over an appeal from the bankruptcy court if the appropriate bankruptcy court or district court certifies that:

> (i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;
>
> (ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or
>
> (iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken.

9

28 U.S.C. § 158(d)(2)(A). The court of appeals then has the discretion to accept or reject the certified appeal. *Id.*; *see also Weber v. U.S. Trustee*, 484 F.3d 154, 157 (2d Cir. 2007).

23. The Movant contends that if any one of the three prongs of 28 U.S.C. § 158(d)(2)(A) are satisfied, the District Court is required to make the requested certification. The Movant then erroneously asserts that the Appeal satisfies the third prong, and that this is a sufficient basis to warrant certification.

### 1. Movant's Appeal Does Not Involve Any Question of Public Importance as to Which There Is No Controlling Circuit Decision

24. As an initial matter, the Movant does not address the first or second element of Section 158(d)(2)(A). The Movant makes no claim that her Appeal "involves a question of law as to which there is no controlling decision of the court of appeals" or involves a matter of "public importance." None of the Movant's contentions would satisfy either of these elements.

25. 28 U.S.C. § 158(d)(2)(A)(i) provides for certification where "the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance." Legislative history indicates that this prong was intended to be used to settle unresolved questions of law "where there is a need to establish clear binding precedent at the court of appeals level." H.R. Rep. No. 109-31, pt. 1, at 148 (2005). Not all issues or appeals rise to this level. There is certainly nothing before the District Court on this Motion that even suggests that the issues raised by the Movant are widespread or recurrent in this circuit, nor is there any suggestion that the courts in the Second Circuit are puzzled over the particular reading of the Plan's provisions in issue, which are indeed common to Chapter 11 plans, or an issue raised by the Claim. The issues may be of import to the Movant, but that is not the standard.

ny-1146661

### 2.     Movant's Appeal Does Not Involve Any Question of Law Requiring Resolution of Conflicting Decisions

26.     28 U.S.C. § 158(d)(2)(A)(ii) provides for certification where "the judgment, order or decree involves a question of law requiring resolution of conflicting decisions." The Movant's disagreement with the Trust and the Bankruptcy Court over the meaning of Plan provisions and contention that they are both inconsistent and incorrect does not constitute sufficient cause to "leapfrog[] the district court in the appeals process." *See Weber*, 484 F.3d at 160.

27.     As the Second Circuit has explained, section 158(d)(2)(A) was designed to permit courts of appeals "to resolve controlling legal questions expeditiously," so as to "foster the development of coherent bankruptcy-law precedent." *Id.* at 159 (citation omitted). At the same time, the Second Circuit has cautioned about "the dangers of leapfrogging the district court in the appeals process," and has emphasized that "[c]ourts of appeals benefit immensely from reviewing the efforts of the district court." *Id.* at 160.  Here, the Movant's request for an immediate appeal to the Second Circuit does not satisfy the demanding requirements of section 158(d)(2) and fails to heed the Second Circuit's guidance.

28.     The main concern advanced by section 158(d)(2) – the development of binding appellate precedent that provides guidance to the bankruptcy courts, *see Id.* at 158-59 & n.1– is totally lacking in this case.  *See also* H.R. Rep. No. 109-31, pt. 1, at 148 (2005) (direct appeal to court of appeals may be appropriate "where there is a need to establish clear binding precedent at the court of appeals level").

29.     The application of the Movant's interpretation of the statute would lead to rote certification of decisions that could superficially satisfy any of the three prongs of 28 U.S.C. § 158(d)(2)(A).  Such a reading would expand the scope of potential appellate review by an

ny-1146661

exponential degree, generating a procedure that would both be far in excess of what Congress contemplated and attribute to Congress a thoughtless purpose. As discussed herein, the Trust does not believe the Movant has met any of the requirements of 28 U.S.C. § 158(d)(2)(A).

30.     Moreover, appellate review is only appropriate to the extent it involves a discrete legal issue. Appellate review is properly denied where a determination of a question of law is too fact-intensive an inquiry for interlocutory review. *See Weber*, 484 F.3d at 158-59 (observing that direct-appeal provision designed to resolve legal – not fact-intensive – questions and that "Congress hoped that [this provision] would permit us to resolve controlling legal questions expeditiously and might foster the development of coherent bankruptcy-law precedent"). The Orders address the specific provisions and definitions set forth in the Plan and their applicability to claims, which is fact intensive and not appropriate for direct appellate review.

### 3.     Movant's Certification of Appeal Would Not Materially Advance the Case

31.     28 U.S.C. § 158(d)(2)(A)(iii) provides for certification where "an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken." The Movant's apparent motivation for a direct appeal is simply to speed up the Trust's claims reconciliation process by providing certainty with respect to the viability of the Claim. However, the speed at which the Claim is resolved does not warrant a direct appeal. "Of course, every appeal would be resolved faster if the interim step of stopping at the District Court level for an intermediate review were omitted. However, a party seeking a direct appeal certainly must show something more than that a direct appeal would expedite the resolution of the appellate issues." *In re Waczewski*, No. 6:06-bk-00620-KSJ, 2006 Bankr. LEXIS 1234, at *22-23 (Bankr. M.D. Fla. May 5, 2006). What the Movant asks the

Case 1:14-cv-03036-GBD    Document 10    Filed 06/20/14    Page 19 of 23

Court to do here will not advance the case in the relevant sense. In essence, the Movant's request seeks an advisory opinion.

32.    In determining when an appeal will materially advance a case, courts have examined what other issues will remain once the issue to be appealed has been resolved. For example, in *In re Nortel Networks Corp.*, No. 09-10138 (KG), 2010 Bankr. LEXIS 812, at * 6-7 (Bankr. D. Del. Mar. 18, 2010), the court denied certification of a decision regarding the application of the "police-regulatory" exception to the automatic stay, stating:

> [I]t strains reason to accept the [appellants'] argument that permitting the Appeal to proceed will advance this bankruptcy case. As the Court found, the logical and certain way to advance the bankruptcy case is to permit the allocation process to proceed, which will narrow and identify the parameters of issues, including the amounts at issue. The Court can then resolve the claims which the [appellants] submitted to the Court to determine.

33.    The Appeal is centered on whether the Bankruptcy Court erred in denying the Movant's request for immediate payment on her Claim. The appellate court must evaluate whether the Bankruptcy Court correctly interpreted the Plan. Issues concerning the interpretation of a Chapter 11 plan, such as the Plan in the Chapter 11 Cases, are issues that, if appealed, are properly heard before the District Court, not the court of appeals. *See generally*, *In re Greenwich Sentry, L.P.*, 484 B.R. 567 (S.D.N.Y. 2012) (where district court reviewed and upheld the bankruptcy court's interpretation of the plan of reorganization); *see also Bank of Nova Scotia v. Adelphia Commc'n's Corp. (In re Adelphia Commc'ns. Corp.)*, Nos. 02-B-41729 (REG), 2007 WL 4615604 (S.D.N.Y. Dec. 26, 2007) (same); *Nat'l City Bank v. Enron Creditors Recovery Corp (In re Enron Creditors Recovery Corp.)*, No. 09-Civ.-4168 (RJS), 2011 WL 1345254 (S.D.N.Y. Mar. 31, 2011) (same). Even if interpreting the relevant Plan provisions would finally resolve the issues on appeal, there is no compelling basis to have a matter of Plan

13

interpretation be heard by the Second Circuit as opposed to the District Court. Therefore, the Movant has failed to show that a direct appeal would do more than expedite the resolution of the appellate issues.

34. Here, there is no conflict that created uncertainty in the bankruptcy courts or any showing that evaluation of the Bankruptcy Court's decision at this stage will lead to a more rapid resolution of the case. There is no compelling reason for the Second Circuit to address the issue in the first instance, or exercise its discretion to hear the Appeal. *See Weber*, 484 F.3d at 160 (stating "because this court has relaxed the meaning of 'finality' in bankruptcy cases . . . the cost in speed of permitting district court review will likely be small"). In light of the open issues that remain with respect to the Trust's review and determination of the treatment of the Claim, a direct appeal on the issue of whether the Movant is entitled to immediate payment on the Claim will not materially advance the progress of these cases. Under the Plan, the Trust retains the right to object to all or any part of the claims pending against the Debtors. The Trust has not yet made any final determination with respect to the Claim. Although Bankruptcy Rule 3003(c)(3) provides that the court shall fix the time within which proofs of claim must be filed in a Chapter 11 case, there is no requirement in the Bankruptcy Code or Bankruptcy Rules that the Trust object to claims by a date certain in their Chapter 11 Cases. *See, e.g.*, 11 U.S.C. § 502(a) ("A claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest … objects.") (no deadline specified for objection); Bankruptcy Rule 3007(a) ("An objection to the allowance of a claim shall be in writing and filed. A copy of the objection with notice of the hearing thereon shall be mailed or otherwise delivered to the

Case 1:14-cv-03036-GBD    Document 10    Filed 08/20/14    Page 19 of 20

claimant, the debtor or debtor in possession, and the trustee at least 30 days prior to the hearing.") (no deadline specified for objection).[7]

35.     The Trust continues to evaluate its potential exposure to the remaining population of individual Borrower Claims to which no objection has been filed to date, and the Movant's Claim is a part of that population.  Collectively, the Trust and the Debtors have filed scores of claims objections over the past year, but there remains several hundred Borrower Claims, including the Claim filed by the Movant, which the Trust needs to analyze and evaluate in order to determine whether such claims should be allowed (as filed), reduced, or disallowed.  Pursuant to the Plan, the Trust's Claims Objection Deadline is at least September 15, 2014.  *See* Plan at Art. I.A.54.  If and when the Trust ultimately seeks to object to the Claim, the Movant will receive notice of any action the Trust intends to take with respect to the Claim and, like every other creditor, will be given an opportunity to respond.  Accordingly, there is no reason or basis to approve the relief requested in the Motion, particularly given that the Trust has ample time in which to conduct its analysis and make its determination as to the treatment of the Claim, and certification of the appeal will not advance the case.

36.     The Movant has failed to demonstrate that the direct appeal will materially advance the matter being appealed, *i.e.*, the reconciliation and treatment of the Claim, as required by 28 U.S.C. § 158(d)(2)(A)(iii).  An appeal certified under any prong is rendered moot in light of the yet-undetermined treatment of the Claim itself.  For all these reasons, the Movant's request for certification should be denied.

---

[7]     On or about January 27, 2014, Movant filed two separate requests for payment of administrative expense claims purportedly based on Movant's assertions set forth in the Claims and subsequently the Motion [Docket Nos. 6401, 6402].  Although Movant provides no support for such requests, the ResCap Liquidating Trust, the Debtors and Trust reserve all rights with respect to such requests and such requests will be addressed by an appropriate reply.

ny-1146661

Case 1:14-cv-03030-GBD    Document 10    Filed 08/20/15    Page 20 of 23

## <u>CONCLUSION</u>

WHEREFORE, the Trust respectfully requests that this Court (a) deny the

Movant's request for certification and (b) grant such other and further relief as the Court deems

just and proper.

Dated:   June 20, 2014
        New York, New York

By:  /s/ Norman S. Rosenbaum
     Norman S. Rosenbaum
     Jordan A. Wishnew
     MORRISON & FOERSTER LLP
     250 West 55th Street
     New York, NY  10019
     Telephone:  (212) 468-8000
     Facsimile:  (212) 468-7900

     *Counsel for The ResCap Borrower Claims Trust*

ny-1146661