## Exhibit 27

**Silver Appeal of District Court Order**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

FRANCINE SILVER
_____

_____
*(In the space above enter the full name(s) of the plaintiff(s)/petitioner(s).)*

    14___ Civ. 3630_____ (GBD) (___)

   - against -

RESCAP BORROWER CLAIMS TRUST
_____

**NOTICE OF APPEAL
IN A CIVIL CASE**

_____

_____

_____
*(In the space above enter the full name(s) of the defendant(s)/respondent(s).)*

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: JUL 2 3 2014

    Notice is hereby given that FRANCINE SILVER _____
                                                    *(party)*

hereby appeals to the United States Court of Appeals for the Second Circuit from the Judgment

DENYING DEFAULT JUDGMENT AND DENYING CERTIFICATION TO THE COURT OF APPEALS.
_____

                            *(describe the judgment)*

_____

_____

entered in this action on the _____11th_____ day of ____July____ , 20 14 .
                            *(date)*                  *(month)*        *(year)*    PRO SE

                            *Signature*

                      **8613 Franklin Ave**
                      *Address*

                      **Los Angeles, CA 90069**
                      *City, State & Zip Code*

DATED: ____July____ 21 , 20 14       ( 310 ) 945 - 6105
                                              *Telephone Number*

**NOTE:** To take an appeal, this form must be received by the *Pro Se* Office of the Southern District of New York within thirty (30) days of the date on which the judgment was entered, or sixty (60) days if the United States or an officer or agency of the United States is a party.

*Rev. 05/2007*

# PROOF OF SERVICE FORM

PART 1:      **Delivery by U.S. Mail**: Proof of Service by Mail.

I, Marcus Silver, declare that I am over the age of eighteen years and not a party to the action. My address is 8613 Franklin Ave, Los Angeles, CA 90069

On, July 21, 2014, I served the memorandum of law in support of appeal and the notice of appeal by placing a true copy of each in the United States mail enclosed in a sealed envelope with postage fully prepaid, addressed as follows:

Norman Rosenbaum
Morrison and Foerster
1290 Avenue of the Americas
New York, New York 10104

United States Courthouse,
40 Centre Street, Rm 410,
New York, New York 10007

PART 2:      I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed on July 21, 2014, in Los Angeles, California.

_____
Signature

MARCUS SILVER
Type or Print Name

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |
| Francine Silver | ) | 14cv3630 (GBD) |
| Appellant | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| Rescap Borrower Claims Trust | ) | |
| | ) | |
| Appellee | ) | |
| | ) | |

Francine Silver
8613 Franklin Ave
Los Angeles, CA 90069
Tel 310 945 6105

23
PRO SE OFFICE

## MEMORANDUM OF LAW IN SUPPORT OF APPEAL

## TABLE OF CONTENTS

                                                                    Page

JURISDICTIONAL STATEMENT………..…………………………………1

ARGUMENT FOR DEFAULT JUDGMENT………………………..............…2

ARGUMENT FOR DISQUALIFICATION…………………………………..6

ARGUMENT AGAINST CLAIMS OBJECTION DEADLINE…....………18

ARGUMENT REGARDING DUE PROCESS……………………………20

SUMMARY OF ARGUMENT………………………………………...22

CONCLUSSION……………………………………………………...23

## TABLE OF AUTHORITIES

**Cases**                                                          **Page**


Bauer v. Shepard, 620 F.3d 704, 712 (7th Cir.2010…………………………10

Bradley v. Milliken, 620 F.2d 1143, 1156-58 (6th Cir.)…..………………14

Cabassa v. Smith et al, 9:08cv480………………………………………….3

Case 9:03-cv-01256-LES-GJD Document 69 Filed 12/09/2005……………4

England v. Fed. Deposit Ins. Corp. (England), 975 F.2d 1168, 1171…….1, 2

Fong v American Airlines, Inc. (1977, DC Cal) 431 F Supp 133……...10, 17

Henkel v. Lickman, 284 B.R. 299; 2002 Bankr. LEXIS 1026………..14, 16

In re Bartree, 212 F.3d 277, 282…………………………………………..……..2

In re Cumminas, 211 P.3d 1136 (Alaska 2009)………...……………………14

In re Hughes Aircraft Co., 197 U.S.P.Q. 797, 800 (Ct.C1.1977)……..…..13

In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955)….10

In re Orr, 180 F.3d 656, 659 (5th Cir. 1999)…………………………………2

In Re Saco Local Development Corp, 711 F.2d 441, 444 (1st Cir. 1983)…...2

In re Swenson, 244 P.3d 959 (Wash. Ct. App. Div. 1 2010). ……………16

J.M. v. MA., 928 N.E.2d 230 (Ind. Ct. App. 2010)…………………..……14

Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3dCir.1990…..……12

Litekv V. United States, 510 U.S. 540, 555, 114 S.Ct. (1994)……….…….14

Mistretta v. United States……………………………………………………10

Moody v. Empire Life insurance Co, 849 F.2d 902, 904 (5th Cir. 1988)……..3

Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954)…10

O'Keefe v. Arbon Equip. Corp., 399 F. Supp. 2d 478, 482 (S.D.N.Y. 2005)..4

Potashnick v. Port City Construction Co., 609 F.2d 1101……...……… 12, 13

Siefert, 608 F.3d at 985……………………………………………….21

Simprop Acquisition Co. v. L. Simpson Charitable Remainder Unitrust….15

State v. Atwood, 2010 ME 12, 988 A.2d 981 (Me. 2010)…………………16

United States v. Nobel, 696 F.2d 231, 235 (3d Cir.1982),…………………12

.U.S. v. Salemme, 164 F. Supp. 2d 49 (D. Mass. 1998)……………..……11

Union Carbide Corp. v. U.S. Cutting Service, Inc.,……………………..……14

**Statutes & Rules**

18 U.S. Code § 157.……………………………………………………….22

 28 U.S.C. § 157(a) and § 1334(a).…………………………………………1

U.S.C. 158 (a) )(1)-(3).…………………………………………………….1

Sections 547 and 550 of the Bankruptcy Code.………………………….…1

Rules 7001(1) and (9) of the Federal Rules of Bankruptcy………………….1

Fed. R. Bankr. P. 8001 (a) (b) ……………………………………….…..1

Local Civil Rule 55.2.…………………………………………………..2

Local Rule 56.1(b),.………………………………………………….4

N.D.N.Y.L.R. 56.2.……………………………………………………3

Local Rule 15(k) Middle District of North Carolina.………………………3

The Federal Rules of Civil Procedure TITLE VII. Rule 55.……………..…4

Federal Rule of Civil Procedure 12.……………………………………….2

FED. R. CIV. P. 12(h)(1)(B).…………………………………………….5

N.Y. CVP. LAW § 3215 : NY Code - Section 3215:.………………………5

TITLE VIII Rule. 27.……………………………………………………5

Rule 27(a)(2).……………………………………………….…………5

by Rule 27(a)(3)(A) - (a)(4).………………………………………….5

TITLE VII. GENERAL PROVISIONS Serving and Filing Briefs Rule 31…5

28 U.S.C.A. 455(a)................................................................6, 10, 11, 13

NY Court Rules section *(E) Disqualification*....................................6

28 U.S.C.S. 144 Canon 3C.........................................................15

Code of Jud. Conduct, Canon 3(E)(1)...........................................15

Code of Jud. Conduct, Canon 3(E)(2), (E)(2)(a)..............................16

Federal Rule of Civil Procedure 56.............................................2

N.D.N.Y.L.R. 7.1(b)(3),.........................................................3

J.P.M.L. Rules of Procedure 6.1(c)...............................................3

Code of Jud. Conduct, Canons 1, 2(A, B), 3(B)(2)(a, b), (E). ...............14

The Fifth Amendment ........................................................20, 21

The Fourteenth Amendment.....................................................21

1

## Memorandum of Law in Support of Appeal

## JURISDICTIONAL STATEMENT

The Court has jurisdiction over this matter under the Bankruptcy Code and

pursuant to 28 U.S.C. § 157(a) and § 1334(a) and this is a core proceeding

pursuant to 28 U.S.C. §. The statutory predicates for the relief requested

herein are sections 547 and 550 of the Bankruptcy Code and Rules 7001(1)

and (9) of the Federal Rules of Bankruptcy.

The jurisdictional basis for an appeal of a bankruptcy court order is

contained in U.S.C. 158 (a). Under section 158 (a), the district court has

jurisdiction over appeals of final orders, interlocutory orders increasing or

reducing the time in which the debtor has the exclusive right to propose a

plan of reorganization and with leave of the district court, other interlocutory

orders. 28 U.S.C 158 (a)(1)-(3), Fed. R. Bankr. P. 8001 (a) (describing

appeals under section 158 (a)(1) & (2) as appeals of right'); Fed. R. Bankr.

P. 8001(b) (setting forth the procedure for taking an appeal from an

interlocutory order under section 158(a)(3).

The Order being appealed from is a Final Order – See England v. Fed.

Deposit Ins. Corp. (In re England), 975 F.2d 1168, 1171 (5th Cir. 1992) To

be final, the order "must constitute either a final determination of the rights

of the parties to secure the relief they seek, or a final disposition of a discrete

dispute within the larger bankruptcy case". In re Bartee, 212 F. 3d 277, 282

(5th Cir. 2000) (citations and internal quotations omitted); See In re Saco

Local Development Corp, 711 F. 2d 441, 444 (1st Cir. 1983) (containing a

comprehensive discussion of finality for the purpose of appeal). Numerous

other decisions overwhelmingly confirm that the order being appealed from

is without doubt a Final Order.

## ARGUMENT

## DEFAULT JUDGEMENT SHOULD HAVE BEEN GRANTED

It is well established that a failure to respond to a motion is usually viewed

as consenting to it and also a waiver of future defenses See Local Civil Rule

55.2 and  (1) Federal Rule of Civil Procedure 12 -- The failure to file an

answer or respond within the time specified in this rule shall constitute a

waiver of the right thereafter to file an answer or respond, except upon a

showing of excusable neglect.  [3]. (2) Federal Rule of Civil Procedure 56 --

Due to defendants failure to respond as the law requires, a default judgment

will be entered against defendant. The failure to respond or responding late, not based upon excusable neglect, is a waiver by defendant and is a fatal defect in their defense and judgment will be granted to Plaintiffs as a matter of law. (3) Local Rule 15(k) Middle District of North Carolina holds: The failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. Further, "if a respondent fails to file a response within the time required by this rule, the Motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice".

In Cabassa v. Smith et al, 9:08cv480, it was stated "to clearly advise pro se litigants of their obligations in responding to such motion and the result of their failure to do so. Id.; see N.D.N.Y.L.R. 56.2. Thus, it is clear that plaintiff was sufficiently apprised ... ... 7.1(b)(3), which provides that, absent a showing of good cause, failure to respond to a motion shall be deemed consent to the relief ... Also *See* J.P.M.L. Rules of Procedure 6.1(c) ("Failure to respond to a motion shall be treated as that party's acquiescence to it.").

Case 1:14-cv-03636-GBD    Document 18    Filed 04/23/14    Page 13 of 51

4

Again in Case 9:03-cv-01256-LES-GJD Document 69 Filed 12/09/2005

"Failure to respond to Defendants' motion may result in the Court granting

the motion, in which there will not be a trial. See N.D.N.Y.L.R. 7.1(b)(3)

("Where a properly filed motion is unopposed and the court determines that

the moving party has met its burden demonstrating entitlement to the relief

requested therein, failure by the non-moving party to file or serve any papers

as required by this Rule shall be deemed by the court as consent to the

granting or denial of the motion, as the case my be, unless good cause is

shown.").Dated: Albany, New York December 8, 2005 ELIOT SPITZER

Attorney General of the State of New York.


It is well-settled that a non-movant's failure to respond to a motion, as

mandated by Local Rule 56.1(b), permits the Court to admit any material

fact listed in Plaintiffs' Rule 56.1 Statement "unless specifically controverted

by a correspondingly numbered paragraph in the statement required to be

served by the opposing party." *O'Keefe v. Arbon Equip. Corp.*, 399 F. Supp.

2d 478, 482 (S.D.N.Y. 2005) quoting Local Rule 56.1(c).


The Federal Rules of Civil Procedure TITLE VII. Rule 55. states "When a

party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default.


Under FED. R. CIV. P. 12(h)(1)(B) (a party waives certain defenses, by

"failing to either: (i) make it by motion under this rule; or (ii) include it in a

responsive pleading"). The Debtors failed to respond to the Motion and it is

now to late for them to assert an argument.


Appellant Silver should have been entitled to a Default Judgment in favor of

the motion for theses reasons and also under N.Y. CVP. LAW § 3215 : NY

Code - Section 3215:


Finally, Under TITLE VIII Rule. 27, any party may file a response to a

motion; Rule 27(a)(2) governs its contents. The response must be filed

within 10 days after service of the motion unless the court shortens or

extends the time. The time to respond to the new motion, and to reply to

that response, are governed by Rule 27(a)(3)(A) and (a)(4).


Also under Federal Rules of Appellate Procedure TITLE VII. GENERAL

PROVISIONS Serving and Filing Briefs Rule 31.

(a) Time to Serve and File a Brief.

(1) The appellant must serve and file a brief within 40 days after the
record is filed. The appellee must serve and file a brief <u>within 30 days</u>
after the appellant's brief is served.

## THE JUDGE SHOULD HAVE DISQUALIFIED HIMSELF

Judge Glenn had a prior relationship with Judge James Peck who worked on
and played a key role in this very case before retiring from the bench and
joining the Debtor's law firm in the very same week the motion for payment
was filed.

NY Court rules state that a Judge should disqualify himself if his
impartiality may be reasonably questioned. See 28 U.S.C.A. 455(a) and also
NY Court Rules section *(E) Disqualification. (1) A judge shall disqualify
himself or herself in a proceeding in which the judge's <u>impartiality might
reasonably be questioned</u>, including but not limited to instances where: (a)
(i) the judge has a personal bias or prejudice concerning a party or (ii) the
judge has personal knowledge of disputed evidentiary facts concerning the*

*proceeding; (b) the judge knows that (i) the judge served as a lawyer in the
matter in controversy, or) a lawyer with whom the judge previously
practiced law served during such association as a lawyer concerning the
matter, or (iii) the judge has been a material witness concerning it;"*

The above mentioned rule makes it clear under section *(ii)* that the Judge's
impartiality can be reasonably questioned due to his relationship with Judge
Peck and therefore, for this reason alone the Judge should have disqualified
himself.  The ruling should be overturned and Default Judgment granted in
favor of Appellant.

Judge Glenn's relationship with Judge Peck is alone sufficient to question
the Judge's impartiality and for the Judge to have disqualified himself as per
NY court rules but there are still more questions regarding his impartiality.
These questions are answered in no uncertain terms by the Judge's actions.
As discussed, an impartial Judge basing his decisions on the applicable rules,
statutes and laws would have issued a default Judgment against the non-
responding Debtors but instead in this case the Judge asserted a defense on
the Debtors behalf.

Case 1:14-cv-03036-GBD   Document 18   Filed 07/23/14   Page 28 of 51

8

By asserting a defense on their behalf, the Judge acts more as Defense

Counsel than an impartial Judge and is clearly not acting with impartiality.

The Judge cherry picks terms and takes them out of context to support his

argument but refuses to properly address any of the Motions arguments even

though they have merit and are based on the terms, definitions and

controlling language of the plan as well as Federal and State laws, rules,

statutes and doctrines. The Judge also ignores allegations of on-going fraud

and simply dismisses Movant's arguments as without merit and not in need

of discussion. A reasonable person could not possibly conclude that these

actions are impartial.


The plan calls for allowed claims to be paid" <u>on or as soon as practicable</u>

<u>following the effective date"</u> but the Judge seeks to add additional terms to

the plan so that his interpretation of when allowed claims should be paid is

"*As soon as practicable following the expiration of the 270 day claims*

*objection deadline, unless a further extension is granted by the Court.*" The

Judge also adds yet another condition not found anywhere in the language of

the plan that also requires a pro rata distribution to other similarly situated

creditors. An impartial Judge would not be adding additional terms to the

settlement agreement and nor is he or anyone empowered or allowed to add

additional terms to the voted on and confirmed plan.

Claim # 61 was and still is according to the plan definition and as argued in the uncontested motion an allowed claim and should have been paid on the effective date or as soon as practicable thereafter.

No reasonable person could conclude that the Judge acted with impartiality or even within his legal responsibility when he failed to issue a default judgment, asserted an argument on behalf of the non responding Debtors, improperly attached added additional terms and refused to properly address any of the Movant's arguments including the apparently unreported fraudulent transfer of Appellants Deed of Trust.

The rules listed on NYCOURTS.gov state " *Most important of all, judges are impartial decision-makers in the pursuit of justice. We have what is known as an adversarial system of justice - legal cases are contests between opposing sides, which ensures that evidence and legal arguments will be fully and forcefully presented. The judge, however, remains above the fray, providing an <u>independent and impartial</u> assessment of the facts and how the law applies to those facts."*

12-12020-mg Doc 8010-46 Filed 01/22/15 Entered 01/22/15 18:14:29 Exhibit 27
Case 1:14-cv-03036-GBD Document 18 Filed 07/23/14 Page 19 of 51
Pg 18 of 60

10

*"Impartiality" denotes absence of bias or prejudice in favor of, or against, particular parties or classes of parties, as well as maintaining an open mind in considering issues that may come before the judge. (B) A judge shall not allow family, social, political or <u>other relationships</u> to influence the judge's judicial conduct or judgment.*

The reputational interest is not a fanciful one; rather, public confidence in the judiciary is integral to preserving our justice system. See Mistretta v. United States, 488 U.S. 361, 407, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989) ("The legitimacy of the Judicial Branch ultimately depends on its reputation for impartiality and nonpartisanship."); In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955) ("[T]o perform its high function in the best way 'justice must satisfy the appearance of justice.'") (quoting Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954));Bauer v. Shepard, 620 F.3d 704, 712 (7th Cir.2010) ("The judicial system depends on its reputation [81] for impartiality.

When the impartiality of the Judge might reasonably be questioned*" under 28 U.S.C.A. 455(a), the court in Fong v American Airlines, Inc. (1977, DC*

*Cal) 431 F Supp 1334, held that the legislative history of 28 U.S.C.A. 455(a)*

*left no doubt that Congress intended to adopt an objective standard, as*

*opposed to the judge's own opinion of his impartiality, or lack there of.*

*Quoting the House Report, the court stated that disqualification for lack of*

*impartiality must have a reasonable basis. And, added the court, decisions*

*rendered since the adoption of the 1974 amendment to 455(a) confirmed that*

*the charge of lack of impartiality must be grounded on facts which would*

*create a reasonable doubt concerning the judge's impartiality, not in the*

*mind of the judge or even necessarily in the mind of the litigant, but rather*

*in the mind of a reasonable person.*

"Disqualification of a judge on the grounds that his impartiality might

reasonably be questioned is appropriate only if the facts provide what an

objective, knowledgeable member of the public would find to be a

reasonable basis for doubting the judge's impartiality." U.S. v. Salemme, 164

F. Supp. 2d 49 (D. Mass. 1998).

28 U.S.C. § 455(a), requires that "[a]ny justice, judge, or magistrate judge of

the United States shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned."

12-12020-mg Doc 8010-46 Filed 01/22/15 Entered 01/22/15 18:14:28 Exhibit 27
Case 1:12-cv-09360-GBD Document 18 Filed 01/23/15 Page 29 of 51
Pg 20 of 60

12

"The standard for determining whether a judge should be disqualified pursuant to Section 455 is "whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality." Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3dCir.1990). "Section 455(a) focuses the inquiry on the objective appearance of bias." United States v. Nobel, 696 F.2d 231, 235 (3d Cir.1982), cert. denied 462 U.S. 1118 (1983).

The judicial disqualification statute is designed to foster both impartiality in fact and the appearance of impartiality See, Potashnick v. Port City Construction Co., 609 F.2d 1101, 1111 (5th Cir.), cert. denied 449 U.S. 820 (1980). In the words of Congress, 28 USC Section 455 is designed "to promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case." (emphasis added) See United States v. Nobel, 696 F.2d 231, 235 (3d Cir.1982), cert denied 462 U.S. 1118 (1983), quoting House Report at 5, reprinted in 1974 U.S. Code Cong. & Admin. News at 6354-55. Under 28 USC section 455 "[E]ach judge must be alert to avoid the

Case 1:12-cv-03036-GBD Document 18 Filed 07/23/15 Page 28 of 51

13

possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision." 1974 U.S. Code Cong. & Admin. News 6351, 6355. Thus, the primary purpose of 28 USC Section 455 is to avoid the appearance of judicial impropriety. Section (b) should be construed in accord with section (a) to "promote public confidence in the integrity and impartiality of the judiciary in general and of the participating judge in particular." Potashnik v. Port City Constr. Co., 609 F.2d 1101, 1114 (5th Cir.) cert. denied, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980); 28 USC section 455 (b) applies only if the judge's impartiality might reasonably be questioned, since the purpose of specifying specific situations in section (b) was to avoid any ambiguity inherent in section (a). See In re Hughes Aircraft Co., 197 U.S.P.Q. 797, 800 (Ct.Cl.1977).

28 USC Section 455 provides that "Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein.

   A judge should be part of the solution to a controversy, not part of the

problem. See Bradley v. Milliken, 620 F.2d 1143, 1156-58 (6th Cir.)

(important case reassigned despite failure to satisfy 28 USC Section 455

cwt. denied, 449 U.S. 870, 101 S.Ct. 207, 66 L.Ed.2d 89 (1980) See Union

Carbide Corp. v. U.S. Cutting Service, Inc., 782 F.2d 710, 712-14 (7th

Cir.1986). (emphasis added) "District court judge's intentional ex parte

communications with prosecution team violated statutes and canons of the

Code of Judicial Conduct barring the appearance of impropriety." Code of

Jud. Conduct, Canons 1, 2(A, B), 3(B)(2)(a, b), (E).


In re Cumminas, 211 P.3d 1136 (Alaska 2009) [W]hat matters is not the

reality of bias or prejudice but its appearance. Quite simply and quite

universally, recusal [is] required whenever 'impartiality might reasonably be

questioned. Litekv V. United States, 510 U.S. 540, 555, 114 S.Ct. (1994)

A court is required to determine a motion for disqualification on the basis of

the record and legal criteria that are established in the statute and the case

law. Henkel v. Lickman, 284 B.R. 299; 2002 Bankr. LEXIS 1026; 15 Fla. L.

Weekly Fed. B 237 "When a judge's impartiality might reasonably be

questioned because of personal bias against a party, a judge shall disqualify

herself from a proceeding." J.M. v. MA., 928 N.E.2d 230 (Ind. Ct. App.

Case 1:14-cv-00360-GBL    Document 18    Filed 07/23/15    Page 22 of 51

15

2010) "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C.S. 144 Canon 3C of the Code of Judicial Conduct provides as follows: "1. Judges should disqualify themselves in proceedings in which impartiality might reasonably be questioned or where personal knowledge of disputed evidentiary facts might reasonably affect their impartiality in the proceeding. Judges shall disqualify themselves in instances where: a. they have a personal bias or prejudice concerning a party, or the party's attorney."

The phrase "impartiality might reasonably be questioned" contained in code of judicial conduct canon governing disqualification of judges means a reasonable perception of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference; it is not based upon the perception of either interested parties or their lawyer-advocates. Code of Jud. Conduct, Canon 3(E)(1). Simprop Acquisition Co. v. L. Simpson Charitable Remainder Unitrust, 305 Ga. App. 564, 699 S.E.2d 860 (2010).

A judge must recuse herself on motion made by any party if her impartiality might reasonably be questioned or if she has a personal bias or prejudice concerning a party or personal knowledge of disputed evidentiary facts concerning the proceeding. Code of Jud. Conduct, Canon 3(E)(2), (E)(2)(a). State v. Atwood, 2010 ME 12, 988 A.2d 981 (Me. 2010).

The appearance of fairness doctrine requires a judge to disqualify himself from a proceeding if the judge is biased against a party, or the judge's impartiality may reasonably be questioned. In re Swenson, 244 P.3d 959 (Wash. Ct. App. Div. 1 2010).

The existence of the appearance of impropriety is to be determined not by considering what a straw poll of the only partly informed man in the street would show, but by examining the record facts and the law. Henkel v. Lickman, 284 B.R. 299; 2002 Bankr. LEXIS 1026; 15Fla. L. Weekly Fed. B 237.

Where the defendant moved to disqualify the judge on the ground that "his impartiality might reasonably be questioned" under 28 U.S.C.A. 455(a), the

Case 1:14-cv-03636-GBD   Document 18   Filed 07/23/14   Page 28 of 51

17

court in Fong v American Airlines, Inc. (1977, DC Cal) 431 F Supp 1334,

held that the legislative history of 28 U.S.C.A. 455(a) left no doubt that

Congress intended to adopt an objective standard, as opposed to the judge's

own opinion of his impartiality, or lack thereof.

In the case at hand, the Judges actions, lack of actions, relationships with

Judge Peck, potential lucrative employment prospects with Judge Peck at the

Debtors prestigious Law firm and the Judges assertion of an argument on

behalf of non-responding Debtors as well as his refusal to address valid legal

arguments and allegations of fraud and document fabrication mean that a

reasonable person could not only question but also conclude that the Judge

was not impartial and quite obviously did not act with impartiality or even in

accordance with his judicial responsibilities under established Federal and

State laws, rules, statutes and procedures.

The Judges relationship with Judge Peck were sufficient reason for him to

disqualify himself but instead quite clearly the Judge went on to act without

impartiality. His order should be overturned and the Motion for payment

should be granted  by way of a Default Judgment against the Debtors.

### Does the Judge's assertion that the 270 day Claims Objection Deadline applies have merit?

The Debtors failed to respond to the Motion for Payment and as already discussed thereby conceded to Appellants arguments.

Several days after the deadline to respond, the Judge issued the Order Denying the Motion for Payment and citing his reason as being that the Debtors have a 270 Day claims objection deadline from the effective date. This argument is without merit for several reasons. First instead of being timely asserted by the Debtors, this argument is being asserted by the Judge, who had he been impartial and followed the rules of the Court and Federal and State laws, would have disqualified himself or else issued a default Judgment against Debtors but instead he asserted a defense on their behalf. Secondly, even if the Debtor's themselves had asserted this argument, it fails as discussed in detail in the uncontested motion (and thereby conceded to), but to reiterate, the 270 day deadline can only apply to claims that were listed as disputed when the plan was confirmed. It is a deadline for Claimants and Debtors to wrap up objections to timely disputed claims – Not an excuse to renege on or delay payment on claims that were deemed

allowed on the effective date, for if it were, it would clash with the plans

requirement that allowed claims are to be paid on the effective date or as

soon as practicable thereafter.


 The deadline would also clash with the controlling language of the plan in

ARTICLE VIII which governs in the event of a dispute and states, "The

provisions of this Article VIII shall govern the resolution of Disputed

Claims to the extent not otherwise provided for in this Plan or in any other

trust agreement." Article VIII takes precedence and makes it very clear that

the 270 day deadline for objections applies to all claims except for claims

deemed allowed on the effective date. Absolutely no claims could be

considered allowed on the effective date if a 270 day objection deadline

were to apply so the logic of the Judges argument not only contradicts the

terms of the plan bus is also fundamentally flawed.


Also note that in the plan section 6. Deadline to File Claims Objections it

states "Any objections to Claims shall be filed by no later than the

applicable Claims Objection Deadline." This language confirms that more

than one deadline existed and was applicable. For allowed claims, so as not

to violate Article VIII, the deadline was the December 17th, 2013 effective

Case 1:14-cv-09366-GBD   Document 18   Filed 04/23/15   Page 29 of 51

20

date. The 270 Day objection deadline can only apply to timely disputed claims – not allowed claims.

Even though Article VIII governs in the event of a dispute and states that allowed claims can't be objected to, the Judge refuses to address the relevance of Article VIII or the motions related arguments because to do so would undermine his argument regarding the claims deadline.

The Judge is not the correct party to assert a defense on behalf of the non-responding Debtors. Even if he were a correct party or the Debtors asserted the argument themselves, the argument is completely flawed and without merit and should be disregarded and Appellant's Motion for Payment should be granted by way of a Default Judgment against the Debtors.

**Was Due Process Violated?**

Before being deprived payment on the claim, all arguments should be addressed and not dismissed without due consideration and the Judge should be impartial not an advocate of the Debtors as in this case.

The Constitution states only one command twice: The Fifth Amendment

21

says that no one shall be "deprived of life, liberty or property without due

process of law." The Fourteenth Amendment, ratified in 1868, uses the same

eleven words, called the Due Process Clause, to describe a legal obligation

of all states. These words have as their central promise an assurance that all

levels of American government must operate within the law ("legality") and

provide fair procedures. Also see Siefert, 608 F.3d at 985 ("Due process

requires both fairness and the appearance of fairness in the tribunal) Before

depriving a citizen of life, liberty or property, The government must follow

fair procedures and not dismiss arguments without due consideration.


Appellants arguments were entitled to due consideration by an impartial

Judge. The arguments are based on the rules and definitions in the plan as

well as State and Federal rules, laws, statutes and doctrines. The Judge is not

acting in accordance with his judicial responsibility when he turns a blind

eye to the fact that with Court approval, on February 16th 2013 Debtors sold

all or most of its mortgage and servicing rights but six weeks later on March

25th, 2013 GMAC purportedly transferred Appellants Deed of Trust to US

Bank for valuable consideration. This sale was recorded at the Los Angeles

County Recorders Office but apparently was not approved or acknowledged

by the Bankruptcy Court so either assets are being concealed from the Court

and sold in unreported sales in which case there is Bankruptcy Fraud or else

there is fraud by fabrication of documents. See 18 U.S. Code § 157 -

Bankruptcy fraud. In either case Appellant is entitled to have all her

Arguments addressed and not just thrown out as having no merit and

unworthy of discussion.

## SUMMARY OF ARGUMENT

The impartiality of the Judge may be reasonably questioned and a

reasonable person would conclude that he did not act with impartiality or

even in conformance with his judicial responsibility under the law. This is

because instead of disqualifying himself the Judge asserted an argument on

behalf of the non-responding Debtors, improperly attached additional terms

to the settlement agreement and refused to properly consider Appellants

arguments. In conformity with applicable State and local rules, laws and

statutes, the Judge should have accepted all of Appellants arguments and

issued a Default Judgment against the Debtors.


Appellants right to due process was violated and she has been an on-going

victim of fraud, document fabrication and malicious prosecution while the

Court turns a blind eye, ignores her arguments and asserts a defense for the
Debtors.  It is too late for Debtors to now contest the well argued  motion.


The Judges ruling should be overturned and the Court should consider the
entire case De Novo and base it's decision on the weight of the Appellants
well founded, powerful arguments and the Debtors failure to respond.


## CONCLUSSION

Appellant has suffered and continues to suffer financially, emotionally and
physically while Debtors refuse to abide by the terms of the voted on,
confirmed and legally binding settlement plan. As the Debtors have engaged
in fraud and breached the terms of the settlement agreement and as
Appellant has continued to suffer resulting on going damages, the claim
should immediately be paid in the full amount of $3,000,000.00 plus
statutory interest from December 17th, 2014


Respectfully,

Francine Silver.

PRESS FIRMLY TO SEAL

PRESS FIRMLY TO SEAL





U.S. POSTAGE
PAID
LOS ANGELES,CA
90036
JUL 21 14
AMOUNT
**$5.60**
00015929-13

1006        10007

# PRIORITY
## ★ MAIL ★



 **DATE OF DELIVERY SPECIFIED\***

 **USPS TRACKING™ INCLUDED\***

 **INSURANCE INCLUDED\***

 **PICKUP AVAILABLE**

\* Domestic only

**FROM:**

M. SILUGR
8613 FRANKLIN AVE
LA-CA 90069

**TO:**

UNITED STATES DISTRICT COURT OF THE SOUTHERN DIST. OF NY
PRO SE INTAKE UNIT
DANIEL PATRICK MOYNIHAN UNITED STATES COURTHOUSE
500 PEARL St — RM200
NEW YORK, N.Y 10007

**WHEN USED INTERNATIONALLY,**


**UNITED STATES**
**POSTAL SERVICE®**

**USPS TRACKING #**



9114 9011 2308 6195 6705 75

Label 400 Jan. 2013
7690-15-000-7948

USPS TRACKING #     9114 9011 2308 6195 6705 75
& CUSTOMER           For Tracking or inquiries go to USPS.com
RECEIPT              or call 1-800-222-1811.



PS00001000014

EP14F July 2013
OD: 12.5 x 9.5

# VISIT US AT USPS.COM®
ORDER FREE SUPPLIES ONLINE


**UNITED STATES**
**POSTAL SERVICE®**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 Jointly Administered |
| | ) | |
| Debtors. | ) | |
| | ) | |
| Francine Silver | ) | 14cv3630 (GBD) |
| Appellant | ) | |
| | ) | |
| -against- | ) | |
| | ) | |
| Rescap Borrower Claims Trust | ) | |
| | ) | |
| Appellee | ) | |
| | ) | |

Francine Silver
8613 Franklin Ave
Los Angeles, CA 90069
Tel 310 945 6105

PRO SE OFFICE
23

## MEMORANDUM OF LAW IN SUPPORT OF APPEAL

## TABLE OF CONTENTS

Page

JURISDICTIONAL STATEMENT……....……..………………………1

ARGUMENT FOR DEFAULT JUDGMENT…………………...............2

ARGUMENT FOR DISQUALIFICATION…………………………...6

ARGUMENT AGAINST CLAIMS OBJECTION DEADLINE…....……18

ARGUMENT REGARDING DUE PROCESS…………………………20

SUMMARY OF ARGUMENT…………………………………...22

CONCLUSSION……………………………………………………...23

## TABLE OF AUTHORITIES

**Cases**                                                          **Page**

Bauer v. Shepard, 620 F.3d 704, 712 (7th Cir.2010…………………….10

Bradley v. Milliken, 620 F.2d 1143, 1156-58 (6th Cir.)…..……………14

Cabassa v. Smith et al, 9:08cv480……………………………………….3

Case 9:03-cv-01256-LES-GJD Document 69 Filed 12/09/2005……………4

England v. Fed. Deposit Ins. Corp. (England), 975 F.2d 1168, 1171…….1, 2

Fong v American Airlines, Inc. (1977, DC Cal) 431 F Supp 133………10, 17

Henkel v. Lickman, 284 B.R. 299; 2002 Bankr. LEXIS 1026…………..14, 16

In re Bartree, 212 F.3d 277, 282…………………………………………..……..2

In re Cumminas, 211 P.3d 1136 (Alaska 2009)……...…………………….…14

In re Hughes Aircraft Co., 197 U.S.P.Q. 797, 800 (Ct.C1.1977)…....…...13

In re Murchison, 349 U.S. 133, 136, 75 S.Ct. 623, 99 L.Ed. 942 (1955)....10

In re Orr, 180 F.3d 656, 659 (5th Cir. 1999)…………………………………2

In Re Saco Local Development Corp, 711 F.2d 441, 444 (1st Cir. 1983)…...2

In re Swenson, 244 P.3d 959 (Wash. Ct. App. Div. 1 2010). ………………16

J.M. v. MA., 928 N.E.2d 230 (Ind. Ct. App. 2010)………………………..…14

Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3dCir.1990…..…….12

Litekv V. United States, 510 U.S. 540, 555, 114 S.Ct. (1994)……………14

Mistretta v. United States……………………………………………………10

Moody v. Empire Life insurance Co, 849 F.2d 902, 904 (5th Cir. 1988)……..3

Offutt v. United States, 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954)…10

O'Keefe v. Arbon Equip. Corp., 399 F. Supp. 2d 478, 482 (S.D.N.Y. 2005)..4

Potashnick v. Port City Construction Co., 609 F.2d 1101……...…….. 12, 13

Siefert, 608 F.3d at 985………………………………………………….21

Simprop Acquisition Co. v. L. Simpson Charitable Remainder Unitrust….15

State v. Atwood, 2010 ME 12, 988 A.2d 981 (Me. 2010)…………………16

United States v. Nobel, 696 F.2d 231, 235 (3d Cir.1982),…………………12

.U.S. v. Salemme, 164 F. Supp. 2d 49 (D. Mass. 1998)…………...………11

Case 1:14-cv-03636-GBD    Document 18    Filed 01/22/15 18 Page 4 of 28

Union Carbide Corp. v. U.S. Cutting Service, Inc.,..............................14


**Statutes & Rules**

18 U.S. Code § 157.................................................................22

 28 U.S.C. § 157(a) and § 1334(a)...................................................1

U.S.C. 158 (a) )(1)-(3)............................................................1

Sections 547 and 550 of the Bankruptcy Code.......................................1

Rules 7001(1) and (9) of the Federal Rules of Bankruptcy...........................1

Fed. R. Bankr. P. 8001 (a) (b) ...................................................1

Local Civil Rule 55.2.............................................................2

Local Rule 56.1(b),...............................................................4

N.D.N.Y.L.R. 56.2.................................................................3

Local Rule 15(k) Middle District of North Carolina................................3

The Federal Rules of Civil Procedure TITLE VII. Rule 55...........................4

Federal Rule of Civil Procedure 12................................................2

FED. R. CIV. P. 12(h)(1)(B).......................................................5

N.Y. CVP. LAW § 3215 : NY Code - Section 3215:....................................5

TITLE VIII Rule. 27...............................................................5

Rule 27(a)(2).....................................................................5

by Rule 27(a)(3)(A) - (a)(4)......................................................5

TITLE VII. GENERAL PROVISIONS Serving and Filing Briefs Rule 31...5

28 U.S.C.A. 455(a)...................................................6, 10, 11, 13

NY Court Rules section *(E) Disqualification*....................................6

28 U.S.C.S. 144 Canon 3C.........................................................15

Code of Jud. Conduct, Canon 3(E)(1).............................................15

Code of Jud. Conduct, Canon 3(E)(2), (E)(2)(a)................................16

Federal Rule of Civil Procedure 56.............................................2

N.D.N.Y.L.R. 7.1(b)(3),........................................................3

J.P.M.L. Rules of Procedure 6.1(c)............................................3

Code of Jud. Conduct, Canons 1, 2(A, B), 3(B)(2)(a, b), (E)..................14

The Fifth Amendment ........................................................20, 21

The Fourteenth Amendment....................................................21

## Memorandum of Law in Support of  Appeal


## JURISDICTIONAL STATEMENT

The Court has jurisdiction over this matter under the Bankruptcy Code and

pursuant to 28 U.S.C. § 157(a) and § 1334(a) and this is a core proceeding

pursuant to 28 U.S.C. §. The statutory predicates for the relief requested

herein are sections 547 and 550 of the Bankruptcy Code and Rules 7001(1)

and (9) of the Federal Rules of Bankruptcy.


 The jurisdictional basis for an appeal of a bankruptcy court order is

contained in U.S.C. 158 (a). Under section 158 (a), the district court has

jurisdiction over appeals of final orders, interlocutory orders increasing or

reducing the time in which the debtor has the exclusive right to propose a

plan of reorganization and with leave of the district court, other interlocutory

orders. 28 U.S.C 158 (a)(1)-(3), Fed. R. Bankr. P. 8001 (a) (describing

appeals under section 158 (a)(1) & (2) as appeals of right'); Fed. R. Bankr.

P. 8001(b) (setting forth the procedure for taking an appeal from an

interlocutory order under section 158(a)(3).


The Order being appealed from is a Final Order – See England v. Fed.

Deposit Ins. Corp. (In re England), 975 F.2d 1168, 1171 (5th Cir. 1992) To

be final, the order "must constitute either a final determination of the rights

of the parties to secure the relief they seek, or a final disposition of a discrete

dispute within the larger bankruptcy case". In re Bartee, 212 F. 3d 277, 282

(5th Cir. 2000) (citations and internal quotations omitted); See In re Saco

Local Development Corp, 711 F. 2d 441, 444 (1st Cir. 1983) (containing a

comprehensive discussion of finality for the purpose of appeal). Numerous

other decisions overwhelmingly confirm that the order being appealed from

is without doubt a Final Order.


## ARGUMENT

## DEFAULT JUDGEMENT SHOULD HAVE BEEN GRANTED


It is well established that a failure to respond to a motion is usually viewed

as consenting to it and also a waiver of future defenses See Local Civil Rule

55.2 and  (1) Federal Rule of Civil Procedure 12 -- The failure to file an

answer or respond within the time specified in this rule shall constitute a

waiver of the right thereafter to file an answer or respond, except upon a

showing of excusable neglect.  [3]. (2) Federal Rule of Civil Procedure 56 --

Due to defendants failure to respond as the law requires, a default judgment

will be entered against defendant. The failure to respond or responding late, not based upon excusable neglect, is a waiver by defendant and is a fatal defect in their defense and judgment will be granted to Plaintiffs as a matter of law. (3) Local Rule 15(k) Middle District of North Carolina holds: The failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. Further, "if a respondent fails to file a response within the time required by this rule, the Motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice".

In Cabassa v. Smith et al, 9:08cv480, it was stated "to clearly advise pro se litigants of their obligations in responding to such motion and the result of their failure to do so. Id.; see N.D.N.Y.L.R. 56.2. Thus, it is clear that plaintiff was sufficiently apprised ... ... 7.1(b)(3), which provides that, absent a showing of good cause, failure to respond to a motion shall be deemed consent to the relief ...  Also *See* J.P.M.L. Rules of Procedure 6.1(c) ("Failure to respond to a motion shall be treated as that party's acquiescence to it.").

Again in Case 9:03-cv-01256-LES-GJD Document 69 Filed 12/09/2005

"Failure to respond to Defendants' motion may result in the Court granting

the motion, in which there will not be a trial. See N.D.N.Y.L.R. 7.1(b)(3)

("Where a properly filed motion is unopposed and the court determines that

the moving party has met its burden demonstrating entitlement to the relief

requested therein, failure by the non-moving party to file or serve any papers

as required by this Rule shall be deemed by the court as consent to the

granting or denial of the motion, as the case my be, unless good cause is

shown.").Dated: Albany, New York December 8, 2005 ELIOT SPITZER

Attorney General of the State of New York.


It is well-settled that a non-movant's failure to respond to a motion, as

mandated by Local Rule 56.1(b), permits the Court to admit any material

fact listed in Plaintiffs' Rule 56.1 Statement "unless specifically controverted

by a correspondingly numbered paragraph in the statement required to be

served by the opposing party." *O'Keefe v. Arbon Equip. Corp.*, 399 F. Supp.

2d 478, 482 (S.D.N.Y. 2005) quoting Local Rule 56.1(c).


The Federal Rules of Civil Procedure TITLE VII. Rule 55. states "When a

party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk must enter the party's default.

Under FED. R. CIV. P. 12(h)(1)(B) (a party waives certain defenses, by

"failing to either: (i) make it by motion under this rule; or (ii) include it in a

responsive pleading"). The Debtors failed to respond to the Motion and it is

now to late for them to assert an argument.

Appellant Silver should have been entitled to a Default Judgment in favor of

the motion for theses reasons and also under N.Y. CVP. LAW § 3215 : NY

Code - Section 3215:

Finally, Under TITLE VIII Rule. 27, any party may file a response to a

motion; Rule 27(a)(2) governs its contents. The response must be filed

within 10 days after service of the motion unless the court shortens or

extends the time. The time to respond to the new motion, and to reply to

that response, are governed by Rule 27(a)(3)(A) and (a)(4).

Also under Federal Rules of Appellate Procedure TITLE VII. GENERAL

PROVISIONS Serving and Filing Briefs Rule 31.

12-12020-mg   Doc 8019-46   Filed 01/22/15   Entered 01/22/15 18:14:28   Exhibit 27
Case 1:14-cv-09304-GBD   Document 18-5   Filed 01/22/14   Page 81 of 26
Pg 43 of 60

6

(a) Time to Serve and File a Brief.


(1) The appellant must serve and file a brief within 40 days after the

record is filed. The appellee must serve and file a brief <u>within 30 days</u>

after the appellant's brief is served.


**THE JUDGE SHOULD HAVE DISQUALIFIED HIMSELF**

Judge Glenn had a prior relationship with Judge James Peck who worked on

and played a key role in this very case before retiring from the bench and

joining the Debtor's law firm in the very same week the motion for payment

was filed.


NY Court rules state that a Judge should disqualify himself if his

impartiality may be reasonably questioned. See 28 U.S.C.A. 455(a) and also

NY Court Rules section *(E) Disqualification. (1) A judge shall disqualify*

*himself or herself in a proceeding in which the judge's <u>impartiality might</u>*

*<u>reasonably be questioned</u>, including but not limited to instances where: (a)*

*(i) the judge has a personal bias or prejudice concerning a party or (ii) the*

*judge has personal knowledge of disputed evidentiary facts concerning the*

Case 1:14-cv-09634-GBD Document 18 Entered 01/22/14 Page 82 of 26 Exhibit 27

*proceeding; (b) the judge knows that (i) the judge served as a lawyer in the matter in controversy, or) a lawyer with whom the judge previously practiced law served during such association as a lawyer concerning the matter, or (iii) the judge has been a material witness concerning it;"*

The above mentioned rule makes it clear under section *(ii)* that the Judge's impartiality can be reasonably questioned due to his relationship with Judge Peck and therefore, for this reason alone the Judge should have disqualified himself. The ruling should be overturned and Default Judgment granted in favor of Appellant.

Judge Glenn's relationship with Judge Peck is alone sufficient to question the Judge's impartiality and for the Judge to have disqualified himself as per NY court rules but there are still more questions regarding his impartiality. These questions are answered in no uncertain terms by the Judge's actions. As discussed, an impartial Judge basing his decisions on the applicable rules, statutes and laws would have issued a default Judgment against the non-responding Debtors but instead in this case the Judge asserted a defense on the Debtors behalf.

Case 1:14-cv-09304-GBD  Document 18-5  Filed 01/22/14  Page 83 of 20  Exhibit 27

8

By asserting a defense on their behalf, the Judge acts more as Defense

Counsel than an impartial Judge and is clearly not acting with impartiality.

The Judge cherry picks terms and takes them out of context to support his

argument but refuses to properly address any of the Motions arguments even

though they have merit and are based on the terms, definitions and

controlling language of the plan as well as Federal and State laws, rules,

statutes and doctrines. The Judge also ignores allegations of on-going fraud

and simply dismisses Movant's arguments as without merit and not in need

of discussion. A reasonable person could not possibly conclude that these

actions are impartial.


The plan calls for allowed claims to be paid" <u>on or as soon as practicable</u>

<u>following the effective date"</u> but the Judge seeks to add additional terms to

the plan so that his interpretation of when allowed claims should be paid is

"*As soon as practicable following the expiration of the 270 day claims*

*objection deadline, unless a further extension is granted by the Court.*" The

Judge also adds yet another condition not found anywhere in the language of

the plan that also requires a pro rata distribution to other similarly situated

creditors. An impartial Judge would not be adding additional terms to the

settlement agreement and nor is he or anyone empowered or allowed to add

additional terms to the voted on and confirmed plan.


Claim # 61 was and still is according to the plan definition and as argued in
the uncontested motion an allowed claim and should have been paid on the
effective date or as soon as practicable thereafter.


No reasonable person could conclude that the Judge acted with impartiality
or even within his legal responsibility when he failed to issue a default
judgment, asserted an argument on behalf of the non responding Debtors,
improperly attached added additional terms and refused to properly address
any of the Movant's arguments including the apparently unreported
fraudulent transfer of Appellants Deed of Trust.


The rules listed on NYCOURTS.gov state " *Most important of all, judges
are impartial decision-makers in the pursuit of justice. We have what is
known as an adversarial system of justice - legal cases are contests between
opposing sides, which ensures that evidence and legal arguments will be
fully and forcefully presented. The judge, however, remains above the fray,
providing an independent and impartial assessment of the facts and how the
law applies to those facts."*

Case 1:14-cv-09634-GBD   Document 18-5   Filed 01/22/15   Page 85 of 20   Exhibit 27

*"Impartiality" denotes absence of bias or prejudice in favor of, or against,*

*particular parties or classes of parties, as well as maintaining an open mind*

*in considering issues that may come before the judge.  (B) A judge shall not*

*allow family, social, political or <u>other relationships</u> to influence the judge's*

*judicial conduct or judgment.*

The reputational interest is not a fanciful one; rather, public confidence in

the judiciary is integral to preserving our justice system. See Mistretta v.

United States, 488 U.S. 361, 407, 109 S.Ct. 647, 102 L.Ed.2d 714 (1989)

("The legitimacy of the Judicial Branch ultimately depends on its reputation

for impartiality and nonpartisanship."); In re Murchison, 349 U.S. 133, 136,

75 S.Ct. 623, 99 L.Ed. 942 (1955) ("[T]o perform its high function in the

best way 'justice must satisfy the appearance of justice.'") (quoting Offutt v.

United States, 348 U.S. 11, 14, 75 S.Ct. 11, 99 L.Ed. 11 (1954));Bauer v.

Shepard, 620 F.3d 704, 712 (7th Cir.2010) ("The judicial system depends on

its reputation [81]  for impartiality.

When the impartiality of the Judge might reasonably be questioned*" under*

*28 U.S.C.A. 455(a), the court in Fong v American Airlines, Inc. (1977, DC*

Case 1:14-cv-09636BD   Document 18-5 Filed 01/22/14   Page 36 of 26   Exhibit 27

11

*Cal) 431 F Supp 1334, held that the legislative history of 28 U.S.C.A. 455(a)*

*left no doubt that Congress intended to adopt an objective standard, as*

*opposed to the judge's own opinion of his impartiality, or lack there of.*

*Quoting the House Report, the court stated that disqualification for lack of*

*impartiality must have a reasonable basis. And, added the court, decisions*

*rendered since the adoption of the 1974 amendment to 455(a) confirmed that*

*the charge of lack of impartiality must be grounded on facts which would*

*create a reasonable doubt concerning the judge's impartiality, not in the*

*mind of the judge or even necessarily in the mind of the litigant, but rather*

*in the mind of a reasonable person.*


"Disqualification of a judge on the grounds that his impartiality might

reasonably be questioned is appropriate only if the facts provide what an

objective, knowledgeable member of the public would find to be a

reasonable basis for doubting the judge's impartiality." U.S. v. Salemme, 164

F. Supp. 2d 49 (D. Mass. 1998).


28 U.S.C. § 455(a), requires that "[a]ny justice, judge, or magistrate judge of

the United States shall disqualify himself in any proceeding in which his

impartiality might reasonably be questioned."

Case 1:14-cv-09364-GBD Document 18-5 Entered 01/22/14 Page 37 of 20 Exhibit 27

"The standard for determining whether a judge should be disqualified pursuant to Section 455 is "whether a reasonable person knowing all the circumstances would harbor doubts concerning the judge's impartiality." Jones v. Pittsburgh Nat'l Corp., 899 F.2d 1350, 1356 (3dCir.1990). "Section 455(a) focuses the inquiry on the objective appearance of bias." United States v. Nobel, 696 F.2d 231, 235 (3d Cir.1982), cert. denied 462 U.S. 1118 (1983).

The judicial disqualification statute is designed to foster both impartiality in fact and the appearance of impartiality See, Potashnick v. Port City Construction Co., 609 F.2d 1101, 1111 (5th Cir.), cert. denied 449 U.S. 820 (1980). In the words of Congress, 28 USC Section 455 is designed "to promote public confidence in the impartiality of the judicial process by saying, in effect, if there is a reasonable factual basis for doubting the judge's impartiality, he should disqualify himself and let another judge preside over the case." (emphasis added) See United States v. Nobel, 696 F.2d 231, 235 (3d Cir.1982), cert denied 462 U.S. 1118 (1983), quoting House Report at 5, reprinted in 1974 U.S. Code Cong. & Admin. News at 6354-55. Under 28 USC section 455 "[E]ach judge must be alert to avoid the

possibility that those who would question his impartiality are in fact seeking to avoid the consequences of his expected adverse decision." 1974 U.S. Code Cong. & Admin. News 6351, 6355. Thus, the primary purpose of 28 USC Section 455 is to avoid the appearance of judicial impropriety. Section (b) should be construed in accord with section (a) to "promote public confidence in the integrity and impartiality of the judiciary in general and of the participating judge in particular." Potashnik v. Port City Constr. Co., 609 F.2d 1101, 1114 (5th Cir.) cert. denied, 449 U.S. 820, 101 S.Ct. 78, 66 L.Ed.2d 22 (1980); 28 USC section 455 (b) applies only if the judge's impartiality might reasonably be questioned, since the purpose of specifying specific situations in section (b) was to avoid any ambiguity inherent in section (a). See In re Hughes Aircraft Co., 197 U.S.P.Q. 797, 800 (Ct.Cl.1977).

28 USC Section 455 provides that "Any justice or judge of the United States shall disqualify himself in any case in which he has a substantial interest, has been of counsel, is or has been a material witness, or is so related to or connected with any party or his attorney as to render it improper, in his opinion, for him to sit on the trial, appeal, or other proceeding therein.

<u>A judge should be part of the solution to a controversy, not part of the problem</u>. See Bradley v. Milliken, 620 F.2d 1143, 1156-58 (6ᵗʰ Cir.) (important case reassigned despite failure to satisfy 28 USC Section 455 cwt. denied, 449 U.S. 870, 101 S.Ct. 207, 66 L.Ed.2d 89 (1980) See Union Carbide Corp. v. U.S. Cutting Service, Inc., 782 F.2d 710, 712-14 (7th Cir.1986). (emphasis added) "District court judge's intentional ex parte communications with prosecution team violated statutes and canons of the Code of Judicial Conduct barring the appearance of impropriety." Code of Jud. Conduct, Canons 1, 2(A, B), 3(B)(2)(a, b), (E).

In re Cumminas, 211 P.3d 1136 (Alaska 2009) [W]hat matters is not the reality of bias or prejudice but its appearance. Quite simply and quite universally, recusal [is] required whenever 'impartiality might reasonably be questioned. Litekv V. United States, 510 U.S. 540, 555, 114 S.Ct. (1994) A court is required to determine a motion for disqualification on the basis of the record and legal criteria that are established in the statute and the case law. Henkel v. Lickman, 284 B.R. 299; 2002 Bankr. LEXIS 1026; 15 Fla. L. Weekly Fed. B 237 "When a judge's impartiality might reasonably be questioned because of personal bias against a party, a judge shall disqualify herself from a proceeding." J.M. v. MA., 928 N.E.2d 230 (Ind. Ct. App.

15

2010) "Whenever a party to any proceeding in a district court makes and files a timely and sufficient affidavit that the judge before whom the matter is pending has a personal bias or prejudice either against him or in favor of any adverse party, such judge shall proceed no further therein, but another judge shall be assigned to hear such proceeding." 28 U.S.C.S. 144 Canon 3C of the Code of Judicial Conduct provides as follows: "1. Judges should disqualify themselves in proceedings in which impartiality might reasonably be questioned or where personal knowledge of disputed evidentiary facts might reasonably affect their impartiality in the proceeding. Judges shall disqualify themselves in instances where: a. they have a personal bias or prejudice concerning a party, or the party's attorney."

The phrase "impartiality might reasonably be questioned" contained in code of judicial conduct canon governing disqualification of judges means a reasonable perception of lack of impartiality by the judge, held by a fair minded and impartial person based upon objective fact or reasonable inference; it is not based upon the perception of either interested parties or their lawyer-advocates. Code of Jud. Conduct, Canon 3(E)(1). Simprop Acquisition Co. v. L. Simpson Charitable Remainder Unitrust, 305 Ga. App. 564, 699 S.E.2d 860 (2010).

16

A judge must recuse herself on motion made by any party if her impartiality

might reasonably be questioned or if she has a personal bias or prejudice

concerning a party or personal knowledge of disputed evidentiary facts

concerning the proceeding. Code of Jud. Conduct, Canon 3(E)(2), (E)(2)(a).

State v. Atwood, 2010 ME 12, 988 A.2d 981 (Me. 2010).


The appearance of fairness doctrine requires a judge to disqualify himself

from a proceeding if the judge is biased against a party, or the judge's

impartiality may reasonably be questioned. In re Swenson, 244 P.3d 959

(Wash. Ct. App. Div. 1 2010).


The existence of the appearance of impropriety is to be determined not by

considering what a straw poll of the only partly informed man in the street

would show, but by examining the record facts and the law. Henkel v.

Lickman, 284 B.R. 299; 2002 Bankr. LEXIS 1026; 15Fla. L. Weekly Fed. B

237.


Where the defendant moved to disqualify the judge on the ground that "his

impartiality might reasonably be questioned" under 28 U.S.C.A. 455(a), the

court in Fong v American Airlines, Inc. (1977, DC Cal) 431 F Supp 1334,

held that the legislative history of 28 U.S.C.A. 455(a) left no doubt that

Congress intended to adopt an objective standard, as opposed to the judge's

own opinion of his impartiality, or lack thereof.

In the case at hand, the Judges actions, lack of actions, relationships with

Judge Peck, potential lucrative employment prospects with Judge Peck at the

Debtors prestigious Law firm and the Judges assertion of an argument on

behalf of non-responding Debtors as well as his refusal to address valid legal

arguments and allegations of fraud and document fabrication mean that a

reasonable person could not only question but also conclude that the Judge

was not impartial and quite obviously did not act with impartiality or even in

accordance with his judicial responsibilities under established Federal and

State laws, rules, statutes and procedures.

The Judges relationship with Judge Peck were sufficient reason for him to

disqualify himself but instead quite clearly the Judge went on to act without

impartiality. His order should be overturned and the Motion for payment

should be granted  by way of a Default Judgment against the Debtors.

18

## Does the Judge's assertion that the 270 day Claims Objection Deadline applies have merit?

The Debtors failed to respond to the Motion for Payment and as already discussed thereby conceded to Appellants arguments.

Several days after the deadline to respond, the Judge issued the Order Denying the Motion for Payment and citing his reason as being that the Debtors have a 270 Day claims objection deadline from the effective date. This argument is without merit for several reasons. First instead of being timely asserted by the Debtors, this argument is being asserted by the Judge, who had he been impartial and followed the rules of the Court and Federal and State laws, would have disqualified himself or else issued a default Judgment against Debtors but instead he asserted a defense on their behalf. Secondly, even if the Debtor's themselves had asserted this argument, it fails as discussed in detail in the uncontested motion (and thereby conceded to), but to reiterate, the 270 day deadline can only apply to claims that were listed as disputed when the plan was confirmed. It is a deadline for Claimants and Debtors to wrap up objections to timely disputed claims – Not an excuse to renege on or delay payment on claims that were deemed

allowed on the effective date, for if it were, it would clash with the plans

requirement that allowed claims are to be paid on the effective date or as

soon as practicable thereafter.


 The deadline would also clash with the controlling language of the plan in

ARTICLE VIII which governs in the event of a dispute and states, "The

provisions of this Article VIII shall govern the resolution of Disputed

Claims to the extent not otherwise provided for in this Plan or in any other

trust agreement."  Article VIII takes precedence and makes it very clear that

the 270 day deadline for objections applies to all claims except for claims

deemed allowed on the effective date. Absolutely no claims could be

considered allowed on the effective date if a 270 day objection deadline

were to apply so the logic of the Judges argument not only contradicts the

terms of the plan bus is also fundamentally flawed.


Also note that in the plan section 6. Deadline to File Claims Objections it

states *"Any objections to Claims shall be filed by no later than the

applicable Claims Objection Deadline."* This language confirms that more

than one deadline existed and was applicable. For allowed claims, so as not

to violate Article VIII, the deadline was the December 17th, 2013 effective

20

date. The 270 Day objection deadline can only apply to timely disputed

claims – not allowed claims.

Even though Article VIII governs in the event of a dispute and states that

allowed claims can't be objected to, the Judge refuses to address the

relevance of Article VIII or the motions related arguments because to do so

would undermine his argument regarding the claims deadline.

The Judge is not the correct party to assert a defense on behalf of the non-

responding Debtors. Even if he were a correct party or the Debtors asserted

the argument themselves, the argument is completely flawed and without

merit and should be disregarded and Appellant's Motion for Payment should

be granted by way of a Default Judgment against the Debtors.

**Was Due Process Violated?**

Before being deprived payment on the claim, all arguments should be

addressed and not dismissed without due consideration and the Judge should

be impartial not an advocate of the Debtors as in this case.

The Constitution states only one command twice: The Fifth Amendment

Case 1:14-cv-09604-GBD   Document 18-5   Filed 01/22/14   Page 26 of 26

says that no one shall be "deprived of life, liberty or property without due

process of law." The Fourteenth Amendment, ratified in 1868, uses the same

eleven words, called the Due Process Clause, to describe a legal obligation

of all states. These words have as their central promise an assurance that all

levels of American government must operate within the law ("legality") and

provide fair procedures. Also see Siefert, 608 F.3d at 985 ("Due process

requires both fairness and the appearance of fairness in the tribunal) Before

depriving a citizen of life, liberty or property, The government must follow

fair procedures and not dismiss arguments without due consideration.


Appellants arguments were entitled to due consideration by an impartial

Judge. The arguments are based on the rules and definitions in the plan as

well as State and Federal rules, laws, statutes and doctrines. The Judge is not

acting in accordance with his judicial responsibility when he turns a blind

eye to the fact that with Court approval, on February 16th 2013 Debtors sold

all or most of its mortgage and servicing rights but six weeks later on March

25th, 2013 GMAC purportedly transferred Appellants Deed of Trust to US

Bank for valuable consideration. This sale was recorded at the Los Angeles

County Recorders Office but apparently was not approved or acknowledged

by the Bankruptcy Court so either assets are being concealed from the Court

Case 1:14-cv-09364-GBD   Document 18-5   Filed 04/22/14   Page 27 of 28

22

and sold in unreported sales in which case there is Bankruptcy Fraud or else

there is fraud by fabrication of documents. See 18 U.S. Code § 157 -

Bankruptcy fraud. In either case Appellant is entitled to have all her

Arguments addressed and not just thrown out as having no merit and

unworthy of discussion.


## SUMMARY OF ARGUMENT

The impartiality of the Judge may be reasonably questioned and a

reasonable person would conclude that he did not act with impartiality or

even in conformance with his judicial responsibility under the law. This is

because instead of disqualifying himself the Judge asserted an argument on

behalf of the non-responding Debtors, improperly attached additional terms

to the settlement agreement and refused to properly consider Appellants

arguments. In conformity with applicable State and local rules, laws and

statutes, the Judge should have accepted all of Appellants arguments and

issued a Default Judgment against the Debtors.


Appellants right to due process was violated and she has been an on-going

victim of fraud, document fabrication and malicious prosecution while the

12-12020-mg Doc 8019-46 Filed 01/22/15 Entered 01/22/15 18:14:28 Exhibit 27
Case 1:14-cv-09630-GBD Document 18-5 Filed 01/22/14 Page 28 of 28
Pg 60 of 60

23

Court turns a blind eye, ignores her arguments and asserts a defense for the

Debtors. It is too late for Debtors to now contest the well argued motion.

The Judges ruling should be overturned and the Court should consider the

entire case De Novo and base it's decision on the weight of the Appellants

well founded, powerful arguments and the Debtors failure to respond.

## CONCLUSSION

Appellant has suffered and continues to suffer financially, emotionally and

physically while Debtors refuse to abide by the terms of the voted on,

confirmed and legally binding settlement plan. As the Debtors have engaged

in fraud and breached the terms of the settlement agreement and as

Appellant has continued to suffer resulting on going damages, the claim

should immediately be paid in the full amount of $3,000,000.00 plus

statutory interest from December 17th, 2014

Respectfully,

*Francine Silver*

Francine Silver.