## Exhibit 28

**Silver Opening Brief with Second Circuit**

Francine Silver
8613 Franklin Ave, Los Angeles CA 90069

In Re: Residential Capital, LLC,               **BRIEF**

Docket Number 142664

Debtor

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
\*\*\*

Francine Silver

Appellant,

v.

Rescap Borrower Claims Trust,

Appellee

RECEIVED
2014 SEP -4  PM 4: 14
U.S. COURT OF APPEALS
SECOND CIRCUIT

## <u>TABLE OF CONTENTS</u>                                    <u>PAGE</u>

TABLE OF CASES, STATUTES AND RULES……………………………..iii

STATEMENT OF SUBJECT MATTER AND APPELATE

JURISDICTION…………………………………………………………………..1

STATEMENT OF ISSUES PRESENTED…………………………………..2

STATEMENT OF THE CASE…………………………………………….....4

SUMMARY OF ARGUMENT……………………………………………..9

ARGUMENT…………………………………………………………….10

CONCLUSSION……………………………………………………………...16

APPRENDIX 1……………………………………………………………18

APPENDIX 2………………………………………………………………19

CERTIFICATE OF COMPLIANCE……………………………………20

Case 14-2684, Document 14, 03/04/2014, 1373311, Pages of 24

## <u>TABLE OF CASES, STATUTES AND RULES</u>    <u>PAGE</u>

Calabasis v. Smith et al 9:08cv480……………………..……………….13

England v. Fed. Deposit Ins. Corp……………………….……………..…1

In re Bartee………………………………………………………………..1

In re Saco Local Development Corp………………….…………………...1

*O'Keefe v. Arbon Equip. Corp.*, 399 F. Supp. 2d 478, 482 (S.D.N.Y)…...…14

9:03-cv-01256-LES-GJD Document 69……………………………….13

Federal Rule  of Civil Proceedure 12 ……………………………….12

FED. R. CIV. P. 12(h)(1)(B)………………………………………..15

J.P.M.L. Rules of Procedure 6.1(c)……………………..……………13

Local Rule 15(k) Middle District of North Carolina……………………..…13

Local Civil Rule 55.2……………………………………………..……..12

Local Rule 56.1………………………………………………….……..14

N.D.N.Y.L.R. 7.1(b)(3)……………………………..……………….....13, 14

N.D.N.Y.L.R. 56.2……………………………………...………………13

N.Y. CVP. LAW § 3215 : NY Code - Section 3215…………………..….15

TITLE VII GENERAL PROVISIONS……………………………..2, 10, 11

TITLE VII Rule. 27………………………………………………….2, 12

TITLE VII Rule 31………………...…………………………………10

TITLE VII. Rule 55………………………………………...………..14

28 U.S.C. 158 (D)(2)(A)…………………………………….………3, 15, 16

## STATEMENT OF SUBJECT MATTER AND APPELATE

## JURISDICTION

Appellant appeals an order from the Southern District of New York. The

court of appeals has jurisdiction over this matter

The Order being appealed from is a final order – See England v. Fed.

Deposit Ins. Corp. (In re England), 975 F.2d 1168, 1171 (5th Cir. 1992) To

be final, the order "must constitute either a final determination of the rights

of the parties to secure the relief they seek, or a final disposition of a discrete

dispute within the larger bankruptcy case". In re Bartee, 212 F. 3d 277, 282

(5th Cir. 2000) (citations and internal quotations omitted); See In re Saco

Local Development Corp, 711 F. 2d 441, 444 (1st Cir. 1983) (containing a

comprehensive discussion of finality for the purpose of appeal). Numerous

other decisions overwhelmingly confirm that the order being appealed from

is without doubt a final order. The order being appealed from was dated

July 9th, 2014 by Judge Daniels in the Southern District of New York. The

order was timely appealed on July 23rd, 2014. The court of appeals has

jurisdiction.

## **STATEMENT OF ISSUES PRESENTED**

Why was default judgment not granted? The district court originally
scheduled June 16th, 2014 as the due date for the appellee reply brief. No
response was made by the deadline so on June 19th appellant made a request
for default judgment.  On June 27th, 2014 the court without formal request
from either party and without notifying appellant, decided to extend the
response time for the reply brief and amended the docket report to provide a
new due date of November 6th, 2014. At issue is whether the court erred in
extending for almost five months the response deadline for the reply brief
and whether the court can ignore the rules outlined under Federal Rules of
Appellate Procedure TITLE VII. GENERAL PROVISIONS serving and
filing briefs Rule 31. (a) Time to Serve and File a Brief


Even if the extension was legally permissible, a motion for default judgment
was filed 6/19/2014 but the due date was not changed to November until
6/27/2014, which was 11 days after the original 6/16/2014 due date and 8
days after the motion for default judgment was filed. Appellee had already
defaulted and default judgment should have been granted before the court
changed the date. Appellant was never informed of the date change. At issue
is whether the court can make such changes and whether such changes can

be retroactively valid especially when they were made without formal

request and without the changes being conveyed to appellant.


Debtor's response to the 6/19/2014 motion for default judgment was due

within 10 days (Monday 6/30/2014) but they did not file a response until

7/03/2014 so they had already defaulted. At issue is whether the Judge erred

in apparently relying on the arguments made in the appellee response

because it was submitted after the due date and after the motion for default

judgment should have been granted. The response also seemed to confuse

the due dates for the reply brief with the due dates for the memorandum of

law in support but these are two distinct requirements as described by the

court docket report and conveyed to appellant.


Also at issue is whether the court erred in not certifying the case to the court

of appeals because according to Judge Daniels it does not meet the standards

imposed by 28 U.S.C. § 158 (d)(2)(A).

## STATEMENT OF THE CASE

This case appeals an order from the district court of the southern district of
New York case # 14-cv-3630, denying a motion for certification to the court
of appeals and an order denying default judgment.

Appellant was a victim of the appellees on-going over-billing, illegal
foreclosure attempts and fraudulent business practices. As a result of on-
going fraud appellant subsequently had her livelihood and credit destroyed
and was ultimately forced into bankruptcy in California.  Judge Donovan
presided over the bankruptcy and found fraud on the part of the debtors and
refused to allow them to foreclose. While the bankruptcy was still active, on
May 14, 2012, the debtors also declared bankruptcy in the Southern District
of New York case #12-B-12020 (MG).

On June 4th, 2012 Appellant filed proof of claim for $3 million that has
never been contested and under a December 17th, 2013 settlement agreement
(Article VIII – 2) allowed claims can no longer be contested

On February 16th, 2013, Debtors sold their purported mortgage and servicing
interests in a court approved sale to OCWEN who continue to threaten

4

foreclosure. Appellant is currently in litigation with both OCWEN and Rescap's GMAC division in Los Angeles Superior Court where Judge Goodman has also found fraud by the debtors and refused to allow them to foreclose or sell or transfer any more purported rights or interests.

On March 25th, 2013 debtors recorded a transfer of appellants deed of trust to US Bank for valuable consideration. This transfer and the valuable consideration were apparently not reported to or authorized by the bankruptcy court and occurred six weeks after Debtors had apparently sold their mortgage and servicing interests to OCWEN. Either there was bankruptcy fraud or continued fraud by fabrication of documents. The bankruptcy court was unwilling to address this example of on-going fraud.

On December 17, 2013 a reorganization plan for the debtors was confirmed by the bankruptcy court and became effective with contractually binding terms. These terms include the definition of what an allowed claim is and a provision that allowed claims should be paid on the effective date or as soon as practicable thereafter and within 90 days at most. Appellant's claim was according to the plan definition an allowed claim and has never been contested and under the terms of the settlement agreement can no longer be

5

contested.

On March 7th 2014, after being promised but having not received payment, a motion for payment was made in the bankruptcy court. The Debtors did not respond and should have expected a default judgment against them.

On March 26th 2014, even though the debtors failed to respond by the due date, Judge Glenn asserted an argument on their behalf, ignored the motions arguments and instead of issuing a default judgment, issued an order denying the motion.

On April 9th 2014 a motion to reconsider was filed and introduced newly discovered facts relating to Judge Glenn's relationship with Judge James Peck who had previously worked on the very same case as a mediator before retiring from the bench and joining the law firm of debtors counsel in the very same week that appellants original motion for payment was filed. It was argued that the Judge should have disqualified himself due to the prior relationship as per New York and federal law relating to the question of impartiality. The debtors again did not respond to the motion to reconsider.

6

On April 24th 2014 the motion to reconsider was denied by Judge Glenn who
ignored the arguments and dismissed them as having no merit even though
the arguments were based on the controlling language of the plan, rules of
the court, and federal and state rules, laws and statutes.  The Judge also
argued that a 270 day claims objection deadline applied to the claim while
ignoring valid arguments and the controlling language of the plan that
confirm the objection deadline only applies to timely disputed claims and
not claims deemed by the claims list and language of the plan as allowed on
the effective date.

On April 24th 2014 an appeal was filed with the District Court of the
Southern District of New York case # 14-cv-3630.

On May 20, 2014 the case was docketed and assigned to Judge Andrew
Peck. The relationship between Judge Andrew Peck and Judge James Peck
is unknown but in any event the case was subsequently assigned that same
day to Judge Daniels.

On May 23, 2014 the scheduling order was filed.

On June 2nd, appellant's brief was filed with the district court. This was
entered on the docket report on 6/4/2014 and also listed on the docket report
was a 6/16/2014 due date for the reply brief. (Appendix 1)

On June 5th, 2014, appellant made a motion for certification to the court of
appeals.

On June 19th, 2014, appellant made a motion for default judgment due to
debtors failure to submit a reply brief by the June 16th due date.

Five days past the due date, on June 20th, 2014 debtors filed a belated
memorandum of law in opposition to the appellant motion for certification to
the court of appeals.

On June 26th, 2014 appellant filed a response to the belated memorandum of
law in opposition to the motion for certification to the court of appeals.

On June 27th, 2014 appellant filed an addendum to the response to the
belated memorandum of law in opposition to the motion for certification to
the court of appeals.

8

Also on June 27th, 2014 the docket report was amended in the June 02, 2014

entry line where the motion reply date was extended from June 16, 2014 to

November 6th, 2014. (Appendix 2)


Three days past the Monday 6/30/2014 due date, on July 3, 2014 the debtors

belatedly filed a response to the motion for default judgment and argued that

they had until November 6, 2014 to respond.


On July 8, 2014 Judge Daniels issued an order denying the motion for

certification to the court of appeals because according to him, it did not meet

the standards imposed by 28 U.S.C. 158 (d)(2)(A). The Judge also denied

the motion for default judgment and agreed with appellee's argument that

they have until November 6th, 2014 to submit a response under the amended

scheduling order.


On July 23, 2014 a notice of appeal was filed with court of appeals.


**SUMMARY OF ARGUMENT**

The court erred in not granting the motions for default judgment and

certification for the court of appeals.


9

## ARGUMENT

Judge Daniels erred by not granting default judgment. The debtors failed to
file a response to the motion for default judgment by the due date and even if
their belated response was allowed, their arguments lacked merit. The
Debtors and the Judge argue that they have until November 6th, 2014 to
respond to a brief filed on June 2, 2014 but this contradicts the original
docket report (Appendix 1) that lists June 16th, 2014 as the due date. There
was no formal request by either party to extend the response deadline to
November 6th, 2014 and such a long extension may not be lawfully granted
without violating the Federal Rules of Appellate Procedure TITLE VII.
GENERAL PROVISIONS Serving and Filing Briefs Rule 31. (a) Time to
Serve and File a Brief, "*The appellant must serve and file a brief within 40
days after the record is filed. The appellee must serve and file a brief within
30 days after the appellant's brief is served.*" Judge Daniels therefore erred
in allowing an extension of almost five months.

Furthermore it must be noted that the apparently un-requested date change
for the reply brief due date on the docket report, as listed on the amended
docket report, (Appendix 2) occurred on June 27th, 2014. This is eleven days

after the reply should have been received and eight days after the motion for

default judgment had been filed. The court erred in changing the deadlines

after they had already been missed and after default judgment should have

already been granted. The court failed to inform movant of the date change

and the court is not empowered to act retroactively in applying or changing

deadlines nor is it empowered to ignore the provisions under Title VII. If

Judge's in district court are allowed to change response dates at will, it will

wreak havoc and confusion on the judicial system and leave the courts open

to a mountain of new litigation because everything will be plunged into a

grey area. If for example a fine had to be paid in 30 days, would the court

still find 31 or 41 days to be acceptable? Clearly the due dates are in place to

keep structure and order and they should be abided by not only for fairness

and justness but also to avoid chaos in the judicial system.


Because the Debtors failed to comply with the original scheduling order and

failed to file their reply brief within 30 days as per the rules outlined in Title

VII, default judgment was appropriate and should have been granted

especially as their default occurred prior to the court changing the due date.

Even if the appellee did have until November 6th to file the reply brief, they

still only had 10 days to respond to the motion for default judgment.

Motions like for example motions for summary judgment are routinely made

even though other deadlines related to the case exist at a future time but a

timely response must still be filed because failure to contest a motion is

tantamount to conceding to its arguments.


Under TITLE VII Rule. 27, any party may file a response to a motion; Rule

27(a)(2) governs its contents. The response must be filed within 10 days

after service of the motion unless the court shortens or extends the time.  The

time to respond to the new motion, and to reply to that response, are

governed by Rule 27 (a)(3)(A) and (a)(4). Because appellee failed to

respond on time, the motion should be regarded as uncontested and default

judgment is appropriate.


It is well established that a failure to respond to a motion is usually viewed

as consenting to it and also a waiver of future defenses See Local Civil Rule

55.2 and Federal Rule of Civil Procedure 12 –The failure to file an answer or

respond within the time specified in this rule shall constitute a waiver of the

right thereafter to file an answer or respond, except upon a showing of

excusable neglect. Due to defendants failure to respond as the law requires, a default judgment will be entered against defendant. The failure to respond or responding late, not based upon excusable neglect, is a waiver by defendant and is a fatal defect in their defense and judgment will be granted to Plaintiffs as a matter of law. Local Rule 15(k) Middle District of North Carolina holds: The failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. Further, "if a respondent fails to file a response within the time required by this rule, the Motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice".

In Cabassa v. Smith et al, 9:08cv480, it was stated "to clearly advise pro se litigants of their obligations in responding to such motion and the result of their failure to do so. Id.; see N.D.N.Y.L.R. 56.2. Thus, it is clear that plaintiff was sufficiently apprised ... ... 7.1(b)(3), which provides that, absent a showing of good cause, failure to respond to a motion shall be deemed consent to the relief ... Also *See* J.P.M.L. Rules of Procedure 6.1(c) ("Failure to respond to a motion shall be treated as that party's acquiescence to it.").

Again in Case 9:03-cv-01256-LES-GJD Document 69 Filed 12/09/2005

"Failure to respond to Defendants' motion may result in the court granting

the motion, in which there will not be a trial. See N.D.N.Y.L.R. 7.1(b)(3)

("Where a properly filed motion is unopposed and the court determines that

the moving party has met its burden demonstrating entitlement to the relief

requested therein, failure by the non-moving party to file or serve any papers

as required by this Rule shall be deemed by the court as consent to the

granting or denial of the motion, as the case my be, unless good cause is

shown.").Dated: Albany, New York December 8, 2005 ELIOT SPITZER

Attorney General of the State of New York.


It is well-settled that a non-movant's failure to respond to a motion, as

mandated by Local Rule 56.1(b), permits the court to admit any material fact

listed in Plaintiffs' Rule 56.1 Statement "unless specifically controverted by

a correspondingly numbered paragraph in the statement required to be

served by the opposing party." *O'Keefe v. Arbon Equip. Corp.*, 399 F. Supp.

2d 478, 482 (S.D.N.Y. 2005) quoting Local Rule 56.1(c).


The Federal Rules of Civil Procedure TITLE VII. Rule 55. states "When a

party against whom a judgment for affirmative relief is sought has failed to

plead or otherwise defend, and that failure is shown by affidavit or

otherwise, the clerk **must enter the party's default**.


Under FED. R. CIV. P. 12(h)(1)(B) (a party waives certain defenses, by

"failing to either: (i) make it by motion under this rule; or (ii) include it in a

responsive pleading").


Appellant Silver should have been entitled to a Default Judgment in favor of

the motion for theses reasons and also under N.Y. CVP. LAW § 3215 : NY

Code - Section 3215:


The Judge also erred in not certifying the case for the court of appeals

because according to him it does not meet the standards imposed by 28

U.S.C. 158 (D)(2)(A) but he fails to explain why it does not meet these

standards. Appellant is 89 years old, in need of surgery and under constant

financial and emotional duress due to on-going fraud, litigation, threat of

illegal foreclosure and the refusal of the debtors to abide by the terms of the

settlement agreement The time frames in the court of appeals are much

quicker than the time frames Judge Daniels sets and for these very reasons

the case would have been materially advanced by being certified to the court
of appeals and therefore qualifies under U.S.C. 158 (D)(2)(A). In any event
certification to the court of appeals is moot if default judgment is granted
which for the numerous reasons, statutes, rules and laws cited in this brief,
quite clearly it should be.


## CONCLUSSION

Apellant's arguments are well found and are based on the agreed upon,
voted on and confirmed terms of the settlement agreement as well as
applicable federal and state rules, laws and statutes. Appellee has failed to
file a single timely response and as discussed a late response is as good as no
response and should be treated as a waiver of defenses and consent to
requested relief.


Appellant prays that the Court of Appeals will grant default judgment
against the debtors and award her allowed claim of $3,000,000.00 plus New
York statutory interest from December 17th, 2013 until the claim is finally
paid. If the court is for some reason not inclined to grant default judgment,
appellant respectfully requests that her motion for certification to the court
of appeals is granted.

16

Respectfully,

Francine Silver

# APPENDIX 1



Numbers: 12-B-12020 (MG). Certified copies of file received.Document Copy to file received.Document filed by Francine Silver. Appellant Brief due by 6/3/2014.(bkar) (Entered: 05/20/2014)

| 05/20/2014 | 2 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellant Francine Silver. (bkar) (Entered: 05/20/2014) |
| 05/20/2014 | 3 | COUNTER DESIGNATION OF BANKRUPTCY RECORD ON APPEAL Document filed by Appellee ResCap Borrower Claims Trust. (bkar) (Entered: 05/20/2014) |
| 05/20/2014 | 4 | REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Francine Silver.(bkar) (Entered: 05/20/2014) |
| 05/20/2014 | | Magistrate Judge Andrew J. Peck is so designated. (bkar) (Entered: 05/20/2014) |
| 05/20/2014 | | Case Designated ECF. (bkar) (Entered: 05/20/2014) |
| 05/23/2014 | 5 | SCHEDULING ORDER: An appeal of an Order of the Bankruptcy Court of the Southern District of New York having been filed and both appellant and appellee having submitted their designation of record on appeal, it is hereby, ORDERED, that appellant's memorandum of law in support of its appeal shall be submitted by August 7, 2014 appellees' opposition shall be submitted by November 6, 2014, and appellant's reply shall be submitted by February 5, 2015. IT IS FURTHER ORDERED that when filing any papers with the Court, the parties shall provide one courtesy copy to United States Courthouse, 40 Centre Street, Rm 410, New York, New York 10007. (Signed by Judge George B. Daniels on 5/22/2014) (mro) (Entered: 05/23/2014) |
| 06/02/2014 | 6 | Appellant's BRIEF. Document filed by Francine Silver. Appellee Brief due by 6/16/2014. (sac) (Entered: 06/04/2014) |
| 06/05/2014 | 7 | AFFIRMATION OF SERVICE of Appeals Brief served on Norman Rosenbaum, Morrison & Foerster, 1290 Ave. of the Americas, New York, NY 10140 on 6/2/14. Service was made by Mail. Document filed by.Francine Silver. (sc) (Entered: 06/06/2014) |
| 06/05/2014 | 8 | MOTION FOR CASE 14CV3630(GBD) TO BE CERTIFIED FOR APPEAL TO THE COURT OF APPEALS. Document filed by Francine Silver.(sc) (Entered: 06/06/2014) |

| PACER Service Center | | |
| --- | --- | --- |
| **Transaction Receipt** | | |
| 06/09/2014 13:12:17 | | |
| PACER Login: frs9710 | Client Code: | |
| Description: Docket Report | Search Criteria: | 1:14-cv-03630-GBD |
| Billable Pages: 2 | Cost: | 0.20 |

## APPENDIX 2



| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/2014 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Order of Judge Martin Glenn dated March 26, 2014. Bankruptcy Court Case Numbers: 12-B-12020 (MG). Certified copies of file received.Document filed by Francine Silver. Appellant Brief due by 6/3/2014.(bkar) (Entered: 05/20/2014) |
| 05/20/2014 | 2 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellant Francine Silver. (bkar) (Entered: 05/20/2014) |
| 05/20/2014 | 3 | COUNTER DESIGNATION OF BANKRUPTCY RECORD ON APPEAL Document filed by Appellee ResCap Borrower Claims Trust. (bkar) (Entered: 05/20/2014) |
| 05/20/2014 | 4 | REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Francine Silver.(bkar) (Entered: 05/20/2014) |
| 05/20/2014 | | Magistrate Judge Andrew J. Peck is so designated. (bkar) (Entered: 05/20/2014) |
| 05/20/2014 | | Case Designated ECF. (bkar) (Entered: 05/20/2014) |
| 05/23/2014 | 5 | SCHEDULING ORDER: An appeal of an Order of the Bankruptcy Court of the Southern District of New York having been filed and both appellant and appellee having submitted their designation of record on appeal, it is hereby, ORDERED, that appellant's memorandum of law in support of its appeal shall be submitted by August 7, 2014 appellees' opposition shall be submitted by November 6, 2014, and appellant's reply shall be submitted by February 5, 2015. IT IS FURTHER ORDERED that when filing any papers with the Court, the parties shall provide one courtesy copy to United States Courthouse, 40 Centre Street, Rm 410, New York, New York 10007. (Signed by Judge George B. Daniels on 5/22/2014) (mro) (Entered: 05/23/2014) |
| 06/02/2014 | 6 | Appellant's BRIEF. Document filed by Francine Silver, Appellee Brief due by 11/6/2014. (sac) Modified on 6/27/2014 (sac). (Entered: 06/04/2014) |
| 06/05/2014 | 7 | AFFIRMATION OF SERVICE of Appeals Brief served on Norman Rosenbaum, Morrison & Foerster, 1290 Ave. of the Americas, New York, NY 10140 on 6/2/14. Service was made by Mail. Document filed by Francine Silver. (sc) (Entered: 06/06/2014) |
| 06/05/2014 | 8 | MOTION FOR CASE 14CV3630(GBD) TO BE CERTIFIED FOR APPEAL TO THE COURT OF APPEALS. Document filed by Francine Silver.(sc) (Entered: 06/06/2014) |
| 06/19/2014 | 9 | MOTION FOR A DEFAULT JUDGMENT BY FRANCINE SILVER as to the debtors in this action. Document filed by Francine Silver.(sc) (Entered: 06/20/2014) |
| 06/20/2014 | 10 | MEMORANDUM OF LAW in Opposition re: 8 MOTION for Certificate of Appealability. . Document filed by ResCap Borrower Claims Trust. (Rosenbaum, Norman) (Entered: 06/20/2014) |

Case 14-2664, Document 13, 09/04/2014, 1313611, Page23 of 24

## CERTIFICATE OF COMPLIANCE

I certify that the appeal brief for case #14-2664 Francine Silver v. Rescap
Borrower Claims Trust has 3,330 words and 392 lines.

Francine Silver

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

FRANCINE SILVER v.

RESCAP BORROWER
CLAIMS TRUST

**CERTIFICATE OF SERVICE**
Docket Number: 142-664

I, MARCUS SILVER, hereby certify under penalty of perjury that on
September 2nd, 2014, I served a copy of THE APPEALS BRIEF
(date)                                                      (name)

(list all documents)

by (select all applicable)*

☑ United States Mail
☐ Federal Express
☐ Overnight Mail
☐ Facsimile
☐ E-mail
☐ Hand delivery

on the following parties (complete all information and add additional pages as necessary):

| JORDON A. WISHNEW, MORRISON & FOERSTER LLP | 250 W.55th St. | N.Y. N.Y. | | | 10019 |
|---|---|---|---|---|---|
| Name | Address | City | State | Zip Code | |
| Name | Address | City | State | Zip Code | |
| Name | Address | City | State | Zip Code | |
| Name | Address | City | State | Zip Code | |

9/2/14
Today's Date

Signature

*If different methods of service have been used on different parties, please indicate on a separate
page, the type of service used for each respective party.

Certificate of Service Form