# Exhibit 30

**Borrower Trust Combined Response to Default Judgment Motion and Motion to Dismiss**

**UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**
Thurgood Marshall U.S. Courthouse   40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

**MOTION INFORMATION STATEMENT**

**Docket Number(s):** 14-2664

**Caption [use short title]**

**Motion for:** Dismissal of Appeal

In re Residential Capital, LLC, Debtor.

Francine M. Silver, Appellant

v.

Set forth below precise, complete statement of relief sought:

Appellee seeks dismissal of Appellant's appeal for lack of jurisdiction; or, alternatively, denial of Appellant's request for entry of default judgment.

The ResCap Borrower Claims Trust, Appellee.

**MOVING PARTY:** ResCap Borrower Claims Trust     **OPPOSING PARTY:** Francine M. Silver

☐ Plaintiff  ☐ Defendant
☐ Appellant/Petitioner  ☑ Appellee/Respondent

**MOVING ATTORNEY:** Jordan A. Wishnew     **OPPOSING ATTORNEY:** N/A
[name of attorney, with firm, address, phone number and e-mail]

Morrison & Foerster LLP

250 West 55th Street, New York, NY 10019

Tel: (212) 468-8000; Email: JWishnew@mofo.com

**Court-Judge/Agency appealed from:** Judge George B. Daniels / U.S. District Court for the Southern District of New York

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☐ Yes ☑ No (explain): Appellant is appearing pro se.

Opposing counsel's position on motion:
☐ Unopposed ☐ Opposed ☑ Don't Know
Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUNCTIONS PENDING APPEAL:**
Has request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this Court? ☐ Yes ☐ No
Requested return date and explanation of emergency: 

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No   If yes, enter date:

**Signature of Moving Attorney:**
s/ Jordan A. Wishnew   **Date:** 11/17/2014   **Service by:** ☐ CM/ECF ☑ Other [Attach proof of service]

**Form T-1080** (rev. 12-13)

# No. 14-2664

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

IN RE: RESIDENTIAL CAPITAL, LLC

*Debtor.*

FRANCINE M. SILVER

*Appellant,*

v.

THE RESCAP BORROWER CLAIMS TRUST,

*Appellee.*

**APPELLEE THE RESCAP BORROWER CLAIMS TRUST'S COMBINED MOTION TO DISMISS APPEAL AND RESPONSE TO APPELLANT'S MOTION FOR ENTRY OF DEFAULT JUDGMENT**

Appellee The ResCap Borrower Claims Trust (the "Borrower Trust") respectfully requests that the Court dismiss this appeal by Appellant Francine M. Silver ("Silver") and, in any event, that it deny Silver's motion for entry of default judgment in this Court.

## INTRODUCTION

After the effective date of the joint chapter 11 plan filed in the bankruptcy cases (the "Chapter 11 Cases") of debtor Residential Capital, LLC and its affiliated debtors and debtors in possession (collectively, the "Debtors"), Silver moved in the bankruptcy court for immediate payment on the claim she filed in the Chapter 11 Cases. The bankruptcy court denied Silver's motion for immediate payment and her motion for reconsideration but otherwise did not resolve Silver's claim. Although the bankruptcy court's orders were interlocutory, Silver nevertheless appealed to the district court. Pursuant to the district court's scheduling order, the Borrower Trust was required to file a response by November 6, 2014. But because the Borrower Trust had not responded in June 2014, when Silver mistakenly thought the Borrower Trust's response was due, Silver filed a motion for default judgment asserting that the Borrower Trust had defaulted by failing to file a timely response. The district court denied that motion in an interlocutory order. Silver then filed the present appeal of that decision with this Court.

The merits of these denials, however, are not at issue in this appeal. What is at issue is the finality of the district court's and bankruptcy court's orders under 28 U.S.C. § 158(a)(1), and thus their appealability to this Court. Section 158(a)(1) of title 28 of the U.S. Code provides that "district courts of the United States shall

2

have jurisdiction to hear appeals (1) from *final* judgments, orders, and decrees." 28 U.S.C. § 158(a)(1) (emphasis added).

Neither of the bankruptcy court's orders were final orders resolving all of the issues pertaining to the allowance of Silver's proof of claim. The bankruptcy court expressly stated in its opinion that "[b]ecause [Silver's] Claim *is still subject to objection* and has not been deemed allowed, Silver is not presently entitled to any distribution" (emphasis added), leaving open the possibility of further proceedings with respect to Silver's filed claim in the ongoing Chapter 11 Cases. *See* Order Denying Motion of Francine Silver for Payment of Claim #61, *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG), Docket No. 6706 (Bankr. S.D.N.Y. Mar. 26, 2014). Hence, this bankruptcy court order and its order denying reconsideration of Silver's motion were interlocutory and non-appealable.

In addition, the district court's order denying Silver's motion for default judgment was not a final order under 28 U.S.C. § 158(a)(1). The order only determined that her request for default judgment was without merit and failed to follow the specific provisions of the district court's scheduling order.

Silver nevertheless appealed the district court's interlocutory denial of her motion for entry of default judgment. Silver also has filed a separate motion for entry of default judgment in this Court.

3

This Court should dismiss Silver's appeal for lack of jurisdiction. In the alternative, as discussed herein, the Court should deny Silver's motion for default judgment on account of the Borrower Trust's not filing a response to her Court of Appeals brief to date, as the request is without merit.

## BACKGROUND

The Debtors' Chapter 11 Cases, commenced on May 14, 2012, are still pending before the bankruptcy court. On June 4, 2012, Silver filed a $3 million proof of claim as a general unsecured claim against Debtor Residential Capital, LLC, designated as Claim No. 61 (the "Claim"), citing "Mortgage litigation, fraud, [and] unjust enrichment" as grounds for the Claim.

Pursuant to the bankruptcy court's entry of an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (Case No. 12-12020 (MG), Docket No. 6065) (the "Confirmation Order"), the confirmed plan (the "Plan") went effective on December 17, 2013 (Case No. 12-12020 (MG), Docket No. 6137) (the "Effective Date"). Following the Effective Date, the ResCap Liquidating Trust and Borrower Trust,[1] established under the Plan as successors to the Debtors, assumed the Debtors' obligation to reconcile claims filed against the estates.

---

[1] The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed Borrower Claims to the extent such claims are ultimately allowed either through settlement by the

4

As of the Plan's Effective Date, neither the Debtors nor the Borrower Trust had filed an objection to the Claim.

The Plan and Confirmation Order provided that the Borrower Trust and ResCap Liquidating Trust had until September 15, 2014 to file objections to claims. On the Liquidating Trust's motion, the bankruptcy court extended the claims objection deadline for both the Liquidating Trust and the Borrower Trust until June 15, 2015. (Case No. 12-12020 (MG) Docket No. 7445) (the "Claims Objection Order").[2]

On March 7, 2014, Silver filed the *Pro Se Motion by Francine Silver for Payment of Claim #61* (Case No. 12-12020 (MG), Docket Nos. 6639, 6690) (the "Motion for Payment") seeking immediate payment from the Borrower Trust on account of her Claim. Silver asserted she was entitled to immediate payment because the Debtors had not objected to her Claim before the Effective Date. On March 26, 2014, the bankruptcy court denied the Motion for Payment (Case No. 12-12020 (MG), Docket No. 6706). The bankruptcy court correctly denied that

---

Trustee for the Borrower Trust or pursuant to an Order of the Bankruptcy Court. *See* Plan, Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims." *See id.*

[2] Silver did not object to the motion seeking an extension of the Claims Objection Deadline.

5

motion because "[a]lthough the Debtors did not object to Silver's claim before the Court issued the Confirmation Order, the objection deadline has not passed." *See* Order Denying Motion of Francine Silver for Payment of Claim #61, *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG), Docket No. 6706 at 2 (Bankr. S.D.N.Y. Mar. 26, 2014). "Therefore, the Borrower Claims Trust, the Debtors' successor-in-interest established 'for the benefit of Allowed Borrower Claims,' may still object to her claim." *Id.* The bankruptcy court emphasized that it had not entered an order resolving Silver's claim: "Though Silver contends otherwise, her claim has not been deemed allowed." *Id.*

The bankruptcy court also denied Silver's motion for reconsideration (Case No. 12-12020 (MG), Docket No. 6818) (together with Docket No. 6706, the "Orders").

On April 24, 2014, Silver filed a notice of appeal of the Orders to the district court (Case No. 14-cv-03630-GBD, Docket No. 1; Case No. 12-12020 (MG), Docket No. 6820) (the "Appeal").

On May 23, 2014, the district court entered a scheduling order for the Appeal setting deadlines by which the Appellant and the Borrower Trust were required to submit their respective memoranda of law regarding the Appeal (Case No. 14-cv-03630-GBD, Docket No. 5) (the "Scheduling Order"). On June 2, 2014, Silver filed her memorandum in the district court (Case No. 14-cv-03630-GBD,

6

Docket No. 6). The Scheduling Order gave the Borrower Trust until November 6, 2014 to file its opposing memorandum. In its opposing memorandum, the Borrower Trust argued, among other things, that Silver's appeal of the bankruptcy court orders was improper because the orders are interlocutory.

On June 5, 2014, Silver filed a motion with the district court seeking to certify the Appeal to this Court (Case No. 14-cv-03630-GBD, Docket No. 8).

On June 19, 2014—over four months before the Borrower Trust's memorandum was due—Silver filed a Motion for Default Judgment (Case No. 14-cv-03630-GBD, Docket No. 9) (the "Default Motion"), asserting that the Debtors failed to timely file their memorandum of law in the district court.[3]

On July 9, 2014, the district court denied both the Default Motion and Silver's motion seeking direct certification of the Appeal (Case No. 14-cv-03630-GBD, Docket No. 17).

On July 23, 2014, Silver filed a notice of appeal of the district court's denial of the Default Motion (Case No. 14-cv-03630-GBD, Docket No. 18). Silver filed her opening brief in this Court on September 4, 2014. On November 7, 2014, she filed a motion for "default judgment" in this Court, claiming that the Borrower Trust failed timely to respond to her appellate brief.

---

[3] The Borrower Trust ultimately filed its memorandum within the allowed time period. *See ResCap Borrower Claims Trust's Memorandum of Law in Opposition to Francine Silver's Appeal Pursuant to Bankruptcy Rules 8001 and 8003 and 28 U.S.C. §158(a)*, Case No. 14-cv-3630 (GBD), Docket No. 21.

7

## ARGUMENT

I. **THIS COURT LACKS JURISDICTION OVER THE DISTRICT COURT'S OR BANKRUPTCY COURT'S INTERLOCUTORY ORDERS**

This Court lacks jurisdiction over Silver's appeal because neither the district court's order nor either of the bankruptcy court's orders was a final order. The district court merely denied a motion for default judgment; it did not enter a final judgment. Even the district court lacked jurisdiction over Silver's appeal of the bankruptcy court's orders, because the bankruptcy court's orders themselves were not final.

A. **The District Court's Order Is Interlocutory And Cannot Be Appealed At This Time**

The district court's denial of Silver's motion for default judgment is not appealable because it does not fit within any of the statutory bases for appellate jurisdiction. This Court has jurisdiction of appeals from "final decisions of the district court[]." 28 U.S.C. § 1291. This Court also has jurisdiction over interlocutory orders "granting, continuing, modifying, refusing or dissolving injunctions, or refusing to dissolve or modify injunctions." 28 U.S.C. § 1292(a)(1). Jurisdiction also may be had in this Court if the district court issues a certification under 28 U.S.C. § 1292(b) and this Court permits an appeal to be taken.

8

None of those statutory provisions applies to the district court's interlocutory order denying Silver's motion for default judgment. "An order denying default judgment is not appealable because it is neither a final order, nor an interlocutory order that [this Court is] permitted to review under § 1292(a)." *Hammer v. Dimaio*, 29 F. App'x 738, 739 (2d Cir. 2002) (summary order).

The district court's order simply overruled Silver's misunderstanding of the timeframe in which the Borrower Trust had to respond to her appeal in the district court, and directed the parties to review the Scheduling Order for the applicable deadlines for filing documents in the Appeal. This order did not address the merits of the matter before the district court, let alone make a determination as to the merits on a final basis. The district court's denial of Silver's motion for default judgment means the same thing here that it does in any other kind of case: the case goes forward in the district court. Accordingly, given the interlocutory nature of this order, this Court should dismiss Silver's appeal to this Court for lack of jurisdiction for this reason alone.

**B.    This Court Also Lacks Jurisdiction Because The District Court Lacked Jurisdiction Over The Bankruptcy Court's Non-Final Orders**

This Court lacks jurisdiction over Silver's appeal for a second, independent reason:  the district court lacked jurisdiction over Silver's appeals of the

9

bankruptcy court's interlocutory orders. Because the district court lacked jurisdiction, this Court does as well.

District courts "have jurisdiction to hear appeals . . . from *final* judgments, orders, and decrees" of the bankruptcy court. 28 U.S.C. § 158(a)(1) (emphasis added). "A bankruptcy judge's order is final if it 'completely resolve[s] all of the issues pertaining to a discrete claim, including issues as to the proper relief.'" *Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.)*, 101 F.3d 882, 885 (2d Cir. 1996) (quoting *Dicola v. American S.S. Owners Mut. Prot. & Indem. Assoc. (In re Prudential Lines, Inc.)*, 59 F.3d 327, 331 (2d Cir. 1995)); *see also LTV Steel Co. v. United Mine Workers of Am. (In re Chateaugay Corp.)*, 922 F.2d 86, 90 (2d Cir. 1990) ("Orders in bankruptcy cases may be immediately appealed if they resolve discrete disputes within the larger case."). "With respect to a meritorious claim for damages, the dispute is not completely resolved until the bankruptcy court determines the amount of damages to be awarded." *Shimer v. Fugazy Express, Inc. (In re Fugazy Express, Inc.)*, 982 F.2d 769, 776 (2d Cir. 1992); *see also In re Lyondell Chem. Co.*, No. 11-MC-387 (JPO), 2012 WL 163192, at *3 (S.D.N.Y. Jan. 18, 2012) (finding an appeal of a judgment that allowed an objection to be filed to the treatment of an administrative expense claim pursuant to the confirmation order was not an appeal of a final judgment because the judgment did not finally dispose of an entire claim or address the merits of the

10

claim, only a procedural misstep, and expressly contemplated further proceedings on appellants' claims).

If the order below "envisions further proceedings in the bankruptcy court to determine the rights of the parties," then the claim has not been finally adjudicated, and an appeal is improper. *LTV Corp. v. Farragher (In re Chateaugay Corp.)*, 838 F.2d 59, 62 (2d Cir. 1988); *see also Pegasus*, 101 F.3d at 885. Although this Court has "acknowledged that a flexible approach to finality may apply to bankruptcy proceedings, 'even that flexibility is limited by the requirement that there be a final decision on the discrete issue at bar.'" *In re Chateaugay*, 838 F.2d at 61 (quoting *Stable Mews Assocs. v. Togut (In re Stable Mews Assocs.)*, 778 F.2d 121, 122 (2d Cir.1985)).

Shortly following the Effective Date, Silver moved for immediate payment on the Claim, asserting that the Claim was automatically deemed "allowed" because it had not been the subject of a substantive claims objection by the Debtors. *See generally*, Motion for Payment. The bankruptcy court's orders correctly denied Silver's request for immediate payment, but did not completely resolve all of the issues pertaining to the allowance of Silver's claim. The bankruptcy court resolved only whether Silver is entitled to immediate payment on her Claim. The bankruptcy court did not resolve <u>with any finality</u> the merits or allowance of the Claim in the Chapter 11 Cases.

11

12-12020-mg    Doc 8019-49    Filed 01/22/15    Entered 01/22/15 18:14:28    Exhibit 30
Pg 14 of 17
Case 14-2884, Document 30, 11/17/2014, 1371737, Page13 of 16

In fact, the bankruptcy court expressly stated in its opinion that its denial of Silver's motion is not a final order: "[b]ecause [Silver's] Claim *is still subject to objection* and has *not* been deemed allowed, Silver is not presently entitled to any distribution." Order Denying Motion of Francine Silver for Payment of Claim #61, *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG), Docket No. 6706 (Bankr. S.D.N.Y. Mar. 26, 2014) (emphasis added). The bankruptcy court thus explicitly contemplated the possibility of further proceedings with respect to Silver's filed claim in the ongoing Chapter 11 Cases. Further, a correct reading of the applicable provisions of the confirmed Plan expressly notes that with respect to certain filed claims, the claims reconciliation process will continue past the Effective Date. Silver's Claim falls into this category. Because the bankruptcy court explicitly envisioned further proceedings on the very issue that Silver appeals to the district court, the bankruptcy court's orders denying immediate payment on the Claim and reconsideration of said order are interlocutory and non-appealable. *Cf. In re Chateaugay*, 838 F.2d at 62 ("Here, the district court's opinion is replete with expressions of non-finality, [and] contemplates significant further proceedings in the bankruptcy court . . . ."). Indeed, the Claim has yet to be deemed "allowed" or be the subject of an objection in the ongoing Chapter 11 Cases before the bankruptcy court.

12

Thus, when viewed properly in the context of the Chapter 11 Cases, the bankruptcy court's orders are interlocutory. The district court therefore lacks jurisdiction over the appeals of the bankruptcy court's orders, and accordingly this Court lacks jurisdiction as well. *In re Stable Mews Assocs.*, 778 F.2d 121, 122 (2d Cir. 1985) (ruling that the court of appeals' appellate jurisdiction under section 158(d) was confined to review of final decisions of the bankruptcy court).

## II.  IN ANY EVENT, SILVER'S MOTION FOR DEFAULT JUDGMENT SHOULD BE DENIED

Silver's motion for default judgment in this Court should be denied as moot because, for all the reasons stated above, this Court lacks jurisdiction over Silver's appeal.

In any event, it should be denied as procedurally improper. There is no procedure in the Federal Rules of Appellate Procedure or in this Court's Rules for entry of default judgment. This Court's Rules provide only that the Court may take "appropriate action" if it concludes that a brief was untimely. *See* Local Rule 31.2(d). Appropriate action does not include automatically reversing the district court's ruling without even considering the merits of that ruling. *See* Fed. R. App. P. 31(c). As discussed above, there is no jurisdiction to overturn the district's order because that order is interlocutory, not final.[4] And in any event, the district

---

[4]   If this motion to dismiss the appeal is denied for any reason, the Borrower Trust respectfully requests leave to submit a scheduling request under Local

13

court's denial of Silver's motion for default judgment was correct because the Borrower Trust complied with the district court's scheduling order.

## CONCLUSION

The appeal of the district court's interlocutory order denying Silver's motion for default judgment should be dismissed, and Silver's motion for default judgment before this Court should be denied.

Respectfully submitted,

Dated: November 17, 2014

/s/ Jordan A. Wishnew
JORDAN A. WISHNEW
MERYL L. ROTHCHILD
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY, 10019
Tel.: (212) 468-8000
Fax: (212) 468-7900

*Counsel for Appellee
The ResCap Borrower Claims Trust*

---

Rule 31.2(a)(1)(B). In the meantime, because this motion is a dispositive motion, it tolls the time for filing a brief until the motion is determined. *See* Local Rule 31.2(a)(3).

14

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system on November 17, 2014.

I, Jordan A. Wishnew, hereby certify that on Monday, November 17, 2014, I caused a true and correct copy of Appellee The ResCap Borrower Claims Trust's Combined Motion to Dismiss Appeal and Response to Appellant's Motion for Entry of Default Judgment, dated November 17, 2014, to be served upon Appellant Francine M. Silver by depositing the same in a properly addressed wrapper into the custody of an authorized UPS overnight delivery service prior to the latest time for overnight delivery.

Dated:  November 17, 2014        By:  /s/ Jordan A. Wishnew