## Exhibit 31

**Silver Opposition to Borrower Trust's Motion to Dismiss**

Francine Silver
8613 Franklin Ave, Los Angeles CA 90069

---

In Re: Residential Capital, LLC,

**Response to Motion for dismissal**

Docket Number 142664

Debtor

*************************************************
***

Francine Silver

Appellant,

v.

Rescap Borrower Claims Trust,

Appellee

---

Appellee through a "combined motion to dismiss and response to request for default judgment" seeks to have the court dismiss the appeal or else deny the motion for default judgment. In responding, Appellant would like to yet again remind appellee of motion response times. As per the Federal Rules of Appellate Procedure TITLE VII. GENERAL PROVISIONS 27(a)(2), the response must be filed within 10 days after <u>service</u> of the motion  In the case at hand the service date of appellant brief occurred on November 4th, 2014. Accordingly any response should have been filed by no later than November 14th, 2014.  Appellee however did not file a response until November 17th, 2014.  The response part of the appellee combined motion and response was at least 3 days too late and as a consequence, there is no need to even consider the arguments and they should be entirely ignored! Even if the response was timely, every issue raised has already been addressed and argued in appellants previous briefs and motions. As will be discussed, the appellee's failure to make a timely response to appellants arguments is tantamount to consenting and conceding to the merit of the arguments and requested relief. The appellee's failure to file a timely response to the appellant's Motion for Default Judgment means the motion must be regarded as uncontested and granted in Appellant's favor. Appellee's late filed and unsubstantiated motion for dismissal will then be moot

1

Appelle requests the court to deny default judgment but their untimely response lacks merit. When a motion goes uncontested, default judgment is appropriate. Under TITLE VII Rule. 27, any party may file a response to a motion; Rule 27(a)(2) governs its contents. The response must be filed within 10 days after service of the motion.  The time to respond to the new motion, and to reply to that response, are governed by Rule 27 (a)(3)(A) and (a)(4).  It is very well established that a failure to respond to a motion is usually viewed as consenting to it and also a waiver of future defenses See Local Civil Rule 55.2 and Federal Rule of Civil Procedure 12 –**The failure to file an answer or respond within the time specified in this rule shall constitute a waiver of the right thereafter to file an answer or respond, except upon a showing of excusable neglect.** Due to Appellee's failure to respond or show excusable neglect as the law requires, a default judgment should be entered. **The failure to respond or responding late, not based upon excusable neglect, is a waiver by defendant and is a fatal defect in their defense and judgment will be granted to Plaintiffs as a matter of law**. Local Rule 15(k) Middle District of North Carolina holds: The failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response,

2

except upon a showing of excusable neglect. Further, "if a respondent fails to file a response within the time required by this rule, the Motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice".   Also *See* J.P.M.L. Rules of Procedure 6.1(c) ("Failure to respond to a motion shall be treated as that party's acquiescence to it.").and  N.D.N.Y.L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the court determines that the moving party has met its burden demonstrating entitlement to the relief requested therein, **failure by the non-moving party to file or serve any papers as required by this Rule shall be deemed by the court as consent to the granting or denial of the motion**, as the case my be, unless good cause is shown.").Dated: Albany, New York December 8, 2005 ELIOT SPITZER Attorney General of the State of New York.  Also see N.Y. CVP. LAW § 3215 : NY Code - Section 3215 and: The Federal Rules of Civil Procedure TITLE VII. Rule 55. states  "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, **the clerk must enter the party's default**.

Appellee argues "at issue is the finality of the district court's and bankruptcy court's orders under 28 U.S.C. § 158(a)(1)," however appellee

is mistaken. The finality of the order is no longer an issue because when appellee failed to respond to appellants brief and motion for default judgment, they conceded to appellants well cited and referenced arguments that the order was a final order and it is now too late to revisit that same issue, accordingly the motion to dismiss is based on arguments that should have been made months ago and are now late, fatally defective and devoid of any merit. Appellee waived the right to assert these arguments when they failed to respond in the lower courts. The motion to dismiss must be denied and the appellants unopposed request for default judgment should be granted.

Even if the orders were interlocutory, which clearly they are not, the court of appeals still has discretion to hear the case. *See appendix 1, the Consumer Protection act of 2005 citing the relaxed standards for direct appeal from bankruptcy court and JURIDICTIONAL STATUTE (28 U.S.C. 158). Also see LTV Steel Co. v. United Mine Workers of Am. (In re Chateaugay Corp.)*, 922 F.2d 86, 90 (2d Cir. 1990) ("Orders in bankruptcy cases may be immediately appealed if they resolve discrete disputes within the larger case.") such as in this case.

4

The district court and this court have appropriate jurisdiction as previously argued and conceded to by appellee's failure to respond and the orders are final due not only to their nature but also due to the appellees failure to respond to the arguments made by appellant that established their finality. There are also other issues raised aside from the interlocutory or final status of lower court orders that firmly establish that the Court of Appeals is the correct venue and has jurisdiction. These issues include the question of Bankruptcy court Judge Glenn's impartiality and whether he should have recused himself due to his relationship with former Judge Peck who helped mediate the bankruptcy case before retiring from the bench to join the debtor/apellee's law firm while the case is still active. Another issue is whether the District Court erred in modifying the brief response deadline after the appellee had already failed to respond and defaulted and after a request for default judgment had already been filed. Also whether the District court could ignore motion response times outlined under Federal Rules of Appellate Procedure. Under TITLE VII. GENERAL PROVISIONS serving and filing briefs Rule 31. (a) Time to Serve and File a Brief, "*The appellant must serve and file a brief within 40 days after the record is filed. The appellee must serve and file a brief within 30 days after the appellant's brief is served.*" The original district court brief deadline of June

5

16th,(appendix 2) 2014 fell within these guidelines but the Appellants failed to respond by June 16' 2014 so on June 19th, a motion for default judgment was filed but on June 27th, 2014 the scheduling deadline was apparently modified without request, notification or legal authority to November 6th, 2014 (appendix 3) but this date is beyond the guidelines that must be abided by under Title VII. At issue for the court of appeals is whether the district court can make such changes and whether such changes can be retroactively valid especially when they were made without formal request, without notification to appellant and when they extend the time frames called for under Title VII from 30days to 5 months!

Another issue is whether the court erred in not certifying the case to the court of appeals because according to Judge Daniels it does not meet the standards imposed by 28 U.S.C. § 158 (d)(2)(A). Yet another issue is whether appellant received due process and whether default judgment should have been granted by the district court. These are issues that had they been timely contested would have been properly resolved in the court of appeals and not in bankruptcy or district court.  Appellee has consistently failed to respond to the arguments in the appellants briefs and motions and it is now too late to revisit arguments that have already been conceded to.

Appelle also makes a belated and fatally defective argument that there is a claims objection deadline in effect but again this argument fails because it has already been argued by appellant that the deadline only applies to timely disputed claims and not claims that were deemed allowed on the effective date and appellee conceded to this argument by their failure to respond..

Furthermore appellant argued Article VIII Section 2 of the plan states:

Allowance of Claims "*On or after the Effective Date, the Liquidating Trust shall have and shall retain any and all rights and defenses that the Debtors had with respect to any Claim, **except with respect to any Claim (i) deemed Allowed as of the Effective Date** or (ii) waived, relinquished, exculpated, released, compromised, settled, or Allowed in the Plan or in a Final Order. Except as otherwise provided in the Plan or in any order entered in the Chapter 11 Cases prior to the Effective Date, including the Confirmation Order, no Claim shall become an Allowed Claim unless and until such Claim is deemed Allowed (a) under the Plan or the Bankruptcy Code or (b) by Final Order of the Bankruptcy Court, including the Confirmation Order.*

ARTICLE VIII governs in the event of a dispute and states, **"**The provisions of this Article VIII shall govern the resolution of Disputed Claims to the

7

extent not otherwise provided for in this Plan or in any other trust
agreement." Article VIII takes precedence and makes it very clear that the
270 day deadline for objections applies only to claims that prior to the
effective date were disputed or not on the protected allowed claims list.


The Borrower Claims Trust Agreement on Pg 14 of 73 states "(d) *On or
prior to the Effective Date, the Debtors shall deliver, or cause to be
delivered, to the Borrower Claims Trust a complete list of all Allowed
Borrower Claims, including Allowed ETS Borrower Claims, Allowed
Borrower Convenience Claims, if any, and Disputed Borrower Claims,
reflected on the claims registry.* Appellant's claim was listed as allowed on
the effective date and met the plans definition of an allowed claim that
should be paid on the effective date or as soon as practicable thereafter.
Also see Bankruptcy Rule 3021 ("*after a plan is confirmed, distribution
shall be made to creditors whose claims have been allowed, to interest
holders whose interests have not been disallowed, and to indenture trustees
who have filed claims under Rule 3003(c)(5) that have been allowed.*").
Also, under 11 U.S.C. § 502(a) ("*A claim or interest, proof of which is filed
under section 501 of this title, is deemed allowed, unless a party in interest
... objects.*") Appellee's seek to reassign appellants claim away from the

allowed list but not to the disputed list but instead to some whimsical, imaginary and undefined list somewhere in the twilight zone. The fact remains the claim was and still is an allowed claim that can't be objected to as per the rules in the voted on and confirmed plan. The claim should already have been paid but appellee desperately seeks to delay paying claims and living up to their obligations under the settlement plan.

Appellee requests that If the motion to dismiss the appeal is denied for any reason that they are given leave to submit a scheduling request under Local court's denial of Silver's motion for default judgment was correct because the Borrower Trust complied with the district court's scheduling order but again this date was changed from June 16th, 2014 to November 6th 2014 after appellee had already defaulted and as already discussed unrequested changing of dates and 5 month response time given to appellee are reasons for appellant's appeal to be heard the court of appeals and had it not been for appellee's failure to respond to appellants brief, the court of appeals could have decided but in light of the failure to timely respond and as argued, default judgment is now appropriate.

In conclusion, there are many more issues for the court of appeals to have

heard other than only if the lower court orders were interlocutory or final.

No matter the nature of the orders, the court of appeals has jurisdiction.

Appellee has consistently failed to file timely responses and now seeks to

revisit arguments that have already been settled because the arguments and

associated motions went uncontested and unanswered in a timely manner.

Appellees motion is completely without merit and should be denied.  The

Appellant motion for Default judgment was uncontested and should be

granted to appellant. If for some reason the court is not inclined to grant the

appropriate default judgment, appellant requests that appellees baseless

motion for dismissal is denied and that the case along with all the issues is

heard by the court of appeals.


Respectfully,

*Francine Silver 11/19/2014*

Francine Silver

# APPENDIX 1

| 109TH CONGRESS | HOUSE OF REPRESENTATIVES | REPT. 109-31 |
| *1st Session* | | Part 1 |

## BANKRUPTCY ABUSE PREVENTION AND
## CONSUMER PROTECTION ACT OF 2005

APRIL 8, 2005.—Committed to the Committee of the Whole House on the State of the Union and ordered to be printed

Mr. SENSENBRENNER, from the Committee on the Judiciary, submitted the following

# R E P O R T

## together with

## DISSENTING VIEWS, ADDITIONAL DISSENTING VIEWS, AND ADDITIONAL MINORITY VIEWS

[To accompany S. 256]

*Sec. 1233. Direct Appeals of Bankruptcy Matters to Courts of Appeals.* Under current law, appeals from decisions rendered by the bankruptcy court are either heard by the district court or a bankruptcy appellate panel. In addition to the time and cost factors attendant to the present appellate system, decisions rendered by a district court as well as a bankruptcy appellate panel are generally not binding and lack stare decisis value.

To address these problems, section 1233 of the Act amends section 158(d) of title 28 to establish a procedure to facilitate appeals of certain decisions, judgments, orders and decrees of the bankruptcy courts to the circuit courts of appeals by means of a two-step certification process. The first step is a certification by the bankruptcy court, district court, or bankruptcy appellate panel (acting on its own motion or on the request of a party, or the appellants and appellees acting jointly). Such certification must be issued by the lower court if: (1) the bankruptcy court, district court, or bankruptcy appellate panel determines that one or more of certain specified standards are met; or (2) a majority in number of the appellants and a majority in number of the appellees request certification and represent that one or more of the standards are met. The second step is authorization by the circuit court of appeals. Jurisdiction for the direct appeal would exist in the circuit court of appeals only if the court of appeals authorizes the direct appeal.

This procedure is intended to be used to settle unresolved questions of law where there is a need to establish clear binding precedent at the court of appeals level, where the matter is one of public importance, where there is a need to resolve conflicting decisions on a question of law, or where an immediate appeal may materially advance the progress of the case or proceeding. The courts of appeals are encouraged to authorize direct appeals in these circumstances. While fact-intensive issues may occasionally offer grounds for certification even when binding precedent already exists on the general legal issue in question, it is anticipated that this procedure will rarely be used in that circumstance or in an attempt to bring to the circuit courts of appeals matters that can appropriately be resolved initially by district court judges or bankruptcy appellate panels.

## Jurisdictional Statute (28 U.S.C. § 158)

- ## Ordinary Appeals to the District Court or the Court of Appeals:

(a) The district courts of the United States shall have jurisdiction to hear appeals

(1) from final judgments, orders, and decrees;

(2) from interlocutory orders and decrees issued under section 1121(d) of title 11 increasing or reducing the time periods referred to in section 1121 of such title; and

(3) with leave of the court, from other interlocutory orders and decrees;

and, with leave of the court, from interlocutory orders and decrees, of bankruptcy judges entered in cases and proceedings referred to the bankruptcy judges under section 157 of this title. An appeal under this subsection shall be taken only to the district court for the judicial district in which the bankruptcy judge is serving.

(d)(1) The courts of appeals shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered under subsections (a) and (b) of this section.

- ## "Direct Appeals" to the Court of Appeals:

(d)(2)(A) The appropriate court of appeals shall have jurisdiction of appeals described in the first sentence of subsection (a) if the bankruptcy court, the district court, or the bankruptcy appellate panel involved, acting on its own motion or on the request of a party to the judgment, order, or decree described in such first sentence, or all the appellants and appellees (if any) acting jointly, certify that:

(i) the judgment, order, or decree involves a question of law as to which there is no controlling decision of the court of appeals for the circuit or of the Supreme Court of the United States, or involves a matter of public importance;

(ii) the judgment, order, or decree involves a question of law requiring resolution of conflicting decisions; or

(iii) an immediate appeal from the judgment, order, or decree may materially advance the progress of the case or proceeding in which the appeal is taken;

and if the court of appeals authorizes the direct appeal of the judgment, order, or decree.

(B) If the bankruptcy court, the district court, or the bankruptcy appellate panel

**(i)** on its own motion or on the request of a party, determines that a circumstance specified in clause (i), (ii), or (iii) of subparagraph (A) exists; or

**(ii)** receives a request made by a majority of the appellants and a majority of appellees (if any) to make the certification described in subparagraph (A);

then the bankruptcy court, the district court, or the bankruptcy appellate panel shall make the certification described in subparagraph (A).

**(C)** The parties may supplement the certification with a short statement of the basis for the certification.

**(D)** An appeal under this paragraph does not stay any proceeding of the bankruptcy court, the district court, or the bankruptcy appellate panel from which the appeal is taken, unless the respective bankruptcy court, district court, or bankruptcy appellate panel, or the court of appeals in which the appeal in pending, issues a stay of such proceeding pending the appeal.

**(E)** Any request under subparagraph (B) for certification shall be made not later than 60 days after the entry of the judgment, order, or decree.

**APPENDIX 2**



Firefox  File  Edit  View  History  Bookmarks  Tools  Window  Help    Wed 4:14 PM
SDNY CM/ECF Version 5.1.1
SDNY CM/ECF Version 5.1.1

ECF    Query    Reports    Utilities    Logout

1290 Avenue of The Americas
New York, NY 10104
(212)-468-8000
Fax: (212)-468-7900
Email: nrosenbaum@mofo.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/20/2014 | 1 | NOTICE OF APPEAL FROM THE BANKRUPTCY COURT TO THE S.D.N.Y. from the Order of Judge Martin Glenn dated March 26, 2014. Bankruptcy Court Case Numbers: 12-B-12020 (MG). Certified copies of file received.Document filed by Francine Silver. Appellant Brief due by 6/3/2014.(bkar) (Entered: 05/20/2014) |
| 05/20/2014 | 2 | DESIGNATION OF BANKRUPTCY RECORD ON APPEAL re: 1 Bankruptcy Appeal,. Document filed by Appellant Francine Silver. (bkar) (Entered: 05/20/2014) |
| 05/20/2014 | 3 | COUNTER DESIGNATION OF BANKRUPTCY RECORD ON APPEAL Document filed by Appellee ResCap Borrower Claims Trust. (bkar) (Entered: 05/20/2014) |
| 05/20/2014 | 4 | REQUEST TO PROCEED IN FORMA PAUPERIS. Document filed by Francine Silver.(bkar) (Entered: 05/20/2014) |
| 05/20/2014 | | Magistrate Judge Andrew J. Peck is so designated. (bkar) (Entered: 05/20/2014) |
| 05/20/2014 | | Case Designated ECF. (bkar) (Entered: 05/20/2014) |
| 05/23/2014 | 5 | SCHEDULING ORDER: An appeal of an Order of the Bankruptcy Court of the Southern District of New York having been filed and both appellant and appellee having submitted their designation of record on appeal, it is hereby, ORDERED, that appellant's memorandum of law in support of its appeal shall be submitted by August 7, 2014 appellees' opposition shall be submitted by November 6, 2014, and appellant's reply shall be submitted by February 5, 2015. IT IS FURTHER ORDERED that when filing any papers with the Court, the parties shall provide one courtesy copy to United States Courthouse, 40 Centre Street, Rm 410, New York, New York 10007. (Signed by Judge George B. Daniels on 5/22/2014) (mro) (Entered: 05/23/2014) |
| 06/02/2014 | 6 | Appellant's BRIEF. Document filed by Francine Silver. Appellee Brief due by 6/16/2014. (sac) (Entered: 06/04/2014) |

Case 14-2684, Document 35-4, 10/20/2014, 1373649, Page19 of 21

**APPENDIX 3**



Firefox  File  Edit  View  History  Bookmarks  Tools  Window  Help
Mon 10:29 AM  Q

SDNY CM/ECF Version 5.1.1

SDNY CM/ECF Version 5.1.1

https://ecf.nysd.uscourts.gov/cgi-bin/DktRpt.pl?60182150819661-L_1_0-1

Most Visited ▾  Getting Started  Latest Headlines ▾  http://www.eba...  Google Maps  YouTube  W Wikipedia  News ▾  Popular ▾  Yahoo!  Bookmarks ▾

**ECF**  Query    Reports  ▾    Utilities  ▾    Logout

| | | |
|---|---|---|
| | | |
| 05/23/2014 | 5 | SCHEDULING ORDER: An appeal of an Order of the Bankruptcy Court of the Southern District of New York having been filed and both appellant and appellee having submitted their designation of record on appeal, it is hereby, ORDERED, that appellant's memorandum of law in support of its appeal shall be submitted by August 7, 2014 appellees' opposition shall be submitted by November 6, 2014, and appellant's reply shall be submitted by February 5, 2015. IT IS FURTHER ORDERED that when filing any papers with the Court, the parties shall provide one courtesy copy to United States Courthouse, 40 Centre Street, Rm 410, New York, New York 10007. (Signed by Judge George B. Daniels on 5/22/2014) (mro) (Entered: 05/23/2014) |
| 06/02/2014 | 6 | Appellant's BRIEF. Document filed by Francine Silver. Appellee Brief due by 11/6/2014. (sac) Modified on 6/27/2014 (sac). (Entered: 06/04/2014) |
| 06/05/2014 | 7 | AFFIRMATION OF SERVICE of Appeals Brief served on Norman Rosenbaum, Morrison & Foerster, 1290 Ave. of the Americas, New York, NY 10140 on 6/2/14. Service was made by Mail. Document filed by Francine Silver. (se) (Entered: 06/06/2014) |
| 06/05/2014 | 8 | MOTION FOR CASE 14CV3630(GBD) TO BE CERTIFIED FOR APPEAL TO THE COURT OF APPEALS. Document filed by Francine Silver.(sc) (Entered: 06/06/2014) |
| 06/19/2014 | 9 | MOTION FOR A DEFAULT JUDGMENT BY FRANCINE SILVER as to the debtors in this action. Document filed by Francine Silver.(sc) (Entered: 06/20/2014) |
| 06/20/2014 | 10 | MEMORANDUM OF LAW in Opposition re: 8 MOTION for Certificate of Appealability. . Document filed by ResCap Borrower Claims Trust. (Rosenbaum, Norman) (Entered: 06/20/2014) |
| 06/24/2014 | 11 | AFFIDAVIT OF SERVICE of The ResCap Borrower Claims Trust's Memorandum of Law in Opposition to Francine Silver's Motion for Certification of Appeal to Court of Appeals [Docket No. 10] on 6/20/14. Service was made by Electronic Mail and Overnight Mail. Document filed by ResCap Borrower Claims Trust. (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Rosenbaum, Norman) (Entered: 06/24/2014) |
| 06/26/2014 | 12 | RESPONSE TO THE RESCAP BORROWER CLAIMS TRUST'S MEMORANDUM OF LAW IN OPPOSITION TO FRANCINE SILVER'S MOTION FOR CERTIFICATION OF APPEAL TO THE COURT OF APPEALS re: 10 Memorandum of Law in Opposition to Motion. Document filed by Francine Silver. (sc) (Entered: 06/27/2014) |
| 06/27/2014 | 13 | ADDENDUM TO THE RESPONSE TO THE RESCAP BORROWER CLAIMS TRUST'S MEMORANDUM OF LAW IN OPPOSITION TO FRANCINE SILVER'S MOTION FOR CERTIFICATION OF APPEAL TO THE COURT OF APPEALS; re: 12 Response. Document filed by Francine Silver.(sc) (Entered: 06/30/2014) |

PACER Service Center

# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

CAPTION:

FRANCINE SILLER v.

RESIDENTIAL CAPITAL, LLC

BORROWER CLAIMS TRUST

**CERTIFICATE OF SERVICE**
Docket Number: 14-2664 BK

I, MARCUS SILLER , hereby certify under penalty of perjury that on
11/19/2014 (name), I served a copy of THE RESPONSE TO
THE (date) MOTION TO DISMISS APPEAL
(list all documents)

by (select all applicable)*

☑ United States Mail
☐ Federal Express
☐ Overnight Mail
☐ Facsimile
☐ E-mail
☐ Hand delivery

on the following parties (complete all information and add additional pages as necessary):

| JORDAN A. WISHNEW, MORRISON & FOERSTER, 250 W. 55th ST. N.Y. N.Y. 10019-9601 | | | | |
|------|---------|------|-------|----------|
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |
| Name | Address | City | State | Zip Code |

11/19/2014
Today's Date

Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party.

Certificate of Service Form

# PRIORITY
# ★ MAIL ★
# EXPRESS™

**OUR FASTEST SERVICE IN THE U.S.**

USM40LD
SDNY


1007



$1

This envelope is made from post-consumer waste. Please recycle - again.

**WHEN USED INTERNATIONALLY,
A CUSTOMS DECLARATION
LABEL MAY BE REQUIRED.**

═EMS═

EP13F July 2013   OD: 12.5 x 9.5



EK 523035960 US


UNITED STATES
POSTAL SERVICE ®

WRITE FIRMLY TO MAKE ALL COPIES LEGIBLE.

**CUSTOMER USE ONLY**
FROM: (PLEASE PRINT)          PHONE ( )
M. SILVER
8613 FRANKLIN AVE
L.A. CA 90069

**PAYMENT BY ACCOUNT (if applicable)**
USPS® Corporate Acct. No.    Federal Agency Acct. No. or Postal Service™ Acct. No.

**DELIVERY OPTIONS (Customer Use Only)**
☐ **SIGNATURE REQUIRED** Note: The mailer must check the "Signature Required" box if the mailer: 1) Requires the addressee's signature; OR 2) Purchases additional insurance; OR 3) Purchases COD service; OR 4) Purchases Return Receipt service. If the box is not checked, the Postal Service will leave the item in the addressee's mail receptacle or other secure location without attempting to obtain the addressee's signature on delivery.
**Delivery Options**
☐ No Saturday Delivery (delivered next business day)
☐ Sunday/Holiday Delivery Required (additional fee, where available)
☐ 10:30 AM Delivery Required (additional fee, where available)*
*Refer to USPS.com® or local Post Office™ for availability.

TO: (PLEASE PRINT)          PHONE ( )
U.S. COURT OF APPEALS
FOR the SECOND CIRCUIT
THURGOOD MARSHALL COURTHS
40 FOLEY SQUARE
NEW YORK - N.Y. 10007

■ For pickup or USPS Tracking™, visit USPS.com or call 800-222-1811.
■ $100.00 insurance included.

**ORIGIN (POSTAL SERVICE USE ONLY)**
☐ 1-Day    ☐ 2-Day
PO ZIP Code          Scheduled Delivery Date (MM/DD/YY)
95093          11/21
Date Accepted (MM/DD/YY)    Scheduled Delivery Time
11-19-14          ☐ 10:30 AM  ☐ 3:00 PM  ☒ 12 NOON
Time Accepted          10:30 AM Delivery Fee
15X1  ☐AM ☐PM
Weight          ☐ Flat Rate    Sunday/Holiday Premium Fee
lbs  4 oz          Acceptance Employee Initials



**DELIVERY (POSTAL SERVICE USE ONLY)**
Delivery Attempt (MM/DD/YY)  Time  Employee Signature
☐AM
☐PM
Delivery Attempt (MM/DD/YY)  Time  Employee Signature
☐AM
☐PM
LABEL 11-B, JANUARY 2014          PSN 7690-02-000-9996


**VISIT US AT USPS.COM®**
ORDER FREE SUPPLIES ONLINE


P S 1 0 0 0 1 0 0 0 0 0 6



