# Exhibit 32

**Borrower Trust Reply in Support of Motion to Dismiss**

# No. 14-2664

IN THE
UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

IN RE:  RESIDENTIAL CAPITAL, LLC

*Debtor.*

FRANCINE M. SILVER

*Appellant,*

v.

THE RESCAP BORROWER CLAIMS TRUST,

*Appellee.*

**APPELLEE THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS APPEAL**

Appellee The ResCap Borrower Claims Trust (the "Borrower Trust") files this reply in support of its motion to dismiss the appeal filed by Appellant Francine M. Silver.[1]

---

[1] This reply, filed on December 1, 2014, is timely.  Under Rule 27(a)(3)(B) of the Federal Rules of Appellate Procedure, the Borrower Trust was entitled to

Silver's primary argument in response to the Borrower Trust's motion to dismiss is that the Borrower Trust's response to Silver's motion for default judgment purportedly was untimely. According to Silver, the Borrower Trust's alleged "failure to make a timely response to appellants [sic] arguments is tantamount to consenting and conceding to the merit of the arguments and requested relief." Silver Response at 1. Silver argues that this supposed concession means not only that her motion for default judgment should be granted but that the Borrower Trust's motion to dismiss also should be denied because the arguments made therein purportedly are "now late" as well. *Id.* at 4. Silver's arguments are wrong for at least three reasons.

First, the Borrower Trust's response was timely. It is undisputed that Silver's motion was served on November 4, 2014. As Silver observes, the time for filing a response under Rules 26(a) and 27(a)(3) of the Federal Rules of Appellate Procedure is 10 days after such service, which would be November 14, 2014. Silver Response at 1. Silver neglects, however, to include in her calculation of the filing deadline that 3 days are added from that date under Rule 26(c). Rule 26(c)

---

include a motion to dismiss in its response to Silver's motion for default judgment. Under that Rule, the time to reply to Silver's response to the Borrower Trust's motion to dismiss is governed by Rule 27(a)(4), which provides that a reply may be filed within 7 days after service of the response. Silver's response was served on November 19, 2014. Seven days after service is Wednesday, November 26. Under Rule 26(c), 3 days are then added. Three days after November 26 is Saturday, November 29. The next business day is Monday, December 1, 2014. *See* Fed. R. App. P. 26(a).

ny-1167116                                2

provides: "When a party may or must act within a specified time after service, 3 days are added after the period would otherwise expire under 26(a), unless the paper is delivered on the date of service stated in the proof of service." Fed. R. App. P. 26(c). Silver's motion was served via United States Mail and was therefore not delivered on the date of service stated in the proof of service. Accordingly, the Borrower Trust had 3 days in addition to the 10-day period by which it needed to file a response to Silver's motion. Since the 10-day period ended on November 14, 2014, the Borrower Trust's filing on November 17, 2014 was, in fact, timely.

Second, even if the Borrower Trust's response somehow had been untimely, Silver's argument that this amounts to "consenting and conceding to the merit of [Silver's] arguments and requested relief," Silver Response at 1, is unfounded. Silver cites several local rules from district courts and state courts, none of which applies here. There is no such parallel provision in the Federal Rules of Appellate Procedure or in this Court's Local Rules.

Third, the motion to dismiss was not filed in an untimely manner. No deadline for a motion to dismiss is imposed by the Federal Rules of Appellate Procedure or the Local Rules of this Court. Moreover, the motion to dismiss is based on the lack of finality of the bankruptcy court's and district court's orders, which is a barrier to this Court's jurisdiction. It is well settled that jurisdictional

ny-1167116                               3

arguments may be raised at any time. *E.g.*, *Lyndonville Sav. Bank & Trust Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000) ("failure of subject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*").

Silver completely fails to address the merits of the Borrower Trust's motion to dismiss. As the Borrower Trust explained, the bankruptcy court's and district court's orders were interlocutory orders, not final orders that would confer appellate jurisdiction. *See* Docket No. 30. Silver does not even attempt to explain how the bankruptcy court's and district court's orders purportedly were final orders. They are not, for all the reasons stated in the motion to dismiss.

Rather than address the finality of the lower courts' orders, Silver argues the merits of her appeal—*i.e.*, that the Borrower Trust's filings in the lower courts supposedly were untimely (although, in fact, they were not, as the bankruptcy court and district court correctly concluded). Silver also argues there are numerous other issues to be addressed apart from the finality of the lower courts' orders. Silver can raise any or all of these issues later, in an appeal from *final* orders of the bankruptcy court and district court. There is no jurisdiction for this Court to consider any of Silver's other arguments at this time.

Finally, Silver argues that even if the lower courts' orders were interlocutory, this Court "still has discretion to hear the case." Silver Response at 4. It does not. This Court may accept an appeal of an interlocutory order from a

bankruptcy court directly to this Court so long as the appeal is certified under 28 U.S.C. § 158(d)(2)(A) by the bankruptcy court, the district court, or agreed to by all the parties. No such certification was made here. Silver argues that one issue in this appeal is "whether the court erred in not certifying the case to the court of appeals because according to Judge Daniels it does not meet the standards imposed by 28 U.S.C. § 158 (d)(2)(A)." Silver Response at 6. But this Court has "no jurisdiction to review . . . a district court's decision to deny leave for an interlocutory appeal." *BancTexas Dallas, N.A. v. Chateaugay Corp.* (*In re Chateaugay Corp.*), 876 F.2d 8, 9 (2d Cir. 1989) (per curiam).

## CONCLUSION

For the foregoing reasons and those set forth in the Borrower Trust's motion to dismiss, Silver's appeal should be dismissed for lack of jurisdiction.

Respectfully submitted,

Dated: December 1, 2014

/s/ Jordan A. Wishnew
JORDAN A. WISHNEW
MERYL L. ROTHCHILD
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY, 10019
Tel.: (212) 468-8000
Fax: (212) 468-7900

*Counsel for Appellee*
*The ResCap Borrower Claims Trust*

# CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Second Circuit by using the appellate CM/ECF system on December 1, 2014.

I, Jordan A. Wishnew, hereby certify that on Monday, December 1, 2014, I caused a true and correct copy of Appellee The ResCap Borrower Claims Trust's Reply in Support of Its Motion to Dismiss Appeal, dated December 1, 2014, to be served upon Appellant Francine M. Silver by depositing the same in a properly addressed wrapper into the custody of an authorized UPS overnight delivery service prior to the latest time for overnight delivery.

Dated:  December 1, 2014     By:  /s/ Jordan A. Wishnew