**Exhibit 33**

**Silver Default Judgment Motion with District Court**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re:<br>RESIDENTIAL CAPITAL, LLC,<br>       Debtors.<br>Francine Silver<br>       Appellant<br>  - against –<br>ResCap Borrower Claims Trust<br>       Appellee | Case No. 12-12020 (MG)<br>Chapter 11<br>Jointly Administered<br>14cv3630 (GBD)<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC#_____<br>DATE FILED: 12/24/14 |

UNITED STATES DISTRICT COURT - SOUTHERN DISTRICT OF NEW YORK

## MOTION FOR DEFAULT JUDGMENT BY FRANCINE SILVER



RECEIVED
DEC 2 4 2014
PRO SE OFFICE

Movant hereby requests Judgment by Default due to Appelee's failure to respond to Movant's brief by the initial June 16th, 2014 deadline (appendix 1) or the extended November 6th, 2014 deadline (appendix 2).

The court docket sheet lists the extended November 6th deadline as the date appellee filed their brief but the November 6th deadline was also the new deadline for <u>both the brief and the memorandum of law</u> in support of the brief – Two distinct requirements under the attached scheduling order. Accordingly either the brief or the memorandum of law in support was not filed by the November 6th, 2014 deadline and in either case default judgment is appropriate.

The appellee defined their November 6th 2014 response as a "memorandum of law in opposition" and further clarifies the exact nature of their response on page 7 paragraph 19 where they address the scheduling orders and time frames for submitting respective memorandum of law and even state "the appellant has until February 5th, 2015 to file a reply". The appelle however makes no mention of their requirement to have filed a brief before the November 6th 2014 deadline and have failed to ever file a brief..

1

The court docket report does state that the appelle filed a brief on Novemeber 6th, 2014 but this is an error. The document filed was exactly as appellee states – the "memorandum of law" and not a brief that should have been filed originally by June 16th, 2014. Appellant also understands that the court should not extend deadlines without good cause and even then only after a proper motion has been filed and respondant has been given a chance to object. See TITLE III. PLEADINGS AND MOTIONS › *Rule 16. Pretrial Conferences; Scheduling; Management: (4) Modifying a Schedule. "A schedule may be modified only for good cause."* Extending the response deadline on June 27th, 2014 after a default occurred over a week earlier on June 16th, 2014 is impossible to explain and completely without justification. The court therefore erred in granting such an extension. Moreover the time to file a response brief is governed by the law see: TITLE VII. GENERAL PROVISIONS Serving and Filing Briefs Rule 31. (a) Time to Serve and File a Brief, *"The appellant must serve and file a brief within 40 days after the record is filed. The appellee must serve and file a brief within 30 days after the appellant's brief is served*

For these reasons, if the appelles response is considered to be a brief, it is about 5 months too late and should be ignored. It is well established that a

2

failure to respond to a motion is usually viewed as consenting to it and also a waiver of future defenses See Local Civil Rule 55.2 and Federal Rule of Civil Procedure 12 –The failure to file an answer or respond within the time specified in this rule shall constitute a waiver of the right thereafter to file an answer or respond, except upon a showing of excusable neglect. Due to defendants failure to respond as the law requires, a default judgment will be entered against defendant. The failure to respond or responding late, not based upon excusable neglect, is a waiver by defendant and is a fatal defect in their defense and judgment will be granted to Plaintiffs as a matter of law. Local Rule 15(k) Middle District of North Carolina holds: The failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. Further, "if a respondent fails to file a response within the time required by this rule, the Motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice".

In Cabassa v. Smith et al, 9:08cv480, it was stated "to clearly advise pro se litigants of their obligations in responding to such motion and the result of their failure to do so. Id.; see N.D.N.Y.L.R. 56.2. Thus, it is clear that

3

plaintiff was sufficiently apprised ... ... 7.1(b)(3), which provides that, absent a showing of good cause, failure to respond to a motion shall be deemed consent to the relief ... Also *See* J.P.M.L. Rules of Procedure 6.1(c) ("Failure to respond to a motion shall be treated as that party's acquiescence to it.").

Again in Case 9:03-cv-01256-LES-GJD Document 69 Filed 12/09/2005 "Failure to respond to Defendants' motion may result in the court granting the motion, in which there will not be a trial. See N.D.N.Y.L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the court determines that the moving party has met its burden demonstrating entitlement to the relief requested therein, failure by the non-moving party to file or serve any papers as required by this Rule shall be deemed by the court as consent to the granting or denial of the motion, as the case my be, unless good cause is shown.").Dated: Albany, New York December 8, 2005 ELIOT SPITZER Attorney General of the State of New York.

It is well-settled that a non-movant's failure to respond to a motion, as mandated by Local Rule 56.1(b), permits the court to admit any material fact listed in Plaintiffs' Rule 56.1 Statement "unless specifically controverted by

4

a correspondingly numbered paragraph in the statement required to be served by the opposing party." *O'Keefe v. Arbon Equip. Corp.*, 399 F. Supp. 2d 478, 482 (S.D.N.Y. 2005) quoting Local Rule 56.1(c). The Federal Rules of Civil Procedure TITLE VII. Rule 55. states "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk **must enter the party's default**.

Even if the court does continue to call the appellee's memorandum of law a brief, then the apellee has still failed to file a memorandum of law. Either way default judgment is appropriate.

## CONCLUSSION

Appellant should finally be awarded her allowed claim of $3,000,000.00 plus 9% New York statutory interest from December 17th, 2013 until appellee finally lives up to their obligations and pay the claim.

Respectfully,

*Francine Silver*
Francine Silver

5

# APPENDIX 1

Case 1:14-cv-03630-GBD Document 25 Filed 12/24/14 Page 8 of 11
Pg 9 of 12





**APPENDIX 2**

