# **Exhibit 34**

**Borrower Trust Opposition to Default Judgment Motion**

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| Residential Capital, LLC, ) | Chapter 11 |
| Debtor ) | Jointly Administered |
| ) | |
| Francine Silver, ) | |
| ) | |
| Appellant, ) | 14cv3630 (GBD) |
| ) | |
| - against - ) | |
| ) | |
| ResCap Borrower Claims Trust, ) | |
| ) | |
| Appellee ) | |

## THE RESCAP BORROWER CLAIMS TRUST'S OPPOSITION TO FRANCINE SILVER'S MOTION FOR DEFAULT JUDGMENT

Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019

*Counsel for The ResCap Borrower*
*Claims Trust*

ny-1171186

1.     The ResCap Borrower Claims Trust (the "Trust") established pursuant to the terms of the Plan (defined below) in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors") with respect to Borrower Claims,[1] by and through its undersigned counsel, hereby files this opposition to the *Motion for Default Judgment* [Case No. 14-cv-03630-GBD, Docket No. 23] (the "Motion") interposed by Francine Silver (the "Movant").

2.     The Motion is yet another example of Movant's frivolous filings that continue to drain the Court's and the Trust's resources, and for the reasons discussed herein, the Movant's second request for default judgment should be denied.  Silver's primary argument is that the Trust's November 6 response [Docket No. 21] to Silver's brief in support of her appeal was untimely, and that "either the brief or the memorandum of law in support was not filed by the November 6, 2014 deadline and in either case default judgment is appropriate."  Motion at 1. The Movant argues that this supposed failure means not only that her motion for default judgment should be granted but that it "is a fatal defect in their defense and a judgment will be granted to Plaintiffs as a matter of law." *Id.* at 3.  The Movant's misguided attempt to

---

[1]     As defined in the confirmed Plan filed in the Chapter 11 Cases, "Borrower Claims" means:

> (i) Claims of a Borrower arising from or relating to any alleged act or omission or any other basis of liability of any Debtor (or any predecessor) in connection with the origination, sale, and/or servicing of a mortgage loan originated, sold, consolidated, purchased, and/or serviced by any Debtor, (ii) Claims filed for or on behalf of a Borrower by such Person's attorney or agent, including as part of a proof of claim filed on behalf of a putative class of Borrowers, and (iii) claims that have become Allowed as a result of settlement of Borrower litigation commenced against Ally and the Debtors. For the avoidance of doubt, Borrower Claims shall include Allowed Claims held by the Kessler Class Claimants (to the extent that the Kessler Class Claimants are certified as a class action for settlement or allowance purposes), and shall not include the: (a) Senior Unsecured Notes Claims; (b) Junior Secured Notes Claims; (c) RMBS Trust Claims; (d) Private Securities Claims; (e) General Unsecured Claims; (f) General Unsecured Convenience Claims; or (g) Intercompany Balances. For the further avoidance of doubt, no Claim described in subsection (ii) hereof shall be considered an Allowed Borrower Claim unless such Claim is either certified under Bankruptcy Rule 7023 or by Final Order for purposes of settlement or allowance.

*See* Plan, Art. I.A.40.

ny-1171186

12-12020-mg    Doc 8019-53    Filed 01/22/15    Entered 01/22/15 18:14:28    Exhibit 34
Pg 4 of 6

Case 1:14-cv-03690-GBD    Document 26    Filed 01/09/15    Page 3 of 5

manufacture a dispute is entirely improper and her arguments are incorrect for several reasons. Therefore, the Motion must be denied.

3.     First, the Court has already ruled that the Trust's opposition to the Movant's appeal was due no earlier than November 6, 2014.  *See* Order, Docket No. 17 (denying appellant's motion for default judgment based on the appellee's alleged failure to timely respond to appellant's memorandum of law in support of her appeal and providing that "[a]ppellee's opposition shall be submitted by November 6, 2014.").  Thereafter, the Trust timely filed and served its opposition to the Movant's appeal on November 6, 2014 pursuant to this Court's scheduling order.  *See* Docket No. 5 (scheduling order); *see also* Docket No. 22 (affidavit of service of opposition).

4.     Second, Movant's arguments regarding the Court's entry of the scheduling order – claiming it "is impossible to explain and completely without justification," Motion at 2 – is unfounded, as are her arguments regarding the labeling of the Trust's responsive paper.  Movant cites inapplicable and irrelevant local rules from district courts and state courts, yet fails to reference any parallel provision in the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") or in this Court's Local Rules.  Moreover, as noted on the copy of the Court's docket (annexed as Appendix 2 to the Motion), docket entry No. 5 clearly indicates the appellee's reply brief is due on November 6, so there was never any extension of the response deadline as suggested by the Movant.

5.     Third, in looking to the applicable rules of procedure, Bankruptcy Rules 8010 and 8011 and Local Civil Rule 7.1, for guidance as to the filing requirements for motions and responsive papers, none of these rules requires that a party file a "memorandum of law" and a "brief" in response to a motion, nor do they distinguish these terms.  Bankruptcy Rule 8010

2

ny-1171186

provides for the form and length of briefs filed in appeals to the district court, but makes no distinction or separate requirement that a memorandum of law and a brief must be filed.  *See* Fed. R. Bankr. P. 8010.  Bankruptcy Rule 8011 discusses the content of motions and responses and replies in connection with the same, and similarly makes no distinction or separate requirement that a memorandum of law and a brief must be filed.  *See* Fed. R. Bankr. P. 8011.  In addition, Local Civil Rule 7.1 provides requirements for motion papers and memoranda of law filed in the district court.  Rule 7.1(b) states that all oppositions with respect to motions shall comply with Local Civil Rule 7.1(b)(a)(2) and (3), which includes "[a] memorandum of law, setting forth the cases and other authorities relied upon in support of the motion, and divided, under appropriate headings, into as many parts as there are issues to be determined;. . . ."  *See* Local Civil Rule 7.1(b)(2).  The Trust's memorandum of law included a thorough analysis comprised of legal authority and citations relied upon in support of the Trust's opposition to the appeal, which fully explained and substantiated the Trust's position on the issues raised in the appeal.  The Trust avers that no additional submission was necessary.

6.   In addition, this Court's scheduling order makes no such distinction between briefs and memoranda of law.  Contrary to Movant's assertion, the scheduling order does not require that the Trust file both a brief and a memorandum of law (*see* Motion at 1) in support of its opposition to Movant's appeal.  The order simply provides that the Trust's "opposition shall be submitted by November 6, 2014."  Docket No. 5; *see also* Docket No. 17.  Thus, Movant's argument that the Trust "failed" to timely file either the brief or the memorandum of law, and that such failure warrants a default judgment in Movant's favor, is unsupported and without merit.

## CONCLUSION

WHEREFORE, the Trust respectfully requests that this Court (a) deny the Movant's motion for default judgment and (b) grant such other and further relief as the Court deems just and proper.

Dated: January 9, 2015
New York, New York

By: /s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY  10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*