**Exhibit 35**

**Silver Reply in Support of Default Judgment Motion**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In Re: ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, ) | Chapter 11 |
| Debtors. ) | |
| ) | Jointly Administered |
| Francine Silver ) | |
| Appellant ) | 14cv3630 (GBD) |
| - against – ) | |
| ResCap Borrower Claims Trust ) | |
| Appellee ) | |

# FRANCINE SILVER'S RESPONSE TO THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO DEFAULT JUDGMENT



RECEIVED
JAN 15 2015
PRO SE OFFICE

Appellee failed to respond at all to the Appellants Motion for Payment in the Bankruptcy Court, failed to file a brief as per the Scheduling Orders of this Court and failed, to their arguments fatal detriment, to file a timely objection to the pending Motion for Default Judgment.

Under TITLE VII Rule. 27, any party may file a response to a motion; Rule 27(a)(2) governs its contents. The response must be filed within <u>10 days</u> after service of the motion unless the court shortens or extends the time. The time to respond to the new motion, and to reply to that response, are governed by Rule 27 (a)(3)(A) and (a)(4). The motion at hand was filed on 12/24/2014. Because the motion was not served on the same day Under Rule 26(c), 3 days are then added to the reply time. This means a timely and valid response would have to be filed by January 6th, 2014 at the very latest. Appellee did not file their response until January 9th, 2014. Their arguments are fatally defective because they are simply too late and even if they were timely, they lack merit.

Appellant has endured severe and repeated computer hacking as well as numerous failed delivery attempts by FEDEX and USPS but has always managed to comply with deadlines. Appellee is a self described "leading global law firm" with an army of lawyers at their disposal, absent excusable

neglect, which they have not claimed, failure to timely respond should be regarded as their conceding to the motion and the Motion for Default Judgment should be regarded as uncontested. It is well established that a failure to respond to a motion is usually viewed as consenting to it and also a waiver of future defenses See Local Civil Rule 55.2 and Federal Rule of Civil Procedure 12 – The failure to file an answer or respond within the time specified in this rule shall constitute a waiver of the right thereafter to file an answer or respond, <u>except upon a showing of excusable neglect</u>. Due to defendants failure to respond as the law requires, a default judgment will be entered against defendant. The failure to respond or responding late, not based upon excusable neglect, is a waiver by defendant and is a fatal defect in their defense and judgment will be granted to Plaintiffs as a matter of law. Local Rule 15(k) Middle District of North Carolina holds: The failure to file a brief or response within the time specified in this rule shall constitute a waiver of the right thereafter to file such brief or response, except upon a showing of excusable neglect. Further, "if a respondent fails to file a response within the time required by this rule, the Motion will be considered and decided as an uncontested motion, and ordinarily will be granted without further notice".

In Cabassa v. Smith et al, 9:08cv480, it was stated "to clearly advise pro se litigants of their obligations in responding to such motion and the result of their failure to do so. Id.; see N.D.N.Y.L.R. 56.2. Thus, it is clear that plaintiff was sufficiently apprised ... ... <u>7.1(b)(3), which provides that, absent a showing of good cause, failure to respond to a motion shall be deemed consent to the relief</u> ... Also See J.P.M.L. Rules of Procedure 6.1(c) ("<u>Failure to respond to a motion shall be treated as that party's acquiescence to it.</u>"). Again in Case 9:03-cv-01256-LES-GJD Document 69 Filed 12/09/2005 "Failure to respond to Defendants' motion may result in the court granting the motion, in which there will not be a trial. See N.D.N.Y.L.R. 7.1(b)(3) ("Where a properly filed motion is unopposed and the court determines that the moving party has met its burden demonstrating entitlement to the relief requested therein, failure by the non-moving party to file or serve any papers as required by this Rule shall be deemed by the court as consent to the granting or denial of the motion, as the case my be, unless good cause is shown.").Dated: Albany, New York December 8, 2005 ELIOT SPITZER Attorney General of the State of New York.

It is well-settled that a non-movant's failure to respond to a motion, as mandated by Local Rule 56.1(b), permits the court to admit any material fact

listed in Plaintiffs' Rule 56.1 Statement "unless specifically controverted by a correspondingly numbered paragraph in the statement required to be served by the opposing party." *O'Keefe v. Arbon Equip. Corp.*, 399 F. Supp. 2d 478, 482 (S.D.N.Y. 2005) quoting Local Rule 56.1(c). Under FED. R. CIV. P. 12(h)(1)(B) (a party waives certain defenses, by "failing to either: (i) make it by motion under this rule; or (ii) include it in a responsive pleading"). The Federal Rules of Civil Procedure TITLE VII. Rule 55. states "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk **must enter the party's default**. Appellant is entitled to a Default Judgment in favor of the motion for theses reasons and also under N.Y. CVP. LAW § 3215 : NY Code - Section 3215: Although some of the cases, citations and decisions may come from other jurisdictions, they illustrate how unified the judicial system is when dealing with late or non responding parties. The Bankruptcy Court erred in not granting Default Judgment after Appellee's decided not to respond at all and this Court will be making an error if it does not issue default judgment due to Appellee's failure to file a timely objection.

Although Appellee seeks to assert a fatally belated argument that no brief was required, even if timely their argument fails. It is clear from the scheduling order that the "brief" and "memorandum of law in support" and the ""opposition" (to the memorandum of law) and "reply" all had their own respective filing and reply deadlines and were therefore separate and distinct requirements as imposed by the Court.

Appellant's rmemorandum of law in "support" was not due until August 7, 2014, the "opposition" was not due until November 6, 2014 and Appellants reply was not due until February 5, 2015. The Memorandum of law is differentiated from the brief because of extended response times and page limitations. Appellee is correct that Bankruptcy Rule 8010 provides for the form and length of briefs and makes no distinction or separate requirement that a memorandum of law and brief must both be submitted but a brief must always be submitted. The Court Scheduling Order did also list and require both and Appellant was required to and did

comply with the Scheduling Order. Furthermore, the filing of a "Reply Brief" is required by law under TITLE VII. GENERAL PROVISIONS Serving and Filing Briefs Rule 31. (a) Time to Serve and File a Brief, *"The appellant must serve and file a brief within 40 days after the record is filed. The appellee must serve and file a brief within 30 days after the appellant's brief is served."* Therefore the reply brief should have been filed within 30 days of the June 2, 2014 filing date of Appellant's brief. Appellee failed to ever file their brief with this Court as per either the original Scheduling Order or the modified Scheduling Order and therefore defaulted.

## CONCLUSSION

Appellee failed to file a timely objection to the motion for default and their response should be struck and ignored. Even if timely, Appellee's argument lacks merit and is yet another desperate attempt to avoid paying Appellant's claim and living up to their responsibilities and obligations under the settlement plan. This is not a grey area. The law makes it clear that a late response is as good as no response. Appellant is almost 90 years old, has been a fraud victim for almost 8 years and remains under constant physical, financial and emotional distress while Appellee's desperately seek to avoid

living up to their responsibilities under the settlement plan and the law. Appellant's claim and attempts to finally get paid are not frivolous nor are they intended to waste the Court or Judge's valuable time. Appellant simply seeks to finally have her uncontested and allowed claim paid and respectfully asks the Court to finally grant default judgment for the full amount of her $3,000,000.00 claim.

Respectfully,

*Francine Silver*

Francine Silver

CAPTION:

FRANCINE SILVER
v.
RESCAP BORROWER
CLAIMS TRUST.

**CERTIFICATE OF SERVICE**
Docket Number: 14-CV-3630 (GBD)

I, MARCUS SILVER, hereby certify under penalty of perjury that on JANUARY 12, 2015 (date), I served a copy of FRANCINE SILVER'S RESPONSE TO tHE RESCAP BORROWER CLAIMS TRUSTS OBJECTION TO DEFAULT JUDGMENT (list all documents)

by (select all applicable)*

- [x] United States Mail
- [ ] Federal Express
- [ ] Overnight Mail
- [ ] Facsimile
- [ ] E-mail
- [ ] Hand delivery

on the following parties (complete all information and add additional pages as necessary):

| Name | Address | City | State | Zip Code |
|---|---|---|---|---|
| NORMAN S. ROSENBAUM, JORDON A. WISHNEW, MERYL L. ROTHCHILD | | | | |
| MORRISON FOERSTER LLP | 250 W-55th ST | NY | NY | 10019 |
| | | | | |
| UNITED STATES COURTHOUSE | 40 CENTRE ST, RM 410 | NY | NY | 10007 |

JANUARY 12th, 2015
Today's Date

_____
Signature

*If different methods of service have been used on different parties, please indicate on a separate page, the type of service used for each respective party.

Certificate of Service Form

Case 1:14-cv-03630-GBD   Document 28   Filed 01/15/15   Page 10 of 10

**FedEx Express** NEW Package US Airbill

FedEx Tracking Number: 8065 1562 9425

Form ID No.: 0200   Recipient's Copy

**1 From**
Date: 1/14/15
Sender's Name: M. SILUCK   Phone: 310 9456105
Company: 8603 FRANKLIN AVE
Address: L.A. CV.
City: ___   State: ___   ZIP: 90069

**2 Your Internal Billing Reference**

**3 To**
Recipient's Name: UNITED STATES DISTRICT COURT OF THE SOUTHERN DISTRICT OF NEW YORK   Phone:
Company: PRO SE INTAKE UNIT
Address: DANIEL PATRICK MOYNIHAN U.S. COURTHOUSE
Address: 500 PEARL ST - ROOM 200
City: NEW YORK   State: N.Y.   ZIP: 10007

**4 Express Package Service**
- [ ] FedEx First Overnight
- [x] FedEx Priority Overnight
- [ ] FedEx Standard Overnight
- [ ] FedEx 2Day A.M.
- [ ] FedEx 2Day
- [ ] FedEx Express Saver

**5 Packaging**
- [x] FedEx Envelope
- [ ] FedEx Pak
- [ ] FedEx Box
- [ ] FedEx Tube
- [ ] Other

**6 Special Handling and Delivery Signature Options**
- [ ] SATURDAY Delivery
- [ ] No Signature Required
- [x] Direct Signature
- [ ] Indirect Signature

Does this shipment contain dangerous goods?
- [x] No
- [ ] Yes (As per attached Shipper's Declaration)
- [ ] Yes (Shipper's Declaration not required)
- [ ] Dry Ice

**7 Payment** Bill to:
- [ ] Sender
- [ ] Recipient
- [ ] Third Party
- [x] Credit Card
- [ ] Cash/Check

8065 1562 9425

644