UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

TOM FRANKLIN

In re:

RESIDENTIAL CAPITAL, LLC.
CIVIL NUMBER 12-12020 CHAPTER 11

OPPOSITION TO BANK OF AMERICAS
MOTION TO LIFT STAY



## THE ARGUMENT AND AUTHORITIES

The sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief. **Conley v. Gibson, 355 U.S. 41, 45—46 (1959)**. It is fairly obvious that in this particular case that there was a quick rush to immediate **and prior judicial bias** on the part of the trial judge to have this cases which had dragged on in federal court for some time dismissed immediately in direct violation of the due process rights of the appellants. This is a rigorous standard, but subsumed within it is the requirement that the plaintiff state its case with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. **Elliott v. Fousa,** 867 F.2d 877, 880 (5th Cir. 1989). In a Rule 12(b)(6) motion to dismiss, the allegations must be taken as true. **Malina v. Gonzales, 1 F.3d 304, 305 n.12 (5~ Cirri. 1q93-)** Sosa, 646 F.2d at 993. An established fact which has been established in this appeal is that the first trial judge had established the fact that there was a federal question in this appeal. But after being transferred to a bias trial judge this case was never properly heard.

1

A complaint is not subject to dismissal unless it appears certain that the plaintiff

cannot possibly be entitled to relief under any set of facts that could be proved in support of its allegations. **Cinel**, 15 F.3d at 1341 **Smith, Barney, Harris Upham & Co. v. Robinson,** 12, F.3d 515, 520 (5th Cir. 19-94)white controlled boards saw fit to see that they were amply funded with funds which were diverted from blacks and browns such as the appellants. This particular trial judge was bias and let his personal feeling prevent him from checking out the fact even when the police had knowledge that could substantiate what the plaintiff was stating was the truth about drugs on the premises.

Rule 12(b) (6) was set out by the Supreme Court in **Conley v. Gibson:** The court goes on to further state that in appraising the (quoting **Baton Rouge Bldg. & Construction Trades Council v.Jacobs.** The Court has ruled that the non movant is entitled to the guards of the summary judgment rules. A non movant must have ten (10) days to respond. The final Judgment rules contained in section 1291 entitled " Final Decisions of the Supreme Court. The denial of a Rule 12(b) (6) Motion To Dismiss is interlocutory, and thus generally not appealable under 28 U.S.C. section 1291. **Connelly v. Dulien** Steel Products, **Conversely,** if the Court grants a Rule 12(b) motion, it is immediately appealable. The standard for determining whether a final judgment has been reached is whether the litigation has ended on the merits and nothing has been left for the Court to do but execute judgment. Coopers & Lybrand case 437 U.S. 463 (1978)

The exception to the rule against appeal denials of Motions To Dismiss is when the plaintiffs filed a civil rights action and the defendants respond with a motion to dismiss claiming immunity. **Helton v. Cleinents,** 787. There are many cases which are inappropriate for Summary Judgment, including those that rest in credibility determinations. **Honore V. Douglas,** 33 F.2d 565, 567 (5th Cir. 1987); **Leonard v. Dixie Wells Supply Service, Inc.,** 828 F.2d 291, 294(5th Cir. 1987); questions of

3

motivation and intent, <u>Thornburg v. Columbus & Greenville R.R.</u> Co., 760 F.2d 633, 641 (5th Cir 1985); ambiguous contracts where parties' intent presents a question of fact, <u>Fischbach, - **First National Bank**</u>, 799 F.2d at 151; Southern Natural Gas, 781 F.2d t 1081; question whether an oral contract has been confected, Impossible Electronics Techniques, Inc. Wackenhut Protective System, Inc., 669 F.2d 1026, 1032 (5th Cir Unit B 1982) question whether a reasonable prudent investor should have constructively known certain facts based on information external to that ordinarily used by investors (i.e. offering memorandum and supporting documents and discussion with the promoter), Corwin v. M. Orton Investments, 843 F.2d 194, 198-99 (5th Cir. 1988); certain negligence and products liability cases, Waggoner v. City of Garland, Texas, 987 F.2d 1160, 1165 (5th Cir, 1993). District Courts are widely knowledge to posses the power to enter summary judgments sua sponte, so long as the losing party was on notice that she had was on notice that she had to come forward with all her evidence. <u>Celotex</u>, 106 5. Ct. at 2554 (citing 1OA C. Wright, A. Miller & M Kane, <u>Federal Practice and Procedure</u> section 2720 at 28-29 (1983). A district court may grant summary judgment when the parties have been given adequate time for discovery. <u>Page v. DeLaune</u>, 837 F.2d 233, 238 (5~ Cir 1988) (citing Celotex, 106 S.Ct at 2554). An important an interesting revelation in this particular case is why did not the trial jury allow discovery. It should be noted that on several occasions the appellants tried to seek assistance from the court for the continued reluctance of the appellees to provided the appellants with proper discovery as required by the Federal Rules of Civil procedure but on each occasions the appellees refused; After this deliberate refusal on the part of the appelles to provide discovery the to the appellants who had no other choice and alternative but to seek judicial remedies through the court as provided by the Federal Rules of Procedure; The trial judge for the most part continue to block justice by

4

refusing to honor their motion to compel. For the most part the appellant's case was over for he refused to allow them their right to discovery by compelling the other side to come forward with information to assist the appellants with their case.
The Fifth Circuit strict construes the procedural safeguards of Rule 56, and a district court may not grant summary judgment sua sponte on the grounds not requested by the moving parties.

> **John Deere**, 809 F.2d at 1992; but se **Celotex,** 106 S.Ct at 2554. Summary judgment
> cannot be upheld where summary judgment is granted on grounds not urged in the motion
> and the non movant is not given proper notice that the district court may grant summary
> judgment on such grounds. **John Deere Co. v. American National Bank, Stafford,** 809 F.2d 1190, 1191-2 (5th Cir. 1987) . Fifth Circuit decisions stress the importance of providing the non moving party with an opportunity to respond to and to
> develop the record in opposition to requested summary judgment. Id at 1192.
> provided to the jury.   Rule 12(b) (6) motion to dismiss for failure to state a claim upon which relief
> can be granted:

The Motion shall be served at least 10 days before the time fixed for the hearing. In this particular case in so far as the appellants were concerned the trial judge did not schedule a hearing. The adverse party prior to the hearing which was never scheduled may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings.   Summary judgment is inappropriate where there is a genuine

5

disagreement as tot he reasonable inferences to be drawn from undisputed facts. **Fischbach,** 799 F.2d 297, 299 (5th Cir 1978); see **Stephen R. Ward, Inc.**' 681 F. Supp. At 392; **EEOC,** 657 F. Supp. At 743 (citing **Jones v. Western Geophysical Co. of America,** 669 F.2d 280, 283 **(5th** Cir. 1982); **Johnson v.** Sawyer, 640 F. Supp. 1126, 1130 (S.D. Tex. 1986) At the summary judgment stage the judge's function is not to weigh the evidence and determine the truth of the matter but to weigh the evidence whether there is a genuine issue for trial. **Anderson,** 106 5. Ct at 2511. **Wilkerson v. Columbus Separate School Dist.,** 985 F.2d 815, 817 (5th Cir. 1993); **Stephen R. Ward, Inc.** 681 F. Supp. At 392. At 392; Magee, 673F.Supp at 197: **EEOC,** 657 F.Supp at 743 299 (S.D. Tex 1986). The court must consider all the facts contained in the pleadings, depositions, admissions, answers to interrogatories, affidavits and inferences to be drawn therefrom. Thomas v. **N.A. Chase** Manhatten Bank, 1 F.3d 320, 323 (5th Cir. 1993). The judge is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant. **Anderson,** 106 S.Ct. at 2513; **Lindsey v. Prive Corp.,** 987 F.2d 324, 326 (5th Cir. 1993) **Honore,** 833 F.2d at 567; Leonard, 828 F.2d at 294. The judge must view the evidence through the prism of the substantive evidentiary burden. The question is whether the jury could reasonably find the plaintiffs/appellants either did or did not prove his case by the quality and quality of required by the governing law. Anderson, 106 5. Ct. at 2513. All reasonable doubt as to the existence of a genuine issue of material fact must be resolved against the movant and in **light most favorable against the non moving party. Doe v. Taylor Independent School District, 15 F.3d 443,** 456 nil (5th Cir. 1994), petition for cert. Filed (June 1, 1994) **EEOC,** 657 F.Supp at 743.

An issue is genuine if the evidence supporting its resolution in favor of the party opposing summary judgment, together with any inference in such party's favor that

6

the evidence allows, would be sufficient to support a verdict in favor of the party. St. Amant, 806 F.2d at 1297; **Professional Managers**, 799 F.2d at222; Stephen R. Ward Inc.,, 681 F.Supp. at 392; **Samples,** 673 F.Supp. at 1415. A crucial element and key in this particular case is that the trial judge and the Appellees went to great lengths to see that this case would not come to the public eyes. But the most serious injustice of this situation is that the discrimination in the federally funded program is still being allowed to continue. It is only the court who have been provided with the ability and constitutional right to monitor these processes and if they don't than no one else will. **It is obvious that the trial judge violated Rule 56(f) of the Federal Rules of Civil Procedure in that as an essential ingredient of the Federal Summary Judgment Scheme.** " Any Potential problem with premature summary motion judgments can be adequately dealt with under Rule 56(f), which allows a summary motion to be denied, or the hearing on the motion to be continued; if the non moving party has not had an opportunity to have full discovery. See Bache, 840 F.2d at 292. (noting Celtex's emphasis on Rule 56(f) as a device to obviate premature motions.) In considering a Motion to dismiss, district court would limit its review to factual allegations and accordingly, any affidavits submitted with regard to motion could not be considered. However, court could take judicial notice of matters of public record and documents incorporated by reference in the complaint-Clarry v. U.S.., 891 F.Supp. 105. If a party moving for dismissal for failure to state a claim bring matters outside of the complaint to the courts' attention, then motion should be considered as motion for summary judgment and all parties should be given opportunity to submit additional pertinent materials. Beeman v. Lacy, Katzen, Ryen & Mittleman, 892 F. Supp. 405. When considering motion to dismiss based on lack of jurisdiction, court may consider outside proceedings. **Liberty Cable Co., Inc. v. City of New York,** 893 F.Supp. 191. In determining Motion to dismiss for failure to state a claim, the

7

court could consider documents incorporated by reference into complaint. Federal Rules of Civil Procedure 12(b) (6), 28 U.S.C.A.-Lomaglio Associates Inc.. v. LBK Marketing Corp., 892 F. Supp. 89. The court cannot assume facts in favor of the defendant on Motion to dismiss for failure to state a claim. Federal Rules Civ. Procedure Rule 12(b) (6), 28 U.S.C.A—National Education Association- Rhode Island by Scigulinsky **v. Retirement Board of Rhode Island Employees System v. Retirement Board System,** 890 F. Supp. 1143. The court further states that the courts function in evaluating whether complaint states valid claim is not to weigh the evidence that midget be presented at trial but merely to **determine whether claim is legally deficient.-In re 72~ Street Realty Associates, 185 B.R. 460.** The district court may convert motion to dismiss into summary judgment proceedings in order to consider matters outside of the complaint; however court must give both parties the opportunity to present to the court all the material made pertinent to **such motion. Federal Rules of Civil Procedure 12(b) (6) 56, 28 tJ.S.C.A. -Brown v. Zavaras,** 63 F.3d 967. A motion to dismiss for failure to state cause of action requires court to consider only pleadings actually filed, although all reasonable inferences from facts must be liberally construed in favor of the party whom motion is made. When deciding motion to dismiss it is proper for the district court to look beyond the jurisdictional allegations in the complaint and view all the evidence submitted. Osario v. **Harza Engineering Company., 890 F.supp. 750. The standard approach to motion to dismiss requires the court** to presume that all factual allegations in the complaint are true and to accord benefit of all reasonable inferences to the non moving party. Ambrose v. **Blue shield, Inc.,** 891 F.Supp 1153.On Motion to dismiss based on jurisdictional issues, factual disputes created by conflicting statements are resolved in the plaintiff's favor-McCracken v. Automobile **Club of Southern California, Inc., 891 F. Supp. 559.**The appellants in this particular case

8

would like to point out that the trial judge held no hearings. Even when this case was in the newspapers. The appellants are puzzled for answers because only the trial judge can answer that. If the court does not hold hearings in connection with Motion to dismiss for lack of personal jurisdiction, and relies on pleadings and affidavits, court must consider facts in light most favorable and resolve all factual conflicts in favor of that party. **Hot Stuff Food Systems, Inc. v. Griffin Petroleum, Inc., 891 F. Supp. 499.**

Respectfully submitted:

TOM FRANKLIN, PRO SE

WHERESAS ALL FACTORS DULY TAKEN INTO CONSIDERATION, The Plaintiff request that his case should be reinstated

Dated: NOVEMBER 17, 2014
Of Pro Se ,Counsel:

Respectfully submitted,

*TOM FRANKLIN Pro Se Appellant*

9

*5633 OAK GROVE ROAD*
*FORT WORTH, TEXAS 76134*

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing was served by US Mailed and all other parties listed below *via* U.S. Mail on this, 3rd second day of December, 2014

Michael C Manniello
125 Michael Drive
Suite 105
Syosset, New York 11791

JORDAN A. WISHNEW
250 WEST 55TH STREET
NEW YORK, NEW YORK 10019

_____
TOM FRANKLIN ET AL, PRO SE

5633 Oak Grove Road
Fort Worth, Texas 76134

1