**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**


In re:

RESIDENTIAL CAPITAL LLC, et al.,

Debtors

Case No.12-12020(MG)

Chapter 11 Jointly administered

**Response to:**

NOTICE TO THE RESCAP BORROWER CLAIMS TRUST'S

EIGHTIETH OMNIBUS OBJECTION TO CLAIMS

(No Liability borrower claims)

Claimant: Nikki C. Johnson

Basis for claim: No liability.

RECEIVED

JAN 2 0 2015

U.S. BANKRUPTCY COURT, SDNY

The original claim was filed with the understanding that the Independent Foreclosure review process found my claim was valid and was going to investigate it to determine the financial injury as a result of errors or other problems during the foreclosure process. Then the Federal Reserve Board decided it was taking too long so they made deals with some of the banks involved in the review process to speed up the process and forebear the large expenses the auditing firms were running up with these reviews. There was to be a set amount awarded based on a remediation table that the Banks involved in agreed to. Unfortunately Residential Capital, LLC, et al., (GMAC) didn't even come close to paying for the financial injury or any penalty. I have enclosed documents that will show GMAC took me to court several times, due to errors on their part in posting payments and how they were credited. All of which caused me to incur additional expenses.

Each time they took me to court in error, I was charged legal fees by both my attorney and GMAC's attorney. My records indicate that these fees come to approximately $1750.00 in fees charged by GMAC and another $3505.00 charged by my attorney. I requested numerous times for documentation on how my payments were being applied, and to separate the legal fees, late fees, etc. so I could see what I actually owed. I poured over payment histories that would take a forensic accountant to figure out. I have also tried to gather data based on their posting practices as to how much money I believe i am still owed on credits to my mortgage. I have

attached tables at the end. I feel that this amount is somewhere in the ballpark of around $5000.00.

If my payments were applied properly, I would not have been taken to court on three separate occasions by GMAC.

In 2008 there was an error as to how post-petition payments were applied. February 2008 payment was not posted so as the months went on it appeared that I was in arrears. It took until January 2009 to fix the error even after I was taken to court. It would not be uncommon for them to post a payment a month after it was received because it was put in a suspense account. As a matter of fact, on September 5, 2008 they accepted a mortgage payment from me and then filed a Motion for Relief on September 18, 2008.

Furthermore the way they applied my chapter 13 payments to the loan were flawed in my opinion. They would take a current payment and apply it to a payment that was included in the bankruptcy, starting with the oldest missed payment first and working their way up. By doing this, in essence I would never be current until all the back payments had been made. Which by default would have been the day the last chapter 13 payment was made to the Trustee, since oldest payments were credited first.

I will give you examples, noting that the figures I use are not the actual figures. Let's say one of the mortgage payments I missed in 2007 was $2000.00. So in 2008 my mortgage payment may have been $2100 because my escrow account had increased. So they would take the current $2100 payment and apply it to the $2000 payment amount and the rest would float around in some account until there was enough to make a full payment on another amount. But let's say in 2009 my mortgage payment was decreased to $1900. When it was applied to a missed payment from the bankruptcy, which may have been $2100.00 from 2008, there would not have been enough money to make a full payment against that amount, the money would be held in some suspense account until there was enough. They did not handle the bankruptcy judgment separate from the current payments. So not only was there confusion, I feel there is still some money owed to me, about $5000.00 from the way these payments were applied. I have attached some worksheets to this letter.

Because of this accounting system there were many months when I would call to make a payment and they would say I wasn't due until the following month. Then sometimes there would be a large amount not distributed and this would cause my account to look like it was in arrears.

In 2009 I was again taken to court because my May 2009 payment had not been applied. I felt like I constantly had to have a work order opened for some kind of payment issue.

In 2010, again I was taken to court for nonpayment even though the months in question, I had receipts for the three months they said I did not pay.

As you can see, all this added additional fees to my mortgage from the GMAC attorney, as well as me having to have my attorney object to it.

Hopefully I have covered all the issues. I have attached court documents, letters to and from my attorney, letters to GMAC attorneys as well as some tables where I have tried to decipher what I paid and what was credited.

During this whole process I was in contact with USAA the servicer for GMAC and could never get an easy to use, concise payment history that told me, what I paid in, how it was credited and what it was applied to. Nor could I get a flat answer as to how much was attorney fees, late charges, etc.

At one point there were fees for corporate advances (to this day I'm clueless as to what they are) which equaled the amount I was charged for a "Speed Pay", meaning I paid by phone, so I could get a confirmation statement by email. I was taken to court so often I felt I needed the confirmation statement in case I needed proof immediately. (And it turns out I did on several occasions, especially in 2010 when the judge awarded GMAC a "Relief from the Automatic Stay" provision of a previously erroneously court filing, for nonpayment when in fact I had paid.) The fee to pay by phone was $12.50 which was included in the amount that came out of my checking account, yet it appeared as charges on my mortgage account. Even though they removed most of the errant corporate advances on my account, I somehow feel like I should be reimbursed for the $12.50 every month as well because their record system was so shoddy. The fee for property inspections was wrong by several hundred dollars and I had to get that credited as seen by correspondence with their attorneys.

I still don't trust to this day that there were charges on my account that shouldn't be there. I am very disappointed the auditors for the Independent Foreclosure Review did not continue their investigations, as I feel they would be the only ones equipped to unravel these payment histories. The banks got off easy, assessing whether or not they made mistakes and then they were let to determine what the mortgage holder was entitled to. How could they have my best interest at heart as well as their own? It was not fair.

You should direct any correspondence to my address on record:

Nikki C. Johnson

2045 Esquire Lane

Racine, WI  53406

*Phone # 262-260-8693*

Sincerely,

Nikki C. Johnson

Dated January 16th, 2015

Racine, WI  53406

# Independent Foreclosure Review



\* 1 0 0 2 0 2 6 5 1 7 \*

**Important Notice:**
Your loan may be eligible for an Independent
Foreclosure Review that may result in
compensation or other remedy.
Please respond by April 30, 2012.

| | |
|---|---|
| Loan Number: | 0702008305 |
| Reference Number: | 1002026517 |

Property Address:
2045 Esquire Ln
Racine WI 53406-2395

73425-07-V001-0031482
Nikki C Johnson
2045 Esquire Ln
Racine WI 53406-2395

*If you have more than one mortgage account that meets the initial
criteria for an independent review, you will receive a separate
notice for each. You will need to submit a separate Request For
Review Form for each account.*

## You are receiving this notice because the above property is or was active in the foreclosure process between January 1, 2009 and December 31, 2010.

Si usted habla español, tenemos representantes que pueden asistirle en su idioma.

The Board of Governors of the Federal Reserve System and the Office of the Comptroller of the Currency
(federal bank regulators) have required an **Independent Foreclosure Review** to identify customers who may
have been financially injured as a result of errors, misrepresentations, or other deficiencies made during the
foreclosure process. GMAC Mortgage servicing on behalf of USAA Federal Savings Bank's records indicate that
your loan may meet the initial criteria:

- Your mortgage loan was active in the foreclosure process between January 1, 2009 and December 31, 2010.
- The property was your primary residence.

If you believe that you may have been financially injured, you may submit a Request for Review Form
for an **Independent Foreclosure Review** by a consultant outside of GMAC Mortgage servicing on behalf of
USAA Federal Savings Bank.

The **Independent Foreclosure Review** will not have an impact on your credit report or any other options you
may pursue related to your foreclosure. If you filed a complaint about the foreclosure process prior to this
independent review, you are still eligible to submit a Request for Review Form.

## The Review Process
**Step 1: Review the enclosed Request for Review Form.**
The form describes examples of situations that may have led to financial injury during the foreclosure process.

**Step 2: After reviewing the form, if you believe you may have been financially injured, complete and submit
a Request for Review Form describing your situation.**
Return the completed form using the enclosed prepaid envelope by April 30, 2012.
You will be sent an acknowledgement letter within one week after your request is received.

**Step 3: Your request will be evaluated to confirm eligibility for the Independent Foreclosure Review.**
If your request meets the eligibility requirements, it will be reviewed by an independent consultant.

# Independent Foreclosure Review

April 23, 2012



*100202 6517 - ACKL*

***** SINGLE PIECE
75262-13-V001-0000088-ACKL-M3105
Nikki C Johnson
c/o Nikki C Johnson
2045 Esquire Ln
Racine WI 53406-2395

## Your Request for Review Form has been received.

Reference Number:   1002026517

Property Address:

2045 Esquire Ln
Racine WI 53406-2395

*Si usted habla español, tenemos representantes que pueden asistirle en su idioma.*

Dear Nikki C Johnson,

We have received a Request for Review Form for the property noted above. If you have requested an Independent Foreclosure Review, your request will now be evaluated to confirm eligibility.

If your request meets the eligibility requirements, it will be reviewed by an independent consultant. Your servicer will provide relevant documents along with any findings and recommendations related to your request to the independent consultant for review. Your servicer may be asked to clarify or confirm facts and disclose reasons for events that occurred related to the foreclosure process. You could be asked to provide additional information or documentation.

The Independent Foreclosure Review will determine if you suffered financial injury as a result of errors or other problems during the foreclosure process. You will receive a letter with the findings of the review and information about possible compensation or other remedy. Because the review process will be a thorough and complete examination of many details and documents, the review could take several months.

Please note, if you do not meet the eligibility requirements or the information you provided was not about errors or other problems during the foreclosure process, we will notify you within 90 days of this letter that your submission will not be reviewed by the Independent Foreclosure Review process.

If you have questions or need a Form by mail, call 1-888-764-8867, Monday through Friday, 8 a.m.–10 p.m. ET or Saturday, 8 a.m.–5 p.m. ET.

Sincerely,

Independent Review Administrator

# Independent Foreclosure Review

September 28, 2012



```
*  1 0 0 2 0 2 6 5 1 7 - S I P  *
```

**This letter is confirming your Request for Review has been received and is being reviewed.**

Reference Number:   1002026517

Property Address:

2045 Esquire Ln
Racine WI 53406-2395

\*\*\*\*\* SINGLE PIECE
77419-00-V008-0006034-SIP-M3105
Nikki C Johnson
2045 Esquire Ln
Racine WI 53406-2395

*Si usted habla español, tenemos representantes que pueden asistirle en su idioma.*

Dear Nikki C Johnson,

Many homeowners are concerned about the pace of the Independent Foreclosure Review. This letter is intended to let you know that the review you requested of your mortgage foreclosure as part of the Independent Foreclosure Review is in process.

### STATUS

More than 220,000 people to date have asked for reviews. Each review has many steps and takes time—so it may be several more months before the results of your file review are available.

### PROCESS

Independent consultants will carefully review your request and you will receive a letter about the findings when the review is finished. If the review shows an error by the servicer in your foreclosure that resulted in financial injury to you, the servicer will be required to compensate you for that financial injury, which may involve a payment or other remedy to you and any necessary correction of your record. General information about the review process is available by calling 1-888-952-9105.

### COMPENSATION

The compensation or other remedy a homeowner may receive will depend on the type of error found in their file. You can find information about possible compensation at IndependentForeclosureReview.com/Remediation.aspx

### OTHER HELP

If you need help with your mortgage now, you may talk to your loan servicer or contact a HUD-approved nonprofit organization that helps homeowners in distress. Information about HUD-approved nonprofit organizations that can provide free assistance is available at http://www.makinghomeaffordable.gov/get-started/housing-expert or by calling 1-888-995-HOPE (4673).

Your patience is appreciated as the independent consultants are working to review your request.

Sincerely,

Independent Review Administrator - Rust Consulting, Inc.

# Independent Foreclosure Review

April 2, 2013



* 1 0 0 2 0 2 6 5 1 7 - S P 2 *

**This letter is confirming your Request for Review has been received and is being reviewed.**

Reference Number:   1002026517

Property Address:

2045 Esquire Ln
Racine WI 53406-2395

***** SINGLE PIECE
79942-00-V002-0015054-SP2-M3105
Nikki C Johnson
2045 Esquire Ln
Racine WI 53406-2395

*Si usted habla español, tenemos representantes que pueden asistirle en su idioma.*

Dear Nikki C Johnson,

You may have heard about the recent Agreements reached between the federal banking regulators and several servicers participating in the Independent Foreclosure Review. This letter is intended to advise you that your servicer is not one of the participants in the Agreements and therefore the review you requested of your mortgage foreclosure as part of the Independent Foreclosure Review continues and remains in process.

**STATUS**
Each review has many steps and takes time—so it may be several months before the results of your file review are available.

**PROCESS**
Independent consultants will carefully review your request and you will receive a letter about the findings when the review is finished. If the review shows an error by the servicer in your foreclosure process that resulted in financial injury to you, your servicer will be required to compensate you for that financial injury, which may involve a cash payment or other compensation to you and any necessary correction of your record. General information about the review process and the progress of the reviews is available through the toll free number: (888) 952-9105.

**COMPENSATION**
Potential compensation a borrower may receive depends on the type of error found in their file. You can find information about possible compensation at https://independentforeclosurereview.com/Remediation.aspx

**OTHER HELP**
If you need help with your mortgage now, you may talk to your loan servicer or contact a HUD-approved nonprofit organization that helps homeowners in distress. Information about HUD-approved nonprofit organizations that can provide free assistance is available at www.makinghomeaffordable.gov/get-started/housing-expert.gov or by calling (888)-995-HOPE (4673).

Your patience is appreciated as the independent consultants are working as quickly as possible to review your request.

Sincerely,

Independent Review Administrator - Rust Consulting, Inc.

 **ichelson**    Attorneys – At – Law

Robert Michelson (1944-2007)
Abraham Michelson
Carrie R. Michelson

617 – 6th Street. P.O. Box 67
Racine. Wisconsin 53401-0067
Racine: (262) 638-8400
Kenosha: (262) 552-7446
Fax: (262) 638-1818

April 14, 2011

Ms. Nikki Johnson
2045 Esquire Lane
Racine WI 53406

Re: Contested Matters - Additional Attorneys Fees

Dear Ms. Johnson:

Please find enclosed an Application for Attorneys fees with attached summary and itemized billing. The summary details the additional services rendered for $868.20. **You will be responsible for this amount.** . As you will recall, you incurred additional attorneys fees in reference to a renewed Trustee's Motion to Dismiss and other services as detailed in the attached itemization..

I am asking the Court to approve the allowance of the additional attorney's fees and costs of $868.20. I am asking the $868.20 be paid through the trustee within your plan. If you believe the request is unreasonable, and you wish to object, you should contact me within 21 days of the date of this letter so we can discuss the matter. If you are in agreement that the request is reasonable, **please sign the statement at the bottom of this letter and return it to me as soon as possible.** A copy is enclosed for your records.

Very truly yours
THE MICHELSON LAW OFFICE


Carrie R. Michelson

sm
Enc.
I AGREE TO THE ADDITIONAL ATTORNEY'S FEES:


Nikki Johnson        4-18-11
Nikki Johnson         Date

UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: NIKKI JOHNSON,                    Case No: 07-29029
                                              Chapter 13

                    Debtor(s).

## APPLICATION FOR APPROVAL OF ATTORNEY FEES

NOW COMES THE MICHELSON LAW OFFICE, Attorneys for the above-named Debtor(s), and makes application as follows:

FIRST:    This case was filed on November 12, 2007..

SECOND:    The court entered an Order Approving Attorneys fees in the amount of $3,179.25 on June 18, 2010 which was paid inside the Debtor(s)'s Chapter 13 Plan as an administrative expense. This was in addition to the initial flat fee of $3,000 paid as follows: $1,286.00 by the client directly to Michelson Law office and $1,714.00 paid by the trustee through the Chapter 13 Plan.

THIRD:    Counsel for Debtor has rendered the following additional services for Debtor in connection with:

    A.    Renewed Trustee's Motion to Dismiss;

    B.    Other services as detailed on the attached itemized statement.

FOURTH:    An itemized listing of the above-referenced services is attached hereto and incorporated herein by reference.

FIFTH:        Applicant has expended additional services as shown in the attached itemized statement and summarized as follows:

| Hr | Rate | | |
|---|---|---|---|
| 2.7 | $265.00 | $715.50 | Attorney fees |
| 2.0 | $75.00 | $150.00 | Paralegal fees |
| | ADD'L FEES AND COSTS: | $868.20 | |

EIGHTH:        Based upon the foregoing, the Michelson Law Office, moves the Court for an order approving attorneys fees and costs in the amount of $868.20 by the Trustee to Michelson Law Office through the Chapter 13 Plan. Further, should any portion of these approved fees remain unpaid should the plan be dismissed or discharged, the Debtor shall pay any remainder to the Michelson Law Office directly.

Dated this        day of April, 2011.

THE MICHELSON LAW OFFICE
Attorneys for Debtor

Carrie R. Michelson
State Bar No: 1021193

617 6th Street, P.O. Box 67
Racine, WI  53401-0067
(262) 638-8400
Fax (262) 638-1818

| ACTIVITY FOR FEE APPLICATION SINCE FEE APPLICATION ORDERED June 18, 2010 for services through March 3, 2010 NIKKI JOHNSON 07-29029 | | Para-legal & time charge | Fee at $75/hour | Attorney & time charges | Fee at $265 per hr. AM or CM |
|---|---|---|---|---|---|
| 10 | Letter Gray & Associates requesting pay history; cc to client | .2 BW | $15.00 | | |
| /13/10 | Examine renewed Trustee's Motion to Dismissed; checked trustee website to determine feasibility; TC with client re information needed; Memo staff re instructions | | | .5 CM | $132.50 |
| 12/29/10 | TC with client discussing Trustee's Motion to Dismiss; client indicates she didn't have to file taxes in 08 / 09 | .2 BW | $15.00 | | |
| 12/30/10 | Reviewed information collected from client; Draft Objection to Trustee's Renewed Motion to Dismiss; give to staff to serve and file | | | 1.0 CM | $265.00 |
| 12/30/10 | Examine Notice of Hearing and calendar | .1 BW | $7.50 | | |
| 1/7/11 | Negotiated settlement of Trustee's Renewed Motion to Dismiss | | | .2 CM | $53.00 |
| 1/20/11 | Review court order and Letter client re resolution of Trustee's Motion to Dismiss | | | .3 CM | $79.50 |
| 1/24/11 | Draft fee itemization | .5 SM | $37.50 | | |
| 1/24/11 | Review Fee itemization and file | | | .2 CM | $53.00 |
| 1/24/11 | Draft Application for Fees and Letter client re same | | | .5 CM | $132.50 |
| 1/24/11 | Draft 3 Certificates of Service; Draft Notice of Requirement for Response; Draft Affidavit of No Objection; Draft Order for Attorneys fees; serve and file as appropriate | 1.0 SM | $75.00 | | |

TOTAL PARALEGAL HOURLY FEES  =   2.0 hours x $75.00/hr =           $ 150.00

TOTAL ATTORNEY HOURLY FEES   =   2.7 hours x $265.00/hr =        $  715.50

                                             TOTAL FEE      $  868.20

1

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:

DATED: May 17, 2011



*Susan V. Kelley*

Honorable Susan V. Kelley
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

IN RE: NIKKI JOHNSON,                 CASE # 07-29029

     Debtor.

                                Chapter 13

### ORDER APPROVING FEE APPLICATION

The matter having come before the Court upon the application of Michelson Law Office, all interested parties having been served with notice of the application, no objections to the application having been received and a certification of no response having been filed, and the Court being otherwise fully advised in the premises:

**IT IS HEREBY ORDERED:**

1. The Court approves additional Attorneys fees in the amount of $868.20 to be paid by the trustee directly to the Michelson Law Office through the debtor's Chapter 13 Plan.

2. Further, in the event the Chapter 13 Plan is dismissed or discharged prior to the complete payment of $866.20, any unpaid balance may be collected from the Debtor outside the Plan.

3. This award covers services rendered and expenses incurred during the time period from May 11, 2010 to January 20, 2011.

3. Debtor's counsel shall serve a copy of this Order upon the Chapter 13 Trustee.

# # # #

 **ichelson**   Attorneys – At – Law

Robert Michelson (1944-2007)
Abraham Michelson
Carrie R. Michelson

617 – 6th Street, P.O. Box 67
Racine, Wisconsin 53401-0067
Racine: (262) 638-8400
Kenosha: (262) 552-7446
Fax: (262) 638-4818

March 19, 2010

Ms. Nicki Johnson
2045 Esquire Lane
Racine WI 53406

Re: Contested Matters - Additional Attorneys Fees

Dear Ms. Johnson::

Please find enclosed an Application for Attorneys fees with attached summary and itemized billing. The summary details the services rendered for the initial flat fee of $3000 plus costs as well as the the additional attorney's fees and costs pursuant to the fee agreement you signed of $3,179.25. **You will be responsible for this amount.** . As you will recall, you incurred additional attorneys fees in reference to a Motion for Relief From Stay filed by GMAC, an Objection to Affidavit to Default; 2nd Objection to Affidavit of Default, a Trustee's Motion to Dismiss, and other services as detailed in the attached itemization..

I am asking the Court to approve the allowance of the additional attorney's fees and costs of $3,179.25.  I am asking the $3,179.25 be paid through the trustee within your plan. If you believe the request is unreasonable, and you wish to object, you should contact me within 20 days of the date of this letter so we can discuss the matter. If you are in agreement that the request is reasonable, **please sign the statement at the bottom of this letter and return it to me as soon as possible.** A copy is enclosed for your records.

Very truly yours
THE MICHELSON LAW OFFICE

Carrie R. Michelson

sm
Enc.
I AGREE TO THE ADDITIONAL ATTORNEY'S FEES:

_____          _____
Nikki Johnson                    Date

THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:



DATED: June 18, 2010

*Susan V. Kelley*

Honorable Susan V. Kelley
United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

IN RE: NIKKI JOHNSON,              **CASE # 07-29029**

    Debtor(s).              Chapter 13

### ORDER APPROVING FEE APPLICATION

      The matter having come before the Court upon the application of Michelson Law Office, all interested parties having been served with notice of the application, no objections to the application having been received and a certification of no response having been filed, and the Court being otherwise fully advised in the premises:

    **IT IS HEREBY ORDERED:**

    1. The Court approves Applicant's fees and expenses as follows:

| | | |
|---|---|---|
| Initial Flat fee | $3,000.00 | |
| Less Payment by client | $ 1,286.00 | |
| Subtotal: | | $ 1,714.00 |
| LESS TRUSTEE PAYMENTS: | | (1,714.00) |
| ADDITIONAL AWARD FOR FEES: | | $3,179.25 |

      TOTAL FEES AND COSTS:              $ 3,179.25

    **BALANCE TO BE PAID BY TRUSTEE**
    **TO THE MICHELSON LAW OFFICE:**              $ 3,179.25

    2. Further, in the event the Chapter 13 Plan is dismissed prior to the complete payment of $3179.25, any unpaid balance may be collected from the Debtor outside the Plan.

    3. This award covers services rendered and expenses incurred during the time period from October 23, 2007 to March 3, 2010.

    3. Debtor's counsel shall serve a copy of this Order upon the Chapter 13 Trustee.

        # # # #

UNITED STATE BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

IN RE: NIKKI JOHNSON,                          Case No: 07-29029
                                                       Chapter 13
                    Debtor(s).

## APPLICATION FOR APPROVAL OF ATTORNEY
## FEES

NOW COMES THE MICHELSON LAW OFFICE,    Attorneys for the above-named

Debtor(s), and makes application as follows:

FIRST:        This case was filed on November 12, 2007..

SECOND:        Your applicant was engaged to provide service on the basis of a Chapter 13

flat fee of $3,000 of which $1286.00 was paid by the debtor and the remaining $1,714.00 has been

paid inside the Debtor(s)'s Chapter 13 Plan as an administrative expense. Initially, the debtor paid

a retainer of $1600 from which the filing fee of $274, $40 credit report and $18.00 postage was paid,

leaving the $1286 which was applied to attorneys fees as referred to above.

THIRD:        In consideration for the flat fee  set forth above, Counsel for the Debtor(s)

agreed to and did render the following services:

A.    Office conference with client to:
    ~    Discuss the Differences in the Bankruptcy Chapters and relevance to
         the client;
    ~    Define  terms to be used during the bankruptcy;
    ~    Review Questionnaire and Answers looking for particular issues and
         missing required information;
    ~    Determine if it is anticipated that client will be above median income;
    ~    If above median income, explain calculations needed for C22
         schedule;
    ~    Discuss reasons for voluntary Chapter 13;
    ~    Discuss Time-lines in a Chapter 13;
    ~    Discuss and explain concept of The Plan, including who will be paid
         and how payments to the Plan will be made;
    ~    Go over checklist of document and information required;

~    Discuss audits;
~    Review fee agreements;
~    Give court appearance information;

B.    Draft notes to office staff re: fee agreement, integrating client into billing system, and special problems to be immediately alerted to;

C.    Follow-up calls and letters concerning missing financial information and documentation required under BAPCPA;

D.    Draft bankruptcy petition and initial letters;

E.    Draft letter to client re: general information about case;

F.    Examine Trustee's Deduction Order;

G.    Draft letter to client re: Sec. 341 hearing;

H.    Draft letter to client re: what to expect at Sec. 341 hearing;

I.    Represent client at Sec. 341 hearing;

J.    Obtain additional information requested by Trustee;

K.    Modify Plan if necessary for confirmation; and serve all parties;

L.    Confer with Trustee's Office/represent client at second 341 Hearing;

M.    Review Proof of claims;

N.    Examine Order of Confirmation;

O.    Conference with Case Manager re: Trustee's Notice to Pay Claims.

P.    Periodically review Trustee's Case Status; and

Q.    Handle routine inquiries from client.

FOURTH:    An itemized statement for these charges is attached hereto and incorporated herein by reference and is summarized as follows:

| Hr | Rate | | |
|---|---|---|---|
| 5.45 | $265.00 | $1,444.25 | Attorney fees |
| 16.4 | $75.00 | $1,230.00 | Paralegal fees |
| | TOTAL | $2,674.25 | |
| | CHARGED: | $3,000.00 | |
| | CREDIT: | $325.75 | |

It is anticipated that Counsel will continue to expend additional time relative to these services through the conclusion of this case.

FIFTH:    Counsel for Debtor(s) has rendered the following additional services for Debtor(s) in connection with:

A.    Representation of Debtor(s) in connection with Motion for Relief from

Automatic Stay filed by GMAC Mortgage;

B.      Objection to Affidavit of Default

C.      2nd Objection to Affidavit of Default

D.      Trustee's Motion to Dismiss

E.      Other services as detailed on the attached itemized statement.

SIXTH:      An itemized listing of the above-referenced services is attached hereto and incorporated herein by reference.

SEVENTH:      Applicant has expended additional services as shown in the attached itemized statement and summarized as follows:

| Hr | Rate | | |
|---|---|---|---|
| 8.5 | $265.00 | $2,252.50 | Attorney fees |
| 16.7 | $75.00 | $1,252.50 | Paralegal fees |
| | Subtotal: | $3,505.00 | |
| | Less Credit Balance:: | $325.75 | |
| | **ADD'L FEES AND COSTS:** | **$3,179.25** | |

EIGHTH:      Based upon the foregoing, the Michelson Law Office, moves the Court for an order approving attorneys fees and costs in the amount of $3,179.25 by the Trustee to Michelson Law Office through the Chapter 13 Plan. Further, should any portion of these approved fees remain unpaid should the plan be dismissed or discharged, the Debtor shall pay any remainder to the Michelson Law Office directly.

Dated this 17th day of March, 2010..

THE MICHELSON LAW OFFICE
Attorneys for Debtor

Carrie R. Michelson
State Bar No: 1021193

617 6th Street, P.O. Box 67
Racine, WI   53401-0067
(262) 638-8400
Fax: (262) 638-1818

# ichelson    Attorneys – At – Law

Robert Michelson (1944-2007)
Abraham Michelson
Carrie R. Michelson

617 – 6th Street, P.O. Box 67
Racine, Wisconsin 53401-0067
Racine: (262) 638-8400
Kenosha: (262) 552-7446
Fax: (262) 638-1818

## SUMMARY ATTORNEYS FEES AND COSTS
March 10, 2010
Ms. Nikki Johnson
2045 Esquire Lane
Racine WI 53406

### ATTORNEYS FEES AND COSTS:

| Date | Description | Amount |
|------|-------------|-------:|
| 11/12/07 | Chapter 13 Bankruptcy - Flat Rate $3,000.00 | $ 3,000.00 |
| 11/12/07 | Filing Fee | 274.00 |
| 11/12/07 | Postage Bankruptcy Case | 18.00 |
| 11/6/07 | Credit Report | 40.00 |
| 03/10/10 | Additional Attorney's Fees and costs | 3,179.25 |
| | SubTotal: | $ 6,511.25 |

### PAYMENTS:

| | | |
|---|---|---:|
| Total Payments by Trustee to date | ($1,714.00) | |
| Less Error on Ledger | (18.00) | |
| Less client payment from trust (see below) | ( 1,600.00) | |
| Total Payments | | $(3,332.00) |
| Subtotal | | $ 2,829.00 |

## BALANCE DUE ADDITIONAL ATTORNEY FEES AND COSTS:        $ 3,179.25

### TRUST  ACCOUNT

| Date | Description | Amount |
|------|-------------|-------:|
| 11/05/07 | Retainer Paid to Trust by client | $1,600.00 |
| 12/11/07 | Transfer to Costs for Filing fee | (274.00) |
| 12/11/07 | Transfer to Costs for Postage Bankruptcy | ( 18.00) |
| 12/11/07 | Transfer to Credit Report | ( 40.00) |
| 12/11/07 | Transfer to Attorneys fees | (1,286.00) |
| BALANCE IN TRUST: | | $zero |

| JOHNSON, NIKKI    07-29029 SVK | | | | |
|---|---|---|---|---|
| Activity Under contract/no look fee | Para-legal & time charge | Fee at $75/hour | Attorney & time charges | Fee at $265 per hr. AM or CM |
| **23/07** Office conference with client to: Discuss the Differences in the Bankruptcy Chapters and relevance to the client; Define terms to be used during the bankruptcy; Review Questionnaire and Answers looking for particular issues and missing required information; Determine if it is anticipated that client will be above median income; If above median income, explain calculations needed for C22 schedule; Discuss reasons for voluntary Chapter 13; Discuss Time-lines in a Chapter 13; Discuss and explain concept of The Plan, including who will be paid and how payments to the Plan will be made; Go over checklist of document and information required; Discuss audits; Review fee agreements; | | | 1.25 CM | $331.25 |
| Draft notes to office staff re: fee agreement, integrating client into billing system, and special problems to be immediately alerted to; | | | .50 CM | $132.50 |
| **11/6/07** Check Judgments; download credit report | 1.00 KA | $75.00 | | |
| **11/6/07** OCWC answering multiple questions and concerns | .50 BW | $37.50 | | |
| **11/7/07** Extensive conference with client and Memo file re first mortgage; income sources; Plan terms | 1.00 BW | $75.00 | 1.00 CM | $265.00 |
| 11/08/07 Organize file; work on Petition; Calculate percentage to be paid to unsecured creditors based on non-exempt assets; prepare plan and plan calculations; confer with attorney; telephone conference with client | 5.00 KA | 375.00 | | |
| 11/11/07 Review information from client and Petition, Schedules, Plan and Plan Calculations; work with staff re changes | | | 1.00 CM | $265.00 |
| 11/12/07 File petition, schedules, plan and calculations; 2 letters clients; letters to priority creditors; draft, serve and file Notice of Bankruptcy re GMAC Mortgage; Fax Atty Pitner Bankruptcy Notice re Sheriff's Sale cancellation | 1.00 KA | $75.00 | | |

| Date | Description | BW | | CM | |
|---|---|---|---|---|---|
| | Copy tax returns and proof of pension; send to Trustee | .50 BW | $37.50 | | |
| 7 | TC with Johnson Bank re autowithdrawal of mortgage payment; TC with client | .20 BW | $15.00 | | |
| 0/07 | Examine and file Order for Payroll Deduction | .10 BW | $7.50 | | |
| 2/19/07 | Represent client at First Meeting of Creditors; meet with client before and after; instruct staff as to modifying plan amending schedules, etc. | | | 1 .00 CM | $265.50 |
| 01/02/07 | File Post Filing Financial management certificate | .20 BW | $15.00 | | |
| 01/08/08 | Draft, serve and file Motion to Modify Chapter 13; collect information re same; prepare amended Plan and Plan Calculations; and amended Schedules | 1.50 BW | $112.50 | | |
| 01/13/08 | Examine letter of client re Broker's Statement and bank statement | | | .10 CM | $26.50 |
| 01/14/08 | Fax trustee bank statements requested | .5 BW | $37.50 | | |
| 02/15/08 | Examine Order Confirming Plan; review file and plan, plan calculations | | | .20 CM | $53.00 |
| 03/17/08 | Review all claims; Letter client re claims status and issues re payment | 1.00 BW | $75.00 | | |
| 04/10/08 | Review claim of Wis Dept of Revenue | .20 BW | $15.00 | | |
| 06/23/08 | Review amended claim of IRS and Claim of USAA Federal Savings Bank | .20 BW | $15.00 | | |
| 08/10/08 | Examine IRS claim and trustee report; Letter client re IRS estimated claim; re no return filed in 2007 | 1.00 BW | $75.00 | | |
| 10/27/08 | Review amended claim of IRS | .20 BW | $15.00 | | |
| 12/18/08 | Review amended claim of IRS | .20 BW | $15.00 | | |
| 01/08/09 | Review Notice of Intent to Pay Additional Claims | .20 BW | $15.00 | | |
| 02/23/09 | Examine letter from IRS re issues with 2007 income tax returns; instructions to staff, cc to client | | | .20 CM | $53.00 |
| 03/01/09 | Examine letter of client with explanation of 2007 tax issues; Discuss with attorney; Extensive letter Trustee re 2007 tax issues | 1.00 BW | $75.00 | | |
| 03/17/09 | Review fax from USAA mortgage re permission to discuss loss mitigation with client; sign release and returned by fax | | | .20 CM | $53.00 |
| 03/26/09 | TC with IRS Sharon Heindl and Letter client re need for amended 2007 return | .50 BW | $37.50 | | |

| | | | | | |
|---|---|---|---|---|---|
| | Letter to IRS Sharon Heindl with original amended 2007 1040X | .20 BW | $15.00 | | |
| 9 | TC with Sharon Heindl IRS re delay in filing amended | .20 SM | $15.00 | | |

TOTAL PARALEGAL HOURLY FEES =  16.4 hrs  hours x $75.00/hr   =  $1,230.00  ,
TOTAL ATTORNEY HOURLY FEES  =  5.45  hrs x      $265.00/hr   =   1,444.25
                                  Total Hourly Rate:       $2,674.25
                                  LESS CONTRACT FEE     $3,000.00
                                  **CREDIT BALANCE:**        **($325.75)**

**CONTRACT FEE = $ 3,000.00         HOURLY FEE = $**

| Date | ACTIVITY FOR FEE APPLICATION | Para-legal & time charge | Fee at $75/hour | Attorney & time charges | Fee at $265 per hr. AM or CM |
|---|---|---|---|---|---|
| 09/18/08 | Examine Motion for Relief from Stay by GMAC; Check trustee payments and docket; check treasurer's website re value vs mortgage balance; Discuss findings with Attorney.  Extensive letter client re Objection; information needed; options | 2.00 BW | $150.00 | | |
| 09/30/08 | Extensive TC with client re collecting information for Objection; memo file re same | 1.00 BW | $ 75.00 | | |
| 10/02/08 | Review staff's findings: check calculations - determine plan feasibility if supplemental claim filed.  Draft Objection and give to staff to serve and file; letter to client. | | | 1.00 CM | $265.00 |
| 10/02/08 | File and serve objection | .50 BW | $ 37.50 | | |
| 10/04/08 | Examine Hearing Notice and calendar | .10 BW | NC | | |
| 10/09/08 | Negotiations re settlement of Motion for Relief; memo to file re settlement; Conference call re settlement; Extensive letter client re settlement | | | 1.00 CM | $265.00 |
| 10/14/08 | Examine, sign and return proposed Stipulation and Order regarding Motion of GMAC Mortgage | | | .20 CM | $ 53.00 |
| 11/18/08 | Examine letter from client re missed payments; examine GMAC amended supplemental claim | .20 BW | $15.00 | | |
| 01/12/09 | Receive and review Trustee's Motion to Dismiss; check Trustee's website re payment history | | | .20 CM | $53.00 |

| Date | Description | | | | |
|---|---|---|---|---|---|
| | Examine client letter to Court detailing Debtor's Objection to Trustee's Motion to Dismiss; Extensive Letter client re missed mortgage payments; missed trustee payments; and options | | | .30 CM | $79.50 |
| 22/09 | Examine Notice of Hearing re Objection to Motion to Dismiss, calendar | .10 BW | NC | | |
| 01/27/09 | Examine letter of client re sufficiency of Objection she filed and contacts with the mortgage company | | | .10 CM | NC |
| 02/06/09 | Examine Email of trustee re settlement offer; TC with client re same and decision to accept | .50 BW | $37.50 | | |
| 02/08/09 | TC with client re problems with Stipulation | .50 BW | $37.50 | | |
| 02/19/09 | Examine letter of February 12, 2009; instruct staff on how to respond. | | | .50 CM | $132.50 |
| 02/25/09 | Examine email of trustee's office to Atty. Perhach requesting amended claim and file | .10 BW | $ 7.50 | | |
| 02/27/09 | Examine letter of Atty. Pitner withdrawing Claim No. 14-2 | | | .10 CM | $26.50 |
| 06/17/09 | Review trustee report and file; Discuss with attorney; Letter client re potential for reduction in monthly payment; | .50 BW | $37.50 | | |
| 08/13/09 | Review Affidavit of Default by GMAC ; Collect information re same; Objection; instruct staff re filing and serving | | | 1.0 CM | $265.00 |
| 08/14/09 | Examine Notice of hearing and Calendar | .10 BW | NC | | |
| 08/18/09 | Review email from Attorney Perhach re pending post petition arrearages; did calculations; T/C with client; response to Attorney Perhach | 1.00 BW | $75.00 | | |
| 08/19/09 | Rec and review Fax of client with bank statements | .20 BW | $15.00 | | |
| 08/21/09 | TC with client re status of 6/2 payment; | .20 BW | $15.00 | | |
| 08/21/09 | Organized information; Email to Atty. Perhach re payments made; payments in trust account; | .50 BW | $37.50 | | |
| 08/21/09 | Examine email from client re sending payment history; history of payments; | .10 BW | $ 7.50 | | |
| 08/24/09 | Email exchange with client re adjourned hearing ; need for payments in trust | .20 BW | $15.00 | | |
| 08/24/09 | Email Atty Perhach with details of payments made and info from lender; delay of hearing | .50 BW | $37.50 | | |
| 08/25/09 | Received payment history; Letter client | .20 BW | $15.00 | | |

| Date | Description | | | | |
|---|---|---|---|---|---|
| | Review all information; Memo re facts of case to Attorney | 1.00 BW | $75.00 | | |
| /09 | Review Memo re facts and case; Review proposed resolution and contact opposing counsel | | | .50 CM | $132.50 |
| 15/09 | Enter settlement upon the record | | | .20 CM | $53.00 |
| 9/18/09 | Review proposed order; instruct staff on revisions needed and letter to client | | | .20 CM | $53.00 |
| 09/18/09 | Email to opposing counsel re: revisions; Draft extensive letter client re settlement of Affidavit of Default ; | 1.00 BW | $75.00 | | |
| 09/22/09 | Letter Atty Perhach re issues with Order; trust account check, and recalculation of supplemental claim | .50 BW | $37.50 | | |
| 10/08/09 | Examine email of Atty Perhach outlining new figures for supplemental claim; reviewed file and Order from court; Letter client re same | | | .50 CM | $132.50 |
| 10/13/09 | Copy, Examine and file supplemental claim of GMAC Mortgage | .20 BW | $15.00 | | |
| 02/12/10 | Examine GMAC 2nd Affidavit of Default; Collect information from client regarding response; Draft and instruct to file and serve | | | 1.0 CM | $265.00 |
| 02/15/10 | Examine email from client re payment confirmations; Email client re Objection filed; deposit Feb payment in our trust account; | .50 BW | $37.50 | | |
| 02/15/10 | Examine email from client re synopsis of accounting errors; | .20 BW | $15.00 | | |
| 02/16/10 | Examine Notice of Telephone Hearing and calendar | .10 BW | NC | | |
| 02/26/10 | TC with opposing counsel; TC with court | .50 BW | $37.50 | | |
| 02/26/10 | Examine email client and respond. | .20 BW | $15.00 | | |
| 03/02/10 | Negotiate settlement of GMAC 2nd Affidavit of Default; TC with Court | | | .50 CM | $132.50 |
| 03/03/10 | Letter GMAC Payment Processing with Trust account check ; Exchange of emails re GMAC account number | | | .20 CM | $53.00 |
| 03/10/10 | Organize file and Draft Fee itemization (6 hrs) | 2.00 SM | 150.00 | | |
| 03/10/10 | Examine file and Review fee itemization | | | .50 CM | $132.50 |
| 03/10/10 | Draft Fee Application and Letter client re same | | | .50 CM | $132.50 |

5

| | | | | | |
|---|---|---|---|---|---|
| 10 | Makes changes as directed by attorney to itemization, File and serve Application; Draft, file and serve Affidavit of No Objection; Draft Order for Attorney's fees | 1.0 SM | $75.00 | | |

TOTAL PARALEGAL HOURLY FEES   16.7  hours x $75.00/hr       =                 $1,252.50
TOTAL ATTORNEY HOURLY FEES   = 8.5  hours x $265.00/hr     =                 2,252.50

           TOTAL FEE            $3,505.00
           Less Credit Balance:     ($325.75)

      **FEE AMOUNT REQUESTED** =        $3,179.25

NTCAPR

## U.S. Bankruptcy Court
### Eastern District of Wisconsin (Milwaukee)
### Bankruptcy Petition #: 07-29029-svk

*Date filed:*  11/12/2007

Assigned to: Susan V. Kelley
Chapter 13
Voluntary
Asset

| | |
|---|---|
| *Debtor*<br>**Nikki Christine Johnson**<br>2045 Esquire Lane<br>Racine, WI 53406<br>SSN / ITIN: xxx-xx-3236<br>*aka*<br>**Nikki Christine Johnson-Frederiksen**<br>*aka*<br>**Nikki Johnson-Frederiksen** | represented by **Abraham Michelson**<br>P.O. Box 67<br>617 - 6th Street<br>Racine, WI 53401-0067<br>1-262-638-8400<br>Fax : 1-262-638-1818<br>Email:<br>amichelson@michelsonlawracine.com |

*Trustee*
**Mary B. Grossman**
Chapter 13 Trustee
740 N. Plankinton Avenue
Suite 400
Milwaukee, WI 53203
414-271-3943

*U.S. Trustee*
**Office Of the U. S. Trustee**
517 East Wisconsin Ave.
Room 430
Milwaukee, WI 53202
414-297-4499

| Filing Date | # | Docket Text |
|---|---|---|
| 11/12/2007 | ●1<br>pgs:<br>53 | Chapter 13 Voluntary Petition . Filed by Nikki Christine Johnson Government Proof of Claim due by 5/10/2008. (Michelson, Abraham) Receipt Number 00329710, Fee Amount: $274. (rdj 11/13/07) (Entered: 11/12/2007) |
| | ●2 | Certificate of Credit Counseling Filed by Abraham Michelson on behalf of Debtor Nikki Christine Johnson. (Michelson, Abraham) (Entered: |

| | | |
|---|---|---|
| 11/12/2007 | ● pgs: 1 | 11/12/2007) |
| 11/12/2007 | ●3 pgs: 3 | Chapter 13 Plan. Filed by Debtor Nikki Christine Johnson. (Michelson, Abraham) (Entered: 11/12/2007) |
| 11/12/2007 | ●4 pgs: 2 | First Meeting of Creditors to be held on 12/19/2007 at 11:30 AM in Racine, Room 205. Proof of Claim due by 03/18/2008. Deadline to File a Complaint to Determine Dischargeability of Certain Debts 02/17/2008. (Michelson, Abraham) (Entered: 11/12/2007) |
| 11/15/2007 | ●5 pgs: 6 | BNC Certificate of Mailing - Meeting of Creditors. (RE: 4 Meeting (AutoAssign Chapter 13)) Service Date 11/15/2007. (Admin.) (Entered: 11/16/2007) |
| 11/15/2007 | ●6 pgs: 5 | BNC Certificate of Mailing - PDF Document. (RE: 3 Chapter 13 Plan filed by Debtor Nikki Christine Johnson) Service Date 11/15/2007. (Admin.) (Entered: 11/16/2007) |
| 11/20/2007 | ●7 pgs: 2 | Order for Payroll Deduction from debtor's income.. (amg, Deputy Clerk) (Entered: 11/20/2007) |
| 11/22/2007 | ●8 pgs: 3 | BNC Certificate of Mailing - PDF Document. (RE: 7 Order to Pay Wages) Service Date 11/22/2007. (Admin.) (Entered: 11/23/2007) |
| 12/14/2007 | ●9 pgs: 1 | Notice of Appearance and Request for Notice Filed by Jay J. Pitner on behalf of Creditor GMAC Mortgage, LLC. (Pitner, Jay) (Entered: 12/14/2007) |
| 12/21/2007 | ●10 pgs: 1 | Meeting of Creditors Held 12/19/2007. Trustee's Recommendation; Confirm. (jbk, Deputy Clerk) (Entered: 12/27/2007) |
| 01/02/2008 | ●11 pgs: 1 | Financial Management Course Certificate Filed by Abraham Michelson on behalf of Debtor Nikki Christine Johnson. (Michelson, Abraham) (Entered: 01/02/2008) |
| 01/10/2008 | ●12 pgs: 2 | Amended Chapter 13 Plan Filed by Debtor Nikki Christine Johnson (RE: 3 Chapter 13 Plan. Filed by Debtor Nikki Christine Johnson. (Michelson, Abraham)). (Michelson, Abraham) (Entered: 01/10/2008) |
| 01/10/2008 | ●13 pgs: 2 | Motion to Amend *Chapter 13 Plan* with Notice of Motion filed by Abraham Michelson on behalf of Debtor Nikki Christine Johnson. Objections due by 2/1/2008. (Michelson, Abraham) (Entered: 01/10/2008) |
| 01/16/2008 | ●14 pgs: 4 | Certificate of Service Filed by Abraham Michelson on behalf of Debtor Nikki Christine Johnson RE: 13 Motion to Amend *Chapter 13 Plan*. (Michelson, Abraham) (Entered: 01/16/2008) |

| | | |
|---|---|---|
| 02/15/2008 | ●15<br>pgs: 2 | Order Confirming Chapter 13 Plan. (jo, Deputy Clerk) (Entered: 02/15/2008) |
| 02/17/2008 | ●16<br>pgs: 3 | BNC Certificate of Mailing - PDF Document. (RE: 15 Order Confirming Chapter 13 Plan) Service Date 02/17/2008. (Admin.) (Entered: 02/18/2008) |
| 04/14/2008 | ●17<br>pgs: 1, 1 | Notice of Transfer of Claim #3 for $5,677.24 from Hudson & Keyse to Portfolio Recovery Associates, LLC.. Filed by Creditor Portfolio Recovery Associates, Llc. Objections due by 5/9/2008.(Garcia, Dolores) (Entered: 04/14/2008) |
| 04/17/2008 | ●18<br>pgs: 2 | BNC Certificate of Mailing - PDF Document. (RE: 17 Notice of Transfer of Claim filed by Creditor Portfolio Recovery Associates, Llc.) Service Date 04/17/2008. (Admin.) (Entered: 04/18/2008) |
| 09/18/2008 | ●19<br>pgs: 5, 1, 15 | Motion for Relief from Stay as to 2045 Esquire Lane. with Notice of Motion and Certificate of Service filed by Jay J. Pitner of Gray & Associates, LLP on behalf of Creditor GMAC Mortgage, LLC. Objections due by 10/3/2008. (Attachments: # Exhibi t AOM# Exhibit MORTGAGE) (Pitner, Jay) Receipt Number 00341770, Fee Amount: $150. (ymr 09/19/08) (Entered: 09/18/2008) |
| 10/02/2008 | ●20<br>pgs: 3 | Objection Filed by Debtor Nikki Christine Johnson (Re: 19 Motion for Relief from Stay as to 2045 Esquire Lane. filed by Creditor GMAC Mortgage, LLC) and Certificate of Service (Michelson, Abraham) (Entered: 10/02/2008) |
| 10/03/2008 | ●21<br>pgs: 1 | Notice of Hearing to consider the Debtor's Objection to the Motion for Relief from Stay filed by GMAC Mortgage, LLC ( 20 ). Telephone Hearing to be held on 10/14/2008 at 11:00 a.m. (pab, Judicial Assistant) (Entered: 10/03/2008) |
| 10/05/2008 | ●22<br>pgs: 2 | BNC Certificate of Mailing - PDF Document. (RE: 21 Notice of Hearing) Service Date 10/05/2008. (Admin.) (Entered: 10/06/2008) |
| 10/09/2008 | ● | Hearing held on 10/9/2008 to consider the Debtor's Objection to the Motion for Relief from Stay filed by GMAC Mortgage, LLC ( 20 ) Canceled per conference call; the parties advised that the matter was settled and that a stipulation and order would be submitted. The court will follow up with the parties if the stipulation is not filed by 11/10/2008. (kmf, Courtroom Deputy) (Entered: 10/09/2008) |
| 10/20/2008 | ●23<br>pgs: 3 | Stipulation By GMAC Mortgage, LLC and *debtors with no objection from the Chapter 13 Trustee* Filed by Brian Perhach on behalf of Creditor GMAC Mortgage, LLC RE: 19 Motion for Relief from Stay as to 2045 Esquire Lane.. (Perhach, Brian) (Entered: 10/20/2008) |

| | | |
|---|---|---|
| 10/20/2008 | 24 pgs: 2 | Order signed on 10/20/2008, Regarding 23 Stipulation by and Between Debtors and GMAC Mortgage, LLC, Resolving 19 Motion for Relief From Automatic Stay. (cah, Deputy Clerk) (Entered: 10/21/2008) |
| 10/23/2008 | 25 pgs: 3 | BNC Certificate of Mailing - PDF Document. (RE: 24 Order on Motion for Relief From Automatic Stay) Service Date 10/23/2008. (Admin.) (Entered: 10/24/2008) |
| 01/08/2009 | 26 pgs: 1 | Notice of Intent to Pay Additional Claim(s). Objections to Claim and Request for hearing due within 30 days of this notice . (Chapter 13 Milwaukee Office) (Entered: 01/08/2009) |
| 01/08/2009 | 27 pgs: 2 | Notice of Intent to Pay Additional Claim(s). Objections to Claim and Request for hearing due within 30 days of this notice . (Chapter 13 Milwaukee Office) (Entered: 01/08/2009) |
| 01/12/2009 | 28 pgs: 1 | Trustee's Motion to Dismiss Case for failure to make plan payments with Notice of Motion filed by Chapter 13 Milwaukee Office on behalf of Trustee Mary B. Grossman. Objections due by 2/6/2009. (Chapter 13 Milwaukee Office) (Entered: 01/12/2009) |
| 01/14/2009 | 29 pgs: 3 | BNC Certificate of Mailing - PDF Document. (RE: 28 Trustee's Motion to Dismiss Case filed by Trustee Mary B. Grossman) Service Date 01/14/2009. (Admin.) (Entered: 01/15/2009) |
| 01/21/2009 | 30 pgs: 2 | Objection Filed by Debtor Nikki Christine Johnson (Re: 28 Trustee's Motion to Dismiss Case for failure to make plan payments filed by Trustee Mary B. Grossman). (cah, Deputy Clerk) (Entered: 01/21/2009) |
| 01/22/2009 | 31 pgs: 1 | Notice of Hearing to consider the Debtor's Objection to the Trustee's Motion to Dismiss this Case ( 30 ). Telephone Hearing to be held on 2/9/2009 at 02:30 p.m. (pab, Judicial Assistant) (Entered: 01/22/2009) |
| 01/23/2009 | 32 pgs: 2 | Objection Filed by Debtor Nikki Christine Johnson (Re: 28 Trustee's Motion to Dismiss Case for failure to make plan payments filed by Trustee Mary B. Grossman). This document appears to be a duplicate of document number 30 . (cah, Deputy Clerk) (Entered: 01/23/2009) |
| 01/24/2009 | 33 pgs: 2 | BNC Certificate of Mailing - PDF Document. (RE: 31 Notice of Hearing) Service Date 01/24/2009. (Admin.) (Entered: 01/25/2009) |
| 02/09/2009 | 34 pgs: 1 | Order and Court Proceeding Minutes Regarding Trustee's Motion to Dismiss this Case (RE: 30 Objection filed by Debtor Nikki Christine Johnson) (Kelley, Susan) (Entered: 02/09/2009) |
| | 35 | BNC Certificate of Mailing - PDF Document. (RE: 34 Court Minutes and Order (Chambers SVK)) Service Date 02/11/2009. (Admin.) |

| | | |
|---|---|---|
| 02/11/2009 | pgs: 2 | (Entered: 02/12/2009) |
| 02/27/2009 | ❏ 36 pgs: 1 | Withdrawal of Claim(s): 14 14-2 Filed by Creditor GMAC Mortgage, LLC (Pitner, Jay) (Entered: 02/27/2009) |
| 08/11/2009 | ❏ 37 pgs: 2 | Affidavit of Default Filed by Creditor GMAC Mortgage, LLC (Re: 24 Order on Motion for Relief From Automatic Stay) (Pitner, Jay) (Entered: 08/11/2009) |
| 08/13/2009 | ❏ 38 pgs: 8 | Objection Filed by Debtor Nikki Christine Johnson *To Affidavit of Default Filed by GMAC Mortgage with attached Certificate of Service by Mail* (Re: 37 Affidavit of Default filed by Creditor GMAC Mortgage, LLC) and Certificate of Service (Michelson, Abraham) (Entered: 08/13/2009) |
| 08/14/2009 | ❏ 39 pgs: 1 | Notice of Hearing to consider the Debtor's Objection to the Affidavit of Default filed by GMAC Mortgage, LLC ( 38 ). Telephone Hearing to be held on 9/1/2009 at 11:00 a.m. (pab, Judicial Assistant) (Entered: 08/14/2009) |
| 08/16/2009 | ❏ 40 pgs: 2 | BNC Certificate of Mailing - PDF Document. (RE: 39 Notice of Hearing) Service Date 08/16/2009. (Admin.) (Entered: 08/17/2009) |
| 08/24/2009 | ❏ | Hearing scheduled for 9/1/2009 to consider the Debtor's Objection to the Affidavit of Default filed by GMAC Mortgage, LLC ( 38 ) rescheduled per conference calls with the parties. The Adjourned Hearing will be held on 9/15/2009 at 11:00 AM by Telephone. (kmf, Courtroom Deputy) (Entered: 08/24/2009) |
| 09/16/2009 | ❏ 41 pgs: 1 | Court Minutes from 9/14/2009 Hearing to consider the Debtor's Objection to the Affidavit of Default filed by GMAC Mortgage, LLC ( 38 ). (kmf, Courtroom Deputy) (Entered: 09/16/2009) |
| 09/18/2009 | ❏ 42 pgs: 3 | Order signed on 9/18/2009, Pursuant to Hearing Upon Debtor's 38 Objection to GMAC Mortgage, LLC's 37 Affidavit of Default. (cah, Deputy Clerk) (Entered: 09/18/2009) |
| 09/20/2009 | ❏ 43 pgs: 4 | BNC Certificate of Mailing - PDF Document. (RE: 42 Order (Generic)) Service Date 09/20/2009. (Admin.) (Entered: 09/21/2009) |
| 02/11/2010 | ❏ 44 pgs: 2 | Affidavit *of default in payments* Filed by Jay J. Pitner on behalf of GMAC Mortgage, LLC. (RE: 42 Order (Generic)). (Pitner, Jay) (Entered: 02/11/2010) |
| | ❏ 45 pgs: 2, 4, | Objection Filed by Debtor Nikki Christine Johnson *to Affidavit of Default with Attached Exhibit A* (Re: 44 Affidavit filed by Creditor GMAC Mortgage, LLC) and Certificate of Service (With attachments) |

| 02/15/2010 | 1 | (Michelson, Abraham) (Entered: 02/15/2010) |
|---|---|---|
| 02/16/2010 | ●46 pgs: 1 | Notice of Hearing to consider the Debtor's Objection to the Affidavit of Default filed by GMAC Mortgage, LLC ( 45 ). Hearing to be held on 3/2/2010 at 11:00 a.m. by telephone. (pab, Judicial Assistant) (Entered: 02/16/2010) |
| 02/18/2010 | ●47 pgs: 2 | BNC Certificate of Mailing - PDF Document. (RE: 46 Notice of Hearing) Service Date 02/18/2010. (Admin.) (Entered: 02/19/2010) |
| 02/26/2010 | ●48 pgs: 1 | Withdrawal of Document *and request for cancellation of hearing scheduled for March 2, 2010 at 11:00 a.m.* Filed by Mark A. Clauss on behalf of GMAC Mortgage, LLC. (RE: 44 Affidavit). (Clauss, Mark) (Entered: 02/26/2010) |
| 02/26/2010 | ● | Hearing scheduled for 3/2/2010 to consider the Debtor's Objection to the Affidavit of Default filed by GMAC Mortgage, LLC ( 45 ) Canceled per conference call; the Creditor withdrew its Affidavit, making the hearing moot ( 48 ). (kmf, Courtroom Deputy) (Entered: 02/26/2010) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/09/2010 11:18:53 | | |
| **PACER Login:** mi0221 | **Client Code:** | |
| **Description:** Docket Report | **Search Criteria:** | 07-29029-svk Fil or Ent: filed Doc From: 0 Doc To: 99999999 Term: included Links : on Format: html |
| **Billable Pages:** 3 | **Cost:** | 0.24 |

3/9/2010

# ℳichelson   Attorneys – At – Law

Robert Michelson (1944-2007)
Abraham Michelson
Carrie R. Michelson

February 19, 2009

617 – 6th Street, P.O. Box 67
Racine, Wisconsin 53401-0067
Racine: (262) 638-8400
Kenosha: (262) 552-7446
Fax: (262) 638-1818

Ms. Mary Grossman
Chapter 13 Trustee
740 N. Plankinton Ave., #400
Milwaukee, WI  53203

 **RE:  NIKKI JOHNSON**
 **CHAPTER 13 #07-29029-SVK**

Dear Trustee Grossman:

 I am replying to your letter of February 12, 2009 addressed to GMAC Mortgage.  A copy is enclosed for reference.

 A Motion for Relief filed by GMAC was resolved, in part, with a supplemental claim to be paid through our client's Chapter 13.  The calculation used was $10,737.50.  Ms. Johnson was looking through her records and discovered that the figures used in resolving the Motion for Relief were incorrect, and that she wasn't given credit for a payment she made.  She contacted GMAC directly and furnished documentation that led to an amendment of the supplemental claim, bringing it down to $8,052.09.  Claim #14-1 ($10,737.50) filed October 21, 2008 was amended on February 3, 2009 (Claim #14-2).

 Your website indicates the claim of $10,737. is still being paid, and that the $8,052.09 claim is "direct".

 I am sending a copy of this letter to the address you used for GMAC, as well as Attorney Pitner's office so they know the situation is being taken care of.

 Very truly yours,

 **THE MICHELSON LAW OFFICE**

 By
  Barbara Webster
  Chapter 13 Case Manager

cc:  Nikki Johnson
  GMAC  Mortgage
  Gray & Associates



**Michelson**    Attorneys – At – Law
_____

Robert Michelson (1944-2007)                          617 – 6th Street, P.O. Box 67
Abraham Michelson                                     Racine, Wisconsin  53401-0067
Carrie R. Michelson                                       Racine: (262) 638-8400
                                                         Kenosha: (262) 552-7446
                                                            Fax: (262) 638-1818

                                    October 2, 2008


Ms. Nikki Johnson
2045 Esquire Lane
Racine, WI   53405

          RE:  **MOTION FOR RELIEF**

Dear Ms. Johnson:

        Enclosed is a copy of the response we have filed to the Motion for Relief of your
mortgage company.   A preliminary hearing will be conducted telephonically with Bankruptcy
Judge Kelley and your mortgage company's attorney.   You will not need to be present for that
hearing.   Hopefully it can be resolved at that time, if not before.   If necessary, Judge Kelley will
schedule another hearing in Milwaukee.   Should that be required, you will need to attend and
give testimony.

        When you spoke with Barbara, you indicated you believed you were two payments
behind.   Their Motion, a copy of which is enclosed, indicates three although sometimes the
difference is the mortgage company has just short of one payment in what they refer to as a
suspense account.  I would suggest that you bring to my office proof of all payments made
starting with the one due after the filing date of November 12, 2007.   That way once we start
settlement negotiations with GMAC's attorney, we will be in agreement as to the amount.

        If there has been any default in mortgage payments they will be awarded attorney fees and
costs for filing the Motion.   You are responsible for payment of those fees although many times
we can convince the Judge to require that an additional claim for that amount be folded into your
Chapter 13 for payment.

        Because this is a "contested matter", we will keep track of our time and bill you for it in
accordance with our Fee Agreement/Unit Fee Agreement.   We will make every effort to keep
our time to a minimum and generally about 2 hours is spent.   We are required to file a Fee
Application and have it paid through your Chapter 13.   I'm not sure when we will get at doing it
as that kind of work is not generally a priority.

        **Do not send any payment to the mortgage company while their Motion is pending.
Deposit any money into Michelson Trust Account by cashier's check, money order(payable
to Michelson Trust Account) or cash.  We will hold the funds until the mortgage company's
Motion for Relief has been resolved.**

# UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| In re:<br>Nikki Christine Johnson *aka*<br>Nikki Christine Johnson-Frederiksen *aka*<br>Nikki Johnson-Frederiksen, | Chapter 13 |
| | Case No. 07-29029-SVK |
| Debtor(s). | |

## NOTICE OF MOTION OF GMAC MORTGAGE, LLC FOR RELIEF FROM AUTOMATIC STAY

GMAC Mortgage, LLC, the current mortgagee of record, its successors, servicing agents and/or assignees (hereinafter collectively and at all times material hereto "the movant"), has filed papers with the court to obtain relief from the automatic stay.

**Your rights may be affected.** **You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.)**

If you do not want the court to grant the relief sought in the motion for relief from the automatic stay, or if you want the court to consider your views on that motion, **within fifteen (15) days of the date of this notice,** you or your attorney must do the following:

File with the court a written objection to the motion and a request for a hearing with:

> Clerk, U.S. Bankruptcy Court
> U.S. Courthouse, Room 126
> 517 East Wisconsin Avenue
> Milwaukee, WI 53202-4581

If you mail your request and objection to the court for filing, you must mail it early enough so the court receives it within 15 days of the date of this notice.

<u>Drafted by:</u>
Jay J. Pitner
GRAY & ASSOCIATES, L.L.P.
600 North Broadway, Suite 300
Milwaukee, WI 53202
Phone: (414) 224-8404
Fax:    (414) 224-1279
Email: jpitner@gray-law.com

You must also mail copies of the written objection and request for a hearing to:

> Jay J. Pitner
> Gray & Associates, L.L.P.
> 600 North Broadway, Suite 300
> Milwaukee, WI 53202
>
> Mary B. Grossman
> Chapter 13 Trustee
> 740 North Plankinton Avenue
> Suite 400
> Milwaukee, WI 53203

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion and may enter an order granting that relief.

Dated this 17th day of September, 2008.

> GRAY & ASSOCIATES, L.L.P.
> Attorneys for Movant
>
>
> By: _____/s/_____
>     Jay Pitner
>     State Bar No. 1010692

Pursuant to the Fair Debt Collection Practices Act (15 U.S.C. Section 1692), we are required to state that we are attempting to collect a debt on our client's behalf and any information we obtain will be used for that purpose.

## UNITED STATES BANKRUPTCY COURT
### FOR THE EASTERN DISTRICT OF WISCONSIN

In re:                                                          Chapter 13
Nikki Christine Johnson *aka*
Nikki Christine Johnson-Frederiksen *aka*
Nikki Johnson-Frederiksen,
                                                          Case No. 07-29029-SVK
            Debtor(s).

### MOTION OF GMAC MORTGAGE, LLC FOR RELIEF FROM AUTOMATIC STAY

GMAC Mortgage, LLC, the current mortgagee of record, its successors, servicing agents and/or

assignees (hereinafter collectively and at all times material hereto "the movant"), through its attorneys, Gray &

Associates, LLP, hereby moves the court for relief from the automatic stay pursuant to §362 of the Bankruptcy

Code and, in support of said motion, alleges as follows:

1.    That the movant holds a promissory note and mortgage encumbering real property owned by the

debtor(s) and located at 2045 Esquire Lane, Racine, WI.  A copy of the properly-perfected mortgage is attached

hereto and its contents are incorporated herein by reference.

2.    That since the commencement of this case (or the resolution of the prior motion for relief from the

automatic stay herein, if any), three post-petition monthly mortgage payments have not been made as required by

the terms of the confirmed plan in this case and, accordingly, the movant's records reflect that the following

post-petition arrearage has accrued:

| | | |
|---|---|---|
| 07/08 through 09/08 payments | $8,044.21 | 26 81.40   7732 : |
| Attorneys' fees and costs: | 800.00 | |
| POST-PETITION ARREARAGE | $8,844.21 | |

2577.50
x 3
_____
7732.50

**Drafted by:**
Jay J. Pitner
Gray & Associates, L.L.P.
600 North Broadway, Suite 300
Milwaukee, WI 53202
Phone: (414) 224-8404
Fax:    (414) 224-1279
Email: jpitner@gray-law.com

3.  That the failure to make these monthly payments constitutes a material default under the plan, and said default constitutes "cause" for terminating the automatic stay under § 362(d)(1) of the Bankruptcy Code.

4.  That failure to make the monthly payments has resulted in the loss of adequate protection of the movant's interest in the encumbered property, thereby entitling the movant to relief from the automatic stay under §362(d)(1) of the Bankruptcy Code.

5.  That the principal balance due the movant is $162,530.77 which, when added to the amounts due for accrued delinquent interest, escrow advances and attorneys' fees and costs, may substantially exceed the encumbered property's value.   Accordingly, the debtor(s) may have no equity in the property, which is unnecessary for an effective reorganization, thereby entitling the movant to relief from the automatic stay under §362(d)(2) of the Bankruptcy Code.

WHEREFORE, the movant requests that the automatic stay as it pertains to the debtor(s) and the encumbered real property be terminated pursuant to §362(d) of the Bankruptcy Code so that the movant may protect, exercise and enforce its rights pursuant to said note and mortgage, that the movant's legal fees and costs associated with this motion be approved and that any order entered pursuant to this motion be effective immediately upon its entry and for such further relief as may be just and equitable.

Dated this 17th day of September, 2008.

GRAY & ASSOCIATES, L.L.P.
Attorneys for Movant

By: _____/s/_____
Jay Pitner
State Bar No. 1010692

Pursuant to the Fair Debt Collection Practices Act (15 U.S.C. Section 1692), we are required to state that we are attempting to collect a debt on our client's behalf and any information we obtain will be used for that purpose.

| Payment Due | Date paid | Amount | Check # | Date cleared | Confirmation # |
|---|---|---|---|---|---|
| 12/1/2007 | 11/25/2007 | 2,457.91 | 5749 | | |
| 1/1/2008 | 1/1/2008 | 2,457.91 | 5754 | 1/7/2008 | |
| 2/1/2008 | 2/4/2008 | 2,457.91 | 5757 | 2/11/2008 | |
| 3/1/2008 | 3/25/2008 | 2,457.91 | phone pymt | 3/25/2008 | |
| 4/1/2008 | 4/5/2008 | 2,457.91 | 5704 | 4/22/2008 | |
| 5/1/2008 | 5/15/2008 | 2,457.91 | 5708 | 5/16/2008 | |
| 6/1/2008 | 6/26/2008 | 2,470.41 | phone pymt | 6/26/2008 | 2008062651236907 |
| 7/1/2008 | 9/5/2008 | 2,590.00 | phone pymt | 9/5/2008 | 2008090454670592 |
| 8/1/2008 | | | | | |
| 9/1/2008 | | | | | |
| 10/1/2008 | | | | | |
| 11/1/2008 | 10/23/2008 | 2,577.50 | | 11/3/2008 | |
| 12/1/2008 | 12/15/2008 | 2,590.00 | phone pymt | 5719 | 12/16/2008 2008121559734313 |
| 1/1/2009 | 1/16/2008 | 2,590.00 | phone pymt | 1/21/2009 | 2009011661453135 |
| 2/1/2009 | 2/16/2009 | 2,590.00 | phone pymt | 2/13/2009 | 2009021362933758 |
| 3/1/2009 | 3/16/2009 | 2,590.00 | phone pymt | 3/18/2009 | 2009031664752939 |
| 4/1/2009 | 4/30/2009 | 2,590.00 | phone pymt | 5/4/2009 | 2009043067251096 |
| 5/1/2009 5/30/2009  13:19pm | | 2,590.00 | phone pymt | 6/2/2009 | none issued |
| 6/1/2009 | 7/31/2009 | 2,590.00 | phone pymt | 8/4/2009 | 2009073172486423 |
| 7/1/2009 | | | | | |
| 8/1/2009 | | | | | |

## ATTACHMENT TO SUPPLEMENTAL PROOF OF SECURED CLAIM

### 07-29029-SVK

**TOTAL ARREARAGE:**

| | |
|---|---|
| 07/08 through 10/08 | $10,310.00 |
| 4 mortgage payments @ $2,577.50 | |
| Attorney fees and costs - bankruptcy | 800.00 |
| Suspense Balance | (2,457.91) |
| **TOTAL ARREARAGE CLAIM AMOUNT** | **8,652.09** |

No additional interest is claimed.  If legal fees and costs are incurred after this proof of claim is filed, they will be assessed to the account if legally permissible in the opinion of the claimant and/or its servicing agent.  If such fees and costs and other contractually-authorized items are not paid as part of this case, they may be collected in the future pursuant to the terms of the security instrument, the Bankruptcy Code and other applicable law.

Grey & Associates, L.L.P. is attempting to collect a debt on its client's behalf and any information it obtains will be used for that purpose.  If you previously received a discharge in a chapter 7 bankruptcy case, this should not be construed as an attempt to hold you personally liable for the debt.

IT IS HEREBY ORDERED that the movant may file a supplemental claim for the post-petition arrearage which exists through the end of October 2008 in the amount of $10,737.50, which is itemized as follows:

| | | | |
|---|---|---|---|
| 07/08-10/08 payment(s) | 4 @ | 2,577.50 | $10,310.00 |
| Attorney fees/costs | | | 800.00 |
| Suspense | | | (372.50) |
| TOTAL ARREARAGE | | | $10,737.50 |

IT IS FURTHER ORDERED that the debtor shall voluntarily increase the payments to the trustee as necessary to pay the supplemental claim and ensure that the plan is adequately funded and remains feasible.

IT IS FURTHER ORDERED that commencing in November 2008 and continuing through and including April 2009, the debtor shall make all monthly mortgage payments to the movant in sufficient time to be received on or before the sixteenth (16th) day of each month in which each such payment is due. In the event any payment is not received by the movant in a timely manner, counsel for the movant may submit an affidavit of default and proposed order for immediate relief from the automatic stay to the court for signature.

IT IS FURTHER ORDERED that commencing in May 2009, the debtor shall make all monthly mortgage payments to the movant in sufficient time to be received on or before the sixteenth (16th) day of each month in which each such payment is due. In the event any payment is not received by the movant in a timely manner, counsel for the movant may request by letter another hearing upon the motion for relief from the automatic stay.

IT IS FURTHER ORDERED that pending further notice, the amount of the monthly mortgage payment is $2,577.50 and payments shall be made to the movant at GMAC Mortgage, LLC, 3451 Hammond Ave., Waterloo, IA 50702.

###

Michelson Law Offices
P.O. Box 67
Racine, WI  53401-0067

RE: Case # 07-29029-SVK

November 18, 2008

Dear Carrie,

I was going through my bankruptcy folder and re-read the RELIEF FROM THE
AUTOMATIC STAY Dated October 20, 2008.  It states that there were 4 payments
missed and according to my records there should have only been 3 payments missed,
which included the October payment.  My records indicate that payments 8/01/08,
9/01/08 and 10/01/08 should have been added to my Chapter 13 payments.  Please
have the Judge or the other attorney check their records and let me know how it is
going to be handled.

I have attached my records.  If they want a copy of the bank statements, I can copy
them.  But maybe they can check their records first.  It may have been a mistake on
the Judge's part and not GMAC.

Thanks.


Nikki C. Johnson

| Payment Due | Date paid | Amount | Check # | Date cleared |
|---|---|---|---|---|
| 12/1/2007 | 11/25/2007 | 2457.91 | 5749 | |
| 1/1/2008 | 1/1/2008 | 2457.91 | 5754 | 1/7/2008 |
| 2/1/2008 | 2/4/2008 | 2457.91 | 5757 | 2/11/2008 |
| 3/1/2008 | 3/25/2008 | 2457.91 | phone pymt/never recd | 3/25/2008 |
| 4/1/2008 | 4/5/2008 | 2457.91 | 5704 | 4/22/2008 |
| 5/1/2008 | 5/15/2008 | 2457.91 | 5708 | 5/16/2008 |
| 6/1/2008 | 6/26/2008 | 2470.41 | phone pymt/never recd | 6/26/2008 |
| 7/1/2008 | 9/5/2008 | 2590 | phone paymt | 9/5/2008 |
| 8/1/2008 | | | | |
| 9/1/2008 | | | | |
| 10/1/2008 | | | | |
| 11/1/2008 | 10/23/2008 | 2577.5 | 5719 | 11/3/2008 |
| 12/1/2008 | | | | |

Michelson Law Offices
P.O. Box 67
Racine, WI  53401-0067

RE: Case # 07-29029-SVK

January 27, 2009

Dear Carrie,

1.    I am assuming you received my letter last week.  I just wanted to know if the objection I sent to the courthouse is sufficient or if you have to file it.  I also sent a copy to the trustee.

2.    I have been in contact with my mortgage company and there is an error as to how my post petition mortgage payments have been applied. Apparently they did not post February's payment properly. They are putting in a work order to fix it and I will check back in about a week to see if it is correct.  They will also need to see how to handle the extra payment that got put into the plan.  I have attached a copy of the payment history from USAA.  If you have any questions you can call them.  Their number is at the top of the statement.

Thanks.


Nikki C. Johnson

# Michelson    Attorneys – At – Law

Robert Michelson (1944-2007)
Abraham Michelson
Carrie R. Michelson

617 – 6th Street, P.O. Box 67
Racine, Wisconsin 53401-0067
Racine: (262) 638-8400
Kenosha: (262) 552-7446
Fax: (262) 638-1818

October 8, 2009

Ms. Nikki Johnson
2045 Esquire Lane
Racine WI 53406

*Claim filed ?*

Re: Bankruptcy

Dear Ms. Johnson:

It appears that GMAC Mortgage has found the missing payment.  It will be filing a supplemental claim in your bankruptcy for the amount of $3,281.13.   This is much less than the $5,858.63 previously sought.

Remember that all payments must be received PRIOR to the end of the grace period or GMAC may simply file an affidavit of default and seek an order allowing it to foreclose.

You need to make each payment to GMAC and to the Trustee on time and in full.   Failure to do so results in additional expenses for you: legal fees for our office and for GMAC's attorneys, and late fees and other costs.

Finally, we have been able to prevent the lift of stay yet again, but do not presume that we will always be able to protect you.

Very truly yours,

THE MICHELSON LAW OFFICE

By *Carrie R Miche*

Carrie Michelson
Attorney at Law

*3281.13*
*2535.96*
*745.17  legal fees ?*

# 𝕸ichelson    Attorneys – At – Law

Robert Michelson (1944-2007)
Abraham Michelson
Carrie R. Michelson

September 18, 2009

617 – 6th Street, P.O. Box 67
Racine, Wisconsin 53401-0067
Racine: (262) 638-8400
Kenosha: (262) 552-7446
Fax: (262) 638-1818

Mr. Brian Perhach
Attorney at Law
Gray & Associates
600 N. Broadway, #300
Milwaukee, WI 53202-5099

RE: NIKKI JOHNSON
CHAPTER 13 #029029-SVK
YOUR CLIENT: GMAC

Dear Brian:

Carrie mentioned that Jay Pitner represented GMAC at the hearing on the Affidavit of Default. Michelle e-mailed me the Order that was prepared, and I replied with the following:

Michelle – The 3rd paragraph of the Order, last sentence states: "If this payment 'is' received by GMAC" – we would like to read "If this payment 'has been' received by GMAC, the appropriate credit shall be made on the supplemental claim." And adding the sentence "Debtor reserves the right to object to the supplemental claim."

Please run it by Jay and see what he thinks. Thanks.

Barb

I'm enclosing our trust account check for $5,071.92 representing approximately her July and August payments.

I saw that Attorney Michelson had faxed you the pages our client got from GMAC which (of course) are difficult to decipher. Taking the simplest approach, I have enclosed the sheets dealing with payments regarding the November 2008 through June 2009 payments. Her first payment was by personal check. No dispute about that one. All others were done via "speed pay". I highlighted each "speed pay" because that is an indication the payment was received. One personal check posted October 30th for the November 2008 payment and 7 speed pay entries in the following months. Doesn't that then indicate proof she paid through June?

If you or Jay are amending the proposed Order, maybe the supplemental claim could be appropriately calculated now???? Let me know what you think.

Very truly yours,

THE MICHELSON LAW OFFICE

By

Barbara Webster
Chapter 13 Case Manager

enclosures
cc: Nikki Johnson

 **Michelson**        Attorneys – At – Law

Robert Michelson (1944-2007)
Abraham Michelson
Carrie R. Michelson

617 – 6th Street, P.O. Box 67
Racine, Wisconsin 53401-0067
Racine: (262) 638-8400
Kenosha: (262) 552-7446
Fax: (262) 638-1818

September 18, 2009

Ms. Nikki Johnson
2045 Esquire Lane
Racine, WI   53406

**RE:  CHAPTER 13**

Dear Nikki:

A hearing was held regarding the mortgage company's Affidavit of Default.  This is how Judge Kelley decided to settle it.

1.    We have $5,071.92 in our trust account which will be forwarded to the attorney for GMAC.

2.    GMAC will include in a supplemental claim the September payment.  You need to resume your mortgage payments with the October obligation.  A doomsday provision will attach to your payments from October 2009 through April 2010.  As before, these payments must be in the hands of GMAC no later than the 16th of each month.

Considering you are not going to be making a September payment, you should do your best to make the mortgage payment so they have it by the 1st or shortly thereafter.  You don't need any more problems caused by the date received vs. posting, etc.  Over the years I have been a witness several times to one of the Bankruptcy Judges yelling at Debtors not to even acknowledge to themselves that there is a grace period.  "Get your payment to the mortgage company by the 1st when it is due.

The other thing judges have directed to Debtors is "send the exact amount", no more, no less.  Then if it comes down to pointing out a payment, it's less time consuming to prove a payment in an amount different than what's required, is really the mortgage payment.

3.    There continues to be controversy over whether GMAC received the May payment.  That is the one you had no confirmation number for.  Attorney Michelson faxed the history you furnished, along with a copy of the page from your checking account.  The assumption being that GMAC will get that payment posted.

**THE FOLLOWING ORDER
IS APPROVED AND ENTERED
AS THE ORDER OF THIS COURT:**

**DATED: September 18, 2009**



Honorable Susan V. Kelley
United States Bankruptcy Judge

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

In re:

Nikki Christine Johnson a/k/a
Nikki Christine Johnson-Frederiksen a/k/a
Nikki Johnson-Frederiksen,

Debtor.

Chapter 13

Case No. 07-29029-SVK

### ORDER PURSUANT TO HEARING UPON DEBTOR'S OBJECTION TO GMAC MORTGAGE, LLC'S AFFIDAVIT OF DEFAULT

Pursuant to the debtor's objection to GMAC Mortgage, LLC's (hereinafter "GMAC")

affidavit of default with respect to the property located at 2045 Esquire Lane, Racine, WI, this

**Drafted by:**

Jay J. Pitner
Gray & Associates, L.L.P.
600 North Broadway
Suite 300
Milwaukee, WI 53202
Phone: (414) 224-8404
Fax: (414) 224-1279
Email: jpitner@gray-law.com

Gray & Associates, L.L.P. is attempting to collect a debt on its client's behalf and any information it obtains will be used for that purpose. If you previously received a discharge in a chapter 7 bankruptcy case, this should not be construed as an attempt to hold you personally liable for the debt.

36207042195010

matter was heard on September 1, 2009, GMAC appearing through its counsel, Gray & Associates, L.L.P., by Jay J. Pitner, and the debtor appearing through her attorneys, The Michelson Law Office, by Carrie Michelson, and Rebecca Garcia appearing on behalf of the Chapter 13 Trustee and upon the arguments and statements of counsel and all the files, records and proceedings herein,

IT IS HEREBY ORDERED that the debtor shall tender two monthly mortgage payments (each in the amount of approximately $2,535.96) to GMAC or its counsel forthwith.

IT IS FURTHER ORDERED that, with the expectation that the payments required by the preceding paragraph will be received promptly, GMAC may file a supplemental claim for the remaining post-petition arrearage which exists through the end of September 2009. It is anticipated that the amount of this claim will be approximately $5,858.63, though the parties shall investigate one payment allegedly made by the debtors but not received GMAC. If this payment is received by GMAC, the appropriate credit shall be made on the supplemental claim.

IT IS FURTHER ORDERED that commencing in October 2009 and continuing through and including March 2010, the debtor shall make all monthly mortgage payments to GMAC in sufficient time to be received on or before the sixteenth (16th) day of each month in which each such payment is due. In the event any payment is not received by GMAC in a timely manner, counsel for GMAC may submit an affidavit of default and proposed order for immediate relief from the automatic stay to the court for signature.

IT IS FURTHER ORDERED that commencing in April 2010, the debtor shall make all monthly mortgage payments to GMAC in sufficient time to be received on or before the sixteenth (16th) day of each month in which each such payment is due. In the event any payment is not received by GMAC in a timely manner, counsel for GMAC may request by letter another hearing upon the motion for relief from the automatic stay.

## Nikki C. Johnson

| | |
|---|---|
| **From:** | "Nikki C. Johnson" <njohnson7@wi.rr.com> |
| **To:** | "Barb Webster" <bwebster@michelsonlawracine.com> |
| **Sent:** | Monday, August 24, 2009 5:15 PM |
| **Subject:** | Loan payments |

Hi Barb,

I just got off the phone with USAA and they are going to send you a payment history by fax within the next 24 - 48 hours. Please let me know if you do not receive it.

They now say that the payment I made in April was not posted to my account until May 1 and the payment I made in May was posted to my account on May 29th and that the payment I made on July 31st was not credited at all but they have a record of receiving it.

So if you can see that the payment I made in May was posted, that should prove I made the payment.

I spoke with a fellow by the name of Marshall around 4:40 CST.  And he is the one who said he would request the fax.

Thanks,
Nikki Johnson

5/3/2010

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF WISCONSIN

IN RE:

NIKKI CHRISTINE JOHNSON                    Case #07-29029-SVK-13

   Debtor

## OBJECTION TO AFFIDAVIT OF DEFAULT FILED BY
## GMAC MORTGAGE

Now comes the above named Debtor, by and through her attorney, Michelson Law Office, and objects to the Affidavit of Default filed by GMAC Mortgage on the following grounds:

FIRST:     The Order signed by Hon. Susan V. Kelley on October 20, 2008 included a "doomsday provision" regarding Debtor's payments from November 2008 through and including April 2009.   Debtor has made all the payments due during that time.   Proof of payment is attached hereto as Exhibit A., pages 1-6.

SECOND:     Debtor acknowledges that the April 2009 payment was made after the expiration of the grace period, but a GMAC Mortgage representative told her it would not be a problem as long as they received the payment by the end of April.   The payment confirmation indicates receipt on April 30, 2009.  GMAC Mortgage accepted that payment and subsequent payments for the May and June obligations.   Debtor expects to have sufficient funds deposited into Michelson Trust Account for July and August by the time the current situation is resolved.

THIRD:     Debtor requests that a hearing be scheduled.

Dated: August 13, 2009                    THE MICHELSON LAW OFFICE

                                          /s/ Carrie R. Michelson
                                   By
                                          Carrie R. Michelson

THE MICHELSON LAW OFFICE
617 6th Street/P. O. Box 67
Racine, WI  53401-0067
Telephone: (262) 638-8400
Fax: (262) 638-1818

NIKKI C JOHNSON
November 04, 2008

Page: 4
0060097418

## Withdrawals (cont.)

| Date | Description | Amount |
|------|-------------|--------|
| 10-27 | Preauthorized Debit<br>AXA EQUITABLE INS.<br>081027 091038062CJ | 22.75 |
| 10-27 | Preauthorized Debit<br>AXA EQUITABLE INS.<br>061027 091038056MJ | 21.25 |
| 11-04 | Maintenance Fee | 5.00 |

## Checks

(* Skip in check sequence, R-Check has been returned, + Electronified check)

| Date | Number | Amount | Date | Number | Amount | Date | Number | Amount |
|------|--------|--------|------|--------|--------|------|--------|--------|
| 10-17 | 5718 | 172.00 | 11-03 | 5719 | 2,577.50 | | | |

*Non Payment*

## Daily Account Balance

| Date | Balance | Date | Balance | Date | Balance |
|------|---------|------|---------|------|---------|
| 10-04 | 13.53 | 10-17 | 2,730.66 | 10-31 | 3,852.63 |
| 10-06 | 213.53 | 10-20 | 2,666.20 | 11-03 | 1,275.13 |
| 10-15 | 3,184.06 | 10-21 | 2,654.36 | 11-04 | 1,270.13 |
| 10-16 | 2,936.18 | 10-27 | 2,576.63 | | |

## OVERDRAFT/RETURN ITEM FEES

| | |
|---|---|
| Return item fees for this statement period | $0.00 |
| Return item fees for this calendar year | $0.00 |
| Overdraft fees for this statement period | $0.00 |
| Overdraft fees for this calendar year | $29.00 |

## Fee Information

| | | |
|---|---|---|
| 10/05/08 to 11/04/08 | Maintenance Fee | 5.00 |
| Total Maintenance Fee | | 5.00 |

*Exhibit A-1*

**Nikki C. Johnson**

**From:** "USAA" <azfceonline@mortgagebanksite.com>
**To:** <njohnson7@wi.rr.com>
**Sent:** Monday, December 15, 2008 5:08 PM
**Subject:** Payment Confirmation

**Dear Valued USAA Customer**

Thank you for your recent payment request. This is to confirm your authorization on 12/15/2008 05:06 PM Eastern Time for an electronic debit from your Checking account payable to USAA for the following payments:

| | |
|---|---|
| Loan Number: | ******8305 |
| Principal Amount: | $2,577.50 |
| Additional Principal: | $0.00 |
| Additional Escrow: | $0.00 |
| Late Charge: | $0.00 |
| Other Fees: | $0.00 |
| Transaction Fee: | $12.50 |
| Total Debit: | $2,590.00 |
| Confirmation Number: | 2008121559734313 |

This payment will be effective on 12/15/2008 or shortly thereafter.

USAA may assess a $10.00 fee for any check that is returned for insufficient funds.

If you have any questions, concerns or require clarification regarding this correspondence, please call 877-569-4632.

A-2

8/12/2009

 **USAA FEDERAL SAVINGS BANK**          P.O. Box 205    Waterloo, IA 50704-0205

**USAA®**                                                                Servicing

01/20/09

NIKKI C. JOHNSON

2045 ESQUIRE LN

RACINE        WI 53406-2395

RE:    Account Number    0702008305
                               2045 ESQUIRE LN

                               RACINE        WI 53406-2395

Dear    NIKKI C. JOHNSON

This letter is to confirm that, by phone, you have verbally authorized a transaction to make payment to:

USAA Federal Savings Bank

Following are the transaction details:

Payment Amount:       $2,577.50
Fee Amount:           $12.50
Transaction Date:     1/16/2009
Transaction Type:     Electronic Payment
Drawn On:             ******7418

The authorized amount will be drawn from the specified checking, money market, or savings account. Please remember to update your records.

If you have any questions, please contact our office at 877-569-4632.

USAA Federal Savings Bank

Loan Servicing

7:41

*A-3*

## Nikki C. Johnson

| | |
|---|---|
| **From:** | "USAA" <azfceonline@mortgagebanksite.com> |
| **To:** | <njohnson7@wi.rr.com> |
| **Sent:** | Friday, February 13, 2009 3:58 PM |
| **Subject:** | Payment Confirmation |

**Dear Valued USAA Customer**

Thank you for your recent payment request. This is to confirm your authorization on 02/13/2009 03:58 PM Eastern Time for an electronic debit from your Checking account payable to USAA for the following payments:

| | |
|---|---|
| Loan Number: | ******8305 |
| Principal Amount: | $2,577.50 |
| Additional Principal: | $0.00 |
| Additional Escrow: | $0.00 |
| Late Charge: | $0.00 |
| Other Fees: | $0.00 |
| Transaction Fee: | $12.50 |
| Total Debit: | $2,590.00 |
| Confirmation Number: | 2009021362933758 |

This payment will be effective on 02/13/2009 or shortly thereafter.

USAA may assess a $10.00 fee for any check that is returned for insufficient funds.

If you have any questions, concerns or require clarification regarding this correspondence, please call 877-569-4632.

*A-4*

## Nikki C. Johnson

| | |
|---|---|
| **From:** | "USAA" <azfceonline@mortgagebanksite.com> |
| **To:** | <njohnson7@wi.rr.com> |
| **Sent:** | Monday, March 16, 2009 3:53 PM |
| **Subject:** | Payment Confirmation |

**Dear Valued USAA Customer**

Thank you for your recent payment request. This is to confirm your authorization on 03/16/2009 04:55 PM Eastern Time for an electronic debit from your Checking account payable to USAA for the following payments:

| | |
|---|---|
| Loan Number: | ******8305 |
| Principal Amount: | $2,577.50 |
| Additional Principal: | $0.00 |
| Additional Escrow: | $0.00 |
| Late Charge: | $0.00 |
| Other Fees: | $0.00 |
| Transaction Fee: | $12.50 |
| Total Debit: | $2,590.00 |
| Confirmation Number: | 2009031664752939 |

This payment will be effective on 03/16/2009 or shortly thereafter.

USAA may assess a $10.00 fee for any check that is returned for insufficient funds.

If you have any questions, concerns or require clarification regarding this correspondence, please call 877-569-4632.

A-5

8/12/2009

**Nikki C. Johnson**

| | |
|---|---|
| **From:** | "USAA" <azfceonline@mortgagebanksite.com> |
| **To:** | <njohnson7@wi.rr.com> |
| **Sent:** | Thursday, April 30, 2009 3:36 PM |
| **Subject:** | Payment Confirmation |

**Dear Valued USAA Customer**

Thank you for your recent payment request. This is to confirm your authorization on 04/30/2009 04:38 PM Eastern Time for an electronic debit from your Checking account payable to USAA for the following payments:

| | |
|---|---|
| Loan Number: | ******8305 |
| Principal Amount: | $2,577.50 |
| Additional Principal: | $0.00 |
| Additional Escrow: | $0.00 |
| Late Charge: | $0.00 |
| Other Fees: | $0.00 |
| Transaction Fee: | $12.50 |
| Total Debit: | $2,590.00 |
| Confirmation Number: | 2009043067251096 |

This payment will be effective on 04/30/2009 or shortly thereafter.

USAA may assess a $10.00 fee for any check that is returned for insufficient funds.

If you have any questions, concerns or require clarification regarding this correspondence, please call 877-569-4632.

A-6

2010

# UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF WISCONSIN

IN RE:

NIKKI CHRISTINE JOHNSON                    Case #07-29029-SVK-13

   Debtor

## OBJECTION TO AFFIDAVIT OF DEFAULT FILED BY
## GMAC MORTGAGE

Now comes the above named Debtor, by and through her attorney, Michelson Law Office, and objects to the Affidavit of Default filed by GMAC Mortgage on the following grounds:

FIRST:    The Order signed by Hon. Susan V. Kelley on September 18, 2009 required that 2 mortgage payments of $2,535.96 were to be forwarded to GMAC's counsel forthwith. Michelson Law Office sent its trust account check for $5,071.92 to Gray & Associates on September 16, 2009. Judge Kelley's Order included a "doomsday provision" regarding Debtor's payments from October 2009 through March 2010. Debtor has made all the payments due during that time. Proof of each payment is attached hereto as Exhibit A., pages 1-4.

SECOND:    On February 11, 2010 Debtor spoke with a representative of the mortgage company and was advised they have "unapplied funds". That person was going to open a "work

order" on the matter and see why all money received hasn't been applied.    This happened in the

original Motion for Relief, and GMAC did amend the supplemental claim once the unapplied

funds had been accounted for.

THIRD:        Debtor requests that a hearing be scheduled.


Dated:      February 15, 2010

                                        **THE MICHELSON LAW OFFICE**

                                              /s/ Carrie R. Michelson
                                    By
                                              Carrie R. Michelson

## Barbara Webster

**From:**     "Nikki C. Johnson" <njohnson7@wi.rr.com>
**To:**       "Barb Webster" <bwebster@michelsonlawracine.com>
**Sent:**     Thursday, February 11, 2010 3:22 PM
**Subject:**  Fw: Payment Confirmation

----- Original Message -----
**From:** USAA
**To:** njohnson7@wi.rr.com
**Sent:** Friday, November 13, 2009 3:54 PM
**Subject:** Payment Confirmation

**Dear Valued USAA Customer**

Thank you for your recent payment request. This is to confirm your authorization on 11/13/2009 04:53 PM Eastern Time for an electronic debit from your Checking account payable to USAA for the following payments:

| | |
|---|---|
| Loan Number: | ******8305 |
| Principal Amount: | $2,535.96 |
| Additional Principal: | $0.00 |
| Additional Escrow: | $0.00 |
| Late Charge: | $0.00 |
| Other Fees: | $0.00 |
| Transaction Fee: | $12.50 |
| Total Debit: | $2,548.46 |
| Confirmation Number: | 2009111378567589 |

This payment will be effective on 11/13/2009 or shortly thereafter.

USAA may assess a $10.00 fee for any check that is returned for insufficient funds.

If you have any questions, concerns or require clarification regarding this correspondence, please call 877-569-4632.

*Exh. R-p2*

2/12/2010

## Barbara Webster

**From:**      "Nikki C. Johnson" <njohnson7@wi.rr.com>
**To:**        "Barb Webster" <bwebster@michelsonlawracine.com>
**Sent:**      Thursday, February 11, 2010 3:23 PM
**Subject:**   Fw: Payment Confirmation

----- Original Message -----
**From:** USAA
**To:** njohnson7@wi.rr.com
**Sent:** Tuesday, December 15, 2009 3:58 PM
**Subject:** Payment Confirmation

**Dear Valued USAA Customer**

Thank you for your recent payment request. This is to confirm your authorization on 12/15/2009 04:57 PM Eastern Time for an electronic debit from your Checking account payable to USAA for the following payments:

| | |
|---|---|
| Loan Number: | ******8305 |
| Principal Amount: | $2,535.96 |
| Additional Principal: | $0.00 |
| Additional Escrow: | $0.00 |
| Late Charge: | $0.00 |
| Other Fees: | $0.00 |
| Transaction Fee: | $12.50 |
| Total Debit: | $2,548.46 |
| Confirmation Number: | 2009121580430457 |

This payment will be effective on 12/15/2009 or shortly thereafter.

USAA may assess a $10.00 fee for any check that is returned for insufficient funds.

If you have any questions, concerns or require clarification regarding this correspondence, please call 877-569-4632.

*Exhibit A-3*

2/12/2010

**Barbara Webster**

| | |
|---|---|
| **From:** | "Nikki C. Johnson" <njohnson7@wi.rr.com> |
| **To:** | "Barb Webster" <bwebster@michelsonlawracine.com> |
| **Sent:** | Thursday, February 11, 2010 3:23 PM |
| **Subject:** | Fw: Payment Confirmation |

----- Original Message -----
**From:** USAA
**To:** njohnson7@wi.rr.com
**Sent:** Friday, January 15, 2010 6:55 PM
**Subject:** Payment Confirmation

**Dear Valued USAA Customer**

Thank you for your recent payment request. This is to confirm your authorization on 01/15/2010 07:55 PM
Eastern Time for an electronic debit from your Checking account payable to USAA for the following
payments:

| | |
|---|---|
| Loan Number: | ******8305 |
| Principal Amount: | $2,535.96 |
| Additional Principal: | $0.00 |
| Additional Escrow: | $0.00 |
| Late Charge: | $0.00 |
| Other Fees: | $0.00 |
| Transaction Fee: | $12.50 |
| Total Debit: | $2,548.46 |
| Confirmation Number: | 2010011582348536 |

This payment will be effective on 01/15/2010 or shortly thereafter.

USAA may assess a $10.00 fee for any check that is returned for insufficient funds.

If you have any questions, concerns or require clarification regarding this correspondence, please call
877-569-4632.

*Exhibit Q-4*

GRAY & ASSOCIATES, L.L.P.
ATTORNEYS AT LAW
16345 WEST GLENDALE DRIVE
NEW BERLIN, WI 53151

----

(414) 224-8404
FAX (414) 224-1279

February 10, 2010

The Honorable Susan V. Kelley
U.S. Bankruptcy Judge
517 East Wisconsin Avenue
Milwaukee, WI 53202

                RE:   Nikki Christine Johnson
                      Chapter 13
                      Case No. 07-29029-SVK

Dear Judge Kelley:

On September 18, 2009, the court entered an order granting relief if the above-referenced debtor failed to make any of her monthly mortgage payments to the movant on or before the sixteenth day of each month. The debtor has failed to comply with the terms of the order and accordingly I attach my affidavit of default together with a proposed order for relief.

Thank you.

                    Sincerely,

                    GRAY & ASSOCIATES, L.L.P.

                    Jay Pitner

JJP/rb
Enclosures
cc:      Abraham Michelson
         Mary B. Grossman
         Nikki Christine Johnson
         US Trustee

Gray & Associates, L.L.P. is attempting to collect a debt on our client's behalf and any information obtained will be used for that purpose. If you have previously received a discharge in a chapter 7 bankruptcy case, this communication should not be construed as an attempt to hold you personally liable for the debt.

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

In re:                                            Chapter 13
Nikki Christine Johnson
aka Nikki Christine Johnson-Frederiksen
aka Nikki Johnson-Frederiksen,
                                                  Case No. 07-29029-SVK

        Debtor.

### AFFIDAVIT OF DEFAULT IN PAYMENTS TO
### GMAC MORTGAGE, LLC

Jay Pitner, being first duly sworn on oath deposes and says,

1.      That he is the attorney for GMAC Mortgage, LLC, its successors and/or assignees, the movant
in this matter.

2.      That on September 18, 2009, the court signed an order pertaining to the movant's motion for
relief from the automatic stay directing that monthly mortgage payments be made to the movant on or before
the sixteenth day of the month in which said payment is due.  A copy of said order is attached hereto and its
contents are incorporated herein by reference.

3.      That the debtor has failed to comply with the court's order by failing to make the payments
beginning with the payment due on November 16, 2009.

4.      That the movant's legal fees and costs associated with this affidavit of default are $150.00.

                                                  Jay Pitner

Subscribed and sworn to before me
this 11th day of February, 2010.

Michelle M. Neil, Notary Public
State of Wisconsin
My commission expires:  09/22/2013.

**Drafted by:**
Jay J. Pitner
Gray & Associates, L.L.P.
16345 West Glendale Drive
New Berlin, WI 53151
Phone: (414) 224-8404
Fax:    (414) 224-1279
Email: jpitner@gray-law.com

Gray & Associates, L.L.P. is attempting to collect a debt on its client's behalf and any information it
obtains will be used for that purpose.  If you previously received a discharge in a chapter 7 bankruptcy
case, this should not be construed as an attempt to hold you personally liable for the debt.

## UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF WISCONSIN

In re:                                          Chapter 13

Nikki Christine Johnson
aka Nikki Christine Johnson-Frederiksen
aka Nikki Johnson-Frederiksen,

                                                Case No. 07-29029-SVK

                    Debtor.

## ORDER GRANTING GMAC MORTGAGE, LLC
## RELIEF FROM AUTOMATIC STAY

Upon the affidavit of Jay Pitner and,

It appearing that the debtor has defaulted under the terms of the order dated September 18, 2009.

IT IS HEREBY ORDERED that said motion is in all respects granted including the movant's request

for an award of its legal fees and costs in the amount of $150.00 and relief from the automatic stay is

granted to GMAC Mortgage, LLC, its successors and/or assignees with respect to the property located at

2045 Esquire Lane, Racine, WI.

**Drafted by:**
Jay J. Pitner
Gray & Associates, L.L.P.
16345 West Glendale Drive
New Berlin, WI 53151
Phone: (414) 224-8404
Fax:    (414) 224-1279
Email: jpitner@gray-law.com

Gray & Associates, L.L.P. is attempting to collect a debt on its client's behalf and any information it
obtains will be used for that purpose. If you previously received a discharge in a chapter 7 bankruptcy
case, this should not be construed as an attempt to hold you personally liable for the debt.

IT IS FURTHER ORDERED that any and all claims filed by or on behalf of the movant are hereby deemed withdrawn and the trustee need not make any further disbursements thereon. If the automatic stay is reimposed with respect to the movant in the future, any and all claims of the movant shall be then reinstated and the trustee shall resume disbursements thereon.

IT IS FURTHER ORDERED that this order shall be effective immediately upon its entry.

#####

## Nikki C. Johnson

| | |
|---|---|
| **From:** | "Nikki C. Johnson" <njohnson7@wi.rr.com> |
| **To:** | "Barb Webster" <bwebster@michelsonlawracine.com> |
| **Sent:** | Thursday, February 11, 2010 3:21 PM |
| **Subject:** | URGENT |

Barb,

I am forwarding copies of my payment confirmations from USAA which is GMAC.

Once again they can't seem to keep their records straight. I'm assuming you sent the check I made out to your escrow account in September.

Nikki Johnson

## Nikki C. Johnson

| | |
|---|---|
| **From:** | "USAA" <azfceonline@mortgagebanksite.com> |
| **To:** | <njohnson7@wi.rr.com> |
| **Sent:** | Friday, January 15, 2010 6:55 PM |
| **Subject:** | Payment Confirmation |

**Dear Valued USAA Customer**

Thank you for your recent payment request. This is to confirm your authorization on 01/15/2010 07:55 PM Eastern Time for an electronic debit from your Checking account payable to USAA for the following payments:

| | |
|---|---|
| Loan Number: | ******8305 |
| Principal Amount: | $2,535.96 |
| Additional Principal: | $0.00 |
| Additional Escrow: | $0.00 |
| Late Charge: | $0.00 |
| Other Fees: | $0.00 |
| Transaction Fee: | $12.50 |
| Total Debit: | $2,548.46 |
| Confirmation Number: | 2010011582348536 |

This payment will be effective on 01/15/2010 or shortly thereafter.

USAA may assess a $10.00 fee for any check that is returned for insufficient funds.

If you have any questions, concerns or require clarification regarding this correspondence, please call 877-569-4632.

*[handwritten notes:]* 2-11-10 3:46 Amy - open work order ask permission to move funds to

2/11/2010

## Nikki C. Johnson

| | |
|---|---|
| **From:** | "Barbara Webster" <bwebster@michelsonlawracine.com> |
| **To:** | "Nikki C. Johnson" <njohnson7@wi.rr.com> |
| **Sent:** | Friday, February 12, 2010 8:26 PM |
| **Subject:** | Re: URGENT |

An Objection to Affidavit of Default has been prepared and will be e-filed with the court on Monday (and yes, I know it's closed but it won't affect the filing).    In the Objection we will state that you will deposit your February payment into our trust account until the matter is resolved.    You need to get it here ASAP however, since they might figure it out and tell us Tuesday that the Affidavit of Default is being withdrawn.    The doomsday provision covers through March so we need to be ready to disburse.

Yes, we did forward the $5,000+ back in September.    I'm assuming you would know if any of the electronic payments didn't go through.    They can be returned just like an NSF check.    You'll get a copy of everything in next week's mail.

> ----- Original Message -----
> **From:** Nikki C. Johnson
> **To:** Barb Webster
> **Sent:** Thursday, February 11, 2010 3:53 PM
> **Subject:** URGENT
>
> I just spoke with USAA and they said they have unapplied funds.  Amy at USAA is going to open a work order to see if they can apply those funds.  Nobody can tell me why they haven't been applied.
>
> Can you fax those confirmation statements to their attorney or have them call USAA to verify what's going on?
>
> Thanks,
> Nikki Johnson

## Nikki C. Johnson

**From:**      "Barbara Webster" <bwebster@michelsonlawracine.com>
**To:**        "Nikki C. Johnson" <njohnson7@wi.rr.com>
**Sent:**      Friday, February 26, 2010 4:02 PM
**Subject:**   Re:

This afternoon I did talk with someone from Gray & Asso. and voiced the complaint about GMAC's record keeping. There really isn't anything they can do and they have a relationship to preserve with all their mortgage company clients.   Just keep good records.

The Affidavit of Default they filed has been withdrawn, but you need to get the February payment to GMAC ASAP, and continue keeping the good records you have always had.

Barb

> ----- Original Message -----
> **From:** Nikki C. Johnson
> **To:** Barb Webster
> **Sent:** Friday, February 19, 2010 1:53 PM
>
> Hi Barb,
>
> We need to ask Gray and Assoc. and/or USAA how these mishaps can be avoided in the future. As in, "How are they going to make sure my payments are posted properly?". Maybe put in a stop check if it arises again before they commence court action.
>
> I clearly have no control over how payments I make are disbursed.
>
> Just a thought.
>
> Thanks,
>
> Nikki Johnson

2/26/2010

 **Michelson**   Attorneys – At – Law

Robert Michelson (1944-2007)
Abraham Michelson
Carrie R. Michelson

617 – 6th Street, P.O. Box 67
Racine, Wisconsin 53401-0067
Racine: (262) 638-8400
Kenosha: (262) 552-7446
Fax: (262) 638-1818

March 3, 2010

GMAC Rescap
**ATTN: PAYMENT PROCESSING**
3451 Hammond Ave.
Waterloo, IA  50702

> **RE: NIKKI JOHNSON**
> **CHAPTER 13 #07-29029-SVK**
> **Loan #0702008305**
> **Address:  2045 Esquire Lane, Racine, WI 53406**

Gentleperson:

  Our office represents Nikki Johnson in her pending Chapter 13. Recently an Affidavit of Default was filed on behalf of GMAC, but withdrawn once the payment problem was resolved. Our client was instructed to send her February 2010 mortgage payment which we had in our trust account.

  Enclosed is our trust account check for $2,535.96 representing her February 2010 payment. She will resume direct payment in March.

  Due to the Affidavit of Default being filed in error, I assume there will be no late charge attached to the February payment.

       Very truly yours,

       **THE MICHELSON LAW OFFICE**


       By

        Carrie R. Michelson

bw
cc: Gray & Associates
  Nikki Johnson

## Nikki C. Johnson

| | |
|---|---|
| **From:** | "Nikki C. Johnson" <njohnson7@wi.rr.com> |
| **To:** | "Barb Webster" <bwebster@michelsonlawracine.com> |
| **Sent:** | Monday, April 19, 2010 5:09 PM |
| **Attach:** | Payment Confirmation.eml |
| **Subject:** | URGENT |

Hi Barb,

More problems with my mortgage. They will not take a payment. I need you to email Gray and Assoc. ASAP with this confirmation.

In March they would not take a payment until the end of the month. USAA assured me that it would not be a problem. It may have something to do with the payment you had to send from your trust account. You can see from the payment confirmation that they finally took a payment on 3/30. On April 1, the payment was taken from my bank account. On April 6th they filed a non-payment. They are opening a work order, and as of today the attorneys have not filed anything. I'd like to nip this in the bud.

Please make sure they get this so they don't file in court. I have April's payment but they will not take it.

Thanks,
Nikki Johnson

4/19/2010

# Michelson    Attorneys – At – Law

Robert Michelson (1944-2007)
Abraham Michelson
Carrie R. Michelson

April 28, 2010

617 – 6th Street, P.O. Box 67
Racine, Wisconsin 53401-0067
Racine: (262) 638-8400
Kenosha: (262) 552-7446
Fax: (262) 638-1818

Mr. Mark Clauss
Attorney at Law
Gray & Associates
16345 West Glendale Dr.
New Berlin, WI    53151

    **RE:  NIKKI JOHNSON**
    **CHAPTER 13 #07-29029-SVK**
    **YOUR CLIENT:  GMAC**

Dear Mark:

    Without boring you with too many details, there have been a couple of Motions for Relief and two Affidavits of Default, at least one of which was filed in error.   Just skimming your file I think you'll see posting errors, that GMAC has (when pressed by our client) corrected a couple of times.

    Nikki Johnson sent me the following e-mail on April 19th:

I don't understand why they are having such problems. Starting in Jan or Feb, when I would call to make my payment, I would be told that it was not due for that month, but the following month. That's when Gray and Assoc said I was behind by 3 months. I really hope it isn't the same thing again.

In March when I called to make a payment, I was told I was not due until April, which I knew was wrong. When I told the girl on the phone she said I should wait to make the payment until they could fix it so it wouldn't be a problem. I told her I had to make a payment by the 16th of March per court order. She assured me that as long as it was done by the end of the month it wouldn't be a problem.

When I called several other times it was still the same due date, for the following month. I finally insisted they take a payment on the 30th regardless.

Please have Gray and assoc. verify with USAA that they took a payment on the 30th.

Thanks,

Nikki

When the latest Affidavit of Default was resolved, we were instructed to send our trust account funds of $2,535.96 directly to GMAC which we did.  We mentioned in the cover letter that she would resume the regular mortgage payments in March.

I hear **LOTS** of stories from clients, and am generally suspicious of their version of "who done it", but whenever Nikki has told me about a posting problem in the past, she's been right, and has eventually forced GMAC to make the correction.   I'm working by remote from home (at 2 a.m.) so I don't have her file with me, but it seems to me that her payment sometimes gets shuffled off to what we usually refer to as a suspense account.

She asked that I forward this information to you.  We've been so swamped it has taken me longer than usual to follow through, but I'm on vacation starting Thursday and needed to get this in the mail to you before I leave for 10 days.

If your client requests you file an Affidavit of Default, can you first ask them to look in all the cracks and crevices for evidence of her attempt to make the March payment by the 16th.

By copy of this letter I am asking Nikki to give us the information about the status of her April payment.

Thanks, as always, for your help.

Very truly yours,

**THE MICHELSON LAW OFFICE**

By

Barbara Webster
Chapter 13 Case Manager

cc:    Nikki Johnson

*Nikki Johnson*

**Dear Valued USAA Customer**

Thank you for your recent payment request. This is to confirm your authorization on 03/30/2010 05:31 PM
Eastern Time for an electronic debit from your Checking account payable to USAA for the following payments:

| | |
|---|---|
| Loan Number: | ******8305 |
| Principal Amount: | $2,535.96 |
| Additional Principal: | $0.00 |
| Additional Escrow: | $0.00 |
| Late Charge: | $0.00 |
| Other Fees: | $0.00 |
| Transaction Fee: | $12.50 |
| Total Debit: | $2,548.46 |
| Confirmation Number: | 2010033087283342 |

This payment will be effective on 03/30/2010 or shortly thereafter.

USAA may assess a $10.00 fee for any check that is returned for insufficient funds.

If you have any questions, concerns or require clarification regarding this correspondence, please call
877-569-4632.

**Johnson Bank**

**Print Date : April 19, 2010**

| | |
|---|---|
| Account Title | ACCESS CHECKING |
| Account Number | 006009741 8 |
| Account Type | Checking |

| | |
|---|---|
| **Account Balance** | $2.43 |
| **Available Balance** | $2.43 |
| **2010 Interest** | $0.00 |
| **2009 Interest** | $0.00 |

** This balance may include overdraft or line of credit funds.

Account #006009741 8 History
04-01-2010 to 04-19-2010

| Date | Check # | Transaction Description | Credit | Debit | Balance |
|---|---|---|---|---|---|
| 04-01-2010 | | PREAUTHORIZED CREDIT US TREASURY 220 VA BENEFIT 100401 | 1,347.00 | | 4,003.61 |
| 04-01-2010 | | ATM W/D ON US CASH WITHDRAWAL TERMINAL T28837 5417 WASHINGTON AV ENUE RACINE WI XXXXXXXXXX0681 | | 20.00 | 3,983.61 |
| 04-01-2010 | | POS OTHER POS PURCHASE TERMINAL 68560014 PICK N SAVE MT PLEASA WI XXXXXXXXXX0681 | | 35.82 | 3,947.79 |
| 04-01-2010 | | PREAUTHORIZED DEBIT LOANSERVICING PHONE PAY 100401 | | 2,548.46 | 1,399.33 |

$ 2535.96
12.50 fee

 **Michelson**    Attorneys – At – Law

Robert Michelson (1944-2007)
Abraham Michelson
Carrie R. Michelson

617 – 6th Street,  P.O. Box 67
Racine, Wisconsin  53401-0067
Racine:  (262) 638-8400
Kenosha:  (262) 552-7446
Fax:  (262) 638-1818

May 11, 2010

Hi Nikki –

    Here's the response from Gray & Associates.

**From:** Brian D. Perhach
    **To:** 'Barbara Webster'
    **Sent:** Tuesday, May 11, 2010 12:59 PM
    **Subject:** Johnson, Nikki Case No. 07-29029-SVK

    Barb,

In response to your letter, please see attached payment history. It indicates that a payment was received on 3/30/10, the date in question. Let me know if you have any other questions.

**Gray & Associates, L.L.P.**

Very truly yours,

**THE MICHELSON LAW OFFICE**

By    *Barb*

        Barbara Webster
        Chapter 13 Case Manager

enclosure:   payment history

*319-236-5822*
*319-236-2152    transferred to*

**GRAY & ASSOCIATES, L.L.P.**
ATTORNEYS AT LAW
16345 WEST GLENDALE DRIVE
NEW BERLIN, WI 53151

—

FAX (414) 224-1279

*A copy was sent to the*
*client on 1/7/12*

*asked for history*
*(1-11-12)*

January 5, 2012

*1789.28 unapplied funds*

Nikki C. Johnson
2045 Esquire Lane
Racine, WI 53406

RE:    Nikki C. Johnson
Case No. 07-CV-0876

*4378.34  statement*
*2750.59*
*627.75*

Dear Attorney Michelson:

This letter is in response to your request for a reinstatement amount. As of the date of this letter, the reinstatement amount owed is $9,463.54. However, the amount that is owed, including legal fees and costs, may increase between the date of this letter and the date that this loan is reinstated. This is because additional legal services may be provided and additional amounts may become due.

It is our understanding that this loan will be reinstated at a future date. If you pay by January 26, 2012, we estimate that the reinstatement amount will be as follows:

*Work order entered 1-9-12 2:35 p.m. with Debbie. 4252*

*Returned speed pay items!*

| | |
|---|---|
| 1/1/12 through 1/1/12 payments | $2,753.13 |
| Late charges | 2,184.82 |
| Property inspections  *$131.25* | 412.50 |
| Corporate Advances | 362.50 |
| Legal fees and costs through 01/05/12 | 3,750.59 |
| Anticipated additional legal fees and costs through 01/26/12 | 0.00 |
| **TOTAL REQUIRED BY 01/26/12** | **$9,463.54** |

*6710.41*
*(281.25)*
*(362.50)*
*643.75*
*4525.59 difference than 6mo.*

Please note that this estimated reinstatement quote expires on January 26, 2012. The above amount must be received in our office on or before the above date in CERTIFIED FUNDS made payable to GMAC Mortgage, LLC (PA).

If this loan will be reinstated after January 26, 2012, you must contact us for a new reinstatement amount. Please call us when you are actually ready to reinstate this loan so that we can give you the current reinstatement amount at that time. Please be advised that the reinstatement amount is subject to final verification by the Noteholder. You will be responsible to reimburse the Noteholder if it pays other taxes, insurance or other miscellaneous expenses allowed by law.

If we receive legal fees and costs in excess of the amount owed, they will be returned to the borrower by mail after application of the reinstatement funds.

There may be other options available to the borrower to help avoid foreclosure. The borrower may contact the lender to discuss these options.

*Property Inspection amount should be $131.25*

*8820.29*
*-1789.28*
*7031.01*

*9463.54*
*-643.75*
*8820.2*

Michelson Law Offices
P.O. Box 67
Racine, WI 53401-0067

RE: Case # 07-29029-SVK

January 9, 2012

Carrie,

Could you please follow up with Gray and Associates and see if we can come to some kind of an agreement to tack on the attorney fees, late fees and property inspections on the end of the loan? Could you also find out what those attorney fees and late fees are for? Usually any fees were added on at the time of the court ruling.

I also don't see the following amounts from the trustee statement. $2463.78, $788.54, and $456.55. How can that be unless they are going to tack it on the loan? What I'd like to do is pay those amounts and tack on anything else to the end of the loan. (With the exception of January's payment which will be made this week.) I seriously question the amounts they have come up with.

I also checked with GMAC and the $362.50 amount is for returned "speed pay" fees. I have never had a returned payment by phone or other means. And every time I made a payment by phone I was charged $12.50 at the time. Someone named Debbie with an ID # of 4252 is opening a work order on that which should have been initiated today.

The property inspection is only $131.25 according to Debbie at GMAC as of today so there is an error there as well. Wonder where they are getting their figures?

I have also sent a copy of an Independent Foreclosure Review which I am going to fill out. It said I had to give my attorney a copy. I'm sure it was sent out due to the many recording errors associated with this loan and court actions.

In summation:

Contact Gray and Associates and try to negotiate putting some fees at the end of the loan. I would only like to pay what is listed on Trustees statement now. Get itemization on attorney fees and the late fees to make sure they are legitimate.

Try to use the Independent Foreclosure Review as leverage to negotiate this. We know there have been at least 3 recording errors for sure on this loan as well as the added speed pay fees that I do not owe. (Many, many errors that should work for us.)

Also, what happened at that hearing that was scheduled for December 13, 2011? Was it postponed?

Thanks,


Nikki C. Johnson

Gray & Associates
ATTN: Molly Malchow-Weber
Foreclosure Analyst.

Nikki C. Johnson
Case No. 07-CV-0876
January 12, 2012

This is a follow-up to a request for a reinstatement amount.  Instead of sending it to my attorney and having them send it to you I am just sending it to you.  I have prepared some worksheets with what I think I owed verses what I have already paid.  Please check and see if these figures match yours.  In the past there have been several discrepancies with this account as far as posting errors go.  On the next page I have listed some questions.

I also need to know what fees have been charged to my account and what they were for.  I have looked through some payment histories they have sent me and they are virtually impossible to understand.  They will take one payment and enter it, remove it, enter it again and so on and so forth.  I have also noticed from my statements that the late charges and other charges differ significantly from one statement to the next. (see attached)

I would really like to get my loan reinstated as soon as possible, but I need to know what I am paying is correct. I have attached 5 sheets to this.

If you can't help me I need to know who needs to be called at GMAC because they say only their attorney can do this.

Thanks,

Nikki C. Johnson
2045 Esquire Lane
Racine, WI  53406

Gray & Associates
ATTN: Molly Malchow-Weber                                    Fax # 414-224-1279
Foreclosure Analyst.


Nikki C. Johnson
Case No. 07-CV-0876
January 24, 2012

Second Request

On January 13, 2012 I faxed you a request for payoff information and discrepancies in what I think is due on my
mortgage. I have yet to hear back from you. I was also told it was the attorneys for GMAC that told them how and
when to credit unapplied funds. I want to bring my mortgage current and time is of the essence here.

I had three judgments against me from GMAC in the following amounts.
$35,772.73, $8652.09 and $3,281.13. The last two had to be adjusted because GMAC did not credit payments properly.

What I need to know is what charges were included in each of those amounts? Please itemize what was mortgage, late
fees, attorney fees, etc. I am trying to figure out if I am being charged twice for those, since it seems these charges
appear on my statements. I spoke with USAA today and was told the majority of those late charges were from 2007 and
2008. I believe those were included in the judgment amounts.

There was also one action filed against me in March 2010 for non-payment which turned out to be a posting error for
November 2009, December 2010, and January 2010. It looks like I was charged $150.00 in legal fees which I should not
have to pay. It was not my fault. Not only that, I had to pay my attorney to file an objection.

Once again I got a very complicated payment history from USAA. It would take a forensic accountant to be able to figure
it out and no one at USAA is authorized to talk to me about it. It should be fairly simple. I want to know what I owed for
this time period, what I paid personally and through the Trustee, and what "other" and "late " fees associated with this
were not included in the judgments so I can compare it to my records. I would like to pay what I still owe on the
judgments ($3,708.87), my January payment, plus any fees not included in those that are justified.

If you can't help me I need to know who needs to be called at GMAC because they say only their attorney can do this.


A reply of any kind would be appreciated.

Thanks,

Nikki C. Johnson
2045 Esquire Lane
Racine, WI 53406


Cc; Michelson Law Offices

## CHAPTER 13 PLUS LOAN PAYMENTS

| | |
|---|---|
| Chapter 13 Payments | $43,997.08 |
| | |
| Loan payments (A) | $117,702.35 |
| | |
| | |
| Total payments (D) | $161,699.43 |

## WHAT I PAID IN VERSES WHAT I WAS CREDITED.

| | |
|---|---|
| Total Payments (D) | $161,699.43 |
| Credited Payments ( C ) | -$159,123.02 |
| | |
| Difference | $2,576.41 |
| Unapplied | $1,426.78 |
| Difference | $4,003.19 |
| Overpayment (B) | $1,813.41 |
| Not credited | $5,816.60 |

## PAYMENTS I MADE

| Payments | | | | | Total | |
|---|---|---|---|---|---|---|
| | $2,577.50 | $2,652.57 | $2,535.96 | $2,753.13 | | |
| | X  16 | X  12 | X  10 | X  7 | 45 | |
| | $41,240.00 | $31,830.84 | $25,359.60 | $19,271.91 | $117,702.35 | (A) |

## DIFFERENCE BETWEEN THE PAYMENTS I MADE AND WHAT WAS CREDITED. PAYMENTS MADE WERE AT CURRENT AMOUNT WHILE PAYMENTS CREDITED'S STARTED WITH MY FIRST MISSED PAYMENT AMOUNT.

| | | | | |
|---|---|---|---|---|
| Pymt Made | $2,577.50 | $2,652.57 | $2,535.96 | |
| Pymt Credit | $2,457.91 | $2,535.96 | $2,577.50 | |
| Difference | $119.59 | $116.97 | -$41.54 | |
| | X  13 | X  4 | X  5 | |
| Overpymt | $1,554.67 | $466.44 | -$207.70 | $1,813.41 | (B) |

## PAYMENTS USAA/GMAC CREDITED TO ME      (Through December 2011)

| Credited Payments | | | | | | Total | |
|---|---|---|---|---|---|---|---|
| | $2,457.91 | $2,577.50 | $2,652.57 | $2,535.96 | $2,753.13 | | |
| | X  19 | X  11 | X  12 | X  13 | X  7 | 62 | |
| | $46,700.29 | $28,352.50 | $31,830.84 | $32,967.48 | $19,271.91 | $159,123.02 | ( C ) |

Before January 2012 Payment.

**FIGURES FROM YOUR LETTER DTD 1-5-12**
**MINUS CREDIT FOR CORP ADVANCES**

| | |
|---|---|
| January 2012 Payment | $2,753.13 |
| Late charges | $2,184.82 |
| Property inspection corrected | $131.25 |
| Legal fees and costs | $3,750.59 |
| Corporate advances | $0 |
| | |
| Total | $8,819.79 |
| Not credited | -$5,816.60 |
| | |
| Total | $3,003.19 |
| Jan 2012 payment | -$2,753.13 |
| | |
| Total without Jan pymt | $250.06 |
| | |
| Chapter 13 unpaid | $3,708.87 |
| | -$250.06 |
| | |
| Difference or what I owe. | $3,458.81 |

**FIGURES FROM STATEMENT DTD 1-18-12**

| From January 18, 2012 Statement | |
|---|---|
| $2,184.82 | Late chgs |
| $4,015.84 | Other |
| | |
| $6,200.66 | Total |
| | |
| -$5,816.60 | Not Credited |
| | |
| $384.06 | Total |
| | |
| | |
| $3,708.87 | Chapter 13 unpaid |
| -$384.06 | |
| | |
| $3,324.81 | Difference or what I owe. |

Nikki Johnson

Nikki C. Johnson
Case No. 07-CV-0876

| GMAC Claims | Due | Paid | Balance |
|---|---|---|---|
|  | $35,772.73 | $33,308.95 | $2,463.78 |
|  | $8,652.09 | $7,863.55 | $788.54 |
|  | $3,281.13 | $2,824.58 | $456.55 |
| Total | $47,705.95 | $43,997.08 | $3,708.87 |
| Claims owed | $47,705.95 |  |  |
| Mortgage arrears | -$42,221.29 |  |  |
| Difference (fees) | $5,484.66 |  |  |

If attorney fees were included in claim amount, I figure I owe $3708.87, plus misc late charges and fees not included in claims, plus January 2012 payment.

Are these mortgage amounts correct? If not please itemize due dates and amounts.

What fees were included in GMAC claims?

Were suspense items ever applied? I see from some ledgers you sent to my attorney there were suspense amounts.

Itemize late charges.

As of 1-12-12 there were $1789.28 in unapplied funds.

On 1-9-12 GMAC informed me property inspection fees were $131.25.

Corporate advances were returned speed pay items. I have never had anything returned and supposedly there is a work order in to fix it.

| Date | Amount 1 | Amount 2 | Amount 3 | Total |
|---|---|---|---|---|
| 3/28/2008 | $2,395.94 | | | $2,395.94 |
| 4/29/08 | $1,083.12 | | | $1,083.12 |
| 5/29/08 | $1,083.12 | | | $1,083.12 |
| 6/26/08 | $1,083.12 | | | $1,083.12 |
| 7/30/08 | $1,083.12 | | | $1,083.12 |
| 8/28/08 | $1,083.12 | | | $1,083.12 |
| 10/29/08 | $1,077.45 | | | $1,077.45 |
| 11/25/08 | $785.31 | | | $785.31 |
| 1/28/08 | $2,470.61 | $1,016.47 | | $3,487.08 |
| 2/25/09 | $804.00 | $330.79 | | $1,134.79 |
| 3/27/09 | $852.03 | $272.69 | | $1,124.72 |
| 4/29/09 | $852.03 | $272.69 | | $1,124.72 |
| 5/28/09 | $852.03 | $272.69 | | $1,124.72 |
| 6/29/09 | $852.02 | $272.69 | | $1,124.71 |
| 7/30/09 | $854.27 | $273.41 | | $1,127.68 |
| 8/28/09 | $854.27 | $273.41 | | $1,127.68 |
| 10/28/09 | $1,519.94 | $486.46 | $281.64 | $2,288.04 |
| 12/29/09 | $759.97 | $243.23 | $140.82 | $1,144.02 |
| 1/28/10 | $759.97 | $243.23 | $140.82 | $1,144.02 |
| 2/22/10 | $759.97 | $243.23 | $140.82 | $1,144.02 |
| 3/29/10 | $759.97 | $243.23 | $140.82 | $1,144.02 |
| 4/28/10 | $759.97 | $243.23 | $140.82 | $1,144.02 |
| 5/21/10 | $759.97 | $243.23 | $140.82 | $1,144.02 |
| 6/18/10 | $759.97 | $243.23 | $140.82 | $1,144.02 |
| 7/22/10 | $359.99 | $115.22 | $66.70 | $541.91 |
| 8/23/10 | $359.99 | $115.22 | $66.70 | $541.91 |
| 10/22/10 | $358.39 | $114.70 | $66.41 | $539.50 |
| 12/21/10 | $358.39 | $114.70 | $66.41 | $539.50 |
| 2/21/11 | $1,262.96 | $404.22 | $234.02 | $1,901.20 |
| 3/18/11 | $758.37 | $242.72 | $140.53 | $1,141.62 |
| 4/20/11 | $779.17 | $249.38 | $144.38 | $1,172.93 |
| 5/24/11 | $379.19 | $121.36 | $70.26 | $570.81 |
| 6/20/11 | $672.93 | $215.38 | $124.70 | $1,013.01 |
| 7/22/11 | $779.17 | $249.38 | $144.38 | $1,172.93 |
| 8/18/11 | $779.17 | $249.38 | $144.38 | $1,172.93 |
| 9/16/11 | $787.97 | $252.19 | $146.02 | $1,186.18 |
| 11/18/11 | $767.97 | $245.79 | $142.31 | $1,156.07 |
| | $33,308.95 | $7,863.55 | $2,824.58 | $43,997.08 |

Total

*Chapter 13 payments*

**GRAY & ASSOCIATES, L.L.P.**
ATTORNEYS AT LAW
16345 WEST GLENDALE DRIVE
NEW BERLIN, WI 53151
—
FAX (414) 224-1279

January 31, 2012

Nikki C. Johnson
2045 Esquire Lane
Racine, WI 53406

RE:    Nikki C. Johnson
       Case No. 07-CV-0876

Dear Attorney Michelson:

This letter is in response to your request for a reinstatement amount. As of the date of this letter, the reinstatement amount owed is $6,441.74. However, the amount that is owed, including legal fees and costs, may increase between the date of this letter and the date that this loan is reinstated. This is because additional legal services may be provided and additional amounts may become due.

It is our understanding that this loan will be reinstated at a future date. If you pay by February 24, 2012, we estimate that the reinstatement amount will be as follows:

| | |
|---|---:|
| 01/12 through 02/12 payments | $5,506.26 |
| 2 monthly payments @ 2,753.13 | |
| Late charges | 1,233.55 |
| Property inspections | 131.25 |
| Lees Credits/Suspense | (1,426.78) |
| Legal fees and costs through 1/31/12 | 3,750.59 |
| Anticipated additional legal fees and costs through 2/24/12 | 0.00 |
| | |
| **TOTAL REQUIRED BY 2/24/12** | **$9,194.87** |

Please note that this estimated reinstatement quote expires on February 24, 2012. The above amount must be received in our office on or before the above date in CERTIFIED FUNDS made payable to GMAC Mortgage, LLC (PA).

If this loan will be reinstated after February 24, 2012, you must contact us for a new reinstatement amount. Please call us when you are actually ready to reinstate this loan so that we can give you the current reinstatement amount at that time. Please be advised that the reinstatement amount is subject to final verification by the Noteholder. You will be responsible to reimburse the Noteholder if it pays other taxes, insurance or other miscellaneous expenses allowed by law.

If we receive legal fees and costs in excess of the amount owed, they will be returned to the borrower by mail after application of the reinstatement funds.

There may be other options available to the borrower to help avoid foreclosure. The borrower may contact the lender to discuss these options.

May 14, 2012

Nikki C. Johnson
2045 Esquire Lane
Racine, WI 53406

I have some concerns with how my payments have been credited over the last 4 years. I have enclosed some data for you and believe me it took days of pouring over payment histories to try and figure it out. These concerns were addressed to your attorney back in January 2012 and again in February 2012 and I never received any kind of response. After filing for bankruptcy in 2007 the monthly payment was credited back to the first missed payment not the current payment and Chapter 13 payments were applied randomly to missed back payments. So some months the amount I paid was more than the missed payment and some months it was less than the missed payment. Why would you use current payments and apply them to missed payments instead of just letting the chapter 13 payments take care of the missed payments? Wasn't that the purpose of the Chapter 13 payments? What an accounting nightmare!!!

These are my concerns.

I was taken to court on several occasions when you didn't properly credit my payments. Working orders had to be filed and took weeks and sometimes months to find the error. This happened on three separate occasions. I had to pay my attorney and GMAC's. My attorney charged me whether it was my fault or not.

Since the first of this year, I asked for an itemization of what expenses were included in judgments against me at least three times and still haven't gotten one. You get the information from your attorney if that's where it is. I want to know what amounts are for late fees, attorney fees, etc. and dates charged because the amounts seemed to differ from statement to statement starting with the first month after I filed for bankruptcy. And these amounts never seemed to match the payment histories. I also want to know how much and when my chapter 13 payments were credited. Sometimes they appeared on the payment histories and sometimes they didn't. I have received payment histories and you need a forensic accountant to figure out what's going on. Someone should be able to push a few buttons and tell me what I paid and what it was for. (Especially in chapter 13 judgments.) Don't give me another payment history where a payment is credited then reversed, reapplied, broken down and maybe reversed again 2 pages later. I want it simple enough for a child to understand. I shouldn't need a forensic accountant or a week of training to understand what is going on. I feel sorry for anyone who doesn't have a financial background and requested a payment history. You should be ashamed of yourselves. And I'm sure that is why you are in trouble now.

According to some digging of my own, I feel I haven't been credited with some of the payments I have made and no one has given me an answer to this. While my figures may not be perfect they should at least be in the ballpark. (It's around $4000 as of December 2011.) I have attached some data for you. If I am wrong I need understandable documentation to back it up.

Sincerely,


Nikki C. Johnson

February 2008 payment not credited properly.  Took until January 2009 to fix.

May 2009 payment not posted properly.  Took until October 2009 to fix.

November 2009, December 2009, January 2009 not posted properly.  Motion to dismiss was filed and then dropped.