UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al*.<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

**ORDER SUSTAINING THE RESCAP LIQUIDATING TRUST'S SEVENTY-NINTH OMNIBUS CLAIMS OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS) AS TO CLAIM NUMBER 7413 FILED BY CONRAD P. BURNETT JR. AND DENYING BURNETT'S MOTION FOR LEAVE TO AMEND SUCH CLAIM**

The ResCap Liquidating Trust (the "Trust") objects to Claim Number 7413 (the "Claim," ECF Doc. # 6256) filed by Conrad P. Burnett Jr. ("Burnett"). The objection is included in the *ResCap Liquidating Trust's Seventy-Ninth Omnibus Claims Objection (Purported Administrative Claims)* (the "Objection," ECF Doc. # 7841) and is supported by the declarations of Deanna Horst (the "Horst Declaration," ECF Doc. # 7841-1) and P. Joseph Morrow IV (the "Morrow Declaration," ECF Doc. # 7841-2). Burnett filed a response to the Objection in the form of a motion for leave to amend the Claim (the "Motion," ECF Doc. # 7881). The Trust filed a reply in support of its Objection (the "Reply," ECF Doc. # 7972).

Burnett became a claimant in the Residential Capital, LLC ("ResCap") chapter 11 cases by filing Claim Number 345 on July 27, 2012 and Claim Number 3743 on November 8, 2012. On January 8, 2014, Burnett (acting *pro se*) filed the Application for Allowance of Administrative Expense and Immediate Payment Pursuant to 11 U.S.C. § 503. This application became the Claim subject to the Trust's Objection; it asserts that the "Debtor owes Conrad P. Burnett, Claimant $375,395.00 for failed mortgage servicing rendered in the ordinary course of business between May 14, 2012, and December 17, 2013." (Claim ¶ 4.) The proposed order attached to the Claim provides that "$375,395.00 of administrative expenses [should] be allowed

as administrative expenses, specifically, legal fees, filing fees, attorney's fees, and proof of claim." (*See id.* Ex. 1, ECF Doc. # 6256-2.) Burnett appended the following documents in support of the Claim: (1) a statement of Payments and Credits from Philip S. Griffin II PC, from May 2012 through December 2013, totaling $20,020.01; (2) a Customer QuickReport from Huelbig Doc Prep Corporation, noting a series of payments and invoices related to an account held by Burnett, with a handwritten total of $3,375.00; and (3) a copy of Burnett's Claim Number 345 against Debtor GMAC Mortgage LLC ("GMACM") in the amount of $352,000.00 based on "commercial paper 'deed of trust.'" (*See* Claim at 2–4.)

On September 10, 2014, Burnett, represented by counsel Pablo E. Bustos of Bustos & Associates, P.C., filed the Amended Application for Allowance of Administrative Expenses and Immediate Payment Pursuant to 11 U.S.C. § 503 (the "Amended Application," ECF Doc. # 7523). The Amended Application sought to amend the Claim, without leave of the Court, asserting an administrative expense claim against GMACM in the amount of $750,790.00 for "failed mortgage servicing rendered in the ordinary course of business between May 14, 2012 and December 17, 2103." (*Id.* ¶ 10.) On October 20, 2014, Burnett filed a Statement of Damages relating to the Amended Application, indicating that as of October 15, 2014, Burnett's damages doubled to $1,528,218.00. (*See* ECF Doc. # 7658).

During the time period in which Burnett filed his three proofs of claim and the original and amended applications for administrative expense relief, Burnett also filed an adversary proceeding against GMACM. (*See* Adv. Proc. No. 12-0249.) The adversary proceeding was voluntarily dismissed through a stipulation between the parties dated February 15, 2013 (the "Stipulation," Case No. 12-0249, ECF Doc. # 7.) Pursuant to the Stipulation, the parties agreed that Burnett would have the right to "pursue his claims, if any, against [GMACM], through

resolution of any timely filed proof of claim filed in [GMACM's] chapter 11 case." (*Id.* ¶ 14.) Despite the Stipulation, Burnet filed a motion to re-open the adversary proceeding on October 27, 2014. (Adv. Proc. No. 12-0249, ECF Doc. # 9.) The Court denied Burnett's motion to re-open the adversary proceeding on October 28, 2014 (*see* Adv. Proc. No. 12-0249, ECF Doc. # 11.)

Three days later, Burnett filed a Notice of Hearing on the Debtors' chapter 11 docket attempting to schedule a hearing for the Amended Application to obtain *immediate* payment on account of Burnett's administrative expense claim (the "Immediate Payment Motion," ECF Doc. # 7710). The Trust objected to the Immediate Payment Motion (ECF Doc. # 7791), and Burnett filed a reply (ECF Doc. # 7810–11). On December 4, 2014, the Court denied Burnett's request for a hearing and denied his Immediate Payment Motion without prejudice to the parties' respective rights to adjudicate Burnett's claims (ECF Doc. # 7823).

### A. The Objection

The Trust's Objection to the Claim argues that there is no legal basis supporting Burnett's administrative expense claim. According to the Trust, Burnett fails to provide evidence of any postpetition claim based on either a necessary expense of the Debtors' estates or any wrongful postpetition conduct on the part of any Debtor that could potentially give rise to a claim under Bankruptcy Code section 503. (Obj. Ex. 2-B.) The Trust also argues that Burnett fails to demonstrate that he is entitled to the payment of his attorney's fees because he fails to show how the legal work, whether performed pre- or postpetition, benefited the Debtors' estates or that he is the type of creditor entitled to such payment. (*Id.* (citing *In re Bayou Grp., LLC*, 431 B.R. 549, 560 (Bankr. S.D.N.Y. 2010) ("The integrity of section 503(b) can only be maintained by strictly limiting compensation to extraordinary creditor actions which lead directly to tangible

3

benefits to the creditors, debtor or estate." (quoting *In re Best Prods. Co.*, 173 B.R. 862, 866 (Bankr. S.D.N.Y. 1994)). The Trust further argues that Burnett's Claim fails because "'[t]hird parties, who generally represent only their clients' interests and only indirectly contribute to the case's administration, therefore normally would not be compensated by the estate on an administrative priority basis. Instead, 'compensation under section 503 is reserved for those rare and extraordinary circumstances when the creditor's involvement truly enhances the administration of the estate.'" (*Id.* (quoting *In re Bayou Grp. LLC*, 431 B.R. at 561).)

### B. Burnett's Motion

On December 15, 2014, Burnett filed the Motion seeking to amend the Claim, intended by Burnett's counsel to be Burnett's response to the Objection. (*See* Reply ¶ 18.) Burnett alleges that the Trust filed the Claim on Burnett's behalf in the amount of $375,395.00, and that Burnett "cannot ascertain how Debtor calculated these figures which appear to duplicate prior claims filed by [Burnett]."[1] (Motion ¶ 1.) The Motion argues that the proposed amendment of the Claim includes the increased amount of $58,933.33 in damages against ResCap, representing "[a]ttorney's fees only for the cost to litigate with Joint-Debtor GMAC[M] both pre and post-petition to enforce [Burnett's] rights under a contract, and consumer fraud." (*Id.* ¶ 6.) The Motion attaches a copy of a proof of claim form indicating that the entire amount of the asserted administrative expense claim is entitled to priority pursuant to section 507(a)(C) of the Code. (*Id.* Ex. 1.) Burnett also argues that he would suffer irreparable harm and damages that cannot be reasonably ascertained if leave to amend the claim is not provided. (*Id.* ¶ 6.)

---

[1] Burnett claims that the Trust originally filed the Claim on Burnett's behalf. (Motion ¶ 1.) The Trust asserts that it was not involved in Burnett's decision to file an application for an administrative expense claim, nor did it designate an amount for the claim. (Reply ¶30.) The Trust submits that the Claim's language demonstrates that Burnett drafted it himself and submitted his request for payment of the Claim. (*Id.* (citing Claim).) The Trust contends that KCC, as the Debtors' noticing and claims agent, received the filed version of the Claim from the docket, processed it as an administrative expense claim request, and assigned it to Claim Number 7413 in the Claims Register. (*Id.*)

4

C.     **The Trust's Reply**

The Trust's Reply in support of its Objection also addresses the merits of the Motion. (Reply at 1.) First, the Trust asserts that Burnett fails to offer sufficient evidence that any of the Debtors engaged in wrongful conduct causally connected to Burnett's claims giving rise to an administrative expense claim. (*Id.* ¶ 23.) Second, the Trust contends that Burnett fails to quantify or detail his damages in the form of incurred professional fees or otherwise. (*Id.* ¶ 24.) The Trust argues that Burnett has not identified the portions of the $58,933.33 in professional fees incurred pre- and postpetition. (*Id.*) Burnett also failed to provide any supporting documentation in the form of invoices or otherwise demonstrating to whom any professional fees were paid by Burnett, the matter for which those fees were incurred, or the amounts of such fees and the dates upon which they were billed. (*Id.*) Third, the Trust asserts that Burnett has not provided legal authority supporting his argument that legal fees incurred in connection with either pre- or postpetition litigation with the Debtors may be reimbursed by the Trust. (*Id.* ¶ 25.)

As to Burnett's Motion, the Trust argues that Burnett has not met his burden in proving an entitlement to an allowed administrative expense claim and therefore should be denied the opportunity to amend his claim. (*Id.* ¶ 28.) The Trust first argues that the Motion does not correct a defect of form because the proof of claim was filed prior to the administrative claim bar date in proper form. (*Id.* ¶ 30.) Second, the Trust asserts that the content of the Motion and proposed amendment in substance "do[] not describe the original claim[s] with greater particularity." (*Id.* ¶ 31 (quoting *Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 133 (2d Cir. 2005)) (internal quotation marks omitted).) The Trust argues that the Motion appears to seek to remove the prepetition and postpetition mortgage servicing claims from the Claim, and to only now assert an administrative expense claim for

5

attorneys' fees purportedly incurred by Burnett in connection with his pre- and postpetition litigation with the Debtors. (*Id.* (citing Motion ¶ 6).) The Trust admits that the proposed amendment adds prepetition attorneys' fees to the original postpetititon fees, but objects that the amendment vaguely alleges that the legal fees relate to "an affirmative act/misrepresentation by GMAC[M] Joint Debtor; and therefore, no showing of intent is required." (*Id.* (quoting Motion ¶ 6) (internal quotation marks omitted).) Third, the Trust asserts that the Motion does not adequately plead a new and valid theory of recovery on the facts set forth in the original proof of claim. (*Id.* ¶ 32.) According to the Trust, the Claim and the Amended Application both assert failed mortgage servicing as a basis for relief, and the Amended Application merely sought to increase the amount of the Claim to $750,000.00. (*Id.*) Finally, the Trust argues that if the Court determines that the proposed amendment would relate back to the timely submitted Claim, permitting an amendment would unduly prejudice the Debtors' estates because it would unnecessarily obligate the Trust to litigate a claim that is otherwise invalid. (*Id.* ¶ 33 (citing *Integrated Res., Inc. v. Ameritrust Co. Nat'l Ass'n (In re Integrated Res., Inc.)*, 157 B.R. 66, 70 (S.D.N.Y. 1993) (citation omitted); *In re Enron Corp.*, 419 F.3d at 133).) The Trust further asserts that Burnett has failed to indicate any reasonable justification for his inability to file the contents of the amended claims at the time the original claims were filed, or at any subsequent time as part of his multiple filings in the chapter 11 cases. (*Id.*)

      **D.**      **The Objection to the Claim is Sustained**

Correctly filed proof of claims "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's

6

presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted); *see also In re Residential Capital, LLC*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014)..

Burnett asserts that his Claim should be afforded administrative expense priority pursuant to Bankruptcy Code section 507, which incorporates section 503. Bankruptcy Code section 503(b)(1)(A) defines administrative expenses and provides in pertinent part that:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including – (1)(A) the actual, necessary costs and expenses of preserving the estate including [a non-exclusive list of categories].

11 U.S.C. § 503(b)(1)(A); *see In re 1800ideas.com, Inc.*, 496 B.R. 165, 175 (B.A.P. 9th Cir. 2013).

Section 503 is not to be construed broadly, but rather is "strictly limit[ed to] compensation or extraordinary creditor actions which lead directly to tangible benefits to the creditors, debtor or estate." *In re Best Prods. Co.*, 173 B.R. at 866; *see also In re Bayou Grp. LLC*, 431 B.R. at 561 ("[C]ompensation under section 503 is reserved for those rare and extraordinary circumstances when the creditor's involvement truly enhances the administration of the estate." (internal quotation marks and citation omitted)). For example, "'[t]hird parties, who generally represent only their clients' interests and only indirectly contribute to the case's administration, . . . normally would not be compensated by the estate on an administrative priority basis.'" *In re Bayou Grp. LLC*, 431 B.R. at 561 (quoting *In re Dana Corp.*, 390 B.R. 100, 108 (Bankr. S.D.N.Y. 2008)).

The Trust adequately shifted the burden in its Objection by asserting that Burnett failed to establish any basis for the payment to Burnett of an administrative expense claim for attorney's fees incurred in pre- and/or postpetition litigation against the Debtors under section 503 of the Code. Burnett failed to meet his burden in establishing his claim by a preponderance of the evidence. He has hardly established that this is a "rare and extraordinary circumstance" and cannot show that this is nothing but a case in which his attorneys were representing his interests *only*. The Objection to Burnett's Claim is therefore **SUSTAINED** and the Claim is **DISALLOWED** and **EXPUNGED**.

### E.  Burnett's Motion for Leave to Amend the Claim is Denied

The Court also denies Burnett's Motion for leave to amend the Claim because there is no basis for the underlying Claim, which is now expunged, and Burnett has failed to satisfy the standard applied to such motions.

A Court should consider five equitable factors in determining whether to allow an amendment of a proof of claim:

> (1) undue prejudice to opposing party;
> (2) bad faith or dilatory behavior on the part of the claimant;
> (3) whether other creditors would receive a windfall were the amendment not allowed;
> (4) whether other claimants might be harmed or prejudiced; and
> (5) the justification for the inability to file the amended claim at the time the original claim was filed.

*In re Integrated Res., Inc.*, 157 B.R. at 70 (citing *In re McLean Indus., Inc.*, 121 B.R. 704, 708 (Bankr. S.D.N.Y. 1990)).

The key factor is whether the opposing party would be unduly prejudiced by the amendment. *Id.* (citation omitted). Here, there would be undue prejudice to the Trust (and the Debtors' estates) because granting such an amendment could lead to other similarly situated claimants (of which there are many in these chapter 11 cases) filing amendments to their claims

8

for administrative expense priority where such priority is not due. *See In re Enron Creditors Recovery Corp.*, 370 B.R. at 99 (stating that a party may "be unduly prejudiced due to the possibility of opening the floodgates for other similarly situated creditors to come forward to amend their claims or file late claims"). Moreover, no other creditors would receive a windfall; rather, they would be harmed or prejudiced if the amendment were allowed because Burnett would receive funds *before* those creditors who are similarly situated when he has failed to demonstrate that this is an "extraordinary" circumstance permitting him to do so. Burnett also fails to identify why he was unable to assert the amended claim at the time the Claim was filed. The Court concludes that the Motion is **DENIED**. Burnett is not prejudiced by the denial of this amendment because the merits of his two remaining claims have yet to be reviewed.

For the foregoing reasons, the Trust's Objection is **SUSTAINED**, the Claim is **DISALLOWED** and **EXPUNGED**, and Burnett's Motion for leave to amend the Claim is **DENIED**.

**IT IS SO ORDERED.**

Dated:  January 28, 2015
         New York, New York

                                        ___*Martin Glenn*___
                                          MARTIN GLENN
                                   United States Bankruptcy Judge