**Exhibit B**

Record & Return To:
Homecomings Financial, LLC
Attn.: Loss Mitigation Department
3451 Hammond Avenue.
Waterloo, IA 50702

——————————————— [Space Above This Line For Recorder's Use] ———————————————



# ADJUSTABLE RATE LOAN MODIFICATION AGREEMENT

This Adjustable Rate Loan Agreement ("Agreement"), made this 2/1/2009 ("Effective Date") between MICHAEL A KARMAZYN  KRISTIN E KARMAZYN  ("Borrower") and Homecomings Financial, LLC ("Lender"), amends and supplements that certain promissory note ("Note") dated 8/5/2005, in the original principal sum of Two Hundred Ninety Four Thousand Five Hundred Dollars and No Cents ($ 294,500.00)executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), and said security instrument covers the real and, if applicable, personal property described in such Security Instrument (the "Property") located at ARAPAHOE County CO. Said Security Instrument covers the real and, if applicable, personal property described in such Security Instrument (the "Property") located at 5153 SOUTH UKRAINE STREET  AURORA CO, 80015 which real property is more particularly described as follows:

(Legal Description)

Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by the Security Instrument (the "Principal Balance") is Two Hundred Ninety Eight Thousand Three Hundred Twenty Dollars and Sixteen Cents ($ 298,320.16). Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amounts(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date.
Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid.
2. Borrower will pay interest at yearly rate of  4.85000% from 2/1/2009. The interest rate Borrower will pay will change in accordance with this Agreement. The interest rate required by this Agreement is the rate Borrower will pay both before and after any default under the terms of the Note, as amended by this Agreement.
3. Borrower promises to make monthly principal and interest payments of $ 1,665.76, beginning on 3/1/2009, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on 9/1/2035 Borrower still owes amount under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender may require.
4. The monthly payment may change based on changes in the unpaid principal of the loan and in the interest rate

Borrower must pay. Lender will determine the new interest rate and the changed amount of the monthly payment in accordance with this Agreement. The interest rate Borrower will pay may change on 9/1/2035 and on that day every six months thereafter. Each date on which the interest rate could change is called a "Change Date".

5. Beginning with the first Change Date, the interest rate will be based on the Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London Market ("LIBOR") as published in The Wall Street Journal. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the change occurs is called the "Current Index." If the Index is no longer available, the lender will choose a new index which is based upon comparable information. Lender will give Borrower notice of this choice.

6. Before each Change Date, Lender will calculate the new interest rate by adding Three point Three Five percentage points ( 3.35000%) to the Current Index. Lender will then round the result of this addition to the nearest on-eight of one percentage point (0.125%). Subject to the limits stated below, this rounded amount will be the new interest rate until the next Change Date. Lender will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that Borrower is expected to owe at the Change Date in full on the Maturity Date at the new interest rate in substantially equal payments. The result of this calculation will be the new amount of the monthly payment. Borrower will pay the amount of the new monthly payment beginning on the first monthly payment date after the Change Date until the amount of the monthly payment changes again. The monthly payments will be applied first to the payment of interest due and then to the principal.

7. The interest rate Borrower is required to pay at the first Change Date will never be greater than 13.10000% or less than .00000%. Thereafter, the interest rate will never be increased or decreased on any single Change Date by more than one percentage points (1%) from the rate of interest Borrower has been paying for the preceding six. The interest rate will never be greater than 13.10000%.

8. Before the effective date of any change, Lender will deliver or mail to Borrower notice of any changes in the interest rate and the amount of the monthly payment. The notice will include information required by law to be given to Borrower and also the title and telephone number who will answer any questions Borrower may have. Unless applicable laws requires a different method, any notice that must be given to Borrower under this Agreement will be given by delivering it or mailing it by first class mail to Borrower at the property address stated above or at a different address if Borrower gives Lender notice of Borrower's different address. Any notice that must be given to Lender under this Agreement will be given by mailing it first class mail to the Lender at the address stated in Paragraph 3 above or at a different address if Borrower is given notice of that different address.

9. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, Borrower will pay a late charge to Lender. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue payment of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

10. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

11. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security instrument. If Borrower fails to pay these sums prior to the expiration of this period, lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment

sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

12. As amended hereby, the provisions of the Note and Security instrument shall continue in full and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

13. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_/s/ Michael A Karmazyn_
MICHAEL A KARMAZYN

_/s/ Kristin E Karmazyn_
KRISTIN E KARMAZYN

**BORROWER ACKNOWLEDGEMENT**

State of _Colorado_

County of _ARAPAHOE_

On _1/27/2009_, before me _LYNN A CISNEROS_, personally appeared MICHAEL A KARMAZYN KRISTIN E KARMAZYN personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or entity upon behalf of which the person(s) acted, executed the instrument.

Witness my hand and official seal.

_/s/ Lynn A Cisneros_
Notary Public

My Commission Expires _7/12/2009_

Homecomings Financial, LLC

By: _____

Title: <u>LIMITED SIGNING OFFICER</u>

**LENDER ACKNOWLEDGEMENT**

State of IOWA

County of BLACK HAWK

On the __7__ day of __Feb__, 20__09__, the undersigned, a Notary Public in and for said county and state, personally appeared KRISTI M CAYA, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing Officer of Homecomings Financial, LLC and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public

My Commission Expires _____

KARA HAPPEL
Commission Number 750616
My Commission Expires
04/04/2011