## Exhibit 1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

------------------------------------------------------------

### ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS)

Upon the eighty-second omnibus objection to claims (the "Objection")[1] of the ResCap Borrower Claims Trust (the "Trust"), established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors with regard to Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No Liability Borrower Claims, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the *Declaration of Kathy Priore in Support of the ResCap Borrower Claims*

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

*Trust's Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims)* annexed thereto as Exhibit 2, and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims)*, annexed thereto as Exhibit 3; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto (collectively, the "No Liability Borrower Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Borrower Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

ny-1173819

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures

Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of any claim not listed on Exhibit A annexed to this Order,

and the Trust's and any party in interest's right to object on any basis are expressly reserved with

respect to any such claim not listed on Exhibit A annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No

Liability Borrower Claims identified on Exhibit A annexed hereto, as if each such No Liability

Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:    _____, 2015
          New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

ny-1173819

## Exhibit A

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 960 | MICHAEL E BOYD v GMAC MORTGAGE LLC MERS INC<br><br>5439 SOQUEL DR Soquel, CA 95073<br><br>$186,000.00<br><br>Secured<br><br><br>GMAC Mortgage, LLC | Res Judicata | Debtors' involvement with Claimant's loans was limited to servicer of the loans. The loan on Soquel Dr. was originated by Plaza Home Mortgage Inc. in January 2007. Debtor GMAC Mortgage serviced the Soquel Dr. loan from April 10, 2007 until servicing transferred to Ocwen Loan Servicing LLC on February 16, 2013. The loan on Lakebird Dr. was originated by Plaza Home Mortgage Inc. Debtor, GMAC Mortgage serviced the Lakebird Dr. loan from March 13, 2007 until servicing transferred to Ocwen Loan Servicing LLC on February 16, 2013.<br><br>On the proof of claim, Claimant listed as the basis for the claim "mortgage notes (2 each) U.S. District Court Northern District CA case # 11-cv-5018."<br><br>On September 11, 2011, Claimant filed litigation in USDC, Northern District of CA, Case No 5:11-CV-05018, for "unconscionability contract and adhesion to real property." The claims in the complaint were to invalidate/contest the liens on the property that were being serviced by the Debtors. The case was dismissed with prejudice on August 22, 2012 by Order Granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint. Claimant appealed the District Court's decision to the U.S. Court of Appeals for the Ninth Circuit, Case No 12-17434. The Ninth Circuit affirmed the district court's order dismissing the case on August 22, 2014. On September 4, 2014, Claimant filed a Petition for Panel Rehearing with the U.S. Court of Appeals for the Ninth Circuit.  On December 22, 2014, the Ninth Circuit denied Claimant's Petition for Rehearing and further indicated it would not | 11-12 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | entertain any further filings in this case.  A copy of the decision is attached to the Objection as <u>Exhibit 5</u>. As a result, all appeals have been exhausted, and res judicata applies to preclude Claimant from relitigating issues through the proof of claim that have been finally decided. | |
| 3732 | Brian H. Wilson- Attorney to Claimant Kenneth Dlin<br><br>KENNETH DLIN VS GMAC MORTGAGE LLC<br><br>43 Bulldigger Court<br><br>Bailey, CO 80421<br><br>$971,770.00<br><br>General Unsecured | Wrongful Foreclosure, Loan Modification Issues, Escrow Issues | Debtor's involvement with Claimant's loan was limited to its roles as servicer and purchaser of the loan. Greenpoint Mortgage Funding Inc. originated the first lien loan on February 20, 2004.Debtor GMAC Mortgage, LLC purchased the first lien loan from Greenpoint Mortgage Funding Inc. Debtor transferred its interest when the first lien loan was securitized on or about April 1, 2004 where HSBC Bank USA was appointed as Trustee. Debtor GMAC Mortgage, LLC serviced the first lien loan from July 1, 2004 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. Debtors' records show that on February 28, 2006, non-Debtor Countrywide originated a second lien loan to Claimant.  Debtor neither services nor originated the second lien loan.<br><br>Debtor has no liability for Claimant's wrongful foreclosure or standing claims. The first lien loan was referred to foreclosure on January 7, 2010. At the time of the referral, the loan was due for October 1, 2009 payment. The Debtors gave proper notice and complied with all state laws regarding the foreclosure. On May 27, 2010, the state court granted an order authorizing the sale of the property and | 9-10, 12-13 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | GMAC Mortgage, LLC | | sale was completed through the Public Trustee's Office on July 28, 2010.<br><br>An action for possession/eviction was commenced on August 11, 2010, in which Claimant asserted counterclaims for damages. Those claims were stayed due to the Debtors' bankruptcy. In his POC, Claimant alleges his damages are based on the default/deficiency judgment that was granted against him personally both on the first lien loan and second lien loan. Claimant fails to allege the Debtors' connection and thereby the basis for liability on the second lien, its deficiency or any judgment asserted against Claimant.<br><br>In addition, the foreclosure deficiency bid was submitted to the Public Trustee setting a deficiency amount of $191,743.68 on the first lien.  However, in Colorado, no judgment results from the submission of a deficiency bid to the Public Trustee. A separate action must be filed in order to obtain a deficiency judgment, and the Debtor never commenced such an action. As a result, there has been no deficiency judgment on record against Claimant related to the debt on the first lien.<br><br>Claimant contends that he was told by the Debtors that he needed to default on his mortgage in order to be eligible for a loan modification.  He also alleges that the Debtors did not cooperate with him regarding a short sale.<br><br>Debtors have no liability for Claimant's assertion that Debtors advised Claimant to | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
|  |  |  | default in order to be eligible for a loan modification because the Debtors' records show that on November 19, 2008, Debtors explained to Claimant that a borrower can only be considered for a loss mitigation option if they are at least 2 months past due on their account.  Debtors confirmed that there were no investor or government related guidelines at the time that would render Claimant eligible for loss mitigation options while being current on his loan.  At no time in this conversation or any conversation thereafter did Debtors advise Claimant to stop making his payments, or that Claimant would be guaranteed a loan modification by becoming delinquent on his account.<br><br>Claimant alleges that Debtors wrongfully modified Claimant's monthly mortgage payment to an amount that was higher than his original payment under the note, and further, that this was caused by Debtors' advice to default on his mortgage. Debtors have no liability for the assertion that Debtors advised Claimant to default for the reason set forth in the preceding paragraph. Debtors have no liability for the assertion that Debtors wrongfully increased Claimant's monthly payment because i) although Claimant's payment did increase, GMACM offered Claimant the only payment option available to Claimant under the investor's modification guidelines. Under Claimant's note, Claimant only paid interest on his loan. The loan modification terms available for Debtors to offer at the time Claimant applied for the loan modification did not include an interest-only option, but did include a principal and interest option. Furthermore, the modification |  |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | provided economic benefit to Claimant by reducing his interest rate from 5.375% to 3.2%, creating payment terms that allowed Claimant to pay his past due balances over time rather than at the end of the loan term, and also eliminated the delinquency on the account.<br><br>Claimant agreed to the terms of the modification and the required monthly payments at issue by executing the modification agreement and delivering it to Debtors on March 30, 2009. A copy of the Modification Agreement is attached as <u>Exhibit 6</u> to the Objection. Additionally, leading up to the execution of the loan modification, Debtors explained to Claimant the reason for the increase to the proposed monthly payments, so Claimant was aware of, and provided ample explanation of, the terms prior to Claimant executing the agreement.<br><br>In support of Debtors' objection pertaining to Claimant's loan modification related claims, Debtors' servicing records show the following timeline of events:<br><br>On November 19, 2008 Claimant spoke to Debtors by phone and asked for a loan modification. Debtors' advised that modifications and other loss mitigation options are offered only for accounts that are owing for two months or more. Claimant insisted that he wanted a loan modification at that time, stating that he did not want his credit to be affected. Debtors advised Claimant that even if his account was referred for a loan modification review, the modification would be | |

5

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | denied due to his account being current. Claimant stated that he had already discussed a refinance with the Debtors' direct lending department but that a refinance was "not going to happen."<br><br>Debtors spoke with Claimant on January 6, 2009 via phone. Debtors advised Claimant that a loan modification was not available at that time because the Claimant's account was current, however there may be new traditional loan modification options in February that Claimant would qualify for. Debtors spoke with Claimant on January 30, 2009 via phone. Debtors took verbal financials from Claimant and referred his account to loan modification review. Debtors denied Claimant's loan modification request on February 3, 2009 due to Claimant having obligations well in excess of Claimant's financial resources to meet those obligations. Debtors spoke with Claimant on February 17, 2009 via phone, at which time Claimant stated that the financial information he had previously provided was incorrect and Claimant provided Debtors with updated financial information. Debtors again referred the account for loan modification review.<br><br>Debtors approved Claimant for a traditional loan modification on February 27, 2009.  The terms included a payment contribution of $3,483.46 due on March 15, 2009, $13,324.29 in past due interest capitalized to principal, a reduced interest rate from 5.375% to 3.2% and bringing current the past due payments from December 2008 through April 2009. The monthly P&I payment prior to loan | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | modification was $2,834.51 and the new monthly P&I payment was $3,138.56. Debtors mailed a permanent loan modification agreement to Claimant on March 3, 2009.<br><br>Debtors spoke with Claimant on March 9, 2009 via phone. Claimant questioned why the proposed monthly payment increased.  Debtors advised him that the payment increased due to Debtors capping the delinquent amount to bring the account current, and that it was not possible to lower the proposed modified payment. Debtors spoke with Claimant on March 19, 2009 via phone, at which time Claimant stated that the proposed loan modification does not help him. Debtors advised Claimant that his options for bringing the account current were either to accept the proposed modification or to pay the delinquent balance on his loan.<br><br>Debtors spoke with Claimant on March 24, 2009 via phone.  Claimant wanted to know how to send in the permanent modification documents.  Debtors advised that the documents and the payment contribution need to be received by March 31, 2009. Debtors received the first payment under the plan on March 27, 2009 and the signed traditional permanent modification documents from Claimant on March 30, 2009.<br><br>Finally, Debtors have no liability for Claimant's assertion that Debtors wrongfully | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | denied him a short sale, or failed to assist Claimant with a short sale. In every instance a short sale was denied, Debtors acted in accordance with the investor's guidelines, which stated that Debtors could not accept a short sale if the net proceeds from the sale  would be less than 85% of the BPO (broker price opinion) after closing costs, commissions and fees in connection with the sale.  In support of Debtors' basis for objection to the short-sale related claim, Debtors' records show the following chronology of events:<br><br>Debtors mailed Claimant a short sale package on November 13, 2009. Debtors ordered a BPO on November 17, 2009. Debtors received a BPO on November 24, 2009 showing an estimated value of $580,000. Debtors spoke with Claimant's authorized real estate agent on November 30, 2009.  Debtors advised realtor to drop listing price to match fair market value of property based on BPO, or $580,000. Debtors referred the account to Foreclosure on January 6, 2010 because Claimant had not received an offer on the property, and Claimant had not made arrangements to bring the account current. At that time, a short sale was still an option on the account.<br><br>Debtors spoke with Claimant's realtor via phone on January 29, 2010, at which time the realtor advised that they had lowered the listing price but had still not received any offers and that they hope to have an offer within a week as there was a scheduled showing coming up.  Debtors again spoke with Claimant's realtor | |

ny-1173016

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | via phone on January 29, 2010. The realtor informed Debtors that they had an offer.  Debtors advised the realtor to go back to the purchaser for their highest and best offer as the offer amount was too low and did not comply with the investor guidelines.<br><br>Debtors spoke with Claimant's realtor via phone on February 23, 2010. Debtors advised the realtor that the investor of the loan requires at least an 85% net price based on the BPO.  Debtors ordered a new BPO to be completed on March 15, 2010. The new BPO estimated the property value at $530,000. Debtors received a new offer of $450,000 on April 5, 2010. This offer was still below the 85% net value investor required of $450,500 after closing costs and fees. Debtors emailed Claimant's realtor and informed them that the offer was below the investor requirement. The foreclosure sale was held on July 28, 2010 as an approved short sale offer was not received on the account, and Claimant had made no other arrangements to bring account current.  The property was repurchased for $477,000 and put in REO for sale.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims of breach of contract, breach of duty of good faith and fair dealing, promissory estoppel, breach of fiduciary duty, negligent misrepresentation, deceptive trade practices, negligence, civil conspiracy, | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | interference with contract, negligent infliction of emotional distress or fraud. | |
| 3842 | Matina De Simone<br><br>c/o Laird J. Heal, Esq<br><br><br>120 Chandler Street, Suite 2 R<br><br>Worcester, MA 01609<br><br><br>$500,000.00<br><br>Secured<br><br><br>GMAC Mortgage, LLC | Origination Issues, Wrongful Foreclosure, Res Judicata | Non-Debtor MortgageIT originated the loan on January 30, 2007.  Debtor GMAC Mortgage, LLC serviced the loan from February 9, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  The mortgage was assigned by MERS to Debtor on August 25, 2009 and from Debtor to HSBC Bank, NA, as trustee on March 25, 2013.<br><br>Claimant attaches to her proof of claim a copy of a restraining order entered on May 20, 2010 in the Commonwealth of Massachusetts Superior Court, Case No. MICV2010-01074 and a Notice of Intent to Foreclose dated August 18, 2011.<br><br>Ocwen and HSBC Bank USA, National Association as Trustee for the Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5 previously filed a limited response to this claim on September 15, 2014 (Docket No. 7542).  That response reserved the right to object to the claim.<br><br>Claimant's husband also filed a proof of claim, claim number 3829.  That claim was expunged by the court's *Order Granting the ResCap Borrower Claims Trust's Joinder and Supplemental Objection to Ocwen Loan Servicing LLC's Objection to Claim Number 3829 filed by Robert De Simone Incorporated Therein* [Docket No. 7952].  This claim is based on the exact same allegations as claim number 3829. | 8-10, 12-13 |

ny-1173016

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | On May 18, 2010, Claimant filed litigation against Debtor and others (with case number above).  Debtor filed for Summary Judgment on two counts asserted against Debtors - Count I for violation of the Massachusetts Consumer Credit Cost Disclosure Act and Count IV for damages under Consumer Protection Statute GL Chapter 93A ("Chapter 93A").  Summary Judgment was granted in favor of Debtor on May 22, 2012.  However upon filing of the Notice of Bankruptcy, final judgment was entered on October 22, 2012 dismissing only Count I as it related to equitable relief and count IV was stayed.  A copy of the order dismissing count I is attached to the Objection as Exhibit 7.<br><br>By Notice of Intention to Foreclose and of Deficiency After Foreclosure of Mortgage, dated July 6, 2012, Orlans Moran (on behalf of Debtor) noticed the Claimant of Debtor's intent to foreclose by sale on August 2, 2012.  On August 1, 2012, Claimaints filed a complaint for contempt against Debtor claiming that by noticing the foreclosure sale, it violated the previously issued injunction, which had not been expressly dissolved by the court after its summary judgment decision.  On August 21, 2012, Debtor filed a motion to dismiss the contempt complaint and dissolve the injunction.  The court concluded that in light of the allowance of Debtor's motion for summary judgment (which necessarily determined that the Claimaints' claims lacked any merit), the Claimaints could not prove an act of civil contempt and dismissed the contempt case and disssolved | |

ny-1173016

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | the injunction on October 23, 2012.<br><br>On November 21, 2012, Claimant filed notice of appeal as to the summary judgment order and dismissal of the civil contempt complaint, Commonwealth of Massachusetts, Court of Appeals, Docket #2013-P-0114. On February 25, 2014, the appellate court affirmed the Superior Court dismissal orders.<br><br>The allegations as to Debtor's liability under Chapter 93A have no basis because Chapter 93A claims cannot be advanced against assignees of a mortgage. Claimant alleges in her complaint that Debtor is liable based on its status as an assignee, that Debtor is liable for MortgageIT's alleged inaccurate disclosures on the TIL and in making Claimant an "unaffordable loan."  Plaintiffs' Chapter 93A claim against Debtor fails as a matter of law: under Massachusetts law, an assignee of a mortgage cannot be held liable for purported violations of Chapter 93A. | |
| 3910 and 4085 | PHILIP EMIABATA AND SYLVIA EMIABATA VS. HOMECOMINGS FINANCIAL (GMAC MORTGAGE LLC) | Loan Modification Issues, Wrongful Foreclosure, Escrow Issues, Origination Issues | Non-debtor Home Loan Corporation originated the loan on August 29, 2002. Debtor Residential Funding Company, LLC purchased the loan from Home Loan and transferred its interest when the loan was securitized on or about March 1, 2003 where JP Morgan Chase Bank, NA was appointed as Trustee.  Debtor Homecomings Financial serviced the loan from January 29, 2003 until servicing transferred to GMAC Mortgage, LLC on July 1, 2009.  GMAC Mortgage serviced | 8-10, 12-13 |

12

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | 508 Grosbeak Drive<br><br>Pflugerville, TX 78660<br><br><br>$228,928.28<br><br>General Unsecured<br><br><br>$271,071.72<br><br>Secured<br><br><br>GMAC Mortgage, LLC | | the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>In a handwritten letter attached to the proof of claim, Claimant states the basis for claim is "(law)suit or claim creditor have against debtor on the property." In box 8 of the proof of claim form, Claimant states "see case against GMAC LLC case # 11cv-11885 US District Court of Massachusetts Boston Division".  Claimant provides no explanation for the $500,000 claim amount asserted in box 1 of the proof of claim form. On June 21, 2013, Debtors sent a Request Letter to Claimant seeking additional information and documentation in support of the claim. In a letter response received July 22, 2013, Claimant references the Massachusetts case and alleges "deceptive trade practices, various fraudulent foreclosures", damaging Claimant's credit, wrongfully refusing to give credit for payments, "creditor was not given exactly (sic) the acreage of the land which creditors paid for."  In Claimant's lawsuit against Debtors (case # 11cv-11885), Claimant alleges the following:  i) "deceptive trade practices, fraud, non-disclosure", ii) Debtor gave Claimant a "sub-prime" loan when they wanted a different loan, iii) Debtors broke their promise that the loan would convert to a 30 year fixed rate loan after one year, iv) Debtors failed to properly credit Claimants account with payments made by Claimant, v) in 2010, Debtors failed to provide Claimant with a 1099 despite Claimant's requests, vi) Debtors mishandled the Claimant's escrow account and wrongfully required escrow for insurance when Claimant was paying | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | their own insurance, vii) Claimant did not receive title to all of the land it was supposed to acquire, presumably in connection with Claimant's mortgage loan, viii) wrongful foreclosure, and ix) wrongful denial of loan modification.<br><br>Debtors have no liability for allegations that they provided Claimants with a "sub-prime" loan or that they "broke their promise that the loan would convert to a fixed rate loan" because the Debtors were not involved in the origination of the loan.<br><br>Debtors have no liability for Claimant's loan modification claims because in every instance Debtor acted in accordance with the applicable investor and government guidelines and Debtors' standard policies and procedures. Furthermore, Claimant never submitted all the required items to Debtor in order for Debtor to be able to consider Claimant for a loan modification.<br><br>Debtors have no liability for Claimants' wrongful foreclosure allegations because in every instance that Debtors employed foreclosure steps, Debtors acted within its rights under the terms of the mortgage, the note and applicable law.  In support of Debtors' position that there is no liability for allegations of wrongful foreclosure or wrongful denial of loan modification, Debtors' records reflect the following:<br><br>Debtors mailed a breach letter to Claimants on September 28, 2007 because the | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
|  |  |  | account was past due.  On October 17, 2007, Claimant spoke to Debtors via phone. During the conversation, Claimants disputed the delinquency on their account and stated that they felt that the loan should be current as payments were made during the Claimants' bankruptcy (Claimants filed for chapter 13 bankruptcy protection on May 2, 2005 and the case was dismissed on September 17, 2007). Debtors explained to Claimants that the bankruptcy payments were applied to the most delinquent payment first and were not enough to bring the account current (at the time of the conversation, the account owed for the October 2005 through October 2007 payments). Debtors discussed modification options with Claimants and the account was referred for modification review.<br><br>A traditional permanent loan modification was approved by Debtors on October 30, 2007.  Debtors mailed documents to Claimants on the same day. The terms included a contribution amount of $2,500 due by November 9, 2007, a new interest rate of 8.4%, a new margin of 3.4, a new ARM change date of March 2010, and the capitalization of $102,000 to the principal balance.<br><br>Claimants spoke to Debtors via phone on November 9, 2007. Claimants had questions regarding the loan modification that the Debtors answered.  On November 27, 2007, Claimants' contribution check for $2,500 was returned because the payment was required to be made via certified funds. Because the |  |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | initial contribution was not received, the agreement was cancelled.<br><br>On December 5, 2007, Debtors offered a new modification to Claimants with terms that included a $2,500 contribution due by December 15, 2007, a new interest rate of 8.4%, a new margin of 3, an ARM date change to March 2010, and the capitalization of $102,000 to principal balance for amounts owing.  Debtors denied the permanent modification on February 5, 2008 due to Claimants not returning the signed documents and failing to pay the initial contribution.<br><br>Claimants spoke to Debtors via phone on February 8, 2008.  Claimants stated that they disputed the amount due on the account, and on that basis, they disputed the amount owing under the modification. During the call, Debtors explained the total amount due on account.<br><br>Debtors referred the account to foreclosure on February 15, 2008 as the account was due for October 1, 2005 payment.  On April 15, 2008, Claimants spoke to Debtors via phone and Claimants disputed amount due on account, but said that they would still like a modification on the account. Debtors advised them it will review the dispute.  Debtors attempted to contact Claimants via phone on May 21, 2008 to discuss the payment dispute, but Claimants did not answer. Debtors left Claimants a message and a payment history was mailed to Claimants showing an accounting of Claimants' account. | |

ny-1173016

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Claimants spoke to Debtors via phone on May 23, 2008.  Debtors set up a temporary repayment plan on the account to allow time for Debtors to review Claimants' payment dispute on the account.  The plan was setup for Claimants to remit two payments of $3,200 due on June 2 and July 2, 2008.  Claimants spoke to Debtors via phone on June 2, 2008, at which time Debtors provided Claimants with payment instructions and Claimants requested that a copy of the repayment plan be faxed to them.  Debtors faxed a copy to fax number Claimants provided.  On June 2, 2008, Debtors closed the foreclosure file due to the account being set up on a loss mitigation repayment plan on June 6, 2008.  Debtors received a debt dispute from Claimants on June 3, 2008 and Debtors began reviewing the dispute.<br><br>Debtors returned a repayment plan payment received via personal check #778 in amount of $3,200 on July 3, 2008 as the account required certified funds for the repayment plan payment.  On July 17, 2008, Debtors cancelled the temporary plan because no replacement payment was received.  Debtors mailed a breach letter to Claimants on July 18, 2008. Claimants spoke to Debtors via phone on July 21, 2008, at which time  Debtors explained that the temporary plan was no longer active because Debtors did not receive certified funds for the payment due by July 2, 2008. Claimants advised that they still dispute the account balance.  Debtors advised it cannot setup another temporary plan to allow more time as two months has already been given. | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Debtors referred the account to foreclosure on August 21, 2008 as the account was due for December 1, 2005 payment. On August 25, 2008, Debtors scheduled the foreclosure sale for November 4, 2008.<br><br>Claimants spoke to Debtors via phone on October 17, 2008. Claimants again disputed the application of payments and account balance. Debtors advised Claimants to send all proof of dispute in for review. Claimants spoke to Debtors via phone on October 21, 2008. Debtors advised Claimants that it needs bank statements to prove the payments cleared the bank and were received by Debtors. Debtors also advised Claimants of the pending foreclosure sale on November 4, 2008 and advised them of the options to apply for a loan modification; however, Claimants refused to discuss.<br><br>Debtors received a fax from Claimants on October 27, 2008. Claimants did not include the bank statements requested by Debtors to confirm that the payments cleared the bank and were truly received by Debtors. Additionally, Debtors determined that the payments referenced in the faxed documents did not match the payments Claimants disputed in prior conversations and written statements with Debtors. Nonetheless, according to the fax, Claimants allege they sent in 22 payments between June 2005 and August 2007. Debtors confirmed all payments listed except one had been received. Debtors also confirmed that the payments received were correctly applied to the account. Note, the payments received | |

ny-1173016

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | between months of June 2005 and August 2007 were payments made under Claimants' chapter 13 case (case number 0512492), and when Claimants filed for bankruptcy, the account was owing for February 2004 through May 2005 Payments.<br><br>Claimants spoke to Debtors via phone on October 31, 2008. Claimants called to confirm and check the status of the documents faxed into Debtors, and Debtors advised that the documents were received on October 30, 2008. Homecomings advised it still needs to receive proof that the checks sent by Claimants had been cashed.<br><br>Debtors placed a foreclosure hold on the account on November 4, 2008 to allow time to review the Claimants' loan modification package, at which time the foreclosure sale date was rescheduled for December 2, 2008. On November 14, 2008, Debtors received notification that Claimants had filed for Chapter 13 bankruptcy protection on November 4, 2008 in the United States Bankruptcy Court for the Western District of Texas (case number 0812211).  The foreclosure was put on hold to November 17, 2008 due to the Claimants' bankruptcy. Debtors were informed on August 20, 2009 that Claimants' Chapter 13 Bankruptcy was dismissed on August 5, 2009.<br><br>On October 19, 2009, Claimants spoke to Debtors via phone, at which time | |

19

| Claim No(s). | Name and Address  Claim Amount  Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Claimants advised that their bankruptcy was refiled (case number 09-37104). Claimants' bankruptcy was dismissed on October 29, 2009.

Claimants spoke to Debtors via phone on November 9, 2009. Debtors discussed a possible HAMP modification with Claimants and set up a forbearance plan to allow time for Claimants to get a workout package in for modification review. GMAC Mortgage, LLC advised that it would mail a workout package to Claimants. Claimants spoke to Debtors via phone on November 14, 2009, at which time Claimants stated that they did not receive a copy of the workout package or the forbearance plan. Debtors remailed both to Claimants.  Debtors received the signed copy of the forbearance plan on November 20, 2009.

Claimants spoke to Debtors via phone on November 21, 2009. Claimants advised that they still had not received a workout package. Debtors advised Claimants how to access documents online. Claimants spoke to Debtors via phone on November 24, 2009 and they advised that they received the workout package. Debtors advised Claimants to send the completed package in as soon as possible.

Debtors received a workout package from Claimants on December 16, 2009. Claimants spoke to Debtors via phone on January 22, 2010, at which time they informed the Debtors they wanted the foreclosure stopped since the account was under review for a modification.  Claimants spoke to Debtors via phone on | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | February 2, 2010, at which time Debtors advised Claimants that the workout package was received in December 2009 but the loan has not been approved for a modification yet.<br><br>Debtors sent emails to Claimants on March 18 and May 12, 2010 advising them of missing information that was needed for the modification review. The Debtors did not receive the necessary information from the Claimants.<br><br>On August 12, 2012, Debtors sent Claimants a new breach letter on the account. Debtors referred the account to foreclosure on October 4, 2012 as the account was due for January 1, 2006.<br><br>On November 9, 2012, Debtors scheduled a foreclosure sale for January 2, 2013. Debtors then postponed the foreclosure sale to February 5, 2013. The foreclosure sale did not proceed because of the Claimant's Massachusetts bankruptcy case.<br><br>The Claimants filed Chapter 13 bankruptcy again on February 1, 2013. The bankruptcy was filed in Boston, MA (case number 13:10609). Debtors placed the foreclosure on hold on February 4, 2013 due to the Claimants' bankruptcy filing. The account was transferred to new servicer, Ocwen Loan Servicing, on February 16, 2013. At the time of servicing transfer to Ocwen, there was no active | |

21

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | foreclosure action, and the account was due for the June 1, 2006 payment.<br><br>Debtors have no liability for Claimants' assertion that Debtors mishandled the Claimants' escrow account and wrongfully required escrow for insurance when Claimants were paying their own insurance. According to the Debtors' books and records, in each instance that Debtors placed property insurance on Claimants' property and required escrows for insurance, Debtors acted within their rights as provided in the deed of trust (see sections 3 and 5 of the deed of trust) because Claimants had not provided proof of property insurance despite Debtors' requests for such proof. When Claimants finally did provide evidence of insurance, Debtors appropriately refunded Claimants the lender-placed premiums due to Claimants. In support of Debtors' basis for objection with respect to escrow and insurance related claims, Debtors' servicing notes show the following:<br><br>When servicing transferred to Homecomings on January 29, 2003, the transferring party indicated that the borrower was escrowing for taxes only; however, the transferring party failed to provide proof of Claimants' property insurance coverage. In accordance with Debtors' business practices and its duty to ensure a borrower's property is properly insured, on March 13, 2003, Debtors' sent a letter to Claimants requesting proof of property insurance. Debtors' records show that Claimants failed to respond to the letter. Because Claimants failed to respond to the letter, on July 24, 2003 Debtor obtained lender-placed | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | property insurance on the property with a payment of $10,554.60 and policy effective dates covering April 24, 2003 through April 24, 2004. Debtors appropriately charged $10,554.60 to Claimants' escrow account. In a phone call with Claimants on December 3, 2003, Claimants stated that they had their own property insurance and would fax evidence of this insurance to Debtors; however, Claimants failed to provide such proof. On March 25, 2004, Debtors disbursed $10,549.57 for lender-placed insurance with policy effective dates April 24, 2004 through April 24, 2005. Debtors appropriately charged the $10,549.57 to Claimants' escrow account. On September 4, 2004, Claimants provided proof of property insurance, and on that basis, Debtor cancelled the lender-placed policy and credited Claimants' escrow account on October 6, 2004 with a refund in the amount of $6,709.45.<br><br>Claimants also allege that Debtors failed to provide a 1099. Assuming that Claimants are referring to a "Form 1099-C: Cancellation of Debt," Debtors' records do not show a cancellation of debt on the account and therefore no 1099-C was required to be sent to Claimants. If Claimants meant a 1098 form, which shows annual interest paid on an account to be used for tax purposes, such forms are provided annually and Debtors' records do not reflect a request by Claimants for a replacement 1098.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | to liability for claims of deceptive trade practices. | |
| 5488 | Gloria D. Minor<br><br>860 Bonneville, Terrace, N.W.<br><br>Atlanta, GA 30331<br><br><br>$91,739.25<br><br>General Unsecured | Insufficient Documentation | Mid Atlantic Financial Services originated Claimant's loan on April 28, 2005. Debtor Residential Funding Company, LLC purchased the loan from Mid Atlantic and transferred its interest when the loan was securitized on or about August 1, 2005 where US Bank, NA was appointed as Trustee.  Debtor Homecomings Financial serviced the loan from June 1, 2005 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "mortgage note" as basis for claim in box 2 of the proof of claim form.  Claimant provides no other explanation of the basis for claim.  Claimant attaches to the proof of claim copies of several monthly mortgage statements, a copy of an approval letter for a loan modification dated March 13, 2009, a copy of an executed loan modification agreement dated May 1, 2009, and a copy of a check made to Homecomings Financial for $821.56 dated May 4, 2009. On June 21, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim; however, Claimant failed to respond.  The Claimant received a permanent loan modification from the Debtors on June 9, | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | 2009, which brought the account current.  At the time servicing was transferred to Ocwen, the Claimant's account was current. | |
| 3874 | Scott W. Bell<br><br>19912 Lowry St.<br><br>Marion, MI 49665-8604<br><br>$88,000<br><br>General Unsecured<br><br>GMAC Mortgage, LLC | Insufficient Documentation | Homecomings Financial  originated the loan on February 6, 2004. Debtor Residential Funding Company, LLC purchased the loan from Homecomings and transferred its interest when the loan was securitized on or about March 1, 2004 where Bank of New York Trust Company, NA was appointed as Trustee.  Debtor Homecomings Financial serviced the loan from February 6, 2004, until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  At the time servicing transferred to Ocwen, Claimant's account was owing for December 1, 2012 payment.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "mortgage note" as basis for claim in box 2 of the proof of claim form.  Claimant provides no additional explanation for the basis for claim.  Claimant attaches to the proof of claim three letters dated between 2011 and 2012 in which Debtor either advises Claimant about the status of their account, or responds to correspondence and requests for assistance. In the letter dated March 11, 2011 attached to the proof of claim, Debtors explain past account information | 13 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | including information related to the Claimant's property taxes, loan modification activity and agreement terms, and escrows. In the letter dated October 18, 2012 attached to the proof of claim, Debtor advises Claimant that they are past due and a late fee was assessed to the account. In the letter dated October 19, 2012 attached to the proof of claim, Debtor advises Claimant that Debtor has been attempting to contact Claimant, and that "your account is now past due".  In 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim; however, Claimant failed to respond. | |

ny-1173016

| Claim No(s). | Name and Address Claim Amount Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 3955 | Michael McGrath, Katelyn Genell Wise<br><br>Attn Andrew F. Lanius<br><br>Shipley Law Firm<br><br><br>20110-A U.S. Highway 441<br><br>Mount Dora, FL 32757-6963<br><br><br>$76,329.00<br><br>General Unsecured<br><br>GMAC Mortgage, LLC | Insufficient Documentation, Origination Issues | USAA Federal Savings Bank originated the loan on May 16, 2006. Debtor GMAC Mortgage, LLC purchased the loan from USAA and transferred its interest to Fannie Mae on or about October 12, 2006. Debtor GMAC Mortgage LLC serviced the loan from May 24, 2006 until servicing transferred to GreenTree Servicing, LLC on February 1, 2013. At the time servicing transferred to GreenTree Claimant's account was current.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "negative equity in fraudulent mortgage" as basis for claim in box 2 of the proof of claim form. Claimant provides no additional explanation for the basis of the claim. Claimant attaches to the proof of claim copies of a note, mortgage, and a condominium rider. Debtors mailed Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>Notwithstanding the above, if Claimant contends that their loan was made fraudulently, Debtors have no liability because Debtors were not involved with the origination of the loan. Debtors' review of the note shows that USAA Federal Savings Bank originated the loan on May 16, 2006. | 8-9, 13 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 1142 | Steven D. Rigel<br><br>751 Becker Ave N.E.<br><br>Palm Bay, FL 32905<br><br><br>$76,000.00<br><br>General Unsecured<br><br><br>Homecomings Financial, LLC | Insufficient Documentation | Homecomings Financial originated the loan on October 9, 2007. Non-Debtor GMAC Bank purchased the loan from Homecomings.  Debtor GMAC Mortgage, LLC purchased the loan from GMAC Bank and transferred its interest to Freddie Mac on or about November 20, 2007.Debtor Homecomings Financial serviced the loan from October 9, 2007 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  At the time servicing transferred to Ocwen, Claimant's account was owing for June 1, 2012 payment.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "mortgage note" as basis for claim in box 2 of the proof of claim form.  Claimant provides no additional explanation of the basis for claim.  Claimant attaches to the proof of claim i) a copy of the first page of a Contract for Sale and Purchase in connection with property in Palm Bay, Florida. Within the document, Claimant is listed as the buyer; ii) a copy of a "First Payment Notice" dated October 9, 2007, which lays out the amount of the monthly payment due to Homecomings in connection with Claimant's loan; iii) a copy of an amortization schedule of Claimant's loan; iv) a copy of a loan modification approval dated September 26, 2012, and v) a document that appears to be a portion of a credit report dated | 13 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
|  |  |  | September 12, 2012 showing that Claimant's mortgage account is "Late 120 Days".<br><br>Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond. |  |
| 5644 | Don Barthelme<br><br>12104 Cornflower Place<br><br>Oklahoma City, OK 73120<br><br>$55,069.56<br><br>Secured<br><br>GMAC Mortgage, LLC | Insufficient Documentation, Origination Issues | Oak Street Mortgage  originated two loans to claimant, a first lien loan and a second lien loan, on August 24, 2004. Non-Debtor Sovereign purchased the second lien loan from Oak Street.  Debtor Residential Funding Company, LLC purchased the second lien loan from Sovereign and transferred its interest to EMC Mortgage Corporation on or about March 30, 2007 when the loan was securitized. Debtor GMAC Mortgage, LLC serviced the loan from March 13, 2007 until servicing transferred to First American Funding on January 1, 2011. At the time servicing transferred to First American Funding, Claimant's account was owing for March 28, 2007 payment.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "mortgage fraud - mers" as basis for claim in box 2 of the proof of claim form. Claimant provides no additional explanation of the basis for claim.  Claimant | 8-9, 13 |

| Claim No(s). | Name and Address  Claim Amount  Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | attaches to the proof of claim only a redacted copy of Claimant's April 2009 mortgage statement in connection with their 2nd lien mortgage.  Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.  If Claimant contends that Debtors procured Claimant's loans by fraud, Debtors have no liability because no Debtor was involved with the origination of Claimant's loans. Debtors' records show Claimant's first lien loan was originated by Oak Street Mortgage, LLC on August 24, 2004. The second lien loan was also originated by Oak Street Mortgage on or around August 24, 2004. | |
| 1278 | Lula Darnell Dilworth and Raymond Q. Dilworth Jr.  21787 Duns Scotus St  Southfield, MI 48075  $50,000.00 | Origination Issues | Quicken Loans originated the loan, a second lien mortgage, on April 28, 2006. Non-Debtor Ally Bank purchased the loan from Quicken.  Debtor GMAC Mortgage LLC serviced the loan from May 30, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  At the time servicing transferred to Ocwen, Claimant's account was current.  Claimant asserts "due to predatory lending we obtained a 2nd mortgage with an appraisal that was too high for the market" as basis for claim in box 2 of the proof of claim form.  Claimant attaches to the proof of claim a document written by Claimant stating that i) the "predatory lending" was procured by "Quicken Loans and GMAC in April 2006"; ii) "if not for the appraisal of $288,000 we would have | 8-9 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | General Unsecured<br><br>GMAC Mortgage, LLC | | never took out a second mortgage on our home," and iii) "we feel we have more than satisfied our obligations for this loan and ask for loan forgiveness for the remaining balance." Claimant provides no additional explanation of the basis for claim. Claimant attaches to the proof of claim a copy of Claimant's October 2012 mortgage statement in connection with their 2nd lien mortgage, a copy of Claimant's loan application dated April 26, 2004, and an appraisal dated March 3, 2004 showing an estimated market value of $288,000.<br><br>Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>Debtors have no liability for assertions of predatory lending on the basis of deficiencies in the appraisal because no Debtor was involved with the origination of Claimant's loan or the appraisal used to qualify Claimant for their loan. Debtors' records show Claimant's 2nd lien mortgage was originated by Quicken Loans, Inc. on April 28, 2006. Furthermore, Claimant's assertions and explanation within the proof of claim fail to support a valid predatory lending claim or show that Debtors violated any applicable laws governing predatory lending such as the Equal Credit Opportunity Act, the Home Ownership and Equity Protection Act, or any state or local laws. | |

31

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 1412 | WILLIAM C FITHIAN III ATT AT LAW<br><br>111 N MAIN ST<br><br>Mansfield, OH 44902<br><br><br>$49,945.49<br><br>General Unsecured<br><br><br>GMAC Mortgage, LLC | General Servicing Issues | GMAC Mortgage Corporation d/b/a ditech originated the loan on January 25, 2003 and transferred its interest to Fannie Mae on or about February 21, 2003. Debtor GMAC Mortgage LLC serviced the loan from January 25, 2003 until servicing transferred to GreenTree Servicing, LLC on February 1, 2013. At the time servicing transferred to GreenTree, Claimant's account was current.<br><br>Claimant asserts "mortgage already paid. Acknowledged by GMAC Mortgage several years ago" as basis for claim in box 2 of the proof of claim form.  Claimant attaches to the proof of claim a May 2010 mortgage statement showing a maturity date of February 1, 2018 and a current principal balance of $49,945.49, the asserted amount of the claim. Claimant provides no additional explanation of the basis for claim. Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>Debtors have no liability for the assertion that Claimant's mortgage was paid off and Debtors failed to apply the funds correctly to pay off the loan because this assertion is incorrect. Debtors' records show that Claimant never paid off their mortgage. At the time servicing was released to Greentree on February 1, 2013, Claimant's account was current with an unpaid principal balance of $33,019.75. Furthermore, Debtors found no evidence in the servicing notes that Claimant ever disputed the principal balance of the loan or raised any issue regarding a payoff of | 7-8 |

32

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | their mortgage loan. | |
| 2529 | Shawn Petree, Anna Petree<br><br>4315 NE 45th St<br><br>Seattle, WA 98105<br><br><br>$22,137.00<br><br>General Unsecured<br><br><br>GMAC Mortgage, LLC | Insufficient Documentation | GreenPoint Mortgage originated the loan on December 28, 2005.  Debtor GMAC Mortgage LLC purchased the loan from GreenPoint and transferred its interest when the loan was securitized on or about July 28, 2006 when US Bank, NA was appointed as trustee.  Debtor GMAC Mortgage LLC serviced the loan from May 5, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  At the time servicing transferred to Ocwen, Claimant's account was owing for the August 15, 2012 payment.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "2nd mortgage" as basis for claim in box 2 of the proof of claim form.  Claimant provides no additional explanation of the basis for claim.  Claimant attaches to the proof of claim copies of letters to GMAC Mortgage dated in September and October 2012, in which Claimant appears to demand certain information regarding their loan.  The Debtors responded to this letter on October 17, 2012. Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed | 13 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | to respond. | |
| 2045 | Lillian C. Sandoval Estate and Belina Ramirez<br><br>c/o Belina Ramirez<br><br><br>PO Box 154<br><br>Manassa, CO 81141<br><br><br>$20,037.51<br><br>General Unsecured<br><br><br>GMAC Mortgage, LLC | Insufficient Documentation | Community Banks of the Rockies  originated the loan on July 29, 2003. Non-Debtor GMAC Bank purchased the loan from Community Banks.  Debtor GMAC Mortgage LLC purchased the loan from GMAC Bank and transferred its interest in the loan to Fannie Mae.  Debtor GMAC Mortgage LLC serviced the loan from September 5, 2003 until servicing transferred to GreenTree Servicing, LLC on February 1, 2013. At the time servicing transferred to GreenTree, Claimant's account was current.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "Mortgage" as basis for claim in box 2 of the proof of claim form.  Claimant provides no additional explanation of the basis for claim.  Claimant attaches to the proof of claim i) a "Notice of Assignment, Sale or Transfer of Servicing Rights" from Community Bank of the Rockies to non-Debtor GMAC Bank dated October 1, 2003; ii) a First Payment Letter dated July 29, 2003; iii) a copy of Claimant's note; iv) a document dated February 7, 2011 with a breakdown of costs to cure default in Claimant's foreclosure action; v) a copy of Claimant's October 2012 mortgage statement; vi) an "Assumption of Liability Agreement" dated November 10, 2008 signed by Claimant. Debtors mailed to Claimant a letter on June 21, 2013 | 13 |

34

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | requesting additional information and documentation in support of the claim; however, Claimant failed to respond. | |
| 5527 | Pamela Wagner and Michael S. Breuner<br><br>2724 Mountain Boulevard<br><br>Oakland, CA 94602-2608<br><br>$16,277.96<br><br>General Unsecured<br><br>GMAC Mortgage, LLC | Insufficient Documentation | Homecomings Financial originated the loan on May 25, 2006. Debtor Residential Funding Company LLC purchased the loan from Homecomings and transferred its interest when the loan was securitized on or about June 1, 2006 when US Bank, NA was appointed as trustee. Debtor Homecomings Financial serviced the loan from May 25, 2006, until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time of servicing transfer to Ocwen Claimant's account was current.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "Mortgage claim" as basis for claim in box 2 of the proof of claim form. Claimant provides no additional explanation of the basis for claim. Claimant attaches to the proof of claim only a reinstatement letter sent to Claimant by Executive Trustee Services, LLC dated December 21, 2011, which states Claimant is due for the September 1, 2011 payment and owes $16,277.96 to reinstate Claimant's loan. Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed | 13 |

ny-1173016

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | to respond. | |
| 3690 | GREGORY GULLO<br><br>TERESA GULLO<br><br><br>99 BRIAR LANE BOX 283<br><br>CROMPOND, NY 010517<br><br><br>$10,364.00<br><br>General Unsecured | Escrow Issues, General Servicing Issues | GMAC Mortgage Corporation d/b/a ditech originated the loan on June 2, 2003 and transferred its interest to Fannie Mae on or about July 8, 2003.  Debtor GMAC Mortgage LLC serviced the loan from June 2, 2003 until servicing transferred to GreenTree Servicing on February 1, 2013. At the time servicing transferred to GreenTree, Claimant's account was current.<br><br>Claimant asserts a claim for $10,364.00 "if tax is not paid from escrow" as basis for claim in box 2 of the proof of claim form. Claimant attaches a property tax statement for the calendar year 2012 and a school tax statement for the fiscal year July 1, 2012 to June 30, 2013 issued by the Town of Cortland. Claimant provides no other documents in support of the claim. Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>Debtors have no liability for Claimant's claim because Debtors' records show Debtors paid all required taxes from Claimant's escrow account on time.<br><br>Debtors' records show that Debtors remitted a property tax payment for 2012 taxes in the amount of $3,451.34 on April 2, 2012, and a school tax payment in the amount of $3,406.65 on September 6, 2012, and another school tax payment | 7-9 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | in the amount of $3,406.64 on January 22, 2013, for a total of $10,264.63. | |
| 4497 | Herold Gay<br><br>31 Rosedale Rd<br><br>North Woodmere, NY 11581<br><br><br>$42,336.00<br><br>General Unsecured<br><br><br>Homecomings Financial, LLC | Origination Issues, Interest Rate and Fees | Trust One Mortgage Corporation originated the loan on May 17, 2006.  Debtor Residential Funding Company LLC purchased the loan from Trust One Mortgage and transferred its interest to ETrade on or about May 30, 2006.  Debtor Homecomings Financial serviced the loan from June 9, 2006 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  At the time servicing transferred to Ocwen, Claimant's account was owing for January 30, 2013 payment.<br><br>Claimant asserts "high interest rate 11% above" as basis for claim in box 2 of the proof of claim form. Claimant attaches a copy of his note and a "modification to payment date/revised payment coupon," both made by the lender Trust One Mortgage Corporation. Claimant provides no other documentation or explanation in support of the claim. On June 21, 2013 Debtors sent Claimant a letter requesting additional information and documentation in support of the claim. Claimant responded on July 22, 2013 stating "I was forced into obtaining this high interest rate home equity loan in 2006 in the amount of $60,000. By calculation, I have been paying this interest since 2006 to date!" Claimant attaches to letter a Homecomings Financial account statement from August 2006. Claimant provides no additional explanation or documentation in support of the claim.  Debtors' | 7-8, 10-11 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | records show that Claimant submitted a workout package on March 9, 2009. Claimants' workout package was denied because her debt to income ratio was below the target payment.  Claimant also applied for a modification in February 2013, however, her application was missing necessary documents, and the review of her account did not continue by the Debtor as the servicing was transferred to Ocwen.<br><br>Debtors have no liability for any assertion involving the terms of Claimant's mortgage loan or for Claimant being "forced" to obtain their mortgage loan because no Debtor was involved in the origination of Claimant's loan. Debtors' records show the loan was originated by Trust One Mortgage Corporation on May 17, 2006. If it is Claimant's contention that Debtors did not charge the correct interest rate to Claimant, Debtors have no liability because in every instance, Debtors charged the rate in accordance with the terms of the Note agreed to by the Claimant. | |
| 5606 | Imelda Luna<br><br>913 Forest Drive<br><br>Colton, CA 92324-4551 | General No Liability | GreenPoint Mortgage Funding  originated the loan on February 2, 2006.  Debtor GMAC Mortgage LLC purchased the loan from GreenPoint and transferred its interest when the loan was securitized on or about July 28, 2006 when US Bank, NA was appointed as trustee. Debtor GMAC Mortgage LLC serviced the loan from May 5, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  At the time servicing transferred to Ocwen, Claimant's account was | 6-7 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | $28,580.73<br><br>General Unsecured | | current.<br><br>Claimant fails to state a basis for claim in box 2 of the proof of claim form, but asserts a claim for $28,580.73, which is also the principal balance of Claimant's mortgage loan reflected in a November 2012 mortgage statement that Claimant attaches to the proof of claim. Claimant also attaches a letter, explaining that as of November 16, 2012 she will no longer have a job, and that she is asking Debtors to lower her payment because she is "not sure" if she will be able to afford her payments. No other basis for claim or explanation for her basis for claim is provided. On May 20, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of their claim. Claimant responded on June 17, 2013 requesting again that Debtors "take the time to review my loan and help me." Claimant does not assert any damages or allege wrongdoing of any Debtor. Claimant states that she is unemployed and is underwater on her mortgages with Nationstar and Debtor. Claimant attaches to her letter Nationstar mortgage statements, an escrow statement, Claimant's gas and electric bills, and an Ocwen mortgage statement dated May 6, 2013.  The Debtors' records reflect a loan modification completed in June, 2012, which reduced Claimant's interest rate from 4% to 1% with a ceiling of 3.875%.  There is no record of a modification request from the Claimant after this date.<br><br>Debtors have no liability because Claimant has failed to assert a valid basis for | |

ny-1173016

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | claim. Nowhere in the proof of claim or letter response does Claimant assert any damages or allege wrongdoing that would impute liability to any Debtor. Furthermore, Debtor is no longer servicing Claimant's loan, so Debtor does not have the ability to modify Claimant's loan. | |
| 2668 | Eric T. Turnbach and Christine K. Turnbach<br><br>P.O. Box 344<br><br>Sybertsville, PA 18251<br><br><br>UNLIQUIDATED<br><br>General Unsecured<br><br><br>GMAC Mortgage, LLC | Insufficient Documentation | GMAC Mortgage LLC  originated the loan on April 25, 2008 and transferred its interest in the loan on or about May 27, 2008 to Fannie Mae.  Debtor GMAC Mortgage LLC serviced the loan from April 25, 2008 until servicing transferred to GreenTree Servicing on February 1, 2013. At the time servicing transferred to GreenTree, Claimant's account was current.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimants do not show how Debtors' connection to this claimant gives rise to liability. Claimants simply proffer conclusory allegations and do not provide the Debtors with any details of the damages the Claimants alleged to  have suffered for which a Debtor is purportedly responsible.<br><br>Claimants assert "mortgage" as basis for claim in box 2 of the proof of claim form. Claimants attach only a website printout of Claimants' loan details. Claimants do not include any additional explanation or documentation in support of the claim. On May 20, 2013, Debtors mailed to Claimants a letter requesting additional | 13 |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | information and documentation in support of their claim. Claimants responded on June 19, 2013 stating "we borrowed $141,000 from GMAC Mortgage on 04/25/2008 till (sic) present. This is within the time frame that the incident occurred that the lawsuit is filed against." Claimants do not elaborate or describe the "incident" at issue, nor do Claimants provide any identifying information with respect to a "lawsuit". Claimants reattach to the letter Claimants' proof of claim, but do not attach any additional supporting documentation.<br><br>Debtors found no evidence in their books and records of any lawsuit involving Claimants and Debtors, and the Borrower Trust is not aware of any such lawsuit. | |

41