**<u>Exhibit 7</u>**

COMMONWEALTH OF MASSACHUSETTS

**MIDDLESEX, ss.**                SUPERIOR COURT
CIVIL ACTION
NO. 10-1074

**ROBERT DE SIMONE AND MATINA DE SIMONE**

vs.

**GMAC MORTGAGE, LLC, and others**

**ORDERS**

On October 22, 2012, this case came before the court for hearing on defendant, GMAC Mortgage, LLC's, motion to dismiss a complaint for contempt and motion to dissolve an injunction. At this hearing, the court also considered the plaintiffs, Robert and Matina DeSimone's motion to reconsider an order issued on September 10, 2012, that vacated a stay entered in this court after GMAC filed a bankruptcy petition. The facts of this case are set out in the court's prior memoranda of decisions and orders on the defendants' motions for summary judgment. After consideration of the parties' pleadings and argument, the court enters the following orders.

1. The DeSimones' motion to reconsider the September 10, 2012 order is DENIED. By order dated July 13, 2012, the Bankruptcy Court for the Southern District of New York issued an order which, among other things, provided relief from the automatic stay of actions pending in state court with respect to "actions initiated by . . . a borrower" in those states providing for non-judicial foreclosures, of which Massachusetts is one, "relating exclusively to the property that is the subject of the loan owned or serviced by [GMAC] for the purposes of . . . enjoining or precluding any foreclosure." This case is, in part, such a case. See Count I.

2. GMAC's motion to dissolve the injunction is ALLOWED. At the outset of this case a temporary restraining order issued enjoining GMAC from foreclosing on the DeSimone's home. On July 27, 2010, the court entered an order stating that the TRO would remain in effect until further order of the court. However, on May 22, 2012, the court issued a memorandum of decision and order which allowed GMAC's motion for summary judgment on the two counts that asserted claims against it. The order did not expressly state that the TRO was dissolved. Nonetheless, having found that the two counts asserting claims against GMAC must be dismissed as a matter of law, there is no basis for continuing injunctive relief. The court therefore orders that the restraining order be dissolved. In order to provide the DeSimones with the opportunity to appeal the decision on summary judgment dismissing their claim for rescission (the claim on which the injunction was based), the court also orders that final judgment enter as to Count I of the complaint as to all parties. (It cannot do the same as to Count IV, as that count asks for monetary relief and therefore the Bankruptcy Court's motion providing relief from stay does not apply to that count.)

3. GMAC's motion to dismiss the complaint for contempt is also ALLOWED. In that complaint for contempt the DeSimones allege that GMAC noticed a foreclosure sale of the mortgaged property on August 1, 2012 and this conduct violated the restraining order which was still in effect. Whether that restraining order continued in effect after GMAC's motion for summary judgment was allowed is a close question. Certainly, it would have been better practice for GMAC specifically to have moved for an order dissolving the restraining order before it began the steps necessary to foreclose on the mortgaged property. However, before there is a finding of civil

contempt against a party there "must be a clear and unequivocal command and an equally clear and undoubted disobedience." In light of the allowance of GMAC's motion for summary judgment, the court concludes that the DeSimones cannot prove an act of civil contempt by GMAC. The complaint for contempt therefore must be dismissed.

                                                                                       /s/ Mitchell H. Kaplan
Mitchell H. Kaplan
Justice of the Superior Court

Dated: October 22, 2012

Entered: October 23, 2012