**Presentment Date: February 5, 2015 at 12:00 p.m. (Prevailing Eastern Time)**
**Objection Deadline: February 4, 2015 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Erica J. Richards
Meryl L. Rothchild

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPTIAL, LLC, et al. | Chapter 11 |
| Debtors. | Jointly Administered |

---

**STIPULATION AND ORDER BETWEEN THE RESCAP LIQUIDATING TRUST, DURBIN CROSSING COMMUNITY DEVELOPMENT DISTRICT, AND DURBIN CROSSING CDD HOLDINGS, INC. TO MODIFY THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**
*NUNC PRO TUNC*

This stipulation and order (the "Stipulation") is made and entered into by the ResCap Liquidating Trust (the "Trust") established pursuant to the terms of the Plan (defined below) in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), on the one hand, and Durbin Crossing Community Development District (the "District") and Durbin Crossing CDD Holdings, Inc. ("Durbin Holdings" and together with the District and the Trust, the "Parties") on the other.

# RECITALS

A.   **General Case Background**

**WHEREAS**, on May 14, 2012 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, on December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in the Chapter 11 Cases [Docket No. 6065].  On December 17, 2013, the effective date of the Plan occurred and, among other things, the Trust was established [Docket No. 6137];

**WHEREAS**, the Plan provides for the creation and implementation of the Trust, which, among other things, is responsible for winding down the affairs of the Debtors' estates.  See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22;

B.   **The DOA Property**

**WHEREAS**, Debtor DOA Properties IX (Lots-Other, LLC) ("DOA Properties IX") is a subsidiary of Debtor DOA Holding Properties, LLC ("DOA Holding").  DOA Holding and DOA Properties IX operated under the Debtors' Business Capital Group or "BCG," which provided loans, made private equity investments or participated in joint ventures in connection with residential housing development and construction.  As of 2009, BCG discontinued active operations;

**WHEREAS**, as of the Petition Date, DOA Properties IX held certain real property located in St. Johns County, Florida (the "DOA Property");

2

**WHEREAS**, the DOA Property is located within the District. The District is a special-purpose government entity established on November 5, 2003 pursuant to Chapter 42MM, Florida Administrative Code;

**WHEREAS**, on November 23, 2010, the District filed a complaint seeking (i) a determination that the District was entitled to certain non-ad valorem special assessments levied against the DOA Property to, among other things, fund repayment of series of bonds issued by the District and fund the District's operations and maintenance ("O&M") activities (the "Special Assessments") in amounts totaling $5,256,408.00, and (ii) foreclosure of the District's special assessment liens on the DOA Property (the "Foreclosure Action");

**WHEREAS**, on February 16, 2011, the District obtained a final judgment of foreclosure on the DOA Property (the "Final Judgment of Foreclosure") in the amount of $6,025,138.49, consisting of the Special Assessments, interest accrued to date, penalties, and costs and fees arising as a result of foreclosure. See Final Judgment of Foreclosure, attached hereto as **Exhibit 1**;

**WHEREAS**, as of the Final Judgment of Foreclosure, a title search obtained by the District indicated that an entity referred to as "Residential Funding Corporation, Inc." held a mortgage on the DOA Property. It is uncertain whether Debtor Residential Funding Company, LLC ("RFC") was the intended mortgagee on the DOA Property. Out of an abundance of caution, should a scrivener's error exist as to the mortgagee's name and/or domicile, this Stipulation shall be applicable, to the extent necessary, to Debtor RFC;

**WHEREAS**, pursuant to the Final Judgment of Foreclosure, prior to the Petition Date, a foreclosure sale of the DOA Property was scheduled and held, but the successful bidder failed to

3

ny-1167036

pay the required deposit and the sale was subsequently cancelled. The sale has yet to be rescheduled and has not yet occurred;

WHEREAS, the District timely filed proofs of claim against Debtor DOA Properties IX in the Chapter 11 Cases (Claim Nos. 2084 and 2085, and Claim No. 2087, which was subsequently amended and superseded by Claim No. 4461) (collectively, the "Proofs of Claim"), on account of the Final Judgment of Foreclosure, certain O&M assessments levied against the DOA Property but not included within the Final Judgment of Foreclosure, and the District's attorney's fees and costs incurred in connection its prosecution the foreclosure against DOA;

WHEREAS, in addition to the Special Assessments, the DOA Property was subject to conventional ad valorem property taxes. See Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 554(a) Authorizing Abandonment of Certain Real Estate Owned by DOA Properties IX (Lots-Other), LLC filed in the Chapter 11 Cases (ECF# 4217 at ¶ 18). Since 2007, the Debtors have not paid property taxes due on the DOA Property (see id.);

WHEREAS, on July 17, 2013, the Debtors filed *Debtors' Motion for Order Under 11 U.S.C. §§ 105(a) and 554(a) Authorizing Abandonment of Certain Real Estate Owned by DOA Properties IX (LOTS-OTHER), LLC* [Docket No. 4217] (the "DOA Abandonment Motion"). By the DOA Abandonment Motion, the Debtors sought authorization from the Court to abandon the DOA Property from the Debtors' bankruptcy estates. Furthermore, the District agreed to withdraw its Proofs of Claim upon the abandonment of the DOA Property;

WHEREAS, on July 29, 2013, the Court entered an *Order Under 11 U.S.C. §§ 105(a) and 554(a) Authorizing Abandonment of Certain Real Estate Owned by DOA Properties IX (LOTS-OTHER), LLC* [Docket No. 4396] (the "DOA Abandonment Order"). Pursuant to the

4

ny-1167036

DOA Abandonment Order, the Debtors' interest in the DOA Property was deemed abandoned and the District's Proof of Claims were deemed withdrawn with prejudice;

**WHEREAS**, DOA Holdings contends that pursuant to a tri-party agreement among Durbin Holdings, the District and the trustee for certain bondholders dated October 9, 2013, Durbin Holdings was to acquire, own, maintain, sell or dispose of the DOA Property for the benefit of the District and the bondholders;

**WHEREAS**, as of November 14, 2013, Durbin Holdings contends that it owned the tax certificate issued on the DOA Property for the year 2008, and had redeemed the tax certificates on the DOA Property for the years 2009, 2010, 2011, and 2012;

**WHEREAS**, on or about October 18, 2013, Durbin Holdings contends that it applied for the issuance of a tax deed on the DOA Property.  See Tax Collector's Certification, attached hereto as **Exhibit 2**;

**WHEREAS**, on May 7, 2014, Durbin Holdings was the highest bidder for the DOA Property at the tax deed sale, and on May 9, 2014, the County of St. Johns, in the State of Florida, sold the DOA Property to Durbin Holdings and issued a tax deed to Durbin Holdings in connection therewith.  See Tax Deed, attached hereto as **Exhibit 3**.

**WHEREAS**, as holder of the tax deed, Durbin Holdings intends to file a Complaint to Quiet Title in the Circuit Court of St. John's County, Florida to confirm marketable title to the DOA Property.  To achieve marketable title, Durbin Holdings must name Debtor DOA Properties IX as a defendant.  This action will not seek any monetary relief against DOA Properties IX, as the action is only *quasi in rem* to quiet title against any claim DOA Properties IX or any third party may have to the DOA Property.  In addition, the District may need to file additional papers in the Foreclosure Action;

5

ny-1167036

**WHEREAS**, neither the DOA Abandonment Motion nor the DOA Abandonment Order reference relief from the automatic stay. The District, the Debtors, and now the Trust maintain that additional stay relief beyond the abandonment of the DOA Property is not needed;

**WHEREAS**, notwithstanding the abandonment of the DOA Property, out of an abundance of caution, the Parties seek to have the Court modify the stay for a clear indication to the Florida court and title examiners that the quiet title action and any further actions taken in the Foreclosure Action can be properly prosecuted and name as defendant Debtor DOA Properties IX;

**WHEREAS**, the Parties have conferred and the Trust has consented to a limited modification of the automatic stay of section 362(a) of the Bankruptcy Code pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

NOW THEREFORE, it is hereby stipulated and agreed as between the Parties to this Stipulation, through their undersigned counsel, that:

1. To the extent applicable, the automatic stay extant under section 362(a) of the Bankruptcy Code is hereby modified solely to the extent set forth herein *nunc pro tunc* to the date of the DOA Abandonment Order Docket No. 4396, *i.e.*, July 29, 2013. The May 9, 2014 tax deed sale conducted in St. John's County, Florida is hereby deemed to not be in violation of the automatic stay.

2. Durbin Holdings may commence and prosecute an action to quiet title in the Circuit Court of St. John's County, Florida (the "Quiet Title Action") to confirm marketable title to the DOA Property, and name Debtor DOA Properties IX and RFC as defendants, as necessary, solely to quiet title to the DOA Property. To the extent applicable, and for no other purpose, the automatic stay is modified for the sole purpose of allowing the District and Durbin Holdings to

6

ny-1167036

take any and all steps necessary to exercise any and all rights they may have in the DOA Property and to gain possession of and marketable title to the DOA Property.

3. The Quiet Title Action shall only be *quasi in rem* in nature and neither the District nor Durbin Holdings shall under any circumstances: (i) seek any monetary relief from or against DOA Properties IX, DOA Holdings, RFC, any other Debtor, the Trust, or the Liquidating Trustee; (ii) file or assert a claim or cause of action against any Debtor, the Trust, or the Liquidating Trustee for any damages alleged to have arisen out of the facts and circumstances to be addressed in the Quiet Title Action, or with respect to the DOA Property and the Debtors' prior interest therein.

4. To the extent applicable, the automatic stay shall be further modified so as to allow the District to file papers in the Foreclosure Action and to take such further actions as are necessary to vacate the Final Judgment of Foreclosure and dismiss that case.

5. This Stipulation shall not be deemed to be or constitute a modification of the automatic stay except as otherwise expressly provided herein with respect to the District and Durbin Holdings.  In all other respects, the automatic stay shall remain in full force and effect with respect to any other parties who may be named in or who otherwise intervene in the Quiet Title Action or the Foreclosure Action.

6. The Abandonment Order is not modified by this Stipulation and shall remain in full force and effect.

7. This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto.  Any such modification, alteration, amendment, or vacation in whole or part shall be subject to the approval of this Court.

ny-1167036

8. This Stipulation is the entire agreement among the Parties in respect of the subject matter hereof.

9. Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

10. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument. Further, electronic signatures or transmissions of an originally signed document by facsimile or PDF shall be as fully binding on the Parties as an original document.

11. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation shall be immediately effective upon its entry.

12. This Stipulation shall be of no force or effect unless and until it is approved by the Court.

13. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation.

14. The Liquidating Trust shall provide notice of this Stipulation in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

*[Signature Page to Follow]*

ny-1167036

New York, New York
Dated: January 29, 2015

| | |
|---|---|
| /s/ Norman S. Rosenbaum | /s/ Douglas M. Smith |
| Norman S. Rosenbaum | Douglas M. Smith |
| Erica J. Richards | HOPPING, GREEN & SAMS, P.A. |
| Meryl L. Rothchild | 119 South Monroe Street, Suite 300 |
| MORRISON & FOERSTER LLP | P.O. Box 6526 |
| 250 West 55th Street | Tallahassee, FL 32314 |
| New York, New York 10019 | Telephone: (850) 222-7500 |
| Telephone: (212) 468-8000 | Facsimile: (850) 224-8551 |
| Facsimile: (212) 468-7900 | |
| | |
| *Counsel to The ResCap Liquidating Trust* | *Counsel for Durbin Crossing Community Development District* |
| | |
| | /s/ Matthew J. Vaughn |
| | Kevin A. Ashley |
| | David A. Miller |
| | Matthew J. Vaughn |
| | PETERSON & MYERS, P.A. |
| | 225 East Lemon Street, Suite 300 |
| | P.O. Box 24628 |
| | Lakeland, FL 33802-4628 |
| | Telephone: (863) 683-6511 |
| | Facsimile: (863) 904-1335 |
| | |
| | *Counsel for Durbin Crossing CDD Holdings, Inc.* |

Approved and So Ordered
this ___ day of February, 2015 in New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

9

ny-1167036