Alan Moss
P.O. Box 721
Moss Beach CA 94038

**January 22, 2015**

TO:      **Clerk of the Court**
**U.S. Bankruptcy Court for the Southern District of New York**
**Alexander Hamilton Custom House**
**One Bowling Green**
**New York New York 10004-1408**

        Re:      **ResCap**
        Case No.   **12-12020**



JAN 2 3 2015

**ENCLOSED (3):**

1.    RESPONSE IN OPPOSITION TO RESCAP BORROWER CLAIMS TRUST'S *SEVENTY-FIFTH* OMNIBUS OBJECTIONS TO CLAIMS

2.    DECLARATION OF ALAN MOSS IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO RESCAP BORROWER CLAIMS TRUST'S *SEVENTY-FIFTH* OMNIBUS OBJECTIONS TO CLAIMS

3.    PROOF OF SERVICE

**REQUESTED ACTION:**

☒   File original(s) and return file stamped copy in enclosed envelope.

☒   Stamped, self-addressed envelope enclosed.

Very truly yours,

Alan Moss

\\vmware-host\Shared Folders\Documents\_WP_WinXP\Desktop Folder\_From XP Desktop\BK\Transmit Opposition 11_13_44.wpd

1  Alan Moss
   P.O. Box 721
2  Moss Beach CA 94038
   Telephone:   (415)494-8314
3  Facsimile:   (650)728-0738

4  Attorney *In Propria Personum*

5

6

7

8                      IN THE UNITED STATES BANKRUPTCY COURT
9                      FOR THE SOUTHERN DISTRICT OF NEW YORK
                                    MANHATTAN DIVISION
10

11                                                ) BANKRUPTCY CASE No. 12-12020-MG
12                                                ) CHAPTER 11
                                                  )
13 IN RE:                                         )
                                                  ) Jointly Administered
                                                  ) (Executive Trustee Services, Case No. 12-
14                                                ) 12028)
                                                  )
15 RESIDENTIAL CAPITAL, LLC, *ET*                 ) **RESPONSE IN OPPOSITION TO RESCAP**
   *AL.*                                          ) **BORROWER CLAIMS TRUST'S SUPPLEMEN-**
                                                  ) **TAL OBJECTION AND REPLY RE:** *SEVENTY-*
16                                                ) *FIFTH* **OMNIBUS OBJECTION TO CLAIMS**
                                                  ) [Claim No. 4445]
17                                                ) Hearing Date: February 11, 2015
                                       Debtors.)  Hearing Time: 10:00 A.M.
18 _____ )

19

20

21

22
                                             JAN 2 3 2015
23

24

25

26
   OPPOSITION OF ALAN MOSS [CLAIM NO. 4445]
   TO DEBTOR'S SEVENTY-FIFTH OMNIBUS OBJEC-
   TION TO CLAIMS                                         BANKRUPTCY ACTION NO. 12-12020-MG

1

# TABLE OF CONTENTS

2  I. FACTS RELEVANT TO THIS MOTION AND TO THIS RESPONSE

3  II. ARGUMENT

4      A. DEBTOR MISUNDERSTANDS CALIFORNIA'S DEFAULT PROCEDURE AND ITS EFFECT

5          1.    Because Default Was Duly Entered Against Debtor In California, The Causes
                 of Action In The ETS Complaint Have Been Conclusively Proven.

6          2.    The Allegations Of Claimant's California Complaint Must Be Taken As
7                True.

8                a.  First Cause Of Action: Negligence

9                b.  Second Cause Of Action: Negligence *Per Se*

10               c.  Third Cause Of Action: Fraud

11               d.  Fourth Cause Of Action: Intentional Infliction Of Emotional Distress

12               e.  Fifth Cause Of Action: Negligent Infliction Of Emotional Distress

13      B.   IN ITS BRIEF, DEBTOR ADMITS THE BASIC ALLEGATIONS OF CLAIMANT'S COMPLAINT

14      C.   CONTRARY TO DEBTOR'S SUPPLEMENTAL OBJECTION, THE REQUISITE ELEMENTS OF
             CLAIMANT'S CAUSES OF ACTION HAVE BEEN SATISFIED.

15           1.  The Negligence Claim

16               a.  ETS, as trustee, unequivocally owed Claimant a duty

17               b.  ETS breached the duty it owed to Claimant.

18               c.  ETS's Breach Caused Harm To Claimant

19           2.    Negligence *per se*

20           3.    Fraud

21           4.    Intentional Infliction of Emotional Distress

22           5.    Negligent Infliction Of Emotional Distress: Emotional damages lie even
23                 absent physical harm

24  III.    CONCLUSION

25

26

1

# TABLE OF AUTHORITIES

2

<u>**FEDERAL AUTHORITIES**</u>

3    *Aguinaldo vs. Ocwen Loan Serv. LLC* 2012 WL 3835080 . . . . . . . . . . . . . . . . . . 24

4    *Bergman vs. Bank of America*, 2013 WL 5863057 . . . . . . . . . . . . . . . . . . . . . . . 17

5    *Davenport vs. Litton Loan Servicing* (N.D. Cal. 2010) 725 F.Supp.2d 862 . . . . . . . . . . . . . . 24

6    *De La Cerra Frances vs. de Anda*(224 Fed.Appx. 637(9th Cir. 2007) . . . . . . . . . . . . . . . . . 23

7    *Freeman vs. King*, 2007 WL 1289810 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 16

8    *In Re Tome* (1990) 113 B.R. 626, Bkrtcy C.D. Cal. . . . . . . . . . . . . . . . . . . . . . . . *13*

9    *Mehta vs. Wells Fargo Bank*(N.D. Cal. 2010) 737 F.Supp.2d1185 . . . . . . . . . . . . . . . . 24

10    *Ottovich vs. Washington Mutual*(2010) 2010WL 3769459 . . . . . . . . . . . . . . . . . . . . 24

11    *Perreault vs. NDEX West, LLC*, 2011 WL 11682629 . . . . . . . . . . . . . . . . . . . . . . . 12

12

13    <u>**CALIFORNIA AUTHORITIES**</u>

14    **STATUTES**

15    Cal. Civil Code §2924-2924h . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 13, 16

16    Cal. Civil Code §2934a(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

17    Cal. Civil Code §2934a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 14

18    California Rule Of Court §8.1115 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

19

20    **CASES**

    *Agarwal vs. Johnson*(1979) 25 Cal.3rd 932, 946 . . . . . . . . . . . . . . . . . . . . . . . 25

21    *Ainsa vs. Mercantile Trust Co. Of San Francisco* (1917) 174 Cal. 504 . . . . . . . . . . . . . . . *11*

22    *Anderson vs. Heart Federal Savings*(1989) 208 Cal.App.3rd 202 . . . . . . . . . . . . . . . . . 13

23    *Ballengee vs. Sadlier* (1986) 179 Cal.App.3rd 1 . . . . . . . . . . . . . . . . . . . . . . . . 11

24    *Bank of America vs. La Jolla Group II*(2005) 129 Cal.App.4th 706 . . . . . . . . . . . . . . . . 15

25

26

1    *Bank of Seoul & Trust Co.* (1988) 198 Cal.App.3rd 113 . . . . . . . . . . . . . . . . . . . . . . . . . . 11

2    *Baron vs. Colonial Mortgage Service Co.* (1980) 111 Cal.App.3rd 316 . . . . . . . . . . . . . . . . . . . 11

3    *Branch vs. Homefed Bank* (1992) 6 Cal.App.4th 793 . . . . . . . . . . . . . . . . . . . . . . . . . . 19, 20

4    *Carter vs. Continental Land Title Co.* (1991)233 Cal.App.3rd 1597 . . . . . . . . . . . . . . . . . . . 11

5    *Dahl-Beck Electric Co. vs. Rogge* (1969) 275 Cal.App.2nd 893 . . . . . . . . . . . . . . . . . . . . . . 12

6    *Devlin vs. Kearny Mesa AMC/Jeep/Renault, Inc.* (1984) 155 Cal.App.3rd 381 . . . . . . . . . . . . . . 4

7    *Dimock vs. Emerald Properties* (2000) 81 Cal.App.Cal.App.4th 868 . . . . . . . . . . . . . . . . . 12, 14

8    *Fleisher vs. Continental Aux. Co.* (1963) 215 Cal. App.2nd 136 . . . . . . . . . . . . . . . . . . . . . 11

9    *Fletcher vs. Western Nat. Life Ins. Co.* (1970) 10 Cal.App.3rd 376 . . . . . . . . . . . . . . . . . . . 25

10   *Friedman vs. Merck & Co.* (2003) 107 Cal.App.4th 454 . . . . . . . . . . . . . . . . . . . . . . . . . . 10

11   *Garber & Associates vs. Eskandarian* (2007) 150 Cal.App.4th 813 . . . . . . . . . . . . . . . . . . . . 4

12   *Grimes vs. Carter* (1966) 241 Cal.App.2nd 694 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 25

13   *Kachlon vs. Markowitz* (2008)168 Cal.App.4th 316. . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

14   *Kerivan vs. Title Ins. & Trust Co.* (1983) 147 Cal.App.3rd 225 . . . . . . . . . . . . . . . . . . . . . 11

15   *Kleckner vs. Bank of America* (1950) 97 Cal.App.2nd 30 . . . . . . . . . . . . . . . . . . . . . . . . . 11

16   *Merrill vs. Los Angeles Gas & Elec. Co.* (1910) 158 Cal. 499 . . . . . . . . . . . . . . . . . . . . . . 18

17   *Molen vs. Friedman* (1998) 64 Cal.App.4th 1149 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

18   *Molien vs. Kaiser Found. Hosp.* (1980) 27 Cal.App.3rd 916 . . . . . . . . . . . . . . . . . . . . . 18, 19

19   *Munger vs. Moore* (1970) 11 Cal.App.3rd 1 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12, 20

20   *Niles vs. City of San Rafael* (1974) 42 Cal.App.3rd 230 . . . . . . . . . . . . . . . . . . . . . . . . . 18

21   *People vs. One 1986 Toyota Pickup* (1995) 31 Cal.App.4th 254 . . . . . . . . . . . . . . . . . . . . . . 4

22   *Potter vs. Firestone Tire and Rubber* (1993) 6 Cal.4th 965 . . . . . . . . . . . . . . . . . . . . . . . . 19

23   *Pro Value Props., Inc. vs. Qual, Loan Ser. Corp.* (2009) 170 Cal.App.4th 579 . . . . . . . . . . . . 18

24   *Rowland vs. Christian* (1968) 69 Cal.2nd 108 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

25   *Schroeder vs. Auto Driveway Co.* (1974) 11 Cal.3rd 908 . . . . . . . . . . . . . . . . . . . . . . . . . 23

26

1   *Smith vs. Superior Court* (1992) 10 Cal.App.4[th] 1033 . . . . . . . . . . . . . . . . . . . . . 21

2   Vasey vs. California Dance Co., Inc.(1977) 70 Cal.App.3[rd] 742 . . . . . . . . . . . . . . . . . . . . . 4

3   *W.A. Rose Co. vs. Mun. Court(Fitzsimmons)* (1959) 176 Cal.App.2[nd] 67 . . . . . . . . . . . . . . . 22

4   *Woodworth vs. Redwood Emp. Sav. & Loan Assn.*(1971) 22 Cal.App.3[rd] 347 . . . . . . . . . . . . . 11

5
    **OTHER AUTHORITIES AND TREATISES**
6
    Bernhardt, *California Mortgages, Deeds of Trust and Foreclosure*
7          *Litigation, 4th Ed., §2.25* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *18*

8   *48 California Forms of Pleading and Practice §555.57 (1) (a)* . . . . . . . . . . . . . . . . . . . . . . *11*

9   Miller And Starr, *California Real Estate, 3rd Ed., §§10.4, 10.117* . . . . . . . . . . . . . . . . . . *11*

10  Rutter, *California Practice Guide,* Weil & Brown,
          *Civil Procedure Before Trial, §§5.4 –5.8, 5:116.* . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
11
    Witkin, *California Procedure,* 5th Ed., 6 Proceedings Without Trial *§175-176* . . . . . . . . . . . . . *4*
12
    Witkin, 4 *Summary of California Law,* 10th Ed. Torts§1022 . . . . . . . . . . . . . . . . . . . . . . . . . 18

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1    Claimant, **ALAN MOSS**, otherwise identified in the Notice to this motion,

2  dated September 17, 2014, as Claim No. 4445, hereby opposes the debtor's Supplemental

3  Objection And Reply re: Seventy-Fifth Omnibus Objection as it applies to him.[1]

4    The debtor misunderstands the nature and basis of this claim, as well as funda-

5  mentally misunderstanding California law, under which it arises.  This claim arose in, and

6  resides in, California.  Debtor's objection to this claim is without legal authority and justi-

7  fication.

8    In its first iteration, Debtor's objection to this claim, which was filed four

9  months ago on September 17, 2014 as Doc 7552-1, was based on what debtor entitled "lack

10 of standing."[2]  Claimant's response to that objection caused Debtor to withdraw its objection

11 and re-schedule the hearing as to the undersigned.  The Debtor now files this supplemental

12 objection.[3],[4]  The supplemental objection of ResCap fares no better than the original.

13    **I.**

14    **FACTS RELEVANT TO THIS MOTION**

15    The facts set forth in Claimant's brief, together with the supporting Declaration

16 of Alan Moss, filed October 16, 2014 as Doc 7667, at P. 3-4, are hereby incorporated by re-

17

18    [1]  The actual debtor is an entity named **Executive Trustee Services**("ETS"), a wholly-owned
subsidiary of ResCap, whose bankruptcy filing is denoted as Action No. 12-12028. ETS was made a part
19 of this action, Action No. 12-12020, when this action became jointly administered.

20    [2]  *See* Doc 7552-1, filed September 17, 2014. Debtor evidently believes, and so argues(from its
asserted "diligent review of all the files"), that the basis of this claim is essentially a wrongful foreclosure
21 claim. From that, the debtor argues that the claim is fallacious. In taking such an untenable position, debtor
ignores the years of litigation involved in this matter, and essentially sweeps it away in but a few sentences.
22 Even a cursory review of the relevant documents, attached to the Moss Declaration previously filed,
demonstrates that is not the case.  Rather, this claim is founded on the *negligence* of debtor's
23 subsidiary ETS, pursuant to California law.  It is not based on wrongful foreclosure.

24    [3]  *See* Doc 7904, filed December 19,2014.

25    [4]  *See* Doc 7724, filed November 7, 2014, and Doc 7829 filed December 5, 2014.

26

1  ference as though fully set forth herein.

2  Claimant initiated litigation with the holder of his deed of trust(akin to, but dif-

3  ferent than, a mortgage) in July 2009.  The purpose of that litigation was to undue the fore-

4  closure sale of his home of thirty years, a sale which only occurred because the debtor herein,

5  Executive Trustee Services, hereinafter "ETS", the alleged trustee at the time, illegally issued

6  statutorily-required notices and conducted the sale of claimant's home, all at a time when

7  ETS was unlawfully appointed to that position.  As explained *infra*, ETS was made the trus-

8  tee by an entity who, at that time, did not have a beneficial interest in the deed of trust, and

9  wouldn't acquire such interest for at least a year; under California law, having a beneficial

10  interest in the deed of trust was a prerequisite to being able to substitute in a new trustee.

11  Further, the undersigned had a written agreement to cancel the scheduled fore-

12  closure sale, which ETS totally ignored, and without notice to the undersigned, conducted

13  the sale and sold the undersigned's home(to the then holder of the deed of trust).

14  Of particular note is that both of these facts(the trustee's lack of authority and

15  the cancellation of the scheduled sale), admitted to by debtor in its current papers, were

16  fought over for more than three years in the litigation that Claimant was forced to initiate in

17  an attempt to try to undo this.[5]

18

19  [5] It is interesting to note that debtor relies on, and submits to this Court, the Supplemental Declaration of Deanna Horst, who states in her Declaration that she has worked for ResCap since 2001, and

20  is familiar with how ResCap did business, thus qualifying her to make this Declaration.  That evidently means that she was one of individuals that presided over the shenanigans that ResCap commited during the

21  financial crisis, including robo-signing and the like.  For example, "Order Granting Defendants' Motion For Sanctions", issued by Circuit Judge Bernard Nachman, Circuit Court of the Fourth Judicial District, In and

22  For Duval County, Florida, in the case of *TCIF, REO2, LLC vs. Martin L. Leibowitz*, as trustee, Case NO. 16-2004-CA-4835-XXXX-MA" regarding the actions of Margie Kwiatanowski, who was identified as an

23  officer of GMAC Mortgage.  This was based on her deposition testimony that she was "robo-signing" documents and that her signature was being notarized at a time different than when she signed the document.

24  See deposition of Margie Kwiatanowski at P. 28:17-30:8. This very individual signed two documents in this instant matter:  in which she purports to substitute a new trustee on behalf of an entity called TCIF REO2,

25  LLC, and in which she purports to assign the property from TCIF to defendant herein.

26

1       The litigation was enormously time-consuming and emotionally overwhelming

2   throughout its nearly four years. Claimant had to represent himself in this litigation because

3   of the huge cost and time-consumption that was necessitated by the actions of ResCap.

4   Claimant had to withstand the onslaught of a major law firm throwing every imaginable trick

5   at him, sparing no expense, all the while facing the very real threat that he could be ousted

6   from his home. At no time throughout this nearly four years of litigation was it ever admitted

7   that the trustee was illegally appointed. This malicious activity is now characterized by the

8   debtor as essentially meaningless and of little import to Claimant, the debtor taking the po-

9   sition that no reasonable person would be emotionally affected by it.

10      During the course of this litigation, the Claimant discovered that a cause of ac-

11  tion existed under California law against ETS for its actions as part of the scheme to wrest

12  Claimant's home from him. Therefore, another lawsuit was filed against ETS; ETS failed

13  to appear, and Claimant took its default.[6] In California, a second hearing is required to

14  enable a judge to determine damages and enter judgment. A day before that hearing, ETS,

15  as part of ResCap, filed for bankruptcy protection, thus staying that action.

16      This claim is based on the very same request for damages which was set to be

17  heard by the Court in San Mateo County, California the day after this bankruptcy was filed.

18                              **II.**

19                          **ARGUMENT**

20  A. Debtor Misunderstands California's Default Procedure And Its Effect

21      1.  **Because Default Was Duly Entered Against Debtor In California, The**
            **Causes of Action In The ETS Complaint Have Been Conclusively Proven.**

22      Debtor argues, at P. 7-8, ¶¶22-23 of its supplemental objection, that the default

23  that Claimant obtained against debtor ETS is of little note and has no conclusive effect on

24

25      [6] *See* Declaration of Alan Moss filed herewith, at Exhibit 1.

26  Opposition Of Alan Moss [Claim No. 4445]
    To Debtor's Seventy-Fifth Omnibus Objec-        Page 3        BANKRUPTCY ACTION NO. 12-12020-MG
    tion To Claims

1  Claimant's claim.  From this proposition, Debtor argues that Claimant cannot prove, to the

2  satisfaction of this Court, the factors necessary to prove negligence;  nor is Claimant able to

3  prove his other causes of action for (1) negligence *per se*, (2)fraud, (3) negligent infliction

4  of emotional distress and (4) intentional infliction of emotional distress.

5          Debtor misunderstands California procedure.  Accurately stated, the default

6  does have conclusive effect as to the merits and bases of the *claims(i.e., the individual causes*

7  *of action)* against ETS in the California Superior Court action[7];  the default does not have

8  conclusive effect on the *amount of damages* being claimed, which has to be determined by

9  a judge in a "prove-up" hearing.[8]

10          As set forth in claimant's earlier brief(D0c 7667), California's default proce-

11 dure is bifurcated: the first step is to obtain a default.  Once the clerk enters the default in the

12 Court rolls, "entry of default" as it is called in California, the defendant is deemed to have

13 admitted to the material allegations of the complaint.[9] *Vasey vs. California Dance Co., Inc.*

14 (1977) 70 Cal.App.3rd 742;  *Molen vs. Friedman* (1998) 64 Cal.App.4th 1149.

15          Moreover, the defaulting party is "out of court" and thereafter has no right to

16 appear in and participate in the proceedings(unless and until the default is set aside, or alter-

17 natively, a default judgment is entered, at which point the defaulted party may appeal that

18 judgment. *Devlin vs. Kearny Mesa AMC/Jeep/Renault, Inc.*(1984) 155 Cal.App.3rd 381.  En-

19 try of default ousts the court of jurisdiction to consider any motion other than a motion for

20 relief from default.  *People vs. One 1986 Toyota Pickup* (1995) 31 Cal.App.4th 254;  *W.A.*

21

22      [7] The Complaint in *Moss vs. ETS* is Exhibit 1 to the Declaration of Alan Moss, filed as Doc 7667 on October 16, 2014.

23
24      [8] The prove-up hearing had been scheduled by the Court, but was not heard because of the filing of this bankruptcy.

25      [9] *See* Moss Declaration, Exhibit 1.  Default was entered on June 17, 2011.

26

1  *Rose Co. vs. Municipal Court(Fitzsimmons).* (1959) 176 Cal.App.2nd 67.[10]

2

3       The default was duly entered by the Court on June 17, 2011. *See* Exhibit 1 to

4  the Declaration of Alan Moss filed herewith.

5       ETS filed a motion to set aside the default, but withdrew it voluntarily when

6  it was pointed out to them that it was without any legal basis. ETS then filed a second mo-

7  tion to set aside the default on different grounds, also meritless, but the bankruptcy inter-

8  vened.

9       Claimant herein caused default to be duly entered on June 17, 2011.[11] As can

10 be seen from the docket sheet in *Moss vs. ETS*, the debtor did not move to set aside the de-

11 fault for nine months.[12] In fact, the default in this case is still in effect. At that time, there

12 was pending claimant's request for entry of default judgment, where a dollar figure would

13 have been determined by a judge as an actual judgment. The moving papers had already

14 been filed. That motion was not heard because of the automatic stay resulting from the filing

15 of this bankruptcy(notice of which the debtor filed in that action).

16       Thus, it is beyond cavil that all of the material allegations of the ETS complaint

17

18       [10] *See* Rutter, *California Practice Guide*, Weil & Brown, *Civil Procedure Before Trial*, §§5.4 –5.8,
19  5:116.
         *See also* Witkin, *California Procedure*, 5th Ed., 6 Proceedings Without Trial §175-176:
20  "The clerk's entry of default cuts off the defendant's right to take further affirmative steps such as filing a
    pleading or motion, and the defendant is not entitled to notices or service of pleadings or pa-pers. 'A
21  defendant against whom a default is entered is out of court and is not entitled to take any further steps in the
    cause affecting plaintiff's right of action..." *Garber & Associates vs. Eskandarian* (2007) 150 Cal.App.4th
22  813' "

23       [11] *See* Exhibit 5, Declaration of Alan Moss In Support Of Claimant's Response in Opposition To
    ResCap Borrower Claims Trust's *Seventy -Fifth* Omnibus Objection To Claims[Claim No. 4445] filed
24  October 16, 2014.

25       [12] *See* Exhibit 5, Declaration of Alan Moss, filed in support of Doc 7667, October 16, 2014.

26

are final and this Court cannot re-visit those allegations. Therefore, ETS must be determined to have negligently harmed Claimant; i.e., for the purposes of this claim, Claimant has conclusively proven the three factors necessary to demonstrate that ETS was negligent in its treatment of claimant and that Claimant is entitled to money damages as a result: (1) ETS had a duty it owed to Claimant, (2) ETS breached that duty, and (3) that breach caused harm and damage to claimant.

For the very same reasons, Claimant has conclusively proven his causes of action for (1) negligence *per se*, (2) fraud, (3) negligent infliction of emotional distress, and (4) intentional infliction of emotional distress.

As a result, this Court cannot re-visit the allegations and causes of action set forth in the ETS Complaint. Contrary to debtor's statement in its brief(at P. 8 thereof) that "As a result, the fact that a default was entered against ETS has no preclusive effect and does not bar an objection to the Moss claim," that is *exactly* the effect the default has on Claimant's claim and debtor's instant objection. The claim is entirely valid and precludes debtor's objection.

2.    **The Allegations Of Claimant's California Complaint Must Be Taken As True.**

Therefore, the following allegations in the ETS complaint must be taken as true:

a. **First Cause Of Action: Negligence**

I. ¶24: ETS had a duty it owed to claimant to comply with the laws of California and the deed of trust;

ii. ¶¶25 – 31: ETS breached that duty because it failed to ascertain whether or not it had the power to conduct a

sale which resulted in the loss of Claimant's home; and

iii. ¶32: ETS's breach caused damage to Claimant.

### b. Second Cause Of Action: Negligence *Per Se*

    I.  ¶¶33–41: Violation of California statute caused negligent harm to Claimant; and

    ii. ¶42: Debtor's negligence caused harm to Claimant.

### c. Third Cause Of Action: Fraud

    I.  ¶¶44–50: Debtor made representations to intentionally mislead Claimant into believing that the foreclosure sale noticed on plaintiff's residence would not occur;

    ii. ¶¶51–52: Claimant reasonably relied on these representations to believe that there would be no sale of Claimant's residence;

    iii. ¶53: Because of these intentional misrepresentations, Claimant was harmed when his residence was sold at a trustee's sale; and

    iv. ¶54: Claimant is entitled to damages, both compensatory and punitive, for physical, emotional and financial damages.

### d. Fourth Cause Of Action: Intentional Infliction Of Emotional Distress

    I. ¶56: Debtor's actions were intentional and malicious with the

---

1  purpose of causing plaintiff humiliation, mental anguish

2  and physical distress;

3      ii.  ¶¶59-61: Debtor's actions were willful, wanton, malicious

4  and oppressive;

5      iii.  ¶62: As a result of debtor's actions, Claimant suffered phy-

6  sical, emotional and financial damages.

7

8      **e. Fifth Cause Of Action: Negligent Infliction Of Emotional Distress**

9      I.  ¶63-64: Debtor violated both California law and the deed of

10  trust;

11      ii.  ¶¶65-67: As a proximate result of these violations, Claimant

12  was injured and suffered severe emotional damage.

13

14  **B. In Its Brief, Debtor Admits The Basic Allegations Of Claimant's Complaint**

15

16    As has been previously stated, the central allegation giving rise to this claim

17  is that ETS, the debtor, was illegally substituted in as trustee, and ETS either deliberately ig-

18  nored the fact that it had no power to act as trustee when it sold claimant's home, or negli-

19  gently failed to ascertain whether or not it had the power of sale when it exercised it.

20    In its instant brief, the debtor sets forth, at P. 4, ¶4, the string of assignments

21  of Claimant's deed of trust; specifically, debtor states that "Option One then transferred the

22  Moss Loan to TCIF, LLC("TCIF") on or around September 15, 2007, See TCIF assignment,

23  attached to the Supplemental Declaration as Exhibit F...."

24    Then at ¶11, the debtor states: "ETS was appointed as substitute trustee on

25  September 21, 2006. See Substitution of Trustee, attached to the Supplemental Declaration

26

1    as <u>Exhibit H</u>."

2    Referral to Exhibit H unequivocally shows that it was TCIF that substituted

3    ETS as the new trustee--the trustee that issued the requisite foreclosure notices under Cali-

4    fornia law, and the entity that conducted the sale of Claimant's home.

5    In sum, ETS, the debtor, was appointed *a full year prior to TCIF acquiring the*

6    *power* via trust deed to substitute in a new trustee.

7    This key fact, this admission was litigated for four years in the Claimant's Cali-

8    fornia action. It is now finally being admitted.

9    Further, debtor states at FN3 of its brief that "The foreclosure sale was con-

10    ducted by the Debtor *in error* due to a failure to communicate timely, notice of conditions

11    that would have warranted a cancellation of the foreclosure. <u>See</u> Rescission of Trustee's

12    Deed Upon Sale."[emphasis supplied].

13    This key fact, this admission, was also litigated for four years in the Claimant's

14    California action. It had never been admitted prior to this point in time.[13]

15    Thus, it is simply beyond cavil that the debtor failed to comport its actions to

16    California law and directly and proximately caused harm to Claimant.

17

18    **C.    CONTRARY TO DEBTOR'S SUPPLEMENTAL OBJECTION, THE REQUISITE ELEMENTS OF CLAIMANT'S CAUSES OF ACTION HAVE BEEN SATISFIED.**

19    The debtor goes to great lengths in its objection to this claim to try to eliminate

20    the claims of the ETS complaint. Notwithstanding the effects of the default on these issues,

21    i.e., even if the default does not have the effect of conclusively proving these claims, the

22    debtor cannot succeed for the following reasons.

23

24    _____

25    [13] This is also of particular note and highly significant when debtor attempts to argue that its action
did not cause Claimant extreme shock and pain. *See infra.*

26

### 1. The Negligence Claim

First, as set forth above, the elements of negligence have been satisfied because of the default of ETS.

But secondly, even if this were not so, the elements of negligence on the part of ETS have more than amply been satisfied.

Debtor argues that of the requisite elements of negligence in California, claimant cannot demonstrate that (1) ETS owed him a duty, and (2) claimant was damaged by ETS's actions.  Both assertions are false.

#### a. ETS, as trustee, unequivocally owed Claimant a duty

Debtor argues that under California law, ETS acting as trustee was not a fiduciary.  While that may be true, debtor has neither argued or cited any case that stands for the proposition that only a fiduciary can breach a duty.  And that is not the law.  Put another way, debtor cannot cite to any California case which holds that a trustee does not owe a duty to a trustor such as Claimant herein.

As a general matter, in California: "Duty is not sacrosanct in itself, but only an expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection." *Friedman vs. Merck & Co.* (2003) 107 Cal. App.4th 454, 464.  "The policy considerations to be taken into account in determining whether a duty is imposed by law were set forth in *Rowland vs. Christian* (1968) 69 Cal.2nd 108.  "The major considerations are the foreseeability of harm to the plaintiff, the degree of certainty that the plaintiff suffered injury, the closeness of the connection between the defendants conduct and the injury suffered, the moral blame attached to the defendants conduct the policy of preventing future harm, the extent of the burden to the defendant and the consequences to the community of imposing a duty to exercise care with resulting liability for breach, and the availability, cost, and prevalence of insurance for the risk involved." At  P.

464.

Under California law, the trustee has a duty to the Claimant herein, as an *equal agent of both the trustor and the beneficiary.* "As a common agent, the trustee must represent the interests of both parties." *Ainsa vs. Mercantile Trust Co. Of San Francisco* (1917) 174 Cal. 504, 510; *Ballengee vs. Sadlier* (1986) 179 Cal.App.3rd 1, 5; *Kerivan vs. Title Ins. & Trust Co.* (1983) 147 Cal.App.3rd 225, 229; Miller And Starr, *California Real Estate*, 3rd Ed., §§10.4, 10.117[14]; 48 California Forms of Pleading and Practice §555.57 (1) (a)[15].

Moreover, "The trustee is liable to the parties for all damages resulting from its wrongful acts contrary to the terms of the deed of trust if its conduct is negligent, fraudulent, or illegal. For example, a trustee may be liable for damages for any unauthorized reconveyance...." *Id.* citing *Kerivan supra, Fleisher vs. Continental Aux. Co.* (1963) 215 Cal.App.2nd 136, 140; *Woodworth vs. Redwood Empire Sav. & Loan Assn.* (1971) 22 Cal.App.3rd 347, 366; *Bank of Seoul & Trust Co.* (1988) 198 Cal.App.3rd 113, 118.

The Court in *Kerivan* stated:

> "In *Woodworth vs. Redwood Empire Sav. & Loan Assn.* (1971) 22 Cal.App.3rd 347, 366, the court stated as follows: "It is well established, however, that a trustee under a deed of trust is not a trustee in the technical sense. Rather, he is the agent of all the parties to the escrow at all times prior to performance of the conditions of the escrow and bears a fiduciary relationship to each of them. His obligation to each is measured by an application of the ordinary principles of agency."

As an agent, the trustee may be liable for negligence in the performance of his duties. This

---

[14] "A trustee may be liable for damages for wrongful reconveyance. The trustee is a common agent of both parties and is liable for any losses suffered as a result of any intentional or negligent breach of trustee duties." citing *Carter vs. Continental Land Title Co.* (1991)233 Cal.App.3rd 1597, 1599.

[15] "The trustee has a duty to conduct the sale fairly and openly, with due diligence and sound discretion to protect the rights of the trustor and others..." citing *Baron vs. Colonial Mortgage Service Co.*(1980) 111 Cal.App.3rd 316, 322; *Kleckner vs. Bank of America* (1950) 97 Cal.App.2nd 30, 33.

1  principle was found applicable in *Munger vs. Moore* (1970) 11 Cal.App.3rd 1 where the court

2  stated: "That rule is that a trustee.....may be liable to the trustor..... for damages sustained

3  where there has been an ille-gal, fraudulent or willfully oppressive sale of property under a

4  power of sale contained in a mortgage or deed of trust. An agent has the duty to use reason-

5  able skill and diligence and if he violates this duty, he is liable for any loss which his princi-

6  pal may sustain s the result of his negligence." *Dahl-Beck Electric Co. vs. Rogge* (1969) 275

7  Cal.App.2nd 893."

8         Debtor relies on one case for its argument that ETS did not owe a duty to

9  Claimant:  *Kachlon vs. Markowitz* (2008)168 Cal.App.4th 316. This case is inapposite at

10 best. Its factual pattern is incredibly complicated, but what is abundantly clear is that there

11 was no doubt that whatever the trustee or substituted trustee did in *Kachlon*, it had the power

12 to do it because it had been properly appointed. That is pointedly not the case here. The deb-

13 tor cannot point to one California case that holds that an improperly and illegally appointed

14 trustee's actions were upheld. Quite the contrary is true; if improperly appointed, the trustee

15 has no power to do anything, and any actions it takes are void *ab initio*. *Dimock vs. Emerald*

16 *Properties* (2000) 81 Cal.App.Cal.App.4th 868

17         *Kachlon* was not followed by *Perreault vs. NDEX West, LLC*, 2011 WL

18 11682629. In the *Perreault* case, the plaintiff alleged violation of a subsection of Civil Code

19 2924(the statute regarding trustees), the same statute that Claimant herein alleges was

20 breached by debtor.

21         There is simply no question that ETS, as trustee, was operating under a duty

22 to act properly to Claimant.

23         **b. ETS breached the duty it owed to Claimant.**

24         There can be nothing so basic to the statutory scheme than ascertaining whether

25 the trustee had the power to act in that capacity when, as in the instant case, ETS issued the

26

1    two requisite notices prior to the sale, and thereafter issued the Trustee's Deed after it con-

2    ducted the sale.

3            It is beyond doubt that ETS was not properly substituted in as the new trustee,

4    and therefore had no power to issue the requisite notices or to conduct the sale or to issue the

5    trustee's deed. As set forth above, the entity who attempted to substitute in ETS was not yet

6    the beneficiary, and wouldn't become the beneficiary for a year, and had no power to do so.

7    *See* Debtor's brief at P. 4, ¶¶ 9, 11 which sets forth the relevant dates which demonstrate that

8    ETS had no power. ETS was substituted in as trustee on September 21, 2006 by TCIF, LLC;

9    however, as stated in its brief, "Option One then transferred the Moss loan to TCIF, LLC on

10   or around September 15, 2007." Therefore, ETS could not do anything: it had no power.

11           In California, the power of sale allowed in a non-judicial foreclosure process

12   is a creature of statute(CC§2924-2924h), and any attempt to invoke the power of sale must

13   be strictly reviewed in order to insure compliance with these statutory requirements:

14           "No non-judicial foreclosure of a security interest in real property is permitted

15   except in compliance with this statutory system. Cal.Civ.Code §2924....Strict compliance

16   with the statutory requirements is obligatory: any statutory deficiency requires that the sale

17   be set aside, provided that the purchaser is not a bona fide purchaser for value without notice

18   of the deficiency. *Anderson vs. Heart Federal Savings*(1989) 208 Cal.App.3rd 202." *In Re*

19   *Tome* (1990) 113 B.R. 626, Bkrtcy C.D. Cal.

20           Under the statute, it is only the *present* beneficiary that has the power to sub-

21   stitute a new trustee–but TCIF was not the beneficiary at the time it recorded the Substitution

22   of Trustee to attempt to make ETS the trustee. Under the deed of trust, only the beneficiary

23   had the power to substitute the trustee, and again TCIF was NOT the beneficiary on Novem-

24

25

26

1   ber 10, 2006 when the purported substitution was recorded.[16]  On that date, it was Option

2   One who was the beneficiary;  Option One never substituted ETS to act as trustee.

3          Because ETS was not duly substituted in as the trustee, ETS had no authority,

4   *ab initio* or ever, to this day, to issue the Notice of Default, or the Notice of Trustees Sale,

5   or the Trustees Deed by which defendant purports to claim title.

6          Further, Civil Code §2934a provides:

7              "(a)(1). The trustee under a trust deed upon real property
               or an estate for years therein given to secure an obligation to pay
8              money and conferring no other duties upon the trustee than those
               which are incidental to the exercise of the power of sale therein
9              conferred, may be substituted by the recording in the county in
               which the property is located of a substitution executed and
10             acknowledged by:
                   (A) **all of the beneficiaries** under the deed of
11                 trust...." (emphasis supplied)

12         ETS was named as trustee in derogation of this statute, because it was not

13  named by a beneficiary of the deed of trust.

14         There are two cases which specifically hold that any sale conducted by a trustee

15  without the appropriate power to do so are void.  See This is patently clear from *Dimock vs.*

16  *Emerald Properties* (2000) 81 Cal.App.4[th] 868, where there had been a substitution of trustee

17  that had been properly done;  however, the original trustee did not have knowledge of the

18  substitution and went ahead and conducted a sale. The Court ruled that, under the statute and

19  the terms of the deed of trust, once the substitution had been effectuated, the original trustee

20  lost all power to conduct a sale or indeed to do any-thing else, and thus the sale was void

21

22         [16]  Under the statute, a substitution becomes effective on recordation, and not before.  CC
       §2934a(a)(1). But of course the statute requires the substitution to be done by "all of the benefi-ciaries" and
23     TCIF was not a beneficiary.
              In addition, there are other irregularities present here. First, the substitution was done by an
24     officer(allegedly) of TCIF REO2, LLC. The Notice of Default was issued on behalf of TCIF REO2, LLC.
       But the assignment did not go to this entity, it went to TCIF, LLC–a completely different legal entity. Thus,
25     even if the substitution had been timely, it was done by a different entity and thus no good.

26

1    In *Bank of America vs. La Jolla Group II*(2005) 129 Cal.App.4[th] 706, the duly

2    appointed trustee who issued a Notice of Sale, was the same ETS. But prior to the sale date,

3    unbeknownst to ETS, payment had been made and the loan reinstated.  When ETS went

4    ahead with the sale to a BFP, pointedly not the case herein, the Court set aside the sale as

5    void, because once reinstated, the trustee was deprived of the power of sale.

6    A leading treatise on California real estate, Bernhardt, *California Mortgages,*

7    *Deeds of Trust and Foreclosure Litigation*, 4th Ed., §2.25 states: "A party who is not a trustee

8    of record will not have the authority to conduct the foreclosure or deliver a valid trustee's

9    deed." *See also Pro Value Props., Inc. Vs. Quality Loan Service Corp.* (2009) 170 Cal.App.

10    4th 579.

11    The debtor cannot argue that it would have been too difficult to discover that

12    it did not have the power of sale.  As it states in its brief, it set forth recorded documents

13    which are easily obtainable online.

14    Thus, debtor breached the duty it owed to Claimant.

15

16    **c. ETS's Breach Caused Harm To Claimant**

17    First, debtor argues that damages did not flow from anything that ETS did, ar-

18    guing that ETS's only role in these proceedings was "to record the Notices(at the direction

19    of the owner of the Moss Loan and conduct the sale of the Moss Property, both of which

20    have been rescinded. ETS' recording of the notices did not cause the commencement of the

21    foreclosure process, and therefore cannot be the cause of Mor. Moss' alleged damages."[17]

22    As explained above, *before* ETS could issue any notices or conduct a property

23    sale, it had to first ascertain whether it was *empowered* to act as the lawful trustee to actually

24    _____

25    [17]  Debtor's brief at P. 10, ¶30.

26

1  do these acts. This was neither a difficult task, nor so convoluted that ETS could not have

2  figured it out or done it. After all, this was their business, and on information and belief, it

3  existed solely to service the actions of ResCap. All they had to do was go online and look

4  at the very recorded documents that debtor has attached in support of its instant motion. And

5  evidently, all that ETS did, as a wholly-owned subsidiary of ResCap, was to initiate and carry

6  out this process.

7       The fact is, as explained above, was that ETS was not duly substituted in as

8  trustee, and would not, for at least a year, be so empowered–if then.

9       To hold otherwise would be to conclude that an entity could act as trustee with-

10  out ever checking on who had appointed them, when, and whether they had such power to

11  affect so dramatically peoples lives. Some entity, whether or not the owner of a loan, could

12  just place a call or write a letter and say "Start the foreclosure process. Send out a notice."

13  Of course, that cannot possibly be the legislative intent when these statutes were adopted, and

14  especially where the process is supposed to be strictly adhered to.

15       And the debtor's further statement that "ETS' recording of the notices did not

16  cause the commencement of the foreclosure process"(whatever that means–it is far from

17  clear) is entirely wrong. Under the statute, it was the recording of the notice of default that

18  did cause the commencement of the foreclosure process. *See* Cal. Civil Code 2924a.

19  Otherwise, under the statute, it doesn't start.

20       Debtor relies on the case of *Freeman vs. King*, 2007 WL 1289810 for authority

21  for their novel proposition. They cannot do so. This California appellate case is ***not citable***

22  ***as authority***[18]. The second line of the Westlaw version states: "Not Officially Published(Cal.

23  Rules of Court, Rule 8.1105 and 8.1110, 8.1115)" and then states "California Rules of Court,

24

25       [18] Claimant therefore moves to strike any mention of, or reliance on this case.

26

1   Rule 8.1115, restricts citation of unpublished opinions in California courts."[19]  This Cali-

2   fornia case is not citable in any California court or any other court.

3          Debtor also relies on *Bergman vs. Bank of America*, 2013 WL 5863057 as

4   holding that "plaintiff could not show that her damages were caused by an alleged improper

5   substitution of trustee where the loan was in default at the time of foreclosure." This 52-page

6   decision, arising from an FRCP 12(b)(6) motion from three defendants, is anything but so

7   simplistic. As best as Claimant can ascertain, since he doesn't have the Westlaw version of

8   the case, only the Memorandum opinion from PACER, the Court held that the cause of action

9   against the trustee was not validly pled because the complaint did not allege that the trustee

10  knew that it lacked authority at the time it recorded the notices.[20]  This is hardly authority to

11  be relied on for this proposition.

12         Lastly, debtor makes the uninformed statement that Claimant did not pay his

13  mortgage(it wasn't a mortgage) which resulted in the commencement of foreclosure and

14  therefore can't show that his damages were caused by ETS.  First, there is no authority for

15  this statement, and none can be given because it isn't the law.  Second, at the time of the

16  foreclosure, there was no default and debtor has merely argued a heresay statement. As

17  pointed out above, the debtor has admitted that there was supposed to be no sale. Third, even

18  if there was a default, that cannot possibly excuse a violation of California law, especially

19

20
    [19]  California Rule Of Court 8.1115:
21  (A) Unpublished Opinions
    "Except as provided in (b), an opinion of a California Court of Appeal ......that is not certified for publication
22  or ordered published must not be cited or relied on by a court or a party in any other action.
    (B) Exceptions
23  An unpublished opinion may be cited or relied on:
    (1) When the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
24

25      [20]  *See* Slip Op. At P. 29.

26

1    where it has been repeatedly held that the procedural aspects of the foreclosure process must

2    be "strictly adhered to."  Is the debtor's argument something like "Because Claimant

3    *supposedly* missed a payment(s), that caused me to violate California law?"  If a negligent

4    driver sustains injuries as a result of his driving, is that a defense as to a physician who

5    thereafter negligently treats him for those injuries?  Of course not.

6

7          **d. Emotional damages lie even absent physical harm/Negligent Infliction**

8    **of Emotional Distress**

9          First, debtor has no standing to raise this issue because of its default and the

10   established factors set forth above.

11         Debtor's protestations notwithstanding, physical harm is not a requirement in

12   California to be awarded damages for negligent infliction of emotional distress.  California

13   recognizes a right to recover damages for serious emotional distress in a negligence action.

14   *Molien vs. Kaiser Found. Hosp.*(1980) 27 Cal.App.3rd 916, 930.  A plaintiff may recover

15   general damages for emotional distress, pain and suffering, along with other compensatory

16   damages.  *Merrill vs. Los Angeles Gas & Elec. Co.*(1910) 158 Cal. 499, 511; *Niles vs. City*

17   *of San Rafael* (1974) 42 Cal.App.3rd 230, 244.  *See* Witkin, 4 *Summary of California Law*,

18   10th Ed. §1022.

19         Negligent infliction of emotional distress refers to the recovery of damages by

20   a plaintiff who has not otherwise suffered any physical or bodily injury, for emotional dis-

21   tress arising from a defendant's negligent conduct.  *Molien, supra* at 924.  In 1980, the Cali-

22   fornia Supreme Court abolished the "physical injury" requirement.  *Molien supra,* 930;

23   *Potter vs. Firestone Tire and Rubber* (1993) 6 Cal.4th 965, 986.  Under this rule, one may

24   recover for emotional distress suffered as the result of a negligent act that placed the plaintiff

25   in fear for his personal well-being, regardless of whether there is any physical impact and

26

1    regardless of whether the emotional distress is accompanied by any physical manifestation

2    of injury. *Molien supra at* 924; *Burgess vs. Superior Court* (1992) 2 Cal.4th 1064, 1074.[21]

3         Damages for emotional distress may be recovered in a tort action for fraud.

4    *Branch vs. Homefed Bank*(1992)6 Cal.App.4th 793, 799.

5         Further, all detriment proximately caused by the breach of a duty imposed by

6    statute, as here, is compensable, including damages of emotional distress. *Pintor vs. Ong*

7    (1989) 211 Cal.App.3rd 837, 841. It is not necessary that the plaintiff suffer other injury in

8    addition to the emotional distress. *Pintor supra at 845.* For example, damages for emotional

9    distress have been awarded for a breach of the duty imposed by Cal. Civil Code §2941, re-

10   quiring reconveyance of real property after a debt secured by a deed of trust has been satis-

11   fied. *Pintor at 841; this is part of the statutory scheme imposing a duty on trustees.*

12        In California, the courts have adopted a unitary concept of pain and suffering,

13   without attempting to bifurcate them, and this term has been used ad applied to a plaintiff

14   who may recover not only for physical pain but also for fright, nervousness, grief, anxiety,

15   worry, mortification, shock m humiliation, indignity, embarrassment, apprehension, terror,

16   ro ordeal. *Capelouto vs. Kaiser*(1972) 7 Cal. 3rd 889, 893. Medical testimony is not re-

17   quired. No definite method of calculation is prescribed by law by which to fix compensation

18   for pain and suffering. It is required only that the award be just and reasonable in light of the

19   evidence. *Garfoot vs. Avila*(1989)213 Cal.App.3rd 1205. Lastly, a jury may compute pain and

20   suffering damages by the per diem method by which damages are measured in terms of a

21   stated number of dollars for specific period of time. *Beagle vs. Vasold*(1966) 65 Cal.2nd 166,

22   173.

23        This is exactly what Claimant did in calculating his damages. Although criti-

24

25   [21] *See* 32 California Forms of Pleading and Practice §362.11 *et seq.*

26

1    cized by debtor, this is perfectly allowable in California.  And the calculations were based

2    on the severe emotional distress and shock as this matter was unrolling.  *See* Declaration of

3    Alan Moss filed herewith.

4              Claimant's right to emotional distress damages is clearly mandated by *Munger*

5    *vs. Moore* (1970) 11 Cal.App.3[rd] 11, which held: "The measure of damages for a wrong other

6    than breach of contract will be an amount sufficient to compensate the plaintiff for all detri-

7    ment, foreseeable or otherwise, proximately occasioned by the defendant's wrong."

8              In *Spinks vs. Equity Residential Briarwood Apartments* (2009) 171 Cal.App.4[th]

9    1004, 1040, a wrongful eviction case, the Court stated: "The recovery includes all conse-

10   quential damages occasioned by the wrongful eviction(personal injury, including infliction

11   of emotional distress, and property damage),,,and upon a proper showing of malice, punitive

12   damages." At 1039.

13             Debtor's reliance on *Friedman, supra*, is misplaced and whose connection with

14   this instant case is attenuated at best, especially keeping in mind the *Rowland* factors.

15   *Friedman* is a complex case wherein a vegan underwent a medical procedure, after asking

16   and being told that there were no animal products involved.  It is hard to imagine a case

17   further away from this case, where the debtor admittedly violated a statutory duty.[22]

18             First, the holding that debtor relies on is part of the decision involving negli-

19   gent misrepresentation.  This case does not involve such a cause of action and is therefore

20   inapposite.

21

22   [22] Debtor sets forth in its brief that this case relies on *Branch vs. Homefed Bank* (1992) 6 Cal.App.4[th]
     793, 798 even to the extent of quoting it.  But this is what the brief did not quote, the actual holding of the
23   case: "We conclude, however, that the award of damages for emotional distress must be reversed. We restate
     that which we believe to be settled law, namely that damages for emotional distress are ordinarily not
24   recoverable in an action for  negligent misrepresentation when the injury other than the emotional distress
     is only economic."  Pointedly, the instant case is not such a case and this is no authority to support debtors
25   argument. Further, debtor's other cited case, *Smith vs. Superior Court*, states that this holding in Branch is
     dicta. At P. 1040.

26

1    Second, to the extent that this case stands for the proposition that emotional

2 distress damages do not lie in the absence of physical harm, as debtor argues, it is inapposite

3 to the instant case. The operative complaint in this matter alleges that, at ¶32: "As a direct

4 and proximate result of the negligence of defendant ETS, as set forth above, plaintiff sus-

5 tained damage, both physically, emotionally and financially, and plaintiff prays judgment

6 against defendant as hereinafter set forth."

7    Thus, debtor's arguments are of no avail. Because of the default, it must be

8 taken as true that Claimant suffered physical and emotional and economic injury.

9    Nor does its reliance on the only other case it cites, fare any better. *Smith vs.*

10 *Superior Court* (1992) 10 Cal.App.4[th] 1033 is at least as attenuated from the case at bar as

11 *Friedman.* This is a legal malpractice case, arising from a divorce. This case holding is

12 restricted to legal malpractice cases.

13    But if it were broader, its holding is that emotional distress damages are

14 recoverable where there is an allegation of intentional or affirmative misconduct. Claimant's

15 complaint alleges just such activity.

16

17    **2. Negligence *per se***

18

19    In Paragraph 28, debtor argues that negligence per se cannot be maintained.

20 It cites two cases. One case, *LeBeau vs. Bank of America*(2014) 2014 WL 4809843, cannot

21 be cited or relied on. See California Rules of Court 8.1115. The opinion on WestLaw says

22 just that.

23    As to the other case, *Maomanivong vs. National City Mtg.*(2014) 2014 WL

24 4623873, this was a loan modification case, against the lender, not the trustee. Thus it is

25 totally inapposite. And there is no case cited by debtor that supports its position. That is

26

1    hardly authority for debtor to rely on.

2

3    ### 3. Fraud

4    First, debtor has no standing to raise this issue because of its default and the

5    established factors set forth above.

6    Notwithstanding this, debtor argues that Claimant cannot demonstrate that he

7    suffered the damage element required of fraud because the statutory notices *illegally* issued

8    by ETS, and which then caused significant and continuing damage to Claimant, have been

9    withdrawn. Further, debtor argues that any damages incurred in fighting and reversing the

10   foreclosure was caused, not by the illegal actions of the debtor itself, but by Claimant's de-

11   fault.

12   This argument is an affront to logic, propriety, the law, and just common sense

13   and decency. And it ignores the basic facts that ETS acted illegally and in contravention of

14   the California statutes when it did issue these two notices(Notice of Default and Notice of

15   Trustee Sale) and, after selling Claimant's home, conveying the trust deed to the bank. That

16   the notices have been withdrawn, and that Claimant's home has been returned to him *does*

17   *not obviate all of the damage, including extreme emotional damage he incurred for the three*

18   *plus years of litigating against a major corporation, with unlimited assets, to accomplish*

19   *this. It is beyond cavil that the debtor would not have rescinded the notices nor reversed the*

20   *sale absent this enormous amount of litigation.* Perhaps if debtor could demonstrate to this

21   court that it voluntarily admitted its mistakes, withdrew these notices and reversed the sale

22   of Claimant's home, thereby not necessitating all of this litigation, that might be one thing.

23   But that is not the case or the truth. The fact is that debtor used every means at its disposal

24   to attempt to bury Claimant, and did so for a period exceeding three years. Debtor attempts

25   to circumvent this by arguing that the beneficiary was not ResCap, but this is fallacious at

26

1  best. It was ResCap, as the servicer, who conducted this litigation, forced it to go on and on,

2  and refused to concede the most basic facts which have now been admitted in this matter.

3          By way of example, if a motorist negligently causes an accident with resultant

4  harm to himself, would he be barred from suing a physician who thereafter negligently

5  treated him, on the grounds that the motorist brought the injuries on himself? Hardly. The

6  physician's negligence is separate and apart from whatever negligence the motorist may have

7  committed: it was not the negligence of the driver who forced the physician to be negligent.

8  Likewise, even if Claimant was in default, which he wasn't, that did not cause ETS to violate

9  the law. That violation, which caused all of claimant's damages, occurred only because of

10  debtor's callous disregard for California law.

11          Debtors reliance on *De La Cerra Frances vs. de Anda*(224 Fed.Appx. 637(9th

12  Cir. 2007) is, to state it (or perhaps understate it) bluntly, misplaced. This case does state that

13  a fraud claim cannot rest solely on emotional distress damages, but relies specifically on a

14  California case, *Schroeder vs. Auto Driveway Co.*(1974) 11 Cal.3rd 908. But had debtor

15  bothered to read *Schroeder*, they would not have found such a holding in this case. Rather,

16  the Court held just the opposite: "Consequently, defendants, having failed to move for a new

17  trial, cannot now contend that the award of damages is excessive.[fn omitted]." At P.918.[23]

18  This case actually upheld an award of damages for fraud.

19          Second, the debtor offers no evidence to this Court that the Claimant was in

20  default at the time of these actions. Therefore, this argument is of no avail. And it cannot.

21          Third, the argument ignores that Claimant has proved the elements necessary

22

23    [23] However, even though the Court did ot review the challenge to the award of damages, it stated
some concepts that are helpful to the challenges raised by debtor herein. For example, "recovery will not
be denied because the damages are difficult of ascertainment."(P. 921); "Mrs. Schroeder is entitled to
compensation for pain, suffering, and emotional distress"; "If the action is one in tort, exemplary damages
may be recovered upon a proper showing of malice, fraud, or oppression even though the tort incidentally
involves a breach of contract.'"

24

25

26

1  for fraud.

2      Fourth, Claimant has set forth compensable damages. *See* Declaration of Alan

3  Moss, filed herewith.

4      Thus, Debtor has not advanced any theory to defeat the Fraud cause of Action,

5  and the damages flowing therefrom.

6

7  **4. Intentional Infliction of Emotional Distress(IIED)**

8      Lastly, debtor argues that Claimant cannot assert a cause of action for IIED,

9  relying on *Aguinaldo vs. Ocwen Loan Serv. LLC* 2012 WL 3835080, which in turn relied on

10  *Davenport vs. Litton Loan Servicing* (N.D. Cal. 2010) 725 F.Supp.2d 862; *Mehta vs. Wells*

11  *Fargo Bank*(N.D. Cal. 2010) 737 F.Supp.2d 1185; and *Ottovich vs. Washington Mutual*(2010)

12  2010 WL 3769459.

13      These cases are inapposite to this instant case. The holdings of these cases are

14  necessarily limited to the facts of the cases.

15      In *Aguinaldo*, the allegations of the case were, according to the Court,

16  "conditional" promises and therefore unable to support a classification of outrageous con-

17  duct. In *Davenport*, the Court found the allegations of "certified mail failure and the refusal,

18  after meeting with her and her legal representative to modify her loan also do not, *by them-*

19  *selves,* qualify as outrageous...."(P. 884, emphasis supplied). In *Mehta*, the Court found only

20  a conditional promise to forestall a sale. In *Ottovich,* the IIED claim was dismissed because

21  it was inadequately pled, and plaintiff was allowed to amend.

22      Thus, two of the four cases were allowed to amend, and all were found to be

23  insufficient because of "conditional" promises and inadequate specificity.

24      Not one of these cases rises to the level of the instant case, wherein ETS deli-

25  berately and intentionally violated California statutes controlling the activities of trustees.

26

1    This is categorically different than, and far more serious than, these four cases. None of

2    them pointed to a violation of California law or could.

3            Therefore, these cases are not authority to hold that Claimant cannot obtain

4    damages for IIED.

5            Further, the allegations of the complaint, that ETS intentionally violated state

6    law with the intent to harm Claimant, have to be taken as true because of the default. This

7    is yet another factor in finding that debtor's four cases are inapposite to this case.

8            Behavior may b e considered outrageous if a defendant (1) abuses a relation

9    or position that gives him power to damage the plaintiff's interest; (2) know the plaintiff is

10   susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with

11   the recognition that the acts are likely to result in illness through mental distress. *Agarwal*

12   *vs. Johnson*(1979) 25 Cal.3rd 932, 946. Neither physical injury or monetary loss is required

13   to be actionable. *Grimes vs. Carter* (19660 241 Cal.App.2nd 694.

14           Severe emotional distress was found to exist in *Fletcher vs. Western Nat. Life*

15   *Ins. Co.*(1970) 10 Cal.App.3rd 376 even though testimony showed the plaintiff suffered no

16   shock, horror, or similar physical effects and that most of his distress resulted from his

17   unfortunate economic situation. The Court held it may "consist of any highly unpleasant

18   mental reaction such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, dis-

19   appointment, and worry." P. 397. When this involved losing his home, all continuing for

20   many months, this was adequate for IIED.[24]

21           Therefore, debtor's objections should be overruled.

22

23   / / /

24   _____

25           [24] *See* Witkin, 5 Summary of California Law, §452.

26

1

## CONCLUSION

2

3          For the foregoing reasons, and each of them, the debtor's objections should be

4    overruled, and Claimant's claim allowed in its entirety.

5

6    Dated: January 22, 2015                              Respectfully submitted,

7

8

9                                                              ALAN MOSS

10                                                      Attorney *In Propria Personum*

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

1 | Alan Moss
P.O. Box 721
2 | Moss Beach CA 94038
Telephone:  (415)494-8314
3 | Facsimile:   (650)728-0738

4 | Attorney *In Pro Per*

5

6

7

8

9 | IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

10

11

12 |                                              )  BANKRUPTCY CASE NO.  12-12020-MG
                                              )  CHAPTER 11
IN RE:                                        )
13 |                                              )
                                              )  Jointly Administered
14 |                                              )  (Executive Trustee Services, Case No. 12-
                                              )  12028)
15 | RESIDENTIAL CAPITAL, LLC, *ET AL.*)          )  **DECLARATION OF ALAN MOSS IN SUPPORT
                                              )  OF HIS RESPONSE IN OPPOSITION TO
16 |                                              )  RESCAP BORROWER CLAIMS TRUST'S
                         Debtors.)            )  *SEVENTY-FIFTH* OMNIBUS OBJECTIONS TO
17 | _____)  CLAIMS**
                                                 [Claim No. 4445]
18 |                                                 Hearing Date: February 11, 2015
                                                 Hearing Time: 10:00 A.M.
19

20 |       Claimant, ALAN MOSS, declares as follows:

       I am the Claimant in Claim NO. 4445.  If called to testify, I would aver as fol-
21 | lows:

22 |       1. Attached hereto and made a part hereof as **Exhibit 1** is a true and correct
23 | copy of the entry of default against the defendant Executive Trustee Services in the case of
24 | *Alan Moss vs. Executive Trustee Services et al.*, Action No. CIV505386, State of California,
25

26

1  County of San Mateo Superior Court, denoted hereinafter as the "ETS complaint." This

2  document bears the official "file" stamp of the clerk of the court, with the file date of June

3  17, 2011;

4      3.  The ETS complaint is still pending in California's San Mateo County

5  Superior Court, but has been "stayed" because of this bankruptcy.

6      4.  Attached hereto and made a part hereof as **Exhibit 2** is a true and correct

7  copy of the "Register Of Actions" in the case of *Alan Moss vs. Executive Trustee Services*

8  *et al.*, Action No. CIV505386, State of California, County of San Mateo Superior Court.

9  This shows, as its first entry, that I paid $395.00 as and for the filing fee.

10     3.  Attached hereto and made a part hereof as **Exhibit 3** is a true and correct

11 copy of the scheduling sheet used by the court clerk to set the prove-up hearing in *Alan Moss*

12 *vs. Executive Trustee Services et al.*, Action No. CIV505386, State of California, County of

13 San Mateo Superior Court.

14     4.  In addition to the filing fee, I incurred attorney fees in the amount of

15 $16,960.98 in prosecuting the case of *Alan Moss vs. Bank of New York*, Action No. CIV

16 486130, County of San Mateo Superior Court. At that point in time, I could no longer afford

17 the attorney fees required to fight this case, and was forced to represent myself for the next

18 three years.

19     5.  As a result of the illegal activities of ETS, I was forced to litigate against

20 the servicer of my loan in an attempt to regain my home. Although the name of the case is

21 against the Bank of New York, the case was run by ResCap as the servicer of the loan. It

22 was ResCap who made all the decisions in the case and kept litigating it for over three years.

23     6.  This litigation, as well as the underlying cause of it, caused me extreme

24 emotional distress for a period of three and a half years, together with shock, anxiety and the

25 like. I was forced to work on this case nearly full time throughout this period to stave off the

26

1    continuing actions of a major San Francisco law firm.  At no time during this period was

2    there ever any admission of the illegality of the substitution of the trustee or of the

3    cancellation of the trustee sale that resulted in the loss of my home.  The fact that the case

4    resolved was evidently due to the substitution of new servicer and a new attorney on the case,

5    not anything that ResCap did to try and resolve the matter.  Further, this extreme anxiety,

6    continuous in nature, caused certain physical ailments because of the intensity, pressure,

7    worry, and constant nature of this matter for three plus years.

8           7.  As a result of this, I attempted to place a dollar figure on this emotional

9    distress by the amount of time it was ongoing, because that was required by the official

10   California court forms.

11

12        I declare under penalty of perjury under the laws of California that the foregoing is

13   true and correct and that this Declaration was executed on the _____ th day of January,

14   2015.

15

16

17                                                   ALAN MOSS

18

19

20

21

22

23

24

25

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT ONE

CIV-100

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
— ALAN IRVING MOSS
  P.O. BOX 721
  MOSS BEACH CA 94038

TELEPHONE NO.: (415)730-1453          FAX NO.*(Optional)*:
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*:  IN PRO PER

FOR COURT USE ONLY

**FILED**
**SAN MATEO COUNTY**

JUN 17 2011

Clerk of the Superior Court
By _____
DEPUTY CLERK

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  SAN MATEO
STREET ADDRESS: 400 GOVERNMENT CENTER
MAILING ADDRESS:
CITY AND ZIP CODE: REDWOOD CITY CA 94063
BRANCH NAME:

PLAINTIFF/PETITIONER: ALAN IRVING MOSS
DEFENDANT/RESPONDENT: EXECUTIVE TRUSTEE SERVICES, LLC

| REQUEST FOR | [X] Entry of Default | ☐ Clerk's Judgment | CASE NUMBER: |
| (Application) | ☐ Court Judgment | | CIV 505386 |

1. TO THE CLERK: On the complaint or cross-complaint filed
   a. on *(date)*: MAY 5, 2011
   b. by *(name)*: ALAN IRVING MOSS
   c. ☐ Enter default of defendant *(names)*:
      EXECUTIVE TRUSTEE SERVICES, LLC f/k/a EXECUTIVE TRUSTEE SERVICES, INC.
   d. ☐ I request a court judgment under Code of Civil Procedure sections 585(b), 585(c), 989, etc., against defendant   *(names)*:

      *(Testimony required. Apply to the clerk for a hearing date, unless the court will enter a judgment on an affidavit under Code Civ. Proc., § 585(d).)*
   e. ☐ Enter clerk's judgment
      (1) ☐ for restitution of the premises only and issue a writ of execution on the judgment. Code of Civil Procedure section 1174(c) does not apply. (Code Civ. Proc., § 1169.)
         ☐ Include in the judgment all tenants, subtenants, named claimants, and other occupants of the premises. The *Prejudgment Claim of Right to Possession* was served in compliance with Code of Civil Procedure section 415.46.
      (2) ☐ under Code of Civil Procedure section 585(a). *(Complete the declaration under Code Civ. Proc., § 585.5 on the reverse (item 5).)*
      (3) ☐ for default previously entered on *(date)*:

2. Judgment to be entered.

| | | Amount | Credits acknowledged | Balance |
|---|---|---|---|---|
| a. | Demand of complaint...................... | $ | $ | $ |
| b. | Statement of damages * | | | |
| | (1) Special .............................. | $ | $. | $ |
| | (2) General .................................. | $ | $ | $ |
| c. | Interest ............................................ | $ | $ | $ |
| d. | Costs *(see reverse)* ....................... | $ | $ | $ |
| e. | Attorney fees  .................................. | $ | $ | $ |
| f. | **TOTALS** ........................................ | $ | $ | $ |
| g. | Daily damages were demanded in complaint at the rate of: $ | | per day beginning *(date)*: | |

   (* *Personal injury or wrongful death actions; Code Civ. Proc., § 425.11.*)

3. ☐ *(Check if filed in an unlawful detainer case)* **Legal document assistant or unlawful detainer assistant** information is on the reverse *(complete item 4)*.

Date: JUNE 16, 2011
ALAN MOSS
_____          ▶ _____
(TYPE OR PRINT NAME)                  (SIGNATURE OF PLAINTIFF OR ATTORNEY FOR PLAINTIFF)

| FOR COURT USE ONLY | (1) [V] Default entered as requested on *(date)*: | JUN 17 2011 |
| | (2) ☐ Default NOT entered as requested *(state reason)*: | |
| | JOHN C. FITTON | |
| | Clerk, by _____, Deputy | |

Form Adopted for Mandatory Use
Judicial Council of California
CIV-100 [Rev. January 1, 2007]

Martin Dean's
ESSENTIAL FORMS

**REQUEST FOR ENTRY OF DEFAULT**
**(Application to Enter Default)**

Code of Civil Procedure,
§§ 585-587, 1169
www.courtinfo.ca.gov

Page 1 of 2

| PLAINTIFF/PETITIONER: MOSS | | CA NUMBER: |
|---|---|---|
| DEFENDANT/RESPONDENT: ETS | | Cl v  505386 |

4. **Legal document assistant or unlawful detainer assistant (Bus. & Prof. Code, § 6400 et seq.).** A legal document assistant or unlawful detainer assistant ☐ did ☒ did not  for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from a legal document assistant or unlawful detainer assistant, state)* :
   a. Assistant's name:
   b. Street address, city, and zip code:
   c. Telephone no.:
   d. County of registration:
   e. Registration no.:
   f. Expires on *(date)* :

5. ☐ **Declaration under Code of Civil Procedure Section 585.5** *(required for entry of default under Code Civ. Proc., § 585(a)).* This action
   a. ☐ is ☒ is not  on a contract or installment sale for goods or services subject to Civ. Code, § 1801 et seq. (Unruh Act).
   b. ☐ is ☒ is not  on a conditional sales contract subject to Civ. Code, § 2981 et seq. (Rees-Levering Motor Vehicle Sales and Finance Act).
   c. ☐ is ☒ is not  on an obligation for goods, services, loans, or extensions of credit subject to Code Civ. Proc., § 395(b).

6. **Declaration of mailing (Code Civ. Proc., § 587).** A copy of this *Request for Entry of Default* was
   a. ☐ **not mailed** to the following defendants, whose addresses are  **unknown** to plaintiff or plaintiff's attorney *(names)* :

   b. ☒ **mailed** first-class, postage prepaid, in a sealed envelope addressed to each defendant's attorney of record or, if none, to each defendant's last known address as follows:
   (1)  Mailed on *(date)* :
   MAY 16, 2011
   (2)  To *(specify names and addresses shown on the envelopes)*:
   EXECUTIVE TRUSTEE SERVICES
   15455 S.F. MISSIN BLVD.
   MISSION HILLS CA 91345

I declare under penalty of perjury under the laws of the State of California that the foregoing items 4, 5, and 6 are true and correct.
Date: MAY 16, 2011

ALAN MOSS
_____          ▶  _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF DECLARANT)

7. **Memorandum of costs** *(required if money judgment requested).* Costs and disbursements are as follows (Code Civ. Proc., § 1033.5):
   a. Clerk's filing fees  ............................................  $
   b. Process server's fees........................................  $
   c. Other *(specify)*:  ............................................  $
   d. ...........................................................................  $
   e. **TOTAL**  ...........................................................  $ _____
   f. ☐ Costs and disbursements are waived.
   g. I am the attorney, agent, or party who claims these costs. To the best of my knowledge and belief this memorandum of costs is correct and these costs were necessarily incurred in this case.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF DECLARANT)

8. ☐ **Declaration of nonmilitary status** *(required for a judgment).* No defendant named in item 1c of the application is in the military service so as to be entitled to the benefits of the Servicemembers Civil Relief Act (50 U.S.C. App. § 501 et seq.).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Date:

_____          ▶  _____
(TYPE OR PRINT NAME)                                 (SIGNATURE OF DECLARANT)

CIV-100 [Rev. January 1, 2007]

**REQUEST FOR ENTRY OF DEFAULT**
(Application to Enter Default)

Page 2 of 2

Martin Dean's
ESSENTIAL FORMS™

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT TWO

SAN MATEO SUPERIOR COURT
1/21/15                     Register of Actions                    Page:    1

------------------------------------------------------------------------

Case Number :   CIV505386
Case Name ..: ALAN IRVING MOSS VS EXECUTIVE TRUSTEE SER., LLC
Case Type ..: Unlimited Civil        Case Status : Dispo'ed
Category ...: CIVIL COMPLAINT
Jurisdiction: South Court
========================================================================

Complaint Type : COMPLAINT                      Filed :   5/05/11
Disposition ...: DISPO'D
Date .........:   5/23/12

PLAINTIFF(s) :                      DEFENDANT(s) :

ALAN IRVING MOSS          DISPO'  EXECUTIVE TRUSTEE            Default
                                  SERVICES, LLC
                                  FKA: EXECUTIVE TRUSTEE SERVICES,
                                  INC

ATTORNEY:
Pro/Per

                                  and DOES   1 through  50 Dismissed

-----------------------------------------------------------------------

   Action
    Date    Description                                    Disposition
            ------------------------
  5/05/11   (S) Complaint filed                                -
            Receipt: 110506-0149        $395.00
            ------------------------
            Civil Case Coversheet Received                     -
            ------------------------
            30 day summons, issued and filed.                  -
            ------------------------
  6/02/11   Proof of Personal Service of Summons and           -
            COMPLAINT of MOSS served on EXECUTIVE TRUSTEE
            SERVICES, LLC; FKA:EXECUTIVE TRUSTEE SERVICES,
            INC by serving BRADLEY ELLISON, AGENT FOR SERVICE
            with service date of 05/09/11
            ------------------------
  6/17/11   Request for Default filed and Default entered on    -
            COMPLAINT of MOSS as to EXECUTIVE TRUSTEE
            SERVICES, LLC; FKA:EXECUTIVE TRUSTEE SERVICES,
            INC.
            ------------------------
            Default Entered as to EXECUTIVE TRUSTEE SERVICES,   -
            LLC; FKA:EXECUTIVE TRUSTEE SERVICES, INC
            ------------------------
  8/22/11   Statement of OF DAMAGES filed by ALAN IRVING MOSS   -
            ------------------------
            Proof of Service (personal) of STATEMENT OF         -
            DAMAGES * served on EXECUTIVE TRUSTEE SERVICES,
            LLC; FKA:EXECUTIVE TRUSTEE SERVICES, INC with
            service date of 08/09/11 filed.

SAN MATEO SUPERIOR COURT
1/21/15                    Register of Actions                  Page:    2

---

Case Number :    CIV505386
Case Name ..: ALAN IRVING MOSS VS EXECUTIVE TRUSTEE SER., LLC
Case Type ..: Unlimited Civil      Case Status : Dispo'ed
Category ...: CIVIL COMPLAINT
Jurisdiction: South Court

=================================================================================

8/26/11   CASE MANAGEMENT CONFERENCE                        CONTINUE
          Dept.: 7    Time :  9:00
          Hearing continued to 12/02/11 at  9:00 in
          Department 7.
          -------------------------
11/28/11  Case Management Statement filed by ALAN IRVING       -
          MOSS.
          -------------------------
12/01/11  HCMC1I calendared on 12/02/11 in dept. 7.            -
          Has been updated to 12/02/11 in dept. 21.
          -------------------------
12/02/11  CASE MANAGEMENT CONFERENCE                        CONTINUE
          Dept.: 21    Time :  9:00
          Honorable  Robert D. Foiles, Judge Presiding.
          Clerk: Cheryl Lyssand, Court Reporter: Cindy Del
          Rosario
          ALAN IRVING MOSS appeared in pro per by CourtCall.
          The Court is informed a prove-up hearing will be
          set.
          Hearing continued to 03/07/12 at  9:00 in
          Department 7.
          PLAINTIFF to give notice.
          PLAINTIFF shall submit an updated Case Management
          statement.
          If a judgment is filed then no appearance is
          required.
          Entered by C Lyssand on 12/02/11.
          - 11 -
          -------------------------
3/01/12   REQUEST TO SET HEARING ON UNCONTESTED CALENDAR       -
          (DEFAULT PROVE-UP), filed.
          -------------------------
3/06/12   First paper fee paid by EXECUTIVE TRUSTEE            -
          SERVICES, LLC; FKA:EXECUTIVE TRUSTEE SERVICES,
          INC.
          Receipt: 120306-0801       $395.00
          -------------------------
          Notice of Motion AND MOTION TO SET ASIDE ENTRY OF   -
          DEFAULT BASED ON EXCUSABLE MISTAKE filed by
          EXECUTIVE TRUSTEE SERVICES, LLC; FKA:EXECUTIVE
          TRUSTEE SERVICES, INC
          -------------------------
          Declaration OF ILENA KOUVABINA INSUPPORT OF         -
          MOTION TO SET ASIDE ENTRY OF DEFAULT
          -------------------------
          Declaration OF CAROL BONELLO IN SUPPORT OF          -
          EXECUTIVE TRUSTEE SERVICES, LLC'S MOTION TO SET

--------------------------------------------------------------------------------

```
Case Number :    CIV505386
Case Name ..: ALAN IRVING MOSS VS EXECUTIVE TRUSTEE SER., LLC
Case Type ..: Unlimited Civil       Case Status : Dispo'ed
Category ...: CIVIL COMPLAINT
Jurisdiction: South Court
```
================================================================================

|              | ASIDE                                                    |          |
|--------------|----------------------------------------------------------|----------|
|              | ------------------------                                 |          |
|              | Proof of service of DEFENDANT'S NOTICE OF MOTION,        | -        |
|              | ETC. served on MR. ALAN IRVING MOSS by USPS with         |          |
|              | a service date of 03/06/12.                              |          |
|              | ------------------------                                 |          |
| 3/07/12      | CASE MANAGEMENT CONFERENCE                                | CONTINUE |
|              | Dept.: 7        Time :   9:00                            |          |
|              | Hearing continued to 06/08/12 at   9:00 in               |          |
|              | Department 7.                                            |          |
|              | ------------------------                                 |          |
| 3/09/12      | HEARING DEFAULT PROVE-UP.                                 | COMPLETE |
|              | Dept.: PJ       Time :   9:00                            |          |
|              | Honorable  Beth Labson Freeman, Judge Presiding.         |          |
|              | Clerk: Sean Kane, Court Reporter: Chris Perez            |          |
|              | Attorney(s): ELENA KOUVABINA appearing for              |          |
|              | Defendant Executive Trustee Services, LLC.               |          |
|              | ALAN IRVING MOSS not present.                            |          |
|              | Court informs defense counsel it received a              |          |
|              | telephone call from Mr. Moss informing the court         |          |
|              | that he did not intend to proceed with a prove-up        |          |
|              | hearing today, as Defendant has filed a motion to        |          |
|              | set aside entry of default.                              |          |
|              | Matter dropped from calendar.                            |          |
|              | If Defendant's motion is denied, Plaintiff must          |          |
|              | re-calendar his default prove-up hearing                 |          |
|              | himself.                                                 |          |
|              | Entered by S KANE on 03/09/12.                           |          |
|              | ===================================                      |          |
|              | ------------------------                                 |          |
| 4/04/12      | Notice OF WITHDRAWAL OF MOTION TO SET ASIDE ENTRY        | -        |
|              | OF DEFAULT filed by EXECUTIVE TRUSTEE SERVICES,          |          |
|              | LLC; FKA:EXECUTIVE TRUSTEE SERVICES, INC.                |          |
|              | ------------------------                                 |          |
|              | Motion fee paid by EXECUTIVE TRUSTEE SERVICES,           | -        |
|              | LLC; FKA:EXECUTIVE TRUSTEE SERVICES, INC.                |          |
|              | Receipt: 120404-0443        $40.00                       |          |
|              | ------------------------                                 |          |
|              | Notice of Motion AND MOTION TO SET ASIDE ENTRY OF        | -        |
|              | DEFAULT BASED ON EXTRINSIC FRAUD OR MISTAKE filed        |          |
|              | by EXECUTIVE TRUSTEE SERVICES, LLC; FKA:EXECUTIVE        |          |
|              | TRUSTEE SERVICES, INC                                    |          |
|              | ------------------------                                 |          |
|              | Declaration OF CAROL BONELLO IN SUPPORT OF               | -        |
|              | EXECUTIVE TRUSTEE SERVICES MOTION TO SET ASIDE           |          |
|              | DEFAULT                                                  |          |
|              | ------------------------                                 |          |
|              | Declaration OF ELENA KOUVABINA IN SUPPORT OF             | -        |

1/21/15                    SAN MATEO SUPERIOR COURT                    Page:  4
                             Register of Actions

Case Number : CIV505386
Case Name ...: ALAN IRVING MOSS VS EXECUTIVE TRUSTEE SER., LLC
Case Type ..: Unlimited Civil          Case Status : Dispo'ed
Category ...: CIVIL COMPLAINT
Jurisdiction: South Court
================================================================================
          MOTION TO SET ASIDE ENTRY OF DEFAULT
                        -------------------------
4/18/12   HEARING: MOTION RE: TO SET ASIDE ENTRY OF DEFAULT  OFF-CAL
          FILED BY EXECUTIVE TRUSTEE SERVICES, LLC;
          FKA:EXECUTIVE TRUSTEE SERVICES, INC
          Dept.: LM    Time : 9:00
          Hearing off calendar. Reason: PER MOVING PARTY'S
          NOTICE OF WITHDRAWAL OF MOTION, FILED 4/4/12.
                        -------------------------
5/17/12   ALAN IRVING MOSS's Response TO DEFENDANT'S MOTION  -
          TO SET ASIDE DEFAULT filed.
                        -------------------------
          Declaration OF ALAN MOSS IN SUPPORT OF  -
          PLAINTIFF'S RESPONSE TO MOTION TO SET ASIDE
          DEFAULT
                        -------------------------
5/23/12   Case Dispo'd - Bankruptcy/Federal Court  -
          Notification Received
                        -------------------------
          Notice of STAY OF PROCEEDINGS filed by EXECUTIVE  -
          TRUSTEE SERVICES, LLC; FKA:EXECUTIVE TRUSTEE
          SERVICES, INC.
                        -------------------------
5/31/12   HEARING: MOTION RE: TO SET ASIDE ENTRY OF DEFAULT  COMPLETE
          FILED BY EXECUTIVE TRUSTEE SERVICES, LLC;
          FKA:EXECUTIVE TRUSTEE SERVICES, INC
          Dept.: LM    Time : 9:00
          Honorable Joseph C. Scott, Judge presiding.
          Clerk: Linda Makela, Court Reporter.
          No appearance is made by any parties herein or
          their counsel of record.
          ACTION AUTOMATICALLY STAYED, BANKRUPTCY PETITION
          FILED BY MOVING PARTY ON 05/14/12.
          ========================================
          Entered by LMAKELA on 05/31/12.
                        -------------------------
6/08/12   CASE MANAGEMENT CONFERENCE  VACATED
          Dept.: 7    Time : 9:00

                    **** END OF CASE PRINT ****

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

# EXHIBIT THREE

SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN MATEO

CASE NO: *CIV 505386*

# FILED
**SAN MATEO COUNTY**

MAR 0 1 2012

Clerk of the Superior Court

By _____
DEPUTY CLERK

IN THE MATTER OF:

*Moss*

vs.

*Executive Trustee Services*

*March 9, 2012
9:00 AM    Dept PJ*

To the Clerk:

You are requested to set the above matter for hearing on the Uncontested Calendar

for *Prove Up Hearing.*    Hearing Time Estimate: *10 Min.*

In accordance with Rule 6.1 of the Rules of the Superior Court of the County of San
Mateo, I certify that all requisite pleadings and documents have been filed.

Attorney *Alan Moss Pro Per*

Address *P.O. Box 721*

*Moss Beach CA 94038*

Phone *(415) 494-8314*

**NOTICE:** The Court requires advance notice on all hearings where the anticipated time
to hear the matter is no longer than **TEN (10)** minutes. If a default or uncontested hearing
time is anticipated that exceeds ten (10) minutes, your request will be forwarded to the
Superior Court Master Calendar Coordinator to arrange an appropriate date on the Master
Calendar. Requests in writing are required to be submitted not less than five (5) Court
Days prior to hearing. Additional notice is required for matters anticipated to exceed ten
minutes.

PR/CV/FL-7 [Rev. 3/04]    www.sanmateocourt.org

1

## PROOF OF SERVICE

2  **COURT:**    U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

3

**CASE NAME:** *RESCAP*

4

ACTION NO.:    BANKRUPTCY NO. 12-12020-MG

5

6    I am employed in the County of San Francisco, California. I am over the age of 18 and not a party to the within action. On this date, I served the foregoing document(s) described as:

7

8    1. **RESPONSE IN OPPOSITION TO RESCAP BORROWER CLAIMS TRUST'S *SEVENTY-FIFTH* OMNIBUS OBJECTION TO CLAIMS**
    2. **DECLARATION OF ALAN MOSS IN SUPPORT OF HIS RESPONSE IN OPPOSITION TO RESCAP BORROWER CLAIMS TRUST'S *SEVENTY-FIFTH* OMNIBUS OBJECTIONS TO CLAIMS**

9

10

11    on the party(ies) set out in said document by causing a true copy thereof to be:

12    [ ]    Telecopied via facsimile to the addressee's facsimile number listed below per CRC 2008(b).

13    [ ]    Telecopied via facsimile to the addressee's telephone number listed below, and thereafter mailed according to the procedures set forth immediately hereinbelow.

14

15    [ X ]    By U.S. priority OVERNIGHTmail, by placing said document(s) in a sealed envelope with first class postage thereon fully prepaid, and then deposited in a U.S. Post Office.

16    [ ]    By U.S. mail, Return Receipt Requested, by placing said document(s) in a sealed envelope with appropriate postage thereon fully prepaid and then placed in the designated office area for outgoing mail.

17

18    [ ]    Delivered by hand to the person set forth below, or by handing said document in a sealed envelope to a messenger service for delivery as addressed.

19    [ ]    Sent via Priority overnight mailing, by handing said document in a sealed envelope to an agent for the USPS for overnight delivery.

20    and if mailed, addressed as follows and sent to the following address(es):

21    Hon. Martin Glenn(Chambers Copy)
Judge of the U.S. Bankruptcy Court in and for the

22    Southern District of New York
Alexander Hamilton Custom House

23    One Bowling Green
New York New York 10004-1408

24

25

26

OPPOSITION OF ALAN MOSS [CLAIM NO. 4445]
TO DEBTOR'S SEVENTY-FIFTH OMNIBUS OBJEC-
TION TO CLAIMS                                              BANKRUPTCY ACTION NO. 12-12020-MG

1    Clerk's Office(Filing Copy)
     U.S. Bankruptcy Court in and for the
2        Southern District of New York
     Alexander Hamilton Custom House
3    One Bowling Green
     New York New York 10004-1408

4

5    Morrison and Foerster LLP
     ATTN: Norman S. Rosenbaum
6    250 West 55th Street
     New York New York 10019

7

8    ResCap Borrowers Trust
     Polsinelli PC
     ATTN: Daniel J. Flanigan
9    900 Third Avenue, 21st Floor
     New York New York 10022

10

11   Office of the U.S. Trustee for the
         Southern District of New York
     ATTN: Linda A. Rifkin & Brian S. Masumoto
12   U.S. Federal Office Building
     201 Varick Street, Suite 1006
13   New York New York 10014

14           I declare under penalty of perjury under the laws of the State of California that
     the foregoing is true and correct.
15
             Executed this  22nd  day of January, 2015, at San Francisco, California.
16

17   _____

18

19

20

21

22

23

24

25

26
     OPPOSITION OF ALAN MOSS [CLAIM NO. 4445]
     TO DEBTOR'S SEVENTY-FIFTH OMNIBUS OBJEC-
     TION TO CLAIMS                                        BANKRUPTCY ACTION NO. 12-12020-MG