December 29, 2014

Michael C. Manniello
Peter Roach & Associates, P.C.
125 Michael Drive, Suite 105
Syosset, NY 11791

The Chamber of the Honorable Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

*[Handwritten note:]* 1/23/15 Case Administrator Motion for Relief from Automatic Stay 7806 M. Strickland

To Whom It Legally Concern:

First I am just a plain American trying to make ends meet from day to day struggling to hold on and I am sick of all of this first class drama! It is horrible almost unbelievable the tricks and games! When will this come to a positive conclusion! I provided documents and exhibits. How many times do I have to prove myself and fight against the powerful giants of big corporate American legal systems moving from one attorney or esquire to another to keep the wheels of injustice grinding, on the backs of those whose freedom is sacrificed at the expense of the poor, who pave the way with our hard working class efforts that the affluent use to manipulate their techniques to twist truth and reality in the favor of the unjust, and not able to afford to pay for counsel to stand up to corporate sharks taking chunk after chunk from our backsides with each legal ruling. Continuance after continuance. In what realm will justice finally be on the side of the ant moving around diligently on this earth with purpose even if on a small scale still valuable and necessary! Now here goes.

Once again, I am being victimized by legal tricks and manipulations in a effort to prevent my actual timely filed case, claim # 2371, Case Number 12-12020 from being paid! I provided all substantial personal documents along with exhibits on time which clearly proves my original claim!

I feel that not only have I been victimized again but also the person whose documents were forwarded to me, which brings up another issue of whether my actual claim along with claim number have been forwarded to someone else?

This whole situation is very tiring, a waste of time and personally sickening that highly educated people with money, influence and power continue to rein their financial terror on us poor people! I shouldn't have to keep proving my claim when I submitted everything on time with supporting documents.

*[Stamp:]* RECEIVED JAN 26 2015 U.S. BANKRUPTCY COURT, SDNY

In an attempt to keep things above board, I as everyone can see are sending a copy of this letter to The Honorable Martin Glenn to review and have his clerks place in my file, along with the supporting documents that I submitted years ago on time!

I may not be a fancy slick talking, highly educated well paid worker, but I try hard even with all my issues, I will keep fighting for my rights! I feel I am decent and love God and know that he will bring me justice with this situation! I am led by the spirit in spite of my hardships I will prevail! God is with me and I will stand up for my rights as an US citizen. I wish I could just get my money so that I can be in a better place, but if the games keep going I will keep fighting! I am sick and tired of the game playing and the legal tricks, it just isn't fair and no one would want to be treated this way regardless their status. Will you all just stop this madness please, just stop and do the right thing and quit dragging this whole thing out and into the dirt it is very old! Very old and tiring. Why why why?

*Michelle R. Strickland*

Michelle R. Strickland
8301 E 93rd St
Kansas City, Missouri 64138
Case No 12-12020
Claim Number 2371

Total pages w/letter 17 mt

1-3-15
Michelle Strickland

Exhibits 1-8
dated 1/3/14
Michelle Strickland

1 of 2 pages
— Proof of Claim
— Copy of Proof of Claim
Exhibits 1A-2A
2B-2C

ResCap Claims Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

1-888-926-3479

Michelle Renee Strickland
8301 E. 93rd St.
Kansas City, MO 64138

**PROOF OF CLAIM CONFIRMATION**
Your proof of claim filed against **Residential Capital, LLC,** case no **12-12020** was received on **11/5/2012** and assigned claim number **2371**

For more information, please visit www.kccllc.net/rescap or call 1-888-251-2914

FIRST CLASS
US POSTAGE PAID
EL SEGUNDO CA
PERMIT NO. 45049

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number:
RESIDENTIAL CAPITAL, LLC, et al, Debtor 12-12020 (MG)

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Michelle Renee Strickland

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:
8301 E. 93rd St.
Kansas City, Missouri 64138

Court Claim Number: _____
(If known)

Filed on: _____

Telephone number: 816-767-7208    email: Renee7659@yahoo.com

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

Telephone number:    email:

1. Amount of Claim as of Date Case Filed: $ 29,956.37

If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☒ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: GMAC Mortgage billing/accounting errors.
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: 1234 | 3a. Debtor may have scheduled account as: Alison Tearnen (See instruction #3a) | 3b. Uniform Claim Identifier (optional): (See instruction #3b) |
|---|---|---|

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☒ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:
Value of Property: $ 77,876.00  Annual Interest Rate 4.125 %  ☐ Fixed  ☐ Variable
(when case was filed)
Amount of arrearage and other charges, as of the time case was filed, included in secured claim,
if any: $ 29,956.37    Basis for perfection: GMAC Billing Errors

Amount of Secured Claim: $ 29,956.37    Amount Unsecured: $ NA

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☒ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

Amount entitled to priority:

$ 29,956.37

* *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.    $ NA    (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

9. Signature: (See instruction #9) Check the appropriate box.
☒ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or  ☐ I am a guarantor, surety,
(Attach copy of power of attorney, if any.)  their authorized agent.  indorser, or other codebtor.
(See Bankruptcy Rule 3004.)  (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: Michelle R. Strickland
Title: Creditor/Home Owner
Company: NA
Address and telephone number (if different from notice address above):

(Signature) Michelle R. Strickland    10/29/12
(Date)

Telephone number:    Email:

COURT USE ONLY

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

1/3/15

**THIS IS A NOTICE REGARDING YOUR CLAIM. YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED BORROWER CLAIMS)**

**Michelle Renee Strickland**

| Proposed Claim(s) to be Reclassified | | | | Proposed Reclassification | | Reason for Disallowance |
|---|---|---|---|---|---|---|
| Claim No(s).; Date Filed | Debtor | Classification | Amount | Classification | Amount | |
| 2371<br>11/05/12 | Residential Capital, LLC | Administrative Priority | N/A | Administrative Priority | N/A | Improperly Asserts a Security Interest against the Debtors and/or a Priority Claim |
| | | Administrative Secured | N/A | Administrative Secured | N/A | |
| | | Secured | $29,956.37 | Secured | N/A | |
| | | Priority | N/A | Priority | N/A | |
| | | General Unsecured | N/A | General Unsecured | $29,956.37 | |

PLEASE TAKE NOTICE that, on July 3, 2013, Residential Capital, LLC and certain of its affiliates (collectively, the "**Debtors**") filed their Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims) (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").[1] The category of claim objection applicable to you is identified in the table above in the column entitled "**Reason for Disallowance**".

The Objection requests that the Bankruptcy Court reclassify one or more of your claims listed above under PROPOSED CLAIM(S) TO BE RECLASSIFIED on the ground that the claim(s) improperly assert(s) a security interest against the Debtors and/or priority claim(s).

---

[1] A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.kccllc.net/rescap.

*Michelle Strickland Claim # 2371*
*Case No # 12-12020 (MG)*     *LA*
                              *1/3/15*

**Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

If you do NOT oppose the reclassification of your claim(s) listed above under PROPOSED CLAIM(S) TO BE RECLASSIFIED, then you do NOT need to file a written response to the Objection and you do NOT need to appear at the hearing.

If you DO oppose the reclassification of your claim(s) listed above under PROPOSED CLAIM(S) TO BE RECLASSIFIED, then you MUST file with the Bankruptcy Court and serve on the parties listed below a written response to the Objection that is received on or before 4:00 p.m. Prevailing Eastern Time on August 5, 2013 (the "**Response Deadline**").

Your response, if any, must contain at a minimum the following: (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Objection to which the response is directed; (ii) the name of the claimant and description of the basis for the amount of the claim; (iii) a concise statement setting forth the reasons why the claim should not be disallowed, and/or expunged for the reasons set forth in the Objection, including, but not limited to, the specific factual and legal bases upon which you will rely in opposing the Objection; (iv) all documentation or other evidence of the claim, to the extent not included with the proof of claim previously filed with the Bankruptcy Court, upon which you will rely in opposing the Objection; (v) the address(es) to which the Debtors must return any reply to your response, if different from that presented in the proof of claim; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the claim on your behalf.

The Bankruptcy Court will consider a response only if the response is timely filed, served, and received. A response will be deemed timely filed, served, and received only if the original response is actually received on or before the Response Deadline by (i) the chambers of the Honorable Martin Glenn, One Bowling Green, New York, New York 10004, Courtroom 501; (ii) Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn: Gary S. Lee, Esq., Norman S. Rosenbaum, Esq. and Jordan A. Wishnew, Esq., attorneys for the Debtors; and (iii) Kramer Levin Naftalis & Frankel LLP, 1117 Avenue of the Americas, New York, NY 10036, Attn: Kenneth H. Eckstein, Esq. and Douglas H. Mannal, Esq., attorneys for the Official Committee of Unsecured Creditors appointed in these cases.

A hearing will be held on August 21, 2013 to consider the Objection. The hearing will be held at 10:00 a.m. Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 501. If you file a written response to the Objection, you should plan to appear at the hearing. The Debtors, however, reserve the right to continue the hearing on the Objection with respect to your claim(s). If the Debtors do continue the hearing with respect to your claim(s), then the hearing will be held at a later date. If the Debtors do not continue the hearing with respect to your claim(s), then a hearing on the Objection will be conducted on the above date.

Whether or not the Bankruptcy Court reclassifies your claim(s) listed above under PROPOSED CLAIM(S) TO BE RECLASSIFIED, the Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed, including any SURVIVING

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In re:                                    )    Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, et al.,         )    Chapter 11
                                          )
                        Debtors.          )    Jointly Administered
                                          )

---

### AMENDED SUPPLEMENTAL ORDER GRANTING DEBTORS' SEVENTEENTH OMNIBUS OBJECTION TO CLAIMS (MISCLASSIFIED BORROWER CLAIMS)

Upon the seventeenth omnibus claims objection, dated July 3, 2013 (the "Seventeenth Omnibus Claims Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), reclassifying the Misclassified Borrower Claims to reflect their proper classification as general unsecured claims, all as more fully described in the Seventeenth Omnibus Claims Objection; and it appearing that this Court has jurisdiction to consider the Seventeenth Omnibus Claims Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Seventeenth Omnibus Claims Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Seventeenth Omnibus Claims Objection having been provided, and it appearing that

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Debtors' Seventeenth Omnibus Claims Objection.

no other or further notice need be provided; and upon consideration of the Seventeenth Omnibus Claims Objection and the Declaration of Deanna Horst in Support of Debtors' Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims), annexed thereto as Exhibit 1; and upon consideration of the objections and responses filed by (i) Anthony Davide [Docket No. 4651], relating to Claim No. 482, (ii) Michelle R. Strickland [Docket No. 4338], relating to Claim No. 2371, and (iii) Mr. and Mrs. James D. Derouin [Docket No. 4752], relating to Claim No. 4750 and as subsequently withdrawn [Docket No. 4964], all in connection with the Seventeenth Omnibus Claims Objection (collectively, the "Responses"); and upon consideration of the *Debtors' Omnibus Reply in Support of Debtors' Seventeenth Omnibus Objection to Claims (Misclassified Borrower Claims)* [Docket No. 4843] (the "Reply"); and the Court having found and determined that the relief sought in the Seventeenth Omnibus Claims Objection is in the best interests of the Debtors, their estates, creditors, and all parties in interest and that the legal and factual bases set forth in the Seventeenth Omnibus Claims Objection establish just cause for the relief granted herein; and the Court having determined that the Seventeenth Omnibus Claims Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Seventeenth Omnibus Claims Objection is granted to the extent provided herein and the Responses are overruled; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, Claim Nos. 2371, 482, and 4750 (each a "Misclassified Borrower Claim") are hereby reclassified as general unsecured non-priority claims; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is authorized and directed to reclassify the Misclassified Borrower Claims pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Seventeenth Omnibus Claims Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any Misclassified Borrower Claims that are reclassified pursuant to this Order, all rights to object on any basis are expressly reserved with respect to such reclassified claims; and it is further

ORDERED that this Order shall be a final order with respect to each of the Misclassified Borrower Claims as if each such Misclassified Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: September 13, 2013
      New York, New York

                                                  /s/Martin Glenn
                                                  MARTIN GLENN
                                                  United States Bankruptcy Judge

# Peter T. Roach & Associates, P.C.
Attorneys at Law
125 Michael Drive, Suite 105
Syosset, NY 11791

Telephone (516) 938-3100
Facsimile (516) 931-4403
www.roachlawfirm.com

*Handwritten annotations:*
*Exhibits 1-8 should be together dated ~~1/3/~~ 1/3/15*
*Exhibit 1 of 8*
*1/3/15*
*Michelle Strickland*
*Claim # 2371*
*Case No. # 12-12020*

November 21, 2014

United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004-1408

RE: Residential Capital, LLC
A/K/A RESIDENTIAL CAPITAL CORPORATION
Case No. 12-12020   Chapter 11
Return Date: 01/06/2015 at 10:00am

Dear Sir/Madam:

This firm represents Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP ("Bank of America") secured creditor which holds a mortgage interest senior to that of the above referenced debtor on the real property which is the subject of the attached motion for relief. Enclosed please find Bank of America's Notice of Motion for Relief from Stay along with a cover sheet, supporting papers, Memorandum of Law and affidavit of service.

The motion is scheduled to be heard before Judge Glenn on January 6, 2015, at 10:00am. A courtesy copy of said motion with a copy of the proposed order, have been enclosed for chambers.

Thank you for your courtesy and cooperation herein.

Very truly yours,

/S/ Michael C. Manniello
Michael C. Manniello

Encl.

*Exhibit 2 of 8*
*1/3/15*
*Michelle Strickland*
*Claim # 2371 Case No. 12-12020*

FIRM CODE 11-3410831
MOTION DATE: 01/06/2015
Time: 10:00 am

## NOTICE OF MOTION COVER SHEET

| PLAINTIFFS/MOVANT | DEFENDANTS/RESPONDENT |
|---|---|
| Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP | Residential Capital, LLC A/K/A Residential Capital Corporation |
| **ATTORNEYS**<br>Peter T. Roach & Associates, P.C.<br>125 Michael Drive - Suite 105<br>Syosset, New York 11791<br>(516) 938-3100 | **ATTORNEYS (if known)** |

### NATURE OF SUIT

__X__  To Grant Relief from the Automatic Stay
         11 U.S.C. Section 362(d) ($176.00 fee required)

_____  To Reopen Case (current filing fee, $30 Administrative fee not required)

_____  To Dismiss (fee not required)

_____  Other (Fee not required)

### BANKRUPTCY CASE IN WHICH THIS MOTION ARISES

**NAME OF DEBTOR**: Residential Capital, LLC
**BANKRUPTCY CASE NO.**: 12-12020
**DISTRICT IN WHICH CASE IS PENDING**: SOUTHERN DISTRICT OF NEW YORK
**NAME OF JUDGE**: MARTIN GLENN
**ADVERSARY PROCEEDING IN WHICH THIS MOTION ARISES (IF ANY)**
Adversary Proceeding No.   N/A

**Filing Fee** (Check off one only)   __XX__ Fee Attached   _____ No Fee Required

**DATE** November 21, 2014

**PRINT NAME OF ATTORNEY**: MICHAEL C. MANNIELLO (Firm Code 11-3410831)

**SIGNATURE OF ATTORNEY (OR PLAINTIFF/MOVANT)**
/s/ Michael C. Manniello

THIS COVER SHEET MUST BE COMPLETED AND SUBMITTED TO THE CLERK OF THE COURT UPON FILING OF ANY MOTION

Exhibit 3 of 8
1/3/15
Michelle Strickland
Claim No.# 2371 Case No.# 12-12020

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
In re:

RESIDENTIAL CAPITAL, LLC
A/K/A RESIDENTIAL CAPITAL
CORPORATION,

        Debtor.
--------------------------------X

**NOTICE OF MOTION**
**TO VACATE AUTOMATIC STAY**

CHAPTER 11
CASE NO. 12-12020

S I R S :

    **PLEASE TAKE NOTICE** that upon the annexed Affirmation of Michael C. Manniello a motion pursuant to 11 U.S.C. Sections 362(d)(1) and (2), will be made as set forth below:

| | |
|---|---|
| JUDGE: | HON. Martin Glenn |
| RETURN DATE AND TIME: | January 6, 2015 at 10:00AM |
| COURTHOUSE: | United States Bankruptcy Court<br>Southern District of New York<br>One Bowling Green<br>New York, NY 10004-1408 |
| RELIEF REQUESTED: | 1. An order granting applicant Bank of America relief from stay by virtue of 11 U.S.C. Section 362(d)(1) and (2) for cause, on the grounds of lack of adequate protection with regard to the premises located at 8809 Greylag Loop, Blacklick, OH 43004; |
| | 2. leave to proceed with a foreclosure action in the appropriate state court or any other court having jurisdiction over the subject premises; |

(CONTINUED ON NEXT PAGE)

Exhibit 4 of 8
Michelle Strickland
Claim # 2371 Case No# 12-12020

3. for such other, further and different relief as may be just, proper and equitable.

Dated: Syosset, New York
       November 21, 2014

                Respectfully,

                PETER T. ROACH AND ASSOCIATES, P.C.

*/s/ Michael C. Manniello*
BY: MICHAEL C. MANNIELLO
FIRM CODE (11-3410831)
Attorneys for Secured Creditor
Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP
125 Michael Drive - Suite 105
Syosset, NY 11791
(516) 938-3100 Ext. 336

TO: **SEE AFFIDAVIT OF MAILING**

*[Handwritten annotations: "EXHIBIT", "Michelle Strickland Claim # 2371 Case No. #12-12020", "Really ←"]*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------X
In re:

RESIDENTIAL CAPITAL, LLC,
A/K/A RESIDENTIAL CAPITAL
CORPORATION

          Debtor
---------------------------------X

Firm Code: 11-3410831
Motion Date: 01/06/2015 @ 10:00am

**AFFIRMATION IN SUPPORT**

Chapter 11
Case No.: 12-12020

Michael C. Manniello, an attorney duly admitted to practice before this Court, affirms under penalty of perjury as follows:

1. I am associated with the law firm of PETER T. ROACH AND ASSOCIATES, P.C. the attorneys of record for Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP (hereinafter "Applicant"). I have reviewed the file maintained by this office and based on the documents, pleadings, notes and other memoranda contained therein I am familiar with the proceedings heretofore had herein.

2. I make this affirmation in support of Applicant's motion for an Order vacating the automatic stay pursuant to 11 U.S.C. 362(d).

3. The jurisdiction of this Court is invoked pursuant to 11 U.S.C. Section 362 and the Bankruptcy Amendments and Federal Judgeship Act of 1984.

*[Handwritten annotations: Claim # 2371, Case No. 12-12020, Michelle Strickland, "Who is this you sent or assigned wrong docs to me. MRS."]*

## BACKGROUND

4. Applicant holds a certain mortgage dated March 19, 2008, in the original amount of $164,698.00, executed by Shawn Arnold, ("Mortgagor"), to collaterally secure a certain note dated the same date. The mortgage was duly recorded in the Office of the County Recorded, County of Franklin on March 28, 2008. (**See**, **Exhibit** "A" for copy of said Mortgage.) The Mortgage was ultimately assigned to BAC Home Loans Servicing, LP fka Countrywide Home Loans Servicing, LP by assignment of mortgage. (**See**, **Exhibit** "C" for copy of said assignment). Effective July 1, 2011 BAC Home Loans Servicing, LP merged with and into Bank of America, National Association ("Applicant") (**See Exhibit** "E" for copy of succession certificates).

5. The note executed by the Mortgagor herein is a fixed rate note which provides for an initial payment of principal and interest of $1,014.07 on May 1, 2008 and a like sum of $1,014.07 on the 1st day of each month thereafter until April 1, 2038. Said monthly payments are to be applied first to the payment of interest at the rate of 6.25% per annum and the balance of said monthly payments to be applied in reduction of principal. (**See**, **Exhibit** "B" for a copy of said note.)

6. The Mortgage constitutes a lien upon the premises known as 8809 Greylag Loop, Blacklick, OH 43004 ("Premises").

7. Applicant, as the holder of the Mortgage, according to

Exhibit 7 of 8
Michelle Strickland    CW
claim # 2371
case # 12-12020

After Recording Return To:
KEY FINANCIAL CORPORATION OF FLORIDA
3631 131ST AVENUE NORTH
CLEARWATER, FLORIDA 33762
Loan Number: ███████

200803280047076
Pgs: 9   $84.00      T20080021421
03/28/2008 11:10AM BXCONTRACT PR
Robert G. Montgomery
Franklin County Recorder

ARNOLD     S

610   183233183   D2   001   001

[Space Above This Line For Recording Data]

# OPEN-END MORTGAGE

FHA CASE NO.
413-4791216

MIN: ███████

THIS MORTGAGE ("Security Instrument") is given on   MARCH 19, 2008
The mortgagor is   SHAWN ARNOLD, A SINGLE MAN.

("Borrower").
This Security Instrument is given to Mortgage Electronic Registration Systems, Inc. ("MERS") (solely as nominee for Lender, as hereinafter defined, and Lender's successors and assigns), as mortgagee. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.
KEY FINANCIAL CORPORATION OF FLORIDA, A FLORIDA CORPORATION    ("Lender")
is organized and existing under the laws of   FLORIDA
and has an address of   3631 131ST AVENUE NORTH, CLEARWATER, FLORIDA 33762

Borrower owes Lender the principal sum of   ONE HUNDRED SIXTY-FOUR THOUSAND SIX
HUNDRED NINETY-EIGHT AND 00/100    Dollars (U.S. $ 164,698.00    ).
This debt is evidenced by Borrower's note dated the same date as this Security Instrument ("Note"), which provides for monthly payments, with the full debt, if not paid earlier, due and payable on   APRIL 1, 2038   .
This Security Instrument secures to Lender: (a) the repayment of the debt evidenced by the Note, with interest, and all renewals, extensions and modifications of the Note; (b) the payment of all other sums, with interest, advanced under paragraph 7 to protect the security of this Security Instrument; and (c) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in   FRANKLIN    County, Ohio:
BEING LOT NUMBER FIFTY-TWO (52) IN JEFFERSON POND SECTION 1 PART
2, AS THE SAME IS NUMBERED AND DELINEATED UPON THE RECORDED PLAT
THEREOF, OF RECORD IN PLAT BOOK 102, PAGES 86 AND 87, RECORDER'S
OFFICE, FRANKLIN COUNTY, OHIO.
A.P.N.: 171-001083

Borrower Initials: SA

FHA OHIO MORTGAGE - MERS                Page 1 of 9              DocMagic eForms 800-649-1362
6/96                                                              www.docmagic.com

Exhibit 8 of 8
Michelle Strickland
case # 12-12020
claim # 2371

which has the address of         8809 GREYLAG LOOP
                                 [Street]
        BLACKLICK                , Ohio    43004        ("Property Address"):
        [City]                              [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument; but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing or canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest and Late Charge.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and late charges due under the Note.

2. **Monthly Payment of Taxes, Insurance, and Other Charges.** Borrower shall include in each monthly payment, together with the principal and interest as set forth in the Note and any late charges, a sum for (a) taxes and special assessments levied or to be levied against the Property, (b) leasehold payments or ground rents on the Property, and (c) premiums for insurance required under paragraph 4. In any year in which the Lender must pay a mortgage insurance premium to the Secretary of Housing and Urban Development ("Secretary"), or in any year in which such premium would have been required if Lender still held the Security Instrument, each monthly payment shall also include either: (i) a sum for the annual mortgage insurance premium to be paid by Lender to the Secretary, or (ii) a monthly charge instead of a mortgage insurance premium if this Security Instrument is held by the Secretary, in a reasonable amount to be determined by the Secretary. Except for the monthly charge by the Secretary, these items are called "Escrow Items" and the sums paid to Lender are called "Escrow Funds."

Borrower Initials: SA

FHA OHIO MORTGAGE - MERS        Page 2 of 9        DocMagic eForms 800-649-1362
6/96                                                www.docmagic.com



Envelope from Peter T. Roach & Associates, P.C., Attorneys at Law, 125 Michael Drive, Suite 105, Syosset, NY 11791, addressed to Michelle Renee Strickland, 8301 E. 93rd Street, Kansas City, MO 64138.