HEARING DATE: February 25, 2015 at 10:00AM

Todd Silber

73 Farnham Rd.

South Windsor Ct. 06074

860-922-4156

Pro-Se Claimant

**UNITED STATES BANKRUPTCY COURT**

**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------

|  |  |
|---|---|
|  | ) | CASE NO 12-12020 (MG) |
| IN RE | ) | CHAPTER  11 |
| RESIDENTIAL CAPITAL LLC, et al., | ) | Jointly Administered |
| Debtors. | ) |  |

-----------------------------------------------------

### GENERAL REPLY and OBJECTION TO; Notice of OBJECTION to claim no. 4222 by Todd Silber.

Prepared by Todd Silber, Pro-Se Claimant, all references to "I" are in reference to the claimant/myself. Any reference to the "plaintiff" is in reference to Morrison and Forrester LLP, Res Cap, GMAC LLC and anyone associated with the Objection to my claims.

Reference:  Table of Cases referred throughout this document.

1) Foreclosure Case, Docket for Hartford Superior Court. Cv-10-6009500-S

2) Claimants Federal Suit against GMACLLC; Silber Vs. GMACLLC, United States District Court, District Court of Connecticut no: 12-cv-01087

3) Claims in pending bankruptcy Case here in NY Bankruptcy court. Plaintiffs, Rescap, GMACLLC.

**To The Honorable Martin Glenn, United States Bankruptcy Judge.**

  

Preliminary Statement: The plaintiff's objection is filled with inaccuracies and missing key information they have forgotten to mention or simply willfully left out. It will serve as points made through this document of the character and the nature of the plaintiff. Their general objection is nothing more than manipulation of the circumstances pertaining to my claim. In short, they are grasping for straws and simply throwing anything they can at the wall in hopes that it sticks. They are being deceitful, and once again presenting false representation of fact that is detrimental to me, as now it pertains to my claims. There is a repeated pattern of misconduct from GMACLLC and anyone representing them, not only here and now, but also in all of my dealings with them dating back to 2008. There is a repeated pattern of mistakes, inaccuracies and contradictions that should be brought up if nothing more than to show the character nature of GMAC to further validates my complaint and claims, as well as show alternative motives for their true intent.

In the plaintiff's objection, contains an exhibit/document Kathy Priore and her declaration in support of the objection to my claims, As well as Norman S. Rosenbaum. Both of which have declared under penalty of perjury that the foregoing is true and correct. I would just like to say, if someone is going to validate or support any motion pertaining to the sensitive documents and the sensitive nature of my claims, I would think that person should at least have spoken to me, if even just once. It is my understanding Norman Rosenbaum is counsel for the debtors, however I thought the ResCap Trust was a neutral party. I never spoke to either of these people, over phone nor over email, nor in person to discuss in details my claims. I would think that if their words must hold any validity they must have some sort of documentation to discredit my account of the history my claims are based on. It is my belief both failed to show due process and diligence with the task at hand. Both parties merely have one side of the 'story', that holds misrepresentation and inaccurate facts and truths.

1) The Plaintiff states its objection to Breach of Contract due to lack of evidence demonstrating a Breach of contract. Reply; as stated in my original complaint. During the foreclosure process GMACLLC is limited by FHA/HUD guidelines and procedures. FHA/HUD guidelines states any FHA backed loans must bargain in good faith and simply do everything they can to work to a reasonable solution to a modification work out plan, GMAC agreed to such when they made arrangements to receive financial help from the government. As stated GMAC has failed to do so, they made it utterly impossible for me to obtain a work out plan do to the fact I never received a fair modification review, and any entity that stepped in on my behalf was lied to and/or mislead. **Plaintiffs EXHIBIT C, The bank Note, Section 6 part B.**

2) The plaintiff states its objection to breach of implied covenant of good faith and fair dealings fails because the claimant does not allege any of the elements for such a cause of action under Connecticut State Law. I humbly disagree, and also ask is the preparer of said statement/objection a licensed and practicing attorney in the State of Connecticut.

Here is Connecticut Civil declaration and definition; 4.2-11 Implied Covenant of Good Faith and Fair Dealing.

"Every contract contains an implied covenant of good faith and fair dealing requiring that neither party do anything that will injure the right of the other party to receive the benefits of the contract. The concept is essentially a rule of construction designed to fulfill the reasonable expectations of the contracting parties as they presumably intended. It is not a separate contractual claim and the covenant



cannot be applied to achieve a result contrary to the clearly expressed terms of the contract between the parties. Here, the (defendant / plaintiff) had an obligation to exercise good faith when (performing / enforcing) the following contract term: <describe the contract term in issue>.You must decide whether the (defendant / plaintiff) fulfilled that obligation to exercise good faith. Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose and consistency with the justified expectations of the other party.  Good faith and fair dealing mean an attitude or state of mind denoting honesty of purpose and freedom from intention to defraud.  It means being faithful to one's duty and obligation under the contract.

Good faith is defined as the opposite of bad faith.  If the (defendant / plaintiff) engaged in bad faith you must find that (he/she/it) did not fulfill the covenant.  Bad faith generally implies a design to mislead or to deceive another or a neglect or refusal to fulfill some duty or some contractual obligation not prompted by an honest mistake as to one's rights or duties.  Bad faith is not simply bad judgment or negligence, but rather it implies the conscious doing of a wrong because of dishonest purpose.  Bad faith contemplates a state of mind affirmatively operating with furtive design or ill will."

Reply; during a foreclosure over a contract, during a review for a loss mitigation application which comes with a verbal contract for negotiating (see above CT declaration; Good faith performance or enforcement of a contract emphasizes faithfulness to an agreed common purpose), and during the mediation process there is an outlined standard that all entities must bargain in good faith during foreclosure mediation. There is also FHA/HUD guidelines required, as per stated section 2 of this document. GMACLLC willfully engaged in negotiations to modify my home mortgage prior to foreclosure. They participated in mediation, offering quid-pro-quo agreements only to later back out at follow up mediation sessions. GMAC did not always bring to mediation the required documents set, hence forth hindering me or failing to make me aware of factual circumstances. GMAC repeatedly made false representation of facts as to why my applications were denied. GMAC conducted themselves dishonestly, unfairly, and with malice intent. They did the exact opposite of what Connecticut's definition of what good faith is described as.

3) The Plaintiff states its objection to robo-signing and forgery.  Please consider these 2 claims/complaints withdrawn at this time.

## RESPONSE TO PLAINTIFFS ACCOUNT OF THE "Background".

I agree with section 5-11 of the plaintiff states but would like to add some information to section 9. Anything requested from the claims trust was met and replied to. I also called to confirm that the documents sent were indeed received and sufficient. **Plaintiffs EXHIBIT A and B.** So it is unclear what their point is on section 9.

Please also know, I was forced to come up with a dollar amount. My original complaint against GMAC pending in US District of CT, shows that my full intention was to obtain an apology from GMAC for its past transgressions as well show a Jury/Judge what GMAC did and simply convince them to either give GMAC the opportunity to rewind back to the offenses and simply grant the fair modification review I was entitled to or other compensation they saw fit.  In fact for the main request of relief I simply put my faith in the courts to decide what I would be entitled to, not asking for any specific dollar amount. **(EXHIBIT C LINE 5, presented in this Reply/objection).**

At this time I would like to add **(EXHIBIT C in this Reply/objection)**, is part of my complaint against GMAC. That complaint is provided as **(EXHIBIT S in the plaintiff's objection to my claims)**. However they left out the page of my requested relief and damages in said complaint, **(EXHIBIT C in this Reply)**. I am not sure why they left it out, but I would think if they are going to provide a complaint document as evidence/exhibit they should include the full documents within the complaint. I have no comment as to why they left out what I was seeking in damages.

I was informed and requested by the claims trust to put a dollar amount on my claims. I informed them I might not have further information on some of the claims due to no evidence, testimony, or discovery has been made or applied in my "HELD" federal case. I informed them I would have no idea what to ask for, as I was putting my faith to a Jury to decide. I was told I must give a dollar amount for any claims I submit and provide proof. Any proof not submitted would just clog up the process and delay any formal recognition of valid claims. So I submitted claims and proof for Violation of Truth in Lending, Breech of covenant to bargain in good faith and fair dealings, and Bank Fraud as I know what I suffered and lost due to these offenses. But I also added "pending damages in my federal case" so if we went back to that case I would not be limited on further damages awarded. Again all I sought was the opportunity to make modified payments.

BACKGROUND FACTS, General response.

The background facts set forth in the plaintiff's objection are filled with inaccuracies and contradictions. There is redundancy and information left out. Please allow this to further validate my accusations of GMAC and any entity acting on its behalf. They are attempting to dissect the metaphysical subtleties in the wording of the law to best suit their misrepresentation and/or inaccurate reviews of accounts, and then using said laws to validate their arguments, with an attempt to frustrate and/or overwhelm myself and/or the courts.

Originating and Servicing.

14&15). The plaintiff claims that on November 20th 2008, the Loan was originated by Norcom Mortgage, and they sold/transferred it to GMAC. This is a FALSE statement, the Bank note that is provided as **Exhibit C in the plaintiffs objection**, has been altered (after my signature) and is NOT the original bank note. The Bank note was transferred from Norcom Mortgage to Wells Fargo the day of sighing Nov. 20th 2008, and not GMAC. **Please see My Exhibit A included in this reply. Please See Exhibit B** also, a document not provided by the plaintiff, further showing Norcom Mortgage transfer to Wells Fargo making Norcom Mortgage forfeiting any rights Norcom mortgage has to transfer to GMAC as they already transferred it and ceased association with it. This is another inaccuracy and either an attempt of deception or a significant mistake by GMAC.

The Bank Note in question is being contested. If that bank note was indeed altered it is no longer enforceable, it would also be impossible for GMAC to transfer the bank note to Ocwen as it was never theirs to transfer. I was powerless to stop the transfer of servicing of Loan to Ocwen in this Bankruptcy; however with the evidence brought forth perhaps I am not powerless to reverse it or at least find restitution for such. Please allow me to add, if his Honor determined that what I have stated above is true and accurate, as I firmly believe it is. If he could somehow rewind/redo the transfer from GMAC to Ocwen bank back to the dollar amount that it was in December of 2009, the time when the offenses from GMAC began. Therefore making my mortgage current, I would drop all claims against GMAC, I would drop all complaints of illegal servicing or transfer. And I would willfully and happily just start paying my mortgage again, if an agreement to modify or restructure my mortgage was made between

myself and Ocwen bank. I would gladly recognize Ocwen as my true servicer and holder of my bank note or any new bank note created. There would be no need to read further into this reply or take up any more of the courts time. While it is my understanding, and perhaps it is incorrect, that the Courts cannot force a Bank to modify or enter into a legal contract, I am confident if Ocwen had no legal right to acquire my home as collateral past due in a foreclosure because there was no enforceable bank note, they would be more than willing to work something out. Or perhaps would have not acquired the right to service a mortgage with no valid bank note to enforce upon delinquency, therefore reversing the transfer made earlier in this bankruptcy case.

16) No comment at this time.

17-45) The plaintiff is giving its account of the history during the first missed mortgage payment from myself in Dec 2009, the negotiations for a modification, the various attempts for help, and then the foreclosure proceedings that ended on November 5th 2012.

At this time I would just like to point out, that if the claims committee is supposed to be neutral and make a decision based on facts, one would think they should of at least called or contacted me ONCE to get my account of what happened. The investigator/s failed to do its due diligence while acquiring facts to come to its decision. They merely took the words and accounts from GMAC's points of view and simply threw them in this objection. The accounts they listed are inaccurate, untrue, and shocking that they would present it as an argument. It is my belief they are attempting to overload and dilute the factual circumstances that matter most.

Facts*

GMAC never provided a welcome letter upon alleged acquisition of the servicing of the mortgage as the plaintiff is stating. In January of 2009 GMAC told me they have no record of ever sending one because at that time there is no record of acquiring servicing, they mentioned sometimes transfers of servicing take time, I informed them I was unaware of any transfer. The representative told me they would do some digging and as soon as it was sorted out a welcome letter will be sent. As I had raised concerns over whom I should send payment to as I had been requested payments from 2 banks at the time. In my Complaint and pending case in US Court District of Connecticut, I served GMAC attorneys with discovery asking for proof of such letter, however due to the Bankruptcy I was not entitled to discovery. Hunt & Liebert associates, the counsel for GMAC in the foreclosure action against me, also stated there was no record of a welcome letter during a mediation session in 2010.

I admit in Dec, 2009 I fell behind on my mortgage after a financial hardship suffered earlier that year. And as the plaintiff states there were many occasions prior to and during the foreclosure case in which I attempted to work out a plan with GMAC. However their policies and procedures in place simply made this impossible. Please let the record show also, I actually suffered my financial hardship in July of 2009. I reached out to GMAC then and every month after explaining my situation. They claimed there was no help available when this was untrue, as programs became available in August of 2009 due to the increasing mortgage crisis. I made payments up until November of 2009 on my unemployment income.

Please see the **Plaintiffs various exhibits L & M** of my applications for work out plans with GMAC. While the documents show my various applications for modifications and declarations of hardship, what GMAC is failing to provide in support of their argument is detailed information of why these Applications were denied. Their argument in their objection is I did not qualify due to insufficient income, because my unemployment could not be used due to lack of proof for allowed benefits. I argue my unemployment could be used and I did show reasonable assurance of benefits. When it was



determined my unemployment was sufficient income, they changed their story and told me
Unemployment could not be used according to FHA. The documents pertaining to FHA laws and
guidelines are non-arguable on this matter.

The basis of this portion of my complaint is not that they didn't give me a modification, it is why they
denied me and that I never received a fair review as I was entitled to. My complaint is they had no idea
and took minimal steps into formulating an effective way to process applications. I was not allowed to
speak to my reviewer, in fact my records show conversations taking place with over 30 employees, every
time I called I spoke to someone I had not spoken to prior. This created a very stressful and frustrating
situation, when one person is saying X and another person is saying Y, and then a third person is making
collection calls from a different department every other day. At the beginning I was being informed
through letters or other associates over the phone my unemployment could not be used as verifiable
income until I provide proof of the time of unemployment claims left, yet could not tell me exactly what
I needed. (And this is because there was no specific "Document" required)

I provided proof and then further proof, after contacting FHA and FHA telling me what I needed to ask
for from the state unemployment provider. Those documents were acquired and sent to GMAC loss
mitigation (**PLAINTIFFS EXHIBIT I & H**). This was obtained from Unemployment showing time left
required to meet GMAC's request, with more extensions available if needed. The letter stated that if
they required anything else to please call me as this is a time sensitive matter, and by now the State
unemployment provider was extremely helpful and aware of my circumstances and could provide
further time frame and extensions in writing if required on top of what was already presented. After
about 3 weeks, I was sent a denial letter for the modification for insufficient income. I do not recall any
phone call from GMAC was ever made to verbally inform me as the plaintiff's objection claims.

Shortly after I told GMAC I had more extensions on unemployment but was denied a modification
because they could no longer use unemployment. GMAC stated that due to guideline changes with
FHA, unemployment **could not** be used as verifiable income, a statement that would turn out to be
incorrect. A foreclosure action then began against me and was under way. During the mediation process
GMAC council Hunt and Liebert was the only source to attend. No member from GMAC ever attended
any mediation. Shawn Harrick, Jennifer Jason and Mario Arena were council working for Hunt & Liebert,
all stated on 3 separate mediation sessions to the mediator that Unemployment could not be used as
verifiable income and that was why I was still being denied, however brought no valid explanation in
writing as required by sHB 5270, Connecticut, "An act concerning foreclosure mediation".

It was my intention during my Federal case against GMAC to attempt to call forth those Attorneys to
testify under oath what they were being told by GMAC. It was also my intention to have the Court
Mediator, Richard Tynan, take the stand and explain what was said during mediation. CT mediation is
traditionally confidential and hence I could not obtain the Mediators report during the sessions;
however the Mediator could be brought to the stand to give an account of what was said as a NEUTRAL
party. He is the only source that can verify what was said during mediation. Yet as we know, that
Federal case is still stayed, and determined due to the *stay* I was not entitled to discovery.

GMAC also told Lisa Perrone of Congressman Larson's office, while inquiring on my behalf the very same
thing, Unemployment could not be used as verifiable income. Again it was my intention to have this
testimony brought to my federal case.

So the evidence is non obtainable at this time from those sources; however on or around December 7th
2010, I reached out to the Ct. State Attorney General's office. AG Joseph Chambers received an email,



then forwarded that email to me, from GMAC Executive office, employee Carmen Starr. The email informs Attorney General Chambers "that due to guideline changes, unemployment income could not be utilized when reviewing an account for a loan modification". **EXHIBIT -E in this Reply,** The very same statement that was said to me, Congressman Larsons office, and the Court appointed mediator. This email does not say insufficient, it did not say lack of, it says that FHA will not use it as verifiable income. This quelled the investigation from Mr. Chambers as well as myself. After all if the Attorney General takes their word for it, I should have faith in that.

It was not until February 24th 2011, long after mediation was terminated and the foreclosure case had moved along, did I realize the commit of fraud. That is false representation of fact detrimental to me. It was brought to my attention that unemployment could in fact be used as income and has always been able to be used as income. **EXHIBIT-F in this reply.** An email from FHA to Congressman Larsons office then forwarded to me.

Please consider the following. At this time I would like to point out line 20 of the plaintiff's objection; it claims my unemployment could not be used because I did not provide documentation that my unemployment would continue for 9 months. I would also like to bring to the attention **MY EXHIBIT D in this reply,** as well as the **plaintiffs Exhibit L & M in their objection**. On those exhibits the very application requiring documentation for Unemployment states you must provide proof for 9 months. On section 20 of the plaintiffs objection, they state the very same, unemployment must be proven for 9 months. Well I obtained a letter showing the requirements were met of at least 9 months, and if they required further I could provide it.

Never the less it would have mattered not. **Now please see MY EXHIBIT- F again,** included in this reply. The required amount of time for Unemployment Benefits is 12 months according to FHA, not 9 months...

The very application for a modification is sending people on a wild goose chase, if you will, and is flawed. It is asking for difficult to achieve documents which are only setting applicants up for failure. The documents have obvious time sensitive pertinence. GMAC will fully engage in negotiation for a modification, they participated in the mediation process that requires you to bargain in good faith according to the Superior Court and Connecticut Law. And during such times they repeatedly presented false representation of fact that was detrimental to me obtaining a fair review and/or modification. They never conducted a fair review of any of the modification applications. They continually responded to any inquiry on my behalf that unemployment could not be used, which was incorrect. All the while GMAC's very application itself is setting people up for immediate failure after they have exhausted themselves to meet requirements set forth, that are not even valid for the desired end result. How can anything said by GMAC pertaining to unemployment hold any merit, when they are neither aware nor acting within the guidelines correctly?

This is the very nature of Breach of Covenant to bargain in good faith and fair dealings. To enter into negotiations under false pretenses, to engage in fraud to deter or sway the outcome of the negotiations. For this reason I discredit the plaintiff's objections. And again point out their continued lack of effort and lack of diligence, as well as inaccuracies and mistakes from GMAC and agents acting on their behalf.

Furthermore, my unemployment Benefits ran until July 12th 2011. And do to the time frame required to respond to this objection I am unable to obtain evidence of such to include at this time. But I guarantee evidence backing this declaration will be brought forward prior to or on the Hearing date Feb. 25th, 2015. Let the record further show, the stipulation from FHA concerning unemployment is not indisputable evidence, confirmation, or proof for guaranteed Unemployment benefits as the plaintiff



repeatedly states in its objection. The stipulation is "reasonable assurance" (**EXHIBIT- F in this reply**). The letters from myself, Unemployment, and various other statements involving federal backed unemployment extensions GMAC had at the time, was more than reasonable assurance. There is no evidence GMAC ever sent a request for guidance or second opinion to FHA. GMAC simply decided the reasonable assurance I provided was not enough, and quite frankly a decision they were unqualified to make since evidence shows they lied about Unemployment acceptance as well as did not even understand the guidelines involving unemployment income or simply ignored them.

The plaintiff repeatedly states that I claim I was entitled to a modification, I do not recall saying this one time. What I have stated from the beginning of my complaint is I was entitled to a fair review, and upon a fair review I would have qualified for a modification, and the only thing I ever wanted was the opportunity to pay modified payments. Let it be known, that certain aspects of FHA guidelines are just that, guidelines. The debt to ratio for a modification approval, the amount of money on the home loan to obtain a desired payment, are all guidelines. FHA has procedures and people in place to assist GMAC in the modification review process. FHA and the Federal Government did not intend to give banks like GMAC billions in help money, and then intend for them to conduct unfair reviews, ignoring or misrepresent guidelines to wrongfully foreclose on homes and then receive further funds from FHA insurance policies.

There is no record of GMAC ever requesting a second opinion from FHA, there is no record of GMAC ever filing a variance compliance request from FHA that would allow an FHA modification stipulation to be waived or given a second opinion in order to help in the consideration and granting of a modification. I asked plenty of times and GMAC never took those steps.

It was GMACs intention all along to never modify my loan, and it is due to the simple fact that they can pursue an illegal foreclosure, sell my house for X dollars, and even if X was hundreds of thousands below the balance owed on the loan, they would recoup any loss through FHA insurance, **as long as they conducted proper reviews**. So GMAC conducted unfair reviews, and then attempted to mask those reviews by giving false information to anyone inquiring about said reviews. It was an attempt to bully, and simply trick people out of keeping their homes. And sadly, the tactic worked in their favor for countless accounts and foreclosures. They say X to the homeowner and spin said home owner in circles sending them on hunts for information that will only later be determined to not be valid, in hopes the homes owners would simply give up, allowing GMAC to claim to have done a fair review and collect FHA insurance. The fact they are in the predicament they are in shows this.

They made it utterly impossible, frustrating and stressful for myself. They wrong fully denied applications, wrongfully processed and assessed applications. They should be ashamed for what they did and what they are still doing, hiding from accountability. Not a single GMAC employee who gave me bad information, or conducted an unfair review or presented false information to anyone on my behalf has been to court. The same people that lied to me have the very same phone numbers under employment for Ocwen Bank. Not a single person has showed up to testify against me under oath that allowed me to cross examine, and with my case being stayed it is unlikely anyone ever will. I am attempting to show that the lack of motivation, as well as the lack of backlash or accountability for not doing what is required or correct, has been favorable to GMAC up to now.

Now the plaintiff has added one more defense on the modification process. They claim that even if all requirements are met there is no obligation to grant a modification. I strongly disagree…. As stated FHA guidelines shows they must properly follow procedures during the review process, as well as give fair and accurate reviews. In addition, GMAC had morale and ethical responsibility to do everything it could



to modify a loan. The day they mailed me a loss mitigation application, they entered an agreement to bargain in good faith and with integrity. Upon receiving billions in help money, they had a sense of responsibility and an agreement with HUD as well as other Government agencies. They claim there is no law specifically stating they don't have to actually modify a loan, but I disagree and think a Jury of my peers would also.

  In conclusion I fail to see how their declaration, "there is no law stating they have to modify a loan if it meets requirements", has any merit as a defense. At the time of the offenses made to me, at the time of modification reviews, at the time of court supervised mediation, at the time of inquiries from the DEBT. Of banking, Congressman Larsons office and the State of Connecticut Attorney General's office, GMAC never said I was not getting a modification or help because I qualified but by law they do not have to give me one. They never made the statement at the time, and henceforth never had to answer for such an appalling declaration in the courts or to any agent acting on my behalf. Therefore, for those reasons it should not be a valid, last minute, defense to absolve them of any wrong doing. The recourse for making a statement at any point listed above would have been catastrophic to GMAC, there would have been plenty of State or Government officials including FHA I could/would have petitioned to had that been the reason for a modification denial.

32) The plaintiff alleges an Attorney on May of 2011, contacted them on my behalf asking to reinstate the loan for a lesser amount. I have no idea what they are talking about...., what attorney? No Attorney other than the State Attorney General's office ever contacted GMAC on my behalf, and certainly did not for the loan to be reinstated for a lesser amount. Let the record show GMAC is admitting to giving information to an outside entity not on the docket, or associated with me. They are again making another mistake or providing inaccurate facts for a reason I do not know. In either case, let it show more inaccurate statements that were not verified by the preparer of the objection.

33) Here the plaintiff is speaking of a program for relief to help reinstate a past due amount on the loan. On or about August 3$^{rd}$2011 a new program called EHLP was available here in CT. Prior to applying I contacted GMAC and told them of the program and asked if there were any amount that could be forgiven or waived in order to help obtain the requirements for approval. They said they would waive about $1590. The program was denied after figures provided by GMAC were higher than actual amount past due, over $6000.

The plaintiffs **EXHIBIT P listed page 21 of 21,** is a document sent from GMAC to me after I informed them of the new program in Connecticut. It shows the amount required to reinstate the loan as of 8/9/2011. **The rest of the plaintiffs EXHIBIT P.** Shows that on Sept 1, 2011 the amount they were telling CHFA was $6411.00 more than what they told me on 8/9/2011 and this is after calculating/adding $930.16 for the per diem interest for 22 days. So you are left with $6411.00 unexplained, not to mention any record of the $1590 being waived. At this time there was no appraisal fee done on the house, and no attorney fee's awarded, as well as any itemization that had showed any Attorney Fee's accrued up to that point. While I do understand there are some Attorney fees that should be calculated, I have never seen a case, and I have sat in plenty of foreclosures cases in Hartford superior court, where an attorney asked for $6411.00 in legal fees or even total fee's for a foreclosure. Consider this, not even a year later during the motion for strict foreclosure in the Superior Court, was the Attorney fees and additional fees REQUESTED come close to $6411.00. Furthermore the court did not award the Foreclosure Attorneys, the amount that was asked for due to various inaccuracies and not bringing proper documents to all mediation sessions as per sHB 5270, one of those documents being an itemization of all fees in addition to attorney fees. (See Foreclosure docket, Hartford superior court cv-10-6009500-s)



According to the guidelines for EHLP, it was a $50,000 forgivable loan that would assist in making mortgage payments until the $50,000 was used up. After CHFA verified the application from myself, they would determine that my portion of the payment would be $878.54, which is shown in a letter from CHFA to myself **(plaintiffs EXHILP P)**. The rest of **EXHIBT P** shows a denial of qualification since the program required a minimum of 6 monthly payments of help. The 6 payments and the amount to reinstate the loan could not be more than $50,000. If you take the $43,736.80 ($6411 more then what was told to me 22 days prior) GMAC told CHFA (which is an incorrect amount) and take the 6 payments CHFA would make in the amount of $1112.26, you get a total of $50,494.36. So GMAC yet again cost me the opportunity to participate in a program that would help me save my house by presenting a false representation of fact that was very detrimental to me.

Furthermore if they could somehow justify the extra $6411.00, which in my opinion is not possible, but if they could and made me aware of it at the time, I would have then known I would be $494.36 over. I think the amount of effort I put into saving my home up until that date and now shows I would have easily been willing to pay GMAC the $494.36 which would have then been made part of the SUSPENSE BALANCE/Credit. **page 21 of 21 plaintiff Exhibit P,** Hence allowing participation in the EHLP program, reinstating my loan and taking my home out of foreclosure.

Let it show, in addition to Fraud, these are further errors, unexplained inaccuracies, inexcusable atrocities, and lack of motive due to my accusation for the true intent in the reimbursement of FHA insurance.

35) The plaintiff speaks of a 5th work out packet filled out on March 9th 2012. At the request of council acting for GMAC I submitted one more packet to see if any last minute programs would apply to me. However now being past due nearly 2 and half years the amount was just too high to overcome. Not sure what the relevance this has in their objection.

17-45) Further General response

The mediation process was terminated on 3/29/11. The plaintiff later objected to just about all of my discoveries. I filed answers and special defenses based on Bank fraud and Violation of Truth in lending as well as breach of covenant to bargain in good faith and fair dealings, in addition to the Note they were trying to enforce had been altered and was not the original. It was determined my special defenses and counterclaims were not valid defenses in a foreclosure action. And a motion for summary Judgment was entered in 12/27/2011. In the Memorandum it speaks of the transfer of bank note, but at the time I had no bank note of my own and the only bank note shown to the court was the altered one shown by the plaintiff, the same presented to this court in the plaintiff's objections to my claims. The Attorneys for GMAC in foreclosure court told the Courts, that that bank note was the only bank note and I signed it at closing with the changes made to it, **Plaintiffs EXHIBIT C.** With no proof, at the time, of the Bank note being an altered and changed original, I saw no option to file an appeal.

On 5/30/2012 a motion for Judgment-strict foreclosure was entered.

At that time, realizing my complaints against GMAC were very real but could not be heard in a defense. I formalized my own complaint and filed it on 6/8/2012 in Hartford Superior Court; it was my intention to file the complaint and then ask for a joiner/junction and hold the foreclosure sale date until my complaints were addressed.

On that same day I petitioned to attend one more mediation session by an aggrieved person. In hopes the mediator would now hear my valid complaints, since there was new evidence that Hunt & liebert

attorneys presented incorrect facts during the first mediation process, and then upon his mediation report, I would have a better defense for the upcoming hearing for the motion of strict foreclosure. Please Note this mediation session, sadly, was not scheduled to take place until after said hearing.

On 6/12/2012 a Judgment granting the motion for strict foreclosure was granted. I was not able to speak about my pending lawsuit I just filed as the return date had not come up and the defense did not provide any answer. I spoke of the intent to file a joiner/junction and the Judge could not advise me, but did say it was possible to ask for one in the future, however this case should still move forward that day. It is worth saying that after evidence I presented was brought forth, Hunt& Liebert and Jacobson attorney fees were not granted in full, as well as other fee's requested. It was determined they did not follow the procedures during mediation they attended or other requirements, and other request for fee's was unfair do to inaccuracies. (See Foreclosure docket, Hartford Superior Court cv-10-6009500-s)

Before I could file a Junction/Joiner GMAC had its Attorneys move the case to a federal court (District Court of Connecticut no:12-cv-01087)knowing that it would be stayed by GMAC bankruptcy. So once again GMAC was hiding from accountability, hindering me from saving my home, and pursuing to take my house illegally.

On 6/26/2012 GMAC filed a motion to open and vacate the motion for strict foreclosure. They have told many reasons, but the truth is they did not want to move forward with a foreclosure action knowing they would have to answer for the illegal foreclosure action in a federal court. I also believe Hunt & liebert was a bit embarrassed for representing GMAC and did not want anything to do with the recourse heading their way. I see now the plaintiff is using this in an attempt of another failsafe defense for any wrong doing. They have stated in their objection to my claims since I did not lose my house in foreclosure I have not suffered damages.

  Reply; I find this disturbing and if nothing else shows the plaintiff has missed the point entirely of my complaint. It is worth mentioning my mortgage is way behind still, while I admit to missing a few payments back in 2009, however it was the snow ball effect afterwards and complaints presented that hindered any hope of saving my home through programs that were available to me. Sadly there are still no programs that can help me save my home from foreclosure due to the past due status. GMAC's attempt to wash its hands of any wrong doing is appalling; it is the basis of my complaints. Had GMAC just done the right thing while reviewing my modification applications back in 2010, there would have been no foreclosure, no past due amount, no complaint from myself against them, and no claims, from myself at least, in this Bankruptcy case. Had they not provided inaccurate figures to CHFA while being reviewed for the EHLP program, we would not be at this point. I would not be in foreclosure, I would not be behind, I would be living a happy life in a home with my family making the new payments. I would also like the court to consider the emotional toll this takes on a family; the stress, worry, and emotional separation. Please consider the harassment from countless phone calls and letters from GMAC or agents acting on their behalf, the agents working on GMACs behalf coming on my property and taking pictures through the windows while my family is home. So please realize what my family and I have been through due to GMAC's actions or lack thereof. Furthermore I have lost the "value" in my home. What the plaintiff has not mentioned is the mortgage in question was a restructure/refinance. I actually purchased the home in July 2006. The loan was terrible, and the house was atrocious, in all terms it was a predatory loan that was unfair to the desperate but I knew this. However it was the best I could get at the time to move myself and my 2 daughters to a decent neighborhood with great school systems, and build a future. I had to put stairs and a deck on the house, a new roof on the house, a heating system, a cooling system, a new boiler, new flooring, a kitchen, a bathroom, a driveway, and new carpets, as the home either did not have the above mentioned or the current was in such disarray it made the home



inhabitable, I was aware of this but at the time we were living in a 1 bedroom apartment, so I willfully accepted it. I have lost the value of my investment, and while some of that might be due to the property value drop, there is an absurd amount past due on my house due to GMAC's atrocities, and without my claims there is no hope of overcoming it and saving my home.

The plaintiff's objection to my claims decided to include the final mediation report. I can only assume they decided to include this in order to somehow use this against me, claiming I never showed up and somehow try to discredit my determination to do everything I could to save my home. Here is my response;

On August 9th 2012 one last mediation session was scheduled to take place in response to request for one filed on 6/8/12 as mentioned earlier. The day before Hunt and Liebert called and asked if I still wanted to attend or if we should cancel due to the motion to open and vacate the recent Judgment of Strict-foreclosure. I wanted to attend one more time; however I did not think it would have any positive outcome. Upon arrival and preparation for mediation to begin, I spoke with the Attorney Eric Loftus from Hunt& liebert associates briefly. What happen next can only be described as an accident. During our conversation, Eric Loftus handed me a balance sheet, and then a bank note for my home. But not the same bank note that was presented during the court proceedings. Not the same bank note that was used in the Granting of Judgment's against me throughout the foreclosure action. This was the original, unaltered bank note **I presented to you in Exhibit A of this reply**; the same bank note that was said not to exist. The attorney seemed puzzled after handing me the document, but prior to anything being said further from him, I thanked him and told the mediator with new evidence I would like to postpone this session and walked away. I immediately went to the Law library to inquire about filing an appeal to the Motion for summary Judgment that was granted 9 months prior since I now had new evidence pertaining to an altered bank note.

When I was done in the Library, I went back to the mediation office and explained what had just occurred; I explained there is no further need for mediation. There is new evidence now, the motion for strict foreclosure was open and vacated, I had already witnessed GMAC's lack of will and integrity, and was aware that there were no programs available for me to help save my home from foreclosure due to the past due status. It would now be determined during a Federal case in front of a jury of my peers.

I later realized another session was scheduled and apologized for not attending and that I had informed them I did not want to attend anymore as it was a waste of courts time and energy. I now had a pending case, and further proof of GMAC's deceit.

On 11/5/12 the Motion for Dismissal due to failure to move the case along with diligence, was made and granted. At that time, the Attorney for Hunt & Liebert informed the courts, there was new evidence brought fourth and their client GMAC was going to handle it internally to work with myself to save my house. I'm still waiting.

46) The plaintiff reiterates the complaint filed against them and what for.

LEGAL ARGUMENT RESPONSES.

47-49) Here the plaintiff is objecting to my complaint for breach of contract. Response; there was a breach as they were mandated to follow strict guidelines while pursuing to enforce the bank note, and not accelerated the bank where limited. They did not follow said guidelines. As stated earlier in this reply. They point out in their objection "there is nothing in the Note that requires the debtors to modify a loan even if the borrower qualifies". Once again, my complaint is not the modification approval, it is



the wrongful denial. They are required to bargain in good faith, and conduct a fair and accurate review. They make mention they do not have to grant a modification, but as mentioned earlier in this document, that declaration was never made at the times of its significance, so has no merit. Furthermore they do have commitments to modify an FHA modification in accordance with accepting billions in bail out money, a discovery to obtain their agreement and general understanding upon receiving bail out money was served, but do to the *stay* I was not entitled to discovery.

The plaintiff shows right at the bottom of page 17 that the Debtors did enter into voluntary commitments. They admit in supra 14, after section 50 on page 17 of their objection that they did in fact enter into agreement upon receiving billions. They claim those agreements are between the Debtors and Government agencies or the investor.

   The investor is tied to FHA and HUD as its insurer and other agreements. So they have an agreement between themselves and those mentioned above and that agreement does not pertain to me, so they claim. I disagree for this fact; If GMAC has a contract, agreement and/or commitment or obligation with FHA/HUD and then breaks those contracts, agreement and/or commitment or obligation, then they are no longer following the guidelines set forth by HUD/FHA. Henceforth they are breeching the contract with myself outlined in **the BANK NOTE , EXHIBIT A in this reply, The bank Note, Section 6 part B.** by not following HUD/FHA requirements.

Furthermore they attempt to back this claim by sighting case Gorbaty V. Well Fargo bank NA Case No:10-cv-329 (NGG)(SMG) 2012 WL 1372260, at *15 (E.D. Ney York, Apr 18, 2012)

   That case is different from mine for the following reasons. The Plaintiff's bank note in that case, Gorbaty, is not present in memorandum or the order. We cannot determine if it has the same stipulation as my bank note does, **EXHIBIT A in this reply, the bank Note, Section 6 part B.** Furthermore even if it did, the plaintiff in said case, Gorbaty, is not making the same argument as I have stated above. They are claiming they are 1st party beneficiaries from a 3rd party contract, with no argument of a bridge to connect the two.

50) The plaintiff's objection speaks of its objection further stating again that I did not qualify for program due to insufficient income. The plaintiff is again outright misrepresenting facts. As already discussed, I provided proof of unemployment for the time they required and have shown I could have provided any further details had they asked. The plaintiff makes reference again to 9 months when it is indeed 12 months. Also already discussed earlier I showed sufficient evidence that I not only met the false requirements from GMAC but also could have provided the true requirement from FHA. If they are not going to use the correct income, then of course I would have insufficient income.

   Upon an independent review and a review from FHA, my unemployment should have and could have been used in order to grant a modification, there were programs that would have lowered my mortgage payment and saved my home from foreclosure. However by GMAC's own words they simply stated it could not be used and that is the premises for their denial. As this court may already know, a separate agency conducting an independent foreclosure review has already awarded me as well as many other people for past transgressions made by GMAC during modification reviews and foreclosure activity. Accepting damages does not prevent receiving further damages as per the agreements. And while the Damages where very few and minimal it simply shows GMAC has admitted or been held accountable in some way to wrongful reviews or wrongful foreclosure activity. But that $2500 received is not nearly enough to satisfy my claims or bring my mortgage current, or atone for other past transgressions.

51) The plaintiff speaks of a temporary agreement of Forbearance plan agreed to on 6/28/2010; they claim to have made a simple mistake by not accepting my FIRST payment. This is inaccurate, and while I do not mean to be petty or over extend what I have suffered I feel it is important to point out the facts and the further lack of truth being presented in the Plaintiff's objection.

GMAC was under scrutiny from Congressman Larsons office and The dept. of banking acting on my behalf. There was some side stepping and contradictions being made at the time, so to quell the prying eyes and investigation from the agencies mentioned above, they offered a 6 months temporary plan. I was told upon payment and completion of this plan it could be viewed favorable to show I can make those payments, understanding it does not guarantee anything.

First off the Debtor did not refuse the first payment as plaintiff presents in their objections.  It is not as simple as a first payment error, no harm done. They actually refused the second payment, claiming it was not certified. However the Forbearance agreement did not require certified funds, furthermore the first payment sent for said agreement was a personal check they received and accepted. While the plaintiff is no doubt attempting to show some sort of act of kindness or best interest. It was nothing more than another stressful engagement meant to harass myself filled with errors and mistakes leading to more inaccurate statements made during their objection to my claims.

After some time had gone by from the inquiries made on my behalf had passed, and after the agreement for the forbearance plan was made. After the first payment for the plan was accepted, they refused the second payment as previously stated.  When I explained to GMAC the error, they said the forbearance plan would be terminated and foreclosure would continue. Not until more running around and letters for help was sent by myself, did another phone call from Congressman Larson's take place. GMAC seeing I was not merely going to roll over, they decided to continue the forbearance plan. It is worth mentioning that after this plan was over a another modification application was sent as mentioned in section 35, and while the amount past due was too great to qualify for any programs at the time, GMAC did tell me that there was also a missed Forbearance payment in the past, and missing my FIRST forbearance payment did not look good...

The objection to my claims, declares I suffered nothing from this, but imagine telling your family things will finally be okay after the nightmare revolving around the modification and unemployment ordeal mentioned earlier. To be able to say to them that there was finally a plan to help save our home, only to be told it is being taken away a little over a month later due to an error I was not responsible for. This was nothing more than further stress and harassment meant to discourage and frustrate me that began to take its toll on my family and I.

53-57) The plaintiff repeats itself on their objection to breach of covenant to bargain in good faith and fair dealings. This has been covered and the counter argument has already been presented earlier in this reply.

58) The plaintiff objects to the claims and complaints of Robo-Signing and altering documents.  They claim I am showing lack evidence, yet block my only ways of getting evidence and that is through testimony or discovery.  But never the less, please consider these claims withdrawn at this time.

59) The plaintiff objects to my claim of Debtors have moved forward with an altered bank note, because I have failed to show how it was altered. However the plaintiff has had the original unaltered bank note as well as the altered bank note since at least 2011 when their attorney handed it to me. There declaration of not seeing the differences in the bank notes is nothing more than more clutter to the facts at hand, or at the very least shows the lack of ability to comprehend the writing on a particular



document. Please see **EXHIBIT A I presented here**. Then please see **EXHIBIT C in the plaintiff's objection** to claims. The alterations are in big letters that state 'Cancel' where I agreed to do business with wells Fargo. Please see **EXHIBIT B in my compliant here**, a piece of evidence that has been left out by the plaintiff not included in their exhibits of the mortgage agreement or alleged bank note, yet part of both, signed at the same time. This Exhibit shows Norcom Mortgage transferring the mortgage at the time of my signature to Well Fargo. They had no right or legal right to go in and alter that document after my signature was upon it. Furthermore, they never notified me as they should of, denying my right to petition said transfer according to RESPA and TILA. In addition they simply added "GMAC" with a sloppy stamp and then added an attached letter with no date of Origin, in my opinion disqualifying it from having any relativity or legal substance. The moment that note was altered without my knowledge or notification of such alteration, it was terminated from being a legally binding document as well as enforceable.

60-61) The plaintiff speaks of the Violations of Tila and Respa, in accordance with my claim of not receiving a truth in lending statement. Just because I signed a document does not mean a copy of that document was given to me, there is a difference. Never the less in regards to the statute of limitations, please consider any complaint pertaining to not receiving a Truth in Lending statement withdrawn.

62) The plaintiff gives answer to my claim of not receiving a welcome letter as required. They claim that a welcome letter was sent on December 28th 2008. As touched base earlier this never happened. And there is no proof of any letter ever being sent. I have requested proof many times since the beginning of this entire ordeal, nothing has ever been presented.

63-64) The plaintiff is touching base on the welcome letter and stating it does not need to provide one. Earlier they claim it was sent, and are now saying they do not need to send one. They also now touch base on being aware of the requirement to send notice of transfer, which is indeed one of my complaints pertaining to TILA violation. When a violation is made as it was restitution may be sought and awarded.

The plaintiff also states "and given that he was clearly aware that the servicing had been transferred to the debtors during a conversation with the debtors on January 9th, 2009 he cannot allege any damages. Furthermore, a cause of action under 12 U.S.C. 2605 is barred by 3 year statute of limitations that runs from the date of the violation. Since the allege violation occurred on November 20th, 2008 when servicing the loan was transferred to debtors, the statute of limitations had expired when the claimant filed the complaint in August of 2012."

Response; this statement is filled with contradictions and wrong information in an attempt to confuse or sway around the facts of the matter. In the end they also claim except for the violation regardless in hopes to dilute or confuse the facts and truths as to a matter of law. They have done this throughout their entire objection and the pattern continues.

   a) There was no transfer from Norcom mortgage or anyone for that matter to GMAC on November 12th, 2008. And no evidence to prove otherwise. Only evidence to confirm it did not happen.
   b) It was not clear that GMAC was the new servicer that was the point of the phone call that was made in January 2009, GMAC actually had no idea when I called them. I had a requested payment from GMAC and Wells Fargo at the time. Perhaps GMAC was taking payments on behalf of Wells Fargo.
   c) The plaintiff is attempting to throw a safety net, and failsafe defense by saying a phone call should suffice for notification of transfer, if there was one. However the very law they quoted,



12 USC 2605, it clearly says "Each servicer of any federally related mortgage loan shall notify the borrower in writing of any assignment, sale, or transfer of the servicing of the loan to any other person." It does not say a phone call. To even mention that somehow the phone suffices the law/rules stated, only validates my claim of repeatedly showing wanton disregard for policies and procedures, as well lack of basic understanding for TILA and U.S.C. guidelines/law.

d) There is no date of origin for the transfer of the mortgage/note. The ONLY date of record for GMAC acquisition of anything is when they filed the assignment of mortgage with the town of South Windsor **(EXHIBIT G provided in this reply)**. Which was December 8th 2010, well within 3 years of my complaint served. Any alleged days of actual transfer prior to that date, is nothing more than speculation.

FALSE REPRESENTATIONS

65-71) This part of plaintiff's objection is in reference to false representation of Facts which by definition is bank fraud. The plaintiff states it was unclear as to what I meant either deformation or Fraud, though throughout numerous pages of documents across 3 court cases I clearly repeatedly stated false representation of fact that was detrimental in regards to Bank Fraud, but this does not rule out deformation. The Bank Fraud has been touched on above already. I showed prior to even filing this reply/response; enough evidence showing GMAC repeatedly committed FRAUD that was detrimental to me. I disagree with any objections the plaintiff is attempting to make, I showed the plaintiffs malice, the contradictive statements GMAC had made, I showed the repeated patterns of misconduct, and I showed the knowledge they admit to have and be aware of and yet fail to provide or follow such knowledge. I even showed the motive for their fraud. Furthermore I have shown how the fraud was made to me, as well as how it was made to 3rd parties acting on my behalf and how in both occasions I relied on truth and facts, and because I received fraud instead I had suffered damages.

72) The plaintiff is basically attempting to wash its hands of any and all wrong doing here. I have no comment on this, except the strongest of disagreement.

**Response and in conclusion.**

Throughout this entire ordeal GMAC has ran and hid from its atrocities and errors that cannot be over looked. They have buried themselves in lies and spun them self into a bankruptcy. Their credibility should be less than zero. Their word should hold no merit. And for any entity to act on their behalf without seeking information outside what GMAC has provided for them, to fail at showing any diligence with the task at hand, should be immediately discredited as well, since there is a repeated pattern of inaccuracies in their objection.

I have shown the bargaining in bad faith and I have shown the bank fraud. I present to you evidence that they have willfully left out. From an altered bank note they attempted to enforce and failed at, to documents they left out that discredit their presentation of historical accounts or shed light to the truth. Any further information required, I was blocked from obtaining. My complaints and defenses in foreclosure were not valid defenses or counterclaims at the time, it was never said they were not accurate. So when I filed a complaint against them, they simply sent it to a federal court and put up their bankruptcy shield. And now they are claiming I have not provided evidence to back my complaints, while I think I have shown enough. To further object to any of my complaints/claims due to lack of evidence is nothing more than an attempt to frustrate and exhaust my patience.



I protest/object to any objection they are making due to lack of evidence since said evidence is not accessible due to the STAY on my federal case pending in US District Court of CT. and that Courts ruling that I am not entitled to discovery while there is a stay in place

Let it be said a Discovery was served to GMAC and/or Its representing council back on or around Nov 5th 2012 during the federal case mentioned above, it was their objection to said discovery that determined they were protected from responding to it. I digress; the plaintiff has/had knowledge prior to filing their objection to my claims here, of what evidence or documents I already had, and what evidence or documents I needed. Wherefore, it is disingenuous to claim my claims are not valid due to lack of evidence when they are blocking me from obtaining said evidence I require.

My claims are very real your honor. So I ask you to please consider myself and this reply presented in good faith here. See what I have done, my foreclosure was dismissed, my federal case is still pending, my discovery was blocked, and my claims have been sitting in the bankruptcy for over 2 years now. All the while interest and late payments have accrued on my home, with no hope for a modification even with new laws and programs, as I am way too far behind now, due to lack of effort from GMAC in 2010. All I have left are these claims to save my home.

My claims are more than fair. And while I can't speak about the facts discussed during our attempts to settle this case between myself and the trust, I can say it was nothing more than a fishing expedition to formulate their objection and certainly not done in good faith, since they were aware of what evidence I had and/or did not have. Regardless what happens next someone needs to investigate how they are handling the claims; in fact an investigation of the plaintiff's entire procedure should be conducted from a court approved specialist. There is no diligence, and it is unfair. They took forever getting to this point, and now at the end, they are no doubt going to attempt to rush the non-complicated claims, presenting inaccurate facts and making plenty of mistakes along the way.

Even the very objection to my claims filed, which this response is in regards to, the objection filed by the plaintiff which is perhaps the most important document since 2009 pertaining to me and my home, was sent to the wrong address. **EXHIBIT H, presented in this reply.** This is the pattern of everyone working on behalf of GMAC or any agents working on their behalf. A document as sensitive as their objection to my claims, which requires a timely response, that actually has my address listed in it approx. 20 times, was in fact sent to the wrong address. I am not saying nor can confirm this particular mistake was done on purpose, I'm simply stating that at the very least it goes hand in hand with all the errors and mistakes made from day one.

I have shown in their own documents alone their contradictive nature and simple disregard for facts. I have repeatedly shown, they have done this from day one, with the evidence I have been able to obtain thus far. I have shown their wanton disregard to the rules and/or to the law, I have pointed out their repeated patterns of misconduct. And how those have hurt, hindered, or damaged me. I have presented their inaccuracies and the lack of diligence in the task at hand, and the mistakes they continue to make.

GMAC wrongfully denied me a modification in an attempt to rush me to foreclosure and collect on FHA, I have shown to the best of my abilities, being limited, that they had a responsibility and duty to do everything they can to bargain in good faith in consideration to modify a home loan. They were required to conduct an accurate and fair review and never did so. Nothing they have provided shows otherwise. They made up and gave wrongful information to outside sources, hindering help and disqualifying me from participating in programs to help save my home from foreclosure. Their defense in regards to



many of my complaints is spun in deceit and then backed under false pretenses, sighting cases or laws that do not even pertain to the material facts of my claims/complaint.

A majority of their objections are nothing more than the perfect art of cohesion, to place evidence in an attempt to say just enough of the right thing and draw just enough of the right logical conclusions to lend credence to other laws they bother to reference, If when examined by itself, separately and carefully, would not hold up to any jury. They mask untruth with covering webs of truth, and excuse any wrong doing by hiding behind convenient failsafe's as last minute defenses, which hold no purpose in the logical facts pertaining to my Claims. They have answers, there have been so many excuses and answers, but when truly there is a requirement for what should have been done appose to what has been done they provide no valid answers or excuses. And when faced with those facts all those convenient attempts to throw out objections and wash their hands of any wrong doing melt away, exposing their flawed practices and procedures.

The entire methodology of their handling the claims is flawed. It is nothing more than a perversion of due process, without actively pursuing and without diligence bother to gather complete factual knowledge of what they present in the objection to my claims, and it is very disturbing they dare to declare it to be true and accurate under penalty of perjury.

**CONCLUSION :** Wherefore, I beseech your Honor to please overrule the objection to my claims. I put my faith in his Honor to determine the validity of my claims and just want this entire engagement over and done with. However if nothing else allow my Federal Case to take place, lifting the stay. Allow me to gather testimony from FHA on exactly what was GMAC s responsibility during a modification review. Allow me to obtain evidence and other testimony from other key witnesses if required. Allow me to gather discovery. Allow this to be presented to a Jury of my peers, let them make the decision if GMAC conducted themselves correctly or not.  Allow them to hear the facts and the excuses and defenses the plaintiff is attempting to lay forth, and allow them to determine if my claims are indeed valid or not. I truly had no wish to hold up this case any further, I had every interest to settle my claims, and truly wished for this entire ordeal to be over. Sadly nothing close to a fair agreement could be reached and I now see why, hence I will continue to do all I can and exhaust every resource available to save my home.

**NOTICE:** I certify this reply/document has been sent to parties and their addresses listed or referenced within the Objection filed to my claims.

*Please forgive any inaccuracies or presentation of this document that is not standard procedure in the presentation of such document.

I swear this document to have been prepared in good faith, and all accounts to be Accurate and true, to the best of my knowledge.

Dated: January 28th, 2015

1/28/2015

Todd Silber

73 farnham Rd.

South Windsor Ct. 06074

860-922-4156

18

Exhibit
A
Page 1 of 2

Recieved
8/9/2018
at mediation
From
attorney
Eric Loftus

Data ID: 861

Loan No: 805722
Borrower: TODD SILBER

| FHA Case No. |
|---|
| 061-3357655 703 |

MIN: 100496500038057222

# NOTE

November 20, 2008

73 FARNHAM ROAD
SOUTH WINDSOR, CONNECTICUT 06074
[Property Address]

**1.   PARTIES**
"Borrower" means each person signing at the end of this Note, and the person's successors and assigns. "Lender" means NORWICH COMMERCIAL GROUP, INC. D/B/A NORCOM MORTGAGE and its successors and assigns.

**2.   BORROWER'S PROMISE TO PAY INTEREST**
In return for a loan received from Lender, Borrower promises to pay the principal sum of TWO HUNDRED THIRTY-SIX THOUSAND AND EIGHTY HUNDRED TWENTY-THREE and NO/100 Dollars (U.S. $ 236,823.00 ), plus interest, to the order of Lender. Interest will be charged on unpaid principal, from the date of disbursement of the loan proceeds by Lender, at the rate of SIX and ONE-HALF percent ( 6.500 % ) per year until the full amount of principal has been paid.

**3.   PROMISE TO PAY SECURED**
Borrower's promise to pay is secured by a mortgage, deed of trust or similar security instrument that is dated the same date as this Note and called the "Security Instrument." The Security Instrument protects the Lender from losses which might result if Borrower defaults under this Note.

**4.   MANNER OF PAYMENT**
  **(A)  Time**
  Borrower shall make a payment of principal and interest to Lender on the first day of each month beginning on January 1, 2009. Any principal and interest remaining on the first day of December, 2038, will be due on that date, which is called the "Maturity Date".
  **(B)  Place**
  Payment shall be made at 139 SIMSBURY ROAD, AVON, CONNECTICUT 06001, or at such place as Lender may designate in writing by notice to Borrower.
  **(C)  Amount**
  Each monthly payment of principal and interest will be in the amount of U.S. $ 1,496.86. This amount will be part of a larger monthly payment required by the Security Instrument, that shall be applied to principal, interest and other items in the order described in the Security Instrument.
  **(D)  Allonge to This Note for Payment Adjustments**
  If an allonge providing for payment adjustments is executed by Borrower together with this Note, the covenants of the allonge shall be incorporated into and shall amend and supplement the covenants of this Note as if the allonge were a part of this Note. [Check applicable box.]

  ☐ Graduated Payment Allonge     ☐ Growing Equity Allonge     ☐ Other [Specify]

**5.   BORROWER'S RIGHT TO PREPAY**
Borrower has the right to pay the debt evidenced by this Note, in whole or in part, without charge or penalty, on the first day of any month. Lender shall accept prepayment on other days provided that Borrower pays interest on the amount prepaid for the remainder of the month to the extent required by Lender and permitted by regulations of the Secretary. If Borrower makes a partial prepayment, there will be no changes in the due date or in the amount of the monthly payment unless Lender agrees in writing to those changes.

**6.   BORROWER'S FAILURE TO PAY**
  **(A)  Late Charge for Overdue Payments**
  If Lender has not received the full monthly payment required by the Security Instrument, as described in Paragraph 4(C) of this Note, by the end of FIFTEEN calendar days after the payment is due, Lender may collect a late charge in the amount of 4.00 % of the overdue amount of each payment.
  **(B)  Default**
  If Borrower defaults by failing to pay in full any monthly payment, then Lender may, except as limited by regulations of the Secretary in the case of payment defaults, require immediate payment in full of the principal balance remaining due and all accrued interest. Lender may choose not to exercise this option without waiving its rights in the event of any subsequent default. In many circumstances regulations issued by the Secretary will limit Lender's rights to require immediate payment in full in the case of payment defaults. This Note does not authorize acceleration when not permitted by HUD regulations. As used in this Note, "Secretary" means the Secretary of Housing and Urban Development or his or her designee.
  **(C)  Payment of Costs and Expenses**
  If Lender has required immediate payment in full, as described below, Lender may require Borrower to pay costs and expenses including reasonable and customary attorneys' fees for enforcing this Note to the extent not prohibited by applicable law. Such fees and costs shall bear interest from the date of disbursement at the same rate as the principal of this Note.

MULTISTATE FHA NOTE

(Page 1 of 2 Pages)

10/95

INITIALS:

Data ID: 861

Loan No: 802722

**7.    WAIVERS**

Borrower and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require Lender to demand payment of amounts due. "Notice of dishonor" means the right to require Lender to give notice to other persons that amounts due have not been paid.

**8.    GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to Borrower under this Note will be given by delivering it or by mailing it by first class mail to Borrower at the property address above or at a different address if Borrower has given Lender a notice of Borrower's different address.

Any notice that must be given to Lender under this Note will be given by first class mail to Lender at the address stated in Paragraph 4(B) or at a different address if Borrower is given a notice of that different address.

**9.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. Lender may enforce its rights under this Note against each person individually or against all signatories together. Any one person signing this Note may be required to pay all of the amounts owed under this Note.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Note.

..............................................(Seal)

TODD SILBER —Borrower

*[Sign Original Only]*

PAY TO THE ORDER OF
WELLS FARGO BANK, N.A.
WITHOUT RECOURSE

NORWICH COMMERCIAL GROUP, INC. D/B/A NORCOM
MORTGAGE

By:_____

PHILIP F. DEFRONZO, PRESIDENT

*(Page 2 of 2 Pages)*

Exhibit A
Page 2 of 2



Loan No:    805722
Borrower:   TODD SILBER

Data ID:  861

# NOTICE CONCERNING MORTGAGE SERVICING TRANSFER
## AT SETTLEMENT

The servicing of your loan, that is, the right to collect payments from you, will be transferred effective January 1, 2009. This is the date on which your mortgage payment is first due to the lender to whom the servicing of your loan will be transferred (the "Transferee Servicer") pursuant to the assignment, sale or transfer of the servicing of your loan.

## TRANSFEREE SERVICER

The name, address and telephone numbers of the Transferee Servicer are as follows:

### WELLS FARGO BANK, N.A.

P.O. BOX 10335
DES MOINES, IA 50306    866-234-8271

To obtain answers to inquiries relating to the servicing of your loan, you may contact the Transferee Servicer by calling the Customer Service Department at the above number.

## LOAN ORIGINATOR

To obtain answers to inquiries relating to the origination or transfer of servicing, you may contact the lender originating your loan by calling:

### NORWICH COMMERCIAL GROUP, INC. D/B/A NORCOM MORTGAGE

CUSTOMER SERVICE   at    860-676-8003
(Toll-free or collect call telephone number)

The **Loan Originator** will immediately cease to accept payments on your loan. The initial payment and all subsequent payments will be accepted by the **Transferee Servicer** at the address indicated above. **Transferee Servicer** will provide you with a payment coupon booklet within the next two weeks. If, for some reason, you do not receive your coupon booklet before your next payment is due, please write your loan number on your check or money order and send it to the address listed above.

The assignment, sale or transfer of the servicing of your mortgage loan does not affect any term or condition of the security instrument(s) other than terms directly related to the servicing of such loan. The fire and/or homeowners insurance policies currently carried on your property will be transferred to **Transferee Servicer** and will remain in full force. This transfer will not affect the payment of your insurance renewal premiums and taxes.

You should also be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 U.S.C. 2605):

During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by the Loan Originator before its due date may not be treated by Transferee Servicer as late, and a late fee may not be imposed on you.



Loan No: 805722                                                                 Data ID: 861

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights. If you send a "qualified written request" to your loan servicer concerning the servicing of your loan, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and your reasons for the request. [If you want to send a "qualified written request" regarding the servicing of your loan, it must be sent to the Transferee Servicer's address above.]

Not later than 60 Business days after receiving your request, your loan servicer must make any appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60-Business Day period, your loan servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the loan servicer from initiating foreclosure if proper grounds exist under the mortgage documents.

A Business Day is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section. You should seek legal advice if you believe your rights have been violated.

The undersigned have read the above and fully understand it.

Date: _____11/20/08_____

_____
TODD SILBER —Borrower

(page 2 of 2)

*Exhibit C*

WHEREFORE, the plaintiff humbly requests the following Relief.

1) Money damages pursuant to the Truth in Lending violation: $30,616
2) Interest
3) Cost of suit
4) Cease and disest of any and all foreclosure actions on the property in question.
5) The Plaintiff requests the courts opinion, on asking for fair damages pursuant to what has been lost do to the Defendants actions. Including but not limited to, Modification denial compensations. The Defendant had cost the plaintiff on MULTIPLE separate occasions the opportunity to be granted work out plans, and/or permanent modifications, as well as other relief that would not only saved the plaintiffs home from foreclosure, but also a lower interest rate, reduced principle, and lowered payments reducing the risk of default in the future.
6) If the Plaintiff loses his home in the foreclosure lawsuit. The plaintiff seeks displacement damages, damages for the struggle and stress involved in relocating a family of four, with 2 children from there first home. Damages for wrongfully losing a home.
7) An Apology letter from the Defendant to the plaintiff and his family. Apologizing for its horror it's caused, for its unethical practicing, stress causing, and appalling actions it has conducted since the foreclosure began.
8) An apology letter from the defendant to the State of Connecticut and its residence as a hole for its unethical and immoral actions since the foreclosure crisis began.
9) Such other relief the Court may deem Equitable or Just.


Plaintiff,
Todd Silber
BY_____   Date 6/8/2012
Todd Silber
Self Represented.
73 Farnham Rd.
South Windsor Ct, 06074
860-922-4156

**Exhibit 4-D**

FAX COVER SHEET *(This page should be returned to us with your completed financial analysis form)*
**\*\*PLEASE INCLUDE THE ACCOUNT NUMBER ON *EVERY PAGE* OF YOUR RETURNED PACKAGE\*\***

| | |
|---|---|
| To: Loss Mitigation<br>From: *Todd Silber*<br>Fax to: 1-866-709-4744 | Account Number(s)  *0602198843*<br>or mail to: Loss Mitigation<br>233 Gibraltar Road Suite 600<br>Horsham PA 19044 |

**All of the following information must be completed and returned to determine eligibility:**

- **Financial Analysis Form (Enclosed)**
- A copy of the most recently filed <u>signed</u> federal income tax return, including all schedules and forms, for each borrower
- A signed and dated copy of IRS Form 4506T-EZ (Request for Transcript of Tax Return) with all applicable fields completed for each borrower – (Borrowers who filed their tax returns jointly may send in one IRS Form 4506T-EZ signed and dated by both the joint filers.) (Enclosed)
- Documentation to verify all of the income of each borrower. Please see the chart below for the type of documentation required for each type of income.
- Documentation to verify expenses for Homeowners or Condominium Association Dues for condominiums and Co Ops. Please see the chart below.

| TYPE OF INCOME | DOCUMENTATION REQUIRED |
|---|---|
| For each borrower who is paid by an employer: | ☐ Copy of the two most- recent pay stubs from your employer *including year-to-date information*. Pay stubs or other documentation that shows year-to-date income must be submitted. Pay stubs cannot be more than 90 days old. If hired within the fiscal year of 2009, please include your employment start date. |
| Other earned income (e.g. bonus, commission, fee, housing allowance, tips, and/or overtime) | ☐ Copy of third party documentation describing the nature of the income (e.g. an employment contract and/or printouts documenting tip income) |
| For each borrower who is self-employed: | ☐ Copy of the most recent quarterly or year-to-date profit and loss statement |
| For each borrower who has benefit income such as Social Security, disability, death benefits, or pension: | ☐ Copy of benefits statement or letter from the provider that states the amount and frequency of the benefit, AND<br>☐ Copies of the two most-recent bank statements or other documentation showing receipt of benefit income. Bank statements cannot be over 90 days old. |
| For each borrower who has X income such as unemployment or public assistance: | ☐ Copy of benefits statement or letter from the provider that states the amount, frequency, and duration of the benefit. Such benefit must continue for at least 9 months to be considered qualifying income.<br>☐ Copies of the two most-recent bank statements or other documentation showing receipt of benefit income. Bank statements cannot be over 90 days old. |
| For each borrower who is relying on alimony or child support as qualifying income: | ☐ Copy of divorce decree, separation agreement, or other legal written agreement filed with the court that shows the amount of the award and period of time over which it will be received, AND<br>☐ Copies of the two most-recent bank statements or other documentation showing receipt of alimony or child support. Bank statements cannot be over 90 days old. |
| For each borrower who has rental income from an investment property: | ☐ Copy of the most-recent federal tax return with all schedules, including Schedule E-Supplemental Income and Loss.<br>If the subject property, on which the modification is being requested, is not your primary residence, please include the following:<br>☐ Copy of the current lease agreement for this property |
| For each borrower who has income not specified above: | ☐ Signed letter from the person(s) that contributes the income showing the amount and frequency of the income. This would include situations where the borrower rents a room of his or her primary residence to another person. |

| TYPE OF EXPENSE | DOCUMENTATION REQUIRED |
|---|---|
| For borrower(s) whose property requires Homeowners or Condominium Dues: | ☐ A letter or billing statement from the Homeowners or Condominium Association or Co Op showing the amount and frequency of dues. |

<u>If you want to sell this property, please also include:</u>
- ☐ Copy of the listing agreement
- ☐ Copy of the sales contract, if available
- ☐ Copy of the estimated Settlement Statement (HUD1), if available
- ☐ Signed Third Party Authorization Form



☆ *Please See Attached Letter. That was faxed and/or mailed with this Packet. I have read and tried to understand All terms IN this Packet. Disclaimer: Consider this Packett Void. If anywhere I Signed Is stating I wish to Surrender or Give up My House. I wish to keep my House!*



From: Starr, Carmen - IA [mailto:Carmen.Starr@gmacm.com]
Sent: Wednesday, December 08, 2010 8:31 AM
To: Chambers, Joseph J.
Subject: FW: Request from Todd Silber (CT AG PI# 368825)

Mr. Chambers,

Good morning. In regard to Mr. Silber's request for a loan modification, our records indicate a complaint was received from the Connecticut Department of Banking in April 2010 and multiple complaints from Congressman Larson's office between May 2010 and September 2010. A copy of the responses issued to Mr. Silber on April 30, 2010 (Department of Banking complaint), May 5, August 13, and October 12, 2010 (congressional complaint) are attached (letters only – if you would like all of the attachments referenced in these letters, please let me know and I can mail them to you).

GMAC Mortgage, LLC ("GMACM") has reviewed Mr. Silber's account for a loan modification four times (January 13, February 15, March 15 and April 12, 2010). Due to guideline changes, unemployment income can not be utilized when reviewing an account for a loan modification. Based on our telephone conversation with Mr. Silber on December 6, 2010, he was still unemployed and the only other income he is receiving is rental income (same information received in April 2010). As our letter to Mr. Silber on October 12, 2010 indicates, a new financial analysis package was required before the end of the forbearance plan (November 1, 2010). A new financial analysis package was mailed to Mr. Silber on November 12, 2010, and a second notice requesting the complete package was mailed to Mr. Silber via certified mail (91719231720014500894599) on November 29, 2010 (copy enclosed). As of today, December 8, 2010, we have not received an updated financial analysis package

A mediation hearing was scheduled for November 19, 2010; however, Mr. Silber requested a continuance and a new mediation hearing is scheduled for December 20, 2010.

The account was referred to foreclosure on March 19, 2010, as it was due for the November 1, 2009 and subsequent payments. At this time the account remains in foreclosure as it is due for the January 1, 2010 and subsequent payments; however, no sale date has been scheduled.

As the enclosed letters indicate, GMACM has tried to work with Mr. Silber to modify his loan. As program guidelines do not allow the use of unemployment, the only income Mr. Silber receives is from rent and with rental income only 75% of this income can be used. This means that based on the $500.00 a month rental income, only $375.00 can be used as income for a modification review. To allow Mr. Silber time to increase his income (find unemployment) or decrease his expenses, a six-month partial pay forbearance plan was approved. With this plan, GMACM agreed to accept half of the contractual payment or $995.40 from June 1, 2010 through November 1, 2010. Unfortunately, not everyone qualifies for a loan modification and the assistance we can offer with a loan modification is based on affordability.

Should you have any further questions or concerns, please feel free to contact me at 1-800-627-0128, extension 2367588.

Carmen Starr
Advocacy Resolution Specialist
Executive Office
Direct dial - 1-319-236-7588
phone  1-800-766-4622 ext. 236-7588
fax  1-866-472-3253

The response from HUD is below regarding the guidelines.

-----Original Message-----
From: HUD
Sent: Thursday, February 24, 2011 8:41 AM
To: Perrone, Lisa H.
Subject: Unemployment

**Exhibit - F**

Here is an excerpt from the attachment to ML 2009-23:

Underwriting -

Monthly Gross Income    The mortgagor's Monthly Gross Income amount before any payroll deductions
includes wages and salaries, overtime pay, commissions, fees, tips, bonuses, housing allowances,
other compensation for personal services, Social Security payments, including Social Security
received by adults on behalf of minors or by minors intended for their own support, annuities,
insurance policies, retirement funds, pensions, disability or death benefits, unemployment
benefits, rental income and other income.

Here is an excerpt from a Q&A dated April 2010:

Underwriting - Monthly Gross Income
1)    Are customers who unemployed but are collecting unemployment benefits and meet the other
requirements for the HMP Eligible for this workout? If so is there a time restriction to the time
when this workout is approved to the day when the benefits would run out? For example, the
customer is unemployed but will receive unemployment benefits for the next 12 months and can
provide proof of this? If this is allowed are we allowed to approve traditional loan
modifications and partial claims using the same logic?
See ML 09-23's Attachment for income guidelines and ML 2000-05 for the financial analysis
guidelines.
2)    Does PITI include HOA fees as in HMP program?
Y es.
3)    How long must unemployment benefits last to be considered income?
Unemployment income must be documented with reasonable assurance of its continuance for at least
12 months.
4)    What is acceptable documentation to support alimony, child support or unemployment income?
If the borrower elects to use alimony or child support income to qualify, acceptable
documentation includes photocopies of the divorce decree, separation agreement or other type of
legal written agreement or court decree that provides for the payment of alimony or child support
and states the amount of the award and the period of time over which it will be received.
Servicers must determine that the income will continue for at least 12 months. The borrower must
present proof of full, regular and timely payment, such as deposit slips, bank statements or
signed federal income tax returns.
If the borrower has other income such as unemployment, acceptable documentation includes letters,
exhibits, or benefits statement from the provider that states the amount, frequency and duration
of the benefit.    The servicer must obtain copies of signed federal income tax returns, IRS W-2

http://www.hud.gov/offices/hsg/sfh/nsc/ml0923qa.pdf

Clearly there has to be some time remaining on unemployment benefits in order for them to be
considered income for the HAMP.

**Exhibit**

**G**

VOL 2158 PAGE 0347

6076

After recording please return to:
HUNT LEIBERT JACOBSON PC
50 Weston Street
Hartford CT 06120

## ASSIGNMENT OF MORTGAGE

POOL NUMBER_____

KNOW YE THAT **Mortgage Electronic Registration Systems, Inc. as Nominee for Norwich Commercial Group, Inc. d/b/a Norcom Mortgage,** ( Assignor"), having an office and place of business at 3300 SW 34th Avenue, Suite 101, Ocala, FL 34474 for the consideration of One Dollar and other valuable considerations, does hereby assign to **GMAC Mortgage, LLC**   ("Assignee"), a lending institution, having an address of 1100 Virginia Dr Fort Washington Pa 19034, its successors, and assigns forever, all the right, title, interest, claim, and demand whatsoever as the said Assignor has or ought to have in or to a certain mortgage from Todd Silber to Mortgage Electronic Registration Systems, Inc. as Nominee for Norwich Commercial Group, Inc. d/b/a Norcom Mortgage dated November 20, 2008 and recorded on November 25, 2008 in Volume 2010 at Page 259 of the South Windsor Land Records, in or to the property described in said mortgage deed situated in the Town of South Windsor, County of Hartford and State of Connecticut, without warranty or representation by, or recourse to, said Assignor.

TO HAVE AND TO HOLD the premises, with all the appurtenances, unto the said Assignee, its successors and assigns forever, so that neither the Assignor nor its successors, nor any other person under it or them shall hereafter have any claim, right or title in or to the premises, or any part thereof; but therefrom it is and they are by these presents forever barred and secluded.

IN WITNESS WHEREOF, on the ___8___ day of _____December_____, 2010, said corporation has caused this deed to be executed and delivered, and its corporate seal to be hereto affixed in its behalf by _Sandy Broughton_____, who is duly authorized and empowered.

Signed, sealed and delivered
In the presence of:

_Jessica Yeiter_

Mortgage Electronic Registration Systems, Inc. as Nominee for Norwich Commercial Group, Inc. d/b/a Norcom Mortgage

By _____
Its Vice President

STATE OF  **PENNSYLVANIA**      :
                                 : ss.
COUNTY OF  **MONTGOMERY**     :

On this ___8___ day of _____December_____, 2010, before me personally came _Sandy Broughton_ to me known, who being by me duly sworn, did depose and say that he/she is a Vice President of MERS, INC, which executed the above instrument: that he/she knows the seal of said corporation: that the seal affixed to said instrument is such corporate seal, that it was so affixed by order of the Board of Directors of said corporation, and that he/she signed his/her name thereto by means of electronic process by like order acknowledged.

Notary Public
My Commission Expires:

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Trina Witbank, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Sept. 10, 2013
Member, Pennsylvania Association of Notaries

**PROPERTY:**
73 Farnham Road
South Windsor, CT
Silber, Todd
01625-84448  jmk

**\*01625-84448$8\***

RECEIVED FOR RECORD 12/21/2010
AT  3:40 pm
RECORDED IN SOUTH WINDSOR, CT
BY _Linda G. Sanise_
       TOWN CLERK
Assistant

Doc ID: 002049720001 Type: LAN
Book 2158 Page 347
File# 6076

**Exhibit H**

