## Exhibit A

## Burnett Diligence Response

# RESCAP  MORRISON | FOERSTER

JUN 2 0 2013

To _____
By _____

## Claim Information

| **Claim Number** | 345 |
|---|---|
| **Basis of Claim**<br><br>Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | *" SEE ATTACHED "* |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

| Loan Number: | ███████ 5818 |
|---|---|

Address of property related to the above loan number:
458 Lakeview Lane, Boyce VA 22620

| City: Boyce | State: Virginia | ZIP Code: 22620 |
|---|---|---|

Additional resources may be found at - http://www.kccllc.net/rescap

Residential Capital, LLC    P.O. Box 385220  Bloomington, MN  55438

Claim Number: 345
Conrad P Burnett Jr.

061KC0002-58316-2 domestic 211600001580000159

# Basis of Claim Response for RESCAP bankruptcy hearing case # 345

### History and facts leading to claim

GMAC (servicer) foreclosed on property at 458 Lakeview Lane, Boyce VA August 19,2009

Foreclosure breached an agreement GMAC originated from a letter date July 29,2009 stating borrower had 30 days until sale. Borrower was never given same opportunities as other borrowers to modify or refinance and existing loan GMAC was servicing.(exhibit A)

Facts :

- GMAC did not exercise the interest rate reduction clause stated in the pooling and servicing agreement for loan modifications- RALI QS5-2006.
- GMAC appointed a substitute trustee by false notary and "robo signing" sending property to foreclosure sale. (Exhibit B)
- Notary Susan Turner was issued a consent order and did not log notarize documents per Pennsylvania Law. ( Exhibit C)
- GMAC employee Jeffrey Stephan signed as Vice President of MERS when he was not a board appointed Vice President according to the terms and conditions of the MERS corporate by laws.

Summary of Events:

The consent order against Notary Susan Turner is verifiable evidence through a State Agency that the papers witnessed and signed to transfer possession of private property are now void. These documents should be removed from public record. The foreclosure and sale should be reversed and possession granted to original homeowner.

A default was never declared by the note holder of the loan.

Legal Basis for Claim:

The National Mortgage Settlement Fund was created to pay foreclosed homeowners a fee for damages due to foreclosures that violated State Laws and homeowners rights. A State agency has recognized wrong doing by GMAC and has issued a payment based on a review of evidence provided. This is verification of wrong doing by GMAC.

Enclosed is a copy of the check issued by the Virginia State Attorney General's office (exhibit D) for a wrongful foreclosure conducted by one of the 5 major mortgage servicers.

Claim # 345

My claims are a continuation for reimbursement for damages and wrong doing by GMAC and confiscation of private property. Violations of law have been established by the office of the Virginia State Attorney General..

Conclusion:

The claims I have filed against GMAC are to reimburse me for the home of 16 years which I did not want to lose. My claims (2 proof of claims) are to replace my wrongfully foreclosed home and punitive damages for civil conspiracy, destroyed credit, legal fees, and relocation expenses.

Conras Burnett

Claim # 345

July 30, 2009


Conrad P Burnett
458 Lakeview Ln
Boyce, VA 22620-3171
ԼաԼԼաԼԼԼԼաԼԼԼաԼԼաԼԼաԼԼԼԼաԼԼԼ

Re: Loan Number                                   ████8818

   Property Address                               458 LAKEVIEW LANE
                                                  BOYCE, VA 22620

Dear Conrad P Burnett:

We have been unsuccessful in our attempts to reach you to discuss possible workout options.
In order to consider a workout and/or repayment for your mortgage loan, it is critical that the
enclosed Financial Analysis Form is completed and returned to our office at your earliest
opportunity. Please fax the documentation to 1.866.709.4744. In addition to the completed
Financial Analysis Form, please provide the following:

1) **Signed letter explaining the cause of default or imminent (future) default and signed
   Hardship Affidavit**
2) **Copies of the two most recent pay stubs (for each borrower on the loan) or, if self-employed,
   a current income statement, balance sheet, statement of owner's equity and a 6-month profit
   and loss statement**
3) **Copy of your most recent Federal Tax return with all schedules and completed Request for
   Transcript of Tax Return, Form 4506-T**

Please allow five business days from the date of receipt to process your financial package. If
you have any questions regarding this information, please contact us at 1.800.799.9250
(Monday - Thursday 8:00 a.m. to 7:00 p.m., Friday 8:00 a.m. to 5:00 p.m., Central time).
Thank you once again for contacting GMAC Mortgage. We look forward to assisting you in
the near future.

Sincerely,

Asset Resolution Specialist

Enclosure


*Please note, federal law requires that we advise you that this letter and all subsequent communication
(written and/or oral) is an attempt to collect a debt and any information obtained will be used for that
purpose.*




Exhibit "A"


30 days to sale

Claim # 375

## SUBSTITUTE OF TRUSTEE

THIS SUBSTITUTION OF TRUSTEE is made between **Mortgage Electronic Registration Systems, Inc. as nominee for Deutsche Bank Trust Company Americas as Trustee for RALI 2006QS5** (the "Noteholder") and **Conrad P. Burnett, Jr.** (the "Original Borrower(s)") being together the Grantors"; and SPECIALIZED INC., OF VIRGINIA, substitute trustee, as "Grantee":

### W I T N E S S E T H:

WHEREAS, by a Deed of Trust dated **April 10, 2006,** and recorded in the Clerk's Office of the Circuit Court of the **Clarke County,** Virginia, in Deed Book **457,** Page **02;** (the "Deed of Trust") the Original Borrower(s) conveyed to **Laura H. Franck** (the "Original Trustee(s)") certain real property described in the Deed of Trust to secure an indebtedness in the original principal sum of THREE HUNDRED FIFTY TWO THOUSAND AND 00/100 **($352,000.00)** and also described in said Deed of Trust; and

WHEREAS, SECTION 55-59(9) of the Code of Virginia provides that the Noteholder may remove the trustee(s) of the Deed of Trust and appoint successor trustee(s) for any reason;

NOW THEREFORE, the undersigned being the present holder of the note secured by the Deed of Trust, does hereby remove the Original Trustee(s) and does also hereby remove any substitute trustee(s) who may have been previously appointed in place of the

*Exhibit "B"*        Claim # 345

Original Trustee(s), and does hereby appoint **SPECIALIZED INC., OF VIRGINIA** as

Substitute Trustee(s), and said Substitute Trustee(s) in accordance with the provisions of

the Deed of Trust do/does succeed to all the title, power and duties conferred upon the

Original Trustee(s) by the terms of said Deed of Trust and by applicable law.


WITNESS the following signature:

**Mortgage Electronic Registration Systems, Inc. as
nominee for Deutsche Bank Trust Company Americas
as Trustee for RALI 2006QS5**

By:

Name:

Title:

Jeffrey Stephan
Vice President

STATE OF )

CITY/COUNTY OF )    To-wit:

Montgomery


The foregoing instrument was acknowledged before me this 5 day of

May , 2009, by Jeffrey Stephan Vice President

on behalf of **Mortgage Electronic Registration Systems, Inc. as nominee for Deutsche
Bank Trust Company Americas as Trustee for RALI 2006QS5**.

My Commission expires: _____

Notary Public

TS#: **09-V18240VA**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Susan Turner, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Nov. 9, 2011
Member, Pennsylvania Association of Notaries

Claim # 345

### COMMONWEALTH OF PENNSYLVANIA
### DEPARTMENT OF STATE
### BEFORE THE SECRETARY OF THE COMMONWEALTH

Commonwealth of Pennsylvania,
Bureau of Commissions, Elections, and
Legislation

    vs.

Susan Turner,
Respondent

Docket No.:      -99-12
File Nos. 10-99-08768
             11-99-07232

## ORDER

AND NOW, this 6th day of ___August___ 2012, the Secretary of the Commonwealth adopts and approves the foregoing Consent Agreement and incorporates the terms of paragraph 5 above, which shall constitute the Secretary of the Commonwealth's Order, and which is now issued in resolution of this matter.

This Order shall take effect immediately.

BY ORDER

*[signature]*

Carol Aichele
Secretary of the Commonwealth

Date of Mailing:

For the Commonwealth:

August 7, 2012

Commonwealth of Pennsylvania
Department of State
P. O. Box 2649
Harrisburg, PA 17105-2649

For Respondent:

Kristin H. Jones, Attorney at Law
Pepper Hamilton LLP
3000 Two Logan Square, Eighteenth and Arch Sts
Philadelphia, PA 19103-2799

Exhibit "C"

Claim # 345

COMMONWEALTH OF PENNSYLVANIA
DEPARTMENT OF STATE
BEFORE THE SECRETARY OF THE COMMONWEALTH

PROTHONOTARY

2012 AUG -7  PM 12: 46

|  |  |
|---|---|
| Commonwealth of Pennsylvania,<br>Bureau of Commissions, Elections, and<br>Legislation | : |
| vs. | : |
| Susan Turner,<br>Respondent | : |

Docket No.: G096 -99-12

File No.: 10-99-08768
11-99-07232

## CONSENT AGREEMENT AND ORDER

### PARTIES

The Commonwealth of Pennsylvania, Bureau of Commissions, Elections, and Legislation (Bureau) and Susan Turner (Respondent) stipulate as follows in settlement of the above-captioned case.

### JURISDICTION

1.    This matter is before the Secretary of the Commonwealth ("Secretary") pursuant to the Notary Public Law, Act of August 21, 1953, P.L. 1323, No. 373 *as amended*, 57 P.S. §§147-169 ("Law") and/or the Uniform Acknowledgement Act, Act of July 24, 1941, P.L. 490, as amended, 21 P.S. § 291.1-13(Act). of 1953, P.L. 1323, *as amended* ("Law"), 57 P.S. §§ 147-169.

2.    At all relevant and material times, Respondent held a commission as a notary public within this Commonwealth, Notary I.D. Number 1237652.

### STIPULATED FACTS

3.    The Respondent admits that the following allegations are true:

a.    Respondent's commission expired on November 9, 2011.

b.    Respondent's last known office address on file with the Department of State is GMAC RESLAP, 1100 Virginia Dr., Forth Washington, PA 19034.

*Claim # 345*

c.      Prior to October 2010, and while employed by GMAC where she used her notary seal, Respondent failed to be familiar with the duties of a notary.

d.      Prior to September 2009, and while employed by GMAC where she used her notary seal, Respondent failed to log notarial acts as required by law.

e.      On at least one occasion prior to October 2010, while employed by GMAC where she used her notary seal, Respondent failed to require a personal appearance.

## ALLEGED VIOLATIONS

4.      Based upon the foregoing factual allegations, the Secretary of the Commonwealth may, for good cause, issue a written reprimand, impose a civil penalty, suspend or revoke the Respondent's commission or order the Respondent to attend additional educational courses under the authority of Section 22 of the Act, 57 P.S. §§168 (a), (b) and (c), because:

a.      Prior to October 2010, Respondent failed to be familiar with the duties of a notary public in violation of Section 5 of the Law, 57 P.S. §151(b);

b.      Prior to September 2009, Respondent failed to log notarial acts as required by Section 15 of the Law, 57 P.S. § 161.

c.      On at least one occasion prior to October 2010, Respondent failed to require a personal appearance as required by Section 12.1 of the law, 57 P.S. § 158.1.

## ORDER

5.      The parties intending to be legally bound consent to the issuance of the following Order in settlement of this matter:

a. Respondent violated the Law because prior to October 2010, Respondent failed to be familiar with the duties of a notary public in violation of Section 5 of the Law, 57 P.S. §151(b); prior to September

Claim # 343

2009 failed to log notarial acts as required by Section 15 of the Law, 57 P.S. § 161; and on at least one occasion prior to October 2010, failed to require a personal appearance as required by Section 12.1 of the law, 57 P.S. § 158.1.

b. In consideration for not imposing other disciplinary sanctions, the Parties propose, and the Secretary hereby accepts the **PERMANENT VOLUNTARY SURRENDER/RELINQUISHMENT OF ANY FUTURE RIGHT** the Respondent may possess to apply for a new Commission, or other licenses, registrations, certificates or permits authorizing Respondent to practice as a notary. Respondent acknowledges that with the permanent voluntary surrender of any future right the Respondent may have to apply to for a new commission as a Notary, Respondent is surrendering any and all property rights she may have had in her Commission and will no longer be eligible to renew and/or apply for an authorization/commission to practice as a Notary. As further stated consideration for the Commonwealth not seeking that the Secretary impose other disciplinary sanctions against Respondent, Respondent agrees not apply for the issuance or reissuance/reinstatement of any authorizations to practice as a Notary. Respondent agrees that any future applications submitted by the Respondent may be and shall be immediately deemed denied.

c. The permanent voluntary surrender of Respondent's future right to apply for a commission shall be considered a disciplinary sanction and will be reported to other licensing authorities and any applicable national

CLAIM # 34

databank as a disciplinary action.

d.  Respondent will surrender to the Bureau Respondent's notary seal and
notary embosser, if any, (or affidavit of loss or destruction), along with a
signed copy of this Consent Agreement.

## CASE SETTLED AND DISCONTINUED

6.    This case shall be deemed settled and discontinued upon the Secretary issuing an
Order adopting this Consent Agreement.

## ACKNOWLEDGMENT OF NOTICE AND WAIVER OF HEARING

7.    Respondent waives the filing of an Order to Show Cause in this matter.
Respondent knowingly and voluntarily waives the right to an administrative hearing in this
matter, and to the following rights related to that hearing: to be represented by counsel at the
hearing; the right to present witnesses and testimony in defense or in mitigation of any sanction
that may be imposed for a violation; to cross-examine witnesses and to challenge evidence
presented by the Commonwealth; to present legal arguments by means of a brief; and to take an
appeal from any final adverse decision.

## NO MODIFICATION OF ORDER

8.    Respondent agrees, as a condition of entering into this Consent Agreement, not to
seek modification at a later date of the Order adopting and implementing this Consent
Agreement without first obtaining the express written concurrence of the Prosecution Division.

## AGREEMENT NOT BINDING ON OTHER PARTIES

9.    This Consent Agreement is between the Commonwealth and Respondent only.
Except as otherwise noted, this Agreement is to have no legal effect *a)* if the Office of General
Counsel expresses an objection to the Agreement's form or legality and/or *b)* unless and until the
Secretary issues the stipulated Order.

-4-

CLAIM # 34

EFFECT OF SECRETARY'S REJECTION OF CONSENT AGREEMENT

      10.    Should the Secretary not approve this Consent Agreement, presentation to and consideration of this Consent Agreement and other documents and matters by the Secretary shall not prejudice the Secretary from further participation in the adjudication of this matter. This paragraph is binding on the participants even if the Secretary does not approve this Consent Agreement.

ENTIRE AGREEMENT

      11.    This agreement contains the whole agreement between the parties; provided however, that the captions printed in the various provisions of this agreement are for ease of reading only and are not to be interpreted as forming any part of this agreement. There are no other terms, obligations, covenants, representations, statements or conditions, or otherwise, of any kind whatsoever concerning this agreement.

AGREEMENT DOES NOT PREVENT ADDITIONAL DISCIPLINE BASED ON FUTURE CONDUCT

      12.    By virtue of this Consent Agreement, the Commonwealth and Respondent agree that they have resolved all issues relating to Respondent's compliance with the Law, as defined in paragraph 1, up through and including the date of this Consent Agreement. Nothing in this Consent Agreement or the Order based upon this Consent Agreement shall preclude the Prosecuting Attorney for the Commonwealth from filing charges or the Secretary from imposing disciplinary or corrective measures for violations or facts occurring after the date of this Consent Agreement.

VERIFICATION OF FACTS AND STATEMENTS

      13.    Respondent verifies that the facts and statements set forth in this Agreement are true and correct to the best of Respondent's knowledge, information and belief. Respondent understands that statements in this Agreement are made subject to the criminal penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

Claim # 34


CONRAD P BURNETT
612 MCINTOSH DR
LINDEN, VA 22642-6212



**COMMONWEALTH of VIRGINIA**
*Office of the Attorney General*

Kenneth T. Cuccinelli, II
Attorney General

Re:   *National Mortgage Settlement*

Dear Borrower:

Thank you for filing a claim to receive a payment from the National Mortgage Settlement fund. Your payment is one result of the agreement reached between our office, other state and federal law enforcement officials, and the country's five largest mortgage servicers. Your payment amount is based on the terms of the Settlement and the total number of eligible borrowers who filed claim forms.

Please cash or deposit your payment check as soon as possible. If the check is not cashed within ninety (90) days from the date on the check, it will become null and void and your right to receive the payment will be lost.

If you have any questions regarding your settlement check, please visit the Settlement website at www.nationalmortgagesettlement.com or call the office of the Settlement Administrator toll free 1-866-430-8358 (hearing impaired call 1-866-494-8281), Monday through Friday 7:00 a.m. – 7:00 p.m. Central Time.

Sincerely,

Kenneth T. Cuccinelli, II
Attorney General of Virginia

*** Neither your State Attorney General nor the Settlement Administrator can offer individual tax advice. Please contact a professional tax advisor or other qualified financial counselor with any questions concerning taxes. For tax information about your distribution, please see www.nationalmortgagesettlement.com/taxinfo.

NM ------- Detach and sign the back of this instrument. ------- A 1131 000002054

Exhibit " D "

Claim #345

THIS DOCUMENT CONTAINS ANTI-THEFT DEVICES INCLUDING MICRO PRINTING AND A COLORED BACKGROUND. ABSENCE OF THESE FEATURES INDICATE A COPY.

Direct Payment Settlement Amount QSF
National Mortgage Settlement Administrator
PO Box 8043
Faribault, MN 55021-9443
www.nationalmortgagesettlement.com

The Huntington National Bank    56-1512 / 441    Check No. 0100198706

| Date | CLAIM NUMBER | Amount |
|------|--------------|--------|
| June 13, 2013 | ████ 8740 | $1484.21 |

Financial Institutions may call
1-800-379-1145 to verify this check.

*VOID AFTER NINETY (90) DAYS*
**NOT VALID FOR AMOUNT OTHER THAN $1484.21**
*All payee signatures required on back in order for this instrument to be valid.*

Pay:    ONE THOUSAND FOUR HUNDRED EIGHTY-FOUR DOLLARS AND TWENTY-ONE CENTS
Payable to:    CONRAD P BURNETT

Paul V____

Authorized Signature

Claim # 345

Claim #345  Date Filed: 7/27/2012

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT   Southern District of New York | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor<br>GMAC MORTGAGE, LLC | Case Number<br>12-12032-MG | **RECEIVED**<br><br>JUL 3 1 2012<br><br>**KURTZMAN CARSON CONSULTANTS**<br><br>COURT USE ONLY |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property)<br>CONRAD P BURNETT JR | |
|---|---|
| Name and address where notices should be sent<br>612 MCINTOSH DRIVE<br>LINDEN, VA. 22642<br><br>Telephone number: (703) 300-7122    email | ☐ Check this box if this claim amends a previously filed claim.<br><br>**Court Claim Number:** _____<br>(If known)<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above)<br>612 MCINTOSH DRIVE<br>LINDEN, VA. 22642<br><br>Telephone number: (703) 300-7122    email | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**    $    352,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**    COMMERCIAL PAPER "DEED OF TRUST"
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>4  8  4  0 | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff:  ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
Describe:

Value of Property: $ 232,700.00

Annual Interest Rate 7.125 % ☑ Fixed  or  ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$  352,000.00

Basis for perfection:  Security Instrument

Amount of Secured Claim:  $  352,000.00

Amount Unsecured:  $  0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).  C2

**Amount entitled to priority:**
$  352,000.00

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

JUL 2 7 2012

CLAIM # 345



001KC0802 38336-2 domestic 24180000500000200

12120321207270000000000003

Residential Capital, LLC
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

000005

PRF # 58316***
Case No.: 12-12020
Svl 2

PackID: 5
NameID: 10974709

Conrad P Burnett Jr.
612 McIntosh Drive
Linden, VA 22642

CLAIM # 345



**RESCAP**                         MORRISON | FOERSTER

**Claim Number:** 345

Dear Claimant: Conrad P Burnett Jr.

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claims you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We received and reviewed a copy of the Proof of Claim form and document(s), if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. We are unable to determine from the Proof of Claim form and the document(s), if any, you submitted why you believe you are owed money or other relief from one of the Debtors. In order to evaluate your claim, we need to understand why you believe you are owed money or are entitled to other relief from one of the Debtors.

**You Must Respond to this Letter by no Later Than June 20, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you must respond to this letter by no later than June 20, 2013 with an explanation that states the legal and factual reasons why you believe that one of the Debtors owed you money as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you must provide copies of any and all documentation that you believe supports the basis for your claim. Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond:**
If you do not provide the requested explanation and supporting documentation by no later than June 20, 2013, the Debtors may file a formal objection to your Proof of Claim, and your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

Claim Number: 345
Conrad P Burnett Jr.

ny-1100012_SS3162_domestic_2110000050000018

**Note**: The Debtors previously provided notices about their bankruptcy filings and the claim process to current customers and mortgage loan applicants. You may have received one or more of those notices. Nothing in those notices and nothing in this letter changes your obligations under your mortgage loan agreement (i.e. if you were obligated to make, or were making, mortgage loan payments before the ResCap bankruptcy case commenced, you should continue to make mortgage loan payments). However, if the only reason you filed a Proof of Claim was because you received a notice from the Debtors and you do not believe that ResCap, GMAC Mortgage or any of the other Debtors owes you money or other relief, please reply to us via email or letter stating so. This information is necessary to evaluate your claim.

**Questions:**

If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**

SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either;**

  (i)   Claims.Management@gmacrescap.com, or
  (ii)  **Residential Capital, LLC**
        **P.O. Box 385220**
        **Bloomington, Minnesota 55438**

**Please mark each piece of correspondence with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

Claim Number: 3
Conrad P Burnett

**PLEASE PRESS FIRMLY**





U.S. POSTAGE
PAID
LINDEN, VA
22842
JUN 18 13
AMOUNT

1007

$19.95
00054055-04



# EXPRESS MAIL®
**UNITED STATES POSTAL SERVICE**

# Flat Rate
# Mailing Envelope
**For Domestic and International Use**

Visit us at usps.com



**EXPRESS MAIL**
**UNITED STATES POSTAL SERVICE®**

**Addressee Copy**
Label 11-B, March 2004

**Post Office To Addressee**

When used internationally affix customs declarations (PS Form 2976, or 2976A).

**DELIVERY (POSTAL USE ONLY)**

**CUSTOMER USE ONLY**

WAIVER OF SIGNATURE (Domestic Mail Only)
Additional merchandise insurance is void if customer requests waiver of signature. I wish delivery to be made without obtaining signature of addressee or addressee's agent (if delivery employee judges that article can be left in secure location) and I authorize that delivery employee's signature constitutes valid proof of delivery.

**NO DELIVERY**
Weekend ☐  Holiday ☐   Mailer Signature

**ORIGIN (POSTAL SERVICE USE ONLY)**

PO ZIP Code

Day of Delivery

Postage

Date Accepted

Mo. Day Year

Time Accepted ☐ AM ☐ PM

Flat Rate ☐ or Weight

lbs. ozs.

**FROM:** (PLEASE PRINT)    PHONE (

**TO:** (PLEASE PRINT)    PHONE (

**FOR PICKUP OR TRACKING**
Visit **www.usps.com**
Call **1-800-222-1811**

FOR INTERNATIONAL DESTINATIONS, WRITE COUNTRY NAME BELOW.



USPS packaging products have been awarded Cradle to Cradle Certification℠ for their ecologically-intelligent design. For more information go to mbdc.com/usps

Cradle to Cradle Certified℠ is a certification mark of MBDC.

**Please recycle.**

This packaging is the property of the U.S. Postal Service® and is provided solely for use in sending Express Mail® shipments. Misuse may be a violation of federal law. This packaging is not for resale. EP13F © U.S. Postal Service; Oct. 2008. All rights reserved.



EP13F

# RESCAP

**MORRISON | FOERSTER**

## Claim Information

| Claim Number | 3743 |
|---|---|
| **Basis of Claim**<br><br>Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | *( SEE ATTACHED Complaint )* |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

| Loan Number: ▮▮▮▮ 4662 | | |
|---|---|---|
| Address of property related to the above loan number:<br>458 Lakeview Lane | | |
| City: Boyce | State: VA | ZIP Code: 22620 |

**RECEIVED**

JUL 2 4 2013

KURTZMAN CARSON CONSULTANTS

Additional resources may be found at - http://www.kccllc.net/rescap

Residential Capital, LLC    P.O. Box 385220  Bloomington, MN  55438

Claim Number: 3743
Conrad P Burnett Jr.
Type: POC

Claim #3743  Date Filed: 11/8/2012

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT  Southern District of New York | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>GMAC MORTGAGE, LLC | Case Number:<br>12-12032-MG | **RECEIVED**<br><br>NOV 0 8 2012<br><br>KURTZMAN CARSON CONSULTANTS<br><br>COURT USE ONLY |
|---|---|---|

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>CONRAD P BURNETT JR | ☐ Check this box if this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br>612 MCINTOSH DRIVE<br>LINDEN, VA. 22642<br><br>Telephone number: (703) 300-7122   email: | Court Claim Number: _____<br>*(If known)*<br><br>Filed on: _____ |
| Name and address where payment should be sent (if different from above):<br>612 MCINTOSH DRIVE<br>LINDEN, VA. 22642<br><br>Telephone number: (703) 300-7122   email: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars. |

**1. Amount of Claim as of Date Case Filed:**  $ 352,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  COMMERCIAL PAPER "DEED OF TRUST"
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>4 8 4 0 | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☑Real Estate ☐Motor Vehicle ☐Other
Describe:

Value of Property: $ 232,700.00

Annual Interest Rate 7.125% ☑Fixed or ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$ 352,000.00

Basis for perfection: Security Instrument

Amount of Secured Claim: $ 352,000.00

Amount Unsecured: $ 0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(2).

Amount entitled to priority:
$ 352,000.00

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this ...

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



1212032121108000000000041

*Exhibit 1*

# RESCAP

MORRISON | FOERSTER

June 21, 2013

**Claim Number:** 3743

Dear Claimant: Conrad P Burnett Jr.

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim**:
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013**:
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond**:
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220    Bloomington, Minnesota 55438

Claim Number: 3743
Conrad P Burnett Jr.
Type: POC

Residential Capital, LLC
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

000050

PRF # 59050***
Case No.: 12-12020
Svc: 3

PackID: 50
NameID: 10974709

Conrad P Burnett Jr.
612 McIntosh Drive
Linden, VA 22642

course of daily business with principal locations at , City of Fort Washington, State of
Pennsylvania.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 157 and
1334(a). This adversary proceeding is a core matter pursuant to 28 U.S.C. § 157(b) (2)
(F) and Plaintiff consents to the entry of a final order or judgment by the Bankruptcy
Court.

4.    Venue is proper and resides in the United States Bankruptcy Court for the
Southern District of New York pursuant to 28 U.S.C. § 1409 in that this adversary
proceeding is related to In re Residential Capital, LLC., Bk. No. 12-12020.

5.    This court has jurisdiction pursuant under Bankruptcy Rule 7008(a).

## GENERAL ALLEGATIONS

6.    Plaintiff, at all times mentioned, was the owner of an account with Defendant.

7.    This is an action for accounting that exceeds the jurisdictional amount.

8.    Before the institution of this action plaintiffs and defendant had business
transactions between them and on July 2009, they agreed to the resulting balance.

9.    Plaintiff rendered a statement of it to defendant, a copy being attached, and
defendant did not object to the statement.

10.    Defendant owes plaintiff $352,000.00 that is due with interest since July 30, 2009,
on the account.

11.    Defendant, "GMAC" controlled a loan account bearing the number 7441368818
owned by the Plaintiff, "BURNETT". Plaintiff believes and is informed that Defendant
mismanaged the account which lead to a non-judicial foreclosure of real property owned
by Defendant mentioned herein.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK (Manhattan)**

-------------------------------------------------------------x

| | |
|---|---|
| In re : | |
| : | Chapter 11 |
| : | |
| GMAC Mortgage, LLC : | Case No. 12-12032 (MG) |
| : | |
| Debtor. : | |
| : | |
| Debtors Address: : | |
| 1100 Virginia Drive : | |
| Fort Washington, PA. 19034 : | |
| : | |
| Debtor's Tax Id. No. 23-1694840 : | Adversary No.: _____ |
| : | |
| _____ : | |
| : | |
| CONRAD P BURNETT : | |
| : | |
| Plaintiff : | |
| : | **COMPLAINT FOR ACCOUNTING** |
| v. : | |
| : | |
| GMAC Mortgage, LLC : | |
| : | |
| Defendant. : | |
| : | |

-------------------------------------------------------------x

Plaintiff respectfully alleges as follows:

## PARTIES

1.     Plaintiff CONRAD P BURNETT'S, herein after referred to as, ("BURNETT"), is

an individual principal address at 612 McIntosh Drive, City of Linden, County of

Warrenton, and State of Virginia.

2.     Defendant/Debtor  GMAC Mortgage, LLC, herein after referred to as, ("Debtor"),

is a Corporation and registered under the laws of the United States and serves as banking

or otherwise a financial institution engaged in the financial transactions in its ordinary

## **FIRST CLAIM FOR RELIEF**
### **(Accounting Equitable)**

12.    Plaintiff realleges and incorporates the allegations set forth  in paragraphs 1 - 11

above as if set forth herein in full.

13.    Plaintiff shares a propriatary right along with the Defendant upon defendants

books.

14.    Plaintiff and defendant share a fiduciary relationship or entered a complex

transaction with an outside third party not a party to this action, however, Plaintiff

excercises control over its successors to a certain loan for real property directly

associated with the above mentioned account number. Defendants controls the books and

records of this account and willfully fails to disclose(1099A) and relinquish details of  a

particular transaction that occurred on July 30, 2009 for inspection.

## **SECOND CLAIM FOR RELIEF**
### **(Account Stated)**

15.    Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 - 11

above as if set forth herein in full.

16.    As a result of the aforementioned transaction defendant has received money, a

portion of which is due to plaintiff from defendant "GMAC", as previously alleged.

17.    The amount of money due from defendant to plaintiff is unknown to plaintiff and

cannot be ascertained without an accounting of the transfers, assignments, receipts and

disbursements and management of the aforementioned transactions relating to an account

on mortgaged real property.  Plaintiff is informed and believes and thereon alleges that

the amount due to plaintiff exceeds $352,000...

18.     Plaintiff has demanded an accounting of the aforementioned transactions from defendant "GMAC" and payment of the amount found due but defendant has failed and refused, and continues to fail and refuse, to render such an accounting and to pay such sum.

### THIRD CLAIM FOR RELIEF
**(Breach of Fiduciary Duty)**

19.     Plaintiff realleges and incorporates the allegations set forth in paragraphs 1 through 11 above as if set forth herein in full.

20.     Plaintiff and Defendant share a relationship whereby **(a)** Plaintiff reposes trust and confidence in Defendant, and **(b)** Defendant undertakes such trust and assumes a duty to advise, counsel and/or protect Plaintiff.

21.     Defendant breached its duties to Plaintiff as mortgage servicer.

22.     Defendant's breach caused Plaintiff to suffer damages.

**WHEREFORE**, Plaintiff prays for judgment against defendant's and each of them, as follows:

1. For an accounting between plaintiff "BURNETT" and defendant "GMAC";

2. For the amount found to be due from defendant to plaintiff as a result of the accounting and interest on that amount from and after July 30, 2009;

3. For costs of suit herein incurred.

4. For such other and further relief as the court may deem proper.

Dated: July 16, 2013

Respectfully Submitted,

Conrad P Burnett
612 McIntosh Drive

4

Linden, VA. 22642

## **VERIFICATION**

I Conrad P Burnett am the Plaintiff in the above entitled action. I have read the

foregoing complaint. The facts stated therein are within my knowledge and are true and

correct, except those matters stated on information and belief, and, as to those, I believe

them to be true and correct.

I declare under penalty of perjury under the laws of the United States that the

foregoing is true and correct.

Executed this ____ day of July, 2013, at Linden, Virginia.


Conrad P Burnett