**<u>Exhibit B</u>**

**Claim No. 345**

Claim #345  Date Filed: 7/27/2012

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>GMAC MORTGAGE, LLC | Case Number:<br>12-12032-MG |
|---|---|

**RECEIVED**

**JUL 3 1 2012**

**KURTZMAN CARSON CONSULTANTS**

NOTE:  *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**CONRAD P BURNETT JR**

Name and address where notices should be sent:
612 MCINTOSH DRIVE
LINDEN, VA. 22642

Telephone number:  (703) 300-7122    email:

Name and address where payment should be sent (if different from above):
612 MCINTOSH DRIVE
LINDEN, VA. 22642

Telephone number:  (703) 300-7122    email:

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim

**Court Claim Number:** _____
*(If known)*

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**     $                352,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**    COMMERCIAL PAPER "DEED OF TRUST"
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br>4  8  4  0 | 3a. Debtor may have scheduled account as:<br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff:  ☑Real Estate  ☐Motor Vehicle  ☐Other
Describe:

Value of Property: $   232,700.00

Annual Interest Rate 7.125% ☑Fixed  or  ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$            352,000.00

Basis for perfection:  Security Instrument

Amount of Secured Claim:    $        352,000.00

Amount Unsecured:    $                 0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(2).

Amount entitled to priority:
$        352,000.00

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

RECEIVED
JUL 2 7 2012
U.S. BANKRUPTCY COURT
S.D. DIST OF NEW YORK

B 10 (Official Form 10) (12/11)                                                                                                          2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**RECEIVED**

**JUL 3 1 2012**

**KURTZMAN CARSON CONSULTANTS**

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)   or their authorized agent.   (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  **CONRAD P BURNETT JR**
Title:  **BORROWER**
Company:  **N/A**
Address and telephone number (if different from notice address above):
 **612 MCINTOSH DRIVE**
 **LINDEN, VA. 22642**

Telephone number: **(703) 300-7122**     email:

(Signature)                              **7-25-2012**
                                          (Date)

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

06-1347

10606485

Title Insurance Underwriter:
Stewart Title Guaranty Co.
No Policy # available at this time.

BOOK 457 PAGE 02

20-02472021-R
04/17/2006 13:52

Record & Return Deed of Trust To:
GENERAL AMERICAN CORPORATION
787 GRANT STREET
SUITE 400
PITTSBURGH PA, 15219

PIN/Tax Map Reference #: 306-005

2472021

[Space Above This Line For Recording Data]

# DEED OF TRUST

MIN ▓▓▓▓▓2004

LOAN ID # ▓▓200

PREPARED BY:
Bonnie Fabio
Homestead Funding Corp.

The following information, as further defined below, is provided in accordance with Virginia law:

This Deed of Trust is given by CONRAD P. BURNETT, JR., ▓▓▓▓▓▓▓▓▓▓ (CPB)

, as Borrower (trustor), to ▓▓▓▓▓▓ O1DONOGHUE, FEE IS 5% 

LAURA H. FRANCK , as Trustee, for the benefit of Mortgage Electronic
Registration Systems, Inc., as beneficiary.

THIS IS A REFINANCE OF A __ DEED OF TRUST, __ MORTGAGE OR, __ OTHER SECURITY
INTEREST RECORDED IN THE CLERK'S OFFICE, CIRCUIT COURT OF CLARKE COUNTY,
VIRGINIA, IN DEED BOOK _____, PAGE _____, IN THE ORIGINAL
PRINCIPAL AMOUNT OF $_____, AND WITH THE OUTSTANDING PRINCIPAL
BALANCE WHICH IS $_____.

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3,
11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in
Section 16.

(A) "Security Instrument" means this document, which is dated April 10th, 2006 , together
with all Riders to this document.
(B) "Borrower" is CONRAD P. BURNETT, JR., ▓▓▓▓▓▓▓▓▓▓

. Borrower is the trustor under this Security Instrument.
(C) "Lender" is HOMESTEAD FUNDING CORP.
. Lender is a CORPORATION organized and existing
under the laws of THE STATE OF NEW YORK . Lender's address is
8 AIRLINE DRIVE, ALBANY, NY 12205
(D) "Trustee" is ▓▓▓▓▓▓ O1DONOGHUE, FEE IS 5%
LAURA H. FRANCK. Trustee (whether one or more persons) is a Virginia resident and/or a United States- or
Virginia-chartered corporation whose principal office is located in Virginia. Trustee's address is 1063
TECHNOLOGY PARK DRIVE, GLEN ALLEN, VA 23059

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this
Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and
telephone number of P.O. Box 2026, Flint, Michigan 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated April 10th, 2006 . The
Note states that Borrower owes Lender Three Hundred Fifty Two Thousand and no/100- - -
- - - - - - - - - - - - - - - - - - - Dollars (U.S. $ 352,000.00 ) plus interest.
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than
May 1st, 2036 . The interest rate stated in the Note is Seven and one eighth
percent ( 7.125 %). If this Security Instrument is an adjustable rate
mortgage loan, this initial rate is subject to change in accordance with the attached Adjustable Rate Rider.
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."

Initials: CPB

VIRGINIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VACMVM1 - 07072005

Form 3047 1/01 (page 1 of 10 pages)
www.ProClose.com

BOOK 457 PAGE 03

Loan ID # _____ 200

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider   ☐ Condominium Rider   ☐ Second Home Rider
☐ Balloon Rider   ☐ Planned Unit Development Rider   ☐ Other(s) [specify]:
☐ 1-4 Family Rider   ☐ Biweekly Payment Rider

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the
County
of
[Type of Recording Jurisdiction]

[Name of Recording Jurisdiction]

SEE LEGAL DESCRIPTION SCHEDULE "A" ATTACHED

which currently has the address of   450 LAKEVIEW LANE,
Virginia                                                        [Street]
22620                      ("Property Address");
[Zip Code]

BOYCE
[City/County]

VIRGINIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VACMSC - 09/07/2005

Form 3047 1/01 (Page 2 of 18 Pages)
www.DocMagic.com

Initials: CAC

BOOK 457 PAGE 04

Loan ID # [ ] 200

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges. Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. Application of Payments or Proceeds. Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

3. Funds for Escrow Items. Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such time period in which such payment

BOOK 457 PAGE 11

Loan ID # [████]1200

Instrument to Trustee. Trustee shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Substitute Trustee. Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

**NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.**

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____        _____ (Seal)
                               CONRAD P. BURNETT   JR.           -Borrower

_____        _____ (Seal)
                               ~~MARY T. BURNETT~~               -Borrower

_____        _____ (Seal)
                                                                 -Borrower

_____        _____ (Seal)
                                                                 -Borrower

_____        _____ (Seal)
                                                                 -Borrower

_____        _____ (Seal)
                                                                 -Borrower

STATE OF VIRGINIA, CLARKE                        County, ss:

The foregoing instrument was acknowledged before me this _____ 10th day of April, 2006
CONRAD P. BURNETT, JR. ~~and MARY T. BURNETT~~

_____

My Commission Expires:  5/31/2007

                               _____
                               Notary Public        Eric R. Johnson
                               (Sign & Print Name)

VIRGINIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3047 1/01 (page 10 of 10 pages)
VACMMA - 07072005                                                         www.ProClose.com

MIN ████████2004
Loan ID # ████2200

# NOTE

April 10th, 2006                        BOYCE, VIRGINIA
[Date]                          [City]                          [State]

456 LAKEVIEW LANE, BOYCE, Virginia 22620
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $352,000.00      (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is HOMESTEAD FUNDING CORP.

. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of  7.125  %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the  1st    day of each month beginning on   June 1st, 2006    . I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on  May 1st, 2036    , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at   8 AIRLINE DRIVE, ALBANY, NY 12205
or at a different place if required by the Note Holder.

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $2,371.49 .

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of Fifteen calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be  5.000   % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

Loan ID #: [████] 290

**7. GIVING OF NOTICES**

. Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8. OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9. WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10. UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)
CLYDE P. JUNNER, JR.          -Borrower

_____(Seal)
                              -Borrower

_____(Seal)
                              -Borrower

_____(Seal)
                              -Borrower

PAY TO THE ORDER OF,

_____(Seal)
                              -Borrower

_____(Seal)
                              -Borrower

_____(Seal)
                              -Borrower

_____(Seal)
                              -Borrower

WITHOUT RECOURSE:
HOMETOWN FUNDING CORP.

BY: DAWN KRYHOSKE
ITS: OFFICER

_____(Seal)
                          [Sign Original Only]  -Borrower

This is to certify that this is the Note described in and secured by a Deed of Trust dated Apr 10 2006, on the Property located in the county of CLARKE, Virginia.

My Commission Expires: 5/31/2007

Notary Public: Eric R. Johnson

VIRGINIA FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VAICM - 11102006
Form 3247 1/01 (page 3 of 3 pages)
www.msgndocs.com

obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor and waive the benefit of the homestead exemption as to the Property described in the Security Instrument (as defined below). "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

PAY TO THE ORDER OF

**RESIDENTIAL FUNDING CORPORATION**
WITHOUT RECOURSE
HOMESTEAD FUNDING CORP.

_____ (Seal)
CONRAD P. BURNETT, JR.          -Borrower

DAWN M. KEYROUZE, OFFICER

PAY TO THIS ORDER OF:

_____ (Seal)
                                -Borrower

WITHOUT RECOURSE:
HOMESTEAD FUNDING CORP.

PAY TO THE ORDER OF
Deutsche Bank Trust Company Americas as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

_____ (Seal)
                                -Borrower

BY: _____
Judy Faber, Vice President

BY:   DAWN KEYROUZE
ITS:  OFFICER

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

_____ (Seal)
                                -Borrower

*[Sign Original Only]*

This is to certify that this is the Note described in and secured by a Deed of Trust dated April 10, 2006
_____, on the Property located in   the county of CLARKE   , Virginia.

My Commission Expires:  5/31/2007

Notary Public  Eric R. Johnson

VIRGINIA FIXED RATE NOTE–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT     Form 3247 1/01  (page 2 of 2 pages)

## SUBSTITUTE OF TRUSTEE

THIS SUBSTITUTION OF TRUSTEE is made between **Mortgage Electronic Registration Systems, Inc. as nominee for Deutsche Bank Trust Company Americas as Trustee for RALI 2006QS5** (the "Noteholder") and **Conrad P. Burnett, Jr.** (the "Original Borrower(s)") being together the Grantors"; and SPECIALIZED INC., OF VIRGINIA, substitute trustee, as "Grantee":

## W I T N E S S E T H:

WHEREAS, by a Deed of Trust dated **April 10, 2006**, and recorded in the Clerk's Office of the Circuit Court of the **Clarke County,** Virginia, in Deed Book **457,** Page **02;** (the "Deed of Trust") the Original Borrower(s) conveyed to **Laura H. Franck** (the "Original Trustee(s)") certain real property described in the Deed of Trust to secure an indebtedness in the original principal sum of THREE HUNDRED FIFTY TWO THOUSAND AND 00/100 **($352,000.00)** and also described in said Deed of Trust; and

WHEREAS, SECTION 55-59(9) of the Code of Virginia provides that the Noteholder may remove the trustee(s) of the Deed of Trust and appoint successor trustee(s) for any reason;

NOW THEREFORE, the undersigned being the present holder of the note secured by the Deed of Trust, does hereby remove the Original Trustee(s) and does also hereby remove any substitute trustee(s) who may have been previously appointed in place of the

Original Trustee(s), and does hereby appoint **SPECIALIZED INC., OF VIRGINIA** as

Substitute Trustee(s), and said Substitute Trustee(s) in accordance with the provisions of

the Deed of Trust do/does succeed to all the title, power and duties conferred upon the

Original Trustee(s) by the terms of said Deed of Trust and by applicable law.

WITNESS the following signature:



**Mortgage Electronic Registration Systems, Inc. as nominee for Deutsche Bank Trust Company Americas as Trustee for RALI 2006QS5**

By:
Name:
Title:

Jeffrey Stephan
Vice President

STATE OF          )

CITY/COUNTY OF          )    To-wit:

Montgomery

The foregoing instrument was acknowledged before me this 5 day of

May , 2009, by Jeffrey Stephan Vice President

on behalf of **Mortgage Electronic Registration Systems, Inc. as nominee for Deutsche Bank Trust Company Americas as Trustee for RALI 2006QS5.**

My Commission expires: _____

_____
Notary Public

TS#: **09-V18240VA**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Susan Turner, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Nov. 9, 2011
Member, Pennsylvania Association of Notaries

## CERTIFICATE OF TITLE

TO:        Conrad P. Burnett, Jr.
               10 Lakeview Drive
               Boyce, Virginia 22620

DATE:     November 16, 1995

THIS IS TO CERTIFY, as of the date hereof, I have examined all public records affecting

title to that certain real property situate in Greenway Magisterial District, Clarke County,

Virginia and more particularly described as follows:

> All that certain lot or parcel of land, together with the improvements
> thereon and appurtenances thereunto belonging, situate on the north west
> side of Lakeview Drive approximately four and one-half miles southeast of
> Millwood, in Greenway Magisterial District, Clarke County, Virginia,
> known and designated as Parcel 805, containing 5.00 acres, on the plat of
> CAREFREE ACRES, Section 8, prepared by Lee A. Ebert, C.L.S., dated
> October, 1975 and recorded in Deed Book 115 at Pages 740-743 in the
> Office of the Clerk of the Circuit Court of Clarke County, Virginia; and
> being more particularly described by plat of house location survey thereof
> prepared by W. Stuart Dunn, Land Surveyor, dated August 3, 1995 and
> recorded in Deed Book 255 at Page 756 in the aforesaid Clerk's Office.

which sources of title information cover a period of not less than sixty (60) years last past.

Based upon this examination, it is my opinion that good and marketable fee simple title to same

is vested in Conrad P. Burnett, Jr., and said title is subject only to the liens, restrictions and

objections noted below:

     1.     Deed of Trust dated August 30, 1995 and recorded August 30, 1995 in Deed Book
255 at Page 757 in the aforesaid Clerk's Office, from Conrad P. Burnett, Jr., to Kevin Keegan
and Kevin D. McCormick, Trustees, securing a note of even date therewith in the principal sum
of $128,300.00 in favor of Mortgage Capital Investors; transferred by Deed of Trust Assignment
from Mortgage Capital Investors to BancBoston Mortgage Corporation, dated August 30, 1995
and recorded August 30, 1995 in Deed Book 255 at Page 766 in the aforesaid Clerk's Office.

     2.     Restrictive covenants; 75' front building restriction line and 40' side and rear
building restriction lines; and Carefree Acres Homeowners Corporation maintenance
assessments, as set forth in the Declaration of Amended Covenants of CAREFREE ACRES,
Section 8, recorded July 8, 1988 in Deed Book 188 at Page 616 in the aforesaid Clerk's Office.

     3.     Right of way dated November 17, 1982 and recorded February 10, 1983 in Deed
Book 149 at Page 208 in the aforesaid Clerk's Office, to Potomac Edison Company.

     4.     Right of way dated November 12, 1965 and recorded December 8, 1965 in Deed

No certification is made against loss in value of the property described above by reason of any of the following:

6.     County of Clarke real property taxes for second half, 1995 and subsequent years not yet due and payable.

7.     Deficiency in quantity of land due to the fault of any survey or recording, boundary line disputes, roadways, unrecorded easements, or any other matters not of record which might be disclosed by an accurate survey or inspection of the premises.

8.     Title to that portion of the property within the boundary of any road, highway, or right of way.

9.     Any law, ordinance or governmental regulation, including but not limited to zoning and subdivision ordinances, restricting, regulating or prohibiting the use or enjoyment of the premises, or prohibiting a separation of ownership or a reduction in the dimensions or area of the land.

10.     No liability is hereby assumed for the inaccuracy, if any, of the Clarke County Land Records or the indices thereto.

I so certify,

John R. Friant, Jr., Esquire
114 South Church Street
Berryville, Virginia 22611

BOOK **255** PAGE **755**

STATE OF VIRGINIA,

COUNTY OF CLARKE, to-wit:

The foregoing DEED was acknowledged before me this 30th day of August, 1995, by

GERALD R. VARNADO and BARBARA VARNADO, husband and wife.

*Candace S. Atchison*
Notary Public

My Commission expires: 10/31/96

**Claim No. 3743**

Claim #3743  Date Filed: 11/8/2012

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor:<br>GMAC MORTGAGE, LLC | Case Number:<br>12-12032-MG | |
|---|---|---|

**RECEIVED**

**NOV 0 8 2012**

**KURTZMAN CARSON CONSULTANTS**

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
CONRAD P BURNETT JR

COURT USE ONLY

Name and address where notices should be sent:
612 MCINTOSH DRIVE
LINDEN, VA. 22642

Telephone number: (703) 300-7122    email:

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____
   *(If known)*

Filed on: _____

Name and address where payment should be sent (if different from above):
612 MCINTOSH DRIVE
LINDEN, VA. 22642

Telephone number: (703) 300-7122    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $         352,000.00

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**   COMMERCIAL PAPER "DEED OF TRUST"
   (See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor:<br><br>4 8 4 0 | 3a. Debtor may have scheduled account as:<br><br>(See instruction #3a) | 3b. Uniform Claim Identifier (optional):<br><br>(See instruction #3b) |
|---|---|---|

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☑Real Estate ☐Motor Vehicle ☐Other
**Describe:**

**Value of Property:** $   232,700.00

**Annual Interest Rate** 7.125% ☑Fixed  or ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$         352,000.00

**Basis for perfection:** Security Instrument

**Amount of Secured Claim:**  $     352,000.00

**Amount Unsecured:**  $            0.00

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☑ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(2).

**Amount entitled to priority:**

$         352,000.00

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this [...]

☑ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return



1212032121108000000000041

*Exhibit 1*

B 10 (Official Form 10) (12/11)

2

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**RECEIVED**

**NOV 0 8 2012**

**KURTZMAN CARSON CONSULTANTS**

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  CONRAD P BURNETT JR
Title:  BORROWER
Company:  N/A
Address and telephone number (if different from notice address above):
  612 MCINTOSH DRIVE
  LINDEN, VA. 22642

(Signature)              (Date)

Telephone number: (703) 300-7122    email:

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK (Manhattan)**
---------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| | : | |
| GMAC Mortgage, LLC | : | Case No. 12-12032 (MG) |
| | : | |
| Debtor. | : | |
| | : | |
| Debtors Address: | : | **MOTION FOR ORDER** |
| 1100 Virginia Drive | : | **GRANTING RELIEF FROM** |
| Fort Washington, PA. 19034 | : | **AUTOMATIC STAY** |
| | : | |
| Debtor's Tax Id. No. 23-1694840 | : | |
| | : | |

---------------------------------------------------------------x

TO THE HONORABLE MARTIN GLENN, UNITED STATES BANKRUPTCY JUDGE:

**COMES NOW,** Conrad P Burnett ("Movant") will and hereby does move pursuant to 11 U.S.C. §§362(d)(1) and Rule 4001 of the Federal Rules of Bankruptcy Procedure, for an order terminating the automatic stay of 11 U.S.C. §362(a) as it applies to Movant and the real property located at 458 Lakeview Lane, Boyce, Virginia 22620. In support of his Motion for Order Granting Relief from the Automatic Stay, respectfully represents as follows:

1.    GMAC Mortgage, LLC or otherwise known as GMAC Mortgage Corporation is the debtor in the within case, having filed a petition for relief under Chapter 11 of the Bankruptcy Code on May 14, 2012.

2.    Among the assets of Debtor's estate is that real property commonly known as 458 Lakeview Lane, situated in the City of Boyce and County of Clarke, State of Virginia, more particularly described as follows:

*All that certain lot or parcel of land, together with the improvements thereon and appurtenances thereunto belonging, located on the northwest side of Lakeview Drive approximately 4 ½ miles southeast of Millwood, in Greenway Magisterial District, Clarke County, Virginia, known and designated as Parcel 805, containing 5.00 acres, on the plat of CAREFREE ACRES, Section 8, prepared by Lee A. Ebert, C.L.S. dated October 1975 and recorded on Deed Book 115 at pages 740-743 in the Office of the Clerk of the Circuit Court of Clarke County, Virginia; and being more particularly described by plat of house survey thereof prepared by W. Stuart Dunn, Land Surveyor,*

*dated August 3, 1995 and recorded in the Deed Book 255 at page 756 in the aforementioned Clerk's Office.*

3.    On or about August 25th, 2009 Movants property was assigned to Deutsche Bank Trust Company Americas AS Trustee for RALI 2006Q85, in that the Trust was owned or controlled by GMAC the Debtor at one point in time.

4.    Debtor was in possession of a certain trust which was subject to a particular Deed of Trust in the event of a default. However, Debtor employed Susan Turner a Notary Public of the State of Pennsylvania.   Since her employment with Debtor said notary has been admonished by the Commonwealth of Pennsylvania.

5.    Consequently, Debtor's employee, Susan Turner the said notary engaged in certain trust transactions relating to RALI 2006O85 during her ordinary course of business and in concert with Debtor's debts which were incurred through false pretenses, false representation or actual fraud found upon 11 U.S.C. §523(a)(2)(A).

6.    The terms of 11 U.S.C. §523(a)(2)(A) requires a showing to except a debt from discharge under the above section the creditor must show:(a)the debtor made representations that at the time the debtor knew to be false; (b) the debtor made those representations with the intention and purpose of deceiving the creditor (scienter); (c) the creditor justifiably relied on those representations; and (d) the creditor sustained loses as a proximate result of the debtors representations. [In *re Austin* (8th Cir. BAP 2004) 317 BR 525, 529-530; *In re Eashai* (9th Cir. 1996) 87 F3d 1082, 1086; *In re Shreffler* (BC WD PA 2004)]…

7.    In addition the Debtor obtained, money, property, services or the extension, renewal or refinancing of credit as a result of the fraudulent conduct. Movants property that was subject to a foreclosure relating to this Trust guarantee or agreement to cosign a note is obtaining "property" within the meaning of §523 (a) (2) (A). [*See Matter of Everman* (BC MD FL 1987) 72 BR 687, 690] however the Movant is not exactly sure of the order in which the transactions occurred however, should it been through a Limited Partners' interest acquired by general partners through fraudulent misrepresentations regarding partnership asset constituted "property" within the meaning of §523 (a)(2)(A). [*In re Lauer* (8th Cir. 2004) 371 F3d 406, 413]…

8.    Movant Conrad P Burnett entered into a Deed of Trust for "real property" with Homestead Funding Corp. on April 10, 2006.

9.    As part of the same transaction described in the preceding paragraph, to secure payment, insurance and performance of the Note, Debtor made, executed, and delivered to the Bank (Deutsche Bank Trust Company Americas AS Trustee for RALI 2006oS5 a Deed of Trust and Assignment. The Deed of Trust was duly recorded in the Official Records of the County of Clarke, State of Virginia, on April 18, 2006 in the Clerk's Office of the Circuit Court of the Clarke County as in Deed Book 457, Page 02 (the Deed of Trust) followed by Substitute Trustee under the Deed of Trust by instrument dated May 5, 2009 and recorded May 29, 2009, as Instrument No. 09-1118, in Deed Book 510, Page 342, in the aforesaid Clerk's Office.

10.    Debtor has defaulted in the performance of its obligations under the Note and the Deed of Trust. The defaults include, but are not limited to, the following:

    (a) Debtor has not and did not maintain insurance in an amount sufficient to protect the interest of the Movant under the Note and Deed of Trust.

11.    As of November 2, 2012, the following sums had become due and owing under the Note:

    (a) Principal Balance (FMV): $318,900.00

    (b) Interest        $31,890.00

    (c) Damages        $1,052,370.00

    Total        $1,403,160.00

12.    The Movant is informed and believes that the Property is additionally encumbered by a deed of Trust in favor of Big Bank securing repayment of insurance on a promissory note.

13.    Debtor has not offered to provide adequate protection to the Movant/Creditor Conrad P Burnett of its interest in the Property.

14.    In addition to the foregoing, cause for relief form the automatic stay exists in that Debtor has not properly insured or properly serviced the loan and has failed to adequately insure the property. By virtue of the foregoing, the Movant is entitled to relief from the automatic stay to proceed with adversary proceeding as authorized by Section 362) d) (1) of the Bankruptcy Code.

15.    The indebtedness owing to Movant for damages under the Note, and to the holders of senior deeds of trust, is in excess of Three-Hundred Fifty-Two Thousand ($352,000.00) Dollars. Filed concurrently with this Motion is the Affidavit of Conrad P

Burnett fee simple owner, however, lost possession by unlawful detainer. Debtor will not have any equity in the property and the property is not necessary to an effective reorganization. By virtue thereof, the Movant is entitled to relief from the automatic stay to proceed with adversary proceeding as authorized by Section 362(d) (2) of the Bankruptcy Code.

**WHEREFORE,** the Movant requests that this Court enter its Order:

1.    Vacating the automatic stay arising under Section 362(a) of the Bankruptcy Code under either Sections 362(d)(1) or 362(d)(2) of the Bankruptcy Code and authorizing the Movant to proceed according to law to file an adversary proceeding upon its proof of claim encumbering the property;

2.    Directing that Movant and Debtor or Trustee will reach an agreement and stipulate as to the appropriate level of adequate protection for the creditor prior to any hearing, Bankruptcy Rule 4001(d) provides the method for having such an agreement approved by the court.

3.    Granting such other and further relief as the Court deems appropriate.

Dated: November 2, 2012                    Respectfully Submitted

Conrad P Burnett
612 McIntosh Drive
Linden, VA. 22642

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK (Manhattan)**

-----------------------------------------------------------x

|  |  |  |
|---|---|---|
| In re | : |  |
|  | : | Chapter 11 |
|  | : |  |
| GMAC Mortgage, LLC | : | Case No. 12-12032 (MG) |
|  | : |  |
| Debtor. | : |  |
|  | : |  |
| Debtors Address: | : | **ORDER RE: MOTION FOR ORDER** |
| 1100 Virginia Drive | : | **GRANTING RELIEF FROM** |
| Fort Washington, PA. 19034 | : | **AUTOMATIC STAY** |
|  | : |  |
| Debtor's Tax Id. No. 23-1694840 | : |  |
|  | : |  |
|  | : |  |

-----------------------------------------------------------x

The matter of the Motion by CONRAD P BURNETT for Motion for Order granting relief from the automatic stay came on for hearing before the Honorable Martin Glenn, United States Bankruptcy Judge on _____, _____, 2012 at _____ a.m./p.m.. Appearances were made by Movant Conrad P Burnett, pro se without an attorney and self-represented. Appearances were made by Debtor's counsel Larren M Nashelsky & Lorenzo Marinuzzi of Morrison & Foerster, LLP attorneys for Debtor GMAC Mortgage, LLC.

It appears that notice of the Motion was duly given, the Court having considered the Motion for Relief from Automatic Stay and there being no opposition filed by Debtor and good cause appearing, IT IS HEREBY ORDERED:

1. That due and proper notice has been given to all parties entitled to notice.

2. That the Motion of CONRAD P BURNETT is hereby granted.

3. That the opposition filed by Debtor and its attorneys is hereby overruled.

4. That the request for relief from stay is hereby granted from the automatic stay.

**DONE AND ORDERED** this _____ day of November, 2012 at, Manhattan, New York.

_____

Honorable Martin Glenn
United States Bankruptcy Judge

9

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (Manhattan)

-----------------------------------------------------------x

| | |
|---|---|
| In re | : |
| | : Chapter 11 |
| | : |
| GMAC Mortgage, LLC | : Case No. 12-12032 (MG) |
| | : |
| Debtor. | : |
| | : **AFFIDAVIT CONRAD P BURNETT** |
| Debtors Address: | : **IN SUPPORT OF MOTION FOR ORDER** |
| 1100 Virginia Drive | : **GRANTING RELIEF FROM AUTOMATIC** |
| Fort Washington, PA. 19034 | : **STAY** |
| | : |
| Debtor's Tax Id. No. 23-1694840 | : |
| | : |
| | : |

-----------------------------------------------------------x

## AFFIDAVIT OF CONRAD P BURNETT

CONRAD P BURNETT, being duly sworn, deposes and states:

1. My name is CONRAD P BURNETT. I am over 18 years of age. I reside at 612 McIntosh Drive, Linden, Virginia 22642. I am fully competent to make this affidavit, and I have personal knowledge of the facts stated in this affidavit. To my knowledge, all of the facts stated in this affidavit are true and correct.

2. I am a Creditor and Movant in this matter. I make this affidavit in Support of the Motion for relief from automatic stay.

3. Attached to this affidavit as Exhibits "1," "2," "3" "4" "5" and "6" are true and correct copies of a "Proof of Claim," a "Substitution of Trustee," and a negotiable "Deed of Trust" and "Note" and "Consent Agreement and Order" finally "Correspondence regarding Susan Turner"...

4. I filed a true and correct Proof of Claim timely and therefore am executing my claim through the foregoing Motion which is attached as Exhibit "1".

5. I believe based upon information and belief of the foregoing exhibits that Debtor obtained a debt related to my property that was under false pretenses as defined in 11 U.S.C. §523(a)(2)(A).

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

7

I signed this affidavit on **3**, November, 2012 at **Warren County**, Virginia.

Conrad P Burnett

SUBSCRIBED AND SWORN TO BEFORE ME **Conrad P. Burnett** on **3rd**, November, 2012 at **Front Royal** Virginia.

[*Notary's seal*]

*Heather D. Clatterbuck* [*Notary's signature*]

Heather D. Clatterbuck    [*typed name*]

Notary Public in and for the State of Virginia.

My commission expires

**04-30-2016** [*date*].

8

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (Manhattan)

------------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | Chapter 11 |
| | : | |
| GMAC Mortgage, LLC | : | Case No. 12-12032 (MG) |
| | : | |
| Debtor. | : | |
| | : | |
| Debtors Address: | : | |
| 1100 Virginia Drive | : | |
| Fort Washington, PA. 19034 | : | **CERTIFICATE OF SERVICE** |
| | : | |
| Debtor's Tax Id. No. 23-1694840 | : | |
| | : | |

------------------------------------------------------------x

     **I HEREBY CERTIFY** that a true and correct copy of the foregoing was furnished by U.S. Mail on this ___ day of November, 2012. On the date set forth, I caused the document(s) described below as:

**MOTION FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

**AFFIDAVIT OF CONRAD P BURNETT IN SUPPORT OF MOTION FOR ORDER GRANTING RELIEF FROM AUTOMATIC STAY**

**PROPOSED ORDER**

to be served on the interested parties in this action addressed as follows:

GMAC Mortgage, LLC
110 Virginia Drive
Fort Washington, PA. 19034

U.S. Trustee
United States Trustee
33 Whitehall Street
21st Floor
New York, NY 10004

Larren M, Nashelsky
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, NY 10104

Lorenzo Marinuzzi
Morrison & Foerster, LLP
1290 Avenue of the Americas
New York, NY 10104

**I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.**

Executed and served on this ____ day of November, 2012 at, Linden, Virginia.

By: _____
       Conrad P Burnett

The Claims Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA  90245

FIRST CLASS
US POSTAGE PAID
EL SEGUNDO CA
PERMIT NO. 45045

Conrad P Burnett Jr.
612 McIntosh Drive
Linden, VA 22642

PROOF OF CLAIM CONFIRMATION
Your proof of claim filed against GMAC Mortgage, LLC,
case no 12-12032 was received on 7/27/2012
and assigned claim number 345

For more information, please visit www.kccllc.net/rescap or call 1-888-251-2914

# SUBSTITUTE OF TRUSTEE

THIS SUBSTITUTION OF TRUSTEE is made between **Mortgage Electronic Registration Systems, Inc. as nominee for Deutsche Bank Trust Company Americas as Trustee for RALI 2006QS5** (the "Noteholder") and **Conrad P. Burnett, Jr.** (the "Original Borrower(s)") being together the Grantors"; and SPECIALIZED INC., OF VIRGINIA, substitute trustee, as "Grantee":

## WITNESSETH:

WHEREAS, by a Deed of Trust dated **April 10, 2006**, and recorded in the Clerk's Office of the Circuit Court of the **Clarke County**, Virginia, in Deed Book **457**, Page **02**; (the "Deed of Trust") the Original Borrower(s) conveyed to **Laura H. Franck** (the "Original Trustee(s)") certain real property described in the Deed of Trust to secure an indebtedness in the original principal sum of THREE HUNDRED FIFTY TWO THOUSAND AND 00/100 **($352,000.00)** and also described in said Deed of Trust; and

WHEREAS, SECTION 55-59(9) of the Code of Virginia provides that the Noteholder may remove the trustee(s) of the Deed of Trust and appoint successor trustee(s) for any reason;

NOW THEREFORE, the undersigned being the present holder of the note secured by the Deed of Trust, does hereby remove the Original Trustee(s) and does also hereby remove any substitute trustee(s) who may have been previously appointed in place of the

*Exhibit 2*

the Deed of Trust do/does succeed to all the title, power and duties conferred upon the

Original Trustee(s) by the terms of said Deed of Trust and by applicable law.

WITNESS the following signature:

**Mortgage Electronic Registration Systems, Inc. as nominee for Deutsche Bank Trust Company Americas as Trustee for RALI 2006QS5**

By: _____ Jeffrey Stephan
Name: Vice President
Title:

STATE OF _Pa_ )

CITY/COUNTY OF _Montgomery_ ) To-wit:

The foregoing instrument was acknowledged before me this __5__ day of

_May_ , _2009_ , by _Jeffrey Stephan Vice President_

on behalf of **Mortgage Electronic Registration Systems, Inc. as nominee for Deutsche Bank Trust Company Americas as Trustee for RALI 2006QS5.**

My Commission expires: _____

_____
Notary Public

TS#: **09-V18240VA**

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Susan Turner, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Nov. 9, 2011
Member, Pennsylvania Association of Notaries

06-1347

10606485

Title Insurance Underwriter:
Stewart Title Guaranty Co.
No Policy # available at this time.

BOOK 457 PAGE 02

20-02472021-R
04/17/2006 13:52
00004617

Record & Return Deed of Trust To:
GENERAL AMERICAN CORPORATION
787 GRANT STREET
SUITE 400
PITTSBURGH PA, 15219

PIN/Tax Map Reference #: 386-005

2472021

[Space Above This Line For Recording Data]

**DEED OF TRUST**

MIN                2004
Loan ID #          1200

PREPARED BY:
Bonnie Fabio
Homestead Funding Corp.

The following information, as further defined below, is provided in accordance with Virginia law:

This Deed of Trust is given by CONRAD P. BURNETT, JR., ~~XXXXXXXXXX~~ CPBJ

, as Borrower (trustor), to ~~DENNIS O'DONOGHUE, FEB 18 5%~~

LAURA H. FRANCK , as Trustee, for the benefit of Mortgage Electronic
Registration Systems, Inc., as beneficiary.

THIS IS A REFINANCE OF A __ DEED OF TRUST, __ MORTGAGE OR, __ OTHER SECURITY
INTEREST RECORDED IN THE CLERK'S OFFICE, CIRCUIT COURT OF CLARKE COUNTY,
VIRGINIA, IN DEED BOOK _____, PAGE _____, IN THE ORIGINAL
PRINCIPAL AMOUNT OF $_____, AND WITH THE OUTSTANDING PRINCIPAL
BALANCE WHICH IS $_____.

DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3,
11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in
Section 16.

(A) "Security Instrument" means this document, which is dated April 10th, 2006        , together
with all Riders to this document.
(B) "Borrower" is CONRAD P. BURNETT, JR., ~~XX XXXXX XXX XXXX~~

. Borrower is the trustor under this Security Instrument.

(C) "Lender" is HOMESTEAD FUNDING CORP.
. Lender is a                CORPORATION              organized and existing
under the laws of            THE STATE OF NEW YORK        . Lender's address is
8 AIRLINE DRIVE, ALBANY, NY 12205
(D) "Trustee" is ~~DENNIS O'DONOGHUE, FEB 18 5%~~
LAURA H. FRANCK   Trustee (whether one or more persons) is a Virginia resident and/or a United States- or
Virginia-chartered corporation whose principal office is located in Virginia. Trustee's address is 1063
TECHNOLOGY PARK DRIVE, GLEN ALLEN, VA 23059

(E) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting
solely as a nominee for Lender and Lender's successors and assigns. MERS is the beneficiary under this
Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and
telephone number of P.O. Box 2026, Flint, Michigan 48501-2026, tel. (888) 679-MERS.
(F) "Note" means the promissory note signed by Borrower and dated April 10th, 2006        . The
Note states that Borrower owes Lender Three Hundred Fifty Two Thousand and no/100- - - -
- - - - - - - - - - - - - - - - - - Dollars (U.S. $ 352,000.00        ) plus interest.
Borrower has promised to pay this debt in regular Periodic Payments and to pay the debt in full not later than
May 1st, 2036        . The interest rate stated in the Note is Seven and one eighth
percent ( 7.125 %). If this Security Instrument is an adjustable rate
mortgage loan, this initial rate is subject to change in accordance with the attached Adjustable Rate Rider.
(G) "Property" means the property that is described below under the heading "Transfer of Rights in the
Property."

Initials: CPBJ

VIRGINIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VACMVII - 07072005

Form 3047 1/01  (page 1 of 10 pages)
www.ProClose.com

Exhibit  3

BOOK 457 PAGE 03

Loan ID #          200

(H) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.

(I) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider        ☐ Condominium Rider            ☐ Second Home Rider
☐ Balloon Rider                ☒ Planned Unit Development Rider  ☐ Other(s) [specify]
☐ 1-4 Family Rider             ☐ Biweekly Payment Rider

(J) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(K) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(L) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(M) "Escrow Items" means those items that are described in Section 3.

(N) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(O) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(P) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(Q) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. § 2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(R) "Successor in Interest of Borrower" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

The beneficiary of this Security Instrument is MERS (solely as nominee for Lender and Lender's successors and assigns) and the successors and assigns of MERS. This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower irrevocably grants and conveys to Trustee, in trust, with power of sale, the following described property located in the        County        of        CLARKE
            [Type of Recording Jurisdiction]            [Name of Recording Jurisdiction]

SEE LEGAL DESCRIPTION SCHEDULE "A" ATTACHED

which currently has the address of        458 LAKEVIEW LANE,                    BOYCE
                                                   [Street]                              [City/County]
Virginia        22620        ("Property Address"):
            [Zip Code]

Initials: _____

VIRGINIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT        Form 3047 1/01 (page 2 of 10 pages)
VACMM2 - 07072005                                                                            www.ProClose.com

BOOK **457** PAGE **04**

Loan ID # ____200

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1.  **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.
2.  **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.
3.  **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender

Initials: _____

VIRGINIA--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
VACMM3 - 07072005
Form 3047 1/01    (page 3 of 10 pages)
www.ProClose.com

BOOK 457 PAGE 11

Loan ID # ____1200

Instrument to Trustee. Trustee shall release this Security Instrument. Borrower shall pay any recordation costs. Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24. Substitute Trustee. Lender, at its option, may from time to time remove Trustee and appoint a successor trustee to any Trustee appointed hereunder. Without conveyance of the Property, the successor trustee shall succeed to all the title, power and duties conferred upon Trustee herein and by Applicable Law.

NOTICE: THE DEBT SECURED HEREBY IS SUBJECT TO CALL IN FULL OR THE TERMS THEREOF BEING MODIFIED IN THE EVENT OF SALE OR CONVEYANCE OF THE PROPERTY CONVEYED.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

Witnesses:

_____    _____ (Seal)
                              CONRAD F. BURNETT, JR.      -Borrower

_____    _____ (Seal)
                              MARY T. BURNETT              -Borrower

                              _____ (Seal)
                                                          -Borrower

                              _____ (Seal)
                                                          -Borrower

                              _____ (Seal)
                                                          -Borrower

                              _____ (Seal)
                                                          -Borrower

STATE OF VIRGINIA, CLARKE                    County, ss:

The foregoing instrument was acknowledged before me this _____10th day of April 2006 by
CONRAD F. BURNETT, JR. and MARY T. BURNETT.

_____

My Commission Expires:  5/31/2007    _____
                                      Notary Public
                                      (Sign & Print Name)    Eric R. Johnson

VIRGINIA–Single Family–Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3047 1/01  (page 10 of 10 pages)
VACMMA - 07072805                                                   www.ProClose.com

MIN      2004
Loan ID #    1200

# NOTE

April 10th, 2006             BOYCE, VIRGINIA

   [Date]                      [City]                 [State]

458 LAKEVIEW LANE, BOYCE, Virginia 22620
[Property Address]

## 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $352,000.00     (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **HOMESTEAD FUNDING CORP.**

. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

## 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **7.125 %**.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

## 3. PAYMENTS

**(A) Time and Place of Payments**

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the **1st** day of each month beginning on **June 1st, 2006**. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **May 1st, 2036**, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at **8 AIRLINE DRIVE, ALBANY, NY 12205**
or at a different place if required by the Note Holder.

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. **$2,371.49**.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of **Fifteen** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **5.000** % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

*Exhibit 4*

Loan ID # ████200

**7.  GIVING OF NOTICES**

, Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.  OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.  WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor and waive the benefit of the homestead exemption as to the Property described in the Security Instrument (as defined below). "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**10.  UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)
CONRAD P. BURNETT, JR.                -Borrower

PAY TO THE ORDER OF:
_____ (Seal)
                                     -Borrower

WITHOUT RECOURSE:
HOMESTEAD FUNDING CORP.
_____ (Seal)
                                     -Borrower

BY: DAWN KEYROUZE
ITS: OFFICER
_____ (Seal)
                                     -Borrower

_____ (Seal)
                                     -Borrower

_____ (Seal)
                                     -Borrower

                                     (Sign Original Only)

This is to certify that this is the Note described in and secured by a Deed of Trust dated April 10, 2006, on the Property located in the county of CLARKE , Virginia.

My Commission Expires: 5/31/2007

Notary Public    Eric R. Johnson

VIRGINIA FIXED RATE NOTE—Single Family—Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3247 1/01 (page 2 of 2 pages)
VA1CNG - 11162000                                                                  www.MortgageBankingSystems.com

obligations of a guarantor, surety, or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor and waive the benefit of the homestead exemption as to the Property described in the Security Instrument (as defined below). "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

## 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

PAY TO THE ORDER OF

**RESIDENTIAL FUNDING CORPORATION**
WITHOUT RECOURSE
HOMESTEAD FUNDING CORP.

DAWN M. KEYROUZE, OFFICER

PAY TO THE ORDER OF:

WITHOUT RECOURSE:
HOMESTEAD FUNDING CORP.

BY: DAWN KEYROUZE
ITS: OFFICER

_____ (Seal)
CONRAD P. BURNETT, JR.                -Borrower

_____ (Seal)
                                      -Borrower

PAY TO THE ORDER OF
Deutsche Bank Trust Company Americas as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

BY _____  (Seal)
Judy Faber, Vice President            -Borrower

_____ (Seal)
                                      -Borrower

_____ (Seal)
                                      -Borrower

_____ (Seal)
                                      -Borrower

*[Sign Original Only]*

This is to certify that this is the Note described in and secured by a Deed of Trust dated April 10, 2006
_____, on the Property located in the county of CLARKE , Virginia.

My Commission Expires: 5/31/2007

Notary Public Eric R. Johnson

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF STATE
## BEFORE THE SECRETARY OF THE COMMONWEALTH

Commonwealth of Pennsylvania,        :
Bureau of Commissions, Elections, and    :
Legislation                          :
                                     :    Docket No.: G096-99-12
        vs.                          :
                                     :    File No.: 10-99-08768
Susan Turner,                        :              11-99-07232
Respondent                           :

### CONSENT AGREEMENT AND ORDER

#### PARTIES

The Commonwealth of Pennsylvania, Bureau of Commissions, Elections, and Legislation (Bureau) and Susan Turner (Respondent) stipulate as follows in settlement of the above-captioned case.

#### JURISDICTION

1.    This matter is before the Secretary of the Commonwealth ("Secretary") pursuant to the Notary Public Law, Act of August 21, 1953, P.L. 1323, No. 373 *as amended*, 57 P.S. §§147-169 ("Law") and/or the Uniform Acknowledgement Act, Act of July 24, 1941, P.L. 490, as amended, 21 P.S. § 291.1-13(Act). of 1953, P.L. 1323, *as amended* ("Law"), 57 P.S. §§ 147-169.

2.    At all relevant and material times, Respondent held a commission as a notary public within this Commonwealth, Notary I.D. Number 1237652.

#### STIPULATED FACTS

3.    The Respondent admits that the following allegations are true:

a.    Respondent's commission expired on November 9, 2011.

b.    Respondent's last known office address on file with the Department of State is GMAC RESLAP, 1100 Virginia Dr., Forth Washington, PA 19034.

*Exhibit 5*

   c. Prior to October 2010, and while employed by GMAC where she used her notary seal, Respondent failed to be familiar with the duties of a notary.

   d. Prior to September 2009, and while employed by GMAC where she used her notary seal, Respondent failed to log notarial acts as required by law.

   e. On at least one occasion prior to October 2010, while employed by GMAC where she used her notary seal, Respondent failed to require a personal appearance.

## ALLEGED VIOLATIONS

   4. Based upon the foregoing factual allegations, the Secretary of the Commonwealth may, for good cause, issue a written reprimand, impose a civil penalty, suspend or revoke the Respondent's commission or order the Respondent to attend additional educational courses under the authority of Section 22 of the Act, 57 P.S. §§168 (a), (b) and (c), because:

   a. Prior to October 2010, Respondent failed to be familiar with the duties of a notary public in violation of Section 5 of the Law, 57 P.S. §151(b);

   b. Prior to September 2009, Respondent failed to log notarial acts as required by Section 15 of the Law, 57 P.S. § 161.

   c. On at least one occasion prior to October 2010, Respondent failed to require a personal appearance as required by Section 12.1 of the law, 57 P.S. § 158.1.

## ORDER

   5. The parties intending to be legally bound consent to the issuance of the following Order in settlement of this matter:

   a. Respondent violated the Law because prior to October 2010, Respondent failed to be familiar with the duties of a notary public in violation of Section 5 of the Law, 57 P.S. §151(b); prior to September

2009 failed to log notarial acts as required by Section 15 of the Law, 57
P.S. § 161; and on at least one occasion prior to October 2010, failed to
require a personal appearance as required by Section 12.1 of the law, 57
P.S. § 158.1.

b. In consideration for not imposing other disciplinary sanctions, the
Parties propose, and the Secretary hereby accepts the **PERMANENT
VOLUNTARY SURRENDER/RELINQUISHMENT OF ANY
FUTURE RIGHT** the Respondent may possess to apply for a new
Commission, or other licenses, registrations, certificates or permits
authorizing Respondent to practice as a notary.  Respondent acknowledges
that with the permanent voluntary surrender of any future right the
Respondent may have to apply to for a new commission as a Notary,
Respondent is surrendering any and all property rights she may have had
in her Commission and will no longer be eligible to renew and/or apply
for an authorization/commission to practice as a Notary.  As further stated
consideration for the Commonwealth not seeking that the Secretary
impose other disciplinary sanctions against Respondent, Respondent
agrees not apply for the issuance or reissuance/reinstatement of any
authorizations to practice as a Notary.  Respondent agrees that any future
applications submitted by the Respondent may be and shall be
immediately deemed denied.

c.  The permanent voluntary surrender of Respondent's future right to
apply for a commission shall be considered a disciplinary sanction and
will be reported to other licensing authorities and any applicable national

databank as a disciplinary action.

d.   Respondent will surrender to the Bureau Respondent's notary seal and notary embosser, if any, (or affidavit of loss or destruction), along with a signed copy of this Consent Agreement.

## CASE SETTLED AND DISCONTINUED

6.   This case shall be deemed settled and discontinued upon the Secretary issuing an Order adopting this Consent Agreement.

## ACKNOWLEDGMENT OF NOTICE AND WAIVER OF HEARING

7.   Respondent waives the filing of an Order to Show Cause in this matter. Respondent knowingly and voluntarily waives the right to an administrative hearing in this matter, and to the following rights related to that hearing:  to be represented by counsel at the hearing; the right to present witnesses and testimony in defense or in mitigation of any sanction that may be imposed for a violation; to cross-examine witnesses and to challenge evidence presented by the Commonwealth; to present legal arguments by means of a brief; and to take an appeal from any final adverse decision.

## NO MODIFICATION OF ORDER

8.   Respondent agrees, as a condition of entering into this Consent Agreement, not to seek modification at a later date of the Order adopting and implementing this Consent Agreement without first obtaining the express written concurrence of the Prosecution Division.

## AGREEMENT NOT BINDING ON OTHER PARTIES

9.   This Consent Agreement is between the Commonwealth and Respondent only. Except as otherwise noted, this Agreement is to have no legal effect *a)* if the Office of General Counsel expresses an objection to the Agreement's form or legality and/or *b)* unless and until the Secretary issues the stipulated Order.

10.    Should the Secretary not approve this Consent Agreement, presentation to and consideration of this Consent Agreement and other documents and matters by the Secretary shall not prejudice the Secretary from further participation in the adjudication of this matter. This paragraph is binding on the participants even if the Secretary does not approve this Consent Agreement.

**ENTIRE AGREEMENT**

11.    This agreement contains the whole agreement between the parties; provided however, that the captions printed in the various provisions of this agreement are for ease of reading only and are not to be interpreted as forming any part of this agreement. There are no other terms, obligations, covenants, representations, statements or conditions, or otherwise, of any kind whatsoever concerning this agreement.

**AGREEMENT DOES NOT PREVENT ADDITIONAL DISCIPLINE BASED ON FUTURE CONDUCT**

12.    By virtue of this Consent Agreement, the Commonwealth and Respondent agree that they have resolved all issues relating to Respondent's compliance with the Law, as defined in paragraph 1, up through and including the date of this Consent Agreement. Nothing in this Consent Agreement or the Order based upon this Consent Agreement shall preclude the Prosecuting Attorney for the Commonwealth from filing charges or the Secretary from imposing disciplinary or corrective measures for violations or facts occurring after the date of this Consent Agreement.

**VERIFICATION OF FACTS AND STATEMENTS**

13.    Respondent verifies that the facts and statements set forth in this Agreement are true and correct to the best of Respondent's knowledge, information and belief. Respondent understands that statements in this Agreement are made subject to the criminal penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

-5-

Julia A. Feld Caralle
Prosecuting Attorney
Commonwealth of Pennsylvania

Susan Turner
Respondent

DATED: 7-10-2012

DATED:

Kristin H. Jones, Esq.
Counsel for Susan Turner

# COMMONWEALTH OF PENNSYLVANIA
## DEPARTMENT OF STATE
## BEFORE THE SECRETARY OF THE COMMONWEALTH

Commonwealth of Pennsylvania,    :
Bureau of Commissions, Elections, and   :
Legislation    :
    :  Docket No.:   -99-12
    vs.    :  File Nos. 10-99-08768
    :         11-99-07232
Susan Turner,    :
Respondent    :

# ORDER

AND NOW, this <u>6th</u> day of <u>August</u> 2012, the Secretary of the Commonwealth adopts and approves the foregoing Consent Agreement and incorporates the terms of paragraph 5 above, which shall constitute the Secretary of the Commonwealth's Order, and which is now issued in resolution of this matter.

This Order shall take effect immediately:

BY ORDER

Carol Aichele
Secretary of the Commonwealth

Date of Mailing:

August 7, 2012

For the Commonwealth:

Commonwealth of Pennsylvania
Department of State
P. O. Box 2649
Harrisburg, PA 17105-2649

For Respondent:

Kristin H. Jones, Attorney at Law
Pepper Hamilton LLP
3000 Two Logan Square, Eighteenth and Arch Sts
Philadelphia, PA 19103-2799



## COMMONWEALTH OF PENNSYLVANIA
## GOVERNOR'S OFFICE OF GENERAL COUNSEL

**Julia A. Feld Caralle**
**Prosecuting Attorney**

E-mail: jfeldcaral@state.pa.us

August 7, 2012

Conrad P. Burnett, Jr.
612 McIntosh Drive
Linden, VA  22642

RE:    *Commonwealth of Pennsylvania, Bureau of Commissions, Election and*
*Legislation v. Susan Turner*
File Nos.: 10-99-08768 and 11-99-07232, Docket No.:  0096-99-12

Dear Mr. Burnett:

On August 6, 2012, the Secretary of the Commonwealth approved a Consent Agreement in resolution of the above-captioned matter.  Under the terms of the disciplinary order issued by the Secretary of the Commonwealth, the Secretary of the Commonwealth accepted the permanent voluntary surrender of Susan Turner's notary commission and permanent voluntary surrender of any future right to apply for a new notary commission, license, registrations, certificates or permits to practice as a notary. This discipline is effective immediately.

The Secretary of the Commonwealth's approval of this Consent Agreement completely and finally resolves this matter.  Accordingly, this case is now closed.

Thank you for bringing this matter to the attention of the Bureau of Commissions, Election and Legislations. If you have any further questions or concerns regarding this, please feel free to contact me at the above address.

Sincerely,

Julia A. Caralle/bld

Julia A. Feld Caralle
Prosecuting Attorney
Commonwealth of Pennsylvania
Department of State

JAC/bld

**DEPARTMENT OF STATE - OFFICE OF CHIEF COUNSEL**
**2601 NORTH THIRD STREET, P.O. BOX 2649, HARRISBURG, PA 17105-2649**
**PHONE: 717-783-7200 - FAX: 717-787-0251 - www.dos.state.pa.us**



*Exhibit 6*

# COMMONWEALTH OF PENNSYLVANIA
## OFFICE OF GENERAL COUNSEL

**PROFESSIONAL COMPLIANCE OFFICE**

July 19, 2011

CONRAD P BURNETT, JR.
612 MCINTOSH DRIVE
LINDEN VA  22642

Dear Conrad P Burnett, Jr.,

This letter will acknowledge receipt of your formal complaint against Susan Turner.

Complaint File Number 11-99-07232 has been assigned to this matter; please refer to this file number if you need to contact this office regarding your complaint.

We will conduct an inquiry into the allegations; however, due to the number of cases processed by this office, we are unable to provide you with regular status reports or updates regarding your complaint.

We appreciate your patience as your complaint is processed. At the very least, you will be notified of the final disposition.

Thank you for bringing your concerns to our attention.

Sincerely,

Jeanne Kilian
Professional Compliance Office

---

**DEPARTMENT OF STATE / OFFICE OF CHIEF COUNSEL**
2601 NORTH 3RD STREET / P.O. BOX 2649 / HARRISBURG, PA 17105-2649
PHONE: 800-822-2113/717-783-4849/FAX: 717-705-2882/www.dos.state.pa.us

