**Exhibit 1-E**

**Claim No. 2389**

Claim #2389  Date Filed: 11/5/2012

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

| Name of Debtor: HOMECOMINGS FINANCIAL, LLC | Case Number: 12-12020 (MG) |
|---|---|

**NOTE:** *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

**RECEIVED**

**NOV 0 5 2012**

**KURTZMAN CARSON CONSULTANTS**

**COURT USE ONLY**

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Duncan K. Robertson

Name and address where notices should be sent:
Duncan K. Robertson
3520 SE Harold Court
Portland, OR  97202-4344

Telephone number: (503) 775-9164    email:  uncadunc1@aol.com

❏ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

Telephone number:    email:

❏ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim.  Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:**    $_____118,812.00_____

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

❏ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim.  Attach a statement that itemizes interest or charges.

**2. Basis for Claim:**  Injuries/damages, see  Exhibit POC-A: Verified Complaint
(See instruction #2)

| 3. Last four digits of any number by which creditor identifies debtor: | 3a. Debtor may have scheduled account as: (See instruction #3a) | 3b. Uniform Claim Identifier (optional): (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ❏ Real Estate  ❏ Motor Vehicle  ❏ Other
**Describe:**

**Value of Property: $**_____

**Annual Interest Rate**_____% ❏ Fixed  or  ❏ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:

$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).  If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

❏ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

❏ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

❏ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

❏ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

❏ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

❏ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

1212042121105000000000008

B 10 (Official Form 10) (12/11)                                                                                                         2

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:   Attached: Breakout and Exhibit POC-A (Verified Complaint & Exhibits A, B and C)

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
                        (Attach copy of power of attorney, if any.)    or their authorized agent.    (See Bankruptcy Rule 3005.)
                                                                        (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Duncan K. Robertson
Title:
Company:
Address and telephone number (if different from notice address above):        (Signature)                                    (Date)  10/31/2012

Telephone number:                    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or par is entirely unsecured. (See Definitions.) the nature and value of property that se documentation, and state, as of the date rate (and whether it is fixed or variable

**5. Amount of Claim Entitled to Pri**
If any portion of the claim falls into ar box(es) and state the amount entitled t be partly priority and partly non-priori, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

RECEIVED
NOV 0 5 2012
KURTZMAN CARSON CONSULTANTS



**Duncan Robertson**
3520 S.E. Harold Court
Portland, OR 97202-4344
Tel & Fax: (503)775-9164
Uncadunc1@aol.com

Residential Capital Claims Processing Center
c/o KCC
2335 Alaska Avenue,
El Segundo, California 90245

October 31, 2012

REF: *In Re RESIDENTIAL CAPITAL, LLC, et al.*
Case No. 12-12020 (MG)
Proofs of Claims

Dear KCC and Court:

Enclosed please find the following Proofs of Claim and materials for:

- **GMAC Mortgage, LLC** and Proof of Claim Breakdown
- **Executive Trustee Services, LLC** and Proof of Claim Breakdown
- **Residential Funding Real Estate Holdings, LLC** and Proof of Claim Breakdown
- **Residential Funding Company, LLC** and Proof of Claim Breakdown
- **Homecomings Financial, LLC** and Proof of Claim Breakdown
- EXHIBIT POC-A – Verified Complaint and Exhibits A, B & C. This document is exhibit to each of the above proofs of claim.

If you would prefer to have a separate copy of EXHIBIT POC-A for each individual Proof of Claim please let me know. I am assuming that you scan it, and simply attach a copy of that scan to each file.

Attorney Helmut Kah has resigned as my attorney and I am proceeding pro se, which is why his address block has been X'd out on the first page of EXHIBIT POC-A. Please direct all notices to me at the above address and as provided on the Proofs of Claim.

Thank You,

Duncan K. Robertson
Claimant
3520 SE Harold Court
Portland, OR  97202-4344
Phone & Fax: (503)775-9164
Uncadunc1@aol.com

Page 1 of 1

## PROOF OF CLAIM BREAKDOWN

### HOMECOMINGS FINANCIAL, LLC, Debtor
*In Re RESIDENTIAL CAPITAL, LLC, et al.*
(Jointly Administered)
**United States Bankruptcy Court**
**Southern District of New York**

### Case No. 12-12020 (MG)
**(Chapter 11)**
**CREDITOR: Duncan K. Robertson**

The following breakdown of claim is based upon attached Verified Complaint, *Exhibit POC-A* (as updated for attorney fees) for claims to 05/14/2012.

| | | | |
|---|---|---|---|
| Damages resulting from break-ins (trebled under RCW 4.24.630) | | 3,450 | |
| Loss of Property value | | 155,575 | |
| Loss of use of Property or proceeds therefrom $207,787 (av. value) x .1 / 12 * 39 months)[1] | | 67,531 | |
| Cost of loan taken out to tender payment (Citi Visa) | 780 | | |
| Losses from forced sale of securities | 50,608 | | |
| Loss of use of funds from above securities losses (*losses x .1/year*)[1] | 15,860 | | |
| Losses from readiness to tender payment | | 67,248 | |
| Research, expenses under RCW 9A.82.100 | | 25,499 | |
| Travel Expense | | 500 | |
| Tangible Economic Losses to 05/14/12: | | | $319,803 |
| Personal Injuries and intentional infliction of emotional distress[2] (estimated here at 2 x Tangible Economic Losses) | | | 639,606 |
| Attorney Fees to 05/13/2012 | | | 22,869 |
| **Costs –** | | | |
| a. Litigation Guarantee – Fidelity Nat. Title | | | 839 |
| b. court costs (filing, service, jury fee – not included) | | | |
| c. Hotel etc. to attend trial (not included) | | | |

---

[1] "Compensation award for the loss of use of the monetary value of the taking from the time of the taking until just compensation is paid." (language from Ethri*dge v. Hwang,* 105 Wn. App. 447 (Aug., 1997) (based upon a taking of land causing it to be unavailable for use).

[2] See *Kloepfel v. Bokor,* 149 Wn.2d 192, 194 (Apr. 2003); *Cagle v. Burns & Roe,* 106 Wn.2d 911, 726 P.2d 434 (Oct. 9, 1986)

d. Additional attorney fees for courtroom attorney (not included)

e. Property taxes paid while defending property (not included)

| | |
|---|---|
| Treble Damages allowable under RCW 9A.82.100(4)(d) and RCW 19.86.090 (only one included) | 25,000 |
| Additional compensation as court may award (not included) | |
| Adverse tax consequences ($1Mil at est.18% tax rate) | 180,000 |
| TOTAL OF CLAIM (subject to adjudication) | $1,188,117 |

Also not included in above are property taxes paid while defending property.

Claim against HOMECOMINGS FINANCIAL, LLC is 10% of the above
(*See Exhibit POC-A*, Page 49)                    **$118,812**

A Motion for Relief From Stay is being filed in this proceeding so that these claims may be properly adjudicated in the only court qualified to do so: King County Superior Court, WA.

I certify under penalty of perjury that the above information is true and correct to the best of my knowledge, information, and reasonable belief.

Signed,

Duncan K. Robertson
Claimant
3520 SE Harold Court
Portland, OR  97202-4344
    Phone & Fax: (503)775-9164
    Uncadunc1@aol.com

10/31/2012
Date

**SUPERIOR COURT OF WASHINGTON
COUNTY OF KING**

| | |
|---|---|
| Duncan K. Robertson, | NO. **12-2-19854-3 SEA** |
| Plaintiff, | VERIFIED COMPLAINT FOR: |
| vs. | (1) QUIET TITLE; |
| GMAC Mortgage, LLC; Executive Trustee Services, LLC; Residential Funding Real Estate Holdings, LLC; Residential Funding Company, LLC; Residential Funding Corporation; Homecomings Financial, LLC; LSI Title Agency, Inc.; JP Morgan Chase Bank N.A.; Bank One National Association; Bank of New York Trust Company N.A.; First American Title Insurance Company; DOES 1- 100; and all other persons or parties unknown claiming any right, title, estate, lien, or interest in the real estate described herein, | (2) WRONGFUL FORECLOSURE; |
| | (3) MISREPRESENTATION; |
| | (4) TRESPASS; |
| | (5) FRAUD & DECEPTION; |
| | (6) INFLICTION OF EMOTIONAL DISTRESS; |
| | (7) VIOLATION OF DUTY OF GOOD FAITH AND FAIR DEALING; |
| | (8) AGENCY LIABILITY (CONSPIRACY); |
| | (9) VIOLATION OF WASHINGTON "LITTLE RICO" STATUTES; |
| Defendants. | (10) VIOLATIONS OF CONSUMER PROTECTION ACT. |

**I. INTRODUCTION**

**1.1**     Definitions of terms frequently used herein:

(a) The **"Property"**.  Residential real property and improvements commonly known as 12002 4th Avenue Southwest, Seattle, Washington, 98146, Tax Parcel No. 072304-9322-

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
**Page 1 of 54**

XXXXXXXXXXXXXXXXX
16818 140th Avenue NE
XXXXXXXXXXXXXX
Phone: 425-949-8357
XXXXXXXXX
Fax (206) XXXXXXX
XXXXXXXXXXXXXXXXX
WSBA # 18541

EXHIBIT POC-A

1  04. The legal description of the Property is attached as Exhibit "A" and incorporated by this

2  reference.

3  　　　(b) "**Nicholls Note**". An Adjustable Rate Note in the face amount of $100,000

4  which, upon information and belief, was executed by Linda C. Nicholls ("Nicholls") as

5  Borrower, to "Old Kent Mortgage Company, d.b.a. National Pacific Mortgage, a Michigan

6  Corporation" ("Old Kent") as Lender, on November 1, 1999, contemporaneously with the

7  Nicholls DOT (below). The Nicholls Note was not a "loan for purchase."

8  　　　(c) "**Nicholls DOT**". A Deed of Trust[1] encumbering the Property, purportedly

9  securing the Nicholls Note, and dated November 1, 1999, which names one Linda C. Nicholls

10  ("Nicholls") as Grantor, Old Kent Mortgage Company d.b.a. National Pacific Mortgage as

11  Lender/Beneficiary, and N.P. Financial Corporation as Trustee.

12  　　　(d) All uses of the term "**Recorded**" herein indicate that the referenced document was

13  recorded in the Official Public Records of the Recorder's Office, King County, Washington.

14  　　　(e) The term "**Beneficiary**" (of a deed of trust) means: "the holder of the instrument or

15  document evidencing the obligations secured by the deed of trust, excluding persons holding

16  the same as security for a different obligation." (RCW 61.24.005(2))

17  　　　**1.2**　　Upon information and belief, all actions of Defendants herein, and all

18  assertions by Defendants, or any of them, of an interest in the Property, are related to the

19  Nicholls Note and/or Nicholls DOT.

20  　　　**1.3**　　Plaintiff Duncan K. Robertson ("**Robertson**") brings this action for quiet title

21  to the Property described in ¶ 1.1(a) above, and for other relief as set forth below.

22  　　　**1.4**　　No claim is made herein under any laws of the United States.

23  _____

[1] Nicholls DOT: King County Recorder # 19991115001505.

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 2 of 54

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

## II. JURISDICTION AND VENUE

**2.1** All allegations above are re-alleged as though fully set forth.

**2.2** The court has jurisdiction over the parties to this complaint because at all times relevant the parties were either residents of the state of Washington, were incorporated under the laws of the state of Washington, were authorized to and/or did business in the state of Washington, or were subject to Chapter 23B.18 RCW, committed or directed improper, tortious, or fraudulent acts against Plaintiff's interest in the Property, or claimed some interest (whether valid or not) in the Property which is located in the city of Seattle, King County, Washington. RCW 4.28.185; RCW 23B.18.060.

**2.3** The Court has jurisdiction over the subject matter of this action.

**2.4** Venue is properly placed in this Court because the subject matter of this action is the Property located in King County, Washington. RCW 4.12.010(1).

## III. PLAINTIFF

**3.1** Plaintiff Duncan K. Robertson (herein **"Robertson"**) is a single man residing in the city of Portland, Multnomah County, state of Oregon.

## IV. DEFENDANTS

**4.1** All allegations above are re-alleged as though fully set forth.

**4.2** All Defendants named herein, except **GMAC Mortgage, LLC,** ("GMAC") and **Homecomings Financial, LLC,** (herein "Homecomings"), are referenced by name as a party to or in the recitals within one or more Recorded documents. The recorded instruments which are the apparent sources of defendants' claims regarding the subject real property are

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
**Page 3 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1   indexed in Exhibit "C" attached hereto and referenced therein to the paragraph numbers

2   below (i.e. + (a), (b), etc.).

3       **4.3**    Defendant **GMAC Mortgage, LLC,** ("GMAC") is a Delaware limited

4   liability company.

5       **4.4**    Defendant **Residential Funding Real Estate Holdings, LLC**[2], ("RFREH") is

6   a Delaware limited liability company and a wholly owned subsidiary of Defendant **GMAC.**

7       **4.5**    Defendant **Residential Funding Company LLC** ("RFC-LLC") is a Delaware

8   limited liability company and a wholly owned subsidiary of Defendant **GMAC.** The

9   company engages in the business of, among other things, acquiring residential mortgage loans

10  and selling those loans through securitization programs.

11      **4.6**    Defendant **Residential Funding Corporation** ("RFCorp") was a Delaware

12  Corporation, although also registered as a Minnesota corporation[3], and is or was a wholly

13  owned subsidiary of Defendant **GMAC. RFCorp** is believed to have been merged into

14  **RFC-LLC** and to have used the logo "GMAC-RFC", as does its successor.

15      **4.7**    Defendant **Homecomings Financial, LLC,** formerly known as **Homecomings**

16  **Financial Network, Inc.,** (herein "Homecomings") is a Delaware limited liability company

17  and a wholly owned subsidiary of Defendant **GMAC.**

18      **4.8**    Defendant **JP Morgan Chase Bank N.A.,** ("Chase") [see footnote 2] is a

19  national bank with a principal place of business in Columbus, Ohio. In 2004 **Chase** became

20  the successor by merger to **Bank One National Association** (¶ 4.9 below).

21      **4.9**    Defendant **Bank One National Association** ("Bank One") [footnote 2] is or

22

---

[2] Defendant is a Nonadmitted Organization operating in Washington under Chapter 23B.18 RCW.
[3] Minnesota Secretary of State shows two corporations with this name, one domestic, one foreign with
23  a Pennsylvania address. Both are listed as inactive.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 4 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1  was a Delaware corporation or bank with its principal place of business in Chicago, IL.[4]

2  **4.10**   Defendant **Bank of New York Trust Company, N.A. ("BNY")** [see footnote

3  2] is a nationally chartered trust company who, upon information and belief, is a wholly

4  owned subsidiary of The Bank of New York Mellon Corporation, a Delaware corporation.

5  **4.11**   Defendant **First American Title Insurance Company ("First American")** is,

6  upon information and belief, a California corporation which was once registered as a

7  Washington domestic corporation, and licensed as a resident Title Insurance Company of

8  Washington (see ¶ 10.2).

9  **4.12**   Defendant **Executive Trustee Services, LLC ("ETS")** is a Delaware limited

10  liability company doing business in Washington through offices in California.[5] ETS is

11  believed to be a wholly owned subsidiary of GMAC.

12  **4.13**   Defendant **LSI Title Agency, Inc. ("LSI")** is an Illinois corporation claiming

13  to be a Resident Title Insurance Agency in the state of Washington.  At all relevant times

14  herein LSI purports to be qualified to act as a trustee under Washington Deed of Trust Act

15  ("WDTA").

16  **4.14**   **Claims of Unknown Parties.**  All other persons or parties unknown claiming

17  any right, title, estate, lien, or interest in the real estate described in the complaint herein.

18  Defendants DOES 1 – 100 are fictitious names for individuals, or entities, or affiliates or

19  subsidiaries of one or more of the other named Defendants, whose names are unknown to

20  _____

21  [4] **Bank One** was merged into **Chase** on July 1, 2004 and at that time ceased to exist as a separate business entity.

22  [5] California Secretary of State shows that Executive Trustee Services, Inc. surrendered its California corporate registration status in 1997.  An entity named ETS Group, LLC, registered as an LLC in California on 04/07/2009 as a resident entity; Executive Trustee Services, LLC, is a dba of ETS

23  Group, LLC, registered 5/4/2009 in Los Angeles County (ETS was not licensed in the state of California between 1997 and 05/04/2009, see e.g. ¶ 5.24, Exhibit C ¶ 4.12(a)(1 – 4)).

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 5 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1   Plaintiff at this time and who may have liability for some or all of the conduct alleged herein.

2   Defendants DOES 1 – 100 may be individuals, corporations, partnerships, limited

3   partnerships, limited liability companies, or any other form of legal entity.  On information

4   and belief, DOES 1 – 100 are responsible and liable in some way for the claims herein.  When

5   the names of said Defendants are ascertained, this complaint shall be amended accordingly.

6       **4.15**    Defendants **GMAC, RFREH, RFC-LLC, RFCorp, Homecomings,** and

7   **ETS,** are sometimes hereinafter referred to collectively as **"GMAC Group"**.

8       **4.16**    Upon information and belief, Plaintiff alleges the existence of agency

9   relationships between Defendants during material times herein.  The specific terms and

10   conditions of any such agency relationships, representation, or employment relationship as

11   between one or more of the Defendants, are unknown to Plaintiff.

12                       **V. FACTUAL BACKGROUND**

13      **5.1**    All allegations set forth above are re-alleged as though fully set forth herein.

14      **5.2**    Plaintiff acquired fee simple title to the Property on October 3, 2008, pursuant

15   to a Trustee's Deed which was Recorded on October 7, 2008.[6]  A true copy of Plaintiff's

16   Trustee's Deed is attached hereto as Exhibit B and is hereby incorporated.

17      **5.3**    Plaintiff has paid toward King County taxes on the Property from November

18   2009 through the present.

19      **5.4**    Immediately following his purchase of the Property at the September 26, 2008

20   trustee's sale (See 5.2 above), Plaintiff began to pursue the process of marketing and/or

21

22

23   [6] Trustee's Deed issued by Ryan D. Griffin, Trustee, on October 3, 2008 and Recorded on October 7, 2008 under # 20081007001048. Attached as Exhibit B.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 6 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    developing of the Property, which at that time was valued at $285,000.[7]

2        **5.5**    Plaintiff promptly undertook to ascertain, pay, and extinguish all valid

3    subsisting liens and encumbrances Recorded against the Property in order to clear his title and

4    gain the ability to make beneficial use thereof.

5        **5.6**    The Nicholls DOT, dated November 1, 1999, was among the Recorded

6    purported encumbrances.

7        **5.7**    Nicholls acquired her interest in the Property by way of a Personal

8    Representative's Statutory Warranty Deed dated November 5, 1999 and Recorded on

9    November 15, 1999 under instrument no. 19991115001504.  Nicholls had no power to grant[8]

10   the Nicholls DOT on November 1, 1999. RCW 64.04.010, 020.

11   **Plaintiff's futile efforts to clear the apparent Nicholls**
     **encumbrance through Defendant Homecomings**

12

13       **5.8**    At various times relevant hereto, Defendant **Homecomings** has acted or

     claimed to act as a servicer of the Nicholls Note and DOT.

14

15       **5.9**    On September 30, 2008 Plaintiff's counsel informed **Homecomings** by

16   telephone that Plaintiff had purchased the Property and wished to remove the Property

     encumbrance represented by the Nicholls DOT, and requested the pay-off amount for the

17   Nicholls Note that it purportedly secured.

18

19       **5.10**    **Homecomings** refused to provide Plaintiff's counsel the requested pay-off

     information.

20

21   ───────────────
     [7] Per Appraisal provided by John Bauer (Zip Realty), October,2008.
     [8] RCW 61.24.005(7). A Washington deed of trust encumbers "the person's interest in property" at the
22   time the DOT is executed. A deed of trust conveys to trustee the power of sale, not title; "When a deed
     of trust is foreclosed, the trustee sells only such title as the grantor held at the time the deed was
23   granted * * *" (*Mann v. Household Finance Corp. III*, 109 Wn. App. 387, 388 (Dec. 11, 2001).

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
**Page 7 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    **5.11**    On or about October 24, 2008 Plaintiff personally communicated with

2    **Homecomings** via telephone as follows.

3             (a)    Plaintiff again requested the payoff amount on the Nicholls Note;

4             (b)    Plaintiff offered to bring the Nicholls loan account current

5                    pending **Homecomings'** review and determination of the payoff

6                    amount;

7             (c)    **Homecomings** confirmed that it is the servicer of the Nicholls

                     loan account;

8             (d)    **Homecomings** stated that the Nicholls loan is not assumable;

9             (e)    Plaintiff provided **Homecomings** with his name, address, and

10                   telephone number;

11            (f)    Plaintiff affirmed that upon being informed of the payoff amount

12                   he would complete the pay-off transaction through escrow;

13            (g)    **Homecomings** agreed to provide Plaintiff a full pay-off

                     statement within five days.

14    **5.12**    In reliance upon **Homecomings'** promise to provide the payoff statement,

15   Plaintiff began making arrangements to obtain a loan and took a $26,000 draw on his Citi

16   MasterCard at a cost of $780 to gather the funds needed for the full payoff.

17    **5.13**    Plaintiff's counsel arranged for Fidelity National Title Company of Bellevue,

18   King County, Washington to act as escrow for the payoff transaction with **Homecomings**.

19    **5.14**    **Homecomings** failed to provide the payoff statement (see ¶ 5.11(g) above), or

20   any other information.

21    **5.15**    **Homecomings** failed to further communicate with Plaintiff.   (see ¶ 5.11).

22    **5.16**    By January 2009 Plaintiff had arranged to clear all encumbrances Recorded

23   against the Property except the Nicholls DOT.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 8 of 54**

**HELMUT KAH**, Attorney at Law
16818 140ᵗʰ Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1       **5.17**     In January 2009 Plaintiff through counsel mailed the following to

2    **Homecomings** by certified mail, received by **Homecomings** on January 31, 2009:

3              (a)   verification of Plaintiff's ownership of the Property,

4              (b)   a chronological statement of events including Plaintiff's efforts to resolve

5                    the matter, and

6              (c)   an offer dated January 26, 2009 to pay $90,000.00 in full satisfaction of the

7                    Nicholls Note and Deed of Trust, the transaction to be processed in escrow.

8       **5.18**     Anticipating cooperation by **Homecomings**, Plaintiff cashed out $28,887 in

9    securities, taking a $653 loss at that time,[9] in order to accumulate funds for the full payoff of

10   the Nicholls DOT encumbrance.

11      **5.19**     **Homecomings** failed to respond in any way to Plaintiff's written advisory and

12   offer described in ¶ 5.17, above.

13      **5.20**     As a direct and proximate result of **Homecomings'** failure and refusal to

14   communicate and cooperate with Plaintiff's efforts to remove the Nicholls' DOT

15   encumbrance from the Property, Plaintiff's plans to renovate, rent, develop, and/or market the

16   Property were defeated, and Plaintiff sustained substantial monetary injury and damage in an

17   amount to be proven at trial.

18   **First American and ETS pursue nonjudicial
     foreclosure proceedings against the Property**
19   **without notice to Plaintiff:**

20      **5.21**     Although Plaintiff's Trustee's Deed was Recorded on October 7, 2008,

21   Defendants **First American** and **ETS** pursued a series of nonjudicial deed of trust foreclosure

22   ――――――――――――――――――――――

23   [9] Losses shown here and in ¶ 5.54 are computed on tax basis only - cost of securities less proceeds of
     sale thereof.  Subsequent losses of what securities would be worth today and loss of use of funds to be
     proven at trial.

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 9 of 54

1   proceedings against the Property in 2009 without notice to Plaintiff, contrary to and in

2   violation of RCW 61.24.040(1)(b)(iii).

3       **5.22**    On January 12, 2009, a *Notice of Trustee's Sale*[10] was Recorded scheduling a

4   nonjudicial foreclosure sale of the Property on April 17, 2009.

5       **5.23**    The January 12, 2009 *Notice of Trustee's Sale* (¶ 5.22) was issued in the name

6   of **First American Title Insurance Company** as the foreclosing Trustee and **Bank One** "as

7   trustee" as Beneficiary of the Nicholls DOT (See Exhibit C ¶ 4.9(a)(7)).

8       **5.24**    Upon information and belief, the January 12, 2009 *Notice of Trustee's Sale*

9   (¶ 5.22) was drafted, prepared, Recorded, and processed by Defendant **ETS**.

10       **5.25**    Upon information and belief, Plaintiff alleges that Defendant **GMAC** directed

11   the activities of **First American** and **ETS** regarding the nonjudicial foreclosure process

12   initiated by the January 12, 2009 *Notice of Trustee's Sale* (¶ 5.22).

13       **5.26**    The April 17, 2009 nonjudicial foreclosure sale of the Property was

14   rescheduled to June 12, 2009.

15       **5.27**    Plaintiff was unaware of the nonjudicial foreclosure proceedings and was not

16   given notice of the change of the sale date from April 17 to June 12, 2009.  (¶ 5.26)

17       **5.28**    On June 9, 2009 Plaintiff for the first time learned of the foreclosure

18   proceedings when an individual interested in bidding at the June 12 sale contacted him and

19   mentioned the pending foreclosure sale.

20       **5.29**    Plaintiff was alarmed and distraught upon learning on June 9, 2009 that his

21   Property was scheduled to be auctioned off at a nonjudicial foreclosure sale a mere three (3)

22   days later.

23   [10] **First American** *Notice of Trustee's Sale* Recorded under No. 20090112001130

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
**Page 10 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

**5.30**    Plaintiff immediately contacted his counsel, who promptly and relentlessly pursued contact with the named trustee, **First American**, in efforts to stop the unlawful June 12, 2009 nonjudicial foreclosure sale of the Property.

**5.31**    Although **First American** is identified as the trustee and its address and a "Sale Line" phone number are contained in the January 12, 2009 *Notice of Trustee's Sale*, **First American** refused any discussion of the foreclosure with Plaintiff's counsel and redirected him to contact **ETS**.

**5.32**    Upon information and belief, Plaintiff alleges that **First American** performed no role as trustee under the Nicholls DOT, other than renting its name, and signatures (if indeed genuine) on documents, to ETS to create an appearance of legitimacy.

**5.33**    Upon information and belief, **First American** was trustee under the Nicholls DOT in name only and all trustee functions were abdicated to and usurped by **ETS**.

**5.34**    On June 10, 2009 Plaintiff's counsel:

   (a)    faxed a copy of Plaintiff's Trustee's Deed to **ETS** showing that Plaintiff is the fee simple owner of the Property, and

   (b)    informed **ETS** that Plaintiff had not been provided notice of the non-judicial foreclosure sales scheduled for either April 17, 2009 or June 12, 2009 (footnote 10 above).

**5.35**    **ETS** represented to Plaintiff's counsel on June 10, 2009 that **GMAC** is the holder of the Nicholls Note.

**5.36**    In the June 10, 2009 communications with Plaintiff's counsel (¶ 5.34 above):

   (a)    **ETS** refused to cancel, discontinue, or postpone the June 12, 2009 trustee's sale, and

   (b)    **ETS** refused to provide Plaintiff any contact information of the

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 11 of 54**

**HELMUT KAH,** Attorney at Law
16818 140ᵗʰ Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1                   purported holder of the Nicholls Note, GMAC.

2           (c)     These refusals were despite **ETS** knowledge that Plaintiff is the

3                   fee simple owner of the Property, that Plaintiff was not served

4                   with the January 12, 2009 *Notice of Trustee's Sale*, or the April

                17, 2009, or June 12, 2009, nonjudicial foreclosure sale dates.

5       **5.37**     Fortuitously but unknown to Plaintiff at the time, the June 12, 2009 trustee's

6   sale of the Property did not go forward because Linda Nicholls had filed a personal

7   bankruptcy petition on May 7, 2009 which automatically stayed the sale.

8       **5.38**     In June 2009 Plaintiff's counsel asked **ETS** to obtain from **Homecomings** and

9   provide the pay-off amount on the Nicholls' Note as of October 2008.

10      **5.39**     On June 16, 2009, apparently in response to the inquiry described in ¶ 5.38

11  above, Plaintiff's counsel received a fax sent from an unidentified fax machine titled: "To:

12  Linda C. Nicholls" and "Statement Sent to Name: ADDL F/C ARE $448 G/T 06/26/09." The

13  only address included was a P.O. Box in Waterloo, IA. The fax requested payment be sent in

14  an amount approximately $27,500 more than Plaintiff believes was owed on the Nicholls

15  Note as of October, 2008.

16      **5.40**     The *Notice of Trustee's Sale* Recorded January 12, 2009 (see ¶ 5.22, above),

17  recites as follows that the beneficial interest in the Nicholls DOT had been:

18           "assigned by OLD KENT MORTGAGE COMPANY D.B.A.
         NATIONAL PACIFIC MORTGAGE to RFC-BANK ONE,

19           NATIONAL ASSOCIATION, AS TRUSTEE FKA THE FIRST
         NATIONAL BANK OF CHICAGO, AS TRUSTEE." [11]

20

21      **5.41**     Having learned through his own research that Bank One no longer existed and

22  _____

[11] **Bank One** wholly merged into and was succeeded by defendant **Chase** almost five years earlier

23  on July 1, 2004.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 12 of 54**

HELMUT KAH, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    had been succeeded by **Chase**, Plaintiff himself contacted **Chase** to obtain the pay-off

2    amount. **Chase** instructed Plaintiff to fax his inquiries and requests to **Chase's** Escalated Lien

3    Release Department.

4        **5.42**    On June 10, 2009, as instructed, Plaintiff faxed his inquiries and requests to

5    **Chase's** Escalated Lien Release Department together with a copy of his Trustee's Deed and

6    the Nicholls DOT.

7        **5.43**    Plaintiff's fax (¶ 5.42 above) asked **Chase** for the pay-off amount on the

8    Nicholls loan together with explanation of how the payoff figure was calculated or, in the

9    alternative, that the Property be released from the lien of the Nicholls DOT.

10        **5.44**    **Chase** copied Plaintiff with emails in which Chase stated that:

11            (a)    **Chase** had "acted only in a trustee capacity" with respect to the

12                  Nicholls loan, and

13            (b)    that the Defendants **RFCorp** (as a servicer), **BNY**, and **GMAC**

14                  may have some unspecified involvement with the Nicholls Note
                 and/or DOT.

15        **5.45**    **Chase** failed to provide Plaintiff any pay-off information and did not release

16    the Property from the lien of the Nichols DOT.

17        **5.46**    **First American** and/or **ETS** rescheduled the nonjudicial foreclosure sale of

18    the Property, this time to July 10, 2009, and did not notify Plaintiff of the new sale date or that

19    they were going ahead in their attempts to sell the Property.

20        **5.47**    On July 7, 2009 Plaintiff fortuitously learned of the rescheduled foreclosure

21    sale date of July 10, 2009, and notified his counsel.

22        **5.48**    Plaintiff's counsel immediately phoned **ETS** and demanded that the unlawful

23    sale scheduled for July 10 be stopped. **ETS** refused to stop the sale.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 13 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    **5.49**   Plaintiff's counsel contacted **Chase** in the early morning of Thursday, July 9,

2   2009 protesting the rescheduled sale of Property on July 10.

3    **5.50**   **Chase** advised Plaintiff's counsel to contact a James Barden ("Barden"),

4   corporate lawyer of "GMAC RESCAP," and provided Barden's telephone number.

5    **5.51**   Plaintiff's counsel contacted Barden, and Barden promised to "cancel" the

6   Friday, July 10, 2009 trustee's sale.

7    **5.52**   The nonjudicial foreclosure sale did not go forward on July 10, 2009, but the

8   *Notice of Trustee's Sale* Recorded on January 12, 2009 was not withdrawn or discontinued.

9   Instead, it remained a matter of record and a cloud on Plaintiff's title until *Notice of*

10  *Discontinuance* was finally Recorded on June 17, 2010, only after much time, effort, and

11  expense had been sustained by Plaintiff.

12   **5.53**   On July 20, 2009 Plaintiff's counsel submitted to **GMAC**'s counsel Barden via

13  email a summary of the matter to date, a protest of **GMAC**'s conduct, and requested:

14            (a)   Identification of the holder of the Nicholls Note and Beneficiary
15                  of the Nicholls DOT;

16            (b)   An explanation of the Recorded Old Kent *Assignment of Deed of*
                    *Trust*[12] to Bank One "as trustee" where no Beneficiary was
17                  named. (See ¶ 6.8 below)

18            (c)   That Barden establish his authority to resolve the matter, or -

19            (d)   The name, address and phone number of a contact person with
20                  such authority whom Plaintiff may communicate to resolve the
21                  matter; and

22            (d)   (by implication) The proper (October, 2008) pay-off figure on

23  ---
    [12] Assignment of Nicholls Deed of Trust, Old Kent to Bank One, King County Recorder
    #20000803000299.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 14 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    the Nicholls note and Deed of Trust.

2    **5.54**    Relying on Barden's asserted authority to resolve the matter, and in

3    anticipation of finally obtaining the just pay-off amount together with identification of the

4    person with authority to receive the payoff and remove the Nicholls DOT lien from the

5    Property, Plaintiff cashed out $63,796 of securities, taking a $49,955 loss in the process. (see

6    footnote 9 above) and arranged for Fidelity National Title to act as escrow.

7    **5.55**    On August 10, 2009, Barden replied to Plaintiff's counsel (See ¶ 5.53) via

8    email, and instead of providing a payoff figure for October, 2008, wrote, "The only provable

9    date I think is the certified letter date," and suggested a payoff figure of $114,880.83 as of

10    January 26, 2009, including foreclosure, unspecified servicing costs and attorney fees accrued

11    after Robertson's October 2008 attempts to tender pay off of the Nicholls loan.

12    **5.56**    Barden failed and refused to provide a just pay-off amount and further failed to

13       (a)    identify the holder of the Nicholls note;

14       (b)    identify the Beneficiary of the Nicholls DOT;

15       (c)    provide any explanation of the irregularities in the only purported

16       *Assignment of Deed of Trust* (footnote 12); [13]

17       (d)    provide any assurance that he, whomever he represented, or any

18       other identified person or entity, had the authority to accept the

       payoff in satisfaction of the Nicholls Note, cancel the Nicholls

19       Note, deliver the cancelled Note, and execute and record or

20       deliver to Plaintiff a full reconveyance of the Nicholls DOT.

21    **5.57**    On October 7, 2009 Plaintiff's counsel sent a letter via certified mail return

22    receipt requested to **First American** and to **ETS** in yet another effort to resolve the matter.

23    _____

[13] to that time – subsequent purported assignment has appeared; see ¶5.66 below.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 15 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    Neither **First American** nor **ETS** responded to that letter.

2    **LSI is appointed by RFREH as**
     **Successor Trustee under the Nicholls DOT:**

3

4         **5.58**    On February 17, 2010 an instrument purportedly appointing Defendant **LSI** as

5    Successor Trustee under the Nicholls DOT was Recorded.[14]  This document, titled

     *Appointment of Successor Trustee,* is signed by a Tim Witten for Defendant **RFREH.**  Tim

6
     Witten's representative capacity is not disclosed in said document.[15]  (See also ¶ 11.13 -

7    11.15(e).

8

9         **5.59**    The February 17, 2010 appointment of **LSI** as Successor Trustee recites that

10   **Residential Funding Real Estate Holdings, LLC,** is Beneficiary of the Nicholls DOT and

11   directs that after recording it be mailed to **ETS** in Burbank California.

12   **First American records a *Notice of Trustee's***
     ***Sale* under the Nicholls DOT on March 23, 2010**
13   **after LSI has ostensibly been officially named as**
     **successor trustee under the Nicholls DOT:**
14
          **5.60**    On March 23, 2010 a *Notice of Trustee's Sale*[16] scheduling a nonjudicial
15
     foreclosure sale of the Property on June 25, 2010, was Recorded in the name of **First**
16
     **American**, although **First American** was no longer the trustee of record under the Nicholls
17
     DOT (see ¶ 5.57 above), with instructions that after recording it be mailed to **ETS** in
18
     Burbank, California.
19
          **5.61**    On June 16, 2010 Plaintiff's counsel commenced a series of emails to **First**
20
     **American**, demanding answers to the unlawful procedures herein described being done in
21

22   _____
     [14] Appointment of LSI as Successor Trustee: King County Recorder #20100217000758
     [15] Instrument is void on its face, including Insufficient signature, RCW 64.04.020, CA Civil Code
23   §1189(a); Insufficient acknowledgement, CA Civil Code §1190.
     [16] 2010 Sale Attempt (*Notice of Trustee's Sale*): King County Recorder #20100323000378.

                                                         **HELMUT KAH,** Attorney at Law
                                                                    16818 140ᵗʰ Avenue NE
COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,                    Woodinville, WA 98072-9001
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF                       Phone: 425-949-8357
                                                                      Fax: 425-949-4679
**Page 16 of 54**                                                   Cell: (206) 234-7798
                                                                 Email: helmut.kah@att.net
                                                                       WSBA # 18541

1   their name, and noting that to date they had refused to respond in any way to questions and

2   demands.  One such email of June 17, 2010 reiterated, among other things:

3   "My letter of October 2009 asks questions, which remain
    unanswered.  Would you please have someone who has the requested
4   information respond to my inquiries?  If you can answer, please inform
    me whether Executive Trustee Services issued the March 2010 notices
5   of foreclosure and trustee's sale without authority from **First
    American Title Insurance Company**.  I have the same question as to
6   the January 2009 notices of foreclosure and trustee's sale.  Who, i.e.
    which person, firm, or entity controls and directs **Executive Trustee
7   Service's** activities?"

8   5.62   On June 17, 2010 Plaintiff's counsel received the following response to the

9   email sent earlier that day (see ¶ 5.61, above):

10  "Good afternoon, **First American** was authorized as record
    trustee by **Bank One N.A**, the then record beneficiary, to record the
11  Notice of Trustee's Sale on January 12, 2009 (Instrument No.
    20090112001130).  As you may know, the scheduled sale was
12  subsequently postponed.  On February 17, 2010 (Instrument No.
    20100217000758), an Appointment of Successor Trustee was
13  Recorded appointing LSI Title Agency, Inc. as successor trustee.  The
    execution and recording of said Appointment of Successor Trustee
14  effectively terminated **First American**'s involvement on the property.
    Any further questions should be directed to **LSI Title Agency, Inc.** as
15  they appear to be the record trustee.  Sincerely, Luis Yeager."[17]

16  5.63   On June 17, 2010 a *Notice of Discontinuance of Trustee's Sale* was

17  Recorded [18] (terminating the 04/17/2009 trustee's sale that was set by the *Notice of Trustee's*

18  *Sale* Recorded on 01/12/2009 – See ¶¶ 5.22, 6.8(b).   This document directs that after

19  recording it be mailed to **ETS** in Burbank California.

20  5.64   On June 17, 2010 another *Notice of Discontinuance of Trustee's Sale* was

21

22  [17] At the time Mr. Yeager claims **First American** was authorized by **Bank One**, that entity had not
    existed for nearly five years, and was never a qualified Beneficiary of the Nicholls DOT.

23  [18]  **First American** discontinuation of 2009 trustee's sale: King County Recorder #20100617000457.

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
**Page 17 of 54**

**HELMUT KAH**, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1  Recorded [19] (terminating the 06/25/2010 trustee's sale that was set by the *Notice of Trustee's*

2  *Sale* Recorded on 03/23/2010 – See ¶ 5.60).  This instrument is signed in the name of **First**

3  **American** as trustee although **LSI** was ostensibly appointed as successor trustee under the

4  Nicholls DOT on February 17, 2010 (see ¶¶ 5.58 – 5.59, above).  This document directs that

5  after recording it be mailed to **ETS** in Burbank, California.

6      **5.65**    On June 24, 2010 a *Notice of Discontinuance of Trustee's Sale* was Recorded[20]

7  (terminating the 06/25/2010 trustee's sale that was set by the *Notice of Trustee's Sale*

8  Recorded on 03/23/2010 which was issued by **First American**, ¶ 5.60).  This instrument is

9  signed in the name of **LSI** as trustee and directs that after recording it be mailed to **ETS** in

10  Burbank, California.

11      **5.66**    A false, fraudulent, and invalid instrument titled *Assignment of Deed of*

12  *Trust*[21], dated 7/28/2010 and Recorded 8/12/2010, apparently executed at GMAC's document

13  facility in Fort Washington, Pennsylvania, notarized in Montgomery County, Pennsylvania,

14  asserts that it -

15      "grants, assigns and transfers to **Residential Funding Real Estate**
        **Holdings, LLC** all beneficial interest under that certain Deed of Trust
16      dated November 1, 1999, executed by Linda C. Nicholls, an Unmarried
        woman * * * Together with the money due and to become due thereon
17      with interest, and all rights accrued or to accrue under the instrument
        secured by the Deed of Trust."

18
        "Dated: 07-28-10
19
        "JPMorgan Chase Bank, N.A. successor by merger with
20      Bank One, N.A."

21      "By:____Thomas Strain_____

---

22  [19] **First American** discontinuation of 2010 trustee's sale: King County Recorder #20100617000458.

23  [20] **LSI** discontinuation of 2010 trustee's sale: King County Recorder #20100624000425.

    [21] Assignment to **Residential Funding REH**: King County Recorder #20100812000720.

**HELMUT KAH**, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    "Name:  Thomas Strain_____
     "Title:   Limited Signing Officer_____
2

3        **5.67**    The *Assignment of Deed of Trust* described in ¶ 5.66, above, purports to have

4    been signed by an individual named "Thomas Strain" whose capacity as signer is described as

5    "Limited Signing Officer".

6            (a) Strain is not an employee of **JP Morgan Chase Bank, N.A.** and would

7        need to justify his claim as an officer under the corporation's bylaws. RCW 64.04.020.

8            (b) The *Assignment of Deed of Trust* described in ¶ 5.66 contains insufficient

9        corporate acknowledgement.[22]

10           (c) Thomas Strain is a known employee of GMAC[23], putting GMAC on both

11       sides of the assignment.

12           (d) Thomas Strain is a nationally notorious *robo-signer*. "Thomas Strain

13       testified during deposition that over the previous three years, he falsely

         acknowledged tens of thousands of mortgage assignments." [24]

14   5.68    Regarding the *Assignment of Deed of Trust* described above in ¶ 5.66:

15

16           (a) **JP Morgan Chase Bank, N.A.**, by its own admission (¶ 5.44(a)), did not

17               have an assignable interest in the Nicholls DOT in 2010.

18           (b) That the Assignment has no validity is also shown by the statements

19               contained in the signature block of the *Appointment of Successor Trustee*[25]

20

---

21   [22] *PA Uniform Acknowledgement Act* §291.7(2).
     [23] Thomas Strain's resume is viewable at: http://www.linkedin.com/pub/thomas-strain/22/695/586
22   [24] *Bank of New York as Trustee for the Certificate holders CWABS, Inc. et. al v. Upke et. al,* Pacer No.
     1:2009-cv-01710, at 2, U.S. District Ct. NJ (Dec. 9, 2009).  See also *U.S. Bank Nat'l Assoc. v. Ibanez,*
23   458 Mass. 637, 653 (Jan. 7, 2011).
     [25] Appointment of **First American** as Successor Trustee: King County Recorder #20070223001307

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**          **HELMUT KAH,** Attorney at Law
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**              16818 140th Avenue NE
**Page 19 of 54**                                          Woodinville, WA 98072-9001
                                                              Phone: 425-949-8357
                                                              Fax: 425-949-4679
                                                              Cell: (206) 234-7798
                                                          Email: helmut.kah@att.net
                                                              WSBA # 18541

1    dated 2/17/2007, acknowledged/notarized 02/01/2007, Recorded

2    2/23/2007, which recites that:

3         "THE BANK OF NEW YORK TRUST COMPANY, N.A. AS
          SUCCESSOR TO JP MORGAN CHASE BANK, N.A., AS
4         TRUSTEE, FKA THE CHASE MANHATTAN BANK AS TRUSTEE ,
          BY: RESIDENTIAL FUNDING COMPANY, LLC, ITS ATTORNEY
5         IN FACT.

6         Signed by:  ELIZABETH YERANOSIAN, ASSISTANT VICE
          PRESIDENT

7         If **BNY** succeeded to the "as trustee" status (whatever that is) of **Chase** in

8    2007, and that was all **Chase** had (¶ 5.44(a)), then **Chase** had nothing

9    assignable in 2010.  "Nemo dat quod non habet."

10        (c) If **Chase** ever controlled any interest in either the Nicholls Note or DOT it

11        was "as trustee", and yet the purported *Assignment* is made by Chase in its

12        own name. (See also ¶ 6.8 below).

13   **LSI issued a *Notice of Trustee's Sale* on December 20, 2010**
     **scheduling the Property for nonjudicial foreclosure**
14   **sale on March 25, 2011.**

15        **5.69     LSI** issued a *Notice of Trustee's Sale* signed 12/20/2010, notarized

16   12/21/2010, executed in California , Recorded 12/22/2010[26] scheduling the Property for

17   nonjudicial foreclosure sale on March 25, 2011.  The incongruity in the dates of signing and

18   acknowledgment is suspicious.  The description of the signer's representative capacity as

19   "Authorized Signatory" violates the express requirements of California Civil Code §1189 and

20   §1190 and is fatal to the validity of the acknowledgement and evidentiary value of the

21   instrument.  This document directs that it be mailed to **ETS** in Burbank, California, after

22   recording.

23   _____

[26] LSI *Notice of Trustee's Sale* dated 12/20/2010: King County Recorder #20101222001196.

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
**Page 20 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

**5.70**    Plaintiff has sustained and continues to incur loss (exceeding $150,000) on the value of the Property, loss on his investments, lost income, lost investment and development opportunities, lost time and expense in research, attorney fees, litigation expense, travel expenses, interest, other out-of-pocket expenses, emotional and physical distress, anxiety, mental anguish and loss of enjoyment of life, all as a direct consequence of the acts and omissions of one or more of the Defendants herein acting alone or in concert with others, in an amount to be proven at trial.

### VI. FIRST CAUSE OF ACTION
### DECLARATION THAT DEFENDANTS
### DO NOT HAVE AND DID NOT HAVE A VALID LEGAL
### INTEREST IN THE NICHOLLS DEED OF TRUST

**6.1**    All allegations set forth above are re-alleged as if fully set forth herein.

**6.2**    An actual controversy exists between Plaintiff and Defendants as to the rights, duties, and obligations of Defendants, as to Plaintiff, with respect to their conduct of nonjudicial foreclosure proceedings against the Property and against other Washington properties under the WDTA.

**6.3**    The strict requirements applicable to nonjudicial foreclosures of Washington deeds of trust are statutorily mandated by the Washington Deed of Trust Act, RCW 61.24 et seq. ("WDTA").

**6.4**    Title 61 RCW (Mortgages, Deeds of Trust...) references Title 62A RCW.

**6.5**    The right to foreclose the Nicholls DOT is dependent upon there being an enforceable promissory note which the deed of trust secures.[27] RCW 62A.3 et seq. governs who has the right to enforce negotiable instruments and what must be proven to establish the

---

[27] see *Restatement* (3d) *of Property* (Mortgages) § 5.4 ( "[a] mortgage may be enforced only by, or in behalf of, a person who is entitled to enforce the obligation that the mortgage secures")

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 21 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1  right to enforce the Nicholls Note. "Interpretation of every provision of the UCC assumes

2  actions undertaken in good faith. RCW 62A.1-102(3)."[28]

3        **6.6**    Foreclosure of a deed of trust as against residential real property may only be

4  initiated by and on behalf of a qualified Beneficiary who is the *owner* of the promissory note

5  secured by the subject deed of trust. RCW 61.24.030(7)(a); RCW 61.24.040(2).[29]

6        **6.7**    **ETS** represented in June 2009 that GMAC is the "holder" of the Nicholls

7  Note. At that same time a nonjudicial foreclosure was being conducted against the Property in

8  the name of "**Bank One** National Association, as Trustee" as purported Beneficiary, (see ¶

9  5.35 above).  GMAC has failed and refused to disclose the basis, if any, of its claim against

10  the Nicholls Note and/or DOT.

11        **6.8**    Involvement of **Bank One**:

12        (a) A document titled "*Corporation Assignment of Mortgage*" dated 01/20/2000 and

13             Recorded 08/03/2000 (See footnote 12) purports to assign all "interest under that

14             certain mortgage dated twelfth (12) of November, 1999 C E" to "**Bank One**

15             **National Association as trustee.**"  Said assignment is invalid and void on the

16             following nonexclusive grounds:

17             (i)    The referenced "mortgage dated the twelfth (12) of November, 1999 C E"

18                    is not found in the King County Official Public Records.

19             (ii)   RCW 61.24.005(2) excludes as DOT Beneficiary any person who holds the

                      note secured by a deed of trust as security for a different obligation (e.g. as

20                    security for Mortgage Backed Securities or Collateralized Debt

21                    Obligations).

             (iii)  If the phrase "as trustee" is intended to appoint **Bank One** as trustee under

22

23  [28] *U.S. Bank Nat'l Ass'n v. Whitney,* 119 Wn. App. 339, 345 (Dec. 9, 2003)
    [29] See also RCW 61 .24.163 (8)(b)(iii).

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 22 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    the Nicholls DOT, the assignment is invalid, RCW 61.24.020;

2      (iv) The assignment instrument fails on numerous other grounds including lack

3        of a valid acknowledgement (no notary seal)[30];

4     (b) Defendant **Bank One** "as trustee" is named as Beneficiary in the *Notice of*

5      *Trustee's Sale* Recorded against the Property on January 12, 2009[31].  But **Bank**

6      **One** could not have been the Beneficiary in 2009 because **Bank One** ceased to

7      exist in July 2004 (see footnote 4).  The 2009 *Notice of Trustee's Sale* is

8      fraudulent.

9     (c) Upon information and belief, sometime between November 15, 1999 and August

10      3, 2000, **Old Kent** purportedly transferred the Nicholls Note to **RFCorp**, which in

11      turn purportedly transferred it to **"Bank One National Association as Trustee,"**

12      actual ownership of the Note apparently going to an unnamed investment trust,

13      where it was collateral for, and/or was subject to, a Loan Pool, a Pooling and

14      Servicing Agreement, a Collateralized Debt Obligation, a Mortgage-Backed

15      Security, a Mortgage Pass-Through Certificate, a Credit Default Swap, an

16      Investment Trust, and/or a Special Purpose Vehicle.

17     (d) The subsequent succession by merger of **Bank One** into **Chase** in 2004 (see

18      footnote 4) would be insufficient to transfer the Nicholls note to **Chase**, "as

19      trustee" or otherwise.  (See ¶ 6.10 below: re requirements for transfer).

20     **6.9**  Involvement of **BNY**.

---

21    [30] RCW 64.08.020 (requires the notary to have a seal, or affixation of a certificate of the clerk of a court of record, on instruments acknowledged out of state); RCW 42.44.090(1) (notary seal impression

22    required on certificate);  Michigan provides seals to notaries for out-of-state documents.  Documents executed in Michigan purporting to convey or encumber real estate must have two (2) witnesses and

23    be acknowledged by a notary public. MCLA 565.8 (statute as of January 2000 at time of signing).
[31] Bank One *Notice of Trustee's Sale*: King County Recorder #20090112001130.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 23 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    (a) The name of Defendant **Bank of New York (BNY)** appears in the following

2    recorded documents and nowhere else:

3        (i) In the signature block of an *Appointment of Successor Trustee* dated

4        02/17/2007, acknowledged/notarized 02/01/2007 and Recorded on

        02/23/2007 under no. 20070223001307 which is signed by **RFC-LLC** as

5        **BNY's** purported Attorney-In-Fact, as follows:

6            "THE **BANK OF NEW YORK TRUST COMPANY, N.A.** AS
            SUCCESSOR TO JP MORGAN CHASE BANK, N.A., **AS**

7            **TRUSTEE**, FKA THE CHASE MANHATTAN BANK AS TRUSTEE,
            BY: RESIDENTIAL FUNDING COMPANY, LLC, ITS ATTORNEY

8            IN FACT."

9        (ii) On page 1 of a *Notice of Trustee's Sale* dated March 09, 2007 and

10        Recorded on 03/13/2007 under no. 20070313001435 as follows:[32]

11            "* * * the beneficial interest in which was assigned by OLD KENT
            MORTGAGE COMPANY D.B.A. NATIONAL PACIFIC MORTGAGE

12            to RFC - THE **BANK OF NEW YORK TRUST COMPANY, N.A.** AS
            SUCCESSOR TO JP MORGAN CHASE BANK, N.A. **AS TRUSTEE,**

13            FKA THE CHASE MANHATTAN BANK AS TRUSTEE TRUSTEE.
            (sic) "

14    (b) **BNY** is excluded from acting as Beneficiary under the Nicholls DOT. (see e.g.

15    ¶ 6.8(a)) for the following reasons:

16        (i)   RCW 61.24.005(2) excludes any person who holds the note as security for

17            a different obligation from attaining the status of Beneficiary;

18        (ii)  If the phrase "as trustee" is intended to appoint **BNY** as trustee under the

19            Nicholls DOT, the assignment is invalid, RCW 61.24.020;

20

21    (c) Upon information and belief, the use of **BNY's** name as Beneficiary of the

22    Nicholls DOT in the body of *Notice of Trustee's Sale* Recorded March 13, 2007 is

23

---

[32] Bank of NY *Notice of Trustee's Sale*: King County Recorder #20070313001435.

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    part of an ongoing pattern of deception, misdirection, fraudulent assignments,

2         appointments and foreclosure practices by **GMAC**.

3    **6.10   RFREH** is not and never was a "holder" of the Nicholls Note. RCW 62A.3-

4    201, 203; Nicholls Note, Pg. 1, ¶1 ("anyone who takes this note <u>by</u> <u>transfer</u> and is entitled to

5    receive payments under this note is called the "Note Holder." [emphasis added]).

6    **6.11   RFREH** is not and never was Beneficiary of the Nicholls DOT (See ¶ 6.10).

7    RCW 61.24.005(2); RCW 62A.3-301.

8    **6.12**   Neither **RFREH** nor any other Defendant has or has had the authority to duly

9    issue and record an effective reconveyance of the Nicholls DOT. RCW 61.24.020; RCW

10   64.04.010, RCW 64.04.020 (Real Estate Statute of Frauds); RCW 61.16.010, 020; RCW

11   61.24.110; *Nicholls DOT,* § 23, Pg. 13 (reconveyance must originate with the "Lender" and

12   must include surrendering the instruments of debt and security).

13   **6.13**   All actions described herein conducted by Defendants against the Property

14   including attempted foreclosure proceedings were wrongful, illegal, failed to materially

15   comply with the requisites to a trustee's sale established by RCW 61.24.030, and were

16   conducted by entities and persons who have no cognizable legal or equitable beneficial

17   interest in the Property, and/or who lack authority to act as a Trustee under the WDTA,

18   RCW Chapter 61.24. RCW 65.08.070.

19   **6.14**   Plaintiff is entitled to a declaratory judgment from this Court setting forth and

20   decreeing that under Chapters 62A.3 and 61.24 RCW, and especially RCW 61.24.005(2), and

21   RCW 65.08.070 that

22        (a) Defendants **Bank One, Chase, BNY,** and **RFREH,** have never held, do not hold

23             and cannot hold Beneficiary status under the Nicholls DOT;

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

(b) Said Defendants have never held and do not hold any legal or equitable beneficial

interest in the Property;

(c) Absent Beneficiary status and through violations of other WDTA provisions, all

nonjudicial foreclosure attempts as specified herein have been unlawful and

wrongful; and

(d) Declaring that no Defendant or any party is entitled to hold a trustee's sale of the

Property based upon the Nicholls DOT.

## VII.  SECOND CAUSE OF ACTION
## QUIET TITLE

**7.1**    All allegations set forth above are re-alleged as if fully set forth herein.

**7.2**    Plaintiff is the fee simple owner of the Property.

**7.3**    No Defendant possesses a subsisting valid legal or equitable lien,

encumbrance, claim or interest in or against the Property.

**7.4**    The Defendants have asserted and continue to wrongfully assert invalid claims

directly affecting, impairing, diminishing, and limiting Plaintiff's quiet possession, use,

enjoyment, and alienation of the Property which he owns in fee simple.

**7.5**    If no Defendant can evidence a valid interest in the Property, pursuant to RCW

Chapter 7.28 Plaintiff asks for judgment quieting title in him and removing the cloud of all

said Defendants' claims from the Property.

## VIII. THIRD CAUSE OF ACTION
## AGAINST DEFENDANT HOMECOMINGS
## FOR TRESPASS, AND INJURY AND DAMAGE TO THE PROPERTY

**8.1**    All allegations set forth above are re-alleged as if fully set forth herein.

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
**Page 26 of 54**

HELMUT KAH, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1        **8.2**      Upon information and belief, on or about late December 2008 Defendant

2    **Homecomings**[33], through an agent, without lawful authority entered upon, took possession

3    and injured the dwelling structure located upon the Property, committing trespass, causing

4    direct and indirect injury and damage as defined by RCW 4.24.630 and RCW 59.12.010.

5    RCW 7.28.230.

6        **8.3**      Upon information and belief, on or about May 24, 2010 Defendant

7    **Homecomings** (see footnote 33) again, through an agent, without lawful authority entered

8    upon the Property and took possession, changing the locks and disabling Plaintiff's deadbolts,

9    thereby excluding Plaintiff from entry into the dwelling structure located on the Property and

10   rendering the Property vulnerable to break-in.

11       **8.4**      In the absence of working deadbolts, on or about early April, 2011, the

12   Property structure was broken into, resulting in further damage and theft of items.

13       **8.5**      As a direct result of the Defendant **Homecomings**' actions, Plaintiff has

14   suffered damages in an amount to be proven at trial and is entitle to allowable treble damages

15   under RCW 4.24.630.  All damages under this Complaint Section are sought as against

16   **Homecomings** (see footnote 33).

17                          **IX. FOURTH CAUSE OF ACTION**
                       **AGAINST DEFENDANT HOMECOMINGS:**
18   **FRAUD, CONSPIRACY AND DAMAGES FOR SERVICER'S REFUSAL**
                   **TO COOPERATE IN PLAINTIFF'S EFFORTS**
19                   **TO PAY OFF PRIOR ENCUMBRANCE**

20       **9.1**      All allegations set forth above are re-alleged as if fully set forth herein.

21

22

23   [33] If Discovery reveals that another party ordered and/or is liable for these acts, Plaintiff reserves the
     right to amend this Section.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 27 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1   **9.2**   Plaintiff had a right[34] by virtue of his purchase of the Property at a non-judicial

2   deed of trust foreclosure sale, under the UCC, common law, the Washington Constitution, and

3   during such times as Defendants were attempting to foreclose the Property, under RCW

4   61.24.090, to pay off the Nicholls note and Deed of Trust in a rightful amount to a lawful note

5   holder/Beneficiary.

6   **9.3**   Defendant **Homecomings** as purported servicer of the Nicholls Note and DOT

7   is guilty of fraud, deception and self-dealing by refusing to cooperate with Plaintiff's good

8   faith efforts beginning September 30, 2008 to assume and bring current the Nicholls loan and,

9   when that offer was rejected, by refusing to accept Plaintiff's good faith tender[35] of full

10  payment of the Nicholls Note and remove the lien of the Nicholls DOT from the Property.

11  RCW 62A.3-603 (including discharge of debt when tender is refused).

12  **9.4**   Upon information and belief Plaintiff alleges that the only purpose of

13  **Homecomings'** refusal described in ¶ 9.3 was to continue generating servicer fees and

14  income, and/or acquisition of the Property, for itself and related persons and entities including

15  one or more of the other named Defendants.

16  **9.5**   **Homecomings'** failure and refusal to provide the payoff information, and

17  verification that the to-be-designated payee is the owner of the Nicholls Note and Beneficiary

18  of the Nicholls DOT, or that Homecomings is legally authorized to act on their behalf,

19  unreasonably interfered with Plaintiff's acquisition of clear title to the Property, constituted

20  conspiracy in use of extortionate means in attempts to wrongfully collect money, and

21  _____

22  [34]  "In *MGIC Fin. Corp. v. H.A. Briggs Co.*, 24 Wn. App. 1, 6, 600 P.2d 573 (1979) * * * [t]he court stated that the junior lienor had the right to (1) pay off the debt secured by the senior mortgage." *Fluke Capital & Mgmt. v. Richmond*, 106 Wn.2d 614, 724 P.2d 356 (Sept. 4, 1986).

23  [35] "'Tender' is a willingness to pay, accompanied by the ability and an attempt to pay." *King v. O/S Nordic Maiden*, 587 F. Supp. 46, 48 (W.D. Wash. 1984).

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 28 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1  proximately obstructed Plaintiff's opportunities to market, rent, renovate and/or develop the

2  Property in a timely manner, resulting in Plaintiff's substantial injury, loss and damage in an

3  amount to be proven at trial.  (See ¶ 18.4 below for Defendants' assigned liabilities).

4

5  ### X. FIFTH CAUSE OF ACTION
   ### DECEPTION, MISREPRESENTATION, FRAUD
6  ### AGAINST DEFENDANT FIRST AMERICAN

7      **10.1**    All allegations set forth above are re-alleged as if fully set forth herein.

8      **10.2**    The appointment of **First American** as successor trustee dated 02/17/2007,

9  acknowledged/notarized 02/01/2007 and Recorded 02/23/2007, declares appointee **First**

10  **American** is "a corporation formed under RCW 61.24, whose address is 2104 Fourth Ave.,

11  Suite 800, Seattle, WA 98121."  Upon information and belief this instrument was drafted and

12  Recorded by ETS.  The instrument is legally defective and void on its face.  RCW 64.040.10,

13  020 (including purported acknowledgement two weeks before signed); CA Civil Code

14  §1189(a) (Insufficient acknowledgement); CA Civil Code §1190 (Signer is not identified as a

15  "duly authorized person"). After recording, the instrument was to be mailed to **ETS** in

16  Burbank, California (which did not legally exist in California at that time.).

17      **10.3**    **First American** performed no function whatsoever as trustee under the

18  Nicholls DOT, other than purportedly signing documents they obviously did not read.[36]

19  Instead, **First American** entirely abdicated its role, function, and responsibilities as trustee to

20  **ETS**, thereby violating its duty to Beneficiary, Borrower and Grantor, its duty to inform

21  Plaintiff of the 2009 Sale Attempts (See ¶'s 5.21 – 5.48), and to act as fiduciary, in good faith

22

23  ───────────────
[36] Examples: ¶5.62 and ¶6.8(b) above.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 29 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1  and/or impartially as to interested parties. RCW 61.24.010(4) (*fiduciary* duty and impartiality

2  required at time of 2009 sales attempts; duty of good faith in 2010 sale attempt).

3      **10.4**    By its own admission, **First American** has never been aware of who owns the

4  debt secured by the Nicholls DOT, or by what authority it was appointed as trustee (See ¶'s

5  5.60 - 5.62 above).  RCW 61.24.030(7)(a),(b) (trustee's responsibility to obtain proof that

6  Beneficiary is owner of Nicholls Note; and when duty of good faith has been violated:

7  requirement of evidentiary proof).

8      **10.5**    **ETS**, to whom **First American** abdicated, operates entirely out of California

9  (see footnote 5) and has no physical presence or telephone in Washington.  If a deed of trust

10 trustee is to abdicate duties to an agent, the agent must be able to carry out the requirements of

11 the trustee. (See ¶ 5.21, 10.4 above).  RCW 61.24 et seq., including duty of good faith.

12 Agency Responsibility. RCW 9A.08.030(2).

13     **10.6**    All acts and omissions in the nonjudicial foreclosure proceedings against the

14 Property by **First American** in complicity with **ETS**, including but not limited to the Notices

15 of Trustee's Sale Recorded on January 12, 2009, and on March 23, 2010, were wrongful as to

16 Plaintiff, and injured and damaged Plaintiff in an amount to be proven at trial. (See ¶ 18.4

17 below for Defendants' assigned liabilities).

18 

**XI. SIXTH CAUSE OF ACTION
DECEPTION, MISREPRESENTATION, FRAUD
AGAINST DEFENDANT LSI TITLE AGENCY, INC.**

19

20     **11.1**    All allegations set forth above are re-alleged as if fully set forth herein.

21     **11.2**    **LSI** was not and is not qualified or authorized to act as a trustee under Deeds

22 of Trust in the State of Washington under any provision of the WDTA.

23     **11.3**    **LSI** is a "shell corporation", existing in name only, and claiming to be "a

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 30 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1   wholly owned indirect subsidiary of Lenders Processing Services, Inc."[37] ("LPS").

2       **11.4**   Upon information and belief, **LSI** is a straw-man name offered for rent by LPS

3   for use by loan servicers and document mills in order to circumvent the WDTA's statutory

4   prerequisites and procedures in the nonjudicial foreclosure process and to subvert the

5   Grantor/borrower's ability to effectively assert their defenses.

6       **11.5**   LSI, and the Defendants who have used its straw-man name, have committed

7   so many fraudulent and unlawful acts in falsely presenting **LSI** as a legitimate trustee of deeds

8   of trust, that space prohibits listing them all here.  Following are some examples whereby **LSI**

9   has committed fraud upon Plaintiff, other homeowners, the State of Washington[38], the State

10  of California (see below), the State of Nevada[39], the State of Arizona[40] and fraud upon the

11  Court.[41]

12      (a)  LSI Title Agency, Inc. is <u>not</u> registered with the California Secretary of State
         or licensed to do business in California.

13

14      (b)  LSI Title Agency, Inc., although selling title insurance out of California, is <u>not</u>
         licensed with the California Insurance Commission.

15

─────────────────────

16  [37] *Rule 7.1 Corporate Disclosure Statement For LSI Title Agency, Inc.*, dated 02/07/11, *Linda S. Green v. Greenpoint Mortgage Funding, Inc., et al*, No. 11-05105, U.S. Dist. Court, Tacoma.

17  [38] Fraudulent filings with OIC to obtain Title Insurance Agency status. Filings with Cnty. Recorders.

18  [39] Upon information and belief, all signing of documents for LSI is done by employees of Lenders
    Processing Services, two of which are currently under indictment in Nevada for felony robo-signing;

19  the Nevada AG filed suit on 12/15/2011 against LPS for "pattern and practice of falsifying, forging
    and/or fraudulently executing foreclosure related documents." *State of Nevada v. Lender Processing*

20  *Services, Inc., et. al*, Case No. A-11-653289-B, Dept. No. XI, U.S. Dist. Court, Clark Cnty., Nevada.

21  [40] e.g. September 1, 2011 LSI, in submitting its Escrow Rates to the Arizona Department of Financial
    Institutions, listed its address as **5 Peters Canyon Rd. Ste 200, Irvine, CA 92606** [This is the address
    of LPS], where it does not legally exist.

22

23  [41] See March 11, 2009 Declaration (under penalty of perjury) of Gary Finnell, *Gildea v. LSI Title
    Agency, Inc., et al*, Case # 10-2-43592-1SEA, King Cnty. Sup. Ct., containing multiple
    misrepresentations of fact.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 31 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

(c)   LSI Title Agency, Inc. is not registered as a dba in Orange County, CA (they have claimed at least two addresses in that county, including that currently claimed, see footnote 40).

(d)   LSI Title Agency, Inc. is not registered with the Washington Employment Security Department, and hence has no legal employees.  Having no legal presence whatever in California it is reasonable to assume that LSI Title Agency, Inc. has no California employees either, and pays no taxes there.

(e)   To be licensed as a Title Insurance Agency in Washington, it is required that an applicant "Maintains a lawfully established place of business in its home state and holds a corresponding license issued by the state of its principal place of business[.]" RCW 48.17.173(3)(b). In their initial application to the Office of the Insurance Commissioner ("OIC")[42], LSI represented itself as being a licensed title insurance agent in the State of Illinois.

   (i)   Illinois does not license title insurance agents.

   (ii)   On December 5, 2008 LSI emailed the OIC to change its principal place of business from Santa Ana, CA (where they did not legally exist and were not licensed to sell title insurance – see above) to an address in Illinois that is in fact the Chicago address of CT Corporation.

(f)   On December 11, 2010 LSI applied to the OIC for, and was granted, "Resident Title Insurance Agency" status in Washington.   LSI has no physical presence in this state. RCW 40.16.030 (offering false instruments for filing or record).

(g)   LSI Title Agency, Inc. has also filed false documents with other states fraudulently proclaiming its status. (See footnote 40 above).

**11.6**   On February 11, 2011 Plaintiff filed a complaint[43] with the OIC against **LSI Title Agency, Inc.** charging both abuse of insurance licensing statutes and violations of RCW 61.24 et seq.  A copy of the complaint was forwarded to the Office of The Attorney General ("OAG").

---

[42] All references herein to materials submitted by LSI to the OIC are contained in Certified OIC Records, file #3914 *robertson.BATES 1-90_REDACTED.pdf.*
[43] OIC Case Number 1048121

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 32 of 54

HELMUT KAH, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1      **11.7**   On April 6, 2011 Attorney General Rob McKenna published and sent to

2  companies acting as deed of trust trustees in Washington a letter[44] stating, "[N]on-judicial

3  foreclosure sales may not occur unless the foreclosing trustee has a bona fide physical

4  location in Washington with a phone line."

5      **11.8**   **LSI** ignored the warning of the Attorney General (¶ 11.7 above ) and despite

6  having no Washington presence continued foreclosures through November of 2011.

7      **11.9**   On May 20, 2011 the OIC wrote Plaintiff in response to his complaint (see ¶

8  11.6), "It appears **LSI Title Agency, Inc.** did violate one or more provisions of Washington's

9  Insurance Code.  As such, this matter will be reviewed by an OIC attorney in the Legal

10  Affairs Division for possible disciplinary action."

11      **11.10**   The OIC announced in a January 5, 2012 Press Release[45] that **LSI** was fined

12  "for failing to maintain a place of business accessible to the public in Washington."

13      **11.11**  Since May 6, 2011 (30 days following the AG's *Trustee Letter #2*), **LSI** has

14  filed at least 942 documents with the King County Recorder including appointments as

15  Successor Trustee[46], many listing a California address (see footnote 40) where LSI is not a

16  registered business nor a legal trustee under the WDTA.  **LSI** also has filed name variations,

17  including "LSI Title Company"[47] appearing in 32 instruments in King County Records; that

18  entity is not registered to do business in Washington or with the OIC.  All filings with King

19  County in 2012 have been indexed as simply "LSI Title."

20

---

21  [44] OAG Letter to Trustees of April 6, 2011 was dubbed "Trustee Letter 2"

22  [45] http://www.insurance.wa.gov/news/2012/1-05-2012.shtml

     [46] See, e.g., King County Recorder #20120403002189

23  [47] See, e.g., King County Recorder #20111109001821

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 33 of 54**

**HELMUT KAH**, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

11.12   None of the Notice(s) of Trustee's Sale(s) issued by **LSI** against the Property comply with the mandatory and material prerequisites of trustee's sales established by RCW 61.24.030(6) (no presence in Washington); § (7)(a),(b) (failing duty of proof that Beneficiary is owner of note) and § (8) (failure to mail Notice of Default to Plaintiff under his status as successor to grantor[48]).

11.13   The February 17, 2010 *Appointment of Successor Trustee* purportedly Recorded by **RFREH** in the King County Official Records to appoint **LSI** as Successor Trustee under the Nicholls DOT is legally defective. (See ¶¶ 5.58, 5.59, 11.14).

11.14   **RFREH**'s purported acquisition of the Nicholls Note and Deed of Trust on July 28, 2010 occurred five months <u>after</u> **RFREH** purportedly executed the February 16, 2010 appointment of **LSI** as successor trustee, rendering every act and omission of **LSI** as trustee illegal, and wrongful in every particular. RCW 64.04.010, 020; RCW 61.24.005(2); RCW 61.24.010(2).

11.15   Additionally, through the following practices in complicity with Defendant **ETS** and one or more of the other Defendants herein, **LSI** created and creates the false appearance that it is authorized and qualified to act as a trustee under Deeds of Trust in the state of Washington:

(a)   Fraudulently and deceptively creating the false appearance that it maintains a street address in the state of Washington, a physical presence at such street address, and telephone service at such street address;

---

[48] RCW 61.24.005(7) – definition of "Grantor" includes "successor."

**HELMUT KAH**, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

(b) Setting forth sham street addresses and telephone numbers in its notices of default that are transmitted to the borrower and grantor;

(c) Setting forth sham street addresses and telephone numbers in its Notices of Trustee's Sale that are transmitted to the borrower, to the grantor, to other interested parties, and published in newspapers of general circulation in various counties in the state of Washington.

(d) The address of 1111 Main St., #200, Vancouver, WA 98660 which is stated as LSI's address in the *Appointment of Successor Trustee* Recorded 02/17/2010 (See ¶ 5.58, 5.59 above), and *Notice of Trustee's Sale* Recorded 03/23/2010 (See ¶ 5.60) is a sham, phantom, fraudulent, and false address at which LSI did not maintain any physical presence or telephone service.

(e) The *Appointment of Successor Trustee* Recorded 02/17/2010 (see (d) above) falsely states that LSI is "a corporation formed under RCW 61.24, whose address is...[(d) above]". No Washington corporations are formed under any provision of the WDTA (See ¶ 10.2 for **ETS** tie-in).

(f) The address of 13920 SE Eastgate Way, Ste. 115, Bellevue, WA 98005 which is stated as LSI's address in the *Notice of Trustee's Sale* Recorded 12/22/2010 (See ¶ 5.69 above), is a sham, phantom, fraudulent, and false address at which LSI does not and did not maintain any physical presence or telephone service.

(g) Recording, or authorizing to be Recorded, the above and other false information described herein for public record. RCW 40.16.030.

**11.16 LSI** engaged and engages in the foregoing and other activities in order to

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 35 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1  masquerade itself as a legitimate trustee to the injury and damage of Washington property

2  owners in nonjudicial foreclosures of their homesteads, residences, and other types of real

3  property. Injuries and damages to Plaintiff are in an amount to be proven at trial. (See ¶ 18.4

4  below for Defendants' assigned liabilities. See also ¶ 18.5 punitive damages under CA Civil

5  Code § 3294).

6

7                            **XII. SEVENTH CAUSE OF ACTION**
                              **DECEPTION, MISREPRESENTATION, FRAUD,**
8            **AGAINST DEFENDANT EXECUTIVE TRUSTEE SERVICES, LLC**

9        **12.1**    All allegations set forth above are re-alleged as if fully set forth herein.

10       **12.2**    Upon information and belief, Defendant **Executive Trustee Services, LLC,**

11  (ETS) is a wholly owned subsidiary of Defendant **GMAC** and functions as a "foreclosure

12  mill" to process foreclosures for **GMAC** companies. (See footnote 5). **ETS'** "services"

13  apparently encompass wearing of all hats, including:

14            (a)    Usurping the role of Beneficiary through unilaterally issuing foreclosure

15                   directives with no authority from a valid deed of trust Beneficiary or trustee;

16            (b)    Usurping the trustee's function of making the critical decisions that are

17                   reserved by law to the authorized and qualified trustee, including refusal to

18                   stop a foreclosure that they knew to be unlawful (See ¶ 5.34 – 5.36, 5.48

19                   above), while failing to meet the WDTA requirements to act as a trustee.

20                   RCW 61.24 et. seq., including 61.24.020 ("No person, corporation or

21                   association may be both trustee and beneficiary under the same deed of

22                   trust"), and having no Washington address or telephone.

23            (c)    Upon information and belief, drafting the legal instruments for the

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 36 of 54**

**HELMUT KAH,** Attorney at Law
16818 140ᵗʰ Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

processing of nonjudicial foreclosures in the state of Washington in the name of nominal though essentially phantom Beneficiaries and deed of trust trustees (e.g. see ¶¶ 10.2, 11.15(e) and 16.7);[49]

    (d)    Usurping the trustee's role as the decision maker or intermediary between borrower and Beneficiary in every phase of the nonjudicial foreclosure process.

    (e)    Directing in cover sheet accompanying Notice(s) of Foreclosure/Notice(s) of Trustee's Sale(s) (See e.g. ¶ 5.60) mailed to interested parties, that payments are to be sent to **ETS**, when no authority for such payment is evidenced.

**12.3**    Upon information and belief, **ETS** created, mailed, served, filed with King County Recorder, published and is responsible for the content of all Recorded instruments bearing the names of **LSI** and **First American** described herein. All Recorded instruments so drafted contained the following directive in the upper left corner of the first page:

> "And When Recorded Mail To:
> Executive Trustee Services, LLC
> [California address]"

**12.4**    The above described acts and omissions of **ETS** are contrary to and in material and gross violation of the WDTA and demonstrate willful conspiracy in the unlawful and criminal acts herein described, all to Plaintiff's injury and damage in an amount to be proven at trial. (See ¶ 18.4 below for Defendants' assigned liabilities. See also ¶ 18.5 punitive damages under CA Civil Code Code § 3294).

---

[49] The practice of law includes the selection and completion of legal instruments by which legal rights and obligations are established. *Perkins v. CTX Mortgage Co.*, 137 Wn.2d 93, 97(Jan. 1999), citing *Washington State Bar Ass'n v. Great W. Union Fed. Sav. & Loan Ass'n*, 91 Wn.2d 48, 54-55, 586 P.2d 870 (1978).

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 37 of 54

HELMUT KAH, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

## XIII. EIGHTH CAUSE OF ACTION
## AS AGAINST DEFENDANT RFREH
## (IN CONSPIRACY WITH GMAC GROUP AND LSI)
## FRAUD, DECEPTION AND MISREPRESENTATION

**13.1**    All allegations set forth above are re-alleged as if fully set forth herein.

**13.2**    The *Notice of Trustee's Sale* Recorded on 03/23/2010 by **RFREH** (See ¶ 5.60) recites as follows regarding the Nicholls DOT:

> "...beneficial interest in which was assigned by OLD KENT
> MORTGAGE COMPANY DBA NATIONAL PACIFIC
> MORTGAGE to RESIDENTIAL FUNDING REAL ESTATE
> HOLDINGS, LLC."

Old Kent ceased to exist in 2002. **RFREH** did not come into existence until 2009. Such assignment is impossible. RCW 64.04.010, 020.

**13.3**    **RFREH** does not qualify as Beneficiary of the Nicholls DOT, and therefore has no authority or standing to appoint a trustee, exert control, or direct that nonjudicial foreclosure proceedings or other adverse action be taken against the Property. RCW 61.24.005(2); RCW 61.24.010(2), RCW 61.24.030.

**13.4**    **RFREH**'s purported acquisition of the Nicholls Note and Deed of Trust on July 28, 2010 (See ¶ 5.66 – 5.68) occurred five months after **RFREH** executed the February 16, 2010 appointment of **LSI** as successor trustee.

**13.5**    **RFREH**'s nonjudicial foreclosure proceedings (¶ 5.60, 5.69 above) were conducted in concert with the rest of **GMAC Group** and **LSI** and were, in substance, an attempt to steal the Property presently valued between $100,000 to $140,000[50] through fraud, deceit, deceptive practices, complicity in theft of property for sale to others and criminal

---

[50] Present value as estimated by John Bauer of Zip Realty. See also property tax evaluations.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 38 of 54**

HELMUT KAH, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut_kah@att.net
WSBA # 18541

1  conspiracy; and/or to exert extortionate pressure on Plaintiff to pay an inflated amount to

2  which RFREH has no rightful claim; all to Plaintiff's injury and damage in an amount to be

3  proven at trial.  (See ¶ 18.4 below for Defendants' assigned liabilities. See also ¶ 18.6 request

4  for punitive damages under Pennsylvania law).

5

6                         XIV. NINTH CAUSE OF ACTION
                               AS AGAINST GMAC
7               FRAUD, DECEPTION AND MISREPRESENTATION

8       **14.1**    All allegations set forth above are re-alleged as if fully set forth herein.

9       **14.2**    Upon information and belief, **GMAC** has served as either a "Master Servicer"

10  or "Submaster Servicer" with regard to the Nicholls Note and DOT.

11      **14.3**    On March 12, 2012 the Office of Inspector General, U.S. Department of

12  Housing and Urban Development ("OIG") issued a scathing *Memorandum of Review* of Ally

13  Financial Inc.'s (**GMAC'S** parent corporation) Fort Washington, PA facility practices relating

14  to foreclosures.  The OIG noted Ally's refusal to cooperate with the investigation or to permit

15  interviews with employees, which after subpoena claimed Fifth Amendment rights under

16  attorney representation.  "The team leader of Ally's foreclosure department testified that he

17  and other affiants did not sign documents in front of a notary."[51] Notary violations were

18  referred to the Secretary of the Commonwealth of Pennsylvania.  On April 4, 2012 Defendant

19  **GMAC** and Ally Financial, Inc., entered into a Consent Judgment[52] with 49 state attorneys

20  general, including Washington, for unlawful mortgage handling procedures including

21  foreclosures, and "among other laws, the Unfair and Deceptive Acts and Practices laws of the

22

23  [51] OIG *Memorandum of Review*, at 5
    [52] *United States v. Bank of America Corp. et. al*, No. 12 0361, US Dist. Ct., DC (April 4, 2012)

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
**Page 39 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    Plaintiff States, the False Claims Act, the Financial Institutions Reform, Recovery, and

2    Enforcement Act of 1989, the Servicemembers Civil Relief Act, and the Bankruptcy Code

3    and Federal Rules of Bankruptcy." **GMAC** has been sanctioned by courts in Florida and

4    Maine[53] for falsifying foreclosure documents.

5        **14.4**    Upon information and belief, Plaintiff alleges that Defendant **GMAC** either

6    directly or through its wholly owned subsidiary **ETS** is in control of most or all material

7    decisions and has ordered all actions by Defendants described herein regarding the Property

8    and the Nicholls Note and Deed of Trust.

9        **14.5**    Upon information and belief, Plaintiff alleges that **GMAC** has orchestrated the

10    activities of the other Defendants regarding the Property in efforts to intimidate Plaintiff into

11    submission, i.e. by requiring Plaintiff to pay them everything they demand on pain of losing

12    the Property to an unlawful trustee's sale or having the Property clouded indefinitely through

13    the recordation of invalid instruments in the Official Public Records of King County.

14        **14.6**    **GMAC**'s actions and omissions have been a proximate cause of Plaintiff's

15    injuries and damages indicated herein in an amount to be proven at trial.  (See ¶ 18.4 below

16    for Defendants' assigned liabilities. See also ¶ 18.6 request for punitive damages under

17    Pennsylvania law).

18

19                    **XV. TENTH CAUSE OF ACTION**
                **AS AGAINST ALL DEFENDANTS UNDER RCW 9A.82 et seq.**
20                        **"LITTLE RICO"**

21        **15.1**    All allegations set forth above are re-alleged as if fully set forth herein.

22    _____

[53] *TCIF REO2, LLC v. Leibowitz, as Trustee, et al.,* No. 16-2004-CA-4835, Circuit Ct. 4D, Duvall
23    Cnty., FL (May 2006); *James v. U.S. Nat. Bank & GMAC,* No. 2:09-cv-84-JHR, U.S. Dist. Ct. Maine
(Feb. 2011).

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**              **HELMUT KAH,** Attorney at Law
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**                16818 140th Avenue NE
**Page 40 of 54**                                                Woodinville, WA 98072-9001
                                                                  Phone: 425-949-8357
                                                                    Fax: 425-949-4679
                                                                  Cell: (206) 234-7798
                                                              Email: helmut.kah@att.net
                                                                    WSBA # 18541

1    **15.2**    Defendants' have engaged in a pattern and practice of willful conspiratorial,

2    deceptive, unconscionable acts, in violation of RCW 19.82 et seq., including

3        (a)    use of deception with the intent of misleading debtors and property owners at

4            their most vulnerable time (the definition of "profiteering"), as well as

5            potential buyers of foreclosed properties, Washington State regulators and the

6            public at large, and

7        (b)    upon which those persons justifiably relied;

8        (c)    recording of fraudulent and false instruments affecting real property titles

9            thereby impairing the stability of Washington land titles;

10        (d)    circumvention of WDTA procedures to exert control over realty without valid

11            authority and thereby accomplish theft through nonjudicial foreclosure sale of

12            Washington resident's residential real property;

13        (d)    adding of unjust fees and interest to amounts alleged as due which are

14            purportedly secured by deeds of trust;

15        (e)    employing extortionate means to extract payments from property owners

16            including Plaintiff (See ¶ 15.4).

17        (f)    submitting and/or attempt to submit unlawful credit bids at Trustee Sales

18            where "creditor" in fact held no ownership in underlying debt or interest in

19            property.  i.e. theft.

20        (g)    reselling and/or intent to resell unlawfully obtained (stolen) real property.

21    **Acts and omissions described herein which are charged under**
**RCW 9A.82 et seq. Criminal Profiteering statutes (felonies in bold):**

22

23        **15.3**    Conspiring to conduct Trustee's Sales of the Property without authority,

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 41 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    including no ownership of the underlying Note or legal interest in Deed of Trust: **GMAC**

2    **GROUP, LSI, First American,** Conspirators: **RFC-LLC, Homecomings:** (See ¶¶ 5.7, 5.21

3    – 5.48, 5.58 - 5.69, 6.3 - 6.13, 10.2 - 10.6, 11.2 – 11.16, 12.2 – 12.4, 13.2 – 13.5, 14.4, Exhibit

4    C): (felonies in bold) **RCW 9A.56.030** (Theft in the first degree); **RCW 9A.82.055** (theft of

5    property for sale to others); **RCW 10.58.040** (intent to defraud); RCW 9A.28.020(1)

6    (complicity in criminal attempt); **RCW 9A.82.050** (Trafficking in stolen property in the first

7    degree); **RCW 9A.82.080** (controlling enterprise or realty); **RCW 9A.82.080(3)(a)**

8    (conspiracy to control realty). RCW 9A.08.010 (culpability defined). **RCW 9A.28.040**

9    (criminal conspiracy).

10        **15.4**    Using extortionate means to extract payments to parties not entitled to receive

11    them, including inflated amounts:

12        (a) **GMAC, Chase, RFREH, ETS, First American, LSI, Homecomings,** and **RFC-**

13            **LLC** (Conspirator): See ¶¶ 5.21-5.56, 6.8(b), 6.10 – 6.13, 9.1 - 9.5, 10.6, 11.12,

14            11.16, 11.17, 12.2(e), 12.4, 13.5, 14.4;

15        (b) **ETS, GMAC, First American:** refusal to stop unlawful trustee's sale (tool for

16            theft and/or extortion): See ¶¶ 5.34-36, 5.46-48.

17        (c) **GMAC, RFREH, ETS, First American, LSI, Bank One, Homecomings:**

18            Leaving Recorded *Notice of Trustee's Sales* on property record when sales had

19            been "cancelled" as a tool of extortion: See ¶¶ 5.51-5.56, 14.5-14.6. RCW

20            4.28.328 (also actionable for proximate injuries/damages).

21    **RCW 9A.56.130** (Extortion); **RCW 9A.82.040** (use of extortionate means); **RCW 10.58.040**

22    (intent to defraud); RCW 9A.28.020(1) (complicity in criminal attempt).

23        **15.5**    Forgery: **RFREH, GMAC:** See ¶¶ 5.66-5.68 (also 13.2). **RCW 9A.60.020**

**HELMUT KAH,** Attorney at Law
16818 140ᵗʰ Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1  (Forgery); **RCW 9A.60.040** (criminal impersonation).

2        **15.6**    False, Fraudulent and forged instruments have been filed with the King County

3  Recorder naming **RFREH, Bank One, Chase, Bank of NY, First American** and **LSI** as

4  having interests in the Property:  **ETS, LSI, First American, Chase, RFREH, RFCorp,**

5  **RFC-LLC, GMAC** (master conspirator), **Homecomings** (conspirator): See ¶ 10.2, 13.3,

6  11.15, Exhibit C ¶¶ 4.2a – 4.13a and additional references to Recorded documents herein

7  described. **RCW 40.16.030** (offering false instrument for filing or record); RCW 61.24.010,

8  RCW 64.04.020 (real estate statute of frauds); RCW 9.38.020 (false representations

9  concerning title); RCW 64.08.020 (Out of state certification requirements – see also statutes

10  of states where acknowledgements were executed); 9A.60.050 (false certification); RCW

11  9A.60.010(4) (falsely making an instrument); Deeds must be drafted by a licensed attorney

12  (See footnote 49 and RCW 19.16.250(5)); RCW 9A.08.020 (complicity).

13        **15.7**    Plaintiff and a substantial percentage of the residents of Washington have

14  suffered damages proximately caused by Defendants' acts and omissions stated herein

15  under Little RICO charges, including

16           (a)    Diminishment of property values both directly and indirectly;

17           (b)    Degradation of surrounding neighborhood aesthetics, and creating nuisances.

18           (c)    Damage to the public perception and reputation of those victimized,

19                  including humiliation;

20           (d)    Damages, actual and perceived to the integrity of the WDTA system;

21           (e)    Damage to the integrity of Washington's system of law.

22           (f)    Plaintiff has further directly incurred costs of attempting to resolve issues

23                  herein, including substantial out-of-pocket expense, loss of time, attorney

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 43 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    fees, research, and prosecuting this action in defense of his property in

2    amounts to be proven at trial.

3    (g)  Plaintiff is also entitled to treble damages at the discretion of the court

4    under RCW 9A.82.100(4)(d), and attorney fees.

5    (h)  See ¶ 18.4 below for Defendants' assigned liabilities.

6                    **XVI. ELEVENTH CAUSE OF ACTION**
**CHARGES AGAINST ALL DEFENDANTS AS CONSPIRATORS**
7                       **UNDER RCW 19.82 et seq.**
**CONSUMER PROTECTION ACT**

8    **16.1**    All allegations set forth above are re-alleged as if fully set forth herein.

9    **16.2**    Defendants have engaged in unfair acts and practices regarding residential real

10   estate mortgages and marketing of properties to and from consumers, which have seriously

11   impacted the public interest through:

12   (a)  Use of names of banks who hold no interest, identified only "as trustee"s,

13       where no legal Beneficiary is named in violation of RCW 62A.3 et seq., RCW

14       61.24.005(2), RCW 61.24.030(7)(a), (8)(l); RCW 61.24.040(2);

15   (b)  Asserting claims that the *transfer* of negotiable instruments may be

16       accomplished through recordation of an Assignment of Deed of Trust, and

17       acting and attempting to act on such claims through pursuing unlawful

18       foreclosures. RCW 62A.3-201, 203;

19   (c)  Use of phantom, straw-man trustees, which perform no function in the

20       foreclosure process other than lending their name to entities such as **ETS,** who

21       are a wholly owned arm of the foreclosing servicer, such as **GMAC,** which

22       effectively nullifies the protective intermediary role of the "impartial" trustee

23

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 44 of 54

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    established by the WDTA;

2    (d)    Publishing false information as to how such trustees may be contacted;

3    (e)    Recording of bogus Assignments of deeds of trust;

4    (f)    Recording bogus appointments of Successor Trustees; and

5    (g)    Recording bogus Notices of Trustee's Sales (wrongful foreclosures) based

6    upon these misrepresentations. RCW 19.86.020:

7    (h)    Issuing and recording invalid deeds (when the power to grant a deed has been

8    obtained through fraudulent means, any deed so granted is invalid), e.g. **LSI**

9    (See Section XI above), seriously impacting stability of land titles.

10    **16.3**    Fraudulent misrepresentation and intentional deception is charged under the

11    Washington Consumer Protection Act, RCW 19.86 et seq. against the following Defendants

12    which includes the following examples herein stated:

13    (a)    **Homecomings**: See See ¶¶ 5.8 - 5.20, 5.38-5.39, 9.3 – 9.5;

14    (b)    **ETS**: See ¶¶ 5.24, 5.32- 5.36, 5.46-5.48, 5.57-5.62, 5.69, 10.2-10.6, 11.12-

15    11.15, 13.1-13.4, 15.3, &15.6 (conspirator), Exhibit C ¶ 4.12(a);

16    (c)    **GMAC**: See ¶¶ 5.24-5.25, 5.35-5.36, 5.50 -5.56, 5.66 -5.68, 6.7- 6.9, 14.2-
14.4, Exhibit C ¶ 4.3(a);

17    (d)    **First American**: See ¶¶ 5.23, 5.30 - 5.33, 5.40, 5.46, 5.59 -5.62, 6.12, 10.1-

18    10.6, 15.3, 15.6, Exhibit C ¶ 4.11(a);

19    (e)    **LSI**: See ¶¶ 5.69, 10.4 - 10.5 (same legal basis), 11.1-11.16, 15.3, 15.6,
Exhibit C ¶ 4.13(a);

20    (f)    **Chase**: See ¶¶ 5.66 – 5.68, 6.9 (regarding claim to be beneficiary), 6.12,

21    Exhibit C ¶ 4.8(a);

22    (g)    **RFREH**: See ¶¶ 5.58, 5.59, 5.60, 5.66 – 5.68, 6.9(c)-6.12, 13.1 – 13.5, 15.3,
15.6, Exhibit C ¶ 4.4(a),(b);

23

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 45 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

(h) **RFCorp**: See ¶ 15.6, Exhibit C ¶ 4.6(a) (unsubstantiated claim of Attorney In Fact);

(i) **RFC-LLC**: See ¶ 15.6, Exhibit C ¶ 4.5(a) (unsubstantiated claim of Attorney In Fact),

**16.4    Fraudulent Withholding of Information which Defendant had a duty to disclose.**[54] Despite repeated requests, including those described herein, no Defendant or any representative thereof has ever provided the October 2008 pay-off amount on the Nicholls Note or produced any evidence of ownership thereof, or been willing to exhibit any valid authority for their actions.

(a) **Homecomings**: See ¶¶ 5.8 - 5.20, 5.21, 5.38-5.39,

(b) **ETS**: See ¶¶ 5.21, 5.24 - 5.27, 5.34-5.36, 5.38-5.39, 5.46, 5.57, 5.61-5.62

(c) **GMAC**: See ¶¶ 5.36, 5.53-5.56, 6.7

(d) **First American**: See ¶¶ 5.23, 5.30-5.31, 5.46, 5.57, 5.61-5.62, 10.3-10.5

(e) **Chase**: See ¶¶ 5.43 – 5.45

**16.5    Homecomings** Refusal of Tender of Payoff to generate profits & servicing fees: See 5.9-5.21. RCW 62A.3-603.

**16.6    Robo-signing**: Virtually every instrument, in which Defendants are named, Recorded as against the Property, is false, fraudulent and/or invalid.    Where not already indicated herein, Plaintiff's Exhibit D "Index to Property Records", to be presented at trial, will itemize each of these defects, which include but are not limited to violations itemized in ¶ 15.6 above and elsewhere in this Complaint.

**16.7**    All *Notice's of Trustee Sale* drafted and filed against the Property have stated, "THIS IS AN ATTEMPT TO COLLECT A DEBT..." Because **All Defendants**, and **First**

---

[54] See RESTATEMENT (SECOND) OF TORTS § 551 (1977).

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF, DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 46 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    **American** and **LSI** in particular as phantom straw-man trustees of a deed of trust, lacked the

2    power of sale under Washington law, their actions herein described are not excluded from the

3    definition of "debt collection" under RCW 19.16.100(4), and are within the deceptive debt

4    collection provisions of RCW 19.16 et seq., including, especially regarding **ETS**, RCW

5    19.16.250(5) (practice of law in the drafting of instruments). See ¶ 12.2.(c).

6        **16.8**    Violations of debt collection statutes are per se violations of the CPA[55].

7        **16.9**    Plaintiff has suffered injuries and damages proximately resulting from the

8    above enumerated acts and is entitled to compensation therefor, including

9          (a) Clouding and destabilization of title to Plaintiff's Property and others
10               thereby diminishing Property's value;

11          (b) Loss of use of the Property including lost revenue from sale, rental and/or
               development.

12          (c) Pecuniary losses occasioned by inconvenience, including losses from forced
13               liquidation of securities and cost of loan (See ¶ 5.12), to tender full payoff
               to a rightful claimant;

14          (d) Loss of appreciating value of securities liquidated: securities present value
15               less sale price (or in the alternate *losses x .1/year*), in amounts to be proven
16               at trial;

17          (e) Tax consequences as result of awards;

18          (f) Treble damages allowable under RCW 19.86.090; and

19          (f) Attorney fees. (See ¶ 18.4 below for Defendants' assigned liabilities).

20                 **XVII.  TWELFTH CAUSE OF ACTION**
                  **INFLICTION OF EMOTIONAL DISTRESS**
21      **AGAINST SPECIFIED DEFENDANTS, ALL DEFENDANTS THROUGH**
                         **CONSPIRACY**

22        **17.1**    All allegations set forth above are re-alleged as if fully set forth herein.

23

---

[55] *Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, (April 2, 2009).

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 47 of 54**

**HELMUT KAH**, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

**17.2**    Intentional Infliction of Emotional Distress. The conduct of Defendants GMAC, Homecomings, RFREH, RFCorp/RFC-LLC (as one entity), First American, LSI and ETS as set out above was outrageous, sounds in intentional tort, and constitutes intentional infliction of emotional distress.

**17.3**    Negligent Infliction of Emotional Distress. Alternatively, the conduct of Defendants GMAC, Homecomings, RFREH, RFCorp/ RFC-LLC (as one entity), First American, LSI and ETS as set out above was negligent insofar as said Defendants failed to take reasonable care to avoid causing Plaintiff's emotional distress and caused Plaintiff emotional distress.

**17.4**    The Plaintiff's emotional distress was, and is, manifested by objective and/or physical symptoms.

**17.5**    See ¶ 19.1(9) for computation of award, and ¶18.4 for assigned liabilities of each Defendant.

# XVIII. INJURIES/DAMAGES

**18.1**    All allegations set forth above are re-alleged as if fully set forth herein.

**18.2**    Plaintiff is entitled to compensation in amounts to be proven at trial.

**18.3**    At time of filing of this Complaint conservatively estimated total monetary compensation for injuries, damages, and adverse tax consequences, not including ¶ 18.5 or ¶ 18.6 below, costs or attorney fees, is $1,166,096.00.

**18.4**    Whereas Defendants as identified herein shared responsibility in measure for Plaintiff's injuries, damages, costs and fees as indicated, Plaintiff has assigned proportional liability of awards by this court, except where otherwise confined to individual Defendants, in

COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 48 of 54

HELMUT KAH, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

the following percentages, subject to the wisdom of the Court:

| PERCENTAGE OF LIABILITY | PRLIMINARY ESTIMATES BASED UPON ¶ 18.3 |
|---|---|
| • **GMAC** .............................. 20% | $233,219 |
| • **First American** ................. 10% | $116,610 |
| • **ETS** ..................................... 15% | $174,914 |
| • **RFREH** ............................. 10% | $116,610 |
| • **RFCorp/RFC-LLC** .......... 10% | $116,610 |
| • **Homecomings** .................. 10% | $116,610 |
| • **LSI** ...................................... 15% | $174,914 |
| • **Chase** ................................. 10% | $116,610 |
| • **Bank One** .......................... 0% | 0 |
| • **BNY** .................................... 0% | 0 |

    **18.5**    Because of the willful, egregious and systemic nature of actions described herein by Defendants **LSI** and **ETS**, done in California, Plaintiff requests an appropriate award of punitive damages[56] against each of these Defendants under California Civil Code § 3294.

    **18.6**    Because of the willful and egregious and systematic nature[57] of the forging of documents, and in particular Assignment of Deed of Trust, Recorded 08/12/2010 (See ¶ 5.66 – 5.68), done for the benefit of **RFREH** by and under the direction of **GMAC**, at Ft. Washington, Pennsylvania, Plaintiff requests an appropriate award of punitive damages against **GMAC** and **RFREH** under Pennsylvania law.

---

[56] See *Singh v. Edwards Lifesciences Corp.*, 151 Wn. App. 137 (July 6, 2009) ("The conduct that serves as the basis of the punitive damage award here occurred in California and that state has an interest in deterring its corporations from engaging in such fraudulent conduct.").

[57] Plaintiff will produce at trial additional forgeries from this source.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 49 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

## XIX.  RELIEF REQUESTED

**WHEREFORE,** Plaintiff prays for relief against Defendants and each of them as follows:

19.1    For declaratory relief consistent with the pleadings herein, including but not limited to declarations that -

(1)    Defendants have violated the laws of the State of Washington in their efforts to hold foreclosure sales of the Property;

(2)    Defendants are not entitled to conduct a Foreclosure sale of the Property;

(3)    The Nicholls DOT is and should be declared void, invalid, and of no further force or effect as a lien against the Property records on the basis of:

    (a)    Nicholls DOT was void ab initio (See ¶ 5.7)

    (b)    No Defendant, person, or entity, known or unknown, has any valid perfected interest in the Nicholls DOT as against Plaintiff as a purchaser for value in good faith. Chapter 62A.9A RCW, RCW 65.08.070;

    (b)    Defendants' refusal to accept Plaintiff's tender of payment to a verifiably rightful owner of the Nicholls Note;

    (c)    Defendants' failure to identify any verifiably rightful owner of the debt purportedly secured by the Nicholls DOT;

    (d)    That through assignments where there was no valid Beneficiary, the Nicholls DOT has become bifurcated[58] from Nicholls Note (if the latter exists), rendering it void;

(4)    That **LSI Title Agency, Inc.** and/or any renamed but substantially identical substituted entity be enjoined from doing business in the State of Washington, under RCW 9A.08.030(5), RCW 9A.82.100(2) and(4)(c), and

---

[58] When a deed of trust is bifurcated from its note, the security becomes unenforceable, and the note must go on its way unsecured. *Bellistri v. Ocwen Loan Servicing, LLC*, 284 S.W.3d 619, 623 (Mo. App. 2009).

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

(RCW 19.86.080(1) and (2), for gross violations of the RCW, OIC

Regulations and fraudulent misrepresentations to Plaintiff, the OIC, the State

and the citizens of Washington and California, and it be recommended by

this court to the Washington Attorney General that **LSI** be criminally

prosecuted for crimes herein described.

(5)    That judgment be entered against the Defendants awarding Plaintiff money

damages and recompense for financial injuries and damages based on the facts

and causes of action alleged herein in an amount to be proven at the time of

trial;

(6)    That this court award treble damages against **Homecomings** and/or the

proven culpable Defendant, for injuries proximately caused by unlawful

trespass and possession of the Property, in an amount to be determined at

trial, pursuant to RCW 4.24.630, together with the surrender of all keys

to the Property;

(7)    That this court award damages resulting from Defendants' violations of

Chapter 9A.82 RCW ("Little RICO") as indicated herein, in an amount to

be determined at trial, including treble damages as permitted based upon

damages charged thereunder, plus costs of investigation, other costs and

attorneys' fees as provided by statute;

(8)    That this Court award all such relief to Plaintiff as he may be entitled to under

the Washington Consumer Protection Act, including treble damages as

permitted, based upon injuries and damages resulting from acts and omissions

charged thereunder, and attorney fees as provide by statute.

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 51 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1       (9)   That this Court award damages as against Defendants **GMAC, Homecomings,**

2             **RFREH, RFCorp/ RFC-LLC (as one entity), First American, LSI** and

3             **ETS** for Infliction of Emotional Distress and loss of enjoyment of life, in an

4             amount equal to double the total of all monetary damages and injuries awarded

5             by the Court under the above bases;

6      (10)   That Plaintiff be recompensed for attorneys' fees and costs allowed by equity,

7             contract, statutes and/or court rules;

8      (11)   For a permanent injunction under RCW 7.40.010 enjoining any future

9             foreclosure proceedings by any of the Defendants, their agents,

10            successors, or assigns based upon the Nicholls note and Deed of Trust;

11     (12)   For judgment under Chapter 7.28 RCW removing the cloud on Plaintiff's title

12           of all invalid Recorded documents referencing the Nicholls DOT, all said

13           Defendants' claims as against the Property, and quieting title in Plaintiff, and

14           that the Defendants be forever barred from having or asserting any right,

15           title, estate, lien, power or interest in or to the Property herein described

16           tracing from the Nicholls Note or DOT;

17     (13)   That this court award punitive damages against **LSI** and **ETS** under Cal. Civ.

18           Code § 3294. See ¶ 18.5;

19     (14)   That this Court award punitive damages as against **GMAC** and **RFREH** under

20           Pennsylvania law. See ¶ 18.6;

21     (15)   That this court award compensation for tax consequences for Plaintiff as

22           shall result from injuries/damages awards from this action;

23     (16)   That this Court award such other damages and compensation for injury as may

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,
DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF
Page 52 of 54**

**HELMUT KAH**, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1    be awardable to Plaintiff by statute or common law, and for such further just

2    and equitable relief to Plaintiff as the Court shall deem just and proper.

3                 **XX.   ATTORNEY FEES**

4      **20.1**    The Nicholls DOT contains a provision for award of attorney fees.

5      **20.2**    Plaintiff will be entitled to an award of attorney fees against Defendants as

6 the prevailing party in this action.

7      **20.3**    Plaintiff has incurred and continues to incur awardable attorneys' fees in

8 efforts to protect his fee simple title to the Property.

9      **20.4**    Plaintiff is entitled to an award of his attorney fees, costs, and expenses under

10 the applicable statutes cited in this complaint, including but not limited to RCW

11 9A.82.100(1)(a), RCW 19.86.090, and RCW 4.28.328(3).

12

13

14

15    Dated this 5th day of June, 2012.

16                  HELMUT KAH, Attorney at Law

17

18

19                  Helmut Kah, WSBA # 18541

20                  Attorney for Plaintiff

21

22

23

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 53 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1                                      **VERIFICATION**

2            The undersigned declares that he is the Plaintiff in this matter.

3            I make this declaration based upon my personal knowledge.

4            I have reviewed the factual allegations set forth in this complaint and I believe the

5     same to be true.

6            I declare under penalty of perjury of the laws of the State of Washington that the

7     foregoing is true and correct.

8            SIGNED  June  4 , 2012, at Portland, Oregon.

9

10

11

12                                    Duncan K. Robertson, Plaintiff

13

14

15

16

17

18

19

20

21

22

23

**COMPLAINT FOR QUIET TITLE, INJUNCTIVE RELIEF,**
**DECLARATORY RELIEF, DAMAGES, AND OTHER RELIEF**
**Page 54 of 54**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798

1

2

3

4                          Robertson v. GMAC Mortgage, LLC, et al.

5                    **LEGAL DESCRIPTION OF SUBJECT PROPERTY**

6           The property which is the subject of this Complaint is commonly known as 12002 4th

7    Avenue Southwest, Seattle, Washington, 98146, Tax Parcel No. 072304-9322-04, described

8    as follows:

9           That portion of the Northwest quarter of the Northeast quarter of the
            Southeast quarter of Section 7, Township 23 North, Range 4 East of the
10          Willamette Meridian, records of King County, Washington, described as follows:

11          Beginning at a point on the East line of 4th Avenue Southwest which is
            384.61 feet North of the North line of Southwest 122nd Street;
12          THENCE East parallel with the North line of Southwest 122nd Street,
            260.15 feet.

13
            THENCE South parallel with the East line of 4th Avenue Southwest 64.16
14          Feet;

15          THENCE West parallel with the North line of Southwest 122nd Street,
            260.15 feet to the East line of 4th Avenue Southwest;
16          THENCE North along said East line 64.16 feet to the point of beginning.

17          Situate in the County of King, State of Washington.

18

19

20

21

22                    **EXHIBIT A**

23

                                    **HELMUT KAH,** Attorney at Law
                                    1818 140th Avenue NE
                                    Woodinville, WA 98072-9001
                                    Phone: 425-949-8357
        **EXHIBIT A**               Fax: 425-949-4679
Robertson v. GMAC Mortgage, LLC et al.   Cell: (206) 234-7798
        1 Page                      Email: helmut.kah@att.net
                                    WSBA # 18541



AFTER RECORDING MAIL TO:
Duncan K. Robertson
3520 S.E. Harold Court
Portland, OR 97292-4344

**2008100700104B**
FIDELITY NATIO TO
PAGE001 OF 001
10/07/2008 14:50
KING COUNTY, WA                45.00

**E2366507**
10/07/2008 14:49
KING COUNTY, WA
SALE                $10.00
                    $0.00        PAGE001 OF 001

## TRUSTEE'S DEED

**THE GRANTOR, Ryan D. Griffin,** as present Trustee under that Deed of Trust (defined below), in consideration of the premises and payment recited below, hereby grants and conveys, without representation or warranty, expressed or implied, to Duncan K. Robertson, as GRANTEE, all real property (the Property), situated in the County of King, State of Washington, described as follows:

Tax Parcel No.: 072304932204

Full Legal Description attached as 'Exhibit A' and incorporated by reference as though fully set forth herein.

Recorded at the request of
FIDELITY NATIONAL TITLE

Order # 07111288
5/47

RECITALS:

1. This conveyance is made pursuant to the powers, including the power of sale, conferred upon the Grantee by that certain Deed of Trust dated January 5, 2006, recorded January 6, 2006, under Auditor's File No. 20060106002340, records of King County, Washington, from Linda C. Nicholls, as Grantor, to Fidelity National Title Company of Washington, as Trustee, to secure an obligation in favor of Duncan K. Robertson, as Beneficiary.

2. The Deed of Trust was executed to secure, together with other undertakings, the payment of one or more promissory note(s) ("Note") in the sum of $82,000.00 with interest thereon, according to the terms thereof, in favor of Fidelity National Title Company of Washington, trustee for Duncan K. Robertson and to secure any other sums of money which might become due and payable under the terms of said Deed of Trust.

3. The Deed of Trust provided that the Property is not used principally for agricultural or farming purposes and the Grantor has no actual knowledge that the Property is used principally for agricultural or farming purposes.

## EXHIBIT B -- Page 1 of 5

trustee owed no duty to make disclosures to Grantee concerning the Property, Grantee relying solely upon his/her/their/its own due diligence investigation before electing to bid for the property.

DATED: October 3, 2008

GRANTOR
Ryan D. Griffin

_____

ACKNOWLEDGMENT

STATE OF CALIFORNIA, COUNTY OF SACRAMENTO On October 2, 2008 before me, _____ (name and title of officer), personally appeared RYAN D. GRIFFIN, personally known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) (is/are) subscribed to the within instrument and acknowledged to me that (he/she/they) executed the same in (his/her/their) authorized capacity(ies), and that by (his/her/their) signature(s) on the instrument the person(s) (or the entity upon behalf of which the person(s) acted) executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS MY HAND AND OFFICIAL SEAL.

_____           [seal]
Notary

SEE CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

EXHIBIT B -- Page 3 of 5

## CALIFORNIA ALL-PURPOSE ACKNOWLEDGMENT

State of California

County of: SACRAMENT  }

On 30 OCTOBER 2008 before me, GERALD W. VAN WAGNER NOTARY PUBLIC

personally appeared RYAN B GRIFFEN

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

**GERALD W. VAN WAGNER**
COMM. # 1563118
NOTARY PUBLIC-CALIFORNIA
SACRAMENTO COUNTY
COMM. EXP. MARCH 22, 2009

Signature _Gerald W Van Wagner_

### OPTIONAL

*Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.*

**Description of Attached Document**

Title or Type of Document: _____

Document Date: _____   Number of Pages: _____

Signer(s) Other Than Named Above: _____

**Capacity(ies) Claimed by Signer(s)**

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

Signer's Name: _____
☐ Individual
☐ Corporate Officer — Title(s): _____
☐ Partner — ☐ Limited ☐ General
☐ Attorney in Fact
☐ Trustee
☐ Guardian or Conservator
☐ Other: _____

Signer Is Representing: _____

©2007 National Notary Association • 9350 De Soto Ave., P.O. Box 2402 • Chatsworth, CA 91313-2402 • www.NationalNotary.org   Item #5907   Reorder: Call Toll-Free 1-800-876-6827

**EXHIBIT B -- Page 4 of 5**

4. Default having occurred in the obligations secured and/or covenants of the Deed of Trust grantor, as set forth in Notice of Trustee's Sale described below, which by the terms of the Deed of Trust make operative the power to sell, the thirty-day advance Notice of Default was transmitted to the Deed of trust grantor, or her successor in interest, and a copy of said Notice was posted or served in accordance with law.

5. Duncan K. Robertson, being then the holder or the nominee of the indebtedness secured by the Deed of Trust, delivered to said Grantor a written request directing Grantor to sell the Property in accordance with law and the terms of the Deed of Trust.

6. The defaults specified in the "Notice of Default" not having been cured, the Grantor, in compliance with the terms of the Deed of Trust, executed and on 01/09/08, recorded in the office of the Recorder of King County, Washington, a "Notice of Trustee's Sale" of the Property under File No. 20080109000688.

7. The Grantor, in the "Notice of Trustee's Sale", fixed the place of sale as "At the main entrance to the Administration Building, 500 4th Avenue, Seattle, WA" at 10:00 a.m., and in accordance with the law caused copies of the statutory "Notice of Trustee's Sale" to be transmitted by mail to all persons entitled thereto and either posted or served prior to 90 days before the sale; further, the Grantor caused a copy of said "Notice of Trustee's Sale" to be published in a legal newspaper in each county in which the property or any part thereof is situated, once between the thirty-fifth and twenty-eighth day before the date of sale, and once between the fourteenth and seventh day before the date of sale; and further, included with the Notice, which was transmitted to or served upon the Deed of Trust grantor or hi successor in interest, a "Notice of Foreclosure" in substantially the statutory form, to which copies of the Note and Deed of Trust were attached.

8. During foreclosure, no action by the Beneficiary, its successors or assigns was pending on an obligation secured by the Deed of Trust

9. All legal requirements and all provisions of said Deed of Trust have been complied with, as to acts to be performed and notices to be given, as provided in chapter 61.24 RCW

10. The default specified in the "Notice of Trustee's Sale" not having been cured ten days prior to the date of Trustee's Sale and said obligation secured by said Deed of Trust remaining unpaid, on 09/26/08, the date of sale, which was not less than 190 days from the date of default in the obligation secured, the Grantor then and there sold the Property at public auction to said Grantee, the highest bidder therefore, for the sum of $62,825.53.

This conveyance is made without representations or warranties of any kind, expressed or implied. By recording this Trustee's Deed, Grantee understands, acknowledges and agrees that the Property was purchased in the context of a foreclosure, that the trustee made no representations to Grantee concerning the Property and that the

**EXHIBIT B -- Page 2 of 5**

Fidelity National Title Insurance Company

Commitment Number: 7-07111288

## SCHEDULE C
## PROPERTY DESCRIPTION

The land referred to in this Commitment is described as follows:

That portion of the Northwest quarter of the Northeast quarter of the
Southeast quarter of Section 7, Township 23 North, Range 4 East of the
Willamette Meridian, records of King County, Washington, described as
follows:
Beginning at a point on the East line of 4th Avenue Southwest which is
384.61 feet North of the North line of Southwest 122nd Street;
THENCE East parallel with the North line of Southwest 122nd Street,
260.15 feet;
THENCE South parallel with the East line of 4th Avenue Southwest 64.16
feet;
THENCE West parallel with the North line of Southwest 122nd Street,
260.15 feet to the East line of 4th Avenue Southwest;
THENCE North along said East line 64.16 feet to the point of beginning.

Situate in the County of King, State of Washington.

NOTE FOR INFORMATIONAL PURPOSES ONLY:
The following may be used as an abbreviated legal description on the documents to be recorded, per amended
RCW 65.04.  Said abbreviated legal description is not a substitute for a complete legal description within the
body of the document.

This property is located in King county.

Recording to be delivered to:
Fidelity National Title Co., 720 Olive Way #515, Seattle, WA 98101

ALTA Commitment
Schedule C

(07111288.PFD/07111288/7)

## EXHIBIT B -- Page 5 of 5

# EXHIBIT C

Apparent sources of defendants' claims regarding the subject real property
**(Paragraph Numbers correspond to Complaint Numbers)**

## Defendant GMAC Mortgage, LLC ["GMAC"]:

**4.3(a)** Defendant **GMAC** claims or has claimed to be a holder of the Nicholls note.

## Defendant Residential Funding Real Estate Holdings, LLC ["RFREH"]:

**4.4(a)** Defendant **RFREH's** name appears as indicated in the following recorded documents:

(1) As signing party on an Appointment of Successor Trustee dated 02/16/2010 and recorded on 02/17/2010 under no. 20100217000758 as follows:

"Dated: 2/16/2010 Residential Funding Real Estate Holdings, LLC"

This document is invalid due to a fatally insufficient acknowledgment and because **RFREH** holds no interest in the subject note or deed of trust.

(2) As the assignee in an Assignment of Deed of Trust dated 07/28/2010 and recorded 08/12/2010 under no. 20100812000720 as follows:

"FOR VALUE RECEIVED, the undersigned hereby grants, assigns and transfers to Residential Funding Real Estate Holdings, LLC all beneficial interest under the certain Deed of Trust dated November 1, 1999, * * * ."

"Dated: 07-28-10

"JPMorgan Chase Bank, N.A. successor by merger with Bank One, N.A."

"By:____Thomas Strain_____
"Name:__Thomas Strain_____
"Title:___Limited Signing Officer____

**EXHIBIT C**
**Robertson v. GMAC Mortgage, LLC et al.**
**Page 1 of 7**

**HELMUT KAH**, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

1

2      **4.4(b)  RFREH's** name appears in the recitals on page 1 of the following recorded

3   document:

4      (1) Notice of Trustee's Sale dated 12/20/2010 and recorded 12/22/2010 under

       no. 20101222001196.

5

6   **Defendant Residential Funding**
    **Company, LLC  ["RFC-LLC"]:**

7      **4.5(a)**  Defendant **RFC-LLC's** name appears as the purported Attorney-In-Fact for

8   defendant **Bank of New York Trust Company** (see Complaint ¶4.10) in the following

9   recorded document:

10     (1) Appointment of Successor Trustee dated February 17, 2007,

11        acknowledged February 1, 2007 and recorded on 02/23/2007 under

12        no. 20070223001307.

13  **Defendant Residential Funding**
    **Corporation  ["RFCorp"]:**

14

15     **4.6(a)**  Defendant **RFCorp's** name appears as the purported Attorney-in-Fact for

16  defendant **Bank One National Association** on the following recorded document:

17     (1) Appointment of Successor Trustee dated 10/24/2000 and recorded on

       10/30/2000 under no. 20001030000943.

18

19  **Defendant Homecomings Financial, LLC, also known**
    **as Homecomings Financial Network  ["Homecomings"]:**

20     **4.7(a)**  Defendant **Homecomings** claims or has claimed to be a servicer of the

21  obligation represented by the Nicholls note.

22

23

**EXHIBIT C**
**Robertson v. GMAC Mortgage, LLC et al.**
**Page 2 of 7**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

## Defendant JP Morgan Chase Bank N.A.  ["Chase"]:

**4.8(a)**  Defendant **CHASE**'s name appears on the following recorded documents as indicated:

(1) In the signature block of an Appointment of Successor Trustee dated February 17, 2007, acknowledged/notarized 02/01/2007and recorded on 02/23/2007 under no. 20070223001307 as follows:

> "THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE, FKA THE CHASE MANHATTAN BANK AS TRUSTEE, BY: RESIDENTIAL FUNDING COMPANY, LLC, ITS ATTORNEY IN FACT."

(2) In the recitals on page 1 of a Notice of Trustee's Sale dated March 9, 2007, and recorded on 03/13/2007 under no. 20070313001435 as follows:

> "* * * the beneficial interest in which was assigned by OLD KENT MORTGAGE COMPANY D.B.A. NATIONAL PACIFIC MORTGAGE TO RFC - THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A. AS TRUSTEE, FKA THE CHASE MANHATTAN BANK AS TRUSTEE TRUSTEE. (sic) "

(3) In the signature block of an Assignment of Deed of Trust dated 07/28/2010 and recorded on 08/12/2010 under no. 20100812000720.  See ¶ 4.4(a)(2) above.

## Defendant Bank One National Association  ["Bank One"]:

**4.9(a)**   Defendant **Bank One**'s name appears on the following recorded documents as indicated:

(1) As assignee on a facially invalid document titled "Corporation Assignment of Mortgage" dated 01/20/2000 and recorded on 08/03/2000 under no. 20000803000299;

**EXHIBIT C**
**Robertson v. GMAC Mortgage, LLC et al.**
**Page 3 of 7**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

(2) In the signature block of an Appointment of Successor Trustee dated 10/24/20000 and recorded on 10/30/2000 under no. 20001030000943 as follows:

> "**Bank One**, National Association, Trustee
> "By Residential Funding Corporation, it's Attorney in Fact"
> (sic)

(3) In the signature block of an Appointment of Successor Trustee dated April 26, 2004, and recorded on 05/11/2004 under no. 20040511002214 as follows:

> "**Bank One**, National Association, As Trustee"

(4) In the recitals on page 1 of a Notice of Trustee's Sale dated 05/25/04 and recorded on 05/27/2004 under no. 20040527001926 as follows:

> "* * * the beneficial interest of which was assigned to BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE, records of King County, Washington."

(5) In the signature block of Appointment of Successor Trustee dated 12/28/2004 and recorded on 01/10/2005 under no. 20050110001517 as follows:

> "BANK ONE NATIONAL ASSOCIATION AS TRUSTEE"

(6) In the recitals on page 1 of a Notice of Trustee's Sale dated February 1, 2005, and recorded on 02/03/2005 under no. 20050203001608 as follows:

> "* * * the beneficial interest of which was assigned to BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE, records of King County, Washington."

(7) In the recitals on page 1 of a Notice of Trustee's Sale dated 01/09/2009 and recorded on 01/12/2009 under no. 20090112001130 as follows:

> "* * * the beneficial interest in which was assigned by OLD KENT MORTGAGE COMPANY D.B.A. NATIONAL PACIFIC MORTGAGE to RFC-BANK ONE, NATIONAL ASSOCIATION, AS TRUSTEE FKA THE FIRST NATIONAL BANK OF CHICAGO, AS TRUSTEE."

**EXHIBIT C**
**Robertson v. GMAC Mortgage, LLC et al.**
**Page 4 of 7**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

(8) In the signature block of an Assignment of Deed of Trust dated 07/28/2010 and recorded on 08/12/2010 under no. 20100812000720. See ¶ 4.4(a)(2) above.

## Defendant Bank of New York Trust Company, N.A. ["BNY"]:

**4.10(a)**   Defendant **BNY's** name appears in the following recorded documents:

(1) In the signature block of an Appointment of Successor Trustee dated 02/17/2007, acknowledged/notarized 02/01/2007 and recorded on 02/23/2007 under no. 20070223001307 which is signed by **RFC-LLC** as **BNY's** purported Attorney-In-Fact, as follows:

> "THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A., AS TRUSTEE, FKA THE CHASE MANHATTAN BANK AS TRUSTEE, BY: RESIDENTIAL FUNDING COMPANY, LLC, ITS ATTORNEY IN FACT."

(2) In the recitals on page 1 of a Notice of Trustee's Sale dated March 09, 2007 and recorded on 03/13/2007 under no. 20070313001435 as follows:

> "* * * the beneficial interest in which was assigned by OLD KENT MORTGAGE COMPANY D.B.A. NATIONAL PACIFIC MORTGAGE to RFC - THE BANK OF NEW YORK TRUST COMPANY, N.A. AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A. AS TRUSTEE, FKA THE CHASE MANHATTAN BANK AS TRUSTEE TRUSTEE. (sic) "

## Defendant First American Title Insurance Company ["First American"]:

**4.11(a)**   **First American's** name appears as a party to the following recorded documents:

(1) As successor trustee in an Appointment of Successor Trustee dated 02/17/2007, acknowledged/notarized 02/01/2007 and recorded on 02/23/2007 under no. 20070223001307;

**EXHIBIT C**
**Robertson v. GMAC Mortgage, LLC et al.**
**Page 5 of 7**

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

(2) As Trustee in Notices of Trustee's Sale recorded on the following dates:

>   03/13/2007 under no. 20070313001435,
>
>   01/12/2009 under no. 20090112001130, and
>
>   03/23/2010 under no. 20100323000378.

(3) As Trustee in Notices of Discontinuance of Trustee's Sale recorded on the
following dates:

>   09/05/2007 under no. 20070905000989,
>
>   06/17/2010 under no. 20100617000457, and
>
>   06/17/2010 under no. 20100617000458.

## Defendant Executive Trustee Services, LLC ["ETS"]:

**4.12(a)    Defendant ETS's** name appears on the following recorded documents as the
entity to which documents should be returned after recording:

(1)  Appointment of Successor Trustee dated 02/17/2007, acknowledged/
notarized 02/01/2007 and recorded on 02/23/2007 under no.
20070223001307;

(2)  Notice of Trustee's Sale dated 03/09/2007 and recorded on 03/13/2007
under no. 20070313001435;

(3)  Notice of Discontinuance of Trustee's Sale dated 08/30/2007 and recorded
on 09/05/2007 under no. 20070905000989;

(4)  Notice of Trustee's Sale dated 01/09/2009 and recorded on 01/12/2009
under no. 20090112001130;

(5)  Appointment of Successor Trustee dated 02/16/2010 and recorded on
02/17/2010 under no. 20100217000758;

(6)  Notice of Trustee's Sale dated 03/22/2010 and recorded on 03/23/2010
under no. 20100323000378;

(7)  Notice of Discontinuance of Trustee's Sale dated 06/16/2010 and recorded
on 06/17/2010 under no. 20100617000457;

**EXHIBIT C**
**Robertson v. GMAC Mortgage, LLC et al.**
**Page 6 of 7**

**HELMUT KAH, Attorney at Law**
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

(8) Notice of Discontinuance of Trustee's Sale dated 06/16/2010 and recorded on 06/17/2010 under no. 20100617000458;

(9) Notice of Discontinuance of Trustee's Sale dated 06/22/2010 and recorded on 06/24/2010 under no. 20100624000425;

(10) Notice of Trustee's Sale dated 12/20/2010 and recorded on 12/22/2010 under no. 20101222001196. Cover sheet of Notice mailed to Plaintiff directs, "Send Payments to: ETS [Burbank, CA address]"

(11) Notice of Discontinuance of Trustee's Sale dated 05/26/2011 and recorded on 06/07/2011 under no. 20110607001051; and

(12) Notice of Discontinuance of Trustee's Sale dated 06/07/2010 and recorded on 06/07/2011 under no. 20110607001165.

## Defendant LSI Title Agency, Inc. ["LSI"]:

4.13(a)  LSI's name appears as a party to the following recorded documents:

(1) As successor trustee in an Appointment of Successor Trustee dated 02/16/2010 and recorded on 02/17/2010 under no. 20100217000758.

(2) As Trustee in a Notice of Trustee's Sale dated 03/22/2010 and recorded 03/23/2010 under no. 20100323000378.

(3) As Trustee in a Notice of Discontinuance of Trustee's Sale dated 06/22/2010 and recorded on 06/24/2010 under no. 20100624000425.

(4) As Trustee in a Notice of Trustee's Sale dated 12/20/2010 and recorded on 12/22/2010 under no. 20101222001196.

(5) As Trustee in a Notice of Discontinuance of Trustee's Sale dated 05/26/2010 and recorded on 06/07/2011 under no. 20110607001051.

(6) As Trustee in a Notice of Discontinuance of Trustee's Sale dated 06/07/2011 and recorded on 06/07/2011 under no. 20110607001165.

**EXHIBIT C**
Robertson v. GMAC Mortgage, LLC et al.
Page 7 of 7

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541