# **Exhibit 2**

**Priore Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF KATHY PRIORE WITH RESPECT TO OBJECTION OF THE RESCAP LIQUIDATING TRUST TO CLAIM NUMBERS 2385, 2386, 2387, 2388, AND 2389 FILED BY DUNCAN K. ROBERTSON**

I, Kathy Priore, hereby declare as follows:

    **A.**    **Declarant's Background and Qualifications**

    1.    I serve as Associate Counsel for The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"). During the Chapter 11 Cases, I served as Associate Counsel in the legal department at Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). I joined ResCap on May 1, 2008 as in-house litigation counsel. Prior to my in-house litigation counsel position, I held various roles within the legal department at ResCap.

    2.    In my role as Associate Counsel at ResCap, I was responsible for the management of residential mortgage-related litigation. In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the

ny-1170982

administration of the Chapter 11 Cases, including the borrower litigation matters pending before this Court. In my current position as Associate Counsel to the Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust in connection with the claims reconciliation process. I am authorized to submit this Declaration with respect to the *Objection of the ResCap Liquidating Trust to Claim Numbers 2385, 2386, 2387, 2388, and 2389 Filed by Duncan K. Robertson* (the "Objection").[1]

        3.    In my current and former capacities as Associate Counsel to the Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based on my familiarity with the Debtors' Books and Records (the "Books and Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I, or other Liquidating Trust personnel, have reviewed and analyzed the proof of claim forms and supporting documentation filed by Robertson. Since the Plan went effective and the Liquidating Trust was established, I, along with other members of the Liquidating Trust, have continued the claims reconciliation process, including analyzing claims and determining the appropriate treatment of the same. In connection with such review and analysis, where applicable, I, or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

---

[1]     Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

ny-1170982

4. Except as otherwise indicated, all facts set forth in this Declaration are based upon my familiarity with the Debtors' Books and Records, information learned from my review of relevant documents, and information I received through my discussions with other former members of the Debtors' management or other former employees of the Debtors and/or the Liquidating Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

5. The Liquidating Trust's personnel have examined the Robertson Claims and supplemental materials submitted by Robertson in support of the Robertson Claims, as well as the Debtors' Books and Records in order to assess the allegations made in the Robertson Claims. In addition, the Liquidating Trust reviewed documents filed in connection with the Robertson Litigation and correspondence between Robertson and the Debtors.

B. **The First Priority Loan**

6. Linda Nicholls ("Borrower") is a borrower under a residential mortgage loan (the "First Priority Loan") that was originated by Old Kent Mortgage Company d/b/a National Pacific Mortgage on or about November 1, 1999. The First Priority Loan is evidenced by a note in the amount of $100,000.00 (the "Note"), which was secured by a Deed of Trust (the "First Priority DOT") against real property located at 12002 Fourth Avenue SW, Seattle, Washington 98146 (the "Property"). See Note and First Priority DOT, copies of which are annexed hereto as **Exhibits A** and **B**, respectively. The First Priority DOT was recorded on November 5, 1999 and named N.P. Financial Corporation as the trustee.

7. RFC purchased the First Priority Loan from Old Kent Mortgage Company and thereafter, the First Priority Loan was securitized and Bank One National Association ("Bank One") as Trustee was appointed as trustee.

ny-1170982

8. On January 20, 2000, the First Priority DOT was assigned by Old Kent Mortgage Company to Bank One, as trustee. The assignment was recorded on August 3, 2000. See Assignment of Deed of Trust, annexed hereto as **Exhibit C**. Bank One merged into J.P. Morgan Chase ("Chase") in 2004.

9. The Bank of New York Trust Company, N.A. ("BONY") succeeded Chase's interests as Trustee and owner of the First Priority Loan as of October 1, 2006, as a result of Chase exchanging its trustee business with BONY.

10. On February 17, 2007, First American Title Insurance Company was appointed as successor trustee by BONY. The notice of appointment was recorded on February 23, 2007. See Appointment of Successor Trustee, annexed hereto as **Exhibit D**.

11. In January 2009, the beneficiary[2] of the First Priority DOT caused the trustee to initiate a non-judicial foreclosure as a result of Borrower's default. The notice of trustee's sale identified an initial sale date of April 17, 2009. See Notice of Trustee's Sale, annexed hereto as **Exhibit E**. The sale date was subsequently continued until June 12, 2009.

12. On May 7, 2009, Borrower filed for bankruptcy, thereby staying the trustee's sale.

13. On February 16, 2010, LSI Title Agency was appointed as successor trustee under the First Priority DOT. See Appointment of Successor Trustee, annexed hereto as **Exhibit F**.

---

[2] In 2009, the beneficiary of record for the First Priority DOT was still Bank One, notwithstanding the prior merger of Bank One into Chase and the subsequent transfer of Chase's interests in the First Priority Loan to BONY. Notably, the Washington Deed of Trust Act defines beneficiary as Note holder (see Wash. Rev. Code. § 61.24.005(2) (2014)), and no assignment is necessary for the note holder to have the right to enforce the note, even if the note holder is not the beneficiary of record.

ny-1170982

14. On July 28, 2010, Chase assigned its interest in the First Priority DOT to RFRE Holdings.  See Assignment of Deed of Trust, annexed hereto as **Exhibit G**.  On or about July 13, 2012, this assignment was corrected to show Bank of New York Mellon, N.A. (formerly BONY), and not Chase, as assignor and Debtor RFC as the assignee.  See Corrective Corporate Assignment of Deed of Trust, annexed hereto as **Exhibit H**.

15. RFC transferred its interest in the First Priority Loan to 21st Century Mortgage Corporation ("Century") on or about January 30, 2013.  On July 9, 2013, RFC assigned the First Priority DOT to Century.  See Assignment of Deed of Trust, annexed hereto as **Exhibit I**.

16. Debtor Homecomings serviced the First Priority Loan from Sept 22, 2000 until servicing was transferred to Debtor GMACM on or about July 1, 2009.  Thereafter, Debtor GMACM serviced the First Priority Loan until servicing was transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013 in connection with the Debtors' sale of their servicing platform.

17. No Debtor foreclosed on the First Priority DOT prior to its transfer to Ocwen.

18. Robertson never executed an assumption of the Note and First Priority DOT.

C. **The Robertson Litigation**

19. On June 5, 2012, Robertson filed a verified complaint (the "Complaint") against GMACM, ETS, RFRE Holdings, RFC, and Homecomings (collectively, the "Debtor Defendants"), as well as other third party defendants, in the Superior Court of Washington, County of King (the "State Court"), Case No. 12-2-19854-2-SEA (the "Robertson Litigation").

A copy of the Complaint is attached to the Robertson Claims, which are annexed to the Objection as **Exhibits 1-A** through **1-E**.

20. All causes of action against the Debtor Defendants were stayed as a result of the commencement of these chapter 11 cases except Robertson's claims for wrongful foreclosure and quiet title (the "Permitted Causes of Action"), as to which the automatic stay was modified pursuant to the Supplemental Servicing Order. See Notice of Bankruptcy and Effect of Automatic Stay, annexed hereto as **Exhibit J**.

21. On November 15, 2012, the named defendants removed the Robertson Litigation to the United States District Court for the Western District of Washington (the "District Court"), No. C12-2017 MJP. See Docket Report, annexed hereto as **Exhibit K**, at ECF 1.

22. On or about January 30, 2013, the Debtor Defendants filed a Notice of Bankruptcy with the District Court identifying all claims except the Permitted Causes of Action as being subject to the automatic stay. See Notice of Bankruptcy and Effect of Automatic Stay, annexed hereto as **Exhibit L**.

23. After servicing of the First Priority Loan was transferred to Ocwen in February 2013, Ocwen took over the defense of the claims against the Debtor Defendants in its capacity as successor servicer.

24. On June 27, 2013, the Debtor Defendants filed a motion for summary judgment as to the Permitted Causes of Action. See Motion for Summary Judgment, annexed hereto as **Exhibit M**.

ny-1170982

25. On November 14, 2013, the District Court granted the Debtor Defendants' motion for summary judgment (the "Summary Judgment Order").  See Order Granting Motions (Dkt. Nos. 114, 115), annexed hereto as **Exhibit N**.

26. On August 11, 2014, Robertson filed a notice of appeal of the Summary Judgment Order, among other District Court orders, which appeal remains pending.  See Notice of Appeal, annexed hereto as **Exhibit O**.

27. On August 20, 2014, the District Court entered a final judgment dismissing with prejudice all of Robertson's claims against the non-Debtor Defendants.[3]  See Judgment in a Civil Case, annexed hereto as **Exhibit P**.

D. **Collateral Preservation Efforts**

28. In February 2009, the Debtors were advised that the Property was abandoned and therefore exercised their rights under the First Priority DOT to protect the value of the collateral securing the Note.  See highlighted excerpts of servicing notes, annexed hereto as **Exhibit Q**, at p. 24.  The Debtors' records reflect that a significant amount of property preservation activity was performed at their direction as servicer from 2008 through 2011.  See **Exhibit Q**.  This activity included nearly monthly foreclosure inspections, winterization, yard maintenance, and repairing of damages.  Id.

---

[3] The District Court had previously ruled on the merits of Robertson's claims against each of the non-Debtor Defendants, as set forth in the following orders:  order granting First American Title Insurance Company's motion for summary judgment on May 6, 2013 [ECF No. 111]; order granting JPMorgan Chase Bank N.A. and Bank One N.A.'s motion to dismiss on November 14, 2013 [ECF No. 149]; order granting Bank of New York Trust Company N.A.'s motion for summary judgment on May 28, 2014 [ECF No. 201].

Dated: February 5, 2015

        /s/ Kathy Priore
        Kathy Priore
        Associate Counsel for
        The ResCap Liquidating Trust

ny-1170982