**Exhibit J**

**FILED**

12 OCT 31 PM 1:35

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 12-2-19854-3 SEA

1

2

3

4

5

6    IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

7    FOR THE COUNTY OF KING

8    DUNCAN K. ROBERTSON,                    )    Case No. 12-2-19854-3
                                             )
9                      Plaintiff,            )    NOTICE OF BANKRUPTCY OF GMAC
                                             )    MORTGAGE, LLC, EXECUTIVE
10                v.                         )    TRUSTEE SERVICES, LLC,
                                             )    RESIDENTIAL FUNDING REAL
11   GMAC MORTGAGE, LLC, et. al.             )    ESTATE HOLDINGS, LLC,
                                             )    RESIDENTIAL FUNDING
12                     Defendants.           )    CORPORATION, AND HOMECOMINGS
                                             )    FINANCIAL, LLC AND EFFECT OF
13                                           )    AUTOMATIC STAY

14   TO:    Plaintiff

15   AND:   Clerk of Court

16          Defendants and debtors GMAC Mortgage, LLC, Executive Trustee Services, LLC,

17   Residential Funding Real Estate Holdings, LLC, Residential Funding Corporation, and

18   Homecomings Financial Network, Inc. (collectively the "Debtors"), by and through their

19   undersigned counsel, in accordance and consistent with section 362(a) of the United

20   States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), respectfully

21   submit this Notice of Bankruptcy and Effect of Automatic Stay, and state as follows:

22          1.      On May 14, 2012 (the "Petition Date"), the Debtors and certain of its

23   affiliates filed voluntary petitions (the "Petitions") under Chapter 11 of Title 11 of the

24   Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New

25   York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court").   The

26   Debtors' case is jointly administered under the Chapter 11 Case for the Debtor

NOTICE OF BANKRUPTCY & EFFECT OF STAY - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1  Residential Capital, LLC, et al., and is indexed as case number 12-12020 (the
2  "Bankruptcy Case").

3      2.     As a result of the Bankruptcy Filing, on the Petition Date, the protections
4  of the automatic stay codified in section 362(a) of the Bankruptcy Code arose with
5  regard to the Debtors.  Section 362(a), among other things, operates as an automatic
6  stay of: (i) "the commencement or continuation, including the issuance or employment
7  of process, of a judicial, administrative, or other action or proceeding" against the
8  Chapter 11 Debtors (11 U.S.C. § 362(a)(1)); (ii) acts to "obtain possession of property"
9  of the Debtors' Chapter 11 estates (11 U.S.C. § 362(a)(3)); and (iii) acts to "collect,
10  assess, or recover a claim" against the Debtors arising prior to the Petition Date (11
11  U.S.C. § 362(a)(6)).

12      3.     On July 13, 2012, the Bankruptcy Court entered a Final Supplemental
13  Order granting, among other things, the Debtors' motion for limited relief from the
14  automatic stay to permit non-Debtor parties, in foreclosure and eviction proceedings,
15  borrower bankruptcy cases, and title disputes initiated by Debtors, to continue to assert
16  and prosecute certain defenses, claims and counterclaims in those cases and
17  proceedings (the "Final Supplemental Order").  Paragraphs 14, 15, 16, and 17 of the
18  Final Supplemental Order identify the categories of defenses, claims, and counterclaims
19  in those actions and proceedings for which the automatic stay has been modified (the
20  "Permitted Claims").  A copy of the Final Supplemental Order is attached hereto as
21  Exhibit 1.

22      4.     As set forth in the Final Supplemental Order, Permitted Claims in a
23  foreclosure action are those asserted by a borrower, mortgagor, or lienholder (defined
24  as an "Interested Party") that relate "exclusively to the property that is the subject of the
25  loan owned or serviced by a Debtor for the purposes of defending, unwinding, or
26  otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-

NOTICE OF BANKRUPTCY & EFFECT OF STAY - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    Judicial State, or eviction proceeding…," (Ex. A, ¶ 14(a)), and/or those that would

2    "terminate or preclude the prosecution and completion of a foreclosure" (Id., ¶ 14(b)).

3    However, direct claims and counterclaims "for monetary relief of any kind and of any

4    nature against the Debtors," and/or "for relief that if granted, would not terminate or

5    preclude the prosecution and completion of a foreclosure or eviction," are not Permitted

6    Claims (Id.).

7        5.    To the extent that the defenses, claims, and counterclaims do not

8    constitute Permitted Claims, they remain subject to the automatic stay, and the

9    continued prosecution of these claims is prohibited, except a claim for monetary relief

10    may proceed if it must be pled in order to allow an Interested Party to assert a claim or

11    defense that would enjoin or preclude a foreclosure (Id., ¶ 14(b)(1)).  "[U]nder no

12    circumstances shall an Interested Party be entitled to enforce against, recoup, set off or

13    collect from the Debtors any judgment or award related to any direct claim or

14    counterclaim for which the automatic stay has been lifted by the terms of this Order…."

15    (Id., ¶ 14(d)).

16        6.    With regard to this matter, plaintiff has asserted various claims against

17    Debtors that appear to arise from a non-judicial foreclosure action commenced against

18    a property in which he claims an interest that seeks relief that, if granted, would

19    terminate or preclude the foreclosure or subsequent foreclosure.  These claims include

20    quiet title and wrongful foreclosure.  These appear to fall within the definition of

21    Permitted Claims and may proceed.  However, to the extent that such claims include a

22    demand for monetary relief, including a demand for attorney's fees, such request for

23    monetary relief remains subject to the automatic stay, and the continued prosecution for

24    monetary relief is prohibited.

25    / / /

26    / / /

NOTICE OF BANKRUPTCY & EFFECT OF STAY - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    7.    Plaintiff has also asserted various claims against Debtors that seek

2    monetary relief, or relief that would not terminate or preclude the prosecution and

3    completion of the foreclosure.  These claims include: misrepresentation, trespass, fraud,

4    infliction of emotional distress, violation of duty of good faith and fair dealing, agency

5    liability, Washington's RICO statutes, violation of Washington's Consumer Protection

6    Act, and unjust enrichment.  These claims appear to fall outside the definition of

7    Permitted Claims, and thus they remain subject to the automatic stay, and the continued

8    prosecution of these claims is prohibited.

9    8.    Pursuant to paragraph 23 of the Final Supplemental Order, any dispute

10   regarding the extent, application, and/or effect of the automatic stay under the Final

11   Supplemental Order must be heard and determined in the United States Bankruptcy

12   Court for the Southern District of New York, jointly administered under Case No. 12-

13   12020, in accordance with the Case Management Order entered in the Debtors' case

14   [Docket No. 141] and such other and further orders as may be entered by the United

15   States Bankruptcy Court for the Southern District of New York.[1]

16   9.    This notice has been sent to counsel for plaintiff.

17   Dated this 31st day of October, 2012.

18                SUSSMAN SHANK LLP

19

20                By /s/ William G. Fig
                  William G. Fig, WSBA 33943
21                billf@sussmanshank.com
                  Attorneys for Defendants

22

23   F:\WDOCS\CLNTFLS\20809\082\PLEADING\00689372.DOC

24

25   _____
     [1]  A copy of the Case Management Order may be obtained at no charge at http://www.kccllc.net/rescap.
26

NOTICE OF BANKRUPTCY & EFFECT OF STAY - Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
)
In re:                                                  )         Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al.,      )         Chapter 11
)
Debtors.               )         Jointly Administered
)
---------------------------------------------------------------

**FINAL SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 363, 502, 1107(a), AND 1108 AND BANKRUPTCY RULE 9019 (I) AUTHORIZING THE DEBTORS TO CONTINUE IMPLEMENTING LOSS MITIGATION PROGRAMS; (II) APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION; (III) GRANTING LIMITED STAY RELIEF TO PERMIT FORECLOSURE AND EVICTION PROCEEDINGS, BORROWER BANKRUPTCY CASES, AND TITLE DISPUTES TO PROCEED; AND (IV) AUTHORIZING AND DIRECTING THE DEBTORS TO PAY SECURITIZATION TRUSTEE FEES AND EXPENSES**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its

affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of a

supplemental order under Bankruptcy Code sections 105(a), 362, 363, 1107(a) and 1108, and

Bankruptcy Rule 9019 (i) authorizing the Debtors to continue implementing loss mitigation

programs; (ii) approving procedures for the compromise and settlement of certain claims,

litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting

limited stay relief to permit (w) borrowers or their tenants, as applicable, to prosecute direct

claims and counter-claims in foreclosure and eviction proceedings (including in states in which

non-judicial foreclosure is followed), (x) borrowers to prosecute certain actions in borrower

bankruptcy cases, (y) the Debtors to prosecute foreclosure actions in those circumstances where

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.



EX _____1_____
PAGE __1__ OF __19__



12120201207130000000000011

ny-1046923

they service senior mortgage loans and own the junior mortgage loans on the underlying

property, and (z) third party lien holders to prosecute direct claims and counter-claims in actions

involving the amount, validity or priority of liens on properties subject to foreclosure

proceedings; and (iv) authorizing and directing the Debtors to pay certain securitization trustee

fees and expenses; and the Court having considered the Whitlinger Affidavit and the Bocresion

Declaration; and the Court having entered the Interim Supplemental Order on June 15, 2012

[Docket No. 391]; and the Court having entered a final order on June 15, 2012 granting the GA

Servicing Motion on a final basis [Docket No. 401]; and the Court having entered a final order

on June 15, 2012 granting the Non-GA Servicing Motion on a final basis [Docket No. 402]; and

it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334; and it appearing that venue of these Chapter 11 cases and the Motion in this district is

proper pursuant to 28 U.S.C §§ 1408 and 1409; and it appearing that this proceeding on the

Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); and sufficient notice of the Motion

having been given and it appearing that no other or further notice need be provided; and the

National Association of Consumer Bankruptcy Attorneys, on its own behalf and in a

representative capacity, two individuals who are debtors under Chapter 13, and Edward Boltz,

counsel for those individuals, having filed jointly the Limited Omnibus Objection To The

Servicing Orders And Debtors' May 31, 2012 Motion For A Supplemental Order [Docket No.

221] (the "NACBA Objection"); and the Committee having filed the Omnibus Response And

Reservation Of Rights Of The Official Committee Of Unsecured Creditors To Certain Of The

Debtors' First Day Motions [Docket No. 240]; and the Debtors having filed the Omnibus Reply

To Objections To Entry Of Final Orders For Specific "First Day" Motions And Related Relief

[Docket. No. 254]; and upon the record of the hearing; and it appearing that the relief requested



Exhibit ___ 1 ___
Page ___ 2 ___ of 19

by the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and after due deliberation thereon; and any objections to the Motion, including the NACBA Objection, having been withdrawn, resolved, or overruled on the merits; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.   The Motion is GRANTED on a final basis, as set forth herein, and any objections to the Motion are hereby overruled;

Loss Mitigation Programs

2.   The Debtors are authorized, but not directed in their sole and absolute discretion and subject to available funding, to continue developing and implementing loss mitigation programs and procedures in the ordinary course of their businesses *nunc pro tunc* to the Petition Date, including, but not limited to, making incentive payments to borrowers in connection with the closing of short sales, or vacating properties in lieu of foreclosure or eviction proceedings, or in the form of borrower rebates for loan payoffs including honoring all obligations related thereto that accrued in whole or in part prior to the Petition Date (collectively, the "Loss Mitigation Programs"); provided, however, that the aggregate cash payments made by the Debtors to individual borrowers under the Loss Mitigation Programs that are not reimbursed to the Debtors shall not exceed $550,000 per month (the "Monthly Cap"), absent consent of the Committee or further order of the Court; provided, further, however, that to the extent the Debtors do not exceed the Monthly Cap in any month they shall be entitled to utilize the difference between the actual amount and the Monthly Cap in any succeeding month. The Debtors shall provide monthly reports to the Committee and the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"), which reports shall be in a


Exhibit ___1___
Page ___3___ of ___19___

form agreed to by the Debtors and the Committee and such additional information as shall be

reasonably requested by the Committee, in each case, concerning the Loss Mitigation Programs.

3. Cash payments made by the Debtors to individual borrowers under the

Loss Mitigation Programs for which the Debtors are not reimbursed shall not exceed $4.2

million in the aggregate, absent consent of the Committee or further order of the Court. For the

avoidance of doubt, the limitation on the amount of cash payments provided for in this paragraph

3 is in addition to the limitation on the amount of cash payments provided for in paragraph 12

hereof.

Settlement Procedures

4. The Debtors are authorized, but not directed to compromise and settle

certain claims brought by the Debtors against any non-insider third parties in connection with

foreclosure, eviction, or borrower bankruptcy proceedings (each a "Settling Party") or by a

Settling Party against any of the Debtors (each, a "Claim") in accordance with the following two-

tiered procedures (the "Settlement Procedures"):

> Tier I: The Debtors, in their sole discretion, may enter into,
> execute and consummate written agreements of settlement with
> respect to Claims that will be binding on the Debtors and their
> estates without further action by this Court or notice to any party
> and grant such Settling Parties cash payments or allowed
> prepetition claims in amounts not to exceed $40,000 in full
> settlement of such Claim (each, a "Tier I Settlement").

> Tier II: The Debtors may enter into, execute and consummate
> written agreements of settlement with respect to Claims that will
> be binding on the Debtors and their estates without further action
> by this Court or notice to any party and grant such Settling Parties
> cash payments or allowed prepetition claims in amounts exceeding
> $40,000 but less than $100,000 in full settlement of such Claims
> (each, a "Tier II Settlement"); provided, that in each case:

> (a) The Debtors must provide advance written notice (by
> formal or informal means, including by e-mail correspondence) of
> the terms of any Tier II Settlement to (x) the U.S. Trustee, 33

Exhibit 1
Page 4 of 19

Whitehall Street, 21st Floor, New York, New York 10004, Attn: Brian S. Masumoto, (y) counsel for the Committee, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas New York, NY 10036, Attn: Kenneth H. Eckstein and Douglas H. Mannal; and (z) counsel to the administrative agent for the Debtors' providers of debtor in possession financing, Skadden, Arps, Slate, Meagher & Flom LLP, 4 Times Square, New York, New York 10036, Attn: Kenneth S. Ziman and Jonathan H. Hofer (collectively the "Notice Parties")

(b) Those Notice Parties wishing to object to any proposed Tier II Settlement must serve a written objection (by formal or informal means, including by e-mail correspondence) on the Debtors, so that it is received by no later than 4:00 p.m. (prevailing Eastern Time) on the day that is seven (7) calendar days from the date the Notice Parties received written notice of such Tier II Settlement (the "Settlement Objection Deadline"). Objections should be addressed to the proposed attorneys for the Debtors, Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104, Attn: Larren M. Nashelsky (LNashelsky@mofo.com) and Norman S. Rosenbaum (NRosenbaum@mofo.com).

(c) If the Debtors receive a timely objection from a Notice Party, the parties will confer and attempt to resolve any differences. Failing that, the Debtors may petition the Court for approval of the Tier II Settlement in accordance with any case management orders entered in the Chapter 11 cases. An objection by a Notice Party with respect to a given Tier II Settlement shall not delay the finality or effectiveness of any other settlement to which an objection has not timely been delivered.

(d) If the Debtors do not receive a written objection to a Tier II Settlement from a Notice Party by the Settlement Objection Deadline, then such Tier II Settlement shall be deemed approved and the Debtors and Settling Parties may carry out the terms of such Tier II Settlement without further notice or Court approval.

5.    The Debtors shall be required to seek approval from the Court in order to

enter into and consummate any proposed settlement of a Claim with a settlement amount in

excess of $100,000.

6.    The Debtors are authorized in their sole discretion, but not directed, to

settle claims where some or all of the consideration is being provided by a third party and/or

Exhibit____1____
Page____5___of__19

where the Debtors are releasing claims against creditors or third parties provided the Debtors

otherwise comply with the Settlement Procedures.

       7.     The Settlement Procedures are without prejudice to the right of the

Debtors to seek an order of this Court approving additional or different procedures with respect

to specific claims or categories of claims. For claims relating to matters specified in paragraphs

14(a) and 15(a) of this Order that were resolved pursuant to a settlement prior to the Petition

Date, but where such settlement has not been consummated, the Debtors are authorized, but not

directed to, consummate said settlements in accordance with the Settlement Procedures set forth

in this Order.

       8.     Notwithstanding anything to the contrary contained herein, this Order

shall not affect, impair, impede or otherwise alter the right of the Debtors to resolve any

prepetition or postpetition controversy arising in the ordinary course of the Debtors' businesses,

or resolve any controversy authorized by any other order of the Court.

       9.     Nothing in this Order or the Motion shall constitute a determination or

admission of liability or of the validity or priority of any claim against the Debtors, and the

Debtors reserve their rights to dispute the validity or priority of any claim asserted.

       10.    The authority granted in this Order shall not replace or obviate the need to

comply with the Debtors' internal procedures, legal or otherwise, for authorizing the settlements

contemplated in the Motion. All settlements made pursuant to the Settlement Procedures shall,

to the extent applicable, be made in accordance with the Debtors' settlement procedures in effect

as of the Petition Date (the "Internal Settlement Protocol") and as may be amended from time;

provided, however, that the Debtors shall provide the Committee and the U.S. Trustee with

notice of any material changes to the Internal Settlement Protocol.

6


Exhibit ___1___
Page ___6 of 19___

11.     The Debtors shall provide monthly reports to the Committee and the U.S. Trustee, which reports shall be in a form agreed to by the Debtors and the Committee, and such additional information as shall be reasonably requested by the Committee, in each case, concerning settlements of any Claims pursuant to the Settlement Procedures.

12.     Cash payments made by the Debtors under the Settlement Procedures shall not exceed $4 million in the aggregate, absent consent of the Committee or further order of the Court.

13.     Any period prescribed or allowed by the Settlement Procedures shall be computed in accordance with Bankruptcy Rule 9006.

<u>Limited Relief from Automatic Stay</u>

*Borrower Foreclosure And Eviction Proceedings*

14.     The stay imposed by section 362(a) of the Bankruptcy Code applicable to (a) pending and future foreclosure actions initiated by the Debtors or in those states providing for non-judicial foreclosures, by a borrower; and (b) pending and future eviction proceedings with respect to properties for which a foreclosure has been completed or is pending, is hereby modified pursuant to the following terms and conditions:

(a)     except as set forth herein, a borrower, mortgagor, or lienholder (each, an "<u>Interested Party</u>") shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-Judicial State, or eviction proceeding, where a final judgment (defined as any judgment where the right to appeal or seek reconsideration has expired or has been exhausted) permitting the foreclosure or

ny-1046923



Exhibit ___1___
Page ___7 of 19___

eviction has not been awarded or, with respect to completed foreclosure sales in Non-Judicial States, where any applicable challenge period has not yet expired, and to prosecute appeals with respect to any such direct claims or counter-claims;

(b)     absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future Interested Party direct claims and counter-claims:  (i) for monetary relief of any kind and of any nature against the Debtors, except where a monetary claim must be plead in order for an Interested Party to a assert a claim to defend against or otherwise enjoin or preclude a foreclosure (each a "Mandatory Monetary Claim"); (ii) for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction; or (iii) asserted in the form of a class action or collective action;

(c)     absent further order of the Court, the stay shall remain in full force and effect with respect to any party seeking to intervene to assert related claims against the Debtors or any class action or collective action brought by any Interested Party on behalf of any other Interested Party or class of Interested Parties;

(d)     under no circumstances shall an Interested Party be entitled to enforce against, recoup, setoff or collect from the Debtors any judgment or award related to any direct claim or counter-claim for which the automatic stay has been lifted by the terms of this Order, including, without limitation, a Mandatory Monetary Claim;

(e)     the Debtors shall retain the right, upon appropriate motion and notice to any affected Interested Party, to seek to impose any provision of section 362(a) of the Bankruptcy Code modified by this Order and to the extent such relief is sought, the



Exhibit __1__
Page____8 of 9

Debtors will not object to the Interested Party's telephonic participation at any hearing on

the motion; and

> (f)    nothing set forth herein shall preclude or limit any Interested Party
from seeking relief from the automatic stay under section 362(a) of the Bankruptcy Code
on appropriate motion and notice to the Debtors and parties in interest.

*Borrower Bankruptcy Proceedings*

> 15.    The automatic stay imposed by section 362(a) of the Bankruptcy Code
applicable against a borrower who currently has filed, or in the future files, for bankruptcy
protection under any chapter of the Bankruptcy Code (a "Bankruptcy Borrower"), is hereby
modified pursuant to the following terms and conditions:

> (a)    except as set forth herein, a Bankruptcy Borrower or a trustee duly
appointed under the Bankruptcy Code in the Bankruptcy Borrower's bankruptcy case (a
"Bankruptcy Trustee") shall be entitled to:  (i) assert and prosecute or continue to
prosecute an objection to the Debtors' proof of claim filed in the Bankruptcy Borrower's
bankruptcy case; (ii) assert and prosecute or continue to prosecute an objection to the
Debtors' motion for relief from the automatic stay filed in the Bankruptcy Borrower's
bankruptcy case; (iii) commence or continue to prosecute against the Debtors a motion or
adversary proceeding, as applicable, to determine the validity, priority or extent of a
Debtor's lien against the Bankruptcy Borrower's property; (iv) commence or continue to
prosecute against the Debtors a motion or adversary proceeding, as applicable, to reduce
(including to reduce to $0) or fix the amount of the Debtors' claim or lien against the
Bankruptcy Borrower's property; (v) prosecute appeals with respect to items (i) through
(iv) above; (vi) seek an accounting from the Debtors with respect to the Bankruptcy

9



Exhibit ___1___
Page ___9___ of ___19___

Borrower's loan; and (vii) enter into, execute and consummate a written agreement of

settlement with the Debtors where the Debtors elect to enter into such settlement in their

sole discretion (but subject to the Settlement Procedures), to resolve items (i) through (vi)

above;

(b)    except as set forth herein, a Bankruptcy Borrower shall be entitled to

(i) engage in court-supervised or court-authorized loss-mitigation programs regarding the

Bankruptcy Borrower's loan; and (ii) engage in discussions with the Debtors and execute a

modification of the Bankruptcy Borrower's loan or otherwise discuss, enter into and

consummate settlements of claims and liens in accordance with the ordinary course of the

Debtors' business and applicable law;

(c)    absent further order of the Court, the automatic stay shall remain in

full force and effect with respect to all Bankruptcy Trustee's and Bankruptcy Borrower's

direct claims, counter-claims, motions or adversary proceedings:  (i) for monetary relief of

any kind and of any nature against the Debtors; (ii) for violation of any local, state or

federal statute or other law in connection with the origination of the Bankruptcy

Borrower's loan; (iii) for relief that if granted, would have no effect on the amount,

validity or priority of the Debtors' claim or lien against a Bankruptcy Borrower or the

property of the Bankruptcy Borrower securing such claim or lien of the Debtors; or

(iv) asserted in the form of a class action or collective action; provided however, a

Bankruptcy Trustee or Bankruptcy Borrower, solely in connection with their objections to

Debtors' proof of claim permitted by paragraph 15(a)(i) or proceedings permitted by

15(a)(iii), may assert claims of the type covered by subsection (i) or (ii) of this paragraph

15(c);

ny-1046923

Exhibit    1
Page    10 of 19

(d)      absent further order of the Court, the automatic stay shall remain in full force and effect with respect to any party seeking to intervene to assert related claims against the Debtors or any class action or collective action brought by any Bankruptcy Borrower on behalf of any other class of borrowers;

(e)      with the sole exception of objections to Debtors' proofs of claim permitted by paragraph 15(a)(i) above and proceedings described in 15(a)(iii) above and solely for purposes of reducing any such claim and not for the purpose of obtaining an affirmative recovery or award, under no circumstances shall a Bankruptcy Borrower or Bankruptcy Trustee be entitled to recoup, setoff or collect from the Debtors any judgment or award related to any direct claim or counter-claim for which the automatic stay has been lifted by the terms of this Order;

(f)      the Debtors shall retain the right, upon appropriate motion and notice to any Bankruptcy Borrower or Bankruptcy Trustee, to seek to impose any provision of section 362(a) of the Bankruptcy Code modified by this Order and to the extent such relief is sought, the Debtors will not object to the Interested Party's telephonic participation at any hearing on the motion; and

(g)      nothing set forth herein shall preclude or limit any Bankruptcy Borrower or Bankruptcy Trustee from seeking relief from the automatic stay under section 362(a) of the Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest.

*Foreclosures By The Debtors On Senior Loans*

16.      The stay imposed by section 362(a) of the Bankruptcy Code applicable to pending and future foreclosure actions initiated by the Debtors in cases where they act as

servicer for the Senior Loan and also own (or for which the applicable public land records otherwise reflect that the Debtors hold an interest) the Junior Loan with respect to the underlying property (collectively, the "Junior Foreclosure Actions") is hereby modified pursuant to the following terms and conditions:

(a)  except as otherwise set forth herein, the Debtors shall be entitled to assert and prosecute Junior Foreclosure Actions, whether in a Judicial State or a Non-Judicial State;

(b)  the Debtors shall be entitled to take such actions as are necessary to extinguish the lien with respect to a Junior Loan or to otherwise ensure clear and marketable title with respect to the property underlying a Senior Loan in connection with any sale or other disposition of such property;

(c)  the Debtors shall be entitled to seek all appropriate relief with respect to a Senior Loan in connection with the bankruptcy cases of a Bankruptcy Borrower without further order of the Court; and

(d)  the Debtors shall provide monthly reports to the Committee and the U.S. Trustee, which reports shall be in a form agreed to by the Debtors and the Committee, and such additional information as shall be reasonably requested by the Committee, in each case, concerning Junior Foreclosure Actions.

D.  *Actions Involving Amount, Validity Or Priority Of Liens*

17.  The stay imposed by section 362(a) of the Bankruptcy Code applicable to actions involving the amount, validity, and/or priority of liens commenced by third parties purporting to have a lien interest or other claim ("Third Party Claimants") with respect to



Exhibit____ *1*
Page____ *12* of *19*

properties that are subject to mortgages owned or serviced by the Debtors ("Title Disputes") is

hereby modified pursuant to the following terms and conditions:

      (a)    except as otherwise set forth herein, a Third Party Claimant shall be

entitled to assert and prosecute direct claims and counter-claims relating exclusively to the

property that is the subject of the loan owned or serviced by a Debtor in connection with

any Title Dispute, and to prosecute appeals with respect to any such direct claims or

counter-claims;

      (b)    absent further order of the Court, the automatic stay shall remain in

full force and effect with respect to all pending and future Third Party Claimant direct

claims and counter-claims:  (i) for monetary relief of any kind and of any nature against the

Debtors; (ii) for relief that is not necessary for the resolution of the Title Dispute; or

(iii) asserted in the form of a class action or collective action;

      (c)    absent further order of the Court, the stay shall remain in full force

and effect with respect to any party seeking to intervene to assert related claims against the

Debtors or any class action or collective action brought by any Third Party Claimant on

behalf of any other Third Party Claimant or class of Third Party Claimants;

      (d)    under no circumstances shall a Third Party Claimant be entitled to

enforce against, recoup, setoff or collect from the Debtors any judgment or award related

to any direct claim or counter-claim for which the automatic stay has been lifted by the

terms of the Order;

      (e)    the Debtors shall be entitled to take such actions as are necessary to

clear title with respect to property that is subject to a Title Dispute or to otherwise ensure



Exhibit    1
Page  13 of 19

clear and marketable title with respect to such property in connection with any sale, foreclosure or other disposition of such property;

(f)       the Debtors shall retain the right, upon appropriate motion and notice to any affected Third Party Claimant, to seek to impose any provision of section 362(a) of the Bankruptcy Code modified by the Order; and

(g)       nothing set forth herein shall preclude or limit any Third Party Claimant from seeking relief from the automatic stay under section 362(a) of the Bankruptcy Code on appropriate motion and notice to the Debtors and parties in interest.

<u>Payment of Securitization Trustee Fees and Expenses</u>

18.       The Debtors shall continue to perform all of their respective servicing duties and servicing related duties, including, but not limited to, their duties as master servicer, under all the governing agreements (including, without limitation, pooling and servicing agreements, servicing agreements, or any other agreements concerning or relating to the Debtors' obligations to reimburse and/or indemnify for reasonable fees, costs, expenses, liabilities, and/or losses) (collectively, the "<u>Agreements</u>") relating to Debtor-sponsored securitization transactions and non-Debtor sponsored securitization transactions to which any of The Bank of New York Mellon Trust Company, N.A., Wells Fargo Bank, N.A., Deutsche Bank Trust Company Americas, Deutsche Bank National Trust Company, or U.S. Bank National Association, or any affiliate of such entities acts as trustee for which any Debtor performs servicing duties, in each of their respective capacities as trustee (collectively, the "<u>Trustees</u>") and one or more of the Debtors is a party, including but not limited to, making all principal, interest or other servicing advances (including property protection advances) and reimbursing, indemnifying, defending and holding harmless the Trustees and the securitization trusts for any liability, loss, or reasonable fees, cost



Exhibit ___/___
Page ___/4___ of __/9__

12-12020-mg   Doc 8072-17   Filed 02/05/15   Entered 02/05/15 15:54:23   Exhibit J
Pg 20 of 25
Case 1:12-cv-02017-MJP   Document 4-2   Filed 11/19/12   Page 67 of 78

12-12020-mg   Doc 774   Filed 07/13/12   Entered 07/13/12 17:05:30   Main Document
Pg 15 of 19

or expense (including fees and disbursements of counsel or agents) incurred by any of the Trustees in the performance of their duties or their administration of the trusts or other agencies under the Agreements to the extent required by the Agreements. For the avoidance of doubt, the Debtors shall pay the reasonable, actual out-of-pocket costs and expenses of the Trustees in connection with reviewing and analyzing the request by the Debtors to approve the MBS Settlement Agreement, and in connection with reviewing and analyzing amendments to the Agreements as necessary or appropriate in connection with any proposed Chapter 11 plan, the MBS Settlement Agreement or the Platform Sale. Notwithstanding the foregoing, nothing in this paragraph 18 shall require any Debtor (i) to repurchase any mortgage loans on the basis of alleged breaches of representations, warranties or other requirements of the Agreements, or make any make-whole payments with respect to any mortgage loans pursuant to the Agreements; or (ii) to enforce, as against any other Debtor entity or any non-Debtor affiliate, any provision of the Agreements under which such other Debtor entity or non-Debtor affiliate are required to repurchase any mortgage loans on the basis of alleged breaches of representations, warranties or other requirements of the Agreements, or make any make-whole payments with respect to any mortgage loans pursuant to the Agreements; and nothing in this paragraph 18 shall be deemed to impose liability on any Debtor with respect to such alleged breaches or make-whole payment requirements.

19.     The Trustees shall submit invoices to (a) counsel to the Debtors, (b) counsel to the Committee, and (c) the U.S. Trustee, and all such invoices shall include (i) an itemization of all professional fees by task with a detailed description of the work performed in connection with such task, (ii) a description of related expenses, and (iii) a description of any indemnity claims. Thereafter, within thirty (30) days of presentment of such invoices, if no

ny-1046923

Exhibit _1_
Page _15_ of _19_

written objections to the reasonableness of the fees and expenses charged in any such invoice (or

portion thereof) is made by the Debtors, the Committee, or the U.S. Trustee, the Debtors are

authorized and directed to pay all reasonable fees, costs and expenses and all indemnity claims

referred to in paragraph 18 (including without limitation, attorney, financial advisor, consultant

and expert fees and costs) incurred postpetition by any of the Trustees relating to the

performance of each of the Trustees' duties or the administration of the trusts or other agencies

under the Agreements (the "Trustee Expenses") that are not subject to an objection by the

Debtors, the Committee, or the U.S. Trustee without further order from the Court.  Any objection

to the payment of the Trustee Expenses shall be made only on the basis of "reasonableness," and

shall specify in writing the amount of the contested fees and expenses and a detailed basis for

such objection.  To the extent an objection only contests a portion of an invoice, the undisputed

portion thereof shall be promptly paid.  If any such objection to payment of an invoice (or any

portion thereof) is not otherwise resolved between the Debtors, the Committee, or the U.S.

Trustee and the issuer of the invoice, either party may submit such dispute to the Court for a

determination as to the reasonableness of the disputed amounts.  This Court shall resolve any

dispute as to the reasonableness of any fees and expenses.

   20.  To the extent either the Committee, or the RMBS Trustees determine that

the Trustee Expenses were improperly or mistakenly allocated to an RMBS trust or to the

Debtors' estates, the Committee and the RMBS Trustees reserve the right to seek to correct the

allocation of the Trustee Expenses as between the RMBS trusts or the Debtors' estates in

accordance with the applicable Agreement, and such adjustment shall be the Committee's and

RMBS Trustees' sole remedy arising from a misallocation.  All Trustee Expenses for which

(a) no objection under paragraph 19 has been interposed, or (b) where such an objection has been

16

Exhibit ___I___
Page __16_ of _19_

interposed and the amount of Trustee Expenses determined by the Court to be reasonable, shall

be entitled to administrative expense priority in the Debtors' Chapter 11 cases notwithstanding

the entry of an order authorizing the assumption and assignment or rejection of any Agreement.

However, the Debtors will not be responsible for any fees, costs and expenses incurred with

respect to any Agreement after the entry of an order in the Debtors' Chapter 11 cases authorizing

the rejection of such Agreement.

   21. If any or all of the provisions of this Order are hereafter reversed,

modified, limited, vacated or stayed, such reversal, stay, modification or vacatur shall not affect

the validity, priority or enforceability of any Trustee Expenses incurred prior to the actual receipt

of written notice by the Trustees of the effective date of such reversal, stay, modification or

vacatur (the "Notice Date").  Notwithstanding any such reversal, stay, modification or vacatur,

the payment of any Trustee Expenses incurred prior to the Notice Date and reimbursed prior to

or after the Notice Date by the Debtors shall be governed in all respects by the original

provisions of this Order, and the Trustees shall be entitled to all of the rights, remedies,

privileges and benefits granted in this Order with respect to payment of Trustee Expenses.

   22. Notwithstanding the Debtors' obligations set forth in paragraphs 18 and

19, nothing in this Order shall be deemed to limit, extinguish, or prejudice the Debtors' rights in

any way to assume and assign or reject any Agreement in accordance with Bankruptcy Code

section 365.

<u>Other Relief</u>

   23. Any disputes regarding the extent, application and/or effect of the

automatic stay under this Order shall be heard and determined in the Debtors' jointly

administered bankruptcy cases pending in the United States Bankruptcy Court for the Southern



Exhibit ___1___
Page __17_ of _19_

District of New York, Case No. 12-12020 in accordance with the Case Management Order

entered in the Debtors' cases [Docket No. 141] and such other and further orders as may be

entered by the Court.

24.    The Debtors are authorized and empowered to take all actions and execute

such documents as may be necessary or appropriate to carry out the relief granted herein.

25.    Nothing herein shall be deemed to limit the rights of the Debtors to

operate their business in the ordinary course, and no subsequent order shall be required to

confirm such rights.

26.    Notwithstanding the relief granted herein and any actions taken hereunder,

nothing contained herein shall constitute, nor is it intended to constitute, the assumption of any

contract or agreement under Bankruptcy Code section 365 or the waiver by the Debtors or their

non-Debtor affiliates of any of their rights pursuant to any agreement by operation of law or

otherwise.

27.    Notwithstanding anything to the contrary in this Order, any action to be

taken pursuant to the relief authorized in this Order is subject to the terms of any cash collateral

order or debtor in possession financing order entered in these chapter 11 proceedings.  All

amounts authorized to be paid pursuant to this Order are subject to the limitations and

restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit Agreement).  To

the extent that there is any inconsistency between the terms of this Order and the terms of any

order relating to postpetition financing or cash collateral, the terms of the orders relating to

postpetition financing or cash collateral shall govern.

28.    Notwithstanding anything herein to the contrary, this Order shall not

modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board

of Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012, (c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

29.    Nothing in this Order shall discharge, release, or otherwise preclude any setoff or recoupment right of the United States of America, its agencies, departments, or agents.

30.    The requirements set forth in Bankruptcy Rule 6004(a) are satisfied.

31.    Notwithstanding the possible applicability of Bankruptcy Rules 2002(a)(3), 6004(h), 7062 or 9014, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

32.    This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

Dated:        July 13, 2012
              New York, New York


                                        _____/s/Martin Glenn_____
                                           MARTIN GLENN
                                     United States Bankruptcy Judge

Exhibit _____1_____
Page _____19___ of ___19___

ny-1046923

1    <u>CERTIFICATE OF SERVICE</u>

2    THE UNDERSIGNED certifies:

3    1.    My name is Karen D. Muir.  I am a citizen of Washington County, state of

4    Oregon, over the age of eighteen (18) years and not a party to this action.

5    2.    On October 31, 2012, I caused to be delivered via **first-class U.S. Mail,**

6    **postage prepaid**, a copy of: **NOTICE OF BANKRUPTCY OF GMAC MORTGAGE,**

7    **LLC, EXECUTIVE TRUSTEE SERVICES, LLC, RESIDENTIAL FUNDING REAL**

8    **ESTATE HOLDINGS, LLC, RESIDENTIAL FUNDING CORPORATION, AND**

9    **HOMECOMINGS FINANCIAL, LLC AND EFFECT OF AUTOMATIC STAY**, to the

10    interested parties of record, addressed as follows:

11

12    Helmut Kah
      Attorney at Law
      16818 140th Avenue NE
13    Woodinville, WA 98072-9001
      Attorneys for Plaintiff

14

15    Duncan K. Robertson
      3520 SE Harold Court
      Portland, OR 97202-4344
16    Plaintiff

17

18    I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct

19    to the best of my knowledge, information, and belief.

20

21    _____
      Karen D. Muir, Legal Assistant

22

23

24

25

26

NOTICE OF BANKRUPTCY & EFFECT OF STAY - Page 5

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130