**<u>Exhibit M</u>**

1    William G. Fig, WSBA No. 33943
     SUSSMAN SHANK LLP
2    1000 SW Broadway, Suite 1400
     Portland, OR  97205-3089
3    Telephone: (503) 227-1111
     Facsimile: (503) 248-0130
4    E-Mail: billf@sussmanshank.com

5        Attorneys for GMAC Mortgage, LLC, Executive Trustee Services, LLC,
         Residential Funding Real Estate Holdings, LLC, Residential Funding
6        Corporation,  Residential Funding Company, LLC, and Homecomings Financial,
         LLC

7

8

9                    IN THE UNITED STATES DISTRICT COURT

10            FOR THE WESTERN DISTRICT OF WASHINGTON AT SEATTLE

11   DUNCAN K. ROBERTSON,                 )   Case No. 2:12-CV-02017-MJP
                                          )
12              Plaintiff,                )   GMAC MORTGAGE, LLC, EXECUTIVE
                                          )   TRUSTEE SERVICES, LLC,
13       v.                               )   RESIDENTIAL FUNDING REAL
                                          )   ESTATE HOLDINGS, LLC,
14   GMAC MORTGAGE, LLC, et. al.          )   RESIDENTIAL FUNDING
                                          )   CORPORATION, RESIDENTIAL
15              Defendants.               )   FUNDING COMPANY, LLC AND
                                          )   HOMECOMINGS FINANCIAL, LLC'S
16                                        )   MOTIONS FOR SUMMARY
                                          )   JUDGMENT AND JOINDER OF
17                                        )   CHASE'S MOTION FOR SUMMARY
                                          )   JUDGMENT
18                                        )
                                          )   NOTE ON MOTION
19                                        )   CALENDAR:  July 19, 2013
                                          )
20                                        )   WITHOUT ORAL ARGUMENT

21

22                    I.     MOTIONS

23       Pursuant to Federal Rule of Civil Procedure 56(a), Defendants GMAC Mortgage,

24   LLC, Executive Trustee Services, LLC, Residential Funding Real Estate Holdings, LLC,

25   Residential  Funding  Corporation,  Residential  Funding  Company,  LLC,  and

26   Homecomings  Financial,  LLC  (collectively,  the  "Defendants")  move  the  court  for

GMAC MORTGAGE, LLC et. al MOTIONS FOR
SUMMARY JUDGMENT AND JOINDER OF CHASE'S
MOTION FOR SUMMARY JUDGMENT- Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1   Summary Judgment as to plaintiff's First Cause of Action for Declaratory Relief (aka

2   Wrongful Foreclosure) and plaintiff's Second Cause of Action for Quiet Title.

3                     **II.       INTRODUCTION**

4          Plaintiff's Third, Fourth, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Causes of

5   Action against Defendants are stayed by their Chapter 11 bankruptcy filings.

6   Defendants filed a Notice of Bankruptcy with this court on or about January 30, 2013,

7   that identifies these claims as stayed,  non-permitted claims.  Dckt. # 55.

8          The only claims against Defendants that are not stayed by their Chapter 11

9   bankruptcy filings are Plaintiff's First Cause of Action for Declaratory Relief (i.e.,

10   Wrongful Foreclosure) and his Second Cause of Action for Quiet Title.   Both of these

11   causes of action are based on plaintiff's status as the owner of the property subject to a

12   pre-existing lien.

13                     **II.       BACKGROUND**

14   **A.      Plaintiff's Allegations**

15          On November 1, 1999, Linda Nicholls signed a Deed of Trust securing a loan

16   ("the Nicholls DOT") against real property located at 12002 Fourth Avenue, Seattle,

17   Washington ('the Property").  Complaint at ¶ 1.1(b) and (c).  In 2006, Plaintiff recorded a

18   Second Deed of Trust against the Property to secure a loan given by plaintiff to Nicholls

19   (Exhibit B to plaintiff's Complaint).  Plaintiff acknowledges that, at the time the Second

20   Deed of Trust was recorded,  the Property was subject to a pre-existing security interest

21   that was recorded on November 1, 1999.  Complaint ¶¶ 5.2, 5.5 - 5.7.  In October 2008,

22   plaintiff became the owner of the Property when he foreclosed his Second Deed of

23   Trust and successfully credit bid for the Property at a trustee's sale held on

24   September 2, 2008.  Complaint at ¶ 5.4.  A Trustee's Deed for the Property was issued

25   to Plaintiff on October 3, 2008 (the "Trustee's Deed"), which was recorded on

26   October 7, 2008.  Complaint at  ¶ 5.2 and Ex. B.

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    After obtaining ownership of the Property, plaintiff claims to have undertaken

2    efforts to ascertain, pay, and extinguish all valid subsisting liens and encumbrances

3    recorded against the Property in order to clear title and gain the ability to make

4    beneficial use thereof.  Complaint at ¶ 5.5.  In paragraph 5 of plaintiff's Complaint,

5    plaintiff alleges that one or more of the Defendants failed to give plaintiff payoff

6    information, initiated foreclosure proceedings against the Property, and/or improperly

7    executed documents relating to the foreclosure and/or the Nicholls DOT.

8    To date, the Nicholls DOT has not been foreclosed.  Declaration of William G.

9    Fig, ¶¶ 3-5, Exhibits 1-3.  Plaintiff still holds title to the property via his Trustee's Deed.

10    Fig Dec., ¶ 6; Complaint, ¶ 5.2.

11    **B.    Defendants' Notice of Bankruptcy**

12    As explained in Defendants' Bankruptcy Notice, the only permitted claims in a

13    foreclosure action are those asserted by a borrower, mortgagor, or lienholder that relate

14    "exclusively to the property that is the subject of the loan owned or serviced by a Debtor

15    for the purposes of defending, unwinding or otherwise enjoining or precluding any

16    foreclosure..."  *Id.* at p. 3 and Ex. A, ¶ 14(a).  Defendants identified plaintiff's first two

17    causes of action as being "Permitted Claims" and the remainder of plaintiff's causes of

18    action as being not permitted claims and, therefore, stayed by the bankruptcies.

19    **III.    ANALYSIS**

20    **A.    Motion for Summary Judgment Standard**

21    "[T]he plain language of Rule 56(c) mandates the entry of summary judgment,

22    after adequate time for discovery and upon motion, against a party who fails to make a

23    showing sufficient to establish the existence of an element essential to that party's case,

24    and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*,

25    477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).  Washington courts follow the *Celotex*

26    summary judgment standard.  See *Young v. Key Pharmaceuticals, Inc.*, 112 Wn.2d 216

GMAC MORTGAGE, LLC et. al MOTIONS FOR
SUMMARY JUDGMENT AND JOINDER OF CHASE'S
MOTION FOR SUMMARY JUDGMENT- Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1   (1989).  Fed. R. Civ. P. 56 does not require the moving party to negate the elements of

2   a plaintiff's claims by its own declaration.  *Lujan v. National Wildfire Federation*, 497

3   U.S. 871, 885, 110 S.Ct. 3177, 3187 (1990).  Instead, "the motion may, and should, be

4   granted so long as whatever is before the ... court demonstrates that the standard for

5   entry of summary judgment ... is satisfied."  *Id.*  Defendants' motions should be granted

6   because plaintiff cannot prove the elements of his claims.

7   **B.    Declaratory Judgment**

8       Plaintiff's first cause of action seeks a "declaratory judgment from this Court

9   setting forth and decreeing that Defendants have violated the laws of the state of

10  Washington in their efforts to hold a foreclosure sale of Plaintiffs' home."  Complaint,

11  ¶ 4.3.   To establish a claim for declaratory relief, there must be: (1) a substantial

12  controversy, (2) between two parties having adverse legal interests, and (3) of sufficient

13  immediacy and reality to warrant issuance of a declaratory judgment.  *Evers v. Dwyer*,

14  358 U.S. 202, 203, 79 S. Ct. 178 (1958); *see also Nollette v. Christianson*, 115 Wn.2d

15  594, 598 (1990) (for a declaratory judgment, a justiciable controversy is "... an actual,

16  present and existing dispute, or the mature seeds of one, as distinguished from a

17  possible, dormant, hypothetical, speculative or moot disagreement....").

18      Plaintiff's claim for declaratory relief fails for the following reasons:

19      **1.      There is No Controversy at Issue that Warrants Declaratory Relief.**

20      No Trustee's sale of plaintiffs' property has occurred, and there is currently no

21  foreclosure pending against the property.  *See* Fig Dec., ¶¶ 3-6, Exhibits 1-3.

22  Therefore, "since the foreclosure sale has been cancelled the controversy is not of

23  sufficient immediacy to warrant an issuance of declaratory judgment."  *Massey v. BAC*

24  *Home Loans Servicing LP*, No. C12-1314 JLR, 2012 U.S. Dist. LEXIS 154256, *19

25  (W.D. Wash. Oct. 26, 2012) (granting defendant's motion to dismiss as to declaratory

26  judgment claim); s*ee also Hill v. Transportation*, 76 Wn. App. 631, 644 (1995) (no final,

GMAC MORTGAGE, LLC et. al MOTIONS FOR
SUMMARY JUDGMENT AND JOINDER OF CHASE'S
MOTION FOR SUMMARY JUDGMENT- Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

**1**  conclusive judicial determination can be made regarding safe workplace after

**2**  employment relation is terminated).

**3**   **2.   Plaintiff's Declaratory Relief Claim Does Not State a Viable Cause of Action Against Defendants.**

**4**

**5**  Plaintiff's Declaratory Relief claim is a mishmash of a wrongful foreclosure claim

**6**  and a collateral attack against documents to which he is neither a party nor an intended

**7**  beneficiary.

**8**   **a.   A Wrongful Foreclosure Claim Cannot Exist Where No Foreclosure has Occurred.**

**9**

**10**  There is no private right of action under the Washington Trust Deed Act or for a

**11**  "violation" of the Act.  *In re Reinke*, Bankruptcy No. 09-19609, 2011 Bankr. LEXIS 4142

**12**  at *28 and *29 (RCW 61.24, et. seq., does not recognize a separate or private right of

**13**  action for damages under the Act).  The holder of the Nicholls note does not owe any

**14**  "duty" to plaintiff under the Washington Deed of Trust Act.  *See, e.g., Cuddeback v.*

**15**  *Land Home Fin. Servs.*, No. C10-1347 RSM, 2011 U.S. Dist. LEXIS 31423, 11-12 (W.D.

**16**  Wash. Mar. 14, 2011) (copy attached) ("'[t]he general rule in Washington is that a lender

**17**  is not a fiduciary of its borrower; a special relationship must develop between a lender

**18**  and a borrower before a fiduciary duty exists.'") (citing *Miller v. U.S. Bank of*

**19**  *Washington, N.A.*, 72 Wn. App. 416, 426 (1994)).  No claim for wrongful foreclosure

**20**  exists where, as here, no trustee's sale has occurred.  *McDonald v. Onewest Bank, et*

**21**  *al,* No. C10-1952 RSL, 2103 U.S. Dist. LEXIS 31730 at *17-*18 (W.D. Wash., Mar. 7,

**22**  2013).  The affected person's remedy is to seek an order restraining the sale under

**23**  RCW 61.24.130.  *Id.* at *18.

**24**  / / /

**25**  / / /

**26**  / / /

GMAC MORTGAGE, LLC et. al MOTIONS FOR
SUMMARY JUDGMENT AND JOINDER OF CHASE'S
MOTION FOR SUMMARY JUDGMENT- Page 5

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

**1**

        **b.**      **Plaintiff Lacks Standing to Challenge the Validity of the
Foreclosure-Related Documents.**

**2**

**3**        A third party such as plaintiff lacks standing to attack the propriety of foreclosure-

**4**  related documents to which he is not a party.    Standing "requires that plaintiff

**5**  demonstrate an injury to a legally protected right."   *Sprague v. Sysco Corp.*, 97 Wn.

**6**  App. 169, 176, n. 2 (1999).   A plaintiff that is not a party to a contract, or a third-party

**7**  beneficiary to a contract, lacks standing to challenge the contract.   *See*, *generally*, *Kim,*

**8**  *et. al. v. Moffett, et. al.*, 156 Wn. App. 689 (2010); *see Lonsdale v. Chesterfield*, 19 Wn.

**9**  App. 27, 31 (1978) (to challenge validity of a contract, plaintiff must be a party to it or a

**10**  third-party beneficiary).   The court lacks jurisdiction over a matter where a plaintiff lacks

**11**  standing. *Postema v. Snohomish County,* 83 Wn. App. 574, 579 (1996).

**12**        Plaintiff is not a party to the Nicholls note, nor is he a party to the Nicholls DOT.

**13**  He is not a third-party beneficiary of either agreement.   As such, plaintiff does not have

**14**  standing to challenge the authority of a party to execute, or the propriety of, an

**15**  Assignment of a Deed of Trust or the Appointment of Successor Trustee.   *Brodie v.*

**16**  *Northwest Trustee Services, Inc.,* No. 12-CV-0469 TOR, 2012 U.S. Dist. LEXIS 176193

**17**  at *5-*8 (E.D. Wash. Dec. 12, 2012).   In *Brodie,* the court held that a borrower facing a

**18**  non-judicial foreclosure lacked standing to challenge the validity of both the Assignment

**19**  of Deed of Trust and the Appointment of Successor Trustee because no injury can

**20**  occur when the borrower is neither a party to, nor an intended beneficiary of, the

**21**  challenged agreements.  *Id.*  The *Brodie* court stated:

**22**        Only someone who suffered a concrete and particularized injury that is
fairly traceable to the substitution [of a trustee] can bring an action to

**23**        declare the assignment [of the new trustee] as void ... [Plaintiff] was not
party to this assignment, and did not suffer any injury as a result of the

**24**        assignment. Instead, the only injury [plaintiff] alleges is the pending
foreclosure on his home, which is the result of his default on his

**25**        mortgage. The foreclosure would occur regardless of what entity was
named as trustee, and so [plaintiff] suffered no injury as a result of this

**26**        substitution....

GMAC MORTGAGE, LLC et. al MOTIONS FOR
SUMMARY JUDGMENT AND JOINDER OF CHASE'S
MOTION FOR SUMMARY JUDGMENT- Page 6

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1     *Id.* at \*6-\*7, quoting *Javaheri v. JPMorgan Chase Bank N.A.,* No. 2:10-cv-08185 ODW

2     (FFMx), 2012 U.S. Dist. LEXIS 114510 at \*6 (C.D. Cal., Aug. 3, 2012).

3     The *Brodie* court's ruling is also consistent with the rulings of several other

4     courts, including the federal district court in Arizona, which recently explained:

5
> [E]ven if these allegations [of forgery] were well pled, Plaintiffs lack
> standing to challenge the validity of the [deed of trust] assignments. Even

6
> if an assignment were voidable, an action to declare an assignment void
> could only be brought by someone who can demonstrate a concrete and

7
> particularized injury in fact that is fairly traceable to the challenged
> assignment. No such injury is alleged. Thus, Plaintiffs, as third-party

8
> borrowers, are uninvolved and unaffected by the alleged Assignments,
> and do not possess standing to assert a claim based on such.

9

10     *In re MERS*, MDL Docket No. 09-2119 JAT, 2011 U.S. Dist. LEXIS 117107, at \*42-43

11     (D. Ariz. Oct. 3, 2011).

12     If a borrower does not have standing to challenge an Assignment of a Deed of

13     Trust or the Appointment of Successor Trustee relating to the borrower's loan, then

14     plaintiff, a third-party interloper, certainly lacks standing to challenge any such

15     agreements or documents relating to the Nicholls loan signed or executed by

16     Defendants.

17     **C.    Plaintiff Cannot Maintain a Quiet Title Claim Against Defendants**

18     In Washington, a mortgage creates only a lien and transfers no ownership

19     interest. *Kenzer v. Landover Corp.*, 87 Wn. App. 458, 463 (1997). Likewise, a Deed of

20     Trust creates only a lien on real property; a Deed of Trust does not convey any

21     ownership interest nor a right to possession. *See* RCW 7.28.230(1); *State v. Superior*

22     *Court for King County*, 170 Wn. 463, 467 (1932). A Quiet Title action is designed to

23     resolve competing claims of ownership to property or the right to possession of real

24     property. *Kobza v. Tripp*, 105 Wn. App. 90, 95 (2001).

25     To support a claim to quiet title, a plaintiff must prove that he has satisfied the

26     obligations under the deed of trust. *See Evans v. BAC Home Loans Servicing LP*,

GMAC MORTGAGE, LLC et. al MOTIONS FOR
SUMMARY JUDGMENT AND JOINDER OF CHASE'S
MOTION FOR SUMMARY JUDGMENT- Page 7

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    No. C10-0656 RSM, 2010 U.S. Dist. LEXIS 136282, *8 (W.D. Wash. Dec. 10, 2010) ("it

2    would be unreasonable to allow a borrower to bring an action to quiet title against its

3    lender without alleging satisfaction of those loan obligations").   The loan servicer and

4    beneficiary of the trust deed are not proper defendants for a quiet title action.   *Abarquez*

5    *v. OneWest Bank, FSB*, No. C11-0029 RSL, 2011 U.S. Dist. LEXIS 41267 (W.D. Wash.

6    Apr. 15, 2011).

7          Here, the Defendants do not assert any claim of ownership to plaintiff's property,

8    nor do they claim the right to possess his property.   The only claim ever asserted by any

9    of the Defendants was, perhaps, a right to a lien against plaintiff's property created via

10   the Nicholls DOT.   To the extent such a lien claim was ever asserted by one or more of

11   the Defendants, it does not give rise to a quiet title action.

12         Moreover, plaintiff lent money to Nicholls, secured the loan via a Second Deed of

13   Trust, and obtained ownership of the property by foreclosing his Second Deed of Trust,

14   all while knowing of the recorded, senior Nicholls DOT.   Plaintiff admittedly has not paid

15   the amount secured by the Nicholls DOT.   Therefore, it would be improper (and

16   inequitable) to quiet title to the property in plaintiff's name.

17   **D.     Defendants Did Not Owe Plaintiff Any Duty**

18         To the extent applicable to plaintiff's First and Second Claims for Relief against

19   Defendants, Defendants incorporate by reference and reallege § III. B. of Chase's

20   Motion to Dismiss.   For the reasons set forth by Chase, Defendants: (1) did not owe

21   plaintiff any obligation to allow him to pay off the Nicholls loan or cure the default; and

22   (2) could not provide confidential information regarding the Nicholls loan.   *See, also,*

23   *e.g., Cuddeback, supra,* at 11-12 ("'[t]he general rule in Washington is that a lender is

24   not a fiduciary of its borrower; a special relationship must develop between a lender and

25   a borrower before a fiduciary duty exists.'") (citing *Miller v. U.S. Bank of Washington,*

26   *N.A.*, 72 Wn. App. 416, 426 (1994)).

GMAC MORTGAGE, LLC et. al MOTIONS FOR
SUMMARY JUDGMENT AND JOINDER OF CHASE'S
MOTION FOR SUMMARY JUDGMENT- Page 8

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    Plaintiff was not without a remedy.  He had the option of attending the trustee's

2    sale and bidding on the Property.

3                                        **CONCLUSION**

4        Based on the above, Defendants respectfully request that the court enter an

5    Order for the entry of a Judgment dismissing plaintiff's First and Second Causes of

6    Action against them with prejudice.

7        Dated this 27th day of June, 2013.

8                        SUSSMAN SHANK LLP

9

10                    By */s/ William G. Fig*
                        William G. Fig, WSBA 33943
11                      billf@sussmanshank.com
                        Attorneys for Defendants GMAC Mortgage, LLC,
12                      Executive Trustee Services, LLC, Residential Funding
                        Real Estate Holdings, LLC, Residential Funding
13                      Corporation, Residential Funding Company, LLC, and
                        Homecomings Financial, LLC

14

15

16

17

18

19

20

21

22

23

24

25

26

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

<u>CERTIFICATE OF SERVICE</u>

THE UNDERSIGNED certifies:

1.   My name is Karen Muir.  I am a citizen of Washington County, state of Oregon, over the age of eighteen (18) years and not a party to this action.

2.   On June 27, 2013, I caused to be delivered via **email through the court's ECF system** a copy of **GMAC MORTGAGE, LLC, EXECUTIVE TRUSTEE SERVICES, LLC, RESIDENTIAL FUNDING REAL ESTATE HOLDINGS, LLC, RESIDENTIAL FUNDING CORPORATION, RESIDENTIAL FUNDING COMPANY, LLC AND HOMECOMINGS FINANCIAL, LLC'S MOTIONS FOR SUMMARY JUDGMENT AND JOINDER OF CHASE'S MOTION FOR SUMMARY JUDGMENT** to the interested parties of record, addressed as follows:

| | |
|---|---|
| Aaron M. Neilson | aneilson@hansonbaker.com |
| David John Lenci | david.lenci@klgates.com |
| | Judy.goldfarb@klgates.com |
| Fred B. Burnside | fredburnside@dwt.com |
| | ashleydonnell@dwt.com |
| | lisabass@dwt.com |
| | seadocket@dwt.com |
| Peter Anthony Talevich | peter.talevich@klgates.com |
| | suzanne.petersen@klgates.com |
| Magnus Rune Andersson | mandersson@hansonbaker.com |
| | aburt@hansonbaker.com |
| Scott E. Stafne | scott@stafnelawfirm.com |
| | Leeann@stafnelawfirm.com |
| | Shaina@stafnelawfirm.com |
| | wwactfilings@aol.com |
| Andrew John Krawczyk | andrew@stafnelawfirm.com |
| | andykrawczyk@gmail.com |

I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct to the best of my knowledge, information, and belief.

*/s/ Karen D. Muir*
Karen D. Muir, Legal Assistant

20809-082\MSJ (01642223);1

GMAC MORTGAGE, LLC et. al MOTIONS FOR SUMMARY JUDGMENT AND JOINDER OF CHASE'S MOTION FOR SUMMARY JUDGMENT- Page 10

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130