UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER TO SHOW CAUSE WHY COURT SHOULD NOT DETERMINE
TOM FRANKLIN TO BE A VEXATIOUS LITIGATOR AND EITHER
IMPOSE SANCTIONS OR ISSUE AN INJUNCTION ENJOINING
FUTURE FILINGS BY FRANKLIN**

WHEREAS, Tom Franklin filed two claims, Claim Numbers 1195 and 7335 (the "Claims"), against Debtors EPRE LLC and Residential Capital, LLC ("ResCap") in these chapter 11 proceedings. The Court expunged each of the Claims pursuant to Court orders. (*See* ECF Doc. ## 5049, 7086.) Franklin filed a notice of appeal as to each claim. (*See* ECF Doc. ## 5171, 7196.) Franklin's appeal of this Court's expungement of Claim Number 1195 was denied by the United States District Court for the Southern District of New York (the "District Court"), *see generally Franklin v. Residential Capital, LLC*, No. 13 Civ. 8317(PAE), 2014 WL 1760312 (S.D.N.Y. May 1, 2014), and his subsequent appeal to the Second Court remains pending (*see* Case No. 14-00418 (2d Cir.)). Franklin's appeal of this Court's order expunging Claim Number 7335 remains pending in the District Court. (*See* Case No. 15-00501.)

WHEREAS, Franklin filed a motion to reinstate Claim 1195 and a separate motion to compel discovery in these chapter 11 proceedings before this Court after filing one or both of his notices of appeal. (*See* ECF Doc. ## 7125, 7444.) The Court denied both of these motions holding that Franklin's filing of a notice of appeal confers jurisdictions on the appellate court, and divests this Court of jurisdiction to act on matters that are subject to the appeal (the "Divestiture Orders," ECF Doc. ## 7209, 7581). *See In Re Winimo Realty Corp. et al. v. City of*

*Albany, et al.*, 270 B.R. 99 (S.D.N.Y. 2001) (citing *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996) (filing of notice of appeal divests lower court of jurisdiction over those aspects of the case involved in the appeal); *Hagel v. Drummand (In re Hagel)*, 184 B.R. 793, 798 (9th Cir. BAP 1995) ("The divestiture rule applies to appeals of bankruptcy proceedings. . . . A pending appeal . . . divests a bankruptcy court of jurisdiction."); *In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999); *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994)).

WHEREAS, Franklin filed a number of documents with the Court prior to the entry of the Court's Divestiture Orders. Some of these documents were filed in response to objections filed by the Debtors or their successors-in-interest, the ResCap Borrower Claims Trust (the "Trust") (*see, e.g.*, ECF Doc. ## 4282, 4961, 4980, 6955, 6967, 7043, and 7044); others were filed in response to various documents filed in these chapter 11 cases (*see, e.g.*, ECF Doc. ## 7043 (a purported opposition to a motion made by the Debtors' parent company Ally Financial Inc., to enforce the Court's order regarding the Plan Support Agreement), 7044 (a purported objection to the Debtors' Sixty-First Omnibus Objection, to which Franklin was not subject)). None of these matters concern Franklin, and he lacks standing to object.

WHEREAS, Franklin also filed and continues to file documents after the entry of the Court's Divestiture Orders. Some of these documents seek the reinstatement of one or both of his Claims similar to the prior motion denied by this Court. (*Compare* ECF Doc. # 7125, *with* ECF Doc. ## 7166, 7237.) Some of these documents seek to compel unspecified discovery in these chapter 11 proceedings similar to the prior motion to compel denied by this Court. (*Compare* ECF Doc. # 7444, *with* ECF Doc. ## 7546, 815, 8046.) Others were filed in response to various documents filed in these chapter 11 cases that do not concern Franklin. (*See, e.g.*, ECF Doc. ## 7395, 7602 (purported oppositions to motions made by the Debtors' parent

company Ally Financial Inc. to enforce the Court's orders imposing an injunction or lifting the automatic stay); 7707, 8016 (purported oppositions to motions made by ResCap to enforce the Court's orders pursuant to sections 105(a) and 363(b) of the Bankruptcy Code or to expunge other creditors' claims); 7950, 8017 (purported oppositions to unspecified stipulations, which Franklin failed to demonstrate a sufficient legal interest in to have standing to object (*see also* ECF Doc. # 7953 (overruling Franklins opposition filed at ECF Doc. # 7950 for lack of standing)); 7997, 8000, 8022, 8047, 8048 (purported oppositions or responses to various motions to lift the automatic stay currently pending before the Court).)

WHEREAS, in each instance prior to or after the entry of the Divestiture Orders, the papers Franklin has filed with the Court are substantially the same: copied and pasted excerpts from many cases wholly unconnected with these chapter 11 proceedings, an assertion that he is owed money by the "debtor" (without specifying which of the Debtors) on account of a "legitimate claim," that he has suffered "extreme hardship," and therefore expunging his claim would be "unjust."

WHEREAS, this Court is authorized to impose sanctions pursuant to Federal Rule of Civil Procedure 11 against litigants who knowingly file frivolous papers designed to harass other parties or create unnecessary delay or cost in a matter. *See Sathianathan v. Smith Barney, Inc.*, No. 04 Civ. 7122 (DAB)(FM), 2006 WL 538152, at *32 (S.D.N.Y. Feb. 24, 2006). This Court is further authorized to restrict the activity of abusive litigants by way of the issuance of an injunction. *See, e.g.*, *In re Truong*, No. 09-11047 (MG), 2009 WL 2929261, at *7 (Bankr. S.D.N.Y. Sept. 3, 2009) (citing *Abdul-Akbar v. Watson*, 901 F.2d 329, 332–33 (3d Cir. 1990); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989); *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)). Such "authority extends to *pro se* litigants." *Sathianathan*, 2006 WL

538152, at *32. "In deciding whether to issue a filing injunction, a court must determine 'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" *In re Truong*, 2009 WL 2929261, at *7 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).  The Second Circuit requires that the following factors be considered in this analysis:  "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., whether the litigant have an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24.

WHEREAS, the Court enters this Order to show cause why the Court should not determine Franklin to be a vexatious litigator and either impose sanctions or grant an injunction enjoining future filings by Franklin in these chapter 11 proceedings.

NOW, THEREFORE, it is hereby

ORDERED, that Franklin shall show cause at a hearing to be held before the undersigned bankruptcy judge on March 12, 2015, at 10:00 a.m., in Room 501 of the United States Bankruptcy Court, located at the Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, why the Court should not impose sanctions in an amount to be determined by the Court pursuant to Federal Rule of Civil Procedure 11 or issue an injunction enjoining Franklin from future filings in these chapter 11 proceedings;

4

ORDERED that, on or before 5:00 p.m., February 20, 2015, Franklin shall file a response to this Order explaining why cause exists such that the Court should not impose sanctions or issue a filing injunction against him;

ORDERED that, on or before 5:00 p.m., March 6, 2015, the Trust shall file a response to this Order and Franklin's response;

ORDERED that, counsel for the ResCap Borrower Claims Trust shall appear in person at the hearing on March 12, 2015. Franklin, who appears in this case *pro se*, shall also appear in person at the hearing.

Dated: February 5, 2014
      New York, New York

                                  _____/s/Martin Glenn_____
                                      MARTIN GLENN
                            United States Bankruptcy Judge