**Hearing Date and Time: March 12, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: March 3, 2015 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------

**NOTICE OF RESCAP LIQUIDATING TRUST'S EIGHTY-THIRD**
**OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On February 10, 2015, the ResCap Liquidating Trust filed its *Eighty-Third Omnibus Objection to Claims (No Liability Claims)* (the "**Omnibus Objection**").

2. A hearing (the "**Hearing**") to consider the Omnibus Objection shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004-1408, on **March 12, 2015 at 10:00 a.m.** (prevailing Eastern Time).

3. Any responses to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **March 3, 2015 at 4:00 p.m.** (prevailing Eastern Time) upon (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas

H. Mannal, Joseph A. Shifer); (c) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew and Meryl L. Rothchild) (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Ave., Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

4.      If no responses to the Omnibus Objection are timely filed and served to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

5.      A copy of the Omnibus Objection can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
           February 10, 2015

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

-2-

**Hearing Date and Time: March 12, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: March 3, 2015 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-----------------------------------------------------------

**RESCAP LIQUIDATING TRUST'S EIGHTY-THIRD**
**<u>OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)</u>**

<div style="border:1px solid">

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.**
**CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND**
**CLAIMS ON <u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON**
**<u>EXHIBIT A</u> ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT**
**THE LIQUIDATING TRUST'S COUNSEL, JOSEPH A. SHIFER, AT (212) 715-9100.**

</div>

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ........................................................................................... ii

JURISDICTION ...........................................................................................................1

BACKGROUND ..........................................................................................................2

RELIEF REQUESTED...................................................................................................4

OBJECTION................................................................................................................4

     A.     JPMorgan Chase Bank, N.A. ................................................................ 5

     B.     Verizon Wireless................................................................................. 8

RESERVATION OF RIGHTS ..........................................................................................8

NOTICE......................................................................................................................9

NO PRIOR REQUEST ...................................................................................................9

CONCLUSION.............................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adelphia Commc'ns Corp.*,
No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20,
2007) ..................................................................................................................4

*In re Allegheny Int'l, Inc.*,
954 F.2d 167 (3d Cir. 1992)...............................................................................4

*In re Alper Holdings USA*,
2008 WL 4186333 (Bankr. S.D.N.Y. Sept. 10, 2008)........................................6

*In re Chemtura Corp.*,
436 B.R. 286 (Bankr. S.D.N.Y. 2010) ...........................................................6, 7

*In re Drexel Burnham Lambert Grp., Inc.*,
148 B.R. 982 (Bankr. S.D.N.Y. 1992).............................................................6, 7

*Feinberg v. Bank of N.Y. (In re Feinberg)*,
442 B.R. 215 (Bankr. S.D.N.Y. 2010) ...............................................................5

*In re GCO, LLC*,
324 B.R. 459 (Bankr. S.D.N.Y. 2005) ...........................................................6, 7

*In re Oneida Ltd.*,
400 B.R. 384 (Bankr. S.D.N.Y. 2009) ...............................................................4

*Matter of Provincetown-Boston Airlines*,
72 B.R. 307 (Bankr. M.D. Fla. 1987) ................................................................7

*In re Rockefeller Ctr. Props.*,
272 B.R. 524 (Bankr. S.D.N.Y. 2000) ...............................................................4

*In re Wedtech Corp.*,
85 B.R. 285 (Bankr. S.D.N.Y. 1988) .................................................................7

**Statutes**

11 U.S.C. § 502(a) ...................................................................................................4

11 U.S.C. § 502(b) ...............................................................................................1, 5

11 U.S.C. § 502(e) .........................................................................................1, 5, 6, 7

28 U.S.C. § 157........................................................................................................1

28 U.S.C. § 1334...................................................................................................................1

28 U.S.C. § 1408...................................................................................................................1

28 U.S.C. § 1409...................................................................................................................1

Fed. R. Bank. P. 1015(b) ......................................................................................................2

Fed. R. Bank. P. 3007(d) ...................................................................................................1, 3

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby files this eighty-third omnibus objection to claims (the "**Objection**") pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "**Claims Objection Procedures Order**"), seeking entry of an order (the "**Proposed Order**"), in a form substantially similar to that attached hereto as **Annex 1**, disallowing and expunging the claims listed on **Exhibit A** annexed to the Proposed Order.[1]  In support of the Objection, the Liquidating Trust submits the declaration of Deanna Horst, Chief Claims Officer for the Liquidating Trust (the "**Horst Declaration**"), attached hereto as **Annex 2**, and respectfully represents as follows:

## **JURISDICTION**

1.     This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334,  and Article XII of the Plan (defined herein).  Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

2.     The statutory predicates for the relief requested herein are section 502(b) and 502(e) of the Bankruptcy Code and Rule 3007(d) of the Bankruptcy Rules.

---

[1] Claims listed on **Exhibit A** to the Proposed Order are reflected in the same manner as they appear on the claims register maintained by KCC (defined herein).

## BACKGROUND

3.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.      On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Docket No. 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065-1].[2]  On December 17, 2013, the Effective Date of the Plan occurred, and the Liquidating Trust was established [Docket No. 6137].

5.      The Liquidating Trust was established to, among other things, wind down the affairs of the Debtors.  *See* Plan, Art. VI.  Pursuant to the Plan, the Liquidating Trust has the exclusive authority to "[f]ile, withdraw, or litigate to judgment, objections to Claims or Equity Interests (other than Borrower Claims, Private Securities Claims, and the NJ Carpenters Claims)." Plan, Art. VIII.A.3.

6.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.  KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

---

[2] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

7.      On August 29, 2012, the Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**").  The Bar Date Order established (i) November 9, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**," with the General Bar Date, the "**Bar Date**").  Bar Date Order at ¶¶ 2-3.  On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

8.      The Confirmation Order required holders of Administrative Claims (as such term is defined in the Plan), including claims that arose between the Petition Date and the Effective Date, to file their "requests for the payment of such Administrative Claims not already Allowed by Final Order in accordance with the procedures specified in the Confirmation Order, on or before the first Business Day that is thirty (30) days following the Effective Date."  *See* Confirmation Order ¶ 50(f).  As the Effective Date of the Plan occurred on December 17, 2013, the deadline by which holders of Administrative Claims must have filed requests for payment was January 16, 2014 (the "**Administrative Claims Bar Date**").

9.      On March 21, 2013, the Court entered the Claims Objection Procedures Order, which authorizes the Debtors to file omnibus objections to up to 150 claims at a time on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Claims Objection Procedures Order.

10.     To date, over 7,400 proofs of claim have been filed in these Chapter 11 Cases as reflected on the Claims Register.

## **RELIEF REQUESTED**

11.     By this Objection, and for the reasons discussed below, the Liquidating Trust seeks to disallow and expunge the proofs of claim identified on **Exhibit A** to the Proposed Order (collectively, the "**No Liability Claims**").[3]

## **OBJECTION**

12.     The Liquidating Trust examined the No Liability Claims and supporting documents filed therewith, as well as the books and records the Debtors maintained in the ordinary course of business (the "**Books and Records**"), and determined that the No Liability Claims fail to articulate any valid obligation for which the Debtors are liable.  *See* Horst Declaration ¶ 4.  Accordingly, the No Liability Claims should be disallowed and expunged from the Claims Register.  If the No Liability Claims are not disallowed and expunged, then the parties who filed these proofs of claim may potentially receive an improper recovery from the Liquidating Trust to the detriment of the Liquidating Trust's beneficiaries.

13.     A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor.  *In re Allegheny Int'l,*

---

[3] No Borrower Claims (as defined in the Claims Objection Procedures Order) are included in this Objection.

*Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim."). Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

14.     For the reasons set forth below, in addition to those set forth on **Exhibit A** to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors are not liable on account of the No Liability Claims.

### A.     JPMorgan Chase Bank, N.A.

15.     JPMorgan Chase Bank, N.A. ("**JPMorgan**") filed Claim No. 5262 against Debtor GMAC Mortgage, LLC (the "**JPMorgan Claim**") asserting a general unsecured claim in an unliquidated amount. The JPMorgan Claim asserts a claim for contribution and indemnification related to certain litigations in which GMAC Mortgage, LLC was named as a co-defendant along with JPMorgan. Upon a review of the Books and Records, and the dockets in the underlying litigations, the Liquidating Trust is not aware of any judgments entered against the defendants (in fact, many of the litigations have been dismissed) nor any basis explaining why the Debtors would be liable to JPMorgan for contribution or indemnification. Further, any claims related to pending litigation are contingent reimbursement claims arising from alleged shared liability, and should therefore be disallowed under section 502(e)(1)(B) of the Bankruptcy Code.

16.     Section 502(e)(1)(B) of the Bankruptcy Code expressly provides for the disallowance of certain contingent claims:

[T]he court **shall disallow** any claim for reimbursement or

- 5 -

contribution of an entity that is liable with the debtor . . . to the extent that … such claim for reimbursement or contribution is contingent as of the time of allowance or disallowance of such claim for reimbursement or contribution.

11 U.S.C. § 502(e)(1)(B) (emphasis added).

17.    Courts have established the following three-part test to determine whether a claim should be disallowed under section 502(e)(1)(B) of the Bankruptcy Code:

(a)    "the claim must be for reimbursement or contribution;"

(b)    "the party asserting the claim must be 'liable with the debtor' on the claim;" and

(c)    "the claim must be contingent at the time of its allowance or disallowance."

*In re Chemtura Corp.*, 436 B.R. 286, 292-93 (Bankr. S.D.N.Y. 2010); *Alper Holdings USA*, 2008 WL 4186333, at *4 (quoting *In re GCO, LLC*, 324 B.R. 459, 465 (Bankr. S.D.N.Y. 2005) and *In re Drexel Burnham Lambert Grp., Inc.*, 148 B.R. 982, 985 (Bankr. S.D.N.Y. 1992)).

18.    Here, the JPMorgan Claim satisfies all three elements for mandatory disallowance pursuant to section 502(e)(1)(B) of the Bankruptcy Code.  <u>First</u>, the JPMorgan Claim plainly seeks "reimbursement or contribution," as the JPMorgan Claim states it relates to "certain rights of contribution and indemnification." *See* Claim No. 5262 at 2.  Further, it is well established that the terms "reimbursement or contribution" include indemnity. *See In re GCO*, 324 B.R. at 465 ("Because the concept of reimbursement includes indemnity, any claims for indemnification also fall within the scope of the first prong of 502(e)(1)(B).") (internal quotation omitted).  Thus, the first element of section 502(e)(1)(B) is established.

19.    <u>Second</u>, JPMorgan and the Debtors satisfy the "co-liability" requirement of section 502(e)(1)(B).  To determine co-liability under section 502(e)(1)(B), courts ask whether the "causes of action in the underlying lawsuit assert claims upon which, if proven, the debtor

could be liable but for the automatic stay." *In re Wedtech Corp.*, 85 B.R. 285, 290 (Bankr. S.D.N.Y. 1988). Here, JPMorgan seeks contribution or indemnification related to litigations in which it is named as a co-defendant with the GMAC Mortgage, LLC. Clearly, being named as co-defendants established the potential for co-liability. *See*, *e.g.*, *Matter of Provincetown-Boston Airlines*, 72 B.R. 307, 310 (Bankr. M.D. Fla. 1987) (co-liability established where the debtor and claimant were co-defendants). Further, courts have interpreted co-liability broadly, noting that "'Congress clearly meant to include all situations wherein indemnitors or contributors *could* be liable with the debtor within the scope of § 502(e)(1)(B).'" *In re Chemtura Corp.*, 436 B.R. 286, 295-96 n.26 (Bankr. S.D.N.Y.) (emphasis added) (citation omitted). Accordingly, the Debtors are "co-liable" for purposes of section 502(e)(1)(B).

20.    Third, the JPMorgan Claim also satisfies the third required element of section 502(e)(1)(B), because they are based on unresolved litigation and therefore remain contingent. A contingent claim is a claim which "has not yet accrued and . . . is dependent upon a future event that may never happen." *In re GCO,* 324 B.R. at 466 (citation omitted). *See also Provincetown-Boston Airlines*, 72 B.R. at 310 (future event on which the contingent claim is dependent is the establishment of claimant and debtor's liability in the class action litigation). In *Drexel*, the court noted that similar to *Provincetown*, "the future event yet to be established . . . is a determination that Drexel and the Claimants' are liable in the civil actions." *Drexel*, 148 B.R. at 987. JPMorgan has not provided any evidence of any court holding it liable to the plaintiffs in the litigations listed in the JPMorgan Claim, nor is the Liquidating Trust aware of such a ruling.

21.    Because all three required elements for disallowance of claims pursuant to section 502(e)(1)(B) are met, the JPMorgan Claim should be disallowed.

22.    Prior to filing the objection, counsel to the Liquidating Trust contacted counsel to JPMorgan in an attempt to consensually resolve the JPMorgan Claim, but to date has been unsuccessful in effectuating a resolution of the JPMorgan Claim.

### B.    Verizon Wireless

23.    Verizon Wireless ("**Verizon**") filed Claim No. 443 (the "**Verizon Claim**") against Debtor Residential Capital, LLC, asserting a general unsecured claim in the amount of $8,220.58. After a search of the Books and Records and numerous requests for additional information from Verizon, the Liquidating Trust was unable to identify any obligation owed by the Debtors to Verizon on account of the Verizon Claim. Prior to filing the Objection, counsel to the Liquidating Trust contacted Verizon several times in an attempt to consensually resolve the Verizon Claim, but to date has been unsuccessful in effectuating a resolution of the Verizon Claim.

24.    For the reasons described above, to avoid the possibility that these claimants receive improper recoveries against the Debtors' estates, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge in their entirety each of the No Liability Claims.

### RESERVATION OF RIGHTS

25.    To the extent not expunged by this Objection, the Liquidating Trust reserves the right to object further to any of the No Liability Claims on any and all additional factual or legal grounds. Without limiting the generality of the foregoing, the Liquidating Trust specifically reserves its right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a response filed in accordance with the Claims Objection Procedures Order

- 8 -

by or on behalf of any of the claimants or other interested parties; (b) object further to any No

Liability Claims addressed in this Objection for which a claimant provides (or attempts to

provide) additional documentation or substantiation; and (c) object further to any No Liability

Claims addressed in this Objection based on additional information that may be discovered upon

further review by the Liquidating Trust or through discovery.  In addition, as described above

and as contemplated and permitted under the Claims Objection Procedures Order, the

Liquidating Trust reserves and retains its rights to object to any No Liability Claim addressed in

this Objection, but not ultimately expunged, on any and all available grounds.

## NOTICE

26.    The Liquidating Trust has served notice of the Objection in accordance

with the Case Management Procedures [Docket No. 141] and the Claims Objection Procedures

Order, including upon the holders of the No Liability Claims and their counsel of record.  The

Liquidating Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

27.    No previous request for the relief sought herein as against the holders of

the No Liability Claims has been made by the Liquidating Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

order substantially in the form of the Proposed Order granting the relief requested herein and

granting such other relief as is just and proper.

Dated: New York, New York
   February 10, 2015

        KRAMER LEVIN NAFTALIS & FRANKEL LLP

        /s/ Joseph A. Shifer
        Kenneth H. Eckstein
        Douglas H. Mannal
        Joseph A. Shifer
        1177 Avenue of the Americas
        New York, New York 10036
        Telephone: (212) 715-9100
        Facsimile: (212) 715-8000

        *Counsel for the ResCap Liquidating Trust*

## Annex 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S**
**EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)**

Upon the eighty-third omnibus objection to claims (the "**Objection**")[1] of the

ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the

confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the

Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure,

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim [Docket No. 3294] (the "**Claims Objection Procedures Order**"), disallowing and

expunging the No Liability Claims, as more fully described in the Objection; and it appearing

that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334;

and consideration of the Objection and the relief requested therein being a core proceeding

pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C.

§§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it

appearing that no other or further notice need be provided; and upon consideration of the

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Objection.

Objection and the *Declaration of Deanna Horst in Support of the ResCap Liquidating Trust's Eighty-Third Omnibus Objection to Claims (No Liability Claims)* annexed to the Objection as **Annex 2**; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Claims Objection Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The relief requested in the Objection is granted to the extent provided herein.

2.    Pursuant to section 502(b) of the Bankruptcy Code, the claims listed on **Exhibit A** annexed hereto are hereby disallowed and expunged in their entirety with prejudice.

3.    Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' claims and noticing agent, is directed to disallow and expunge the claims identified on the schedule attached as **Exhibit A** hereto so that such claims are no longer maintained on the Debtors' Claims Register.

4.    The Liquidating Trust and KCC are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

5.    Notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Objection Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

6.      This Order has no res judicata, estoppel, or other effect on the allowance of any claim not listed on **Exhibit A** annexed to this Order, and all rights of the Liquidating Trust or any other party to object on any basis are expressly reserved with respect to any claim that is not listed on **Exhibit A** annexed hereto.

7.      This Order shall be a final order with respect to each of the  claims identified on **Exhibit A** annexed hereto, as if each such claim had been individually objected to.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.


Dated:_____, 2015
        New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
EIGHTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | JPMorgan Chase Bank, N.A. | 5262 | 11/15/2012 | $0.00 | Administrative Priority | GMAC Mortgage, LLC | 12-12032 | The claim asserts a contingent claim for contribution and indemnification that should be disallowed under Section 502(e)(1)(B) of the Bankruptcy Code. |
| | Attn Mary Beth Hogan | | | $0.00 | Administrative Secured | | | |
| | Debevoise & Plimpton LLP | | | $0.00 | Secured | | | |
| | 919 Third Avenue | | | $0.00 | Priority | | | |
| | New York, NY 10022 | | | UNLIQUIDATED | General Unsecured | | | |
| 2 | Verizon Wireless | 443 | 08/31/2012 | $0.00 | Administrative Priority | Residential Capital, LLC | 12-12020 | After review of the Debtors' books and records and numerous requests for additional information from the claimant, the Liquidating Trust was unable to identify any obligation owed by the Debtors to the claimant on account of the claim. |
| | 500 Technology Dr # 550 | | | $0.00 | Administrative Secured | | | |
| | Weldon Springs, MO 63304 | | | $0.00 | Secured | | | |
| | | | | $0.00 | Priority | | | |
| | | | | $8,220.58 | General Unsecured | | | |

Claims to be Disallowed and Expunged

**<u>Annex 2</u>**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**DECLARATION OF DEANNA HORST IN SUPPORT**
**OF RESCAP LIQUIDATING TRUST'S EIGHTY-THIRD**
**OMNIBUS OBJECTION TO CLAIMS  (NO LIABILITY CLAIMS)**

I, Deanna Horst, hereby declare as follows:

       1.     I am the Chief Claims Officer for the ResCap Liquidating Trust (the

"**Liquidating Trust**"), and previously served as Chief Claims Officer for Residential Capital,

LLC and its affiliates (collectively, "**ResCap**"), a limited liability company organized under the

laws of the state of Delaware and the parent of the other post-effective date debtors in the above-

captioned Chapter 11 Cases (collectively, the "**Debtors**").  I was employed by ResCap beginning

in August of 2001.  In June 2012, I became Senior Director of Claims Management for ResCap

and became Chief Claims Officer of ResCap in October of 2013.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role.  In my current position, I am responsible for Claims Management and Reconciliation

and Client Recovery.  I am authorized to submit this declaration (the "**Declaration**") in support

of the *ResCap Liquidating Trust's Eighty-Third Omnibus Objection to Claims (No Liability Claims)* (the "**Objection**").[1]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 cases.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "**Books and Records**"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "**Schedules**"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on **Exhibit A** annexed to the Proposed Order.  Since the Plan went effective, I, along with other members of the Debtors' management or other employees of the Debtors have continued the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same.  In connection with such review and analysis, where applicable, the Liquidating Trust has reviewed (i) information supplied or verified by personnel

---

[1]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the

Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the

Debtors' Chapter 11 Cases.

4.      Under my supervision, considerable resources and time have been

expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim

filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate

personnel and professional advisors.  Based on a thorough review of the No Liability Claims at

issue, the supporting documents filed therewith, and the Books and Records, it was determined

that each No Liability Claim on **Exhibit A** annexed to the Proposed Order fails to establish a

claim for which the Debtors are liable.  For the reasons set forth below, in addition to those set

forth on **Exhibit A** to the Proposed Order under the heading "*Reason for Disallowance*," the

Debtors are not liable to these claimants for the amounts asserted in their respective proofs of

claim.

### A.      JPMorgan Chase Bank, N.A.

5.      JPMorgan Chase Bank, N.A. ("**JPMorgan**") filed Claim No. 5262 against

Debtor GMAC Mortgage, LLC (the "**JPMorgan Claims**") asserting a general unsecured claim

in an unliquidated amount.   The JPMorgan Claim asserts  a claim for contribution and

indemnification related to certain litigations in which GMAC Mortgage, LLC was named as a

co-defendant along with JPMorgan.  Upon a review of the Books and Records, and the dockets

in the underlying litigations, the Liquidating Trust is not aware of any judgment entered against

the defendants (in fact, many of the litigations have been dismissed) nor any basis explaining

why the Debtors would be liable to JPMorgan for contribution or indemnification.

### B.    Verizon Wireless

6.    Verizon Wireless ("**Verizon**") filed Claim No. 443 (the "**Verizon Claim**") against Debtor Residential Capital, LLC, asserting a general unsecured claim in the amount of $8,220.58.    After a search of the Books and Records and numerous requests for additional information from Verizon, the Liquidating Trust was unable to identify any obligation owed by the Debtors to Verizon on account of the Verizon Claim.

7.    If the No Liability Claims are not disallowed and expunged, the claimants who filed these Claims may potentially receive an improper recovery to the detriment of other creditors.

8.    Accordingly, based upon the Liquidating Trust's review and for the reasons set forth in the Objection, I have determined that each No Liability Claim that is the subject of the Objection should be disallowed and expunged it its entirety.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 10, 2015

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for the ResCap
Liquidating Trust

- 4 -