**Hearing Date and Time:  March 12, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: February 20, 2015 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

-------------------------------------------------------------

### NOTICE OF MOTION OF THE RESCAP LIQUIDATING TRUST FOR FINAL DECREE CLOSING CERTAIN JOINTLY ADMINISTERED CHAPTER 11 CASES

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On February 10, 2015, the ResCap Liquidating Trust filed its *Motion for Final Decree Closing Certain Jointly Administered Chapter 11 Cases* (the "**Motion**").

2.      A hearing (the "**Hearing**") to consider the Motion shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004-1408, on **March 12, 2015 at 10:00 a.m.** (prevailing Eastern Time).

3.      Any objection to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **February 20, 2015 at 4:00 p.m.** (prevailing Eastern Time) upon (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, Joseph

A. Shifer); (c) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew and Meryl L. Rothchild) (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Ave., Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

4. If no objections to the Motion are timely filed and served to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

5. A copy of the Motion can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
February 10, 2015

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**Hearing Date: March 12, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: February 20, 2015 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------

**MOTION OF THE RESCAP LIQUIDATING TRUST FOR FINAL DECREE**
**CLOSING CERTAIN JOINTLY ADMINISTERED CHAPTER 11 CASES**

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

JURISDICTION AND VENUE .......................................................................................... 2

GENERAL BACKGROUND............................................................................................... 3

RELIEF REQUESTED........................................................................................................ 4

BASIS FOR RELIEF .......................................................................................................... 4

NOTICE............................................................................................................................... 9

CONCLUSION.................................................................................................................... 9

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*In re Beechknoll Nursing Homes, Inc.*,
   202 B.R. 260 (Bankr. S.D. Ohio 1996)...................................................................6

*Ericson v. IDC Servs. (In re IDC Servs.)*,
   No. 93 B 45992, 1998 U.S. Dist. LEXIS 13449 (S.D.N.Y. 1998) ..............................6

*In re Gen. Mar. Corp.*,
   No. 11-15285 (MG) (Bankr. S.D.N.Y. Sept. 23, 2013)................................................8

*In re JMP-Newcor Int'l*,
   225 B.R. 462 (Bankr. N.D. Ill. 1998) ........................................................................6

*In re Kliegel Bros. Universal Elec. Stage Lighting Co.*,
   238 B.R. 531 (Bankr. E.D.N.Y. 1999)........................................................................6

*In re Legend Parent, Inc.*,
   No. 14-10701 (RG) (Bankr. S.D.N.Y. Aug. 28, 2014)................................................8

*In re Mold Makers, Inc.*,
   124 B.R. 766 (Bankr. N.D. Ill. 1990) ........................................................................5

*In re Motors Liquidation Corp. (f/k/a In re General Motors Corp.)*,
   Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Apr. 18, 2013) ......................................8

*In re Pacor, Inc. and Pacor Material Supply Co.*,
   No. 95-294, 1995 U.S. Dist. LEXIS 8106 (E.D. Pa. June 13, 1995)............................6

*In re Pulp Finish 1 Co. (f/k/a Journal Register Co.)*,
   No. 12-13774 (SMB) (Bankr. S.D.N.Y. Nov. 18, 2013)..............................................8

*Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*,
   43 F. App'x 820, 2002 U.S. App. LEXIS 16059 (6th Cir. 2002)............................5, 6

**Statutes**

28 U.S.C. § 157(b) ........................................................................................................2

28 U.S.C. § 1334...........................................................................................................2

28 U.S.C. § 1408...........................................................................................................2

28 U.S.C. § 1409...........................................................................................................2

11 U.S.C. § 350..................................................................................................2, 4, 7

Fed.  R. Bankr. P. 1015(b) ...................................................................................3

Fed. R. Bankr. P. 3022...............................................................................2, 4, 5, 8

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), successor in interest to the debtors (the "**Debtors**") in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby files this motion (the "**Motion**") for the issuance of a final decree in substantially the form annexed hereto as **Exhibit 1** (the "**Final Decree**") closing the Chapter 11 Cases of the Debtors listed on **Annex A** to the Final Decree (the "**Closing Debtors**").[1]  In support of this Motion, the Liquidating Trust respectfully represents as follows:

## PRELIMINARY STATEMENT

1.     Since the Petition Date, these Chapter 11 Cases have consisted of the jointly administered cases of 51 Debtors.  Pursuant to the confirmed Plan, the 51 Debtors were consolidated into three Debtors Groups for purposes of receiving distributions on account of allowed claims:  (i) the ResCap Debtors, (ii) the GMACM Debtors, and (iii) the RFC Debtors.[2]  The recoveries provided for under the Plan vary based on the particular Debtor Group against which a creditor's claim is allowed. Further, duplicative claims against multiple Debtors within the same Debtor Group are consolidated. By this Motion, the Liquidating Trust, as successor to the Debtors, simply seeks to close the Chapter 11 Cases of those Debtors that were consolidated into Debtor Groups for distribution purposes under the Plan, while leaving open the Chapter 11 Cases of the lead Debtor of each Debtor Group (*i.e.*, Residential Capital, LLC, GMAC Mortgage, LLC, and Residential Funding, LLC) and Executive Trustee Services, LLC.

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Plan.

[2] In addition, claims asserted against Debtor Executive Trustee Services, LLC are entitled to different treatment. *See* Plan Art.III.D.2(e).

2.      Because creditor recoveries are dictated by Debtor Group rather than by particular Debtor, it is not necessary to keep open each of the 51 Chapter 11 Cases.  Indeed, tracking disbursement information for all 51 Debtors for purposes of calculating U.S. Trustee fees, as well as payment of U.S. Trustee fees for each of the Debtors, is an administrative burden that could be greatly reduced by closing the Chapter 11 Cases of the Closing Debtors.

3.      No creditor will be adversely impacted by closing the Chapter 11 Cases of the Closing Debtors because their claims will survive, pursuant to the Plan, against the relevant Debtor Group, and distributions will continue to be made by the Liquidating Trust or Borrower Claims Trust, as applicable, to all creditors pursuant to the terms of the Plan.  Further, none of the Closing Debtors are party to any affirmative litigation, and recoveries to creditors will not be affected by granting the relief sought herein.

## JURISDICTION AND VENUE

4.      This Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 157 and 1334 and Article XII of the Plan.  The Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A).

5.      Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.

6.      The statutory predicates for the relief requested herein are section 350 of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3022 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**GENERAL BACKGROUND**

7.      On May 14, 2012 (the "**Petition Date**"), the Debtors commenced the Chapter 11 Cases under title 11 of the Bankruptcy Code.  The Debtors' cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8.      On December 11, 2013, the Court entered an order [Docket No. 6065] (the "**Confirmation Order**") confirming the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] (the "**Plan**").

9.      On December 17, 2013 (the "**Effective Date**"), the effective date under the Plan occurred, the Plan was substantially consummated, and the Debtors emerged from chapter 11. *See Notice of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors and Occurrence of Effective Date* [Docket No. 6137].

10.     Article VI of the Plan provides for the creation of the Liquidating Trust as successor in interest to the Debtors' estates for the purpose of, among other things, resolving Disputed Claims and providing distributions to holders of Allowed Claims. In connection thereto, Article VI of the Plan provides for the transfer to the Liquidating Trust of the Available Assets, which are necessary to provide distributions to holders of Allowed Claims and to fund the responsibility of continuing to reconcile Disputed Claims against the Debtors.

11.     Article IV.F of the Plan provides for the creation and implementation of the Borrower Claims Trust for the benefit of Borrowers who filed

- 3 -

Borrower Claims to the extent such claims are ultimately allowed either through settlement with the Borrower Claims Trustee or pursuant to an Order of the Court. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying Allowed Borrower Claims." *See* Plan Art. IV.F.

12.     Article III of the Plan provides for partial consolidation of the Debtors into three Debtor Groups (the ResCap Debtors, the GMACM Debtors and the RFC Debtors) solely for the purposes of describing treatment under the Plan and making distributions under the Plan.  In addition, the Plan provided that holders of claims against ETS, a GMACM Debtor, will receive separate treatment from creditors of the other GMACM Debtors.

## RELIEF REQUESTED

13.     The Liquidating Trust seeks the issuance of a Final Decree for each of the Closing Debtors. The remaining open Chapter 11 Cases will be those of the lead Debtor of each Debtor Group (*i.e.*, ResCap, GMACM, and RFC) and ETS.

## BASIS FOR RELIEF

14.     Section 350(a) of the Bankruptcy Code provides that "[a]fter an estate is fully administered and the court has discharged the trustee, the court shall close the case."  Bankruptcy Rule 3022 further provides that "[a]fter an estate is fully administered in a chapter 11 reorganization case, the court, on its own motion or on motion of a party in interest, shall enter a final decree closing the case."

15.    The phrase "fully administered" is not defined by the Bankruptcy Code.  As one court has noted, that term could mean very different things: "[a]t one extreme, an estate could be fully administered when a Chapter 11 plan is confirmed and the estate dissolves. . . . [a]t the other extreme, an estate could be fully administered when all that is called for under a plan occurs."  *In re Mold Makers, Inc.*, 124 B.R. 766, 768 (Bankr. N.D. Ill. 1990).  Bankruptcy Rule 3022 is thus "intended to allow bankruptcy courts flexibility in determining whether an estate is fully administered." *Spierer v. Federated Dep't Stores, Inc. (In re Federated Dep't Stores, Inc.)*, 43 F. App'x 820, 822, 2002 U.S. App. LEXIS 16059, at *6-7 (6th Cir. 2002).

16.    The Advisory Committee Note to Bankruptcy Rule 3022 provides factors that a court should consider in determining whether an estate has been fully administered, including:

- whether the order confirming the plan has become final;
- whether deposits required by the plan have been distributed;
- whether the property proposed by the plan to be transferred has been transferred;
- whether the debtor or the successor of the debtor under the plan has assumed the business or the management of the property dealt with by the plan;
- whether payments under the plan have commenced; or
- whether all motions, contested matters, and adversary proceedings have been finally resolved.

1991 Advisory Comm. Note to Fed. R. Bankr. P. 3022 (the "**Advisory Committee Note**").

17.    Generally, courts weigh the factors set forth by the Advisory Committee Note in determining whether an estate has been fully administered while keeping in mind that the final decree in and of itself does not "adjudicate any rights

between the parties, and is more of an administrative step to allow the clerk's office to dispose of the fully administered case file." *In re Kliegel Bros. Universal Elec. Stage Lighting Co.*, 238 B.R. 531, 541 (Bankr. E.D.N.Y. 1999) (citing *In re Beechknoll Nursing Homes, Inc.*, 202 B.R. 260, 261 (Bankr. S.D. Ohio 1996)); *see also Ericson v. IDC Servs. (In re IDC Servs.)*, No. 93 B 45992, 1998 U.S. Dist. LEXIS 13449, at *9 (S.D.N.Y. 1998).

18.     Although courts apply the factors set forth by the Advisory Committee Note, no one factor is dispositive. *See In re Kliegel Bros.*, 238 B.R. at 541; *In re JMP-Newcor Int'l*, 225 B.R. 462, 465 (Bankr. N.D. Ill. 1998).   The Advisory Committee Note makes clear that in any event, a court should not keep a case open "only because of the possibility that the court's jurisdiction may be invoked in the future" or because payments remain to be made under the plan.   Thus, even if all of the Advisory Committee Note factors are not satisfied, a court can nevertheless determine that issuance of a final decree is warranted. *See, e.g., In re Federated Dep't Stores*, 43 F. App'x at 823, 2002 U.S. App. LEXIS at *9 (affirming issuance of final decree despite outstanding litigation of claims that could take many years to resolve); *In re Pacor, Inc. and Pacor Material Supply Co.*, No. 95-294, 1995 U.S. Dist. LEXIS 8106, at *2 (E.D. Pa. June 13, 1995) (closing case although it could take fifty years to make disbursements to claimants); *In re JMP-Newcor Int'l*, 225 B.R. at 465 (issuing final decree although adversary proceeding pending and certain disbursements remained to be made).

19.     Under Article III of the Plan, the Debtors' estates were partially consolidated into the Debtor Groups for distribution purposes.   Thus, pursuant to the Confirmation Order, all assets and liabilities of the Debtor Groups have been deemed

consolidated for the purpose of distributions under the Plan, and each of the pending Claims against any of the Debtors is deemed to be a Claim against the relevant consolidated Debtor Group.  In light of this consolidation, and because the Debtors are not requesting that the Court close the Chapter 11 Cases of ResCap, GMACM, RFC or ETS, it is not necessary to continue to administer separate cases for the Closing Debtors. In addition, the lead Debtor of each Debtor Group (*i.e.*, ResCap, GMACM, and RFC) and ETS will continue to report disbursements and pay quarterly fees on a quarterly basis. The Liquidating Trust or the Borrower Claims Trust as appropriate will make all distributions to holders of Allowed Claims against any of the Closing Debtors and resolve any Disputed Claims against the Closing Debtors.  Further, none of the Closing Debtors are party to any affirmative litigations.  Accordingly, no creditor will  be harmed by the relief sough herein, because the Liquidating Trust or Borrower Clams Trust, as applicable, will make distributions on allowed claims (or claims allowed in the future) as provided for in the Plan.

        20.     Entry of the Final Decree is thus appropriate here because the Chapter 11 Cases of the Closing Debtors have been "fully administered" within the meaning of section 350(a) of the Bankruptcy Code.  Specifically:

- the Confirmation Order is a Final Order;

- the Plan went effective on December 17, 2013;

- no payments will need to be made by the Closing Debtors on account of Allowed Claims in their cases; and

- there will be no open adversary proceedings or contested matters pending before the Court in the Closing Debtors' cases.[3]

21.    Closing the cases at issue will benefit the estates and Court by reducing the costs and burdens attendant to keeping open the cases of the Closing Debtors where no further relief will be required for the administration of the Closing Debtors' estates.

22.    Prior to filing this Motion, the Liquidating Trust provided the United States Trustee with a copy of this Motion and has been advised that the United States Trustee has no objection to the relief requested herein.

23.    To the extent any disputes arise in connection with the Plan or the Final Decree with respect to the Closing Debtors, the Liquidating Trust requests that this Court retain jurisdiction in connection with such disputes, as provided in Article XII of the Plan.

24.    Similar relief has been granted by the Court in other cases. *See In re Legend Parent, Inc.*, No. 14-10701 (RG) (Bankr. S.D.N.Y. Aug. 28, 2014) (closing cases of consolidated Debtors*); In re Pulp Finish 1 Co. (f/k/a Journal Register Co.)*, No. 12-13774 (SMB) (Bankr. S.D.N.Y. Nov. 18, 2013) (same); *In re Gen. Mar. Corp.*, No. 11-15285 (MG) (Bankr. S.D.N.Y. Sept. 23, 2013) (same); *In re Motors Liquidation Corp. (f/k/a In re General Motors Corp.)*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Apr. 18, 2013) (same).

---

[3]As of the date hereof, there is one open adversary proceeding in which all of the Debtors are plaintiffs. However, simultaneously herewith, the Liquidating Trust is filing a motion to voluntarily dismiss the open adversary proceeding, *Residential Capital, LLC, et al. v. Allstate Ins. Co., et al.*, Case No. 12-01671 (MG).

25.     A closing report (the "**Closing Report**") of the Closing Debtors is annexed hereto as **Exhibit 2** in accordance with Local Rule 3022-1 for the Southern District of New York.

### NOTICE

26.     Pursuant to the *Notice, Case Management, and Administrative Procedures* approved by the Court (the "**Case Management Order**") [Docket No. 141], notice of this Motion has been given to the parties identified on the Special Service List and General Service List (as such terms are defined in the Case Management Order). Further, although the Liquidating Trust does not believe that the relief requested herein will have a prejudicial effect on any creditor or other party in interest, out of an abundance of caution, notice of this Motion has also been given to holders of pending Claims. The Liquidating Trust submits that no other or further notice of the Motion is necessary.

### CONCLUSION

WHEREFORE, the Liquidating Trust requests the entry of the Final Decree and such other and further relief as is just and proper.

Dated:    New York, New York
          February 10, 2015

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/  Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000
*Counsel for the ResCap Liquidating Trust*

- 9 -

## EXHIBIT 1

**Final Decree**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------
                                                    )
In re:                                              )        Case No. 12-12020 (MG)
                                                    )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,            )        Chapter 11
                                                    )
                      Debtors.                      )        Jointly Administered
                                                    )
------------------------------------------------------------

**FINAL DECREE PURSUANT TO SECTION 350(A) OF**
**THE BANKRUPTCY CODE AND BANKRUPTCY RULE 3022**
**CLOSING CERTAIN OF THE DEBTORS' CHAPTER 11 CASES**

This Court having considered the motion (the "**Motion**")[1] of the ResCap

Liquidating Trust (the "**Liquidating Trust**"), successor in interest to the debtors (the "**Debtors**")

in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), for a final decree in the

Chapter 11 Cases of the Debtors listed on **Annex A** hereto (the "**Closing Debtors**") as more

fully set forth in the Motion; and the Court having subject matter jurisdiction to consider the

Motion and the relief requested therein pursuant to 28 U.S.C. § 1334 and the Amended Standing

Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern

District of New York, dated January 31, 2012 (Preska, C.J.); and the Motion being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and

no other or further notice need be provided; and the relief requested in the Motion being in the

best interests of the Debtors and their estates and creditors, and the Court having reviewed the

Motion; and the Court having determined that the legal and factual bases set forth in the Motion

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

establish just cause for the relief granted herein; and upon all of the proceedings had before the

Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is granted as provided herein.

2.      Pursuant to section 350(a) of the Bankruptcy Code and Rule 3022 of the

Bankruptcy Rules, a final decree is hereby entered in the cases of the Closing Debtors and such

cases are closed.

3.      The Liquidating Trust shall provide the Office of the United States Trustee

with an estimate of the disbursements made by the Closing Debtors from the Petition Date

through the date hereof, and the Liquidating Trust shall pay any fees owing under 28 U.S.C.

§ 1930(a)(6) in connection therewith.  The Debtors shall continue to report disbursements and

pay any fees owing under 28 U.S.C. § 1930(a)(6) on a quarterly basis for the Chapter 11 Cases

of Residential Capital, LLC, GMAC Mortgage, LLC, Residential Funding Company, LLC, and

Executive Trustee Services, LLC.

5.      This Court shall have jurisdiction with respect to issues arising in

connection with the Plan or under this Final Decree.

Dated: New York, New York
          _____, 2015


                                                   _____
                                                   UNITED STATES BANKRUPTCY JUDGE

**NO OBJECTION**:

OFFICE OF THE UNITED STATES TRUSTEE
SOUTHERN DISTRICT OF NEW YORK

By:____/s/ Brian S. Masumoto_____
          Trial Attorney

- 2 -

## Annex A

## The Closing Debtors

| Debtor Name | Case No. |
|---|---|
| ditech, LLC | 12-12021 |
| DOA Holding Properties, LLC | 12-12022 |
| DOA Properties IX (Lots-Other), LLC | 12-12023 |
| EPRE LLC | 12-12024 |
| Equity Investment I, LLC | 12-12025 |
| ETS of Virginia, Inc. | 12-12026 |
| ETS of Washington, Inc. | 12-12027 |
| GMAC Model Home Finance I, LLC | 12-12030 |
| GMAC Mortgage USA Corporation | 12-12031 |
| GMAC Residential Holding Company, LLC | 12-12033 |
| GMAC RH Settlement Services, LLC | 12-12034 |
| GMACM Borrower LLC | 12-12035 |
| GMACM REO LLC | 12-12036 |
| GMACR Mortgage Products, LLC | 12-12037 |
| GMAC-RFC Holding Company, LLC | 12-12029 |
| HFN REO Sub II, LLC | 12-12038 |
| Home Connects Lending Services, LLC | 12-12039 |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 |
| Homecomings Financial, LLC | 12-12042 |
| Ladue Associates, Inc. | 12-12043 |
| Passive Asset Transactions, LLC | 12-12044 |
| PATI A, LLC | 12-12045 |
| PATI B, LLC | 12-12046 |
| PATI Real Estate Holdings, LLC | 12-12047 |
| RAHI A, LLC | 12-12048 |
| RAHI B, LLC | 12-12049 |
| RAHI Real Estate Holdings, LLC | 12-12050 |
| RCSFJV2004, LLC | 12-12051 |
| Residential Accredit Loans, Inc. | 12-12052 |
| Residential Asset Mortgage Products, Inc. | 12-12053 |
| Residential Asset Securities Corporation | 12-12054 |
| Residential Consumer Services of Ohio, LLC | 12-12056 |
| Residential Consumer Services of Texas, LLC | 12-12057 |
| Residential Consumer Services, LLC | 12-12058 |
| Residential Funding Mortgage Exchange, LLC | 12-12059 |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 |
| Residential Services of Alabama, LLC | 12-12055 |
| RFC Asset Holdings II, LLC | 12-12065 |
| RFC Asset Management, LLC | 12-12066 |
| RFC Borrower LLC | 12-12068 |
| RFC Construction Funding, LLC | 12-12069 |
| RFC REO LLC | 12-12070 |
| RFC SFJV-2002, LLC | 12-12071 |
| RFC-GSAP Servicer Advance, LLC | 12-12064 |

## **EXHIBIT 2**

**Closing Report**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

------------------------------------------------------------

### CLOSING REPORT PURSUANT TO LOCAL
### BANKRUPTCY RULE 3022-1 FOR CERTAIN OF THE DEBTORS

To the best of my knowledge and belief, the following is a breakdown of the disbursements made in this case:[1]

FEES AND EXPENSES (from case inception):

| | |
|---|---|
| $151,867,288.01 | FEES for ATTORNEYS for DEBTORS[2] |
| $252,281,734.40 | OTHER PROFESSIONAL FEES and EXPENSES[3] |
| N/A | TRUSTEE FEE (if applicable) |
| N/A | FEE for ATTORNEY for TRUSTEE (if applicable) |

| | |
|---|---|
| N/A[4] | % DIVIDEND PAID/TO BE PAID |
| ☒ | FUTURE DIVIDENDS (check if % of future dividend under plan not yet determinable) |

STEPS TAKEN TO CONSUMMATE PLAN:
☒    Initial distribution under the plan completed.[5]
☐    Other: (explain)

---

[1] This Closing Report has been prepared for the purpose of obtaining a Final Decree in the Chapter 11 Cases of the jointly administered Debtors identified on **Annex A** hereto. Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] (the "**Plan**"). All amounts disclosed herein reflect the fees and expenses disbursed on behalf of all of the Debtors in these jointly administered Chapter 11 Cases through the Effective Date of the Plan.

[2] Includes the aggregate fees and expenses of attorneys for all of the Debtors. *See Order Granting Applications for Allowance of Interim and Final Compensation and Reimbursement of Expenses* [Docket No. 7256] and *Order Clarifying Order Approving Final Application for Fees and Expenses of Morrison Cohen LLP* [Docket No. 7263].

[3] Includes fees and expenses for all other estate professionals. *See Order Granting Applications for Allowance of Interim and Final Compensation and Reimbursement of Expenses* [Docket No. 7256].

[4] As disclosed in the *Disclosure Statement for the Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* (the "**Disclosure Statement**") [Docket No. 4819], projected recoveries to unsecured creditors are as follows: 36.3% for creditors with Allowed Unsecured Claims against the ResCap Debtors, 30.1% for creditors with Allowed Unsecured Claims against the GMACM Debtors, and 9.0% for creditors with Allowed Unsecured Claims against the RFC Debtors. Actual recoveries to unsecured creditors may vary.

Dated:  New York, New York
        February 10, 2015

                                    RESCAP LIQUIDATING TRUST

                                    By Quest Turnaround Advisors, LLC,
                                    as Liquidating Trust Manager


                                    By: /s/ Jeffrey Brodsky_____
                                    Name: Jeffrey Brodsky
                                    Title:  Member

---

[5] On or about the Effective Date, the Liquidating Trust made the distributions required under the Plan, including the distribution of Units to holders of certain Allowed Claims and the Disputed Claims Reserve.

## Annex A

## The Closing Debtors

| Debtor Name | Case No. |
|---|---|
| ditech, LLC | 12-12021 |
| DOA Holding Properties, LLC | 12-12022 |
| DOA Properties IX (Lots-Other), LLC | 12-12023 |
| EPRE LLC | 12-12024 |
| Equity Investment I, LLC | 12-12025 |
| ETS of Virginia, Inc. | 12-12026 |
| ETS of Washington, Inc. | 12-12027 |
| GMAC Model Home Finance I, LLC | 12-12030 |
| GMAC Mortgage USA Corporation | 12-12031 |
| GMAC Residential Holding Company, LLC | 12-12033 |
| GMAC RH Settlement Services, LLC | 12-12034 |
| GMACM Borrower LLC | 12-12035 |
| GMACM REO LLC | 12-12036 |
| GMACR Mortgage Products, LLC | 12-12037 |
| GMAC-RFC Holding Company, LLC | 12-12029 |
| HFN REO Sub II, LLC | 12-12038 |
| Home Connects Lending Services, LLC | 12-12039 |
| Homecomings Financial Real Estate Holdings, LLC | 12-12040 |
| Homecomings Financial, LLC | 12-12042 |
| Ladue Associates, Inc. | 12-12043 |
| Passive Asset Transactions, LLC | 12-12044 |
| PATI A, LLC | 12-12045 |
| PATI B, LLC | 12-12046 |
| PATI Real Estate Holdings, LLC | 12-12047 |
| RAHI A, LLC | 12-12048 |
| RAHI B, LLC | 12-12049 |
| RAHI Real Estate Holdings, LLC | 12-12050 |
| RCSFJV2004, LLC | 12-12051 |
| Residential Accredit Loans, Inc. | 12-12052 |
| Residential Asset Mortgage Products, Inc. | 12-12053 |
| Residential Asset Securities Corporation | 12-12054 |
| Residential Consumer Services of Ohio, LLC | 12-12056 |
| Residential Consumer Services of Texas, LLC | 12-12057 |
| Residential Consumer Services, LLC | 12-12058 |
| Residential Funding Mortgage Exchange, LLC | 12-12059 |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 |
| Residential Services of Alabama, LLC | 12-12055 |
| RFC Asset Holdings II, LLC | 12-12065 |
| RFC Asset Management, LLC | 12-12066 |
| RFC Borrower LLC | 12-12068 |
| RFC Construction Funding, LLC | 12-12069 |
| RFC REO LLC | 12-12070 |
| RFC SFJV-2002, LLC | 12-12071 |
| RFC-GSAP Servicer Advance, LLC | 12-12064 |