Pablo E. Bustos Esq., Bar No.:4122586
BUSTOS & ASSOCIATES, P.C.
225 Broadway 39th Floor
New York, NY 10007-3001
212-796-6256 Office
pbustos@bustosassociates.com
*Attorney for the Plaintiff Conrad P Burnett Jr*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK (Manhattan)**

-----------------------------------------------------------x

| | | |
|---|---|---|
| In re | : | |
| | : | |
| **Residential Capital, LLC** | : | Case No. 12-12020 (MG) |
| | : | |
| Debtor. | : | Chapter 11 |
| | : | |
| _____ | : | |
| | : | Adversary Proc. _____ |
| CONRAD P BURNETT | : | |
| | : | |
| Plaintiff, | : | **COMPLAINT FOR** |
| | : | **DECLARATORY RELIEF** |
| v. | : | |
| | : | |
| RESIDENTIAL CAPITAL, LLC a Delaware | : | |
| Limited Liability Company, owned by | : | |
| GMAC Mortgage Group, LLC, a | : | |
| Delaware Limited Liability Company, | : | |
| and DOES 1 through 100, Inclusive. | : | |
| | : | |
| Defendant. | : | |
| | : | |

-----------------------------------------------------------x

**JURISDICTION AND VENUE**

1.     This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 2202 and 1334(a). This adversary proceeding is a non-core matter pursuant to 28 U.S.C. § 157(b)(2) (4) and Plaintiff consents to the entry of a final order or judgment by the Bankruptcy Court.

2.     Venue is proper in the United States Bankruptcy Court for the Southern District of New York pursuant to 28 U.S.C. § 1452 in that this adversary proceeding is related to In re Residential Capital, LLC., Bk. No. 12-12020.

3.     This court has jurisdiction pursuant under Bankruptcy Rule 7001.

for inspection.

4.     This court has subject-matter jurisdiction over this action because it is a declaratory relief action and the matter in controversy is within the jurisdictional amount of this court.

**NATURE OF THE DISPUTE**

5.     Plaintiff requests that this court determine the rights and duties of Plaintiff and Defendants/Debtor under the Making Homes Affordable Act (hereinafter "HAMP".) More specifically the Basic Program Guidelines; Debt to Income Ratio; Calculation of Maximum Partial Claim Amount under FHA-HAMP; Requirements to use FHA-HAMP; Mortgagee Incentives; Partial Claim Filing and Document Delivery; Monitoring; Remittance; and Information Collection Requirement along with the Plaintiffs rights under an Act and the intangible right to honest services.

6.     Declaratory relief is proper regarding the subject matter of this action because Plaintiff is in doubt about the existence or nonexistence of a right, power or privilege and

is entitled to have the doubt removed because a justiciable controversy exists, as is more specifically set out below.

7. There is a controversy about particular right or status at issue Plaintiff's rights and duties under the HAMP program and whether Plaintiff is entitled to demand certain items of performance from Defendants under the HAMP.

8. Plaintiff was an owner of real property that was foreclosed for being in default, in addition, to being a homeowner who was entitled to a loan review and the opportunity to participate in a Trial Plan Payments (hereinafter, "TPP") under the Making Homes Affordable Act 2009, or otherwise classified under the "Helping Families Save Their Home Act of 2009", among other things.

9. On or about July 30, 2009 the U.S. Department of Housing and Urban Development released a Mortgagee Letter 09-23(HUDML), 2009 WL3348117 to which Joint Debtor was notified of.

10. On the same day mentioned above GMAC Mortgage, LLC, (hereinafter, "Joint-Debtor") sent Plaintiff a letter stating "We have been unsuccessful in our attempts to reach you to discuss possible workout options." Attached and marked as Exhibit "1" and incorporated as reference. The contents of such correspondence do not provide the forms requested in the evidence. Regardless to what the letter states, there was no single point of contact for Plaintiff to reply. Shortly thereafter the Joint Debtor sold the loan and then foreclosure ensued.

11. Defendant is a Bankruptcy Estate and holder of a certain pool of mortgages, which includes Plaintiffs former property which was managed by a Loan Servicer Specialized Inc. of Virginia. Apparently, Specialized Inc. was employed by Joint-Debtor", additionally; there were other parties involved to which Plaintiff is

unascertained and therefore, sues these parties and DOES 1 through 100. Plaintiff will amend the Complaint when certain as to those unknown parties.

12.     Joint Debtor initiated foreclosed on Plaintiffs property sometime in October 2009. Regardless for the fact, HAMP was in its infancy stages, the Troubled Asset Relief Program (hereinafter "TARP") which was later discontinued in March 2010 after HAMP was fully operational would have still been available to Plaintiff.

13.     At no time relevant did the Defendant or Joint Debtor offer Plaintiff a reasonable TPP. In fact, Plaintiff hired several services to help assist with the application for a loan modification and communicate with Joint-Debtor; however, all attempts were unsuccessful.

14.     Defendants did not at any time relevant solicit HAMP to Plaintiff; or a TPP. Plaintiff at all times relevant to this complaint fully cooperated with Defendants subsidiaries along with Joint Debtor to avoid foreclosure. Moreover, the Defendant and Joint Debtor in concert along with its agents, assigns, trustees; and attorneys foreclosed on Plaintiffs loan in December of 2010 and took possession of the real property in Clarke County Virginia. Defendants violated the Act by foreclosing on Plaintiff while he was purportedly to be under review according to the evidence in the marked exhibits.

15.     The Plaintiff can show that he actually and personally suffered injury and harm "in fact" that Plaintiffs lost his business because of losing his home, in addition, to lost wages, relocation expenses and legal fees and costs, Plaintiff has a child with special needs and the abrupt upheaval and removal by the County Sherriff resulted in substantial emotional distress and trauma to the child requiring more time and attention and lost financial opportunity's. Moreover, Plaintiff alleges that if the Defendants had exercised caution when reviewing his loan he would have never lost his business and primary

4

residence which was in close proximity to his job sites, during the winter months when travel is restricted due to weather conditions. As a result of a causal connection nexus the Defendants exploited and conspired against Plaintiff and took advantage of its control over the business relationship with self-serving motive for profit and disregard for struggling families with genuine hardship.

16. Plaintiff alleges that his injury and the harm suffered are fairly traceable to the Defendants and its subsidiaries; actions and inaction.

17. Plaintiff alleges that the injury and harm suffered be capable of redress by this court.

18. Defendant and Joint Debtor aver that it properly met the requirements of 24 C.F.R. §203.355 because it alleges that Plaintiff failed to fulfil the requirements to be eligible for the loan modification, however, Joint Debtor failed to solicit the loan modification or other loss mitigation options. Joint Debtor and Defendant alike did not offer Plaintiff any retention options. Furthermore, Defendant and Joint Debtor were aware of these opportunities for Plaintiff as noted in "Mortgagee Letter 2008-21, 2003-19, 2002-17, and 2000-05."

## **DECLARATION SOUGHT**

19. A controversy has arisen and at present exists between Plaintiff and Defendants concerning their respective rights and duties regarding, privilege, and right. Plaintiff contends that there exists a contention concerning questionable guidelines under the terms of HAMP, Defendant and Joint Debtor are responsible for the care and maintenance and implementation of the HAMP program for its agents, trustees, and subsidiaries, moreover, Plaintiff demonstrates that defendant has interest adverse and antagonistic to plaintiff's, in that Defendant is responsible for the maintenance,

5

delegation, and training of the HAMP program, or to relay administrative updates to its agents and affiliates which service loans under its pooling and servicing agreement. At the same time, an integral part of HAMP is loss mitigation which is one of the functions and its use originates in the HAMP, only after disqualification of TPP. However, the Defendant contends that Plaintiff is at fault, as the party who is responsible for the failure to participate in HAMP or communicate with Joint Debtor regarding retention options.

20.  A judicial declaration of Plaintiff and Defendant's rights and duties under the HAMP Program is necessary and appropriate at this time for the reasons stated above, and to prevent future controversies between the parties arising out of any ambiguities in the maintenance provisions and operation and implementation of the HAMP program.

21.  As a proximate result of Defendant's refusal to offer Plaintiff the HAMP program, Plaintiff is damages were so significant that Plaintiff cannot ascertan an exact figure on the loss incurred caused by Defendant and Joint Debtor as described above.

22.  Plaintiff, Conrad P Burnett Jr has retained the firm of Bustos & Associates to represent Plaintiff in this action and has agreed to pay the firm reasonable attorneys' fees in this action. Plaintiff is entitled to recover the attorneys' fees because the contract states that entitles Plaintiff to award of attorneys' fees.

**PROPRIETY OF DECLARATION**

23.  A valid case or controversy exists sufficient for this court to declare the rights and remedies of the parties in that Plaintiff establishes the case and controversy requirement, there are and will continue to be a substantial number of people in the future who desire review of their loans that are in default. The plaintiff cannot afford to assist others damaged by Defendant and its Joint Debtor. The defendant has stated a clear intention to deprive these borrowers of their rights under HAMP.

24.     The plaintiff has the requisite standing to request this declaration in that the Supreme Court of the United States has interpreted the Case and Controversy Clause of Article III of the United States Constitution (found in Article III, Section 2, Clause 1) as embodying two distinct limitations on exercise of the "judicial review."

25.     Plaintiff alleges upon information and belief that Virginia Courts have determined that "the borrower is protected by the promise of a permanent modification in the borrower complies with the perquisites, pursuant to the TPP contract." *Nash v. Green Tree Servicing, LLC*, F. Supp. 2d, 2013 WL 1867357, at *7 (E.D. Va. May 2, 2013) and that the TPP agreements can be enforceable contracts in Fourth Circuit, Defendants and Joint-Debtor did not offer a TPP to Plaintiff while he was in default an could assert a claim for modification requests made while under default. **See,** *Piotrowski v. Wells Fargo Bank, N.A.*, WL 247549, at *7-9 (D. Md. Jan 22, 2013)

26.     This controversy is ripe for determination at this time because, although no actual loss mitigation services were offered to Plaintiff by Defendants or neither denied by Plaintiff, past history indicates both that the disputed modification is likely to be sought by others in the near future, and the defendants have announced, in advance, the position it intends to take with respect to any request for reimbursement for damages to its failed mortgage services and by its Joint Debtors while operating under HAMP. The nature of the services in question means that, for there to be any effective relief, the court must act prior to the Defendants request for objection; and, or confirmation of its Chapter 11 Plan, since there is only a window of a few months' time in which meaningful court relief can be granted.

## REQUEST FOR RELIEF

For the reasons set forth above, plaintiff demands that:

A.     This court render a declaratory judgment providing that HAMP is enforceable to the extent that it conflicts with the federal and state statutes and that, pursuant to those statutes, the defendant must compensate Plaintiff for failing to give fair opportunity and participation to HAMP, in addition; failure to timely offer additional retention options to avoid non-judicial foreclosure. Additionally, that Plaintiff is compensated for the loss of his home and business and the adverse effects to the well-being of a child. That Plaintiff be made whole again.

B.     Plaintiff receives its costs of suit including reasonable attorney's fees;

C.     Any other monetary relief warranted by complaint; and

D.     This court grant plaintiff any and all other relief to which he may be justly entitled.

Date: 2/11/2015                                           Respectfully Submitted,

                                                          ___/s/  Pablo E. Bustos_____

                                                          Pablo E. Bustos, Esq.
                                                          *Attorney for the Plaintiff*

## VERIFICATION

I, Pablo E Bustos, Esq., am the Attorney for the Plaintiff in the above-entitled action. I have read the foregoing and know the contents thereof. The same is true of my own knowledge, except as to those matters which are therein alleged on information and belief, and as to those matters, I believe it to be true.

I declare under penalty of perjury that the foregoing is true and correct and that this declaration was executed at Manhattan, New York.

Date: 2/11/2015                                                        Respectfully Submitted,

                                                                       __/s/  Pablo E. Bustos_____

                                                                       Pablo E. Bustos, Esq.
                                                                       *Attorney for the Plaintiff*

9