**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER SUSTAINING RESCAP BORROWER CLAIMS TRUST'S SEVENTY-FIFTH OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS) AS IT RELATES TO CLAIM NO. 4445 FILED BY ALAN MOSS**

Upon the seventy-fifth omnibus objection to claims, dated September 17, 2014 [Docket No. 7552] (the "<u>Objection</u>")[1] and the Supplemental Objection and Reply in Support of the Objection, dated December 19, 2014 [Docket No. 7904] (the "<u>Supplemental Objection</u>"), of the ResCap Borrower Claims Trust (the "<u>Trust</u>"), established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors for Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "<u>Procedures Order</u>"), disallowing and expunging proof of claim no. 4445 (the "<u>Claim</u>"), all as more fully described in the Objection and Supplemental Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and Supplemental Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

1409; and due and proper notice of the Objection and Supplemental Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the *Declaration of Deanna Horst in Support of the ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* annexed thereto as Exhibit 2; and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)*, annexed thereto as Exhibit 3; and upon consideration of the Supplemental Objection and the *Supplemental Declaration of Deanna Horst in Support of the Rescap Borrower Claims Trust's Seventy Fifth Omnibus Objection to Claims (No-Liability Borrower Claims) Solely as to Claim No. 4445 Filed by Alan Moss*, annexed thereto as Exhibit 1 and any responses thereto; and a hearing having been held to consider the Objection and Supplemental Objection on February 11, 2015; and for reasons set forth on the record at the hearing, the Court having found and determined that the relief sought in the Objection and Supplemental Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection and Supplemental Objection establish just cause for the relief granted herein; and the Court having determined that the Objection and Supplemental Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection and Supplemental Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claim is disallowed and expunged without prejudice; and it is further

ORDERED that notwithstanding the disallowance of the Claim, Mr. Moss has leave to file an amended claim (the "Amended Claim") within thirty (30) days of the date of this order; and it is further

ORDERED that upon the filing of such amended claim, the Trust will have thirty (30) days to file an objection to the Amended Claim; and it is further

ORDERED that upon the filing of a renewed objection, Mr. Moss and the Trust will confer to determine a briefing schedule and hearing date for the resolution of the renewed objection; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: February 13, 2015
      New York, New York

                                                 /s/Martin Glenn
                                              MARTIN GLENN
                                     United States Bankruptcy Judge