UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |
| OCWEN LOAN SERVICING, LLC | |
| Plaintiff, | |
| vs. | |
| RESCAP LIQUIDATING TRUST, | Adv. Pro. No. 14-02388 (MG) |
| Defendant. | |

### JOINT STATEMENT OF STIPULATED AND UNDISPUTED FACTS

Plaintiff/Claimant Ocwen Loan Servicing, LLC ("Ocwen") and Defendant ResCap Liquidating Trust (the "Trust") submit this Joint Statement of Stipulated and Undisputed Facts pursuant to the Order of this Court, dated December 22, 2014 (ECF#6). The parties stipulate to the following facts, and agree to the authenticity of the documents annexed hereto as exhibits, solely for the purposes of their respective cross-motions for summary judgment, which are intended by the parties to resolve certain aspects of Ocwen's Administrative Claims (as such term is defined in the Plan, defined below) filed in the main bankruptcy action, Case No. 12-12020 (Dkts. 6296 & 6297) and the claims asserted in the above-captioned adversary proceeding. The parties' stipulation as to the following facts and documents annexed hereto does not constitute an admission by either party that any particular fact or document is material or relevant for purposes of the Court's adjudication of the respective cross-motions or would be admissible at any trial of the adversary proceeding.

I. **ResCap Bankruptcy & Plan**

1. Residential Capital LLC and its affiliated Debtors ("ResCap" or the "Debtors") filed for chapter 11 protection on May 14, 2012 (the "Petition Date").

2. The Debtors and the Official Committee of Unsecured Creditors filed the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] (the "Plan"), which was confirmed by the Court on December 11, 2013 [Docket No. 6065] (the "Confirmation Order"). By its terms, the Plan became effective on December 17, 2013 and on that date, among other things, the Trust was established [Docket No. 6137].

3. The Plan provided for the treatment of certain types of claims, including Administrative Claims, and set January 16, 2014 as the bar date by which Administrative Claims were required to be asserted against the estates (*see* Plan, Art.V.A.1). Counterparties to contracts and leases entered into after the Petition Date by a Debtor were required to file proof of any postpetition claims, and assert such Administrative Claim by the applicable bar date or else waive and release the claim against the Debtors (*see* Plan, Art.V.L.3).

4. Paragraph 31 of the Confirmation Order states, in pertinent part:

> Notwithstanding anything to the contrary in the Plan, on the Effective Date, the Ocwen APA . . . shall vest in the Liquidating Trust in accordance with the Plan and the Ocwen Sale Order. The Liquidating Trust shall assume and perform any and all rights, benefits, duties and obligations of the Debtors under the Ocwen APA and the Ocwen Sale Order in accordance with their terms, and such rights, benefits, duties and obligations shall not be deemed to have been released or discharged by the occurrence of the Effective Date, by any provisions of the Plan (including, but not limited to, the provisions of Article IX of the Plan), or otherwise. Nothing in the Plan Documents or this Confirmation Order shall, or shall be deemed or construed to, alter, change, modify or amend the terms and provisions of the Ocwen APA and Ocwen's, the Debtors', and the Liquidating Trust's rights, as applicable, thereunder, which rights shall continue in full force and effect and be enforceable following the Effective Date in accordance with the terms thereof. For the avoidance of doubt, Ocwen shall not be required to file an Administrative Claim to preserve its rights or Claims arising after the Effective Date from or related to the Ocwen APA

2

## II. Platform and Mortgage Servicing Sale to Ocwen

5. Following a competitive bidding process supervised by the Court, and pursuant to an Asset Purchase Agreement, dated November 2, 2012 and approved by the Court (the "APA"), Ocwen purchased ResCap's mortgage loan servicing platform and certain Mortgage Servicing[1] rights, and took assignment of numerous related contracts, including Agency Contracts and Servicing Agreements under which ResCap previously acted as primary or master servicer for investors, including under thousands of private label securitization trusts.

6. Under the APA, Ocwen acquired substantially all of ResCap's loan servicing operations, including but not limited to ResCap's Books and Records related to the Business it acquired.

7. Under the APA, ResCap transferred to Ocwen an "active" servicing platform, including Servicing Agreements assumed and assigned, under which Mortgage Servicing customers would be serviced by Ocwen upon the completion of the purchase and related asset transfers.

8. The APA and agreements executed in accordance therewith provided for the transfer of various contracts, and assets, including but not limited to the Servicing Files that are the subject of the parties' dispute, to Ocwen in accordance with the terms of such agreements. As a result of the sale, certain employees, infrastructure, and resources that ResCap needed to carry on the Business were transferred to Ocwen, all as set forth in more detail in the APA.

9. In connection with the sale, the parties negotiated the mechanics for the transfer of the various assets and the provision of certain services and resources to each other for a period of time following the closing of the sale.

---

[1] Capitalized terms used but not defined herein have the meanings given to them in the APA.

3

10. Ocwen and ResCap entered into several agreements ancillary to the APA, including a Servicing Transfer Agreement, dated February 15, 2013 (the "STA") and a Transition Services Agreement dated February 15, 2003 (the "TSA"). The TSA incorporates several "Statements of Work" or "SOWs."

### III. Relevant Agreements

11. The APA is the primary agreement by which the servicing platform and Mortgage Servicing sale from ResCap to Ocwen was consummated on February 15, 2013. A true and complete copy of the APA is annexed hereto as Exhibit A.

12. The STA describes how certain aspects of the transfer of the Mortgage Servicing to Ocwen would occur. A true and complete copy of the STA is annexed hereto as Exhibit B. The underlined portion of the following clause in Section 3.04 of the STA was added to the STA on February 6, 2013, in a draft sent from counsel to ResCap to counsel for Ocwen:

> To the extent such Servicing Loan Files are physically located with a vendor utilized by both Sellers and Purchaser, transfer of possession of the Servicing Loan Files will be effected by the vendor reflecting its possession of such files for the account of Purchaser on its records

13. The TSA sets forth various services that Ocwen and ResCap would provide to each other for a period of time after consummation of the APA. A true and complete copy of the TSA is annexed hereto as Exhibit C.

14. The parties also entered into a "Statement of Work for Records Management Services" (the "O-E RM SOW"). A true and complete copy of the O-E RM SOW is annexed hereto as Exhibit D.

### IV. Dispute Regarding Storage and Delivery of Servicing Files

15. Prior to consummation of the APA, ResCap had custody of the Servicing Files and stored them at vendor warehouses, its own facilities, and electronically.

4

16. The majority of the hard copy Servicing Files acquired by Ocwen pursuant to the APA were stored with document storage vendors Iron Mountain and Kenwood (the "Vendors"). When the APA was consummated, some of the Servicing Files acquired by Ocwen pursuant to the APA were, and remain today, stored together with and among servicing files retained by ResCap.

17. At the time of the sale, both Ocwen and ResCap utilized Iron Mountain as a document storage vendor.

18. In conjunction with the sale, Ocwen assumed ResCap's contract with Kenwood.

19. Since in or about February 2013, when the APA was consummated, ResCap has sent Ocwen monthly invoices in the approximate amount of $110,234, reflecting and seeking reimbursement for Iron Mountain's charges for storage of the Servicing Files acquired by Ocwen. From February 2013 through August 2013, Ocwen paid such invoices. From September 2013 through the present (except for November 2013), Ocwen has not paid any of ResCap's invoices seeking reimbursement of Iron Mountain's charges for storage of the Servicing Files.

20. On August 12, 2013, Iron Mountain issued a Statement of Work (the "Iron Mountain SOW"), a true and complete copy of which is annexed hereto as Exhibit E.

21. On or about September 18, 2013, Iron Mountain told Ocwen by e-mail that ResCap had "formally requested" that Iron Mountain immediately stop any work on being performed under the Iron Mountain SOW. A copy of Iron Mountain's September 18, 2013 e-mail to Ocwen is annexed hereto as Exhibit F.

22. In September and October 2013, Ocwen and ResCap exchanged correspondence related to their dispute regarding segregation and delivery of the Servicing Files. True and complete copies of the parties' correspondence are collected and annexed hereto as Exhibit G.

Dated: New York, New York
February 13, 2015

HUNTON & WILLIAMS LLP

_____
Patrick L. Robson
200 Park Avenue, 52nd Floor
New York, N.Y. 10166-0136
(212) 309-1000

*Attorneys for Ocwen Loan Servicing, LLC
in the Adversary Proceeding*

CLIFFORD CHANCE US LLP

_____
Jennifer C. DeMarco
31 West 52 Street
New York, NY 10019

*Attorneys for Ocwen Loan Servicing, LLC
in the Main Bankruptcy Proceeding*

MORRISON & FOERSTER LLP

_____
Jamie A. Levitt
Todd M. Goren
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to ResCap Liquidating Trust*

6

## CERTIFICATE OF SERVICE

I hereby certify that on February 13, 2015, I served the foregoing on all counsel of record registered with the Court's ECF system, by electronic service via the Court's ECF transmission facilities and by First Class Mail upon counsel for Rescap Liquidating Trust at the address listed below.

By: */s/Joseph J. Saltarelli*
Joseph J. Saltarelli

TO:   Jamie A. Levitt, Esq.
Todd M. Goren, Esq.
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019