Pg 1 of 10


MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:     (212) 468-8000
Facsimile:     (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP LIQUIDATING TRUST'S OBJECTION TO AMENDED**
**MOTION FOR RELIEF OF AUTOMATIC STAY REGARDING**
**"RFC" AND "HOMECOMINGS FINANCIAL" TO PURSUE DISCOVERY**

The ResCap Liquidating Trust (the "**Liquidating Trust**"), established pursuant to the terms of the chapter 11 plan, as amended (the "**Plan**") confirmed in the above-captioned bankruptcy cases (the "**Chapter 11 Cases**") [Docket No. 6065-1], as successor in interest to the above-captioned debtors (collectively, the "**Debtors**"), as set forth in the Plan, hereby submits this objection (the "**Objection**") to the *Amended Motion for Relief of Automatic Stay Regarding "RFC" and "Homecomings Financial" to Pursue Discovery* [Docket No. 7785] (the "**Motion**") filed by Ronald Gillis (the "**Movant**").[1]  In support hereof, the Liquidating Trust respectfully states as follows:

---

[1] Although the Motion is captioned a motion for relief from the stay to pursue discovery, the discovery sought appears to be only the first step in Movant's pursuit of prepetition claims against the Debtors which, as described further below, are barred by the Plan.

1

## PRELIMINARY STATEMENT[2]

1. Movant seeks relief from the automatic stay to pursue a lawsuit against Debtors Homecomings and RFC in the Middle District of Florida, which Movant originally initiated by filing a notice of removal (which the federal district court characterized as a new complaint) of a state court Foreclosure Action in which he was a defendant. The lawsuit and this relief from stay motion are the latest efforts by Movant to delay a pending Foreclosure Action (presently being pursued by non-debtor entities) after his two prior appeals and two prior dismissed bankruptcy cases proved ineffective. More importantly, however, the proofs of claim filed by Movant have long been disallowed by the Court. Relief from the automatic stay to pursue discovery in the Federal Action – or continuation of the Federal Action at all – would be futile. Consequently, the Motion should be denied.

## BACKGROUND

### I. GENERAL BACKGROUND

2. On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"). These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

3. On May 16, 2012, this Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

---

[2] Capitalized terms used in this Preliminary Statement shall have the meanings ascribed to such terms below.

ny-1167491

4. On March 21, 2013, this Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "**Procedures Order**"). The Procedures Order includes specific protections for Borrowers[3] and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims (the "**Borrower Claim Procedures**").

5. On December 11, 2013, the Court entered the Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors [Docket No. 6065] (the "**Confirmation Order**") approving the terms of Plan. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [See Docket No. 6137]. The Debtors provided Claimant with notice of the confirmation hearing on August 29, 2013 and a notice of entry of the Confirmation Order and the Effective Date thereof on December 24, 2013. See Docket No. 5196, Exhibit G, at 15; Docket No. 6187, Exhibit E at 3473.

6. The Plan provides for the creation and implementation of the ResCap Borrower Claims Trust (the "**Borrower Trust**"), as of the Effective Date, for the benefit of Borrowers who filed claims to the extent such claims are ultimately allowed either through settlement or pursuant to an Order of the Court. See Plan, Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims." See id.

---

[3] As used herein, the terms "**Borrower**" and "**Borrower Claims**" have the meanings ascribed to them in the Plan.

7. The Plan also contains a bar to the enforcement of any and all claims arising prior to the entry of the Confirmation Order against the Debtors and the Liquidating Trust. Pursuant to the Plan:

> The rights afforded herein and the treatment of all Claims and Equity Interests herein shall be in exchange for and in complete satisfaction and release of all Claims of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtors, the Liquidating Trust, or any of their respective assets or properties arising prior to the Effective Date. Except as otherwise expressly specified in the Plan, after the Effective Date, any holder of such Claim or Equity Interest shall be precluded from asserting against the Debtors, the Liquidating Trust, or any of their respective assets or properties, any other or further Claim based on any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the entry of the Confirmation Order.

See Plan IX.K.

## II.    MOVANT'S LAWSUIT AGAINST HOMECOMINGS AND RFC

8. On January 16, 2008, Deutsche Bank Trust Company Americas, as trustee, filed a foreclosure action against Movant in the Circuit Court of the Twentieth Judicial Circuit in and for Charlotte County, Florida (the "**State Court**"), Case No. 08-252C (the "**Foreclosure Action**").[4] Movant repeatedly refused to provide permissible discovery in the Foreclosure Action in direct contravention of the State Court's directives. On October 6, 2010, the State Court entered an order sanctioning Movant for his repeated abuses by striking Movant's pleadings and entering a judicial default against Movant.[5] As a result, the only remaining matters in the Foreclosure Action included a trial regarding the calculation of damages and entry of judgment against the other defendants in that action.

---

[4] A copy of the docket report for the Foreclosure Action is attached hereto as Exhibit 1.
[5] A copy of the State Court's October 6, 2010 Order is attached hereto as Exhibit 2.

4

ny-1167491

9. Movant subsequently filed two appeals[6] and two bankruptcy cases[7] in an effort to delay the trial. In each case, the appeals were denied and the bankruptcy cases were dismissed.[8]

10. On July 29, 2014, Movant purported to remove the Foreclosure Action to the United States District Court for the Middle District of Florida (the "**District Court**"), Case No. 14-00418 (the "**Federal Action**").[9] By order dated September 25, 2014, the District Court concluded that the Federal Action was not a removal case, but rather a new lawsuit naming several defendants, including GMAC-RFC Master Servicing and Homecomings Financial. Consequently, the District Court denied as moot Movant's request to transfer the case file from the Foreclosure Action to the Federal Action.[10]

11. On September 26, 2014, Debtors Homecomings Financial, LLC ("**Homecomings**") and Residential Funding Company, LLC ("**RFC**") filed their Notice of Bankruptcy Status with the District Court, notifying the District Court of the existence of the Chapter 11 Cases, this Court's entry of the Confirmation Order and the terms thereof, and the occurrence of the Effective Date. While the Debtors' original Notice of Bankruptcy indicated that Movant had failed to file a proof of claim in the Chapter 11 Cases, this inadvertent mistake was corrected in a Bankruptcy Status Update filed on October 20, 2014.[11]

---

[6] The appeals to the Florida Second District Court of Appeals were give Case Numbers 2D10-4757 and 2D13-4181. Copies of the docket reports for each of the appeals are attached hereto as Exhibits 3 and 4, respectively.
[7] Movant filed chapter 13 cases on December 2, 2013 (Bankr. M.D. Fla. Case No. 13-15823) and March 28, 2014 (Bankr. M.D. Fla. Case No. 14-03449). Copies of the docket report for Movant's bankruptcy cases are attached hereto as Exhibits 5 and 6, respectively. The bankruptcy cases were dismissed by orders dated January 17, 2014 and April 30, 2014, respectively.
[8] See Exhibits 3-6.
[9] A copy of the Docket Report for the Federal Action is attached hereto as Exhibit 7.
[10] A copy of the District Court's September 25, 2014 order is attached hereto as Exhibit 8.
[11] Copies of the Debtors' September 26, 2014 Notice of Bankruptcy and October 20, 2014 Bankruptcy Status Update are attached hereto as Exhibits 9 and 10, respectively.

5

ny-1167491

12. To date, no trial has occurred in the Foreclosure Action and the Federal Action remains stayed as to Homecomings and RFC.

### III. DISALLOWANCE AND EXPUNGEMENT OF MOVANT'S CLAIMS

13. On August 31, 2012, Movant filed proof of claim number 444 ("**Claim 444**") asserting a general unsecured claim against Debtor Residential Capital, LLC ("**ResCap**") in the amount $209,859.68. On October 1, 2012, Movant file a second proof of claim, number 913 ("**Claim 913**"), asserting an identical $209,859.68 general unsecured claim against ResCap.

14. On June 7, 2013, the Debtors filed their *Seventh Omnibus Objection to Claims (Amended and Superseded Borrower Claims)* [Docket No. 3926] (the "**Seventh Omnibus Objection**"). The Seventh Omnibus Objection sought to disallow and expunge Claim 444, which had been superseded by Claim 913. Seventh Omnibus Objection at ¶¶ 15-21, Exhibit A to proposed order at 4. Movant was served with the Seventh Omnibus Objection (including a customized form of notice specifically identifying Movant's name) at the address identified on Claim 444 and Claim 913 on or about June 10, 2013. See Docket No. 3991, Ex. F at 1.

15. On June 27, 2013, Movant filed his *Objection to Attempt to Expunge Claim* [Docket No. 4114]. Thereafter, on July 12, 2013, Movant filed his *Notice of Withdraw [sic] of "Objection to Attempt to Expunge Claim"* [Docket No. 4235] (the "**Withdrawal Notice**"). In the Withdrawal Notice, Movant indicated that he had spoken with SilvermanAcampora, Special Borrower Counsel to the Official Committee of Unsecured Creditors, and understood that the Seventh Omnibus Objection requested disallowance and expungement solely of Claim 444 and not Claim 913. On that basis, Movant withdrew his objection to the Seventh Omnibus Objection as to Claim 444, but indicated that he "underst[ood] that the Debtors retain the right to object to the surviving claim [Claim 913] on any basis . . . ." Withdrawal Notice at 1.

6

ny-1167491

16. On July 15, 2013, the Court entered an order disallowing Claim 444 [see Docket No. 4238, Ex. A at 4], and Claim 444 was expunged from the Claims Register. Movant was served with the Court's order disallowing his claim on or about July 15, 2013. See Docket No. 4288, Ex. H at 1.

17. On February 7, 2014, approximately seven months after the Court disallowed Claim 444, the Borrower Trust filed the *Fifty-Ninth Omnibus Objection to Claims (Insufficient Documentation Borrower Claims)* [Docket No. 6448] (the "**Fifty-Ninth Omnibus Objection**") seeking to disallow and expunge, among other claims, Claim 913 because it lacked sufficient documentation to substantiate the claim asserted and was unsupported by the Debtors' books and records. Movant was served with the Fifty-Ninth Omnibus Objection (including a customized form of notice specifically identifying Movant's name) on or about February 7, 2014 at the address identified on Claim 913 – the same address at which Movant was served with the Seventh Omnibus Objection and the Court's order granting the Seventh Omnibus Objection with respect to Claim 444. See Docket No. 6466, Ex. E at 1.

18. Movant did not respond to the Fifty-Ninth Omnibus Objection and, on March 28, 2014, the Court entered an order disallowing Claim 913. See Docket No. 6719, Ex. A at 3. Movant was served with the Court's order granting the Fifty-Ninth Omnibus Objection with respect to Claim 913 on or about March 28, 2014. See Docket No. 6749, Ex. D at 1. No further action was taken by the Movant with regard to Claim 913 until now.

19. On June 21, 2013, the Debtors sent Movant a letter requesting additional support for Claim 913 in accordance with the Procedures Order. Although he subsequently responded to the Debtors' objection to Claim 444, Movant did not provide any additional information in connection with the Debtors' request for additional documentation.

7

**IV.    THE MOTION**

20.    Movant filed the Motion on November 20, 2014, approximately eight months after Movant's last proof of claim was disallowed by the Court.  Movant also requested a waiver of the filing fee with respect to the Motion.  See Docket No. 7786.

**OBJECTION**

**I.    THE MOTION SHOULD BE DENIED BECAUSE MOVANT'S CLAIMS HAVE PREVIOUSLY BEEN DISALLOWED AND EXPUNGED**

21.    By the Motion, Movant seeks relief from the automatic stay, apparently in order to permit him to pursue discovery from one or more of the Debtors in the Action in furtherance of alleged claims against the Debtors.  See Motion at 4.  The Liquidating Trust objects to the Motion because both of Movant's proofs of claim have long been disallowed and expunged.  Additionally, the claims bar date in this case occurred on November 16, 2012, and Claimant cannot file any further claims.  Moreover, the Plan expressly precludes any entity from asserting, on or after the Effective Date, any claims arising prior to the confirmation of the Plan.  See Plan IX.K.  In sum, Movant is now forever barred from asserting any claim that accrued prior to the December 11, 2013 confirmation of the Plan.  Consequently, granting Movant relief from the automatic stay to pursue his claims in the action would be futile, because Movant would not be entitled to assert against the Debtors any money judgment arising from the Action.

22.    Movant alleges that the claims asserted in the Action were not "release[d]" and the Debtors are not "protect[ed]" from these claims because "issues of fraud are involved." See Motion at 2-3 and cases cited therein.  The cases cited by Movant do not support his contention, however.  Instead, each of the cases involves the application of section 523(a) of the Bankruptcy Code, which applies only to individual debtors.  11 U.S.C. § 523(a) ("A discharge under section 727, 1141, 1228 (a), 1228 (b), or 1328 (b) of this title does not discharge an

8

ny-1167491

*individual* debtor from any debt . . . ." (emphasis added)); accord Grogan v. Garner, 498 U.S. 279, 280 (1991) ("Section 523(a) of the Bankruptcy Code provides that a discharge in bankruptcy shall not discharge an *individual* debtor from certain kinds of obligations . . . ." (emphasis added)); United States v. Spicer, 57 F.3d 1152, 1153 (D.C. Cir. 1995) (addressing dischargeability of an individual's debt under Bankruptcy Code section 523(a)); Feezor v. Davis (In re Davis), No. 95-56230, 1996 U.S. App. LEXIS 39983, at *1 (9th Cir. Dec. 16, 1996) (same). "[I]n this circuit, it is well settled that § 523 does not apply to corporate debtors." Mohammed v. Great Atl. & Pac. Tea Co., No. 13 CIV. 2248, 2014 WL 4058708, at *4 (S.D.N.Y. Aug. 15, 2014) (citing In re Auto. Planning of Bridgeport, Inc., 202 B.R. 540, 542 (Bankr. D. Conn. 1996); In re MF Global Holdings Ltd., No. 11–15059 (MG), 2012 WL 734175, at *3 (S.D.N.Y. Mar. 6, 2012)).

        23.      Both of the timely proofs of claim filed by Movant, Claim 444 and Claim 913, have been disallowed and expunged and Claimant may no longer pursue claims arising prior to the confirmation of the Plan. Because Bankruptcy Code section 523(a) does not apply in these Chapter 11 Cases, as well as the fact that there is an injunction in place prohibiting Movant from prosecuting such claims, Movant may no longer assert any monetary claims against the Debtors or their successors in interest under the Plan. As a result, relief from stay to litigate those claims would be futile and the Motion should be denied.

ny-1167491

WHEREFORE, the Liquidating Trust respectfully submits that for the foregoing reasons, the Motion should be denied.

| | |
|---|---|
| New York, New York<br>Dated: February 17, 2015 | /s/  Norman S. Rosenbaum<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone:(212) 468-8000<br>Facsimile:  (212) 468-7900<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>James A. Newton<br><br>*Counsel for the ResCap Liquidating Trust* |

ny-1167491