## Exhibit 9

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### FORT MYERS DIVISION

**RONALD P GILLIS,**

      **Plaintiffs,**

**v.**                                             **Case No. 2:14-cv-418-SPC-DNF**

**DEUTSCHE BANK TRUST CO.**
**AMERICAS,**
**GMAC-RFC MASTER SERVICING,**
**HOMECOMINGS FINANCIAL,**
**ERIN MAE ROSE QUINN and**
**ANDREW LEE FIVECOAT,**

      **Defendants.**

## HOMECOMINGS FINANCIAL, LLC AND
## RESIDENTIAL FUNDING COMPANY, LLC'S NOTICE OF BANKRUPTCY STATUS

Homecomings Financial, LLC ("HFN"), and Residential Funding Company, LLC, improperly named as GMAC-RFC Master Servicing in the present complaint ("RFC")[1] by and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Status, and states as follows:

    1.    On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including HFN and RFC (collectively, the "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court"). The Debtors' Chapter 11 cases (the "Bankruptcy Cases") are being jointly administered, indexed at case number 12-12020 (MG).

---

[1] GMAC-RFC Master Servicing was never a registered entity, but may have been used as a trade name for RFC, or other lower tiered affiliate of RFC, and accordingly, RFC enters the response on behalf of whatever entity plaintiff was attempting to name.

2.     On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "<u>Confirmation Order</u>") [Bankruptcy Docket 6065][2] approving the terms of the Chapter 11 plan, as amended (the "<u>Plan</u>").  The effective date under the Plan occurred on December 17, 2013 (the "<u>Effective Date</u>").

3.     Both the Plan and Confirmation Order provide for the extension of the automatic stay through the Effective Date and provide that the injunctive provisions of the Plan and Confirmation Order will remain in full force and effect following the Effective Date. (Confirmation Order, ¶ 63(g); Plan, Art. XIII.K).  **Moreover, both Section G of Paragraph 40 of the Confirmation Order and Article IX.I of Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan**.

4.     Article VIII.B of the Plan provides that the claim of any creditor of the Debtors that failed to file a proof of claim by the applicable deadline "SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT." (emphasis in original).

---

[2] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http://www.kccllc.net/rescap

5.    In addition, pursuant to Article XII of the Plan and Paragraph 66 of the Confirmation Order, the Bankruptcy Court retained exclusive jurisdiction to hear all matters pertaining to the injunction provided for in the Plan and Confirmation Order.  Specifically, the Plan provides as follows:

> **RETENTION OF JURISDICTION**
> Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction:
>
> …
>
> (c) **to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions**;
>
> ….

(Plan, Art. XII) (emphasis added).  In addition, the Confirmation Order provides as follows:

> **Retention of Jurisdiction**. The business and assets of the Debtors shall remain subject to the jurisdiction of this Court until the Effective Date. Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including jurisdiction over those matters and issues described in Article XII of the Plan, including with respect to (i) insurance settlements and disputes involving insurance policies settled or otherwise addressed under or in connection with the Plan, and (ii) the Claims filed by WFBNA in these Chapter 11 Cases and any Claims or Causes of Action that may be asserted by WFBNA against any of the Ally Released Parties.

(Confirmation Order, ¶ 66).

6.    According to the Debtors' records, Plaintiff did not file a proof of claim in the Bankruptcy Cases and is barred from continuing to prosecute this action against HFN and RFC.  Within a reasonable time after the filing of this Notice of Bankruptcy Status, HFN and RFC shall contact Plaintiff in writing and request that Plaintiff agree to dismiss this action.  In

the absence of a consensual dismissal, in accordance with the Plan and Confirmation Order, HFN and RFC shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting Plaintiff from continuing prosecution of this action against HFN and RFC.

7.      For the avoidance of doubt, HFN and RFC are not seeking any relief from the Court by this Notice of Bankruptcy Status, and is submitting this Notice of Bankruptcy Status solely for the purpose of providing the Court and the parties to this action with an update as to the status of the Bankruptcy Cases.

This 26th day of September, 2014.

Respectfully submitted,

*/s/ Justin Wong*
Justin T. Wong (Fla. Bar No. 89447)
TROUTMAN SANDERS, LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA  30308-2216
(404) 885-3974 (phone)
(404) 885-3900 (fax)
Email:  justin.wong@troutmansanders.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on the 26th day of September 2014, a true a correct copy of the

forgoing document was electronically filed with the Clerk of the Court by using the CM/ECF

system.  A copy has also been provided to pro se Plaintiff at:  Ronald P. Gillis, P.O. Box 380842

Murdock, FL 33938.


*/s/ Justin Wong*_____
Justin T. Wong (Fla. Bar No. 89447)
TROUTMAN SANDERS, LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA  30308-2216
(404) 885-3974 (phone)
(404) 885-3900 (fax)
Email:  justin.wong@troutmansanders.com