**Exhibit A**

256-309-9850,  lloyd.philpot@yahoo.com   407 Valley Drive,  PO Box 667,  Attalla, AL 35954-0667

**February 7, 2015 Letter body text:**

Re:   Response to Wishnew letter (Doc 8057) to Hon. Martin Glenn, USBJ, February 3, 2015
      In re Residential Capital, LLC et al.
      Jointly Administered under Case No. 12-12020 (Bankr. S.D.N.Y.)

Dear Judge Glenn:

I, Gwendell L. Philpot filed the Claim Number 5067 (the "Philpot Claim") as stated in the first paragraph of the Wishnew letter (Doc 8057) with all other information in said paragraph being true, and in addition, due to my continued health problems, I did request the Adjournment [Docket No. 8005] for the Claims Objection to be heard on March 31, 2015, at 10:00 a.m. (Prevailing Eastern Time) with my response to such Claims Objection due to be filed by March 6, 2015 at 4:00 p.m. (Prevailing Eastern Time). This letter is only a response to the (Doc 8057).

Sentence one of paragraph two of (Doc 8057) is correct with reference to (the "Subpoena"). However, the Borrower Trust's submission that the information which the Subpoena seeks is "wholly irrelevant to the Claims Objection" is not correct. Despite the numerous errors and failures of the debtors to properly manage and process my loan and mortgage, before and after the debtor's payment processing system failure on September 30, 2008, my Philpot Claim is strictly related to said failure and my subsequent financial loss was due to the Debtors' refusal to address the computer log files which would show the timely failure of the Debtors' computer system and to correct said error and failure in a timely manner, and now the Borrower Trust seeks to quash both documents and objects numbers (1.) and (2.) of the Subpoena which would require the Debtors to finally produce such information, (1.) which are common and typical to computer based payment processing systems, such information verifying my assertion in the Philpot Claim that such failures of the Debtors did occur, thereby eliminating any approval of a small business loan which I was in process of obtaining during the fall of 2008 and afterwards, would have afforded my continued ability to fulfill my financial obligations and continue the development of an Alzheimer's Caregivers Support system. In addition, (2.) is a presentation by Rob Lux, CTO of GMAC ResCap on August 19, 2008, showing the systemic problems of the computer system of the Debtors which was in use during the time of the payment processing failure and the Debtors' plans to solve such problems, such evidence of that presentation validating my Philpot Claim of the Debtors' systemic computer system problems. The Debtors and the Borrower Trust continue to assert other secondary and tertiary factors of my relationship with the Debtors which are not the basis of my Philpot Claim and in comment (b) of (Doc 8057), the statement is inaccurate in that the Debtors never offered to correct their error and accept my payment credited on September 30, 2008 when their system failed, such that my credit report and credit score would not have been adversely affected, such preventing the approval of the small business loan. <u>If the Debtors and the Borrower Trust agrees to stipulate that the Debtors' payment processing system failed as stated in the Philpot Claim, causing the</u>

256-309-9850,  lloyd.philpot@yahoo.com   407 Valley Drive,  PO Box 667,  Attalla, AL 35954-0667

*<u>failure of the payment to be properly made and credited on September 30, 2008, and allowing such stipulation to be entered as evidence in the Hearing, with no further objection of said position of the Philpot Claim as to that fact, then I would agree to the Subpoena being quashed.</u> I realize that such information as stated by the Subpoena is not normally part of the financial accounting processes which the accountants would maintain as their "books and records," however, since the failure of the system in question, I have referenced the computer log files as integral records which has given the Debtors ample time to secure such common data and information from the Debtors' information technology departments or any organizations maintaining such records in archive and producing such for corrective actions in my behalf and now the Court. The Debtors set up the payment processing system as an integral system of financial transaction and were obligated to operate such system in an accurate and timely manner consistent with the contractual obligations of the Debtors to myself. As a designer, having headed design and ergonomics of one of the world's leading computer graphics corporations for many years, designing international award winning computer systems, I do assert that it was common and typical that all computer payment processing systems had as an integral function of the software files which are called log files and such information would be part of any archived database. Therefore, no unnecessary expense should be required to obtain copies of such information as listed in documents and objects, item (1.) of the Subpoena. Item (2.) is available by query of the Internet and only needs submission and verification as to it being the actual presentation of Rob Lux.*

*As to all other information of the Claims Objection it is my intention to respond to such, to be filed by March 6, 2015 at 4:00 p.m. (Prevailing Eastern Time), and do hereby request the Court not stay any obligations to comply with the Subpoena in that such documents and objects may be referenced in my response, except if the Borrower Trust agrees to the above underlined stipulation.*

*Respectfully submitted,*


*Gwendell L. Philpot*

*cc:   Jordan A. Wishnew ( w/ encl.)*

*Encl.*


256-309-9850,   lloyd.philpot@yahoo.com   407 Valley Drive,   PO Box 667,   Attalla, AL 35954-0667

Mailing of Letter to Judge Martin Glenn

https://tools.usps.com/go/TrackConfirmAction?qtc_tLabels1=9405510200829500640242

Tracking Number: 9405510200829500640242

**delivered**

- **Updated Delivery Day: Tuesday, February 10, 2015**

Product & Tracking Information

**Postal Product:**

- Priority Mail 2-Day™
  **Features:**
  o USPS Tracking™
  o Up to $50 insurance included
  Restrictions Apply**Priority Mail Insurance info icon**

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| February 10, 2015, 10:28 am | Delivered, In/At Mailbox | NEW YORK, NY 10004 |

Mailing of Wishnew Copy

Tracking Number: 9405510200883530748132

**In-transit**

- On Time

- **Expected Delivery Day: Tuesday, February 17, 2015**

Product & Tracking Information

**Postal Product:**

- Priority Mail 2-Day™
  **Features:**
  o USPS Tracking™
  o Up to $50 insurance included
  Restrictions Apply**Priority Mail Insurance info icon**

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| February 14, 2015, 9:53 am | Arrived at Post Office | NEW YORK, NY 10019 |
| February 7, 2015, 1:28 pm | Shipping Label Created | GADSDEN, AL 35901 |

256-309-9850,  lloyd.philpot@yahoo.com  407 Valley Drive,  PO Box 667,  Attalla, AL 35954-0667