**Exhibit D**

This document was prepared by Michele Bedard

This document was prepared by <u>Michele Bedard</u>

**After Recording Return To:**
GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Ave
Waterloo, IA 50702

_____[Space Above this Line for Recording Data]_____████_____

95.122-
ovex#
5292140

# STREAMLINED MODIFICATION PROGRAM
# LOAN WORKOUT PLAN AND MODIFICATION AGREEMENT

Loan Workout Plan Effective Date: 3/1/2009
Borrower ("I")[1]:
Lender ("Lender"):
Date of first lien Security Instrument ("Mortgage") and Note ("Note"):
Property Address 3207 BERKLEY LN WOODBRIDGE, VA 22193 ("Property"):

If I successfully follow the Loan Workout Plan (the "Plan") in Section 2 and my representations in Section 1 continue to be true in all material respects, then the provisions of Section 3 of this Loan Workout Plan and Loan Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage. The Mortgage and Note together, as may previously have been amended, are referred to as the "Loan Documents". Capitalized terms used in this Agreement have the meaning given to them in Loan Documents.

I am providing confirmation of my financial hardship and documents to permit verification of all of my income to determine whether I qualify for the offer described in this Agreement (the "Offer"). I understand that the Lender will send me a signed copy of this Agreement if I qualify for the Offer or will send me written notice that I do not qualify for the Offer. This Agreement will not take effect unless and until the Lender signs it.

1. **My Representations.** I represent to Lender and agree:
   A. I am experiencing a financial hardship, and as a result, am in default under the Loan Documents;
   B. I live in the Property as my principal residence and the Property is neither in a state of disrepair, nor condemned;
   C. There has been no change in the ownership of the Property since I signed the Loan Documents;
   D. I am not a party to any pending bankruptcy proceeding or any litigation involving the Loan Documents, except to the extent I may be a defendant in a foreclosure action;
   E. I am providing documentation for **all** income that I earn; and
   F. All documents and information I provide pursuant to this Agreement are true and correct.

---

[1] If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I". For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.

**MULTISTATE STREAMLINED MODIFICATION PROGRAM LOAN WORKOUT PLAN AND MODIFICATION AGREEMENT – Single Family –
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT      Form 3169    12/08** *(page 1 of 4 pages)*

2. **The Loan Workout Plan.** I will pay the lender according to the following schedule:

2. The Loan Workout Plan. I will pay the lender according to the following schedule:

| | |
|---|---|
| March 1, 2009 | $1,230.17 |
| April 1, 2009 | $1,230.17 |
| May 1, 2009 | $1,230.17 |

During the period (the "Trial Period") commencing on the date of this Agreement and ending on the earlier of: (i) the Modification Effective Date (as defined in Section 3) or (ii) termination of this Agreement, I understand and acknowledge that:

A. TIME IS OF THE ESSENCE under this Agreement;
B. The Lender will suspend any scheduled foreclosure sale, provided I continue to meet the obligations under this Agreement, but any pending foreclosure action will not be dismissed and may be immediately resumed from the point at which it was suspended if this Agreement terminates, and no new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will be necessary to continue the foreclosure action unless required by state law.;
C. The Lender will credit the payments received during the Trial Period to my suspense account until the funds total an amount that is enough to pay my oldest delinquent monthly payment on my loan in full. If there is any remaining money after such payment is applied, the remaining funds will be held in my suspense account until they total an amount that is enough to pay the next oldest delinquent monthly payment in full;
D. When the Lender accepts and posts a payment during the Trial Period it will be without prejudice to, and will not be deemed a waiver of, the acceleration of the loan or foreclosure action and related activities and shall not constitute a cure of my default under the Loan Documents unless such payments are sufficient to completely cure my entire default under the Loan Documents;
E. If prior to the Modification Effective Date set forth in Section 3, (i) the Lender does not provide me with a signed copy of the Agreement; or (ii) I do not make the three Trial Period payments required under the Section 2 Plan in a timely manner; or (iii) the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents, and any payment I make hereunder shall be applied to amounts I owe under the Loan Documents and shall not be refunded to me; and
F. I understand that the Plan described in this Section 2 is a conditional modification of the Loan Documents and that the Loan Documents will not be modified unless and until (i) I meet all of the conditions required for modification under Section 3 and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3. **The Modification.** If I comply with the Plan in Section 2 and my representations in Section 1 continue to be true in all material respects, the Loan Documents will automatically become modified on June 1, 2009 (the "Modification Effective Date") and all unpaid late charges will be waived. The Lender agrees to cease any foreclosure activities so long as I comply with the terms of the Loan Documents, as modified by this Agreement. The Loan Documents will be modified and the first modified payment will be due on the date set forth in this Section 3:

A. The new Maturity Date will be: May 1, 2049.
B. The modified Principal balance of my Note will include all amounts and arrearages that will be
A. The new Maturity Date will be: May 1, 2049.
B. The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts held pursuant to Section 2.B. The new Principal balance of my Note will be $244,377.35 (the "New Principal Balance").
C. $0.00 of the New Principal Balance shall be deferred (the "Deferred Principal Balance") and I will not pay interest or make monthly payments on this amount. The New Principal Balance less the Deferred Principal Balance shall be referred to as the "Interest Bearing Principal Balance" and this amount is $244,377.35.
D. The new interest rate will begin to accrue as of May 1, 2009 and the first new monthly payment on the Interest Bearing Principal Balance will be due on June 1, 2009. My payment schedule for the modified loan is as follows:

| Years | Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Estimated Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Number of Monthly Payments |
|---|---|---|---|---|---|---|---|
| 1 - 5 | 3.375% | 5/1/2009 | $928.46 | $301.71, adjusts annually after year 1 | $1,230.17, adjusts annually after year 1 | 6/1/2009 | 60 |
| 6 | 4.375% | 5/1/2014 | $1,064.28 | Adjusts Annually | Adjusts Annually | 6/1/2014 | 12 |
| 7 - 40 | 5.160% | 5/1/2015 | $1,174.33 | Adjusts Annually | Adjusts Annually | 6/1/2015 | 408 |
|  |  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |  |

The above terms in this section 3(D) shall supersede any provisions to the contrary in the Loan Documents, including but not limited to provisions for an adjustable or step Interest Rate.

E. I agree to pay in full (i) the Deferred Principal Balance, if any; and (ii) any other amounts still owed under the Loan Documents, by the earliest of the date I sell or transfer an interest in the Property, subject to Section 4.F below, the date I pay the entire Interest Bearing Principal Balance, or the new Maturity Date.
F. I will be in default if I do not (1) pay the full amount of a monthly payment on the date it is due, or (2) comply with the terms of the Loan Documents, as modified by this Agreement. If a default rate of interest is permitted under the current Loan Documents, then in the event of default, the interest that will be due on the Interest Bearing Principal Balance will be the rate set forth in section 3(D) and there will be no interest payable on the Deferred Principal Balance, if any.

G. If I make a partial prepayment of principal, the Lender may apply that partial prepayment first to any remaining Deferred Principal Balance before applying such partial prepayment to other amounts due under this Agreement or the Loan Documents.

MULTISTATE STREAMLINED MODIFICATION PROGRAM LOAN WORKOUT PLAN AND MODIFICATION AGREEMENT – Single Family –
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3169    12/08 *(page 3 of 4 pages)*

4. **Additional Agreements.** I agree to the following:

4. Additional Agreements. I agree to the following:

A. That all persons who signed the Security Instrument have signed this Agreement.
B. That this Agreement shall supersede the terms of any modification, forbearance or workout plan, if any, that I previously entered into with Lender.
C. To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my loan.
D. That this Agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.
E. That I have no right of set-off or counterclaim, or any defense to the obligations under the Loan Documents.
F. That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.
G. That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and provisions of the Loan Documents.
H. That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows: If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage. However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer. If Lender exercises this option, Lender shall give me notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which I must pay all sums secured by the Mortgage. If I fail to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.
I. That, as of the Modification Effective Date; a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the loan. In any event, this Agreement may not be assigned to, or assumed by, a buyer of the Property.

In Witness Whereof, the Lender and I have executed this Agreement.

_____    _____ (Seal)
GMAC Mortgage, LLC                    Inmer E Campos Carranza

                                      2-21-09
By: _Yesenia Carrillo_                Date
_6-4-09_
Date

____[Space Below This Line For Acknowledgement in Accordance with Laws of Jurisdiction]____

SHAWN H HAYES
NOTARY PUBLIC
REG # 7111471
MY COMMISSION EXPIRES
09/30/2011
COMMONWEALTH OF VIRGINIA

YESENIA CARRILLO
Iowa Notarial Seal
Commission Number: 746479
My Commission Expires: 04/18/2010

MULTISTATE STREAMLINED MODIFICATION PROGRAM LOAN WORKOUT PLAN AND MODIFICATION AGREEMENT – Single Family –
Fannie Mae/Freddie Mac UNIFORM INSTRUMENT    Form 3169    12/08 *(page 4 of 4 pages)*