**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

**WHEREAS** Select Portfolio Servicing, Inc. ("Requesting Party"), as Servicer for The Bank of New York Mellon f/k/a The Bank of New York, successor to JPMorgan Chase Bank, N.A., as trustee, on behalf of the holders of the Structured Asset Mortgage Investments II Trust 2005-AR3, Mortgage Pass-Through Certificates, Series 2005-AR3 ("Bank of New York Mellon, as Trustee"), asserts that it holds a mortgage and security interest on the lands and premises of Juan Piedrahita and Natalia Ariztizabal with an address of 6336 SW 11th Street, West Miami, Florida 33144 (the "Mortgaged Property");

**WHEREAS** the Requesting Party's review of the relevant land records indicates that GMAC Mortgage, LLC (together with Requesting Party, the "Parties") one of the above-captioned debtors (the "Debtors") may hold, or may have previously held, a lien on the Mortgaged Property;

**WHEREAS** the Requesting Party requested (the "Request") relief from the automatic stay, pursuant to section 362(d) of title 11 of the United States Code (the "Bankruptcy Code"), to commence and/or complete the foreclosure of its interests in the Mortgaged Property;

**WHEREAS** the Debtors, following a review of their records have determined that to the best of their knowledge they no longer hold an interest in the Mortgaged Property;

**WHEREAS** the Debtors have agreed to consent to the Request on the terms and conditions contained in this Stipulation and Order;

**NOW, THEREFOR**, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Request is granted as set forth herein.

2. To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Requesting Party to commence and/or complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3. Nothing in this Stipulation and Order shall be construed to provide for the annulment of or any other retroactive relief from the automatic stay.

4. Requesting Party shall provide due notice to the Debtors and Ocwen Loan Servicing, LLC[1] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent notice to a junior lienholder is required by applicable state law.

5. To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to all entities holding valid and enforceable liens on the Mortgaged Property that are senior to the lien which the applicable land records indicate is held or serviced by the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed to Ocwen Loan Servicing, LLC via wire transfer.

6. By entering into this Stipulation and Order, Requesting Party hereby represents that it is an agent for and has the authority to seek relief from the automatic stay on behalf of Bank of New York Mellon, as Trustee.

7. This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

---

[1] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

8. This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

9. Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived. Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| GMAC MORTGAGE, LLC<br><br>By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust* | SELECT PORTFOLIO SERVICING, INC., AS SERVICER FOR THE BANK OF NEW YORK MELLON F/K/A THE BANK OF NEW YORK, SUCCESSOR TO JPMORGAN CHASE BANK, N.A., AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE STRUCTURED ASSET MORTGAGE INVESTMENTS II TRUST 2005-AR3, MORTGAGE PASS-THROUGH CERTIFICATES, SERIES 2005-AR3<br><br>By: /s/ Shari S. Barak<br>Shari S. Barak<br>**SHAPIRO, DICARO & BARAK, LLC**<br>105 Maxess Road, Suite N109<br>Melville, NY 11747<br>Telephone: (631) 844-9611<br>Facsimile: (631) 844-9525<br><br>*Counsel for Select Portfolio Servicing, Inc., as Servicer for The Bank of New York Mellon f/k/a The Bank of New York, successor to JPMorgan Chase Bank, N.A., as trustee, on behalf of the holders of the Structured Asset Mortgage Investments II Trust 2005-AR3, Mortgage Pass-Through Certificates, Series 2005-AR3* |
|---|---|

**IT IS SO ORDERED.**

Dated: February 19, 2015
New York, New York

/s/Martin Glenn
MARTIN GLENN
United States Bankruptcy Judge