**Hearing Date and Time: March 12, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 2, 2015 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-------------------------------------------------------------

**NOTICE OF RESCAP LIQUIDATING TRUST'S MOTION FOR ENTRY OF AN
ORDER ESTABLISHING PROCEDURES ENFORCING INJUNCTIVE
PROVISIONS OF PLAN AND CONFIRMATION ORDER**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.      On February 19, 2015, the ResCap Liquidating Trust filed its *Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order* (the "**Motion**").

2.      A hearing (the "**Hearing**") to consider the Motion shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004-1408, on **March 12, 2015 at 10:00 a.m.** (prevailing Eastern Time).

3.      Any objections to the Motion must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **March 2, 2015 at 4:00 p.m.** (prevailing Eastern Time) upon (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the

ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, Joseph A. Shifer); (c) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew and Meryl L. Rothchild) (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Ave., Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

4.    If no responses to the Motion are timely filed and served to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

5.    A copy of the Motion can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
        February 19, 2015

                                        KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                        /s/ Joseph A. Shifer
                                        Kenneth H. Eckstein
                                        Douglas H. Mannal
                                        Joseph A. Shifer
                                        1177 Avenue of the Americas
                                        New York, New York 10036
                                        Telephone: (212) 715-9100
                                        Facsimile: (212) 715-8000

                                        *Counsel for the ResCap Liquidating Trust*

**Hearing Date and Time: March 12, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: March 2, 2015 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------
                                          )
In re:                                    )     Case No. 12-12020 (MG)
                                          )
RESIDENTIAL CAPITAL, LLC, et al.,         )     Chapter 11
                                          )
                          Debtors.        )     Jointly Administered
                                          )
-----------------------------------------------------------

**MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES**
**ENFORCING INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER**

# TABLE OF CONTENTS

Page

PRELIMINARY STATEMENT ................................................................................................. 1

JURISDICTION ....................................................................................................................... 3

BACKGROUND ...................................................................................................................... 3

    A.    General Background ............................................................................................. 3

    B.    The Transfer of the Debtors' Servicing Business .................................................. 6

    C.    The Plan Injunction Provisions ............................................................................ 6

RELIEF REQUESTED ............................................................................................................. 9

BASIS FOR RELIEF ............................................................................................................... 12

    A.    The Plan Injunction Procedures Are Necessary to Implement the Plan ............... 12

    B.    The Litigations are Subject to the Plan Injunction Provisions .............................. 14

NOTICE .................................................................................................................................. 15

NO PRIOR REQUEST ............................................................................................................ 15

CONCLUSION ........................................................................................................................ 16

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Chambers v. NASCO, Inc.*,
    501 U.S. 32 (1991)................................................................................................13

*Chinichian v. Campolongo (In re Chinichian)*,
    784 F.2d 1440 (9th Cir. 1986) ............................................................................13

*Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*,
    722 F.2d 1063 (2d Cir. 1983)..............................................................................13

*Landis v. N. Am. Co.*,
    299 U.S. 248 (1936)..............................................................................................13

*Link v. Wabash R.R. Co.*,
    370 U.S. 626 (1962)..............................................................................................13

*Richter v. Webster Hall Entm't Corp.*,
    No. 04-cv-2748, 2006 WL 2935797 (S.D.N.Y. Oct. 12, 2006)............................13

*Smalls v. Bank of N.Y.*,
    No. 05-cv-8474, 2008 WL 1883998 (S.D.N.Y. Apr. 29, 2008) ............................13

**Statutes**

11 U.S.C. § 105.....................................................................................1, 3, 9, 12, 13, 14

11 U.S.C. § 362.......................................................................................................................4

11 U.S.C. § 524.............................................................................................................1, 3, 9

11 U.S.C. § 1141...........................................................................................................1, 3, 9

11 U.S.C. § 1142...........................................................................................................8, 14

28 U.S.C. § 1334.....................................................................................................................3

28 U.S.C. § 157(b)...................................................................................................................3

28 U.S.C. § 1408.....................................................................................................................3

28 U.S.C. § 1409.....................................................................................................................3

**<u>Bankruptcy Rules</u>**

Fed. R. Bankr. P. 1015(b) ................................................................................................................3

Fed. R. Bankr. P. 1015(c) .................................................................................................1, 3,  9, 13

Fed. R. Bankr. P. 3020(d) ..................................................................................................1, 3, 9, 13

Fed. R. Bankr. P. 9007......................................................................................................1, 3, 9, 13

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest

to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11**

**Cases**"), hereby files this motion (the "**Motion**") pursuant to sections 105(a), 105(d), 524, and

1141 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1015(c), 3020(d),

and 9007 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and Article

XII of the Plan (as defined below),  seeking entry of an order (the "**Proposed Order**"), in a form

substantially similar to that attached hereto as **Exhibit 1**, establishing procedures for the

management and administration of enforcement of the release and injunctive provisions

(collectively, the "**Plan Injunction Procedures**") of the *Second Amended Joint Chapter 11 Plan*

*Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors*

[Docket No. 6065-1] (the "**Plan**"), which was confirmed by the order of this Court entered

December 11, 2013 [Docket No. 6065] (the "**Confirmation Order**").  In support of the Motion,

the Liquidating Trust submits the declaration of William R. Thompson, the Liquidating Trust's

General Counsel (the "**Thompson Declaration**"), attached hereto as **Exhibit 2**, and respectfully

represents as follows:

**PRELIMINARY STATEMENT**

1.      As of the filing of this Motion, there remain approximately 361 pending

litigations (the "**Litigations**") in which the plaintiff or counterclaim plaintiff (collectively, the

"**Plaintiffs**") asserts claims against (i) the Debtors for which the Plaintiff did not file a proof of

claim (or for which the related proof of claim has been expunged), and/or (ii) the Debtors'

current and former directors, officers, and/or employees.  Such claims are subject to the release

provisions contained in the Plan and Confirmation Order, and continued pursuit of these actions

by the Plaintiffs is in violation of the injunction provisions set forth in the Plan and Confirmation

Order (collectively, the "**Plan Injunction Provisions**").

2.     The Litigations are pending before a multitude of state and federal courts

and are in various procedural postures, including a number of appeals.    Managing and

responding to the Litigations present a potential significant burden to the Liquidating Trust's

time, efforts, and resources.

3.     To facilitate the enforcement of the Plan Injunction Provisions and to

ensure a uniform resolution of the claims against the Debtors and their current and former

directors, officers, and employees raised in the Litigations, the Liquidating Trust seeks to

implement the Plan Injunction Procedures.

4.     Pursuant to the Plan Injunction Procedures, the Liquidating Trust will

initially contact each of the Plaintiffs via letter and request the dismissal of the relevant

Litigation with respect to the Debtors.    In the event the Plaintiff does not comply with the

Liquidating Trust's request, the Liquidating Trust may then file an omnibus motion seeking to

enforce the Plan Injunction Provisions with respect to up to twenty (20) Litigations.    The

omnibus enforcement motion will seek an order (i) directing the Plaintiffs to dismiss the

Litigations with respect to the Debtors, and (ii) permitting the Liquidating Trust to seek, by

separate motion, sanctions in the event of non-compliance.

5.     In addition, many of the courts before which the Litigations are pending

may not be aware that the Chapter 11 Plan has been confirmed, or may be unfamiliar with the

Plan Injunction Provisions.    Accordingly, the proposed Plan Injunction Procedures provide for

the approval of a form of notice that may be filed in the Litigations that includes a description of

the Plan Injunction Provisions and the existence of the Plan Injunction Procedures.    Further, in

- 2 -

any Litigation in which the Plaintiff is a Borrower (as that term is defined in the Plan) asserting

solely non-monetary claims, the proposed Plan Injunction Procedures provide for the approval of

a form of notice that may be filed in such Litigations which includes a description of the sale and

transfer of the Debtors' servicing businesses to Ocwen and Green Tree, in the event that Ocwen

or Green Tree, rather than the Debtors, is the party able to grant such non-monetary relief.[1]

## JURISDICTION

6.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334,  and Article XII of the Plan. Venue is proper before this Court pursuant to 28

U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

7.    The statutory predicates for the relief requested herein are sections 105(a),

105(d), 524, and 1141 of the Bankruptcy Code and Rules 1015(c), 3020(d), and 9007 of the

Bankruptcy Rules.

## BACKGROUND

### A.    General Background

8.    On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a

voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These

Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

9.    On May 23, 2012, this Court entered an order establishing certain notice,

case management, and administrative procedures applicable to these Chapter 11 Cases [Docket

No. 141] (the "**Case Management Order**").

10.    On July 13, 2012, this Court entered the *Final Supplemental Order Under*

*Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019*

---

[1] In addition, it is possible that servicing of a particular loan was transferred to another servicer prior to the Petition Date.  In such an event, the notice will identify the appropriate party.

*(I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing And Directing The Debtors To Pay Securitization Trustee Fees And Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").   Pursuant to the Supplemental Servicing Order, the automatic stay imposed by section 362 of the Bankruptcy Code was modified to permit the prosecution, by a borrower, mortgagor, or lienholder, of direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure, or eviction proceeding, where a final judgment permitting the foreclosure or eviction has not been awarded or, where any applicable challenge period has not yet expired, and to prosecute appeals with respect to any such direct claims or counter-claims (collectively, the "**Non-Monetary Claims**").   *See* Supplemental Servicing Order ¶ 14(a).[2]

11.    On July 17, 2012, this Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.   Among other things, KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

12.    On August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**").   The Bar Date Order established, among other things, (i)

---

[2] Notably, pursuant to the Confirmation Order, the Plan Injunction Provisions remain subject to the Supplemental Servicing Order.   *See* Confirmation Order ¶ 63(g).

November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim

by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form

and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing

Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental**

**Bar Date**," with the General Bar Date, the "**Bar Date**").   Bar Date Order at ¶¶ 2-3.   On

November 7, 2012, this Court entered an order extending the General Bar Date to November 16,

2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].   The Governmental Bar Date

was not extended.

        13.     Pursuant to the Bar Date Order, written notice of the Bar Date was (i)

served by first-class mail on all creditors and other known holders of claims against the Debtors

as of the date of the Bar Date Order (including all persons or entities listed in the Schedules as

holding claims) at their last known address, as well as certain other parties in interest, and (ii)

published in the *Wall Street Journal* (National Edition) and *USA Today* (National Edition). *See*

Bar Date Order ¶¶ 12, 15. A copy of the Bar Date Order was also made available publicly on the

case website of KCC at http://www.kccllc.net/rescap.

        14.     The Confirmation Order required holders of Administrative Claims (as

such term is defined in the Plan), including claims that arose between the Petition Date and the

Effective Date, to file their "requests for the payment of such Administrative Claims not already

Allowed by Final Order in accordance with the procedures specified in the Confirmation Order,

on or before the first Business Day that is thirty (30) days following the Effective Date." *See*

Confirmation Order ¶ 50(f).   As the Effective Date of the Plan occurred on December 17, 2013,

the deadline by which holders of Administrative Claims must have filed requests for payment

was January 16, 2014 (the "**Administrative Claims Bar Date**"). *See also Notice of the Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6138].

### B.    The Transfer of the Debtors' Servicing Business

15.    By orders dated November 21, 2012, this Court approved the sale of the Debtors' mortgage origination and servicing platforms to Ocwen Loan Servicing LLC ("**Ocwen**") and its designee, Walter Investment Management Corp. ("**Walter**") [Docket No. 2246], and the sale of the Debtors' whole loan portfolio to Berkshire Hathaway, Inc. [Docket No. 2247]. Green Tree Servicing LLC ("**Green Tree**") is a subsidiary of Walter that assumed certain of the rights and obligations relating to the sale.

16.    The transactions comprising the sale of the Debtors' mortgage origination and servicing platforms closed in two parts: the sale to Walter closed on January 31, 2013, and the sale to Ocwen closed on February 15, 2013.

### C.    The Plan Injunction Provisions

17.    On December 11, 2013, this Court entered the Confirmation Order approving the terms of the Plan. On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

18.    Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets, and was deemed substituted as the party to any litigation in which the Debtors are a party. *See generally* Confirmation Order ¶¶ 26, 30, 34, 48; Plan Art. VI.

19.    Pursuant to the Plan Injunction Provisions, persons whose claims were released under the Plan are prohibited from "commencing or continuing in any manner or action

or other proceeding of any kind against any Released Party[3] whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims."[4] Plan Art. IX.I; *see also* Confirmation Order ¶ 40.

20.    Paragraph 11 of the Bar Date Order provides that any party that did not file a proof of claim "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim."[5]

21.    Further, Article VIII.B of the Plan provides that the claim of any creditor of the Debtors that failed to file a proof of claim by the applicable deadline "SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT." (emphasis in original).

22.    In addition, as this Court is aware, a central aspect of the Plan is a broad third party release (the "**Third Party Release**"), which provides as follows:

> On and as of the Effective Date of the Plan, except as provided by Article IX.E, the holders of Claims and Equity Interests shall be deemed to provide a full and complete discharge and release to the Ally Released

---

[3] Under the Plan, the term "Released Party" is defined as "the Liquidating Trust, and each Ally Released Party, Debtor Released Party, and Exculpated Party, or the property or Estate of any Entity so released, discharged or exculpated." Plan Art. I.A.243.

[4] Under the Plan, the term "Released Claims" is defined as "Claims, Equity Interests, Causes of Action or liabilities that: (i) have been discharged, terminated, or satisfied pursuant to the terms of the Plan; (ii) have been released pursuant to the Plan; or (iii) are subject to exculpation pursuant to the Plan." Plan Art. I.A.242.

[5] Pursuant to the Plan, the deadline to file Administrative Claims was January 16, 2014.  *See Notice of the Deadline and Procedures for Filing Certain Administrative Claims* [Docket No. 6138].

- 7 -

Parties and their respective property from any and all Causes of Action whatsoever, whether known or unknown, asserted or unasserted, derivative or direct, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, whether for tort, fraud, contract, violations of federal or state securities laws, veil piercing or alter-ego theories of liability, contribution, indemnification, joint liability, or otherwise, arising from or related in any way to the Debtors, including those in any way related to RMBS issued and/or sold by the Debtors or their affiliates and/or the Chapter 11 Cases or the Plan, the Consent Order, and the Order of Assessment.

Plan Art. IX.D; Confirmation Order ¶ 40. The "Ally Released Parties" – *i.e.* the beneficiaries of the Third Party Release – are defined to include the Debtors' "Representatives." Plan Art. I.A.21. The term "Representatives," in turn, is defined to include an "entity's . . . former and current . . . employees . . . , each solely in its capacity as such." Plan Art. I.A.245. Thus, the Third Party Release provides the Debtors' current and former employees with a release of all claims (solely in their capacity as such).

23.     Pursuant to Article XII of the Plan, this Court retained "exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan . . . , including jurisdiction . . . to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions" and "to issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code." *See also* Confirmation Order ¶ NN ("The Plan Releases are, individually and collectively, integral to, and necessary for the successful implementation of, the Plan, essential to the Debtors' orderly liquidation and supported by reasonable consideration.").

- 8 -

## **RELIEF REQUESTED**

24.    Pursuant to sections 105(a), 105(d), 524, and 1141 of the Bankruptcy Code, Bankruptcy Rules 1015(c), 3020(d), and 9007, and Article XII of the Plan, the Liquidating Trust seeks entry of the Proposed Order establishing the following Plan Injunction Procedures:

a)    Upon the identification of a Litigation that is subject to the Plan Injunction Provisions, the Liquidating Trust (or its counsel) may send a letter (the "**Letter Request**"), substantially in the form attached to the Proposed Order as **Annex A**, to the Plaintiff and its counsel (if any) by first-class mail to their last known address.  The Letter Request will request that the Plaintiff dismiss the Litigation with respect to the Debtors within thirty (30) days (the "**Dismissal Deadline**").[6]

b)    In the event that the Litigation is not dismissed prior to the Dismissal Deadline, the Liquidating Trust is authorized to file an omnibus motion seeking entry of an order from this Court directing the opposing party(s) to dismiss the relevant Litigation with respect to the Debtors (the "**Omnibus Enforcement Motion**").    The Omnibus Enforcement Motion shall be accompanied by a declaration from an appropriate employee of the Liquidating Trust and shall identify (i) each Plaintiff and its counsel, (ii) the case caption, index number, and jurisdiction of the relevant Litigation, (iii) a short statement as to the applicability of the Plan Injunction Provisions to the Litigation, and (iv) the date on which the Liquidating Trust sent the opposing party and its counsel the Letter Request.    Each Omnibus Enforcement Motion may identify up to twenty (20) Litigations for which the Liquidating Trust sent the Plaintiff a Letter Request but the Plaintiff failed to dismiss the Litigation with respect to the Debtors by the Dismissal Deadline.

c)    The Liquidating Trust shall serve the Omnibus Enforcement Motion on the Plaintiff and its counsel by first-class mail (or at the election of the Liquidating Trust, overnight courier) to the last known address of the Plaintiff and its counsel.    The notice accompanying an Omnibus Enforcement Motion (the "**Specialized Notice**") shall be in the form

---

[6]  For the avoidance of doubt, in the event that the Liquidating Trust (or its counsel) already sent a Letter Request to the Plaintiff and its counsel (if any), the Liquidating Trust shall not be required to send another Letter Request to such party.

substantially in the form attached to the Proposed Order as **Annex B**, and shall describe the pertinent information about the relief sought, including (i) the name of the Plaintiff, (ii) the name of the Debtor or Debtors that are party to the Litigation, (iii) the case caption, index number, and jurisdiction of the relevant Litigation, (iv) the date on which the Liquidating Trust sent the Plaintiff the Letter Request, (v) an explanation of the nature of the relief sought in the Omnibus Enforcement Motion, (vi) a description of the applicable response and hearing procedures, including the response deadline and hearing date, and (vii) instructions for how to seek to consensually resolve the Omnibus Enforcement Motion.

d) The hearing on an Omnibus Enforcement Motion shall be set for no less than thirty (30) days after service of the Omnibus Enforcement Motion.  Any response must be filed with the Court (a "**Response**") and received by the Liquidating Trust no later than twenty-one (21) calendar days after service of an Omnibus Enforcement Motion. The deadline to file a timely Response will be clearly set forth in the Specialized Notice.

e) Upon receipt of a timely Response to an Omnibus Enforcement Motion, if the Liquidating Trust determines that discovery is necessary in advance of a hearing on the matter, the Liquidating Trust may convert the hearing into a status conference in which the parties may request that the Court issue a scheduling order to facilitate  resolving the matter.  In such an event, the Liquidating Trust shall notify the relevant Plaintiff that the scheduled hearing will be treated as the initial status conference.  Such notice may be incorporated into the agenda for the hearing, or may be provided to the Plaintiff and its counsel by first-class mail, overnight courier, or e-mail, at the election of the Liquidating Trust. At the Liquidating Trust's discretion and after notice to the relevant Plaintiff, a hearing on an Omnibus Enforcement Motion may be adjourned to any subsequent omnibus hearing date.

f) If no Response to an Omnibus Enforcement Motion is timely filed and served by the established deadline with respect to a particular Litigation, the Liquidating Trust may submit a form of order sustaining the Omnibus Enforcement Motion with respect to such Litigation.

- 10 -

g) If a timely Response is filed, then the deadline for the Liquidating Trust or any other party in interest to file a reply to a Response shall be on or before two (2) business days prior to the scheduled hearing on the Omnibus Enforcement Motion (the "**Reply Deadline**").

h) An order granting an Omnibus Enforcement Motion (an "**Omnibus Enforcement Order**") shall provide the Liquidating Trust with the ability (i) to seek sanctions in the event that the Plaintiff continues in its refusal to dismiss the Litigation with respect to the Debtors, including reasonable fees and costs incurred by the Liquidating Trust in prosecuting the Omnibus Enforcement Motion, and (ii) to file a notice in a form substantially similar to that attached to the Proposed Order as **Annex C** (the "**Order Notice**") in each court before which a Litigation subject to the Omnibus Enforcement Order is pending, including a description of the Omnibus Enforcement Order and the Liquidating Trust's ability to seek sanctions.

i) In the event a court before which a Litigation is pending requests an update with respect to the Chapter 11 Cases and the Plan Injunction Provisions, or in the event that the Liquidating Trust wishes to provide such an update, the Liquidating Trust may file a notice in a form substantially similar to that attached to the Proposed Order as **Annex D** (the "**Status Notice**"), which includes a description of the relevant Plan Injunction Provisions and the existence of these Plan Injunction Procedures.  In the event such a court seeks to determine the applicability of the Plan Injunction Provisions, including after a Status Notice is filed, the Liquidating Trust shall be authorized to seek relief from this Court on an expedited basis on such notice as may be determined by this Court upon the filing of an emergency ex parte motion with the Court.

j) With respect to any Litigation in which the Plaintiff is a Borrower (as that term is defined in the Plan) and asserts solely Non-Monetary Claims in the Litigation (such a Litigation, a "**Foreclosure Relief Proceeding**"), the Liquidating Trust may file a notice in a form substantially similar to that attached to the Proposed Order as **Annex E** (the "**Servicing Transfer Notice**") which includes a description of the sale and transfer of the Debtors' servicing business, the Plan Injunction Provisions, and the existence of these Plan Injunction Procedures; *provided, however*, that nothing herein shall prevent the

Liquidating Trust from, in its sole discretion, participating fully in the Foreclosure Relief Proceeding.

## BASIS FOR RELIEF

**A.**     **The Plan Injunction Procedures Are Necessary to Implement the Plan**

25.     To date, there are approximately 361 Litigations pending against the Debtors in jurisdictions around the country.  *See* Thompson Declaration ¶ 5.  Additionally, there have been at least five motions to enforce the Plan Injunction Provisions filed in this Court.[7] Despite the Plan Injunction Provisions, the Plaintiffs, many of them appearing *pro se*, persist in commencing or continuing the Litigations in violation of the Plan Injunction Provisions and/or the Third Party Release.  Attached as **Annex A** to the Thompson Declaration is a list of each of the approximately 361 known Litigations, including approximately 82 with Plaintiffs that are represented *pro se*.

26.     The existing Case Management Order does not provide for specific procedures to manage the Plaintiffs' continuing efforts to evade the Plan Injunction Provisions. Requiring the Liquidating Trust to file virtually identical motions to enforce the Plan Injunction Provisions for each individual litigant, rather than omnibus motions, is contrary to judicial economy and will increase the Liquidating Trust's administrative costs, reducing the amounts available for distribution to creditors.

27.     Section 105(a) of the Bankruptcy Code provides, in relevant part, that a bankruptcy court "may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of" the Bankruptcy Code. 11 U.S.C. § 105(a).  Pursuant to section

---

[7] *See, e.g., Ally Financial Inc.'s Motion for an Order Enforcing the Chapter 11 Plan Injunction* [Docket No. 7356]; *Ally Financial Inc.'s Motion for an Order Enforcing the Chapter 11 Plan Injunction* [Docket No. 6827]; *Ally Financial Inc.'s Motion for an Order Enforcing the Chapter 11 Plan Injunction* [Docket No. 6723]; *Motion of the ResCap Liquidating Trust for an Order Enforcing Plan Injunction Against Karla Brown* [Docket No. 6687]; *Ally Financial Inc.'s Motion for an Order Enforcing the Chapter 11 Plan Injunction* [Docket No. 6527].

105(a) of the Bankruptcy Code, this Court has the "inherent power" to "manage [its] own affairs so as to achieve the orderly and expeditious disposition of cases." *Cf. Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962); *see Chambers v. NASCO, Inc.*, 501 U.S. 32, 49 (1991) (reaffirming these principles established in *Link*); *Smalls v. Bank of N.Y.*, No. 05-cv-8474, 2008 WL 1883998, at *3 (S.D.N.Y. Apr. 29, 2008) (same); *Richter v. Webster Hall Entm't Corp.*, No. 04-cv-2748, 2006 WL 2935797, at *2 (S.D.N.Y. Oct. 12, 2006) (same); *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936) (noting the "power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants"). Pursuant to section 105(a) of the Bankruptcy Code, this Court has equitable power to fashion an order or decree that is in the interest of preserving or protecting the value of a debtor's assets. *See*, *e.g.*, *Chinichian v. Campolongo (In re Chinichian)*, 784 F.2d 1440, 1443 (9th Cir. 1986) ("Section 105 sets out the power of the bankruptcy court to fashion orders as necessary pursuant to the purposes of the Bankruptcy Code.") (citations omitted); *Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.)*, 722 F.2d 1063, 1069 (2d Cir. 1983) ("[A] bankruptcy judge must have substantial freedom to tailor his orders to meet differing circumstances.").

28.     Section 105(d) of the Bankruptcy Code permits this Court, *sua sponte* or on the request of a party in interest, to "issue an order . . . prescribing such limitations and conditions as the court deems appropriate to ensure that the case is handled expeditiously and economically." 11 U.S.C. § 105(d)(2), and Bankruptcy Rule 3020(d) provides that "[n]otwithstanding the entry of the order of confirmation, the court may issue any order necessary to administer the estate." Additionally, Bankruptcy Rule 9007 grants this Court general authority to regulate notices, and Bankruptcy Rule 1015(c) provides that this Court "may enter orders as may tend to avoid unnecessary costs and delay." Fed. R. Bankr. P. 1015(c).

- 13 -

29.     Further, pursuant to Article XII of the Plan, this Court retained "exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan . . . , including jurisdiction . . . to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary appropriate to implement such releases, injunctions, and other provisions" and "to issue such orders in aid of execution of the Plan, to the extent authorized by section 1142 of the Bankruptcy Code."

30.     The Liquidating Trust respectfully submits that the approval and implementation of the Plan Injunction Procedures is well within this Court's equitable powers provided by section 105 of the Bankruptcy Code and in accordance with the applicable Bankruptcy Rules and relevant provisions of the Plan.

**B.      The Litigations are Subject to the Plan Injunction Provisions**

31.     The Liquidating Trust believes that the Litigations fall squarely within the Plan Injunction Provisions, and pursuant to Article XII of the Plan and Paragraph 66 of the Confirmation Order, this Court retained exclusive jurisdiction to hear all matters pertaining to the Plan Injunction Provisions.

32.     Given the number of pending litigations whose continued prosecution would appear to violate the Plan Injunction Provisions, the Liquidating Trust and their professionals have had no choice but to devote substantial resources in addressing these Litigations (even on a preliminary basis) at a cost to these estates that is not insignificant.  In addition, each time the Liquidating Trust receives notice that new Litigation has been filed against the Debtors, the Liquidating Trust has filed a notice in a form substantially similar to the

Status Notice attached to the Proposed Order as **Annex D** in order to provide the court before which the Litigation is pending notice of the Plan Injunction Provisions.

33.    The Plan Injunction Procedures will afford the Liquidating Trust an opportunity to evaluate each Litigation and engage in a constructive dialogue with the Plaintiffs regarding the applicability of the Plan Injunction Provisions.  Ideally, these efforts will not only prove to be a better use of the Liquidating Trust's resources, but they will also lead to a resolution and consensual dismissal of the Litigations against the Debtors without resort to further litigation.  If the parties are unable to reach a resolution following receipt of the Letter Request, the Liquidating Trust believes that judicial economy is best served by allowing the Liquidating Trust to file omnibus motions seeking to enforce the Plan Injunction Provisions, rather than filing numerous, virtually identical individual motions.

34.    For these reasons, this Court's approval of the Plan Injunction Procedures is in the best interests of the estates and the Liquidating Trust's beneficiaries.

## NOTICE

35.    The Liquidating Trust has served notice of the Motion in accordance with the Case Management Procedures [Docket No. 141], including upon all presently known Plaintiffs and their counsel.  The Liquidating Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

36.    No previous request for the relief sought herein has been made by the Liquidating Trust to this or any other court.

## **CONCLUSION**

WHEREFORE, the Liquidating Trust respectfully requests that this Court enter

an order substantially in the form of the Proposed Order granting the relief requested herein and

granting such other relief as is just and proper.

Dated: New York, New York
      February 19, 2015

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer_____
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

## Exhibit 1

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------
)
In re:                                          )       Case No. 12-12020 (MG)
)
RESIDENTIAL CAPITAL, LLC, et al.,               )       Chapter 11
)
                              Debtors.          )       Jointly Administered
)
------------------------------------------------------------

### ORDER GRANTING THE MOTION FOR ENTRY OF
### AN ORDER ESTABLISHING PROCEDURES ENFORCING
### INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER

Upon the motion (the "**Motion**")[1] of the ResCap Liquidating Trust (the

"**Liquidating Trust**") established pursuant to the terms of the confirmed Plan filed in the above-

referenced Chapter 11 Cases and as successor in interest to the Debtors, seeking entry of an order

approving procedures to enforce the Plan Injunction Procedures, pursuant to sections 105(a),

105(d), 524, and 1141 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules

1015(c), 3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure, and Article XII of the

Plan; and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28

U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a

core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been

provided, and it appearing that no other or further notice need be provided; and upon

consideration of the Motion and the *Declaration of William R. Thompson in Support of the*

*Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan*

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
       in the Motion.

*and Confirmation Order* annexed to the Motion as **Exhibit 2**; and the Court having found and

determined that the relief sought in the Motion is in the best interests of the Liquidating Trust,

the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and

factual bases set forth in the Motion establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is hereby

<b>ORDERED, ADJUDGED, AND DECREED THAT:</b>

1.      The relief requested in the Motion is granted as provided herein.

2.      The Case Management Order continues to be in full force and effect.

3.      The Plan Injunction Procedures are approved as follows:

**Procedures**

a) Upon the identification of a Litigation that is subject to the Plan
Injunction Provisions, the Liquidating Trust (or its counsel) may send
a letter (the "**Letter Request**"), substantially in the form attached
hereto as **Annex A**, to the Plaintiff and its counsel (if any) by first-
class mail to their last known address. The Letter Request will request
that the Plaintiff dismiss the Litigation with respect to the Debtors
within thirty (30) days (the "**Dismissal Deadline**").[2]

b) In the event that the Litigation is not dismissed prior to the Dismissal
Deadline, the Liquidating Trust is authorized to file an omnibus
motion seeking entry of an order from this Court directing the
opposing party(s) to dismiss the relevant Litigation with respect to the
Debtors (the "**Omnibus Enforcement Motion**"). The Omnibus
Enforcement Motion shall be accompanied by a declaration from an
appropriate employee of the Liquidating Trust and shall identify (i)
each Plaintiff and its counsel, (ii) the case caption, index number, and
jurisdiction of the relevant Litigation, (iii) a short statement as to the
applicability of the Plan Injunction Provisions to the Litigation, and
(iv) the date on which the Liquidating Trust sent the opposing party
and its counsel the Letter Request. Each Omnibus Enforcement

---

[2] For the avoidance of doubt, in the event that the Liquidating Trust (or its counsel) already sent a Letter Request to
the Plaintiff and its counsel (if any), the Liquidating Trust shall not be required to send another Letter Request to
such party.

Motion may identify up to twenty (20) Litigations for which the Liquidating Trust sent the Plaintiff a Letter Request but the Plaintiff failed to dismiss the Litigation with respect to the Debtors by the Dismissal Deadline.

c) The Liquidating Trust shall serve the Omnibus Enforcement Motion on the Plaintiff and its counsel by first-class mail (or at the election of the Liquidating Trust, overnight courier) to the last known address of the Plaintiff and its counsel.  The notice accompanying an Omnibus Enforcement Motion (the "**Specialized Notice**") shall be in the form substantially in the form attached hereto as **Annex B**, and shall describe the pertinent information about the relief sought, including (i) the name of the Plaintiff, (ii) the name of the Debtor or Debtors that are party to the Litigation, (iii) the case caption, index number, and jurisdiction of the relevant Litigation, (iv) the date on which the Liquidating Trust sent the Plaintiff the Letter Request, (v) an explanation of the nature of the relief sought in the Omnibus Enforcement Motion, (vi) a description of the applicable response and hearing procedures, including the response deadline and hearing date, and (vii) instructions for how to seek to consensually resolve the Omnibus Enforcement Motion.

d) The hearing on an Omnibus Enforcement Motion shall be set for no less than thirty (30) days after service of the Omnibus Enforcement Motion.  Any response must be filed with the Court (a "**Response**") and received by the Liquidating Trust no later than twenty-one (21) calendar days after service of an Omnibus Enforcement Motion. The deadline to file a timely Response will be clearly set forth in the Specialized Notice.

e) Upon receipt of a timely Response to an Omnibus Enforcement Motion, if the Liquidating Trust determines that discovery is necessary in advance of a hearing on the matter, the Liquidating Trust may convert the hearing into a status conference in which the parties may request that the Court issue a scheduling order to facilitate resolving the matter.  In such an event, the Liquidating Trust shall notify the relevant Plaintiff that the scheduled hearing will be treated as the initial status conference.  Such notice may be incorporated into the agenda for the hearing, or may be provided to the Plaintiff and its counsel by first-class mail, overnight courier, or e-mail, at the election of the Liquidating Trust. At the Liquidating Trust's discretion and

- 3 -

after notice to the relevant Plaintiff, a hearing on an Omnibus Enforcement Motion may be adjourned to any subsequent omnibus hearing date.

f) If no Response to an Omnibus Enforcement Motion is timely filed and served by the established deadline with respect to a particular Litigation, the Liquidating Trust may submit a form of order sustaining the Omnibus Enforcement Motion with respect to such Litigation.

g) If a timely Response is filed, then the deadline for the Liquidating Trust or any other party in interest to file a reply to a Response shall be on or before two (2) business days prior to the scheduled hearing on the Omnibus Enforcement Motion (the "**Reply Deadline**").

h) An order granting an Omnibus Enforcement Motion (an "**Omnibus Enforcement Order**") shall provide the Liquidating Trust with the ability (i) to seek sanctions in the event that the Plaintiff continues in its refusal to dismiss the Litigation with respect to the Debtors, including reasonable fees and costs incurred by the Liquidating Trust in prosecuting the Omnibus Enforcement Motion, and (ii) to file a notice in a form substantially similar to that attached to the Proposed Order as **Annex C** (the "**Order Notice**") in each court before which a Litigation subject to the Omnibus Enforcement Order is pending, including a description of the Omnibus Enforcement Order and the Liquidating Trust's ability to seek sanctions.

i) In the event a court before which a Litigation is pending requests an update with respect to the Chapter 11 Cases and the Plan Injunction Provisions, or in the event that the Liquidating Trust wishes to provide such an update, the Liquidating Trust may file a notice in a form substantially similar to that attached hereto as **Annex D** (the "**Status Notice**"), which includes a description of the relevant Plan Injunction Provisions and the existence of these Plan Injunction Procedures.  In the event such a court seeks to determine the applicability of the Plan Injunction Provisions, including after a Status Notice is filed, the Liquidating Trust shall be authorized to seek relief from this Court on an expedited basis on such notice as may be determined by this Court upon the filing of an emergency ex parte motion with the Court.

j) With respect to any Litigation in which the Plaintiff is a Borrower (as that term is defined in the Plan) and asserts solely Non-Monetary

- 4 -

Claims in the Litigation (such a Litigation, a "**Foreclosure Relief Proceeding**"), the Liquidating Trust may file a notice in a form substantially similar to that attached hereto as **Annex E** (the "**Servicing Transfer Notice**") which includes a description of the sale and transfer of the Debtors' servicing business, the Plan Injunction Provisions, and the existence of these Plan Injunction Procedures; *provided, however*, that nothing herein shall prevent the Liquidating Trust from, in its sole discretion, participating fully in the Foreclosure Relief Proceeding.

4.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Local Bankruptcy Rules of this Court are satisfied by such notice.

6.      Nothing herein shall be deemed to modify the Plan Injunction Provisions or the Supplemental Servicing Order, which shall remain in full force and effect in accordance with their terms.

7.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2015
        New York, New York

        _____
        THE HONORABLE MARTIN GLENN
        UNITED STATES BANKRUPTCY JUDGE

**<u>Annex A</u>**

[DATE]


[OPPOSING COUNSEL NAME]
[ADDRESS 1]
[ADDRESS 2]
[CITY, STATE ZIP]


Re:    [Title of Litigation]

Dear [OPPOSING COUNSEL NAME]:

I am writing to you in my capacity as counsel to the ResCap Liquidating Trust (the "**Liquidating Trust**"), the successor in interest to Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**").

As you are aware, on May 14, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

On August 29, 2012, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Bankruptcy Docket 1309] (the "**Bar Date Order**"). The Bar Date Order established, among other things, November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**Bar Date**"). On November 7, 2012, in light of the damage caused by Superstorm Sandy, the Bankruptcy Court entered an order extending the Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Bankruptcy Docket 2093]. Paragraph 11 of the Bar Date Order provides that any party that did not file a proof of claim "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim."

On December 11, 2013, the Bankruptcy Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Bankruptcy Docket 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**") [Bankruptcy Docket 6065-1]. The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

Both Section G of Paragraph 40 of the Confirmation Order and Article IX.I of the Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan. Further, under Article VIII.B of the Plan, claims that were not timely

filed by the Bar Date are released as of the Effective Date.

According to the Debtors' records, [Party] did not timely file a proof of claim in the Bankruptcy Cases and is barred from continuing to prosecute this [action/appeal] against [Debtor Entity] under the injunction provided for in the Plan and Confirmation Order.  Therefore, [Party] must immediately dismiss this [action/appeal] or face possible sanctions by the Bankruptcy Court for violating the injunction.

***In the event [Party] does not voluntarily dismiss this [action/appeal]against [Debtor Entity] within 30 days of the date hereof, or [DATE], the Liquidating Trust shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, (ii) prohibiting [Party] from continuing prosecution of this [action/appeal] against [Debtor Entity], and (iii) approving sanctions in the event [Party] fails to comply with the order***.

Please do not hesitate to contact [counsel contact information] if you would like to discuss this matter.  In addition, you may obtain information regarding the Bankruptcy Cases, including copies of the Confirmation Order, the Plan, and the Bar Date Order via the Debtors' chapter 11 website at http://www.kccllc.net/rescap.

Very truly yours,


[Counsel]

cc:

**Annex B**

**THIS IS A NOTICE REGARDING YOUR LITIGATION AGAINST [DEBTOR(S)]. YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE MOTION.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------

**NOTICE OF HEARING ON THE RESCAP**
**LIQUIDATING TRUST'S OMNIBUS MOTION TO ENFORCE**
**INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER**

**[Plaintiff]**

| Proposed Action to be Enjoined | | | | Relief Sought |
|---|---|---|---|---|
| Enjoined Party | Debtor(s) party to Litigation | Litigation | Date on which Letter Request Sent | |
| | | [Case Caption, Index Number, and Jurisdiction] | | |

PLEASE TAKE NOTICE that, on [   ], 2015, the ResCap Liquidating Trust (the "**Trust**"), as successor in interest to the Debtors[1] in the above-captioned Chapter 11 cases, filed its *Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order* (the "**Motion**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Motion requests that the Bankruptcy Court enter an order (i) enforcing the injunctive provisions of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] (the "**Plan**"), which was confirmed by the order of the Bankruptcy Court entered December 11, 2013 [Docket No. 6065] (the "**Confirmation Order**"), (ii) prohibiting you from continuing

---

[1] A list of the debtors in these Chapter 11 cases (the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.kccllc.net/rescap.

prosecution of the action listed above under PROPOSED ACTION TO BE ENJOINED, and (iii) approving sanctions in the event you fails to comply with the order.

Previously, on [DATE], the Liquidating Trust sent you a letter informing you of the injunctive provisions of the Plan and the Confirmation Order, and requesting that you dismiss your litigation against the Debtors within 30 days of the date of the letter (the "**Letter Request**").  As you have not complied with the Letter Request, the Liquidating Trust is seeking the relief against you as described more fully in the Motion.

**If you oppose the relief sought in the Motion, then you MUST file with the Bankruptcy Court and serve on the parties listed below a written response to the Motion that is received on or before 4:00 p.m. Prevailing Eastern Time on [     ], 2015 (the "Objection Deadline").**

Your response, if any, must contain at a minimum the following:  (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Motion to which the response is directed; (ii) the name of the plaintiff in the action and description of the basis for the action; (iii) a concise statement setting forth the reasons why the action should not be enjoined, for the reasons set forth in the Motion, including, but not limited to, the specific factual and legal bases upon which you rely in opposing the Motion; (iv) all documentation or other evidence upon which you will rely in opposing the Motion; (v) the address(es) to which the Trust must return any reply to your objection; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the objection on your behalf.

The Bankruptcy Court will consider an objection only if the objection is timely filed, served, and received.  An objection will be deemed timely filed, served, and received only if the original objection is actually received on or before the Objection Deadline by (a) the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew and Meryl L. Rothchild); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Ave., Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

**A hearing will be held on [   ], 2015 to consider the Motion**.  The hearing will be held at **10:00 a.m.** Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 501.  If you file a written response to the Motion, you should plan to participate in the hearing.  The Trust, however, reserves the right to continue the hearing on the Motion with respect to your action.  If the Trust does continue the hearing with respect to your action, then the hearing will be held at a later date.  If the Trust does not continue the hearing with respect to your action, then a hearing on the Motion will be conducted on the above date.

**You may participate in a hearing telephonically provided that you comply with the Bankruptcy Court's instructions, which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.**

If you wish to view the complete Motion, you can do so on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at [www.pacer.psc.uscourts.gov](www.pacer.psc.uscourts.gov)), or for free at [http://www.kccllc.net/rescap](http://www.kccllc.net/rescap).  If you have any questions about this notice or the Motion, or if you would like to request a complete copy of the Motion at the Trust's expense, please contact the Debtors' approved claims agent Kurtzman Carson Consultants, LLC at (888) 926-3479.

If you would like to discuss this matter or consensually resolve the Motion as to your action,  please contact counsel to the Trust, Joseph A. Shifer, at 212-715-9517 or via email at jshifer@kramerlevin.com.

PARTIES SHOULD <u>NOT</u> CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MOTION.

DATED:          [  ] 2015
                New York, New York

**KRAMER LEVIN NAFTALIS & FRANKEL LLP**
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**<u>Annex C</u>**

**[CAPTION]**

**<u>NOTICE OF BANKRUPTCY COURT ORDER</u>**

[Debtor Entity], by and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Court Order, and states as follows:

1.      On May 14, 2012 (the "**<u>Petition Date</u>**"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**<u>Debtors</u>**"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**<u>Bankruptcy Court</u>**").    The Debtors' Chapter 11 cases (the "**<u>Bankruptcy Cases</u>**") are being jointly administered, indexed at case number 12-12020 (MG).

2.      On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "**<u>Confirmation Order</u>**") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "**<u>Plan</u>**").    The effective date under the Plan occurred on December 17, 2013 (the "**<u>Effective Date</u>**").

3.      On [Date], the Bankruptcy Court entered the attached [Order Granting Omnibus Motion to Enforce the Chapter 11 Plan Injunction], which (i) bars [Plaintiff] from continuing to prosecute this action against [Debtor Entity] under the injunction provisions of the Plan and Confirmation Order, and (ii) permits the Liquidating Trust to seek sanctions in the event [Plaintiff] continues in its refusal to dismiss this action with respect to the Debtors.

Respectfully submitted this _____ day of _____, 2015.

[Counsel]

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http://www.kccllc.net/rescap

**<u>Annex D</u>**

**[CAPTION]**

## [Debtor Entity]'S NOTICE OF BANKRUPTCY STATUS

[Debtor Entity], by and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Status, and states as follows:

4.     On May 14, 2012 (the "**Petition Date**"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").    The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

5.     On [Date], the undersigned caused to be filed in this present matter a Notice of Bankruptcy and Supplemental Servicing Order (the "**Notice**") [Docket No. __] to inform the Court and the parties of the Bankruptcy Cases and the automatic stay imposed by section 362 of the United States Bankruptcy Code.

6.     On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "**Confirmation Order**") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "**Plan**").    The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

7.     Both the Plan and Confirmation Order provide for the extension of the automatic stay through the Effective Date and provide that the injunctive provisions of the Plan and Confirmation Order will remain in full force and effect following the Effective Date.

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http:/www.kccllc.net/rescap

(Confirmation Order, ¶ 63(g); Plan, Art. XIII.K).  **Moreover, both Section G of Paragraph 40 of the Confirmation Order and Article IX.I of Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan**.

8.      Article VIII.B of the Plan provides that the claim of any creditor of the Debtors that failed to file a proof of claim by the applicable deadline "SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT." (emphasis in original).

9.      In addition, pursuant to Article XII of the Plan and Paragraph 66 of the Confirmation Order, the Bankruptcy Court retained exclusive jurisdiction to hear all matters pertaining to the injunction provided for in the Plan and Confirmation Order.  Specifically, the Plan provides as follows:

> **RETENTION OF JURISDICTION**
> Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction:
>
> …
>
> (c) **to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions**;
> ….

- 2 -

(Plan, Art. XII) (emphasis added).  In addition, the Confirmation Order provides as follows:

> **Retention of Jurisdiction**. The business and assets of the Debtors shall remain subject to the jurisdiction of this Court until the Effective Date. Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including jurisdiction over those matters and issues described in Article XII of the Plan, including with respect to (i) insurance settlements and disputes involving insurance policies settled or otherwise addressed under or in connection with the Plan, and (ii) the Claims filed by WFBNA in these Chapter 11 Cases and any Claims or Causes of Action that may be asserted by WFBNA against any of the Ally Released Parties.

(Confirmation Order, ¶ 66).

10.    According to the Debtors' records, [Party] did not file a proof of claim in the Bankruptcy Cases and is barred from continuing to prosecute this [action/appeal] against [Debtor Entity].  Therefore, [Debtor Entity] [has contacted/shall contact] [Party] in writing and request that [Party] agree to dismiss this [action/appeal] against [Debtor Entity].  In the absence of a consensual dismissal, in accordance with the Plan and Confirmation Order, [Debtor Entity] shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting [Party] from continuing prosecution of this [action/appeal] against [Debtor Entity].

11.    For the avoidance of doubt, [Debtor Entity] is not seeking any relief from the Court by this Notice of Bankruptcy Status, and is submitting this Notice of Bankruptcy Status solely for the purpose of providing the Court and the parties to this [action/appeal] with an update as to the status of the Bankruptcy Cases.  On [Date], the Bankruptcy Court entered the *Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order* [Docket No. __], and [Debtor Entity] submits this Notice of Bankruptcy Status pursuant to that order.

- 3 -

Respectfully submitted this ____ day of _____, 2015.

[Counsel]

**Annex E**

**[CAPTION]**

**SERVICING TRANSFER NOTICE**

[Debtor Entity], by and through its undersigned counsel, respectfully submits this Servicing Transfer Notice, and states as follows:

1.      On May 14, 2012 (the "**Petition Date**"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").   The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

2.      By Order dated November 21, 2012, the Court approved the sale of the Debtors' mortgage origination and servicing platform to Ocwen Loan Servicing LLC ("**Ocwen**") and its designee, Walter Investment Management Corp. ("**Walter**") [Docket No. 2246] (the "**Ocwen Sale Order**").   The transactions comprising the sale of the Debtors' mortgage origination and servicing platform (the "**Sale**") closed in two parts: the sale to Walter closed on January 31, 2013, and the sale to Ocwen closed on February 15, 2013.

3.      On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "**Confirmation Order**") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "**Plan**").   The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http:/www.kccllc.net/rescap

4.      [On [DATE], the undersigned caused to be filed in this present matter a Notice of Bankruptcy and Supplemental Servicing Order (the "**Notice**") [Docket No. __] to inform the Court and the parties of the Bankruptcy Cases and the automatic stay imposed by section 362 of the United States Bankruptcy Code.]

5.      Pursuant to the Plan and Confirmation Order, the Plaintiff is prohibited from pursuing monetary claims against [Debtor Entity], but may proceed with non-monetary relief.  However, as a result of the Sale, [Debtor Entity] is no longer the servicer of the loan that is the subject of this proceeding.

6.      For the avoidance of doubt, [Debtor Entity] is not seeking any relief from the Court by this Servicing Transfer Notice, and is submitting this Servicing Transfer Notice solely for the purpose of providing the Court and the parties to this [action/appeal] with an update as to the status of the Bankruptcy Cases.  On [Date], the Bankruptcy Court entered the *Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order* [Docket No. __], and [Debtor Entity] submits this Notice of Bankruptcy Status pursuant to that order.

Respectfully submitted this ____ day of _____, 2015.

[Counsel]

- 2 -

**<u>Exhibit 2</u>**

**Thompson Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------
                      )

In re:                      )        Case No. 12-12020 (MG)

                      )

RESIDENTIAL CAPITAL, LLC, et al.,   )        Chapter 11

                      )

              Debtors.      )        Jointly Administered

                      )
------------------------------------------------------------

**DECLARATION OF WILLIAM R. THOMPSON IN SUPPORT OF THE MOTION FOR
ENTRY OF AN ORDER ESTABLISHING PROCEDURES ENFORCING INJUNCTIVE
PROVISIONS OF PLAN AND CONFIRMATION ORDER**

I, William R. Thompson, hereby declare as follows:

      1.     I serve as the General Counsel for the ResCap Liquidating Trust (the

"**Liquidating Trust**"), and previously served as General Counsel for Residential Capital, LLC

("**ResCap**"), and its subsidiaries (collectively, the "**Debtors**"). My employment with the

company began in April 2005, serving as Chief Litigation Counsel for GMAC Mortgage, LLC

("**GMACM**"), and later for its parent, ResCap. In those capacities, I had supervisory

responsibility over all of the mortgage litigation portfolio, including core mortgage cases

involving all origination and servicing issues, and personally handled or supervised all

commercial, complex, and class action cases for the mortgage entities. I assumed the role of

General Counsel for ResCap and its subsidiaries in February 2013.

      2.     Prior to my employment by GMACM and ResCap, I served as Senior

Vice President and Associate General Counsel in charge of litigation for American Business

Financial Services ("**ABFS**"), a residential home mortgage lender, securitizer, and servicer. At

ABFS, I personally oversaw all of ABFS' mortgage origination and servicing cases as well as its

commercial disputes, securities litigation, class actions, complex litigation, employment

litigation, and government investigations. I also helped support its operations after it filed for bankruptcy in or about December 2004. Before working for ABFS, I was the Chair of the Litigation Group for the City of Philadelphia Law Department. I also served as Acting City Solicitor for the City of Philadelphia. Prior to joining the Philadelphia Law Department, I was a partner at Klehr, Harrison, Harvey, Branzburg LLP in Philadelphia, Pennsylvania, and maintained a sophisticated commercial litigation practice there for over twelve years. I began my career as an Assistant District Attorney in the Philadelphia District Attorney's Office.

3.       As General Counsel for ResCap, I had supervisory responsibility over litigation for the Debtors and am now responsible for the management of litigation for the Liquidating Trust.  I am generally familiar with the Debtors' litigation matters.  I am authorized to submit this declaration (the "**Declaration**") in support of the *Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order* (the "**Motion**").[1]

4.       Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge; information supplied or verified by personnel in departments within the Debtors' various business units; my review of the Debtors' litigation case files, books and records, as well as other relevant documents; my discussions with other members of the Debtors' legal department; information supplied by the Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent; or my opinion based upon my experience, expertise, and knowledge of the Debtors' litigation matters, financial condition and history. In making these statements based on my review of the Debtors' litigation case files, books and records, relevant documents, and other

---

[1]     Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

information prepared or collected by the Debtors' employees, consultants or counsel, I have relied upon these employees, consultants, and counsel accurately recording, preparing, collecting, or verifying any such documentation and other information. If I were called upon to testify, I could and would testify competently to the facts set forth in the Motion on that basis.

5.       There remain approximately 361 pending Litigations in which the plaintiff or counterclaim plaintiff asserts claims against (i) the Debtors for which the Plaintiff did not file a proof of claim (or for which the related proof of claim has been expunged), and/or (ii) the Debtors' current and former directors, officers, and/or employees.   Additional Litigations continue to be filed against the Debtors.

6.       Despite the Plan Injunction Provisions, the Plaintiffs, many of them appearing *pro se*, persist in commencing or continuing the Litigations in violation of the Plan Injunction Provisions and/or the Third Party Release.  Attached to this Declaration as **Annex A** is a list of each of the approximately 361 known Litigations, including approximately 82 with Plaintiffs that are represented *pro se*.

7.       Managing and responding to the Litigations present a potential significant burden to the Liquidating Trust's time, efforts, and resources.  Moreover, the Litigations are pending before a multitude of state and federal courts and are in various procedural postures, including a number of appeals. Requiring the Liquidating Trust to file virtually identical motions to enforce the Plan Injunction Provisions for each individual litigant, rather than omnibus motions, is contrary to judicial economy and will increase the Liquidating Trust's administrative costs, reducing the amounts available for distribution to creditors.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

- 3 -

Dated:  February 19, 2015

         /s/ William R. Thompson
William R. Thompson
General Counsel for the ResCap
Liquidating Trust

**<u>Annex A</u>**

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 1 | American Pointe Realty, Ltd. vs. Homecomings Financial Network, Inc., GMAC Mortgage, LLC., Merscorp and MERS | Texas | Harris County-District Court-125th Judicial District | 2014-34201 | | Kamelia Namazi 12750 S. Kirkwood Road Suite 115 Stafford, TX 77477 |
| 2 | Miami-Dade County v. 6045 NW 186 St. | Florida | Miami-Dade County Building and Neighborhood Compliance Department, FL | 2013-T035844 | | Jose Lopez Code Enforcement Officer Building & Neighborhood Compliance Department, (Clerk of Courts - Code Enforcement Intergov Svcs Div. 111 NW 1st Street, Suite 1750 Miami, FL 33128 305-375-2333 |
| 3 | Azzam A. Abdo Vs. Nation Star LLC, GMAC Inc, Homecomings Financial LLC, | California | Santa Clara County-Superior Court | 114CV266123 | Pro Se | Azzam Abdo 1580 Aldrich Way San Jose, CA 95121 |
| 4 | Robert Abele, an individual v. Litton Loan Servicing, a California Business Entity, Ocwen Financial Corporation, a California Business Entity, Prommis Solutions, a California Business Entity, Lauren Briggs, an individual, Residential Funding Company, LLC, | California | San Diego County-Superior Court | 37-2011-00059941-CU-OR-NC | | Audrey Powers Thornton THORNTON KOLLER 2100 Palomar Airport Road Ste. 213 Carlsbad, CA 92011 |
| 5 | Gary Adams and Lisa Adams v. Jeffrey T. Fletcher, d/b/a Streamline Builders & Remodeling and GMAC Mortgage, LLC, and Fletcher vs GMAC Mortgage, LLC | Michigan | Genesee County-Circuit Court-7th Judicial Circuit | 12-99407 | | Rita M. Lauer WINEGARDEN, HALEY, LINDHOLM & ROBERTSON, P.L.C. G-9460 South Saginaw Road Suite A Grand Blanc, MI 48439 |
| 6 | ALABI - OLATUNJI ALABI VS. HOMECOMINGS FINANCIAL NETWORK; ACCREDITED HOME LENDERS, INC. | Illinois | U.S. Court of Appeal-7th District | 12-1270 | Pro Se | Olatunji Alabi 2001 South Michigan Avenue Apt. 15-M Chicago, IL 60616 |
| 7 | GMAC Mortgage, LLC v. Melissa Alderman and Matthew Alderman | West Virginia | Upshur County-Circuit Court | 13-C-18 | | Richard Marsh, Esq,McNeer, Highland, McMunn and Varner, L.C. Empire Building 400 West Main Street P.O. Drawer 2040 Clarksburg, WV 26302-2040 |
| 8 | ANTAQUILA ALLEN V. GMAC MORTGAGE; HOMECOMINGS FINANCIAL AND CYPREXX SERVICES, LLC. | Illinois | Cook County-Circuit Court | 2010L066051 | | ERNEST B FENTON ATTORNEY AT LAW Ernest Fenton 935 W. 175th St. Homewood, IL 60430 |
| 9 | J. Redding, LLC, DBA Horizon Restoration, an Oregon limited liability Company v. Ash Creek Park Condominium Homeowners' Association, an Oregon corporation; Lorraine Phil-Alexander, an individual; Wells Fargo Bank, N.A., a national banking association; Wel | Oregon | Washington County-Circuit Court | C-12-1744CV | | Ball Janik, LLC Blake Robinson 101 SW Main St Suite 1100 Portland, OR 97204 |
| 10 | ALTON - PATRICIA ALTON VS. GMAC MORTGAGE, LLC, DANNY SOTO, GREENPOINT MORTGAGE FUNDING, INC., MERS, INC., ALLIANCE TITLE COMPANY, LISA TRAN | California | Santa Clara County-Superior Court | 1-09-CV-155505 | | Anthony H. Santucci    1459 18th Street    Suite 210 San Francisco, CA 94107 |
| 11 | GMAC MORTGAGE, LLC V. Chevez Betsabe, Marleng Garcia, Carlos Alfaro et al | Massachusetts | Commonwealth of Mass, Housing Court Dept, Northeast Division | 13-SP-0429 | | David S. Flores, Esq. P.O. Box 525 Lawrence, MA 01842 |
| 12 | GMAC Mortgage LLC, vs. Daniell Andres; Chad Andres | Florida | Charlotte County-Circuit Court-20th Judicial Circuit | 100452CA | | Joseph A. Heintz, Jr. Law Offices of Joseph A. Heintz, Jr., P.A. 335 Tamiami Trail Port Charlotte, FL 33953 |
| 13 | Josef Arnon vs. GMAC Mortgage, LLC | Florida | Seminole County-Circuit Court-18th Judicial | 12-CA-1450-11-L | | Young Deloach, PLLC Earnest Deloach 1115 East Livingston Street, Orlando, FL 32803 |
| 14 | Marie Dumorne Armand vs. Homecomings Financial Network, Inc., Mortgage Electronic Registration Systems, Inc., GMAC Mortgage LLC and Federal National Mortgage Association | Massachusetts | U.S. Court of Appeal-1st Circuit | 12-1876 | | George Babcock, Esq. Law Offices of George E. Babcock 574 Central Avenue Pawtucket, RI 02861 |
| 15 | Martin Avalos, Maria Guadalupe Pimentel vs GMAC Mortgage Servicing Company; Ocwen Laon Servicing Company; Cal-Western Reconveyance, LLC; DOES 1-20, inclusive | California | Kern County-Superior Court | S-1500-CV-282381 | Pro Se | Martin Avalos Maria Guadalupe Pimentel 433 Via De Moreno Delano, CA 93215 |
| 16 | Lorenzo Avila, an individual; and Veronica Gomez, an individual v U.S. Bank National Association soley as Supplemental interest Trust Trustee for the Benefit of RASC Series 2006-KS9 Supplemental interest trust, home equity mortgage asset-backed pass-thr | California | Ventura County-Superior  Court | 56-2014-00459071-CU-OR-VTA | Pro Se | Mark W. Lapham, Esq.Law Offices of Mark W. Lapham 751 Diablo Road Danville, CA 94526 |
| 17 | Allstate Insurance Company v. GMAC Mortgage Group, LLC | Alaska | District Court for the State of Alaska-3rd Judicial District at Anchorage | 3AN-12-08856CI | | William M. Wuestenfeld, Esq. Wuestenfeld & Corey, LLC 701 West 8th Ave. Suite 1100 Anchorage, AK 99501 |
| 18 | Qadeer Azam Vs. Wells Fargo Bank, National Association. | California | USDC-CD-California | 8:14-cv-00456PSG | | Nina R. Ringgold Law Offices of Nina R. Ringgold 9420 Reseda Blvd. Suite 361 Northridge, CA 91324 |
| 19 | BADILLO- MARCO ANTONIO BADILLO, YANETH F. BADILLO VS. GMAC MORTGAGE. LLC | Texas | Hildago County-District Court | C-237-10-A | | Carlos Villalon, Jr. 7417 North 10th Street McAllen, TX 78504 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 20 | HENRY BAILEY VS GMAC MORTGAGE CORPORATION, BANK ONE, BEAR STEARNS | Oklahoma | Tulsa County-District Court-14th Judicial District | CJ-2012-00409 and CJ-2012-00412  Both these matters consolidated with CJ-2012-00408 | Pro Se | Henry and Carri Bailey 5774 South 8th E, Ave, Tulsa, OK 74145 |
| 21 | Bonnie Baird vs. GMAC Mortgage, LLC, Alliance Financial & Insurance Agency, LLC, Regal Insurance Agency, Inc., Sean Pullen | Michigan | Kent County -Circuit Court-17th Judicial District | 10-08511-CK | | SCOTT E. PEDERSON ATTORNEY AT LAW 2089 Gettysburg Dr SE Kentwood, MI 49508 |
| 22 | Rodney K. Balinski vs GMAC Mortgage Group LLC | Nevada | Clark County-District Court-8th Judicial District | A-09-595244-C | | Brandon L. Phillips, Attorney at Law, PLLC 3790 Paradise Road Suite 205 Las Vegas, NV 89169 |
| 23 | Quamia Ballard Vs. Mortgage Electronic Registration Systems, Inc. As Nominee for HSBC Mortgage Corporation (USA) It's Successors and assigns; Ally Bank FKA | New York | Queens County-Supreme Court-11th Judicial District | 702257/2014 | | Brian McCaffrey, Esq. Brian McCaffrey Attorney at Law, P.C. 88-18 Sutphin Boulevard First Floor Jamaica, NY 11435 |
| 24 | BALLECER - NEIL S. BALLECER V. GMAC MORTGAGE LLC; SYNERGY CAPITAL MORTGAGE MORTGAGE CORPORATION. | California | Orange County-Superior Court | 30-2009-00325634-CU-OR-CJC | | John Dzialo, Esq. John Dzialo Law Office 200 West Santa Anna Blvd. Suite 900 Santa Anna, CA 92701 |
| 25 | Bank of America, N.A., successor by merger to BAC Home Loans Servicing, LP, FKA Countrywide Home Loans Servicing, LP v. GMAC Mortgage, LLC; Quicken Loans, Inc. | Montana | Ravalli County-21st Judicial District Court | DV-12-08 | | Michele L. Braukmann and Ross W. McLinden Moulton Bellingham, PC Suite 1900 Crown Plaza P.O. Box 2559 Billings, MT 59103 |
| 26 | Estate of Spyros Bardis vs. GMAC Mortgage, LLC, Lantana Insurance, LTD. | New Jersey | Monmouth County-Superior Court -Law Division-Civil Part | MON-L1178-13 | | Constantine Bardis, Esq. Law Offices of Constantine Bardis, LLC 1800 Main Street Lake Como, NJ 07719 |
| 27 | Delores Hall Turrill, and Husband Marty Ray Turill v. The Home Bank & Assignees, Homecomings Financial & its Subsequent Assignee JP Morgan Chase Bank, NA, The Closing Place, Richard Steinbronn, William Walt Pettit as Substitute Trustee & William Walt Pett | North Carolina | Clay County-Superior Court-30th Judicial District | 12 CvS 63 | | PARKER LAW FIRM, PC James Parker PO Box 1190 Hayesville, NC 28904 |
| 28 | BOONER BECK AND SHELLI BECK VS GMAC MORTGAGE, Lauren Christoffel, Kimberly Buteaud, Mike Vestal, Barrett Daffin Frappier Turner & Â§ Engel, LLP, alleged substitute trustee, Previous trustee: Thomas E. Black, Jr., Original Mortgagee: Mortgage Electronic | Texas | Comal County-District Court-433rd Judicial District | C2011-0140D | Pro Se | Booner Beck and Shelli Beck 324 Charon Point Spring Branch, TX 78707 |
| 29 | Tim Beebe Vs. GMAC Mortgage | Missouri | Jackson County-Circuit Court-16th Judicial Circuit | 1416-CV-13493 Division 2 | Pro Se | Tim Beebe Danny Hammond 4101 NE Hampstead Drive Lees Summit, MO 64064 |
| 30 | Don Bennets and Teresa Bennetts Vs. GMAC Mortgage, LLC and Does 1 Through 10, inclusive | California | San Diego County-Superior Court | 37-2013-00078931-CL-MC-NC | | Karen Spicker, Esq. Doan Law Firm, LLP 2850 Pio Pico Drive Suite D Carlsbad, CA 92008 |
| 31 | Jack L. Bentier and Janette E. Bentier, Husband and Wife v. GMAC Mortgage, LLC; Ocwen Loan Servicing; Northwest Trustee Services, Inc; Homecomings Financial, LLC; Deutsche Bank Trust Company Americas as Trustee for Rali 2007-QS8; Mortgage Electronic Regis | Washington | King County-Superior Court | 13-2-21667-1-SEA | | Craig R. Elkins Magnum Law Group, PLLC 16301 NE 8th Street Suite 280 Bellevue, WA 98008 |
| 32 | Dirk Beukes and Gesina Beukes vs GMAC Mortgage, LLC as Successor in Interest to Homecomings Financial, LLC; Mortgage Electronic Registration Systems, Inc, a Delaware Corp; Federal National Mortgage Association; John & Jane; Does 1-10 | Minnesota | U.S. Court of Appeal-8th Circuit | 12-2146 | | KEOGH LAW OFFICE Michael Keogh PO Box 11297 St. Paul, MN 55111 |
| 33 | GMAC MORTGAGE LLC V. EREM BIRKAN, AMY BIRKAN, AND MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC. | New Mexico | Santa Fe County-District Court-1st Judicial District | D-0101-CV-2010-01845 | | SCHEUER, YOST & PATTERSON, P.C. Donald Walcott 125 Lincoln Avenue, Santa Fe, NM 87501 |
| 34 | Allen M Hodges vs David K Fogg; Jessica R Bland; Jane Doe; David K Fogg; John Doe; Metrocities Mortgage, LLC; and GMAC Mortgage, LLC | Washington | Pierce County-Superior Court | 112-138190 | | KRILICH LAPORTE WEST & LOCKNER PS Timothy Krilich 524 Tacoma Ave Tacoma, WA 98402 |
| 35 | LOIS M. BLANK  et al vs. GMAC MORTGAGE, LLC AND ALLY FINANCIAL | Ohio | Ashtabula County-Court of Common Pleas | 1:10CV2709 | | Richard E. Hackert, Attorney at Law 1370 Ontario St Ste 2000 Cleveland, OH 44113 |
| 36 | Brandon Bluhm, an individual v. Homecomings Financial, LLC.; Deutsche Bank Trust Company Americas as Trustee for Securitized Trust Rali Series 2007-QS10 Trust; Residential Funding Company, LLC. (Sponsor); Residential Accredit Loans, Inc. (Depositor); Resi | Washington | Mason County -Superior Court | 13-2-00370-1 | Pro se | Brandon Bluhm 1810 East Mason Drive West Grapeview, WA |
| 37 | Union First Market Bank, Successor vs John P Bonesteel and Christine Bonesteel and John P Bonesteel vs GMAC Mortgage,LLC as successor by merger to GMAC Mortgage Corp | Virginia | City of Newport News-Circuit Court | CL-11-01001F-15 | | Stein & Stein P.C. Bennett Stein 724 Shoals Blvd, Suite 100 Newport News, VA 23606 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 38 | Janette Bowen, vs. GMAC Mortgage, LLC, and Colfin AI GA 1, LLC | Georgia | U.S. Court of Appeal-11th Circuit | 15-10489 | Pro Se | Janette Bowen 4030 Weelaanee Road Ellenwood, GA 30294 |
| 39 | Cathy Bowman, vs. GMAC Mortgage, a subsidiary of Ally Financial, Defendants, 2,3,4 and/or 5 being the person or persons,, firm or firms, corporation or corporations responsible in any way for the intentional fraud perpetrated upon the Plaintiff by the Def | Alabama | Etowah County-16th Judicial District-Circuit Court | CV-12-130WAM | | Thomas A. King, Esq. Thomas A. King, P.C. 128 South 8th Street Gadsden, AL  35907 |
| 40 | BRADAC, EMILY VS. DAVID KOHL, DBA, KOHL CONSTRUCTION; NATIONWIDE MUTUAL INSURANCE COMPANY;  VS. GMAC GMAC MORTGAGE CORPORATION nka GMAC MORTGAGE, LLC, THIRD PARTY DEFENDANT | Ohio | Cuyahoga County-Court of Common Pleas | CV06581053 | | Thomas J. Connick, Esq. Dubyak Connick SammonThompson & Bloom 3401 Enterprise Parkway Suite 205 Cleveland, OH  44122 |
| 41 | Country Walk of Lake Ridge Homeowners Association, Inc. vs GMAC Mortgage, LLC and Green Tree Servicing LLC | New Jersey | Ocean County-Superior Court-Special Civil Part | DC-010170-14 | | Laura B. Garber, Esq. McGovern Legal Services 850 Route 1 North P.O. Box 1111 North Brunswick, NJ  08903 |
| 42 | Dennis Brearley v. GMAC Mortgage LLC | Massachusetts | Boston Municipal Court | 12-01-SC-002507 | | Joshua E. Latham, Esq., Latham Law Offices, 643 Main Street, Reading, MA 01867 |
| 43 | Fred Breining and Cathy Breining v. Wells Fargo, NA; GMAC Mortgage, LLC; and Does 1-20 inclusive | California | Sacramento County-Superior Court | 34-2012-00121274 | | Law Offices of Jeff Tochterman 925 G Street Sacramento, CA  95814 |
| 44 | Bristol County v. Merscorp inc., Mortgage Electronic Registration Systems inc., Bank of America n.a., BAC Home Loans Servicing lp, Citibank n.a., Citimortgage inc., GMAC Mortgage LLC, JPMorgan Chase Bank n.a., State Street Corp, Wells Fargo Bank n.a., and | Massachusetts | Suffolk County-Superior Court | 12-1246 BLS | | Michael P. Thornton, Esq. Thornton & Naumes, LLP 100 Summer Street 30th Floor Boston MA  02110-2106 |
| 45 | Steven D. Brockman and Edna C. Brockman v. GMAC Mortgage, LLC,  Executive Trustee Services, LLC, Mortgage Electronic Systems, Inc. and Does 1-100 | California | Madera County-Superior Court | MCV057494 | | Michael W. Johnson Johnson & Johnson, LLP 26060 Acero Parkway Suite 100 Mission Viejo, CA  92691 |
| 46 | James Brown vs. GMAC Mortgage, LLC f/k/a GMAC Mortgage Corporation and Pite Duncan, LLP | Texas | Harris County-District Court-125th Judicial District | 2012-19411 | | THE HOOPER LAW FIRM, P.C. Michael Hooper 23930 Westheimer Parkway, Katy, TX 77494 |
| 47 | Bank of America, N.A. vs. GMAC Mortgage LLC; Executive Trustee Services, LLC; Jim E. Brown; Stacey L. Brown and ALL persons unknown claiming any legal or equitable right, title, estate, lien or interest in the property adverse to plaintiff's title, or any | California | Riverside County-Superior Court | RIC1411684 | | Francis J. Cunningham III, Esq. Cunningham & Treadwell Warner Center Towers Suite 840 21800 Oxnard Street Woodland Hills, CA  91367-3640 |
| 48 | GMAC Mortgage, LLC v. Barbara A. Bruno, Benjamin M. Bruno; Mortgage Electronic Registration Systems, Inc. as no nominee for GMAC Mortgage, LLC D/B/A Ditech; "John Doe #1-5" and "Jane Doe #1-5" said names being ficticious, it being the intention of Plainti | New York | Suffolk County-Supreme Court-10th Judicial District | 13-4585 | | The Law Office of Avram E. Frisch LLC Avram E. Frisch 4 Forest Avenue Suuite 200 Paramus, New Jersey 07652 |
| 49 | Saddy Bulla and Rosalina Bulla vs. US Bank Trustee NA as trustee for RASC 2007 EMX1; U.S. Bancorp; Residential Asset Securities Corporation; GMAC Mortgage LLC; Ocwen Loan Servicing, LLC, successor in interest to GMAC Mortgage LLC; Residential Capital, LLC | Florida | Broward County-Circuit Court-17th Judicial Circuit | CACE 14-017347 | | J.E. Spence, P.A. Janet Spence 1900 N. University Drive Suite 203 Pembroke Pines, FL  33024 |
| 50 | Raleigh G Bunker, Makensie Binggeli vs Homecomings Financial, LLC fka Homecomings Financial Network, Inc, a Delaware limited liability company; Premier Title Insurance Agency, Inc, a Utah corporation; Does 1-5 unknown parties in interest | Utah | Salt Lake County-District Court-3rd Judicial District | 100918233 | Pro Se | Raleigh G. Bunker Makensie Binggeli 9299 South Hidden Peak Drive West Jordan, UT 84088 |
| 51 | Eddie Burdette and Mitzie Burdette v. Bank of New York Mellon Trust Company, National Association, and GMAC Mortgage, LLC | South Carolina | Anderson County-Circuit Court-10th Judicial District | 2013-CP-04-00098 | | THE GRIFFIN FIRM, LLC Charles Griffin 136 North Main Street Anderson, SC  29621 |
| 52 | The City of Chicago vs. Kyena Butler, GMAC Mortgage, LLC, Mortgage Electronic Registration System Inc., as nominee for Fieldstone Mortgage Col, Fieldstone Mortgage Co., Ocwen Loan Servicing, LLC, as servicer, MIN # 100052624210083178, Wheeler-Dealer LTD., | Illinois | Cook County-Circuit Court-Municipal Department-1st District | 14M1 402807 | | Julie Ladores City of Chicago Darptment of Law, Building and License 30 N. LaSalle Street, Room 700 Chicago, IL  60602 |
| 53 | Stephen F. Buzzell and Kimberly B. Buzzell v. JPMorgan Chase Bank, Residential Funding Corporation, John Doe and Jane Doe | Virginia | U.S. Court of Appeal-4th Circuit | 14-1785 | Pro Se | Mr. and Mrs. Stephen Buzzell 151 Catch Penny Lane Lively, VA  22503 |
| 54 | Larry C. Byrd and Pennie J. Byrd vs. GMAC Mortgage, LLC | Wyoming | Sweetwater County-District Court-3rd Judicial District | C-10-1094-J | | ROBERT J. REESE, ATTORNEY AT LAW 160 East Flaming Gorge Way, Green River, WY 82935 |
| 55 | Henry Deaton, Karen Deaton, Dava Deaton and Barbara Cates v. Brent L. Caldwell, GMAC Mortgage, LLC | New Mexico | Bernalillo County-District Court-2nd Judicial District | D-202-CV-2013-04419 | | James E. Kirk 11927 Menaul NE Suite 201 Albuquerque, NM  87112 |
| 56 | Reinaldo S. Camilo et al  VS MERS, Inc., GMAC Mortgage, LLC et al, Seacoast Mortgage Corp, Federal National Mortgage Association. | Rhode Island | Providence County Superior Court | pc-11-2550 | | George Babcock, Esq. Law Offices of George E. Babcock 574 Central Avenue Pawtucket, RI  02861 |
| 57 | Elizabeth Campana, an Individual v. GMAC Mortgage, LLC, a limited liabilty company; HSBC Bank USA, NA as trustee of DBALT 2007-OA4, a California Corporation; Executive Trustee Services, LLC dba ETS Services, LLC a California Corporation; Homewide Lending | California | California Court of Appeal-2nd Appellate District-Division P | B256931 | | A.O.E. Law and Associates, Inc. Anthony O. Egbase, Esq. 350 S. Figueroa Street Suite 189 Los Angeles, CA  90071 |

Annex & Litigations

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 58 | Manuel Carchi and Rosalina Carchi v. Homecomings Finacial, LLC and John Doe | New York | Queens County-Supreme Court-11th Judicial District | 700960/2013 | | Law Offices of Laurence D. Gerowitz, P.C. Laurence D. Gerowitz, Esq. 30 Broad Street Suite 1428 New York, NY  10004 |
| 59 | Jocelyne Casimir vs. GMAC Mortgage, LLC | Florida | Broward County-Circuit Court-17th Judicial District | 12-24867 | | Law Offices of S. Tracy Long, PA 600 West Hillsboro Blvd. Suite 102 Deerfield Beach, FL  33441 |
| 60 | Robert Castro and Jesusita Castro, as individuals v. GMAC Mortgage, LLC; Mortgage Electronic Registration Systems, Inc; and Does 1 through 50, inclusive | California | Riverside County-Superior Court | RIC 1306794 | | Cyrus Anvaripour Anvaripour & Anaripour 5240 Zelzah Ave. # 206 Encino, CA  91316 |
| 61 | GMAC Mortgage, LLC vs. Cynthia C. Caudill and Jimmie Dean Caudill. Cynthia C. Caudill Counterclaim Plaintiff vs. GMAC Mortgage, LLC Counterclaim Defendant | Oregon | Washington County-Circuit Court | C127189CV | | Benjamin Knaupp Garlan Griffiths Knaupp Attorneys 254 North First Avenue Hillsboro, OR  97124 |
| 62 | Christiana Trust, a division of Wilmington Savings Fund Sosiety, FSB, not in its individual capacity but as trustee of ARLP Trust 3, vs. Brian K. Cenicola; FIA Card Services, N.A.; TD Auto Finance LLC f/k/a Daimlerchrysler Financial Services Americas LLC; | New York | Orange County-Supreme Court-9th Judicial District | 14-8691 | | RAS Boriskin, LLC Anthony Cellucci, Esq. 900 Merchants Concourse Suite LL-5 Westbury, NY  11590 |
| 63 | Citizens Property Insurance Corporation, A Florida Corporation v. Patrick Cesaire and Berloune Cesaire, his wife, and JPMorgan Chase & Company, A Foreign Corporation, and GMAC Mortgage, LLC, A foreign Corporation | Florida | Broward County-Circuit Court-17th Judicial District | 13008851 | | Brett D. Anderson, Esq. 370 Minorca Avenue Suite 5 Coral Gables, FL  33134 |
| 64 | Melvin Chapman and Tracey Chapman v. GMAC Mortgage, LLC,  Federal National Mortgage Association foreign limited partnership | Michigan | Wayne County -Circuit Court-3rd Judicial Circuit | 12-006152-CH | | CAROLYN CHAPMAN MARSH ATTORNEY AT LAW Carolyn Marsh 615 Griswold St Ste 925 Detroit, MI 48226 |
| 65 | CHATMAN–MARCUS CHATMAN AND BERKLEY AND GEORGINA SQUIRES V. GMAC MORTGAGE CORP., GMAC MORTGAGE LLC, ALLY FINANCIAL, INC. F/K/A GMAC, INC. | Alabama | Barbour County-3rd Judicial District-Circuit Court | 60-CV-2008-900015.00 | | Robert G. Methvin, Jr. McCallum Methvin Terrell Attorneys at Law The Highland Bldg. 2201 Arlington Ave. S. Birmingham, AL  35205 |
| 66 | CHRISTIAN COUNTY CLERK, by and through its County Clerk, Michael Kem; WASHINGTON COUNTY CLERK, by and through its County Clerk, GLENN BLACK VS. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS; MERS CORP; BANK OF AMERICA; CCO MORTGAGE CORPORATION; CHASE HOME MORT | Kentucky | USDC-WD-Kentucky  U.S. Court of Appeal-6th Circuit | 5:11-cv-00072-JHM  12-5237 | | Brent L. Crumpton, Esq. Brent L. Crumpton, PC P. O. Box 55955 Birmingham, AL  35255-5955  Craig L. Lowell Dennis G. Pantazis , Jr Wiggins, Childs, Quinn & Pantazis LLC The Kress Building 301 19th Street, North Birmingham, AL 35203  Doris A. Kim Mark K. Gray Matthew L. White Gray & White 713 E. Market Street, Suite 200 Louisville, KY 40202  J. D. Kermode John M. Simms Atkinson, Simmons & Kermode, PLLC 1608 Harrodsburg Road Lexington, KY 40504 |
| 67 | GMAC Mortgage LLC vs. Claire R. Cicchetti, et al | Florida | Palm Beach County-Circuit Court-15th Judicial Circuit | 09-CA-21187-MB | | Richard S. Gendler & Associates, P.A. Martin McCarthy 18300 NW 62nd Avenue, Suite 200 Miami Gardens, FL 33015 |
| 68 | CITY OF NEW ORLEANS V. Homecomings financial, LLC FKA Homecomings Financial Network, LLC | Louisiana | City of New Orleans, Code Enforcement and Hearings Bureau | 13-10671-MPM | | Code Enforcement and Hearings Bureau 1340 Poydras Street Suite 1100 New Orleans, LA  70112 |
| 69 | City of Philadelphia; Department of Licenses and Inspections V. Residential Funding Real. DBA Residential Funding Real 4828 Loop  Central Dr Houston, TX 77081 | Pennsylvania | Philadelphia Municipal Court | CE-13-09-32-0341 | | Greenstein & Associates 1655 Palm Beach Lakes Boulevard, Suite 800 West Palm Beach, Florida  33401 |
| 70 | Joyce Clapham vs. U.S. Bank National Association as Trustee for RASC 2006KS3, GMAC Mortgage, JP Morgan Chase Bank, NA for Ocwen Servicing, LLC. | Texas | Bexar County-District Court-131st Judicial District | 2014-CI-10601 | | Edward P. Cano 201 W. Poplar Street San Antonio, TX  78212 |
| 71 | DANIEL CLARKE AND ANGELA ANGELA CLARKE VS HOMECOMINGS FINANCIAL LLC F/K/A HOMECOMINGS FINANCIAL NETWORK INC, AURORA BANK FBA, MORTGAGE ELECTRONIC RECORDING INC, AND JUANITA STRICKLAND | Texas | Travis County-District Court | D-1-GN-12-000645 | | Ethan Meyers Law Firm LLC Jane Shin 1104 Nueces St Austin, TX 78701 |
| 72 | RANDALL B CLEMONS VS GMAC MORTGAGE LLC | Florida | St. John's County-Circuit Court-7th Judicial Circuit | 16-2010-CA-002498 | | PYCRAFT LEGAL SERVICES, LLC MICHAEL PELKOWSKI 2825 Lewis Speedway #107, St. Augustine, FL 32084 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 73 | Aurora Bank FSB c/o Aurora Loan Services LLC v. Jesus Laboy, Lillian Laboy, Homecomings Financial LLC f/k/a Homecomings Financial Network Inc., Defendants, Migdalia Soto, John Doe No. 1 and John Doe No. 2, Third Party Defendants. | Ohio | Cuyahoga County-Court of Common Pleas | CV12780767 | | Josselson, Stanely L. 1276 West 3rd Street #411, Cleveland, OH 44113 |
| 74 | Lake Forest Condominium Association of Pinellas County, Inc. vs. GMAC Mortgage LLC; John Doe and Jane Doe, as unknown tenants in possession | Florida | Pinellas County-Circuit Court-6th Judicial Circuit | 14-007687-CI | | Business Law Group, P.A. Bruce M. Rodgers, Esq. 301 West Platt Street Suite 375 Tampa, FL 33606 |
| 75 | Michael J. Collins vs. GMAC Mortgage, LLC | New York | Bronx County-Supreme Court-12th Judicial District | 308729/11 | | Thomas W. Williams, Esq. 16 Chestnut Street Suffern, NY 10901-5402 |
| 76 | Commercial Insurance Company and New Jersey Manufacturers Insurance Company a/s/o James a. Kozacheck v. Kathleen Moynihan and James Michael Moynihan, GMAC Mortgage Corporation and John Does, 1 through 5 | New Jersey | Burlington County-Superior Court | L 002774 10 | | Hardin, Kundla, McKeon & Poletto 673 Morris Avenue, Springfield Township, NJ 07081 |
| 77 | Nicole A. Corcoran, Plaintiff vs. GMAC Mortgage, LLC, Defendant | Rhode Island | U.S. Bankruptcy Court-Rhode Island | 1:12-ap-01001 | | Peter M. Iascone & Assoc., LTD Peter M. Iascone, Esq. 117 Bellevue Ave. Newport, RI 02840 |
| 78 | PAUL CORRADO VS. RESIDENTIAL FUNDING COMPANY, LLC, a Delaware Limited Liability Company; HOMECOMINGS FINANCIAL NETWORK, INC., a Delaware Corporation; GMAC MORTGAGE, LLC, a Delaware Limited Liability Company; ETS SERVICES, LLC, a Delaware Limited Liability | California | Los Angeles County-Superior Court | PC048203 | | Law Office of Brian Andrews Brian Andrews 69550 Friars Road Suite 200 San Diego, CA 92108 |
| 79 | William G. Schwab, Trustee for the Bankruptcy Estate of Peter P. Corrente v. GMAC Mortgage, LLC and LPS Field Services, Inc. | Pennsylvania | Carbon County-Court of Common Pleas-56th Judicial District | 07-3144 | | Wetzel Caverly Shea Phillips & Rodgers John Rodgers 15 Public Square, Wilkes-Barre, PA 18701 |
| 80 | John Walter Dabbelt vs. Homecomings Financial, LLC; Residential Funding Company, LLC; Residential Accredit Loans, LLC; Rali Series 2007-QH6 Trust; Deutsche Bank Trust Company Americas; MERS; Residential Funding Company, LLC; and all persons claiming by, t | Florida | Broward County-Circuit Court-17th Judicial Circuit | 6:12CV1013 ORL-1800 JG | Pro Se | John Walter Dabbelt 5011 Foxfire Lane Lake Mary, FL 32746 |
| 81 | Wayne Davenport (Re: 2101 Palm Canyon Court), Plaintiff, vs. Steven Grimm, an individual; Eve Mazzarella, an individual; Secured Mortgage Services, LLC, a Nevada Corporation; Melissa Beecroft, an individual; Select Equities Investments IX, LLC, a Nevada L | Nevada | Clark County-District Court-8th Judicial District | A-09-59774-C | | Robert D. Vannah, Esq. Vannah & Vannah 400 South 4th Street Suite 600 Las Vegas, NV 89101 |
| 82 | Wayne Davenport (Re: 7637 Sierra Paseo Lane) Plaintiff v. Steven Grimm, an individual; Eve Mazzarella, an individual; Secured Mortgage Services, LLC, a Nevada Corporation; Melissa Beecroft, an individual; Silver State Financial Services d/b/a Silver State | Nevada | Clark County-District Court-8th Judicial District | A-09-597768-CXVI | | Robert D. Vannah, Esq. Vannah & Vannah 400 South 4th Street Suite 600 Las Vegas, NV 89101 |
| 83 | Blake F. Sy, an individual, Prem deferred trust v. Executive Trustee Services, Inc.; Does 1-10, Inclusive, and all other persons unknown claiming any right to title, estate, lien, or interest in the real property described, herein | Nevada | Clark County-District Court-8th Judicial District | A-13-676991-P Dept. No. 14 | | BROWN BROWN & PREMSRIRUT Puoy K. Premsrirut, Esq 520 South Fourth Street Second Floor Las Vegas, NV 89101 |
| 84 | JAMES DAVIS AND PATRICIA JARVILL VS GMAC MORTGAGE LLC, CORELOGIC SERVICES LLC, SOUTHERN REGIONAL SERVICES INC, VICKEY WHITE, CODILIS & STAWIARSKI | Texas | Dallas County-District Court | DC-11-00489-H | | Mosser Law PLLC James Mosser 17110 Dallas Parkway #290, Dallas, TX 75248 |
| 85 | Federal Home Loan Mortgage Corporation v. Miranda V. Davis | Alabama | Mobile County-Circuit Court | CV-12-902661 | | Watts & Herring, LLC John G. Watts and M. Stan Herring The Kress Building 301 19th Street North Birmingham, Alabama 35203 |
| 86 | Nathaniel Davis v. Ocwen Loan Servicing, LLC Mortgage Lenders Network, USA, Inc., GMAC Mortgage LLC., Madison Avenue Abstracts, Inc. | New York | Queens County-Supreme Court-11th Judicial District | 10506/13 | | Jennifer Ajah Ajah & Associates, P.C. 90-24 Sutphin Blvd. Jamaica, NY 11435 |
| 87 | Arthur L. Gardner and Dorothy V. Gardner v. Keith Law, Cheri Decker, Guaranty Bank, FSB, Residential Funding Company, LLC, and Margaret T. Chapman in her capacity as Jefferson County Public Trustee | Colorado | Jefferson County District Court-First Judicial District | 12CV2553 | | ROBERT W. REED, LLC Robert Reed 1301 Washington Ave Ste 300, Golden, CO 80401 |
| 88 | Angel DeJesus and Barbara DeJesus v. Mortgage Electronic Registration Systems; GMAC Mortage Corp. | Rhode Island | USDC-Rhode Island | 13-cv-0469 | | Todd S. Dion, Esq. Law Office of Todd S. Dion 1599 Smith Street North Providence, RI 02911 |
| 89 | Del Mar Properties, LLC, a Texas Limited Liability Company v. JPMorgan Chase Bank, N.A., GMAC Mortgage Corporation, and Beverly Mitrisin. | Texas | El Paso County-District Court-34th Judicial District | 2009-2058 | | The Ehrlich Law Firm Herbert Ehrlich 444 Executive Center Blvd, Suite 240 El Paso, TX 79902 |
| 90 | GMAC MORTGAGE CORPORATION VS DENNIS DELIA | Florida | Orange County-Circuit Court-9th Judicial Circuit | 48-2006-CA-008644-0 | | Michael Sheridan 4409 Hoffner Avenue Suite 166 Orlando, FL 32812 |
| 91 | Thomas Demilio vs. citizen Home Loans, Inc., Rali 2007-QH9 Trust as administered by Deutsche Bank Trust company Americas, its Trustee, Residential Funding Company, LLC, Aurora Bank, FSB, Russell Mays, and 1-3 Unknown or Unnamed Defendants | Georgia | Walton County-Superior Court-10th Judicial Circuit--Alcovy Judicial Circuit | 12-1253-4 | | LEGACY LAW GROUP Rodd Walton 1755 the Exchange SE Ste 250, Atlanta, GA 30339-7421 |

Annex A - Litigations

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 92 | Ralph Dente and Maria Dente v. Saxon Mortgage and GMAC Mortgage, LLC | New Jersey | Middlesex County-Superior Court | C-213-11 | | WHITEMAN LAW GROUP, LLC Brian Whiteman 2515 Route 516 Old Bridge, NJ 08857 |
| 93 | DIBBS JUSTIN A V GMAC MORTGAGE, LLC and ETS OF VIRGINIA, INC. | Virginia | Loudoun County-Circuit Court-20th Judicial Circuit | CL71161 | | United Home Recovery, LLC 9100 Chrurch Street Suite 107 Manassas, VA 20110-5488 |
| 94 | Midura Real Estate Inc. v. GMAC Mortgag | New Jersey | Monmouth County-Superior Court | SC-1803-12 | Pro Se | Umberto G. Difiore 59 Jefferson St., Red Bank, NJ 07701 |
| 95 | DIWA - DENA CRISTOMO CARINO; ALLAN CRISTOPHER DIWA V. STANDARD PACIFIC CORP; STANDARD PACIFIC MORTGAGE, INC. FKA FAMILY HOME LENDING, INC.; CHASE HOME FINANCE LLC; HOMECOMINGS FINANCIAL SERVICES LLC; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. HSBC BAN | California | USDC-ED-California | 2:09−CV−02005−KJM−CKD | | Law Offices of Marc T. Terbeek 2648 International Blvd. Suite 115 Oakland, CA 94601 |
| 96 | Osric Dixon; Emmanuela A Dixon vs. Homecoming Financial, LLC., FKA Homecoming Financial Network, Inc.; Nationstar Mortgage, LLC, Does 1-100 | California | Santa Clara County-Superior Court | 113CV252747 | | Mark Ruiz, Esq. The Law Offices of Mark Ruiz 2764 Spring Street Suite 1 Redwood, CA 94063 |
| 97 | Isuf Djonbaljaj, Hanide Kurti, Agim Gjombaljaj, PPA, Isuf Gjonbaljaj, Arjeta K. Gjonbaljaj, Tahir K. Gjombaljaj Vs, Argon Djombalic Residential real Estate holdings, LLC | Connecticut | J.D. of New London at New London-Superior Court | KNF-CV-12-6014858S | | William B. Wynne Adler Law Group 290 Roberts Street Suite 101 East Hartford, CT 06108 |
| 98 | DONALDSON - ANTHONY AND WANDA DONALDSON, ET AL. V. GMAC MORTGAGE LLC AND GMAC LLC | Georgia | Muscogee County-Superior Court-3rd Judicial Circuit-Chattahoochee Judicial Circuit | SU-09-CV3359D | | McCullum, Methvin & Terrell Rodney Miller 2201 Arlington Avenue South, Birmingham, AL 35205 |
| 99 | Dwayne Dumalanta, an individual, and Ria Dumalanta, an individual, vs. GMAC Mortgage, LLC, a Delaware Limited Liability Company; Greenpoint MOrtgage Funding Trust, Series 2006-AR7, a Business Entity Form Unknown; Executive Trustee Services, LLC a Delaware | California | Santa Clara County-Superior Court | 113CV244428 | | Stephen R. Golden, Esq. Stephen R. Golden & Associates 600 N. Rosemead Blvd. Suite 100 Pasadena, CA 91107-7800 |
| 100 | Eugene Dumas, George Charest, and Paula Charest, on behalf of themselves and all others simiarly situated, Plaintiffs vs. GMAC Mortgage, LLC, a Delaware Limited Liability Company, and DOES 1 through 10 inclusive. | Massachusetts | USDC-Massachusetts | 1:12-cv-10665-pbs | | BLOCK & LEVITON LLP Jeffrey Block 155 Federal Street #1303, Boston, MA 02110 |
| 101 | Charles Barker III; Elmer V Dunham vs GMAC Mortgage, LLC; Ally Financial, Inc; JP Morgan Chase Bank; Wells Fargo Bank; Wells Fargo Mortgage; Aurora Financial Services; Mortgage Electronic Registration Systems, Inc, aka MERS; EMC Mortgage; Bank of America; | Oregon | U.S. Court of Appeal-9th Circuit | 11-35841 | Pro Se | Charles Barker III 10350 N. Vancouver Way Suite 274 Portland, OR 97217 and Elmer V. Dunham 4110 SE Hawthorne Blvd. Suite 266 Portland, OR 97214 |
| 102 | Visnur Edwards and Fabian Cameron vs. Fairmont Funding, LTD., Mortgage Electronic Registration Systems, Inc., Government National Mortgage Association, GMAC Mortgage Servicing, LLC | New York | Queens County-Supreme Court-11th Judicial District | 14553/2012 | | Abel L. Pierre, Esq. The Law Office of Abel L. Pierre 40 Exchange Place Suite 2010 New York, NY 10005 |
| 103 | Nadine Ellis and Vernett Ellis v. Homecomings financial, LLC; US Bank National Association as indenture trustee of Castle Peak 2011-1 Loan Trust Mortgage Backed Notes, Series 2011-1; GMAC Mortgage, LLC; Selene Financial LP; Quality Loan Service Corporatio | California | Los Angeles County-Superior Court | BC520344 | | Bruce D. Stuart, Esq. The Law Office of Bruce D. Stuart 24 Union Jack Street Suite 3 Marina del Rey, CA 90292 |
| 104 | GMAC MORTGAGE LLC VS MICHELLE ENGLISH AND MELISSA GARDNER AND ENGWIN PROPERTIES AND BRECKENRIDGE COUNTY JUDGE EXECUTIVE | Kentucky | Breckinridge County-Circuit Court-46th Judicial Circuit | 10-CI-00361 | | LAW OFFICE OF JOHN BLEIDT John Bleidt 105 S.Sherrin Avenue Louisville, KY 40207 |
| 105 | Margaret M. Ennis, an individual; Estate of Marcus D. Ennis, an estate: and Eliga George Ennis, an individual v. DiTech Home Loans, a business entity of unknown formation; County of Riverside, a county; and Does 1 through 100, inclusive and Roe Corporatio | California | Riverside County-Superior Court | RIC1308435 | | James R. Stout, Esq. Stout Law Firm 23731 El Toro Road Suite B Lake Forest, CA 92630 |
| 106 | Steven Esposito and Sandra Esposito v. Hallmark Home Mortgage, LLC, GMAC Mortgage Corp., Ocwen Loan Servicing, LLC and Core Logic Services, LLC | Indiana | USDC-SD-Indiana | 3:13-cv-00177-TWP-WGH | | Michael L. Schultz Parr Richey Obremskey Frandsen & Patterson LLP 201 North Illinois Street Suite 300 Indianapolis, IN 46204 and Patrick A. Shoulders Ziemer Stayman Weitzel & Shoulders P.O. Box 916 Evansville, IN 47706 |
| 107 | GMAC Mortgage, LLC (successor by merger to GMAC Mortgage Corporation), v. Joseph Fabian, David Murray, Woodland Villas Homeowners' Association, Inc., Retreat at Glenns Bay Garden Homes Homeowners Association, Inc. | South Carolina | Horry County-Court of Common Pleas- | 2012-CP-26-4061 | | Martin L. Stark Parsons, Ouverson, Stark & Guest, PA P.O.Box 2850 Murrells Inlet, SC 29576 |
| 108 | GEORGE T. FAISON VS. GMAC MORTGAGE, LLC ; DOES 1-40 | California | Sacramento County-Superior Court | 34-2009-00065188 | | Leland L. Moglen The Law Offices of Leland L. Moglen 2386 Faor Oaks Blvd. Sacramento, CA 95825 |
| 109 | John Femino v. ASC (American Servicing Company); Wells Fargo Home Mortgage; US Bank National Association as Trustee; GMAC Mortgage; Today Realty | Massachusetts | Plymouth County-Superior Court | CA-12-00018 | Pro Se | John Femino 27 Robert J Way Plymouth, MA 02360 |

Annex & Litigations

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 110 | Big Guy Investments, LLC v. Mortgage Electronic Registration Systems, Inc., Greenpoint Mortgage Funding, Inc., GMAC Mortgage, LLC, Aurora Loan Services, LLC, Real Time Resolutions, Inc., All the other persons claiming any right, title estate, interest or | Minnesota | Hennepin County-District Court-4th Judicial District- | 27-ET-CV-12-824 | | J PROBST LAW Jerry Probst 1850 - 121st St E #118 Burnsville, MN 55337 |
| 111 | Garna Fisher v. GMAC Mortgage, LLC | Texas | Nolan County-District Court-32nd Judicial District | 19-409 | | Lance Hall, Esq. P.O. Box 168 119 East Third Street Sweetwater, TX 79556 |
| 112 | JERRY FLETCHER VS CHASE MANHATTAN MORTGAGE CORPORATION GMAC MORTGAGE CORPORATION AND CASTLE KEY INSURANCE COMPANY | Florida | Leon County-Circuit Court-2nd Judicial Circuit | 2011-CA-401 | | Thompson, Crawfor and Smiley Thomas Thompson 1330 Thomasville Road, Tallahassee, FL 32303 |
| 113 | Shawn Ford v GMAC Mortgage, LLC a Limited Liabilty Company, OCWEN LOAN SERVICING LLC, a Limited Liabilty Company CAL-WESTERN RECONVEYANCE, a Corporation, and DOES 1 Through 20, Inclusive | California | Riverside County-Superior Court | MCC1301429 | | Byron G. Cornelius, Esq. 4420 Town Center Palm Desert, CA 92260 |
| 114 | INSURANCE CLAIM HELP, INC. V GMAC MORTGAGE | Florida | Orange County-Circuit Court-9th Judicial Circuit | 2013-CA-010715-O | | Dennis J. Heidrich, Esq. Hogan and Hogan, P.A. 1512 W. Colonial Drive Suite C Orlando, FL 32804 |
| 115 | David Wade Stafford and Robin Renee Stafford v. GMAC Mortgage, LLC | Arkansas | Hot Springs County-Circuit Court | CV-13-75-2 | | Dan Turner Arnold, Batson, Turner & Turner, P.A. 501 Crittenden Street P.O. Box 480 Arkadelphia, AR 71923 |
| 116 | Matthew Freitas and Alexis Freitas v Gregory Tetreault and GMAC Mortgage, LLC, | Massachusetts | Bristol County-Massachusetts Land Court | 13 MISC 478526-KCL | | Jeffrey B. Loeb, Esq. and David Glod, Esq. Rich May, a Professional Corporation 176 Federal Street 6th Floor Boston, MA  02110 |
| 117 | Janice Ann Ganoe v. GMAC Mortgage, LLC | Virginia | Prince William County-Circuit Court | CL13-5775 | Pro Se | Ms. Janice Ann Ganoe 3241 Ridge View Court Apt. 105 Woodbridge, VA  22192 |
| 118 | GMAC MORTGAGE LLC VS CARRIE GASQUE; Unkown spouse of Carrie Casque, if any; Carrie Gasque as guardian for the property of Chassidy Ann Gasque, a minor; Carrie Gasque as guardian for the property of Chealisy Aaron Gasque a Minor; and and all unknown parti | Florida | Duval County-Circuit Court-4th Judicial Circuit | 16 2008 CA 12971 | | Jacksonville Legal Aide, Inc. Lynn Drysdale 126 West Adams Street Jacksonville, FL 32202 |
| 119 | Aristole & Pamela Gatos v. GMAC Mortgage, LLC, MERS and Pacific Mortgage Company | Rhode Island | Providence County Superior Court | 10-1761 | | George Babcock, Esq. Law Offices of George E. Babcock 574 Central Avenue Pawtucket, RI  02861 |
| 120 | Tiffany Lee Genis v. Ocwen Loan Servicing LLC; Northwest Trustee Service; GMAC Mortgage, LLC; Mortgage Electronic Registration Systems, Inc.; Global Advisory Group, Inc. DBA Mortgage Advisory Group, A Washington Corporation; and John Does Nos. 1-25 | Washington | Snohomish County-Superior Court | 13-2-04584-1 | | Craig R. Elkins, Esq. Magnum Law Group, PLLC 16301 NE 8th Street Suite 280 Bellevue, WA  98008 |
| 121 | JOHN GILLIN Vs Nationstar Mortgage. | Washington | King County-Superior Court | 14-2-20255-5 | | Arthur Ortiz, Esq. 4100 S.W. Edmunds Street Suite 222 Seattle, WA  98116 |
| 122 | Ronald P Gillis v. Deutsche Bank Trust Company Americas, GMAC-RFC Master Servicing, Homecomings Financial, Erin Mae Rose Quinn, Andrew Lee Fivecoat | Florida | USDC-MD-Florida | 2:14-cv-418-SPC-DNF | Pro Se | Ronald P. Gillis P.O. Box 380842 Murdock, FL  33938-0842 |
| 123 | SWAN PROPERTIES LLC VS JOHNSON CUFFY; Lillia Cuffy, Capital Investments & Associates, LLC; Bluekap Financial Group, LLC, Inc.; Michael Jimenez, Gregory Giraud, Hans Jeanty, Trumaine Peters, Bank of America Corp., GMAC Mortgage LLC and Suntrust Bank. | Florida | Palm Beach County-Circuit Court-15th Judicial Circuit | 502007CA021488XXXXMB | | Holman, Cohen & Valencia 2739 Hollywood Boulevard, Hollywood, FL 33020 |
| 124 | GMAC Mortgage LLC, fka GMAC Mortgage Corporation dba ditech.com, Plaintiff, vs. Richard Giuliano, Margaret J. Giuliano, HOUSEHOLD REALTY CORP, NOTE TRACKER CORP, COUNTRYWIDE HOME LOANS INC,  HARVEST CREDIT MANAGEMENT, TRUMBULL COUNTY TREASURER, Defendants | Ohio | Trumbull County-Court of Common Pleas | 2010CV1658 | | Phillip Zuzolo 700 Youngstown Warren Rd Niles, OH 44446 |
| 125 | Alan Gjurovich and Star Hills vs. GMAC Mortgage LLC; President John Doe1; GMAC Mortgage LLC Vice President Charles R. Hoecker; GMAC Mortgage LLC; ETS Services LLC President John Doe 2, ETS Services LLC; ETS Services LLC Sales Trutee Omar Solorzano; ETS Se | California | Kern County-Superior Court | S-1500-CV-271292 | Pro Se | Alan Gjurovich c/o 934 W. Henderson # 132 Porterville, CA  93257 and Starr Hills c/o General Post Porterville, CA  93257 |
| 126 | Barbara Glapion v. AH4R I TX, LLC GMAC Mortgag, LLC, & DLG Legal | Texas | Harris County-District Court-125th Judicial District | 2013-10489 | | Jason Sweny Gracia & Sweny, PLLC 2616 S. Loop West Suuite 580 Houston, TX  77054 |
| 127 | FAWN AND RICHARD GOBIS VS GMAC MORTGAGE LLC AND THE MASIELLO GROUP LIMITED | New Hampshire | Merrimack County-Superior Court | 447-2011-LT-00032 | | DONAIS LAW OFFICES PLLC Craig Donais 444 Willow Street, Manchester, NH 03103 |
| 128 | Perry Goerner vs. Craig P. Nazzsro, Ocwen Laon Servicing LLC, GMAC Mortgage | New Jersey | Sussex County-Superior Court-Chancery Division | F-024470-14 | Pro Se | Mr. Perry Goerner 12 Wantage School Road Sussex, NJ  07461 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 129 | EDGART GONZALEZ V. HOMECOMINGS FINANCIAL, LLC FKA HOMECOMINGS FINANCIAL NETWORK, INC., HSBC, AURORA, US BANK, NATIONAL CITY BANK, EMC MORTGAGE | California | U.S. Court of Appeal-9th Circuit | 11-60027 | Pro Se | Mr. Edgart F. Gonzalez 433 South Orange Ave. Unit A Brea, CA 92821 |
| 130 | Gualberto Gonzalez v. GMAC Mortgage, LLC | Texas | Cameron County-District Court-445th Judicial District | 2013-03001-I | | Robert L. Collins, Esq. P.O. Box 7726 Houston, TX 77270-7726 |
| 131 | Jose R. Gonzalez, Individually vs. Community Bank and Trust of Florida; Prime Home Mortgage, Inc.; MERS; GMAC Mortgage; et al | Florida | Marion County-Circuit Court-5th Judicial District | 12-5012-CAB | | Kelly A. Bosecker, Attorney at Law 1400 GANDY BLVD STE 706 SAINT PETERSBURG, FL 33702 |
| 132 | GMAC Mortgage, LLC vs Rodrigo Gonzalez and Gloria Judith Gonzalez, et. al. | Florida | Miami-Dade County-County Court-11th Judicial District | 2008-30018-CA 40 | | John Spittler, Esq. Spittler, Read, and Associates, P.A. 1865 Brickell Avenue Suite TH-5 Miami, FL 33129 |
| 133 | Ardena Lisa Gooch vs. GMAC Mortgage, LLC | Indiana | Lake County-Superior Court | 45D051007PL00057 | Pro Se | Andrea Gooch PO Box 801 Crown Point, IN 46308 |
| 134 | Cecilia Gracian v. Ocwen Loan Servicing, LLC; Ally Bank; Executive Trustee Services, LLC dba ETS Services, LLC; and Does 1-10, inclusive | California | Los Angeles County-Superior Court | VC063028 | | Joel M. Feinstein and Chris T. Nguyen Law Offices of Joel M. Feinstein, APC 2021 Business Center Drive Suite 213 Irvine, CA 92612 |
| 135 | GMAC Mortgage LLC Successor by Merger to GMAC Mortgage Corporation  Vs. Yacinthe Jean Gracieus and Lafontan Jean Poix | Florida | Broward County-Circuit Court-17th Judicial District | CACE 09CA038358 | Pro se | Graciouse Yacinthe Jean 9331 NW 24th Place Pembroke Pines, FL 33024 |
| 136 | Beau Grassia vs. GMAC Mortgage, LLC | Massachusetts | Norfolk County-Superior Court | 10-1196 | | Stacey A. Hubbard THE WOZNIAK LAW GROUP PC 159 Hartford Avenue East Mendon, MA 01756 |
| 137 | THE BOARD OF MANAGERS OF THE HUDSON VIEW EAST CONDOMINIUM VS. GMAC MORTGAGE, LLC AND U.S. BANK, N.A., AS TRUSTEE FOR MORGAN STANLEY MORTGAGE LOAN TRUST 2007-8SX | New York | New York County-Supreme Court-1st Judicial District | 100418/12 | | Stiefel & Cohen Philip Foote 770 Lexington Avenue New York, NY, 10065 |
| 138 | PATRICK AND CONNIE GRIFFITH VS GMAC MORTGAGE LLC And FNMA | Texas | Denton County-District Court | 2011-20256-158 | | Gagnon, Peacock & Shanklin & Vereeke, P.C. Jack Peacock 4245 North Central Expressway #250, Dallas, TX 75205 |
| 139 | WILLIAM J. GROOMVE VS. KENTUCKY FARM BUREAU MUTUAL INSURANCE COMPANY; LITTON LOAN SERVICING LP, AMERICAN MODERN HOME INSURANCE AND GMAC MORTGAGE LLC | Kentucky | Nelson County-Circuit Court-10th Judicial District | 11-CI-00340 | | CHESSAR LAW OFFICE Jeremy Chessar 215 West Beall Street, Bardstown, KY 40004 |
| 140 | Society Hill Condominium Association, Inc., v. Tamera Grove & GMAC Mortgage, LLC | New Jersey | Camden County-Superior Court Law Division-Special Civil Part | DC-002775-13 | | Deanna P. Criscione, Esq. McGovern Legal Services, LLC 850 Route 1 North P.O.Box 1111 North Brunswick, NJ  08903 |
| 141 | Huguette Guerrier and Lesly Guerrier v. Residential Capital, LLC, ALLY Financial, INC f/k/a ALLY Bank as a successor in interest to GMAC Mortgage, LLC, Federal National Mortgage Association and Green Tree Servicing, LLC | Georgia | Douglas County-Superior Court | 13-cv-02890-RJJ | | KaRon L. Grimes, Esq. 3965 Holcomb Bridge Road Suite 200 Peachtree Corners, GA  30092 |
| 142 | William D. Guthrie v. GMAC Mortgage, LLC FKA GMAC Mortgage Corporation, Does 1 through 20, Inclusive | California | Bernardino County-Superior Court | CIVDS1202798 | | GELLER & STEWART, LLP Michael Geller PO Box 7599 Moreno Valley, CA 92552 |
| 143 | 1081 Land Trust, 1017 E. Jefferson Blvd. South Bend, Indiana 46617 v. Stewardship Fund, LP, Homecomings Financial c/o Corporations Service Company, JP Morgan Chase Bank, N.A. c/o CT Corporation System, Concord Acceptance Corp. c/o CT Corporation System | Indiana | St. Joseph County-Superior Court | 71D07-1203-PL-00056 | | Donald E. Wertheimer Law Offices 1017 E. Jefferson Blvd. South Bend, IN  46617 |
| 144 | M.L. Hargrow Jr. v. GMAC Mortgage, LLC, I.P.S. Inc., Deutsche Bank Trust Company Americas as Trustee, and Mortgage Electronic Registration Systems, Inc Jointly and severally | Michigan | Washtenaw County-Circuit Court-22nd Judicial Court | 13-133-CH | Pro Se | M.L. Hargrow, Jr. 418 Torrington Drive West Canton, MI  48188 |
| 145 | The Estate of C. Frank Harris, Its Successors and/or Assigns v. Meritplan Insurance Company, Falisa Veasley, an individual; Balboa Insurance Group; Mike Griffith, an individual; Cunningham & Lindsey Group Limited; Melinda Shortell, an individual; Eagle Ad | Oregon | Jackson County-Circuit Court | Case No. 122230L3 | Pro Se | Ronald Morgan 1990 Foots Creek Right Fork Road Gold Hill, OR  97525 |
| 146 | Juana Rodriguez, an individual v. Mortgage Electronic Registration Systems, Inc., a Delaware Corporation; Fidelity Mortgage of Michigan Inc., a Delaware Corporation; Fidelity Mortgage Inc., a Delaware Corporation; and GMAC Mortgage, LLC a Delaware Limited | Michigan | Wayne County -Circuit Court-3rd Judicial District | 12-004142-CH | | J. Kyle Guthrie SIKORA LAW LLC 4050 W. Maple Road, Ste. 108 Bloomfield Hills, MI 48301 |
| 147 | Mary E. Chapman v. Bank of America, N.A.; Recontrust Company, N.A.; Homecomings Financial, LLC, formerly known as Homecomings Finacial Network, Inc.; Chicago Title Company; and Does 1-25, Inclusive | California | Sacramento County-Superior Court | 34-2013-00143664 | | Anthony T. Salazar, Esq. Attorney at Law 78 Big Trees Road Suite A6 P.O.Box 1395 Murphys, CA  95247 |
| 148 | Alan E. Hart and Barbara J. Hart vs. GMAC Mortgage LLC f/k/a GMAC Mortgage Corporation, JPMorgan Mortgage Acquistion Corp, USAA Federal Savings Bank, and all person or entities unknown claiming anty legal or equitable right, title, estate, lien or interes | California | Santa Clara County-Superior Court | 112CV230933 | | LAW OFFICES OF RONALD FRESHMAN 3040 Skycrest Drive Fallbrook, CA  92028 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|-----|----------------|----------------|-------|---------------|--------|------------------------|
| 149 | Federal National Mortgage Association vs. Jerome M Haynes, David Haynes and Regina Haynes | Alabama | Talladega County-Circuit Court | CV-2011-900254 | | J. N. Montgomery, Jr<br>Stringer, Montgomery & Montgomery<br>138 East Street North<br>P. O. Box 74<br>Talladega, AL 35160 |
| 150 | Palladium Holdings, LLC, New Buffalo Auto Sales, LLC vs. GMAC Mortgage Corporation, Mortgage Electronic Registration Systems, Inc. | Minnesota | Hennepin County-District Court-4th Judicial District- | 27-CV-11-7445 | | Karla M. Vehrs, Esq.<br>And<br>James M. Lockhart, Esq.<br>Lindquist & Vennum<br>4200 IDS Center<br>80 South 8th Street<br>Minneapolis, MN 55402-2274 |
| 151 | Douglas S. Ellmann, Chapter 7 Trustee vs. GMAC Mortgage Corporation | Michigan | U.S. Bankruptcy Court-ED-Michigan | 10-ap-7218 | Pro Se | Douglas Ellmann<br>308 W. Huron<br>Ann Arbor, MI 48103 |
| 152 | Leonel Henderson v. GMAC Mortgage, LLC, and Bank of America | New Mexico | Valencia County-District Court-13th Judicial District | D-1314-CV-2014-00754 | Pro Se | Leonel Henderson<br>4516 Windham Hill Lane<br>Las Vegas, NV 91031 |
| 153 | WILLIAM E HENDRICKS VS GMAC MORTGAGE LLC | Alaska | District Court for the State of Alaska-3rd Judicial District at Anchorage | 3AN-10-12839-CI | pro se | William Hendricks<br>16810 Easy Street<br>Apt. 00<br>Eagle River, AL 99577 |
| 154 | James Henkell v. GMAC Mortgage, LLC, Ocwen Loan Servicing LLC, and Does 1 through 10, Inclusive | California | San Diego County-Superior Court | 37-2013-00036321-CU-BC-CTL | | Ajay Gupta, Esq.<br>Gupta Legal Center<br>402 W. Broadway<br>Suuite 400<br>San Diego, CA 92101 |
| 155 | HENRY -- CORLISS D. HENRY V. RESIDENTIAL FUNDING COMPANY, LLC AND EMPIRE MORTGAGE VI, INC. | Maryland | Baltimore City-Circuit Court-8th Circuit | 24-C-09-008241 CN | | The Law Offices of E. David Hoskins, LLC<br>David Hoskins<br>16 East Lombard Street<br>4th Floor,<br>Baltimore, MD 21202 |
| 156 | HERMAN- GMAC MORTGAGE, LLC SUCCESSOR BY MERGER TO GMAC MORTGAGE CORPORATION V. PATRICIA K. HERMAN; UNKNOWN SPOUSE OF PATRICIA K. HERMAN, IF ANY; ANY AND ALL UNKNOWN PARTIES CLAIMING BY, THROUGH, UNDER, AND AGAINST THE HEREIN NAMED INDIVIDUAL DEFENDANT(S) | Florida | Orange County-Circuit Court-9th Judicial Circuit | 48-2007-CA-010062 | Pro Se | Patricia Herman<br>Law Offices of Patricia K. Herman, P.A.<br>1631 Rock Spring Road<br>Suite 305<br>Apopka, FL 32712-2229 |
| 157 | ENRIQUE HERNANDEZ vs GMAC MORTGAGE CORPORATION AND DOES 1 THROUGH 20, INCLUSIVE | California | Los Angeles County-Superior Court | BC477343 | | Vincent W. Davis, Esq.<br>LAW OFFICES OF VINCENT W. DAVIS & ASSOCIATES<br>8175 Limonite Avenue<br>Riverside, CA 92509 |
| 158 | Patrick A. Hickey and Cecilia P. Hickey vs. Executive Trustee Services, LLC, The Huntington National Bank, Hughes Watters Askanase, LLp, and Pite Duncan LLP | Texas | Harris County-District Court-125th Judicial District | 2012-29153 | | Law Office of Ira D. Joffe<br>Ira Joffe<br>6750 West Loop S # 920, Bellaire, TX 77401 |
| 159 | Joanne Hildebrandt vs GMAC Mortgage, LLC and Executive Trustee Services, LLC | California | Orange County-Superior Court-Central Justice Center | 20-2012-00569736-CU-OR-CJC | | Yelena Gurevich<br>Consumer Action Law Group, PC<br>450 N. Brand Blvd.<br>Suite 600<br>Glendale, CA 91203 |
| 160 | Donna Lee Hogan-Knox v. GMAC Mortgage, LLC | Michigan | Wayne County -Circuit Court-3rd Judicial Circuit | 12-005865-CZ | Pro Se | Donna Lee Hogan-Knox<br>17617 Sutherland Street<br>Detroit, MI 48219 |
| 161 | Marcella Mae Hood, Plaintiff, v. GMAC Mortgage LLC, as servicer for U.S. Bank National Association, as trustee, Stan L. McQuade dba McQuade Appraisal Service, and Citifinancial Retail Services, a division of Citicorp Trust Bank, fsb Defendants. | West Virginia | U.S. Bankruptcy Court-SD-West Virginia | 5:11-bk-50261 | | Paul Roop, Esq.<br>Roop Law office, LC<br>PO Box 1145<br>Beckley, WV 25802 |
| 162 | Rick Hulett; Diana Hulett v. GMAC Bank; GMAC Mortgage, LLC; Executive Trustee Services, Inc as Trustee; Mortgage Electronic Registration Systems, Inc.d/b/a MERS; Executive Trustee Services, LLC d/b/a ETS Services, LLC; MTC Financial Inc. d/b/a Trustee Cor | California | Los Angeles County-Superior Court | BC531650 | Pro Se | Mr. and Mrs. Rick Hulett<br>19566 Green Mountain Drive<br>Santa Clara, CA 91321 |
| 163 | Benjamin Hunter, Jr. vs Homecomings Financial Network; City of Buffalo | New York | Erie County-Supreme Court-8th Judicial District | 603236/11 | | LAW OFFICE OF PAUL NOTARO<br>Paul Notaro<br>4268 Seneca Street<br>West Seneca, New York 14224 |
| 164 | Odia Hunter and Diane Hunter v. GMAC Mortgage Corporation | Michigan | Wayne County -Circuit Court-3rd Judicial Circuit | 2013-001527-CH | | LAW OFFICES OF D.C. TAYLOR AND ASSOCIATES<br>Delicia Cain<br>1274 Library St., Suite 304<br>Detroit, MI 48221 |
| 165 | WAYNE TRUAX, MARIE TRUAX, RICHARD FOSTER, JAMES ROTHERMEL, MARY ROTHERMEL AND MELISSA JACKSON VS. GMAC MORTGAGE; THERESA SANDERS AKA THERESA HAYES, INDIVIDUALLY AND DBA BEST HOUSE; HOME AND CREDIT CENTER ASSOCATION, BEST, INC., AFA AMERICA, INC., JAMES HA | New York | Onondaga County-Supreme Court-5th Judicial District | 2011-12200 | | LEGAL SERVICES OF CENTRAL NEW YORK, INC<br>Samuel Young<br>472 South Salina Street, Syracuse, NY 13202 |
| 166 | KARAMCHAND JAMES VS. GMAC Mortgage, LLC | New York | Bronx County-Supreme Court-12th Judicial District | CV-004840-12/BX | Pro se | James Karamchand<br>1270 Croes Avenue, Bronx, NY 10472 |
| 167 | Sharetta James v. GMAC Mortgage, LLC, Ally Financial | Michigan | Wayne County -Circuit Court-3rd Judicial Circuit | 12-108018 | Pro Se | Sharetta James<br>16530 Chapel Street<br>Detroit, MI 48219 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 168 | GMAC Mortgage, LLC vs. Margarita Jara; Jonathan Vasquez; Midland Funding LLC; People of the State of New York; Toxana Ramos; State of New York; "John Does" and "Jane Does" | New York | Nassau County-Supreme Court- 10th Judicial District | 13186/2012 | | Wendy M. Weathers CABANILLAS & ASSOCIATES, P.C. 245 Main Street Suite 210 White Plains, NY 10601 |
| 169 | Gilbert Jimenez, and Christina Phelps-Jimenez vs. GMAC Mortgage, LLC, Ocwen Loan Servicing, LLC and Does 1 through 100 | California | Contra Costa County-Superior Court | C14-02214 | | Jessica Galletta, Esq. The Mellen Law Firm 411 Borel Avenue Suite 230 San Mateo, CA 94402 |
| 170 | Marc R. Jimenez, vs. GMAC Mortgage, LLC; and DOES 1-10 | California | Sutter County-Superior Court | CVCS 12 081 | | D. Randall Ensminger Ensminger Law Offices, PC 110 Gateway Drive Suite 260 Lincoln, CA 95648 |
| 171 | Michele Johannesson and George Johannesson vs GreenTree Servicing LLC, a Delaware Corportion; GMAC Mortgage, LLC, a Limited Liability Company, and DOES 1 through 100 | California | Orange County-Superior Court | 30-2014-00710918-CU-OR-CJC | | Arda Artinian, Esq. 505 North Brand Blvd. Suite 800 Glendale, CA 91203 |
| 172 | Arndola Johnson: Inpropia Persona; Mansa Musa Shahid: Bey In Re Administrator/ Power of Attorney Presenter(s) v. General Motors Acceptance Corporation; Mortgage Electronic Registry Systems, Inc.; R.K. Arnold CEO; Judge Nancy Blount; Detroit Police Depart | Michigan | Wayne County -Circuit Court-3rd Judicial Circuit | 12-014152-CH | Pro Se | Arndola C. Johnson Mansa Bey In Pro Per 15375 Washburn Street Detroit, MI 48238 |
| 173 | Sheldon Johnson v. Baltimore American Mortgage Corp Inc, Residential Funding Co and Deutsche Bank Trust Co | Maryland | 4th Circuit Court of Appeal for Maryland | 11-1308 | | The Law Offices of E. David Hoskins, LLC David Hoskins 16 East Lombard Street 4th Floor, Baltimore, MD 21202 |
| 174 | Wes W. Johnson v. Homecomings Financial, GMAC Mortgage, Deutsche Bank National Trust Company Americas, Executive Trustee Services, Pirte Duncan and Does 1 through 10 | California | U.S. Court of Appeal-9th Circuit | 12-55948 | | James H. Seymour Attorney at Law P.O. Box 1757 Crystal Bay, NV 89402 |
| 175 | David Jones and Andrea Jones, Plaintiffs, v. GMAC Mortgage, LLC a Delaware limited liability company; and Corelogic Services, LLC, a Delaware limited liability company, Defendants. | Oklahoma | Creek County-District Court-24th Judicial District | CJ-2011-377 | | FRIEDMAN & GREENBERG PA Michael Speck 9675 West Broward Boulevard, Plantation, FL 33324 |
| 176 | Mickey R. Jones Vs. GMAC Mortgage, Inc., Equifax Information Services, LLC; Experian Information Solutions, Inc.; Trans Union, LLC | Florida | USDC-MD-Florida | 2:13-cv-00843-SPC-UAM | | Brian P. Parker Brian P. Praker, P.C. 200 Town Center Suite 1900 30600 Telegraph Road Southfield, MI 48075 |
| 177 | Jose Colon v. GMAC Mortgage, LLC | Rhode Island | Providence County Superior Court | PC-11-6699 | | James A. Currier, Esq. 129 Dorrance Street Providence, RI 02903 |
| 178 | Alice Justus, Plaintiff v. GMAC Mortgage, LLC, Defendant. | North Carolina | Iredell County-Superior Court-22nd Judicial District | 10CV02577 | | Beth R. Setzer, Esq. 111 West Broad Street P.O. Box 1397 Statesville, NC 28687 |
| 179 | Rafik Y. Kamell vs. GMAC Mortgage, LLC and Does 1 through 10, inclusive | Arizona | Orange County-Superior Court | 30-2009-00300150 | | Law Offices of Rafik Y. Kamell 800 South Beach Blvd. #F La Habra, CA 90631-6480 |
| 180 | John Kayton an individual and Kimberlee Kayton an individual Vs. HSBC Bank USA, N.A a Natioanl Association; PHH Mortgage corporation, a New Jeresy Corporation; Residential Funding company LLC, a Delawre Limited Liabilty Company; Quality Loan service Corpo | California | Los Angeles County-Superior Court | LC101184 | | Kaivan Harouni, Esq. Harouni Law Group 5950 Canoga Avenue Suite 550 Woodland Hills, CA 91367 |
| 181 | James C. Kelly, Sandi Kelly vs. GMAC Mortgage, LLC. | Tennessee | USDC-ED-Tennessee | 1:12-cv-00288 | | Peter Ensign Law Offices of Peter C. Ensign 6139 Preservation Drive Suite 2 Chattanooga, TN 37416 |
| 182 | Boyd County, by and through its County Attorney, Phillip Hedrick [and other Kentucky Counties] vs. Merscorp, Inc., Mortgage Electronic Registration System, Inc, Merscorp Holdings, inc, American Land Title Association, Bank of America, GMAC Residential Fun | Kentucky | U.S. Court of Appeal-6th Circuit | 14-5647 | | Sandra Spurgeon, Esq. Whiteford Taylor & Preston 120 Prosperous Place Suite 101 Lexington, KY 40509 |
| 183 | Khammounane Prackack v. GMAC Mortgage, LLC | Illinois | Cook County-Circuit Court | 2011-CH-35980 | | Anthony Andres 18027 Harwood Avenue Upper Level Homewood, IL 60430 |
| 184 | GB Inland Properties II, LLC; Ocean 18 LLC; Mortgage Default Services, LLC; Mortgage Electronic Registration Systems, Inc.; GMAC Mortgage Corporation dba Ditech.com; GMAC Mortgage, LLC; Mortgage Lender Services, Inc; All persons unknow claiming any legal | California | Los Angeles County-Superior Court | KC065557 J | | Mark John Tundis Law Offices of Mark John Tundis 984 W. Foothill Blvd. Suite A Upland, CA 91786 |
| 185 | William Kimbrough IV; Catherine Kimbrough v. Paramount Residential Mortgage Group, Inc., a California corporation; GMAC Mortgage, LLC, as successor in interest to GMAC Mortgage Corporation, a Delaware limited liability company; Executive Trstee Services, | California | Riverside County-Superior Court | RIC1120394 | Pro se | William Kimbrough, IV and Catherine Kimbrough 35533 Yellowstone Street Winchester, CA 92596 and 27892 Rosemary Street Murrieta, CA 92563 |
| 186 | WILLIAM KENT KNIGHT VS GMAC MORTGAGE LLC | Texas | Midland County-District Court | CC16414 | | Alan H. Meyers, Esq. Law Offices of Alan H. Meyers, P.C. 505 N. Big Spring Suite 104 Midland, TX 79701 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 187 | Beverly Kressin, 11420 Strand Drive, Apt 103, Rockeville, MD 20852; Henry Gudelsky, 12204 Braxfield, MD 20852 v. GMAC Mortgage, LLC, Service on: CSC-Lawyers Incorporating Service Company, 7 St. Paul's Street, Suite 1660 Baltimore, MD and 24 Asset Manageme | Maryland | Montgomery County-Circuit Court-6th Circuit | 373001-V | Pro Se | Beverly Kressin 11420 Strand Drive Apt 103 Rockville, MD  20852 and Henry Gudelsky 12204 Braxfield Court #231 Rockville, MD  20852 |
| 188 | GMAC Mortgage LLC v. Haim Lallouz, Brigitte Lallouz, American Express Centurion Bank, HSBC Bank Nevada NA; Hilco Receivable. "John Doe #1-5" and "Jane Doe #1-5" the last 10 names fictitious and unknown to the plaintiff, the persons or parties intending be | New York | Nassau County-Supreme Court- 10th Judicial District | 1932-2013 | | Ronald D. Weiss, Esq. Ronald D. Weiss, P.C. 734 Walt Whitman Road Suite 203 Melville, NY  11747 |
| 189 | Charles Laughlin v. Homecomings Financial, LLC; EMC Mortgage Corporation; Daniel K. Beech; Daniel Joseph Podolsky; United Wholesale Lending, Inc.; and Does 1-20 inclusive | California | Butte County-Superior Court | 151457 | | LAW OFFICE OF BRION ST. JAMES 8359 Elkg Forin Road Suite 103 Box 102 Sacremento, CA  95829 |
| 190 | DAVID & SUSAN LAVALLEE V GMAC MORTGAGE LLC | Massachusetts | Wrentham District Court (Small Claims) | 1357SC000370 | Pro Se | David Lavallee Susan Lavallee 151 Pulaski Boulevard Bellingham, MA  02019 |
| 191 | GMAC MORTGAGE CORPORATION VS THEODORE W LAW III AND MARY L BEGGS | South Carolina | Richland County-Court of Common Pleas | 2006-CP-40-1489 | | Brian Boger, Esq. 1331 Elmwood Avenue Suite 210 P.O. Box 65 Columbia, SC  29202 |
| 192 | Marilyn Lawrence vs. Daniel Sadek d/b/a Quick Loan Funding Inc; MERS; OCWEN Loan Servicing, LLC; ETS; Ileanna Petersen, Does 1 through 10, Inclusive. | California | USDC-CD-California | 12-cv-01372-CAS | Pro Se | Marilyn Lawrence 5362 West Olympic Blvd. #1 Los Angeles, CA  90036 |
| 193 | John Sam Lee Vs Deutsche Bacnk, NTA; Fennie Mae; Executive Trustee Service LLC; GMAC Mortgage Corp, | California | Los Angeles County-Superior Court | BC536102 | | John Sam Lee 611 South Catalina Street #212 Los Angeles, CA  90005 |
| 194 | Ryan Sang Min Lee v. GMAC Mortgage, LLC | Maryland | Montgomery County-District Court | 6020002632-2013 | Pro Se | Sing Min Lee 11701 Caplinger Road Silver Spring, MD  20904 |
| 195 | ANGELA LEMONS VS. GMAC MORTGAGE LLC F/K/A GMAC MORTGAGE CORP AND EXECUTIVES TRUSTEE SERVICES LLC | Texas | Galveston County-District Court-10th Judicial District | 10-cv-2561 | | Bradlyn J. Cole, Esq. and James C. Ferrell, Esq. R.G. Taylor II, PC & Associates 500 Dallas 3400 Penthouse Houston, TX  77002 |
| 196 | LEWIS - GMAC MORTGAGE, LLC V. GARTH LEWIS, FIRST UNITED MORTGAGE BANKING CORP., NEW YORK CITY ENVIRONMENTAL CONTROL BOARD, NEW YORK CITY PARKING VIOLATIONS BUREAU, PEOPLE OF THE STATE OF NEW YORK | New York | Kings County-Supreme Court-2nd Judicial District | 10050-09 | | Terry S. Hinds, Esq. 1430 Pitkin Ave, Suite 2 Brooklyn, NY 11223 |
| 197 | GMAC Mortgage, LLC v. Peter Licata, Washington Mutual Bank, FA, Town Supervisor of Town of Islip, "John Doe #1-5" and "Jane Doe #1-5" said names being fictitious, it bring the intention of Plaintiffs to designate any and all occupants, tenants, person or | New York | Suffolk County-Supreme Court-10th Judicial District | 4717-2013 | | Ronald D. Weiss, Esq. Ronald D. Weiss, P.C. 734 Walt Whitman Road Suite 203 Melville, NY  11747 |
| 198 | Bernard Lindsey and Linda Lindsey Vs. GMAC Mortgage, LLC | West Virginia | USDC-SD-West Virginia | 2:14-cv-11342 | | Gregory A. Tucker Law 719 Main Street Summerville, WV  26651 |
| 199 | Jabari Long v. GMAC Mortgage, LLC DBA Ditech | Michigan | Wayne County -Circuit Court-3rd Judicial Circuit | 12-012301-CH | | THE LAW OFFICES OF QUINN & ASSOFIATES, PLLC Christopher W. Quinn, II 719 Griswold, Suite 820 Detroit, MI 48226 |
| 200 | Justin O'toole Lucey, et al v. Amy Meyer, et al.        **(Only case caption provided)** | South Carolina | Charleston County-Court of Common Pleas | 2009-CP-10-6873 | | Foster Law Firm, L.L.C. 895 Island Park Drive Suite 202 Charleston, SC  29492  Also: Cherie W. Blackburn Nexsen Pruet, LLC P.O. Box 486 Charleston, SC  29402 and Ronald L. Richter, Jr. Bland Richter Peoples Building 18 Broad Street Mezzanine Charleston, SC  29401 |
| 201 | Lorna Hope Luckie and Gilbert Luckie vs. GMAC Mortgage Corporation d/b/a ditech.com, et al, GMAC Mortgage, LLC, et al, Mortgage Electronic Registration Systems Inc., (MERS), et al Green Tree Servicing, LLC, f/k/a Walter Investment Management (Walter) et a | Florida | USDC-SD-Florida | 14-cv-62294-WPD | Pro Se | Lorna Hope Luckie Gilbert Luckie 5063 Pebblebrook Way Coconut Creek, FL  33073 |
| 202 | Neil F. Luria, as Trustee to the Taylor, Bean & Whitaker Plan Trust, Plaintiff v. GMAC Mortgage, LLC., Defendant. | Florida | U.S. Bankruptcy Court-MD-Florida | 11-ap-0520-JAF | | James D.Gassenheimer Berger Singerman. P.A. 1450 Brickell Ave. Miami, FL  33131 |
| 203 | GMAC MORTGAGE, LLC, ET AL., V. DIANA WILLIAMS, ET AL. | Oregon | Lane County-Circuit Court | 16-12-22600 | | Stephen C. Kanaga Lane County Law & Advocacy Center 376 E. 11th Avenue Eugene, OR  97401 |
| 204 | Elliott D Mall Vs GMAC Mortgage, LLC | Washington | King County-Superior Court | 14-2-14515-9KNT | Pro Se | Vincent W. Mall 4742 42nd Avenue SW Seattle, WA  98116 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|-----|----------------|----------------|-------|---------------|--------|------------------------|
| 205 | Citmortgage, Inc. vs Richard Manchester, GMAC Mortgage, LLC, RBS Citizens, Jami Rodger | Massachusetts | Suffolk County-Superior Court | SUCV2012-03708-G | | Jeffrey B. Loeb, Esq. and David Glod, Esq. Rich May, a Professional Corporation 176 Federal Street 6th Floor Boston, MA  02110 |
| 206 | Andrea Mangan v. Key Mortgage Corp dba; KMC Mortgage Corp; Mortgageit Copr.; GMAC Mortgage LLC fka GMAC Mortgage Corporation; First American Title; Mortgage Electronic Registration System, Inc.; Executive Trustee Services, LLC dba ETS Services, LLC and Do | California | San Francisco County-Superior Court | CGC-10-500318 | | Stevan J. Henrioulle Law Offices of Stevan J. Henrioulle 1212 Broadway Suite 830 Oakland, CA  94612 |
| 207 | Christopher Martinez Vs. USAA; Government National Mortgage Association as trustee for securitized trust ginnie mae remic trust 2009-70; ginnie mae; owen loan servicing, llc mortgage electronic registration system, aka "mers"; GMAC Mortgage, LLC The coop | Nevada | U.S. Court of Appeal-9th Circuit | 14-16349 | Pro Se | Christopher Martinez 848 N. Rainbow Blvd. #240 Las Vegas, NV  89107 |
| 208 | Jose Luis Martinez v. Mortgage Electronic Registration Systems, Inc. as Nominee for Homecomings Financial Network, Inc. and GMAC Mortgage, LLC FKA GMAC Mortgage Corporation | Texas | Hidalgo County-Circuit Court of Law-Number 7 | CL-10-2433-G | | Kelly K. McKinnis, Esq. 3423 W. Alberta Road Edinburg, TX  78539 |
| 209 | Zaina K. Matthiesen vs. GMAC Mortgage, LLC and Corelogic Services, LLC | Florida | Osceola County-Circuit Court-9th Circuit | 12 CA 5188 ON | | Jared M. Lee MORGAN & MORGAN PA 20 North Orange Avenue Suite 1600 Orlando, FL  32802-4979 |
| 210 | Family Enterprises, Inc. vs. Fannie Mae also known as Federal National Mortgage Association, Dean Morris, LLP, Donnie L. Floyd, APLC, Meade Title, Inc., Jamie Crane, Caldwell Banker Mackey Company, GMAC Mortgage, LLC | Louisiana | Louisiana Court of Appeals-1st Circuit | 612816 Sec. 24 | | Chris Sonnier Sonnier Law Firm 212 Laurel Street P.O. Box 2071 Baton Rouge, LA  70801 |
| 211 | Daniel Jensen vs. Ryan McCallum, individually and as trustee of McCallum Family Land Trust #13535, and GMAC Mortgage, LLC, A Foreign Limited Liability Company | Florida | Pinellas County-Circuit Court-6th Judicial Circuit | 2014-CA-005493 | | Heidi Imhof, Esq. Law Offices of Heidi Imhof, P.A. P.O. Box 4559 Tampa, FL  33677 |
| 212 | Trustees of the stonegate condominium trust vs Brenda E. McCarthy a/k/a BRENDA MCCARTY - TRAYAH and Green Tree servicing, LLC | Massachusetts | Worcester County-Superior Court | Civil Action No. 13-1780C | | Daniel Goldsmith Ruggiero, Esq. P.O. Box 291 Canton, MA  020201 |
| 213 | U.S. BANK NATIONAL ASSOCIATION AS TRUSTEE, POOLING #40229 DUST #2005KS11 SETTLEMENT DATE 11/29/2005, Plaintiff/Counter-Defendant  vs. ANDREW MCKEAN, Defendant/Counter-Plaintiff, 3rd Party Plaintiff  VS. HOMECOMINGS FINANCIAL, 3rd Party Defendant | Illinois | Cook County-Circuit Court-Chancery Division | 08 CH 025468 | Pro Se | Andrew McKean 4188 North Pittsburgh Chicago, IL  60634 |
| 214 | Gordon Moss, individually, and as the beneficiary of Entrust Retirement Services, FBO Gordon Moss v. GMAC Mortgage, LLC a Delaware limited liability company; ETS Services, LLC a Delaware limited liability company dba Executive Trustee Services, LLC; and Do | California | Santa Clara County-Superior Court | 37-2013-00034102-CU-OR-CTL | | Law Offices of Michelle Ghidotti Michelle R. Ghidotti, Esq. and Cathy A. Knecht, Esq. 5210 E. La Palma Ave. Suuite 206 Anaheim Hills, CA  92807 |
| 215 | MEGUID- HASSAN MEGUID VS. MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ('MERS), AS A NOMINEE FOR HOMECOMINGS FINANCIAL, LLC and GMAC MORTGAGE, LLC | Texas | Fort Bend County-District Court | 10-DCV-180587 | Pro se | Hassan Meguid Halimeh Mamo 1810 Talcott Lane Sugar Land, TX 77479 Hassan Meguid 4101 Wiseman Blvd San Antonio, TX 78251-4200 |
| 216 | Merritt Scott A. v. Trans Union Consumer Relations, GMAC Mortgage, Vericrest | Michigan | USDC-ED-Michigan | 2:12-cv-12853 | Pro Se | Scott A. Merritt 2014 N Saginaw Road, #305 Midland, Michigan 48640 |
| 217 | GMAC MORTGAGE LLC vs Bruce N Merton A/K/A Bruce N Morton Sr Jill H Merton | Florida | Lee County-Circuit Court-20th Judicial Circuit | 07-CA-004261 | | Scott Kuhn KUHN LAW FIRM PA 6720 Winkler Road Fort meyers, FL  33919 |
| 218 | Eric Keith Miller v. GMAC Mortgage, LLC | Florida | U.S. Banruptcy Court-MD-Florida-Jacksonville Division | 3:14-ap-00392-PMG | | Joseph H. Brown, Esq. 2233 NW41st Street Suite 100-E Gainesville, FL  32606 |
| 219 | Mark L. Miller and Rebecca L. Miller v. GMAC Mortgage, LLC, a foreign limited liability company | Michigan | Genesee County-Circuit Court-7th Judicial Circuit | 12-98414 | | LOYST FLETCHER, JR. & ASSOCIATES 718 Beach Street Flint, MI  48502 |
| 220 | Iraide Peruchi v. GMAC Mortgage, LLC, Marco Miranda, and Citizens Bank of Massachusetts | Massachusetts | Suffolk County-Land Court Dept. | 13 MISC 477991-GHP | | Jeffrey B. Loeb, Esq. Rich May, a Professional Corporation 176 Federal Street 6th Floor Boston, MA  02110 |
| 221 | Seyedali Sharam Mirhashemi v. GMAC Mortgages | California | Los Angeles County-Superior Court | BC506665 | | Nima Haddadi, Esq. The H&H Law Firm 3813 Wilshire Blvd. Suite 196A15 Los Angeles, CA  90010 |
| 222 | Myron Bass, Secured Party and Private Attorney General, Karen Mobley Gunn Estate, Secured Party, Lawrence Everett Reed Estate, Secured Party, and Sarahs Dream Unicorporated, Secured Party v. Tom Leatherwood, register of Deeds, Josephy Reves, Deputy r | Tennessee | USDC-WD-Tennessee  U.S. Court of Appeal-6th Circuit | 2:13-cv-02882-JDT-tmp  14-6321 | Pro se | Karen Mobley Gunn Estate 2095 Exeter Road Suite 80 Germantown, TN and Lawrence Everett Reed 1510 Union Avenue Suite 121 Memphis, TN  38104 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 223 | Catrina Moeler and Julie Moeller v. GMAC Mortgage, LLC, a Delaware limited liability company, Executive Trustee Services, LLC, a Delaware limited liability company, and Does 1-100, Inclusive | California | Santa Clara County-Superior Court | 37-2012-00084480-CU-OR-CT | | Anton Abramyan RA & ASSOCIATES, APC 505 North Brand Blvd. Suite 800 Glendale, CA 91203 |
| 224 | MOFFITT--JUDITH MOFFITT / STEVENS V. GMAC RFC | Maryland | 4th Circuit Court of Appeal for Maryland | 11-1289 | | The Law Offices of E. David Hoskins, LLC David Hoskins 16 East Lombard Street 4th Floor, Baltimore, MD 21202 |
| 225 | Marwan Mohtadi, on behalf of himself and all others similarly situated vs Homecomings Financial,LLC aka Homecomings Financial Network,Inc; Provident Funding Associates,LP;Spiral, Panapol; Does 1 to 10, inclusive | California | U.S. Court of Appeal-9th Circuit | 12-55061 | | Christopher G. Weston, Esq. Western Law Connection Corporation 4311 Wilshire Boulevard Suite 615 Los Angeles, CA 90010 |
| 226 | Saminder S. Monga, Bina K. Monga v. GMAC Mortgage, LLC | Illinois | Kane County-Circuit Court-16th Judicial | 13 CH 810 | Pro Se | Saminder S. Monga Bina K. Monga 1267 Wise Street Elburn, IL 60119 |
| 227 | Cheryl Mooney V NationStar Mortgage, LLC, Residental Funding Company, LLC, Mortgage Electronic Registration Systems, INC. Deutsche Bank Trust Corporation as Trustee for GSR Mortgage Loan. | New York | County of Dutchess-Supreme Court-9th Judicial District | 2014-430 | | Kenneth Rosellini, Esq. Law Offices of William J. Munier 530 Main Street Suite 202 Fort Lee, NJ 07024 |
| 228 | Elizabeth A. and Alric Kenneth Moore v. Baltimore American Mortgage Corp., Inc., Residential Funding Company, LLC and JP Morgan Chase Bank, NA | Maryland | Baltimore City-Circuit Court-8th Circuit | 24-C-10-003943 | | The Law Offices of E. David Hoskins, LLC David Hoskins 16 East Lombard Street 4th Floor, Baltimore, MD 21202 |
| 229 | Los Angeles Unified School District, a unified school district vs. Francisco J. Mora; Los Angeles County Tax Collector; Orange Coast Title; Mortgage Electronic Registration Systems, Inc.; Homecomings Financial, LLC, a Delaware Limited Liability Company; D | California | Los Angeles County-Superior Court | BC439703 | | Arthur J. Hazarabedian and Artin N. Shaverdian Califomai Eminent Domain Law Group, APC 3429 Ocean View Blvd. Suite L Glendale, CA 91208 |
| 230 | GREGORY C MORSE VS HOMECOMINGS FINANCIAL, LLC, GMAC MORTGAGE CORP, LLC, GMAC BANK (NOW ALLY BANK), MERS, INC, MERSCORP, INC, FEDERAL NATIONAL MORTGAGE ASSN, AND COMMONWEALTH LAND TITLE INSURANCE COMPANY | Texas | USDC-ED-Texas | 4:12-cv-00375-ALM | Pro Se | Gregory C. Morse 223 High Point Drive Murphy, TX 75094 |
| 231 | Lisardo A. Murillo v. Mortgage World Corp., Dovenmuehle Mortgage, Inc., Homecomings Financial, LLC, LNV Corporation | Massachusetts | Middlesex County-Superior Court | MICV2012-02842 | | Law Office of Andrew G. Bunnell 424 Broadway Somerville, MA 02145 |
| 232 | Daniel A Muscatelli vs GMAC Mortgage, LLC, MERS, Inc., Homecomings Financial, LLC and Federal National Mortgage Association. | Rhode Island | Providence County Superior Court | PC-11-2554 | | Law Offices of George E. Babcock 574 Central Avenue Pawtucket, RI 02861 |
| 233 | David G. Myers, II, and Elizabeth Myers, vs. USAA Federal Savings Bank, Greentree Servicing LLC, Mortgage Electronic Registration Systems, Inc., GMAC Mortgage, LLC | Georgia | Richmond County-Superior Court | 2014RCCV00450 | | Randolph Frails Frails and Wilson, LLC 211 Pleasant Home Road Suite A-1 Augusta, GA 30907 |
| 234 | GMAC Mortgage, LLC vs. marcia Navarro, et al. | Florida | Miami-Dade County-County Court-11th Judicial Court | 13-2008-CA-74998 | | John H. Ruiz, P.A 5040 NW 7th Street Suite 920 Miami, Florida 33126 |
| 235 | MARICELA NEGRETE VS. MISSION HOMES, MISSION DEVELOPMENT 5001, L.P. and Does 1-300; Cross-complainant TERRY TUELL CONCRETE, INC., VS. MISSION HOMES, INC., MISSION DEVELOPMENT NO. 5001, L.P., NICK KALENDER CONSTRUCTION, CLOVIS SANGER CABINETRY MANUFACTURING | California | Fresno County- Superior Court | 09 CE CG 01744 | | William J. Ingalsbe, Esq. Diana M. Dron, Esq. Monteleone & McCrory, LLP 725 south Figueroa Street Suite 3200 Los Angeles, CA 90017 |
| 236 | LELAND AND JUNE NEYER VS. HOMECOMINGS FINANCIAL, LLC, MARIE DE BELEN, SUNIL JAYASINHA, ETS SERVICES, LLC, and MERS | California | U.S. Court of Appeal-9th Circuit | 11-15722 | Pro Se | Leland Anthony Neyer and June E. Neyer P.O. Box 970 Alturas, CA 96101 |
| 237 | Norfolk County v. Merscorp inc., Mortgage Electronic Registration Systems inc., Bank of America n.a., BAC Home Loans Servicing lp, Citibank n.a., Citimortgage inc., GMAC Mortgage LLC, JPMorgan Chase Bank n.a., State Street Corp, Wells Fargo Bank n.a., and | Massachusetts | Suffolk County-Superior Court | 12-1247 BLS | | Christian Siebott BERNSTEIN LIEBHARD LLP 10 East 40th Street New York, NY 10016 |
| 238 | North Tower at the point condominium association, Inc. Vs. Residential Funding Company, LLC and John Does as tenant in possession and to all others whom it may concern | Florida | Miami-Dade County-County Court-11th Judicial Court | 2014-11247-CA01 | | Jonathan M. Mofsky, Esq. Siegfried, Rivera, Hyman, Lerner, De La Torre, Mars & Sobel, P.A. 201 Alhambra Circle 11th Floor Coral Gables, FL 33134 |
| 239 | James B. Nutter Company Vs. The Heirs and Distributees of the estate of Clarence Harrison. | New York | Kings County-Supreme Court-2nd Judicial District | 504044/2012 | | Robyn E. Goldstein, Esq. RAS Boriskin, LLC 900 Merchants Concourse Suite LL-5 Westbury, NY 11590 |
| 240 | Adwoa Afi Nyamekye vs GMAC Mortgage, LLC, First National Bank of Arizona, MERS, ETS Services, LLC, Bank of America, NA, as successor to Lasalle Bank, NA Tony Mackin and does 1-10 inclusive | California | Los Angeles County-Superior Court | BC483884 | Pro Se | Adwoa Afi Nyamekye 5318 3rd Avenue Los Angeles, CA 90043 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 241 | O'BRIEN- GMAQ  LLC V. GMAC MORTGAGE, LLC, MICHAEL AGOGLIA, NOEL STEPHEN O'BRIEN, SULLIVAN BURNS PROPERTIES, INC., FRANCIS J. DALY, CHARLES H. BURNS, SEAN SULLIVAN, ATLANTIC TITLE, INC. | Florida | Palm Beach County-Circuit Court-15th Judicial Circuit | 5020008CA018599-MBAW | | Michael Simon, Esq. Simon & Sigalos, LLP 3839 NW Boca Raton Blvd. Baco Raton, FL  33431 |
| 242 | KAREN W. OFFICER AND ROBERT W. OFFICER VS. CITIMORTGAGE, INC.; JP MORGAN CHASE BANK; WELLS FARGO BANK, NATIONAL ASSOCIATION; GMAC MORTGAGE, LLC; BANK OF AMERICA, NATIONAL ASSOCIATION; UNITED CAPITAL MORTGAGE, A TENNESSEE CORPORATION; UNITED MORTGAGE COR | California | California Court of Appeal-6th Appellate District | H037706 | | Stephen J. Foondos United Law Center 3013 Douglas Blvd. Suite 200 Roseville, CA  95661 |
| 243 | Monica Olvera and Busy Bee Construction Co., Inc., vs. Homecomings Financial LLC | Illinois | Cook County-Circuit Court--County Department-Chancery Division | 08 CH 20461 | | Thomas Paul Beyer Beyer Law Offices, PC 80 South La Grange Road Suite 10 La Grange, IL  60525 |
| 244 | GMAC MORTGAGE LLC VS MICHAEL PATA | Florida | Lake County-Circuit Court-5th Judicial Circuit | 10-CA-5279 | | D.S. "Dar" Airan, Esq. Airan Place Law, P.A. 6705 SW 57 Avenue (Red Road) Suite 310, Plaza San Remo Coral Gables, Florida  33143 |
| 245 | Keith Pelzel vs LSI Title Agency, Inc; GMAC Mortgage, LLC; Homecomings Financial Network, Inc; First American Title Insurance Company; Mortgage Electronic Registration Systems, Inc; All Persons Unkown, Claiming any Valid Subsiding Interest and Right to t | Washington | U.S. Court of Appeal-9th Circuit | 14-35869 | | Jill J. Smith, Esq. Natural Resource Law Group, PLLC Suite 27 2217 NW P.O. Box 17741 Seattle, WA  98107 |
| 246 | Angelo Peralta vs. Residential Funding Co, LLC; HSBC Bank; Mortgage Electronicd Recording Systems; US Bank National Association; LaSalle Bank; New York Mortgage Co, LLC; John Does 1-100,000 | New York | Queens County-Supreme Court-11th Judicial District | 706872/2014 | | David J Broderick, Esq. 7020 Austin Street Suite 11 Forest Hills, NY  11375 |
| 247 | Rogelio Perez Vs Colfin Al CA 5 LLC, Deutsche Bank Trust; Co Americas, ETS Services LLC, GMAC Mortgage, | California | Los Angeles County-Superior Court | BC540926 | Pro Se | Rogelio Perez 10943 Kittridge Street North Hollywood, CA  91606-2718 |
| 248 | DERRICK D PETERSON  ESMERALDA PETERSON VS GMAC MORTGAGE LLC MERS | Massachusetts | U.S. Court of Appeal-1st Circuit | 11-2381 | | LAW OFFICES OF NEIL KREUZER 268 Newbury Street 4th Floor Boston, MA  02116 |
| 249 | Minh Hoang Nguyen Pham Vs. GMAC Mortgage, LLC, FKA GMAC Mortgage Corporation | California | Orange County-Superior Court | 30-2014-00726235-CU-OR-CJC | | Motaz M. Gerges, Esq. Attorney at Law 18543 Devonshire Street Suite 448 Northridge, CA 91324 |
| 250 | Mary Phelan v. Twin Lakes Homeowners Association Condominimum (obligator), Orlans and Associates, GMAC Mortgage, LLC, Mortgage Electronic Registration Systems, Inc., Federal Home Loan Mortgage Corporation | Michigan | Oakland County-Circuit Court-6th Judicial Circuit | 11-122450-CH | | KEITH G TATARELLI ATTORNEY AT LAW 23205 Gratiot Ave Ste 321 Eastpointe, MI 48021 |
| 251 | PHILLIPS - EMANUEL PHILLIPS AND GERALDINE PHILLIPS VS. RESIDENTIAL FUNDING COMPANY,LLC; THE BANK OF NEW YORK TRUST COMPANY; JP MORGAN CHASE BANK, N.A. | Maryland | 4th Circuit Court of Appeal for Maryland | 11-1276 | | The Law Offices of E. David Hoskins, LLC David Hoskins 16 East Lombard Street 4th Floor, Baltimore, MD 21202 |
| 252 | Keith Phillips and Rebecca Phillips v. GMAC Mortgage, LLC | California | USDC-SD-California | 13-cv-01028 | | Jessica R.K. Dorman, Esq. Hyde & Swigart 2221 Camino Del Rio South Suite 101 San Diego, CA  92108 |
| 253 | Jefferey Piccirillo and Lori Piccirillo Vs GMAC Mortgage, Et al. To: Ocwen Financial Solutions. | California | San Diego County-Superior Court | 37-2013-00072853-CU-OR-NC | | Hebert Papenfuss, Esq. Law Office of Herbert Papenfuss 3604 Azure Circle Carlsbad, CA  92008 |
| 254 | DWAYNE F. POOLE AND TRINA M. POOLE vs. GMAC MORTGAGE, LLC | Missouri | Franklin County-Circuit Court-20th Judicial Circuit | 11AB-CC00090 | Pro Se | DWAYNE F. POOLE AND TRINA M. POOLE Pro Se 1348 North Bend Road Union, Missouri 63084 |
| 255 | Mark A. Poole and Carinne L. Poole v. GMAC Mortgage Corporation, as Originator; Federal National Mortgage Association, as Trustee for Securitized Trust; Fannie Mae REMIC Trust 2003-131; Unknown Sponsor; Unknown Depositor; Nationstar Mortgage, LLC, as Serv | Massachusetts | Middlesex County-Superior Court-Trial Court Department | 13-3504 | | Joseph F. Botelho, Esq. Botelho & Associates, LLC 126 Shove Street Suite 202 Fall River, MA  02724 |
| 256 | LOLINA PORTER vs. GMAC; HOMECOMINGS FINANCIALS NETWORK; AURORA LOAN SERVICE,S LLC; GENWORTH FINANCIAL AND JOHN DOES | Tennessee | USDC-WD-Tennessee | 2:10-cv-02858-SHM-dkv | Pro Se | Lolina Porter 832 Monterey Road Glendale, CA  91206 |
| 257 | U.S. Bank National Association, as Trustee for RFMSI 2007S9 vs. Robert T. Potchen, a/k/a Robert Potchen, a/k/a Robert Thomas Potchen, et al | Florida | Seminole County-Circuit Court-18th Judicial Circuit | 2009-CA-003089-14-L | | Michael D. Jones, Esq. Michael D. Jones & Associates, P.A. 30 Windsormere Way Suite 200 Oviedo, FL  32765 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 258 | Christina Marie Powderly, Paul Joseph Powderly v. GMAC Mortgage, LLC, DDA GMAC Mortgage, LLC; ISAOA, Mortgage; Electronic Registration Systems; Homecomings Financial LLC; Executive Trustee Services; First American Realstate of Texas; Approved Lending Serv | California | Orange County-Superior Court | 30-2012-00579434 | Pro Se | Christina Marie Powderly and Paul Joseph Powderly 522 South Helena Street Anaheim, CA 92805 |
| 259 | AMERICAN NATIONAL TITLE VS GMAC MORTGAGE LLC FKA GMAC MORTGAGE CORPORATION AND PITE DUNCAN LLP | Texas | Harris County-District Court-125th Judicial District | 2011-33641 | | The Milledge Law Firm, PC 2500 East T.C. Jester, Ste. 510 Houston, Texas 77008 |
| 260 | Clarence C. Prentice (deceased), Susan A. Prentice vs. Citywide Mortgage Corporation; MERS, Mortgage Electronic Registration Systems, Inc.; GMAC Mortgage LLC; Federal National Mortgage Association; Bierman, Geesing, Ward and Wood Attys for GMAC Mortgage, | Maryland | U.S. Bankruptcy Court-Maryland and Calvert County-Circuit Court | 11-bk-25689 11-ap-00806  04-C-10-000571 | Pro Se | Susan A. Prentice P.O. Box 1124 Huntington, MD 20639-1124 |
| 261 | Joey R. Preston v. GMAC Mortgage, LLC | South Carolina | USDC-South Carolina | 8:12-cv-03383-TMC | | Candy Kern-Fuller, Esq. Upstate Law Group 200 East Main Street Easley, SC 29640 |
| 262 | QUINTERO - ROSMARY QUINTERO; MELISSA MCCLOSKEY AND JEAN LEAVITT VS. RESIDENTIAL FUNDING COMPANY,LLC; CYPREXX SERVICES,LLC | Florida | Seminole County-Circuit Court-18th Judicial Circuit | 2009-CA-10323-11-G | | Christopher Cathcart, Esq. Ossinsky & Cathcart, P.A. 2699 Lee Road Winter Park, FL 32789 |
| 263 | Raymond Quiroz and Shelley Quiroz v. Homecomings Financial, LLC a foreign limited liability company, and Residential Funding Company, LLC a foreign limited liability company | Michigan | Livingston County-Circuit Court-44th Judicial Circuit | 12-26830-CH | | BAGLEY & LANGAN, PLLC J. Robert Langan 23895 Novi Rd, Suite 600 Novi, MI 48375 |
| 264 | GMAC Mortgage LLC and Emily Kaye Courteau, as substitute trustee vs. Jeffrey R. Rainey, Cynthia F Rainey; Bennie Rayburn Rainey; Betty Maurice Barrett Rainey, individually and as co-trustees of the Bennie R. Rainey and Betty B. Rainey Living Trust | Mississippi | Forrest County-Chancery Court | 2011-0990-GN-W | | Michael C. Barefield, Esq. Barefield Law Firm PLLC P.O. Box 16826 Hattiesburg, MS 39404-6826 |
| 265 | Charles Ralston v. GMAC Mortgage LLC | Florida | Sarasota County-Circuit Court-12th Judicial Circuit | 2012 SC 002198 NC | | Melanien Newby, Esq. Jodat Law Group PA 2620 South Tamiami Trail Sarasota, FL 34239 |
| 266 | CHIP RAPP AND DENISE RAPP VS GMAC MORTGAGE LLC | Florida | Orange County-Circuit Court-9th Judicial Circuit | 2010-CC-18688 | | Kaufman, Englett and Lynd 150 North Orange Avenue Suuite 100 Orlando, FL 32801 |
| 267 | Michelle L. Ready vs. GMAC Mortgage, LLC; Homecomings Financial Network, Inc.; Mortgage Electronic Registration Systems, Inc. | Arkansas | Pulaski County-6th Judicial District-Circuit Court | 60CV2012-2156 | | Luther Oneal Sutter II, Esq. Sutter & Gillham, PLLC 310 W. Conway Street Benton, AR 72015 |
| 268 | BANK OF AMERICA NA VS GMAC MORTGAGE LLC, GERALD C REGNER AND AMOR REGNER | California | Orange County-Superior Court | | | LAW OFFICE OF DOUGLAS J FARRELL 37 Sierra Madre Blvd. Sierra Madre, CA 91024 |
| 269 | Federal National Mortgage Association v. Edward M. Rego and Emanuela R. Rego | Massachusetts | Middlesex County-Superior Court | 12-SP-3313 | | MERRIMACK VALLEY LEGAL SERVICES, INC. 35 John Street Suite Room 302 Lowell, MA 01852 |
| 270 | Magda Reyes v GMAC Mortgage, LLC Executive Trustee Services, LLC Federa National Mortgage association; Mortgage Electronic registration systems, INC; and does 1 to 50 inclusive | California | San Bernardino County-Superior Court | CIV DS1312433 | | Cyrus Anvaripour, Esq. and Sasan Mirkarimi, Esq. Mirk Law Group, PLC 525 B Street Suite 1500 San Diego, CA 92101 |
| 271 | Agustin Rincon Rangel, Sergio Rincon v. Greenport Mortgage Funding, Inc.; Aurora Bank,FSB; GMAC Mortgage, LLC; Cal-Western Reconveyance Corporation; and does 1 to 50 inclusive | California | Los Angeles County-Superior Court | NC 057243 | | LAW OFFICES OF GARRY LAWRENCE JONES 1801 Park Court Place Building E Suite 207 Santa Ana, CA 92701 |
| 272 | Tiffenett Ritter Vs Green Tree Servicing, LLC and GMAC Mortgage LLC | Tennessee | Shelby County-Chancery Court-13th Judicial District | CH-14-0969-1 | | Curtis D. Johnson, Jr., Esq. 11 S. Idlewild Street Memphis, TN 38104 |
| 273 | ROBINSON--RUBY ROBINSON V. HOMECOMINGS FINANCIAL, LLC f/k/a Homecomings Financial Network, Inc., Ally Financial, Inc. f/c/a GMAC, Inc. | Alabama | Barbour County-3rd Judicial District-Circuit Court | CV-08-90000200 | | Robert G. Methvin, Jr McCallum Methvin & Terrell, PC 2201 Arlington Avenue South, Birmingham, AL 35205 |
| 274 | Lionel Roche vs. Great Country Mortage Bankers, Corp. | Florida | Volusia County-Circuit Court-7th Judicial Circuit | 2013 11078 CLDL | Pro Se | Lionel Roche and Noris N. Roche 4770 SW 112th Lane Ocala, FL 34476 |
| 275 | Moshe Zilha v. GMAC Mortgage, LLC, Steven J. Baum, P.C., Stewart Title Insurance Compny, Edgar Romer and Eva Ferrufino | New York | Nassau County-Supreme Court- 10th Judicial District | 015332/2012 | | Daniel F. Spitalnic, Esq. Six Grace Avenue Suite 202 Great Neck, NY 11021 |
| 276 | Marcus Rosenberger vs Homecomings Financial, LLC, f/k/a Homecomings Financial Network, Inc. and Litton Loan Servicing, L.P. | Texas | Texas Court of Appeals-11th District | No. 11-12-00004-CV | | Michael Brinkley BRINKLEY LAW FIRM PLLC P.O. Box 820711 Fort Worth, TX 76182-0711 |
| 277 | Cathy Rossomondo v. Thomas Rossomondo, Countrywide Home Loans, Inc., GMAC Mortgage Corporation D/B/A Ditech.com, Wachovia Bank, N.A., Wells Fargo Bank, N.A., Bank of America, National Association, Colin Bradley, Dawn Bradley | Maryland | Frederick County-Circuit Court-6th Circuit | 10-C-13-000864 | | Julia A. Martz-Fisher, Esq. Martz & Fisher LLC 117 West Patrick Street Suuite 201 Frederick, MD 21701 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 278 | Celeste Hines-Roundtree vs. Ally Financial, Inc., and GMAC Mortgage, LLC | North Carolina | Mecklenburg County-Superior Court-26th Judicial District | 12-CVS-17345 | | Law Office of John F. Hanzel, P.A. 19425-G Liverpool Parkway Suite G Cornelius, NC 28031 |
| 279 | Ramona Ruiz v. Homecomings Financial Networks, Inc., Residential Funding Corporation, Executive Trustee Services, LLC, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans Trust, SERIES 2006-QA3, Mortgage Electronic Registratio | California | Los Angeles County-Superior Court | EC060673 | | Debra J. Burdette, Esq. Law Office of Debra J. Burdette 3820 Del Amo Blvd. Suite 334 Torrance, CA 90503 |
| 280 | Rodney D. Sampson, Plaintiff v. GMAC Mortgage, LLC, a Foreign corporation in its corporate capacity; and MITCH FROMM, in his individual Capacity jointly and severally, as Defendants. | Georgia | Hall County-Superior Court-9th District-NE Judicial Circuit | 2011-CV-2388B | | Jonathan Akly, Esq. 6017 Sandy Springs Cricle Atlanta, GA 30328 |
| 281 | Kenneth Satterlee vs. Sky Investments, Inc. d/b/a Northstar Lending and GMAC Mortgage, LLC | Florida | Gilchrist County-Circuit Court-8th Judicial Circuit | 21-2012-CA-0025 | | Ricard E. Stadler, Esq. DARBY PEELE GREEN & STADLER, LLP 285 NE Hernando Ave. Lake City, FL 32055 |
| 282 | Todd H. Scammon vs. GMAC Mortgage, LLC | New Hampshire | Rockingham County-Superior Court | 218-2011-CV-1061 | Pro Se | Todd H. Scammon 239 Old Candia Road Auburn, NH 03032 |
| 283 | Irina Schmidt v. GMAC Mortgage, LLC aka Ally Financial, Inc. | Louisiana | Jefferson Parish-District Court-24th Judicial District | 716-448 | Pro Se | Irene Schmidt 3608 Wanda Lynn Drive Metairie, LA 70002 |
| 284 | JEFF AND ADELE SCHNEIDEREIT  vs. TRUST OF THE SCOTT & BRIAN INC. 401 K PROFIT SHARING PLAIN U/A DTD 01/01/2003, FBO SCOTT AND JANET EHRKE, DEUTSCHE BANK NATIONAL TRUST COMPANY AMERICAS, INDIVIDUALLY AS A BUSINESS ENTITY AND AS TRUSTEE/CUSTODIAN, DEUTSCHE | California | U.S. Court of Appeal-9th Circuit | 13-55395 | | Mr. and Mrs. Adele Schneidereit 580 Dolliver Street Pismo Beach, CA 93449 |
| 285 | GABRIEL AND APRIL W. SCURRY VS. GMAC MORTGAGE, LLC, HOME LAND APPRAISALS, LLC, CHRISTI JEANNINE RAITT AND PALM HARBOR HOMES, INC. | South Carolina | Orangeburg County-Circuit Court-1st Judicial Circuit | 2010-CP-38-1122 | | Tucker Player, Esq. PLAYER LAW FIRM, LLC 1415 Broad River Road Columbia, SC 29210 |
| 286 | Leobardo Sepulveda and Raquel Sepulveda vs. GMAC Mortgage, LLC, DB Home Lending, LLC, American Home Mortgage Servicing Regional Trustee Services Corporation, and DOES 1-100 | California | Riverside County-Superior Court | RIC1407393 | | Leobardo Sepulveda and Raquel Sepulveda P.O.Box 4397 El Monte, CA 91734 |
| 287 | SERRANO-ORTIZ - TEOFILA SERRANO-ORTIZ V. GMAC MORTGAGE CORPORATION | Florida | Orange County-Circuit Court-9th Judicial Circuit | 06-CA-4272 | | Michael B. Brehne, Esq. Law Offices of Michael B. Brehne, P.A. 230 North Westmonte Drive Suite 1000 Altamonte Springs, FL 32714 |
| 288 | SMITH -- CHRISTINE SMITH V. GMAC MORTGAGE CORP. | Massachusetts | Norfolk County-Superior Court | 09-0496-B | | Law Offices of Israel M. Snachez, Jr., Esq. 8 Norwich Street Worcester, MA 01608 |
| 289 | Kelly A. Smith and Jeffery Smith v. GMAC Mortgage, LLC, a Delaware limited liability company; Ocwen Loan Servicing, LLC a Delaware limited liability company; Executive Trustee Services, LLC a Delaware limited liability company; and Does 1-20, inclusive | California | Riverside County-Superior Court | INC1302551 | | Anton Abramyan, Esq. RA & Associates, APC 505 N. Brand Blvd. Suite 860 Glendale, CA 91203 |
| 290 | Darlene K Sommer Vs. Residential Funding Co LLC | Georgia | Gwinnett County-Superior Court | 14-A-03862-5 | Pro Se | Darlene K Sommer and Edward L. Sommer 2024 Turtlebrook Way Lawrenceville, GA 30043 |
| 291 | South Heidelberg township V. GMAC Mortgage | Pennsylvania | Berks County-Court of Common Pleas | 14-1088 | | Michael J. Gombar, Jr. Esq Masano Bradley 1100 Berkshire Blvd. Suite 201 Wyomissing, PA 19610 |
| 292 | Chris Spanopoulos and Jenny Spanopoulos vs Gmac Mortgage LLC | Florida | Duval County-Circuit Court-4th Judicial Circuit | 16-2012-CA-002459 | | Law Office of Max Story 328 2nd Ave. N. Suite 100 Jacksonville Beach, FL 32250 |
| 293 | GMAC Mortgage v. Michael H. Spindelman and Margaret A. Spindelman | New York | Erie County-Supreme Court-8th Judicial District | 540/2008 | | MATTHEW A LAZROE, ATTORNEY AT LAW 37 Franklin Street Suite 750 Buffalo, NY 14202 |
| 294 | St. Clair County, Illinois by and through its State's Attorney, Brendan Kelly and its Recorder of Deeds, Mike Costello vs. Mortgage Electronic Registration Systems, inc., Merscorp, Inc., Bank of America, N.A., CCO Mortgage Corporation, Citimortgage Inc., | Illinois | St. Clair County-Circuit Court-20th Judicial Circuit | 12-L-267 | | State of Illinois - States Attorney Paul Slocomb 10 Public Square Belleville, IL 62220 |
| 295 | Shelley Stanley, Plaintiff, vs. GMAC Mortgage, First American Field Services and Fictitious Parties 1-5, Defendant. | Georgia | Fulton County-Superior Court-5th Judicial Circuit | 2011-CV-205069 | | THE MOSBY LAW FIRM, PC 1720 Peachtree Street Suite 433 Atlanta, GA 30309 |
| 296 | State of Nevada ex rel Barrett Bates, on behalf of real parties in interest, Washoe County, Clark County, Humboldt County, Storey County, Pershing County, Churchill County, City and Count of Carson City, Esmeralda County, White Pine County, Lyon County, E | Nevada | U.S. Court of Appeal-9th Circuit | 11-16310 | | Treva J. Hearne Reno Law Group, LLC 595 Humbolt Reno, NV 89509 and Robert Hager Hager & Hearne 245 East Liberty Street Suite 100 Reno, NV 89501 and Mark Mausert, Esq. Mark Mausert Law Office 930 Evans Avenue Reno, NV 89512 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 297 | United States of America, ex rel, and James R. Adams and Puoy K., Premsrirut, vs. Aurora Loan Services LLC, BAC Home Loans Servicing LP, Bank of America NA, Chase Home Financie LLC, GMAC Mortgage Corportion, Citimortgage Inc, Countrywide Home Loans Servic | Nevada | USDC-Nevada | 2:11-cv-00535-RCJ-PAL | | Sigal Cahttah<br>Chattah Dimopoulos<br>5875 South Rainbow Blvd.<br>Las Vegas, NV  89118 |
| 298 | STATE OF OHIO ex rel. DAVID P. JOYCE, PROSECUTING ATTORNEY OF GEAUGA COUNTY, OHIO on behalf of Geauga County and all others similay situated vs. GMAC RESIDENTIAL FUNDING CORPORATION; MERSCORP, INC; HOME SAVINGS & LOAN COMPANY OF YOUNGSTOWN; BANK OF AMERIC | Ohio | Geauga County-Court of Common Pleas | 11M 10 2 | | BERNSTEIN LIEBHARD LLP<br>Stanley Bernstein<br>10 East 40th Street, New York, NY 10016 |
| 299 | ELIZA HEMENWAY VS GMAC MORTGAGE LLC | California | Sonoma County-Superior Court | Case No. SCV 253195 | | John Stringer<br>Law Office of John Stringer<br>259 Oak Street<br>San Francisco, CA  94102 |
| 300 | Jeffrey D Summers v. GMAC Mortgage | Massachusetts | Middlesex District Court Department, Small Claims Session | 1250SC000058 | Pro Se | Jeffrey D. Summers  51 Grace Street, Malden, MA 02148 and George M. Wessel, 3451 Hammond Avenue, Waterloo, IA 50104 |
| 301 | Jose Ornelas and Maria Ornelas vs. Melvina Yvette Sumter, Homecomings Financial Network and Mortgage Electronic Registration Systems, Inc., aka MERS | South Carolina | Newberry County-Circuit Court-8th Judicial Circuit | 2012 CP 3600215 | | Trey Harrell, III, Esq.<br>Harrell & Martin, P.A.<br>P.O. Box 1000<br>135 Columbia Avenue<br>Chapin, SC  29036 |
| 302 | Brian Patrick Sweeney, Christine Carter Sweeney v. Federal National Mortgage Association, GMAC Mortgage LLC, Mortgage Electronic Registration Systems, Inc. and Nationstar Mortgage LLC | Michigan | Kalamazoo County-County Court-9th Judicial Circuit | 2012-0169 CK | | Ronald W. Ryan, Esq.<br>LEWIS REED & ALLEN P.C.<br>136 East Michigan Ave.<br>Suite 800<br>Kalamazoo, MI  49007 |
| 303 | Robert Sweeting vs. GMAC Mortgage, LLC | California | California Court of Appeal-4th Appellate District-Division Three | G045198 | Pro Se | Robert Sweeting<br>7071 Warner Ave.<br>Unit F81<br>Huntington Beach, CA  92647 |
| 304 | ROBERTA WHITE V. GREGORY POWELL, ANITA SWEETWYNE, DAVID E. NAGLE, KATJA HILL, SAMUEL I. WHITE, P.C., HOMECOMINGS FINANCIAL, LLC AND VIRGINIA CREDIT UNION, INC. | Virginia | Middlesex County-Circuit Court-9th Judicial Circuit | CL08-17 | | Irving B. Goldstein, P.C.<br>741 J. Clyde Morris Blvd.<br>Suite A<br>Newport News, VA  23601 |
| 305 | Jack Tamblyn and Terrie Tamblyn v. GMAC Mortgage, LLC, fka GMAC Mortgage Corporation, LSI Title Agency, Inc., Mortgage Electronic Registration Systems | Washington | Clallam County-Superior Court | 12-2-00099-1 | | Wesley Foreman, Esq.<br>TRIAD LAW GROUP<br>209 Dayton Street<br>Suite 105<br>Edmonds, WA  98020 |
| 306 | Darron Tarleton vs. Trans Union, LLC and Equifax Information Services LLC and Experian Information Solutions, Inc. and Ocwen Loan Servicing, LLC and GMAC Mortgage LLC | Pennsylvania | USDC-ED-Pennsylvania | 2:14-CV-3769 | | Mark D. Mailman, Esq.<br>Land Title Building<br>19th Floor<br>100 South Broad Street<br>Philadelphia, PA  19110 |
| 307 | GMAC Mortgage, LLC v Gary D. Taylor, Susan P. Taylor, and Fictitious Defendants One through Ten, Whose names and identities are otherwise unknown to the plaintiff but whose true names will be substituted by amendment when they are ascertained, and who are | Alabama | Tuscaloosa County-Circuit Court | 63-CV-2013-900129.00 | | Linda C. Dunn, Esq.<br>Law Offices of Linda C. Dunn, LLC<br>521 Energy Center Blvd.<br>Suite 1505<br>Northport, AL  35473 |
| 308 | GMAC Mortgage, a foreign company doing business in Nevada, Ocwen Loan Servicing, LLC, a foreign limited liability company doing business in Nevada, Does and Roe Entities 1-10 | Nevada | USDC-Nevada | 2:11-CV-00633-JCM-LRL | | Joseph T. Nold<br>Accelerated Law Group, Inc.<br>624 South 10th Street<br>Las Vegas, NV  89101 |
| 309 | Eric Tenu Thomas Jr and Alice Thomas Vs J.P Morgan Chase, Aames funding home loans, Weblittle, GMAC Mortgage Corporation, Home Sales, Inc, Olympus Asset Management, City Capital Mortgage, Banking Corp, Mortgage Electronic Registration Systems, Inc (MERS), | New York | Kings County-Supreme Court-2nd Judicial District | 20419/2013 | | Stuart R. Shaw, Esq.<br>30 West 95th Street<br>First Floor<br>New York, NY  10025 |
| 310 | BANK OF AMERICA, NA V GMAC MORTGAGE LLC, fka GMAC MORTGAGE CORPORATION, EXECUTIVE TRUSTEEE SERVICES, LLC, a Delaware Limited Liability company, fka EXECUTIVE TRUSTEE SERVICES, INC., a Pennsylvania Corporation; IVORY THOMAS, an individual | California | Los Angeles County-Superior Court | BC470150 | | David S. Bartelstone<br>Cunningham & Treadwell<br>21800 Oxnard Street<br>Woodland Hills, CA  91367 |
| 311 | DONNA R. TIPTON v. BALTIMORE AMERICAN MORTGAGE CORPORATION, INC, DONALD J. ORDAKOWSKI, JR., HENRY BIEGACZ, RESIDENTIAL FUNDING COMPANY, and JP MORGAN CHASE BANK, NA | Maryland | U.S. Court of Appeal-4th Circuit | 11-1291 | | The Law Offices of E. David Hoskins, LLC<br>David Hoskins<br>16 East Lombard Street<br>4th Floor,<br>Baltimore, MD 21202 |
| 312 | COLEEN ETSUKO TOM AND JOYCELYN WANDA UNCIANO VS GMAC MORTGAGE LLC; DAVID B. ROSEN, ESQUIRE, KRISTINE WILSON, INDIVIDUALLY AND IN HER CAPACITY AS LIMITED SIGNING OFFICER FOR GMAC MORTGAGE, LLC; DOE INDIVIDUALS 1-10; DOE BUSINESS ENTITIRES 1-10; DOE LLC'S 1 | Hawaii | Circuit Court-1st Circuit and Intermediate Court of Appeal-Hawaii | 03-1-1029-05<br><br>CAAP-13-0000306<br>CAAP-11-0001081<br>CAAP-13-0001307 | Pro Se | Joycelyn Wanda Unciano<br>91-590 Farringtion Hwy.<br>210-226<br>Kapolei, Hawaii  96707<br>and<br>Wayne Noelani Tom<br>Coleen E. Tom<br>92-760 New Place<br>Kapolei, Hawaii  96707 |
| 313 | Town of Pima v. GMAC Mortgage, LLC | Arizona | Graham County Justice Court, Precinct #2 | SC2012 0043 | Pro Se | Town of Pima<br>P.O. Box 426<br>Pima, AZ 85543 |
| 314 | Christy Strout, Theresa Valencia v. Federal National Mortgage Association, GMAC Mortgage, LLC | Texas | Harris County-District Court-125th Judicial District | 2013-09032 | | Frank A. Rush, Esq.<br>3806 Live Oak<br>Houston, TX  77004 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 315 | Stan M Van Dyk and Anita L Van Dyk, PRO SE vs GMAC Mortgage, LLC, Mortgage Electronic Registration Services, Lawyers Title of Arizona, Inc., Green Tree Servicing, LLC, Fannie Mae, MTC Financial, Inc., and DOES I-X | Arizona | Maricopa County-Superior Court | CV2014-095160 | Pro Se | Stan and Anita Van Dyk 398 E. Breckenridge Way Gilbert, AZ 85234 |
| 316 | JORGE VARGAS VS HARVEY RUVIN CLERK OF CIRCUIT COURT OF MIAMI-DADE COUNTY FLORIDA, FERNANDO CASAMAYOR, THE MIAMI-DADE TAX COLLECTOR, FRA SERVICES, INC., LENDAMERICA HOME LOANS, NATIONSTAR, LLC, and GMAC MORTGAGE, LLC. | Florida | Miami-Dade County-County Court-11th Judicial Circuit | 2011-28709-CA-01 | | John Paul Arcia, P.A. 8700 W. Flagler Street Suite 355 Miami, FL 33174 |
| 317 | Anthony Ventrella v. Western Union Financial Services, Homecomings Financial, LLC | Connecticut | New Britain County-Superior Court | HHB-CV-09-5012420-S | | Law Office of Alfred F. Morrocco, Jr. 200 Summer Street P.O. Box 1660 Bristol, CT 06011 |
| 318 | Charles L. Vincent v. GMAC Mortgage | Massachusetts | Clinton District Court | 1268SC000334 | Pro Se | Charles L. Vincent, 406 Neck Road, Lancaster, MA 01523 |
| 319 | GMAC MORTGAGE, LLC AND GOLDMAN SACHS VS. SUSAN VINEYARD | Illinois | Franklin County-Circuit Court-2nd Judicial District | 03 CH 62 | | John L Cullen 901 West Washington St Benton, IL 62812 |
| 320 | GMAC MORTGAGE LLC VS. JAMES WALTON JR., Michelle D. Walton, Citifinancial Inc., Great Seneca Financial Corporation and Montgomery County Treasurer | Ohio | Montgomery County-Court of Common Pleas | 2008 CV 10287 | | ADVOCATES FOR BASIC LEGAL EQUALITY, INC 525 Jefferson Avenue Suite 300 Toledo, OH 43604 |
| 321 | GMAC Mortgage, LLC vs William Wargin, et al | Florida | Pasco County-Circuit Court-6th Judicial Circuit | 51-2009-CA-2570-WS | | Andrew M. Lyons, Esq. Lyons Law Group, PA 4103 Little Road New Port Richey, FL 34655 |
| 322 | Laverne Warren v GMAC Mortgage, LLC and McCurdy & Candler, LLC | Georgia | Fulton County-Superior Court-5th Judicial Circuit | 2013-CV-238618 | | Grady A. Roberts, Esq. Roberts Law, LLC 94 Howell Street N.E. Atlanta, GA 30312 |
| 323 | Anita Washington v. GMAC Mortgage Corporation dba Ditech.com, a Delaware Corporation; GMAC Mortgage LLC dba Ditech Company, a Delaware Limited Liabilities Company; Federal Home Loan Mortgage Corporation; an entity of unknown form; Executive Trustee Servic | California | Sacramento County-Superior Court | 34-2012-00135587 | Pro se | Philip R. Geurts, Esq. McFarlin & Geurts, LLP 4 Park Plaza Suite 1025 Irvine, CA 92614-8540 and Anita Washington P.O.Box 15535 Sacramento, CA 95852-0535 |
| 324 | Manya Washington; Franklin and LaWanda Tucker v. Aurora Loan Services, LLC; Homecomings Financial, LLC; GMAC Mortgage, LLC; Mortgage Electronic Registration Systems, Inc; MERSCORP, Inc; Transcend Investment, LLC; and Does 1-10 | California | California Court of Appeal-4th Appellate District-Division Three | G046576 | | Michael S. Traylor, Esq. Law Office of Michael S. Traylor 9018 Balboa Blvd. Suite 352 Northridge, CA 91325 |
| 325 | Badger Lane, LLC v. James H. Woodall; Law Offices of James H. Woodall; GMAC Mortgage, LLC; Greenpoint Mortgage Funding; DOE Pass-Through Trustee; DOE Statutory Beneficiaries 1-2000, and DOES 1-2000 | Utah | Salt Lake County-District Court-3rd Judicial District | 110407448 | | CONSUMER LAW CENTER OF UTAH Douglas Short Short & Associates 117 East Fort Union Blvd Midvale, UT 84047 |
| 326 | Everette Weaver vs. GMAC Mortgage Corporation | Florida | Marion County-Circuit Court-5th Judicial Circuit | 13-988-CA-B | Pro Se | Everette Weaver 827 Route 82 Hopewell Junction, NY 12533 |
| 327 | Heather L. Welk, Susie B. Jones, William Bigelow, Christine Heinzman and Mark Heinzman, Sigmond Singramdoo, Troy Forte and Lynn M. Forte, David J. Roster and Charity Roster, Patrick Rucci, Gary G. Klingner, Rebecca A. Albers, Ian Patterson, and James Will | Minnesota | USDC-Minnesota | 11-cv-2676 | | Erick G. Kaardal, Esq., on behalf of William Butler Mohrman, Kaardal & Erickson, P.A. 150 South Fifth Street Suite 3100 Minneapolis, MN 55402 ALSO William Butler Butler Liberty Law, LLC 707 North Third Street Suite 203 Minneapolis, MN 55401 |
| 328 | Richard C. Wilkerson v. GMAC Mortgage, LLC | Utah | Utah County-Orem City Justice Court-Fourth Judicial District | Civil No. 128900317 | Pro Se | Richard C. Wilkerson, 1905 South Laguna Vista Drive, Orem, UT 84058 |
| 329 | William W Ogden & Helen Price Ogden Vs. Deutsche Bank Trust Company 2007-qs 8, Residential Accresit Loans, Inc, Ocwen Loan Servicing, L.L.C., Westcor Land Title INsurance Company, Surety Land Title, Inc., Premium Title Services, Inc.. Altisource Single Fa | Alabama | Madison County-Circuit Court | CV-2014-900536.00 | | Tim R. Wadsworth Attorney at Law 1175 Helicon Road Arley, AL 335541 and Donald W. Lambert 100 Jefferson Street South Huntsville, AL 35801 |
| 330 | Leedel Williams vs. Executive Trustee Services, LLC, Ocwen Loan Servicing, and DOES 1-100, inclusive. | Arizona | USDC-Arizona | 2:140CV-02074-BSB | Pro Se | Leedel Williams 1401 W. Fremont Road Phoenix, AZ 85041 |
| 331 | Aminata M. Williams Vs. 21st Mortgage Corporation | Maryland | U.S. Bankruptcy Court-Maryland-Greenbelt Division | 14-ap-00440 | | Douglas Grotton, Esq. Morris Palerm, LLC 416 Hungerford Drive Suuite 315 Rockville, MD 20850 |
| 332 | Richard B. Williams vs. GMAC, and Does 1-50 | California | Riverside County-Superior Court | RIC 1214291 | Pro Se | Ozmar Law Firm 6 North First Street Suite 105 Arcadia, CA 91006 |
| 333 | Michael Travis Wiggins-Bey, Annette Wanda Berry-El vs GMAC Mortgage, LLC, Ocwen Loan Servicing, LLC | Maryland | Baltimore County-Circuit Court-3rd Circuit | 03-C-14-010428 | Pro se | Michael Travis Wiggin-Bey Annette W. Berry-El 3307 Saint Ambrose Avenue Baltimore, MN 21215 |
| 334 | Bobbie A. Flemming v. GMAC Mortgage, LLC and U.S. Department of Veteran Affairs | Georgia | Mitchell County-Superior Court | 13-V-152 | | Je'Nita N. Lane, Esq. J. Lane Law Group, P.C. P.O. Box 1843 Albany, GA 31702 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 335 | Deken Willmore vs American Servicing and Recovery Group, LLC, a foreign corporation; CWALT, Inc, a foreign corporation; Homecomings Financial, LLC (incorrectly named as Homecoming Financial Net), a foreign corporation; Countrywide Home Loans, a foreign co | Utah | Salt Lake County-District Court-3rd Judicial District | 110916050 | | RINEHART FETZER SIMONSEN & BOOTH PC Stephen Rinehart 50 West Broadway #1200, Salt Lake City, UT 84101 |
| 336 | Willzor Capital Vs. GMAC Mortgage Corporation, OCWEN Loan Servicing, LLC and All persons unknown, claiming any legal or equitable right, title, lien or interest in the property described in the complaint adverse to plaintiff's title, or any cloud on plaint | Michigan | Michigan State Court of Appeals | 321760 | | Harrell D. Milhouse P.O. Box 680 Flint, MI  48501 |
| 337 | Walter W. Wilson, III vs GMAC Mortgage, LLC; Federal Home Loan Mortgage Corporation | South Carolina | USDC-South Carolina-Charleston Division | 2:14-cv-1516-SB-BM | Pro Se | Walter W. Wilson, III 1441 Brookbank Avenue Charleston, SC  29412 |
| 338 | Tracy Y. Aaron, Miriam Briley, and  The Estate of Mildred Witcher v GMAC Mortgage, LLC, Green Tree Servicing, LLC and Victor Warren Properties, Inc. | Georgia | Dekalb County-Superior Court | 14-CV-2123-9 | | Joshua G. Davis, Esq. J.G. Davis & Associates 303 Perimeter Center North Suite 300 Atlanta, GA  30346 |
| 339 | David Wood and Kathleen O'Connor-Wood v. GMAC Mortgage Corporation dba Ditech.com; Green Tree Servicing LLC, a Delaware Limited Liability Company; Peake Properties, LLC, A California Limited Liability Company and all persons unknown, claiming any legal o | California | Los Angeles County-Superior Court | PC055460 | | Christine C. Lynden, Esq. Lynden Law Corporation, APLC 6320 Canoga Ave. Suite 1400 Woodland Hills, CA  91367 |
| 340 | Amy J. Wickenhagen, formerly known as Amy Woods v. Mortgage Electronic Registration Corporation, Homecomings Financial, LLC, Northwest Trustee Services, Inc., GMAC Mortgage, LLC, Fannie Mae | Washington | Douglas County-Superior Court | 13-2-00224-5 | | Charles R. Steinberg, Esq. The Steinberg Law Firm 119 Fifth Street Wenatchee, WA  98801 |
| 341 | Hilda Wright vs. Ocwen Loan Servicing, LLC; and GMAC Mortgage Corporation n/k/a GMAC Mortgage, LLC n/k/a Ally Financial, Inc. | Pennsylvania | USDC-ED-Pennsylvania | 5:14-cv-2233 | | Robert C. Leite-Young, Esq. Roach, Leite & Manyin, LLC 2938 Levick Street Ground Floor Philadelphia, PA  19149 |
| 342 | FRAN YEGANEH vs GMAC MORTGAGE LLC | California | California Court of Appeal-1st Appellate District, Division Two | A13481 | | William E. Gilg Attorney at Law 305 San Bruno Avenue West San Bruno, CA  94066 |
| 343 | Elsa Zamora, an individual v. DGG Financial Corporation, a California Corporation; RALI Series 2008-QR1 Trust, a securitized trust formed in the State of New York; Deutsche Bank National Trust Company, a Delaware Corporation; Mortgage Electronic Registrat | California | California Court of Appeal-2nd Appellate District | No. B243641 | | Arya Law Center Majd Safaie, Esq. Brian Stuart, Esq. 3187 Red Hill Avenue Suite 110 Costa Mesa, CA  92692 |
| 344 | Herbert A. Zwirn v. Ace Mortgage Funding, LLC, Mortgage Electronic Registration Systems, Mortgeit, Inc., and GMAC Mortgage, LLC | Minnesota | Ramsey County-District Court-2nd Judicial District | 62-CV-10-7800 | | KERSCHBAUM LAW OFFICES Anthony Kerschbaum 527 Marquette Ave, Suite 450 Minneapolis, MN 55402 |
| 345 | Sam Palmer v Homecomings Financial, LLC, et al. | California | California Court of Appeal-2nd Appellate District-Division Six | B240307 | Pro se | Sam Palmer 1682 Amarelle Street Thousand Oaks, CA 91320 |
| 346 | Harold Browder, Jr. and Melissa Browder v MERS, and GMAC Mortgage, LLC | Georgia | Dekalb County-Superior Court | 09-CV-10350 | | David Ates, Esq. David Ates, P.C. 805 Peachtree Street Suite 613 Atlanta, GA  30308 |
| 347 | Anthony Magnone, et al v GMAC Mortgage, LLC, et al. | California | California Court of Appeal-2nd Appellate District-Division P | B25742 | | Law Offices of Ian Chowdhury 8853 Fullbright Ave. Winnetka, CA 91306 |
| 348 | Appeal pending.  POC expunged; doc 7982. | California | U.S. Court of Appeal-9th Circuit | 12-56038 | Pro se | Sepideh Cirino 27495 Hidden Trail Road Laguna Hills, CA 92653 |
| 349 | Keobardo Supulveda and Raquel Sepulveda v GMAC Mortgage, LLC; DB Home Lending, LLC; American Home Mortgage Servicing; Regional Trustee Services Corporation | California | Riverside County-Superior Court | RIC1407393 | Pro Se | Leobardo Sepulveda Raquel Sepulveda P.O. box 4397 El Monte, CA  91734 |
| 350 | Michael D. Lynch and Candence B. Lynch v ocwen Loan Servicing, GMAC Mortgage Corporation, et al. | Florida | U.S. Bankruptcy Court-SD-Florida | 13-ap-01712-AJC | Pro se | Michael Lynch and Cabdence Lynch 12860 SW 21st Street Miami, FL  33175 |
| 351 | GMAC Mortgage, LLC v Edith Patrick and James Patrick | Pennsylvania | Delaware County-Court of Common Pleas | 12-002360 | Pro Se | Edith Patrick and James Partrick 28 West Rockland Street Philadelphia, PA  19144 |
| 352 | Peter W. Wenzel; Ruth-Ellen Wenzel; New York State Department of Taxation and Finance; GMAC Mortgage Corporation of PA; John Doe 1 through 12 | New York | Queens County-Supreme Court-11th Judicial District | 708522/2014 | | Anthony Cellucci, Esq. RAS Boriskin, LLC 900 Merchants Concourse Suite LL-5 Westbury, NY  11590 |
| 353 | Nancy Bess, Personal Representative of the Estate of Gary Ray Bess vs Ocwen Loan Servicing, LLC and GMAC Mortgage, LLC | Washington | USDC-WD-Washington | 3:15-cv-05020-BHS | | Clay M. Gatens, Esq. and H. Lee Lewis, Esq. Jeffers, Danielson Sonn & Aylward P.S. 2600 Chester Kimm Road Wenatchee, WA  98801 and Michael D. Daudt, Esq. Terrell Marshall Daudt & Willie PLLC |
| 354 | Toye W. Allen and Arnold Tyler vs Brock and Scott,PLLC Attorneys for Trustee Services to Carolina,LLC, as Substitute Trustee on Behalf of U.S.Bank National Association, as Trustee For Residential Asset Securities Corproation,Home Equity Mortgage Asset-Bac | North Carolina | USDC-WD-North Carolina | 3:15-cv-00038-FDW-DSC | Pro Se | Toye W. Allen and Arnold Tyler 6401 Ivory Palm Drive Charlotte, NC  28227 |
| 355 | Requests quiet title based on alleged faulty chain of title. | Missouri | Jackson County-Circuit Court-16th Judicial Circuit | 1316-CV07134 | Pro Se | Peter Gaskill 518 West 10th Street Kansas City, MO  64105 |

| Row | Matter Caption | State/Province | Court | Docket Number | Pro Se | Opposing Party Contact |
|---|---|---|---|---|---|---|
| 356 | Paul Muir,as the personal representative of the Estate of Verna Muir vs Roger Bryan Muir, an individual, Fremont-Madison Irrigation District,an Idaho unincorporated non profit association and GMAC Mortgage,LLC, a Pennsylvania Limited Liability Corproation | Idaho | Madison County-District Court-7th Judicial District | CV-2014-452 | | William Forsberg, Esq. and Troy D. Evans, Esq. Forsberg Law Offices, Chtd. 49 Professional Plaza Rexburg, ID 83440 |
| 357 | Denise Peel and Tres Peel vs 1st Advantage Mortgage,LLC;Federal Home Loan Mortgage Corporation as Trustee for Securitized Trust Freddie Mac Multiclass Certificates,Series 3300;Freddie Mac;Depositor (N/A);GMAC Mortgage,LLC;Mortgage Electronic Registration | Illinois | USDC-ND-Illinois | 1:14-CV-02404 | Pro se | Tres Peel 12207 South Stewart Chicago, IL 60628 |
| 358 | John S. Kuehl, a married man in his sole and separate capacity vs. U.S. Bank National Association as Trustee RFMSI 2004S7; GMAC Mortgage, LLC, a Delaware limited liability company; CLR Properties, LLC, an Arizona limited liability company; John Does 1-5, J | Arizona | Maricopa County-Superior Court | CV2012-056295 | | R. Harvey Dye, Esq. R. Harvey Dye Law, P.C. 2655 W. Anthem Way Suite A-109, No. 1 Anthem, AZ 85086 |
| 359 | Donald Bruce Hicks and Michelle Joy Hicks vs GMAC Mortgage Corporation, dba Ditech | California | USDC-ND-California | 3:15-cv-185LB | | J. Edward Kerley Hereford Kerley LLP 1939 Harrison Street Suite 500 Oakland, CA 94612 |
| 360 | Bryant L. Hunt vs Elwood Arms Apartments, Elwood Associates, and GMAC Mortgage Corporation | Indiana | Madison County-Circuit Court | 48C01-1501-CT-000012 | | Nicholas J. Wagner Stewart & Stewart 931 South Rangeline Road Carmel, IN 46032 |
| 361 | In re: Jack's Carpet, Inc, Janet S. Northrup, Trustee vs GMAC Mortgage,LLC | Texas | U.S. Bankruptcy Court-SD-Texas | 13-ap-30295 | | Joshua W. Wolfshohl Porter Hedges LLP 1000 Main Street 36th Floor Houston, TX 77002 |