MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- )
In re:                                                         )    Case No. 12-12020 (MG)
                                                               )
RESIDENTIAL CAPITAL, LLC, et al.,                              )    Chapter 11
                                                               )
                                    Debtors.                   )    Jointly Administered
-------------------------------------------------------------- )

## THE RESCAP LIQUIDATING TRUST'S COUNTER-DESIGNATION OF ITEMS FOR RECORD ON APPEAL

Pursuant to Rule 8009 of the Federal Rules of Bankruptcy Procedure and Rule 8009-1 of the Local Bankruptcy Rules for the Southern District of New York, the ResCap Liquidating Trust (the "**Liquidating Trust**"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] (the "**Plan**")[1] in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"), hereby submits the following counter-designation of additional items to be included in the record on appeal in connection with the Notice of Appeal [Docket Nos. 8026] filed by appellant Tom Franklin (the "**Appellant**"), from the *Order Overruling the Objection of Tom Franklin to the Notice of Presentment of Stipulation and Order*

---

[1] The Plan was confirmed by order of the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") dated December 11, 2013 [Docket No. 6065] and the Plan's effective date occurred on December 17, 2013. The Plan provides for the creation and implementation of the Liquidating Trust. *See* Plan, Art. VI.A.

*Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed By 11 U.S.C. § 362(a)*

[Docket No. 7953], which was entered by the Bankruptcy Court on January 6, 2015.[2]

  The Liquidating Trust designates the following additional items to be included in the record on appeal.[3]

## A. Pleadings

| Docket No. | Description |
|---|---|
| 1824 | Order Pursuant to Bankruptcy Code Sections 105(a) and 362(d) for Entry of an Order Approving Procedures by Which Third Parties May Request and Obtain Stipulated Relief from the Automatic Stay to Commence or Continue Actions to Foreclose Senior Liens |
| 5049 | Supplemental Order Granting Debtors' Twenty-First Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) with Respect to Claim No. 1195 of Tom Franklin |
| 7096 | Order Granting the ResCap Liquidating Trust's Sixty-Third Omnibus Claims Objection (Purported Administrative Claims) |
| 7911 | Notice of Presentment of Stipulation and Order Pursuant to 11 U.S.C. §362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. §362(a) |
| 7912 | Notice of Presentment of Stipulation and Order Pursuant to 11 U.S.C. §362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. §362(a) (U.S. Bank Trust, N.A.) |
| 7913 | Notice of Presentment of Stipulation and Order Pursuant to 11 U.S.C. §362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. §362(a) (Select Portfolio Servicing, Inc.) |
| 7914 | Notice of Presentment of Stipulation and Order Pursuant to 11 U.S.C. §362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. §362(a) (U.S. Bank National Association) |
| 7933 | Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a) |

---

[2]  The Liquidating Trust files this counter-designation out of an abundance of caution.  Claimant failed to comply with Rule 8009 of the Federal Rules of Bankruptcy Procedure when he failed to submit to the Bankruptcy Court a designation of record on appeal within 14 days of the filing of his notice of appeal.  Indeed, the only item identified in his designation of record on appeal that was filed with the District Court was a transcript for a hearing that never occurred.  The Liquidating Trust reserves the right to seek dismissal of the appeal on this or any other basis.

[3]  For the avoidance of doubt, the Liquidating Trust's designation of any pleadings and/or exhibit lists includes the designation of any and all exhibits filed with, attached to or otherwise referenced in such pleadings.

ny-1177070

| Docket No. | Description |
|---|---|
| 7934 | Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a) |
| 7935 | Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a) |
| 7936 | Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. § 362(a) |
| 7950 | Opposition Response of Tom Franklin to Notice of Presentment of Stipulation and Order Pursuant to 11 U.S.C. 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. 362(a) |
| 7953 | Order signed on 1/6/2015 Overruling the Objection of Tom Franklin to the Notice of Presentment of Stipulation and Order Pursuant to 11 U.S.C. Section 362(d) Modifying the Automatic Stay Imposed by 11 U.S.C. Section 362(a) |
| 8074 | Order to Show Cause Why Court Should Not Determine Tom Franklin to be a Vexatious Litigator and Either Impose Sanctions or Issue an Injunction Enjoining Future Filings by Franklin |

Dated: February 20, 2015
     New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*

ny-1177070

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|   |   |
|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

---------------------------------------------------------------

**ORDER PURSUANT TO BANKRUPTCY CODE**
**SECTIONS 105(a) AND 362(d) FOR ENTRY OF AN ORDER APPROVING**
**PROCEDURES BY WHICH THIRD PARTIES MAY REQUEST AND OBTAIN**
**STIPULATED RELIEF FROM THE AUTOMATIC STAY TO COMMENCE OR**
**CONTINUE ACTIONS TO FORECLOSE SENIOR LIENS**

Upon the motion (the "Motion"),[1] dated September 11, 2012, of the above-captioned

debtors and debtors in possession (the "Debtors"), pursuant to sections 105(a) and 362(d) of the

Bankruptcy Code, for entry of an order establishing procedures by which third parties that hold

mortgages on real property (each, a "Senior Lien") in which the Debtors hold or service an

interest that is subordinate to the third party's interest (each, a "Property") may request and, if

certain requirements are met, obtain stipulated relief from the automatic stay in order to foreclose

on such Property (each such action, a "Senior Lien Foreclosure Action"), all as more fully set

forth in the Motion; and JPMorgan Chase Bank, N.A. ("JPMorgan Chase") having filed a

response and objection to the Motion [Docket No. 1490] (the "JPMorgan Chase Objection"); and

it appearing that proper and adequate notice of the Motion has been given and that no other or

further notice is necessary; and after due deliberation thereon; and good and sufficient cause

appearing therefor, it is hereby:

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

ORDERED THAT:

1.      The relief requested in the Motion is GRANTED as provided herein, except with respect to the JPMorgan Chase Objection, which shall either be resolved by a separate stipulation and order between JPMorgan Chase and the Debtors or adjudicated by a separate order of the Court.

2.      The Lift Stay Procedures are approved as follows:

**<u>Lift Stay Procedures</u>**

3.      Any party (each, a "<u>Requesting Party</u>") seeking to continue or commence a Senior Lien Foreclosure Action with respect to any Property must serve a written request for relief from the automatic stay (a "<u>Request</u>") on each of the following parties: (a) the Debtors; (b) Morrison & Foerster LLP, as bankruptcy counsel for the Debtors; (c) Kramer Levin Naftalis & Frankel LLP, as counsel for the Committee; (d) the U.S. Trustee (parties listed in (a) through (d) collectively, the "<u>Notice Parties</u>"); and (e) any other party of which the Requesting Party is aware that holds or claims to hold an interest in the Property; <u>provided</u>, that Nationstar Mortgage LLC ("<u>Nationstar</u>") or Berkshire Hathaway Inc. ("<u>Berkshire Hathaway</u>" and, together with Nationstar, the "<u>Stalking Horse Bidders</u>") may elect at any time to be added as a Notice Party by filing a notice to such effect with the Bankruptcy Court and serving it in the same manner and to the same parties as this Motion.  If a Stalking Horse Bidder elects to be added as a Notice Party, the Debtors shall revise the Questionnaire to include such additional Notice Party.

4.      The Request shall be accompanied by a completed questionnaire, in a form attached hereto as **Exhibit 1** (the "<u>Questionnaire</u>").  The Questionnaire shall include the following information:

      (a)      Address of the Property;

      (b)      Name of the borrower under the Senior Lien;

        (c)      Nature of the Debtors' purported interest in the Property (to be supported by a title or foreclosure report reflecting such liens or interests);

        (d)      Identity of the party that owns the Senior Lien (the "Senior Holder");

        (e)      Identity of Requesting Party if different from the Senior Holder, nature of such Requesting Party's interest in the Property, and capacity in which such request is made (e.g., as servicer, etc.);

        (f)      Identification of any other known liens on the Property and holder of such liens;

        (g)      Value of the Property on which the foreclosure bid is based (to be supported by an appraisal or broker price opinion (in each case conducted within the ninety (90) days preceding the date of the Questionnaire), or other documentation of value reasonably acceptable to the Debtors);

        (h)      Total indebtedness attributable to the Senior Lien, including unpaid principal balance, outstanding corporate advances and legal fees (to be supported by documentation);

        (i)      Description of the default under the Senior Lien (i.e., timing and nature of default, including date and amount of last payment, contractual payment amount outstanding, and length and amount of arrearage);

        (j)      Court in which First Lien Foreclosure Action is pending or in which the Requesting Party proposes to bring such action, as applicable, together with copies of any relevant documents filed in connection with the First Lien Foreclosure Action; and

        (k)      Description of any loss mitigation efforts undertaken by or on behalf of the Senior Holder with respect to the Senior Lien within the previous twelve (12) months.

5.      Within twenty (20) days after the receipt of a Request (the "Evaluation Period"), the Notice Parties shall review and evaluate the Request. If any of the Notice Parties determine that additional information is reasonably required in order to evaluate the Request, they will promptly notify the Debtors who will forward the request for additional information to the

Requesting Party.  The Evaluation Period will commence upon receipt by the Notice Parties of

such additional information.

6.      To the extent the Stalking Horse Bidders are not Notice Parties, (a) the Debtors

shall provide copies of each Request for which the Property value is believed to exceed the total

indebtedness attributable to the Senior Lien (each, an "Equity Request") to counsel for each of

the Stalking Horse Bidders within two (2) business days after receiving such Equity Request, and

(b) the Stalking Horse Bidders shall have the right to object to an Equity Request to the same

extent and in the same manner as a Notice Party; provided, that each of the Stalking Horse

Bidders shall only have the right to object to an Equity Request to the extent the Debtors' interest

in the Property is an asset subject to purchase under the respective asset purchase agreement

between such Stalking Horse Bidder and the Debtors.  In addition, the Debtors shall consult with

counsel for the Stalking Horse Bidders in connection with their evaluation of the Requests bi-

weekly or at such other intervals as may be reasonably requested by each Stalking Horse Bidder.

7.      Each Notice Party may object to a Request by providing written notice to the

Debtors, the Debtors' counsel, and the Requesting Party prior to the expiration of the Evaluation

Period, which notice shall specify the basis for such objection; provided, that each of the

Stalking Horse Bidders (to the extent they become Notice Parties) shall only have the right to

object to a Request to the extent the Debtors' interest in the Property is an asset subject to

purchase under the respective asset purchase agreement between such Stalking Horse Bidder and

the Debtors.

8.      Within two (2) business days of the end of the Evaluation Period, if the Debtors

determine that they will consent to the Request and no other Notice Party has objected, the

Debtors shall notify the Requesting Party, and shall execute a stipulation, substantially in the

form attached hereto as **Exhibit 2** (the "<u>Stipulation</u>"), within ten (10) business days following the

expiration of the Evaluation Period.  The Debtors shall submit the Stipulation to the Bankruptcy

Court for approval within five (5) business days after execution by all parties.  The Stipulation

may be submitted and entered upon five (5) days' notice of presentment.

9.      If the Debtors determine that they will not consent to the Request or any other

Notice Party objects, the Debtors shall notify the Requesting Party that the Request has been

denied and provide the basis for the denial within two (2) business days of the end of the

Evaluation Period, following which the Requesting Party may file a motion with the Bankruptcy

Court seeking stay relief in accordance with the procedures set forth in this Court's Case

Management Procedures [Docket No. 141] (the "<u>Case Management Procedures</u>").

10.      Any party that files a motion seeking relief from the automatic stay to foreclose

on a Senior Lien with the Bankruptcy Court without following the Lift Stay Procedures shall be

deemed to have submitted a Request, and the motion will be dismissed without prejudice and

such party shall have the right to refile the motion in accordance with the Case Management

Procedures in the event the Request is denied in accordance with the Lift Stay Procedures.

**<u>Miscellaneous</u>**

11.      To the extent applicable, the 14-day stay of Federal Rule of Bankruptcy

Procedure 6004(h) is hereby waived, and this Order shall be effective immediately.

12.      The Debtors are authorized to execute and deliver all instruments and documents,

and take such other action as may be necessary or appropriate to implement and effectuate the

transactions contemplated by this Order.

13.      Notwithstanding anything herein to the contrary, this Order shall not modify or

affect the terms and provisions of, nor the rights and obligations under, (a) the Board of

Governors of the Federal Reserve System Consent Order, dated April 13, 2011, by and among

AFI, Ally Bank, ResCap, GMAC Mortgage, LLC, the Board of Governors of the Federal

Reserve System, and the Federal Deposit Insurance Corporation, (b) the consent judgment

entered April 5, 2012 by the District Court for the District of Columbia, dated February 9, 2012,

(c) the Order of Assessment of a Civil Money Penalty Issued Upon Consent Pursuant to the

Federal Deposit Insurance Act, as amended, dated February 10, 2012, and (d) all related

agreements with AFI and Ally Bank and their respective subsidiaries and affiliates.

14.     This Court shall retain jurisdiction to hear and determine all matters arising from

or related to this Order.

Dated:   New York, New York
         October 15, 2012

                                                    **/s/Martin Glenn**
                                                MARTIN GLENN
                                         United States Bankruptcy Judge

12-12020-mg    Doc 8124    Filed 02/19/15    Entered 02/19/15 17:35:48    Main Document
Pg 7 of 15

**EXHIBIT 1**

12-12020-mg    Doc 8124    Filed 02/20/15    Entered 02/20/15 17:35:46    Main Document
Pg 18 of 95

*In re Residential Capital, LLC*, et al.
Chapter 11 Case No. 12-12020 (MG)

## <u>SENIOR LIEN STAY RELIEF QUESTIONNAIRE</u>

This questionnaire is to be completed by any party (the "<u>Requesting Party</u>") requesting stay relief (each, a "<u>Request</u>") to foreclose on a mortgage or security interest (the "<u>Senior Mortgage</u>") on property (the "<u>Property</u>") in which Residential Capital, LLC, *et al.* (the "<u>Debtors</u>") hold a subordinate interest, and served on the parties listed below.

All questions **must** be answered.  Please use "none," "not applicable," or "N/A," as appropriate. If more space is needed, please complete on a separate page and attach.

1.    Address of the Property that is the subject of the Request:

_____

_____

2.    Name of the borrower under the Senior Mortgage:

_____

3.    Nature of the Debtors' interest in the Property (to be supported by a title or foreclosure report reflecting such liens or interests and attached to this Questionnaire):

_____

_____

_____

4.    Name and contact information of party that owns the Senior Mortgage (the "<u>Senior Holder</u>"):

_____

_____

_____

1

5.    If the Requesting Party is different from the Senior Holder:

(a) Name and contact information of Requesting Party:

_____

_____

(b) Nature of Requesting Party's interest in the Property:

_____

_____

(c) Capacity in which the Request is made (i.e., servicer, etc.):

_____

_____

6.    Description of any other known liens on the Property (including the holder of such liens):

_____

_____

_____

_____

7.    Value of the Property on which the foreclosure bid is based (to be supported by an appraisal or broker price opinion (in each case conducted within the ninety (90) days preceding the date of the Questionnaire), or other documentation of value reasonably acceptable to the Debtors or other documentation of value reasonably acceptable to the Debtors and attached to this Questionnaire):

_____

_____

8.    Total indebtedness attributable to the Senior Lien, including unpaid principal balance, outstanding corporate advances and legal fees (to be supported by documentation attached to this Questionnaire):

_____

12-12020-mg    Doc 8254    Filed 07/15/12    Entered 07/15/12 17:35:48    Main Document
Pg 13 of 95

_____

9.      Description of the default under the Senior Lien (i.e., timing and nature of default, including date and amount of last payment, contractual payment amount outstanding, and length and amount of arrearage):

_____

_____

_____

_____

10.     Court in which the foreclosure action with respect to the Senior Mortgage is pending or in which the Requesting Party proposes to bring the action (and, if applicable, the case name and number, together with copies of any relevant documents filed in the First Lien Foreclosure Action):

_____

_____

_____

11.     Description of any loss mitigation efforts undertaken by or on behalf of the Senior Holder with respect to the Senior Mortgage within the previous twelve (12) months:

_____

_____

_____

_____

**I hereby certify that (a) I am authorized to submit this Request on behalf of the Requesting Party, and (b) the foregoing is true and correct to the best of my knowledge and belief.**

Date:  _____

Name:  _____

Title:  _____

3

**UPON COMPLETION, PLEASE REMIT THIS QUESTIONNAIRE, TOGETHER WITH COPIES OF ANY SUPPORTING DOCUMENTATION, TO THE FOLLOWING PARTIES:**

Residential Capital, LLC
1100 Virginia Dr.
Ft. Washington, Pennsylvania, 19034
Attn: Melody Wright

Office of the United States Trustee
33 Whitehall Street, 21st Floor
New York, New York 10004
Attn: Brian Masumoto, Esq. and
    Michael Driscoll, Esq.

Morrison & Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Attn:  Norman S. Rosenbaum
    James Newton, and
    Erica J. Richards

Kramer Levin, Naftalis & Frankel LLP
Counsel for the Committee
1177Avenue of the Americas
New York, New York 10036
Attn: Elise Frejka and Douglas Mannal

Any other party of which the Requesting Party
is aware that holds or claims to hold an interest
in the Property.

12-12020-mg    Doc 1824    Filed 10/15/12    Entered 10/15/12 17:35:48    Main Document
Pg 52 of 95

## **EXHIBIT 2**

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

--------------------------------------------------------------------

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

--------------------------------------------------------------------

### STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)
### MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Pursuant to the order, dated _____, 2012 (Docket No. ___) (the "Procedures Order"),[2]

pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy

Code") establishing procedures (the "Stay Relief Procedures") for requesting relief from the

automatic stay to complete the foreclosure of a senior mortgage and security interest on lands

and premises with respect to which the Debtors hold or service a subordinate mortgage and

security interests; and [**requesting party**] ("Movant") having requested (the "Request") relief

from the automatic stay in accordance with the Stay Relief Procedures in connection with

property with an address of [**address**] (the "Mortgaged Property") and due and proper notice of

the Request having been made on all necessary parties; and the above-captioned debtors (the

"Debtors") having consented to the relief sought in the Request on the terms and conditions

contained in this stipulation and order ("Stipulation and Order"), upon all of the proceedings had

before the Court; and after due deliberation and sufficient cause appearing, it is hereby

### ORDERED, ADJUDGED, AND DECREED THAT:

The Request is granted as set forth herein.

---

[2]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures
Order.

The automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Movant to complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

Movant shall provide due notice to the Debtors in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent required by applicable state law.

To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to Movant and any other entity holding a valid and enforceable lien on the Mortgaged Property that is senior to the lien of the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed (a) to the Debtors' estates, or (b) to the extent the Debtors' interest in the Property is an asset subject to purchase under an asset purchase agreement between the Debtors and a Stalking Horse Bidder (or any other purchaser) (each, an "APA"), then, on and after the closing of the sale under such APA, to such purchaser via wire transfer.

This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which together shall constitute one and the same instrument.

12-12020-mg    Doc 1824    Filed 10/15/12    Entered 10/15/12 17:35:48    Main Document
Pg 18 of 95

That pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation

and Order imposed by such Bankruptcy Rule is waived.  Movant is authorized to implement the

provisions of this Stipulation and Order immediately upon its entry.

This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation and interpretation of this Stipulation and Order.

| GMAC MORTGAGE, LLC | [MOVANT] |
|---|---|
| By:_____ | By:_____ |
| Gary S. Lee | [Name] |
| Norman S. Rosenbaum | [Address] |
| MORRISON & FOERSTER LLP | Tel:  [____] |
| 1290 Avenue of the Americas | Fax:  [____] |
| New York, New York 10104 | |
| Telephone:  (212) 468-8000 | *COUNSEL FOR [MOVANT]* |
| Facsimile:  (212) 468-7900 | |
| *Counsel for Debtors* *and Debtors in Possession* | |

APPROVED AND SO ORDERED
This ___ day of _____ in New York

_____

**HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

———————————————————————————
                                    )
In re:                              )     Case No. 12-12020 (MG)
                                    )
RESIDENTIAL CAPITAL, LLC, et al.,   )     Chapter 11
                                    )
                         Debtors.   )     Jointly Administered
——————————————————————————————————— )

## SUPPLEMENTAL ORDER GRANTING DEBTORS' TWENTY-FIRST OMNIBUS OBJECTION TO CLAIMS (BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION) WITH RESPECT TO CLAIM NO. 1195 OF TOM FRANKLIN

Upon the twenty-first omnibus claims objection, dated July 3, 2013 (the

"Objection"),[1] of Residential Capital, LLC and its affiliated debtors in the above-referenced

Chapter 11 Cases, as debtors and debtors in possession (collectively, the "Debtors"), seeking

entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the

"Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Insufficient

Documentation Claims, all as more fully described in the Objection; and it appearing that this

Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Objection and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Objection having been provided, and it appearing that

no other or further notice need be provided; and upon consideration of the Objection and the

Declaration of Deanna Horst, the Declaration of Norman S. Rosenbaum, and the Declaration of

---

[1]   Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

Robert D. Nosek, annexed to the Objection as <u>Exhibits 1-3</u>, respectively; and upon consideration

of the responses filed by Tom Franklin (the "<u>Responses</u>") [Docket Nos. 4282, 4961, 4980]

relating to Claim No. 1195 (the "<u>Franklin Claim</u>"), all in connection with the Objection; and

upon consideration of the *Debtors' Omnibus Reply in Support of Debtors' Eighteenth,*

*Nineteenth, Twentieth, and Twenty-First Omnibus Claims Objections to Borrower Claims with*

*Insufficient Documentation* [Docket No. 4842] (the "<u>Reply</u>"); and the Court having found and

determined that the relief sought in the Objection is in the best interests of the Debtors, their

estates, creditors, and all parties in interest and that the legal and factual bases set forth in the

Objection establish just cause for the relief granted herein; and the Court having determined that

the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order;

and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein and the Responses are overruled; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Franklin

Claim is hereby disallowed and expunged; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and

noticing agent, is authorized and directed to expunge from the claims register the Franklin Claim

pursuant to this Order; and it is further

ORDERED that the Debtors are authorized and empowered to take all actions as

may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed

good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures

Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Franklin

Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:  September 16, 2013
      New York, New York

                          **_____/s/Martin Glenn_____**
                             MARTIN GLENN
             United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
                                                )
In re:                                          )       Case No. 12-12020 (MG)
                                                )
RESIDENTIAL CAPITAL, LLC, et al.,               )       Chapter 11
                                                )
                    Debtors.                    )       Jointly Administered
                                                )
-------------------------------------------------------------

### ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S SIXTY-THIRD OMNIBUS CLAIMS OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS)

Upon the sixty-third omnibus claims objection, dated April 30, 2014 [Docket No. 6845] (the "Objection"),[1] of The ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the Prepetition Claims on the basis that they are on account of prepetition obligations; Late-Filed Claims on the basis that they were filed after the Administrative Claim Bar Date; the Late-Filed Prepetition Claims on the basis that they were on account of prepetition obligations and were filed after the Administrative Claim Bar Date; and the No Basis Claims on the basis that they assert claims that are not valid administrative claims under section 503 of the Bankruptcy Code; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief

---

[1]      Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection, the *Declaration of Deanna Horst in Support of The ResCap Liquidating Trust's Sixty-Third Omnibus Claims Objection (Purported Administrative Claims)*, annexed thereto as <u>Exhibit 1-A</u>; and the *Declaration of P. Joseph Morrow IV in Support of The ResCap Liquidating Trust's Sixty-Third Omnibus Claims Objection (Purported Administrative Claims)*, annexed thereto as <u>Exhibit 1-B</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>Prepetition Claims</u>") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit B</u> annexed hereto (the "<u>Late-Filed Claims</u>") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit C</u> annexed hereto (the "<u>Late-Filed Prepetition Claims</u>") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit D annexed hereto (the "No Basis Claims") are hereby disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants, LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Prepetition Claims, Late-Filed Claims, Late-Filed Prepetition Claims, and No Basis Claims identified on the schedules attached as Exhibit A, Exhibit B, Exhibit C, and Exhibit D hereto so that such claims are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A, Exhibit B, Exhibit C or Exhibit D annexed to this Order, and all rights to object on any basis are expressly reserved with respect to any claim that is not listed on Exhibit A, Exhibit B, Exhibit C or Exhibit D annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the Prepetition Claims, Late-Filed Claims, Late-Filed Prepetition Claims, and No Basis Claims identified on Exhibit A, Exhibit B, Exhibit C, or Exhibit D annexed hereto, as if each such Prepetition Claim,

Late-Filed Claim, Late-Filed Prepetition Claim, and No Basis Claim had been individually

objected to; and it is further

ORDERED that this Court retains jurisdiction to hear and determine all matters arising

from or related to this Order.

Dated:  June 12, 2014
        New York, New York

                                        _____/s/Martin Glenn_____
                                              MARTIN GLENN
                                        United States Bankruptcy Judge

12-12020-mg    Doc 7096    Filed 06/12/14    Entered 06/12/14 14:21:19    Main Document
Pg 5 of 14

**Exhibit A**
**Prepetition Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

SIXTY-THIRD OMNIBUS OBJECTION - DUPLICATE OF PREPETITION CLAIM (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|
| | | | **Claims to be Disallowed and Expunged** | | | |
| 1 | Charles T Clark<br>7404 Mesa De Arena NW<br>Albuquerque, NM 87120-1516 | 7315 | Administrative Priority<br>Administrative Secured<br>$60,000.00 Secured<br>Priority<br>$19,712.00 General Unsecured | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 1188 on October 12, 2012. This claim was reclassified pursuant to the Order Granting the Debtors' Thirty-Eighth Omnibus Objection [Docket No. 5898]. The Borrower Claims Trust will be addressing prepetition claim 1188 in due course. |
| 2 | June Elliott Neyer and Leland Anthony Neyer<br>324 North Main Street<br>P.O. Box 970<br>Alturas, CA 96101-0970 | 7409 | UNLIQUIDATED Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 603 on September 17, 2012. This Claim was expunged pursuant to the Order Granting the Debtors' Fifty-First Omnibus Objection [Docket No. 6155]. |
| 3 | Marion L Jenkins and Sharon B Jenkins<br>PO Box 150057<br>Atlanta, GA 30315 | 7330 | Administrative Priority<br>Administrative Secured<br>$2,000,000.00 Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 4431 on November 9, 2012. This Claim was expunged pursuant to the Order Granting the Debtors' Twentieth Omnibus Objection [Docket No. 4941]. |
| 4 | Marion L Jenkins and Sharon B Jenkins<br>PO Box 150057<br>Atlanta, GA 30315 | 7344 | Administrative Priority<br>Administrative Secured<br>$2,000,000.00 Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 4431 on November 9, 2012. This Claim was expunged pursuant to the Order Granting the Debtors' Twentieth Omnibus Objection [Docket No. 4941]. |
| 5 | Michael J. Clavin<br>1 Carlson Terrace<br>Fishkill, NY 12524 | 7425 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$2,794.81 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant previously filed Claim No. 5279 on November 16, 2012. This claim was reclassified pursuant to the Order Granting the Debtors' Thirty-Sixth Omnibus Objection [Docket No. 5895]. The the Borrower Claims Trust will be addressing prepetition claim 5279 in due course. |
| 6 | Richard A. Roman<br>4011 Santa Anita<br>El Paso , TX 79902 | 7452 | UNLIQUIDATED Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 5865 on November 19, 2012. This Claim was expunged pursuant to the Order Granting the Debtors' Fifth Omnibus Objection [Docket No. 4241]. |
| 7 | Tom Franklin<br>5800 Oak Grove Road<br>Fort Worth, TX 76134 | 7335 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>$131,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 1195 on October 12, 2012. This Claim was expunged pursuant to the Supplemental Order Granting the Debtors' Twenty-First Omnibus Objection [Docket No. 5049]. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
SIXTY-THIRD OMNIBUS OBJECTION - DUPLICATE OF PREPETITION CLAIM (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|
| 8 | Vicki West<br>5328 W 7th Avenue<br>Los Angeles, CA 90043 | 7322 | | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority | Residential Capital, LLC | 12-12020 | Claimant previously filed Claim No. 995 on October 5, 2012.  This Claim was expunged pursuant to the Order Granting the Debtors' Twenty-Seventh Omnibus Objection [Docket No. 5199]. |
| | | | $29,849.85 | General Unsecured | | | |

**Exhibit B**
**Late-Filed Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
SIXTY-THIRD OMNIBUS OBJECTION - LATE FILED (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number |
|---|---|---|---|---|---|---|---|
| | | | | Claims to be Disallowed and Expunged | | | |
| 1 | Norma E. Rodriguez 14429 S Cookacre St Compton, CA 90221-2415 | 7450 | 02/19/2014 | | Administrative Priority Administrative Secured Secured Priority | Residential Capital, LLC | 12-12020 |
| | | | | $477,189.77 | General Unsecured | | |
| 2 | Shelia Letcher 8807 Blue Ridge Blvd Kansas City, MO 64138 | 7435 | 01/22/2014 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |
| 3 | Sheryl Terrell 1001 44th St. W Birmingham, AL 35208 | 7436 | 01/28/2014 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 |

**Exhibit C**
**Late-Filed Prepetition Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT C
SIXTY-THIRD OMNIBUS OBJECTION - LATE FILED / DUPLICATE OF PREPETITION CLAIM (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Unliquidated | Claimant Filed Prepetition Claim | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|---|---|
| | | | | Claims to be Disallowed and Expunged | | | | | |
| 1 | Bruce Osojnak 218 E 900 S Salt Lake City, UT 84111-4215 | 7351 | 01/17/2014 | Administrative Priority Administrative Secured Secured Priority $43,315.39 General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☑ | Claimant previously filed Claim No. 3781 on November 8, 2012. This claim was reclassified from a claim against Residential Capital, LLC to a claim against GMAC Mortgage, LLC pursuant to the Order Granting the Debtors' Thirty-Eighth Omnibus Objection [Docket No. 5898]. The Borrower Claim Trust will be addressing prepetition claim 3781 in due course. |
| 2 | Linda J Vines & Gregory J Vines 3510 Derby Shire Circle Baltimore, MD 21244 | 7433 | 01/21/2014 | $60,795.91 Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | ☐ | ☑ | Claimant previously filed Claim No. 1281 on October 15, 2012. This claim was reclassified from a secured claim to an unsecured claim pursuant to the Order Granting the Debtors' Thirty-Sixth Omnibus Objection [Docket No. 5895]. The Borrower Claim Trust will be addressing prepetition claim 1281 in due course. |
| 3 | Lynn Chapman Greene and James J. Cassidy 6526 Wauconda Dr Larkspur, CO 80118 | 7347 | 01/21/2014 | Administrative Priority Administrative Secured Secured Priority $34,800.00 General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☑ | Claimant previously filed Claim No. 3484 on November 9, 2012. This claim was reclassified from a priority claim to a general unsecured claim pursuant to the Order Granting the Debtors' Seventeenth Omnibus Objection [Docket No. 4953]. The Borrower Claim Trust will be addressing prepetition claim 3484 in due course. |
| 4 | Mary Nascimento (Deceased), & Sarah Olindina Nascimento (Executor, Estate Administrator) 55 Elijah Court Cameron, NC 28326-6496 | 7429 | 01/17/2014 | Administrative Priority Administrative Secured Secured Priority $9,985.17 General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☑ | Claimant previously filed Claim No. 4038 on November 9, 2012. This claim was reclassified from an administrative priority claim to a general unsecured claim pursuant to the Order Granting the Debtors' Seventeenth Omnibus Objection [Docket No. 4953]. The Borrower Claim Trust will be addressing prepetition claim 4038 in due course. |
| 5 | Patricia Graulty PO Box 12983 Tucson, AZ 85732 | 7430 | 01/17/2014 | UNLIQUIDATED Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☑ | Claimant previously filed Claim No. 4427 on November 9, 2012. This claim was reclassified from a claim against Residential Capital, LLC to a claim against GMAC Mortgage, LLC pursuant to the Order Granting the Debtors' Thirty-Eighth Omnibus Objection [Docket No. 5898]. The Borrower Claim Trust will be addressing prepetition claim 4427 in due course. |
| 6 | Tamara Carlson 18505 Ballantrae Drive Arlington, WA 98223-5038 | 7432 | 01/21/2014 | $60,300.00 Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☑ | Claimant previously filed Claim No. 3887 on November 9, 2012. This claim was reclassified from a claim against Residential Capital, LLC to a claim against GMAC Mortgage, LLC pursuant to the Order Granting the Debtors' Thirty-Ninth Omnibus Objection [Docket No. 5899]. The Borrower Claim Trust will be addressing prepetition claim 3887 in due course. |

**Exhibit D**
**No Basis Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT D
SIXTY-THIRD OMNIBUS OBJECTION - NO BASIS / NO LIABILITY (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Unliquidated | Claimant Filed Prepetition Claim | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Arno & Lucinda Honselaar c/o Honselaar Revocable Declaration Trust 9225 Ellingham St San Diego, CA 92129 | 7353 | 01/29/2014 | $18.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 2 | Charles Decker James Whitbeck, Attorney at Law 44 Phillips St Greenfield, MA 01301 | 7333 | 01/02/2014 | $1,600.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 3 | COREY ANN FORD 1665 RIVERSIDE DRIVE UNIT 12 ROCHESTER HILLS, MI 48309 | 7317 | 01/08/2014 | $16,650.00 Secured $4,761.07 General Unsecured | Administrative Priority Administrative Secured Priority | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 4 | HUBERT AND WYLENE DARRISAW 3732 E GREENBRIAR RD AND HUBERT DARRISAW SR MACON, GA 31204 | 7423 | 01/16/2014 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 5 | Janice Marie Cross P.O. Box 2453 West Columbia, SC 29171 | 7332 | 01/16/2014 | $500,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 6 | Jayson J. Miller 726 North 150 East Springville, UT 84663 | 7346 | 01/17/2014 | $1,562.52 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 7 | Jean T. Feeney 5392 Evaline Street Las Vegas, NV 89120 | 7340 | 01/15/2014 | $130,583.95 Secured $395,661.24 General Unsecured | Administrative Priority Administrative Secured Priority | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 8 | Jena T. Feeney 5392 Evaline Street Las Vegas, NV 89120 | 7448 | 01/17/2014 | $130,583.95 Secured $395,661.24 General Unsecured | Administrative Priority Administrative Secured Priority | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 9 | Karen Monaldi 285 Muirfield Dr Valparaiso, IN 46385 | 7449 | 02/20/2014 | $500,000.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records. There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT D
SIXTY-THIRD OMNIBUS OBJECTION - NO BASIS / NO LIABILITY (BORROWER ADMIN CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Unliquidated | Claimant Filed Prepetition Claim | Reason(s) for Disallowance |
|---|---|---|---|---|---|---|---|---|---|---|
| 10 | Linda Kay Pavelovich<br>730 Carlton Road<br>Watsonville, CA 95076 | 7331 | 01/15/2014 | $1,838.42 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☐ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 11 | SEAN BOOKER AND ALICE MCKENZIE<br>33818 CASTIGLIONE ST<br>NEW ORLEANS, LA 70119 | 7410 | 01/06/2014 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 12 | SEAN BOOKER AND ALICE MCKENZIE<br>33818 CASTIGLIONE ST<br>NEW ORLEANS, LA 70119 | 7414 | 01/09/2014 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |
| 13 | Torri P. Telfair-Pierce<br>4440 NW 12th Court<br>Lauderhill, FL 33313 | 7341 | 01/15/2014 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | ☑ | ☐ | Claimant was timely served with the Bar Date Notice and Admin Bar Date Notice at same address listed in the Debtors' records.  There is no basis for an administrative claim pursuant to Section 503 of the Bankruptcy Code. Claimant never filed a claim by the November 16, 2012 Bar Date. |

MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Erica J. Richards
James A. Newton

*Counsel for the Post-Effective Date Debtors*
*and The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---------------------------------------------------------------------

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER PURSUANT TO**
**11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

   **PLEASE TAKE NOTICE** that the undersigned will present the attached proposed

*Stipulation and Order Pursuant to 11 U.S.C.  § 362(d) Modifying the Automatic Stay Imposed by*

*11 U.S.C. § 362(a)* (the "**Stipulation and Order**"), to the Honorable Martin Glenn, United

States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District of New

York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling Green,

New York, New York 10004, Room 501, for signature on **December 31, 2014 at 12:00 p.m.**

**(Prevailing Eastern Time)**.

   **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and

Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket

No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case

filing system, and be served, so as to be received no later than **December 30, 2014 at 4:00 p.m.**

**(Prevailing Eastern Time)**, upon (a) counsel for The ResCap Liquidating Trust, Morrison &

Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attn: Norman S. Rosenbaum, Erica

J. Richards, and James A. Newton); (b) co-counsel for The ResCap Liquidating Trust, Kramer

Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn:

Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (c) the Office of the United

States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick

Street, Suite 1006, New York, NY 10014 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian

S. Masumoto); (d) the Office of the United States Attorney General, U.S. Department of Justice,

950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric

H. Holder, Jr.); (e) Office of the New York State Attorney General, The Capitol, Albany, NY

12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (f) Office of the U.S. Attorney

for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn:

Joseph N. Cordaro, Esq.); (g) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East

53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (h) counsel to Barclays Bank PLC,

as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four

Times Square, New York,  NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (i) counsel for

Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY

10019 (Attn: Jennifer C. DeMarco & Adam Lesman); (j) counsel for Berkshire Hathaway, Inc.,

Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attn: Seth

2

Goldman & Thomas B. Walper); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA

19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA

19104-5016); (l) Securities and Exchange Commission, New York Regional Office, 3 World

Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional

Director); and (m) counsel for the Requesting Party, Shapiro, Dicaro & Barak, LLC, 105 Maxess

Road, Suite N109, Melville, NY 11747 (Attn: Shari S. Barak).

    **PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and

Order are timely filed, served and received in accordance with this Notice, the Court may enter

the Stipulation and Order without further notice or hearing.

Dated: December 22, 2014                    Respectfully submitted,
    New York, New York


                        /s/ Norman S. Rosenbaum
                        Norman S. Rosenbaum
                        Erica J. Richards
                        James A. Newton
                        **MORRISON & FOERSTER LLP**
                        250 West 55th Street
                        New York, NY 10019
                        Telephone: (212) 468-8000
                        Facsimile: (212) 468-7900

                        *Counsel for the Post-Effective Date Debtors*
                        *and The ResCap Liquidating Trust*

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------- )
                                )
In re:                             )     Case No. 12-12020 (MG)
                                )
RESIDENTIAL CAPITAL, LLC, et al.,    )     Chapter 11
                                )
                     Debtors.    )     Jointly Administered
                                )
--------------------------------------------------------------- )

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

**WHEREAS** each of the parties listed on **Exhibit 1** hereto (each a "**Requesting Party**" and

collectively, the "**Requesting Parties**") asserts that it holds a senior mortgage or security interest in the

respective properties set forth on **Exhibit 1** hereto (each, a "**Mortgaged Property**" and collectively the

"**Mortgaged Properties**");

**WHEREAS** undersigned counsel represents each of the Requesting Parties;

**WHEREAS** the Requesting Parties have obtained foreclosure or other title searches in

connection with the pending or prospective foreclosure of each of the respective Mortgaged Properties

which indicates that one of the above-captioned debtors (the "**Debtors**") may hold a lien on the

Mortgaged Property;

**WHEREAS** the Requesting Parties have requested (each a "**Request**," and collectively, the

"**Requests**") that the Debtors consent to relief from the automatic stay, pursuant to section 362(d) of title

11 of the United States Code (the "**Bankruptcy Code**"), in order to permit the Requesting Parties to

commence and/or complete the foreclosure of their respective interests in the Mortgaged Properties;

**WHEREAS** the Debtors and the ResCap Liquidating Trust, following a review of their records,

have determined that to the best of their knowledge they never did, or no longer, hold an interest in the

Mortgaged Properties, although, in some instances, an assignment of the Debtors' mortgage has not yet been filed;

**WHEREAS** the Debtors and the ResCap Liquidating Trust have agreed to consent to the Requests on the terms and conditions contained in this Stipulation and Order to permit the Requesting Parties to proceed with foreclosures without violating the automatic stay;

**WHEREAS** this Stipulation and Order is not being submitted under the Procedures approved by the Bankruptcy Court in the *Order Pursuant to Bankruptcy Code Sections 105(a) and 362(d) for Entry of an Order Approving Procedures by Which Third Parties May Request and Obtain Stipulated Relief from the Automatic Stay to Commence or Continue Actions to Foreclose Senior Liens* [Docket No. 1824] due to the omnibus nature of the relief agreed upon;

**NOW, THEREFORE**, it is hereby stipulated and agreed as between the Debtors and each Requesting Party, each solely in respect of the Mortgaged Properties for which such Requesting Party seeks relief from the automatic stay, through their undersigned counsel; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Requests are granted as set forth herein.

2.      To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow each of the Requesting Parties to commence and/or complete the foreclosure of the mortgage and security interest it holds on the respective Mortgaged Property, as specified on **Exhibit 1** hereto.

3.      By entering into this Stipulation and Order, (i) counsel for the Requesting Party hereby represents that it is authorized to execute this Stipulation and Order on behalf of each of the

2

Requesting Parties and (ii) each Requesting Party hereby represents, with respect to each Mortgage

Property for which it acts as the Requesting Party, that it is authorized to seek relief from the automatic

stay and execute this Stipulation and Order on behalf of the respective lienholder, as identified on

**Exhibit 1** hereto.

4.        Nothing in this Stipulation and Order shall be deemed to affect in any way the

rights of any entity, including the Debtors or The ResCap Liquidating Trust, to contest in any

foreclosure proceeding the validity or relative priority of the applicable Requesting Party's mortgage

and security interest in the respective Mortgaged Property relative to any other security interest in such

Mortgaged Property.

5.        Nothing in this Stipulation and Order shall be construed to provide for the

annulment of or any other retroactive relief from the automatic stay.

6.        Each Requesting Party shall provide due notice to all parties required by

applicable law to receive notice, as well as to the Debtors and The ResCap Liquidating Trust[1], Ocwen

Loan Servicing, LLC[2], and Green Tree Servicing LLC[3],  in connection with any action to be taken with

respect to the respective Mortgaged Property, including, but not limited to, proceeding with a sale of

such Mortgaged Property, in accordance with and to the extent the Requesting Party would be required

---

[1] Notices should be served on the Debtors and The ResCap Liquidating Trust, at Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and 8400 Normandale Lake Boulevard, Bloomington, MN 55437.

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

[3] Notices should be served on Green Tree Servicing LLC via email at: Foreclosure_Team@gt-cs.com or via mail addressed to: Green Tree Servicing LLC, Mailstop: R214, 1400 Turbine Drive, Rapid City, SD 57703.

3

by applicable state law to provide notice to the holder of any other security interest in such Mortgaged Property.

7.        A Requesting Party and the Debtors may agree, in a signed writing, to a modification of this Stipulation and Order solely with respect to the application of this Stipulation and Order to such Requesting Party, and such signed writing shall not be deemed to affect in any manner the application of this Stipulation and Order to any other Requesting Party, provided, however, that except as specifically set forth in this paragraph, this Stipulation and Order may not be modified other than by further order of the Court.

8.        This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

9.        Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived.  Each Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

10.        This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

4

NY-1165926

| THE RESCAP LIQUIDATING TRUST | EACH OF THE REQUESTING PARTIES SET FORTH ON **EXHIBIT 1**, HERETO, EACH SOLELY IN RESPECT OF THE MORTGAGED PROPERTY FOR WHICH IT SEEKS RELIEF FROM THE AUTOMATIC STAY |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Debtors*<br>*and The ResCap Liquidating Trust* | By: /s/ Shari S. Barak<br>Shari S. Barak<br>**SHAPIRO, DICARO & BARAK, LLC**<br>105 Maxess Road, Suite N109<br>Melville, New York 11747<br>Telephone:  (631) 844-9611<br>Facsimile:  (631) 844-9525<br><br>*Counsel for the Requesting Parties* |

APPROVED AND SO ORDERED
This ___ day of December, 2014, in New York, NY.


_____

**HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**


5

NY-1165926

**EXHIBIT 1**

| | REQUESTING PARTY | LIENHOLDER | BORROWER NAME(S) | ADDRESS |
|---|---|---|---|---|
| 1 | REGIONS MORTGAGE | REGIONS BANK DBA REGIONS MORTGAGE | BARAJAS , IRMA | 943 SRAND FLEET DRIVE, ANTIOCH, TN 37013 |
| 2 | SETERUS, INC. | FEDERAL NATIONAL MORTGAGE ASSOCIATION | DATUS, DEAN AND MICHELLE | 212 CLEARLAKE DRIVE, LA VERGNE, TN 37086 |
| 3 | SETERUS, INC. | FEDERAL NATIONAL MORTGAGE ASSOCIATION | GODWIN, JOHNNIE F, SR. AND DEBRA A. | 6950 PARK DRIVE, LYLES, TN 37098 |

Presentment Date and Time: December 31, 2014 at 12:00 p.m. (ET)
Objection Deadline: December 30, 2014 at 4:00 p.m. (ET)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Erica J. Richards
James A. Newton

*Counsel for the Post-Effective Date Debtors
and The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

--------------------------------------------------------------------
                                            )
In re:                                      )    Case No. 12-12020 (MG)
                                            )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,    )    Chapter 11
                                            )
                           Debtors.         )    Jointly Administered
                                            )
--------------------------------------------------------------------

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER PURSUANT TO
11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

**PLEASE TAKE NOTICE** that pursuant to the *Order Pursuant to Bankruptcy Code*

*Sections 105(a) and 362(d) for Entry of an Order Approving Procedures by Which Third Parties*

*May Request and Obtain Stipulated Relief from the Automatic Stay to Commence or Continue*

*Actions to Foreclose Senior Liens* [Docket No. 1824], the undersigned will present the attached

proposed *Stipulation and Order Pursuant to 11 U.S.C. § 362(d) Modifying the Automatic Stay*

*Imposed by 11 U.S.C. § 362(a)* (the "**Stipulation and Order**"), to the Honorable Martin Glenn,

United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District

of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling

NY-1170204

Green, New York, New York 10004, Room 501, for signature on **December 31, 2014 at 12:00**

**p.m. (Prevailing Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and

Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket

No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case

filing system, and be served, so as to be received no later than **December 30, 2014 at 4:00 p.m.**

**(Prevailing Eastern Time)**, upon (a) counsel for The ResCap Liquidating Trust, Morrison &

Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attn: Norman S. Rosenbaum, Erica

J. Richards, and James A. Newton); (b) co-counsel for The ResCap Liquidating Trust, Kramer

Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn:

Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (c) the Office of the United

States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick

Street, Suite 1006, New York, NY 10014 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian

S. Masumoto); (d) the Office of the United States Attorney General, U.S. Department of Justice,

950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric

H. Holder, Jr.); (e) Office of the New York State Attorney General, The Capitol, Albany, NY

12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (f) Office of the U.S. Attorney

for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn:

Joseph N. Cordaro, Esq.); (g) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East

53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (h) counsel to Barclays Bank PLC,

as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four

Times Square, New York, NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (i) counsel for

Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY

10019 (Attn: Jennifer C. DeMarco & Adam Lesman); (j) counsel for Berkshire Hathaway, Inc.,

Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attn: Seth

Goldman & Thomas B. Walper); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA

19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA

19104-5016); (l) Securities and Exchange Commission, New York Regional Office, 3 World

Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional

Director); and (m) counsel for the Requesting Party, Cohn & Roth, 100 E. Old Country Road

Mineola, NY 11501 (Attn: Michael H. Cohn).

**PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and

Order are timely filed, served and received in accordance with this Notice, the Court may enter

the Stipulation and Order without further notice or hearing.

Dated: December 22, 2014           Respectfully submitted,
      New York, New York

                            /s/ Norman S. Rosenbaum
                            Norman S. Rosenbaum
                            Erica J. Richards
                            James A. Newton
                            **MORRISON & FOERSTER LLP**
                            250 West 55th Street
                            New York, NY 10019
                            Telephone: (212) 468-8000
                            Facsimile: (212) 468-7900

                            *Counsel for the Post-Effective Date Debtors*
                            *and The ResCap Liquidating Trust*

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------- )
                                                              )
In re:                                                        )    Case No. 12-12020 (MG)
                                                              )
RESIDENTIAL CAPITAL, LLC, et al.,                             )    Chapter 11
                                                              )
               Post-Effective Date Debtors.                   )    Jointly Administered
                                                              )
------------------------------------------------------------- )

<u>**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**</u>
<u>**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**</u>

Pursuant to the order, dated October 15, 2012 (Docket No. 1824) (the "<u>Procedures Order</u>"),[1]

pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>")

establishing procedures (the "<u>Stay Relief Procedures</u>") for requesting relief from the automatic stay to

commence and/or complete the foreclosure of a senior mortgage and security interest on lands and

premises with respect to which the Debtors hold or service a subordinate mortgage and security interest;

and U.S. Bank Trust, N.A. as Trustee for VOLT Asset Holdings Trust XVI ("<u>Requesting Party</u>"), having

requested (the "<u>Request</u>") relief from the automatic stay in accordance with the Stay Relief Procedures

in connection with the property of Larry Hilliard and Latonya Hilliard with an address of 674 Lakeside

Drive, Springfield, TN 37172 (the "<u>Mortgaged Property</u>") and due and proper notice of the Request

having been made on all necessary parties; and the above-captioned Debtors (the "<u>Debtors</u>") having

consented to the relief sought in the Request on the terms and conditions contained in this stipulation

and order ("<u>Stipulation and Order</u>"),

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

ny-1165976

NOW, THEREFOR, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Request is granted as set forth herein.

2.      To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Requesting Party to commence and/or complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3.      Nothing in this Stipulation and Order shall be deemed to affect in any way the rights of any entity, including the Debtors or The ResCap Liquidating Trust, to contest in any foreclosure proceeding the validity or relative priority of the applicable Requesting Party's mortgage and security interest in the respective Mortgaged Property relative to any other security interest in such Mortgaged Property.

4.      Requesting Party shall provide due notice to the Debtors and Ocwen Loan Servicing, LLC[2] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent notice to a junior lienholder is required by applicable state law.

5.      To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to all entities holding valid and enforceable liens on the Mortgaged Property that are senior to the lien which the applicable land records indicate is held or serviced by the Debtors,

---

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

2

such proceeds shall be turned over within thirty (30) days after such sale is completed to Ocwen Loan

Servicing, LLC via wire transfer.

      6.    This Stipulation and Order may not be modified other than by a signed writing

executed by the Parties hereto or by further order of the Court.

      7.    This Stipulation and Order may be executed in multiple counterparts, each of

which shall be deemed an original but all of which when taken together shall constitute one and the

same instrument.

      8.    Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and

Order imposed by such Bankruptcy Rule is waived.  Requesting Party is authorized to implement the

provisions of this Stipulation and Order immediately upon its entry.

      9.    This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation and interpretation of this Stipulation and Order.

| GMAC MORTGAGE, LLC | U.S. BANK TRUST, N.A. AS TRUSTEE FOR VOLT ASSET HOLDINGS TRUST XVI |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust* | By: /s/ Michael H. Cohn<br>Michael H. Cohn<br>**COHN & ROTH**<br>100 E. Old Country Road<br>Mineola, New York 11501<br>Telephone:  (516) 747-3030<br>Facsimile:  (516) 747-3046<br><br>*Counsel for U.S. Bank Trust, N.A. as Trustee for VOLT Asset Holdings Trust XVI* |

APPROVED AND SO ORDERED
This ___ day of December, 2014, in New York, NY.

               _____

               **HONORABLE MARTIN GLENN**
               **UNITED STATES BANKRUPTCY JUDGE**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Erica J. Richards
James A. Newton

*Counsel for the Post-Effective Date Debtors*
*and The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------------
                                              )
  In re:                                      )     Case No. 12-12020 (MG)
                                              )
  RESIDENTIAL CAPITAL, LLC, et al.,           )     Chapter 11
                                              )
                                Debtors.      )     Jointly Administered
                                              )
-------------------------------------------------------------------------  )

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER PURSUANT TO**
**11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

**PLEASE TAKE NOTICE** that pursuant to the *Order Pursuant to Bankruptcy Code*

*Sections 105(a) and 362(d) for Entry of an Order Approving Procedures by Which Third Parties*

*May Request and Obtain Stipulated Relief from the Automatic Stay to Commence or Continue*

*Actions to Foreclose Senior Liens* [Docket No. 1824], the undersigned will present the attached

proposed *Stipulation and Order Pursuant to 11 U.S.C.  § 362(d) Modifying the Automatic Stay*

*Imposed by 11 U.S.C. § 362(a)* (the "**Stipulation and Order**"), to the Honorable Martin Glenn,

United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District

of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling

NY-1170202

Green, New York, New York 10004, Room 501, for signature on **December 31, 2014 at 12:00**

**p.m. (Prevailing Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and

Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket

No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case

filing system, and be served, so as to be received no later than **December 30, 2014 at 4:00 p.m.**

**(Prevailing Eastern Time)**, upon (a) counsel for The ResCap Liquidating Trust, Morrison &

Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attn: Norman S. Rosenbaum, Erica

J. Richards, and James A. Newton); (b) co-counsel for The ResCap Liquidating Trust, Kramer

Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn:

Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (c) the Office of the United

States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick

Street, Suite 1006, New York, NY 10014 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian

S. Masumoto); (d) the Office of the United States Attorney General, U.S. Department of Justice,

950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric

H. Holder, Jr.); (e) Office of the New York State Attorney General, The Capitol, Albany, NY

12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (f) Office of the U.S. Attorney

for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn:

Joseph N. Cordaro, Esq.); (g) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East

53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (h) counsel to Barclays Bank PLC,

as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four

Times Square, New York,  NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (i) counsel for

Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY

10019 (Attn: Jennifer C. DeMarco & Adam Lesman); (j) counsel for Berkshire Hathaway, Inc.,

Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attn: Seth

Goldman & Thomas B. Walper); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA

19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA

19104-5016); (l) Securities and Exchange Commission, New York Regional Office, 3 World

Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional

Director); and (m) counsel for the Requesting Party, Rosicki, Rosicki, Associates, P.C., 51 E.

Bethpage Road, Plainview, NY 11803 (Attn: Eric S. Sheidlower).

      **PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and

Order are timely filed, served and received in accordance with this Notice, the Court may enter

the Stipulation and Order without further notice or hearing.

Dated: December 22, 2014           Respectfully submitted,
       New York, New York

                      /s/ Norman S. Rosenbaum
                      Norman S. Rosenbaum
                      Erica J. Richards
                      James A. Newton
                      **MORRISON & FOERSTER LLP**
                      250 West 55th Street
                      New York, NY 10019
                      Telephone: (212) 468-8000
                      Facsimile: (212) 468-7900

                      *Counsel for the Post-Effective Date Debtors*
                      *and The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------- )
                                                               )
In re:                                                         )    Case No. 12-12020 (MG)
                                                               )
RESIDENTIAL CAPITAL, LLC, et al.,            )    Chapter 11
                                                               )
            Post-Effective Date Debtors.       )    Jointly Administered
                                                               )
-------------------------------------------------------------- )

### STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)
### MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Pursuant to the order, dated October 15, 2012 (Docket No. 1824) (the "Procedures Order"), [1]

pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code")

establishing procedures (the "Stay Relief Procedures") for requesting relief from the automatic stay to

commence and/or complete the foreclosure of a senior mortgage and security interest on lands and

premises with respect to which the Debtors hold or service a subordinate mortgage and security interest;

and Select Portfolio Servicing, Inc. ("Requesting Party"), as Servicer for Wells Fargo Bank, National

Association, on behalf of the registered Holders of Bear Stearns Asset-Backed Securities I Trust 2007-

AC2, Asset-Backed Certificates, Series 2007-AC2; having requested (the "Request") relief from the

automatic stay in accordance with the Stay Relief Procedures in connection with the property of Tony R.

Curtis and Magdaly M. Curtis with an address of 22553 Southwest 89th Place, Cutler Bay, FL 33190

(the "Mortgaged Property") and due and proper notice of the Request having been made on all necessary

parties; and the above-captioned Debtors (the "Debtors") having consented to the relief sought in the

Request on the terms and conditions contained in this stipulation and order ("Stipulation and Order"),

------------------------

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

NOW, THEREFOR, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Request is granted as set forth herein.

2.      To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Requesting Party to commence and/or complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3.      Requesting Party shall provide due notice to the Debtors and Ocwen Loan Servicing, LLC[2] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent notice to a junior lienholder is required by applicable state law.

4.      To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to all entities holding valid and enforceable liens on the Mortgaged Property that are senior to the lien which the applicable land records indicate is held or serviced by the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed to Ocwen Loan Servicing, LLC via wire transfer.

5.      By entering into this Stipulation and Order, Requesting Party hereby represents that it is an agent for and has the authority to seek relief from the automatic stay on behalf of Wells Fargo Bank, National Association, on behalf of the registered Holders of Bear Stearns Asset-Backed Securities I Trust 2007-AC2, Asset-Backed Certificates, Series 2007-AC2.

---

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

6.      This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

7.      This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8.      Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived.  Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| GMAC MORTGAGE, LLC | SELECT PORTFOLIO SERVICING, INC., AS SERVICER FOR WELLS FARGO BANK, NATIONAL ASSOCIATION, ON BEHALF OF THE REGISTERED HOLDERS OF BEAR STEARNS ASSET-BACKED SECURITIES I TRUST 2007-AC2, ASSET-BACKED CERTIFICATES, SERIES 2007-AC2 |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust* | By: /s/ Eric S. Sheidlower<br>Eric S. Sheidlower<br>**ROSICKI, ROSICKI & ASSOCIATES, P.C.**<br>51 E. Bethpage Road<br>Plainview, New York 11803<br>Telephone:  (516)741-2585<br>Facsimile:  (516) 873-7243<br><br>*Counsel for Select Portfolio Servicing, Inc.* |

APPROVED AND SO ORDERED
This ___ day of December, 2014, in New York, NY.

_____
**HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

3

**Presentment Date and Time:  December 31, 2014 at 12:00 p.m. (ET)**
**Objection Deadline:  December 30, 2014 at 4:00 p.m. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Erica J. Richards
James A. Newton

*Counsel for the Post-Effective Date Debtors*
*and The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF PRESENTMENT OF STIPULATION AND ORDER PURSUANT TO**
**11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

**PLEASE TAKE NOTICE** that pursuant to the *Order Pursuant to Bankruptcy Code*

*Sections 105(a) and 362(d) for Entry of an Order Approving Procedures by Which Third Parties*

*May Request and Obtain Stipulated Relief from the Automatic Stay to Commence or Continue*

*Actions to Foreclose Senior Liens* [Docket No. 1824], the undersigned will present the attached

proposed *Stipulation and Order Pursuant to 11 U.S.C.  § 362(d) Modifying the Automatic Stay*

*Imposed by 11 U.S.C. § 362(a)* (the "**Stipulation and Order**"), to the Honorable Martin Glenn,

United States Bankruptcy Judge, at the United States Bankruptcy Court for the Southern District

of New York (the "**Bankruptcy Court**"), Alexander Hamilton Custom House, One Bowling

NY-1170202

Green, New York, New York 10004, Room 501, for signature on **December 31, 2014 at 12:00**

**p.m. (Prevailing Eastern Time)**.

      **PLEASE TAKE FURTHER NOTICE** that objections, if any, to the Stipulation and

Order must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the

Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case

Management, and Administrative Procedures approved by the Bankruptcy Court [Docket

No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case

filing system, and be served, so as to be received no later than **December 30, 2014 at 4:00 p.m.**

**(Prevailing Eastern Time)**, upon (a) counsel for The ResCap Liquidating Trust, Morrison &

Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attn: Norman S. Rosenbaum, Erica

J. Richards, and James A. Newton); (b) co-counsel for The ResCap Liquidating Trust, Kramer

Levin Naftalis & Frankel LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attn:

Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (c) the Office of the United

States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick

Street, Suite 1006, New York, NY 10014 (Attn: Tracy Hope Davis, Linda A. Riffkin and Brian

S. Masumoto); (d) the Office of the United States Attorney General, U.S. Department of Justice,

950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: U.S. Attorney General, Eric

H. Holder, Jr.); (e) Office of the New York State Attorney General, The Capitol, Albany, NY

12224-0341 (Attn: Nancy Lord, Esq. and Enid N. Stuart, Esq.); (f) Office of the U.S. Attorney

for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007 (Attn:

Joseph N. Cordaro, Esq.); (g) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East

53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (h) counsel to Barclays Bank PLC,

as administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four

Times Square, New York,  NY 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (i) counsel for

Ocwen Loan Servicing, LLC, Clifford Chance US LLP, 31 West 52nd Street, New York, NY

10019 (Attn: Jennifer C. DeMarco & Adam Lesman); (j) counsel for Berkshire Hathaway, Inc.,

Munger, Tolles & Olson LLP, 355 South Grand Avenue, Los Angeles, CA 90071 (Attn: Seth

Goldman & Thomas B. Walper); (k) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA

19101-7346 (if by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA

19104-5016); (l) Securities and Exchange Commission, New York Regional Office, 3 World

Financial Center, Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional

Director); and (m) counsel for the Requesting Party, Rosicki, Rosicki, Associates, P.C., 51 E.

Bethpage Road, Plainview, NY 11803 (Attn: Eric S. Sheidlower).

   **PLEASE TAKE FURTHER NOTICE** that, if no objections to the Stipulation and

Order are timely filed, served and received in accordance with this Notice, the Court may enter

the Stipulation and Order without further notice or hearing.

Dated: December 22, 2014     Respectfully submitted,
   New York, New York


          /s/ Norman S. Rosenbaum
          Norman S. Rosenbaum
          Erica J. Richards
          James A. Newton
          **MORRISON & FOERSTER LLP**
          250 West 55th Street
          New York, NY 10019
          Telephone: (212) 468-8000
          Facsimile: (212) 468-7900


          *Counsel for the Post-Effective Date Debtors*
          *and The ResCap Liquidating Trust*

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------

)

In re:                                    )        Case No. 12-12020 (MG)

                                          )

RESIDENTIAL CAPITAL, LLC, et al.,         )        Chapter 11

                                          )

        Post-Effective Date Debtors.      )        Jointly Administered

                                          )

-------------------------------------------------------------

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Pursuant to the order, dated October 15, 2012 (Docket No. 1824) (the "Procedures

Order"),[1] pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the

"Bankruptcy Code") establishing procedures (the "Stay Relief Procedures") for requesting relief

from the automatic stay to commence and/or complete the foreclosure of a senior mortgage and

security interest on lands and premises with respect to which the Debtors hold or service a

subordinate mortgage and security interest; and Select Portfolio Servicing, Inc. ("Requesting

Party"), as Servicer for U.S. Bank National Association, as trustee, on behalf of the holders of

the CSFB Home Equity Pass-Through Certificates, Series 2005-AGE1; having requested (the

"Request") relief from the automatic stay in accordance with the Stay Relief Procedures in

connection with the property of Clyde R. Ritter and Carrie M. Ritter with an address of 1930

North Twisted Oak Dr., Little River, SC 29566 (the "Mortgaged Property") and due and proper

notice of the Request having been made on all necessary parties; and the above-captioned

Debtors (the "Debtors") having consented to the relief sought in the Request on the terms and

conditions contained in this stipulation and order ("Stipulation and Order"),

---

[1]    Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures
Order.

NOW, THEREFOR, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Request is granted as set forth herein.

2.      To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Requesting Party to commence and/or complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3.      Requesting Party shall provide due notice to the Debtors and Ocwen Loan Servicing, LLC[2] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent notice to a junior lienholder is required by applicable state law.

4.      To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to all entities holding valid and enforceable liens on the Mortgaged Property that are senior to the lien which the applicable land records indicate is held or serviced by the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed to Ocwen Loan Servicing, LLC via wire transfer.

5.      By entering into this Stipulation and Order, Requesting Party hereby represents that it is an agent for and has the authority to seek relief from the automatic stay on behalf of U.S. Bank National Association, as trustee, on behalf of the holders of the CSFB Home Equity Pass-Through Certificates, Series 2005-AGE1.

---

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

2

6.      This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

7.      This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8.      Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived.  Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| RESIDENTIAL FUNDING COMPANY, LLC | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE CSFB HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2005-AGE1 |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust* | By: /s/ Eric S. Sheidlower<br>Eric S. Sheidlower<br>**ROSICKI, ROSICKI, ASSOCIATES, P.C.**<br>51 E. Bethpage Road<br>Plainview, New York 11803<br>Telephone:  (516)741-2585<br>Facsimile:  (516) 873-7243<br><br>*Counsel for U.S. Bank National Association,* |

APPROVED AND SO ORDERED
This ___ day of December, 2014, in New York, NY.

_____

**HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

3

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                                        |     |                          |
|----------------------------------------|-----|--------------------------|
|                                        | )   |                          |
| In re:                                 | )   | Case No. 12-12020 (MG)   |
|                                        | )   |                          |
| RESIDENTIAL CAPITAL, LLC, *et al.*,    | )   | Chapter 11               |
|                                        | )   |                          |
| Debtors.                               | )   | Jointly Administered     |
|                                        | )   |                          |

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

**WHEREAS** each of the parties listed on **Exhibit 1** hereto (each a "**Requesting Party**" and

collectively, the "**Requesting Parties**") asserts that it holds a senior mortgage or security interest in the

respective properties set forth on **Exhibit 1** hereto (each, a "**Mortgaged Property**" and collectively the

"**Mortgaged Properties**");

**WHEREAS** undersigned counsel represents each of the Requesting Parties;

**WHEREAS** the Requesting Parties have obtained foreclosure or other title searches in

connection with the pending or prospective foreclosure of each of the respective Mortgaged Properties

which indicates that one of the above-captioned debtors (the "**Debtors**") may hold a lien on the

Mortgaged Property;

**WHEREAS** the Requesting Parties have requested (each a "**Request**," and collectively, the

"**Requests**") that the Debtors consent to relief from the automatic stay, pursuant to section 362(d) of title

11 of the United States Code (the "**Bankruptcy Code**"), in order to permit the Requesting Parties to

commence and/or complete the foreclosure of their respective interests in the Mortgaged Properties;

**WHEREAS** the Debtors and the ResCap Liquidating Trust, following a review of their records,

have determined that to the best of their knowledge they never did, or no longer, hold an interest in the

Mortgaged Properties, although, in some instances, an assignment of the Debtors' mortgage has not yet

been filed;

**WHEREAS** the Debtors and the ResCap Liquidating Trust have agreed to consent to the Requests on the terms and conditions contained in this Stipulation and Order to permit the Requesting Parties to proceed with foreclosures without violating the automatic stay;

**WHEREAS** this Stipulation and Order is not being submitted under the Procedures approved by the Bankruptcy Court in the *Order Pursuant to Bankruptcy Code Sections 105(a) and 362(d) for Entry of an Order Approving Procedures by Which Third Parties May Request and Obtain Stipulated Relief from the Automatic Stay to Commence or Continue Actions to Foreclose Senior Liens* [Docket No. 1824] due to the omnibus nature of the relief agreed upon;

**NOW, THEREFORE**, it is hereby stipulated and agreed as between the Debtors and each Requesting Party, each solely in respect of the Mortgaged Properties for which such Requesting Party seeks relief from the automatic stay, through their undersigned counsel; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Requests are granted as set forth herein.

2.      To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow each of the Requesting Parties to commence and/or complete the foreclosure of the mortgage and security interest it holds on the respective Mortgaged Property, as specified on **Exhibit 1** hereto.

3.      By entering into this Stipulation and Order, (i) counsel for the Requesting Party hereby represents that it is authorized to execute this Stipulation and Order on behalf of each of the Requesting Parties and (ii) each Requesting Party hereby represents, with respect to each Mortgage Property for which it acts as the Requesting Party, that it is authorized to seek relief from the automatic

2

stay and execute this Stipulation and Order on behalf of the respective lienholder, as identified on
**Exhibit 1** hereto.

4.      Nothing in this Stipulation and Order shall be deemed to affect in any way the
rights of any entity, including the Debtors or The ResCap Liquidating Trust, to contest in any
foreclosure proceeding the validity or relative priority of the applicable Requesting Party's mortgage
and security interest in the respective Mortgaged Property relative to any other security interest in such
Mortgaged Property.

5.      Nothing in this Stipulation and Order shall be construed to provide for the
annulment of or any other retroactive relief from the automatic stay.

6.      Each Requesting Party shall provide due notice to all parties required by
applicable law to receive notice, as well as to the Debtors and The ResCap Liquidating Trust[1], Ocwen
Loan Servicing, LLC[2], and Green Tree Servicing LLC[3],  in connection with any action to be taken with
respect to the respective Mortgaged Property, including, but not limited to, proceeding with a sale of
such Mortgaged Property, in accordance with and to the extent the Requesting Party would be required
by applicable state law to provide notice to the holder of any other security interest in such Mortgaged
Property.

---

[1] Notices should be served on the Debtors and The ResCap Liquidating Trust, at Corporation Service Company, 2711
Centerville Road, Suite 400, Wilmington, DE 19808 and 8400 Normandale Lake Boulevard, Bloomington, MN 55437.

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter
J. Mulcahy, Esq.).

[3] Notices should be served on Green Tree Servicing LLC via email at: Foreclosure_Team@gt-cs.com or via mail addressed
to: Green Tree Servicing LLC, Mailstop: R214, 1400 Turbine Drive, Rapid City, SD 57703.

7.    A Requesting Party and the Debtors may agree, in a signed writing, to a
modification of this Stipulation and Order solely with respect to the application of this Stipulation and
Order to such Requesting Party, and such signed writing shall not be deemed to affect in any manner the
application of this Stipulation and Order to any other Requesting Party, provided, however, that except
as specifically set forth in this paragraph, this Stipulation and Order may not be modified other than by
further order of the Court.

8.    This Stipulation and Order may be executed in multiple counterparts, each of
which shall be deemed an original but all of which when taken together shall constitute one and the
same instrument.

9.    Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and
Order imposed by such Bankruptcy Rule is waived.  Each Requesting Party is authorized to implement
the provisions of this Stipulation and Order immediately upon its entry.

10.    This Court shall retain jurisdiction with respect to all matters arising from or
related to the implementation and interpretation of this Stipulation and Order.

| THE RESCAP LIQUIDATING TRUST | EACH OF THE REQUESTING PARTIES SET FORTH ON **EXHIBIT 1**, HERETO, EACH SOLELY IN RESPECT OF THE MORTGAGED PROPERTY FOR WHICH IT SEEKS RELIEF FROM THE AUTOMATIC STAY |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the Debtors*<br>*and The ResCap Liquidating Trust* | By: /s/ Shari S. Barak<br>Shari S. Barak<br>**SHAPIRO, DICARO & BARAK, LLC**<br>105 Maxess Road, Suite N109<br>Melville, New York 11747<br>Telephone:  (631) 844-9611<br>Facsimile:  (631) 844-9525<br><br>*Counsel for the Requesting Parties* |

4

**IT IS SO ORDERED.**

Dated:  December 31, 2014
        New York, New York

                                        **_____/s/Martin Glenn_____**
                                         MARTIN GLENN
                              United States Bankruptcy Judge

**EXHIBIT 1**

|  | REQUESTING PARTY | LIENHOLDER | BORROWER NAME(S) | ADDRESS |
|---|---|---|---|---|
| 1 | REGIONS MORTGAGE | REGIONS BANK DBA REGIONS MORTGAGE | BARAJAS , IRMA | 943 SRAND FLEET DRIVE, ANTIOCH, TN 37013 |
| 2 | SETERUS, INC. | FEDERAL NATIONAL MORTGAGE ASSOCIATION | DATUS, DEAN AND MICHELLE | 212 CLEARLAKE DRIVE, LA VERGNE, TN 37086 |
| 3 | SETERUS, INC. | FEDERAL NATIONAL MORTGAGE ASSOCIATION | GODWIN, JOHNNIE F, SR. AND DEBRA A. | 6950 PARK DRIVE, LYLES, TN 37098 |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

In re:                                  )       Case No. 12-12020 (MG)
                                        )
RESIDENTIAL CAPITAL, LLC, *et al.*,     )       Chapter 11
                                        )
                            Debtors.    )       Jointly Administered
                                        )

---------------------------------------------------------------

### STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)
### MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)

Pursuant to the order, dated October 15, 2012 (Docket No. 1824) (the "Procedures Order"),[1]

pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code")

establishing procedures (the "Stay Relief Procedures") for requesting relief from the automatic stay to

commence and/or complete the foreclosure of a senior mortgage and security interest on lands and

premises with respect to which the Debtors hold or service a subordinate mortgage and security interest;

and U.S. Bank Trust, N.A. as Trustee for VOLT Asset Holdings Trust XVI ("Requesting Party"), having

requested (the "Request") relief from the automatic stay in accordance with the Stay Relief Procedures

in connection with the property of Larry Hilliard and Latonya Hilliard with an address of 674 Lakeside

Drive, Springfield, TN 37172 (the "Mortgaged Property") and due and proper notice of the Request

having been made on all necessary parties; and the above-captioned Debtors (the "Debtors") having

consented to the relief sought in the Request on the terms and conditions contained in this stipulation

and order ("Stipulation and Order"),

---

[1]     Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

NOW, THEREFOR, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Request is granted as set forth herein.

2.      To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Requesting Party to commence and/or complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3.      Nothing in this Stipulation and Order shall be deemed to affect in any way the rights of any entity, including the Debtors or The ResCap Liquidating Trust, to contest in any foreclosure proceeding the validity or relative priority of the applicable Requesting Party's mortgage and security interest in the respective Mortgaged Property relative to any other security interest in such Mortgaged Property.

4.      Requesting Party shall provide due notice to the Debtors and Ocwen Loan Servicing, LLC[2] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent notice to a junior lienholder is required by applicable state law.

5.      To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to all entities holding valid and enforceable liens on the Mortgaged Property that are senior to the lien which the applicable land records indicate is held or serviced by the Debtors,

---

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

such proceeds shall be turned over within thirty (30) days after such sale is completed to Ocwen Loan

Servicing, LLC via wire transfer.

6.      This Stipulation and Order may not be modified other than by a signed writing

executed by the Parties hereto or by further order of the Court.

7.      This Stipulation and Order may be executed in multiple counterparts, each of

which shall be deemed an original but all of which when taken together shall constitute one and the

same instrument.

8.      Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and

Order imposed by such Bankruptcy Rule is waived.  Requesting Party is authorized to implement the

provisions of this Stipulation and Order immediately upon its entry.

9.      This Court shall retain jurisdiction with respect to all matters arising from or

related to the implementation and interpretation of this Stipulation and Order.

| GMAC MORTGAGE, LLC | U.S. BANK TRUST, N.A. AS TRUSTEE FOR VOLT ASSET HOLDINGS TRUST XVI |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel for the Post-Effective Date Debtors*<br>*and The ResCap Liquidating Trust* | By: /s/ Michael H. Cohn<br>Michael H. Cohn<br>**COHN & ROTH**<br>100 E. Old Country Road<br>Mineola, New York 11501<br>Telephone:  (516) 747-3030<br>Facsimile:  (516) 747-3046<br><br>*Counsel for U.S. Bank Trust, N.A. as Trustee for*<br>*VOLT Asset Holdings Trust XVI* |

12-12020-mg    Doc 7954    Filed 12/31/14    Entered 12/31/14 11:51:56    Main Document
Pg 4 of 8

**IT IS SO ORDERED.**

Dated:  December 31, 2014
       New York, New York

                                  **/s/Martin Glenn**
                                  MARTIN GLENN
                United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Pursuant to the order, dated October 15, 2012 (Docket No. 1824) (the "Procedures Order"), [1]

pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code")

establishing procedures (the "Stay Relief Procedures") for requesting relief from the automatic stay to

commence and/or complete the foreclosure of a senior mortgage and security interest on lands and

premises with respect to which the Debtors hold or service a subordinate mortgage and security interest;

and Select Portfolio Servicing, Inc. ("Requesting Party"), as Servicer for Wells Fargo Bank, National

Association, on behalf of the registered Holders of Bear Stearns Asset-Backed Securities I Trust 2007-

AC2, Asset-Backed Certificates, Series 2007-AC2; having requested (the "Request") relief from the

automatic stay in accordance with the Stay Relief Procedures in connection with the property of Tony R.

Curtis and Magdaly M. Curtis with an address of 22553 Southwest 89th Place, Cutler Bay, FL 33190

(the "Mortgaged Property") and due and proper notice of the Request having been made on all necessary

parties; and the above-captioned Debtors (the "Debtors") having consented to the relief sought in the

Request on the terms and conditions contained in this stipulation and order ("Stipulation and Order"),

---

[1]   Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

NOW, THEREFOR, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Request is granted as set forth herein.

2.      To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Requesting Party to commence and/or complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3.      Requesting Party shall provide due notice to the Debtors and Ocwen Loan Servicing, LLC[2] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent notice to a junior lienholder is required by applicable state law.

4.      To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to all entities holding valid and enforceable liens on the Mortgaged Property that are senior to the lien which the applicable land records indicate is held or serviced by the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed to Ocwen Loan Servicing, LLC via wire transfer.

5.      By entering into this Stipulation and Order, Requesting Party hereby represents that it is an agent for and has the authority to seek relief from the automatic stay on behalf of Wells Fargo Bank, National Association, on behalf of the registered Holders of Bear Stearns Asset-Backed Securities I Trust 2007-AC2, Asset-Backed Certificates, Series 2007-AC2.

---

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

6.     This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

7.     This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8.     Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived.  Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

9.     This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| GMAC MORTGAGE, LLC | SELECT PORTFOLIO SERVICING, INC., AS SERVICER FOR WELLS FARGO BANK, NATIONAL ASSOCIATION, ON BEHALF OF THE REGISTERED HOLDERS OF BEAR STEARNS ASSET-BACKED SECURITIES I TRUST 2007-AC2, ASSET-BACKED CERTIFICATES, SERIES 2007-AC2 |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust* | By: /s/ Eric S. Sheidlower<br>Eric S. Sheidlower<br>**ROSICKI, ROSICKI & ASSOCIATES, P.C.**<br>51 E. Bethpage Road<br>Plainview, New York 11803<br>Telephone:  (516)741-2585<br>Facsimile:  (516) 873-7243<br><br>*Counsel for Select Portfolio Servicing, Inc.* |

**IT IS SO ORDERED.**

Dated:  December 31, 2014
         New York, New York

                              _____/s/Martin Glenn_____
                                 MARTIN GLENN
                              United States Bankruptcy Judge

4

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al*., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| ------------------------------------------------------------- | ) | |

**STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)**
**MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Pursuant to the order, dated October 15, 2012 (Docket No. 1824) (the "Procedures Order"),[1] pursuant to sections 105(a) and 362(d) of title 11 of the United States Code (the "Bankruptcy Code") establishing procedures (the "Stay Relief Procedures") for requesting relief from the automatic stay to commence and/or complete the foreclosure of a senior mortgage and security interest on lands and premises with respect to which the Debtors hold or service a subordinate mortgage and security interest; and Select Portfolio Servicing, Inc. ("Requesting Party"), as Servicer for U.S. Bank National Association, as trustee, on behalf of the holders of the CSFB Home Equity Pass-Through Certificates, Series 2005-AGE1; having requested (the "Request") relief from the automatic stay in accordance with the Stay Relief Procedures in connection with the property of Clyde R. Ritter and Carrie M. Ritter with an address of 1930 North Twisted Oak Dr., Little River, SC 29566 (the "Mortgaged Property") and due and proper notice of the Request having been made on all necessary parties; and the above-captioned Debtors (the "Debtors") having consented to the relief sought in the Request on the terms and conditions contained in this stipulation and order ("Stipulation and Order"),

---

[1] Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Procedures Order.

NOW, THEREFOR, it is hereby stipulated and agreed as between the Parties to this Stipulation and Order, through their undersigned counsel; and after due deliberation and sufficient cause appearing, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The Request is granted as set forth herein.

2.    To the extent applicable, the automatic stay imposed in this case by section 362(a) of the Bankruptcy Code is modified under section 362(d) of the Bankruptcy Code to the extent necessary to allow Requesting Party to commence and/or complete the foreclosure of the mortgage and security interest it holds on the Mortgaged Property.

3.    Requesting Party shall provide due notice to the Debtors and Ocwen Loan Servicing, LLC[2] in connection with any action to be taken with respect to the Mortgaged Property, including, but not limited to, proceeding with a sale of the Mortgaged Property, in accordance with and to the extent notice to a junior lienholder is required by applicable state law.

4.    To the extent proceeds from any sale of the Mortgaged Property exceed the valid amounts due and owing to all entities holding valid and enforceable liens on the Mortgaged Property that are senior to the lien which the applicable land records indicate is held or serviced by the Debtors, such proceeds shall be turned over within thirty (30) days after such sale is completed to Ocwen Loan Servicing, LLC via wire transfer.

5.    By entering into this Stipulation and Order, Requesting Party hereby represents that it is an agent for and has the authority to seek relief from the automatic stay on behalf of U.S. Bank National Association, as trustee, on behalf of the holders of the CSFB Home Equity Pass-Through Certificates, Series 2005-AGE1.

---

[2] Notices should be served on Ocwen Loan Servicing, LLC, at 1100 Virginia Drive, Fort Washington, PA 19034 (Attn: Peter J. Mulcahy, Esq.).

6.      This Stipulation and Order may not be modified other than by a signed writing executed by the Parties hereto or by further order of the Court.

7.      This Stipulation and Order may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument.

8.      Pursuant to Bankruptcy Rule 4001(a)(3), the 14-day stay of this Stipulation and Order imposed by such Bankruptcy Rule is waived.  Requesting Party is authorized to implement the provisions of this Stipulation and Order immediately upon its entry.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation and interpretation of this Stipulation and Order.

| RESIDENTIAL FUNDING COMPANY, LLC | U.S. BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE CSFB HOME EQUITY PASS-THROUGH CERTIFICATES, SERIES 2005-AGE1 |
|---|---|
| By: /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Erica J. Richards<br>James A. Newton<br>**MORRISON & FOERSTER LLP**<br>250 West 55th Street<br>New York, New York 10019<br>Telephone:  (212) 468-8000<br>Facsimile:  (212) 468-7900<br><br>*Counsel for the Post-Effective Date Debtors and The ResCap Liquidating Trust* | By: /s/ Eric S. Sheidlower<br>Eric S. Sheidlower<br>**ROSICKI, ROSICKI, ASSOCIATES, P.C.**<br>51 E. Bethpage Road<br>Plainview, New York 11803<br>Telephone:  (516)741-2585<br>Facsimile:  (516) 873-7243<br><br>*Counsel for U.S. Bank National Association,* |

**IT IS SO ORDERED.**

Dated:  December 31, 2014
        New York, New York

            /s/Martin Glenn
            MARTIN GLENN
    United States Bankruptcy Judge

3

UNITED STATES BANKRUPTCY
COURT SOUTHERN DISTRICT OF
NEW YORK

TOM FRANKLIN
MOVANT
In re:

RESIDENTIAL CAPITAL, LLC
APPELLEE.
CASE NUMBER 12-12020 (MG)

<u>OPPOSITION RESPONSE TO</u> **NOTICE OF PRESENTMENT OF STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d) MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

<u>**TOM FRANKLIN CONTENDS THAT THIS MOTION SHOULD NOT BE ALLOWED**</u>

## THE ARGUMENT AND AUTHORITIES

The sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which would entitled him to relief. **<u>Conley v. Gibson, 355 U.S. 41, 45—46 (1959)</u>**. It is fairly obvious that in this particular case that there was a quick rush to immediate **and prior judicial bias** on the part of the trial judge to have this cases which had dragged on in federal court for some time dismissed immediately in direct violation of the due process rights of the appellants.    This is a rigorous standard, but subsumed within it is the requirement that the plaintiff state its case with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged.    **Elliott v. <u>Fousa</u>,** 867 F.2d 877, 880 (5th Cir. 1989). In a Rule 12(b) (6) motion to dismiss, the allegations must be taken as true. <u>Malina v. Gonzales, 1</u> **<u>F.3d 304, 305 n.12 (5~ Cirri. 1q93-)</u>** Sosa, 646 F.2d at 993.    An established fact which has been established in this appeal is that the first trial judge had established the fact that there was a federal question in this appeal.  But after being transferred to a bias trial judge this case was never properly heard.

12-12020-mg    Doc 7950    Filed 02/09/15    Entered 02/09/15 17:29:19    Main Document
Pg 81 of 98

A complaint is not subject to dismissal unless it appears certain that the plaintiff

2

cannot possibly be entitled to relief under any set of facts that could be proved in
support of its allegations. **Cinel**, 15 F.3d at 1341 Smith, **Barney, Harris** Upham **&
Co. v. Robinson,** 12, F.3d 515, 520 (5th Cir. 19-94)white controlled boards saw fit to
see that they were amply funded with funds which were diverted from blacks and
browns such as the appellants.  This particular trial judge was bias and let his
personal feeling prevent him from checking out the fact even when the police had
knowledge that could substantiate what the plaintiff was stating was the truth about
drugs on the premises.

Rule 12(b) (6) was set out by the Supreme Court in **Conley v. Gibson**:    The court
goes on to further state that in appraising the (quoting **Baton Rouge Bldg. &
Construction Trades Council v.Jacobs.**    The Court has ruled that the non movant
is entitled to the guards of the summary judgment rules. A non movant must have ten
(10) days to respond. The final Judgment rules contained in section 1291 entitled "
Final Decisions of the Supreme Court. The denial of a Rule 12(b) (6) Motion To
Dismiss is interlocutory, and thus generally not appealable under 28 U.S.C. section
1291. **Connelly v. Dulien** Steel Products, **Conversely,** if the Court grants a Rule
12(b) motion, it is immediately appealable. The standard for determining whether a
final judgment has been reached is whether the litigation has ended on the merits and
nothing has been left for the Court to do but execute judgment. Coopers & Lybrand
case 437 U.S. 463 (1978)

The exception to the rule against appeal denials of Motions To Dismiss is when the
plaintiffs filed a civil rights action and the defendants respond with a motion to
dismiss claiming immunity. **Helton v. Cleinents,** 787. There are many cases which
are inappropriate for Summary Judgment, including those that rest in credibility
determinations. **Honore V, Douglas, 33** F.2d 565, 567 (5th Cir. 1987); **Leonard v.
Dixie** Wells Supply **Service, Inc.,** 828 F.2d 291, 294(5th Cir. 1987); questions of

3

motivation and intent, <u>Thornburg v. Columbus **& Greenville R.R.**</u> Co., 760 F.2d
633, 641 (5th Cir 1985); ambiguous contracts where parties' intent presents a
question of fact, <u>Fischbach. - **First National Bank,**</u> 799 F.2d at 151; Southern
Natural Gas, 781 F.2d t 1081; question whether an oral contract has been
confected, Impossible Electronics Techniques, Inc. Wackenhut Protective System,
Inc., 669 F.2d 1026, 1032 (5th Cir Unit B 1982) question whether a reasonable
prudent investor should have constructively known certain facts based on information
external to that ordinarily used by investors (i.e. offering memorandum
and supporting documents and discussion with the promoter), Corwin v. M. Orton
Investments, 843 F.2d 194, 198-99 (5th Cir. 1988); certain negligence and products
liability cases, Waggoner v. City of Garland, Texas, 987 F.2d 1160, 1165 (5th Cir,
1993) . District Courts are widely knowledge to posses the power to enter summary
judgments sua sponte, so long as the losing party was on notice that she had was on
notice that she had to come forward with all her evidence. <u>Celotex</u>, 106 5. Ct. at 2554
(citing 1OA C. Wright, A. Miller & M Kane, <u>Federal Practice and Procedure</u> section
2720 at 28-29 (1983) . A district court may grant summary judgment when the parties
have been given adequate time for discovery. <u>Page v. DeLaune</u>, 837 F.2d 233, 238
(5~ Cir 1988) (citing Celotex, 106 S.Ct at 2554) . An important an interesting
revelation in this particular case is why did not the trial jury allow discovery. It
should be noted that on several occasions the appellants tried to seek assistance from
the court for the continued reluctance of the appellees to provided the appellants with
proper discovery as required by the Federal Rules of Civil procedure but on each
occasions the appellees refused; After this deliberate refusal on the part of the
appelles to provide discovery the to the appellants who had no other choice and
alternative but to seek judicial remedies through the court as provided by the Federal
Rules of Procedure; The trial judge for the most part continue to block justice by

4

refusing to honor their motion to compel. For the most part the appellant's case was over for he refused to allow them their right to discovery by compelling the other side to come forward with information to assist the appellants with their case.

The Fifth Circuit strict construes the procedural safeguards of Rule 56, and a district court may not grant summary judgment sua sponte on the grounds not requested by the moving parties.

**John** Deere, 809 F.2d at 1992; but se **Celotex,** 106 S.Ct at 2554. Summary judgment

cannot be upheld where summary judgment is granted on grounds not urged in the motion

and the non movant is not given proper notice that the district court may grant summary

judgment on such grounds. **John Deere Co. v. American National Bank, Stafford,** 809 F.2d 1190, 1191-2 (5th Cir. 1987) . Fifth Circuit decisions stress the importance of providing the non moving party with an opportunity to respond to and to

develop the record in opposition to requested summary judgment. Id at 1192.

provided to the jury.   Rule 12(b) (6) motion to dismiss for failure to state a claim upon which relief

can be granted:

The Motion shall be served at least 10 days before the time fixed for the hearing. In this particular case in so far as the appellants were concerned the trial judge did not schedule a hearing. The adverse party prior to the hearing which was never scheduled may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings.     Summary judgment is inappropriate where there is a genuine

5

disagreement as tot he reasonable inferences to be drawn from    undisputed facts.
**Fischbach,** 799 F.2d 297, 299 (5th Cir 1978); see **Stephen R. Ward, Inc.'** 681 F.
Supp. At 392; **EEOC,** 657 F. Supp. At 743 (citing **Jones v. Western Geophysical
Co. of America,** 669 F.2d 280, 283 **(5th Cir. 1982); Johnson v.** Sawyer, 640 F.
Supp. 1126, 1130 (S.D. Tex. 1986)    At the summary judgment stage the judge's
function is not to weigh the evidence and determine the truth of the matter but to
weigh the evidence whether there is a genuine issue for trial. **Anderson,** 106 5. Ct at
2511. **Wilkerson** v. Columbus Separate **School Dist.,** 985 F.2d 815, 817 (5th Cir.
1993); **Stephen R. Ward, Inc**. 681 F. Supp. At 392. At 392; Magee, 673F.Supp at
197: **EEOC,** 657 F.Supp at 743 299 (S.D. Tex 1986). The court must consider all the
facts contained in the pleadings, depositions, admissions, answers to interrogatories,
affidavits and inferences to be drawn therefrom. Thomas v. **N.A. Chase** Manhatten
Bank, 1 F.3d 320, 323 (5th Cir. 1993). The judge is not to make credibility
determinations, weigh evidence, or draw from the facts legitimate inferences for the
movant. **Anderson,** 106 S.Ct. at 2513; **Lindsey v. Prive Corp.,** 987 F.2d 324, 326
(5th Cir. 1993) **Honore,** 833 F.2d at 567; Leonard, 828 F.2d at 294. The judge must
view the evidence through the prism of the substantive evidentiary burden. The
question is whether the jury could reasonably find the plaintiffs/appellants either did
or did not prove his case by the quality and quality of required by the governing law.
Anderson, 106 5. Ct. at 2513. All reasonable doubt as to the existence of a genuine
issue of    material fact must be resolved against the movant and in **light most
favorable against the non moving party. Doe v. Taylor Independent School
District, 15 F.3d 443,** 456 nil (5th Cir.    1994), petition for cert. Filed (June 1,
1994) **EEOC,** 657 F.Supp at 743.
An issue is genuine if the evidence supporting its resolution in favor of the party
opposing summary judgment, together with any inference in such party's favor that

6

the evidence allows, would be sufficient to support a verdict in favor of the party. St. Amant, 806 F.2d at 1297; **Professional** Managers, 799 F.2d at222; Stephen R. **Ward** Inc.,, 681 F.Supp. at 392; **Samples,** 673 F.Supp. at 1415.    A crucial element and key in this particular case is that the trial judge and the Appellees went to great lengths to see that this case would not come to the public eyes. But the most serious injustice of this situation is that the discrimination in the federally funded program is still being allowed to continue. It is only the court who have been provided with the ability and constitutional right to monitor these processes and if they don't than no one else will. **It is obvious that** the **trial judge violated Rule 56(f) of the Federal Rules of Civil Procedure in that as an essential ingredient of the Federal** Summary **Judgment Scheme.** " Any Potential problem with premature summary motion judgments can be adequately dealt with under Rule 56(f), which allows a summary motion to be denied, or the hearing on the motion to be continued; if the non moving party has not had an opportunity to have full discovery. See Bache, 840 F.2d at 292. (noting Celtex's emphasis on Rule 56(f) as a device to obviate premature motions.)    In considering a Motion to dismiss, district court would limit its review to factual allegations and accordingly, any affidavits submitted with regard to motion could not be considered. However, court could take judicial notice of matters of public record and documents incorporated by reference in the complaint-Clarry v. **U.S.,** 891 F.Supp. 105. If a party moving for dismissal for failure to state a claim bring matters outside of the complaint to the courts' attention, then motion should be considered as motion for summary judgment and all parties should be given opportunity to submit additional pertinent materials. Beeman v. Lacy, Katzen, Ryen & Mittlernan, 892 F. Supp. 405. When considering motion to dismiss based on lack of jurisdiction, court may consider outside proceedings. Liberty Cable **Co., Inc. v. City of New York,** 893 F.Supp. 191. In determining Motion to dismiss for failure to state a claim, the

court could consider documents incorporated by reference into complaint. Federal
Rules of Civil Procedure 12(b) (6), 28 U.S.C.A.-Lomaglio Associates Inc.. v. LBK
Marketing Corp., 892   F. Supp. 89. The court cannot assume facts in favor of the
defendant on Motion to dismiss for failure to state a claim. Federal Rules Civ.
Procedure Rule 12(b) (6), 28 U.S.C.A—National Education Association- Rhode
Island by Scigulinsky **v. Retirement Board of** Rhode **Island Employees System v.
Retirement Board System,** 890 **F.** Supp. 1143. The court further states that the
courts function in evaluating whether complaint states valid claim is not to weigh the
evidence that midget be presented at trial but merely to **determine whether claim is
legally deficient.-In re 72~ Street** Realty **Associates, 185 B.R. 460.**   The district
court may convert motion to dismiss into summary judgment proceedings in order to
consider matters outside of the complaint; however court must give both parties the
opportunity to present to the court all the material made pertinent to **such** motion.
Federal Rules **of Civil Procedure 12(b) (6)  56, 28 tJ.S.C.A.** -**Brown v. Zavaras,
63** F.3d 967.   A motion to dismiss for failure to state cause of action requires court
to consider only pleadings actually filed, although all reasonable inferences from
facts must be liberally construed in favor of the party whom motion is made.   When
deciding motion to dismiss it is proper for the district court to look beyond the
jurisdictional allegations in the complaint and view all the evidence submitted.
Osario v. **Harza Engineering Company., 890 F.supp. 750. The standard
approach to motion to dismiss requires the court** to presume that all factual
allegations in the complaint are true and to accord benefit of all reasonable inferences
to the non moving party. Ambrose v. **Blue shield, Inc.,** 891 F.Supp 1153.On Motion
to dismiss based on jurisdictional issues, factual disputes created by conflicting
statements are resolved in the plaintiff's favor-McCracken v. Automobile   **Club of
Southern California, Inc., 891 F. Supp.  559.**The appellants in this particular case

would like to point out that the trial judge held no hearings. Even when this case was in the newspapers. The appellants are puzzled for  answers because only the trial judge can answer that. If the court does not hold hearings in connection with Motion to dismiss for lack of personal jurisdiction, and relies on pleadings and affidavits, court must consider facts in light most favorable and resolve all factual conflicts in favor of that party. **Hot Stuff** Food Systems,  **Inc.  v. Griffin** Petroleum, **Inc.,  891** F. **Supp. 499.**

Respectfully submitted:

TOM FRANKLIN, PRO SE

WHERESAS ALL FACTORS DULY TAKEN INTO CONSIDERATION, The Plaintiff request that this motion be denied.

Dated:  December 17, 2014
Of  Pro Se ,Counsel:

Respectfully submitted,

*TOM FRANKLIN Pro Se Appellant*

9

*5633 OAK GROVE ROAD*
*FORT WORTH, TEXAS 76134*

.

Respectfully submitted:

Whereas all factor dully taken into consideration this claim should be allowed to continued.

**Other**

**Points:**_____

_____

_____

10

12-12020-mg    Doc 7950    Filed 02/09/15    Entered 02/09/15 17:29:15    Main Document
Pg 11 of 13

_____

_____

_____

_____

_____

**RESPECTFULLY SUBMITTED:**

11

TOM FRANKLIN ET AL, PRO SE

5633 Oak Grove Road
Fort Worth,  Texas  76134

CERTIFICATE OF SERICE        23rd
I, Tom Franklin, hereby certify that on this_____12th_____day of December , 2014, a true and
correct copy of the foregoing legal instrument was mailed, certified mail, return receipt requested to
the following listed person who are entitled to have an interest in the out come of this case:

MORRISON & FOERSTER LLP

250 West 55th Street

New York, New York 10019

Telephone: (212) 468-8000 Facsimile: (212) 468-7900

Norman S. Rosenbaum

Jordan A. Wishnew

Tom Franklin
5800 Oak Grove Road
Fort Worth, Texas  76134

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*,

Debtors.

---------------------------------------------------------------

)
)
)
)
)
)
)
)

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

**ORDER OVERRULING THE OBJECTION OF TOM FRANKLIN TO THE NOTICE OF
PRESENTMENT OF STIPULATION AND ORDER PURSUANT TO 11 U.S.C. § 362(d)
MODIFYING THE AUTOMATIC STAY IMPOSED BY 11 U.S.C. § 362(a)**

Tom Franklin objects to a stipulation and order lifting the automatic stay to permit a senior lien

holder to foreclose on property as to which a Debtor(s) is a junior lienholder (the "Objection," ECF Doc.

# 7950).  Four such stipulations have been presented and so ordered by the Court on December 31, 2014

(the "Stipulations," ECF Doc. # 7933, 7934, 7935, 7936).  It is unclear which stipulation or stipulations

Franklin objects to.  What is clear is that Franklin's Objection was untimely as it was not received by the

Court by the December 31, 2014 deadline for objections to the Stipulations.  It is also clear that Franklin

has no legal interest in any of the properties relevant to the Stipulations.

The Court finds and concludes that Franklin has no standing to object to the approval and entry

of these Stipulations.  Therefore, Franklin's Objection is **OVERRULED** and the Stipulations are and

remain approved.


**IT IS SO ORDERED.**

Dated:  January 6, 2015
        New York, New York

_____**/s/Martin Glenn**_____
MARTIN GLENN
United States Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|                      |   |                          |
|----------------------|---|--------------------------|
| In re:               | ) | Case No. 12-12020 (MG)   |
|                      | ) |                          |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
|                      | ) |                          |
| Debtors.             | ) | Jointly Administered     |
|                      | ) |                          |

## ORDER TO SHOW CAUSE WHY COURT SHOULD NOT DETERMINE TOM FRANKLIN TO BE A VEXATIOUS LITIGATOR AND EITHER IMPOSE SANCTIONS OR ISSUE AN INJUNCTION ENJOINING FUTURE FILINGS BY FRANKLIN

WHEREAS, Tom Franklin filed two claims, Claim Numbers 1195 and 7335 (the "Claims"), against Debtors EPRE LLC and Residential Capital, LLC ("ResCap") in these chapter 11 proceedings.  The Court expunged each of the Claims pursuant to Court orders.  (*See* ECF Doc. ## 5049, 7086.)  Franklin filed a notice of appeal as to each claim.  (*See* ECF Doc. ## 5171, 7196.)   Franklin's appeal of this Court's expungement of Claim Number 1195 was denied by the United States District Court for the Southern District of New York (the "District Court"), *see generally Franklin v. Residential Capital, LLC*, No. 13 Civ. 8317(PAE), 2014 WL 1760312 (S.D.N.Y. May 1, 2014), and his subsequent appeal to the Second Court remains pending (*see* Case No. 14-00418 (2d Cir.)).  Franklin's appeal of this Court's order expunging Claim Number 7335 remains pending in the District Court.  (*See* Case No. 15-00501.)

WHEREAS, Franklin filed a motion to reinstate Claim 1195 and a separate motion to compel discovery in these chapter 11 proceedings before this Court after filing one or both of his notices of appeal.  (*See* ECF Doc. ## 7125, 7444.)  The Court denied both of these motions holding that Franklin's filing of a notice of appeal confers jurisdictions on the appellate court, and divests this Court of jurisdiction to act on matters that are subject to the appeal (the "Divestiture Orders," ECF Doc. ## 7209, 7581).  *See In Re Winimo Realty Corp. et al. v. City of*

*Albany, et al.*, 270 B.R. 99 (S.D.N.Y. 2001) (citing *United States v. Rodgers*, 101 F.3d 247, 251

(2d Cir. 1996) (filing of notice of appeal divests lower court of jurisdiction over those aspects of

the case involved in the appeal); *Hagel v. Drummand (In re Hagel)*, 184 B.R. 793, 798 (9th Cir.

BAP 1995) ("The divestiture rule applies to appeals of bankruptcy proceedings. . . .  A pending

appeal . . . divests a bankruptcy court of jurisdiction."); *In re Duratech Industries, Inc.*, 241 B.R.

283, 289 (E.D.N.Y. 1999); *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994)).

WHEREAS, Franklin filed a number of documents with the Court prior to the entry of

the Court's Divestiture Orders.  Some of these documents were filed in response to objections

filed by the Debtors or their successors-in-interest, the ResCap Borrower Claims Trust (the

"Trust") (*see, e.g.*, ECF Doc. ## 4282, 4961, 4980, 6955, 6967, 7043, and 7044); others were

filed in response to various documents filed in these chapter 11 cases (*see, e.g.*, ECF Doc. ##

7043 (a purported opposition to a motion made by the Debtors' parent company Ally Financial

Inc., to enforce the Court's order regarding the Plan Support Agreement), 7044 (a purported

objection to the Debtors' Sixty-First Omnibus Objection, to which Franklin was not subject)).

None of these matters concern Franklin, and he lacks standing to object.

WHEREAS, Franklin also filed and continues to file documents after the entry of the

Court's Divestiture Orders.  Some of these documents seek the reinstatement of one or both of

his Claims similar to the prior motion denied by this Court.  (*Compare* ECF Doc. # 7125, *with*

ECF Doc. ## 7166, 7237.)  Some of these documents seek to compel unspecified discovery in

these chapter 11 proceedings similar to the prior motion to compel denied by this Court.

(*Compare* ECF Doc. # 7444, *with* ECF Doc. ## 7546, 815, 8046.)  Others were filed in response

to various documents filed in these chapter 11 cases that do not concern Franklin.  (*See, e.g.*,

ECF Doc. ## 7395, 7602 (purported oppositions to motions made by the Debtors' parent

company Ally Financial Inc. to enforce the Court's orders imposing an injunction or lifting the

automatic stay); 7707, 8016 (purported oppositions to motions made by ResCap to enforce the

Court's orders pursuant to sections 105(a) and 363(b) of the Bankruptcy Code or to expunge

other creditors' claims); 7950, 8017 (purported oppositions to unspecified stipulations, which

Franklin failed to demonstrate a sufficient legal interest in to have standing to object (*see also*

ECF Doc. # 7953 (overruling Franklins opposition filed at ECF Doc. # 7950 for lack of

standing)); 7997, 8000, 8022, 8047, 8048 (purported oppositions or responses to various motions

to lift the automatic stay currently pending before the Court).)

WHEREAS, in each instance prior to or after the entry of the Divestiture Orders, the

papers Franklin has filed with the Court are substantially the same:  copied and pasted excerpts

from many cases wholly unconnected with these chapter 11 proceedings, an assertion that he is

owed money by the "debtor" (without specifying which of the Debtors) on account of a

"legitimate claim," that he has suffered "extreme hardship," and therefore expunging his claim

would be "unjust."

WHEREAS, this Court is authorized to impose sanctions pursuant to Federal Rule of

Civil Procedure 11 against litigants who knowingly file frivolous papers designed to harass other

parties or create unnecessary delay or cost in a matter.  *See Sathianathan v. Smith Barney, Inc.*,

No. 04 Civ. 7122 (DAB)(FM), 2006 WL 538152, at *32 (S.D.N.Y. Feb. 24, 2006).  This Court is

further authorized to restrict the activity of abusive litigants by way of the issuance of an

injunction.  *See, e.g.*, *In re Truong*, No. 09-11047 (MG), 2009 WL 2929261, at *7 (Bankr.

S.D.N.Y. Sept. 3, 2009) (citing *Abdul-Akbar v. Watson*, 901 F.2d 329, 332–33 (3d Cir. 1990);

*Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989); *In re Martin-Trigona*, 737 F.2d 1254,

1262 (2d Cir. 1984)).  Such "authority extends to *pro se* litigants."  *Sathianathan*, 2006 WL

3

538152, at *32.  "In deciding whether to issue a filing injunction, a court must determine

'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the

judicial process and harass other parties.'"  *In re Truong*, 2009 WL 2929261, at *7 (quoting *Safir*

*v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)).  The Second Circuit requires that the

following factors be considered in this analysis:  "(1) the litigant's history of litigation and in

particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's

motive in pursuing the litigation, e.g., whether the litigant have an objective good faith

expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the

litigant has caused needless expense to other parties or has posed an unnecessary burden on the

courts and their personnel; and (5) whether other sanctions would be adequate to protect the

courts and other parties."  *Safir*, 792 F.2d at 24.

WHEREAS, the Court enters this Order to show cause why the Court should not

determine Franklin to be a vexatious litigator and either impose sanctions or grant an injunction

enjoining future filings by Franklin in these chapter 11 proceedings.

NOW, THEREFORE, it is hereby

ORDERED, that Franklin shall show cause at a hearing to be held before the undersigned

bankruptcy judge on March 12, 2015, at 10:00 a.m., in Room 501 of the United States

Bankruptcy Court, located at the Alexander Hamilton Custom House, One Bowling Green, New

York, New York 10004, why the Court should not impose sanctions in an amount to be

determined by the Court pursuant to Federal Rule of Civil Procedure 11 or issue an injunction

enjoining Franklin from future filings in these chapter 11 proceedings;

12-12020-mg   Doc 8074   Filed 02/09/15   Entered 02/09/15 17:43:38   Main Document
Pg 5 of 5

ORDERED that, on or before 5:00 p.m., February 20, 2015, Franklin shall file a response to this Order explaining why cause exists such that the Court should not impose sanctions or issue a filing injunction against him;

ORDERED that, on or before 5:00 p.m., March 6, 2015, the Trust shall file a response to this Order and Franklin's response;

ORDERED that, counsel for the ResCap Borrower Claims Trust shall appear in person at the hearing on March 12, 2015.  Franklin, who appears in this case *pro se*, shall also appear in person at the hearing.

Dated:  February 5, 2014
    New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge