Charles T Clark
7404 Mesa De Arena NW
Albuquerque, NM 87120

In re:
Residential Capital, LLC, et al.,

Debtors

Case No. 12-12020

Chapter 11

February 10, 2015

Jointly Administered

The Honorable Martin Glenn
One Bowling Green
New York, NY 10004-1408
Chambers: (212) 284-4551
Courtroom: 501

Dear Judge Glenn,

I received a letter from Mr. Peter Kravitz, Trustee for the ResCap Borrower Claims Trust. (Attached and labeled A) In this letter, he informs me that I have two alternatives for resolution of my claim… either Litigation or Settlement. This seems highly irregular to me since Your Honor has already ruled that Debtors in my category are to receive 30.1% of the total claim amount. However, in Mr. Kravitz' letter, he is attempting to offer me a so called, "settlement" amount of $4000. My filed claim (#1188) amount is $19,712 and 30.1% is approximately $5933.

What I do not understand, is why Mr. Kravitz is allowed to circumvent or supersede Your Honor's authority since you have already ruled that certain debtors, like myself, would receive 30.1% of the claim amount, if deemed approved? Why is he allowed to offer this "settlement" deal in the first place? This seems "fishy" to me. And what happens to the almost $2000 I wouldn't receive? Does Mr. Kravitz pocket it? If so, this seems unethical or at least highly suspicious to me since he isn't representing me as council. Is he even allowed to make these kinds of deals?

I've already had fraud committed against me by GMAC when they sold my loan to a third party without first adjusting my mortgage amount to reflect the correct balance owed. (Attached documentation labeled B) That's right, they sold my mortgage for an inflated amount to Green Tree Servicing. If that's not fraud, I don't know what is! But now I have to be subjected to "offers" from an attorney that is almost $2000 less than what Your Honor has stipulated? If Your Honor has time, would you please explain how this sort of thing is legitimate? I would greatly appreciate it.

Thank you,
Chuck Clark

*Chuck Clark*

RECEIVED
FEB 17 2015
U.S. BANKRUPTCY COURT, SDNY

P.S. Also, if Your Honor would please examine my fraud allegation and let me know if you believe GMAC committed fraud and more importantly, if you feel it's right and just for me to have to pay back $19,712 when that check was never cashed.

**RESCAP BORROWER CLAIMS TRUST**
**29209 Canwood St. Suite 210**
**Agoura Hills, CA 91301**

February 5, 2015

VIA U.S. MAIL
Charles T. Clark
7404 Mesa De Arena NW
Albuquerque, NM 87120-1516

FOR SETTLEMENT PURPOSES ONLY
SUBJECT TO FRE 408

Re:   In re Residential Capital, LLC, et als.
      U.S. Bankruptcy Court, Southern District of New York
      Case No. 12-12020 (MG)
      Resolution of Proof of Claim No. 1188

Dear Claimant:

I am writing to you in my capacity as the Trustee for the ResCap Borrower Claims Trust. In connection with the Residential Capital, LLC Chapter 11 cases, you filed a proof of claim No. 1188 against Debtor GMACM in the amount of $19,712.00.

On December 11, 2013, the Bankruptcy Court presiding over the ResCap Chapter 11 cases confirmed the Debtors' Chapter 11 Plan (the "Plan") [Docket No. 6065] which established the ResCap Borrower Claims Trust ("Borrower Trust"). The Borrower Trust's responsibilities include reviewing, litigating and settling proofs of claim filed by Borrowers, such as you, as well as making monetary distributions to individuals whose proofs of claim are ultimately allowed. Your claim can be resolved through litigation or through a consensual settlement.

Litigation

The litigation track usually involves the Borrower Trust investigating and then filing an Objection to your claim. You then can oppose the Objection if you choose by filing a responsive pleading. The Borrower Trust can thereafter, if necessary, file a pleading to respond to your pleading. The Objection is then scheduled for a hearing and the Court rules on the objection. If the court denies the Borrower Trust's Objection, then typically the matter would be set for an actual trial. All of the pleadings, the hearing and the trial will be in the U.S. Bankruptcy Court, Southern District of New York in New York, New York.

As of December 12, 2014, the data for the Objections filed by the Debtors and the Borrower Trust and ruled on by the court reflects that 2,421 claims were objected to by the Debtors and the Borrower Trust and 2,324 of the filed Objections were granted by the Court. In other words, of the 2,421 claims subject to filed Objections, 2,324 of the claims were expunged and the claimant lost their right to receive a monetary distribution from the Borrower Trust. While an Objection has not yet been filed as to your claim, the Debtors and the Borrower Trust have been successful expunging 96% of the claims that were the subject of a filed claims Objection.

ny-1160465 v2

Settlement

Another method to resolve your claim is through a settlement. We are in the process of investigating the remaining unresolved claims such as yours ahead of filing an Objection. However, before filing an Objection to your claim and in furtherance of the Borrower Trust's claim reconciliation efforts, the Borrower Trust extends the following offer to resolve your proof of claim:

> *The Borrower Trust will agree to allow Claim No. 1188 against GMACM as a general unsecured claim in the amount of $4,000.00. This proof of claim will be treated as a Class GS-5 claim under the Plan, and you will receive a cash distribution under the Plan consistent with other creditors in Class GS-5 at a time to be determined in the sole discretion of the Borrower Trust.*

**This offer expires three (3) weeks from the date of this letter.**

Under the terms of the Plan, it is estimated that creditors with allowed claims against GMACM will receive distributions of approximately thirty cents on the dollar for their allowed claims (or, **for example**, approximately $3,000 cash for an allowed claim of $10,000).

**If you agree to this settlement offer**, kindly return a countersigned copy (all claimants must sign) to me in the stamped envelope enclosed herein before the expiration date, and the Borrower Trust will consider your signature(s) to represent a binding agreement between the parties and your proof of claim will be deemed Allowed (as such term is defined in the Plan) in the amount stated above.

**If you do not agree to this settlement offer**, then the Borrower Trust reserves the right to file an Objection to your claim with the Bankruptcy Court and ask that the claim be disallowed.

Should you have any questions about this offer, please contact Peter Kravitz by email, phone or mail as set forth below. Email is more efficient and will typically generate a more rapid response.

    Peter S. Kravitz, Trustee
    ResCap Borrower Claims Trust
    29209 Canwood St. Suite 210
    Agoura Hills, CA 91301
    Phone: 310-974-6351
    Email: admin@solutiontrust.com

Sincerely,

Peter S. Kravitz
Trustee, ResCap Borrower Claims Trust

ny-1160465 v2

Charles T. Clark
7404 Mesa De Arena NW
Albuquerque, NM 87120-1516

**Resolution of Proof of Claim No. 1188**

I/WE _____, ACKNOWLEDGE & AGREE TO RESOLVE PROOF OF CLAIM NUMBER(S) 1188 FOR AN ALLOWED GENERAL UNSECURED CLAIM AGAINST GMACM IN THE AMOUNT OF $4,000.00:

Dated: _____        Dated: _____

By: _____           By: _____
    Print Name                            Print Name


    _____               _____
    Signature                             Signature

ny-1160465 v2

## INTRODUCTION

Creditor, Charles T Clark, of Creditor's Proof of Claim filed on 1/7/2014 as claim # 1188 and in support thereof does state as follows:

## FACTS

1. Creditor/Claimant, Charles T Clark, did file a Proof of Claim on 1/7/2014 with a <u>secured amount</u> of $19,712 and listed *Second Mortgage Note* as the Basis for Claim.

2. In ResCap's Exhibit A filed 11/20/13, line 23, Claim # 1188, ResCap's incorrectly identifies the claim amount of $19,712 as "*General Unsecured*". This amount of $19,712 was included as part of a total loan amount and was <u>Secured by a Second Mortgage Loan on Charles T Clark's primary residential property.</u>

3. Charles T Clark did apply for and receive a Second Mortgage Loan from GMAC Mortgage, LLC (henceforth GMAC), *asserted debtor, ResCap* on or around March 9, 2007.

4. On or around April 20, 2007, Charles T Clark received a check by mail, in the amount of $19,712 paid to the order of CAPITAL 1 BK (Exhibit A). <u>This check was never cashed/rendered since the money was never owed. Charles T Clark wrote void on the check (Exhibit A) and sent it back with a letter attached (Exhibit B) to Kenneth Heller, a GMAC agent on or around June 21, 2007.</u>

5. On or around June 25, 2007, Charles T Clark did call and speak to Kenneth Heller who informed Charles T. Clark that Mr. Heller had received the voided check (Exhibit A).

6. Charles T Clark's GMAC account # (8685991781), Escrow # (3085088) was never credited the $19,712 amount to reflect the correct balance on or around July 1, 2007 even after numerous requests to do so.

7. Charles T Clark made numerous telephone calls and wrote several letters from about June 21, 2007 to about February 10, 2012 to GMAC representatives requesting that the account be credited $19,712 to reflect the correct amount owed on the loan. GMAC refused to comply.

8. Since June 22, 2012 to around October 5, 2012, Charles T Clark had been in contact with Susan Young, a GMAC agent, who told Charles T Clark that, "They (the GMAC refunds dept.) have advised me that the delays in refunding your money are due to the limited funds available due to our recent Bankruptcy filing."

9. Charles T Clark did inform Susan Young by telephone on or around October 4, 2012 that she and GMAC knowingly and willfully committed fraud when GMAC sold the account (# 8685991781) to green tree servicing LLC account (# 899560627) on or around March 1, 2012 for an <u>overstated amount of about $40,638.07 (Exhibit C) without deducting the $19,712 not owed in the loan amount.</u>

10. <u>Charles T Clark has been paying an inflated interest amount on an overstated loan amount of $19,712 over and above the true loan balance owned, since about July 1, 2007 to present.</u>

## STATEMENT OF LAW

A properly filed proof of claim constitutes "prima facie evidence of the validity and amount of the claim." Fed. R. Bankr. P. 3001(f). The Proof of Claim, if filed in accordance with Section 501 and the pertinent Bankruptcy Rules, constitutes prima facie evidence of the validity and amount of the claim pursuant to Federal Rule of Bankruptcy Procedure 3001(f) and Section 502(a). (In re Consolidated Pioneer Montg., 178 B.R. 222 (9th Cir. BAP 1995).

After an objection is raised, the objecting party bears the burden of going forward to produce evidence sufficient to negate the prima facie validity of the filed claim. In re Allegheny Intern. Inc., 954 F.2d 167, 173 (3rd Cir. 1992). The objecting party then has the burden of presenting additional sufficient evidence to "defeat the claim by probative force equal to that of the allegations of the proofs of claim themselves." In re Rally Partners, LP, 308 B.R. 165. 168-169 (Bankr. E.D. Tex. 2003). If the objecting party produces evidence sufficient to negate the validity of the claim, the ultimate burden of persuasion remains on the claimant to demonstrate by a preponderance of the evidence that the claim deserves to share in the distribution of the debtor's assets. Allegheny, 954 F.2d at 174; In re Holm. 931 F.2d 620, 623; 3 Lawrence P. King, Collier Bankruptcy & 502.02, at 502-22 (15th Ed. 1993).

## DISCUSSION

The Federal Rules of Bankruptcy Procedure provide that a proof of claim must (1) be in writing, (2) make demand on the debtor's estate, (3) express the intent to hold the debtor liable for the debt, (4) be properly filed, and (5) be based upon facts which would allow, as a matter of equity, to have the document accepted as a proof of claim." See FED. R. BANKR. P. 3001; *In re Armstrong*, 320 B.R. 97, 103-04 (Bankr. N.D. Tex. 2005). A proof of claim filed according to the Federal Rules of Bankruptcy Procedure is *prima facie* valid. The burden is on the Debtors to prove that they have no liability.

## CONCLUSION

I, Charles T Clark, request that all relief be granted to which I am entitled in law and equity.

Respectfully submitted, this 12th day of May, 2014.

Charles T Clark
7404 Mesa De Arena NW
Albuquerque, NM 87120
(505) 833-5081
chucktcl@hotmail.com



Exhibit A

**GMAC Mortgage, LLC**
Disbursement Clearing Trust Account
3200 Park Center Drive #150
Costa Mesa, CA 92626
(888) 337-4622

Comerica
Comerica Bank, CA
90-3752/1211

3215948

DATE  4/17/2007
AMOUNT  19,712.00
VOID AFTER 180 DAYS

Nineteen Thousand Seven Hundred Twelve Dollars

ESCROW NO.  3085088

PAY
TO THE ORDER OF  CAPITAL 1 BK
11013 W BROAD ST
GLEN ALLEN, VA 23060

Clark

Account No.529149237726

⑆3215948⑆ ⑈121137522⑈ 89161395⑈

---

ESCROW NO.  3085088

3215948
Check Amount: 19,712.00

4/17/2007   Funds due by you on above escrow
Buyer:  Charles T Clark
Seller:
Property:  7404 Mesa De Arena Northwest
Albuquerque NM 87120-1516
Comment:  Account No.529149237726

Mail To  CAPITAL 1 BK
11013 W BROAD ST
GLEN ALLEN, VA 23060

*[Please note that the financial numbers listed below are obsolete/invalid/closed and therefore not an invasion of privacy.]

Kenneth Heller
GMAC Mortgage
7 Carnegie Plaza
Cherry Hill, NJ 08003
856-810-6657

June 21, 2007

RE: Disbursements on Escrow No. 3085088

% Charles T Clark
7404 Mesa De Arena NW
Albuquerque, NM 87120-1516
505-833-5081

Dear Ken Heller,

Enclosed are the following three (3) "uncashed" and voided checks numbered 3215948, 3215951, and 3215952. Please credit my Escrow Account # 3085088 for the total of these unused checks and adjust my loan amount accordingly. Thank you for your attention concerning this matter. If you have any question or concerns, please contact me using my above contact information at your earliest convenience.

Sincerely,

*Charles T. Clark*
Charles T Clark

**GMAC Mortgage**

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

*Exhibit C*

02/15/12

428853-000965

CHARLES T CLARK

7404 MESA DE ARENA NORTHWEST

ALBUQUERQUE NM 87120-1516

|||||||||||||||||||||||||||||||||

GMAC Mortgage, LLC                    Acct Number: 8685991781
GREEN TREE SERVICING LLC              Acct Number: 89956062

Property Address:    7404 MESA DE ARENA NORTHWEST

                     ALBUQUERQUE NM 87120-1516

Dear CHARLES T CLARK

Effective 03/01/12, the servicing of the above referenced
account, that is, the right to collect payments from you, is
being assigned, sold, or transferred from
GMAC Mortgage, LLC                          to
GREEN TREE SERVICING LLC          . The assignment, sale, or
transfer of servicing does not affect the terms or conditions of
your mortgage documents/security instruments, other than the
terms directly related to the servicing of your account.

Your present servicer is GMAC Mortgage, LLC                .
Prior to 03/01/12, any questions regarding your account should be
directed to our Customer Care Department at 800-766-4622.

Your new servicer will be GREEN TREE SERVICING LLC          .
Beginning 03/01/12, any questions you have regarding your account
should be directed to GREEN TREE SERVICING LLC         . You
can contact their Customer Service Department at 800-643-0202.
Also beginning 03/01/12, written inquiries regarding your account
should be directed to GREEN TREE SERVICING LLC           's
Customer Service Department at the address below.

            GREEN TREE SERVICING LLC
            P.O. BOX 6172
            RAPID CITY          SD 57709-6172



02/15/12
Account Number 8685991781
Page Three

disbursements and balances for the period of time we serviced your account since your last escrow analysis. The transferring escrow balance will be reflected on this statement.

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of the transfer. Your new servicer must also send you this notice no later than 15 days after the effective date of transfer.

If you have filed for bankruptcy or have been discharged of your personal liability for repayment of this debt, be advised this is for informational purposes only. Furthermore, this is not an attempt to collect on the debt and should not be misconstrued to be so.

You should be aware of the following information, which is set out in more detail in Section 6 of the Real Estate Settlement Procedures Act (RESPA) (12 USC 2605):



   During the 60 day period following the effective date of the transfer of the account servicing, a payment received by your old servicer, before its due date, may not be treated by the new servicer as late, and a late fee may not be imposed on you.

   Section 6 of RESPA (12 USC s2605) gives you certain consumer rights. If you sent a "qualified written request" to your servicer concerning the servicing of your account, your servicer must provide you with a written acknowledgment within 20 business days of receipt of your request. A "qualified written request" is written correspondence, other than notice on a payment coupon or other payment medium supplied by the serivcer, which includes your name, account number, and reason for the request.

   No later than 60 business days after receiving your request, your servicer must make appropriate corrections to your account, and must provide you with a written clarification regarding any dispute. During this 60 business day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request. However, this does not prevent the servicer from initiating foreclosure if proper grounds exist under the mortgage documents/security instruments.

   A "business day" is a day on which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

*[Please note that the financial numbers listed below are obsolete/invalid/closed and therefore not an invasion of privacy.]

RE:    Account # 8685991781                                                          Date: 10/6/2012

Charles T. Clark
7404 Mesa De Arena NW
Albuquerque, NM 87120

I applied for and received a second mortgage loan on or around March, 2007.

On or around April 17, 2007, I received a check in the amount of $19,712 paid to the order of Capital One Bank (see attachment #1). This check was never cashed since the money was never owed. I wrote void on the check and sent it back to Kenneth Heller, a GMAC agent at the time this loan was established. However, my account (8685991781) Escrow # (3085088) was never credited to reflect the corrected balance.

I have been trying for years to get this matter resolved but have not been able to get GMAC to credit my account or issue the funds in the form of a check to me. And even though I requested that GMAC not transfer my account to a third party (Green Tree) until this matter is resolved, they did it anyway. Since June 23, 2012, I have been in contact with Susan Young a GMAC agent who has recently told me that, "They [area responsible for refunds] have advised me that the delays are due to the limited resources available due to our recent Bankruptcy." She went on to state that this area requires further documentation to prove no money is owed to Capital One. I believe this is a tactic GMAC is attempting to use to further delay my request for funds due me. I explained to Ms. Young that I disputed this account as "not mine" with Capital One in June 2005. Capital One did not object or file suit against me after I told them that I was a victim of identity fraud in 2004. I went on to explain to Ms. Young that since the statute of limitations has run out, this alleged debt is "zombie" debt or "junk" debt and cannot be collected on by definition. Therefore, no further proof is required as a matter of law.

Thank you,

_Charles T. Clark_ (signature)

Charles T. Clark