

Michael E. Boyd
5439 Soquel Drive
Soquel, CA 95073
Phone: (408) 891-9677
E-mail: michaelboyd@sbcglobal.net
*In Pro Per*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

# AMENDED[1] OPPOSITION OF MICHAEL BOYD SECURED CREDITER TO MOTION OF THE RESCAP LIQUIDATING TRUST FOR FINAL DECREE CLOSING CERTAIN JOINTLY ADMINISTERED CHAPTER 11 CASES, RESCAP BORROWER CLAIMS TRUST'S EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS), AND COUNTER MOTION TO HOLD CASE IN ABEYANCE DURING PENDENCY OF ADMINISTRATIVE CLAIM BEFORE US TREASURY DEPARTMENT

## INTRODUCTION

On behalf of and as Trustee to my living trust estate, the Michael Boyd and Patricia Paramoure Living Trust, Michael Boyd, respectfully files this Answer in Opposition to the *ResCap Borrower Claims Trust's Motion for Final Decree Closing Certain Jointly Administered Chapter 11 Cases* ("*Motion*"), filed February 10, 2015, and the *ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims)*, filed January 29, 2015. Claimant #960 answers in opposition to the *Motion*, the *Omnibus Objection*, and request relief in the form of a stay on further Claims before this Court during the pendency of Claimant's administrative "class claim" before the Department of the Treasury Tort Claims Office received by U.S. Mail on January 28, 2015.

---

REV. ANSWER IN OPPOSITION TO OMNIBUS OBJECTION
REQUEST FOR STAY BY SECURED CLAIMANT#960

Purportedly the ResCap Liquidating Trust (the "Liquidating Trust"), successor in interest to the debtors (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), filed the Motion for the issuance of a final decree in substantially the form annexed hereto as Exhibit 1 (the "Final Decree") closing the Chapter 11 Cases of the Debtors listed on Annex A to the Final Decree (the "Closing Debtors"). [Doc 8107, page 7] In support of this Motion, the Liquidating Trust represents as follows in their Preliminary Statement at paragraph 3.

> No creditor will be adversely impacted by closing the Chapter 11 Cases of the Closing Debtors because their claims will survive, pursuant to the Plan, against the relevant Debtor Group, and distributions will continue to be made by the Liquidating Trust or Borrower Claims Trust, as applicable, to all creditors pursuant to the terms of the Plan. Further, none of the Closing Debtors are party to any affirmative litigation, and recoveries to creditors will not be affected by granting the relief sought herein. [Doc 8107, page 8]

Claimant #960 respectfully disagrees and objects to the Motion on that basis. The Motion is filled with speculative and unsupportable factual statements, these are just a few:

> The Liquidating Trust or the Borrower Claims Trust as appropriate will make all distributions to holders of Allowed Claims against any of the Closing Debtors and resolve any Disputed Claims against the Closing Debtors. Further, none of the Closing Debtors are party to any affirmative litigations. Accordingly, no creditor will be harmed by the relief sough herein, because the Liquidating Trust or Borrower Clams Trust, as applicable, will make distributions on allowed claims (or claims allowed in the future) as provided for in the Plan." [Doc 8107, page 13]

> "Entry of the Final Decree is thus appropriate here because the Chapter 11 Cases of the Closing Debtors have been "fully administered" within the meaning of section 350(a) of the Bankruptcy Code. Specifically:
> ☐ no payments will need to be made by the Closing Debtors on account of Allowed Claims in their cases; and

---

[1] This amendment is to correct typos and add an addendum to Attachment 1, the January 28, 2015 signature showing receipt of the Department of the Treasury Tort Claims Office at 1500

-2-

☐ there will be no open adversary proceedings or contested matters pending before the Court in the Closing Debtors' cases. [²]3

Closing the cases at issue will benefit the estates and Court by reducing the costs and burdens attendant to keeping open the cases of the Closing Debtors where no further relief will be required for the administration of the Closing Debtors' estates. " [Doc 8107, page 13-14 excerpted]

On January 28, 2015 the Department of the Treasury Tort Claims Office at 1500 Pennsylvania Avenue, NW Washington, D.C. 20220 received Claimant's administrative Tort "class claim" by U.S. Mail service. [See Attachment 1] Based on this Tort Claim, Claimant contends the burden of proof has shifted from Claimant to the Debtors [aka U.S. Treasury] to demonstrate their actions are not based on an unconstitutional animus to borrowers' refunds.

This claim states, in part

My claim is because my house in Soquel CA and Duplex in Sunnyvale CA are being taken by GMAC, AKA ResCap. AKA 74% Owned by Treasury Department through TARP and I am making payments for property that the government defrauded of. Now I didn't know about this until after Jan 30, 2013 when this the Special Inspector General for TARP put out his report. .. See http://www.sigtarp.gov/Audit%20Reports/Taxpayers_GMAC.pdf I filed this lawsuit against the Treasury Department Case 1:11-cv-02128-JEB Document 1 Filed 11/28/11 http://www.calfree.com/Stimulus%2520Complaint.pdf

The stated basis for the claim

This claim is against Treasury's retaliation for protected Free Speech and the unconstitutional animus of government to refunds. [… …] Because of the FTCA I can not sue the Treasury without filing this claim first and it being denied. My two

---

Pennsylvania Avenue, NW Washington, D.C. 20220 of Claimant's administrative Tort "class claim" by U.S. Mail service. [See Attachment 1 for proof of receipt signed for by: C GENTRY]
² 3As of the date hereof, there is one open adversary proceeding in which all of the Debtors are plaintiffs. However, simultaneously herewith, the Liquidating Trust is filing a motion to voluntarily dismiss the open adversary proceeding, Residential Capital, LLC, et al. v. Allstate Ins. Co., et al., Case No. 12-01671 (MG).

properties are worth around a million each and GMAC has extorted around half a million dollars in payments for a total personal and property injury of compensatory value of $2,500,000 for direct losses. I only have until 3/22/2015 to file for a writ of certiorari to US Supreme Court so if Treasury doesn't answer this Claim before 3/15/2015 claim goes to $10,000,000 based on Unconstitutional Animus.

On January 29, 2015 the *ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims)* [Doc 8042] Claimant alleges this action was taken in direct retaliation for engaging in protected Free Speech, the right to petition the government for grievances, i.e., Claimant's January 28, 2015 Department of the Treasury Tort Claims Office "class claim". Claimant claims a "class" of seventy two million like situated United States borrowers, based on "$10,000,000 based on Unconstitutional Animus".

Claimant previously stated in his June 20, 2014 Objection to Motion /Objection and Opposition to Motion (related document(s) 7036) filed by The Michael Boyd and Patricia Paramoure Living Trust, ("objection") [Doc 7146, page 10]

> It turns out, the foreclosure crisis, which started and keeps fueling our economic crisis, began over 20 years ago with banks getting federal laws changed to enable them to increase their private gains. They have been defrauding almost everyone possible. Banks began this cycle of fraud by lying to investors (i.e., our Pension Funds) about the Mortgage Backed Securities they sold. All loans in these securitized pools were created to explode/fail, unbeknownst to investors and insurers. Borrowers were forced to refinance prior to loan "explosion/fail dates," which was exactly why banks created loans like that. Banks then kept all loan ownership records in MERS, a Members Only private database, hiding these records from everyone else. Banks used these loans/notes as collateral for short-term lines of credit instead of transferring the notes to the Mortgage Backed Securities they sold, creating great wealth for themselves, but defrauding both the investors and the IRS. As this scheme began to come apart, banks set up investment departments to "short" the Mortgage Backed Securities they sold, generating additional huge profits for themselves while everyone else lost money.

> Then banks fraudulently and illegally faked loan ownership paperwork, which they recorded to enable them to foreclose on homes whose loans they did not own (dismissively termed "robo-signing"). Our County Recorder's Offices records are now filled with fraudulent paperwork, jeopardizing ownership for all properties and owners caught in this fraud - *which turns out to be **as many as 72,000,000 properties**.* [***Emphasis*** added]

That equated to seven hundred and twenty trillion US dollars. Claimant's evidence is that Unconstitutional Animus against borrower refunds, as a class, as the basis [motive] for the *ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection* animus, since once again the same claimed basis is "*Res Judicata*" [Doc 8042-2, page 6] and this is despite Claimant's outstanding rights to petition, i.e., the failure to exhaust all other remedies first. *Res Judicata* still does not apply to his claims before this Court because of his failure to exhaust all his available remedies [administrative and judicial] due to his right to file a *Writ of Certiorari* to the U.S. Supreme Court, and additionally because of the pendency of Claimant's administrative Tort "class claim" before the U.S. Treasury Department based on its previous and ongoing unconstitutional animus of U.S. Treasury [aka ResCap] to refunds.

On January 30, 2015 this unlawful motive became more transparent to this Court once it received Claimant's provided cover letter and a copy of the Department of the Treasury Tort Claim. [Doc 8065] This letter attempted in good faith to make clear to the Court that the basis for the claim against ResCap "My claim alleges there is a pattern and practice of the US Treasury acting in retaliation for Claimant's exercise of his protest rights exercised under the First Amendment to the United States Constitution, including but not limited to the right to freedom of speech and the right to petition the government for redress of grievances, and have acted to burden, deter and/or chill the exercise of such free speech rights therein. Claimant alleges there is a pattern and practice of the Respondents engaging in Actions based on an unconstitutional animus, as opposed to a spirit of cooperation free from bias. Claimant, engaged in protected speech, and that the speech was a substantial or motivating factor in an adverse decision taken by the US Treasury Dept. [aka ResCap][3] *See Hynes v. Squillace,* 143 F.3d 653, 658 (2d Cir.1998).[4] "

---

[3] http://www.calfree.com/Stimulus%2520Complaint.pdf
[4] http://scholar.google.com/scholar_case?case=7805881731673399158&

Subsequently to receiving its copy on January 30, 2015 of the Claimant's provided cover letter and a copy of the Department of the Treasury Tort Claim on February 10, 2015 to this Court, the *ResCap Borrower Claims Trust's Motion for Final Decree Closing* was filed. Claimant further alleges this is evidence of the ResCap Borrower Claims Trust's attempts to cover their tracks for their unlawful government sponsored seven hundred and twenty trillion US dollars Ponzi scheme which threatens to destroy our world's economies, based on this same previous, and ongoing unconstitutional animus of U.S. Treasury [aka ResCap] to refunds.[5]

**Statement of Facts**

I am not an Attorney, but a Borrower, with pending litigation challenging two of GMAC's no-note Debtor claims against me. GMAC's unlawful acts caused me to file Chapter 13 Bankruptcy in December 2011, prior to ResCap [AKA GMAC LLC] filing Chapter 11 Bankruptcy. So my claims against GMAC LLC are pre-petition for bankruptcy by GMAC LLC. My claim number is 960 and was for $186,000 at the time it was filed.[6] The amount that I alleged to be defrauded of has increased substantially over that original amount, under my Court approved Bankruptcy Plan. [See Exhibit 1, Court Document 7146.] I still seek the court to return my estate to my living trust and the refund of my payments to GMAC LLC, their successor servicer Ocwen LLC, and a refund of funds paid to my bankruptcy Trustee, due to GMAC LLC's scienter [7] to defraud me of my estate and my money. While not aware of any other claimant borrower with similar circumstances to my own [with two of GMAC's no-note Debtor claims] with additional unique circumstances as I describe in my claim, and based on recent retaliatory actions taken in response to my exercise of free speech rights by the government it appears that it could be reasonably foreseeable that Claimant's case is the rule of law [not a unique exception to the rule] shared by

---

[5] Galatians 6:7-9 "Do not be deceived, God is not mocked; for whatever a man sows, this he will also reap. For the one who sows to his own flesh will from the flesh reap corruption, but the one who sows to the Spirit will from the Spirit reap eternal life. Let us not lose heart in doing good, for in due time we will reap if we do not grow weary...."

[6] See http://www.kccllc.net/rescap/creditor/search using that claim number 960 and my claim's link is as follows: http://www.kccllc.net/rescap/document/1212032120824150612002131

[7] Scienter--Scienter is a legal term that refers to intent or knowledge of wrongdoing. This means that an offending party has knowledge of the "wrongness" of an act or event prior to committing it.

as many as seventy two million borrowers. On December 22, 2014 the 9th Circuit Denied Rehearing.[8]

On October 29, 2012 Claimant filed his appeal before the U.S. Court of Appeals for the 9th Circuit in Case# 12-17434 *Michael Boyd v. GMAC Mortgage LLC, et al.* On September 11, 2011, Claimant filed litigation in USDC, Northern District of CA, Case No 5:11-CV-05018, for "unconscionability contract and adhesion to real property." Claimant's appeal arose out of his, before <u>Magistrate</u> Judge Paul Singh Grewal, Cause: 15:1601, Truth in Lending. The claims in the complaint were to invalidate/contest the liens on the property that were being serviced by the Debtors. The case was dismissed with prejudice on August 22, 2012 by Order Granting Defendants' Motion to Dismiss Plaintiffs First Amended Complaint. Claimant appealed the District Court's decision to the USCA, 9th Circuit, Case No 12-17434. The Ninth Circuit affirmed, by an unpublished Memorandum, the district court's order dismissing the case on August 22, 2014.

On June 20, 2014 Claimant filed with the Court Document 7146, Objection to Motion /Objection and Opposition To Motion (related document(s)7036) filed by The Michael Boyd and Patricia Paramoure Living Trust, ("objection").

On September 17, 2014 Debtors filed the *ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "*Omnibus Objection*") which included [at Doc 7552-2 pp 45-46] again, a disallowance of the Claim 960, on the basis of "*Res Judicata*", with "No Liability Summaries".

In the Court's December 11, 2014, *Memorandum Opinion and Order Overruling the Rescap Borrower Claims Trust's Objection to Claim No. 960 Filed by Michael Boyd* it states:
> "Boyd argues correctly (and the Trust concedes) that the judgment dismissing the California Action is not final, and therefore *res judicata* does not apply on the basis of such dismissal, because Boyd's Petition for Rehearing remains pending. (*See* Opp. at 4; Reply ¶ 19.)" [Doc. 7859, page 3, 1st paragraph]

---
[8] See http://www.calfree.com/12-17434rehearing_denied.pdf

As Claimant explains in more detail in his arguments, *res judicata* still does not apply to his claims before this Court because of his failure to exhaust all his available remedies due to his right to file a *Writ of Certiorari* to the U.S. Supreme Court, and additionally because of the pendency of Claimant's administrative Tort "class claim" before the U.S. Treasury Department based on its previous and ongoing unconstitutional animus of U.S. Treasury [aka ResCap] to refunds.

In the Court's December 11, 2014, *Memorandum Opinion and Order Overruling the Rescap Borrower Claims Trust's Objection to Claim No. 960 Filed by Michael Boyd* it states:

> The remainder of Boyd's arguments make very little sense. He invokes "his First Amendment rights to judicial review [right to petition for grievances against the government, AKA ResCap] under the **Supreme Clause**." (*See* Opp. at 4.) Boyd appears to argue that the Debtors are majority-owned by the United States government, their actions are thereby executive or legislative acts, and this Court has a mandate to review such acts for Constitutional infringements. (*See id.*) Boyd also asserts that it is unclear how *res judicata* applies due to confirmation of his Chapter 13 Plan, noting that he filed for bankruptcy protection before the Debtors filed their chapter 11 cases. (*See id.* at 4–5.) [Doc. 7859, page 3, 2nd paragraph]

On January 28, 2015 the Department of the Treasury Tort Claims Office at 1500 Pennsylvania Avenue, NW Washington, D.C. 20220 received Claimant's administrative Tort "class claim" by U.S. Mail service. [See Attachment 1 for proof of receipt signed for by: C GENTRY]

On January 29, 2015 the *ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims)* [Doc 8042]

### Answer to Objections, Opposition, and Arguments

Answer to *Omnibus Objection* first, due to the pendency of Claimant's outstanding claims, and because of his failure to exhaust all his available remedies, due to his right to file a Writ of Certiorari to the U.S. Supreme Court, and additionally because of the pendency of Claimant's administrative Tort "class claim" before the U.S. Treasury Department, Debtors disallowance of the claim on the basis of "Res Judicata" is premature.

In the Court's December 11, 2014, *Memorandum Opinion and Order Overruling the Rescap Borrower Claims Trust's Objection to Claim No. 960 Filed by Michael Boyd* it states "The remainder of Boyd's arguments make very little sense. He invokes "his First Amendment rights to judicial review [right to petition for grievances against the government, AKA ResCap] under the **_Supreme Clause_**." (*See* Opp. at 4.)" By this Claimant clarifies his meaning by stating Claimant was attempting to invoke his First Amendment rights to judicial review [right to petition for grievances against the government, AKA ResCap] under the **_Supremacy Clause_**.

As claimant pointed out at page 8 line 24 of his June 20 objections the Petitioner ResCap is "74% owned by taxpayers" which is relevant to the separation of powers, the political doctrine of constitutional law under which the three branches of government (executive, legislative, and judicial) are kept separate to prevent abuse of power. Also known as the system of checks and balances, each branch is given certain powers so as to check and balance the other branches.

Under this doctrine Judicial Review is the idea, fundamental to the US system of government that the actions of the executive and legislative branches of government are subject to review and possible invalidation by the judicial branch. Judicial review allows the Supreme Court to take an active role in ensuring that the other branches of government abide by the constitution. Judicial review was established in the classic case of *Marbury v. Madison*, 5 US 137 (1803).

A court's authority [including this one's] is to examine an executive or legislative act and to invalidate that act if it is contrary to constitutional principles. The power of courts of law to review the actions of the executive and legislative branches is fundamental to judicial review. Though judicial review is usually associated with the U.S. Supreme Court, which has ultimate judicial authority, it is a power possessed by most federal and state courts of law in the United States. In the United States, the supremacy of national law is established by Article VI, Clause 2, of the U.S. Constitution. Called the Supremacy Clause, it states that "This Constitution, and the laws of the United States which shall be made in pursuance thereof ... shall be the supreme law of the land."

It still is unclear to Claimant how Debtors objection is relevant to Debtors disallowance of the claim on the basis of "*Res Judicata*". Irrespective of the fact "Claimant affirmed the liens, as the

Plan provides that all arrears on the loans will be paid and Claimant will make ongoing payments on the loans" this should in no way diminish Claimant's right to this Court's review of his Claim on the basis of the facts before it now. Claimant filed bankruptcy protection before the Debtors did, so now the Debtors want to abuse the process for their advantage, which by itself should be improper, but for the government [AKA ResCap] to do so violates the Constitution.

Claimant's bankruptcy, like the Debtors', is voluntary, the fact Claimant's affirmed the liens, as the Plan provides, does not diminish Claimant's rights before the US bankruptcy Court, nor the US Supreme Court, nor in his administrative "class claim" before the Department of the Treasury Tort Claims Office. The fact that Debtors are 74% owned by the federal government, should diminish Debtors rights and should also entitle these matters to a higher [not lower] standard of review pursuant to the Supremacy Clause, since in ResCap's [Aka the Government's] filing in my bankruptcy, the Debtors misrepresented the contents of their proof of claims to this Bankruptcy Court, what Mr. Paatalo characterized as "Dubious endorsements", as well as misrepresented the facts regarding "all payments 'due' on the debts are being timely paid to, and received by, the certificate holders /investors in the HVMLT 2007-4 Trust during the pendency of the Boyd bankruptcy."

According to the Affidavit of William J. Paatalo, whose expert analysis states in regard to, ResCap's [Aka the Government's] proof of claims before this bankruptcy Court, it states [see Affidavit of William J. Paatalo page 4 line 25 to page 5 line 11.] "Furthermore, the Notes for each loan that were attached to the proof of claims during the Boyd Bankruptcy (U.S. BK Ct. No. Dist. CA – Case No. 11-61311-SLJ) do not contain endorsements as required in the HVMLT 2007-4 Trust Agreement, as no endorsements appear on the 'face' of either document. Dubious endorsements, one of which is illegible, are provided on blank sheets of paper that have no connection to the notes. .. b. The Boyd debts, which appear in 'Bankruptcy' status as of 10/14/2014 within the HVMLT 2007-4 Trust are not in default. All payments 'due' on the debts are being timely paid to, and received by, the certificate holders /investors in the HVMLT 2007-4 Trust during the pendency of the Boyd bankruptcy".

Mr. Paatalo's analysis goes on to explain the reasoning for his findings in regards to the proof of claims and payments issues with reference to his provided exhibits to provide supporting

evidence for his findings are described in more detail at pages 7 line 19 through to page 10 line 7 of the Affidavit of William J. Paatalo.

### Conclusions and Requests for Relief

Wherefore, for the reasons and proof presented, I respectfully request the court deny and overrule the *ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection to Claims* (the "*Omnibus Objection*") filed January 29, 2015 as to Claim 960, deny the *ResCap Borrower Claims Trust's Motion for Final Decree Closing Certain Jointly Administered Chapter 11 Cases* filed February 10, 2015, and in the alternative the Court grant Claimant's claim on the basis of the facts and evidence presented, and grant the requested relief in the form of a stay on further Claims before this Court during the pendency of Claimant's administrative "class claim" before the Department of the Treasury Tort Claims Office received by U.S. Mail on January 28, 2015, or any other relief the Court finds appropriate.

Also, I respectfully request the incorporation of requested additional Attachment 1 hereto be incorporated herein.

God Bless MB

/s/   Michael E. Boyd
Michael E. Boyd
5439 Soquel Drive
Soquel, CA 95073
Phone: (408) 891-9677
E-mail: michaelboyd@sbcglobal.net

DATED: February 19, 2015

### Affidavit of Michael Boyd

I affirm under penalty of perjury that the above is true and correct. Executed on February 19, 2015 at Soquel, California.

/s/   Michael E. Boyd
Michael E. Boyd
5439 Soquel Drive
Soquel, CA 95073
Phone: (408) 891-9677
E-mail: michaelboyd@sbcglobal.net

**Attachment 1**

Tracking Number: EK596886163US

DELIVERED

Updated Delivery Day: **Wednesday, January 28, 2015**
Scheduled Delivery Day: Tuesday, January 27, 2015, 12:00 pm
**Money Back Guarantee**
Signed for By: C GENTRY // WASHINGTON, DC 20220 // 4:14 am

## Product & Tracking Information

Postal Product:          Features:
Priority Mail Express 1-Day    PO to Addressee         Return Receipt
                         Up to $100 Insurance Included
                         Restrictions Apply

| DATE & TIME | STATUS OF ITEM | LOCATION |
|---|---|---|
| January 28, 2015, 4:14 am | Delivered | WASHINGTON, DC 20220 |

Your item was delivered at 4:14 am on January 28, 2015 in WASHINGTON, DC 20220 to TREASURY 20220 PO. The item was signed for by C GENTRY.

| | | |
|---|---|---|
| January 27, 2015, 10:55 am | Available for Pickup | WASHINGTON, DC 20220 |
| January 27, 2015, 10:53 am | Arrived at Post Office | WASHINGTON, DC 20018 |
| January 27, 2015, 8:15 am | Arrived at USPS Facility | WASHINGTON, DC 20071 |
| January 26, 2015, 10:35 pm | Departed USPS Facility | SAN JOSE, CA 95101 |
| January 26, 2015, 3:32 pm | Arrived at USPS Origin Facility | SAN JOSE, CA 95101 |
| January 26, 2015, 3:15 pm | Departed Post Office | SOQUEL, CA 95073 |
| January 26, 2015, 2:41 pm | Arrived at USPS Origin Facility | SOQUEL, CA 95073 |

## Available Actions

Proof of Delivery

Text Updates

Email Updates

- 12 -

REV. ANSWER IN OPPOSITION TO OMNIBUS OBJECTION
REQUEST FOR STAY BY SECURED CLAIMANT#960

## Attachment 1

### Text Only

Tracking Number: EK596886163US
**delivered**
- Updated Delivery Day: Wednesday, January 28, 2015
- Scheduled Delivery Day: Tuesday, January 27, 2015, 12:00 pm
- Money Back Guarantee
- Signed for By: C GENTRY // WASHINGTON, DC 20220 // 4:14 am

**Product & Tracking Information**
**Postal Product:**
- Priority Mail Express 1-Day™

**Features:**
  - PO to Addressee
  - Return Receipt
  - Up to $100 insurance included
  Restrictions Apply Priority Mail Express Insurance info icon

| Date & Time | Status of Item | Location |
|---|---|---|
| January 28, 2015, 4:14 am | Delivered | WASHINGTON, DC 20220 |

Your item was delivered at 4:14 am on January 28, 2015 in WASHINGTON, DC 20220 to TREASURY 20220 PU. The item was signed for by C GENTRY.

| Date & Time | Status of Item | Location |
|---|---|---|
| January 27, 2015, 10:55 am | Available for Pickup | WASHINGTON, DC 20220 |
| January 27, 2015, 10:29 am | Arrived at Post Office | WASHINGTON, DC 20018 |
| January 27, 2015, 8:15 am | Arrived at USPS Facility | WASHINGTON, DC 20074 |
| January 26, 2015, 10:55 pm | Departed USPS Facility | SAN JOSE, CA 95101 |
| January 26, 2015, 3:32 pm | Arrived at USPS Origin Facility | SAN JOSE, CA 95101 |
| January 26, 2015, 3:15 pm | Departed Post Office | SOQUEL, CA 95073 |
| January 26, 2015, 2:41 pm | Arrived at USPS Origin Facility | SOQUEL, CA 95073 |
| January 26, 2015, 2:23 pm | Acceptance | SOQUEL, CA 95073 |

REV. ANSWER IN OPPOSITION TO OMNIBUS OBJECTION
REQUEST FOR STAY BY SECURED CLAIMANT#960

**Attachment 1**

**Addendum**

USPS Tracking Intranet                                                                 Page 1 of 2

# Product Tracking & Reporting

Home    Search    Reports    Manual Entry    Rates/Commitments    PTR

**USPS Tracking Intranet**

**Delivery Signature and Address**

Tracking Number: EK59 6886 163U S

This item was delivered on 01/28/2015 at 04:14:00

< Return to Tracking Number View



Enter up to {0} items separated by commas.

https://pts-2.usps.gov/pts2-web/tcIntranetTrackingNumResponse/deliverySignatureAndAd...    2/19/2015

- 14 -

REV. ANSWER IN OPPOSITION TO OMNIBUS OBJECTION
REQUEST FOR STAY BY SECURED CLAIMANT#960