ROSALES DEL ROSARIO, P.C.
39-01 Main Street, Suite 302
Flushing, NY 11354
T: (718) 762-2953
John B. Rosario

*Counsel for claimant Martha Panaszewicz*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC., et al.,<br><br>        Debtors. | Case No. 12-120-20 (MG)<br><br>Chapter 11<br>Jointly Administered<br><br>**RESPONSE IN OPPOSITION**<br>to ResCap Liquidating Trusts<br>Seventy-Ninth Omnibus Claims<br>Objection<br>(Re: Claim No 7466) |

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

Herein claimant MARTHA PANASZEWICZ, through counsel, interposes her opposition to ResCap Liquidating Trust's Seventy-Ninth Omnibus Claims Objection as it relates to Claim No. 7466 and in connection herewith submits that:

PREFATORY STATEMENT

1.      ResCap Liquidating Trust (ResCap), as successor in interest to the Debtors in these bankruptcy proceedings, wants the Court to disallow and expunge Claim No. 7466 for having been filed after the Administrative Claim Bar Date. Claimant hereby vehemently opposes the relief ResCap seeks because:

      a.   She was not timely served with Notice of Administrative Claim Bar Date;

    b.   Her failure to seasonally file her claim was due to excusable neglect; and

    c.   She has caused the institution of an informal proof of claim prior to the bar date.

Wherefore, Claimant respectfully prays that her claim be deemed as timely filed in these bankruptcy proceedings and allowed to pursue the same claim as an administrative expense under Section 503(b)(1)(A) of the Bankruptcy Code.

<u>SUMMARY OF PERTINENT FACTS</u>

2.      Claimant owned and resided in a house located at 89 Belle Avenue, San Francisco, California 94132. She purchased the real property in 2007 with a promissory note in the amount of $440,000 secured by a Deed of Trust on the Property. GMAC Mortgage, LLC (GMAC), one of the enumerated debtors herein, was the mortgage servicer and assignee of the original loan; another debtor, Residential Funding Company, LLC (RFC), later became an assignee of the Deed of Trust.

3.      Claimant fell behind in her payments on the mortgage. On February 23, 2012, she received a loss mitigation letter from a GMAC officer, Mr. George Lee, stating GMAC would like the opportunity to work with her on establishing a workout solution for her account. The letter included a "workout package," consisting of forms she was to complete and return to GMAC.

4.      A Notice of Default and Election to Sell Under Deed of Trust was recorded in July 2012, after the present bankruptcy proceedings commenced. Alarmed by this development, Claimant's children, Mariluz Ragasa and Ian Panaszewicz, took it upon themselves to represent their aging mother in actively pursuing the loan workout

solution GMAC had offered through Mr. Lee but despite the ongoing negotiations, the then trustee still recorded a Notice of Trustee's Sale, setting a sale date of November 20, 2012.

5.     On the same day that Notice was recorded, Mariluz and Ian agreed (in Claimant's behalf) with GMAC (through Mr. Lee) on a workout solution. They sent a completed set of the required documents together with letters requesting that the trustee's sale be postponed. In a phone conversation on October 30, 2012 Mariluz reiterated their request for a delay while the loan workout was being finalized to which "Mr. Lee . . . replied by saying to Mariluz 'don't worry about it, you don't need it".

6.     Claimant took Mr. Lee's statements to mean the sale was going to be postponed and she desisted from instituting other legal means to protect her interest in her house because she relied on Mr. Lee's assurances.

7.     Mr. Lee later informed Mariluz the documents she and Ian had previously sent in their mother's behalf were the old forms and instructed them to submit new filled-up ones using the forms in GMAC's website. Mariluz complied with these instructions and faxed the new documents to Mr. Lee on November 1, 2012 she refaxed the complete set on November 19, 2012 when Mr. Lee failed to acknowledge receipt.

8.     In the morning of November 20, 2012, Claimant was surprised to notice several carloads of people arriving at and asking about the property. Mariluz immediately tried getting in touch with Mr. Lee but was unable to do so until around 1:00 PM at which time Mr. Lee told her the sale was not going to be postponed.

9.      RFC was the foreclosing beneficiary in the trustee's sale.

10.     Deeply aggrieved by GMAC and RFC's wrongful acts in foreclosing on

her house notwithstanding ongoing negotiations on a workout solution and Mr. Lee's

statements that the sale would be postponed, Claimant was constrained to file suit before

the San Francisco Superior Court on January 28, 2013 to annul the sale and to seek

damages for promissory stoppel from GMAC, FRC and various John Does. A copy of

Claimant's Complaint is annexed as **Exhibit "A"**.

11.     Claimant's lawsuit was removed on diversity grounds to the U.S. District

Court of Northern California, which, on July 29, 2013, unfortunately allowed therein

defendants' motion to dismiss leaving her no other recourse but to seek succor from the

Ninth Circuit Court of Appeals. A copy of her Notice of Appeal is annexed as **Exhibit

"B"**.

12.     On December 13, 2013, the Ninth Circuit, citing these bankruptcy

proceedings, ordered a stay on Claimant's appeal until June 6, 2014 by which time

GMAC and its co-defendants were instructed to file a status report. A copy of said order

is annexed as **Exhibit "C"**.

13.     Claimant mailed her proof of claim on the same day of June 6, 2014 when

it became clear in the status report that she needed to file one before this Bankruptcy

Court. A copy of her Proof of Claim is annexed as **Exhibit "D"**.

14.     ResCap is now urging the Bankruptcy Court to disallow and expunge

Claim No. 7466 on the basis of its assertion that Ms. Panaszewicz, along with other

potential claimants and parties in interest "received Notice of Deadline and Procedures

for Filing Certain Administrative Claims [Docket No. 6138] via mail . . . twenty-three (23)

days prior to the Administrative Claim Bar Date". 79th Omnibus Objection at ¶ 16.

Specifically in regard to herein Claimant, P. Joseph Morrow, Director of Corporate

Restructuring Services of the claims and noticing agent retained by ResCap, claims in an

affidavit (Morrow affidavit) attached to subject Omnibus Objection that:

> "6.    On or before December 24, 2013, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Administrative Claim Bar Date Notice to be served upon counsel to Martha S. Panaszewicz, c/o Errol J. Zshornack, Esq. at 7311 Mission Street, Suite E, Daly City, CA 94014 via First Class U.S. Mail. See KCC Affidavit of Service of the Administrative Claims Bar Date Notice, Docket No. 6187, Ex. E – Part 2, at 1352 of 4526 (of the PDF). The return address on the request for payment of an administrative expense claim – Martha S. Panaszewicz, c/o Errol J. Zshornack at 2429 Ocean Avenue, San Francisco, CA 94127 – was different than the service address. KCC received the returned request for payment on June 6, 2014. As of the date of this Declaration, the December 2013 mailing was returned to KCC as "undeliverable." (Emphases supplied)

### DISCUSSION

15.    Herein Claimant respectfully submits there is no basis for ResCap's

insistence that she was notified of the Administrative Claim Bar Date and that her Claim

No, 7466 should be disallowed and expunged as late-filed.

**Claimant was not timely served
with a Notice of Administrative
Claim Bar Date.**

16.    Basic due process dictates that debtors in a bankruptcy petition provide

creditors and known claimants with actual notice of a claims bar date if they want the

bar date to apply to those creditors and claimants. See *In re Majorca Isles Master*

*Association, Inc.*, Case No. 12-19056-AJC, Dkt. No. 222 (Bankr. S.D. Fla. March 27, 2014).

This was clearly not done by the Debtors in Claimant's case since, as quoted above, ResCap itself plainly admits it merely attempted to serve her with the Notice of Administrative Claims Bar Date (the Notice) through counsel (referring to Errol Zshornack, Esq, Claimant's attorney in her lawsuit before the District Court and her subsequent appeal before the Ninth Circuit). To be sure, if Debtors had truthfully been in earnest in ensuring proper notice and opportunity to be heard is duly extended creditors and claimants, such as Ms. Panaszewicz, then they should have sent a separate or second copy of the Notice directly to her, since they had her address to begin with, once the Notice was returned as "undeliverable".

17.    It is interesting to note on this vein that the Morrow affidavit alludes to a separate affidavit of service (Docket no. 6187) to which is appended a multi-part matrix of creditors composed of over 4,000 pages. A perusal of these annexes will show Ms. Panaszewicz name is <u>not</u> among the listed creditors; Mr. Zshornack's name does but, as also admitted by Debtors, the matrix lists his old office address not the he used when the Notice of Appeal was filed, which Debtors had knowledge of through their own lawyers. See **Exhibit "B"**. As far as Claim No, 7466 is concerned, it is thusly baseless, conclusory and self-serving for Debtors to maintain that ResCap "examined the proofs of claim . . . and determined that such claims violate the procedures and deadline for filing administrative expense claims in the Chapter 11 Cases . . ." and "violate Article II.A of the Plan, as approved by the Confirmation Order . . . that a holder of an administrative expense claim must file with the Court and serve on the Liquidating Trust on or before the Administrative Claim Bar Date . . ."

6

18.    In *Majorca*, where the creditor, which was not listed on the debtor's schedules or included in the mailing matrix, sought relief from its failure to file proof of claim prior to the claims bar date because it was not served with notice of the claims bar date. Thereat, the Bankruptcy Court in the Southern District of Florida, pertinently ruled the debtor has a duty to determine which creditors should be listed as pre-petition creditors and which creditors should be included on the mailing matrix and given actual notice. The court allowed the creditor's late-filed claim because known creditors of a debtor are entitled to actual notice of a claims bar date before their claims can be extinguished; when a debtor fails to include a known potential creditor as a claimant on a mailing matrix and fails to give the creditor actual notice of a claims bar date, the creditor is denied due process.

19.    "Fair or adequate notice has two basic elements: content and delivery." *Fogel v. Zell*, 221 F.3d 955, 962 (7th Cir. 2000). The Supreme Court has held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). To this end, the "notice must be of such nature as reasonably to convey the required information . . . ." (citing to *Grannis v. Ordean*, 234 U.S. 385 (1914)).

20.    Even creditors who have knowledge of a bankruptcy case have a right to assume that the statutory 'reasonable notice' will be given them before their claims are forever barred. *City of New York v. New York, New Haven & Hartford R.R.*, 344 U.S. 292,

297 (1953). In *New York*, the city of New York was a known creditor with liens against a railroad that filed bankruptcy and had knowledge that the railroad was in bankruptcy but it did not file a timely claim because it never received notice by mail. Id. The Supreme Court held that the city "acted reasonably in waiting" to receive notice before filing its claim; therefore, it was allowed to file a late claim. Id. at 297.

**Claimant was prevented from
filing notice of her claim by the bar
date because of excusable neglect.**

21.    Claimant's failure to seasonably file a proof of claim was the result of "excusable neglect" because she did not receive an actual notice of the Bar Date as she was entitled to as a "known" creditor. As outlined above, she was actively pursuing her claim for damages from the Debtors by filing suit before the District Court then instituting an appeal. The record will show the Debtors were duly represented by counsel in both these proceedings. And, when it became clear she needed to submit a proof of claim before this Bankruptcy Court, she immediately did so.

22.    The Court may allow the late filing of a proof of claim under Fed. R. Bankr. P. 9006(b)(1), if the late filing was the result of "excusable neglect." The Supreme Court in *Pioneer Inv. Services Co. v. Brunswick Associated Ltd. Partnership*, 507 U.S. 380, 395 (1993) held that a determination of "excusable neglect" is "an equitable one, taking account of all relevant circumstances surrounding the party's omission," such as "the danger of prejudice to the debtor, the length of the delay and its potential impact on judicial proceedings, the reason for the delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith."

23.     Claimant respectfully submits she meets the "excusable neglect" test because she was a "known" creditor of the Debtors being the plaintiff in the case she filed against GMAC, et al., which has been in the books since January 28, 2013. As a known creditor, she should have been given actual notice of the Bar Date. *Mullane,* supra. A "known" creditor is one who is either known or "reasonably ascertainable by the debtor." *Tulsa Prof'l Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988). A creditor is "reasonably ascertainable" if that creditor can be identified through "reasonably diligent efforts." *DePippo v. Kmart Corp.*, 335 B.R. 290, 296 (Bankr. S.D.N.Y. 2005). There is no indication at all in subject Omnibus Objection that the Debtors and/or ResCap exerted any effort in this regard; consequently, they have no one else but themselves to blame for their failure to duly serve the Notice on Claimant.

24.     Verily, it is also eminently clear that a further factor in determining "excusable neglect" that would justify a late proof of claim in the form of no prejudice to the Debtor is similarly present in this instance. There has yet been no distribution as provided in the Amended Joint Chapter 11 Plan which has been approved and confirmed in these proceedings so there is no cause for any of the parties herein to claim prejudice.

**Claimant's filing suit for damages
may be allowed as an informal
proof of claim.**

25.     Parenthetically, Claimant likewise submits that her action for damages against GMAC, et al., before the federal courts in California, particularly in light of the participation therein of herein Debtors and their trustees or assignees in interest after the

start of these bankruptcy proceedings though their attorneys should be taken as constituting an informal proof of claim.

26.     The doctrine of informal proofs of claim implements a "so-called rule of liberality in amendments to creditors' proofs of claim so that a late filed formal claim relates back to a previously filed informal claim." See *Wright v. Holm*, 931 F.2d 620, 622 (9th Cir. 1991). That doctrine, as considered effective in the Ninth Circuit, in which milieu Claimant's action for damages is being heard, requires only that the informal claim state an explicit demand, showing the nature and amount of the claim against the estate, and evidence an intent to hold the debtor liable.

27.     Even though the informal proof of claim doctrine requires that it be brought "to the attention of the court," "[t]he document that purports to be an informal proof of claim need not be filed in the court." *In re Holm*, 931 F.2d at 622 (internal quotes omitted) Unlike other circuits, in the Ninth Circuit, an informal proof of claim need not be filed with the court; rather, the writing need only be received by either the bankruptcy court or a representative of the bankruptcy estate no later than the claims bar date.

Dated:       February 24, 2015
             Flushing, New York

                                          ROSALES DEL ROSARIO, P.C.


                                          /s/ John B. Rosario, Esq.
                                          By: JOHN B. ROSARIO, ESQ.
                                          39-01 Main Street, Suite 302
                                          Flushing, NY 11354
                                          T: (718) 762-2953
                                          E: johnrosario@delroslaw.com

# Exhibit "A"

1

ERROL J. ZSHORNACK, SBN 268940
7311 Mission Street, Suite E
Daly City, CA 94014
Tel:   (415) 412-7479
Fax:   (650) 350-4277

ENDORSED
SAN FRANCISCO COUNTY
SUPERIOR COURT

13 JAN 28  AM 1: 11

ELIAS BUTI

2

3

4

5

Attorney for Plaintiff
MARTHA S. PANASZEWICZ

6

7

8

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9

**FOR THE COUNTY OF SAN FRANCISCO**

10

11

12

**MARTHA S. PANASZEWICZ,**

Case No.   **CGC - 13 - 528268**

13

**Plaintiff,**

UNLIMITED CIVIL CASE

14

**vs.**

15

**GMAC MORTGAGE, LLC;
RESIDENTIAL FUNDING COMPANY,
LLC; AND DOES 1 THROUGH 100,
INCLUSIVE,**

**COMPLAINT FOR WRONGFUL
FORECLOSURE DUE TO PROMISSORY
ESTOPPEL, RECOVERY OF
OWNERSHIP, DAMAGES AND
ATTORNEYS FEES**

16

17

**Defendants.**

18

19

20

COMES NOW the Plaintiff, MARTHA S. PANASZEWICZ (hereinafter referred to as

21

"Plaintiff"), complaining of the Defendants, and each of them, as follows:

22

23

**INTRODUCTION**

24

25

1.   This is an action brought by Plaintiff Martha S. Panaszewicz ("Plaintiff") against

26

Defendants GMAC Mortgage, LLC ("GMAC") and Residential Funding Company, LLC

27

("Residential Funding"), resulting from Defendant GMAC's repudiation of an agreement with

28

Plaintiff to postpone, delay or otherwise forego the trustee's sale of the residential property

which is also Plaintiff's home. Plaintiff brings this action in order to set aside the trustee's sale,

restore her ownership of the property and to seek damages and attorneys fees as may be

provided by law.

### THE PARTIES

2.    Plaintiff is now, and at all times relevant to this action, a resident of the County of

San Francisco, State of California.  At all times relevant to this action, Plaintiff has owned and

resided at the real property commonly known as 89 Belle Avenue, San Francisco, CA 94132 (the

"Subject Property").  The Subject Property is further described as Assessor's Parcel ID Number

7179-021, in the County of San Francisco which is also further described as follows:

> "THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF
> CALIFORNIA, COUNTY OF SAN FRANCISCO, CITY OF SAN FRANCISCO,
> AND IS DESCRIBED AS FOLLOWS:
>
> PARCEL A:
>
> LOTS 15, 16 AND 17 IN BLOCK 1, ACCORDING TO MAP ENTITLED, "OCEAN
> VIEW PARK", RECORDED JULY 20, 1903, BOOK "G" OF MAPS, AT PAGES 36
> AND 37, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF
> SAN FRANCISCO, STATE OF CALIFORNIA.
>
> PARCEL B:
>
> LOT 14 AND THE WESTERLY 12 FEET, 6 INCHES, FRONT AND REAR
> MEASUREMENTS, OF LOT 13 IN BLOCK 1, ACCORDING TO THE "PLAT OF
> OCEAN VIEW PARK", FILED JULY 26, 1908, IN BOOK "G" OF MAPS, AT
> PAGES 36 AND 37, IN THE OFFICE OF THE RECORDER OF THE CITY AND
> COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA.
>
> PARCEL NUMBER(S): LOT 021, BLOCK 7179"

3.    Plaintiff is informed and believes and on that basis alleges that Defendant GMAC

Mortgage, LLC (GMAC), during all times relevant to this action, is doing business in the County

of San Francisco, State of California.  Plaintiff is further informed and believes and on that basis

alleges that Defendant GMAC, during all times relevant to this action, was purporting to be the

Mortgage Servicer, Assignee/Transferee of Plaintiff's original loan, or authorized representative

2

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY
OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**

of the Beneficiary under Plaintiff's Deed of Trust executed to secure Plaintiff's loan obtained

from Metrocities Mortgage LLC dba No Red Tape Mortgage back in March 2007 ("Loan").

4.    Plaintiff is informed and believes and on that basis alleges that Defendant

Residential Funding Company, LLC (Residential Funding), during all times relevant to this

action, is doing business in the County of San Francisco, State of California. Plaintiff is further

informed and believes and on that basis alleges that Defendant Residential Funding is the

purported buyer of the Subject Property at the trustee's sale held on November 20, 2012.

Defendant Residential Funding is on information and belief owned in whole or in part or

otherwise controlled or operated by Defendant GMAC. GMAC and Residential Funding shall

hereinafter be referred to collectively as "Defendants."

5.    Plaintiff does not know the true names, capacities, or bases for liability of

Defendants sued herein as Does 1 through Does 100, inclusive, as each fictitiously named

Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the

Subject Property.  Plaintiff will amend her Complaint to allege their true names and capacities

when ascertained.  Plaintiff is informed and believes, and thereon alleges, that at all relevant

times mentioned in this Complaint, each of the fictitiously named Defendants is responsible in

some manner for the injuries and damages to Plaintiff so alleged and that such injuries and

damages were proximately caused by such Defendants, and each of them.

6.    Plaintiff is informed and believes, and thereon alleges, that at all times herein

mentioned, and unless otherwise expressly averred, each of the Defendants was the agent,

employee, servant and/or joint venturer of the remaining Defendants, and each of them, and in

doing the things alleged herein below, was acting within the course and scope of such agency,

3

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY
OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**

employment and/or joint venture.

7.    Plaintiff is informed and believes, and thereon alleges, that Defendants herein, and each of them, are named in their respective purported or putative capacities only, based on said Defendants' claims or assertions only, and are not to be taken as judicial admissions by Plaintiff of any fact or facts in dispute in this action.

## THE FACTS

8.    On November 2, 2011, Plaintiff was served a notice and demand for payment on her Loan by Defendant GMAC for alleged default on her loan which Defendant GMAC purported to be servicing.

9.    On February 23, 2012, Plaintiff was served a letter by Defendant GMAC through its purported Relationship Manager, Mr. George Lee.

10.    The said letter informed Plaintiff that Mr. Lee *"would like the opportunity to work with (Plaintiff) on establishing a workout solution on (her) account."*

11.    The letter was accompanied by a "workout package" consisting of forms which Plaintiff was to complete and return to Mr. Lee.

12.    On July 10, 2012, Defendant Residential Funding caused a Notice of Default and Election to Sell Under Deed of Trust to be served at Plaintiff's residence.

13.    A Trustee's Sale of the Subject Property was later scheduled for November 20, 2012 at 2:00 p.m.

14.    On October 22, 2012, Mariluz Panaszewicz Ragasa ("Mariluz") and Ian Panaszewicz ("Ian"), daughter and son, respectively, of Plaintiff contacted and spoke to Mr. Lee by telephone to discuss loan workout solutions.

15.    Mariluz and Ian were duly authorized by their mother, Plaintiff herein, to represent

4

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**

her in negotiating for a loan workout solution with Mr. Lee since the stress would be hazardous to Plaintiff's health considering that she was already in her 70's and the fact that she was a cancer patient having been diagnosed in 2008 with Multiple Myeloma.

16.    On October 25, 2012, Mariluz and Ian acting for and on behalf of Plaintiff agreed to Defendant GMAC's offer coursed through Mr. Lee to work on establishing a workout solution by sending the completed documents previously received from Defendant GMAC to Mr. Lee via facsimile.

17.    Included among the documents sent to Mr. Lee on October 25, 2012 were letters requesting that the scheduled trustee's sale on November 20, 2012 be postponed.

18.    On October 29 and 30, 2012, Mariluz tried calling Mr. Lee several times but Mr. Lee did not answer. Mariluz was able to leave messages on the answering machine.

19.    Mr. Lee eventually returned the calls on October 30, 2012 and he spoke to Mariluz.

20.    Mariluz reiterated their earlier written requests to delay the trustee's sale scheduled on November 20, 2012 while their loan workout application was pending.

21.    Mr. Lee responded and told Mariluz that they didn't need to postpone or delay the sale.

22.    Mariluz understood and believed this response by Mr. Lee to mean a promise or agreement that the trustee's sale was no longer pushing through on November 20, 2012.

23.    Plaintiff was informed of this immediately by Mariluz and Ian and Plaintiff understood this to mean a promise or agreement that the trustee's sale was no longer pushing through on November 20, 2012.

24.    Mr. Lee later informed Mariluz that the forms that were sent were older forms. Mr. Lee also inquired about the Dodd Frank certification.

25.    Mariluz responded that Plaintiff filled out everything on every form that was

5

received from Defendant GMAC.

26.    Mr. Lee said he will check his files. Later, Mr. Lee said that he checked his computer and that he already deleted the files which were the very documents submitted by Plaintiff.

27.    Mr. Lee told Mariluz to check the GMAC website for the new forms and that these should be completed and submitted to Defendant GMAC. Mr. Lee gave Mariluz instructions to indicate the GMAC Mortgage account number and the name of Plaintiff at the top of every form.

28.    On November 1, 2012, Mariluz faxed the new set of forms to Mr. Lee.

29.    Mr. Lee never responded or contacted Plaintiff, Mariluz or Ian afterwards.

30.    On November 19, 2012, Mariluz faxed the same set of documents anew to Mr. Lee including a note inquiring about whether Mr. Lee received the documents faxed on November 1, 2012.

31.    No response was ever received from Mr. Lee or anyone from Defendant GMAC.

32.    On November 20, 2012, at 10:30 a.m., Mariluz and her family, who also reside at the Subject Property, noticed cars arriving at the Subject Property and people were approaching them asking questions about the Subject Property.

33.    Mariluz got extremely nervous so she decided to call Mr. Lee of Defendant GMAC.

34.    Several calls were made but Mr. Lee never answered so messages instead were left.

35.    At around 1:00 p.m., Mariluz was finally able to reach Mr. Lee. Mariluz asked Mr. Lee what happened to the documents regarding the loan workout which were faxed to his office on three (3) different occasions.

36.    Mr. Lee said he does not have an obligation to contact Plaintiff, Mariluz or Ian.

6

COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY
OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES

37.    Mariluz told him that she had requested that the trustee's sale be postponed and that Mr. Lee had assured them that they did not need it postponed at all.

38.    Mr. Lee further told them that he did all he could.

39.    At 2:00 p.m. of that same day, the Trustee's Sale of the Subject Property pushed through and the winning bidder as alleged above was Defendant Residential Funding.

### ALLEGATIONS IN SUPPORT OF CAUSES OF ACTION
### FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL,
### RECOVERY OF OWNERSHIP, DAMAGES
### AND ATTORNEYS FEES

40.    The foregoing material averments are hereby incorporated by reference.

41.    Plaintiff and her family had detrimentally relied on the clear and unambiguous assurance of Mr. Lee of Defendant GMAC that the sale of November 20, 2012 had been postponed in that they opted to forego taking the necessary and appropriate legal steps to protect their interests in the Subject Property and legally prevent the sale from taking place by either applying with the court for a temporary restraining order and/or preliminary injunction, applying for relief under the Bankruptcy Code or other available remedies provided for under the law.

42.    Plaintiff's reliance was reasonable and foreseeable.

43.    By the time Plaintiff and her family learned on November 20, 2012 that the Trustee's Sale had not been postponed and that it was actually pushing through as scheduled, it was already too late for Plaintiff to avail of legal relief.

44.    Plaintiff has performed all of her obligations under the agreement which was to submit the loan workout documents for evaluation by Defendant GMAC.

45.    Defendants, and each of them, had breached the promise by proceeding with the trustee's sale on November 20, 2012 which they were estopped from doing due to promissory estoppel.

7

46.     As a direct and proximate result of Defendants' breach of the agreement, Plaintiff suffered damages due to the loss of her home at the Trustee's Sale in an amount to be proven at trial of no less than $1.2 million.

47.     Injustice can only be avoided by enforcement of the promise not to push through with the trustee's sale.

48.     Defendants are believed and thereon alleged to have acted in bad faith to prevent Plaintiff from saving her property which Defendants were eager to acquire since the property has substantial equity.

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1. To annul the trustee's sale held on November 20, 2013 and restore Plaintiff's ownership of the Subject Property;

2. For damages in favor of Plaintiff in an amount to be determined at trial;

3. For pre-judgment interest on any recovery by Plaintiff;

4. For expenses of suit incurred herewith;

5. For reasonable attorneys' fees; and

6. For such other relief as the Court may deem just and proper.

Dated:  January 28, 2013

Errol J. Zshornack
Attorney for Plaintiff
MARTHA S. PANASZEWICZ

8

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**

# Exhibit "B"

1   ERROL J. ZSHORNACK, SBN 268940
    ejzrlg@gmail.com
2   2000 Crow Canyon Pl. #330
    San Ramon, CA  94583
3   Tel:    (415) 412-7479
    Fax:    (650) 350-4277

4
    Attorney for Plaintiff
5   MARTHA S. PANASZEWICZ

6

7                   **UNITED STATES DISTRICT COURT**

8                   **NORTHERN DISTRICT OF CALIFORNIA**

9                   **SAN FRANCISCO DIVISION**

10

11  MARTHA S. PANASZEWICZ,              Case No. 3:13-cv-01162-MEJ

12          Plaintiff,

13      vs.
                                        **NOTICE OF APPEAL TO NINTH CIRCUIT
14                                      COURT OF APPEALS FROM ORDER
                                        DATED JULY 29, 2013 GRANTING
15  GMAC MORTGAGE, LLC;                 DEFENDANTS' MOTION TO DISMISS;
    RESIDENTIAL FUNDING COMPANY,        REPRESENTATION STATEMENT
16  LLC; AND DOES 1 through 100, inclusive,  SIMULTANEOUSLY FILED HEREWITH**

17          Defendants.

18

19          Notice is hereby given that MARTHA S. PANASZEWICZ, Plaintiff in the above named

20  case, hereby appeals to the United States Court of Appeals for the Ninth Circuit from an order

21  granting Defendants' motion to dismiss entered in this action on July 29, 2013 (Document 31).

22          Plaintiff's Representation Statement is attached to this Notice as required by Ninth

23  Circuit Rule 3-2(b).

24          Dated: September 26, 2013              _/s/ Errol J. Zshornack_____
                                                  Errol J. Zshornack
25                                                Attorney for Plaintiff
                                                  MARTHA S. PANASZEWICZ
26

27

28

## REPRESENTATION STATEMENT

The undersigned represents Plaintiff-Appellant Martha S. Panaszewicz and no other party. Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 3-2(b), Plaintiff-Appellant submits this Representation Statement. The following list identifies all parties to the action, and it identifies their respective counsel by name, firm, address, telephone number, and e-mail, where appropriate.

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Plaintiff-Appellant Martha S. Panaszewicz | Errol J. Zshornack (SBN 268940) 2000 Crow Canyon Pl. #330 San Ramon, CA 94583 Tel. No.: (415) 412-7479 Fax No.: (650) 350-4277 ejzrlg@gmail.com |
| Defendants-Appellants GMAC Mortgage, LLC and Residential Funding Company, LLC | Mark D. Lonergan (SBN 143622) Edward R. Buell, III (SBN 240494) Kimberly A. Paese (SBN 258594) SEVERSON & WERSON A Professional Corporation One Embarcadero Center, Suite 2600 San Francisco, CA 94111 Tel. No.: (415) 398-3344 Fax No.: (415) 956-0439 kap@severson.com |

Dated: September 26, 2013

_/s/ Errol J. Zshornack____
Errol J. Zshornack
Attorney for Plaintiff-Appellant
MARTHA S. PANASZEWICZ

2

# Exhibit "C"

FILED

UNITED STATES COURT OF APPEALS

DEC 13 2013

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA S. PANASZEWICZ,<br><br>                    Plaintiff - Appellant,<br><br>      v.<br><br>GMAC MORTGAGE LLC and<br>RESIDENTIAL FUNDING COMPANY<br>LLC,<br><br>                    Defendants - Appellees. | No. 13-16942<br><br>D.C. No. 3:13-cv-01162-MEJ<br>Northern District of California,<br>San Francisco<br><br><br>ORDER |

The Court is in receipt of appellees' Notice of Bankruptcy.

This case is stayed until June 6, 2014.  *See* 11 U.S.C. § 362(a).  Before the stay

expires, the appellees shall file a status report.

Appellant is reminded that if she contends the automatic stay is

inapplicable, she must obtain relief from the automatic stay in the bankruptcy

court.

                              For the Court:
                              MOLLY C. DWYER
                              Clerk of the Court


                               Alihandra M. Totor
                               Deputy Clerk

Amt\/Pro Mo 13Dec2013

Case: 13-16948   12/19/2013   ID: 8908351   DktEntry: 8   Page: 2 of 2

Ninth Circuit Rules 27-7 and 27 10

# Exhibit "D"

COPY

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

**Name of Debtor:**
GMAC Mortgage, LLC and Residential Funding Company, LLC

**Case Number:**
12-12020 (MG)

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

U.S. BANKRUPTCY COURT

**Name of Creditor** (the person or other entity to whom the debtor owes money or property):
Martha S. Panaszewicz

**COURT USE ONLY**

**Name and address where notices should be sent:**
Errol J. Zshornack
2429 Ocean Ave.
San Francisco, CA 94127

Telephone number: (415) 412-7479    email: errolzshornack@yahoo.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:** _____
    *(If known)*

Filed on: _____

**Name and address where payment should be sent (if different from above):**

Telephone number:         email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed:** $(NOT LIQUIDATED)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

RECEIVED
JUN 11 2014
KURTZMAN CARSON CONSULTANTS

**2. Basis for Claim:** Wrongful foreclosure, damages, attorneys fees
    (See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**
    1  1  6  2

**3a. Debtor may have scheduled account as:**
    _____
    (See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
    _____
    (See instruction #3b)

**4. Secured Claim** (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate  ☐ Motor Vehicle  ☐ Other
**Describe:**

**Value of Property:** $_____

**Annual Interest Rate** _____% ☐ Fixed or ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:**
$_____

**Basis for perfection:** _____

**Amount of Secured Claim:** $_____

**Amount Unsecured:** $_____

**5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

**Amount entitled to priority:**
$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

Claim #: 7466
Initials: FJT

B 10 (Official Form 10) (12/11)

---

**7. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

RECEIVED
JUN 1 1 2014

If the documents are not available, please explain:

KURTZMAN CARSON CONSULTANTS

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.    ☐ I am the creditor's authorized agent.    ☐ I am the trustee, or the debtor,    ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)    or their authorized agent.    (See Bankruptcy Rule 3005.)
(See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   Martha S. Panaszewicz
Title:
Company:                                                    *Martha S. Panaszewicz*   06/04/2014
Address and telephone number (if different from notice address above):    (Signature)              (Date)

Telephone number:          email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

## INSTRUCTIONS FOR PROOF OF CLAIM FORM

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

### Items to be completed in Proof of Claim form

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the claim.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

B 10 (Official Form 10) (12/11)          3

## DEFINITIONS          INFORMATION

### Debtor
A debtor is the person, corporation, or other entity that has filed a bankruptcy case.

### Creditor
A creditor is a person, corporation, or other entity to whom debtor owes a debt that was incurred before the date of the bankruptcy filing. See 11 U.S.C. §101 (10).

### Claim
A claim is the creditor's right to receive payment for a debt owed by the debtor on the date of the bankruptcy filing. See 11 U.S.C. §101 (5). A claim may be secured or unsecured.

### Proof of Claim
A proof of claim is a form used by the creditor to indicate the amount of the debt owed by the debtor on the date of the bankruptcy filing. The creditor must file the form with the clerk of the same bankruptcy court in which the bankruptcy case was filed.

### Secured Claim Under 11 U.S.C. § 506 (a)
A secured claim is one backed by a lien on property of the debtor. The claim is secured so long as the creditor has the right to be paid from the property prior to other creditors. The amount of the secured claim cannot exceed the value of the property. Any amount owed to the creditor in excess of the value of the property is an unsecured claim. Examples of liens on property include a mortgage on real estate or a security interest in a car. A lien may be voluntarily granted by a debtor or may be obtained through a court proceeding. In some states, a court judgment is a lien.

A claim also may be secured if the creditor owes the debtor money (has a right to setoff).

### Unsecured Claim
An unsecured claim is one that does not meet the requirements of a secured claim. A claim may be partly unsecured if the amount of the claim exceeds the value of the property on which the creditor has a lien.

### Claim Entitled to Priority Under 11 U.S.C. § 507 (a)
Priority claims are certain categories of unsecured claims that are paid from the available money or property in a bankruptcy case before other unsecured claims.

### Redacted
A document has been redacted when the person filing it has masked, edited out, or otherwise deleted, certain information. A creditor must show only the last four digits of any social-security, individual's tax-identification, or financial-account number, only the initials of a minor's name, and only the year of any person's date of birth. If the claim is based on the delivery of health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information.

### Evidence of Perfection
Evidence of perfection may include a mortgage, lien, certificate of title, financing statement, or other document showing that the lien has been filed or recorded.

### Acknowledgment of Filing of Claim
To receive acknowledgment of your filing, you may either enclose a stamped self-addressed envelope and a copy of this proof of claim or you may access the court's PACER system (http://www.pacer.psc.uscourts.gov) for a small fee to view your filed proof of claim.

### Offers to Purchase a Claim
Certain entities are in the business of purchasing claims for an amount less than the face value of the claims. One or more of these entities may contact the creditor and offer to purchase the claim. Some of the written communications from these entities may easily be confused with official court documentation or communications from the debtor. These entities do not represent the bankruptcy court or the debtor. The creditor has no obligation to sell its claim. However, if the creditor decides to sell its claim, any transfer of such claim is subject to FRBP 3001(e), any applicable provisions of the Bankruptcy Code (11 U.S.C. § 101 et seq.), and any applicable orders of the bankruptcy court.

**ResCap Claims Processing Center**
c/o KCC
2335 Alaska Ave
El Segundo, CA  90245

FIRST CLASS
US POSTAGE PAID
EL SEGUNDO CA
PERMIT NO. 45049

Martha S. Panaszewicz
Errol J. Zshornack
2429 Ocean Ave.
San Francisco, CA 94127

<u>**PROOF OF CLAIM CONFIRMATION**</u>
Your proof of claim filed against **Residential Capital, LLC,**
case no **12-12020** was received on **6/6/2014**
and assigned claim number **7466**

For more information, please visit **www.kccllc.net/rescap** or call 1-888-251-2914

# FILED

## UNITED STATES COURT OF APPEALS

DEC 13 2013

## FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| MARTHA S. PANASZEWICZ, | No. 13-16942 |
| Plaintiff - Appellant, | D.C. No. 3:13-cv-01162-MEJ |
| v. | Northern District of California, San Francisco |
| GMAC MORTGAGE LLC and RESIDENTIAL FUNDING COMPANY LLC, | ORDER |
| Defendants - Appellees. | |

The Court is in receipt of appellees' Notice of Bankruptcy.

This case is stayed until June 6, 2014. *See* 11 U.S.C. § 362(a). Before the stay

expires, the appellees shall file a status report.

Appellant is reminded that if she contends the automatic stay is

inapplicable, she must obtain relief from the automatic stay in the bankruptcy

court.

For the Court:
MOLLY C. DWYER
Clerk of the Court


Alihandra M. Totor
Deputy Clerk

Amt\/Pro Mo 13Dec2013