MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP LIQUIDATING TRUST'S OMNIBUS RESPONSE TO MOTIONS FILED BY
<u>TIMOTHY J. LAHRMAN</u>**

ny-1177249

The ResCap Liquidating Trust (the "Trust"), established pursuant to the terms of the Plan filed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors, by and through its undersigned counsel, hereby submits this response (the "Response") and the Declaration of Joel Bornkamp (the "Bornkamp Decl."), annexed hereto as Exhibit 1, to the following motions filed by Timothy J. Lahrman: (i) *Motion for Relief from Judgment or Order*, **Docket No. 8010**; (ii) *Request to Take Judicial Notice*, **Docket No. 8011**; and (iii) *Motion For Leave And Order To Show Cause Why Ally Financial, Inc.; GMAC Mortgage LLC, Debtor; And Attorney(s) Joel Bornkamp Together With Reisenfeld & Associates Should Not Be Held In Contempt,* **Docket No. 8066**. The Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. While documents have been filed recently in the name of GMAC Mortgage, LLC ("GMACM") in the Indiana state courts, Movant's accusations of wrongdoing against GMACM place form over substance and blindly ignore the fact that GMACM has not serviced the Damron Loan since February 1, 2013. As this Court (and others) have recognized, "Green Tree acquired GMACM's servicing rights to Damron's mortgage after the Debtors filed these chapter 11 cases." See D.E. 6816 at 11.[1] When Green Tree acquired those servicing rights, GMACM executed a Limited Power of Attorney in favor of Green Tree permitting Green Tree to enforce the servicer's rights with respect to the loan. Therefore, as the actions at issue are being taken solely by Green Tree pursuant to a duly authorized Limited Power of Attorney and through a substitution in the underlying litigation, and not GMACM, there is no basis to hold GMACM in contempt since it has not been adverse to Ms. Damron once the servicing rights transferred to

---

[1] See Order at n. 1, Case No. 3:15-cv-00026-RLM-CAN (N.D. Ind. South Bend Div. Feb. 23, 2015) [D.E. 30] ("Green Tree Servicing, LLC was substituted for GMAC Mortgage, LLC in the underlying foreclosure suit in April 2013, before Cynthia Damron – Mr. Lahrman's companion – sought to remove the suit to federal court."). A copy of the Order is attached hereto as Exhibit 2.

Green Tree in February 2013. For these same reasons, there is no basis for the Court to reconsider its earlier decisions on related matters because the Movant fails to demonstrate through clear and convincing evidence that GMACM made any contemporaneous or subsequent misrepresentations to the Court or committed any fraudulent act. Therefore, the Lahrman Motions must be denied with prejudice.

## REPLY

### A.   GMAC Mortgage Has Not Violated Any Court Order

2.  GMACM originated the loan to Ms. Damron on or about July 19, 2005. Ownership of the loan then transferred to Fannie Mae on or about August 17, 2005. When GMACM sold its interest in the loan to Fannie Mae, it retained the right to service the loan, which it did from July 19, 2005 through February 1, 2013. In connection with the Debtors' sale of its servicing platform, Green Tree Servicing LLC ("Green Tree"), an affiliate of Walter Investment Management Corp., acquired, among other rights, the servicing rights for Ms. Damron's loan.[2]

3.  In order for the Court to hold GMACM in contempt, Mr. Lahrman must prove by clear and convincing evidence that GMACM had knowledge of a valid order of the Court issued against GMACM that GMACM disobeyed. See In re Lands End Leasing, Inc., 220 B.R. 226 (Bankr. D.N.J. 1998).

4.  The only order referenced by Mr. Lahrman is the order issued specifically against him, not Ally Financial or GMACM. See D.E. 6816 at 16 (directing Mr. Lahrman to dismiss the State Court complaint against AFI with prejudice, and further instructing Mr. Lahrman that his failure to comply with the Order may be punishable contempt). Therefore,

---

[2] See generally, D.E. 2246 (order approving, *inter alia*, sale of Debtors' servicing platform to Ocwen Loan Servicing, LLC).

there is absolutely no basis for the relief sought by Mr. Lahrman because his request is predicated on a flawed interpretation of this Court's order and the party against whom the relief is directed. Notwithstanding, GMACM will use this opportunity to address certain of the allegations raised by Mr. Lahrman.

5.   As explained above and as is noted in certain exhibits to the Movant's filings before the Elkhart County Circuit Court, Green Tree purchased certain mortgage loan servicing rights from GMACM, including the servicing rights to the loan at issue. In order to allow Green Tree to "take whatever steps [we]re necessary to enforce its rights with respect to the loans that were transferred to it by GMACM," on January 31, 2013, GMACM issued a Limited Power of Attorney to Green Tree. See D.E. 6621 at 28-34.

6.   Mr. Lahrman alleges that "At all times relevant hereto Attorney Joel Bornkamp is/was counsel of record for GMACM in the state court foreclosure proceedings." See D.E. 8010 at ¶4.

7.   Mr. Lahrman next alleges that GMACM "continues, as Lahrman complained of previously, to hold itself out and participate as 'plaintiff' in the state court foreclosure proceedings and, has likewise GMAC Mortgage LLC has unquestionably and clearly taken affirmative action as 'plaintiff' to levy execution upon Lahrman's home by way of foreclosure." See D.E. 8010 at ¶4; see also D.E. 8066 at ¶3.

8.   Moreover, Lahrman further alleges that "GMACM's actions in the state court are unquestionably post-Plan confirmation, completely contrary to those prior representations made to this Court and completely contrary to AFI's stated position in the State Court Action which underlies this matter." See D.E. 8010 at ¶8.

3

ny-1177249

9. Mr. Lahrman also notes that "[a]t no time relevant hereto has Attorney Joel Bornkamp or any of his associates at Reisenfeld & Associates LLP, LPA ever appeared as legal counsel for Green Tree Servicing LLC that there could be any simple clerical error or need for clarification to, or in the intent of, GMAC Mortgage LLC when holing [sic] itself out as 'plaintifff', knowingly and wrongfully, in both Declaration Exhibits C, and D." See D.E. 8010 at ¶19.

10. Admittedly, the name "GMAC Mortgage LLC" appears on the referenced public filings; however, that was in name only. As of February 1, 2013, GMACM no longer serviced the loan held by Cynthia S. Damron. The note and loan servicing rights were transferred to Green Tree on January 30, 2013. Green Tree was substituted as Plaintiff in the state court action by an order entered on April 23, 2013. The fact that the docket was not updated to reflect Green Tree as the plaintiff as of February 1, 2013 is nothing more than a clerical error. Accordingly, after February 1, 2013, any affirmative actions against Ms. Damron's property, including those referenced in Movant's Exhibits B, C and D, were not taken by GMACM because it was not servicing her loan. As a result, there is no truth to the allegation that "the acts and conducts of GMACM and its 'attorneys', Joel Bornkamp in particular and including counsels for AFI, are knowing, intentional and egregious when engaged in by officers of the court and licensed attorneys."[3] See Bornkamp Decl., ¶ 10.

11. In fact, as noted above, Mr. Lahrman's allegations, as reflected in the Lahrman Motions, arise from nothing more than a clerical error. See Bornkamp Decl., ¶ 11.

12. In order to avoid any future ambiguity or confusion, Reisenfeld submitted amended pleadings to replace any reference to GMACM after February 1, 2013. Reisenfeld has

---

[3] See D.E. 8010 at ¶18; see also D.E. 8066 at ¶9.

4

ny-1177249

submitted an Amended Bid and Amended its Writ of Prohibit to reflect Green Tree Servicing as the proper Plaintiff.  The pleadings were served upon Cynthia Damron by ordinary mail on February 17, 2015 and show on the Court's docket on February 18, 2015. See Id.

13.     Contemporaneously with the filing of the Lahrman Motions, on January 27, 2015, Ms. Damron and Mr. Lahrman petitioned the state superior court to stay the sale based upon these purported errors; however, the Indiana courts overruled all requested relief. See Id.

14.     There is no reason that this Court should come to a different conclusion than the Indiana state courts.  Notwithstanding Mr. Lahrman's multi-jurisdictional approach to avoid being displaced from his residence as well as his misguided attempt to blame GMACM for his predicament, GMACM never violated an order of this Court.  Therefore, there is neither a basis nor any evidence to find GMACM in contempt of an order of the Court.

**B.     Movant Has Not Met The Burden For Reconsideration Pursuant to Fed. R. Bankr. P. 9024**

15.     Bankruptcy Rule 9024 incorporates Rule 60 of the Federal Rules of Civil Procedures ("Rule 60"), which sets forth the grounds for relief from a final judgment, order or proceeding.  Rule 60(b) provides that the Court may relieve a party from a final judgment, order or proceeding due to:

1) mistake, inadvertence, surprise, or excusable neglect;

2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

4) the judgment is void;

5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

5

ny-1177249

    6)  any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

    16. "A motion for relief from judgment is generally not favored and is properly granted only upon a showing of *exceptional circumstances*." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (emphasis added). Whether to grant a motion for relief under Rule 60 is within the discretion of the Court. In re Terrestar Networks, No. 10-15446 (SHL), 2013 WL 781613, at *3 (Bankr. S.D.N.Y. Feb. 23, 2013).

    17. By its terms, Rule 60(b)(3) provides relief in instances where the fraud is committed by an opposing party. See Simons v. United States, 452 F.2d 1110, 1115 (2d Cir. 1971) (noting that Rule 60(b)(3) permits relief only for fraud "of an adverse party"). "The movant has the burden to establish, by clear and convincing evidence, that the adverse party obtained the judgment through fraud, misrepresentation or other misconduct." In re Old Carco LLC, 423 B.R. 40, 50 (Bankr. S.D.N.Y. 2010); see also Entral Grp. Int'l, LLC v. 7 Day Café & Bar, 298 Fed. Appx. 43, 44 (2d Cir. 2008) (noting that a motion under Rule 60(b)(3) cannot be granted absent clear and convincing evidence of material misrepresentations). To prevail under Rule 60(b)(3), a movant must show that the alleged fraud, misrepresentation or other misconduct precluded it from fully and fairly presenting its case. See State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir. 2004); Entral Group, 298 Fed. Appx. at 44. This standard also applies to the context of fraud on the court under Rule 60(d)(3). See State Street, 374 F.3d at 176.

    18. The circumstances before the Court are anything but exceptional. The facts, as described by the Court in the *Memorandum Opinion and Order Denying Timothy J. Lahrman's Motion For Reconsideration Of Order Enforcing The Chapter 11 Plan Injunction* (see D.E. 6816 at 11), have not changed (i.e., "GMACM is not a plaintiff and is not engaged in

6

ny-1177249

affirmative conduct in that foreclosure action."). Rather, as described in the Bornkamp Decl., clerical errors have been made insofar as documents filed in the underlying state court action improperly identify "GMAC Mortgage, LLC" as the plaintiff notwithstanding that GMAC Mortgage has not serviced the underlying loan in over two years. See Bornkamp Decl., ¶¶ 10-11.

19. Even though the referenced filings (see D.E. 8010, Exhs. B–D) occurred after confirmation of the Plan, such documents do not constitute "newly discovered evidence" that warrants reconsideration or modification of the Court's earlier decision pursuant to Fed. R. Civ. P. 60(b)(2).

20. Moreover, contrary to Movant's suggestions, there has not been any fraud, misrepresentation or misconduct by any party. Since GMACM did not maintain the right to service (and thereby enforce the terms of) the loan, it could not have acted in a fraudulent manner towards the Movant. Moreover, without the right to service the loan, GMACM did not have the authority to make any representations or take any actions on behalf of the investor/owner of the loan. Accordingly, from the moment it transferred its servicing rights, GMACM did not have the ability to make a misrepresentation. Therefore, reconsideration or modification of the Court's earlier decision pursuant to Fed. R. Civ. P. 60(b)(3) is also not warranted.

21. Mr. Lahrman asks the Court to take judicial notice of Federal National Mortgage Association v. Bradbury, 32 A.3d 1014 (2011) to substantiate his argument that GMACM is a bad actor. This case is wholly irrelevant to the issues being brought before the Court by the Lahrman Motions. For this case to be analogous or somehow relevant to the Court's determination, GMACM must have acted as against Ms. Damron. However, for the reasons discussed throughout this Response and in the Bornkamp Declaration, GMACM has not

done so, despite the fact that GMACM's name may have been erroneously included on the underlying court documents and related notices notwithstanding that it transferred its right to service Ms. Damron's loan more than two years ago. Mr. Lahrman has not presented the Court with clear and convincing evidence to the contrary and therefore, the Lahrman Motions fail and must be denied.

## CONCLUSION

22. WHEREFORE, the Trust respectfully submits that the relief requested in the Lahrman Motions be denied.

Dated: February 25, 2015
      New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*

ny-1177249