**<u>Exhibit 1</u>**

**Bornkamp Declaration**

ny-1177249

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**DECLARATION OF JOEL F. BORNKAMP IN SUPPORT OF THE OBJECTION OF
THE RESCAP LIQUIDATING TRUST TO CERTAIN MOTIONS FILED BY TIMOTHY
LAHRMAN**

I, Joel F. Bornkamp, hereby declare as follows:

1.      I am an attorney with Reisenfeld & Associates ("Reisenfeld"), who served as counsel to GMAC Mortgage, LLC through February 1, 2013, and thereafter, as counsel to Green Tree Servicing, who presently services the loan at issue.  I have been practicing law in the State of Indiana for more than seven years, and I have no record of discipline with the State Bar of Indiana.

2.      I have been involved with the Damron-Lahrman foreclosure action pending before the Elkhart Superior Court in the State of Indiana from August 2011 to the present.

3.      I am in receipt of, and have reviewed, the pleadings filed by Mr. Timothy Lahrman in this Court (collectively, the "Lahrman Motions"), including:

- *Motion for Relief from Judgment or Order*, Docket No. 8010;
- *Request to Take Judicial Notice*, Docket No. 8011; and
- *Motion For Leave And Order To Show Cause Why Ally Financial, Inc.; GMAC Mortgage LLC, Debtor; And Attorney(s) Joel Bornkamp Together With Reisenfeld & Associates Should Not Be Held In Contempt*, Docket No. 8066

4.     I am authorized to submit this declaration on behalf of Reisenfeld (the "Declaration") in support of the *Omnibus Response of The ResCap Liquidating Trust (Successor In Interest to GMAC Mortgage LLC) to The Lahrman Motions* (the "Objection").

5.     Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the referenced state court litigation with Ms. Damron and Mr. Lahrman, information learned from my review of relevant documents and information I have received through my discussions with other members of the Reisenfeld firm or other employees of the Debtors, the Liquidating Trust's employees, professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth herein.

A.     **Responses to Lahrman's Allegations**

6.     Mr. Lahrman alleges that "At all times relevant hereto Attorney Joel Bornkamp is/was counsel of record for GMACM in the state court foreclosure proceedings." *See* D.E. 8010 at ¶4.

7.     Mr. Lahrman next alleges that GMACM "continues, as Lahrman complained of previously, to hold itself out and participate as 'plaintiff' in the state court foreclosure proceedings and, has likewise GMAC Mortgage LLC has unquestionably and clearly taken affirmative action as 'plaintiff' to levy execution upon Lahrman's home by way of foreclosure." *See* D.E. 8010 at ¶4; *see also* D.E. 8066 at ¶3.

8.     Moreover, Lahrman further alleges that "GMACM's actions in the state court are unquestionably post-Plan confirmation, completely contrary to those prior representations made to this Court and completely contrary to AFI's stated position in the State Court Action which underlies this matter." *See* D.E. 8010 at ¶8.

9.    Mr. Lahrman also notes that "[a]t no time relevant hereto has Attorney Joel
Bornkamp or any of his associates at Reisenfeld & Associates LLP, LPA ever appeared as legal
counsel for Green Tree Servicing LLC that there could be any simple clerical error or need for
clarification to, or in the intent of, GMAC Mortgage LLC when holing [sic] itself out as
'plaintiff', knowingly and wrongfully, in both Declaration Exhibits C, and D." *See* D.E. 8010 at
¶19.

10.    Admittedly, the name "GMAC Mortgage LLC" did appear on the referenced
public filings; however, that was in name only. As of February 1, 2013, GMAC Mortgage LLC
no longer serviced the loan held by Cynthia S. Damron. The note and loan servicing rights were
transferred to Green Tree on January 30, 2013. Green Tree was substituted as Plaintiff in the
state court action by an order entered on April 23, 2013. The fact that the docket was not
updated to reflect Green Tree Servicing as the plaintiff as of February 1, 2013 is nothing more
than a clerical error. Accordingly, after February 1, 2013, any affirmative actions against Ms.
Damron's property were not taken by GMACM because it no longer had the right to service her
loan. As a result, there is no truth to the allegation that "the acts and conducts of GMACM and
its 'attorneys', Joel Bornkamp in particular and including counsels for AFI, are knowing,
intentional and egregious when engaged in by officers of the court and licensed attorneys."[1]

11.    In fact, as noted above, Mr. Lahrman's allegations, as reflected in the Lahrman
Motions, arise from nothing more than a clerical error. In order to avoid any future ambiguity or
confusion, Reisenfeld submitted amended pleadings to replace any reference to GMACM after
February 1, 2013. Reisenfeld has submitted an Amended Bid and Amended its Writ of Prohibit
to reflect Green Tree Servicing as the proper Plaintiff. The pleadings were served upon Cynthia
Damron by ordinary mail on February 17, 2015 and show on the Court's docket on February 18,

---

[1] *See* D.E. 8010 at ¶18; *see also* D.E. 8066 at ¶9.

2015. Further, Ms. Damron and Mr. Lahrman petitioned the state superior court to stay the sale

based upon these clerical errors. The motions were overruled by the state court. The orders

overruling the motions are attached as Exhibit A.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated: February 25th, 2015

Joel F. Bornkamp, Esq.
Counsel to Green Tree Servicing

## Exhibit A

STATE OF INDIANA                 )    IN THE ELKHART SUPERIOR COURT 2
                                 )
COUNTY OF ELKHART                )    CASE NO: 20D02-1008-MF-00312

GMAC MORTGAGE V DAMRON ET AL


## ORDER

Timothy Lahrman, as a self represented litigant, files Verified Emergency Motion to Intervene. The Court finds that Mr. Lahrman's Motion to Intervene does not state sufficient facts to warrant his intervention in this case. The Court notes that occupying claimant is a term of art defined by statute, and that the putative intervener has failed to recite facts sufficient to qualify as an occupying claimant. Court further notes that these matters have been previously litigated in this case. The Court orders the putative intervener's Emergency Motion to Vacate Sheriff's Sale returned to him. The Court notes that even if intervention were allowed in this case that there is no basis for the Sheriff's Sale being vacated in this case. The Court notes *inter alia* that Mr. Lahrman did not successfully appeal the denial of his original Motion to Intervene in this case. Court also notes the receipt of a Notice of Misconduct, Motion for Bar Discipline Referral and Verified Motion for Sanctions. As a non-party, the Court denies the Verified Motion for Sanctions. Although it does not appear to the Court that any misconduct occurred in this case, if Mr. Lahrman wishes to pursue a disciplinary claim he should direct that claim to the Indiana Disciplinary Commission. Information on the Indiana Disciplinary Commission is available on the Indiana Supreme Court website. Order entered 1/27/15. Notice. Rjo. drc-d


So ordered on this the 27th day of January, 2015.


_____
Judge/Magistrate
Elkhart Superior Court 2


FILED IN
OPEN COURT

JAN 27 2015

CLERK ELKHART
SUPERIOR COURT #2


Exhibit A

| | | |
|---|---|---|
| STATE OF INDIANA | ) | IN THE ELKHART SUPERIOR COURT 2 |
| | )SS: | |
| COUNTY OF ELKHART | ) | CAUSE NO. 20D02-1008-MF-000312 |

IN RE THE MATTER OF:                    )
                                        )
GMAC MORTGAGE, LLC.,                    )
            Plaintiff                   )
                                        )                **FILED IN**
                                        )               **OPEN COURT**
        vs.                             )
                                        )                **JAN 28 2015**
CYNTHIA S. DAMRON, et al.,              )
            Defendants                  )              **CLERK ELKHART**
                                                      **SUPERIOR COURT #2**

## ORDER DENYING JOINT EMERGENCY MOTION
### FOR CHANGE OF JUDGE and EMERGENCY MOTION TO VACATE SHERIFF'S SALE

Cynthia S. Damron ("Damron") and Timothy J. Lahrman ("Lahrman") filed their Joint Verified

Emergency Motion for Change of Judge on January 27, 2015. Damron contemporaneously filed a Verified

Motion to Vacate Sheriff's Sale. Both motions are DENIED. The motion for change of judge is untimely. The

motion to vacate the Sheriff's Sale is an attempt to litigate matters previously decided, and would result in

unnecessary delay, if granted.

This case was initiated in Elkhart Superior Court 1 under cause number 20D01-1004-MF-000187 on

April 30, 2010, and transferred to this Court on August 4, 2010[1]. A motion for a change of judge is governed

by Indiana Trial Rule 76, which provides in pertinent part that:

> (B) In civil actions, where a change may be taken from the judge, such change shall be granted
> upon the filing of an unverified application or motion without specifically stating the ground
> therefore by a party or his attorney. Provided, however, a party shall be entitled to only one
> change from the judge.
> * * *
> (C) In any action except criminal no change of judge or change of venue from the county shall be
> granted except within the time period herein provided. Any such application for change of judge
> shall be filed not later than ten days after the issues are first closed on the merits.
> Issues are first closed on the merits upon the filing of a defendant's original answer. *State ex rel.
> Prosser v. Lake Circuit Court,* 565 N.E.2d 751, 753 (Ind.1991).

---

[1] Damron filed a Motion for Change of Judge in the Superior Court 1 case on June 28, 2010.

No previous motion for change of judge has been filed in Elkhart Superior Court 2. Clearly, no motion for change of judge was sought within ten (10) days of the date the issues were first closed on the merits as required by T.R. 76(C).

Accepting the allegations of the Motion for Change of Judge as true for the purposes of this motion, it is also clear that Damron and Lahrman have not satisfied the requirements of T.R. 76(C)(6), which addresses the exception under T.R. 76(C) for a change of venue from this county or judge when the moving party obtains knowledge of grounds for a change after the general time limit. No attempt is made to specifically allege when the cause [for change of judge] was first discovered or could have been discovered by the exercise of due diligence. On the contrary, the allegations made appear to relate to facts alleged to have occurred as early as 2008, and no later than the entry of the Order for Sheriff's Sale entered by the Court on November 12, 2014, although arguably substantial before the later date.

Most of the allegations of bias appear to relate only to Lahrman, who is not a proper party to this action. Lahrman's attempt to intervene in this case is not warranted. As a preliminary matter, Lahrman alleges that he is under a guardianship in this State. If he is not competent, as implied by the allegations of paragraph three (3) of the motion for change of judge, then he has no standing to bring his motion except by his duly appointed guardian. Lahrman has attempted to intervene in this action multiple times without success. No guardian has ever attempted to intervene on his behalf. Lahrman's first Motion to Intervene was filed on May 28, 2013, after the Court had received Notice of Removal of this case to the U.S. District Court for the Northern District of Indiana, and was denied due to this Court's lack of jurisdiction at that time[2].

Lahrman again attempted to intervene on December 30, 2013. The Court denied Lahrman's motion on January 2, 2014. On January 9, 2014, Lahrman, who was present but not allowed to participate in a hearing on Plaintiff's Motion to Compel Discovery (Damron), tendered to the Court a copy of his Notice of Appeal. The Court noted receipt of a copy of the Notice of Appeal and advised Lahrman that in order to be effective, it had to be filed with the Clerk of the Appellate Court. On January 16, 2014, this Court received notice of the filing of

---

[2] The case was later remanded to the State Court and Damron was sanctioned by the Federal Court and ordered to pay attorney fees in excess of $6,000.00.

an appeal with the Indiana Court of Appeals on January 8, 2014. Lahrman therefore had the opportunity to appeal the decision of this court denying his motion to intervene.

Finally, the Court notes that a stay of a scheduled Sheriff's Sale in a related action was granted on July 22, 2011, five (5) days before the scheduled sale[3]. The present filings appear to be only the most recent efforts to delay this matter[4].

THEREFORE, the Court DENIES the Joint Emergency Motion for Change of Judge and Verified Emergency Motion to Vacate Sheriff's Sale.

So ORDERED this 28th day of January, 2015.

_____
Stephen R. Bowers, Judge
Elkhart Superior Court II

jh

---

[3] Apparently, the Sheriff did not receive notice of the stay and sold the property. The Court, at the request of GMAC Mortgage, LLC., set aside the sale and declared the Sheriff's Sale Deed as void.
[4] A mortgage foreclosure judgment was affirmed by the Court of Appeals in a related action on August 20, 2012. *973 N.E. 2d 104 (Table)*.

STATE OF INDIANA                    )    IN THE ELKHART SUPERIOR COURT 2
                                    )
COUNTY OF ELKHART                   )    CASE NO: 20D02-1008-MF-00312

GMAC MORTGAGE V DAMRON ET AL

## ORDER

Timothy J. Lahrman tenders Limited Appearance and Motion to Quash Writ. The Court rejects the limited appearance of Timothy J. Lahrman. Timothy J. Lahrman is not a party to this action, and the Writ of Assistance entered by this court does not make him a party to this action. Lahrman has repeatedly indicated that he is an adult ward under guardianship. As such he lacks standing to bring this or any other action except through his legally appointed guardian. The Court finds that Lahrman is an officious intermeddler who has repeatedly attempted to interject himself in the affairs of another. Lahrman lacking standing in this matter the Motion to Quash Writ is DENIED. Notice. Rjo. dre-d

So ordered on this the 13th day of February, 2015.

FILED IN
OPEN COURT

FEB 13 2015

CLERK ELKHART
SUPERIOR COURT #2

Judge/Magistrate
Elkhart Superior Court 2