**<u>Exhibit 2</u>**

**February 23, 2015 Order**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| TIMOTHY J. LAHRMAN, ) | |
| ) | |
| PLAINTIFF, ) | |
| ) | |
| vs. ) | CAUSE NO. 3:15-CV-26-RLM-CAN |
| ) | |
| ELKHART COUNTY SUPERIOR ) | |
| COURT NO. 2, ET AL., ) | |
| ) | |
| DEFENDANTS. ) | |

O R D E R

Plaintiff Timothy Lahrman has filed a second "Verified Motion/Petition for Emergency Preliminary Injunctive Relief With and/or Without Notice as an Emergency Temporary Restraining Order." Mr. Lahrman's *pro se* complaint names many defendants and asserts claims under many laws, including the Americans with Disabilities Act, but at the heart of the complaint is a mortgage note obtained by Mr. Lahrman's companion on property located at 3004 Garden Boulevard in Elkhart, Indiana. Mr. Lahrman claims his companion granted him a one-half undivided ownership interest in the property and a right of survivorship in the property, although his name doesn't appear on the mortgage note at issue. The Elkhart Superior Court No. 2 entered judgment and a decree of foreclosure on the property on May 16, 2014.

Mr. Lahrman's first motion for emergency relief in this court sought to stop a January 28, 2015 Sheriff's sale of the Elkhart property. This court denied the motion, and according to Mr. Lahrman, the Federal National

Mortgage Association purchased the property at the sale. Mr. Lahrman and his companion evidently refuse to vacate the property, and GMAC Mortgage, LLC,[1] the party that filed the foreclosure suit, filed a petition for a writ of assistance in Elkhart Superior Court No. 2 that seeks to grant the purchaser, Fannie Mae (a/k/a Federal National Mortgage Association), possession of the property. Mr. Lahrman claims the state court granted the petition for the writ of assistance, and his emergency motion in this court seeks to halt the writ's enforcement. He argues that GMAC Mortgage has no legal right to the Elkhart property that Fannie Mae purchased, and the Elkhart Superior Court No. 2 doesn't have jurisdiction over the foreclosure action. Mr. Lahrman's companion, Ms. Damron, joined him in the emergency motion. In 2013, Ms. Damron tried to remove the underlying state court foreclosure action to federal court; this court found no basis for jurisdiction and remanded the suit to Elkhart Superior Court No. 2.

I. STANDARD OF REVIEW

The standard a party must meet for a temporary restraining order is functionally the same as that required for a preliminary injunction. Caterpillar Inc. v. ESCO Corp., No. 12-CV-1017, 2012 WL 253293, at *2 (C.D. Ill. Jan. 26, 2012). The party seeking the temporary restraining order or preliminary injunction must demonstrate that "(1) it has a reasonable likelihood of success

---

[1] Green Tree Servicing, LLC was substituted for GMAC Mortgage, LLC in the underlying foreclosure suit in April 2013, before Cynthia Damron – Mr. Lahrman's companion – sought to remove that suit to federal court. For the court's discussion regarding Ms. Damron's related proper party arguments see 3:13-CV-482-RLM-CAN, Doc. No. 29.

on the merits of its claim; (2) no adequate remedy at law exists; (3) it will suffer irreparable harm if preliminary injunctive relief is denied; (4) the irreparable harm it will suffer without preliminary injunctive relief outweighs the irreparable harm the nonmoving party will suffer if the preliminary injunction is granted; and (5) the preliminary injunction will not harm the public interest." Platinum Home Mortgage Corp. v. Platinum Fin. Grp., Inc., 149 F.3d 722, 726 (7th Cir. 1998). The threshold consideration is the moving party's likelihood of success on the merits of the underlying claim, id., and that is where Mr. Lahrman's motion falls short.

## II. Discussion

Mr. Lahrman's allegations specifically related to the writ of assistance issued by the state court are meritless. A writ of assistance enforces a judgment, and the party that obtained the judgment for possession can seek the writ. FED. R. CIV. P. 70(d). According to the copy of the petition for writ of assistance submitted by Mr. Lahrman, GMAC Mortgage obtained the judgment and decree of foreclosure,[2] and so was the appropriate party to seek the writ in order to deliver possession to the purchaser, Fannie Mae.

Mr. Lahrman argues the Elkhart Superior Court No. 2 and specifically Judge Stephen R. Bowers don't have jurisdiction over the foreclosure action

---

[2] Lest Mr. Lahrman try to argue in the future that Green Tree and not GMAC Mortgage was the appropriate party to seek the writ of assistance, since Green Tree was substituted for GMAC Mortgage as the plaintiff in the foreclosure suit, the court would agree based simply on its familiarity with Ms. Damron's foreclosure suit. But the change would be in name only, and the writ, and its validity, wouldn't otherwise be altered.

-3-

because Mr. Lahrman has named them in this suit in federal court. Naming a court and/or judge in a federal suit doesn't the affect jurisdiction of the state courts.

Finally, Mr. Lahrman claims the Elkhart Superior Court No. 2 also doesn't have jurisdiction pursuant to the Housing and Economic Recovery Act of 2008, 12 U.S.C. § 4617(f), because the mortgage is a Fannie Mae asset. Ms. Damron made a similar argument when she tried to remove the foreclosure action to this court; she claimed Fannie Mae was the real party in interest on the mortgage note and so had to be added to the suit. The court found her argument ignored applicable Indiana law, which permits the holder of a negotiable instrument or a nonholder in possession of the instrument who has the rights of a holder to prosecute a foreclosure action. IND. CODE § 261-13.1-301. For further discussion of Ms. Damron's futile Fannie Mae related arguments *see* 3:13-CV-482-RLM-CAN, Doc. No. 29, and Green Tree Servicing, LLC v. Damron, No. 13-3832, 557 F. App'x 588, 589 (7th Cir. June 9, 2014).

This court likely doesn't have jurisdiction over Mr. Lahrman's claims asserted in this federal action. The *Rooker-Feldman* doctrine prevents a federal court from having subject matter jurisdiction over claims that seek review of a state court judgment. Taylor v. Federal Nat. Mortgage Ass'n, 374 F.3d 529, 532 (7th Cir. 2004). Although Mr. Lahrman asserts claims that might not have been raised in the state court proceedings, his claims are inextricably intertwined with the state court foreclosure action. *See* id. at 532-533 (federal claims raised

-4-

in federal court that weren't raised in the state court are subject to *Rooker-Feldman* if they are inextricably intertwined with a state court judgment). Mr. Lahrman twice was denied intervention in his companion's state court foreclosure suit. He says his second motion requested reasonable accommodations and modifications under the Americans with Disabilities Act, and the Elkhart Superior Court No. 2 summarily denied the motion. Mr. Lahrman's companion attempted to remove the foreclosure suit to federal court; this court remanded it back to state court because no basis for removal existed. *See* 3:13-CV-482-RLM-CAN. Mr. Lahrman claims that at a status hearing in his companion's state court foreclosure suit court staff sought to exclude him (as a non-party) from the hearing held in Judge Bowers' Chambers. He says Judge Bowers ultimately allowed him to attend the hearing, but not to participate. At that hearing, Mr. Lahrman says he personally served Judge Bowers with his notice of appeal of the court's decision denying his motion to intervene.

     Mr. Lahrman says he filed suit in January 2014 in Elkhart Circuit Court against Ally Financial Inc., d/b/a GMAC Mortgage LLC, and others in an attempt to quiet title of the false, void, fraudulent, and unenforceable mortgage at issue in the underlying state court foreclosure action. Mr. Lahrman says the Elkhart Superior Court No. 2 denied his requests for reasonable accommodations, although it isn't clear in which case. The Indiana Court of Appeals also denied Mr. Lahrman's request for reasonable accommodations.

The outcomes of the appeal and Mr. Lahrman's suit in Elkhart Superior Court No. 2 aren't clear.

This glimpse of the muddy and superfluous litigation history surrounding the property at issue reveals that Mr. Lahrman likely had the opportunity to raise the claims in this complaint in state court. *See* id. at 533 (to be barred by *Rooker-Feldman*, an inextricably intertwined claim must also not have had a reasonable opportunity to be raised in the state court proceedings).

### III. CONCLUSION

Mr. Lahrman's criticisms of the writ of assistance issued by the state court are meritless, and he hasn't demonstrated that he is likely to succeed on his claims asserted in federal court. Mr. Lahrman hasn't met the threshold showing for a temporary restraining order. Accordingly, the court DENIES Mr. Lahrman's motion (Doc. No. 26) to the extent he seeks a temporary restraining order and DEFERS ruling on the motion to the extent he seeks a preliminary injunction until a separate motion is filed as required by Local Rule 65-1. The court advises Ms. Damron and her counsel that if she pursues a preliminary injunction in this case, they should be prepared to discuss 28 U.S.C. § 1927 in light of the proceedings in 3:13-CV-482-RLM-CAN.

SO ORDERED.

ENTERED:  February 23, 2015

/s/ Robert L. Miller, Jr.
Judge
United States District Court