**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER TO SHOW CAUSE WHY COURT SHOULD NOT IMPOSE SANCTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011 AGAINST <u>PABLO E. BUSTOS, ESQ.</u>**

WHEREAS, Conrad P. Burnett Jr. ("Burnett") filed proofs of claim numbers 345, 3743, and 7413 against the Debtors in these chapter 11 proceedings. Each of these claims was filed by Burnett as a *pro se* litigant. Burnett subsequently retained Pablo E. Bustos, Esq. ("Bustos") of Bustos & Associates, P.C. as counsel.

WHEREAS, the ResCap Borrower Claims Trust (the "Trust") filed an objection to Burnett's proofs of claim numbers 345 and 3743 (the "Relevant Claims"), asserting that the Debtors are not liable to Burnett on account of any of Burnett's purported theories of relief (the "Objection," ECF Doc. # 7922).[1] Bustos filed an opposition to the Objection on behalf of Burnett (the "Opposition," ECF Doc. # 7938).[2] The Trust then filed a reply (the "Reply," ECF Doc. # 8068).[3] The Court held a hearing on the Objection on February 11, 2015. Bustos failed to appear on behalf of his client, Burnett.

---

[1] The Objection is supported by the declarations of Kathy Priore (the "Priore Decl.," ECF Doc. # 7922-2) and Norman S. Rosenbaum (the "Rosenbaum Decl.," ECF Doc. # 7922-3).

[2] The Opposition is supported by the affidavit of David M. Petrovich, the Executive Director for the non-profit housing advocacy Society for the Prevention of Continued Homeownership, a New Jersey 501(c)(3) corporation (the "Petrovich Aff.," ECF Doc. # 8036).

[3] The Reply is supported by the supplemental declaration of Kathy Priore (the "Priore Supp.," ECF Doc. # 8068-1).

WHEREAS, the Court took the Objection under submission at the conclusion of the hearing. On February 26, 2015, the Court issued a memorandum opinion and order sustaining in part and overruling in part the Objection (the "Opinion," ECF Doc. # 8206).[4] The contents of the Opinion shall be and are hereby incorporated herein.

WHEREAS, Bustos, as an attorney before this Court, and the Opposition, as a document filed and executed by Bustos on behalf of his client, are subject to Federal Rule of Bankruptcy Procedure 9011 ("Bankruptcy Rule 9011"). Subsection (b) of Bankruptcy Rule 9011 provides, in part:

> By presenting to the court (whether by signing, filing, submitting, or later advocating) a petition, pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances,–
>
> . . .
>
> (2) the claims, defenses, and other legal contentions therein are warranted by existing law or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law; . . . .

FED. R. BANKR. P. 9011(b).

WHEREAS, Bankruptcy Rule 9011 further provides under subsection (c)(1)(B):

> On its own initiative, the court may enter an order describing the specific conduct that appears to violate subdivision (b) and

---

[4] Burnett is no stranger to the docket in these chapter 11 proceedings. Burnett has also filed two adversary proceedings against the Debtors (*see* Adv. Proc. Nos. 12-0249, 15-01044) and sought leave to amend and for immediate payment of Claim Number 7413 on more than one occasion (*see, e.g.*, ECF Doc. ## 7523, 7658, 7710). The parties stipulated to voluntarily dismiss the first adversary proceeding. (*See* Adv. Proc. No. 12-0249, ECF Doc. # 9.) The Court denied the immediate payment motion Bustos filed on behalf of Burnett without prejudice to the parties' respective rights to adjudicate Burnett's claims. (*See* ECF Doc. # 7823.) Subsequently, the Court expunged Burnett's Claim Number 7413 upon the Trust's Seventy-Ninth Omnibus Objection. (*See* ECF Doc. # 8037.) On behalf of his client, Bustos filed a motion for leave to amend the claim in lieu of an opposition to that objection; the Court's Order expunging the claim also denied the motion. (*See id.*) The second adversary proceeding remains pending and was only recently filed by Bustos on behalf of Burnett during the hearing on the Objection, which Bustos failed to attend. (*See* Adv. Proc. No. 15-01044, ECF Doc. #1.)

> directing an attorney, law firm, or party to show cause why it has
> not violated subdivision (b) with respect thereto.

*Id.* 9011(c)(1)(B).

WHEREAS, the Court has reviewed the submissions of both parties, the Trust and Bustos on behalf of Burnett, and concludes that the assertions made by Bustos in the Opposition raise serious questions whether Bustos has violated Bankruptcy Rule 9011.

WHEREAS, in its Opinion, the Court addressed each of the eleven affirmative defenses Bustos asserts in the Opposition and found that the affirmative defenses are frivolous, untimely, unsubstantiated by the evidence in the record before the Court, and/or unsupported by current or applicable law, existing law, or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.  (Opinion at 16–20.)  The Court further found that Bustos's arguments in the Opposition appear to be entirely unsupported by the record and unsubstantiated by any meaningful legal research.[5]  (*Id.*)

WHEREAS, the Court enters this Order to show cause why the Court should not impose sanctions pursuant to Bankruptcy Rule 9011 against Bustos.

NOW, THEREFORE, it is hereby

ORDERED that, Bustos shall show cause at a hearing to be held before the undersigned bankruptcy judge on **March 31, 2015, at 10:00 a.m.**, in Room 501 of the United States Bankruptcy Court, located at the Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004, why the Court should not impose sanctions in an amount to be determined by the Court pursuant to Bankruptcy Rule 9011;

---

[5]     Bustos previously represented on the record at a hearing before this Court regarding the ResCap Liquidating Trust's Seventy-Ninth Omnibus Objection to purported administrative claims, addressing Burnett's Claim Number 7413, that he had not done any research regarding the legal basis for Burnett's purported administrative priority claim.  (*See* Jan. 14, 2015 Tr. 84:6–85:8.)

3

ORDERED that, on or before **5:00 p.m., March 13, 2015**, Bustos shall file a response to this Order explaining why cause exists such that the Court should not impose sanctions against him. Bustos's response shall address, as this Court has done in this Order and in its Opinion, each of the eleven Affirmative Defenses asserted in the Opposition, explaining why each asserted Affirmative Defense does not constitute a violation of Bankruptcy Rule 9011.

ORDERED that, on or before **5:00 p.m., March 27, 2015**, the Trust shall file a response to this Order and Bustos's response;

ORDERED that, Bustos and counsel for the Trust shall appear in person at the hearing on March 31, 2015.

**IT IS SO ORDERED.**

Dated:  February 26, 2014
        New York, New York

                                            _____/s/Martin Glenn_____
                                            MARTIN GLENN
                                            United States Bankruptcy Judge