**Hearing Date and Time:  March 31, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline:  March 19, 2015 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-----------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-----------------------------------------------------------

**NOTICE OF RESCAP LIQUIDATING TRUST'S EIGHTY-FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (I) REDUCING AND ALLOWING**
**CLAIMS AND (II) REDESIGNATING, REDUCING, AND ALLOWING CLAIMS**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1.       On February 26, 2015, the ResCap Liquidating Trust filed its *Eighty-Fourth Omnibus Objection to Claims (I) Reducing and Allowing Claims and (II) Redesignating, Reducing, and Allowing Claims* (the "**Omnibus Objection**").

2.       A hearing (the "**Hearing**") to consider the Omnibus Objection shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004-1408, on **March 31, 2015 at 10:00 a.m.** (prevailing Eastern Time).

3.       Any responses to the Omnibus Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules of the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic filing system, and be served, so as to be received no later than **March 19, 2015 at 4:00 p.m.** (prevailing Eastern Time) upon (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York,

New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, Joseph A. Shifer); (c) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew and Meryl L. Rothchild) (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Ave., Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

4. If no responses to the Omnibus Objection are timely filed and served to the relief requested in the Omnibus Objection, the Bankruptcy Court may deem any opposition waived, treat the Omnibus Objection as conceded, and enter an order granting the relief requested in the Omnibus Objection without further notice or hearing.

5. A copy of the Omnibus Objection can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: New York, New York
      February 26, 2015

                        KRAMER LEVIN NAFTALIS & FRANKEL LLP

                        /s/ Joseph A. Shifer
                        Kenneth H. Eckstein
                        Douglas H. Mannal
                        Joseph A. Shifer
                        1177 Avenue of the Americas
                        New York, New York 10036
                        Telephone: (212) 715-9100
                        Facsimile: (212) 715-8000

                        *Counsel for the ResCap Liquidating Trust*

**Hearing Date and Time: March 31, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Response Deadline: March 19, 2015 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS &
FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

-------------------------------------------------------------------

**RESCAP LIQUIDATING TRUST'S EIGHTY-FOURTH**
**OMNIBUS OBJECTION TO CLAIMS (I) REDUCING AND ALLOWING**
**<u>CLAIMS AND (II) REDESIGNATING, REDUCING, AND ALLOWING CLAIMS</u>**

---

**THIS OBJECTION SEEKS TO MODIFY AND/OR DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM. CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND CLAIMS ON THE EXHIBITS ATTACHED TO THE PROPOSED ORDER. A CLAIMANT MAY HAVE CLAIMS INCLUDED ON MORE THAN ONE EXHIBIT.**

**IF YOU HAVE QUESTIONS, OR YOU ARE UNABLE TO LOCATE YOUR CLAIM ON THE EXHIBITS ATTACHED TO THE PROPOSED ORDER, PLEASE CONTACT THE LIQUIDATING TRUST'S COUNSEL, JOSEPH A. SHIFER, AT (212) 715-9100.**

---

# TABLE OF CONTENTS

**Page**

JURISDICTION ................................................................................................................ 1

BACKGROUND ............................................................................................................... 2

RELIEF REQUESTED ...................................................................................................... 4

    A.    Reduce and Allow Claims ................................................................................. 4

    B.    Redesignate, Reduce, and Allow Claims .......................................................... 4

OBJECTION ...................................................................................................................... 5

    A.    Applicable Legal Standard ................................................................................. 5

    B.    The Reduce and Allow Claims Should be Reduced and Allowed as Modified .......................................................................................................... 6

    C.    The Redesignate, Reduce, and Allow Claims Should be Redesignated, Reduced and Allowed as Modified .................................................................. 8

RESERVATION OF RIGHTS ........................................................................................... 9

NOTICE ............................................................................................................................ 10

NO PRIOR REQUEST ...................................................................................................... 10

CONCLUSION .................................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Adelphia Commc'ns Corp.*,
   Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb.
   20, 2007) .................................................................................................................5

*In re Allegheny Int'l, Inc.*,
   954 F.2d 167 (3d Cir. 1992)....................................................................................5

*Feinberg v. Bank of N.Y. (In re Feinberg)*,
   442 B.R. 215 (Bankr. S.D.N.Y. 2010)....................................................................5

*In re Oneida Ltd.*,
   400 B.R. 384 (Bankr. S.D.N.Y. 2009)....................................................................5

*In re Rockefeller Ctr. Props.*,
   272 B.R. 524 (Bankr. S.D.N.Y. 2000)....................................................................5

**Statutes**

11 U.S.C. § 502..........................................................................................................1, 2, 5

28 U.S.C. § 157.................................................................................................................1

28 U.S.C. § 1334...............................................................................................................1

28 U.S.C. § 1408...............................................................................................................1

28 U.S.C. § 1409...............................................................................................................1

**Other Authorities**

Fed. R. Bankr. P. 1015(b) .................................................................................................2

Fed. R. Bankr. P. 3007..............................................................................................1, 2, 3

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest

to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11**

**Cases**"), hereby files this eighty-fourth omnibus objection to claims (the "**Objection**") pursuant

to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d)

of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), and this Court's order

approving procedures for the filing of omnibus objections to proofs of claim filed in these

Chapter 11 Cases [Docket No. 3294] (the "**Claims Objection Procedures Order**"), seeking

entry of an order (the "**Proposed Order**"), in a form substantially similar to that attached hereto

as **Annex 1**, modifying (by redesignating[1] and/or reducing) and allowing the claims listed on

**Exhibit A**  and **Exhibit B** annexed to the Proposed Order.[2]  In support of the Objection, the

Liquidating Trust submits the declaration of Deanna Horst, Chief Claims Officer for the

Liquidating Trust (the "**Horst Declaration**"), attached hereto as **Annex 2**, and respectfully

represents as follows:

## **JURISDICTION**

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C.

§§ 157 and 1334, and Article XII of the Plan (defined herein). Venue is proper before this Court

pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. §

157(b).

---

[1]    As used herein, the term "redesignate" (or "redesignating") means modifying a proof of claim filed against the
      incorrect Debtor to accurately reflect the Debtor that may be liable for the claim.
[2]    Claims listed on Exhibit A and Exhibit B are reflected in the same manner as they appear on the Claims
      Register maintained by KCC.

2.      The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Rule 3007(d) of the Bankruptcy Rules.

## BACKGROUND

3.      On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

4.      On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as such term is defined in the Plan) of the Plan occurred, and, among other things, the Liquidating Trust was established [Docket No. 6137].

5.      The Liquidating Trust was established to, among other things, wind down the affairs of the Debtors, *see* Plan, Art. VI.  Pursuant to the Plan, the Liquidating Trust has the exclusive authority to "[f]ile, withdraw, or litigate to judgment, objections to Claims or Equity Interests (other than Borrower Claims, Private Securities Claims, and the NJ Carpenters Claims)," Plan, Art. VIII.A.3.

6.      On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases.  Among other things, KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

- 2 -

7.      On  August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No. 1309] (the "**Bar Date Order**").   The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**," with the General Bar Date, the "**Bar Date**").   Bar Date Order at ¶¶ 2-3.   On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].  The Governmental Bar Date was not extended.

8.      The Confirmation Order required holders of Administrative Claims (as such term is defined in the Plan), including claims that arose between the Petition Date and the Effective Date, to file their "requests for the payment of such Administrative Claims not already Allowed by Final Order in accordance with the procedures specified in the Confirmation Order, on or before the first Business Day that is thirty (30) days following the Effective Date."  *See* Confirmation Order ¶ 50(f).  As the Effective Date of the Plan occurred on December 17, 2013, the deadline by which holders of Administrative Claims must have filed requests for payment was January 16, 2014 (the "**Administrative Claims Bar Date**").

9.      On March 21, 2013, the Court entered the Claims Objection Procedures Order, which authorizes the Debtors to file omnibus objections to up to 150 claims at a time on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Claims Objection Procedures Order.

- 3 -

10.     To date, over 7,400 proofs of claim have been filed in these Chapter 11

Cases as reflected on the Claims Register.

### RELIEF REQUESTED

11.     By this Objection, the Liquidating Trust seeks to modify certain claims

listed on the Claims Register as follows.

### A.     Reduce and Allow Claims

12.     The Liquidating Trust  examined the proofs of claim identified on

**Exhibit A** to the Proposed Order and determined, after consulting the books and records the

Debtors maintained  in the ordinary course of business (the "**Books and Records**"), that such

proofs of claim (collectively, the "**Reduce and Allow Claims**") were filed in an amount that is

greater than the actual amount for which the Debtors' estates are liable. The Liquidating Trust

seeks to modify the Reduce and Allow Claims by reducing them to the amounts set forth under

the heading "*Modified Claim Amount*" and to allow each Reduce and Allow Claim only to the

extent of such modified amount.

### B.     Redesignate, Reduce, and Allow Claims

13.     The Liquidating Trust also examined the proofs of claim identified on

**Exhibit B** to the Proposed Order and determined, after consulting the Books and Records, that

such proofs of claim (collectively, the "**Redesignate, Reduce, and Allow Claims**," and together

with the Reduce and Allow Claims, the "**Claims**") were filed against the incorrect Debtor and in

an amount that is greater than the actual amount for which the Debtors' estates are liable.  The

Liquidating Trust seeks to (a) modify the Redesignate, Reduce, and Allow Claims by reducing

them to the corresponding amounts set forth under the heading "*Modified Claim Amount*" on

**Exhibit B** and (b) allow each Redesignate, Reduce, and Allow Claim against the corresponding

- 4 -

Debtor set forth under the heading "*Modified Debtor Name*" on **Exhibit B** only to the extent of such modified amount.

14.    The Liquidating Trust expressly reserves all rights to object on any other basis to any Claim as to which the Court does not grant the relief requested herein.

15.    No Borrower Claims (as defined in the Claims Objection Procedures Order) are included in this Objection.

## **OBJECTION**

### A.    **Applicable Legal Standard**

16.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).    If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim. *See In re Oneida Ltd.*, 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); *In re Adelphia Commc'ns Corp.*, Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); *In re Rockefeller Ctr. Props.*, 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).    The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor. *In re Allegheny Int'l, Inc.*, 954 F.2d 167, 173-74 (3d Cir. 1992); *see also Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim.").    Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

B.     **The Reduce and Allow Claims Should be Reduced and Allowed as Modified**

17.     After a review of the Reduce and Allow Claims, the claimants' supporting documentation and the Books and Records, the Liquidating Trust determined that each of the Reduce and Allow Claims overstate the liability owed by the Debtors to the claimant, as set forth on **Exhibit A** under the column heading "*Reason for Modification*," and as discussed below.

18.     The amounts listed on **Exhibit A** under the column heading "*Modified Claim Amount*" represent the actual value of the Reduce and Allow Claims as reflected in the Books and Records. *See* Horst Declaration ¶ 4.  The holders of the Reduce and Allow Claims should not be allowed to recover more than the value of their claims. Accordingly, in order to properly reflect the actual value of these claims, the Liquidating Trust requests that the Court reduce each Reduce and Allow Claim to the corresponding amount listed on **Exhibit A** under the column heading "*Modified Claim Amount*" and allow each such Reduce and Allow Claim only to the extent of such modified amount.

1.     **Canon U.S.A., Inc. Claims**

19.     Canon U.S.A., Inc. ("**Canon**") filed Claim No. 4444 against Debtor GMAC Mortgage, LLC, asserting a general unsecured claim in the amount of $26,684.90; and Claim Nos. 7324 and 7349, each asserting an identical administrative expense claim in the amount of $7,591.01 (collectively the "**Canon Claims**").  Upon a review of the Books and Records, the Liquidating Trust determined that Canon is entitled to a general unsecured claim in the amount of $18,243.56, and one administrative expense claim in the filed amount of $7,591.01.  Accordingly, Claim No. 4444 should be reduced and allowed as a general unsecured claim in the amount of $18,243.56 against GMAC Mortgage, LLC; Claim No. 7324 should be allowed as an administrative expense claim at the filed amount of $7,591.01; and Claim No.

7349 should be disallowed and expunged. Prior to filing the Objection, counsel to the Liquidating Trust contacted counsel to Canon in an attempt to consensually resolve the Canon Claims, but to date has been unsuccessful in effectuating a resolution of the Canon Claims.

### 2.    **Wells Fargo Custodian Claims**

20.    Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, warehousing facilities, pools of mortgage loans, and other financing arrangements ("**Wells Fargo**") filed Claim No. 7359 against Debtor Residential Capital, LLC; Claim No. 7360 against Debtor Residential Funding Company, LLC; Claim No. 7366 against Debtor GMAC Mortgage, LLC; and Claim No. 7373 against Debtor Executive Trustee Services, LLC (collectively the "**Wells Fargo Claims**").  The Wells Fargo Claims assert claims owed to Wells Fargo on account of custodial agreements with the Debtors.[3]  Upon a review of the Books and Records, the Liquidating Trust determined that Wells Fargo is entitled to a general unsecured claim in the amount of $50,541.00 against Residential Funding Company, LLC, and a general unsecured claim in the amount of $7,903.24 against GMAC Mortgage, LLC. Accordingly, Claim No. 7360 should be allowed in the amount of $50,541.00 against Residential Funding Company, LLC, Claim No. 7366 should be allowed in the amount of $7,903.24 against GMAC Mortgage, LLC, and Claim Nos. 7359 and 7373 should be disallowed and expunged. Prior to filing the Objection, the Liquidating Trust contacted Wells Fargo in an attempt to consensually resolve the Wells Fargo Claims, but to date has been unsuccessful in effectuating a resolution of the Wells Fargo Claims.

---

[3] On December 11, 2014, Wells Fargo and the Liquidating Trust entered into an agreement whereby Wells Fargo agreed to withdraw all other claims filed in its capacity as custodian, with Wells Fargo and the Liquidating Trust agreeing that such withdrawn claims would be deemed consolidated with and asserted by Claim Nos. 7359, 7360, 7366 and 7373 (*i.e.*, the Wells Fargo Claims subject to this Objection).  The Liquidating Trust expressly reserved the right to object to the Wells Fargo Claims on any and all factual or legal grounds.

**C.    The Redesignate, Reduce, and Allow Claims Should be Redesignated,
Reduced, and Allowed as Modified**

21.    After a review of the Redesignate, Reduce, and Allow Claims, the claimants' supporting documentation and the Books and Records, the Liquidating Trust determined that each of the Redesignate, Reduce, and Allow Claims was filed in an amount that is greater than the actual amount for which the Debtors' estates are liable, as set forth on **Exhibit B** under the column heading "*Reason For Modification*." *See* Horst Declaration ¶ 7. The Liquidating Trust further determined that each of the Redesignate, Reduce, and Allow Claims was filed against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is liable for such claims in the reduced amounts. *Id*.

22.    The amounts listed on **Exhibit B** under the column heading "*Modified Claim Amount*" represent the actual value of the Redesignate, Reduce, and Allow Claims as reflected in the Books and Records.  The Debtor listed on **Exhibit B** under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the Redesignate, Reduce, and Allow Claims, as reduced. The holders of the Redesignate, Reduce, and Allow Claims should not be allowed to recover more than the value of their claims, or to recover on claims from the incorrect Debtor's estate.  Accordingly, in order to properly reflect the actual value of these claims, the Liquidating Trust requests that this Court reduce each Redesignate, Reduce, and Allow Claim to the corresponding amount listed on **Exhibit B** under the column heading "*Modified Claim Amount*" and allow each such Redesignate, Reduce, and Allow Claim only to the extent of such modified amount and only against the corresponding Debtor listed on **Exhibit B** under the column heading "*Modified Debtor Name*."

- 8 -

### 1. **Deutsche Bank Custodian Claim**

23.     Deutsche Bank National Trust Company & Deutsche Bank Trust Company Americas ("**Deutsche Bank**") filed Claim No. 4924 against Debtor Residential Capital, LLC (the "**Deutsche Bank Claim**") in an amount not less than $187,081.55. The Deutsche Bank Claims assert claims owed to Deutsche Bank on account of custodial agreements with the Debtors.  Upon a review of the Books and Records, the Liquidating Trust determined that Deutsche Bank is entitled to a claim of $89,721.58 on account of the Deutsche Bank Claim. In addition, this reduced claim should be allowed against Debtor Residential Funding Company, LLC.  Prior to filing the Objection, the Liquidating Trust contacted Deutsche Bank in an attempt to consensually resolve the Deutsche Bank Claim, but to date has been unsuccessful in effectuating a resolution of the Deutsche Bank Claims.

### **RESERVATION OF RIGHTS**

24.     To the extent not expunged or modified as requested by this Objection, the Liquidating Trust reserves the right to object further to any of the claims on any and all additional factual or legal grounds.  Without limiting the generality of the foregoing, the Liquidating Trust specifically reserves its right to amend this Objection, file additional papers in support of this Objection or take other appropriate actions, including to: (a) respond to any allegation or defense that may be raised in a response filed in accordance with the Claims Objection Procedures Order by or on behalf of any of the claimants or other interested parties; (b) object further to any claims addressed in this Objection for which a claimant provides (or attempts to provide) additional documentation or substantiation; and (c) object further to any claims addressed in this Objection based on additional information that may be discovered upon further review by the Liquidating Trust or through discovery.  In addition, as described above

and as contemplated and permitted under the Claims Objection Procedures Order, the Liquidating Trust reserves and retains its rights to object to any claim addressed in this Objection, but not ultimately expunged or modified as requested, on any and all available grounds.

## NOTICE

25.     The Liquidating Trust has served notice of the Objection in accordance with the Case Management Procedures [Docket No. 141] and the Claims Objection Procedures Order, including upon the holders of the Claims and their counsel of record.  The Liquidating Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

26.     No previous request for the relief sought herein as against the holders of the Claims has been made by the Liquidating Trust to this or any other court.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

order substantially in the form of the Proposed Order granting the relief requested herein and

granting such other relief as is just and proper.

Dated: New York, New York
       February 26, 2015

                                KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                /s/ Joseph A. Shifer
                                Kenneth H. Eckstein
                                Douglas H. Mannal
                                Joseph A. Shifer
                                1177 Avenue of the Americas
                                New York, New York 10036
                                Telephone: (212) 715-9100
                                Facsimile: (212) 715-8000

                                *Counsel for the ResCap Liquidating Trust*

## **Annex 1**

## **Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| ---------------------------------------------------------------- | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ---------------------------------------------------------------- | ) | |

**ORDER GRANTING THE RESCAP LIQUIDATING**
**TRUST'S EIGHTY-FOURTH OMNIBUS OBJECTION TO**
**CLAIMS (I) REDUCING AND ALLOWING CLAIMS AND**
**(II) REDESIGNATING, REDUCING, AND ALLOWING CLAIMS**

Upon the eighty-fourth omnibus objection to claims (the "**Objection**")[1] of the

ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the

confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the

Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States

Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure,

and this Court's order approving procedures for the filing of omnibus objections to proofs of

claim [Docket No. 3294] (the "**Claims Objection Procedures Order**"),  modifying and

allowing the Reduce and Allow Claims and the Redesignate, Reduce, and Allow Claims, all as

more fully described in the Objection; and it appearing that this Court has jurisdiction to consider

the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
       in the Objection.

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Objection having been provided, and it appearing that no other or further notice need be

provided; and upon consideration of the Objection and the *Declaration of Deanna Horst in*

*Support of the ResCap Liquidating Trust's Eighty-Fourth Omnibus Objection to Claims (I)*

*Reducing and Allowing Claims and (II) Redesignating, Reducing, and Allowing Claims* annexed

to the Objection as **Annex 2**; and the Court having found and determined that the relief sought in

the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's

beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth

in the Objection establish just cause for the relief granted herein; and the Court having

determined that the Objection complies with the Claims Objection Procedures Order; and after

due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Objection is granted to the extent provided

herein.

2.      Pursuant to section 502(b) of the Bankruptcy Code, each claim listed on

**Exhibit A** annexed hereto (collectively, the "**Reduce and Allow Claims**") is reduced and

allowed in the amount and priority set forth on **Exhibit A** under the column heading "*Modified*

*Claim Amount*" and any asserted amounts in excess of the reduced amount are disallowed and

expunged.

3.      KCC is directed to allow the Reduce and Allow Claims in the amount and

priority set forth on **Exhibit A** under the column heading "*Modified Claim Amount*" and to

disallow and expunge any asserted amounts in excess of the reduced amount.

4.      Pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit B** annexed hereto (collectively, the "**Redesignate, Reduce, and Allow Claims**") is redesignated, reduced, and allowed in the amount and priority set forth on **Exhibit B** under the column heading "*Modified Claim Amount*" against the Debtor set forth on **Exhibit B** under the column heading "*Modified Debtor Name*," and any asserted amounts in excess of the reduced amount are disallowed and expunged.

5.      KCC is directed to allow the Redesignate, Reduce, and Allow Claims in the amount and priority set forth on **Exhibit B** under the column heading "*Modified Claim Amount*" against the Debtor set forth on **Exhibit B** under the column heading "*Modified Debtor Name*," and to disallow and expunge any asserted amounts in excess of the reduced amount.

6.      The Liquidating Trust and KCC are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

7.      Notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Objection Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

8.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on **Exhibit A** or **Exhibit B** annexed to this Order, and all rights of the Liquidating Trust or any other party to object on any basis are expressly reserved with respect to any claim that is not listed on **Exhibit A** or **Exhibit B**, annexed hereto.

- 3 -

9.      This Order shall be a final order with respect to each of the Claims identified on **Exhibit A** or **Exhibit B** annexed hereto, as if each such Claim had been individually objected to.

10.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2015
        New York, New York

_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

**Reduce and Allow Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

EIGHTY-FOURTH OMNIBUS OBJECTION - MODIFY - REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|---|---|---|
| 1 | Canon U.S.A., Inc. Attn Paul Rubin, Esq. Herrick, Feinstein LLP 2 Park Avenue New York, NY 10016 | 4444 | 11/12/2012 | Administrative Priority Administrative Secured Secured Priority $26,684.90 General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $18,243.56 General Unsecured | Upon a review of the Debtors' books and records, the Liquidating Trust determined the claims were filed in an amount greater than the actual amount for which the Debtors' estates are liable. In addition, the claimant filed Claim Nos. 7324 and 7349, each asserting an identical administrative expense claim in the amount of $7,591.01.  Upon a review of the Debtors' books and records, the Liquidating Trust determined the claimant is entitled to one administrative expense claim in the filed amount of $7,591.01; accordingly, Claim No. 7324 shall be allowed in the filed amount of $7,591.01, and Claim No. 7349 shall be disallowed and expunged. |
| 2 | Canon U.S.A., Inc. National Account Division One Canon Park Melville, NY 11747 | 7324 | 01/15/2014 | $7,591.01 Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | $7,591.01 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $0.00 General Unsecured | The claimant filed Claim Nos. 7324 and 7349, each asserting an identical administrative expense claim in the amount of $7,591.01. Upon a review of the Debtors' books and records, the Liquidating Trust determined the claimant is entitled to one administrative expense claim in the filed amount of $7,591.01: accordingly, Claim No. 7324 shall be allowed in the filed amount of $7,591.01, and Claim No. 7349 shall be disallowed and expunged. |
| 3 | Canon U.S.A., Inc. Paul A. Rubin Rubin LLC 345 Seventh Avenue New York, NY 10001 | 7349 | 01/15/2014 | $7,591.01 Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $0.00 General Unsecured | The claimant filed Claim Nos. 7324 and 7349, each asserting an identical administrative expense claim in the amount of $7,591.01. Upon a review of the Debtors' books and records, the Liquidating Trust determined the claimant is entitled to one administrative expense claim in the filed amount of $7,591.01: accordingly, Claim No. 7324 shall be allowed in the filed amount of $7,591.01, and Claim No. 7349 shall be disallowed and expunged. |
| 4 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 625 Marquette Avenue, 16th Floor Minneapolis, MN 55402 | 7359 | 01/31/2014 | Administrative Priority Administrative Secured Secured Priority UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $0.00 General Unsecured | Upon a review of the books and records, the Liquidating Trust determined that Wells Fargo is entitled to a general unsecured claim in the amount of $50,541.00 against Residential Funding Company, LLC, and a general unsecured claim in the amount of $7,903.24 against GMAC Mortgage, LLC. Accordingly, Claim No. 7360 should be allowed in the amount of $50,541.00 against Residential Funding Company, LLC, Claim No. 7366 should be allowed in the amount of $7,903.24 against GMAC Mortgage, LLC, and Claim Nos. 7359 and 7373 should be disallowed and expunged. |
| 5 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 625 Marquette Avenue, 16th Floor Minneapolis, MN 55402 | 7360 | 01/31/2014 | Administrative Priority Administrative Secured Secured Priority UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $50,541.00 General Unsecured | Upon a review of the books and records, the Liquidating Trust determined that Wells Fargo is entitled to a general unsecured claim in the amount of $50,541.00 against Residential Funding Company, LLC, and a general unsecured claim in the amount of $7,903.24 against GMAC Mortgage, LLC. Accordingly, Claim No. 7360 should be allowed in the amount of $50,541.00 against Residential Funding Company, LLC, Claim No. 7366 should be allowed in the amount of $7,903.24 against GMAC Mortgage, LLC, and Claim Nos. 7359 and 7373 should be disallowed and expunged. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

EIGHTY-FOURTH OMNIBUS OBJECTION - MODIFY - REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 6 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 625 Marquette Avenue, 16th Floor Minneapolis, MN 55402 | 7366 | 01/31/2014 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 $0.00 $0.00 $0.00 $7,903.24 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Upon a review of the books and records, the Liquidating Trust determined that Wells Fargo is entitled to a general unsecured claim in the amount of $50,541.00 against Residential Funding Company, LLC, and a general unsecured claim in the amount of $7,903.24 against GMAC Mortgage, LLC. Accordingly, Claim No. 7360 should be allowed in the amount of $50,541.00 against Residential Funding Company, LLC, Claim No. 7366 should be allowed in the amount of $7,903.24 against GMAC Mortgage, LLC, and Claim Nos. 7359 and 7373 should be disallowed and expunged. |
| 7 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 625 Marquette Avenue, 16th Floor Minneapolis, MN 55402 | 7373 | 01/31/2014 | UNLIQUIDATED | Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC | 12-12028 | $0.00 $0.00 $0.00 $0.00 $0.00 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Upon a review of the books and records, the Liquidating Trust determined that Wells Fargo is entitled to a general unsecured claim in the amount of $50,541.00 against Residential Funding Company, LLC, and a general unsecured claim in the amount of $7,903.24 against GMAC Mortgage, LLC. Accordingly, Claim No. 7360 should be allowed in the amount of $50,541.00 against Residential Funding Company, LLC, Claim No. 7366 should be allowed in the amount of $7,903.24 against GMAC Mortgage, LLC, and Claim Nos. 7359 and 7373 should be disallowed and expunged. |

## **Exhibit B**

**Redesignate, Reduce, and Allow Claims**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT B
EIGHTY-FOURTH OMNIBUS OBJECTION - MODIFY - REDESIGNATE, REDUCE, AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Modified Debtor Name | Modified Case Number | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Deutsche Bank National Trust Company and Deutsche Bank Trust Company Americas Attn Trust Administration 1761 East St. Andrew Place Santa Ana, CA 92705 | 4924 | 11/15/2012 | Administrative Priority Administrative Secured Secured Priority $187,081.55 General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $89,721.58 General Unsecured | Residential Funding Company, LLC | 12-12019 | Upon a review of the Debtors' books and records, the Liquidating Trust determined the claim was filed in an amount greater than the actual amount for which the Debtors' estates are liable and against an incorrect debtor entity. |

**<u>Annex 2</u>**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------- )
                                                                  )
In re:                                                            )    Case No. 12-12020 (MG)
                                                                  )
RESIDENTIAL CAPITAL, LLC, et al.,                                 )    Chapter 11
                                                                  )
                                       Debtors.                   )    Jointly Administered
----------------------------------------------------------------- )

## DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP LIQUIDATING TRUST'S EIGHTY-FOURTH OMNIBUS OBJECTION TO CLAIMS (I) REDUCING AND ALLOWING CLAIMS AND (II) REDESIGNATING, REDUCING, AND ALLOWING CLAIMS

I, Deanna Horst, hereby declare as follows:

1.    I am the Chief Claims Officer for the ResCap Liquidating Trust (the "**Liquidating Trust**"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other post-effective date debtors in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"). I was formerly employed by affiliates of ResCap beginning in August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and became Chief Claims Officer of ResCap in October of 2013. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and

- 1 -

monitoring.  In 2011, I became the Vice President, Business Risk and Controls, and supported

GMAC Mortgage, LLC and Ally Bank in this role.  In my current position, I am responsible for

Claims Management and Reconciliation and Client Recovery.  I am authorized to submit this

declaration (the "**Declaration**") in support of the *ResCap Liquidating Trust's Eighty-Fourth*

*Omnibus Objection to Claims (I) Reducing  and Allowing Claims and (II) Redesignating,*

*Reducing, and Allowing Claims* (the "**Objection**").[1]

        2.      Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents and information I have received through my discussions

with other members of the Debtors' management or other employees of the Debtors, the

Debtors' professionals and consultants, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the

Debtors' notice and claims agent.  If I were called upon to testify, I could and would testify

competently to the facts set forth in the Objection on that basis.

        3.      In my capacity as Chief Claims Officer, I am intimately familiar with the

claims reconciliation process in these Chapter 11 cases.  Except as otherwise indicated, all

statements in this Declaration are based upon my familiarity with the Debtors' books and records

(the "**Books and Records**"), the Debtors' schedules of assets and liabilities and statements of

financial affairs filed in these Chapter 11 Cases (collectively, the "**Schedules**"), my review and

reconciliation of claims, and/or my review of relevant documents.  I or my designee at my

direction have reviewed and analyzed the proof of claim forms and supporting documentation, if

any, filed by the claimants listed on **Exhibit A** and **Exhibit B** annexed to the Proposed Order.

---

[1]    Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the
Objection.

Since the Plan went effective, I, along with other members of the Debtors' management or other employees of the Debtors have continued the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same.  In connection with such review and analysis, where applicable, the Liquidating Trust has reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

4.    Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.  Based on a thorough review of the Reduce and Allow Claims at issue, as well the claimants' supporting documentation and the Books and Records, it was determined that each claim listed on **Exhibit A** attached to the Proposed Order does not reflect the correct amount of liability owed by the applicable Debtor to the claimant as set forth on **Exhibit A** under the column heading "*Reason For Modification*." It was determined that the amounts listed on **Exhibit A** under the column heading "*Modified Claim Amount*" represent the actual value of the Reduce and Allow Claims.  If the Reduce and Allow Claims are not modified as requested, the claimants who filed these Reduce and Allow Claims would recover in excess of that to which they are legally entitled, to the detriment of other creditors.

5.    Specifically Canon U.S.A., Inc. ("**Canon**") filed Claim No. 4444 against Debtor GMAC Mortgage, LLC, asserting a general unsecured claim in the amount of $26,684.90; and Claim Nos. 7324 and 7349, each asserting an identical administrative expense claim in the amount of $7,591.01 (collectively the "**Canon Claims**").  Upon a review of the

- 3 -

Books and Records, the Liquidating Trust believes that Canon is entitled to a general unsecured

claim in the amount of $18,243.56, and one administrative expense claim in the filed amount of

$7,591.01.  Accordingly, Claim No. 4444 should be reduced and allowed as a general unsecured

claim in the amount of $18,243.56 against GMAC Mortgage, LLC; Claim No. 7324 should be

allowed as an administrative expense claim at the filed amount of $7,591.01; and Claim No.

7349 should be disallowed and expunged.

        6.       Wells Fargo Bank, N.A., solely in its capacity as custodian for certain

mortgage backed securities trusts, warehousing facilities, pools of mortgage loans, and other

financing arrangements ("**Wells Fargo**") filed Claim No. 7359 against Debtor Residential

Capital, LLC; Claim No. 7360 against Debtor Residential Funding Company, LLC; Claim No.

7366 against Debtor GMAC Mortgage, LLC; and Claim No. 7373 against Debtor Executive

Trustee Services, LLC (collectively the "**Wells Fargo Claims**").  The Wells Fargo Claims assert

claims owed to Wells Fargo on account of custodial agreements with the Debtors.[2]  Upon a

review of the Books and Records, the Liquidating Trust determined that Wells Fargo is entitled

to a general unsecured claim in the amount of $50,541.00 against Residential Funding Company,

LLC, and a general unsecured claim in the amount of $7,903.24 against GMAC Mortgage, LLC.

Accordingly, Claim No. 7360 should be allowed in the amount of $50,541.00 against Residential

Funding Company, LLC, Claim No. 7366 should be allowed in the amount of $7,903.24 against

GMAC Mortgage, LLC, and Claim Nos. 7359 and 7373 should be disallowed and expunged.

---

[2] On December 11, 2014, Wells Fargo and the Liquidating Trust entered into an agreement whereby Wells Fargo
agreed to withdraw all other claims filed in its capacity as custodian, with Wells Fargo and the Liquidating Trust
agreeing that such withdrawn claims would be deemed consolidated with and asserted by Claim Nos. 7359, 7360,
7366 and 7373 (*i.e.*, the Wells Fargo Claims subject to this Objection).  The Liquidating Trust expressly reserved the
right to object to the Wells Fargo Claims on any and all factual or legal grounds.

7.    Based on a thorough review of the Redesignate, Reduce, and Allow Claims at issue, as well the claimants' supporting documentation and the Books and Records, it was determined that each claim listed on **Exhibit B** attached to the Proposed Order does not reflect the correct amount of liability owed by the applicable Debtor to the claimant as set forth on **Exhibit B** under the column heading "*Reason For Modification.*"  It was further determined based on a review of the claimants' supporting documentation and the Books and Records that each of the Redesignate, Reduce, and Allow Claims was filed against a Debtor that is not liable for the claims asserted therein, and that a different Debtor is liable for such claims in the reduced amounts.

8.    It was determined that the amounts listed on **Exhibit B** under the column heading "*Modified Claim Amount*" represent the actual value of the Redesignate, Reduce, and Allow Claims.  It was also determined that the Debtor listed on **Exhibit B** under the column heading "*Modified Debtor Name*" represents the Debtor that is liable for the Redesignate, Reduce, and Allow Claims, as reduced.  If the Redesignate, Reduce, and Allow Claims are not modified as requested, the claimants who filed these Redesignate, Reduce, and Allow Claims would recover in excess of that to which they are legally entitled, to the detriment of other creditors, and such recovery would be paid from the incorrect Debtor's estate, to the detriment of other creditors with valid claims against such Debtor.

9.    Specifically, Deutsche Bank National Trust Company & Deutsche Bank Trust Company Americas ("**Deutsche Bank**") filed Claim No. 4924 against Debtor Residential Capital, LLC (the "**Deutsche Bank Claim**") in an amount not less than $187,081.55. The Deutsche Bank Claims assert claims owed to Deutsche Bank on account of custodial agreements with the Debtors.  Upon a review of the Books and Records, the Liquidating Trust believes that

- 5 -

Deutsche Bank is entitled to a claim of $89,721.58 on account of the Deutsche Bank Claim.  In addition, this reduced claim should be allowed against Debtor Residential Funding Company, LLC.

10.    Accordingly, based upon this review and for the reasons set forth in the Objection, I have determined that each Claim that is the subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  February 26, 2015

 /s/ Deanna Horst
Deanna Horst
Chief Claims Officer for the ResCap
Liquidating Trust

- 6 -