By Certified Mail

February 25, 2015

```
RECEIVED
MAR - 2 2015
U.S. BANKRUPTCY COURT, SDNY
```

Jordan A. Wishnew
Morrison/Foerster
250 West 55th Street
New York, NY 10019-9601

Re: In re: Residential Capital, LLC, et al,
    Jointly Administered under Case No. 12-12020 (Bankruptcy S.D.N.Y.)

Dear Mr. Wishnew:

   This is in response to your letter dated February 23, 2015, in which you stated that you were following-up recent telephone conversations with Elda M. Thompson. In your letter you stated that the following documents were for her review:

> 1- "May 11, 2007 communication advising you that the mortgage payment from 4/1/07 – 5/1/07 is past due"
> 2- June 4, 2007 communication advising you that the mortgage payments for 4/1/07 – 6/1/07 are past due"
> 3- July 4, 2007 communication indicating that your account may be sent to an attorney to initiate foreclosure action because of the failure to reinstate your account; and;
> 4- Payment History from December 1, 2005 through August 14, 2013, together with servicing notes for your account from late October 2005 through January 26, 2013.

   These statements could be worrisome for someone else, but, not for Elda M. Thompson.

   Let takes this one sentence at a time.

> On your first sentence you stated that payments for 4/1/07 – 5/1/07 were past due. On your second sentence you added to these days 6/1/07. These payments were not past due, GMACM made the decision not to accept them.
>
> You stated on open court on January 14, 2015, that these payments were return to GMACM due to lack of funds; however, you failed to prove your claim. Let me clear this for you, GMACM did not respond to Elda M. Thompson's at that time.

Jordan A. Wishnew
Morrison/Foerster

> In reference to your third sentence, due to Elda M. Thompson's diagnosis, we did not risk to challenge whether she has or has not send the payments; therefore, we submitted a settlement, which GMACM approved collecting home insurance and township taxes that were already paid (Exhibit A). It is noted to state that it was a mistake; nonetheless, we only became aware after GMACM attempted to repeat its malicious act in June 2010.
>
> Just to keep you informed, Elda M. Thompson was diagnosed in 2002 with: Type 1 Von Willebrand Disease; Congestive Heart Failure; Cardiomyopathy; Palpitations; High Blood Pressure, throughout the years, Elda's illness enthused to Rheumatoid Arthritis; Insomnia; Gout Arthritis; Esophageal Dysfunction; Lumbar Radiopathy; Seizure disorder; and, chronic constipation. GMACM has helps immensely to advance Elda's condition to spinal stenosis. You do no need to believe me, but at the time of the "settlement" GMACM was notified of her diagnosis.
>
> Your fourth sentence is so ridiculous it do not deserve an answer; but, I am going to give you one. When in June 2010 GMACM tried again, and we found out what was happening, including GMACM failure to proceed with the alleged foreclosure, we contacted Zucker, Goldberg, Ackerman, a representative, after consulting with someone, stated that GMACM could not legally collect any mortgage payment on this account because Ameriquest failed to register its mortgage. At that time we started our conflict with GMACM. Your company is probably the third or four GMACM attempted to "work" with us ending always on the same line – "it appears no modification, nor any other arrangement can be done because Ameriquest failed to register your loan, you would ultimately need to solve this complicated situation at the court, probably involving a jury of twelve; and, this is exactly our goal.

The last paragraph of your letter states:

> "These are the collective set of documents that the Borrower Trust relies upon to prove that according to the Debtors' books and records, there was no record of GMAC Mortgage, LLC receiving monthly payments (or amounts sufficient to reinstate your account) from you for April, May and June 2007 prior to the foreclosure proceeding being commenced." "Kindly forward copies of your bank statements for that same time period at your earliest convenience. In addition, as you requested, I spoke with my client and there is no record of a 6-month credit being provided to you, as you previously mentioned. I would appreciate it if you would also provide me with copies of correspondence from GMACM or its authorized agents in which you were provide with the "6-month credit." "

Page 2

Jordan A. Wishnew
Morrison/Foerster

      These statements only confirmed GMACM vile and maliciousness actions against Elda M. Thompson, an individual who is 100% disabled. To start with, there was no "foreclosure proceeding being commenced" as the court rejected GMACM claim, not once but ten (10) times ending in July 2013 as a closed case. If your company attempted to initiate the eleven (11) attempts, I have no knowledge of it. Secondly, we do have conclusive evidence that GMACM received mortgage payments from October 2007 through September 2008 for the amount of $28,369.95 as GMACM stated on its settlement agreement. GMACM gave us a credit from October 2008 through February 2009 due to excessive payments.

      I advise you to go back to your client and remind GMACM that a third entity is involved; therefore, GMACM should come clear, not with us, we will present these documentation at the proper time in front of the proper jury, but with you.

Respectfully stated,

*[signature]*
Maria M. Thompson

CC: Honorable Martin Glenn

Exhibit A

p. 1 of 6

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

10/26/07

**FORECLOSURE REPAYMENT AGREEMENT**

MARIA M THOMPSON
ELDA THOMPSON
29 GENERAL LANE
NEWARK          NJ 07106-0000

RE: Account Number          ████████5459
    Property Address         137 ELLERY AVENUE
                             NEWARK          NJ 07106-0000

MARIA M THOMPSON ELDA THOMPSON ("Customer") and GMAC Mortgage, LLC ("Lender"), in consideration for the mutual agreements set forth in this Foreclosure Repayment Agreement (the "Agreement"), hereby agree as follows:

1. There is an outstanding debt to the Lender pursuant to a note and mortgage or deed of trust or equivalent security instrument (the "Mortgage") executed on 07/05/01, in the original principal amount of $205,000.00.

2. The account is presently in default for non-payment to Lender of the 02/01/07 installment and all subsequent monthly payments due on the Mortgage for principal, interest, escrows and charges.

3. The amount necessary to cure the default is $14189.33 plus such additional amounts that are presently due under the terms of the loan documents as of 10/26/07, and will increase until the default in the account is brought current.

4. Lender has initiated foreclosure proceedings against the property securing the Mortgage indebtedness, which proceedings will continue until the default(s) described herein is/are brought current under the terms of the Mortgage, or otherwise cured as provided for in this Agreement.

5. Notwithstanding the foregoing, Lender agrees to suspend but not terminate foreclosure activity on the default account, provided we receive the executed Agreement and we receive the initial installment in the amount of $4000.00 no later than 10/31/07. This executed Agreement can be mailed or faxed to us at:

DFW 20M                 10/27/2007 8:15 AM    PAGE    2/006    Fax Server
                                    Pg 49 of 105

```
GMAC Mortgage, LLC                                      PAGE        1
PO Box 780                                              DATE  10/26/07

Extention.           IA 50704-0780
                                  REPAYMENT AGREEMENT-    ****469

---------------- NAME -------------------          ------- PROPERTY -----------

MARIA R THOMPSON
ELDA THOMPSON
25 GENERAL LANE                                    137 ELLERY AVENUE

NEWARK               NJ 07106-0000 NEWARK          NJ 07106-0000

------ DATES ------   ---- CURRENT BALANCES ----     ------- UNCOLLECTED -------
PAID TO    01/01/07   PRINCIPAL      301301.49   LATE CHARGES           1237.60
NEXT DUE   02/01/07   ESCROW              0.00   OPTIONAL INS              0.00
LAST PMT   07/07/07   UNAPPLIED FUNDS   130.27   INTEREST                  0.00
BUDGET DT  10/30/07   UNAPPLIED CORR.                FEES                 56.21
LAST ACTIVITY         SUSPENSE FUNDS      0.00   PRIN EXP FE               0.00
10/24/07              BUDGET CRS                  PLD RDI DISB          2651.00

    PLAN PMT  PLAN PMT  AMOUNT TO  AMT TO   UNAPPLIED   FIRST/LAST
NO  DUE DATE  AMOUNT    REG PMT    ESCROW   BALANCE     PMT APPLIED
01  10/31/07  4950.80   1237.77    3581.50   241.80     09/07
02  11/30/07  2215.43   2458.54      0.00      2.41     01/07 04/07
03  12/31/07  2215.43   1237.77      0.00    982.95     08/07
04  01/31/08  2215.43   2465.54      0.00    749.00     05/07 07/07
05  02/29/08  2215.43   2455.54      0.00    609.91     08/07 09/07
06  03/31/08  2215.43   2455.54      0.00    148.62     10/07 11/07
07  04/30/08  2215.43   2485.54      0.00     19.73     12/07 01/08
08  05/31/08  2215.43   1237.77      0.00   1015.41     02/08
09  06/30/08  2215.43   2458.54      0.00    376.32     03/08 04/08
10  07/31/08  2215.43   2485.54      0.00    515.23     05/08 06/08
11  08/31/08  2215.43   2458.54      0.00    296.24     07/08 08/08
12  09/30/08  2215.43   1237.77   1343.65      0.00     09/08

PLAN TOTAL   28349.33

E - ESCROW CHANGE   A - ALTERNATIVE LOAN PMT CHANGE   B - BUYDOWN SUBSIDY CHANGE

I (WE) AGREE TO THE REPAYMENT SCHEDULE AS SET FORTH ABOVE. THE AMOUNT OF EACH
PAYMENT IS SUBJECT TO CHANGE BASED ON SCHEDULED ALTERNATIVE MORTGAGE PMT, ESCROW
OR OTHER PAYMENT CHANGES. ALL PROVISIONS OF THE NOTE AND MORTGAGE/DEED OF TRUST
REMAIN IN FULL FORCE AND EFFECT.

_____
MARIA R THOMPSON

_____
ELDA THOMPSON

140 COL19940
```

## GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

10/26/07

### FORECLOSURE REPAYMENT AGREEMENT

MARIA M THOMPSON
ELDA THOMPSON
20 GENERAL LANE
NEWARK        NJ 07106-0000

RE:  Account Number          ████459
     Property Address        137 ELLERY AVENUE
                             NEWARK        NJ 07106-0000

MARIA M THOMPSON ELDA THOMPSON ("Customer") and GMAC Mortgage, LLC ("Lender"), in consideration for the mutual covenants set forth in this Foreclosure Repayment Agreement (the "Agreement"), hereby agree as follows:

1. There is an outstanding debt to the Lender pursuant to a note and mortgage or deed of trust or equivalent security instrument (the "Mortgage") executed on 07/03/03, in the original principal amount of $205,000.00.

2. The account is presently in default for non-payment to Lender of the 02/01/07 installment and all subsequent monthly payments due on the Mortgage for principal, interest, escrows and charges.

3. The amount necessary to cure the default is $14189.33 plus such additional amounts that are presently due under the terms of the loan documents as of 10/26/07, and will increase until the default in the account is brought current.

4. Lender has instituted foreclosure proceedings against the property securing the Mortgage indebtedness, which proceedings will continue until the default(s) described herein is/are brought current under the terms of the Mortgage, or otherwise cured as provided for in this Agreement.

5. Notwithstanding the foregoing, Lender agrees to suspend but not terminate foreclosure activity on the default account, provided we receive the executed Agreement and we receive the initial installment in the amount of $4000.00 no later than 10/31/07. This executed Agreement can be mailed or faxed to us at:

10/26/07
Account Number [redacted]3459
Page Two

GMAC Mortgage, LLC
Attention: Default Payment Processor
3451 Hammond Avenue
Waterloo, IA 50702
Fax: 866-340-5043

6. Pursuant to your request you agree to pay the remainder of the default, $10180.33, as indicated in the Payment Schedule enclosed and made a part hereof by reference. Customer understands that payments due under the Payment Schedule may include amounts due for real estate taxes and insurance, and the Payment Schedule amounts may, in such event, have to be increased, at the sole option of the Lender, if the items for such escrow purposes should increase during the duration of the Agreement.

7. All payments under this Agreement, including the regular monthly payments, shall be made in certified funds or cashier's check, shall include the account number on the Customer's check or on a written attachment to the check, and shall be sent to the following address:

GMAC Mortgage, LLC
Attention: Default Payment Processor
3451 Hammond Avenue
Waterloo, IA 50702

Additional methods of remitting payments under this agreement are:

- Money Gram using a Receive Code of
- Western Union using a Code City and State of Home,IA

If payment is tendered in any other form, Lender may return the payment and invoke any remedies available under the loan documents and this Agreement.

8. In the event we do not receive timely payment called for under this Agreement, Lender may, without further notice to Customer, undertake or continue collection or foreclosure activities. In such event, any payments tendered under this Agreement shall be applied to the account in the manner specified in the Mortgage, and there will be no right to a refund of the tendered funds. In the event Lender chooses to accept any payment not in the full amount called for under this Agreement, such acceptance shall not be deemed a waiver of Lender's right to declare a default under this Agreement. Upon any default in meeting the terms of this Agreement, any such payments received under the terms of this Agreement shall be applied first against the default in the account, with the excess, if any, then applied according to the terms of the Mortgage. The parties expressly understand and agree time shall be of the essence as to the obligation under this Agreement.

10/26/07
Account Number ████3459
Page Three

9. Customer understands and agrees that all other provisions, covenants and agreements set forth in the Mortgage shall remain in force and effect during the duration of this Agreement and thereafter, and this Agreement shall not constitute a modification or extension of the Mortgage.

10. If a notice of a new or subsequent bankruptcy is received during the duration of this Agreement, the Agreement will automatically be voided.

11. Acceptance of any payment hereunder shall not constitute a cure nor be deemed a waiver of the existing default, and in no manner shall such acceptance prejudice any rights of Lender to proceed with the Trustee Sale Action noticed in the Notice of Default, and shall not constitute a violation of California Code of Civil Procedure Section 726.580(a), 580(d) (the One-Form-of-Action Rule), and shall not invalidate the Notice of Default. Customer expressly relinquishes and waives any rights, claims and defenses Customer may have under any of the Code of Civil Procedure Sections or under the Loan with regard to any whole or partial payments, whether current, past or future.

12. If any additional amounts are added to the loan to be collected that have not been addressed in this agreement, those amounts will need to be paid at the conclusion of this agreement.

Notice: This is an attempt to collect a debt, and any information obtained will be used for that purpose. If your debt has been discharged in bankruptcy, our rights are being exercised against the collateral for the above-referenced account, not as a personal liability.

If you have any additional questions, please contact us at 800-850-4622, extension .

Loss Mitigation Department
Loan Servicing

Enclosure

12-12020-mg    Doc 8224    Filed 03/02/15    Entered 03/03/15 16:03:03    Main Document
12-12020-mg    Doc 7967-2    Filed 01/09/15    Entered 01/09/15 10:32:16    Exhibit A
Pg 9 of 9
10/27/2007  8:16  PAGE  005/006  Fax Server
DFW 20M

Exhibit A

10/26/07
Account Number ████2459
Page Four

******************CERTIFIED FUNDS ONLY******************

NOTE: There is no grace period during this Agreement. Pursuant to your request and in order to cure the default on this account, all payments must be received on or before the due date.

RECEIVED AND AGREED:

*Maria M. Thompson* (Seal)        Oct. 30, 2007
MARIA M THOMPSON                  Date
Customer

*Elda Thompson*                    Oct. 30, 2007
ELDA THOMPSON                      Date
Customer

Upon receipt of the signed agreement, we as the Servicer will also execute to indicate our concurrence with this agreement.

_____
Servicer

3:15

## SIGN AND RETURN THIS PAGE ONLY

****************** FAX TO 866-340-5043 ******************