1  Alan Moss
   P.O. Box 721
2  Moss Beach CA 94038
   Telephone:  (415)494-8314
3  Facsimile:  (650)728-0738

4  Attorney *In Propria Personum*

5

6

RECEIVED
MAR - 2 2015
U.S. BANKRUPTCY COURT, SDNY

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

| | | |
|---|---|---|
| IN RE: | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | BANKRUPTCY CASE NO. 12-12020-MG<br>CHAPTER 11<br><br>Jointly Administered<br>(Executive Trustee Services, Case No. 12-12028) |
| RESIDENTIAL CAPITAL, LLC, *ET AL.* | | MOTION FOR REARGUMENT RE: ORDER ENTERED FEBRUARY 13, 2015<br>[Claim No. 4445]<br>Hearing Date: N/A |
| Debtors. | | Hearing Time: N/A |

Pursuant to Local Bankruptcy Rule 9023-1, Claimant Alan Moss respectfully requests that the Court schedule re-argument regarding the Trust's 75th Omnibus Objection, which was previously heard and argued on February 11, 2015.

Said Rule provides:

A motion for reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting

---

MOTION FOR RE-ARGUMENT RE:DEBTOR'S
SEVENTY-FIFTH OMNIBUS OBJECTION TO
CLAIM NO. 4445                                                              BANKRUPTCY ACTION NO. 12-12020-MG

in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion shall set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

The Court, in arriving at its decision sustaining the objection of the Trust, evidently relied on two cases: *Kachlon vs. Markowitz* (2008)168 Cal.App.4th 316 and *Perez vs. Wells Fargo Bank* (2013, N.D. Cal.) 929 F.Supp.2nd 988. In *Kachlon*, a California appellate court held that a trustee, as used in the context of California's deed of trust secured property transaction scheme, cannot be sued for damages arising out of the performance of its statutory duties absent a demonstration of "malice," and that such duties of a trustee in this context were privileged. In *Perez*, the court, after reciting the statutory duties of a trustee, held that the trustee was not a "nominal defendant," that therefore there was not complete diversity and remanded the case back to state court.

Both of these cases assumed that the trustee was lawfully and legally appointed, and therefore possessed all of the powers conferred upon it by statute. Indeed, there is not a hint in these decisions that there was any legal challenge to the power of the trustee to do anything. It simply was not an issue in the decisions. The question was whether the trustee's actions were privileged.

It is respectfully submitted that these cases are inapposite to the instant claim.

The central issue in this claim, based as it is on the underlying lawsuit filed in California, was, and is, that the trustee was negligent in not first determining if it had the legal authority to do anything, not having been legally and lawfully appointed. The lawsuit did not seek monetary damages for ETS's publication of the legal notices set forth in the

statute (which *Kachlon* held to be privileged)[1]; rather, the lawsuit sought damages against ETS for negligently failing to ascertain if it had the power to do anything as regards the claimant–a process which would have taken less than a minute.

No language in *Kachlon* discussed the effect of a "putative" trustee, that is, an entity which was illegally substituted in as a "trustee" but which was ineffective or illegal because the substitution did not conform to the requirements of statute. Pointedly, the Trust has admitted, both in its brief and at oral argument, that ETS was not properly made the trustee because the entity which did file and record the substitution was not a "beneficiary" at the time, and therefore had no power to effectuate the substitution.[2]

The apposite cases are the very few which discuss the effect of actions taken by an entity acting as trustee, but which for a variety of reasons, no longer had the power of a trustee to do anything. There are no reported cases that are factually "on all fours" with the instant case. But the principle is the same: any act so done is of no force and effect.

The relevant controlling cases are *Dimock vs. Emerald Properties* (2000) 81 Cal.App.4th 868 and *Bank of America vs. La Jolla Group II* (2005) 129 Cal.App.4th 706.[3] The Court in *Dimock* stated: "...because Commonwealth had no power to convey his property, its deed to Emerald was void as opposed to merely voidable.. That is, the Commonwealth deed was

---

[1] *See* Civil Code §2924 *et seq.*

[2] It is noted that *Kachlon* was *not* followed in a Federal case, *Perreault vs. NDEX West, LLC*, 2011 WL 11682629. In the *Perreault* case, the plaintiff alleged violation of a subsection of California Civil Code §2924, the same statute that Claimant herein alleges was breached by debtor, and the Court allowed claims for negligence and negligence *per se* to proceed. In FN 9, the Court pointed out that *Kachlon* did not protect the defendant because of any qualified privilege regarding notices: "That authority does not, however, excuse [defendant's] alleged failure to distribute funds in the statutorily prescribed manner following a foreclosure sale."

[3] *See* also other cases and authorities cited in claimant's responding brief at P. 10-12

a complete nullity with no force or effect as opposed to one which maybe set aside but only through the intervention of equity." In these two case, and their progeny, the California Courts of Appeal held that an entity purporting to be a trustee, but who was improperly substituted in contravention of statute[4], had no power to do anything. Pointedly, neither of these cases or cases thereunder, required any showing of "malice" in order to pursue the case. That is because the basis of the *Kachlon* decision, the immunity provisions of California Civil Code §2924 and the privilege provisions of California civil Code §47, were not invoked.

The complaint upon which this claim is based alleges that ETS was negligent in failing to ascertain whether it was properly made the trustee in this matter, and therefore whether it had the power to do anything.[5] But for this bankruptcy, this case would have gone to a jury to decide if, as in all other negligence cases, a "reasonable" trustee would simply assume it was properly substituted in as trustee, especially given the stakes involved, or whether it acted unreasonably in not ascertaining whether it had the power to perform the typical acts of a trustee. The allegations in the complaint, at Paragraph 29, are that "ETS negligently failed to examine the chain-of-title of the subject property and negligently failed to determine that it had in fact been legally and properly substituted in as trustee..."; further, in Paragraph 31, "ETS breached the duty of care it owed to plaintiff." As a direct and proximate result of this negligence of ETS, plaintiff sustained damage. Paragraph 32.[6]

---

[4] *See* California Civil Code §2934a.

[5] *See* Complaint in Action No. 505386, Superior Court of California in and for the County of San Mateo, attached as Exhibit One to Doc 7667, filed October 16, 2014.

[6] It is necessary to point out, although not discussed at oral argument, that, for the reasons set forth in claimant's brief, ETS defaulted in the underlying case, thereby admitting the allegations of the complaint.

1    Pointedly, the complaint, and therefore the claim, did not seek damages for the
2 publication of statutorily required notices, but rather for failing to ascertain its status.
3    But there is simply no California case, officially reported or otherwise, that
4 holds that a putative trustee is subject to the "malice" requirement when sued for what is
5 admittedly its illegal actions. *Kachlon* does not apply.

## CONCLUSION

For the foregoing reason, claimant respectfully requests that this request be granted.

Dated: February 25, 2015        Respectfully Submitted,

_____
ALAN MOSS

Attorney *In Propria Personum*

---

MOTION FOR RE-ARGUMENT RE:DEBTOR'S
SEVENTY-FIFTH OMNIBUS OBJECTION TO
CLAIM NO. 4445                                     - 5 -                    BANKRUPTCY ACTION NO. 12-12020-MG

# PROOF OF SERVICE

**COURT:** U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**CASE NAME:** RESCAP

**ACTION NO.:** BANKRUPTCY NO. 12-12020-MG

I am employed in the County of San Francisco, California. I am over the age of 18 and not a party to the within action. On this date, I served the following:

**Motion For ReArgument**

on the party(ies) set out in said document by causing a true copy thereof to be:

[ ] Telecopied via facsimile to the addressee's facsimile number listed below per CRC 2008(b).

[ ] Telecopied via facsimile to the addressee's telephone number listed below, and thereafter mailed according to the procedures set forth immediately hereinbelow.

[ X ] By U.S. priority OVERNIGHT mail, by placing said document(s) in a sealed envelope with first class postage thereon fully prepaid, and then deposited in a U.S. Post Office.

[ ] By U.S. mail, Return Receipt Requested, by placing said document(s) in a sealed envelope with appropriate postage thereon fully prepaid and then placed in the designated office area for outgoing mail.

[ ] Delivered by hand to the person set forth below, or by handing said document in a sealed envelope to a messenger service for delivery as addressed.

[ ] Sent via Priority overnight mailing, by handing said document in a sealed envelope to an agent for the USPS for overnight delivery.

and if mailed, addressed as follows and sent to the following address(es):

Hon. Martin Glenn(Chambers Copy)
Judge of the U.S. Bankruptcy Court in and for the
  Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York New York 10004-1408

Clerk's Office(Filing Copy)
U.S. Bankruptcy Court in and for the
  Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York New York 10004-1408

---

MOTION FOR RE-ARGUMENT RE:DEBTOR'S
SEVENTY-FIFTH OMNIBUS OBJECTION TO
CLAIM NO. 4445                                    - 6 -                    BANKRUPTCY ACTION NO. 12-12020-MG

1  Morrison and Foerster LLP
   ATTN: Norman S. Rosenbaum
2  250 West 55th Street
3  New York New York 10019

4  ResCap Borrowers Trust
   Polsinelli PC
5  ATTN: Daniel J. Flanigan
   900 Third Avenue, 21st Floor
6  New York New York 10022

7  Office of the U.S. Trustee for the
      Southern District of New York
8  ATTN: Linda A. Rifkin & Brian S. Masumoto
   U.S. Federal Office Building
9  201 Varick Street, Suite 1006
   New York New York 10014
10
         I declare under penalty of perjury under the laws of the State of California that
11 the foregoing is true and correct.

12       Executed this __26th__ day of February, 2015, at San Francisco, California.

13       _____