**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER REGARDING LETTERS FILED WITH RESPECT TO**
**THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO**
**CLAIM NUMBER 5067 FILED BY GWENDELL L. PHILPOT**

The ResCap Borrower Claims Trust (the "Trust") filed an objection (the "Claims Objection," ECF Doc. # 7760) to Claim Number 5067 (the "Claim") filed by Gwendell L. Philpot ("Philpot"), which is scheduled to be heard on March 31, 2015 (the "Hearing"). The Trust filed a letter, dated February 3, 2015 (the "Trust's Letter," ECF Doc. # 8057), setting forth that the Trust is in receipt of a subpoena, dated January 16, 2015 (the "Subpoena"), which requests documents purportedly related to the Claim and the Claims Objection by February 16, 2015. In the Trust's Letter, the Trust requested that the Hearing be treated as a pretrial conference and that compliance with the Subpoena be stayed pending the outcome of the Hearing.

On February 11, 2015, the Court entered an order (the "Prior Order," ECF Doc. # 8110), directing Philpot to respond to the Trust's Letter, indicating whether Philpot consents that (1) the Hearing be treated as a pretrial conference; and (2) compliance with the Subpoena be stayed pending the outcome of the Hearing. By letter dated February 14, 2015 ("Philpot's Letter," ECF Doc. # 8139), Philpot responded to the Prior Order. Philpot's Letter attaches a letter dated February 7, 2015, which responded to the Trust's Letter and was purportedly sent to the Court, but not reviewed by the Court, before the Prior Order was entered.

Consistent with Philpot's prior letter, Philpot's Letter sets forth that Philpot consents that the Hearing be treated as a pretrial conference, provided that (i) "no other issues or considerations of the Claims Objection or such motions for dismissal or quash be heard at the pretrial conference;" and (ii) the Hearing and his deadline to respond to the Claims Objection be adjourned to provide the Trust time to deliver documents requested by the Subpoena and to allow Philpot adequate time to consider such documents and file a response to the Claims Objection. (ECF Doc. # 8139 at 1–2.) Philpot's Letter also indicates that Philpot would consent that compliance of the Subpoena be stayed pending the outcome at the Hearing, under the condition that the Trust "stipulate that the Debtors' payment processing system failed as stated in the [] Claim, causing the failure of the payment to be properly made and credited on September 30, 2008, and allowing such stipulation to be entered as evidence in the Hearing, with no further objection of said position of the [] Claim as to that fact . . . ." (*Id.* at 2.) Philpot stated that he had no objection to the Hearing continuing as scheduled if such stipulation were made by February 20, 2015. Philpot further requested that he be allowed to file documents with the Clerk of the Court by e-mail.

The Court has considered the parties positions, as set forth in their letters.

**NOW, THEREFORE**, it is hereby

**ORDERED**, that, unless the parties agree to an adjournment of the Hearing, the Hearing shall go forward on March 31, 2015 as a pretrial conference; and it is hereby

**ORDERED**, that the Trust's compliance with the Subpoena is hereby stayed until the Hearing, at which time the Court will consider whether to direct the Trust to comply with the Subpoena; and it is hereby

**ORDERED**, that this Order shall not limit or prejudice any rights Philpot may have with respect to the Subpoena; and it is hereby

**ORDERED**, that Philpot's request to file documents with the Clerk of the Court by e-mail is hereby denied; and it is hereby

**ORDERED**, that counsel to the Trust shall serve a copy of this Order on Philpot by overnight mail.

Dated:   March 4, 2015
         New York, New York

                                        /s/Martin Glenn
                                        MARTIN GLENN
                                        United States Bankruptcy Judge