## Exhibit 1

## Proposed Order

ny-1166565

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE RESCAP LIQUIDATING TRUST AND THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NOS. 112, 114, 416, AND 417 FILED BY ERLINDA ABIBAS ANIEL, FERMIN SOLIS ANIEL, AND MARC JASON ANIEL**

Upon the *ResCap Liquidating Trust and ResCap Borrower Claims Trust's Objection to Claim Nos. 112, 114, 416, and 417 Filed by Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel* (the "Objection"), of the ResCap Liquidating Trust (the "Liquidating Trust") as successor to Residential Capital, LLC, and its affiliated debtors and debtors in possession (collectively, the "Debtors") and the ResCap Borrower Claims Trust (the "Borrower Trust", and with the Liquidating Trust, the "Trusts") as successor to the Debtors with respect to Borrower Claims, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging proofs of claim nos. 112, 114, 416, and 417 (collectively, the "Claims") on the basis that the Debtors have no liability with respect to the Claims; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

ny-1177301

due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection, the *Declaration of Kathy Priore in Support of the ResCap Liquidating Trust and ResCap Borrower Claims Trust's Objection to Claim Nos. 112, 114, 416, and 417 Filed by Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel* annexed thereto as Exhibit 2; and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Liquidating Trust and ResCap Borrower Claims Trust's Objection to Claim Nos. 112, 114, 416, and 417 Filed by Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel*, annexed thereto as Exhibit 3; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trusts, the Trusts' beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claims Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims are hereby disallowed and expunged in its entirety with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Claims so that they are no longer maintained on the Debtors' Claims Register; and it is further

ORDERED that the Trusts are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ny-1177301

ORDERED that notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Claim; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated:_____, 2015
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　THE HONORABLE MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　UNITED STATES BANKRUPTCY JUDGE

3

ny-1177301