# Exhibit 2

**Priore Declaration**

ny-1166565

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF KATHY PRIORE IN SUPPORT OF THE RESCAP LIQUIDATING TRUST AND THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NOS. 112, 114, 416, AND 417 FILED BY ERLINDA ABIBAS ANIEL, FERMIN SOLIS ANIEL, AND MARC JASON ANIEL**

I, Kathy Priore, hereby declare as follows:

1. I serve as Associate Counsel for the ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Associate Counsel in the legal department of Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). I joined ResCap on May 1, 2008 as in-house litigation counsel. Prior to my in-house litigation counsel position, I held various roles within the legal department at ResCap.

2. In my role as Associate Counsel at ResCap, I was responsible for the management of litigation, including, among others, residential mortgage-related litigation. In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the chapter 11 cases, including the borrower litigation matters pending before this Court. In my current position as Associate Counsel to the

1

ny-1177294

Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust and the Borrower Claims Trust (the "Borrower Trust") in connection with the claims reconciliation process.[1] I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Liquidating Trust and ResCap Borrower Claims Trust's Objection to Claim Nos. 112, 114, 416, and 417 Filed by Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel* (the "Objection").[2]

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

4. In my current and former capacities as Associate Counsel to the Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' Books and Records (the "Books and Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or other Liquidating Trust personnel have reviewed and analyzed the proof of claim forms and supporting documentation filed by the Claimants. Since

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.
[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

2

ny-1177294

the Plan went effective and the Borrower Trust was established, I, along with other members of the Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

5.  On June 9, 2012, the Claimants filed claim no. 112 asserting a $10,000.00 general unsecured claim and a $1,075,000.00 secured claim against Debtor Executive Trustee Services ("ETS") and claim no. 114 asserting the same against Debtor GMAC Mortgage, LLC ("GMAC"). See Estiva Property Claims, attached hereto as Exhibit A. On August 20, 2012, the Claimants filed claim nos. 416 and 417 asserting unliquidated claims against GMACM and ETS, respectively. See Aniel Property Claims, attached hereto as Exhibit B.

6.  The Debtors have taken steps in these Chapter 11 Cases to afford Borrowers who have filed proofs of claim additional protections, as set forth in the Borrower Claim Procedures approved by the Procedures Order. A Request Letter was sent to the Claimants and the Liquidating Trust and the Borrower Trust received responses on July 11 and July 13, 2013, which are attached hereto as Exhibit C.

Claims 112 and 114 – The Estiva Property Claims

7.  On March 22, 2007, Raul Estiva and Corazon Estiva (the "Estivas") obtained a loan from non-Debtor MortgageIT in the amount of $1,000,000.00 (the "Estiva Loan"), evidenced by a note (the "Estiva Note") and secured by a deed of trust (the "Estiva Deed

3

ny-1177294

of Trust") on property located at 801 Foothill Drive, San Mateo, CA 94402 (the "Estiva Property"). Copies of the Estiva Note and the Estiva Deed of Trust are attached hereto as Exhibit D and Exhibit E, respectively. The Estiva Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("MERS") as the nominee for the lender and the lender's successors and assigns and the beneficiary of the instrument. See Estiva Deed of Trust. The Claimants' names were not on the Estiva Deed and were not identified as co-borrowers on the Estiva Note. See Estiva Note and Estiva Deed, see also Estiva Property Action Complaint (defined below), attached to the Estiva Property Claims as Exhibit A.

8. GMACM acted as the subservicer for the Estiva Loan. GMACM subserviced the Estiva Loan from March 2007 until the foreclosure sale on March 10, 2011. The Estiva Loan was transferred to HSBC Bank U.S.A. as Trustee for DALT 2007-AO3 ("HSBC") on or around May 1, 2007. The assignment of the Estiva Deed of Trust (the "Estiva Assignment") was recorded on July 16, 2009, a copy of which is attached hereto as Exhibit F.

9. On December 17, 2008, Debtor ETS Services, LLC recorded a notice of default (the "Estiva 2008 Notice of Default"), because the Estivas had not made a payment since September 8, 2008. A copy of the Estiva 2008 Notice of Default is attached hereto as Exhibit G. Also, on December 17, 2008, prior to recording the Estiva 2008 Notice of Default, ETS recorded a substitution of trustee (the "Estiva 2008 Substitution of Trustee") in the San Mateo County Recorder's Office. A copy of the Estiva 2008 Substitution of Trustee is attached hereto as Exhibit H. The Estivas failed to cure their default, and on March 20, 2009, a Notice of Trustee's Sale (the "Estiva 2009 Notice of Trustee Sale") was recorded in the San Mateo County Recorder's Office. A copy of the Estiva 2009 Notice of Trustee Sale is attached hereto as

Exhibit I.  The sale was continued because the Estivas requested a loan modification; however, the Estivas never submitted a loan modification application.

   10. On February 25, 2009, Fermin Solis Aniel and Erlinda Abibas Aniel filed a chapter 11 bankruptcy petition in the Northern District of California.  See Aniel Bankruptcy Docket, attached hereto as Exhibit J. On their amended schedules, the Claimants listed a 50% interest in the Estiva Property.  See Bankruptcy Schedules, attached hereto as Exhibit K. The chapter 11 was converted to a chapter 7 on August 4, 2010 and the Claimants received a discharge on December 2, 2010.  See Discharge Order, attached hereto as Exhibit L.  On November 2, 2010, prior to the discharge, the trustee in the Claimant's bankruptcy case abandoned the Claimants' purported interest in the Estiva Property.  See Order Authorizing Abandonment of Property, attached hereto as Exhibit M.

   11. A second Notice of Trustee Sale was recorded on December 31, 2010 (the "Estiva 2010 Notice of Trustee Sale") in the San Mateo County Recorder's Office.  A copy of the Estiva 2010 Notice of Trustee Sale is attached hereto as Exhibit N.  The 2010 Notice of Trustee Sale set the sale of the Estiva Property for January 27, 2011.  At the auction the sale was postponed and continued to February 9, 2011.

   12. On February 2, 2011, the Claimants filed a civil action (the "Estiva Property Action") in the California Superior Court, County of San Mateo (the "Superior Court") against, inter alia, GMACM, ETS, HSBC, and MERS (the "Estiva Property Action Defendants") (*Aniel v. ETS Services, LLC et al*, case number CIV502857).  See Estiva Property Action Docket, attached hereto as Exhibit O.

   13. On February 3, 2011, two months after the Claimants received their bankruptcy discharge, a grant deed was recorded in the San Mateo County Recorder's Office that

5

ny-1177294

purported to transfer a 1% interest in the Estiva Property to each of the Claimants. A copy of the Estiva 2011 Grant Deed is attached hereto as Exhibit P.

14. On March 7, 2011, the Estiva Property Action Defendants, including the Debtors, responded by demurrer on grounds that the Claimants lacked standing to bring the Estiva Property Action and that the Claimants failed to sufficiently plead the causes of action in the complaint. See Estiva Property Action Docket.

15. On March 10, 2011, the Estiva Property reverted to HSBC as Trustee at a public auction. The trustee's deed upon sale in favor of HSBC as Trustee was recorded on April 21, 2011. A copy of the trustee's deed upon sale is attached hereto as Exhibit Q. HSBC sold the property to a third party by grant deed dated February 29, 2012 and recorded on March 29, 2012, a copy of which is attached hereto as Exhibit R.

16. On June 8, 2011, the Superior Court sustained the demurrer without leave to amend as to all causes of action on the grounds that the Claimants lacked standing to pursue the Estiva Property Action because they were not borrowers under the Estiva Loan (the "Superior Court Decision"). See Superior Court Decision, attached hereto as Exhibit S.

17. On February 2, 2012, the Claimants filed their notice of appeal of the Superior Court Decision. See Estiva Property Action Docket. The appeal was stayed pending the Debtors' bankruptcy case.

Claims 416 and 417 – The Aniel Property Claims

18. On June 4, 2007, Erlinda Aniel refinanced an existing loan from Mortgage IT in the amount of $2,000,000.00 (the "Aniel Loan"), evidenced by a note (the "Aniel Note"). The Aniel Loan was secured by a deed of trust (the "Aniel Deed of Trust"), executed by all of the Claimants, on property located at 75 Tobin Clark Drive, Hillsborough, California (the "Aniel

6

ny-1177294

Property"). Copies of the Aniel Note and the Aniel Deed of Trust are attached hereto as <u>Exhibit T</u> and <u>Exhibit U</u>, respectively. The Aniel Deed of Trust named Mortgage Electronic Registration Systems, Inc. ("<u>MERS</u>") as the nominee for the lender and the lender's successors and assigns and the beneficiary of the instrument. See Aniel Deed of Trust.

19. On or around July 1, 2007, the Aniel Loan was transferred to HSBC Bank U.S.A. as Trustee for DALT 2007-AO5 ("<u>HSBC Bank</u>"). The assignment of the Aniel Deed of Trust (the "<u>Aniel Assignment</u>") was recorded on August 24, 2009, a copy of which is attached hereto as <u>Exhibit V</u>.

20. GMACM acted as the subservicer for the Aniel Loan. See Aniel Payment Letter, attached hereto as <u>Exhibit W</u>. GMACM subserviced the Aniel Loan from the origination until servicing was transferred to Ocwen Financial Corporation ("<u>Ocwen</u>") on February 16, 2013.

21. On September 29, 2008, ETS recorded a substitution of trustee (the "<u>Aniel 2008 Substitution of Trustee</u>") in the San Mateo County Recorder's Office, noting MERS as the beneficiary of the Aniel Deed of Trust. A copy of the Aniel 2008 Substitution of Trustee is attached hereto as <u>Exhibit X</u>. Also on September 29, 2008 (after the Aniel 2008 Substitution of Trustee was recorded), ETS recorded a notice of default (the "<u>Aniel 2008 Notice of Default</u>"), as the Claimants had not made a payment since June 17, 2008. A copy of the Aniel 2008 Notice of Default is attached hereto as <u>Exhibit Y</u>.

22. On November 3, 2008, the Debtors spoke to the Claimants' authorized third party via phone, at which time the authorized party requested a workout package for a possible loan modification. See Aniel Servicing Notes, attached hereto as <u>Exhibit Z</u>. On November 19, 2008, the Debtors received a short sale package from the Claimants. See <u>id</u>. On

7

December 8 and December 17, 2008, the Claimants' authorized representative called in requesting an update of the loan modification and the Debtors advised that the loan was under review for a short sale. See id. At that time, the Claimants' representative stated that the Claimants would like to be reviewed for a loan modification. See id.

        23.      The Claimants did not cure their default, and on January 2, 2009, a Notice of Trustee's Sale (the "Aniel 2009 Notice of Trustee Sale") was recorded in the San Mateo County Recorder's Office. A copy of the Aniel 2009 Notice of Trustee Sale is attached hereto as Exhibit AA.

        24.      The Debtors received a workout package on January 16, 2009. See Aniel Servicing Notes. This package was incomplete, and a ten day missing items letter was mailed to the Claimant on January 16, 2009. See id. The Debtors did not receive a completed package from the Claimants. See id. The Debtors also spoke with the Claimants' authorized third party via phone on January 19, 2009, at which time the Debtors advised that party the Debtors cannot approve the Aniel Loan for modification because the financial information provided by the Claimants indicated the Claimants were overextended by $4,460.94 a month. See id.

        25.      On February 25, 2009, the Claimants filed a chapter 11 bankruptcy petition in the Northern District of California. See Aniel Bankruptcy Docket. The chapter 11 was converted to a chapter 7 proceeding on August 4, 2010 and the Claimants received a discharge on December 2, 2010. See Aniel Discharge Order. On November 2, 2010, the Aniel Property was abandoned because the Trustee determined that it had inconsequential value to the estate because the property was encumbered by the security interest of the owner of the Aniel Loan. See Trustee's Response to Motion to Compel, attached hereto as Exhibit BB.

8

26.     On February 1, 2011, HSBC Bank assigned the Aniel Deed to GMACM. See 2011 Assignment, attached hereto as Exhibit CC. On July 1, 2011, a Notice of Rescission of Notice of Default was recorded because the Aniel 2008 Notice of Default was too old and the Debtors needed to start the foreclosure process over. See Rescission of Default, attached hereto as Exhibit DD.

27.     Because of the continued delinquency of the Aniel Loan, GMACM attempted to call the Claimants on August 17, 18, and 19, 2011; however, the Debtors never were contacted by the Claimants.

28.     On October 11, 2011, GMACM sent a letter to the Claimants providing its phone numbers for its loss mitigation department and the Department of Housing and Urban Development, as well as a link to GMACM's internet site for further information regarding options to avoid foreclosure. See October 11 No Contact Letter, attached hereto as Exhibit EE. After receiving no response from the Claimants, the Debtors attempted to call six additional times on January 25, 26, and 30, 2012 in order to assess the Claimants' financial situation and explore options to avoid foreclosure. See Aniel Servicing Notes. Each time there was no answer. See id. After again receiving no response, the Debtors sent another letter, on February 14, 2012, providing the same information as was provided in the October letter. See February 14 No Contact Letter, attached hereto as Exhibit FF. There is nothing in the Debtors' books and records to indicate these letters were returned as undeliverable.

29.     On April 27, 2012, ETS recorded another substitution of trustee (the "Aniel 2012 Substitution of Trustee") in the San Mateo County Recorder's Office. A copy of the Aniel 2012 Substitution of Trustee is attached hereto as Exhibit GG. On April 27, 2012, after still receiving no communication from the Claimants, the Debtors recorded a notice of default

9

ny-1177294

(the "Aniel 2012 Notice of Default"). At the time, the Claimants had not made a payment since June 17, 2008. A copy of the Aniel 2012 Notice of Default is attached hereto as Exhibit HH. The Claimants failed to cure their default, and on August 1, 2012, a Notice of Trustee's Sale (the "Aniel 2012 Notice of Trustee Sale") was recorded in the San Mateo County Recorder's Office. A copy of the Aniel 2012 Notice of Trustee Sale is attached hereto as Exhibit II. The Sale was scheduled for August 27, 2012. See Aniel 2012 Notice of Trustee Sale.

        30. The Claimants made a request to GMACM to validate their debt (the "Debt Validation Request"), on or around May 10, 2012. The Debtors received the letter on May 17, 2012 and acknowledged the request on May 17, 2012, which was within the required five business day period. See Acknowledgement Letter, attached hereto as Exhibit JJ. On June 8, 2012, the Debtors responded to the letter. See Response Letter, attached hereto as Exhibit KK.

        31. On August 9, 2012, the Claimants filed a civil action (the "Aniel Property Action") in the United States District Court for the Northern District of California (the "District Court") against, inter alia, GMACM and ETS (the "Aniel Defendants") (*Aniel v. GMAC Mortgage, LLC et al*, case number 4:12-cv-04201-SBA). See Aniel Property Action Docket, attached hereto as Exhibit LL; see also Aniel Property Action Complaint, attached to the Aniel Property Claims. On August 28, 2012, the Debtors filed a notice of bankruptcy in the Aniel Property Action. On October 15, 2012, the Debtors then filed an answer. See Aniel Property Action Docket.

        32. On August 15, 2012, the Claimants filed an *ex parte* application for a temporary restraining order to halt the trustee's sale. On September 11, 2012, the Debtors filed an opposition to that application. On September 26, 2012, the District Court denied the

10

ny-1177294

application on grounds that the Claimants were not likely to succeed on the merits and did not raise serious questions going to the merits. A copy of the District Court Order is attached hereto as Exhibit MM. A foreclosure sale has not yet been completed on the Aniel Property, and upon information and belief, the Claimants remain in the home.

33.     Pursuant to a MERS Corporate Resolution dated April 29, 2009, Jeffrey Stephan and Janine Yamoah were appointed as assistant secretaries and vice presidents of MERS. See MERS Corporate Resolution, attached hereto as Exhibit NN.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 5, 2015

/s/  Kathy Priore
Kathy Priore
Associate Counsel for ResCap Liquidating Trust

11

ny-1177294