**Exhibit BB**

```
MacCONAGHY & BARNIER, PLC
JOHN H. MacCONAGHY, SBN 83684
JEAN BARNIER, SBN 231683
MONIQUE JEWETT-BREWSTER, SBN 217792
645 First St. West, Suite D
Sonoma, California 95476
Telephone:  (707) 935-3205
Facsimile:   (707) 935-7051
Email:        mjewett-brewster@macbarlaw.com

Attorneys for Trustee
JANINA M. ELDER
```

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| In re | ) | Case No. 09-30452 DM |
|---|---|---|
| FERMIN SOLIS ANIEL and ERLINDA ABIBAS ANIEL, | ) ) ) ) ) | (Chapter 7) **TRUSTEE'S RESPONSE TO MOTION TO COMPEL TRUSTEE TO ABANDON DEBTORS' PROPERTIES** |
| Debtors. | ) ) ) ) ) ) | Date: November 12, 2010 Time: 10:00 a.m. San Francisco Courtroom 22 Hon. Dennis Montali |

Janina M. Elder, Trustee in Bankruptcy of the Estate of Fermin Solis Aniel and Erlinda Abibas Aniel ("Trustee"), hereby files her Response to the Debtors' *Motion to Compel Trustee to Abandon Debtors' Properties* ("Motion to Compel").

**I.    LEGAL STANDARD FOR ABANDONMENT OF ESTATE PROPERTIES PURSUANT TO 11 U.S.C. § 554 OF THE BANKRUPTCY CODE**

Section 554(b) of the Bankruptcy Code provides, in pertinent part, that "on request of a party in interest and after notice and a hearing, the court may order the trustee to abandon any property of the estate that is <u>burdensome to the estate or that is of inconsequential value and</u>

1  benefit to the estate." *Id.* (emphasis supplied). Courts in this circuit have determined that
2  abandonment pursuant to Section 554 is proper only when the party seeking abandonment can
3  establish that the property at issue is indeed burdensome, or of inconsequential value and benefit
4  to the estate. *See, e.g., In re Viet Vu*, 245 B.R. 644, 647 (9th Cir. BAP 2000); *In re Sullivan &*
5  *Lodge, Inc.*, 2003 U.S. Dist. LEXIS 14616, *11 (N.D. Cal. 2003). Notably, when the trustee
6  does not oppose a motion to compel abandonment, the court must "focus . . . upon the reasons
7  underlying the trustee's determination and affirm a decision which reflects a business judgment
8  made in good faith, upon a reasonable basis and within the scope of [her] authority under the
9  Code." *See Sullivan,* 2003 U.S. Dist. LEXIS 14616 at *11, quoting *In re Wilson*, 94 B.R. 886,
10 888 (Bankr. E.D. Va. 1989).

11     It is well-settled that abandonment of encumbered real property of the estate is proper
12 where equity remaining in such property, if any, is of inconsequential value and benefit to the
13 estate. *In re Montanaro*, 307 B.R 194 (Bankr. E.D. Cal. 2004)(granting debtors' motion to
14 compel trustee's abandonment of debtors' residence where residence was exempt and equity was
15 of inconsequential value to the estate); *see also In re Nelson*, 251 B.R. 857 (8th Cir. BAP
16 2000)(trustee compelled to abandon real properties where, among other things, trustee admitted
17 that debtors had no equity in the properties and sale would not generate any benefit for the
18 estate).

19     Furthermore, courts have recognized a trustee's authority to abandon causes of action
20 which have inconsequential value to the estate. *See In re Yack*, 2009 Bankr. LEXIS 4554, at *20
21 (9th Cir. BAP 2009); *In re Moore*, 110 B.R. 924, 927 (Bankr. C.D. Cal. 1990)(noting that the
22 trustee must determine, in her sound business judgment, what disposition is in the best interests
23 of the estate.). As observed by the district court for the Northern District of California:

24 > "Claims do not become valueless for section 554 purposes because a trustee declines to pursue them; rather, a trustee may decline to pursue a
25 > claim if that claim has no value . . . . Charged with the duty of maximizing the value of the estate, . . . a trustee may abandon a cause of action only
26 > when [she] deems its value to be less than the cost of asserting it."

*Sullivan, supra,* at *11-12 (internal citations omitted).

### A. The Trustee Does Not Oppose Abandonment of the Real Properties and Causes of Action Subject of the Motion to Compel Because Such Property Is of Inconsequential Value and Benefit to the Estate

As set forth in the accompanying Declaration of Janina M. Elder, the Trustee's investigation into the assets of the estate leads the Trustee to conclude that the Debtors' real properties, and the causes of action which the Debtors assert against various "pretender lenders", hold little to no value for the estate.

The Court is well familiar with the background of this bankruptcy case. The Debtors, while vehemently disputing their secured creditors' standing to seek relief from the automatic stay to exercise their state court remedies, completely failed to save such properties from foreclosure by tendering post-petition adequate protection payments. Indeed, it is the Trustee's understanding and belief that the Debtors have failed to make <u>any</u> payments on the notes secured by the seven real properties disclosed in the amended schedules during the pendency of their bankruptcy case. Furthermore, based on the proofs of claim filed in this case, the Debtors also owe significant pre-petition arrears on these various secured notes. Given that the properties are all underwater, and the fact the Court has granted relief from the automatic stay with regard to five out of the seven properties at issue, the Trustee believes that these properties have inconsequential value and benefit to the Chapter 7 estate.

Likewise, the Trustee has thoroughly investigated the "pretender lender" litigation. While such litigation may have value to the Debtors (if only to ensure that they have their "day in court" to contest the lenders' standing to foreclose), the Trustee believes that the claims do not have enough value to the <u>estate</u> to justify the costs of litigation to pursue such claims. Particularly, in the *Aniel v. Aurora Loan Services, et al.* litigation (Case No. 10-1042), the district court already has dismissed all claims against defendants Mortgage Electronic Registration Systems, Inc. ("MERS") and Quality Loan Services Corp. ("Quality") <u>with prejudice</u>. While the

district court granted the Debtors leave to amend certain of their claims against remaining defendants Aurora and McCarthy and Holthus, LLP ("McCarthy"), both Aurora and McCarthy have filed motions to dismiss the Debtors' First Amended Complaint, which motions remain pending. Similarly, in the *Aniel v. Litton Loan Services, L.P., et al.* litigation (Case No. 10-0951), defendants Litton Loan Services and Quality have filed motions to dismiss; and the district court clerk declined to enter defendant MERS' default in that suit, so the Trustee anticipates that MERS likely will defend itself in that case, as it did in the *Aurora* litigation.

## CONCLUSION

It is the Trustee's business judgment that the merits of the Debtors' "pretender lender" claims simply do not warrant the estate's expense of continued prosecution of those suits. For the reasons state above, it is also the Trustee's conclusion that the Debtors' real properties hold little to no value for the estate. In closing, the Trustee does not oppose the Debtors' Motion to Compel, and requests that the Court enter its order abandoning the estate's interests in these real properties and claims.

Dated: October 29, 2010

                              Respectfully submitted,

                              MACCONAGHY & BARNIER, PLC


                              /s/ Monique Jewett-Brewster
                              Monique Jewett-Brewster
                              *Attorneys for Janina M. Elder,*
                              *Trustee in Bankruptcy*