**Exhibit KK**

GMAC Mortgage

June 8, 2012

June 8, 2012

Erlinda Aniel
75 Tobin Clark Drive
Hillsborough CA 94010

RE: Account Number 8492
Property Address 75 Tobin Clark Drive
Hillsborough CA 94010

Dear Erlinda Aniel:

This is in response to your letter dated May 10, 2012, and received in our office May 17, 2012.

As previously addressed, our records indicate this debt was discharged through a Chapter 7 bankruptcy. The account is properly noted to ensure no collection activity occurs (i.e. collection phone calls or letters). The discharge of the personal liability for repayment of the debt is not the same as a release of the lien on the property, as the lien on the property is not removed, just your personal liability to pay. Therefore, the discharge of the bankruptcy releases personal liability; however, not the lien.

If the account is not maintained, GMAC Mortgage, LLC has the right to protect our interest in the property up to and including a foreclosure sale.

I encourage you to contact your Bankruptcy attorney for any additional inquiries you may have regarding this account. It is our understanding the bankruptcy court denied your objection to the proof of claim.

The following responses are in the same order as your letter:

1. The Qualified Written Request (QWR) response was sent on February 17, 2010.
2. Reinstatement on the account through June 30, 2012 is as follows:
   - 8 payments (July 2008 to February 2009) at $7,503.94 $60,031.52
   - 14 payments (March 2009 to April 1, 2010), at $9,824.64 $137,544.96
   - 16 payments( May 2010 to August 2011), at $9,878.18 $158,050.88
   - 6 payments (September 2011 to February 2012), at $14,889.14 $89,334.84
   - 2 payments (March 2012 and April 2012), at $21,267.16 $42,534.32
   - 2 payments (May 1, 2012 and June 2012), atv$18,012.61 $36,025.22
   - Late charges $19,734.96
   - Attorney fees/costs $7,013.23
   - Outstanding fees costs $2,756.81
   - Inspection costs $222.88
   - Broker price opinion $269.00
   - Payoff statement fee $60.00

   TOTAL DUE $553,578.62
3. A response to the validity of the debt was sent November 1, 2011.

4.-7. Our records do not reflect documentation to support your claims.

If you have further questions regarding this matter please contact me at 1-800-627-0128 extension 2365387
If you have further questions regarding this matter please contact me at 1-800-627-0128 extension 2365387
or direct at 319-236-5387.

Sincerely,

Denise Jungen
Executive Account Manager

Notice Regarding Bankruptcy: If you have filed for bankruptcy and your case is still active and/or if you have received a discharge, please be advised that this is not an attempt to collect a pre-petition or discharged debt. Any action taken by GMAC Mortgage, LLC is for the sole purpose of protecting our lien interest in your property and not to recover any amounts from you personally. If you have surrendered the property during the bankruptcy case, you may disregard this notice.

Erlinda Aniel
75 Tobin Clark Dr.
Hillsborough, Ca 94010
Hillsborough, Ca 94010

May 10, 2012

Executive Trustee Services, LLC
2255 North Ontario Street, Suite 400
Burbank, Ca 91504-3120

T.S. No. Ca 1200053786
Loan No. [redacted]8492

An Opposition to DEBT Validation NOTICE

Dear Debt Collector:

As you may know, you are collecting a debt that has been discharged by operation of law through the Bankruptcy Code Section 727 of Title 11. This debt has been discharged as of December 2, 2010, and the bankruptcy Trustee closed my bankruptcy estate on February 04, 2011. You did not acquire interest in the loan till after the Bankruptcy Court had already discharged the liability on the loan. Accordingly, since you are a debt collector trying to collect a discharged debt, you are in a violation of that order under Title 11 of the United States Bankruptcy Code.

Collection of a Discharged Debts is Prohibited:

The discharged prohibits any attempt to collect a debt from the debtor a debt that has been discharged. For example, a creditor is not permitted to contact a discharged debtor by mail, phone, or otherwise, to file or continue a lawsuit, to attached wages or other property, or to take any other action to collect a discharged debt from the debtor.

Since, you are representing GMAC Mortgage, LLC, a sub-loan servicer and not the original creditor on my deed of trust, you as a debt collector, and should be bound by this law. A creditor who violates this order can be required to pay damages and attorneys fees to the debtors.

Your debt validation notice did not comply with State and Federal Laws and we are disputing it.

1. We disputed we owed this debt to a sub-loan servicer to GMAC Mortgage, LLC (successor by merger to GMAC Mortgage Corporation) as claimed in debt validation notice and notice of default which we received a copy with no recordation date. We deny that GMAC is the current creditor because GMAC is only the sub-loan servicer of our discharged Note. GMAC, as sub servicer for HSBC as TRUSTEE for DALT 2007-0A5's, refused to acknowledge that my deed of trust and note belongs to them. GMAC's response to our

Qualified Written Request is claiming that HSBC is the creditor of our loan. That is the reason why the debt was discharged because it is an unsecured debt because HSBC and GMAC, as a sub-servicer, failed to perfect the lien in Bankruptcy. This does not include the GMAC, as a sub-servicer, failed to perfect the lien in Bankruptcy. This does not include the big scandal about ROBO-signing documents that resulted in a 25 billion dollar settlement, where GMAC was named as the leading ROBO-signers culprit by using their employees like Jeffrey Stephan to sign documents with no personal knowledge of what he is signing.

2.      You stated that as of 4/21/12, the total delinquency owed was $516,041.70:
        a.      Kindly state how did you arrive at such amount listed on question Number 2?
        b.      Kindly give us an accounting of that figure you stated since the debt of $2,051,000.00 has been eliminated through my bankruptcy, and was reported in my credit report that I owed nothing to GMAC.
        c.      Kindly state why, as of 4/30/12, the amount I am required to pay was $2,117, 458.81. Can you give me an accounting for that amount, and how did you derive such debt?

3.      You stated I may dispute of this debt within 30 days after receiving this notice. I am DISPUTING the amount, and you have 30 days to send me a notice that you are rescinding the notice of default and that we owe NOTHING. If not, we will file our case against GMAC and the subsidiaries of GMAC, Executive Trustee Services, LLC, for violating the bankruptcy order and illegally collecting a debt.

4.      OUR DEED OF TRUST CANNOT SUFFER DEFAULT BECAUSE THERE IS NO OBLIGATION TO PAY. See CA CIVIL CODE § 2936. An assignment of a debt secured by mortgage carries with it the security. Therefore, since you recorded an assignment of debt together with the note, recorded on February 9, 2011, from HSBC to GMAC after the Note has been discharged, the assignment of the deed/debt is null and void and the Deed of Trust secures nothing. Because by operation of law, GMAC accepted a discharged note and deed from HSBC, GMAC accepted those assignment without any value or rights, and the deed itself is null and void.

5.      This is clearly an ongoing fraud attempt between your company and GMAC. Your actions are a violation of Tax law, a violation of Cease and Desist order by OCC, a violation of FDCPA, a violation of State Law, a violation of Federal laws, a violation of money laundering, a violation of Consumer Financial Protection Bureau (CFPB), and Fraud

6.      You have 30 days upon receipt of this certified letter to respond to our opposition to your debt validation notice. If you do not respond, we will assume you have no basis for your claims as a debt collector to give us a notice of debt validation.

7.      Lastly, continuing to file fraudulent foreclosure documents, signed by Robo-Signers, and using the County Clerk and the Title Company to record these fraudulent documents to show beneficial interest in order to foreclose is testimony that GMAC and its affiliates are still continuing to steal homeowners' properties.

Sincerely,

Erlinda Aniel

CC:

GMAC  Attn: Denise Jungen

Consumer Financial  Protection Bureau

Certified copy:    70112000000167433429

Identifier: [redacted] 8492 Doc Type:VOCGC

Dear Member:

You are being sent this document because you are listed as the current Servicer and/or Investor on the MERS® System or MERS® Commercial for the mortgage loan(s) that are the subject of this document. You are being sent this document because you are listed as the current Servicer and/or Investor on the MERS® System or MERS® Commercial for the mortgage loan(s) that are the subject of this document. If you believe that you have received this document in error, please contact the MERSCORP Holdings, Inc. ("MERSCORP Holdings") Help Desk at 888-680-6377.

If you no longer have an interest in the mortgage loan(s) that are the subject of this document, and have transferred your interest(s) to another Member, pursuant to the Procedures Manual, you are required to forward this document to that Member and you must also ensure that the MERS® System or MERS® Commercial is updated to reflect the transfer(s).

Please note that the MERSCORP Holdings Law Department may request additional information about this legal filing or action.

Pursuant to the MERS® System Rules of Membership, regardless of whether a Member, MERSCORP Holdings and/or Mortgage Electronic Registration Systems, Inc. ("MERS") defended a member indemnified claim or none of these entities defended such claim, and regardless of whether MERSCORP Holdings and/or MERS had notice of the member indemnified claim, if a judgment is entered against MERSCORP Holdings and/or MERS, for such claim, the Member shall either pay the full amount of the judgment, or promptly post a surety bond, letter of credit, or the equivalent that is acceptable to the court, for the amount of the judgment pending: 1) any motions to set aside or vacate the judgment; 2) appeal of the judgment; or 3) any challenges made by either the Member or MERSCORP Holdings and/or MERS, to the judgment. It is the Member's responsibility (i) to pay the amount of the judgment and any other related indemnified payments on behalf of MERSCORP Holdings and/or MERS, and (ii) if MERSCORP Holdings and/or MERS defends against the enforcement of a judgment (which MERSCORP Holdings and/or MERS shall have the right to do in its discretion after notice to the Member), the Member shall promptly reimburse MERSCORP Holdings and/or MERS for the amount of the indemnified payments related to such defense.

**Document ID :** 17051407

**ICN # :** [redacted]6332

**ICN # :** [redacted]6332

**MemberID :** [redacted]0375

**MIN :** [redacted]8632;

**Borrower Information :**

**Funds Information :**

April 13, 2012

April 13, 2012

Erlinda Aniel
75 Tobin Clark Dr.
Hillsborough, Ca 94010

11436332 MH

Mortgage Electronic Registration Systems, Inc. (MERS)
P.O. Box 2026
Flint, Michigan 48501-2026

Re:
Property Address: 75 Tobin Clark Dr.
Hillsborough, CA 94010
MIN # [redacted]863-2

To Whom It May Concern:

I am requesting a DEED OF FULL RECONVEYANCE on the subject property located at 75 Tobin Clark Dr. Hillsborough, CA 94010. The lien on the property has been eliminated, extinguished, and discharged by order of the Bankruptcy Court on December 2, 2010, under § 727 of Title 11 United States Code.

The Trustee of the Estates has fully administered and the Estate closed on February 4, 2011. See Case NO. 09-30452 DM7.

Since, the lien on the deed of trust has been discharged by operation of law, the mortgagee shall execute a certificate of the discharged and the mortgagee shall then deliver the Deed Of Full Reconveyance upon the request of mortgagor, the original note, and mortgage to the person making the request. See. Ca. Civil Code § 2941(a)(b)(1).

Any attempt to collect a debt on a discharged debt is a violation of bankruptcy law, FDCPA, *California Rosenthal Act, Business* and Professional Act and Fraud.

Cal Civil Code 2941(a) states: "Within 30 days after any mortgage has been satisfied, the mortgagee or the assignee of the mortgagee shall execute a certificate of discharged thereof, as provided in Section 2939 and shall record or cause to be recorded in the office of the county recorder in which the mortgage is recorded. The mortgagee shall then deliver, upon written request of the mortgagor or the mortgagor's heirs, successors, or assignees, as the case may be, the original note and mortgage to the person making the request.

Therefore, since my debt has been discharged on December 2, 2010, and fully estate administered on February 4, 2011, the 30 days period for you to record the

estate administered on February 4, 2011, the 30 days period for you to record the Deed of Full Reconveyance has been expired in violation of section 2941()(b)(1).

Any delay of recording the Deed of Full Reconveyance or failure to follow Cal Civ. Code § 2941(a)(b)(1) will result in legal actions against you.

Respectfully,

Erlinda Aniel

Certified Copy #

CC: 7011 2000 0002 7406 3144

Mortgage Electronic Registration Systems, Inc. (MERS)
1818 Library St, Suite 300
Reston, VA 20190 7011 2000 0002 7406 3151

Identifier: 8492 Doc Type:VOCGC