Duncan K. Robertson, Pro Se
3520 SE Harold Court
Portland, OR  97202-4344
Telephone: (503)775-9164
Uncadunc1@aol.com



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

————————————————————— X
                                              :
In re:                                        :
                                              :         No. 12-12020 (MG)
RESIDENTIAL CAPITAL, LLC, et al.,             :
                                              :         IN PROCEEDINGS
                                              :         UNDER CHAPTER 11
                                              :
                                              :         Jointly Administered
  GMAC Mortgage, LLC;                         :
  Residential Funding Company, LLC;           :
  Residential Funding Real Estate             :
       Holdings, LLC;                         :
  Homecoming Financial, LLC;                  :
  Executive Trustee Services, LLC             :
            Debtors:                          :
————————————————————— X


RESPONSE TO
OBJECTION TO CLAIM NUMBERS 2385, 2386, 2387, 2388, AND 2389
FILED BY DUNCAN K. ROBERTSON

REQUEST TO STAY OBJECTIONS TO CLAIMS
NOTICE OF INTENT TO FILE MOTION FOR RELIEF FROM STAY

RESPONSE TO OBJECTION:

1.     On February 5, 2015, The ResCap Liquidating Trust (the "Liquidating Trust"),
filed with this Court the above entitled Objection to Claims, Doc 8072 ("Objection") with
exhibits.

2.     Duncan K. Robertson ("Robertson") is a Claimant[1] against Debtors GMAC
Mortgage, LLC, Executive Trustee Services, LLC; Residential Funding Real Estate Holdings,
LLC; Residential Funding Company, LLC; Residential Funding Corporation; and Homecomings
Financial, LLC ("Debtor Defendants").  On February 6, 2015 Robertson received via Federal
Express a Notice of Objection advising of his right to respond, and that the matter will be
presented at a hearing on March 12, 2015.  Robertson intends to attend that hearing via
telephone.

3.     This Response to Objection ("Response") relies upon and incorporates by
reference the Declaration of Duncan K. Robertson and its exhibits ("Robertson Decl."), Notice of
9th Circuit Appeal ("Appeal Notice") and Notice Of Filing Of Third-Party Action Against
Residential Funding Company, LLC ("Third-Party Complaint Notice"), filed concurrently.

## INTRODUCTION

4.     This Objection is yet another attempt to preempt Robertson's right to have
his claims in this Proceeding proven in a court of competent jurisdiction and submitted to
this Court for allowance.  Debtor Defendants (and now the Liquidating Trust) are asserting
that whereas they have been successful in their post-petition endeavors to this point -- the
legality of which is currently before the 9th Circuit -  that Robertson's right to due process
can now be preempted by a multi-claim hearing here.

---

[1] Claim Nos. 2385, 2386, 2387, 2388 and 2389.

1

BACKGROUND

5.      On August 11, 2014, filed a Notice of Appeal of *Robertson v. GMAC Mortgage, LLC, et al.,* No. C12-2017 MJP (WD Wash. 2014), with the 9th Circuit Court of Appeals.[2] Doc 8072-22 at 2-9. Principal basis of the Appeal is the District Court's lack of jurisdiction.

6.      On December 9, 2014 Robertson filed Appellant's Opening Brief with the 9th Circuit in that action. *See* Robertson Decl. Exhibits 1-1, 1-2; Appeal Notice. Robertson's Appeal impacts the entirety of the District Court's orders, as well as all stayed claims against Debtor Defendants as detailed in his Complaint, upon which his claims to date in this Proceeding are based. Essence of the Appeal is that removal of the case from King County, Washington Superior Court by Debtor Defendants, based solely on diversity, was wrongful and without objective basis, including failure to establish diversity, leaving the district court with neither removal jurisdiction nor subject matter jurisdiction, and rendering all rulings of that court void ab initio. *See* Robertson Decl. Exhibit 1-1 generally.

7.      Robertson's Complaint[3] was filed June 5, 2012 without knowledge that Debtor Defendants had filed for bankruptcy. See Robertson Decl. at ¶ 10. Learning of the automatic stay imposed by this Proceeding, Robertson never served the suit on Debtor Defendants.

8.      On October 31, 2012, Debtor Defendants *of their own volition* joined themselves to the Superior Court action. Robertson Decl. at ¶¶ 15-18; Objection at ¶ 25 (which omits Debtor Defendants' previous Notice filed in Superior Court – see Robertson Decl. at ¶ 16). They also filed a waiver of service. Robertson Decl. at ¶ 20, Exhibit 7 (ECF 57).

---

[2] 9th Circuit Case No. 14-35672.
[3] *See* Doc. 8027-4 at 7-73 (Exhibit 1-C) (Complaint).

2

9.    On November 15, 2012 Debtor Defendants, of their own volition, "removed the Robertson Litigation to the United States District Court for the Western District of Washington (the "District Court"). See Priore Decl. at ¶ 21." Objection at ¶ 24.  This was followed by a second removal, also joined by Debtor Defendants, filed December 21, 2012. See Robertson Decl. Exh. 1-1 at **21-25. Robertson's allegation of the unlawful status of both of these removals, and failure to establish diversity, leaving the District Court without removal jurisdiction and subject matter jurisdiction, are at the heart of his Appeal. *Id.* at **11-25.

10.    Robertson responded to both removals with timely motions to remand, objecting to Defendants failure to establish diversity jurisdiction, as well as procedural violations of removal statutes, including the presence of an in-forum defendant and failure to obtain consent of all defendants to removal. *Id.* at **17-21.

11.    At the time of the first removal, Robertson, pro se, had readied but not yet filed a Motion for Relief from Stay in this Procedure, seeking to have his claims against Debtor Defendants heard in King County Superior Court.  Grounds of the Motion included claims of injunctive relief for third parties under Washington statutes for which special jurisdiction is granted to Washington Superior Courts. See Robertson Decl. at ¶¶ 7- 9.

12.    Objections to procedural violations of removal statutes may be considered waived[4] if the plaintiff in a diversity-removed action accedes to the jurisdiction of the federal court through voluntary joinder, or implies such through affirmatively prosecuting his claims in that court. *See Koehnen v. Herald Fire Ins. Co.,* 89 F.3d 525, 528 (8th Cir.1996)( "A party that

---

[4] This provision applies only to procedural removal errors. Where Article III or Prudential standing is absent, no federal court can assert jurisdiction regardless of the consent of parties. "It is the traditional rule that the parties cannot by consent, waiver or estoppel obtain federal subject matter jurisdiction." *Sullivan v. First Affiliated Securities, Inc.,* 813 F.2d 1368, 1374 (9th Cir. 1987)(citing *Knaefler v. Mack,* 680 F.2d 671, 676 n. 5 (9th Cir. 1982); 13 C. Wright, A. Miller & E. Cooper, *Federal Practice & Procedure*§ 3522, at 66-67 (2d ed. 1984)).

engages in affirmative activity in federal court typically waives the right to seek a remand.").[5]

Accordingly, Robertson refrained from filing his Motion for Relief from Stay with this Court,

anticipating prompt remand of the case to Superior Court as required by law, and initiated no

dispositive motions during his two-year gauntlet through that court. *See* Robertson Decl. at ¶ 14.

13.    Thus, to date, Debtor Defendants' procedural maneuvering has effectively barred

Robertson from filing a proper Motion for Relief from Stay with this Court to have his case

heard in a court of competent jurisdiction. *See* Robertson Decl. at 11, 12, 14, 15; Exhibit 3 at ¶

8.22.

## *Objection Violates Federal Rules of Bankruptcy Procedure.*

14.    Objection states that, "The statutory predicates for the relief sought herein are

section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007." Doc 8072 at *1 (Objection

initial statement). Objection later adds, "If an objection refuting at least one of the claim's

essential allegations is asserted, the claimant has the burden to demonstrate the validity of **the

claim**." (citing cases). Objection at ¶ 34 (emphasis added). The phrase "the claim" in this

citation is *singular*. However, the Objection brought addresses *five* claims. Objection at ¶ 1.

Under Rule 3007(c) of the Federal Rules of Bankruptcy Procedure, "objections to more than one

claim shall not be joined in a single objection."[6] *Id.* Objection cites no ground for avoiding this

Rule. It would appear that Debtor Defendants are relying on Rule 3007(d), addressing omnibus

hearings, applicable when "…the objections are based _solely_ on the grounds that the claims

---

[5] *See* also *Ficken v. Golden*, 696 F. Supp. 2d 21 (D.C. 2010)(" [T]he plaintiffs have waived any right they may have
had to remand by affirmatively invoking the jurisdiction of this court."); *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 117
S.Ct. 467 (1996).

[6] *See* also Rule 3007, *Committee Notes on Rules—2007 Amendment* (providing that Court may rule otherwise, and
requiring that multi-claim objections "permitted under the rule must comply with the procedural requirements set
forth in subdivision (e)").

should be disallowed, in whole or in part, because: ...(5) they have been satisfied or released during the case in accordance with the Code, applicable rules, **or a court order.**" *Id.* (emphasis added). This would accord with, "section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law...." 11 U.S.C. § 502(b)(1)", as asserted by the Liquidating Trust. Objection at ¶ 34.    However, the "court order" addressed here, upon which res judicata is being asserted, applies to *only two* (non-monetary) claims, not all five: "**to the extent the claims set forth in the Robertson Claims are based on the Permitted Causes of Action,** they are barred by res judicata." Objection ¶ 35 (emphasis added).    And, the Objection includes *additional* grounds for dismissing all of Robertson's claims: "the Liquidating Trust now files this Objection to the Robertson Claims, which addresses the merits of the allegations set forth therein." *Id.* Accordingly, even if this Court were to find res judicata applicable to the two Permitted Causes of Action, that "sole" ground does not and cannot extend to Robertson's stayed causes of action, and with the additional ground of *merits consideration,* the Objection is in violation of Rule 3007(c).

15.    It is improper and prejudicial here to require Robertson to respond to massive challenges to the merits of his case and for this Court to then rule on those merits in lieu of the due process he has diligently sought.[7]    Federal Bankruptcy Procedure Rule 3007(b): "A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an objection to the allowance of a claim, but may include the objection in an adversary proceeding."[8] *Id.* The

---

[7] In addition his current Appeal, Robertson's challenges to the District Court's jurisdiction included two formal motions to remand, mention of lack of jurisdiction in virtually every brief filed, Petition for Writ of Mandamus to the 9th Circuit (No. 13-72384 - refused to hear) and Petition for Certiorari to the U.S. Supreme Court (No. 13-655 - refused to hear), and a Motion to Reconsider dismissal of the last remaining defendant, Robertson Decl. Exhibit 2. *See* Robertson Decl. Exhibit 1-1 at **10-11 (Summary of Arguments).

[8] Rule 7001 addresses proper subject matter for adversary proceedings.

suggestion that Robertson must lose it all unless he submits to having it tried here, rather than in

a proper adversary action in a court of competent jurisdiction, which to date has been usurped, is

also highly prejudicial to Robertson. Federal Bankruptcy Procedure Rule 7001(2).

16.    The authority relied upon in the Objection, "Liquidating Trust believes that there

is no merit to Robertson's asserted claims", Objection ¶ 35, is not legal authority for denial of

claims when due process adjudication thereof has been and continues to be attempted by

Robertson, and usurped through circumstances beyond his control.

### *Res Judicata Cannot Apply To Issues Not Ruled On.*

17.    The Objection implies that a single non-final order of the District Court, issued

without prejudice, based upon technical and standing theories and addressing only two

"Permitted Causes of Action," both non-monetary, can provide a res judicata basis (ultimately)

permitting disallowance of *all* of Robertson's Claims here. This is unsupported. *See* ¶ 19 *infra.*

18.    Objection Arguments begin with a statement that is false, or designed to imply

that the order dismissing two claims against Debtor Defendants was issued "with prejudice":

> "the primary documentation supporting the Robertson Claims is the Complaint that
> was filed in connection with the Robertson Litigation and subsequently dismissed
> with prejudice with respect to the Permitted Causes of Action. Accordingly, each of
> the Robertson Claims should be disallowed on grounds of res judicata to the extent
> they are based on the Permitted Causes of Action." Objection at Par. 38.

Contrary to this implication, the Order dismissing Debtor Defendants *is not a dismissal*

*with prejudice* (*See* Doc 8072-21 at 12 (Trust Exhibit N) (Order Dismissing)), and *no* Final

Order as to Debtor Defendants was issued.[9] If, through subtle wording, the Trust is

attempting to ride on the coattails of the rulings as to *Non-debtor Defendants* whose

---

[9] A dismissal with prejudice is equivalent to a final judgment on the merits to which the doctrine of res judicata may apply. *Krikava v. Webber,* 43 Wn. App. 217, 219, 716 P.2d 916 (1986). But an order cannot support the defense of res judicata if it was entered without prejudice. *Young v. Key Pharmaceuticals, Inc.,* 112 Wn.2d 216, 223, 770 P.2d 182 (1989); *Zarbell v. Bank of America Nat'l Trust & Sav. Ass'n,* 52 Wn.2d 549, 554, 327 P.2d 436 (1958)("A dismissal without prejudice is not res judicata.").

dismissals *were* "with prejudice" in "final orders" granted by the District Court, then this is

an attempt to invoke "collateral estoppel,"[10] which cannot apply here. *See* ¶¶ 23, 24 *infra.*

19.    The limited relief the Objection seeks under res judicata, "each of the Robertson

Claims should be disallowed on grounds of res judicata **to the extent they are based on the**

**Permitted Causes of Action,**"[11] somehow gets expanded on its way to the Proposed Order,

which calls for <u>all</u> of Robertson's claims to be dismissed "on the grounds that such claims have

no basis in the Debtors' Books and Records **and are barred by res judicata...**" Doc. 8072-25 at

2 (Proposed Order) (emphasis added). "A judgment is res judicata only as to those matters

which were or could have been litigated in the action." *Bradley v. State,* 73 Wn.2d 914, 917

(1968)(citation omitted). Thus it would appear Debtor Defendants through subtle conflation of

language are attempting to stretch an attempted bunt-single into a home run, by inducing this

Court to create a misleading offensive tool for them to wield in subsequent actions.[12]

### *Robertson May Challenge Potentially Void Rulings Claimed as Grounds for Res Judicata/Collateral Estoppel*

20.    Here, as in any court, the first issue that must be addressed is jurisdiction; for until

that is established a court is barred from proceeding to addressing the merits of a case.[13]

21.    Debtor Defendants' claim of *res judicata* is based upon rulings of a district court

for which a higher court's ruling is pending that may declare those rulings void for lack of

jurisdiction, rendering any rulings on the *merits* of Robertson's Complaint void and without

effect as to res judicata.

---

[10] *See Seattle-First Nat'l Bank v. Kawachi,* 91 Wn.2d 223, 228, 588 P.2d 725 (1978)(" The general term res judicata encompasses claim preclusion (often itself called res judicata) and issue preclusion, also known as collateral estoppel."). *See also* fn. 16 *infra.*
[11] *See* ¶ 7 *supra.*
[12] The evil of applying preclusion in an offensive posture is addressed in *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 329, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979).
[13] *See* ¶ 26, fns. 24, 25 *infra.*

[T]he Supreme Court early explained the effect of a court acting without jurisdiction as follows:

[If a court] act[s] . . . without authority, its judgments and orders are nullities. They are not voidable, but simply void; and **form no bar to a recovery sought, even prior to a reversal in opposition to them**. They constitute no justification; and all persons concerned in executing such judgments or sentences, are considered, in law, as trespassers. *In re Gurrola*, 328 BR 158, 164 (9th Cir. Bnkr. 2005)(quoting *Elliott v. Peirsol*, 26 U.S. (1 Pet.) 328, 340, 7 L.Ed. 164 (1828), *cited with approval, Kalb v. Feuerstein*, 308 U.S. 433, 438-39 n. 8, 60 S.Ct. 343, 84 L.Ed. 370 (1940); *cf. The Betsey*, 3 U.S. (3 Dall.) 6, 15-16, 1 L.Ed. 485 (1794)) (emphasis added).

22.     "[A] judgment rendered without jurisdiction is still vulnerable to attack. When the Congress enacted Bankruptcy Act § 14f in 1970 and Bankruptcy Code § 524(a) in 1978, the term "void" was still a term of art unambiguously connoting a judgment rendered without subject matter jurisdiction **that could be ignored as a nullity and collaterally attacked**." *Gurrola*, 328 BR at 164. (emphasis added).  Robertson has a right and a duty to attack the jurisdiction of the Rescap Defendant-initiated post-petition proceedings and any orders produced thereby that were designed to, and to-date effectively have, deprived him of his right to due process, and which have deprived this Court of seeing his creditor claims timely and lawfully adjudicated.  "The rule regarding contested subject matter jurisdiction permits collateral attacks where "[a]llowing the judgment to stand would substantially infringe the authority of another tribunal or agency of government."" *Gurrola*, 328 BR at 169 (quoting *Restatement (Second) Of Judgments* § 12(2)).  "[A]n attack for lack of subject-matter jurisdiction is permitted because **"protecting the jurisdiction of a tribunal of legally superior authority is a predominant consideration."** *Id.* (citation omitted) (emphasis added).  The *Gurrola* Court goes on to add, "Any inappropriate postpetition conduct by the debtor that unfairly harms a creditor can be addressed[.]" *Gurrola*, 328 BR at159.  Post-petition conduct is addressed in part here; Robertson's Opening Appeal Brief to the 9th Circuit addresses whether jurisdiction of the District Court (and hence, any ground for this Objection) can survive. *See* Robertson Decl. Exhibit 1-1. See also ¶ 25 *infra*.

### *Rulings fail The Tests To Qualify as Res Judicata*

23.     "A court may decline to dismiss an action on the grounds of res judicata if the proponent of dismissal does not provide the court with sufficient argument or analysis of the elements of the doctrine." *Spokane Research & Def. Fund v. City of Spokane*, 155 Wn.2d 89, 91 (2005) (en banc). The Objection cites four criteria[14] for applying res judicata, whichRobertson stipulates are observed in Washington (See Objection ¶ 38.). The *Spokane Research* court addressed a similar bare-bones argument brought in that case:

> "The city cites these four elements and minimally applies them, but it does not analyze them in any depth **against the tests discussed in the case law**.[15] Further, the city does not acknowledge the defense of res judicata may be waived, especially where, as here, the two cases were pending simultaneously. *See id.* at 786." *Spokane Research*, 155 Wn.2d at 99 (emphasis added).

24.     The "tests" for an order to *qualify* for res judicata/collateral estoppel[16] include:

> In order for collateral estoppel to apply, the following questions must be answered affirmatively:
> "(1) Was the issue decided in the prior adjudication identical with the one presented in the action in question? (2) **Was there a final judgment on the merits**? (3) Was the party against whom the plea is asserted a party or in privity with a party to the prior adjudication? (4) **Will the application of the doctrine not work an injustice on the party against whom the doctrine is to be applied?**
> *Rains v. State,* 100 Wn.2d 660, 665, 674 P.2d 165 (1983); *Lucas v. Velikanje,* 2 Wn. App. 888, 894, 471 P.2d 103 (1970). **The burden of proof is on the party asserting estoppel**. *Alaska Marine Trucking V. Carnation Co.,* 30 Wn. App. 144, 633 P.2d 105 (1981), Cert. Denied, 456 U.S. 964 (1982).

---

[14] See Objection at ¶ 37, Citing *Loveridge v. Fred Meyer, Inc.,* 887 P.2d 898, 900 (Wash. 1995).

[15] Referencing *Hayes v. City of Seattle*, 131 Wn.2d 706, 934 P.2d 1179, 943 P.2d 265 (1997), which tests include: "Two causes of action are identical for purposes of the doctrine of res Judicata only if the rights or interests established in the first action would be destroyed or impaired by prosecution of the second action[.]" *Id.* (synopsis) at 706.

[16] *See* fn. 10 *supra*. Collateral estoppel is distinguished from claim preclusion, or res judicata, in that instead of preventing a second assertion of the same claim or cause of action, it prevents a second litigation of issues between the parties, even though a different claim or cause of action is asserted. Res judicata is intended to prevent relitigation of an entire cause of action while collateral estoppel is intended to prevent retrial of one or more of the crucial issues or determinative facts determined in previous litigation. *Christensen v. Grant County Hosp. Dist. No. 1,* 152 Wn.2d 299, 299 (2004) (en banc).

*McDaniels v. Carlson,* 108 Wn.2d 299, 738 P.2d 254 (1987) (emphasis added).  In *Martinez v. Universal Underwriters Ins. Co.,* 819 F. Supp. 921, 922 (1992), test question "(4)" was applied parallel to here: "(4) the application of the doctrine would be just, i.e. the party had a full and fair opportunity to litigate the issue." *Id.*  With Robertson's respecting of the automatic stay in this case until able to file a proper motion for relief therefrom, he has yet to have "had a full and fair opportunity to litigate the issue[s]." *Id.*   Other requirements include that the issues must have been "actually litigated by the parties and decided by a competent tribunal."[17]

### *The Riblet Exception*

25.    The Objection relies solely on the authority of *Riblet v. Ideal Cement Co.,* 358 P.2d 975, 977 (1961) for the proposition that certain restrictions to res judicata/collateral estoppel, *supra,* may be suspended when a case has been appealed.  Objection ¶ 38.  While *Riblet* describes such a doctrine (in part – *see infra*), the Objection proffers no case law showing its actual application.  It was not applied in *Riblet,* nor does the case make any mention of summary judgments, thus failing to support Objection's statement for which it is cited. *Id.*   And, although *Riblet* is a benchmark[18] for this unusual Washington doctrine, authoritative Washington State Courts show no cases citing it as authority to impose the doctrine.[19]  Robertson could find only one federal case basing its ruling on *Riblet: Martinez v. Universal Underwriters Ins. Co.,* 819 F. Supp. 921, 922 (WD Wash. 1992), where Martinez's motion for summary judgment to collect insurance proceeds on his house fire was denied, based on *Riblet* and the weakness of

---

[17] *Hadley v. Maxwell,* 144 Wn.2d 306, 310 (2001) (en banc).

[18] See, e.g. Philip A. Trautman, *Claim and Issue Preclusion in Civil Litigation in Washington,* 60 Wash. L. Rev. 805, 824 (1985).

[19] Often cited from *Riblet* : "Our rules admonish us to decide cases on the merits, disregarding mere technicalities, where possible." *State v. Reader's Digest Ass'n,* 81 Wn.2d 259, 266. 501 P. 2d 290 (1972) (citing "*compare Kane v. Klos,* 50 Wn.2d 778, 314 P.2d 672 (1957) with *Riblet v. Ideal Cement Co.,* 57 Wn.2d 619). See also ¶ 32 *infra* (where preclusion under *Riblet* was rejected by the 9th Circuit in *Ollie v. Riggin,* staying a concurrent federal action when Washington courts provided no authority on which they could proceed).

appeal from his previous arson conviction for burning it down. *Id.* The Objection also fails to provide the full picture of the doctrine: "As we have stated, the act of "an appeal does not suspend or negate . . . collateral estoppel aspects of a judgment entered after trial in the superior courts," but collateral estoppel can be defeated by later rulings on appeal." *State v. Harrison* 148 Wn.2d 550, 562 (2005) (citations omitted). Whether *Riblet* can be applied to justify preclusion, where the appeal is based on a lack of jurisdiction (including to make a ruling on the merits), has never been addressed in Washington. See ¶ 32 *infra*.

### *The District Court's Own Rulings Disqualify Its Rulings On The Merits Of The Case.*

26.    "Res judicata requires a final judgment on the merits." *Schoeman v. New York Life,* 106 Wn.2d 855, 726 P.2d 1 (1986) (citations omitted, emphasis added). Included in the district court's rulings on Permitted Causes of Action – Declaratory Relief and Quiet Title – was a blanket holding, that, not being a party to the DOT, Robertson *lacked standing* to bring any of his deed of trust related claims[20] (See Doc 8072-21 at 7:6-7 ("Robertson has not assumed those [loan] obligations; Defendants have no duty to him. Consequently, there is no controversy for this Court to resolve."); and because the parties had assigned away their interests subsequent to the filing of the suit and there was "no foreclosure pending against the property" [lack of ripeness/mootness], there was no longer any controversy. See Doc 8072-21 ("[Robertson] fails to allege Defendants [ ] have an interest in the property.").[21] Doc 8072-21 at 9:3-4.

27.    District Court Rulings specific to the Permitted Causes of Action:

---

[20] Four days following the Order dismissing Debtor Defendants on this basis, the "lack of standing" ruling was also applied to *all* claims against previously dismissed defendants – see Order Denying Motion to Vacate, ECF 149 at 3 ("[Robertson] lacks standing to being any claim for damages relating to pre-foreclosure irregularities."). *See* Robertson Decl. Exhibit 1-1 at *28 (Washington Supreme Court overruling this holding as to this specific judge).
[21] The District Court's ruling that Robertson's arguments that the DOT is void ab initio is countered by the text of RCW 11.04.250, from which the court cited only half of a sentence of the stutute, inserting a period. The omitted half and the en banc Washington Supreme Court decisions that render the DOT void and all acts of Debtor Defendants against Robertson and his property based thereon without authority, are detailed in Robertson Decl. Exhibit 3 ¶¶ 8.20, 8.21.

(a) **Declaratory Relief**: Debtor Defendants argued and the district court concurred that Robertson lacked a "justiciable controversy" to bring the claim. Doc 8072-20 (ECF at 5:11-17 (pleading)); Doc 8072-20 at 7:6-7 ("there is no controversy for this Court to resolve") (Order). This *same* argument is also asserted in Objection at ¶ 41.

(b) **Quiet Title**: Debtor Defendants pleaded and the district court concurred "A quiet title action may **only** be brought against a tenant in possession or a — person claiming title or some interest in the property. RCW 7.28.010." Doc 8072-20 at 8:19-20 (emphasis added). This holding does not accord with long-established precedential law[22] or RCW 7.28.010: the word "only" does not appear in the 470-word single-sentence statute, nor is it implied,[23] leaving the only ground of the dismissal being that the issue lacked *ripeness*.

28.    Regardless of state law under which a claim is brought, a federal court, ruling on a Declaratory Relief cause of action, must first distinguish its own jurisdiction to hear it:

> It is settled law that, as a procedural remedy, the **federal rules respecting declaratory judgment actions, apply in diversity cases**. While state law must determine the substantive rights and duties of the parties to the insurance contract, **the question of justiciability is a federal issue to be determined only by federal law**. "Thus a federal court decides for itself whether a party has standing to raise a particular issue, or that a particular matter is justiciable or that it is not." 6A J. Moore, [*Moore's Federal Practice*] ¶ 57.02[5]. If it were otherwise, then when state law exhibited more leniency in its definition of "case or controversy," **the federal courts would be improperly exercising federal jurisdiction over a diversity action.**

*Federal Kemper Ins. Co. v. Rauscher*, 807 F.2d 345, 352 (3d Cir. 1986) (emphasis added) (footnote omitted). "In federal courts, a plaintiff's lack of standing deprives the court of subject matter jurisdiction, making it impossible to enter a judgment on the merits." *Trinity Universal*

---

[22] "The grantee of a deed conveying a fee simple, defeasible estate has a valid, subsisting interest in the property sufficient to enable her to maintain an action to quiet title under the provisions of RCW ⸏⸏.⸏⸏⸏. *Grove v. Payne*, 47 Wn.2d 461, 461 (1955).
    "It is a matter of common practice in quieting title actions to include every person in the chain of title who might claim some interest or estate in the property. The fact that H. McKay Allen [who had no current claim] was joined in this instance is simply an adherence to the rules of established practice in this kind of a lawsuit." *McCoy v. Lowrie, H. McKay Allen, Appellant*, 44 Wn.2d 483, 487 (1954).
[23] *See* Robertson Decl. Exhibit 3 at ¶15.8; *Robinson v. Khan*, 89 Wn. App. 418,421-24, 948 P.2d 1347 (1998).

*Ins. v. Ohio Casualty Ins.*, 312 P. 3d 976, 984, 176 Wn. App. 185, (citing *Fleck & Assocs., Inc. v. City of Phoenix.*, 471 F.3d 1100, 1102 (9th Cir. 2006)) (emphasis added).[24]  With its rulings, *supra,* the District Court precluded itself from proceeding to rulings on the merits of these claims. And, with no valid "judgment on the merits" res judicata cannot be applied.[25]

### *Other Considerations.*

29.    **Further Proofs of Claim Anticipated**. The post-petition actions reported to this Court in Robertson's Appeal Notice and Third-Party Complaint Notice, may result in additional claims by Robertson being filed in this Proceeding under Federal Bankruptcy Procedure Rules 3003(c)(30) and 3002(c)(3). See *Ids*.

30.    Compelling Robertson to "prove his claims" in this forum is obviously impossible – and not proper (see ¶¶ 14, 15 *supra*).  However, should this Court question the viability of the basis of Robertson's Complaint claims, the Court is invited to read Robertson Decl. Exhibit 3 at **19-28, showing facts and legal grounds  (many omitted in Objection) that completely refute any claim of validity of (a) the subject DOT and (b) *each* of conveyance documents attached to Objection. Also note the Washington Supreme Court's ruling in *Frias v. Asset Foreclosure Servs., Inc.* [26] overturning the "no liability where a trustee's sale has been discontinued" ground[27] (pleaded again here in Objection at ¶ 41), and underlying the District Court's dismissals of *all* defendants. Robertson Decl. at ¶ 8; Exhibit 2 thereto at ¶¶ 7.4, 7.5.

---

[24] See *Fleck,* 471 F.3d at 72 ("[T]he court improperly proceeded to reach the merits of the underlying suit, determining that Fleck's customers could not state a claim for relief under any conceivable set of facts"). *See also* Robertson Decl. Exhibit 2 (Motion to Reconsider based upon district court's rulings of lack of standing; Order is under appeal, Doc 8072-22 at 2.

[25] If a case has been originally filed in federal court, it is "properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). However, such a finding in a diversity-removed case *requires remand* to the state court from which it was taken, under 28 U.S.C. § 1447(c). Every Circuit Court that has addressed this issue has concurred.  See, e.g. *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1225 (10th Cir. 2012) (citing cases).

[26] *Frias*181 Wash. 2d 412, 334 P.3d 529 (2014);Accord, *Lyons v. U.S. Bank N.A.*, ___ Wash. 2d ___, 336 P.3d 1142, Slip. Op. 89132-0 (Oct. 30, 2014).

[27] The judge overruled by the Supreme Court in *Frias* is same the judge in Robertson's case, and the issue identical.

31.   **Motion for Relief From Stay Anticipated**. Upon final order from the 9th Circuit on Robertson's Appeal, Robertson will file a Motion for Relief from Stay with this Court so that he may, at long last, have access to his constitutional right to due process to have his claims heard by a court of competent jurisdiction.

32.   **Request for Stay**: Neither of the District Court rulings, upon which res judicata is sought, is monetary.  Further, Objection announces, "After servicing of the First Priority Loan was transferred to Ocwen in February 2013, **Ocwen took over the defense of the claims against the Debtor Defendants** in its capacity as successor servicer. See Priore Decl. at ¶ 23." Objection at ¶ 26.  In *Ollie v. Riggin*, 848 F.2d 1016, 1018 (9th Cir. 1988) the 9th Circuit was confronted with ruling on res judicata when interdependent issues were being adjudicated simultaneously in two court systems, but authoritative case law was absent:

> "[W]e cannot be sure what the Washington courts would do in this situation.[28] When confronted with a similar situation, the Third Circuit followed the Fifth Circuit and ordered a stay. *Bailey v. Ness*, 733 F.2d 279, 282 (3d Cir.1984) (quoting *Occidental Life Ins. Co. v. Nichols*, 216 F.2d 839, 841 (5th Cir.1954)). In the face of uncertain state law, this result avoids the possibility that res judicata would be misapplied.

*Ollie v. Riggin*, 848 F.2d 1016, 1018 (9th Cir. 1988).  Granting this Objection would prejudice Robertson severely, forcing him to potentially litigate a reversal of the disallowance of all his claims and establish a new account, meanwhile providing Debtor Defendants with a sword that could be misused in Robertson's concurrent actions.  Because by contrast, under stay the cost to the Liquidating Trust and burden on judicial resources would be *nothing*, Robertson requests that together with dismissal of this Objection, the Court also impose a stay to any further objections to Robertson's Claims in this Proceeding pending the 9th Circuit ruling. (*See* Objection fn. 1).

---

[28] Court footnote [2]: It is possible that they would follow our rule, which holds that a reversed or dismissed judgment cannot serve as the basis for a disposition on the grounds of res judicata. *Ornellas v. Oakley*, 618 F.2d 1351, 1356 (9th Cir.1980).

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|                                         |   |                          |
|-----------------------------------------|---|--------------------------|
| ————————————————————— X                 |   | Case No. 12-12020 (MG)   |
| In Re:                                  | : |                          |
|                                         | : | Chapter 11               |
|                                         | : |                          |
| RESIDENTIAL CAPITAL, LLC, et. al        | : | Jointly Administered     |
|                                         | : |                          |
| Debtors.                                | : |                          |
| ————————————————————— X                 |   |                          |

**To the Clerk of the Court and All Parties of Record:**

PLEASE TAKE NOTICE that the undersigned Creditor/Claimant DUNCAN K. ROBERTSON

hereby appears in this action pro se. Although I cannot qualify as a Filing User, I will accept

service through Notices of Electronic Filing at the email address below, or if that is not permitted

via paper service at the address below.


Dated: February 24, 2015
       Portland, Oregon

Duncan K. Robertson,

Duncan K. Robertson, Pro Se
3520 SE Harold Court
Portland, OR  97202-4344
Telephone: (503)775-9164
Uncadunc1@aol.com

33.    The timing of this Objection and its lack of merit, combined with multiple frivolous "Notices" being simultaneously sent to multiple courts (see Robertson Declaration at ¶¶ 19-27), when viewed in light of previous similar timing and filings by Debtor Defendants' counsel, have badges of bad faith litigation.

## CONCLUSION

34.    Based upon facts, law, arguments presented herein and the wisdom of this Court, Robertson requests that the Court DISMISS the Objection. Robertson further requests that this Court order a stay of any further objections to his claims, pending the outcome of his Appeal to the 9th Circuit. Within 30 days of that court's ruling, with this Court's permission, Robertson will file a Motion for Relief from Stay to have his creditor claims relating to this Complaint heard before a court of competent jurisdiction. Also based upon that ruling Robertson will request leave to amend his claims and/or submit additional claim(s) to reflect the orders of that court, especially as to 28 U.S.C. § 1447(c). Robertson also requests this Court grant any additional relief this Court this court finds proper, equitable and just.


Respectfully submitted,

Dated February 24, 2015

Duncan K. Robertson
Claimant, Appearing Pro Se
3520 SE Harold Court
Portland, OR  97292-4344
Tel: (503)775-9164
uncadunc1@aol.com

15



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

—————————————————————X

In Re:                                    :

                                          :

RESIDENTIAL CAPITAL, LLC, et. al          :

         Debtors.                         :

—————————————————————X

Case No. 12-12020 (MG)

Chapter 11

Jointly Administered

DECLARATION OF DUNCAN K. ROBERTSON

IN SUPPORT OF

RESPONSE TO OBJECTION TO CLAIM NUMBERS
2385, 2386, 2387, 2388, AND 2389 FILED BY DUNCAN K. ROBERTSON, et al

NOTICE OF APPEAL TO 9TH CIRCUIT OF
OF ROBERTSON V. GMAC MORTGAGE, LLC, Et. Al

NOTICE OF FILING OF THIRD-PARTY ACTION AGAINST
RESIDENTIAL FUNDING COMPANY, LLC.

1.    I, Duncan K. Robertson, am a resident of Portland, Oregon. I am 71 years old and

competent to testify in this Procedure.

2.    I have filed timely Claims in this Procedure, Claim Nos. 2385, 2386, 2387, 2388,

and 2389 (*see* Doc. 2027-2 through 6) against Debtors GMAC Mortgage, LLC, Executive

Trustee Services, LLC; Residential Funding Real Estate Holdings, LLC; Residential Funding

1

Company, LLC; Residential Funding Corporation; and Homecomings Financial, LLC ("Debtor

Defendants").

3.     Those Claims, supra, are entirely based upon the lawsuit currently titled

Robertson v. GMAC Mortgage, LLC, et al., No. C12-2017 MJP (WD Wash. 2014) ("Case"), and

its Complaint (see Doc. 8027-4 at 7-73 (Exhibit 1-C)), which has never been amended.

4.     The Case is presently under appeal before the 9th Circuit Court of Appeals, 9th

Circuit Case No. 14-35672. See Notice of Appeal filed concurrently; ¶ 6 infra.

5.     The purpose of this declaration is furnish supplemental verified facts to this

Court, especially in support of OBJECTION OF THE RESCAP LIQUIDATING TRUST TO

CLAIM NUMBERS 2385, 2386, 2387, 2388, AND 2389 FILED BY DUNCAN K.

ROBERTSON, filed with this Court February 5, 2015, Doc. No. 8072. Most of the facts

addressed here have been omitted from that Objection.

6.     This Declaration and its Exhibits is in support of:

RESPONSE TO OBJECTION TO CLAIM NUMBERS 2385, 2386, 2387, 2388,
AND 2389 FILED BY DUNCAN K. ROBERTSON, et al ("Response")

filed concurrently here. Also filed concurrently and supporting Response are:

NOTICE OF APPEAL TO 9TH CIRCUIT OF
OF ROBERTSON V. GMAC MORTGAGE, LLC, Et. Al

("Appeal Notice"); and

NOTICE OF FILING OF THIRD-PARTY ACTION AGAINST
RESIDENTIAL FUNDING COMPANY, LLC.

("Third-Party Complaint Notice").

7.     **Exhibit 1-1** attached hereto is Plaintiff's Opening Brief in the 9th Circuit Appeals.

Exhibit **1-2** is an Errata to the Opening Brief.

2

8. **Exhibit 2** attached hereto is Motion to Reconsider (dismissal of non-debtor Defendant Bank of New York (Mellon) Trust Co., N.A.), ECF 202. This pleading is cited in the Appeal Opening Brief (Robertson Exhibit 1-1) and the Order denying it is among those appealed to the 9th Circuit. *Id.* at 10. It addresses jurisdiction issues arising in the District Court's rulings. *See* Exhibit 1-1 at \*\*32-36.

9. **Exhibit 3** attached hereto is AMENDED DUNCAN K. ROBERTSON'S ANSWERS, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT ("Third-Party Complaint") filed on November 26, 2014, by my counsel, in *21st Mortgage Corp. v. Nicholls/Robertson, et. al,* 14-2-20431-1 SEA  (King County Superior Court). *See* Notice of Filing of Third Party Complaint, filed here concurrently. The original Third-Party Complaint was filed November 7, 2014. Residential Funding Company, LLC ("RFC-LLC") has been named as a third-party defendant in that action based upon acts committed post-bankruptcy petition. *See* Exhibit 3 at \*22-25. The copy provided here is of the Amended Third Party Complaint and was obtained by me when I was copied on the filing by my attorney in this action. Hence it does not bear the court receipt information. I do not have access to the State ECF system. Omitted here, for the sake of minimizing bulk, are the Verification and Exhibits to the Amended Third-Party Complaint. The acts complained of, beginning July 23, 2012 (*Id.*) also occurred post-filing of the *Complaint*, which has never been amended. None of my present claims in the In Re Rescap Procedure are based upon these acts. The bankruptcy status of counter-defendant RFC-LLC is announced. *Id.* at ¶ 6.4. Additional Exhibits hereto are identified *infra.*

10. The Complaint, naming Debtor Defendants and several others was filed June 5, 2012. At that time I had no knowledge that Debtor Defendants had filed for bankruptcy. Upon learning of the *In Re Rescap* filing and automatic stay, service of the Complaint and Summons

3

were delayed as to all Defendants until it could be determined how to properly proceed. Debtor
Defendants were never served out of respect for the automatic stay.

11.     On or about November 16, 2012 I had prepared and was about to file with this
Court a Motion for Relief From Stay in order to properly prosecute my claims in King County
Superior Court. I was literally two days from taking all the materials to Kinko's for printing of a
pro se filing with the Court when I received Notice of Removal of my Case to the Western
Division District Court in Seattle, Washington.

12.     Grounds for Motion at that time, to have the case being heard in Washington
Superior Court rather than this Court, included (pasted from original Motion draft, errors and
all):

A. Multiple "causes" for relief from stay exist under 11 U.S.C. § 362(d)(1) using the twelve
"Sonnax"[1] factors:

   (1)   Causes of action can only be fully resolved in state court; this court is
         constitutionally prohibited from providing complete and final adjudication to
         issues contained in the Action;

   (2)   Lack of interference with bankruptcy case except as dictated by law.

   (3)   Debtors hold no interest in Subject Property at issue, have not claimed such in
         their filings with this Court, and have refused to produce any evidence of
         authority for their actions.

   (4)   This case was originally filed in a specialized tribunal that is exclusively qualified
         to judge the entire case, and empowered to take remedial actions under RCW
         9A.82.100 and RCW 19.86.080(2). Splitting of case would abrogate Superior
         Court remedial authority and risk preemption of justice for all parties under
         differing court rules. Jury has been requested.

   (5)   Insurance or no, whereas charges include a prime facie case of fraud and felonies
         not protected by bankruptcy, and Debtors intend to continue in business under
         Chapter 11, Debtors will have costs of defending now or later.

   (6)   Primary defendants include third party (non-bankruptcy) defendants. The shaping
         and enforcement of state policies affecting large numbers of Washington property
         owners are affected by the outcome of this case.

   (7)   No prejudice to Creditors under law.

---

[1] From *In re Sonnax Indus., Inc.*, 907 F.2d 1280, 1285 (2d Cir. 1990).

(8)     No equitable subordination – Debtors' previous lien claims are invalid and there are no other liens against Subject Property.

(9)     Portions if not all of resulting claim would not be dischargeable by Debtors under 11 U.S.C. § 523(a)(2)(A),(B) and other statutes.  State law basis for this Court's determination of non-dischargeability can only properly and completely be addressed in state court.

(10)    Judicial economy – forcing case to be heard in two forums increases costs for all parties and this Court.

(11)    Debtors have been aware of charges for at least three years and have prepared their defense.

(12)    Impact of stay and balance of harms favor Movant and relief from stay.

13.     The Washington Legislature has uniquely empowered the state's Superior Courts

to provide relief to third-parties under "Little RICO", Revised Code of Washington ("RCW")

9.82 et seq.  The quote below is from the first Motion to Remand, filed in the District Court

November 30, 2012:

> "The equitable power of superior courts granted by [the Washington State Constitution] Article IV § 6 may not be abrogated or restricted by the Legislature. * * * Little RICO provide[s] for intervention by the attorney general and grant[s] the State the right to seek injunctions. RCW 9A.82.100(1)(b). [It also] gives the courts the power to restrain and prevent violations by issuing "appropriate orders." RCW 9A.82.100." *Bowcutt v. Delta N. Star Corp.,* 95 Wn. App. 311, 312 (Apr. 1999). The above power is statutory: "The **superior court has jurisdiction** to prevent, restrain, and remedy a pattern of criminal profiteering[.]RCW 9A.82.100(2) [emphasis added].

ECF 17 (Motion to Remand) at *10 n.32.

14.     Having spent the summer of 2012 researching the legal procedures to have my

case properly heard, I was aware that filing the relief from stay motion following its removal to

federal court could be interpreted as a waiving of any right to have the Case remanded to

Superior Court. *See* Response at ¶ 12.  Whereas the Complaint contains no grounds for removal

on its face, and considering the facts and laws regarding removal (see Notice of Appeal, Exhibit

1-1 (Opening Brief), I anticipated remand by the District Court, and accordingly I refrained from

moving for relief from stay until the case could be remanded.  Thus ensued two years of costly

litigation in which I essentially assumed the defensive posture of fighting to have my Case heard

in a court of competent jurisdiction, which battle has now been brought formally before the 9th

Circuit. See Exhibit 1-1 at *1, 6-9.

15.    On October 12, 2012, with the aid of counsel, I filed a "Notice of Bankruptcy"

(not mine) with the King County Superior Court: **Exhibit 4** hereto. This was served on all

Defendants, identifying Debtor Defendants and their bankruptcy status, and stating –

> …the proceedings herein as to each of the defendants listed above are stayed and
> enjoined unless the Bankruptcy Court grants relief from the stay or the
> bankruptcy case as to a defendant is dismissed or as may otherwise be provided by
> order of the Bankruptcy Court.

*Id.* at *1-2.

16.    The following two Superior court filings by Debtor Defendants do not appear in

Objection and are supplied here:

(a) On October 31, 2012, Rescap Defendants filed a Notice of Appearance in the

Superior Court Case. **Exhibit 5** hereto.

(b) Concurrent with the filing, *supra*, Debtor Defendants also filed a Notice of

Bankruptcy, and voluntarily joined themselves to the first two causes of Action

addressed in Robertson's Complaint (Quiet Title and Declaratory/Injunctive Relief).

**Exhibit 6** hereto. This document was removed to District Court as ECF 4-2 at 49-52.

*Compare* Doc 8072-17 at 2-5. This filing was accompanied by a copy of the *In Re*

*Rescap* "Final Supplemental Order," (Doc. 0774),[2] lifting stay as to certain actions.

*Id.* at 6-24.

---

[2] Omitted here

17.     On November 15, 2012 Rescap Defendants, of their own volition, joined in a removal of the case to the district court of the Western District of Washington. ECF 1. Robertson filed a timely Motion to Remand. ECF 17; *See* Exhibit 1-1 at *17.

18.     On December 21, 2012 Rescap Defendants, again of their own volition, joined in a second Notice of Removal. ECF 22; *See* Exhibit 1-1 at **21-25 (issues of second Notice of Removal). Robertson again responded with a timely Motion to Remand, noted for hearing **February 15, 2013**. ECF 54-1.

19.     On **January 31, 2013** Debtor Defendants filed a second Notice of Bankruptcy, virtually identical to the first (see ¶ 11 *supra*). The document asserts no reason for the duplicate filing. *See* Doc Nos. 8072-7 at ¶ 22 (Priore Declaration); 802-17 (Exhibit J – Notice of Bankruptcy).

20.     On February 6, 2013 Debtor Defenders filed a waiver of service in District Court. ECF 57; **Exhibit 7** hereto. There is no mention of this document in Objection.

21.     On February 12, 2013 the District Court issued a Minute Order demanding that I show cause why all proceedings against Debtor Defendants should not be stayed. Exhibit 8 hereto.

22.     I took time from my work on the then pending issues in the Case to responded to the Minute Order, pointing out that the District Court had already been apprised of all bankruptcy stay issues, was appearing voluntarily, and that "Plaintiff is aware relief from the automatic stay must be sought in the court in which the bankruptcy is filed. Plaintiff intends to seek such relief when I can figure out the process for doing so.": **Exhibit 9** hereto. *Id.* at *2.

23.    The date for all Defendants reply to my Opening Brief[3] in the 9th Circuit Appeal

matter was February 19, 2015, making any reply I may file **due by March 5, 2015**.

24.    The due date to respond to the Objection is February 26, 2015.

25.    **On January 29, 2015** Debtor Defendants' attorney filed a Notice of Bankruptcy

Status with the 9th Circuit that re-announced stay status of Debtor Defendants and included

information that the Reorganization Plan had been approved and that the date had now passed for

any further claims to be filed in the bankruptcy.

26.    **Also on January 29, 2015** Debtor Defendants' attorney filed a document in the

King County Superior Court 21st Mortgage case,[4] entitled RESIDENTIAL FUNDING

COMPANY LLC'S NOTICE OF BANKRUPTCY STATUS. **Exhibit 10** hereto. The filing was

not served on either me or my counsel in that action. The document states that "within a

reasonable time after the filing of this Notice of Bankruptcy Status, RFC shall contact Third-Party

Plaintiff Robertson in writing and request that he agree to dismiss RFC from this action." *Id.* at 4.

As of this writing, no such "writing" has been received by me, and if such has by my attorney, he has

not so advised me. The filing asserts that I am in serious violation of various provisions of the *In

Re Rescap* Bankruptcy Proceeding, including stay, in the Third Party Complaint against RFC-

LLC. *See Id.* However, the acts complained of were done both post-petition and post-filing of

my Complaint in the Case upon which ALL previous claims submitted to this bankruptcy

procedure are based.

27.    I have not answered the "unusual" filings of the Debtor Defendants' attorney – or

been able to yet reply to the individual responses submitted individually on February 19, 2015 by

---

[3] See Appeal Notice, Exhibit 1-1,2
[4] See Notice of Filing of Cross-Claim…, filed here concurrently. I am defendant in that action, 21st Mortgage
having filed suit to foreclose my property based upon the post-petition acts of Residential Funding Company, LLC.

all Defendants in the 9th Circuit Appel to the Opening Brief, having had to devote all my time to preparing the filings here.

28.    Under penalty of perjury, I certify that all statements contained herein are true to the best of my knowledge.  I further certify that all exhibits accompanying this Declaration, and the concurrent filings itemized herein are true and correct copies of the documents they are represented to be.

Dated: February 24, 2015
      Portland, Oregon

                           Duncan K. Robertson,

                           Duncan K. Robertson, Pro Se
                           3520 SE Harold Court
                           Portland, OR  97202-4344
                           Telephone: (503)775-9164
                           Uncadunc1@aol.com