## Exhibit 1-1

**Appellant Robertson's Opening Brief
to 9th Circuit**



No. 14-35672

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

DUNCAN K. ROBERTSON,

*Plaintiff-Appellant,*

v.

GMAC MORTGAGE, LLC, et al.,

*Defendants.*

*Appeal from Decisions of the United States District Court for the Western District of Washington,
No. 2:12-cv-02017-MJP · Honorable Marsha J. Pechman*

## Appellant's Opening Brief

SCOTT E. STAFNE, ESQ.
JOSHUA B. TRUMBULL, ESQ.
STAFNE TRUMBULL, PLLC
239 North Olympic Avenue
Arlington, Washington 98223
(360) 403-8700 Telephone
(360) 386-4005 Facsimile

*Attorneys for Plaintiff-
Appellant, Duncan K.
Robertson*

# TABLE OF CONTENTS

INTRODUCTION .................................................................................................1

JURISDICTIONAL STATEMENT .....................................................................2

ISSUE STATEMENTS .........................................................................................2

STATEMENT OF THE CASE..............................................................................4

   A.  Statement of Facts .......................................................................................4

   B.  Procedural History.......................................................................................6

APPEALED RULINGS PRESENTED FOR REVIEW.........................................9

SUMMARY OF ARGUMENT ...........................................................................10

ARGUMENT AND AUTHORITY ......................................................................11

   A.  Deficiencies in the First Notice of Removal ............................................11

      1.  Defendants Failed to Consent to Removal.........................................12

      2.  Failure to Affirmatively Plead Removal Jurisdiction Facts..........................17

   B.  Deficiencies in the Defendants' Second Notice of Removal and District's
   Subsequent Order.............................................................................................21

      1. The Second Notice of Removal is Untimely................................................22

      2.  Failure to Affirmatively Plead Removal Jurisdiction Facts..........................23

   C.  The District Court Lacked Jurisdiction to Dismiss Any Defendant ..............25

   D.  The District Court's Ruling Rests on Invalid Interpretation of Washington
   Case Law...........................................................................................................27

      1. Trustees Acting Pursuant to CH. 61.24 Wash. Rev. Code are Liable for
      Misconduct Arising Before a Nonjudicial Foreclosure Sale.............................28

      2. Robertson Has Standing Under the DTA and/or the CPA and equitable
      authority under Washington law to seek a remedy. ..........................................30

CONCLUSION.....................................................................................................39

# TABLE OF AUTHORITIES

**Federal Constitution**

U.S. Const. amend. X ..........................................................................................25
U.S. Const. art. III .......................................................................................25, 31

**Federal Statutes**

28 U.S.C. § 1291 ..................................................................................................2
28 U.S.C. § 1332 .......................................................................... 8, 18, 19, 21
28 U.S.C. § 1441 .................................................................................. 10, 18, 19
28 U.S.C. § 1441(b) ...........................................................................................3
28 U.S.C. § 1446 ........................................................................................ 10, 13
28 U.S.C. § 1446(b) .........................................................................................22
28 U.S.C. § 1447 ...............................................................................................10
28 U.S.C. § 1447(c) ................................................................................ 11, 26, 31

**Federal Cases**

*Abrego v. Dow Chem. Co*, 443 F.3d 676, 683 (9th Cir. 2006) ................... 12, 13, 21
*Alamo v. Del Rosario*, 98 F.2d 328, 329 (D.C. Cir. 1938) .........................................7
*Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937; 173 L. Ed. 868 (2009)...........8, 29
*Barnhart v. Fid. Nat'l Title Ins. Co.*, 2013 United States Dist. LEXIS 154433, 2013
    WL 5739023 at *5 (E.D. Wash. Oct. 22, 2013) ......................................................33
*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929
    (2007).................................................................................................................8, 29
*Centurion Props., III, LLC v. Chicago Title Ins. Co.*, 2013 U.S. Dist. LEXIS
    93808, 2013 WL 3350836, *4, *6-*7 (E.D. Wash. July 3, 2013).......................36
*Communist Party, U.S.A. v. Comm'r of Internal Revenue*, 332 F.2d 325, 327 (D.C.
    Cir. 1964) .................................................................................................................7
*Compton v. Countrywide Fin. Corp.*, ___ F.3d ___, Slip Op. No. 11-17158, *12-15
    (9th Cir. 2014)......................................................................................................36
*Conner v. Simler*, 367 U.S. 486, 81 S. Ct. 1679, 6 L. Ed. 2d 1241 (1961) .............27
*Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ...........................................12
*Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 593, 124 S. Ct. 1920,
    158 L. Ed. 2d 866 (2004) ............................................................................... 25, 31
*Huddleston v. Dwyer*, 322 U.S. 232, 237, 64 S. Ct. 1015, 88 L. Ed. 1246 (1944)..27
*Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009)......................32
*Johnson v. City of Shelby*, ___ U.S. ___, 135 S. Ct. 346, 190 L. Ed. 2d 309 (2014)
    .................................................................................................................................29
*Lawrence v. Chater*, 56 U.S. 163, 180, 116 S. Ct. 604, 133 L. Ed. 2d 545 (1996).27
*Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014).......................................26

*Lively v. Wild Oats Markets, Inc.*, 456 F.3d 933, 939 (9th Cir. 2006) ...................26
*Lords Landing Village Condo. Council of Unit Owners v. Continental Ins. Co.*, 520
U.S. 893, 896 117 S. Ct. 1731, 138 L. Ed. 2d 91 (1997) .....................................27
*Maya v. Centex Corp.*, 658 F.3d 1060, 1067 (9th Cir. 2012).................................32
*Moore v. Maricopa County Sheriff's Office*, 657 F.3d 890, 895 (9th Cir. 2011) ....26
*Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 119 S. Ct. 1322, 143
L. Ed. 2d 448 (1999)............................................................................................22
*Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998)........................................13
*Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1267 (9th Cir. 1999)..........13
*Pueblo of Santa Rosa v. Fall*, 273 U.S. 315, 319, 47 S. Ct. 361, 71 L. Ed. 658
(1927)...................................................................................................................7
*Ramirez-Melgoze v. Countrywide Home Loan Servicing LP.*, 2010 U.S. Dist.
LEXIS 123712, 2010 WL 4641948 at *6 (E.D. Wash., Nov. 8, 2010)................33
*Robertson v. GMAC Mortg. LLC*, 982 F. Supp. 2d 1202, 1206-07 (W.D. Wash.,
Nov. 14, 2013) ........................................................................................... passim
*Robinson v. United States*, 586 F.3d 683, 685 (9th Cir. 2009)................................12
*Salve Regina Coll. v. Russell*, 499 U.S. 225, 231, 111 S. Ct. 1217, 113 L. Ed. 2d
190 (1991)............................................................................................................12
*Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95, 118 S. Ct. 1003,
1012 (1998)..........................................................................................................26
*Thomas v. Am. Home Products, Inc.*, 519 U.S. 913, 117 S. Ct. 282, 136 L. Ed. 2d
201 (1996)............................................................................................................27
*United Investors Life Ins. Co. v. Waddell & Reed Inc.*, 360 F.3d 960, 966 (9th Cir.
2004) ....................................................................................................................25
*United States v. Corinthian Colleges*, 655 F.3d 984, 995 (9th Cir. 2011) ..............30
*United States v. Corrick*, 298 U.S. 435, 440, 56 S. Ct. 829, 80 L. Ed. 1263 (1936).2
*United States v. Southern California Edison Co.*, 300 F. Supp. 2d 964, 972 (E.D.
Cal. Jan. 9, 2004) ................................................................................................25
*United Steel v. Shell Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008)........................12
*Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1141 (9th Cir. 2003).......32

**Federal Court Rules**
Fed. R. Civ. P. 12(b)(6)............................................................................. 1, 6, 10, 28
Fed. R. Civ. P. 12(b)(6), and (5) .................................................................................1
Fed. R. Civ. P. 12(f).....................................................................................................6
Fed. R. Civ. P. 54(b) ...................................................................................................9

**W.D. of Wash. Court Rules**
W.D. Wash. L.C.R. 8.................................................................................................18
W.D. Wash. L.C.R. 8(a).............................................................................................19

## Washington Statutes

Ch. 61.24 Wash. Rev. Code ........................................................................ 4, 28, 30

Wash. Rev. Code § 61.24.005(2) .............................................................. 3, 5, 29

Wash. Rev. Code § 61.24.005(3) ......................................................................34

Wash. Rev. Code § 61.24.005(3), (7), (8) ........................................................34

Wash. Rev. Code § 61.24.005(7) ................................................................ 32, 34

Wash. Rev. Code § 61.24.010 ............................................................................5

Wash. Rev. Code § 61.24.010(1)(b) .................................................................18

Wash. Rev. Code § 61.24.010(2) ...................................................................5, 29

Wash. Rev. Code § 61.24.040(1)(b) ...................................................................5

Wash. Rev. Code § 61.24.090 ..................................................................... 35, 36

Wash. Rev. Code § 61.24.090(1) ........................................................................5

## Washington Cases

*Am. Legion Post No. 149 v. Dep't of Health*, 164 Wash. 2d 570, 585, 192 P.3d 306
    (2008) ..............................................................................................................33

*Bain v. Metro. Mortg. Grp., Inc.*, 175 Wash. 2d 83, 92-93, 285 P.3d 34 (2012) ....35

*Columbia Cmty. Bank v. Newman Park, LLC*, 177 Wash. 2d 566, 580, 304 P.3d
    472 (2013) ......................................................................................................38

*Cox v. Helenius*, 103 Wash. 2d 383, 387-88, 693 P.2d 683 (1985) ................. 33, 34

*Frias v. Asset Foreclosure Servs., Inc.*, 181 Wash. 2d 412, 334 P.3d 529 (2014)...4,
    28, 29

*Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash. 2d 778,
    780, 719 P.2d 531 (1986) ...............................................................................37

*Haueter v. Rancich*, 39 Wash. App. 328, 331, 693 P.2d 168 (Div. II, 1984)..........38

*Lyons v. U.S. Bank N.A.*, ___ Wash. 2d ___, 336 P.3d 1142, Slip. Op. 89132-0
    (Oct. 30, 2014) ..................................................................................... 4, 28, 29

*McCurry v. Chevy Chase Bank*, FSB, 169 Wash. 2d 96, 102-103, 233 P.3d 861
    (2010) ..............................................................................................................8

*Rucker v. Novastar Mortg., Inc.*, 177 Wash. App. 1, 17, 311 P. 3d 31 (Div. I, 2013)
    ................................................................................................................. 28, 34

*Umpqua Bank v. Santwire*, 175 Wash. App. 1068, at *3 (Div. I, 2013) .................34

*Walker v. Quality Loan Serv. Corp. of Wash.*, 176 Wash. App. 294, 309-10, 308
    P.3d 716 (Div. I, 2013) ....................................................................................28

*Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.*, 122 Wash. 2d 299,
    310-15, 858 P.2d 1054 (1993) ................................................................... 36, 37

## Other Authorities

*Restatement (Third) of Property: Mortgages* § 7.6 (1997).....................................38

## INTRODUCTION

Duncan K. Robertson appeals multiple orders from the Western District
Court of Washington, which (1) denied his motions to remand, (2) denied his
request to amend his complaint, (3) never held an evidentiary hearing for diversity,
(4) excused a Defendant pursuant to Fed. R. Civ. P. 12(b)(6), and (5) later
dismissed his claims against all other Defendants based on a lack of statutory
standing and availability of equitable relief. The district court lacked jurisdiction
because it had imperfect diversity of opposing parties and the controversy involved
violations of Washington's Deeds of Trust Act, ("DTA"). In fact, the district court
accepted the Defendants' Notices of Removal and dismissed a Defendant with its
principal place of business in Washington *before* announcing it had jurisdiction to
hear the case. The court then concluded Robertson lacked standing to file suit
under the DTA and prevent Defendants from foreclosing on his property. It
erroneously concluded that Defendants had no interest in the property because
those Defendants operated under a parade of corporations to continuously transfer
interest in a Deed of Trust on Robertson's property solely to elude being targeted
for suit. This court need not address the issue of the Defendants' holder
corporations because the district court lacked jurisdiction to issue these orders—
this Court should vacate the district court orders and remand to Washington State's
King County Superior Court or if this Court finds there is diversity, remand with

1

orders consistent with finding Robertson has standing and plausible causes of

action under relevant Washington law, addressed below.

## JURISDICTIONAL STATEMENT

This Court has jurisdiction to hear this appeal pursuant to 28 U.S.C. § 1291.

Although the Western District Court of Washington lacked subject-matter

jurisdiction, "[federal appellate courts] have jurisdiction on appeal, not of the

merits but merely for the purpose of correcting the error of the lower court in

entertaining the suit." *United States v. Corrick*, 298 U.S. 435, 440, 56 S. Ct. 829,

80 L. Ed. 1263 (1936). The district court's rulings would permanently deprive

Robertson from stopping an unlawful foreclosure of his property. ER 77. The last

order appealed here, ER 55, was filed July 11, 2014. Robertson filed a timely

Notice of Appeal on August 11, 2014. ER 58, 60-62.[1]

## ISSUE STATEMENTS

(1)    Did the district court err by entertaining a Notice of Removal that (a) failed

to allege "citizenship" of any defendant (instead alleging "residence" as ground for

diversity); (b) failed to identify principal places of business for Corporate

Defendants First American Title Company and LSI Title Agency, Inc.; (c) failed to

allege five LLC defendants members' citizenships (GMAC Defendants); (d) failed

---

[1] Final judgment Order, ER 77, was issued August 20, 2014, by the district court,
after the filing of Notice of Appeal.

to allege two defendants consent to removal, Residential Funding Company, LLC
and Bank of New York Trust Company, N.A., and where consent was alleged
stating it was obtained by opposing counsel blanket statements, without identifying
which Defendants they represented nor providing proof of the authority to consent,
(e) alleged defendant RFC-LLC did not exist, and (f) included an in-forum
defendant (LSI)?

(2)    Did the district court err by entertaining a second Notice of Removal filed
even though the Defendant bringing it had joined the first Notice of Removal, and
the second Notice was filed 59 days after the Defendant was served with the
complaint?

(3)    Did the district court err by denying Robertson's request to amend his
Washington State complaint?

(4)    Did the district court err by granting Defendant LSI's motion to dismiss,
excusing it from the suit, before resolving Robertsons' Motions to Remand, which
challenged diversity under 28 U.S.C. § 1441(b) based on Defendant LSI's
principal place of business?

(5)    Regardless of jurisdiction, did the district court err by granting Defendant
LSI's motion to dismiss based on the facts alleged in Robertson's complaint which
established the LSI acted at an invalid trustee at the behest of an entity which did
not meet the criteria set forth in Wash. Rev. Code § 61.24.005(2)?

3

(6)    If this Court determines the district court did have subject matter

jurisdiction, should this Court remand the district court's other dispositive orders

for reconsideration in light of *Frias v. Asset Foreclosure Servs., Inc.,* 181 Wash. 2d

412, 334 P.3d 529 (2014) and *Lyons v. U.S. Bank N.A.,* ___ Wash. 2d ___, 336

P.3d 1142, Slip. Op. 89132-0 (Oct. 30, 2014).

## STATEMENT OF THE CASE

### A.    Statement of Facts

This action is born out of the Defendants' attempt to foreclose on property

owned by Robertson pursuant to a deed of trust executed by Linda C. Nicholls

under the Washington Deed of Trust Act, Ch. 61.24 Wash. Rev. Code ("DTA").

Robertson acquired title and the right to possession of the property through

foreclosing on a second deed of trust in September 2008. ER 83. Robertson and his

attorney both attempted to identify the beneficiary of the old deed of trust executed

by Nicholls in order to extinguish that security instrument; Robertson was actively

working on developing the property to sell or for use as a rental property. ER 83-

98.

Based on Robertson's and/or his attorneys interaction with various entities

claiming beneficiary status of the deed of trust, Robertson made at least five good

faith attempts to pay off the loan[2] purportedly secured by the deed of trust

---

[2] Complaint. ER 84, 85, 86, 89, 90, 91-92.

executed[3] by Nicholls, including liquidating savings at a loss from his retirement accounts for payment, and arranging escrows.[4]

Instead of accepting payment from Robertson, Defendants, First American Title Insurance Company ("First American") purportedly acting as a trustee pursuant to Wash. Rev. Code § 61.24.010, on behalf of Bank One National Association ("Bank One")[5] a purported beneficiary (see Wash. Rev. Code 61.24.005(2)) attempted to sell the property without notifying Robertson as required under Wash. Rev. Code § 61.24.040(1)(b).[6] The sale did not occur only because Ms. Nicholls had filed for bankruptcy. See ER 11-12.

While Robertson and his attorney were still attempting to identify and pay any rightful beneficiary of the deed executed by Nicholls, Defendant Residential Funding Real Estate Holdings, LLC ("Residential Funding"), also claiming beneficiary status, appointed defendant LSI Title Agency, Inc. ("LSI") as a successor trustee. See Wash. Rev. Code § 61.24.010(2). LSI filed two notices of sale which never occurred.[7] However, during this time period, Robertson's

---

[3] ER 79 (1.2), 84 (5.6, 5.7).

[4] ER 85, 86, 92.

[5] Bank One merged into JP Morgan Chase Bank N.A. in 2004 and ceased to exist. The attempted sales of Robertson's Property were done in the name of "Bank One National Association as Trustee" with no trust designated. Wash. Rev. Code 61.24.005(2). See ER 89-90, 94, 100.

[6] See also Wash. Rev. Code § 61.24.090(1) (affected party's right to cure default).

[7] The first of these was filed in the name of First American although LSI was purported trustee of record. ER 93.

property was encumbered by several notices of trustee sales by different trustees of

several purported beneficiaries of the Old Kent security instrument, clouding his

title and paralyzing any use of the property. ER 91, 98.

Robertson filed the initial complaint to enjoin the Defendants from

foreclosing on the property and to identify an eligible beneficiary to the Nicholls

deed in order to satisfy any payment actually due and extinguish the encumbrance.

ER 127-130 (Complaint: Relief Requested).

**B.    Procedural History**

On June 6, 2012, Robertson, a citizen of Oregon, filed a Complaint in King

County Superior Court, Washington to determine who was the beneficiary of the

Old Kent deed of trust, so that he could obtain clear title to Property he purchased

within Washington's borders. ER 78-144. On November 15, 2012, Defendant J.P.

Morgan Chase Bank ("Chase") filed a notice of removal with the district court. ER

149-155.

Four days later defendant LSI filed a motion to File Overlength Motion to

respond to Robertson's Complaint. On November 23, 2012, LSI filed a motion to

dismiss Robertson's complaint pursuant to Fed. R. Civ. P. 12(b)(6) or alternatively

a motion to strike pursuant to Fed. R. Civ. P. 12(f). ER 159-182.

On November 30, 2012 Robertson filed a "motion for proof of authority"

because it was unclear which attorneys represented which defendants. ER 78-144.

6

His motion asked the district court to ascertain whether opposing counsel had
actual authority from the Defendants to consent to removal and/or whether the
Defendants had actually consented to removal. ER 183-188, attaching exhibits, ER
189-193. Robertson grounded his request that counsel prove their authority to act
on behalf of their purported client in this regard on *Pueblo of Santa Rosa v. Fall*,
273 U.S. 315, 319, 47 S. Ct. 361, 71 L. Ed. 658 (1927); *Alamo v. Del Rosario*, 98
F.2d 328, 329 (D.C. Cir. 1938), ER 182.[8] Robertson cited *Communist Party, U.S.A.
v. Comm'r of Internal Revenue*, 332 F.2d 325, 327 (D.C. Cir. 1964) (citing *Alamo
v. Del Rosario*, 98 F.2d 328 (D.C. Cir. 1938)), as ground for his Motion. That same
day Robertson also filed a motion for remand. ER 194-204.

Defendants filed a Joint Opposition to the Motion, ER 222-230, and four
declarations in response to Robertson first jurisdictional challenge as an attempt to
amend their first Notice of Removal. ER 232 (Decl. of Matthew Sullivan), ER 235
(Decl. of Warren Robinson), ER 237 (Decl. of Gary Finnell), ER 239 (Decl. of
William Fig).

LSI filed a second Notice of Removal on December 21, 2012. ER 213.
Robertson responded with a second Motion to Remand. ER 298-307. On February
6, 2012, the district court granted LSI's Motion to Dismiss for "failure to state a

---

[8] Sussman Shank (Mr. Fig) filed notice of appearance for BNY in Superior Court
on Oct. 31, 2012, E68 (misstated in ER 106 as "Oct. 12, 2012"); Davis Wright
Tremaine (Mr. Sullivan) also filed an appearance on behalf of BNY, on Nov. 15,
2012 (misstated as" November 12, 2012" in ER 106) - the same day as removal.

claim" under *Iqbal/Twombley*[9] pleading standards. ER 1. The district court
dismissed the complaint without leave to amend and denied Robertson's
subsequent motion for leave to amend. ER 364.

On February 16, 2012, the district court denied both Robertson's Motion for
Proof of Authority of the attorneys and his first Motion to Remand. ER 12. On
February 20, 2012, the district court issued an Order denying Robertson's second
Motion to Remand. ER 17-18.

On February 16, 2012, the district court denied Robertson's motion to
remand Chase's removal on four grounds, but declined to discuss Robertson's
pleading, proof, and removal statute violation challenges to the district court's
diversity and removal jurisdictions. ER 12-16. The district court's Order on
removal denying Robertson's first motion to remand ("Removal Order #1) ruled:
"[f]or purposes of diversity under 28 U.S.C. § 1332, the notice of removal
established the citizenship of each of the Defendants: [***] [i]n response to
Plaintiff's motion to remand, Defendants have individually verified their
citizenship." ER 13-14. On February 20, 2012, the district court denied

---

[9] The heightened pleading standards for actions filed in federal court under *Bell
Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 167 L. Ed. 2d 929
(2007) and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937; 173 L. Ed. 868 (2009)
differ from the notice pleading standards utilized in Washington courts. See
*McCurry v. Chevy Chase Bank*, FSB, 169 Wash. 2d 96, 102-103, 233 P.3d 861
(2010) (Rejecting plausibility pleading standard, and reiterating that Washington is
a "notice pleading" jurisdiction.).

Robertson's second motion to remand LSI's belated removal filed 36 days after

LSI joined in Chase's notice of removal. ER 17-18. This order made no mention of

Robertson's objection to LSI's untimely Notice of Removal and was based solely

on the reasoning of the Court's Removal Order #1. *Id.*

On August 20, 2014, the district court issued a final judgment against

defendants LSI Title Agency, Inc., J.P. Morgan Chase Bank, N.A., Bank One

N.A., Bank of New York Trust Company, N.A. and First American Title

Company, ER 77, pursuant to the district court's grant of several parties (including

Robertson's) joinder in a motion for final judgment pursuant to Fed. R. Civ. P.

54(b). ER 65-76.

## APPEALED RULINGS PRESENTED FOR REVIEW

(1)    February 6, 2013, Order Dismissing LSI and Denying Request for Leave to

Amend. ER 1-11.

(2)    February 19, 2013, Order Denying Motion for Proof of Authority and

Denying Motion to Remand-1. ER 12 -16.

(3)    February 20, 2013, Order Denying Motion for Remand-2. ER 17-18.

(4)    April 11, 2013, Order Denying Reconsideration of LSI dismissal. ER 19-22.

(5)    May 6, 2013, Order Granting First American's Motion for Summary

Judgment. ER 23-31.

(6)    November 14, 2013, Order Granting Fed. R. Civ. P. 12(b)(6) Motions to

Dismiss Bank One and Chase; Summary Judgment for GMAC Defendants. ER 32-

42.

(7)    November 15, 2013, Order Denying Motion to Vacate Orders (dismissing

LSI and First American, and denying certification to Washington Supreme Court) .

ER 43-45.

(8)    May 28, 2014 Order Granting Motion for Summary Judgment (Bank of New

York Trust Co., N.A.). ER 46-54.

(9)    July 11, 2014 Order Denying Reconsideration (of granting of BNY Motion

for Summary Judgment). ER 55-57.

## SUMMARY OF ARGUMENT

Robertson first argues that the district court failed to acknowledge and rule

upon his objections to both facial and factual failures in two separate Notices of

Removal filed by the defendants, thereby failing to establish both removal and

subject matter jurisdiction. A district court's *sua sponte* ruling of remand is

required where 28 U.S.C. § 1447 has not been met, and where Robertson properly

objected to violations of removal statutes, including 28 U.S.C. § 1441, 28 U.S.C. §

1446 and 28 U.S.C. § 1447, remand is also required. Next, he also argues that

defendant LSI was wrongfully dismissed prior to the court ruling on whether it had

subject matter jurisdiction. Further, Robertson argues that his Complaint does in

10

fact state claims against all defendants under Washington pleading standards, and

especially against in-forum defendant LSI, that leave to amend the Complaint was

improperly denied, and that a principal ground for dismissals of all defendants (no

liability where a trustee's sale has been discontinued) has been overturned by the

Washington Supreme Court, impacting those rulings. Finally, Robertson argues

that the court misinterpreted state law regarding his standing to defend his property

and title, and in fact ruled that Robertson lacked Constitutional standing, depriving

the court of subject matter jurisdiction, and also requiring remand under 28 U.S.C.

§ 1447(c).

## ARGUMENT AND AUTHORITY

This brief will address technical and substantive deficiencies in the

Defendants' First Notice of Removal, and then address technical and substantive

deficiencies in the Defendants' Second Notice of Removal. Next, this brief will

discuss technical deficiencies with the district court's dismissal of Defendant LSI

before addressing arguments on standing under Washington's Deeds of Trust Act

and causes of action under Washington's Consumer Protection Act, and the other

issues noted *supra*.

**A.**   **Deficiencies in the First Notice of Removal**

Defendants' First Notice of Removal (1) failed to show consent of all

Defendants to removal, (2) based its claim of diversity upon the "residences" of

11

Defendants (making no mention of citizenships); (3) did not allege the members

and their citizenships for each LLC, (4) did not allege a principal place of business

for the two corporate defendants; and (5) did not allege a designated main office

for national banking associations. ER 151.

Determinations regarding subject matter jurisdiction are reviewed *de novo*,

and factual findings underlying those determinations are reviewed for clear error.

*Robinson v. United States,* 586 F.3d 683, 685 (9th Cir. 2009). Determinations of

state law are reviewed *de novo*. *Salve Regina Coll. v. Russell*, 499 U.S. 225, 231,

111 S. Ct. 1217, 113 L. Ed. 2d 190 (1991).

"In cases removed from state court, the removing defendant has 'always'

borne the burden of establishing federal jurisdiction, including any applicable

amount in controversy requirement." *Abrego v. Dow Chem. Co*, 443 F.3d 676, 683

(9th Cir. 2006) (citing *Gaus v. Miles, Inc.,* 980 F.2d 564, 566 (9th Cir. 1992).

*1. Defendants Failed to Consent to Removal*

Defendants' First Notice of Removal omitted Defendants Bank of New York

Mellon ("BNY") and Residential Funding Company, LLC ("RFC-LLC") as

consenting to removal. ER 152. All defendants must be unanimous in their consent

to removal in order for a Notice of Removal to be effective. *United Steel v. Shell*

*Oil Co.*, 549 F.3d 1204, 1208 (9th Cir. 2008) (citing *Abrego v. Dow Chem. Co*, 443

F.3d at 681), ER 201 (first Motion to Remand), ER 252 (Motion to Prove

Authority). Because the Defendants did not include BNY and RFC-LLC, BNY and RFC-LLC did not consent to removal and this Notice of Removal was ineffective. ER 201, 252. Accordingly, this Court's ruling should be consistent with finding the Defendants failed to remove.

The Notice of Removal also stated, "Defendants . . . *through their respective counsel*, consent to removal of this action to federal court." ER 152 (emphasis added); *see also* ER 201 (Motion to Remand challenging); ER 217 (identical language in LSI Removal). More significantly, the removal pleading did not identify which counsel represented which Defendants or allege that they had been given authority by their clients to consent to removal. ER 155 ("Attorneys For Defendants" accompanying Removal Notice, omitting BNY and RFC-LLC representation). If an attorney cannot clearly state specifically which Defendant he represents or otherwise show that his client gave him authority to consent to removal, the Notice of Removal is ineffective. *See Abrego*, 443 F.3d at 681 (citing *Prize Frize, Inc. v. Matrix (U.S.) Inc.*, 167 F.3d 1261, 1267 (9th Cir. 1999) (holding that "the case was improperly removed because not all defendants consented to the removal" as required by 28 U.S.C. § 1446)); *see also Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998) ("All defendants must join a notice of removal").

With regard to Robertson's motion for proof regarding which attorneys

represented which defendants, the district court stated:

> Plaintiff moves for "proof of authority," to clarify the "attorney-client
> relationships in this matter, and as to whether all necessary defendants
> have been joined." (Pl. Br. at 3, Dkt. No. 16.) In essence, Plaintiff
> seeks to pierce the attorney-client relationship and disclose
> communications between Defendants and their counsel. This motion
> is wholly without merit, unnecessary and is frivolous. Counsel for
> each Defendant is licensed to practice law in Washington and
> admitted to practice law in this Court. Defense counsels'
> representations to this Court are sufficient to show they have been
> authorized to represent their clients. The motion is DENIED.

The district court did not address the case authority Robertson had cited in

support of his motion, the legal rationale in support thereof—the district court did

not appear to notice the confusion among the attorneys about who was representing

what entity. On the signature page of the First Notice of Removal, the attorney

listed for Bank of New York Trust, Chase, and Bank One is Matthew Sullivan, ER

147, but then William Fig is named as attorney of Bank of New York Mellon Trust

Co. ER 148. Mr. Fig lists the clients he represents in his declaration, ER 157, but

they do not include BNY. *Id.*

For this Court's convenience, Robertson has provided the following record

samples showing confusion:

ER 145 - Sussman Shank Notice of Appearance for "Bank of New York

Trust Company, NA"

14

ER 148 - Davis Wright Tremaine Notice of Appearance for "Bank of New York Trust Company, NA"

ER 149-155 - Notice of Removal – no mention of BNY attorney representation, ER 155, or as consenting to removal, ER 152 - only BNY mention is "Bank of New York Mellon Trust Company, N.A., is a nationally chartered trust company with its principal place of business in Miami, Florida." ER 151.

ER 211 – Davis Wright Tremaine 2nd Notice of Appearance for "Bank of New York Trust Company, NA" adding Burnside as attorney.

ER 219 – Davis Wright Tremaine (Burnside) files opposition to Motion to Prove Authority on behalf of clients including "Bank of New York Trust Company, N.A. ("BONY Trust")."

ER 230 – Davis Wright Tremaine (Burnside) signs Joint Opp. to Motion to Remand-1 on behalf of "Bank of New York Trust."

ER 233 - Sullivan declares that he is representing "Bank of New York Trust Company, N.A.," ER 232, and identifies parties consenting to removal, which did not include BNY (and BNY was not a removing party).

15

ER 240 – William Fig (Sussman Shank) declares, "Representation in
Current Lawsuit. I am counsel of record in this lawsuit for the
following Defendants: GMAC Mortgage, LLC, Executive Trustee
Services, LLC, Residential Funding Real Estate Holdings, LLC,
Residential Funding Company, LLC, Residential Funding
Corporation, and Homecomings Financial, LLC." (BNY is not
included).

ER 335-336 - BNY Corporate Disclosure, filed by Davis Wright
Tremaine, 02/22/2013, stating BNY is a "wholly owned subsidiary of
The Bank of New York Melon Corporation", "a publicly held
corporation." **it includes no office of record for BNY**. It does
include, however, an important footnote on the first page: "The Bank
of New York Mellon Trust Company, N.A. is incorrectly identified in
the caption by the name it was formerly known as, The Bank of New
York Trust Company, N.A." *Id.*

ER 496 - Mr. Fig (Sussman Shank) disagrees with Davis Wright
Tremaine as the relationship of Bank of New York Trust Company,
N.A. and Bank of New York Mellon Trust Company, N.A.:

> "The only other document that references BNY is a July
> 2012 "corrective" Assignment, executed by The Bank of
> New York Mellon [Trust Company], N.A., as trustee, **not**
> Bank of New York Trust Company, N.A. Battaglini Decl., ¶

16

15, Exhibit 12." *Id.* (brackets added, as the name on the "Corrective"Assignment referenced includes those words).

If the Defendants cannot decide between them which counsel represents which Defendant, the same counsel cannot confidently assert authority from the defendants to consent to removal.

### 2. Failure to Affirmatively Plead Removal Jurisdiction Facts

Robertson challenged the Defendants' Notice of Removal with his first Motion to Remand. ER 194-210. The Defendants' Notice of Removal provided "suit is between a citizen of Oregon and foreign business entities, none of which are citizens of Oregon." ER 215. The Defendants responded and argued allegations stated in their Response could be considered as an amendment—but the Defendants never requested leave to amend their Notice of Removal with a motion. ER 227-228. The Defendants filed four declarations to support their response. ER 232, 235, 237, 239. Regardless, all but one of those declarations still failed to affirmatively allege facts showing an adequate basis for all Defendants' diversity. *Id.*

Robertson also disputed factual allegations asserted in Chase's removal pleading. For example, Robertson disputed (1) that Residential Funding Company, LLC ("RFC-LLC") did not exist, (2) that Bank of New York Mellon Trust Co., N.A.'s "principal place of business" was in Miami, Florida (as this conflicted with

17

publicly available information from the Office of the Comptroller of Currency),[10]

ER 110, 206-207, and (3) that LSI was not an "in forum" defendant.[11] ER 117-119,

159-160, 207.

 In fact, Defendant LSI declared to Washington's Office of the Insurance

Commissioner that its principal place business was in Washington[12] so that it could

qualify as a trustee entitled to nonjudicially foreclose on real property located

within Washington's borders. *See* Wash. Rev. Code § 61.24.010(1)(b). The other

defendants claimed to be "residents" of various states, and all, but one, never

alleged facts sufficient to establish diversity jurisdiction under controlling

precedent. This likely results from the fact that the District Court's local rule, W.D.

Wash. L.C.R. 8, is inconsistent with controlling precedent related to 28 U.S.C. §

1332 and 28 U.S.C. § 1441.

---

[10] With his Motion to Prove Authority, Robertson submitted copies of an email
response from the Litigation Division of the Office of The Comptroller of
Currency (OCC), ER 192 and an ibanknet.com web printout showing BNY's
principal business office was not in Florida, ER 113. The Exhibits were not
objected to by defendants.

[11] Motion to Remand, ER 198-199. LSI's Resident Title Insurance Agency status
was active at the time of filing of and appears on the face of the Complaint. ER 82.

[12] *See* ER 82 (¶ 4.13), ER 109 (¶11.5(f); n. 42, 43) (Complaint); ER 197-198 (¶¶
11, 12)(Motion to Remand); ER 205-210 (Cert. OIC records of LSI application,
declaring new principal place of business ("PPB") and granting of Resident Title
Ins. Agency Status); ER 242 (Resp to Joint Opp); ER 250 (Email confirming OIC
would not serve LSI because they are domestic company); ER 287 (Email from
OIC stating PPB for LSI and domestic status); ER 301 (¶13)(Motion to Remand-
2); ER 337-346 (Decl. Sheryll Penn, OIC, verifying and interpreting Certified
records submitted with Motion to Remand (supra) and declaring LSI's principal
place of business as Bellevue, WA).

The district court's Removal Order #1 provided: "[f]or purposes of diversity

under 28 U.S.C. § 1332, the notice of removal established the citizenship of each

of the Defendants:[13] [***] [i]n response to Plaintiff's motion to remand,

Defendants have individually verified their citizenship. (Dkt. Nos. 25-28.)." ER

238. The district court's order did not address many of Robertson's arguments

concerning removal jurisdiction, as repeated here.

    In order to qualify for diversity jurisdiction, the party seeking it must

"identify the citizenship of the parties." 28 U.S.C. § 1332; 28 U.S.C. § 1441; W.D.

Wash. L.C.R. 8(a) In the Defendants' First Notice of Removal, they only said what

the company's residences were not—they did not declare their "citizenship" nor

their principal place of business. In their response, only a single declaration, that of

Warren A. Robinson for Defendant First American, offered affirmative evidence of

any Defendant's citizenship. ER 235-236. The remaining three declarations

proffered no affirmative evidence of citizenship of parties. *See* ER 232-234, 237-

238, 239-240. The Declaration of Gary Finnell states: "Principal Place of Business

and State of Incorporation. LSI Title Agency, Inc. is incorporated in Illinois. LSI

Title Agency, Inc.'s Principal Place of Business (i.e., its "nerve center") is located

---

[13] This is followed by a verbatim copy of the insufficient and false allegations of
citizenship made in the First Removal Notice. *Compare* ER 13-14 *with* ER 216.

19

in neither Oregon or Washington." ER 238.[14]

The Declaration of William Fig contains questionable information regarding the Notice's allegation of the nonexistence of defendant Residential Funding Company, LLC, (failing to explain how RFC-LLC did not exist but still consented to removal), but makes no mention of the citizenship of any of his client LLC's members. ER 239-240 (the citizenship of defendant LLCs' members were apparently in doubt or unknown at this time as the LLCs were in bankruptcy and thus "in a state of flux." ER 308).

In response to Mr. Robertson's challenges[15] to the residence basis of removal, Defendants stated: "Plaintiff argues the citizenship of the corporate Defendants may differ from their residences. Plaintiff is mistaken." ER 226, 241. Joint Opp. goes on to state: "[t]he Notice of Removal sets forth, for each Defendant, either the state it is incorporated (or otherwise organized) or the location of its principal place of business." ER 227. Joint Opp. makes no mention of BNY consenting to removal, but states, "On November 14, [the day before removal] counsel for Chase sent an email to counsel of record for the other

---

[14] The assertion that Defendant BNY has "its principal place of business in Miami, Florida" was challenged by Robertson, ER 187-188, 300-301, and BNY never responded to these challenges. Nonetheless, the district court ruled, "Bank of New York Mellon Trust Company, N.A., is a nationally chartered trust company with its principal place of business in Miami, Florida." ER 13.

[15] Alleging residence rather than citizenship as ground for removal was challenged in Motion to Remand ER 196, 197, *see* also ER 241; and in 2nd Motion to Remand, ER 247, 299.

Defendants, informing them about Chase's intent to remove this matter and

seeking their consent. Sullivan Decl. ¶ 2. **Over the course of the next day or so**,

all Defense counsel responded to that email and consented to removal. *Id.*" ER 229

(emphasis added).

A party seeking diversity jurisdiction must identify "if any of the parties is a

limited liability corporation (LLC), a limited liability partnership (LLP), or a

partnership, [and] identify the citizenship of the

OWNERS/PARTNERS/MEMBERS." LCR 8(a) (emphasis added); *see also*

*Abrego v. Dow Chem. Co*, 443 F.3d 676, 683 (9th Cir. 2006) Curiously, the

Notice of Removal claimed that RFC-LLC did not exist. Importantly, RFC-LLC

was the most recent purported "beneficiary" of the Nicholl's deed of trust. *See* ER

186-187, 277. Furthermore, this Notice of Removal and the four declarations

made in support of their failed to identify LLC Defendants' members' citizenships

as required by 28 U.S.C. § 1332. ER 151 (duplicated in Order, ER 13-14).

**B.    Deficiencies in the Defendants' Second Notice of Removal and District's
Subsequent Order**

Defendants' Second Notice of Removal (1) is not timely; Robertson served

the Defendants, which filed motions and notices of appearance, well over 30 days

before filing, and like the First Notice of Removal (2) did not allege the members

and their citizenships of each LLC, (3) did not affirmatively allege a principal

place of business for Defendant LSA; and (4) did not allege a designated main
office for national banking associations. ER 151.

### 1. The Second Notice of Removal is Untimely

28 U.S.C. § 1446(b) requires defendants file a Notice of Removal within 30
days of service. *See generally Murphy Bros. v. Michetti Pipe Stringing, Inc.*, 526
U.S. 344, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999). It appears the Defendants'
First Notice of Removal was timely—however, it was defective for the reasons
addressed above. The First Notice of Removal, was filed by Defendant Chase on
November 15, 2012; Chase's' counsel alleged **all** Defendants joined that Notice of
Removal. ER 222. The Defendants' Second Notice of Removal was filed
December 21, 2012 by LSI, 36 days after the First Notice of Removal, which LSI
purportedly joined. ER 213. All Defendants purportedly joined the Second Notice
of Removal as well.

Robertson claimed LSI was served on October 19, 2012, which would set
the deadline to file a Notice of Removal on November 18, 2012. ER 245, 250, 287,
295, 347-350. Perplexingly, LSI claimed it did not "accept" service until
November 21, 2012, which would conveniently set the deadline at December 21,
2012. ER 157-158. However, on November 2, 2012, LSI filed a Notice of
Appearance, which is over two weeks *before* LSI claims to have accepted service,
and 49 days before it filed the Second Notice of Removal. ER 146. On November

19, 2012, two days before LSI claims to have accepted service, LSI requested

leave to file an overlength motion to dismiss Robertson's Complaint. ER 156.

Based on when Robertson formally served the Defendants and when LSI filed its

overlength motion request, the deadline for LSI's filing the Second Notice of

Removal was November 19, 2012. Based on LSI's own Notice of Appearance, the

Defendants' Second Notice of Removal is 49 days late and this Court should

vacate any ruling that resulted from because the District Court lacked jurisdiction.

2.    *Failure to Affirmatively Plead Removal Jurisdiction Facts*

Like the First Notice of Removal, the Second Notice failed to state

Defendants' principal place of business or designated main office as well as the

citizenship of every member of each LLC defendant; it also stated: "LSI's Motion

to Remand (sic) relies on the same jurisdictional basis as JPMorgan Chase's

motion[.]" ER 215. Robertson challenged this second removal in responsive

documents and by filing a second Motion to Remand. See ER 299-307.

The Second Removal Notice used the word "citizenship" instead of

"residence," but failed to state LSI's principal place of business. "LSI affirmatively

alleges that it is not a citizen of Oregon or Washington." ER 215. It did not say

where its principal place of business actually is. *Id.* It also failed to allege the LLC

defendants' members and their citizenships, pleading instead place of organization

and a principal place of business, as though they were corporations. ER 216. LSI's

23

removal pleading repeats, without addressing, the same disputed address for BNY.
*Id.* It also states: "LSI's Motion to Remand (sic) relies on the same jurisdictional
basis as JPMorgan Chase's motion[.]" *Id.*

The Defendants supported their opposition to Robertson's second Motion to
Remand with the February 7, 2013, declaration of Kari Krull. ER 313-316. Krull
relates each of the LLC Defendants to an indirect parent company Ally Financial,
Inc., but makes no claims of LLC members' citizenships when the complaint was
filed. *Id.* The declaration is cited by GMAC Defendants' counsel in their response
to Motion to Remand-2:

> None of the GMACM Defendants, nor any of their members, are
> residents of Oregon or Washington. Filed with this pleading is the
> Declaration of Kari Krull. As that Declaration shows, each GMACM
> Defendant entity has a single member that is a Delaware resident, with
> the eventual ownership chain of each entity ending with Ally
> Financial, Inc., also a Delaware resident. [ ] Based on the above, there
> is complete diversity between the parties.

ER 312.1.

The district court's order did not discuss any of Robertson's objections to
removal, including to the untimely Second Notice of Removal itself in which all
Defendants had joined, the continuing failure of Defendants to properly allege or
prove diversity, addresses that conflicted with public record proffered for BNY and
ETS, and Robertson's objections to pre- and post-removal statute violations, *see*

generally ER 292-307 (2nd Motion to Remand), and was based solely on the
reasoning of the Removal Order #1. ER 17-18.

## C.    The District Court Lacked Jurisdiction to Dismiss Any Defendant

Robertson maintains that the district court's premature dismissal of
Defendant LSI prior to ruling on Robertson's motion to remand resulted in a
situation where the district court had no authority to exercise judicial power under
U.S. Const. art. III and the Separation of Powers, as well as the U.S. Const. amend.
X and our federal system of government involving dual sovereigns, each having
supremacy in its own fields of interest.

Prior to resolving whether it had diversity subject matter jurisdiction, the
district court had no authority to allow it to decide the merits of Robertson's case
against LSI. *United Investors Life Ins. Co. v. Waddell & Reed Inc.,* 360 F.3d 960,
966 (9th Cir. 2004). Indeed, the Supreme Court has emphasized that "district
courts have an 'independent obligation to address [subject-matter jurisdiction] *sua
sponte*.'" *Grupo Dataflux v. Atlas Global Grp., L.P.,* 541 U.S. 567, 593, 124 S. Ct.
1920, 158 L. Ed. 2d 866 (2004) (alterations in original) (quoting *United States v.
Southern California Edison Co.,* 300 F. Supp. 2d 964, 972 (E.D. Cal. Jan. 9,
2004)).

To the extent the district court dismissed LSI in order to obtain diversity
jurisdiction over this matter, its conduct was inappropriate and unconstitutional.

*Steel Co. v. Citizens for a Better Environment,* 523 U.S. 83, 94-95, 118 S. Ct. 1003,

1012 (1998) ("When presented with a motion to remand, a federal district court

must ascertain whether it has subject matter jurisdiction before considering a

defendant's motion to dismiss"); *Moore v. Maricopa County Sheriff's Office,* 657

F.3d 890, 895 (9th Cir. 2011) (A federal court cannot assume subject-matter

jurisdiction to reach the merits of a case [***] [a]nd the Supreme Court has

specifically instructed that a district court must first determine whether it has

jurisdiction before it can decide whether a complaint states a claim.).[16]

Accordingly, this Court should vacate any of the district court orders that preceded

it announcing it had diversity jurisdiction.

Robertson has shown that removal was not facially valid and this Court

should remand this case back to the district court with directions to remand

Robertson's complaint back to the King County Superior Court. 28 U.S.C. §

1447(c); *See Leite v. Crane Co.,* 749 F.3d 1117, 1122 (9th Cir. 2014); *Lively v.*

*Wild Oats Markets, Inc.,* 456 F.3d 933, 939 (9th Cir. 2006).

---

[16] *See* also *Valdez v. Allstate Ins. Co.,* 372 F.3d 1115, 1116 (9th Cir. 2004) ("Even
if no objection is made to removal or both sides stipulate to federal subject matter
jurisdiction, a district court has an independent obligation to examine whether
removal jurisdiction exists before deciding any issue on the merits.").

**D.    The District Court's Ruling Rests on Invalid Interpretation of Washington Case Law**

This section sets forth state precedent, including recent controlling Washington Supreme Court precedent, which establishes the district court likely failed to apply intervening, currently applicable decisional law construing Washington's DTA and Washington's Consumer Protection Act ("CPA") in resolving each of the dispositive motions described above.

Where controlling state law changes during the course of a case, even after an appeal and a mandate has been issued, federal courts are bound to follow the changed state law while a case is *sub judice. See Lords Landing Village Condo. Council of Unit Owners v. Continental Ins. Co.*, 520 U.S. 893, 896 117 S. Ct. 1731, 138 L. Ed. 2d 91 (1997); *Thomas v. Am. Home Products, Inc.*, 519 U.S. 913, 117 S. Ct. 282, 136 L. Ed. 2d 201 (1996). Where a federal court's decision on a point of state law had been cast in doubt by an intervening state supreme court decision, federal appellate courts should vacate and remand so that the question can be decided by judges 'familiar with the intricacies and trends of local law and practice.'" *Lawrence v. Chater,* 56 U.S. 163, 180, 116 S. Ct. 604, 133 L. Ed. 2d 545 (1996) (SCALIA, J., dissenting) (quoting *Huddleston v. Dwyer*, 322 U.S. 232, 237, 64 S. Ct. 1015, 88 L. Ed. 1246 (1944)); *see also Conner v. Simler*, 367 U.S. 486, 81 S. Ct. 1679, 6 L. Ed. 2d 1241 (1961) (vacating and remanding case following change in Oklahoma law).

27

*1. Trustees Acting Pursuant to CH. 61.24 Wash. Rev. Code are Liable for
Misconduct Arising Before a Nonjudicial Foreclosure Sale*

The district court's grant of LSI's motion to dismiss was based on its
erroneous belief that a trustee could not be held liable for injuries and/or damages
for pre-sale conduct which did not ultimately culminate in in the sale of the real
property. This legal proposition was rejected in *Frias v. Asset Foreclosure Servs.,
Inc.*, 181 Wash. 2d 412, 334 P.3d 529 (2014) and *Lyons v. U.S. Bank N.A.*, ___
Wash. 2d ___, 336 P.3d 1142, Slip. Op. 89132-0 (Oct. 30, 2014), both of which
held that trustees, like LSI and First American Title, could be held liable for pre-
sale violations of the DTA to the extent they constitute injuries under
Washington's Consumer Protection Act. "A foreclosure trustee must 'adequately
inform' itself regarding the purported beneficiary's right to foreclose, including, at
a minimum, a 'cursory investigation' to adhere to its duty of good faith." *Lyons*,
Slip Op. No. 89132-0 at *11 (citing *Walker v. Quality Loan Serv. Corp. of Wash.*,
176 Wash. App. 294, 309-10, 308 P.3d 716 (Div. I, 2013)); *see also Rucker v.
Novastar Mortg., Inc.*, 177 Wash. App. 1, 17, 311 P. 3d 31 (Div. I, 2013) ("If it is
determined at trial that NovaStar was not acting as the agent of a true beneficiary,
then the appointment of QLS was improper, and it follows that QLS had no
statutory authority to conduct the trustee's sale").

The Court's own order dismissing LSI acknowledges sufficient facts under
*Frias* and *Lyons* to preclude the district court's grant of a Fed. R. Civ. P. 12(b)(6)

28

motion to dismiss. *See* ER 1-6. The Court acknowledges Robertson challenges the

existence of a beneficiary within the meaning of Wash. Rev. Code § 61.24.005(2).

The district court states as a "fact" in Robertson's complaint:

> On February 17, 2010, an instrument appointing Defendant ...
> ("LSI") as successor trustee to Nichols note was recorded and signed
> by Defendant ... ("RFREH"), which claimed to be the beneficiary of
> the Nicholls DOT. ... On March 23, 2010, a notice of successor
> Trustee Sale scheduling nonjudicial foreclosure of the property was
> recorded in the name of First American, and set for June 25, 2010.

ER 4-5. Here, as the district court observed, Robertson alleged that LSI was not a

lawful trustee appointed by a lawful beneficiary, but had nonetheless instituted

nonjudicial proceedings against real property under the guise of the DTA and that

this conduct caused him injuries.

If these factual allegations are true, as they must be accepted to be, then

LSI's acts and omissions in the regard violated Wash. Rev. Code § 61.24.010(2)

and constitute unfair or deceptive practices occurring within trade or commerce

under *Frias* and *Lyons*. The above facts, as explained by the district court's order,

are only one example of those many facts which Robertson pled which could

afford him legal and/or equitable relief. Robertson's allegation of facts was

sufficient under *Iqbal/Twombly* pleading standards to state a claim under

Washington law as it exists presently. *See Johnson v. City of Shelby*, ___ U.S. ___,

135 S. Ct. 346, 190 L. Ed. 2d 309 (2014).

Further, the district court's orders concluding that any amendments of

Robertson's complaint would be futile, see ER 10-11, 21, is not accurate under

current Washington law, as addressed below, and therefore does not accord with

the standard stated by this Court in *United States v. Corinthian Colleges*, 655 F.3d

984, 995 (9th Cir. 2011) ("[d]ismissal without leave to amend is improper unless it

is clear, upon *de novo* review, that the complaint could not be saved by any

amendment.").

*2. Robertson Has Standing Under the DTA and/or the CPA and equitable authority
under Washington law to seek a remedy.*

On November 15, 2013, the district court issued Order Granting Motions ER

32 (dismissing Bank One, Chase and GMAC Defendants). The court ruled "Chase

correctly argues, it had no obligation to him (as he is a third party) nor is his claim

actionable." ER 40. The court based its theory on two factors. (1) "Plaintiff is

under the mistaken belief that he has standing to challenge any aspect of

Defendants' past efforts to foreclose on the property. The point of the Deed of

Trust Act is to protect borrowers [not homeowners] from harsh practices by

lenders during non-judicial foreclosures." ER 35. Robertson subsequently moved

to certify to the Washington Supreme Court the question:

> Does a property owner (homeowner), not party to the deed of trust,
> have standing to challenge a wrongful foreclosure of their property
> under the Washington Deed of Trust Act, RCW 61.24 et seq. (DTA),
> including seeking compensation for injury to property and damages

which may have resulted from unlawful foreclosure procedures when
a sale based upon the deed of trust has been discontinued?

ER 454. The district court denied the Motion. ER 523.

The second basis of the court's holding echoed the first mentioned here:

"Robertson has not assumed those [loan] obligations; Defendants have no duty to

him. Consequently, there is no controversy for this Court to resolve." ER 37. While

the first of these theories might be considered to fall within the realm of "statutory

standing," the second is clearly a ruling on U.S. Const. art. III standing.[17]

Following the granting of BNY's Motion for Summary Judgment (dismissing all

claims), Robertson brought a Motion to Reconsider, ER 527, pointing out that the

district court had in effect now ruled as to all defendants that the district court

lacked U.S. Const. art. III jurisdiction to hear the case and remand was required

under 28 U.S.C. § 1447(c). The court denied the Motion. ER 55. In the Order

denying the court reduced its former "any of [Robertson's] DTA related claims" to

the singular, but did not identify what that claim was; and it claimed that

Robertson's challenge to subject matter jurisdiction was untimely. ER 56.[18]

Robertson had also pointed out that whereas all defendants had now been

---

[17] *See also* ER 41 ("Plaintiff lacks standing to bring DTA related claims because
the statute does not confer any procedural rights to third parties.").

[18] *See Grupo Dataflux*, 541 U.S. at 576 ("A litigant generally may raise a court's
lack of subject-matter jurisdiction at any time in the same civil action, even
initially at the highest appellate instance.").

dismissed on identical grounds as in-forum defendant LSI, that *Hunter v. Philip
Morris USA*, 582 F.3d 1039, 1044 (9th Cir. 2009) had become most relevant
(remand is indicated if insufficient claims against an in-forum defendant "compels
the same result for the nonresident defendant"). The district court disagreed, stating
that *Hunter* addressed "a district court's preemption ruling not the circumstance
present here." ER 56. This Court might disagree with the district court's
application of *Hunter*.

In *Maya v. Centex Corp.,* 658 F.3d 1060, 1067 (9th Cir. 2012), this Court
distinguished *Warren v. Fox Family Worldwide, Inc.,* 328 F.3d 1136, 1141 (9th
Cir. 2003) (where a third party limited beneficiary to a copyright agreement lacked
standing) as exemplary of Constitutional standing. Robertson requests the Court to
compare the situation here with the analysis in these *Maya*.

In its following orders dismissing the other Defendants, the district court
erroneously concluded that Robertson could not bring claims under Washington's
DTA because he was not the original or successor grantor of the property's deed of
trust and that he was not a party to loan. ER 36, *Robertson v. GMAC Mortg. LLC,*
982 F. Supp. 2d 1202, 1206-07 (W.D. Wash., Nov. 14, 2013) On the contrary,
Robertson is a successor grantor because he acquired his interest in the property
from the original grantor, Nicholls, and not some unrelated source. Wash. Rev.
Code § 61.24.005(7). *See* ER 84 (n.8), 111 (n.18) (Complaint); ER 326, 418-420,

32

ER 454, 462-464 (Motion to Certify Question); *contra* ER 440, 499, ER 36 (Order

Granting Motions).

   In fact, there appears to be no other way to become a successor grantor, and

importantly, statutory construction requires giving "give effect to every word,

clause and sentence" of the DTA. *See e.g. Am. Legion Post No. 149 v. Dep't of

Health*, 164 Wash. 2d 570, 585, 192 P.3d 306 (2008) (citing *Cox v. Helenius*, 103

Wash. 2d 383, 387-88, 693 P.2d 683 (1985)). As discussed below, if this Court

accepts the district court's analysis, the only way to become a successor grantor

would be to also become a borrower or guarantor, which would render the

distinction of a successor grantor superfluous. *Cox*, 103 Wash. 2d at 387-88 ("No

part [of a statute] should be deemed inoperative or superfluous unless the result of

obvious mistake or error.").

   The district court relied on an unpublished federal order citing another

unpublished federal order to support its erroneous reasoning. ER 36, *Robertson*,

982 F. Supp. 2d at 1207 (citing *Barnhart v. Fid. Nat'l Title Ins. Co.*, 2013 United

States Dist. LEXIS 154433, 2013 WL 5739023 at *5 (E.D. Wash. Oct. 22, 2013)

(citing *Ramirez-Melgoze v. Countrywide Home Loan Servicing LP.*, 2010 U.S.

Dist. LEXIS 123712, 2010 WL 4641948 at *6 (E.D. Wash., Nov. 8, 2010)). None

of these district courts cited a Washington authority that affirmatively supports

their reasoning—referencing Washington cases where the borrower and the grantor

are the same person does not support the conclusion that Robertson is not a

successor grantor or is otherwise not subrogated to Nicholls' claims. *See* ER 36

(*Robertson*, 982 F. Supp. 2d at 1207 (citing *Rucker,* 177 Wn. App. at 1, 311 P.3d

31 (2013) (party to deed of trust is the original grantor) and *Umpqua Bank v.

Santwire*, 175 Wash. App. 1068, at *3 (Div. I, 2013) (unpublished) ("the borrower

becomes the grantor of the deed of trust."))). As discussed below, a grantor need

not be a borrower or guarantor in order to have standing under the DTA. *See* ER

459-464.

The DTA contemplates that the borrower may have not only a guarantor to

leverage his loan request, but also have another person grant a deed of trust on

unrelated property to secure the loan. *See* Wash. Rev. Code § 61.24.005(3), (7),

(8). Wash. Rev. Code 61.24.005(7) provides: "'Grantor' means a person, or its

successors, who executes a deed of trust to encumber the person's interest in

property as security for the performance of all or part of the borrower's

obligations." Here, the DTA addresses the borrower and grantor specifically as

different persons; if the deed of trust always uncumbered the property purchased

with loan monies by the borrower, then it would be superfluous to separately

identify the grantor because he would always be the borrower. *See Cox*, 103 Wash.

2d at 387-88.

A grantor of a deed who is not a borrower is not liable in the same way as the borrower or a guarantor—he is not liable for loan payments; however, his property secures the obligations to make those loan payments nonetheless. *See Bain v. Metro. Mortg. Grp., Inc.,* 175 Wash. 2d 83, 92-93, 285 P.3d 34 (2012). If this court follows the reasoning of the district court, every successor grantor would have to effectively *become* the borrower by issuing a writing that acknowledged the encumbrance on the property and the underlying debt in order to have legal remedies under the DTA. *See* ER 36, *Robertson,* 982 F. Supp. 2d at 1207-08. The district court's reasoning simply does not address the problem of deeds of trust that secure separate property of persons who are not the borrower. *See id.* Taking that reasoning further means that if a person granted a deed of trust on his own property to enable another to purchase a different property, only he and none who subsequently acquired his property could enforce the DTA. *Id.*

The district court incorrectly argues that Wash. Rev. Code § 61.24.090 supports its reasoning that Robertson must issue a writing to pay the note to have standing. *Id.* That provision provides that anyone with an interest in the property "shall be entitled to a discontinuance of the sale proceedings by curing the default or defaults in the notice." However, this provision of the DTA is a permissive remedy to stop a pending sale and does not concern or restrict factual challenges to the veracity of the amounts in default listed in the sale notice—in other words,

35

Wash. Rev. Code § 61.24.090 only operates when there is no challenge to the

foreclosing party's right to foreclose and there is no challenge to the amounts it

claims it is owed. *Id.* Robertson challenges both the rights of the parties to

foreclose and the amounts they claim are owed. *See* ER 83-125 generally (facts

and causes of action), ER 89 (amount owed).

The district court focused so greatly on whether the trustee defendants owed

Robertson a duty under the DTA, that it misinterpreted the CPA. ER 36,

*Robertson*, 982 F. Supp. 2d at 1209 (erroneously conflating the CPA element for

unfair or deceptive practice with statutory DTA duty). Furthermore, the district

court supports its conclusion by citing an unpublished federal order founded on a

common law negligence complaint *not* the CPA. *See Id.* (citing *Centurion Props.,*

*III, LLC v. Chicago Title Ins. Co.,* 2013 U.S. Dist. LEXIS 93808, 2013 WL

3350836, *4, *6-*7 (E.D. Wash. July 3, 2013)). A party may be liable under the

CPA without owing the other party any duty at all—in fact, the CPA makes no

mention of duty. *See Wash. State Physicians Ins. Exch. & Ass'n v. Fisons Corp.,*

122 Wash. 2d 299, 310-15, 858 P.2d 1054 (1993). The Ninth Circuit agrees with

this analysis. *See Compton v. Countrywide Fin. Corp.,* ___ F.3d ___, Slip Op. No.

11-17158, *12-15 (9th Cir. 2014) (holding defendant need not owe the plaintiff a

duty in order to violate Hawaii's CPA).

A party is liable under Washington's CPA when it engages in (1) an unfair
or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the
public interest, (4) which proximately causes, (5) injury to a person's business or
property. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,* 105
Wash. 2d 778, 780, 719 P.2d 531 (1986). If a trustee violates the DTA by
breaching its duty of good faith or otherwise, that misconduct results in an
actionable CPA claim if it meets the elements above. *Id.* The physician in *Fisons*
injury to his reputation and business because false representations of a drug
company induced him to prescribe a drug that harmed his patient. *Frison,* 122
Wash. 2d at 314. Notably the physician did not purchase the drugs and did not
purchase anything from the drug company. *Id.* at 312-313. Here, Robertson
suffered injuries that are compensable under the CPA because of unfair or
deceptive acts, similar to those of the drug company in *Fisons,* that caused him
harm. *Id.* Construction companies refused to contract and develop Robertson's
property because the Defendants wrongfully put a Notice of Foreclosure on title of
the property. ER 124 (¶ 16.9) (part of CPA cause of action). This conduct is
directly analogous to the conduct deemed a violation of the CPA in *Fisons.*

Even if the district court's harsh reading of the DTA is correct, that
Robertson has no standing by statute, the district court erred by not looking to the
superior court's equitable jurisdiction to provide a remedy for the systemic

problems identified in its orders. *See e.g. Columbia Cmty. Bank v. Newman Park, LLC*, 177 Wash. 2d 566, 580, 304 P.3d 472 (2013) adopting *Restatement (Third) of Property: Mortgages* § 7.6 (1997) and affirming the decision of the Court of Appeals, which held that the lender in this case—who was defrauded into paying off a loan of approximately $ 400,000—was entitled to be equitably subrogated to the position of the first priority lienholder. In this case there is no reason why Robertson should not be equitably subrogated to the interests of Nicholls. When equity jurisdiction attaches, it extends to the whole controversy and whatever relief the facts warrant will be granted. *Haueter v. Rancich*, 39 Wash. App. 328, 331, 693 P.2d 168 (Div. II, 1984). Ordinarily, this means that a successor in interest to a vendee in default has the right to perform the contract to protect his interest. *Id.*

Here, Robertson made at least five attempts to pay the lien holder in full, and they would not allow him to do so. Robertson suffered damages because the Defendants unfairly and deceptively would not accept payment in full and instead proceeded with a nonjudicial foreclosure in an attempt to deprive Robertson of his property. Robertson has spent years of his life, and most of his retirement funds attempting to resolve this issue fairly and equitably, and comes to this Court with clean hands. In this case, equity is on the side of Mr. Robertson.

38

## CONCLUSION

This Court should issue orders (1) remanding the case to King County Superior Court; (2) vacating all orders and motions issued by the district court; (3) granting reasonable attorney fees and costs incurred by Mr. Robertson resulting from wrongful removal for the reasons set forth herein and in both appealed motions to remand; and (4) address the questions presented here. Should this Court find there are details to these procedures requiring further proceedings in the court below, Robertson prays that this Court would now honor his request to have such matters ruled upon by a different judge.[19]

Robertson knows of no related cases pending in this Court. 9th Cir. FRAP 28-2.6

DATED this 19th day of December, 2014.

s/ Scott E. Stafne
Scott E. Stafne, WSBA# 6964
Joshua B. Trumbull, WSBA# 40992
Stafne Trumbull, PLLC
239 North Olympic Avenue
Arlington, WA 98223
Phone: (360) 403-8700
Fax: (360) 386-4005

---

[19] See ER 466 (Motion to Recuse), ER 468-489 (Robertson Affidavit in support), ER 490 (Order denying recusal).

## CERTIFICATE OF COMPLIANCE

Pursuant to Rule 32(a)(7)(C) of the Federal Rules of Appellate Procedure,

the foregoing brief is in 14-Point Times New Roman proportional font and

contains 9,192 words and thus is in compliance with the type-volume limitation set

forth in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure.


DATED this 19th day of December, 2014.


s/ Scott E. Stafne
Scott E. Stafne, WSBA# 6964
Joshua B. Trumbull, WSBA# 40992
Stafne Trumbull, PLLC
239 North Olympic Avenue
Arlington, WA 98223
Phone: (360) 403-8700
Fax: (360) 386-4005

I

## CERTIFICATE OF SERVICE

I hereby certify that on December 19, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED this 19th day of December, 2014.

s/ Ashley Burns
Ashley Burns
Legal Assistant
Stafne Trumbull, PLLC

## Exhibit 1-2

### Errata to Appellant Robertson's Opening Brief
### to 9th Circuit



No. 14-35672

*In the*

# United States Court of Appeals

*for the*

# Ninth Circuit

DUNCAN K. ROBERTSON,

*Plaintiff-Appellant,*

v.

GMAC MORTGAGE, LLC, et al.,

*Defendants.*

*Appeal from Decisions of the United States District Court for the Western District of Washington, No. 2:12-cv-02017-MJP · Honorable Marsha J. Pechman*

## Notice of Errata to Appellant's Opening Brief

SCOTT E. STAFNE, ESQ.
JOSHUA B. TRUMBULL, ESQ.
STAFNE TRUMBULL, PLLC
239 North Olympic Avenue
Arlington, Washington 98223
(360) 403-8700 Telephone
(360) 386-4005 Facsimile

*Attorneys for Plaintiff-Appellant, Duncan K. Robertson*

TO THE COURT AND ALL PARTIES TO THIS ACTION:

With apologies to the Court and Defendants, on December 19, 2014 Robertson filed his Opening Brief and Excerpts of Record. The Brief contained incorrect citations to Excerpt of Record page numbers and some incorrect dates. Below are the corrections to those errors.

At 5:9, replace ER 11-12 with ER 88-89; at 7:11; at 18:2, replace ER 110, 206-207 with 187-188, 200; at 18:n.10, replace ER 113 with ER 193; at 19:5, replace ER 238 with ER 14; at 22:2, replace ER 151 with ER 215-16; at 22:15, replace [ER] 250 with 248-250; at 32:20, replace "(n.18)" with "(n.48)."

At 7:18, replace Feb. 6, 2012 with Feb. 6, 2013; at 8:4 and 8:8, replace Feb. 16, 2012 with Feb. 19, 2013; at 8:6 and 8:16, replace Feb. 20, 2012 with Feb. 20, 2013.

DATED this 30th day of December, 2014.

s/ Scott E. Stafne
Scott E. Stafne, WSBA# 6964
Joshua B. Trumbull, WSBA# 40992
Stafne Trumbull, PLLC
239 North Olympic Avenue
Arlington, WA 98223
Phone: (360) 403-8700
Fax: (360) 386-4005

## CERTIFICATE OF SERVICE

I hereby certify that on December 30, 2014, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

DATED this 30th day of December, 2014.

s/ Shaina Dunn
Shaina Dunn
Paralegal
Stafne Trumbull, PLLC

## Exhibit 2

**Motion to Reconsider
(Dismissal of non-debtor Defendant
Bank of New York (Mellon) Trust Co., N.A.)**



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

The Honorable Marsha J. Pechman

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON

| DUNCAN K. ROBERTSON, | NO. 2:12-CV-02017-MJP |
|---|---|
| Plaintiff, | MOTION TO RECONSIDER |
| vs. | UNDER LCR 7(h) |
| GMAC MORTGAGE, LLC, et. al., | Noted for June 6, 2014 |
| Defendants. | Link to Dkt. 201 |

MOTION TO RECONSIDER

ORDER GRANTING MOTION FOR SUMMARY JUDGMENT, DKT. 201

MOTION TO RECONSIDER          - i -

**STAFNE TRUMBULL, LLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700

1. Plaintiff Duncan K. Robertson (Robertson) brings this timely Motion to Reconsider pursuant to Local Civil Rule (LCR) 7(h). On May 28, 2014 this Court entered an order, Dkt. 201 (Order), granting defendant Bank of New York Trust Company, N.A.'s (BNY) motion for Summary Judgment under Fed. R. Civ. P. 56(a), and dismissing all claims. Those claims involve DTA violations and challenge the validity of the subject deed of trust thereunder. The Order states: "This Court has already concluded that Plaintiff lacks standing to bring these DTA based claims." *Id.* at 6. This addresses these claims now as to all defendants.[1] This Court's very ruling, concluding in dismissal, constitutes manifest error of law: by law dismissal is prohibited and remand to state court is compulsory. 28 U.S.C. § 1447(c); and *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1044-45 (9th Cir. 2009).

2. "In its constitutional dimension, standing [* * *] is the threshold question in every federal case, determining the power of the court to entertain the suit." *Warth v. Seldin*, 422 U.S. 490, 498, 95 S. Ct. 2197 (1975). Whether a party has standing to bring an action is a jurisdictional question. *Steel Co. v. Citizens for Better Environment*, 523 US 83, 86, 118 S. Ct. 1003 (1998). Removal based upon diversity "original jurisdiction" may get a case up to the door of a federal court (removal jurisdiction), but it still must satisfy this immediate threshold to reach subject matter jurisdiction:

> The Constitution provides that the "judicial Power shall extend" to "Controversies . . . between Citizens of different States." Art. III, § 2. This language, however, does not automatically confer diversity jurisdiction upon the federal courts. Rather, it authorizes Congress to do so and, in doing so, to determine **the scope of the federal courts' jurisdiction within constitutional limits.** *Hertz Corp. v. Friend*, 559 U.S. 77 (U.S. 2-

---

[1] *See* Dkt. 149 at 4 ("Plaintiff is under the mistaken belief that he has standing to challenge any aspect of Defendants' past efforts to foreclose on the property."); Dkt. 150 at 3 ("As described above and in this Court's recent summary judgment order, Plaintiff lacks standing under the DTA to challenge presale irregularities and seek damages."). Court also bases dismissal of Quiet Title on "a long-standing principle" (See Dkt. 201 at 6-7) of strength of title, implying plaintiff lacks standing to bring such an action.

MOTION TO RECONSIDER         - 1

23-2010),130 S.Ct. 1181(citing *Kline* v. *Burke Constr.Co.*, 260 U. S. 226, 233-234 (1922); *Mayor* v.*Cooper*, 6 Wall. 247, 252 (1868)). (Emphasis added).

3. By virtue of the Court's holding of Plaintiff's lack of requisite standing, the Court has now acknowledged that, even setting aside the presence of a forum defendant, this case could not have been originally filed in a federal court. "Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392, 107 S. Ct. 2425 (1987). "Those who do not possess Article III standing may not litigate as suitors in the Courts of the United States." *Valley Forge Christian Coll. v. Americans United For Separation of Church and State, Inc.,* 454 U.S. 464, 472, 102 S.Ct. 752 (1982); *Steel Co.,* 523 US at 86.

4. Diversity jurisdiction alone *does not* transform a court of limited jurisdiction into one of general jurisdiction. Removal under 28 U.S.C. § 1441 -

> is proper only if the federal district court would have had original jurisdiction if the case was filed in federal court. This jurisdictional prerequisite to removal is an absolute, non-waivable requirement. *Allbritton Communications Co. v. NLRB,* 766 F.2d 812, 820 (3d Cir.1985), *cert. denied,* 474 U.S. 1081, 106 S.Ct. 850, 88 L.Ed.2d 891 (1986). "Because lack of jurisdiction would make any decree in the case void and the continuation of the litigation in federal court futile, the removal statute should be strictly construed and all doubts resolved in favor of remand." *Abels v. State Farm Fire & Cas. Co.,* 770 F.2d 26, 29 (3d Cir.1985) (citations omitted).

> *Brown v. Francis*, 75 F.3d 860, 864-65 (3d Cir.1996). *See* also *Grubbs v. General Electric Credit Corp.,* 405 U.S. 699, 702, 92 S.Ct. 1344, 1347, 31 L.Ed.2d 612 (1971); *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxitesde Guinee*, 456 U.S. 694, 702 (1982).

The perfection of subject matter jurisdiction requires an additional step beyond removal, which this Court has disregarded:

> Where the district court has "original jurisdiction" pursuant to section 1332, the case is removable and our inquiry ends. Only at the next step, when we ask whether the case should be remanded, need we address questions of standing and other aspects of "subject matter jurisdiction." *Compare* 28 U.S.C. § 1441(a)

MOTION TO RECONSIDER       - 2

STAFNE TRUMBULL, LLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700

12-12020-mg    Doc 8238-1    Filed 02/25/15    Entered 03/05/15 14:42:36    Exhibit 1-1
Case 2:12-cv-02017-MJP    Document 202    Filed 06/06/14    Page 4 of 8
1-2 and 2    Pg 56 of 60

("[A]ny civil action brought in a State court of which the district courts of the United States have *original jurisdiction,* may be removed ...." (emphasis added)), *with id.* § 1447(c) ("If at any time before final judgment it appears that the district court lacks *subject matter jurisdiction,* the case shall be remanded." (emphasis added)).

*Lee v. American National Insurance Company,* 260 F.3d 997, 1008 (9th Cir. 2001)(Kozinski joining and concurring in part).

The *Lee* court ruled that diversity jurisdiction cannot trump the constitutional limitations to jurisdiction of a federal court:

Even if Lee has a viable action against ANTEX in state court under the California Unfair Business Practices Act, then, he [lacks standing and] may not proceed with that cause of action in federal court.

*Lee,* 260 F.3d at 1008.

5. If a plaintiff lacks standing the court may not proceed to rule upon merits:

In federal courts, **a plaintiff's lack of standing deprives the court of subject matter jurisdiction**, making it impossible to enter a judgment on the merits. *Fleck & Assocs., Inc. v. City of Phoenix.,* 471 F.3d 1100, 1102 (9th Cir. 2006).[2] By contrast, the Washington Constitution places few constraints on superior court jurisdiction. *See* Const, art. IV, § 6 ("The superior court shall also have original jurisdiction in all cases and of all proceedings in which jurisdiction shall not have been by law vested exclusively in some other court."); *see also Ullerv v. Fulleton,* 162 Wn. App. 596, 604, 256 P.3d 406, review denied, 173 Wn.2d 1103, 271 P.3d 248 (2011).

*Trinity Universal Ins. v. Ohio Casualty Ins.,* No. No. 67832-9-1, Slip Substitute Opinion[3] at *10 (Wn. App. Div. 1 08-09-2013) (emphasis added).

In Washington Superior Court, "A party who has a protectable interest **which has been** or is about to be **invaded by another has standing to pursue an action.**" *Orion Corp. v. State,* 103 Wn.2d 441, 693 P.2d 1369 (1985) (emphasis added). Also, "in Washington, a plaintiffs lack of standing is not a matter of subject matter jurisdiction." *Id.* (citing *Ullery v. Fulleton,*

---

[2] See *Fleck,* 471 F.3d at 72 ("[T]he court improperly proceeded to reach the merits of the underlying suit, determining that Fleck's customers could not state a claim for relief under any conceivable set of facts").
[3] Withdrawing and substituting for 298 P.3d 99 (Wn. App. 2013).

**STAFNE TRUMBULL, LLC**

MOTION TO RECONSIDER          - 3
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700

12-12020-mg    Doc 8238-1    Filed 02/25/15    Entered 03/05/15 14:42:36    Exhibit 1-1
Case 2:12-cv-02017-MJP   Document 207   Filed 06/06/14   Page 5 of 8
1-2 and 2    Pg 57 of 60

162 Wn. App. 596, 604, 256 P.3d 406, review denied, 173 Wn.2d 1003 (2011).[4] Thus, in

contrast to this Court's order based upon the limited jurisdiction of a federal court, Robertson

*has* standing to bring his actions in Superior Court, and King County Superior Court *has*

jurisdiction as to all of his causes of action. *Id.* "[F]or the same transaction the accident of a

suit by a non-resident litigant in a federal court instead of in a State court a block away should

not lead to a substantially different result. " *Guaranty Trust Co. v. York,* 326 U.S. 99, 109, 65

S.Ct. 1464, 89 L.Ed. 2079 (1945).

6. In federal court "[t]he actual or threatened injury required by Art. III may exist

solely by virtue of "statutes creating legal rights, the invasion of which creates

standing[.]"'" *Warth,* 422 U.S. at 500 (citation omitted). In Washington courts, standing

may be based upon common law and equity, not just statutes. *Trinity, supra. See also*

*Niemann v. Vaughn Cmty. Church,* 154 Wash.2d 365,374,113 P.3d 463 (2005)(the

question of whether equitable relief is appropriate is a question of law).

> "Standing to assert a claim in equity resides in the party entitled to equitable relief;
> **it is not dependent on the legal relationship of those parties."** *Smith v. Monson,*
> 157 Wn. App. 443, 445, 236 P.3d 991 (2010) (emphasis added). *See also Glepco,*
> *LLC v. Reinstra,* 175 Wn. App. 545, 307 P.3d 744, 750 (2013)("The Reinstras also
> contend the Hintons, **as trustee's sale buyers,** may not seek reformation **because**
> **they were not a party to the 2008 deed of trust. We disagree.");** *Cf. Collings v.*
> *City First Mortg. Services, LLC,* 175 Wn. App. 589, 308 P.3d 692 (amended, No.
> 66527-8-I, Wn. App. Div. 1, Slip Opinion at *__ (11-18-2013). (Emphasis added).

> Even if Holman did not waive his objection, this was an action in equity. "When
> equity jurisdiction attaches, it extends to the whole controversy and whatever
> relief the facts warrant will be granted." *Haueter v. Rancich,* 39 Wn. App. 328,
> 331, 693 P.2d 168 (1984)(citing *Hubbell v. Ward,* 40 Wn.2d 779, 246 P.2d 468
> (1952)) Holman concedes that Beneficiaries' complaint prayed "for such other
> relief as the Court may deem proper."

---

[4] Standing *is* jurisdictional when a superior court adjudicates federal issues and/or if provided for by statute. *See,*
e.g. *Firefighters v. Spokane Airports,*146 Wn.2d 207 (2002).

12-12020-mg   Doc 8238-1   Filed 02/25/15   Entered 03/05/15 14:42:36   Exhibit 1-1
Case 2:12-cv-02017-MJP   Document 203   Filed 06/06/14   Page 6 of 8
1-2 and 2   Pg 58 of 60

*Fred Hutchinson Cancer Research Center v. Holman*, 107 Wn. 2d 693, 715, 732 P.2d 974 (1987).

7. As this Court has stated, "federal court's ability to decide this state-law claim [is] not up for legal debate." Dkt. 201 at 4. Remand under 28 U.S.C. § 1447(c) "is mandatory, not discretionary." *Bruns v. NCUA*, 122 F.3d 1251, 1257 (9th Cir. 1997). "[S]ection 1447(c) [the 'procedure after removal statute'] means that if it is discovered at any time in the litigation that there is no federal jurisdiction, a removed case must be remanded to the state court rather than dismissed." *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 938 (9th Cir. 2003). (Bracketed phrase in original). "[T]he decision to remand a case to remedy a lack of subject matter jurisdiction is purely ministerial. *In re Blackwater*, 460 F.3d 576, 589 (4th Cir. 2006). The remand requirement is unanimous among circuits addressing it:

> Numerous other courts have considered...whether a district court's conclusion that a plaintiff lacks standing in a removed case requires the court to remand rather than dismiss. These courts have uniformly answered in the affirmative. *See Coyne ex rel. Ohio v. Am. Tobacco Co.*, 183 F.3d 488, 496 (6th Cir.1999) ("[W]e find that Plaintiffs do not have standing to bring this action.... Accordingly, this Court lacks subject matter jurisdiction and this action must be remanded to the state court from which it was removed [pursuant to § 1447(c)]."); [Citing cases from 1st, 3rd, 10th Circuits].

> *Hill v. Vanderbilt Capital Advisors, LLC*, 702 F.3d 1220, 1225 (10th Cir. 2012)(footnote omitted). *See also Doe v. Match.com*, 789 F. Supp. 2d 1197, 1201 n.3 (C.D. Cal. 2011)("Though Defendant states that Plaintiff's Complaint may be dismissed because Plaintiff lacks standing, Defendant is incorrect."); *Page v. Tri-City Healthcare Dist.*, 2012 U.S. Dist. LEXIS 36795, *50-51 (S.D. Cal. Mar. 19, 2012).[5]

"A party invoking the federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction." *See Thompson v. McCombe*, 99 F.3d 352, 353 (9th

---

[5] But *see Bell v. City of Kellogg*, 922 F.2d 1418, 1425 (9th Cir. January 8, 1991). The *Kellogg* "futility exception" was addressed four months later in *International Primate Protection League v. Administrators of Tulane Ed. Fund*, 500 U.S. 72, 111 S. Ct. 1700 (May 20, 1991), which has been adopted by most circuits. *Kellogg* remnants are extremely limited: "[T]he standard to invoke the futility exception is exacting, as it requires the court to find that a state court action would inevitably be removed to federal court." *In Re National Sec. Agency Telecomm. Records*, 483 F. Supp. 2d 934, 946 (N.D. Cal. 2007). Much of *Kellogg* was also effectively overruled by statute, 28 U.S.C. § 1441(c) (2012); *see* H.R. Rep. No. 112-10, at 12. (2011).

12-12020-mg    Doc 8238-1    Filed 02/25/15    Entered 03/05/15 14:42:36    Exhibit 1-1
Case 2:12-cv-02017-MJP    Document 203    Filed 06/06/14    Page 7 of 8
1-2 and 2    Pg 59 of 60

Cir. 1996). Defendants here have argued for and this Order has acknowledged the Court's

lack of subject matter jurisdiction. Remand rather than dismissal is therefore mandated.

    8. Further, whereas *all* defendants have now been dismissed on *identical claims* to those

brought against in-forum defendant LSI Title Agency, Inc., remand is also required under

*Hunter*, 582 F.3d at 1044-45 (adopting remand policy of <u>Smallwood v. Ill. Cent. R.R. Co.</u>,385

F.3d 568, 573 (5th Cir. 2004) (en banc)).

CONCLUSION

    9. For the above reasons Robertson respectfully requests that this Court modify its

Order, Dkt. 201, remanding this case to King County Superior Court as required by law under

28 U.S.C. § 1447(c).

Respectfully Submitted –

DATED this 6th day of June, 2014, by:

                       /s/ Scott Stafne
                       Scott E. Stafne, WSBA # 6964

                       */s/ Dean Browning Webb*
                       Dean Browning Webb, WSBA #10735

                       Attorneys for Plaintiff
                       Stafne Law Firm
                       239 N. Olympic Ave
                       Arlington, WA 98223
                       Phone: (360) 403-8700
                       Fax: (360) 386-4005

MOTION TO RECONSIDER    - 6

**STAFNE TRUMBULL, LLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700

12-12020-mg    Doc 8238-1    Filed 02/25/15    Entered 03/05/15 14:42:36    Exhibit 1-1
Case 2:12-cv-02017-MJP_2 Document 2020 bled 06/06/14   Page 8 of 8
1-2 and 2    Page 60 of 60

CERTIFICATE OF SERVICE

I hereby certify that on June 6, 2014, I electronically filed the foregoing with the Clerk of the

Court using the CM/ECF system, which will send notification of such filing to the following:

David John Lenci, david.lenci@klgates.com,

Fred B. Burnside, fredburnside@dwt.com,

Magnus Rune Anderson, mandersson@HansonBaker.com,

Peter Anthony Talevich, peter.talevich@klgates.com,

Scott E. Stafne, scott@stafnetrumbull.com,

William G. Fig, billf@sussmanshank.com,

Dean Browning Webb, ricoman1968@aol.com

I declare under penalty of perjury, under the laws of the United States of America, that the
above is true and correct.

Executed this 6th day of June, 2014, at Vancouver, Washington.

*By:/s/ Dean Browning Webb*
DEAN BROWNING WEBB
Ricoman1968@aol.com

CERTIFICATE OF SERVICE

STAFNE TRUMBULL, LLC
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700