### Exhibit 3

**Amended Duncan K. Robertson's Answers,
Affirmative Defenses, Counterclaims,
And Third-Party Complaint**



RECEIVED

FEB 2 5 2015

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF KING

| | |
|---|---|
| 21ST MORTGAGE CORPORATION, a Delaware corporation,<br><br>Plaintiff,<br><br>v.<br><br>LINDA C. NICHOLLS; DUNCAN K. ROBERTSON; and JANE DOE ROBERTSON, and the marital community composed thereof,<br><br>Defendants and Third-Party Plaintiff,<br><br>RESIDENTIAL FUNDING COMPANY, LLC, a limited liability company; OCWEN LOAN SERVICING, LLC, a limited liability company; NORTHWEST TRUSTEE SERVICES, INC., a Washington corporation; MARY A. MILLER, an Iowa resident; TYRONE THOROGOOD, a Pennsylvania resident; DOES 1-10,<br><br>Third-Party Defendants. | CASE NO. 14-2-20431-1SEA<br><br>AMENDED DUNCAN K. ROBERTSON'S ANSWERS, AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND THIRD-PARTY COMPLAINT |

## 1. VERIFIED ANSWER TO COMPLAINT AND AFFIRMATIVE DEFENSES

1.1     Defendant Duncan K. Robertson (Robertson), by and through his attorneys of record, Stafne Trumbull, PLLC, submits the following Answer to Plaintiff's Complaint. All allegations not expressly admitted are denied.

1.2     Robertson's answers/defenses/and claims should be construed as a whole.

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 1

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

1.3     Answering Paragraphs 1 and 2a: Robertson lacks sufficient information to admit or deny the truth of the allegations contained therein, and therefore denies the same.

1.4     Answering Paragraph 2b: Robertson denies that he is or has ever been married, and is unaware of any "Jane Doe Robertson." Robertson is a citizen and resident of Portland, Oregon.

1.5     Answering Paragraph 3a. Robertson denies allegations that Linda Nicholls ("Nicholls") has any current claims of interest in the subject property. Any interest Nicholls held in the subject Property was extinguished via the August, 2008 Trustee's Sale through which Robertson took title to the Property.[1] Defense Exhibit 1 attached is a true and correct copy of Robertson's Trustee's Deed. Robertson acknowledges that King County Records indicate that defendant Linda C. Nicholls was granted a Warranty Deed to the Subject Property on November 5, 1999. Robertson alleges that the deed of trust (DOT) and later assignments of same were *Ultra Vires* and void ab initio, and therefore the DOT does not encumber the Subject Property, although it clouds the title. *See* ¶¶ 8.20(a) – (c); 8.21(a) – (d) *infra*.

1.6     Answering Paragraph 3b. Robertson, an individual, acknowledges and asserts that he is the current owner of the property under the Trustee's Deed described therein. Defense Exhibit 1 attached. Robertson denies that he is married and/or the existence of a marital community.

1.7     Answering Paragraph 3c. The allegations contained within this paragraph are legal conclusions to which no response is required. To the extent a response is required, Robertson denies the validity of the DOT which Nicholls purportedly granted on November 1, 1999 (*see*

---

[1] *See* ¶ 8.2 *infra*.

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 2

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Complaint Paragraph 5a; *see* ¶ 1.5 *supra*), four days *prior* to her being granted title to the property and nearly two years prior to her having legal authority to do so (see ¶¶ 8.20(a) – (c) *infra*). Robertson denies Plaintiff has any lawful or beneficial interest in the Property which could be considered superior to Robertson's outright ownership of the property.

## 2. JURISDICTION AND VENUE

2.1    In answering Paragraph 4, Robertson incorporates his responses to all preceding paragraphs and their references as though fully set forth herein.

2.2    Answering Paragraph 4:  Robertson acknowledges that this Court has equitable, enumerated original and original general subject matter jurisdiction over the causes of action alleged in the complaint, affirmative defenses, counterclaims, and third party claims, pursuant to Article 4, Section 6 of the Washington Constitution. Robertson denies Plaintiff's references to RCW 4.12.050 (affidavit of prejudice) and 61.12.050 (Execution on Decree) apply to this Court's jurisdiction.

2.3    Additionally, in the event of any dispute regarding this Court's subject matter jurisdiction Robertson requests this Court declare the nature of its subject matter jurisdiction, i.e. equitable, enumerated or general original, and/or appellate, for each cause of action or defense about which there may be a question regarding the Court's jurisdiction and judicial authority.

## 3. PLAINTIFF

3.1    Answering Paragraphs 5a through 16b, Robertson incorporates his responses to all preceding paragraphs and their references as though fully set forth herein.

3.2    Answering Paragraph 5a:  Robertson lacks sufficient information to admit or deny the truth of the allegations contained therein, and therefore denies the same.  Robertson

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 3

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

asserts that any documents being utilized as a basis for these foreclosure proceedings have been robo-signed and violate numerous criminal statutes, including, but not limited to: RCW 9A.72.020 (perjury); RCW 9A.72.040 (false swearing); RCW 40.16.030 (Offering false instrument for filing or record); RCW 9.38.020 (False representations concerning title); and RCW 9A.60.020 (Forgery). *See* Counterclaims and Third Party Claims, *infra*.

3.3.    Answering Paragraph 5b: Robertson denies the allegation. Robertson alleges the Assignment described is false on its face. Plaintiff conflates "assignment" with "transfer", and conflates the *assignee* into Bank One National Association *itself*; the instrument identifies the assignee as "Bank One National Association, as Trustee." Plaintiff Exhibit B at 2. The Assignment fails as a lawful deed. *Id.See* ¶¶ 8.21(a), 8.31 - 8.32, 9.5 C *infra*.

3.4    Answer to Paragraph 5c. Robertson denies all of these allegations of authority to assign the DOT, and asserts the assignments themselves are *ultra vires* unlawful deeds. *See* ¶¶ 8.20 – 8.21, 8.31 - 8.32, 9.5 C *infra*. Plaintiff Exhibit E at 5 shows there was never any transfer of the Note to Bank of New York Trust Company, N.A., as Trustee ("BNY") or entitlement to proceeds therefrom, as required to be the "Note Holder" under the contractual terms of the Note. Plaintiff Exhibit E at p.1 § 1 ("The Lender or anyone who takes this Note **by transfer and who is *entitled* to receive payments under this Note** is called the "Note Holder"." *Id.* (emphasis added)) ("Note Holder Definition").[2] Robertson denies that the "Corrective" Corporate Assignment of July 12, 2012 ("2012 "Corrective" Assignment") referenced[3] (*see* Plaintiff Exhibit C) is a valid deed and asserts it is a false and forged document which was prepared and intended for filing and actually filed in the public record

---

[2] Chase has implicitly denied being the party designated to receive payments on the Note.

[3] King County Recorder #20120727001563 (2012 "Corrective" Assignment).

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL 360.403.8700 /FAX 360.386.4005

via wire or mail and sent to other persons via wire or mail. *See* ¶¶ 8.21(c), 9.5 C *infra. See also* RCW 9A.60.020(1). Indeed, Robertson alleges these assignments pursuant to defendants' enterprise to file false, forged and perjured documents violate criminal statutes enacted by the state of Washington to protect persons like Robertson.

3.5     Answer to 5d. Robertson denies the allegations herein.  Robertson alleges the Assignment is void, or at minimum voidable. *See* ¶ 8.21(d) *infra.* Further Robertson alleges the filing and reliance by Plaintiff on this false, forged and/or robo-signed Assignment, as well as other such assignments, constituted a criminal act and a deceptive or unfair practice.

3.6     Answer to Paragraph 6: The allegations contained within this paragraph are legal conclusions to which no response is required, and therefore Robertson denies same. Plaintiff's allegation: "All assignments of said Note were fully and properly endorsed and plaintiff is the rightful holder of the original Note and entitled to enforce the Note"[4] is specifically and categorically denied. *See* Plaintiff Exhibit E at 5 (Note indorsements).

3.7     Answer to Paragraph 7: Robertson denies that Nicholls lawfully granted the DOT.

3.8     Answer to Paragraph 8:  Robertson denies that 21st Mortgage is owner and holder of either the Nicholls Note or DOT. Further, Robertson denies 21st Mortgage is a "beneficiary" within the meaning of RCW 61.4.005(2) entitled to judicially foreclosure pursuant to CH. 61.12  RCW.

3.9     Answer to Paragraph 9:  Robertson lacks sufficient information to admit or deny the truth of the unsubstantiated allegations of amounts due contained in this paragraph, and therefore denies the same. *See also* RCW 61.24.030(8)(c) (required concise statement of the default alleged). Robertson admits the allegation in Paragraph 9 that the Note has been

---

[4] Complaint at p.3, Paragraph 6.

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 5

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

accelerated and overdue since *at least* January 1, 2008.  Upon information and belief, Robertson denies that Nicholls made a one-time payment on the loan "on August 11, 2009," more than a year following the loss of her property.

3.10    Answer to Paragraph 10: The marital status of defendant Linda Nicholls is unknown to Robertson and so denied; Robertson denies ever having been married.

3.11    Answer to Paragraph 11: Robertson lacks sufficient information to admit or deny the truth of the allegations contained therein, and therefore denies the same.

3.12    Answer to Paragraph 12:  Robertson lacks sufficient information to admit or deny the truth of the allegations contained therein, and therefore denies the same.

3.13    Answer to Paragraph 13: This paragraph contains legal conclusions to which no answer is required, and Robertson therefore denies the same. Robertson denies that he is liable for any award of damages, costs, other charges, reimbursements or attorney fees to Plaintiff.  Robertson denies Plaintiff is entitled to any relief with regard to the Subject Property, which Robertson owns outright, or to any relief against him.

3.14    Answer to Paragraph 14: Robertson denies this paragraph.

3.15    Answer to Paragraph 15: Robertson denies that 21st Mortgage has any right to relief. 21st Mortgage has no constitutional standing or statutory standing to bring this action based on the DOT pursuant to RCW 61.24.100(8) and RCW Ch. 61.12, and also because it is not a real party in interest pursuant to the Civil Rules of Procedure.

3.16.    Answer to Paragraphs 16a and 16b.  Robertson denies the allegations herein. The subject Property has *not* been abandoned. 21st Mortgage and it predecessors have for all practical purposes stolen the property. 21st Mortgage has no right to allege such claim when it is responsible for the current dilapidated condition of the property – the house is a total loss,

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Robertson's personal property thereon has been converted, and the house likely constitutes a

public nuisance which was proximately caused by 21st Mortgage and its predecessors. *See* ¶¶

4.6, 8.42, 19.5(a), (b) *infra*. The Subject Property cannot be alienated by Robertson, its true

owner, because 21st Mortgage has unlawfully filed a lis pendens clouding Robertson's title

and use of his own property. Robertson denies Plaintiff has *any* rightful claims for relief.

## 4. PLAINTIFF'S REQUEST FOR DECREE OF FORECLOSURE

4.1       In Answering subsections A through F in this section, Robertson incorporates his

responses to all preceding paragraphs and their references as though fully set forth herein.

4.2       In Answering subsections A through F, Robertson denies Plaintiff is entitled to any

of the relief set forth.

4.3       Answer to subsection A: These allegations, although not directed at Robertson or

his property directly, are denied. 21st Mortgage is *not* a "Note Holder" as defined by the Note

itself or under Washington's Uniform Commercial Code, RCW 62A et seq. ("UCC").

Further, 21st Mortgage is not a "beneficiary" within the meaning of RCW 61.24.005(2) and

therefore has no standing to seek enforcement of the Note or foreclosure pursuant to RCW

61.24.100(8).

4.4       Answer to subsections B, C: Robertson denies that Plaintiff has any lien rights

whatever to the Property or right to seek the described declaratory relief pursuant to

Washington's Declaratory Judgment Act.

4.5       Answer to subsection D: Robertson denies Plaintiff has any authority to claim or

waive any rights relevant to foreclosure, having no right to foreclose because it is not a

beneficiary within the meaning of RCW 61.24.005(2). *See also* 8.37, fn. 33, 9.5 B *infra*.

4.6       Answer to subsection E: As stated above (¶ 3.16), Robertson denies that the

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 7

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Property is abandoned. See ¶ 3.16.

4.7    Answer to subsection F: Robertson denies Plaintiff has any right to relief. See ¶

3.15 *supra*.

### 5. BY WAY OF FURTHER AFFIRMATIVE ANSWER TO THE PLAINTIFF'S COMPLAINT, ROBERTSON RAISES THE FOLLOWING AFFIRMATIVE DEFENSES:

5.1    Robertson incorporates herein all the allegations of the foregoing answer to his

complaint. To the extent the facts stated therein constitute and affirmative defense he asserts

such affirmative defense herein.

5.2    The Plaintiff has failed to state claims upon which relief can be granted.

5.3    Plaintiff is not a real party in interest to bring this action.

5.4    Plaintiff lacks constitutional "standing" to bring this action.

5.5    Plaintiff lacks statutory standing to bring this action.

5.6    Plaintiff is not the note holder pursuant to the terms of the note instrument.

5.7    Plaintiff is not a note holder within the meaning of the UCC.

5.8    Plaintiff is not entitled to payment pursuant to the terms of the note.

5.9    The note in question is not secured.

5.10    The Plaintiff's claims are barred by the statute of limitations, the Plaintiff having

failed to commence this action within the time required by the applicable statute of limitations

under state law.

5.11    Plaintiff's claims are barred by the doctrine of laches.

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

5.12    Should 21st Mortgage be unable to produce the original Note, Robertson reserves the right to bring a claim of the Note being lost or stolen. RCW 62A.3-309; RCW 62A.3-305(c).

5.13    Plaintiff assumed the risk that the DOT was invalid.

5.14    Plaintiff is estopped from asserting claims regarding the Note for the reasons stated herein, based on the facts set forth in Robertson's answers and pursuant to counter and third party claims.

5.15    The DOT is void and this attempt to enforce the DOT for nonpayment of the note fails because of the illegal activities by plaintiffs, the third parties identified herein, and other parties filing false, and/or forged and/or robo-signed documents in violation of Washington law. *See infra.*

5.16    Plaintiffs actions in attempting to judicially foreclose on this stale note, based on a void deed of trust, and false and/or forged and/or robo-signed documents purported to create a valid chain of title for the note and/or deed of trust is substantively and procedurally unconscionable and accordingly not enforceable.

5.17    Plaintiff has brought this action against Robertson for purposes of subjecting him to duress.

5.18    Plaintiffs injuries, if any, have been caused by its own actions and those of the third parties which conspired together to create a system (enterprise) to deprive Robertson and others of their real property by filing false documents and committing other crimes as a part of an enterprise intended to extort monies and steal homes.

5.19    Plaintiff is not entitled to equitable relief because A.) Equity sees that as done what ought to be done; B.) One who seeks equity must do equity; C.) Equity aids the vigilant, not

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 9

those who slumber on their rights; D.) Equity imputes an intent to fulfill an obligation; E.) Equity acts *in personam* (and plaintiff has no legal or beneficial interest in Nicholl's property); F.) Equity abhors a forfeiture; G.) Plaintiff does not come into equity with clean hands; H.) Equity delights to do justice and not by halves; I.) Equity follows the law; J.) Equity will not aid a volunteer (and plaintiff is a volunteer herein); J.) Where equities are equal, the law will prevail; K.) Between equal equities the first in order of time shall prevail; L.) Equity will not complete an imperfect gift; M.) Equity will not allow a statute to be used as a cloak for fraud.

5.20    Plaintiff has waived any claims against Robertson.

5.21    As undisputed owner of the Subject Property, Robertson is the only party with the right to title and possession of the Subject Property.

5.22    Plaintiff has unclean hands.

5.23    Robertson reserves the right to amend this Answer to add additional affirmative defenses, counter and cross claims.

5.24    WHEREFORE, having fully answered the Plaintiff's Complaint and having asserted his affirmative defense, Robertson prays that said Complaint be dismissed with prejudice, and that all costs incurred by Robertson, including his reasonable attorneys' fees, be awarded to Robertson and that Robertson be given relief as prayed for with regard to his Counter and third party claims, see *infra*, and such other and further relief as the court may deem just and equitable when acting pursuant to its jurisdiction under Wash. Const. Art. IV § 6.

## 6. COUNTER AND THIRD PARTY CLAIMS

6.1    Robertson incorporates herein all his previous allegations answering the complaint

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

and with regard to asserting his affirmative defenses as if they were fully pleaded herein.

6.2      Robertson, Defendant and counter and third party claimant herein, owns title to the Subject Property. There are no superior liens with regard to the Subject Property.

### *Parties Against Whom Claims Are Brought*

6.3      Plaintiff in this action, **21st Century Mortgage** –

(a) Identifies itself in Complaint Paragraph 1 as "a foreign corporation," and "a Delaware Corporation." Plaintiff Exhibit D indicates the address of 21st Century Mortgage is "C/O Ocwen Loan Servicing, LLC, 3451 Hammond Avenue, Suite 150, Waterloo, IA 50702." *Id.*

(b) claims to be a "holder" of and entitled to enforce the Nicholl's Note (which Robertson disputes, *see supra*), and further claims it is entitled to judicially foreclose on the DOT as security for the Note, which Robertson also disputes. *See supra.*

6.4      Third-Party **Residential Funding Company, LLC** ("RFC-LLC") –

(a) upon information and belief is a subsidiary of GMAC Mortgage, LLC, which is a secondary subsidiary of Ally Financial, Inc., and operates out of addresses including 1100 Virginia Drive, Fort Washington, Montgomery County, PA 19034, and 3451 Hammond Avenue, Suite 150, Waterloo, IA 50702;

(b) is an entity that filed bankruptcy, and subsequent to filing petition therefor while in bankruptcy filed a forged, false, and robo-signed "corrective" assignment of the DOT dated July 27, 2012 as part of the enterprise intended to extort money form Robertson and/or take Robertson's title and possession of real property located in Washington State.. *See* ¶ 8.21(c) *infra.*

6.5      Third-Party **Ocwen Loan Servicing, LLC** ("Ocwen") –

(a) shows its address as 3451 Hammond Avenue, Suite 150, Waterloo, IA 50702. Plaintiff

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Exhibit D (where 21st Mortgage address is given as "C/O Ocwen…");

(b) signed and executed the Appointment of Successor Trustee, which purports to appoint Northwest Trustee Services, Inc. as the successor trustee. Tyrone Thorogood signed as an authorized signer for Ocwen Local Servicing LLC, attorney in fact, and is subsequently identified as "attorney in fact for 21st Mortgage Corporation" in the document's notarization – see ¶ 8.33 infra). Defense Exhibit 6.

6.6     Third-Party Defendant Northwest Trustee Services, Inc. –

(a) is a Washington corporation.

(b) has actively participated in unlawful debt collection practices (see ¶¶ 8.41, 17.4 infra)

(c) accepted appointment as Successor Trustee from an entity which was not a beneficiary within the meaning of RCW 61.24.005(2) in violation of RCW 61.24.010(2).

6.7     Third-Party Defendant **Mary A. Miller** ("Miller") –

(a) is believed to be an Iowa resident and employee of Ocwen;

(b) Miller robo-signed the 2012 "Corrective" Assignment described in ¶ 8.21(c) infra, which she knew or should have known was false and would be filed as an assignment in the public records of the state of Washington in violation of Washington law.

6.8     Third-Party Defendant **Tyrone Thorogood** ("Thorogood") –

(a) is believed to be a resident of Montgomery County, PA, and an employee of either RFC-LLC, Ocwen, or a related entity.

(b) Thorogood robo-signed the 2013 21st Mortgage Assignment, described in ¶ 8.31(d) infra, identifying himself as "authorized officer" (of Residential Funding Company; LLC).

(c) Thorogood also robo-signed the Northwest Trustee Appointment of Successor Trustee to the DOT described in ¶ 8.33 infra, this time identifying himself as "authorized signer Ocwen

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 12

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Loan Servicing, LLC attorney in fact." Defense Exhibit 6.  *See* ¶ 6.5(b) *supra.*

6.9      Third-Party Defendants **Does 1 – 10** ("Does") are parties, the identities of which are unknown to Robertson, who have collaborated with the above Plaintiff and Third Party Defendants in performing or facilitating robo-signing and related crimes as part of the enterprise intended to extort money from Robertson and commit theft of his home under the guise of the DTA

6.10     **JURISDICTION.**   See ¶¶ 2.1-2.3, *supra.*

## 7. PRIOR LITIGATION

7.1      This action by 21st Mortgage is but the latest chapter in a six-year series of injustices perpetrated by an enterprise of which 21st Mortgage is now a part, having become the most recent entity to claim "beneficiary" status within the meaning of RCW 61.24.005(2) for purpose of extorting money from Robertson and theft of Robertson's real property under the guise of Washington's Deeds of Trust Act ("DTA"), severely injuring Robertson's property, business dealings and causing him other damages and injuries.

7.2      This case does not come here on a clean slate. Robertson originally brought a cause of action in this Court[5] against 21st Mortgage's predecessors[6] claiming that they had, among other things, violated the DTA, CH 61.24 RCW. That case was removed to federal court[7] and is still ongoing, now for over two years.  That case shall be referred to herein as the Concurrent Case, which is ongoing against different parties at the federal appellate level. That

---

[5] *Robertson v. GMAC Mortgage, LLC, et. al,* No. 12-2-19854-3 SEA, King County Superior Court.

[6] Including GMAC Mortgage, LLC; Executive Trustee Services, LLC; Residential Funding Real Estate Holdings, LLC; Residential Funding Company, LLC; Residential Funding Corporation; Homecomings Financial, LLC, ("Rescap Defendants" aka "GMAC defendants").  These all filed for bankruptcy on May 15, 2012.  The cases were consolidated that same day into *In Re Residential Capital, LLC,* No. 12-12020 (Bkr. S.D. NY) ("*In Re Rescap*"), currently pending.

[7] *Robertson v. GMAC, LLC, et al.,* No. 2:12-cv-02017-MJP (W.D. Wash.) ("Concurrent Case").

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 13

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Concurrent Case appeal involves both a challenge to the District Court's removal and diversity jurisdiction, which included an interlocutory appeal to the 9th Circuit for Writ of Mandamus[8] and ultimately a writ of certiorari to the U.S. Supreme Court[9] on this issue. Both of these courts refused to hear this jurisdictional issue.

7.3    Robertson's federal case was dismissed because U.S. District Court Chief Judge Marsha Pechman (Judge Pechman) believed that Robertson had no standing under the DTA or in equity to seek relief. That, and other issues, is currently on appeal to the Ninth Circuit.[10]

7.4    After Judge Pechman ruled, the Washington Supreme Court decided *Frias v. Asset Foreclosure Servs., Inc.*, ___ Wn.2d___, ___ P.3d ___, 2014 Wash. LEXIS 763 (Sept. 18, 2014) (A Person who is injured by unfair and deceptive practices prior to a nonjudicial foreclosure sale can seek relief under Washington's Consumer Protection Act.) This holding supports Robertson's claims for relief here and is inimical to Judge Pechman's ruling which is being challenged on appeal.

7.5    Because Judge Pechman's ruling was premised on Robertson's lack of standing to assert violations of the DTA affirmatively, those rulings are not preclusive with regard to Robertson's assertion of defenses and counter claims arising pursuant to a judicial foreclosure by 21st Mortgage against him. Similarly, Judge Pechman's ruling overturned by *Frias* is not valid judicial precedent for purposes of this case to the extent it holds that economic injuries and/or injuries caused by DTA violations are not compensable.

---

[8] *Robertson v. U.S. Dist. Ct.*, No. 13-72384 (9th Cir. 2012).
[9] *Robertson v. GMAC Mortgage, LLC, et al.*, No 13-655 (U.S. Supr. Ct. 2013)
[10] Robertson v. GMAC Mortgage, LLC, et al, No. 4-35672 (9th Cir., pending)

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 14

STAFNE TRUMBULL, PLLC
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

7.6    The duty of this Court is to follow controlling state precedent with regard to cases which are *sub judice* as are both Robertson's case in this Court and in the federal courts, which Robertson claims never had Art. III case or controversy over his concurrent case.

## 8. FACTUAL BACKGROUND

8.1    All allegations of previous paragraphs are re-alleged as though fully set forth herein.

8.2    Defendant Robertson took title to the subject Property in August of 2008 as sole bidder at his own trustee's sale. He has never owed any of the parties herein identified any money. Robertson is the undisputed owner of the Property by virtue of his Trustee's Deed, granted October 3, 2008 and recorded October 7, 2008.[11] Defense Exhibit 1 attached. At the time of purchase, Robertson was falsely led to believe that the Property was encumbered by a first deed of trust (subject DOT here) securing a loan, which he had learned was being serviced by GMAC Mortgage, LLC ("GMAC").

8.3    Relying on King County Records, as he had a right to do, either pursuant to the provisions of the DTA or by way of equitable subrogation, immediately following his purchase Robertson attempted to pay off the apparent first deed of trust and proceeded to arrange for use of the property through sale, rental and/or development. On September 29, 2008, the Monday following the Friday sale, he instructed his counsel, Ryan Griffin, to contact GMAC and arrange for a payoff of the apparent first deed of trust.

8.4    Ryan Griffin telephoned GMAC the next day, September 30, 2008 and so requested. GMAC refused to speak with him.

8.5    At Ryan Griffin's suggestion, on or about October 24, 2008 Robertson himself

---

[11] King County Recorder #20081007001048.

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 15

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

contacted GMAC by telephone, and got through. Robertson first offered to bring the loan current and/or assume it until he could arrange financing. GMAC refused. He then offered to pay the loan in full and said he would gather funds and arrange escrow. The agent went off the line for about five minutes; then returned to say that GMAC would provide a full payoff statement in five days.

8.6     At expense, Robertson arranged for funds to consummate the payoff, and Ryan Griffin's paralegal, Don Griffin, arranged for an escrow with Fidelity National Title in Bellevue, WA.[12] No payoff statement was ever received

8.7     On January 26, 2009 Robertson's counsel sent GMAC a letter by Certified Mail[13] asking why there had been no response to Robertson's previous communication, and offering a $90,000 cash payoff.[14] Escrow was again arranged with Fidelity National Title, and Robertson cashed out $28,887 in securities (taking a loss) to have funds ready for the payment. No response was ever received.

8.8     Instead, a Notice of Trustee's Sale[15] was filed against the Property with no notice given to Robertson. Based on information the notice was filed with the County by wire and notices of the sale were mailed to persons other than Robertson on or about January12, 2009.

8.9     Three more documented tenders[16] of payoff the Note were made by Robertson, as described *infra*.

---

[12] *See Robertson v. GMAC, LLC, et al.,* No. 2:12-cv-02017-MJP (W.D. Wash.), Dkt. 68 at p.4 (Declaration of Don Griffin); Dkt. 67 at p.4 (Declaration of Ryan Griffin).

[13] Mailed to: Homecomings Financial, LLC, Attention: Loss Mitigation Department, 3451 Hammond Avenue, Waterloo, IA 50702. Certification acknowledged as received by Homecomings on January 31, 2009.

[14] $90,000 figure was an estimation based upon information obtained from the previous foreclosure attempt.

[15] *Notice of Trustee's Sale,* King Cnty. Recorder # 20090112001130

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 16

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

8.10    On June 10, 2009, while attempting to stop the unnoticed sale scheduled for June 12, 2009, Don Griffin of Plaintiff's counsel's office was told by telephone by "Jermaine" of Executive Trustee Services, LLC, the apparent DOT-trustee's agent conducting the sale, that GMAC was the "holder of the note," but Jermaine refused to provide any contact information for GMAC. She also refused to stop the sale.[17]

8.11    While also attempting to stop the June 2009 sale, Robertson learned that the purported Beneficiary of the DOT was "Bank One National Association, as Trustee." Bank One at that time had not existed for nearly five years.

8.12    Learning that Bank One had been taken over by Chase, Robertson called Chase by telephone, on June 10, 2009. Upon Chase's direction, that same day Robertson sent a fax to the Escalated Lien Release Department of Chase, (318)550-3352, demanding an opportunity to pay off the loan or removal of the false instruments from the property record, attaching copies of his Trustee's Deed and the DOT.

8.13    Response came that same day in the form of an email from Chase Vice President Paul Savitsky to chf.docrecovery.fax@jpmchase.com and kaciewright@jpmchase.com, on which Robertson was copied, stating:

> I'll handle.
> The servicer was Residential Funding Corporation. We acted only in a trustee capacity and id not service the loan. I will email the lien release group there with Mr. Robertson's information and they will be able to execute a release on behalf of the trustee
> I will copy Mr Robertson on the email

---

[16] "'Tender' is a willingness to pay, accompanied by the ability and an attempt to pay." *King v. O/S Nordic Maiden*, 587 F. Supp. 46, 48 (W.D. Wash. 1984). *See* RCW 62A.3-603. Documentation of these tenders is already of public record in the current action in federal court and will be provided separately to the Court.

[17] Don Griffin also requested from Executive Trustee Services, LLC a payoff statement for the amount due as of October 2008, which was never provided. *See Robertson v. GMAC, LLC, et al.*, No. 2:12-cv-02017-MJP (W.D. Wash.), Dkt. 68 at p.4 (Declaration of Don Griffin); *see also* Dkt. 67 at p.4 (Declaration of Ryan Griffin).

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 17

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

(Sic). Defense Exhibit 2, attached hereto.

8.14    Savitsky subsequently copied Robertson on emails he sent to GMAC and other entities requesting resolution. Robertson received no response from these. In addition, another unnoticed sale attempt was made a month later, Robertson sent two more tenders of payoff to GMAC[18] that were refused, and two more notices of trustee sales by unauthorized parties were filed against the Property. Unable to seek a resolution, Robertson filed suit in King County Superior Court on June 5, 2012[19] to clear his title, gain unrestricted use and enjoyment of his Property, and to recover injuries, damages and attorney fees.

8.15    Robertson received notice of the Rescap Defendants bankruptcy filing two days *after* the filing of his Complaint. Rescap Defendants, however, waived service based upon limited relief from stay by that court to litigate foreclosure related claims.

8.16    The Concurrent Case was improperly removed to federal court, solely based on diversity of parties, on October 15, 2012. Improprieties included: defendants failing to allege citizenship, two defendants not consenting to removal, presence of a forum defendant who had claimed Washington citizenship, and defendants failing to account for these deficiencies after being challenged in two motions to remand. The jurisdiction of the district court is currently being challenged in an appeal to the 9th Circuit.

8.17    Robertson filed multiple requests for leave to amend his complaint, including for the purpose of adding defendants in response to the DOT being assigned following his filing

---

[18] On or about July 15, 2009 Don Griffin of Robertson's counsel law firm telephoned James Barden, Counsel to GMAC Mortgage, LLC. This was followed up by letters from Ryan Griffin, sent as email attachments to James.Barden@gmacrescap.com on July 20, 2009 and August 4, 2009, both requesting a full payoff statement as of October, 2008 (repeating Robertson's original tender of full payment), as well as identification and address of the principal on the Note and other questions. Barden failed to provide the information. Relying on Barden's authority to settle the matter, Robertson cashed out securities at a $49,955 loss to have cash in place for a full payoff.

[19] *Robertson v. GMAC Mortgage, LLC, et. al*, No. 12-2-19854-3 SEA, King County Superior Court.

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 18

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

of the case. All requests to amend were arbitrarily denied by Judge Pechman.

8.18       Defendants were subsequently dismissed based upon that court's ruling that because Robertson was not a party to the subject DOT, "Plaintiff lacks standing to bring any of his DTA related claims…"[20] and because, due to subsequent assignments, defendants were not claiming any *current* interest in the DOT. *See* ¶¶ 8.22, 8.23 *infra*.

8.19       The Concurrent Case was Noticed for Appeal on August 11, 2014, Concurrent Case Dkt. 209. Grounds for appeal include, but are not limited to, the federal court's unconstitutionally facilitating its subject matter jurisdiction under its removal jurisdiction so as to rule on a case which should have been remanded back to state court, then ruling that Robertson lacked standing on his DTA related claims, and had no access to equitable relief. Robertson's will seek relief from the Ninth Circuit, and if necessary the United States Supreme Court to require remand of the entire case to Superior Court under 28 U.S.C. § 1447(c), and voiding of all orders issued by Judge Pechman.[21]

### *Facts relating to 21ˢᵗ Mortgage Claims of Interest in DOT*

8.20       **History of the DOT:**

(a) The disputed deed of trust[22] was purportedly granted November 1, 1999 by a Linda C. Nicholls to Old Kent Mortgage Company ("Old Kent") as beneficiary, N.P. Financial Corporation as trustee, to secure a purported $100,000 home equity loan from Old Kent.

(b) Nicholls inherited the property from her mother, Thelma Kent, and was granted a Warranty Deed to the property from the Estate on November 5, 1999 four days *after* the

---

[20] *See*, e.g. Concurrent Case Dkt. 149 at 4 (Blanket dismissal)("Plaintiff is under the mistaken belief that he has standing to challenge any aspect of Defendants' past efforts to foreclose on the property.")

[21] See *Allbritton Communications Co. v. NLRB*, 766 F.2d 812, 820 (3d Cir.1985), *cert. denied,* 474 U.S. 1081, 106 S.Ct. 850, 88 L.Ed.2d 891 (1986).

[22] King County Recorder #19991115001505 ("DOT").

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

granting date appearing on the DOT. *See* Defense Exhibit 4 at p.1 (Nicholls Warranty Deed from estate of Thelma Kent). *See also* Plaintiff Exhibit A at pp.1, 15 (date of granting of DOT).

(c) The Kent Probate was disputed and not resolved for over three years. *See* Defense Exhibit 4 (Docket of *In Re Estate of Thelma Kent,* No. 98-4-01994-5 (King Cnty. Wash. Sup. Ct. (2001)). The *Declaration of Completion* of the Probate of the Estate of Thelma Kent was filed on September 11, 2001, *nearly two years after* Nicholls' purported granting of the DOT. *Id.* at 2, Dkt. 43 in that case. *See In re Estate of Haviland*, 177 Wn. 2d 68, 301 P.3d 31, 37 (2013) (En Banc)("RCW 11.04.250 states that while title in real estate vests immediately in the heirs or devisees upon the death of the decedent, no person is a devisee until the will has been probated")(*citing* five Supreme Court cases, including *In re Estate of Peterson*, 12 Wn.2d 686, 734, 123 P.2d 733 (1942) ("Only after an estate has been closed can the heirs, by acquiring these additional rights in the property, become entitled to treat it as their own.")).[23]

8.21    **Detail of DOT Assignments Proffered by Plaintiff:**

(a) The "Corporation Assignment of Deed of Mortgage" to "Bank One National Association, as Trustee" ("Bank One Assignment") was filed by wire or mail with the King County Recorder on August 3, 2000; the document was executed on January 29, 2000. (**Plaintiff's Exhibit B.** *See* Complaint at 3, Paragraph 5b.) This assignment is materially inaccurate, forged and flawed as follows:

(1) Bank One Assignment does *not* assign beneficial interest to "Bank One", as stated

---

[23] "Ultra vires acts are those performed with no legal authority and are characterized as **void** on the basis that no power to act existed, even where proper procedural requirements are followed. Ultra vires acts cannot be validated by later ratification or events." *S. Tacoma Way, LLC v. State*, 169 Wn.2d 118, ¶11 (2010) (En Banc) (emphasis added).

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 20

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

in Complaint. *See* ¶ 3.3 *supra*. It purportedly assigns interest in *a different* deed of trust to "Bank One National Association, <u>as Trustee</u>", with no beneficiary named. The body of the instrument states that Old Kent assigns "All its interest under that certain mortgage dated the twelfth (12) of November, 1999 C.E..." (sic). Plaintiff's Exhibit B at p.2. This "certain mortgage" is *not* the Subject DOT (dated November 1, 1999), and no such mortgage or deed of trust appears in King County Records. This instrument is void as it violates the statute of frauds.

(2) The instrument shows insufficient acknowledgement/notarization: RCW 64.08.020, 050; RCW 42.44.080(9), .090(1), .100(2) (no seal of office); MCLA 565.8 (Michigan Notary Statute).[24]

(3) Claimed authority of Old Kent Mortgage Company to grant the Bank One Assignment (as DOT Beneficiary) does not synchronize with indorsements on the Nicholls Note, showing it was indorsed to Residential Funding Corporation with no accompanying assignment of the DOT, leaving Old Kent as a non-Note Holder/non-Beneficiary. Plaintiff Exhibit E at p.5. *See* ¶ 8.24, 8.25 *infra*.

(4) The Assignment to Bank One "as trustee" identifies no principal (owner of the Note's beneficial interest) on whose behalf the "trustee" is accepting.

(b) On 8/12/2010 an Assignment of Deed of Trust[25] was filed by mail or wire allegedly assigning the DOT from Chase to Residential Funding Real Estate Holdings, LLC. ("RFREH Assignment"). The Assignment was apparently executed and notarized on July 28, 2010 at

---

[24] "Michigan law does not require notaries to use an embossed seal or rubber stamp on a document. However, documents sent out of state may require an embossed notary seal."
http://www.michigan.gov/sos/0,4670,7-127-1638_8736-85780--,00.html. Michigan statute at time of execution, MCLA 565.8 required "Documents purporting to convey or encumber real estate executed in Michigan must have two (2) witnesses and an acknowledgement by a notary public". *Id.*
[25] King County Recorder #20100812000720.

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

GMAC's document facility in Fort Washington, Montgomery County, Pennsylvania. While this forged and fraudulent assignment has purportedly been revoked (*see* ¶ 8.21(c) *infra*), notable flaws on its face include –

(1) Assignment is dated nearly five months *after* a Notice of Trustee's sale was filed against Robertson's Property, for which RFREH was identified as the foreclosing Beneficiary of the DOT.[26]

(2) There is no assignment of the DOT or indication of any transfer of the Note to Chase preceding it. *See* Complaint at 3, Paragraph 5c; *see* also ¶¶ 8.24 – 8.32 *infra*.

(3) The RFREH Assignment is purportedly granted by Chase in its own name (not "as Trustee"), and signed by Thomas Strain, a known GMAC employee and notorious robo-signer. *Id.*

(c) On July 27, 2012, less than two months after Robertson's June 6, 2012 filing of his Concurrent Case, a "Corrective" Assignment of Deed of Trust was filed by mail or wire with the King County Recorder's Office by RFC-LLC[27] purporting to be acting as "attorney in fact for Bank of New York Mellon Trust Company, N.A., fka Bank of New York Trust Company, N.A., as Trustee", as assignor. ("2012 "Corrective" Assignment"). The instrument was executed on July 13, 2012 at Fort Washington, Montgomery County, PA. It allegedly assigned the DOT to RFC-LLC, the fiduciary of the fiduciary "Trustee".[28] *See* Complaint at 3, Paragraph 3 c; **Plaintiff Exhibit C**. The following features distinguish this 2012 Assignment:

---

[26] First 2010 Notice of Trustee's Sale, King County Recorder #20100323000378.

[27] Executed July 13, 2012, at Waterloo, Iowa; filed with King County Recorder on July 27, 2012; King County Recorder #20120727001563. *See* fn. 13 *supra*.

[28] See RCW 62A.3-307(a)(1)- (fiduciary defined).

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 22

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 / FAX 360.386.4005

(1) The word "Corrective\*" is inserted above the words "CORPORATE ASSIGNMENT OF DEED OF TRUST", the asterisk referencing a note at the bottom of page 1 of the instrument, which reads:

> \*Assignment is being re-recorded to replace assignment recorded 8/12/10 instr# 20100812000720 to correct assignee.
> *Id.* at p. 1.

Significantly omitted from the asterisk text (*supra*), the assignment also purports to "correct" the <u>assignor</u>. *Neither* of the parties to this instrument, BNY or RFC-LLC (as both its purported attorney-in-fact, and as assignee) is privy to the 2010 RFREH Assignment it purportedly revokes and replaces with entirely different parties, retroactive to 8/12/2010.

(2) The Assignment manifests no authority of agency granted by a principal to BNY, on whose behalf the interests are purportedly assigned "as Trustee." The assignor (claimed Beneficiary of the DOT) is identified only as -

> THE BANK OF NEW YORK MELON TRUST COMPANY. NATIONAL ASSOCIATION, AS TRUSTEE, FKA BANK OF NEW YORKTRUST COMPANY. N.A., AS TRUSTEE, AS SUCCESSOR TO JP MORGAN CHASE BANK N.A. AS TRUSTEE, SBM BANK ONE NATIONALASSOCIATION AS TRUSTEE... *Id.*

(3) There is no mention of transfer(s) of the Note or previous assignment of the DOT to BNY other than the word "successor." *Id.*

(4) There is no record of RFC-LLC being deeded power of attorney to convey real property interests on behalf of BNY. RCW 65.08.060(3); RCW 64.04.010, 020.

(5) The Rescap Defendants, including RFREH and RFC-LLC, filed for bankruptcy on May 15, 2012, *see* fn. 6, ¶ 8.15 *supra*. RFC-LLC filed the 2012 "Corrective" Assignment *after* filing for bankruptcy, precluding any assigned interest from the *In Re Rescap* bankruptcy

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 23

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

estate,[29] as well as any claim of bankruptcy protections as to this act by RFC-LLC.

     (6)    Both the assignor and the assignee have the same address.

(d) On or about July 23, 2013 21st Mortgage conspired[30] and collaborated by acquiescence with RFC-LLC in the wire or mail filing of an assignment of the DOT[31] falsely identifying RFC-LLC as grantor/assignor and 21st Mortgage Corporation as Beneficiary ("2013 21st Mortgage Assignment"), by which 21st Mortgage procured its claimed interest in the Property. *See* **Plaintiff Exhibit D.**

     (1) There is nothing of record showing that RFC-LLC had anything to assign in this transaction. *See* ¶ 8.21(c) *supra.*

     (2) The 2013 21st Mortgage Assignment was executed at Montgomery County, PA, on on July 9, 2014 and is signed by "Tyrone Thorogood, authorized officer" (of Residential Funding Company, LLC). Plaintiff Exhibit D at p.1. *See also* ¶ 8.33 *infra.*

     (3) The address given for 21st Mortgage on the Assignment is: "c/o Ocwen Loan Servicing, LLC, 3451 Hammond Avenue, Suite 150, Waterloo, IA 50702. *(Compare* fn. 13 *supra;).* As in ¶ 8.21(c) supra, both assignor and assignee have the same address – the Ft. Washington, PA and Waterloo, IA addresses, respectively, of Rescap and now Ocwen. See ¶¶ 6.3 – 6.8 *supra.*

8.22     The filing of the 2012 "Corrective" Assignment, and 2013 21st Mortgage

---

[29] There is no mention of the Note or DOT in RFREH's Schedule of Assets and Liabilities submitted to the bankruptcy court. *See* https://www.kccllc.net/rescap/document/1212020120630000000000048 (Dkt. 594 - RFREH Schedule of Assets and Liabilities); https://www.kccllc.net/rescap/document/1212020120719000000000022 (Dkt. 837 (RFREH Stmt. Fin. Affairs).

[30] A seller whose authority to sell property is restricted and a buyer who knows of the restriction engage in a criminal conspiracy under RCW 9A.28.040(1) by agreeing to and completing a sale of the property. *State v. Jacobson,* 74 Wn. App. 715, 716, 876 P.2d 916 (1994).

[31] King County Recorder #20130723001972 (2013 21st Mortgage Assignment).

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 24

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Assignment, gave the appearance that Chase, BNY, and none of the GMAC Defendants in the Concurrent Case any longer had claims to interest in the Property. This directly manipulated and affected the outcome of Robertson's Concurrent Case in federal court (see ¶¶ 8.17, 8.18 *supra*, 8.23 *infra* ), forcing Robertson to litigate and incur attorney fees, costs and expenses which are claimed here as ordinary and/or special damages. *See also* ¶ 8.36 *infra*. On information and belief these transactions were false, see     ¶¶ 8.21(c), (d) supra, whereas neither Chase, BNY or GMAC defendants had any interest in Robertson's real property which could be foreclosed upon as security for Nicholls' note. These public recorded instruments identifying time, place and parties to the transactions, are also evidence that Chase, BNY, and GMAC conspired with 21st Mortgage, Ocwen and the other third party defendants to forge documents in an attempt to extort money from Robertson and/or unlawfully take his real property.

8.23      On November 11, 2014 (four months following 21st Mortgage Assignment) the district court issued a blanket Order dismissing Chase and all GMAC Defendants, Concurrent Case Dkt. 149, stating:

> A quiet title action may only be brought against a tenant in possession or a "person claiming title or some interest" in the property. RCW 7.28.010.
> [* * *]
> First, he [Robertson] fails to allege Defendants, especially Chase, have an interest in the property.
> *Id.* at 7.

> Because Plaintiff's claim for declaratory judgment [and quiet title] against the GMAC Defendants is identical the claim asserted against Chase…declaratory judgment against the GMAC Defendants also fails as a matter of law.
> *Id.* at 10.

BNY then pleaded the same "no current interest" which enabled Quiet Title and Declaratory

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Relief claims to again be dismissed (in a federal court) against BNY.[32]

### *Facts Pertaining To 21ˢᵗ Mortgage's Claims to The Nicholls Note:*

8.24    The purported Note copy ("Note"), Plaintiff Exhibit E, is dated November 1, 1999, showing the "Lender" as Old Kent Mortgage Company ("Old Kent"). *Id.* Only two undated indorsements appear on the Note:

> Pay to the Order of
> RESIDENTIAL FUNDING CORPORATION [inserted stamp]
> Without Recourse
> Old Kent Mortgage Company
> ___[SIGNATURE]___
> Gordon J. Miller, VP

> And, above and to the left of this is –

> PAY TO THE ORDER OF
> Bank One, National Association, as Trustee
> WITHOUT RECOURSE
> RESIDENTIAL FUNDING CORPORATION BY___[SIGNATURE]___
> Judy Faber, Vice President

*Id.* at p. 5.

8.25    An examination of the Note shows *no* indorsements to certain entities that Plaintiff has identified as its predecessors in interest to the DOT (Complaint at 3, Paragraph 5c.), specifically: **"J.P. Morgan Chase Bank, N.A., as Trustee,"** ("Chase"), **"Bank of New York Mellon Trust Company, N.A. as Trustee** fka The Bank of New York Trust Company N.A.

---

[32] In BNY's subsequent Motion for Summary Judgment, BNY pleaded:

> The last beneficiary of record of the Nicholls DOT is 21st Century Mortgage, who was assigned the Nicholls DOT by Residential Funding Company, LLC on July 23, 2013. [ ] BNY does not claim any interest in the Property or the Nicholls DOT.

Concurrent Case, Dkt. 183 at 4 (BNY Motion for Summary Judgment). The Motion was granted (Dkt. 201), the court stating, "A quiet title action may only be brought against a tenant in possession or a "person claiming title or some interest" in the property. RCW 7.28.010. It is an equitable mechanism designed to resolve competing claims of ownership." *Id.* at 6 (citation omitted).

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

as Trustee," ("BNY"), or **Residential Funding Company, LLC**. ("RFC-LLC"). *See* Plaintiff

Exhibit E at 5.

8.26     The Note shows *no* **indorsement to 21st Mortgage**. *Id.*

8.27     Under the terms of the Nicholls Note, the status of "Note Holder" is bound

contractually and may only be accrued under the following terms:

> "The Lender or anyone who takes this Note by **transfer** and **who is *entitled* to**
> **receive payments** under this Note is called the "Note Holder"."

Plaintiff Exhibit E (Note copy) at p. 1, § 1. ("Note Holder Definition") (emphasis added).[33]

8.28     The original "Lender" on the Nicholls Note, Old Kent, was *both* owner and holder

of the Instrument. These rights, including all rights to payment and to enforcement of the Note

accrue via "transfer" to the "Note Holder." Plaintiff Exhibit E at pp. 3-5, §§ 3 – 11.

8.29     All available evidence shows that none of Plaintiff's identified predecessor entities

(*see* Complaint at 3 Paragraphs 5b, c) was ever "transferred" the Note, as required by Note

Holder Definition to qualify as the "Note Holder." *See* ¶¶ 8.24, 8.25 *supra*.

8.30     All available evidence shows that none of the predecessor entities was ever

"entitled to receive payments" under the Note,[34] as required under the Note Holder Definition.

*Id.*

8.31     Note terms include defining and contractually establishing the liability of an

endorser (indorser):

> 9. ...Any person who is ... **endorser of this note is also obligated to do these**
> **things.** Any person who takes over these obligations, including the obligations of
> the ... **endorser of this note, is also obligated to keep all of the promises made**
> **in this note**. The note holder may enforce its rights under this note against each
> person individually or against all of us together. **This means that any one of us**

---

[33] "Note Holder" is also the only party authorized to enforce terms of the DOT under the terms threof. See Plaintiff Exhibit A (DOT)(23 citations to "Note Holder").

[34] *See* ¶ 8.13 *supra* (statement of, Chase V.P. Savistsy); Defense Exhibit 2.

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 27

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

**may be required to pay all of the amounts owed under this note.**

Plaintiff Exhibit E at p. 4, § 9 (emphasis added).

8.32    Indorsements show that in addition to assigning only bare legal title by designating the indorsee only "as Trustee" (with no principal/beneficiary identified), the Note terms specifying liabilities of an indorser, *supra,* were excluded from any transfer/assignment through the addition of the words "without recourse" to both, (*see* ¶ 8.24 supra), transferring less than the entirety of the Note under RCW 62A.3-203(d). *See also* RCW 9A.60.010(1).

### *Additional Unlawful Filings by 21st Mortgage Against the Property*

8.33    Filed by mail or wire concurrently with 2013 21st Mortgage Assignment (¶ 8.21(d) *supra*), on July 23, 2013, was an Appointment of Successor Trustee, naming Northwest Trustee as trustee of the DOT[35] ("Northwest Trustee Appointment"). The Appointment was executed in Montgomery County, PA (see 8.21(b), (c) *supra*). The instrument is *ultra vires* because of the lack of a proper beneficiary to appoint a trustee and because of the lack of sufficient signature.[36]

8.34    On August 1, 2014 21st Mortgage filed by wire or mail a Lis Pendens[37] against Robertson's property, filed by 21st Mortgage attorney in this matter, John Weil. Defense Exhibit 7 at 2,3. No notice of the filing was sent to Robertson. This filing further clouded title, absolutely barring any possible use of Robertson's Property and forcing additional litigation for its removal.

8.35    On October 1, 2013, Robertson, solely for the purpose of funding his ongoing

---

[35] King County Recorder #20130723001973.

[36] Appointment of Successor Trustee is signed by Tyrone Thorogood (as is the 2013 21st Mortgage Assignment), only this time as "authorized signer Ocwyn Loan Servicing, LLC attorney in fact." Compare ¶ 8.21(d)(2) *supra*. There is no evidence Ocwen or Mr. Thorogood has been deeded these authorites to sign.

[37] King County Recorder #20140801000541.

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 28

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

litigation of Concurrent Case and its costs, obtained funding through a reverse mortgage of his home. Cost of the mortgage was approximately $10,000 plus associated fees, plus interest and mortgage insurance fees accrued since. There will be additional cost to Robertson to rescind the mortgage in order to return to his former financial position.

8.36        21st Mortgage and its co-conspirators were obviously aware of Robertson's Concurrent Case at the time of the filing of the 2013 21st Mortgage Assignment.

(a) The 2013 21st Mortgage Assignment was executed at Ft. Washington, PA home office of the GMAC Defendants to Robertson's Concurrent Case (and/or their successor Ocwen through Rescap bankruptcy). *See* ¶¶ 8.21(d)(2), (3), 6.4(a); *see also* fn. 13 *supra*.

(b) Although the Assignment was executed July 23, 2013, 21st Mortgage made no attempt to contact Robertson or his counsel until after the federal court's granting of Motion for Summary Judgment to the last defendant, BNY. On July 10, 2014 Robertson's counsel, Stafne Trumbull, PLLC received a letter from 21st Mortgage counsel, dated July 8, 2014, stating, "I am well aware that you represent Mr. Robertson in the case of *Duncan K. Robertson vs. GMAC Mortgage, LLC et* pending in the United States District Court..." *Id.*

8.37        On information and belief 21st Mortgage is not a beneficiary within the meaning of RCW 61.24.005(2) for appointing a successor trustee pursuant to RCW 61.24.010(2). 21st Mortgage cannot establish it is a beneficiary within the meaning of RCW 61.24.005(2) because 1.) plaintiff is not the holder[38] of the instrument or document evidencing Nicholl's obligation; 2.) plaintiff's interest in the note, if any, is not "secured by the deed of trust" as that term is commonly understood in Washington. Alternatively, 21st Mortgage and its predecessors were excluded from being a beneficiary if possession of Nicholl's note was/is

---

[38] *See* ¶ 8.27 *supra* (Note Holder Definition).

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 29

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

for purposes other than those intended by RCW 61.24.005(2).

8.38    Since the filing of the 2013 21st Mortgage Assignment, Robertson has received at least twelve offers to purchase and/or co-develop the Property, all of which he has had to decline,[39] knowing that 21st Mortgage lacks authority to grant a reconveyance, which would leave the title to the Property permanently clouded even if 21st Mortgage were to be paid some amount. He has also received offers to assist with bankruptcy, legal assistance and refinance indicating vendors have relied upon 21st Mortgage's filings in presuming that Roberson is incapable of paying his bills or effectively contracting.

8.39    As a proximate result of the acts of 21st Mortgage and third party defendants, which appear designed to, and effectively have precluded his property rights, Robertson has suffered injuries to his property and business, damages and special damages and has incurred both investigative and litigation attorney fees, the amount of which are increasing and will be proven at time of trial.

8.40    On January 31, 2013, prior to any rulings in the Concurrent Case, that case's defendant LSI Title Agency, Inc. filed a "Resignation of Trustee" with the King County Recorder,[40] effectively disclaiming any interest or power relating to the Property and leaving the DOT with no trustee.

8.41    On or about April 12, 2013, over three months *prior* to the 2013 21st Mortgage Assignment and its concurrent Northwest Trustee Appointment, Robertson received by U.S. Mail a "Notice of Default" and "Foreclosure Loss Mitigation Form." The documents were

---

[39] Robertson has maintained contact with three of these interested parties after informing them of the situation, hoping for a development deal once this matter is resolved.

[40] King County Recorder #20130131002836 (LSI Resignation of Trusteeship of DOT).

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 30

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

mailed April 10, 2013 and showed a return address and were signed by "Northwest Trustee Services, Inc., PO Box 997 Bellevue WA, 98009…"

(a) The Notice of Default included:

> The owner of the note is Residential Funding Company, LLC, whose address is:
> c/o Ocwen Loan Servicing, LLC
> 3451 Hammond Avenue, Suite 150
> Waterloo, IA 50702

> The loan servicer for this loan is Ocwen Loan Servicing, LLC, whose address and telephone numbers are:
> 3451 Hammond Avenue, Suite 150
> PO Box 4622
> Waterloo, IA 50702
> 800-850-4622

*Id.*

(b) The "Foreclosure Loss Mitigation Form" is dated "10/24/12" and signed by Amy B. Penrod, signature identified as "Beneficiary's/Authorized Agent's Signature", Ms. Penrod's authority is stated as "Authorized Officer."

(c) The document also threatens foreclosure of the Property and advises in bold print:

> **This is an attempt to collect a debt…**

*Id.*

### *Facts Related to Property*

8.42    Nicholls left the Property in November, 2008. Since that time Robertson has been the sole party entitled to possession of the real Property. Robertson cleaned up and secured the Property following his purchase, including the installation of new locks and deadbolts on all exterior doors. On two occasions prior to 21st Mortgage's claimed interest, Does believed to be acting under direction of Plaintiff's predecessors, broke and entered the Property, changing Robertson's locks and removing his deadbolts (including those reinstalled by

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 / FAX 360.386.4005

Robertson to replace those removed), in effect locking him out and severely impacting security of the premises. *See* Defense Exhibit 5 at ¶¶ 12 – 19. As a direct result of this damage the house was broken into by thieves, taking the front door, electrical junction box, wiring and items of value.

8.43    On information and belief 21st Mortgage, Ocwen and unknown Does employed or authorized by 21st Mortgage and/or Ocwen have continued this trespass, and while trespassing on the Subject Property have converted Robertson's Personal Property, including but not limited to removing and taking locks, cleaning products, appliances, tools and other items of personal property owned by Robertson.

8.44    In November, 2013, Robertson responded to a complaint by the City of Burien of further break-ins made possible by someone improperly installing a padlock on the back door in lieu of Robertson's securing measures. On information and belief this unknown party was employed by Ocwen and/or 21st Mortgage, causing damage to the point where the municipality ordered the securing of the back door, painting over graffiti, and a general clean up and securing the Property, with which Robertson complied at expense.

8.45    As a proximate result of these acts by 21st Mortgage and others identified, which appear designed to, and effectively have precluded his exercise of property rights related to both title and possession , Robertson has suffered injuries to property and business as well as damages. (*See* ¶ 19.5 *infra*). These acts have paralyzed any profitable use of Robertson's property, taken his time which was previously devoted to productive and profitable endeavors, quashed his enjoyment of life, and drained virtually all of his savings, forcing him to take out a reverse mortgage, all for remaining faithful to his moral duty of doing what he believes is right for himself and those other Americans who have and are being similarly

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 32

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 / FAX 360.386.4005

mistreated by banking, and biased "trustee" entities that are seeking the theft of his and other

peoples' property. Accordingly, Robertson also seeks damages, special damages, attorney

fees, and costs in an amount to be proven at time of trial.

### 9. FIRST CAUSE OF ACTION: Violations of a.) RCW 9A.60.020 (Forgery); b.) RCW 9.38.020 (False Representations Concerning Title); c) RCW 40.16.030  (Offering False Instruments For Filing Or Record)

Against 21st Mortgage, Residential Funding Company, LLC, Ocwen, Northwest Trustee, Miller, Thorogood and Does

9.1      All allegations set forth above are re-alleged as if fully set forth herein.

9.2      21st Mortgage, RCF-LLC, Ocwen, Northwest Trustee Services, Inc., Miller,

Thorogood, and Does 1 – 10 have made or relied upon false claims regarding both title and

possessory interest in Robertson's Property. In conspiring to making, preparing to making,

actually making, and filing such documents, some of which were sworn to be true and filed

for record, the plaintiff and each of the cross defendants violated 9A.60.020[41] (forgery), RCW

9.3      8.020[42] (false representations concerning title) and RCW 40.16.030,[43] (offering

false instruments for filing or record). Further, Plaintiff and the third party defendants have

also committed the crimes of perjury[44] and/or false swearing[45] by testifying that  21st

---

[41] Text of RCW 9A.60.020: "(1) A person is guilty of forgery if, with intent to injure or defraud: (a) He or she falsely makes, completes, or alters a written instrument or; (b) He or she possesses, utters, offers, disposes of, or puts off as true a written instrument which he or she knows to be forged..." *Id.*

[42] Text of RCW 9.38.020: "Every person who shall maliciously or fraudulently execute or file for record any instrument, or put forward any claim, by which the right or title of another to any real or personal property is, or purports to be transferred, encumbered or clouded, shall be guilty of a gross misdemeanor." *Id.*

[43] Text of RCW 40.16.030: "Every person who shall knowingly procure or offer any false or forged instrument to be filed, registered, or recorded in any public office, which instrument, if genuine, might be filed, registered or recorded in such office under any law of this state or of the United States, is guilty of a class C felony and shall be punished by imprisonment in a state correctional facility for not more than five years, or by a fine of not more than five thousand dollars, or by both." *Id.*

[44] RCW 9A.72.020 states in pertinent part:

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 33

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Mortgage is a beneficiary within the meaning of RCW 61.24.005(2) and to such other false statements as will be proved at trial.

9.3     Civil injuries and damages, proximately caused Robertson, through violations of these statutes, are actionable.[46]

9.4     The statutes which the Plaintiff and third party defendants are alleged to have violated are criminal laws which were enacted to protect persons such as Robertson (and his Property) against harm of the general type inflicted here.

9.5     Based on the foregoing facts, nearly all of which are of Public Record, 21st Mortgage and the Third Party defendants identified above knew or should have known that no claim of title or interest in the Nicholls DOT conveyed to or by them could be valid, and that Robertson would be severely injured and damaged as a result of those claims, and by this attempt at judicial foreclosure pursuant to the provisions of the DTA. See RCW 61.24.100(8). Obvious deficiencies and forgeries filed in the public record include, but are not limited to,

---

(1) A person is guilty of perjury in the first degree if in any official proceeding he or she makes a materially false statement which he or she knows to be false under an oath required or authorized by law.

(2) Knowledge of the materiality of the statement is not an element of this crime, and the actor's mistaken belief that his or her statement was not material is not a defense to a prosecution under this section.

RCW 9A.72.030 states in pertinent part:

(1) A person is guilty of perjury in the second degree if, in an examination under oath under the terms of a contract of insurance, or with intent to mislead a public servant in the performance of his or her duty, he or she makes a materially false statement, which he or she knows to be false under an oath required or authorized by law.

[45] RCW 9A.72.040 states in pertinent part: (1) A person is guilty of false swearing if he or she makes a false statement, which he or she knows to be false, under an oath required or authorized by law. RCW 9A.72.080 states: "(1) A person is guilty of false swearing if he or she makes a false statement, which he or she knows to be false, under an oath required or authorized by law.

[46] Text of RCW 9.01.120: "Civil Remedies Preserved. The omission to specify or affirm in this act any liability to any damages, penalty, forfeiture or other remedy, imposed by law, and allowed to be recovered or enforced in any civil action or proceeding, for any act or omission declared punishable herein, shall not affect any right to recover or enforce the same...9.38.010-9.38.030, 9.58.010...40.16.030..." *Id. See* "implied actions" to recover, *Frias v. Asset Foreclosure, Inc.*, No. 89343-8, Slip Opinion at 8-9 (Wash. Supreme Ct. 09-18-2014); See also Wiggins, dissenting. *Id.*

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 34

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

those which have previously described as well as the following:

A.    The DOT is shown in Plaintiff's own Exhibit A and Complaint (at Paragraphs 3 a, 5 a) was executed when Nicholls held no title to the property. Such conveyance was prohibited by the loan documents and Nicholls had no authority to grant a security under these circumstances, rendering the DOT void ab initio, or at minimum voidable.[47] *Id.*; RCW 64.04.020. *See* ¶¶ 8.20(a) – (c) *supra*.

B.    There is no lawful chain of title of the Nicholls Note running to 21st Mortgage sufficient to sustain a claim of "Note Holder" (*see* ¶¶ 8.24 – 8.32 *supra*), which is one of the three criteria for being a *Beneficiary* within the meaning of RCW 61.24.005(2). Being a proper beneficiary under the DTA is requisite to assign a deed of trust, appoint a successor trustee, and to foreclose.[48] *See* Note Holder Definition, ¶ 8.27, fn. 33 *supra*.

C.    The trustee of a trust, without manifestation of agency authority, has no authority to bind its principle,[49] rendering <u>all</u> Note indorsements and real property conveyances that have been signed, "[name of entity], as Trustee", *ultra vires* and invalid, lacking sufficient signature. *See* ¶¶ 8.20 – 8.21, 8.31 – 8.32 *supra*.

D.    There is no lawful chain of title of assignments of the DOT running from Old Kent to 21st Mortgage. *See* ¶ 8.21 *supra*. Also, the purported assignments failing to correspond to any Note transfers indicates the DOT was traded independently of the debt (separating the DOT from the Note).

---

[47] *See Columbia Cmty. Bank v. Newman Park, LLC,* 166 Wn. App. 634, ¶ 44, 271 P.3d 300, 306 (2012), Affirmed on other grounds, 177 Wn.2d 566 (2013) (En Banc)( A deed of trust executed by one with no authority to do so is invalid); *Sorenson v. Pyeatt,* 158 Wn. 2d. 523, 524 (2006) (En Banc)("[T]he debtor did not have the power to grant a valid security interest in the property encumbered by the deed [of trust]").

[48] *See* also RCW 61.24.005, 61.24.030(7)(a), 61.24.031(b), 61.24.040(1)(g).

[49] *See In re Jean F. Gardner Amended Blind Trust,* 117 Wn. App. 235, 239 (2003)( "[A] trustee is not an agent of the beneficiary and, therefore, cannot bind the beneficiary under agency principles.").

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 35

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

E.    As shown, *supra*, there is *no* authority in 21st Mortgage to (1) conspire/collaborate in the filing of the 2013 Assignment of Deed of Trust; (2) appoint Northwest Trustee as a Successor Trustee under RCW 61.24.010(2); and (3) File the Lis Pendens against Robertson's Property.

9.6    The violations of the statutes set forth above by 21st Mortgage, and each of the Third Party defendants identified above have proximately caused injuries, including, but not limited to further clouding the title on Robertson's Property title, lost time and income, distraction, investigation and litigation costs, including attorney fees, damages, and special damages in such amounts as will be proved at trial, as well as additional damages, which also will be proved at trial.

## 10. SECOND CAUSE OF ACTION: Civil Conspiracy

### Against 21st Mortgage, RFC-LLC, Ocwen, Northwest Trustee, Miller, Thorogood and Does

10.1    All allegations set forth above are re-alleged as if fully set forth herein.

10.2    An action for Civil Conspiracy requires that "two or more persons have by agreement combined to accomplish an unlawful purpose or combined to accomplish some purpose not in itself unlawful by unlawful means." *Corbit v. J.I. Case Co.*, 70 Wn.2d 522, 522 (1967).

10.3    21st Mortgage and third party defendants RFC-LLC, Ocwen, Northwest Trustee, Miller, Thorogood, and Does agreed to conspire and did conspire with regard to violating the aforementioned statutes for purposes of obtaining Robertson's Property under the guise of the DTA. *See* ¶ 8.22 *supra*.

10.4    The mailing by Northwest Trustee of the Notice of Default on April 10, 2013, over three months prior to the 2013 21st Mortgage Assignment and their purported Northwest

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

Trustee Appointment (July 23, 2013) clearly shows this third party defendant's involvement

and participation as more than just nominal and as a self-proclaimed debt collector. *See* ¶ 8.41

*supra*.

10.5     RFC-LLC operating under the protection of the bankruptcy court has and does

utilize Ocwen and 21st Mortgage[50] to obtain monies based on falsely claiming the existence of

an entity of a beneficiary within the meaning of RCW 61.24.005(2), which Northwest Trustee

has and does accept as true for being appointed a successor trustee pursuant to RCW

61.24.010(2) .

(a)   These filings, prepared to facilitate this conspiracy, include false, forged, and robo-

signed document which are intended to be publicly recorded, and are publicly recorded, in

violation to the statues identified in the previous cause of action.

(b)   The means used to file these unlawful claims included fraud and deception, especially as

to concealing the party actually designing and implementing these acts, and have had the

object of the unlawful taking of Robertson's property.

10.6     Robertson has suffered injuries to his business and Property as well as damages

proximately caused from this civil conspiracy in an amount which will be proven at trial.

### 11. THIRD CAUSE OF ACTION – Tort of Negligence.

### Against 21st Mortgage, RFC-LLC, Ocwen, Northwest Trustee, Miller, Thorogood and Does

11.1     All allegations set forth above are re-alleged as if fully set forth herein.

11.2     21st Mortgage, third party defendants RFC-LLC, Ocwen, Northwest Trustee,

Miller, Thorogood, and Does owed a statutory duty of care to Robertson to refrain from

---

[50] including third Party Defendants and Miller and Thorogood.

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 37

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

violating those criminal statutes which exist to prevent persons like Robertson from sustaining those injuries and damages resulting from their crimes.

11.3    21st Mortgage, third party defendants Residential Mortgage, Ocwen, Northwest Trustee, Miller, Thorogood, and Does breached their duty to act as a reasonable person by acting in those ways previously described in this pleading, including, but not limited to, authorizing, accepting, and/or executing assignments of deed of trust, the appointment of a Successor Trustee, and Lis Pendens, when they knew or should have known that these actions were based on forged documents and robo-signed documents, filed for the public record, solely for purposes of stealing real property owned by Robertson.

11.4    Plaintiff's acts and omissions as described herein have been a proximate cause of Robertson's injuries and damages.

11.5    The nature and extent of Robertson's damages will be proved at trial.

## 12. FOURTH CAUSE OF ACTION-Trespass

### Against 21st Mortgage, RFC-LLC, Ocwen, and Does

12.1    All allegations set forth above are re-alleged as if fully set forth herein.

12.2    At one or more times between April 10, 2013 (see ¶ 10.4 *supra*) and the present 21st Mortgage, and/or Ocwen through their employees and/or agents and/or independent contractors, and/or Does entered upon, took possession and injured the dwelling structure located upon the Property, committing trespass, modifying security measures so as to permit access only by them, including placing their own padlocks, causing direct and indirect injury and damage as defined by RCW 4.24.630 and RCW 59.12.010. RCW 7.28.230.

12.3    These acts were done without the permission of Robertson, the Property owner.

12.4    As a direct result of these actions, the Property has proximately suffered damages

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 38

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

from waste, conversion, vandalism and theft and in an amount to be proven at trial.

Robertson is also entitled to allowable treble damages under RCW 4.24.630.

### 13. FIFTH CAUSE OF ACTION: Conversion

### Against 21st Mortgage, RFC-LLC, Ocwen and Does

13.1    All allegations set forth above are re-alleged as if fully set forth herein.

13.2    Based on information and belief 21st Mortgage and third party defendants RFC-LLC, Ocwen, and Does unlawfully converted Robertson's personal property within and upon such property owned by Robertson during such times as each was unlawfully trespassing upon the subject property.

13.3    21st Mortgage and third part defendants RFC-LLC, Ocwen, and Does conversion has caused Robertson such damage as will be proved at trial.

### 14. SIXTH CAUSE OF ACTION- Intentional Infliction of Emotional Distress

### Against 21st Mortgage, RFC-LLC, Ocwen, Northwest Trustee Services and Does

14.1    All allegations set forth above are re-alleged as if fully set forth herein.

14.2    The conduct in 21st Mortgage, RFC-LLC, Ocwen, Northwest Trustee Services, and Does in trespassing upon Robertson's real property, causing the destruction and loss of all value in such house while attempting to enforce the DOT by falsely and criminally purporting to be a beneficiary within the meaning of RCW 61.24.005(2) based on a litany of forged documents and those other acts and omissions as are alleged herein, constitutes extreme and outrageous conduct.

14.3    21st Mortgage's and third party defendants conduct was intentional and/or recklessly taken and has proximately caused Robertson severe emotional distress, such as will

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 39

STAFNE TRUMBULL, PLLC

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

be proved at trial.

## 15. SEVENTH CAUSE OF ACTION – Quiet Title

### Applicable to 21st Mortgage, RFC-LLC, Ocwen and any Does which may claim a Property Interest in Robertson's property.

15.1    All allegations set forth above are re-alleged as if fully set forth herein.

15.2    Robertson is the undisputed fee simple owner of the subject Property in this action (Property description is contained in Plaintiff's Complaint at 3-4, Paragraph 7), under a Trustee's Deed, dated October 3, 2008 and recorded October 7, 2008, King County Recorder No. 20081007001048.

15.3    Plaintiff in this action has acknowledged Robertson's ownership of the Property. Complaint at 2, Paragraph 3 b.

15.4    The strength of Robertson's title is his undisputed fee simple title deed.   A copy of Robertson's title deed is attached as Exhibit 1.

15.5    No other party possesses a subsisting valid legal or equitable lien, encumbrance, claim or interest in or against the Property superior to Robertson's.

15.6    No claim of interest can be based on Nichols note or deed of trust because the limitations period for doing so has run.

15.7    Invalid interests and claims have been asserted, and continue to be wrongfully asserted and recorded in the Public Record, including those of Plaintiff in this action, directly affecting value, impairing vendability and diminishing and limiting Robertson's quiet possession, profitable use and enjoyment the Property which he owns in fee simple.

15.8    If no party can evidence a valid interest in the Property, pursuant to RCW 7.28.010 Plaintiff asks for judgment quieting title in him and removing the clouds of all invalid deeds

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 40

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

from the Property.[51]

## *Removal of Outlawed Deed of Trust*

15.9    Complaint states:

> Grantor last made a payment under the terms of the Note on August 11, 2009, that
> made the payment due for December 2007 and Grantor has failed to make the
> monthly payment that was due on January 1, 2008.

Complaint at p.4, Paragraph 9.  However, no supporting evidence has been presented to

substantiate (a) the alleged August 11, 2009 payment; and (b) that Nicholls made it.

15.10    On May 27, 2004 a Notice of Trustee's Sale was filed against the property,

naming "Bank One National Association as Trustee" as the foreclosing DOT beneficiary,

effectively announcing intent to collect payment in full of the alleged Nicholls Note via

foreclosure.

15.11    Wherefore Robertson also requests that title be quieted under RCW 7.28.300, as the

complaint seeks relief barred by the statute of limitations, and the DOT be removed from the

Property record.

### 16. EIGHTH CAUSE OF ACTION: Lis Pendens

### Against 21st Century, RFC-LLC, Ocwen, Northwest Trustee

16.1    All allegations set forth above are re-alleged as if fully set forth herein.

16.2    On August 1, 2014 21st Mortgage filed an unauthorized and unlawful Lis Pendens

in the King County Public Record against Robertson's Property. *See* ¶ 8.34 *supra*.

16.3    This unlawful filing has further injured and damaged Robertson and his Property as

herein described in an amount to be proven at trial.

---

[51] *See Robinson v. Khan,* 89 Wn. App. 418, 421-24, 948 P.2d 1347 (1998).

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 41

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

16.4    Robertson requests this court enter a temporary and permanent injunction ordering

removal of this invalid and unlawful instrument and an award of damages and attorney fees

resulting from its filing. RCW 4.28.328(1), (2) and (3).

### 17. NINTH CAUSE OF ACTION- Violation of the Fair Debt Collection Act

### Against 21st Mortgage, RFC-LLC, Ocwen, Northwest Trustee Services

17.1    Robertson incorporates the allegations of paragraphs of this complaint.

17.2    21st Mortgage and third party defendants RFC-LLC, Ocwen and Northwest Trustee

Services are debt collectors within the meaning of 15 U.S.C. § 1692a(6) when they attempt to

collect a debt which is in default. Each or all of them have acted or are acting as debt

collectors under the FDCPA.

17.3    As described above 21st Mortgage and the Third party defendants RFC-LLC,

Ocwen, and Northwest Trustee have filed and  relied upon false, forged, and robo-signed

documents which have been intentionally filed for public record for purposes of unlawfully

foreclosing upon persons like Robertson. Robertson has presented facts documenting that

each of the adverse parties named herein either recorded and/or relied upon false, forged,

perjured, and/or robo-signed documents.

17.4    On April 10, 2013 RFC-LLC and Northwest Trustee mailed a false and *ultra vires*

Notice of Default to Robertson, threatening to foreclose, in violation of 15 U.S.C. § 1692. *See*

8.41 *supra.*

17.5    21st Mortgage has utilized forged, false and robo-signed documents and

instruments filed in the public record to falsely represent to Robertson and others the

character, amount, or legal status of Robertson's debts. This has caused Robertson economic

injuries and damages.

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 42

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

17.6    21st Mortgage's and third party defendants' use of such affidavits and assignments constitute false representations or deceptive means to collect or attempt to collect debts.

17.7    21st Mortgage's and the Third Party Defendants identified above use of perjured and false affidavits and declarations purportedly based on business records was an unfair or unconscionable means used to collect or attempt to collect debts.

17.8    21st Defendant and Third Party Defendants' acts and practices constitute violations of sections 807(2)(A), 807(10), and 808 of the FDCPA. 15 U.S.C. §§ 1692e(2)(A), (10), 1692f, which have proximately caused Robertson such damages as will be proved at trial.

### 18. TENTH CAUSE OF ACTION: Violation of Constitutional and Civil Rights Pursuant to 42 U.S.C. §§ 1983, 1988 Violation of Due Process Rights pursuant to Fourteenth Amendment Of the United States Constitution, Violations of Rights pursuant to Art. I, section 3 and 10 of Washington Constitution, and violation of Predicate provisions of the DTA

### Against 21st Century, RFC-LLC, Ocwen, Northwest trustee Services and Does

18.1.    The foregoing allegations are incorporated as if re-alleged herein.

18.2    42 USC 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress ....

18.3.    At all material times Robertson has been and remains the title owner of the Property and entitled to the right of possession thereof. Robertson's title of ownership and possession to his property are protected by the Due Process clauses of both the federal and Washington Constitutions, such that he cannot be deprived of his property and property rights without due process of law.

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

18.4    Since the filing of its Appointment as Successor Trustee (¶ 8.33 *supra*) third party

defendant Northwest Trustee purported to be a state officer acting under color of state law; to

wit a trustee under the DTA. Acting under the color of State law 21st Mortgage and third party

defendants identified above conspired to and attempted to injure and take Robertson's

property, real and personal, without due process of law within the meaning of the federal and

state constitutions.

18.5    Plaintiff 21st Century and third party defendants conspired together in purporting to

appoint Northwest Trustee Services a "trustee", i.e. under the the color of state law, where no

"beneficiary" exists or existed within the meaning of RCW 61.24.005 and accordingly any

trustee acting on behalf of such faux beneficiary is acting as an *ultra vires* trustee under color

of state law.

18.6    As part of that conspiracy purporting to act under color of state law 21st Century,

Ocwen, and Northwest Trustee relied upon and/or created and filed false documents in

violation Washington's criminal law in such a manner as is set forth above for purposes of

depriving Robertson those rights to due process to protect his real property through the

exercise of his constitutional rights in a court of law.

18.7    21st Century, Ocwen, and Northwest Trustee have violated Robertson's right to

procedural due process under both the United State and Washington constitutions by failing to

afford him such protections as are consistent with procedural due process when appointing

Northwest Trustee as a purported DOT trustee; included, but not limited to a right to notice

and some sort of opportunity to challenge the appointment; the right produce evidence, cross

examine, discovery under the circumstances, and such other basic procedural rights consistent

with a fair proceeding.

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 44

18.8     Additionally, 21st Century, Ocwen, and Northwest Trustee have violated

Robertson's right to substantive due process under the Washington constitution by attempting

to take his real property through their enterprise's use of the fundamentally unfair and illegal

processes described herein and as will proved at trial.

18.9     Cross defendant Northwest Trustee's appointment as a successor trustee by

plaintiff and/or third party defendant violated plaintiffs right of open access to justice because

21st Century, Ocwen, and Northwest Trustee did not provide any open access to justice: i.e. to

enable challenge that Northwest Trustee Services appointment was performed by a proper

beneficiary within the meaning of RCW 6.24.005(2).

18.10    As a result of the violations of Robertson's constitutional rights by 21st Century,

Ocwen, and Northwest Trustee Robertson has been damaged in such a manner as to afford

Robertson punitive damages, attorney fees, and expert fees in addition to those damages

Robertson shows at trial were proximately caused defendants violation of his right under color

of state law.

### 19. THIRTEENTH CAUSE OF ACTION Violations of Washington's Consumer Protection Act, RCW 19.86 et seq.

### Against 21st Century, RFC-LLC, Ocwen, Northwest Trustee, Miller, Thorogood and Does

19.1     All allegations set forth above are re-alleged as if fully set forth herein.

19.2     The facts set forth herein constitute and involve numerous unfair and deceptive acts

by each of the adverse parties, individually and collectively as an enterprise, attempting to

unlawfully take Robertson's real property.

19.3     These actions occurred in "trade or commerce"

19.4     The trade practices of 21st Mortgage, RFC-LLC, Northwest Trustee have and

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 45

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

continue to impact the public interest and are likely to affect the public interest through

causing injury to others like Robertson in exactly the same ways.

19.5      Additionally, the acts and omissions of 21st Mortgage and the third party

defendants named above have affected the public interest in the following ways.

19.6      In addition to the general injuries which create the type of public impact the CPA

was designed to address, Robertson has incurred the following specific injuries applicable to

himself, which include, but are not limited to: .

(a)    Clouding of his Property's title, proximately causing loss of value and marketability,

physical injuries to his property;

(b)    Injury to property values in Nicholls neighborhood which has caused a loss of value in

the value of Robertson's property;

(c)    Loss of business opportunities by Robertson;

(d)    Loss of otherwise productive and profitable time taken from his regular business

activities of writing, music composition and lecturing, virtually all of his time instead being

required to address and negate 21st Mortgage's false claims since their inception in July, 2013;

(e)    Expenses incurred in investigating the factual and legal basis of the false claims,

including compensation for Robertson's time and attorney consultations specifically as to his

rights relating to 21st Mortgage's actions;

(f)    Depriving Robertson's Constitutional right to due process in his Concurrent Case;

(g)    Injury to Washington's system of law and all consumers with mortgages through

corruption of the justice system, RCW 19.86.093(3); And

(h)    Such other economic injuries and business losses to Robertson which will be proved at

trial to have been proximately caused by defendants illegal, unfair or deceptive acts occurring

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 46

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

in their trade or business.

## 20. RELIEF SOUGHT

WHEREFORE Robertson prays this Court award him the following relief:

(a)    Judgment on Counterclaims and third party claims described herein granting relief requested;

(b)    Judgment quieting title to the Property in Robertson;

(c)    Permanent Injunction against any foreclosure based upon the Nicholl's DOT;

(d)    Release of Lis Pendens (*see* ¶ 8.34 *supra*) under RCW 4.28.328(2);

(e)    Award of general damages where appropriate; Award to compensate for economic injuries and injuries to business where appropriate; award of punitive damages where allowed by statute; award of statutory attorney fees; award of reasonable attorney fees where allowed by statute and/or by equity; expert fees, and such further relief as the court may deem just and equitable.

DATED this 26th day of November. 2014 at Arlington,Washington.

Scott E. Stafne, WSBA# 6964
Joshua B. Trumbull, WSBA# 40992
Emily A. Harris, WSBA# 46571
Stafne Trumbull, PLLC
239 North Olympic Avenue
Arlington, WA 98223
Phone: (360) 403-8700
Fax: (360) 386-4005

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 47

## CERTIFICATE OF SERVICE

I, Ashley Burns, certify under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct:

1.  At all times hereinafter mentioned I am a citizen of the United States of America, a resident of the State of Washington, over the age of eighteen years, not a party to the above-entitled action, and competent to be a witness herein.

2.  That on the 26th day of November, 2014, I caused to be served a true and correct copy of Amended Duncan K. Robertson's Answers, Affirmative Defenses, Counterclaims, and Third-Party Complaint to plaintiff and third-party defendants in the above title matter by causing it to be delivered to:

| | |
|---|---|
| John E. Weil<br>Weil & Lewandowski, LLP<br>10300 SW Greenburg Rd. Ste 430<br>Portland, OR 97223<br>John@wal-lawfirm.com | ☐Facsimile<br>☐Express Mail<br>☒U.S. First Class Mail Postage Paid<br>☐Hand Delivery<br>☐Legal Messenger<br>☒Electronic-Email |
| Ocwen Loan Servicing, LLP<br>C/O Corporation Service Company<br>300 Deschutes Way SE, Ste 304<br>Tumwater, WA 98501 | ☐Facsimile<br>☐Express Mail<br>☒U.S. Certified Mail Postage Paid<br>☐Hand Delivery<br>☐Legal Messenger<br>☐Electronic-Email |
| Residential Funding Company, LLC<br>C/O Corporation Service Company<br>300 Deschutes Way SE, Ste 304<br>Tumwater, WA 98501 | ☐Facsimile<br>☐Express Mail<br>☒U.S. Certified Mail Postage Paid<br>☐Hand Delivery<br>☐Legal Messenger<br>☐Electronic-Email |

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 48

**STAFNE TRUMBULL, PLLC**

239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
TEL. 360.403.8700 /FAX 360.386.4005

| | |
|---|---|

1

Northwest Trustee Services Inc.
C/O Corporation Service Company
300 Deschutes Way SE, Ste 304
Tumwater, WA 98501

☐Facsimile
☐Express Mail
☒U.S. Certified Mail Postage Paid
☐Hand Delivery
☐Legal Messenger
☐Electronic-Email

2

3

4

5

DATED this 26th day of November, 2014 at Arlington, Washington.

6

7

8

Ashley Burns
Legal Assistant
Stafne Trumbull, PLLC

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Amended Duncan K. Robertson's Answers, Affirmative Defenses,
Counterclaims, and Third-Party Complaint - 49