# Exhibit 4

## Robertson's Notice of Debtor Defendants Bankruptcy To Superior Court





FILED

12 OCT 12 AM 9:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 12-2-19854-3 SEA

1

2

3

4

5

6           **SUPERIOR COURT OF WASHINGTON**
7                  **COUNTY OF KING**

8   Duncan K. Robertson,

9              Plaintiff,                    NO. **12-2-19854-3 SEA**
        vs.
10
                                             **NOTICE OF**
11  GMAC Mortgage, LLC; Executive            **BANKRUPTCY STAY**
    Trustee Services, LLC; Residential       **AS TO DEFENDANTS:**
    Funding Real Estate Holdings, LLC;
12  Residential Funding Company, LLC;
    Residential Funding Corporation;         GMAC MORTGAGE, LLC.
13  Homecomings Financial, LLC; LSI Title
    Agency, Inc.; JP Morgan Chase Bank       EXECUTIVE TRUSTEE SERVICES, LLC
14  N.A.; Bank One National Association;
    Bank of New York Trust Company N.A.;     HOMECOMINGS FINANCIAL, LLC
15  First American Title Insurance Company;
    DOES 1- 100; and all other persons or    RESIDENTIAL FUNDING REAL ESTATE
16  parties unknown claiming any right, title,            HOLDINGS, LLC
    estate, lien, or interest in the real estate
17  described herein,                        RESIDENTIAL FUNDING COMPANY,
                                                        LLC
18              Defendants.
                                             (Clerk's Action Required)

19      COMES NOW plaintiff and hereby notifies the court as follows:

20      Plaintiff learned after filing the complaint in this case that the following parties which

21  are named as defendants herein are debtors in chapter 11 bankruptcy cases that were filed on

22  May 14, 2012 in the U.S. Bankruptcy Court for the Southern District of New York. As a

23  result of said bankruptcy cases, the proceedings herein as to each of the defendants listed

HELMUT KAH, Attorney at Law
16818 140ᵗʰ Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

NOTICE OF BANKRUPTCY STAY AS TO SOME DEFENDANTS
Page 1 of 3

1   above are stayed and enjoined unless the Bankruptcy Court grants relief from the stay or the

2   bankruptcy case as to a defendant is dismissed or as may otherwise be provided by order of

3   the Bankruptcy Court.

4

| Defendant | Bankruptcy Case No. | Date Filed |
|---|---|---|
| GMAC MORTGAGE, LLC. | 12-12032 (MG) | May 14, 2012 |
| Executive Trustee Services, LLC | 12-12028 (MG) | May 14, 2012 |
| Homecomings Financial, LLC | 12-12042 (MG) | May 14, 2012 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) | May 14, 2012 |
| Residential Funding Company, LLC | 12-12019 (MG) | May 14, 2012 |

10

11        All proceedings in the above-entitled case as to the above-listed defendants are stayed.

12        A true copy of the NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING

13   OF CREDITORS, AND DEADLINES is attached to this notice.

14        DATED this 11th day of October, 2012.

15

16

17                              Helmut Kah, WSBA #18541
                                Attorney for plaintiff
18

19

20

21

22

23

NOTICE OF BANKRUPTCY STAY AS TO SOME DEFENDANTS
Page 2 of 3

HELMUT KAH, Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

# CERTIFICATION OF SERVICE

1

2    I, Helmut Kah, hereby certify that on October ___, 2012, I mailed a true copy of the document to which this notice is appended, together with any attachments, to Jennifer T.

3    Karol, counsel for the defendant First American Title Insurance Company, by first class mail with postage prepaid addressed as follows:

4

5    Jennifer T. Karol
     Hanson Baker Ludlow Drumheller P.S.
     2229 – 112th Ave NE, Suite 200

6    Bellevue, WA 98004-2936
     Phone:  425-454-3374

7    Email:  jkarol@hansonbaker.com

8    DATED:  October ___, 2012

9

10

11    _____
      Helmut Kah, WSBA # 18541

12    Attorney for plaintiff

13

14

15

16

17

18

19

20

21

22

23

**HELMUT KAH,** Attorney at Law
16818 140th Avenue NE
Woodinville, WA 98072-9001
Phone: 425-949-8357
Fax: 425-949-4679
Cell: (206) 234-7798
Email: helmut.kah@att.net
WSBA # 18541

**NOTICE OF BANKRUPTCY STAY AS TO SOME DEFENDANTS**
**Page 3 of 3**

| UNITED STATES BANKRUPTCY COURT, SOUTHERN DISTRICT OF NEW YORK | |
|---|---|
| In re Residential Capital, LLC, et al., Debtors. | Chapter 11 Case No: 12-12020 (MG)<br>(Jointly Administered) |

**NOTICE OF CHAPTER 11 BANKRUPTCY CASES, MEETING OF CREDITORS, AND DEADLINES**

Chapter 11 bankruptcy cases concerning the Debtors listed below were filed on May 14, 2012. You may be a creditor of one of the Debtors. **This notice lists important deadlines.** You may want to consult an attorney to protect your rights. All documents filed with the Bankruptcy Court, including lists of the Debtors' properties and debts, are available for inspection at the office of the Clerk of the Bankruptcy Court and the Bankruptcy Court's website, www.nysb.uscourts.gov or by accessing the website maintained by the Debtors' claims and noticing agent, www.kccllc.net/rescap. Note that a PACER password is needed to access documents on the Bankruptcy Court's website (a PACER password may be obtained by accessing the PACER website, http://pacer.psc.uscourts.gov). NOTE: The staff members of the office of the Clerk of the Bankruptcy Court and the Office of the United States Trustee cannot give legal advice.

**If you have any questions regarding this notice, please call the ResCap Restructuring Hotline Hotline at (888) 251-2914.** You may also submit an inquiry online at www.kccllc.net/rescap.

| Name of Debtor | Case Number | Tax Identification Number |
|---|---|---|
| 1 Residential Funding Company, LLC | 12-12019 (MG) | 93-0891336 |
| 2 Residential Capital, LLC | 12-12020 (MG) | 20-1770738 |
| 3 ditech, LLC | 12-12021 (MG) | 23-2887228 |
| 4 DOA Holding Properties, LLC | 12-12022 (MG) | 26-1424257 |
| 5 DOA Properties IX (Lots-Other), LLC | 12-12023 (MG) | 26-2783274 |
| 6 EPRE LLC | 12-12024 (MG) | 26-2747974 |
| 7 Equity Investment I, LLC | 12-12025 (MG) | 02-0632797 |
| 8 ETS of Virginia, Inc. | 12-12026 (MG) | 26-4051445 |
| 9 ETS of Washington, Inc. | 12-12027 (MG) | 45-2910665 |
| 10 Executive Trustee Services, LLC | 12-12028 (MG) | 23-2778943 |
| 11 GMAC-RFC Holding Company, LLC | 12-12029 (MG) | 23-2593763 |
| 12 GMAC Model Home Finance I, LLC | 12-12030 (MG) | 26-2748469 |
| 13 GMAC Mortgage USA Corporation | 12-12031 (MG) | 20-4796930 |
| 14 GMAC Mortgage, LLC | 12-12032 (MG) | 23-1694840 |
| 15 GMAC Residential Holding Company, LLC | 12-12033 (MG) | 91-1902190 |
| 16 GMACRH Settlement Services, LLC | 12-12034 (MG) | 23-3036156 |
| 17 GMACM Borrower LLC | 12-12035 (MG) | 45-5064887 |
| 18 GMACM REO LLC | 12-12036 (MG) | 45-5222043 |
| 19 GMACR Mortgage Products, LLC | 12-12037 (MG) | 03-0536369 |
| 20 HFN REO Sub II, LLC | 12-12038 (MG) | None |
| 21 Home Connects Lending Services, LLC | 12-12039 (MG) | 25-1849412 |
| 22 Homecomings Financial Real Estate Holdings, LLC | 12-12040 (MG) | 26-2736869 |
| 23 Homecomings Financial, LLC | 12-12042 (MG) | 51-0369458 |
| 24 Ladue Associates, Inc. | 12-12043 (MG) | 23-1893048 |
| 25 Passive Asset Transaction, LLC | 12-12044 (MG) | 51-0404130 |
| 26 PATI A, LLC | 12-12045 (MG) | 26-3722729 |
| 27 PATI B, LLC | 12-12046 (MG) | 26-3722937 |
| 28 PATI Real Estate Holdings, LLC | 12-12047 (MG) | 27-0515201 |
| 29 RAHI A, LLC | 12-12048 (MG) | 26-3723321 |
| 30 RAHI B, LLC | 12-12049 (MG) | 26-3723553 |
| 31 RAHI Real Estate Holdings, LLC | 12-12050 (MG) | 27-0515287 |
| 32 RCSFJV2004, LLC | 12-12051 (MG) | 20-3802722 |
| 33 Residential Accredit Loans, Inc. | 12-12052 (MG) | 51-0368240 |
| 34 Residential Asset Mortgage Products, Inc. | 12-12053 (MG) | 41-1955181 |
| 35 Residential Asset Securities Corporation | 12-12054 (MG) | 51-0362653 |
| 36 Residential Consumer Services of Alabama, LLC | 12-12055 (MG) | 63-1105449 |
| 37 Residential Consumer Services of Ohio, LLC | 12-12056 (MG) | 34-1754796 |
| 38 Residential Consumer Services of Texas, LLC | 12-12057 (MG) | 75-25010515 |
| 39 Residential Consumer Services, LLC | 12-12058 (MG) | 20-4812167 |

| | | |
|---|---|---|
| Residential Funding Mortgage Exchange, LLC | 12-12059 (MG) | 41-1674247 |
| Residential Funding Mortgage Securities I, Inc. | 12-12060 (MG) | 75-2006294 |
| Residential Funding Mortgage Securities II, Inc. | 12-12061 (MG) | 41-1808858 |
| Residential Funding Real Estate Holdings, LLC | 12-12062 (MG) | 26-2736505 |
| Residential Mortgage Real Estate Holdings, LLC | 12-12063 (MG) | 26-2737180 |
| RFC-GSAP Servicer Advance, LLC | 12-12064 (MG) | 26-1960289 |
| RFC Asset Holdings II, LLC | 12-12065 (MG) | 41-1984034 |
| RFC Asset Management, LLC | 12-12066 (MG) | 06-1664678 |
| RFC Borrower LLC | 12-12068 (MG) | 45-5065558 |
| RFC Construction Funding, LLC | 12-12069 (MG) | 41-1925730 |
| RFC REO LLC | 12-12070 (MG) | 45-5222407 |
| RFC SFJV-2002, LLC | 12-12071 (MG) | 06-1664670 |

| | |
|---|---|
| **Proposed Attorneys for Debtors**<br>Larren M. Nashelsky<br>Gary S. Lee<br>Lorenzo Marinuzzi<br>MORRISON & FOERSTER LLP<br>1290 Avenue of the Americas<br>New York, New York 10104<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900 | **DATE, TIME, AND LOCATION OF MEETING OF CREDITORS PURSUANT TO BANKRUPTCY CODE SECTION 341(a)**<br>June 25, 2012 at 1:00 p.m. (ET)<br>80 Broad Street, Fourth Floor<br>New York, New York 10004 |

**DEADLINE TO FILE A PROOF OF CLAIM** None at this time. When the Bankruptcy Court sets a claims deadline, you will be notified and provided a proof of claim form by mail.

**DEADLINE TO FILE A COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS** None at this time.

**CREDITORS MAY NOT TAKE CERTAIN ACTIONS AGAINST THE DEBTORS IN MOST INSTANCES, BECAUSE THE FILING OF THE BANKRUPTCY CASE AUTOMATICALLY STAYS CERTAIN COLLECTION AND OTHER ACTIONS AGAINST THE DEBTORS AND THE DEBTORS' PROPERTY. UNDER CERTAIN CIRCUMSTANCES, THE STAY MAY BE LIMITED TO 30 DAYS OR NOT EXIST AT ALL, ALTHOUGH THE DEBTORS CAN REQUEST THE BANKRUPTCY COURT TO EXTEND OR IMPOSE A STAY. IF YOU ATTEMPT TO COLLECT A DEBT OR TAKE OTHER ACTION IN VIOLATION OF THE BANKRUPTCY CODE, YOU MAY BE PENALIZED. COMMON EXAMPLES OF PROHIBITED ACTIONS BY CREDITORS ARE CONTACTING THE DEBTORS TO DEMAND REPAYMENT, TAKING ACTION AGAINST THE DEBTORS TO COLLECT MONEY OWED TO CREDITORS OR TO TAKE PROPERTY OF THE DEBTORS, AND STARTING OR CONTINUING COLLECTION ACTIONS, FORECLOSURE ACTIONS, OR REPOSSESSIONS. CONSULT A LAWYER TO DETERMINE YOUR RIGHTS IN THIS CASE.**

| | |
|---|---|
| Address of the Clerk of the Bankruptcy Court<br>Clerk of the United States Bankruptcy Court, One Bowling Green,<br>New York, New York 10004 | For the Bankruptcy Court: Vito Genna Clerk of the Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. |
| Hours Open: 8:30 a.m. – 5:00 p.m. | Date: May 24, 2012 |
| Filing of Chapter 11 Bankruptcy Case | A bankruptcy case under chapter 11 of the Bankruptcy Code (title 11, United States Code) has been filed in this Bankruptcy Court by each of the Debtors named above, and an order for relief has been entered. Chapter 11 allows a debtor to reorganize or liquidate pursuant to a plan. A plan is not effective unless confirmed by the Bankruptcy Court. You may be sent a copy of the plan and disclosure statement telling you about the plan, and you might have an opportunity to vote on the plan. You will be sent a notice of the date of the confirmation hearing, and you may object to confirmation of the plan and attend the confirmation hearing. Unless a trustee is serving, the Debtors will remain in possession of the Debtors' property and may continue to operate their business. |
| Legal Advice | Staff of the office of the Clerk of the Bankruptcy Court cannot give legal advice. Consult a lawyer to determine your rights in this case. |
| Creditors Generally May Not | Prohibited collection actions are listed in Bankruptcy Code § 362. Common examples of prohibited actions include contacting the Debtors by telephone, mail, or otherwise to demand |

2

001KC0001_49277_DOMESTIC_720/086190/172380/1

| Take Certain Actions | repayment; taking actions to collect money or obtain property from the Debtors; repossessing the Debtors' property; and starting or continuing lawsuits or foreclosures. |
|---|---|
| Meeting of Creditors | A meeting of creditors is scheduled for the date, time, and location listed above. *The Debtors' representative must be present at the meeting to be questioned under oath by the trustee and by creditors.* Creditors are welcome to attend, but are not required to do so. The meeting may be continued and concluded at a later date without further notice. |
| Notice | You will not receive notice of all documents filed in these chapter 11 cases. On May 23, 2012, the Bankruptcy Court entered its Order Under bankruptcy Code Sections (102)(1), 105(a) and 105(d), Bankruptcy Rules 1015(c), 2002(m) and 9007 and Local Bankruptcy Rule 2002-2 Establishing Certain Notice, Case Management and Administrative Procedures (the "Notice Procedures Order"). The Notice Procedures Order describes the notice procedures that apply in these chapter 11 cases. All parties in these chapter 11 cases who desire to participate in these chapter 11 cases must follow the procedures set forth in the Notice Procedures Order. Parties can obtain a copy of the Notice Procedures Order and all other documents filed electronically with the Bankruptcy Court in these cases, including lists of the Debtors' property and debts, by: (i) contacting the office of the Clerk of the Bankruptcy Court at One Bowling Green, New York, New York 10004-1408, (ii) accessing the Bankruptcy Court's website at www.nysb.uscourts.gov. Note that a PACER (http://www.pacer.psc.uscourts.gov) password and login are needed to access documents on the Court's website; (iii) accessing the website maintained by the Debtors' claims and noticing agent at www.kccllc.net/rescap; or (iv) contacting the Debtors' counsel at: Morrison & Foerster LLP, 1290 Avenue of the Americas, New York, New York 10104 (Attn: Larren M. Nashelsky, Esq., Gary S. Lee, Esq. and Lorenzo Marinuzzi, Esq.). |
| Claims | Schedules of liabilities will be filed pursuant to Bankruptcy Rule 1007. Any creditor holding a scheduled claim which is not identified as disputed, contingent, or unliquidated as to amount may, but is not required to, file a proof of claim in these cases. Creditors whose claims are not scheduled or whose claims are scheduled as disputed, contingent, or unliquidated as to amount and who desire to participate in these cases or share in any distribution must file a proof of claim. A creditor who relies on the schedule of liabilities has the responsibility for determining that the claim is listed accurately. A form of proof of claim and notice of the deadline for filing such proof of claim will be sent to you later. A deadline for the last day for filing proofs of claim has not yet been established. |
| Discharge of Debts | Confirmation of a chapter 11 plan may result in a discharge of debts, which may include all or part of your debt. *See* Bankruptcy Code § 1141(d). A discharge means that you may never try to collect the debt from the Debtors, except as provided in the plan. If you believe that a debt owed to you is not dischargeable under Bankruptcy Code § 1141(d)(6)(A), you must start a lawsuit by filing a complaint in the office of the Clerk of the Bankruptcy Court by the deadline established by the Bankruptcy Court. |
| Barclays DIP Order | The Bankruptcy Court is considering the entry of several "final orders," including the final order (the "Barclays DIP Order") to grant the Debtors' Motion For Interim And Final Orders Pursuant To 11 U.S.C. §§ 105, 362, 363(b)(1), 363(f), 363(m), 364(c)(1), 364(c)(2), 364(c)(3), 364(d)(1) And 364(e) And Bankruptcy Rules 4001 And 6004 (I) Authorizing The Debtors To (A) Enter Into And Perform Under Receivables Purchase Agreements And Mortgage Loan Purchase And Contribution Agreements Relating To Initial Receivables And Mortgage Loans And Receivables Pooling Agreements Relating To Additional Receivables, And (B) Obtaining Postpetition Financing On A Secured, Superpriority Basis, (II) Scheduling A Final Hearing Pursuant To Bankruptcy Rules 4001(b) and 4001(c), And (III) Granting Related Relief.

The Debtors are seeking to have the Barclays DIP Order provide, among other things, that the transfers of mortgage loans and servicing advance receivables from Debtors GMAC Mortgage LLC and Residential Funding Company LLC to Debtors GMACM Borrower LLC to RFC Borrower LLC were or are, as applicable, free and clear of all liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code. |
| Office of the Clerk of the Bankruptcy Court | Any paper that you file in these bankruptcy cases should be filed at the office of the Clerk of the Bankruptcy Court at the address listed in this notice. You may inspect all papers filed, including the list of the Debtors' property and debts and the list of property claimed as exempt, at the office of the Clerk of the Bankruptcy Court. |
| Foreign Creditors | Consult a lawyer familiar with United States bankruptcy law if you have any questions regarding your rights in this case. |

ny-1041611

# Exhibit 5

**Debtor Defendants
Notice of Appearance
In Superior Court**



FILED

12 OCT 31 PM 1:35

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 12-2-19854-3 SEA

1

2

3

4

5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

9                       FOR THE COUNTY OF KING

10    DUNCAN K. ROBERTSON,                    )   Case No. 12-2-19854-3
                                             )
11              Plaintiff,                    )   NOTICE OF APPEARANCE OF GMAC
                                             )   MORTGAGE, LLC, EXECUTIVE
12        v.                                  )   TRUSTEE SERVICES, LLC,
                                             )   RESIDENTIAL FUNDING REAL
13    GMAC MORTGAGE, LLC, et. al.             )   ESTATE HOLDINGS, LLC,
                                             )   RESIDENTIAL FUNDING
14              Defendants.                   )   CORPORATION, HOMECOMINGS
                                             )   FINANCIAL, LLC, BANK OF NEW
15                                            )   YORK TRUST COMPANY, NA, AND JP
                                             )   MORGAN CHASE BANK, NA
16

17    TO:    Plaintiff

18    AND:  Clerk of Court

19          PLEASE TAKE NOTICE that William G. Fig of Sussman Shank LLP hereby

20    appears in the above-entitled action as attorney for defendants GMAC Mortgage, LLC,

21    Executive Trustee Services, LLC, Residential Finding Real Estate Holdings, LLC,

22    Residential Funding Corporation, Homecomings Financial, LLC, JP Morgan Chase

23    Bank, NA, and Bank of New York Trust Company, NA, without waiving the questions of,

24    or defenses related to:

25          1.    Lack of Jurisdiction Over the Subject Matter;
            2.    Lack of Jurisdiction Over the Person;
26          3.    Improper Venue;

NOTICE OF APPEARANCE - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    4.    Insufficiency of Process;
     5.    Insufficiency of Service of Process;
2    6.    Failure to State a Claim Upon Which Relief May be Granted; and
     7.    Failure to Join a Party under CR 19.
3

4         PLEASE ALSO TAKE NOTICE that all further papers and pleadings directed to

5    these defendants, <u>except original process</u>, should be served upon the undersigned at

6    the address shown below.

7         Dated this 31st day of October, 2012.

8                        SUSSMAN SHANK LLP

9
                         By /s/ William G. Fig
10                          William G. Fig, WSBA 33943
                            billf@sussmanshank.com
11                          Attorneys for Defendants

12   F:\WDOCS\CLNTFLS\20809\082\PLEADING\00689372.DOC

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF APPEARANCE - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

**Exhibit 6**

**Debtor Defendants Notice of Bankruptcy
And Voluntary Joinder To
Superior Court Action**



FILED

12 OCT 31 PM 1:35

1

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 12-2-19854-3 SEA

2

3

4

5

6           IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

7                     FOR THE COUNTY OF KING

8    DUNCAN K. ROBERTSON,              )   Case No. 12-2-19854-3
                                       )
9              Plaintiff,              )   NOTICE OF BANKRUPTCY OF GMAC
                                       )   MORTGAGE, LLC, EXECUTIVE
10        v.                           )   TRUSTEE SERVICES, LLC,
                                       )   RESIDENTIAL FUNDING REAL
11   GMAC MORTGAGE, LLC, et. al.       )   ESTATE HOLDINGS, LLC,
                                       )   RESIDENTIAL FUNDING
12            Defendants.              )   CORPORATION, AND HOMECOMINGS
                                       )   FINANCIAL, LLC AND EFFECT OF
13                                     )   AUTOMATIC STAY
                                       )
14   TO:   Plaintiff

15   AND:  Clerk of Court

16         Defendants and debtors GMAC Mortgage, LLC, Executive Trustee Services, LLC,

17   Residential Funding Real Estate Holdings, LLC, Residential Funding Corporation, and

18   Homecomings Financial Network, Inc. (collectively the "Debtors"), by and through their

19   undersigned counsel, in accordance and consistent with section 362(a) of the United

20   States Bankruptcy Code, 11 U.S.C. §§ 101 et seq. (the "Bankruptcy Code"), respectfully

21   submit this Notice of Bankruptcy and Effect of Automatic Stay, and state as follows:

22         1.    On May 14, 2012 (the "Petition Date"), the Debtors and certain of its

23   affiliates filed voluntary petitions (the "Petitions") under Chapter 11 of Title 11 of the

24   Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New

25   York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court"). The

26   Debtors' case is jointly administered under the Chapter 11 Case for the Debtor

NOTICE OF BANKRUPTCY & EFFECT OF STAY - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    Residential Capital, LLC, et al., and is indexed as case number 12-12020 (the
2    "Bankruptcy Case").

3        2.    As a result of the Bankruptcy Filing, on the Petition Date, the protections
4    of the automatic stay codified in section 362(a) of the Bankruptcy Code arose with
5    regard to the Debtors.  Section 362(a), among other things, operates as an automatic
6    stay of: (i) "the commencement or continuation, including the issuance or employment
7    of process, of a judicial, administrative, or other action or proceeding" against the
8    Chapter 11 Debtors (11 U.S.C. § 362(a)(1)); (ii) acts to "obtain possession of property"
9    of the Debtors' Chapter 11 estates (11 U.S.C. § 362(a)(3)); and (iii) acts to "collect,
10    assess, or recover a claim" against the Debtors arising prior to the Petition Date (11
11    U.S.C. § 362(a)(6)).

12        3.    On July 13, 2012, the Bankruptcy Court entered a Final Supplemental
13    Order granting, among other things, the Debtors' motion for limited relief from the
14    automatic stay to permit non-Debtor parties, in foreclosure and eviction proceedings,
15    borrower bankruptcy cases, and title disputes initiated by Debtors, to continue to assert
16    and prosecute certain defenses, claims and counterclaims in those cases and
17    proceedings (the "Final Supplemental Order").  Paragraphs 14, 15, 16, and 17 of the
18    Final Supplemental Order identify the categories of defenses, claims, and counterclaims
19    in those actions and proceedings for which the automatic stay has been modified (the
20    "Permitted Claims").  A copy of the Final Supplemental Order is attached hereto as
21    Exhibit 1.

22        4.    As set forth in the Final Supplemental Order, Permitted Claims in a
23    foreclosure action are those asserted by a borrower, mortgagor, or lienholder (defined
24    as an "Interested Party") that relate "exclusively to the property that is the subject of the
25    loan owned or serviced by a Debtor for the purposes of defending, unwinding, or
26    otherwise enjoining or precluding any foreclosure, whether in a Judicial State or a Non-

NOTICE OF BANKRUPTCY & EFFECT OF STAY - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    Judicial State, or eviction proceeding...," (Ex. A, ¶ 14(a)), and/or those that would

2    "terminate or preclude the prosecution and completion of a foreclosure" (*Id.*, ¶ 14(b)).

3    However, direct claims and counterclaims "for monetary relief of any kind and of any

4    nature against the Debtors," and/or "for relief that if granted, would not terminate or

5    preclude the prosecution and completion of a foreclosure or eviction," are not Permitted

6    Claims (*Id.*).

7        5.    To the extent that the defenses, claims, and counterclaims do not

8    constitute Permitted Claims, they remain subject to the automatic stay, and the

9    continued prosecution of these claims is prohibited, except a claim for monetary relief

10   may proceed if it must be pled in order to allow an Interested Party to assert a claim or

11   defense that would enjoin or preclude a foreclosure (*Id.*, ¶ 14(b)(1)). "[U]nder no

12   circumstances shall an Interested Party be entitled to enforce against, recoup, set off or

13   collect from the Debtors any judgment or award related to any direct claim or

14   counterclaim for which the automatic stay has been lifted by the terms of this Order...."

15   (*Id.*, ¶ 14(d)).

16       6.    With regard to this matter, plaintiff has asserted various claims against

17   Debtors that appear to arise from a non-judicial foreclosure action commenced against

18   a property in which he claims an interest that seeks relief that, if granted, would

19   terminate or preclude the foreclosure or subsequent foreclosure. These claims include

20   quiet title and wrongful foreclosure.    These appear to fall within the definition of

21   Permitted Claims and may proceed. However, to the extent that such claims include a

22   demand for monetary relief, including a demand for attorney's fees, such request for

23   monetary relief remains subject to the automatic stay, and the continued prosecution for

24   monetary relief is prohibited.

25   / / /

26   / / /

NOTICE OF BANKRUPTCY & EFFECT OF STAY - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1       7.    Plaintiff has also asserted various claims against Debtors that seek

2    monetary relief, or relief that would not terminate or preclude the prosecution and

3    completion of the foreclosure. These claims include: misrepresentation, trespass, fraud,

4    infliction of emotional distress, violation of duty of good faith and fair dealing, agency

5    liability, Washington's RICO statutes, violation of Washington's Consumer Protection

6    Act, and unjust enrichment.   These claims appear to fall outside the definition of

7    Permitted Claims, and thus they remain subject to the automatic stay, and the continued

8    prosecution of these claims is prohibited.

9       8.    Pursuant to paragraph 23 of the Final Supplemental Order, any dispute

10    regarding the extent, application, and/or effect of the automatic stay under the Final

11    Supplemental Order must be heard and determined in the United States Bankruptcy

12    Court for the Southern District of New York, jointly administered under Case No. 12-

13    12020, in accordance with the Case Management Order entered in the Debtors' case

14    [Docket No. 141] and such other and further orders as may be entered by the United

15    States Bankruptcy Court for the Southern District of New York.[1]

16       9.    This notice has been sent to counsel for plaintiff.

17    Dated this 31st day of October, 2012.

18               SUSSMAN SHANK LLP

19

20               By /s/ William G. Fig
                  William G. Fig, WSBA 33943
                  billf@sussmanshank.com

21                  Attorneys for Defendants

22

23    F:\WDOCS\CLNTFLS\20809\082\PLEADING\00689372.DOC

24

25    ‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾‾
    [1]  A copy of the Case Management Order may be obtained at no charge at http://www.kccllc.net/rescap.

26

NOTICE OF BANKRUPTCY & EFFECT OF STAY - Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

# Exhibit 7

## Debtor Defendants Waiver of Service



1    William G. Fig, WSB No. 33943
     SUSSMAN SHANK LLP
2    1000 SW Broadway, Suite 1400
     Portland, OR  97205-3089
3    Telephone: (503) 227-1111
     Facsimile: (503) 248-0130
4    E-Mail: wfig@sussmanshank.com

5    Attorney for GMAC Mortgage, LLC, Executive Trustee Services, LLC, Residential
     Funding Real Estate Holdings, LLC, Residential Funding Corporation,
6    Residential Funding Company, LLC, and Homecomings Financial, LLC

7

8                          IN THE UNITED STATES COURT

9             WESTERN DISTRICT OF WASHINGTON AT SEATTLE

10   DUNCAN K. ROBERTSON,                )    Case No. 2:12-CV-02017-MJP
                                         )
11              Plaintiff,               )    ACCEPTANCE OF SERVICE OF
                                         )    PROCESS RE GMAC MORTGAGE,
12      v.                               )    LLC, EXECUTIVE TRUSTEE
                                         )    SERVICES, LLC, RESIDENTIAL
13   GMAC MORTGAGE, LLC, et. al.         )    FUNDING REAL ESTATE HOLDINGS,
                                         )    LLC, RESIDENTIAL FUNDING
14              Defendants.              )    CORPORATION, RESIDENTIAL
                                         )    FUNDING COMPANY, LLC AND
15                                       )    HOMECOMINGS FINANCIAL, LLC

16

17          I, William G. Fig, hereby certify that I am the attorney for defendants GMAC

18   Mortgage, LLC, Executive Trustee Services, LLC, Residential Funding Real Estate

19   Holdings, LLC, Residential Funding Corporation, Residential Funding Company, LLC,

20   and Homecomings Financial, LLC (collectively "Defendants").  I hereby accept service of

21   the Summons and Complaint on their behalf and certify that I have authority to do so.

22   / / /

23   / / /

24   / / /

25   / / /

26   / / /

ACCEPTANCE OF SERVICE OF SUMMONS AND
COMPLAINT - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    Defendants waive any defense of insufficiency of the Summons or insufficiency of

2    service of process. Defendants reserve any and all other defenses.

3    Dated this 6th day of February, 2013.

4                    SUSSMAN SHANK LLP

5

6                    By /s/ William G. Fig
                        William G. Fig, WSBA 33943
7                       billf@sussmanshank.com
                        Attorneys for GMAC Mortgage, LLC, Executive Trustee
8                       Services, LLC, Residential Funding Real Estate Holdings,
                        LLC, Residential Funding Corporation, Residential
9                       Funding Company, LLC, and Homecomings Financial,
                        LLC

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

ACCEPTANCE OF SERVICE OF SUMMONS AND
COMPLAINT - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1       <u>CERTIFICATE OF SERVICE</u>

2       THE UNDERSIGNED certifies:

3       1.      My name is Karen D. Muir.  I am a citizen of Washington County, state of

4       Oregon, over the age of eighteen (18) years and not a party to this action.

5       2.      On February 6, 2013, I caused to be delivered via **email through the**

6       **court's ECF system** a copy of **ACCEPTANCE OF SERVICE OF PROCESS RE**

7       **GMAC MORTGAGE, LLC, EXECUTIVE TRUSTEE SERVICES, LLC, RESIDENTIAL**

8       **FUNDING    REAL    ESTATE    HOLDINGS,    LLC,    RESIDENTIAL    FUNDING**

9       **CORPORATION, RESIDENTIAL FUNDING COMPANY, LLC AND HOMECOMINGS**

10      **FINANCIAL, LLC** to the interested parties of record, addressed as follows:

| | |
|---|---|
| Aaron M. Neilson | aneilson@hansonbaker.com; |
| | Aaron.neilson@gmail.com |
| David John Lenci | david.lenci@klgates.com |
| | Judy.goldfarb@klgates.com |
| Duncan K. Robertson | uncadunc1@aol.com |
| Fred B. Burnside | fredburnside@dwt.com |
| | cindybourne@dwt.com |
| | lisabass@dwt.com |
| | seadocket@dwt.com |
| Jennifer Lee Treadwell Karol | jkarol@hansonbaker.com |
| | aburt@hansonbaker.com |
| Matthew S. Sullivan | matthewsullivan@dwt.com |
| | deniseratti@dwt.com |
| | seadocket@dwt.com |
| Peter Anthony Talevich | peter.talevich@klgates.com |

19

20      I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct

21      to the best of my knowledge, information, and belief.

22

                                         */s/ Karen D. Muir*_____
23                                       Karen D. Muir, Legal Assistant

24

25      20809-082\ACCEPTANCE OF SERVICE (01504096);1

26

ACCEPTANCE OF SERVICE OF SUMMONS AND
COMPLAINT - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

## **Exhibit 8**

**District Court Order to Show Cause
Why All Debtor Defendants Claims
Should Not Be Stayed**



1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
9                                  AT SEATTLE

10   DUNCAN K ROBERTSON,                     CASE NO. C12-2017-MJP

11                  Plaintiff,               MINUTE ORDER

12         v.

13   GMAC MORTGAGE LLC, et. al.

14                  Defendants.

15

16         The following Minute Order is made by direction of the Court, the Honorable Marsha J.

17   Pechman, United States District Judge:

18         Having received Defendants' Notice of Bankruptcy and Automatic Stay (Dkt. No. 55),

19   Plaintiff is directed to show cause why his claims against against Defendants GMAC Mortgage,

20   LLC, Executive Trustee Services LLC, Residential Funding Real Estate Holdings, LLC,

21   Residential Funding Corporation, Residential Funding Company, LLC, and Homecomings

22   Financial Network, Inc., are not stayed by the order of the United States Bankruptcy Court of the

23   Southern District of New York (Dkt. No. 55 at 5-23.). Plaintiff shall have 20 days from the entry

24   of this order to file a response of no more than 10 pages.

MINUTE ORDER- 1

1     The clerk is ordered to provide copies of this order to all counsel.

2     Filed this 12th day of February, 2013.

3

4                                 William M. McCool
                                Clerk of Court

5

                                s/Mary Duett
6                                 Deputy Clerk

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

MINUTE ORDER- 2

## Exhibit 9

**Robertson Response to Show Cause
Why All Debtor Defendants Claims
Should Not Be Stayed**



12-12020-mg    Doc 8238-3    Filed 02/25/15    Entered 03/05/15 14:42:36    Exhibit 4
Case 2:12-cv-02017-MJP    Document 89    Filed 03/05/13    Page 1 of 4
through 19    Pg 24 of 34



Honorable Judge Marsha Pechman

**U.S. DISTRICT COURT**
**WESTERN DISTRICT OF WASHINGTON**

Duncan K. Robertson,

                Plaintiff,

    vs.

GMAC Mortgage, LLC; Executive
Trustee Services, LLC; Residential
Funding Real Estate Holdings, LLC;
Residential Funding Company, LLC;
Residential Funding Corporation;
Homecomings Financial, LLC; LSI Title
Agency, Inc.; JP Morgan Chase Bank
N.A.; Bank One National Association;
Bank of New York Trust Company N.A.;
First American Title Insurance Company;
DOES 1- 100; and all other persons or
parties unknown claiming any right, title,
estate, lien, or interest in the real estate
described in Plaintiff's complaint,

                Defendants.

**Case 2:12-cv-02017**

**Response to Show Cause Order**
**(Dkt. 75)**

Submitted by Duncan K. Robertson, Plaintiff

**RESPONSE TO SHOW CAUSE ORDER**
**(Dkt. 75)**

**Response to Show Cause Order**
**(Dkt. 75)**

**DUNCAN K. ROBERTSON**
3520 SE Harold Court
Portland, OR  97202-4344
Phone: 503-775-9164
Fax: 503-775-9164
Email: uncadunc1@aol.com

1        I hereby respond to the Courts Order to Show Cause why stay should not be fully

2    enforced as against certain Defendants in this Action.

3    Bankruptcy Defendants, filed  that included this language:

> "With regard to this matter, plaintiff has asserted various claims against Debtors
> that appear to arise from a (sic) non-judicial foreclosure action commenced against
> a property in which he claims an interest that seeks relief that, if granted, would
> terminate or preclude the foreclosure or subsequent foreclosure. These claims
> include quiet title and wrongful foreclosure. **These appear to fall within the
> definition of Permitted Claims and may proceed.** However, to the extent that
> such claims include a demand for monetary relief, including a demand for
> attorney's fees, such request for monetary relief remains subject to the automatic
> stay, and the continued prosecution for monetary relief is prohibited."

9    Dkt. 55 at ¶ 6. (emphasis supplied) See also Dkt. 4 at 49-52, and 53-71.

10        Defendants conceded quite title and declaratory and injunctive relief to preclude

11    foreclosure and or terminate legal or equitable interest in property under quiet title fall within

12    actions that are relieved from the automatic stay.

13        Additionally, with respect to any other claim asserted Plaintiff is aware relief from the

14    automatic stay must be sought in the court in which the bankruptcy is filed. Plaintiff intends to

15    seek such relief when I can figure out the process for doing so.

16    **CONCLUSION**

17        There is no disagreement that portions of my claims, especially as to monetary

18    recovery, remain stayed in this case.  However, the areas of current dispute under the

19    definition of "Title Disputes" above, clearly lifts stay for the clearing of my property record

20    and establishment of right as against all Bankruptcy Defendants

21

22

23

**Response to Show Cause Order**
**(Dkt. 75)**

**DUNCAN K. ROBERTSON**
3520 SE Harold Court
Portland, OR  97202-4344
Phone: 503-775-9164
Fax: 503-775-9164
Email: uncadunc1@aol.com

12-12020-mg   Doc 8238-3   Filed 02/25/15   Entered 03/05/15 14:42:36   Exhibit 4
Case 2:12-cv-02017-MJP   Document 89   Filed 03/05/13   Page 3 of 4
through 1P   Pg 26 of 34



1  | Dated: March 5, 2013                    Duncan K. Robertson, Plaintiff Pro Se
   | Portland, Oregon
2  |
   |                                         _S/ Duncan K. Robertson_
3  |                                         Duncan K. Robertson
   |                                         3520 SE Harold Court
4  |                                         Portland, OR  97202-4344
   |                                         Telephone & Fax: (503)775-9164
5  |                                         Uncadunc1@aol.com
6  |
7  |
8  |
9  |
10 |
11 |
12 |
13 |
14 |
15 |
16 |
17 |
18 |
19 |
20 |
21 |
22 |
23 |

**Response to Show Cause Order**
**(Dkt. 75)**

**DUNCAN K. ROBERTSON**
3520 SE Harold Court
Portland, OR  97202-4344
Phone: 503-775-9164
Fax: 503-775-9164
Email: uncadunc1@aol.com

12-12020-mg   Doc 8238-3   Filed 02/25/15   Entered 03/05/15 14:42:36   Exhibit 4
Case 2:12-cv-02017-MJP   Document 89   Filed 03/05/13   Page 4 of 4
through 10   Pg 27 of 34

# CERTIFICATE OF SERVICE

I hereby certify that on the date set forth below I caused a copy of the foregoing

**RESPONSE TO ORDER TO SHOW CAUSE (Dkt. 75)**

to be served upon the following:

| | |
|---|---|
| William G. Fig<br>Sussman Shank, LLP<br>1000 SW Broadway, Suite 1400<br>Portland, OR 97205-3089<br>wfig@sussmanshank.com | ( ) By U. S. Mail<br>(X) By E-Mail<br>( ) By Facsimile<br>( ) By Messenger |
| Jennifer T. Karol<br>Hanson Baker Ludlow Drumheller P.S.<br>2229 – 112th Avenue NE, Suite 200<br>Bellevue, WA 98004-2936<br>jkarol@hansonbaker.com<br>aburt@hansonbaker.com | ( ) By U. S. Mail<br>(X) By E-Mail<br>( ) By Facsimile<br>( ) By Messenger |
| Fred Burnside,<br>Matthew S. Sullivan<br>1201 Third Avenue, Suite 2200<br>Seattle, WA 98101-3045<br>Email: fredburnside@dwt.com<br>matthewsullivan@dwt.com | ( ) By U. S. Mail<br>(X) By E-Mail<br>( ) By Facsimile<br>( ) By Messenger |

Dated: March 5, 2013
Portland, Oregon

*s/ Duncan K. Robertson*
Duncan K. Robertson

CERTIFICATE OF SERVICE
Case No. 2:12-cv-02017-MJP

Page 1 of 1

DUNCAN K. ROBERTSON
3520 SE Harold Court
Portland, OR 97202-4344
Phone: 503-775-9164
Fax: 503-775-9164
Email: uncadunc1@aol.com

## Exhibit 10

## Residential Funding Company LLC's
## Notice Of Bankruptcy Status



FILED

15 JAN 29 PM 3:00

KING COUNTY
SUPERIOR COURT CLERK
E-FILED
CASE NUMBER: 14-2-20431-1 SEA

1

2

3

4

5

6

7

8              IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON

9                        FOR THE COUNTY OF KING

10   21ST MORRGAGE CORPORATION, a          )   Case No. 14-2-20431-1SEA
     Delaware corporation,                 )
11                                          )   **RESIDENTIAL FUNDING COMPANY**
                Plaintiff,                  )   **LLC'S NOTICE OF BANKRUPTCY**
12                                          )   **STATUS**
                   v.                       )
13                                          )
     LINDA C. NICHOLLS; DUNCAN K.           )
14   ROBERTSON; and JANE DOE                )
     ROBERTSON, and the marital community   )
15   composed thereof,                      )
                                            )
16              Defendants/Third-Party Plaintiffs,   )
                                            )
17   RESIDENTIAL FUNDING COMPANY,           )
     LLC, a limited liability company; OCWEN )
18   LOAN SERVICING, LLC, a limited liability )
     company; NORTHWEST TRUSTEE             )
19   SERVICES, INC., a Washington           )
     corporation; MARY A. MILLER, an Iowa   )
20   resident; TYRONE THORGOOD, a           )
     Pennsylvania resident; DOES 1-10,      )
21                                          )
                Third-Party Defendants.     )
22

23        Residential Funding Company, LLC ("RFC"), by and through its undersigned

24   counsel, respectfully submits this Notice of Bankruptcy Status, and states as follows:

25        1.      On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and

26   certain of its direct and indirect subsidiaries, including RFC (collectively, the "Debtors"),

RESIDENTIAL FUNDING COMPANY LLC'S NOTICE OF
BANKRUPTCY STATUS - Page 1

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United

2    States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").

3    The Debtors' Chapter 11 cases (the "Bankruptcy Cases") are being jointly administered,

4    indexed at case number 12-12020 (MG).

5        2.    Third-party Plaintiff Robertson acknowledges that he is aware of the

6    Bankruptcy Cases, as set forth in his Third-Party Complaint, at paragraph 6.4.

7    Furthermore, Third-Party Plaintiff Robertson filed a proof of claim against RFC in the

8    Bankruptcy Cases, premised upon a related matter, Case 2:12-cv-02017-MJP, in the

9    United States District Court, Western District of Washington[1].

10        3.    On December 11, 2013, the Bankruptcy Court entered its Order

11    Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital,

12    LLC, et al, and the Official Committee of Unsecured Creditors (the "Confirmation Order")

13    [Bankruptcy Docket 6065][2] approving the terms of the Chapter 11 plan, as amended

14    (the "Plan").  The effective date under the Plan occurred on December 17, 2013 (the

15    "Effective Date").

16        4.    Both the Plan and Confirmation Order provide for the extension of the

17    automatic stay beyond the Effective Date and provide that the injunctive provisions of

18    the Plan and Confirmation Order will remain in full force and effect following the

19    Effective Date (Confirmation Order, ¶ 63(g); Plan, Art. XIII.K).  **Moreover, both**

20    **Section G of Paragraph 40 of the Confirmation Order and Article IX.I of the Plan**

21    **contain an "Injunction" provision that, among other things, enjoins all parties**

22    **from "commencing or continuing in any manner or action or other proceeding of**

23    **any kind" relating to claims that are released under the Plan**.

24    ////

25    ────────────────────

[1] Removed from King County Superior Court, case 12-2-19854-3 SEA, in which Third-party Plaintiff Robertson named RFC as a
26    defendant.
[2] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy
of the Confirmation Order and the Plan may be obtained at no charge at http://www.kccllc.net/rescap.

RESIDENTIAL FUNDING COMPANY LLC'S NOTICE OF
BANKRUPTCY STATUS - Page 2

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    5.    Article VIII.B of the Plan provides that the claim of any creditor of the

2    Debtors that failed to file a proof of claim by the applicable deadline "SHALL BE

3    DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE

4    EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR

5    APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS

6    MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS,

7    UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL

8    ORDER OF THE BANKRUPTCY COURT" (emphasis in original).

9    6.    In addition, pursuant to Article XII of the Plan and Paragraph 66 of the

10    Confirmation Order, the Bankruptcy Court retained exclusive jurisdiction to hear all

11    matters pertaining to the injunction provided for in the Plan and Confirmation Order.

12    Specifically, the Plan provides as follows:

13    **RETENTION OF JURISDICTION**
      Notwithstanding the entry of the Confirmation Order and the

14    occurrence of the Effective Date, on and after the Effective Date,
      the Bankruptcy Court shall retain exclusive jurisdiction over all

15    matters arising out of, or related to, the Chapter 11 Cases and the
      Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code,

16    including jurisdiction:

17    . . .

18    (c) **to hear and determine any matter, case, controversy, suit,
      dispute, or Causes of Action: (i) regarding the existence,**

19    **nature, and scope of the releases, injunctions, and exculpation
      provided under the Plan, and (ii) enter such orders as may be**

20    **necessary or appropriate to implement such releases,
      injunctions, and other provisions;**

21    . . . .

22    (Plan, Art. XII) (emphasis added).  In addition, the Confirmation Order provides

23    as follows:

24    **Retention of Jurisdiction**. The business and assets of the Debtors
      shall remain subject to the jurisdiction of this Court until the

25    Effective Date. Notwithstanding the entry of this Order, from and
      after the Effective Date, the Court shall retain such jurisdiction over

26    the Chapter 11 Cases as is legally permissible, including

RESIDENTIAL FUNDING COMPANY LLC'S NOTICE OF
BANKRUPTCY STATUS - Page 3

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1    jurisdiction over those matters and issues described in Article XII of
     the Plan, including with respect to (i) insurance settlements and
2    disputes involving insurance policies settled or otherwise
     addressed under or in connection with the Plan, and (ii) the Claims
3    filed by WFBNA in these Chapter 11 Cases and any Claims or
     Causes of Action that may be asserted by WFBNA against any of
4    the Ally Released Parties.

5    (Confirmation Order, ¶ 66).

6         7.    According to the Debtors' records, Third-Party Plaintiff Robertson has filed

7    more than one proof of claim against RFC, and other ResCap entities in the Bankruptcy

8    Cases, for claims unrelated to the litigation. Section 362(c)(2)(A) provides that the

9    automatic stay imposed by Section 362(a) continues until the time the case is closed,

10   and notwithstanding entry of the Confirmation Order, the Debtors' bankruptcy case

11   remains open. The validity and enforceability of the claims filed by Third-Party Plaintiff

12   Robertson will be resolved by the Borrowers Claims Trust in accordance with the claims

13   resolution process established by the Plan and Confirmation Order.

14        8.    Third-Party Plaintiff Robertson filed the present matter with actual notice of

15   the Bankruptcy Cases and in contradiction to the automatic stay imposed by

16   Section 362. Third-Party Plaintiff Robertson did not, and could not, file a proof of claim

17   in the Bankruptcy Cases as it relates to the present matter, and is barred from

18   continuing to prosecute this action against RFC. Within a reasonable time after the

19   filing of this Notice of Bankruptcy Status, RFC shall contact Third-Party Plaintiff

20   Robertson in writing and request that he agree to dismiss RFC from this action. In the

21   absence of a consensual dismissal, in accordance with the Plan and Confirmation

22   Order, RFC shall seek relief from the Bankruptcy Court in the form of an order (i)

23   violating the automatic stay, (ii) enforcing the injunctive provisions of the Plan and

24   Confirmation Order, and (iii) prohibiting Third-Party Plaintiff Robertson from continuing

25   prosecution of this action against RFC.

26   ///

RESIDENTIAL FUNDING COMPANY LLC'S NOTICE OF
BANKRUPTCY STATUS - Page 4

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

1       9.    For the avoidance of doubt, RFC is not seeking any relief from the Court

2    by this Notice of Bankruptcy Status, and is submitting this Notice of Bankruptcy Status

3    solely for the purpose of providing the Court and the parties to this action with a notice

4    of the Bankruptcy Cases.

5        Respectfully submitted this 29th day of January, 2015.

6                 SUSSMAN SHANK LLP

7

8                 By */s/ William G. Fig*
                     William G. Fig, WSBA 33943
                     wfig@sussmanshank.com

9                     Attorneys for Residential Funding Company, LLC

10    *20809-082\NOTICE OF BANKRUPTCY (02029780);1

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

RESIDENTIAL FUNDING COMPANY LLC'S NOTICE OF
BANKRUPTCY STATUS - Page 5

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130

CERTIFICATE OF SERVICE

1

2       THE UNDERSIGNED certifies:

3           1.      My name is Karen D. Muir.  I am a citizen of Washington County, state of

4   Oregon, over the age of eighteen (18) years and not a party to this action.

5           2.          On January 29, 2015, I caused to be delivered via **first-class U.S. Mail,**

6   **postage prepaid,** a copy of: **RESIDENTIAL FUNDING COMPANY LLC'S NOTICE OF**

7   **BANKRUPTCY STATUS** to the interested parties of record, addressed as follows:

8       John Weil
        Weil & Lewandowski LLP
9       10300 SW Greenburg Rd, Suite 430
        Portland, OR 97223
10              Attorneys for Plaintiff

11      Scott E. Stafne
        Joshua B. Trumbull
12      Brian J. Fisher
        Stafne Trumbull, PLLC
13      239 North Olympic Avenue
        Arlington, WA 98223
14              Attorneys for Defendant/Third-Party Plaintiff Donald Robertson

15      I SWEAR UNDER PENALTY OF PERJURY that the foregoing is true and correct

16  to the best of my knowledge, information, and belief.

17
                        /s/ Karen D. Muir
18                      Karen D. Muir, Legal Assistant

19

20

21

22

23

24

25

26

RESIDENTIAL FUNDING COMPANY LLC'S NOTICE OF
BANKRUPTCY STATUS - Page 6

SUSSMAN SHANK LLP
ATTORNEYS AT LAW
1000 SW BROADWAY, SUITE 1400
PORTLAND, OREGON 97205-3089
TELEPHONE (503) 227-1111
FACSIMILE (503) 248-0130