Duncan K. Robertson, Pro Se
3520 SE Harold Court
Portland, OR 97202-4344
Telephone: (503)775-9164
Uncadunc1@aol.com



UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, et al.,

GMAC Mortgage, LLC;
Residential Funding Company, LLC;
Residential Funding Real Estate Holdings, LLC;
Homecoming Financial, LLC;
Executive Trustee Services, LLC
                    Debtors:

IN PROCEEDINGS
UNDER CHAPTER 11
BK Case No. 12-12020 (MG)
(Jointly Administered)

## NOTICE OF 9ᵀᴴ CIRCUIT APPEAL

1.    Duncan K. Robertson ("Robertson") is a Creditor/claimant against Debtors GMAC Mortgage, LLC, Executive Trustee Services, LLC; Residential Funding Real Estate Holdings, LLC; Residential Funding Company, LLC; Residential Funding Corporation; and Homecomings Financial, LLC ("Debtor Defendants"), Claim Nos. 2385, 2386, 2387, 2388 and 2389 in this Procedure.

1

2. This Notice is to provide general notice to this Court and all Parties, and in support of RESPONSE TO OBJECTION TO CLAIM NUMBERS 2385, 2386, 2387, 2388, AND 2389 FILED BY DUNCAN K. ROBERTSON, et al ("Response") and NOTICE OF FILING OF THIRD-PARTY ACTION AGAINST RESIDENTIAL FUNDING COMPANY, LLC, filed concurrently.

3. This Notice is supported by DECLARATION OF DUNCAN K. ROBERTSON, also filed concurrently.

4. On August 11, 2014, Robertson filed a Notice of Appeal with the 9th Circuit Court of Appeals in the case *Robertson v. GMAC, LLC, et. al*, No. 2:12-cv-02017-MJP (WD Wash.). *See* Doc 8072-22 at 2-9. 9th Circuit Case No. 14-35672.

5. This Notice is supported by and will refer to Declaration of Duncan K. Robertson, and its Exhibits, filed concurrently. This Notice supports
, both also filed concurrently.

6. On December 9, 2014 Robertson filed Appellant's Opening Brief with the 9th Circuit, appealing the action described *supra*. Robertson Decl. Exhibit 1-1, and on December 20, 2014 filed an errata to that Brief, Exhibit 1-2.

7. A procedural history of events leading up the Appeal is contained in the Opening Brief, Robertson Decl. Exhibit 1-1 at 12-15 (**6 – 9). Supplemental facts and anticipated impacts upon the *In Re Rescap* procedure that may result from the Appeal are provided here -

8. Principal basis of the Appeal is that removal of the case from King County, Washington Superior Court by Debtor Defendants, based solely on diversity, was wrongful, and that the district court has never had either removal jurisdiction or subject matter jurisdiction,

2

rendering all rulings of that court void ab initio and requiring those rulings to be vacated. *See Id.* generally.

9. On June 5, 2012 Robertson filed a Complaint in King County Superior Court naming the above defendants.[1] At the time Robertson was unaware of these entities filing for bankruptcy protection three weeks earlier. Robertson received Notice of the bankruptcies two days after his filing.

10. Upon learning of the petitions and automatic stay, Robertson delayed service on all defendants until proper procedures could be determined.

11. In compliance with automatic stay, Debtor Defendants were never served by Robertson in this action, On October 12, 2012, Robertson filed a "Notice of Bankruptcy" announcing the stayed status of all claims against Debtor Defendants, with King County Superior Court. Robertson Decl. at ¶¶ 9, 15. Non-bankruptcy defendants were served with process.

12. On or about November 16, 2012, Robertson had been preparing a Motion for Relief from Stay to be filed with this Court, requesting determination of liabilities and claim amounts by the Superior Court, subject to approval of this Court. Robertson Decl. at ¶ 14. Part of the grounds for seeking of relief from stay, rather than bringing an adversary action in this Court, is that numerous of Robertson's claims invoke Washington State statutes, including Revised Code of Washington ("RCW") 9A.82 et seq. ("Little RICO") and RCW 19.86 et seq. (Washington Consumer Protection Act), that uniquely empower Washington Superior Courts to order injunctive and other relief on behalf of third parties, for which no federal court, including this Court,[2] has jurisdiction. See Robertson Decl. at ¶ 13.

---

[1] *See* Doc.8027-4 at 7-73 (Exhibit 1-C) (Complaint).
[2] "A party that lacks standing to support jurisdiction in an Article III court also lacks standing for that claim to be adjudicated by a bankruptcy court." *Wells Fargo Bank, N.A. v. Stewart (In re Stewart)*, 647 F.3d 553, 557 (5th Cir. 2011).

3

13. On October 31, 2012, Debtor Defendants, entirely of their own volition, filed a Notice of Appearance in the Superior Court action. See Robertson Decl. at ¶ 16.

14. Concurrent with the filing, supra, Debtor Defendants also filed a Notice of Bankruptcy, and voluntarily joined themselves to the first two causes of Action addressed in Robertson's Complaint (Quiet Title and Declaratory/Injunctive Relief). See Doc 8072-17 at 2-5. This filing was accompanied by a copy of the In Re Rescap "Final Supplemental Order," (Doc. 0774), lifting stay as to certain actions. Id. at 6-24.

15. On November 15, 2012 Debtor Defendants, of their own volition, joined in a removal of the case to the district court of the Western District of Washington. Robertson filed a timely Motion to Remand. See Robertson Decl. Exhibit 1-1 at *17.

16. On December 21, 2012 Debtor Defendants, again of their own volition, joined in a second Notice of Removal. See Robertson Decl. Exhibit 1-1 at **21-25 (issues of second Notice of Removal). Robertson again responded with a timely Motion to Remand. See Exhibit 1-1 at *23.

17. The lawfulness, propriety and possible liabilities for costs, expenses and attorney fees resulting from the "removals", supra, under 28 U.S.C. § 1447(c), are questions now before the 9th Circuit in Robertson's Appeal. See Exhibit 1-1 at **2-3, 11-21 (issues of first Notice of Removal); at *39 (relief sought).

18. Robertson's readied Motion for Relief from Stay in this Proceeding was thus thwarted. Objections to procedural violations of removal statutes may be considered waived[3] if the plaintiff in a diversity-removed action accedes to the jurisdiction of the federal court through

---

[3] This provision applies only to procedural removal errors. Where Article III or Prudential standing is absent, no federal court can assert jurisdiction regardless of the consent of parties. "It is the traditional rule that the parties cannot by consent, waiver or estoppel obtain federal subject matter jurisdiction." Sullivan v. First Affiliated Securities, Inc., 813 F.2d 1368, 1374 (9th Cir. 1987)(citing Knaefler v. Mack, 680 F.2d 671, 676 n. 5 (9th Cir. 1982); 13 C. Wright, A. Miller & E. Cooper, Federal Practice & Procedure § 3522, at 66-67 (2d ed. 1984)).

4

voluntary joinder, or implies such through affirmatively prosecuting his claims in that court. *See Koehnen v. Herald Fire Ins. Co.*, 89 F.3d 525, 528 (8th Cir.1996)( "A party that engages in affirmative activity in federal court typically waives the right to seek a remand.").[4] Accordingly, Robertson refrained from filing his Motion for Relief from Stay with this Court, anticipating prompt remand of the case to Superior Court as required by law, and initiated no dispositive motions during his two-year gauntlet through that court. Robertson Decl. at ¶ 14.

19.     The resolution of whether the post-petition unilateral litigation initiated by the Debtor Defendants here was lawful and produced "jurisdiction" is the principal subject matter of the Appeal herein noticed.

20.     On January 30, 2013, Debtor Defendants filed a second Bankruptcy Notice and voluntary joinder, virtually identical to that described in ¶ 8 *supra* and again attached this Court's "Final Supplemental Order," (Doc. 0774). Doc. 8072-19 at 2-25. Although no request for relief accompanied the filing, the district court subsequently ordering Robertson to show cause why the actions purportedly proceeding against Debtor Defendants should not be stayed. Robertson answered essentially what is presented here, showing Debtor Defendants had joined themselves to and brought the action into the district court *entirely* of their own choosing. Robertson Declaration at ¶¶ 19-22, and referenced Exhibits.

21.     On February 6, 2013 Debtor Defendants, of their own volition, waived service of process. Robertson Decl. Exhibit 7.

22.     On November 14, 2013 the district court granted Debtor Defendants' Motion to Dismiss and Motion for Summary Judgment, noting "Debtor Defendants have filed for

---

[4] *See also Ficken v. Golden*, 696 F. Supp. 2d 21 (D.C. 2010)(" [T]he plaintiffs have waived any right they may have had to remand by affirmatively invoking the jurisdiction of this court.").

Bankruptcy, which stays all but these two claims [Declaratory Relief and Quiet Title]." *See* Doc. 8072-21 at 2-12.

23.   Debtor Defendants had pleaded, and the district court concurred with their arguments, that Robertson "lacked standing" to bring claims. This premise was also ruled as to all non-debtor defendants. The impact of these rulings upon jurisdiction, in addition to the questions of improper removal, is explained in Robertson's Motion to Reconsider (the dismissal of non-debtor defendant Bank of New York (Melon) Trust Company, N.A.). Robertson Decl. Exhibit 2. The District Court's denial of that Motion is part of the Appeal. See also Appeal Brief, Exhibit 1-1 at **11, 30-32.

16.   All of Debtor Defendants acts to join in and manipulate Robertson's suit were done post-bankruptcy petition. Court-ordered monetary awards and especially costs and attorney fees for unlawful acts committed post-petition may not be dischargeable in bankruptcy. Section 727(b) of the Bankruptcy Code provides that a general discharge "discharges the debtor from all debts that arose *before the date*" on which the debtor filed for bankruptcy.

(a) "[P]ost-petition attorney fee awards are not discharged where post-petition, the debtor [ ] commenced litigation, or returned to the fray voluntarily." *Garrett v. Cook*, 652 F.3d 1249, 1257 n.4 (10th Cir. 2011)(quoting *In Re Ybarra*, 424 F.3d 1018, 1024 (9th Cir. 2005)). *See* also *Shure v. State of Vermont (In re Sure-Snap Corp.)*, 983 F.2d 1015, 1018-19 (11th Cir. 1993); *In Re Gillespie*, 516 B.R. 586, 587 (9th Cir. Bnkr. 2014). In *Gillespie*, the 9th Circuit reasoned --

> Under the Bankruptcy Code, the term "debt" means liability on a claim. §101(12). The existence of such a claim ordinarily is determined by reference to nonbankruptcy law — particularly state law. *In re Hassanally*, 208 B.R. at 49. But federal law determines when a claim arises for bankruptcy purposes. *SNTL Corp., v. Ctr. Ins. Co. (In re SNTL Corp.*, 571 F.3d 826, 839 (9th Cir.2009); *Zilog, Inc. v. Coming (In re Zilog, Inc.)*, 450 F.3d 996, 1000 (9th Cir.2006).

6

> [* * *]
> To facilitate th[e] broad definition [of what constitutes a "claim"] and the fresh start policy, the Ninth Circuit ordinarily employs the "fair contemplation" test in determining when a claim arises. *See, e.g.. In re SNTL Corp.*, 571 F.3d at 839; *In re Zilog*, 450 F.3d at 1000; *In re Jensen*, 995 F.2d at 930. This test dictates that a claim arises when the claimant "can fairly or reasonably contemplate the claim's existence even if a cause of action has not yet accrued under nonbankruptcy law." *In re SNTL Corp.*, 571 F.3d at 839 (citing *Cool Fuel, Inc. v. Bd. of Equalization (In re Cool Fuel, Inc.)*, 210 F.3d 999, 1007 (9th Cir.2000)).

*In re Gillespie*, 516 BR at 591-92. Robertson's all-state-law Complaint is non-removable (including an in-forum defendant) on its face. See Robertson Decl. Exhibit 1-1 at *17-18.

(b) There is substantial legal ground for claims arising post-petition being treated as "administrative expenses" -

> A tort victim [ ] is a creditor, but not a creditor whose actions benefit his debtor, the tortfeasor. Yet in *Reading v. Brown*, 391 U.S. 471, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968), the Supreme Court held that at least in a Chapter 11 bankruptcy, tort claims arising from the continued operation of the bankrupt business should be treated as administrative claims, like other post-petition expenses. See also *In re Chicago Pacific Corp.*, 773 F.2d 909, 913-14 (7th Cir.1985); *In re Zilog, Inc.*, 450 F.3d 996, 999 n. 1 (9th Cir.2006); *In re Boston Regional Medical Center, Inc.*, 291 F.3d 111, 124-25 (1st Cir.2002). Tort liability is an expense of doing business, like labor or material costs, and should be treated the same way. Businesses operating in bankruptcy that were excused from tort liability would have an inefficient competitive advantage over their solvent competitors—and deficient incentives to use due care in the operation of the business. It could indeed be argued that in the interest of safety, insolvent firms, not being deferrable by threat of tort suits, should not be allowed to operate at all. *Reading* strikes a compromise between the safety interest and the interest in saving bankrupts from premature liquidation: the bankrupt that continues to operate (normally under Chapter 11) must give its tort victims priority access to such assets as the bankrupt estate retains.
> *In re Resource Technology Corp.*, 662 F. 3d 472, 476 (7th Cir. 2011).

> [A] literal reading of 11 U.S.C. § 503(b), governing administrative expenses, might suggest that "[t]o be deemed an administrative expense, the claim must have arisen from a *transaction* with the debtor in possession, and directly and substantially benefitted the estate." *Boeing N. Am., Inc. v. Ybarra (In re Ybarra)*, 424 F.3d 1018, 1025 (9th Cir.2005) (emphasis added) (footnote omitted). But the Supreme Court has "carved out an exception" by holding that "[i]n the interests of `fairness to all persons having claims against the insolvent' . . . *tort claims* arising post-petition [are] `actual and necessary expenses' of preserving the estate." *Id.* at

7

1025 n. 10 (emphasis added) (quoting *Reading Co. v. Brown*, 391 U.S. 471, 477, 482, 88 S.Ct. 1759, 20 L.Ed.2d 751 (1968)). Thus, under *Reading* and its progeny [ ] claims that arise post-petition but pre-confirmation can be filed as administrative expenses against the debtor's estate.

*In re Zilog, Inc.*, 450 F.3d 996, 1010 n.1 (9th Cir. 2006) (emphasis in original).

17. The 9th Circuit has not yet ruled on either the lack of jurisdiction of the district court, or on any awards relating to the improper removals by the Debtor Defendants under 28 U.S.C. § 1447(c). When they do, the issue of dischargeability will be addressed first by that court, following which these issues will be brought before this Court.

18. Robertson anticipates the filing of an additional claim(s) against Debtor Defendants pending outcome of his Appeal to the 9th Circuit, addressing any award of that court of costs, expenses and fees.

19. *See* also NOTICE OF FILING OF THIRD-PARTY ACTION AGAINST RESIDENTIAL FUNDING COMPANY, LLC, filed concurrently with this Notice, seeking redress for post-petition wrongful acts injuring/damaging Robertson, including felony crimes, committed by that Debtor, profits from which having apparently bypassed the Liquidating Trust

.

Respectfully submitted,

Dated: February 24, 2015
Portland, Oregon

Duncan K. Robertson,

Duncan K. Robertson, Pro Se
3520 SE Harold Court
Portland, OR 97202-4344
Telephone: (503)775-9164
Uncaduncl@aol.com