United States Bankruptcy Court

Southern District of New York          case no 12-12020 MG



Residential Capital LLC et al Debtors

## MOTION TO STRIKE EXISTING ORDER AND REQUEST FOR EVIDENTIARY HEARING

**COMES NOW** the Defendant, Stephanie Harris, by and through the undersigned attorney and files this Motion to Strike existing order and request for evidentiary hearing.

1. This is a formal contested matter request the the order be stricken and the new evidence of accountability or non accountability be held.

2. I am being foreclosed on by Duetche Bank and most IMPORTANT there are no paid Federal Reserves paid to the parcel, on this loan.   Therefore no Federal loan program; clearly as the honorable Judge said there must be a sorting error here,

3. Clearly by the Honorable Judge Glenns admission and Kravitz echo of such the Federal Reserve was not paid in 2008 and 2009. As they just paid them. In 2014.   Only as it seems mine are not paid

4. Estoppel of Right to Claim in Chap 7.

     The events were not discovered with deliberate intent . An elaborate smoke screen of GMAC to hide themselves so not to be named.  Also see Bressler before Judge Crystal  (exhibit A)

The loss of right to claim can't be lost for events that haven't happened yet, or ongoing events.

But the following happened:

a. Bressler did not show up for evidentiary hearing.
b. Dismissed the objection and went away from case.
c. .Lis Pendis removed,
d. Only with pacer was it obvious that the hidden in camera original note was nothing but an agreement that was never  signed or recorded.  Exhibit B.
e. I had to write the Federal Reserve and   the now enlarged   financial watchdogs. To find out so certainly just by time math it ws impossible for me to claim before. Exhibit

**WHEREFORE**, That   Stephanie Harris prays that this Honorable Court strike the order denying my claim based on these two principles.

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished by U.S. mail and electronic mail to:  Copies to Brock and Scott PLLC 1501 NW 49 St Fl  33309

Stephanie Harris

Exhibits.

A. Dialoge between
   Bressler and
   Judge. Ongoing
   no damage to claim

B. Bogus Original note
   en camera

C. Federal Reserve

Page 2

1                          APPEARANCES:

2

3     SIEGFRIED RIVERA LERNER DE LA TORRE & SOBEL, by
                 JEFFREY BERLOWITZ, Esquire
4                   On behalf of the Debtor

5                  STACY BRESSLER, Esquire
                On behalf of Deutsche Bank
6

7                  STEPHANIE HARRIS, Debtor

8

9                      -  -  -  -  -  -  -

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

Page 2

1                              APPEARANCES:

2

3      SIEGFRIED RIVERA LERNER DE LA TORRE & SOBEL, by
                    JEFFREY BERLOWITZ, Esquire
                      On behalf of the Debtor

4

5                     STACY BRESSLER, Esquire
                    On behalf of Deutsche Bank

6

7                    STEPHANIE HARRIS, Debtor

8

9                       -  -  -  -  -  -  -

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

1    THE COURT: Stephanie Harris.

2    MR. BERLOWITZ: Good morning, Judge.

3    THE COURT: Good morning.

4    MS. BRESSLER: Good morning, your Honor.

5    Stacy Bressler on behalf of Deutsche Bank.

6    MR. BERLOWITZ: Jeffrey Berlowitz on behalf

7    of Stephanie Harris, who is with us this morning as well.

8    THE COURT: Good morning.

9    MS. BRESSLER: Your Honor, we're here on

10    Deutsche Bank's amended motion for relief from stay.

11    The debtor has been residing -- excuse me,

12    the debtor had defaulted on this loan in 2008, and the

13    bank is seeking stay relief. Specifically they have an

14    indebtedness in excess of $350,000. According to the tax

15    assessor's records, the value of the property is $188,000,

16    and there was opposition to the motion for relief that was

17    filed which raised some issues and concerns as to

18    standing, complicated arguments with regard to notes and

19    assignments of mortgages. In an effort of eliminating the

20    need for any future evidentiary hearing on this, I had

21    asked my client to provide me with a copy of the original

22    note that I would like to present to your Honor now.

23    THE COURT: Counsel?

24    MR. BERLOWITZ: Well, Judge, as my argument,

25    I'll lay out, I am requesting an evidentiary hearing.

1       THE COURT:  Stephanie Harris.

2       MR. BERLOWITZ:  Good morning, Judge.

3       THE COURT:  Good morning.

4       MS. BRESSLER:  Good morning, your Honor.

5    Stacy Bressler on behalf of Deutsche Bank.

6       MR. BERLOWITZ:  Jeffrey Berlowitz on behalf

7    of Stephanie Harris, who is with us this morning as well.

8       THE COURT:  Good morning.

9       MS. BRESSLER:  Your Honor, we're here on

10   Deutsche Bank's amended motion for relief from stay.

11       The debtor has been residing -- excuse me,

12   the debtor had defaulted on this loan in 2008, and the

13   bank is seeking stay relief.  Specifically they have an

14   indebtedness in excess of $350,000.  According to the tax

15   assessor's records, the value of the property is $188,000,

16   and there was opposition to the motion for relief that was

17   filed which raised some issues and concerns as to

18   standing, complicated arguments with regard to notes and

19   assignments of mortgages.  In an effort of eliminating the

20   need for any future evidentiary hearing on this, I had

21   asked my client to provide me with a copy of the original

22   note that I would like to present to your Honor now.

23       THE COURT:  Counsel?

24       MR. BERLOWITZ:  Well, Judge, as my argument,

25   I'll lay out, I am requesting an evidentiary hearing.

Page 4

1    There are issues with regard to standing that we believe

2    render the movant's efforts fatal this morning.  I can get

3    into that, we can allow Ms. Bressler to proceed.

4                    THE COURT:  Well, I mean, if you want an

5    evidentiary hearing, you're entitled to an evidentiary

6    hearing.

7                    My question, however, is, if the property is

8    valued at 188, it probably has a market of somewhere of

9    maybe 210 or something like that.  Your client wants to

10   pay 350 for a 210 property?

11                   MR. BERLOWITZ:  Ms. Harris is interested in

12   the property, and to keep the property, Judge.  She is

13   very interested in modifying the loan and maintaining

14   ownership of it.  This is a unit that's important to her.

15   She lives here on the premises.  It's a small condominium

16   complex on Miami Beach, but certainly, Judge, and we can

17   get into it, or we can set it down, we believe there is

18   significant standing issues.  There is just a break in the

19   chain of title, and while Ms. Bressler may have the

20   original note, the case law, the research that I've

21   discovered, and Deutsche Bank, who is the movant this

22   morning, is in the midst of the cases that I discovered,

23   when there is no endorsement of the note to the party

24   seeking to collect and enforce the note, it's fatal, and

25   that is found directly under the Florida Statutes, under

Page 4

1    There are issues with regard to standing that we believe

2    render the movant's efforts fatal this morning.  I can get

3    into that, we can allow Ms. Bressler to proceed.

4                    THE COURT:  Well, I mean, if you want an

5    evidentiary hearing, you're entitled to an evidentiary

6    hearing.

7                    My question, however, is, if the property is

8    valued at 188, it probably has a market of somewhere of

9    maybe 210 or something like that.  Your client wants to

10   pay 350 for a 210 property?

11                   MR. BERLOWITZ:  Ms. Harris is interested in

12   the property, and to keep the property, Judge.  She is

13   very interested in modifying the loan and maintaining

14   ownership of it.  This is a unit that's important to her.

15   She lives here on the premises.  It's a small condominium

16   complex on Miami Beach, but certainly, Judge, and we can

17   get into it, or we can set it down, we believe there is

18   significant standing issues.  There is just a break in the

19   chain of title, and while Ms. Bressler may have the

20   original note, the case law, the research that I've

21   discovered, and Deutsche Bank, who is the movant this

22   morning, is in the midst of the cases that I discovered,

23   when there is no endorsement of the note to the party

24   seeking to collect and enforce the note, it's fatal, and

25   that is found directly under the Florida Statutes, under

Page 5

1    bankruptcy case law, and stay relief motions have been

2    denied where the movant was Deutsche Bank, and I can

3    provide the Court with those cites, but getting back

4    to ---

5              THE COURT:  This is not the time for an

6    evidentiary hearing, but you are entitled to one if you

7    want one, and is there any possibility that your client

8    and the bank can work out some sort of a modification that

9    will make you both happy?

10             MS. BRESSLER:  May I?

11             Your Honor, as recently as April a

12   modification was offered the borrower, that she declined

13   and said she couldn't afford based on the value of the

14   property.

15             The issue here really is that this is a

16   Chapter 7, and while the debtor's counsel had indicated

17   that she lives on the premises, to clarify, there are six

18   units on the premises, and this particular unit is not her

19   homestead.

20             THE COURT:  Well, is this her homestead?

21             MR. BERLOWITZ:  No, it is not, your Honor.

22             THE COURT:  Well, then why doesn't she go

23   into Chapter 13 and modify it?

24             MR. BERLOWITZ:  Well ---

25             THE COURT:  Does your client want to fire

Page 5

1   bankruptcy case law, and stay relief motions have been

2   denied where the movant was Deutsche Bank, and I can

3   provide the Court with those cites, but getting back

4   to ---

5            THE COURT:  This is not the time for an

6   evidentiary hearing, but you are entitled to one if you

7   want one, and is there any possibility that your client

8   and the bank can work out some sort of a modification that

9   will make you both happy?

10           MS. BRESSLER:  May I?

11           Your Honor, as recently as April a

12   modification was offered the borrower, that she declined

13   and said she couldn't afford based on the value of the

14   property.

15           The issue here really is that this is a

16   Chapter 7, and while the debtor's counsel had indicated

17   that she lives on the premises, to clarify, there are six

18   units on the premises, and this particular unit is not her

19   homestead.

20           THE COURT:  Well, is this her homestead?

21           MR. BERLOWITZ:  No, it is not, your Honor.

22           THE COURT:  Well, then why doesn't she go

23   into Chapter 13 and modify it?

24           MR. BERLOWITZ:  Well ---

25           THE COURT:  Does your client want to fire

Page 6

1    you?  I think she wants to discharge you and take over.

2    Is that what she has in mind?  She can let you go and take

3    over.

4                    MR. BERLOWITZ:  Well, hopefully not, Judge.

5                    THE COURT:  Okay.

6                    MR. BERLOWITZ:  But she's very astute and

7    well versed in these issues, and she's been well engaged

8    in disputes with regard to the property.

9                    We would like a modification.  We would like

10   to discuss a modification, and what we need ---

11                   THE COURT:  Well, I just heard that you had

12   one and turned it down.

13                   MS. HARRIS:  No.

14                   THE COURT:  Would you like to be discharged

15   from the courtroom, or would you like to discharge your

16   lawyer and you can take over, either way.

17                   MR. BERLOWITZ:  Judge, what we're seeking is

18   an in-house modification, because the Obama plan, if you

19   will, does not fit here with this loan, and that's why

20   she's been rejected.  So, we'd request ---

21                   THE COURT:  Well, she's not rejected.  She

22   said they were accepted and she rejected.  That's what

23   Ms. Bressler just said.

24                   In any event, here is where we're at, she's

25   entitled to an evidentiary hearing.  If she goes to an

Page 6

1    you?  I think she wants to discharge you and take over.

2    Is that what she has in mind?  She can let you go and take

3    over.

4                MR. BERLOWITZ:  Well, hopefully not, Judge.

5                THE COURT:  Okay.

6                MR. BERLOWITZ:  But she's very astute and

7    well versed in these issues, and she's been well engaged

8    in disputes with regard to the property.

9                We would like a modification.  We would like

10   to discuss a modification, and what we need ---

11               THE COURT:  Well, I just heard that you had

12   one and turned it down.

13               MS. HARRIS:  No.

14               THE COURT:  Would you like to be discharged

15   from the courtroom, or would you like to discharge your

16   lawyer and you can take over, either way.

17               MR. BERLOWITZ:  Judge, what we're seeking is

18   an in-house modification, because the Obama plan, if you

19   will, does not fit here with this loan, and that's why

20   she's been rejected.  So, we'd request ---

21               THE COURT:  Well, she's not rejected.  She

22   said they were accepted and she rejected.  That's what

23   Ms. Bressler just said.

24               In any event, here is where we're at, she's

25   entitled to an evidentiary hearing.  If she goes to an

Page 7

1   evidentiary hearing and she loses, she's going to be out

2   of there shortly.

3          On the other hand, if you can make a

4   modification, bless you.  If you can go to Chapter 13, and

5   this is not a homestead, it's subject to modification

6   through the Court.  So, I mean, you've got several

7   options, but right now we'll direct that you and

8   Ms. Bressler get together and determine when you want to

9   have the evidentiary hearing, and -- but your client needs

10  to be aware that she's taking a big risk if she goes

11  through that hearing and they prove the ownership with a

12  note, it may be to her detriment.

13         MS. BRESSLER:  Your Honor, before we go to

14  evidentiary hearing on this matter, if I may for a minute?

15  Under Florida law the owner and the holder of the original

16  note has standing to proceed on it, and I have, rather

17  than the Court having to take the word of the affiant that

18  filed an affidavit of an original note in this case, I

19  actually physically have the original note, which would be

20  all that is required at any evidentiary hearing for it to

21  get back to state court.

22         THE COURT:  Well ---

23         MS. BRESSLER:  The foreclosure that was

24  filed, and, your Honor, it was filed shortly before this

25  bankruptcy, it hasn't proceeded along, there is a motion

Page 7

1   evidentiary hearing and she loses, she's going to be out

2   of there shortly.

3          On the other hand, if you can make a

4   modification, bless you.  If you can go to Chapter 13, and

5   this is not a homestead, it's subject to modification

6   through the Court.  So, I mean, you've got several

7   options, but right now we'll direct that you and

8   Ms. Bressler get together and determine when you want to

9   have the evidentiary hearing, and -- but your client needs

10  to be aware that she's taking a big risk if she goes

11  through that hearing and they prove the ownership with a

12  note, it may be to her detriment.

13          MS. BRESSLER:  Your Honor, before we go to

14  evidentiary hearing on this matter, if I may for a minute?

15  Under Florida law the owner and the holder of the original

16  note has standing to proceed on it, and I have, rather

17  than the Court having to take the word of the affiant that

18  filed an affidavit of an original note in this case, I

19  actually physically have the original note, which would be

20  all that is required at any evidentiary hearing for it to

21  get back to state court.

22          THE COURT:  Well ---

23          MS. BRESSLER:  The foreclosure that was

24  filed, and, your Honor, it was filed shortly before this

25  bankruptcy, it hasn't proceeded along, there is a motion

1   to dismiss raising all of these issues in the state court

2   action. None of the debtor's rights would at all be

3   infringed upon by this going back to state court.

4           THE COURT: Mr. Berlowitz, what about it?

5   What is it that you want to have the evidentiary hearing

6   on?

7           MR. BERLOWITZ: We want the evidentiary

8   hearing on -- your Honor, the movant here has not

9   evidenced their right and standing to enforce the note.

10   Under Florida law the note ---

11           THE COURT: Well, all right, tell me why.

12           MR. BERLOWITZ: People's Choice was the

13   original lender.

14           THE COURT: Yes.

15           MR. BERLOWITZ: People's Choice -- excuse

16   me, Mers assigned the mortgage to Deutsche Bank, not

17   People's Choice. There is no assignment of the note, and

18   there is no endorsement on the note to Deutsch Bank which

19   would entitle Deutsch Bank to enforce collection under the

20   note, and under the case law, Judge, that is fatal to the

21   lender's efforts, or the movant's efforts, I should

22   say ---

23           THE COURT: Well, there have been some cases

24   where notes have been discharged, I would suggest that you

25   and Ms. Bressler get together and prepare a pre-hearing

1  to dismiss raising all of these issues in the state court

2  action. None of the debtor's rights would at all be

3  infringed upon by this going back to state court.

4  THE COURT: Mr. Berlowitz, what about it?

5  What is it that you want to have the evidentiary hearing

6  on?

7  MR. BERLOWITZ: We want the evidentiary

8  hearing on -- your Honor, the movant here has not

9  evidenced their right and standing to enforce the note.

10 Under Florida law the note ---

11 THE COURT: Well, all right, tell me why.

12 MR. BERLOWITZ: People's Choice was the

13 original lender.

14 THE COURT: Yes.

15 MR. BERLOWITZ: People's Choice -- excuse

16 me, Mers assigned the mortgage to Deutsche Bank, not

17 People's Choice. There is no assignment of the note, and

18 there is no endorsement on the note to Deutsch Bank which

19 would entitle Deutsch Bank to enforce collection under the

20 note, and under the case law, Judge, that is fatal to the

21 lender's efforts, or the movant's efforts, I should

22 say ---

23 THE COURT: Well, there have been some cases

24 where notes have been discharged, I would suggest that you

25 and Ms. Bressler get together and prepare a pre-hearing

1   order in which you determine what are the issues that

2   you're raising in your defense to this motion, and their

3   position, and what you're going to prove at trial, and

4   give them an opportunity to respond, and we'll have the

5   trial.

6           As I say, if you prevail, maybe they're out

7   of luck, and if you don't prevail, maybe your client will

8   be out of luck.

9           MR. BERLOWITZ:  Understood, your Honor.

10          THE COURT:  So that's why I'm suggesting to

11  you that it seems -- I mean, a safer route to go would be

12  to convert to a 13, but that's a matter for you and your

13  client.

14          MR. BERLOWITZ:  Thank you, Judge.

15          THE COURT:  Thank you both.

16          MS. BRESSLER:  Thank you, your Honor.

17          THE COURT:  Okay.

18

19

20

21          (Thereupon, the hearing was concluded.)

22

23

24

25

 1    order in which you determine what are the issues that

 2    you're raising in your defense to this motion, and their

 3    position, and what you're going to prove at trial, and

 4    give them an opportunity to respond, and we'll have the

 5    trial.

 6            As I say, if you prevail, maybe they're out

 7    of luck, and if you don't prevail, maybe your client will

 8    be out of luck.

 9            MR. BERLOWITZ:  Understood, your Honor.

10            THE COURT:  So that's why I'm suggesting to

11    you that it seems -- I mean, a safer route to go would be

12    to convert to a 13, but that's a matter for you and your

13    client.

14            MR. BERLOWITZ:  Thank you, Judge.

15            THE COURT:  Thank you both.

16            MS. BRESSLER:  Thank you, your Honor.

17            THE COURT:  Okay.

18

19

20

21            (Thereupon, the hearing was concluded.)

22

23

24

25

Record & Return To:
GMAC ResCap
One Meridian Crossings, Suite 100
Minneapolis, MN 55423
ATTN: Lisa Magnuson

# Limited Power of Attorney

Return Document To: US Recordings, 2925 Country Drive, St. Paul, Minnesota USA 55117
Prepared by: Peggy Jordan, US Recordings, 2925 Country Drive, St. Paul, Minnesota USA 55117

**KNOW ALL MEN BY THESE PRESENTS,**

That Deutsche Bank Trust Company Americas (formerly known as Bankers Trust Company), as Trustee (together with its successors and assigns, the "Trustee") under Pooling and Servicing or Indenture Agreements pursuant to which Residential Funding Company, LLC, acts as Master Servicer, and such Trustee being, a New York Banking Corporation organized and existing under the laws of the State of New York, c/o Deutsche Bank National Trust Company having an office located at 1761 East St. Andrew Place, in the City of Santa Ana, State of California, 92705, has made, constituted and appointed, and does by these presents make, constitute and appoint Residential Funding Company, LLC, a limited liability company organized and existing under the laws of the State of Delaware, its trust and lawful Attorney-in-Fact, with full power and authority to sign, execute, acknowledge, deliver, file for record, and record any instrument on its behalf and to perform such other act or acts as may be customarily and reasonably necessary and appropriate to effectuate the following enumerated transactions in respect of any of the mortgages or deeds of trust ( the "Mortgages" and the "Deeds of Trust", respectively) and promissory notes secured thereby (the "Mortgages Notes") for which the undersigned is acting as Trustee for various certificate holders pursuant to certain Pooling and Servicing Agreements, specified on Exhibit A hereto (the "Agreements") ( whether the undersigned is names therein as mortgagee or beneficiary or has become mortgagee by virtue of endorsement of the Mortgage Note secured by any such Mortgage or Deed of Trust) and for which Residential Funding Company, LLC is acting as master servicer.

This appointment shall apply to the following enumerated transactions only:

1. The modification or re-recording of a Mortgage or Deed of Trust, where said modification or recording is for the purpose of correcting the Mortgage or Deed of Trust to conform same to the original intent of the parties thereto or to correct title errors discovered after such title insurance was issued and said modification or re-recording, in either instance, does not adversely affect the lien of the Mortgage or Deed of Trust as insured and otherwise conforms to the terms of the applicable Agreement.
2. The subordination of the lien of a Mortgage or Deed of Trust to an easement in Favor of a public utility company or a government agency or unit with power of eminent domain; this section shall include, without limitation, the execution of partial satisfaction/releases, partial reconveyances or the execution of requests to trustees to accomplish same.
3. The qualified subordination of the lien of a Mortgage or Deed of Trust to a lien of a creditor that is created in connection with the refinancing of a debt secured by a lien that was originally superior to the lien of the Mortgage or Deed of Trust.
4. With respect to a Mortgage or Deed of Trust, the Foreclosure, the taking of a deed in lieu of Foreclosure, or the completion of judicial or non-judicial Foreclosure or termination, cancellation or rescission of any such Foreclosure, including, without limitation, any and all of the following acts:
   a. The substitution of trustee(s) serving under a Deed of Trust, in accordance with state law and the Deed of Trust;
   b. Statements of breach or non-performance;
   c. Notices of default;

    d.  Cancellations/rescissions of notices of default and/or notices of sale;

    e.  The taking of a deed in lieu of foreclosure; and

    f.  Such other documents and action as may be necessary under the terms of the Mortgage, Deed of Trust of state law to expeditiously complete said transactions.

5. The conveyance of the properties to the mortgage insurer, or the closing of the title to the property to be acquired as real estate owned, or conveyance of title of real estate owned.

6. The completion of loan assumption agreements.

7. The full satisfaction/ release of a Mortgage or Deed of Trust or full reconveyance upon payment and discharge of all sums secured thereby, including, without limitation, cancellation of the related Mortgage Note.

8. The assignment of any Mortgage or Deed of Trust and the related Mortgage Note, in connection with the repurchase of the mortgage loan secured and evidenced thereby pursuant to the requirements of a Residential Funding Corporation Seller Contract, including, without limitation, by reason of conversion of an adjustable rate mortgage loan from a variable rate to a fixed rate.

9. The full assignment of a Mortgage or Deed of Trust upon payment and discharge of all sums secured thereby in conjunction with the refinancing thereof, including, without limitation, the assignment of the related Mortgage Note.

10. The modification or amendment of escrow agreements established for repairs to the mortgaged property or reserves for replacement of personal property."

The undersigned gives said Attorney-in Fact full Power and authority to execute such instruments and to do and perform all and every act and thing necessary and proper to carry into effect the power of powers granted by or under this Limited Power of Attorney as fully as the undersigned might or could do, and hereby does ratify and confirm to all that said Attorney-in Fact shall lawfully do or cause to be done by authority hereof.

This appointment is to be construed and interpreted as a limited power of attorney. The enumeration of specific items, rights, acts or powers herein is not intended to, nor does it give rise to, and it is not to be construed as a general power of attorney.

Nothing contained herein shall (i) limit in any manner any indemnification provided by the Master Servicer to the Trustee under the Agreements, or (ii) be construed to grant the Master Servicer the power to initiate or defend any suit, litigation or proceeding in the name of Deutsche Bank Trust Company Americas except as specifically provided for herein. If the Master Servicer receives any notice of suit, litigation or proceeding in the name of Deutsche Bank Trust Company Americas or Bankers Trust Company, then the Master Servicer shall promptly forward a copy of same to the Trustee.

The Master Servicer hereby agrees to indemnify and hold the Trustee and its directors, officers, employees and agents harmless from and against any and all third party liabilities, obligations, losses, damages, penalties, actions, judgments, suits, costs, expenses or disbursements of any kind or nature whatsoever incurred by reason or result of or in connection with the exercise by the Master Servicer of the powers granted to it hereunder. The foregoing indemnity shall survive the termination of this Limited Power of Attorney and the Agreement or the earlier resignation or removal of the Trustee under the Agreement.

This Limited Power of Attorney is entered into and shall be governed by the laws of the State of New York, without regard to conflicts of law principles of such state.

This limited power of attorney is not intended to extend the powers granted to the Master Servicer under the Agreements or to allow the Master Servicer to take any action with respect to Mortgages, Deeds of Trust or Mortgage Notes not authorized by the Agreements.

Third parties without actual notice may rely upon the exercise of the power granted under this Limited Power of Attorney; and may be satisfied that this Limited Power of Attorney shall continue in full force and effect has not been revoked unless and instrument of revocation has been made in writing by the undersigned.

# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

September 27, 2010

Ms. Stephanie Harris
P.O. Box 190540
Miami Beach, Florida 33119

Dear Ms. Harris:

This letter is in response to your complaint against Deutsche Bank Trust Company Americas (Deutsche). As we understand your complaint, you state that your home has been erroneously foreclosed on and request a loan modification. We contacted Deutsche on your behalf and would like to report our findings.

In connection with our inquiry, Deutsche informs us that the mortgage loan for the property referenced in your complaint at 1525 Lenox Ave., Miami Beach, FL 33139 is being serviced by Residential Funding Company, LLC (Residential). LaSalle Bank National Association (LaSalle) is the Trustee pursuant to a Pooling and Servicing Agreement, for the RAAC Series 2007-SP3 Trust, a securitization trust which includes the mortgage loan in question.

Deutsche indicates that it has been incorrectly identified as the Trustee in this case and has since notified Residential of this issue so that it may correct this error as soon as possible. As further background, Deutsche states that it has no involvement with the RAAC Series 2007-SP3 Trust and therefore the aforementioned mortgage loan. Furthermore, LaSalle's parent company was acquired by Bank of America in 2008.

Please note that since LaSalle Bank National Association is subject to the supervisory jurisdiction of the Office of the Comptroller of the Currency, we are unable to investigate the issues you raise. Therefore, you should contact the agency at:

Office of the Comptroller of the Currency
Customer Assistance Group
1301 McKinney Street, Suite 3450
Houston, TX 77010
Tel: 1-800-613-6743
Fax: 713-336-4301
HelpWithMyBank.gov

*exhibit  G*

# FEDERAL RESERVE BANK *of* NEW YORK

33 LIBERTY STREET, NEW YORK, NY 10045-0001

*exh... ...*

September 27, 2010

Ms. Stephanie Harris
P.O. Box 190540
Miami Beach, Florida  33119

Dear Ms. Harris:

This letter is in response to your complaint against Deutsche Bank Trust Company Americas (Deutsche).  As we understand your complaint, you state that your home has been erroneously foreclosed on and request a loan modification.  We contacted Deutsche on your behalf and would like to report our findings.

In connection with our inquiry, Deutsche informs us that the mortgage loan for the property referenced in your complaint at 1525 Lenox Ave., Miami Beach, FL 33139 is being serviced by Residential Funding Company, LLC (Residential).  LaSalle Bank National Association (LaSalle) is the Trustee pursuant to a Pooling and Servicing Agreement, for the RAAC Series 2007-SP3 Trust, a securitization trust which includes the mortgage loan in question.

Deutsche indicates that it has been incorrectly identified as the Trustee in this case and has since notified Residential of this issue so that it may correct this error as soon as possible.  As further background, Deutsche states that it has no involvement with the RAAC Series 2007-SP3 Trust and therefore the aforementioned mortgage loan.  Furthermore, LaSalle's parent company was acquired by Bank of America in 2008.

Please note that since LaSalle Bank National Association is subject to the supervisory jurisdiction of the Office of the Comptroller of the Currency, we are unable to investigate the issues you raise.  Therefore, you should contact the agency at:

Office of the Comptroller of the Currency
Customer Assistance Group
1301 McKinney Street, Suite 3450
Houston, TX 77010
Tel: 1-800-613-6743
Fax: 713-336-4301
HelpWithMyBank.gov

https://bay177.mail.live.co    ail/PrintMessages.aspx?cpids=018d3e...

*D. still no*
*Federal*
*Reserve*
*pd*

# Fwd: SERVICE OF COURT DOCUMENTS 13-F04055

From: **Mordechai L. Breier, Esq.** (mlb@myconsumerlawoffice.com)   This sender is in your
    contact list.
Sent: Mon 12/30/13 10:38 AM
To:   stephanieharris70@hotmail.com
     2 attachments
     image001.gif (2.1 KB) , 201312271458.pdf (60.4 KB) ,

---

Begin forwarded message:

**From:** David Fisher <David.Fisher@brockandscott.com>
**Subject: SERVICE OF COURT DOCUMENTS 13-F04055**
**Date:** December 27, 2013 at 4:07:01 PM EST
**To:** "MLB@MYCONSUMERLAWOFFICE.COM"
<MLB@MYCONSUMERLAWOFFICE.COM>

| COUNTY | MIAMI-DADE |
|---|---|
| CASE NUMBER | 2012-16257 CA 01 |
| TITLE OF DOCUMENT | NOTICE OF READINESS FOR TRIAL |
| CASE STYLE | DUETSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE RAMP2007SP3, vs STEPHANIE HARRIS, et al |
| REFERENCE NUMBER | 13-F04055 |

**David Fisher**
Paralegal
Foreclosure

Brock & Scott, PLLC
1501 NW 49th Street, Suite 200
Ft. Lauderdale, FL 33309
Ph : (954) 618-6955 x6048
Fx : (954) 618-6954
David.Fisher@brockandscott.com

**This firm is a debt collector. This is an attempt to collect a debt, and any information**

1/1/2014 2:01 PM

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

Stephanie Harris

    Debtor(s).

        CASE NO.  10-11746-AJC
        CHAPTER 7

_____/

## AFFIDAVIT OF CUSTODIAN OF ORIGINAL NOTE

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

    BEFORE ME, this day personally appeared Rubina K. Shaldjian, "Affiant," who, upon being duly sworn,

deposes on personal knowledge and says:

    1.    I am an Attorney for Florida Default Law Group P.L..

    2.    That Florida Default Law Group, P.L., represents DEUTSCHE BANK TRUST COMPANY

AMERICAS AS TRUSTEE in Foreclosure Case 08-40534 CA10 and in the instant bankruptcy case.

    3.    Florida Default Law Group, P.L. is the current document custodian of the original Note in the

instant bankruptcy case.

    FURTHER AFFIANT SAYETH NOT.

_____
Affiant

Rubina K. Shaldjian
Print or Type Name

The foregoing instrument was sworn to and subscribed before me this __15th__ day of __July__, 2010, by
Rubina K. Shaldjian, who is personally known to me.

_____
NOTARY PUBLIC, State of Florida
My commission expires:

_____

LESLEY A. CURRY
MY COMMISSION # DD 695361
EXPIRES: July 16, 2011
Bonded Thru Notary Public Underwriters

B:0008564

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

IN RE:

Stephanie Harris

    Debtor(s).

                        CASE NO. 10-11746-AJC
                        CHAPTER 7

_____/

**AFFIDAVIT OF CUSTODIAN OF ORIGINAL NOTE**

STATE OF FLORIDA

COUNTY OF HILLSBOROUGH

    BEFORE ME, this day personally appeared Rubina K. Shaldjian, "Affiant," who, upon being duly sworn,

deposes on personal knowledge and says:

    1.    I am an Attorney for Florida Default Law Group P.L..

    2.    That Florida Default Law Group, P.L., represents DEUTSCHE BANK TRUST COMPANY

AMERICAS AS TRUSTEE in Foreclosure Case 08-40534 CA10 and in the instant bankruptcy case.

    3.    Florida Default Law Group, P.L. is the current document custodian of the original Note in the

instant bankruptcy case.

    FURTHER AFFIANT SAYETH NOT.

                                               _____
                                             Affiant

                                             Rubina K. Shaldjian
                                             Print or Type Name

The foregoing instrument was sworn to and subscribed before me this 15th day of July, 2010, by
Rubina K. Shaldjian, who is personally known to me.

                                             _____
                                           NOTARY PUBLIC, State of Florida
                                           My commission expires:

                                           _____

LESLEY A. CURRY
MY COMMISSION # DD 695361
EXPIRES: July 16, 2011
Bonded Thru Notary Public Underwriters

B:0008564