UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | CASE No 12-12020 |
| RESIDENTIAL CAPITAL, LLC, ET AL., | CHAPTER 11 |
| DEBTORS | |

RECEIVED MAR - 5 2015 U.S. BANKRUPTCY COURT, SDNY

### TIMELY MOTION in OPPOSITION to DEBTORS MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES ENFORCING INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER

COMES NOW, Plaintiff RONALD P. GILLIS in US District Court, for the Middle District of Florida, Fort Myers Division (herein after US_FMD-FTM), and Creditor #444 & 913 / Movant in NY Southern District Bankruptcy Court (herein after NY_BK Court) case #12-12020 moves the NY_BK Court in Opposition to Debtors MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES ENFORCING INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER and to consider this opposition timely as Movant was only made aware of this on Saturday February 28, 2015, not a week earlier as the record implies. While it is clear that Attorney Joseph A Shifer wants to disparage what he calls "*pro se*" litigants, most that he listed in his list to notify were attorneys and irregardless, the undersigned cannot speak to the validity or non-validity of others claims, but the undersigned filed a case in US District Court in Fort Myers which is a simple RICO case. While there are numerous reasons the undersigned filed this RICO case and could address these issues, it would be inappropriate for this court, as this is being litigated in Fort Myers, Middle District of Florida. As Movant first informed this court on August 27, 2012, the undersigned movant believed there was bankruptcy

fraud because if the named plaintiff in the state case which gave rise to the Federal Lawsuit was legitimate, which the Movant never believed to be true and correct, but if it was, then it should have been listed as an asset in the case before this NY Bankruptcy Court. The liquidation of assets should have also included the purported mortgage and purported note which is the subject of the state case in Florida, which was a predicating act occurring in state court which gave rise to the Federal Lawsuit..

The Movant believes is in imperative that this Court possesses the obligation to preserve judicial integrity of the Federal Court. Neither the fluidity of the secondary markets, nor monetary or economic considerations of all parties, nor convenience of the litigants supersede this obligation. This court must act as a gatekeeper for justice, and must not allow this court to be utilized to protect actions of fraud perpetrated by Homecomings Financial & GMAC-RFC Master Servicer against the undersigned Movant. The undersigned has stated he seeks discovery information only, and at this time does not seek a request to claw back any of the assets already liquidated. The undersigned Movant is not going to recite his entire Motion filed with the Court on October 24, 2014, and Amended and filed on November 17, 2014, however requests this court incorporate said motion into this request and review this pleading, Docket Item # 7785 attached as Exhibit 1. The undersigned more then believes there is sufficient grounds to lift the automatic stay and should also be sufficient grounds to pursue discovery against debtors HOMECOMINGS FINANCIAL and GMAC-RFC Master Servicing who Justin T. Wong has repeatedly stated does not exist, yet who purports to be the ultimate injured party in the state of Florida Court action, the predicating act giving rise to the Federal RICO Lawsuit, yet would be impossible to be an injured party if it does not exist.

The undersigned Movant reminds this court that granting or denying said motion to lift the stay does not impact the state case by delaying or accelerating the state foreclosure case, as this case is separate from the Federal Court case which gives rise to the request to lift the stay. This Court must also not allow entities having committed RICO and actions of fraud to be protected by the Bankruptcy Court.

As the Motion to Lift stay showed, pursuant to 11 U.S.C. §523 and 11 U.S.C. §362 the NY Bankruptcy Court should not permit the withdraw of either Defendant GMAC-RFC Master Servicer (whom attorney Justin Tinshung Wong has stated was incorrectly named and should be Residential Funding Corporation) as well as Homecomings Financial, from the US_FMD-FTM Court Case 2:14-cv-00418-SPC-DNF.

WHEREFORE, Plaintiff respectfully motions the NY_BK Court in opposition to the ResCap Liquidating Trust's Motion for an Order Establishing Procedures Enforcing Injunctive Stay as this court must act as the gatekeeper and not allow actions of fraud to be protected by a bankruptcy filing.

Respectfully Submitted,

/s/ Ronald P Gillis
Ronald P Gillis
P O Box 380842
Murdock, FL 33938
(413) 622-2282

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that by signing this below, a true and correct copy of the foregoing **TIMELY MOTION IN OPPOSITION TO DEBTORS MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES ENFORCING INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER** was furnished to the follow **[and by the following methods]**

1. Norman S Rosenbaum     [by Fax 212-468-7900] & [by email to nrosenbaum@mofo.com]
Morrison & Foerster LLP
250 West 55 Street
New York, NY 10019

2. United States Bankruptcy Court - Southern District of New York     [by USPS Overnight Mail]
One Bowling Green          (and copy to Honorable Martin Glenn)
New York, NY 10004

3. Homecomings Financial LLC & GMAC-RFC Master Servicer     [by fax 404-885-3900]
ATTN: Attorney Justin T. Wong     [by email justin.wong@troutmansaunders.com]
Troutman Saunders LLP
600 Peachtree St NE, Suite 5200
Atlanta, GA 30308-2216

4. Joseph A Shifer [Kramer Levin Naftalis & Frankel LLP]     [by fax 212-715-8000]
     [by email jshifer@kramerlevin.com]

5. Office US Trustee     [by fax 212-668-2255] & [by email linda.riffkin@usdoj.gov] &
     [by email Brian.Masumoto@usdoj.gov]

6. ResCap Liquidating Trust - Jeffrey Brodsky     [by fax 914-253-8103]
     [by email jbrodsky@qtadvisors.com]

7. Kurtzman Carson Consultants - Clarissa D Cu     [by email rescapinfo@kccllc.com]


on this __02nd__ day of March, 2015

/s/ Ronald P Gillis
By: Ronald P Gillis
P O Box 380842
Murdock, FL 33938
(413) 622-2282

**NOTE**
Email address will be temporary NON-monitored email address, so all correspondence should be by fax or mail only.

Exhibit

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: ) | CASE NO 12-12020 |
| ) | |
| RESIDENTIAL CAPITAL, LLC, ET AL., ) | CHAPTER 11 |
| ) | |
| DEBTORS ) | |

RECEIVED
NOV 17
U.S. BANKRUPTCY COURT
S[  ]T OF NEW YORK

UNITED STATE DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| RONALD P GILLIS | CASE NO: 2:14-CV-418-FTM |
| PLAINTIFF | |
| V | |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, | |
| GMAC-RFC MASTER SERVICING, | |
| HOMECOMINGS FINANCIAL, | |
| ERIN MAE ROSE QUINN | |
| ANDREW LEE FIVECOAT | |
| DEFENDANT | |

## AMENDED MOTION for RELIEF of AUTOMATIC STAY REGARDING "RFC" and "HOMECOMINGS FINANCIAL" to PERSUE DISCOVERY

COMES NOW, Plaintiff RONALD P. GILLIS in US District Court, for the Middle District of Florida, Fort Myers Division (herein after US_FMD-FTM), and Creditor #444 & 913 / Movant in NY Southern District Bankruptcy Court (herein after NY_BK Court) case #12-12020 moves the NY_BK Court, pursuant to 11 U.S.C. §523 and 11 U.S.C. §362 not to permit the withdraw of

either Defendant GMAC-RFC Master Servicer (whom attorney Justin Tinshung Wong has stated was incorrectly named and should be Residential Funding Corporation, and hereinafter "RFC") as well as Homecomings Financial, hereinafter "HOME" from the US_FMD-FTM Court Case 2:14-cv-00418-SPC-DNF. Movant submitted the original request on October 21, 2014, which was received by the NY_BK Court on October 24, 2014, but not yet docketed. The basis for this amended motion are as follows:

1) Relief from the automatic stay may be granted "for cause" under 11 U.S.C. § 362(d)(1). The stay may be lifted "for cause" to allow litigation involving the debtor to proceed in a nonbankruptcy forum under certain circumstances. *In re Blan* (Blan v. Nachogdoches County Hospital), 237 B.R. 737 (B.A.P. 8th Cir. 1999) (citing *H.R. Rep.* No. 95-595, at 341 (1977); S. Rep. No. 95-989, at 504 L:\Evans\GrantingStayRelief.Pending.Lawsuit.wpd (1978)). Although a creditor moving for relief from stay must make a prima facie case that cause exists, the Debtor has the ultimate burden of proof in opposing motions for relief from stay except where equity in property is at issue. 11 U.S.C. § 362(g). See *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992). The Bankruptcy Court has wide discretion in determining whether or not to lift the automatic stay.

The submission of this motion is prompted by the inclusion of comments in Mr Wong's Notice of Appearance in the US_FMD-FTM Court case, where he states he will seek removal for RFC and HOME from the US_FMD-FTM Court case from the court for his purported clients because they have filed bankruptcy. In support of this motion, Plaintiff reminds this court that in the US_FMD-FTM Docket # 16, "The Complaint", Plaintiff on pages three (3) and four (4) state that both defendant entities have been liquidated in Bankruptcy as of December 17, 2013. This position is supported by Mr Wong's statements. However this liquidation does not release or protect either

defendant where issues of fraud are involved. See <u>Grogan v Garner, 498 US 279 (1991); US v Spicer, 57 F3d 1152, Court of Appeals, District of Columbia Circuit 1995;</u> and <u>Freezor v Davis (in re Davis) 108 F3d 337 (9th US DCA 1996).</u> Further for the record, US_FMD-FTM Judge Sheri Polster Chappell states in her order of stay in the US_FMD-FTM case, this matter is ripe for review.

Further, for the record, Mr Wong states in his notice of appearance, that the Plaintiff, "did not file a proof of claim in the Bankruptcy cases," yet the record reflects this statement to be false, as a timely filing of a proof of claim was filed in the New York Bankruptcy Court Case #12-12020, which was received August 31, 2012 by Kurtzman Carson Consultants. Further, the Plaintiff also informed the NY_BK Court, of possible bankruptcy fraud perpetrated by GMAC and/or its subsidiaries on August 27, 2012. Since December 02, 2009, an entity that Mr Wong states is not an entity-in-fact, yet is instead just a "trademark name" has carried on a court case in the Twentieth Judicial Circuit of Charlotte County, Florida as a purported trust and purported injured party, with a purported trustee of Deutsche Bank Trust Company Americas. This is a fraud before the state court that Plaintiff has been seeking relief from to no avail. HOME has committed its own acts of fraud by not disclosing its involvement in purporting to lend money to the undersigned in contradiction to the record, which would be violations of the Truth in Lending Act. Both entities, RFC and HOME have committed separate and distinct violations of fraud as alleged in this complaint.

2) Mr Wong's statements and filings have further supported Plaintiff/movants basis for the reasons the undersigned filing of the case in the US_FMD-FTM Court for RICO, TILA and FDCPA violations. Additionally, in a brief and quick search of some counties in Florida state Courts, it appears this non-existent entity, along with other attorneys at the law firm Albertelli Law (where

defendants Andrew Lee Fivecoat and Erin Mae Rose Quinn previously worked) has filed another case in Charlotte County, one in Hillsborough County (and an additional eight by attorneys from a different law firm), eight (8) cases in Palm Beach County (one by a suspended Florida Bar attorney and one filed by Defendant in this case, Andrew Lee Fivecoat), one in Duval County (filed by another attorney from Albertelli Law), fifteen (15) in Miami-Dade (one by an attorney with three disciplinary actions by the Florida Bar, and one filed by another attorney from Albertelli Law).

3) Movant submits the attached Motion to Proceed as Indigent to waive the $176. filing fee for a motion to lift the automatic stay.

WHEREFORE, Plaintiff respectfully motions the NY_BK Court to proceed as indigent and permit Plaintiff discovery in the US-FMD-FTM Court, including but not necessarily limited to depositions, admissions, interrogatories, and request for production of documents from both entities which should prove involvement in fraud, RICO Violations as well as Fair Debt Collections Practices Act violations mentioned in the complaint by both RFC and HOME.

Respectfully Submitted,

_____
Ronald P Gillis
P O Box 380842
Murdock, FL 33938
(413) 622-2282

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that by signing this below, a true and correct copy of the foregoing __AMENDED MOTION FOR RELIEF OF AUTOMATIC STAY REGARDING "RFC" AND "HOMECOMINGS FINANCIAL" TO PERSUE DISCOVERY__ was furnished by hand delivery or USPS 1st Class Mail to:

1. Florida Middle US District Court
2110 First Street
Fort Myers, FL 33901

2. United States Bankruptcy Court - Southern District of New York
One Bowling Green
New York, NY 10004

3. Homecomings Financial LLC & GMAC-RFC Master Servicer
ATTN: Attorney Justin T. Wong
Troutman Saunders LLP
600 Peachtree St NE, Suite 5200
Atlanta, GA 30308-2216

on this __13th__ day of November, 2014

By: Ronald P Gillis

Exhibit

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: ) CASE NO 12-12020
)
RESIDENTIAL CAPITAL, LLC, ET AL., ) CHAPTER 11
)
DEBTORS )

OCT 24

UNITED STATE DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD P GILLIS | CASE NO: 2:14-CV-418-FTM

PLAINTIFF

V

DEUTSCHE BANK TRUST COMPANY
 AMERICAS,
GMAC-RFC MASTER SERVICING,
HOMECOMINGS FINANCIAL,
ERIN MAE ROSE QUINN
ANDREW LEE FIVECOAT

DEFENDANT

## MOTION for RELIEF of AUTOMATIC STAY REGARDING "RFC" and "HOMECOMINGS FINANCIAL" to PERSUE DISCOVERY

COMES NOW, Plaintiff RONALD P. GILLIS in US District Court, for the Middle District of Florida, Fort Myers Division (herein after US_FMD-FTM), and Creditor #444 & 913 / Movant in NY Southern District Bankruptcy Court (herein after NY_BK Court) case #12-12020 moves the NY_BK Court, pursuant to 11 U.S.C. §523 and 11 U.S.C. §362 not to permit the withdraw of

either Defendant GMAC-RFC Master Servicer (whom attorney Justin Tinshung Wong has stated was incorrectly named and should be Residential Funding Corporation, and hereinafter "RFC") as well as Homecomings Financial, hereinafter "HOME" from the US_FMD-FTM Court Case 2:14-cv-00418-SPC-DNF for the following reasons:

1) Relief from the automatic stay may be granted "for cause" under 11 U.S.C. § 362(d)(1). The stay may be lifted "for cause" to allow litigation involving the debtor to proceed in a nonbankruptcy forum under certain circumstances. *In re Blan* (Blan v. Nachogdoches County Hospital), 237 B.R. 737 (B.A.P. 8th Cir. 1999) (citing *H.R. Rep.* No. 95-595, at 341 (1977); S. Rep. No. 95-989, at 504 L:\Evans\GrantingStayRelief.Pending.Lawsuit.wpd (1978)). Although a creditor moving for relief from stay must make a prima facie case that cause exists, the Debtor has the ultimate burden of proof in opposing motions for relief from stay except where equity in property is at issue. 11 U.S.C. § 362(g). See *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992). The Bankruptcy Court has wide discretion in determining whether or not to lift the automatic stay.

The submission of this motion is prompted by the inclusion of comments in Mr Wong's Notice of Appearance in the US_FMD-FTM Court case, where he states he will seek removal for RFC and HOME from the US_FMD-FTM Court case from the court for his purported clients because they have filed bankruptcy. In support of this motion, Plaintiff reminds this court that in the US_FMD-FTM Docket # 16, "The Complaint", Plaintiff on pages three (3) and four (4) state that both defendant entities have been liquidated in Bankruptcy as of December 17, 2013. This position is supported by Mr Wong's statements. However this liquidation does not release or protect either defendant where issues of fraud are involved. See <u>Grogan v Garner, 498 US 279 (1991);</u> <u>US v Spicer, 57 F3d 1152, Court of Appeals, District of Columbia Circuit 1995;</u> and <u>Freezor v Davis</u>

<u>(in re Davis)</u> 108 F3d 337 (9th US DCA 1996). Further for the record, US_FMD-FTM Judge Sheri Polster Chappell states in her order of stay in the US_FMD-FTM case, this matter is ripe for review.

Further, for the record, Mr Wong states in his notice of appearance, that the Plaintiff, "did not file a proof of claim in the Bankruptcy cases," yet the record reflects this statement to be false, as a timely filing of a proof of claim was filed in the New York Bankruptcy Court Case #12-12020, which was received August 31, 2012 by Kurtzman Carson Consultants. Further, the Plaintiff also informed the NY_BK Court, of possible bankruptcy fraud perpetrated by GMAC and/or its subsidiaries on August 27, 2012. Since December 02, 2009, an entity that Mr Wong states is not an entity-in-fact, yet is instead just a "trademark name" has carried on a court case in the Twentieth Judicial Circuit of Charlotte County, Florida as a purported trust and purported injured party, with a purported trustee of Deutsche Bank Trust Company Americas. This is a fraud before the state court that Plaintiff has been seeking relief from to no avail. HOME has committed its own acts of fraud by not disclosing its involvement in purporting to lend money to the undersigned in contradiction to the record, which would be violations of the Truth in Lending Act. Both entities, RFC and HOME have committed separate and distinct violations of fraud as alleged in this complaint.

Mr Wong's statements and filings have further supported Plaintiff/movants basis for the reasons the undersigned filing of the case in the US_FMD-FTM Court for RICO, TILA and FDCPA violations. Additionally, in a brief and quick search of some counties in Florida state Courts, it appears this non-existent entity, along with other attorneys at the law firm Albertelli Law (where defendants Andrew Lee Fivecoat and Erin Mae Rose Quinn previously worked) has filed another case in Charlotte County, one in Hillsborough County (and an additional eight by attorneys from a

different law firm), eight (8) cases in Palm Beach County (one by a suspended Florida Bar attorney and one filed by Defendant in this case, Andrew Lee Fivecoat), one in Duval County (filed by another attorney from Albertelli Law), fifteen (15) in Miami-Dade (one by an attorney with three disciplinary actions by the Florida Bar, and one filed by another attorney from Albertelli Law).

WHEREFORE, Plaintiff respectfully motions the NY_BK Court to permit Plaintiff discovery in the US-FMD-FTM Court, including but not necessarily limited to depositions, admissions, interrogatories, and request for production of documents from both entities which should prove involvement in fraud, RICO Violations as well as Fair Debt Collections Practices Act violations mentioned in the complaint by both RFC and HOME.

Respectfully Submitted,

/s/ RG
_____
Ronald P Gillis
P O Box 380842
Murdock, FL 33938
(413) 622-2282

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that by signing this below, a true and correct copy of the foregoing **MOTION FOR RELIEF OF AUTOMATIC STAY REGARDING "RFC" AND "HOMECOMINGS FINANCIAL" TO PERSUE DISCOVERY** was furnished by hand delivery or USPS 1st Class Mail to:

1. Florida Middle US District Court
2110 First Street
Fort Myers, FL 33901

2. United States Bankruptcy Court - Southern District of New York
One Bowling Green
New York, NY 10004

3. Homecomings Financial LLC & GMAC-RFC Master Servicer

ATTN: Attorney Justin T. Wong
Troutman Saunders LLP
600 Peachtree St NE, Suite 5200
Atlanta, GA 30308-2216

on this __21st__ day of October, 2014        /s/ RG
                                             _____
                                             By: Ronald P Gillis