UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE: ) CASE NO 12-12020
)
RESIDENTIAL CAPITAL, LLC, ET AL., ) CHAPTER 11
)
DEBTORS )
)

RECEIVED

MAR - 5 2015

U.S. BANKRUPTCY COURT, SDNY

## MOTION to STRIKE
## RESCAP's LIQUIDATING TRUST OBJECTION
## as UNTIMELY and IRRELEVANT

COMES NOW, Plaintiff RONALD P. GILLIS in US District Court, for the Middle District of Florida, Fort Myers Division (herein after US_FMD-FTM), and Creditor #444 & 913 / Movant in NY Southern District Bankruptcy Court (herein after NY_BK Court) case #12-12020 moves the NY_BK Court to STRIKE ResCap Motion for Relief of Automatic Stay Regarding "RFC" and "HOMECOMING FINANCIAL" to Pursue Discovery which was filed February 17, 2015, docket item #8136 pursuant to the Federal Rules of Civil Procedure 12 (f)(2) which requires responses within 21 days. This response by Norman S Rosenbaum docket item #8136 on February 17, 2015, **three (3) months after the motion** was filed. Further, this pleading was served by Movant on November 13, 2014 to the NY_BK Court (Originally filed October 24, 2014 but not docketed – refiled and amended docket item #7785 & 7786 on November 17, 2014) and counsel Justin T. Wong who purports to represent Homecomings Financial and GMAC-RFC Master Servicer (who he has repeatedly stated does not exist), who purports to be the ultimate injured party in a state of Florida Court action, yet would be impossible to be an injured party if it does not exist.

Furthermore, Norman S Rosenbaum appears to be attempting to mislead the NY Bankruptcy

Court by addressing issues not relevant to the motion for lift of stay, nor relevant to the case in the US_FMD-FTM, by bringing up the state case of foreclosure when the Fort Myers case is a simple RICO case, not foreclosure. Granting or denying the lift of stay will not impact any acceleration or delay in the foreclosure case which is being adjudicated in the state court, not federal court. Although the foreclosure is a predicating act to the federal lawsuit, they are separate cases. Furthermore, as stated in the Motion to Lift Stay filed by the Movant, fraud must not be protected by a bankruptcy filing. Also as stated in the original motion, the undersigned pointed out to the court, the undersigned Movant was aware of the liquidation of assets, and at this time is not seeking the court claw back any of these assets as only discovery is requested. If appropriate discovery leads to the necessity that this court recover any or part of the assets as a result of RICO wrongdoings, then the undersigned Movant will appropriately move the court to do so if deemed necessary. An additional deceit, which brought the Movant's attention to this filing and the hearing on March 12, 2015, was a filing in which it states this pleading was mailed USPS Overnight Mail, yet the envelope which ONLY contained the docket item # 8179, and was mailed USPS First Class mail, and the undersigned never received a copy of pleading #8136 or #8158. As such, Movant respectfully demands this motion be deemed timely as the turn around time to reply was less then forty-eight (48) hours, only seven (7) of which were business hours.

As the Motion to Lift stay showed, pursuant to 11 U.S.C. §523 and 11 U.S.C. §362 the NY Bankruptcy Court should not permit the withdraw of either Defendant GMAC-RFC Master Servicer (whom attorney Justin Tinshung Wong has stated was incorrectly named and should be Residential Funding Corporation, and hereinafter "RFC") as well as Homecomings Financial, hereinafter "HOME" from the US_FMD-FTM Court Case 2:14-cv-00418-SPC-DNF. Movant showed the basis for the amended motion to lift the stay as follows:

1) Relief from the automatic stay may be granted "for cause" under 11 U.S.C. § 362(d)(1). The stay may be lifted "for cause" to allow litigation involving the debtor to proceed in a nonbankruptcy forum under certain circumstances. *In re Blan* (Blan v. Nachogdoches County Hospital), 237 B.R. 737 (B.A.P. 8th Cir. 1999) (citing *H.R. Rep*. No. 95-595, at 341 (1977); S. Rep. No. 95-989, at 504 L:\Evans\GrantingStayRelief.Pending.Lawsuit.wpd (1978)). Although a creditor moving for relief from stay must make a prima facie case that cause exists, the Debtor has the ultimate burden of proof in opposing motions for relief from stay except where equity in property is at issue. 11 U.S.C. § 362(g). See *In re Anton*, 145 B.R. 767, 769 (Bankr. E.D.N.Y. 1992). The Bankruptcy Court has wide discretion in determining whether or not to lift the automatic stay.

The submission of this motion is prompted by the inclusion of comments in Mr Wong's Notice of Appearance in the US_FMD-FTM Court case, where he states he will seek removal for RFC and HOME from the US_FMD-FTM Court case from the court for his purported clients because they have filed bankruptcy. In support of this motion, Plaintiff reminds this court that in the US_FMD-FTM Docket # 16, "The Complaint", Plaintiff on pages three (3) and four (4) state that both defendant entities have been liquidated in Bankruptcy as of December 17, 2013. This position is supported by Mr Wong's statements. However this liquidation does not release or protect either defendant where issues of fraud are involved. See <u>Grogan v Garner, 498 US 279 (1991); US v. Spicer, 57 F3d 1152, Court of Appeals, District of Columbia Circuit 1995;</u> and <u>Freezor v Davis (in re Davis) 108 F3d 337 (9th US DCA 1996).</u> Further for the record, US_FMD-FTM Judge Sheri Polster Chappell states in her order of stay in the US_FMD-FTM case, this matter is ripe for review.

Further, for the record, Mr Wong states in his notice of appearance, that the Plaintiff, "did not file

a proof of claim in the Bankruptcy cases," yet the record reflects this statement to be false, as a timely filing of a proof of claim was filed in the New York Bankruptcy Court Case #12-12020, which was received August 31, 2012 by Kurtzman Carson Consultants. Further, the Plaintiff also informed the NY_BK Court, of possible bankruptcy fraud perpetrated by GMAC and/or its subsidiaries on August 27, 2012. Since December 02, 2009, an entity that Mr Wong states is not an entity-in-fact, yet is instead just a "trademark name" has carried on a court case in the Twentieth Judicial Circuit of Charlotte County, Florida as a purported trust and purported injured party, with a purported trustee of Deutsche Bank Trust Company Americas. This is a fraud before the state court that Plaintiff has been seeking relief from to no avail. HOME has committed its own acts of fraud by not disclosing its involvement in purporting to lend money to the undersigned in contradiction to the record, which would be violations of the Truth in Lending Act. Both entities, RFC and HOME have committed separate and distinct violations of fraud as alleged in this complaint.

2) Mr Wong's statements and filings have further supported Plaintiff/Movants basis for the reasons the undersigned filing of the case in the US_FMD-FTM Court for RICO, TILA and FDCPA violations. Additionally, in a brief and quick search of some counties in Florida state Courts, it appears this non-existent entity, along with other attorneys at the law firm Albertelli Law (where defendants Andrew Lee Fivecoat and Erin Mae Rose Quinn previously worked) has filed another case in Charlotte County, one in Hillsborough County (and an additional eight by attorneys from a different law firm), eight (8) cases in Palm Beach County (one by a suspended Florida Bar attorney and one filed by Defendant in this case, Andrew Lee Fivecoat), one in Duval County (filed by another attorney from Albertelli Law), fifteen (15) in Miami-Dade (one by an attorney with three disciplinary actions by the Florida Bar, and one filed by another attorney from

Albertelli Law).

WHEREFORE, Plaintiff respectfully motions the NY_BK Court to proceed as indigent and grant Plaintiff discovery in the US-FMD-FTM Court by granting the previous Motion to Lift Stay as well as strike the Rescap Liquidating Trust's Objection docket item # 8136 filed with the court on February 17, 2015 as untimely and irrelevant.

Respectfully Submitted,

/s/ Ronald P Gillis

Ronald P Gillis
P O Box 380842
Murdock, FL 33938
(413) 622-2282

## Certificate of Service

I Hereby Certify that by signing this below, a true and correct copy of the foregoing **MOTION TO STRIKE RESCAP's LIQUIDATING TRUST OBJECTION AS UNTIMELY AND IRRELEVANT** was furnished to the follow **[and by the following methods]**

1. Norman S Rosenbaum    [by Fax 212-468-7900] &   [by email to nrosenbaum@mofo.com]
Morrison & Foerster LLP
250 West 55 Street
New York, NY 10019

2. United States Bankruptcy Court - Southern District of New York   [by USPS Overnight Mail]
One Bowling Green         (and copy to Honorable Martin Glenn)
New York, NY 10004

3. Homecomings Financial LLC & GMAC-RFC Master Servicer    [by fax 404-885-3900]
ATTN: Attorney Justin T. Wong          [by email justin.wong@troutmansaunders.com]
Troutman Saunders LLP
600 Peachtree St NE, Suite 5200
Atlanta, GA 30308-2216

4. Joseph A Shifer [Kramer Levin Naftalis & Frankel LLP]     [by fax 212-715-8000]
                                    [by email jshifer@kramerlevin.com]

5. Office US Trustee           [by fax 212-668-2255] &   [by email linda.riffkin@usdoj.gov] &
                                                        [by email Brian.Masumoto@usdoj.gov]

6. ResCap Liquidating Trust - Jeffrey Brodsky           [by fax 914-253-8103]
                                                        [by email jbrodsky@qtadvisors.com]

7. Kurtzman Carson Consultants - Clarissa D Cu          [by email rescapinfo@kccllc.com]

on this __02nd__ day of March, 2015

/s/ Ronald P Gillis

By: Ronald P Gillis
P O Box 380842
Murdock, FL 33938
(413) 622-2282

**NOTE**
Email address will be temporary NON-monitored email
address, so all correspondence should be by fax or mail
only.