# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, ET AL. ) | Chapter 11 |
| Debtors. ) | Jointly Administered |

## MOTION TO STAY AND RECONSIDER RESCAP BORROWER CLAIMS TRUST'S DOCKET 8135 – ORDER SUSTAINING OMNIBUS SEVENTY-SIXTH OBJECTION TO CLAIM 3728 (NO LIABILITY BORROWER CLAIM)

I, Kenneth C. Thomas, hereby file this Motion to Stay and Reconsider ResCap Borrower Claims Trust's Docket 8135 – Order Sustaining Seventy-Sixty Omnibus Objection to Claim 3728 (No Liability Borrower Claim). Specifically, expungement and disallowance due to false and negligent affidavits of service used to bring foreclosure proceedings.

KENNETH C. THOMAS
*Claimant*

Dated: March 3, 2015

Originally dated February 23, 2015
and received by Court on February 26, 2015
as Notice of Appeal

RECEIVED
MAR - 5 2015
U.S. BANKRUPTCY COURT, SDNY

*"Id.* (quoting 735 ILL. COMP. STAT. ANN. 5/2-206(a) (West 2004)). Local Rule 7.3 of the Circuit Court of Cook County provides:

> Pursuant to [section 2-206(a) of the Code], due inquiry shall be made to find the defendant(s) prior to service of summons by publication. In mortgage foreclosure cases, all affidavits of service of summons by publication must be accompanied by a sworn affidavit by the individual(s) making such 'due inquiry' setting forth with particularity the action taken to demonstrate an honest and well directed effort to ascertain the whereabouts of the defendant(s) by inquiry as full as the circumstances permit prior to placing any service of summons by publication."

The above requirement by Illinois law did not occur. The Order continues with:

*"BankUnited v. Velcich,* ___ N.E.3d ___, 2015 Ill. App. (1st) 132070, at *6 (Ill. App. Ct. 2015) (quoting COOK CO. CIR. CT. R. 7.3 (Oct. 1, 1996)). "A defendant may challenge a plaintiff's section 2-206(a) affidavit by filing an affidavit showing that upon due inquiry, he could have been found." Bank of N.Y., 860 N.E. 2d at 1118 (citation omitted). The burden then shifts to the plaintiff to produce evidence of its due inquiry. *Id.* (citation omitted).

The Trust submitted two affidavits of a process server. (See Priore Supp. Ex. Q.) The first affidavit of service indicates that process was not served on Thomas at the Property "after diligent investigation" because the process server spoke to the doorman of the condominium, "who stated that [Thomas] does not live in unit # 1705." (Id. at 2.) The second affidavit of service indicates that process was not served on Thomas at an alternate address "after diligent investigation" because the process server spoke to the tenant occupying the address "who stated [Thomas] does not live[] in unit, or at address." (Id. at 3.) The Trust also submitted a certificate of publication, certifying that the Chicago Daily Law Bulletin published notice of the foreclosure action on March 23, March 30, and April 6, 2012. (See Priore Supp. Ex. R.) While Thomas alleges that "[t]here are inaccuracies in [the] affidavit from servicer" (Opp. at 3), he does not identify these inaccuracies. The Court concludes that the Trust has rebutted the prima facie

validity of Thomas's Claim to the extent it alleges inaccuracies in service of the foreclosure complaint, and Thomas failed to establish that service by publication was improper."

The affidavit states the servicer talked with doorman and was told that I do not own unit or live in 1705 and stated that "there is a Ms. Duiven who owns and lives in unit." When I read that quote in the Order, I knew that could not be true. The doormen know me, and in particular, the one who would have been on duty at the time servicer "spoke" to him. The actual doorman who would have been on duty at that time is female. Neither "Ms. Duiven" nor anyone else has mortgaged or lived at this property. I purchased pre-construction and have lived here since May 2008. A check of county records would have and will disprove. As for the second service, the named "tenant" servicer spoke with has never resided in that unit at that address because I own it and lease it. Both affidavits are patently and negligently false.

I became aware of the foreclosure proceeding on my home because of solicitation. I was totally unaware of any of this as I was dealing with quite a lot—unemployment and looking for work, being in arrears and facing foreclosure on my home, and trying to save an occupied investment property that I was properly served notice. My day-to-day existence was consumed with keeping my head above water..

I ask that Your Honor reconsider the expungement and disallowance of my claim.

Respectfully submitted,

*[signature]*

KENNETH C. THOMAS
*Claimant*

Dated: March 3, 2015

Originally dated February 23, 2015
and received by Court on February 26, 2015
as Notice of Appeal