**Hearing Date: March 12, 2015 at 10:00 A.M. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS
SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS
(NO-LIABILITY BORROWER CLAIMS)
<u>AS TO CLAIM NO. 5066 FILED BY OTIS COLLIER</u>**

ny-1176983

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................ 1

BACKGROUND ............................................................................................................................ 2

REPLY ............................................................................................................................................ 6

CONCLUSION ............................................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Allegheny Int'l, Inc. v. Snyder (In re Allegheny Int'l, Inc.),
    954 F.2d 167 (3d Cir. 1992) ......................................................................................... 6

Celli v. First Nat'l Bank of N.N.Y. (In re Layo),
    460 F.3d 289 (2d Cir. 2006) ..................................................................................... 7, 8

Corbett v. MacDonald Moving Servs., Inc.,
    124 F.3d 82 (2d Cir. 1997) ........................................................................................... 7

Feinberg v. Bank of N.Y. (In re Feinberg),
    442 B.R. 215 (Bankr. S.D.N.Y. 2010) ......................................................................... 6

Gomes v. Countrywide Home Loans, Inc.,
    121 Cal. Rptr. 3d 819 (Cal. Ct. App. 2011) ................................................................ 4

In re Adelphia Commc'ns Corp.,
    Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) .......... 6

In re Oneida Ltd.,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009) ......................................................................... 6

In re Residential Capital, LLC,
    507 B.R. 477 (Bankr. S.D.N.Y. 2014) ......................................................................... 6

In re Rockefeller Ctr. Props.,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000) ......................................................................... 6

People ex. Rel. Gow v. Mitchell Bros.' Santa Ana Theater,
    161 Cal. Rptr. 562 (Cal. Ct. App. 1980) ........................................................................

Semtek Int'l Inc. v. Lockheed Martin Corp.,
    531 U.S. 497 (2001) ..................................................................................................... 6

**STATUTES**

11 U.S.C. § 502(a) .............................................................................................................. 5

11 U.S.C. § 502(b)(1) ......................................................................................................... 5

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this reply (the "Collier Reply") and the Supplemental Declaration of Deanna Horst, Chief Claims Officer of the ResCap Liquidating Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the response filed by Otis Collier ("Mr. Collier") [Docket Nos. 7351, 7352, and 7450] (collectively, the "Collier Response")[2] to the *ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims (No Liability Borrower Claims)* [Docket No. 7188] (the "Objection") and in further support of the Objection. The Borrower Trust respectfully states as follows:

**PRELIMINARY STATEMENT**

1. The Borrower Trust examined the Collier Response and the statements submitted in support thereof. For purposes of the Collier Reply and the Objection, the Borrower Trust takes these statements at face value. If the Court is not prepared to rule on the Objection with respect to Mr. Collier, then the Borrower Trust reserves the right to take discovery from the Mr. Collier.

2. As described herein and in the Supplemental Declaration, the Borrower Trust thoroughly examined the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records") in an effort to validate the accuracy of the allegations made in the Collier Response and the Claim.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

[2] Docket No. 7351 is the *Response and Opposition of Claimant Otis L. Collier, Jr., to ResCap Borrower Claims Trust's Sixty-Ninth Omnibus Objection to Claims & Request for Opportunity for Discovery & Evidentiary Hearing* (the "Collier Opposition"). Docket No. 7352 is the Declaration of Otis L. Collier, Jr. (the "Collier Declaration") which supports the Collier Opposition. Docket No. 7450 is the *Appendix of Texas State and Statutory Authorities*, which provided the cases cited in the Collier Opposition.

ny-1176983

3. The Objection shifted the burden of proof back to Mr. Collier. Through the Collier Response, Mr. Collier restated his assertions that the Debtors violated the Texas Constitution and failed to provide him with a loan modification, and attached cases he claimed supported his allegations. He also requested that he be allowed to amend his claim in order to assert ten new causes of action against the Debtors' estates premised on the same factual allegations.

4. However, Mr. Collier's allegations, no matter what cause of action they are asserted under, do not demonstrate any liability of the Debtors' estates. The Debtors offered to modify Mr. Collier's loan on two occasions, and at no time did any of the modifications provided or offered to Mr. Collier violate the Texas Constitution. While the Debtors denied Mr. Collier's later requests for a loan modification, such denials were based on a business decision to stop modifying all loans like Mr. Collier's due to uncertainty as to the legality of such modifications. Therefore, Mr. Collier cannot identify that such denials were improper. As a result, Mr. Collier has failed to demonstrate any prepetition action by the Debtors that entitles him to a claim against the Debtors' estates. Accordingly, the relief sought in the Objection should be granted with respect to the Claim.

## BACKGROUND

5. In connection with the claims reconciliation process, the Borrower Trust identified certain claims filed by Borrowers that it believed did not constitute valid liabilities of the Debtors (together, the "No Liability Borrower Clams"). See Objection ¶ 16.

6. The Debtors sent a Request Letter to Mr. Collier on June 21, 2013, requesting additional documentation in support of the Claim. See Supplemental Declaration ¶ 5. The Request Letter stated that Mr. Collier must respond within 30 days with an explanation that states the legal and factual reasons why he believes he is owed money or is entitled to other relief

2

ny-1176983

from the Debtors, and he must provide copies of any and all documentation that he believes supports the basis for his claim. The Request Letter further stated that if Mr. Collier does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the Claim, seeking to have the Claim disallowed and permanently expunged. See Supplemental Declaration ¶ 6.

7. The Debtors received a response to the Request Letter from Mr. Collier on July 26, 2013 (the "Diligence Response"). A copy of the Diligence Response is attached to the Supplemental Declaration as Exhibit A. However, the Diligence Response failed to allege bases for claims against the Debtors' estates. Further, as stated in the Objection, the Books and Records do not show any liability due and owing to Mr. Collier. See Supplemental Declaration ¶ 7.

*Background Facts*

8. On or around November 15, 2012, Mr. Collier filed a proof of claim against Debtor GMAC Mortgage, LLC ("GMACM"), designated as Claim No. 5066 (the "Claim"), asserting a secured claim for $243,885 and a general unsecured claim for $118,115.00. See Exhibit B to the Supplemental Declaration; see also Exhibit A to the proposed order to the Objection ("Exhibit A to the Objection").

9. According to the Books and Records, non-Debtor Decision One Mortgage Company ("Decision One") originated a loan in the amount of $204,000.00 to Mr. Collier on June 16, 2005 (the "Loan"), secured by a mortgage on property located at 3201 Milburn Street, Houston, Texas 77021 (the "Property"). See Exhibit A to the Objection; see also Note, attached to the Supplemental Declaration as Exhibit C, and Mortgage, attached to the Supplemental Declaration as Exhibit D. Debtor Residential Funding Company ("RFC") purchased the loan

from Decision One and transferred the Loan when it was securitized in which US Bank, NA was appointed as Trustee on or about September 1, 2005.  See Exhibit A to the Objection.

10. Debtor Homecomings Financial, LLC ("Homecomings") serviced the Loan from September 15, 2005 until servicing was transferred to GMACM on or about July 1, 2009.  GMACM serviced the loan until the servicing was transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  See Exhibit A to the Objection.

11. Mr. Collier obtained a loan modification from Homecomings on or about August 21, 2008 (the "2008 Modification"), which reduced his monthly principal and interest payment from $1,779.39 to $1,335.16 and his interest rate from 10.04% to 5.5%.  See 2008 Modification Agreement, attached to the Supplemental Declaration as Exhibit E; see also Servicing Notes (the "Servicing Notes"), attached to the Supplemental Declaration as Exhibit F.  The 2008 Modification Agreement capitalized past due principal and interest payments, thereby increasing the principal balance to $224,493.76.  See id. at 1.

12. On March 22, 2010, Mr. Collier applied for another loan modification.  See Exhibit A to the Objection.  On April 2, 2010, the Debtors denied the Loan for a HAMP modification due to insufficient income.  See April 2, 2010 Denial Letter, attached to the Supplemental Declaration as Exhibit G.

13. On May 12, 2010, the Debtors approved the Loan for a traditional modification trial plan (the "Trial Plan").  See Trial Plan Agreement, attached to the Supplemental Objection as Exhibit H.  Mr. Collier made all of the payments under the Trial Plan, and on July 15, 2010, the Debtors approved Mr. Collier for a permanent modification.  That same day, the Debtors sent Mr. Collier a permanent modification agreement, addressed to P.O. Box 1912, Houston TX 77251, FedEx tracking number 456422691950.  See July 2010

4

Modification Offer, attached to the Supplemental Declaration as <u>Exhibit I</u>: <u>see also</u> Servicing Notes. The July 2010 Modification Offer required a contribution payment to be received by July 21, 2010. <u>See id</u>. at 1.

14. On September 17, 2010, Mr. Collier spoke with the Debtors via phone and advised that he had not received the documents for the permanent modification. <u>See Exhibit A</u> to the Objection. As a result, the Debtors sent Mr. Collier a new permanent modification agreement to sign on December 29, 2010 to the same address as above, FedEx tracking number 472104384845. <u>See</u> December 2010 Modification Offer, attached to the Supplemental Declaration as <u>Exhibit J</u>; <u>see also</u> Servicing Notes. The December 2010 Modification Offer required a contribution payment to be received by January 21, 2011. <u>See id</u>. at 156.

15. The Debtors called Mr. Collier on January 4, January 7, and January 11, 2011 to discuss the December 2010 Modification Offer. <u>See Exhibit A</u> to the Objection. On January 12, 2011, the Debtors spoke with Mr. Collier via phone, at which time Mr. Collier informed the Debtors that he had just received the December 2010 Modification Offer and that it will be difficult for him to make the contribution payment by January 21, 2011. <u>See</u> Servicing Notes at 155-56. During the phone call, the Debtors advised Mr. Collier that there was no guarantee he would be approved for a modification if he did not execute the agreement. <u>See id</u>.

16. On March 4, 2011, the Debtors denied the Loan for the permanent modification because the Debtors did not receive the executed permanent modification agreement from Mr. Collier. <u>See</u> March 4, 2011 Denial Letter, attached to the Supplemental Declaration as <u>Exhibit K</u>.

17. In March 2011, the Debtors made the business decision to stop modifying loans that were originated as "Texas Home Equity" loans because it was unclear whether such modifications were valid under the Texas Constitution. See Supplemental Declaration ¶ 16.

18. On March 22, 2011, Mr. Collier submitted a workout package to be reviewed for a loan modification. See Servicing Notes. The Debtors denied Mr. Collier's application on March 25, 2011 because it was originated as a Texas Home Equity loan. See Servicing Notes at 149-150, see also March 25, 2011 Denial Letter, attached to the Supplemental Declaration as Exhibit L.

19. Mr. Collier applied for additional loan modifications on August 19, 2011 and December 9, 2011. See Servicing Notes at 120, 132. However, the Debtors denied his application both times due to the Debtors' policy of not modifying Texas Home Equity loans. See August 22, 2011 Denial Letter, attached to the Supplemental Declaration as Exhibit M and December 13, 2011 Denial Letter, attached to the Supplemental Declaration as Exhibit N.

**REPLY**

20. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. 502(b)(1). As noted previously by the Court, claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. In re Residential

6

ny-1176983

Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014). See also Allegheny Int'l, Inc. v. Snyder (In re Allegheny Int'l, Inc.), 954 F.2d 167, 173-74 (3d Cir. 1992).

21. Once an objection refutes an essential allegation of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence. Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

*The Debtors Did Note Offer Mr. Collier an Illegal Modification*

22. Mr. Collier asserts that the modification offered in December 2010 by GMACM violated section 50(a)(6) of the Texas constitution. See Collier Opposition ¶ 7. Under Section 50(a)(6) the Texas Constitution, the refinancing of a home equity line of credit is subject to numerous limitations, including that the principal balance at the time of the extension of credit cannot exceed 80% of the fair market value of the home. See Texas Const. Art. XVI, § 50(a)(6). However, that section of the Texas Constitution applies "on the date the extension of credit is made." Courts have interpreted this provision to mean that the aforementioned limitations apply only to the terms of the loan at the time of the origination, rather than the modification, because a modification is not a new extension of credit. In Hawkins v. JP Morgan Chase, 2013 U.S. Dist. Lexis 24927 (W.D. Tex., 2014), which Mr. Collier cites in his response, the court found that modifications that increased the principal balance because of the capitalization of past due interest and escrow payments did not violate the Texas Constitution (even though the principal balance exceeded 80% of the fair market value after the modification) because the modification

7

did not extend new credit, but rather merely modified the terms of the borrower's existing loan. The Texas Supreme Court agreed with the court in <u>Hawkins</u>, finding that "the restructuring of a home equity loan that … involves capitalization of past-due amounts owed under the terms of the initial loan and a lowering of the interest rate and the amount of installment payments, but does not involve the satisfaction or replacement of the original note, an advancement of new funds, or an increase in the obligations created by the original note, is not a new extension of credit that must meet the requirements of Section 50." <u>Sims v. Carrington Mortg. Servs.</u>, LLC, 2014 WL 1998397, at *17 (Tex., May 16, 2014).

23.    Since the 2008 Modification, the July 2010 Modification Offer, and the December 2010 Modification Offer all involved the capitalization of past due amounts and were not advancements of new funds, they were not an extension of credit as defined by the courts in <u>Hawkins</u> and <u>Sims</u>, and therefore did not violate the Texas Constitution.

24.    Mr. Collier also appears to assert that the Debtors violated section 50(a)(6)(L) of the Texas Constitution, which prohibits temporary interest-only payments unless such payments "equal or exceed the amount of accrued interest." <u>See</u> Collier Opposition ¶ 10. However, the payments under the 2008 Modification and the proposed payments under the July 2010 Modification Offer and the December 2010 Modification Offer were for principal and interest, and therefore did not violate this provision of the Texas Constitution. <u>See</u> 2008 Modification, July 2010 Modification Offer, and December 2010 Modification Offer.

25.    As a result, the Debtors did not offer Mr. Collier an "illegal" modification, as the modifications offered were in compliance with the Texas Constitution.

8

ny-1176983

*The Debtors Have No Liability for Not Providing Mr. Collier with a Loan Modification*

26. Mr. Collier further alleges that the Debtors are also liable for promising him a loan modification in December 2010 and then never actually providing him with the necessary paperwork to execute the modification.  See Collier Declaration ¶ 23.  However, this allegation fails because the Debtors' records show that the Debtors offered him a permanent modification and sent the paperwork addressed to P.O. Box 1912, Houston, TX 77251, which is also the address Mr. Collier states as his address in the Collier Response.  See Collier Declaration ¶ 18; see also July 2010 Modification Offer and December 2010 Modification Offer.  There is a presumption that a letter is received when it is properly addressed and mailed.  See Mobile Am. Sales Corp. v. Gradley, 612 S.W.2d 625, 628 (Tex. App. 1980); U.S. v. Ekong, 518 F.3d 285, 287 (5th Cir. 2007); Dunn v. Albany Med. Coll., 445 F. App'x. 431, 432 (2d Cir. 2011).  Furthermore, Mr. Collier actually attaches a copy of the December 2010 Modification to the Collier Declaration as Exhibit C.

27. Additionally, the Debtors' records reflect that Mr. Collier stated on January 12, 2011 that he did receive the paperwork, but he would not be able to make the contribution payment.  See Servicing Notes at 155-56.  The Debtors then waited until March 3, 2011, at which time the modification was denied because the Debtors did not receive the necessary paperwork.  See id. at 154.  As a result, the evidence demonstrates that Mr. Collier received the December 2010 Modification Offer and therefore, the Debtors cannot be liable for failing to modify his loan.

28. The denials on March 25, 2011, August 22, 2011, and December 13, 2011 were the result of a business decision made by the Debtors due to the lack of clarity in the law at the time regarding Texas Home Equity Loans.  See Supplemental Declaration ¶ 18.  Since the

9

Debtors were under no legal or contractual obligation to modify Mr. Collier's loan, such business decision was appropriate.

*Mr. Collier Fails to Sufficiently Plead Any of the Causes of Action Listed in the Collier Response*

29. Mr. Collier also asserts he has causes of action based on theories of breach of oral contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, fraud based on misrepresentation, negligence, unfair and deceptive business practices, negligent infliction of emotional distress, Truth in Lending Action (TILA) violations, predatory and discriminatory lending practices, and Fair Debt Collection Practices Act (FDCPA) violations. However, Mr. Collier does nothing other than list these causes of action and provides no explanation as to how the Debtors' actions impose liability for such causes of action. As a result, Mr. Collier has failed to sufficiently plead any of these causes of action.

30. In sum, Mr. Collier fails to demonstrate a valid claim against the Debtors' estates. Therefore, the Claim should be disallowed and expunged.

## CONCLUSION

31. WHEREFORE, the Borrower Trust respectfully submits that the relief requested in the Objection should be granted in its entirety.

Dated: March 5, 2015
      New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*