# Exhibit J

# December 2010 Modification Offer

12/29/2010                                                                    **GMAC Mortgage**

OTIS L COLLIER

OTIS L COLLIER
PO BOX 1912
HOUSTON TX 77251

Re: Account Number    [redacted]
                      3201 MILBURN STREET
                      HOUSTON TX 77021

Dear OTIS L COLLIER

**Congratulations!  Your request for a loan modification has been approved subject to the following:**
  -Receipt of your contribution in the form of certified funds
  -Receipt of the signed and (if applicable) notarized and/or witnessed loan modification agreement and any attachments
  -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of  $ 1,725.07 in the form of certified funds, is due in our office by January 21, 2011.
- The interest rate is  5.50000%.
- The first modified payment begins February 21, 2011.
- **Modified payment amount**
  | | |
  |---|---|
  | Principal and Interest | $ 1,356.33 |
  | Escrow | $ 369.56 |
  | **Total Payment** | **$1,725.89** |
- If the Modification Agreement has notary provisions at the end:
  o  Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary.
  o  This document must be signed in the presence of a notary and (if applicable) other witnesses.
- If executing an ink signature (paper), all of the documents must be executed and the signatures must be exactly as the names are typed.  The signed and (if applicable) notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding.
- For loans with mortgage insurance, the mortgage insurance premium may be subject to change following permanent modification.  Any change would be proportionate to the modified loan amount, including any deferred balance, and would be reflected in a future escrow analysis following permanent modification.

The contribution and executed loan modification documents are due back by January 21, 2011.  Please return to:

                        GMAC Mortgage, LLC
                        3700 J Street SW
                          **Suite 222**
                      Cedar Rapids, IA 52404

IMPORTANT!  The loan modification will not be complete until we receive all properly executed documents and the contribution amount.  If the modification is not completed we will continue to enforce our lien.  If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

**NOTICE**:  Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

If you are currently involved in a bankruptcy proceeding or if you have been discharged of your personal liability for the repayment of this debt, this notice is being provided for informational purposes only, it is not an attempt to hold you personally responsible for the debt and any rights we may choose to pursue will be exercised against the property only.

Record & Return To:
GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702
Investor Number
Custodian ID: W1

———————————————————[Space Above This Line For Recorder's Use]———————————————————

# NON-HAMP LOAN MODIFICATION AGREEMENT

    This Loan Modification Agreement ("Agreement") made this January 21, 2011 ("Effective Date") between OTIS L COLLIER ("Borrower") and GMAC Mortgage, LLC, Lender\Servicer or Agent for Lender\Servicer, Mortgage Electronic Registration Systems, Inc. (Mortgagee) amends and supplements (1) the Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated June 16, 2005 and granted or assigned to Mortgage Electronic Registration Systems, Inc. as mortgagee of record (solely as nominee for Lender\Servicer or Agent for Lender\Servicer), P.O Box 2026, Flint, Michigan 48501-2026, (888) 679-MERS, and if applicable, recorded with Instrument Number in Book and/or Page Number of the real property records of HARRIS County, TX and (2) that certain promissory note ("Note") dated June 16, 2005 in the original principal sum of Two Hundred Four Thousand Dollars and No Cents ($ 204,000.00) executed by Borrower. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 3201 MILBURN STREET HOUSTON TX 77021, which real property is more particularly described as follows:

( Legal Description if Applicable for Recording Only )

    Borrower acknowledges that "Lender" is the legal holder and the owner, or agent\servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if "Lender" transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and Security Instrument (New Principal Balance) is $218,429.03.

2. The Maturity Date is June 21, 2035.

3. Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and Security Instrument

4. Interest will be charged on the unpaid, non-deferred, 'New Principal Balance" until the non-deferred principal has been paid in full. Borrower promises to pay interest at the rate of 5.50000% from January 21, 2011 until I payoff my loan at the time when I sell or transfer any interest in my home, refinance the loan, or when the last scheduled payment is due. The rate of interest I pay will change based upon Payment Schedule below.

5. Borrower promises to make monthly principal and interest payments of $1,356.33, beginning on February 21, 2011, and continuing thereafter on the same day of each succeeding month, until all principal and interest is paid in full.

6. If on June 21, 2035 (the "Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including any "Deferred Principal Balance " as provided for in this Agreement, Borrower will pay these amounts in full on that date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, Iowa, 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

7. If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

8. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been

changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

9.  If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

10. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

11. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

12. By signing, I acknowledge that I have received the "Notice of Special Flood Hazard and Availability of Federal Disaster Relief Assistance" if my property is located in a Special Flood Hazard Area. I further acknowledge that I have received this notice in sufficient time to have the opportunity to become aware of my responsibilities under the National Flood Insurance Program and to purchase adequate flood insurance prior to the completion of this loan modification.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_____   _____          _____
Date             OTIS L COLLIER                           Witness

                                                          _____
                                                          Print

_____   _____          _____
Date

                                                          _____

_____   _____          _____
Date                                                      Witness

                                                          _____
                                                          Print

_____   _____          _____
Date

_____
Mortgage Electronic Registration Systems, Inc as nominee for Lender

Date: _____

**LENDER ACKNOWLEDGMENT**