Timothy P. McElduff, Jr. (TPM-5230)
DRAKE LOEB PLLC
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
Tel. No.: 845-561-0550
Fax No.: 845-561-1235

-and-

Jeffrey B. Loeb (admission *pro hac vice* pending)
RICH MAY, PC
176 Federal Street
Boston, Massachusetts 02110-2223
Tel. No.: 617-556-3871
Fax No.: 617-391-5771

*Attorneys for Interested Parties CitiMortgage, Inc., Iraide Peruchi, and Matthew and Alexis Freitas*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------X
In re:                                                                    Case No.: 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC, et al.,                 Chapter 11

　　　　　　　Debtors.                                    Jointly Administered
------------------------------------------------------------X

**CITIMORTGAGE, INC., IRAIDE PERUCHI, AND MATTHEW AND ALEXIS FREITAS'S OBJECTION TO DEBTORS' MOTION FOR ENTRY OF ORDER ESTABLISHING PROCEDURES ENFORCING INJUNCTIVE PROVISIONS OF PLAN**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

　　CitiMortgage, Inc., Iraide Peruchi, and Matthew and Alexis Freitas (collectively referred to as the "Objecting Parties"), jointly respectfully request that this Court grant them leave to file their response to the Debtor's Motion for Entry of Order Establishing Procedures Enforcing Injunctive Provisions of Plan and to Continue the Hearing on said Motion. As grounds therefore, the Objecting Parties state as follows:

1. The Objecting Parties are the plaintiffs in certain quiet title actions pending in the Commonwealth of Massachusetts involving mortgage loans in which GMAC Mortgage presently has or had an interest, entitled *Citimortgage, Inc. v. Manchester, et al.*, Massachusetts Superior Court, Suffolk County, Civil docket No. SUCV2012-03708-G, *Peruchi v. GMAC Mortgage, LLC, et al.*, Massachusetts Land Court, Misc. No. 13 MISC 477991 GHP, and *Freitas v. Tetreault, et al.*, Massachusetts Land Court, Misc. No. 13 MISC 478526 KCL.

2. On February 19, 2015, the ResCap Liquidating Trust filed its *Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order* (the "Motion").

3. A hearing to consider the Motion shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, on March 12, 2015 at 10:00 a.m.

4. The Objecting Parties believe that their claims are title claims that were permitted to proceed pursuant to this Court's July 13, 2012, Final Supplemental Order [Docket Number 0774].

5. None of the Objecting Parties are seeking monetary damages from the Debtors.

6. All of the Objecting Parties are seeking to cure title defects arising out of foreclosures conducted in Massachusetts where one of the Debtors purported to be the record holder of the foreclosed upon mortgage.

7. These are not situations where the Debtors' role was as servicer but rather in each instant GMAC Mortgage, LLC is purported to be the record holder of the mortgage and the

foreclosure was conducted in its name (copies of the foreclosure deeds are attached hereto as Exhibit A).

8. From a review of the record title, each of the foreclosures appears to be invalid under *U.S. Bank, N.A. v. Ibanez*, 458 Mass. 637 (2011).

9. If the foreclosure was invalid, each of the Objecting Parties is the holder of the Mortgage and has the right to foreclose under *Bevilacqua v. Rodriguez*, 460 Mass. 762 (2011) and *SunTrust Mortgage, Inc. v. Chan*, Land Court, 11 MISC 447517-AHS (Nov. 9, 2012), 2012 WL 5473794.

10. However, in order to conduct the foreclosure each of the Objecting Parties must gain possession of the underlying promissory note or obtain permission from the holder of the note. *Eaton v. FNMA*, 462 Mass. 569 (2012).

11. With respect to the matter where CitiMortgage is the Plaintiffs, GMAC Mortgage, LLC, appeared and defended the action after the commencement of this bankruptcy proceeding and produced documents. A copy of a document response received from GMAC Mortgage is attached hereto as Exhibit B. A copy the underlying promissory note provided with said response is attached as Exhibit C.

12. With respect to the matter where the Freitases are the Plaintiffs, a copy of the underlying promissory note has been produced.

13. In light of *Eaton v. FNMA*, 462 Mass. 569 (2012), the production of a copy of the underlying promissory note is not sufficient to permit the Objecting Parties to cure their title issues as the foreclosing entity needs to be the holder of the underlying promissory note or be foreclosing with the permission of the holder.

14. The only relief that the Objecting Parties are seeking against the Debtors is an Order consistent with the one issued in *Cavanaugh v. Lowney*, 11 MISC 447901-GHP (Dec. 21, 2012, aff'd *Cavanaugh v. Lowney*, Mass. App. Ct. 13-P-331 (May 2, 2014), requiring the foreclosing lender to turn over the promissory note to the holder of the mortgage so the mortgagee can conduct the foreclosure in order to quiet title to the property.

15. Wherefore, Objecting Parties jointly respectfully request that this sustain this Objection and issue an Order that the claims asserted by the Objecting Parties are governed by this Court's July 13, 2012, Final Supplemental Order [Docket Number 0774].

Dated: New Windsor, New York
March 5, 2015

DRAKE LOEB PLLC

s/ Timothy P. McElduff, Jr.
Timothy P. McElduff, Jr., Esq. (TPM-5230)
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
Tel. No.: 845-561-0550
Fax No.: 845-561-1235

-and-

Jeffrey B. Loeb (admission *pro hac vice* pending)
RICH MAY, PC
176 Federal Street
Boston, Massachusetts 02110-2223
Tel. No.: 617-556-3871
Fax No.: 617-391-5771