MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP LIQUIDATING TRUST'S REPLY IN SUPPORT OF ITS SEVENTY-NINTH OMNIBUS CLAIMS OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS) SOLELY WITH RESPECT TO CLAIM NO. 7466 FILED BY MARTHA S. PANASZEWICZ**

ny-1177995

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND ..............................................................................................................................2

    A.    Claimant's Loan History and Foreclosure Sale ......................................................2

    B.    The Chapter 11 Cases ............................................................................................3

    C.    Claimant's Wrongful Foreclosure Action ..............................................................4

REPLY ..............................................................................................................................................6

    A.    Claimant Filed an Untimely Claim Despite Being Properly Served with
Notices Relating to the Chapter 11 Cases ..............................................................6

    B.    The Claimant Does Not Meet the Excusable Neglect Standard to Permit a
Late-Filed Claim ....................................................................................................8

    C.    Claimant Has Not Properly Filed an Informal Proof of Claim ............................14

ny-1177995

## **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Global Indus. Techs., Inc. v. Ash Trucking Co., Inc. (In re Global Indus. Techs., Inc.)*,
   375 B.R. 155 (Bankr. W.D. Pa. 2007) .................................................................... 10, 11

*Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*,
   190 B.R. 185 (Bankr. S.D.N.Y. 1995) .......................................................................... 15

*In re 2715 N. Milwaukee LLC*,
   422 B.R. 675 (Bankr. N.D. Ill. 2010) ...................................................................... 10, 11

*In re Auto–Train Corp.*,
   57 B.R. 566 (Bankr. D.D.C. 1986) ............................................................................ 7, 11

*In re BGI, Inc.*,
   476 B.R. 812 (Bankr. S.D.N.Y. 2012) ......................................................................... 7, 9

*In re BH S & B Holdings LLC*,
   435 B.R. 153 (Bankr. S.D.N.Y. 2010) ............................................................................ 9

*In re Dana Corp.*,
   No. 06–10354 (BRL), 2008 WL 2885901 (Bankr. S.D.N.Y. July 23, 2008) .......... 7, 11, 12, 15

*In re Enron Creditors Recovery Corp.*,
   370 B.R. 90 (Bankr. S.D.N.Y. 2007) ............................................................................ 15

*In re Lehman Bros. Holdings Inc.*,
   433 B.R. 113 (Bankr. S.D.N.Y. 2010) .......................................................................... 12

*In re Lipman*,
   65 F.2d 366 (2d Cir. 1933) ........................................................................................... 14

*In re Nutri*Bevco, Inc.*,
   117 B.R. 771 (Bankr. S.D.N.Y. 1990) ............................................................................ 7

*In re PT-1 Commc'ns, Inc.*,
   403 B.R. 250 (Bankr. E.D.N.Y. 2009) ........................................................................... 9

*In re XO Commc'ns, Inc.*,
   301 B.R. 782 (Bankr. S.D.N.Y. 2003) ............................................................................ 7

*Nat'l Bank of Westchester v. Wurlitzer Co. (In re Gibraltor Amusements, Ltd.)*,
   315 F.2d 210 (2d Cir. 1963) ......................................................................................... 14

ny-1177995

*Official Comm. Of Unsecured Creditors of Operation Open City, Inc. v. N.Y. State Dep't
of State (In re Operation Open City, Inc.)*, 148 B.R. 184 (Bankr. S.D.N.Y. 1992),
*aff'd*, 170 B.R. 818 (S.D.N.Y. 1994) ....................................................................................... 14

*Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*,
507 U.S. 380 (1993) ............................................................................................................... 8, 9

*Pioneer Midland Cogeneration Venture Ltd. P'ship v. Enron (In re Enron Corp.)*,
419 F.3d 115 (2d Cir. 2005) ......................................................................................... 9, 13, 14

*Simmons v. Kmart Corp. (In re Kmart Corp.)*,
381 F.3d 709 (7th Cir. 2004) ..................................................................................................... 14

*United States v. Int'l Horizons, Inc. (In re Int'l Horizons, Inc.)*,
751 F.2d 1213 (11th Cir. 1985) ................................................................................................ 15

*Victoria Mem'l Hosp.*,
435 B.R. 1 (Bankr. E.D.N.Y. 2010) ............................................................................................ 7

*Wright v. Holm*,
931 F.2d 620 (9th Cir. 1991) .................................................................................................... 15

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the Chapter 11 Plan[1] confirmed in the Chapter 11 Cases, as successor in interest to the Debtors, hereby submits this reply (the "Reply"), together with the reply declaration of Deanna Horst, Chief Claims Officer of the Liquidating Trust (the "Reply Declaration"), annexed hereto as Exhibit 1, and the supplemental declaration of P. Joseph Morrow, Director of Kurzman Carson Consultants, LLC (the "Supplemental Declaration"), annexed hereto as Exhibit 2, to the *Response in Opposition to ResCap Liquidating Trust's Seventy-Ninth Omnibus Claims Objection (Re: Claim No. 7466)* [Docket No. 8201] (the "Response"), filed by claimant Martha S. Panaszewicz (the "Claimant"), to the *ResCap Liquidating Trust's Seventy-Ninth Omnibus Claims Objection (Purported Administrative Claims)* [Docket No. 7841] (the "Objection"). In support of the Objection, the Liquidating Trust respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Objection should be sustained because the Claimant has failed to demonstrate that the Debtors and the Liquidating Trust, as applicable, did not provide Claimant with sufficient notice of the General Bar Date and Administrative Claim Bar Date. Service of the Bar Date Notice and the Administrative Claim Bar Date Notice on the Claimant at the Claimant's Address (defined below) and on the last known address of Claimant's counsel, respectively, was proper. Moreover, the Claimant cannot satisfy the standards for excusable neglect applicable in this District so as to permit the Claimant to file Claim No. 7466 well after the relevant claims bar date. Lastly, in light of the fact that the Claimant's Complaint (defined below) was not made a part of the record of these Chapter 11 Cases prior to any applicable bar

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1177995

date, it cannot qualify as an informal proof of claim. For these reasons, the Objection should be sustained as to Claim No. 7466.

## BACKGROUND

### A.    Claimant's Loan History and Foreclosure Sale

2.    On March 6, 2007, the Claimant entered into a loan transaction with Metrocities Mortgage LLC, d/b/a No Red Tape Mortgage, to finance the purchase of real property located at 89 Belle Avenue, San Francisco, CA, 94132 (the "Property" or the "Claimant's Address").[2] *See* Reply Declaration ¶ 4. Debtor GMAC Mortgage, LLC ("GMACM") serviced the mortgage from March 20, 2007 until servicing was transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013. *See id.* On June 12, 2012, Mortgage Electronic Registration Systems, Inc., as nominee for No Red Tape Mortgage, its successors and assigns, assigned the Deed of Trust to Debtor Residential Funding Company, LLC ("RFC"). *See id.*; *see also* Deed of Trust Assignment, attached as Exhibit B to the Reply Declaration.

3.    On July 10, 2012, Debtor Executive Trustee Services, LLC ("ETS"), as Trustee or Substituted Trustee, recorded a Notice of Default and Election to Sell Under Deed of Trust, which indicated that the Claimant was $23,898.72 behind on her mortgage payments as of July 9, 2012.[3]

---

[2]    The Claimant executed a promissory note in the amount of $440,000 secured by a deed of trust (the "Deed of Trust") on the Property. *See* Reply Declaration ¶ 4, n.2; *see also* Note and Deed of Trust, attached as Exhibit A to the Reply Declaration. The Deed of Trust was recorded on March 14, 2007, and originally named the Claimant as the Trustee, and No Red Tape Mortgage as the beneficiary. *See id.*

[3]    Certain of these "Background" facts relating to the Claimant's loan history are from the order entered by the District Court (defined below) granting the Debtors' second motion to dismiss the Claimant's Amended Complaint (defined below). *See* Order Dismissing the Amended Complaint, attached hereto as Exhibit 9.

2

4. Pursuant to a properly recorded Notice of Trustee's Sale, noticing a sale date of November 20, 2012 (four days after the General Bar Date), a trustee's sale was held, whereby ETS granted the Property to RFC as the foreclosing beneficiary. *See* Reply Declaration ¶ 5; *see also* Notice of Trustee's Deed Upon Sale, attached as <u>Exhibit C</u> to the Reply Declaration. On November 27, 2012, a Trustee's Deed Upon Sale was recorded. *See id*. Servicing of the REO Property was transferred to Ocwen on February 16, 2013. *See* Reply Declaration ¶ 5.

5. As of the date of the Reply, the Claimant no longer remains in possession of or resides at the Property. *See* Reply Declaration ¶ 6.

**B.    The Chapter 11 Cases**[4]

6. Shortly following May 14, 2012 (the "<u>Petition Date</u>"), Kurtzman Carson Consultants, LLC ("<u>KCC</u>"), the Debtors' noticing and claims agent, served the Debtors' creditors and customers with notice of the commencement of the Debtors' Chapter 11 Cases, Meeting of Creditors, and Deadlines (the "<u>Chapter 11 Notice</u>") at the latest addresses the Debtors had in their records for creditors and customers as of the Petition Date.

7. On or about June 4, 2012, KCC served the Claimant with a Chapter 11 Notice at the Claimant's Address via First Class U.S. Mail. *See* Supplemental Declaration ¶ 5. This notice was not returned to KCC as "undeliverable." *See id.* ¶ 7.

8. On August 29, 2012, this Court entered the Bar Date Order, which established, among other things, November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "<u>General Bar</u>

---

[4] The background information set forth in the Objection, including such information relating to the Plan confirmation, entry of the Confirmation Order and notice of the same, and notice of the Administrative Claim Bar Date, is fully incorporated herein. (*See* Objection ¶¶ 9-16.)

3

ny-1177995

Date") and prescribed the form and manner for filing proofs of claim. (Bar Date Order ¶¶ 2, 3). On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No. 2093].[5]

9.     On or before October 5, 2012, KCC served a copy of the Bar Date Notice on the Claimant at the Claimant's Address. *See* Supplemental Declaration ¶ 6. This notice was not returned to KCC as "undeliverable." *See id.* ¶ 7.

### C.    Claimant's Wrongful Foreclosure Action

10.    On or about January 28, 2013, the Claimant filed a complaint against Debtors GMACM and RFC for wrongful foreclosure, Case No. CGC-13-528268 (the "Complaint"), in the Superior Court of the State of California for the County of San Francisco (the "Superior Court"). A copy of the Complaint is annexed hereto as part of Exhibit 3 (as appended to the Claim, defined herein). The Claimant was represented by Errol J. Zshornack, Esq., and the Complaint lists Mr. Zshornack's business address as 7311 Mission Street, Suite E, Daly City, CA 94014 (the "Mission Street Address"). On March 14, 2013, the Debtors removed this lawsuit from the Superior Court to the United States District Court for the Northern District of California (the "District Court"), Case No. 3:13-cv-01162-MEJ. *See* Notice of Removal, attached hereto as Exhibit 4.

11.    On March 21, 2013, the Debtors filed a Notice of Bankruptcy and Suggestion of Automatic Stay (the "Notice of Bankruptcy") with the District Court. *See* Notice of Bankruptcy, attached hereto as Exhibit 5. Also on March 21, 2013, the Debtors filed a motion

---

[5] The Bar Date Notice was also published in the national edition of the *Wall Street Journal* and the national edition of *USA Today*, which noticed potential claimants that proofs of claim against the Debtors must be received on or before the Bar Date. *See* Bar Date Notice ¶¶ 1, 3; *see also* Amended Affidavit of Publication re: Notice of Deadlines for Filing Proofs of Claim in the Wall Street Journal and USA Today [Docket No. 1660]. In addition, a copy of the Bar Date Order and other information regarding the filing of a proof of claim was made publicly available at *http://www.kccllc.net/rescap*.

4
ny-1177995

to dismiss certain portions of the Complaint, proceeding under the Supplemental Servicing Order entered by this Court [Docket No. 774].[6] *See* Motion to Dismiss Portion of Original Complaint, n.1, attached hereto as Exhibit 6.

12. On May 15, 2013, the Claimant filed an objection to the Notice of Bankruptcy and an objection to the Debtors' motion to dismiss portions of the Complaint. *See* Objection to Notice of Bankruptcy, attached hereto as Exhibit 7. Mr. Zshornack's address listed on the objection is the Mission Street Address. *See id.*

13. On May 22, 2013, the District Court entered an order granting the Debtors' motion to dismiss the Complaint without prejudice, directing that any amended complaint be filed no later than June 13, 2013. *See* Order Dismissing the Complaint Without Prejudice, attached hereto as Exhibit 8. Subsequent to the Claimant re-filing her complaint (the "Amended Complaint") and the Debtors filing another motion to dismiss, the District Court entered an order granting the Debtors' second motion to dismiss on July 29, 2013. *See* Order Dismissing the Amended Complaint, attached hereto as Exhibit 9.

14. On September 26, 2013, the Claimant filed a Notice of Appeal to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit"). *See* Notice of Appeal, attached hereto as Exhibit 10. Mr. Zshornack's address listed on the notice is 2000 Crow Canyon Pl. #330, San Ramon, CA 94583. *See id.*

---

[6] On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "Supplemental Servicing Order").

15. To date, Mr. Zshornack has not filed a notice of change of address in either the District Court docket or the Ninth Circuit docket. *See* District Court Docket and Ninth Circuit Docket, attached hereto as Exhibit 11.

16. On or before December 24, 2013, KCC served a copy of the Administrative Claim Bar Date Notice upon counsel to the Claimant, Errol J. Zshornack, Esq. at the Mission Street Address. *See* Morrow Declaration ¶ 6, annexed as Exhibit 1-B to the Objection. This mailing was returned to KCC as "undeliverable." *See id.*

17. On or about June 11, 2014, nearly five months after the Administrative Claim Bar Date, the Claimant submitted Claim No. 7466 asserted as a general unsecured claim against GMACM and RFC in an unliquidated amount (the "Claim").[7] The Claimant appended the Complaint (as opposed to the Amended Complaint) to the proof of claim form, and asserted wrongful foreclosure, damages, and attorneys' fees as the basis for the Claim. A copy of the Claim is annexed hereto as Exhibit 3. Mr. Zshornack's address listed on the Claim is 2429 Ocean Avenue, San Francisco, CA 94127. *See id.*

## REPLY

**A. Claimant Filed an Untimely Claim Despite Being Properly Served with Notices Relating to the Chapter 11 Cases**

18. It is undisputed that the Claimant filed the Claim nearly five months after the Administrative Claim Bar Date and did not file a motion seeking permission to file a late proof of claim after the General Bar Date. The Debtors and the Liquidating Trust, as applicable,

---

[7] The Liquidating Trust further objects to the Claim insofar as it is asserted against two Debtor entities. Pursuant to the Bar Date Order and the Administrative Claim Bar Date Notice, a claimant is required to specify which Debtor entity against which it asserts a claim, and must file separate requests for each Debtor entity. *See* Bar Date Order ¶ 5(f) ("If a claimant asserts a claim against more than one Debtor or has claims against different Debtors, a separate Proof of Claim Form must be filed with respect to each Debtor."); *see also* Administrative Claim Bar Date Notice at 2 ("Any holder of an Administrative Claim against more than one debtor must file a separate claim with respect to each such Debtor . . . .").

properly and timely served the Claimant, either individually or through her counsel, as appropriate, with notices relevant to filing claims in the Chapter 11 Cases.

19. "Reasonable" notice depends on whether the creditor is "known" or "unknown" to the debtor. If a creditor is "known" to a debtor, actual notice is required; however, if the creditor is "unknown" to the debtor, constructive notice, such as notice through publication, is generally adequate. *See In re XO Commc'ns, Inc.*, 301 B.R. 782, 792-93 (Bankr. S.D.N.Y. 2003) (holding that unknown creditor's due process rights were satisfied with publication notice, and actual notice was not needed); *In re BGI, Inc.*, 476 B.R. 812, 820-23 (Bankr. S.D.N.Y. 2012) (concluding that unknown creditors are only entitled constructive notice of general bar date); *Victoria Mem'l Hosp.*, 435 B.R. 1, 5-6 (Bankr. E.D.N.Y. 2010) (same).

20. According to courts in this District, "[t]he creditor is responsible for notifying the debtor, trustee, or the court of any changes in her mailing address to guarantee that she be given reasonable notice." *In re Dana Corp.*, No., No. 06-10354 (BRL), 2008 WL 2885901, at *5 (Bankr. S.D.N.Y. July 23, 2008) (citations omitted). It is not incumbent upon the debtor to seek out updated addresses from its potential creditors. "If the creditor fails to update her address and as a consequence does not receive a notice of the bar date that was properly mailed, she cannot later argue that her due process rights were violated." *Id.* (citing to *In re Nutri*Bevco, Inc.*, 117 B.R. 771, 781 (Bankr. S.D.N.Y. 1990)); *see also cf. In re Auto–Train Corp.*, 57 B.R. 566, 567–68 (Bankr. D.D.C. 1986) (claimants' failure to advise the court or the trustee of their current addresses constituted waiver of the right to receive notice of the trustee's objections to the claim).

21. The Debtors provided the Claimant with *actual notice o*f both the commencement of the Chapter 11 Cases and the General Bar Date at the Claimant's Address,

7

ny-1177995

neither of which were returned as "undeliverable." *See* Supplemental Declaration ¶¶ 5-7. Further, while the mailing of the Administrative Claim Bar Date Notice was returned to KCC as "undeliverable," KCC took reasonable steps to properly serve the Claimant, through service on her counsel, with *actual notice* of the Administrative Claim Bar Date Notice. The Debtors satisfied the applicable due process standards because their actions were "reasonably calculated" to inform the Claimant of the relevant notices in the Chapter 11 Cases. As discussed below, the Liquidating Trust had no further duty to serve such notice on the Claimant, even after learning it was returned to KCC as "undeliverable." Accordingly, the Claimant's attempt to argue that the Debtors or the Liquidating Trust, as applicable, denied the Claimant her due process rights falls flat. *See* Response ¶ 18-20.

### B. The Claimant Does Not Meet the Excusable Neglect Standard to Permit a Late-Filed Claim

22.     The Supreme Court considered the test for determining whether a creditor may be permitted to file a late proof of claim in *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993). In *Pioneer*,[8] the Court explained that Congress, in empowering "the courts to accept late filings 'where the failure to act was the result of excusable neglect,' Congress plainly contemplated that the courts would be permitted, where appropriate, to accept late filings caused by inadvertence, mistake or carelessness, as well as by intervening circumstances beyond the party's control." *Id.* at 388 (citations omitted). The Court explained that "the determination [regarding whether a failure to act constitutes excusable neglect] is at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission," including (i) "the reason for the delay, including whether it was within the reasonable control of the [Claimant]," (ii) "the danger of prejudice to the debtor," (iii) "whether the

---

[8]  Unless otherwise specified, references to *Pioneer* are to the Supreme Court's decision.

[Claimant] acted in good faith," and (iv) "the length of the delay and its potential impact on judicial proceedings." *Id.* at 395.

23.     The Second Circuit takes a "hard line" approach in applying the *Pioneer Midland Cogeneration Venture Ltd. P'ship v. Enron Corp. (In re Enron Corp.)*, 419 F.3d 115, 122 (2d Cir. 2005); *see also In re BGI, Inc.*, 476 B.R. 812, 824 (Bankr. S.D.N.Y. 2012) (Glenn, J.). The Second Circuit has observed that three of the *Pioneer* factors typically will weigh in favor of the claimant – the length of the delay, the danger of prejudice, and the claimant's good faith. *In re Enron Corp.*, 419 F.3d at 122; *see also In re BH S & B Holdings LLC*, 435 B.R. 153, 168 (Bankr. S.D.N.Y. 2010) (Glenn, J.). As a result, the Second Circuit has focused on the factor related to "the reason for the delay, including whether it was within the reasonable control of the [Claimant]." *In re Enron Corp.*, 419 F.3d at 122 (internal quotations omitted). Importantly, the Second Circuit noted "that the equities will rarely if ever favor a party who fails to follow the clear dictates of a court rule," and "that where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *Id.* at 123 (citation and internal quotations omitted).

24.     Here, the Claimant has failed to meet her burden of demonstrating excusable neglect. *See In re PT-1 Commc'ns, Inc.*, 403 B.R. 250, 260 (Bankr. E.D.N.Y. 2009) (concluding that late filer bears burden of demonstrating excusable neglect); *see also In re BH S & B Holdings LLC*, 435 B.R. at 168 (burden of showing excusable neglect is on the Claimant).

        (i)    *The Reason for the Delay, Including Whether it was Within the Reasonable Control of the Claimant*

25.     The Claimant never denies receiving the Chapter 11 Notice or the Bar Date Notice, each of which were duly served on the Claimant by KCC as part of the Debtors' customer list. Thus, the Claimant had full knowledge of the existence of the Chapter 11 Cases as

well as the General Bar Date. The Claimant asserts that she has a reasonable excuse for filing an untimely Claim, arguing that the Claimant did not receive timely notice of the Administrative Claim Bar Date because such notice, mailed to Mr. Zshornack, was returned to KCC as "undeliverable." *See* Response ¶ 16. The Claimant further asserts that the Debtors should have known that Mr. Zschornack's address had changed since the filing of the Complaint, pointing to a Notice of Appeal filed in the Ninth Circuit after the Complaint was dismissed in favor of the Debtors. *See id.* ¶ 17. This assertion is wholly without merit.

26. A creditor has the burden to bring to the debtor's attention, by notifying the debtor's bankruptcy counsel, claims agent, or otherwise, updated contact information at which the creditor is to receive mailings related to the debtor's bankruptcy case. *See In re 2715 N. Milwaukee LLC*, 422 B.R. 675, 679 (Bankr. N.D. Ill. 2010) (finding that where a creditor sent a notice of change of address to parties, including the debtor's local foreclosure counsel, but not to the bankruptcy court or debtor's bankruptcy counsel, there was insufficient reason for delay required for excusable neglect). In other words, providing a change of address notification to parties involved in a debtor's litigation matter outside the bankruptcy case is <u>not sufficient</u> for purposes of notifying the debtor of a change in address for service and notice purposes for bankruptcy-related mailings. *See id.*; *see also cf. Global Indus. Techs., Inc. v. Ash Trucking Co., Inc. (In re Global Indus. Techs., Inc.)*, 375 B.R. 155, 159 (Bankr. W.D. Pa. 2007) (determining that counsel's filing a change of address notice in the "District Court is ineffective with respect to Bankruptcy Court proceedings."). Nor is failing to set up a forwarding address request with the United States Postal Service when the creditor changes his or her mailing address. *See In re 2715 N. Milwaukee LLC*, 422 B.R. at 679. "[E]ven if [counsel's] address had changed, the law imposes on counsel an obligation to file changes of address. Accordingly, any delay that would

10

be experienced due to a failure to file a change of address, if one existed, would have been both 'foreseeable and easily preventable' and therefore inexcusable." *In re Global Indus. Techs., Inc.)*, 375 B.R. at 159 (citation omitted). The failure to complete such "simple tasks" without offering any documentation or testimony that would suggest an illness or other terrible event that prevented the creditor from doing so does not permit the creditor to receive the benefit of "excusable neglect." *See In re 2715 N. Milwaukee LLC*, 422 B.R. at 679.

27. The Claimant's Notice of Appeal, purportedly listing Mr. Zshornack's updated mailing address for purposes of timely receiving the Administrative Claim Bar Date Notice, was not filed or noted in the record of the Chapter 11 Cases. The District Court and Ninth Circuit records indicate that Mr. Zshornack did not file any change of address notice on their respective dockets (*see* Exhibit 11 annexed hereto), although even if he had, providing such constructive notice to the Debtors is, by itself, insufficient. Mr. Zshornack failed to provide the Debtors with *actual notice* in any manner within the Chapter 11 Cases, informally or otherwise, of his change of mailing address. Nor does it appear that Mr. Zshornack set up a forwarding address request with the United States Postal Service when he changed his business address from the Mission Street Address – or offer any documentation or testimony that would suggest any horrible event that prevented him from accomplishing these relatively "simple tasks." It was the Claimant's or Claimant's counsel's burden to provide updated contact information to the Debtors and/or the Liquidating Trust, as appropriate. *See e.g.*, *Dana*, 2008 WL 2885901, at *5; *Auto–Train.*, 57 B.R. at 567–68 (placing burden on claimant to advise the court or the trustee of their current addresses); *In re 2715 N. Milwaukee LLC*, 422 B.R. at 679; *In re Global Indus. Techs., Inc.*, 375 B.R. at 159. It was <u>not</u> incumbent upon the Debtors (or the Liquidating Trust) to (i) track and confirm each listed address of the Claimant's counsel as the proper mailing address,

11

ny-1177995

(ii) periodically seek an updated address from the Claimant's counsel, or (iii) serve the Claimant personally when the Liquidating Trust believed the Claimant was represented by counsel. Such an expectation would put extraordinary administrative burdens and expense on the estates. Therefore, the Debtors and the Liquidating Trust acted reasonably in serving the Claimant to the last known address on file.

28.     The Claimant also contends that the Liquidating Trust should have mailed another copy to the Claimant's Address once learning that the Administrative Claim Bar Date Notice sent to her counsel was not delivered. *See* Response ¶ 16. However, the Claimant does not cite to any applicable authority to support her position. Contrary to the Claimant's suggestion, the Liquidating Trust had no duty to do so. Further, the Claimant neglects to mention that she received actual notice of the General Bar Date, and failed to file a motion seeking permission to file an untimely claim. Thus, the Claimant's arguments fall flat. In the matter before the Court, the reason for the delay was based solely on the Claimant's failure to timely take action in the Chapter 11 Cases, and was within the Claimant's reasonable control. None of the excuses the Claimant offers is reasonable to justify a 5-month filing delay.

29.     Even in circumstances where a party is somehow is confused by the notices received by such party, a recipient's mistakes concerning a bar date notice or a recipient's failure to comprehend the notice's importance, despite the notice's clear mandates, do not constitute excusable neglect. *See In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 124 (Bankr. S.D.N.Y. 2010) (noting that failure to file proof of claim was within Claimant's reasonable control and "resulted from a failure to coordinate, a lack of supervision, or a mistake."); *Dana*, 2008 WL 2885901, at *5 (lawyers' failure to comprehend significance of bar

12

ny-1177995

date notice was not sufficient reason for delay under *Pioneer* test). For these reasons, this factor weighs heavily in favor of sustaining the Objection.

(ii) *The Danger of Prejudice to the Debtors*

30. The size of Claimant's purported claim is unknown at this time, as it is asserted in an unliquidated amount. Regardless, the Debtors and the Liquidating Trust would be prejudiced if the Court grants the relief requested by the Claimant. Granting the Motion will undoubtedly invite similar motions and negate the goal of finality that claims' bar dates are intended to instill. *See In re Enron Corp.*, 419 F.3d at 131-32 (affirming bankruptcy court's denial of late filed proof of claim and noting that permitting the first claim could invite late claims from many other potential claimants with similar claims). The Debtors and the Liquidating Trust have been working tirelessly to reconcile the thousands of claims filed in the Chapter 11 Cases. The claims reconciliation process would have no end if requests seeking similar relief as that sought by the Claimant are granted by the Court. On this basis, the Objection should be sustained.[9]

(iii) *Whether the Claimant Acted in Good Faith*

31. The Liquidating Trust does not contend that the Claimant has acted other than in good faith, although the Liquidating Trust reserves the right to seek discovery from and depose the Claimant on this issue if the Court grants the relief sought by the Claimant.

---

[9] Moreover, this Court has previously denied motions filed in these Chapter 11 Cases by claimants seeking an opportunity to file an untimely claim. *See, e.g.*, Memorandum Opinion and Order Denying Motion to Allow Late Filed Claim of Michael Dockery, *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. Feb. 6, 2015) [Docket No. 8076]; Order Denying Request for Late-Filed Proof of Claim Filed by Donna Chinloy, *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. June 13, 2013) [Docket No. 3973]; and Order Denying Motion for Order Permitting MED&G Group LP to File a Late Proof of Claim, *In re Residential Capital, LLC, et al.*, Case No. 12-12020 (MG) (Bankr. S.D.N.Y. May 17, 2013) [Docket No. 3648].

13

ny-1177995

      (iv) *The Length of Delay and its Potential Impact on Judicial Proceedings*

    32. Here, the Claimant filed her Claim nearly **five months** after the Administrative Claim Bar Date, despite being aware of the commencement of the Chapter 11 Cases and receiving constructive and actual notice of the applicable bar dates in connection therewith. In light of the length of this delay, along with the lack of justifiable reasons and circumstances for the delay, the Liquidating Trust submits that this *Pioneer* factor overwhelmingly favors the Liquidating Trust. *See In re Enron Corp.*, 419 F.3d at 128 (length of the delay "must be considered in the context of the proceeding as a whole[]" and, in some instances, courts "have rejected claims filed just one day late)" (citing *Simmons v. Kmart Corp. (In re Kmart Corp.)*, 381 F.3d 709, 714-15 (7th Cir. 2004)). Accordingly, the Claimant's circumstances do not meet the excusable neglect standard propounded by *Pioneer*, and her untimely request to file an administrative expense claim should be denied.

  **C.** **Claimant Has Not Properly Filed an Informal Proof of Claim**

    33. Courts in the Second Circuit have long recognized the validity of informal proofs of claim. *See In re Lipman*, 65 F.2d 366 (2d Cir. 1933); *see also Nat'l Bank of Westchester v. Wurlitzer Co. (In re Gibraltor Amusements, Ltd.)*, 315 F.2d 210 (2d Cir. 1963); *Official Comm. Of Unsecured Creditors of Operation Open City, Inc. v. N.Y. State Dep't of State (In re Operation Open City, Inc.)*, 148 B.R. 184, 189 n.5 (Bankr. S.D.N.Y. 1992), *aff'd*, 170 B.R. 818 (S.D.N.Y. 1994) (noting that courts in the Second Circuit recognize the concept of informal proofs of claim). In order to qualify as an informal proof of claim, a filing must meet four criteria. The filing must:

  (1) have been timely filed with the bankruptcy court and have become part of the judicial record;

  (2) state the existence and nature of the debt;

14

ny-1177995

(3)　　state the amount of the claim against the estate; and

(4)　　evidence the creditor's intent to hold the debtor liable for the debt.

*In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007) (citing *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995)).

　　　　34.　　The Claimant's failure to timely file the Claim with this Court before either the General Bar Date or the Administrative Claim Bar Date prevents her filing from being treated as an informal proof of claim. While the Complaint was filed with the Superior Court on January 28, 2013, it first became part of the record of the Chapter 11 Cases in June of 2014. The Claimant cites to Ninth Circuit law in an effort to sidestep this requirement (*see* Response ¶¶ 26-27), arguing that a filing "that purports to be an informal proof of claim need not be filed in the court." *See* Response ¶ 27 (citing *Wright v. Holm*, 931 F.2d 620, 622 (9th Cir. 1991)). However, Second Circuit law, including the test imposed by this Circuit, governs this issue. Accordingly, the fact that the Debtors had notice of the Claimant's litigation is insufficient. *See, e.g.*, *In re Dana Corp.*, No. 06-10354 (BRL), 2008 WL 2885901, at *3 (citing *United States v. Int'l Horizons, Inc. (In re Int'l Horizons, Inc.)*, 751 F.2d 1213, 1217 (11th Cir. 1985) for the proposition that "mere notice of a claim alone is not to be called an informal proof of claim and does not excuse the absence of a proper timely proof which the law requires. An informal claim may be asserted, if it can be at all, only when it is apparent that the creditor intends to seek recovery from the estate and when the informal proof of claim is 'filed' prior to the bar date."). For the Claim to qualify as an informal proof of claim, it must have been filed in the record of these Chapter 11 Cases prior to, at the very least, the Administrative Claim Bar Date. Here, the Claim does not meet this requirement.

WHEREFORE, the Liquidating Trust respectfully submits that the Objection should be sustained and the Claimant be barred from asserting any claims against the Debtors' estates and from seeking leave to file a late proof of claim.

| | |
|---|---|
| Dated: March 6, 2015<br>        New York, New York | /s/  Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Meryl L. Rothchild<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Liquidating Trust* |