**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**REPLY DECLARATION OF DEANNA HORST IN SUPPORT OF
THE RESCAP LIQUIDATING CLAIMS TRUST'S REPLY IN SUPPORT OF ITS
SEVENTY-NINTH OMNIBUS CLAIMS OBJECTION (PURPORTED
ADMINISTRATIVE CLAIM) SOLELY WITH RSEPECT TO
<u>CLAIM NO. 7466 FILED BY MARTHA S. PANASZEWICZ</u>**

I, Deanna Horst, hereby declare as follows:

1. I am the Chief Claims Officer for The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I have been employed by affiliates of ResCap since August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and in October of 2013, I became Chief Claims Officer of ResCap. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation

1

and Client Recovery. I am authorized to submit this reply declaration (the "Reply Declaration") in support of *The ResCap Liquidating Trust's Reply in Support of Its Seventy-Ninth Omnibus Claims Objection (Purported Administrative Claims) Solely with Respect to Claim No. 7466 Filed by Martha S. Panaszewicz* (the "Reply").[1]

2. Except as otherwise indicated, all facts set forth in this Reply Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's professionals and consultants, and/or Kurtzman Carson Consultants LLC ("KCC"), the Debtors' noticing and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection and the Reply on that basis.

3. In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the claim forms or requests for payment of administrative expense claims, where applicable, and supporting documentation, if any, filed by the claimants, including Martha S. Panaszewicz (the "Claimant"). In connection with such review and analysis,

---

[1] Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Reply.

2

where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register.

4.  On March 6, 2007, the Claimant entered into a loan transaction with Metrocities Mortgage LLC, d/b/a No Red Tape Mortgage, to finance the purchase of real property located at 89 Belle Avenue, San Francisco, CA, 94132 (the "Property" or the "Claimant's Address").[2]  Debtor GMAC Mortgage, LLC ("GMACM") serviced the mortgage from March 20, 2007 until servicing was transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013.  On June 12, 2012, Mortgage Electronic Registration Systems, Inc., as nominee for No Red Tape Mortgage, its successors and assigns, assigned the Deed of Trust to Debtor Residential Funding Company, LLC ("RFC").  *See* Deed of Trust Assignment, attached hereto as Exhibit B.

5.  Pursuant to a properly recorded Notice of Trustee's Sale, noticing a sale date of November 20, 2012, a trustee's sale was held, whereby ETS granted the Property to RFC as the *foreclosing* beneficiary.  *See* Notice of Trustee's Deed Upon Sale, attached hereto as Exhibit C.  On November 27, 2012, a Trustee's Deed Upon Sale was recorded.  *See id.*  Servicing of the REO Property was transferred to Ocwen on February 16, 2013.

6.  As of the date of the Reply, the Claimant no longer remains in possession of or resides at the Property.

---

[2] The Claimant executed a promissory note in the amount of $440,000 secured by a deed of trust (the "Deed of Trust") on the Property.  *See* Note and Deed of Trust, attached hereto as Exhibit A.  The Deed of Trust was recorded on March 14, 2007, and originally named the Claimant as the Trustee, and No Red Tape Mortgage as the beneficiary.  *See id.*

3

ny-1178844

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 6, 2015

                                                /s/ Deanna Horst
                                                Deanna Horst
                                                Chief Claims Officer for ResCap
                                                Liquidating Trust