**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**REPLY DECLARATION OF P. JOSEPH MORROW IV IN SUPPORT OF THE RESCAP LIQUIDATING TRUST'S SEVENTY-NINTH OMNIBUS CLAIMS OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS) SOLELY WITH RESPECT TO CLAIM NO. 7466 FILED BY MARTHA S. PANASZEWICZ**

I, P. Joseph Morrow IV, depose and say under the penalty of perjury:

1. I am a Director of Corporate Restructuring Services, employed by Kurtzman Carson Consultants, LLC ("<u>KCC</u>"), the claims and noticing agent retained by Residential Capital, LLC, *et al.* (collectively with its affiliated debtors (the "<u>Debtors</u>") in the above-captioned Chapter 11 Cases,[1] pursuant to the *Order Authorizing Retention and Appointment of Kurtzman Carson Consultants, LLC as Claims and Noticing Agent Under 28 U.S.C. § 156(c), 11 U.S.C. § 105(a), S.D.N.Y. LBR 5075-1 and General Order M-409 and Granting Related Relief* [Docket No. 96] entered by this Court on May 16, 2012, and the *Order Pursuant to 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014 Authorizing the Employment and Retention of Kurtzman Carson Consultants LLC as Administrative Agent, Nunc Pro Tunc to the Petition Date* [Docket No. 798] entered by this Court on July 17, 2012.

2. I am authorized to submit this declaration (the "<u>Declaration</u>") in support of *The ResCap Liquidating Trust's Reply in Support of Its Seventy-Ninth Omnibus Claims*

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Reply (defined below).

1

ny-1178201

*Objection (Purported Administrative Claims) Solely with Respect to Claim No. 7466 Filed by Martha S. Panaszewicz* (the "Reply").

3. All facts set forth in this Declaration are based upon information learned from my review of relevant documents and information I have received through my discussions with KCC employees, the Liquidating Trust's professionals, and the Debtors' former professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth herein on that basis.

4. Acting as the Debtors' claims and noticing agent, KCC serves notices and other mailings upon parties and/or their representatives at the direction of the Debtors, and Liquidating Trust, and the Court. I understand that the Debtors have advised KCC that the full list of the Debtors' customers, which includes information for over two million parties, is confidential and not made publicly available for privacy reasons (as Borrower information is included therein).

5. On or before June 4, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Notice of Chapter 11 Bankruptcy Cases, Meeting of Creditors, and Deadlines (the "Chapter 11 Notice"), to be served upon **Martha S. Panaszewicz** at **89 Belle Avenue, San Francisco, CA 94132** via First Class U.S. Mail. *See* Affidavit of Clarissa D. Cu, attached hereto as Exhibit A; *see also* Affidavit of Service [Docket No. 336].

6. On or before October 5, 2012, at my direction and under my supervision, employees of KCC caused a true and accurate copy of the Bar Date Notice to be served upon **Martha S. Panaszewicz** at **89 Belle Avenue, San Francisco, CA 94132** via First Class U.S.

ny-1178201

Mail.  *See* Affidavit of Clarissa D. Cu, attached hereto as <u>Exhibit A</u>; *see also* Affidavit of Service [Docket No. 2179].

7.  As of the date of this Declaration, neither the mailings of the Chapter 11 Notice nor the Bar Date Notice referenced in paragraphs 5 and 6 herein were returned to KCC as "undeliverable."

8.  In accordance with KCC's standard procedure, each of the foregoing documents was securely enclosed in postage prepaid envelopes and delivered to an office of the United States Postal Service for delivery by First Class U.S. Mail.  The envelopes were clearly marked with KCC's return address.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  March 6, 2015

                                                                /s/ P. Joseph Morrow IV
                                                                P. Joseph Morrow IV
                                                                Director of Kurtzman Carson
                                                                Consultants LLC