**Exhibit 3**

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | | PROOF OF CLAIM |
|---|---|---|
| Name of Debtor:<br>GMAC Mortgage, LLC and Residential Funding Company, LLC | Case Number:<br>12-12020 (MG) | |

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
Martha S. Panaszewicz

COURT USE ONLY

Name and address where notices should be sent:
Errol J. Zshornack
2429 Ocean Ave.
San Francisco, CA 94127

Telephone number: (415) 412-7479    email: errolzshornack@yahoo.com

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number:_____
(If known)

Filed on:_____

Name and address where payment should be sent (if different from above):

RECEIVED
JUN 1 1 2014
KURTZMAN CARSON CONSULTANTS

Telephone number:    email:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed: $(NOT LIQUIDATED)

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☒ Date Stamped Copy Returned
☐ No self addressed stamped envelope
☐ No copy to return

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: Wrongful foreclosure, damages, attorneys fees
   (See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:
   1 1 6 2

3a. Debtor may have scheduled account as:
_____
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
_____
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff:  ☐ Real Estate   ☐ Motor Vehicle   ☐ Other
Describe:

Value of Property: $_____

Annual Interest Rate_____% ☐ Fixed or ☐ Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$_____

Basis for perfection: _____

Amount of Secured Claim:   $_____

Amount Unsecured:    $_____

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

Amount entitled to priority:

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #6)

1212020140606000000000013

B 10 (Official Form 10) (12/11)                                                                                                                                    2

---

**7. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

RECEIVED
JUN 1 1 2014
KURTZMAN CARSON CONSULTANTS

**8. Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.   ☐ I am the creditor's authorized agent.   ☐ I am the trustee, or the debtor,   ☐ I am a guarantor, surety, indorser, or other codebtor.
                         (Attach copy of power of attorney, if any.)    or their authorized agent.          (See Bankruptcy Rule 3005.)
                                                                       (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:  Martha S. Panaszewicz
Title:
Company:                                                                       *(Signature)* Martha L. Panaszewicz    06/04/2014
Address and telephone number (if different from notice address above):                                                  (Date)


Telephone number:                    email:

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**
*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*
**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check whether the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

ERROL J. ZSHORNACK, SBN 268940
7311 Mission Street, Suite E
Daly City, CA 94014
Tel:   (415) 412-7479
Fax:   (650) 350-4277

Attorney for Plaintiff
MARTHA S. PANASZEWICZ

ENDORSED
SAN FRANCISCO COUNTY
SUPERIOR COURT
13 JAN 28 AM 1: 11

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| **MARTHA S. PANASZEWICZ,**<br><br>**Plaintiff,**<br><br>vs.<br><br>**GMAC MORTGAGE, LLC; RESIDENTIAL FUNDING COMPANY, LLC; AND DOES 1 THROUGH 100, INCLUSIVE,**<br><br>**Defendants.** | Case No. CGC-13-528268<br><br><u>UNLIMITED CIVIL CASE</u><br><br>**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS FEES** |

COMES NOW the Plaintiff, MARTHA S. PANASZEWICZ (hereinafter referred to as "Plaintiff"), complaining of the Defendants, and each of them, as follows:

### **INTRODUCTION**

1. This is an action brought by Plaintiff Martha S. Panaszewicz ("Plaintiff") against Defendants GMAC Mortgage, LLC ("GMAC") and Residential Funding Company, LLC ("Residential Funding"), resulting from Defendant GMAC's repudiation of an agreement with Plaintiff to postpone, delay or otherwise forego the trustee's sale of the residential property

1  which is also Plaintiff's home. Plaintiff brings this action in order to set aside the trustee's sale, restore her ownership of the property and to seek damages and attorneys fees as may be provided by law.

## THE PARTIES

2. Plaintiff is now, and at all times relevant to this action, a resident of the County of San Francisco, State of California. At all times relevant to this action, Plaintiff has owned and resided at the real property commonly known as 89 Belle Avenue, San Francisco, CA 94132 (the "Subject Property"). The Subject Property is further described as Assessor's Parcel ID Number 7179-021, in the County of San Francisco which is also further described as follows:

> "THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO, CITY OF SAN FRANCISCO, AND IS DESCRIBED AS FOLLOWS:
>
> PARCEL A:
>
> LOTS 15, 16 AND 17 IN BLOCK 1, ACCORDING TO MAP ENTITLED, "OCEAN VIEW PARK", RECORDED JULY 20, 1903, BOOK "G" OF MAPS, AT PAGES 36 AND 37, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA.
>
> PARCEL B:
>
> LOT 14 AND THE WESTERLY 12 FEET, 6 INCHES, FRONT AND REAR MEASUREMENTS, OF LOT 13 IN BLOCK 1, ACCORDING TO THE "PLAT OF OCEAN VIEW PARK", FILED JULY 26, 1908, IN BOOK "G" OF MAPS, AT PAGES 36 AND 37, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA.
>
> PARCEL NUMBER(S): LOT 021, BLOCK 7179"

3. Plaintiff is informed and believes and on that basis alleges that Defendant GMAC Mortgage, LLC (GMAC), during all times relevant to this action, is doing business in the County of San Francisco, State of California. Plaintiff is further informed and believes and on that basis alleges that Defendant GMAC, during all times relevant to this action, was purporting to be the Mortgage Servicer, Assignee/Transferee of Plaintiff's original loan, or authorized representative

of the Beneficiary under Plaintiff's Deed of Trust executed to secure Plaintiff's loan obtained from Metrocities Mortgage LLC dba No Red Tape Mortgage back in March 2007 ("Loan").

4. Plaintiff is informed and believes and on that basis alleges that Defendant Residential Funding Company, LLC (Residential Funding), during all times relevant to this action, is doing business in the County of San Francisco, State of California. Plaintiff is further informed and believes and on that basis alleges that Defendant Residential Funding is the purported buyer of the Subject Property at the trustee's sale held on November 20, 2012. Defendant Residential Funding is on information and belief owned in whole or in part or otherwise controlled or operated by Defendant GMAC. GMAC and Residential Funding shall hereinafter be referred to collectively as "Defendants."

5. Plaintiff does not know the true names, capacities, or bases for liability of Defendants sued herein as Does 1 through Does 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Subject Property. Plaintiff will amend her Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants is responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, and unless otherwise expressly averred, each of the Defendants was the agent, employee, servant and/or joint venturer of the remaining Defendants, and each of them, and in doing the things alleged herein below, was acting within the course and scope of such agency,

3

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**

employment and/or joint venture.

7. Plaintiff is informed and believes, and thereon alleges, that Defendants herein, and each of them, are named in their respective purported or putative capacities only, based on said Defendants' claims or assertions only, and are not to be taken as judicial admissions by Plaintiff of any fact or facts in dispute in this action.

## THE FACTS

8. On November 2, 2011, Plaintiff was served a notice and demand for payment on her Loan by Defendant GMAC for alleged default on her loan which Defendant GMAC purported to be servicing.

9. On February 23, 2012, Plaintiff was served a letter by Defendant GMAC through its purported Relationship Manager, Mr. George Lee.

10. The said letter informed Plaintiff that Mr. Lee *"would like the opportunity to work with (Plaintiff) on establishing a workout solution on (her) account."*

11. The letter was accompanied by a "workout package" consisting of forms which Plaintiff was to complete and return to Mr. Lee.

12. On July 10, 2012, Defendant Residential Funding caused a Notice of Default and Election to Sell Under Deed of Trust to be served at Plaintiff's residence.

13. A Trustee's Sale of the Subject Property was later scheduled for November 20, 2012 at 2:00 p.m.

14. On October 22, 2012, Mariluz Panaszewicz Ragasa ("Mariluz") and Ian Panaszewicz ("Ian"), daughter and son, respectively, of Plaintiff contacted and spoke to Mr. Lee by telephone to discuss loan workout solutions.

15. Mariluz and Ian were duly authorized by their mother, Plaintiff herein, to represent

4

her in negotiating for a loan workout solution with Mr. Lee since the stress would be hazardous to Plaintiff's health considering that she was already in her 70's and the fact that she was a cancer patient having been diagnosed in 2008 with Multiple Myeloma.

16. On October 25, 2012, Mariluz and Ian acting for and on behalf of Plaintiff agreed to Defendant GMAC's offer coursed through Mr. Lee to work on establishing a workout solution by sending the completed documents previously received from Defendant GMAC to Mr. Lee via facsimile.

17. Included among the documents sent to Mr. Lee on October 25, 2012 were letters requesting that the scheduled trustee's sale on November 20, 2012 be postponed.

18. On October 29 and 30, 2012, Mariluz tried calling Mr. Lee several times but Mr. Lee did not answer. Mariluz was able to leave messages on the answering machine.

19. Mr. Lee eventually returned the calls on October 30, 2012 and he spoke to Mariluz.

20. Mariluz reiterated their earlier written requests to delay the trustee's sale scheduled on November 20, 2012 while their loan workout application was pending.

21. Mr. Lee responded and told Mariluz that they didn't need to postpone or delay the sale.

22. Mariluz understood and believed this response by Mr. Lee to mean a promise or agreement that the trustee's sale was no longer pushing through on November 20, 2012.

23. Plaintiff was informed of this immediately by Mariluz and Ian and Plaintiff understood this to mean a promise or agreement that the trustee's sale was no longer pushing through on November 20, 2012.

24. Mr. Lee later informed Mariluz that the forms that were sent were older forms. Mr. Lee also inquired about the Dodd Frank certification.

25. Mariluz responded that Plaintiff filled out everything on every form that was

5

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**

received from Defendant GMAC.

26. Mr. Lee said he will check his files. Later, Mr. Lee said that he checked his computer and that he already deleted the files which were the very documents submitted by Plaintiff.

27. Mr. Lee told Mariluz to check the GMAC website for the new forms and that these should be completed and submitted to Defendant GMAC. Mr. Lee gave Mariluz instructions to indicate the GMAC Mortgage account number and the name of Plaintiff at the top of every form.

28. On November 1, 2012, Mariluz faxed the new set of forms to Mr. Lee.

29. Mr. Lee never responded or contacted Plaintiff, Mariluz or Ian afterwards.

30. On November 19, 2012, Mariluz faxed the same set of documents anew to Mr. Lee including a note inquiring about whether Mr. Lee received the documents faxed on November 1, 2012.

31. No response was ever received from Mr. Lee or anyone from Defendant GMAC.

32. On November 20, 2012, at 10:30 a.m., Mariluz and her family, who also reside at the Subject Property, noticed cars arriving at the Subject Property and people were approaching them asking questions about the Subject Property.

33. Mariluz got extremely nervous so she decided to call Mr. Lee of Defendant GMAC.

34. Several calls were made but Mr. Lee never answered so messages instead were left.

35. At around 1:00 p.m., Mariluz was finally able to reach Mr. Lee. Mariluz asked Mr. Lee what happened to the documents regarding the loan workout which were faxed to his office on three (3) different occasions.

36. Mr. Lee said he does not have an obligation to contact Plaintiff, Mariluz or Ian.

6

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**

37. Mariluz told him that she had requested that the trustee's sale be postponed and that Mr. Lee had assured them that they did not need it postponed at all.

38. Mr. Lee further told them that he did all he could.

39. At 2:00 p.m. of that same day, the Trustee's Sale of the Subject Property pushed through and the winning bidder as alleged above was Defendant Residential Funding.

### ALLEGATIONS IN SUPPORT OF CAUSES OF ACTION FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS FEES

40. The foregoing material averments are hereby incorporated by reference.

41. Plaintiff and her family had detrimentally relied on the clear and unambiguous assurance of Mr. Lee of Defendant GMAC that the sale of November 20, 2012 had been postponed in that they opted to forego taking the necessary and appropriate legal steps to protect their interests in the Subject Property and legally prevent the sale from taking place by either applying with the court for a temporary restraining order and/or preliminary injunction, applying for relief under the Bankruptcy Code or other available remedies provided for under the law.

42. Plaintiff's reliance was reasonable and foreseeable.

43. By the time Plaintiff and her family learned on November 20, 2012 that the Trustee's Sale had not been postponed and that it was actually pushing through as scheduled, it was already too late for Plaintiff to avail of legal relief.

44. Plaintiff has performed all of her obligations under the agreement which was to submit the loan workout documents for evaluation by Defendant GMAC.

45. Defendants, and each of them, had breached the promise by proceeding with the trustee's sale on November 20, 2012 which they were estopped from doing due to promissory estoppel.

7

46. As a direct and proximate result of Defendants' breach of the agreement, Plaintiff suffered damages due to the loss of her home at the Trustee's Sale in an amount to be proven at trial of no less than $1.2 million.

47. Injustice can only be avoided by enforcement of the promise not to push through with the trustee's sale.

48. Defendants are believed and thereon alleged to have acted in bad faith to prevent Plaintiff from saving her property which Defendants were eager to acquire since the property has substantial equity.

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1. To annul the trustee's sale held on November 20, 2013 and restore Plaintiff's ownership of the Subject Property;

2. For damages in favor of Plaintiff in an amount to be determined at trial;

3. For pre-judgment interest on any recovery by Plaintiff;

4. For expenses of suit incurred herewith;

5. For reasonable attorneys' fees; and

6. For such other relief as the Court may deem just and proper.

Dated: January 28, 2013

Errol J. Zshornack
Attorney for Plaintiff
MARTHA S. PANASZEWICZ

8

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**