**Exhibit 4**

```
 1  MARK D. LONERGAN (State Bar No. 143622)
    mdl@severson.com
 2  EDWARD R. BUELL, III (State Bar No. 240494)
    erb@severson.com
 3  KIMBERLY A. PAESE (State Bar No. 258594)
    kap@severson.com
 4  SEVERSON & WERSON
    A Professional Corporation
 5  One Embarcadero Center, Suite 2600
    San Francisco, California 94111
 6  Telephone: (415) 398-3344
    Facsimile: (415) 956-0439
 7
    Attorneys for Defendants
 8  GMAC MORTGAGE, LLC;
    RESIDENTIAL FUNDING COMPANY, LLC
 9
```

FILED
2013 MAR 14 P 2:56
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA S. PANASZEWICZ,<br><br>Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE, LLC; RESIDENTIAL FUNDING COMPANY, LLC; AND DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. TBD  CV 13 1162  MEJ<br><br>**NOTICE OF REMOVAL**<br><br>[Diversity of Citizenship]<br><br>[Removed from Superior Court of the State of California in and for the County of San Francisco Case No. CGC-13-528268]<br><br>Action Filed: January 28, 2013<br>Trial Date: None Set |

19000.1487/2599567.1

ORIGINAL

NOTICE OF REMOVAL

**TO PLAINTIFF, THE CLERK OF THE ABOVE-ENTITLED COURT, AND THE HONORABLE UNITED STATES DISTRICT JUDGE:**

PLEASE TAKE NOTICE that defendants GMAC Mortgage, LLC (hereinafter, "GMAC") and Residential Funding Company, LLC (hereinafter, "RFC") (collectively hereinafter, "Defendants") hereby remove the above-captioned action from the Superior Court of the State of California in and for the County of San Francisco to the United States District Court for the Northern District of California, San Francisco Division, based on diversity of citizenship pursuant to 28 U.S.C. sections 1441 and 1332, as further alleged below:

1. Plaintiff Martha S. Panaszewicz (hereinafter, "Plaintiff") initiated the present action by filing the Complaint in the Superior Court of California in and for the County of San Francisco on January 28, 2013, where it was assigned case number CGC-13-528268 (hereinafter, "State Court Action").

2. GMAC was personally served with a summons and a copy of the Complaint in the State Court Action on February 14, 2013. RFC was personally served with a summons and a copy of the Complaint in the State Court Action February 14, 2013. Therefore, removal is timely under 28 U.S.C. section 1446(b).

3. Defendants have not yet responded to the Complaint in the State Court Action.

4. Removal to this district is proper because this is the district which embraces the county in which Plaintiff filed the State Court Action. (*See* 28 U.S.C. § 1441(a).)

5. Removal to the San Francisco Division of the United States District Court for the Northern District of California is proper because this district and division encompass the county of San Francisco, where Plaintiff filed the State Court Action. (*See* 28 U.S.C. § 1441(a).)

6. Defendants are entitled to remove the State Court Action because this Court has original jurisdiction of this case pursuant to 28 U.S.C. section 1332 in that it is an action that may be removed to this Court pursuant to 28 U.S.C. section 1441(b) because it is a civil action between citizens of different states and involves an amount in controversy that exceeds the sum or value of $75,000.00, exclusive of costs and interest.

///

7. Complete diversity of citizenship exists in this case because "no defendant in this action has the same citizenship as the plaintiff." (*Republic Western Ins. Co. v. International Ins. Co.* 765 F.Supp. 628, 629 (N.D. Cal. 1991); 28 U.S.C. § 1332(a)(1).) Specifically:

(a) ***Plaintiff*** is, and, at the time she filed the Complaint was, a citizen of the State of California. (*See* Complaint (hereinafter, Compl."), ¶ 2; *see also Heinz v. Havelock*, 757 F.Supp. 1076, 1079 (C.D. Cal. 1991) (residence and property ownership are factors in domicile for diversity jurisdiction); *State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[P]lace of residence is prima facie the domicile.").)

(b) ***GMAC Mortgage*** is not, and at the time that Plaintiff filed the Complaint, was not, a citizen of the State of California. GMAC Mortgage is a Delaware limited liability company and a citizen of the States of Michigan and Delaware, the states of which its members are citizens. A limited liability company is a citizen of every state in which its owners or members are citizens. (*Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006); *GMAC Commercial Credit LLC v. Dillard Dept. Stores, Inc.*, 357 F.3d 827, 828-29 (8th Cir. 2004).)

(i) GMAC Mortgage is a wholly owned subsidiary of GMAC Residential Holding Company, LLC, a Delaware limited liability company.

(ii) GMAC Residential Holding Company, LLC is a wholly owned subsidiary of Residential Capital, LLC, a Delaware limited liability company.

(iii) Residential Capital, LLC is owned by GMAC Mortgage Group LLC, a Delaware limited liability company which holds 99% interest, and ResCap Investments LLC, a Delaware limited liability company, which holds 1% interest.

///

|  |  |  |  |
|---|---|---|---|
|  |  | (iv) | ResCap Investments LLC is a wholly owned subsidiary of GMAC Mortgage Group, LLC. GMAC Mortgage Group, LLC is a wholly owned subsidiary of Ally Financial Inc., a Delaware corporation with its principal place of business in Michigan. |
|  | (c) |  | **RFC** is not, and, at the time Plaintiff filed the Complaint, was not, a citizen of the State of California. RFC is a Delaware limited liability company and a citizen of the State of Delaware, the state of which its members are citizens. |
|  |  | (i) | RFC is a wholly owned subsidiary of GMAC Residential Holding Company, LLC, a Delaware limited liability company. |
|  |  | (ii) | GMAC Residential Holding Company, LLC is a wholly owned subsidiary of Residential Capital, LLC, a Delaware limited liability company. |
|  |  | (iii) | Residential Capital, LLC is a wholly owned subsidiary of GMAC Mortgage Group LLC, a Delaware limited liability company. |
|  |  | (iv) | GMAC Mortgage Group LLC is a wholly owned subsidiary of Ally Financial Inc., a Delaware corporation. |
|  | (d) |  | The citizenship of Does 1 through 10 has no impact on whether complete diversity exists between plaintiff and defendants. (*See* 28 U.S.C. section 1441(a) ("the citizenship of defendants sued under fictitious names shall be disregarded.").) |

8. The amount in controversy exceeds $75,000.00. (28 U.S.C. § 1332(a).) Generally, "[t]he amount in controversy is determined from the allegations or prayer of the complaint." (WILLIAM W. SCHWARZER, FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 2:1782 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (holding that inability to recover an amount adequate to give court jurisdiction does not oust court of jurisdiction ).) "In actions seeking declaratory or injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation. If the primary

1 purpose of a lawsuit is to enjoin a bank from selling or transferring property, then the property is
2 the object of the litigation." (*Reyes v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 113821, at
3 *12-13 (N.D. Cal. 2010) (internal citations omitted).)

4     Here, Plaintiff seeks to undo the $498,366.88 trustee's sale of the relevant property and
5 take title in her name alone. (Compl., Prayer for Relief, ¶ 1; *see also* concurrently filed Request
6 for Judicial Notice (hereinafter, "RJN"), Exhibit 1.) Thus, if Plaintiff succeeds on her claim to
7 cancel or otherwise void the trustee's deed upon sale for the property, then the amount in
8 controversy requirement is met because at least $498,366.88 is in controversy. Plaintiff also seeks
9 monetary damages and attorneys' fees. (Compl., Prayer for Relief, ¶¶ 2, 5.) Based on these
10 allegations, it is facially apparent from the Complaint that the amount in controversy in this action
11 exceeds $75,000.00.

12     9. Defendants are the only defendants named in this action. Thus, no joinder to this
13 notice of removal is necessary.

14     10. Pursuant to 28 U.S.C. section 1446(d), a copy of this notice of removal with its
15 attachments will be promptly served on Plaintiff, and notice thereof will be filed with the Clerk of
16 Superior Court of the State of California in and for the County of San Francisco.

17     11. Pursuant to 28 U.S.C. section 1446(a), the only pleadings and orders filed in the
18 State Court Action, and which are within the possession of Defendants, are attached to this
19 notice. Specifically:

20     **(a)** A copy of the Complaint is attached hereto as **Exhibit A**.
21     **(b)** A copy of the summons served upon GMAC is attached hereto as **Exhibit
22     B**.
23     **(c)** A copy of the summons served upon RFC is attached hereto as **Exhibit C**.
24 ///
25 ///
26 ///
27 ///
28 ///

19000.1487/2599567.1      5

NOTICE OF REMOVAL

1   WHEREFORE, Defendants hereby remove Superior Court of the State of California in and
2  for the County of San Francisco Case No. CGC-13-528268 to the United States District Court for
3  the Northern District of California, San Francisco Division.

4  DATED: March 14, 2013             SEVERSON & WERSON
                                      A Professional Corporation
5
6
7                                     By: _____
                                          Mark D. Lonergan
8                                         Edward R. Buell, III
                                          Kimberly A. Paese
9
10                                    Attorneys for Defendants
                                      GMAC MORTGAGE, LLC;
11                                    RESIDENTIAL FUNDING COMPANY, LLC

19000.1487/2599567.1                  6
                                                              NOTICE OF REMOVAL



ERROL J. ZSHORNACK, SBN 268940
7311 Mission Street, Suite E
Daly City, CA 94014
Tel: (415) 412-7479
Fax: (650) 350-4277

Attorney for Plaintiff
MARTHA S. PANASZEWICZ

ENDORSED
SAN FRANCISCO COUNTY
SUPERIOR COURT

13 JAN 28 AM 1:11

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

# FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MARTHA S. PANASZEWICZ,<br><br>Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE, LLC; RESIDENTIAL FUNDING COMPANY, LLC; AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Case No. CGC-13-528268<br><br>UNLIMITED CIVIL CASE<br><br>COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS FEES |

COMES NOW the Plaintiff, MARTHA S. PANASZEWICZ (hereinafter referred to as "Plaintiff"), complaining of the Defendants, and each of them, as follows:

## INTRODUCTION

1. This is an action brought by Plaintiff Martha S. Panaszewicz ("Plaintiff") against Defendants GMAC Mortgage, LLC ("GMAC") and Residential Funding Company, LLC ("Residential Funding"), resulting from Defendant GMAC's repudiation of an agreement with Plaintiff to postpone, delay or otherwise forego the trustee's sale of the residential property

COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY
OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES

which is also Plaintiff's home. Plaintiff brings this action in order to set aside the trustee's sale, restore her ownership of the property and to seek damages and attorneys fees as may be provided by law.

## THE PARTIES

2. Plaintiff is now, and at all times relevant to this action, a resident of the County of San Francisco, State of California. At all times relevant to this action, Plaintiff has owned and resided at the real property commonly known as 89 Belle Avenue, San Francisco, CA 94132 (the "Subject Property"). The Subject Property is further described as Assessor's Parcel ID Number 7179-021, in the County of San Francisco which is also further described as follows:

> "THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO, CITY OF SAN FRANCISCO, AND IS DESCRIBED AS FOLLOWS:
>
> PARCEL A:
>
> LOTS 15, 16 AND 17 IN BLOCK 1, ACCORDING TO MAP ENTITLED, "OCEAN VIEW PARK", RECORDED JULY 20, 1903, BOOK "G" OF MAPS, AT PAGES 36 AND 37, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA.
>
> PARCEL B:
>
> LOT 14 AND THE WESTERLY 12 FEET, 6 INCHES, FRONT AND REAR MEASUREMENTS, OF LOT 13 IN BLOCK 1, ACCORDING TO THE "PLAT OF OCEAN VIEW PARK", FILED JULY 26, 1908, IN BOOK "G" OF MAPS, AT PAGES 36 AND 37, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA.
>
> PARCEL NUMBER(S): LOT 021, BLOCK 7179"

3. Plaintiff is informed and believes and on that basis alleges that Defendant GMAC Mortgage, LLC (GMAC), during all times relevant to this action, is doing business in the County of San Francisco, State of California. Plaintiff is further informed and believes and on that basis alleges that Defendant GMAC, during all times relevant to this action, was purporting to be the Mortgage Servicer, Assignee/Transferee of Plaintiff's original loan, or authorized representative

1  of the Beneficiary under Plaintiff's Deed of Trust executed to secure Plaintiff's loan obtained

2  from Metrocities Mortgage LLC dba No Red Tape Mortgage back in March 2007 ("Loan").

4.  Plaintiff is informed and believes and on that basis alleges that Defendant Residential Funding Company, LLC (Residential Funding), during all times relevant to this action, is doing business in the County of San Francisco, State of California. Plaintiff is further informed and believes and on that basis alleges that Defendant Residential Funding is the purported buyer of the Subject Property at the trustee's sale held on November 20, 2012. Defendant Residential Funding is on information and belief owned in whole or in part or otherwise controlled or operated by Defendant GMAC. GMAC and Residential Funding shall hereinafter be referred to collectively as "Defendants."

5.  Plaintiff does not know the true names, capacities, or bases for liability of Defendants sued herein as Does 1 through Does 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Subject Property. Plaintiff will amend her Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants is responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

6.  Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, and unless otherwise expressly averred, each of the Defendants was the agent, employee, servant and/or joint venturer of the remaining Defendants, and each of them, and in doing the things alleged herein below, was acting within the course and scope of such agency,

3

COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY
OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES

employment and/or joint venture.

7. Plaintiff is informed and believes, and thereon alleges, that Defendants herein, and each of them, are named in their respective purported or putative capacities only, based on said Defendants' claims or assertions only, and are not to be taken as judicial admissions by Plaintiff of any fact or facts in dispute in this action.

## THE FACTS

8. On November 2, 2011, Plaintiff was served a notice and demand for payment on her Loan by Defendant GMAC for alleged default on her loan which Defendant GMAC purported to be servicing.

9. On February 23, 2012, Plaintiff was served a letter by Defendant GMAC through its purported Relationship Manager, Mr. George Lee.

10. The said letter informed Plaintiff that Mr. Lee *"would like the opportunity to work with (Plaintiff) on establishing a workout solution on (her) account."*

11. The letter was accompanied by a "workout package" consisting of forms which Plaintiff was to complete and return to Mr. Lee.

12. On July 10, 2012, Defendant Residential Funding caused a Notice of Default and Election to Sell Under Deed of Trust to be served at Plaintiff's residence.

13. A Trustee's Sale of the Subject Property was later scheduled for November 20, 2012 at 2:00 p.m.

14. On October 22, 2012, Mariluz Panaszewicz Ragasa ("Mariluz") and Ian Panaszewicz ("Ian"), daughter and son, respectively, of Plaintiff contacted and spoke to Mr. Lee by telephone to discuss loan workout solutions.

15. Mariluz and Ian were duly authorized by their mother, Plaintiff herein, to represent

4

1 her in negotiating for a loan workout solution with Mr. Lee since the stress would be hazardous

2 to Plaintiff's health considering that she was already in her 70's and the fact that she was a

3 cancer patient having been diagnosed in 2008 with Multiple Myeloma.

16. On October 25, 2012, Mariluz and Ian acting for and on behalf of Plaintiff agreed to Defendant GMAC's offer coursed through Mr. Lee to work on establishing a workout solution by sending the completed documents previously received from Defendant GMAC to Mr. Lee via facsimile.

17. Included among the documents sent to Mr. Lee on October 25, 2012 were letters requesting that the scheduled trustee's sale on November 20, 2012 be postponed.

18. On October 29 and 30, 2012, Mariluz tried calling Mr. Lee several times but Mr. Lee did not answer. Mariluz was able to leave messages on the answering machine.

19. Mr. Lee eventually returned the calls on October 30, 2012 and he spoke to Mariluz.

20. Mariluz reiterated their earlier written requests to delay the trustee's sale scheduled on November 20, 2012 while their loan workout application was pending.

21. Mr. Lee responded and told Mariluz that they didn't need to postpone or delay the sale.

22. Mariluz understood and believed this response by Mr. Lee to mean a promise or agreement that the trustee's sale was no longer pushing through on November 20, 2012.

23. Plaintiff was informed of this immediately by Mariluz and Ian and Plaintiff understood this to mean a promise or agreement that the trustee's sale was no longer pushing through on November 20, 2012.

24. Mr. Lee later informed Mariluz that the forms that were sent were older forms. Mr. Lee also inquired about the Dodd Frank certification.

25. Mariluz responded that Plaintiff filled out everything on every form that was

5

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**

1  received from Defendant GMAC.

2  26. Mr. Lee said he will check his files. Later, Mr. Lee said that he checked his computer and that he already deleted the files which were the very documents submitted by Plaintiff.

27. Mr. Lee told Mariluz to check the GMAC website for the new forms and that these should be completed and submitted to Defendant GMAC. Mr. Lee gave Mariluz instructions to indicate the GMAC Mortgage account number and the name of Plaintiff at the top of every form.

28. On November 1, 2012, Mariluz faxed the new set of forms to Mr. Lee.

29. Mr. Lee never responded or contacted Plaintiff, Mariluz or Ian afterwards.

30. On November 19, 2012, Mariluz faxed the same set of documents anew to Mr. Lee including a note inquiring about whether Mr. Lee received the documents faxed on November 1, 2012.

31. No response was ever received from Mr. Lee or anyone from Defendant GMAC.

32. On November 20, 2012, at 10:30 a.m., Mariluz and her family, who also reside at the Subject Property, noticed cars arriving at the Subject Property and people were approaching them asking questions about the Subject Property.

33. Mariluz got extremely nervous so she decided to call Mr. Lee of Defendant GMAC.

34. Several calls were made but Mr. Lee never answered so messages instead were left.

35. At around 1:00 p.m., Mariluz was finally able to reach Mr. Lee. Mariluz asked Mr. Lee what happened to the documents regarding the loan workout which were faxed to his office on three (3) different occasions.

36. Mr. Lee said he does not have an obligation to contact Plaintiff, Mariluz or Ian.

6

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**

37. Mariluz told him that she had requested that the trustee's sale be postponed and that Mr. Lee had assured them that they did not need it postponed at all.

38. Mr. Lee further told them that he did all he could.

39. At 2:00 p.m. of that same day, the Trustee's Sale of the Subject Property pushed through and the winning bidder as alleged above was Defendant Residential Funding.

### ALLEGATIONS IN SUPPORT OF CAUSES OF ACTION FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS FEES

40. The foregoing material averments are hereby incorporated by reference.

41. Plaintiff and her family had detrimentally relied on the clear and unambiguous assurance of Mr. Lee of Defendant GMAC that the sale of November 20, 2012 had been postponed in that they opted to forego taking the necessary and appropriate legal steps to protect their interests in the Subject Property and legally prevent the sale from taking place by either applying with the court for a temporary restraining order and/or preliminary injunction, applying for relief under the Bankruptcy Code or other available remedies provided for under the law.

42. Plaintiff's reliance was reasonable and foreseeable.

43. By the time Plaintiff and her family learned on November 20, 2012 that the Trustee's Sale had not been postponed and that it was actually pushing through as scheduled, it was already too late for Plaintiff to avail of legal relief.

44. Plaintiff has performed all of her obligations under the agreement which was to submit the loan workout documents for evaluation by Defendant GMAC.

45. Defendants, and each of them, had breached the promise by proceeding with the trustee's sale on November 20, 2012 which they were estopped from doing due to promissory estoppel.

7

COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES

46. As a direct and proximate result of Defendants' breach of the agreement, Plaintiff suffered damages due to the loss of her home at the Trustee's Sale in an amount to be proven at trial of no less than $1.2 million.

47. Injustice can only be avoided by enforcement of the promise not to push through with the trustee's sale.

48. Defendants are believed and thereon alleged to have acted in bad faith to prevent Plaintiff from saving her property which Defendants were eager to acquire since the property has substantial equity.

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1. To annul the trustee's sale held on November 20, 2013 and restore Plaintiff's ownership of the Subject Property;

2. For damages in favor of Plaintiff in an amount to be determined at trial;

3. For pre-judgment interest on any recovery by Plaintiff;

4. For expenses of suit incurred herewith;

5. For reasonable attorneys' fees; and

6. For such other relief as the Court may deem just and proper.

Dated: January 28, 2013

*Errol J. Zshornack*
Attorney for Plaintiff
MARTHA S. PANASZEWICZ

8

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**



SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
GMAC MORTGAGE, LLC; RESIDENTIAL FUNDING COMPANY, LLC; AND DOES 1 THROUGH 100, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
MARTHA S. PANASZEWICZ

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is:
*(El nombre y dirección de la corte es):* Superior Court of California
County of San Francisco, 400 McAllister St., San Francisco, CA 94102

CASE NUMBER:
*(Número del Caso):* CGC-13-528268

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Errol J. Zshornack, Esq., 7311 Mission Street, Suite E, Daly City, CA 94014; Tel. No. (415) 412-7479

DATE: JAN 28 2013    CLERK OF THE COURT    Clerk, by _____, Deputy
*(Fecha)*    *(Secretario)*    *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☑ on behalf of *(specify)*: GMAC Mortgage, LLC

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☑ other *(specify)*: a Limited Liability Company
4. ☐ by personal delivery on *(date)*:

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com



**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

GMAC MORTGAGE, LLC; RESIDENTIAL FUNDING COMPANY, LLC; AND DOES 1 THROUGH 100, INCLUSIVE

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

MARTHA S. PANASZEWICZ

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

The name and address of the court is: Superior Court of California
*(El nombre y dirección de la corte es):*
County of San Francisco, 400 McAllister St., San Francisco, CA 94102

**CASE NUMBER:** *(Número del Caso):* CGC-13-528268

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Errol J. Zshornack, Esq., 7311 Mission Street, Suite E, Daly City, CA 94014; Tel. No. (415) 412-7479

DATE: JAN 28 2013 CLERK OF THE COURT Clerk, by _____, Deputy
*(Fecha)* *(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

[SEAL]

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
   Residential Funding Company, LLC
3. ☑ on behalf of (specify):
   under: ☐ CCP 416.10 (corporation) ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
   ☑ other (specify): a limited liability company
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com