# **Exhibit 6**

1  MARK D. LONERGAN (State Bar No. 143622)
   mdl@severson.com
2  EDWARD R. BUELL, III (State Bar No. 240494)
   erb@severson.com
3  KIMBERLY A. PAESE (State Bar No. 258594)
   kap@severson.com
4  SEVERSON & WERSON
   A Professional Corporation
5  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
6  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
7
   Attorneys for Defendants
8  GMAC MORTGAGE, LLC;
   RESIDENTIAL FUNDING COMPANY, LLC
9

10                     UNITED STATES DISTRICT COURT

11                    NORTHERN DISTRICT OF CALIFORNIA

12

13  MARTHA S. PANASZEWICZ,                    Case No. 3:13-cv-01162-MEJ

14          Plaintiff,                        **NOTICE OF MOTION AND MOTION TO
                                              DISMISS PORTIONS OF THE
15      vs.                                   COMPLAINT; MEMORANDUM OF
                                              POINTS AND AUTHORITIES IN
16  GMAC MORTGAGE, LLC; RESIDENTIAL           SUPPORT OF MOTION TO DISMISS**
    FUNDING COMPANY, LLC; AND DOES 1
17  through 100, inclusive,                   [Filed concurrently with Request for Judicial
                                              Notice in Support Thereof and Notice of
18          Defendants.                       Bankruptcy and Suggestion of Automatic Stay]

19                                            Date:   May 9, 2013
                                              Time:   10:00 a.m.
20                                            Crtm.:  B, 15th Floor
                                              Judge:  Hon. Maria-Elena James
21
                                              [Removed from Superior Court of the State of
22                                            California in and for the County of San
                                              Francisco Case No. CGC-13-528268 ]
23
                                              Action Filed:  January 28, 2013
24                                            Trial Date:    None Set

25

26

27

28
    19000.1487/2618757.1
                                                       NOTICE OF MOTION AND MOTION TO DISMISS;
                              MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

**PLEASE TAKE NOTICE** that the hearing on the motion by defendants GMAC Mortgage, LLC (hereinafter, "GMAC"), and Residential Funding Company, LLC (hereinafter, "RFC"), to dismiss portions of the Complaint[1] filed by plaintiff Martha Panaszewicz (hereinafter, "Plaintiff") will come on regularly for hearing on May 9, 2013, at 10:00 a.m., or as soon thereafter as may be heard, before the Honorable Maria-Elena James in Courtroom B of the above-entitled court located at 450 Golden Gate Avenue, San Francisco, California, 94102.

GMAC and RFC move to dismiss the Complaint, and those claim asserted therein which seek to defend, unwind, enjoin or otherwise preclude the foreclosure of the underlying property, pursuant to Federal Rule of Civil Procedure 12(b)(6) on the ground that Plaintiff fails to state any claim upon which such relief may be granted, together with any additional grounds set forth in the accompanying memorandum of points and authorities.

The motion to dismiss is based on this notice of hearing, the supporting memorandum of points and authorities, the notice of bankruptcy and suggestion of automatic stay, all judicially

---

[1] On May 14, 2012, Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMAC and ETS (hereinafter, "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court"), thus triggering the protections of the automatic stay codified in section 362(a) of Chapter 11 of the Bankruptcy Code (hereinafter, "section 362(a)") with regard to the Debtors. Section 362(a), among other things, operates as an automatic stay of: (i) "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding" against the Chapter 11 Debtors (11 U.S.C. § 362(a)(1)); (ii) acts to "obtain possession of property" of the Debtors' Chapter 11 estates (11 U.S.C. § 362(a)(3)); and (iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the petition date (11 U.S.C. § 362(a)(6)). On July 13, 2012, the Bankruptcy Court issued a final supplemental bankruptcy order which provides that certain claims are exempted from the bankruptcy stay ("Permitted Claims"). As set forth in the Notice of Bankruptcy and Suggestion of Automatic Stay filed concurrently herewith, to the extent Plaintiff seeks an award of damages, attorneys' fees, and/or costs of suit by virtue of the claim(s) alleged against GMAC and RFC for "WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES, AND ATTORNEYS FEES", such claims for damages are not Permitted Claims and remain subject to the automatic stay. Continued prosecution of these claims is prohibited. To the extent Plaintiff seeks to defend, unwind, enjoin or otherwise preclude the foreclosure of the underlying property by virtue of the claims alleged against GMAC and/or RFC for "WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES, AND ATTORNEYS FEES", such claims are Permitted Claims and are not subject to the automatic stay and the motion to dismiss the same may proceed. GMAC and RFC hereby expressly reserve their rights to challenge the balance of the claims for damages alleged in the Complaint if and when the stay is lifted or GMAC and RFC are otherwise permitted by the Bankruptcy Court or other court order.

1 | noticed matters, all pleadings and papers on file in this action, on the reply, if any, that may be
2 | filed with the Court, and on any and such further oral and documentary evidence as may be
3 | presented at the hearing on this matter.

4 | DATED: March 21, 2013

SEVERSON & WERSON
A Professional Corporation

By: ___/s/ *Kimberly A. Paese*___
    Mark D. Lonergan
    Edward R. Buell, III
    Kimberly A. Paese

Attorneys for Defendants
GMAC MORTGAGE, LLC;
RESIDENTIAL FUNDING COMPANY, LLC

19000.1487/2618757.1

2

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION ........................................................................................................... 1

II. SUMMARY OF FACTUAL BACKGROUND ............................................................. 2

III. SUMMARY OF PLAINTIFF'S ALLEGATIONS ......................................................... 3

IV. ARGUMENT .................................................................................................................. 4

    A. Legal Standard For A Motion To Dismiss ......................................................... 4

    B. Plaintiff Fails To Plead A Claim To Set Aside The Trustee's Sale .................... 5

        1. Plaintiff Cannot Seek To Set Aside The Sale Based Upon Promissory Estoppel ............................................................................... 6

        2. Even If Plaintiff Could Seek To Set Aside The Sale On A Promissory Estoppel Theory, She Fails To Plead A Valid Promise And Reasonable, Foreseeable Detrimental Reliance .......................... 6

        3. Plaintiff Fails To Allege She Has Tendered The Outstanding Debt ........ 9

V. CONCLUSION ............................................................................................................... 9

# TABLE OF AUTHORITIES

Page(s)
**FEDERAL CASES**

*Alcaraz v. Wachovia Mortg. FSB,*
  592 F.Supp.2d 1296 (E.D. Cal. 2009) ................................................................... 9

*Ashcroft v. Iqbal,*
  129 S.Ct. 1937 (2009) ............................................................................................ 5

*Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters,*
  459 U.S. 519 (1983) ............................................................................................... 5

*Barrionuevo v. Chase Bank, N.A.,*
  885 F.Supp.2d 964 (N.D. Cal. 2012) ..................................................................... 9

*In re Gilead Sci. Sec. Litig.,*
  536 F.3d 1049 (9th Cir. 2008) ................................................................................ 5

*Johnson v. Riverside Healthcare Sys.,*
  534 F.3d 1116 (9th Cir. 2008) ................................................................................ 4

*Marceau v. Blackfeet Hous. Auth.,*
  540 F.3d 916 (9th Cir. 2008) .................................................................................. 4

*Navarro v. Block,*
  250 F.3d 729 (9th Cir. 2001) .................................................................................. 4

*Pantoja v. Countrywide Home Loans, Inc.,*
  640 F.Supp.2d 1177 (N.D. Cal. 2009) ................................................................... 9

*Solomon v. Aurora Loan Servs. LLC,*
  2012 WL 2577559 (E.D. Cal. July 2012) .............................................................. 8

*Sprewell v. Golden State Warriors,*
  266 F.3d 979 (9th Cir. 2001) .................................................................................. 5

*Vignolo v. Miller,*
  120 F.3d 1075 (9th Cir. 1999) ................................................................................ 5

*Warren v. Fox Family Worldwide, Inc.,*
  328 F.3d 1136 (9th Cir. 2003) ................................................................................ 5

**STATE CASES**

*Aceves v. U.S. Bank, N.A.,*
  192 Cal.App.4th 218 (2011) ............................................................................... 6, 8

*Arnolds Mgmt. Corp. v. Eischen*,
   158 Cal.App.3d 575 (Ct. App. 1984) ............................................................................... 9

*Garcia v. World Sav., FSB*,
   183 Cal.App.4th 1031 (2010) ..................................................................................... 6, 7

*Karlsen v. American Sav. & Loan Ass'n*,
   15 Cal.App.3d 112 (1971) .......................................................................................... 7, 9

*Lange v. TIG Ins. Co.*,
   68 Cal.App.4th 1179 (1998) ............................................................................................ 8

*Lona v. Citibank, N.A.*,
   202 Cal.App.4th 89 (6th Dist.2011) ................................................................................ 5

*Melendrez v. D & I Inv., Inc.*
   127 Cal.App.4th 1238 (6th Dist. 2005) ........................................................................... 5

*Moeller v. Lien*,
   25 Cal.App.4th 822 (2d Dist. 1994) ............................................................................ 5, 6

*Nguyen v. Calhoun*,
   105 Cal.App.4th 428 (2003) ........................................................................................ 6, 7

*Raedeke v. Gibraltar Sav. & Loan Ass'n*,
   10 Cal.3d 665 (1974) ................................................................................................... 7, 8

*Sutherland v. Barclays American/Mortg. Corp.*,
   53 Cal.App.4th 299 (1997) .............................................................................................. 7

*Toscano v. Greene Music*,
   124 Cal.App.4th 685 (2004) ............................................................................................ 6

*US Ecology, Inc. v. State of Cal.*,
   129 Cal.App.4th 887 (2005) ........................................................................................ 7, 8

**FEDERAL STATUTES**

United States Code
   Title 11
      § 362 ............................................................................................................................. 1

**STATE STATUTES**

California Civil Code
   § 2924 ....................................................................................................................... Page

**RULES**

Federal Rules of Civil Procedure
  Rule 12(b)(6) ................................................................................................................4

12-12020-mg   Doc 8258-10   Filed 03/06/15   Entered 03/06/15 16:32:10   Exhibit 6
Pg 9 of 17
Case3:13-cv-01162-MEJ   Document6   Filed03/21/13   Page8 of 16

Defendants GMAC Mortgage, LLC (hereinafter, "GMAC"), and Residential Funding Company, LLC (hereinafter, "RFC"), hereby submit the following memorandum of points and authorities in support of their motion to dismiss portions of the Complaint[1] filed by Martha Panaszewicz (hereinafter, "Plaintiff").

## I. INTRODUCTION

Despite multiple overtures and many opportunities, Plaintiff waited until days before the duly noticed trustee's sale to try to apply for a loan modification and avoid the pending foreclosure. Now, and although she does not dispute defaulting on the subject refinance loan or otherwise challenge the foreclosure, she seeks to set aside the trustee's sale solely upon a promissory estoppel theory.[2] Indeed, her complaint contains a single claim styled "WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP,

---

[1] On May 14, 2012, Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMAC and ETS (hereinafter, "Debtors"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court"), thus triggering the protections of the automatic stay codified in section 362(a) of Chapter 11 of the Bankruptcy Code (hereinafter, "section 362(a)") with regard to the Debtors. Section 362(a), among other things, operates as an automatic stay of: (i) "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding" against the Chapter 11 Debtors (11 U.S.C. § 362(a)(1)); (ii) acts to "obtain possession of property" of the Debtors' Chapter 11 estates (11 U.S.C. § 362(a)(3)); and (iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the petition date (11 U.S.C. § 362(a)(6)). On July 13, 2012, the Bankruptcy Court issued a final supplemental bankruptcy order which provides that certain claims are exempted from the bankruptcy stay ("Permitted Claims"). As set forth in the Notice of Bankruptcy and Suggestion of Automatic Stay filed concurrently herewith, to the extent Plaintiff seeks an award of damages, attorneys' fees, and/or costs of suit by virtue of the claim(s) alleged against GMAC and RFC for "WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES, AND ATTORNEYS FEES", such claims for damages are not Permitted Claims and remain subject to the automatic stay. Continued prosecution of these claims is prohibited. To the extent Plaintiff seeks to defend, unwind, enjoin or otherwise preclude the foreclosure of the underlying property by virtue of the claims alleged against GMAC and/or RFC for "WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES, AND ATTORNEYS FEES", such claims are Permitted Claims and are not subject to the automatic stay and the motion to dismiss the same may proceed. GMAC and RFC hereby expressly reserve their rights to challenge the balance of the claims for damages alleged in the Complaint if and when the stay is lifted or GMAC and RFC are otherwise permitted by the Bankruptcy Court or other court order.

[2] Plaintiff also seeks damages by her promissory estoppel claim. (Compl., ¶ 46, prayer for relief ¶¶ 2, 4, 5.) However, as set forth in the preceding footnote, such claims for damages are stayed by reason of the automatic stay.

19000.1487/2618757.1                                    1
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  DAMAGES, AND ATTORNEYS FEES". However, because Plaintiff did not reinstate the loan
2  prior to the sale, she cannot use a promissory estoppel theory to set aside the sale. Yet notwith-
3  standing, Plaintiff fails to plead an actionable promissory estoppel claim because she does not
4  allege a clear enforceable promise and/or reasonable, foreseeable detrimental reliance. In addition
5  to these dispositive defects, Plaintiff also does not state any claim to set aside the sale because she
6  does not allege she has tendered the underlying debt to defendants. For all these reasons, Plaintiff
7  fails to plead her claim to "recover ownership" of the property based upon promissory estoppel.
8  Accordingly, to the extent the claims within the Complaint seek to set aside the sale, they should
9  be dismissed with prejudice. (See Footnote 1, *supra*.)

## II. SUMMARY OF FACTUAL BACKGROUND

This action relates to the real property located at 89 Belle Avenue, San Francisco, California 94132 (hereinafter, "Property"), and the refinance loan, in the principal amount of $440,000.00, which Plaintiff obtained from Metrocities Mortgage LLC dba No Red Tape Mortgage[3] on or about March 6, 2007 (hereinafter, "Subject Loan"). (Compl., ¶¶ 2, 3.) A notice of default on the Subject Loan was recorded on July 10, 2012. (*See* Notice of Default and Election to Sell recorded on July 10, 2012, in the official records of San Francisco County as document number DOC-2012-J444015-00 attached as Exhibit 2 to RJN.) A notice of trustee's sale was recorded on October 25, 2012, and set a November 20, 2012, sale date. (*See* Notice of Trustee's Sale recorded on October 25, 2012, in the official records of San Francisco County as document number DOC-2012-J532281-00 attached as Exhibit 3 to RJN.) The Property proceeded to sale on this date and reverted back to RFC as the foreclosing beneficiary. (*See* Trustee's Deed Upon Sale recorded on November 27, 2012, in the official records of San Francisco County as document number DOC-2012-J550036-00 attached as Exhibit 4 to RJN.) A trustee's deed upon sale was recorded on November 27, 2012. (*Id.*)

---

[3] The beneficial interest in the deed of trust securing the Subject Loan was assigned to RFC on June 12, 2012. (*See* Assignment of Deed of Trust recorded on June 19, 2012, in the official records of San Francisco County as document number DOC-201-J432134-00 attached as Exhibit 1 to the supporting Request for Judicial Notice filed concurrently herewith (hereinafter, "RJN").)

19000.1487/2618757.1                                        2
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

### III. SUMMARY OF PLAINTIFF'S ALLEGATIONS

Plaintiff alleges that on November 2, 2011, GMAC "served [her with] a notice and demand for payment" occasioned by her default on the Subject Loan. (Compl., ¶ 8.) Plaintiff neither disputes her default nor alleges she did anything in response to this letter. (*Id.*)

Plaintiff alleges that approximately three months later, on February 23, 2012, she received a loss mitigation letter and a "workout package." (Compl., ¶¶ 9-11.) Plaintiff does not allege she did anything in response to this letter. (*Id.*)

Plaintiff alleges that approximately five months later, on July 10, 2012, a notice of default was recorded. (Compl., ¶ 12.) Plaintiff neither disputes her default nor alleges she did anything in response to the notice of default. (*Id.*)

Plaintiff alleges that her children[4] contacted GMAC, via its alleged representative Charles Lee (hereinafter, "Lee"), to discuss "loan workout solutions" on October 22, 2012.[5] (Compl., ¶ 14.)

Plaintiff alleges her children faxed the workout package they received in February to Lee on October 25, 2012, along with letter(s) requesting the sale be postponed. (Compl., ¶¶ 16-18.) As these forms were naturally outdated, Plaintiff alleges that on October 30, 2012, Lee instructed her children to download and submit the appropriate forms, available on the company website. (Compl., ¶¶ 24-28.)

Plaintiff alleges her children "faxed the new set of forms" to Lee on November 1, 2012, but never received a response. (Compl., ¶¶ 29.) Plaintiff does not allege her or her children undertook to contact GMAC to confirm receipt. (*Id.*)

Plaintiff alleges her children "faxed the same set of documents" to Lee on November 19, 2012, the day before the sale, but did not receive a response. (Compl., ¶¶ 30-31; *see also* Compl.,

---

[4] Plaintiff alleges she authorized her children to act on her behalf in regards to the Subject Loan because of her age and health problems. (Compl., ¶ 15.)

[5] At such time, approximately one year had passed since Plaintiff defaulted on the Subject Loan, approximately eight months had passed since GMAC initiated loss mitigation overtures, and approximately three months had passed since the notice of default was recorded—all without any response by Plaintiff.

19000.1487/2618757.1                          3
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

¶ 17.) Plaintiff does not allege her or her children undertook to contact GMAC to confirm receipt. (*Id.*)

Plaintiff alleges that, after seeing prospective bidders outside the Property on the day of the noticed sale, her children undertook to contact Lee. (Compl., ¶¶ 32-35.) Plaintiff alleges her children "told [Lee] that [they] had requested that the trustee's sale be postponed" and told Lee "that [he] had assured them that they did not need it postponed at all." (Compl., ¶ 37.) To these purported statements by Plaintiff's children, Plaintiff alleges Lee "further told them that he did all he could." (Compl., ¶ 38.) Thereafter, the Property proceeded to sale. (Compl., ¶ 29.)

Plaintiff does not allege defendants represented, promised, or otherwise indicated that the scheduled trustee's sale had been continued, postponed and/or would not go forward on the noticed date of November 20, 2012. Rather, Plaintiff alleges that on October 30, 2012, her children "reiterated their ... written request[] to delay the trustee's sale ... while their loan work-out application was pending." (Compl., ¶ 20.) Plaintiff alleges Lee responded by stating "they didn't need to postpone or delay the sale." (Compl., ¶ 21.) Plaintiff alleges her children extrapolated "this response by []Lee to mean a promise or agreement that the trustee's sale was no longer pushing through on November 20, 2012." (Compl., ¶ 22.) Plaintiff does not allege any further statements or conversations regarding the trustee's sale, or a delay thereof, within her complaint.

## IV. ARGUMENT

### A. Legal Standard For A Motion To Dismiss

Under Federal Rule of Civil Procedure 12(b)(6) (hereinafter, "Rule 12(b)(6)"), a claim may be dismissed because of a "failure to state a claim upon which relief can be granted." (Fed. R. Civ. P. 12(b)(6).) A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. (*Johnson v. Riverside Healthcare Sys.*, 534 F.3d 1116, 1121 (9th Cir. 2008); *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).)

In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. (*Marceau v. Blackfeet*

1  *Hous. Auth.*, 540 F.3d 916, 919 (9th Cir. 2008); *Vignolo v. Miller*, 120 F.3d 1075, 1077 (9th Cir. 1999).) Courts however, are not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." (*In re Gilead Sci. Sec. Litig.*, 536 F.3d 1049, 1056-57 (9th Cir. 2008); *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001).) Although they may provide the framework for a complaint, legal conclusions need not be accepted as true and "[t]hreadbare recitals of elements of a cause of action, supported by mere conclusory statements, do not suffice." (*Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50 (2009); *see also Warren v. Fox Family Worldwide, Inc.*, 328 F.3d 1136, 1139 (9th Cir. 2003).) Furthermore, courts will not assume that plaintiffs "can prove facts which [they have] not alleged, or that the defendants have violated . . . laws in ways that have not been alleged." (*Assoc. Gen. Contractors of Cal., Inc. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).)

**B.    Plaintiff Fails To Plead A Claim To Set Aside The Trustee's Sale**

By her oddly styled single claim, Plaintiff appears to both seek to set aside the trustee's sale and recover damages based solely upon a promissory estoppel theory.[6] (Compl., p. 7, ll. 7-10; *see also* ¶¶ 46-47.) However, as set forth below, Plaintiff has not pled an actionable basis for setting aside the November 20, 2012 trustee's sale of the Property. Thus, her claim for "recovery of ownership" and "annul[ment] [of] the trustee's sale" should be dismissed with prejudice. (Compl., p. 7, ll. 7-10, prayer for relief ¶ 1.)

"It is the general rule that courts have power to vacate a foreclosure sale where the sale has been improperly, unfairly, or unlawfully conducted, or where there has been such a mistake that to allow it to stand would be inequitable to purchaser and parties." (*Lona v. Citibank, N.A.*, 202 Cal.App.4th 89, 104 (6th Dist.2011).) However, "a properly conducted non-judicial foreclosure sale constitutes a final adjudication of the rights of the borrower and lender" (*Moeller v. Lien*, 25 Cal.App.4th 822, 831 (2d Dist. 1994)) and is "accompanied by a common law presumption that it 'was conducted regularly and fairly'" (*Melendrez v. D & I Inv., Inc.* 127 Cal.App.4th 1238, 1258 (6th Dist. 2005) *(*citation omitted*).*) "If the trustee's deed recites that all statutory notice

---

[6] As set forth above, any claim for damages remains subject to an automatic bankruptcy stay.

19000.1487/2618757.1                    5
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  requirements and procedures required by law for the conduct of the foreclosure have been
2  satisfied, a rebuttable presumption arises that the sale has been conducted regularly and properly."
3  (*Moeller*, 25 Cal.App.4th at 831 (citations omitted); *see also* Cal.Civ.Code § 2924.)
4      Here, the trustee's deed upon sale provides:

> All requirements per California Statues regarding the mailing,
> personal delivery and publication of copies of Notice of Default and
> Election to Sell Under Deed of Trust and Notice of Trustee's Sale,
> and the posting of copies of Notice of Trustee's Sale have been
> complied with.

(*See* RJN, Ex. 4, p. 2.) Thus, the presumption apples in the instant matter.

    **1.**    **Plaintiff Cannot Seek To Set Aside The Sale Based Upon Promissory Estoppel**

    A promissory estoppel claim generally entitles a plaintiff to the damages available on a breach of contract claim. (*See Toscano v. Greene Music*, 124 Cal.App.4th 685, 692-93 (2004); *see also Aceves v. U.S. Bank, N.A.*, 192 Cal.App.4th 218, 231 (2011).)

    California case law seems to hold that unless a borrower "paid the funds needed to reinstate the loan before the foreclosure, promissory estoppel does not provide a basis for voiding the deed of sale or otherwise invalidating the foreclosure." (*Aceves*, 192 Cal.App.4th at 231, citing *Garcia v. World Sav., FSB*, 183 Cal.App.4th 1031, 1042-44 (2010).) "As a general rule, if the funds necessary to reinstate or pay off a defaulted loan secured by a deed of trust are received by the lender prior to the foreclosure sale, the foreclosure sale is invalid and may be set aside, even if the purchaser was an innocent third party. (*Garcia*, 183 Cal.App.4th at 1047, *citing Bank of America v. La Jolla Group II*, 129 Cal.App.4th 706, 711-14 (2005) (borrower appeared at branch of lender and paid sum necessary to reinstate loan; foreclosure sale occurring four days later was invalid); *see also Nguyen v. Calhoun*, 105 Cal.App.4th 428 (2003).)

    Because Plaintiff did not reinstate (or attempt to reinstate) the Subject Loan prior to the trustee's sale, promissory estoppel does not provide her a basis for invalidating the foreclosure and thus, Plaintiff's claims and prayers for the same should be dismissed with prejudice.

    **2.**    **Even If Plaintiff Could Seek To Set Aside The Sale On A Promissory Estoppel Theory, She Fails To Plead A Valid Promise And Reasonable, Foreseeable Detrimental Reliance**

    Even assuming for the sake of argument that breach of an oral promise to postpone a

1  foreclosure sale could provide grounds for setting the sale aside, Plaintiff fails to plead an action-
2  able claim for promissory estoppel. Therefore, Plaintiff's claim to set aside the sale should none-
3  theless be dismissed.

4      "As a general rule, a gratuitous oral promise to postpone a foreclosure sale or to allow a
5  borrower to delay monthly mortgage payments is unenforceable." (*Garcia, supra*, 183
6  Cal.App.4th at 1039; *see also Nguyen, supra*, 105 Cal.App.4th at 444; *Raedeke v. Gibraltar
7  Sav. & Loan Ass'n*, 10 Cal.3d 665, 673 (1974); *Karlsen v. American Sav. & Loan Ass'n*, 15
8  Cal.App.3d 112, 121 (1971).) However, California courts use the "doctrine of promissory
9  estoppel … to provide a substitute for the consideration which ordinarily is required to create an
10 enforceable promise...." (*Raedeke, supra*, 10 Cal.3d at 672 (citations omitted).) " 'Under this
11 doctrine a promisor is bound when he should reasonably expect a substantial change of position,
12 either by act or forbearance, in reliance on his promise, if injustice can be avoided only by its
13 enforcement....' " (*Sutherland v. Barclays American/Mortg. Corp.*, 53 Cal.App.4th 299, 312
14 (1997) (citations omitted); *see also Garcia, supra*, 183 Cal.App.4th at 1039-41.)

15     Case law has made clear that the elements of promissory estoppel are (1) a promise clear
16 and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) [the]
17 reliance must be both reasonable and foreseeable; and (4) the party asserting the estoppel must be
18 injured by his reliance. (*US Ecology, Inc. v. State of Cal.*, 129 Cal.App.4th 887, 901 (2005), *citing
19 Laks v. Coast Fed. Sav. & Loan Ass'n*, 60 Cal.App.3d 885, 890 (1976).)

20     Plaintiff fails to establish these elements. First, and most fundamentally, Plaintiff does not
21 allege a clear promise. Plaintiff does not allege defendants promised to postpone the foreclosure.
22 Rather, Plaintiff alleges her children requested the sale be postponed and Lee responded by stating
23 "they didn't need to postpone or delay the sale." (Compl., ¶ 21.) Such a fundamentally cryptic
24 statement does not translate into a "promise clear and unambiguous in its terms" upon which a
25 person could reasonably rely. (*US Ecology*, 129 Cal.App.4th at 901.) Indeed, Plaintiff does not
26 allege Lee promised the sale would be postponed, but rather alleges her children implied the
27 alleged response (*i.e.*, "[Plaintiff] didn't need to postpone or delay the sale") by Lee "to mean a
28 promise or agreement that the trustee's sale was no longer pushing through on November 20,

19000.1487/2618757.1                                7
MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

1  2012." (Compl., ¶ 22.) The doctrine of promissory estoppel is simply inapplicable where no clear
2  promise is made, such as in this case. (*Lange v. TIG Ins. Co.*, 68 Cal.App.4th 1179, 1185 (1998).)
3  The absence of a clear promise by defendants to postpone the trustee's sale dooms the promissory
4  estoppel claim.

5        Yet, even if Plaintiff alleged a promise sufficiently clear and capable of enforcement
6  (which she has not), Plaintiff also fails to reasonable and foreseeable detrimental reliance. (*US
7  Ecology*, 129 Cal.App.4th at 901.) Plaintiff does not allege any facts that indicate she forewent
8  pursing other available[7] options of avoiding foreclosure based upon the alleged statement that
9  "[Plaintiff] didn't need to postpone or delay the sale." (Compl., ¶ 21; by contrast *see, e.g., Aceves,*
10 *supra*, 192 Cal.App.4th at 231.) Plaintiff does not allege she would have redeemed the Property
11 but for the purported statement that "[Plaintiff] didn't need to postpone or delay the sale."
12 (Compl., ¶ 21; by contrast *see, e.g., Solomon v. Aurora Loan Servs. LLC*, 2012 WL 2577559, **6-
13 7 (E.D. Cal. July 2012).) Plaintiff does not allege she would have procured a third-party buyer for
14 the Property but for the purported statement that "[Plaintiff] didn't need to postpone or delay the
15 sale." (Compl., ¶ 21; by contrast *see, e.g., Raedeke, supra*, 10 Cal.3d at 673.) Indeed, Plaintiff
16 does not allege facts that demonstrate she in any way changed her position to her detriment in reli-
17 ance upon the alleged statement that that "[Plaintiff] didn't need to postpone or delay the sale."
18 (Compl., ¶ 21.)

19       For the foregoing reasons, Plaintiff fails to plead a clear and unambiguous promise to post-
20 pone the foreclosure upon which she relied to her reasonable and foreseeable detriment. Thus,
21 Plaintiff cannot set aside the trustee's sale based upon a promissory estoppel theory.

---

[7] Plaintiff contends she would have "prevent[ed] the sale from taking place by either applying with the court for a temporary restraining order and/or preliminary injunction [or] applying for relief under the Bankruptcy Code." (Compl., ¶ 41.) Yet Plaintiff does not dispute her default on the Subject Loan or allege any misconduct or wrongdoing on the part of any defendant which would justify restraining the security interest and enjoining the sale. Similarly, Plaintiff has not alleged she was qualified for protection under any chapter of the bankruptcy code. Thus, Plaintiff did not relinquish any right(s) when she allegedly refrained from seeking injunctive relief and/or filing for bankruptcy. Therefore, she did not rely to her detriment. Moreover, Plaintiff does not allege any facts to indicate defendants knew, could have known, or should have known about Plaintiff's purported forbearances.

### 3. Plaintiff Fails To Allege She Has Tendered The Outstanding Debt

As yet another independent basis for dismissal, Plaintiff cannot seek equitable relief from the completed sale absent a tender of the underlying debt to defendants. "Under California law, in an action to set aside a trustee's sale, a plaintiff must demonstrate that he has made a valid and viable tender [offer] of payment of the indebtedness." (*Pantoja v. Countrywide Home Loans, Inc.*, 640 F.Supp.2d 1177, 1183-84 (N.D. Cal. 2009) (citations and quotation marks omitted); *see also Alcaraz v. Wachovia Mortg. FSB*, 592 F.Supp.2d 1296, 1304 (E.D. Cal. 2009) (" 'A valid and viable tender of payment of the indebtedness owing is essential to an action to cancel a voidable sale under a deed of trust.' "), *citing Karlsen, supra*, 15 Cal.App.3d at 117.) A tender must be one of full performance and must also be unconditional. (*Arnolds Mgmt. Corp. v. Eischen*, 158 Cal.App.3d 575, 580 (Ct. App. 1984).)

Plaintiff has not alleged that she has tendered the outstanding debt on the Subject Loan to RFC. Although there are exceptions to the tender rule, none apply here. (*See, e.g., Barrionuevo v. Chase Bank, N.A.*, 885 F.Supp.2d 964, 970-71 (N.D. Cal. 2012).) Plaintiff is relying on equitable principles and thus, she must do equity and tender the outstanding indebtedness on the Subject Loan before seeking to take free and clear title to the Property. Because Plaintiff has not tendered the outstanding debt on the refinance loan, she cannot seek to set aside the trustee's sale.

## V. CONCLUSION

Based on the foregoing, GMAC and RFC respectfully request that the Court grant their motion to dismiss portions of the Complaint without leave to amend and with prejudice.

DATED: March 21, 2013

SEVERSON & WERSON
A Professional Corporation

By:     /s/ Kimberly A. Paese
Mark D. Lonergan
Edward R. Buell, III
Kimberly A. Paese

Attorneys for Defendants
GMAC MORTGAGE, LLC;
RESIDENTIAL FUNDING COMPANY, LLC

19000.1487/2618757.1

9

MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS