**Exhibit 7**

ERROL J. ZSHORNACK (SBN 268940)
7311 Mission Street, Suite E
Daly City, CA 94014
Tel.: (415) 412-7479
Fax: (650) 350-4277
ejzrlg@gmail.com

Attorney for Plaintiff Martha S. Panaszewicz

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARTHA S. PANASZEWICZ,<br>Plaintiff,<br>vs.<br>GMAC MORTGAGE, LLC; RESIDENTIAL FUNDING COMPANY, LLC; and DOES 1 THROUGH 100, inclusive,<br>Defendants. | Case No.: 3:13-cv-01162-MEJ<br><br>*Assigned to Magistrate Judge Maria-Elena James*<br><br>**PLAINTIFF'S OBJECTIONS TO DEFENDANTS' NOTICE OF BANKRUPTCY AND SUGGESTION OF AUTOMATIC STAY**<br><br>Action Filed: January 28, 2013<br>Trial Date: None Set |

Plaintiff Martha S. Panaszewicz (Plaintiff) hereby submits her objections to Defendants' notice of bankruptcy and suggestion of automatic stay, thus:

1. The alleged protections of the automatic stay under the Bankruptcy Code did not and do not arise with regard to Defendants who are the purported Debtors in a voluntary Chapter 11

1

petition filed in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy case").

2. The Bankruptcy case of Defendants was filed on May 14, 2012 ("Petition Date").

3. The case at bar herein was filed on January 28, 2013 which was eight (8) months after the Petition Date.

4. To be more precise, Plaintiff's cause of action arose on November 20, 2012 which was the date of the foreclosure sale of the subject property which was about six (6) months after the Petition Date.

5. Section 362(a) of the Bankruptcy Code provides, among others, that a petition filed under section 301, 302, or 303, of this title (which Defendants' Bankruptcy case presumably is) operates as a stay of – "(1) the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor *that was or could have been commenced before the commencement of the case under this title*, or to recover a claim against the debtor *that arose before the commencement of the case under this title*;" (11 U.S.C. § 362(a)(1); underscoring supplied)

5.1 The case at bar was commenced on January 28, 2013 which was certainly *not before* the Petition Date of Defendants' Bankruptcy case. Furthermore, the case at bar could not have been commenced before the Petition Date because Plaintiff's cause of action arose only on November 20, 2012 which was long after the Petition Date of Defendants' Bankruptcy case.

5.2 Therefore, the automatic stay protection under § 362(a)(1) of the Bankruptcy Code does not apply to the Defendants in this case.

2

PLAINTIFF'S OBJECTIONS TO DEFENDANTS' NOTICE OF BANKRUPTCY
AND SUGGESTION OF AUTOMATIC STAY

3:13-cv-01162-MEJ

6. Section 362(a) of the Bankruptcy Code further operates as a stay of – "(3) any act to obtain possession *of property of the estate* or *of property from the estate* or to exercise control *over property of the estate*;" (*Id.* § 362(a)(3); underscoring supplied)

6.1 The term "property of the estate" is defined in 11 U.S.C. §541(a)(1) –

> "**§ 541. Property of the estate**
>
> (a) The commencement of a case under section 301, 302, or 303 of this title creates an estate. Such estate is comprised of all the following property, wherever located and by whomever held:
>
> (1) x x x, *all legal or equitable interests of the debtor in property **as of the commencement of the case**.*"

(underscoring supplied)

6.2 As this case was commenced long after the Petition Date of Defendants' Bankruptcy case and the subject property sought to be recovered is not property over which Defendants possessed any legal or equitable interest in as of the Petition Date of their Bankruptcy case, the subject property is not property of the estate.

6.3 Furthermore, as any other property sought as relief by Plaintiff in the form of damages, attorney's fees and costs of suit were borne from conduct of Defendants long after the Petition Date of the Bankruptcy case, such property would thus be outside the ambit of property of the estate.

6.4 Therefore, the automatic stay protection under § 362(a)(3) of the Bankruptcy Code does not apply to the Defendants in this case.

7. Section 362(a) of the Bankruptcy Code further operates as a stay of – "(6) any act to collect, assess, or recover a claim against the debtor *that arose before the commencement of the case under this title*;" (*Id.* § 362(a)(6); underscoring supplied)

    7.1 The phrase "case under this title" refers to Defendants' Bankruptcy case, not this civil case.

    7.2 This civil case seeks to recover claims against Defendants, debtors in the Bankruptcy case, that arose on or after November 20, 2012 and *not before* May 14, 2012 which was the Petition Date of Defendants' Bankruptcy case.

    7.3 Therefore, the automatic stay protection under § 362(a)(6) of the Bankruptcy Code does not apply to the Defendants in this case.

Respectfully submitted.

Dated: May 15, 2013

        /s/ *Errol J. Zshornack*
        ERROL J. ZSHORNACK
        Attorney for Plaintiff
        Martha S. Panaszewicz