**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER SUSTAINING RESCAP BORROWER CLAIMS TRUST'S OBJECTION**
**TO CLAIM NUMBER 1533 FILED BY LESLIE G. SULLIVAN**

Leslie G. Sullivan ("Sullivan") filed the claim number 1533 (the "Claim") against Debtor GMAC Mortgage, LLC ("GMACM"), asserting a secured claim in the amount of $200,000. The ResCap Borrower Claims Trust filed an objection to the Claim as part of the *ResCap Borrower Claims Trust's Eightieth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection," ECF Doc. # 7922). The Objection is supported by the declarations of Kathy Priore (the "Priore Decl.," ECF Doc. # 7922-2) and Norman S. Rosenbaum (the "Rosenbaum Decl.," ECF Doc. # 7922-3). Sullivan filed an opposition to the Objection (the "Opposition," ECF Doc. # 7955.) The Trust filed a reply (the "Reply," ECF Doc. # 8068), supported by a supplemental declaration of Ms. Priore (the "Priore Supp.," ECF Doc. # 8068-1). The Court held a hearing on February 11, 2015 and took the Objection under submission. This Order sustains the Objection with respect to Sullivan's Claim.

**A.    The Claim**

The alleged basis for the Claim is "illegal and malicious foreclosure (mortgage note)." (Obj. Ex. 1-A at 18.) In an attachment to his proof of claim, Sullivan asserts that the alleged improper foreclosure of his property caused his tenants to not pay rent, contributing to losses of $4,000. (*Id.*) He also attached copies of the following: (1) a foreclosure complaint against Sullivan filed in October 2008 by the Bank of New York, as trustee for RAMP 2005-RP2; (2)

various loan documents; (3) letters suggesting that GMACM rejected his loan payments; and (4) letters indicating that the 2008 foreclosure action had been dismissed. (*Id.*) On July 24, 2013, the Debtors sent a letter to Sullivan requesting additional information and documents supporting the Claim (the "Request Letter"). (*See* Reply ¶ 5 n.3.) In response to the Request Letter, Sullivan reasserted that the Debtors unfairly foreclosed on his property and also stated that his claim is based on breach of contract, unfair business practices, intentional infliction of emotional distress, and deliberately withheld and unapplied loan payments. (Obj. Ex. 1-A at 18.)

B.  **Sullivan's Loan History**

Non-debtor Home Savings of America, FA ("HSA") originated a loan (the "Loan") to Sullivan on November 13, 1989. (*Id.* at 18.) The Loan was secured by a deed of trust on property located at 650 Royalty Court, Kissimmee, Florida 34759 (the "Property"). (Reply ¶ 24.) Debtor Residential Funding Company, LLC ("RFC") purchased the Loan from Washington Mutual Bank, FA, successor to HSA. (Obj. Ex. 1-A at 18.) In connection with the securitization of the Loan on July 1, 2005, RFC transferred its interest in the Loan to a trust, with JP Morgan Chase Bank, NA, as trustee. (*Id.*) GMACM serviced the Loan from February 24, 2005 until servicing was transferred to Ocwen Loan Servicing, LLC on February 16, 2013. (*Id.*)

C.  **The Parties' Arguments**

The Trust asserts that Sullivan's allegations of improper foreclosure are without merit, because the Debtors were within their rights to refer his account to foreclosure and file a foreclosure proceeding as Sullivan was significantly past due on his Loan payments. (*Id.* at 18–19.) According to the Debtors' books and records, the Debtors mailed Sullivan several breach letters but Sullivan did not bring his account current or set up contractual arrangements to resolve his delinquency prior to foreclosure. (*Id.* at 19.) The Trust argues that the Debtors have no liability for any lost rental income, because the Debtors' foreclosure action was validly

2

commenced, and Sullivan had informed the Debtors that his tenants were not paying rent before his account was referred to foreclosure. (*Id.*) The Trust asserts that the Debtors are not liable for improperly returning loan payments, because in each case Sullivan either did not have sufficient funds in his bank account or the payment was made in an insufficient amount. (*See id.*) Additionally, the Trust argues that Sullivan's alleged damages are unsupported, particularly in light of the fact that his Property was never sold at a foreclosure sale; Sullivan brought his account current on October 16, 2008 by complying with the terms of a repayment plan, and the Debtors voluntarily dismissed the foreclosure action on that basis. (*Id.*)

Sullivan's Opposition argues that GMACM treated him unfairly as servicer of his Loan, including by referring his Loan to foreclosure. (*See* Sullivan Opp. at 1–3). Sullivan asserts that (now disbarred) attorney David Stern was involved in his foreclosure, but Sullivan does not provide any factual details regarding Stern's actions with respect to Sullivan's Loan. (*See id.* at 5.) Sullivan also reiterates that his tenants refused to pay rent as a result of the foreclosure action and alleges that the foreclosure damaged his credit. (*Id.*) Attached to Sullivan's Opposition are documents that appear to evidence landlord-tenant disputes between Sullivan and his tenants. (*See id.* at 6–10.)

In the Reply, the Trust argues that Sullivan fails to address the basis for the Objection: foreclosure was proper because his account was delinquent at the time it was referred to foreclosure, and the Debtors did not cause any lost rental income because Sullivan's tenants were not paying rent prior to his Loan before referred to foreclosure. (Reply ¶ 62.) The Trust refers to the Debtors' loss mitigation attempts outlined in the Objection. (*See id.* ¶¶ 62–63.) As set forth in the Objection, and supported by the servicing notes for Sullivan's account (*see* Priore Supp. Ex. M), the Trust asserts the following chronology of events: (1) GMACM sent Sullivan a breach letter and mailed an "options to avoid foreclosure" letter; (2) Sullivan informed the

3

Debtors that his tenants refused to pay rent months before the account was referred to foreclosure; (3) Sullivan declined GMACM's offer to review his financial information for loss mitigation options; (4) GMACM subsequently mailed breach and "options to avoid foreclosure" letters to Sullivan; (5) GMACM returned several payments made in insufficient amounts to Sullivan, informing him of the returned payments; (6) GMACM referred Sullivan's account to foreclosure, ultimately filing a foreclosure action; (7) Sullivan agreed to a repayment plan that would bring his account current, ultimately making the required payment; and (8) GMACM ceased foreclosure on the account after Sullivan made the required payment under the repayment plan. (Obj. Ex. 1-A at 19–21.)

        D.       **The Objection to the Claim Is Sustained**

Correctly filed proofs of claim "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted). If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." 4 COLLIER ON BANKRUPTCY ¶ 502.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014).

Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable

4

law." 11 U.S.C. § 502(b)(1). To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law." *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

Through the Objection, supported by the Priore Declaration and the Rosenbaum Declaration, the Trust met its burden of establishing that the Debtors are not liable to Sullivan. In response, Sullivan failed to meet his shifted burden of establishing the validity of his Claim. Excerpts from the Debtors' servicing notes for Sullivan's account (the "Servicing Notes," Priore Supp. Ex. P) indicate that GMACM sent Sullivan an "options to avoid foreclosure" letter on January 31, 2008. (*See id.* at 3; Reply ¶ 26.)

On February 1, 2008, Sullivan informed the Debtors that his tenants had not been paying rent but indicated that he would attempt to send the Debtors a payment by February 19, 2008. (*See* Servicing Notes at 3; Reply ¶ 26.) On September 15, 2008, Sullivan spoke with the Debtors and indicated that he was waiting for funds to become available from a 401(k) account, which he would use to reinstate his account. (*See* Servicing Notes at 4; Reply ¶ 28.) Sullivan's account was referred to foreclosure on September 18, 2008, because the Debtors had not received payments from Sullivan for the June through September 2008 time period. (*See* Servicing Notes at 4; Reply ¶ 28.) On October 6, 2008, Sullivan spoke with the Debtors and indicated that he would be able to reinstate his account in November; at the time, he agreed to a repayment plan that would bring his account current. (*See* Servicing Notes at 5; Reply ¶ 29.) On October 16, 2008, the Debtors instructed its counsel to halt foreclosure on the Property after Sullivan made the required repayment plan payment. (*See* Servicing Notes at 6; Reply ¶ 29.) On October 22, 2008, the Debtors' counsel confirmed that the foreclosure action was closed on October 21, 2008. (*See* Servicing Notes at 6.)

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

For the foregoing reasons, the Court **SUSTAINS** the Objection with respect to Sullivan's Claim in its entirety and the Claim is hereby **DISALLOWED** and **EXPUNGED**.

**IT IS SO ORDERED.**

Dated:   March 9, 2015
        New York, New York

                                         _____/s/Martin Glenn_____
                                         MARTIN GLENN
                                         United States Bankruptcy Judge

6