**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al*., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER DIRECTING MARIA M. AND ELDA THOMPSON TO MEET WITH AND
PROVIDE CERTAIN DOCUMENTS TO THE RESCAP BORROWER CLAIMS TRUST
OR ALTERNATIVELY SCHEDULING A HEARING**

Maria M. and Elda Thompson (the "Thompsons"), proceeding in the above-captioned

chapter 11 proceedings as *pro se* litigants, filed proof of claim number 1083 (the "Claim," ECF

Doc. # 7967-1 Ex. B) on October 9, 2012, against Debtor Residential Capital, LLC ("ResCap"),

asserting a secured claim in the amount of $158,336.03 and a general unsecured claim in the

amount of $500,000. The ResCap Borrower Claims Trust (the "Trust") objected to the Claim in

its Seventy-Sixth Omnibus Objection, alleging that the Claim failed to establish that the Debtors

are liable to the Thompsons (the "Objection," ECF Doc. # 7736). The Court held a hearing on

the Objection to the Claim on January 14, 2015 (the "Hearing").

At the Hearing, the Thompsons indicated on the record that they had made payments to

the Debtors pursuant to the relevant loan and possessed bank records to establish that such

payments were in fact made. The Thompsons, however, did not have copies of the records at the

Hearing. The Trust argues in its Objection that the Thompsons failed to make certain payments

pursuant to the relevant loan or that certain payments were returned due to insufficient funds in

the Thompson's bank account. As a result of this factual dispute, the Court ordered on the

record that a representative of the Trust or the Trust's counsel meet with the Thompson's at the

Thompson's home to provide the Thompsons an opportunity to show the bank records to the

Trust, establishing whether or not the payments were made.  The Court further ordered that the Trust file a letter within thirty days of the date of the Hearing advising the Court about the status of the Objection to the Claim.  After thirty days had passed, the parties filed letters on the docket reflecting a dispute about whether good faith efforts were expended to schedule a time that was mutually agreeable for the Thompsons and the Trust.  (*See* ECF Doc. ## 8223, 8224, 8226.)

The Court has reviewed the correspondence submitted by the parties and has determined that the Thompsons have not made themselves available to the Trust or its counsel.  Therefore, it is hereby

ORDERED that, a hearing on this matter shall be scheduled for **March 31, 2015 at 10:00 a.m.**, unless the Thompsons agree to and do meet with the Trust and/or its counsel before this hearing date; and it is further

ORDERED that, should the Thompsons meet with the Trust before the scheduled hearing, the Thompsons are directed to provide the Trust and/or its counsel with any records or documentation they possess that they believe show that payments were made pursuant to the relevant loan; and it is hereby

ORDERED that, should the March 31, 2015 hearing go forward, the Thompsons shall appear at the hearing in person and shall bring any records or documentation they possess that they believe show that payments were made pursuant to the relevant loan.

**IT IS SO ORDERED.**

Dated:  March 9, 2015
      New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge

2