```
                                                                    ┌─────────────────────────┐
                                                                    │ USDC SDNY               │
                                                                    │ DOCUMENT                │
UNITED STATES DISTRICT COURT                                        │ ELECTRONICALLY FILED    │
SOUTHERN DISTRICT OF NEW YORK                                       │ DOC #:                  │
------------------------------------------------------------X       │ DATE FILED: 1/30/15     │
                                                      :             └─────────────────────────┘
In re: RESIDENTIAL CAPITAL, LLC,                      :
                                                      :
                            Debtor.                   :             14 Civ. 9723 (PAE)
------------------------------------------------------:
                                                      :             OPINION & ORDER
JESSICA ANGEL QUIROZ and RAMON QUIROZ,                :
                                                      :
                            Appellants,               :
                                                      :
            -v-                                       :
                                                      :
RESCAP BORROWER CLAIMS TRUST,                         :
                                                      :
                            Appellee.                 :
------------------------------------------------------X
```

PAUL A. ENGELMAYER, District Judge:

This Opinion concerns whether the Court has subject-matter jurisdiction over an untimely appeal from an Opinion and Order of the Bankruptcy Court. For the reasons set forth below, the Court concludes that, under the Bankruptcy Rules and applicable precedent, the Court lacks subject-matter jurisdiction and therefore dismisses this appeal.

I.   **Factual and Procedural Background**[1]

In May 2012, Residential Capital LLC, a mortgage company, filed for Chapter 11 bankruptcy in the U.S. Bankruptcy Court for the Southern District of New York. *See generally* 12 Bankr. 12020; Steven Church et al., Bloomberg, *Ally's ResCap Files Bankruptcy, Plans Sale to Fortress*, May 14, 2012, *available at* www.bloomberg.com/news/2012-05-14/ally-s-residential-capital-files-for-bankruptcy-protection-1-.html (last visited January 30, 2015).

---

[1] The Court's account of the background is drawn from appellants' submissions (Dkt. 1, 4), and from publicly available documents, including on the bankruptcy docket.

Jessica Angel Quiroz and Ramon Quiroz, the appellants here, filed a claim in the bankruptcy court, seeking approximately $600,000 in relief in connection with an alleged wrongful foreclosure. *See* 12 Bankr. 12020, Dkt. 7695 (Bankr. Op.). On October 29, 2014, Bankruptcy Judge Martin Glenn issued a 16-page Opinion and Order denying this claim, concluding that "the Claim is barred by res judicata or does not state a claim for relief." *Id.* at 2.

The appellants were served with Judge Glenn's Order on October 31, 2014. *See* 12 Bankr. 12020, Dkt. 7709. The appellants filed their notice of appeal on December 1, 2014 in the Bankruptcy Court. *Id.* Dkt. 7848. On December 10, 2014, this Court received the appellants' notice of appeal. 14 Civ. 9723, Dkt. 1.

On January 1, 2015, the Court, *sua sponte*, issued an Order to Show Cause why this appeal should not be dismissed for lack of subject-matter jurisdiction, given that: (1) appellants' notice of appeal did not comply with Federal Rule of Bankruptcy Procedure 8002(a), which typically requires that a notice of appeal be filed within 14 days of the order or judgment appealed from; and (2) this timeliness requirement is jurisdictional, as explained below. *Id.* Dkt. 2. Accordingly, the Court directed appellants to submit a letter showing that the Court in fact had jurisdiction, for instance because of an applicable exception to the typical 14-day rule. *Id.* The Court directed appellee to serve the Order to Show Cause forthwith, which appellee did. *Id.* Dkt. 3.

On January 19, 2015, appellant Ramon Quiroz submitted a letter to the Court, seeking an extension of time, *nunc pro tunc* to December 3, 2014, to file a notice of appeal from an Order of the Bankruptcy Court.[2]

---

[2] Although the letter appears to have been filed on behalf of Ramon Quiroz, *see* Dkt. 4, the Court has construed the letter as having been submitted on behalf of both appellants. The Court has taken this action out of solicitude for parties proceeding *pro se*, *see generally Triestman v. Fed.*

2

## II.    Discussion

Federal Rule of Bankruptcy Procedure 8002(a) typically requires that a notice of appeal "be filed with the clerk within 14 days of the date of the entry of the judgment, order, or decree appealed from." This requirement is jurisdictional: Federal "district courts' jurisdiction to hear bankruptcy appeals is circumscribed by 28 U.S.C. § 158(c)(2), which provides that bankruptcy appeals must be filed 'in the time provided by Rule 8002 of the Bankruptcy Rules.'" *In re Soundview Elite Ltd.*, 512 B.R. 155, 157 (S.D.N.Y. 2014) (quoting *In re Siemon*, 421 F.3d 167, 169 (2d Cir. 2005) ("[I]n the absence of a timely notice of appeal, the district court is without jurisdiction to consider the appeal . . . .")); *see also In re Indu Craft, Inc.*, 749 F.3d 107, 115 (2d Cir. 2014) (abrogating *In re Siemon* but still recognizing that the "time limits . . . prescribed by statute for appeals to district courts acting as appellate courts over bankruptcy matters" are jurisdictional). In this case, the appellants did not file their notice of appeal within 14 days, as they acknowledge. 14 Civ. 9723, Dkt. 4. Thus, in order for the Court to have jurisdiction, an exception to the Rule's 14-day requirement must apply.

Rule 8002 does contain exceptions to the 14-day requirement, but states: "A request to extend the time for filing a notice of appeal must be made by written motion filed before the time for filing a notice of appeal has expired, except that such a motion filed not later than 21 days after the expiration of the time for filing a notice of appeal may be granted upon a showing of excusable neglect." Fed. R. Bankr. Pro. 8002(c)(2). In this case, the appellants did not request an extension of time within this 21-day window, as they again acknowledge. 14 Civ. 9723, Dkt. 4.

---

*Bureau of Prisons*, 470 F.3d 471, 474–75 (2d Cir. 2006); *Graham v. Lewinski*, 848 F.2d 342, 344 (2d Cir. 1988), as the other appellant did not submit a letter by January 19, 2015, as directed, *see* Dkt. 1, nor has she submitted a letter to date.

3

However, appellants belatedly seek an extension, *nunc pro tunc* to December 3, 2014, to file a notice of appeal. They argue that they satisfy the test for excusable neglect. *Id.* "Excusable neglect is a context-specific equitable concept that requires consideration of all relevant circumstances." *In re Soundview Elite*, 512 B.R. at 159. Courts look to several factors in determining whether there was excusable neglect, including: "[1] the danger of prejudice to the [non-movant], [2] the length of the delay and its potential impact on judicial proceedings, [3] the reason for the delay, including whether it was within the reasonable control of the movant, and [4] whether the movant acted in good faith." *Id.* (quoting *Silivanch v. Celebrity Cruises, Inc.*, 333 F.3d 355, 366 (2d Cir. 2003)). The emphasis falls on the third factor. *Id.*

Appellants argue that they satisfy this test because Quiroz was acting *pro se*, and therefore is "inexperience[d]" with the law, "had no knowledge" as to how to calculate bankruptcy deadlines, and made a genuine "mistake." 14 Civ. 9723, Dkt. 4. The Court accepts these representations as truthful. However, as the Court noted in its January 1 Order to Show Cause, under consistent precedent, "[a]lthough '*pro se* status is relevant in determining whether there has been excusable neglect,' such status alone is insufficient for a finding of excusable neglect." *In re Soundview*, 512 B.R. at 159 (quoting *Myers v. N.Y. City Human Rights Comm'n*, No. 04 Civ. 543 (JCF), 2006 WL 2053317, at *2 (S.D.N.Y. 2006)); *see also, e.g., Straehle v. INA Life Ins. Co.*, No. 01 Civ. 7180 (FLB), 2005 WL 3388612, at *3 (E.D.N.Y. Dec. 8, 2005) (*pro se* status and "garden variety claim of ignorance of the law" not excusable neglect); *Chiulli v. I.R.S.*, No. 03 Civ. 6670 (HBP), 2005 WL 3021179, at *2–3 (S.D.N.Y. Sept. 21, 2005) (*pro se* plaintiffs' travel plans and lack of knowledge of filing deadline not excusable neglect); *Bass v. NYNEX*, No. 02 Civ. 5171 (DLC), 2004 WL 2674633, at *3 (S.D.N.Y. Nov. 23, 2004) (*pro se* plaintiff's job schedule, need to read lengthy opinion, and desire to confer with counsel not

excusable neglect); *cf. Chiulli*, 2005 WL 3021179, at *2–3 (noting that "[c]ourts have refused to grant extensions due to 'excusable neglect' because of failure to read, understand, or follow a rule," collecting cases, and quoting *McNeil v. United States*, 508 U.S. 106, 113 (1993): "[W]e have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

Unfortunately for appellants, they do not make any other arguments. Rather, they have staked their claim to relief solely on being *pro se* litigants, *see* 14 Civ. 9723, Dkt. 4 ("Quiroz's status as a *pro se* litigant should excuse him from filing a late notice of appeal."), but the law clearly provides that such status, by itself, is insufficient to excuse missing the jurisdictional deadline. *See, e.g., In re Soundview*, 512 B.R. at 159. Accordingly, the Court denies appellants' bid for relief.

## CONCLUSION

Because appellants are not entitled to relief, this Court lacks subject-matter jurisdiction and therefore dismisses this appeal. The Clerk of Court is directed to terminate the motion pending at docket number 4, and to close this case.

SO ORDERED.

*Paul A. Engelmayer*
PAUL A. ENGELMAYER
United States District Judge

Dated: January 30, 2015
New York, New York

5