**Hearing Date and Time: March 12, 2015 at 10:00 a.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**OMNIBUS REPLY OF THE RESCAP LIQUIDATING TRUST IN
FURTHER SUPPORT OF ITS MOTIONS (I) FOR FINAL DECREE
CLOSING CERTAIN JOINTLY ADMINISTERED CHAPTER 11 CASES
AND (II) FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES
ENFORCING INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor to the debtors (the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby files this reply (the "**Reply**") in further support of, and in response to the objections to, its (i) *Motion of the ResCap Liquidating Trust for Final Decree Closing Certain Jointly Administered Chapter 11 Cases* [Docket No. 8107] (the "**Final Decree Motion**") and (ii) *Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order*

[Docket No. 8158] (the "**Procedures Motion**")[1]. In support of this Reply, the Liquidating Trust respectfully represents as follows:

**REPLY**

**A.   Final Decree Motion**

1.   Three objections were filed to the Final Decree Motion (collectively, the "**Final Decree Objections**").[2] Each of the Final Decree Objections was filed by a Borrower whose claim is currently subject to an objection by the Borrower Claims Trust, and each appears to assert the basis of its claim as a reason to not grant the relief sought in the Final Decree Motion.[3] The following chart details the status of the claims filed by each of the objectors:

| Objector | Claim No. | Debtor | Status |
| --- | --- | --- | --- |
| Felix O. Abu | 241 | Executive Trustee Services, LLC | Objection pending from *Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records)* |
| Felix O. Abu | 246 | Residential Capital, LLC | Objection pending from *Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims - Books and Records)* |
| Felix O. Abu | 7428 | Residential Capital, LLC | Expunged pursuant to *Seventy-Ninth Omnibus Claims Objection (Purported Administrative Claims)* |
| Abosede Eboweme | 2267 | GMAC Mortgage, LLC | Court took objection to claim under submission after Feb. 25, 2015 hearing on *ResCap Borrower Claims Trust's Objection to Claim Number 2267 Filed by Abosede Eboweme*. |
| Michael Boyd | 960 | GMAC Mortgage, LLC | Objection pending from ResCap Borrower Claims Trust's *Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims)*, scheduled to be heard on March 31, 2015. |

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms in the Final Decree Motion or Procedures Motion, as applicable.

[2] Prior to filing this Reply, counsel to the Liquidating Trust contacted each of the objectors, but was either unsuccessful in establishing contact or was unable to consensually resolve the Final Decree Objections.

[3] The Final Decree Objections include Amended Opposition of Michael Boyd Secured Creditor to Motion of the ResCap Liquidating Trust for Final Decree Closing Certain Jointly Administered Chapter 11 Cases, ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims), and Counter Motion to Hold Case in Abeyance During Pendency of Administrative Claim Before US Treasury Department (the "**Boyd Objection**") [Docket No. 8191]; Opposition to Notice of Motion of the ResCap Liquidating Trust for Final Decree Closing Certain Jointly Administered Chapter 11 Cases (the "**Abu Objection**") [Docket No. 8203]; and the Motion for Objection to ResCap (the "**Eboweme Objection**") [Docket No. 8204].

2. As made clear in the Final Decree Motion, no claimant (whether Borrower or non-Borrower) will be impacted by entry of the Final Decree for the Closing Debtors, because recoveries to creditors are not tied to the administration of any one Debtor estate. *See* Final Decree Motion ¶ 19; Plan, Art. III.C. Further, actual distributions are not made by the Debtors but by the ResCap Liquidating Trust (in the case of non-Borrower Claims) or the Borrower Claims Trust (in the case of Borrower Claims). The Objections fail to demonstrate any harm that will be inflicted on creditors as the result of relief sought in the Motion.

3. The Boyd Objection takes issue with the Liquidating Trust's assertion that distributions will be made by the Liquidating Trust (or the Borrower Claims Trust) (see Boyd Objection at p. 2), but does not offer any argument beyond dismissing such assertion as "speculative." In fact, the Liquidating Trust's assertion is not speculative, but based on the plain meaning of the Plan and the Liquidating Trust's responsibilities pursuant to the Plan and the Liquidating Trust Agreement. *See* Plan, Arts. III.C, VI.B, VIII.A; *see also* Liquidating Trust Agreement [Docket No. 6136-1], Arts. 2.2, 5.4, 7.2.

4. In the event that the objectors to the Final Decree Motion prevail on their claims, they will receive the recovery to which they are entitled under the Plan from the Borrower Claims Trust, and will not suffer any prejudice or other harm from entry of the Final Decree. Moreover, as discussed in the Final Decree Motion, the estates will benefit from entry of the Closing Decree in the form of reduced U.S. Trustee fees and associated compliance costs.

5. Accordingly, the Court should overrule the Final Decree Objections and grant the relief sought in the Final Decree Motion.

### B. Procedures Motion

6. The only timely objection filed to the Procedures Motion was filed by Ronald P. Gillis [Docket No. 8243].[4] Although Mr. Gillis' proofs of claim against the Debtors were expunged,[5] it appears that he is persisting in litigation against Debtor Homecomings Financial, LLC (amongst other parties) in U.S. District Court for the Middle District of Florida (*see* Thompson Declaration, Annex A to Procedures Motion, at p.7, line 122).

7. Although Mr. Gillis does not raise any argument as to why his continued litigation against the Debtors is not in violation of the Plan Injunction Provisions, that issue is for another day. By the Procedures Motion, the Liquidating Trust is seeking the Court's approval of a set of procedures that will provide for an efficient mechanism for addressing the myriad of Litigations that remain pending against the Estates, but for which the plaintiff failed to assert a proof of claim or the claim was expunged. Mr. Gillis fails to raise any objection to the proposed Plan Injunction Procedures. At this juncture, the Liquidation Trust is not seeking any relief against any individual party, and Mr. Gillis will have a future opportunity to argue as to why his litigation is not in violation of the Plan Injunction Provisions.

8. In addition, an untimely objection was filed by CitiMortgage, Inc., Iraide Peruchi, and Matthew and Alexis Freitas (the "**Objecting Parties**") on March 6, 2015 [Docket No. 8256]. As alleged in their objection, the Objecting Parties are plaintiffs in certain quiet title actions against GMAC Mortgage, LLC. The Objecting Parties further allege that they are not seeking monetary damages from the Debtors. *See* Obj. ¶ 5.

---

[4] Although Mr. Gillis' objection was not docketed until March 5, 2015, he previously served his objection on the Liquidating Trust on the objection deadline of March 2, 2015.
[5] Claim No. 444 was expunged pursuant to the *Order Granting Debtors' Seventh Omnibus Objection to Claims (Amended and Superseded Borrower Claims)* [Docket No. 4238], and Claim No. 913 was expunged pursuant to the *Order Granting ResCap Borrower Claims Trust's Fifty-Ninth Omnibus Objection to Claims (Insufficient Documentation Borrower Claims)* [Docket No. 6719].

9. To the extent the Objecting Parties are not, in fact, seeking monetary damages from the Debtors, the Procedures Motion makes clear that the Plan Injunction Procedures will not be used to enjoin non-monetary claims against the Debtors, and that the relief sought in the Procedures Motion will have no impact on the Court's Supplemental Servicing Order, which modified the automatic stay to permit the prosecution of Non-Monetary Claims. *See* Procedures Motion ¶¶ 5 & 24(j). Indeed, the Proposed Order filed with the Procedures Motion, explicitly states that "Nothing herein shall be deemed to modify . . . the Supplemental Servicing Order, which shall remain in full force and effect in accordance with [its] terms." *See* Proposed Order ¶ 6 (attached to the Procedures Motion as <u>Exhibit 1</u>). Moreover, the Procedures Motion does not seek any relief with respect to any individual party. Rather, the Procedures Motion seeks the establishment of procedures pursuant to which the Liquidating Trust will seek relief only where permitted by the Supplemental Servicing Order.

10. As such, the Objecting Parties fail to (i) articulate any objection to the actual relief sought in the Procedures Motion (i.e., the establishment of the Plan Injunction Procedures), or (ii) demonstrate any prejudice they would suffer by the granting of the Procedures Motion.

11. Accordingly, the Court should overrule the objections of Mr. Gillis and the Objecting Parties, and grant the relief requested in the Procedures Motion.

## **CONCLUSION**

WHEREFORE, the Liquidating Trust respectfully requests that the Final Decree Motion and Procedures Motion be granted, the objections be overruled, and such other and further relief as is just and proper.

Dated: New York, New York
March 9, 2015

        KRAMER LEVIN NAFTALIS & FRANKEL LLP

        /s/ Joseph A. Shifer
        Kenneth H. Eckstein
        Douglas H. Mannal
        Joseph A. Shifer
        1177 Avenue of the Americas
        New York, New York 10036
        Telephone: (212) 715-9100
        Facsimile: (212) 715-8000
        *Counsel for the ResCap Liquidating Trust*