Hearing Date: March 12, 2015 at 10:00 a.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**REPLY IN SUPPORT OF OBJECTION OF THE
RESCAP LIQUIDATING TRUST TO CLAIM NUMBERS
2385, 2386, 2387, 2388, AND 2389 FILED BY DUNCAN K. ROBERTSON**

ny-1179054

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the confirmed Chapter 11 plan filed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above-captioned debtors (collectively, the "Debtors"), hereby submits this reply (the "Reply") in further support of the *Objection of the ResCap Liquidating Trust to Claim Numbers 2385, 2386, 2387, 2388, and 2389 Filed by Duncan K. Robertson* (the "Objection")[1] seeking to disallow and expunge the Robertson Claims. In support of the Reply, the Liquidating Trust respectfully represents as follows:

1. By the Objection, the Liquidating Trust seeks to disallow the five Robertson Claims, which assert unsecured claims in an aggregate amount of $772,277.00 against Debtors GMACM, ETS, RFRE Holdings, RFC, and Homecomings, as to which the Debtors have no liability. On February 25, 2015, Robertson filed a response to the Objection [Docket No. 8238] (the "Response"). Although timely filed, the Response was not served on the Liquidating Trust, and was not docketed until March 5, 2015.

2. The Response asserts two primary arguments. The first is that this Court lacks jurisdiction to rule on the merits of the Robertson Claims. It is black letter law, however, that filing a proof of claim subjects the filer to the jurisdiction of the bankruptcy court for purposes of resolving the claim. Robertson's second, and equally flawed, argument is that the doctrine of res judicata does not apply to the Summary Judgment Order dismissing two of Robertson's causes of action against the Debtors (the "Permitted Causes of Action") because the District Court lacked jurisdiction to enter such order. Under this argument, the Court would be

---

[1] Capitalized terms used and not defined herein have the meanings ascribed to them in the Objection.

ny-1179054

required to review the validity of the District Court's judgment, thereby giving Robertson a "second bite at the apple"—the very result the doctrine of res judicata is intended to avoid.

3. Aside from these limited arguments, the Response makes no attempt to rebut the detailed arguments set forth in the Objection regarding the Robertson Claims' lack of merit. Accordingly, as Robertson has failed to prove his entitlement to a claim by a preponderance of the evidence, the Robertson Claims should be disallowed and expunged with prejudice in their entirety.

### A. Update Regarding Status of Robertson's Appeal

4. Robertson's appeal of the Summary Judgment Order, among other District Court orders, remains pending before the Ninth Circuit Court of Appeals in an action captioned Robertson v. GMAC Mortgage, LLC, 14-35672 (9th Cir.). A copy of the docket report is attached as **Exhibit A**. The parties' opening and answering briefs have been filed, and Robertson's reply brief is due April 3, 2015. See Exh. A at ECF No. 41.

### B. The Liquidating Trust's Reply

#### (i) The Objection Is Procedurally Proper

5. Robertson argues that the Objection is procedurally improper because it objects to multiple proofs of claim on the merits, which is not permitted under Bankruptcy Rule 3007(c) unless otherwise ordered by the court or permitted under Bankruptcy Rule 3007(d). (Response at ¶ 14.) Pursuant to the *Order Pursuant To Section 105(a) Of The Bankruptcy Code And Bankruptcy Rules 1009, 3007 And 9019(b) Approving (I) Claim Objection Procedures, (II) Borrower Claim Procedures, (III) Settlement Procedures, And (IV) Schedule Amendment Procedures* [Docket No. 3294] (the "Claim Objection Procedures Order"), the Court authorized the Liquidating Trust, as a successor-in-interest to the Debtors, to file omnibus objections to claims on various grounds in addition to those set forth in Bankruptcy Rule 3007(d), including

2

on the basis that "the Claims seek recovery of amounts for which the Debtors' estates are not liable." Accordingly, the Objection complies with Bankruptcy Rule 3007(c), as modified by the Claim Objection Procedures Order, and is procedurally proper.

### (ii) Res Judicata Applies to the Permitted Causes of Action

6. Robertson argues that res judicata does not apply to the Summary Judgment Order, pursuant to which the Permitted Causes of Action were dismissed, for two reasons: (1) a judgment should not be given res judicata effect where the judgment is being appealed on the basis that the issuing court lacked jurisdiction; and (2) the Summary Judgment Order was not a final judgment on the merits. (Response at ¶¶ 18, 21-22, 26.) Both of these arguments fail.

7. The judgment dismissing the Permitted Causes of Action was issued by a federal district court sitting in diversity. As set forth in the Objection, under Washington law, res judicata applies notwithstanding a pending appeal. (Objection at ¶ 38.) This rule is not an untested anomaly; it also applies under federal common law. *See, e.g.*, *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 189 (1941) ("[I]n the federal courts the general rule has long been recognized that while appeal with proper supersedeas stays execution of the judgment, it does not—until and unless reversed—detract from its decisiveness and finality. . . ." (citations omitted)). Robertson appears to argue that, notwithstanding such case law, res judicata should not apply here because Robertson is challenging the jurisdiction of the District Court to have entered the judgment, and if his appeal is successful, the judgment will be void. However, Robertson does not cite a single case where a court has considered the basis of a pending appeal in determining whether a judgment is final for purposes of res judicata, and the Liquidating Trust is aware of none. Because any judgment that is reversed on appeal is in effect voided, there is no practical reason why the application of res judicata should turn on the basis for the appeal.

3

ny-1179054

8. Robertson further asserts that the Summary Judgment Order was not a judgment on the merits, because a court that lacks jurisdiction is incapable of entering a valid judgment on the merits. This argument is circular, and would require this Court to decide the validity of the District Court's judgment, which is already on appeal. Such a result is precisely what the doctrine of res judicata is intended to avoid.

### (iii) This Court Has Jurisdiction to Rule on the Merits of the Robertson Claims

9. Robertson asserts that he is entitled to litigate his claims in state court, and cannot be compelled to prove his claims in this Court. (Response at ¶ 15.) It is well established, however, that by filing a proof of claim, a party not only triggers the Bankruptcy Court's subject matter jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(B), but also necessarily submits to the court's equitable power to resolve its claims. See, e.g., S.G. Phillips Constructors, Inc. v. City of Burlington (In re S.G. Phillips Constructors, Inc.), 45 F.3d 702, 707 (2d Cir. 1995) (noting that "[t]he Supreme Court and this court have consistently held that in filing a proof of claim the petitioner submits to the bankruptcy court's equitable jurisdiction" (citations omitted)). See also In re Salander O'Reilly Galleries, 453 B.R. 106, 118 (Bankr. S.D.N.Y. 2011) (rejecting creditor argument that a proof of claim should be decided by an adjudicator other than the bankruptcy court because "allowance of claims is indisputably the realm of the bankruptcy court" (citing 28 U.S.C. § 1334(e)(1) (district court shall have exclusive jurisdiction of all the property, wherever located, of the debtor as of the commencement of a bankruptcy case, and of property of the estate))). By filing the Robertson Claims, Robertson submitted himself to the jurisdiction of this Court, which includes the jurisdiction to rule on the merits of those claims.

10. Robertson incorrectly contends that it is "impossible" for him to prove his claims in this Court. (Response at ¶ 30.) The fact that Robertson would prefer to prove his

4

ny-1179054

claims in a different court does not render it impossible to prove his claims here. The Bankruptcy Code establishes a claims process that is intended to allow all creditors to prove their claims against a debtor in a single, centralized forum. See, e.g., In re Cuyahoga Equip. Corp., 980 F.2d 110, 117 (2d Cir. 1992) (describing the "strong bankruptcy code policy that favors centralized and efficient administration of all claims in the bankruptcy court"). Robertson can utilize the process or not, at his discretion, but he is only entitled to receive a distribution from the Debtors' estates on account of his claims if he proves them before this Court.

### C.   Robertson's Additional Requests for Relief Should Be Denied

11.   In the Response, Robertson requests that this Court stay any further proceedings with respect to the Robertson Claims on the grounds that an order granting the Objection would be somehow prejudicial to his prosecution of his pending appeal. (Objection at ¶ 32.) This request should be denied. To the extent the Robertson Claims have not already been resolved by the District Court, a ruling on the Objection would not result in any prejudice to Robertson because he has the full opportunity to litigate the merits of his claims before this Court. With respect to the portion of the Robertson Claims that are subject to the pending appeal (which are non-monetary), Robertson will also not be prejudiced by a ruling on the Objection because, in the event Robertson prevails in the appeal, he can request that this Court reconsider the disallowance of such claims pursuant to Bankruptcy Code 502(j).[2] Moreover, it would be inequitable and prejudicial to the Liquidating Trust's efforts to expeditiously complete the wind-down of the Debtors' estates if Robertson were allowed to invoke the jurisdiction of this Court with respect to his claims, but request that this Court delay a ruling on those claims indefinitely

---

[2]   The Liquidating Trust fully reserves its rights to contest any request by Robertson for reconsideration of any order disallowing the Robertson Claims.

5
ny-1179054

while Robertson appeals the dismissal of a subset of those claims. For these reasons, the Liquidating Trust opposes Robertson's request for a stay of a ruling on the Objection.

12. In the Response, Robertson also indicates that he anticipates filing additional claims against the Debtors. (Objection at ¶ 29.) Robertson's claims against the Debtors all arose pre-petition, even if further actions with respect to those claims occurred post-petition. Robertson is enjoined under the terms of the Plan from asserting any further pre-petition claims against the Debtors. See Plan, Art. IX.I. In addition, the Plan provides that no claims may be filed after the Plan's effective date without prior authorization of the Court, and any claims that are filed without such authorization shall be deemed disallowed, discharged, released, and expunged as of the Plan's effective date without further notice or order of the Court. See Plan, Art. VIII.B, C. The effective date of the Plan occurred on December 17, 2013. See *Notice of Entry of Confirmation Order Confirming the Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors and Occurrence of Effective Date* [Docket No. 6137]. The deadlines to file proofs of claim against the Debtors expired long ago, and Robertson had timely notice of the bar date as evidence by his filing of the Robertson Claims. Accordingly, to the extent the Response constitutes a request by Robertson for authorization to file additional proofs of claim, that request should not be granted.

### D. Conclusion

13. For the reasons set forth above and in the Objection, the Liquidating Trust respectfully requests entry of an order, substantially in the form of Exhibit 3 attached to the Objection, (i) disallowing and expunging the Robertson Claims with prejudice, and (ii) granting such other and further relief as is just and proper.

| | |
|---|---|
| Dated: March 10, 2015<br>New York, New York | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Erica J. Richards<br>MORRISON & FOERSTER LLP<br>250 W. 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for The ResCap Liquidating Trust* |

**Exhibit A**

**General Docket**
**United States Court of Appeals for the Ninth Circuit**

| | |
|---|---|
| **Court of Appeals Docket #:** 14-35672 | **Docketed:** 08/12/2014 |

**Nature of Suit:** 3290 Other Real Property Actions
Duncan Robertson v. GMAC Mortgage LLC, et al
**Appeal From:** U.S. District Court for Western Washington, Seattle
**Fee Status:** Paid

**Case Type Information:**
  **1)** civil
  **2)** private
  **3)** null

**Originating Court Information:**
  **District:** 0981-2 : 2:12-cv-02017-MJP
  **Trial Judge:** Marsha J. Pechman, Chief District Judge
  **Date Filed:** 11/15/2012

| **Date Order/Judgment:** | **Date Order/Judgment EOD:** | **Date NOA Filed:** | **Date Rec'd COA:** |
|---|---|---|---|
| 07/11/2014 | 07/11/2014 | 08/11/2014 | 08/11/2014 |

**Prior Cases:**
13-72384    **Date Filed:** 07/05/2013    **Date Disposed:** 08/26/2013    **Disposition:** Denied

**Current Cases:**
  None

| | |
|---|---|
| DUNCAN K. ROBERTSON<br>    Plaintiff - Appellant, | Scott Erik Stafne, Esquire, Attorney<br>Direct: 360-403-8700<br>[COR NTC Retained]<br>Stafne Trumbull, PLLC<br>239 North Olympic Avenue<br>Arlington, WA 98223 |
| | Dean Browning Webb, Esquire, Attorney<br>[NTC Retained]<br>Suite B<br>7904 N.E. 6th Ave.<br>Vancouver, WA 98665-8107 |
| v. | |
| GMAC MORTGAGE LLC<br>    Defendant - Appellee, | William G. Fig, Attorney<br>Direct: 503-227-1111<br>[COR NTC Retained]<br>Sussman Shank LLP<br>Suite 1400<br>1000 S.W. Broadway<br>Portland, OR 97205 |
| EXECUTIVE TRUSTEE SERVICES LLC<br>    Defendant - Appellee, | William G. Fig, Attorney<br>Direct: 503-227-1111<br>[COR NTC Retained]<br>(see above) |
| RESIDENTIAL FUNDING REAL ESTATE HOLDINGS LLC<br>    Defendant - Appellee, | William G. Fig, Attorney<br>Direct: 503-227-1111<br>[COR NTC Retained]<br>(see above) |

| | |
|---|---|
| RESIDENTIAL FUNDING COMPANY LLC<br>    Defendant - Appellee, | William G. Fig, Attorney<br>Direct: 503-227-1111<br>[COR NTC Retained]<br>(see above) |
| RESIDENTIAL FUNDING CORPORATION<br>    Defendant - Appellee, | William G. Fig, Attorney<br>Direct: 503-227-1111<br>[COR NTC Retained]<br>(see above) |
| HOMECOMINGS FINANCIAL LLC<br>    Defendant - Appellee, | William G. Fig, Attorney<br>Direct: 503-227-1111<br>[COR NTC Retained]<br>(see above) |
| JPMORGAN CHASE BANK, NA<br>    Defendant - Appellee, | Frederick B. Burnside, Esquire<br>Direct: 206-757-8016<br>[COR NTC Retained]<br>Davis Wright Tremaine LLP<br>Suite 2200<br>1201 Third Avenue<br>Seattle, WA 98101-3045 |
| BANK ONE NATIONAL ASSOCIATION<br>    Defendant - Appellee, | Frederick B. Burnside, Esquire<br>Direct: 206-757-8016<br>[COR NTC Retained]<br>(see above) |
| BANK OF NEW YORK TRUST COMPANY NA<br>    Defendant - Appellee, | Frederick B. Burnside, Esquire<br>Direct: 206-757-8016<br>[COR NTC Retained]<br>(see above)<br><br>William G. Fig, Attorney<br>Direct: 503-227-1111<br>[COR NTC Retained]<br>(see above)<br><br>Laurie Rebecca Hager, Attorney<br>Direct: 503-227-1111<br>[COR NTC Retained]<br>Sussman Shank LLP<br>Suite 1400<br>1000 S.W. Broadway<br>Portland, OR 97205 |
| LSI TITLE AGENCY INC.<br>    Defendant - Appellee, | David John Lenci, Esquire<br>Direct: 206-623-7580<br>[COR NTC Retained]<br>K&L Gates LLP<br>Suite 2900<br>925 Fourth Avenue<br>Seattle, WA 98104-1158<br><br>Peter Talevich<br>Direct: 206-370-8070<br>[COR NTC Retained]<br>K&L Gates LLP<br>Suite 2900<br>925 Fourth Avenue<br>Seattle, WA 98104-1158 |

| | |
|---|---|
| FIRST AMERICAN TITLE INSURANCE COMPANY<br>Defendant - Appellee, | Magnus Rune Andersson<br>Direct: 425-454-3374<br>[COR LD NTC Retained]<br>Hanson Baker Ludlow Drumheller P.S.<br>2229 - 112th Avenue NE, Suite # 200<br>Bellevue, WA 98004-2936 |

DUNCAN K. ROBERTSON,

    Plaintiff - Appellant,

v.

GMAC MORTGAGE LLC; EXECUTIVE TRUSTEE SERVICES LLC; RESIDENTIAL FUNDING REAL ESTATE HOLDINGS LLC; RESIDENTIAL FUNDING COMPANY LLC; RESIDENTIAL FUNDING CORPORATION; HOMECOMINGS FINANCIAL LLC; JPMORGAN CHASE BANK, NA; BANK ONE NATIONAL ASSOCIATION; BANK OF NEW YORK TRUST COMPANY NA; LSI TITLE AGENCY INC.; FIRST AMERICAN TITLE INSURANCE COMPANY,

    Defendants - Appellees.

| Date | Doc # | Description |
|---|---|---|
| 08/12/2014 | [1](#) 16 pg, 713.08 KB | DOCKETED CAUSE AND ENTERED APPEARANCES OF COUNSEL. SEND MQ: Yes. The schedule is set as follows: Fee due from Appellant Duncan K. Robertson on 08/11/2014. Mediation Questionnaire due on 08/19/2014. Appellant Duncan K. Robertson opening brief due 11/19/2014. Appellees Bank One National Association, Bank of New York Trust Company NA, Executive Trustee Services LLC, GMAC Mortgage LLC, HomeComings Financial LLC, JPMorgan Chase Bank NA, LSI Title Agency Inc., Residential Funding Company LLC, Residential Funding Corporation and Residential Funding Real Estate Holdings LLC answering brief due 12/19/2014. Appellant's optional reply brief is due 14 days after service of the answering brief. [9202647] (KM) [Entered: 08/12/2014 02:56 PM] |
| 08/13/2014 | 2 | Received notification from District Court re: payment of docket fee. Amount Paid: USD 505.00. Date paid: 08/13/2014. [9203947] (KM) [Entered: 08/13/2014 02:25 PM] |
| 08/19/2014 | 3 | Entered appearance of Appellee First American Title Insurance Company. [9210430] (RT) [Entered: 08/19/2014 01:59 PM] |
| 08/19/2014 | [4](#) 4 pg, 166.98 KB | Filed (ECF) Appellee First American Title Insurance Company Mediation Questionnaire. Date of service: 08/19/2014. [9210908] (MRA) [Entered: 08/19/2014 04:06 PM] |
| 08/20/2014 | [5](#) 3 pg, 999.23 KB | Filed (ECF) Appellant Duncan K. Robertson Mediation Questionnaire. Date of service: 08/20/2014. [9211400] (DBW) [Entered: 08/20/2014 09:23 AM] |
| 08/21/2014 | [6](#) 2 pg, 94.24 KB | Filed Mediation order: This case is under consideration for inclusion in the Mediation Program. Within 14 days of the date of this order, counsel for all parties intending to file briefs in this matter are requested to inform the Circuit Mediator by email of their clients' views on whether the issues on appeal or the underlying dispute might be amenable to settlement presently or in the foreseeable future. This communication will be kept confidential, if requested... This communication should not be filed with the court... The existing briefing schedule remains in effect... [9213280] (LW) [Entered: 08/21/2014 09:23 AM] |
| 08/27/2014 | [7](#) 2 pg, 13.72 KB | Filed (ECF) notice of appearance of John W. Weil for Appellee Bank of New York Trust Company NA. Date of service: 08/27/2014. [9221670] (JW) [Entered: 08/27/2014 04:28 PM] |
| 08/27/2014 | 8 | Added attorney John Weil for Bank of New York Trust Company NA. [9221704] (RL) [Entered: 08/27/2014 04:38 PM] |
| 08/28/2014 | [9](#) 2 pg, 23.31 KB | Filed (ECF) Appellee Bank of New York Trust Company NA Motion to withdraw as counsel. Date of service: 08/28/2014. [9223173] (WGF) [Entered: 08/28/2014 03:43 PM] |
| 09/03/2014 | [10](#) 1 pg, 33.45 KB | Filed clerk order (Deputy Clerk: LBS): Counsel William G. Fig and Sussman Shank LLP's motion to withdraw as counsel on behalf of appellee Bank of New York Trust Company, N.A. is granted. Court records shall be amended to reflect that counsel William G. Fig and Sussman Shank LLP no longer represents appellee Bank of New York Trust Company, N.A. Counsel John Weil of Weil & Lewandowski LLP remains counsel of record for appellee Bank of New York Trust Company, N.A. The briefing schedule is unchanged. [9227202] (SM) [Entered: 09/03/2014 01:27 PM] |
| 09/04/2014 | [11](#) 4 pg, 187.56 KB | Filed (ECF) Appellee GMAC Mortgage LLC Mediation Questionnaire. Date of service: 09/04/2014. [9229223] (WGF) [Entered: 09/04/2014 04:44 PM] |
| 09/09/2014 | [12](#) 1 pg, 82.85 KB | Filed Mediation order: This case is not selected for inclusion in the Mediation Program. Counsel are requested to contact the Circuit Mediator should circumstances develop that warrant further settlement discussions. [9234271] (LW) [Entered: 09/09/2014 04:02 PM] |
| 10/09/2014 | [13](#) 2 pg, 19.06 KB | Filed (ECF) Appellee Bank of New York Trust Company NA Motion to withdraw as counsel. Date of service: 10/09/2014. [9271958] (JW) [Entered: 10/09/2014 03:14 PM] |
| 10/10/2014 | [14](#) 4 pg, 816.33 KB | Filed (ECF) notice of appearance of William G. Fig for Appellee Bank of New York Trust Company NA. Date of service: 10/10/2014. [9273685] --[COURT UPDATE: Attached corrected notices. 10/10/2014 by TL] (WGF) [Entered: 10/10/2014 02:15 PM] |
| 10/10/2014 | 15 | Added attorneys Laurie Rebecca Hager and William G. Fig for Bank of New York Trust Company NA. [9273785] (RL) [Entered: 10/10/2014 02:52 PM] |
| 10/16/2014 | [16](#) 1 pg, 33.44 KB | Filed clerk order (Deputy Clerk: LBS): Counsel John Weil of Weil & Lewandowski LLP's motion to withdraw as counsel on behalf of appellee Bank of New York Trust Company, N.A. is granted. Court records shall be amended to reflect that counsel John Weil of Weil & Lewandowski LLP is no longer counsel of record for appellee Bank of New York Trust Company, N.A. Counsel William G. Fig and Sussman Shank LLP |

| Date | Doc# | Description |
|---|---|---|
| | | now represent appellee Bank of New York Trust Company, N.A. The briefing schedule is unchanged. [9279294] (SM) [Entered: 10/16/2014 01:22 PM] |
| 10/16/2014 | 17 | Terminated John Weil for Bank of New York Trust Company NA in 14-35672 [9279304] (SM) [Entered: 10/16/2014 01:25 PM] |
| 11/12/2014 | 18 | Filed (ECF) Streamlined request for extension of time to file Opening Brief by Appellant Duncan K. Robertson. New requested due date is 12/19/2014. [9309650] [14-35672] (SES) [Entered: 11/12/2014 12:13 PM] |
| 11/12/2014 | 19 | **Streamlined request [18] by Appellant Duncan K. Robertson to extend time to file the brief is approved. Amended briefing schedule: Appellant Duncan K. Robertson opening brief due 12/19/2014. Appellees Bank One National Association, First American Title Insurance Company, Bank of New York Trust Company NA, Executive Trustee Services LLC, GMAC Mortgage LLC, HomeComings Financial LLC, JPMorgan Chase Bank, NA, LSI Title Agency Inc., Residential Funding Company LLC, Residential Funding Corporation and Residential Funding Real Estate Holdings LLC answering brief due 01/20/2015. The optional reply brief is due 14 days after the last-served answering brief.** [9310755] (GS) [Entered: 11/12/2014 04:49 PM] |
| 12/19/2014 | 20<br>622 pg, 23.12 MB | Submitted (ECF) Opening Brief and excerpts of record for review. Submitted by Appellant Duncan K. Robertson. Date of service: 12/19/2014. [9356823] [14-35672] --[COURT UPDATE: Attached corrected brief and excerpts of record. 12/26/2014 by TL] (SES) [Entered: 12/19/2014 03:11 PM] |
| 12/26/2014 | 21<br>2 pg, 186.32 KB | Filed clerk order: The opening brief [20] submitted by Duncan K. Robertson is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover color: blue. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. The Court has reviewed the excerpts of record [20] submitted by Duncan K. Robertson. Within 7 days of this order, filer is ordered to file 4 copies of the excerpts in paper format, with a white cover. The paper copies must be in the format described in 9th Circuit Rule 30-1.6. [9362578] (LA) [Entered: 12/26/2014 11:22 AM] |
| 12/30/2014 | 22<br>3 pg, 153.58 KB | Filed (ECF) Errata to Opening brief ([20] ). Filed by Appellant Duncan K. Robertson. Date of service: 12/30/2014. [9365677] [14-35672] --[COURT UPDATE: Updated docket text to reflect content of filing. 01/05/2015 by TL] (SES) [Entered: 12/30/2014 12:48 PM] |
| 01/02/2015 | 23 | Received 7 paper copies of Opening brief [20] filed by Duncan K. Robertson. (Including 7 paper copies of the errata [22] to the opening brief.) [9368481] (SD) [Entered: 01/02/2015 01:27 PM] |
| 01/02/2015 | 24<br>2 pg, 197.96 KB | Received Appellant Duncan K. Robertson excerpts of record [20] in 3 volumes. Deficiencies: excerpts lack district court docket sheet. Notified counsel (see attached notice). [9370785] (TLH) [Entered: 01/05/2015 03:59 PM] |
| 01/07/2015 | 25 | Filed (ECF) Streamlined request for extension of time to file Answering Brief by Appellee LSI Title Agency Inc.. New requested due date is 02/19/2015. [9373404] [14-35672] (PT) [Entered: 01/07/2015 10:15 AM] |
| 01/07/2015 | 26 | **Streamlined request [25] by Appellee LSI Title Agency Inc. to extend time to file the brief is approved. Amended briefing schedule: Appellee LSI Title Agency Inc. answering brief due 02/19/2015. The optional reply brief is due 14 days after the last-served answering brief.** [9374606] (GS) [Entered: 01/07/2015 05:00 PM] |
| 01/08/2015 | 27 | Filed (ECF) Streamlined request for extension of time to file Answering Brief by Appellees JPMorgan Chase Bank, NA and Bank One National Association. New requested due date is 02/19/2015. [9375164] [14-35672] (FBB) [Entered: 01/08/2015 11:31 AM] |
| 01/08/2015 | 28 | Filed (ECF) Streamlined request for extension of time to file Answering Brief by Appellee Bank of New York Trust Company NA. New requested due date is 02/19/2015. [9375442] [14-35672] (LRH) [Entered: 01/08/2015 01:33 PM] |
| 01/08/2015 | 29 | Received corrected deficiency of excerpts of record that include district court docket sheet from Appellant Duncan K. Robertson. [9375816] (TLH) [Entered: 01/08/2015 03:42 PM] |
| 01/08/2015 | 30 | Filed Appellant Duncan K. Robertson paper copies of excerpts of record [20] in 3 volume(s). [9375817] (TLH) [Entered: 01/08/2015 03:42 PM] |
| 01/08/2015 | 31 | **Streamlined request [27], [28] by Appellees Bank One National Association, Bank of New York Trust Company NA and JPMorgan Chase Bank, NA to extend time to file the brief is approved.** |

| Date | # | Description |
|---|---|---|
| | | **Amended briefing schedule:** Appellees Bank One National Association, Bank of New York Trust Company NA and JPMorgan Chase Bank, NA answering brief due 02/19/2015. The optional reply brief is due 14 days after the last-served answering brief. [9375941] (GS) [Entered: 01/08/2015 04:21 PM] |
| 01/09/2015 | 32 | Filed (ECF) Streamlined request for extension of time to file Answering Brief by Appellee First American Title Insurance Company. New requested due date is 02/19/2015. [9376121] [14-35672] (MRA) [Entered: 01/09/2015 07:50 AM] |
| 01/09/2015 | 33 | Filed (ECF) Streamlined request for extension of time to file Answering Brief by Appellees Executive Trustee Services LLC, GMAC Mortgage LLC, HomeComings Financial LLC, Residential Funding Company LLC, Residential Funding Corporation and Residential Funding Real Estate Holdings LLC. New requested due date is 02/19/2015. [9377260] [14-35672] (LRH) [Entered: 01/09/2015 03:11 PM] |
| 01/09/2015 | 34 | **Streamlined request [33], [32] by Appellees Executive Trustee Services LLC, First American Title Insurance Company, GMAC Mortgage LLC, HomeComings Financial LLC, Residential Funding Company LLC, Residential Funding Corporation and Residential Funding Real Estate Holdings LLC to extend time to file the brief is approved. Amended briefing schedule: Appellees First American Title Insurance Company, Executive Trustee Services LLC, GMAC Mortgage LLC, HomeComings Financial LLC, Residential Funding Company LLC, Residential Funding Corporation and Residential Funding Real Estate Holdings LLC answering brief due 02/19/2015. The optional reply brief is due 14 after the last-served answering brief.** [9377473] (GS) [Entered: 01/09/2015 04:08 PM] |
| 01/29/2015 | 35  6 pg, 141.74 KB | Filed (ECF) Appellees Executive Trustee Services LLC, GMAC Mortgage LLC, HomeComings Financial LLC, LSI Title Agency Inc., Residential Funding Company LLC, Residential Funding Corporation and Residential Funding Real Estate Holdings LLC Correspondence: Notice of Bankruptcy Status. Date of service: 01/29/2015 [9402056] [14-35672] (WGF) [Entered: 01/29/2015 04:31 PM] |
| 02/19/2015 | 36  105 pg, 1.22 MB | Submitted (ECF) Answering Brief and supplemental excerpts of record for review. Submitted by Appellees JPMorgan Chase Bank, NA and Bank One National Association. Date of service: 02/19/2015. [9426969] [14-35672] (FBB) [Entered: 02/19/2015 02:12 PM] |
| 02/19/2015 | 37  31 pg, 668.7 KB | Submitted (ECF) Answering Brief and supplemental excerpts of record for review. Submitted by Appellee Bank of New York Trust Company NA. Date of service: 02/19/2015. [9427031] [14-35672] (LRH) [Entered: 02/19/2015 02:26 PM] |
| 02/19/2015 | 38  94 pg, 1.52 MB | Submitted (ECF) Answering Brief and supplemental excerpts of record for review. Submitted by Appellee LSI Title Agency Inc.. Date of service: 02/19/2015. [9427147] [14-35672] (PT) [Entered: 02/19/2015 03:03 PM] |
| 02/19/2015 | 39  129 pg, 4.68 MB | Submitted (ECF) Answering Brief and excerpts of record for review. Submitted by Appellee First American Title Insurance Company. Date of service: 02/19/2015. [9427282] [14-35672] --[COURT UPDATE: Updated docket text to reflect correct brief type. 02/20/2015 by TL] (MRA) [Entered: 02/19/2015 03:46 PM] |
| 02/19/2015 | 40 | Filed (ECF) Streamlined request for extension of time to file Reply Brief by Appellant Duncan K. Robertson. New requested due date is 04/03/2015. [9427442] [14-35672] (SES) [Entered: 02/19/2015 04:48 PM] |
| 02/19/2015 | 41 | **Streamlined request [40] by Appellant Duncan K. Robertson to extend time to file the brief is approved. Amended briefing schedule: the optional reply brief is due 04/03/2015.** [9427458] (GS) [Entered: 02/19/2015 04:53 PM] |
| 02/20/2015 | 42  2 pg, 186.3 KB | Filed clerk order: The answering brief [36] submitted by Bank One National Association and JPMorgan Chase Bank, NA is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover color: red. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. The Court has reviewed the supplemental excerpts of record [36] submitted by Bank One National Association and JPMorgan Chase Bank, NA. Within 7 days of this order, filer is ordered to file 4 copies of the excerpts in paper format, with a white cover. The paper copies must be in the format described in 9th Circuit Rule 30-1.6. [9427934] (TLH) [Entered: 02/20/2015 10:29 AM] |
| 02/20/2015 | 43  2 pg, 186.29 KB | Filed clerk order: The answering brief [37] submitted by Bank of New York Trust Company NA is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the |

|  |  |  |
|---|---|---|
|  |  | version submitted electronically. Cover color: red. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. The Court has reviewed the supplemental excerpts of record [37] submitted by Bank of New York Trust Company NA. Within 7 days of this order, filer is ordered to file 4 copies of the excerpts in paper format, with a white cover. The paper copies must be in the format described in 9th Circuit Rule 30-1.6. [9427944] (TLH) [Entered: 02/20/2015 10:33 AM] |
| 02/20/2015 | [44](#)<br>2 pg, 186.29 KB | Filed clerk order: The answering brief [38] submitted by LSI Title Agency Inc. is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover color: red. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. The Court has reviewed the supplemental excerpts of record [38] submitted by LSI Title Agency Inc. Within 7 days of this order, filer is ordered to file 4 copies of the excerpts in paper format, with a white cover. The paper copies must be in the format described in 9th Circuit Rule 30-1.6. [9427979] (TLH) [Entered: 02/20/2015 10:48 AM] |
| 02/20/2015 | [45](#)<br>2 pg, 186.32 KB | Filed clerk order: The answering brief [39] submitted by First American Title Insurance Company is filed. Within 7 days of the filing of this order, filer is ordered to file 7 copies of the brief in paper format, accompanied by certification, attached to the end of each copy of the brief, that the brief is identical to the version submitted electronically. Cover color: red. The paper copies shall be printed from the PDF version of the brief created from the word processing application, not from PACER or Appellate ECF. The Court has reviewed the excerpts of record [39] submitted by First American Title Insurance Company. Within 7 days of this order, filer is ordered to file 4 copies of the excerpts in paper format, with a white cover. The paper copies must be in the format described in 9th Circuit Rule 30-1.6. [9428067] (TLH) [Entered: 02/20/2015 11:16 AM] |
| 02/24/2015 | 46 | Received 7 paper copies of Answering brief [38] filed by LSI Title Agency Inc.. [9432604] (SD) [Entered: 02/24/2015 02:08 PM] |
| 02/24/2015 | 47 | Received 7 paper copies of Answering brief [37] filed by Bank of New York Trust Company NA. [9432635] (SD) [Entered: 02/24/2015 02:13 PM] |
| 02/24/2015 | 48 | Received 7 paper copies of Answering brief [39] filed by First American Title Insurance Company. [9432651] (SD) [Entered: 02/24/2015 02:16 PM] |
| 02/24/2015 | 49 | Filed Appellee Bank of New York Trust Company NA paper copies of supplemental excerpts of record [37] in 1 volume. [9433273] (TLH) [Entered: 02/24/2015 04:19 PM] |
| 02/24/2015 | 50 | Filed Appellee First American Title Insurance Company paper copies of excerpts of record [39] in 1 volume(s). [9433282] (TLH) [Entered: 02/24/2015 04:22 PM] |
| 02/24/2015 | 51 | Filed Appellee LSI Title Agency Inc. paper copies of supplemental excerpts of record [38] in 1 volume. [9433320] (TLH) [Entered: 02/24/2015 04:33 PM] |
| 02/25/2015 | 52 | Filed Appellees Bank One National Association and JPMorgan Chase Bank, NA paper copies of supplemental excerpts of record [36] in 1 volume. [9434322] (TLH) [Entered: 02/25/2015 11:54 AM] |
| 02/25/2015 | 53 | Received 7 paper copies of Answering brief [36] filed by Bank One National Association and JPMorgan Chase Bank, NA. [9435163] (SD) [Entered: 02/25/2015 03:29 PM] |

**Documents and Docket Summary**

**Documents Only**

**Include Page Numbers**

**Selected Pages:**          **Selected Size:**

| PACER Service Center | | | |
|---|---|---|---|
| Transaction Receipt | | | |
| U.S. Court of Appeals for the 9th Circuit - 03/08/2015 18:10:02 | | | |
| **PACER Login:** | mf1354 | **Client Code:** | 73304-0000003-14078 |
| **Description:** | Docket Report (filtered) | **Search Criteria:** | 14-35672 |
| **Billable Pages:** | 6 | **Cost:** | 0.60 |