March 1, 2015



To:   The Honorable Martin Glenn
      United States Bankruptcy Judge

From: John E. Satterwhite, Jr.
      Plaintiff

I, John E. Satterwhite, Jr., am filing an objection to the dismissal of my claim #2397 that is to be received by March 3, 2015 by 4:00 p.m. I am requesting that the judge grant me a telephonic hearing on March 31, 2015 at 10:00 a.m.

Your Honor, I apologize for the numerous phone calls to your office, but that was due to the fact that the counsel of Morrison & Foerster, LLP has not been timely in getting the necessary documents sent to me so that I may in turn read, sign (if applicable) and return the documents by the noted due date(s). I pray that you do not dismiss my case due to the negligence of the counsel's inability to correspond with me in a timely manner.

I would greatly appreciate the opportunity to plead my case before you as I have been unjustly affected by the unlawful actions of GMAC. I have suffered much distress, pain, heartbreak and financial loss due to their unlawful practices which were not in good faith. An example of the connection of damages that have directly affected me was reported in the September 28, 2010 edition of *The Washington Post*. It stated that an employee of Ally's GMAC mortgage unit, Jeffrey Stephan, admitted in sworn depositions that he signed off on 10,000 foreclosure documents a month without reviewing them. Many of the firms, such as Fannie Mae and Freddie Mac, are conducting internal investigations of the foreclosure processes to which they have found other examples of questionable practices as well such as forged signatures, faked documents and confusion among lenders over who has ownership of a loan. I have a transcript of one of my court dates, noted to be July 20, 2010, which is about two (2) months prior to *The Washington Post* article. At that time in court, evidence was presented in regard to the illegal practices of Jeffrey Stephen to where he signed bogus documents and had them fraudulently notarized by Heather Reinhart. Due to the negligent actions of both parties signing and notarizing the documents without either party being present at signing or notarizing, BNY Mellon was not sanctioned to have it recorded into public record, thereby allowing BYN Mellon to file an unlawful detainer in the General District Court of Richmond, Civil Division in efforts to have me evicted from my home.

I have enclosed documents supporting my claim against Bank of New York and GMAC.

I am an ex green beret of the United States Army who is currently blind out of one eye and losing my vision in the other. I have risked my life for this country and pray that my request is honored so that these injustices not go unpunished and are brought to light.

In God We Trust,

John E. Satterwhite, Jr.

Enclosure

1 of 1 DOCUMENT

# The Washington Post

# washingtonpost.com

The Washington Post

September 28, 2010 Tuesday
Suburban Edition

## Conn., Calif. join probe of Ally

**BYLINE:** Ariana Eunjung Cha;Brady Dennis

**SECTION:** A-SECTION; Pg. A18

**LENGTH:** 874 words

Attorneys general in Connecticut and California ordered Ally Financial's GMAC mortgage unit to freeze all foreclosures within their borders, joining a growing list of states investigating whether the firm and other lenders improperly kicked people out of their homes.

Connecticut Attorney General Richard Blumenthal on Monday accused Ally of using "defective foreclosure documents" in its filings and said he ordered the moratorium "to forestall horrendous, illegal harm against homeowners." California Attorney General Edmund G. Brown Jr. on Friday called Ally's document review process a "sham."

In Illinois, Attorney General Lisa Madigan said she "wants to see Ally stop the filing of foreclosures in Illinois as well until this situation can be remedied," a spokeswoman said.

Iowa, North Carolina and Texas have also opened investigations into Ally's lending practices as well as those at other large mortgage companies, officials said.

The announcement by California is especially significant because it had previously been thought to be unaffected. Last week, Ally announced it would halt evictions in 23 states where a court order is needed to evict a homeowner. California - as well as Virginia, Maryland and the District - was not included on that list.

The actions taken by state officials are illuminating an overburdened foreclosure system that relied on shoddy or fabricated paperwork to deal with the massive pile of cases.

Now criminal and civil inquires are widening to other major companies who might have engaged in similar conduct.

"This has the potential to be an industry-wide issue," said Patrick Madigan, an assistant attorney general in Iowa who is chairman of a national foreclosure prevention group that includes law enforcement officials and bank regulators, among others.

The moves by California and Connecticut come a week after Ally said it found a "technical" problem with documents it submitted in support of foreclosures across the country.

An employee of Ally's GMAC mortgage unit, Jeffrey Stephan, admitted in sworn depositions that he signed off on 10,000 foreclosure documents a month without reviewing them. Hundreds of other mortgage companies, including Fannie Mae and Freddie Mac, used Ally's processing services. Many of these firms say they are conducting internal investigations of their foreclosure processes.

Beyond the Stephan case, homeowner attorneys and consumer advocates are uncovering other examples of questionable

practices - forged signatures, faked documents and confusion among lenders over who has ownership of a loan.

The problems drew the attention of Capitol Hill on Monday.

House Financial Services Committee Chairman Barney Frank (D-Mass.) vowed to "take steps to make sure these practices stop."

"These practices are reprehensible and any bank or mortgage lender engaged in them should end them immediately. . . . And they are particularly unacceptable when they are engaged in by institutions in which the government is a shareholder, including Ally, Fannie and Freddie," Frank's spokesman, Tom Kiley, said.

Rep. Alan Grayson (D-Fla.), who has been spearheading efforts to help distressed homeowners in Florida, one of the hardest hit states, called for an end to illegal foreclosures.

"Big banks and Wall Street have contracted out document fraud to the lowest bidder. The average court hearing takes something like 90 seconds, and the documents used by the bank to foreclose are often forged or fraudulent," Grayson said.

Ally, the nation's fourth-largest mortgage lender, is majority owned by the Treasury Department after it saved the firm with a $17 billion bailout. It has said in previous statements that "preserving the integrity of the foreclosure process is of the utmost importance" and that it is "confident that the processing errors did not result in any inappropriate foreclosures.

Spokesman James Olecki declined to comment Monday on the pending litigation.

Treasury spokesman Mark Paustenbach said the agency has "discussed the current situation with GMAC and expect them to take prompt action to correct any errors."

While legal experts consider some of the problems as merely technical, others argue that the practices by lenders are giving homeowners the grounds to challenge their foreclosures.

Philip A. Lehman, an assistant attorney general in North Carolina, warned Ally Monday in a letter that the "use of unverified affidavits to obtain judicial relief could constitute a fraud upon the court."

Ally confirmed Sept. 20 that it had initiated a temporary moratorium on evictions and sales of repossessed homes in 23 states, including Connecticut. The announcement by Connecticut officials Monday expanded that moratorium to all foreclosure proceedings.

The District of Columbia and 27 other states were not included in Ally's moratorium. But The Washington Post reported Friday that Stephan had also signed off on foreclosure files in the other 27 states and that in those places documents are surfacing that appear to be forged or faulty.

California represents a significant amount of Ally's business. In the first half of 2010, the state's mortgages accounted for nearly a quarter of the $26 billion in home loans that Ally originated.

chaa@washpost.com

dennisb@washpost.com

**LOAD-DATE:** September 28, 2010

**LANGUAGE:** ENGLISH

**DISTRIBUTION:** Every Zone

**PUBLICATION-TYPE:** Newspaper

Copyright 2010 The Washington Post
All Rights Reserved

August 2, 2013

$350,000 Punitive Damages

I believe I should be compensated $350,000 in punitive damages because I have been defrauded out of my ownership and enjoyment of my home. I have had to pay substantial lawyer's fees, and have sustained emotional distress to include loss of sleep, worry, depression and great anguish and pain. The defendants have shown outrageous misconduct and should be stopped from doing this to anyone else. Their actions were malicious, intentional and with utter disregard for my rights and my interests. Fraud has been proven with documents submitted in my civil law suit and has been affirmed by a court of law.

$100,000 Compensatory Damages

Home assessed in 2012 at $71,000. Homes in the area sold for amounts in the $100,000 range. Compensation for the loss of my home is asked for in the amount of $100,000.

$5,000 Attorney Fees

The attorney fees for Henry McLaughlin are $5,000. $2,000 of the fee has already been paid to him.

We pray to God that this will be accepted for this is the reasons for the punitive damages, compensatory damages and the attorney fees.

Sincerely,

John Eddie Satterwhite, Jr.

CLAIM 2387

# City of Richmond Virginia
**Division of Collections**
P.O. Box 26505
Richmond, VA 23261-6505

BANK OF NEW YORK MELLON TRUST
COMPANY NA TRS
3451 HAMMOND AVE
WATERLOO, IA 50702

# 2012 Real Estate Tax and Special Tax Bill

**Bill Number 12016690**

**Please record Bill Number in memo section of check and include in all online internet banking transactions**

| Property Information | | Assessment / Tax Information | |
|---|---|---|---|
| Tax Year: | 2012 | Total Assessed Value: | $71,000.00 |
| **Bill Number:** | **12016690** | Total Charges: | $852.00 |
| Parcel ID Number: | C0090252008 | Total Credits: | $.00 |
| Property Address: | 3219 KENYON AVE | Payments Received to Date: | $852.00 |
| Property Description: | 110 R ONE STORY | Taxes Due for Prior Years: | $.00 |
| | | Current Interest: | $.00 |
| | | Current Penalty: | $.00 |
| **Mortgage Company:** | **GMAC - MORTGAGE REO** | Balance Due for 2012: | $.00 |

| Valuation | | | |
|---|---|---|---|
| Description | Class / Type | Acreage | Total |
| R ONE STORY | BUILDING | | $54,000.00 |
| R ONE STORY | LAND | | $17,000.00 |

| Charges | | |
|---|---|---|
| Description | Tax Rate | Charge Amt |
| REAL ESTATE TAX | $1.200000 | $852.00 |

**LEGAL DESCRIPTION:  MCGUIRE VILLAGE L76**

Enjoy the convenience & flexibility of credit card payments at all city payment locations. Or call 1-800-2PAYTAX (1-800-272-9829); enter jurisdiction code 1059. Or visit one of the following: www.officialpayments.com or www.richmondgov.com. Convenience fees apply.

To contact us by telephone call 804-646-7000.

**Use the enclosed self-addressed envelope. Do not mail cash.**

**Please review back of bill for additional information.**

**U.S. Postal Service postmark must be on or before due date to avoid the late payment penalty.**

Return bottom portion with payment. Cancelled check will be your receipt. Retain top portion for your records.

──────────────────────────── Cut Here ────────────────────────────



# City of Richmond Virginia
**Real Estate**
P. O. Box 26505
Richmond, VA 23261-6505

Real Estate Tax and Special Tax Bill 2012

# 2012 Real Estate Tax and Special Tax Bill

| Bill Number | Amount Due |
|---|---|
| **12016690** | **$.00** |
| Parcel ID Number | OFFICE USE ONLY |
| C0090252008 | 21670 |

| Due Date | Please Enter Amount Paid |
|---|---|
| **10/15/2012** | **$** |

BANK OF NEW YORK MELLON TRUST
COMPANY NA TRS
3451 HAMMOND AVE
WATERLOO, IA 50702

*Return this portion with your check payable to:*

City of Richmond Virginia / Real Estate
P. O. Box 105304
Atlanta, GA 30348

Please do not write below this line

**VIRGINIA:**

CIRCUIT COURT OF THE CITY OF RICHMOND
JOHN MARSHALL COURTS BUILDING
400 North Ninth Street
Richmond, Virginia 23219

JOHN E. SATTERWHITE, JR.,

                    Plaintiff,

v.                                                          Case No. CL10-4211-1

THE BANK OF NEW YORK MELLON
TRUST COMPANY, NATIONAL ASSOCIATION, et als.

                    Defendants.

## ORDER

On July 1, 2014 came defendants, by counsel, on their demurrer, and came plaintiff, by

counsel, in opposition to the demurrer, and the Court heard argument of counsel.

In consideration whereof, the Court:

1. FINDS and HOLDS that plaintiff's second amended pled a claim for fraud;

2. SUSTAINS the demurrer as to the claim to quiet title;

3. GRANTS the plaintiff leave to file a third amended complaint by July 15, 2014;

4. CONTINUES the plaintiff's claims for damages by reason of the automatic stay resulting

from the pending bankruptcy of GMAC Mortgage, Inc.

ENTER 7/7/14

_____
Judge, Circuit Court
John Marshall Courts Building

1

A Copy
Teste: EDWARD F. JEWETT, CLERK

BY: _____ D.C.

I ask for this Order:

_____
Henry W. McLaughlin (VSB No. 07105)
Drew D. Sarrett (VSB No. 81658)
The Law Office of Henry McLaughlin, P.C.
Eighth and Main Building
707 East Main Street, Suite 1375
Richmond, Virginia 23219
(804) 205-9020; (877) 575-0245 Fax
*Counsel for Plaintiff*


Seen and objected to for the reasons
set forth in the demurrer and memorandum
in support of demurrer and in oral argument:


_____
Maryia Y. Jones (VSB No. 78645)
TROUTMAN SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone:  (757) 687-7539
Facsimile:  (757) 687-1510
E-mail: maryia.jones@troutmansanders.com
*Counsel for Defendants*