Sepideh Cirino
27495 Hidden Trail Road
Laguna Hills, CA 92653
(949) 283-3774

**PRO SE**

RECEIVED
MAR - 9 2015
U.S. BANKRUPTCY COURT, SDNY

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.<br><br>Debtors | Case No.: 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered<br><br>**SEPIDEH CIRINO'S OPPOSITION TO RESCAP LIQUIDATING TRUST'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES ENFORCING INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER** |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

On January 2, 2014, this honorable Court entered an order which on its face expunged Plaintiff/Appellant Sepideh Cirino's (hereinafter "Plaintiff/Appellant") claim. However, pursuant to the attached order, the Court lifted the automatic stay so Plaintiff/Appellant's appeal could be heard and decided by the United States Court of Appeals for the Ninth Circuit, case no. 12-56038. This Court's order included the provision that should Plaintiff/Appellant prevail, she could move this Court to reinstate her claim under Bankruptcy Code section 502(j).

1

SEPIDEH CIRINO'S OPPOSITION TO RESCAP LIQUIDATING TRUST'S MOTION FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES ENFORCING INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER

1  The Ninth Circuit has not yet heard or decided the case. As such, Plaintiff/Appellant
2  formally objects to and opposes this Court to making any ruling on Rescap's Motion that would
3  be adverse to the rights and claims of Plaintiff/Appellant.
4  Plaintiff/Appellant also objects on the basis that Debtor's Notice of Motion was untimely.
5  Plaintiff/Appellant received Notice of the Motion on or about February 26, 2015, with an
6  objection being *filed* with the Court on or before March 2, 2015. This short notice was
7  prejudicial to Plaintiff/Appellant.

9  DATED: March  6 , 2015         By: _____
                                       Sephideh Cirino
10                                     PRO SE

SEPIDEH CIRINO'S OPPOSITION TO RESCAP LIQUIDATING TRUST'S MOTION FOR ENTRY OF AN ORDER
ESTABLISHING PROCEDURES ENFORCING INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER

# EXHIBIT ONE

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

### ORDER (1) SUSTAINING DEBTORS' OBJECTION TO CLAIM NO. 3893 OF SEPHIDEH CIRINO AND (2) LIFTING THE AUTOMATIC STAY

Pending before the Court is the *Debtors' Fifty-First Omnibus Objection to Claims (Borrower Books and Records Claims – Res Judicata and Wrong Debtor)* (the "Objection," ECF Doc. # 5646). Through the Objection the Debtors are seeking to disallow and expunge Claim No. 3893 filed by Sephideh Cirino. In support of the Objection, the Debtors submitted the Declarations of Lauren Graham Delehey (the "Horst Decl.," attached as Ex. 1 to Objection), Norman Rosenbaum (the "Rosenbaum Decl.," attached as Ex. 2 to Objection), and Robert Nosek (the "Nosek Decl.," attached as Ex. 3 to Objection). Sephideh Cirino filed a response (the "Response," ECF Doc. # 6045). The Debtors filed a reply (the "Reply," ECF Doc. # 6190). On December 18, 2013, the Court held a hearing and Ms. Cirino appeared telephonically. The Court reserved decision on the Objection.

Section 502(a) of the Bankruptcy Code provides, in relevant part, that a filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law . . ." 11 U.S.C. § 502(b)(1). The burden of persuasion rests with the holder of a proof of claim to establish a valid claim against a debtor. *Feinberg v. Bank of N.Y. (In re Feinberg)*, 442 B.R. 215, 220–22 (Bankr. S.D.N.Y. 2010).

1



*Res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Burgos v. Hopkins*, 14 F.3d 787, 789 (2d Cir. 1994) (quoting *Allen v. McCurry*, 449 U.S. 90, 94 (1980)). "[T]he preclusive effect of a state court determination in a subsequent federal action is determined by the rules of the state where the prior action occurred . . . ." *New York v. Sokol (In re Sokol)*, 113 F.3d 303, 306 (2d Cir. 1997) (citing 28 U.S.C. § 1738). Furthermore, in the bankruptcy context, the court must also consider "whether an independent judgment in a separate proceeding would 'impair, destroy, challenge, or invalidate the enforceability or effectiveness' of the reorganization plan." *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 88 (2d Cir. 1997) (quoting *Sure-Snap Corp. v. State St. Bank and Trust Co.*, 948 F.2d 869, 875–76 (2d Cir. 1991)). Ordinarily, "[i]n applying the doctrine of *res judicata*, [a court] must keep in mind that a state court judgment has the same preclusive effect in federal court as the judgment would have had in state court." *Burka v. New York City Transit Auth.*, 32 F.3d 654, 657 (2d Cir. 1994) (citation omitted). But "[i]n federal-question cases, the law applied is federal law." *Blonder-Tongue Labs., Inc. v. Univ. of Ill. Found.*, 402 U.S. 313, 324, n.12 (1971). Accordingly, when deciding whether to apply the doctrine of *res judicata* in federal question cases, courts look to federal preclusion law. *See Heiser v. Wodruff*, 327 U.S. 726, 733 (1946) ("It has been held in non-diversity cases, since *Erie v. Tompkins*, that the federal courts will apply their own rule of *res judicata*." (citing *Sunshine Anthracite Coal Co. v. Adkins*, 310 U.S. 381, 403(1940); *Jackson v. Irving Trust Co.*, 311 U.S. 494, 503 (1941))).

To establish *res judicata* under federal law, the proponent must establish three elements: (1) a final judgment on the merits; (2) that is between the same parties or their privies; and (3) a subsequent suit based on the same cause of action or same nucleus of operative facts. *Montana v. U.S.*, 440 U.S. 147, 153 (1979); *Lawlor v. Nat'l Screen Serv. Corp.*, 349 U.S. 322, 326 (1955) ("under the doctrine of

2

res judicata, a judgment 'on the merits' in a prior suit involving the same parties . . . bars a second suit based on the same cause of action.") (citations omitted). "Dismissal with prejudice constitutes an adjudication of the merits as fully and completely as if the order had been entered after trial." *Gambocz v. Yelencsics*, 468 F.2d 837, 840 (3d Cir. 1972) (citing *Lawlor*, 349 U.S. at 327). Under federal law, the pendency of an appeal does not alter the preclusive effect of a trial court's ruling. *See Hunt v. Liberty Lobby, Inc.*, 707 F.2d 1493, 1497–8 (citing *Huron Holding Corp. v. Lincoln Mine Operating Co.*, 312 U.S. 183, 188–89 (1941) (dictum); *Reed v. Allen*, 286 U.S. 191, 199 (1932); *Fidelity Standard Life Ins. Co. v. First Nat'l Bank & Trust Co.*, 510 F.2d 272, 273 (5th Cir. 1975) ("A case pending appeal is *res judicata* and entitled to full faith and credit unless and until reversed on appeal.").

Ms. Cirino's claim relates to two loans obtained in 2004. Ms. Cirino already filed a lawsuit against Debtor entities in California relating to these loans, alleging various violations of federal law, including: (1) violations of the Fair Debt Collection Practices Act ("FDCPA"); (2) violations of the Fair Credit Reporting Act ("FCRA"); (3) violations of the Securities Act of 1933; (4) violation of section 10(b) of the Securities Exchange Act of 1934; (5) mail fraud; and (6) violation of the Racketeer Influenced and Corrupt Organizations ("RICO") Act. Accordingly, the Central District of California court had federal question jurisdiction over this matter. *See* 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.") The California court ultimately dismissed Ms. Cirino's complaint with prejudice for failure to state a claim upon which relief can be granted. Ms. Cirino then filed a brief in the United States Court of Appeal for the Ninth Circuit appealing the dismissal by the District Court. The appeal is currently stayed as to GMACM.

Ms. Cirino acknowledged that her bankruptcy claim is premised on the same liability alleged in her California lawsuit, but argues that the California judgment is not final since she is appealing the judgment to the Ninth Circuit. But the district court had federal question jurisdiction over Ms. Cirino's lawsuit since she was alleging violations of federal law. Therefore, federal preclusion law, rather than state preclusion law, applies to the matter, and the pendency of her appeal does not alter the preclusive effect of the California District Court's ruling. Accordingly, Ms. Cirino's claim is barred by *res judicata.* For these reasons, it is hereby **ORDERED** that the Objection is sustained as to Claim No. 3893.

Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition

> "operates as a stay, applicable to all entities, of . . . [the] continuation . . . of a judicial . . . proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title."

11 U.S.C. § 362(a)(1). Section 362(d)(1) of the Bankruptcy Code provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause." 11 U.S.C. § 362(d)(1). The Bankruptcy Code does not define "cause." In determining whether "cause" exists to lift the stay for prepetition litigation, courts consider the "*Sonnax* Factors." *Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re N.Y. Med. Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001). The Court has considered the *Sonnax* Factors and finds that they weigh in favor of lifting the automatic stay in Ms. Cirino's case. For these reasons, it is hereby **ORDERED** that the automatic stay of Bankruptcy Code section 362 is modified to permit Ms. Cirino's appeal to the Ninth Circuit to proceed through resolution. Should Ms. Cirino's appeal

4

be successful, of course, she may move for her claim to be reinstated under Bankruptcy Code section 502(j) ("A claim that has been allowed or disallowed may be reconsidered for cause. . . . .").

### ORDERED, ADJUDGED, AND DECREED THAT:

1. The Debtors' Objection is sustained as to Claim No. 3893 and Ms. Cirino's claim is disallowed and expunged.

2. The automatic stay of Bankruptcy Code section 362 is modified as provided in this Order.

3. This Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order.

### IT IS SO ORDERED.

Dated: January 2, 2014
       New York, New York

                                    **/s/Martin Glenn**
                                    MARTIN GLENN
                                  United States Bankruptcy Judge

## CERTIFICATE OF SERVICE

I certify that on a copy of the **SEPIDEH CIRINO'S OPPOSITION TO RESCAP LIQUIDATING TRUST'S MOTION FOR ENTRY OF AN ORDER ESTABLISHING PROCEDURES ENFORCING INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER** and any attachments was served, either in person or by mail, on the persons listed below.

_____

Signature

| Name | Address | Date Served |
|---|---|---|
| **Presiding Judge** <br> Hon. Martin Glenn | One Bowling Green <br> Courtroom 501 <br> New York, NY 10004 | March 6, 2015 |
| **Attorneys for Debtors** <br> Morrison & Foerster, LLP <br> Attn: <br> Gary S. Lee, Esq. <br> Norman S. Rosenbaum, Esq. <br> Jordan A. Wishnew, Esq. | 1290 Avenue of the Americas <br> New York, NY 10104 | March 6, 2015 |
| **Attorneys for the Official Committee of Unsecured Creditors** <br> Kramer Levin Naftalis & Frankle LLP <br> Attn: <br> Kenneth H. Eckstein, Esq. <br> Douglas H. Mannal, Esq. | 1117 Avenue of the Americas <br> New York, NY 10036 | March 6, 2015 |