Drake Loeb, PLLC
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
(845) 561-0550 telephone
(845) 561-1235 facsimile
Timothy P. McElduff, Jr., Esq. (TPM-5230)

-and-

RICH MAY, PC
176 Federal Street
Boston, MA  02110-2223
T - (617) 556-3871
F - (617) 391-5771
Jeffrey B. Loeb, Esq. (*Admitted Pro Hac Vice*)

*Attorneys for Interested Parties CitiMortgage, Inc., Iraide Peruchi, and Matthew and Alexis Freitas*

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X

| | |
|---|---|
| IN RE: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et. al. | Case No.:  12-12020-cgm |
| | Jointly Administered |
| Debtor. | |

---------------------------------------------------------------X

**AFFIRMATION IN FURTHER SUPPORT OF CITIMORTGAGE, INC., IRAIDE PERUCHI, AND MATTHEW AND ALEXIS FREITAS' OBJECTION TO DEBTOR'S MOTION FOR ENTRY OF ORDER ESTABLISHING PROCEDURES ENFORCING INJUNCTIVE PROVISIONS OF PLAN**

CitiMortgage, Inc., Iraide Peruchi, and Matthew and Alexis Freitas ("Objecting Parties") in further objection to the Motion of the Debtors to extend Debtor's for Entry of Order Establishing Procedures Enforcing Injunctive Provisions of Plan [Docket No. 8158] ("Procedural Motion") respectfully represents and shows this Court as follows:

1. I am an attorney at law duly admitted to practice in the courts of Massachusetts, the United States District Court for the District of Massachusetts, the First Circuit Court of Appeals, and the United States Tax Court. I am admitted *pro hac vice* to practice law before the United States District Court for the Southern District of New York in this matter.

2. I am a shareholder of the law firm of Rich May, PC, the attorneys for the Objecting Parties. I am fully familiar with this matter from a review of docket of this matter and of the files maintained by this office.

3. As set forth in the Objecting Parties Objection [Docket No. 8256], the Objecting Parties are the plaintiffs in certain real property title actions pending in the Commonwealth of Massachusetts involving mortgage loans in which GMAC Mortgage presently has or had an interest, entitled *Citimortgage, Inc. v. Manchester, et al.*, Massachusetts Superior Court, Suffolk County, Civil docket No. SUCV2012-03708-G, *Peruchi v. GMAC Mortgage, LLC, et al.*, Massachusetts Land Court, Misc. No. 13 MISC 477991 GHP, and *Freitas v. Tetreault, et al.*, Massachusetts Land Court, Misc. No. 13 MISC 478526. (Copies of the Complaints are annexed hereto as Exhibits A, B, and C, respectively.)

4. A hearing to consider the Procedural Motion will be held on March 12, 2015 at 10:00 a.m.

5. The Objecting Parties' respective actions were identified within Annex A to the Procedural Motion as being subject to the injunctive relief procedures requested by the ResCap Liquidating Trust (the "Trust"), despite the fact that these claims <u>do not seek monetary relief</u> from the Trust. Specifically, the claims are listed on Annex A to the Procedural Motion as follows (the "Title Matters"):

- #116- Matthew Freitas and Alexis Freitas v. Gregory Tetreault and GMAC Mortgage, LLC- Bristol County, Massachusetts Land Court, Docket No. 13 MISC 478526-KCL

- #205- CitiMortgage, Inc. v. Richard Manchester, GMAC Mortgage, LLC, RBS Citizens, Jami Rodger- Suffolk County Superior Court (Massachusetts), Docket No. SUCV2012-03706-G

- #220- Iraide Peruchi v. GMAC Mortgage, LLC, Marco Miranda, and Citizens Bank of Massachusetts- Suffolk County- Land Court Dept. (Massachusetts), Docket No. 13 MISC 477991-GHP

6. The Title Matters are seeking to cure title defects arising out of foreclosures conducted in Massachusetts where one of the Debtors purported to be the record holder of the foreclosed upon mortgage. (*See* Exhibit A, Exhibit B, Exhibit C)

7. The Title Matters were permitted by this Court to proceed, despite the instant Bankruptcy proceeding, under the Final Supplemental Order, entered herein on July 13, 2012 [Docket No. 0774].

8. As the Complaints make clear, <u>none</u> of the Objecting Parties are seeking monetary damages from the Trust within the Title Matters. (Exhibit A, Exhibit B, Exhibit C)

9. Rather, the Objecting Parties are seeking to cure title defects that arose because, in each of these actions, a Debtor, GMAC Mortgage, LLC, purported to be the record holder of the mortgage and conducted a foreclosure of real property in its name. (Copies of the foreclosure deeds were previously provided as Exhibit "A" to the Objecting Parties' Opposition.)

10. However, in *U.S. Bank, N.A. v. Ibanez*, 458 Mass. 637 (2011), the Supreme Judicial Court (the highest court in Massachusetts) voided each foreclosure where the plaintiff

did not have standing to conduct the foreclosure at the time the foreclosure was commenced and held that its ruling applied retroactively.

11. Under *Ibanez*, each of the foreclosures conducted by GMAC Mortgage, LLC in the Title Matters has been rendered invalid and needs to be redone.

12. Each of the Objecting Parties is the holder of a Mortgage and has the right to re-foreclose. *See Bevilacqua v. Rodriguez*, 460 Mass. 762 (2011); *see also SunTrust Mortgage, Inc. v. Chan*, Land Court, 11 MISC 447517-AHS (Nov. 9, 2012), 2012 WL 5473794.

13. The only relief that the Objecting Parties are seeking against the Debtor, GMAC Mortgage, LLC, in the Title Matters is an Order requiring the foreclosing lender to turn over the original promissory note to the holder of the mortgage, or to consent to allow the holder of the mortgage to foreclose, so the mortgagee can conduct the foreclosure in order to quiet title to the property.

14. The original promissory note, or consent of the note holder, is required as, under *Eaton v. FNMA*, 462 Mass. 569 (2012), the production of a copy of the underlying promissory note is not sufficient to permit the Objecting Parties to cure their title issues. Although *Eaton* was not applied retroactively, *Eaton* applies to the Title Matters because the Objecting Parties are re-foreclosing post-*Eaton*. Within certain of the Title Matters, I have been in contact with counsel for GMAC, and they have represented to me that they have contacted their client about locating the original promissory note.

15. The Objecting Parties reiterate their objection to the Procedural Motion because the actual and explicit language of the Procedural Motion provides that the Debtors *will* send a letter to the Objecting Parties, and the other litigations identified in Annex A, requiring them to dismiss their actions or be held in contempt. (*See* Docket 8158)

16. The Objecting Parties would be significantly prejudiced by an Order granting the Procedural Motion and permitting the Debtor's to send the Objecting Parties a Letter Request requiring that they dismiss their non-monetary claims or be held in contempt of Court.

17. The Objecting Parties have contacted the Debtor's Counsel and have attempted to resolve this objection amicably; however, the Debtor's Counsel has refused to agree to exclude the Title Matters from the Plan Injunction Provisions as set forth in the Procedural Motion, despite the fact that the Title Matters seek <u>no monetary relief</u> from the Debtor and were previously permitted to proceed by Order of this Court. (*See* Exhibit A, Exhibit B, Exhibit C; *see also* Docket No. 0774)

18. If the Title Matters are not excluded from the Plan Injunction Provisions as set forth in the Procedural Motion, and the Debtors send the Objecting Parties a Letter Request as the Procedural Motion explicitly provides that they will, the Objecting Parties will be significantly prejudiced as they will not be able to proceed with their title claims, and the mortgages and properties at issue within the Title Matters will be held in legal purgatory.

19. As a result, the Objecting Parties respectfully request that this Court sustain this Objection and issue an Order that the Title Matters asserted by the Objecting Parties are governed by this Court's July 13, 2012, Final Supplemental Order [Docket Number 0774] and are not subject to the Plan Injunction Provisions as set forth in the Procedural Motion.

WHEREFORE, CitiMortgage, Inc., Iraide Peruchi, and Matthew and Alexis Freitas respectfully requests that this Court sustain this Objection and issue an Order that the Title Matters asserted by the Objecting Parties are governed by this Court's July 13, 2012, Final Supplemental Order [Docket Number 0774] and are not subject to the Plan Injunction Provisions as set forth in the Procedural Motion, or such other relief as the Court deems fit.

Dated: Boston, Massachusetts
       March 11, 2015

      /s/ Jeffrey B. Loeb
Jeffrey B. Loeb, Esq.
*Admitted Pro Hac Vice*
RICH MAY, PC
176 Federal Street
Boston, MA  02110-2223
T - (617) 556-3871

   -and-

Drake Loeb, PLLC
555 Hudson Valley Avenue, Suite 100
New Windsor, New York 12553
(845) 561-0550 telephone
(845) 561-1235 facsimile
Timothy P. McElduff, Jr., Esq. (TPM-5230)