COMMONWEALTH OF MASSACHUSETTS

SUFFOLK, SS

SUPERIOR COURT DEPT.
C.A. NO. SUCV2012-03708-G

| | |
|---|---|
| CitiMortgage, Inc., | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) |
| | ) |
| Richard J.J. Manchester, | ) |
| GMAC Mortgage, LLC, | ) |
| RBS Citizens, N.A., | ) |
| and Jami A. Rodger, | ) |
| | ) |
| Defendants. | ) |

## FIRST AMENDED COMPLAINT

1.    CitiMortgage, Inc. ("CitiMortgage"), the Plaintiff in the above captioned Action, is a New York corporation with a usual place of business located at 1000 Technology Drive, O'Fallon, MO.

2.    Richard J.J. Manchester ("Manchester"), a Defendant in the above captioned Action, is an individual residing at 71 South Street, Jamaica Plain, Suffolk County, Massachusetts.

3.    GMAC Mortgage, LLC ("GMAC Mortgage"), a Defendant in the above captioned Action, is a Delaware limited liability company with a usual place of business located at 1100 Virginia Drive, Fort Washington, PA.

4.    RBS Citizens, N.A. ("Citizens"), a Defendant in the above captioned Action, is a national banking association with a usual place of business located at 28 State Street, Boston, MA.

1

5.      Jami A. Rodger ("Rodger"), a Defendant in the above captioned Action, is an

individual residing at 302 South Street, Unit 2, Jamaica Plain, Suffolk County, Massachusetts

(the "Property").

6.      On or about September 14, 2000, Manchester acquired title to the Property.

7.      On or about October 1, 2004, Manchester granted a mortgage on the Property (the

"Manchester Mortgage") to Mortgage Electronic Registration Systems, Inc. ("MERS") as

nominee for GMAC Bank.

8.      On or about June 1, 2005, Manchester granted a mortgage on the Property to

Citizens Bank of Massachusetts (the "Citizens Mortgage") to secure a home equity line of credit.

9.      Citizens is the successor-in-interest to Citizens Bank of Massachusetts.

10.     On or about December 26, 2007, GMAC Mortgage commenced foreclosure

proceedings in connection with the Manchester Mortgage by publishing a legal notice of its

intent to conduct a sale by public auction.

11.     A foreclosure auction was held on or about January 17, 2008.

12.     GMAC Mortgage made entry on or about January 17, 2008.

13.     On or about January 23, 2008, GMAC Mortgage executed a foreclosure deed to

Federal National Mortgage Association ("FNMA") which is recorded in the Suffolk County

Registry of Deeds at Book 43095, Page 52 (a copy of which is attached hereto as Exhibit 1).

14.     On or about February 6, 2008, MERS executed an assignment of the Manchester

Mortgage to GMAC Mortgage.  (A copy of the assignment as recorded in the Suffolk County

Registry of Deeds at Book 43095, Page 47 is attached hereto as Exhibit 2).

2

15.    On or about May 14, 2008, FNMA conveyed the Property to Rodger pursuant to
the terms of a quitclaim deed recorded in the Suffolk County Registry of Deeds at Book 43553,
Page 9 (a copy of which is attached hereto as Exhibit 3).

16.    On or about September 15, 2008, Rodger granted a mortgage on the Property to
MERS as nominee for Sierra Pacific Mortgage Company, Inc. (the "Rodger Mortgage"), which
mortgage is recorded in the Suffolk County Registry of Deeds at Book 44048, Page 314 (a copy
of which is attached hereto as Exhibit 4).

17.    On or about February 23, 2010, the Rodger Mortgage was assigned from MERS
to CitiMortgage pursuant to the terms of an assignment of mortgage recorded in the Suffolk
County Registry of Deeds at Book 46110, Page 68.

<div align="center">Count I</div>

18.    The Plaintiff realleges the allegations set forth in paragraphs 1 through 17,
inclusive, as if fully set forth herein.

19.    Throughout the foreclosure process GMAC Mortgage represented that it was the
holder of the Manchester Mortgage.

20.    The transfer of the Manchester Mortgage from MERS to GMAC Mortgage took
place prior to the execution of the recorded assignment of the Manchester Mortgage.

21.    GMAC Mortgage was the holder of the Manchester Mortgage no later than the
commencement of the foreclosure proceedings.

WHEREFORE, CitiMortgage, Inc., the Plaintiff in the above captioned Action,
respectfully requests that this Court issue an Order determining and declaring as follows:

<div align="center">3</div>

A)    The foreclosure conducted by GMAC Mortgage was proper and title to the
Property passed to FNMA pursuant to the terms of the foreclosure deed recorded in the Suffolk
County Registry of Deeds at Book 43095, Page 52;

B)    The foreclosure conducted by GMAC Mortgage was proper and title to the
Property passed to Rodger pursuant to the terms of the quitclaim deed recorded at the Suffolk
County Registry of Deeds at Book 43553, Page 9;

C)    The foreclosure conducted by GMAC Mortgage was proper and the Citizens
Mortgage was extinguished thereby;

D)    CitiMortgage has a valid mortgage on the Property described in the
mortgage recorded at the Suffolk County Registry of Deeds at Book 44048, Page 314; and

E)    Such other and further relief as this Court deems just and appropriate.

<u>Count II</u>

22.    The Plaintiff realleges the allegations set forth in paragraphs 1 through 17,
inclusive, as is fully set forth herein.

23.    The foreclosure conducted by GMAC Mortgage was defective.

24.    When GMAC Mortgage executed and delivered the foreclosure deed to FNMA,
it intended to transfer whatever right, title and interest it had in the Property.

25.    When GMAC Mortgage executed and delivered the foreclosure deed to FNMA,
it transferred whatever right, title and interest it had in the Property.

26.    When GMAC Mortgage was assigned an interest in the Manchester Mortgage,
that interest was conveyed to FNMA by virtue of the doctrine of estoppel by deed.

27.    When FNMA executed and delivered the deed to Rodger it intended to transfer
whatever right, title, and interest it had in the Property.

4

28.    When FNMA executed and delivered the deed to Rodger it transferred whatever

right, title, and interest it had in the Property.

29.    When Rodger executed and delivered the Rodger Mortgage to MERS he

intended to transfer to it whatever right, title and interest he had in the Property.

30.    When Rodger executed and delivered the Rodger Mortgage to MERS he

transferred to transfer to it whatever right, title and interest he had in the Property

31.    CitiMortgage is MERS' successor in interest.

32.    There is a dispute among the parties as to their interest in the Property.

WHEREFORE, CitiMortgage, the Plaintiff in the above captioned Action, respectfully

requests that this Court issue an Order determining and declaring as follows:

A)    The deeds recorded at the Suffolk County Registry of Deeds at Book 43095,

Page 52 and Book 43553, Page 9 operate as assignments of the mortgage recorded at the Suffolk

County Registry of Deeds at Book 35650, Page 211, resulting in Rodger holding a mortgage on

any interest in the Property remaining in Manchester;

B)    The mortgage recorded at the Suffolk County Registry of Deeds at Book

44048, Page 314 collaterally assigns to CitiMortgage any and all interest in the Property held by

Rodger; and

C)    Such other and further relief as this Court deems just and appropriate.

## Count III

33.    The Plaintiff realleges the allegations set forth in paragraphs 1 through 17,

inclusive, as if fully set forth herein.

34.    The foreclosure conducted by GMAC Mortgage was defective.

35.    When GMAC Mortgage executed and delivered the foreclosure deed to FNMA, it intended to transfer whatever right, title and interest it had in the Property.

36.    When GMAC Mortgage executed and delivered the foreclosure deed to FNMA, it transferred whatever right, title and interest it had in the Property.

37.    When GMAC Mortgage was assigned an interest in the Manchester Mortgage, that interest was conveyed to FNMA by virtue of the doctrine of estoppel by deed.

38.    When FNMA executed and delivered the deed to Rodger it intended to transfer whatever right, title, and interest it had in the Property.

39.    When FNMA executed and delivered the deed to Rodger it transferred whatever right, title, and interest it had in the Property.

40.    When Rodger executed and delivered the Rodger Mortgage to MERS he intended to transfer to it whatever right, title and interest he had in the Property.

41.    When Rodger executed and delivered the Rodger Mortgage to MERS he transferred to it whatever right, title and interest he had in the Property

42.    CitiMortgage is MERS' successor in interest.

43.    There is a dispute among the parties as to their interest in the Property.

WHEREFORE, M&T Bank, the Plaintiff in the above captioned Action, respectfully requests that this Court issue an Order determining and declaring as follows:

A)    The deeds recorded at the Suffolk County Registry of Deeds at Book 43095, Page 52 and Book 43553, Page 9 operate as assignments of the mortgage recorded at the Suffolk County Registry of Deeds at Book 35650, Page 211, resulting in Rodger holding a mortgage on any interest in the Property remaining in Manchester;

B)    The mortgage recorded at the Suffolk County Registry of Deeds at Book

44048, Page 314 grants a lien, held by CitiMortgage, on any and all interests in the Property held

by Rodger; and

C)    Such other and further relief as this Court deems just and appropriate.

Respectfully submitted,
The Plaintiff,
By its attorneys,

_____
Jeffrey B. Loeb, BBO # 546916
David Glod, BBO# 676859
Rich May, a Professional Corporation
176 Federal Street, 6th Floor
Boston, MA  02110
(617) 556-3800
jloeb@richmaylaw.com
dglod@richmaylaw.com

Dated: October 3, 2012

7

## CERTIFICATE OF SERVICE

I, Jeffrey, B. Loeb, counsel for the Plaintiff herein, hereby certify that I served a copy of the within document by delivering the same, via first-class mail, to the following parties:

Richard J.J. Manchester
71 South Street
Jamaica Plain, MA

GMAC Mortgage, LLC
1100 Virginia Drive
Fort Washington, PA

RBS Citizens, NA
28 State Street
Boston, MA

Jami A. Rodger
302 South Street, Unit 2
Jamaica Plain, MA

Dated: October 3L , 2012

Jeffrey B. Loeb

\\datastore\RMDATA\Clients\C-84015\Rodger\First Amended Complaint.doc

Bk: 43095 Pg: 52



Bk: 43095 Pg: 52    Doc: FDD
Page: 1 of 4    02/13/2008 11:02 AM



*Attested hereto*
*Francis M. Roache*
*Register of Deeds*

## MASSACHUSETTS FORECLOSURE DEED BY CORPORATION

GMAC Mortgage, LLC, a Limited Liability Company duly established under the laws of the State of

Delaware and having its usual place of business at 1100 Virginia Drive, P.O. Box 8300, Fort

Washington, PA 19034 the current holder by assignment of a mortgage from    Richard J.J.

Manchester to    Mortgage Electronic Registration Systems, Inc. dated    October 1, 2004 and

recorded with the Suffolk County Registry of Deeds at Book 35650, Page 211, by the power conferred

by said mortgage and every other power for TWO HUNDRED THREE THOUSAND AND 00/100

($203,000.00) DOLLARS paid, grants to Federal National Mortgage Association, 1900 Market

Street, Suite 800, Philadelphia, PA 19103-0012 , the premises conveyed by said mortgage.

The grantee is exempt from paying the Massachusetts state excise stamp tax by virtue of 12
United States Code §1452, §1723a, or §1825.

WITNESS  the execution and the corporate seal of said corporation this    23    day
of  January, 2008.

GMAC Mortgage, LLC, by Harmon Law Offices,
P.C. under Limited Power of Attorney*

By:  _____
Thomas J. Walsh Attorney in Fact*

*For signatory authority, please see Limited Power of Attorney recorded with the Suffolk County
Registry of Deeds at Book 42124, Page 52.

## Commonwealth of Massachusetts

Middlesex, ss.                                                       January  23  , 2008

On this  23 day of January 2008, before me, the undersigned notary public, personally appeared

Thomas J. Walsh, proved to me through satisfactory evidence of identification, which were

personal knowledge, to be the person whose name is signed on the preceding or attached

document, and acknowledged to me that he signed it voluntarily for its stated purpose.

Capacity: (as  A ttorney in Fact*
for    GMAC Mortgage, LLC, by Harmon Law Offices, P.C. under Limited Power of Attorney*)

_____  (Affix Seal)
Notary Signature
My commission expires:   7 -14-11

CHAPTER 183 SEC. 6 AS AMENDED BY CHAPTER 497 OF 1969
Every deed presented for record shall contain or have endorsed upon it the full name, residence and post office address of
the grantee and a recital of the amount of the full consideration thereof in dollars or the nature of the other consideration therefor, if not
delivered for a specific monetary sum. The full consideration shall mean the total price for the conveyance without deduction for any
liens or encumbrances assumed by the grantee or remaining thereon. All such endorsements and recitals shall be recorded as part of
the deed. Failure to comply with this section shall not affect the validity of any deed. No register of deeds shall accept a deed for
recording unless it is in compliance with the requirements of this section.

Harmon Law Offices, P.C.
PO Box 610389
NEWTON HIGHLANDS, MA 02461-0389

200703-1428                    FCL

/Foreclosure/Mass-FCL/Manchester, Richard

<div style="writing-mode: vertical">Property Address: 302 South Street, Unit 2, 302 South Street, Condominium,
Jamaica Plain (Boston), MA 02130</div>

Bk: 43095 Pg: 63

## AFFIDAVIT

I, Thomas J. Walsh, Attorney in Fact* of GMAC Mortgage, LLC make oath and say that the principal and interest obligation mentioned in the mortgage above referred to were not paid or tendered or performed when due or prior to the sale, and that GMAC Mortgage, LLC caused to be published on December 26, 2007, January 2, 2008 and January 9, 2008 in the Boston Herald, a newspaper published or by its title page purporting to be published in Boston and having a circulation therein, a notice of which the following is a true copy, (See attached Exhibit A)

I also complied with Chapter 244, Section 14 of the Massachusetts General Laws, as amended, by mailing the required notices certified mail, return receipt requested.

Pursuant to said notice at the time and place therein appointed GMAC Mortgage, LLC sold the mortgaged premises at public auction by Ed Sweeney, a duly licensed auctioneer, to GMAC Mortgage, LLC for TWO HUNDRED THREE THOUSAND AND 00/100 ($203,000.00) DOLLARS bid by GMAC Mortgage, LLC, being the highest bid made therefor at said auction. Said bid was then assigned by GMAC Mortgage, LLC to Federal National Mortgage Association, as evidenced by assignment of bid to be recorded herewith as Exhibit 'B'.

GMAC Mortgage, LLC by Harmon Law
Offices, P.C. under Limited Power of
Attorney*

By: _____
Thomas J. Walsh Attorney in Fact*

*For signatory authority, please see Limited Power of Attorney recorded with the Suffolk County
Registry of Deeds at Book 42124, Page 52.

Commonwealth of Massachusetts

200703-1428                    FCL            /Affidavit MA/Manchester, Richard

Bk: 43095 Pg: 64

Middlesex, ss.                                        January 23, 2008

On this 23 day of January 2008, before me, the undersigned notary public, personally
appeared Thomas J. Walsh, proved to me through satisfactory evidence of identification, which
were personal knowledge, to be the person whose name is signed on the preceding or attached
document, and acknowledged to me that he signed it voluntarily for its stated purpose.

Capacity: (as _Attorney in Fact*

for___GMAC Mortgage, LLC by Harmon Law Offices, P.C. under Limited Power of Attorney*)

_____ (Affix Seal)
Notary Signature

My commission expires: 2-14-14

Bk: 43095 Pg: 55

# EXHIBIT A



Bk: 43095 Pg: 56



2008 00015545
Bk: 43095 Pg: 56    Doc: AST
Page: 1 of 1    02/13/2008 11:02 AM



Attested hereto
Francis M. Roache
Register of Deeds

### EXHIBIT "B"

### ASSIGNMENT OF BID

Newton, MA                                                        February    , 2008

Middlesex, ss.

For good and valuable consideration, I,    Andrew S. Harmon, Attorney in Fact*  of GMAC

Mortgage, LLC, hereby assign GMAC Mortgage, LLC's bid and all of its right, title and interest in

and to and under a Memorandum of Sale of Real Property by Auctioneer, dated January 17, 2008

in connection with premises situated at 302 South Street, Unit 2, 302 South Street Condominium,

Jamaica Plain (Boston), MA 02130 which is the subject of a mortgage given by Richard J.J.

Manchester to Mortgage Electronic Registration Systems, Inc. dated October 1, 2004 and

recorded with Suffolk County Registry of Deeds in Book 35650, Page 211 to:

Federal National Mortgage Association
1900 Market Street, Suite 800, Philadelphia, PA  19103-0012

This Assignment is made without recourse, and subject to all terms and conditions contained in

the said Memorandum of Sale, and Additional Terms, and Notices of Mortgagee's Sale of Real

Estate.

By:    GMAC Mortgage, LLC by Harmon Law Offices, P.C.
under Limited Power of Attorney*

Andrew S. Harmon Attorney in Fact*

*For signatory authority, please see Limited Power of Attorney recorded with the Suffolk County
Registry of Deeds at Book 42124, Page 52.

Commonwealth of Massachusetts
Middlesex, SS.                                                    February    11  , 2008

On this  11  day of February  2008, before me, the undersigned notary public, personally

appeared Andrew S. Harmon, proved to me through satisfactory evidence of identification, which

were _____ personal knowledge, to be the person whose name is signed on the preceding or

attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

Capacity: (as  Attorney in Fact*
for____GMAC Mortgage, LLC by Harmon Law Offices, P.C. under Limited Power of Attorney*)

_____ (Affix Seal)
Notary Signature
My commission expires:  2-14-11

Harmon Law Offices, P.C.
PO Box 610339
NEWTON HIGHLANDS, MA 02461-0389
/Assignment of Bid/Manchester, Richard

200703-1428                                    FCL

Bk: 43095 Pg: 47



Bk: 43095 Pg: 47     Doc: AST
Page: 1 of 1    02/13/2008 11:02 AM



### ASSIGNMENT OF MORTGAGE

Mortgage Electronic Registration Systems, Inc., P.O. Box 2026, Flint, MI 48501, holder of a mortgage from Richard J.J. Manchester to Mortgage Electronic Registration Systems, Inc. dated October 1, 2004, recorded with the Suffolk County Registry of Deeds at Book 35650, Page 211 assigns said mortgage and the note and claim secured thereby to GMAC Mortgage, LLC., 1100 Virginia Drive, P.O. Box 8300, Fort Washington, PA 19034, without recourse

IN WITNESS WHEREOF, the said Mortgage Electronic Registration Systems, Inc. has caused its corporate seal to be hereto affixed and these presents to be signed, in its name and behalf by Andrew S. Harmon, Assistant Secretary and Vice President*

this  1/  day of February, 2008

Mortgage Electronic Registration Systems, Inc.

By: _____
Andrew S. Harmon, Assistant Secretary and Vice President*

*For signatory authority, please see Corporate Resolution recorded with the Suffolk County Registry of Deeds at Book 28934, Page 1.

The Commonwealth of Massachusetts

Middlesex, ss                                        February 16 , 2008

On this  16  day of February 2008,  before me, the undersigned notary public, personally appeared Andrew S. Harmon,  proved to me through satisfactory evidence of identification, which were personal knowledge,  to be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

Capacity: (as Assistant Secretary and Vice President*
for Mortgage Electronic Registration Systems, Inc. )

_____ (Affix Seal)
Notary Signature
My commission expires: 2-14-14

200703-1428

Harmon Law Offices, P.C.
PO Box 610389
NEWTON HIGHLANDS, MA 02461-0389

Property Address: 302 South Street, Unit 2, 302 South Street Condominium,
Jamaica Plain (Boston), MA 02130

«Matter»                          «MPTeamDeptAbbrev»          «DocCab»/«Document»/«Primary Page»

Bk: 43553 Pg: 9

3ps

Bk: 43553 Pg: 9    Doc: UD
Page: 1 of 8    06/20/2008 01:56 PM

Attested hereto

*Francis M. Roache*

Francis M. Roache
Register of Deeds

## CONDOMINIUM QUITCLAIM DEED

Federal National Mortgage Association d/b/a Fannie Mae, 14221 Dallas Parkway, Suite 1000, Dallas, Texas 75254

in full consideration of **TWO HUNDRED TWENTY FOUR THOUSAND TWENTY AND 68/100 ($224,020.68) DOLLARS** paid

grants to    Jami A. Rodger    Individually, of 302 South Street, Unit 2, 302 South Street Condominium Jamaica Plain (Boston), MA 02130

with QUITCLAIM COVENANTS

### See Attached Legal Description

Said premises are conveyed subject to and with the benefit of easements, restrictions,
reservations and rights of way of record so far as the same are now in force and applicable.

This conveyance does not constitute a transfer of all or substantially all of the assets of Federal National Mortgage Association in Massachusetts.

For title see Foreclosure Deed dated January 23, 2008    and recorded with the Suffolk County Registry of Deeds in Book 43095, Page 52

Witness the execution and the corporate seal of said corporation this    14th    day of    May    , 2008

Federal National Mortgage Association

By: *Lony-Ann Spelman*
Lony-Ann Spelman of Harmon Law Offices, P.C., Attorney in Fact*

*For Authority please see Limited Power of Attorney Registered with the Suffolk County Registry District of the Land Court as Document No. 749988. Please also see Certificate of Resolution Registered as Document No. 749989.

RETURN: JAMI RODGER
302 SOUTH ST. UNIT 2
JAMAICA PLAIN, MA 02130

Property address: 302 South Street, Unit 2, 302 South Street Condominium, Jamaica Plain (Boston), MA

Bk: 43553 Pg: 10

## COMMONWEALTH OF MASSACHUSETTS

Norfolk, ss                                                    May 14, 2008

On this __14th__ day of __May_____ 20_08___, before me, the
undersigned notary public, personally appeared _____ Lony-Ann   Spelman
___, proved to me through satisfactory evidence of identification, which were_ Personal
Knowledge_____, to be the person whose name is signed on the preceding or
attached document, and acknowledged to me that she signed it voluntarily for its stated
purpose.

Capacity: (as _Attorney in Fact_____
for___ Federal National Mortgage Association)

_____ (Affix Seal)
Notary Signature

My commission expires:  __September 20, 2013_____

Bk: 44048 Pg: 314

Peter R. Fenn & Assoc.
71 South St.
Jamaica Plain, MA 02130

This Instrument Was Prepared By:

STANARD, ANTHONY
SIERRA PACIFIC MORTGAGE COMPANY, INC.
50 IRON POINT CIRCLE, STE 200
FOLSOM, CA   95630
916-932-1700

When Recorded Mail To:
MIP INSURING DEPARTMENT
SIERRA PACIFIC MORTGAGE COMPANY, INC.
50 IRON POINT CIRCLE, STE 200
FOLSOM, CA   95630
916-932-1700

Bk: 44048 Pg: 314    Doc: MTG
Page: 1 of 17    09/19/2008 11:32 AM

Attested hereto

Francis M. Roache
Register of Deeds

[Space Above This Line For Recording Data]

Loan No:      0000588975
Parcel ID No:  19-02816-004

# MORTGAGE

MIN:   1000703-0000588975-0

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in Sections 3, 11, 13, 18, 20 and 21. Certain rules regarding the usage of words used in this document are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated   SEPTEMBER 15, 2008
together with all Riders to this document.

(B) "Borrower" is   JAMI A. RODGER

Borrower is the mortgagor under this Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc. MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's successors and assigns. MERS is the mortgagee under this Security Instrument. MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P. O. Box 2026, Flint, Michigan 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is   SIERRA PACIFIC MORTGAGE COMPANY, INC.

Lender is a   CORPORATION   organized and existing under the laws of   CALIFORNIA
Lender's address is     50 IRON POINT CIRCLE, STE 200, FOLSOM, CA   95630

MASSACHUSETTS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS          Form 3022 1/01
DRAW.MERS.MA.CVL.DT.1.WPF (0101DOCS\DEEDS\CVL\MA_MERS.CVL)                     (page 1 of 13 pages)

Bk: 44048 Pg: 315

(D-1) "Mortgage Broker" is  *FIRST STAR FINANCIAL CORP DBA NAVIGATOR MORTGAGE*
Mortgage Broker's post office address is  *9 HAMILTON PLACE #300*
               *BOSTON, MA 02108*                                          , and
Mortgage Broker's license number is  *MB1401*
(D-2) "Mortgage Loan Originator" is  *MOLLY MCCULLOUGH*
Mortgage Loan Originator's post office address is  *9 HAMILTON PLACE #300*
               *BOSTON, MA 02108*
and Mortgage Loan Originator's license number is      *UNKNOWN*
(E) "Note" means the promissory note signed by Borrower and dated    *SEPTEMBER 15, 2008*
The Note states that Borrower owes Lender
   *TWO HUNDRED FORTY-FIVE THOUSAND FIVE HUNDRED and NO/100————*        Dollars
(U.S. $   *245,500.00*        ) plus interest. Borrower has promised to pay this debt in regular Periodic
Payments and to pay the debt in full not later than    *OCTOBER 1, 2038*

(F) "Property" means the property that is described below under the heading "Transfer of Rights in the Property."
(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late charges due under the Note, and all sums due under this Security Instrument, plus interest.
(H) "Riders" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

[  ] Adjustable Rate Rider       [xx] Condominium Rider              [  ] Second Home Rider
[  ] Balloon Rider               [  ] Planned Unit Development Rider [X] Other(s) [specify]
[  ] 1-4 Family Rider            [  ] Biweekly Payment Rider              *Exhibit "A"*
[  ] V. A. Rider

(I) "Applicable Law" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.
(J) "Community Association Dues, Fees, and Assessments" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.
(K) "Electronic Funds Transfer" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.
(L) "Escrow Items" means those items that are described in Section 3.
(M) "Miscellaneous Proceeds" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.
(N) "Mortgage Insurance" means insurance protecting Lender against the nonpayment of, or default on, the Loan.
(O) "Periodic Payment" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.
(P) "RESPA" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter.

*Loan No: 0000588975*

MASSACHUSETTS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS          Form 3022 1/01
DRAW.MERS.MA.CVL.DT.2.WPF (0101DOCS\DEEDS\CVL\MA_MERS.CVL)                              *(page 2 of 13 pages)*

Bk: 44048 Pg: 326

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

| | |
|---|---|
| _____ (Seal) | _____ (Seal) |
| JAMI A. RODGER -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |
| _____ (Seal) | _____ (Seal) |
| -Borrower | -Borrower |

*Loan No: 0000588975*

COMMONWEALTH OF MASSACHUSETTS,                                         County ss:

On this ___15th___ day of ___September___, 2008_____, before me, the undersigned notary public,  personally appeared

Jami A. Rodger

proved to me through satisfactory evidence of identification, which were___VALID LICENSE___
_____ to be the person whose name is signed on the preceding or attached document and acknowledged to me that (he) (she) signed it voluntarily for its stated purpose.

_____
Notary Public
My Commission Expires:_____

**KIMBERLY A. FISHER**
Notary Public
Commonwealth of Massachusetts
My Commission Expires
July 13, 2012

MASSACHUSETTS--Single Family--Fannie Mae/Freddie Mac UNIFORM INSTRUMENT with MERS

DRAW.MERS.MA.CVL.DT.13.WPF (0101DOCS\DEEDS\CVL\MA_MERS.CVL)

Form 3022 1/01
*(page 13 of 13 pages)*