COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| SUFFOLK, SS | LAND COURT DEPT<br>MISC NO. _____ |

|  |  |
|---|---|
| IRAIDE PERUCHI,                              )<br>                                                            )<br>            Plaintiff,                            )<br>v.                                                        )<br>                                                            )<br>GMAC MORTGAGE, LLC,              )<br>MARCO MIRANDA, and              )<br>CITIZENS BANK OF MASSACHUSETTS, )<br>                                                            )<br>            Defendants.                       )<br>                                                            ) | |

# COMPLAINT

1.  Iraide Peruchi ("Peruchi") the Plaintiff in the above-captioned Action, believes himself to be the owner of property located at 29 Wilson Avenue, Framingham, Middlesex County, Massachusetts (the "Property").

2.  Marco Miranda ("Miranda"), a Defendant in the above-captioned Action, is an individual residing at 3242 47th Street, Astoria, New York.

3.  Citizens Bank of Massachusetts ("MERS"), a Defendant in the above-captioned Action, purports to be a savings bank with its usual place of business located at 28 State St. Boston, Suffolk County, Massachusetts.

4.  GMAC Mortgage, LLC ("GMAC"), a Defendant in the above-captioned Action, is a limited liability company with a usual place of business located at 500 Enterprise Road, Suite 150, Horsham, PA.

5.  On or about July 23, 2008, Miranda purchased the Property.

1

6. On or about March 9, 2004, Miranda granted a mortgage on the Property to MERS as nominee for Reliant Mortgage, which is recorded in the Middlesex South Registry of Deeds at Book 42202, Page 421 (the "Mortgage").

7. On or about May 17, 2006, Miranda granted a second mortgage on the Property to Citizens Bank of Massachusetts, which is recorded in the Middlesex South Registry of Deeds at Book 4746, Page 225.

8. On or about August 1, 2007, GMAC commenced foreclosure proceedings in connection with the Mortgage by publishing a legal notice of its intent to conduct a sale by public auction.

9. A foreclosure auction was held on August 23, 2007, and entry was made by GMAC on that date.

10. On or about November 27, 2007, the Mortgage was assigned from MERS to GMAC.

11. The effective date of the assignment was June 7, 2007.

12. On or about January 8, 2008, GMAC conveyed the Property to Federal Home Loan Mortgage Corporation pursuant to the terms of a deed recorded in the Middlesex South Registry of Deeds at Book 50668, Page 37.

13. On or about July 23, 2008, Federal Home Loan Mortgage Corporation conveyed the Property to Arun Modh pursuant to the terms of a deed recorded in the Middlesex South Registry of Deeds at Book 51474, Page 260.

14. On or about August 27, 2012, Modh conveyed the Property to the Plaintiff pursuant to the terms of a deed recorded in the Middlesex South Registry of Deeds at Book 59847, Page 383.

## COUNT I

15.    The Plaintiff realleges the allegations set forth in Paragraphs 1 through 14, inclusive, as if fully set forth herein.

16.    Throughout the foreclosure process, GMAC represented that it was the holder of the Mortgage.

17.    The transfer of the Mortgage to GMAC took place prior to the commencement of foreclosure proceedings by GMAC.

18.    GMAC was the holder of the Mortgage no later than the commencement of the foreclosure proceedings.

WHEREFORE, Iraide Peruchi, the Plaintiff in the above-captioned Action, respectfully requests that this Court issue an Order determining and declaring that the foreclosure conducted by GMAC was proper and title to the Property passed to Peruchi pursuant to the terms of the quitclaim deed recorded in the Middlesex South Registry of Deeds at Book 59847, Page 383, and award such other and further relief as the Court deems just and appropriate.

## COUNT II

19.    The Plaintiff realleges the allegations set forth in Paragraphs 1 through 13, inclusive, as if fully set forth herein.

20.    If the foreclosure was not effective then GMAC became the holder of the Mortgage following the foreclosure.

21.    The quitclaim deed from GMAC to the Plaintiff constituted an assignment of the Mortgage.

22.    Miranda has breached the covenants of the Mortgage, including by non-payment thereof.

WHEREFORE, Iraide Peruchi, the Plaintiff in the above-captioned Action, respectfully requests that this Court issue:

A)  A declaration that the Plaintiff is the holder of the Mortgage, that Miranda has defaulted under the Mortgage and that the Plaintiff has the present right to exercise all rights and remedies in the Mortgage arising after default, including without limitation foreclosure by entry or by sale;

B)  A final injunction ordering that GMAC, and its agents and attorneys, turn over to the Plaintiff the original promissory note and loan records evidencing, at a minimum, payments made on the loan secured by the Mortgage, loan balances, information on how said balances were calculated, notices of default and of acceleration of the Mortgage and/or the loan secured thereby; and

C)  Such other and further relief as this Court deems just and appropriate.

## COUNT III

23.  The Plaintiff realleges the allegations set forth in Paragraphs 1 through 12, inclusive, as if fully set forth herein.

24.  The Plaintiff is the assignee and holder of the Mortgage as more particularly described in said mortgage.

25.  Miranda is not in the military service within the meaning of the Servicemembers Civil Relief Act.

26.  On information and belief, Miranda is the only person with an interest in the equity of redemption of the Property covered by the Mortgage so far as appears of record in the said Registry of Deeds or as known to the Plaintiff.

27.   The Plaintiff seeks to foreclose the Mortgage to protect his interest as secured thereby for breach of the conditions thereof and desire to comply with the provisions of the Servicemembers Civil Relief Act.

28.   A mortgagee's affidavit executed by the Plaintiff is filed herewith.

WHEREFORE, the Plaintiff in the above-captioned Action respectfully requests that this Court:

A)   Issue an order of notice ordering the Defendant Miranda to appear and answer this Complaint;

B)   Enter judgment declaring that the Plaintiff is the sole holder of the first mortgage on the land and buildings located at 29 Wilson Ave, Framingham, Massachusetts granted by Miranda and recorded in the Middlesex South Registry of Deeds at Book 42202, Page 421;

C)   Enter a final injunction ordering that GMAC, and its agents and attorneys, turn over to the Plaintiff the original promissory note and loan records evidencing, at a minimum, payments made on the loan secured by the Mortgage, loan balances, information on how said balances were calculated, notices of default and of acceleration of the Mortgage and/or the loan secured thereby;

D)   Enter judgment declaring that Miranda has breached the covenants of said Mortgage and are in default thereunder;

E)   Enter judgment declaring that as the holder of said Mortgage, the Plaintiff is entitled to exercise all rights and remedies in the Mortgage arising after default, including without limitation foreclosure by entry and/or by sale;

F)   Enter judgment that the record owner is not entitled to the benefits of the Servicemembers Civil Relief Act;

5

G) Enter judgment authorizing the Plaintiff to make entry for the purpose of foreclosing and authorizing the Plaintiff to foreclose the Mortgage by sale under the power therein contained;

H) Award Plaintiff his costs, including reasonable attorneys' fees, and;

I) Grant Plaintiff such other relief as the Court deems just and equitable.

## COUNT IV

29. The Plaintiff realleges the allegations set forth in paragraphs 1 through 28, inclusive, as if fully set forth herein.

30. The Plaintiff is the holder of the Mortgage.

31. Miranda is in default under their obligations under the Mortgage.

32. The Plaintiff is entitled to foreclose on the Mortgage.

33. GMAC received $255,966.27 from the Federal Home Loan Mortgage Corporation in exchange for its rights in the Property.

34. Notwithstanding the fact that GMAC received $255,966.27 for its rights in the Property it has refused to turn over to the Plaintiff the underlying promissory note.

35. Where GMAC has transferred its rights in the Property it has no right to refuse to turn over the underlying promissory note.

WHEREFORE, the Plaintiff in the above captioned Action respectfully requests that this Court issue an Order determining and declaring as follows:

A) The Mortgage was not extinguished by the foreclosure auction and is still an encumbrance on the Property;

B) The deeds recorded at the Middlesex South Registry of Deeds at Book 50568, Page 37, Book 51474, Page 260, and Book 59647, Page 383 operate as assignments of the

mortgage recorded at the Middlesex South Registry of Deeds at Book 42202, Page 421, resulting in the Plaintiff holding a mortgage on any interest in the Property remaining in Miranda;

    C)    GMAC is to turn over to the Plaintiff the original promissory note and loan records evidencing, at a minimum, payments made on the loan secured by the Mortgage, loan balances, information on how said balances were calculated, notices of default and of acceleration of the Mortgage and/or the loan secured thereby; and

    D)    Such other and further relief as this Court deems just and appropriate.

> Respectfully submitted,
> The Plaintiff,
> By his attorneys,
>
> _____
> Jeffrey B. Loeb, BBO# 546916
> David Glod, BBO# 676859
> Rich May, P.C.
> 176 Federal Street, 6th Floor
> Boston, MA 02110
> (617) 556-3800
> jloeb@richmaylaw.com
> dglod@richmaylaw.com

Dated: May ___, 2013

\\datastore\rmdata\clients\t-84128\modh\complaint.doc