COMMONWEALTH OF MASSACHUSETTS

| | |
|---|---|
| BRISTOL, SS | LAND COURT DEPT<br>MISC NO. _____ |

|  |  |
|---|---|
| MATTHEW FREITAS and<br>ALEXIS FREITAS,<br><br>  Plaintiffs,<br>v.<br><br>GREGORY TETREAULT and<br>GMAC MORTGAGE, LLC,<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

# COMPLAINT

1.   Matthew Freitas and Alexis Freitas, the Plaintiffs in the above-captioned Action, believe themselves to be the owners of property located at 43 Sanders Avenue, Seekonk, Bristol County, Massachusetts (the "Property").

2.   Gregory Tetreault ("Tetreault"), a Defendant in the above-captioned Action, is an individual residing at 7605 Pinehill Drive, Richmond, VA 23228.

3.   GMAC Mortgage, LLC ("GMAC"), a Defendant in the above-captioned Action, is a Delaware limited liability company with a usual place of business located at 1100 Virginia Drive, Fort Washington, PA 19034.

4.   On or about February 19, 2002, Tetreault purchased the Property.

5.   On or about December 15, 2004, Tetreault granted a mortgage on the Property to MERS as nominee for GMAC, which is recorded in the Bristol North Registry of Deeds at Book 14350, Page 259 (the "Mortgage").

1

6. On or about August 8, 2007, GMAC commenced foreclosure proceedings in connection with the Mortgage by publishing a legal notice of its intent to conduct a sale by public auction.

7. A foreclosure auction was held on October 5, 2007, and entry was made by GMAC on that date.

8. On or about November 20, 2007, the Assignment of Mortgage from MERS to GMAC was executed.

9. On or about January 15, 2008, GMAC conveyed the Property to David and Vanessa Araujo pursuant to the terms of a deed recorded in the Bristol North Registry of Deeds at Book 17260, Page 27.

10. On or about August 2, 2012, David and Vanessa Araujo conveyed the Property to the Plaintiffs pursuant to the terms of a deed recorded in the Bristol North Registry of Deeds at Book 20344, Page 179.

## COUNT I

11. The Plaintiffs reallege the allegations set forth in Paragraphs 1 through 10, inclusive, as if fully set forth herein.

12. Throughout the foreclosure process, GMAC represented that it was the holder of the Mortgage.

13. The transfer of the Mortgage to GMAC took place prior to the commencement of foreclosure proceedings by GMAC.

14. GMAC was the holder of the Mortgage no later than the commencement of the foreclosure proceedings.

WHEREFORE, the Plaintiffs in the above-captioned Action respectfully request that this Court issue an Order determining and declaring that the foreclosure conducted by GMAC was proper and title to the Property passed to the Plaintiffs pursuant to the terms of the quitclaim deed recorded in the Bristol North Registry of Deeds at Book 20344, Page 179, and award such other and further relief as the Court deems just and appropriate.

## COUNT II

15. The Plaintiff realleges the allegations set forth in Paragraphs 1 through 10, inclusive, as if fully set forth herein.

16. If the foreclosure was not effective then GMAC became the holder of the Mortgage following the foreclosure.

17. The foreclosure deed and the subsequent quitclaim deed to the Plaintiffs constituted an assignment of the Mortgage.

18. Tetreault has breached the covenants of the Mortgage, including by non-payment thereof.

WHEREFORE, the Plaintiffs in the above-captioned Action respectfully request that this Court issue:

A) A declaration that the Plaintiffs are the holders of the Mortgage, that Tetreault has defaulted under the Mortgage and that the Plaintiffs have the present right to exercise all rights and remedies in the Mortgage arising after default, including without limitation foreclosure by entry or by sale;

B) A final injunction ordering that GMAC, and its agents and attorneys, turn over to the Plaintiffs the original promissory note and loan records evidencing, at a minimum, payments made on the loan secured by the Mortgage, loan balances, information on how said

3

balances were calculated, notices of default and of acceleration of the Mortgage and/or the loan secured thereby; and

        C)    Such other and further relief as this Court deems just and appropriate.

### COUNT III

19.    The Plaintiffs reallege the allegations set forth in Paragraphs 1 through 10, inclusive, as if fully set forth herein.

20.    The Plaintiffs are the assignees and holders of the Mortgage as more particularly described in said mortgage.

21.    Tetreault is not in the military service within the meaning of the Servicemembers Civil Relief Act.

22.    On information and belief, Tetreault is the only person with an interest in the equity of redemption of the Property covered by the Mortgage so far as appears of record in the said Registry of Deeds or as known to the Plaintiffs.

23.    The Plaintiffs seek to foreclose the Mortgage to protect their interest as secured thereby for breach of the conditions thereof and desire to comply with the provisions of the Servicemembers Civil Relief Act.

24.    A mortgagees' affidavit executed by the Plaintiffs is filed herewith.

WHEREFORE, the Plaintiffs in the above-captioned Action respectfully request that this Court:

        A)    Issue an order of notice ordering the Defendant Tetreault to appear and answer this Complaint;

        B)    Enter judgment declaring that the Plaintiffs are the sole holders of the first mortgage on the land and buildings located at 43 Sanders Avenue, Seekonk, Massachusetts

granted by Tetreault and recorded in the Bristol North Registry of Deeds at Book 14350, Page 259;

    C)  Enter a final injunction ordering that GMAC, and its agents and attorneys, turn over to the Plaintiffs the original promissory note and loan records evidencing, at a minimum, payments made on the loan secured by the Mortgage, loan balances, information on how said balances were calculated, notices of default and of acceleration of the Mortgage and/or the loan secured thereby;

    D)  Enter judgment declaring that Tetreault has breached the covenants of said Mortgage and are in default thereunder;

    E)  Enter judgment declaring that as the holders of said Mortgage, the Plaintiffs are entitled to exercise all rights and remedies in the Mortgage arising after default, including without limitation foreclosure by entry and/or by sale;

    F)  Enter judgment that the record owner is not entitled to the benefits of the Servicemembers Civil Relief Act;

    G)  Enter judgment authorizing the Plaintiffs to make entry for the purpose of foreclosing and authorizing the Plaintiffs to foreclose the Mortgage by sale under the power therein contained;

    H)  Award Plaintiffs their costs, including reasonable attorneys' fees, and;

    I)  Grant Plaintiffs such other relief as the Court deems just and equitable.

## COUNT IV

25.  The Plaintiffs reallege the allegations set forth in paragraphs 1 through 10, inclusive, as if fully set forth herein.

26.  The Plaintiffs are the holders of the Mortgage.

27. Tetreault is in default of his obligations under the Mortgage.

28. The Plaintiffs are entitled to foreclose on the Mortgage.

29. GMAC received $243,100 from the Plaintiffs in exchange for its rights in the Property.

30. Notwithstanding the fact that GMAC received $243,100 for its rights in the Property it has refused to turn over to the Plaintiffs the underlying promissory note.

31. Where GMAC has transferred its rights in the Property it has no right to refuse to turn over the underlying promissory note.

WHEREFORE, the Plaintiffs in the above captioned Action respectfully request that this Court issue an Order determining and declaring as follows:

A) The Mortgage was not extinguished by the foreclosure auction and is still an encumbrance on the Property;

B) The deeds recorded at the Bristol North Registry of Deeds at Book 17260, Page 27 and Book 20344, Page 179 operate as assignments of the mortgage recorded at the Bristol North Registry of Deeds at Book 14350, Page 259, resulting in the Plaintiffs holding a mortgage on any interest in the Property remaining in Tetreault;

C) GMAC is to turn over to the Plaintiffs the original promissory note and loan records evidencing, at a minimum, payments made on the loan secured by the Mortgage, loan balances, information on how said balances were calculated, notices of default and of acceleration of the Mortgage and/or the loan secured thereby; and

6

      D)      Such other and further relief as this Court deems just and appropriate.

      Respectfully submitted,
      The Plaintiffs,
      By their attorneys,

_____
Jeffrey B. Loeb, BBO# 546916
David Glod, BBO# 676859
Rich May, P.C.
176 Federal Street, 6th Floor
Boston, MA  02110
(617) 556-3800
jloeb@richmaylaw.com
dglod@richmaylaw.com

Dated: May ___, 2013

\\client\k$\clients\ct-84125\freitas\complaint.doc