**Exhibit 2**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF LAUREL I. HANDLEY IN SUPPORT OF RESCAP BORROWER CLAIMS TRUST'S SUPPLEMENTAL OBJECTION AND REPLY IN SUPPORT OF ITS SIXTY-NINTH OMNIBUS OBJECTION TO CLAIMS
(NO-LIABILITY BORROWER CLAIMS) AS TO CLAIM NO. 2079 FILED BY <u>MAURICE SHARPE</u>**

I, LAUREL I. HANDLEY, ESQ. hereby declare as follows:

1.  I am an attorney at law, licensed to practice in all courts of the State of Nevada, and a partner at the law firm of Pite Duncan, LLP. I am counsel of record for GMAC Mortgage, LLC ("<u>GMACM</u>") in Case No.: A-09-602043-C, currently pending before the Eighth Judicial District of the State of Nevada ("State Court Action"), styled *Maurice Sharpe v. GMAC Mortgage, et al.*

2.  I have personal knowledge of the facts contained herein and I am competent to testify thereto.

3.  On October 20, 2009, Maurice Sharpe filed his Complaint in the State Court Action. A true and correct copy of the Complaint is attached hereto as **<u>Exhibit A</u>**. A true a correct copy of the docket for the State Court Action is attached hereto as **<u>Exhibit B</u>**.

4.  In the State Court Action, Mr. Sharpe filed a Motion for Preliminary Injunction, which was heard on January 12, 2010. The state court granted the Motion for Preliminary Injunction and ordered that Mr. Sharpe must post a bond for $35,000.00, as required by Nevada law, by January 26, 2010, to receive the injunction. Mr. Sharpe failed to post the required bond of $35,000.00 by the January 26, 2010 deadline.

1

5. Despite Mr. Sharpe having missed the court imposed deadline to post a bond in January 2010, GMACM voluntarily postponed its pending foreclosure sale until April 23, 2010. During this time Sharpe could have sought leave to post or reduce the amount of the required bond. Mr. Sharpe failed to do so, thus allowing the foreclosure to proceed.

6. On June 29, 2010, as part of the State Court Action, GMACM took the deposition of Maurice Sharpe. A true and correct copy of relevant portions of the Deposition Transcript is attached hereto as **Exhibit C**.

7. On August 24, 2010, Fidelity National Title Agency of Nevada, Inc. ("Fidelity"), a defendant in the State Court Action, produced a copy of Maurice and Tracy Sharpe's February 16, 2008, through March 17, 2008, and March 18, 2008, through April 15, 2008, Bank Statements, which were identified in its Second Supplement to Initial Disclosure of Witnesses and Documents and Bates Stamped as "FNT000198-FNT000206". A true and correct copy of the February 16, 2008, through March 17, 2008, and March 18, 2008, through April 15, 2008 Bank Statements are attached hereto as **Exhibit D**.

8. On August 24, 2010, Fidelity produced in the State Court Action a copy of Maurice and Tracy Sharpe's Washington Mutual Bank Individual/Joint Master Account Agreement dated December 10, 2004, which was identified in its Second Supplement to Initial Disclosure of Witnesses and Documents and Bates Stamped as "FNT000294". A true and correct copy of the Individual/Joint Master Account Agreement is attached hereto as **Exhibit E**.

9. On February 24, 2010, GMACM produced in the State Court Action a copy of the Grant, Bargain and Sale Deed, which was identified in its Initial List of Witnesses and Production of Documents and Bates Stamped as "GMAC0477-GMAC0479". A true and correct copy of the Grant, Bargain and Sale Deed is attached hereto as **Exhibit F**.

10. On August 27, 2010, Fidelity produced in the State Court Action a certified copy of the October 24, 2005, Deed of Trust, which was identified in its Third Supplement to Initial Disclosure of Witnesses and Documents and Bates Stamped as "FNT000310-FNT000324". A true and correct copy of the Deed of Trust is attached hereto as **Exhibit G**.

11. On February 24, 2010, GMACM produced a copy of a Uniform Residential Loan Application, which was identified in its Initial List of Witnesses and Production of Documents and Bates Stamped as "GMAC0240-GMAC0244". A true and correct copy of the Uniform Residential Loan Application is attached hereto as **Exhibit H**.[1]

12. On March 9, 2010, Fidelity produced in the State Court Action a copy of a February 11, 2008, Fidelity Order Form, which was identified in its Initial Disclosure of Witnesses and Documents and Bates Stamped as "FNT000125". A true and correct copy of the February 11, 2008, Fidelity Order Form is attached hereto as **Exhibit I**.

13. On March 9, 2010, Fidelity produced in the State Court Action a copy of the Fidelity Open Order Form, which was identified in its Initial Disclosure of Witnesses and Documents and Bates Stamped as "FNT000030". A true and correct copy of the Fidelity Open Order Form is attached hereto as **Exhibit J**.

14. On March 9, 2010, Fidelity produced in the State Court Action a copy of the Outgoing Wire Form, Disbursements Summary/Balance Sheet and Final Settlement Statement, which were identified in its Initial Disclosure of Witnesses and Documents and Bates Stamped as "FNT000036", "FNT000113-114" and "FNT000105-107, respectively. A true and correct copy of the Outgoing Wire Form, Disbursements Summary/Balance Sheet and Final Settlement Statement are attached hereto as **Exhibit K**.

15. On March 9, 2010, Fidelity produced in the State Court Action a copy of a March 18, 2008, Escrow Closing Letter, which was identified in its Initial Disclosure of Witnesses and Documents and Bates Stamped as "FNT000112". A true and correct copy of the March 18, 2008, Escrow Closing Letter is attached hereto as **Exhibit L**.

16. On March 9, 2010, Fidelity produced in the State Court Action a copy of the April 4-11, 2008, E-mail Chain, which was identified in its Initial Disclosure of Witnesses and

---

[1] Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9037(a), a redacted version of this document has been attached hereto for filing with the Court. An unredacted copy will be made available for the Court's *in camera* review, if requested.

3

Documents and Bates Stamped as "FNT000134-FNT000135". A true and correct copy of the April 4-11, 2008, Email Chain is attached hereto as **Exhibit M**.

17. On March 1, 2010, Maurice Sharpe produced in the State Court Action a copy of an April 14, 2009, Letter from Michael Moss, an Investigative Specialist with the Las Vegas Metropolitan Police Department, which was identified in his Initial 16.1 Disclosures and Bates Stamped as "88". A true and correct copy of the April 14, 2009, Letter is attached hereto as **Exhibit N**.

18. On February 24, 2010, GMACM produced in the State Court Action a copy of ID Theft Affidavit completed by Maurice Sharpe, which was identified in its Initial List of Witnesses and Production of Documents and Bates Stamped as "GMAC0120-GMAC0124". A true and correct copy of the ID Theft Affidavit is attached hereto as **Exhibit O**.[2]

19. On April 23, 2010, a Trustee's Deed Upon Sale was recorded in the Official Records of Clark County, Nevada as Instrument No.: 201004230005181. A true and correct copy of said Trustee's Deed Upon Sale is attached hereto as **Exhibit P**.

20. On April 14, 2011, Maurice Sharpe filed an Amended Complaint in the State Court Action. A true and correct copy of the Amended Complaint is attached hereto as **Exhibit Q**.

21. On February 15, 2012, Maurice Sharpe, Fidelity and GMACM attended a settlement conference related to the State Court Action, which resulted in a settlement of claims in the State Court Action. A true and correct copy of the Mediation Settlement Statement is attached hereto as **Exhibit R**.

22. At the mediation Fidelity agreed to pay Sharpe $60,000.00 in exchange for the dismissal of Mr. Sharpe's claims of negligence against Fidelity and GMACM and slander of title against GMACM.

---

[2] Pursuant to Federal Rule of Bankruptcy Procedure ("FRBP") 9037(a), a redacted version of this document has been attached hereto for filing with the Court. An unredacted copy will be made available for the Court's *in camera* review, if requested.

4

23. On February 23, 2012, Fidelity filed a Motion for Determination of Good Faith Settlement on an Order Shortening Time. A true and correct of said motion, without its voluminous exhibits, is attached hereto as **Exhibit S**.

24. On April 27, 2012, the court entered an Order on Fidelity National Title Agency of Nevada's Motion for Good Faith Settlement Pursuant to NRS 17.245. A true and correct of said Order is attached hereto as **Exhibit T**.

25. Thereafter, Mr. Sharpe filed a Motion for Partial Summary Judgment. In the Motion, Mr. Sharpe did not seek damages, but instead argued that the Note and Deed of Trust were void due to forgery and lack of consideration. GMACM opposed the motion but it was never ruled upon due to GMACM's bankruptcy filing.

26. On June 1, 2012, GMACM filed a Notice of Bankruptcy and Effect of Automatic Stay in the State Court Action. A true and correct of the Notice of Bankruptcy and Effect of Automatic Stay is attached hereto as **Exhibit U**.

27. On or about July 24, 2012, Fidelity and Maurice Sharpe entered into a Stipulation and Order for Dismissal with Prejudice. A Notice of Entry of Stipulation and Order for Dismissal with Prejudice as to Fidelity National Title Agency of Nevada, Inc. Only was filed in the State Court Action on July 27, 2012. A true and correct copy of said Notice of Entry of Stipulation and Order is attached hereto as **Exhibit V**.

28. The parties did not file a stipulation for dismissal of Mr. Shape's negligence and slander of title causes of action as against GMACM, as agreed at the mediation, due to GMACM's bankruptcy filing. However, it is my understanding that Mr. Sharpe acknowledges he has settled these claims and can no longer pursue his negligence or slander of title claims against GMACM, which are based on the facts and circumstances that led to the origination and subsequent foreclosure of the Refinance Loan.

29. To date, there has not been a court order declaring the Note or Deed of Trust void.

30. On February 5, 2014, nearly two years after the Stipulation and Order for Dismissal as to Fidelity Only, Mr. Sharpe filed an Application for Default Judgment against Tracy, Suzy Barragan, Silvano Barragan and Mountain View Mortgage Company as to his

5

claims against them for fraud, conspiracy to commit fraud, conversion, negligence, and slander of title.

31. Mr. Sharpe sought and obtained a monetary judgment against all four of these defendants in the amount of $1,178,368.23. Mr. Sharpe did not seek or obtain a judgment quieting title or invalidating the Note or Deed of Trust or Trustee's Deed Upon Sale.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

DATED this 11th day of March, 2015.

/s/ Laurel I. Handley
LAUREL I. HANDLEY
Attorney

6