# EXHIBIT A

# EXHIBIT A

ORIGINAL

FILED
OCT 2 0 2009
CLERK OF COURT

A-09-602043-C
472318

| | |
|---|---|
| 1 | CMP |
| 2 | DAVID J. WINTERTON, ESQ.<br>Nevada Bar No. 004142 |
| 3 | DAVID J. WINTERTON & ASSOCIATES, LTD. |
| 4 | 211 No. Buffalo Drive, Suite A<br>Las Vegas, Nevada 89145 |
| 5 | (702) 363-0317 |
| 6 | Attorneys for Plaintiff, |
| 7 | Maurice Sharpe |

## DISTRICT COURT

## CLARK COUNTY, NEVADA

MAURICE SHARPE, an individual,

    Plaintiff,

vs.

GMAC Mortgage, SSAFE MORTGAGE
FIDELITY NATIONAL TITLE AGENCY
OF NEVADA and DOES I - X
inclusive ROE CORPORATIONS XI-
XX inclusive

    Defendants.

Case No.: A-09-602043-C
Dept. No.:
Docket: XVIII

### COMPLAINT

[Arbitration Exempt]

Plaintiff, MAURICE SHARPE, an individual; (hereinafter "Sharpe"), by and through his counsel of record, David J. Winterton & Assoc., Ltd., hereby submits this complaint against GMAC MORTGAGE Defendant, ("GMAC"), SSAFE MORTGAGE, Defendant, ("SSAFE"), FIDELITY NATIONAL TITLE AGENCY OF NEVADA, ("FIDELITY"), Defendant, DOES I-X inclusive ROE CORPORATIONS XI-XX, and represents the following to this Honorable Court:

RECEIVED
OCT 20 2009
CLERK OF THE COURT

1

## NATURE OF ACTION

1. This Complaint for an injunction and for fraud. Doe defendant took out a mortgage on Sharpe's property. Doe had no interest in the property.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under § 6, article 6 of the Nevada Constitution.

3. This Court has jurisdiction over this matter pursuant to N.R.S. 4.370.

4. Venue is proper in this Judicial District under N.R.S. § 13.010 and 13.040.

## PARTIES

5. The following are real parties of interest pursuant to N.R.C.P. Rule 17 and have been authorized to bring this cause of action.

6. Plaintiff, Sharpe, is an individual who at all times relevant herein was a resident of Clark County, State of Nevada.

7. Defendant, GMAC is an entity that at all times relevant herein was doing business in Clark County, State of Nevada.

8. Defendant, SSAFE MORTGAGE is an entity that at all times relevant herein was doing business in Clark County, State of Nevada.

9. Defendant, FIDELITY NATIONAL TITLE AGENCY OF NEVADA, INC is an entity that at all times relevant herein was doing business in Clark County, State of Nevada.

10. The true names and capacities of defendants sued herein as DOES 1 through X, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs will seek to amend this complaint to set forth the true names

2

and capacities of said fictitiously named defendants when the same have been fully ascertained.

11. The true names and capacities of defendant entities sued herein as ROE CORPORATION XI through XX, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs will seek to amend this complaint to set forth the true names and capacities of said fictitiously named defendants when the same have been fully ascertained.

## GENERAL ALLEGATIONS

12. On or about November 15, 2004, Maurice Sharpe and Tracy Sharpe purchased a certain piece of property located at 2105 Grand Island Court, Las Vegas, Nevada 89117. ("Property")

13. The Sharpe's had a note on the Property in the amount of $191,000.00.

14. The value of the house at the time of the purchase was approximately $495,000.00. There was almost $300,000.00 worth of equity.

15. On or about March of 2009, an individual posing as Maurice Sharpe acted as if he was owner of the Property and attempted to get a mortgage on his Property.

16. Mr. Doe went to SSAFE MORTGAGE to get a mortgage on Sharpe's Property.

17. Mr. Doe did not have an interest in Sharpe's Property.

18. The Mortgage was in the amount of $417,000.00. This took out the of equity in the Property.

19. The person posing as Mr. Sharpe had a fake ID. It was a driver's license number.

20. The fake ID had the wrong birthday on the driver's license.

3

21. The fake ID had a picture of someone of the Mexican Decent. Mr. Sharpe is Afro-American. The picture is very clear that it is not Mr. Sharpe.

22. The signatures do not match that of Mr. Sharpe.

23. The escrow was closed at FIDELITY NATIONAL TITLE AGENCY OF NEVADA, INC.

24. Mr. Sharpe received a billing statement in this matter.

25. On or about April 21, 2009, Mr. Sharpe filed a police report with the Las Vegas Metropolitan Police Department.

26. The notice of the fraudulent loan was given to the attention of the Las Vegas Metropolitan Police Department and GMAC within thirty (30) days of the alleged loan.

27. GMAC has written back to Mr. Sharpe and stated that there was insufficient information to determine if there was a fraud or not and that they would proceed with a foreclosure.

28. On or about September 8, 2009, counsel obtained written authorization to speak to GMAC. They refused to work with counsel. They refuse to stop the foreclosure.

### FIRST CAUSE OF ACTION
(Fraud)

29. The Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 28 inclusively and incorporates them herein by reference as if fully set forth herein.

30. The Mr. Doe posing as Mr. Sharpe had a fake ID. It was a driver's license number.

31. The fake ID had the wrong birthday on the driver's license.

32. The fake ID had a picture of someone of the Mexican Decent. Mr. Sharpe is Afro-American. The picture is very clear that it is not Mr. Sharpe.

33. The signatures do not match that of Mr. Sharpe.

4

34. The escrow was closed at FIDELITY NATIONAL TITLE AGENCY OF NEVADA, INC.

35. Mr. Sharpe received a billing statement in this matter.

36. On or about April 21, 2009, Mr. Sharpe filed a police report with the Las Vegas Metropolitan Police Department.

37. The notice of the fraudulent loan was given to the attention of the Las Vegas Metropolitan Police Department and GMAC within thirty (30) days of the alleged loan.

38. GMAC wrote back to Mr. Sharpe stating that there was insufficient information to determine if there was a fraud or not and that they would proceed with a foreclosure.

39. On or about September 8, 2009, counsel obtained written authorization to speak to GMAC. They refused to work with counsel. They are continuing to foreclose on the Property even though they know the mortgage is fraudulent.

40. GMAC knows that the New Mortgage is fraudulent.

41. As a result, the Plaintiff has lost all of it's equity in the Property due to the Fraud.

42. If the Property is sold at a sale, they are continuing a fraud on the new buyer and they do not have the right to pass title.

## SECOND CAUSE OF ACTION
(Quite Title)

43. The Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 42 inclusively and incorporates them herein by reference as if fully set forth herein.

44. The New Mortgage on the Property was obtained by Fraud.

45. Title cannot pass as a result of the Fraud.

46. The Mortgage on the Property is Fraudulent and GMAC does not have the right to

5

foreclose on the Property.

47. Counsel has attempted to work with GMAC to get the matter resolved.

48. They refuse to cooperate or to provide any further information or to accept any further information.

49. They do not want to work it out and stated the only way it will work out is through litigation.

50. The lien for the New Mortgage should be immediately removed.

### THIRD CAUSE OF ACTION
#### (Negligence)

51. The Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 50 inclusively and incorporates them herein by reference as if fully set forth herein.

52. The Mr. Doe posing as Mr. Sharpe had a fake ID. It was a driver's license number.

53. The fake ID had the wrong birthday on the driver's license.

54. The fake ID had a picture of someone of the Mexican Decent. Mr. Sharpe is Afro-American. The picture is very clear that it is not Mr. Sharpe.

55. The signatures do not match that of Mr. Sharpe.

56. The escrow was closed at FIDELITY NATIONAL TITLE AGENCY OF NEVADA, INC.

57. The information was not consistent and FIDELITY NATIONAL TITLE AGENCY OF NEVADA should have noticed the defects.

58. SSAFE MORTGAGE should have noticed the defects and that the information that was given was not consistent.

6

59. GMAC should have noticed the defects and that the information that was given was not consistent

60. FIDELITY NATIONAL TITLE AGENCY OF NEVADA, GMAC and SSAFE MORTGAGE were negligence in their duty.

61. Mr. Sharpe received a billing statement in this matter.

62. On or about April 21, 2009, Mr. Sharpe filed a police report with the Las Vegas Metropolitan Police Department.

63. The notice of the fraudulent loan was given to the attention of the Las Vegas Metropolitan Police Department and GMAC within thirty (30) days of the alleged loan.

64. MAC has written back and stated that there was insufficient information to determine if there was a fraud or not and that they would proceed with a foreclosure.

65. On or about September 8, 2009, counsel obtained written authorization to speak to GMAC. They refused to work with counsel. They stated they had tried to call and never got a return call. Counsel called a number of times. They refuse to give foreclosure information.

### FOURTH CAUSE OF ACTION
(Slander of Title)

66. The Plaintiffs restate and reallege each and every allegation contained in Paragraphs 1 through 65 inclusively and incorporates them herein by reference as if fully set forth herein.

67. The New Mortgage on the Property was obtained by Fraud.

68. The New Mortgage has slandered title on Mr. Sharpe's Property.

69. Counsel has attempted to work with GMAC to get the matter resolved.

7

70. The Defendants have slandered Mr. Sharpe's Property.

71. The Defendants have refused to remove the lien.

72. Mr. Sharpe is entitled to punitive damages.

### FIFTH CAUSE OF ACTION
(Injunction)

73. The Plaintiffs restate and reallege each and every allegation contained in Paragraphs 1 through 72 inclusively and incorporates them herein by reference as if fully set forth herein.

74. According to the Nevada Supreme Court, Property is unique and it cannot be replaced.

75. If the Property is lost, the Plaintiff will suffer irreparable harm.

76. The damages to the Defendant is nothing at all in this case. The damages to the Plaintiff is that it will put his family out in the street.

77. The gravity of the harm is strongly in the Plaintiff's favor.

78. It is in the best interest of justice to have an injunction in place to sort out what is going on.

79. Based upon these facts, an injunction should be put in place.

WHEREFORE, Plaintiffs prays for relief against the Defendants as follows:

Plaintiffs prays for relief for the first cause of action and several causes of action as follows:

1. That Sharpe be awarded damages in excess of $100,000.00;

2. That Sharpe be awarded his Property free and clear;

3. That Sharpe be awarded punitive damages;

4. That Sharpe be awarded his attorneys fees and costs in bringing this action;

5. That Sharpe be awarded an injunction

8

5. For such other relief as the court deems just and proper.

DATED this ___ day of October, 2009.

Submitted by:

DAVID J. WINTERTON & ASSOC., LTD.

By: _____
David J. Winterton, Esq.
Nevada Bar No. 004142
211 North Buffalo, Suite A
Las Vegas, Nevada 89145
Attorney for Plaintiffs

G:\DJW\7881#1\complaint.wpd

9