# EXHIBIT Q

# EXHIBIT Q

**AMDCMP**
DAVID J. WINTERTON, ESQ.
Nevada Bar No. 004142
DAVID J. WINTERTON & ASSOCIATES, LTD.
211 No. Buffalo Drive, Suite A
Las Vegas, Nevada 89145
(702) 363-0317

Attorneys for Plaintiff,
Maurice SHARPE

### DISTRICT COURT

### CLARK COUNTY, NEVADA

| | |
|---|---|
| MAURICE SHARPE, an individual, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> GMAC Mortgage, SSAFE MORTGAGE ) <br> FIDELITY NATIONAL TITLE AGENCY ) <br> OF NEVADA, TRACY L. SHARPE, an ) <br> individual, SILVANO BARRAGAN, an ) <br> individual, SUZY M. BARRAGAN, an ) <br> individual, MOUNTAIN VIEW ) <br> MORTGAGE COMPANY, a Nevada ) <br> Corporation, and DOES I - X inclusive, ) <br> ROE CORPORATIONS XI-XX inclusive ) <br> ) <br> Defendants. ) <br> _____) <br> GMAC MORTGAGE, LLC, ) <br> ) <br> Counterclaimant/Crossclaimant, ) <br> ) <br> vs. ) <br> ) <br> MAURICE SHARPE, an individual, ) <br> ) <br> Counterdefendant, ) <br> ) | Case No.:A-09-602043-C <br> Dept. No.: XVIII <br><br><br> **AMENDED COMPLAINT** |

1

APR 2 0 2011

12-12020-mg    Doc 8288-27    Filed 03/11/15    Entered 03/11/15 18:06:05    Exhibit Q
to Handley Declaration    Pg 3 of 15

|   |   |
|---|---|
| 1 | and ) |
| 2 | ) |
|   | FIDELITY NATIONAL TITLE AGENCY ) |
| 3 | OF NEVADA, ) |
|   | ) |
| 4 | Crossdefendant. ) |
|   | ) |
| 5 | GMAC MORTGAGE, LLC, ) |
| 6 | ) |
|   | Third-Party Plaintiff, ) |
| 7 | ) |
|   | vs. ) |
| 8 | ) |
| 9 | TRACY SHARPE, an individual; VICKI ) |
|   | LONGDEN, an individual; MOUNTAIN ) |
| 10 | VIEW MORTGAGE COMPANY, a ) |
|   | Colorado Corporation; SUZY BARRAGAN ) |
| 11 | an individual; SILVANO BARRAGAN, an ) |
|   | individual; and DOES XXI through XL, ) |
| 12 | inclusive, ) |
| 13 | ) |
|   | Third-Party Defendants. ) |
| 14 | ) |

Plaintiff, MAURICE SHARPE, an individual; (hereinafter "SHARPE"), by and through his counsel of record, David J. Winterton & Assoc., Ltd., hereby submits this amended complaint against GMAC MORTGAGE, Defendant ("GMAC"); SSAFE MORTGAGE, Defendant ("SSAFE"); TRACY L. SHARPE, Defendant ("TRACY"); SILVANO BARRAGAN, Defendant ("SILVANO"); SUZY M. BARRAGAN ("SUZY") (Silvano and Suzy collective known as "BARRAGAN"); MOUNTAIN VIEW MORTGAGE, Defendant ("MOUNTAIN VIEW"); FIDELITY NATIONAL TITLE AGENCY OF NEVADA, Defendant ("FIDELITY"); DOES I-X inclusive ROES CORPORATIONS XI-XX, Defendants, and represents the following to this Honorable Court:

2

## NATURE OF ACTION

1. This Complaint is for fraud. DOE defendant, with the assistance of other Defendants, used false ID and falsified documents and took out a mortgage on SHARPE's property. This lawsuit comes from the damages arising out of the action.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction over this action under § 6, article 6 of the Nevada Constitution.

3. This Court has jurisdiction over this matter pursuant to N.R.S. 4.370.

4. Venue is proper in this Judicial District under N.R.S. § 13.010 and 13.040.

## PARTIES

5. The following are real parties of interest pursuant to N.R.C.P. Rule 17 and have been authorized to bring this cause of action.

6. Plaintiff, SHARPE, is an individual who at all times relevant herein was a resident of Clark County, State of Nevada.

7. Defendant, GMAC is an entity that at all times relevant herein was doing business in Clark County, State of Nevada.

8. Defendant, SSAFE MORTGAGE is an entity that at all times relevant herein was doing business in Clark County, State of Nevada.

9. Defendant, SILVANO, is an individual who at all times relevant herein was a resident and was doing business in Clark County, State of Nevada.

10. Defendant, SUZY, is an individual who at all times relevant herein was a resident and was doing business in Clark County, State of Nevada.

3

11. Defendant, MOUNTAIN VIEW, is an individual who at all times relevant herein was a resident of Clark County, State of Nevada.

12. Defendant, FIDELITY is an entity that at all times relevant herein was doing business in Clark County, State of Nevada.

13. The true names and capacities of defendants sued herein as DOES 1 through X, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs will seek to amend this complaint to set forth the true names and capacities of said fictitiously named defendants when the same have been fully ascertained.

14. The true names and capacities of defendant entities sued herein as ROE CORPORATION XI through XX, inclusive, and each of them, are unknown to Plaintiffs, who therefore sues said defendants by such fictitious names. Plaintiffs will seek to amend this complaint to set forth the true names and capacities of said fictitiously named defendants when the same have been fully ascertained.

## GENERAL ALLEGATIONS

15. On or about November 15, 2004, SHARPE and TRACY purchased a certain piece of property located at 2105 Grand Island Court, Las Vegas, Nevada 89117. ("Property")

16. The SHARPE's had a note on the Property in the amount of $191,000.00.

17. The value of the house at the time of the purchase was approximately $495,000.00. There was almost $300,000.00 worth of equity.

18. The BARRAGAN's were working as agents of SSAFE MORTGAGE.

19. SILVANO obtained a mortgage lending license on or about April 20, 2004.

20. SILVANO's mortgage lending license was terminated on or about April 20, 2008 due to

4

non-renewal of his license that was listed with SSAFE MORTGAGE at the time.

21. SUZY obtained a mortgage lending license on or about October 20, 2003.

22. SUZY's mortgage lending license was placed on inactive status on or about September 5, 2008. The license was listed with SSAFE MORTGAGE at the time. On or about October 18, 2009, the license was terminated for failure to renew. On or about February 20, 2009, the license was voluntarily surrendered for alleged activities.

23. TRACY came into contact with the BARRAGANs sometime in early 2009 at which time both of their mortgage lending licenses were terminated or on inactive status.

24. With an inactive license or terminated license, the BARRAGANs continued to work for SSAFE MORTGAGE.

25. SSAFE MORTGAGE was negligent in allowing the BARRAGANs to continue to work at their office, use their name and get commissions without being licenced with the State of Nevada.

26. TRACY, the BARRAGANs, SSAFE MORTGAGE, and DOE 1-X conspired to defraud Plaintiff SHARPE out of equity of his property.

27. TRACY, the BARRAGANs, SSAFE MORTGAGE and DOE 1-X partnered with MOUNTAIN VIEW to obtain a loan on SHARPE's property.

28. The loan was to be sold to GMAC.

29. DOES, BARRAGANs and TRACY used a false driver's license of SHARPE as identification. The fake driver's license had the wrong birthday.

30. The fake driver's licenses had a picture of someone from Mexican decent. SHARPE is of Afro-American decent. The picture is clearly not that of SHARPE.

5

31. The signatures on the documents did not match the signature of SHARPE.

32. The personal data of SHARPE did not match with SHARPE personal data.

33. The information provided for the loan did not match SHARPE's information.

34. The Defendants took out a mortgage on SHARPE's property in the amount of approximately $417,000.00.

35. The escrow that handled the loan was FIDELITY.

36. SHARPE received a billing statement from GMAC when he learned of the fraud.

37. On or about April 21, 2009, SHARPE filed a police report with the Las Vegas Metropolitan Police Department.

38. The notice of the fraudulent loan was given to the attention of the Las Vegas Metropolitan Police Department and GMAC within thirty (30) days of the alleged loan.

39. GMAC has written back to SHARPE and stated that there was insufficient information to determine if there was a fraud or not and that they would proceed with a foreclosure.

40. GMAC did not have a valid lien on the property in that GMAC learned that the Deed of Trust was obtained by fraud.

41. GMAC conducted their own investigation into the actions in this case, but the investigation was inadequate.

42. GMAC then commenced foreclosure on the false Deed of Trust on the Property.

43. On or about September 8, 2009, counsel obtained written authorization to speak to GMAC and attempted to resolve the issue with GMAC.

44. GMAC continued to foreclose on the Property even though they knew that the Deed of Trust on the Property was forged and not valid due to the fact it was obtained by fraud.

45. GMAC should have filed a complaint for unjust enrichment or filed for a equitable mortgage instead of foreclosing on a Deed of Trust in which they knew was not valid.

46. GMAC was negligent in their actions and has evicted the Plaintiff.

47. As a result, the Plaintiff has lost all of it's equity in the Property due to the Fraud.

### FIRST CAUSE OF ACTION
**(Actual Fraud - DOE, TRACY, BARRAGAN, SSAFE MORTGAGE, MOUNTAIN VIEW)**

48. The Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 47 inclusively and incorporates them herein by reference as if fully set forth herein.

49. The Mr. DOE with the help of TRACY, BARRAGAN, SSAFE MORTGAGE and MOUNTAIN VIEW posed as SHARPE with a fake ID. It was a driver's license number. The fake ID had the wrong birthday on the driver's license. The fake ID had a picture of someone of the Mexican Decent. SHARPE is Afro-American. The picture is very clear that it is not SHARPE. The signatures do not match that of SHARPE.

50. TRACY, BARRAGAN, SSAFE MORTGAGE and MOUNTAIN VIEW committed the fraud by acting as SHARPE and applying for a loan, and refinancing SHARPE's Property.

51. This actual fraud caused SHARPE to be damaged as a result of the actual fraud by the said Defendants.

52. SHARPE has been damaged in excess of $10,000.00

53. SHARPE is entitled to punitive damages as a result of the actual fraud.

54. SHARPE has been required to obtain legal counsel to recover his damages and is entitle to his attorney fees and costs to recover this matter.

7

## SECOND CAUSE OF ACTION
### (Conspiracy to Commit Fraud - DOE, TRACY, BARRAGAN, SSAFE MORTGAGE, MOUNTAIN VIEW)

55. The Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 54 inclusively and incorporates them herein by reference as if fully set forth herein.

56. DOE, TRACY, BARRAGAN, SSAFE MORTGAGE, MOUNTAIN VIEW entered into an agreement to steal from SHARPE.

57. DOE, TRACY, BARRAGAN, SSAFE MORTGAGE, MOUNTAIN VIEW actions were for an unlawful purpose.

58. SHARPE has been damaged in excess of $10,000.00

59. SHARPE is entitled to punitive damages as a result of the actual fraud.

60. SHARPE has been required to obtain legal counsel to recover his damages and is entitled to his attorney fees and costs to recover this matter.

## THIRD CAUSE OF ACTION
### (Conversion - DOE, TRACY, BARRAGAN, SSAFE MORTGAGE, MOUNTAIN VIEW)

61. The Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 60 inclusively and incorporates them herein by reference as if fully set forth herein.

62. DOE, TRACY, BARRAGAN, SSAFE MORTGAGE, MOUNTAIN VIEW, converted the identity and as a result, converted the assets of SHARPE.

63. DOE, TRACY, BARRAGAN, SSAFE MORTGAGE, MOUNTAIN VIEW each exercised the right that belongs to SHARPE that constituted an act inconsistent with the titleholder's rights of SHARPE.

8

64. DOE, TRACY, BARRAGAN, SSAFE MORTGAGE, MOUNTAIN VIEW each wrongfully took dominion of the Property of SHARPE.

65. This wrongful dominion constituted a conversion of SHARPE's Property.

66. SHARPE has been damaged in excess of $10,000.00

67. SHARPE is entitled to punitive damages as a result of the actual fraud.

68. SHARPE has been required to obtain legal counsel to recover his damages and is entitled to his attorney fees and costs to recover this matter.

## FOURTH CAUSE OF ACTION
**(Negligence - FIDELITY, MOUNTAIN VIEW, GMAC, SSAFE MORTGAGE)**

69. The Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 68 inclusively and incorporates them herein by reference as if fully set forth herein.

70. The DOE posing as SHARPE had a fake ID. It was a driver's license number.

71. The fake ID had the wrong birthday on the driver's license.

72. The fake ID had a picture of someone of the Mexican Decent. SHARPE is Afro-American. The picture is very clear that it is not SHARPE.

73. The signatures do not match that of SHARPE.

74. The escrow was closed at FIDELITY NATIONAL TITLE AGENCY OF NEVADA, INC.

75. The information was not consistent and FIDELITY NATIONAL TITLE AGENCY OF NEVADA should have noticed the defects.

76. SSAFE MORTGAGE should have noticed the defects and that the information that was given was not consistent.

9

77. MOUNTAIN VIEW should have noticed the defects and the information that was not given was not consistent with the application and the loan.

78. GMAC should have noticed the defects and that the information that was given was not consistent when they obtained and foreclosed on the loan.

79. FIDELITY NATIONAL TITLE AGENCY OF NEVADA, GMAC and SSAFE MORTGAGE, MOUNTAIN VIEW were negligence in their duty.

80. FIDELITY NATIONAL TITLE AGENCY OF NEVADA, GMAC and SSAFE MORTGAGE, MOUNTAIN VIEW each and everyone breached their duty to SHARPE.

81. As a result of the negligence, SHARPE was damaged in excess of $10,000.00.

### FIFTH CAUSE OF ACTION
(Negligence for Violation of Nevada Statutes - SSAFE MORTGAGE, MOUNTAIN VIEW)

82. The Plaintiff restates and realleges each and every allegation contained in Paragraphs 1 through 81 inclusively and incorporates them herein by reference as if fully set forth herein.

83. SSAFE MORTGAGE has a duty to make sure that the individuals that they hire are honest and have a licence to act as an agent on their behalf.

84. MOUNTAIN VIEW also has a duty to investigate and determine that the individuals and company that they are dealing with have a license and have authority to be a mortgage agent.

85. SSAFE MORTGAGE was negligent in their hiring and in not monitoring their agents.

86. MOUNTAIN VIEW was also negligent in dealing with unlicenced individuals.

87. As a result of the negligence and breach of their duty, SHARPE was damaged.

88. SHARPE damages were in excess of $10,000.00

89. SSAFE MORTGAGE and MOUNTAIN VIEW actions were deliberate or so reckless that SHARPE is entitled to punitive damages.

90. SHARPE is entitled to his attorney fees and costs.

### SIXTH CAUSE OF ACTION
(Slander of Title - DOE, TRACY, BARRAGAN, SSAFE MORTGAGE, MOUNTAIN VIEW, GMAC, FIDELITY)

91. The Plaintiffs restate and reallege each and every allegation contained in Paragraphs 1 through 90 inclusively and incorporates them herein by reference as if fully set forth herein.

92. As a result of the actions of the parties above, a Deed of Trust was placed on SHARPE's Property.

93. The Deed of Trust was obtained by Fraud and was not a valid Deed of Trust.

94. The new Deed of Trust slandered the title of SHARPE's Property.

95. The Defendants have refused to remove the lien.

96. The wrongful slander of the Property resulted in SHARPE losing his Property.

97. The amount of the damages was excess of $10,000.00.

98. SHARPE is entitled to punitive damages because the actions were done intentionally.

99. SHARPE was also required to obtain legal counsel and is entitled to his attorney fees and costs.

### SEVENTH CAUSE OF ACTION
(Wrongful Foreclosure and Eviction - GMAC)

100. The Plaintiffs restate and reallege each and every allegation contained in Paragraphs 1 through 99 inclusively and incorporates them herein by reference as if fully set forth

11

herein.

101. GMAC held a Deed of Trust on the Property that was obtained by Fraud.

102. On or about April 21, 2009, SHARPE filed a police report with the Las Vegas Metropolitan Police Department.

103. The notice of the fraudulent loan was given to the attention of the Las Vegas Metropolitan Police Department and GMAC within thirty (30) days of the alleged loan.

104. GMAC has written back to SHARPE and stated that there was insufficient information to determine if there was a fraud or not and that they would proceed with a foreclosure.

105. GMAC did not have a valid lien on the property in that GMAC learned that the Deed of Trust was obtained by fraud.

106. GMAC conducted their own investigation into the actions in this case.

107. GMAC then commenced foreclosure on the false Deed of Trust on the Property.

108. GMAC should have filed a complaint for unjust enrichment or filed for a equitable mortgage instead of foreclosing on a Deed of Trust in which they knew was not valid.

109. GMAC did not complete a full investigation into the matter prior to starting a foreclosure on the Property.

110. GMAC was negligent in their actions and at this point has evicted SHARPE from the Property.

111. As a result, the Plaintiff has lost all of his equity in the Property due to the actions of GMAC.

112. GMAC would have been limited to the amount of the claim that SHARPE had been unjustly enriched and not entitled to the full amount of the fraudulent Deed of Trust of

12

GMAC.

113. SHARPE has now been wrongfully evicted from the Property and has moving costs and other damages.

114. SHARPE has been damaged in excess of $10,000.00.

115. SHARPE is entitled to punitive damages because the actions were done intentionally.

116. SHARPE was also required to obtain legal counsel and is entitled to his attorney fees and costs.

WHEREFORE, Plaintiffs prays for relief against the Defendants as follows:

Plaintiffs prays for relief for the first cause of action and several causes of action as follows:

1. That SHARPE be awarded damages in excess of $100,000.00;

2. That SHARPE be awarded his Property free and clear;

3. That SHARPE be awarded punitive damages;

4. That SHARPE be awarded his attorneys fees and costs in bringing this action;

5. That SHARPE be awarded an injunction

6. For such other relief as the court deems just and proper.

DATED this _14_ day of April, 2011.

Submitted by:

DAVID J. WINTERTON & ASSOC., LTD.

By: _____
David J. Winterton, Esq.
Nevada Bar No. 004142
211 North Buffalo, Suite A
Las Vegas, Nevada 89145
Attorney for Plaintiffs

13

# CERTIFICATE OF MAILING

I hereby certify that I am an employee of David J. Winterton & Assoc., Ltd., and that on the April 14, 2011, I caused to be deposited in the United States mail, via first class, postage prepaid, at Las Vegas, Nevada a true and correct copy of the AMENDED COMPLAINT addressed to the following:

Laurel I. Handley
Gregg A. Hubley
Christina S. Bhirud
PITE DUNCAN, LLP
701 Bridger Ave., Suite 670
Las Vegas, NV 89101
*Attorneys for GMAC MORTGAGE, LLC*

Spencer M. Judd, Esq.
MACDONALD & JUDD, LTD.
6625 W. Sahara Ave., Suite 1
Las Vegas, NV 89146
*Attorneys for Ssafe Mortgage*

Erica Stutman, Esq.
SNELL & WILMER, 78811LLP
3883 H. Hughes Pkwy., Suite 1100
Las Vegas, NV 89169
*Attorneys for Fidelity National Title Agency of Nevada*

John T. Steffen
David W. Gutke
HUTCHINSON & STEFFEN, LTD.
10080 West Alta Dr., Suite 200
Las Vegas, NV 89101
*Attorneys for GMAC MORTGAGE, LLC*

_____
An employee of David J. Winterton & Assoc.

14