**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------
                                                        )
In re:                                                  )    Case No. 12-12020 (MG)
                                                        )
RESIDENTIAL CAPTIAL, LLC, et al.                        )    Chapter 11
                                                        )
                        Debtors.                        )    Jointly Administered
                                                        )
---------------------------------------------------------

**STIPULATION AND ORDER BETWEEN THE RESCAP LIQUIDATING TRUST AND JOAN BLACK TO MODIFY THE AUTOMATIC STAY UNDER SECTION 362 OF THE BANKRUPTCY CODE**

This stipulation and order (the "Stipulation") is made and entered into by the ResCap Liquidating Trust (the "Trust") established pursuant to the terms of the Plan (defined below) in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), on the one hand, and Joan Black ("Black" and together with the Trust, the "Parties"), on the other.

## RECITALS

**A.    General Case Background**

**WHEREAS**, on May 14, 2012 (the "Petition Date"), each of the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

**WHEREAS**, on December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and, among other things, the Trust was established [Docket No. 6137];

**WHEREAS**, the Plan provides for the creation and implementation of the Trust, which, among other things, is responsible for winding down the affairs of the Debtors' estates. See Plan, Art. VI.A-D; see also Confirmation Order ¶ 22;

**B.    The Black Property**

**WHEREAS**, on February 28, 1997, West Penn Financial Services Center ("West Penn") originated a loan to Black secured by a first lien mortgage (the "Mortgage") on property located at 631 Valencia Road, Mars, PA 16046 (the "Property");

**WHEREAS**, on February 28, 1997, West Penn assigned the Mortgage to Peoples Heritage Savings Bank ("Peoples Heritage");

**WHEREAS**, on November 1, 1997, Peoples Heritage executed an assignment of the Mortgage to Debtor GMAC Mortgage, LLC ("GMACM");

**WHEREAS**, on or about September 2013, Black satisfied the loan that was secured by the Mortgage;

**WHEREAS**, Black is seeking to sell the Property and requires evidence that the Mortgage has been satisfied;

**WHEREAS**, Black has represented to the Trust that in order to quiet title to the property, Black must commence a suit and name GMACM as named defendants;

**WHEREAS**, the Parties have conferred and the Trust has consented to a limited modification of the automatic stay of section 362(a) of the Bankruptcy Code pursuant to the terms of, and subject to the conditions set forth in, this Stipulation.

**NOW THEREFORE**, it is hereby stipulated and agreed as between the Parties to this Stipulation, through their undersigned counsel, as follows:

1. To the extent applicable, the automatic stay extant under section 362(a) of the Bankruptcy Code is hereby modified solely to the extent set forth herein.

2. Black may commence and prosecute an action to quiet title in the Court of Common Pleas of Butler County (the "Quiet Title Action") to confirm marketable title to the Property, and name GMACM as defendant, as necessary, solely for the purpose of quieting title to the Property. To the extent applicable, and for no other purpose, the automatic stay is modified for the sole purpose of allowing Black to take any and all steps necessary to exercise any and all rights she may have in the Property and to gain possession of and marketable title to the Property.

3. The Quiet Title Action shall only be *quasi in rem* in nature and Black shall under no circumstances: (i) seek any monetary or other equitable relief from or against GMACM, any other Debtor, the Trust, or the Trustee for the ResCap Liquidating Trust (the "Liquidating Trustee"); (ii) file or assert a claim or cause of action against any Debtor, the Trust, or the Liquidating Trustee for any damages alleged to have arisen out of the facts and circumstances to be addressed in the Quiet Title Action, or with respect to the Property and any Debtors' prior interest therein.

4. This Stipulation shall not be deemed to be or constitute a modification of the automatic stay except as otherwise expressly provided herein with respect to Black. In all other respects, the automatic stay shall remain in full force and effect with respect to any other parties who may be named in, who otherwise intervene in, or become parties to the Quiet Title Action.

5. This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of all Parties hereto. Any such modification, alteration, amendment, or vacation in whole or part shall be subject to the approval of this Court.

6. This Stipulation is the entire agreement among the Parties in respect of the subject matter hereof.

7. Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

8. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument. Further, electronic signatures or transmissions of an originally signed document by facsimile or PDF shall be as fully binding on the Parties as an original document.

9. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Stipulation shall be immediately effective upon its entry.

10. This Stipulation shall be of no force or effect unless and until it is approved by the Court.

11. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation.

12. The Liquidating Trust shall provide notice of this Stipulation in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141].

*[Signature Page to Follow]*

New York, New York
Dated: February 24, 2015

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel to The ResCap Liquidating Trust*

/s/ Brad N. Sommer
Brad N. Sommer
SOMMER LAW GROUP, PC
6 Market Square
Pittsburgh, PA 15222
Telephone: (412) 471-1266
Facsimile: (412) 471-3175

*Counsel for Joan Black*

**IT IS SO ORDERED.**

Dated: March 12, 2015
New York, New York

**/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge