**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S
## EIGHTY-THIRD OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY CLAIMS)

Upon the eighty-third omnibus objection to claims (the "**Objection**")[1] of the ResCap

Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the confirmed

Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the Debtors,

seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the

"**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this

Court's order approving procedures for the filing of omnibus objections to proofs of claim

[Docket No. 3294] (the "**Claims Objection Procedures Order**"), disallowing and expunging

the No Liability Claims, as more fully described in the Objection; and it appearing that this Court

has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Objection and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Objection having been provided, and it appearing that

no other or further notice need be provided; and upon consideration of the Objection and the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Objection.

*Declaration of Deanna Horst in Support of the ResCap Liquidating Trust's Eighty-Third Omnibus Objection to Claims (No Liability Claims)* annexed to the Objection as **Annex 2**; and the Court having held a hearing on the Objection on March 12, 2015 (the "Hearing"); and as set forth more fully on the record at the Hearing, the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Claims Objection Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.    The relief requested in the Objection is granted to the extent provided herein.

2.    Pursuant to section 502(b) of the Bankruptcy Code, the claim listed on **Exhibit A** annexed hereto is hereby disallowed and expunged in its entirety with prejudice.

3.    Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' claims and noticing agent, is directed to disallow and expunge the claims identified on the schedule attached as **Exhibit A** hereto so that such claim is no longer maintained on the Debtors' Claims Register.

4.    The Liquidating Trust and KCC are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

5.    Notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Objection Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

6.      This Order has no res judicata, estoppel, or other effect on the allowance of any claim not listed on **Exhibit A** annexed to this Order, and all rights of the Liquidating Trust or any other party to object on any basis are expressly reserved with respect to any claim that is not listed on **Exhibit A** annexed hereto.

7.      This Order shall be a final order with respect to the claim identified on **Exhibit A** annexed hereto, as if such claim had been individually objected to.

8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:  March 12, 2015
           New York, New York

                                   _____/s/Martin Glenn_____
                                   MARTIN GLENN
                                   United States Bankruptcy Judge

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

EIGHTY-THIRD OMNIBUS OBJECTION - NO LIABILITY - BOOKS AND RECORDS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 1 | Verizon Wireless 500 Technology Dr # 550 Weldon Springs, MO 63304 | 443 | 08/31/2012 | $0.00 $0.00 $0.00 $0.00 $8,220.58 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | After review of the Debtors' books and records and numerous requests for additional information from the claimant, the Liquidating Trust was unable to identify any obligation owed by the Debtors to the claimant on account of the claim. |