**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

### ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S
### OBJECTION TO CLAIM NO. 788 FILED BY PETRA FINANCE, LLC

Upon the objection (the "**Objection**")[1] filed by the ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure, disallowing and expunging proof of claim no. 788 (the "**Claim**") filed by Petra Finance, LLC ("**Petra**"), as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the *Declaration of Deanna Horst in Support of ResCap Liquidating Trust's Objection to Claim No. 788 Filed by Petra Finance, LLC* annexed to the Objection as **Exhibit 3**; and the Court having held a hearing on March 12, 2015 (the "Hearing") and Petra having failed to appear or file a response to the Objection; and as set

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

forth more fully on the record at the Hearing, the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Claims Objection Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Objection is granted to the extent provided herein.

2. Pursuant to section 502(b) of the Bankruptcy Code, the Claim is hereby disallowed and expunged in its entirety with prejudice.

3. Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' claims and noticing agent, is directed to disallow and expunge the Claim so that it is no longer maintained on the Debtors' Claims Register.

4. The Liquidating Trust and KCC are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

5. Notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Objection Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

6. This Order has no res judicata, estoppel, or other effect on the allowance of any claim other than the Claim, and all rights of the Liquidating Trust or any other party to object on any basis are expressly reserved with respect to any claim that other than the Claim.

7. This Order shall be a final order with respect to the Claim.

8. This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated: March 12, 2015
      New York, New York

                                              **/s/Martin Glenn**
                                              MARTIN GLENN
                                    United States Bankruptcy Judge