Presentment Date and Time: March 20, 2015 at 12:00 p.m. (Prevailing Eastern Time)
Objection Date and Time: March 19, 2015 at 4:00 p.m. (Prevailing Eastern Time)

MORRISON & FOERSTER LLP
250 W. 55th St.
New York, New York 10019
Telephone:   (212) 468-8000
Facsimile:   (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP LIQUIDATING TRUST'S MOTION FOR ENTRY OF AN ORDER
CLARIFYING SCOPE OF STAY RELIEF UNDER SUPPLEMENTAL
SERVICING ORDER WITH RESPECT TO LALOR ACTION**

The ResCap Liquidating Trust (the "**Liquidating Trust**"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned cases, on behalf of Residential Capital, LLC and its affiliated post-effective date debtors (collectively, the "**Debtors**") hereby moves (the "**Motion**") for entry of an order, the proposed form of which is attached hereto as Exhibit 1 (the "**Order**"), clarifying the scope of relief from the automatic stay granted under the Supplemental Servicing Order (defined below) as applicable to the Lalor Action (defined below). In support of this Motion, the Liquidating Trust relies upon and incorporates by reference the Declaration of Benjamin Noren (the "**Noren Declaration**"), attached hereto as Exhibit 2. In further support of the Motion, the Liquidating Trust, by and through its undersigned counsel, respectfully represents:

**PRELIMINARY STATEMENT**

1.     The Liquidating Trust brings this motion at the direction of the New York State Supreme Court, County of Nassau (the "**State Court**") to clarify the scope of the stay relief afforded by the Supplemental Servicing Order.  As this Court is aware, that order modifies the automatic stay to the extent necessary to, among other things, allow borrowers to prosecute defenses to a foreclosure action initiated by the Debtors.  In October of 2012, the Debtors presented the Supplemental Servicing Order to the State Court, before which the Lalor Action is currently pending against Debtor GMAC Mortgage, LLC ("**GMACM**").  Nonetheless, as discussed in greater detail herein, the State Court has kept the Lalor Action in suspension until such time as the parties obtain a further order of this Court providing the State Court with additional guidance as to the exact scope of stay relief afforded by the Supplemental Servicing Order, and expressly allowing the Lalor Action to proceed.  Thus, the Liquidating Trust is seeking entry of the Order clarifying the effect of the automatic stay with respect to the Lalor Action.

**JURISDICTION**

2.     This Court has subject matter jurisdiction to consider and determine this matter pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

**BACKGROUND**

**A.     General Background**

3.     On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under Chapter 11 of the Bankruptcy Code and the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Bankruptcy Rules.

4. On July 13, 2012, the Court entered the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774] (the "**Supplemental Servicing Order**").

5. On November 21, 2012, the Court entered an order approving the sale of the Debtors' mortgage loan servicing platform to Ocwen Loan Servicing, LLC ("**Ocwen**") [Docket No. 2246].

6. On February 15, 2013, the sale (the "**Ocwen Sale**") of the Debtors' mortgage loan servicing platform to Ocwen closed.

7. On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and the Liquidating Trust was created [Docket No. 6137].

8. The Plan provides for the creation and implementation of the Liquidating Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement."

130988823v1 0951853

    **B.**    <u>**Lalor Action**</u>

    9.    Jay Lalor ("**Lalor**" or "**Borrower**") is a borrower under a loan (the "**Loan**") evidenced by a note (the "**Note**") in the principal amount of $644,000.00 executed on April 28, 2005, in favor of HTFC Corporation ("**HTFC**"), which was secured by a mortgage (the "**Mortgage**") on the premises commonly known as 14 Carman Boulevard, Massapequa, New York. (Noren Decl., ¶ 3.) The Note was ultimately assigned and placed into the physical custody of Christiana Trust, a division of Wilmington Savings Fund Society, FSB as trustee for Knoxville 2012 Trust, where it is currently held.

    10.    After Lalor defaulted on the Note, on January 1, 2008, GMACM, in its capacity as servicer of the Loan, filed a Complaint in the State Court, thereby commencing an action (the "**Lalor Action**") for foreclosure on April 17, 2008. (Noren Decl., ¶ 4.) Specifically, GMACM, as servicer, maintained that it held the Note, that Lalor defaulted under the terms of the Note, and that GMACM, as servicer, exercised its right to accelerate the balance on the Note and foreclose on the Mortgage. <u>See</u> Complaint at ¶¶ 1 and 5.

    11.    On May 19, 2008, Lalor filed an Answer with Counterclaims and Cross-claims and Third-Party Complaint (the "**Countercomplaint**"), through counsel. (Noren Decl., ¶ 5.)

    12.    A compliance conference was scheduled for September 10, 2012, which was further adjourned to November 14, 2012, while the State Court made a determination as to the effect of the Debtors' bankruptcy on the Lalor Action. (Noren Decl., ¶ 6.)

    13.    On or about October 24, 2012, GMACM filed a motion to reargue a prior decision and order on a discovery motion (the "**Motion to Reargue**") in the Lalor Action, returnable November 14, 2012, the adjourned date of the compliance conference. (Noren Decl., ¶ 7.) Annexed to the Motion to Reargue was a copy of the Supplemental Servicing Order.

130988823v1 0951853

14. On or about November 14, 2012, Lalor filed a proof of claim, which was assigned claim number 4771 (the "**Lalor Proof of Claim**"), asserting an unsecured claim of not less than $470,000.00 against GMACM based on the claims asserted in the Countercomplaint.

15. On or about February 15, 2013, servicing of the Loan was transferred from GMACM to Ocwen Loan Servicing, LLC ("**Ocwen**") following the closing of the Ocwen Sale. (Noren Decl., ¶ 8.)

16. The State Court denied the Motion to Reargue by Order dated May 3, 2013, wherein the State Court specifically requested further clarification whether the automatic stay barred further proceedings in the Lalor Action, holding, "[a]ccordingly, this action is stayed pending receipt of clarification from the United States Bankruptcy Court Southern District of New York regarding its Final Supplemental Order dated July 13, 2012," and necessitating an Order from this Court (the "**Lalor Stay Relief Order**") allowing the Lalor Action to proceed. (Noren Decl., ¶ 9.)

17. As of February 1, 2014, servicing of the Loan was transferred from Ocwen to 21st Mortgage. (Noren Decl., ¶ 10.)

18. On February 11, 2015, the Court entered the *Order Granting Rescap Borrower Claims Trust's Eightieth Omnibus Objection to Claims (No Liability Borrower Claims)* [Docket No. 8113], pursuant to which the Lalor Proof of Claim was disallowed and expunged.

19. As of the date hereof, the Lalor Action remains stayed by the State Court, pending entry of the Lalor Stay Relief Order. (Noren Decl., ¶ 11.) Lalor has refused to stipulate to stay relief, and specifically, to relief that would allow for the substitution of the successor servicer in the Lalor Action. Id. Because the Lalor Action is currently in suspense, neither

Ocwen nor 21st Mortgage has been able to file the requisite pleadings in order to substitute in to the Lalor Action for GMACM.

### RELIEF REQUESTED

20. Pursuant to section 362(a) of the Bankruptcy Code and the terms of the Supplemental Servicing Order, the Liquidating Trust requests entry of the Order, substantially in the form attached hereto as <u>Exhibit 1</u>, clarifying that the automatic stay does not apply to: (1) claims and causes of action asserted against Lalor in the Lalor Action, (2) actions taken by 21st Mortgage as the actual party in interest in the Lalor Action, and (3) any claims or causes of action asserted by Lalor in the Countercomplaint to the extent such claims or causes of action constitute defenses to the foreclosure of the Loan.

### BASIS FOR RELIEF

21. Following the entry of the Supplemental Servicing Order, the Debtors worked closely with their bankruptcy counsel, local counsel and opposing counsel in pending cases to facilitate an understanding by all parties in interest of the Supplemental Servicing Order, and the stay relief provided thereunder. Notwithstanding those extensive efforts, the Liquidating Trust appreciates that other courts, including the State Court in the instant matter, were, and may continue to be, wary of inadvertently violating the automatic stay and potentially giving rise to an unnecessary expenditure of judicial resources. Out of an abundance of caution, the State Court has directed that the Lalor Action may not continue absent entry of an order of this Court expressly modifying the automatic stay for such purpose.

22. The State Court has indicated that, without such an order, the Lalor Action will remain suspended, thereby preventing any successor to the Debtors, such as 21st Mortgage, from prosecuting the underlying foreclosure action. The Debtors' successors are contractually

obligated to diligently pursue the foreclosure under the terms of the servicing agreement governing their rights and obligations with respect to the Loan. Although servicing of the Loan has been transferred to 21st Mortgage, because the Lalor Action is stayed pending entry of an order of this Court, neither Christiana Trust, F.S.B. as Trustee, nor 21st Mortgage are currently able to take any action in the Lalor Action, including, most notably, substituting in as the plaintiff and real party in interest.

23. The Liquidating Trust respectfully submits that no further stay relief is required in order to allow the State Court to permit Borrower to continue to prosecute his claims solely to the extent they constitute defenses to the foreclosure of the Property as they would be properly asserted against the successor servicer to GMACM. However, in deference to the State Court, the Liquidating Trust requests that this Court enter an order clarifying the effect of the Supplemental Servicing Order and automatic stay as it pertains to the Lalor Action. Such relief is authorized pursuant to paragraph 32 of the Supplemental Servicing Order, which provides that "[t]his Court shall retain jurisdiction with respect to all matters relating to the interpretation or implementation of this Order."

## NOTICE

24. The Liquidating Trust has served notice of this Motion in accordance with Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141]. The Liquidating Trust submits that no other or further notice need be provided.

## NO PRIOR REQUEST

25. No previous request for the relief sought herein has been made by the Liquidating Trust to this or any other court.

130988823v1 0951853

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an order, substantially in the form attached hereto as Exhibit 1, granting the relief requested herein and granting such other relief as is just and proper.

Dated:  March 13, 2015
  New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards
MORRISON & FOERSTER LLP
250 W. 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*

130988823v1 0951853