# Exhibit 1

**Proposed Order**

130988823v1 0951853

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------

|                                              |     |                        |
|----------------------------------------------|-----|------------------------|
|                                              |  )  |                        |
| In re:                                       |  )  | Case No. 12-12020 (MG) |
|                                              |  )  |                        |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., |  )  | Chapter 11             |
|                                              |  )  |                        |
| Debtors.                                     |  )  | Jointly Administered   |
|                                              |  )  |                        |

------------------------------------------------------------------------

### ORDER CLARIFYING SCOPE OF STAY RELIEF UNDER SUPPLEMENTAL SERVICING ORDER WITH RESPECT TO LALOR ACTION

Upon consideration of the *ResCap Liquidating Trust's Motion for Entry of an Order Clarifying Scope of Stay Relief Under Supplemental Servicing Order With Respect to Lalor Action* (the "**Motion**");[1] and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that notice of the Motion was adequate and proper under the circumstances of these cases and that no further or other notice need be given; and upon consideration of the *Declaration of Benjamin Noren in Support of ResCap Liquidating Trust's Motion for Entry of an Order Clarifying Scope of Stay Relief Under Supplemental Servicing Order With Respect to Lalor Action*; and no objections to the Motion have been received; and after due deliberation; it is hereby

**ORDERED ADJUDGED, AND DECREED THAT:**

1.      The relief requested in the Motion is GRANTED as provided herein.

2.      To the extent applicable, the automatic stay of section 362(a) of the Bankruptcy Code is modified, to the extent necessary, to permit any successor servicer of the Loan to prosecute any claims or causes of action asserted against Jay Lalor ("**Borrower**"), as

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

130978891v1 0951853

Borrower, in the foreclosure action pending before the New York State Supreme Court, County
of Nassau, captioned <u>GMAC Mortgage, LLC v. Jay Lalor, et. al.</u>, Index Number 08-7047 (the
"**Lalor Action**"), and to allow Borrower to prosecute any claims, counter-claims, or causes of
action to the extent such claims, counter-claims, and causes of action constitute defenses to the
pending foreclosure of the Loan.  For the avoidance of doubt, the automatic stay shall not
preclude any further proceedings in the Lalor Action to the extent any of Borrower's claims,
counterclaims or defenses constitute defenses to foreclosure as provided for in the Supplemental
Servicing Order.  For the further avoidance of doubt, the automatic stay shall not preclude any
action by 21st Mortgage to substitute in to the Lalor Action as successor-in-interest to GMAC
Mortgage, LLC, or to otherwise take action in the Lalor Action as the actual party in interest.

3.      Except as provided in this Order and in the Supplemental Servicing Order,
absent further order of the Court, the provisions of the automatic stay, as well as any related
injunction provisions in the Plan including, without limitation, those provisions prohibiting the
commencement of any action or the execution, enforcement or collection of any judgment that
may be obtained against the Debtors, any assets or property of the Debtors' estates (as defined in
section 541 of the Bankruptcy Code), the Liquidating Trust or the ResCap Borrower Claims
Trust (the "**Borrower Trust**") shall remain in full force and effect, and Borrower, together with
his respective agents, attorneys, or representatives, shall not take any action to execute, enforce
or collect all of or any portion of any such judgment from the Liquidating Trust, the Borrower
Trust, the Debtors, or their estates or properties.

4.      Entry of this Order is without prejudice to the Liquidating Trust's rights to
seek authorization to modify or supplement the relief granted herein.

5.      This Order shall be enforceable and effective immediately upon its entry.

2

130978891v1 0951853

130988823v1 0951853

6.      This Court shall retain jurisdiction to hear and determine all matters

arising from the interpretation and/or implementation of this Order.


Dated:   New York, New York
          _____, 2015


                         _____
                         THE HONORABLE MARTIN GLENN
                         UNITED STATES BANKRUPTCY JUDGE

130978891v1 0951853

130988823v1 0951853