## **Exhibit 2**

**Noren Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**DECLARATION OF BENJAMIN NOREN IN SUPPORT OF RESCAP LIQUIDATING TRUST'S MOTION FOR ENTRY OF AN ORDER CLARIFYING SCOPE OF STAY RELIEF UNDER SUPPLEMENTAL SERVICING ORDER WITH RESPECT TO LALOR ACTION**

I, Benjamin Noren, declare as follows:

**A.    Background and Qualifications**

1. I am an attorney at the law firm of Hinshaw & Culbertson LLP ("**H&C**"). I am authorized to submit this declaration (the "**Declaration**") in support of the *Debtors' Motion for Entry of an Order Clarifying Scope of Stay Relief Under Supplemental Servicing Order with Respect to Lalor Action* (the "**Motion**").[1]

2. H&C was retained to represent Debtor GMAC Mortgage, LLC ("**GMACM**") in an action captioned GMAC Mortgage, LLC v. Jay Lalor, et. al., Index Number 08-7047 (the "**Lalor Action**"), currently pending in the New York State Supreme Court, County of Nassau (the "**State Court**"). H&C was subsequently retained to represent Ocwen Loan Servicing, LLC ("**Ocwen**") and 21st Mortgage as successor servicers to GMACM. The information contained in this affidavit is based upon my personal knowledge, records maintained at H&C in the ordinary course of business, and pleadings filed in the Lalor Action. If I were

---

[1]    Capitalized terms used herein and not otherwise defined shall have the meaning ascribed to them in the Motion.

ny-1120070

called to testify as a witness in this matter, I would testify competently to the facts set forth herein.

      **B.**    **The Lalor Action**

      3.    Jay Lalor ("**Borrower**") is a borrower under a loan (the "**Loan**") evidenced by a note (the "**Note**") in the principal amount of $644,000.00 executed on April 28, 2005, in favor of HTFC Corporation ("**HTFC**"), which was secured by a mortgage (the "**Mortgage**") on the premises commonly known as 14 Carman Boulevard, Massapequa, New York. See Promissory Note and Mortgage, annexed hereto as **Exhibits A** and **B**, respectively. The Note was ultimately assigned and placed into the physical custody of Christiana Trust, a division of Wilmington Savings Fund Society, FSB as trustee for Knoxville 2012 Trust, where it is currently held.

      4.    After Lalor defaulted on the Note on January 1, 2008, GMACM, in its capacity as servicer of the Loan, filed a Complaint dated April 17, 2008 in the State Court commencing the Lalor Action for foreclosure. See Complaint, annexed hereto as **Exhibit C**. Specifically, GMACM maintained, as servicer, that it held the Note, that Lalor defaulted under the terms of the Note, and that GMACM, as servicer, exercised its right to accelerate the balance on the Note and foreclose on the Mortgage. Id. at ¶¶ 1 and 5.

      5.    Lalor filed an Answer with Counterclaims and Cross-claims and Third-Party Complaint (the "**Countercomplaint**"), through counsel, on May 19, 2008. See Countercomplaint, annexed hereto as **Exhibit D**.

      6.    A compliance conference was scheduled for September 10, 2012, which was further adjourned to November 14, 2012, while the State Court made a determination as to the effect of the Debtors' bankruptcy on the Lalor Action.

ny-1120070

7. On or about October 24, 2012 GMACM filed a Motion to Reargue a prior discovery order in the Lalor Action returnable November 14, 2012 (the "**Motion to Reargue**"), the adjourn date of the compliance conference. Annexed to the Motion to Reargue was a copy of the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* [Docket No. 774]. See Motion to Reargue, annexed hereto as **Exhibit E**.

8. On or about February 15, 2013, servicing of the Loan was transferred from GMACM to Ocwen following the closing of the Ocwen Sale.

9. The State Court denied the Motion to Reargue by Order dated May 3, 2013, wherein the State Court specifically requested further clarification whether the automatic stay applies, holding, "[a]ccordingly, this action is stayed pending receipt of clarification from the United States Bankruptcy Court Southern District of New York Regarding its Final Supplemental Order dated July 13, 2012" necessitating an Order from the Court allowing the Lalor Action to proceed. See State Court Order dated May 3, 2013 annexed hereto as **Exhibit F**.

10. As of February 1, 2014, servicing of the Loan was transferred from Ocwen to 21st Mortgage.

11. As of the date hereof, the Lalor Action remains stayed before the State Court, pending entry of the Lalor Stay Relief Order. Lalor has refused to stipulate to stay relief,

3

including, most notably, relief that would permit the successor servicers to file and substitute in to the Lalor Action.

*Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.*

Dated: February 25, 2015

/s/ Benjamin Noren
Benjamin Noren

*Counsel for GMAC Mortgage, LLC, Ocwen Loan Servicing, LLC, 21st Mortgage, and Christiana Trust, a division of Wilmington Savings Fund Society, FSB as trustee for Knoxville 2012 Trust*

4

ny-1120070