**<u>Exhibit C</u>**

STATE OF NEW YORK
SUPREME COURT: COUNTY OF NASSAU
----------------------------------------------------------X

GMAC MORTGAGE, LLC
3451 Hammond Avenue
Waterloo, IA 50704-5400

               Plaintiff,

vs.

JAY LALOR, KATHERINE C. LALOR,
AMERITRUST MORTGAGE BANKERS, HTFC
CORPORATION,

JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to
designate any and all occupants of
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

              Defendant(s).
----------------------------------------------------------X

**SUMMONS**

ORIGINAL FILED WITH THE
CLERK ON 4/17/08

INDEX NO.: 7047/08

Mortgaged Premises:
14 CARMAN BOULEVARD
MASSAPEQUA, NY 11758

SBL #:
66-113-141

TO THE ABOVE NAMED DEFENDANTS:

     YOU ARE HEREBY SUMMONED to answer the Complaint in the above captioned action and to serve a copy of your Answer on the Plaintiff's attorney within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after completion of service where service is made in any other manner than by personal delivery within the State. The United States of America, if designated as a Defendant in this action, may answer or appear within sixty (60) days of service hereof. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

## NOTICE
## YOU ARE IN DANGER OF LOSING YOUR HOME

**If you do not respond to this summons and complaint by serving a copy of the answer on the attorney for the mortgage company who filed this foreclosure proceeding against you and filing the answer with the court, a default judgment may be entered and you can lose your home.**

**Speak to an attorney or go to the court where your case is pending for further information on how to answer the summons and protect your property.**

1

**<u>Sending a payment to your mortgage company will not stop this foreclosure action.</u>**

**<u>YOU MUST RESPOND BY SERVING A COPY OF THE ANSWER ON THE ATTORNEY FOR THE PLAINTIFF (MORTGAGE COMPANY) AND FILING THE ANSWER WITH THE COURT.</u>**

NASSAU County is designated as the place of trial. The basis of venue is the location of the mortgaged premises foreclosed herein.

DATED:        April 16, 2008

                                          Steven J. Baum, P.C.
                                          Attorneys for Plaintiff
                                          220 Northpointe Parkway Suite G
                                          Amherst, NY 14228
                                          Tel.: 716-204-2400

STATE OF NEW YORK
SUPREME COURT: COUNTY OF NASSAU
------------------------------------------------------------X

GMAC MORTGAGE, LLC
3451 Hammond Avenue
Waterloo, IA 50704-5400

                Plaintiff,

vs.

JAY LALOR, KATHERINE C. LALOR,
AMERITRUST MORTGAGE BANKERS, HTFC
CORPORATION,

JOHN DOE (Said name being fictitious,
it being the intention of Plaintiff to
designate any and all occupants of
premises being foreclosed herein, and
any parties, corporations or entities,
if any, having or claiming an interest
or lien upon the mortgaged premises.)

                Defendant(s).
------------------------------------------------------------X

**COMPLAINT**

INDEX NO.: 7047/08

Mortgaged Premises:
14 CARMAN BOULEVARD
MASSAPEQUA, NY 11758

SBL #:
66-113-141

     The Plaintiff by its attorneys, Steven J. Baum, P.C., for its complaint against the Defendant(s) alleges upon information and belief as follows:

AS AND FOR A FIRST CAUSE OF ACTION:

     FIRST: Plaintiff is a banking corporation duly organized and existing under and by virtue of the laws of the State of Delaware, and the holder of a note and mortgage being foreclosed.

     SECOND: On or about the 28th day of April, 2005, JAY LALOR duly executed and delivered an adjustable rate note whereby JAY LALOR promised to pay the sum of $644,000.00 with interest on the unpaid balance of the debt.

     THIRD: That as security for the payment of said note JAY LALOR duly executed and delivered a mortgage in the amount of $644,000.00 which mortgage was recorded as follows and mortgage tax paid thereon:

Recording Date: June 3, 2005
Book/Page: 28909/562
County (or City Register of): NASSAU

     The mortgage was subsequently assigned to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. by assignment.

     and further assigned by assignment dated the 15th day of April, 2008, and sent for recording in the Office of the Clerk of NASSAU County;

     FOURTH: The mortgaged premises are commonly known as 14 CARMAN BOULEVARD, MASSAPEQUA, NY 11758 and more fully described in "Schedule A" attached to this complaint. The tax map designation is known as all or part of SBL: 66-113-141.

3

FIFTH: That the Defendant(s) JAY LALOR so named, has/have failed to comply with the conditions of the mortgage and note by failing to pay principal and interest and/or taxes, assessments, water rates, insurance premiums, escrow and/or other charges that came due and payable on the 1st day of January, 2008 as more fully set forth below. Accordingly, Plaintiff elects to call due the entire amount secured by the mortgage.

SIXTH: There is now due and owing on said mortgage the following amounts:

Principal balance: $643,832.22
Interest Rate: 5%
Date interest accrues from: December 1, 2007
Escrow balance: $1,008.64
Late charges: $160.95
Inspection fees: $11.25

Together with monies advanced for taxes, insurance, maintenance of premises and the costs, allowances and reasonable attorney's fees if permitted by the mortgage. The interest rate stated above may change in accordance with the adjustable rate feature of the note or loan agreement.

SEVENTH: In order to protect its security interest the Plaintiff or its agent has paid or may be compelled to pay during the pendency of this action, taxes, assessments, water rates, insurance premiums and other charges affecting the mortgaged premises. Plaintiff requests that any sums it or its agent has paid, together with interest, be included in the sum otherwise due as provided for and secured by the mortgage.

EIGHTH: Upon information and belief all the defendants herein have or claim to have some interest in or lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of Plaintiff's mortgage, or has been paid or equitably subordinated to Plaintiff's mortgage, or has been duly subordinated thereto. The reason for naming said defendants is set forth in "Schedule B" that is attached to this complaint.

NINTH: The reason for naming any governmental agency or instrumentalities of the Federal, State or local government (however designated), is set forth in "Schedule C" that is attached to this complaint.

TENTH: Upon information and belief the defendant(s) "John Doe" are occupants of the premises being foreclosed, or may be any persons, corporations or entities who claim, or may claim, a lien or other interest against the premises.

ELEVENTH: If applicable, the mortgage originated in compliance with Banking Law Sections 595-a and 6-l.

TWELFTH: Plaintiff requests that in the event this action proceeds to judgment of foreclosure and sale, said premises be sold subject to: any state of facts an inspection of the premises would disclose or an accurate survey of the premises would show; covenants, restrictions, easements and public utility agreements of record, if any; building and zoning ordinances and possible violations of the same; any rights of tenants or persons in possession of the premises; any equity of redemption of the United States of America to redeem the premises within 120 days; prior mortgages and liens, if any. If the mortgage secures more than one parcel, Plaintiff requests the judgment of foreclosure provide for the sale of the parcels in a particular order to the extent necessary to satisfy the indebtedness.

THIRTEENTH: There are no other actions or pending proceedings at law to collect or enforce the note and mortgage.

4

## AS AND FOR A SECOND CAUSE OF ACTION:

FOURTEENTH: Plaintiff repeats and re-alleges the allegations contained in Paragraphs "FIRST" through "THIRTEENTH", as though fully set forth herein.

FIFTEENTH: Upon information and belief, all the defendants herein have or claim to have some interest in or lien upon said mortgaged premises or some part thereof which interest or lien, if any, has accrued subsequent to the lien of Plaintiff's mortgage, or has been paid or equitably subrogated to Plaintiff's mortgage, or has been duly subordinated thereto. The reason for naming said defendants is set forth in Schedule "B and/or C" that is attached to this complaint.

SIXTEENTH: It appears from the public records that Defendant AMERITRUST MORTGAGE BANKERS holds a lien which is adverse to the Plaintiff's interest and which remains open of record as follows:

Recording Date: July 26, 2004
Book/Page: 27258/983
County (or City Register of): NASSAU

SEVENTEENTH: The interest of Plaintiff in the property is set forth in paragraph "FIRST", above.

EIGHTEENTH: Upon information and belief, all of the defendants are known, and none of them are infants, mentally retarded, mentally ill or alcohol abusers.

NINETEENTH: Upon information and belief, there are no persons not in being or ascertained at the commencement of this action who by any contingency contained in a devise or otherwise, could afterward become entitled to a beneficial estate or interest in the property involved in this action, and any judgment rendered herein will not and may not affect any such person not in being or not ascertained at the time of the commencement of this action.

TWENTIETH: The lien(s) of Defendant AMERITRUST MORTGAGE BANKERS appears to be prior and adverse to the mortgage being foreclosed and is subject to be declared invalid and extinguished pursuant to Article 15 of the Real Property Actions and Proceedings Law.

TWENTY-FIRST: Plaintiff hereby requests that the Judgment of Foreclosure state the following:

ORDERED, ADJUDGED AND DECREED, that the lien(s) which appear(s) to be prior and adverse to the mortgage being foreclosed, namely the lien of Defendant(s) AMERITRUST MORTGAGE BANKERS, is/are hereby declared invalid and extinguished pursuant to RPAPL Article 15; and it is further

ORDERED, ADJUDGED AND DECREED, that Defendant AMERITRUST MORTGAGE BANKERS and all persons or entities claiming by, through or under them, be and are hereby forever barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises; and it is further

ORDERED, ADJUDGED AND DECREED, that the record be reformed to reflect that the lien of Defendant AMERITRUST MORTGAGE BANKERS is invalid and extinguished.

WHEREFORE, PLAINTIFF DEMANDS JUDGMENT:

1. Adjudging and decreeing the amounts due the Plaintiff for principal, interest, costs, late charges, expenses of sale, allowances and disbursements, reasonable attorney's fees if provided for in the mortgage and any monies advanced and paid which are secured by the mortgage.

2. That the defendants and all persons claiming by, through or under them and every other person or entity whose right, title, conveyance or encumbrance is subsequent to or subsequently recorded, or whose lien is being challenged by being a defendant in this action, be barred and foreclosed of and from all right, claim, lien, interest or equity of redemption in and to said mortgaged premises.

3. That the said mortgaged premises, or such part thereof as may be necessary to raise the amounts due as aforesaid, be decreed to be sold according to law subject to the provisions of paragraph "TWELFTH" of this complaint.

4. That out of the monies arising from the sale thereof, the Plaintiff may be paid the amounts due on said note and mortgage, plus those items referenced in paragraph 1, above, together with any sums expended as aforesaid, with interest as allowed by law upon any advances from the dates of the respective payments, so far as the amount of such money properly applicable thereto will pay the same.

5. That either or any of the parties to this action may become a purchaser upon such sale.

6. That this court, if requested, forthwith appoint a receiver of the rents and profits of said premises with the usual powers and duties.

7. That the defendants referred to in paragraph "FIFTH" of this complaint and any original or subsequent obligors so named in this action, may be adjudged to pay any deficiency that may remain after applying all of said monies so applicable thereto, unless the debt has been listed and discharged in a bankruptcy petition, or unless the Plaintiff is unable to produce a copy of the note, in which case no deficiency judgment will be sought.

8. In the event Plaintiff possesses any other liens against the premises, they shall not be merged with the same. Plaintiff specifically reserves its right to share in any surplus monies arising from the sale of the subject premises by virtue of its position as a judgment or other lien creditor, excluding the mortgage being foreclosed herein.

9. That Defendant AMERITRUST MORTGAGE BANKERS 's interest in the mortgaged premises, and all persons or entities claiming by, through or under them, be declared invalid and extinguished, and that Defendant AMERITRUST MORTGAGE BANKERS and all persons or entities claiming by, through or under them, be barred and foreclosed of and from all right, claim, lien, interest or equity or redemption in and to said mortgaged premises and that the plaintiff be granted reformation of the record to reflect said lien being extinguished.

10. Awarding the relief requested in the SECOND cause of action stated in this complaint.

11. That the Plaintiff may have such other and further relief as may be just, equitable and proper.

Steven J. Baum, P.C.
Attorneys for Plaintiff
220 Northpointe Parkway Suite G
Amherst, NY 14228
Tel.: 716-204-2400

PRIME TITLE SEARCH, LLC

Title No. PT-39986-08  (File No. 0601251957)

SCHEDULE A
DESCRIPTION

**Section 66, Block 113 and Lot 141**

ALL that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Town of Oyster Bay, County of Nassau and the Northerly one half of Lot 33, Block 1 on a certain map entitled, "Amityville Development of the Long Island Seashore Company April 1925 by Robert J. Barkley, L.S." and filed in the Nassau County Clerk's Office on April 17, 1926 as Map No. 602, Case No. 3628.

**Premises known as 14 Carman Boulevard, Massapequa, New York**

SCHEDULE A

7

## Schedule B - Defendants

| | |
|---|---|
| JAY LALOR | Record owner and original mortgagor. |
| KATHERINE C. LALOR | Record owner. |
| AMERITRUST MORTGAGE BANKERS | Holder of a mortgage. Named as a party Defendant herein to extinguish said Defendant's lien, as Plaintiff believes Defendant has been paid in full, and that the lien of the Plaintiff is superior. |
| HTFC CORPORATION | Holder of a mortgage. |
| JOHN DOE | Said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises. |

## **Schedule C - Defendants**

NONE

STATE OF NEW YORK)
COUNTY OF ERIE    )    ss.:

MICHAEL J. WRONA, being duly sworn, deposes and says:

That your deponent is the attorney for the plaintiff, having an office at 220 Northpointe Parkway, Amherst, New York, and that he has read the foregoing Summons and Complaint and knows the contents thereof; that the same is true to his knowledge except as to the matters therein stated to be alleged upon information and belief, and as to those matters your deponent believes it to be true. Deponent further states that the grounds of his belief as to all matters in the Complaint not stated to be upon his knowledge are based upon the original note, mortgage and/or financial statements, together with correspondence.

That the reason this verification is made by your deponent instead of the Plaintiff is because the Plaintiff does not reside or have an office for the conduct of business within the County of Erie, which is the County where your deponent has his office.

_____
MICHAEL J. WRONA, ESQ.

Sworn to before me this
10th day of April, 2008
_____

DECIA M. WALKER
NOTARY PUBLIC, STATE OF NEW YORK
QUALIFIED IN ERIE COUNTY
My Commission Expires April 11, 2009

10

MICHAEL J. WRONA, AN ATTORNEY AT LAW LICENSED TO PRACTICE IN THE STATE OF NEW YORK, AND THE ATTORNEY FOR THE PLAINTIFF IN THIS ACTION HEREBY CERTIFIES THAT, TO THE BEST OF HIS KNOWLEDGE, INFORMATION AND BELIEF, FORMED AFTER AN INQUIRY REASONABLE UNDER THE CIRCUMSTANCES, THE PRESENTATION OF THIS PLEADING, AFFIDAVIT, (OR MOTION IF APPLICABLE), OR THE CONTENTIONS CONTAINED HEREIN ARE NOT FRIVOLOUS AS DEFINED IN 22 N.Y.C.R.R. 130-1.1 ( c ).

_____
MICHAEL J. WRONA, ESQ.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF NASSAU
-----------------------------------------------------------X

GMAC MORTGAGE, LLC
3451 Hammond Avenue
Waterloo, IA 50704-5400

        Plaintiff,

vs.

JAY LALOR, KATHERINE C. LALOR, et al.

        Defendants.
-----------------------------------------------------------X

SUMMONS AND COMPLAINT

-----------------------------------------------------------X

STEVEN J. BAUM, P.C.
Attorneys for Plaintiff
220 Northpointe Parkway Suite G
Amherst, NY 14228
Tel.: 716-204-2400