**<u>Exhibit E</u>**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

| | |
|---|---|
| GMAC MORTGAGE, LLC,<br>       Plaintiff, | Index No. 7047/08<br><br>**NOTICE OF MOTION** |
| -against- | |
| JAY LALOR, KATHERINE C. LALOR, AMERITRUST MORTGAGE BANKERS, HTFC CORPORATION, JOHN DOE (said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises), | Mortgaged Premises:<br>14 Carman Boulevard,<br>Massapequa, New York |
|        Defendants. | |
| JAY LALOR, | |
|        Third Party Plaintiff, | |
| -against- | |
| AARON WIDER, HTFC CORPORATION, JOHN PETITON, INDIVIDUALLY AND AS TRUSTEE OF THE COURNOYER FAMILY TRUST, GCF DEVELOPMENT CORP., TERESA MAROTTA, INDIVIDUALLY AND AS TRUSTEE OF THE PETITION TRUST, JOSEPH MIRANDO, AMERICAN APPRAISAL SERVICES, RANDALL JONASON, JONASON APPRAISAL SERVICES, INC., and CHRISTOPHER ROMANO, | |
|        Third Party Defendants. | |

MOTION MADE BY:  **KNUCKLES, KOMOSINSKI & ELLIOTT, LLP**
           Attorneys for Plaintiff
           *GMAC Mortgage, LLC*
           565 Taxter Rd., Suite 590
           Elmsford, NY 10523

| | |
|---|---|
| RETURN DATE AND TIME: | November 14, 2012 at 9:30 a.m. in Nassau County Supreme Court at the courthouse located at 100 Supreme Court Drive, Mineola, New York; |
| SUPPORTING PAPERS: | Affirmation of Stephen M. Forte, Esq. dated October 24, 2012, and exhibits annexed hereto; |
| RELIEF REQUESTED: | An Order granting the following relief: |

a) Leave to reargue Defendant's July 20, 2011 Discovery Motion;

b) Deeming Plaintiff to have fully complied with its discovery obligations; and

c) Such other and further relief as to this Court may deem just and proper.

Dated:   Elmsford, New York
         October 24, 2012

Yours, etc.,
**KNUCKLES, KOMOSINSKI & ELLIOTT, LLP**
Attorneys for Plaintiff
565 Taxter Road, Suite 590
Elmsford, NY 10523
(914) 345-3020

By: _____
    STEPHEN M. FORTE, ESQ.

-2-

TO:
Roy Lester, Esq.
Lester & Associates, PC
Attorneys for Jay Lalor
600 Old Country Road, Suite 229
Garden City, New York 11530

John Petition, Pro Se
35 Harvard Street
Garden City, NY 11530

Raymond Voulo, Esq.
Law Office of Ray Voulo, Esq.
Attorneys for Aaron Wider and HTFC Corp.
145 Willis Avenue
Mineola, New York 11501

-3-

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NASSAU

GMAC MORTGAGE, LLC,

      Plaintiff,

-against-

JAY LALOR, KATHERINE C. LALOR, AMERITRUST MORTGAGE BANKERS, HTFC CORPORATION, JOHN DOE (said name being fictitious, it being the intention of Plaintiff to designate any and all occupants of premises being foreclosed herein, and any parties, corporations or entities, if any, having or claiming an interest or lien upon the mortgaged premises),

      Defendants.

Index No. 7047/08

**AFFIRMATION IN SUPPORT**

Mortgaged Premises:
14 Carman Boulevard,
Massapequa, New York

JAY LALOR,

      Third Party Plaintiff,

-against-

AARON WIDER, HTFC CORPORATION, JOHN PETITON, INDIVIDUALLY AND AS TRUSTEE OF THE COURNOYER FAMILY TRUST, GCF DEVELOPMENT CORP., TERESA MAROTTA, INDIVIDUALLY AND AS TRUSTEE OF THE PETITION TRUST, JOSEPH MIRANDO, AMERICAN APPRAISAL SERVICES, RANDALL JONASON, JONASON APPRAISAL SERVICES, INC., and CHRISTOPHER ROMANO,

      Third Party Defendants.

STATE OF NEW YORK ) SS.:
COUNTY OF WESTCHESTER )

  Stephen M. Forte, Esq., pursuant to CPLR 2106 and under the penalties of perjury, affirms as follows:

1.  I am an attorney at law duly licensed to practice in the State of New York and am an associate attorney with the Law Firm of Knuckles, Komosinski & Elliott, LLP, the attorneys of record for Plaintiff, GMAC Mortgage, LLC ("Plaintiff") in the above captioned mortgage foreclosure action. As such, I am fully aware of the underlying action, as well as the proceedings had herein.

2.  I submit this affirmation in support of Plaintiff's motion pursuant to CPLR Rule 2221(d) for leave to reargue a decision and order, dated July 5, 2012 (the "Order"), wherein the Honorable Thomas A. Adams required the parties to produce all discovery predicated upon the absence of an executed protective order (the "Order"). A copy of the Order is annexed hereto as **Exhibit "A"**.

### FACTS & PROCEDURAL HISTORY

3.  The within action concerns an improved parcel of real property located at 14 Carman Boulevard, Massapequa, New York (the "Premises"), of which title is held by Jay Lalor (the "Defendant").

4.  On or about the 28th day of April, 2005, Defendant duly executed and delivered to Plaintiff's assignor, HTFC Corporation, a note bearing said date, wherein and whereby it was covenanted and agreed to repay to HTFC Corporation and its successors or assigns, the principal sum of $644,000.00 with interest thereon as set forth in said note (the "Note"). A copy of the Note is annexed hereto as **Exhibit "B"**.

4.  On the same day, to secure the payment of the sum represented by said Note, Lalor duly executed and delivered to Plaintiff's assignor, HTFC Corporation, a mortgage granting a security interest in the Premises, and more fully described in said

-5-

mortgage (the "Mortgage"). The Mortgage was duly recorded in the office of the Nassau County Clerk on June 3, 2005, in Book 28909 at Page 562 and the mortgage recording tax thereon was duly paid. A copy of the Mortgage is annexed hereto as **Exhibit "C"**.

5. The Note was endorsed by HTFC Corporation and ultimately delivered to Plaintiff prior to the commencement of the instant action in the form attached hereto with all endorsements appearing thereon. See **Exhibit "B"**.

6. The Mortgage was ultimately assigned to Plaintiff as evidenced through an assignment of mortgage dated May 3, 2005, and recorded April 25, 2007, and another assignment of mortgage dated April 15, 2008 and recorded April 28, 2008 with the Nassau County Clerk's Office. Copies of the assignments of mortgage are annexed hereto as **Exhibit "D"**.

7. Defendant failed to comply with the terms of the Note and Mortgage by defaulting in the payment of principal, interest and escrows that became due on January 1, 2008, and monthly thereafter

8. As a result of this continued default, the instant action was commenced as there is now due and owing to Plaintiff the principal sum of $643,832.22 with interest thereon from December 1, 2007.

## PROCEDURAL HISTORY

19. Plaintiff commenced the instant foreclosure action by filing a Summons, Complaint, and Notice of Pendency with the Nassau County Clerk's Office on April 17, 2008.

20. Defendant interposed an Answer with Counterclaims and Cross-claims and Third-Party Complaint through counsel, Lester & Associates P.C., dated May 19, 2008.

21. Plaintiff filed and served a Reply to Counterclaims ("Reply") dated June 26, 2008.

22. On or about October 31, 2008 a preliminary conference was held before Hon. R. Bruce Cozzens. Thereafter, the matter was stayed on several occasions due to the filing of bankruptcy by Third-Party Defendants Randall Jonason and HTFC Corporation. Upon the lifting of the stays, another preliminary conference was held on February 15, 2011.

23. Subsequently, the parties exchanged discovery demands and responses.

24. With respect to Plaintiff's response to Defendant's Combined Demands, Defendant sent a letter to Plaintiff dated June 15, 2011 objecting to several of Plaintiff's responses. Plaintiff responded thereto by letter dated July 11, 2011. Copies of the June 15, 2011 and July 11, 2011 letters are annexed hereto as **Exhibit "E"**.

25. Thereafter, a series of motions were filed by the parties, including, Plaintiff's Motion for Summary Judgment, Defendant's Motion to Dismiss, a discovery motion filed by third-party defendants Aaron Wider and HTFC Corp. against Defendant, and two discovery motions filed by Defendant against Wider and HTFC Corp. and Plaintiff.

26. Plaintiff and Defendant agreed to withdraw their respective motion for summary judgment and motion to dismiss by stipulation dated October 6, 2011 and

-7-

referred the matter back to the settlement conference part. A copy of the Stipulation so ordered by the Court on November 22, 2011 is annexed hereto as **Exhibit "F"**.

27. The matter was once again released from the settlement conference part on or about March 28, 2012.

28. Upon the release of the matter from the settlement conference part, a compliance conference was held on April 30, 2012.

29. Subsequently, Hon. Thomas A. Adams entered an Order dated July 5, 2012 ordering Plaintiff to provide full and complete disclosure to discovery demands within twenty (20) days of the date of the Order. It was further ordered that a compliance conference be held September 10, 2012 which was adjourned twice and is currently scheduled to be held on November 14, 2012. See **Exhibit "A"**.

30. The cause of the adjournment of the pending compliance conference is for a determination as to the effect of the pending bankruptcy filed by Plaintiff in the Southern District of New York. A copy of the Bankruptcy Court's docket is annexed hereto as **Exhibit "G"**.

31. It is respectfully requested by Plaintiff that this Court deem the stay inapplicable to the instant action and that the July 5, 2012 Order be reversed and Plaintiff found to have met its discovery obligations.

## STANDARD OF LAW

32. Pursuant to the CPLR, "a motion for leave to reargue: (1) shall be identified specifically as such; (2) shall be based upon matters of fact or law allegedly overlooked or misapprehended by the court in determining the prior motion, but shall

-8-

not include any matters of fact not offered on the prior motion; and (3) shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry." CPLR R. 2221(d).

33. It has been held that "motions to reargue are addressed to the sound discretion of the court which decided the prior motion and may be granted upon a showing that the court overlooked or misapprehended facts or law or mistakenly arrived at its earlier decision." Marini v. Lombardo, 17 A.D.3d 545, 793 N.Y.S.2d 460 (2d Dept. 2005), citing Viola v. City of New York, 13 A.D.3d 439, 786 N.Y.S.2d 556 (2d Dept. 2004).

34. The purpose of a motion for re-argument is to afford a party an opportunity to demonstrate that the court overlooked or misapprehended the law or facts pertinent to the original motion, not to serve as a vehicle to permit the unsuccessful party to argue once again the very questions previously decided. Bankers Trust Co. of California v. Payne, 188 Misc.2d 726, 730 N.Y.S.2d 200 (Sup. Ct., Kings County 2001); Foley v. Roche, 68 A.D.2d 588, 567 (1st Dept 1979).

## ARGUMENT

I. The Court Overlooked and Misapprehended the Objections and Responses by Plaintiff to Defendant's Discovery Demands.

35. In the July 5, 2012 Order, Judge Adams required full disclosure of discovery predicated on the parties having not moved for a protective order (See Exhibit "A"). However, nowhere in the Order to does Judge Adams make reference to Plaintiff having timely made objections in its responses to Defendant's discovery demands. Therefore, Plaintiff should not be compelled to provide documents or any

-9-

information which it was properly and timely objected to. There is no requirement that a party objecting to discovery move for a protective order.

36.  Defendant raised issue with Plaintiff's objections and responses to the following interrogatories and demands.

> INTERROGATORY 6: Set forth any due diligence undertaken by GMAC regarding the mortgages that are the subject of this action.
>
> ANSWER 6: GMAC objects to this interrogatory as it seeks proprietary and confidential information, and is not materially relevant to any party's claims or defenses.
>
> LALOR'S OBJECTION: Your objections with respect to the due diligence of your client are improper. Your objection based on confidentiality is wholly conclusory. Whether or not your client exercised due diligence in purchasing the mortgage at issue is relevant or may lead to relevant information as to whether your client acted in concert with Aaron Wider and HTFC or was grossly reckless in connection with such transaction.
>
> INTERROGATORY 7: Set forth the name and address of the person(s) or employee(s) at GMAC who made the decision to acquire Defendant's mortgage on the Property and set forth the basis for such decision.
>
> ANSWER 7: GMAC objects to this interrogatory as it seeks protect proprietary and confidential information and is not materially relevant to any party's claims or defenses.
>
> LALOR'S OBJECTION: Your objections with respect to the name and address of the persons at GMAC who made the decision to purchase the mortgage are improper. Your objection based on confidentiality is wholly conclusory. The identification of those persons is relevant or may lead to relevant information as to whether your client acted in concert with Aaron Wider and HTFC or was grossly reckless in connection with such transaction.
>
> INTERROGATORY 10: Set forth each and every disbursement made at the closing on the transaction secured by a mortgage that is the subject of this action, specifying:
>     (a) source of funds for each disbursement;
>     (b) name and address of the payor;
>     (c) name and address of the payee;
>     (d) amount of the payment;

-10-

(e) method of payment;
(f) nature of each payment.

ANSWER 10: GMAC objects to this interrogatory as it seeks information that is not within its custody and/or control, nor is it within GMAC's personal knowledge as GMAC did not originate this loan. To the extent not objectionable, GMAC is not in possession of any of the checks issued by any party at the subject closing, except for the one check issued by Defendant Lalor, which is included in response to Defendant's Document Demand and identified as GMAC Production 0134, 0299, 0315.

LALOR'S OBJECTION: Your objections with respect to the disbursements made at closing of the subject mortgage are improper. Your client, as purported assignee of the lender, should be in possession of documents containing information responsive to this interrogatory. If your client is not in possession of those records, it should explain the reason why it lacks those records and properly identify (i.e., by name, address, etc.) the person/s holding said records and their location. The fact that your client did not originate the loan does mean that your client lacks documents concerning said origination and, in fact, it appears it does not have a copy of one check purportedly issued by Mr. Lalor.

DEMAND 15: Any and all two-sided checks reflecting any and all disbursements made as a result of any closing(s) on the Property where HTFC acted as mortgage lender.

ANSWER 15: GMAC objects to this demand to the extent that it seeks information that is not within its custody and/or control, is overly broad and not reasonably calculated to lead to discoverable and/or relevant evidence, and seeks information that is equally available to Lalor from other sources. Without waiving said objection, GMAC is not in possession of any such checks related to the subject transaction.

LALOR'S OBJECTION: Your objections with respect to the checks reflecting the disbursements made at closing of the subject mortgage are improper. Your objection that this information is equally available to Mr. Lalor is wholly conclusory and false and it hardly constitutes a valid excuse to your client's obligation to disclose. Your client, as purported assignee of the lender, should be in possession of documents containing information responsive to this request. If your client is not in possession of those records, it should explain the reason why it lacks those records and properly identify (i.e., by name, address, etc.) the person/s holding said records and their location.

-11-

DEMAND 19: Any and all documents concerning GMAC's due diligence in acquiring the mortgage that is the subject of this action.

ANSWER 19: GMAC objects to this interrogatory as it seeks proprietary and/or confidential information.

LALOR'S OBJECTION: Your objections with respect to the due diligence of your client are improper. Your objection based on confidentiality is wholly conclusory. Whether or not your client exercised due diligence in purchasing the mortgage at issue is relevant or may lead to relevant information as to whether your client acted in concert with Aaron Wider and HTFC or was grossly reckless in connection with such transaction.

DEMAND 21: Any and all documents concerning the consideration paid by GMAC in exchange for the assignment of any mortgage on the Property to GMAC (including but not limited to documents evidencing the account(s), if any, where funds were deposited).

ANSWER 21: GMAC objects to this demand as it seeks proprietary and/or confidential information. Notwithstanding said objection, GMAC admits that it did pay consideration for the subject note and mortgage.

LALOR'S OBJECTION: Your objections with respect to documents regarding the consideration allegedly paid by GMAC for the assignment of the subject mortgage are improper. Your objection based on confidentiality is wholly conclusory. The amount of consideration allegedly paid by your client is relevant or may lead to relevant information regarding the property flipping scheme set forth in the complaint.

37.     Prior to Defendant moving for relief, the parties exchanged letters whereby Defendant sought further detailed explanation for the objections to the above interrogatories and demands, as set forth above. See **Exhibit "E"**.

38.     At that time Plaintiff provided the following statement in response to each interrogatory and demand: "GMAC does not alter or amend its previous response and repeats the specific and general objections thereto." See **Exhibit "E"**.

39.     In the parties' respective moving papers their respective positions were fully briefed. In summary of Plaintiff's arguments in opposition to Defendant's Motion

-12-

to Compel, Plaintiff appropriately objected on the grounds of relevance, to wit, none of the claims asserted by Defendant are asserted against Plaintiff, who did not originate the subject loan.

40. Defendant has sought to build its defense to the foreclosure action and its third party action predicated upon fraud in the origination, however, Plaintiff, who was not the originator could not have been complicit in the fraud. Similarly, there was no privity between Plaintiff and Defendant at the time of entering into the loan transaction. A more complete discussion of Plaintiff's compliance and proper objections are set forth in the Affirmation of Allison Lam in Opposition to Defendant's Discovery Motion. A copy of the Defendant's Combined Demands, Plaintiff's Responses to Combined Demands, Defendant's Discovery Motion, and Plaintiff's Opposition to Discovery Motion are annexed hereto as **Exhibits "H", "I", "J", "K"**, respectively.

41. Rather than ruling on whether Plaintiff's objection were proper, the Court's Order intimated that the objections were waived and, absent a protective order, the parties were required to disclose all responsive information. Despite such, Plaintiff could not have waived its objections because it timely filed its objections to Defendant's requests. Even Defendant acknowledges that objections to discovery were raised in its June 15, 2011 letter (See **Exhibit "E"** and Argument, *supra*.).

42. Therefore, it is respectfully requested that the Court reconsider the July 5, 2012 Order, that Plaintiff's objections be deemed valid, and Plaintiff found to have fully complied with its discovery obligations.

-13-

## II. This Matter Should be not be Stayed.

43. On or about May 14, 2012, Plaintiff and related entities filed a voluntary petition pursuant to Chapter 11 of the U.S. Bankruptcy Code in the Southern District of New York Bankruptcy Court. See **Exhibit "L"**.

44. Per the *Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs; (II) Approving Procedures for Compromise and Settlement of Certain Claims, Litigations and Causes of Action; (III) Granting Limited Stay Relief to Permit Foreclosure and Eviction Proceedings, Borrower Bankruptcy Cases, and Title Disputes to Proceed; and (IV) Authorizing and Directing the Debtors to Pay Securitization Trustee Fees and Expenses* (the "Final Supplemental Order") dated July 13, 2012, "absent further order of the Court, the automatic stay shall remain in full force and effect with respect to all pending and future [mortgagor/borrower] direct claims and counter-claims against [Plaintiff], except where a monetary claim must be plead in order for a [mortgagor/borrower] to assert a claim to defend against or otherwise enjoin or preclude foreclosure...[or] (ii) for relief that if granted, would not terminate or preclude the prosecution and completion of a foreclosure or eviction...". See Final Supplemental Order ¶ 14(b). A copy of the Final Supplemental Order is annexed hereto as **Exhibit "O"**.

45. In the instant action Defendant's counterclaims[1] are not true monetary damages, but rather, are set-offs[2] to the relief sought in the foreclosure action.

---

[1] Defendant's Answer asserts the following counterclaims against Plaintiff: Fraud, Intentional Infliction of Emotional Distress, Fraudulent Inducement, Breach of Implied Covenant of Good Faith and Fair

-14-

Therefore, such claims should not bar Plaintiff from seeking relief against Defendant predicted upon Defendant's default under its mortgage obligations.

46. The counterclaims in the instant action, are more akin to a defense to the foreclosure action to preclude the foreclosure, and, thus, no stay would apply pursuant to ¶ 14(b)(i) of the Final Supplemental Order.

47. Moreover, the continued prosecution of this matter is permitted under ¶ 14(b)(ii) of the Final Supplemental Order because the relief sought under the counterclaims would preclude the completion of the foreclosure action should the Defendant be successful in its fraud claim.

48. The instant action has been stayed on two prior occasions due to bankruptcy filings by third-party defendants and continued delay of the action is unwarranted. Should Defendant believe that it has legitimate claims against the third-party defendants, then these claims should remain unaffected by the pending bankruptcy. To the extent Defendant believes it has valid claims against Plaintiff that are not setoffs, then these claims should be severed from the foreclosure action and prosecuted in the third-party action.

49. In light of the foregoing, and pursuant to the Final Supplemental Order, the instant action should not be stayed and the parties should be permitted to proceed with the prosecution of the foreclosure action and related third-party action.

---

Dealing, Unjust Enrichment, Constructive Trust, Violation of New York Deceptive Practices Act, Violation of Racketeer Influenced and Corrupted Organizations Act, and Declaratory and Injunctive Relief. It should be noted that the Answer is procedurally flawed and asserts the above claims against Plaintiff as causes of action and not counterclaims, however, Plaintiff is not named as a third party defendant. A copy of the Answer is annexed hereto as Exhibit M.

[2] A setoff is defined as "[a] debtor's right to reduce the amount of a debt by any sum the creditor owes the debtor". BLACKS LAW DICTIONARY, 8th ed. 2004.

-15-

## CONCLUSION

50. Plaintiff has sought to prosecute the instant foreclosure action since April 17, 2008 predicated upon Defendant's default under the Note and Mortgage for failing to make its mortgage payment due and payable January 1, 2008, who has at all times since lived in the Premises free of charge while Plaintiff has continued to pay taxes and insurance with receipt of payment from Defendant.

51. Defendant has successfully delayed the foreclosure action by commencing a third-party action which it has failed to duly prosecute and despite such claims not being germane to Plaintiff whom is not named in the third-party action as a third-party defendant. The instant foreclosure action has also been successfully delayed by the filing of unnecessary discovery motions seeking to compel the disclosure of irrelevant information from Plaintiff, rather than litigating the merits of Plaintiff's claims.

52. This Court overlooked Plaintiff's timely objections to Defendant's Combined Demands. By virtue of such timely objections a protective order is unnecessary and the July 5, 2012 Order of Hon. Thomas A. Adams should be reversed.

53. Finally, pursuant to paragraphs 14(b)(i)-(ii) of the Final Supplemental Order annexed hereto as **Exhibit "L"**, this action must be allowed to proceed.

[THIS SPACE INTENTIONALLY LEFT BLANK]

WHEREFORE, Plaintiff respectfully requests that this Court issue an Order granting Plaintiff leave to reargue its motion for summary judgment pursuant to CPLR Rule 2221; and for such other and further relief as this Court deems just and proper.

Dated: October 24, 2012
       Elmsford, New York

                                            Stephen M. Forte, Esq.
                                            Knuckles, Komosinski & Elliott, LLP
                                            Attorneys for Plaintiff
                                            *GMAC Mortgage LLC*
                                            565 Taxter Road, Suite 590
                                            Elmsford, New York 10523
                                            (914) 345-3020