**<u>Exhibit F</u>**

SHORT FORM ORDER

SUPREME COURT - STATE OF NEW YORK

Present: Thomas A. Adams
Supreme Court Justice

---

| | |
|---|---|
| GMAC MORTGAGE, LLC. | FORECLOSURE PART<br>NASSAU COUNTY |
| Plaintiff, | Index No.: 007047/08<br>Motion Date: 02/05/13<br>Motion Seq.: 10 |
| -against- | |
| JAY LALOR, KATHERINE C. LALOR, AMERITRUST<br>MORTGAGE BANKERS, HTFC CORPORATION, et al., | |
| Defendants. | |

JAY LALOR,

Third Party Plaintiff,

-against-

AARON WIDER, HTFC CORPORATION, JOHN PETITON, INDIVIDUALLY AND AS TRUSTEE OF THE COURNOYER FAMILY TRUST, GCF DEVELOPMENT CORP., TERESA MAROTTA, INDIVIDUALLY AND AS TRUSTEE OF THE PETITON TRUST, JOSEPH MIRANDO, AMERICAN APPRAISAL SERVICES, RANDALL JONASON, JONASON APPRAISAL SERVICES, INC., AND CHRISTOPHER ROMANO,

Third Party Defendants.

---

The following paper read on these motions:
Notice of Motion, Affirmation and Exhibits...................... 1
Affirmation in Opposition and Exhibits............................ 2
Reply Affirmation........................................................... 3

Upon the foregoing papers the motion by plaintiff, GMAC Mortgage, LLC, for an Order, pursuant to CPLR § 2221(d) for leave to reargue defendant's July 20, 2011 discovery motion, and deeming plaintiff to have fully complied with its discovery obligations, is denied.

The motion is denied as procedurally defective as movant did not include a

complete set of the motion papers upon which the court based its decision, dated July 5, 2012, that the plaintiff seeks reargument on. "The Court does not retain the papers following the disposition of an application and should not be compelled to retrieve the clerk's file in connection with its consideration of subsequent motions." (*Lower Main St. V. Thomas Re & Partners*, 2005 N.Y. Misc LEXIS 3304, 2005 WL 6760926, NYLJ, April 5, 2005, at 19, col 3, [Sup.Ct., Nassau County 2005], citing *Sheedy v. Pataki*, 236 AD2d 92, 97 [3rd Dept. 1997]).

Moreover, the Court will not make a determination regarding the plaintiff's unnoticed request for relief regarding whether a stay is in effect on this action pursuant to the plaintiff's Federal Bankruptcy action, and directs the parties to seek clarification whether the automatic stay applies to this action from the Federal Bankruptcy Court.

Accordingly, this action is stayed pending receipt of clarification from the United States Bankruptcy Court Southern District of New York regarding its Final Supplemental Order dated July 13, 2012.

This constitutes the decision and order of the Court.

Dated: MAY 0 3 2013

ENTER:

Hon. Thomas A. Adams
Supreme Court Justice

ACTION STAYED

**ENTERED**

MAY 14 2013

NASSAU COUNTY
COUNTY CLERK'S OFFICE

2