**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|   |   |   |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|   | ) |   |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
|   | ) |   |
| Debtors. | ) | Jointly Administered |
|   | ) |   |

------------------------------------------------------------

## ORDER GRANTING THE MOTION FOR ENTRY OF
## AN ORDER ESTABLISHING PROCEDURES ENFORCING
## <u>INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER</u>

Upon the motion (the "**Motion**")[1] of the ResCap Liquidating Trust (the "**Liquidating**

**Trust**") established pursuant to the terms of the confirmed Plan filed in the above-referenced

Chapter 11 Cases and as successor in interest to the Debtors, seeking entry of an order approving

procedures to enforce the Plan Injunction Procedures, pursuant to sections 105(a), 105(d), 524,

and 1141 of title 11 of the United States Code (the "**Bankruptcy Code**"), Rules 1015(c),

3020(d), and 9007 of the Federal Rules of Bankruptcy Procedure, and Article XII of the Plan;

and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§

157 and 1334; and consideration of the Motion and the relief requested therein being a core

proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to

28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and

it appearing that no other or further notice need be provided; and upon consideration of the

Motion and the *Declaration of William R. Thompson in Support of the Motion for Entry of an*

*Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order*

annexed to the Motion as **Exhibit 2**; and the Court having held a hearing on the Motion on

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Motion.

March 12, 2015; and the Court having found and determined that the relief sought in the Motion

is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors,

and all parties in interest and that the legal and factual bases set forth in the Motion establish just

cause for the relief granted herein; and after due deliberation and sufficient cause appearing

therefor, it is hereby

## ORDERED, ADJUDGED, AND DECREED THAT:

1.      The relief requested in the Motion is granted as provided herein.

2.      The Case Management Order continues to be in full force and effect.

3.      The Plan Injunction Procedures are approved as follows:

### Procedures

a)  Upon the Liquidating Trust's good faith determination that a party to a Litigation asserts monetary claims against the Debtors or is otherwise subject to the Plan Injunction Provisions, the Liquidating Trust (or its counsel) may send a letter (the "**Letter Request**"), substantially in the form attached hereto as **Annex A**, to the Plaintiff and its counsel (if any) by first-class mail to their last known address. The Letter Request will request that the Plaintiff dismiss the Litigation with respect to the Debtors within thirty (30) days (the "**Dismissal Deadline**").[2]

b)  In the event that the Litigation (or the portion of the Litigation that is in violation of the Plan Injunction Provisions) is not dismissed prior to the Dismissal Deadline, the Liquidating Trust is authorized to file an omnibus motion seeking entry of an order from this Court directing the opposing party(s) to dismiss the relevant Litigation (or the portion of the Litigation) with respect to the Debtors (the "**Omnibus Enforcement Motion**"). The Omnibus Enforcement Motion shall be accompanied by a declaration from an appropriate employee of the Liquidating Trust and shall identify (i) each Plaintiff and its counsel, (ii) the case caption, index number, and jurisdiction of the relevant

---

[2]  For the avoidance of doubt, in the event that the Liquidating Trust (or its counsel) already sent a Letter Request to the Plaintiff and its counsel (if any), the Liquidating Trust shall not be required to send another Letter Request to such party.

Litigation, (iii) a short statement as to the applicability of the Plan Injunction Provisions to the Litigation, and (iv) the date on which the Liquidating Trust sent the opposing party and its counsel the Letter Request. Each Omnibus Enforcement Motion may identify up to twenty (20) Litigations for which the Liquidating Trust sent the Plaintiff a Letter Request but the Plaintiff failed to dismiss the Litigation (or the portion of the Litigation) with respect to the Debtors by the Dismissal Deadline.

c) The Liquidating Trust shall serve the Omnibus Enforcement Motion on the Plaintiff and its counsel by first-class mail (or at the election of the Liquidating Trust, overnight courier) to the last known address of the Plaintiff and its counsel. The notice accompanying an Omnibus Enforcement Motion (the "**Specialized Notice**") shall be in the form substantially in the form attached hereto as **Annex B**, and shall describe the pertinent information about the relief sought, including (i) the name of the Plaintiff, (ii) the name of the Debtor or Debtors that are party to the Litigation, (iii) the case caption, index number, and jurisdiction of the relevant Litigation, (iv) the date on which the Liquidating Trust sent the Plaintiff the Letter Request, (v) an explanation of the nature of the relief sought in the Omnibus Enforcement Motion, (vi) a description of the applicable response and hearing procedures, including the response deadline and hearing date, and (vii) instructions for how to seek to consensually resolve the Omnibus Enforcement Motion.

d) The hearing on an Omnibus Enforcement Motion shall be set for no less than thirty (30) days after service of the Omnibus Enforcement Motion. Any response must be filed with the Court (a "**Response**") and received by the Liquidating Trust no later than twenty-one (21) calendar days after service of an Omnibus Enforcement Motion. The deadline to file a timely Response will be clearly set forth in the Specialized Notice.

e) Upon receipt of a timely Response to an Omnibus Enforcement Motion, if the Liquidating Trust determines that discovery is necessary in advance of a hearing on the matter, the Liquidating Trust may convert the hearing into a status conference in which the parties may request that the Court issue a scheduling order to facilitate resolving the matter. In such an event, the Liquidating Trust shall notify the relevant Plaintiff that the scheduled hearing will be treated as the

initial status conference by separate notice provided to the Plaintiff and its counsel by first-class mail, overnight courier, or e-mail, at the election of the Liquidating Trust.  At the Liquidating Trust's discretion and after notice to the relevant Plaintiff, a hearing on an Omnibus Enforcement Motion may be adjourned to any subsequent omnibus hearing date.

f)   If no Response to an Omnibus Enforcement Motion is timely filed and served by the established deadline with respect to a particular Litigation, the Liquidating Trust may submit a form of order sustaining the Omnibus Enforcement Motion with respect to such Litigation.

g)   If a timely Response is filed, then the deadline for the Liquidating Trust or any other party in interest to file a reply to a Response shall be on or before two (2) business days prior to the scheduled hearing on the Omnibus Enforcement Motion (the "**Reply Deadline**").

h)   An order granting an Omnibus Enforcement Motion (an "**Omnibus Enforcement Order**") shall (i) include a finding that continued prosecution of the Litigation is in violation of the Plan Injunction Provisions and (ii) provide the Liquidating Trust with the ability to (x) seek further relief in the event that the Plaintiff continues in its refusal to dismiss the Litigation with respect to the Debtors, and (y) file a notice in a form substantially similar to that attached to the Proposed Order as **Annex C** (the "**Order Notice**") in each court before which a Litigation subject to the Omnibus Enforcement Order is pending, including a description of the Omnibus Enforcement Order.

i)   In the event a court before which a Litigation is pending requests an update with respect to the Chapter 11 Cases and the Plan Injunction Provisions, or in the event that the Liquidating Trust wishes to provide such an update, the Liquidating Trust may file a notice in a form substantially similar to that attached hereto as **Annex D** (the "**Status Notice**"), which includes a description of the relevant Plan Injunction Provisions and the existence of these Plan Injunction Procedures.  In the event such a court seeks to determine the applicability of the Plan Injunction Provisions, including after a Status Notice is filed, the Liquidating Trust shall be authorized to seek relief from this Court on an expedited basis on such notice as may be determined by this Court upon the filing of an emergency ex parte motion with the Court.

    j)    With respect to any Litigation in which the Plaintiff is a Borrower (as that term is defined in the Plan) and asserts solely Non-Monetary Claims in the Litigation (such a Litigation, a "**Foreclosure Relief Proceeding**"), the Liquidating Trust may file a notice in a form substantially similar to that attached hereto as **Annex E** (the "**Servicing Transfer Notice**") which includes a description of the sale and transfer of the Debtors' servicing business, the Plan Injunction Provisions, and the existence of these Plan Injunction Procedures; *provided, however*, that nothing herein shall prevent the Liquidating Trust from, in its sole discretion, participating fully in the Foreclosure Relief Proceeding.

4.    Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

5.    Notice of the Motion as provided therein shall be deemed good and sufficient notice of such motion, and the requirements of the Case Management Procedures entered on May 23, 2012 [Docket No. 141] and the Local Bankruptcy Rules of this Court are satisfied by such notice.

6.    Nothing herein shall be deemed to modify the Plan Injunction Provisions or the Supplemental Servicing Order, which shall remain in full force and effect in accordance with their terms.

7.    This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:  March 13, 2015
        New York, New York

                           **_/s/Martin Glenn_**
                            MARTIN GLENN
               United States Bankruptcy Judge

**<u>Annex A</u>**

[DATE]


[OPPOSING COUNSEL NAME]
[ADDRESS 1]
[ADDRESS 2]
[CITY, STATE ZIP]


        Re:        [Title of Litigation]

Dear [OPPOSING COUNSEL NAME]:

I am writing to you in my capacity as counsel to the ResCap Liquidating Trust (the "**Liquidating Trust**"), the successor in interest to Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**").

As you are aware, on May 14, 2012 (the "**Petition Date**"), the Debtors filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**"). The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

On August 29, 2012, the Bankruptcy Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Bankruptcy Docket 1309] (the "**Bar Date Order**"). The Bar Date Order established, among other things, November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**Bar Date**"). On November 7, 2012, in light of the damage caused by Superstorm Sandy, the Bankruptcy Court entered an order extending the Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Bankruptcy Docket 2093]. Paragraph 11 of the Bar Date Order provides that any party that did not file a proof of claim "shall be forever barred, estopped and enjoined from asserting such claim against the Debtors (or filing a proof of claim with respect thereto), and the Debtors, their Chapter 11 estates, their successors and their respective property shall be forever discharged from any and all indebtedness or liability with respect to such claim."

On December 11, 2013, the Bankruptcy Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Bankruptcy Docket 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**") [Bankruptcy Docket 6065-1]. The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

Both Section G of Paragraph 40 of the Confirmation Order and Article IX.I of the Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan. Further, under Article VIII.B of the Plan, claims that were not timely

filed by the Bar Date are released as of the Effective Date.

According to the Debtors' records, [Party] did not timely file a proof of claim in the Bankruptcy Cases and is barred from continuing to prosecute this [action/appeal] against [Debtor Entity] under the injunction provided for in the Plan and Confirmation Order.  Therefore, [Party] must immediately dismiss this [action/appeal].

***In the event [Party] does not voluntarily dismiss this [action/appeal]against [Debtor Entity] within 30 days of the date hereof, or [DATE], the Liquidating Trust shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting [Party] from continuing prosecution of this [action/appeal] against [Debtor Entity].***

Please do not hesitate to contact [counsel contact information] if you would like to discuss this matter.  In addition, you may obtain information regarding the Bankruptcy Cases, including copies of the Confirmation Order, the Plan, and the Bar Date Order via the Debtors' chapter 11 website at http://www.kccllc.net/rescap.

Very truly yours,

[Counsel]

cc:

**<u>Annex B</u>**

**THIS IS A NOTICE REGARDING YOUR LITIGATION AGAINST [DEBTOR(S)].  YOU MUST READ IT AND TAKE ACTION IF YOU DISAGREE WITH THE MOTION.**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

-----------------------------------------------------------

**NOTICE OF HEARING ON THE RESCAP**
**LIQUIDATING TRUST'S OMNIBUS MOTION TO ENFORCE**
**INJUNCTIVE PROVISIONS OF PLAN AND CONFIRMATION ORDER**

**[Plaintiff]**

| Proposed Action to be Enjoined | | | | Relief Sought |
|---|---|---|---|---|
| Enjoined Party | Debtor(s) party to Litigation | Litigation | Date on which Letter Request Sent | |
| | | [Case Caption, Index Number, and Jurisdiction] | | |

PLEASE TAKE NOTICE that, on [   ], 2015, the ResCap Liquidating Trust (the "**Trust**"), as successor in interest to the Debtors[1] in the above-captioned Chapter 11 cases, filed its *Omnibus Motion to Enforce Injunctive Provisions of Plan and Confirmation Order* (the "**Motion**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").

The Motion requests that the Bankruptcy Court enter an order (i) enforcing the injunctive provisions of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [Docket No. 6065-1] (the "**Plan**"), which was confirmed by the order of the Bankruptcy Court entered December 11, 2013 [Docket No. 6065] (the "**Confirmation Order**"), and (ii) prohibiting you from continuing prosecution of the action listed above under PROPOSED ACTION TO BE ENJOINED.

---

[1]    A list of the debtors in these Chapter 11 cases (the "**Debtors**"), along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.kccllc.net/rescap.

Previously, on [DATE], the Liquidating Trust sent you a letter informing you of the injunctive provisions of the Plan and the Confirmation Order, and requesting that you dismiss your litigation against the Debtors within 30 days of the date of the letter (the "**Letter Request**").  As you have not complied with the Letter Request, the Liquidating Trust is seeking the relief against you as described more fully in the Motion.

**If you oppose the relief sought in the Motion, then you MUST file with the Bankruptcy Court and serve on the parties listed below a written response to the Motion that is received on or before 4:00 p.m. Prevailing Eastern Time on [    ], 2015 (the "Objection Deadline").**

Your response, if any, must contain at a minimum the following:  (i) a caption setting forth the name of the Bankruptcy Court, the names of the Debtors, the case number and the title of the Motion to which the response is directed; (ii) the name of the plaintiff in the action and description of the basis for the action; (iii) a concise statement setting forth the reasons why the action should not be enjoined, for the reasons set forth in the Motion, including, but not limited to, the specific factual and legal bases upon which you rely in opposing the Motion; (iv) all documentation or other evidence upon which you will rely in opposing the Motion; (v) the address(es) to which the Trust must return any reply to your objection; and (vi) the name, address, and telephone number of the person (which may be you or your legal representative) possessing ultimate authority to reconcile, settle, or otherwise resolve the objection on your behalf.

The Bankruptcy Court will consider an objection only if the objection is timely filed, served, and received.  An objection will be deemed timely filed, served, and received only if the original objection is actually received on or before the Objection Deadline by (a) the chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel to the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Gary S. Lee, Norman S. Rosenbaum, Jordan A. Wishnew and Meryl L. Rothchild); (c) co-counsel to the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Kenneth H. Eckstein, Douglas H. Mannal, and Joseph A. Shifer); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Ave., Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

**A hearing will be held on [  ], 2015 to consider the Motion**.  The hearing will be held at **10:00 a.m.** Prevailing Eastern Time in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004, Courtroom 501.  If you file a written response to the Motion, you should plan to participate in the hearing.  The Trust, however, reserves the right to continue the hearing on the Motion with respect to your action.  If the Trust does continue the hearing with respect to your action, then the hearing will be held at a later date.  If the Trust does not continue the hearing with respect to your action, then a hearing on the Motion will be conducted on the above date.

**You may participate in a hearing telephonically provided that you comply with the Bankruptcy Court's instructions, which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.**

If you wish to view the complete Motion, you can do so on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.kccllc.net/rescap.  If you have any questions about this notice or the Motion, or if you would like to request a complete copy of the Motion at the Trust's expense, please contact the Debtors' approved claims agent Kurtzman Carson Consultants, LLC at (888) 926-3479.

If you would like to discuss this matter or consensually resolve the Motion as to your action,  please contact counsel to the Trust, Joseph A. Shifer, at 212-715-9517 or via email at jshifer@kramerlevin.com.

PARTIES SHOULD <u>NOT</u> CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MOTION.

DATED:          [  ] 2015
                New York, New York

**KRAMER LEVIN NAFTALIS &
FRANKEL LLP**
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**<u>Annex C</u>**

**[CAPTION]**

**NOTICE OF BANKRUPTCY COURT ORDER**

[Debtor Entity], by and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Court Order, and states as follows:

1.    On May 14, 2012 (the "**Petition Date**"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").    The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

2.    On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "**Confirmation Order**") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "**Plan**").    The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

3.    On [Date], the Bankruptcy Court entered the attached [Order Granting Omnibus Motion to Enforce the Chapter 11 Plan Injunction], which (i) bars [Plaintiff] from continuing to prosecute this action against [Debtor Entity] under the injunction provisions of the Plan and Confirmation Order, and (ii) permits the Liquidating Trust to seek further relief from the Bankruptcy Court in the event [Plaintiff] continues in its refusal to dismiss this action with respect to the Debtors.

Respectfully submitted this _____ day of _____, 2015.

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http://www.kccllc.net/rescap

[Counsel]

**Annex D**

**[CAPTION]**

**[Debtor Entity]'S NOTICE OF BANKRUPTCY STATUS**

[Debtor Entity], by and through its undersigned counsel, respectfully submits this Notice of Bankruptcy Status, and states as follows:

4.     On May 14, 2012 (the "**Petition Date**"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").     The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

5.     On [Date], the undersigned caused to be filed in this present matter a Notice of Bankruptcy and Supplemental Servicing Order (the "**Notice**") [Docket No. __] to inform the Court and the parties of the Bankruptcy Cases and the automatic stay imposed by section 362 of the United States Bankruptcy Code.

6.     On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "**Confirmation Order**") [Bankruptcy Docket 6065][1] approving the terms of the Chapter 11 plan, as amended (the "**Plan**").   The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

7.     Both the Plan and Confirmation Order provide for the extension of the automatic stay through the Effective Date and provide that the injunctive provisions of the Plan and Confirmation Order will remain in full force and effect following the Effective Date.

---

[1] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http:/www.kccllc.net/rescap

(Confirmation Order, ¶ 63(g); Plan, Art. XIII.K). **Moreover, both Section G of Paragraph 40 of the Confirmation Order and Article IX.I of Plan contain an "Injunction" provision that, among other things, enjoins all parties from "commencing or continuing in any manner or action or other proceeding of any kind" relating to claims that are released under the Plan**.

8.    Article VIII.B of the Plan provides that the claim of any creditor of the Debtors that failed to file a proof of claim by the applicable deadline "SHALL BE DEEMED DISALLOWED, DISCHARGED, RELEASED, AND EXPUNGED AS OF THE EFFECTIVE DATE WITHOUT ANY FURTHER NOTICE TO OR ACTION, ORDER, OR APPROVAL OF THE BANKRUPTCY COURT, AND HOLDERS OF SUCH CLAIMS MAY NOT RECEIVE ANY DISTRIBUTIONS ON ACCOUNT OF SUCH CLAIMS, UNLESS SUCH LATE PROOF OF CLAIM IS DEEMED TIMELY FILED BY A FINAL ORDER OF THE BANKRUPTCY COURT." (emphasis in original).

9.    In addition, pursuant to Article XII of the Plan and Paragraph 66 of the Confirmation Order, the Bankruptcy Court retained exclusive jurisdiction to hear all matters pertaining to the injunction provided for in the Plan and Confirmation Order. Specifically, the Plan provides as follows:

> **RETENTION OF JURISDICTION**
> Notwithstanding the entry of the Confirmation Order and the occurrence of the Effective Date, on and after the Effective Date, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, or related to, the Chapter 11 Cases and the Plan pursuant to sections 105(a) and 1142 of the Bankruptcy Code, including jurisdiction:
>
> …
>
> (c) **to hear and determine any matter, case, controversy, suit, dispute, or Causes of Action: (i) regarding the existence, nature, and scope of the releases, injunctions, and exculpation provided under the Plan, and (ii) enter such orders as may be necessary or appropriate to implement such releases, injunctions, and other provisions**;

- 2 -

….

(Plan, Art. XII) (emphasis added).  In addition, the Confirmation Order provides as follows:

> **Retention of Jurisdiction**. The business and assets of the Debtors shall remain subject to the jurisdiction of this Court until the Effective Date. Notwithstanding the entry of this Order, from and after the Effective Date, the Court shall retain such jurisdiction over the Chapter 11 Cases as is legally permissible, including jurisdiction over those matters and issues described in Article XII of the Plan, including with respect to (i) insurance settlements and disputes involving insurance policies settled or otherwise addressed under or in connection with the Plan, and (ii) the Claims filed by WFBNA in these Chapter 11 Cases and any Claims or Causes of Action that may be asserted by WFBNA against any of the Ally Released Parties.

(Confirmation Order, ¶ 66).

10.     According to the Debtors' records, [Party] did not file a proof of claim in the Bankruptcy Cases and is barred from continuing to prosecute this [action/appeal] against [Debtor Entity].  Therefore, [Debtor Entity] [has contacted/shall contact] [Party] in writing and request that [Party] agree to dismiss this [action/appeal] against [Debtor Entity].  In the absence of a consensual dismissal, in accordance with the Plan and Confirmation Order, [Debtor Entity] shall seek relief from the Bankruptcy Court in the form of an order (i) enforcing the injunctive provisions of the Plan and Confirmation Order, and (ii) prohibiting [Party] from continuing prosecution of this [action/appeal] against [Debtor Entity].

11.     For the avoidance of doubt, [Debtor Entity] is not seeking any relief from the Court by this Notice of Bankruptcy Status, and is submitting this Notice of Bankruptcy Status solely for the purpose of providing the Court and the parties to this [action/appeal] with an update as to the status of the Bankruptcy Cases.  On [Date], the Bankruptcy Court entered the *Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order* [Docket No. __], and [Debtor Entity] submits this Notice of Bankruptcy Status pursuant to that order.

- 3 -

Respectfully submitted this ____ day of _____, 2015.

[Counsel]

**<u>Annex E</u>**

**[CAPTION]**

**SERVICING TRANSFER NOTICE**

[Debtor Entity], by and through its undersigned counsel, respectfully submits this Servicing Transfer Notice, and states as follows:

1.      On May 14, 2012 (the "**Petition Date**"), Residential Capital, LLC and certain of its direct and indirect subsidiaries, including [Debtor Entity] (collectively, the "**Debtors**"), filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").   The Debtors' Chapter 11 cases (the "**Bankruptcy Cases**") are being jointly administered, indexed at case number 12-12020 (MG).

2.      By Order dated November 21, 2012, the Court approved the sale of the Debtors' mortgage origination and servicing platform to Ocwen Loan Servicing LLC ("**Ocwen**") and its designee, Walter Investment Management Corp. ("**Walter**") [Docket No. 2246] (the "**Ocwen Sale Order**").   The transactions comprising the sale of the Debtors' mortgage origination and servicing platform (the "**Sale**") closed in two parts: the sale to Walter closed on January 31, 2013, and the sale to Ocwen closed on February 15, 2013.

3.      On December 11, 2013, the Bankruptcy Court entered its Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors (the "**Confirmation Order**") [Bankruptcy Docket 6065][6] approving the terms of the Chapter 11 plan, as amended (the "**Plan**").   The effective date under the Plan occurred on December 17, 2013 (the "**Effective Date**").

---

[6] Due to its voluminous nature, the Confirmation Order, to which the Plan is an exhibit, is not included as an attachment, but a copy of the Confirmation Order and the Plan may be obtained at no charge at http:/www.kccllc.net/rescap

4.      [On [DATE], the undersigned caused to be filed in this present matter a Notice of Bankruptcy and Supplemental Servicing Order (the "**Notice**") [Docket No. __] to inform the Court and the parties of the Bankruptcy Cases and the automatic stay imposed by section 362 of the United States Bankruptcy Code.]

5.      Pursuant to the Plan and Confirmation Order, the Plaintiff is prohibited from pursuing monetary claims against [Debtor Entity], but may proceed with non-monetary relief.  However, as a result of the Sale, [Debtor Entity] is no longer the servicer of the loan that is the subject of this proceeding.

6.      For the avoidance of doubt, [Debtor Entity] is not seeking any relief from the Court by this Servicing Transfer Notice, and is submitting this Servicing Transfer Notice solely for the purpose of providing the Court and the parties to this [action/appeal] with an update as to the status of the Bankruptcy Cases.  On [Date], the Bankruptcy Court entered the *Order Granting the Motion for Entry of an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and Confirmation Order* [Docket No. __], and [Debtor Entity] submits this Notice of Bankruptcy Status pursuant to that order.

Respectfully submitted this ____ day of _____, 2015.

[Counsel]