**Exhibit A**

Loan No: ████2135  
Borrower: WILLIAM J. FUTREL

Data ID: 658

# NOTE

MIN: ████5344

February 23, 2001                           BRYANT                    INDIANA
                                            [City]                   [State]

8391 N 550 W  
BRYANT, INDIANA 47326  
[Property Address]

### 1. BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $ 76,500.00 (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is AEGIS MORTGAGE CORPORATION d/b/a UC LENDING. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

### 2. INTEREST

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of 9.750%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

### 3. PAYMENTS

(A) Time and Place of Payments

I will pay principal and interest by making a payment every month.

I will make my monthly payment on the first day of each month beginning on April 1, 2001. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on March 1, 2031, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 5208 WEST RENO, SUITE 255, OKLAHOMA CITY, OK 73127 or at a different place if required by the Note Holder.

**MULTISTATE FIXED RATE NOTE** - Single Family - Modified Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200  1/01  
(Page 1 of 4 Pages)



0337053021352165

INITIALS: _WJF_

(B) Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $ 657.25.

## 4. BORROWER'S RIGHT TO PREPAY

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

In any 12-month period, I may prepay an amount not exceeding 20 percent of the original loan amount without incurring a prepayment charge. I shall pay a prepayment charge, as permitted by law, if within 5 years of the execution of this Note, and the Security Instrument securing this Note, I prepay an amount in excess of 20 percent of the original loan amount in any 12-month period. The prepayment charge shall be in an amount equal to 6 months' advance interest on the amount prepaid in excess of 20 percent of the original loan amount of this Note.

If this Note is not in default, the Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

By accepting partial payment of any payment, Note Holder does not waive the right to collect the remainder of such payment. Acceptance of any payment after maturity, or waiver of any breach or default of the terms of this Note shall not constitute a waiver of any later or other breach or default, and failure of Note Holder to exercise any of its rights shall not constitute waiver of such rights.

## 5. LOAN CHARGES

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6. BORROWER'S FAILURE TO PAY AS REQUIRED

(A) Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Acceleration

If I am in default, the Note Holder may without notice or demand, unless otherwise required by applicable law, require me to pay immediately the full amount of Principal that has not been paid and all interest that I owe on that amount.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**MULTISTATE FIXED RATE NOTE** - Single Family - Modified Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**

Form 3200  1/01
(Page 2 of 4 Pages)

INITIALS: _____

Loan No: ████2135                                                                                           Data ID: 658

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of notice of acceleration, Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

> If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

**MULTISTATE FIXED RATE NOTE** - Single Family - Modified Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200  1/01
(Page 3 of 4 Pages)

INITIALS: _____

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)
WILLIAM J. PETRELL —Borrower

[Sign Original Only]

PAY TO THE ORDER OF  RESIDENTIAL FUNDING CORPORATION

WITHOUT RECOURSE
AEGIS MORTGAGE CORPORATION
DBA UC LENDING
_____
ROBBIE DOVE
ASSISTANT SECRETARY

PAY TO THE ORDER OF
Bank One, National Association, as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

BY _____
Judy Faber, Vice President

**MULTISTATE FIXED RATE NOTE** - Single Family - Modified Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200 1/01
(Page 4 of 4 Pages)

Loan# 6646

## ALLONGE TO NOTE

This endorsement is a permanent part of the Note, in the amount of **$76,500.00**

NOTE DATE: FEBRUARY 23, 2001

BORROWER NAME: WILLIAM J. FUTRELL

PROPERTY: 8391 N 550 W, BRYANT, IN 47326

PAY TO THE ORDER OF:

The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, N.A., as successor in interest to Bank One, National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset Backed Pass-Through Certificates, Series 2001-KS1

WITHOUT RECOURSE

BANK ONE, NATIONAL ASSOCIATION F/K/A
THE FIRST NATIONAL BANK OF CHICAGO AS TRUSTEE
BY ITS ATTORNEY IN FACT OCWEN FEDERAL BANK FSB
BY ITS SUCCESSOR IN INTEREST
OCWEN LOAN SERVICING, LLC

Name: Samir Margetic
Title: Authorized Signer

Loan# 6646

## ALLONGE TO NOTE

This endorsement is a permanent part of the Note, in the amount of $76,500.00

NOTE DATE: FEBRUARY 23, 2001

BORROWER NAME: WILLIAM J. FUTRELL

PROPERTY: 8391 N 550 W, BRYANT, IN 47326

PAY TO THE ORDER OF:

Kajaine Fund III, LLC

WITHOUT RECOURSE

The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JP Morgan Chase Bank, N.A., as successor in interest to Bank One, National Association, as Trustee for Residential Asset Securities Corporation, Home Equity Mortgage Asset Backed Pass-Through Certificates, Series 2001-KS1
BY ITS ATTORNEY IN FACT
OCWEN LOAN SERVICING, LLC

Name: Samir Margetic
Title:   Authorized Signer