## Exhibit F

October 14, 2009                                                    **GMAC** Mortgage

WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN 47326

RE:    Account Number          [redacted]6646
       Property Address        8391 N 550 W
                               BRYANT IN 47326

Dear WILLIAM J FUTRELL

**Congratulations!** You are eligible for a Home Affordable Modification.  As previously described, if you comply with the terms of the Home Affordable Modification Trial Period Plan, we will modify your mortgage loan and waive all prior late charges that remain unpaid.

The enclosed Home Affordable Modification Agreement ("Modification Agreement") reflects the proposed terms of your modified mortgage.  The approval is subject to the receipt of the signed and notarized loan modification agreement and any attachments and receipt of clear title, if applicable.

**How to Accept This Offer:**

**STEP 1**  **COMPLETE AND RETURN THE ENCLOSED AGREEMENT BY THE DUE DATE**

To accept this offer, you must sign and return both copies of the Modification Agreement to us in the enclosed, pre-paid envelope by **10/22/2009.** If the Modification Agreement has notary provisions at the end, you must sign both copies before a notary public and return the notarized copies to us. We encourage you to make a copy of all documents for your records. If you do not send both signed copies of the Modification Agreement by the above date, you must contact us if you still wish to be considered for this program and have your loan modified.

**STEP 2**  **CONTINUE TO MAKE YOUR TRIAL PERIOD PAYMENTS ON TIME**

Be certain to make any remaining trial period payments on or before the dates they are due. If the trial period payments are made after their due dates or in amounts different from the amount required, your loan may not be modified.

**REQUIRED:  We are still in need of the following documentation to execute the modification agreement:**
- All required documents have been received.

To better understand the proposed terms of your modified mortgage, please read the attached summary of your modified mortgage and the Modification Agreement.

We look forward to hearing from you no later than 10/22/2009.

Sincerely,

Loan Servicing
Enclosures

**SUMMARY** | Here is a summary of your modified mortgage.

**NEW PRINCIPAL BALANCE.** Any past due amounts as of the end of the trial period, including unpaid interest, real estate taxes, insurance premiums, and certain assessments paid on your behalf to a third party, will be added to your mortgage loan balance. **If you fulfill the terms of the trial period including, but not limited to, making any remaining trial period payments, we will waive ALL late charges that have accrued and remain unpaid at the end of the trial period.**

**INTEREST RATE.** The interest rate on your modified loan will be adjusted as noted in the attached Modification Agreement in Section 3.C.

**TERM EXTENSION.** To reduce your mortgage payment, we will extend the term of your mortgage. This means we will spread your payments over a longer period.

**DEFERRAL OF PRINCIPAL.** To further reduce your mortgage payment, we will defer collection of and not collect interest on $0.00 of your outstanding principal. You will not be required to make monthly payments on that portion. This portion of principal will be due when you pay off the modified loan, which will be when you sell or transfer an interest in your house, refinance the loan, or when the last scheduled payment is due.

**PRINCIPAL FORGIVENESS.** To further reduce your mortgage payment, we will forgive a portion of your outstanding principal equal to $0.00. You will never be required to repay this amount. However, there could be income tax consequences related to this forgiveness, and you should consult a tax advisor.

**ESCROW ACCOUNT.** The terms of your Modification Agreement require the servicer to set aside a portion of your new monthly payment in an escrow account for payment of your property taxes, insurance premiums and other required fees. Any prior waiver of escrows by your lender is no longer in effect. *GMAC Mortgage, LLC* will draw on this account to pay your real estate taxes and insurance premiums as they come due. Please note that your escrow payment amount will adjust if your taxes, insurance premiums and/or assessment amounts change, so the amount of your monthly payment that GMAC Mortgage, LLC must place in escrow will also adjust as permitted by law. This means that your monthly payment may change. Your initial monthly escrow payment will be $150.66. This amount is included in the loan payment noted in Section 3.C. of the enclosed Modification Agreement; you do not need to remit this amount separately.

**ESCROW SHORTAGE.** Due to the timing of your tax and insurance payments, we have determined that there is a shortage of funds in your escrow account in the amount of $0.00. You may pay this amount over a 5 year (60 months) period. This monthly payment has already been included in the monthly escrow payment stated above. **If you wish to pay the total shortage now, please send the check to GMAC Mortgage, LLC, PO Box 79162, Phoenix AZ 85062-9162. Paying this amount now in a lump sum will reduce your new monthly mortgage payment.**

**PAYMENT SCHEDULE.** The enclosed Modification Agreement includes a payment schedule in Section 3.C. showing your payment plan for the life of your modified loan after the trial period.

**FEES.** There are no fees or other charges for this modification.

**REPRESENTATIONS.** Please read the enclosed Modification Agreement carefully and make sure that you understand it and that the statements set forth in the "My Representations" section are true and accurate. If you have any questions, please contact us at (800) 799-9250.

**BORROWER INCENTIVE.** As long as your mortgage loan does not become 90 days delinquent, we will apply your accrued monthly benefit to your mortgage loan and reduce your principal balance after each of the first through fifth anniversaries of the month in which the Trial Period Plan is executed. If your modified mortgage loan ever becomes 90 days delinquent, you will lose all accrued but unapplied principal reduction benefits and will no longer be eligible to accrue additional principal reduction benefits even if the mortgage loan is later brought current.

Investor Loan # 2951

**After Recording Return To:**
GMAC Mortgage, LLC
3451 Hammond Avenue
Waterloo, IA 50702

This document was prepared by GMAC Mortgage, LLC

_____[Space Above This Line For Recording Data]_____

# MODIFICATION AGREEMENT

Borrower ("I"): WILLIAM J FUTRELL
Lender ("Lender"): GMAC Mortgage, LLC
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 2/23/2001
Loan Number: ████5646
Property Address *[and Legal Description if recordation is necessary]* ("Property"):  8391 N 550 W
BRYANT  IN  47326

If my representations in Section 1 continue to be true in all material respects, then this Modification
Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the
Property, and (2) the Note secured by the Mortgage.  The Note is secured by a Mortgage, Deed of Trust,
or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable,
recorded on  with Instrument Number in Book  and/or Page number  of the real property records of JAY
County, IN.  Said Security Instrument covers the real and personal property described in such Security
Instrument (the "Property") located at 8391 N 550 W  BRYANT IN 47326, which real property is more
particularly described as follows.  "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a
separate corporation that is acting solely as a nominee for Lender and Lender's Successors and assigns.
MERS is organized and existing under the laws of Delaware, and has an address and telephone number
of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS. The Mortgage and Note together, as they may
previously have been amended, are referred to as the "Loan Documents." Capitalized terms used in this
Agreement and not defined have the meaning given to them in Loan Documents.

**(Legal Description – Attached as Exhibit if Recording Agreement)**

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.      **My Representations**.  I certify, represent to Lender and agree:

   A.      I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan
           Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to
           make the monthly mortgage payments now or in the near future;
   B.      I live in the Property as my principal residence, and the Property has not been
           condemned;
   C.      There has been no change in the ownership of the Property since I signed the Loan
           Documents;

_____
If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I."  For purposes of this document
words signifying the singular (such as "I") shall include the plural (such as "we") and vice versa where appropriate.
   D.      I have provided documentation for **all** income that I receive (and I understand that I am

not required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for a modification of the Loan Documents);

E.    Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct; and,

F.    If Lender requires me to obtain credit counseling in connection with the Program, I will so; and;

G.    I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2.    **Acknowledgements and Preconditions to Modification.** I understand and acknowledge that:

A.    TIME IS OF THE ESSENCE under this Agreement;

B.    If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate. In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

C.    I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred. I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.    **The Modification.** If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 11/01/2009 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived. The Loan Documents will be modified and the first modified payment will be due on 11/01/2009.

A.    The new Maturity Date will be: 03/01/2031.

B.    The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts paid to the Lender but not previously credited to my Loan. The new Principal balance of my Note will be $72,606.53 (the "New Principal Balance").

C.    Interest at the rate of 7.750% will begin to accrue on the New Principal Balance as of 10/1/2009 and the first new monthly payment on the New Principal Balance will be due on 11/01/2009. My payment schedule for the modified Loan is as follows:

| Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Payment Ends on |
|---|---|---|---|---|---|---|
| 7.750% | 10/1/2009 | $579.76 | $150.66, adjusts annually after year 1 | $730.42, adjusts annually after year 1 | 11/01/2009 | 03/01/2031 |

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

D.    I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.    If a default rate of interest is permitted under the Loan Documents, then in the event of

default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4.  **Additional Agreements**.  I agree to the following:

A.  That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless a borrower or co-borrower is deceased or the Lender has waived this requirement in writing.

B.  That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

C.  To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.  That this agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

E.  That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F.  That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents, except that the Note, and the payment obligation created thereunder, are not enforceable against me personally.

G.  That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows:  If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage.  However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer.  Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H.  That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan.  This Agreement may not, under any circumstances, be assigned to, or assumed by, a buyer of the Property.

I.  That, as of the Modification Effective Date, any provision in the Note, as amended for the assessment of a penalty for full or partial prepayment of the Note is null and void.

J.  That MERS holds only legal title to the interests granted by the Borrower in the mortgage, but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of lender including, but not limited to, releasing and canceling the mortgage loan.

In Witness Whereof, the Lender and I have executed this Agreement.

(Seal)_____          _____
WILLIAM J FUTRELL                                  Witness

_____                _____
Date                                               Print Name

(Seal)_____          _____
                                                   Witness

_____                _____
Date                                               Print Name

(Seal)_____          _____
                                                   Witness

_____                _____
Date                                               Print Name

(Seal)_____          _____
                                                   Witness

_____                _____
Date                                               Print Name


_____[Space Below This Line For Acknowledgement]_____

**BORROWER ACKNOWLEDGMENT**

State of _____
County of _____

On this _____ day of _____, 200_, before me undersigned, a Notary Public in and for said county and
state, personally appeared WILLIAM J FUTRELL    , personally known to me or identified to my
satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that
said instrument is their act and deed, and that they, being authorized to do so, executed and delivered
said instrument for the purposes therein contained.

Witness my hand and official seal.

                                        _____
                                        Notary Public
                                        My commission Expires:_____

GMAC Mortgage, LLC

By: _____

Date _____


## LENDER ACKNOWLEDGMENT

State of IOWA
County of BLACKHAWK

On this ___ day of _____, 200__, before me, the undersigned, a Notary Public in and for said county
and state, personally appeared _____, personally known to me or identified to my
satisfaction to be the person who executed the within instrument as _____ of GMAC
Mortgage, LLC, said instrument is the act and deed of said entity, and that they, being authorized to do
so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public
My Commission Expires: _____

Investor Loan # ███2951

**After Recording Return To:**
GMAC Mortgage, LLC
3451 Hammond Avenue
Waterloo, IA 50702

This document was prepared by GMAC Mortgage, LLC

_____ [Space Above This Line For Recording Data]_____

# MODIFICATION AGREEMENT

Borrower ("I"): WILLIAM J FUTRELL
Lender ("Lender"): GMAC Mortgage, LLC
Date of first lien Security Instrument ("Mortgage") and Note ("Note"): 2/23/2001
Loan Number: ███████6646
Property Address *[and Legal Description if recordation is necessary]* ("Property"): 8391 N 550 W
BRYANT IN 47326

If my representations in Section 1 continue to be true in all material respects, then this Modification Agreement ("Agreement") will, as set forth in Section 3, amend and supplement (1) the Mortgage on the Property, and (2) the Note secured by the Mortgage.  The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on  with Instrument Number in Book  and/or Page number  of the real property records of JAY County, IN.  Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 8391 N 550 W  BRYANT IN 47326, which real property is more particularly described as follows.  "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that is acting solely as a nominee for Lender and Lender's Successors and assigns.  MERS is organized and existing under the laws of Delaware, and has an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, (888) 679-MERS.  The Mortgage and Note together, as they may previously have been amended, are referred to as the "Loan Documents."  Capitalized terms used in this Agreement and not defined have the meaning given to them in Loan Documents.

### {Legal Description – Attached as Exhibit if Recording Agreement)

This Agreement will not take effect unless the preconditions set forth in Section 2 have been satisfied.

1.    **My Representations**.  I certify, represent to Lender and agree:

    A.    I am experiencing a financial hardship, and as a result, (i) I am in default under the Loan Documents, and (ii) I do not have sufficient income or access to sufficient liquid assets to make the monthly mortgage payments now or in the near future;

    B.    I live in the Property as my principal residence, and the Property has not been condemned;

    C.    There has been no change in the ownership of the Property since I signed the Loan Documents;

_____

If there is more than one Borrower or Mortgagor executing this document, each is referred to as "I."  For purposes of this document words signifying the singular (such as "I") shall include the plural (such as "we) and vice versa where appropriate.

    D.    I have provided documentation for **all** income that I receive (and I understand that I am not

required to disclose child support or alimony unless I chose to rely on such income when requesting to qualify for a modification of the Loan Documents);

E.  Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the Program, are true and correct; and,

F.  If Lender requires me to obtain credit counseling in connection with the Program, I will so; and;

G.  I have made or will make all payments required under a Trial Period Plan or Loan Workout Plan.

2.  **Acknowledgements and Preconditions to Modification.**  I understand and acknowledge that:

A.  TIME IS OF THE ESSENCE under this Agreement;

B.  If prior to the Modification Effective Date as set forth in Section 3 the Lender determines that my representations in Section 1 are no longer true and correct, the Loan Documents will not be modified and this Agreement will terminate.  In this event, the Lender will have all of the rights and remedies provided by the Loan Documents; and

C.  I understand that the Loan Documents will not be modified unless and until (i) I receive from the Lender a copy of this Agreement signed by the Lender, and (ii) the Modification Effective Date (as defined in Section 3) has occurred.  I further understand and agree that the Lender will not be obligated or bound to make any modification of the Loan Documents if I fail to meet any one of the requirements under this Agreement.

3.  **The Modification.**  If my representations in Section 1 continue to be true in all material respects and all preconditions to the modification set forth in Section 2 have been met, the Loan Documents will automatically become modified on 11/01/2009 (the "Modification Effective Date") and all unpaid late charges that remain unpaid will be waived.  The Loan Documents will be modified and the first modified payment will be due on 11/01/2009.

A.  The new Maturity Date will be: 03/01/2031.

B.  The modified Principal balance of my Note will include all amounts and arrearages that will be past due (excluding unpaid late charges) less any amounts paid to the Lender but not previously credited to my Loan.  The new Principal balance of my Note will be $72,606.53 (the "New Principal Balance").

D.  C.  Interest at the rate of 7.750% will begin to accrue on the New Principal Balance as of 10/1/2009 and the first new monthly payment on the New Principal Balance will be due on 11/01/2009. My payment schedule for the modified Loan is as follows:

| Interest Rate | Interest Rate Change Date | Monthly Principal and Interest Payment Amount | Monthly Escrow Payment Amount | Total Monthly Payment | Payment Begins On | Payment Ends on |
|---|---|---|---|---|---|---|
| 7.750% | 10/1/2009 | $579.76 | $150.66, adjusts annually after year 1 | $730.42, adjusts annually after year 1 | 11/01/2009 | 03/01/2031 |

The above terms in this Section 3.C. shall supersede any provisions to the contrary in the Loan Documents, including but not limited to, provisions for an adjustable or step interest rate.

D.  I will be in default if I do not comply with the terms of the Loan Documents, as modified by this Agreement.

E.  If a default rate of interest is permitted under the Loan Documents, then in the event of

default under the Loan Documents, as amended, the interest that will be due will be the rate set forth in Section 3.C.

4.    **Additional Agreements**. I agree to the following:

A.   That all persons who signed the Loan Documents or their authorized representative(s) have signed this Agreement, unless a borrower or co-borrower is deceased or the Lender has waived this requirement in writing.

B.   That this Agreement shall supersede the terms of any modification, forbearance, Trial Period Plan or Workout Plan that I previously entered into with Lender.

C.   To comply, except to the extent that they are modified by this Agreement, with all covenants, agreements, and requirements of Loan Documents including my agreement to make all payments of taxes, insurance premiums, assessments, Escrow Items, impounds, and all other payments, the amount of which may change periodically over the term of my Loan.

D.   That this agreement constitutes notice that the Lender's waiver as to payment of Escrow Items, if any, has been revoked, and I have been advised of the amount needed to fully fund my Escrow Account.

E.   That the Loan Documents are composed of duly valid, binding agreements, enforceable in accordance with their terms and are hereby reaffirmed.

F.   That all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect; nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the Loan Documents; and that except as otherwise specifically provided in, and as expressly modified by, this Agreement, the Lender and I will be bound by, and will comply with, all of the terms and conditions of the Loan Documents, except that the Note, and the payment obligation created thereunder, are not enforceable against me personally.

G.   That, as of the Modification Effective Date, notwithstanding any other provision of the Loan Documents, I agree as follows:  If all or any part of the Property or any interest in it is sold or transferred without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Mortgage.  However, Lender shall not exercise this option if federal law prohibits the exercise of such option as of the date of such sale or transfer.  Lender may invoke any remedies permitted by the Mortgage without further notice or demand on me.

H.   That, as of the Modification Effective Date, a buyer or transferee of the Property will not be permitted, under any circumstance, to assume the Loan.  This Agreement may not, under any circumstances, be assigned to, or assumed by, a buyer of the Property.

I.   That, as of the Modification Effective Date, any provision in the Note, as amended for the assessment of a penalty for full or partial prepayment of the Note is null and void.

J.   That MERS holds only legal title to the interests granted by the Borrower in the mortgage, but if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of lender including, but not limited to, releasing and canceling the mortgage Loan.

In Witness Whereof, the Lender and I have executed this Agreement.

(Seal)_____    _____

WILLIAM J FUTRELL    Witness

_____    _____
Date    Print Name

(Seal)_____    _____
    Witness

_____    _____
Date    Print Name

(Seal)_____    _____
    Witness

_____    _____
Date    Print Name

(Seal)_____    _____
    Witness

_____    _____
Date    Print Name

_____[Space Below This Line For Acknowledgement]_____

**BORROWER ACKNOWLEDGMENT**

State of _____
County of _____

On this _____ day of _____, 200_, before me undersigned, a Notary Public in and for said county and state, personally appeared WILLIAM J FUTRELL    , personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public
My commission Expires:_____

GMAC Mortgage, LLC

By: _____

Date _____


**LENDER ACKNOWLEDGMENT**

State of IOWA
County of BLACKHAWK

On this __ day of _____, 200__, before me, the undersigned, a Notary Public in and for said county and state, personally appeared _____, personally known to me or identified to my satisfaction to be the person who executed the within instrument as _____ of GMAC Mortgage, LLC, said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public
My Commission Expires: _____