## Exhibit R

September 19, 2012


Thomas D Maragolis Attorney at Law
309 West Washington Street
Muncie IN  47305


RE:    Account Number          ████6646
       Customer Name           William J Futrell
       Property Address        8391 N 550 W
                               Bryant IN  47326

Dear Thomas D Maragolis Attorney at Law:

Please be advised that this letter serves as our response to your Qualified Written Request
("QWR") for information regarding the above-referenced GMAC Mortgage account
dated August 31, 2012 and received in our office on September 4, 2012.

In response to your inquiry, GMAC Mortgage has enclosed a copy of the account's
payment history as required by the Real Estate Settlement Procedures Act ("RESPA").

It is difficult for GMAC Mortgage to identify any specific concern(s) you have regarding
the servicing of the account.  Nevertheless, in an effort to be responsive to your request,
copies of pertinent documentation GMAC Mortgage has in its records are enclosed.
- Note
- Modification
- Mortgage/Deed of Trust
- HUD-1 Settlement Statement
- Escrow Analysis Statements

According to the original terms of the Note, the loan is a fixed rate loan at 9.750%.
Enclosed is a copy of the Note for your review.  A loan modification was completed in
May 1, 2010.  This Modification modified the original interest rate to a fixed rate of
8.5%, enclosed is a copy of the completed signed modification for your review.

Per the terms of the Modification, the first modified payment was effective August 1,
2010.  When the modification was completed, a new escrow analysis was completed to
verify the funds collected for the homeowners insurance and county taxes.  Enclosed is a
copy of this escrow analysis.  The full monthly payment due August 1, 2010 was
$705.53.

Escrow analysis are completed once a year to verify we are collecting the correct amount. If the customer believes the escrow amount is incorrect, they are able to submit a copy of their bills (homeowners insurance policy and county taxes) for review. If the amounts provided by the customer are different then the current amounts GMAC Mortgage completes an updated escrow analysis.

The customer started making the modified payments of $705.53 on July 26, 2010 for the August 1, 2010 payment. The last payment the customer made was on July 29, 2011 for the June 1, 2011 payment, please review the enclosed history. Our records indicate the customer is applying for a new modification, however, we have not received an up to date completed hardship package to continue our review.

If the customer would like to continue the review for a modification, please have them complete an updated financial form and updated bank statements, all documentation received must be dated within 90 days of receipt. We have issued you a new hardship package under separate cover. The customers account is currently due for the July 1, 2011 through September 1, 2012 payments. Please contact the Loss Mitigation Department at 1-800-850-4622 if you have questions regarding a payment plan, how to complete the hardship package and/or the modification process.

If specific concerns exist related to the servicing of the above-referenced account, those concerns may be sent in writing to:

> GMAC Mortgage
> PO Box 4622
> Waterloo IA  50702

If after reviewing this information, you have any specific questions or concerns regarding the mortgage loan servicing of this account, please contact Customer Care at 1-800-766-4622 between the hours of 6:00 am to 10:00 pm CT Monday through Friday and 9:00 am to 1:00 pm CT on Saturday.

Customer Care
Loan Servicing

Enclosures

BD

Identifier:██████5646         Doc Type:NOTE

Loan No: ██████2135                                              Data ID: 658
Borrower: WILLIAM J. F



HF NOTE
**NOTE**                                              MIN: ██████5344

February 23, 2001                           . BRYANT              INDIANA
                                              [City]               [State]

8391 N 550 W
BRYANT, INDIANA 47326
[Property Address]

**1. BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ 76,500.00 (this amount is called "Principal"),
plus interest, to the order of the Lender. The Lender is AEGIS MORTGAGE CORPORATION d/b/a UC
LENDING. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer
and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest
at a yearly rate of 9.750%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described
in Section 6(B) of this Note.

**3. PAYMENTS**

(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.

I will make my monthly payment on the first day of each month beginning on April 1, 2001. I will make these
payments every month until I have paid all of the principal and interest and any other charges described below that
I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied
to interest before Principal. If, on March 1, 2031, I still owe amounts under this Note, I will pay those amounts
in full on that date, which is called the "Maturity Date."

I will make my monthly payments at 5208 WEST RENO, SUITE 255, OKLAHOMA CITY, OK 73127 or at
a different place if required by the Note Holder.

**MULTISTATE FIXED RATE NOTE** - Single Family - Modified Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
                                                                  Form 3200  1/01
                                                                  (Page 1 of 4 Pages)



0337053021352165

INITIALS: _W.J.F._ _____

**(B) Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ 657.25.

**4. BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

In any 12-month period, I may prepay an amount not exceeding 20 percent of the original loan amount without incurring a prepayment charge. I shall pay a prepayment charge, as permitted by law, if within 5 years of the execution of this Note, and the Security Instrument securing this Note, I prepay an amount in excess of 20 percent of the original loan amount in any 12-month period. The prepayment charge shall be in an amount equal to 6 months' advance interest on the amount prepaid in excess of 20 percent of the original loan amount of this Note.

If this Note is not in default, the Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

By accepting partial payment of any payment, Note Holder does not waive the right to collect the remainder of such payment. Acceptance of any payment after maturity, or waiver of any breach or default of the terms of this Note shall not constitute a waiver of any later or other breach or default, and failure of Note Holder to exercise any of its rights shall not constitute waiver of such rights.

**5. LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6. BORROWER'S FAILURE TO PAY AS REQUIRED**

**(A) Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

**(B) Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

**(C) Acceleration**

If I am in default, the Note Holder may without notice or demand, unless otherwise required by applicable law, require me to pay immediately the full amount of Principal that has not been paid and all interest that I owe on that amount.

**(D) No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

**(E) Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**MULTISTATE FIXED RATE NOTE** - Single Family - Modified Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200  1/01
(Page 2 of 4 Pages)

INITIALS: _____ _____

Identifier: ████ b646         Doc Type:NOTE

Loan No: ████ 2135                                      Data ID: 658

### 7. GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

### 8. OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

### 9. WAIVERS

I and any other person who has obligations under this Note waive the rights of notice of acceleration, Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

### 10. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

**MULTISTATE FIXED RATE NOTE** - Single Family - Modified Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200  1/01
(Page 3 of 4 Pages)

INITIALS: _Qui.J.J._  _____

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

................................................................(Seal)
WILLIAM J. POTRELL —Borrower

[Sign Original Only]

PAY TO THE ORDER OF

WITHOUT RECOURSE
AEGIS MORTGAGE CORPORATION
DBA UC LENDING

ROBBIE DOVE
ASSISTANT SECRETARY

**MULTISTATE FIXED RATE NOTE** - Single Family - Modified Fannie Mae/Freddie Mac UNIFORM INSTRUMENT

Form 3200   1/01
(Page 4 of 4 Pages)

**GMAC** Mortgage

5/20/2010

WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN 47326

Re: Account Number          ▓▓▓6646
                    8391 N 550 W
                    BRYANT IN 47326

Dear WILLIAM J FUTRELL

**Congratulations! Your request for a loan modification has been approved subject to the following:**
  -Receipt of your contribution in the form of certified funds
  -Receipt of the signed loan modification agreement and any attachments
  -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of $ 704.23 in the form of certified funds, is due in our office by June 1, 2010.
- The interest rate is 8.50000%.
- The first modified payment begins August 1, 2010.

      Principal and Interest    $ 656.86
      Escrow                    $  48.67
      **Total Payment**          **$705.53**

All of the documents must be executed and the signatures must be exactly as the names are typed.
- The signed Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding.

> We are NOT required to record the modification document; therefore, only your signature(s) are required.  No notary is required.

The contribution and executed loan modification documents are due back by June 1, 2010.  Please return to:

GMAC Mortgage, LLC
3700 J Street SW
Suite 222
Cedar Rapids, IA 52404

IMPORTANT!  The loan modification will not be complete until we receive all properly executed documents and the contribution amount.  If the modification is not completed we will continue to enforce our lien.  If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

Identifier:        8646        Doc Type:LMOD

Record & Return To:
GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702
Custodian ID:
Investor Number:        2951

————————————————————[Space Above This Line For Recorder's Use]————————————————————

# FIXED RATE LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this July 1, 2010 ("Effective Date")
between  WILLIAM J FUTRELL        ("Borrower") and GMAC Mortgage, LLC ("Lender"), amends and
supplements that certain promissory note ("Note") dated February 23, 2001 in the original principal sum of
Seventy Six Thousand Five Hundred  Dollars and No Cents ($  76,500.00)executed by Borrower.  The Note is
secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as
the Note, and if applicable, recorded on  with Instrument Number  in Book and/or Page Number  of the real
property records of JAY County, IN.  Said Security Instrument covers the real and personal property described in
such Security Instrument (the "Property") located at 8391 N 550 W   BRYANT IN 47326, which real property is
more particularly described as follows:

**(Legal Description – Attach as Exhibit if Recording Agreement)**

Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument
and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be
the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of
the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security
Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good
and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be
legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or
Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by
the Security Instrument (the "Principal Balance") is Seventy Six Thousand Six Hundred Twenty Six Dollars and
Forty Five Cents ($  76,626.45). Borrower hereby renews and extends such indebtedness and promises to pay
jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower
by Lender and any accrued but unpaid interest capitalized to date.

2. Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid.
Borrower will pay interest at the rate of  8.50000% per year from the Effective Date.

3. Borrower promises to make monthly principal and interest payments of $  656.86, beginning on August
1, 2010, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in
full. If on March 1, 2031 (the "Maturity Date"), Borrower still owes amounts under the Note and Security
Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.
Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender
may require. The amounts indicated in this paragraph do not include any required escrow payments for items such

Identifier:     5646        Doc Type:LMOD

as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

4. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, Borrower will pay a late charge to Lender. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue payment of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

6. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

7. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

8. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH

THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Identifier: ████ 6646    Doc Type:LMOD

Executed effective as of the day and year first above written.

WILLIAM J FUTRELL

GMAC Mortgage, LLC

By: _____
     Limited Signing Officer

     **Limited Signing Officer**

Date: _____

Identifier ████ 6646        Doc Type:MTGR

4382951
R4C 3-9-01
RECEIVED FOR RECORD
11:35   o'clock   A   M
D# 0100683 Pgs 1-13

MAR 02 2001

*Judith A. Mentors*
Recorder, Jay County

Return to:   AEGIS MORTGAGE CORPORATION d/b/a UC LENDING
             ATTENTION:  LOAN SHIPPING, REG 9
             8549 UNITED PLAZA BLVD.
             BATON ROUGE, LA  70809

─────────── [Space Above This Line For Recording Data] ───────────

Loan No: ████ 2135                                      Data ID: 658
Borrower:  WILLIAM J. FUTRELL

# MORTGAGE        MIN: ████ 5344

## DEFINITIONS

Words used in multiple sections of this document are defined below and other words are defined in
Sections 3, 11, 13, 18, 20 and 21.  Certain rules regarding the usage of words used in this document
are also provided in Section 16.

(A) "Security Instrument" means this document, which is dated February 23, 2001, together with all
Riders to this document.

(B) "Borrower" is WILLIAM J. FUTRELL , INDIVIDUALLY.  Borrower is the mortgagor under this
Security Instrument.

(C) "MERS" is Mortgage Electronic Registration Systems, Inc.  MERS is a separate corporation that
is acting solely as a nominee for Lender and Lender's successors and assigns.  MERS is the mortgagee
under this Security Instrument.  MERS is organized and existing under the laws of Delaware, and has
an address and telephone number of P.O. Box 2026, Flint, MI 48501-2026, tel. (888) 679-MERS.

(D) "Lender" is AEGIS MORTGAGE CORPORATION d/b/a UC LENDING.  Lender is A
CORPORATION organized and existing under the laws of the State of OKLAHOMA.  Lender's
address is 11111 WILCREST GREEN, SUITE 250, HOUSTON TX  77042.

(E) "Note" means the promissory note signed by Borrower and dated February 23, 2001.  The Note
states that Borrower owes Lender SEVENTY-SIX THOUSAND FIVE HUNDRED and
NO/100-----Dollars (U.S. $ 76,500.00) plus interest.  Borrower has promised to pay this debt in regular
Periodic Payments and to pay the debt in full not later than March 1, 2031.

(F) "Property" means the property that is described below under the heading "Transfer of Rights in
the Property."

(G) "Loan" means the debt evidenced by the Note, plus interest, any prepayment charges and late
charges due under the Note, and all sums due under this Security Instrument, plus interest.

INDIANA - Single Family - MODIFIED Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
                           Form 3015   1/01        (Page 1 of 12 Pages)

‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖‖
0337053021350130

# 0100683

PAGE  1

(H) "**Riders**" means all Riders to this Security Instrument that are executed by Borrower. The following Riders are to be executed by Borrower [check box as applicable]:

☐ Adjustable Rate Rider ☐ Condominium Rider ☐ Second Home Rider
✓ ☐ Balloon Rider ☐ Planned Unit Development Rider
✓ ☐ 1-4 Family Rider ☐ Biweekly Payment Rider
☐ Other(s) [specify]

(I) "**Applicable Law**" means all controlling applicable federal, state and local statutes, regulations, ordinances and administrative rules and orders (that have the effect of law) as well as all applicable final, non-appealable judicial opinions.

(J) "**Community Association Dues, Fees, and Assessments**" means all dues, fees, assessments and other charges that are imposed on Borrower or the Property by a condominium association, homeowners association or similar organization.

(K) "**Electronic Funds Transfer**" means any transfer of funds, other than a transaction originated by check, draft, or similar paper instrument, which is initiated through an electronic terminal, telephonic instrument, computer, or magnetic tape so as to order, instruct, or authorize a financial institution to debit or credit an account. Such term includes, but is not limited to, point-of-sale transfers, automated teller machine transactions, transfers initiated by telephone, wire transfers, and automated clearinghouse transfers.

(L) "**Escrow Items**" means those items that are described in Section 3.

(M) "**Miscellaneous Proceeds**" means any compensation, settlement, award of damages, or proceeds paid by any third party (other than insurance proceeds paid under the coverages described in Section 5) for: (i) damage to, or destruction of, the Property; (ii) condemnation or other taking of all or any part of the Property; (iii) conveyance in lieu of condemnation; or (iv) misrepresentations of, or omissions as to, the value and/or condition of the Property.

(N) "**Mortgage Insurance**" means insurance protecting Lender against the nonpayment of, or default on, the Loan.

(O) "**Periodic Payment**" means the regularly scheduled amount due for (i) principal and interest under the Note, plus (ii) any amounts under Section 3 of this Security Instrument.

(P) "**RESPA**" means the Real Estate Settlement Procedures Act (12 U.S.C. §2601 et seq.) and its implementing regulation, Regulation X (24 C.F.R. Part 3500), as they might be amended from time to time, or any additional or successor legislation or regulation that governs the same subject matter. As used in this Security Instrument, "RESPA" refers to all requirements and restrictions that are imposed in regard to a "federally related mortgage loan" even if the Loan does not qualify as a "federally related mortgage loan" under RESPA.

(Q) "**Successor in Interest of Borrower**" means any party that has taken title to the Property, whether or not that party has assumed Borrower's obligations under the Note and/or this Security Instrument.

TRANSFER OF RIGHTS IN THE PROPERTY

This Security Instrument secures to Lender: (i) the repayment of the Loan, and all renewals, extensions and modifications of the Note; and (ii) the performance of Borrower's covenants and agreements under this Security Instrument and the Note. For this purpose, Borrower does hereby mortgage, grant and convey to MERS (solely as nominee for Lender and Lender's successors and assigns) and to the successors and assigns of MERS the following described property located in the County of JAY:

SEE LEGAL DESCRIPTION ATTACHED HERETO AND MADE A PART HEREOF

**INDIANA** - Single Family - MODIFIED Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3015    1/01    (Page 2 of 12 Pages)

PAGE __3__

Identifier: ████6646        Doc Type:MTGR

### EXHIBIT "A"
### LEGAL DESCRIPTION

A part of the Southwest Quarter of Section 5, Township 24 North, Range 13 East, Second Principal Meridian, Jackson Township, Jay County, Indiana.  Commencing at a cornerstone at the northwest corner of the southwest quarter of Section 5, Township 24 North, Range 13 East; thence south along the west line of the southwest quarter, a distance of Four Hundred Eighty-Five and Eighty Hundredths (485.80) feet to an iron pin for the point of beginning; thence north 89 degrees 59' 00" east a distance of Two Hundred and Fifty (250.00) feet to an iron pin; thence south 0 degrees 01' 00" east parallel to the west line of the said southwest quarter, a distance of three hundred and fifty (350.00) feet to an iron pin; thence south 89 degrees 59' 00" west a distance of two hundred and fifty (250.00) feet to an iron pin on the west line of the said southwest quarter; thence north 0 degrees 01' 00" west along the west line of the said southwest quarter, a distance of three hundred and fifty (350.00) feet to the point of beginning.

Subject to any and all easements, agreements, and restrictions of record.

Parcel #005-08051-50

Identifier: ████6646        Doc Type:MTGR

Loan No: ████2135                                    Data ID: 658

which currently has the address of 8391 N 550 W,                    BRYANT,
                                    [Street]                          [City]
INDIANA        47326                        ("Property Address"):
               [Zip Code]

TOGETHER WITH all the improvements now or hereafter erected on the property, and all easements, appurtenances, and fixtures now or hereafter a part of the property. All replacements and additions shall also be covered by this Security Instrument. All of the foregoing is referred to in this Security Instrument as the "Property." Borrower understands and agrees that MERS holds only legal title to the interests granted by Borrower in this Security Instrument, but, if necessary to comply with law or custom, MERS (as nominee for Lender and Lender's successors and assigns) has the right: to exercise any or all of those interests, including, but not limited to, the right to foreclose and sell the Property; and to take any action required of Lender including, but not limited to, releasing and canceling this Security Instrument.

BORROWER COVENANTS that Borrower is lawfully seised of the estate hereby conveyed and has the right to mortgage, grant and convey the Property and that the Property is unencumbered, except for encumbrances of record. Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to any encumbrances of record.

THIS SECURITY INSTRUMENT combines uniform covenants for national use and non-uniform covenants with limited variations by jurisdiction to constitute a uniform security instrument covering real property.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:

1. **Payment of Principal, Interest, Escrow Items, Prepayment Charges, and Late Charges.** Borrower shall pay when due the principal of, and interest on, the debt evidenced by the Note and any prepayment charges and late charges due under the Note. Borrower shall also pay funds for Escrow Items pursuant to Section 3. Payments due under the Note and this Security Instrument shall be made in U.S. currency. However, if any check or other instrument received by Lender as payment under the Note or this Security Instrument is returned to Lender unpaid, Lender may require that any or all subsequent payments due under the Note and this Security Instrument be made in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality, or entity; or (d) Electronic Funds Transfer.

Payments are deemed received by Lender when received at the location designated in the Note or at such other location as may be designated by Lender in accordance with the notice provisions in Section 15. Lender may return any payment or partial payment if the payment or partial payments are insufficient to bring the Loan current. Lender may accept any payment or partial payment insufficient to bring the Loan current, without waiver of any rights hereunder or prejudice to its rights to refuse such payment or partial payments in the future, but Lender is not obligated to apply such payments at the time such payments are accepted. If each Periodic Payment is applied as of its scheduled due date, then Lender need not pay interest on unapplied funds. Lender may hold such unapplied funds until Borrower makes payment to bring the Loan current. If Borrower does not do so within a reasonable period of time, Lender shall either apply such funds or return them to Borrower. If not applied earlier, such funds will be applied to the outstanding principal balance under the Note immediately prior to foreclosure. No offset or claim which Borrower might have now or in the future against Lender shall relieve Borrower from making payments due under the Note and this Security Instrument or performing the covenants and agreements secured by this Security Instrument.

2. **Application of Payments or Proceeds.** Except as otherwise described in this Section 2, all payments accepted and applied by Lender shall be applied in the following order of priority: (a) interest due under the Note; (b) principal due under the Note; (c) amounts due under Section 3. Such payments shall be applied to each Periodic Payment in the order in which it became due. Any remaining amounts shall be applied first to late charges, second to any other amounts due under this Security Instrument, and then to reduce the principal balance of the Note.

If Lender receives a payment from Borrower for a delinquent Periodic Payment which includes a sufficient amount to pay any late charge due, the payment may be applied to the delinquent payment and the late charge. If more than one Periodic Payment is outstanding, Lender may apply any payment received from Borrower to the repayment of the Periodic Payments if, and to the extent that, each payment can be paid in full. To the extent that any excess exists after the payment is applied to the full payment of one or more Periodic Payments, such excess may be applied to any late charges due. Voluntary prepayments shall be applied first to any prepayment charges and then as described in the Note.

Any application of payments, insurance proceeds, or Miscellaneous Proceeds to principal due under the Note shall not extend or postpone the due date, or change the amount, of the Periodic Payments.

PAGE____4____

3. **Funds for Escrow Items.** Borrower shall pay to Lender on the day Periodic Payments are due under the Note, until the Note is paid in full, a sum (the "Funds") to provide for payment of amounts due for: (a) taxes and assessments and other items which can attain priority over this Security Instrument as a lien or encumbrance on the Property; (b) leasehold payments or ground rents on the Property, if any; (c) premiums for any and all insurance required by Lender under Section 5; and (d) Mortgage Insurance premiums, if any, or any sums payable by Borrower to Lender in lieu of the payment of Mortgage Insurance premiums in accordance with the provisions of Section 10. These items are called "Escrow Items." At origination or at any time during the term of the Loan, Lender may require that Community Association Dues, Fees, and Assessments, if any, be escrowed by Borrower, and such dues, fees and assessments shall be an Escrow Item. Borrower shall promptly furnish to Lender all notices of amounts to be paid under this Section. Borrower shall pay Lender the Funds for Escrow Items unless Lender waives Borrower's obligation to pay the Funds for any or all Escrow Items. Lender may waive Borrower's obligation to pay to Lender Funds for any or all Escrow Items at any time. Any such waiver may only be in writing. In the event of such waiver, Borrower shall pay directly, when and where payable, the amounts due for any Escrow Items for which payment of Funds has been waived by Lender and, if Lender requires, shall furnish to Lender receipts evidencing such payment within such time period as Lender may require. Borrower's obligation to make such payments and to provide receipts shall for all purposes be deemed to be a covenant and agreement contained in this Security Instrument, as the phrase "covenant and agreement" is used in Section 9. If Borrower is obligated to pay Escrow Items directly, pursuant to a waiver, and Borrower fails to pay the amount due for an Escrow Item, Lender may exercise its rights under Section 9 and pay such amount and Borrower shall then be obligated under Section 9 to repay to Lender any such amount. Lender may revoke the waiver as to any or all Escrow Items at any time by a notice given in accordance with Section 15 and, upon such revocation, Borrower shall pay to Lender all Funds, and in such amounts, that are then required under this Section 3.

Lender may, at any time, collect and hold Funds in an amount (a) sufficient to permit Lender to apply the Funds at the time specified under RESPA, and (b) not to exceed the maximum amount a lender can require under RESPA. Lender shall estimate the amount of Funds due on the basis of current data and reasonable estimates of expenditures of future Escrow Items or otherwise in accordance with Applicable Law.

The Funds shall be held in an institution whose deposits are insured by a federal agency, instrumentality, or entity (including Lender, if Lender is an institution whose deposits are so insured) or in any Federal Home Loan Bank. Lender shall apply the Funds to pay the Escrow Items no later than the time specified under RESPA. Lender shall not charge Borrower for holding and applying the Funds, annually analyzing the escrow account, or verifying the Escrow Items, unless Lender pays Borrower interest on the Funds and Applicable Law permits Lender to make such a charge. Unless an agreement is made in writing or Applicable Law requires interest to be paid on the Funds, Lender shall not be required to pay Borrower any interest or earnings on the Funds. Borrower and Lender can agree in writing, however, that interest shall be paid on the Funds. Lender shall give to Borrower, without charge, an annual accounting of the Funds as required by RESPA.

If there is a surplus of Funds held in escrow, as defined under RESPA, Lender shall account to Borrower for the excess funds in accordance with RESPA. If there is a shortage of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the shortage in accordance with RESPA, but in no more than 12 monthly payments. If there is a deficiency of Funds held in escrow, as defined under RESPA, Lender shall notify Borrower as required by RESPA, and Borrower shall pay to Lender the amount necessary to make up the deficiency in accordance with RESPA, but in no more than 12 monthly payments.

Upon payment in full of all sums secured by this Security Instrument, Lender shall promptly refund to Borrower any Funds held by Lender.

4. **Charges; Liens.** Borrower shall pay all taxes, assessments, charges, fines, and impositions attributable to the Property which can attain priority over this Security Instrument, leasehold payments or ground rents on the Property, if any, and Community Association Dues, Fees, and Assessments, if any. To the extent that these items are Escrow Items, Borrower shall pay them in the manner provided in Section 3.

Borrower shall promptly discharge any lien which has priority over this Security Instrument unless Borrower: (a) agrees in writing to the payment of the obligation secured by the lien in a manner acceptable to Lender, but only so long as Borrower is performing such agreement; (b) contests the lien in good faith by, or defends against enforcement of the lien in, legal proceedings which in Lender's opinion operate to prevent the enforcement of the lien while those proceedings are pending, but only until such proceedings are concluded; or (c) secures from the holder of the lien an agreement satisfactory to Lender subordinating the lien to this Security Instrument. If Lender determines that any part of the Property is subject to a lien which can attain priority over this Security Instrument, Lender may give Borrower a notice identifying the lien. Within 10 days of the date on which that notice is given, Borrower shall satisfy the lien or take one or more of the actions set forth above in this Section 4.

Lender may require Borrower to pay a one-time charge for a real estate tax verification and/or reporting service used by Lender in connection with this Loan.

**INDIANA** - Single Family - MODIFIED Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3015    1/01    *(Page 4 of 12 Pages)*

PAGE _5___

Identifier: ▓▓▓5646    Doc Type:MTGR

Loan No: ▓▓▓2135                                                    Data ID: 658

**5. Property Insurance.** Borrower shall keep the improvements now existing or hereafter erected on the Property insured against loss by fire, hazards included within the term "extended coverage," and any other hazards including, but not limited to, earthquakes and floods, for which Lender requires insurance. This insurance shall be maintained in the amounts (including deductible levels) and for the periods that Lender requires. What Lender requires pursuant to the preceding sentences can change during the term of the Loan. The insurance carrier providing the insurance shall be chosen by Borrower subject to Lender's right to disapprove Borrower's choice, which right shall not be exercised unreasonably. Lender may require Borrower to pay, in connection with this Loan, either: (a) a one-time charge for flood zone determination, certification and tracking services; or (b) a one-time charge for flood zone determination and certification services and subsequent charges each time remappings or similar changes occur which reasonably might affect such determination or certification. Borrower shall also be responsible for the payment of any fees imposed by the Federal Emergency Management Agency in connection with the review of any flood zone determination resulting from an objection by Borrower.

If Borrower fails to maintain any of the coverages described above, Lender may obtain insurance coverage, at Lender's option and Borrower's expense. Lender is under no obligation to purchase any particular type or amount of coverage. Therefore, such coverage shall cover Lender, but might or might not protect Borrower, Borrower's equity in the Property, or the contents of the Property, against any risk, hazard or liability and might provide greater or lesser coverage than was previously in effect. Borrower acknowledges that the cost of the insurance coverage so obtained might significantly exceed the cost of insurance that Borrower could have obtained. Any amounts disbursed by Lender under this Section 5 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

All insurance policies required by Lender and renewals of such policies shall be subject to Lender's right to disapprove such policies, shall include a standard mortgage clause, and shall name Lender as mortgagee and/or as an additional loss payee. Lender shall have the right to hold the policies and renewal certificates. If Lender requires, Borrower shall promptly give to Lender all receipts of paid premiums and renewal notices. If Borrower obtains any form of insurance coverage, not otherwise required by Lender, for damage to, or destruction of, the Property, such policy shall include a standard mortgage clause and shall name Lender as mortgagee and/or as an additional loss payee.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower. Unless Lender and Borrower otherwise agree in writing, any insurance proceeds, whether or not the underlying insurance was required by Lender, shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such insurance proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such insurance proceeds, Lender shall not be required to pay Borrower any interest or earnings on such proceeds. Fees for public adjusters, or other third parties, retained by Borrower shall not be paid out of the insurance proceeds and shall be the sole obligation of Borrower. If the restoration or repair is not economically feasible or Lender's security would be lessened, the insurance proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such insurance proceeds shall be applied in the order provided for in Section 2.

If Borrower abandons the Property, Lender may file, negotiate and settle any available insurance claim and related matters. If Borrower does not respond within 30 days to a notice from Lender that the insurance carrier has offered to settle a claim, then Lender may negotiate and settle the claim. The 30-day period will begin when the notice is given. In either event, or if Lender acquires the Property under Section 22 or otherwise, Borrower hereby assigns to Lender (a) Borrower's rights to any insurance proceeds in an amount not to exceed the amounts unpaid under the Note or this Security Instrument, and (b) any other of Borrower's rights (other than the right to any refund of unearned premiums paid by Borrower) under all insurance policies covering the Property, insofar as such rights are applicable to the coverage of the Property. Lender may use the insurance proceeds either to repair or restore the Property or to pay amounts unpaid under the Note or this Security Instrument, whether or not then due.

**6. Occupancy.** Borrower shall occupy, establish, and use the Property as Borrower's principal residence within 60 days after the execution of this Security Instrument and shall continue to occupy the Property as Borrower's principal residence for at least one year after the date of occupancy, unless Lender otherwise agrees in writing, which consent shall not be unreasonably withheld, or unless extenuating circumstances exist which are beyond Borrower's control.

PAGE 6

**INDIANA** - Single Family - MODIFIED Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3015    1/01    (Page 5 of 12 Pages)

**7. Preservation, Maintenance and Protection of the Property; Inspections.** Borrower shall not destroy, damage or impair the Property, allow the Property to deteriorate or commit waste on the Property. Whether or not Borrower is residing in the Property, Borrower shall maintain the Property in order to prevent the Property from deteriorating or decreasing in value due to its condition. Unless it is determined pursuant to Section 5 that repair or restoration is not economically feasible, Borrower shall promptly repair the Property if damaged to avoid further deterioration or damage. If insurance or condemnation proceeds are paid in connection with damage to, or the taking of, the Property, Borrower shall be responsible for repairing or restoring the Property only if Lender has released proceeds for such purposes. Lender may disburse proceeds for the repairs and restoration in a single payment or in a series of progress payments as the work is completed. If the insurance or condemnation proceeds are not sufficient to repair or restore the Property, Borrower is not relieved of Borrower's obligation for the completion of such repair or restoration.

Lender or its agent may make reasonable entries upon and inspections of the Property. If it has reasonable cause, Lender may inspect the interior of the improvements on the Property. Lender shall give Borrower notice at the time of or prior to such an interior inspection specifying such reasonable cause.

**8. Borrower's Loan Application.** Borrower shall be in default if, during the Loan application process, Borrower or any persons or entities acting at the direction of Borrower or with Borrower's knowledge or consent gave materially false, misleading, or inaccurate information or statements to Lender (or failed to provide Lender with material information) in connection with the Loan. Material representations include, but are not limited to, representations concerning Borrower's occupancy of the Property as Borrower's principal residence.

**9. Protection of Lender's Interest in the Property and Rights Under this Security Instrument.** If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is a legal proceeding that might significantly affect Lender's interest in the Property and/or rights under this Security Instrument (such as a proceeding in bankruptcy, probate, for condemnation or forfeiture, for enforcement of a lien which may attain priority over this Security Instrument or to enforce laws or regulations), or (c) Borrower has abandoned the Property, then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument, including protecting and/or assessing the value of the Property, and securing and/or repairing the Property. Lender's actions can include, but are not limited to: (a) paying any sums secured by a lien which has priority over this Security Instrument; (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument, including its secured position in a bankruptcy proceeding. Securing the Property includes, but is not limited to, entering the Property to make repairs, change locks, replace or board up doors and windows, drain water from pipes, eliminate building or other code violations or dangerous conditions, and have utilities turned on or off. Although Lender may take action under this Section 9, Lender does not have to do so and is not under any duty or obligation to do so. It is agreed that Lender incurs no liability for not taking any or all actions authorized under this Section 9.

Any amounts disbursed by Lender under this Section 9 shall become additional debt of Borrower secured by this Security Instrument. These amounts shall bear interest at the Note rate from the date of disbursement and shall be payable, with such interest, upon notice from Lender to Borrower requesting payment.

If this Security Instrument is on a leasehold, Borrower shall comply with all the provisions of the lease. If Borrower acquires fee title to the Property, the leasehold and the fee title shall not merge unless Lender agrees to the merger in writing.

**10. Mortgage Insurance.** If Lender required Mortgage Insurance as a condition of making the Loan, Borrower shall pay the premiums required to maintain the Mortgage Insurance in effect. If, for any reason, the Mortgage Insurance coverage required by Lender ceases to be available from the mortgage insurer that previously provided such insurance and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to obtain coverage substantially equivalent to the Mortgage Insurance previously in effect, at a cost substantially equivalent to the cost to Borrower of the Mortgage Insurance previously in effect, from an alternate mortgage insurer selected by Lender. If substantially equivalent Mortgage Insurance coverage is not available, Borrower shall continue to pay to Lender the amount of the separately designated payments that were due when the insurance coverage ceased to be in effect. Lender will accept, use and retain these payments as a non-refundable loss reserve in lieu of Mortgage Insurance. Such loss reserve shall be non-refundable, notwithstanding the fact that the Loan is ultimately paid in full, and Lender shall not be required to pay Borrower any interest or earnings on such loss reserve. Lender can no longer require loss reserve payments if Mortgage Insurance coverage (in the amount and for the period that Lender requires) provided by an insurer selected by Lender again becomes available, is obtained, and Lender requires separately designated payments toward the premiums for Mortgage Insurance. If Lender required Mortgage Insurance as a condition of making the Loan and Borrower was required to make separately designated payments toward the premiums for Mortgage Insurance, Borrower shall pay the premiums required to maintain Mortgage Insurance in effect, or to provide a non-refundable loss reserve, until Lender's requirement for Mortgage Insurance ends in accordance with any written agreement between Borrower and Lender providing for such termination or until termination is required by Applicable Law. Nothing in this Section 10 affects Borrower's obligation to pay interest at the rate provided in the Note.

**INDIANA** - Single Family - MODIFIED Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
Form 3015    1/01    (Page 6 of 12 Pages)

*OW.J.F.*    PAGE ___7___

Identifier: ███6646        Doc Type:MTGR

Loan No: ███2135                                           Data ID: 658

Mortgage Insurance reimburses Lender (or any entity that purchases the Note) for certain losses it may incur if Borrower does not repay the Loan as agreed. Borrower is not a party to the Mortgage Insurance.

Mortgage insurers evaluate their total risk on all such insurance in force from time to time, and may enter into agreements with other parties that share or modify their risk, or reduce losses. These agreements are on terms and conditions that are satisfactory to the mortgage insurer and the other party (or parties) to these agreements. These agreements may require the mortgage insurer to make payments using any source of funds that the mortgage insurer may have available (which may include funds obtained from Mortgage Insurance premiums).

As a result of these agreements, Lender, any purchaser of the Note, another insurer, any reinsurer, any other entity, or any affiliate of any of the foregoing, may receive (directly or indirectly) amounts that derive from (or might be characterized as) a portion of Borrower's payments for Mortgage Insurance, in exchange for sharing or modifying the mortgage insurer's risk, or reducing losses. If such agreement provides that an affiliate of Lender takes a share of the insurer's risk in exchange for a share of the premiums paid to the insurer, the arrangement is often termed "captive reinsurance." Further:

(a) Any such agreements will not affect the amounts that Borrower has agreed to pay for Mortgage Insurance, or any other terms of the Loan. Such agreements will not increase the amount Borrower will owe for Mortgage Insurance, and they will not entitle Borrower to any refund.

(b) Any such agreements will not affect the rights Borrower has - if any - with respect to the Mortgage Insurance under the Homeowners Protection Act of 1998 or any other law. These rights may include the right to receive certain disclosures, to request and obtain cancellation of the Mortgage Insurance, to have the Mortgage Insurance terminated automatically, and/or to receive a refund of any Mortgage Insurance premiums that were unearned at the time of such cancellation or termination.

11. Assignment of Miscellaneous Proceeds; Forfeiture. All Miscellaneous Proceeds are hereby assigned to and shall be paid to Lender.

If the Property is damaged, such Miscellaneous Proceeds shall be applied to restoration or repair of the Property, if the restoration or repair is economically feasible and Lender's security is not lessened. During such repair and restoration period, Lender shall have the right to hold such Miscellaneous Proceeds until Lender has had an opportunity to inspect such Property to ensure the work has been completed to Lender's satisfaction, provided that such inspection shall be undertaken promptly. Lender may pay for the repairs and restoration in a single disbursement or in a series of progress payments as the work is completed. Unless an agreement is made in writing or Applicable Law requires interest to be paid on such Miscellaneous Proceeds, Lender shall not be required to pay Borrower any interest or earnings on such Miscellaneous Proceeds. If the restoration or repair is not economically feasible or Lender's security would be lessened, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower. Such Miscellaneous Proceeds shall be applied in the order provided for in Section 2.

In the event of a total taking, destruction, or loss in value of the Property, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument, whether or not then due, with the excess, if any, paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is equal to or greater than the amount of the sums secured by this Security Instrument immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the sums secured by this Security Instrument shall be reduced by the amount of the Miscellaneous Proceeds multiplied by the following fraction: (a) the total amount of the sums secured immediately before the partial taking, destruction, or loss in value divided by (b) the fair market value of the Property immediately before the partial taking, destruction, or loss in value. Any balance shall be paid to Borrower.

In the event of a partial taking, destruction, or loss in value of the Property in which the fair market value of the Property immediately before the partial taking, destruction, or loss in value is less than the amount of the sums secured immediately before the partial taking, destruction, or loss in value, unless Borrower and Lender otherwise agree in writing, the Miscellaneous Proceeds shall be applied to the sums secured by this Security Instrument whether or not the sums are then due.

If the Property is abandoned by Borrower, or if, after notice by Lender to Borrower that the Opposing Party (as defined in the next sentence) offers to make an award to settle a claim for damages, Borrower fails to respond to Lender within 30 days after the date the notice is given, Lender is authorized to collect and apply the Miscellaneous Proceeds either to restoration or repair of the Property or to the sums secured by this Security Instrument, whether or not then due. "Opposing Party" means the third party that owes Borrower Miscellaneous Proceeds or the party against whom Borrower has a right of action in regard to Miscellaneous Proceeds.

PAGE   F

Borrower shall be in default if any action or proceeding, whether civil or criminal, is begun that, in Lender's judgment, could result in forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. Borrower can cure such a default and, if acceleration has occurred, reinstate as provided in Section 19, by causing the action or proceeding to be dismissed with a ruling that, in Lender's judgment, precludes forfeiture of the Property or other material impairment of Lender's interest in the Property or rights under this Security Instrument. The proceeds of any award or claim for damages that are attributable to the impairment of Lender's interest in the Property are hereby assigned and shall be paid to Lender.

All Miscellaneous Proceeds that are not applied to restoration or repair of the Property shall be applied in the order provided for in Section 2.

**12. Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Security Instrument granted by Lender to Borrower or any Successor in Interest of Borrower shall not operate to release the liability of Borrower or any Successors in Interest of Borrower. Lender shall not be required to commence proceedings against any Successor in Interest of Borrower or to refuse to extend time for payment or otherwise modify amortization of the sums secured by this Security Instrument by reason of any demand made by the original Borrower or any Successors in Interest of Borrower. Any forbearance by Lender in exercising any right or remedy including, without limitation, Lender's acceptance of payments from third persons, entities or Successors in Interest of Borrower or in amounts less than the amount then due, shall not be a waiver of or preclude the exercise of any right or remedy.

**13. Joint and Several Liability; Co-signers; Successors and Assigns Bound.** Borrower covenants and agrees that Borrower's obligations and liability shall be joint and several. However, any Borrower who co-signs this Security Instrument but does not execute the Note (a "co-signer"): (a) is co-signing this Security Instrument only to mortgage, grant and convey the co-signer's interest in the Property under the terms of this Security Instrument; (b) is not personally obligated to pay the sums secured by this Security Instrument; and (c) agrees that Lender and any other Borrower can agree to extend, modify, forbear or make any accommodations with regard to the terms of this Security Instrument or the Note without the co-signer's consent.

Subject to the provisions of Section 18, any Successor in Interest of Borrower who assumes Borrower's obligations under this Security Instrument in writing, and is approved by Lender, shall obtain all of Borrower's rights and benefits under this Security Instrument. Borrower shall not be released from Borrower's obligations and liability under this Security Instrument unless Lender agrees to such release in writing. The covenants and agreements of this Security Instrument shall bind (except as provided in Section 20) and benefit the successors and assigns of Lender.

**14. Loan Charges.** Lender may charge Borrower fees for services performed in connection with Borrower's default, for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument, including, but not limited to, attorneys' fees, property inspection and valuation fees. In regard to any other fees, the absence of express authority in this Security Instrument to charge a specific fee to Borrower shall not be construed as a prohibition on the charging of such fee. Lender may not charge fees that are expressly prohibited by this Security Instrument or by Applicable Law.

If the Loan is subject to a law which sets maximum loan charges, and that law is finally interpreted so that the interest or other loan charges collected or to be collected in connection with the Loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from Borrower which exceeded permitted limits will be refunded to Borrower. Lender may choose to make this refund by reducing the principal owed under the Note or by making a direct payment to Borrower. If a refund reduces principal, the reduction will be treated as a partial prepayment without any prepayment charge (whether or not a prepayment charge is provided for under the Note). Borrower's acceptance of any such refund made by direct payment to Borrower will constitute a waiver of any right of action Borrower might have arising out of such overcharge.

**15. Notices.** All notices given by Borrower or Lender in connection with this Security Instrument must be in writing. Any notice to Borrower in connection with this Security Instrument shall be deemed to have been given to Borrower when mailed by first class mail or when actually delivered to Borrower's notice address if sent by other means. Notice to any one Borrower shall constitute notice to all Borrowers unless Applicable Law expressly requires otherwise. The notice address shall be the Property Address unless Borrower has designated a substitute notice address by notice to Lender. Borrower shall promptly notify Lender of Borrower's change of address. If Lender specifies a procedure for reporting Borrower's change of address, then Borrower shall only report a change of address through that specified procedure. There may be only one designated notice address under this Security Instrument at any one time. Any notice to Lender shall be given by delivering it or by mailing it by first class mail to Lender's address stated herein unless Lender has designated another address by notice to Borrower. Any notice in connection with this Security Instrument shall not be deemed to have been given to Lender until actually received by Lender. If any notice required by this Security Instrument is also required under Applicable Law, the Applicable Law requirement will satisfy the corresponding requirement under this Security Instrument.

*Olw. S. J.*    PAGE___9___

Identifier: ████████    Doc Type:MTGR

Loan No: ████2135                                                    Data ID: 658

16. **Governing Law; Severability; Rules of Construction.** This Security Instrument shall be governed by federal law and the law of the jurisdiction in which the Property is located. All rights and obligations contained in this Security Instrument are subject to any requirements and limitations of Applicable Law. Applicable Law might explicitly or implicitly allow the parties to agree by contract or it might be silent, but such silence shall not be construed as a prohibition against agreement by contract. In the event that any provision or clause of this Security Instrument or the Note conflicts with Applicable Law, such conflict shall not affect other provisions of this Security Instrument or the Note which can be given effect without the conflicting provision.

As used in this Security Instrument: (a) words of the masculine gender shall mean and include corresponding neuter words or words of the feminine gender; (b) words in the singular shall mean and include the plural and vice versa; and (c) the word "may" gives sole discretion without any obligation to take any action.

17. **Borrower's Copy.** Borrower shall be given one copy of the Note and of this Security Instrument.

18. **Transfer of the Property or a Beneficial Interest in Borrower.** As used in this Section 18, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

19. **Borrower's Right to Reinstate After Acceleration.** If Borrower meets certain conditions, Borrower shall have the right to have enforcement of this Security Instrument discontinued at any time prior to the earliest of: (a) five days before sale of the Property pursuant to Section 22 of this Security Instrument; (b) such other period as Applicable Law might specify for the termination of Borrower's right to reinstate; or (c) entry of a judgment enforcing this Security Instrument. Those conditions are that Borrower: (a) pays Lender all sums which then would be due under this Security Instrument and the Note as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; (c) pays all expenses incurred in enforcing this Security Instrument, including, but not limited to, reasonable attorneys' fees, property inspection and valuation fees, and other fees incurred for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument; and (d) takes such action as Lender may reasonably require to assure that Lender's interest in the Property and rights under this Security Instrument, and Borrower's obligation to pay the sums secured by this Security Instrument, shall continue unchanged. Lender may require that Borrower pay such reinstatement sums and expenses in one or more of the following forms, as selected by Lender: (a) cash; (b) money order; (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity; or (d) Electronic Funds Transfer. Upon reinstatement by Borrower, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred. However, this right to reinstate shall not apply in the case of acceleration under Section 18.

20. **Sale of Note; Change of Loan Servicer; Notice of Grievance.** The Note or a partial interest in the Note (together with this Security Instrument) can be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the "Loan Servicer") that collects Periodic Payments due under the Note and this Security Instrument and performs other mortgage loan servicing obligations under the Note, this Security Instrument, and Applicable Law. There also might be one or more changes of the Loan Servicer unrelated to a sale of the Note. If there is a change of the Loan Servicer, Borrower will be given written notice of the change which will state the name and address of the new Loan Servicer, the address to which payments should be made and any other information RESPA requires in connection with a notice of transfer of servicing. If the Note is sold and thereafter the Loan is serviced by a Loan Servicer other than the purchaser of the Note, the mortgage loan servicing obligations to Borrower will remain with the Loan Servicer or be transferred to a successor Loan Servicer and are not assumed by the Note purchaser unless otherwise provided by the Note purchaser.

Neither Borrower nor Lender may commence, join, or be joined to any judicial action (as either an individual litigant or the member of a class) that arises from the other party's actions pursuant to this Security Instrument or that alleges that the other party has breached any provision of, or any duty owed by reason of, this Security Instrument, until such Borrower or Lender has notified the other party (with such notice given in compliance with the requirements of Section 15) of such alleged breach and afforded the other party hereto a reasonable period after the giving of such notice to take corrective action.  If Applicable Law provides a time period which must elapse before certain action can be taken, that time period will be deemed to be reasonable for purposes of this paragraph.

21.  Hazardous Substances.  As used in this Section 21: (a) "Hazardous Substances" are those substances defined as toxic or hazardous substances, pollutants, or wastes by Environmental Law and the following substances: gasoline, kerosene, other flammable or toxic petroleum products, toxic pesticides and herbicides, volatile solvents, materials containing asbestos or formaldehyde, and radioactive materials; (b) "Environmental Law" means federal laws and laws of the jurisdiction where the Property is located that relate to health, safety or environmental protection; (c) "Environmental Cleanup" includes any response action, remedial action, or removal action, as defined in Environmental Law; and (d) an "Environmental Condition" means a condition that can cause, contribute to, or otherwise trigger an Environmental Cleanup.

Borrower shall not cause or permit the presence, use, disposal, storage, or release of any Hazardous Substances, or threaten to release any Hazardous Substances, on or in the Property. Borrower shall not do, nor allow anyone else to do, anything affecting the Property (a) that is in violation of any Environmental Law, (b) which creates an Environmental Condition, or (c) which, due to the presence, use, or release of a Hazardous Substance, creates a condition that adversely affects the value of the Property.  The preceding two sentences shall not apply to the presence, use, or storage on the Property of small quantities of Hazardous Substances that are generally recognized to be appropriate to normal residential uses and to maintenance of the Property (including, but not limited to, hazardous substances in consumer products).

Borrower shall promptly give Lender written notice of (a) any investigation, claim, demand, lawsuit or other action by any governmental or regulatory agency or private party involving the Property and any Hazardous Substance or Environmental Law of which Borrower has actual knowledge, (b) any Environmental Condition, including but not limited to, any spilling, leaking, discharge, release or threat of release of any Hazardous Substance, and (c) any condition caused by the presence, use or release of a Hazardous Substance which adversely affects the value of the Property.  If Borrower learns, or is notified by any governmental or regulatory authority, or any private party, that any removal or other remediation of any Hazardous Substance affecting the Property is necessary, Borrower shall promptly take all necessary remedial actions in accordance with Environmental Law.  Nothing herein shall create any obligation on Lender for an Environmental Cleanup.

NON-UNIFORM COVENANTS.  Borrower and Lender further covenant and agree as follows:

22.  Acceleration; Remedies.  Following Borrower's breach of any covenant or agreement in this Security Instrument, Lender at its option may require immediate payment in full of all sums secured by this Security Instrument without further demand and may foreclose this Security Instrument by judicial proceeding. Lender shall be entitled to collect all expenses incurred in pursuing the remedies provided in this Section 22, including, but not limited to, reasonable attorneys' fees and costs of title evidence.

23.  Release.  Upon payment of all sums secured by this Security Instrument, Lender shall release this Security Instrument.  Lender may charge Borrower a fee for releasing this Security Instrument, but only if the fee is paid to a third party for services rendered and the charging of the fee is permitted under Applicable Law.

24.  Waiver of Valuation and Appraisement.  Borrower waives all right of valuation and appraisement.

25.  Agreement to Mediate or Arbitrate.  READ THIS AGREEMENT CAREFULLY.  IT LIMITS CERTAIN OF YOUR RIGHTS, INCLUDING YOUR RIGHT TO GO TO COURT.  In this agreement to mediate or arbitrate (this "Agreement"), (a) "Transaction" means any: (1) payment of money; (2) transfer or exchange of property or any other thing of value; (3) any one or more past, present, or future extensions of, advertisement, solicitation, applications for, or inquiries about, credit, or forbearance of payment, such as a loan, a credit sale, or otherwise, from Lender to Borrower, including this Transaction, (4) gift; or (5) promise to enter into a Transaction; and (b) "Claim" means any case, controversy, dispute, tort, disagreement, lawsuit, claim, or counterclaim, and other matters in question now or hereafter existing between Lender and Borrower.  A Claim includes, without limitation, anything arising out of, in connection with, or relating to: (1) this Agreement, (2) to the advertisement, solicitation, application, processing, closing or servicing of this Transaction or any instruments executed in conjunction with it (collectively the "Loan Agreements" including but not limited to the terms of the Loan, representations, promises, undertakings or covenants made relating to the Loan, or Loan Agreements executed in conjunction with the Note and this Security Instrument, services provided under the Loan Agreements, and the validity and construction of the Loan Agreements); (3) any Transaction, (4) the construction, manufacture, advertisement, sale, installation or servicing of any real or personal property which secures this Transaction; (5) any past, present, or future insurance, service, or product that is offered or sold in connection with a Transaction; (6) any documents or instruments that contain information about or document any Transaction, insurance, service, or product; and (7) any act or omission by Lender regarding any Claim.

Doc Type:MTGR                                                5646    Identification:

Identifier: ███ 646          Doc Type:MTGR

Loan No: ███ 2135                                                    Data ID: 658

**Mediation.** Except as set forth below, all Claims, shall be **MEDIATED** prior to the filing of any legal proceeding related to any dispute relating to this Transaction. If Borrower and Lender cannot agree on the selection of a mediator for a dispute, the mediator shall be selected as follows: within 5 business days of the notice that either Borrower or Lender has decided to mediate, Borrower and Lender shall each name a mediator and notify that mediator and the other party of the selection. Within 5 business days of their selection the mediators shall jointly select an independent mediator to mediate the dispute. The mediation shall occur not later than 30 days after the final mediator is selected at a time and place mutually convenient to all parties within a fifty-mile radius of Borrower's residence.

Borrower and Lender agree to participate in the mediation in good faith with the intention of resolving the dispute, if possible. Legal counsel may, but is not required to, represent Borrower or Lender at the mediation. All mediation sessions will be private and all information disclosed during the mediation will be confidential. The mediator may prescribe other rules for the mediation. Expenses of the mediation including the mediator's fee shall be shared equally between Lender and Borrower. Attorneys' fees and related expenses are each party's responsibility.

This Agreement to mediate is specifically enforceable.

If for any reason the mediation is not completed within 45 days after the final mediator is selected, or if after the mediation, any Claim is still unresolved, such Claim shall be resolved solely and exclusively by arbitration in accordance with this Agreement.

**Arbitration.** To the extent allowed by Applicable Law, any Claim, except those set forth below, shall be resolved by binding arbitration in accordance with: (a) the Federal Arbitration Act, 9 U.S.C. §§ 1-16; (b) the Expedited Procedures of the Commercial Arbitration Rules of the American Arbitration Association ("Arbitration Rules") then in effect; and (c) this Agreement. If the terms of this Agreement and the Arbitration Rules are inconsistent, the terms of this Agreement shall control. A copy of the Arbitration Rules, free of charge, may be obtained by calling (800) 778-7879. The laws applicable to the arbitration proceeding shall be the laws of the state in which the property which secures the Transaction is located. The parties agree that the arbitrator shall have all powers provided by law, this Agreement, and the Loan Agreements. However, the arbitrator shall have no power to vary or modify any of the provisions of the Loan Agreements. Any party to this Agreement may bring an action in any court having jurisdiction, including a summary or expedited proceeding, to specifically enforce this Agreement, or to compel arbitration of any Claim. An action to specifically enforce this Agreement, or a motion to compel arbitration may be brought at any time, even after a Claim has been raised in a court of law or a Transaction has been completed, discharged, or paid in full.

**Place of Arbitration.** The arbitration shall be conducted in the county of Borrower's residence, or at any other place mutually acceptable to Lender and Borrower.

**Timing of Hearing.** The arbitration hearing shall commence within forty-five (45) days of the demand for arbitration.

**NO CLASS ACTIONS; NO JOINDER OF PARTIES; WAIVER OF RIGHT TO JURY TRIAL.** THE ARBITRATION WILL TAKE THE PLACE OF ANY COURT PROCEEDING INCLUDING A TRIAL BEFORE A JUDGE OR A JUDGE AND JURY. ANY SUCH ARBITRATION SHALL BE CONDUCTED ON AN INDIVIDUAL BASIS, AND NOT AS PART OF A COMMON OR CLASS ACTION. IT IS EXPRESSLY ACKNOWLEDGED AND AGREED BY BORROWER AND LENDER THAT ANY PURPORTED COMMON ISSUES OF LAW OR FACT SHALL BE RESOLVED ON SUCH AN INDIVIDUAL BASIS. IF THE APPOINTED ARBITRATOR SHOULD AWARD ANY DAMAGES, SUCH DAMAGES SHALL BE LIMITED TO ACTUAL AND DIRECT DAMAGES AND SHALL IN NO EVENT INCLUDE CONSEQUENTIAL, PUNITIVE, EXEMPLARY OR TREBLE DAMAGES AS TO WHICH BORROWER AND LENDER EXPRESSLY WAIVE ANY RIGHT TO CLAIM TO THE FULLEST EXTENT PERMITTED BY LAW.

**Judgment.** The award rendered by the arbitrator shall be final, non-appealable and judgment may be entered upon it in accordance with Applicable Law in any court having jurisdiction thereof.

**Confidentiality.** Borrower and Lender agree that the mediation and arbitration proceedings are confidential. The information disclosed in such proceedings cannot be used for any purpose in any other proceeding.

**Claims Excluded from Mediation and Arbitration.** Notwithstanding the foregoing, neither Borrower nor Lender can require the other to mediate or arbitrate: (a) foreclosure proceedings, whether pursuant to judicial action, power of sale, assent to a decree or otherwise, proceedings pursuant to which Lender seeks a deficiency judgment, or any comparable procedures allowed under Applicable Law pursuant to which a lien holder may acquire title to or possession of any property which is security for this Transaction and any related personal property (including an assignment of rents or appointment of a receiver), upon default by the Borrower on the Transaction; (b) an application by or on behalf of the Borrower for relief under the federal bankruptcy laws or any other similar laws, of general application for the relief of debtors, through the institution of appropriate proceedings; or (c) any Claim where Lender seeks damages or other relief because of Borrower's default under the terms of a Transaction. Enforcement of this section will not waive the right to arbitrate any other Claim, including a Claim asserted as a counterclaim in a lawsuit brought under this section.

**Effect of Rescission.** If Borrower has the right to rescind this Transaction, rescinding it will not rescind this Agreement.

**No Other Arbitration Agreements.** This Agreement is the only agreement between Lender and Borrower regarding alternative dispute resolution, and supersedes any prior agreements to mediate or arbitrate Claims. This Agreement may only be modified by a written agreement between Lender and Borrower.

**BORROWER AND LENDER AGREE TO WAIVE ANY RIGHTS TO TRIAL BY JURY OF ANY AND ALL CLAIMS.**

**INDIANA** - Single Family - MODIFIED Fannie Mae/Freddie Mac UNIFORM INSTRUMENT
                                       Form 3015    1/01    (Page 11 of 12 Pages)

PAGE ___12___

BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Security Instrument and in any Rider executed by Borrower and recorded with it.

_____ William J. Futrell _____ (Seal)

WILLIAM J. FUTRELL —Borrower

——————————————— [Space Below This Line For Acknowledgment] ———————————————

State of ~~Ohio Indiana~~ Indiana  §
County of Wayne  §

Before me, _Rick J. Riffle_ , a Notary Public, this _23_ day of _February_ 20 _01_

WILLIAM J. FUTRELL

acknowledged the execution of the annexed Mortgage.

[Seal]          RICK J RIFFLE
              Notary Public, State of Indiana
              County of Randolph
              My Commission Expires Jul 18, 2007          _____
                                                              Notary Public

                                                          _____
                                                             (Printed Name)

My commission expires:_____

Prepared by:  Michael L. Riddle
              Middleberg, Riddle & Gianna
              717 N. Harwood, Suite 2400
              Dallas, TX  75201

**INDIANA** - Single Family - **MODIFIED** Fannie Mae/Freddie Mac **UNIFORM INSTRUMENT**
                    Form 3015    1/01    (Page 12 of 12 Pages)

# 0100683

PAGE____13____

Identifier: [REDACTED]646    Doc Type: HUD1

## ...ement Statement

**U.S. Department of Housing and Urban Development**

Optional Form for Transactions without Sellers

OMB Approval No. 2502-0491

GF: GUCR0115117

| Name & Address of Borrower: | Name & Address of Lender: |
|---|---|
| William J. Futrell | Aegis Mortgage Corp., DBA UC Lending |
| 391 North 550 West | 850 Dillon Drive |
| Bryant, IN 47326 | Richmond, IN 47374 |

| Property Location: | Settlement Agent: Southeast Equity Title |
|---|---|
| 391 North 550 West, Bryant, IN 47326 | |
| 391 North 550 West | Place of Settlement: 5420 St. Rt. 571 East, P.O. Box 250 |
| Bryant, IN 47326 | Greenville, OH 45331 |

| Loan Number: [REDACTED]2135 | Settlement Date: 2/22/01 |
|---|---|

| L. Settlement Charges | | | | M. Disbursements to Orders | |
|---|---|---|---|---|---|
| 700. Items Payable in Connection with Loan | | | | 1501. 1st Mortgage Payoff | $54,661.39 |
| 701. Loan Origination Fee | to | | | to America General Finance | |
| 702. Loan Discount | to Aegis Mortgage Corp., DBA | $3,614.84 | | 1502. 2nd Mortgage Payoff | $11,818.04 |
| 703. Appraisal Fee | to Mangus Agencies, Inc. | $300.00 | | to Old Kent Bank | |
| 704. Loan Fee | to Aegis Mortgage Corp., DBA | $495.00 | | 1503. Taxes | $328.42 |
| 705. Document Preparation Fee | to MRG | $85.00 | | to Jay County Treasurer | |
| 706. Lifetime Flood Cert | to Geotrac | $3.00 | | 1504. Account | $2,982.00 |
| 707. Flood Cert Fee | to Geotrac | $10.00 | | to Marion School Employees Federal Union | |
| 708. Processing Fee | to | | | 1505. | |
| 709. Underwriting Fee | to | | | | |
| 710. Tax Service Fee | to Aegis Mortgage Corp., DBA | $60.00 | | 1506. | |
| 711. Mortgage Broker Fee | to | | | | |
| 800. Items Required by Lender to be Paid in Advance | | | | 1507. | |
| 801. Interest from 2/28/01 to 3/1/01 @ $20.4300/day | | $20.43 | | | |
| 802. Mortgage Insurance Premium for months | to | | | 1508. | |
| 803. Hazard Insurance Premium for years | to | | | | |
| 900. Reserves Deposited with Lender | | | | | |
| 901. Hazard Insurance | months @ | per month | | | |
| 902. Mortgage Insurance | months @ | per month | | HF HUD1 | |
| 903. City property taxes | months @ | per month | | 1512. | |
| 904. County prop taxes | months @ | per month | | | |
| 905. Annual assessments | months @ | per month | | 1513. | |
| 906. School prop taxes | months @ | per month | | | |
| 907. MUD taxes | months @ | per month | | 1514. | |
| 908. Aggregate Adj | months @ | per month | | | |
| 1000. Title Charges | | | | 1515. | |
| 1001. Settlement or closing fee | to Southeast Equity Title | $280.00 | | | |
| 1002. Abstract or title search | to Southeast Equity Title | | | 1520. TOTAL DISBURSED (enter on line 1603) | $70,789.85 |
| 1003. Title examination | to Southeast Equity Title | $185.00 | | | |
| 1004. Title insurance binder | to Southeast Equity Title | $25.00 | | | |
| 1005. ...ment preparation | to Southeast Equity Title | | | | |
| 1006. ...ier Fee | to Southeast Equity Title | | | | |
| 1007. ...ney Fees | to Southeast Equity Title | | | | |
| (above item numbers) | | | | | |
| 1008. ...(above numbers) | to Southeast Equity Title | $192.50 | | | |
| 1009. ...s Coverage $76,500.00/$192.50 | | | | | |
| 1010. ...s Coverage $0.00/$0.00 | | | | | |
| 1011. Endorsement | to Southeast Equity Title | $25.00 | | | |
| 1012. ...nsive Endorsement | to Southeast Equity Title | | | | |
| 1100. ...nment Recording and Transfer Charges | | | | N. NET SETTLEMENT | |
| 1101. ...ing Fees: Deed ; Mortg $50.00; Rel | | $50.00 | | | |
| 1102. ...nty tax/stamps: Deed ; Mortg | | | | 1600. Loan Amount | $76,500.00 |
| 1103. ...te/stamps: Deed ; Mortg | | | | | |
| 1104. ...ment Filing Fee | to | | | 1601. Plus Cash/Check from Borrower | $0.00 |
| 1105. ...ptor Fee | to | | | | |
| 1106. ...ment Settlement Charges | | | | 1602. Minus Total Settlement Charges (Line 1400) | $5,345.77 |
| | to | | | | |
| | to | | | 1603. Minus Total Disbursements to Others (Line 1520) | $70,789.85 |
| | | | | 1604. Equals Disbursements to Borrower (after expiration of any applicable rescission period required by law) | $364.38 |
| ...ment Charges (enter on Line 1602) | | $5,345.77 | | | |

form HUD-1A (2/94) ref. RESPA

| | | |
|---|---|---|
| ...nal Charges Not Shown on Page 1 | | |
| 'ield Spread Premium        to | | |
| Additional Charges (Added in to 1400) | | 0.00 |

#### SETTLEMENT AGENT CERTIFICATION

HUD-1 Settlement Statement which I have prepared is a true and accurate
um of this transaction. I have caused the funds to be disbursed in accordance
this statement.

_____          2-23-01
ement Agent)                     Date

ating: It is a crime to knowingly make false statements to the United States on
er any other similar form. Penalties upon conviction can include a fine and
isonment. For details see: Title 18 U.S. Code Section 1001 and Section 1010.

Borrower's Signatures

William J. Futrell

REPRESENTATION OF PRINTED DOCUMENT

## GMAC Mortgage

3451 Hammond Avenue
Waterloo, IA 50702
1 800 766 4622/Follow the Prompts

**Important Note:** In accordance with RESPA requirements, this notice is being sent as a result of the review completed on your escrow account.

### ESCROW ANALYSIS STATEMENT

ACCOUNT NUMBER: ███ 5646

PROPERTY ADDRESS:
8391 N 550 W
BRYANT IN 47326

ANALYSIS DATE: JUNE 07, 2010

46068-0000388-001
WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN 47326-9090

PLEASE KEEP THIS ESCROW ANALYSIS FOR COMPARISON TO NEXT YEAR'S STATEMENT.

| Section 1: DESCRIPTION | NEXT DUE DATE | ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT | AMOUNT(S) USED IN PRIOR ANALYSIS |
|---|---|---|---|
| FIRE | NOVEMBER 2010 | 352.37 | 0.00 |
| COUNTY | NOVEMBER 2010 | 64.19 | 0.00 |
| COUNTY | MAY 2011 | 101.57 | 82.93 |
| TOTAL ANNUAL DISBURSEMENTS: | | 518.13 | 82.93 |
| TOTAL ESCROW PAYMENT: | | 43.17 | 6.91 |

The amounts above are based on either an estimate previously provided or the amount last disbursed.

**NOTE:** If you pay the escrow shortage amount of $330.22, your new total payment will automatically be adjusted to $700.03 effective with your AUGUST 01, 2010 payment. If you do not pay the shortage, your total payment effective AUGUST 01, 2010 will be $705.53.

| Payment change: | New | Prior Analysis |
|---|---|---|
| Escrow | 43.17 | 6.91 |
| Surplus/Shortage | 5.50 | 43.92 |
| Escrow Shortage Spread 60 Months | | |
| Total | 48.67 | 50.83 |
| Principal/Interest | 656.86 | 657.25 |
| Total Payment | 705.53 | 708.08 |

Depending on the timing of when your next billing notice is released, you may not see the payment change until the following billing notice.

For details about the difference between the old and new payment amounts, please reference the ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT and AMOUNT(S) USED IN PRIOR ANALYSIS columns listed above.

Any questions regarding changes in the "Estimated Amount of Next Disbursement"
should be directed to your Tax Authority and/or Insurance Company.
To reach our insurance department call: 1-800-256-9762.

By sending your check, please be aware that you are authorizing us to use information on your check to make a one-time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

If you are utilizing a military allotment, or third-party company to make payments on your behalf, please notify your service of any payment changes.

NOTE — you must use the below address when remitting your escrow shortage payment

THIS COUPON MUST ACCOMPANY YOUR ESCROW SHORTAGE PAYMENT

## GMAC Mortgage

### THIS IS NOT A CHECK
NOTE    you must use this address when remitting your escrow shortage payment

WILLIAM J FUTRELL

| Account Number | Shortage Amount |
|---|---|
| ███ 5646 | 330.22 |

| Total Amount Enclosed $ |
|---|

If you pay the escrow shortage amount of $330.22, your new payment will be automatically adjusted to $700.03 effective with your AUGUST 01, 2010 payment.

GMAC MORTGAGE
PO BOX 79162
PHOENIX AZ 85062 9162

By sending your check, please be aware that you are authorizing us to use information on your check to make a one time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

C16388

REPRESENTATION OF PRINTED DOCUMENT

Section 2:

ANALYSIS TYPE: 1/6 AGGREGATE
PROJECTED ESCROW BALANCE AS OF: JULY 31, 2010

ACCOUNT NUMBER: ████ 5646
0.00 *

\* Projected balance reflects all receipts and disbursements made prior to the date of analysis and all mortgagor payments and disbursements anticipated to be made prior to the effective date of analysis.

| DATE | RECEIPTS | PROJECTED DISBURSEMENTS | CUR. BAL. PROJECTIONS | REQ. BAL. PROJECTIONS |
|------|----------|-------------------------|----------------------|----------------------|
| PROJECTED BALANCE | | | .00 | 330.22 |
| 08/01/10 | 43.17 | .00 | 43.17 | 373.39 |
| 09/01/10 | 43.17 | .00 | 86.34 | 416.56 |
| 10/01/10 | 43.17 | .00 | 129.51 | 459.73 |
| 11/01/10 | 43.17 | 352.37- | 179.69- | 150.53 |
| 11/01/10 | .00 | 64.19- | 243.88- | 86.34 L |
| 12/01/10 | 43.17 | .00 | 200.71- | 129.51 |
| 01/01/11 | 43.17 | .00 | 157.54- | 172.68 |
| 02/01/11 | 43.17 | .00 | 114.37- | 215.85 |
| 03/01/11 | 43.17 | .00 | 71.20- | 259.02 |
| 04/01/11 | 43.17 | .00 | 28.03- | 302.19 |
| 05/01/11 | 43.17 | 101.57- | 86.43- | 243.79 |
| 06/01/11 | 43.17 | .00 | 43.26- | 286.96 |
| 07/01/11 | 43.17 | .00 | .09- | 330.13 |

| Current Escrow Balance: | .00 | |
|---|---|---|
| Esc Rcpts to Eff Dt | | Esc Disb Prior to Eff Dt |
| Due Dt | Due Amt | Disb Date | Disb Amt |

*Indicates Sum of Remaining Escrow Payments
&/or Escrow Disbursements to Effective Date.

L  ANTICIPATED LOW POINT FOR ANALYSIS PERIOD:
-243.88

MAXIMUM PERMITTED LOW-POINT: (EXCLUDING MIP)
86.34

Section 3: ➡ 

| SHORTAGE | 330.22 |
|----------|--------|

ESCROW ACCOUNT ACTIVITY (AUGUST 01, 2009 - JULY 31, 2010)

| DATE | TXN | PREV PROJ AMOUNT | PREV PROJ BALANCE | TXN | ACTUAL AMOUNT | ACTUAL BALANCE |
|------|-----|------------------|-------------------|-----|---------------|----------------|
| 05/01/09 | | .00 | .00 | | .00 | .00 |
| 06/01/09 | | .00 | .00 | TAX | 82.93- | 82.93- |
| 07/01/09 | | .00 | .00 | | .00 | 82.93- |
| BEGINNING BALANCE | | | 27.65 | | | 82.93- |
| 08/01/09 | PAYMENT | 6.91 | 34.56 | | .00 | 82.93- |
| 09/01/09 | PAYMENT | 6.91 | 41.47 | | .00 | 82.93- |
| 10/01/09 | PAYMENT | 6.91 | 48.38 | TAX | 64.19- | 147.12- |
| 11/01/09 | PAYMENT | 6.91 | 55.29 | FIRE | 352.37- | 499.49- |
| 12/01/09 | PAYMENT | 6.91 | 62.20 | | .00 | 499.49- |
| 01/01/10 | PAYMENT | 6.91 | 69.11 | | .00 | 499.49- |
| 02/01/10 | PAYMENT | 6.91 | 76.02 | | .00 | 499.49- |
| 03/01/10 | PAYMENT | 6.91 | 82.93 | PAYMENT | 50.83 | 448.66- |
| 04/01/10 | PAYMENT | 6.91 | 89.84 | TAX | 101.57- | 550.23- |
| 05/01/10 | PAYMENT | 6.91 | 13.82 | PAYMENT | 46.98 | 503.25- |
| 05/01/10 | TAX | 82.93- | 13.82 | | .00 | 503.25- |
| 06/01/10 | PAYMENT | 6.91 | 20.73 | PAYMENT | 503.25 | .00 |
| 07/01/10 | PAYMENT | 6.91 | 27.64 | | .00 | .00 |

REPRESENTATION OF PRINTED DOCUMENT

## GMAC Mortgage

3451 Hammond Avenue
Waterloo, IA 50702
1 800 766 4622/Follow the Prompts

**Important Note:** In accordance with RESPA requirements, this notice is being sent as a result of the review completed on your escrow account.

### ESCROW ANALYSIS STATEMENT

ACCOUNT NUMBER: ████8646

PROPERTY ADDRESS:
8391 N 550 W
BRYANT IN 47326

ANALYSIS DATE: MAY 31, 2011

46994-0000321-001
WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN  47326-9090

PLEASE KEEP THIS ESCROW ANALYSIS FOR COMPARISON TO NEXT YEAR'S STATEMENT.

Section I:

| DESCRIPTION | NEXT DUE DATE | ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT | AMOUNT(S) USED IN PRIOR ANALYSIS |
|---|---|---|---|
| FIRE | NOVEMBER 2011 | 352.37 | 352.37 |
| COUNTY | NOVEMBER 2011 | 82.83 | 64.19 |
| COUNTY | MAY 2012 | 145.54 | 101.57 |
| TOTAL ANNUAL DISBURSEMENTS: | | 580.74 | 518.13 |
| TOTAL ESCROW PAYMENT: | | 48.39 | 43.17 |

The amounts above are based on either an estimate previously provided or the amount last disbursed.

**NOTE:** If you pay the escrow shortage amount of $335.12, your new total payment will automatically be adjusted to $705.25 effective with your AUGUST 01, 2011 payment. If you do not pay the shortage, your total payment effective AUGUST 01, 2011 will be $712.23.

| Payment change: | New | Prior Analysis |
|---|---|---|
| Escrow | 48.39 | 43.17 |
| Surplus/Shortage | 6.98 | 5.50 |
| Escrow Shortage Spread 48 Months | | |
| Total | 55.37 | 48.67 |
| Principal/Interest | 656.86 | 656.86 |
| Total Payment | 712.23 | 705.53 |

Depending on the timing of when your next billing notice is released, you may not see the payment change until the following billing notice.

For details about the difference between the old and new payment amounts, please reference the ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT and AMOUNT(S) USED IN PRIOR ANALYSIS columns listed above.

Any questions regarding changes in the "Estimated Amount of Next Disbursement" should be directed to your Tax Authority and/or Insurance Company.
**To reach our insurance department call: 1-800-256-9962.**

By sending your check, please be aware that you are authorizing us to use information on your check to make a one-time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

If you are utilizing a military allotment, or third-party company to make payments on your behalf, please notify your service of any payment changes.

NOTE — you must use the below address when remitting your escrow shortage payment

THIS COUPON MUST ACCOMPANY YOUR ESCROW SHORTAGE PAYMENT

## GMAC Mortgage

**THIS IS NOT A CHECK**

NOTE   you must use this address when remitting your escrow shortage payment

WILLIAM J FUTRELL

| Account Number | Shortage Amount |
|---|---|
| ████8546 | 335.12 |

| Total Amount Enclosed  $ | |
|---|---|

GMAC MORTGAGE
PO BOX 79162
PHOENIX AZ 85062 9162

If you pay the escrow shortage amount of $335.12, your new payment will be automatically adjusted to $705.25 effective with your AUGUST 01, 2011 payment.

By sending your check, please be aware that you are authorizing us to use information on your check to make a one time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

C16388

Section 2:
REPRESENTATION OF PRINTED DOCUMENT

ANALYSIS TYPE: 1/6 AGGREGATE
PROJECTED ESCROW BALANCE AS OF: JULY 31, 2011

ACCOUNT NUMBER: ███ 6646
3.30 *

* Projected balance reflects all receipts and disbursements made prior to the date of analysis and all mortgagor payments and disbursements anticipated to be made prior to the effective date of analysis.

| DATE | RECEIPTS | PROJECTED DISBURSEMENTS | CUR. BAL. PROJECTIONS | REQ. BAL. PROJECTIONS |
|------|----------|------------------------|----------------------|----------------------|
| PROJECTED BALANCE | | | 3.30 | 338.42 |
| 08/01/11 | 48.39 | .00 | 51.69 | 386.81 |
| 09/01/11 | 48.39 | .00 | 100.08 | 435.20 |
| 10/01/11 | 48.39 | .00 | 148.47 | 483.59 |
| 11/01/11 | 48.39 | 352.37- | 155.51- | 179.61 |
| 11/01/11 | .00 | 82.83- | 238.34- | 96.78 L |
| 12/01/11 | 48.39 | .00 | 189.95- | 145.17 |
| 01/01/12 | 48.39 | .00 | 141.56- | 193.56 |
| 02/01/12 | 48.39 | .00 | 93.17- | 241.95 |
| 03/01/12 | 48.39 | .00 | 44.78- | 290.34 |
| 04/01/12 | 48.39 | .00 | 3.61 | 338.73 |
| 05/01/12 | 48.39 | 145.54- | 93.54- | 241.58 |
| 06/01/12 | 48.39 | .00 | 45.15- | 289.97 |
| 07/01/12 | 48.39 | .00 | 3.24 | 338.36 |

Current Escrow Balance: 94.04-

| | Esc Pmts to Eff Dt | | Esc Disb Prior to Eff Dt |
|-|-------------------|-|-------------------------|
| Due Dt | Due Amt | Disb Date | Disb Amt |
| 06/11 | 48.67 | | |
| 07/11 | 48.67 | | |

*Indicates Sum of Remaining Escrow Payments &/or Escrow Disbursements to Effective Date.

L  ANTICIPATED LOW POINT FOR ANALYSIS PERIOD:
-238.34

MAXIMUM PERMITTED LOW-POINT: (EXCLUDING MP)
96.78

Section 3: 

| SHORTAGE | 335.12 |
|----------|--------|

ESCROW ACCOUNT ACTIVITY (AUGUST 01, 2010 - JULY 31, 2011)

| DATE | TXN | PREV PROJ AMOUNT | PREV PROJ BALANCE | TXN | ACTUAL AMOUNT | ACTUAL BALANCE |
|------|-----|-----------------|-------------------|-----|---------------|----------------|
| 05/01/10 | PAYMENT | 6.91 | 13.82 | PAYMENT | 46.98 | 503.25- |
| 05/01/10 | TAX | 82.93- | 13.82 | PAYMENT | .00 | 503.25- |
| 06/01/10 | PAYMENT | 6.91 | 20.73 | PAYMENT | 503.25 | 1.00 |
| 07/01/10 | PAYMENT | 6.91 | 27.64 | PAYMENT | 48.67 | 48.67 |
| BEGINNING BALANCE | | | 330.22 | | | 48.67 |
| 08/01/10 | PAYMENT | 43.17 | 373.39 | | .00 | 48.67 |
| 09/01/10 | PAYMENT | 43.17 | 416.56 | PAYMENT | 48.67 | 97.34 |
| 10/01/10 | PAYMENT | 43.17 | 459.73 | PAYMENT | 48.67 | 63.18 |
| 10/01/10 | | .00 | 459.73 | TAX | 82.83- | 63.18 |
| 11/01/10 | PAYMENT | 43.17 | 150.53 | | .00 | 289.19- |
| 11/01/10 | FIRE | 352.37- | 150.53 | FIRE | 352.37- | 289.19- |
| 11/01/10 | TAX | 64.19- | 86.34 | | .00 | 289.19- |
| 12/01/10 | PAYMENT | 43.17 | 129.51 | PAYMENT | 97.34 | 191.85- |
| 01/01/11 | PAYMENT | 43.17 | 172.68 | PAYMENT | 48.67 | 143.18- |
| 02/01/11 | PAYMENT | 43.17 | 215.85 | PAYMENT | 97.34 | 45.84- |
| 03/01/11 | PAYMENT | 43.17 | 259.02 | PAYMENT | 48.67 | 2.83 |
| 04/01/11 | PAYMENT | 43.17 | 302.19 | TAX | 145.54- | 142.71- |
| 05/01/11 | PAYMENT | 43.17 | 243.79 | PAYMENT | 48.67 | 94.04- |
| 05/01/11 | TAX | 101.57- | 243.79 | | .00 | 94.04- |
| 06/01/11 | PAYMENT | 43.17 | 286.96 | | .00 | 94.04- |
| 07/01/11 | PAYMENT | 43.17 | 330.13 | | .00 | 94.04- |

INTERNET REPRINT



## GMAC Mortgage

3451 Hammond Avenue
Waterloo, IA 50702
1 800 766 4622/Follow the Prompts

**Important Note** In accordance with RESPA requirements, this notice is being sent as a result of the review completed on your escrow account.

### ESCROW ANALYSIS STATEMENT

ACCOUNT NUMBER: ████ 6646

PROPERTY ADDRESS:
8391 N 550 W
BRYANT IN 47326

ANALYSIS DATE: JUNE 11, 2012

47986-0015842-007
WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN  47326-9090

PLEASE KEEP THIS ESCROW ANALYSIS FOR COMPARISON TO NEXT YEAR'S STATEMENT.

Section I:

| DESCRIPTION | NEXT DUE DATE | ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT | AMOUNT(S) USED IN PRIOR ANALYSIS |
|---|---|---|---|
| FIRE | NOVEMBER 2012 | 352.37 | 352.37 |
| COUNTY | NOVEMBER 2012 | 126.80 | 82.83 |
| COUNTY | MAY 2013 | 126.23 | 145.54 |
| | TOTAL ANNUAL DISBURSEMENTS: | 605.40 | 580.74 |
| | TOTAL ESCROW PAYMENT: | 50.45 | 48.39 |

The amounts above are based on either an estimate previously provided or the amount last disbursed.

**NOTE**: If you pay the escrow shortage amount of $315.93, your new total payment will automatically be adjusted to $707.31 effective with your AUGUST 01, 2012 payment. If you do not pay the shortage, your total payment effective AUGUST 01, 2012 will be $733.63.

| Payment change: | New | Prior Analysis |
|---|---|---|
| Escrow | 50.45 | 48.39 |
| Surplus/Shortage | 26.32 | 6.98 |
| Escrow Shortage Spread 12 Months | | |
| Total | 76.77 | 55.37 |
| Principal/Interest | 656.86 | 656.86 |
| Total Payment | 733.63 | 712.23 |

Depending on the timing of when your next billing notice is released, you may not see the payment change until the following billing notice.

For details about the difference between the old and new payment amounts, please reference the ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT and AMOUNT(S) USED IN PRIOR ANALYSIS columns listed above.

Any questions regarding changes in the "Estimated Amount of Next Disbursement" should be directed to your Tax Authority and/or Insurance Company.
To reach our Insurance department call: 1-800-256-9962.

By sending your check, please be aware that you are authorizing us to use information on your check to make a one-time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

If you are utilizing a military allotment, or third-party company to make payments on your behalf, please notify your service of any payment changes.

NOTE — you must use the below address when remitting your escrow shortage payment

THIS COUPON MUST ACCOMPANY YOUR ESCROW SHORTAGE PAYMENT

## GMAC Mortgage

### THIS IS NOT A CHECK

NOTE    you must use this address when remitting your escrow shortage payment.

| Account Number | Shortage Amount |
|---|---|
| ████ 6646 | 315.93 |

WILLIAM J FUTRELL

| Total Amount Enclosed  $ |
|---|

If you pay the escrow shortage amount of $315.93, your new payment will be automatically adjusted to $707.31 effective with your AUGUST 01, 2012 payment.

GMAC MORTGAGE
PO BOX 79152
PHOENIX AZ  85062 9152

By sending your check, please be aware that you are authorizing us to use information on your check to make a one time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

C16388

REPRESENTATION OF PRINTED DOCUMENT                █████ ▮▮▮▮

Section 2:

ANALYSIS TYPE: 1/6 AGGREGATE                          ACCOUNT NUMBER: ████▮6646
PROJECTED ESCROW BALANCE AS OF: JULY 31, 2012        62.34 *

* Projected balance reflects all receipts and disbursements made prior to the date of analysis and all mortgagor payments and
  disbursements anticipated to be made prior to the effective date of analysis.

| | | | | | Current Escrow Balance: | 650.77- | | |
| | | | | |---|---|---|---|
| | | PROJECTED | CUR. BAL. | REQ. BAL. | Esc Rcpts to Eff Dt | | Esc Disb Prior to Eff Dt | |
| DATE | RECEIPTS | DISBURSEMENTS | PROJECTIONS | PROJECTIONS | Due Dt | Due Amt | Disb Date | Disb Amt |
| PROJECTED BALANCE | | | 62.34 | 378.27 | 07/11 | 48.67 | | |
| 08/01/12 | 50.45 | .00 | 112.79 | 428.72 | 08/11 | 55.37 | | |
| 09/01/12 | 50.45 | .00 | 163.24 | 479.17 | 09/11 | 609.07 * | | |
| 10/01/12 | 50.45 | .00 | 213.69 | 529.62 | | | | |
| 11/01/12 | 50.45 | 352.37- | 88.23- | 227.70 | | | | |
| 11/01/12 | .00 | 126.80- | 215.03- | 100.90 L | *Indicates Sum of Remaining Escrow Payments | | | |
| 12/01/12 | 50.45 | .00 | 164.58- | 151.35 | &/or Escrow Disbursements to Effective Date | | | |
| 01/01/13 | 50.45 | .00 | 114.13- | 201.80 | | | | |
| 02/01/13 | 50.45 | .00 | 63.68- | 252.25 | | | | |
| 03/01/13 | 50.45 | .00 | 13.23- | 302.70 | L  ANTICIPATED LOW POINT FOR ANALYSIS PERIOD: | | | |
| 04/01/13 | 50.45 | .00 | 37.22 | 353.15 | | -215.03 | | |
| 05/01/13 | 50.45 | 126.23- | 38.56- | 277.37 | | | | |
| 06/01/13 | 50.45 | .00 | 11.89 | 327.82 | MAXIMUM PERMITTED LOW-POINT (EXCLUDING MP) | | | |
| 07/01/13 | 50.45 | .00 | 62.34 | 378.27 | | 100.90 | | |

Section 3: ●    | SHORTAGE | 315.93 |

ESCROW ACCOUNT ACTIVITY (AUGUST 01, 2011 - JULY 31, 2012)

| DATE | TXN | PREV PROJ AMOUNT | PREV PROJ BALANCE | TXN | ACTUAL AMOUNT | ACTUAL BALANCE |
|---|---|---|---|---|---|---|
| 05/01/11 | PAYMENT | 43.17 | 243.79 | PAYMENT | 48.67 | 94.04- |
| 05/01/11 | TAX | 101.57- | 243.79 | | .00 | 94.04- |
| 06/01/11 | PAYMENT | 43.17 | 286.96 | | .00 | 94.04- |
| 07/01/11 | PAYMENT | 43.17 | 330.13 | PAYMENT | 48.67 | 45.37- |
| BEGINNING BALANCE | | | 338.42 | | | 45.37- |
| 08/01/11 | PAYMENT | 48.39 | 386.81 | | .00 | 45.37- |
| 09/01/11 | PAYMENT | 48.39 | 435.20 | | .00 | 45.37- |
| 10/01/11 | PAYMENT | 48.39 | 483.59 | TAX | 126.80- | 172.17- |
| 11/01/11 | PAYMENT | 48.39 | 179.61 | | .00 | 524.54- |
| 11/01/11 | FIRE | 352.37- | 179.61 | FIRE | 352.37- | 524.54- |
| 11/01/11 | TAX | 82.83- | 96.78 | | .00 | 524.54- |
| 12/01/11 | PAYMENT | 48.39 | 145.17 | | .00 | 524.54- |
| 01/01/12 | PAYMENT | 48.39 | 193.56 | | .00 | 524.54- |
| 02/01/12 | PAYMENT | 48.39 | 241.95 | | .00 | 524.54- |
| 03/01/12 | PAYMENT | 48.39 | 290.34 | | .00 | 524.54- |
| 04/01/12 | PAYMENT | 48.39 | 338.73 | TAX | 126.23- | 650.77- |
| 05/01/12 | PAYMENT | 48.39 | 241.58 | | .00 | 650.77- |
| 05/01/12 | TAX | 145.54- | 241.58 | | .00 | 650.77- |
| 06/01/12 | PAYMENT | 48.39 | 289.97 | | .00 | 650.77- |
| 07/01/12 | PAYMENT | 48.39 | 338.36 | | .00 | 650.77- |

```
                          * For Internal USE ONLY, NOT a Transaction History *
                          * For Internal USE ONLY, NOT a Transaction History *
TRN497CR-02                                                                          5/21/07 14:19:39
MPRICE                               HOMECOMINGS FINANCIAL                        JOB DT:  5/01/07
                                  DETAIL TRANSACTION HISTORY                          PAGE:    1

LOAN#        6646   INV# 413    POOL# 0200104  INV LN#      2951 NEXT DUE  6/01/07   INTEREST RATE  9.750   PRIN.BAL   72,889.18
BORR1 William J. Futrell         TYPE: 05-00 CONVENTION    STATUS R TOT.DELQ      .00   SUSP-235B        .00   ESC.BAL        .00
BORR2                            MSGS: 92     #PMT D00000   P&I        .00   SUSP-SUBS        .00   ESC.ADV        .00
PROP: 0391 N 550 W               MAIL: 0391 N 550 W                          SUSP-HAZ         .00   TOT.PMT    657.25
                                                              SRVFEES  .02500   SUSP-FOR         .00   P&I        657.25
     Bryant      IN 47326          Bryant       IN 47326   YDIFF   .00000   SUSP-MIS         .00   ESC.PMT        .00
                                                        INT PD TO  5/01/07   P&I SHORT        .00   CORP AD        .00

---TRANSACTION----             NEXT -AFTER TRANS.BALANCES-      TOTAL -------------APPLIED----------- MISC PMTS
NBR   DATE   CODE -----DESCRIPTION----- DUE  PRINCIPAL   ESCROW   AMOUNT  PRINCIPAL  INTEREST   ESCROW SUSPENSE/CD &SRV.FEES
 10  3/09/01 8162 LOAN TRANSFER         4/01  76500.00      .00  76500.00- 76500.00-     .00      .00     .00
          S/F      REF#
 11  3/30/01 3199 OLD INV 943/0200104   4/01      .00      .00  76500.00  76500.00      .00      .00     .00
                                             Eff Dt: 03/30/2001    Batch: DHORN
          S/F TR  REF#
 12  3/30/01 8199 NEW INV 413/0200104   4/01  76500.00      .00  76500.00- 76500.00-     .00      .00     .00
          S/F TR  REF#
 13  4/11/01 02   PAYMENT               5/01  76464.31      .00    657.25    35.69   621.56      .00     15.94 11
Days since last Paymt on: 03/30/2001     12      Eff Dt: 04/11/2001    Batch: 0411L304    IPT Dt: 4/01/01
          S/F LB  REF#
 14  4/11/01 11   PRINCIPAL PAYMENT     5/01  76461.56      .00      2.75     2.75      .00      .00     .00
          S/F LB  REF#
 15  5/17/01 0283 PAYMENT               6/01  76425.56      .00    657.25    36.00   621.25      .00     15.93 11
Days since last Paymt on: 04/11/2001     36      Eff Dt: 05/17/2001    Batch: 0517L302    IPT Dt: 5/01/01
          S/F LB  REF#
 16  5/17/01 1401 Late Charge           6/01  76425.56      .00      2.75      .00      .00      .00     2.75 01
          S/F      REF#
 17  6/20/01 1325 PMT-MISC SUSP         6/01  76425.36      .00    550.00      .00      .00      .00   550.00 PP
   Effective date:  6/19/01
          S/F      REF#
 18  6/26/01 02   PAYMENT               7/01  76389.27      .00    690.11    36.29   620.96      .00     32.86 01
Days since last Paymt on: 05/17/2001     40      Eff Dt: 06/26/2001    Batch: 0626L304    IPT Dt: 6/01/01
                                                                                                       15.92 11
          S/F LB  REF#
 19  6/26/01 1401 Late Charge           7/01  76389.27      .00      9.89      .00      .00      .00     9.89 01
          S/F LB  REF#
 20  6/26/01 2625 MISC ADJ              7/01  76389.27      .00    550.00-     .00      .00      .00   550.00-PP
          S/F LB  REF#
 21  8/13/01 02   PAYMENT               8/01  76352.68      .00    690.11    36.59   620.66      .00     32.06 01
Days since last Paymt on: 06/26/2001     45      Eff Dt: 08/10/2001    Batch: 0810L352    IPT Dt: 7/01/01
                                                                                                       15.91 11
          S/F LB  REF#
 22  8/13/01 1325 PMT-MISC SUSP         8/01  76352.68      .00      9.89      .00      .00      .00     9.89 PP
   Effective date:  8/10/01
          S/F PD  REF#
 23  8/16/01 1499 Late Charge           8/01  76352.68      .00     32.86      .00      .00      .00     32.86 01
          S/F      REF#
 24  9/14/01 1499 Late Charge           8/01  76352.68      .00     32.86      .00      .00      .00     32.86 01
          S/F      REF#
 25  9/26/01 02   PAYMENT               9/01  76315.80      .00    698.06    36.88   620.37      .00     32.86 01
Days since last Paymt on: 08/10/2001     47      Eff Dt: 09/26/2001    Batch: 0926L301    IPT Dt: 8/01/01
```

* For Internal USE ONLY, NOT a Transaction History *
* For Internal USE ONLY, NOT a Transaction History *

TRN497CR-02                    HOMECOMINGS FINANCIAL                        5/21/07 14:19:39
MPRICE                      DETAIL TRANSACTION HISTORY                       JOB DT: 5/01/07
                                                                              PAGE:    2

| NBR | DATE | CODE | DESCRIPTION | NEXT DUE | AFTER TRANS. PRINCIPAL | BALANCES ESCROW | TOTAL AMOUNT | PRINCIPAL | APPLIED INTEREST | ESCROW | SUSPENSE/CD | MISC.PMTS &SRV.FEES |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| LOAN# | | 6646 | CONTINUED | | | | | | | | | 15.91 11 |
| | | | | | | | | | | | | 7.95 CH |
| | | S/F LB | REF# | | | | | | | | | |
| 26 | 9/26/01 | 1325 | PMT-MISC SUSP | 9/01 | 76315.80 | .00 | 297.72 | .00 | .00 | .00 | 297.72 PP | |
| | | S/F LB | REF# | | | | | | | | | |
| 27 | 9/26/01 | 2625 | MISC ADJ | 9/01 | 76315.80 | .00 | 9.89- | .00 | .00 | .00 | 9.89-PP | |
| | | S/F LB | REF# | | | | | | | | | |
| 28 | 10/16/01 | 1499 | Late Charge | 9/01 | 76315.80 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 01 |
| | | S/F | REF# | | | | | | | | | |
| 29 | 10/31/01 | 0283 | PAYMENT | 10/01 | 76278.62 | .00 | 665.20 | 37.18 | 620.07 | .00 | .00 | 15.90 11 |
| | Days since last Paymt on: 09/26/2001 | | | 34 | Eff Dt: 10/30/2001 | | Batch: 1030L002 | | IPT Dt: 9/01/01 | | | 7.95 CH |
| | | S/F CK | REF# | | | | | | | | | |
| 30 | 10/31/01 | 1325 | PMT-MISC SUSP | 10/01 | 76278.62 | .00 | 420.56 | .00 | .00 | .00 | 420.56 PP | |
| | Effective date: 10/30/01 | | | | | | | | | | | |
| 31 | 10/31/01 | 2625 | MISC ADJ | 10/01 | 76278.62 | .00 | 7:8.28- | .00 | .00 | .00 | 718.28-PP | |
| | | S/F CK | REF# | | | | | | | | | |
| 32 | 10/31/01 | 02 | PAYMENT | 11/01 | 76241.13 | .00 | 698.06 | 37.49 | 619.76 | .00 | .00 | 32.86 01 |
| | Days since last Paymt on: 10/30/2001 | | | 0 | Eff Dt: 10/30/2001 | | Batch: 1030L002 | | IPT Dt: 10/01/01 | | | 15.89 11 |
| | | | | | | | | | | | | 7.95 CH |
| | | S/F CK | REF# | | | | | | | | | |
| 33 | 10/31/01 | 1401 | Late Charge | 11/01 | 76241.13 | .00 | 20.22 | .00 | .00 | .00 | .00 | 20.22 01 |
| | Effective date: 10/30/01 | | | | | | | | | | | |
| 34 | 11/16/01 | 1499 | Late Charge | 11/01 | 76241.13 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 01 |
| | | S/F | REF# | | | | | | | | | |
| 35 | 12/14/01 | 1499 | Late Charge | 11/01 | 76241.13 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 01 |
| | | S/F | REF# | | | | | | | | | |
| 36 | 12/18/01 | 02 | PAYMENT | 12/01 | 76203.34 | .00 | 690.11 | 37.79 | 619.46 | .00 | .00 | 32.86 01 |
| | Days since last Paymt on: 10/30/2001 | | | 49 | Eff Dt: 12/18/2001 | | Batch: 1218L002 | | IPT Dt: 11/01/01 | | | 15.88 11 |
| | | S/F LB | REF# | | | | | | | | | |
| 37 | 12/18/01 | 1325 | PMT-MISC SUSP | 12/01 | 76203.34 | .00 | 9.89 | .00 | .00 | .00 | 9.89 PP | |
| | | S/F LB | REF# | | | | | | | | | |
| 38 | 1/16/02 | 02 | PAYMENT | 1/02 | 76165.24 | .00 | 690.11 | 38.10 | 619.15 | .00 | .00 | 32.86 01 |
| | Days since last Paymt on: 12/18/2001 | | | 29 | Eff Dt: 01/16/2002 | | Batch: 0116L002 | | IPT Dt: 12/01/01 | | | 15.88 11 |
| | | S/F LB | REF# | | | | | | | | | |
| 39 | 1/16/02 | 1325 | PMT-MISC SUSP | 1/02 | 76165.24 | .00 | 339.78 | .00 | .00 | .00 | 339.78 PP | |
| | | S/F LB | REF# | | | | | | | | | |
| 40 | 1/16/02 | 2625 | MISC ADJ | 1/02 | 76165.24 | .00 | 9.89- | .00 | .00 | .00 | 9.89-PP | |
| | | S/F | REF# | | | | | | | | | |
| 41 | 1/22/02 | 1499 | Late Charge | 1/02 | 76165.24 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 01 |
| 42 | 2/15/02 | 1499 | Late Charge | 1/02 | 76165.24 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 01 |
| 43 | 2/27/02 | 02 | PAYMENT | 2/02 | 76126.63 | .00 | 690.11 | 38.41 | 618.84 | .00 | .00 | 32.86 01 |

* For Internal USE ONLY, NOT a Transaction History *
* For Internal USE ONLY, NOT a Transaction History *

```
TRN497CR-02                                     HOMECOMINGS FINANCIAL                        5/21/07 14:19:39
MPRICE                                        DETAIL TRANSACTION HISTORY                      JOB DT:  5/01/07
                                                                                             PAGE:     3
---TRANSACTION----          NEXT -AFTER TRANS.BALANCES-      TOTAL  ----------------APPLIED---------------MISC.PMTS
NBR   DATE  CODE -----DESCRIPTION-----  DUE  PRINCIPAL  ESCROW   AMOUNT  PRINCIPAL INTEREST  ESCROW SUSPENSE/CO &SRV.FEES
LOAN#    6646          CONTINUED
     Days since last Paymt on: 01/16/2002   42   Eff Dt: 02/27/2002  Batch: 0227LB70    IPT Dt: 1/01/02
                                                                                                         15.87 11
      S/F LB  REF#
44  2/27/02 1325 PMT-MISC SUSP          2/02  76126.83      .00   465.67      .00      .00      .00   465.67 PP
      S/F LB  REF#
45  2/27/02 2625 MISC ADJ               2/02  76126.83      .00   339.78-     .00      .00      .00   339.78-PP
      S/F      REF#
46  3/15/02 1499 Late Charge            2/02  76126.83      .00    32.86      .00      .00      .00      .00      32.86 01
      S/F      REF#
47  3/27/02 0283 PAYMENT                3/02  76088.11      .00   657.25    38.72   618.53      .00      .00      15.86 11
     Days since last Paymt on: 02/27/2002   28   Eff Dt: 03/27/2002  Batch: 0326LB2A    IPT Dt: 2/01/02
      S/F CK  REF#
48  3/27/02 1325 PMT-MISC SUSP          3/02  76088.11      .00   292.75      .00      .00      .00   292.75 PP
      S/F      REF#
49  3/27/02 2625 MISC ADJ               3/02  76088.11      .00   758.42-     .00      .00      .00   758.42-PP
      S/F CK  REF#
50  3/27/02 0283 PAYMENT                4/02  76049.08      .00   657.25    39.03   618.22      .00      .00      15.85 11
     Days since last Paymt on: 03/27/2002    0   Eff Dt: 03/27/2002  Batch: 0326LB2A    IPT Dt: 3/01/02
      S/F CK  REF#
51  3/27/02 1401 Late Charge            4/02  76049.08      .00    98.58      .00      .00      .00      .00      98.58 01
      S/F CK  REF#
52  3/27/02 11   PRINCIPAL PAYMENT      4/02  76046.49      .00     2.59     2.59      .00      .00      .00
      S/F      REF#
53  3/29/02 1499 Fee to Exped Statemt   4/02  76046.49      .00      .00      .00      .00      .00      .00      04
      S/F      REF#
54  4/03/02 1499 Prop Inspection Fee    4/02  76046.49      .00    25.00      .00      .00      .00      .00      25.00 06
      S/F      REF#
55  4/16/02 1499 Late Charge            4/02  76046.49      .00    32.86      .00      .00      .00      .00      32.86 01
      S/F      REF#
56  4/17/02 0283 PAYMENT                5/02  76007.12      .00   657.25    39.37   617.88      .00      .00      15.84 11
     Days since last Paymt on: 03/27/2002   21   Eff Dt: 04/17/2002  Batch: 0417LM02    IPT Dt: 4/01/02
      S/F LB  REF#
57  5/14/02 02   PAYMENT                6/02  75967.43      .00   657.25    39.69   617.56      .00      .00      15.83 11
     Days since last Paymt on: 04/17/2002   27   Eff Dt: 05/14/2002  Batch: 0514LM02    IPT Dt: 5/01/02
      S/F LB  REF#
58  6/12/02 02   PAYMENT                7/02  75927.42      .00   657.25    40.01   617.24      .00      .00      15.83 11
     Days since last Paymt on: 05/14/2002   29   Eff Dt: 06/12/2002  Batch: 0612LM02    IPT Dt: 6/01/02
      S/F LB  REF#
59  6/12/02 1401 Late Charge            7/02  75927.42      .00    32.86      .00      .00      .00      .00      32.06 01
      S/F C   REF#
60  6/12/02 1406 Prop Inspection Fee    7/02  75927.42      .00    25.00      .00      .00      .00      .00      25.00 06
      S/F LB  REF#
61  7/02/02 02   PAYMENT                8/02  75887.08      .00   657.25    40.34   616.91      .00      .00      15.82 11
     Days since last Paymt on: 06/12/2002   20   Eff Dt: 07/02/2002  Batch: 0702LM02    IPT Dt: 7/01/02
      S/F LB  REF#
62  7/30/02 02   PAYMENT                9/02  75846.41      .00   657.25    40.67   616.58      .00      .00      15.81 11
     Days since last Paymt on: 07/02/2002   28   Eff Dt: 07/30/2002  Batch: 0730LM02    IPT Dt: 8/01/02
      S/F LB  REF#
63  9/03/02 02   PAYMENT               10/02  75805.41      .00   657.25    41.00   616.25      .00      .00      15.80 11
```

* For Internal USE ONLY, NOT a Transaction History *
* For Internal USE ONLY, NOT a Transaction History *

TRN497CR-02                                                                      HOMECOMINGS FINANCIAL                                      5/21/07 14:19:39
MPRICE                                                                           DETAIL TRANSACTION HISTORY                                JOB DT:  5/01/07
                                                                                                                                          PAGE:      4

| ---TRANSACTION---- | | | NEXT | -AFTER TRANS.BALANCES- | | TOTAL | ----------------APPLIED--------------- | | | | ----- MISC.PMTS ----- | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| NBR | DATE | CODE | ---DESCRIPTION------ | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | &SRV.FEES | |
| LOAN# | ■■■■■6646 | | CONTINUED | | | | | | | | | | |
| | Days since last Paymt on: 07/30/2002 | | | 35 | Eff Dt: 09/03/2002 | | Batch: 0903LB02 | | IPT Dt:  9/01/02 | | | | |
| 64 | 10/14/02 | 02 | PAYMENT | 11/02 | 75764.08 | .00 | 657.25 | 41.33 | 615.92 | .00 | .00 | 15.79 | 11 |
| | Days since last Paymt on: 09/03/2002 | | | 39 | Eff Dt: 10/12/2002 | | Batch: 1012LB02 | | IPT Dt: 10/01/02 | | | | |
| | S/F LB | REF# | | | | | | | | | | | |
| 65 | 11/15/02 | 02 | PAYMENT | 12/02 | 75722.41 | .00 | 657.25 | 41.67 | 615.58 | .00 | .00 | 15.78 | 11 |
| | Days since last Paymt on: 10/12/2002 | | | 34 | Eff Dt: 11/15/2002 | | Batch: 1115LB02 | | IPT Dt: 11/01/02 | | | | |
| | S/F LB | REF# | | | | | | | | | | | |
| 66 | 12/16/02 | 02 | PAYMENT | 1/03 | 75680.40 | .00 | 657.25 | 42.01 | 615.24 | .00 | .00 | 15.78 | 11 |
| | Days since last Paymt on: 11/15/2002 | | | 31 | Eff Dt: 12/16/2002 | | Batch: 1216LB02 | | IPT Dt: 12/01/02 | | | | |
| | S/F LB | REF# | | | | | | | | | | | |
| 67 | 1/15/03 | 02 | PAYMENT | 2/03 | 75638.05 | .00 | 657.25 | 42.35 | 614.90 | .00 | .00 | 15.77 | 11 |
| | Days since last Paymt on: 12/16/2002 | | | 30 | Eff Dt: 01/15/2003 | | Batch: 0115LB02 | | IPT Dt:  1/01/03 | | | | |
| | S/F LB | REF# | | | | | | | | | | | |
| 68 | 2/03/03 | 02 | PAYMENT | 3/03 | 75595.36 | .00 | 657.25 | 42.69 | 614.56 | .00 | .00 | 15.76 | 11 |
| | Days since last Paymt on: 01/15/2003 | | | 19 | Eff Dt: 02/03/2003 | | Batch: 0203LB02 | | IPT Dt:  2/01/03 | | | | |
| | S/F LB | REF# | | | | | | | | | | | |
| 69 | 3/06/03 | 02 | PAYMENT | 4/03 | 75552.32 | .00 | 657.25 | 43.04 | 614.21 | .00 | .00 | 15.75 | 11 |
| | Days since last Paymt on: 02/03/2003 | | | 31 | Eff Dt: 03/06/2003 | | Batch: 0306LB02 | | IPT Dt:  3/01/03 | | | | |
| | S/F LB | REF# | | | | | | | | | | | |
| 70 | 4/10/03 | 02 | PAYMENT | 5/03 | 75508.93 | .00 | 657.25 | 43.39 | 613.86 | .00 | .00 | 15.74 | 11 |
| | Days since last Paymt on: 03/06/2003 | | | 35 | Eff Dt: 04/10/2003 | | Batch: 0410LB02 | | IPT Dt:  4/01/03 | | | | |
| | S/F LB | REF# | | | | | | | | | | | |
| 71 | 5/14/03 | 02 | PAYMENT | 6/03 | 75465.19 | .00 | 657.25 | 43.74 | 613.51 | .00 | .00 | 15.73 | 11 |
| | Days since last Paymt on: 04/10/2003 | | | 34 | Eff Dt: 05/14/2003 | | Batch: 0514LB02 | | IPT Dt:  5/01/03 | | | | |
| | S/F LB | REF# | | | | | | | | | | | |
| 72 | 6/16/03 | 1499 | Late Charge | 6/03 | 75465.19 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 | 01 |
| 73 | 7/16/03 | 1499 | Late Charge | 6/03 | 75465.19 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 | 01 |
| | S/F LB | REF# | | | | | | | | | | | |
| 74 | 7/25/03 | 02 | Speed Draft Fee | 6/03 | 75465.19 | .00 | 11.99 | .00 | .00 | .00 | .00 | 11.99 | 07 |
| 75 | 7/25/03 | 02 | PAYMENT | 7/03 | 75421.09 | .00 | 690.11 | 44.10 | 613.15 | .00 | .00 | 32.06 | 01 |
| | Days since last Paymt on: 05/14/2003 | | | 72 | Eff Dt: 07/25/2003 | | Batch: 0725ACHS | | IPT Dt:  6/01/03 | | | | |
| | | | | | | | | | | | | 15.72 | 11 |
| | S/F BA | REF# | | | | | | | | | | | |
| 76 | 7/25/03 | 1407 | Speed Draft Fee | 7/03 | 75421.09 | .00 | 11.99 | .00 | .00 | .00 | .00 | 11.99 | 07 |
| 77 | 8/05/03 | 1499 | Prop Inspection Fee | 7/03 | 75421.09 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 | 06 |
| | S/F | REF# | | | | | | | | | | | |
| 78 | 8/18/03 | 1499 | Late Charge | 7/03 | 75421.09 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 | 01 |
| | S/F | REF# | | | | | | | | | | | |
| 79 | 9/03/03 | 1499 | Prop Inspection Fee | 7/03 | 75421.09 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 | 06 |
| 80 | 9/08/03 | 02 | PAYMENT | 8/03 | 75376.64 | .00 | 690.11 | 44.45 | 612.80 | .00 | .00 | 32.86 | 01 |
| | Days since last Paymt on: 07/25/2003 | | | 43 | Eff Dt: 09/06/2003 | | Batch: 0906LB02 | | IPT Dt:  7/01/03 | | | | |
| | | | | | | | | | | | | 15.71 | 11 |
| | S/F LB | REF# | | | | | | | | | | | |
| 81 | 9/16/03 | 1499 | Late Charge | 8/03 | 75376.64 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 | 01 |

* For Internal USE ONLY, NOT a Transaction History *
* For Internal USE ONLY, NOT a Transaction History *

TRN497CR-02                                HOMECOMINGS FINANCIAL                                    5/21/07 14:19:39
MPRICE                                    DETAIL TRANSACTION HISTORY                               JOB DT:    5/01/07
                                                                                                      PAGE:      5
----TRANSACTION----                      NEXT  -AFTER TRANS.BALANCES-      TOTAL  ---------------APPLIED-------------|---- MISC.PMTS
NBR  DATE   CODE  ----DESCRIPTION------   DUE  PRINCIPAL     ESCROW       AMOUNT  PRINCIPAL  INTEREST      ESCROW SUSPENSE/CD &SRV.FEES
LOAN#      6646              CONTINUED

82  9/24/03 2664 NON CASH FEE ADJ        8/03  75376.64       .00        32.86=       .00       .00       .00       .00   32.86-01
             S/F      REF#
03  9/24/03 2664 NON CASH FEE ADJ        8/03  75376.64       .00        32.86-       .00       .00       .00       .00   32.86-01
             S/F C    REF#
84  9/30/03 02   PAYMENT                 9/03  75331.83       .00       657.25      44.81    612.44       .00       .00   15.70 11
Days since last Paymt on: 09/06/2003       24     Eff Dt: 09/30/2003    Batch: 0930ACHS    IPT Dt:  8/01/03
             S/F BA   REF#
85 10/02/03 1499 Prop Inspection Fee     9/03  75331.83       .00        15.00       .00       .00       .00       .00   15.00 06
             S/F      REF#
86 10/16/03 1499 Late Charge             9/03  75331.83       .00        32.86       .00       .00       .00       .00   32.86 01
             S/F      REF#
87 10/20/03 02   PAYMENT                10/03  75286.65       .00       657.25      45.18    612.07       .00       .00   15.69 11
Days since last Paymt on: 09/30/2003       20     Eff Dt: 10/20/2003    Batch: 1020LB02    IPT Dt:  9/01/03
             S/F LB   REF#
88 11/17/03 0283 PAYMENT                11/03  75241.10       .00       657.25      45.55    611.70       .00       .00   15.68 11
Days since last Paymt on: 10/20/2003       28     Eff Dt: 11/17/2003    Batch: 1117LB02    IPT Dt: 10/01/03
             S/F LB   REF#
89 11/17/03 1499 Late Charge            11/03  75241.10       .00        32.86       .00       .00       .00       .00   32.86 01
             S/F      REF#
90 12/16/03 0283 PAYMENT                12/03  75195.18       .00       657.25      45.92    611.33       .00       .00   15.68 11
Days since last Paymt on: 11/17/2003       29     Eff Dt: 12/16/2003    Batch: 1216LB02    IPT Dt: 11/01/03
             S/F LB   REF#
91 12/16/03 1499 Late Charge            12/03  75195.18       .00        32.86       .00       .00       .00       .00   32.86 01
             S/F      REF#
92  1/15/04 0283 PAYMENT                 1/04  75148.89       .00       657.25      46.29    610.96       .00       .00   15.67 11
Days since last Paymt on: 12/16/2003       30     Eff Dt: 01/15/2004    Batch: 0115LB02    IPT Dt: 12/01/03
             S/F      REF#
93  1/14/04 1499 Late Charge             1/04  75148.89       .00        32.86       .00       .00       .00       .00   32.86 01
             S/F      REF#
94  2/16/04 1499 Late Charge             1/04  75148.89       .00        32.86       .00       .00       .00       .00   32.86 01
             S/F      REF#
95  3/12/04 1325 PMT-MISC SUSP           1/04  75148.89       .00      2036.05       .00       .00       .00  2036.05 PP
             S/F      REF#
96  3/12/04 2625 MISC ADJ                1/04  75148.89       .00       657.25-      .00       .00       .00   657.25-PP
             S/F CK   REF#
97  3/12/04 0283 PAYMENT                 2/04  75102.22       .00       657.25      46.67    610.58       .00       .00   15.66 11
Days since last Paymt on: 01/15/2004       57     Eff Dt: 03/12/2004    Batch: 0312SUSP    IPT Dt:  1/01/04
             S/F CK   REF#
98  3/12/04 2625 MISC ADJ                2/04  75102.22       .00       657.25-      .00       .00       .00   657.25-PP
             S/F      REF#
99  3/12/04 0283 PAYMENT                 3/04  75055.18       .00       657.25      47.04    610.21       .00       .00   15.65 11
Days since last Paymt on: 03/12/2004        0     Eff Dt: 03/12/2004    Batch: 0312SUSP    IPT Dt:  2/01/04
             S/F CK   REF#
100 3/12/04 2625 MISC ADJ                3/04  75055.18       .00       657.25-      .00       .00       .00   657.25-PP
             S/F CK   REF#
101 3/12/04 02   PAYMENT                 4/04  75007.75       .00       657.25      47.43    609.82       .00       .00   15.64 11
Days since last Paymt on: 03/12/2004        0     Eff Dt: 03/12/2004    Batch: 0312SUSP    IPT Dt:  3/01/04
             S/F CK   REF#

* For Internal USE ONLY, NOT a Transaction History *
* For Internal USE ONLY, NOT a Transaction History *

TRN497CR-02                                                                                    5/21/07 14:19:39
MPRICE                                        HOMECOMINGS FINANCIAL                            JOB DT:   5/01/07
                                            DETAIL TRANSACTION HISTORY                              PAGE:      6

| ---TRANSACTION--- | | NEXT | -AFTER TRANS. | BALANCES- | TOTAL | -------------APPLIED------------- | | | MISC. PMTS |
| NBR DATE CODE -----DESCRIPTION------ | | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | &SRV. FEES |
| LOAN# _____ 8646 CONTINUED | | | | | | | | | | |
| 102 3/12/04 2625 MISC ADJ | | 4/04 | 75007.75 | .00 | 64.30- | .00 | .00 | .00 | 64.30-PP | |
| S/F CK  REF# | | | | | | | | | | |
| 103 3/12/04 1401 Late Charge | | 4/04 | 75007.75 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 01 |
| S/F D  REF# | | | | | | | | | | |
| 104 3/12/04 1401 Late Charge | | 4/04 | 75007.75 | .00 | 31.44 | .00 | .00 | .00 | .00 | 31.44 01 |
| S/F D  REF# | | | | | | | | | | |
| 105 3/18/04 1499 Prop Inspection Fee | | 4/04 | 75007.75 | .00 | 9.00 | .00 | .00 | .00 | .00 | 9.00 06 |
| S/F  REF# | | | | | | | | | | |
| 106 4/12/04 02  PAYMENT | | 5/04 | 74959.94 | .00 | 657.25 | 47.81 | 609.44 | .00 | .00 | 15.63 11 |
| Days since last Paymt on: 03/12/2004 | 28 | Eff Dt: 04/09/2004 | Batch: 0409L802 | IPT Dt: 4/01/04 | | | | | | |
| S/F LB  REF# | | | | | | | | | | |
| 107 4/12/04 1401 Late Charge | | 5/04 | 74959.94 | .00 | 1.42 | .00 | .00 | .00 | .00 | 1.42 01 |
| Effective date: 4/09/04 | | | | | | | | | | |
| S/F D  REF# | | | | | | | | | | |
| 108 4/12/04 1401 Late Charge | | 5/04 | 74959.94 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 01 |
| Effective date: 4/09/04 | | | | | | | | | | |
| S/F D  REF# | | | | | | | | | | |
| 109 4/12/04 1401 Late Charge | | 5/04 | 74959.94 | .00 | 10.72 | .00 | .00 | .00 | .00 | 10.72 01 |
| Effective date: 4/09/04 | | | | | | | | | | |
| 110 5/17/04 02  PAYMENT | | 6/04 | 74911.74 | .00 | 657.25 | 48.20 | 609.05 | .00 | .00 | 15.62 11 |
| Days since last Paymt on: 04/09/2004 | 38 | Eff Dt: 05/17/2004 | Batch: 0517L802 | IPT Dt: 5/01/04 | | | | | | |
| S/F LB  REF# | | | | | | | | | | |
| 111 6/07/04 02  PAYMENT | | 7/04 | 74863.15 | .00 | 657.25 | 48.59 | 608.66 | .00 | .00 | 15.61 11 |
| Days since last Paymt on: 05/17/2004 | 21 | Eff Dt: 06/07/2004 | Batch: 0607L802 | IPT Dt: 6/01/04 | | | | | | |
| S/F LB  REF# | | | | | | | | | | |
| 112 6/07/04 1401 Late Charge | | 7/04 | 74863.15 | .00 | 22.14 | .00 | .00 | .00 | .00 | 22.14 01 |
| S/F D  REF# | | | | | | | | | | |
| 113 6/07/04 1401 Late Charge | | 7/04 | 74863.15 | .00 | 20.61 | .00 | .00 | .00 | .00 | 20.61 01 |
| S/F D  REF# | | | | | | | | | | |
| 114 7/14/04 02  PAYMENT | | 8/04 | 74814.16 | .00 | 657.25 | 48.99 | 608.26 | .00 | .00 | 15.60 11 |
| Days since last Paymt on: 06/07/2004 | 37 | Eff Dt: 07/14/2004 | Batch: 0714L802 | IPT Dt: 7/01/04 | | | | | | |
| S/F LB  REF# | | | | | | | | | | |
| 115 8/16/04 02  PAYMENT | | 9/04 | 74764.78 | .00 | 657.25 | 49.38 | 607.87 | .00 | .00 | 15.59 11 |
| Days since last Paymt on: 07/14/2004 | 33 | Eff Dt: 08/16/2004 | Batch: 0816L802 | IPT Dt: 8/01/04 | | | | | | |
| S/F LB  REF# | | | | | | | | | | |
| 116 8/16/04 1401 Late Charge | | 9/04 | 74764.78 | .00 | 12.25 | .00 | .00 | .00 | .00 | 12.25 01 |
| S/F D  REF# | | | | | | | | | | |
| 117 8/16/04 1406 Prop Inspection Fee | | 9/04 | 74764.78 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 06 |
| S/F C  REF# | | | | | | | | | | |
| 118 8/16/04 1406 Prop Inspection Fee | | 9/04 | 74764.78 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 06 |
| S/F C  REF# | | | | | | | | | | |
| 119 8/16/04 1406 Prop Inspection Fee | | 9/04 | 74764.78 | .00 | 15.00 | .00 | .00 | .00 | .00 | 15.00 06 |
| S/F C  REF# | | | | | | | | | | |
| 120 8/16/04 1406 Prop Inspection Fee | | 9/04 | 74764.78 | .00 | 9.00 | .00 | .00 | .00 | .00 | 9.00 06 |
| S/F C  REF# | | | | | | | | | | |
| 121 9/16/04 1499 Late Charge | | 9/04 | 74764.78 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 01 |
| S/F  REF# | | | | | | | | | | |
| 122 9/20/04 0283 PAYMENT | | 10/04 | 74714.99 | .00 | 657.25 | 49.79 | 607.46 | .00 | .00 | 15.58 11 |

* For Internal USE ONLY, NOT a Transaction History *
* For Internal USE ONLY, NOT a Transaction History *

```
TRN497CR-02                                          HOMECOMINGS FINANCIAL                              5/21/07 14:19:39
MPRICE                                            DETAIL TRANSACTION HISTORY                            JOB DT:   5/01/07
                                                                                                            PAGE:       7
---TRANSACTION----                     NEXT -AFTER TRANS.BALANCES-        TOTAL  ----------------APPLIED---------------  --- MISC.PMTS -----
NBR  DATE  CODE -----DESCRIPTION-----  DUE   PRINCIPAL    ESCROW          AMOUNT  PRINCIPAL INTEREST   ESCROW SUSPENSE/CD &SRV.FEES
LOAN#      646        CONTINUED
Days since last Paymt on: 08/18/2004   33       Eff Dt: 09/18/2004      Batch: 0918LB02       IPT Dt:  9/01/04
123 10/14/04 1499 Fee to Exped Statemt 10/04  74714.99       .00          25.00       .00       .00       .00        .00     25.00 04
             S/F LB  REF#
124 10/14/04 1499 Recording Fee        10/04  74714.99       .00          10.00       .00       .00       .00        .00     10.00 50
             S/F    REF#
125 10/18/04 1499 Late Charge          10/04  74714.99       .00          32.86       .00       .00       .00        .00     32.86 01
             S/F    REF#
126 11/16/04 0283 PAYMENT              11/04  74664.80       .00         657.25     50.19    607.06       .00        .00     15.57 11
Days since last Paymt on: 09/18/2004   59       Eff Dt: 11/16/2004      Batch: 1116LB02       IPT Dt: 10/01/04
             S/F LB  REF#
127 11/16/04 1499 Late Charge          11/04  74664.80       .00          32.86       .00       .00       .00        .00     32.86 01
             S/F    REF#
128 12/16/04 1499 Late Charge          11/04  74664.80       .00          32.86       .00       .00       .00        .00     32.86 01
             S/F    REF#
129 12/28/04 1499 Prop Inspection Fee  11/04  74664.80       .00           9.00       .00       .00       .00        .00      9.00 06
             S/F    REF#
130 12/31/04 0283 PAYMENT              12/04  74614.20       .00         657.25     50.60    606.65       .00        .00     15.56 11
Days since last Paymt on: 11/16/2004   45       Eff Dt: 12/31/2004      Batch: 1231L302       IPT Dt: 11/01/04
             S/F    REF#
131  1/18/05 1499 Late Charge          12/04  74614.20       .00          32.86       .00       .00       .00        .00     32.86 01
             S/F    REF#
132  1/26/05 0283 PAYMENT               1/05  74563.19       .00         657.25     51.01    606.24       .00        .00     15.54 11
Days since last Paymt on: 12/31/2004   26       Eff Dt: 01/26/2005      Batch: 0126L302       IPT Dt: 12/01/04
             S/F LB  REF#
133  2/16/05 1499 Late Charge           1/05  74563.19       .00          32.86       .00       .00       .00        .00     32.86 01
             S/F    REF#
134  2/28/05 0283 PAYMENT               2/05  74511.77       .00         657.25     51.42    605.83       .00        .00     15.53 11
Days since last Paymt on: 01/26/2005   33       Eff Dt: 02/28/2005      Batch: 0228L302       IPT Dt:  1/01/05
             S/F LB  REF#
135  3/16/05 1325 PMT-MISC SUSP         2/05  74511.77       .00        2177.91       .00       .00       .00    2177.91 PP
             S/F LB  REF#
136  3/16/05 2625 MISC ADJ              2/05  74511.77       .00         657.25-      .00       .00       .00     657.25-PP
             S/F CK  REF#
137  3/16/05 0283 PAYMENT               3/05  74459.93       .00         657.25     51.84    605.41       .00        .00     15.52 11
Days since last Paymt on: 02/28/2005   16       Eff Dt: 03/16/2005      Batch: 0316SUSP       IPT Dt:  2/01/05
             S/F CK  REF#
138  3/16/05 2625 MISC ADJ              3/05  74459.93       .00         657.25-      .00       .00       .00     657.25-PP
             S/F CK  REF#
139  3/16/05 02   PAYMENT               4/05  74407.67       .00         657.25     52.26    604.99       .00        .00     15.51 11
Days since last Paymt on: 03/16/2005    0       Eff Dt: 03/16/2005      Batch: 0316SUSP       IPT Dt:  3/01/05
             S/F CK  REF#
140  3/16/05 2625 MISC ADJ              4/05  74407.67       .00         657.25-      .00       .00       .00     657.25-PP
             S/F CK  REF#
141  3/16/05 02   PAYMENT               5/05  74354.98       .00         657.25     52.69    604.56       .00        .00     15.50 11
Days since last Paymt on: 03/16/2005    0       Eff Dt: 03/16/2005      Batch: 0316SUSP       IPT Dt:  4/01/05
             S/F CK  REF#
142  3/16/05 2625 MISC ADJ              5/05  74354.98       .00         206.16-      .00       .00       .00     206.16-PP
             S/F CK  REF#
```

```
                       * For Internal USE ONLY, NOT a Transaction History *
                       * For Internal USE ONLY, NOT a Transaction History *
TRN497CR-02                          HOMECOMINGS FINANCIAL                        5/21/07 14:19:39
MPRICE                            DETAIL TRANSACTION HISTORY                     JOB DT:   5/01/07
                                                                                        PAGE:     8
  --TRANSACTION----                       NEXT  -AFTER TRANS.BALANCES-    TOTAL  --------------APPLIED-------------
NBR   DATE   CODE ----DESCRIPTION------   DUE    PRINCIPAL     ESCROW    AMOUNT   PRINCIPAL  INTEREST    ESCROW SUSPENSE/CD &SRV.FEES
LOAN#    6646             CONTINUED                                                                              MISC.PMTS
143  3/16/05 1401 Late Charge             5/05   74354.98       .00      32.86       .00       .00       .00     .00    32.86 01
              S/F D     REF#
144  3/16/05 1401 Late Charge             5/05   74354.98       .00      32.86       .00       .00       .00     .00    32.86 01
              S/F D     REF#
145  3/16/05 1401 Late Charge             5/05   74354.98       .00      32.86       .00       .00       .00     .00    32.86 01
              S/F D     REF#
146  3/16/05 1401 Late Charge             5/05   74354.98       .00      32.86       .00       .00       .00     .00    32.86 01
              S/F D     REF#
147  3/16/05 1401 Late Charge             5/05   74354.98       .00      32.86       .00       .00       .00     .00    32.86 01
              S/F D     REF#
148  3/16/05 1401 Late Charge             5/05   74354.98       .00      32.86       .00       .00       .00     .00    32.86 01
              S/F D     REF#
149  3/16/05 1406 Prop Inspection Fee     5/05   74354.98       .00       9.00       .00       .00       .00     .00     9.00 06
              S/F C     REF#
150  4/11/05 2664 NON CASH FEE ADJ        5/05   74354.98       .00      10.00-      .00       .00       .00     .00    10.00-50
              S/F C     REF#
151  5/02/05 02   PAYMENT                 6/05   74301.86       .00     657.25     53.12    604.13       .00     .00    15.49 11
 Days since last Paymt on: 03/16/2005      47    Eff Dt: 05/02/2005   Batch: 0502LB02    IPT Dt:  5/01/05
              S/F LB    REF#
152  5/17/05 1499 Fee to Exped Statemt    6/05   74301.86       .00      25.00       .00       .00       .00     .00    25.00 04
              S/F      REF#
153  5/31/05 02   PAYMENT                 7/05   74248.31       .00     657.25     53.55    603.70       .00     .00    15.48 11
 Days since last Paymt on: 05/02/2005      29    Eff Dt: 05/31/2005   Batch: 0531LB02    IPT Dt:  6/01/05
              S/F LB    REF#
154  7/15/05 02   PAYMENT                 8/05   74194.33       .00     657.25     53.98    603.27       .00     .00    15.47 11
 Days since last Paymt on: 05/31/2005      44    Eff Dt: 07/14/2005   Batch: 0715LB02    IPT Dt:  7/01/05
              S/F LB    REF#
155  8/08/05 02   PAYMENT                 9/05   74139.91       .00     657.25     54.42    602.83       .00     .00    15.46 11
 Days since last Paymt on: 07/14/2005      25    Eff Dt: 08/08/2005   Batch: 0808LB02    IPT Dt:  8/01/05
              S/F LB    REF#
156  9/16/05 1499 Late Charge             9/05   74139.91       .00      32.86       .00       .00       .00     .00    32.86 01
              S/F      REF#
157  9/19/05 0283 PAYMENT                10/05   74085.05       .00     657.25     54.86    602.39       .00     .00    15.45 11
 Days since last Paymt on: 08/08/2005      40    Eff Dt: 09/17/2005   Batch: 0917LB02    IPT Dt:  9/01/05
              S/F LB    REF#
158 10/17/05 1499 Speed Draft Fee        10/05   74085.05       .00       8.99       .00       .00       .00     .00     8.99 07
              S/F      REF#
159 10/17/05 02   PAYMENT                11/05   74029.74       .00     657.25     55.31    601.94       .00     .00    15.43 11
 Days since last Paymt on: 09/17/2005      28    Eff Dt: 10/15/2005   Batch: 1017ACHS    IPT Dt: 10/01/05
              S/F BA    REF#
160 10/17/05 1407 Speed Draft Fee        11/05   74029.74       .00       8.99       .00       .00       .00     .00     8.99 07
  Effective date: 10/15/05
              S/F C     REF#
161 11/16/05 1499 Late Charge            11/05   74029.74       .00      32.86       .00       .00       .00     .00    32.86 01
              S/F      REF#
162 12/07/05 1325 PMT-MISC SUSP          11/05   74029.74       .00    1380.22       .00       .00       .00  1380.22 PP
              S/F LB    REF#
163 12/07/05 2625 MISC ADJ               11/05   74029.74       .00     657.25-      .00       .00       .00   657.25-PP
              S/F CK    REF#
```

* For Internal USE ONLY, NOT a Transaction History *
* For Internal USE ONLY, NOT a Transaction History *

```
TRN497CR-02                                         HOMECOMINGS FINANCIAL                          5/21/07 14:19:39
MPRICE                                           DETAIL TRANSACTION HISTORY                        JOB DT:   5/01/07
                                                                                                    PAGE:        9
---TRANSACTION----                          NEXT  -AFTER TRANS.BALANCES-     TOTAL  -------------APPLIED------------  MISC.PMTS
NBR  DATE   CODE -----DESCRIPTION------     DUE   PRINCIPAL      ESCROW     AMOUNT  PRINCIPAL INTEREST     ESCROW SUSPENSE/CD &SRV.FEES
LOAN#       6646              CONTINUED
164 12/07/05 0283 PAYMENT                   12/05  73973.98        .00      657.25    55.76  601.49        .00        .00    15.42 11
    Days since last Paymt on: 10/15/2005     53      Eff Dt: 12/07/2005  Batch: 1207SUSP   IPT Dt: 11/01/05
        S/F CK  REF#
165 12/07/05 2625 MISC ADJ                  12/05  73973.98        .00      657.25-    .00     .00        .00   657.25-PP
        S/F CK  REF#
166 12/07/05 02   PAYMENT                    1/06  73917.77        .00      657.25    56.21  601.04        .00        .00    15.41 11
    Days since last Paymt on: 12/07/2005      0      Eff Dt: 12/07/2005  Batch: 1207SUSP   IPT Dt: 12/01/05
        S/F CK  REF#
167 12/07/05 2625 MISC ADJ                   1/06  73917.77        .00      65.72-     .00     .00        .00    65.72-PP
        S/F CK  REF#
168 12/07/05 1401 Late Charge                1/06  73917.77        .00      32.86      .00     .00        .00        .00    32.86 01
        S/F D   REF#
169 12/07/05 1401 Late Charge                1/06  73917.77        .00      32.86      .00     .00        .00        .00    32.86 01
        S/F D   REF#
170  1/17/06 1499 Late Charge                1/06  73917.77        .00      32.86      .00     .00        .00        .00    32.86 01
        S/F     REF#
171  2/09/06 02   Speed Draft Fee            1/06  73917.77        .00       8.99      .00     .00        .00        .00     8.99 07
        S/F     REF#
172  2/09/06 02   PAYMENT                    2/06  73861.10        .00      690.11    56.67  600.58        .00        .00    32.86 01
    Days since last Paymt on: 12/07/2005     64      Eff Dt: 02/09/2006  Batch: 0209ACHS   IPT Dt: 1/01/06
                                                                                                                  15.40 11
        S/F BA  REF#
173  2/09/06 1407 Speed Draft Fee            2/06  73861.10        .00       8.99      .00     .00        .00        .00     8.99 07
        S/F C   REF#
174  2/16/06 1499 Late Charge                2/06  73861.10        .00      32.86      .00     .00        .00        .00    32.86 01
        S/F     REF#
175  2/16/06 2664 NON CASH FEE ADJ           2/06  73861.10        .00      32.86-     .00     .00        .00        .00    32.86-01
        S/F WC  REF#
176  3/08/06 1499 Speed Draft Fee            2/06  73861.10        .00       8.99      .00     .00        .00        .00     8.99 07
        S/F     REF#
177  3/08/06 02   PAYMENT                    3/06  73803.97        .00      657.25    57.13  600.12        .00        .00    15.39 11
    Days since last Paymt on: 02/09/2006     27      Eff Dt: 03/08/2006  Batch: 0308ACHS   IPT Dt: 2/01/06
        S/F BA  REF#
178  3/08/06 1407 Speed Draft Fee            3/06  73803.97        .00       8.99      .00     .00        .00        .00     8.99 07
        S/F C   REF#
179  3/08/06 1325 PMT-MISC SUSP              3/06  73803.97        .00      657.25     .00     .00        .00   657.25 PP
        S/F BA  REF#
180  3/08/06 2625 MISC ADJ                   3/06  73803.97        .00      657.25-    .00     .00        .00   657.25-PP
        S/F CK  REF#
181  3/08/06 02   PAYMENT                    4/06  73746.38        .00      657.25    57.59  599.66        .00        .00    15.38 11
    Days since last Paymt on: 03/08/2006      0      Eff Dt: 03/08/2006  Batch: 0308SUSP   IPT Dt: 3/01/06
        S/F CK  REF#
182  3/30/06 02   PAYMENT                    5/06  73688.32        .00      657.25    58.06  599.19        .00        .00    15.36 11
    Days since last Paymt on: 03/08/2006     22      Eff Dt: 03/30/2006  Batch: 0330IB02   IPT Dt: 4/01/06
        S/F LB  REF#
183  5/15/06 02   PAYMENT                    6/06  73629.79        .00      657.25    58.53  598.72        .00        .00    15.35 11
    Days since last Paymt on: 03/30/2006     44      Eff Dt: 05/13/2006  Batch: 0513IB05   IPT Dt: 5/01/06
        S/F LB  REF#
184  6/16/06 1499 Speed Draft Fee            6/06  73629.79        .00       8.99      .00     .00        .00        .00     8.99 07
```

* For Internal USE ONLY, NOT a Transaction History *
* For Internal USE ONLY, NOT a Transaction History *

TRN497CR-02                                    HOMECOMINGS FINANCIAL                                5/21/07 14:19:39
MPRICE                                        DETAIL TRANSACTION HISTORY                             JOB DT:   5/01/07
                                                                                                      PAGE:       10

| ---TRANSACTION--- | | NEXT | -AFTER TRANS.BALANCES- | | TOTAL | ---------------APPLIED--------------- | | | --- MISC.PMTS |
| NBR  DATE  CODE -----DESCRIPTION----- | | DUE | PRINCIPAL | ESCROW | AMOUNT | PRINCIPAL | INTEREST | ESCROW | SUSPENSE/CD | &SRV.FEES |
| LOAN#     6646 | | | | | | | | | | |
| 185 6/16/06 02  PAYMENT | S/F  REF# | 7/06 | 73570.78 | .00 | 657.25 | 59.01 | 598.24 | .00 | .00 | 15.34 11 |
| Days since last Paymt on: 05/13/2006 | | 34 | Eff Dt: 06/16/2006 | | Batch: 0616ACHS | | IPT Dt: 6/01/06 | | | |
| 186 6/16/06 1407 Speed Draft Fee | S/F BA  REF# | 7/06 | 73570.78 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| 187 7/12/06 02  PAYMENT | S/F C  REF# | 8/06 | 73511.29 | .00 | 657.25 | 59.49 | 597.76 | .00 | .00 | 15.33 11 |
| Days since last Paymt on: 06/16/2006 | | 26 | Eff Dt: 07/12/2006 | | Batch: 0712LB02 | | IPT Dt: 7/01/06 | | | |
| 188 8/10/06 02  PAYMENT | S/F LB  REF# | 9/06 | 73451.32 | .00 | 657.25 | 59.97 | 597.28 | .00 | .00 | 15.31 11 |
| Days since last Paymt on: 07/12/2006 | | 28 | Eff Dt: 08/09/2006 | | Batch: 0810LB02 | | IPT Dt: 8/01/06 | | | |
| 189 9/14/06 02  Speed Draft Fee | S/F  REF# | 9/06 | 73451.32 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| 190 9/14/06 02  PAYMENT | S/F LB  REF# | 10/06 | 73390.86 | .00 | 657.25 | 60.46 | 596.79 | .00 | .00 | 15.30 11 |
| Days since last Paymt on: 08/09/2006 | | 36 | Eff Dt: 09/14/2006 | | Batch: 0914ACHS | | IPT Dt: 9/01/06 | | | |
| 191 9/14/06 1407 Speed Draft Fee | S/F LB  REF# | 10/06 | 73390.86 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |
| 192 10/02/06 02  PAYMENT | S/F LB  REF# | 11/06 | 73329.91 | .00 | 657.25 | 60.95 | 596.30 | .00 | .00 | 15.29 11 |
| Days since last Paymt on: 09/14/2006 | | 18 | Eff Dt: 10/02/2006 | | Batch: 1002LB02 | | IPT Dt: 10/01/06 | | | |
| 193 10/23/06 02  PAYMENT | S/F LB  REF# | 12/06 | 73268.47 | .00 | 657.25 | 61.44 | 595.81 | .00 | .00 | 15.28 11 |
| Days since last Paymt on: 10/02/2006 | | 21 | Eff Dt: 10/23/2006 | | Batch: 1023LB02 | | IPT Dt: 11/01/06 | | | |
| 194 11/20/06 02  PAYMENT | S/F LB  REF# | 1/07 | 73206.53 | .00 | 657.25 | 61.94 | 595.31 | .00 | .00 | 15.26 11 |
| Days since last Paymt on: 10/23/2006 | | 25 | Eff Dt: 11/17/2006 | | Batch: 1118L302 | | IPT Dt: 12/01/06 | | | |
| 195 1/12/07 02  PAYMENT | S/F LB  REF# | 2/07 | 73144.08 | .00 | 657.25 | 62.45 | 594.80 | .00 | .00 | 15.25 11 |
| Days since last Paymt on: 11/17/2006 | | 56 | Eff Dt: 01/12/2007 | | Batch: 0112L302 | | IPT Dt: 1/01/07 | | | |
| 196 2/06/07 02  NON CASH FEE ADJ | S/F C  REF# | 2/07 | 73144.08 | .00 | 25.00- | .00 | .00 | .00 | .00 | 25.00-04 |
| 197 2/06/07 2664 NON CASH FEE ADJ | S/F C  REF# | 2/07 | 73144.08 | .00 | 25.00- | .00 | .00 | .00 | .00 | 25.00-04 |
| 198 2/13/07 02  PAYMENT | S/F LB  REF# | 3/07 | 73081.13 | .00 | 657.25 | 62.95 | 594.30 | .00 | .00 | 15.24 11 |
| Days since last Paymt on: 01/12/2007 | | 31 | Eff Dt: 02/12/2007 | | Batch: 0213L301 | | IPT Dt: 2/01/07 | | | |
| 199 3/16/07 1499 Late Charge | S/F  REF# | 3/07 | 73081.13 | .00 | 32.86 | .00 | .00 | .00 | .00 | 32.86 01 |
| 200 3/19/07 1499 Speed Draft Fee | S/F  REF# | 3/07 | 73081.13 | .00 | 8.99 | .00 | .00 | .00 | .00 | 9.99 07 |
| 201 3/19/07 2664 NON CASH FEE ADJ | Effective date:  3/16/07 | S/F BA  REF# | 3/07 | 73081.13 | .00 | 32.86- | .00 | .00 | .00 | .00 | 32.86-01 |
| 202 3/19/07 02  PAYMENT | S/F BA  REF# | 4/07 | 73017.66 | .00 | 657.25 | 63.47 | 593.78 | .00 | .00 | 15.23 11 |
| Days since last Paymt on: 02/12/2007 | | 32 | Eff Dt: 03/16/2007 | | Batch: 0319ACHS | | IPT Dt: 3/01/07 | | | |
| 203 3/19/07 1407 Speed Draft Fee | | 4/07 | 73017.66 | .00 | 8.99 | .00 | .00 | .00 | .00 | 8.99 07 |

* For Internal USE ONLY, NOT a Transaction History *
* For Internal USE ONLY, NOT a Transaction History *

```
TRN497CR-02                              HOMECOMINGS FINANCIAL                            5/21/07 14:19:39
MPRICE                              DETAIL TRANSACTION HISTORY                        JOB DT:  5/01/07
                                                                                          PAGE:     11
---TRANSACTION----            NEXT -AFTER TRANS.BALANCES-     TOTAL  ---------------APPLIED--------------- MISC.PMTS
NBR   DATE  CODE ----DESCRIPTION------  DUE  PRINCIPAL    ESCROW   AMOUNT   PRINCIPAL INTEREST   ESCROW SUSPENSE/CD &SRV.FEES
LOAN#    ███████6646          CONTINUED
      Effective date:  3/16/07
          S/F C    REF#
204  4/12/07 02  PAYMENT             5/07  72953.68     .00    657.25    63.98   593.27     .00      .00    15.21 11
      Days since last Paymt on: 03/16/2007  27    Eff Dt: 04/12/2007  Batch: 0412IB01  IPT Dt:  4/01/07
          S/F LB   REF#
205  4/30/07 02  PAYMENT             6/07  72889.18     .00    657.25    64.50   592.75     .00      .00    15.20 11
      Days since last Paymt on: 04/12/2007  15    Eff Dt: 04/27/2007  Batch: 0433IB51  IPT Dt:  5/01/07
          S/F LB   REF#
              * * * * TOTALS * * * *                            72889.18-45031.02
```

2009 HISTORY STATEMENT OF MORTGAGE ACCOUNT

GMAC MORTGAGE
PO BOX 780
WATERLOO, IA 50704-0780

WILLIAM J FUTRELL
8391 N 550 W
BRYANT            IN 47326

LOAN TYPE 1-0  CONVENTIONAL
ACCOUNT NUM█████6646

### 2009 DETAIL BY TRANSACTION

| TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | LAST PAID | POST DATE | PRINCIPAL PAID | INTEREST PAID | ESCROW PAID | CR LIFE/ DISAB | LF CHRG/ FEES | PRINCIPAL BAL AFTER TRAN | ESCROW BAL AFTER TRAN | UNAPP FUNDS AFTER TRAN |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PAYMENT | 657.25 | 12/08 | 01/30 | 75.22 | 582.03 | | | | 71,559.04 | | |
| SPEEDPAY FEE | 7.50 | 12/08 | 01/30 | | | | | 7.50 | 71,559.04 | | |
| SPEEDPAY FEE | 7.50 | 12/08 | 01/30 | | | | | 7.50 | 71,559.04 | | |
| PROP INSPECT | 11.25 | 12/08 | 01/30 | | | | | 11.25 | 71,559.04 | | |
| PAYMENT | 657.25 | 01/09 | 02/27 | 75.83 | 581.42 | | | | 71,483.21 | | |
| SPEEDPAY FEE | 7.50 | 01/09 | 02/27 | | | | | 7.50 | 71,483.21 | | |
| SPEEDPAY FEE | 7.50 | 01/09 | 02/27 | | | | | 7.50 | 71,483.21 | | |
| PROP INSPECT | 11.25 | 01/09 | 03/02 | | | | | 11.25 | 71,483.21 | | |
| PAYMENT | 657.25 | 02/09 | 03/30 | 76.45 | 580.80 | | | | 71,406.76 | | |
| SPEEDPAY FEE | 7.50 | 02/09 | 03/30 | | | | | 7.50 | 71,406.76 | | |
| SPEEDPAY FEE | 7.50 | 02/09 | 03/30 | | | | | 7.50 | 71,406.76 | | |
| PROP INSPECT | 11.25 | 02/09 | 03/31 | | | | | 11.25 | 71,406.76 | | |
| PROP INSPECT | 11.25 | 02/09 | 04/29 | | | | | 11.25 | 71,406.76 | | |
| PAYMENT | 657.25 | 03/09 | 04/30 | 77.07 | 580.18 | | | | 71,329.69 | | |
| SPEEDPAY FEE | 12.50 | 03/09 | 04/30 | | | | | 12.50 | 71,329.69 | | |
| SPEEDPAY FEE | 12.50 | 03/09 | 04/30 | | | | | 12.50 | 71,329.69 | | |
| PAYMENT | 657.25 | 04/09 | 06/03 | 77.70 | 579.55 | | | | 71,251.99 | | |
| SPEEDPAY FEE | 12.50 | 04/09 | 06/03 | | | | | 12.50 | 71,251.99 | | |
| SPEEDPAY FEE | 12.50 | 04/09 | 06/03 | | | | | 12.50 | 71,251.99 | | |
| PROP INSPECT | 13.00 | 04/09 | 06/05 | | | | | 13.00 | 71,251.99 | | |
| TAX DISB | | 04/09 | 06/15 | | | -82.93 | | | 71,251.99 | -82.93 | |
| CORP ADV 3 D | 83.00 | 04/09 | 06/16 | | | | | 83.00 | 71,251.99 | -82.93 | |
| PROP INSPECT | 11.25 | 04/09 | 07/02 | | | | | 11.25 | 71,251.99 | -82.93 | |
| PAYMENT | 657.25 | 05/09 | 07/03 | 78.33 | 578.92 | | | | 71,173.66 | -82.93 | |
| MISC RECEIPT | 73.51 | 05/09 | 07/03 | | | | | | 71,173.66 | -82.93 | 73.51 |
| SPEEDPAY FEE | 7.50 | 05/09 | 07/03 | | | | | 7.50 | 71,173.66 | -82.93 | 73.51 |
| SPEEDPAY FEE | 7.50 | 05/09 | 07/03 | | | | | 7.50 | 71,173.66 | -82.93 | 73.51 |
| PROP INSPECT | 11.25 | 05/09 | 08/03 | | | | | 11.25 | 71,173.66 | -82.93 | 73.51 |
| PAYMENT | 657.25 | 06/09 | 08/26 | 78.96 | 578.29 | | | | 71,094.70 | -82.93 | 73.51 |
| MISC RECEIPT | 73.51 | 06/09 | 08/26 | | | | | | 71,094.70 | -82.93 | 147.02 |
| PROP INSPECT | 11.25 | 06/09 | 09/04 | | | | | 11.25 | 71,094.70 | -82.93 | 147.02 |
| PAYMENT | 657.25 | 07/09 | 09/30 | 79.61 | 577.64 | | | | 71,015.09 | -82.93 | 147.02 |
| MISC RECEIPT | 73.51 | 07/09 | 09/30 | | | | | | 71,015.09 | -82.93 | 220.53 |
| SPEEDPAY FEE | 7.50 | 07/09 | 09/30 | | | | | 7.50 | 71,015.09 | -82.93 | 220.53 |

| | | | | | | | |
|---|---|---|---|---|---|---|---|
| SPEEDPAY FEE | 7.50 | 07/09 | 09/30 | | 7.50 | 71,015.09 | -82.93 | 220.53 |
| PROP INSPECT | 11.25 | 07/09 | 10/07 | | 11.25 | 71,015.09 | -82.93 | 220.53 |

2009 DETAIL BY TRANSACTION

| TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | LAST PAID | POST DATE | PRINCIPAL PAID | INTEREST PAID | ESCROW PAID | CR LIFE/ DISAB | LT CHRG/ FEES | PRINCIPAL BAL AFTER TRAN | ESCROW BAL AFTER TRAN | UNAPP FUNDS AFTER TRAN |
|---|---|---|---|---|---|---|---|---|---|---|---|
| TAX DISB | | 07/09 | 10/13 | | | -64.19 | | | 71,015.09 | -147.12 | 220.53 |
| CORP ADV 3 D | 83.00 | 07/09 | 10/23 | | | | | 83.00 | 71,015.09 | -147.12 | 220.53 |
| PROP INSPECT | 16.50 | 07/09 | 10/30 | | | | | 16.50 | 71,015.09 | -147.12 | 220.53 |
| ESC DISB | | 07/09 | 11/17 | | | -352.37 | | | 71,015.09 | -499.49 | 220.53 |
| PROP INSPECT | 11.25 | 07/09 | 12/04 | | | | | 11.25 | 71,015.09 | -499.49 | 220.53 |

SUMMARY TOTALS

| | | | |
|---|---|---|---|
| PRINCIPAL BALANCE START OF PERIOD | 71,634.26 | P & I PAYMENT | 657.25 |
| PRINCIPAL PAID DURING PERIOD | 619.17 | | |
| PRINCIPAL BALANCE END OF PERIOD | 71,015.09 | | |
| | | | |
| ESCROW BALANCE START OF PERIOD | 0.00 | TOTAL PAYMENT | 657.25 |
| ESCROW PAID DURING PERIOD | 0.00 | ACCUM LATE CHRG | 657.20 |
| ESCROW DISBURSEMENTS | -499.49 | | |
| ESCROW BALANCE END OF PERIOD | -499.49 | | |
| | | | |
| REFUND OF OVERPAID INTEREST | 0.00 | | |
| INTEREST REPORTABLE DURING PERIOD | 4638.83 | | |
| PROPERTY TAXES PAID DURING PERIOD | 147.12 | | |
| POINTS PAID | 0.00 | | |

Entity0620rg00000

2008 HISTORY STATEMENT OF MORTGAGE ACCOUNT

HOMECOMINGS FINANCIAL, LLC
PO BOX 205
WATERLOO, IA 50704-0205

WILLIAM J FUTRELL
8391 N 550 W
BRYANT            IN 47326

LOAN TYPE 1-0  CONVENTIONAL
ACCOUNT NUM ████6646

2008 DETAIL BY TRANSACTION

| TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | LAST PAID | POST DATE | PRINCIPAL PAID | INTEREST PAID | ESCROW PAID | CR LIFE/ DISAB | IN CHRG/ FEES | PRINCIPAL BAL AFTER TRAN | ESCROW BAL AFTER TRAN | UNAPP FUNDS AFTER TRAN |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PROP INSPECT | 11.25 | 11/07 | 01/29 | | | | | 11.25 | 72,491.02 | | |
| PAYMENT | 657.25 | 12/07 | 01/30 | 68.26 | 588.99 | | | | 72,422.76 | | |
| MISC RECEIPT | 35.25 | 12/07 | 01/30 | | | | | | 72,422.76 | | 35.25 |
| SPEEDPAY FEE | 7.50 | 12/07 | 01/30 | | | | | 7.50 | 72,422.76 | | 35.25 |
| SPEEDPAY FEE | 7.50 | 12/07 | 01/30 | | | | | 7.50 | 72,422.76 | | 35.25 |
| PROP INSPECT | 11.25 | 12/07 | 02/21 | | | | | 11.25 | 72,422.76 | | 35.25 |
| PAYMENT | 622.00 | 01/08 | 02/25 | 68.82 | 588.43 | | | | 72,353.94 | | |
| MISC RECEIPT | 70.50 | 01/08 | 02/25 | | | | | | 72,353.94 | | 70.50 |
| SPEEDPAY FEE | 7.50 | 01/08 | 02/25 | | | | | 7.50 | 72,353.94 | | 70.50 |
| SPEEDPAY FEE | 7.50 | 01/08 | 02/25 | | | | | 7.50 | 72,353.94 | | 70.50 |
| PROP INSPECT | 11.25 | 01/08 | 03/25 | | | | | 11.25 | 72,353.94 | | 70.50 |
| PAYMENT | 586.75 | 02/08 | 03/31 | 69.37 | 587.88 | | | | 72,284.57 | | |
| MISC RECEIPT | 105.75 | 02/08 | 03/31 | | | | | | 72,284.57 | | 105.75 |
| SPEEDPAY FEE | 7.50 | 02/08 | 03/31 | | | | | 7.50 | 72,284.57 | | 105.75 |
| SPEEDPAY FEE | 7.50 | 02/08 | 03/31 | | | | | 7.50 | 72,284.57 | | 105.75 |
| PROP INSPECT | 11.25 | 02/08 | 04/25 | | | | | 11.25 | 72,284.57 | | 105.75 |
| PAYMENT | 551.50 | 03/08 | 04/28 | 69.94 | 587.31 | | | | 72,214.63 | | |
| MISC RECEIPT | 148.50 | 03/08 | 04/28 | | | | | | 72,214.63 | | 148.50 |
| SPEEDPAY FEE | 12.50 | 03/08 | 04/28 | | | | | 12.50 | 72,214.63 | | 148.50 |
| SPEEDPAY FEE | 12.50 | 03/08 | 04/28 | | | | | 12.50 | 72,214.63 | | 148.50 |
| PROP INSPECT | 11.25 | 03/08 | 05/28 | | | | | 11.25 | 72,214.63 | | 148.50 |
| PAYMENT | 508.75 | 04/08 | 05/30 | 70.51 | 586.74 | | | | 72,144.12 | | |
| MISC RECEIPT | 183.75 | 04/08 | 05/30 | | | | | | 72,144.12 | | 183.75 |
| SPEEDPAY FEE | 7.50 | 04/08 | 05/30 | | | | | 7.50 | 72,144.12 | | 183.75 |
| SPEEDPAY FEE | 7.50 | 04/08 | 05/30 | | | | | 7.50 | 72,144.12 | | 183.75 |
| PROP INSPECT | 11.25 | 04/08 | 06/25 | | | | | 11.25 | 72,144.12 | | 183.75 |
| PAYMENT | 473.50 | 05/08 | 06/30 | 71.08 | 586.17 | | | | 72,073.04 | | |
| MISC RECEIPT | 226.50 | 05/08 | 06/30 | | | | | | 72,073.04 | | 226.50 |
| SPEEDPAY FEE | 12.50 | 05/08 | 06/30 | | | | | 12.50 | 72,073.04 | | 226.50 |
| SPEEDPAY FEE | 12.50 | 05/08 | 06/30 | | | | | 12.50 | 72,073.04 | | 226.50 |
| PROP INSPECT | 11.25 | 05/08 | 07/30 | | | | | 11.25 | 72,073.04 | | 226.50 |
| PAYMENT | 430.75 | 06/08 | 07/31 | 71.66 | 585.59 | | | | 72,001.38 | | |
| SPEEDPAY FEE | 12.50 | 06/08 | 07/31 | | | | | 12.50 | 72,001.38 | | |
| SPEEDPAY FEE | 12.50 | 06/08 | 07/31 | | | | | 12.50 | 72,001.38 | | |

| PROP INSPECT | 11.25 | 06/08 08/22 | | | 11.25 | 72,001.38 |
| PAYMENT | 657.25 | 07/08 08/29 | 72.24 | 585.01 | | 71,929.14 |

### 2008 DETAIL BY TRANSACTION

| TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | LAST PAID | POST DATE | PRINCIPAL PAID | INTEREST PAID | ESCROW PAID | CR LIFE/ DISAB | LT CHRG/ FEES | PRINCIPAL BAL AFTER TRAN | ESCROW BAL AFTER TRAN | UNAPP FUNDS AFTER TRAN |
|---|---|---|---|---|---|---|---|---|---|---|---|
| SPEEDPAY FEE | 7.50 | 07/08 | 08/29 | | | | | 7.50 | 71,929.14 | | |
| SPEEDPAY FEE | 7.50 | 07/08 | 08/29 | | | | | 7.50 | 71,929.14 | | |
| PROP INSPECT | 11.25 | 07/08 | 09/25 | | | | | 11.25 | 71,929.14 | | |
| PAYMENT | 657.25 | 08/08 | 09/30 | 72.83 | 584.42 | | | | 71,856.31 | | |
| SPEEDPAY FEE | 7.50 | 08/08 | 09/30 | | | | | 7.50 | 71,856.31 | | |
| SPEEDPAY FEE | 7.50 | 08/08 | 09/30 | | | | | 7.50 | 71,856.31 | | |
| PROP INSPECT | 13.00 | 08/08 | 10/22 | | | | | 13.00 | 71,856.31 | | |
| PAYMENT | 657.25 | 09/08 | 10/31 | 73.42 | 583.83 | | | | 71,782.89 | | |
| SPEEDPAY FEE | 7.50 | 09/08 | 10/31 | | | | | 7.50 | 71,782.89 | | |
| SPEEDPAY FEE | 7.50 | 09/08 | 10/31 | | | | | 7.50 | 71,782.89 | | |
| PAYMENT | 657.25 | 10/08 | 12/01 | 74.01 | 583.24 | | | | 71,708.88 | | |
| SPEEDPAY FEE | 7.50 | 10/08 | 12/01 | | | | | 7.50 | 71,708.88 | | |
| SPEEDPAY FEE | 7.50 | 10/08 | 12/01 | | | | | 7.50 | 71,708.88 | | |
| PROP INSPECT | 11.25 | 10/08 | 12/01 | | | | | 11.25 | 71,708.88 | | |
| PROP INSPECT | 13.00 | 10/08 | 12/24 | | | | | 13.00 | 71,708.88 | | |
| PAYMENT | 657.25 | 11/08 | 12/29 | 74.62 | 582.63 | | | | 71,634.26 | | |
| SPEEDPAY FEE | 7.50 | 11/08 | 12/29 | | | | | 7.50 | 71,634.26 | | |
| SPEEDPAY FEE | 7.50 | 11/08 | 12/29 | | | | | 7.50 | 71,634.26 | | |

#### SUMMARY TOTALS

| | | |
|---|---|---|
| PRINCIPAL BALANCE START OF PERIOD | 72,491.02 | P & I PAYMENT       657.25 |
| PRINCIPAL PAID DURING PERIOD | 856.76 | |
| PRINCIPAL BALANCE END OF PERIOD | 71,634.26 | |

| | | |
|---|---|---|
| ESCROW   BALANCE START OF PERIOD | 0.00 | TOTAL PAYMENT       657.25 |
| ESCROW   PAID DURING PERIOD | 0.00 | ACCUM LATE CHRG     427.18 |
| ESCROW   DISBURSEMENTS | 0.00 | |
| ESCROW   BALANCE END OF PERIOD | 0.00 | |

| | |
|---|---|
| REFUND    OF OVERPAID INTEREST | 0.00 |
| INTEREST  REPORTABLE  DURING PERIOD | 7030.24 |
| PROPERTY  TAXES PAID DURING PERIOD | 0.00 |
| POINTS PAID | 0.00 |

Entity0620rg00000

2007 HISTORY STATEMENT OF MORTGAGE ACCOUNT

HOMECOMINGS FINANCIAL, LLC
PO BOX 205
WATERLOO, IA 50704-0205

WILLIAM J FUTRELL
8391 N 550 W
BRYANT                    IN 47326

LOAN TYPE 1-0  CONVENTIONAL
ACCOUNT NUM ███████6546

### 2007 DETAIL BY TRANSACTION

| TRANSACTION DESCRIPTION | TRANSACTION AMOUNT | LAST PAID | POST DATE | PRINCIPAL PAID | INTEREST PAID | ESCROW PAID | CR LIFE/ DISAB | LT CHRG/ FEES | PRINCIPAL BAL AFTER TRAN | ESCROW BAL AFTER TRAN | UNAPP FUNDS AFTER TRAN |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PAYMENT | 657.25 | 01/07 | 01/12 | 62.45 | 594.80 | | | | 73,144.08 | | |
| PAYMENT | 657.25 | 02/07 | 02/13 | 62.95 | 594.30 | | | | 73,081.13 | | |
| PAYMENT | 657.25 | 03/07 | 03/19 | 63.47 | 593.78 | | | | 73,017.66 | | |
| FEE PAID | 8.99 | 03/07 | 03/19 | | | | | 8.99 | 73,017.66 | | |
| PAYMENT | 657.25 | 04/07 | 04/12 | 63.98 | 593.27 | | | | 72,953.68 | | |
| PAYMENT | 657.25 | 05/07 | 04/30 | 64.50 | 592.75 | | | | 72,889.18 | | |
| PAYMENT | 657.25 | 06/07 | 06/29 | 65.03 | 592.22 | | | | 72,824.15 | | |
| FEE BILLED | 12.50 | 06/07 | 06/29 | | | | | 12.50 | 72,824.15 | | |
| FEE PAID | 12.50 | 06/07 | 06/29 | | | | | 12.50 | 72,824.15 | | |
| MISC RECEIPT | 32.86 | 06/07 | 06/29 | | | | | 32.86 | 72,824.15 | | |
| PAYMENT | 657.25 | 07/07 | 07/30 | 65.55 | 591.70 | | | | 72,758.60 | | |
| FEE BILLED | 12.50 | 07/07 | 07/30 | | | | | 12.50 | 72,758.60 | | |
| FEE PAID | 12.50 | 07/07 | 07/30 | | | | | 12.50 | 72,758.60 | | |
| MISC RECEIPT | 32.86 | 07/07 | 07/30 | | | | | 32.86 | 72,758.60 | | |
| PAYMENT | 657.25 | 08/07 | 08/31 | 66.09 | 591.16 | | | | 72,692.51 | | |
| FEE BILLED | 12.50 | 08/07 | 08/31 | | | | | 12.50 | 72,692.51 | | |
| FEE PAID | 12.50 | 08/07 | 08/31 | | | | | 12.50 | 72,692.51 | | |
| MISC RECEIPT | 32.86 | 08/07 | 08/31 | | | | | 32.86 | 72,692.51 | | |
| PAYMENT | 657.25 | 09/07 | 10/01 | 66.62 | 590.63 | | 13.99 | | 72,625.89 | | |
| FEE BILLED | 7.50 | 09/07 | 10/01 | | | | | 7.50 | 72,625.89 | | |
| FEE PAID | 7.50 | 09/07 | 10/01 | | | | | 7.50 | 72,625.89 | | |
| PAYMENT | 671.20 | 10/07 | 10/31 | 67.16 | 590.09 | | | | 72,558.73 | | |
| FEE BILLED | 12.50 | 10/07 | 10/31 | | | | | 12.50 | 72,558.73 | | |
| FEE PAID | 12.50 | 10/07 | 10/31 | | | | | 12.50 | 72,558.73 | | |
| MISC RECEIPT | 65.72 | 10/07 | 10/31 | | | | | 65.72 | 72,558.73 | | |
| PAYMENT | 657.25 | 11/07 | 11/30 | 67.71 | 589.54 | | | | 72,491.02 | | |
| FEE BILLED | 12.50 | 11/07 | 11/30 | | | | | 12.50 | 72,491.02 | | |
| FEE PAID | 12.50 | 11/07 | 11/30 | | | | | 12.50 | 72,491.02 | | |
| MISC RECEIPT | 32.86 | 11/07 | 11/30 | | | | | 32.86 | 72,491.02 | | |

SUMMARY TOTALS

```
PRINCIPAL BALANCE START OF PERIOD      73,206.53        P & I PAYMENT       657.25
PRINCIPAL PAID DURING PERIOD              715.51
PRINCIPAL BALANCE END OF PERIOD        72,491.02

ESCROW    BALANCE START OF PERIOD           0.00        TOTAL PAYMENT       657.25
ESCROW    PAID DURING PERIOD                0.00
ESCROW    DISBURSEMENTS                     0.00
ESCROW    BALANCE END OF PERIOD             0.00

REFUND    OF OVERPAID INTEREST             0.00
INTEREST  REPORTABLE  DURING PERIOD       6514.24
PROPERTY  TAXES PAID DURING PERIOD          0.00
POINTS PAID                                 0.00
```

Entity062Org00000

```
GMAC Mortgage, LLC                               PAGE     1
PO Box 780                                       DATE 09/21/12
3451 Hammond Avenue
Waterloo           IA 50704-0780
                              HISTORY FOR ACCOUNT ████6646


    --------- MAIL -------------------- --------- PROPERTY -----------------


    WILLIAM J FUTRELL


    THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
    309 WEST WASHINGTON STREET
    MUNCIE             IN 47305    BRYANT          IN 47326


------ DATES ------   ---- CURRENT BALANCES -----  ------- UNCOLLECTED -------
PAID TO   06/01/11  PRINCIPAL      75326.06  LATE CHARGES      -65.68
NEXT DUE  07/01/11  ESCROW          -650.77  OPTIONAL INS        0.00
LAST PMT  07/29/11  UNAPPLIED FUND     0.00  INTEREST            0.00
AUDIT DT  03/09/01  UNAPPLIED CODES           FEES             -426.75
                    BUYDOWN   FUND     0.00  ------ YEAR TO DATE -------
   LAST ACTIVITY    BUYDOWN   CODE          INTEREST            0.00
      09/17/12                             TAXES              126.23
-------------------------------------------------------------------------

POST  TRN  DUE    TRANSACTION    PRINCIPAL    INTEREST      ESCROW
DATE  CDE  DATE    AMOUNT         PAID         PAID         PAID
----- --- ------ --------------- ------------- ------------- -------------
090409 FB 060109      11.25  11 PROP INSPECTION FEE
T:32506    /B:001
093009 RPP 100109   PAID   730.76 DUE   730.76 SHORT     .00 TELLER   607
                    BAL AFTER     71094.70                   -82.93
                    OPTIONAL INS BAL      00.00 LATE CHARGE BAL   -65.68
093009 RPP 100109   NO. OF PLAN PMTS=01
                    BAL AFTER     71094.70                   -82.93
                    OPTIONAL INS BAL      00.00 LATE CHARGE BAL   -65.68

093009 UI 070109        .00         .00          .00          .00
   REF NUMBER     000000000000 DESC
                    BAL AFTER     71094.70                   -82.93
                    OPT PREMIUMS          .00 LATE CHARGE PYMT  -32.86*
T:00607    E/B:001  OPTIONAL INS BAL      00.00 LATE CHARGE BAL  -657.20
093009 GRU 000000 000000 GRACE UNAP AMT:      .00
093009 AP 070109      657.25      79.61       577.64          .00
                    BAL AFTER     71015.09                   -82.93
T:00607    E/B:001  OPTIONAL INS BAL      00.00 LATE CHARGE BAL  -657.20
093009 UFF 070109  UNAPPLIED FUNDS (2)         73.51 BALANCE    220.53
   REF NUMBER     000000000000 DESC
                    BAL AFTER     71015.09                   -82.93
T:00607    /B:001   OPTIONAL INS BAL      00.00 LATE CHARGE BAL  -657.20
093009 SRA 070109     73.51        .00          .00          .00
                    BAL AFTER     71015.09                   -82.93
T:00607    E/B:001  OPTIONAL INS BAL      00.00 LATE CHARGE BAL  -657.20


   INQ17474
```

HISTORY FOR ACCOUNT ███6646                          PAGE      2
                                                     DATE 09/21/12

      --------- MAIL ------------------- --------- PROPERTY ----------------

   WILLIAM J FUTRELL

   THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
   309 WEST WASHINGTON STREET
   MUNCIE              IN 47305      BRYANT         IN 47326

----------------------------------------------------------------------
POST  TRN  DUE    TRANSACTION      PRINCIPAL     INTEREST      ESCROW
DATE  CDE  DATE     AMOUNT          PAID          PAID          PAID
------ ---- ------ ----------- --------------- -------------- --------------
093009 UFU 070109  UNAPPLIED FUNDS (1)        220.53 BALANCE     220.53
   REF NUMBER    000000000000 DESC
                    BAL AFTER        71015.09                  -82.93
T:00607     /B:001  OPTIONAL INS BAL     00.00 LATE CHARGE BAL  -657.20
093009 UFF 070109  UNAPPLIED FUNDS (2)       -220.53 BALANCE      0.00
                    BAL AFTER        71015.09                  -82.93
T:00000    ./B:001  OPTIONAL INS BAL     00.00 LATE CHARGE BAL  -657.20


093009 SRA 070109         .00          .00          .00          .00
                    BAL AFTER        71015.09                  -82.93
T:00607     E/B:001 OPTIONAL INS BAL     00.00 LATE CHARGE BAL  -657.20
093009 FB  070109       7.50 171 SPEEDPAY FEE
   REF NUMBER    SG0S140UFMSG DESC
T:00607     /B:000
093009 FEA 070109       7.50 171 SPEEDPAY FEE
                    000000000000
T:00607     /B:001
100709 FB  070109      11.25  11 PROP INSPECTION FEE
T:32506     /B:001
101309 E90 070109      -64.19  PAYEE = 0038.00000      .00      -64.19
                    BAL AFTER        71015.09                  -147.12
T:32687     /B:001  OPTIONAL INS BAL     00.00 LATE CHARGE BAL  -657.20
102309 FB  070109      83.00 164 CORP ADV 3 DRM
   REF NUMBER    SG0S6Q9V2IT0 DESC
T:02726     /B:000

103009 FB  070109      16.50  11 PROP INSPECTION FEE
T:32506     /B:001
111709 E20 070109     -352.37  PAYEE = 1600.02042      .00     -352.37
                    BAL AFTER        71015.09                  -499.49
T:32022     /B:001  OPTIONAL INS BAL     00.00 LATE CHARGE BAL  -657.20
112409 UFU 070109  UNAPPLIED FUNDS (1)       -220.53 BALANCE      0.00
                    BAL AFTER        71015.09                  -499.49
T:15992     /B:000  OPTIONAL INS BAL     00.00 LATE CHARGE BAL  -657.20


   INQ17474

HISTORY FOR ACCOUNT ████ 6646                          PAGE     3
                                                        DATE 09/21/12


```
--------- MAIL -------------------- -------- PROPERTY -----------------


WILLIAM J FUTRELL


THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
309 WEST WASHINGTON STREET
MUNCIE               IN 47305     BRYANT              IN 47326


-------------------------------------------------------------------
POST  TRN  DUE    TRANSACTION      PRINCIPAL     INTEREST      ESCROW
DATE  CDE  DATE    AMOUNT           PAID          PAID          PAID
------ --- ------ --------------- ------------- ------------- -------------
112409 RT 070109          278.96          .00           .00       499.49
  LC DATE 070109  BAL AFTER        71015.09                         00.00
T:15992      /B:000 OPTIONAL INS BAL      00.00  LATE CHARGE BAL  -657.20
112409 ITR 070109 OLD INV 96028    1 P-BAL      71015.09 INT         .00
                 NEW INV 97028 41109 PERCENT OWNED    .0000 ACTION CD 000
                 BAL AFTER         71015.09                         00.00
T:15992      /B:000 OPTIONAL INS BAL      00.00  LATE CHARGE BAL  -657.20


112409 UFU 070109   UNAPPLIED FUNDS (1)      220.53  BALANCE      220.53
                 BAL AFTER         71015.09                         00.00
T:15992      /B:000 OPTIONAL INS BAL      00.00  LATE CHARGE BAL  -657.20
112409 PT 070109         -278.96          .00           .00      -499.49
  LC DATE 070109  BAL AFTER        71015.09                        -499.49
T:15992      /B:000 OPTIONAL INS BAL      00.00  LATE CHARGE BAL  -657.20
120409 FB 070109        11.25  11 PROP INSPECTION FEE
T:32506      /B:001


010110 FB 070109         11.25  11 PROP INSPECTION FEE
T:32506      /B:001
020110 SR 070109         .00          .00           .00           .00
  REF NUMBER    SGOTOFRAIQ88 DESC
                 BAL AFTER         71015.09                        -499.49
T:31204     I/B:002 OPTIONAL INS BAL      00.00  LATE CHARGE BAL  -657.20
020110 UFU 070109   UNAPPLIED FUNDS (1)     -220.53  BALANCE        0.00
                 SGOTOFRAIQ88
                 BAL AFTER         71015.09                        -499.49
T:31204      /B:002 OPTIONAL INS BAL      00.00  LATE CHARGE BAL  -657.20
020110 UFN 070109   UNAPPLIED FUNDS (4)      220.53  BALANCE      220.53
                 BAL AFTER         71015.09                        -499.49
T:00000     ./B:002 OPTIONAL INS BAL      00.00  LATE CHARGE BAL  -657.20
020110 SR 070109          .00          .00           .00           .00
                 BAL AFTER         71015.09                        -499.49
T:31204     I/B:002 OPTIONAL INS BAL      00.00  LATE CHARGE BAL  -657.20
020110 SR 070109          .00          .00           .00           .00
  REF NUMBER    SGOTOFRF4DE0 DESC
                 BAL AFTER         71015.09                        -499.49
T:31204     I/B:002 OPTIONAL INS BAL      00.00  LATE CHARGE BAL  -657.20


    INQ17474
```

```
HISTORY FOR ACCOUNT      ████6646                    PAGE      4
                                                     DATE 09/21/12


        --------- MAIL -------------------- -------- PROPERTY ----------------

        WILLIAM J FUTRELL

        THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
        309 WEST WASHINGTON STREET
        MUNCIE                IN 47305      BRYANT           IN 47326

---------------------------------------------------------------------------
POST  TRN  DUE    TRANSACTION      PRINCIPAL      INTEREST        ESCROW
DATE  CDE  DATE     AMOUNT          PAID           PAID            PAID
------ --- ------ --------------- --------------- --------------- ---------------
020110 UFN 070109  UNAPPLIED FUNDS (4)       -220.53  BALANCE       0.00
   REF NUMBER    SG0T0FRF4DE0 DESC
                    BAL AFTER        71015.09                  -499.49
T:31204      /B:002  OPTIONAL INS BAL     00.00  LATE CHARGE BAL  -657.20
020110 SR  070109      -220.53        .00            .00          .00
                    BAL AFTER        71015.09                  -499.49
T:31204      I/B:002  OPTIONAL INS BAL      00.00  LATE CHARGE BAL  -657.20


020110 FE  070109       11.25  11 PROP INSPECTION FEE
   REF NUMBER    SG0T0FRF4DE0 DESC
T:31204      /B:002
020110 FE  070109       11.25  11 PROP INSPECTION FEE
                SG0T0FRF4DE0
T:31204      /B:002
020110 FE  070109       11.25  11 PROP INSPECTION FEE
                SG0T0FRF4DE0
T:31204      /B:002
020110 FE  070109       11.25  11 PROP INSPECTION FEE
   REF NUMBER    SG0T0FRF4DE0 DESC
T:31204      /B:002
020110 FE  070109       11.25  11 PROP INSPECTION FEE
                SG0T0FRF4DE0
T:31204      /B:002
020110 FE  070109       11.25  11 PROP INSPECTION FEE
T:31204      /B:002


020110 FE  070109       11.25  11 PROP INSPECTION FEE
   REF NUMBER    SG0T0FRF4DE0 DESC
T:31204      /B:002
020110 FE  070109       11.25  11 PROP INSPECTION FEE
                SG0T0FRF4DE0
T:31204      /B:002
020110 FE  070109       11.25  11 PROP INSPECTION FEE
                SG0T0FRF4DE0
T:31204      /B:002

    INQ17474
```

```
HISTORY FOR ACCOUNT   ████6646                      PAGE      5
                                                    DATE 09/21/12


         --------- MAIL -------------------- --------- PROPERTY ----------------


         WILLIAM J FUTRELL


         THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
         309 WEST WASHINGTON STREET
         MUNCIE              IN 47305      BRYANT          IN 47326


    ------------------------------------------------------------------------
    POST  TRN  DUE    TRANSACTION    PRINCIPAL     INTEREST       ESCROW
    DATE  CDE  DATE     AMOUNT         PAID          PAID          PAID
    -----  ---  ------ ---------------- -------------- -------------- --------------
    020110 FE  070109        13.00  11 PROP INSPECTION FEE
       REF NUMBER     SG0T0FRF4DE0 DESC
    T:31204       /B:002
    020110 FE  070109        11.25  11 PROP INSPECTION FEE
                   SG0T0FRF4DE0
    T:31204       /B:002
    020110 FE  070109        13.00  11 PROP INSPECTION FEE
                   SG0T0FRF4DE0
    T:31204       /B:002
    020110 FE  070109        11.25  11 PROP INSPECTION FEE
       REF NUMBER     SG0T0FRF4DE0 DESC
    T:31204       /B:002
    020110 FE  070109        11.25  11 PROP INSPECTION FEE
                   SG0T0FRF4DE0
    T:31204       /B:002
    020110 FE  070109        11.25  11 PROP INSPECTION FEE
                   SG0T0FRF4DE0
    T:31204       /B:002
    020110 FE  070109        11.25  11 PROP INSPECTION FEE
       REF NUMBER     SG0T0FRF4DE0 DESC
    T:31204       /B:002
    020110 FE  070109        13.00  11 PROP INSPECTION FEE
                   SG0T0FRF4DE0
    T:31204       /B:002
    020110 FE  070109        11.25  11 PROP INSPECTION FEE
                   SG0T0FRF4DE0
    T:31204       /B:002
    020110 FE  070109        11.25  11 PROP INSPECTION FEE
       REF NUMBER     SG0T0FRF4DE0 DESC
    T:31204       /B:002
    020110 FE  070109         1.53  11 PROP INSPECTION FEE
                   SG0T0FRF4DE0
    T:31204       /B:002
    020310 FB  070109        11.25  11 PROP INSPECTION FEE
    T:32506       /B:001


       INQ17474
```

HISTORY FOR ACCOUNT ████5646                          PAGE      6
                                                      DATE 09/21/12


-------- MAIL -------------------- -------- PROPERTY ----------------

WILLIAM J FUTRELL

THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
309 WEST WASHINGTON STREET
MUNCIE                 IN 47305      BRYANT          IN 47326

-----------------------------------------------------------------------

| POST DATE | TRN CDE | DUE DATE | TRANSACTION AMOUNT | PRINCIPAL PAID | INTEREST PAID | ESCROW PAID |
|-----------|---------|----------|--------------------|-----------------|----------------|-------------|
| 021910 | AA | 070109 | .00 | .00 | .00 | .00 |
| | | | BAL AFTER | 71015.09 | | -499.49 |
| T:2449B | /B:000 | OPTIONAL INS BAL | 00.00 | LATE CHARGE BAL | -657.20 | |
| 021910 | AA | 070109 | .00 | .00 | .00 | .00 |
| | | | BAL AFTER | 71015.09 | | -499.49 |
| T:2449B | /B:000 | OPTIONAL INS BAL | 00.00 | LATE CHARGE BAL | -657.20 | |
| 022610 | RPL | 040110 | PAID 355.00 DUE | .00 OVER 355.00 TELLER 1657 | | |
| | | | BAL AFTER | 71015.09 | | -499.49 |
| | | | OPTIONAL INS BAL | 00.00 | LATE CHARGE BAL | -657.20 |
| 022610 | RPL | 040110 | NO. OF PLAN PMTS=00 | | | |
| | | | BAL AFTER | 71015.09 | | -499.49 |
| | | | OPTIONAL INS BAL | 00.00 | LATE CHARGE BAL | -657.20 |
| 022610 | UFF | 070109 | UNAPPLIED FUNDS (2) | 355.00 BALANCE 355.00 | | |
| REF NUMBER | 2998 | DESC | | | | |
| | | | BAL AFTER | 71015.09 | | -499.49 |
| T:01657 | /B:005 | OPTIONAL INS BAL | 00.00 | LATE CHARGE BAL | -657.20 | |
| | | | | | | |
| 022610 | SR | 070109 | 355.00 | .00 | .00 | .00 |
| | | | BAL AFTER | 71015.09 | | -499.49 |
| T:01657 | I/B:005 | OPTIONAL INS BAL | 00.00 | LATE CHARGE BAL | -657.20 | |
| 032910 | RPL | 040110 | PAID 355.00 DUE | 704.23 SHORT -349.23 TELLER 330 | | |
| | | | BAL AFTER | 71015.09 | | -499.49 |
| | | | OPTIONAL INS BAL | 00.00 | LATE CHARGE BAL | -657.20 |
| 032910 | RPL | 040110 | NO. OF PLAN PMTS=01 | | | |
| | | | BAL AFTER | 71015.09 | | -499.49 |
| | | | OPTIONAL INS BAL | 00.00 | LATE CHARGE BAL | -657.20 |
| 032910 | UI | 080109 | .00 | .00 | .00 | .00 |
| REF NUMBER | SG0TECLQUVQC DESC | | | | | |
| | | | BAL AFTER | 71015.09 | | -499.49 |
| | | | OPT PREMIUMS | .00 LATE CHARGE PYMT -197.16* | | |
| T:00330 | K/B:001 | OPTIONAL INS BAL | 00.00 | LATE CHARGE BAL | -854.36 | |
| 032910 | GRU | 000000 | 000000 GRACE UNAP AMT: | .00 | | |
| 032910 | AP | 080109 | 708.08 | 80.25 | 577.00 | 50.83 |
| LC DATE 032710 | BAL AFTER | 70934.84 | | | | -448.66 |
| T:00330 | K/B:001 | OPTIONAL INS BAL | 00.00 | LATE CHARGE BAL | -854.36 | |

INQ17474

HISTORY FOR ACCOUNT ████6646                          PAGE      7
                                                      DATE 09/21/12


-------- MAIL -------------------- -------- PROPERTY ----------------


WILLIAM J FUTRELL


THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
309 WEST WASHINGTON STREET
MUNCIE              IN 47305      BRYANT          IN 47326


-------------------------------------------------------------------
POST   TRN  DUE    TRANSACTION      PRINCIPAL     INTEREST     ESCROW
DATE   CDE  DATE    AMOUNT          PAID          PAID         PAID
------ ---  ----   -----------      ---------     --------     ------
032910 UFF 080109   UNAPPLIED FUNDS (2)           -353.08 BALANCE     1.92
  REF NUMBER    SG0TECLQUVQC DESC
                    BAL AFTER      70934.84                   -448.66
T:00330    /B:001  OPTIONAL INS BAL     00.00 LATE CHARGE BAL -854.36
032910 SRA 080109       -353.08        .00           .00         .00
  LC DATE 032710  BAL AFTER      70934.84                   -448.66
T:00330    K/B:001 OPTIONAL INS BAL     00.00 LATE CHARGE BAL -854.36


040710 E90 080109      -101.57  PAYEE = 0038.00000    .00    -101.57
                    BAL AFTER      70934.84                   -550.23
T:32687    /B:001  OPTIONAL INS BAL     00.00 LATE CHARGE BAL -854.36
040910 UFU 080109   UNAPPLIED FUNDS (1)           1.92 BALANCE     1.92
                    BAL AFTER      70934.84                   -550.23
T:30851    /B:000  OPTIONAL INS BAL     00.00 LATE CHARGE BAL -854.36
040910 UFF 080109   UNAPPLIED FUNDS (2)           -1.92 BALANCE    0.00
                    BAL AFTER      70934.84                   -550.23
                   OPTIONAL INS BAL     00.00 LATE CHARGE BAL -854.36
040910 AA  080109        .00           .00           .00         .00
                    BAL AFTER      70934.84                   -550.23
T:30851    /B:000  OPTIONAL INS BAL     00.00 LATE CHARGE BAL -854.36
040910 AA  080109        .00           .00           .00         .00
                    BAL AFTER      70934.84                   -550.23
T:30851    /B:000  OPTIONAL INS BAL     00.00 LATE CHARGE BAL -854.36
040910 UFU 080109   UNAPPLIED FUNDS (1)           -1.92 BALANCE    0.00
  REF NUMBER    SG0THA0BVT50 DESC
                    BAL AFTER      70934.84                   -550.23
T:30851    /B:001  OPTIONAL INS BAL     00.00 LATE CHARGE BAL -854.36
040910 SR  080109       -1.92          .00           .00         .00
                    BAL AFTER      70934.84                   -550.23
T:30851    I/B:001 OPTIONAL INS BAL     00.00 LATE CHARGE BAL -854.36
040910 FE  080109       1.92 164 CORP ADV 3 DRM
  REF NUMBER    SG0THA0BVT50 DESC
T:30851    /B:001
042310 FB  080109       11.25  11 PROP INSPECTION FEE
T:32506    /B:001


  INQ17474

```
HISTORY FOR ACCOUNT  ████ 6646                    PAGE      8
                                                  DATE 09/21/12


        --------- MAIL -------------------- --------- PROPERTY ----------------


        WILLIAM J FUTRELL


        THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
        309 WEST WASHINGTON STREET
        MUNCIE              IN 47305      BRYANT           IN 47326

-------------------------------------------------------------------------------
POST  TRN  DUE    TRANSACTION      PRINCIPAL      INTEREST       ESCROW
DATE  CDE  DATE     AMOUNT           PAID           PAID          PAID
-----  ---  ------  ---------------  -------------  -------------  -------------
042810 FB  080109        83.00 164 CORP ADV 3 DRM
T:02726     /B:000
043010 UFU 080109  UNAPPLIED FUNDS (1)          355.00 BALANCE     355.00
   REF NUMBER   SG0TMI0971MS DESC
                    BAL AFTER        70934.84                     -550.23
T:00317     /B:001                   00.00                        -854.36
043010 SRA 080109      355.00        .00            .00           .00
   LC DATE 042910 BAL AFTER          70934.84                     -550.23
T:00317     K/B:001                  00.00                        -854.36
050310 UFU 080109   UNAPPLIED FUNDS (1)        -355.00 BALANCE      0.00
                    BAL AFTER        70934.84                     -550.23
T:19476     /B:002                   00.00                        -854.36
050310 M01 080109     -355.00        .00            .00           .00
                    BAL AFTER        70934.84                     -550.23
T:19476     /B:002                   00.00                        -854.36
051110 AA  080109        .00         .00            .00           .00
                    BAL AFTER        70934.84                     -550.23
T:26943     /B:000  OPTIONAL INS BAL    00.00 LATE CHARGE BAL   -854.36
051110 AA  080109        .00         .00            .00           .00
                    BAL AFTER        70934.84                     -550.23
T:26943     /B:000  OPTIONAL INS BAL    00.00 LATE CHARGE BAL   -854.36
051410 UI  090109        .00         .00            .00           .00
   REF NUMBER   000000000000 DESC
                    BAL AFTER        70934.84                     -550.23
                 * ESC SHORTAGE      -3.85
T:00606     E/B:001  OPTIONAL INS BAL    00.00 LATE CHARGE BAL   -854.36

051410 UI  090109        .00         .00            .00           .00
                    BAL AFTER        70934.84                     -550.23
                 OPT PREMIUMS          .00 LATE CHARGE PYMT    -32.86*
T:00606     E/B:001  OPTIONAL INS BAL    00.00 LATE CHARGE BAL   -887.22
051410 GRU 000000 000000 GRACE UNAP AMT:      .00
051410 AP  090109      704.23        80.90       576.35         46.98
                    BAL AFTER        70853.94                     -503.25
T:00606     E/B:001  OPTIONAL INS BAL    00.00 LATE CHARGE BAL   -887.22


    INQ17474
```

```
HISTORY FOR ACCOUNT     ███ 6646                    PAGE      9
                                                    DATE 09/21/12


      -------- MAIL -------------------- --------- PROPERTY ----------------


      WILLIAM J FUTRELL


      THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
      309 WEST WASHINGTON STREET
      MUNCIE              IN 47305      BRYANT          IN 47326


------------------------------------------------------------------------------
POST  TRN  DUE     TRANSACTION     PRINCIPAL     INTEREST      ESCROW
DATE  CDE  DATE      AMOUNT          PAID          PAID         PAID
------ --- ------- --------------- ------------- ------------- --------------
051410 FB  090109         7.50 171 SPEEDPAY FEE
   REF NUMBER    SG0TQ84970EO DESC
T:00606      /B:000
051410 FEA 090109         7.50 171 SPEEDPAY FEE
             000000000000
T:00606      /B:001
052810 FB  090109        11.25  11 PROP INSPECTION FEE
T:32506      /B:001

060210 UFN 090109   UNAPPLIED FUNDS (4)        500.00 BALANCE     500.00
   REF NUMBER    14-092604254 DESC
             BAL AFTER      70853.94                -503.25
T:01653      /B:009                 00.00              -887.22
060210 SR  090109       500.00        .00       .00       .00
             BAL AFTER      70853.94                -503.25
T:01653      I/B:009                 00.00              -887.22


060210 UFN 090109   UNAPPLIED FUNDS (4)        204.23 BALANCE     704.23
   REF NUMBER    14-092604255 DESC
             BAL AFTER      70853.94                -503.25
T:01653      /B:009                 00.00              -887.22
060210 SR  090109       204.23        .00       .00       .00
             BAL AFTER      70853.94                -503.25
T:01653      I/B:009 OPTIONAL INS BAL     00.00 LATE CHARGE BAL   -887.22


060310 AA  090109
             LOAN MOD CAPITALIZED FOR ESC            46.10  TLR: 32292
             BAL AFTER      70853.94                -503.25
             OPTIONAL INS BAL     00.00 LATE CHARGE BAL   -887.22
060310 AA  090109
             LOAN MOD CAPITALIZED INTEREST        -5726.41  TLR: 32292
             BAL AFTER      70853.94                -503.25
             OPTIONAL INS BAL     00.00 LATE CHARGE BAL   -887.22


   INQ17474
```

```
HISTORY FOR ACCOUNT    ████6646                    PAGE     10
                                                   DATE 09/21/12


          -------- MAIL -------------------- --------- PROPERTY ----------------


          WILLIAM J FUTRELL


          THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
          309 WEST WASHINGTON STREET
          MUNCIE                 IN 47305      BRYANT          IN 47326


-------------------------------------------------------------------------------
 POST  TRN  DUE    TRANSACTION      PRINCIPAL      INTEREST         ESCROW
 DATE  CDE  DATE     AMOUNT           PAID           PAID            PAID
------ --- ------ --------------- ------------- -------------- --------------
060310 AA  090109           .00     -5772.51      -5726.41         46.10
                 BAL AFTER        76626.45                       -457.15
T:32292     /B:000  OPTIONAL INS BAL    00.00  LATE CHARGE BAL   -887.22
060710 UI  070110           .00          .00           .00          .00
                 BAL AFTER        76626.45                       -457.15
                 OPT PREMIUMS           .00  LATE CHARGE PYMT    887.22*
T:10589     /B:001  OPTIONAL INS BAL    00.00  LATE CHARGE BAL    00.00


060710 AA  070110           .00          .00           .00          .00
                 BAL AFTER        76626.45                       -457.15
                 OPT PREMIUMS           .00  LATE CHARGE PYMT    887.22*
T:10589     /B:001  OPTIONAL INS BAL    00.00  LATE CHARGE BAL    00.00
060710 UFN 070110  UNAPPLIED FUNDS (4)      -247.08  BALANCE     457.15
                 BAL AFTER        76626.45                       -457.15
T:10589     /B:001  OPTIONAL INS BAL    00.00  LATE CHARGE BAL    00.00


060710 SR  070110       -247.08          .00           .00          .00
                 BAL AFTER        76626.45                       -457.15
T:10589     I/B:001  OPTIONAL INS BAL   00.00  LATE CHARGE BAL    00.00
060710 FE  070110       81.08 164 CORP ADV 3 DRM
 REF NUMBER      SG0U05HHQ0FG DESC
T:10589     /B:001
060710 FE  070110       83.00 164 CORP ADV 3 DRM
                 SG0U05HHQ0FG
T:10589     /B:001
060710 FE  070110       83.00 164 CORP ADV 3 DRM
 REF NUMBER      SG0U05HHQ0FG DESC
T:10589     /B:001
060710 UFN 070110  UNAPPLIED FUNDS (4)      -457.15  BALANCE      0.00
                 SG0U05HJQUJG
                 BAL AFTER        76626.45                       -457.15
T:10589     /B:001                   00.00                        00.00


    INQ17474
```

HISTORY FOR ACCOUNT    ████ 6646                                    PAGE      11
                                                                   DATE 09/21/12


        -------- MAIL ------------------- -------- PROPERTY ----------------


    WILLIAM J FUTRELL


    THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
    309 WEST WASHINGTON STREET
    MUNCIE                 IN 47305      BRYANT           IN 47326

--------------------------------------------------------------------------
POST  TRN  DUE     TRANSACTION        PRINCIPAL      INTEREST       ESCROW
DATE  CDE  DATE      AMOUNT            PAID           PAID           PAID
----  ---  ------  -------------      ----------     -----------    -------
060710 SR  070110           .00            .00           .00        457.15
                   BAL AFTER        76626.45                        00.00
T:10589     I/B:001                     00.00                       00.00
072610 GRU 000000 000000 GRACE UNAP AMT:      .00
   REF NUMBER    SG0UCGK5LBFG DESC
072610 AP  080110        705.53         114.09        542.77         48.67
                   BAL AFTER        76512.36                         48.67
T:00330     K/B:001  OPTIONAL INS BAL     00.00 LATE CHARGE BAL      00.00

091510 GRU 000000 000000 GRACE UNAP AMT:      .00
   REF NUMBER    000000000000 DESC
091510 AP  090110        705.53         114.90        541.96         48.67
                   BAL AFTER        76397.46                         97.34
T:00607     E/B:001  OPTIONAL INS BAL     00.00 LATE CHARGE BAL      00.00
091510 FB  090110          7.50 171 SPEEDPAY FEE
                   SG0UPDU7V6R0
T:00607     /B:000

091510 FEA 090110          7.50 171 SPEEDPAY FEE
   REF NUMBER    000000000000 DESC
T:00607     /B:001
100710 E90 090110        -82.83  PAYEE = 0038.00000      .00        -82.83
                   BAL AFTER        76397.46                         14.51
T:32687     /B:001                      00.00                        00.00
101610 GRU 000000 000000 GRACE UNAP AMT:      .00
                   000000000000
101610 AP  100110        705.53         115.71        541.15         48.67
   LC DATE  101510  BAL AFTER        76281.75                        63.18
T:00607     E/B:001                     00.00                        00.00


    INQ17474

```
HISTORY FOR ACCOUNT    ████ 6646                      PAGE      12
                                                     DATE 09/21/12


        --------- MAIL -------------------- -------- PROPERTY ----------------

        WILLIAM J FUTRELL

        THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
        309 WEST WASHINGTON STREET
        MUNCIE              IN 47305      BRYANT          IN 47326

----------------------------------------------------------------------------
POST   TRN  DUE    TRANSACTION     PRINCIPAL     INTEREST      ESCROW
DATE   CDE  DATE     AMOUNT          PAID          PAID        PAID
------ ---  ------ --------------- ------------- ------------- -----------
101610 FB  100110           7.50 171 SPEEDPAY FEE
  REF NUMBER     SG0V12GL6B1G DESC
  LC DATE 101510
T:00607     /B:000
101610 FEA 100110           7.50 171 SPEEDPAY FEE
                 000000000000
  LC DATE 101510
T:00607     /B:001

111610 E20 100110     -352.37  PAYEE = 1600.02042        .00     -352.37
                 BAL AFTER        76281.75                       -289.19
T:32022    /B:001 OPTIONAL INS BAL      00.00 LATE CHARGE BAL      00.00
122210 FB  100110          11.25  11 PROP INSPECTION FEE
T:32506    /B:001
123110 UI  110110          .00          .00          .00          .00
  REF NUMBER     000000000000 DESC
                 BAL AFTER        76281.75                       -289.19
                 OPT PREMIUMS          .00 LATE CHARGE PYMT     -65.68*
T:00607     E/B:001 OPTIONAL INS BAL    00.00 LATE CHARGE BAL     -65.68
123110 GRU 000000 000000 GRACE UNAP AMT:       .00
123110 AP  110110       705.53       116.53       540.33        48.67
  LC DATE 123010  BAL AFTER        76165.22                      -240.52
T:00607     E/B:001 OPTIONAL INS BAL    00.00 LATE CHARGE BAL     -65.68
123110 UI  120110          .00          .00          .00          .00
  REF NUMBER     000000000000 DESC
                 BAL AFTER        76165.22                       -240.52
                 OPT PREMIUMS          .00 LATE CHARGE PYMT      65.68*
T:00607     E/B:001 OPTIONAL INS BAL    00.00 LATE CHARGE BAL      00.00
123110 GRU 000000 000000 GRACE UNAP AMT:       .00
123110 AP  120110       771.21       117.36       539.50        48.67
  LC DATE 123010  BAL AFTER        76047.86                      -191.85
                 OPT PREMIUMS          .00 LATE CHARGE PYMT      65.68
T:00607     E/B:001 OPTIONAL INS BAL    00.00 LATE CHARGE BAL      00.00
123110 FWA 120110           9.72  11 PROP INSPECTION FEE
  REF NUMBER     000000000000 DESC
  LC DATE 123010
T:00607     /B:001


    INQ17474
```

```
HISTORY FOR ACCOUNT      ████6646                    PAGE      13
                                                     DATE 09/21/12


        --------- MAIL -------------------- --------- PROPERTY ----------------

        WILLIAM J FUTRELL

        THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
        309 WEST WASHINGTON STREET
        MUNCIE               IN 47305      BRYANT              IN 47326

--------------------------------------------------------------------------
POST  TRN  DUE     TRANSACTION      PRINCIPAL      INTEREST      ESCROW
DATE  CDE  DATE     AMOUNT           PAID           PAID         PAID
------ --- ------ --------------- -------------- -------------- -------------
123110 FWA 120110       11.25  11 PROP INSPECTION FEE
   REF NUMBER     000000000000 DESC
   LC DATE  123010
T:00607      /B:001
123110 FWA 120110       16.50  11 PROP INSPECTION FEE
                 000000000000
   LC DATE  123010
T:00607      /B:001

123110 FWA 120110       11.25  11 PROP INSPECTION FEE
   REF NUMBER     000000000000 DESC
   LC DATE  123010
T:00607      /B:001
123110 FWA 120110       11.25  11 PROP INSPECTION FEE
                 000000000000
   LC DATE  123010
T:00607      /B:001

123110 FWA 120110       11.25  11 PROP INSPECTION FEE
   REF NUMBER     000000000000 DESC
   LC DATE  123010
T:00607      /B:001
123110 FWA 120110       11.25  11 PROP INSPECTION FEE
                 000000000000
   LC DATE  123010
T:00607      /B:001

123110 FWA 120110       11.25  11 PROP INSPECTION FEE
   REF NUMBER     000000000000 DESC
   LC DATE  123010
T:00607      /B:001
123110 FWA 120110       11.25  11 PROP INSPECTION FEE
                 000000000000
   LC DATE  123010
T:00607      /B:001


   INQ17474
```

```
HISTORY FOR ACCOUNT    ████6646                    PAGE      14
                                                   DATE 09/21/12


        --------- MAIL -------------------- -------- PROPERTY ----------------

        WILLIAM J FUTRELL

        THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
        309 WEST WASHINGTON STREET
        MUNCIE               IN 47305     BRYANT          IN 47326

--------------------------------------------------------------------------
 POST  TRN  DUE    TRANSACTION      PRINCIPAL      INTEREST       ESCROW
 DATE  CDE  DATE    AMOUNT            PAID           PAID          PAID
------ --- ------ ------------- -------------- -------------- --------------
123110 FB  120110          7.50 171 SPEEDPAY FEE
   LC DATE  123010
T:00607      /B:000
123110 FEA 120110          7.50 171 SPEEDPAY FEE
   REF NUMBER    000000000000 DESC
   LC DATE  123010
T:00607      /B:001


011011 GRU 000000 000000 GRACE UNAP AMT:          .00
   REF NUMBER    SG0VMHHB914E DESC
011011 AP  010111        705.53         118.19        538.67        48.67
   LC DATE  010811  BAL AFTER       75929.67                       -143.18
T:00330      K/B:001                  00.00                          00.00
020911 GRU 000000 000000 GRACE UNAP AMT:          .00
   REF NUMBER    SG0VUFGE9UT6 DESC
020911 AP  020111        705.53         119.02        537.84        48.67
                     BAL AFTER       75810.65                        -94.51
T:00330      K/B:001  OPTIONAL INS BAL       00.00 LATE CHARGE BAL   00.00
022611 GRU 000000 000000 GRACE UNAP AMT:          .00
   REF NUMBER    SG102R5010QQ DESC
022611 AP  030111        705.53         119.87        536.99        48.67
                     BAL AFTER       75690.78                        -45.84
T:00330      K/B:001  OPTIONAL INS BAL       00.00 LATE CHARGE BAL   00.00
033011 GRU 000000 000000 GRACE UNAP AMT:          .00
                SG10APT34FU3
033011 AP  040111        705.53         120.72        536.14        48.67
                     BAL AFTER       75570.06                         02.83
T:00330      K/B:001  OPTIONAL INS BAL       00.00 LATE CHARGE BAL   00.00
041111 E90 040111       -145.54  PAYEE = 0038.00000     .00        -145.54
                     BAL AFTER       75570.06                       -142.71
T:32687      /B:001  OPTIONAL INS BAL       00.00 LATE CHARGE BAL   00.00
051611 GRU 000000 000000 GRACE UNAP AMT:          .00
   REF NUMBER    000000000000 DESC
051611 AP  050111        705.53         121.57        535.29        48.67
   LC DATE  051411  BAL AFTER       75448.49                        -94.04
T:00606      E/B:001  OPTIONAL INS BAL       00.00 LATE CHARGE BAL   00.00


    INQ17474
```

HISTORY FOR ACCOUNT ████ 6646

PAGE      15
DATE 09/21/12

--------- MAIL -------------------- --------- PROPERTY ----------------

WILLIAM J FUTRELL

THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
309 WEST WASHINGTON STREET
MUNCIE                IN 47305      BRYANT          IN 47326

-------------------------------------------------------------------------

| POST DATE | TRN CDE | DUE DATE | TRANSACTION AMOUNT | PRINCIPAL PAID | INTEREST PAID | ESCROW PAID |
|------|------|------|------|------|------|------|
| 051611 | FB | 050111 | 7.50 171 SPEEDPAY FEE | | | |

REF NUMBER    SG10MKGIKGHO DESC
LC DATE   051411
T:00606      /B:000

| 051611 | FEA | 050111 | 7.50 171 SPEEDPAY FEE | | | |

000000000000
LC DATE   051411
T:00606      /B:001

| 072511 | FB | 050111 | 13.00 11 PROP INSPECTION FEE | | | |

T:32506      /B:001

| 072911 | UI | 060111 | .00 | .00 | .00 | .00 |

REF NUMBER    000000000000 DESC

                BAL AFTER        75448.49                    -94.04
                OPT PREMIUMS          .00  LATE CHARGE PYMT    -65.68*
T:00607      E/B:001  OPTIONAL INS BAL      00.00  LATE CHARGE BAL    -65.68

| 072911 | GRU | 000000 | 000000 GRACE UNAP AMT: | .00 | | |
| 072911 | AP | 060111 | 705.53 | 122.43 | 534.43 | 48.67 |

                BAL AFTER        75326.06                    -45.37
T:00607      E/B:001  OPTIONAL INS BAL      00.00  LATE CHARGE BAL    -65.68

| 072911 | FB | 060111 | 7.50 171 SPEEDPAY FEE | | | |

REF NUMBER    SG119CUGNSL8 DESC
T:00607      /B:000

| 072911 | FEA | 060111 | 7.50 171 SPEEDPAY FEE | | | |

REF NUMBER    000000000000 DESC
T:00607      /B:001

| 082511 | FB | 060111 | 13.00 11 PROP INSPECTION FEE | | | |

T:32506      /B:001

| 091611 | FB | 060111 | 83.00 164 CORP ADV 3 DRM | | | |

REF NUMBER    SG11LLILN6L8 DESC
T:02775      /B:000

INQ17474

HISTORY FOR ACCOUNT ████6646                                    PAGE        16
                                                               DATE 09/21/12


        -------- MAIL -------------------- -------- PROPERTY ----------------

        WILLIAM J FUTRELL

        THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
        309 WEST WASHINGTON STREET
        MUNCIE                    IN 47305      BRYANT          IN 47326

--------------------------------------------------------------------------
POST  TRN  DUE     TRANSACTION      PRINCIPAL     INTEREST       ESCROW
DATE  CDE  DATE    AMOUNT           PAID          PAID           PAID
------ --- ------ --------------- -------------- -------------- --------------
092211 FB 060111        11.25  11 PROP INSPECTION FEE
T:32506      /B:001
101111 E90 060111   -126.80  PAYEE = 0038.00000        .00       -126.80
                   BAL AFTER        75326.06                      -172.17
T:32687      /B:001 OPTIONAL INS BAL      00.00 LATE CHARGE BAL   -65.68
102511 FB 060111        13.00  11 PROP INSPECTION FEE
T:32506      /B:001


111511 E20 060111   -352.37  PAYEE = 1600.02042        .00       -352.37
                   BAL AFTER        75326.06                      -524.54
T:32022      /B:001 OPTIONAL INS BAL      00.00 LATE CHARGE BAL   -65.68
112111 FB 060111        11.25  11 PROP INSPECTION FEE
T:32506      /B:001
122111 FB 060111        13.00  11 PROP INSPECTION FEE
T:32506      /B:001


012412 FB 060111        14.75  11 PROP INSPECTION FEE
T:32506      /B:001
020612 FB 060111        83.00 164 CORP ADV 3 DRM
  REF NUMBER    SG12PSN2J8EO DESC
T:02775      /B:000
022312 FB 060111        14.75  11 PROP INSPECTION FEE
T:32506      /B:001


032312 FB 060111        13.00  11 PROP INSPECTION FEE
T:32506      /B:001
040912 E90 060111   -126.23  PAYEE = 0038.00000        .00       -126.23
                   BAL AFTER        75326.06                      -650.77
T:32687      /B:001 OPTIONAL INS BAL      00.00 LATE CHARGE BAL   -65.68
060512 AA 060111        .00           .00           .00           .00
                   BAL AFTER        75326.06                      -650.77
T:12303      /B:000 OPTIONAL INS BAL      00.00 LATE CHARGE BAL   -65.68


    INQ17474

HISTORY FOR ACCOUNT ▮▮▮▮6646                          PAGE    17
                                                      DATE 09/21/12


        -------- MAIL -------------------- -------- PROPERTY ----------------


    WILLIAM J FUTRELL


    THOMAS D MARAGOLIS, ATTORNEY AT LAW 8391 N 550 W
    309 WEST WASHINGTON STREET
    MUNCIE              IN 47305      BRYANT          IN 47326

----------------------------------------------------------------------
    POST  TRN  DUE     TRANSACTION     PRINCIPAL     INTEREST      ESCROW
    DATE  CDE  DATE     AMOUNT          PAID          PAID         PAID
    ----- ---  ------ ------------- ------------- ------------- -------------
    060512 AA  060111          .00          .00          .00           .00
                      BAL AFTER        75326.06                    -650.77
    T:12303      /B:000  OPTIONAL INS BAL      00.00  LATE CHARGE BAL    -65.68
    061412 FB  060111        13.00  11 PROP INSPECTION FEE
    T:32506      /B:001
    070912 FB  060111        11.25  11 PROP INSPECTION FEE
    T:32506      /B:001


    071812 FB  060111        83.00 164 CORP ADV 3 DRM
      REF NUMBER    SG142S2S4QHO DESC
    T:02775      /B:000
    081512 FB  060111        14.75  11 PROP INSPECTION FEE
    T:32506      /B:001
    091112 FB  060111        21.75  11 PROP INSPECTION FEE
    T:32506      /B:001


    091312 FP  060111       -62.00  56 CONVENTIONAL CURT FEE
      REF NUMBER    INDECOMMWIRE DESC
      LC DATE  090912
    T:01145      /B:001
    091712 FP  060111       -40.00  56 CONVENTIONAL CURT FEE
      REF NUMBER    INDECOMMWIRE DESC
    T:01676      /B:012


    END OF HISTORY

        INQ17474

*0496*

THOMAS D MARAGOLIS
Attorney At Law
309 West Washington Street
Muncie IN 47305
Telephone 765-288-0600

Customer Care
SEP 0 4 2012
Waterloo ___

August 31 2012

GMAC
3451 Hammond Avenue
PO Box 780
Waterloo IA 50704-0780
Attn: President

Re:  William Futrell
      8391 N 550 W
      Bryant IN 47326
      Account # ████2646

Dear

This is a QWR (Qualified Written Request) in the instant matter. It is an additional request, where matters remain outstandings.

This can not be complete, where essential portions shall be highlighted herein. A contact was made with Jenna in the Executive Offices for an agreed payment of $355.00 per month. It was memorialized in the letter dated 2/8/10, with payments to be made to the Payment Processing Department. The agreed check was sent, dated 2/22/10. *That was followed up with a letter from Loss Mitigation Department/Loan Servicing, where that payment was deemed not in accordance with the agreement heretofore made.*

Two payment were accepted, before the third was returned. I sent her a letter in October, 2011. There was no actual responsive letter from her, rather a department of GMAC.

Another instance is with regard to the *escrow* where the mortgage was going from Homecoming to GMAC, both companies under the Residential Capital umbrella. Homecoming had the number ████6646, and the GMAC had the number ████6646. Homecoming had the value $71,251.99, and GMAC had the value of $73,341.47. Both was dated 6/10/09. Their respective addresses are both in Waterloo, IA, with different PO boxes.

There was a notice from Homecoming on the matter of insurance, where it was noted $1,352.53, which was not corrected for approximately 9 months. An explanation was given, a typo. There was the referral to Balboa Insurance to address to matter, which is also a company under Residential Capital. The initial statement was made 6/17/09.

Page 2, William Futrell

There was a statement of the character of the mortgage was variable, not fixed. This is an incorrect statement, made 6/6/12.

Prior QWR's have been made, where those responsive contents were not in compliance with RESPA. In one instance, no name was given, and the number was given was 1-800-766-4622. That number is the general number got GMAC. That response was dated 11/3/09, and was contrary to RESPA. This was to Futrell.

There was a letter that was addressed to me, dated 11/13/09, had that above number and no contact person provided in that letter.

Repeated efforts were made for a loan modification, and the terms and conditions were being changed by GMAC and Homecoming, as appropriate. A new escrow analysis was requested, and there was none. The sated reason was "...Once the loan modification process is completed, a new analysis may be requested". This was in a GMAC letter dated 12/3/09.

There were loan modifications that were presented, however there were questions raised and no one in any department addressed the concerns, or provided a constructive resolution. Jenna, in the Executive Office, came the closest to a resolution, however there was no significant change in the interest rate and the difference in the existing payments and the offered payments were minimal.

The mortgagee was told by GMAC and/or Homecoming the mortgage was owned by Residential Capital, of which GMAC is a subsidiary; neither reported the value of the mortgage, notably after the stated transition date from Homecoming to GMAC heretofore referred to in this letter; the explanations were not readily understandable, and no one at GMAC was ever available to give a coherent and consistent explanation.

The compliance with RESPA, Regulation Z, Dodd-Frank requirements have been a consistent problem, where I believe that are additional requirements that have been ignored in the matter.

The request is that GMAC comply with all the controlling law, and provide all the responsive information. That would include the review of the account content in the instant matter, with appropriate remedial relief in the matter. RESPA and the other controlling law contain time frames, where GMAC should comply with the same.

Sincerely,

Thomas D Margolis
TDM/kj
Cc: William Futrell

2711 N Haskell Ave
Suite 900
Dallas TX 75204