**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al*.,

Debtors.

**NOT FOR PUBLICATION**

Case No. 12-12020 (MG)

Jointly Administered

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO LIFT THE
AUTOMATIC STAY AND MOTION TO STRIKE FILED BY RONALD P. GILLIS**

*A P P E A R A N C E S:*

RONALD P. GILLIS
*Pro Se*
P.O. Box 380342
Murdock, FL 33938
By:    Ronald P. Gillis

MORRISON & FOERSTER LLP
*Attorneys for ResCap Borrower Claims Trust*
250 West 55th Street
New York, New York 10019
By:    Norman S. Rosenbaum, Esq.
       Jordan A. Wishnew, Esq.
       James A. Newton, Esq.

**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the *Amended Motion for Relief of Automatic Stay Regarding "RFC" and "Homecomings Financial" to Persue [sic] Discovery* (the "Lift Stay Motion," ECF Doc. # 7785), filed by Ronald P. Gillis ("Gillis").[1]  Gillis seeks relief from the automatic stay to obtain discovery in his pending lawsuit (the "Federal Action") against, among other defendants, Debtors Residential Funding Company, LLC ("RFC") and Homecomings Financial, LLC ("Homecomings"), in the United States District Court for the Middle District of Florida (the

---

[1]    Gillis also applied for leave to proceed with his Lift Stay Motion *in forma pauperis*. (*See* ECF Doc. # 7786.)  The Court granted his application. (*See* ECF Doc. # 8266.)

"Florida District Court"). The discovery sought "include[s] but [is] not necessarily limited to depositions, admissions, interrogatories, and request for production of documents from both entities which should prove involvement in fraud, RICO Violations as well as Fair Debt Collections Practices Act violations mentioned in the complaint by both RFC and [Homecomings]." (*Id.* at 9.) The ResCap Liquidating Trust (the "Trust") submitted an objection to the Lift Stay Motion (the "Opposition," ECF Doc. # 8136). The Trust contends that there is no basis to grant Gillis relief from the automatic stay because (1) Gillis's proofs of claim have been disallowed and expunged by this Court and (2) Gillis is precluded by the confirmed plan of liquidation (the "Plan," ECF Doc. # 6065-1) from prosecuting his pending Federal Action. In response, Gillis filed a motion to strike the Trust's Opposition, arguing that it was untimely filed and "irrelevant" to the Motion (the "Motion to Strike," ECF Doc. # 8246). Simultaneously with the Motion to Strike, Gillis filed a motion to accept the Motion to Strike as timely filed and to schedule a hearing on the Lift Stay Motion (the "Motion to Allow," ECF Doc. # 8248). The Court granted the Motion to Allow and scheduled a hearing on the Lift Stay Motion and Motion to Strike on March 12, 2015 (the "Hearing"). The Hearing went forward and both parties appeared. This Opinion and Order **DENIES** the Lift Stay Motion and the Motion to Strike and directs Gillis to dismiss his Federal Action as against the Debtors.

    A.    **Background**

On January 16, 2008, non-debtor Deutsche Bank Trust Company Americas, as trustee, filed a foreclosure action against Gillis in Florida state court (the "Foreclosure Action," Case No. 08-252C). (Obj. ¶ 8 (citing *id.* Ex. 1).) After Gillis failed to provide discovery in contravention of the state court's directives, the state court entered an order sanctioning Gillis, striking his pleadings, and entering a judicial default against him. (*Id.* Ex. 2.) A trial to calculate the

damages remains to be scheduled. (*Id.* ¶ 8.) Gillis filed two appeals and two bankruptcy cases, purportedly to delay the trial; the appeals were denied and the bankruptcy cases were dismissed. (*Id.* ¶ 9 (citing *id.* Exs. 3–6).)

On May 14, 2012 (the "Petition Date"), the Debtors filed chapter 11 bankruptcy petitions. (*See* ECF Doc. # 1.) On August 29, 2012, the Court entered an order setting a bar date of November 9, 2012 for filing non-governmental proofs of claim in the chapter 11 cases. (ECF Doc. # 1309.) The Court thereafter entered an order extending the bar date for filing proofs of claim to November 16, 2012. (ECF Doc. # 2093.) Gillis timely filed two proofs of claim, Claim Numbers 444 and 913, against Debtor Residential Capital, LLC. (Obj. ¶ 13.)

The Plan became effective on December 17, 2013 (the "Effective Date"). (*See* ECF Doc. # 6137.) Pursuant to the Plan,

> Except as otherwise agreed by the Debtors, the Liquidating Trust, or the Borrower Claims Trust, as applicable, or ordered by the Bankruptcy Court, any and all proofs of claim filed after the applicable Bar Date shall be deemed disallowed, discharged, released, and expunged as of the Effective Date without any further notice to or action, order, or approval of the Bankruptcy Court, and holders of such Claims may not receive any distributions on account of such Claims, unless such late proof of claim is deemed timely filed by a final order of the Bankruptcy Court.

(Plan art. VIII.B.)

The Plan further provides:

> The rights afforded herein and the treatment of all Claims and Equity Interests herein shall be in exchange for and in complete satisfaction and release of all Claims of any nature whatsoever, including any interest accrued on such Claims from and after the Petition Date, against the Debtors, the Liquidating Trust, or any of their respective assets or properties arising prior to the Effective Date, any holder of such Claim or Equity Interest shall be precluded from asserting against the Debtors, the Liquidating Trust, or any of their respective assets or properties, any other or

3

>further Claim based on any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the entry of the Confirmation Order.

(*Id.* art. IX.K.)

To define the term "Claim," the Plan adopts the definition contained in Bankruptcy Code section 101(5) (*see id.* art. I.A.53.), which defines a "claim" as the "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured," 11 U.S.C. § 101(5).

After confirmation of the Plan, Gillis's two proofs of claim were disallowed and expunged by way of Court orders dated July 15, 2013 (*see* ECF Doc. # 4288, Ex. H at 1) and March 28, 2014 (*see* ECF Doc. # 6749, Ex. D at 1). Four months later, on July 29, 2014, Gillis attempted to remove the Foreclosure Action to the Florida District Court. (Obj. ¶ 10 (citing *id.* Ex. 7).) On September 25, 2014, the Florida District Court deemed the attempted removal as the filing of a new lawsuit, which named several defendants, including "GMAC-RFC Master Servicing" and Homecomings. (*Id.* (citing *id.* Ex. 8).) The Florida District Court simultaneously denied Gillis's request to transfer the case file from the Foreclosure Action as moot. (*Id.*) The complaint filed in the Federal Action asserts violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, and the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–1968, against all named defendants. (*See* Case No. 2:14-cv-418-FTM, ECF Doc. # 16.)

RFC and Homecomings filed a notice of their bankruptcy statuses in the Federal Action on September 26, 2014. (*Id.* ¶ 11 (citing *id.* Ex. 9).) A bankruptcy status update was filed on October 20, 2014 to correct the original notice's error in failing to indicate that Gillis had filed proofs of claim in the chapter 11 proceedings. (*Id.* (citing *id.* Ex. 10).) The Federal Action has

been stayed as against RFC and Homecomings since the filing of the bankruptcy notices and no trial has been conducted in the Foreclosure Action. (*Id.* ¶ 12.)

### B. The Motion to Strike Is Denied

Through the Motion to Strike, Gillis asserts that (1) the Opposition, which was filed approximately three months after the Lift Stay Motion, is untimely, and (2) the Opposition "attempt[s] to mislead the NY Bankruptcy Court by . . . bringing up the state case of foreclosure when the [Florida District Court] case is a simple RICO case, not foreclosure." (Motion to Strike at 1–2.) The Court concludes that neither of these arguments supports striking the Opposition.

First, this Court's local rules and the undersigned Judge's chamber rules (the "Chamber Rules") available on the Court's website specifically state that "a moving party or applicant must contact Chambers to obtain a hearing date prior to filing and serving a motion . . . or any other request for relief requiring a hearing." *See* CHAMBER RULES (citing BANKR. S.D.N.Y. R. 5070-1). The Chamber Rules further state that "[r]equests for relief requiring a hearing that are filed without first obtaining a hearing date will not be scheduled for hearing on the Court's calendar." *See id.* Gillis did not request a hearing date for the Lift Stay Motion until his Motion to Allow, which was filed after the Opposition. Without a hearing date, a briefing schedule does not formally go into effect. Moreover, for a motion for relief from the automatic stay, like Gillis's Lift Stay Motion, the party against whom the relief is sought, here the Trust, is not required to respond unless otherwise directed by the court. *See* FED. R. BANKR. P. 9014 ("In a contested matter not otherwise governed by these rules, relief shall be requested by motion, and reasonable notice and opportunity for hearing shall be afforded the party against whom relief is sought. No response is required under this rule unless the court direct otherwise."); *see also id.* 4001(a)(1) ("A motion for relief from an automatic stay provided by the Code . . . shall be  made

5

in accordance with Rule 9014 . . . .").  The Court directed the Trust to respond to the Lift Stay Motion.  Although the Trust responded three months after the Lift Stay Motion was filed, the Opposition was not untimely since no formal deadline for the response was imposed.

Second, the allegations in the Opposition relating to the state foreclosure action that preceded the Federal Action, for which Gillis now seeks discovery, are not "irrelevant" and provide no basis for the Opposition to be stricken.  The allegations regarding the state court action provide relevant background leading up to the filing of the Federal Action.  The Court was not, as Gillis suggests, "misle[d]" by these background facts.  Further, the Trust's legal arguments opposing the Lift Stay Motion do not rely on these background facts.  Thus, the Motion to Strike the Opposition is **DENIED**.

### C. The Lift Stay Motion Is Denied

Gillis has not established cause to lift the stay.  Section 362(a)(1) of the Bankruptcy Code provides that the filing of a bankruptcy petition automatically stays

> the commencement or continuation, including the issuance of employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title.

11 U.S.C. § 362(a)(1).

Section 362(d)(1) of the Bankruptcy Code provides that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay . . . (1) for cause, including the lack of adequate protection of an interest in property of such party in interest . . . ." *Id.* § 362(d)(1).  The Bankruptcy Code does not define the phrase "for cause."  Courts in this district consider the so-called "*Sonnax* Factors" to determine whether "cause" exists to lift the stay for prepetition litigation.  *See Sonnax Indus., Inc. v. Tri Component Prods. Corp. (In re*

6

*Sonnax Indus., Inc.)*, 907 F.2d 1280, 1286 (2d Cir. 1990); *In re Residential Capital, LLC*, 501 B.R. 624, 643 (Bankr. S.D.N.Y. 2013); *In re N.Y. Med. Grp., PC*, 265 B.R. 408, 413 (Bankr. S.D.N.Y. 2001).

Since Gillis is asserting a right to payment in the Federal Action (*see* Case No. 2:14-cv-418, Federal Action Compl. at 6), Gillis is a holder of a "Claim" pursuant to the Plan and the Bankruptcy Code. (*See* Plan art. I.A.53.) *See also* 11 U.S.C. § 101(5); 8 COLLIER ON BANKRUPTCY ¶ 1141.02 n.2 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014). Section 1141 of the Bankruptcy Code, entitled "Effect of Confirmation," provides, among other things, that confirmation of a plan "discharges a debtor from any debt that arose before the date of such confirmation . . . whether or not—(i) a proof of the claim based on such debt is filed . . . , or (iii) the holder of such claim has accepted the plan." 11 U.S.C. § 1141(d)(1)(A). Confirmation of a plan operates as a final judgment for *res judicata* purposes. *See First Union Commercial Corp. v. Nelson, Mullins, Riley & Scarborough (In re Varat Enters., Inc.)*, 81 F.3d 1310, 1315 (4th Cir. 1996). As such, "questions concerning the treatment of any creditor under the plan, discharge of liabilities, or disposition of property, may no longer be raised after plan confirmation. These issues must be raised in the context of objections to confirmation of the plan." 8 COLLIER ON BANKRUPTCY ¶ 1141.02[4] (footnotes omitted).

Gillis never filed an objection to confirmation of the Plan. Despite filing two proofs of claim in these chapter 11 cases, Gillis's claims have been disallowed and expunged. His Federal Action does not revive his previously expunged claims, nor does it provide Gillis with an opportunity to pursue new claims against the Debtors. The Federal Action was filed after the bar date. Pursuit of the Federal Action against the Debtors by way of discovery or otherwise, as requested in his Motion, is an attempt to sidestep the confirmed chapter 11 Plan; Gillis may not

7

pursue his claims in a forum outside of this Court, and the confirmed Plan discharged any liability that the Debtors may have had to Gillis. The relief he seeks from RFC and Homecomings in the Federal Action is precluded under the Plan.[2] Since the claims Gillis seeks to assert against RFC and Homecomings are barred and discharged by the Plan, Gillis cannot establish cause to lift the stay—litigating or conducting discovery in pursuit of litigating those claims in any forum would be futile. *See In re Residential Capital, LLC*, 508 B.R. 838, 847–48 (Bankr. S.D.N.Y. 2014).

Gillis's argument that the Federal Action was not released by the Plan because "issues of fraud are involved" is unpersuasive. The case law Gillis relies on applies section 523(a) of the Code, which only pertains to individual debtors, not corporate debtors like RFC and Homecomings. *Compare* (Lift Stay Motion at 2–3 (citing *Grogan v. Garner*, 498 U.S. 279 (1991) (discussing non-dischargeability under section 523(a) for individual chapter 11 debtor); *United States v. Spicer*, 57 F.3d 1152 (D.C. Cir. 1995) (discussing non-dischargeability of debt for money obtained by fraud under section 523(a) for individual chapter 7 debtor); *Freezor v. Davis (In re Davis)*, 108 F.3d 337 (9th Cir. 1996) (discussing non-dischargeability of debt for money obtained by fraud for individual chapter 7 debtor))), *with* 11 U.S.C. § 523(a) ("A discharge under section 727, 1141, 1228(a), 1228(b), or 1328 (b) of this title does not discharge an individual debtor from any debt . . . ."); *In re MF Global Holdings Ltd.*, No. 11-15059 (MG), 2012 WL 734175, at *3 (Bankr. S.D.N.Y. Mar. 6, 2012) ("In the Second Circuit, it is well-settled that section 523 does not apply to corporate debtors.") (citing *Adam Glass Service, Inc. v.*

---

[2] Although Gillis attempts to assert that he is not seeking to prosecute his claims against the Debtors, but rather that he only seeks discovery from them, Gillis makes clear in his Motion to Strike that he intends to move the Court at a later date to pursue his claims against the Debtors should the discovery reveal a basis on which to do so. (*See* Motion to Strike at 2 ("Also stated in the original motion, the undersigned pointed out to the court, the undersigned Movant was aware of the liquidation of assets, and at this time is not seeking the court claw back any of these assets as only discovery is requested. If appropriate discovery leads to the necessity that this court recover any or part of the assets as a result of RICO wrongdoings, then the undersigned Movant will appropriate move the court to do so if deemed necessary.").)

*Federated Dep't Stores, Inc.*, 173 B.R. 840, 842 (E.D.N.Y.1994) (finding that section 523 "only applies to individual debtors" and "is not applicable to corporate debtors . . ."); *Savoy Records Inc. v. Trafalgar Assocs. (In re Trafalgar Assocs.)*, 53 B.R. 693, 696 (Bankr.S.D.N.Y.1985) (holding that section 523 "on its face applies only to individual debtors, and not to limited partnerships . . .")).

Finally, the breadth and nature of the discovery requested in the Lift Stay Motion demonstrate that this discovery should not be permitted. This Court has previously held that the following factors should be considered to determine whether to limit or permit discovery: "(1) the scope of requested discovery; (2) the context in which the request arises; (3) the need for the discovery; (4) the timing of the discovery; (5) the burden on the debtors from the requested discovery; and (6) the expense of discovery and who should bear the cost." *In re Residential Capital, LLC*, 480 B.R. 529, 539 (Bankr. S.D.N.Y. 2012). Here, the scope of the requested discovery is extremely broad and vague; the request is in relation to the Federal Action against the Debtors that is precluded by the Plan; the timing of the request comes after confirmation; and the Debtors would likely bear a substantial burden in complying with the broad discovery requests, an expense that neither Gillis, who has requested *in forma pauperis* status, nor the Debtors, who have undergone liquidation, can afford.

## CONCLUSION

For the foregoing reasons, Gillis's Motion to Strike and Lift Stay Motion are **DENIED**. The Court hereby **ORDERS** that Gillis dismiss the Federal Action as against Debtors RFC and Homecomings. This ruling does not prevent Gillis from asserting any equitable or legal claims,

defenses, or counterclaims he may have in the Federal Action against any non-debtor defendants.[3]

**IT IS SO ORDERED.**

Dated:  March 18, 2015
         New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge

---

[3]  At the hearing, the Court directed that the Trust provide Gillis with certain discovery as described and agreed upon on the record that may be relevant to Gillis's Federal Action as it stands against the non-debtor defendants. To the extent Gillis requests further discovery from the Debtors, the Court does not address at this time whether, or to what extent, Gillis would be entitled to discovery from the Debtors once the Federal Action is dismissed against the Debtors as ordered herein and proceeds only against non-debtor defendants. *See Residential Capital*, 480 B.R. at 544 ("A debtor is not entitled to an *exemption* from discovery in actions against non-debtors. Rather, here, the issue is the limitations and conditions on providing evidence in third-party actions that a bankruptcy judge should impose. The Court concludes that section 105 is a statutory source of authority for the bankruptcy court in the exercise of discretion to impose limitations and conditions on the duty to provide evidence. The Court may exercise its discretion to limit or condition discovery from a debtor to protect a debtor from unreasonable burden or expense that threatens administration of a bankruptcy case.") (emphasis in original).