Alan Moss
P.O. Box 721
Moss Beach CA 94038
Telephone: (415)494-8314
Facsimile: (650)728-0738

Attorney *In Propria Personum*

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION

IN RE:

RESIDENTIAL CAPITAL, LLC, *ET AL.*

Debtors.

) BANKRUPTCY CASE NO. 12-12020-MG
) CHAPTER 11
)
) Jointly Administered
) (Executive Trustee Services, Case No. 12-12028)
)
) **AMENDED CLAIM PURSUANT TO COURT ORDER DATED FEBRUARY 13, 2015[Doc 8127]**
)
) [Claim No. 4445]
)

**AMENDED CLAIM NO. 4445:**

PURSUANT TO COURT ORDER DATED FEBRUARY 13, 2015, DOC 8127, CLAIMANT ALAN MOSS HEREBY SUBMITS HIS AMENDED CLAIM:

///

RECEIVED
MAR 1 6 2015
U.S. BANKRUPTCY COURT, SDNY

1  Claimant re-alleges and re-asserts his entire Original Claim, which sets forth *inter alia* the
2  following:

3

4  **"ORIGINAL CLAIM:**

5

6  BASIS OF THIS CLAIM: This claim is based on the civil action I filed against
7  Executive Trustee Services, LLC(hereinafter "ETS"), one of the debtors in this ResCap
8  action: Action No. 505386, Superior Court of San Mateo California, May 5, 2011. This
9  action has been stayed since May 23, 2012 when Debtor Executive Trustee Services filed a
10 Notice of Stay of Proceedings on that date.
11    The basis of this action, in general terms, is the negligence of ETS when it proceeded
12 with a trustee sale of the property of claimant without having any authority to do so, and
13 failing to ascertain whether it had authority to conduct a trustee sale, thus causing claimant
14 significant damages–explained fully in the attached documents.
15    The basis of this lawsuit in San Mateo County, CA and the basis of this claim(Claim
16 No. 4445) is identical, and the damages sought in each are identical. The proof that I am
17 "owed money from one of the debtors as of May 14, 2012" is contained in the attached
18 documents:   (1) Complaint, CIV505386; (2) Statement of Damages filed 8/22/11; (3)
19 Memorandum of Costs; (4) Declaration of Alan Moss In support of Request To Enter Default
20 Judgment By Court. These documents are attached hereto, and made a part of this claim."

21

22 Claimant hereby provides additionally as his amended claim as follows:

23

24

25 ///

26

**AMENDED CLAIM:**

The Original Claim is incorporated into, and made a part of, this Amended Claim.

Debtor ResCap, at all times relevant hereto, was the successor to GMAC. GMAC was a servicer of home loans and serviced loans nationally. In some of the states, GMAC serviced loans which were "mortgages" pursuant to State law. In some states, GMAC serviced loans which were "deeds of trust." Claimant's loan originated in the State of California, which was, and is, a "deed of trust" state.

Debtor ResCap, owned and operated a subsidiary by the name of Executive Trustee Services ("ETS"). ETS was known as Executive Trustee Services, LLC and Executive Trustee Services, Inc.; it was also known as ETS Services, Inc. All three entities are referred to herein as "ETS." As a result of this, when ResCap declared bankruptcy, ETS also filed a petition in bankruptcy. *See* Action No. 12-12028, filed May 14, 2012 as Doc 1. In this petition, ETS stated that it was, or shortly would be, a "jointly administered" entity with ResCap. ETS described itself in this petition as an "affiliated entity" of ResCap.

On the date of the filing of the GMAC/ResCap/ETS bankruptcy, Claimant had pending a lawsuit naming ETS as the defendant. *See* Original Claim, with attached underlying documents. This claim resulted from this lawsuit. The lawsuit has been stayed by operation of Federal law since that day. As of the date this lawsuit was stayed, the status of the case was that ETS had been defaulted by the San Mateo County Superior Court, because it had failed to respond to the complaint for more than nine months. A hearing was pending to determine the amount of monetary damages and to thereafter enter a default judgment.

Because of the default status of the case, under California law, all material allegations of the complaint are deemed admitted, including all of the causes of action which included negligence, negligence per se, fraud, and intentional infliction of emotional distress; both the cause of action for fraud and intentional infliction of emotional distress alleges that ETS acted with "malice" in doing the acts complained of in the complaint. Therefore, it has been conclusively demonstrated that ETS acted with "malice" when it issued the notices. Because ETS was defaulted, it could not appear and could not be heard at the hearing that had been scheduled for entry of judgment arising from the default.

The ETS complaint detailed the chain-of-title of the underlying loan, all from recorded documents, and demonstrated that ETS was not properly substituted in as a trustee of the loan: under California law, an entity may be substituted in as trustee, provided that the present beneficiary(ies) record the substitution. In this case, as can be seen from the recorded documents, it was TCIF who recorded a Substitution of Trustee, on November 10, 2006, naming ETS as the trustee. TCIF was not assigned the loan until June 16, 2008. Chronologically, this can be put succinctly thusly,

**CJ MORTGAGE**(6/22/05)

[ORIGINAL LOAN]

↓

↓

**OPTION ONE MORTGAGE**

(BY ASSIGNMENT DATED 6/27/05, RECORDED 4/4/07)

↓

⇓

**OPTION ONE** SUBSTITUTES NEW TRUSTEE

PREMIER TRUST DEED SERVICES (10/26/05, RECORDED 2/3/06)

⇓

⇓

**TCIF REO2, LLC**, *AS BENEFICIARY*, SUBSTITUTES NEW TRUSTEE

EXECUTIVE TRUSTEE SERVICES, LLC ("ETS") (9/21/06, **RECORDED 11/10/06**)

⇓

⇓

NOTICE OF DEFAULT ISSUED BY ETS ON BEHALF OF TCIF REO2, LLC

9/17/07, RECORDED 9/18/07)

⇓

⇓

**TCIF, LLC**

(BY ASSIGNMENT DATED 5/7/08, RECORDED 6/16/08)

⇓

⇓

THE BANK OF NEW YORK TRUST COMPANY

(BY ASSIGNMENT DATED 4/29/08, RECORDED 6/16/08)

⇓

⇓

NOTICE OF TRUSTEES SALE ISSUED BY ETS (5/19/08, RECORDED 5/22/08)

⇓

⇓

TRUSTEES SALE CONDUCTED BY ETS 5/7/09

⬇

⬇

TRUSTEES DEED TO BNY BY ETS(5/7/09, RECORDED 5/18/09)

Said lawsuit alleged that, inter alia, ETS was negligent when it issued the requisite notices required by California law to promulgate a foreclosure proceeding, to wit: (1) Notice of Default, (2) Notice of Trustee Sale, and (3) Trustees Deed Upon Sale. As can be seen from the diagram, ETS was made trustee by an entity that would not be assigned the loan for almost two years. Thus, TCIF had no power to substitute ETS, and therefore ETS had no power to issue any of the three notices.

ResCap concedes that ETS was illegally appointed and agrees that ETS had no power to issue any notices required by statute.

Because the entity which substituted ETS was not the beneficiary, and would not become the beneficiary, if at all, for eighteen months, ETS could not have had any reasonable grounds for believing that it had been properly appointed as trustee. ETS received no communication, either written or oral, demonstrating to it that the entity which named it as trustee had the power to do so. ETS received no communication, either oral or written, that demonstrated to it, or to any other reasonable individual or entity, that it was legally substituted in as trustee. ETS made no inquiry of recorded documents in order to verify that it was legally entitled to issue any notices. ETS was under a duty to ascertain whether it was legally appointed as trustee.

ETS, as a subsidiary of GMAC/ResCap, at all times relevant hereto, was represented by the same office and same individual within GMAC, to wit the Litigation Case Manager("LCM"), who was responsible for the control of all litigation concerning claimant, both as to ETS and the wrongful foreclosure action. The same attorney represented both GMAC/ResCap and ETS. Said LCM admitted under oath that she knew of both the underlying case and the ETS case, that she was the LCM for both cases, and was periodically advised of the status of each case and the allegations of claimant. At no time did said LCM, despite notice of illegal substitution of ETS, make inquiry of said allegations, and determine the truth or lack of truth of the allegations. As a result, this matter was allowed to be litigated for more than four years; the two cases overlapped for more than two years. Never during this time was it admitted that the substitution of ETS was illegal and of no force and effect.

Further, during the course of this litigation, claimant herein(plaintiff in the underlying case), posed multiple discovery questions to GMAC/ResCap beginning in 2009, and continuing thereafter through 2013, including interrogatories, requests for documents, requests for admission, subpoenas for documents and individuals, all to ascertain any documentation regarding the substitution of ETS as trustee, and to determine the validity or invalidity of said substitution. Said discovery requests were routinely forwarded to the LCM for responses and information in order to be responded to. Throughout these four years and the multitude of discovery requests and motions to compel, filed in both California and Federal courts, GMAC/ResCap failed and refused to acknowledge that ETS was improperly substituted as trustee. Not until ResCap's Objection to this claim was it admitted.

Further, claimant caused to be served subpoenas duces tecum on each entity of ETS for business records concerning the loan and claimant. ETS refused to produce any records.

1. Claimant is informed and believes, and on this basis alleges, that there was a program and practice at GMAC and ETS to foster foreclosures by any means necessary, including fraudulent notarizations of documents and other documentations, in order to finalize foreclosures, even by methods and means that did not comport with state law. Because of this, ETS was engaged in practices, the likes of which resulted in a failure to comport with state law. GMAC was held in contempt of court in numerous jurisdictions throughout the United States because of these practices, which have been well documented throughout the mortgage crisis. In point of fact, the individual who notarized some of the relevant documents in this matter, an employee of GMAC, was held in contempt on more than one occasion, and another GMAC employee who notarized other documents in this matter was sanctioned for notarizing unsigned documents. The fact that ETS allowed itself to act as trustee, notwithstanding any basis for believing that it was duly appointed, is another example of this pattern and practice.

Claimant recently requested ETS's records concerning claimant and ETS's lawyers refused to provide said records on the ground that this claim had been dismissed.

Further, in the underlying case, GMAC/ResCap made four separate motions to dismiss pursuant to FRCP 12(b)(6); as a result of these motions, the latest amended complaint, the Fourth Amended Complaint, contained a cause of action for Intentional Infliction of Emotional Distress, which remained a viable cause of action, the District Court denying the motion to dismiss.

Therefore, ETS lacked reasonable grounds for believing that it had the power to issue any requisite notices, or in the truth of the information contained in the notices it issued and therefore acted in reckless disregard of the rights of claimant. ETS acted in reckless

disregard of the rights of claimant from the initiation of litigation in July 2009 up to, and including, the present time. ETS possessed no information, at no time, that it had been properly substituted as trustee, and despite years to ascertain the truth, and despite having been placed on notice that it had no power to act as trustee, failed to take any steps or to make any inquiry regarding whether it had been properly appointed and substituted. Therefore, ETS lacked any grounds, let alone reasonable grounds, to believe it had the power to issue any requisite notices in this matter, and therefore ETS acted in reckless disregard of the rights of claimant.

Claimant will request the Court to provide claimant with a copy of the ETS file which the debtor's attorneys have in their possession.

Claimant reserves the right to amend this claim as further information becomes available.

Dated: March 12, 2015

Respectfully submitted,

ALAN MOSS

Attorney *In Propria Personum*

# PROOF OF SERVICE

**COURT:**   U.S. BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

**CASE NAME:** *ResCap*

**ACTION NO.:**   BANKRUPTCY NO. 12-12020-MG

I am employed in the County of San Francisco, California. I am over the age of 18 and not a party to the within action. On this date, I served the foregoing document(s) described as:

AMENDED CLAIM NO. 4445

on the party(ies) set out in said document by causing a true copy thereof to be:

[ ]   Telecopied via facsimile to the addressee's facsimile number listed below per CRC 2008(b).

[ ]   Telecopied via facsimile to the addressee's telephone number listed below, and thereafter mailed according to the procedures set forth immediately hereinbelow.

[X]   By Federal Express OVERNIGHTmail, for delivery by Monday, March 16, 2015, by placing said document(s) in a sealed envelope and handing it to an agent for Federal Express..

[ ]   By U.S. mail, Return Receipt Requested, by placing said document(s) in a sealed envelope with appropriate postage thereon fully prepaid and then placed in the designated office area for outgoing mail.

[ ]   Delivered by hand to the person set forth below, or by handing said document in a sealed envelope to a messenger service for delivery as addressed.

[ ]   Sent via Priority overnight mailing, by handing said document in a sealed envelope to an agent for the USPS for overnight delivery.

and mailed, addressed as follows and sent to the following address(es):

Hon. Martin Glenn(Chambers Copy)
Judge of the U.S. Bankruptcy Court in and for the
   Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York New York 10004-1408

Clerk's Office(Filing Copy)
U.S. Bankruptcy Court in and for the
   Southern District of New York
Alexander Hamilton Custom House
One Bowling Green
New York New York 10004-1408

---

AMENDED CLAIM OF ALAN MOSS [CLAIM NO. 4445]                BANKRUPTCY ACTION NO. 12-12020-MG

By First Class Mail:

Morrison and Foerster LLP
ATTN: Norman S. Rosenbaum
250 West 55th Street
New York New York 10019

ResCap Borrowers Trust
Polsinelli PC
ATTN: Daniel J. Flanigan
900 Third Avenue, 21st Floor
New York New York 10022

Office of the U.S. Trustee for the
    Southern District of New York
ATTN: Linda A. Rifkin & Brian S. Masumoto
U.S. Federal Office Building
201 Varick Street, Suite 1006
New York New York 10014

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    Executed this __13th__ day of March, 2015 at San Francisco, California.

_____