ROSALES DEL ROSARIO, P.C.
39-01 Main Street, Suite 302
Flushing, NY 11354
T: (718) 762-2953
John B. Rosario

*Counsel for claimant Martha Panaszewicz*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC., et al.,

                            Debtors.

Case No. 12-120-20 (MG)

Chapter 11
Jointly Administered

**CLAIMANT'S MEMORANDUM**
(Re: Claim No 7466)

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

      Herein claimant MARTHA PANASZEWICZ, through counsel, in compliance with the Honorable Bankruptcy Court's instruction during the hearing last March 12, 2015, submits that:

SUMMARY OF RELEVANT FACTS

      1.    Ms. Panaszewicz filed suit before the San Francisco Superior Court on January 28, 2013 to annul the foreclosure sale effected on her residence and to seek damages for promissory stoppel from herein debtors GMAC Mortgage LLC ("GMAC"), Residential Funding Company ("RFC") and various John Does. A copy of her Complaint is attached as annex **Exhibit "A".** Significantly, claimant's counsel, Errol Zshornack, indicated his office address in said pleading as "7311 Mission Street, Suite E, Daly City, CA 94014."

2. That lawsuit was removed on diversity grounds to the U.S. District Court of Northern California, which, unfortunately, allowed therein defendants' subsequent motion to dismiss leaving Ms. Panaszewicz no other recourse but to elevate the matter before the 9th Circuit Court of Appeals on September 26, 2013. A copy of her Notice of Appeal is annexed as **Exhibit "B"**.

3. Said Notice contained a "Representation Statement" plainly indicating that Mr. Zshornack had by then moved his offices to "2000 Crow Canyon Pl. #330, San Ramon, CA 94583."

4. <u>It is this San Ramon office address that appears in a printout of the General Docket of the Court of Appeals which debtors themselves submitted as Exhibit 11 in their pleading entitled: "The ResCap Liquidating Trust's Reply in Support of its Seventy-Ninth Omnibus claims Objection (Purported Administrative Claims) Solely With Respect to Claim No. 7466 Filed By Martha Panaszewicz" ("Reply"), dated March 6, 2015 (Doc. 8258).</u>

5. The 9th Circuit Court of Appeals, citing these bankruptcy proceedings, has ordered a stay on Claimant's appeal.

6. ResCap Liquidating Trust ("ResCap"), as successor in interest of the debtors in these bankruptcy proceedings, <u>admits</u> that Kurtzman Carson Consultants, LLC ("KCC"), debtors' noticing and claims agent, served Ms. Panaszewicz a copy of the Administrative Claim Bar Date Notice "on or before December 24, 2013" care of Mr. Zshornack at his old office address in Daly City. See Reply ¶16.

7. ResCap now urges the Honorable Bankruptcy Court to disallow and expunge the claim Ms. Panaszewicz filed in these proceedings since it believes it was filed after the bar date indicated in the KCC notice.

  8. Ms. Panaszewicz strongly disagrees.

ISSUES

 I. Whether or not Ms. Panaszewicz' counsel needed to file a notice before the Court of Appeals re his change of address from Daly City to San Ramon.

 II. Whether or not sending KCC's sending of the Administrative Claim Bar Date Notice to Ms. Panaszewicz counsel's old address constituted valid service.

DISCUSSION

  9. Herein Claimant respectfully submits there is no basis for ResCap's insistence that she was duly notified of the Administrative Claim Bar Date and that her Claim No, 7466 should be disallowed and expunged as late-filed.

**There was no need for Mr. Zshornack to file a notice of change of address before the Court of Appeals.**

  10. Contrary to ResCap's insistence, there was no need at all for Mr Zshornack, Ms. Panaszewicz' counsel in the California case, to notify the 9th Circuit Court of Appeals of his change of office address from Daly City to San Ramon. The Order of the U.S. District Court granting the motion to dismiss filed by GMAC and RFC constituted a final decision under 28 U.S.C. §1291 since it ended the litigation and left nothing more to be done. *Firestone Tire & Rubber Co. v. Risjord*, 449 US 368 (1981); *Coopers & Lybrand v. Livesay*, 437 US 463 (1978) The institution of an appeal from said Order therefore took the matter out of the district court and onto the 9th Circuit Court of Appeals before which, as ResCap concedes, Mr. Zshornack made his new office address a matter of record beginning with the filing of the Notice of Appeal. As noted above, the Notice (see **Exhibit "B"**) clearly included a "Representation Statement" conformably with said Court's Circuit Rule 3-2 and Section 12 of the Federal Rules of Appellate

3

Procedures which thus made the San Ramon office address the only proper address to which matters could be sent to Ms. Zshornack. In light of this unambiguous statement, there is no reason for ResCap or KCC to pretend that sending the notice of the Administrative Bar Date to Mr. Szhornack at his Daly City office is valid.

11. But that is not all.

**Notice of the Administrative Claim
Bar Date should have been sent
directly to Ms. Panaszewicz.**

Even if we were to assume for the sake of argument that Mr. Zshornack could still be served with regard Ms. Panaszewicz' appeal at his old Daly City address, it is erroneous for ResCap or KCC to maintain that service on her thru Mr. Zshornack had the effect of binding her with regard matters before this Honorable Bankruptcy Court. The claim Ms. Panaszewicz prays to be included in these proceedings, while necessarily reflecting her pending action before the 9th Circuit Court of Appeals, is an altogether different matter. Mr. Zshornack has not in any way entered an appearance in her behalf herein and had no express or implied authority to act for her at the time KCC sent the alleged notice of the Administrative Bar Date. And, most certainly, neither KCC nor ResCap had a right to presume at that point that Ms. Panaszewicz would be represented by Mr. Zshornack in these bankruptcy proceedings.

"Before a federal court may exercise personal jurisdiction over a party, the procedural requirement of service must be satisfied," *In Re Kalikow*, 602 F. 3d 82 (2nd Cir. 2010), internal citations omitted. "An attorney, solely by reason of his capacity as an attorney, does not thereby become his client's agent authorized by "appointment . . . to receive service of process . . . Nor is the fact that an attorney represents his client in a

completely unrelated litigation sufficient to establish the requisite authority. *US v. Bosurgi,* (S.D.N.Y. 1972), 343 F. Supp. 815, internal citations omitted.

A long line of cases instruct that there must first be a basis upon which an attorney's authority to act, or accept matters, for his client could properly be inferred. "An agent's authority to accept processes . . . may be implicit or explicit . . .To find an implied agency, courts look at all the circumstances under which the defendants appointed the attorney to measure the extent of the authority that the client intended to confer . . . When a creditor, through counsel, is active in a Chapter 11 case, the creditor implicitly authorizes the counsel to receive service of process on its behalf," In Re Ms. Interpret (Bankr. S.D.N.Y. 1998) 222 B.R. 409, internal citations omitted. See also *In Re Reisman*, (S.D.N.Y. 1992), 139 B.R. 797 [". . . In this case, it is evident that FNYBB empowered Goldberg with broad authority to act on its behalf in this Chapter 11 case. Indeed, Goldberg has vigorously represented his client thus far. In light of Goldberg's active role in the Chapter 11 case and the Notice of Appearance directing papers, including a "pleading" and a "complaint", to be served upon his firm, it was appropriate for Reisman to serve him with process in the preference action. Under the circumstances of this case, it is obvious that FNYBB would receive actual knowledge of the pending preference action from Goldberg"]. None of these badges of authority, whether express permission or implied action, is present in this instance.

On this vein, it is certainly worth stressing anew that basic due process dictates that debtors in a bankruptcy petition provide creditors and known claimants with actual notice of a claims bar date if they want the bar date to apply to those creditors and claimants. See *In re Majorca Isles Master Association, Inc.*, Case No. 12-19056-AJC, Dkt. No. 222 (Bankr. S.D. Fla. March 27, 2014). In *Majorca*, where the creditor, which was not

listed on the debtor's schedules or included in the mailing matrix, sought relief from its failure to file proof of claim prior to the claims bar date because it was not served with notice of the claims bar date. "Fair or adequate notice has two basic elements: content and delivery." *Fogel v. Zell*, 221 F.3d 955, 962 (7th Cir. 2000). The Supreme Court has held that "[a]n elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 306, 314 (1950). To this end, the "notice must be of such nature as reasonably to convey the required information . . . ." (citing to *Grannis v. Ordean*, 234 U.S. 385 (1914)).

Dated:     March 18, 2015
           Flushing, New York

                                        ROSALES DEL ROSARIO, P.C.

                                        /s/ John B. Rosario, Esq.
                                        By: JOHN B. ROSARIO, ESQ.
                                        39-01 Main Street, Suite 302
                                        Flushing, NY 11354
                                        T: (718) 762-2953
                                        E: johnrosario@delroslaw.com

# Exhibit "A"

ERROL J. ZSHORNACK, SBN 268940
7311 Mission Street, Suite E
Daly City, CA 94014
Tel:  (415) 412-7479
Fax:  (650) 350-4277

Attorney for Plaintiff
MARTHA S. PANASZEWICZ

ENDORSED
SAN FRANCISCO COUNTY
SUPERIOR COURT

13 JAN 28 AM 1:11

ELIAS BUTT

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF SAN FRANCISCO

| | |
|---|---|
| MARTHA S. PANASZEWICZ,<br><br>Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE, LLC; RESIDENTIAL FUNDING COMPANY, LLC; AND DOES 1 THROUGH 100, INCLUSIVE,<br><br>Defendants. | Case No. CGC-13-528268<br><br>UNLIMITED CIVIL CASE<br><br>COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS FEES |

COMES NOW the Plaintiff, MARTHA S. PANASZEWICZ (hereinafter referred to as "Plaintiff"), complaining of the Defendants, and each of them, as follows:

### INTRODUCTION

1. This is an action brought by Plaintiff Martha S. Panaszewicz ("Plaintiff") against Defendants GMAC Mortgage, LLC ("GMAC") and Residential Funding Company, LLC ("Residential Funding"), resulting from Defendant GMAC's repudiation of an agreement with Plaintiff to postpone, delay or otherwise forego the trustee's sale of the residential property

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**

which is also Plaintiff's home. Plaintiff brings this action in order to set aside the trustee's sale, restore her ownership of the property and to seek damages and attorneys fees as may be provided by law.

## THE PARTIES

2. Plaintiff is now, and at all times relevant to this action, a resident of the County of San Francisco, State of California. At all times relevant to this action, Plaintiff has owned and resided at the real property commonly known as 89 Belle Avenue, San Francisco, CA 94132 (the "Subject Property"). The Subject Property is further described as Assessor's Parcel ID Number 7179-021, in the County of San Francisco which is also further described as follows:

"THE LAND DESCRIBED HEREIN IS SITUATED IN THE STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO, CITY OF SAN FRANCISCO, AND IS DESCRIBED AS FOLLOWS:

PARCEL A:

LOTS 15, 16 AND 17 IN BLOCK 1, ACCORDING TO MAP ENTITLED, "OCEAN VIEW PARK", RECORDED JULY 20, 1903, BOOK "G" OF MAPS, AT PAGES 36 AND 37, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA.

PARCEL B:

LOT 14 AND THE WESTERLY 12 FEET, 6 INCHES, FRONT AND REAR MEASUREMENTS, OF LOT 13 IN BLOCK 1, ACCORDING TO THE "PLAT OF OCEAN VIEW PARK", FILED JULY 26, 1908, IN BOOK "G" OF MAPS, AT PAGES 36 AND 37, IN THE OFFICE OF THE RECORDER OF THE CITY AND COUNTY OF SAN FRANCISCO, STATE OF CALIFORNIA.

PARCEL NUMBER(S): LOT 021, BLOCK 7179"

3. Plaintiff is informed and believes and on that basis alleges that Defendant GMAC Mortgage, LLC (GMAC), during all times relevant to this action, is doing business in the County of San Francisco, State of California. Plaintiff is further informed and believes and on that basis alleges that Defendant GMAC, during all times relevant to this action, was purporting to be the Mortgage Servicer, Assignee/Transferee of Plaintiff's original loan, or authorized representative

COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES

of the Beneficiary under Plaintiff's Deed of Trust executed to secure Plaintiff's loan obtained from Metrocities Mortgage LLC dba No Red Tape Mortgage back in March 2007 ("Loan").

4. Plaintiff is informed and believes and on that basis alleges that Defendant Residential Funding Company, LLC (Residential Funding), during all times relevant to this action, is doing business in the County of San Francisco, State of California. Plaintiff is further informed and believes and on that basis alleges that Defendant Residential Funding is the purported buyer of the Subject Property at the trustee's sale held on November 20, 2012. Defendant Residential Funding is on information and belief owned in whole or in part or otherwise controlled or operated by Defendant GMAC. GMAC and Residential Funding shall hereinafter be referred to collectively as "Defendants."

5. Plaintiff does not know the true names, capacities, or bases for liability of Defendants sued herein as Does 1 through Does 100, inclusive, as each fictitiously named Defendant is in some manner liable to Plaintiff, or claims some right, title, or interest in the Subject Property. Plaintiff will amend her Complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes, and thereon alleges, that at all relevant times mentioned in this Complaint, each of the fictitiously named Defendants is responsible in some manner for the injuries and damages to Plaintiff so alleged and that such injuries and damages were proximately caused by such Defendants, and each of them.

6. Plaintiff is informed and believes, and thereon alleges, that at all times herein mentioned, and unless otherwise expressly averred, each of the Defendants was the agent, employee, servant and/or joint venturer of the remaining Defendants, and each of them, and in doing the things alleged herein below, was acting within the course and scope of such agency,

3

COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES

employment and/or joint venture.

7. Plaintiff is informed and believes, and thereon alleges, that Defendants herein, and each of them, are named in their respective purported or putative capacities only, based on said Defendants' claims or assertions only, and are not to be taken as judicial admissions by Plaintiff of any fact or facts in dispute in this action.

### THE FACTS

8. On November 2, 2011, Plaintiff was served a notice and demand for payment on her Loan by Defendant GMAC for alleged default on her loan which Defendant GMAC purported to be servicing.

9. On February 23, 2012, Plaintiff was served a letter by Defendant GMAC through its purported Relationship Manager, Mr. George Lee.

10. The said letter informed Plaintiff that Mr. Lee *"would like the opportunity to work with (Plaintiff) on establishing a workout solution on (her) account."*

11. The letter was accompanied by a "workout package" consisting of forms which Plaintiff was to complete and return to Mr. Lee.

12. On July 10, 2012, Defendant Residential Funding caused a Notice of Default and Election to Sell Under Deed of Trust to be served at Plaintiff's residence.

13. A Trustee's Sale of the Subject Property was later scheduled for November 20, 2012 at 2:00 p.m.

14. On October 22, 2012, Mariluz Panaszewicz Ragasa ("Mariluz") and Ian Panaszewicz ("Ian"), daughter and son, respectively, of Plaintiff contacted and spoke to Mr. Lee by telephone to discuss loan workout solutions.

15. Mariluz and Ian were duly authorized by their mother, Plaintiff herein, to represent

4

her in negotiating for a loan workout solution with Mr. Lee since the stress would be hazardous to Plaintiff's health considering that she was already in her 70's and the fact that she was a cancer patient having been diagnosed in 2008 with Multiple Myeloma.

16. On October 25, 2012, Mariluz and Ian acting for and on behalf of Plaintiff agreed to Defendant GMAC's offer coursed through Mr. Lee to work on establishing a workout solution by sending the completed documents previously received from Defendant GMAC to Mr. Lee via facsimile.

17. Included among the documents sent to Mr. Lee on October 25, 2012 were letters requesting that the scheduled trustee's sale on November 20, 2012 be postponed.

18. On October 29 and 30, 2012, Mariluz tried calling Mr. Lee several times but Mr. Lee did not answer. Mariluz was able to leave messages on the answering machine.

19. Mr. Lee eventually returned the calls on October 30, 2012 and he spoke to Mariluz.

20. Mariluz reiterated their earlier written requests to delay the trustee's sale scheduled on November 20, 2012 while their loan workout application was pending.

21. Mr. Lee responded and told Mariluz that they didn't need to postpone or delay the sale.

22. Mariluz understood and believed this response by Mr. Lee to mean a promise or agreement that the trustee's sale was no longer pushing through on November 20, 2012.

23. Plaintiff was informed of this immediately by Mariluz and Ian and Plaintiff understood this to mean a promise or agreement that the trustee's sale was no longer pushing through on November 20, 2012.

24. Mr. Lee later informed Mariluz that the forms that were sent were older forms. Mr. Lee also inquired about the Dodd Frank certification.

25. Mariluz responded that Plaintiff filled out everything on every form that was

5

**COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES**

received from Defendant GMAC.

26. Mr. Lee said he will check his files. Later, Mr. Lee said that he checked his computer and that he already deleted the files which were the very documents submitted by Plaintiff.

27. Mr. Lee told Mariluz to check the GMAC website for the new forms and that these should be completed and submitted to Defendant GMAC. Mr. Lee gave Mariluz instructions to indicate the GMAC Mortgage account number and the name of Plaintiff at the top of every form.

28. On November 1, 2012, Mariluz faxed the new set of forms to Mr. Lee.

29. Mr. Lee never responded or contacted Plaintiff, Mariluz or Ian afterwards.

30. On November 19, 2012, Mariluz faxed the same set of documents anew to Mr. Lee including a note inquiring about whether Mr. Lee received the documents faxed on November 1, 2012.

31. No response was ever received from Mr. Lee or anyone from Defendant GMAC.

32. On November 20, 2012, at 10:30 a.m., Mariluz and her family, who also reside at the Subject Property, noticed cars arriving at the Subject Property and people were approaching them asking questions about the Subject Property.

33. Mariluz got extremely nervous so she decided to call Mr. Lee of Defendant GMAC.

34. Several calls were made but Mr. Lee never answered so messages instead were left.

35. At around 1:00 p.m., Mariluz was finally able to reach Mr. Lee. Mariluz asked Mr. Lee what happened to the documents regarding the loan workout which were faxed to his office on three (3) different occasions.

36. Mr. Lee said he does not have an obligation to contact Plaintiff, Mariluz or Ian.

COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY
OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES

37. Mariluz told him that she had requested that the trustee's sale be postponed and that Mr. Lee had assured them that they did not need it postponed at all.

38. Mr. Lee further told them that he did all he could.

39. At 2:00 p.m. of that same day, the Trustee's Sale of the Subject Property pushed through and the winning bidder as alleged above was Defendant Residential Funding.

### ALLEGATIONS IN SUPPORT OF CAUSES OF ACTION FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS FEES

40. The foregoing material averments are hereby incorporated by reference.

41. Plaintiff and her family had detrimentally relied on the clear and unambiguous assurance of Mr. Lee of Defendant GMAC that the sale of November 20, 2012 had been postponed in that they opted to forego taking the necessary and appropriate legal steps to protect their interests in the Subject Property and legally prevent the sale from taking place by either applying with the court for a temporary restraining order and/or preliminary injunction, applying for relief under the Bankruptcy Code or other available remedies provided for under the law.

42. Plaintiff's reliance was reasonable and foreseeable.

43. By the time Plaintiff and her family learned on November 20, 2012 that the Trustee's Sale had not been postponed and that it was actually pushing through as scheduled, it was already too late for Plaintiff to avail of legal relief.

44. Plaintiff has performed all of her obligations under the agreement which was to submit the loan workout documents for evaluation by Defendant GMAC.

45. Defendants, and each of them, had breached the promise by proceeding with the trustee's sale on November 20, 2012 which they were estopped from doing due to promissory estoppel.

7

46. As a direct and proximate result of Defendants' breach of the agreement, Plaintiff suffered damages due to the loss of her home at the Trustee's Sale in an amount to be proven at trial of no less than $1.2 million.

47. Injustice can only be avoided by enforcement of the promise not to push through with the trustee's sale.

48. Defendants are believed and thereon alleged to have acted in bad faith to prevent Plaintiff from saving her property which Defendants were eager to acquire since the property has substantial equity.

WHEREFORE Plaintiff prays for judgment against Defendants as follows:

1. To annul the trustee's sale held on November 20, 2013 and restore Plaintiff's ownership of the Subject Property;

2. For damages in favor of Plaintiff in an amount to be determined at trial;

3. For pre-judgment interest on any recovery by Plaintiff;

4. For expenses of suit incurred herewith;

5. For reasonable attorneys' fees; and

6. For such other relief as the Court may deem just and proper.

Dated: January 28, 2013

Errol J. Zshornack
Attorney for Plaintiff
MARTHA S. PANASZEWICZ

COMPLAINT FOR WRONGFUL FORECLOSURE DUE TO PROMISSORY ESTOPPEL, RECOVERY OF OWNERSHIP, DAMAGES AND ATTORNEYS' FEES

# Exhibit "B"

ERROL J. ZSHORNACK, SBN 268940
ejzrlg@gmail.com
2000 Crow Canyon Pl. #330
San Ramon, CA  94583
Tel:    (415) 412-7479
Fax:   (650) 350-4277

Attorney for Plaintiff
MARTHA S. PANASZEWICZ

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| MARTHA S. PANASZEWICZ,<br><br>Plaintiff,<br><br>vs.<br><br>GMAC MORTGAGE, LLC;<br>RESIDENTIAL FUNDING COMPANY, LLC; AND DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. 3:13-cv-01162-MEJ<br><br>**NOTICE OF APPEAL TO NINTH CIRCUIT COURT OF APPEALS FROM ORDER DATED JULY 29, 2013 GRANTING DEFENDANTS' MOTION TO DISMISS; REPRESENTATION STATEMENT SIMULTANEOUSLY FILED HEREWITH** |

Notice is hereby given that MARTHA S. PANASZEWICZ, Plaintiff in the above named case, hereby appeals to the United States Court of Appeals for the Ninth Circuit from an order granting Defendants' motion to dismiss entered in this action on July 29, 2013 (Document 31).

Plaintiff's Representation Statement is attached to this Notice as required by Ninth Circuit Rule 3-2(b).

Dated: September 26, 2013         /s/ Errol J. Zshornack\_\_\_\_
                                  Errol J. Zshornack
                                  Attorney for Plaintiff
                                  MARTHA S. PANASZEWICZ

## **REPRESENTATION STATEMENT**

The undersigned represents Plaintiff-Appellant Martha S. Panaszewicz and no other party. Pursuant to Rule 12(b) of the Federal Rules of Appellate Procedure and Ninth Circuit Rule 3-2(b), Plaintiff-Appellant submits this Representation Statement. The following list identifies all parties to the action, and it identifies their respective counsel by name, firm, address, telephone number, and e-mail, where appropriate.

| PARTIES | COUNSEL OF RECORD |
|---|---|
| Plaintiff-Appellant Martha S. Panaszewicz | Errol J. Zshornack (SBN 268940)<br>2000 Crow Canyon Pl. #330<br>San Ramon, CA 94583<br>Tel. No.: (415) 412-7479<br>Fax No.: (650) 350-4277<br>ejzrlg@gmail.com |
| Defendants-Appellants GMAC Mortgage, LLC and Residential Funding Company, LLC | Mark D. Lonergan (SBN 143622)<br>Edward R. Buell, III (SBN 240494)<br>Kimberly A. Paese (SBN 258594)<br>SEVERSON & WERSON<br>A Professional Corporation<br>One Embarcadero Center, Suite 2600<br>San Francisco, CA 94111<br>Tel. No.: (415) 398-3344<br>Fax No.: (415) 956-0439<br>kap@severson.com |

Dated: September 26, 2013          /s/ Errol J. Zshornack
                                   Errol J. Zshornack
                                   Attorney for Plaintiff-Appellant
                                   MARTHA S. PANASZEWICZ

ROSALES DEL ROSARIO, P.C.
39-01 Main Street, Suite 302
Flushing, NY 11354
T: (718) 762-2953
John B. Rosario

*Counsel for claimant Martha Panaszewicz*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC., et al.,

Debtors.

Case No. 12-120-20 (MG)

Chapter 11
Jointly Administered

**CERTIFICATE OF SERVICE**

I, JOHN ROSARIO, being duly sworn, depose and state that:

I am not a party to this action, am over 18 years of age, and reside in Queens, New York.

I hereby certify that on March 18, 2015, I served a true copy of the CLAIMANT'S MEMORANDUM (Re: Claim No 7466) for Martha Panaszewicz by e-filing same with the United States Bankruptcy Court, Southern District of New York for delivery to the such parties in this instance as are registered to receive electronic copies and by mailing the same in a sealed envelope, with postage prepaid thereon, in a post office or official depository of the U.S. Postal Service within the State of New York, addressed to:

Gary S. Lee, Esq.
Norman S. Rosenbaum, Esq.
Jordan A Wishnew, Esq.
Meryl L. Rothchild, Esq.
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019


/s/ John Rosario
JOHN ROSARIO, ESQ.