MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**THE RESCAP LIQUIDATING TRUST'S SUPPLEMENTAL MEMORANDUM OF LAW IN SUPPORT OF ITS SEVENTY-NINTH OMNIBUS CLAIMS OBJECTION (PURPORTED ADMINISTRATIVE CLAIMS) SOLELY WITH RESPECT TO CLAIM NO. 7466 FILED BY MARTHA S. PANASZEWICZ**

The ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), established pursuant to the terms of the Chapter 11 Plan[1] confirmed in the Chapter 11 Cases, as successor in interest to the Debtors, hereby submits this supplemental memorandum of law, pursuant to the Court's direction stated on the record of the hearing on March 12, 2015, in further support of the *ResCap Liquidating Trust's Seventy-Ninth Omnibus Claims Objection (Purported Administrative Claims)* [Docket No. 7841] solely with respect to the claim of Martha S. Panaszewicz (the "<u>Objection</u>")

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection and the Reply (as defined herein).

ny-1180055

and the Liquidating Trust's related reply [Docket No. 8258] (the "Reply") and all declarations submitted in connection therewith. The Liquidating Trust respectfully represents as follows:

1. The Court requested the Liquidating Trust to provide authority in support of its position that serving the Bar Date Notice on the Claimant's counsel of record is legally sufficient to satisfy due process requirements and impart notice of the Administrative Claim Bar Date on the Claimant. This very issue was addressed in a decision in the *WorldCom* bankruptcy case. *See generally In re WorldCom, Inc.*, No. 02-13533-AJG, 2005 WL 3875192 (Bankr. S.D.N.Y. Oct. 27, 2005). In *WorldCom*, a creditor argued, among other things, that the debtor's service of the bar date notice was procedurally insufficient because it was delivered to the creditor's counsel who solely represented the creditor in the state court litigation that gave rise to the claim against the debtor. *See id.*, at *2.[2] Judge Gonzales held that "[i]n bankruptcy cases, . . . notice to an attorney who is representing a client in a claim against the debtor is generally proper." *Id.* (citing to *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d. Cir. 1985) and *In re Schicke*, 290 B.R. 792, 802-03 (B.A.P. 10th Cir. 2003) to support the proposition that a bankruptcy notice sent to a creditor's counsel, who is representing the creditor in a claim against the debtor, imparts notice of the bankruptcy to the creditor).

2. Similar to the creditor in *WorldCom*, the Claimant's connection to the Chapter 11 Cases stems from her state court cause of action against the Debtors. Also similar to *WorldCom* is the fact that the record of the non-bankruptcy action indicates that Mr. Zshornack "was aware of the fact that the Debtor[s] filed for bankruptcy protection and the resulting stay that was placed on a pending . . . appeal." *Id.* at *3. Therefore, Mr. Zshornack's active representation of the Claimant in her litigation against the Debtors, which evolved into her sole

---

[2] The *WorldCom* creditor further argued that because of counsel's limited representation, proper service would have been mailing the notice to the creditor itself. *See In re WorldCom, Inc.*, 2005 WL 3875192, at *2.

claim in the Chapter 11 Cases, "forms a sufficient nexus between the two proceedings that service upon [Mr. Zshornack] regarding [the Claimant's] claim in the bankruptcy case is proper." *Id.*, at *3; *see also Linder v. Trumps Castle Assocs.*, 155 B.R. 102, 103-04 (Bankr. D.N.J. 1993) (holding that debtor's delivery of bar date notice to claimant's personal injury attorney was sufficient to provide notice of the bar date to the claimant because of attorney's active representation of the claimant). Accordingly, the Liquidating Trust's service of the Administrative Claim Bar Date Notice on Mr. Zshornack is legally sufficient from a due process standpoint and provided proper notice to the Claimant of the Administrative Claim Bar Date.

WHEREFORE, the Liquidating Trust respectfully submits that the Objection should be sustained and the Claimant be barred from asserting any claims against the Debtors' estates and from seeking leave to file a late proof of claim.

Dated:  March 19, 2015
       New York, New York

/s/  Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*