**Hearing Date: March 31, 2015 at 10:00 a.m. (ET)**

| | |
|---|---|
| MORRISON & FOERSTER LLP<br>250 W. 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>James A. Newton<br><br>*Counsel for the ResCap Borrower*<br>*Claims Trust* | REED SMITH LLP<br>Three Logan Square<br>Suite 3100<br>Philadelphia, Pennsylvania 19013<br>Telephone: (215) 851-8100<br>Facsimile: (215) 851-1420<br>Barbara K. Hager *(admitted pro hac vice)*<br><br>*Litigation Counsel for the ResCap Borrower*<br>*Claims Trust* |

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

# THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN FURTHER SUPPORT OF OBJECTION TO PROOF OF CLAIM NO. 5257 FILED BY KENNETH TAGGART

ny-1179873

The ResCap Borrower Claims Trust (the "**Borrower Trust**"), established pursuant to the terms of the Plan[1] in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this reply (the "**Reply**") and the Supplemental Declaration of Lauren Graham Delehey (the "**Supplemental Declaration**"), attached hereto as <u>Exhibit 1</u>, to the response filed by Kenneth Taggart [Docket No. 8177] (the "**Response**") to the *ResCap Borrower Claims Trust's Objection to Proof of Claim No. 5257 Filed by Kenneth Taggart* [Docket No. 7847] (the "**Objection**") and in further support of the Objection. The Borrower Trust respectfully states as follows:

## REPLY

1.  The Response does little more than restate certain of Claimant's prior allegations. Indeed, the bulk of the Response requests that the Court now redesignate the Taggart Claim as a claim against GMAC Mortgage and deem the Taggart Claim amended to reduce the amount asserted by 99% and withdraw the Taggart Claim "without prejudice" with respect to more than twenty causes of action asserted in three separate prepetition lawsuits. Although the Borrower Trust believes that Claimant's request to have the Taggart Claim deemed amended is improperly presented and unsupported,[2] the Borrower Trust agrees that the original scope (and even the purported revised scope) of the Taggart Claim was massively overstated and that the scope of the parties' dispute should be much more circumscribed. To facilitate the Court's adjudication of

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

[2] *See* Fed. R. Bankr. P. 9013 (requiring any request of an order to be made by motion except when an application is permitted by the Bankruptcy Rules or if the request is made during a hearing); Fed. R. Bankr. P. 9014 (requiring a motion, notice and an opportunity to be heard in connection with any contested matter not otherwise governed by the Bankruptcy Rules).

ny-1179873

the Objection, the Borrower Trust has no objection to the Court's limiting its review to ten claims asserted in the Counterclaim that Claimant filed in the Foreclosure Action.

2. As set forth in the Objection and recognized by Claimant in his Response, the crux of Claimant's allegations relate to an alleged breach of contract stemming from GMAC Mortgage's temporary placement of lender placed insurance, through a vendor, after Claimant failed to timely respond to two letters requesting proof of coverage. *See* Objection ¶¶12-18. The Borrower Trust respectfully submits that this breach of contract claim should be the Court's focus. To the extent that the Court deems the scope of the Taggart Claim limited per Claimant's Response, then the remaining causes of action are fully addressed in the Objection.

3. In addition to requesting an amendment of the Taggart Claim after the Borrower Trust was forced to respond to more than 30 alleged causes of action, the Response contains several unsupported allegations that also merit a response. First, the Response incorrectly states that GMAC Mortgage charged Claimant for lender placed insurance and has not adjusted Claimant's escrow charges to reflect cancellation of the lender placed insurance policy. *See* Response at 3. As demonstrated in the Objection, while GMAC Mortgage and its vendor obtained lender placed insurance covering the Property temporarily, they did so only after sending two letters to Claimant warning of the impending placement should he fail to promptly provide evidence of insurance. *See* Objection ¶¶15-16. Moreover, GMAC Mortgage and its vendor responded promptly to Claimant's inquiries regarding the issue and quickly refunded Mr. Taggart nearly $7,000 after he provided evidence of insurance during a portion of the period requested. *See* Objection ¶¶17-20.

4. Claimant was already making his monthly mortgage payments late for several months prior to April, the first month in which his monthly mortgage statement included the

lender placed insurance charges (*see* Objection ¶ 19), and despite GMAC Mortgage's prompt response to Claimant's inquiry regarding the amount of his April 2009 payment – made more than three weeks after its due date – Claimant thereafter failed to make any further monthly mortgage payments. *See* Delehey Decl. ¶ 18.

5.     Claimant also contends that his tax bills were being paid some six months "too soon," causing an escrow shortage. Response at 3. This argument fails for at least three reasons. First, Claimant's own exhibit demonstrates that his claims are false. In fact, nearly all of the taxes identified by Claimant were paid approximately three months or less prior to their final due dates. *See* Response Exhibit C, at 1-2. Claimant cites to no contractual provision dictating the timing of property taxes payment, nor does he provide any legal support for his claim. Second, the exhibits to Claimant's own Response demonstrate the reason for the timing of GMAC Mortgage's payment. As Exhibit C to the Response demonstrates, GMAC Mortgage paid the property taxes during a time period when it would receive a discount to the face amount of the tax bill – a discount that would inure directly to the benefit of Claimant through reduced escrow charges. This approach was consistent with GMAC Mortgage's general practice (*see* Supp. Decl. at ¶ 3), ensured that Claimant would receive the benefit of any available discounts, and also avoided claims from borrowers that the servicer should have paid the taxes at an earlier date in order to capture a discount for the benefit of the borrower. Finally, because estimated yearly tax payments were paid by borrowers in monthly installments (as part of the escrow portion of the respective borrower's monthly mortgage payment amount) throughout the year as part of the escrow portion of their monthly payment, and not in a lump sum, the timing of GMAC Mortgage's payment of the taxes would have had no material effect on a borrower's monthly

3

ny-1179873

payment, except to the extent that GMAC Mortgage obtained a discount that inured directly to the benefit of the borrower.  *See* Supp. Decl. at ¶ 4.

6. In sum, the Response does little more than reiterate prior allegations made by Claimant and narrow the scope of the dispute before the Court.  For the reasons set forth in the Objection, each of Claimant's alleged claims, including his breach of contract claim, should be disallowed and expunged, and nothing in the Response alters this outcome.

WHEREFORE, the Borrower Trust respectfully submits that the relief requested in the Objection should be granted in its entirety.

Dated: March 23, 2015

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton
MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*

-and-

Barbara K. Hager *(admitted pro hac vice)*
REED SMITH LLP
Three Logan Square
Suite 3100
Philadelphia, Pennsylvania 19013
Telephone:   (215) 851-8100
Facsimile:   (215) 851-1420

*Litigation Counsel for the ResCap Borrower Claims Trust*