**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

### SUPPLEMENTAL DECLARATION OF LAUREN GRAHAM DELEHEY IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO PROOF OF CLAIM NO. 5257 FILED BY KENNETH TAGGART

I, Lauren Graham Delehey, declare as follows:

1. I submit this supplemental declaration in further support of the *Borrower Claims Trust's Objection to Proof of Claim No. 5257 Filed by Kenneth Taggart* [Docket No. 7847] (the "**Objection**").[1]

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3. It is my understanding that property tax invoices in some counties and states contain multiple "due dates." In these instances, a borrower or its mortgage servicer, as appropriate, is given the opportunity to make the property tax payment by one or more of the

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Objection. A summary of my background and qualifications was provided in my original declaration in support of the Objection, attached as Exhibit 2 thereto.

ny-1180309

earlier "due dates" and to receive a discount to the face amount of the property tax or to make payment by the final due date in the invoice's face amount. I understand that in the ordinary course of its business, GMAC Mortgage generally paid property taxes associated with borrower loans, during a time period when such payment would result in a discount to the face amount of the tax invoice.

4. Additionally, I am not aware that the timing of GMAC Mortgage's payment of taxes would have any material effect on the escrow portion of a borrower's monthly mortgage payment amount, except to the extent that GMAC Mortgage's early payment of property taxes may have resulted in a reduction in the required tax payment from the face amount of the property taxes. In connection with GMAC Mortgage's periodic escrow analyses regarding certain of the loans that it serviced, including the Loan, GMAC Mortgage estimated the anticipated yearly property taxes that were expected to come due during the year following the escrow analysis date. Estimated tax payments were then paid by the borrower in monthly installments (as part of the escrow portion of the respective borrower's monthly mortgage payment amount) throughout the year. As a result of the spreading of tax payments throughout the year, the timing of GMAC Mortgage's payment of taxes generally had little or no effect on the amount of the escrow portion of a borrower's monthly mortgage payment amount.

*[remainder of page intentionally left blank]*

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 23, 2014

          /s/ Lauren Graham Delehey
Lauren Graham Delehey
Chief Litigation Counsel for the
ResCap Liquidating Trust