original

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF NEW YORK

RECEIVED
MAR 23 2015

March 19th, 2015

In re: )

RESIDENTIAL CAPITAL, LLC, et al., )

Debtors. )

)

Case No. 12-12020 (mg)

Chapter 11

Jointly Administer

**Motion to Reargue and Reconsider; Order sustaining partial objection to Claim 4222, filed by Todd Silber.**

With all due respect, I humbly ask his Honor to reconsider his order, sustaining the Trust objection to "false representation of fact, Fraud and Defamation". As well as the actual basis of argument surrounding CHFA/EHLP.

I apologize if I am reading the order filed March 9th. 2015, specifically section C part 6, incorrectly. However, it reads to me as if the EHLP program is being looked on as if it was part of the Connecticut mediation process, as well as the complaint is being limited by if it violated federal guidelines, and such violation would constitute a breach.

---

6 Silber also argues that GMACM failed to participate in the mediation sessions in good faith and that GMACM provided inaccurate financial figures to the CHFA in connection with his EHLP assistance application, wrongfully placing his loan outside the EHLP's restrictions. The Court sustained the Objection to the mediation related allegations above. The Court OVERRULES the Objection to the CHFA-related allegations without prejudice due to disputed issues of fact with respect to GMACM's compliance with certain federal guidelines in the loan modification review of Silber's loan, as discussed more fully below, and the issue of whether the purported inaccurate reporting to state law agencies would constitute a breach of applicable guidelines.

---

I have read and understand His Honors sustained order to the objection in regards to complaints relating to complaints that happened during mediation.

"(Id.) Although Connecticut courts require parties to participate in court-ordered mediation in good faith, Connecticut law, or more specifically the Connecticut statute outlining Connecticut's foreclosure mediation program, does not give rise to a private right of action to the extent a party does not act in good faith."

However, CHFA's EHLP program had no direct connection to the Connecticut mediation process or foreclosure action. My arguments in regards to EHLP/CHFA were not based on anything said during a loss mitigation review conducted by GMAC, nor did my complaints in regards to false representation of Fact in regards to CHFA/EHLP stem from any action or lack of action during the Connecticut mediation process or the foreclosure action. I apologize if I did not make this clear in my arguments. In short, EHLP was not a program offered in direct relationship with Connecticut mediation, nor a program offered through loss mitigation/GMAC or the Superior court. It is a stand-alone program offered by the State of Connecticut's housing authority. **(EXHBIT A)**

*** **Wherefore,** I humbly request the complaint in regards to EHLP, should not be hindered or disregarded due to Connecticut's restrictions of action stemming from any wrong doing during mediation.

CHFA is not a federal entity in the traditional sense, while CHFA does associate and enforce/oversee guidelines with HUD and FHA. CHFA is more of a state entity and its EHLP program was offered to Home Owners who were behind on their mortgage in Connecticut. It was not a "Loss mitigation" program like HAMP or FHA-HAMP. And Applications were not sent to GMAC for them to review. The application and underwriting is done by CHFA.

****Wherefore,** I humbly request the complaint in regards to EHLP, should not be limited as to whether or not there was a breech in Federal Guidelines or a breech in contract, but should also stand-alone from facts revolving around the complaint of false representations.

CHFA, Connecticut Housing Finance Authority, sent an application to me to apply for the EHLP program/Loan. I in return filled out the application and sent it back to CHFA. During their underwriting and review process CHFA required information from GMAC on or around August 25th 2011, specifically the past due amount on the mortgage **(EXHIBIT B).** GMAC provided CHFA with inflated/inaccurate/incorrect financial figures. This resulted in me being terminated from participating in the EHLP program as well as programs that were available after EHLP completion.

GMAC provided me with very different figures on or about August 12th 2011. **(EXHIBIT D).** While these figures do say there are additional attorney fees, they make no mention of other fees. Furthermore the figures provided to me at that time were still sufficient in approval of the EHLP program, and required no further action from myself (As in paying any amount to GMAC in order to stay under the $50,000 limit of the EHLP program)

A) CHFA required information from GMAC, regarding my past due amount on my mortgage.
B) GMAC provided inaccurate facts and financial figures to CHFA, which were severely inflated from what they had already said approx. 13 days prior. The inaccurate figures, given from GMAC to CHFA, resulted in me to be terminated from participating in the EHLP program. (With $50,000 being the max amount of the Loan, With inaccurate figures provided by GMAC the total was $50,494.XX)
C) I acted, or rather did not have to act on the figures provided by GMAC to me. And CHFA acting on the figures provided to them, resulted in termination from participation. It should be said,



the EHLP program application deadline was on Sept 1st 2011 (EXHBIT A). So there was no opportunity to fix the error, as by the time the underwriting was done the CHFA/HUD funds for this program/loan had been delegated and expunged.

D) The EHLP program/loan, offered from CHFA, would have brought my mortgage current by paying off the past due amount, taking me out of foreclosure, as well as assisted with monthly mortgage payments for at least 6 months, with the possibility of more.

E) Upon completion of the EHLP program, I could/would have been eligible to participate in further CHFA programs which would have allowed me to refinance my house with a local Bank, to a much lower interest rate, different terms, and most importantly get me away from GMAC as my servicer/lender.

I have established and provided an argument that complies with all requirements in a False Representation action.

1) False representation was made as a statement of fact
2) That it was untrue, and made to a third person in regards to me. Furthermore GMAC knew what the correct figure was, as the Trust Objection to my claims shows **(EXHBIT C)** and still provided inflated/inaccurate figures to CHFA's request.
3) It was indeed published to a third person and I relied on the information that was to be provided.
4) The Third person acted on the information provided to them. And I as well acted or did not have to act on the very different figures provided to me.
5) I suffered injury due to the false representation/statement.

***__Exhibit B__ shows a breakdown of what CHFA requested from GMAC. The base bracket requires "past due amount less fees". GMAC added the past due amount, and its entire fee's, as well as added Septembers payment when it was indeed not even due yet, let alone past due. **EXHIBIT C**, which is page 12 from the Plaintiffs Objection to my claims, related document 7979, shows a breakdown of what they claim was past due. Specifically it shows they had knowledge of what the past due amount, less fees, truly was (20 payments of $1990.80, less $1750 credit, totaling $38,066). While my position is, all the fees are not accurate and most cannot be explained, and have never been itemized or explained in detail, this is why GMAC just added them in the "total less fees", avoiding having to itemize and justify the unexplained fees/charges in detail to CHFA, or myself. The Exhibits attached to this document show GMAC provided CHFA with inaccurate figures, when they provided the incorrect amount of what was past due, less fees at the time. Please remember I was $494 over the $50,000 loan limit. This deserves to be looked at, please. I did not miss the program by Thousands, after GMAC provided figures I was a mere $494 over when in fact I should have been well below $50,000. If GMAC made me aware of these additional figures when I asked for a reinstatement total approx. 2 weeks prior I would have simply paid the $494 or whatever, and would have never even been aware of the troublesome additional fees.

Wherefore I humbly request his Honor to reconsider his order, sustaining the Trusts "Objection to False Representation of fact; Defamation and Fraud" in regards to the EHLP program offered by CHFA.

Furthermore, I apologize for requiring clarification; is the false representation of fact made to CHFA in regards to the EHLP program also to be heard under the CUPTA claim? Your Honors recent memorandum opinion and order seems to restrict any complaint/claim in regards to the EHLP program in association to certain federal guidelines or contractual obligations. **6

Thank you for your consideration.



Todd Silber

3/19/15

73 farnham Rd.

South Windsor Ct. 06074

860-922-4156

I certify the above to be accurate and true to the best of my knowledge under perjury.

3/19/2015

**Certification.**

I certify a copy of this document has been sent to all parties involved in my claims, listed within the Trust original objection to my claims.



3/19/15
Exhibit A
1-4

# Federal Emergency Homeowners' Loan Program

### Overview

The Federal Emergency Homeowners' Loan Program (EHLP) provides assistance to eligible Connecticut homeowners who are 90 days or more delinquent with their first mortgage payment as a result of having suffered a loss of income due to unemployment, underemployment or suffered adverse economic conditions resulting from a medical emergency or serious injury. Utilizing federal funds, eligible homeowners are given a mortgage assistance loan to pay mortgage arrearages, delinquent taxes, homeowners insurance, condominium fees and foreclosure related legal fees as well as assist with monthly mortgage payments for up to 24 months or $50,000 whichever comes first. The assistance is provided as an interest free forgivable mortgage loan as long as the borrowers continue to reside in the property and pay their first mortgage on time.

The EHLP program is available on a first come, first serve basis for a limited time.

Follow the links below for more information regarding the Emergency Homeowners' Loan Program. m

- Who can apply for a Emergency Homeowners' Program loan?
- How does the EHLP Program work?
- What types of mortgages does the Emergency Homeowners' Loan Program assist with?
- What types of property are eligible for an Emergency Homeowners' Program Loan?
- What is the maximum monthly assistance you can receive under the Emergency Homeowners' Loan Program?
- Do you have to repay the Emergency Homeowners' Program loan?
- What else should you know about an Emergency Homeowners' Program loan?
- How do you apply for an Emergency Homeowners' Program loan ?
- Questions? Contact CHFA.
- Additional information

**NOTE: the deadline to apply for the Federal Emergency Homeowners Loan Program was September 1, 2011.**

### Who can apply for a Emergency Homeowners' Program loan?

Generally, EHLP assists Connecticut homeowners who are facing foreclosure, are at least 90 days delinquent on their mortgage payments. (Homeowners interested in applying for this Program should contact the CHFA Customer Call Center at 877-571-CHFA (2432) because EHLP has some technical requirements).

**Income Thresholds**
Eligible homeowners' current household income must be equal to or less than 120 percent of the Area Median Income (AMI) adjusted for household size for the City/Town where their principal residence is located. Household income includes wages, salary, and self-employed earnings and income of all adult members of the household. Please click the Emergency Homeowners' Program Income Limits link below for more information.

**Significant Income Reduction**
Eligible homeowners must have a current yearly gross income that is at least 15 percent lower than their income at the time they became unemployed, underemployed or suffered from a medical emergency or serious injury.

**Principal Residence**
Eligible homeowners must reside in the mortgaged property as their principal residence. The mortgaged property must also be a single family residence (1 to 4 unit structure or condominium unit). Please note that no business or commercial use of

2-4

the property is allowed.

- **Ability to Resume Repayment**
  Eligible homeowners must have a reasonable likelihood of being able to resume repayment of the first mortgage obligation and meet other housing expenses and debt obligations within 2 years as determined by CHFA.
- **Loan Terms**
  EHLP loans carry 0% interest and will be entirely forgiven five years after monthly assistance ends as long as the borrowers continue to reside in the property and pay their first mortgage on time.

---

## How does the EHLP Program work?

Approved EHLP borrowers receive financial assistance to bring their first mortgage payments up to date plus monthly assistance for up to two years. CHFA determines how much the borrower can afford to pay each month for their mortgage, taxes, insurance and homeowner association dues if applicable. The EHLP Program provides monthly assistance to cover the difference between the amount the borrowers can afford to pay and the monthly mortgage payment. The borrowers send CHFA their monthly contribution. CHFA combines the monthly contribution with the monthly assistance from the EHLP Program to make the payments on the borrowers' first mortgage.

---

## What types of mortgages does the Emergency Homeowners' Loan Program assist with?

First mortgages on an eligible borrower's primary residence, including mortgages that are FHA insured, are eligible for EHLP.

---

## What types of property are eligible for an Emergency Homeowners' Program Loan?

Properties eligible for the Emergency Homeowners' Loan Program are homes secured with both FHA and non-FHA insured mortgages that are facing foreclosure due to the borrower's financial hardship resulting from unemployment, underemployment, medical condition or serious injury.

To be eligible, the property secured by the mortgage must be the primary residence of the applicant and not be recreational, vacation, investment, commercial or rental property. No part of a home eligible for this loan may be designed for commercial purposes.

In addition, the property must meet one of the definitions listed below:

- Single-family home
- Two- to four-family home, as long as the borrower is an owner-occupant of one of the units
- Condominium

---

## What is the maximum monthly assistance you can receive under the Emergency Homeowners' Loan Program?

Only homeowners eligible for monthly assistance under the terms of the program will be eligible for assistance under the EHLP program. EHLP program funds are not available to assist homeowners with arrearages only.

- The maximum total amount of assistance is $50,000 per household.
- Assistance with monthly mortgage payments may be provided for 12 months which can be extended if necessary for an additional 12 months for a maximum of 24 months of assistance. Monthly mortgage payments must include escrows for property taxes, hazard insurance, and flood insurance, if applicable.
- Homeowner contribution to monthly first mortgage loan payments will be set at 31 percent of gross income at the time of application, but in no instance will it be less than $25 per month.
- The amount of monthly assistance is the dollar amount necessary to satisfy the homeowner's first mortgage loan

A 3-4

payment in excess of the required homeowner contribution toward their first mortgage loan payment.

**Termination of Monthly Assistance**

Assistance is terminated and the homeowner resumes full responsibility for meeting the first mortgage loan payments in the event of any of the following circumstances:

- After 24 months or the maximum loan ($50,000) amount has been reached whichever occurs first;
- The homeowner fails to report changes in income or employment status;
- The homeowners' household income is restored such that the first mortgage payment (Principal, interest, taxes and insurance escrows) is less than 31% of the monthly aggregate household income.
- The homeowner no longer resides in, sells, or refinances the debt on the mortgaged property; or The homeowner defaults on their required contribution to CHFA toward the first mortgage loan payment.

---

## Do you have to repay the Emergency Homeowners' Program loan?

FEHLP loan terms allow for a declining balance during the five years immediately following the final assistance payment (the five year repayment period) made on behalf of a homeowner who has successfully completed participated in the program. No payment is due on the note during the 5 year term so long as the assisted household maintains the property as principal residence and remains current in his or her monthly payments on the first mortgage loan. If the homeowner meets these two conditions, the FEHLP loan balance shall decline by twenty percent (20%) annually.

**Events Triggering Note Repayment:**

The homeowner will be responsible for repayment of the applicable balance of the FHELP note to CHFA or its successor, if, at any time during the five year repayment period, any of the following events occur:

- The homeowner no longer resides in the mortgaged property as a principal residence, but maintains ownership;
- The homeowner defaults on its portion of the current mortgage; or
- The homeowner receives net proceeds from selling or refinancing debt on the home.

---

## What else should you know about an Emergency Homeowners' Program loan?

**Income Re-evaluation**

After initial income verification at application intake, the homeowner shall be required to notify CHFA of any changes in the household income and/or employment status at any point throughout the entire period of assistance and must provide financial documentation for re-evaluation no less than 12 months from the initial approval when requested by CHFA.

---

## How do you apply for an Emergency Homeowners' Program loan ?

Homeowners may start the application process in any one of the following three ways:

1. Contact CHFA's Customer Call Center at 877-571-CHFA (2432) which will assess your initial program eligibility and provide guidance through the next steps in the EHLP application process;
2. Contact one of CHFA's approved foreclosure prevention housing counseling agencies to apply (Please click on the link below for details);
3. Attend one of CHFA's housing fairs to apply (Please click on the link below for details).

---

## Questions? Contact CHFA.

4-4 (A)

Please contact CHFA's Customer Call Center.

**Phone:** (877)571-2432 or (860)571-3500

**Mailing Address:**

Connecticut Housing Finance Authority
Attn: CHFA Call Center
999 West Street Rocky Hill, CT 06067

---

## Additional information

The following documents are related to the EHLP Program. To open and view the document, click on the document title.

Found: **0** matches Displaying: **0 - 0**

### Related Documents

| File | Size | Type |
|---|---|---|

There are no items to show in this view.

| File | Size | Type |
|---|---|---|

Found: **0** matches Displaying: **0 - 0**

Reinstatement figure from GMAC Mortgage, LLC

3/19/15
Exhibit
B
CDF Records - 0066FP
I - Initial Submission - 08/18/2011
I - Initial Submission - 08/18/2011
V - Validation - 08/26/2011
V - Validation - 08/26/2011
Charged Twice
47,784
Should of been 20 Payments
No Fees
Charges Fees Twice
Arrearge
Contractual obligations
CHFA -
Audit Past Due
See Letter From
CHFA - Concerning EHLP
20 payments 39816.00
Past Due Less Fees = 39816.00
Alledged Fees' Inspection 112.50
Advances 1577.30
Outstanding Foreclosure Advances 1991.00
+1 Payment Sept 25th 1990.80
1750

| Field | Value |
|---|---|
| Transaction Date | 08/26/2011 |
| Program Type | U |
| Lender Loan Number | 602198843 |
| Next Due Date | 01/01/2010 |
| Total Past Due Less Fees | 43736.80 |
| Reinstatement Through Date | 09/25/2011 |
| Next Due PI Amount | 1496.88 |
| Next Due Tax Amount | 342.68 |
| Next Due Insurance Amount | 151.24 |
| Next Due HOA/Misc Amount | 0.00 |
| Next Due Escrow Overage/Underage | 0.00 |
| Next Due PITIA | 1990.80 |
| Scheduled Foreclosure Sale | N |
| Scheduled Foreclosure Sale Date | |
| Active Bankruptcy | N |
| Maturity Date | 12/01/2038 |
| Client Designation | |

3/19/15 Exhibit C

32. On or around May 31, 2011, the Debtors received an email from an attorney asking if the Debtors would allow the Claimant to reinstate the account at a lesser amount. See Priore Declaration ¶ 25. The Debtor advised that it would waive late charges and inspection fees totaling $1,591.72 and would reinstate the loan if the Claimant brought the account current. See id. However, Claimant did not bring the account current, and as a result, the Debtors could not reinstate the loan. See id.

33. On August 25, 2011, the Debtors provided the Connecticut Housing Finance Authority ("CHFA") with a quote for the amount needed to reinstate the loan in order for it to qualify the Claimant for the Emergency Homeowners' Loan Program (EHLP). See Priore Declaration ¶ 26. This included 20 past due payments of $1,990.80 each, the payment due for September 1, 2011 ($1,990.80), inspection fees of $112.50, advances of $1,577.30, and outstanding foreclosure advances of $1,991.00, as well as a deduction for an unapplied credit on the account of $1,750.80, for a total [illegible]. See id. On September 22, 2011, the Claimant's application under EHLP was denied because "[t]he maximum loan amount available is insufficient to reinstate the current mortgage and provide the monthly assistance required for a minimum of six months. The applicants' current aggregate household income is insufficient to cover the housing expense after reinstatement." See Statement of Credit Denial, Termination, or Change, attached as Exhibit J to Motion to Re-Argue (defined below).

34. On or around February 23, 2012 and March 8, 2012, the Debtors sent letters to the Claimant informing him of loan modification options. See Priore Declaration ¶ 27. On March 9, 2012, the Debtors mailed the Claimant a letter offering a meeting with a HOPE representative to discuss possible workout options. See id. The Debtors' records do

ny-1159968

Did



| | |
|---|---|
| Principal Balance | $234,176.00 |
| Interest from 12/1/2009 to 8/9/2011 @ 6.5% APR | $26,637.45 |
| Expense Advance | $1,577.30 |
| Escrow | $9,443.53 |
| Fees | $90.00 |
| Pre-Acceleration Late Charges | $398.15 |
| Suspense Balance | ($1,750.80) |
| TOTAL: | $270,571.63 |

12. The interest rate as of the date of this Affidavit is 6.5% per annum.

13. The Per Diem rate of interest after 8/9/2011 is $42.28.

14. Plaintiff is the holder of the Note and Mortgage.

15. Plaintiff has been forced to incur attorney's fees and costs to collect this indebtedness.

16. Plaintiff has satisfied any and all conditions precedent to enforcing this instrument.