## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Brian Herbert Wilson, Esq. No. 37237 Colorado
Wilson Law Office P.C.
43 Bulldogger Ct. Bailey, CO 80421
*As - Creditor Representative*

Creditor:
Ken Dlin

RECEIVED

MAR 1 7 2015

U.S. BANKRUPTCY COURT, SDNY

| | |
|---|---|
| In Re: | ) |
| | ) |
| Residential Capital, LLC. Et al., | ) |
| | ) |
| Debtors, | ) |

Case No. 12-12-2- (MG)

Chapter 11

Jointly Administered

---

## MOTION FOR RELIEF FROM THE AUTMATIC STAY UNDER 11 U. S.C. § 362

---

PLEASE TAKE NOTICE that Creditor Ken Dlin, by and through Creditor Counsel, herby

moves this court for an entry of Order Pursuant to 11 U.S.C. § 362(d)(1) and (2) and Bankruptcy

Rule 4001, for an Order proposed form of which is attached herewith, terminating or

alternatively modifying the automatic stay imposed as to Debtor GMAC Mortgage, LLC

("Debtor") pursuant to 11 U.S.C. §362 to permit his counter suit in Jefferson County District

Court, Case number 2011  CV 2611, (GMAC v. Kenneth Dlin) currently pending in Jefferson

County District Court, in Colorado.  The proceeding was commenced in April of 2011, initially

in County Court, the matter was moved to District Court based on Mr. Dlin's Counter suit

against GMAC.  The Movant requests that the matter set for March 31st also permit the moving

parties motion to be considered, the hearing is the Omnibus Objection set on March 31$^{s.}$ 2015, at

10:00 a.m. (prevailing eastern time) before Honorable Martin Glenn, at the United States

Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House,

One Bowling Green, New York, New York. 10004 room 501Defendant,GMACM.


## PARTIES AND JURISDICTION

1.    Debtors filed for bankruptcy protection with United States Bankruptcy Court under

Chapter 11 on May 14th 2012 and Creditor Ken Dlin filed a proof of claim through his

representative with the United States Bankruptcy Court on the 8th of November 2012.


## GENERAL STATEMENT OF ALLEGATIONS OF BREACH, FRAUD AND

## COUNTER CLAIMS AT BAR IN A NON-BANKRUPTCY FORUM

The claimant Mr. Ken Dlin, by and through his representative, filed a proof of claim on the basis

of a wrongful foreclosure on the subject property located in Jefferson County Colorado. The

Proof of Claim was timely and constituted a prima facie evidence that GMACM was responsible

to the Creditor for economic harm. GMACM objects to the claim on the basis that they are not

liable for the injury. However, the Creditor Dlin argues that the claims arise in both Contract

and Tort. The Torts committed are the primary reason for the economic injury. The Creditor

asks the Court to consider the fact that Mr. Dlin was stripped of his right to have his day in

Court. Accordingly, Creditor / Movant Dlin states as follows in support of his Motion to lift stay,

that the following are claims that have yet to be decided in the Non-Bankruptcy forum:


## COUNT 1- Deceptive Trade Practice and Fraudulent Conduct:

2.       Creditor Dlin contacted GMACM in September of 2008 to inquire into a loan
modification. (See Affidavit, Exhibit 1 attached to this motion).  Creditor was told by the
agent with GMACM that he was current on this loan payment and that nothing could be
done to help him.  Creditor contacted GMACM one month later to inquire into the
possibility of a loan modification.  On the second inquiry, the agent with GMACM
explained that he was current on his mortgage payments and that nothing could be done
to help him.

3.       Creditor Dlin inquired as to a loan modification in November of 2008, the loan agent
with GMACM specifically instructed Mr. Dlin to go into default to qualify for a loan
modification.  (See Exhibit 1 ¶ 1).

4.       Creditor Dlin stopped making payments under the direction of the GMACM specialist
and was in default beginning the month of December through the month of March 2009.
He was then told by the GMACM specialist that he needed to be in default for 3 months
before they could offer the loan modification.

5.       Creditor Dlin contacted the loan modification department in March of 2009 to inquire
into a loan modification.

6.       In March of 2009, GMACM offered a loan modification to Creditor Dlin. That loan
modification actually increased the monthly payment. (See Exhibit 1 ¶ 2). Upon receiving
the loan modification, Mr. Dlin started paying the increased monthly payments hoping
that GMACM would find and correct the error causing the increased premium.

7.       On July 28th 2010, GMAC foreclosed on the subject property located at 3431 Welch Ave.
Kittredge CO.  This in spite of repeated assurances from representatives of GMAC that if

the Creditor Dlin was in default, a loan modification would be offered to help the
beleaguered borrower and help him keep his home, the opposite occurred. .

8.    It should be noted, that GMACM attempted to have Mr. Dlin removed from the home by
way of a forcible entry and detainer action filed in Jefferson County Court. On the 17th of
April 2011, Mr. Dlin filed a counter suit for wrongful foreclose and other counts for relief
in Jefferson County, Colorado.  (The pleading is a part of the Court file).

9.    Trial preparations began including discovery procedures by both parties. (See Exhibit 3
Dlin Interrogatories).  A trial was scheduled in the matter in April of 2012, however,
negotiations were under way to settle the matter and respective counsels chose to vacate
the hearing date to further negotiate.

10.    Without revealing details in violation of confidentiality and under FRCP 408, it was
believed that a settlement had been reached in the matter on all issues and the case would
have been settled.

11.    On or about the 14th of May 2012, GMACM (Ally Bank) filed for federal bankruptcy
protection, putting a stay on any state court actions against the bank.


The Creditor Dlin was as a Counter- Plaintiff in state Court would have been able to have
his claim adjudicated and at the very least had his claims given justice.  Instead, due to
the protection of the Federal Court, Mr. Dlin, has been stripped of the right to seek a
redress of his grievance Wherefore, the Creditor Dlin, seeks the enforcement of claim
under the theory stated above and ask that he be given the right to have a hearing
conducted on the matter before this honorable Court.

## **COUNT 2 Wrongful Foreclosure:**

12.      Creditor Dlin contends that GMACM had defective foreclosure proceedings that were

based on a series of deceptions perpetrated by the now defunct GMACM. This allegation

was never tried in Court because this Honorable Court placed a stay on any proceedings

related to GMACM, however, Mr. Dlin believes that he should have that opportunity,

since he believes the long list of abuses by GMACM is both well documented and part of

the reason for the parent company to GMACM seeking bankruptcy protection. Creditor

Dlin incorporates the above paragraphs and factual allegations into this count.

13.      Creditor Mr. Dlin was injured by the wrongful foreclosure in several ways. First, Mr.

Dlin was foreclosed on wrongfully based on the promises of GMACM stripping him of

the rightful ownership of the real property in question. Mr. Dlin would never have been

late or behind if those promises were not made to him by GMACM with a reasonable

expectation of being truthful. If should be noted that prior to the prompting of the

GMACM representative to become delinquent, Mr. Dlin had been an excellent payer with

a perfect track record of paying the Mortgage on time. (See Exhibit 4, letter to GMAC

regarding hardship). Mr. Dlin relied upon the promises of GMACM, and those promises

turned out to be false, and the basis of the foreclosure.

14.      Second, due to the "coercions" on the part of the GMACM specialists, the refinance was

in fact greater than the original payment. Due directly to the promises of the GMACM

specialist, Mr. Dlin was placed into a position where he could not afford the loan work

out payment.

15.      Third, Mr. Dlin had a second mortgage with the mortgage holder Greentree. The Second

mortgage sued Mr. Dlin and won a judgment against him in the amount of over

300,000.00 (Three hundred thousand dollars). Mr. Dlin has suffered thousands of dollars of collection actions, court costs and garnishments due to the fraudulent foreclosure by GMACM.

16.    Fourth, Creditor Dlin has also spent thousands of dollars and hundreds of hours prosecuting the case against GMACM both in Federal Court and in the State Court in Jefferson County, CO.

17.    Together, the actions by GMACM first to suggest that a borrower should be in default to improve their position, and the subsequent foreclosure can only be outdone by the failure on the part of GMACM to act upon their final set of promises, to accept a short sale offer.


## COUNT 3- Failure to Act on Short Sale

18.    Creditor Dlin had to do something to protect his position with the house. Since the foreclosure was going forward, he contacted a short sale specialist in the Evergreen Colorado area to list the house and sell it if possible. (See Exh. 1 ¶ 3).

19.    Mr. Dlin used a well-respected short sale firm that specialized in the practice of selling distressed properties. In those discussions, GMACM explained that a short sale was not accepted. In fact, during the next 7 months following the default by Mr. Dlin, not a single offer was accepted. (Id at 3).

20.    Prior to the final foreclosure, the specialist with Short sale contacted GMACM on behalf of Mr. Dlin to inquire as to the amount that GMACM would accept for a short sale. (Id at ¶ 4). Weeks prior to the foreclosure, a short sale package was sent to GMACM for processing. In fact the foreclosure was held up in order to help this along. (Id at ¶ 4).

21.     GMACM knowing that a short sale offer was tendered and in process never the less foreclosed on the subject property.

## BACKGROUND FACTS

22.     The Creditor /movant is the previous owner of the real property located in Kittredge Colorado. As explained above in the answer to Omnibus Objection, the movant is merely seeking his day in court to try the facts of the case. Upon filing of the initial action for Forcible Entry and Detainer, (FED) Infra at § 11, Movant Dlin, filed counterclaims against the Debtor GMAC.

23.     Those Counter claims as listed above, Infra at § 4-24, have been held at bay due to the injunction of this Court. It should be noted, that a Final FED hearing is scheduled in the above referenced case in Jefferson County District Court for the 20th of March at 8:30 a.m. What is to be decided is the final possession of the real estate in the matter.

24.     Since the Creditor/movant has never had his day in court, it is manifestly unjust for the Debtor GMAC to benefit from bankruptcy protection and avoid the litigation the Creditor/Movant deserves.

## RELEIF REQUESTED

25.     As set forth above, the Movant asks the court to Lift the Automatic Stay provisions in order for the Creditor / Movant to have his day in court regarding facts, allegations and evidence needed to demonstrate the wrongdoing of the Debtor.

26.     The Creditor / Movant has not yet received any relief from stay previously in this matter or any other matter in a Non-Bankruptcy forum.

27.    This Court has broad discretion to grant relief from stay, including an order terminating,

annulling, or modifying or conditioning cause for stay under 11 U.S.C. § 362(d)(1).

28.    Bankruptcy courts consider particular circumstances of the case and ascertain with is just

for the Claimants, the Debtor, the Bankruptcy Estate and factors in determining what is the

necessary cause for relief from Stay under 11 U.S.C. § 362(d)(1).  In Re Keene Corp, 171 B.R.

180, 193 (S.D.N.Y. Bankr. 1994).  As set forth in the declarations, Movant respectfully submits

that due to the lack of adjudication in the matter, the nature of the disputes regarding the

allegations of impropriety on the part of the Debtor GMAC, the pendency of the existing Non-

Bankruptcy litigation, the length of the existing Non-Bankruptcy litigation,  there is cause for

relief from Stay.

29.    Pursuant to 11 U.S.C. § 362(d)(1), there is a case with pre-exits that that this court should

grant the motion to lift stay so that the Creditor / Movant may move forward with his claims in a

Non-Bankruptcy forum in the District Court of the State of Colorado.  Simply, the issues raised

in both the initial complaint and the counterclaims cannot be expeditiously resolved in the

Bankruptcy Court and are better suited for a State Forum. The State District Court is better

prepared to handle the factual allegations, trial of evidence and introduction of testimony.  The

local District Court is best suited to determine the state issues of Tort and the most reasonable

outcome.


## CONCLUSION

Wherefore, the Movant, Ken Dlin respectfully requests that the Court Issue and Order

terminating or modifying the automatic stay imposed by 11 U.S.C. § 362 in order to permit the

Creditor / Movant to pursue his claim against the Debtor GMAC in Jefferson County District

Court Case GMAC v. Kenneth Dlin, Case No. 2011 CV 2611. The movant further requests that the Order be binding and effective despite any conversion of this case under another title Chapter 11 of the Unites States Code, plus any other relief, that may be just and proper.


## CLOSING

GMACM sought bankruptcy protection because of a number of financial issues including mismanagement of the company. It is a well-established fact that GMACM settled with almost every state in the Union regarding bad foreclosure practices. The settlement with the states is an indication of the very same practices that Mr. Dlin was subjected to in this matter. GMACM was prepared to settle, but the bankruptcy intervened. Mr. Dlin's injury has been left as an open sore in the system and if his claim is denied, will create a windfall to the Debtor that the law could not justify based on the facts.

**Wherefore,** The Plaintiffs Prays, this honorable court consider the evidence, the conduct of the Debtor and the lack of justice that was afforded to the Creditor Dlin, and find the claim to be valid and deny the objection by the Creditor, plus any other remedy this Court deems just and fair given the circumstances.


Dated at Park County, Colorado, this 2nd day of March 2015.

Wilson Law Office P.C.

/s/ Brian Herbert Wilson Jr.  *

Brian Herbert Wilson, Jr., Reg. Number 37237 (State of Colorado)
43 Bulldogger Ct.
Bailey, CO 80421
303-816-9493
bwilson@brianherbertwilson.com

For the Creditor :

*If Filed Electronically, a printed copy of this document bearing the original signatures is being kept by the filing party and will be made available for inspection by the other parties or the Court upon request.*

**Exhibits and supporting documents:**   IN RECORD

Ex. 1, Affidavit by Ken Dlin

Ex. 2, District Court Jefferson County CO, Initial Pleading

Ex. 3, Dlin Interrogatory Responses District Court, Jefferson County CO

Ex. 4, Hardship letter to GMAC from Creditor Dlin

CERTIFICATE OF SERVICE United States Mail

I certify that on 12 of March <sup>th</sup> 2015, I sent a copy of the aforementioned Creditors Motion for Lift of Stay US Mail to the United States Bankruptcy Court, Debtor's Attorney, and Counsels listed below, plus, sent it electronically to the following email addresses through the ECF System if applicable:

Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of NEW YORK
Alexander Hamilton Customs House, One Bowling Green
New York, NY 10004-1408

ResCap Borrower Claims Trust,Morrison Forester LLP
250 West 55th St
New York, NY  10019

U.S. Trustee for the Southern District of NY
US Federal Office Building

201 Varick Street Suite 1006
New York NY 10014
(Attention Linda A. Riffkin and Brian S. Masumoto)

ResCap Borrower Claims Trust
Polsinelli PC
900 Third Ave, 21st Floor
New York, NY 10022
(Attention Daniel J Flanigan)


I also certify that there are no participants not on ECF to which service of process is required.

/s/ Brian Herbert Wilson Jr.  *

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

Brian Herbert Wilson, Esq. No. 37237 Colorado
Wilson Law Office P.C.
43 Bulldogger Ct. Bailey, CO 80421
*As - Creditor Representative*

Creditor:
Ken Dlin

| | |
|---|---|
| In Re: ) | Case No. 12-12-2- (MG) |
| ) | |
| Residential Capital, LLC. Et al., ) | Chapter 11 |
| ) | |
| Debtors, ) | Jointly Administered |
| | [PROPOSED] ORDER FOR |
| | RELIEF FROM AUTOMATIC |
| | STAY |

Upon consideration of the motion by Ken Dlin, "Motion for Relief from Automatic Stay", it his Hereby ORDERED as follows:

1. Mr. Dlin' Motion for Relief from Automatic Stay is GRANTED; and

2. Mr. Dlin may proceed with his counterclaims in the matter GMAC v. Kenneth Dlin Jefferson County District Court Case 2011 CV 2611 currently pending in Jefferson County District Court in the State of Colorado; and

3. This ORDER is binding despite the fact of any conversion of the this Bankruptcy case to a case under any other Chapter of Title 11 of the United States Code; and

4. The 14 day period of stay set forth in the Bankruptcy Rule 4001(a)(3) be waived and any other relief as may be proper.

DATE:_____                    _____

New York, New York                 United States Bankruptcy Judge