IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

Brian Herbert Wilson, Esq. No. 37237 Colorado
Wilson Law Office P.C.
43 Bulldogger Ct. Bailey, CO 80421
*As - Creditor Representative*

Creditor:
Ken Dlin

| | |
|---|---|
| In Re: ) | Case No. 12-12-2- (MG) |
| ) | Chapter 11 |
| Residential Capital, LLC. Et al., ) | |
| ) | Jointly Administered |
| Debtors, ) | |

RECEIVED
MAR 17 2015
U.S. BANKRUPTCY COURT, SDNY

## CREDITOR'S OBJECTION TO EIGHTY SECOND OMNIBUS OBJECTIONS TO CLAIMS AS TO KENNETH DLIN V. GMAC MORTGAGE LLC

### PARTIES

1. Creditor Ken Dlin, is a citizen of Colorado who can be contacted through the Creditor Representative Wilson Law Office at 43 Bulldogger Ct. Bailey, CO 80421

2. Defendant, GMACM.

### JURISDICTION

3. Debtors filed for bankruptcy protection with United States Bankruptcy Court and Creditor Ken Dlin filed a proof of claim through his representative with the United States Bankruptcy Court on the 8th of November 2012.

1

## GENERAL STATEMENT OF ALLEGATIONS OF BREACH, FRAUD AND COUNTER CLAIMS

The claimant Mr. Ken Dlin, by and through his representative, filed a proof of claim on the basis of a wrongful foreclosure on the subject property located in Jefferson County Colorado. The Proof of Claim was timely and constituted a prima facie evidence that GMACM was responsible to the Creditor for economic harm. GMACM objects to the claim on the basis that they are not liable for the injury. However, the Creditor Dlin argues that the claims arise in both Contract and Tort. The Torts committed are the primary reason for the economic injury. The Creditor asks the Court to Consider the fact that Mr. Dlin was stripped of his right to have his day in Court. Accordingly, Creditor Dlin states as follows in support of his claim.

### COUNT 1- Deceptive Trade Practice and Fraudulent Conduct:

4. Creditor Dlin contacted GMACM in September of 2008 to inquire into a loan modification. (See Affidavit, Exhibit 1 attached to this objection). Creditor was told by the agent with GMACM that he was current on this loan payment and that nothing could be done to help him ( Id at ¶ 1). Creditor Dlin contacted GMACM one month later to inquire into the possibility of a loan modification. On the second inquiry, the agent with GMACM explained that he was current on his mortgage payments and that nothing could be done to help him. It should be noted, that GMAC does not deny these inquiries. In fact they are admitted by GMAC.

2

5. Creditor Dlin inquired as to a loan modification in November of 2008, the loan agent with GMACM specifically instructed Mr. Dlin to go into default to qualify for a loan modification. (See Exhibit 1 ¶ 1).

6. Creditor Dlin stopped making payments under the direction of the GMACM specialist and in March of 2009, was in default. It should be noted, that GMAC does not deny that it told Creditor Dlin that they could not do anything unless his loan was in default.

7. Creditor Dlin contacted the loan modification department in March of 2009 to inquire into a loan modification.

8. In March of 2009, GMACM offered a loan modification to Creditor Dlin. That loan modification actually increased the monthly payment. (See Exhibit 1 ¶ 2).

9. On July 28th 2010, GMAC foreclosed on the subject property located at 3431 Welch Ave. Kittredge CO. This in spite of repeated assurances from representatives of GMAC that if the Creditor Dlin was in default, a loan modification would be offered to help the beleaguered borrower and help him keep his home.

10. GMAC Admits that a loan modification was offered, and further admits that the amount of the new loan was higher than the original mortgage payment. It should be further noted at no time was it explained that the guidelines of the underwriter prohibited any other type of loan and that payments would increase.

11. It should be noted, that GMACM attempted to have Mr. Dlin removed from the home by way of a forcible entry and detainer action filed in Jefferson County Court. On the 17th of April 2011, Mr. Dlin filed a counter suit for wrongful foreclose and other counts for relief in Jefferson County, Colorado. (Exhibit 2, The pleading is a part of the Court file).

12. Trial preparations began including discovery procedures by both parties. (See Exhibit 3 Dlin Interrogatories). A trial was scheduled in the matter in April of 2012, however, negotiations were under way to settle the matter and respective counsels chose to vacate the hearing date to further negotiate.

13. Without revealing details in violation of confidentiality and under FRCP 408, it was believed that a settlement had been reached in the matter on all issues and the case would have been settled.

14. On or about the 14th of May 2012, GMACM (Ally Bank) filed for federal bankruptcy protection, putting a stay on any state court actions against the bank.

The Creditor Dlin was as a Counter- Plaintiff in state Court would have been able to have his claim adjudicated and at the very least had his claims given justice. Instead, due to the protection of the Federal Court, Mr. Dlin, has been stripped of the right to seek a redress of his grievance.

Wherefore, the Creditor Dlin, seeks the enforcement of claim under the theory stated above and ask that he be given the right to have a hearing conducted on the matter before this honorable Court.

## COUNT 2 Wrongful Foreclosure:

15. Creditor Dlin contends that GMACM had defective foreclosure proceedings that were based on a series of deceptions perpetrated by the now defunct GMACM. This allegation was never tried in Court because this Honorable Court placed a stay on any proceedings

4

related to GMACM, however, Mr. Dlin believes that he should have that opportunity, since he believes the long list of abuses by GMACM is both well documented and part of the reason for the parent company to GMACM seeking bankruptcy protection. Creditor Dlin incorporates the above paragraphs and factual allegations into this count.

16. Creditor Mr. Dlin was injured by the wrongful foreclosure in several ways. First, Mr. Dlin was foreclosed on wrongfully based on the promises of GMACM stripping him of the rightful ownership of the real property in question. Mr. Dlin would never have been late or behind if those promises were not made to him by GMACM with a reasonable expectation of being truthful. If should be noted that prior to the prompting of the GMACM representative to become delinquent, Mr. Dlinhad been an excellent payer with a perfect track record of paying the Mortgage on time. (See Exhibit 4, letter to GMAC regarding hardship). Mr. Dlin relied upon the promises of GMACM, and those promises turned out to be false, and the basis of the foreclosure.

17. Second, due to the "coercions" on the part of the GMACM specialists, the refinance was in fact greater than the original payment. Due directly to the promises of the GMACM specialist, Mr. Dlin was placed into a position where he could not afford the loan work out payment.

18. Third, Mr. Dlin had a second mortgage with the original mortgage holder Greentree. The Second mortgage sued Mr. Dlin and won a judgment against him in the amount of over 300,000.00 (Three hundred thousand dollars). Mr. Dlin has suffered thousands of dollars of collection actions, court costs and garnishments due to the fraudulent foreclosure by GMACM.

19. Fourth, Creditor Dlin has also spent thousands of dollars and hundreds of hours prosecuting the case against GMACM both in Federal Court and in the State Court in Jefferson County, CO.

20. Together, the actions by GMACM first to suggest that a borrower should be in default to improve their position, and the subsequent foreclosure can only be outdone by the failure on the part of GMACM to act upon their final set of promises, to accept a short sale offer.

Wherefore, Creditor Dlin asks the Court to consider the conduct of GMACM particularly regarding the wrongful foreclosure based on the promises of GMACM. Hiding behind the filing of bankruptcy enables GMACM to circumvent justice in this case and rewards the tortuous conduct with a windfall. Creditor Dlin asks the court to uphold his claim based on the foregoing, and any other remedy this court deeds just and fair.

## COUNT 3- Failure to Act on Short Sale

21. Creditor Dlin had to do something to protect his position with the house. Since the foreclosure was going forward, he contacted a short sale specialist in the Evergreen Colorado area to list the house and sell it if possible. (See Exh. 1 ¶ 3).

22. Mr. Dlin used a well-respected short sale firm that specialized in the practice of selling distressed properties. In those discussions, GMACM explained that a short sale was not accepted. In fact, during the next 7 months following the default by Mr. Dlin, not a single offer was accepted. (Id at 3).

23. Prior to the final foreclosure, the specialist with Short sale contacted GMACM on behalf of Mr. Dlin to inquire as to the amount that GMACM would accept for a short sale. (Id at ¶ 4). Weeks prior to the foreclosure, a short sale package was sent to GMACM for processing. In fact the foreclosure was held up in order to help this along. (Id at ¶ 4).

24. GMACM knowing that a short sale offer was tendered and in process never the less foreclosed on the subject property.

**Wherefore,** The Creditor Prays:

This court ratify the claim by Mr. Dlin and any other relief the Court deems just and fair given the circumstances.

Dated at Park County, Colorado, this 2nd day of March 2015

Wilson Law Office P.C.

/s/ Brian Herbert Wilson Jr.  *

Brian Herbert Wilson, Jr., Reg. Number 37237 (State of Colorado)

43 Bulldogger Ct.

Bailey, CO 80421

303-816-9493

bwilson@brianherbertwilson.com

For the Creditor :

*If Filed Electronically, a printed copy of this document bearing the original signatures is being kept by the filing party and will be made available for inspection by the other parties or the Court upon request.*

**Exhibits and supporting documents:**  IN RECORD

Ex. 1, Affidavit by Ken Dlin

Ex. 2, District Court Jefferson County CO, Initial Pleading

Ex. 3, Dlin Interrogatory Responses District Court, Jefferson County CO

Ex. 4, Hardship letter to GMAC from Creditor Dlin

CERTIFICATE OF SERVICE United States Mail

I certify that on 2nd March 2015, I sent a copy of the aforementioned Creditors Objection to Debtors Objection to Claim by US Mail to the United States Bankruptcy Court, Debtor's Attorney, and Counsels listed below, plus, sent it electronically to the following email addresses through the ECF System if applicable:

Honorable Martin Glenn
United States Bankruptcy Court for the Southern District of NEW YORK
Alexander Hamilton Customs House, One Bowling Green
New York, NY 10004-1408

ResCap Borrower Claims Trust, Morrison Forester LLP
250 West 55th St
New York, NY 10019

U.S. Trustee for the Southern District of NY
US Federal Office Building
201 Varick Street Suite 1006
New York NY 10014
(Attention Linda A. Riffkin and Brian S. Masumoto)

ResCap Borrower Claims Trust
Polsinelli PC
900 Third Ave, 21st Floor
New York, NY 10022
(Attention Daniel J Flanigan)

I also certify that there are no participants not on ECF to which service of process is required.

/s/ Brian Herbert Wilson Jr.  *