**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------x

In re:                                                                 :

                                                                            :

                                                                            :

RESIDENTIAL CAPITAL LLC, *et al.*,            :            Chapter 11

                                                                            :            Case No. 12-12020 (MG)

                                                                            :

                                            Debtors.        :

---------------------------------------------------------------x

## ORDER ESTABLISHING PROCEDURES FOR EVIDENTIARY HEARING REGARDING CLAIM NUMBER 386 FILED BY BARRY MACK

On March 5, 2015, counsel appeared via telephone before the Court at the Final

Pretrial Conference with respect to Claim Number 386 filed by Barry Mack (the "Mack

Claim"). The Court has concluded that the Mack Claim is ready for trial and will

proceed to an evidentiary hearing (the "Trial"). The Court hereby provides counsel with

the following procedures for the Trial that shall apply in this matter.

**A. Filings Prior to the Trial**

Not later than **5:00 p.m. on May 27, 2015**, each party shall file, and provide two

courtesy copies to chambers, of:

1. A pretrial memorandum, including a statement of the elements of each claim

or defense involving such party, together with a summary of the facts relied upon

to establish each element, and addressing any evidentiary issues anticipated to

arise during the Trial;

2. Proposed findings of fact and conclusions of law for each claim and defense;

and

3.  The submissions described in paragraphs 1 and 2 above shall be in both hard

copy and on CD-ROMs in Microsoft Word or WordPerfect version 9.0 or higher

format.

**B.  Submissions Prior to Trial**

Not later than **5:00 p.m. on June 3, 2015**, each party shall provide the Court (but

not file) with two copies of (i) the final witness and exhibit lists, and (ii) two copies of the

pre-marked exhibits (Mack to identify his exhibits with numbers, *e.g.*, 1, 2, 3, etc.; the

ResCap Borrower Claims Trust to identify its exhibits with letters, *e.g.*, A, B, A, etc.),

assembled sequentially in notebooks and tabbed, or, if too voluminous, with each exhibit

placed in a separate manila folder with number or letter visible on the lip, and the folder

placed in a suitable container or box for ready reference.[1]  One copy of the witness and

exhibit lists and one set of exhibits should be provided to opposing counsel.  No

witnesses or exhibits that were not listed in the Joint Pretrial Order may be added to the

lists.  Counsel shall also provide the Court with a copy of any depositions which are

intended to be offered into evidence, marked to show all designations and counter-

designations and unresolved objections, if any.[2]  A copy of any deposition transcript used

for impeachment or refreshing recollection shall be provided to the Court and opposing

counsel at the time transcript is used during the Trial.

---

[1]    The Court has already received two copies of each exhibit that has been objected to by the adverse party pursuant to the proposed joint pretrial order submitted by the parties prior to the final pretrial conference.  At the final pretrial conference, the Court approved Plaintiff's counsel's request to only submit copies of the exhibits that the Court has not yet received (i.e. exhibits to which no objection was raised).

[2]    The Court has already received two copies of the video depositions of Cheryl Mack which were taken on April 4, 2012 in the Florida state court action, *Deutsche Bank Trust Company Americas as Trustee for RALI 2007QS3 v. Barry Mack, et al.*  The parties need not submit any other video copies of this deposition.

**C.  Use of Exhibits During Trial**

Counsel is responsible for marking his or her own exhibits.  Counsel must identify for the Court and opposing counsel, and give a copy to the witness, of each exhibit before using it at the Trial.  All exhibits that will be shown to a witness should, if possible, be placed before the witness at the start of counsel's witness examination.  Questions and arguments should be delivered from the lectern, but counsel may approach the witness without asking leave whenever it is necessary.  And, if counsel is standing near the witness for the purpose of pointing something out on an exhibit, opposing counsel may also be present to observe first-hand what is being pointed out.

**D.     Trial Dates**

Trial of this matter will be held beginning on **June 10 and 11, 2015, beginning at 10:00 a.m.** and continuing day-to-day until completed.  Counsel is responsible for having his or her witnesses present and ready to testify without any delays or gaps in testimony.

**E.     Status Report.**

Not later than one week prior to the date set for the Trial (or **5:00 p.m. on June 3, 2015**), counsel shall submit a written status report to the Court by, identifying any issues that must be resolved before the Trial starts, and also whether counsel believe the case may be resolved by settlement before the Trial begins.

**IT IS SO ORDERED.**

Dated:  March 26, 2015
         New York, New York

                              __/s/Martin Glenn___
                              MARTIN GLENN
                              United States Bankruptcy Judge

3