Hearing Date: **March 31, 2015 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS OBJECTION TO CLAIM NUMBER 2397 FILED BY JOHN SATTERWHITE**

ny-1181146

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], hereby submits this reply (the "Reply"), together with the Supplemental Declaration of Kathy Priore, Associate Counsel for The ResCap Liquidating Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the response of claimant John Satterwhite (the "Claimant") [Docket No. 8280] (the "Response")[1] to the *Objection Of The Rescap Borrower Claims Trust To Claim Number 2397 Filed By John Satterwhite* [Docket No. 7990] (the "Objection").[2]  In further support of the Objection, the Borrower Trust respectfully represents as follows:

**I.   PRELIMINARY STATEMENT**

1.  Based on the record before the Court, the Claimant has failed to carry his requisite burden of proof with respect to the Claim.  The Claim is based on allegations that the Debtors committed fraud and breached the implied covenant of good faith and fair dealing when the Debtors mistakenly did not place the foreclosure sale of the Claimant's property on hold after sending the Claimant a letter informing him that he had ten days in order to submit documents for consideration of a loan modification.  In the Response, the Claimant fails to address any of the Borrower Trust's arguments, instead raising allegations regarding actions of the co-defendants in the Claimant's lawsuit against the Debtors.  As a result, for the reasons set forth

---

[1] In the Response, the Claimant asserts that counsel to the Borrower Trust was not timely in getting the necessary documents to him.  However, the Borrower Trust timely served the Claimant with a copy of the Objection.  See *Affidavit of Service of Richie Lim re: ResCap Borrower Claims Trust's Objection to Claim Number 2397 Filed by John Satterwhite* [Docket No. 7995].   Furthermore, the Borrower Trust twice agreed to adjourn the hearing on the Objection in order to permit Mr. Satterwhite time to respond.  In total, the Claimant had nearly seven weeks from the date the Objection was filed to respond.

[2] Capitalized terms not defined in this Reply have the meaning ascribed to such terms in the Objection.

below and in the Objection, the Claim should be disallowed and expunged from the Claims Register, because the Claimant has failed to substantiate his claim by a preponderance of the evidence.

2. Furthermore, even if the Claimant could demonstrate liability of the Debtors, the Response fails to refute the Borrower Trust's calculation of the appropriate measure of damages proposed in the Objection. As a result, even if the Court determines that the Claimant has stated a valid claim, the claim should be reduced to an amount no greater than the Claimant's equity in the property at the time of sale.

## II. REPLY

3. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. § 502(b)(1). As noted previously by the Court, claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. In re Residential Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014). See also Allegheny Int'l, Inc. v. Snyder (In re Allegheny Int'l, Inc.), 954 F.2d 167, 173-74 (3d Cir. 1992).

4. Once an objection refutes an essential allegation of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence. Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384,

389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v. Oneida, Ltd., No. 09-CV-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007), aff'd sub nom. Peter J. Solomon Co. v. Oneida Ltd., No. 09-cv-2229 (DC, 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).

5.  The Claimant does not refute any of the arguments raised in the Objection, but rather merely restates unsupported allegations from the Third Amended Complaint that were asserted against co-defendants Bank of New York Mellon Trust Company, NA as trustee ("Bank of New York") and Samuel I. White ("SIW").[3] The Claimant alleges that the foreclosure deed executed by Bank of New York and SIW on July 20, 2010 (the "Foreclosure Deed") was void because it was allegedly robo-signed by Jeffrey Stephan. See Response p. 1. However, this foreclosure deed was executed by SIW (acting as substitute trustee) and Bank of New York.[4] As a result, the Debtors cannot be liable for the actions of non-Debtor entities, and the Claimant has failed to demonstrate any liability of the Debtors related to the Foreclosure Deed.

6.  Additionally, the Claimant has presented no evidence that the Foreclosure Deed was robo-signed, but rather references his view of the general practices of Mr. Stephan. The Foreclosure Deed is merely the document evidencing the transaction that occurred as part of the

---

[3] In the Third Amended Complaint, which formed the basis of the Claim, the Claimant's allegations regarding the Foreclosure Deed are made only against Bank of New York and SIW. See Third Amended Complaint ¶¶ 29-35, attached to the Priore Declaration in support of the Objection as Exhibit K.

[4] Jeffrey Stephan executed the Foreclosure Deed on behalf of Bank of New York, through a power of attorney granted to Residential Funding Company ("RFC"), who was the master servicer for the trust in which Bank of New York was the trustee. See Foreclosure Deed, attached to the Supplemental Declaration as Exhibit A; see also Supplemental Declaration ¶ 7.

3

ny-1181146

foreclosure sale.  The Claimant neither contests the accuracy of any information in the Foreclosure Deed, nor alleges that the foreclosure sale was conducted improperly.  Rather, he is merely contesting the validity of one signature on the deed.  However, the Claimant has not alleged that he relied on the validity of the Foreclosure Deed or Mr. Stephan's signature or that he was damaged as a result of this reliance.

7. Nowhere in the Response does the Claimant address the arguments in the Objection related to his allegations against the Debtors.  As stated in the Objection, the Debtors do not have any liability to the Claimant for either fraud or breach of the implied covenant because the Claimant has not alleged that the Debtors intended to mislead the Claimant by sending the Notification Letter nor that the Notification Letter was the proximate cause of the Claimant's purported damages.  See Objection ¶¶ 30, 32-36.

8. The Claimant also fails to address the Borrower Trust's arguments concerning his cause of action for quiet title.  As stated in the Objection, the Claimant's quiet title claim fails because GMACM is not an adverse claimant and the Claimant has not demonstrated that he has fully satisfied his obligations under the Note.  See Objection ¶¶ 24-26.  Therefore, the Claimant has failed to meet his burden of demonstrating a valid claim against the Debtors' estates.

9. The Claimant fails to refute the Borrower Trust's calculation of potential damages that the Claimant would be entitled to if he could demonstrate a valid claim.  The Objection presented evidence that, at most, the Claimant is entitled to a claim equivalent to the equity in his home, which at the time of the foreclosure was $40,504.27.  This calculation was based on a valuation of the property conducted on February 4, 2010, which valued the property at $74,500.  See Property Valuation, attached to the Supplemental Declaration as Exhibit B.  In the Response, the Claimant does not contest the Borrower Trust's method of calculating damages, but rather

presents an alternative valuation based on the alleged sale price of "homes in the area." However, the only valuation of his Property that the Claimant presents is a tax assessment from 2012 that assesses the value of the Property at $71,000, **less** than the valuation proposed in the Objection. Therefore, the Claimant has failed to meet his burden of demonstrating that even if he is entitled to a claim, such claim should exceed $40,504.27, his equity in the property at the time of the foreclosure.

10. Finally, the Claimant continues to assert that he is entitled to punitive damages and attorney's fees. However, as was demonstrated in the Objection, the Claimant is not entitled to either punitive damages or attorney's fees, and the Claimant puts forward nothing in the Response to refute the Borrower Trust's arguments on this point.

WHEREFORE, the Borrower Trust respectfully requests that the Court overrule the Response and grant the relief requested in the Objection by disallowing and expunging the Claim in its entirety.

Dated:  March 26, 2015
       New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*

5

ny-1181146