**Exhibit 1**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUPPLEMENTAL DECLARATION OF KATHY PRIORE IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS OBJECTION TO CLAIM NUMBER 2397 FILED BY JOHN SATTERWHITE**

I, Kathy Priore, hereby declare as follows:

1. I serve as Associate Counsel for the ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Associate Counsel in the legal department of Residential Capital, LLC ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I joined ResCap on May 1, 2008 as in-house litigation counsel. Prior to my in-house litigation counsel position, I held various roles within the legal department at ResCap.

2. In my role as Associate Counsel at ResCap, I was responsible for the management of litigation, including, among others, residential mortgage-related litigation. In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the chapter 11 cases, including the borrower litigation matters pending before this Court. In my current position as Associate Counsel to the

1

ny-1181257

Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust and the Borrower Claims Trust (the "Borrower Trust") in connection with the claims reconciliation process.[1] I am authorized to submit this declaration (the "Declaration") in support of the *Rescap Borrower Claims Trust's Reply in Support of its Objection to Claim No. 2397 Filed by John Satterwhite* (the "Reply").[2]

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

4. In my current and former capacities as Associate Counsel to the Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' Books and Records (the "Books and Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or other Liquidating Trust personnel have reviewed and analyzed the proof of claim form and supporting documentation filed by the Claimant. Since the Plan went effective and the Borrower Trust was established, I, along with other members of the

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.
[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

2

ny-1181257

Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

5. A valuation of the property was conducted by PCV Murcor Real Estate Services on February 4, 2010 at the request of GMACM, at which time the Property was valued at $74,500. See Property Valuation, attached hereto as Exhibit B.

6. A foreclosure deed was executed by Bank of New York Mellon Trust Company, NA as trustee ("Bank of New York") and Samuel I. White ("SIW") on July 20, 2010. See Foreclosure Deed, attached hereto as Exhibit A.

7. Consistent with the Debtors' servicing practices, it is my understanding that Jeffrey Stephan executed the Foreclosure Deed on behalf of Bank of New York, through a power of attorney granted to Residential Funding Company ("RFC"), who was the master servicer for the trust in which Bank of New York was the trustee.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: March 26, 2015

      /s/ Kathy Priore
Kathy Priore
Associate Counsel for ResCap Liquidating Trust

3

ny-1181257