**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**ORDER DENYING MOTION FOR RECONSIDERATION FILED BY TODD SILBER AND CLARIFYING THE COURT'S PRIOR MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE OBJECTION TO SILBER'S CLAIM NUMBER 4222**

The ResCap Borrower Claims Trust (the "Trust") filed an objection (the "Objection," ECF Doc. # 7979)[1] to Claim Number 4222 (the "Claim," Priore Decl. Ex. A) filed by Todd Silber ("Silber"). Silber filed an opposition to the Objection (the "Opposition," ECF Doc. # 8064) and the Trust filed a reply (the "Reply," ECF Doc. # 8160).[2] The Court held a hearing on the Objection on February 25, 2015 (the "Hearing"), took the matter under submission, and subsequently issued the memorandum opinion and order sustaining in part and overruling in part the Objection to his Claim (the "Opinion," ECF Doc. # 8265). Silber now moves the Court to reconsider a certain portion of the Opinion (the "Motion," ECF Doc. # 8353). For the reasons that follow, the Motion is **DENIED**. However, for the avoidance of doubt and in light of the apparent misconceptions Silber evinces in his Motion as to what the Court ruled in its Opinion, the Court provides clarification of its holdings below that will hopefully resolve any outstanding questions.

---

[1] In support of the Objection, the Trust filed the declarations of Kathy Priore (the "Priore Decl.," ECF Doc. # 7979-3) and Norman S. Rosenbaum (ECF Doc. # 7979-24).

[2] The Reply is supported by the supplemental declaration of Ms. Priore ("Priore Supp.," ECF Doc. # 8160-2).

The facts giving rise to Silber's Claim are discussed in the parties' submissions and briefly in the Opinion; familiarity of those facts is assumed here. Federal Rule of Bankruptcy Procedure 9023 incorporates Rule 59 of the Federal Rules of Civil Procedure, which regulates motions for amendment of a judgment. Additionally, Rule 9024 of the Federal Rules of Bankruptcy Procedure incorporates Rule 60 of the Federal Rules of Civil Procedure, which establishes the grounds for granting relief from a final order. Rule 9024 provides that a court may grant relief from an order for a clerical mistake or for "mistake, inadvertence, surprise, excusable neglect," newly-discovered evidence, fraud, misrepresentation, misconduct, where the order is void or has been satisfied, released, or discharged or "is no longer equitable, or for any other reason that justifies relief" from the order. FED. R. CIV. P. 60(a), (b). Under these rules allowing for reconsideration, "[a] court may reconsider an earlier decision when a party can point to 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'" *In re Miller*, 2008 Bankr. LEXIS 3631, at *3, Case No. 07-13481 (Bankr. S.D.N.Y. Feb. 28, 2008) (citing *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004)). "Generally, motions for reconsideration are not granted unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Key Mech. Inc. v. BDC 56 LLC (In re BDC 56 LLC)*, 330 F.3d 111, 123 (2d Cir. 2003) (internal quotation marks and citation omitted). A motion may not be used "to enable a party to complete presenting his case after the court has ruled against him." *Frietsch v. Refco, Inc.*, 56 F.3d 825, 828 (7th Cir. 1995). Motions for reconsideration are "generally not favored and [are] properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (citation omitted). But the Motion is held "to less stringent standards

2

than formal pleadings drafted by lawyers" because Silber is proceeding *pro se*. *Haines v. Kerner*, 404 U.S. 519, 520 (1972).

In the Motion, Silber asserts that the Court may have conflated two separate bases for his Claim in the Opinion: (1) that Debtor GMAC Mortgage LLC ("GMACM") allegedly failed to participate in mediation sessions, mandated by the Connecticut mediation program, in good faith, and (2) that GMACM provided inaccurate financial figures to the Connecticut Housing Finance Authority (the "CHFA") resulting in a denial of Silber's application for assistance pursuant to the Emergency Homeowners' Loan Program (the "EHLP"). (Motion at 1–2.) Silber argues that the CHFA's EHLP is not directly connected to the Connecticut mediation program or his underlying foreclosure action in Connecticut state court and therefore should not be "hindered or disregarded" in light of Connecticut's failure to provide a private right of action arising out of a party's bad faith participation in mediation. (*Id.* at 2.) Silber also argues that the Court unfairly limits the overruling of the CHFA and EHLP-related basis for his Claim to the disputed issue of fact as to whether GMACM complied with federal guidelines constituting a breach of his underlying note. (*Id.*) According to Silber, the CHFA is not a federal entity, EHLP is not a federal program, and thus the inaccurate figures provided by GMACM to the CHFA with respect to Silber's EHLP application should not be analyzed in terms of whether federal guidelines were violated. (*Id.*) Silber further argues that the Court seems to have limited the CHFA and EHLP-related allegations to only a breach of contract cause of action, but submits that the Court should also view those allegations as supporting his negligent misrepresentation claim (and his disallowed fraud and defamation claims). (*Id.*) Silber also seeks clarification as to whether the Opinion allows the CHFA and EHLP-related allegations to survive in support of his Connecticut Unfair Trade Practices Act ("CUTPA") claim. (*Id.* at 3.)

Although Silber does not specify whether he seeks relief in his Motion pursuant to Federal Rules of Civil Procedure 59 or 60, he fails to identify adequate grounds for relief under either rule. The Motion does not identify any legal authority for the relief he requests, intervening change in law, or newly available evidence that was not available to him before the Court ruled. As a result, the Motion is **DENIED**.

First, the Court is and was aware at the time it issued the Opinion that the CHFA's EHLP is separate and apart from the Connecticut mediation program. To be sure, nothing in the Opinion conflates the two programs or limits the allegations regarding the EHLP by Connecticut law regarding its mediation program. The Court clearly sustained the Objection with respect to the mediation-related allegations, but overruled the Objection with respect to the CHFA and EHLP-related allegations. (*See* Opinion at 11 n.6.) Thus, the Motion is **DENIED** to the extent it relies on this misconception.

Second, the Court is and was aware at the time the Opinion was issued that the CHFA is a state agency and that the EHLP is a state-run program—not federal. Contrary to Silber's assertions, the Opinion does not limit the CHFA and EHLP-related allegations to the disputed factual issue of whether federal guidelines were violated because the Court believed the EHLP was a federal program. Rather, the Court limited the CHFA and EHLP-related allegations to the issue of whether federal guidelines were violated because GMACM is only contractually bound to abide by federal guidelines, specifically guidelines of the Department of Housing and Urban Development ("HUD") and the Home Affordable Modification Program ("HAMP"), pursuant to the terms of Silber's note (and as agreed to by the Trust on the record at the Hearing). The Opinion provides that the Objection to Silber's breach of contract, breach of implied covenant of good faith and fair dealing, and CUTPA causes of action is overruled because each of these

4

causes of action, as pled by Silber, relies on disputed allegations of fact that GMACM breached these federal guidelines. (*See* Opinion at 10–12.) One such allegation is that GMACM provided inaccurate figures to the CHFA in connection with Silber's EHLP assistance application. The Opinion further provides that based on the record before the Court, there are disputed issues of fact with respect to the CHFA and EHLP-related allegations, specifically: (1) whether inaccurate figures were indeed submitted to the CHFA by GMACM; and (2) whether providing such inaccurate figures constitutes a breach of GMACM's contractual obligation to abide by HUD and/or HAMP Guidelines. In turn, and to clarify the prior Opinion, these outstanding issues give rise to other issues of fact: (1) whether GMACM breached the terms of the note; (2) whether GMACM breached the implied covenant of good faith and fair dealing arising out of the note; and (3) whether GMACM violated CUTPA by, for example, providing inaccurate figures to the CHFA, if such figures were indeed inaccurate.[3] To the extent Silber's Motion is based on his misconception that the Court unfairly limited the survival of his CHFA and EHLP-related allegations, the Motion is **DENIED**.

Third, the Court did review Silber's CHFA and EHLP-related allegations in support of his fraud, defamation, and negligent misrepresentation causes of action; the Motion is therefore **DENIED** in this respect. The prior Opinion sustains the Objection to the extent it challenges Silber's fraud and defamation claims. (Opinion at 8–10.) Though it admittedly may not have been clear, the Opinion sustains the Objection to these causes of action to the extent they rely on

---

[3] This Order hopefully clarifies for Silber that his CHFA and EHLP-related allegations survive at this stage to the extent they support his CUTPA claim. Further, while the CHFA and EHLP allegations are limited by the federal guidelines as prescribed in the note to the extent they support his breach of contract and breach of implied covenant of good faith and fair dealing causes of action, the allegations are not necessarily so limited in support of his CUTPA claim, provided Silber establishes that the misrepresentations, if any, made to the CHFA constitute a violation of CUTPA. This is because the breach of contract and breach of the implied covenant of good faith causes of action must be ultimately based on a contract, while Silber's CUTPA claim has not been so limited at this time. The Court cautions, however, that whether his Claim ultimately survives pursuant to any of the surviving bases for relief cannot be determined by the Court until an evidentiary hearing is conducted, resolving the outstanding disputed issues of fact.

5

allegations arising out of alleged misrepresentations GMACM made to the CHFA in connection with the EHLP assistance application. Such misrepresentations were made to the CHFA, not Silber, and as a result do not confer standing on Silber to assert a fraud claim. (*See id.* at 10 (citing *Devone v. Finley*, No. 3:13-CV-00377 (CSH), 2014 WL 1153773, at *14 (D. Conn. Mar. 20, 2014)).) Silber's defamation claim also fails to the extent it is based on these misrepresentations because the purported injury was the denial of EHLP assistance, not the reputational injury contemplated by defamation laws. (*See id.*) S*ee also Devone*, 2014 WL 1153773, at *7 (recognizing that Connecticut courts accept "'that "a communication is defamatory if it tends so as to harm the reputation of another so as to lower him in the estimation of the community or to deter third persons from associating or dealing with him."'" (quoting *Graham v. Boehringer Ingelheim Pharm.*, No. CV040488908S, 2007 WL 3317528, at *2 (Conn. Super. Ct. 2007)) (citing *Cweklinsky v. Mobil Chem. Co.*, 267 Conn. 210, 217 (Conn. 2004); *Q.S.P. v. Aetna Cas. & Sur. Co.*, 256 Conn. 343, 356 (Conn. 2001))). As to Silber's negligent misrepresentation claim, the Opinion overruled the Objection to this claim in its entirety, meaning the cause of action survives including to the extent it relies on the alleged misrepresentations GMACM made to the CHFA.

For the foregoing reasons, Silber's Motion is **DENIED**, except to the extent that the Court clarifies its prior Opinion in this Order.

**IT IS SO ORDERED.**

Dated:   March 26, 2015
         New York, New York

                                          /s/Martin Glenn
                                          MARTIN GLENN
                                          United States Bankruptcy Judge