USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: MAR 15 2015

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x

In Re:
RESIDENTIAL CAPITAL, LLC,

                                  Debtors.

FRANCINE SILVER,

                                  Appellant

      -against-

RESCAP BORROWER CLAIMS TRUST,

                                  Appellee.

------------------------------------x

ORDER

14 Civ. 3630 (GBD)

GEORGE B. DANIELS, United States District Judge:

*Pro se* Appellant Francine Silver brings this appeal from interlocutory orders of the Bankruptcy Court. (*See* Case No. 12-12020 (MG), (ECF Nos. 6706 and 6818).) Because the appealed-from orders are not final, this Court treats her filing as a motion for leave to appeal pursuant to 28 U.S.C. § 158(a)(3).

The Bankruptcy Court denied Appellant's motion for immediate payment of her unsecured claim in the underlying bankruptcy proceeding because the Debtors' objection deadline had not come due. (*Id.* (ECF No. 6706).) Thus, in short, her motion was not timely and was based on a misunderstanding of the process laid out by the Bankruptcy Court. The Bankruptcy Court also denied Appellant's subsequent motion for reconsideration of its previous denial. (*Id.* (ECF No. 6818).)

Leave to appeal is not proper in this context where Appellant fails to meet the requirements under 28 U.S.C. § 1292(b). *See, e.g., In re Quigley Co., Inc.*, 323 B.R. 70, 77 (S.D.N.Y. 2005) ("As courts in this Circuit have invariably held, all appeals governed by Section 158(a)(3) . . . should refer to the standards articulated by Section 1292(b) to determine whether leave to appeal should be granted."). Under Section 1292(b), this Court may grant leave to appeal if Appellant's claim (1) "involves a controlling question of law," (2) "as to which there is substantial ground for difference of opinion," and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Here, these requirements are not met.

Appellant argues to this Court that Appellee waived its right to respond to her proof of claim in the underlying bankruptcy proceeding because it did not respond by the deadline. As the Bankruptcy Court explained, this is factually inaccurate. The Confirmed Bankruptcy Plan set a deadline of September 15, 2014 for the Liquidating Trust and the Borrower Trust to file objections. That deadline was extended to June 15, 2015 by the Claims Objection Order. Thus, there is no controlling question of law with grounds for a substantial difference of opinion. Because this appeal is based on Appellant's misunderstanding, review by this Court will not advance the ultimate termination of this litigation; it will have the effect of delaying this litigation further by requiring that Appellee continue to respond to futile motions when it could be addressing its still-timely objections to many outstanding proofs of claim, including Appellant's.[1]

Appellant's motion for leave to appeal is DENIED because she has failed to demonstrate that review of these interlocutory orders is proper under Section 1292(b). Moreover, if this Court were to decide this appeal on its merits, the orders of the Bankruptcy Court would be affirmed for

---

[1] In addition, this Court rejects any arguments regarding Judge Glenn's partiality because they are without merit. Appellant's claims that she has not received due process are equally unavailing.

the above-stated reasons.

Appellant separately moves for a default judgment on the grounds that Appellee did not meet the filing deadline for its opposition to the instant appeal. Appellee met that deadline of November 6, 2014. (*See* Order, (ECF No. 5) (setting filing date of on or before November 6, 2014 for Appellee's opposition); (ECF No. 17)(denying Appellant's previous motion for a default judgment and confirming the November 6, 2014 due date for Appellee's opposition).) Appellant further argues that Appellee filed a memorandum of law, but failed to file a brief. Appellee has complied with this Court's order by timely filing its opposition—whether that response is termed a "brief" or "memorandum of law" is of no legal consequence.

## CONCLUSION

Appellant's motion for leave to appeal from the Bankruptcy Court's interlocutory orders is DENIED. Appellant's latest motion for a default judgment is also DENIED.

The Clerk of the Court is instructed to close the motion at ECF No. 23 and this case.

Dated: New York, New York
       March 13, 2015

SO ORDERED:

_George B Daniels_
GEORGE B. DANIELS
United States District Judge

3