Hearing Date: March 31, 2015 at 10:00 A.M. (ET)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S OMNIBUS REPLY IN SUPPORT OF ITS EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS (NO-LIABILITY BORROWER CLAIMS) AS TO CLAIM NOS. 960, 1142, AND 4497**

ny-1178284

## **TABLE OF CONTENTS**

**Page**

PRELIMINARY STATEMENT ..................................................................................................1

BACKGROUND .............................................................................................................................2

      A.     Boyd Claim................................................................................................................3

      B.     Rigel Claim...............................................................................................................6

      C.     Gay Claim ................................................................................................................7

REPLY ..............................................................................................................................................8

      A.     Boyd Claim................................................................................................................9

      B.     Rigel Claim.............................................................................................................10

      C.     Gay Claim ..............................................................................................................10

CONCLUSION ..............................................................................................................................11

<u>EXHIBITS</u>

<u>Exhibit 1</u>        - Supplemental Declaration

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Allegheny Int'l, Inc. v. Snyder (In re Allegheny Int'l, Inc.),
    954 F.2d 167 (3d Cir. 1992) ................................................................................................... 8

Feinberg v. Bank of N.Y. (In re Feinberg),
    442 B.R. 215 (Bankr. S.D.N.Y. 2010) ..................................................................................... 9

Gomes v. Countrywide Home Loans, Inc.,
    121 Cal. Rptr. 3d 819 (Cal. Ct. App. 2011) ............................................................................. 5

In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660
    (Bankr. S.D.N.Y. Feb. 20, 2007), aff'd sub nom., Peter J. Solomon Co. v. Oneida
    Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010). .............. 9

In re Oneida Ltd.,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009) ..................................................................................... 9

In re Residential Capital, LLC,
    507 B.R. 477 (Bankr. S.D.N.Y. 2014) ................................................................................. 8, 9

In re Rockefeller Ctr. Props.,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr.
    Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed.
    Appx. 40 (2d Cir. 2002) ........................................................................................................... 9

Kendrick v. City of Eureka,
    98 Cal. Rptr. 2d 153 (Cal. Ct. App. 2000) ............................................................................... 9

Sacramento Cnty. Dep't of Social Welfare v. Javier (In re Christy L),
    187 Cal. App. 3d 753 (Cal. Ct. App. 2000) ............................................................................. 9

**STATUTES**

11 U.S.C.
    § 502(a) .................................................................................................................................... 8
    § 502(b)(1) ............................................................................................................................... 8

ny-1178284

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] filed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this reply (the "Reply") and the Supplemental Declaration of Kathy Priore, Associate Counsel to the ResCap Liquidating Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the responses filed by: (i) Michael E. Boyd ("Mr. Boyd") [Docket Nos. 8190 and 8191] (the "Boyd Response"), (ii) Steven D. Rigel ("Mr. Rigel") [Docket No. 8101] (the "Rigel Response"), and (iii) Harold Gay ("Mr. Gay" and collectively with Mr. Boyd and Mr. Rigel, the "Respondents") [Docket No. 8188] (the "Gay Response" and collectively with the Boyd Response and the Rigel Response, the "Responses") to the *ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims)* [Docket No. 8042] (the "Objection") and in further support of the Objection.[2] The Borrower Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Borrower Trust examined the Responses and the statements submitted in support thereof. For purposes of this Reply and the Objection, the Borrower Trust takes these statements at face value. If the Court is not prepared to rule on the Objection with respect to Respondents, then the Borrower Trust reserves the right to take discovery from the Respondents.

2. As described herein and in the Supplemental Declaration, the Borrower Trust thoroughly examined the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records") in an effort to validate the accuracy of the allegations made in the Responses and the claims at issue, and for the reasons

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.
[2] The hearing on claim number 3732 filed by Kenneth Dlin has been adjourned to the April 16, 2015 hearing.

ny-1178284

described herein, the Books and Records do not show any liability due and owing to any of the Respondents.

3. Moreover, as the Objection shifted the burden of proof back to the Respondents, the Respondents must demonstrate a valid claim against the Debtors' estates by a preponderance of the evidence. For the reasons set forth in the Objection, this Reply, and the Supplemental Declaration, the Respondents have failed to provide any explanation as to why their respective claims are valid and should be allowed against the Debtors' estates. For example, Mr. Boyd has failed to put forward a reason that his claim should not be barred by the doctrine of res judicata, as it is predicated on a lawsuit that has been dismissed pursuant to a final judgment of an appellate court. In addition, Mr. Rigel has failed to proffer any documentation in support of his claim. Finally, Mr. Gay has failed to demonstrate any liability of the Debtors for their connection to his loan, as the Debtors merely acted as purchaser and servicer of his loan while Mr. Gay's allegations relate solely to the loan's origination. Therefore, the Respondents have failed to meet their burden of proof, and the relief sought in the Objection should be granted with respect to each of the Respondents.

## BACKGROUND

4. In connection with the claims reconciliation process, the Borrower Trust identified certain claims filed by Borrowers that it believed did not constitute valid liabilities of the Debtors (together, the "No Liability Borrower Claims"). See Supplemental Declaration ¶ 5.

5. The Debtors sent Request Letters to certain Borrowers, including all of the Respondents, requesting additional documentation in support of the No Liability Borrower Claims.[3] See Supplemental Declaration ¶ 6. The Request Letters state that the claimant must

---

[3] A Request Letter was sent to Mr. Rigel and Mr. Gay on June 21, 2013 and to Mr. Boyd on July 21, 3013. See Supplemental Declaration n. 3.

2

ny-1178284

respond within 30 days with an explanation that states the legal and factual reasons why the claimant believes he or she is owed money or is entitled to other relief from the Debtors, and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for his or her claim. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged. See Supplemental Declaration ¶ 6.

6. The Debtors received responses to the Request Letters from the Respondents[4] (the "Diligence Responses"), copies of which are attached to the Supplemental Declaration as Exhibit A. However, the Diligence Responses fail to allege bases for claims against the Debtors' estates. Further, as stated in the Objection, the Books and Records do not show any liability due and owing to the Respondents. See Supplemental Declaration ¶ 7.

*Background Facts*

    **A.**    **Boyd Claim**

7. On or around October 4, 2012, Mr. Boyd filed a proof of claim against Debtor GMAC Mortgage, LLC ("GMACM"), designated as Claim No. 960 (the "Claim"), asserting a secured claim for $186,000.00. See Exhibit B to the Supplemental Declaration. See Exhibit A to the proposed order to the Objection ("Exhibit A to the Objection").

8. According to the Debtors' books and records, non-Debtor Plaza Home Mortgage, Inc. ("Plaza") originated a loan in the amount of $647,000.00 to Mr. Boyd on January 16, 2007 (the "Soquel Loan"), secured by a mortgage on property located at 5439 Soquel Drive, Soquel, CA 95073 (the "Soquel Property"). See Exhibit A to the Objection; see also Soquel Note,

---

[4] The Debtors received a Diligence Response from Mr. Boyd on July 23, 2013 and from Mr. Gay on July 22, 2013. See Supplemental Declaration n. 4. The Debtors did not receive a diligence response from Mr. Rigel.

attached to the Supplemental Declaration as Exhibit C, and Soquel Deed of Trust, attached to the Supplemental Declaration as Exhibit D. Plaza originated a second loan to Mr. Boyd on December 22, 2006 (the "Lakebird Loan," and collectively with the Soquel Loan, the "Loans"), secured by a mortgage on property located at 1090-1092 Lakebird Drive, Sunnyvale, CA 94089 (the "Lakebird Property"). See Exhibit A to the Objection; see also Lakebird Note, attached to the Supplemental Declaration as Exhibit E, and Lakebird Deed of Trust, attached to the Supplemental Declaration as Exhibit F. No Debtor ever owned either of the Loans. See Exhibit A to the Objection.

9. GMACM serviced the Soquel Loan from April 10, 2007 until servicing was transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013. GMACM serviced the Lakebird Loan from March 13, 2007 until servicing was transferred to Ocwen on February 16, 2013. See Exhibit A to the Objection.

10. At the time servicing of the Soquel Loan was transferred to Ocwen, it was due for the November 1, 2011 payment. See Supplemental Declaration ¶ 11. On February 9, 2011, the Soquel Loan was referred to foreclosure. See id. On March 1, 2011, ETS Services, LLC ("ETS"), acting as beneficiary for GMACM, recorded a notice of default. See Soquel Notice of Default, attached to the Supplemental Declaration as Exhibit G.

11. The Lakebird Loan was due for the April 1, 2011 payment when servicing was transferred to Ocwen. See Supplemental Declaration ¶ 12. On August 9, 2011, the Lakebird Loan was referred to foreclosure. See id. On September 14, 2011, ETS recorded a notice of default. See Lakebird Notice of Default, attached to the Supplemental Declaration as Exhibit H.

12. On September 11, 2011, Mr. Boyd filed a complaint in the United States District Court for the Northern District of California (the "District Court"), Case No. 5:11-CV-05018, for

4

ny-1178284

"unconscionability to contract and adhesion to real property" (the "Complaint").  See District Court Docket, attached hereto as Exhibit 2.[5]  The District Court dismissed the Complaint without prejudice on December 5, 2011.  See id.  Mr. Boyd filed an amended complaint on May 22, 2012 (the "Amended Complaint").  See Exhibit 3 to attached hereto. The claims in the Amended Complaint were to invalidate/contest the liens on the Soquel and Lakebird Properties with regard to the mortgage loans.[6]

13.     The case was dismissed with prejudice on August 22, 2012 by an Order Granting Defendants' Motion to Dismiss Plaintiff's First Amended Complaint (the "District Court Order").  A copy of the District Court Order is attached hereto as Exhibit 4.  The United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit") affirmed the district court's order dismissing the case on August 22, 2014 (the "Appellate Court Order").  A copy of the Appellate Court Order is attached hereto as Exhibit 5.[7]

14.     On September 9, 2014, Mr. Boyd petitioned for a panel rehearing (the "Panel Petition").  See Court of Appeals Docket, attached to hereto as Exhibit 6.  On December 23, 2014, the Ninth Circuit entered an order denying Mr. Boyd's Panel Petition and further

---

[5] The District Court had diversity jurisdiction over the case.
[6] The Amended Complaint alleged that Mr. Boyd had unencumbered title to the Properties because the deeds of trust were reconveyed to him. See Amended Complaint at p. 16. The Debtors argued that the reconveyances that Mr. Boyd referenced in the Amended Complaint paid off older loans that were not related to the Soquel or Lakebird Loans. Therefore, neither reconveyance released Mr. Boyd's obligations under the Soquel or Lakebird Loans. Mr. Boyd also argued that MERS did not have authority to enforce and assign the Soquel deed of trust, and therefore could not assign the interest in the Soquel deed of trust to the Debtors. See Amended Complaint, at 19. The Debtors argued that California law clearly states that MERS has the authority to both enforce and assign deeds of trust. See Gomes v. Countrywide Home Loans, Inc., 121 Cal. Rptr. 3d 819, 826-827 (Cal. Ct. App. 2011) (finding that MERS has authority enforce and assign deeds of trust where it is named as a beneficiary in a deed of trust). Finally, Mr. Boyd alleges that because the property was part of a joint living trust, he did not have authority to execute the loan agreements. See Amended Complaint at 19.  In its motion to dismiss, the Debtors argued that Mr. Boyd was the trustee of the joint living trust at the time the loan documents were executed. See Amended Complaint at 10.
[7] All activity in the case that occurred after February 16, 2013 was managed by Ocwen.

5
ny-1178284

indicated it would not entertain any further filings in the case. See Panel Order, attached to the Objection as Exhibit 5.[8]

15. On January 30, 2015, Mr. Boyd filed a letter to the Court [Docket No. 8065] stating that his claims were against the U.S. Treasury Department and attached a claim that was filed against the Treasury Department.

16. On March 20, 2015, Mr. Boyd filed a petition for a writ of certiorari with the United States Supreme Court. See Petition for Writ of Certiorari, attached hereto as Exhibit 7.

**B.    Rigel Claim**

17. On or around October 10, 2012, Mr. Rigel filed a proof of claim against GMACM, designated as Claim No. 1142 (the "Rigel Claim"), asserting a general unsecured claim in an unliquidated amount. See Exhibit I to the Supplemental Declaration. See Exhibit A to the Objection. The Rigel Claim was reclassified as a general unsecured claim against Debtor Homecomings Financial LLC ("Homecomings") pursuant to the Court's *Supplemental Order Granting Debtors' Thirty-Sixth Omnibus Objection to Claims (Wrong Debtor Borrower Claims)* [Docket No. 5895], entered November 20, 2013.

18. According to the Debtors' books and records, Homecomings originated a loan to Mr. Rigel on October 9, 2007 (the "Rigel Loan"), secured by a deed of trust on 751 NE Becker Ave., Palm Bay, FL 32905 (the "Rigel Property"). See Exhibit A to the Objection; see also Rigel Note, attached to the Supplemental Declaration as Exhibit J, and Rigel Mortgage, attached to the Supplemental Declaration as Exhibit K.

---

[8] The Debtors previously objected to the Boyd Claim as part of the *ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* [Docket No. 7552] (the "Seventy-Fifth Omnibus Objection"). The Court overruled the Seventy-Fifth Omnibus Objection without prejudice as it related to the Boyd Claim (Docket No. 7859), finding that res judicata could not be applied until the Panel Petition was ruled on and the District Court Order was final.

19. Non-Debtor GMAC Bank purchased the Rigel Loan from Homecomings. GMACM purchased the Rigel Loan from GMAC Bank and then transferred its interest to Freddie Mac on or about November 20, 2007. See Exhibit A to the Objection. Homecomings serviced the Rigel Loan from October 9, 2007 until on or about July 1, 2009 when the servicing of the Rigel Loan was transferred to GMACM. See id. GMACM serviced the loan from July 1, 2009 until servicing was transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013. See id. At the time the Rigel Loan was transferred to Ocwen it was owing for the June 1, 2012 payment. See id.

20. The Rigel Loan was referred to foreclosure on May 22, 2012 because it was owing for the March 1, 2012 payment. See Supplemental Declaration ¶ 16. A foreclosure complaint was filed on January 3, 2013. See id. On January 7, 2013, the Debtors approved Mr. Rigel for a trial HAMP modification plan (the "Trial Plan") and the foreclosure was placed on hold on January 18, 2013. See id. Upon information and belief, Mr. Rigel completed the Trial Plan and was approved for a permanent HAMP modification on April 25, 2013. See id. Upon information and belief, the foreclosure file was closed in May 2013 and Mr. Rigel continues to live in the property. See id.

**C.    Gay Claim**

21. On or around November 13, 2012, Mr. Gay filed a proof of claim against Debtor Residential Capital, LLC ("ResCap"), designated as Claim No. 4497 (the "Gay Claim"), asserting a general unsecured claim of $42,336.00. See Exhibit L to the Supplemental Declaration. See Exhibit A to the Objection. The Gay Claim was reclassified as a general unsecured claim against Homecomings pursuant to the Court's *Supplemental Order Granting Debtors' Thirty-Eighth Omnibus Objection to Claims (Wrong Debtor Borrower Claims)* [Docket No. 5898], entered November 20, 2013.

22. According to the Debtors' books and records, non-Debtor Trust One Mortgage Corporation ("Trust One") originated a loan to Mr. Gay on May 17, 2006 (the "Gay Loan"). See Exhibit A to the Objection; see also Gay Note, attached to the Supplemental Declaration as Exhibit M, and Gay Mortgage, attached to the Supplemental Declaration as Exhibit N. Debtor Residential Funding Company, LLC purchased the Gay Loan from Trust One and subsequently transferred its interest to ETrade Financial Corporation on or about May 30, 2006. See Exhibit A to the Objection. Homecomings servicing the loan from June 9, 2006 until servicing transferred to GMACM on or about July 1, 2009. See id. GMACM serviced the Gay Loan from July 1, 2009 until servicing transferred to Ocwen on February 16, 2013. See id. At the time servicing transferred to Ocwen, Mr. Gay's account was owing for the January 30, 2013 payment. See id.

**REPLY**

23. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. § 502(b)(1). As noted previously by the Court, claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. In re Residential Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014). See also Allegheny Int'l, Inc. v. Snyder (In re Allegheny Int'l, Inc.), 954 F.2d 167, 173-74 (3d Cir. 1992).

24. Once an objection refutes an essential allegation of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a

8

ny-1178284

preponderance of the evidence. Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007), aff'd sub nom., Peter J. Solomon Co. v. Oneida Ltd., No. 09-cv-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).

**A.     Boyd Claim**

25.     In the Boyd Response, Mr. Boyd asserts that even though the Ninth Circuit affirmed the dismissal of his lawsuit against the Debtors (which is the basis for his claim), res judicata does not prevent him from asserting his claim because he still has the opportunity to submit a petition for a writ of certiorari to the United States Supreme Court and his pending lawsuit against the Treasury Department.[9]

26.     Although Mr. Boyd has filed a petition for a writ of certiorari, the petition does not prevent res judicata from precluding the Boyd Claim. "A petition for a writ of certiorari to the United States Supreme Court does not affect the finality of the judgment below nor does it stay the mandate of the court below." Kendrick v. City of Eureka, 98 Cal. Rptr. 2d 153, 158, 371 (Cal. Ct. App. 2000); see also Sacramento Cnty. Dep't of Social Welfare v. Javier (In re Christy L), 187 Cal. App. 3d 753, 758-59 (Cal. Ct. App. 1986) ("It is immaterial that appellants have

---

[9] Mr. Boyd also objects to the motion of the *ResCap Liquidating Trust for Final Decree Closing Certain Jointly Administered Chapter 11 Cases* [Docket No. 8107]. See Boyd Response p. 2. That motion is not at issue in the Objection and therefore is not addressed in this Reply.

9

ny-1178284

filed a petition for writ of certiorari with the United States Supreme Court, because the filing of that petition has no effect on the finality of [the California Court of Appeal's] opinion.").

27. Furthermore, the filing of a lawsuit against the Treasury Department also does not affect the finality of the District Court Decision, as it is not an appeal of the Ninth Circuit's decision nor has Mr. Boyd put forward any evidence to suggest that the entry of a final order in his lawsuit is stayed pending the outcome of his lawsuit against the Treasury Department. As a result, Mr. Boyd has failed to demonstrate why the dismissal of his lawsuit against the Debtors, which forms the basis of the Boyd Claim, is not barred by the doctrine of res judicata.

B. **Rigel Claim**

28. As stated in the Objection, Mr. Rigel did not provide sufficient documentation to support the Rigel Claim. The Rigel Response does not provide any additional information, merely stating that "they have access to all of my mortgage paperwork in which there name is on it" and that "these people have been proven in a court of law of wrongdoing." See Rigel Response. Nowhere in the Rigel Response does Mr. Rigel allege a basis for a claim against the Debtors' estates. As a result, the Rigel Response does not show by a preponderance of the evidence how the Debtors' connection to Mr. Rigel gives rise to liability, and is not a sufficient response to the Objection that amounts to a colorable claim against the Debtors.

C. **Gay Claim**

29. In the Gay Response, Mr. Gay merely restates his assertions that he has a valid claim because "the lender was fully aware of my inability to afford and repay this loan, at such outrageous extortionate interest rate of 11%."[10] However, as noted in Exhibit A to the Objection

---

[10] Mr. Gay also asserts that his claim has already been allowed as part of the Plan. However, Mr. Gay is mistaken as to the treatment of the Gay Claim as a result of the Plan. The Plan did not allow any claims against the Debtors' estates, but vested the power to object to Borrower Claims with the Borrower Trust. Per this Court's *Order Granting Motion to Extend Date By Which Objections to Claims Must Be Filed* [Docket No. 7445], entered on August 26,

10

ny-1178284

and in ¶ 22 *supra*, the Gay Loan was not originated by the Debtors, which Mr. Gay does not refute. As a result, the Debtors cannot be liable for providing Mr. Gay with a loan or an interest rate that he could not afford, and the Gay Claim should be disallowed and expunged as no other basis for liability has been identified against a Debtor entity.

## CONCLUSION

30.    WHEREFORE, the Borrower Trust respectfully submits that the relief requested in the Objection should be granted in its entirety.


Dated:  March 26, 2015            /s/ Norman S. Rosenbaum
       New York, New York            Norman S. Rosenbaum
                                        Jordan A. Wishnew
                                        Jessica J. Arett
                                        MORRISON & FOERSTER LLP
                                        250 West 55th Street
                                        New York, New York 10019
                                        Telephone: (212) 468-8000
                                        Facsimile: (212) 468-7900

                                        *Counsel for the ResCap Borrower Claims Trust*

---

2014, the Borrower Trust has until June 15, 2015 to object to Borrower Claims. This date is subject to further extension with the approval of the Court.