# **Exhibit E**

SEE "PREPAYMENT PENALTY ADDENDUM TO N___" ATTACHED HERETO AND MADE A PART HERE___
SEE "PREPAYMENT ADDENDUM TO NOTE" ATTACHED HERETO AND MADE A PART HEREOF.

# ADJUSTABLE RATE NOTE

(LIBOR Six-Month Index (As Published In *The Wall Street Journal*) - Rate Caps)

LOAN NO.:       2127                                                    MIN:        3168
                                                                        MERS Phone: 1-888-679-6377

*THIS NOTE PROVIDES FOR A CHANGE IN MY FIXED INTEREST RATE TO AN ADJUSTABLE
INTEREST RATE. THIS NOTE LIMITS THE AMOUNT MY ADJUSTABLE INTEREST RATE CAN
CHANGE AT ANY ONE TIME AND THE MAXIMUM RATE I MUST PAY. THIS NOTE ALLOWS
MONTHLY PAYMENT OPTIONS FOR AN INITIAL PERIOD. THIS NOTE MAY REQUIRE UNPAID
INTEREST TO BE ADDED TO LOAN PRINCIPAL AND REQUIRE ME TO PAY ADDITIONAL
INTEREST ON THE UNPAID INTEREST (NEGATIVE AMORTIZATION).*

| DECEMBER 22, 2006 | HUNTINGTON BEACH | CALIFORNIA |
|---|---|---|
| [Date] | [City] | [State] |

1090-1092 LAKEBIRD DRIVE, SUNNYVALE, CA 94089-
[Property Address]

## 1.   BORROWER'S PROMISE TO PAY

In return for a loan that I have received, I promise to pay U.S. $   515,000.00   (this amount is called "Principal"),
plus interest, to the order of Lender. Lender is

**PLAZA HOME MORTGAGE, INC. SAN BRANCH**

I will make all payments under this Note in the form of cash, check or money order.

I understand that Lender may transfer this Note. Lender or anyone who takes this Note by transfer and who is entitled
to receive payments under this Note is called the "Note Holder."

## 2.   INTEREST

Interest will be charged on unpaid Principal until the full amount of Principal has been paid. I will pay interest at a
yearly rate of   7.250   %. The interest rate I will pay may change in accordance with Section 4 of this Note.

The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any
default described in Section 7(B) of this Note.

## 3.   PAYMENTS

(A) Time and Place of Payments

I will make my monthly payments on the first day of each month beginning on   FEBRUARY, 2007   . I will make
these payments every month until I have paid all of the principal and interest and any other charges described below that I
may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest
before Principal, if any. If, on   JANUARY 01, 2037   , I still owe amounts under this Note, I will pay those amounts in full
on that date, which is called the "Maturity Date."

I will make my monthly payments at   PLAZA HOME MORTGAGE, INC. SAN BRANCH
**5090 SHOREHAM PLACE #206, SAN DIEGO, CA  92122**
or at a different place if required by the Note Holder.

(B) Amount of My Monthly Payments

I will pay interest by making payments in the amount of US $   1,823.96   (the "Minimum Payment") month
until either (i) the first Interest Rate Change Date set forth in Section 4(A), or (ii) payment of the Minimum Payment on my
next scheduled payment date would cause my principal balance to exceed the Maximum Limit set forth in Section 3(D),
whichever event occurs first (the "Option Period"). The minimum Payment is calculated based upon the amount of interest
that will accrue each month at a rate equal to   4.250   %. Payment of the Minimum Payment amount will result
in accrued but unpaid interest being added to Principal. The unpaid Principal and any accrued but unpaid interest will then
accrue additional interest at the rate  then in effect. This practice is known as negative amortization.

After the expiration of the Option Period, I will pay interest by making payments in an amount sufficient to pay interest as it accrues every month until      JANUARY 01, 2017      (the "Interest Only Period"). This amount will be determined by the Note Holder as set forth in Section 4(C). In addition, if I make payments of principal and/or accrued unpaid interest during the Interest Only Period, my monthly interest-only payment amount will change and will be based on the remaining Principal and my then current interest rate.

After the expiration of the Interest Only Period, I will pay principal and interest by making payments every month for the remaining term (the "Full Amortization Period"). The amount of payments during the Full Amortization Period will be determined by the Note Holder as set forth in Section 4(C).

(C) Additions to My Unpaid Principal

During the Option Period, my monthly payment could be less than or greater than the amount of interest owed each month. For each month that my monthly payment is less than the interest owed, the Note Holder will subtract the amount of my monthly payment from the amount of the interest portion and will add the difference to my unpaid Principal. Interest will accrue on the amount of this difference at the interest rate required by Section 2 or Section 4. For each month that the monthly payment is greater than the interest portion, the Note Holder will apply the payment to interest before Principal.

(D) Limit on My Unpaid Principal; Increased Minimum Payment

My unpaid Principal can never exceed the Maximum Limit equal to      ONE HUNDRED TEN AND 000/1000THS
percent of the Principal amount I originally borrowed. My unpaid Principal could exceed that Maximum Limit due to additions to my unpaid Principal described in Section 3(C). If on any payment due date I would exceed the Maximum Limit by paying my Minimum Payment, then my monthly payment will be adjusted to an amount equal to the Interest Only Payment described in Section 3(E)(i). I will continue to pay that amount until the Interest Only Period expires.

(E) Additional Payment Options

During the Option Period, the Note Holder may provide me with up to three (3) additional payment options (the "Payment Options"). I will be eligible to select one of the Payment Options if it results in a larger monthly payment than my regular Minimum Payment. I may be given the following Payment Options:

(i) Interest Only Payment: Pay only the amount that would pay the interest portion of the monthly payment at the current interest rate. The Principal balance will not be decreased by this Payment Option and it is only available if the interest portion exceeds the Minimum Payment.

(ii) Fully Amortized Payment: Pay the amount necessary to pay the loan off (Principal and Interest) at the Maturity Date in substantially equal payments, at the then current interest rate.

(iii) 15 Year Amortized Payment: Pay the amount necessary to pay the loan off (Principal and Interest) within a fifteen (15) year term from the first payment due date in substantially equal payments, at the then current interest rate. These Payment Options are only applicable if they are greater than the Minimum Payment.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my Minimum Payment before the effective date of any change. The notice will include the amount of my monthly payment, any information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

4.    ADJUSTABLE INTEREST RATE

(A) Interest Rate Change Dates

The interest rate I will pay will change on the first day of      JANUARY, 2012      and the adjustable interest rate I will pay may change on that day every 6th month thereafter. The date on which my interest rate changes is called an "Interest Rate Change Date."

(B) The Index

Beginning with the first Interest Rate Change Date, my adjustable interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in The Wall Street Journal. The most recent index figure available as of the first business day of the month immediately preceding the month in which the Interest Rate Change Date occurs is called the "Current Index."

If the index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Interest Rate Changes

Before each Interest Rate Change Date, the Note Holder will calculate my new interest rate by adding
        TWO  AND ONE QUARTER            percentage points (   2.250  %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Interest Rate Change Date.

        The Note Holder will then determine the amount of the monthly payment. If the Interest Rate Change Date occurs during the Interest-Only Period, the new monthly interest-only payment will be based on the unpaid Principal that I am expected to owe at the Interest Rate Change Date and my new interest rate. If the Interest Rate Change Date occurs during the Full Amortization Period, my new monthly payment will be in an amount sufficient to repay the unpaid Principal that I am expected to owe at the Interest Rate Change Date at my new interest rate in substantially equal payments.

        (D) Limits on Interest Rate Changes

        The interest rate I am required to pay at the first Interest Rate Change Date will not be greater than    12.250    % or less than    2.250    %. Thereafter, my interest rate will never be increased or decreased on any single Interest Rate Change Date by more than        ONE AND 000/1000THS            percentage point(s) (   1.000    %) from the rate of interest I have been paying for the preceding      6      months. My interest rate will never be greater than 12.250    %.

        (E) Effective Date of Changes

        My new interest rate will become effective on each Interest Rate Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Interest Rate Change Date until the amount of my monthly payment changes again.

        (F) Notice of Changes

        The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given to me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

5.      BORROWER'S RIGHT TO REPAY

        I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under this Note.

        I may make a full Prepayment or partial Prepayments without paying any Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount before applying my Prepayment to reduce the Principal amount of this Note. If I make a partial Prepayment, there will be no changes in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes. My partial Prepayment may reduce the amount of my monthly payments after the first Change Date following my partial Prepayment. However, any reduction due to my partial Prepayment may be offset by an interest rate increase.

6.      LOAN CHARGES

        If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me that exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

7. **BORROWER'S FAILURE TO PAY AS REQUIRE**

(A) Late Charges for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of   15   calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be   5.000   % of my overdue payment of principal and interest. I will pay this late charge promptly but only once on each late payment.

(B) Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal that has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

8. **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Unless the Note Holder requires a different method, any notice that must be given to the Note Holder under this Note will be given by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

9. **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

10. **WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11. **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses that might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions read as follows:

Transfer of the Property or a Beneficial Interest in Borrower. As used in this Section, "Interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is the transfer of title by Borrower at a future date to a purchaser.

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by applicable law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender also may require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is mailed or delivered within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED

_____ (Seal)    _____ (Seal)
MICHAEL E. BOYD            -Borrower        PATRICIA L. PARAMOURE        -Borrower

_____ (Seal)    _____ (Seal)
                          -Borrower                                    -Borrower

_____ (Seal)    _____ (Seal)
                          -Borrower                                    -Borrower

_____ (Seal)    _____ (Seal)
                          -Borrower                                    -Borrower

[Sign Original Only]

5 YR OPTION ARM NOTE- MULTISTATE- BSR 4008
MTA-LIBOR Six Month Index                        Page 5 of 5

Pay to the order of
Without Recourse

Scott Zeitz, Wholesale Lending Manager
First Home Mortgage, Inc.

# PREPAYMENT PENALTY ADDENDUM TO NOTE

LOAN NO.: ██ 127                                    MIN: ██████ 3168
                                                    MERS Phone: 1-888-679-6377

This "PREPAYMENT PENALTY ADDENDUM TO NOTE" (hereinafter "Addendum") is made this
____22nd____ day of _____DECEMBER 2006_____ , and is incorporated into and shall be deemed to amend
and supplement the Promissory Note (the "Note") of same date made by the undersigned (the "Borrower") to
PLAZA HOME MORTGAGE, INC. SAN BRANCH


(the "Lender") which is secured by a Deed Of Trust or Mortgage ("Security Instrument") on real property
located at:            1090-1092 LAKEBIRD DRIVE, SUNNYVALE, CA 94089-
                                    [Property Address]

ADDITIONAL COVENANTS. In addition to the covenants and agreements made in the Note, Borrower and
Lender further covenant and agree that the paragraph entitled either "Borrower's Right To Prepay" or
"Borrower's Payments Before They Are Due", whichever is applicable, is replaced with the following new
section:

    I have the right to make payments of Principal at any time before they are due. A prepayment of all of the
unpaid principal is known as a "Full Prepayment." A prepayment of only part of the unpaid principal is known
as a "Partial Prepayment."

    Except as provided below, I may make a Full or Partial Prepayment without paying any penalty. If I make
a Partial Prepayment equal to one or more of my monthly payments, my due date may be advanced no more
than one month. If I make any other Partial Prepayments, I must still make each later payment as it becomes
due and in the same amount. I may make a Full or Partial Prepayment at any time.

    In the event, during the first      TWELVE    ( 12 ) months after the execution of the Deed of Trust, I
make a Full Prepayment or Partial Prepayment and the total of such prepayments in any twelve (12) month
period exceeds       TWENTY       percent (  20.00  %) of the original Principal amount of the loan, I will
pay a prepayment charge in an amount equal to the payment of       SIX      ( 6  ) months' advance
interest on the amount prepaid which is in excess of       TWENTY      percent (  20.00  %) of the original
Principal amount.


BY SIGNING BELOW, Borrower accepts and agrees to the terms and covenants contained in this Prepayment
Penalty Addendum To Note.


_Michael E. Boyd_____                    _12/26/06_____
MICHAEL E. BOYD                    Borrower              Date

_Patricia L. Paramoure_____                _12/26/06_____
PATRICIA L. PARAMOURE              Borrower              Date

_____                _____
                                   Borrower              Date

_____                _____
                                   Borrower              Date


LENDER SUPPORT SYSTEMS INC. PRE-CA.PRE (04/06)

LOAN NO.: ████2127

## PREPAYMENT NOTE ADDENDUM
### (Multi-State)

MIN: ████████████8168
MERS Phone: 1-888-679-6377


This Prepayment Note Addendum is made this 22nd day of    DECEMBER, 2006    and is incorporated into and shall be deemed to amend and supplement the Note of the same date (the "Note") made by the undersigned (the "Borrower") to evidence indebtedness to

**PLAZA HOME MORTGAGE, INC. SAN BRANCH**

(the "Lender") which debt is secured by a Mortgage or Deed of Trust or comparable security instrument (the "Security Instrument") of the same date and covering the property described in the Security Instrument and located at

**1090-1092 LAKEBIRD DRIVE, SUNNYVALE, CA  94089-**
(the "Property").

Additional Covenants. Notwithstanding anything to the contrary set forth in the Note, any addenda to the Note or the Security Instrument, Borrower and Lender covenant, and agree, that the provisions of the section of the Note entitled **"BORROWER'S RIGHT TO PREPAY"** or **"BORROWER'S PAYMENTS BEFORE THEY ARE DUE"** are amended to read as follows:

Subject to the prepayment penalty provided below, I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment". A "full prepayment" is the prepayment of the entire unpaid principal due under this Note. A payment of only part of the unpaid principal is known as a "partial prepayment". When I make a prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a prepayment if I have not made all the monthly payments due under this Note.

If within the  12  -month period beginning with the date I execute this Note (the "Penalty Period"), I make a full prepayment, or partial prepayment in any twelve (12)-month period that exceeds 20% of the original principal loan amount, I will pay a prepayment charge as consideration for the Note Holder's acceptance of such prepayment. The prepayment charge will equal the lesser of (a) the amount of interest that would accrue during a six (6)-month period on the amount prepaid that exceeds 20% of the original principal balance of this Note, calculated at the rate of interest in effect under the terms of this Note at the time of the prepayment; or (b) the maximum allowable prepayment penalty permitted by applicable law or regulation. No prepayment charge will be assessed for any prepayment occurring after the Penalty Period.

The Note Holder will apply all prepayments to reduce the amount of principal that I owe under this Note. However, the Note Holder may apply my prepayment to the accrued and unpaid interest on the prepayment amount, before applying my prepayment to reduce the principal amount of this Note. If I make a partial prepayment, there will be no change in the due dates of my monthly payments unless the Note Holder agrees in writing to those changes.

If this Note is an Adjustable Rate Note, partial prepayments may reduce the amount of my monthly payment after the first interest rate Change Date following the partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase. If this Note is not an Adjustable Rate Note, partial prepayments will not change the amount of my monthly payments unless the Note Holder agrees in writing to these changes.

The Note Holder's failure to collect a prepayment charge at the time a prepayment is received shall not be deemed a waiver of such charge. Any prepayment charge not collected at the time the payment is received shall be payable on demand.

All other provisions of the Note are unchanged and remain in full force and effect.

NOTE TO BORROWER

    Do not sign this Addendum before you read it. This Addendum provides for the payment of a prepayment charge if you wish to repay the loan prior to the date provided for repayment in the Note.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____(Seal)
MICHAEL E. BOYD                    -Borrower

_____(Seal)
PATRICIA L. PARAMOURE              -Borrower

_____(Seal)
                                   -Borrower

_____(Seal)
                                   -Borrower

_____(Seal)
                                   -Borrower

_____(Seal)
                                   -Borrower

_____(Seal)
                                   -Borrower

_____(Seal)
                                   -Borrower