**Exhibit L**

B 10 Modified (Official Form 10) (12/11) — Claim #4497  Date Filed: 11/13/2012

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number:

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property): **HEROID GAY**

Name and address where notices should be sent: **HEROID GAY / 31 ROSEDALE RD. / NORTH WOODMERE, NY 11581**

Telephone number: **917-434-9808**   email: **HEROIDGAY@YAHOO.COM**

☐ Check this box if this claim amends a previously filed claim.

Court Claim Number: _____ (*If known*)

Filed on: _____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

Telephone number:   email:

1. Amount of Claim as of Date Case Filed: $ **42,336**
   If all or part of the claim is secured, complete item 4.
   If all or part of the claim is entitled to priority, complete item 5.
   ☑ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: **HIGH INTEREST RATE 11% ABOVE**
   (See instruction #2)

3. Last four digits of any number by which creditor identifies debtor: **9405**

   3a. Debtor may have scheduled account as: _____ (See instruction #3a)

   3b. Uniform Claim Identifier (optional): _____ (See instruction #3b)

4. Secured Claim (See instruction #4)
   Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.
   Nature of property or right of setoff: ☑ Real Estate  ☐ Motor Vehicle  ☐ Other
   Describe:
   Value of Property: $ **60,000**  Annual Interest Rate **11.25** % ☑ Fixed  ☐ Variable
   (when case was filed)
   Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $ _____  Basis for perfection: _____
   Amount of Secured Claim: $ _____  Amount Unsecured: $ _____

5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

   ☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).
   ☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).
   ☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).
   ☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).
   ☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).
   ☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

   Amount entitled to priority:
   $ _____

   *Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

6. Claim Pursuant to 11 U.S.C. § 503(b)(9):
   Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
   $ _____ (See instruction #6)

7. Credits. The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

8. Documents: Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evidence of perfection of a security interest are attached. (See instruction #8, and the definition of "redacted".)
   DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.
   If the documents are not available, please explain:

9. Signature: (See instruction #9) Check the appropriate box.
   ☑ I am the creditor.  ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

   I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
   Print Name: **HEROID GAY**
   Title: _____
   Company: _____
   (Signature) (Date) **11/8/12**
   Address and telephone number (if different from notice address above):
   **917-434-9808**   **HEROIDGAY@YAHOO.COM**
   Telephone number:   Email:

**RECEIVED NOV 1 3 2012 KURTZMAN CARSON CONSULTANTS**

COURT USE ONLY

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

1212020121113000000000046

**Homecomings Financial**
*A GMAC Company*
PO Box 205
Waterloo, IA 50704-0205

10/18/07

HEROLD GAY

31 ROSEADALE RD

N WOODMERE     NY 11581

RE:   Account Number         ▮2980
      Property Address        7070 NORTHWEST 65TH TERRACE

                              PARKLAND     FL 33067

Loan No.: ▮▮▮01WH

## NOTE

| May 17, 2006 | | PARKLAND, FLORIDA | |
|---|---|---|---|
| Date | | City | |
| 7070 NW 65TH TERRACE, | PARKLAND, | FLORIDA | 33067 |
| Property Address | City | State | ZIP Code |

1. **DEFINITIONS**
   The headings at the beginning of each section are for convenience only and are not to be used in interpreting the text of the section. " X " means the terms that apply to this loan. "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). The Lender is TRUST ONE MORTGAGE CORPORATION, a CALIFORNIA Corporation. "You" or "your" means the Lender and its successors and assigns.

2. **BORROWER'S PROMISE TO PAY**
   For value received, I promise to pay to you, or your order, the PRINCIPAL sum of Sixty Thousand And 00/100 Dollars $ 60,000.00, plus interest. No additional advances are contemplated under this Note.

3. **INTEREST**
   I agree to pay interest on the outstanding principal balance at the rate of 11.000% per year until the full amount of principal has been paid. Interest accrues on the principal remaining unpaid from time to time, until paid in full. The interest rate and other charges on this loan will never exceed the highest rate or charge allowed by law for this loan.
   ACCRUAL METHOD: Interest will be calculated on a 30/360 basis. For interest calculation, the accrual method will determine the number of days in a year. If no accrual method is stated, then you may use any reasonable accrual method for calculating interest.
   POST MATURITY RATE: I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, at the rate of 18% or the maximum interest rate allowable by Applicable Law whichever is less.
   For purposes of this paragraph, maturity occurs:
   (1) On the date of the last scheduled payment of principal; or
   (2) On the date you accelerate the due date of this loan (demand immediate payment).

4. **PAYMENTS**
   I agree to pay this note in monthly payments. I will make my monthly payment on the SIXTEENTH day of each month beginning on June 16, 2006. The monthly payment will be $ 588.07. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note or until my balloon payment is due, if a balloon payment is indicated below. Unless otherwise required by law, each payment I make on this loan will be applied first to any charges I owe other than principal and interest, then to interest that is due, and finally to principal. The final payment of the entire unpaid principal and interest will be due May 16, 2031, which is called the "Maturity Date."
   The actual amount of my final payment will depend on my payment record. If any payment due under this loan does not equal or exceed the amount of interest due, you may, at your option, increase the amount of the payment due and all future payments to an amount that will pay off this loan in equal payments over the remaining term of this loan, subject to any balloon payment indicated below.
   I will make my monthly payments 108 PACIFICA, SUITE 300, IRVINE, CALIFORNIA 92618 or at a different place if required by you.
   I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell you in writing that I am doing so. I may make a full prepayment or partial prepayments without paying any prepayment penalty. You will use all of my prepayments to reduce the amount of principal that I owe under this note. I must still make each later payment in the original amount as it becomes due until this note is paid in full.
   [ ]  BALLOON PAYMENT. This loan is payable in full at maturity. I must repay the entire principal balance of the loan and unpaid interest then due. The Lender is under no obligation to refinance the loan at that time. I will, therefore, be required to make payment out of other assets that I may own, or I will have to find a Lender, which may be the Lender I have this loan with, willing to lend me the money. If I refinance this loan at maturity, I may have to pay some or all of the closing costs normally associated with a new loan even if I obtain refinancing from the same Lender.
   LATE CHARGE: I agree to pay a late charge on the portion of any payment made more than fifteen (15) calendar days after it is due equal to 5% of the unpaid amount. I will pay this late charge only once on each late payment. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment.

5. **SECURITY**
   My obligations under this note are separately secured by a Mortgage dated the same date as this note.
   Any present or future agreement securing any other debt I owe you also will secure the payment of this loan. Property securing another debt will not secure this loan if such property is my principal dwelling and you fail to provide any required notice of right of rescission. Also, property securing another debt will not secure this loan to the extent such property is in household goods.

6. **APPLICABLE LAW:**  This note and any agreement securing this note will be governed by the laws of the state of FLORIDA. The fact that any part of this note cannot be enforced will not affect the rest of this note. Any change to this note or any agreement securing this note must be in writing and signed by you and me.

7. **PAYMENTS BY LENDER:** If you are authorized to pay, on my behalf, charges I am obligated to pay (such as property insurance premiums), then you may treat those payments made by you as advances and add them to the unpaid principal under this note, or you may demand immediate payment of the charges.

8. **REAL ESTATE OR RESIDENCE SECURITY:** If this note is secured by real estate or a residence that is personal property, the existence of a default and your remedies for such a default will be determined by applicable law, by the terms of any separate instrument creating the security interest and, to the extent not prohibited by law and not contrary to the terms of the separate security instrument, by this agreement.

9. **ASSUMPTION:** This note and any document securing it cannot be assumed by someone buying the secured property from me. This will be true unless you agree in writing to the contrary. Without such an agreement, if I try to transfer any interest in the property securing this note, I will be in default on this loan. You may proceed against me under any due on sale clause in the security agreement, which is incorporated by reference.

10. **DEFAULT:** Subject to any limitations in the "REAL ESTATE OR RESIDENCE SECURITY" paragraph above, I will be in default on this note if any of the following occur:

(page 1 of 2)

Bankers Systems, Inc., St. Cloud, MN Form RFC-CESMNZFL 10/19/2001
flrfc2nt

(1) I engage in fraud or material misrepresentation, by my actions or failure to act, in connection with any phase of this note;
(2) I fail to make a payment on time or in the amount due;
(3) I take any action or inaction which adversely affects the collateral or your rights in the collateral, including but not limited to: (a) failure to maintain property insurance and flood insurance, if required, on the dwelling; (b) transfer of the property; (c) failure to maintain the property; (d) use of the property in a destructive manner; (e) failure to pay taxes on the property; (f) death; (g) the property is taken through eminent domain; (h) a judgment is filed against me and subjects the property to action that adversely affects your interest; or (i) a prior lien holder forecloses on the property and as a result, your interest is adversely affected.

11. **REMEDIES:** Subject to the limitations of any applicable right to cure and any limitations in the "REAL ESTATE OR RESIDENCE SECURITY" paragraph above, if I am in default on this loan or any agreement securing this loan, you may:
(1) Make unpaid principal, earned interest and all other agreed charges I owe you under this loan immediately due;
(2) Demand more security or new parties obligated to pay this loan (or both) in return for not using any other remedy;
(3) Make a claim for any and all insurance benefits or refunds that may be available on my default;
(4) Attach or garnish my salary or earnings to the extent allowed under applicable law;
(5) Use any remedy you have under state or federal law; and
(6) Use any remedy given to you in any agreement securing this loan.

By choosing any one or more of these remedies you do not give up your right to use another remedy later. By deciding not to use any remedy should I be in default, you do not give up your right to consider the event a default if it happens again.

12. **COLLECTION COSTS AND ATTORNEY'S FEES:** I agree to pay you all reasonable costs you incur to collect this debt or realize on any security. This includes your reasonable attorney's fees of (10%) of the principal sum due on this note or such larger amount as may be reasonable and just. This provision also shall apply if I file a petition or any other claim for relief under any bankruptcy rule or law of the United States, or if such petition or other claim for relief is filed against me by another.

13. **WAIVER:** I waive (to the extent permitted by law) demand, presentment, protest, notice of dishonor and notice of protest.

14. **OBLIGATIONS INDEPENDENT:** I understand that my obligation to pay all of the amounts owed under this loan is independent of the obligation of any other person who has also agreed to pay it. You may, without notice, release me or any of us, give up any right you may have against any of us, extend new credit to any of us, or renew or change this note one or more times and for any term, and I will still be obligated to pay this loan. You may, without notice, fail to perfect your security interest in, impair, or release any security and I will still be obligated to pay this loan.

15. **CREDIT INFORMATION:** I agree that from time to time you may receive credit information about me from others, including other lenders and credit reporting agencies. I agree that you may furnish on a regular basis credit and experience information regarding my loan to others seeking such information. To the extent permitted by law, I agree that you will not be liable for any claim arising from the use of information provided to you by others or for providing such information to others. I will give you any financial statements or information that you feel is necessary. All financial statements and information I give you will be correct and complete.

16. **PURCHASE MONEY LOAN:** If this is a purchase money loan, you may include the name of the seller on the check or draft for this loan.

**SIGNATURES:** I AGREE TO THE TERMS OF THIS NOTE. I have received a copy of this note.

_____   _____5/12/06_____
Date    HEROLD GAY         -Borrower    Date                        -Borrower


_____   _____
Date                        -Borrower    Date                        -Borrower

(Sign Original Only)

Bankers Systems, Inc., St. Cloud, MN Form RFC-CESMNZFL 10/19/2001

(page 2 of 2)

PAY TO THE ORDER OF WITHOUT RECOURSE

*Susan Wood*

TRUST ONE MORTGAGE CORPORATION
A CALIFORNIA CORPORATION
SUSAN WOOD
VICE PRESIDENT

**TRUST ONE MORTGAGE CORPORATION**
**PRIORITY ONE MORTGAGE**
108 Pacifica, Suite 300
Irvine, CA 92618
(949) 450 1800

HEROLD GAY
7070 NW 65TH TERRACE
PARKLAND, FL 33067

Loan Number: ▌01WH
Property: 7070 NW 65TH TERRACE
PARKLAND, FL 33067

## MODIFICATION TO PAYMENT DATE/REVISED PAYMENT COUPON

May 31, 2006

Dear Borrower(s),

Congratulations on your new home loan. Enclosed please find your final closing statement and checks for the debts to be paid. Please verify all information on the face/stub of the check(s), and then forward the checks to the appropriate parties. Check stubs are provided for the items we have already paid directly to the creditor.

We thank you for doing business with Trust One Mortgage Corporation / Priority One Mortgage. Please be advised that we will be collecting your payments until further notice. Attached is a temporary payment coupon for you to use until your permanent payment book or coupons arrive. Please include this coupon with your payment.

This payment coupon reflects a change in your first payment due date from the original due date listed on your $ 60,000.00 Note dated 05/17/2006. The revised payment date is based on the date your funds were disbursed which is 05/31/2006. Your new first payment due date will be on 06/30/2006. Your payment will continue to be due on the same date of each month until 05/30/2031. All other terms of your loan will remain unchanged. Questions regarding this matter should be directed to our Equity Funding Department at 949-450-1800.

If, for any reason, you were dissatisfied please take the time to let me know. We sincerely appreciate your business and we understand that our future growth depends upon you and your referrals.

Sincerely,


Equity Funding Department
Trust One Mortgage Corporation
Priority One Mortgage

----

### TEMPORARY PAYMENT COUPON

EQUITY

Loan Number: ▌01WH
Total Monthly Payment: $ 588.07

Date Due: 06/30/2006

Your Phone #: _____

Borrower(s): HEROLD GAY

Mail Payment to: Trust One Mortgage Corporation
108 Pacifica, Suite 300
Irvine, CA 92618
Attn: Servicing Department

> Please use this payment coupon to make your mortgage payment. If you have any questions regarding your payment, please contact us toll-free at 888-508-7878 and ask for the Servicing Department. It is your responsibility to ensure that your payment is made on time.

# TRUST ONE MORTGAGE CORPORATION

## ALLONGE TO NOTE

This Allonge to Note is to that certain Note dated **05/17/2006** and executed by:

**HEROLD GAY A SINGLE MAN**

In favor of **Trust One Mortgage Corporation**, A California Corporation as payee.

Without Recourse, Pay to the order of:

**Trust One Mortgage Corporation,**
A California Corporation

By: *Susan Wood* (signature)
_____
Susan Wood

Its: Vice President

Loan Number:      ▮▮▮▮01WH
Loan Amount:      $ 60,000.00
Property Address: 7070 NW 65TH TERRACE
                  PARKLAND, FL  33067

Date: June 1, 2006