**Exhibit M**

| NOTE |

Loan No.: ███1WH

May 17, 2006                                              PARKLAND, FLORIDA
_____Date_____                          _____City_____
7070 NW 65TH TERRACE,        PARKLAND,        FLORIDA                    33067
_____Property Address_____    _____City_____    _____State_____          _ZIP Code_

1. **DEFINITIONS**
The headings at the beginning of each section are for convenience only and are not to be used in interpreting the text of the section. " X " means the terms that apply to this loan. "I," "me" or "my" means each Borrower who signs this note and each other person or legal entity (including guarantors, endorsers, and sureties) who agrees to pay this note (together referred to as "us"). The Lender is TRUST ONE MORTGAGE CORPORATION, a CALIFORNIA Corporation. "You" or "your" means the Lender and its successors and assigns.

2. **BORROWER'S PROMISE TO PAY**
For value received, I promise to pay to you, or your order, the PRINCIPAL sum of Sixty Thousand And 00/100 Dollars $ 60,000.00, plus interest. No additional advances are contemplated under this Note.

3. **INTEREST**
I agree to pay interest on the outstanding principal balance at the rate of 11.000% per year until the full amount of principal has been paid. Interest accrues on the principal remaining unpaid from time to time, until paid in full. The interest rate and other charges on this loan will never exceed the highest rate or charge allowed by law for this loan.
ACCRUAL METHOD: Interest will be calculated on a 30/360 basis. For interest calculation, the accrual method will determine the number of days in a year. If no accrual method is stated, then you may use any reasonable accrual method for calculating interest.
POST MATURITY RATE: I agree to pay interest on the unpaid balance of this note owing after maturity, and until paid in full, at the rate of 18% or the maximum interest rate allowable by Applicable Law whichever is less.
For purposes of this paragraph, maturity occurs:
(1) On the date of the last scheduled payment of principal; or
(2) On the date you accelerate the due date of this loan (demand immediate payment).

4. **PAYMENTS**
I agree to pay this note in monthly payments. I will make my monthly payment on the SIXTEENTH day of each month beginning on June 16, 2006. The monthly payment will be $ 588.07. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this note or until all my balloon payment is due, if a balloon payment is indicated below. Unless otherwise required by law, each payment I make on this loan will be applied first to any charges I owe other than principal and interest, then to interest that is due, and finally to principal. The final payment of the entire unpaid balance of principal and interest will be due May 16, 2031, which is called the "Maturity Date."
The actual amount of my final payment will depend on my payment record. If any payment due under this loan does not equal or exceed the amount of interest due, you may, at your option, increase the amount of the payment due and all future payments to an amount that will pay off this loan in equal payments over the remaining term of this loan, subject to any balloon payment indicated below.
I will make my monthly payments 108 PACIFICA, SUITE 300, IRVINE, CALIFORNIA 92618 or at a different place if required by you.
I have the right to make payments of principal at any time before they are due. A payment of principal only is known as a "prepayment." When I make a prepayment, I will tell you in writing that I am doing so. I may make a full prepayment or partial prepayments without paying any prepayment penalty. You will use all of my prepayments to reduce the amount of principal that I owe under this note. I must still make each later payment in the original amount as it becomes due until this note is paid in full.
[ ] BALLOON PAYMENT. This loan is payable in full at maturity. I must repay the entire principal balance of the loan and unpaid interest then due. The Lender is under no obligation to refinance the loan at that time. I will, therefore, be required to make payment out of other assets that I may own, or I will have to find a Lender, which may be the Lender I have this loan with, willing to lend me the money. If I refinance this loan at maturity, I may have to pay some or all of the closing costs normally associated with a new loan even if I obtain refinancing from the same Lender.
LATE CHARGE: I agree to pay a late charge on the portion of any payment made more than fifteen (15) calendar days after it is due equal to 5% of the unpaid amount. I will pay this late charge only once on each late payment. No late charge will be assessed on any payment when the only delinquency is due to late fees assessed on earlier payments and the payment is otherwise a full payment.

5. **SECURITY**
My obligations under this note are separately secured by a Mortgage dated the same date as this note.
Any present or future agreement securing any other debt I owe you also will secure the payment of this loan. Property securing another debt will not secure this loan if such property is my principal dwelling and you fail to provide any required notice of right of rescission. Also, property securing another debt will not secure this loan to the extent such property is in household goods.

6. **APPLICABLE LAW:** This note and any agreement securing this note will be governed by the laws of the state of FLORIDA. The fact that any part of this note cannot be enforced will not affect the rest of this note. Any change to this note or any agreement securing this note must be in writing and signed by you and me.

7. **PAYMENTS BY LENDER:** If you are authorized to pay, on my behalf, charges I am obligated to pay (such as property insurance premiums), then you may treat those payments made by you as advances and add them to the unpaid principal under this note, or you may demand immediate payment of the charges.

8. **REAL ESTATE OR RESIDENCE SECURITY:** If this note is secured by real estate or a residence that is personal property, the existence of a default and your remedies for such a default will be determined by applicable law, by the terms of any separate instrument creating the security interest and, to the extent not prohibited by law and not contrary to the terms of the separate security instrument, by this agreement.

9. **ASSUMPTION:** This note and any document securing it cannot be assumed by someone buying the secured property from me. This will be true unless you agree in writing to the contrary. Without such an agreement, if I try to transfer any interest in the property securing this note, I will be in default on this loan. You may proceed against me under any due on sale clause in the security agreement, which is incorporated by reference.

10. **DEFAULT:** Subject to any limitations in the "REAL ESTATE OR RESIDENCE SECURITY" paragraph above, I will be in default on this note if any of the following occur:

(page 1 of 2)

Bankers Systems, Inc., St. Cloud, MN Form RFC-CESMNZFL 10/19/2001
flrfc2nt

(1) I engage in fraud or material misrepresentation, by my actions or failure to act, in connection with any phase of this note;
(2) I fail to make a payment on time or in the amount due;
(3) I take any action or inaction which adversely affects the collateral or your rights in the collateral, including but not limited to: (a) failure to maintain property insurance and flood insurance, if required, on the dwelling; (b) transfer of the property; (c) failure to maintain the property; (d) use of the property in a destructive manner; (e) failure to pay taxes on the property; (f) death; (g) the property is taken through eminent domain; (h) a judgment is filed against me and subjects the property to action that adversely affects your interest; or (i) a prior lien holder forecloses on the property and as a result, your interest is adversely affected.

11. **REMEDIES:** Subject to the limitations of any applicable right to cure and any limitations in the "REAL ESTATE OR RESIDENCE SECURITY" paragraph above, if I am in default on this loan or any agreement securing this loan, you may:
(1) Make unpaid principal, earned interest and all other agreed charges I owe you under this loan immediately due;
(2) Demand more security or new parties obligated to pay this loan (or both) in return for not using any other remedy;
(3) Make a claim for any and all insurance benefits or refunds that may be available on my default;
(4) Attach or garnish my salary or earnings to the extent allowed under applicable law;
(5) Use any remedy you have under state or federal law; and
(6) Use any remedy given to you in any agreement securing this loan.

By choosing any one or more of these remedies you do not give up your right to use another remedy later. By deciding not to use any remedy should I be in default, you do not give up your right to consider the event a default if it happens again.

12. **COLLECTION COSTS AND ATTORNEY'S FEES:** I agree to pay you all reasonable costs you incur to collect this debt or realize on any security. This includes your reasonable attorney's fees of (10%) of the principal sum due on this note or such larger amount as may be reasonable and just. This provision also shall apply if I file a petition or any other claim for relief under any bankruptcy rule or law of the United States, or if such petition or other claim for relief is filed against me by another.

13. **WAIVER:** I waive (to the extent permitted by law) demand, presentment, protest, notice of dishonor and notice of protest.

14. **OBLIGATIONS INDEPENDENT:** I understand that my obligation to pay all of the amounts owed under this loan is independent of the obligation of any other person who has also agreed to pay it. You may, without notice, release me or any of us, give up any right you may have against any of us, extend new credit to any of us, or renew or change this note one or more times and for any term, and I will still be obligated to pay this loan. You may, without notice, fail to perfect your security interest in, impair, or release any security and I will still be obligated to pay this loan.

15. **CREDIT INFORMATION:** I agree that from time to time you may receive credit information about me from others, including other lenders and credit reporting agencies. I agree that you may furnish on a regular basis credit and experience information regarding my loan to others seeking such information. To the extent permitted by law, I agree that you will not be liable for any claim arising from the use of information provided to you by others or for providing such information to others. I will give you any financial statements or information that you feel is necessary. All financial statements and information I give you will be correct and complete.

16. **PURCHASE MONEY LOAN:** If this is a purchase money loan, you may include the name of the seller on the check or draft for this loan.

SIGNATURES: I AGREE TO THE TERMS OF THIS NOTE. I have received a copy of this note.

_____    _____
Date  HEROLD GAY    -Borrower    Date  5/12/06    -Borrower

_____    _____
Date    -Borrower    Date    -Borrower

(Sign Original Only)

Bankers Systems, Inc., St. Cloud, MN Form RFC-CESMNZFL 10/19/2001
(page 2 of 2)

PAY TO THE ORDER OF WITHOUT RECOURSE

*[signature]*

TRUST ONE MORTGAGE CORPORATION
A CALIFORNIA CORPORATION
SUSAN WOOD
VICE PRESIDENT

Identifier: 2980        Doc Type:NOTE

# TRUST ONE MORTGAGE CORPORATION

## ALLONGE TO NOTE

This Allonge to Note is to that certain Note dated **05/17/2006** and executed by:

**HEROLD GAY A SINGLE MAN**

In favor of **Trust One Mortgage Corporation**, A California Corporation as payee.

Without Recourse, Pay to the order of:

Trust One Mortgage Corporation,
A California Corporation

By: _____*Susan Wood*_____
         Susan Wood

Its:  Vice President

Loan Number:         ▮▮▮▮01WH
Loan Amount:         $ 60,000.00
Property Address:    7070 NW 65TH TERRACE
                     PARKLAND, FL  33067

Date:  June 1, 2006