MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESPONSE OF THE RESCAP BORROWER CLAIMS TRUST TO ORDER TO SHOW CAUSE WHY COURT SHOULD NOT IMPOSE SANCTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011
<u>AGAINST PABLO E. BUSTOS, ESQ.</u>**

ny-1181590

The ResCap Borrower Claims Trust (the "Trust") established pursuant to the terms of the Plan filed in the above-captioned Chapter 11 Cases, as successors in interest to the above-captioned Debtors with respect to Borrower Claims matters, by and through undersigned counsel, hereby submits this response (the "Response") to the *Order To Show Cause Why Court Should Not Impose Sanctions Pursuant to Federal Rule of Bankruptcy Procedure 9011 Against Pablo E. Bustos, Esq.,* **Docket No. 8207**. The Trust respectfully states as follows:

1. As the Court points out in the Order to Show Cause (the "OTSC"), the affirmative defenses proffered by Mr. Bustos on his client's behalf were frivolous, untimely and unsubstantiated by the evidence. By signing a legal pleading, an attorney certifies to the Court that the claims, defenses and other legal contentions are warranted by existing law and are not frivolous. *See* Fed. R. Bankr. P. 9011(b)(2). Mr. Bustos, in his affirmation (*see* D.E. 8313), simply asserts that he did not believe his client's arguments to be lacking merit or to be frivolous. Notwithstanding the Court's instruction to "explain[] why each asserted Affirmative Defense does not constitute a violation of Bankruptcy Rule 9011," notably absent from the affirmation is any explanation of the analysis he undertook to validate the propriety of the arguments he proffered in furtherance of his client's claims. This suggests to the Trust that Mr. Bustos took the same cavalier approach to responding to the Trust's "books and records" claims objection as he took with defending and responding to the objection of the ResCap Liquidating Trust to his client's purported administrative claim.

2. The Trust's belief is further evidenced by Mr. Bustos' statement that in his affirmation that "[the claim] could be settled without, relatively speaking, more protracted litigation." *See* D.E. 8313 at ¶4. This statement suggests to the Trust that Mr. Bustos expected

1

ny-1181590

the Trust to quickly settle Mr. Burnett's claim and not require Mr. Bustos to defend the merits of the claim.

3. Now, recognizing the effort it will take to bring his client's claim to a final resolution, Mr. Bustos is encouraging his client to get new counsel. *See* D.E. 8313 at ¶5.

4. Notwithstanding Mr. Bustos' recognition that he may not be the best advocate for Mr. Burnett, Mr. Bustos should not be absolved of the responsibility to compensate the Trust for the time and expense of preparing, prosecuting and defending a meritorious objection to Claim Nos. 345 and 3743. The Trust expended a great deal of effort to ensure that it addressed all of the arguments Mr. Bustos proffered in support of its claim.[1] However, Mr. Bustos did not so the same. It is evident he did not properly assess his client's defenses nor counsel Mr. Burnett as to why a certain argument may not be valid or appropriate. As a result, the Trust was required to spend time addressing frivolous arguments.

5. Moreover, Mr. Bustos has compounded his mistakes. The ResCap Liquidating Trust may be compelled to respond to a complaint, which was filed by Mr. Bustos at the same time that the hearing on Mr. Burnett's claims was proceeding before the Court. *See* Adv. Pro. No. 15-01044, Docket No. 1. To date, to the best of its knowledge, the ResCap Liquidating Trust has not been served with the complaint filed in the adversary proceeding (the "Complaint") nor has Mr. Bustos docketed an Affidavit of Service in the adversary proceeding. While largely unintelligible, the Complaint purports to seek relief that is not available from the Debtors or either trust, is duplicative of the claims resolution process, and based on the Trust's preliminary review, is otherwise wholly lacking in merit. The Complaint purports to seek declaratory relief in relation to HAMP, but neither the Trust nor the ResCap Liquidating Trust is

---

[1] Should the Court choose to impose monetary sanctions against Mr. Bustos, the Trust will quantify the efforts expended in addressing Claim Nos. 345 and 3743.

presently engaged in loan servicing and has not been since February 2013. While styled as a request for declaratory relief, in reality, the Complaint seeks monetary relief against the Debtors based on allegations of pre-petition conduct (as best as the Trust is able to ascertain from the narrative in the Complaint). As such, it is duplicative of a mature claims process involving Mr. Burnett and a wholly improper and untimely attempt to amend an existing proof of claim. Counsel to the ResCap Liquidating Trust attempted, without success, to contact Mr. Bustos during the week of March 22, 2015 to request that he withdraw the Complaint – Mr. Bustos did not respond. The ResCap Liquidating Trust served Mr. Bustos with a *Notice of Applicability of the Order Approving Mandatory Supplemental AP Procedures for AP Actions* (Adv. 15-0104, Dkt. #4). Finally, more than a week ago, counsel to the Trust also reached out to Mr. Bustos to explore the possibility of consensually resolving the contested claims, but has yet to hear back from counsel.

## CONCLUSION

6. For the reasons stated, the Trust defers to the Court's judgment with respect to the imposition of monetary sanctions against Mr. Bustos, but submits they are warranted. In addition, the Trust respectfully requests that Mr. Bustos be directed to dismiss the Complaint to avoid the necessary expenditure of time and effort on the part of the ResCap Liquidating Trust to seek the dismissal thereof.

ny-1181590

| | |
|---|---|
| Dated: March 27, 2015<br>New York, New York | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Borrower Claims Trust* |