## Exhibit 1

**Proposed Order**

ny-1181299

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

——————————————————————————— )
                                                        )
In re:                                              )        Case No. 12-12020 (MG)
                                                        )
RESIDENTIAL CAPITAL, LLC, et al.,    )        Chapter 11
                                                        )
                              Debtors.          )        Jointly Administered
——————————————————————————— )

### ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS ((I) NO LIABILITY BORROWER CLAIMS, (II) REDUNDANT BORROWER CLAIMS, AND (III) MISCLASSIFIED BORROWER CLAIMS)

Upon the eighty-fifth omnibus objection to claims (the "Objection")[1] of the ResCap Borrower Claims Trust (the "Trust"), established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors with regard to Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No Liability Borrower Claims and the Redundant Borrower Claims and reclassifying the Misclassified Borrower Claims as general unsecured claims on the Claims Register, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; upon consideration of the Objection and the *Declaration of David Cunningham in Support of the ResCap Borrower Claims Trust's Eighty-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Redundant Borrower Claims, and (III) Misclassified Borrower Claims)* annexed thereto as <u>Exhibit 2</u>, and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower Claims Trust's Eighty-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Redundant Borrower Claims, and (III) Misclassified Borrower Claims)*, annexed thereto as <u>Exhibit 3</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>No Liability Borrower Claims</u>") are disallowed and expunged with prejudice; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on <u>Exhibit B</u> annexed hereto under the column "Claims to be Disallowed and Expunged" (collectively, the "<u>Redundant Borrower Claims</u>") are disallowed and expunged with prejudice; and it is further

2

ny-1181749

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit C (collectively, the "Misclassified Borrower Claims") are hereby reclassified as general unsecured claims; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Borrower Claims and the Redundant Borrower Claims identified on the schedule attached as Exhibit A and Exhibit B hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to reclassify the Misclassified Borrower Claims as set forth on the schedule attached as Exhibit C hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on Exhibit A, Exhibit B, or Exhibit C annexed to this Order, and the Trust's and any party in interest's right to object on any basis are expressly reserved with respect to any such claim not listed on Exhibit A, Exhibit B, or Exhibit C annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No

Liability Borrower Claims identified on <u>Exhibit A</u>, Redundant Borrower Claim identified on

<u>Exhibit B</u>, and Misclassified Borrower Claim identified on <u>Exhibit C</u> annexed hereto, as if each

such Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:  _____, 2015
        New York, New York


                                    _____
                                    THE HONORABLE MARTIN GLENN
                                    UNITED STATES BANKRUPTCY JUDGE

ny-1181749

**<u>Exhibit A</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT A

EIGHTY-FIFTH OMNIBUS OBJECTION – NO LIABILITY (BORROWER CLAIMS)

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 2523 | Mattie L. Calhoun<br><br>PO Box 9001719<br>Louisville, KY 40290-1719<br><br>$85,184.56 Secured<br><br>GMAC Mortgage, LLC | Loan Modification issues , Origination Issues, General Servicing Issues | EquiFirst Corporation originated the loan on June 28, 2005. Debtor Residential Funding purchased the loan from EquiFirst Corporation and transferred its interest when the loan was securitized on or about August 1, 2005 where US Bank National Association was appointed as trustee. Debtor HomeComings Financial serviced the loan from August 12, 2005 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time servicing transferred to Ocwen, Claimant's account was owing for March 1, 2013.<br><br>Claimant did not assert a basis for claim in box 2 of the proof of claim form or in the attachments to the proof of claim. On May 20, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim. Claimant responded by letter ("Response Letter") on June 4, 2013 and alleges i) Debtor did not make Claimant aware of the mortgage transferring to a new company "until the last minute", ii) the mortgage payment increased to $1,031 even though they were told the payment would not change after the modification, and iii) the Claimant "was sold a bag of goods" at origination, and the appraisal at origination was deficient.<br><br>Debtor has no liability for Claimant's assertion that Debtor did not properly | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | inform Claimant of loan being transferred to new company because Debtor provided adequate notice to Claimant, and Claimant acknowledged the transfer prior to the actual transfer.  Debtors' records show Debtor mailed a letter to Claimant on February 7, 2013 informing him that Ocwen Loan Servicing would be their new servicer as of February 15, 2013.  Claimant spoke with Debtor via phone on February 14, 2013 acknowledging that they received the letter regarding the servicing transfer to Ocwen.  On the call, Debtor informed Claimant that the servicing transfer to Ocwen was occurring in connection with the Debtors' bankruptcy and the sale of certain of Debtors' assets to Ocwen.<br><br>Debtor has no liability for Claimant's assertion that the mortgage payment improperly increased after the HAMP modification was completed in June 2010 because every increase to Claimant's required monthly payment was proper and in accordance with the terms of the modification, note and mortgage.  Each increase in the Claimant's required monthly payment occurred because the Claimant's property taxes or property insurance obligations increased, thereby increasing the required escrow portion of the Claimant's monthly mortgage payment.  In section 4C of the modification, it states that the escrow amounts could change.  Debtor also confirmed that the required monthly principal and interest payments never changed after consummation of the modification. Debtors' records show the mortgage payment decreased to $608.04 when the HAMP permanent modification was completed.  This reduced the principal and interest portion of the payment to $303.93 and the escrow portion of the payment to $304.11 (from $599.78 and 206.25, for P&I and escrows, respectively).  Debtor confirmed that the payment at issue of $1,031.43 | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | referenced in Claimant's Response Letter is comprised of $303.93 in principal and interest, and $727.50 in escrows for taxes and insurance.<br><br>Debtor has no liability for Claimant's assertion involving the origination of Claimant's loan or the appraisal used at origination because no Debtor was involved in the origination of the loan.  Claimant's loan was originated by EquiFirst Corporation. | |
| 4701 | Gale Gibbs<br><br>C/O Post Office Box 6741<br>Arlington, TX 76005-6741<br><br>$83,352.55<br>General Unsecured<br><br>GMAC Mortgage, LLC | General No Liability | Homecomings Financial Network, Inc. originated the loan on August 16, 2006. Debtor Residential Funding Company purchased the loan from Homecomings and transferred its interest when the loan was securitized on or about September 28, 2006 where Deutsche Bank Trust Company Americas was appointed as trustee. Debtor Homecomings Financial serviced the loan from August 16, 2006 until servicing transferred to GMAC Mortgage, LLC on or about (July 1, 2009).  GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on Feb 16th, 2013.<br><br>Claimant asserts "fraud in the factum and uncompensated conversion of promissory note" as basis for claim in box 2 of the proof of claim form.  Claimant asserts a claim of $83,352.55, which Claimant states is comprised of $50,000 for the note, $2,000 for a "downpayment", $29,000 for "estimated interest", and $2,352.55 for "current escrow".  Claimant also states on the face of the proof of claim "if my limited comprehension of derivative financial instruments is inaccurate, and this claim is in error, the judge may void this claim."  Claimant provides no other documentation or explanation supporting the basis for claim. On June 21, 2013, Debtors mailed to Claimant a letter requesting additional | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | information and documentation in support of the claim.  Claimant responded on July 29, 2013 by letter stating "every loan contract since about 1986 is a fraud in the factum deceptive trade practice" and that Claimant is generally victim of Debtors fraud and deceptive trade practices.  Claimant further asserts that they "deserve 90 per cent (sic) of the profit gain from the sale of call of the derivatives for why my (mortgage) is a part of the trust that was securitized and sold".<br><br>Claimant makes conclusory allegations and proffers no evidence whatsoever showing how the Debtors purportedly harmed Claimant in any way, or that Debtors owe Claimant money.  Debtor reviewed its books and records and found no evidence of money owed to Claimant or wrongdoing on the part of any Debtor.  At the time Claimant's loan was transferred to Ocwen on February 16, 2013, Claimant's account was current. | |
| 2459 | RICHARD F INGRAM AND<br><br>JR Kent Constructions CO<br>6521 S Woodlawn Ave<br>Chicago IL 60637<br><br>$82,582.00<br>General Unsecured<br><br>GMAC Mortgage, LLC | Origination Issues, General No Liability | St. Francis Mortgage Company originated the loan secured by property at 6521 S. Woodlawn Avenue, Chicago, IL on October 29, 2003.  Debtor Residential Funding Company purchased the loan from St. Francis Mortgage Company and transferred its interest when the loan was securitized on or about January 1, 2004 where JP Morgan Chase Bank N.A. was appointed as trustee.  Debtor Homecomings Financial serviced the loan from January 13, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009.  GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.   At the time servicing transferred to Ocwen, Claimant's account was owing for March 1, 2013 payment.<br><br>Claimant asserts "mortgage note" as basis for claim in box 2 of the proof of claim | |

4

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | form. In an attachment to the proof of claim, Claimant states "the mortgage and mortgage note copies were never received at the closing. Because this loan has been transferred multiple times, my previous attempts to secure the above documents was unsuccessful." Claimant provides no additional basis for claim or explanation of damages asserted of $82,582. On June 21, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim; however, Claimant did not respond. On December 6, 2013, Claimant spoke to Brian Powers of Silverman Acampora, Special Counsel to the Official Committee of Unsecured Creditors of Residential Capital, LLC (prior to confirmation of the Debtors' Chapter 11 Plan), and stated that Claimant agreed to withdraw the claim after confirming that his loan was funded by a non-Debtor; however, Claimant failed to return the withdrawal form.<br><br>Debtors have no liability for Claimant's assertion that Debtor did not provide Claimant with copies of the mortgage and note at closing because no Debtor was involved with the origination of Claimant's loan. Furthermore, Claimant has failed to demonstrate how he was damaged by this assertion. | |
| 2417 | RICHARD F INGRAM<br><br>4747 S Woodlawn Chicago, IL 60615<br><br>$73,847<br>General Unsecured | General No Liability, Origination Issues | St. Francis Mortgage Company originated the loan secured by property at 6533-35 S. Carpenter Avenue, Chicago, IL on October 29, 2003. Debtor Residential Funding Company purchased the loan from St. Francis Mortgage Company and transferred its interest when the loan was securitized on or about January 1, 2004 where JP Morgan Chase Bank N.A. was appointed as trustee. Debtor Homecomings Financial serviced the loan from January 13, 2004 until servicing transferred to GMAC Mortgage, LLC on or about (July 1, 2009). GMAC | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | GMAC Mortgage, LLC | | Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time servicing transferred to Ocwen, Claimant's account was owing for March 1, 2013 payment.<br><br>Claimant asserts "mortgage note" as basis for claim in box 2 of the proof of claim form.  In an attachment to the proof of claim, Claimant states "the mortgage and mortgage note copies were never received at the closing.  Because this loan has been transferred multiple times, my previous attempts to secure the above documents was unsucessful."  Claimant provides no additional basis for claim or explanation of damages asserted of $73,847.  On June 21, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim.  On July 29, 2013, Claimant responded by letter; however, the letter was blank and did not include any additional documents or explanation for the basis of claim.<br><br>Debtors have no liability for the assertion that Debtors did not provide copies of loan documents at closing because Debtors were not involved in the closing of Claimant's loan.  The loan was originated by St. Francis Mortgage, a non-Debtor.  Furthermore, Debtors have no liability because Claimant offers no evidence showing how the Debtors' actions harmed Claimant in any way, or that Debtors owe Claimant any money.  Debtor reviewed its books and records and found no evidence of money owed to Claimant or wrongdoing on the part of Debtor as servicer of Claimant's account. | |
| 4923 | David F. Howard | Interest Rate and | First-Citizens Bank & Trust Company originated the loan on February 19, 1998. Debtor GMAC Mortgage, LLC purchased the loan from First-Citizens Bank & Trust | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | 5382 Murphy Rd<br>Pink Hill, NC 28572<br><br>$78,852.54<br>General Unsecured<br><br>GMAC Mortgage, LLC | Fees Collected | Company and then transferred its interest to Fannie Mae.  Debtor GMAC Mortgage LLC serviced the loan from September 1, 2000 until servicing transferred to GreenTree Servicing, LLC on February 1, 2013.  At the time servicing transferred to Ocwen, Claimant's account was owing for February 1, 2013 payment.<br><br>Claimant asserts "Had to pay GMAC lawyers - their responsibilitie (sic)" as basis for claim in box 2 of the proof of claim form.  In an attachment to the proof of claim, Claimant states he is entitled to reimbursement of unlawful foreclosure charges by Debtors' foreclosure attorneys, Shapiro and Ingle Law Firm.  On June 21, 2013, Debtors sent a letter to Claimant requesting additional information and documentation is support of the claim.  On July 23, 2013, Claimant responded by letter stating that they paid Shapiro and Ingle $6,809.90 to cover certain past due payments, which included $3,852.54 in improper fees.  Claimant attaches a copy of the $6,089.90 check dated December 29, 2009.  No other documents were included.<br><br>Debtor confirmed that all ofhte fees included in the $6,809.90 payment required by Debtor were properly charged to Claimant's account.  The mortgage deed signed by the claimant states that the claimant is responsible for any fees associated with the loan.  Specifically, paragraph 7 of the mortgage deed states "If the borrower fails to perform the covenants and agreements contained in this Security Instrument, or there is a legal proceeding that may significantly affect Lender's rights in the property...Any amounts dispursed by Lender under paragraph 7 shall become additional debt of borrower."  Each charge to | |

7

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Claimant's account, including the foreclosure-related fees, arose because Claimant was past due on his account.  Debtors' records show that Claimant failed to resolve the delinquency after a breach of contract letter was sent to the claimant on August 19, 2009.  Accordingly, the loan was referred to foreclosure on October 2, 2009. At the time of the referral, the loan was due for July 1, 2009. Debtors' records confirm the Claimant reinstated the account by wiring $6,089.90 on January 5, 2010, which covered all amounts owing and credits on the account, including the payments due from July 1, 2009 to January 1, 2010 or $3,798.34, $133.76 in late fees, $97.50 in inspection fees, $2,108.79 in foreclosure fees, and an offset or credit of $48.49 from funds held in suspense.  Debtor confirmed that each of these amounts was calculated and charged correctly. | |
| 2089 | LORA H BROWN AND<br><br>Smith Construction Company<br>121 Hampton Cove<br>Michigan City, MS 38647<br><br>$74,817.00<br>General Unsecured<br><br>GMAC Mortgage, LLC | Loan Modification Issues | Finance America LLC originated the loan on October 12, 2005.  Debtor Residential Funding Company purchased the loan from Finance America LLC and transferred its interest when the loan was securitized on or about December 1, 2005 where US Bank, NA was appointed as trustee.  Debtor HomeComings Financial serviced the loan from December 19, 2005 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009.  GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  At the time servicing transferred to Ocwen, Claimant's account was owing for the September 1, 2012 payment.<br><br>Claimant's asserts "high interest rate not being allowed a lower rate because of race." On the face of the proof of claim, Claimant also states "not given a modification".  On June 21, 2013, Debtors mailed to Claimant a letter requesting | |

ny-1180111

| Claim No(s). | Name and Address  Claim Amount  Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | additional information and documentation in support of the claim; however Claimant failed to respond.  Debtor has no liability for any assertion by Claimant that she was improperly denied a lower interest rate on the basis of race because Claimant has not proffered any evidence in support of such an allegation.  As noted herein, Debtor confirmed that in every instance that a modification was denied, Debtors acted in accordance with applicable investor and HAMP guidelines.  Furthermore, Debtor confirmed that Claimant actually did receive a substantial interest rate reduction from a permanent modification implemented in 2012.  Under the 2012 modification, Claimant's interest rate was reduced from 9.35% to 5% and the monthly principal and interest payment was reduced from $637.39 to $440.27.  Debtors' records show a loan modification was reviewed and a traditional trial plan was approved on September 17, 2009; however, Claimant did not accept the trial plan and instead filed for bankruptcy, thereby closing out the loan modification review.  Claimant submitted a new workout package to Debtor August 10, 2010.  The loan modification was denied on August 23, 2010 due to Claimant having insufficient income.  Claimant submitted a new workout package to Debtor on June 14, 2011.  Debtors approved a traditional modification on August 31, 2011 and documents were mailed to Claimant September 2, 2011 with documents due back September 20, 2011.  Debtors' records show the signed modification was not returned by September 20, 2011, resulting in the plan being cancelled.  Claimant spoke with Debtor via phone on October 21, 2011 asking for update on the loan modification.  Debtor advised Claimant that the loan | |

9

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | modification was approved and permanent modification documents had been mailed out in September and were due back September 20, 2011. Debtor resent modification documents on October 28, 2011 and spoke with Claimant on October 29, 2011 advising her that permanent modification documents had been remailed. Claimant spoke with Debtor via phone November 1, 2011 inquiring about the amount of the permanent modification payment as Claimant had been told payment would be $640 and not the $689.83 that was listed on the documents. Debtor advised that payment increased because permanent modification documents were not being received by due date in September. Debtor also advised payment includes escrow payment. Debtors' records show that Claimant executed the traditional modification documents on November 2, 2011. Debtor forwarded approved loan modification to bankruptcy court for approval which the bankruptcy court approved on January 4, 2012 and approval was received by Debtor on March 5, 2012. Claimant spoke with Debtor via phone on March 8, 2012. Debtor advised court approval for loan modification has been received and modification is in process of being finalized. The Traditional Permanent Loan Modification was updated to Claimant's account on March 21, 2012. The modification brought November 2010 through March 2012 payments current on the loan leaving account due for April 1, 2012. The permanent modification reduced Claimant's interest rate from 9.35% to 5% reduced Claimant's principal and interest payment from $637.39 to $440.27. | |
| 3871 | Christopher J. Murphy / Quandalyn E. | Origination Issues, General | Total Mortgage Network, LLC originated the loan on March 24, 2004. Debtor Residential Funding Company purchased the loan from Total Mortgage Network, LLC and transferred its interest when the loan was securitized on or about May 1, | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | Murphy<br><br>12121 Patricia Avenue<br>Port Allen, LA 70767<br><br>$72,143.46<br>General Unsecured<br><br>Homecomings Financial, LLC | no liability | 2004 where JP Morgan Chase Bank N.A. was appointed as trustee.  Debtor Homecomings Financial serviced the loan from May 15, 2004 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009.  GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time servicing transferred to Ocwen, Claimant's account was owing for March 1, 2013 payment.<br><br>Claimant asserts "Predatory Lending" as basis for claim in box 2 of the proof of claim form.  On May 24, 2013, Debtors sent a letter to Claimant requesting additional information and documentation is support of the claim.  On June 25, 2013 Claimant responded stating "we believe we were victims of predatory lending and fraud.  On 3/24/2004, we were coerced into buying a property that the seller used straw buyer to buy a HUD property 3/19/2003 and sold it to us without making any improvements on the property and profiting over $61,000 less than a year later.  We were steered to a conventional loan (had it been and FHA loan, they would have caught this) with adjustable rate which caused my family dearly.  We continually ask GMAC to refund our money."<br><br>Debtors have no liability for Claimant's assertion that they were coerced into buying their property and steered toward a conventional loan because no Debtor was involved in the origination of Claimant's loan or the sale of the property to Claimant, and Claimant has not provided any evidence to the contrary.  Claimant's loan was originated by non-Debtor Total Mortgage Network, LLC on March 24, 2004. | |

ny-1180111

| 1281 | Linda J Vines & Gregory J Vines<br><br>3510 Derby Shire Circle<br>Baltimore, MD 21244<br><br>$60,795.71<br>General Unsecured<br><br>GMAC Mortgage, LLC | Origination Issues, Interest Rate and Fees Collected | Capital One Home Loans, LLC originated the loan on May 19, 2007.  Debtor GMAC Mortgage, LLC purchased the loan from Capital One Home Loans, LLC and transferred its interest when the loan was securitized on or about October 26, 2007 where The Bank of New York Trust Company N.A. was appointed as Indenture Trustee.  Debtor GMAC Mortgage LLC serviced the loan from June 28, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time servicing transferred to Ocwen, Claimant's account was owing for February 24, 2013 payment.<br><br>Claimant asserts "2nd Mortgage with high interest payments" as basis for claim in box 2 of the proof of claim form.  On June 21, 2013, Debtors sent a letter to Claimant requesting additional information and documentation is support of the claim.  On July 15, 2013, Claimant responded stating only "Over 90% of our monthly loan payments are posted to interest each month since inception 5/19/07.  See attached payment history.  The high interest rate and interest posing (sic) practice has made this loan a financial hardship."<br><br>Debtors have no liability for Claimant's assertion of "high interest payments" because all interest required and charged to the account is consistent with the terms of Claimant's note, which Claimant signed and shows that the interest rate is 11.99%, and the monthly payment is $668.55.  Debtors also confirmed that Claimants signed a Truth In Lending document prior to origination, which notifies the Claimant of the payment terms of the proposed note.  The Debtors have no liability for the interest rate tied to Claimant's loan because no Debtor was involved in the origination of the loan.  Claimant's loan was originated by non-Debtor Capital One Home Loans, LLC. | |
| 1102 | Karl Mayforth<br><br>1126 Luthy Circle, N.E.<br>Albuquerque, NM 87112 | Origination Issues, Standing Issues, General Servicing Issues, General No | Homecomings Financial originated loan on October 6, 1998.  Debtor Residential Funding Company purchased the loan from Homecomings and transferred its interest when the loan was securitized.  The First National Bank of Chicago was appointed as securitization trustee.  The loan was subsequently transferred back to Residential Funding Company, and it was then transferred to Freddie Mac on | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
|  | $49,105.61<br>Admin Priority<br><br>Homecomings Financial Real Estate Holdings, LLC | Liability | or about January 16, 2007. Debtor GMAC Mortgage, LLC serviced the loan from September 11, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 15, 2013.  At the time servicing transferred to Ocwen, Claimant's account was owing for March 1, 2013 with an unpaid principal balance of $39,400.68.<br><br>Claimant asserts "no proof exists that ties note an (sic)related papers to this value of property" as basis for claim in box 2 of the proof of claim form.  Claimant asserts a claim amount of $49,105.61 but provides no support or explanation for Claimant's calculations of damages.  Claimant also attached a letter to proof of claim stating that previous paperwork provided to him suggests his loan was paid in full.  On that basis, Claimant states "it is therefore my duty to request and demand all monies be returned to me since the inception of this 'so called loan'".  Claimant provides no other documentation or explanation supporting the basis for claim.  On June 21, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim.  Claimant responded by letter ("Response Letter") on July 22, 2013 stating that i) "The note has been blatantly and admittedly sold, converted to a stock, clearly separating the chain of title and associated papers thereby no clear interest in the ownership can be proven," and ii) "There is no money.  Federal Reserve Act 1913 State of Emergency, Bankruptcy of United States 1933," and iii) "Banks or other creditors lent nothing for any loan.  They only wanted a signature to access Social Security accounts and additional signatures from checks that will be securitized, monetized again and again." |  |

13

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Debtors have no liability for the general lack of standing claims because Debtors' records show that Debtors had standing to service Claimant's loan on behalf of the applicable owner of the loan.  Furthermore, Claimant has failed to demonstrate how he was damaged.<br><br>Debtors have no liability for the assertion that Debtors improperly collected payments from Claimant on the basis that the loan was "paid in full" because at all times that Debtors serviced Claimant's loan, Claimant's loan was never paid in full.<br><br>Debtors have no liability for the remaining vague and conclusory allegations, and Claimant proffers no evidence whatsoever that Debtors either harmed Claimant or owe Claimant money in connection with those claims.  Debtor reviewed its books and records and found no evidence of money owed to Claimant. | |
| 4586 | Ryan Ramey<br><br>P.O. Box 1000<br>Otisville, NY 10963<br><br>$47,104.81<br>General Unsecured<br><br>Residential Capital, LLC | General No Liability | First National Bank of Arizona originated the loan on February 26, 2004.  The loan was subsequently securitized and JP Morgan Chase Bank was appointed as trustee on or about June 1, 2004.  Debtor GMAC Mortgage LLC serviced the loan from June 14, 2004 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time Claimant's loan was transferred to Ocwen, Claimant's account was current.<br><br>Claimant asserts "F.R.B.P Rules 3001 & 3002" as basis for claim in box 2 of the proof of claim form.  Attached to the claim is an eleven point "declaration of Ryan R. Ramsey".  Points 1 through 9 state basic information about the Claimant's loan, including the property address, the name of the originating lender, the initial | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
|  |  |  | principal balance and interest rate, unpaid principal balance as of November 1, 2012, and other basic loan information.  Point #10 states "I have served notice on July 14, 2012 to Lauren M. Nashelsky and Gary S. Lee of Lorenzo Marinuzzi Morrison & Forerster LLP at 1290 Avenue of the Americas New York 10104, that in the event that their client would receive relief by a reduction from indebtedness from its creditors, then I am requesting, by proof of claim, the same reduction by percentage of my principle (sic) amount remaining due as of the date of the court ordered reduction."  Point #11 states "That Federal Rules of Bankruptcy Procedure Rules 3001 and 3002 provide relief for my claim upon any reduced settlement that the debtor may receive from the court and its proceedings."  Claimant also attaches a copy of the note and a payment history.<br><br>Debtors have no liability as Claimant fails to proffer any evidence demonstrating how the Debtors harmed Claimant, that Debtors owe Claimant money, or that Claimant is entitled to any relief in connection with "Federal Rules of Bankruptcy Procedure Rules 3001 and 3002."  Debtor reviewed its books and records and found no evidence of money owing to Claimant or wrongdoing on the part of Debtor as servicer of Claimant's account. |  |
| 3806 | Esteban Losoya and Maria Monerva Losoya<br><br>1321 Brazos St. Rosenberg, TX 77471 | General No Liability, Loan Modification issues | GreenPoint Mortgage Funding Inc. originated the loan on July 6, 2001.  Debtor GMAC Mortgage, LLC purchased the loan from GreenPoint Mortgage Funding Inc. and transferred its interest to Freddie Mac.  Debtor GMAC Mortgage serviced the loan from December 17, 2001 until servicing transferred to Ocwen Loan Servicing on February 16, 2013.  At the time servicing transferred to Ocwen, Claimant's account was owing for March 1, 2013 payment. |  |

15

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | $46,000<br>General Unsecured<br><br>GMAC Mortgage, LLC | | Claimant asserts "payment due on notes to GMAC Mortgage 3457 Hammond Ave, Waterloo, Iowa" as basis for claim in box two of the proof of claim form. Claimant also states on the face of the proof of claim form "asking for lower A.I.R like 2.0 APR." Claimant provides no additional explanation for the claim or the claim amount of $46,000. On May 24, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim. Claimant responded by letter (Response Letter) on June 19, 2013 and states "GMAC Mortgage Corporation came to the George R Brown Convention Center on February of 2012. We filed through NACA's website for a 2.0 AIP Fixed Rate. We do not have any information on the date mentioned above but have information on the enclosed documents dated May 28, 2013 only because we never received a response from the representatives of NACA and its affiliates before GMAC filed for bankruptcy." Claimant included brochure from NACA with Response Letter, but provided no other explanation for the basis of claim or calculation of damages.<br><br>Debtor has no liability for any assertions offered by Claimant because Claimant has failed to demonstrate or proffer evidence showing why any Debtor owes Claimant money. Debtors' records do not show any information was received from NACA regarding Claimant's loan. Furthermore, Debtors do not have any liability for actions taken by NACA because NACA is a non-Debtor entity with no direct connection to any Debtor. Accordingly, Debtors are not responsible for any failure of NACA to provide assistance to Claimant. | |
| 4399 | Simon Hadley | Escrow Issues, | Integrity Home Funding LLC originated the loan on February 19, 2004. Debtor | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | 175 W. Falls Street Seneca Falls, NY 13148<br><br>$35,838.35 General Unsecured<br><br>GMAC Mortgage, LLC | Interest Rate and Fees Collected | GMAC Mortgage, LLC purchased the loan from Integrity Home Funding LLC and transferred its interest when the loan was securitized on or about May 27, 2004 where Wells Fargo Bank, NA was appointed as trustee.  Debtor GMAC Mortgage serviced the loan from March 29, 2004 until servicing transferred to Ocwen Loan Servicing on February 16, 2013.  At the time servicing transferred to Ocwen, Claimant's account was owing for March 1, 2013 payment.<br><br>Claimant's asserts "overcharged fees and taxes" as basis for claim in box 2 of the proof of claim form. Claimant provides no additional explanation for the basis for claim or the damages asserted of $35,838.35. On June 21, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim; however Claimant failed to respond.<br><br>Debtor has no liability for any assertion involving "overcharged fees and taxes" because Claimant has not proffered any evidence to support this allegation. Furthermore, Debtors' records show that in every instance Debtors charged fees or required funds for escrows on Claimant's account, Debtors acted correctly and in accordance with the terms of the mortgage – specifically those provisions in the mortgage cited in section 4 ("Borrower's Obligation to Pay Charges, Assessments and Claims") and section 9 ("Lender's Right to Protect Its Rights in The Property").  Section 4 states "I (borrower) will pay all taxes, assessments... that may be imposed on the Property and that may be superior to this Security Instrument". Section 9 of the mortgage deed signed by Claimant titled "Lender's Right to Protect its Rights in the Property" states "if I (borrower) do not keep my promises and agreements made in this Security Instrument...then Lender may do | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and Lender's rights under this Security instrument... I will pay to Lender any amounts, with interest, which Lender spends under this Section 9." | |
| 4564 | BRETT MASSIE AND BROWN OHAVER<br><br>1277 N LAYMAN ST Gilbert, AZ 85233<br><br>$29,231.59 General Unsecured<br><br>GMAC Mortgage, LLC | Escrow Issues, Paid and Satisfied | Homecomings Financial Network, Inc. originated the loan on June 25, 2005. Debtor Residential Funding Company purchased the loan from Homecomings and transferred its interest when the loan was securitized on or about August 30, 2005 where US Bank N.A. was appointed as trustee. Debtor Homecomings Financial serviced the loan from June 25, 2005 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time servicing transferred to Ocwen, Claimant's account was owing for March 1, 2013 payment.<br><br>Claimant asserts "Insurance Settlement" as basis for claim in box 2 of the proof of claim form. Attached to the claim is a letter dated June 23, 2010 from GMAC Mortgage, LLC to Claimant. The letter references a remaining undistributed balance of insurance proceeds totaling $29,231.59, which is also the asserted amount of the claim.<br><br>Debtor has no liability because Claimant's insurance claim was paid in full to Claimant, and Debtor acted in accordance with Debtors' internal policies and procedures. Debtors' records show i) the date of the loss occurred on March 22, 2010; ii) Debtor received the insurance check from the insurance carrier in the amount of $48,946.36; iii) the first draw of the proceeds was sent to Claimant on June 23, 2010 in the amount of $19,714.77; iv) a second draw was sent to | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Claimant on July 23, 2010 in the amount of $19,714.74 as it was determined that the repairs were 65% complete; and v) the final draw was sent to Claimant on August 6, 2010 in the amount of $9,516.81. | |
| 3447 | Ronald & Gail Matheson<br><br>22424 Poplar Ct Murrieta CA, 92562<br><br>$20,846.29 General Unsecured<br><br>Residential Capital, LLC | Escrow Issues | GMAC Mortgage Corporation originated the loan on December 5, 2003 and transferred its interest when the loan was securitized on or about March 30, 2004 where Wilmington Trust Company was appointed as trustee. Debtor GMAC Mortgage serviced the loan from December 5, 2003 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time servicing transferred to Ocwen, Claimant's account was owing for March 20, 2013 payment.<br><br>Claimant asserts "insurance money being held for repairs on real property sent to GMAC Mortgage by State Farm Insurance on our behalf" a basis for claim in box 2 of the proof of claim form. Claimant attaches a letter dated July 9, 2012 from Debtor regarding the process for obtaining a draw from their insurance claim.<br><br>Debtor has no liability for any assertion by Claimant regarding insurance money being held for repairs on property because in every instance Debtors handled Claimant's insurance claim appropriately and in accordance with Debtors' standard policies and procedures. Specifically, Debtors withheld certain insurance proceeds because Claimant failed to prove that 40% of the repairs had been completed, a condition required in order to receive insurance funds held by Debtor. Furthermore, the funds at issue were transferred to the new servicer, Ocwen, when Claimant's loan was servicing transferred on February 16, 2013, so any claim for insurance proceeds should be addressed with Ocwen. | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Debtors' records show Claimant's property sustained damage from hail on August 6, 2009. Debtor received insurance proceeds in amount of $13,871.40 on September 23, 2009 from the insurance carrier, and this sum was released to Claimant to allow commencement of repairs. Debtor received additional insurance proceeds from the insurance carrier in the amount of $20,846.29 on October 22, 2009 and placed the funds in escrow. In accordance with Debtors' standard policies and procedures, the funds were held until inspection results showed 40% of repairs were completed.  Debtor spoke with Claimant via phone January 12, 2010 and advised Claimant an inspection was ordered January 11, 2010. Claimant stated not ready for inspection on property as no work has been done. Debtor advised Claimant to contact them once property is ready and repairs are 40% complete.  Debtor attempted to follow up with Claimant via phone on May 11, 2010, June 14, 2010, and July 12, 2010, but Claimant either did not answer or call back.  Debtor spoke with Claimant via phone on September 24, 2010, and Claimant stated work has not begun on the property.  Debtor continued to contact Claimant via phone and sent out letters for follow up regarding property repairs on December 29, 2010; January 5, 2011; April 6, 2011; May 4, 2011; June 3, 2011; July 1, 2011; August 23, 2011; September 19, 2011; October 17, 2011; November 9, 2011; December 6, 2011; January 4, 2012; February 24, 2012; April 18, 2012; May 16, 2012; June 12, 2012; July 9, 2012; August 7, 2012; August 31, 2012; September 26, 2012; October 23, 2012; November 30, 2012; December 26, 2012; January 18, 2013; and February 12, 2013; with no answer from Claimant or returned call. Debtor did not receive notification of 40% completion of repairs prior to service release to Ocwen on February 16, 2013.  Accordingly, the insurance funds at issue were transferred to | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Ocwen upon the servicing transfer of Claimant's loan. | |
| 2882 | Sherry S Tyson<br><br>123 Shady Glen Lane Albany, GA 31721<br><br>$19,000 Priority<br><br>Residential Capital, LLC | General No Liability | Debtor had no involvement in the loan at issue in Claimant's proof of claim. Debtor was only involved with a subsequent loan made to Claimant, which was originated by Mortgage Investors Corporation on October 12, 2010. Debtor GMAC Mortgage serviced the loan from October 22, 2010 until servicing transferred to Green Planet Servicing on October 2, 2012. At the time servicing transferred to Green Planet Servicing, Claimant's account was owing for October 1, 2012 payment.<br><br>Claimant asserts "appraisal, attorneys, miscellaneous" as basis for claim in box 2 of the proof of claim form. Claimant attaches a breakdown of damages totaling $19,577.15 comprised of "payments" of $12,370.16, "accrued late charges" of $43.36, "Misc. Corp. Advance" $5,204.87, "Other Fees" of $400, and "Attorney Fees and Costs" of $1,558.76. Claimant provides no other explanation of the basis for claim. On September 19, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim. Claimant responded by letter on September 27, 2013 and alleges Claimant did not understand the various charges comprising the $19,577.15 that she paid on January 28, 2009 to bring the account current. She also states that she paid the amount to "Wells Fargo mortgage company."<br><br>Debtors have no liability for any assertion by Claimant regarding monies paid to Wells Fargo on January 28, 2009 because Debtors had no involvement in Claimant's loan or the transaction at issue. Debtors' records show Debtor did not begin servicing a loan for Claimant until October 22, 2010, which was originated | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | by Mortgage Investors Corporation on October 12, 2010.  Additionally, Claimant has not proffered any evidence in support of Claimant's allegations, or that Debtor had any involvement with the Wells Fargo loan. | |
| 4966 | Phenon Walker Edgewater Trust<br><br>13880 Edgewater Drive Lakewood, OH 44107<br><br>$18,950.20 General Unsecured<br><br>GMAC Mortgage, LLC | Escrow Issues | First National Bank of Arizona originated the loan on April 28, 2003.  Debtor Residential Funding Company purchased the loan from First National Bank of Arizona and transferred its interest when the loan was securitized on or about June 1, 2003 where JP Morgan Chase N.A. was appointed as trustee. Debtor HomeComings Financial serviced the loan from June 13, 2003 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time servicing transferred to Ocwen, Claimant's account was owing for July 1, 2004 payment.<br><br>Claimant asserts "insurance reimbursement claim funds" as basis for claim in box 2 of the proof of claim form.  Claimant attaches an insurance document showing a damage evaluation prepared by Meritplan Insurance Company.  On June 21, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>Debtors' records show Claimant's property sustained wind damage on August 25, 2011 with a total estimated damage amount of $6,286.54. Debtors received payment from the insurance carrier in the amount of $3,185.93 on September 7, 2012 and placed the funds in escrow. Claimant's property suffered vandalism on October 4, 2011 with total damage estimated at $3,065.25. Debtors received an insurance payment from the carrier of $1,333.10 on September 14, 2012 and | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | placed the funds in escrow. Claimant's property suffered plumbing backup on August 9, 2012 with total damage estimate of $11,598.41. Debtors received a payment of $9,884.72 on September 19, 2012 and placed the funds in escrow. Debtors attempted to contact Claimant by phone on October 16, 18, 19, 26, 29, and 30, 2012; November 26, 27, and 29, 2012; December 31, 2012; January 3, 18, and 30, 2013;  to inquire about Claimant's status to obtain a contract for repairs. In each instance, Claimant did not answer or return Debtor's call. As a result, the property insurance funds were not sent to Claimant. When the loan was transferred to Ocwen on February 16, 2013 the insurance funds in the escrow account in the amount of $14,403.75 were transferred to Ocwen.<br><br>Debtor has no liability for any assertion by Claimant involving "insurance reimbursement" because Claimant neither proffered any evidence in support of the Debtors' alleged wrongdoing nor amounts owing to Claimant by Debtors. Furthermore, Debtors' records show that Debtor handled Claimant's insurance claim appropriately in every instance.  Specifically, per Debtors' standard policies and procedures, Claimant is required to submit a contract for repairs from the general contractor and obtain an inspection prior to the release of any insurance proceeds to Claimant.  Claimant failed to provide the aforementioned items to Debtor despite Debtors' repeated attempts to obtain them. | |
| 3612 | DEBORAH GIDLOW HYATT<br><br>23948 BENNINGTON | Interest Rate and Fees Collected, Paid and Satisfied | Pinnacle Financial Corporation originated loan on August 5, 2005. Non-Debtor Impac Funding Corporation purchased the loan from Pinnacle Financial Corporation. Debtor GMAC Mortgage, LLC purchased the loan from Impac Funding and transferred its interest when the loan was securitized on or about | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | DRIVE<br>Valencia, CA 91354<br><br>$18,606.29<br>General Unsecured<br><br>GMAC Mortgage, LLC | | September 29, 2005 where Deutsche Bank Trust Company was appointed as trustee. Debtor GMAC Mortgage serviced the loan from December 7, 2005 until servicing transferred to Ocwen Loan Servicing on February 16, 2013. At the time servicing transferred to Ocwen Loan Servicing, Claimant's account was owing for January 1, 2013 payment.<br><br>Claimant states "Debtor failed to adhere to the terms of the loan starting March 1, 2009 and thereafter, without authorization, the Debtor fixed the interest rate at 5.5% instead of adjusting to the Adjustable Rate Note (LIBOR Six-Month Index)" as basis for claim in the proof of claim. Claimant attaches a schedule detailing the calculation of asserted damages totaling $18,606.29.<br><br>Debtor has no liability because the Claim is paid and satisfied. Debtor compensated Claimant on November 28, 2012 (twenty days after Claimant filed the proof of claim) with a refund check of $19,356.73, which addressed all damages and issues alleged in Claimant's proof of claim.<br><br>Debtors' servicing records show Debtor mailed correspondence to Claimant on December 12, 2008, notifying Claimant that Debtor was freezing Claimant's interest rate at 5.5% for five years effective January 1, 2009.  This reduced the interest rate by 1.125% as the interest rate at time of correspondence was 6.625%.  This interest rate adjustment was requested by the investor of the loan, not by Claimant.  Had the terms of the Mortgage Note and Deed been kept in effect, at each subsequent change date then the lower interest rates would have been favorable to Claimant.  Claimant discovered the difference in rates and by letter on September 18, 2012 requested GMAC to refund the excess interest. | |

24

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | GMAC responded on September 25, 2012 by providing a copy of the modification letter and explaining why the interest rate was frozen.  Borrower then sent a second letter to GMAC on November 15, 2012 with the same request.  Debtor reviewed the file on November 28, 2012 and recalculated the interest amounts, and a representative of GMAC spoke to Claimant by telephone and was able to resolve the issue by agreeing to reverse the frozen interest rate off the account, lower the interest rate to 4.25%, and refund $19,356.73 in overpaid interest.  Debtor sent a letter to Claimant on November 28, 2012 providing written proof of the reversal of the interest rate freeze, and enclosing the calculations and a refund check in the amount of $19,356.73.  Debtor confirmed the $19,356.73 check with check #12556070 was cashed within 90 days of issuing the check.  See Cleared Check Report, attached ot the Objection as <u>Exhibit A-1</u>. | |
| 5576 | Herchella Baynes<br><br>7901 S. Aragon Blvd. #5<br>Sunrise, FL 33322<br><br>$12,700<br>General Unsecured<br><br>GMAC Mortgage, LLC | General Servicing Issues, General No Liability | Aames Funding Corporation (DBA Aames Home Loan) originated the second lien loan on May 2, 2006. The loan was subsequently securitized on or about October 30, 2006 where Citibank, NA was appointed as trustee. Debtor GMAC Mortgage, LLC serviced the loan from September 19, 2006 until May 8, 2012 when Claimant's account was settled and written off. At the time Claimant's account was settled, Claimant's account was owing for January 1, 2009 payment.<br><br>Claimant did not assert a basis for claim in box 2 of the proof of claim form or in the attachments to the proof of claim. On May 20, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim. Claimant responded by letter on June 12, 2013 stating "I believe I am entitled to relief from GMAC. They sent me a letter for settlement of | |

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | approximately $9,000 but after finding out my home was pre-foreclosure, they would not work with me and made me pay 12,700 consequently my home was written off. I was not aware of this at the time. I had to borrow almost the total amount from family members causing great pain and anguish of fear of losing my home, my primary residence."<br><br>Debtor has no liability for any assertion by Claimant that she was originally offered a settlement of $9000 that Debtor did not honor.  Debtors' books and records do not reflect such an offer and Claimant has proffered no evidence of the same.  On the contrary, Debtors' records show Claimant and Debtor agreed to settle Claimant's loan for a payment from Claimant of $12,700, a significant discount over the balance owing at the time.<br><br>Debtors' records show Claimant sent Debtor an offer by letter on April 13, 2012 to settle Claimant's loan for a payment of $10,000. Debtor declined Claimant's settlement offer on April 18, 2012 and countered Claimant's offer at $14,659.70, which was only 22% of the unpaid principal balance due for the loan. Claimant responded to Debtors' counter offer on April 23, 2012 asking Debtor to reconsider Claimant's original offer of $10,000 stating she is unable to come up with the additional money. Claimant spoke with Debtor via phone on April 27, 2012 stating cannot pay $14,000 to settle loan but will put in writing counter offer for $12,000. Debtor received updated counter offer from Claimant on April 30, 2012 offering to pay $12,000 to settle the outstanding balance on the loan. Debtor sent a letter to Claimant on May 7, 2012 offering to settle loan for $12,700 stating funds were needed by May 24, 2012 and the remaining funds due | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | on the loan would be forgiven.  Debtors received $12,700 from Claimant on May 8, 2012 and Debtor mailed letter to Claimant on May 9, 2012 confirming the balance on the account is $0.00. | |
| 2041 | Hayward Goodson Jr. c/o Syvillie L. Goodson<br><br>3521 Tara Dr. Florence, SC 29505<br><br>$12,500.00 General Unsecured<br><br>GMAC Mortgage, LLC | Origination Issues, General Servicing Issues | Gateway Funding Diversified Mortgage Services LP originated the second lien loan on November 9, 2004.  Debtor GMAC Mortgage, LLC purchased the loan from Gateway Funding Diversified Mortgage Services LP and transferred its interest when the loan was securitized on or about December 25, 2004 where Wells Fargo Bank, National Association was appointed as trustee. Debtor HomeComings Financial serviced the loan from October 3, 2003 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time servicing transferred to Ocwen, Claimant's account was owing for February 20, 2013 payment.<br><br>Claimant asserts "mortgage note" as basis for claim in box 2 of the proof of claim form. Claimant does not provide additional explanation for basis for claim. On May 20, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim. Claimant responded by letter on June 17, 2013 and alleges he was led to believe the 2nd lien loan was a fixed-rate when it is actually a variable rate loan, and that Debtors' letter to Claimant dated November 9, 2011 offering to settle Claimant's account for a payment of $18,000.00 is an admission of wrongdoing.<br><br>Debtor has no liability for any assertion by Claimant that the loan should be a fixed rate and not an adjustable rate mortgage because the note that Claimant | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | signed is a variable interest rate loan. The section "Initial Rate with Discount or Premium" on page 1 of the note clearly explains the interest rate terms, which include a fixed rate based on an annual rate of 7.000% or daily rate of .01918%for the first three months, and a variable interest rate after February 15, 2005. Additionally, the loan application signed by Claimant states that the loan would be a variable interest rate loan. Moreover, Debtors have no liability because no Debtor was involved in the origination of Claimant's loan. Claimant's loan originated by Gateway Funding Diversified Mortgage Services LP.<br><br>Debtor has no liability for any assertion arising from Debtors' offer to accept $18,000.00 to settle the loan because the offer is not an admission of wrongdoing, and Debtor found no evidence supporting the notion that the offer related to Claimant's interest rate on their note or any dispute involving the interest rate on their note. | |
| 3911 | Matthew Kirlewski<br><br>2815 N Hartung Milwaukee, WI 53210<br><br>$9,037.15 Secured<br><br>Residential Capital, LLC | Escrow Issues | Homecomings Financial originated the loan on October 3, 2003. Debtor GMAC Mortgage, LLC purchased the loan from Homecomings. Debtor HomeComings Financial serviced the loan from October 3, 2003 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage, LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time servicing transferred to Ocwen, Claimant's account was owing for August 1, 2009.<br><br>Claimant asserts "escrow account for real estate" as basis for claim in box 2 of the proof of claim form. Claimant attaches an escrow analysis statement from June 15, 2012 reflecting a projected surplus of $9,037.15, which equals the amount | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | asserted in the proof of claim. On June 21, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim. Claimant responded by letter on July 24, 2013 and alleges funds are due to Claimant as funds in escrow account were held by bank pursuant to mortgage agreement.<br><br>Debtor has no liability for any assertion by Claimant that a surplus of money is owed to Claimant because no surplus was ever owing to Claimant. The escrow surplus of $9,037.15, as shown in the escrow analysis, is a projected amount -- not an actual amount -- which was calculated based on the assumption that Claimant makes all payments owing on the note. Debtors' records show the account was significantly past due and owed for August 1, 2009 through June 1, 2012 payments  as of the date the escrow analysis that was run on June 15, 2012. The second page of the escrow analysis statement, which is attached hereto as Exhibit A-2, shows the escrow balance as of June 15, 2012 was $317.96. The projected surplus was predicated on Debtor receiving the August 2009 and September 2009 payments of $264.06 each, as well as the additional delinquent payments totaling $10,997.54, for a total of $11,525.66. In sum, the escrow analysis shows that if Claimant had paid $11,525.66 by August 1, 2012, then Claimant's account would have an escrow surplus of $9,037.15. However, Debtors' records show Claimant never made those payments, so there was no surplus owing to Claimant. | |
| 1980 | Nestor Fantone & Bernadette Fantone | General No Liability, Loan | GMAC Mortgage Corporation originated the loan on January 30, 2006 and transferred its interest when the loan was securitized on or about March 1, 2006 | |

ny-1180111

| Claim No(s). | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | 1870 San Benito Way Coalinga, CA 93210<br><br>Unliquidated<br><br>GMAC Mortgage, LLC | Modification Issue | where JP Morgan Chase Bank, NA was appointed as trustee. GMAC Mortgage, LLC serviced the loan from origination until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time servicing transferred to Ocwen, Claimant's account was owing for March 1, 2013 payment.<br><br>In Claimant's proof of claim, Claimant states "We...request...a permanent 30-year fixed payment including principal and interest of our loan with current monthly payment plan.. Our primary concern is the modification which is granted does not show any principal payment and we would like to keep our home and pay it off in 30 years." Claimant attaches two monthly mortgage account statements, but provides no additional explanation for the basis for claim. Claimant does not assert an amount for their claim. On June 21, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim. Claimant responded by letter on July 22, 2013 stating would like court to grant request to have a 30 year fixed monthly payment of $613.38 as Claimants are concerned that the current term of the loan will adjust and may not be affordable. Claimants attached monthly account statement, paystub and medical information in their response.<br><br>Debtor has no liability because Claimant fails to state a valid basis of claim that gives to rise to an obligation of any Debtor. Claimant appears to only seek new terms for their modification, which Debtor is unable to provide because no Debtor currently services Claimant's loan.  Debtors' records show the Claimant's existing modification signed by Claimant requires interest only payments from September 1, 2011 through August 1, 2021, after which payments convert to | |

ny-1180111

| Claim No(s). | Name and Address / Claim Amount / Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | principal and interest payments. Debtors have no records suggesting Claimant's unwillingly or unknowingly entered into this agreement. In fact, the modification provided material benefit to Claimant by curing a delinquency on the account that was 180+ days at the time of the modification. | |
| 4579 | Christian Alape<br><br>100 Lakeview Ave Piscataway, NJ 08854-2726<br><br>$1,000,000<br>General Unsecured<br><br>GMAC Mortgage, LLC | General No Liability | Claimant asserts "loss of home due to (GMAC) Residential Capital LLC negligence to secure maximum flood insurance." In an attachment to the proof of claim, Claimant states that Debtor "did not have the property covered for the mandatory $250,000 flood policy".<br><br>The causes of action in Claimant's proof of claim are premised on a breach of one or more agreements executed by Michael and Aida Alape as borrowers ("Borrowers") under a note and mortgage secured by property in Piscataway, New Jersey. Claimant is not party to the aforementioned note, mortgage or any related agreements, including any property insurance agreements. Accordingly, Debtor has no liability for any of the breach of contract assertions raised by Claimant because Claimant lacks contractual privity between the Borrowers and Debtors.<br><br>Note, the assertions raised by Claimant in Claim No. 4579 are identical to the assertions raised in Claim No. 4542 and Claim No. 4567 filed by Borrowers, which remain unresolved. The Borrower Trust intends to resolve the Borrowers' claims in due course. | |
| 4544 | Corinne Alape | | Claimant asserts "loss of home due to (GMAC) Residential Capital LLC negligence to secure maximum flood insurance." In an attachment to the proof of claim, | |

ny-1180111

| Claim No(s). | Name and Address | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | Claim Amount | | | |
| | Asserted Debtor Name | | | |
| | 100 Lakeview Ave Piscataway, NJ 08854-2726 $1,000,000 General Unsecured GMAC Mortgage, LLC | | Claimant states that Debtor "did not have the property covered for the mandatory $250,000 flood policy". The causes of action in Claimant's proof of claim are premised on a breach of one or more agreements executed by Michael and Aida Alape as borrowers ("Borrowers") under a note and mortgage secured by property in Piscataway, New Jersey. Claimant is not party to the aforementioned note, mortgage or any related agreements, including any property insurance agreements. Accordingly, Debtor has no liability for any of the breach of contract assertions raised by Claimant because Claimant lacks contractual privity between the Borrowers and Debtors. Note, the assertions raised by Claimant in Claim No. 4544 are identical to the assertions raised in Claim No. 4542 and Claim No. 4567 filed by Borrowers, which remain unresolved. The Borrower Trust intends to resolve the Borrowers' claims in due course. | |

**<u>Exhibit A-1</u>**

```
OCWEN LOAN SERVICING                681  EUROPA STG-2  LISTING 522/                                    01  01/14  PG  1750
                                                                                                         TIME:06:27 AM
FOR: BANK NUMBER 106  BANK ACCOUNT NUMBER                        B         TITLE ESCROW DISBURSEMENT
                                                               BANK ACC TYPE  ESCROW DISB

REPORT PERIOD COVERED       FROM   11/01/12 TO 12/01/12
```

| REF CHK# | MICR CHK# | GEN RESEARCH# | CHECK DATE | CHECK AMOUNT | PAYEE | CHECK STATUS |
|----------|-----------|---------------|------------|--------------|-------|--------------|
| 12556059 | 12556059 | 000000000000 | 11/28/12 | 959.50 | RAMONA HAILEY | CLEARED |
| 12556060 | 12556060 | 000000000000 | 11/28/12 | 695.46 | TULARE COUNTY | CLEARED |
| 12556061 | 12556061 | 000000000000 | 11/28/12 | 732.59 | FREDDIE MAC | CLEARED |
| 12556062 | 12556062 | 000000000000 | 11/28/12 | 440.40 | AMHERST COUNTY | CLEARED |
| 12556063 | 12556063 | 000000000000 | 11/28/12 | 79.60 | GATEWAY BANK MORTGAG | CLEARED |
| 12556064 | 12556064 | 000000000000 | 11/28/12 | 505.09 | JESUS MARIA SALINAS | CLEARED |
| 12556065 | 12556065 | 000000000000 | 11/28/12 | 1,522.60 | LIMESTONE COUNTY | CLEARED |
| 12556066 | 12556066 | 000000000000 | 11/28/12 | 56.03 | AMHERST COUNTY | CLEARED |
| 12556067 | 12556067 | 000000000000 | 11/28/12 | 968.60 | VIENNA TOWNSHIP | CLEARED |
| 12556068 | 12556068 | 000000000000 | 11/28/12 | 1.00 | VIENNA TOWNSHIP | CLEARED |
| 12556069 | 12556069 | 000000000000 | 11/28/12 | 457.73 | VIENNA TOWN | CLEARED |
| 12556070 | 12556070 | 000000000000 | 11/28/12 | 19,356.73 | DEBORAH GIDLOW HYATT | CLEARED |
| 12556071 | 12556071 | 000000000000 | 11/28/12 | 15.42 | MARLENE A. MARTINEZ | CLEARED |
| 12556072 | 12556072 | 000000000000 | 11/28/12 | 127.84 | SHAWN TYLER | CLEARED |
| 12556073 | 12556073 | 000000000000 | 11/28/12 | 149.61 | ALLEGHENY COUNTY | CLEARED |
| 12556074 | 12556074 | 000000000000 | 11/28/12 | 2,563.31 | STAFFORD TOWNSHIP | CLEARED |
| 12556075 | 12556075 | 000000000000 | 11/28/12 | 181.51 | ALLEGHENY COUNTY | CLEARED |
| 12556076 | 12556076 | 000000000000 | 11/28/12 | 399.76 | SACRAMENTO COUNTY | VOIDED |
| 12556078 | 12556078 | 000000000000 | 11/28/12 | 1,414.20 | NELSON COUNTY | CLEARED |
| 12556079 | 12556079 | 000000000000 | 11/28/12 | 678.60 | NELSON COUNTY | CLEARED |
| 12556080 | 12556080 | 000000000000 | 11/28/12 | 53.66 | MARANA C. DEVARONA | CLEARED |
| 12556081 | 12556081 | 000000000000 | 11/28/12 | 573.34 | KERSHAW COUNTY | CLEARED |
| 12556082 | 12556082 | 000000000000 | 11/28/12 | 91.84 | ROCKINGHAM COUNTY | CLEARED |
| 12556083 | 12556083 | 000000000000 | 11/28/12 | 957.52 | KEVIN R TEPHABOCK | CLEARED |
| 12556084 | 12556084 | 000000000000 | 11/28/12 | 1,437.94 | ANNE ARUNDEL COUNTY | CLEARED |
| 12556085 | 12556085 | 000000000000 | 11/28/12 | 3.00 | ANNE ARUNDEL COUNTY | CLEARED |
| 12556086 | 12556086 | 000000000000 | 11/28/12 | 360.42 | VITEK MORTGAGE GROUP | CLEARED |
| 12556087 | 12556087 | 000000000000 | 11/28/12 | 290.50 | CLEVELAND COUNTY | CLEARED |
| 12556088 | 12556088 | 000000000000 | 11/28/12 | 763.42 | TAX LIEN LAW GROUP, | CLEARED |
| 12556089 | 12556089 | 000000000000 | 11/28/12 | 290.15 | CLEVELAND COUNTY | CLEARED |
| 12556090 | 12556090 | 000000000000 | 11/28/12 | 257.89 | CLEVELAND COUNTY | CLEARED |
| 12556091 | 12556091 | 000000000000 | 11/28/12 | 242.35 | CLEVELAND COUNTY | CLEARED |
| 12556092 | 12556092 | 000000000000 | 11/28/12 | 174.60 | CLEVELAND COUNTY | CLEARED |
| 12556093 | 12556093 | 000000000000 | 11/28/12 | 169.80 | CLEVELAND COUNTY | CLEARED |
| 12556094 | 12556094 | 000000000000 | 11/28/12 | 647.71 | YORK COUNTY | CLEARED |
| 12556095 | 12556095 | 000000000000 | 11/28/12 | 903.55 | CLEVELAND COUNTY | CLEARED |
| 12556096 | 12556096 | 000000000000 | 11/28/12 | 13.00 | DAVID A. CRAZE | CLEARED |
| 12556097 | 12556097 | 000000000000 | 11/28/12 | 971.00 | AURORA LOAN SERVICES | CLEARED |
| 12556098 | 12556098 | 000000000000 | 11/28/12 | 183.88 | TIMOTHY PUGH | CLEARED |
| 12556099 | 12556099 | 000000000000 | 11/28/12 | 2,643.46 | SUPERIOR TOWNSHIP | CLEARED |
| 12556100 | 12556100 | 000000000000 | 11/28/12 | 674.00 | GREEN PLANET SERVICI | CLEARED |
| 12556101 | 12556101 | 000000000000 | 11/28/12 | 22.44 | STANLEY RIDEOUT | CLEARED |
| 12556103 | 12556103 | 000000000000 | 11/28/12 | 435.78 | TULSA COUNTY | CLEARED |
| 12556104 | 12556104 | 000000000000 | 11/28/12 | 2,493.00 | TULSA COUNTY | CLEARED |
| 12556105 | 12556105 | 000000000000 | 11/28/12 | 227.58 | ERENDA MYRICK | CLEARED |
| 12556106 | 12556106 | 000000000000 | 11/28/12 | 25.00 | DAVID MOUSHEY | CLEARED |
| 12556107 | 12556107 | 000000000000 | 11/28/12 | 131.72 | NESTOR ROLDAN | VOIDED |

## **Exhibit A-2**

REPRESENTATION OF PRINTED DOCUMENT

**GMAC**
**Mortgage**

3451 Hammond Avenue
Waterloo, IA 50702
1 800 766 4622/Follow the Prompts

**Important Note** In accordance with RESPA requirements, this notice is being sent as a result of the review completed on your escrow account.

## ESCROW ANALYSIS STATEMENT

ACCOUNT NUMBER: ▮▮▮▮▮▮

PROPERTY ADDRESS:
1651 S 31ST ST
MILWAUKEE WI 53215

ANALYSIS DATE: JUNE 15, 2012

MATTHEW KIRKLEWSKI
2815 N HARTUNG AVE
MILWAUKEE WI  53210-1341

PLEASE KEEP THIS ESCROW ANALYSIS FOR COMPARISON TO NEXT YEAR'S STATEMENT.

Section 1:

| DESCRIPTION | NEXT DUE DATE | ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT | AMOUNT(S) USED IN PRIOR ANALYSIS |
|---|---|---|---|
| FIRE | NOVEMBER 2012 | 695.00 | 695.00 |
| CITY/TOWNSHIP | DECEMBER 2012 | 3,046.96 | 3,046.96 |
| TOTAL ANNUAL DISBURSEMENTS: | | 3,741.96 | 3,741.96 |
| TOTAL ESCROW PAYMENT: | | 311.83 | 311.83 |

The amounts above are based on either an estimate previously provided or the amount last disbursed.

New Payment Amount:                                                        771.98
New Payment Effective:                                        AUGUST 01, 2012
Next Scheduled Analysis:                                      AUGUST 01, 2013

| Payment change: | New | Prior Analysis |
|---|---|---|
| Escrow | 311.83 | 311.83 |
| | | |
| Total | 311.83 | 311.83 |
| Principal/Interest | 460.15 | 460.15 |
| Total Payment | 771.98 | 771.98 |

For details about the difference between the old and new payment amounts, please reference the ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT and AMOUNT(S) USED IN PRIOR ANALYSIS columns listed above.

**Any questions regarding changes in the "Estimated Amount of Next Disbursement"**
**should be directed to your Tax Authority and/or Insurance Company.**
**To reach our insurance department call:  1-800-256-9962.**

If you are utilizing a military allotment, or third-party company to make payments on your behalf, please notify your service of any payment changes.

UNRELEASED SURPLUS NOTICE

**GMAC**
**Mortgage**

MATTHEW KIRKLEWSKI

**THIS IS NOT A CHECK**

| Account Number | Surplus Amount |
|---|---|
| ▮▮▮▮▮ | 9,037.15 |

6BD-0680-1200F

C16387

INTERNET REPRINT

Section 2:

ANALYSIS TYPE: 1/6 AGGREGATE
PROJECTED ESCROW BALANCE AS OF: JULY 31, 2012                11,843.62  *            ACCOUNT NUMBER: ▮▮▮▮

\*   Projected balance reflects all receipts and disbursements made prior to the date of analysis and all mortgagor payments and
    disbursements anticipated to be made prior to the effective date of analysis.

| DATE | RECEIPTS | PROJECTED DISBURSEMENTS | CUR. BAL. PROJECTIONS | REQ. BAL. PROJECTIONS |
|------|----------|-------------------------|------------------------|------------------------|
| PROJECTED BALANCE | | | 11,843.62 | 2,806.47 |
| 08/01/12 | 311.83 | .00 | 12,155.45 | 3,118.30 |
| 09/01/12 | 311.83 | .00 | 12,467.28 | 3,430.13 |
| 10/01/12 | 311.83 | .00 | 12,779.11 | 3,741.96 |
| 11/01/12 | 311.83 | 695.00- | 12,395.94 | 3,358.79 |
| 12/01/12 | 311.83 | 3,046.96- | 9,660.81 | 623.66 L |
| 01/01/13 | 311.83 | .00 | 9,972.64 | 935.49 |
| 02/01/13 | 311.83 | .00 | 10,284.47 | 1,247.32 |
| 03/01/13 | 311.83 | .00 | 10,596.30 | 1,559.15 |
| 04/01/13 | 311.83 | .00 | 10,908.13 | 1,870.98 |
| 05/01/13 | 311.83 | .00 | 11,219.96 | 2,182.81 |
| 06/01/13 | 311.83 | .00 | 11,531.79 | 2,494.64 |
| 07/01/13 | 311.83 | .00 | 11,843.62 | 2,806.47 |

| Current Escrow Balance: | 317.96 | | |
|---|---|---|---|
| Esc Rcpts to Eff Dt | | Esc Disb Prior to Eff Dt | |
| Due Dt | Due Amt | Disb Date | Disb Amt |
| 08/09 | 264.06 | | |
| 09/09 | 264.06 | | |
| 10/09 | 10,997.54 * | | |

\*Indicates Sum of Remaining Escrow Payments
&/or Escrow Disbursements to Effective Date.

L   ANTICIPATED LOW POINT FOR ANALYSIS PERIOD:
                9,660.81

MAXIMUM PERMITTED LOW-POINT: (EXCLUDING MIP)
                623.66

Section 3: ➡    | SURPLUS | 9,037.15 |

ESCROW ACCOUNT ACTIVITY (JUNE 01, 2012 - JULY 31, 2012)

| DATE | TXN | PREV PROJ AMOUNT | PREV PROJ BALANCE | TXN | ACTUAL AMOUNT | ACTUAL BALANCE |
|------|-----|------------------|-------------------|-----|---------------|----------------|
| BEGINNING BALANCE | | | 2,182.81 | | | 2,729.00- |
| 06/01/12 | PAYMENT | 311.83 | 2,494.64 | PAYMENT | 3,046.96 | 317.96 |
| 07/01/12 | PAYMENT | 311.83 | 2,806.47 | | .00 | 317.96 |

**Exhibit B**

ny-1181749

In re RESIDENTIAL CAPITAL, LLC, et al., Case No. 12-12020 (MG) (JOINTLY ADMINISTERED)

**EXHIBIT B**

**EIGHTY FIFTH OMNIBUS OBJECTION - DUPLICATE/REDUNDANT CLAIMS (BORROWER CLAIMS)**

| | Claims to be Disallowed and Expunged | | | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name |
| 1 | Steven T. Biermann and Tracy Watson Biermann Justin M. Smith, Esq. J.M. Smith Co., LPA 24400 Highpoint Road, Suite 7 Beachwood, OH 44122 | 4822 | 11/15/2012 | Administrative Priority Administrative Secured Secured Priority $250,000.00 General Unsecured | Residential Capital, LLC | 12-12020 | Claim No. 4822 is identical to Claim No. 4821 except that Claim No. 4822 is filed against an incorrect debtor. | Steven T. Biermann and Tracy Watson Biermann Justin M. Smith, Esq. J.M. Smith Co., LPA 24400 Highpoint Road, Suite 7 Beachwood, OH 44122 | 4821 | 11/15/2012 | Administrative Priority Administrative Secured Secured Priority $250,000.00 General Unsecured | GMAC Mortgage, LLC |
| 2 | Julie A. Humphries 11221 McCree Rd Dallas, TX 75238 | 5711 | 11/16/2012 | Administrative Priority Administrative Secured Secured Priority $126,400.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claim No. 5711 is substantially identical to the surviving Claim No. 5642 filed by Claimant. The only difference between the two claims is Claim 5642 has asserted damages that are $8,400 higher than Claim 5711. | Julie A. Humphries 11221 McCree Rd Dallas, TX 75238 | 5642 | 11/16/2012 | Administrative Priority Administrative Secured Secured Priority $134,800.00 General Unsecured | GMAC Mortgage, LLC |
| 3 | Jovany Munoz 585 East 16th Street Apt 6D Brooklyn, NY 11226 | 1462 | 10/22/2012 | Administrative Priority Administrative Secured Secured Priority $70,000.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Claim No. 1462 is identical to surviving Claim No. 1516 filed by Claimant except that Claim 1462 is improperly asserted as a secured claim when there is no basis provided for in the claim to warrant its classification as "secured." | Jovany Munoz 585 East 16th Street Apt 6D Brooklyn, NY 11226 | 1516 | 10/22/2012 | Administrative Priority Administrative Secured Secured Priority $70,000.00 General Unsecured | Homecomings Financial, LLC |
| 4 | Thomas G. Cooper and Catherine D. Cooper P.O. Box 3671 Concord, NH 03302-3671 | 6272 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority $50,000.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claim No. 6272 is substantially identical to surviving Claim No. 6270 filed by Claimant, except that Claim 6272 improperly is improperly asserted as a secured claim when there is no basis provided for in the claim to warrant its classification as "secured." | Thomas G. Cooper and Catherine D. Cooper PO Box 3671 Concord, NH 03302-3671 | 6270 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority $50,000.00 General Unsecured | GMAC Mortgage, LLC |
| 5 | Edward D. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2857 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority $1,800.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Claim No. 2857 filed by Edward D. Wortham is identical to surviving Claim No. 2860 filed by Edward D. Wortman and Tammy L. Wortman, except that Claim 2857 is filed against the incorrect Debtor. | Edward D. Wortman and Tammy L. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2860 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority $1,800.00 General Unsecured | GMAC Mortgage, LLC |
| 6 | Edward D. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2858 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority $1,800.00 General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claim No. 2858 filed by Edward D. Wortham is identical to surviving Claim No. 2860 filed by Edward D. Wortman and Tammy L. Wortman. | Edward D. Wortman and Tammy L. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2860 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority $1,800.00 General Unsecured | GMAC Mortgage, LLC |
| 7 | Edward D. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2861 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority $1,800.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Claim No. 2861 filed by Edward D. Wortham is identical to surviving Claim No. 2860 filed by Edward D. Wortman and Tammy L. Wortman, except that Claim No. 2861 is filed against the incorrect Debtor. | Edward D. Wortman and Tammy L. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2860 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority $1,800.00 General Unsecured | GMAC Mortgage, LLC |
| 8 | Edward D. Wortman and Tammy L. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2855 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority $1,800.00 General Unsecured | Homecomings Financial, LLC | 12-12042 | Claim No. 2855 filed by Edward D. Wortman and Tammy L. Wortman is identical to surviving Claim No. 2860 filed by Edward D. Wortman and Tammy L. Wortman, except that Claim 2855 is filed the incorrect Debtor. | Edward D. Wortman and Tammy L. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2860 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority $1,800.00 General Unsecured | GMAC Mortgage, LLC |

1

| | | | | | | | Claims to be Disallowed and Expunged | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name |
| 9 | Edward D. Wortman and Tammy L. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2863 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority General Unsecured $1,800.00 | Homecomings Financial, LLC | 12-12042 | Claim No. 2863 filed by Edward D. Wortman and Tammy L. Wortman is identical to surviving Claim No. 2860 filed by Edward D. Wortman and Tammy L. Wortman, except that Claim No. 2863 is filed against the incorrect Debtor. | Edward D. Wortman and Tammy L. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2860 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority General Unsecured $1,800.00 | GMAC Mortgage, LLC |
| 10 | Tammy L. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2856 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority General Unsecured $1,800.00 | Homecomings Financial, LLC | 12-12042 | Claim No. 2856 filed by Tammy L. Wortman is identical to surviving Claim No. 2860 filed by Edward D. Wortman and Tammy L. Wortman, except that Claim No. 2856 is filed against the incorrect Debtor. | Edward D. Wortman and Tammy L. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2860 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority General Unsecured $1,800.00 | GMAC Mortgage, LLC |
| 11 | Tammy L. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2859 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority General Unsecured $1,800.00 | GMAC Mortgage, LLC | 12-12032 | Claim No. 2859 filed by Tammy L. Wortman is identical to surviving Claim No. 2860 filed by Edward D. Wortman and Tammy L. Wortman. | Edward D. Wortman and Tammy L. Wortman 7 Ramsgate Collinsville, IL 62234-4869 | 2860 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority General Unsecured $1,800.00 | GMAC Mortgage, LLC |
| 12 | Tammy L. Wortman7 RamsgateCollinsville, IL 62234-4869 | 2862 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority General Unsecured $1,800.00 | Homecomings Financial, LLC | 12-12042 | Claim No. 2862 filed by Tammy L. Wortman is identical to surviving Claim No. 2860 filed by Edward D. Wortman and Tammy L. Wortman, except that Claim No. 2862 is filed against the incorrect Debtor. | Edward D. Wortman and Tammy L. Wortman7 RamsgateCollinsville, IL 62234-4869 | 2860 | 11/09/2012 | Administrative Priority Administrative Secured Secured Priority General Unsecured $1,800.00 | GMAC Mortgage, LLC |
| 13 | Julie M Riggins 10317 Pleasant Hill Church Rd Siler City, NC 27344 | 1322 | 10/16/2012 | Administrative Priority Administrative Secured Secured Priority General Unsecured UNLIQUIDATED | GMAC Mortgage, LLC | 12-12032 | Claim No. 1322 is identical to surviving Claim No. 1321. | Julie M Riggins 10317 Pleasant Hill Church Rd Siler City, NC 27344 | 1321 | 10/16/2012 | Administrative Priority Administrative Secured Secured Priority General Unsecured UNLIQUIDATED | GMAC Mortgage, LLC |
| 14 | NDEX West LLC TS XXXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 307 | 07/16/2012 | Administrative Priority Administrative Secured $0.04 Secured Priority General Unsecured $0.04 | GMACM Borrower LLC | 12-12035 | Claim 307 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 299 | 07/16/2012 | Administrative Priority Administrative Secured $0.04 Secured Priority General Unsecured | HFN REO Sub II, LLC |
| 15 | NDEX West LLC TS World Saving Bank Successo Fremont Investment & Loan APN Patrick De Jesus LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 295 | 07/16/2012 | Administrative Priority Administrative Secured $0.04 Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim 295 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 297 | 07/16/2012 | Administrative Priority Administrative Secured $0.04 Secured Priority General Unsecured | GMACR Mortgage Products, LLC |

| | | | Claims to be Disallowed and Expunged | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name |
| 16 | NDEX West LLC TS World Saving Bank Successo Fremont Investment & Loan APN Patrick De Jesus LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 298 | 07/16/2012 | $0.04 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC | 12-12028 | Claim 298 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 306 | 07/16/2012 | $0.04 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC |
| 17 | NDEX West LLC TS World Saving Bank Successo Fremont Investment & Loan APN Patrick De Jesus LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 300 | 07/16/2012 | $0.04 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim 300 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 297 | 07/16/2012 | $0.04 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMACR Mortgage Products, LLC |
| 18 | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 296 | 07/16/2012 | $0.04 | Administrative Priority Administrative Secured Secured Priority General Unsecured | ditech, LLC | 12-12021 | Claim No. 296 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 297 | 07/16/2012 | $0.04 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMACR Mortgage Products, LLC |
| 19 | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 301 | 07/16/2012 | $0.04 | Administrative Priority Administrative Secured Secured Priority General Unsecured | ditech, LLC | 12-12021 | Claim No. 301 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 297 | 07/16/2012 | $0.04 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMACR Mortgage Products, LLC |
| 20 | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3Patrick De Jesus Title Order No 100725771LSI Title Company/Agency Sales & Posting3210 El Camino Real, Suite 200Irvine, CA 92602 | 302 | 07/16/2012 | $0.04 | Administrative Priority Administrative Secured Secured Priority General Unsecured | ditech, LLC | 12-12021 | Claim No. 302 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3Patrick De Jesus Title Order No 100725771LSI Title Company/Agency Sales & Posting3210 El Camino Real, Suite 200Irvine, CA 92602 | 297 | 07/16/2012 | $0.04 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMACR Mortgage Products, LLC |

| | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | **Surviving Claims** | | | | |
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name |
| 21 | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 303 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim No. 303 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 297 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | GMACR Mortgage Products, LLC |
| 22 | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 304 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | GMACM REO LLC | 12-12036 | Claim No. 304 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 297 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | GMACR Mortgage Products, LLC |
| 23 | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 305 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Claim No. 305 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 297 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | GMACR Mortgage Products, LLC |
| 24 | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus LSI Title Company/ Agency Sales & Posting n/c Penny Horowytz 857 Athens Oakland, CA 94607 | 308 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC | 12-12028 | Claim No. 308 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 306 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC |
| 25 | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus n/c Robert Eberwein LSI Title Company/Agency Sales & Posting 611-613 N. P Street 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 309 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC | 12-12028 | Claim No. 309 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 306 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC |

| | | | | | | | Surviving Claims | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | Claims to be Disallowed and Expunged | | | | | | | | |
| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name |
| 26 | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus n/c Robert Eberwein LSI Title Company / Agency Sales & Posting 3109 King A,B,C,D, A-201-202 Berkeley, CA 94703 | 310 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC | 12-12028 | Claim No. 310 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 306 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC |
| 27 | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3Patrick De Jesus LSI Title Company / Agency Sales & Posting25 Amberwood Lane Bldg 2 3109 King StreetProperty Management n/c Robert Eberwein3210 El Camino Real Suite 200Irvine, CA 92602 | 311 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC | 12-12028 | Claim No. 311 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3Patrick De Jesus Title Order No 100725771LSI Title Company/Agency Sales & Posting3210 El Camino Real, Suite 200Irvine, CA 92602 | 306 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC |
| 28 | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus n/c Robert Eberwein LSI Title Company / Agency Sales & Posting 3109 King A,B,C,D, A-201-202 Berkeley, CA 94703 | 312 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC | 12-12028 | Claim No. 312 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 306 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC |
| 29 | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus LSI Title Company / Agency Sales & Posting n/c Penny Horowytz 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 313 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC | 12-12028 | Claim No. 313 is substantially identical to 18 other claims filed by Claimant, including surviving claims 297, 299 and 306 each with an asserted claim amount of $.04 against GMACR Mortgage Products LLC, HFN REO Sub II LLC, and Executive Trustee Services LLC, respectively. The Borrower Trust will address the surviving claims in due course. | NDEX West LLC TS XXXXXXXXX1737 Fremont Investment & Loan APN 134-421-026-3 Patrick De Jesus Title Order No 100725771 LSI Title Company/Agency Sales & Posting 3210 El Camino Real, Suite 200 Irvine, CA 92602 | 306 | 07/16/2012 | $0.04 Administrative Priority Administrative Secured Secured Priority General Unsecured | Executive Trustee Services, LLC |

**<u>Exhibit C</u>**

ny-1181749

**In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)**

**EXHIBIT C**
**EIGHTY-FIFTH OMNIBUS OBJECTION - MODIFY / RECLASSIFY (BORROWER CLAIMS)**

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified / Reclassified Claim Amount | | Modified Debtor Name | Modified Case Number | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 1 | Edward D. Wortman and Tammy L. Wortman<br>7 Ramsgate<br>Collinsville, IL 62234-4869 | 2860 | 11/09/2012 | $1,800.00 | GMAC Mortgage, LLC | 12-12032 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$1,800.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | In Claim No. 2860, Claimant improperly asserts a Priority claim status when there is no basis for treatment as a Priority claim. |
| 2 | NDEX West LLC TS XXXXXXXXXX1737<br>Fremont Investment & Loan APN 134-421-026-3<br>Patrick De Jesus Title Order No 100725771<br>LSI Title Company/Agency Sales & Posting<br>3210 El Camino Real, Suite 200<br>Irvine, CA 92602 | 297 | 07/16/2012 | $0.04 | GMACR Mortgage Products, LLC | 12-12037 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.04 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMACR Mortgage Products, LLC | 12-12037 | In Claim No. 297, Claimant improperly asserts a Secured claim status when there is no basis set forth in the claim to substantiate treatment as a secured claim. |
| 3 | NDEX West LLC TS XXXXXXXXXX1737<br>Fremont Investment & Loan APN 134-421-026-3<br>Patrick De Jesus Title Order No 100725771<br>LSI Title Company/Agency Sales & Posting<br>3210 El Camino Real, Suite 200<br>Irvine, CA 92602 | 299 | 07/16/2012 | $0.04 | HFN REO Sub II, LLC | 12-12038 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.04 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | HFN REO Sub II, LLC | 12-12038 | In Claim No. 299, Claimant improperly asserts a Secured claim status when there is no basis set forth in the claim to substantiate treatment as a secured claim. |
| 4 | NDEX West LLC TS XXXXXXXXXX1737<br>Fremont Investment & Loan APN 134-421-026-3<br>Patrick De Jesus Title Order No 100725771<br>LSI Title Company/Agency Sales & Posting<br>3210 El Camino Real, Suite 200<br>Irvine, CA 92602 | 306 | 07/16/2012 | $0.04 | Executive Trustee Services, LLC | 12-12028 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$0.04 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Executive Trustee Services, LLC | 12-12028 | In Claim No. 306, Claimant improperly asserts a Secured claim status when there is no basis set forth in the claim to substantiate treatment as a secured claim. |

ny-1181691