IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

RECEIVED
MAR 2 7 2015
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

IN RE:
RESIDENTIAL CAPITAL
    TOM FRANKLIN MOVANT/APPELLANT

APPEAL NO_____

CASE NUMBER 12-12020 (MG)

**NOTICE OF APPEAL**

    COMES NOW, TOM FRANKLIN
 AND APPEALS TO THE UNITED STATES DISTRICTCOURT FOR THE SOUTHERN DISTRICT OF NEW YORK  THE DECISION OF THE UNITED STATES BANKRUPTCY  COURT FOR THE SOUTHERN DISTRICT OF NEW YORK    ENTERED THIS ___ DAY OF March ,2015   THE APPELLANT(S) NAME AND ADDRESS ARE: TOM FRANKLIN-5633 OAK GROVE ROAD-FORT WORTH, TEXAS 76134.  THE APPELLANTS' BASED THEIR APPEAL ON THE FACT THAT THEY WAS NOT AFFORDED PROPER DUE PROCESS OF LAW.

RESPECTFULLY SUBMITTED:

TOM FRANKLIN
5633 OAK GROVE ROAD
FORT WORTH, TEXAS 76134

*[signature]*

**CERTIFICATE OF SERVICE**

I, TOM FRANKLIN
DOHEREBY CERTIFY THAT A TRUE AND CORRECTED COPY OF OUR NOTICE OF APPEAL HAS BEEN MAILED TO THE FOLLOWING PARTIES LISTED BELOW ON THIS _____ DAY OF MARCH 2015 BY U.S. PRIORITY MAIL.

RESIDENTIAL CAPITAL

NOTICE OF APPEAL                                                                                              1

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER DETERMINING TOM FRANKLIN TO BE A VEXATIOUS LITIGATOR AND ISSUING AN INJUNCTION ENJOINING FUTURE FILINGS BY TOM FRANKLIN**

Tom Franklin filed two claims, Claim Numbers 1195 and 7335 (the "Claims"), against Debtors EPRE LLC and Residential Capital, LLC ("ResCap") in these chapter 11 proceedings. The Court expunged each of the Claims pursuant to Court orders. (*See* ECF Doc. ## 5049, 7086.) Franklin filed a notice of appeal as to each claim. (*See* ECF Doc. ## 5171, 7196.) Franklin's appeal of this Court's expungement of Claim Number 1195 was denied by the United States District Court for the Southern District of New York (the "District Court"), *see generally Franklin v. Residential Capital, LLC*, No. 13 Civ. 8317(PAE), 2014 WL 1760312 (S.D.N.Y. May 1, 2014), and his subsequent appeal to the Second Court remains pending (*see* Case No. 14-00418 (2d Cir.)). Franklin's appeal of this Court's order expunging Claim Number 7335 remains pending in the District Court. (*See* Case No. 15-00501.)

Franklin filed a motion to reinstate Claim 1195 and a separate motion to compel discovery in these chapter 11 proceedings before this Court after filing one or both of his notices of appeal. (*See* ECF Doc. ## 7125, 7444.) The Court denied both of these motions holding that Franklin's filing of a notice of appeal confers jurisdiction on the appellate court and divests this Court of jurisdiction to act on matters that are subject to the appeal (the "Divestiture Orders," ECF Doc. ## 7209, 7581). *See In Re Winimo Realty Corp. et al. v. City of Albany, et al.*, 270 B.R. 99 (S.D.N.Y. 2001) (citing *United States v. Rodgers*, 101 F.3d 247, 251 (2d Cir. 1996)

(filing of notice of appeal divests lower court of jurisdiction over those aspects of the case involved in the appeal); *Hagel v. Drummand (In re Hagel)*, 184 B.R. 793, 798 (9th Cir. BAP 1995) ("The divestiture rule applies to appeals of bankruptcy proceedings. . . . A pending appeal . . . divests a bankruptcy court of jurisdiction."); *In re Duratech Industries, Inc.*, 241 B.R. 283, 289 (E.D.N.Y. 1999); *In re Prudential Lines, Inc.*, 170 B.R. 222, 243 (S.D.N.Y. 1994)).

Franklin filed a number of documents with the Court prior to the entry of the Court's Divestiture Orders. Some of these documents were filed in response to objections filed by the Debtors or their successors-in-interest, the ResCap Borrower Claims Trust (the "Trust") (*see, e.g.*, ECF Doc. ## 4282, 4961, 4980, 6955, 6967, 7043, and 7044); others were filed in response to various documents filed in these chapter 11 cases (*see, e.g.*, ECF Doc. ## 7043 (a purported opposition to a motion made by the Debtors' parent company Ally Financial Inc., to enforce the Court's order regarding the Plan Support Agreement), 7044 (a purported objection to the Debtors' Sixty-First Omnibus Objection, to which Franklin was not subject)). None of these matters concern Franklin, and he lacks standing to object.

Franklin also filed and continues to file documents after the entry of the Court's Divestiture Orders. Some of these documents seek the reinstatement of one or both of his Claims similar to the prior motion denied by this Court. (*Compare* ECF Doc. # 7125, *with* ECF Doc. ## 7166, 7237.) Some of these documents seek to compel unspecified discovery in these chapter 11 proceedings similar to the prior motion to compel denied by this Court. (*Compare* ECF Doc. # 7444, *with* ECF Doc. ## 7546, 815, 8046.) Others were filed in response to various documents filed in these chapter 11 cases that do not concern Franklin. (*See, e.g.*, ECF Doc. ## 7395, 7602 (purported oppositions to motions made by the Debtors' parent company Ally Financial Inc. to enforce the Court's orders imposing an injunction or lifting the automatic stay);

7707, 8016 (purported oppositions to motions made by ResCap to enforce the Court's orders pursuant to sections 105(a) and 363(b) of the Bankruptcy Code or to expunge other creditors' claims); 7950, 8017 (purported oppositions to unspecified stipulations, which Franklin failed to demonstrate a sufficient legal interest in to have standing to object (*see also* ECF Doc. # 7953 (overruling Franklins opposition filed at ECF Doc. # 7950 for lack of standing)); 7997, 8000, 8022, 8047, 8048 (purported oppositions or responses to various motions to lift the automatic stay currently pending before the Court).)

In each instance prior to or after the entry of the Divestiture Orders, the papers Franklin has filed with the Court are substantially the same: copied and pasted excerpts from many cases wholly unconnected with these chapter 11 proceedings,[1] an assertion that he is owed money by the "debtor" (without specifying which of the Debtors) on account of a "legitimate claim," that he has suffered "extreme hardship," and therefore expunging his claim would be "unjust."

In light of these filings, the Court entered an order to show cause why the Court should not determine Franklin to be a vexatious litigator and either impose sanctions or issue an injunction enjoining future filings by Franklin in these chapter 11 proceedings (the "OTSC," ECF Doc. # 8074). The OTSC ordered Franklin to file a response to the OTSC by February 20, 2015, ordered the Trust to file a response to Franklin's response and the OTSC by March 6, 2015, scheduled a hearing for March 12, 2015 at 10:00 a.m., and required that Franklin and the Trust's counsel appear at the hearing in person.

Consistent with his serial filing behavior, Franklin filed four responses to the OTSC prior to the date of the hearing (*see* ECF Doc. ## 8147, 8242, 8244, 8245), as well as a procedurally

---

[1] Upon further research, the Court has discovered that the copied and pasted passage of his filings is derived from *The Pro Se Attorney Manual: Layman Strategies in the Law*, written by James Reedom, in the chapter entitled "Reasons for Granting the Writ." *See* JAMES REEDOM, THE PRO SE ATTORNEY MANUAL: LAYMAN STRATEGIES IN THE LAW 470–74 (2005).

3

improper notice of appeal of the OTSC (*see* ECF Doc. # 8273).[2] Only one of the responses was timely (*see* ECF Doc. # 8147); the remaining three were received late on February 27, 2015 (*see* ECF Doc. ## 8242, 8244, 8245). All four of the responses include the same copied and pasted excerpts of wholly irrelevant case law consistent with his prior filings. Only one of the four responses provides additional, but again irrelevant, information in the form of what appears to be copied pages of a treatise regarding jurisdiction and then a paragraph of potentially legal argument completely unrelated to what is at issue in the OTSC or in these bankruptcy proceedings.[3] The titles of the documents are the only potentially relevant portions of his responses; the titles appear to argue that he should not be determined to be a vexatious litigator or be subject to sanctions or a filing injunction because the OTSC is "bias" and the OTSC should be stayed "until his appeal is heard."[4] (*See, e.g.*, ECF Doc. # 8245.)

The Trust, jointly with the ResCap Liquidating Trust, timely filed its response (the "Trust Response," ECF Doc. # 8255). In addition to Franklin's extensive filings in these chapter 11 proceedings listed in the OTSC, the Trust Response reveals that Franklin has filed several actions against one or more of the Debtors in other jurisdictions, both before and after the

---

[2]    The day after the OTSC was entered Franklin also filed another opposition to an unidentified motion to lift the automatic stay to which he lacks standing to object. (*See* ECF Doc. # 8083.)

[3]    In pertinent part, the opposition states:

> The Claimant's life has been altered and destroyed and one of the defendants who may have been drinking and on a cell phone is still trying to get away with no conscience, no due process of law and several discriminatory elements with this case is very questionable because no one seems to be appropriately operating here. I bet that the Honorable late Supreme Court Justice is turning in his grave observing this process no due process and no substantive due process. The clerk's Office is not supposed to assist the other side in participating with the due process of law such has not been the case in this process[.]

(*See* ECF Doc. # 8245 at 2.)

[4]    Although Franklin filed a notice of appeal of the OTSC, the notice is procedurally improper because the OTSC is not an order from which a party can appeal. *See* 12 U.S.C. § 158; FED. R. BANKR. P. 8003, 8004, 9002. As such, Franklin's argument that the OTSC should be stayed in light of his notice of appeal is unsubstantiated.

4

Debtors' bankruptcy petitions were filed in this Court, proffered as further evidence of Franklin's vexatious litigating against the Debtors. (*See* Trust Response at 1–3.) The Trust Response more specifically indicates that Franklin has filed at least five state court complaints against one or more of the Debtors on grounds of predatory lending and at least four declaratory judgment actions, asserting violations of the Fair Debt Collection Practices Act, attempting to stay foreclosure proceedings, and requesting monetary judgments in the amount of $10 million. (*See id.*)

The Court held the hearing on the OTSC as scheduled on March 12, 2105 at 10:00 a.m. Despite the Court's order that Franklin appear in person at the hearing, Franklin failed to appear. The Court took the matter under submission.

After the hearing, Franklin filed two additional oppositions to the OTSC; one of which also purports to oppose a claim objection to another borrower's claim in the chapter 11 proceedings that Franklin again lacks standing to oppose. (*See* ECF Doc. ## 8332, 8333.) These additional oppositions are virtually identical to Franklin's last response to the Opposition received on February 27, 2015, and similarly lack relevant substance and merit. *Compare* (ECF Doc. # 8245), *with* (ECF Doc. ## 8332, 8333).[5]

This Court recognized in the OTSC that this Court is authorized to restrict the activity of abusive litigants by way of the issuance of an injunction. *See, e.g., In re Truong*, No. 09-11047

---

[5]      These oppositions also include an introductory paragraph that did not appear in his prior filings. The relevant paragraph states: "NOW INTO COURT, through undersigned Pro Se Counsel Robert Reedom, And files his opposition to the Court Motion and will respectfully show the court the following . . . ." (*See* ECF Doc. ## 8332, 8333.) Upon further research, the Court has determined that Robert Reedom is a *pro se* plaintiff in a personal injury action before the United States District Court for the Western District of Louisiana (the "Louisiana Court"). The first 28 pages of each of Franklin's oppositions filed after the hearing took place, as well as the first 28 pages of the last of Franklin's February 27, 2015 responses to the OTSC, include copied and pasted excerpts from two of Robert Reedom's filings with the Louisiana Court. *Compare* (ECF Doc. ## 8245, 8332, 8333), *with* (W.D. La. Case No. 6:13-cv-00467-RFD-CMH, ECF Doc. ## 15, 19). The remaining pages of these oppositions include the copied and pasted excerpt from James Reedom's book, *The Pro Se Attorney Manual: Layman Strategies in the Law*. *Compare* (ECF Doc. ## 8245, 8332, 8333), *with* JAMES REEDOM, THE PRO SE ATTORNEY MANUAL: LAYMAN STRATEGIES IN THE LAW 470–74 (2005).

5

(MG), 2009 WL 2929261, at *7 (Bankr. S.D.N.Y. Sept. 3, 2009) (citing *Abdul-Akbar v. Watson*, 901 F.2d 329, 332–33 (3d Cir. 1990); *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989); *In re Martin-Trigona*, 737 F.2d 1254, 1262 (2d Cir. 1984)). Such "authority extends to *pro se* litigants." *Sathianathan*, 2006 WL 538152, at *32. "In deciding whether to issue a filing injunction, a court must determine 'whether a litigant who has a history of vexatious litigation is likely to continue to abuse the judicial process and harass other parties.'" *In re Truong*, 2009 WL 2929261, at *7 (quoting *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986)). The Second Circuit requires that the following factors be considered in this analysis: "(1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., whether the litigant has an objective good faith expectation of prevailing; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties." *Safir*, 792 F.2d at 24.

Upon reviewing the parties' submissions in response to the OTSC, the Court concludes that Franklin is a vexatious litigator. In support of this conclusion, the Court finds that Franklin (1) has a detailed history of filing predatory lending actions and declaratory judgment actions in various jurisdictions against one or more of the Debtors that are duplicative and when aggregated with the number of filings by Franklin in these chapter 11 proceedings amount to vexatious or harassing behavior against the Debtors; (2) does not have an objective good faith expectation of prevailing in any of his actions brought against the Debtors or purported oppositions filed in these chapter 11 proceedings because (a) each of the predatory lending actions and declaratory judgment actions in other jurisdictions have been brought on largely the same grounds and have

been consistently denied or dismissed (though some may remain pending on appeal) and (b) as indicated above, Franklin lacks standing to object to the Trust's filings in the chapter 11 proceedings and in any event, the filings lack relevant substance and merit and in some cases do not even identify which document on the docket he opposes; and (3) has caused needless expense by the Trust and the ResCap Liquidating Trust in having to review and respond to Franklin's filings in these chapter 11 proceedings and has caused an unnecessary burden on (a) this Court in having to review and resolve his various and frivolous oppositions and (b) court personnel in having to docket the various documents Franklin has filed in these chapter 11 proceedings. In light of these findings, the Court further concludes that Franklin should be precluded from future filings in these chapter 11 proceedings to relieve the Debtors, the Trust, the ResCap Liquidating Trust, and this Court from the unnecessary burden Franklin's vexatious litigating imposes.

NOW, THEREFORE, it is hereby

ORDERED that Franklin is enjoined from filing documents with this Court in these chapter 11 proceedings from the date of this Order going forward; and it is further

ORDERED that should Franklin be successful on his appeal(s) of this Court's orders expunging his Claims, this Court will reconsider the injunction issued pursuant to this Order and determine whether Franklin may file documents in relation to his revived Claim(s) at that time, but that this Order and its filing injunction against Franklin will remain in full force and effect until this Court issues a second order modifying the filing injunction; and it is further

ORDERED that although the Court does not order the imposition of monetary sanctions against Franklin at this time, the Court reserves its right to do so should Franklin fail to comply with this Order.

**IT IS SO ORDERED.**

Dated:  March 18, 2015
        New York, New York

/s/Martin Glenn
MARTIN GLENN
United States Bankruptcy Judge
