**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S EIGHTY-FOURTH OMNIBUS OBJECTION AS TO CERTAIN TO CLAIMS**

Upon the eighty-fourth omnibus objection to claims (the "**Objection**")[1] of the ResCap Liquidating Trust (the "**Liquidating Trust**") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases and as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "**Claims Objection Procedures Order**"), modifying and allowing the Reduce and Allow Claims, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the *Declaration of Deanna Horst in Support of the ResCap Liquidating Trust's Eighty-Fourth Omnibus Objection to Claims (I) Reducing and Allowing Claims and (II) Redesignating,*

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

*Reducing, and Allowing Claims* annexed to the Objection as **Annex 2**; and the Court having held a hearing on the Objection on March 31, 2015; and as set forth on the record, the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, and all parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Claims Objection Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The relief requested in the Objection is granted to the extent provided herein.

2. Pursuant to section 502(b) of the Bankruptcy Code, each claim listed on **Exhibit A** annexed hereto (collectively, the "**Reduce and Allow Claims**") is reduced and allowed in the amount and priority set forth on **Exhibit A** under the column heading "*Modified Claim Amount*" and any asserted amounts in excess of the reduced amount are disallowed and expunged.

3. KCC is directed to allow the Reduce and Allow Claims in the amount and priority set forth on **Exhibit A** under the column heading "*Modified Claim Amount*" and to disallow and expunge any asserted amounts in excess of the reduced amount.

4. The Liquidating Trust and KCC are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order.

- 3 -

      5.      Notice of the Objection as provided therein shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Claims Objection Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice.

      6.      This Order has no res judicata, estoppel, or other effect on the validity, allowance, or disallowance of any claim not listed on **Exhibit A** annexed to this Order, and all rights of the Liquidating Trust or any other party to object on any basis are expressly reserved with respect to any claim that is not listed on **Exhibit A** annexed hereto.

      7.      This Order shall be a final order with respect to each of the Claims identified on **Exhibit A** annexed hereto, as if each such Claim had been individually objected to.

      8.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

**IT IS SO ORDERED.**

Dated:  March 31, 2015, 2015
         New York, New York

                                          _____/s/Martin Glenn_____
                                              MARTIN GLENN
                                  United States Bankruptcy Judge

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
EIGHTY-FOURTH OMNIBUS OBJECTION - MODIFY - REDUCE AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | Reason for Modification |
|---|---|---|---|---|---|---|---|---|
| 1 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 625 Marquette Avenue, 16th Floor Minneapolis, MN 55402 | 7359 | 01/31/2014 | Administrative Priority Administrative Secured Secured Priority UNLIQUIDATED General Unsecured | Residential Capital, LLC | 12-12020 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $0.00 General Unsecured | Upon a review of the books and records, the Liquidating Trust determined that Wells Fargo is entitled to a general unsecured claim in the amount of $50,541.00 against Residential Funding Company, LLC, and a general unsecured claim in the amount of $7,903.24 against GMAC Mortgage, LLC. Accordingly, Claim No. 7360 should be allowed in the amount of $50,541.00 against Residential Funding Company, LLC, Claim No. 7366 should be allowed in the amount of $7,903.24 against GMAC Mortgage, LLC, and Claim Nos. 7359 and 7373 should be disallowed and expunged. |
| 2 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 625 Marquette Avenue, 16th Floor Minneapolis, MN 55402 | 7360 | 01/31/2014 | Administrative Priority Administrative Secured Secured Priority UNLIQUIDATED General Unsecured | Residential Funding Company, LLC | 12-12019 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $50,541.00 General Unsecured | Upon a review of the books and records, the Liquidating Trust determined that Wells Fargo is entitled to a general unsecured claim in the amount of $50,541.00 against Residential Funding Company, LLC, and a general unsecured claim in the amount of $7,903.24 against GMAC Mortgage, LLC. Accordingly, Claim No. 7360 should be allowed in the amount of $50,541.00 against Residential Funding Company, LLC, Claim No. 7366 should be allowed in the amount of $7,903.24 against GMAC Mortgage, LLC, and Claim Nos. 7359 and 7373 should be disallowed and expunged. |
| 3 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 625 Marquette Avenue, 16th Floor Minneapolis, MN 55402 | 7366 | 01/31/2014 | Administrative Priority Administrative Secured Secured Priority UNLIQUIDATED General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $7,903.24 General Unsecured | Upon a review of the books and records, the Liquidating Trust determined that Wells Fargo is entitled to a general unsecured claim in the amount of $50,541.00 against Residential Funding Company, LLC, and a general unsecured claim in the amount of $7,903.24 against GMAC Mortgage, LLC. Accordingly, Claim No. 7360 should be allowed in the amount of $50,541.00 against Residential Funding Company, LLC, Claim No. 7366 should be allowed in the amount of $7,903.24 against GMAC Mortgage, LLC, and Claim Nos. 7359 and 7373 should be disallowed and expunged. |
| 4 | Wells Fargo Bank, N.A., solely in its capacity as custodian for certain mortgage backed securities trusts, etc. Attn Mary L. Sohlberg, Vice President Wells Fargo Bank, N.A., as Custodian MAC N9311-161 625 Marquette Avenue, 16th Floor Minneapolis, MN 55402 | 7373 | 01/31/2014 | Administrative Priority Administrative Secured Secured Priority UNLIQUIDATED General Unsecured | Executive Trustee Services, LLC | 12-12028 | $0.00 Administrative Priority $0.00 Administrative Secured $0.00 Secured $0.00 Priority $0.00 General Unsecured | Upon a review of the books and records, the Liquidating Trust determined that Wells Fargo is entitled to a general unsecured claim in the amount of $50,541.00 against Residential Funding Company, LLC, and a general unsecured claim in the amount of $7,903.24 against GMAC Mortgage, LLC. Accordingly, Claim No. 7360 should be allowed in the amount of $50,541.00 against Residential Funding Company, LLC, Claim No. 7366 should be allowed in the amount of $7,903.24 against GMAC Mortgage, LLC, and Claim Nos. 7359 and 7373 should be disallowed and expunged. |