**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, *et al*., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

## ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S EIGHTY-SECOND OMNIBUS OBJECTION TO CLAIMS (NO LIABILITY BORROWER CLAIMS) AS TO CERTAIN CLAIMS

Upon the eighty-second omnibus objection to claims (the "Objection")[1] of the ResCap

Borrower Claims Trust (the "Trust"), established pursuant to the terms of the confirmed Plan

filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors with regard

to Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the

United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure, and this Court's order approving procedures for the filing of omnibus objections to

proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging the No

Liability Borrower Claims, all as more fully described in the Objection; and it appearing that this

Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and

consideration of the Objection and the relief requested therein being a core proceeding pursuant

to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408

and 1409; and due and proper notice of the Objection having been provided, and it appearing that

no other or further notice need be provided; upon consideration of the Objection and the

*Declaration of Kathy Priore in Support of the ResCap Borrower Claims Trust's Eighty-Second*

*Omnibus Objection to Claims (No Liability Borrower Claims)* annexed thereto as Exhibit 2, and

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms
in the Objection.

the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims)*, annexed thereto as Exhibit 3; and the Court having held a hearing on the Objection on March 31, 2015 (the "Hearing"), and as set forth on the record at the Hearing, the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the claims listed on Exhibit A annexed hereto (collectively, the "No Liability Borrower Claims") are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the No Liability Borrower Claims identified on the schedule attached as Exhibit A hereto so that such claims are no longer maintained on the Claims Register; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures

Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of any claim not listed on <u>Exhibit A</u> annexed to this Order,

and the Trust's and any party in interest's right to object on any basis are expressly reserved with

respect to any such claim not listed on <u>Exhibit A</u> annexed hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the No

Liability Borrower Claims identified on <u>Exhibit A</u> annexed hereto, as if each such No Liability

Borrower Claim had been individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


**IT IS SO ORDERED.**

Dated:    April 1, 2015
          New York, New York

                                        _____/s/Martin Glenn_____
                                           MARTIN GLENN
                                        United States Bankruptcy Judge

**<u>Exhibit A</u>**

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 3842 | Matina De Simone<br><br>c/o Laird J. Heal, Esq<br><br><br>120 Chandler Street, Suite 2 R<br><br>Worcester, MA 01609<br><br><br>$500,000.00<br><br>Secured<br><br><br>GMAC Mortgage, LLC | Origination Issues, Wrongful Foreclosure, Res Judicata | Non-Debtor MortgageIT originated the loan on January 30, 2007.  Debtor GMAC Mortgage, LLC serviced the loan from February 9, 2007 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  The mortgage was assigned by MERS to Debtor on August 25, 2009 and from Debtor to HSBC Bank, NA, as trustee on March 25, 2013.<br><br>Claimant attaches to her proof of claim a copy of a restraining order entered on May 20, 2010 in the Commonwealth of Massachusetts Superior Court, Case No. MICV2010-01074 and a Notice of Intent to Foreclose dated August 18, 2011.<br><br>Ocwen and HSBC Bank USA, National Association as Trustee for the Deutsche Alt-A Securities Mortgage Loan Trust, Series 2007-OA5 previously filed a limited response to this claim on September 15, 2014 (Docket No. 7542).  That response reserved the right to object to the claim.<br><br>Claimant's husband also filed a proof of claim, claim number 3829.  That claim was expunged by the court's *Order Granting the ResCap Borrower Claims Trust's Joinder and Supplemental Objection to Ocwen Loan Servicing LLC's Objection to Claim Number 3829 filed by Robert De Simone Incorporated Therein* [Docket No. 7952].  This claim is based on the exact same allegations as claim number 3829.<br><br>On May 18, 2010, Claimant filed litigation against Debtor and others (with case number above).  Debtor filed for Summary Judgment on two counts asserted | 8-10, 12-13 |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | against Debtors - Count I for violation of the Massachusetts Consumer Credit Cost Disclosure Act and Count IV for damages under Consumer Protection Statute GL Chapter 93A ("Chapter 93A"). Summary Judgment was granted in favor of Debtor on May 22, 2012. However upon filing of the Notice of Bankruptcy, final judgment was entered on October 22, 2012 dismissing only Count I as it related to equitable relief and count IV was stayed. A copy of the order dismissing count I is attached to the Objection as Exhibit 7.<br><br>By Notice of Intention to Foreclose and of Deficiency After Foreclosure of Mortgage, dated July 6, 2012, Orlans Moran (on behalf of Debtor) noticed the Claimant of Debtor's intent to foreclose by sale on August 2, 2012. On August 1, 2012, Claimaints filed a complaint for contempt against Debtor claiming that by noticing the foreclosure sale, it violated the previously issued injunction, which had not been expressly dissolved by the court after its summary judgment decision. On August 21, 2012, Debtor filed a motion to dismiss the contempt complaint and dissolve the injunction. The court concluded that in light of the allowance of Debtor's motion for summary judgment (which necessarily determined that the Claimaints' claims lacked any merit), the Claimaints could not prove an act of civil contempt and dismissed the contempt case and disssolved the injunction on October 23, 2012.<br><br>On November 21, 2012, Claimaint filed notice of appeal as to the summary | |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | judgment order and dismissal of the civil contempt complaint, Commonwealth of Massachusetts, Court of Appeals, Docket #2013-P-0114. On February 25, 2014, the appellate court affirmed the Superior Court dismissal orders.<br><br>The allegations as to Debtor's liability under Chapter 93A have no basis because Chapter 93A claims cannot be advanced against assignees of a mortgage. Claimaint alleges in her complaint that Debtor is liable based on its status as an assignee, that Debtor is liable for MortgageIT's alleged inaccurate disclosures on the TIL and in making Claimaint an "unaffordable loan." Plaintiffs' Chapter 93A claim against Debtor fails as a matter of law: under Massachusetts law, an assignee of a mortgage cannot be held liable for purported violations of Chapter 93A. | |
| 3910 and 4085 | PHILIP EMIABATA AND SYLVIA EMIABATA VS. HOMECOMINGS FINANCIAL (GMAC MORTGAGE LLC) | Loan Modification Issues, Wrongful Foreclosure, Escrow Issues, Origination Issues | Non-debtor Home Loan Corporation originated the loan on August 29, 2002. Debtor Residential Funding Company, LLC purchased the loan from Home Loan and transferred its interest when the loan was securitized on or about March 1, 2003 where JP Morgan Chase Bank, NA was appointed as Trustee. Debtor Homecomings Financial serviced the loan from January 29, 2003 until servicing transferred to GMAC Mortgage, LLC on July 1, 2009. GMAC Mortgage serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. | 8-10, 12-13 |

| Claim No(s) | Name and Address Claim Amount Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | 508 Grosbeak Drive Pflugerville, TX 78660 $228,928.28 General Unsecured $271,071.72 Secured GMAC Mortgage, LLC | | In a handwritten letter attached to the proof of claim, Claimant states the basis for claim is "(law)suit or claim creditor have against debtor on the property." In box 8 of the claim form, Claimant states "see case against GMAC LLC case # 11cv-11885 US District Court of Massachusetts Boston Division". Claimant provides no explanation for the $500,000 claim amount asserted in box 1 of the proof of claim form. On June 21, 2013, Debtors sent a Request Letter to Claimant seeking additional information and documentation in support of the claim. In a letter response received July 22, 2013, Claimant references the Massachusetts case and alleges "deceptive trade practices, various fraudulent foreclosures", damaging Claimant's credit, wrongfully refusing to give credit for payments, "creditor was not given exactly (sic) the acreage of the land which creditors paid for." In Claimant's lawsuit against Debtors (case # 11cv-11885), Claimant alleges the following: i) "deceptive trade practices, fraud, non-disclosure", ii) Debtor gave Claimant a "sub-prime" loan when they wanted a different loan, iii) Debtors broke their promise that the loan would convert to a 30 year fixed rate loan after one year, iv) Debtors failed to properly credit Claimants account with payments made by Claimant, v) in 2010, Debtors failed to provide Claimant with a 1099 despite Claimant's requests, vi) Debtors mishandled the Claimant's escrow account and wrongfully required escrow for insurance when Claimant was paying their own insurance, vii) Claimant did not receive title to all of the land it was supposed to acquire, presumably in connection with Claimant's mortgage loan, | |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | viii) wrongful foreclosure, and ix) wrongful denial of loan modification.<br><br>Debtors have no liability for allegations that they provided Claimants with a "sub-prime" loan or that they "broke their promise that the loan would convert to a fixed rate loan" because the Debtors were not involved in the origination of the loan.<br><br>Debtors have no liability for Claimant's loan modification claims because in every instance Debtor acted in accordance with the applicable investor and government guidelines and Debtors' standard policies and procedures. Furthermore, Claimant never submitted all the required items to Debtor in order for Debtor to be able to consider Claimant for a loan modification.<br><br>Debtors have no liability for Claimants' wrongful foreclosure allegations because in every instance that Debtors employed foreclosure steps, Debtors acted within its rights under the terms of the mortgage, the note and applicable law.  In support of Debtors' position that there is no liability for allegations of wrongful foreclosure or wrongful denial of loan modification, Debtors' records reflect the following:<br><br>Debtors mailed a breach letter to Claimants on September 28, 2007 because the account was past due.  On October 17, 2007, Claimant spoke to Debtors via phone. During the conversation, Claimants disputed the delinquency on their | |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | account and stated that they felt that the loan should be current as payments were made during the Claimants' bankruptcy (Claimants filed for chapter 13 bankruptcy protection on May 2, 2005 and the case was dismissed on September 17, 2007). Debtors explained to Claimants that the bankruptcy payments were applied to the most delinquent payment first and were not enough to bring the account current (at the time of the conversation, the account owed for the October 2005 through October 2007 payments). Debtors discussed modification options with Claimants and the account was referred for modification review.<br><br>A traditional permanent loan modification was approved by Debtors on October 30, 2007.  Debtors mailed documents to Claimants on the same day. The terms included a contribution amount of $2,500 due by November 9, 2007, a new interest rate of 8.4%, a new margin of 3.4, a new ARM change date of March 2010, and the capitalization of $102,000 to the principal balance.<br><br>Claimants spoke to Debtors via phone on November 9, 2007. Claimants had questions regarding the loan modification that the Debtors answered.  On November 27, 2007, Claimants' contribution check for $2,500 was returned because the payment was required to be made via certified funds. Because the initial contribution was not received, the agreement was cancelled.<br><br>On December 5, 2007, Debtors offered a new modification to Claimants with | |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | terms that included a $2,500 contribution due by December 15, 2007, a new interest rate of 8.4%, a new margin of 3, an ARM date change to March 2010, and the capitalization of $102,000 to principal balance for amounts owing. Debtors denied the permanent modification on February 5, 2008 due to Claimants not returning the signed documents and failing to pay the initial contribution.<br><br>Claimants spoke to Debtors via phone on February 8, 2008. Claimants stated that they disputed the amount due on the account, and on that basis, they disputed the amount owing under the modification. During the call, Debtors explained the total amount due on account.<br><br>Debtors referred the account to foreclosure on February 15, 2008 as the account was due for October 1, 2005 payment. On April 15, 2008, Claimants spoke to Debtors via phone and Claimants disputed amount due on account, but said that they would still like a modification on the account. Debtors advised them it will review the dispute. Debtors attempted to contact Claimants via phone on May 21, 2008 to discuss the payment dispute, but Claimants did not answer. Debtors left Claimants a message and a payment history was mailed to Claimants showing an accounting of Claimants' account.<br><br>Claimants spoke to Debtors via phone on May 23, 2008. Debtors set up a temporary repayment plan on the account to allow time for Debtors to review | |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Claimants' payment dispute on the account.  The plan was setup for Claimants to remit two payments of $3,200 due on June 2 and July 2, 2008.  Claimants spoke to Debtors via phone on June 2, 2008, at which time Debtors provided Claimants with payment instructions and Claimants requested that a copy of the repayment plan be faxed to them.  Debtors faxed a copy to fax number Claimants provided. On June 2, 2008, Debtors closed the foreclosure file due to the account being set up on a loss mitigation repayment plan on June 6, 2008.  Debtors received a debt dispute from Claimants on June 3, 2008 and Debtors began reviewing the dispute.<br><br>Debtors returned a repayment plan payment received via personal check #778 in amount of $3,200 on July 3, 2008 as the account required certified funds for the repayment plan payment.  On July 17, 2008, Debtors cancelled the temporary plan because no replacement payment was received.  Debtors mailed a breach letter to Claimants on July 18, 2008. Claimants spoke to Debtors via phone on July 21, 2008, at which time  Debtors explained that the temporary plan was no longer active because Debtors did not receive certified funds for the payment due by July 2, 2008. Claimants advised that they still dispute the account balance. Debtors advised it cannot setup another temporary plan to allow more time as two months has already been given.<br><br>Debtors referred the account to foreclosure on August 21, 2008 as the account was due for December 1, 2005 payment. On August 25, 2008, Debtors scheduled | |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | the foreclosure sale for November 4, 2008.<br><br>Claimants spoke to Debtors via phone on October 17, 2008. Claimants again disputed the application of payments and account balance. Debtors advised Claimants to send all proof of dispute in for review. Claimants spoke to Debtors via phone on October 21, 2008. Debtors advised Claimants that it needs bank statements to prove the payments cleared the bank and were received by Debtors.  Debtors also advised Claimants of the pending foreclosure sale on November 4, 2008 and advised them of the options to apply for a loan modification; however, Claimants refused to discuss.<br><br>Debtors received a fax from Claimants on October 27, 2008. Claimants did not include the bank statements requested by Debtors to confirm that the payments cleared the bank and were truly received by Debtors. Additionally, Debtors determined that the payments referenced in the faxed documents did not match the payments Claimants disputed in prior conversations and written statements with Debtors. Nonetheless, according to the fax, Claimants allege they sent in 22 payments between June 2005 and August 2007.  Debtors confirmed all payments listed except one had been received. Debtors also confirmed that the payments received were correctly applied to the account.  Note, the payments received between months of June 2005 and August 2007 were payments made under Claimants' chapter 13 case (case number 0512492), and when Claimants filed for | |

| Claim No(s) | Name and Address  Claim Amount  Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | bankruptcy, the account was owing for February 2004 through May 2005 Payments.  Claimants spoke to Debtors via phone on October 31, 2008. Claimants called to confirm and check the status of the documents faxed into Debtors, and Debtors advised that the documents were received on October 30, 2008. Homecomings advised it still needs to receive proof that the checks sent by Claimants had been cashed.  Debtors placed a foreclosure hold on the account on November 4, 2008 to allow time to review the Claimants' loan modification package, at which time the foreclosure sale date was rescheduled for December 2, 2008. On November 14, 2008, Debtors received notification that Claimants had filed for Chapter 13 bankruptcy protection on November 4, 2008 in the United States Bankruptcy Court for the Western District of Texas (case number 0812211).  The foreclosure was put on hold to November 17, 2008 due to the Claimants' bankruptcy. Debtors were informed on August 20, 2009 that Claimants' Chapter 13 Bankruptcy was dismissed on August 5, 2009.  On October 19, 2009, Claimants spoke to Debtors via phone, at which time Claimants advised that their bankruptcy was refiled (case number 09-37104). Claimants' bankruptcy was dismissed on October 29, 2009. | |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Claimants spoke to Debtors via phone on November 9, 2009. Debtors discussed a possible HAMP modification with Claimants and set up a forbearance plan to allow time for Claimants to get a workout package in for modification review. GMAC Mortgage, LLC advised that it would mail a workout package to Claimants. Claimants spoke to Debtors via phone on November 14, 2009, at which time Claimants stated that they did not receive a copy of the workout package or the forbearance plan. Debtors remailed both to Claimants.  Debtors received the signed copy of the forbearance plan on November 20, 2009.<br><br>Claimants spoke to Debtors via phone on November 21, 2009. Claimants advised that they still had not received a workout package. Debtors advised Claimants how to access documents online. Claimants spoke to Debtors via phone on November 24, 2009 and they advised that they received the workout package. Debtors advised Claimants to send the completed package in as soon as possible.<br><br>Debtors received a workout package from Claimants on December 16, 2009. Claimants spoke to Debtors via phone on January 22, 2010, at which time they informed the Debtors they wanted the foreclosure stopped since the account was under review for a modification.  Claimants spoke to Debtors via phone on February 2, 2010, at which time Debtors advised Claimants that the workout package was received in December 2009 but the loan has not been approved for | |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | a modification yet.<br><br>Debtors sent emails to Claimants on March 18 and May 12, 2010 advising them of missing information that was needed for the modification review. The Debtors did not receive the necessary information from the Claimants.<br><br>On August 12, 2012, Debtors sent Claimants a new breach letter on the account. Debtors referred the account to foreclosure on October 4, 2012 as the account was due for January 1, 2006.<br><br>On November 9, 2012, Debtors scheduled a foreclosure sale for January 2, 2013. Debtors then postponed the foreclosure sale to February 5, 2013.  The foreclosure sale did not proceed because of the Claimant's Massachusetts bankruptcy case.<br><br>The Claimants filed Chapter 13 bankruptcy again on February 1, 2013.  The bankruptcy was filed in Boston, MA (case number 13:10609). Debtors placed the foreclosure on hold on February 4, 2013 due to the Claimants' bankruptcy filing. The account was transferred to new servicer, Ocwen Loan Servicing, on February 16, 2013.  At the time of servicing transfer to Ocwen, there was no active foreclosure action, and the account was due for the June 1, 2006 payment.<br><br>Debtors have no liability for Claimants' assertion that Debtors mishandled the | |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
|  |  |  | Claimants' escrow account and wrongfully required escrow for insurance when Claimants were paying their own insurance. According to the Debtors' books and records, in each instance that Debtors placed property insurance on Claimants' property and required escrows for insurance, Debtors acted within their rights as provided in the deed of trust (see sections 3 and 5 of the deed of trust) because Claimants had not provided proof of property insurance despite Debtors' requests for such proof. When Claimants finally did provide evidence of insurance, Debtors appropriately refunded Claimants the lender-placed premiums due to Claimants. In support of Debtors' basis for objection with respect to escrow and insurance related claims, Debtors' servicing notes show the following:<br><br>When servicing transferred to Homecomings on January 29, 2003, the transferring party indicated that the borrower was escrowing for taxes only; however, the transferring party failed to provide proof of Claimants' property insurance coverage. In accordance with Debtors' business practices and its duty to ensure a borrower's property is properly insured, on March 13, 2003, Debtors' sent a letter to Claimants requesting proof of property insurance. Debtors' records show that Claimants failed to respond to the letter. Because Claimants failed to respond to the letter, on July 24, 2003 Debtor obtained lender-placed property insurance on the property with a payment of $10,554.60 and policy effective dates covering April 24, 2003 through April 24, 2004. Debtors |  |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | appropriately charged $10,554.60 to Claimants' escrow account. In a phone call with Claimants on December 3, 2003, Claimants stated that they had their own property insurance and would fax evidence of this insurance to Debtors; however, Claimants failed to provide such proof. On March 25, 2004, Debtors disbursed $10,549.57 for lender-placed insurance with policy effective dates April 24, 2004 through April 24, 2005. Debtors appropriately charged the $10,549.57 to Claimants' escrow account. On September 4, 2004, Claimants provided proof of property insurance, and on that basis, Debtor cancelled the lender-placed policy and credited Claimants' escrow account on October 6, 2004 with a refund in the amount of $6,709.45.<br><br>Claimants also allege that Debtors failed to provide a 1099.  Assuming that Claimants are referring to a "Form 1099-C: Cancellation of Debt,"  Debtors' records do not show a cancellation of debt on the account and therefore no 1099-C was required to be sent to Claimants.  If Claimants meant a 1098 form, which shows annual interest paid on an account to be used for tax purposes, such forms are provided annually and Debtors' records do not reflect a request by Claimants for a replacement 1098.<br><br>Based on the facts and reasons stated above, the proof of claim does not give rise to liability for claims of deceptive trade practices. | |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 5488 | Gloria D. Minor<br><br>860 Bonneville, Terrace, N.W.<br><br>Atlanta, GA 30331<br><br>$91,739.25<br><br>General Unsecured | Insufficient Documentation | Mid Atlantic Financial Services originated Claimant's loan on April 28, 2005. Debtor Residential Funding Company, LLC purchased the loan from Mid Atlantic and transferred its interest when the loan was securitized on or about August 1, 2005 where US Bank, NA was appointed as Trustee.  Debtor Homecomings Financial serviced the loan from June 1, 2005 until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "mortgage note" as basis for claim in box 2 of the proof of claim form.  Claimant provides no other explanation of the basis for claim.  Claimant attaches to the proof of claim copies of several monthly mortgage statements, a copy of an approval letter for a loan modification dated March 13, 2009, a copy of an executed loan modification agreement dated May 1, 2009, and a copy of a check made to Homecomings Financial for $821.56 dated May 4, 2009. On June 21, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim; however, Claimant failed to respond.  The Claimant received a permanent loan modification from the Debtors on June 9, 2009, which brought the account current.  At the time servicing was transferred to Ocwen, the Claimant's account was current. | |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 3874 | Scott W. Bell<br><br>19912 Lowry St.<br><br>Marion, MI 49665-8604<br><br>$88,000<br><br>General Unsecured<br><br>GMAC Mortgage, LLC | Insufficient Documentation | Homecomings Financial  originated the loan on February 6, 2004. Debtor Residential Funding Company, LLC purchased the loan from Homecomings and transferred its interest when the loan was securitized on or about March 1, 2004 where Bank of New York Trust Company, NA was appointed as Trustee.  Debtor Homecomings Financial serviced the loan from February 6, 2004, until servicing transferred to GMAC Mortgage, LLC on or about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  At the time servicing transferred to Ocwen, Claimant's account was owing for December 1, 2012 payment.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "mortgage note" as basis for claim in box 2 of the proof of claim form.  Claimant provides no additional explanation for the basis for claim.  Claimant attaches to the proof of claim three letters dated between 2011 and 2012 in which Debtor either advises Claimant about the status of their account, or responds to correspondence and requests for assistance. In the letter dated March 11, 2011 attached to the proof of claim, Debtors explain past account information including information related to the Claimant's property taxes, loan modification activity and agreement terms, and escrows. In the letter dated October 18, 2012 attached to the proof of claim, Debtor advises Claimant that they are past due and a late fee was assessed to the account. In the letter dated October 19, 2012 attached to the proof of claim, Debtor advises Claimant that Debtor has been attempting to contact Claimant, and that "your account is now past due".  In 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of the claim; however, Claimant failed to respond. | 13 |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 3955 | Michael McGrath, Katelyn Genell Wise<br><br>Attn Andrew F. Lanius<br><br>Shipley Law Firm<br><br><br>20110-A U.S. Highway 441<br><br>Mount Dora, FL 32757-6963<br><br><br>$76,329.00<br><br>General Unsecured<br><br>GMAC Mortgage, LLC | Insufficient Documentation, Origination Issues | USAA Federal Savings Bank originated the loan on May 16, 2006. Debtor GMAC Mortgage, LLC purchased the loan from USAA and transferred its interest to Fannie Mae on or about October 12, 2006.  Debtor GMAC Mortgage LLC serviced the loan from May 24, 2006 until servicing transferred to GreenTree Servicing, LLC on February 1, 2013. At the time servicing transferred to GreenTree Claimant's account was current.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "negative equity in fraudulent mortgage" as basis for claim in box 2 of the proof of claim form.  Claimant provides no additional explanation for the basis of the claim.  Claimant attaches to the proof of claim copies of a note, mortgage, and a condominium rider.  Debtors mailed Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>Notwithstanding the above, if Claimant contends that their loan was made fraudulently, Debtors have no liability because Debtors were not involved with the origination of the loan. Debtors' review of the note shows that USAA Federal Savings Bank originated the loan on May 16, 2006. | 8-9, 13 |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| 5644 | Don Barthelme<br><br>12104 Cornflower Place<br><br>Oklahoma City, OK 73120<br><br><br>$55,069.56<br><br>Secured<br><br><br>GMAC Mortgage, LLC | Insufficient Documentation, Origination Issues | Oak Street Mortgage  originated two loans to claimant, a first lien loan and a second lien loan, on August 24, 2004. Non-Debtor Sovereign purchased the second lien loan from Oak Street.  Debtor Residential Funding Company, LLC purchased the second lien loan from Sovereign and transferred its interest to EMC Mortgage Corporation on or about March 30, 2007 when the loan was securitized. Debtor GMAC Mortgage, LLC serviced the loan from March 13, 2007 until servicing transferred to First American Funding on January 1, 2011. At the time servicing transferred to First American Funding, Claimant's account was owing for March 28, 2007 payment.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "mortgage fraud - mers" as basis for claim in box 2 of the proof of claim form. Claimant provides no additional explanation of the basis for claim.  Claimant attaches to the proof of claim only a redacted copy of Claimant's April 2009 mortgage statement in connection with their 2nd lien mortgage.  Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>If Claimant contends that Debtors procured Claimant's loans by fraud, Debtors have no liability because no Debtor was involved with the origination of | 8-9, 13 |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | Claimant's loans. Debtors' records show Claimant's first lien loan was originated by Oak Street Mortgage, LLC on August 24, 2004. The second lien loan was also originated by Oak Street Mortgage on or around August 24, 2004. | |
| 1278 | Lula Darnell Dilworth and Raymond Q. Dilworth Jr.<br><br>21787 Duns Scotus St<br><br>Southfield, MI 48075<br><br>$50,000.00<br><br>General Unsecured<br><br>GMAC Mortgage, LLC | Origination Issues | Quicken Loans originated the loan, a second lien mortgage, on April 28, 2006. Non-Debtor Ally Bank purchased the loan from Quicken.  Debtor GMAC Mortgage LLC serviced the loan from May 30, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  At the time servicing transferred to Ocwen, Claimant's account was current.<br><br>Claimant asserts "due to predatory lending we obtained a 2nd mortgage with an appraisal that was too high for the market" as basis for claim in box 2 of the proof of claim form.  Claimant attaches to the proof of claim a document written by Claimant stating that i) the "predatory lending" was procured by "Quicken Loans and GMAC in April 2006"; ii) "if not for the appraisal of $288,000 we would have never took out a second mortgage on our home," and iii) "we feel we have more than satisfied our obligations for this loan and ask for loan forgiveness for the remaining balance." Claimant provides no additional explanation of the basis for claim.  Claimant attaches to the proof of claim a copy of Claimant's October 2012 mortgage statement in connection with their 2nd lien mortgage, a copy of Claimant's loan application dated April 26, 2004, and an appraisal dated March 3, | 8-9 |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | 2004 showing an estimated market value of $288,000.<br><br>Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>Debtors have no liability for assertions of predatory lending on the basis of deficiencies in the appraisal because no Debtor was involved with the origination of Claimant's loan or the appraisal used to qualify Claimant for their loan. Debtors' records show Claimant's 2nd lien mortgage was originated by Quicken Loans, Inc. on April 28, 2006. Furthermore, Claimant's assertions and explanation within the proof of claim fail to support a valid predatory lending claim or show that Debtors violated any applicable laws governing predatory lending such as the Equal Credit Opportunity Act, the Home Ownership and Equity Protection Act, or any state or local laws. | |
| 1412 | WILLIAM C FITHIAN III ATT AT LAW<br><br>111 N MAIN ST<br><br>Mansfield, OH 44902 | General Servicing Issues | GMAC Mortgage Corporation d/b/a ditech originated the loan on January 25, 2003 and transferred its interest to Fannie Mae on or about February 21, 2003. Debtor GMAC Mortgage LLC serviced the loan from January 25, 2003 until servicing transferred to GreenTree Servicing, LLC on February 1, 2013. At the time servicing transferred to GreenTree, Claimant's account was current.<br><br>Claimant asserts "mortgage already paid. Acknowledged by GMAC Mortgage | 7-8 |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
|  | $49,945.49<br><br>General Unsecured<br><br><br>GMAC Mortgage, LLC |  | several years ago" as basis for claim in box 2 of the proof of claim form. Claimant attaches to the proof of claim a May 2010 mortgage statement showing a maturity date of February 1, 2018 and a current principal balance of $49,945.49, the asserted amount of the claim. Claimant provides no additional explanation of the basis for claim. Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>Debtors have no liability for the assertion that Claimant's mortgage was paid off and Debtors failed to apply the funds correctly to pay off the loan because this assertion is incorrect. Debtors' records show that Claimant never paid off their mortgage. At the time servicing was released to Greentree on February 1, 2013, Claimant's account was current with an unpaid principal balance of $33,019.75. Furthermore, Debtors found no evidence in the servicing notes that Claimant ever disputed the principal balance of the loan or raised any issue regarding a payoff of their mortgage loan. |  |
| 2529 | Shawn Petree, Anna Petree<br><br>4315 NE 45th St | Insufficient Documentation | GreenPoint Mortgage originated the loan on December 28, 2005. Debtor GMAC Mortgage LLC purchased the loan from GreenPoint and transferred its interest when the loan was securitized on or about July 28, 2006 when US Bank, NA was appointed as trustee. Debtor GMAC Mortgage LLC serviced the loan from May 5, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, | 13 |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | Seattle, WA 98105<br><br><br>$22,137.00<br><br>General Unsecured<br><br><br>GMAC Mortgage, LLC | | 2013.  At the time servicing transferred to Ocwen, Claimant's account was owing for the August 15, 2012 payment.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "2nd mortgage" as basis for claim in box 2 of the proof of claim form.  Claimant provides no additional explanation of the basis for claim.  Claimant attaches to the proof of claim copies of letters to GMAC Mortgage dated in September and October 2012, in which Claimant appears to demand certain information regarding their loan.  The Debtors responded to this letter on October 17, 2012. Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond. | |
| 2045 | Lillian C. Sandoval Estate and Belina Ramirez<br><br>c/o Belina Ramirez | Insufficient Documentation | Community Banks of the Rockies  originated the loan on July 29, 2003. Non-Debtor GMAC Bank purchased the loan from Community Banks.  Debtor GMAC Mortgage LLC purchased the loan from GMAC Bank and transferred its interest in the loan to Fannie Mae.  Debtor GMAC Mortgage LLC serviced the loan from September 5, 2003 until servicing transferred to GreenTree Servicing, LLC on February 1, 2013. At the time servicing transferred to GreenTree, Claimant's | 13 |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
|  | PO Box 154<br><br>Manassa, CO 81141<br><br><br>$20,037.51<br><br>General Unsecured<br><br><br>GMAC Mortgage, LLC | | account was current.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "Mortgage" as basis for claim in box 2 of the proof of claim form.  Claimant provides no additional explanation of the basis for claim.  Claimant attaches to the proof of claim i) a "Notice of Assignment, Sale or Transfer of Servicing Rights" from Community Bank of the Rockies to non-Debtor GMAC Bank dated October 1, 2003; ii) a First Payment Letter dated July 29, 2003; iii) a copy of Claimant's note; iv) a document dated February 7, 2011 with a breakdown of costs to cure default in Claimant's foreclosure action; v) a copy of Claimant's October 2012 mortgage statement; vi) an "Assumption of Liability Agreement" dated November 10, 2008 signed by Claimant. Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond. | |
| 5527 | Pamela Wagner and Michael S. Breuner<br><br>2724 Mountain Boulevard | Insufficient Documentation | Homecomings Financial  originated the loan on May 25, 2006. Debtor Residential Funding Company LLC purchased the loan from Homecomings and transferred its interest when the loan was securitized on or about June 1, 2006 when US Bank, NA was appointed as trustee.  Debtor Homecomings Financial serviced the loan from May 25, 2006, until servicing transferred to GMAC Mortgage, LLC on or | 13 |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | Oakland, CA 94602-2608<br><br>$16,277.96<br><br>General Unsecured<br><br>GMAC Mortgage, LLC | | about July 1, 2009. GMAC Mortgage LLC serviced the loan until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013. At the time of servicing transfer to Ocwen Claimant's account was current.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimant do not show how Debtors' connection to this claimant gives rise to liability. Claimant asserts "Mortgage claim" as basis for claim in box 2 of the proof of claim form.  Claimant provides no additional explanation of the basis for claim.  Claimant attaches to the proof of claim only a reinstatement letter sent to Claimant by Executive Trustee Services, LLC dated December 21, 2011, which states Claimant is due for the September 1, 2011 payment and owes $16,277.96 to reinstate Claimant's loan.  Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond. | |
| 3690 | GREGORY GULLO<br><br>TERESA GULLO<br><br>99 BRIAR LANE BOX | Escrow Issues, General Servicing Issues | GMAC Mortgage Corporation d/b/a ditech originated the loan on June 2, 2003 and transferred its interest to Fannie Mae on or about July 8, 2003.  Debtor GMAC Mortgage LLC serviced the loan from June 2, 2003 until servicing transferred to GreenTree Servicing on February 1, 2013. At the time servicing transferred to GreenTree, Claimant's account was current. | 7-9 |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | 283<br><br>CROMPOND, NY 010517<br><br><br>$10,364.00<br><br>General Unsecured | | Claimant asserts a claim for $10,364.00 "if tax is not paid from escrow" as basis for claim in box 2 of the proof of claim form. Claimant attaches a property tax statement for the calendar year 2012 and a school tax statement for the fiscal year July 1, 2012 to June 30, 2013 issued by the Town of Cortland. Claimant provides no other documents in support of the claim. Debtors mailed to Claimant a letter on June 21, 2013 requesting additional information and documentation in support of the claim; however, Claimant failed to respond.<br><br>Debtors have no liability for Claimant's claim because Debtors' records show Debtors paid all required taxes from Claimant's escrow account on time.<br><br>Debtors' records show that Debtors remitted a property tax payment for 2012 taxes in the amount of $3,451.34 on April 2, 2012, and a school tax payment in the amount of $3,406.65 on September 6, 2012, and another school tax payment in the amount of $3,406.64 on January 22, 2013, for a total of $10,264.63. | |
| 5606 | Imelda Luna<br><br>913 Forest Drive<br><br>Colton, CA 92324-4551 | General No Liability | GreenPoint Mortgage Funding  originated the loan on February 2, 2006.  Debtor GMAC Mortgage LLC purchased the loan from GreenPoint and transferred its interest when the loan was securitized on or about July 28, 2006 when US Bank, NA was appointed as trustee. Debtor GMAC Mortgage LLC serviced the loan from May 5, 2006 until servicing transferred to Ocwen Loan Servicing, LLC on February 16, 2013.  At the time servicing transferred to Ocwen, Claimant's account was | 6-7 |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | $28,580.73<br><br>General Unsecured | | current.<br><br>Claimant fails to state a basis for claim in box 2 of the proof of claim form, but asserts a claim for $28,580.73, which is also the principal balance of Claimant's mortgage loan reflected in a November 2012 mortgage statement that Claimant attaches to the proof of claim. Claimant also attaches a letter, explaining that as of November 16, 2012 she will no longer have a job, and that she is asking Debtors to lower her payment because she is "not sure" if she will be able to afford her payments. No other basis for claim or explanation for her basis for claim is provided. On May 20, 2013, Debtors mailed to Claimant a letter requesting additional information and documentation in support of their claim. Claimant responded on June 17, 2013 requesting again that Debtors "take the time to review my loan and help me." Claimant does not assert any damages or allege wrongdoing of any Debtor. Claimant states that she is unemployed and is underwater on her mortgages with Nationstar and Debtor. Claimant attaches to her letter Nationstar mortgage statements, an escrow statement, Claimant's gas and electric bills, and an Ocwen mortgage statement dated May 6, 2013. The Debtors' records reflect a loan modification completed in June, 2012, which reduced Claimant's interest rate from 4% to 1% with a ceiling of 3.875%. There is no record of a modification request from the Claimant after this date.<br><br>Debtors have no liability because Claimant has failed to assert a valid basis for | |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | claim. Nowhere in the proof of claim or letter response does Claimant assert any damages or allege wrongdoing that would impute liability to any Debtor. Furthermore, Debtor is no longer servicing Claimant's loan, so Debtor does not have the ability to modify Claimant's loan. | |
| 2668 | Eric T. Turnbach and Christine K. Turnbach<br><br>P.O. Box 344<br><br>Sybertsville, PA 18251<br><br><br>UNLIQUIDATED<br><br>General Unsecured<br><br><br>GMAC Mortgage, LLC | Insufficient Documentation | GMAC Mortgage LLC  originated the loan on April 25, 2008 and transferred its interest in the loan on or about May 27, 2008 to Fannie Mae.  Debtor GMAC Mortgage LLC serviced the loan from April 25, 2008 until servicing transferred to GreenTree Servicing on February 1, 2013. At the time servicing transferred to GreenTree, Claimant's account was current.<br><br>Debtors object to the claim on the grounds of "insufficient documentation" because the information and documents provided by Claimants do not show how Debtors' connection to this claimant gives rise to liability. Claimants simply proffer conclusory allegations and do not provide the Debtors with any details of the damages the Claimants alleged to  have suffered for which a Debtor is purportedly responsible.<br><br>Claimants assert "mortgage" as basis for claim in box 2 of the proof of claim form. Claimants attach only a website printout of Claimants' loan details. Claimants do not include any additional explanation or documentation in support of the claim. On May 20, 2013, Debtors mailed to Claimants a letter requesting additional | 13 |

| Claim No(s) | Name and Address<br><br>Claim Amount<br><br>Asserted Debtor Name | Reason(s) for Disallowance | No Liability Summaries | Corresponding Page # in Omnibus Objection |
|---|---|---|---|---|
| | | | information and documentation in support of their claim. Claimants responded on June 19, 2013 stating "we borrowed $141,000 from GMAC Mortgage on 04/25/2008 till (sic) present. This is within the time frame that the incident occurred that the lawsuit is filed against." Claimants do not elaborate or describe the "incident" at issue, nor do Claimants provide any identifying information with respect to a "lawsuit". Claimants reattach to the letter Claimants' proof of claim, but do not attach any additional supporting documentation.<br><br>Debtors found no evidence in their books and records of any lawsuit involving Claimants and Debtors, and the Borrower Trust is not aware of any such lawsuit. | |