GWENDELL L. PHILPOT
PO Box 667
407 Valley Dr
Attalla, AL 35954
Telephone : (256) 309-9850

*CREDITOR/CLAIMANT: Claim Number 5067*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |
| | ) | |
| | ) | |

March 31, 2015

Jordan A. Wishnew, Attorney
Morrison & Foerster
250 West 55th St
New York, NY 10019-9601

Mr Wishnew,

Please accept the enclosed documents relating to my credit report in 2008, and income basis document from employment in 2007 and 2008, showing over $80,000 per year income, as well as numerous communications between the Debtors, my attorneys and myself after my bankruptcy showing the many errors of processing by the Debtors in my attempt to obtain a loan modification and also included are documents including one contractor statement and Nationwide Check for partial compensation concerning the restoration to the Property which I diligently worked to accomplish for the care and preservation of the Property, all while I sought a loan modification and corrective action.  I did not list the failure of the loan modification process by the Debtors as a claim, having previously listed such to the Independent Counsel in which they found the Debtors violated the process and the Independent Counsel did compensate me a small amount for such.  But, since the issue of me staying at the Property without paying on the note became a major consideration of Judge Martin Glenn today, because I stayed in the house until 2013, I hope these documents clarify to all that my reason for staying was my attempt to obtain a loan modification as well as care for the Property.  I believe you can derive by the notes by Pamela Jackson and my notations in the same spread sheet as well as the letters from my attorneys for the firm EysterKey that the processing by GMAC Mortgage from 2009 till 2013 caused the unwarranted delay whereby, we gained nothing by continuing to stay and care for the Property till 2013, a clarification that my letter to Gerald Haskell conveyed, such allowing him to intervene and execute the delay of the sale for the repairs completed December 28, 2012, to the benefit of BNY Mellon Bank , yet also please notice the sale on January 9, 2013 violated the decision and letter to me stating the sale to be November 9, 2013.  The sale was completed shortly after January 2013.  Regardless of the actions by the Debtors after September 30, 2008, the failure of their Pay-By-Phone on that night and the subsequent refusal to correct the error by the Debtors caused my financial collapse, and that failure is my sole contention in the Claim.  The attached documents are in reverse chronological order.

Dated: March 31, 2015

GWENDELL L. PHILPOT

PO Box 667
407 Valley Dr
Attalla, AL 35954
Telephone : (256) 309-9850

*CREDITOR/CLAIMANT: Claim Number 5067*

## EXHIBIT 1

Browning Construction Services

# Invoice

643 Grant St.
Decatur, AL. 35601
256-303-2997
Fax: 256-274-9477

| Date | Invoice # |
|------|-----------|
| 12/28/2012 | 1231 |

**Bill To**

G. Lloyd Philpot & Nationwide Ins.
503 Ferry St. NE
Decatur, AL. 35601

2013   428
JUDGMENT  Book & Page

| P.O. No. | Terms | Project |
|----------|-------|---------|
|  | Due on receipt |  |

| Item | Quantity | Description | Rate | Amount |
|------|----------|-------------|------|--------|
|  |  | Tool out 4 Ft x 16 Ft section of brick wall | | |
|  |  | Clean brick and reinstall | | |
|  |  | Remove and reset 16 lineal ft of 12 inch limestone cap at brick wall | | |
|  |  | Cut 5 Ft x 5 Ft. section of porch concrete, jack hammer, remove and repour concrete porch slab | | |
|  |  | Remove and replace two mature azalea bushes approx. 4 Ft. x 4 Ft ea. | | |
|  |  | Clean porch slab & steps, sand and paint with urethane porch enamel...size 604 sq ft. | | |
|  |  | Remove and replace 2 Ft 4 x 3 Ft storm window damaged by tree limb | | |
|  |  | Remove and replace tongue and groove sofit  10 sq Ft. and paint | | |
|  |  | ***Additional Contractor Notes: Because of limited storage space furniture had to removed from house and stored at storage facility. | | |
|  |  | Also, homeowners stayed in a hotel two nights because of fumes caused by floor finish. | | |
|  |  | All work is completed as of December 28, 2012 | | |
|  |  | Mike Browning/Browning Construction Services | | |
|  |  | Lloyd Philpot | | |

All work is complete! *For 503 Ferry St NE per 2009 Easter Weekend storms*

E-mail
mike@browningservices.com

**Total**    $38,650.00

Page 2

*deficient mortgage service
during the foreclosure, not about the
failure of the Pay-By-Phone System*

Dear Gwendell L Philpot,

You were recently sent a notice that you are eligible to receive a payment as a result of an agreement between federal banking regulators and GMAC Mortgage, LLC in connection with an enforcement action related to deficient mortgage servicing and foreclosure processes.

**This letter includes your check.** It also explains the amount of the payment, why you are receiving a payment, how to cash the check, and other important information and disclosures.

## Your payment is: $500.00.

### Why you are receiving a payment

In July of 2013, GMAC Mortgage, LLC entered into an agreement with the Board of Governors of the Federal Reserve System. This agreement resolved the Independent Foreclosure Review required by the Board of Governors. Additional information about this agreement can be found at www.federalreserve.gov.

Regulators determined your payment amount based on the stage of your foreclosure process and other considerations related to your foreclosure.

### How to cash the check

**You must cash or deposit the check within 90 days, or the check will be void.** All borrowers listed on the check must sign it to cash it.

> ## The payment amount is final.
> ## There is no process to appeal the payment.

Continued on reverse side

GMAC2014                                                              A 1LDN 000107686

THIS DOCUMENT CONTAINS ANTI-THEFT DEVICES INCLUDING MICRO PRINTING AND A COLORED BACKGROUND. ABSENCE OF THESE FEATURES INDICATE A COPY.

Fund 3 Independent Foreclosure Review Payment QSF     The Huntington National Bank     56-1512          **Check No. 7502845**
Loan Servicer: GMAC Mortgage, LLC.                                                    441
P.O. Box 3036
Faribault, MN 55021-2636

| DATE | CLAIM NUMBER | AMOUNT |
|---|---|---|
| January 27, 2014 | ████4502 | $500.00 |

> **Financial Institutions may call**
> **1-855-460-1528 to verify this check.**

VOID AFTER NINETY (90) DAYS
*NOT VALID FOR AMOUNT OTHER THAN $500.00*
All Payee's signatures required on back in order for this instrument to be paid.

Pay:                    FIVE HUNDRED DOLLARS AND NO CENTS
Pay to the order of:    GWENDELL L PHILPOT

*Paul V___l*
_____
Authorized Signature

# GMAC Mortgage

*[handwritten: Copy 2012 Dec 16 1:42 pm Re: Scan]*

December 6, 2012

Gwendell L Philpot
503 Ferry St. N.E.
PO Box 1088
Decatur AL 35602-1088

*[handwritten: They sold the property on January 9 2013 and did not follow through on their agreement to sell on November 9, 2013]*

RE:     Account Number        ███9657
        Property Address      503 Ferry St. N.E.
                              Decatur AL 35601

Dear Gwendell L Philpot:

This letter is in response to your inquiry regarding the above-referenced account dated November 3, 2012 and received in our office on November 27, 2012.

Please be advised, the foreclosure sale date is set for November 9, 2013. You may contact our Loss Mitigation Department at 1-800-850-4622 to inquire on options to stop the foreclosure sale date or other loss mitigation options.

If you have any further questions, please contact Customer Care at 1-800-766-4622 between the hours of 7:00 am to 9:00 pm CT Monday through Friday and 9:00 am to 1:00 pm CT on Saturday.

Customer Care
Loan Servicing

AD

# EYSTER KEY

Attorneys at Law • Mediators

Since 1884

J. Glynn Tubb
Nicholas B. Roth
William L. Middleton III
James G. Adams Jr.
Julia Smeds Roth*
Heather N. Hudson
Carl A. Cole III

*Also licensed in the District of Columbia

John C. Eyster
1863-1926
Charles Eyster, Sr.
1888-1964
William B. Eyster
1921-1995

*of Counsel*
John S. Key
A. P. Reich II, Retired Circuit Judge

March 17, 2011

Ms. Colleen McCullough, Esq.
Sirote & Permutt
Post Office Box 55727
Birmingham, AL   35205

Re:    Account Number:    ████9657
       Property Address:    503 Ferry St. N.E.
                            Decatur, AL   35601

Dear Ms. McCullough:

Lloyd Philpot received the enclosed March 4, 2011 letter from GMAC Mortgage, which once again indicates that they do not have documents that he did execute and did forward to them through your office.   They were faxed, and you obviously received them and forwarded them to GMAC Mortgage because that is what put in play the current request for loan modification which they have denied.

It does not appear that GMAC Mortgage has any intention, if they ever did, to enter into a good faith effort to modify the Philpots' loan.

I tend to agree with Lloyd's handwritten notes at the bottom of Page 2 of the enclosed letter.

Very truly yours,

NICHOLAS B. ROTH

NBR/kk
Enclosure

cc:    Mr. Lloyd Philpot
       J. Glynn Tubb, Esq.

*Nick's letter about GMAC Servicing the loan Modification*

*Shows pattern of not Managing the process by GMAC*

Eyster, Key, Tubb, Roth, Middleton & Adams, LLP
P.O. Box 1607, Decatur, Alabama 35602
402 E. Moulton Street, Decatur, Alabama 35601
ph: 256.353.6761 • 800.457.5396 • fx. 256.353.6767 • www.EysterKey.com • EysterKey@EysterKey.com

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

*Nick)*
*See 2nd page*
*for info relating*
*to this inaccurate*
*reply.*

03/04/11

GWENDELL L PHILPOT

503 FERRY ST. N.E.
PO BOX 1088
DECATUR          AL 35602-1088

*Mailed 3/7  Received 3//15*

RE:    Account Number       ████9657
       Property Address     503 FERRY ST. N.E.

                            DECATUR          AL 35601

Dear    GWENDELL L PHILPOT

In connection with your request for a loan modification, we regret to inform you that your request has been denied for the following reason(s):

[]    The financial information provided shows you have insufficient income to support your request. We recommend you consider selling your property. If the value of your property has declined and would not result in a full payoff of the mortgage please contact our office when an offer is received so we can review for a possible short sale.

[]    The financial information provided shows that your income is sufficient to cover your existing mortgage obligation; therefore, we are unable to modify your existing obligation.

[]    While you do not have sufficient income to support all of your monthly expenses, some of your expenses could be reduced. We recommend you contact your other creditors to lower their monthly payments before workout solutions can be considered on your mortgage.

[]    We previously requested additional information from you which has not been received; therefore, we are unable to continue our review for workout solutions.

[]    We service your loan on behalf of an investor or group of investors that has not given us authority to modify your loan under the program requested.

*[handwritten, top right:] ...the accuracy of this loan is not accurate. All such info was faxed to Colleen McCullogh from your office on 2/9/2011*

03/04/11
Account Number [redacted] 9657
Page Two

[] The payment we received does not represent the correct amount as specified in the agreement.

[] The required payment was not received by the payment due date as specified in the agreement.

[X] We have not received the properly signed and executed agreement.

[] You did not meet the requirement(s) for the Home Affordable Unemployment Program.

[] We have been unable to clear/resolve outstanding title issues in order to meet recording requirements.

[]

[]

At times like these we feel it is important for you to seek financial advice from a trusted source experienced with situations like yours. Therefore, we recommend you call 1.800.CALL.FHA to find a HUD-Certified housing counseling agency to discuss your needs. You can also call the HOPE hotline number (888-995-HOPE) to seek assistance at no charge from HUD-approved housing counselors and can request assistance in understanding this borrower notice letter by asking for MHA HELP.

We will continue to work with you to explore other options that may be available for your circumstances. If you have any questions regarding the above decision, please contact our office at 800-850-4622, between the hours of 7:00 a.m. and 9:00 p.m. Monday through Thursday Central Standard time, 7:00 a.m. to 6:00 p.m. Central Standard time Friday, and 8:00 a.m. to 12:00 p.m. Central Standard time on Saturday.

Loss Mitigation Department
Loan Servicing

*[handwritten, bottom:] GMAC & Homecomings has a history with us, of responding to us with inaccurate info, thereby driving up legal fees. This is entered as revenue for them, that I assume they charge against the account and receive when the property is foreclosed. This also seems like fraud on their part, against us or the owner of the note whoever that is*

03/04/11
Account Number 9657
Page Three

**Notice Regarding Bankruptcy:**  If you have filed for bankruptcy and your case is still
active or if you have received an order of discharge, please be advised that this is not an attempt
to collect a pre-petition or discharged debt.  Any action taken by us is for the sole purpose of
protecting our lien interest in your property and is not to recover any amounts from you
personally.

**Residents of North Carolina:  If you believe the loss mitigation request has been
wrongly denied, you may file a complaint with the North Carolina Office of the
Commissioner of Banks, website, www.nccob.gov.**

**Residents of New York:  If you believe the loss mitigation request has been wrongly denied,
you may file a complaint with the New York State Banking Department at 1-877-226-5697
or www.banking.state.ny.us.**

Disclosure of the Use of Information Obtained From an Outside Source

Our credit decision was based in whole or in part on information obtained in a report from the
consumer reporting agency listed below.  You have a right under the Fair Credit Reporting Act
to know the information contained in your credit file at the consumer reporting agency.  The
reporting agency played no part in our decision and is unable to supply specific reasons why
we have denied credit to you.  You also have a right to a free copy of your report from the
reporting agency, if you request it no later than 60 days after you receive this notice.  In
addition, if you find that any information contained in the report you receive is inaccurate or
incomplete, you have the right to dispute the matter with the reporting agency.

Name:  Equifax Information Services LLC,
Address:  P.O. Box 740241, Atlanta, GA 30374-0241
[Toll-free]  Telephone number: 800-685-1111    www.equifax.com

*If you have any questions regarding this notice, you should contact:*

Creditor's name: GMAC Mortgage, LLC
Creditor's address: PO Box 780  Waterloo IA 50704-0780

Creditor's telephone number: 800-766-4622

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating
against credit applicants on the basis of race, color, religion, national  origin, sex, marital status,
age (provided the applicant has the capacity to enter into a binding contract); because all or part
of the applicant's income derives from any public assistance program; or because the applicant
has in good faith exercised any right under the Consumer Credit Protection Act. The federal
agency that administers compliance with this law concerning this creditor is Federal Trade
Commission, Equal Credit Opportunity, Washington, DC 20580.

5:31



S I R O T E
—— & ——
P E R M U T T
A PROFESSIONAL CORPORATION

February 16, 2011

Gwendell L. Philpot
Annette Green Philpot
503 Ferry Street Northeast
Decatur, AL 35601

RE:    Foreclosure on Property Located at 503 Ferry Street Northeast, Decatur, AL 35601

This letter is to advise you that The Bank of New York Mellon Trust Company, National Association fka
The Bank of New York Trust Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by
merger with Bank One, N. A., as trustee for RASC 2001KS1, has instructed us to postpone the
foreclosure sale scheduled for February 16, 2011, until March 23, 2011, at the same place and under the
same terms as set out in the original mortgage foreclosure notice.  For any information regarding this
matter, please call (205) 930-5476.

This communication is from a debt collector.

Yours very truly,

Candace Rouse Day
Document Coordinator

CR/cr

cc:    GMAC Mortgage, LLC/Loan # █████9657
       Glynn Tubb, Esq.

*One of many postponments caused by GMAC to manage the loan modification process*



**COLLEEN MCCULLOUGH**

ATTORNEY AT LAW

(205) 930-5379

cmccullough@sirote.com

February 11, 2011


Gwendell L. Philpot
Annette Green Philpot
503 Ferry Street Northeast
Decatur, AL 35601

Re:    Our Client: GMAC Mortgage, LLC as servicer for The Bank of New York Mellon Trust
       Company, National Association fka The Bank of New York Trust Company N.A., as
       successor to JP Morgan Chase Bank, N.A., successor by merger with Bank One, N. A., as
       trustee for RASC 2001KS1 ("GMAC")
       Loan Number: ████9657
       Property Address: 503 Ferry Street Northeast, Decatur, AL 35601

Dear Mr. and Ms. Philpot:

Please recall that this firm represents GMAC in relation to its interest in the above-referenced
property. I am in receipt of your recent correspondence dated February 7, 2011, but not sent to
my office until February 9, 2011. Please note that I have forwarded this correspondence,
including the loss mitigation application you provided, on to my client, GMAC. In addition,
verification of this debt was provided to you by GMAC on October 21, 2010 and again by my
office on January 7, 2011.

Please note that my firm has very limited authority with respect to loss mitigation. Your most
recent correspondence indicated that I had offered to handle documents for you. However, my
letter of January 7, 2011, indicated that the loss mitigation application could be returned directly
to GMAC, or you could return it to my office and I would be happy to forward it to GMAC.
Please note that I am not authorized to approve any type of loss mitigation plan and you will
need to work directly with GMAC with respect to your inquiry. GMAC's Loss Mitigation
Department can be reached at (800) 850-4622.

At this time, there is a foreclosure sale scheduled for February 16, 2011. GMAC has requested
that the sale be postponed for approximately thirty (30) days. Notice of the new sale date will be
mailed to you on or about February 16, 2011. Should you have any questions, please feel free to
contact me.

Finally, it is still unclear as to whether or not you are represented by attorney Glynn Tubb. I note
that your facsimile came directly from his office, and I am copying Mr. Tubb on this
correspondence. If Mr. Tubb is representing you with respect to this matter, please have him

DOCSBHM\1754631\2\

*LAW OFFICES AND MEDIATION CENTERS*
2311 HIGHLAND AVENUE SOUTH     BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727     BIRMINGHAM, ALABAMA 35255-5727
TELEPHONE | 205.930.5100     FAX | 205.930.5101     URL | *http://www.sirote.com*

Birmingham     |     Huntsville     |     Mobile

Gwendell L. Philpot
February 11, 2011
Page 2

advise my office as soon as possible, as all direct communication with you would need to cease at that time.

This communication is from a debt collector.

Sincerely,

Colleen McCullough
FOR THE FIRM

CM/ta
c:    GMAC Mortgage, LLC
      Glynn Tubb, Esq.  (via facsimile: 256-353-5224)

## TRANSMITTAL COVER SHEET

**EYSTER, KEY, TUBB, ROTH, MIDDLETON & ADAMS, LLP**
**P.O. Box 1607**
**Decatur, Alabama 35602**

Telephone: ( 256)  353-6761
Facsimile: ( 256)  353-5224

| DATE: 2/9/2011 | TIME: |
|---|---|

### CONFIDENTIALITY NOTE:

The information contained in this facsimile message is legally privileged and confidential information intended only for the use of the individual or entity named below. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this facsimile is strictly prohibited. If you have received this facsimile in error, please notify us by telephone immediately and return the original message to us at the address listed above via the United States Postal Service. Thank you.

**TO:**  _Colleen McCullough_     (205) 212-2812

**FROM:**  _Lloyd Philpot_

**NO. of PAGES:**  _35_    ( Including cover sheet)

**RE:**  _Gwendell Lloyd Philpot/GMAC_

| MESSAGE: | Please acknowledge receipt at your earliest opportunity. Thank you. |
|---|---|

*If you do not receive all pages, please call back as soon as possible.*
*My number is (256) 353-6761*

February 7, 2011

Colleen McCullough
Attorney at Law
Assistant Secretary and Vice President of
Mortgage Electronic Registration Systems, Inc.

Sirote & Permutt, P.C.
2311 Highland Ave. S.
Birmingham, AL 35205

Re: Loan Number: ██████9657
Property Address: 503 Ferry Street Northeast, Decatur, AL 35601

Within thirty days after receipt of your letter of January 7, 2011, we do hereby dispute the debt referred to, including the entire remaining balance of said debt or any portion thereof, including fees, accrued interest, and other charges.

You being the attorney representing GMAC Mortgage, LLC, here-in-after GMAC, being a corporate officer, namely, Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc., here-in-after MERS, I request that you convey to the respective corporate executive officers of each organization having authority to approve this request and all owners of any portion of the mortgage or note and any party of record who would be financially affected including those referenced in your letter, this request to stop the foreclosure and sale of said property and to negotiate a loan modification with respect to our original request of June 2009 and April 2010, including an enclosed new updated loss mitigation package.

In consideration of that communication and a December 20, 2010 loan modification letter sent to me directly from GMAC with a first modified payment of March 1, 2011, I was surprised to receive your notice of advertisements starting this January and foreclosure sale scheduled for February 16th.

These and past conflicting communications from different GMAC agents or departments have caused much confusion in the past. So, I was glad to see your new offer to handle documents from me, to be presented to GMAC for a loan modification. In past conversations with GMAC, I was told that your firm only handled actions of foreclosure by directives from GMAC. With your involvement as an intermediary located in Alabama, being a legal representative with whom I can have a consistent communication of continuity, I hope it will be possible to obtain a comprehensive complete offer from GMAC, having no ambiguities or further delays caused by the inactivity of GMAC as has been an underlying problem with which I have dealt these past two years.

The significant discrepancy between financial figures of your letter VS the December GMAC offer letter, such referenced above, is cause for confusion. As well, neither documents respond to the Brokers Price Opinion, BPO, of *Distinctive GMAC Realty*, I supplied to GMAC, showing the market value to be $165,000 - $170,000, reflecting the damage to the property caused by the 2009 Easter weekend storms and the prevailing market trends since 2008 and my request to have the second mortgage lien eliminated because, subsequent to those storms, such lien is now an unsecured lien

because the property value is below the first mortgage. I have never received any reply with respect to such decreased value. Although you stated that I should contact GMAC about the decrease in property value, I have previously done so with no response, therefore, I request that this be included herewith such that all issues can be processed, including those of my June 30, 2010 letter enclosed, with a consistent continuity, thereby eliminating conflicting communications from different parties of GMAC.

When I obtained the mortgage and note in December 2000, I had good income with over 21% equity in the property and minimal debts. Additionally, we purchased the property in December 1982 , maintained and continuously renovated it, investing significant funds to be good stewards of this historically significant home-place of the late Federal Judge Seybourn H. Lynne. Only after storm damage and an accident in 2002 of which I only received a small fraction of the damage did I use my retirement funds to repair the house and garage in an attempt to increase the integrity, value and marketability of the property. After receiving additional income, I obtained a second mortgage to continue the repairs and renovations and in 2007 again suffered hail damage of which I received no funds from the insurance company. After temporary repairs to the roof and aesthetic investments to the exterior of the property to increase "curb appeal," I placed the property with a real estate firm and widely advertised it for sale. After many showings and open houses I received an offer but mishandling by the real estate firm led to the offer being rescinded. Having spent all of my reserve on the property and with a significant loss in consulting revenue because of my personal care provided to my late mother, who was then suffering with Alzheimer's, I obtained full employment for myself and retained caregivers for her. I entered into an agreement with GMAC to be one month late on my payment  but such that the payment would not be entered as being 60 days late as long as the payment was made prior to the first day of the second month from the due date. All this I did, though GMAC's database shows the payment made December 31, 2007 was credited after the first of January 2008, a situation which I did then and still do refute. However, at the end of January 2008 until September 30, 2008, I continued as per our agreement in the summer of 2007, that no foreclosure would occur as long as I maintained being late one month in payment. After becoming unemployed in August/ September 2008, I immediately sought employment as-well-as SBA funding to start a new business designing systems for Alzheimer's patients and caregivers. Working with a business incubator and small business consultants at the University of Alabama in Huntsville and an SBA loan credit union, I had a verbal agreement of a working capital loan to secure in October 2008. The possibility of that loan disappeared when the GMAC payment system failed on September 30, 2008 as I attempted to make a payment. The payment which I entered electronically, as I have stated in previous letters and e-mails, was not processed correctly by GMAC and GMAC informed the credit bureaus that my payment was more than sixty days late. Despite numerous immediate attempts of e-mails and phone calls to GMAC to obtain a correction to the error created by GMAC's payment system, the company never corrected the error but instead started foreclosure. We immediately entered into an agreement with *Distinctive GMAC Real Estate* to again place the property on the market for sale. During that time an offer was received on a short sale in January 2009 for $189,000 which GMAC declined, an offer of a value higher than the house is now worth given the storm damage incurred later that spring. The foreclosure process was stopped in February 2009 when we filed for Chapter 7 bankruptcy. Afterwards, during Easter weekend of 2009, the property was hit with multiple storms after which the property was removed from the market because of significant damage to the property and loss in value which a June 2010 BPO we supplied to GMAC substantiates. On May 21, 2009 the bankruptcy was discharged and we immediately began efforts to obtain a loan modification from GMAC, an option which Homecomings Financial, LLC assured the United States Bankruptcy Court in its Motion for Relief of Automatic Stay it would offer as an option. Practically on a weekly basis, we contacted GMAC to find

out the status of our loan application but were met with conflicting status reports from employees and delays caused by GMAC, all the while GMAC has been accessing the account of fees and penalties, even after updating our loan mitigation package on April 22, 2010. After the Easter 2009 storm, we made temporary repairs to stop further damage as best we could. This included HVAC repairs. However, recently either lightning or a utility company power surge caused damage to both HVAC systems, appliances, lighting, stereo systems and my computers, a situation which we believe was lightning but cannot determine. This further reduces the value of the property.

Of note, should the sale proceed on February 16th, logic would follow that GMAC could not submit a non-competitive bid greater than the market value without perpetuating fraud against those designated as your clients in your January 7th letter, especially since the estimated foreclosure fees and cost of $82,445.32 are not representative of any failure on the part of anyone other than GMAC, in its inefficiency to properly service our loan modification request of June 2009 in a timely manner, thus its delayed action was of its own making and the resulting fees could not be charged to either myself or your other clients as part of the resulting bid. Neither myself or my representatives caused any delay by GMAC Mortgage LLC to process such request of a modification, a process Homecomings Financial, LLC stated to the court as an option and which GMAC then publicly advertised as having strong support.

Although, I was reported as being 30 days late for several months in 2007 and 2008, I was diligent in my efforts to fulfill my obligation and with respect to my long successful professional background, had I obtained the SBA loan in October 2008, I would have succeeded in having the working capital to develop the Alzheimer's product and thereby becoming current on the loan and avoiding bankruptcy.

Since the bankruptcy, our only debts are for remaining medical co-payments and a student loan. We have not requested charge cards or other loans including automobile loans, maintaining an advanced cash/check payment system for all goods and services.

Please accept the updated application for a loan modification.
I request a halt to the sale scheduled for February 16, 2011, so that we may complete the actions to fulfill such modification and further request that GMAC and MERS appoint you as a local Alabama representative to engage in a good faith attempt to negotiate a lost mitigation plan with us.

Gwendell L. Philpot            Annette Green Philpot

256-309-9850

503 Ferry St NE
Decatur, AL 35601

Enclosures
cc: Mr. J. Glynn Tubb

February 7, 2011    Colleen McCullough Letter    GLP ___    AGP ___    Page    3 of 3

**FAX COVER SHEET**   *(This page should be returned to us with your completed financial analysis form)*

To:    Loss Mitigation

From:  *Gwendell L. Philpot*    Account Number(s) ██████ *9657*

Fax to: **1-866-709-4744** or mail to:  Loss Mitigation
2711 North Haskell Avenue, Suite 900
Dallas TX 75204

✓ *2/7/2011 Letter to Colleen McCullough enclosed.*

**The following documentation must be included to determine eligibility:**

✓ • **Financial Analysis Form**

✓ • **The enclosed Hardship Affidavit completed and signed by all borrowers (no notary required),**

 • **A signed and dated copy of the IRS Form 4506-T (Request for Transcript of Tax Return) for each borrower (borrowers who filed their tax returns jointly may send in one IRS Form 4506-T signed and dated by both the joint filers), and**

✓ • **Documentation to verify all of the income of each borrower (including any alimony or child support that you choose to rely upon to qualify). This documentation should include:**

For each borrower who is paid by an employer:

☑ Copy of the most recent filed federal tax return with all schedules required by the IRS at the time you filed your return; and  *2008 as previously submitted, 2009 Not Filed with IRS*

☑ Copy of the two most recent pay stubs or other proof of income from your employer. *Waiting on Docum*

For each borrower who is self-employed:

☐ Copy of the most recent filed federal tax return with all schedules required by the IRS at the time you filed your return, and

☐ Copy of the most recent quarterly or year-to-date profit/loss statement.

For each borrower who has income such as Social Security, disability or death benefits, pension, public assistance, or unemployment:

☑ Copy of most recent federal tax return with all schedules and W-2 or copies of two most recent bank statements.

☑ Copy of benefits statement or letter from the provider that states the amount, frequency and duration of the benefit. Such benefit must continue for at least 3 years to be considered qualifying income under this program.

For each borrower who is relying on alimony or child support as qualifying income:

☐ Copy of divorce decree, separation agreement or other written agreement or decree that states the amount of alimony or child support and period of time over which it will be received. Payments must continue for at least 3 years to be considered qualifying income under this program.

☐ Proof of full, regular and timely payments; for example, deposit slips, bank statements, court verification or filed federal tax return with all schedules.

For each borrower who has rental income:

☐ Copies of most recent two years filed federal tax returns with all schedules, including Schedule E-Supplement Income and Loss. Rental income for qualifying purposes will be 75% of the gross rent.

**Additional items required if you are requesting a sale of your property:**

 ○ Copy of listing agreement
 ○ Copy of the sales contract
 ○ Copy of the estimated Settlement Statement (HUD 1) if available
 ○ Signed "third party authorization" form

GWENDELL LLOYD PHILPOT AND ANNETTE GREEN PHILPOT
503 FERRY STREET NE
DECATUR, AL 35601

DECATUR DAILY
JANUARY 24, 2011

MORTGAGE
FORECLOSURE SALE

Default having been made in the payment of the indebtedness secured by that certain mortgage executed by Gwendell Lloyd Philpot and wife, Annette Green Philpot, to Mortgage Electronic Registration Systems, Inc., solely as nominee for Homecomings Financial Network, Inc, on the 4th day of December, 2000, said mortgage recorded in the Office of the Judge of Probate of Morgan County, Alabama, in Mortgage Book 2000, Page 35882; said mortgage having subsequently been transferred and assigned to The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by merger with Bank One, N. A., as trustee for RASC 2001KS1, by instrument recorded in Miscellaneous Book 2010, Page 8671, in the aforesaid Probate Office; the undersigned The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by merger with Bank One, N. A., as trustee for RASC 2001KS1, as Mortgagee/Transferee, under and by virtue of the power of sale contained in said mortgage, will sell at public outcry to the highest bidder for cash, in front of the main entrance of the Courthouse at Decatur, Morgan County, Alabama, on February 16, 2011, during the legal hours of sale, all of its right, title, and interest in and to the following described real estate, situated in Morgan County, Alabama, to-wit:
Part of Lot 397, according to the Plan of the City of Decatur, Alabama, described as beginning at Northwest corner of Ferry and Cherry Streets, thence in a Northeast direction along Ferry Street 82 feet; thence in a Northwest direction parallel with Cherry Street 165 feet to an alley; thence in a Southwest direction parallel with Ferry Street 82 feet to Cherry Street, thence in a Southeast direction along Cherry Street to point of beginning, except the Westerly 5 feet for alley.
THIS PROPERTY WILL BE SOLD ON AN "AS IS, WHERE IS" BASIS, SUBJECT TO ANY EASEMENTS, ENCUMBRANCES, AND EXCEPTIONS REFLECTED IN THE MORTGAGE AND THOSE CONTAINED IN THE RECORDS OF THE OFFICE OF THE JUDGE OF PROBATE OF THE COUNTY WHERE THE ABOVE-DESCRIBED PROPERTY IS SITUATED. THIS PROPERTY WILL BE SOLD WITHOUT WARRANTY OR RECOURSE, EXPRESSED OR IMPLIED AS TO TITLE, USE AND/OR ENJOYMENT AND WILL BE SOLD SUBJECT TO THE RIGHT OF REDEMPTION OF ALL PARTIES ENTITLED THERETO.
This sale is made for the purpose of paying the indebtedness secured by said mortgage, as well as the expenses of foreclosure.
The Mortgagee/Transferee reserves the right to bid for and purchase the real estate and to credit its purchase price against the expenses of sale and the indebtedness secured by the real estate.
This sale is subject to postponement or cancellation.
The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by merger with Bank One, N. A., as trustee for RASC 2001KS1, Mortgagee/Transferee
Colleen McCullough
SIROTE & PERMUTT, P.C.
P. O. Box 55727
Birmingham, AL 35255-5727
Attorney for Mortgagee/
Transferee
www.sirote.com/
foreclosures
108775
1/24, 1/31, 2/7 2011 114



COLLEEN McCULLOUGH
ATTORNEY AT LAW

# S I R O T E
## — & —
# P E R M U T T
### A PROFESSIONAL CORPORATION

January 20, 2011

Gwendell L. Philpot
Annette Green Philpot
503 Ferry Street Northeast
Decatur, AL 35601

RE:     Foreclosure on Property Located at 503 Ferry Street Northeast
          Decatur, AL 35601

We represent The Bank of New York Mellon Trust Company, National Association fka The Bank of
New York Trust Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by merger with
Bank One, N. A., as trustee for RASC 2001KS1. The mortgage loan with them is currently in default.
Due to the default in the terms of the note and mortgage, we have been instructed to foreclose on the
above-described property.

Enclosed is a copy of the Mortgage Foreclosure Sale publication notice to be published in the Decatur
Daily. The foreclosure sale is scheduled for February 16, 2011. If you wish to avoid losing the subject
property, you must contact us; otherwise, the foreclosure sale will take place as set forth in the publication
notice, and we will take legal action to obtain possession of the subject property.

This communication is from a debt collector.

For any information regarding this matter, please call (205) 930-5476.

Yours very truly,

Colleen McCullough
FOR THE FIRM

CM/kc

Enclosure

cc:     GMAC Mortgage, LLC/Loan #████9657

          Glynn Tubb, Esq.

LAW OFFICES AND MEDIATION CENTERS
2311 HIGHLAND AVENUE SOUTH    BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727    BIRMINGHAM, ALABAMA 35255-5727
URL  |  http://www.sirote.com

B i r m i n g h a m     |     H u n t s v i l l e     |     M o b i l e

12/20/2010                                                      **GMAC** Mortgage

GWENDELL L PHILPOT
503 FERRY ST. N.E.
PO BOX 1088
DECATUR AL 35602-1088

Re: Account Number          ████9657
                            503 FERRY ST. N.E.
                            DECATUR AL 35601

*Approved but inconsistent with application and pre approval)*

Dear GWENDELL L PHILPOT      :

**Congratulations!  Your request for a loan modification has been approved subject to the following:**
    -Receipt of your contribution in the form of certified funds
    -Receipt of the signed and (if applicable) notarized and/or witnessed loan modification agreement
     and any attachments
    -Receipt of clear title, if applicable

**We understand that you filed for bankruptcy and have received a discharge under Chapter 7 of the United States Bankruptcy Code.  You are not personally obligated to repay the mortgage loan referenced above and we are not attempting to collect any debt from you.  Signing the Loan Modification Agreement will not make you personally liable for the mortgage loan, however, it will enable us to accept and apply voluntary payments which are different from what was required under your Note prior to discharge in bankruptcy. [GMAC Mortgage, LLC] will continue to retain its lien on the above-referenced property, along with all rights to enforce such lien against the property.  Your payments pursuant to the Loan Modification Agreement will reduce the amount of the lien.**

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The voluntary contribution amount of  $ 1,785.88 in the form of certified funds, is due in our office by February 1, 2011.
- The interest rate is  5.75000%.
- The modified unpaid principal balance will be $207,191.52.
- The account will be brought current with the first modified payment beginning March 1, 2011
- **Modified payment amount**
        Principal and Interest        $1,461.18
        Escrow                        $398.36
        **Total Payment**             **$1,859.54**
- If the Modification Agreement has notary provisions at the end:
    o  Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary.
    o  This document must be signed in the presence of a notary and (if applicable) other witnesses.
- If executing an ink signature (paper), all of the documents must be executed and the signatures must be exactly as the names are typed.  The signed and (if applicable) notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding.
- For loans with mortgage insurance, the mortgage insurance premium may be subject to change following permanent modification.  Any change would be proportionate to the modified loan amount, including any deferred balance, and would be reflected in a future escrow analysis following permanent modification.

The contribution and executed loan modification documents are due back by February 1, 2011.  Please return to:

GMAC Mortgage, LLC
3700 J Street SW
Suite 222
Cedar Rapids, IA 52404

IMPORTANT!  The loan modification will not be complete until we receive all properly executed documents and the contribution amount.  If the modification is not completed we will continue to enforce our lien.  If the conditions outlined above are not satisfied the modification will be withdrawn.

**If the conditions outlined above are not satisfied, the modification will be withdrawn.**

If you have any questions regarding this modification offer, please contact a modification specialist directly at (800) 850-4622 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures


**NOTICE:**  Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

If you are currently involved in a bankruptcy proceeding or if you have been discharged of your personal liability for the repayment of this debt, this notice is being provided for informational purposes only, it is not an attempt to hold you personally responsible for the debt and any rights we may choose to pursue will be exercised against the property only.

**COLLEEN McCULLOUGH**

ATTORNEY AT LAW

(205) 930-5379

*cmccullough@sirote.com*

# SIROTE
## —— & ——
# PERMUTT
### A PROFESSIONAL CORPORATION

September 27, 2010

J. Glynn Tubb, Esq.
402 E. Moulton Street
Decatur, AL 35601

Re:    Our Client: GMAC Mortgage, LLC as servicer for The Bank of New York Mellon Trust
       Company, National Association  fka The Bank of New York Trust Company N.A., as
       successor to JP Morgan Chase Bank, N.A., successor by merger with Bank One, N. A., as
       trustee for RASC 2001KS1 ("GMAC")
       Loan Number:███████9657
       Property Address: 503 Ferry Street Northeast, Decatur, AL 35601
       Borrowers: Gwendell L. Philpot and Annette Green Philpot

Dear Mr. Tubb:

I am writing to acknowledge receipt of your facsimile dated September 24, 2010.  I have
forwarded this correspondence to GMAC for its review.    Additionally, we have ceased
foreclosure proceedings until we are able to provide a response to the dispute.

I am enclosing a copy of the recorded assignment for your file.  I am also enclosing a copy of the
Alabama Court of Civil Appeals' decision in *Crum v. LaSalle Bank.*  I trust that this decision will
address any questions you may have regarding the assignment out of Mortgage Electronic
Registration Systems, Inc. ("MERS").

We will provide a response to the dispute as soon as possible.  Please do note that our office has
only limited authority with respect to loss mitigation and that the Philpots should contact
GMAC's loss mitigation department directly at 1-800-799-9250.

Finally, please confirm your relationship with respect to this matter.  In a letter dated September
2, 2010, you informed my office that you were not, nor should you be considered, the attorney of
record for Mr. Philpot.

This communication is from a debt collector.

DOCSBHM\1736815\1\

J. Glynn Tubb, Esq.
September 27, 2010
Page 2

Sincerely,

Colleen McCullough
FOR THE FIRM

CM/km
Enclosures
c:    GMAC Mortgage, LLC

Fax #: 1-205-212-2812

## TRANSMITTAL COVER SHEET

### EYSTER, KEY, TUBB, ROTH,
### MIDDLETON & ADAMS, LLP
**P. O. Box 1607**
**Decatur, Alabama 35602-1607**

Telecopier No. (256) 353-6767

DATE: 9/24/10

**TO:**            Colleen McCullough

**FROM:**        Glynn Tubb

NO. OF PAGES:    4  (Including cover sheet)

RE:              Gwendell Loyd Philpot

MESSAGE:

IF YOU DO NOT RECEIVE ALL PAGES, PLEASE CALL BACK AS SOON AS POSSIBLE. MY
NUMBER IS (256) 353-6761

NAME:  Cel Childers, Operator

SEP-24-2010 11:07 From:                                    To:12052122812                    Page:2/4

J. Glynn Tubb
Nicholas B. Roth
William L. Middleton III
James G. Adams Jr.
Julia Smeds Roth*
Heather N. Hudson
Carl A. Cole III

*Also licensed in the District of Columbia

# EYSTER KEY

Attorneys at Law · Mediators
Since 1884

John C. Eyster
1863-1926
Charles Eyster, Sr.
1888-1964
William B. Eyster
1921-1995

September 24, 2010

*of Counsel*

John S. Key
A. P. Reich II, Retired Circuit Judge

## VIA FACSIMILE

Ms. Colleen McCullough
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, Alabama 35205

     RE:   Gwendell Lloyd Philpot
           Notice of Acceleration of Promissory Note
           and Mortgage
           503 Ferry Street, N.E., Decatur, AL 35601
           GMAC Mortgage, LLC/Loan # ███9657

Dear Ms. McCullough:

I write this letter with regard to the above and on behalf of Gwendell Lloyd Philpot and wife, Annette Green Philpot and, particularly, the property referenced above and your letter of August 27, 2010, pertaining to the proposed foreclosure of the referenced property scheduled on October 6, 2010. Mr. and Mrs. Philpot, within thirty days after receipt of your letter of August 27, 2010, do hereby dispute the debt referred to, including the entire remaining balance of said debt or any portion thereof, including attorney fees, accrued interest, and other charges, and hereby assert that GMAC Mortgage, LLC, and/or any of the parties referenced in the foreclosure notice did not show "good faith" with regard to the filing on or about March 31, 2009, with the United States Bankruptcy Court by Homecomings Financial, LLC, in its Motion for Relief of Automatic Stay and with regard to the negotiation of a lost mitigation forbearance, despite numerous requests for such action by Mr. and Mrs. Philpot. The Philpots claim that any and all additional and associated charges derived from the failure of GMAC Mortgage, LLC, and any of the parties referenced in the foreclosure notice to adequately negotiate such process did cause said charges to occur and, as such, created additional delay and duress to Mr. and Mrs. Philpot in their efforts to seek a process of negotiation which include and are not limited to those efforts asserted by Mr. and Mrs. Philpot on June 30, 2010, in Mr. Philpot's letter to GMAC Mortgage (copy of said letter enclosed). No reply to said letter was provided by GMAC Mortgage, LLC, or any of the parties referenced in the foreclosure notice except for your letter of August 27, 2010, advising of the foreclosure scheduled for October 6, 2010. Gwendell Lloyd Philpot and Annette Green Philpot hereby request any and all documents which would show justification for actions of "ACCELERATION OF PROMISSORY NOTE AND MORTGAGE" with regard to the above-referenced property and further demand that the foreclosure scheduled for October 6, 2010, be cancelled.

Ms. Colleen McCullough
Sirote & Permutt, P.C.
September 24, 2010
Page 2

It is also the position of Mr. and Mrs. Philpot that the foreclosure which is planned on October 6, 2010, is illegal in that Mortgage Electronic Registration Systems, Inc. (hereinafter referred to as MERS) is a mere nominee and that there is no evidence of MERS ownership of the underlying note giving rise to the foreclosure and that MERS had no interest which it could transfer and form the basis of the Philpot foreclosure. It is the position of Mr. and Mrs. Philpot that MERS is not a titleholder and that the chain of title has been broken and that no legal entity including GMAC Mortgage, LLC, has a right to proceed with a foreclosure of the referenced property. The Philpots maintain that MERS was never the titleholder and had nothing that it could assign.

Please advise at your very earliest opportunity that the foreclosure in question will not proceed and that GMAC Mortgage, LLC, will appoint a representative to engage in a good faith attempt to negotiate a lost mitigation plan with the Philpots.

Respectfully yours,

J. Glynn Tubb

JGT/cc
Enclosure
cc:    Mr. Gwendell Lloyd Philpot

P.S.    Please acknowledge receipt at your very earliest opportunity. Thank you.

SEP-24-2010 11:08 From:                                      To:12052122812                    Page:4/4

June 30, 2010

**GMAC Mortgage, LLC**
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702

Custodian ID: W1
Investor Number: ███766s

Account Number: ████ 9657
Property Address: 503 Ferry St NE, Decatur, AL 35601

In connection with my requests of 2009 and 2010 for a loan modification, I have received what appears to be conflicting letters from your office with dates of 05/19/2010, 5/26/2010 and 6/11/2010, each as a reply to said requests. The first reply denied my request, the second provided a loan modification and the third changed the date of that loan modification. It is my intention to agree to a loan modification, but I request you clarify any discrepancies of the effective dates and other points contained within the agreement as well as data in your records on which such agreement is based. This effort on my part to show good faith in responding to your communication is being provided after consultation with attorneys for advise regarding my lack of understanding about what seems to be ambiguities in the agreement and my need for clarification of same. Additionally, I am enclosing a Brokers Price Opinion, BPO, from Distinctive **GMAC** Real Estate of Huntsville, AL, completed by Steven Payne on June 13, 2010, providing a value of $165, 000 to $170,000 in present condition, with an estimate of $146,000 needed for repairs to bring the house up to a market price for the area. Such repairs include damages due to the 2009 Easter weekend storm which damaged roof and structure, subsequent deterioration from storm damage, as well as marketable changes such as kitchen finish. Note that we removed the property from the market only after the storm and Nationwide Insurance has not compensated me for said storm damage, as such, it is my understanding that an agreement with GMAC Mortgage which recognizes the decreased present value of the property to be less than the total balance due on the lien including fees, and my agreement to a new loan modification relative to such decreased value, would allow the second lien to be deleted, leaving GMAC and myself with an opportunity to take action against Nationwide to repair the damage to the property as well as provide for continued investment on my part to return the property value to be consistent with market values in the area. It is my hope to remain living on the property and make the necessary investments to return it to a marketable condition which is respectful of the historical significance of the property, an effort which I have diligently performed in the past until the storms damaged the property. As well, I need to know the total of all fees and cost associated with a loan modification agreement, such that no hidden costs or unforeseen cost would prevent me from meeting my obligations of said new agreement. It is my hope that I may sign an agreement and meet the provisions of the August 1, 2010 date defined in the agreement sent to me. I wait for your urgent reply.

Sincerely,

Gwendell L. Philpot                        6/30/2010
Gwendell L. Philpot                        Dates

*Not recorded til 2010*

2010  8671
Recorded in the Above
MISC Book & Page
08-30-2010 11:15:26 AM
Greg Cain - Probate Judge
State of Alabama, Morgan County

Loan Number: ███9657

CM #: 108775

STATE OF ALABAMA          )

COUNTY OF MORGAN          )

## ASSIGNMENT OF MORTGAGE

FOR VALUE RECEIVED, the undersigned MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. (the "Assignor"), does hereby transfer, assign, set over and convey unto THE BANK OF NEW YORK MELLON TRUST COMPANY, NATIONAL ASSOCIATION FKA THE BANK OF NEW YORK TRUST COMPANY N.A., AS SUCCESSOR TO JP MORGAN CHASE BANK, N.A., SUCCESSOR BY MERGER WITH BANK ONE, N. A., AS TRUSTEE FOR RASC 2001KS1 (the "Assignee"), its successors, transferees, and assigns forever, all right, title and interest of said Assignor in and to that certain Mortgage executed by GWENDELL LLOYD PHILPOT AND WIFE, ANNETTE GREEN PHILPOT, to MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., SOLELY AS NOMINEE FOR HOMECOMINGS FINANCIAL NETWORK, INC dated the 4th day of December 2000, and filed for record in Book 2000, Page 35882, in the Probate Office of Morgan County, Alabama.

It is expressly understood and agreed that the within transfer and assignment of the said Mortgage is without warranty, representation or recourse of any kind whatsoever.

IN WITNESS WHEREOF, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. has caused this conveyance to be executed by Colleen McCullough as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc., pursuant to that certain Agreement for signing attached hereto as Exhibit A and fully incorporated herein. This Assignment executed on this the 24 day of August, 2010.

MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

By: _____
Colleen McCullough
Assistant Secretary and Vice President of
Mortgage Electronic Registration Systems, Inc.

STATE OF ALABAMA          )

COUNTY OF JEFFERSON       )

I, David Charles Johnson, a Notary Public in and for said County in said State, hereby certify that Colleen McCullough, whose name as Assistant Secretary and Vice President of Mortgage Electronic Registration Systems, Inc., a corporation, is signed to the foregoing conveyance and who is known to me, acknowledged before me on this day that, being informed of the contents of the conveyance, she, as such officer and with full authority, executed the same voluntarily for and as the act of said corporation.

Given under my hand this the 24 day of August, 2010.

_____
Notary Public

My Commission Expires: MY COMMISSION EXPIRES JUNE 15, 2014 _____

This instrument prepared by:
David Johnson
Sirote & Permutt, P.C.
P. O. Box 55727
Birmingham, AL. 35255





2010   8672
MISC Book & Page

AGREEMENT FOR SIGNING AUTHORITY

20100524000548300  1/4
Bk: LR201004\Pg:17088
Jefferson County,Alabama
I certify this instrument filed on
05/24/2010 10:43:35 AM AGREE
Judge of Probate- Alan L. King

_Wrong County_

MERSCORP, INC. ("MERS") and its subsidiary, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., GMAC Mortgage LLC ("MEMBER") and Sirote & Permutt, P.C. ("VENDOR") hereby agree as follows:

1.  The purpose of this agreement for signing authority (the "Agreement") is to define the rights and obligations of the parties when Vendor performs certain duties, as described in the attached corporate resolution (the "Resolution"), relating to mortgage loans that are registered on the MERS® System and shown on the MERS® System to be serviced by Member.

2.  GMAC Mortgage LLC is a member of MERS, and has signed an agreement of membership that is incorporated herein by reference.  Member has entered into a separate contract with Vendor to perform certain services for Member.  References herein to "mortgage(s)" and "mortgagee of record" shall include deed(s) of trust and beneficiary under a deed of trust, respectively, and any other form of security instrument under applicable state law.

3.  The parties acknowledge that Mortgage Electronic Registration Systems, Inc. may be the mortgagee of record on Member's mortgages.  Therefore, in order for Vendor to perform its contractual duties to Member, MERS, by corporate resolution, will grant employees of Vendor the limited authority to act on behalf of MERS to perform certain duties.  Such authority is set forth in the Resolution, which is made a part of this Agreement.

4.  The parties agree that Member will provide all necessary information and instructions to Vendor to perform certain duties where Mortgage Electronic Registration Systems, Inc. acts as the mortgagee of record.   All parties agree that MERS and Mortgage Electronic Registration Systems, Inc. are not responsible for the accuracy of any information provided by Member to Vendor, or any information entered into the MERS® System by or on behalf of Member.  Any problems regarding the information or instructions between Member and Vendor must be resolved between those two parties.

5.  Member and Vendor agree to indemnify and hold harmless MERS, Mortgage Electronic Registration Systems, Inc. and any employee, director, officer, agent or affiliate of MERS or Mortgage Electronic Registration Systems, Inc. ("MERS Party") from and against any and all third-party claims, losses, penalties, fines, forfeitures, reasonable attorney fees and related costs, judgments, and any other costs, fees and expenses that result from the negligence, errors and omissions, breach of confidentiality or willful misconduct of Vendor in performing certain duties where Mortgage Electronic Registration Systems, Inc. is the mortgagee of record.

6.  Vendor shall maintain appropriate insurance coverage that shall include coverage for any negligence, errors and omissions or willful misconduct of all employees authorized to sign as officers of Mortgage Electronic Registration Systems, Inc.

_Wrong County_

2010\  8564
Recorded in the Above
MISCELLANEOUS Book & Page
08-09-2010 09:53:06 AM
W. Hardy McCollum - Probate Judge
Tuscaloosa County, Alabama

2010    8673
MISC  Book & Page

## CORPORATE RESOLUTION

Be it Resolved that the attached list of candidates are employees of Sirote & Permutt, P.C. and are hereby appointed as assistant secretaries and vice presidents of Mortgage Electronic Registration Systems, Inc. ("MERS"), and, as such, are authorized to:

(1)    execute any and all documents necessary to foreclose upon the property securing any mortgage loan registered on the MERS System that is shown to be registered to the Member, including but not limited to (a) substitution of trustee on Deeds of Trust, (b) Trustee's Deeds upon sale on behalf of MERS, (c) Affidavits of Non-military Status, (d) Affidavits of Judgment, (e) Affidavits of Debt, (f) quitclaim deeds, (g) Affidavits regarding lost promissory notes, and (h) endorsements of promissory notes to VA or HUD on behalf of MERS as a required part of the claims process;

(2)    execute any and all documents necessary to remove MERS as titleholder of the property or modify MERS interest in a property, including but not limited to all deeds such as warranty deeds, reconveyance documents, escrow instruments, contracts for purchase and sale of the property and grants of easements.

I, William C. Hultman, being the Corporate Secretary of Mortgage Electronic Registration Systems, Inc., hereby certify that the foregoing is a true copy of a Resolution duly adopted by the Board of Directors of said corporation effective as of the 2 day of July, 200 7 which is in full force and effect on this date and does not conflict with the Certificate of Incorporation or By-Laws of said corporation.

William C. Hultman, Secretary

*Not Morgan County*

2010    8565
Recorded in the Above
MISCELLANEOUS  Book & Page
08-09-2010 09:53:06 AM

2010  8674
MISC  Book & Page

7. Upon termination of the contract between Member and Vendor, this agreement shall concurrently terminate and the corporate resolution shall be revoked at such time.

8. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Virginia without regard to its choice of law provisions.

The parties have executed this Agreement intending to be bound as of the dates indicated below.

| MERSCORP, INC. | MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC. |
|---|---|
| By: | By: |
| Title: VP | Title: SECRETARY |
| Dated: 7-6-07 | Dated: 7-6-07 |

*Who* →

| GMAC Mortgage LLC | Sirote & Permutt, P.C. |
|---|---|
| By: | By: |
| Bernard J. Smith | Title: shareholder |
| Title: Vice President | Dated: |
| Dated: | |

*Who* →

*Wrong County*

2010 \8566
Recorded in the Above
MISCELLANEOUS Book & Page
08-09-2010 09:53:06 AM

2010  8675
MISC  Book & Page

Sirote & Permutt, P.C.

Book/Pg: 2010/8671
Term/Cashier: PROBATE4 / lorriet
Tran: 12117.255042.347830
Recorded: 08-30-2010 11:16:30

Mortgage Electronic Registration Systems, Inc.
Certifying Officers

| | |
|---|---|
| REC Recording Fee | 15.00 |
| AFF Special Fee (Act 95-424) | 5.00 |
| FIL Filing Fee | 1.00 |
| MIS Miscellaneous | 1.00 |
| Total Fees:  $ 22.00 | |

Held, Jerry E.

State of Alabama, Morgan County
I certify this instrument was filed on

Collins, Stephen G.

08-30-2010 11:15:26 AM

Rutledge, Ginny C.

and recorded in MISC Book
2010 at pages 8671 - 8675
Greg Cain - Probate Judge

McCullough, Colleen E.

2010  8567
Recorded in the Above
MISCELLANEOUS Book & Page .
08-09-2010 09:53:06 AM
W. Hardy McCollum - Probate Judge
Tuscaloosa County, Alabama
Book/Pg: 2010/8564
Term/Cashier: SCAN2 / mWhite
Tran: 9589.602757.760590
Recorded: 08-09-2010 09:53:37

| | |
|---|---|
| PJF Probate Judge Fee | 2.00 |
| REC Recording Fee | 11.00 |
| REC Recording Fee | 2.00 |
| Total Fees:  $ 15.00 | |

Jefferson County
I, the Undersigned, as Judge of Probate in and for said County, in said State, hereby certify that the foregoing is a full, true and correct copy of the instrument with the filing of same as appears of record in this office in vol. 2010y page 17088

Given under my hand and official seal, this the 24 day of _____, 2010

Judge of Probate

2010052400054838D    4/4
Bk: LR201004 Pg:17088
Jefferson County,Alabama
05/24/2010 10:43:35 AM AGREE
Fee - $14.00

Total of Fees and Taxes-$14.00
JCOCKRELL

COLLEEN MCCULLOUGH

ATTORNEY AT LAW

(205) 930-5476

cmccullough@sirote.com

# S I R O T E
## &
# P E R M U T T
A PROFESSIONAL CORPORATION

August 27, 2010

Gwendell L. Philpot
Annette Green Philpot
c/o Glynn Tubbs, Esq.
402 Moulton Street East
Decatur, AL 35601

RE:    NOTICE OF ACCELERATION OF PROMISSORY NOTE AND MORTGAGE -
       503 FERRY STREET NORTHEAST DECATUR, AL 35601

We hereby acknowledge that you have previously filed for protection under the Bankruptcy Code. Accordingly, we are not attempting to impose personal liability against you to collect the debt that has been discharged under bankruptcy. The purpose of this letter is to notify you of the intent of our client, The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by merger with Bank One, N. A., as trustee for RASC 2001KS1, to initiate foreclosure proceedings solely against the above referenced real property used to secure your mortgage loan.

YOU ARE HEREBY NOTIFIED that you are in default of the terms of the Promissory Note and Mortgage dated the 4th day of December, 2000, to Mortgage Electronic Registration Systems, Inc., solely as nominee for Homecomings Financial Network, Inc. Your mortgage loan, originated to Mortgage Electronic Registration Systems, Inc., solely as nominee for Homecomings Financial Network, Inc, later sold to The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by merger with Bank One, N. A., as trustee for RASC 2001KS1. By virtue of default in the terms of said Note and Mortgage, The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by merger with Bank One, N. A., as trustee for RASC 2001KS1 hereby accelerates to maturity the entire remaining unpaid balance of the debt, including attorney's fees, accrued interest, and other lawful charges, and the amount due and payable as of this date is **$270,510.55**. This payoff amount may change on a daily basis. If you wish to pay off your mortgage, please call our office to obtain the updated figure.

We are at this time commencing foreclosure under the terms of the Mortgage, and enclosed is a copy of the foreclosure notice to be published in the Decatur Daily. Please note that the foreclosure sale is scheduled for October 6, 2010. If you wish to avoid losing the subject property, you must contact us immediately; otherwise, the foreclosure sale will take place as set forth in the publication notice, and we will take legal action to obtain possession of the subject property. For any information regarding this matter, please call (205) 930-5476.

We will assume this debt to be valid unless it is disputed within thirty days after you receive this letter. If you do dispute this debt or any portion thereof, we will obtain and mail you a verification of the debt or a copy of any judgment if you send us a written request within this thirty-day period. Also, upon written request within this thirty-day period, we will provide you with the name and address of the original creditor, if different from the current creditor. This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

LAW OFFICES AND MEDIATION CENTERS
2311 HIGHLAND AVENUE SOUTH    BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727    BIRMINGHAM, ALABAMA 35255-5727
URL  |  http://www.sirote.com

B i r m i n g h a m    |    H u n t s v i l l e    |    M o b i l e

Page Two
Gwendell L. Philpot
Annette Green Philpot
August 27, 2010

FOR:    The Bank of New York Mellon Trust Company, National Association  fka The Bank of New York Trust
Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by merger with Bank One, N. A., as trustee
for RASC 2001KS1

BY:

Cynthia W. Williams for
Colleen McCullough
FOR THE FIRM

CM/jj

cc:    GMAC Mortgage, LLC/Loan # ███ 9657

LAW OFFICES AND MEDIATION CENTERS
2311 HIGHLAND AVENUE SOUTH    BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727    BIRMINGHAM, ALABAMA 35255-5727
URL  |  http://www.sirote.com

B i r m i n g h a m    |    H u n t s v i l l e    |    M o b i l e

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

08/04/10

GWENDELL L PHILPOT

503 FERRY ST. N.E.
PO BOX 1088
DECATUR        AL 35602-1088

RE:    Account Number        ████9657
       Property Address      503 FERRY ST. N.E.

                             DECATUR        AL 35601

Dear    GWENDELL L PHILPOT

In connection with your request for a loan modification, we regret to inform you that your
request has been denied for the following reason(s):

[]    The financial information provided shows you have  insufficient income to support your
request. We recommend you consider selling your property.  If the value of your property has
declined and would not result in a full payoff of the mortgage please contact our office when an
offer is received so we can review for a possible short sale.

[]    The financial information provided shows that your income is sufficient to cover your
existing mortgage obligation; therefore, we are unable to modify your existing obligation.

[]    While you do not have sufficient income to support all of your monthly expenses, some of
your expenses could be reduced.  We recommend you contact your other creditors to lower
their monthly payments before workout solutions can be considered on your mortgage.

[]    We previously requested additional information from you which has not been
received; therefore, we are unable to continue our review for workout solutions.

08/04/10
Account Number ████ 9657
Page Two

[] We service your loan on behalf of an investor or group of investors that has not given us authority to modify your loan under the program requested.

[] The payment we received does not represent the correct amount as specified in the agreement.

[] The required payment was not received by the payment due date as specified in the agreement.

[X] We have not received the properly signed and executed agreement.



[] You did not meet the requirement(s) for the Home Affordable Unemployment Program.

[] We have been unable to clear/resolve outstanding title issues in order to meet recording requirements.

[]

[]

At times like these we feel it is important for you to seek financial advice from a trusted source experienced with situations like yours. Therefore, we recommend you call 1.800.CALL.FHA to find a HUD-Certified housing counseling agency to discuss your needs. You can also call the HOPE hotline number (888-995-HOPE) to seek assistance at no charge from HUD-approved housing counselors and can request assistance in understanding this borrower notice letter by asking for MHA HELP.

We will continue to work with you to explore other options that may be available for your circumstances. If you have any questions regarding the above decision, please contact our office at 800-850-4622, between the hours of 7:00 a.m. and 9:00 p.m. Monday through Thursday Central Standard time, 7:00 a.m. to 6:00 p.m. Central Standard time Friday, and 8:00 a.m. to 12:00 p.m. Central Standard time on Saturday.

Loss Mitigation Department
Loan Servicing

**Residents of North Carolina:If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks, website, www.nccob.gov.**

08/04/10
Account Number 9657
Page Three

**Notice Regarding Bankruptcy:**    If you have filed for bankruptcy and your case is still active or
if you have received an order of discharge, please be advised that this is not an attempt to collect a
pre-petition or discharged debt.  Any action taken by GMAC Mortgage, LLC is for the sole
purpose of protecting our lien interest in your property and is not to recover any amounts from you
personally.

Disclosure of the Use of Information Obtained From an Outside Source

Our credit decision was based in whole or in part on information obtained in a report from the
consumer reporting agency listed below.  You have a right under the Fair Credit Reporting Act
to know the information contained in your credit file at the consumer reporting agency.  The
reporting agency played no part in our decision and is unable to supply specific reasons why we
have denied credit to you.  You also have a right to a free copy of your report from the reporting
agency, if you request it no later than 60 days after you receive this notice.  In addition, if you
find that any information contained in the report you receive is inaccurate or incomplete, you
have the right to dispute the matter with the reporting agency.

Name:  Equifax Information Services, LLC

Address: P.O. Box 740241, Atlanta, GA 30374-0241

Telephone number: 800-685-1111     www.equifax.com

*If you have any questions regarding this notice, you should contact:*

Creditor's name: GMAC Mortgage, LLC
Creditor's address:  PO Box 780  Waterloo IA 50704-0780
Creditor's telephone number: 800-766-4622

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating
against credit applicants on the basis of race, color, religion, national origin, sex, marital status,
age (provided the applicant has the capacity to enter into a binding contract); because all or part
of the applicant's income derives from any public assistance program; or because the applicant
has in good faith exercised any right under the Consumer Credit Protection Act. The federal
agency that administers compliance with this law concerning this creditor is Federal Trade
Commission, Equal Credit Opportunity, Washington, DC 20580.

5:24

June 30, 2010

**GMAC Mortgage, LLC**
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702

Custodian ID: W1
Investor Number: ███766s

Account Number: ███9657
Property Address: 503 Ferry St NE, Decatur, AL 35601

In connection with my requests of 2009 and 2010 for a loan modification, I have received what appears to be conflicting letters from your office with dates of 05/19/2010, 5/26/2010 and 6/11/2010, each as a reply to said requests. The first reply denied my request, the second provided a loan modification and the third changed the date of that loan modification. It is my intention to agree to a loan modification, but I request you clarify any discrepancies of the effective dates and other points contained within the agreement as well as data in your records on which such agreement is based. This effort on my part to show good faith in responding to your communication is being provided after consultation with attorneys for advise regarding my lack of understanding about what seems to be ambiguities in the agreement and my need for clarification of same. Additionally, I am enclosing a Brokers Price Opinion, BPO, from Distinctive **GMAC** Real Estate of Huntsville, AL, completed by Steven Payne on June 13, 2010, providing a value of $165, 000 to $170,000 in present condition, with an estimate of $146,000 needed for repairs to bring the house up to a market price for the area. Such repairs include damages due to the 2009 Easter weekend storm which damaged roof and structure, subsequent deterioration from storm damage, as well as marketable changes such as kitchen finish. Note that we removed the property from the market only after the storm and Nationwide Insurance has not compensated me for said storm damage, as such, it is my understanding that an agreement with GMAC Mortgage which recognizes the decreased present value of the property to be less than the total balance due on the lien including fees, and my agreement to a new loan modification relative to such decreased value, would allow the second lien to be deleted, leaving GMAC and myself with an opportunity to take action against Nationwide to repair the damage to the property as well as provide for continued investment on my part to return the property value to be consistent with market values in the area. It is my hope to remain living on the property and make the necessary investments to return it to a marketable condition which is respectful of the historical significance of the property, an effort which I have diligently performed in the past until the storms damaged the property. As well, I need to know the total of all fees and cost associated with a loan modification agreement, such that no hidden costs or unforeseen cost would prevent me from meeting my obligations of said new agreement. It is my hope that I may sign an agreement and meet the provisions of the August 1, 2010 date defined in the agreement sent to me. I wait for your urgent reply.

Sincerely,

*Gwendell L. Philpot*                    6/30/2010
Gwendell L. Philpot                    / Dates

Date: 6/11/2010                                                    **GMAC** Mortgage

GWENDELL L PHILPOT
503 FERRY ST. N.E.
DECATUR, AL  35601


RE: Account Number:        █████9657
    Property Address:      503 FERRY ST. N.E.
                           DECATUR, AL  35601



Dear GWENDELL L PHILPOT    :

We appreciate the time you have taken to complete and return the prior loan modification document that
was sent to you.  Please know that we received the document and find it necessary to return the loan
modification to you due to a system error, which effected some dates in the loan modification documents.

Please sign and return the Loan Modification Agreement document in the enclosed Federal Express
package at your earliest convenience.

**Notice – This is an attempt to collect a debt and any information obtained will be used for that
purpose.  If your debt has been discharged in bankruptcy, our rights are being exercised against the
collateral for the above referenced loan, not as a personal liability.**

If you have any questions regarding the above information, please call 1-800-850-4622.
Sincerely,


Loss Mitigation Department

**GMAC Mortgage**

*Copy of letter with my notes & questions*

5/26/2010

GWENDELL L PHILPOT
503 FERRY ST. N.E.
PO BOX 1088
DECATUR AL 35602-1088

Re: Account Number        9657
                          503 FERRY ST. N.E.
                          DECATUR AL 35601

Dear GWENDELL L PHILPOT        :

**Congratulations! Your request for a loan modification has been approved subject to the following:**
  - Receipt of your contribution in the form of certified funds
  - Receipt of the signed loan modification agreement and any attachments
  - Receipt of clear title, if applicable

**We understand that you filed for bankruptcy and have received a discharge under Chapter 7 of the United States Bankruptcy Code. You are not personally obligated to repay the mortgage loan referenced above and we are not attempting to collect any debt from you. Signing the Loan Modification Agreement will not make you personally liable for the mortgage loan, however, it will enable us to accept and apply voluntary payments which are different from what was required under your Note prior to discharge in bankruptcy. [GMAC Mortgage, LLC] will continue to retain its lien on the above-referenced property, along with all rights to enforce such lien against the property. Your payments pursuant to the Loan Modification Agreement will reduce the amount of the lien.**

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The voluntary contribution amount of $ 1,785.00 in the form of certified funds, is due in our office by July 1, 2010.
- The interest rate is  5.75000%.
- The modified unpaid principal balance will be $207,191.52.  *Modified from what? Too high!*
- The account will be brought current with the first modified payment beginning August 1, 2010

  | | |
  |---|---|
  | Principal and Interest | 1,438.84 |
  | Escrow | $347.680 |
  | **Total Payment** | **$1,438.84** |

  *WAS ESCROW of $347.68 to be added here?*

- The escrow payment of $347.680 is subject to be adjusted annually

All of the documents must be executed and the signatures must be exactly as the names are typed.
- The signed Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding.

> We are NOT required to record the modification document; therefore, only your signature(s) are required. No notary is required.

The contribution and executed loan modification documents are due back by July 1, 2010. Please return to:

GMAC Mortgage, LLC
3700 J Street SW
Suite 222
Cedar Rapids, IA 52404

IMPORTANT!  The loan modification will not be complete until we receive all properly executed documents and the contribution amount.  If the modification is not completed we will continue to enforce our lien.  If the conditions outlined above are not satisfied the modification will be withdrawn.

Record & Return To:

GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702
Custodian ID: W1
Investor Number: ███766

————————————————————[Space Above This Line For Recorder's Use]————————————————————

# FIXED RATE LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this July 19, 2010 ("Effective Date") between  GWENDELL L PHILPOT            ("Borrower") and GMAC Mortgage, LLC ("Lender"), amends and supplements that certain promissory note ("Note") dated December 4, 2000 in the original principal sum of  Two Hundred Twenty Thousand Dollars and No Cents ($ 220,000.00)executed by Borrower except that since Borrower has received a chapter 7 bankruptcy discharge, this Agreement will not create personal liability under the Note.. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on  with Instrument Number  in Book  and/or Page Number  of the real property records of  MORGAN County, AL.  Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 503 FERRY ST. N.E. DECATUR AL 35601, which real property is more particularly described as follows:

**(Legal Description – Attach as Exhibit if Recording Agreement)**

Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Borrower understands that Borrower is not personally obligated to repay the mortgage loan and that [GMAC Mortgage, LLC] is not attempting to collect any debt from Borrower.  Signing this Agreement will not make Borrower personally liable for the mortgage loan.  Borrower understands that [GMAC Mortgage, LLC] will continue to retain its lien on the Property, along with all rights to enforce such lien against the Property.  Whether Borrower chooses to make voluntary payments in the amount of the original monthly payment as set forth in the Note or the modified monthly payments as set forth in this Agreement, such payments will reduce the amount of the lien.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by the Security Instrument (the "Principal Balance") is Two Hundred Seven Thousand One Hundred Ninety One Dollars and Fifty Two Cents $ 207,191.52.

2. Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid. Borrower will pay interest at the rate of  5.75000% per year from the Effective Date.

3. Borrower promises to make monthly principal and interest payments of $ 1,438.84, beginning on August 1, 2010, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on December 1, 2030 (the "Maturity Date"), amounts remain due under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

4. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, Borrower will pay a late charge to Lender. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue payment of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

6. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

7. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, except that since Borrower has received a chapter 7 bankruptcy discharge, this Agreement will not create personal liability under the Note. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument. **Notwithstanding the foregoing, Lender cannot enforce the debt against Borrower personally and Lender's only remedy upon default is to enforce the lien against the Property.**

8. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND

THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN.  THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_____    _____          _____
Date                      GWENDELL L PHILPOT                             Witness

                                                                                     _____
                                                                                     Print

_____    _____          _____
Date

                                                                                     _____

_____    _____          _____
Date                                                                             Witness

                                                                                     _____
                                                                                     Print

_____    _____          _____
Date

GMAC Mortgage, LLC

By: _____

Title: LIMITED SIGNING OFFICER

Date: _____

Other ??

Escrow; What will be the monthly Payment?

Paragraph 5, What is carried forward in the form of a lien?

Security Instrument, what are they referring?

If we sign an agreement with GMAC for too sit down and negociate in good faith between both parties, will this help?

Fees need to be removed.

Brokers Price Opinion was done with same care as an appraisal. Do we need to get an "appraiser on board?

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

05/19/10

GWENDELL L PHILPOT

503 FERRY ST. N.E.
PO BOX 1088
DECATUR          AL  35602-1088

RE:     Account Number     ████9657
        Property Address    503 FERRY ST. N.E.

                    DECATUR          AL  35601

Dear    GWENDELL L PHILPOT

In connection with your request for a loan modification, we regret to inform you that
your request has been denied for the following reason(s):

[]    The financial information provided shows you have insufficient income to support
your request.  We recommend you consider selling your property.  If the value of your
property has declined and would not result in a full payoff of the mortgage please contact
our office when an offer is received so we can review for a possible short sale.

[]    The financial information provided shows that your income is sufficient to cover your
existing mortgage obligation; therefore, we are unable to modify your existing obligation.

[]    While you do not have sufficient income to support all of your monthly expenses,
some of your expenses could be reduced.  We recommend you contact your other
creditors to lower their monthly payments before workout solutions can be considered on
your mortgage.

[]    We previously requested additional information from you which has not been
received; therefore, we are unable to continue our review for workout solutions.

05/19/10
Account Number ███ 9657
Page Two


[]   We service your loan on behalf of an investor or group of investors that has not given us authority to modify your loan under the program requested.

[]   The payment we received does not represent the correct amount as specified in the agreement.

[]   The required payment was not received by the payment due date as specified in the agreement.

[]   We have not received the properly signed and executed agreement.

[]   We have not received the required contribution.

[]  We have been unable to clear/resolve outstanding title issues in order to meet recording requirements.

[X]   HAMP Program denied due to insufficient income. *(handwritten: ? Not according to application)*

[X]

At times like these we feel it is important for you to seek financial advice from a trusted source experienced with situations like yours. Therefore, we recommend you call 1.800.CALL.FHA to find a HUD-Certified housing counseling agency or HOPE HOTLINE at 1-888-995-HOPE to discuss your needs.


We will continue to work with you to explore other options that may be available for your circumstances. If you have any questions regarding the above decision, please contact our office at 800-850-4622, between the hours of 7:00 a.m. and 9:00 p.m. Monday through Thursday Central Standard time, 7:00 a.m. to 6:00 p.m. Central Standard time Friday, and 8:00 a.m. to 12:00 p.m. Central Standard time on Saturday.


Loss Mitigation Department
Loan Servicing

05/19/10
Account Number 9657
Page Three


Disclosure of the Use of Information Obtained From an Outside Source

Our credit decision was based in whole or in part on information obtained in a report from
the consumer reporting agency listed below. You have a right under the Fair Credit
Reporting Act to know the information contained in your credit file at the consumer
reporting agency. The reporting agency played no part in our decision and is unable to
supply specific reasons why we have denied credit to you. You also have a right to a free
copy of your report from the reporting agency, if you request it  no later than 60 days after
you receive this notice. In addition, if you find that any information contained in the report
you receive is inaccurate or incomplete, you have the right to dispute the matter with the
reporting agency.


Name:  Equifax Information Services LLC,

Address: P.O. Box 740241, Atlanta, GA 30374-0241

[Toll-free] Telephone number: 800-685-1111    www.equifax.com

*If you have any questions regarding this notice, you should contact:*

Creditor's name: GMAC Mortgage, LLC
Creditor's address:  PO Box 780, Waterloo IA 50704
Creditor's telephone number: 800-766-4622


Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating
against credit applicants on the basis of race, color, religion, national origin, sex, marital
status, age (provided the applicant has the capacity to enter into a binding contract); because
all or part of the applicant's income derives from any  public assistance program; or
because the applicant has in good faith exercised any right under the Consumer Credit
Protection Act. The federal agency that administers compliance with this law concerning
this creditor is Federal Trade Commission, Equal Credit Opportunity, Washington, DC
20580.


5:31

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

04/29/10

GWENDELL L PHILPOT

503 FERRY ST. N.E.
PO BOX 1088
DECATUR        AL 35602-1088

RE:    Account Number         ████9657
       Property Address       503 FERRY ST. N.E.

                        DECATUR        AL 35601

Dear   GWENDELL L PHILPOT

In the process of reviewing your request for assistance, we found the documentation you
submitted to support your financial hardship is incomplete. In order to allow us to continue to
evaluate your request, please provide the documents required below no later than 05/29/10. If
we do not receive the required documents by the date indicated, we will consider that you have
withdrawn your request for assistance (or if you are in a trial period plan, we will terminate the
trial period plan), and we may then resume other means to collect any amount due on the
account.

Please note also that we recognize that you may have previously attempted to submit some or
all of this required information; however, the documentation we received was either inaccurate,
incomplete, unsigned, or is now aged. We appreciate your patience and cooperation in
submitting this required documentation.

[]      Completed and signed financial and hardship affidavit statement. You may obtain a copy
        of this form on our website or by contacting a representative at our phone number listed
        below.

[]      Copies of most recent pay stub(s) for .

[]      Secondary income was disclosed on your financial form. Additional information is required
        from . We require the same documented proof of income for all secondary sources as you
        would have provided for the primary.

[]      Other Earned Income: Bonus, commission, fee, housing allowance, tips and/or
        overtime requires a written statement from the source of the other earned income,
        verifying the income including the likelihood of continuation.

04/29/10
Account Number: ██████9657
Page 2



[]        **Self Employed:** A Profit & Loss statement for a minimum of the last three months
          documenting business income and expenses.

[X]       **Benefit Income:** Social Security, disability, death benefits or pension income requires a
          copy of benefits statement or letter from the provider stating the amount and frequency of
          the benefit, AND copies of two most-recent bank statements or other documentation
          Note: showing receipt of the benefit income.  Bank statements cannot be more than 90
          days old.

[]        **Alimony or Child Support:**  Copy of divorce decree, separation agreement or other legal
          written agreement filed with the court showing the amount of the award and time period
          over which it will be received AND copies of the two most-recent bank statements or
          Note: other documentation showing receipt of the benefit. **Note:** bank statements cannot be
          more than 90 days old.

[]        **Rental Income from Investment Property:**   Copy of the most-recent federal tax return,
          including Schedule E-Supplemental Income and Loss, AND a copy of the rental or lease
          agreement.

[]        **Unemployment or Public Assistance:** Copy of benefits statement or letter from the
          provider that states the amount, frequency, and duration of the benefit income AND
          copies of the two most-recent bank statements or other documentation showing receipt of
          the benefit. **Note:** Bank statements cannot be more than 90 days old.

[]        **Additional Income Source:** If you have additional income of a type not specified above,
          a signed letter is required from the person(s) who contributes the income showing the
          amount and frequency of the income. This would include the situation where a room in
          the primary residence is rented to another person.

[]        Signed and dated copy of the IRS Form 4506T-EZ (Request for Transcipt of Tax Return) with
          all applicable fields completed for each borrower. Borrowers who filed their tax returns jointly
          may send in one IRS Form 4506T-EZ signed and dated by both joint filers. **Note:** This form is
          required even if you have not filed or are not required to file tax returns.

[]        Copy of a utility, phone or cable bill is required for validating current occupancy.

[]        Copies of recorded documents showing a Title Transfer has taken place. This includes copy of
          a Quit Claim Deed, Inter Spousal Deed Transfer or Death Certificate, as applicable.

[]

04/29/10
Account Number: ███████9657
Page 3

Please return the missing items to the address as listed below or fax to 1-866-709-4744.  If you have any questions or need to discuss these requirements please contact us at . Hours of operation are Monday through Thursday 7:00 AM - 11:00 PM CT, Friday 7:00 AM - 6:00 PM CT and Saturday 8:00 AM - 12:00 PM CT. You can  also call the HOPE hotline number (888-995-HOPE) to seek assistance at no charge from  HUD-approved housing counselors and can request assistance in understanding this borrower  notice letter by asking for MHA HELP.

Loss Mitigation Department
Loan Servicing

4:60

Notice:  Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

If you are currently involved in a bankruptcy proceeding or have been discharged of your personal liability for the repayment of this debt, this notice is being provided for informational purposes only, it is not an attempt to hold you personally responsible for the debt and applies only to the lien on your property and not to you personally.

**FAX COVER SHEET** *(This page should be returned to us with your completed financial analysis form)*
**\*\*PLEASE INCLUDE THE ACCOUNT NUMBER ON ETERYPAGE OF YOUR RETURNED PACKAGE\*\***

| To: Loss Mitigation | | |
|---|---|---|
| From: *Gwendell Lloyd Philpot* | Account Number(s) ▮▮▮9657 | |
| Fax to: 1-866-709-4744 | or mail to: | Loss Mitigation<br>233 Gibraltar Road Suite 600<br>Horsham PA 19044 |

All of the following information must be completed and returned to determine eligibility:

- Financial Analysis Form (Enclosed)
- A copy of the most recently filed **signed** federal income tax return, including all schedules and forms, for each borrower
- A signed and dated copy of IRS Form 4506T-EZ (Request for Transcript of Tax Return) with all applicable fields completed for each borrower – (Borrowers who filed their tax returns jointly may send in one IRS Form 4506T-EZ signed and dated by both the joint filers.) (Enclosed)
- Documentation to verify all of the income of each borrower. Please see the chart below for the type of documentation required for each type of income.
- Documentation to verify expenses for Homeowners or Condominium Association Dues for condominiums and Co Ops. Please see the chart below.

## IMPORTANT NOTICE

We understand that you filed for bankruptcy and have received a discharge under Chapter 7 of the United States Bankruptcy Code. You are not personally obligated to repay the mortgage loan referenced above and we are not attempting to collect any debt from you. Signing the Workout Plan will not make you personally liable for the mortgage loan, however, it will enable us to accept and apply voluntary payments which are different from what was required under your Note prior to discharge in bankruptcy. [GMAC Mortgage, LLC/Homecomings Financial, LLC] will continue to retain its lien on the above-referenced property, along with all rights to enforce such lien against the property. Your payments pursuant to the Workout Plan will reduce the amount of the lien.

The information requested in this workout application is necessary to determine your eligibility for a loan modification or repayment agreement under both government and non-government loan modification and repayment programs, and should you be eligible, to enable us to best serve you in modifying your loan should you choose to make voluntary payments to reduce the balance of the lien.

| TYPE OF INCOME | | DOCUMENTATION REQUIRED |
|---|---|---|
| For each borrower who is **paid by an employer:** | ☐ | Copy of the two most- recent pay stubs from your employer *including year-to-date information.* Pay stubs or other documentation that shows year-to-date income must be submitted. Pay stubs cannot be more than 90 days old. If hired within the fiscal year of 2009, please include your employment start date. |
| **Other earned income** (e.g. bonus, commission, fee, housing allowance, tips, and or overtime) | ☐ | Copy of third party documentation describing the nature of the income (e.g. an employment contract and/or printouts documenting tip income) |
| For each borrower who is **self-employed:** | ☐ | Copy of the most recent quarterly or year-to-date profit and loss statement |
| For each borrower who has benefit income such as **Social Security, disability, death benefits, or pension:** | ☐<br>☐ | Copy of benefits statement or letter from the provider that states the amount and frequency of the benefit. AND<br>Copies of the two most-recent bank statements or other documentation showing receipt of benefit income. Bank statements cannot be over 90 days old. |
| For each borrower who has income such as **unemployment or public assistance:** | ☐<br>☐ | Copy of benefits statement or letter from the provider that states the amount, frequency, and duration of the benefit. Such benefit must continue for at least 9 months to be considered qualifying income.<br>Copies of the two most recent bank statements or other documentation showing receipt of benefit income. Bank statements cannot be over 90 days old. |
| For each borrower who is relying on **alimony or child support** as qualifying income: | ☐<br>☐ | Copy of divorce decree, separation agreement, or other legal written agreement filed with the court that shows the amount of the award and period of time over which it will be received. AND<br>Copies of the two most recent bank statements or other documentation showing receipt of alimony or child support. Bank statements cannot be over 90 days old. |
| For each borrower who has **rental income from an investment property:** | ☐<br><br><br>☐ | Copy of the most-recent federal tax return with all schedules, including Schedule E-Supplemental Income and Loss. **If the subject property, on which the modification is being requested, is not your primary residence, please include the following:**<br>Copy of the current lease agreement for this property |
| For each borrower who has **income not specified above:** | ☐ | Signed letter from the person(s) that contributes the income showing the amount and frequency of the income. This would include situations where the borrower rents a room of his or her primary residence to another person. |
| TYPE OF EXPENSE | | DOCUMENTATION REQUIRED |
| For borrower(s) whose property requires Homeowners or Condominium Dues: | ☐ | A letter or billing statement from the Homeowners or Condominium Association or Co Op showing the amount and frequency of dues. |

If you want to sell this property, please also include:
- Copy of the listing agreement
- Copy of the sales contract, if available
- Copy of the estimated Settlement Statement (HUD1), if available
- Signed Third Party Authorization Form

- Mailed with 1st Package
- Faxed as Cover 4/22/2010 2:44 PM

J. Glynn Tubb
Nicholas B. Roth
William L. Middleton III
James G. Adams Jr.
Julia Smeds Roth*
Heather N. Hudson
Carl A. Cole III

*Also licensed in the District of Columbia

# EYSTERKEY

Attorneys at Law • Mediators
Since 1884

John C. Eyster
1863-1926
Charles Eyster, Sr.
1888-1964
William B. Eyster
1921-1995

*of Counsel*

John S. Key
A. P. Reich II, Retired Circuit Judge

April 22, 2010

Ms. Colleen McCullough
P. O. Box 55727
Birmingham, AL 35255-5727

Re:    Lloyd Philpot

Dear Coleen:

Thank you very much for your letter of April 21, 2010. I am most appreciative of your efforts to delay the foreclosure scheduled for April 21, 2010 and rescheduling same for May 26, 2010. Hopefully, a refinance of some type can be worked out so as to avoid foreclosure. I appreciate very much your assistance in regard to this matter.

With best regards, I remain

Respectfully yours,

J. Glynn Tubb

JGT/bjh
cc:    Mr. & Mrs. Lloyd Philpot w/encls. ✓



COLLEEN McCULLOUGH

*ATTORNEY AT LAW*

# S I R O T E
## &
# P E R M U T T
A PROFESSIONAL CORPORATION

April 21, 2010

Mr. Jones Glynn Tubb, Esq.
PO Box 1607
Decatur, AL 35602-1607

RE:    Foreclosure on Property Located at 503 Ferry Street Northeast, Decatur, AL 35601
       Your Client:  Gwendell Lloyd Philpot and wife, Annette Green Philpot

This letter is to advise you that The Bank of New York Mellon Trust Company, National Association fka
The Bank of New York Trust Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by
merger with Bank One, N. A., as trustee for that certain pooling and servicing agreement, Series # 2001-
KS1, Pool # 4493, has instructed us to postpone the foreclosure sale scheduled for April 21, 2010, until
May 26, 2010, at the same place and under the same terms as set out in the original mortgage foreclosure
notice. **Please be aware that this letter is not being sent to your client.**

This communication is from a debt collector.

Yours very truly,

Colleen McCullough
FOR THE FIRM

CM/bw

cc:    GMAC Mortgage, LLC/Loan # ████9657

*LAW OFFICES AND MEDIATION CENTERS*
2311 HIGHLAND AVENUE SOUTH    BIRMINGHAM, ALABAMA 35205
POST OFFICE BOX 55727    BIRMINGHAM, ALABAMA 35255-5727
TELEPHONE  |  205.930.5100    FAX  |  205.930.5101    URL  |  *http://www.sirote.com*

B i r m i n g h a m    |    H u n t s v i l l e    |    M o b i l e

Philpot / GMAC Mortgage Loan Modification Contact Info relating to documents (Dates are in Reverse order) Attny Pamela Jackson's comments at bottom.

*History of Communications as documented by Gwendell L Philpot And attorney P. Jackson from storm 4/2007 till 5/17/2010 with GMAC & Servicing*

*All documents are in reverse order by date.*

*3/17/2011   Documents are enclosed but not itemized here.*

*↓*

*5/19/2010*

| Date | Time | Contact | Phone # | Dept | Location | Comments |
|---|---|---|---|---|---|---|
| 5/17/2010 | 1:47 PM | Coco | 800-799-9250 | LoanMod | Dallas | Pending sale=26th, "Funds will only be received by certified check" If approved, trial mod, if successful, /??? |
| 5/11/2010 | 2:15PM | | 800-799-9250 | LoanService | Dallas | |
| 5/10/2010 | | Letter from GMAC | | | | Got letter from GMAC dated 4/29/2010 requesting info I sent 4/30/2010, They said Send Cert. CK $56,534.31 |
| 4/30/2010 | 4:51 PM | Faxed to GMAC | | LoanService | Dallas | Fax sent from Faulkville USA Healthcare will visiting mother; Refaxed what I faxed 4/22/2010 |
| 4/30/2010 | 3:26 PM | Keanna | | LoanService | Dallas | Resend what I sent 4/22/2010 |
| 4/29/2010 | | Letter from GMAC | | LosMita | Dallas | Letter sent from GMAC advising -Still under review_Need additional info- Resend what I sent 4/22/2010 |
| 4/22/2010 | 7:31 AM | Lasharron | 800-799-9250 | LosMita | Dallas | I advised that I faxed bank statement |
| 4/22/2010 | 2:44-47 PM | Faxed to GMAC | | LosMita | Dallas | Another Updated Regions Bank Statement |
| 4/22/2010 | 7:31 AM | Misha | 800-799-9250 | LosMita | Dallas | Items needed: One more bank statement |
| 4/19/2010 | 10:53 AM | Bobby | 800-799-9250 | LosMita | Dallas | Lloyd called & Confirmed as Postponed "no sale date" via Sirote & Permutt computer |
| 4/16/2010 | 11:10 AM | Dan | 800-799-9250 | LosMita | Dallas | Lloyd called and was told the April 21st sale was postponed one month, call back Monday |
| 4/16/2010 | | | | | | Lloyd starts making contact because of Pam Jackson's overloaded work on same issues with others |
| 4/15/2010 | | Pam Jackson | | LegalServ | Huntsville, AL | Lloyd talked to Pam about what her legal limitations are to help us. |
| 4/14/2010 | | Pam Jackson | | LegalServ | Huntsville, AL | Pam gave Annette Contract Tracking info Form & Data; Shown below |
| 4/14/2010 | 11:15 AM | GMAC MORTGAGE | | LOSS MIT | HORSHAM | EG36 1587 526US OVERNIGHT EXPRESS RECEIVED, SIGNED BY LEON SNANOME |
| 4/13/2010 | 4+pm | Post Office | | | Decatur, AL | EG36 1587 526US OVERNIGHT EXPRESS SENT |
| 4/12/2010 | | Glynn Tubb | | Attn'y | Decatur, AL | EysterKey Letter to Colleen McMullough about issue, Lloyd talked to Glynn |
| 4/5/2010 | 1:43 PM | Colleen McMullough | | Attn'y | Decatur, AL | Letter from Colleen McMullough, Sirote & Permutt, Attn'y to Glynn Tubb about Loss Mitigation |
| 3/19/2010 | | | | | | Letter about Making Home Affordable Mod |
| 3/12/2010 | letter | Colleen McMullough | | S&P | B'ham | Mortgage Foreclosure Sale Rescheduled Foreclosure for April 21, 2010, Lloyd's Aunt's Birthday |
| | | | | | | *Refused to discuss account with Annette*, stating Annette is not on account.  On speaker phone, Ana & Lloyd heard.  Lloyd stated emphatically to Sandy that Annette is on account and has the same rights as himself to receive information concerning account.  She stated **status** was: No decision because of bankruptcy and they were covered up with delays.  Lloyd told her about the house damage and Nationwide's refusal to do anything causing an issue with winterizing the house. |
| 10/12/2009 | 11:20 AM | Sandy | 800-799-9250 | LosMita | Dallas | Sale Date 10/26/2009, but on another screen says currently postponed after additional checking. Status: Loan Modification was approved 8/27/2009. Note : by Kimberly, cannot qualify for Mod bu can do three month trial. I said we do qualify and sent proof, which they have somewhere in their office. And, Nothing ever sent to us. |
| 9/14/2009 | 4:41 PM | Blake | 800-850-4622 | LosMita | Dallas | |

| Date | Time | Contact | Phone # | Dept | Location | Comments |
|------|------|---------|---------|------|----------|----------|
| | | | | | | $39,714.90 is overdue and sale date is 9/26, but sale on hold pending modification. Lloyd told him we have not received any FedEx or letters. Lloyd said we get different info from each agent we speak with at GMAC and different computer screens or databases have different info, so their data is wrong. He said Raju is Agent on Account. Lloyd said he gets nothing but run-around on the mod without being allowed to speak with any one of authority who can make data corrections and work with approvals. Please contact Pamela Jackson about getting info correct. Send any mail to her. |
| 9/2/2009 | 2:30 PM | Eric | 800-799-9250 | LosMita | Dallas | |
| 9/2/2009 | 2:15 PM | Alpha ( Asian) | 800-799-9250 | LosMita | Dallas | Verify info & transferred me to Loss Mitigation |
| 9/2/2009 | 10:30 AM | Amalia | 800-799-9250 | LosMita | Dallas | She cut Lloyd off without any words other than verification of numbers. Confusing. |
| 9/2/2009 | 10:00 AM | Steven | 800-799-9250 | LosMita | Dallas | Stated potential Modification approved 8/27/2009.Lloyd ask about fax he sent 8/29. Steve refised to trace it. I said any numbers would not be accurate without the info in fax. |
| 8/31/2009 | Letter | GMAC | | | | Letter says only names listed on the loan documents are authorized to obtain info. Annette's name |
| 8/31/2009 | 4:30 PM | Mishi/Champ | 800-799-9250 | LosMita | Dallas | Mishi said team of specialists working on the account, put on hold & cut off. I called back and got Karen who said Lost Mitigation # was 800-850-4622 & transferred Lloyd. Entered account #, got: *"Thank you for calling loan servicing. Please hold for your call to be answered by the next representative."* Then Champ picked up  and said sell date is 16th, but another screen says sell date is on hold pending modification, letter mailed 8/31/2009. I told him about inaccuracies and assessment showing property value to less than mortgage and wanted to add that information to the modification package. He referenced BPO, Broker's Price Opinion done on house. I said it was done before storm and was not complete. |
| 8/29/2009 | | GMAC | 866-709-4744 | LosMita | Dallas | Annette Faxed from 256-280-9128 from Staples # 256 353-6299, Ser# 000J6J677718<br>Cover plus 3 pages containing:<br>+ Amended Financial Analysis Form, stating error of $150.00 (potential) rental income : (Ana).<br>+ State of Alabama Unemployment Compensation Final Notice<br>+ Copy of Extension to File 2008 Income Tax Form 4868          Ref from 8/21 Fax |
| 8/28/2009 | 2:59 PM | Sanceria | 800-799-9250 | LosMita | Dallas | Say they have correct phone #s for us. Shows sale date is 9/16/2009. Said FedEx package is being sent to us. New balance is $236,011.75.  She says they did not receive our fax of 8/21 that Lloyd sent from 256-280-9128 with all sounds of complete process. |
| 8/28/2009 | 2:37 PM | Shebra | 800-799-9250 | LosMita | Dallas | Says Modification Approved 5.87%, but payment would be $1601.21 / month and package being mailed. Lloyd ask how they arrived at that payment which was above 31% of our gross. They would check. *We never received any package.  Lloyd was told he was being transferred to loan mod person= Lee.* Lee as what's the situation, "your call was bounced to me." I told him that 31% was $1345.40 based on our total income. He refused to provide Lloyd a breakdown of where their total came from. He said that number was not what we provided & when Lloyd stated that no one there would provide us any information about we sent. he hung up. |
| 8/26/2009 | 1:33 PM | ? | 800-799-9250 | LosMita | Dallas | Says sale date is 9/26/2009 |

| Date | Time | Name | Phone | | | Notes |
|------|------|------|-------|---|---|-------|
| 8/25/2009 | 12:10 PM | Charles | 800-799-9250 | LosMita | Dallas | Charles said he tried to reach Arron but could not. Charles is trying to find out why we're classified as not qualified on the "Making Home Affordable" criteria. What criteria, we are per the gov website. Charles said person that processed application is not available but he is trying to reach his manager, will call Lloyd back but never did. |
| 8/25/2009 | 12:10 PM | Arron | 800-799-9250 | LosMita | Dallas | _Modification denied_ on 8/24 because they said we do not meet prequalification criteria, to which Lloyd responded, we already passed that test, and still meet all the qualifications, but the person would not acknowledge his statement. Then Annette called them but Arron emp # 11715 refused to talk to her about the file. |
| 8/21/2009 | | GMAC | 866-709-4744 | LosMita | Dallas | Faxed from 256-280-9128 Cover plus 3 pages containing: All sounded complete. + Amended Financial Analysis Form, stating error of $150.00 (potential) rental income : (Ana). + State of Alabama Unemployment Compensation Final Notice + Copy of Extension to File 2008 Income Tax Form 4868        Ref 8/29 Fax |
| 8/21/2009 | | GMAC | 800-799-9250 | LosMita | Dallas | Kimberly not responding. Lloyd got Imran who said missing rental agreement, 2008 Schedule E, Statement of no rental income, Letter from Alabama. All Faxed at 3:49 that afternoon |
| 8/21/2009 | | GMAC | 800-799-9250 | LosMita | Dallas | "In process of setting up trial payment at reduced amount." Transfer to Modification dept. Kimberly |
| 8/20/2009 | | Sergio & Kimberly | | LosMita | Dallas | Status: No Change, Kimberly: "Previous Bankruptcy?" |
| 8/14/2009 | 1:54 PM | Fax | 866-709-4744 | LosMita | Dallas | Lloyd Faxed update on our package with all info requested on 8/11 from Staples # 256 353-6299, Ser# 000J6J677718, 7 Pages, Dur. 2min39sec OK + Regions Bank Statement 6-7/24/2009 + Annette's ISC Employee Payroll Check Copy showing $2917.00 Gross/month + Lloyd's Social Security Letter showing $1423.50/month + Alabama Industrial Relations, Unemployment Balance + Bankruptcy Court Discharge |
| 8/11/2009 | | Ray | 800-799-9250 | LosMita | Dallas | Lloyd called Ray & ask for status on Mod. "Do we need to send any more data?"  Yes + Unemployment with # months remaining + SS Benefits + 2 most recent rental income: This was misunderstanding about Ana living here. + Additional Full Pay Stub for Annette |
| 7/22/2009 | letter | Colleen McMullough | | S&P | B'ham | Postponed Foreclosure from July 22, 2009, Today, till Sept. 16, 2009 |
| 7/21/2009 | 10:00 AM | Ms Latonia | | | | Said Christofer Keene is in IT dept, angry and hung up. Lloyd called back and they said email went to Rebecca Magness, who placed sale on hold 30 days to provide time to review workout package, modification package. |
| 7/21/2009 | 10:30 AM | Tami/Long | 256-773-5355 | Asst. | Hartselle | Lloyd called Tami at Long&Long, who called Diana Murray, Serotte&Permut, 205-930-5100. Afterwards, Lloyd called Collene's asst, Kevin Sargent 205-918-5047, who verified delay of sale. |
| 7/20/2009 | 9:25 AM | Steven | | | | STATUS: Steven said he was checking with Christofer Keene on postponing sale, but Rebecca has authority to postpone and "I'm writing on phone to talk to her," told Lloyd to call back later today. Later told no Rebecca or Christofer, but Rebecca Magness ??? Deception??? |

| Date | Time | Contact | Phone # | Dept | Location | Comments |
|---|---|---|---|---|---|---|
| | | | | | | Lloyd Called back, waited 16 min then put on hold a long time after verification, then told Lloyd about pending sale, Lloyd referenced modification, but agent did not respond.  Ms Erica said supervisor was Shanetra and Christofer Cain sent email to her.  Check back with them next AM. During this call Lloyd related that a Ms Chante' said Ken Fisher was the manager of Lost Mitigation and Ms Erica said she didn't know a Ken Fisher.  I told her we sent letter on 7/15 to him. |
| 7/20/2009 | 5:00 PM | Ms Erica | 800-799-9250 | | | |
| 7/17/2009 | letter | from GMAC | | | Waterloo | Same form letter as 7/14 Obama  Making Home Affordable Refinance or Modification Plan info |
| 7/16/2009 | letter | from GMAC | | | Waterloo | GMAC received authorization to release info to Pamela Jackson |
| 7/15/2009 | package | Ken Fisher,GMAC | | LosMita | Dallas | We sent letter to Ken Fisher, Mgr Loss Mitigation, Never received reply. Ref June 8, 2009 letter |
| 7/15/2009 | | GMAC | | LosMita | Dallas | Phone call to GMAC re letter to Ken Fisher above. |
| 7/15/2009 | 8:30 AM | Pam Jackson | 256-536-9645 | x3315 | HSV | Call to GMAC and planning for modification process.  She has no experience in this area. |
| 7/14/2009 | letter | from GMAC | | | Waterloo | Obama  Making Home Affordable Refinance or Modification Plan info |
| 7/12/2009 | letter | Philpot to GMAC | | | Waterloo | Case of Hardship letter by Philpot's |
| 7/10/2009 | 1:09 PM | Pam Jackson | 256-536-9645 | x3315 | HSV | Counseling, set Meeting, Started getting help from legal aid attn'y Pam Jackson. |
| 6/23/2009 | | GMAC | 800-206-2901 | | | Annette Called & about Hope plan. Given Lost Mitigation #  800-799-9250 |
| 6/23/2009 | | Ms Chante' | 800-799-9250 | LosMita | Dallas | Annette called. Gave our phone #s 256-654-4526 & 256-309-9850 Ref. to: Ken Fisher, Mgr., Left VM |
| 6/22/2009 | | GMAC | 800-766-4622 | | | Annette Called & left message about Hope plan |
| 6/15/2009 | letter | Emmylou Gamoning | 866-520-0922 | HoEdPro | SF, CA | Consumer Credit Counseling for Making Home Affordable loan Modification Document. Post M 6/19 |
| 6/11/2009 | call | Emmylou Gamoning | 866-520-0922 | HoEdPro | SF, CA | Call about Consumer Credit Counseling for Making Home Affordable loan Modification  Phone x302 .  She will send package to me and to GMAC per interview today.  She said based on our gross monthly income, payment could be reduced to $1370.  Recomendation: Push down payments to 31% or maybe 25% of our gross.  The makinghomeaffordable.gov people forwarded me to her as an approved counselor. |
| 6/11/2009 | call | Terry | makinghomeaff...gov | DC | | Re: Hope for Homeowners , government will encourage GMAC to participate |
| 6/10/2009 | letter | Charles Hoecker, GMAC | | | | Application package from GMAC re Hope for Homeowners |
| 6/9/2010 | call | Erica | 800-206-2901 | | Dallas | Workorder opened for workout Hope for Homeowners  S.896  Keyani   I.D. # 21299 |
| 6/8/2009 | letter | C. McCullough | 205-918-5047 | | | Notice of Acceleration to sell on July 22, 2009  Sirote&Permutt |
| 6/1/2009 | | DP Green | 251-402-9110 | | | Project Assessment after Easter storm shows loss for repair would deplete all equity of Philpot's |
| 5/21/2009 | | Bankruptcy Discharged | | | | Bankruptcy Discharged, 50th anniversary of Lloyd's bother's death |
| 5/6/2009 | | Bankruptcy Court | | | | Homecomings granted Motion for Relief, no consideration for our loss of equity by storms on 4/12 weekend |
| | | | | | | Granted with clause to negotiate a loss mitigation, See 3/31/2009 Court statement, Homecomings Financial did not follow court's directive, and never showed good faith and with no help with storm insurance issue. |
| 4/12/2009 | | | | | | Easter Storms |
| 3/13/2009 | | Bankruptcy Court | | | | Homecomings filed Motion for Relief to Bankruptcy Court |
| 2/5/2009 | Letter | Steven Payne | 256-468-8169 | Short Sale | | Letter about Homecomings Loss Mitigation mishandled Short Sale forcing Philpot's bankruptcy to protect equity. |
| 2/4/2009 | Letter | Sirote & Permutt | | Attn'y | Foreclosure | **Sale cancelled due to bankruptcy file.** |
| Homecomings never addressed the failed system or Log file of the 9/30/2008 call. | | | | | | **Note**: RESPA, Real Estate Settlement and Procedures Act, Section 6, requires lenders must acknowledge inquiry within 20 days and respond "thoroughly" within 60 days to that inquiry. **TILA**, Truth In Lending Act gives right to Timely & Thourough response to written request. **QWR**= Qualified Written Request.  All faxes were QWRs, so we were suppose to get priority 1st offer is always unacceptable.  Ask for additional concessions in QWR. |

| Date | Time | Contact | Phone # | Dept | Location | Comments |
|---|---|---|---|---|---|---|
| 1/7/2009 | Letter | Sirote & Permutt | Attn'y | Foreclosure | | Sale scheduled to sell property, but rescheduled till February 4, 2009 |
| 12/17/2008 | Letter | Sirote & Permutt | Attn'y | Foreclosure | | Sale scheduled to sell property, but rescheduled till January |
| 11/20/2008 | Letter | GMAC | 866-709-4744 | LossMit | Dallas | Letter and financial analysis documents requesting short sale status. |
| 11/14/2008 | Contract | Distinctive GMAC | 256-468-8169 | Short Sale | | Hired Steven Payne to sell property in effort to prevent foreclosure |
| 11/14/2008 | Letter | Homecomings | customer.service@homecomings.com | | | Lloyd's and Annette's letter to Homecomings authorizing real estate agents of Distinctive GMAC access to data |
| 11/14/2008 | e-mail | Homecomings | customer.service@homecomings.com | | | Lloyd's e-mail to Homecomings requesting they correct payment errors. |
| 10/8/2008 | e-mail | Homecomings | customer.service@homecomings.com | | | Reply from Homecomings Financial, without Logfile data. |
| 10/7/2008 | Letter | Legal Services, AL | 256-536-9645 | Services | Alabama | Michael Forton letter to Lloyd starting legal services |
| 10/3/2008 | e-mail | Homecomings | customer.service@homecomings.com | | | Lloyd's e-mail to Homecomings Loan Servicing Dir., and ResCap COO & CFO |
| 10/3/2008 | e-mail | Homecomings | customer.service@homecomings.com | | | Reply from Homecomings Financial |
| 10/1/2008 | e-mail | Homecomings | customer.service@homecomings.com | | | Reply from Homecomings Financial |
| 10/1/2008 | e-mail | Homecomings | customer.service@homecomings.com | | | Lloyd's e-mail to Homecomings requesting they correct system payment errors. |
| 10/1/2008 | Phone | Homecomings | | CustServ | | Called about problems with Pay-By-Phone last night, but got auto responder, voice syn, system indicating no payment |
| 9/30/2008 | Phone | GMAC | 800-206-2901 | Payment | | Executed payment to Pay-By-Phone of $2266.46 with verification of Lloyd's SS#(Last 4 digits) with acceptance |
| 9/30/2008 | computer | GMAC | | | | Payment system login failure and lockout |
| 3/21/2008 | Letter | Homecomings | | | | 3/14/2008 Request denied by GMAC to correct 12/31/2007 payment date error |
| 3/14/2008 | Letter | Fax to GMAC | 319-236-5167 | | | After learning from local bank that 12/31/2007 payment was not corrected, Lloyd requested correction |
| 1st wk/2008 | Calls | | | | | Called about 12/31 payment problem and was told the account would be corrected. |
| 12/31/2007 | | GMAC Computer | | | | GMAC Payment computer system failure to process payment on 12/31. 1st time system failure on payment. |
| 4/11/2007 | | | | | | Hail Storm damaged roof, Insurance company denied although NOAA data shows storm |

**Data from Pamela Jackson's Contact Tracking Form**

| Date | Time | Contact | Phone # | Dept | Location | Comments |
|---|---|---|---|---|---|---|
| 3/18/2010 | 11:45AM | Tyler | 800-799-9250 | | | 10-15 min call  F/C Date April 21-No Mod  b/c submitted as short sell / Start over/ will mail new package |
| 3/18/2010 | 11:45AM | Tyler cont | 800-799-9250 | | | Originally August, Resubmitted paperwork, Closed 17 Feb., Updated complete paperwork Package, Download Docs |
| 1/25/2010 | 11:24AM | Chris | 800-799-9250 | LossMit | | Rev-pending modification  no timeframe /He knows it takes a long time, can't tell anything more |
| 11/12/2009 | 1:23pm | ? Rodeen | 800-799-9250 | LossMit | | Pending Modification? No decision  Can't follow-up  Still under review  follow up in a week |
| 9/26/2009 | | Santara trans Carolyn | 800-766-4622 | LossMit | LoanServ | Forebearance Plan for 3 months, -Special Services Dept. |
| 9/26/2009 | | trans to Carolyn | 800-766-4622 | LossMit | LoanServ | still pending modification  under rev. She will eMail underwriter  Call back tomorrow |
| 9/23/2009 | 1:20pm | Keith/Lance | | Loan Ser | | Pending modification  transferred to Loan Servicing  F/C- Closed out/completed 9/23 |
| 9/10/2009 | | Customer Serv | 800-766-4622 | LossMit | #2 | Loan Servicing |
| 9/9/2009 | | | | | | Philpot - loan mod to be sent overnight (2 wks ago)  mailed last week   We still have not received |
| 8/27/2009 | | Cedric / Mary | 800-799-9250 | LossMit | | denied  MHA documents not good?  eMail to underwriter |
| 8/26/2009 | | Mary | 800-799-9250 | LossMit | | She will e-mail underwriter, call back tomorrow |
| 7/15/2009 | | Sandra | 800-799-9250 | LossMit | | Authorization Fax# (Call w/client) Options to avoid F/C  Need to submit hardship package |

**Reductions of Principal are possible.** If lender did not follow all rules, forgiveness of all debt is possible. If 1st mortgage is greater than value of property, 2nd mortgage is "wholly unsecured." Therefore, adversary procedure should have been filed against RFCU.  True in Alabama?

J. Glynn Tubb
Nicholas B. Roth
William L. Middleton III
James G. Adams Jr.
Julia Smeds Roth*
Carl A. Cole III

*Also licensed in the District of Columbia

# EYSTERKEY

Attorneys at Law · Mediators
Since 1884

John C. Eyster
1863-1926
Charles Eyster, Sr.
1888-1964
William B. Eyster
1921-1995

_of Counsel_

John S. Key
A. P. Reich II, Retired Circuit Judge
David J. Breland, Retired District Judge

April 13, 2010

Ms. Colleen McCullough
Sirote & Permutt, P.C.
2311 Highland Avenue South
P.O. Box 55727
Birmingham, Alabama 35205

Re: Gwendell Lloyd Philpot

Dear Coleen:

Please find attached a copy of Lloyd Philpot's letter to Homecomings Financial of March 14, 2008. This letter sets forth Mr. Philpot's present position with respect to Wells Fargo and its attempt to foreclose on his residence. Lloyd has been adamant from the time we first discussed his situation that he made an earnest and good faith attempt to make his mortgage payment on December 31, 2007; however, due to computer problems at Homecomings, his December 31, 2007 payment could not be credited to his account which would have avoided his being considered "sixty days late." He had a sufficient account balance upon which to draw on his efforts to try and make the payment on December 31, 2007. Having the history by GMAC Mortgage of denying adjustment to his record of the aforementioned payment, Mr. Philpot continued making his monthly payments in the same manner with such approval until the last day of September 2008, at which time Mr. Philpot attempted to pay by the Internet. Having at that time again experiencing a failure of the payment process, he then, before midnight, executed a payment by phone, synthetic voice statements prompted by computer code stating the payment was received. However, the system failed as the confirmation number was being transmitted to Mr. Philpot. He immediately tried to get GMAC to correct its error, but to no avail. Mr. Philpot was in the process of obtaining a small business loan, which was rejected due to his credit score being adversely affected by his being over 60 days late on this mortgage payment. Things began to spiral downhill for Mr. Philpot later in 2008, and he quite frankly had a very difficult time recovering.

Both Mr. and Mrs. Philpot executed complete loan modification documents and submitted same to the loan service company, GMAC Mortgage, multiple times during 2008, and have been

Eyster, Key, Tubb, Roth, Middleton & Adams, LLP
P.O. Box 1607, Decatur, Alabama 35602
402 E. Moulton Street, Decatur, Alabama 35601
ph: 256.353.6761 • 800.457.5396 • fx. 256.353.6767 • www.EysterKey.com • EysterKey@EysterKey.com

Ms. Colleen McCullough
April 13, 2010
Page 2

waiting for a reply to their request. Despite numerous calls by Mr. Philpot and Pamela Jackson, Attorney at Law, to GMAC concerning the status of their request, the Philpots have not received any communication from GMAC or any agent regarding the disposition of their loan modification request.

I hope to have you the completed loan mitigation documents very soon and would appreciate your making every effort to expedite getting the documents in the hands of someone at Wells Fargo who can stop the foreclosure. I believe the foreclosure sale is scheduled for April 21. I firmly believe Mr. Philpot will have an attorney file for a restraining order with respect to the foreclosure proceeding and bad faith misconduct on the part of GMAC (Homecomings Financial) in the handling of Mr. Philpot's attempts to make payment on his mortgage. I certainly hope this can be avoided and I look forward to someone contacting me or Mr. Philpot in the very near future regarding his attempts to refinance.

Your assistance is greatly appreciated.

Respectfully yours,


J. Glynn Tubb

JGT/bjh
Enclosure

P.S.:    Please notice that the enclosed group of documents includes those documents previously submitted to the Loss Mitigation Department by Mr. Philpot.

FAX COVER SHEET  (*This page should be returned to us with your* **completed** *financial analysis form*)
**PLEASE INCLUDE THE ACCOUNT NUMBER ON *EVERY PAGE* OF YOUR RETURNED PACKAGE****

| | |
|---|---|
| To: Loss Mitigation | |
| From: _____ | Account Number(s)_____ |
| Fax to: **1-866-709-4744** | or mail to:  **Loss Mitigation** |
| | **233 Gibraltar Road Suite 600** |
| | **Horsham PA 19044** |

**All of the following information must be completed and returned to determine eligibility:**
- **Financial Analysis Form (Enclosed)**
- **A copy of the most recently filed <u>signed</u> federal income tax return, including all schedules and forms, for each borrower**
- **A signed and dated copy of IRS Form 4506T-EZ (Request for Transcript of Tax Return) with all applicable fields completed for each borrower – (Borrowers who filed their tax returns jointly may send in one IRS Form 4506T-EZ signed and dated by both the joint filers.) (Enclosed)**
- **Documentation to verify all of the income of each borrower.  Please see the chart below for the type of documentation required for each type of income.**
- **Documentation to verify expenses for Homeowners or Condominium Association Dues for condominiums and Co Ops.  Please see the chart below.**

| TYPE OF INCOME | | DOCUMENTATION REQUIRED |
|---|---|---|
| For each borrower who is paid by an employer: | | Copy of the two most- recent pay stubs from your employer *including year-to-date information*. **Pay stubs or other documentation that shows year-to-date income must be submitted.** Pay stubs cannot be more than 90 days old.  If hired within the fiscal year of 2009, please include your employment start date. |
| **Other earned income** (e.g. bonus, commission, fee, housing allowance, tips, and/or overtime): | | Copy of third party documentation describing the nature of the income (e.g. an employment contract and/or printouts documenting tip income) |
| For each borrower who is **self-employed:** | | Copy of the most recent quarterly or year-to-date profit and loss statement |
| For each borrower who has benefit income such as **Social Security, disability, death benefits, or pension:** | | Copy of benefits statement or letter from the provider that states the amount and frequency of the benefit. **AND** |
| | | Copies of the two most-recent bank statements or other documentation showing receipt of benefit income. Bank statements cannot be over 90 days old. |
| For each borrower who has income such as **unemployment or public assistance:** | | Copy of benefits statement or letter from the provider that states the amount, frequency, and duration of the benefit.  Such benefit must continue for at least 9 months to be considered qualifying income. |
| | | Copies of the two most-recent bank statements or other documentation showing receipt of benefit income. Bank statements cannot be over 90 days old. |
| For each borrower who is relying on alimony or child support as qualifying income: | | Copy of divorce decree, separation agreement, or other legal written agreement filed with the court that shows the amount of the award and period of time over which it will be received, **AND** |
| | | Copies of the two most-recent bank statements or other documentation showing receipt of alimony or child support.  Bank statements cannot be over 90 days old. |
| For each borrower who has **rental income from an investment property:** | | Copy of the most-recent federal tax return with all schedules, including Schedule E-Supplemental Income and Loss. |
| | | **If the subject property, on which the modification is being requested,  is not your primary residence, please include the following:** |
| | | Copy of the current lease agreement for this property |
| For each borrower who has **income not specified above:** | | Signed letter from the person(s) that contributes the income showing the amount and frequency of the income. This would include situations where the borrower rents a room of his or her primary residence to another person. |

| TYPE OF EXPENSE | | DOCUMENTATION REQUIRED |
|---|---|---|
| For borrower(s) whose property requires Homeowners or Condominium Dues: | | A letter or billing statement from the Homeowners or Condominium Association or Co Op showing the amount and frequency of dues. |

<u>**If you want to sell this property, please also include:**</u>
Copy of the listing agreement
Copy of the sales contract, if available
Copy of the estimated Settlement Statement (HUD1), if available
Signed Third Party Authorization Form

## ACKNOWLEDGEMENT AND AGREEMENT

Account Number ████9657

**In making this request for consideration to review my loan terms I/We certify under penalty of perjury:**

1. That all of the information in this document is truthful and the event(s) identified is/are the reason that I/we need to request a modification of the terms of my/our mortgage loan, short sale or deed-in-lieu of foreclosure.
2. I/we understand that the Servicer, the U.S. Department of the Treasury, or its agents may investigate the accuracy of my/our statements and/or may require me/us to provide supporting documentation. I/we also understand that knowingly submitting false information may violate Federal law.
3. I/we understand the Servicer will pull a current credit report on all borrowers obligated on the Note.
4. I/we understand that if I/we have intentionally defaulted on my/our existing mortgage, engaged in fraud or misrepresented any fact(s) in connection with this document, the Servicer may cancel any Agreement under Making Home Affordable and may pursue foreclosure on my/our home.
5. I/we understand any fee to validate the value of the property will be assessed to the account.
6. I/we have not received a condemnation notice; and there has been no change in the ownership of the Property since I/we signed the documents for the mortgage that I/we want to modify.
7. I/we certify that I/we will obtain credit counseling if it is determined that my/our financial hardship is related to excessive debt. For purposes of the Making Home Affordable program, "excessive debt" means that my/our debt-to-income ration after the modification would be greater than or equal to 55%.
8. I/we am willing to provide all requested documents and to respond to all Servicer questions in a timely manner.
9. I/we understand that the Servicer will use the information in this document to evaluate my/our eligibility for a loan modification or short sale or deed-in-lieu of foreclosure, but the Servicer is not obligated to offer me/us assistance based solely on the statements in this document.
10. I/we agree that any prior waiver as to payment of escrow items in connection with my/our loan has been revoked.
11. I/we agree to the establishment of an escrow account and the payment of escrow items if an escrow account never existed on the loan.
12. I/we understand that the Servicer will collect and record personal information, including, but not limited to, my/our name, address, telephone number, social security number, credit score, income, payment history, government monitoring information, and information about account balances and activity. I/we understand and consent to the disclosure of my/our personal information and the terms of any Making Home Affordable Agreement by Servicer to (a) the U.S. Department of the Treasury, (b) Fannie Mae and Freddie Mac in connection with their responsibilities under the Homeowner Affordability and Stability Plan; (c) any investor, insurer, guarantor or servicer that owns, insures, guarantees or services my/our first lien or subordinate lien (if applicable) mortgage loan(s); (d) companies that perform support services in conjunction with Making Home Affordable; and (e) any HUD certified housing counselor.
13. ☑ My/Our property is owner occupied; I/we intend to reside in this property for the next twelve months.
    ☐ My/Our property is not owner occupied.
14. I/we further understand that I/we will not be personally obligated to repay the mortgage loan and that the Servicer is not attempting to collect any debt from me/us. Signing this Agreement will not make me/us personally liable for the mortgage loan. I/we understand that the Servicer will continue to retain its lien on the Property, along with all rights to enforce such lien against the Property. Whether I/we choose to make voluntary payments in the amount of the original monthly payment as set forth in the Note or the modified monthly payments as set forth in this Agreement, such payments will reduce the amount of the lien.

| | |
|---|---|
| _Kayl Philpot_ 4/12/2010 | _Annette D. Philpot_ 4-12-10 |
| Borrower Signature        Date | Co-Borrower Signature        Date |

**If you have questions about this document or the modification process, please call us at the phone number listed on your monthly account statement. If you need further counseling, you can call the Homeowner's HOPE™ Hotline at 1-888-995-HOPE (4673). The Hotline can help with questions about the program and offers free HUD-certified counseling services in English and Spanish.**



888-995-HOPE™
Homeowner's HOPE Hotline

---

### NOTICE TO BORROWERS

Be advised that you are signing the following documents under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy in your home, hardship circumstances, and/or income will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution.

By signing the enclosed documents you certify, represent and agree that:

"Under penalty of perjury, all documents and information I have provided to Lender in connection with this Agreement, including the documents and information regarding my eligibility for the program, are true and correct."

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling **1-877-SIG-2009** (toll-free), 202-622-4559 (fax), or www.sigtarp.gov. Mail can be sent to Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L St. NW, Washington, DC 20220.



## Glynn Tubb

**From:**     McCullough, Colleen [cmccullough@Sirote.com]
**Sent:**     Monday, April 05, 2010 1:43 PM
**To:**       Glynn Tubb
**Cc:**       McCullough, Colleen
**Subject:** Philpot / GMAC

Hi Glynn,
It was nice talking to you today.  As we discussed, my office has little authority with respect to loss mitigation and the Philpots will need to contact GMAC loss mitigation's department directly.  I've attached the loss mitigation application for your review.  If you would like to send a copy of the completed application to me (in addition to GMAC), I would be happy to pass it along to GMAC as well.  The phone number for the loss mitigation department is (800) 850-4622.

Colleen

**Colleen McCullough**
Attorney
D) 205.930.5379
F) 205.212.2812
cmccullough@Sirote.com
Download vCard

**Sirote**
Sirote & Permutt, P.C.
2311 Highland Avenue South
Birmingham, Alabama 35205

NOTICE:  This communication is not encrypted and may contain privileged or other confidential informatio
may have received this communication in error, please reply to the sender indicating that fact and delete t.
copy. retransmit. disseminate, or otherwise use the information. CONFIDENTIAL: ATTORNEY/CLIENT PI
disclaimers apply to this message as well. To see a full list of disclaimers that apply to email from sirote.cc

4/5/2010

GMAC Mortgage
3451 Hammond Ave
PO Box 780
Waterloo, IA 50704-0780

**GMAC** Mortgage

March 19, 2010

GWENDELL L PHILPOT
503 FERRY ST. N.E.
PO BOX 1088
DECATUR, AL 35602-1088

RE:  Account Number    ████9657
      Debtor              GWENDELL L PHILPOT
      Property Address  503 FERRY ST. N.E.
                         DECATUR, AL 35601

Dear GWENDELL L PHILPOT

You recently contacted our offices to discuss your loan. In our current economy we understand and sympathize with families who may be experiencing unfortunate financial difficulties. Understanding this, we are committed to working with our customers toward identifying possible solutions to their situation.

One such option is the Obama administration's Making Home Affordable Refinance and Modification plan (the "Plan"). To learn more about this Plan and its eligibility requirements, visit www.financialstability.gov.

To be considered for the Plan now, please review, complete and return the enclosed information within ten (10) business days. Upon receipt, we will review the information to determine if you qualify for the Plan. It is important that the information is returned as soon as possible so that in the event you do not qualify for the Plan, we have time to evaluate other options that may be available to you.

Additionally, we recommend home owners call 1.800.CALL.FHA to find a HUD-certified housing counseling agency to discuss their needs.

### IMPORTANT NOTICE

**We understand that you filed for bankruptcy and have received a discharge under Chapter 7 of the United States Bankruptcy Code. You are not personally obligated to repay the mortgage loan referenced above and we are not attempting to collect any debt from you. Signing the Workout Plan will not make you personally liable for the mortgage loan, however, it will enable us to accept and apply voluntary payments which are different from what was required under your Note prior to discharge in bankruptcy. [GMAC Mortgage, LLC] will continue to retain its lien on the above-referenced property, along with all rights to enforce such lien against the property. Your payments pursuant to the Workout Plan will reduce the amount of the lien.**

**The information requested in this workout application is necessary to determine your eligibility for a loan modification or repayment agreement under both government and non-government loan modification and repayment programs, and should you be eligible, to enable us to best serve you in modifying your loan should you choose to make voluntary payments to reduce the balance of the lien.**

If you have any questions about the Plan or how to complete enclosed documents, please contact our office at 1-800-766-4622. Monday-Friday from 8:00AM-5:00PM, Central Time.

Customer Care
Loan Servicing

Enclosures
M003

v7 PRJ202501 DNR
145501-00686

COLLEEN McCULLOUGH

ATTORNEY AT LAW

(205) 930-5476

# S I R O T E
## &
# P E R M U T T
A PROFESSIONAL CORPORATION

March 12, 2010

Gwendell L. Philpot
Annette Green Philpot
503 Ferry Street Northeast
Decatur, AL 35601

RE:    NOTICE OF ACCELERATION OF PROMISSORY NOTE AND MORTGAGE -
       503 FERRY STREET NORTHEAST DECATUR, AL 35601

We hereby acknowledge that you have previously filed for protection under the Bankruptcy Code.
Accordingly, we are not attempting to impose personal liability against you to collect the debt that has
been discharged under bankruptcy.  The purpose of this letter is to notify you of the present intent of our
client, The Bank of New York Mellon Trust Company, National Association fka The Bank of New York
Trust Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by merger with Bank One,
N. A., as trustee for that certain pooling and servicing agreement, Series # 2001-KS1, Pool # 4493, to
initiate foreclosure proceedings solely against the above referenced real property used to secure your
mortgage loan.

YOU ARE HEREBY NOTIFIED that, pursuant to the terms of the Promissory Note and Mortgage dated
the 4th day of December, 2000, to Mortgage Electronic Registration Systems, Inc., solely as nominee for
Homecomings Financial Network, Inc, said mortgage having subsequently been transferred and assigned
to The Bank of New York Mellon Trust Company, National Association  fka The Bank of New York
Trust Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by merger with Bank One,
N. A., as trustee for that certain pooling and servicing agreement, Series # 2001-KS1, Pool # 4493 and by
virtue of default in the terms of said Note and Mortgage, The Bank of New York Mellon Trust Company,
National Association fka The Bank of New York Trust Company N.A., as successor to JP Morgan Chase
Bank, N.A., successor by merger with Bank One, N. A., as trustee for that certain pooling and servicing
agreement, Series # 2001-KS1, Pool # 4493 hereby accelerates to maturity the entire remaining unpaid
balance of the debt, including attorney's fees, accrued interest, and other lawful charges, and the amount
due and payable as of this date is **$255,424.81**.  This payoff amount may change on a daily basis.  If you
wish to pay off your mortgage, please call our office to obtain the updated figure.

We are at this time commencing foreclosure under the terms of the Mortgage, and enclosed is a copy of
the foreclosure notice to be published in the Decatur Daily.  Please note that the foreclosure sale is
scheduled for April 21, 2010.  If you wish to avoid losing the subject property, you must contact us
immediately; otherwise, the foreclosure sale will take place as set forth in the publication notice, and we
will take legal action to obtain possession of the subject property.  For any information regarding this
matter, please call (205) 930-5476.

We will assume this debt to be valid unless it is disputed within thirty days after you receive this letter.  If
you do dispute this debt or any portion thereof, we will obtain and mail you a verification of the debt or a
copy of any judgment if you send us a written request within this thirty-day period.  Also, upon written
request within this thirty-day period, we will provide you with the name and address of the original

*LAW OFFICES AND MEDIATION CENTERS*

2311 HIGHLAND AVENUE SOUTH    BIRMINGHAM, ALABAMA 35205

POST OFFICE BOX 55727    BIRMINGHAM, ALABAMA 35255-5727

URL  |  *http. www.sirote.com*

B i r m i n g h a m    |    H u n t s v i l l e    |    M o b i l e

creditor, if different from the current creditor.  This letter is an attempt to collect a debt, and any information obtained will be used for that purpose.

FOR:    The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company N.A., as successor to JP Morgan Chase Bank, N.A., successor by merger with Bank One, N.A., as trustee for that certain pooling and servicing agreement, Series # 2001-KS1, Pool # 4493

BY: _____
        Colleen McCullough
        FOR THE FIRM

CM/em

cc:     GMAC Mortgage, LLC/Loan #██████9657

GMAC Mortgage
3451 Hammond Ave
PO Box 780
Waterloo, IA 50704-0780

**GMAC Mortgage**

July 17, 2009

GWENDELL L PHILPOT
503 FERRY ST. N.E.
PO BOX 1088
DECATUR, 35602-1088

Idlldldldlll...dlldlldlld.lldl..dldll...dllllld

RE:    Account Number       ████9657
       Debtor               GWENDELL L PHILPOT
       Property Address      503 FERRY ST. N.E.
                            DECATUR, AL
                            35601

Dear GWENDELL L PHILPOT

You recently contacted our offices to discuss your loan. In our current economy we understand and sympathize with families who may be experiencing unfortunate financial difficulties. Understanding this, we are committed to working with our customers toward identifying possible solutions to their situation.

One such option is the Obama administration's Making Home Affordable Refinance and Modification plan (the "Plan"). To learn more about this Plan and its eligibility requirements, visit www.financialstability.gov.

To be considered for the Plan now, please review, complete and return the enclosed information within ten (10) business days. Upon receipt, we will review the information to determine if you qualify for the Plan. It is important that the information is returned as soon as possible so that in the event you do not qualify for the Plan, we have time to evaluate other options that may be available to you.

Additionally, we recommend home owners call 1.800.CALL.FHA to find a HUD-certified housing counseling agency to discuss their needs.

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

07/16/09

GWENDELL L PHILPOT

503 FERRY ST. N.E.
PO BOX 1088
DECATUR          AL 35602-1088

RE:     Account Number       ████9657
        Property Address     503 FERRY ST. N.E.

                             DECATUR         AL 35601

Dear    GWENDELL L PHILPOT

We have received your authorization allowing GMAC Mortgage, LLC to release account
information to Pamela Jackson of Legal Services Alabama. A copy of the request is now in
your file.

For security purposes, an authorized individual must confirm the last four digits of one of the
borrower's Social Security numbers when contacting our office.

If you have any questions, please contact Customer Care at 800-766-4622 between the hours
of 6:00 am and 10:00 pm CT Monday through Friday and 9:00 am to 1:00 pm CT on
Saturday.

Customer Care
Loan Servicing

2:18

Gwendell Lloyd Philpot and Annette Green Philpot
503 Ferry Street
Decatur, Alabama

*Response to*
*Financial Hardship Affidavit 2009*
*Explanation, Page 1 of 3*
*of 2009 Submission*
*Enclosed as historic information*

July 15, 2009

Ken Fisher, Manager
Loss Mitigation Department
GMAC Mortgage
2711 North Haskell Ave, Suite 900,
Dallas, TX 75204

Re: GMAC Mortgage/Homecomings Financial Loan Number: ███9657:   Concerning the property at 503 Ferry St NE, Decatur, Alabama, Promissory Note and Mortgage as recorded with Morgan County, Alabama, related to such property and all information and data stated in the first paragraph of the letter dated June 8, 2009 from Colleen McCullough of the firm Sirote and Permutt, and letter dated June 10, 2009 from Charles Hoecker, SVP, Customer Care, Homecomings Financial and GMAC Mortgage, LLC ; Subsequent application to GMAC requesting workout following guidelines of Hope for Homeowners, Obama Plan of May 20, 2009;

We seek your approval in the modification of the home loan under the Obama Loan Modification "Making Homes Affordable" Program . We have followed the US FHA guidelines to obtain counseling from an approved agency, Housing Education Program, 595 Market Street, San Francisco, CA, who took our application and filed same with GMAC Mortgage. We have spoken to personnel within your department and left a phone message on your voice mail requesting status of our application. Today, Pamela Jackson, Attorney, and ourselves called your office to obtain the status of the account and found your office is waiting on us to file the documentation contained herein. We had not known such was needed from your office. Since the courthouse sale is scheduled for July 22, 2009 and your personnel have stated that your department may take up to ninety days to process, which would be past the July 22nd date, we ask you direct Colleen McCullough of the firm Sirote and Permutt to delay the sale action to permit your office to finish processing our Hope for Homeowners Loan Modification application.

Following the loss of a job in 2008 and other financial hardships referenced above we were unable to continue making our mortgage payment in the fall of 2008. In an effort to address the problem, from November, 2008 –June, 2009 we worked closely with GMAC Distinctive Real Estate in Huntsville, Alabama trying to sell our home. During that time the price was lowered offering it as a Short Sale and we participated in numerous Open Houses with our realtor. No interested party ever offered an amount equal to the remaining mortgage due GMAC. We also sought financial counseling from an approved HUD legal advisor in 2008. Due to the following changes to the status of our financial situation that have occurred in 2009 please consider the following:  We filed bankruptcy in order to remove other financial obligations so that we might direct resources to our home mortgage. The bankruptcy was discharged on May 21, 2009; Annette Philpot't was hired full time on May 13, 2009 with a corporation she had provided part time consulting in 2007-2008; Lloyd Philpo't is now drawing his Social Security and continues to actively seek employment.

Over the thirty years that we have invested in home ownership we have never been in this position.
However, since 2002, we encountered substantial storm damage on two separate occasions. In an effort to make repairs, we secured additional financing and corrected most of the damage to the house, which prevents water leaking and provides structural stability, but did not provide for typical marketable improvement characteristics associated with such a house. This exhausted our financial reserve and led to additional financial obligations on the house and a value below its appraised value prior to 2002. Nationwide, our insurance carrier, failed to compensate us properly on the claims, rather paying us for only a small portion of the cost associated with the damage. That situation, in addition to HVAC and plumbing problems with past medical bills, recent loss of jobs with current unemployment by Lloyd and our inability to secure financing in October 2008 for continued operation of a business has impacted our ability to replay the loan at its present structure.

Lloyd secured Social Security this year, is still actively seeking employment, and in May, Annette obtained employment with an established organization. We are asking your help in modifying the mortgage for this home that we have lived in and poured all of our resources into for over twenty-six years. Given your mission to provide funds so that individuals can obtain homes, I am sure that you can understand our concern that our home not be foreclosed and we be allowed to remain living in and maintaining the property. Should Lloyd obtain employment, he will provide funding to maintain the home and correct deficiencies. If he cannot obtain employment, he is a graduate of Auburn University, College of Architecture, Design and Construction, with master craftsman skills to provide the labor to maintain the home and upgrade the deficiencies. We will also continue to seek an ongoing legal remedy from Nationwide Insurance to re-roof the house and garage from recent storm damage this year.

GMAC Mortgage
3451 Hammond Ave
PO Box 780
Waterloo, IA 50704-0780

**GMAC** Mortgage

July 14, 2009

GWENDELL L PHILPOT
503 FERRY ST. N.E.
PO BOX 1088
DECATUR, 35602-1088

|ııllıılııllıllıııılllıılllılıllıılıllıllıııllııllıl|

RE:     Account Number      ████9657
        Debtor              GWENDELL L PHILPOT
        Property Address    503 FERRY ST. N.E.
                            DECATUR, AL
                            35601

Dear GWENDELL L PHILPOT

You recently contacted our offices to discuss your loan. In our current economy we understand and sympathize with families who may be experiencing unfortunate financial difficulties. Understanding this, we are committed to working with our customers toward identifying possible solutions to their situation.

One such option is the Obama administration's Making Home Affordable Refinance and Modification plan (the "Plan"). To learn more about this Plan and its eligibility requirements, visit www.financialstability.gov.

To be considered for the Plan now, please review, complete and return the enclosed information within ten (10) business days. Upon receipt, we will review the information to determine if you qualify for the Plan. It is important that the information is returned as soon as possible so that in the event you do not qualify for the Plan, we have time to evaluate other options that may be available to you.

Additionally, we recommend home owners call 1.800.CALL.FHA to find a HUD-certified housing counseling agency to discuss their needs.

PRJ200747 DNR      048415-01417

With respect to our integrity to follow through on the terms of this document, we obtained the referenced mortgage and note in good faith and have made every attempt to fulfill our obligation since December 2000.  When the insurance company refused to compensate us for repairs which we paid relating to temporary repairs from the hail damage of April 11, 2007, we placed the property for sale with a realtor, listed with MLS in the summer of 2007 and contacted Homecomings Financial to make an agreement to become thirty days late without being designated for foreclosure:  We received earnest money to sell the property, but could not complete the sale because of the inspection, which referenced the damages from the storms that the insurance company had refused to pay as well as other labor intensive aesthetic marketable issues needing correction.  Subsequently, we were advised by a real estate consultant that we should either "short-sale" or allow foreclosure at that time, September 2007.  Instead, with the approval of Homecomings Financial not to foreclose, as we continued being over thirty days late with our monthly mortgage payment, we spent the vast amount of our resources to continue making needed repairs to maintain the property in such condition as we had committed to Homecomings Financial, all while living in a extremely frugal manner.  After making many of the repairs necessary, our situation became dire, as stated above. We sought means to prevent foreclosure while following our long-standing reputation in our city to foster the preservation of historic properties such as this property.  We have never used any funds to buy luxurious items or for extravagant pleasures.  We have now exhausted our resources to fulfill our prior decision to sell this property, because we cannot expend any more funds on the property unless we can retain possession of the property under the provisions of the May 20, 009 Obama Plan as supported by GMAC Mortgage.  After we have a new agreement with GMAC, we will make efforts as best we can to maintain the property with respect to its structure and historic reputation in our city, in order to continue to live in the property and return it to its highest market value.


Thank you for consideration of this request.

Sincerely,

_Gwendell Lloyd Philpot    Annette Philpot_    7/15/09

Gwendell Lloyd Philpot and Annette Green Philpot


Re-affirmed  4/12/2010

_Gwendell Lloyd Philpot_

_Annette Philpot_  4/12/2010


Re-affirmed  2/7/2011

_Gwendell L. Philpot_

_Annette Philpot_  2/7/2011



# Housing Education Program

A Division of Consumer Credit Counseling Service of San Francisco
595 Market Street 15th Floor, San Francisco CA 94105
(866) 520-0922   www.housingeducation.org

*Counseling*

| | |
|---|---|
| Gwendell L Philpot | Date:              6/15/2009 |
| 503 Ferry St NE | Mortgage Lender:    Homecomings |
| | Account Number:    ████9657 |
| Decatur,AL  35601 | Client Number:      1992478 |
| | Client's Phone:      (256) 280-9128 |

Dear Gwendell L Philpot

Thank you for taking the time to talk to me today about your mortgage.  As discussed, I work for a non-profit agency called **Consumer Credit Counseling Service of San Francisco.**  We work in partnership with the **Homeownership Preservation Foundation.**  Our goal is to assist homeowners who may be experiencing financial hardship avoid foreclosure whenever possible.

According to you, you are currently behind with your mortgage payment(s) by  **8**  months with approximately  **$18,128.00**  past due, plus late charges or other fees*.

**\*\*\* FORECLOSURE SALE SCHEDULED 7/22/09 \*\*\***

Client is more than five months behind with the mortgage payments.  Mr. Philpot experienced a financial hardship due to a various medical issues and unemployment that resulted in a successful recently dismissed Chapter 7 bankruptcy.  After doing a cash flow analysis, client is at a monthly deficit of $610.  Mr. Philpot would like to retain the house and may want to inquire about a Making Home Affordable loan modification to lower the interest rate, capitalize the arrears, and extend the term of the loan from 30 years to 40 years, so that the mortgage payment is more manageable.  If a workout option is unavailable with the lender, he may want to consider a short sale or deed-in-lieu to avoid foreclosure.  For informational purposes only, the common foreclosure timeline for the state of Alabama is approximately 5-6 months.

Housing Expense Ratio at 31% of the Gross Monthly Income = $1,255

Please forward to lender: Homecomings

**ACTION PLAN**

**\*\*\* FORECLOSURE SALE SCHEDULED 7/22/09 \*\*\***

Dear Mr. Philpot,

As discussed, a copy of this transcript will be submitted to Homecomings for their information and review.  You may want to inquire about a Making Home Affordable loan modification to lower the interest rate, capitalize the arrears, and extend the term of the loan from 30 years to 40 years, so that the mortgage payment is more manageable.  If a workout option is unavailable with the lender, you may want to consider a short sale or deed-in-lieu to avoid foreclosure.

To apply for a workout, please prepare the items listed below as your lender may request them.  You can ask your lender for their loss mitigation department's address or fax number where you may send these documents – most lenders will also have this information on their website.

• Hardship letter (including the number of household members, the number of dependents and estimated

# Housing Education Program

A Division of Consumer Credit Counseling Service of San Francisco
595 Market Street 15th Floor, San Francisco CA 94105
(866) 520-0922   www.housingeducation.org

contribution from each member, and amount saved up to put towards the modification)
- Financial Statement (budget)
- Proof of Income (2 most recent pay stubs, award letter, unemployment statement)
- 2 most recent bank statements ALL PAGES, if self employed 4 months
- 2 recent years tax return and last 2 years W2's
- Proof of Homeowners Insurance and Tax Certificate (if not escrowed)
* IRS Form 4506-T (available on the www.irs.gov)

In the meantime, continue to look for ways to decrease your flexible expenses and find ways to gain funds for emergencies. You may be interested in contacting the Partnership for Prescription Assistance (ph 1 888-4PPA-NOW website www.pparx.org). The PPA helps qualifying patients who lack prescription coverage get the medicines they need through the public or private program that's right for them. Many will get them free or nearly free.

Lastly, the NID Housing Counseling Agency (ph 205-943-2773 website www.makingyourhomeaffordable.org) offers a wide range of housing services. They offer budgeting assistance, relocation assistance, foreclosure assistance, prepurchase counseling, loss mitigation, renters' assistance, homebuyers education programs, and postpurchase counseling. Please review the financial worksheet and notify me if any of the figures are incorrect or your financial situation changes so I may update the financial worksheet and forward a revised copy to your lender.


Thank you,

Emmylou Gamoning
Housing Counselor, CCCSSF
Ph: 866-520-0922 ext. 302
Email: egamoning@cccssf.org

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **IN RE:** | } | **CASE NO:    09-80380-JAC** |
| **Philpot, Gwendell Lloyd** | } | |
| **Philpot, Annette G.** | } | **CHAPTER:   7** |
| **Debtor(s)** | } | |
| **Soc.Sec.No(s).:       xxx-xx-9478** | } | |
| **xxx-xx-0042** | | |

## MOTION FOR RELIEF FROM AUTOMATIC STAY
## FILED BY HOMECOMINGS FINANCIAL, LLC

Comes now HOMECOMINGS FINANCIAL, LLC, its principals, investors, successors, and/or assigns, if any, (hereinafter "Creditor"), by and through its undersigned counsel of record, Sirote & Permutt, P.C., and moves this Honorable Court to lift the automatic stay in the above-referenced Debtors' Chapter 7 bankruptcy and in support thereof, the Creditor avers as follows:

1.    This Honorable Court has jurisdiction to hear these matters and enter final orders pursuant to 28 U.S.C. §§ 157 and 1334; and 11 U.S.C. § 362. The Motion for Relief from Automatic Stay constitutes a core proceeding and is a contested matter pursuant to Fed. R. Bankr. P. 4001(a) and 9014.

2.    The Creditor holds a mortgage lien on the property commonly referred to as 503 Ferry St. N.E,. Decatur AL 35601, and more fully described in the mortgage and note.

3.    The Debtor has proposed to surrender the property.

4.    The Creditor requests relief from the automatic stay for cause pursuant to 11 U.S.C. § 362(d)(1) with respect to the property on the grounds that the Debtor(s)

has/have failed to perform his/her/their statutory duties in accordance with 11 U.S.C. § 521(2)(A) or (B).

5. The Creditor is not adequately protected.

6. The Creditor desires to protect its interests and proceed with taking possession of the property and to liquidate its collateral in accordance and under the state law rights and remedies.

### WAIVER OF FED. R. BANKR. P. 4001(a)(3)

7. This is a Chapter 7 bankruptcy case. Therefore, the Creditor requests this court waive the ten day "stay" in accordance with Fed. R. Bankr. P. 4001(a)(3).

WHEREFORE, ABOVE PREMISES CONSIDERED, the Creditor herein prays that this Honorable Court will lift the automatic stay now in force and effect in order that the Creditor may obtain possession of its collateral and may foreclose or liquidate its collateral under state law, and grant said Creditor reasonable attorneys fees and costs associated with the filing of this Motion, or seek to negotiate a loss mitigation forbearance or other agreement with the debtor in an attempt to avoid foreclosure or other action.

Respectfully submitted,

Diane C Murray

Diane Murray (MUR-048)
Attorney for Creditor

OF COUNSEL:
SIROTE & PERMUTT, P.C.
P. O. Box 55887
Birmingham, Alabama 35255-5887
(205) 930-5257/fax (205) 930-5101
dmurray@sirote.com

*Homecomings Financial agreed to the option of seeking to negotiate a loss mitigation forbearance or other agreement, which they did not do in the many communications and filings by us to satisfy their requirements.*

*2/5/2009*

*Letter shows 2009 mishandling by Homecomings Loss Mitigation*

Steven L. Payne
Distinctive GMAC Real Estate
7618 Memorial Parkway SW
Huntsville AL 35802
256-468-8169

To whom it may concern:

I was hired by Lloyd and Annette Philpo't, on November 14th, to implement a listing and short sale effort for the sale of their home at 503 Ferry Street, Decatur. I contacted the loss mitigator, Christine Simpson, at Homecomings Financial and sent her the necessary paper work. At the time the foreclosure sale was supposed to occur on December 17.

I later learned that the foreclosure attorney, Sirote & Permutt, P.C., had delayed the foreclosure until January. Later, they delay it again until February 4th.

I received two offers for the property in January and submitted both. Each was very low offers in the low $100K's. The loss mitigator never considered them viable offers but did counter the first one at $200K. The first buyer's never accepted or a countered with another offer, nor did they rejected the offer. They were still in consideration mode.

In faxes, I explained to the loss mitigator that the property was worth much more then the payoff of $217K. I expressed that, in my professional opinion, the property was worth around $300K. I told her that with a bit more time I was confident we would receive an offer more then the payoff which would go toward the balance owed to Redstone Federal Credit Union on a second mortgage. From her replies I could tell she had not read my faxes. My only means of talking to her was sending her a fax, asking her to call me. She would not give me a direct phone number or an e-mail address. When we talked she would not even consider delaying the foreclosure sale. The reasoning she gave is because Alabama is a one year right of redemption state. She said they could not afford to delay the foreclosure anytime.

I have had considerable training in implementing short sales and debating objections. I have never heard any reason to foreclose on a property, in an equity position, simply because the state has a one year right of redemption. I could not understand the reasoning and she would not explain.

The day before the short sale was to occur on February 4th, the second buyer's raised their cash offer to $189K. I told Ms. Simpson the contract was being prepared and signed by the "out of state" buyer, and what the offer entailed. She still proclaimed the foreclosure sale would occur on the following morning, leaving the Philpo't with no choice but to file for bankruptcy to delay the sale and lose of their home.

The next morning when Ms. Simpson learned of the bankruptcy, she said she did plan to delay the foreclosure sale because of the second offer by the "out of state" buyers. If she had relayed that information to me the day before the Philpo'ts would not have had to file chapter 7.

A short sale saves the mortgage company money over a foreclosure, especially when there is equity on the home. I felt the loss mitigator was not working in her company's best interest by being irrational and closed minded. I admit, the last offer was not acceptable, but we were in a situation where there were two buyers desiring to purchase the home. With negotiations it could have been reasonable to expect an offer which could have covered the full payoff of the primary and at least partial payment on the secondary.

Respectfully;

Steven L Payne

## Homecomings Financial

*A GMAC Company*
PO Box 205
Waterloo, IA 50704-0205

11/25/08

GWENDELL L PHILPOT

503 FERRY ST. N.E.
PO BOX 1088
DECATUR          AL 35602-1088

RE:    Account Number        ████ 9657
       Property Address      503 FERRY ST. N.E.

                             DECATUR        AL 35601

Dear   GWENDELL L PHILPOT

The documents you submitted in your support of a loss mitigation alternative are incomplete.
Additional information is required before a decision can be made.

The following information and/or documents are required:

[]    Written explanation of your financial difficulties

[]    Complete financial statement (enclosed)

[]    Copy of the most recent paystub for all borrowers on the mortgage or any other source of
income.  A 6 month profit/loss statement is required if you are self- employed.

[]    Copy of your current bank statement

[x]   Copy of Purchase and Sale Agreement

[]    Copy of Listing Agreement

[]    Copy of escrow estimated net sheet, including closing costs  and realtor commission

[x]   Complete HUD Forms 90036 and 90038 (enclosed)

[]    A written statement of the amount currently saved for a contribution if a
workout is approved. Please do not send any money at this time.

[]

11/25/08
Account Number ███9657
Page Two

If the requested information and/or documents are not received by , we will presume that
no assistance is needed and the pending review of your request for a loss mitigation
alternative will be canceled.

You may fax the requested documents to .  If you have any questions concerning this matter,
please contact our department at 800-799-9250, extension .

**Notice -  This is an attempt to collect debt and any information obtained will be used for
that purpose. If your debt has been discharged in bankruptcy, our rights are being
exercised against the collateral for the above-referenced loan, not as a personal liability.**

Pre-Loss Mitigation Analyst
Loss Mitigation Department

5:68

**Gwendell Lloyd Philpot and Annette Green Philpot**
503 Ferry Street
Decatur, Alabama

November 20, 2008
To:
Homecomings Financial (or its designated agents or Mortgage and Promissory Note holder)
A GMAC Company
2711 North Haskell Ave, Suite 900
Dallas, TX 75204
Re: Homecomings Financial Loan Number: ▆▆▆ 3657:    Concerning the property at 503 Ferry St NE, Decatur, Alabama, Promissory Note and
Mortgage as recorded with Morgan County, Alabama, related to such property and all information and data stated in the first paragraph of the letter
dated November 11, 2008 from Colleen McCullough of the firm Sirote and Permutt, to us;

We are writing this letter at the request of our Realtor, Distinctive GMAC Real Estate located in Huntsville, Alabama.  Over thirty years ago we made
the decision to invest in home ownership, and made our home our primary financial obligation and resource.  However, we are now in very serious
financial circumstances and face foreclosure of our home unless an alternate solution can be reached.

Over the thirty years that we have invested in home ownership we have never been in this position.
However, since 2002, we encountered substantial storm damage on two separate occasions.  In an effort to make repairs, we secured additional
financing and corrected most of the damage to the house, which prevents water leaking and provides structural stability.  This exhausted our
financial reserve and led to additional financial obligations on the house.  Nationwide, our insurance carrier, failed to compensate us properly on the
claims, rather paying us for only a small portion of the cost associated with the damage.  That situation, in addition to HVAC and plumbing problems
with past medical bills, recent loss of jobs with current unemployment and our inability to secure financing in October 2008 for continued operation of
a business has led to the decision to sell our house and property referenced above.

We are actively seeking employment or other income.  However, we are asking your help in selling the home that we have lived in and poured all of
our resources into for the last twenty-six years.  Given your mission to provide funds so that individuals can obtain homes, I am sure that you can
understand our concern that our home not be foreclosed but rather sold.  Once authorization is obtained from Homecomings Financial, GMAC,
ResCap or the authorized and designated owner of the first mortgage on the property as registered in Morgan County, Alabama referenced above,
with respect to the Sirote and Permutt letter referenced above, in order to proceed with a "short-sale," we will cooperate fully to have the house
presentable for potential buyers to view in order for the property to sell for as high dollar amount as possible.

With respect to our integrity to follow through on the terms of this document, we obtained the referenced mortgage and note in good faith and have
made every attempt to fulfill our obligation since December 2000.  When the insurance company refused to compensate us for repairs which we paid
relating to temporary repairs from the hail damage of April 11, 2007, we placed the property for sale with a realtor, listed with MLS in the summer of
2007 and contacted Homecomings Financial to make an agreement to become thirty days late without being designated for foreclosure.  We
received earnest money to sell the property, but could not complete the sale because of the inspection which referenced the damages from the
storms that the insurance company had refused to pay.  Subsequently, we were advised by a real estate consultant that we should either "short-sale"
or allow foreclosure at that time, September 2007.  Instead, with the approval of Homecomings Financial not to foreclose, as we continued being
over thirty days late with our monthly mortgage payment, we spent the vast amount of our resources to continue making needed repairs to maintain
the property in such condition as we had committed to Homecomings Financial, all while living in an extremely frugal manner.  After making many of
the repairs necessary, our situation became dire, as stated above.  We sought means to prevent foreclosure while following our long standing
reputation in our city to foster the preservation of historic properties such as this property.  We have never used any funds to buy luxurious items or
for extravagant pleasures.  Since we have now exhausted our resources we have decided that we have done more than is reasonable to fulfill our
obligation at this time and have decided to "short-sale" this referenced property.  We will make efforts as best we can to maintain the property with
respect to its structure and historic reputation in our city, in order to hopefully obtain an acceptable sale in behalf of all concerned.
We request you accept our option to immediately place the property in "short-sale" status.

Thank you for consideration of this request.
Sincerely,

*Gwendell Lloyd Philpot*          *Annette Green Philpot*
Gwendell Lloyd Philpot and Annette Green Philpot

**Homecomings Financial**

*A GMAC Company*
PO Box 205
Waterloo, IA 50704-0205


11/17/08


GWENDELL L PHILPOT

503 FERRY ST. N.E.
PO BOX 1088
DECATUR AL 35602-1088


RE:   Account Number      ████9657
      Property Address  503 FERRY ST. N.E.

                        DECATUR AL 35601

Dear GWENDELL L PHILPOT


We want to inform you that the foreclosure sale on your home has
been scheduled for 12/17/08. TIME IS RUNNING OUT. It is extremely
important to contact us. Working together, we may find a solution
before it's too late. You must contact us immediately so that we
can resolve your delinquency before your home goes to foreclosure
sale.

There is still a short period of time left, but we cannot help
you unless you contact us. If your house is worth less than what
is owed on the property or you've spoken with others about
resolving your delinquent mortgage, please contact us. You are in
jeopardy of losing your home through foreclosure, creating a
potential tax liability and severely damaging your credit rating.
We can only attempt to provide a solution if you contact us.

The foreclosure process has already begun and will continue to
proceed until either the foreclosure sale occurs or you have
written documentation from us stating that the foreclosure
process has been stopped.

Do not wait until the last minute to discuss your situation with
us. The longer this situation continues, the more difficult it
becomes to resolve your delinquent loan. Our goal is to solve
this problem, but we cannot help unless you contact us right
away. We can be reached at 800-206-2901.


Loss Mitigation Department
Loan Servicing
5001

* Homeownership counseling is available to you through the Credit Counseling Resource Center (CCRC), an alliance of consumer credit counseling agencies. The CCRC has been retained by Homecomings Financial, LLC        to provide advice to you on credit issues, including how to reduce debt and improve cash flow management capabilities. You may contact them at 1-877-806-0775 for assistance at no cost to you, or you may wish to contact a HUD-approved counseling agency by calling 1-800-569-4287 for further information.



October 7, 2008

Gwendell L. Philpot
503 Perry Street
Decatur, AL 35601

Dear Client Philpot,

My name is Michael Forton and I am the attorney assigned to you case at Legal Services Alabama regarding mortgage issues.

As part of the assessment for your case, I will be reviewing numerous options and avenues to resolve your problem. As part of this assessment it is necessary to complete numerous documents and checklists. I have included two documents which I will need you to complete before I can begin working on your case: an Income and Expenses Questionnaire and a Mortgage Problem Intake Form. Whether or not you consider your mortgage your "main" problem, issues regarding mortgage are bound to arise in bankruptcy and all consumer issues.

I have also included the forms you will need to sign before we can begin helping you. If you would recommend you review these forms and sign at the "X." If you have any questions about the forms then do not sign them. I will be happy to explain any documents before you sign them.

After you have completed the two questionnaires to the best of your ability and have reviewed the forms, please call me to make an appointment. Although we can have an appointment over the phone, it is much easier to review all of your paperwork and bills in person. I would be happy to set aside whatever time is necessary to review your problems.

If you have any questions or concerns about this letter please do not hesitate to call me at (256) 536-9645, ext. 3319. I thank you for your time.

Sincerely,

Michael Forton

**Homecomings Financial**

*A GMAC Company*
PO Box 205
Waterloo, IA 50704-0205

10/02/08

GWENDELL L PHILPOT

503 FERRY ST. N.E.
PO BOX 1088
DECATUR AL 35602-1088

### YOUR IMMEDIATE ATTENTION IS REQUIRED

RE:    Account Number        ████9657
       Property Address    503 FERRY ST. N.E.

                           DECATUR AL 35601

Dear   GWENDELL L PHILPOT

You were previously notified of your default and the demand for
reinstatement on the above account.

Because you have failed to reinstate, your account may be sent to
an attorney to initiate foreclosure action.  Upon referral, you
may incur substantial fees and costs, and the foreclosure status
will be reported to credit agencies.

Upon completion of the foreclosure:
    * You will lose title to the property.
    * You may be liable for the foreclosure costs, including
      attorney fees.
    * You may be personally liable for any remaining balance
      due.
    * The foreclosure will be reported to credit agencies and to
      the Internal Revenue Service.

If you wish to discuss possible alternatives to avoid the
foreclosure action, please contact us at 800-799-9250.

Notice - This is an attempt to collect a debt and any information
obtained will be used for that purpose.  If your debt has been
discharged in bankruptcy, our rights are being exercised against
the collateral for the above-referenced account, not as a
personal liability.

Loss Mitigation Department
Loan Servicing
5025

**Homecomings Financial**

*A GMAC Company*
PO Box 205
Waterloo, IA 50704-0205

03/21/08

GWENDELL L PHILPOT

503 FERRY ST. N.E. PO BOX 1088
DECATUR          AL 35602-1088

RE:     Account Number      ████9657
        Property Address    503 FERRY ST. N.E.
                            DECATUR        AL 35601

Dear    GWENDELL L PHILPOT

Homecomings Financial, LLC is unable to comply with the request to make changes to your
credit file regarding your December 2007 payment. Homecomings Financial, LLC makes
every effort to report true and accurate information to credit bureaus. It is our policy to only
amend credit in situations of natural disaster, death of a spouse/co-borrower, or Homecomings
Financial, LLC error.

You have the option to send a letter with 100 words or less to the credit bureaus explaining the
circumstances surrounding the delinquency. You may request they attach your letter as an
addendum to all credit reports requested.

The following is a list of the credit bureaus you would need to contact:

Equifax 1-800-685-1111              Experian (TRW) 1-888-397-3742
P.O. Box 105873                     P.O. Box 2002
Atlanta, GA  30348                  Allen, TX  75013

Trans Union 1-800-916-8800          Innovis 1-800-540-2505
P.O. Box 2000                       P.O. Box 1534
Chester, PA  19022                  Columbus, OH  43216-1534

If you have any questions, please contact Customer Care at 800-206-2901.

Customer Care
Loan Servicing

2:69

*Lloyd Philpot*          503 Ferry St NE    Decatur, Alabama, 35601-1909    Tel. 256.309-9850    Lloyd Philpot@yahoo.

March 14, 2008

Homecomings Financial
A GMAC Company
Correspondence Department

Via Fax # 319-236-5167

To whom it may concern:

Re: Account Number          9657
    Property Address    503 Ferry St NE, Decatur, AL 35601

Please accept this letter of concern with my request that Homecomings correct mistakes of reporting my account to the three credit bureaus, TransUnion, Equifax and Experian, as being sixty (60) days late at the end of December 2007. On the weekend prior to the end of 2007 and on December 31, 2007, I diligently tried to execute a payment on the account, which would have been before the 60 days of record. Having failed because of systems problems at Homecomings and what I suspected was holiday work activity, I requested to the person I executed payment during the following first week of January 2008, that the account not be listed as delinquent sixty (60) days. She told me it would not be listed as late and would not show the account in foreclosure. Instead, Homecomings did send such a notice to the credit bureaus last week resulting in a change of my credit score from the mid 600's to the low 500's. This event occurred on the day I was meeting with bankers to refinance my loan. Needless to say, the critical timing for lowering my score prevents me from obtaining financing. I spoke with Homecomings' refinancing department and was told I would have to bring the loan current and maintain it at that condition for six months before your loan officers would consider a refinancing loan for me. I had a significant financial hardship this past summer of which I will not soon recover, even now with an above normal salary, so such a catch-up is not likely. I ask that you notify the three credit bureaus that a clerical error occurred and my account should not have been reported as sixty (60) days late.
Please note the attachment from Regions Bank showing my account balance as sufficient to make the payment on 12/31/2007. Also note my payment pattern since this past summer, wherein I always executed payments before the sixty days date, doing so as I received funds to make such payments.
You may verify that the Regions employee listed on the business card executed the letter. As stated in the letter, I will have to be present at the bank for the branch manager to provide additional information, other than verification of the letter.

As a designer of computers, I know they fail at times. It is just such events that require human intervention to correct mistakes. I was not given the name of a manager who has the authority to make the changes I have requested. I ask that this letter be forwarded to such a manager having authority to make such a change as I have requested, and such manager take my request under consideration. It is my desire to refinance my home as soon as possible, so as not to continue being 30 days late.

Sincerely,

**Gwendell Lloyd Philpot**



**truecredit**
by **TransUnion.**

## PERSONAL INFORMATION

| CREDIT REPORTING AGENCY: | **TransUnion.** | **experian** | **EQUIFAX** |
|---|---|---|---|
| CREDIT REPORT DATE: | null | | |
| NAME: ALSO KNOWN AS: | GWENDELL L. PHILPOT PHILPOT L. GWENDELL G L. PHILPOT | GWENDELL L. PHILPOT LLOYD PHILPOT PHILPOT L. GWENDELL PHILPOT G. LLOYD | G LLOYD PHILPOT LLOYD G. PHILPOT GWENDELL L. PHILPOT LLOYD GWENDELL PHILPOTT |
| DATE OF BIRTH: | 01/1947 | 1947 | 01/1947 |
| CURRENT ADDRESS: | 1088 PO BOX 1088 DECATUR, AL 35602 | PO BOX 1088 DECATUR, AL 35602-1088 04/1994 | 503 FERRY ST NE DECATUR, AL 35601 03/2001 |
| PREVIOUS ADDRESS: | 503 NE FERRY ST DECATUR, AL 35601 | 503 FERRY ST NE DECATUR, AL 35601-1909 02/1988 | PO BOX 711 DECATUR, AL 35602 02/2002 |
| | 711 PO BOX 711 DECATUR, AL 35602 | PO BOX 711 DECATUR, AL 35602-0711 05/1999 | PO BOX 1088 DECATUR, AL 35602 05/2007 |
| EMPLOYER: | PHILPO DESIGNS 09/01/2002 | | |
| PREVIOUS EMPLOYER: | SELF 05/01/2001 | | |

## Consumer Statement

**Equifax:** BELLSOUTH AND CERTAIN MEDICAL CHARGES ARE NOT CORRECT

*Notation*

## SUMMARY

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| TOTAL ACCOUNTS: | 25 | 23 | 31 |
| OPEN ACCOUNTS: | 17 | 10 | 10 |
| CLOSED ACCOUNTS: | 8 | 13 | 21 |
| DELINQUENT: | 1 | 1 | 1 |
| DEROGATORY: | 8 | 6 | 15 |
| BALANCES: | 329108 | 314584 | 330659 |
| PAYMENTS: | 3860 | 3570 | 3995 |
| PUBLIC RECORDS: | 1 | 2 | 2 |
| INQUIRIES (2 years): | 0 | 1 | 7 |

## ACCOUNT HISTORY

### At-a-glance viewing of your payment history

| | X | OK | 30 | 60 | 90 | 120 | 150 | PP | RF | CO |
|---|---|---|---|---|---|---|---|---|---|---|
| Not Applicable | Unknown | Current | 30 days late | 60 days late | 90 days late | 120 days late | 150+ days late | Payment plan | Repossession Foreclosure | Collection Chargeoff |

**Real Estate Accounts:** Primary and secondary mortgages on your home

### REDSTONE FCU

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account No.: | 148831**** | 148831**** | 148831**** |
| Condition: | Open | Open | Open |
| Balance: | $69198 | $69198 | $69198 |
| Type: | Home equity | Credit line secured | Home equity |
| Pay Status: | Current | Current | Current |
| Past Due: | $0 | | |
| High Balance: | $70000 | $70069 | $70000 |
| Terms: | | | |
| Limit: | $70000 | $70000 | |
| Payment: | $1043 | $1043 | $1043 |
| Opened: | 12/21/2006 | 12/2006 | 12/2006 |
| Reported: | 01/07/2008 | 01/07/2008 | 12/2007 |
| Responsibility: | Individual | Individual | Individual |

**Late Payments (last 7 years):**

| | | |
|---|---|---|
| 30 Days Late: | 0 | 0 |
| 60 Days Late: | 0 | 0 |
| 90 Days Late: | 0 | 0 |

**Two Year Payment History:**

| | |
|---|---|
| TransUnion | OK OK OK OK OK OK OK OK OK OK OK OK OK OK |
| Experian | OK X OK OK OK OK OK OK OK X OK OK OK OK |
| Equifax | X X X X X X X X X X X X |

Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '07 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '08

**Remarks:**

[TransUnion]

[Experian]

[Equifax] Home Equity

Line of credit

### HOMECOMING

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account No.: | 741225**** | 741225**** | 741225**** |
| Condition: | Open | Open | Open |
| Balance: | $214339 | $212498 | $214339 |
| Type: | Conventional real estate mortgage | Conventional real estate mortgage | Real estate mortgage |
| Pay Status: | Late 60 Days | Late 30 Days | Late 60 Days |
| Past Due: | $2989 | $2879 | $2989 |
| High Balance: | $220000 | $220000 | $220000 |
| Terms: | 360 months | 360 months | |
| Limit: | | | |
| Payment: | $2220 | $2220 | $2220 |
| Opened: | 12/04/2000 | 12/2000 | 12/2000 |
| Reported: | 12/31/2007 | 11/30/2007 | 01/2008 |
| Responsibility: | Individual | Individual | Individual |

**Late Payments (last 7 years):**

*[handwritten margin notes: "Note that at "60" day the report goes to a different status,"]*

*[handwritten margin notes: "RFCU Note 2nd Mortgage Record [OK] to Dec 2007"]*

*[handwritten margin notes: "12/31/2007 ... Late 60 Days"]*

| | | | |
|---|---|---|---|
| 30 Days Late: | 9 | 9 | 10 |
| 60 Days Late: | 0 | 0 | 0 |
| 90 Days Late: | 0 | 0 | 0 |

**Two Year Payment History:**

| | |
|---|---|
| TransUnion | OK [ ] OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK [ ] [ ] [ ] [ ] [ ] [ ] |
| Experian | X [ ] X OK OK OK OK OK OK OK OK OK OK OK OK OK OK [ ] [ ] [ ] [ ] [ ] [ ] |
| Equifax | [ ] X X X X X X X X X X X X X X X [ ] [ ] [ ] [ ] [ ] [ ] |

Dec '06  Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '07 Feb Mar Apr May Jun Jul Aug Sep Oct Nov

**Remarks:**

[TransUnion]

[Experian]

[Equifax] Real Estate Mortgage
Conventional mortgage



## NEW SOUTH FEDERAL

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account No.: | 847015**** | 847015**** | 847015**** |
| Condition: | Closed | Closed (Paid) | Closed (Paid) |
| Balance: | $0 | | $0 |
| Type: | Conventional real estate mortgage | Conventional real estate mortgage | Real estate mortgage |
| Pay Status: | Current | Current | Current |
| Past Due: | $0 | | |
| High Balance: | $129200 | $129200 | $129000 |
| Terms: | 360 months | 360 months | |
| Limit: | | | |
| Payment: | $1318 | | $1318 |
| Opened: | 12/01/1989 | 12/1989 | 12/1989 |
| Reported: | 11/01/2000 | 12/20/2000 | 12/2000 |
| Responsibility: | Joint | Joint | Joint |

**Late Payments (last 7 years):**

| | | |
|---|---|---|
| 30 Days Late: | 0 | 0 |
| 60 Days Late: | 0 | 0 |
| 90 Days Late: | 0 | 0 |

**Two Year Payment History:**

| | |
|---|---|
| TransUnion | OK OK OK OK OK OK OK OK |
| Experian | OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK X |
| Equifax | X X X X X X X X X X X X X X X X X X X X X X |

'99  Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '00 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec

**Remarks:**

[TransUnion]

[Experian]

[Equifax] Freddie Mac account
Closed or paid account/zero balance



**Revolving Accounts:** Accounts with an open-end term

## REDSTONE FCU

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account No.: | 148831**** | 148831**** | 148831**** |
| Condition: | Closed (Paid) | Closed (Paid) | Closed (Paid) |
| Balance: | $0 | | $0 |
| Type: | Home equity | Credit line secured | Home equity |
| Pay Status: | Current | Current | Current |
| Past Due: | $0 | | |
| High Balance: | $50000 | $50000 | $50000 |

| Terms: | | | |
|---|---|---|---|
| Limit: | $50000 | $50000 | |
| Payment: | | | $740 |
| Opened: | 03/17/2006 | 03/2006 | 03/2006 |
| Reported: | 02/28/2007 | 01/03/2007 | 02/2007 |
| Responsibility: | Individual | Individual | Individual |

*(handwritten: RFCV All OK to 2007)*

**Late Payments (last 7 years):**

| | | | |
|---|---|---|---|
| 30 Days Late: | 0 | 0 | |
| 60 Days Late: | 0 | 0 | |
| 90 Days Late: | 0 | 0 | |

**Two Year Payment History:**

TransUnion [OK OK OK OK OK OK OK OK OK OK OK OK]

Experian [OK OK OK OK OK OK OK OK] X [OK] X

Equifax X X X X X X X X X X X X

Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '06 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '07

**Remarks:**

[TransUnion] Closed

[Experian]
[Equifax] Closed or paid account/zero balance

Home Equity


## HSBC BANK

| | **TransUnion** | **Experian** | **Equifax** |
|---|---|---|---|
| Account No.: | 51766900**** | | |
| Condition: | Open | | |
| Balance: | $2959 | | |
| Type: | Credit Card | | |
| Pay Status: | Current | | |
| Past Due: | $0 | | |
| High Balance: | $2996 | | |
| Terms: | | | |
| Limit: | $3000 | | |
| Payment: | $96 | | |
| Opened: | 01/12/2004 | | |
| Reported: | 12/31/2007 | | |
| Responsibility: | Individual | | |

**Late Payments (last 7 years):**

| | | |
|---|---|---|
| 30 Days Late: | 0 | |
| 60 Days Late: | 0 | |
| 90 Days Late: | 0 | |

**Two Year Payment History:**

TransUnion [OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK]

Experian

Equifax

Dec '06 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '07 Feb Mar Apr May Jun Jul Aug Sep Oct Nov

**Remarks:**

[TransUnion]

[Experian]

[Equifax]


## HSBC/BSTBY

| | **TransUnion** | **Experian** | **Equifax** |
|---|---|---|---|
| Account No.: | | | 169601-018517**** |
| Condition: | | | Open |
| Balance: | | | $319 |

| | |
|---|---|
| Type: | Charge account |
| Pay Status: | Current |
| Past Due: | |
| High Balance: | |
| Terms: | |
| Limit: | $2400 |
| Payment: | $10 |
| Opened: | 01/2004 |
| Reported: | 01/2008 |
| Responsibility: | Individual |

**Late Payments (last 7 years):**
  30 Days Late:
  60 Days Late:
  90 Days Late:

**Two Year Payment History:**

TransUnion

Experian

Equifax    X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X

         '06 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '07 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec

**Remarks:**

[TransUnion]

[Experian]
[Equifax] Charge
Amount in H/C column is credit limit

## HSBC BANK

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account No.: | | 001060**** | 69001060**** |
| Condition: | | Open | Open |
| Balance: | | $2959 | $2959 |
| Type: | | Credit Card | Credit Card |
| Pay Status: | | Current | Current |
| Past Due: | | | |
| High Balance: | | $2996 | |
| Terms: | | | |
| Limit: | | $3000 | $3000 |
| Payment: | | $96 | $96 |
| Opened: | | 01/2004 | 01/2004 |
| Reported: | | 12/31/2007 | 12/2007 |
| Responsibility: | | Individual | Individual |

**Late Payments (last 7 years):**
  30 Days Late:                 0
  60 Days Late:                 0
  90 Days Late:                 0

**Two Year Payment History:**

TransUnion

Experian   OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK

Equifax    X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X

         '06 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '07 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec

**Remarks:**

[TransUnion]

[Experian]
[Equifax] Credit card
Amount in H/C column is credit limit

HSBC/BSBUY

|  | **TransUnion** | **Experian** | **Equifax** |
|---|---|---|---|
| **Account No.:** | 70212701**** | 2701** | |
| **Condition:** | Open | Open | |
| **Balance:** | $319 | $319 | |
| **Type:** | Charge account | Charge account | |
| **Pay Status:** | Current | Current | |
| **Past Due:** | $0 | | |
| **High Balance:** | $1704 | $1704 | |
| **Terms:** | | | |
| **Limit:** | $2400 | $2400 | |
| **Payment:** | $10 | $10 | |
| **Opened:** | 01/08/2004 | 01/2004 | |
| **Reported:** | 01/02/2008 | 01/02/2008 | |
| **Responsibility:** | Individual | Individual | |

**Late Payments (last 7 years):**

| | | |
|---|---|---|
| 30 Days Late: | 0 | 0 |
| 60 Days Late: | 0 | 0 |
| 90 Days Late: | 0 | 0 |

**Two Year Payment History:**

TransUnion: OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK

Experian: OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK

Equifax:

Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '07 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '08

**Remarks:**

[TransUnion]

[Experian]

[Equifax]

## THD/CBSD

|  | **TransUnion** | **Experian** | **Equifax** |
|---|---|---|---|
| **Account No.:** | 603532014276**** | 603532014276**** | 603532014276**** |
| **Condition:** | Open | Open | Open |
| **Balance:** | $1505 | $1505 | $1409 |
| **Type:** | Charge account | Charge account | Charge account |
| **Pay Status:** | Current | Current | Current |
| **Past Due:** | $0 | | |
| **High Balance:** | $3616 | $3616 | |
| **Terms:** | | | |
| **Limit:** | $3600 | $3600 | $3600 |
| **Payment:** | $82 | $82 | $38 |
| **Opened:** | 10/14/2003 | 10/2003 | 10/2003 |
| **Reported:** | 01/24/2008 | 01/24/2008 | 12/2007 |
| **Responsibility:** | Individual | Individual | Individual |

**Late Payments (last 7 years):**

| | | | |
|---|---|---|---|
| 30 Days Late: | 1 | 1 | 1 |
| 60 Days Late: | 0 | 0 | 0 |
| 90 Days Late: | 0 | 0 | 0 |

**Two Year Payment History:**

TransUnion: OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK   OK OK OK OK OK OK

Experian: OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK   OK OK OK OK OK OK

Equifax: X X X X X X X X X X X X X X X X   X X X X

Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '07 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '08

**Remarks:**

[TransUnion]

[Experian]

[Equifax] Charge

Amount in H/C column is credit limit

## REDSTONE FCU

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account No.: | 148831**** | 148831**** | 148831**** |
| Condition: | Open | Open | Open |
| Balance: | $498 | $498 | $498 |
| Type: | Line of credit | Check credit/Line of credit | Line of credit |
| Pay Status: | Current | Current | Current |
| Past Due: | $0 | | |
| High Balance: | $500 | $500 | |
| Terms: | | | |
| Limit: | $500 | $500 | $500 |
| Payment: | $25 | $25 | $25 |
| Opened: | 01/17/2003 | 01/2003 | 01/2003 |
| Reported: | 01/07/2008 | 01/07/2008 | 12/2007 |
| Responsibility: | Individual | Individual | Individual |

Late Payments (last 7 years):

| | | | |
|---|---|---|---|
| 30 Days Late: | 0 | 0 | |
| 60 Days Late: | 0 | 0 | |
| 90 Days Late: | 0 | 0 | |

**Two Year Payment History:**

TransUnion OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK

Experian OK OK OK OK OK OK OK OK OK OK X OK OK X OK OK OK OK OK OK X OK OK OK OK

Equifax X X X X X X X X X X X X X X X X X X X X X X X

Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '07 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '08

**Remarks:**

[TransUnion]

[Experian]

[Equifax] Line of credit

Amount in H/C column is credit limit

## HSBC BANK

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account No.: | 54370004**** | | |
| Condition: | Closed | | |
| Balance: | $11584 | | |
| Type: | Credit Card | | |
| Pay Status: | Current | | |
| Past Due: | $0 | | |
| High Balance: | $12817 | | |
| Terms: | | | |
| Limit: | $14000 | | |
| Payment: | $290 | | |
| Opened: | 11/27/1992 | | |
| Reported: | 03/31/2004 | | |
| Responsibility: | Authorized User | | |

Late Payments (last 7 years):

| | | | |
|---|---|---|---|
| 30 Days Late: | 0 | | |
| 60 Days Late: | 0 | | |
| 90 Days Late: | 0 | | |

**Two Year Payment History:**

TransUnion OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK

Experian

Equifax

Mar Apr May Jun Jul Aug Sep Oct Nov Dec '03 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '04 Feb

**Remarks:**

[TransUnion] Account closed by consumer

[Experian]

[Equifax]

## HSBC BANK

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| **Account No.:** | | | 00048101**** |
| **Condition:** | | | Derogatory |
| **Balance:** | | | $12469 |
| **Type:** | | | |
| **Pay Status:** | | | Collection/Chargeoff |
| **Past Due:** | | | $465 |
| **High Balance:** | | | $12469 |
| **Terms:** | | | |
| **Limit:** | | | |
| **Payment:** | | | $469 |
| **Opened:** | | | 11/1992 |
| **Reported:** | | | 07/2006 |
| **Responsibility:** | | | Authorized User |

*Disputed in 2006* (handwritten)

**Late Payments (last 7 years):**

| | | | |
|---|---|---|---|
| 30 Days Late: | | | 1 |
| 60 Days Late: | | | 1 |
| 90 Days Late: | | | 3 |

**Two Year Payment History:**

TransUnion

Experian

Equifax    X X X X X X X X X X X X X X X X X X 30 60 90 120 120

Jul Aug Sep Oct Nov Dec '05 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '06 Feb Mar Apr May Jun

**Remarks:**

[TransUnion]

[Experian]

[Equifax] Account closed at consumer's request

Charged off account

## RDSTNE FCU

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| **Account No.:** | 148831**** | 148831**** | 148831**** |
| **Condition:** | Closed | Closed (Paid) | Closed (Paid) |
| **Balance:** | $0 | | $0 |
| **Type:** | Home equity | Credit line secured | |
| **Pay Status:** | Current | Current | Current |
| **Past Due:** | $0 | | |
| **High Balance:** | $0 | | $0 |
| **Terms:** | | | |
| **Limit:** | | | |
| **Payment:** | | | $299 |
| **Opened:** | 09/01/1991 | 09/1991 | 09/1991 |
| **Reported:** | 01/01/2001 | 01/08/2001 | 02/2001 |
| **Responsibility:** | Joint | Joint | Joint |

**Late Payments (last 7 years):**

| | | | |
|---|---|---|---|
| 30 Days Late: | 0 | 0 | |
| 60 Days Late: | 0 | 0 | |
| 90 Days Late: | 0 | 0 | |

**Two Year Payment History:**

TransUnion    OK OK OK OK OK OK OK OK OK OK OK

Experian    OK OK OK OK OK OK OK OK X OK OK OK OK X OK OK OK OK OK OK OK OK X OK OK OK X

| Equifax | X X X X X X X X X X X X X X X X X X X X X X X X |
| --- | --- |
| | Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '00 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '01 |

**Remarks:**

[TransUnion] Account closed by consumer

[Experian] Credit line closed - consumer request - reported by subscriber.
[Equifax] Account closed at consumer's request
Closed or paid account/zero balance

## SEARS/CBSD

| | TransUnion | Experian | Equifax |
| --- | --- | --- | --- |
| Account No.: | 50499480**** | 50499480**** | 50499480**** |
| Condition: | Open | Open | Open |
| Balance: | $471 | $471 | $471 |
| Type: | Charge account | Charge account | Charge account |
| Pay Status: | Current | Current | Current |
| Past Due: | $0 | | |
| High Balance: | $3640 | $3640 | |
| Terms: | | | |
| Limit: | $2270 | $2270 | $2270 |
| Payment: | $19 | $19 | $19 |
| Opened: | 11/01/1972 | 11/1972 | 11/1972 |
| Reported: | 01/10/2008 | 01/10/2008 | 01/2008 |
| Responsibility: | Individual | Individual | Individual |

**Late Payments (last 7 years):**

| | | | |
| --- | --- | --- | --- |
| 30 Days Late: | 0 | 0 | |
| 60 Days Late: | 0 | 0 | |
| 90 Days Late: | 0 | 0 | |

**Two Year Payment History:**

| TransUnion | OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK |
| --- | --- |
| Experian | OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK |
| Equifax | X X X X X X X X X X X X X X X X X X X X X X X X |
| | Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '07 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '08 |

**Remarks:**

[TransUnion]

[Experian]
[Equifax] Charge

Amount in H/C column is credit limit

**Installment Accounts:** Accounts comprised of fixed terms with regular payments

## REDSTONE FCU

| | TransUnion | Experian | Equifax |
| --- | --- | --- | --- |
| Account No.: | 148831**** | 148831**** | 148831**** |
| Condition: | Open | Open | Open |
| Balance: | $1725 | $1725 | $1725 |
| Type: | Auto Loan | Auto Loan | Auto Loan |
| Pay Status: | Current | Current | Current |
| Past Due: | $0 | | |
| High Balance: | $2300 | $2300 | $2300 |
| Terms: | 36 months | 36 months | |
| Limit: | | | |
| Payment: | $75 | $75 | $75 |
| Opened: | 12/02/2006 | 12/2006 | 12/2006 |
| Reported: | 01/07/2008 | 01/07/2008 | 12/2007 |
| Responsibility: | Individual | Individual | Individual |

**Late Payments (last 7 years):**

| | | | |
| --- | --- | --- | --- |
| 30 Days Late: | 0 | 0 | |
| 60 Days Late: | 0 | 0 | |

|                | | |
|----------------|---|---|
| 90 Days Late:  | 0 | 0 |

**Two Year Payment History:**

TransUnion [OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK]

Experian [OK] X [OK][OK][OK][OK][OK][OK][OK] X [OK][OK][OK][OK][OK]

Equifax X X X X X X X X X X X X

Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '07 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '08

**Remarks:**

[TransUnion]

[Experian]

[Equifax] Auto


## ISM/FEDASSOC

|                      | TransUnion        | Experian          | Equifax           |
|----------------------|-------------------|-------------------|-------------------|
| Account No.:         | 8810386197SM0**** | 8810386197SM0**** | 8810386197SM0**** |
| Condition:           | Open              | Open              | Open              |
| Balance:             | $24349            | $24349            | $24349            |
| Type:                | Educational       | Educational       | Educational       |
| Pay Status:          | Current           | Current           | Current           |
| Past Due:            | $0                |                   | $0                |
| High Balance:        | $24506            | $24506            | $24506            |
| Terms:               | 239 months        |                   |                   |
| Limit:               |                   |                   |                   |
| Payment:             | $0                |                   | $0                |
| Opened:              | 08/17/2005        | 08/2005           | 08/2005           |
| Reported:            | 12/31/2007        | 12/31/2007        | 12/2007           |
| Responsibility:      | Individual        | Individual        | Individual        |

**Late Payments (last 7 years):**

|               | | |
|---------------|---|---|
| 30 Days Late: | 0 | 0 |
| 60 Days Late: | 0 | 0 |
| 90 Days Late: | 0 | 0 |

**Two Year Payment History:**

TransUnion [OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK]

Experian [OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK][OK]

Equifax X

'06 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '07 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec

**Remarks:**

[TransUnion] Payment deferred

[Experian] Student loan - payment deferred.

[Equifax] Student loan - payment deferred


## AES/PHEAA

|                  | TransUnion | Experian             | Equifax              |
|------------------|------------|----------------------|----------------------|
| Account No.:     |            | 8810386197PA0****    | 8810386197PA0****    |
| Condition:       |            | Closed (Transferred) | Closed (Transferred) |
| Balance:         |            |                      | $0                   |
| Type:            |            | Educational          | Educational          |
| Pay Status:      |            | Current              | Current              |
| Past Due:        |            |                      |                      |
| High Balance:    |            | $24506               | $24506               |
| Terms:           |            | 239 months           |                      |
| Limit:           |            |                      |                      |
| Payment:         |            |                      | $0                   |
| Opened:          |            | 08/2005              | 08/2005              |
| Reported:        |            | 07/31/2006           | 07/2006              |
| Responsibility:  |            | Individual           | Individual           |

**Late Payments (last 7 years):**

| | |
|---|---|
| 30 Days Late: | 0 |
| 60 Days Late: | 0 |
| 90 Days Late: | 0 |

**Two Year Payment History:**

TransUnion

Experian    [OK] [OK] [OK] [OK] [OK] [OK] [OK] [OK] [OK]   X

Equifax    X

Aug Sep Oct Nov Dec '05  Feb Mar Apr May Jun Jul  Aug Sep Oct Nov Dec '06  Feb Mar Apr May Jun Jul

**Remarks:**

[TransUnion]

[Experian] Account closed due to transfer.

[Equifax] Account transferred or sold

Student loan - payment deferred


## STUDENT LOAN PEOPLE

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account No.: | 4117494**** | 4117494**** | 4117494**** |
| Condition: | Closed | Open | Open |
| Balance: | $0 | | |
| Type: | Educational | Educational | Educational |
| Pay Status: | Current | | |
| Past Due: | $0 | | |
| High Balance: | $2604 | | |
| Terms: | 120 months | 120 months | |
| Limit: | | | |
| Payment: | $33 | | $0 |
| Opened: | 08/17/2001 | 08/2001 | 08/2001 |
| Reported: | 08/18/2005 | 08/29/2005 | 08/2005 |
| Responsibility: | Individual | Individual | |

**Late Payments (last 7 years):**

| | | |
|---|---|---|
| 30 Days Late: | 0 | 0 |
| 60 Days Late: | 0 | 0 |
| 90 Days Late: | 0 | 0 |

**Two Year Payment History:**

TransUnion [OK] [OK] [OK]  X  [OK] [OK]  X  [OK] [OK]  X  [OK] [OK] [OK] [OK] [OK] [OK]  X  [OK] [OK]  X  [OK]  X  [OK] [OK]

Experian

Equifax

Aug Sep Oct Nov Dec '04  Feb Mar Apr May Jun Jul  Aug Sep Oct Nov Dec '05  Feb Mar Apr May Jun Jul

**Remarks:**

[TransUnion] Adjustment pending

[Experian] Adjustment pending - reported by subscriber.

[Equifax] Student loan

Adjustment pending


## STUDENT LOAN PEOPLE

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account No.: | 4117494**** | 4117494**** | 4117494**** |
| Condition: | Closed (Refinanced) | Closed (Refinanced) | Closed (Paid) |
| Balance: | $0 | | $0 |
| Type: | Educational | Educational | |
| Pay Status: | Current | Current | Current |
| Past Due: | $0 | | |
| High Balance: | $6542 | $6542 | $6542 |
| Terms: | 120 months | 120 months | |
| Limit: | | | |

| | | |
|---|---|---|
| **Payment:** | $85 | $85 |
| **Opened:** | 08/24/2000 | 08/2000 | 08/2000 |
| **Reported:** | 08/18/2005 | 08/29/2005 | 08/2005 |
| **Responsibility:** | Individual | Individual | Individual |

**Late Payments (last 7 years):**

| | | |
|---|---|---|
| 30 Days Late: | 0 | 0 |
| 60 Days Late: | 0 | 0 |
| 90 Days Late: | 0 | 0 |

**Two Year Payment History:**

TransUnion OK OK X OK OK X OK OK X OK OK OK OK OK OK X OK OK X OK X OK OK

Experian OK OK OK OK X OK OK X OK OK OK OK OK OK OK X OK OK X OK OK OK X

Equifax X X X X X X X X X X X X X X X X X X X X X X X X

Sep Oct Nov Dec '04 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '05 Feb Mar Apr May Jun Jul Aug

**Remarks:**

[TransUnion] Account closed due to refinance

[Experian] Account closed du to refinance.
[Equifax] Closed or paid account/zero balance
Refinanced

## USA SERVICING COMPANY

| | **TransUnion** | **Experian** | **Equifax** |
|---|---|---|---|
| **Account No.:** | 4117494780559**** | 4117494780559**** | |
| **Condition:** | Closed (Transferred) | Closed (Transferred) | |
| **Balance:** | $0 | | |
| **Type:** | Educational | Educational | |
| **Pay Status:** | Current | Current | |
| **Past Due:** | $0 | | |
| **High Balance:** | $5000 | $5000 | |
| **Terms:** | 116 months | 116 months | |
| **Limit:** | | | |
| **Payment:** | $154 | | |
| **Opened:** | 10/01/1998 | 10/1998 | |
| **Reported:** | 09/01/2000 | 03/04/2001 | |
| **Responsibility:** | Individual | Individual | |

**Late Payments (last 7 years):**

| | | |
|---|---|---|
| 30 Days Late: | 0 | 0 |
| 60 Days Late: | 0 | 0 |
| 90 Days Late: | 0 | 0 |

**Two Year Payment History:**

TransUnion OK OK

Experian OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK X

Equifax

Apr May Jun Jul Aug Sep Oct Nov Dec '00 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '01 Feb Mar

**Remarks:**

[TransUnion] Transferred to another lender

[Experian] Transferred to another lender or claim purchased.

[Equifax]

## SALLIE MAE SERVICING

| | **TransUnion** | **Experian** | **Equifax** |
|---|---|---|---|
| **Account No.:** | 411749478**** | 411749478**** | |
| **Condition:** | Closed (Transferred) | Closed (Transferred) | |
| **Balance:** | $0 | | |
| **Type:** | Educational | Educational | |
| **Pay Status:** | | Current | |

| | | |
|---|---|---|
| Past Due: | $0 | |
| High Balance: | $10000 | $10000 |
| Terms: | | 113 months |
| Limit: | | |
| Payment: | $166 | |
| Opened: | 10/22/1998 | 10/1998 |
| Reported: | 08/31/2005 | 09/30/2005 |
| Responsibility: | Individual | Individual |

**Late Payments (last 7 years):**

| | | |
|---|---|---|
| 30 Days Late: | 0 | 0 |
| 60 Days Late: | 0 | 0 |
| 90 Days Late: | 0 | 0 |

**Two Year Payment History:**

TransUnion

Experian    OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK OK    X

Equifax

Oct Nov Dec '04 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '05 Feb Mar Apr May Jun Jul Aug Sep

**Remarks:**

[TransUnion] Transferred to another lender

[Experian] Transferred to another lender or claim purchased.

[Equifax]


## CHASE

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Account No.: | | | 76601393**** |
| Condition: | | | Closed (Paid) |
| Balance: | | | $0 |
| Type: | | | |
| Pay Status: | | | Current |
| Past Due: | | | |
| High Balance: | | | $23349 |
| Terms: | | | |
| Limit: | | | |
| Payment: | | | $469 |
| Opened: | | | 07/1993 |
| Reported: | | | 04/1999 |
| Responsibility: | | | Joint |

**Late Payments (last 7 years):**

30 Days Late:
60 Days Late:
90 Days Late:

**Two Year Payment History:**

TransUnion

Experian

Equifax    X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X  X

Apr May Jun Jul Aug Sep Oct Nov Dec '98 Feb Mar Apr May Jun Jul Aug Sep Oct Nov Dec '99 Feb Mar

**Remarks:**

[TransUnion]

[Experian]

[Equifax] Closed or paid account/zero balance


**Other Accounts:** Accounts in which the exact category is unknown
None Reported

**Collection Accounts:** Accounts seriously past due

## REVENUE RECOVERY CORP

|  | TransUnion | Experian | Equifax |
|---|---|---|---|
| Creditor Name: |  | REVENUE RECOVERY CORP |  |
| Account No.: |  | 1072681667 |  |
| Original Creditor: |  | RADIOLOGY GROUP PA |  |
| Responsibility: |  | Individual |  |
| Condition: |  | Derogatory |  |
| Original Balance: |  | $20 |  |
| Balance: |  | $20 |  |
| Date Opened: |  | 09/2007 |  |
| Date Reported: |  | 11/30/2007 |  |

*Insurance Relay*

Remarks:

[TransUnion]

[Experian]

[Equifax]

## FRANKLIN COLLECTION SV

|  | TransUnion | Experian | Equifax |
|---|---|---|---|
| Creditor Name: | FRANKLIN COL | FRANKLIN COLLECTION SV |  |
| Account No.: | ▮▮2960 | ▮▮2960 | ▮▮2960 |
| Original Creditor: | 10 BELLSOUTH ALABAMA | BELLSOUTH-ALABAMA | BELLSOUTH ALABA |
| Responsibility: | Individual | Individual | Individual |
| Condition: | Derogatory | Derogatory | Derogatory |
| Original Balance: | $68 | $68 | $68 |
| Balance: | $68 | $68 | $68 |
| Date Opened: | 07/30/2007 | 07/2007 | 07/2007 |
| Date Reported: | 09/14/2007 | 09/14/2007 | 09/2007 |

*Related to lost phone #s for business
256-340-1848
265-340-1868*

Remarks:

[TransUnion] Placed for collection

[Experian]

[Equifax] Subject has not satisfied debt.

## FRANKLIN COLLECTION SV

|  | TransUnion | Experian | Equifax |
|---|---|---|---|
| Creditor Name: | FRANKLIN COL | FRANKLIN COLLECTION SV |  |
| Account No.: | ▮▮2961 | ▮▮2961 | ▮▮2961 |
| Original Creditor: | 10 BELLSOUTH ALABAMA | BELLSOUTH-ALABAMA | BELLSOUTH ALABA |
| Responsibility: | Individual | Individual | Individual |
| Condition: | Derogatory | Derogatory | Derogatory |
| Original Balance: | $126 | $126 | $126 |
| Balance: | $126 | $126 | $126 |
| Date Opened: | 07/30/2007 | 07/2007 | 07/2007 |
| Date Reported: | 09/14/2007 | 09/14/2007 | 09/2007 |

*Above Note*

Remarks:

[TransUnion] Placed for collection

[Experian]

[Equifax] Subject has not satisfied debt.

## MEDICAL DATA SYSTEMS I

|  | TransUnion | Experian | Equifax |
|---|---|---|---|
| Creditor Name: | MED DATA SYS | MEDICAL DATA SYSTEMS I |  |
| Account No.: | ▮▮4835 | ▮▮4835 | ▮▮4835 |
| Original Creditor: | MED1 02 PARKWAY | PARKWAY MEDICAL |  |

|  | MEDICAL CENTER | CENTER |  |
|---|---|---|---|
| Responsibility: | Individual | Individual | Individual |
| Condition: | Derogatory | Derogatory | Derogatory |
| Original Balance: | $56 | $56 | $56 |
| Balance: | $56 | $56 | $56 |
| Date Opened: | 04/25/2007 | 04/2007 | 04/2007 |
| Date Reported: | 06/15/2007 | 06/15/2007 | 06/2007 |

*Insurance Delay*

**Remarks:**

[TransUnion] Placed for collection

[Experian]
[Equifax] Medical

Subject has not satisfied debt.

## MEDICAL DATA SYSTEMS I

|  | **TransUnion** | **Experian** | **Equifax** |
|---|---|---|---|
| Creditor Name: | MED DATA SYS | MEDICAL DATA SYSTEMS I |  |
| Account No.: | ■5855 | ■5855 | ■5855 |
| Original Creditor: | MED1 02 PARKWAY MEDICAL CENTER | PARKWAY MEDICAL CENTER | Individual |
| Responsibility: | Individual | Individual | Individual |
| Condition: | Derogatory | Derogatory | Derogatory |
| Original Balance: | $83 | $83 | $83 |
| Balance: | $83 | $83 | $83 |
| Date Opened: | 04/25/2007 | 04/2007 | 04/2007 |
| Date Reported: | 06/15/2007 | 06/15/2007 | 06/2007 |

*Insurance Delay*

**Remarks:**

[TransUnion] Placed for collection

[Experian]
[Equifax] Medical

Subject has not satisfied debt.

|  | **TransUnion** | **Experian** | **Equifax** |
|---|---|---|---|
| Creditor Name: |  |  |  |
| Account No.: |  |  | ■5955 |
| Original Creditor: |  |  |  |
| Responsibility: |  |  | Individual |
| Condition: |  |  | Derogatory |
| Original Balance: |  |  | $76 |
| Balance: |  |  | $80 |
| Date Opened: |  |  | 08/2006 |
| Date Reported: |  |  | 01/2008 |

**Remarks:**

[TransUnion]

[Experian]
[Equifax] Medical

Subject has not satisfied debt.

## MEDICAL DATA SYSTEMS I

|  | **TransUnion** | **Experian** | **Equifax** |
|---|---|---|---|
| Creditor Name: | MED DATA SYS | MEDICAL DATA SYSTEMS I |  |
| Account No.: | ■7348 | ■348 | ■7348 |
| Original Creditor: | MED1 02 PARKWAY MEDICAL CENTER | PARKWAY MEDICAL CENTER |  |
| Responsibility: | Individual | Individual | Individual |
| Condition: | Derogatory | Derogatory | Derogatory |
| Original Balance: | $10836 | $10836 | $10836 |

[Experian]

[Equifax] Medical

Subject has not satisfied debt.

## MID-SOUTH

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Creditor Name: | MID-SOUTH | | |
| Account No.: | ███278 | | |
| Original Creditor: | MED1 13 DECATUR NEUROLOGY PRN | | |
| Responsibility: | Individual | | |
| Condition: | Derogatory | | |
| Original Balance: | $78 | | |
| Balance: | $78 | | |
| Date Opened: | 04/24/2003 | | |
| Date Reported: | 01/07/2008 | | |

Remarks:

[TransUnion] Placed for collection

[Experian]

[Equifax]

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Creditor Name: | | | |
| Account No.: | | | ███0259 |
| Original Creditor: | | | |
| Responsibility: | | | Individual |
| Condition: | | | Derogatory |
| Original Balance: | | | $315 |
| Balance: | | | $315 |
| Date Opened: | | | 04/2003 |
| Date Reported: | | | 05/2003 |

Remarks:

[TransUnion]

[Experian]

[Equifax] Medical

Subject has not satisfied debt.

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| Creditor Name: | | | |
| Account No.: | | | ███0259 |
| Original Creditor: | | | |
| Responsibility: | | | Individual |
| Condition: | | | Derogatory |
| Original Balance: | | | $315 |
| Balance: | | | $63 |
| Date Opened: | | | 04/2003 |
| Date Reported: | | | 04/2005 |

Remarks:

[TransUnion]

[Experian]

[Equifax] Medical

Subject has not satisfied debt.

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| **Creditor Name:** | | | |
| **Account No.:** | | | ■0545 |
| **Original Creditor:** | | | |
| **Responsibility:** | | | Individual |
| **Condition:** | | | Derogatory |
| **Original Balance:** | | | $184 |
| **Balance:** | | | $184 |
| **Date Opened:** | | | 12/2002 |
| **Date Reported:** | | | 02/2003 |

**Remarks:**

[TransUnion]

[Experian]
[Equifax] Medical
Subject has not satisfied debt.

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| **Creditor Name:** | | | |
| **Account No.:** | | | ■0546 |
| **Original Creditor:** | | | |
| **Responsibility:** | | | Individual |
| **Condition:** | | | Derogatory |
| **Original Balance:** | | | $84 |
| **Balance:** | | | $84 |
| **Date Opened:** | | | 12/2002 |
| **Date Reported:** | | | 02/2003 |

**Remarks:**

[TransUnion]

[Experian]
[Equifax] Medical
Subject has not satisfied debt.

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| **Creditor Name:** | | | |
| **Account No.:** | | | ■0545 |
| **Original Creditor:** | | | |
| **Responsibility:** | | | Individual |
| **Condition:** | | | Derogatory |
| **Original Balance:** | | | $184 |
| **Balance:** | | | $94 |
| **Date Opened:** | | | 12/2002 |
| **Date Reported:** | | | 04/2005 |

**Remarks:**

[TransUnion]

[Experian]
[Equifax] Medical
Subject has not satisfied debt.

MID-SOUTH

| | TransUnion | Experian | Equifax |
|---|---|---|---|
| **Creditor Name:** | MID-SOUTH | | |
| **Account No.:** | ■306 | | |
| **Original Creditor:** | MED1 13 DR AMIT CHAKRABARTY | | |

| SEARS/CBSD | PO BOX 6189<br>SIOUX FALLS, SD 57117 | BYMAILONLY |
| SEARS/CBSD | 8725 W SAHARA AVE MC 02/02/03<br>THE LAKES , NV 89163 | |
| STUDENT LOAN PEOPLE | PO BOX 24266<br>LOUISVILLE, KY 40224 | BYMAILONLY |
| THD/CBSD | PO BOX 6003<br>HAGERSTOWN, MD 21747 | BYMAILONLY |
| THE HOME DEPOT/CBSD | PO BOX 6003<br>HAGERSTOWN , MD 21747 | |
| THE STUDENT LOAN PEOPLE | 10180 LINN STATION<br>LOUISVILLE , KY 40223 | (502) 329-7079 |
| USA GROUP LOAN SERVICES | POB 6179 MC 3225<br>INDIANAPOLIS , IN 46206 | |
| USA SERVICING COMPANY | 11100 USA PKWY<br>FISHERS, IN 46037 | BYMAILONLY |

CO.   FILE   DEPT   CLOCK   VCHR. NO.   00
YGJ   000417   000063           0000050051

# Earnings Statement

**ADP**®

PESA SWITCHING SYSTEMS INC.
103 QUALITY CIRCLE
SUITE 210
HUNTSVILLE, AL 35806

| | |
|---|---|
| Period Beginning: | 01/16/2008 |
| Period Ending: | 01/31/2008 |
| Pay Date: | 01/31/2008 |

Taxable Marital Status:   Married
Exemptions/Allowances:
    Federal:      0,Tax Blocked
    AL:             0,Tax Blocked

**G. LLOYD PHILPOT**
**503 FERRY ST. NE**
**DECATUR, AL 35601**

Social Security Number:   XXX-XX-9478

| Earnings | rate | hours | this period | year to date |
|---|---|---|---|---|
| Regular | 3125.00 | | 3,125.00 | 6,250.00 |
| **Gross Pay** | | | **$3,125.00** | 6,250.00 |

| Deductions | Statutory | | | |
|---|---|---|---|---|
| | Social Security Tax | -189.35 | | 378.70 |
| | Medicare Tax | -44.29 | | 88.57 |
| | **Other** | | | |
| | Checking | -2,720.26 | | |
| | Sec125 | -71.00* | | 142.00 |
| | Vol Life | -100.10 | | 200.20 |
| | **Net Pay** | | | **$0.00** |

**\* Excluded from federal taxable wages**

Your federal taxable wages this period are
$3,054.00

*(handwritten notes:)*
3125/2 wks
X 26 WKS
$81,250
Summer 2007
to
Summer 2008
1 Yr Project

---



THE ORIGINAL DOCUMENT HAS AN ARTIFICIAL WATERMARK ON THE BACK.   HOLD AT AN ANGLE TO VIEW WHEN CHECKING THE ENDORSEMENT.

VERIFY DOCUMENT AUTHENTICITY - COLORED AREA MUST CHANGE IN TONE GRADUALLY AND EVENLY FROM DARK AT TOP TO LIGHTER AT BOTTOM

PESA SWITCHING SYSTEMS INC.
103 QUALITY CIRCLE
SUITE 210
HUNTSVILLE, AL 35806

| | |
|---|---|
| Advice number: | 00000050051 |
| Pay date: | 01/31/2008 |

Deposited to the account of
**G. LLOYD PHILPOT**

| account number | transit ABA | amount |
|---|---|---|
| 9665 | 0620 0569 | $2,720.26 |

**THIS IS NOT A CHECK**

**NON-NEGOTIABLE**