**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

## ORDER DENYING MOTION OF SAM PALMER FOR RECONSIDERATION

Pending before the Court is a motion for reconsideration filed by Sam Palmer (ECF Doc. # 8111, the "Motion"). Through the Motion, Palmer asks the Court to reconsider its ruling sustaining the ResCap Borrower Claims Trust's objection to claim number 2761, filed by Palmer. For the reasons explained below, the Motion is **DENIED**.

The ResCap Borrower Claims Trust (the "Trust") objected to claim number 2761 (the "Claim") in the *ResCap Borrower Claims Trust's Seventy-Fifth Objection to Claims (No Liability Borrower Claims)* (the "Objection," ECF Doc. # 7552). Palmer filed a response to the Objection (the "Opposition," ECF Doc. # 7662), and the Trust filed a reply (the "Reply," ECF Doc. # 7727). The Court held a hearing on November 13, 2014; Palmer appeared by telephone. On January 13, 2014, the Court issued an opinion disallowing and expunging the Claim in its entirety (the "Opinion," ECF Doc. # 7982). Palmer filed the Motion on February 10, 2015, seeking reconsideration of the Opinion pursuant to section 502(j) of the Bankruptcy Code and Rule 3008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). The facts giving rise to Palmer's Claim are discussed in the Opinion, and familiarity with those facts is assumed here.

In the Motion, Palmer argues that the Court erred in sustaining the Trust's Objection for a number of reasons. Specifically, Palmer contends that the Court adopted the Trust's arguments

without sufficient evidence, prevented her from fully presenting her arguments at the hearing on the Objection, misinterpreted her claims and arguments, erroneously concluded that she did not adequately plead application of the delayed discovery rule, erred by accepting the truth of her judicially noticed documents, and erred in finding that the declarations in support of the Objection did not constitute hearsay evidence. (Motion at 1.)

Under section 502(j) of the Bankruptcy Code, "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). The Bankruptcy Code does not define "cause," but when deciding a motion under section 502(j), the court should:

> [a]pply the same analysis that it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), depending on whether the movant . . . sought reconsideration within [fourteen] days after the entry of the order disallowing the claim, or did so only later.

*In re Terrestar Networks, Inc.*, No. 10–15446 (SHL), 2013 WL 781613, at *2 (Feb. 28, 2013) (collecting cases). The standard applicable to a motion for reargument or reconsideration is identical to that applicable to a motion to alter or amend a judgment under Federal Rule of Civil Procedure ("FRCP") 59(e). *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007); *accord Samuel's Temple Church of God in Christ v. Parade Place, LLC (In re Parade Place, LLC)*, 508 B.R. 863, 868–69 (Bankr. S.D.N.Y. 2014) (citations omitted). Bankruptcy Rule 9023 incorporates FRCP 59 and provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment." FED. R. BANKR. P. 9023 (emphasis added). Further, Local Bankruptcy Rule 9023-1(a) provides, in relevant part:

> A motion for reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion.

2

BANKR. S.D.N.Y. R. 9023-1(a).[1]  Palmer's Motion was filed 28 days after the Court entered the Opinion, which prevents her from obtaining relief under Bankruptcy Rule 9023.  *See In re Residential Capital, LLC*, No. 12-12020 (MG), 2014 WL 1410310, at *2 (Bankr. S.D.N.Y. 2014) (citing *Terrestar*, 2013 WL 781613, at *2) (holding that movants could not obtain relief under Bankruptcy Rule 9023 where reconsideration motion was filed twenty days after opinion was entered).  The Court will therefore apply Bankruptcy Rule 9024, which incorporates FRCP 60.

FRCP 60(b) permits a court to grant relief from a final judgment or order for the following reasons:  (1) "mistake, inadvertence, surprise, excusable neglect"; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is "no longer equitable;" or (6) "any other reason that justifies relief."  FED. R. CIV. P. 60(b).  Whether to grant a motion for relief under Rule 60 is within the discretion of the court.  *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012).  A motion for relief from judgment under FRCP 60 "is generally not favored and is properly granted only upon a showing of exceptional circumstances."  *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)).  The party seeking relief under FRCP 60(b) bears the burden of proof.  *See Int'l Bhd. of Teamsters*, 247 F.3d at 391 (citation omitted).

Because Palmer is *pro se*, the Motion is held "to less stringent standards than formal pleadings drafted by lawyers . . . ."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even so, the Motion fails to identify adequate grounds for relief.  Palmer does not seek relief on the basis of any mistake, inadvertence, surprise, or excusable neglect, and she has not identified any newly discovered evidence, fraud, misrepresentation, or misconduct.  *See* FED. R. CIV. P. 60(b)(1)–(3).

---

[1]    Local Bankruptcy Rule 9023-1(a) derives from Former Local Bankruptcy Rule 13(j) and is an adaptation of Civil Rule 6.3 of the Local District Rules.  *See* BANKR. S.D.N.Y. R. 9023-1 cmt.

Nor has she identified that the judgment is void or has been satisfied, released, discharged, or is otherwise no longer equitable. *See id.* 60(b)(4)–(5). Relief under FRCP 60(b)(6) is warranted "if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) (quoting *Motco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 758–59 (2d Cir. 1981)). Palmer has not set forth any extraordinary circumstances or extreme and undue hardship required for relief under FRCP 60(b)(6). Rather, the Motion rehashes Palmer's earlier arguments and points to errors she alleges the Court made in the Opinion.

Palmer argues that the Court erred in concluding that certain of her causes of action lack merit because they are premised on allegations relating to the conduct of a non-debtor entity, Aurora Loan Services ("Aurora"), after servicing rights to Palmer's loan had been transferred from the Debtors to Aurora. (*See* Motion at 10–12.) In the Opinion, the Court noted that "the Trust did not submit any factual support for their representation that servicing rights for Palmer's Loan were transferred to Aurora in April 2008, [but] Palmer herself submitted a letter supporting the Trust's version of events." (Opinion at 13). According to Palmer, the Court erred by accepting the truth of this exhibit. (Motion at 11.) To clarify: the Court determined that the Trust rebutted the prima facie validity of the causes of action based on Aurora's actions after reviewing the assertions set forth in the proposed order attached to the Objection, which were based on a review of the Debtors' books and records, as set forth in the Horst Declaration. (*See* Horst Decl. ¶¶ 1–6; *see also* Obj. Ex. 1-A at 12.) Palmer failed to subsequently establish the validity of these claims by a preponderance of the evidence, including by attaching to her Opposition a document that contradicts her allegations. The Court did not err in referring to this document in the Opinion.

4

For the reasons explained above, Palmer's Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   April 1, 2015
         New York, New York

                 _____/s/Martin Glenn_____
                 MARTIN GLENN
                United States Bankruptcy Judge