## DESIGNATION

1. Alicia Futrell affidavit  (5) pages
2. Aegis March 9, 2001 with payment of $657.25
3. Homecomings letter to Claimant  (3) pages
4. October 23, 2009 QWR  (3) pages
5. October 30, 2009 QWR  (3) pages
6. October 23, 2011 QWR  (2) pages
7. April 4, 2012 QWR      (!) page
8. August 31, 2012 QWR   (2) pages
9. March 14, 2013 QWR    (2) pages
10. Debtor's exhibit R dated August 31, 2012
11. ~~Debtor service notes: QWR 10/30/2009 and 11/2/09 by fax~~
12. GMACM 2/8/10 from Heather MCCully
13. OCWEN April 4, 2013 letter to Claimant  (2) pages
14. Homecomings June 17, 2009 analysis with $1,249.71 shortage
15. ~~Debtor service notes for June 17, 2009 showing $1541.68 shortage~~
16. June 10, 2009 GMACM Debt Validation Letter with balance "as of June 4, 2009"(2) pages
17. June 10, 2009, Homecomings/GMACM assignment to GMACM with balance "as of"
18. Homecomings Account Statement June 3, 2009
19. GMAC Account Statement  July 3, 2009
20. GMACM Account Statement with eight entries  "PD PROP INSPECTION"
21. GMACM Account Statement with five  entries "PD PROP INSPECTION"
22. GMACM Account Statement with eight entries  "PD PROP INSPECTION"
23. GMACM Repayment Agreement with copy of check # 2998, dated 2/8/10
24. Debtor service notes for 5/3/10 for return of $355 (87/159); 6/17/09 $1541.69 shortage;
    QWR 10/30/2009; QWR 11/209 (fax); 11/24/09 escrow problems; 11/16/09 escrow
    Problems; Jena Williams, 83/159; shortage 11/21/12, 18/159; QWR acknowledgement letter
    sent Dale Buxton 9/6/12.; Msg Sent to Voice June 2, 2009 (120/159).
25. In Re Mack, 28-31
26. USDA denial (incorporate by reference) (5484-1, 1024/13, 87/87)
27. Debtor exhibit 3, addresses of *purported* QWRs', and "unknown" for October 23, 2009 QWR

RECEIVED

MAR 30 2015

U.S. BANKRUPTCY COURT, SDNY

Law:

1. 3500.17
2. 3500.21 (e )
3. Indiana Code 34-4-16.5-7                                           9
4. Hedges v Rawlings, App, 1981, 419 NE2d 224                          9
5. Mills v American Playground, App, 1980, 405 NE2d 64,               9
   reh.den, 427 NE2d 1130
6. FDCPA

STATE OF INDIANA   )
                   )
COUNTY OF JAY      )

### AFFIDAVIT OF ALLICIA FUTRELL

COMES NOW the affiant, Allicia Futrell, and says as follows:

1.  I am the spouse of the mortgagee, William J Futrell, and reside at 8391 N 550 N, Bryant IN  at all relevant times in the instant matter.
2.  I have personal knowledge of the details regarding the mortgage for the property, account number 7432626646.
3.  There was a mortgage for the real estate, where there was the contact with Homecomings Financial, where they were a GMAC company.
4.  There were issues that arose where the ability to pay the mortgage current on an ongoing basis.
5.  The servicing of the mortgage shifted to GMAC in 2009, and there was the successor entity, OCWEN, that assumed the responsibility in 2013.
6.  Homecomings Financial/GMAC sent a letter to the mortgagee, June 10, 2009, with the statement that as of June 4, 2009, the current principal balance was $71,251.99. They stated that the "...current escrow balance is $0.00, your current interest rate is 9.750%, your total monthly payment $657.25..." This was the effective beginning of the modification
7.  GMAC sent the mortgagee a Debt Validation Letter, dated June 10, 2009, with the statement that as of June 4, 2009, the total amount of the debt was $73,341,47. They stated that "...interest, late charges , legal costs and fees and other charges may be included..." It was silent on any escrow balance and/or shortage. And thereafter, in the escrow analysis of June 17, 2009, there **was** an escrow balance of $1,249.71. (    )
8.  GMAC charged **twice** for the escrow in the June 17, 2009, analysis, and a shortage that never did truly exist in the matter. Romeo, the employee of GMAC, was the contact person, he was presented with the matter, and told to disregard the entry, in June 2009.
9.  The Mortgage Account Statement of July 18, 2013, noted that the interest rate was 8.5% and the payment (principal and interest) was $656.86, (    )
10. There were charges assessed against the mortgage by OCWEN, notably for the property inspections, in the account statement of July 18, 2013, for eight (8) times for the total of $332.00. (    )
11. There were charges against the mortgage by GMAC, notably for the property inspections, in the account statement of January 10, 2011, for five (5) times at $11.25 for each. (    )
12. There were charges against the mortgage  by GMAC for more property inspections in the account statement of February 18, 2010, for a total of eight (8), for the same reference dates, and a 9th one with a different reference date. The GMAC employee, Jenna Williams, was a contact person at that time.
13. GMAC sent the mortgage a second account statement, bearing the date of February 18, 2010, which noted nine (9) property inspections, with the same reference dates. (    )
14. On the two (2) nearly identical account statements, they did not have conforming 800 contact numbers, and the figures, including but not limited to escrow and outstanding late charges were conforming.

15. There were payments to the mortgage servicer, paid within the time frames stated for payment and by the means stated. It was a condition and/or term from GMAC.

16. There was the stated amounts to be paid by Futrell, that was issued by them in an enclosure dated February 18, 2010, for three (3) payments of $355, by 3/1/10, 4/1/10 & 5/1/10. There were two (2) payments of $355 sent, but a third pay agreed payment was returned in GMAC to Futrell. Those payments were acknowledged on the GMAC account statement, in the 'Important News Box', stating, *"...Your special repayment plan request has been honored. Your next installment due is 3/1/10 in the amount of $355.00..."* in the February 18, 2010 (2 dated February 18, 2010) account statements. The check for $355 was returned May 3, 2010.

17. That check was returned to the mortgagee in correspondence dated May 3, 2010, where it was returned to the mortgagee from GMAC. Jenna Williams made an immediate demand of over $700, and if not, foreclosure would commence promptly. That payment was made, where it was paid, other parties were not paid and/or checks bounced; and were forced to pay the electronic fee to GMAC, in the amount of $12.50.

18. There was the matter of the stated agreed payments, where that included language , "...The payment received does not represent the correct amount as specified in the signed repayment agreement." (    )

19. There was no repayment that was agreed to by the mortgage, where there was a signature presented by the mortgagor, which is not the signature of the mortgage. (    )

20. A sample of the true signature of the mortgage is found on *    (    )

21. The payment was mentioned in another letter from GMAC dated April 6, 2010. (    )

22. There was the account statement from Homecomings of April 20, 2009, noting the interest rate of 9.75% and the payment of $657.25, and the total amount due in the sum of $2,702.62. (    )

23. There was the account statement from Homecomings of May 18, 2009, with the payment of $657.25, and the interest rate of 9.75% and the total amount due in the sum of $2,746.73. (    )

24. The change in the total amount due had the difference of $44.11 between April 20, 2009, and May 18, 2009.

25. Homecomings sent the mortgage correspondence dated May 4, 2009, noting the default status of the mortgage and the total amount due was $2,056.62. (    )

26. The Homecomings correspondence of June 10, 2009 (paragraph 6) had the statement that the escrow is $0.00.

27. The Homecomings Initial Escrow Account Disclosure Statement analysis of June 17, 2009, stated that the escrow $124.97 + $104.14= $229.11. This is a double incorrect escrow.

28. The Homecomings document added that to the payment, for a total of $886.36.

29. The Homecomings document included the statement, "...IF you pay the escrow shortage amount of $1,249.71, your new payment will be automatically adjusted to $782.22 effective with your August 1, 2009 payment..." (    )

30. The account statements included fees that were assessed by the mortgage servicer, yet were not explained when the explanation were requested from them.

31. Those unexplained charges from GMAC included the assessed amount of $94.72, which were noted in the GMAC account statements for June 8, 2010, July 1, 2010, September 15, 2010, October 18, 2010 and December 20, 2010. (    )

32. There were additional unexplained assessed fees, including but not limited to "PD CORP ADV 3 DRM" (3) in the June 8, 2010 account statement; and July 18, 2013 with OCWEN, with four (4) entries. (    )

33.   That same document noted the Fire insurance in the sum of $1,352.53, which was stated in the mortgage servicer paperwork with the analysis date: June 17, 2009. Jenna Williams was presented with the matter in October 2009, Jenna called the problem a *typo*, which was still not corrected promptly following that telephone conversation.

34.   There was an error in the record keeping by the mortgage service provider, where the actual issue was noted as "Fire Ins Paid" with the payment date of October 1, 2010, and the amount of $352.37. (       )

35.   The error was presented to Homecomings, where they failed and refused to correct the problem for a period of over one (1) year, to the detriment of the mortgage with regard to the mortgage service provider.

36.   The Homecomings had a second page (       ), where they stated if there were any questions concerning the escrow analysis, they provided an address to send any inquiries and the toll free number of 1-800-206-2901.

37.   That contact number was used frequently and often, speaking to different persons, where problems raised were not addressed and cleared up in a prompt and timely manner.

38.   There were Qualified Written Requests sent to the mortgage servicer, including: October 30, 2009, November 13, 2009; December 2, 2009; October 23, 2011, where this expressly mentioned the Fire insurance and the "1" that was added at the mortgage servicer (see paragraph 32-33); April 14, 2012; August 31 2012; and March 14, 2013.

39.   RESPA provides for the period of twenty (20) days in which the mortgage servicer acknowledges the qualified written request, and a response in sixty (60) days.

40.   The mortgage servicer, GMAC, acted, including but not limited to November 13, 2009, where the generic customer care number of 1-800-766-4622 was provided, with a response; December 3, 2009; and January 12, 2010, with the Loss Mitigation Department at1-800-850-4622. (       )

41.   There were Loan Modifications submitted, under the heading of the Home Affordable Modification Program, that was commenced with the, "**Congratulations!** You are eligible for a Home Affordable Modification", dated October 14, 2009. There were four (4) proposals submitted, where there was duplication in the terms and conditions, with no significant change in terms offered, be it by GMAC or OCWEN. This modification had an APR of 7.50%, however the APR in the final modification jumped to 8.50%. Incorrect escrow figures were cited by GMAC.

42.   The mortgage servicer, GMAC, that bore the statement atop, *This information is provided for your information only and has no bearing on the outcome of the modification decision.* (       )

43.   The items included *current borrowers credit score 517, property value $30,000, data collection date 4/5/12, unpaid principal balance $76,500 at origination, unpaid principal balance of the proposed Modification $82,714.71, Next Adjustable Rate Mortgage 9.75, Principal Forgiveness Amount of Proposed Modification $7,415.65, and interest rate at the proposed Modification 3.88%.* No mortgage servicer provided the noted 3.88% interest rate, forgiveness, or other.

44.   There was no matching of specific items, specifically including any forgiveness of any amount, the proposed interest rate for a Modification, and the value of the real estate.

45.   USDA noted the diminished value of the real estate, based on problems with the property; in an August 10, 2011 letter. (       )

46.   The values stated for the real estate were between $59,000 (as is) from GMAC, April 25, 2010. (       )

47.   A year later in the USDA August 10, 2011, denial letter, stated the $30,000 appraisal, but the requested financing for $76,000 was not going to happen because the property was "underwater" and the condition of the real estate. (       )

48. The denial was appealed to USDA, successfully, where USDA approved the amount of $10,000, because the other $20,000 was needed to bring the property 'up to code'.

49. GMAC was contacted, Jerimiah in liquidation at GMAC, 1-877-521-3698, ext. 8743698; and he stated the need for 'good faith estimate' from USDA, pre-approval from USDA, and borrower hardship letter, in August, 2010.The purpose was for a 'short sale' to the borrower.

50. The borrower attempted to comply, thereafter contacted GMAC, where it was learned that Jerimiah was no longer at GMAC and the present employee, Henry, said Jerimiah lied and there would be no 'short sale' to anyone, but a third party. Jerimiah stated there could be a 'short sale' to the borrower. The time frame here was August, 2010. **One month later**, there was the offer from GMAC to settle the entire matter for the price of $27,000.

51. There were contacts with GMAC, by telephone and with their different employees in different departments, employees in the same department, correspondence, including but not limited to Qualified Written Requests, and faxes to employees of GMAC and outside parties.

52. The outside parties included, the member of congress, Treasury Department (Lynn Jones), Fannie Mae (Joe Scott), during the entirety of the process in the dealings with GMAC and the prescribed process to seek to obtain a loan modification.

53. Contact with GMAC included contact with the executive office, Jenna Williams, where there were her efforts to address the multiple issues with regard to the actions of GMAC, at 319-236-5257, as of 2011. A fax number was provided, 866-502-6427, which is the same fax number for GMAC.

54. There was the matter of our credit being adversely affected, where USDA noted that there had been missed payments on the mortgage, and that was one factor considered by the USDA in their ultimate decision in the application. GMAC had made a report to the credit reporting agencies that there were multiple missed payments, contained in the credit report of myself and my spouse, that were refused by the servicer.

55. Shelia was the GMAC employee in November 2009, for the denial of the payment, with the explanation that GMAC would not accept a partial payment, where they deemed the alleged escrow shortage part of the *proper* payment that was to be paid by the borrower. She was an employee with whom the escrow shortage was discussed, but no inquiry was made by GMAC because the modification process for the borrowed had been started.

56. There were to be no adverse credit reports made during the Qualified Written Request periods, considering the purpose of the request for loan modification, where GMAC failed and refused to follow RESPA on this and other points, to our detriment.

57. There was the $1,249.71 in the June 17, 2009 document, where an employee in the escrow department stated that the shortage was from paying three (3) years of property taxes. The local assessor was called and told that they would not receive such a multiple payment of property taxes, based on their procedure.

58. There were the account statements from GMAC and OCWEN, where under *description*, they had **receipt**; but there was no (further) explanation provided in the matter. Examples are in the GMAC June 8, 2010, account statement and the OCWEN July 18, 2013, account statement.

59. There was adverse credit reporting against the credit of the borrower from the servicer, where USDA stated in their letter that there had been *11 mortgage delinquencies since 09/09*.

60. There is the fact that GMAC caused that, where GMAC refused to accept the state payment of $657.25, and demanded the payment of $886.36. There was their inclusion of an *escrow shortage* which did not really exist in the sum of $229.11. Assuming there was an escrow, it was an incorrect number.

61. There were the loan modifications sent in 2010, where the net effect of them were to save the borrower $.047 a month, and reduced the interest rate less than 2%.

62. There was a contact with Johnsey, November 2009, and was asked *what* if the loan modification was declined. His response was that the effect would revert back to the original payment of $657.25 and the escrow shortage of $1,249.71 would be due immediately.

63. That stated escrow shortage never existed, see exh. 4B, 29, from June 2009.

64. In all the time that the borrower has been dealing with the servicer, there still is lacking the exact information who is the owner of the underlying mortgage instrument; where the explanations OCWEN included *it could be JP Morgan-Chase, NY Mellon, or First Bank of New York, and no verification, in any form from any servicer, on the point.*

65. There were the substantive statements in the FDCPA portion of the Memorandum, which are true, accurate and correct.

The foregoing affidavit of Allicia Futrell was reviewed and signed under the penalty of perjury on the
20 day of October, 2013, and stated on my knowledge of the relevant facts and the review of the documentation available to the affiant, consisting of _____ pages.

Allicia Futrell
8391 N 550 W
Bryant IN 47326

# A E G I S

## MORTGAGE CORPORATION

8549 United Plaza Blvd
Baton Rouge, LA 70809
Phone: 800/725-5100

*Credit Life Inc*
*Balboa 800-868-8879*

March 9, 2001

WILLIAM J. FUTRELL
8391 N 550 W
BRYANT, IN 47326-

Aegis #        337-0005302135
Servicer #     4382951

Dear Mortgagor(s):

We are pleased to have had the opportunity to provide the financing on your home. This letter is to advise you that the servicing rights for your mortgage loan referenced above have been transferred. This transfer does not affect the terms or conditions of your mortgage loan, other than terms directly related to the servicing of your loan. Shortly, you will receive an introductory letter from your new loan servicer. During this interim period, please make your payments to:

Payments Due On/After    4/1/2001

*"interim Period"*

HOMECOMINGS FINANCIAL
P O BOX 650515
DALLAS, TX 75265
1-800-206-2901

The total payment is:

| | | |
|---|---|---|
| Principal & Interest | 657.25 | |
| Escrow | | |
| Total Payment | 657.25 | |

Please do not wait for your new coupon booklet or statement to arrive; you should make your monthly payment in the proper amount on or before the due date. In order to ensure proper posting of you payment, please make sure your loan number and property address are shown on you check or money order.

Please note, if you purchased credit life with this loan, this transfer of servicing will not affect your coverage. The coverage will continue according to your credit insurance policy. Should you have any questions or wish to file a claim, please contact Balboa Life Insurance Company at (800) 868-8879.

**The attached Notice of Assignment, Sale, or Transfer of Servicing Rights contains important information**

Homecomings                    •              Payoff Statement
800-206-2901 tel                              March 29, 2002
214-874-2699 fax

Requestor Information
William J Futrell
8391 N 550 W
Bryant, IN 47326

Mortgagor(s)
William J Futrell

THIS DOCUMENT CONTAINS PRIVILEGED AND CONFIDENTIAL INFORMATION INTENDED ONLY
FOR THE USE OF THE INDIVIDUAL OR ENTITY INDICATED ABOVE.  IF THE READER OF
THE DOCUMENT IS NOT THE INTENDED RECIPIENT OR THE EMPLOYEE OR AGENT
RESPONSIBLE FOR DELIVERING IT TO THE INTENDED RECIPIENT, YOU ARE HEREBY
NOTIFIED THAT ANY DISSEMINATION OR COPYING OF THE DOCUMENT IS STRICTLY
PROHIBITED.  IF YOU HAVE RECEIVED THIS DOCUMENT IN ERROR, PLEASE IMMEDIATELY
NOTIFY US BY TELEPHONE.  THANK YOU.

This document contains five pages in total, including the cover page.

If this loan is more than 30 days past due as of the date of this payoff
statement, there may be additional fees and costs that must be paid in
order to pay off this loan.  To obtain updated figures contact Homecomings
at 1.800.206.2901.

Homecomings reserves the right to correct any information contained in the
payoff statement at any time.

This account has been identified as containing a prepayment penalty.
Please refer to your original note and rider regarding the terms and
conditions of the penalty.

The payoff interest calculation is based upon 360 days (12 months X 30 days).
Each month is based upon a 30-day month, regardless of the number of actual
days in a month.  Therefore, if you are planning on paying off after
February 28, 2001 and the March 1 payment has NOT been paid, you must include
30 days of interest for February.  Below is the actual formula used to
calculate payoff interest.

Current Principal Balance X Current Interest Rate / 365 days = Interest Per Diem

Homecomings

**Payoff Statement**
March 29, 2002
Homecomings Loan Number 0432626646

**Current Mailing Address**
William J Futrell
8391 N 550 W
Bryant, IN 47326

**Mortgagor/Property Information**
William J Futrell
8391 N 550 W
Bryant, IN 47326

The following is the payoff information you requested. If this statement was received by a closing agent, the following information should be forwarded to the mortgagor.

Calculating your payoff....
    Since payoff figures cannot be obtained verbally, Homecomings Financial created the following worksheet to assist you in the calculation of your payoff. Our worksheet includes interest accumulated through March 29, 2002. You must, therefore, include interest from March 30 through the day that Homecomings receives your payoff. If the payoff amount is not received in full and we elect to apply the funds, a release will NOT be issued. Alternatively, short payoffs may be returned, at our option. In order to avoid a late fee and delinquency, we must have a monthly payment or payoff in full by the late charge date. Action on any delinquency will be taken without delay, regardless of a pending payoff. Your next payment is due April 1, 2002.

The payoff interest calculation is based upon 360 days (12 months X 30 days). Each month is based upon a 30-day month, regardless of the number of actual days in a month. Therefore, if you are planning on paying off after February 28, 2001 and the March 1 payment has NOT been paid, you must include 30 days of interest for February. Below is the actual formula used to calculate payoff interest.

Current Principal Balance X Current Interest Rate / 365 days = Interest Per Diem.

| | | |
|---|---|---:|
| Unpaid principal balance as of March 29, 2002 | $ | 76,046.49 |
| Interest accumulated through March 29, 2002 | $ | 597.28 |
| Prepayment Penalty (Payoff) | $ | 2,961.66 |
| | | ================ |
| Total as of March 29, 2002 | $ | 79,605.43 |
| Total as of March 29, 2002 | $ | 79,605.43 |
| Enter interest ($ 20.60 x ___ days) after Mar 29, 2002 | $ | _____ |
| Enter late charge of $ 32.86, if received after Apr 16th | $ | _____ |
| | | ================ |
| Total, if after March 29, 2002 | $ | _____ |

If a monthly payment is received after this payoff quote was issued...
    If a payment is received after March 29, 2002, update the unpaid principal balance using our automated system available to you 24 hours a day

Homecomings Payoff Statement continued. Doc. Nos.: 1 Through 10  12 Thro  Pg 10 of 53   Page 3

12-12020-mg   Doc 8413-1   Filed 03/30/15   Entered 04/01/15 16:58:18   Designated
Doc. Nos.: 1 Through 10   12 Thro   Pg 10 of 53

at 1.800.206.2901. You must also calculate interest accumulated from the
first of the prior month for which your loan is now currently due. For
example, if your April payment has been made, making your next installment
due May 1st, interest calculations should include April 1st through the day
Homecomings will receive the payoff in full.

The daily interest for your loan is $20.60.

| | |
|---|---|
| Enter updated unpaid principal balance | $_____ |
| Enter interest ($ 20.60 x ___ days) | $_____ |
| Total fees/advances/unapplied funds (see previous page) | $ 2961.66 |
| Enter Late Charge of $ 32.86, if applicable | $_____ |
| | ================ |
| Payoff Total | $_____ |

Regarding your escrow funds...

Homecomings does not maintain an escrow account for this mortgage. All
tax and insurance payments are the responsibility of the mortagagor.

THOMAS D MARGOLIS
Attorney At Law
309 N High Street
Muncie IN 47305
Telephone 765-288-0600

October **23** 2009

GMAC
3451 Hammond Ave.
P.O. Box 780
Waterloo IA 50740-0708

Re- William J Futrell
8391 B 550 W
Bryant IN 47326
Account 7432626646

Dear

There was the last correspondence where there was a demand for payment, as it
was stated to be in default. That notice was dated **9/30/09**.

| | |
|---|---|
| Payments | $1772.72 |
| Late charges | 657.20 |
| Fees costs other | 313.25 |
| Suspense | 220.53 |
| Total | 2522.64 |

Please provide and explanation for **suspense**, and where it is found in (any) paperwork.

That is to be taken in the context of the **trial period** agreement (step one of two
part documentation process). It provided for the **loan workout plan**, with **payments**
Of:   8/1/09   $730.76
        9/1/09     730.76
        10/1/09   730.76

That effective date for that agreement was 8/1/09. **Those payments were made as
per agreement.**

It was followed by a **permanent agreement** that was dated 10/14/09. In pertinent part,
the was **modification** portion. Those pertinent portions are **new principal of $72,606.53
as of 10/1/09, and the first new monthly payment die 11/1/09. The statement that the
interest rate is 7.750%, effective 10/1/09, monthly principal $579.75, escrow $150.66,
for a total payment of $730.42, with the payments due on 11/0/09 and end on
3/1/2031.**

Page 2, GMAC, William J Futrell

That has been followed up with the **current statement** of 10/19/08. In pertinent part, the content is **9.75 interest rate, current escrow balance $147.12, principal and interest $657.25. The current escrow and the principal and interest total $804.37. An escrow of $229.11 is noted.**

**There was the stated payment for $888.36.**

Please provide an explanation for the difference between the escrow of $229.11 and the current escrow of $147.12.

There was an undated document that noted a **shortage amount** of $1,249.71. It does have an **analysis date of June 17, 2009**. There is a statement *If you pay the escrow shortage of $1,249.71, your new payment will be automatically adjusted to $782.22 effective with your 8/1/09 payment.*

There was the statement to **ignore** from your representative, Romeo. It was from Homecomings Financial, a GMAC company.

That is in the context of other notices from GMAC. There are glaring contradictions between July 3, 2009 and August 14, 2009.

July 3, 2009   amount past due   $1,314.50   [which was correct to our knowledge]
August 18, 2009  amount past due   $2,200.86

Statements contain [repeated] charges, as follows:

| July 3, 2009 | property inspection fee | $11.25 | due date | 4/1/09 |
| | | 13.00 | | 4/1/09 |
| | CORP ADV 3 DRM | 83.00 | [*please explain this*] | |
| | Speedpay $7.50 charges [there is the bank charges to pay by | | | |
| | | Telephone check and from YOU] | | |
| October 19, 2009 | property inspection fee | $11.25 | | |

There was the statement that there was eight (8) years of advance payments for property taxes to Jay county, from **Eugene. The following problems are in place: 1. Jay county would not accept advance payments, much less for eight (8) years, 2. 7/1/09 was the payment of the fall taxes in the sum if $64.19, where that is something that was assumed by GMAC. The Jay County treasurer stated that it was paid by First American, where an explanation is requested for their involvement in this financial transaction. Under the circumastances, provide supporting documentation.**

Page 3, GMAC, William J Futrell

Eugene also stated that $1,591.54 was **added** onto the back of the obligation in October, 2009.

He was asked what IF the loan modification was declined, and his summary response was:

1. Pay the #1,249.71 escrow shortage
2. Pay $3,673.74 as the past due payments and late fees
3. That (2) breakdown was $981 in fees and $2,692 in past payments

Based on their calculations, your figures do not add up for the $3,673.74 total.

Their understanding remain that they are behind $1,315.50, which was stated in the July 3, 2009, statement from you.

Escrow has been an ongoing question, and there have been no satisfactory answers. There is a question of the violation of the RESPA act, if only for that point.

There is also the matter of **Late Fees**, where GMAC paperwork contradicts the oral statements. The language from your document is from the 10/14/09 **congratulations** letter.

It is, as follows:

*Congratulation. You are eligible for a Home Affordable Modification (cover page)....
New Principal Balance....if you fulfill the terms of the trial period including, but not
limited to, making any remaining trial period payments, we will waive ALL late
charges that have accrued and remain unpaid at the end of the trial period*

Late fees were added to the GMAC statement, as follows:

July 3, 2009      $591.48   [and other $290.75] [please explain the 'other']
August 18, 2009   $624.34   [and other $302.00].

Based on your GMAC documents, the sum of **$1,215.82** have been tacked on as Late Fees. It was a blatant contradiction of your GMAC documents.

### YOU ARE REQUESTED FOR:

*1.   ALL the original documents [including but not limited to the mortgage document,
truth in lending that were signed in the matter]*
*2.   State how the numbers were arrived at*
*3.   Log from GMAC noting contacts, substance of contact, and notes thereon*

Page 4, GMAC, William J Futrell

You are requested to address the issues and concerns raised in this letter.

Finally, there was a figure of $1,352.52 for **fire insurance**, in an undated statement. This was the one Romeo said to **ignore**. Should there be a credit for the same?

Copies of the documents referred to as a basis for this inquiry are enclosed. The practical deadline is **November 1 2009**. If that is a problem, it may be appropriate to have an extension of time in the matter.

Sincerely,

Thomas D Margolis

TDM/le
Cc: William J Futrell
encl



THOMAS D MARGOLIS
Attorney At Law
309 North High Street
Muncie IN 47305
Telephone 765-288-0600

0ctober 30, 2009

GMAC Mortgage
Attn- Customer Care
P.0. Box 1330
Waterloo IA   50704-1330

Re:  William J Futrell, customer
       8391 N 55 W
       Bryant IN 47362
       Account # 7432626646
       Qualified Written Request

Dear Sir::

There was the leter of October 23, 2009, regarding the matter, which was a statement
of the status of the mater, along with supporting documents.

There was no response to me, rather the customer contacted GMAC, in the Loss
Mitigation division, stated a response was sent out on October 30, 2009. It was being
sent to the customer, and is not received at this time.

There was the telephone contact with your representative, Johnsy, in the Loan
Modification  division, on Octover 30, 2009. The reason for the call was to find out
what the payment was to be made. It digressed from there. They were told that the
following:

1.  *another* person stated that the deadline to send the sign loan modification was
immediately, to be received bu October 31, 2009, or go back to square one;
2.  Another stated deadline of November 15, 2009 was stated by Johnsy;
3.  As to payment, if the modification payment was not wanted, $730.42, the **original**
payment of $886.36, would be reinstated;
4.  **The original payment was never that, rather $657.25;**
5.  *Please provide supporting documentation for paragraph 3*;
6.  IF the $657.25 was paid, *then* no modification with the obligation to pay late fees
and escrow shortages;

vhibit 11oA

Page 2, William Futrell, October 30, 2009

7.  The **October 14, 2009,** letter from GMAC congratulated them for their eligibility in the Home Affordable Modification, with page 2 words *If you fulfill the terms of the trial period including, but not limited to making any remaining trial period, we wilol waive ALL later charges* ... [you were provided with this and other supporting document];
8.  Johnsy acknowledged the mailing from me and the objections stated based on the contradiction;
9.  The customer called GMAC and followed the prompts and went lo loan counseling, John?, where he stated that the payment would be determined when it **was** received by GMAC;
10. The proffered loan modification that GMAC presented provided for **$730.42 ($579.76 principla and interest and $150.66 monthly escrow);**
11. There was a problem stated with the escrow payment $150.66, *where that is excess, and he could pay the entire obligation for $600 or less;*
12. There was the statement that GMAC was paying *homeowners insurance,* where that was not verified by any third party;
13. *You are requested to provide proof GMAC has made those stated payments for homeowners insurance, noting the amounts, dates and to whom.*

There has been the problem where the conflicting content, notably payment and interest rate.

Johnsy stated that they should *ignore* the **October 19, 2009,** mailing from GMAC, which noted in pertinent part: **interest rate of 9.75 and payment of $888.36.** She made this statement on October 30, 2009. It also contained the **Qualified Written Request** information. This is all attached.

Each of these documents were previously provided in the October 23, 2009, mailing.

There was also the undated mailing, with the only date of June 17, 2009 as an *analysis date.* It contained the fire information and the escrow shortage statement of $1,249.71. Romeo stated that they should *ignore* it. He was in the escrow department, and that is attached herein.

There was the statement that the GMAC authorization form is to be found at *Homecomings.com.* I went to that web site, where it led me to a web page, **gmacmortgage.com.** There was no evident prompt to any authorization form.

Their desire to have a loan modification under the MHA program, and as a fixed rate.

Again, Johnsy, stated that the deadline was **November 15, 2009.**

Exhibit  16 B

Page 3, William Futrell, October 30, 2009

A response from someone informed in the matter and authorized to make binding
statements is requested by **November 6, 2009**.

Please indicate what, if any, federal entity is controlling in this matter.

This is being faxed to the number provided by GMAC.  ☆ 866- 769 - 4744

Sincerely,

Thomas D Margolis

TDM/le
Encl
Cc: William Futrell

xhibit  16 C

*Sent to a different address*

THOMAS D MARGOLIS
Attorney At Law
309 North High Street
Muncie IN 47305
Telephone 765-288-0600

October 23 2011

GMAC
3451 Hammond Avenue
PO Box 780
Waterloo IA 50704-0760
Attn: Jenna Williams,

Re:   William J Futrell
      8391 N 550 W
      Bryant IN 47326
      Account # 7432626646

Dear Ms Williams:

This concerns the present status of the matter for the initial request for the loan modification, which expanded into a more complicated situation. That included the erroneous figures that were repeated, unsuccessful efforts to have corrected figures, loan modification agreements that were contradictory, confusing and misleading.

There were several people that were spoken to in different departments, where they were unresponsive and contradicted each other.

A starting point is the **Initial Escrow Account Disclosure Statement** of June 17, 2009, that was declared a problem. The **noted** figure was **$1,352.53**, where the actual figure was **$352.53**. It had the effect to raised the monthly sum from $657.25, to $886.36. [#1] There was a second sheet in the same mailing, as a cover letter. [#2] In pertinent part, ...*we may improperly classify a few contacts. If you believe that we have incorrectly classified your account, contact us at the phone number or address listed below.*

That came from Homecomings Financial LLC, which is a GMAC company.

They learned that there was the typo in January, 2010, where **you** indicated that fact to them. In the intervening time period, there were approximately 3-4 loan modifications presented. There was an either accept the modification or pay the sum of all of the late payments, late fee and pay escrow shortage of $1,249.71, in full; OR be the subject of a foreclosure action.

xhibit 17 A

Page 2, William J Futrell/GMAC

There was the notation that with the payment of the **Shortage** of $1,249.71, there
would be the payment of $782.22. [#1] In any case, it was more than the prior sum
of $657.25.

The QWR dated October 30, 2009, and the letter of October 23, 2009, detail other
concerns in this matter. They include charges that have been regularly collected, and
neither explained nor accounted for by GMAC or any company.

I was shown the response from GMAC dated November 13, 2009, where there was
no indication of a copy to Futrell. There is no recollection of the receipt of that letter
or any enclosures.

I have the following requests: **send the copy of the mortgage note, settlement
statement, mortgage, account payment history. There is the added request for the
record of GMAC for the contacts from May, 2009, to the present. That would
include but not limited to Romeo, Johnsy, LaToya, Debbie, and the different
departments that were involved in this matter. it would include the contact
person, what was presented, what the response was, and action from any person
that was either to be done, or had been done in that log.**

In the efforts to address the issues in this matter, another employee of GMAC doubted
you existed. He was responding to their statement that you had made arrangements for
them to pay $355.00 per month for three (3) months, about March, 2010. They paid the
$355 and that was returned to them as insufficient. Your response was reported to be *it
was a misunderstanding on their part, and either pay the $704 or lose the modification
and maybe have another modification.*

They have a note that on November 16, 2009, *Carmen* in escrow that a payment
of $352.37 was made to Mutual Fire in French Township. Please provide any needed
explanations in this matter, with any supporting documentations.

The **written** response is requested in fifteen (15) day, and there should be the name and
contact information from a person with the authority to

Sincerely,


Thomas D Margolis
TDM/jh
Cc:  William J Futrell

Encl.  Analysis document of June 17, 2009
         Cover letter with that notice/letters October 23, 30, December 30, 2009

vhihit  17 B

William Futrell
8391 N 550 W
Bryant IN 47326

GMAC Mortgage                                                   April 14, 2012
3451 Hammond Avenue
PO Box 780
Waterloo IA   50704
Attn: Mirela

Dear Mirela :

I have received the April 6, 2012 , letter concerning account number 7432626646,
for the property 8391 N 550 W, Bryant IN 47326.

That was sent to confirm the conversation of April 5, 2012.

There are the following questions:

1. What is the delinquent amount, with reference to paragraph 6?
2. What is this, a modification, repayment plan, other? (identify)
3. What is the principal amount of the mortgage, on which this is based?
4. What is the escrow, after the three (3) payment, assuming they are made as provided for, with reference to paragraph 5?
5. What is the interest rate, after the three (3) payment, with respect tp paragraph 5?
6. What are the payments, after the three (3) payment, with respect to paragraph 5?
7. What, if anything will be written off? And, IF so, how much? And from what?
8. What is the term of the agreement?
9. What, under this content, would be the total principal? The interest rate ? And the total interest paid under the proposal?
10. State the name of the owner of the mortgage?
11. Any other necessary disclosure in the matter? IF yes, so state them.

This may also be deemed a **Qualified Written Request** under the circumstances ?

Your prompt response is requested, in the light of the content of the April 6, 2012, letter.

Sincerely,

William J Futrell

ENCL APRIL 6 2012 ltr

xhibit 18

#8

THOMAS D MARAGOLIS
Attorney At Law
309 West Washington Street
Muncie IN 47305
Telephone 765-288-0600

August 31 2012

GMAC
3451 Hammond Avenue
PO Box 780
Waterloo IA 50704-0780
Attn:

Re:  William Futrell
8391 N 550 W
Bryant IN 47326
Account # 734262646

Dear

This is a QWR (Qualified Written Request) in the instant matter. It is an additional
request, where matters remain outstandings.

This can not be complete, where essential portions shall be highlighted herein. A
contact was made with Jenna in the Executive Offices for an agreed payment of $355.00
per month. It was memorialized in the letter dated 2/8/10, with payments to be made to
the Payment Processing Department. The agreed check was sent, dated 2/22/10. *That
was followed up with a letter from Loss Mitigation Department/Loan Servicing, where
that payment was deemed not in accordance with the agreement heretofore made.*

Two payment were accepted, before the third was returned. I sent her a letter in October,
2011. There was no actual responsive letter from her, rather a department of GMAC.

Another instance is with regard to the *escrow* where the mortgage was going from
Homecoming to GMAC, both companies under the Residential Capital umbrella.
Homecoming had the number 7432626646, and the GMAC had the number 7432626646.
Homecoming had the value $71,251.99, and GMAC had the value of $73,341.47. Both
was dated 6/10/09. Their respective addresses are both in Waterloo, IA, with different
PO boxes.

There was a notice from Homecoming on the matter of insurance, where it was noted
$1,352.53, which was not corrected for approximately 9 months. An explanation was
given, a typo. There was the referral to Balboa Insurance to address to matter, which is
also a company under Residential Capital. The initial statement was made 6/17/09.

chibit 19A

Page 2, William Futrell

There was a statement of the character of the mortgage was variable, not fixed. This is an incorrect statement, made 6/6/12.

Prior QWR's have been made, where those responsive contents were not in compliance with RESPA. In one instance, no name was given, and the number was given was 1-800-766-4622. That number is the general number got GMAC. That response was dated 11/3/09, and was contrary to RESPA. This was to Futrell.

There was a letter that was addressed to me, dated 11/13/09, had that above number and no contact person provided in that letter.

Repeated efforts were made for a loan modification, and the terms and conditions were being changed by GMAC and Homecoming, as appropriate. A new escrow analysis was requested, and there was none. The sated reason was "... Once the loan modification process is completed, a new analysis may be requested". This was in a GMAC letter dated 12/3/09.

There were loan modifications that were presented, however there were questions raised and no one in any department addressed the concerns, or provided a constructive resolution. Jenna, in the Executive Office, came the closest to a resolution, however there was no significant change in the interest rate and the difference in the existing payments and the offered payments were minimal.

The mortgagee was told by GMAC and/or Homecoming the mortgage was owned by Residential Capital, of which GMAC is a subsidiary; neither reported the value of the mortgage, notably after the stated transition date from Homecoming to GMAC heretofore referred to in this letter; the explanations were not readily understandable, and no one at GMAC was ever available to give a coherent and consistent explanation.

The compliance with RESPA, Regulation Z, Dodd-Frank requirements have been a consistent problem, where I believe that are additional requirements that have been ignored in the matter.

The request is that GMAC comply with all the controlling law, and provide all the responsive information. That would include the review of the account content in the instant matter, with appropriate remedial relief in the matter. RESPA and the other controlling law contain time frames, where GMAC should comply with the same.

Sincerely,

Thomas D Margolis
TDM/kj
Cc: William Futrell

2711 N Haskell Ave

Exhibit 19 B

#9

THOMAS MARGOLIS
Attorney At Law
125 E Charles Street  Suite 214
Muncie IN 47305
Telephone 765-288-0600

March 14, 2013

GMAC
3451 Hammond Ave.
PO Box 780
Waterloo, IA  50704
Attn: Heather McCully

Re: Qualified Written Request
    William Futrell
    8391 N 550 W
    Account # 734262646

Dear Ms. McCully

There are matters regarding the instant matter. Prior requests have been sent
concerning ongoing issues. A request was dated August 31, 2012, and those
issues included matters of escrow and different parties with GMAC responding
in contradictory and inconsistent ways.

Recent issues have been raised with regard to a modification, where the terms
of the modification. They included interest that was 8.5%, with the change to
7.88% in the proposed modification for 2/8/13. Payments were $704.56, that
included escrow to $637.90 as a proposed modified payment. The sum of
$656.86 was stated to be the principal and interest before modification.

There was an appraisal of the property in/about 2007, where the stated value
was approximately $55,000, with that modification denied because of an amount
outstanding in excess of that. In the 2013 documents that GMA has sent, there
is a stated value of $64,955. That is stated to be the basis of any proposed mod-
ification for the current period of time.

There is a statement from the USDA that the value of the property is $10,000 on
any loan therein. The reason is that the property is not up to USDA code standards,
and additional monies would have to spent for that purpose for the property.

I am informed that the USDA has made an appraisal, in the approximate sum of
$24,000. GMAC made an offer to sell the house outright for $27,000, where there
was the information in the possession of GMAC regarding his financial status.

Exhibit 20 A

Page 2, William Futrell, Qualified Written Request, March 14, 2013

The credit score noted on the GMAC documents is 496. That is incorrect, where hey were advised that his score was significantly below that 496 figure.

As to the escrow analysis from June 2009, that was the genesis of the problems. The response of GMAC was inadequate, and the problem was thereafter compound-ded.

As per the controlling law in the matter, you are requested to respond to this Qualified Written Request as provided under the law.


Sincerely,



Thomas Margolis
TDM/kj
Cc:   William Futrell

3/14
Ally fin   11.16
owed
FedR rejected capital plan
73.87  wanted to: use 96 pay off
stable  secured treasury (pref)

8341 N 550 W
Bryant IN
47326

Exhibit 20B

#10

THOMAS D MARAGOLIS
Attorney At Law
309 West Washington Street
Muncie IN 47305
Telephone 765-288-0600

Customer Care
SEP 0 4 2012
Waterloo

August  31   2012

GMAC
3451 Hammond Avenue
PO Box 780
Waterloo IA 50704-0780
Attn: President

Re:  William Futrell
     8391 N 550 W
     Bryant IN 47326
     Account # ████ 2646

Dear

This is a QWR (Qualified Written Request) in the instant matter. It is an additional request, where matters remain outstandings.

This can not be complete, where essential portions shall be highlighted herein. A contact was made with Jenna in the Executive Offices for an agreed payment of $355.00 per month. It was memorialized in the letter dated 2/8/10, with payments to be made to the Payment Processing Department. The agreed check was sent, dated 2/22/10. *That was followed up with a letter from Loss Mitigation Department/Loan Servicing, where that payment was deemed not in accordance with the agreement heretofore made.*

Two payment were accepted, before the third was returned. I sent her a letter in October, 2011. There was no actual responsive letter from her, rather a department of GMAC.

Another instance is with regard to the *escrow* where the mortgage was going from Homecoming to GMAC, both companies under the Residential Capital umbrella. Homecoming had the number ████ 6646, and the GMAC had the number ████ 6646. Homecoming had the value $71,251.99, and GMAC had the value of $73,341.47. Both was dated 6/10/09. Their respective addresses are both in Waterloo, IA, with different PO boxes.

There was a notice from Homecoming on the matter of insurance, where it was noted $1,352.53, which was not corrected for approximately 9 months. An explanation was given, a typo. There was the referral to Balboa Insurance to address to matter, which is also a company under Residential Capital. The initial statement was made 6/17/09.

GMAC Mortgage
3451 Hammond Ave
PO Box 780
Waterloo, IA 50704-0780

**GMAC Mortgage**

#12

2/8/2013

11/05/12 16:30 3  0000396 20130208 IB2ZX101 GMACDUPL 1 OZ DOM IB2ZX10000* 160276  01



WILLIAM J FUTRELL
THOMAS D MARAGOLIS, ATTORNEY AT LAW
125 E CHARLES ST
MUNCIE IN  47305-2478

RE:    Account Number        7432626646
       Property Address      8391 N 550 W
                             BRYANT IN 47326

Dear WILLIAM J FUTRELL:

We recently received your request for a Traditional loan modification.  We are not able to fulfill your request at this time for the following reason(s):

The first trial payment was not received within the first month it was due, therefore we were not able to continue with the modification review.

At this time, you may want to seek advice regarding your next steps.  We suggest you call 1.800.CALL.FHA (1.800.225.5342) to locate a HUD-certified housing counseling agency.  You may also want to call 1.888.995.HOPE (1.888.995.4673) to request assistance from a HUD-approved housing counselor.

We will continue to work with you to explore options that may be available. If you have any questions, please contact your Relationship Manager, HEATHER MCCULLY at 1-877-928-4622 extension 2368768, between the hours of 8:00 a.m. and 9:00 p.m. Monday through Friday central standard time.  If your agent is not available, one of their team members will assist you.

In addition, you may have your concerns reviewed by an independent advocate in our Executive Escalation Team.  They may be reached at 866-924-8409 Monday through Friday from 8am to 5pm CT or via email at homeowner.help@mortgagebanksite.com.

HEATHER MCCULLY
Loan Servicing



Ocwen Loan Servicing. LLC
PO Box 780
Waterloo IA 50704-0780
HELPING HOMEOWNERS IS WHAT WE DO! ™
OCWEN.MORTGAGEBANKSITE.COM

O C W E N

April 4, 2013


Thomas Margolis
Attorney At Law
125 E Charles Street Suite 214
Muncie IN  47305


RE:    Mortgager           William J Futrell
       Account Number      7432626646
       Property Address    8391 N 550 W
                           Bryant IN  47326


Dear Thomas Margolis:

This letter is in response to correspondence addressed to GMAC Mortgage, LLC (GMACM) identified as a Qualified Written Request ("QWR") for information regarding the above-referenced account dated March 14, 2013 and received in our office March 19, 2013. This loan was recently transferred from GMACM to Ocwen Loan Servicing, effective February 16, 2013. Ocwen Loan Servicing's response is based upon the available account records acquired from GMACM.

According to those records, the mortgaged property loan was modified in May 2010. A copy of the Fixed Rate Loan Modification Agreement is enclosed. The interest rate was adjusted from 9.750% to 8.50%, and the new payment with escrow effective August 1, 2010 was $705.53.

Unfortunately, we are unable to determine your specific questions or concerns regarding the servicing of the account based upon the correspondence received. We do not have record of receiving the information or appraisals from the United Stated Department of Agriculture (USDA) referenced in your correspondence. Additionally, these items would not affect a modification review.

 An escrow account was established as part of the modification review in June 2009. The analysis completed June 17, 2009 included hazard insurance of $1,352.53 and property taxes of $64.19 and $82.93.

A settlement offer of $27,000.00 was made in November 2011; however, we did not receive a response and the offer was closed. Please be advised although a FICO score may have been listed on a loss mitigation denial letter sent to the borrower, this score would not have been used in the modification review.

April 4, 2013
Account Number 7432626646
Page Two

As of the date of this letter, the account is due for the July 2011 through April 2013 payments, late charges and fees in the amount of $16,415.14.

We appreciate the opportunity to partner with you.  If you have any further questions regarding the account, please contact the account's relationship manager, Heather McCully, at 877-928-4622, select option 5, and extension number 2368768, during the hours of 8:00 am through 9:00 pm CT, Monday through Friday.

Customer Care
Loan Servicing

Enclosures

KAB

Ocwen Loan Servicing, LLC is a debt collector attempting to collect a debt and any information obtained will be used for that purpose. However, if the debt is part of an active bankruptcy case or if your personal liability on the loan has been discharged through a prior bankruptcy court issued Order of Discharge, this communication is not intended as and does not constitute an attempt to collect a debt and is provided solely for information purposes.

Homecomings Financial
A GMAC Company
PO Box 205
Waterloo, IA 50704-0205
1-800-206-2901

ATTN: *Lynn Jones*

97042-0000028-001
WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN  47326-9090

**Important Note:** In accordance with RESPA requirements, this notice is being sent as a result of the review completed on your escrow account.

### INITIAL ESCROW ACCOUNT DISCLOSURE STATEMENT

ACCOUNT NUMBER: ████████6646

PROPERTY ADDRESS:
8391 N 550 W
BRYANT IN 47326

ANALYSIS DATE: JUNE 17, 2009

---

PLEASE KEEP THIS ESCROW ANALYSIS FOR COMPARISON TO NEXT YEAR'S STATEMENT.

Section 1:

| DESCRIPTION | NEXT DUE DATE | ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT | AMOUNT(S) USED IN PRIOR ANALYSIS |
|---|---|---|---|
| FIRE | NOVEMBER 2009 | 1,352.53 | 0.00 |
| COUNTY | NOVEMBER 2009 | 64.19 | 0.00 |
| COUNTY | MAY 2010 | 82.93 | 0.00 |
| TOTAL ANNUAL DISBURSEMENTS: | | 1,499.65 | 0.00 |
| TOTAL ESCROW PAYMENT: | | 124.97 | 0.00 |

The amounts above are based on either an estimate previously provided or the amount last disbursed.

NOTE: If you pay the escrow shortage amount of $1,249.71, your new total payment will automatically be adjusted to $782.22 effective with your AUGUST 01, 2009 payment. If you do not pay the shortage, your total payment effective AUGUST 01, 2009 will be $886.36.

| Payment change: | New | Prior Analysis |
|---|---|---|
| Escrow | 124.97 | 0.00 |
| Surplus/Shortage | 104.14 | 0.00 |
| Escrow Shortage Spread 12 Months | | |
| Total | 229.11 | 0.00 |
| Principal/Interest | 657.25 | 657.25 |
| Total Payment | 886.36 | 657.25 |

Depending on the timing of when your next billing notice is released, you may not see the payment change until the following billing notice.

**For details about the difference between the old and new payment amounts, please reference the ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT and AMOUNT(S) USED IN PRIOR ANALYSIS columns listed above.**

**Any questions regarding changes in the "Estimated Amount of Next Disbursement"
should be directed to your Tax Authority and/or Insurance Company.
To reach our insurance department call: 1-800-237-6787.**

By sending your check, please be aware that you are authorizing us to use information on your check to make a one-time electronic debit to your account at the financial institution indicated on the check. This electronic debit will be for the amount of your check.

If you are utilizing a military allotment, or third-party company to make payments on your behalf, please notify your service of any payment changes.

**GMAC Mortgage**
PO Box 780
Waterloo, IA 50704-078

#16

---

### DEBT VALIDATION LETTER

---

June 10, 2009

WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN 47326-9090

RE:    Account Number:    7432626646
       Property Address:  8391 N 550 W
                          BRYANT, IN 47326

Dear William J Futrell :

You should have recently received a letter advising you that the servicing of your account has been transferred to GMAC Mortgage.  As a result of this transfer, Federal law requires that we provide you with the following information.

GMAC Mortgage is servicing your account on behalf of RESIDENTIAL FUNDING CORP, which currently owns the interest in your account.  As of June 4, 2009, the total amount of the debt is $73,341.47.  Interest, late charges, legal costs and fees and other charges may also be included in the total amount of the debt.  Please note that because interest, late charges, and other charges may continue to accrue on this debt, the total amount you pay may be greater than the amount indicated above.

Federal law provides that you have thirty (30) days after you receive this letter to dispute the validity of this debt or any part of it.  If you DO NOT wish to dispute this debt or any portion of it within this thirty-day period, we will assume the debt is valid.  If you DO wish to dispute this debt, notify us in writing within the thirty-day period and verification of the debt or a copy of a judgment against you will be provided to you by mail.  In addition, we will provide you with the name and address of your original creditor if you request it in writing within the same thirty-day period. Please send all written requests to:

    GMAC Mortgage
    Attention: Customer Care
    P.O. Box 4622
    Waterloo, IA 50704-4622

This is an attempt to collect a debt and any information obtained will be used for that purpose.

**If you have been discharged of your personal liability for repayment of this debt, be advised that any action we may take, will be taken against the property only and not against you personally.**

**As required by law, you are hereby notified that:  We may report information about your account to credit bureaus. Late payments, missed payments, or other defaults on your account may be reflected in your credit report.**

GMAC letter dated  6/04/09

hibit 28

ACCOUNT NUMBER: 7482626646

WILLIAM J FUTRELL

Dear Homeowner(s)

As you know, we are the servicer for your mortgage loan. We m...
escrow account for your loan. Part of your monthly payment is an ...
payment. We use the money from your escrow items. These ...
include property taxes, ... ... ... ...
described in your mortgage contract.

The amount of your escrow payment depends upon the way we classified your
contract. We have classified your contract as a "One Sixth Aggregate Cushion
Contract." Under this kind of contract, we have estimated the amount of your
future bills for escrow items. We have projected your account balance for the
next year. Your projected account balance will fall to 1/6 of the total amount of
your escrow bills at least once during the projected year. For example, if your
estimated bills for escrow items total $2400, your projected account balance
should drop to at least $400 (1/6 of $2400) during the projected year following
the analysis. Actual results will often differ from the projections. Differences in
amounts will be considered in your next escrow analysis.

We may improperly classify a few contracts. If you believe that we have
incorrectly classified your contract, contact us at the phone number or address
listed below.

If you have any questions concerning your escrow analysis, please contact us
at the phone number or address listed below.

GMAC Mortgage
3451 Hammond Ave.
P.O. Box 780
Waterloo, IA  50704-0780
1-800-766-4622 (Toll Free Number)

Very truly yours,

GMAC Mortgage
Escrow Analysis Department

**Homecomings Financial**
a GMAC Company
P.O. Box 205
Waterloo, IA 50704-0205

*ATTN Jones*
*Lynn Jones*

**GMAC Mortgage**
P.O. Box 780
Waterloo, IA 50704-0780

*#17*

June 10, 2009

Homecomings and GMAC Mortgage
Account Number: 7432626646

**Property Address**
8391 N 550 W
BRYANT, IN 47326

066409 15 00   0032010 20090610 EF3R0109 BrandCH 1 C2 DOM EF3R010000* 145316 LT

WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN   47326-9090

---

Dear William J Futrell :

We are writing to notify you that the servicing of your mortgage loan, that is, the right to collect payments from you, is being assigned, sold, or transferred from Homecomings Financial, LLC ("Homecomings Financial") to GMAC Mortgage, LLC (GMAC Mortgage), effective July 1, 2009.

**Please note that GMAC Mortgage and Homecomings Financial are affiliated companies. The only change to your mortgage account will be the name of your loan servicer.** Your new loan payments will be made payable to GMAC Mortgage instead of Homecomings Financial. Your account number, place for payments, and all other information relating to your mortgage loan remains the same.

*The assignment, sale, or transfer of the servicing of the mortgage loan does not affect any term or condition of the mortgage instruments, other than terms directly related to the servicing of your loan.*

Except in limited circumstances, the law requires that your present servicer send you this notice at least 15 days before the effective date of the transfer. Your new servicer must also send you this notice no later than 15 days after this effective date. In this case, all necessary information is combined in this one notice.

As of June 4, 2009 your current principal balance is $71,251.99, your current escrow balance is $0.00, your current interest rate is 9.750%, your total monthly payment is $657.25, and your next due date is 5/1/2009.

**Your present servicer is Homecomings Financial.**

Prior to July 1, 2009, if you have any questions regarding your account or the transfer of servicing, call Homecomings Financial's Customer Care Department toll free at 1-800-206-2901 between 6:00 am and 10:00 pm Central Time, Monday through Friday, and between 8:00 am and 2:00 pm Central Time, on Saturdays.

**Your new servicer will be GMAC Mortgage.**

Beginning July 1, 2009, if you have any questions regarding your account or the transfer of servicing, call GMAC Mortgage's Customer Care Department toll free at 1-800-766-4622 between 6:00 am and 10:00 pm Central Time, Monday through Friday, and between 8:00 am and 2:00 pm Central Time, on Saturdays.

**For GMAC Mortgage Customer Inquiries**

Beginning July 1, 2009, written inquiries regarding your account should be directed to GMAC Mortgage's Customer Care Correspondence Department at the following address:

> GMAC Mortgage
> PO Box 4622
> Waterloo, IA  50704-4622

**For GMAC Mortgage Customer Payments**

The mailing address for payments will not change. Payments will be processed by Homecomings Financial if received prior to July 1, 2009 and will be processed by GMAC Mortgage if received after July 1, 2009. Please send all payments due on or after that date to GMAC Mortgage at the following address:

> GMAC Mortgage
> PO Box 780
> Waterloo IA  50704-0780

or the address provided on your GMAC Mortgage billing statement.

**For Homecomings Financial Website Customer Payments**

*Exhibit 29*

#18

**CUSTOMER INFORMATION**
Name:                    William J Futrell

Account Number:                    7432626646
Home Phone #:            (260)997-6976

**PROPERTY ADDRESS**
8391 N 550 W
BRYANT            IN 47326

Homecomings Financial
A GMAC Company

Visit us at www.homecomings.com
account information or to apply on the...

*(handwritten)* ADV Deposit 730 WF
20000
INFORMATION 135330 34
#BWNIJPY
#KW75550B09672#

*(handwritten)* Confirm # 2009010320913413
1 Fee

*(handwritten)* May Mort By Phone
7-3-09        73826

WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN 47326-9090

*(handwritten)* Joke

| | |
|---|---|
| **Customer Care Inquiries:** | **1-800-206-2901** |
| **Home Financing Needs:** | **1-877-695-3633** |

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 7432626646 |
| Current Statement Date | June 03, 2009 |
| Maturity Date | March 01, 2031 |
| Interest Rate | 9.75000 |
| Current Principal Balance* | $71,251.99 |
| Current Escrow Balance | $0.00 |
| Interest Paid Year-to-Date | $2,903.98 |
| Taxes Paid Year-to-Date | $0.00 |

**For Customer Care inquiries call: 1-800-206-2901**
**For Insurance inquiries call: 1-800-237-6787**
**For Payment Arrangements call: 1-800-799-9250**

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $657.25 |
| Subsidy/Buydown | $0.00 |
| Escrow | $0.00 |
| Amount Past Due | $1,314.50 |
| Outstanding Late Charges | $591.48 |
| Other | $183.50 |
| Total Amount Due | $2,746.73 |
| Account Due Date | May 01, 2009 |

## Account Activity Since Last Statement

| Description | Due Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| PD SPEEDPAY FEE | 04/01/09 | 06/03/09 | $12.50 | | | | | | $12.50 |
| SPEEDPAY FEE | 04/01/09 | 06/03/09 | $12.50 | | | | | | $12.50 |
| Payment | 04/01/09 | 06/03/09 | $657.25 | $77.70 | $579.55 | | | | |

**\*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).**
See back for automatic payment sign-up information and other payment options.

## Important News

If you are considering a new home purchase or refinancing your existing mortgage, we are here to help.  Simply call the number above or visit our website for fast, convenient service.

**CUSTOMER INFORMATION**

| | |
|---|---|
| Name: | William J Futrell |
| Account Number: | 7432626646 |
| Home Phone #: | (260)997-6976 |

**PROPERTY ADDRESS**

8391 N 550 W
BRYANT          IN 47326

**GMAC Mortgage**

#19

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

03/23/07 00:29   0001783 20090709 IG084801 GMFRB   1 OZ DOM IG08490000* I46216  GM

#BWNHJPY
#KW75550B09672#

WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN 47326-9090

| | |
|---|---|
| Customer Care Inquiries: | 1-800-766-4622 |
| Home Financing Needs: | 1-866-690-8322 |

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed  for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 7432626646 |
| Current Statement Date | July 03, 2009 |
| Maturity Date | March 01, 2031 |
| Interest Rate | 9.75000 |
| Current Principal Balance* | $71,173.66 |
| Current Escrow Balance | $82.93- |
| Interest Paid Year-to-Date | $3,482.90 |
| Taxes Paid Year-to-Date | $82.93 |

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $657.25 |
| Subsidy/Buydown | $0.00 |
| Escrow | $229.11 |
| Amount Past Due | $1,314.50 |
| Outstanding Late Charges | $591.48 |
| Other | $290.75 |
| Total Amount Due | $3,083.09 |
| Account Due Date | June 01, 2009 |

### For questions on the servicing of your account, call 1-800-766-4622.

## Account Activity Since Last Statement

| Description | Due Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| PD SPEEDPAY FEE | 05/01/09 | 07/03/09 | $7.50 | | | | | | $7.50 |
| SPEEDPAY FEE | 05/01/09 | 07/03/09 | $7.50 | | | | | | $7.50 |
| Receipt | 05/01/09 | 07/03/09 | $73.51 | | | | | | |
| Payment | 05/01/09 | 07/03/09 | $657.25 | $78.33 | $578.92 | | | | |
| PROP INSPECTION FEE | 04/01/09 | 07/02/09 | $11.25 | | | | | | $11.25 |
| CORP ADV 3 DRM | 04/01/09 | 06/16/09 | $83.00 | | | | | | $83.00 |
| County Tax Paid | 04/01/09 | 06/15/09 | $82.93 | | | $82.93 | | | |
| PROP INSPECTION FEE | 04/01/09 | 06/05/09 | $13.00 | | | | | | $13.00 |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

## Important News

Your special Repayment Plan request has been honored.  Your next installment due is  09/01/09
in the amount of  $730.76.

As a reminder, there are no grace days on repayment plans. Any questions
you have regarding this statement or your account may be directed to the number above.

**See Reverse Side For Important Information**

#20

# GMAC Mortgage

CUSTOMER INFORMATION    PROPERTY ADDRESS

Name:                William J Futrell    8391 N 550 W
                                          BRYANT          IN 47326

Account Number:              7432626646
Home Phone #:            (260)997-6976

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

#BWNHJPY
#KW75550B09672#

WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN  47326-9090

| Customer Care Inquiries: | 1-800-766-4622 |
|---|---|
| Home Financing Needs: | 1-866-690-8322 |

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 7432626646 |
| Current Statement Date | February 18, 2010 |
| Maturity Date | March 01, 2031 |
| Interest Rate | 9.75000 |
| Current Principal Balance* | $71,015.09 |
| Current Escrow Balance | $499.49 |
| Interest Paid Year-to-Date | $0.00 |
| Taxes Paid Year-to-Date | $0.00 |

**For questions on the servicing of your account,
call 1-800-766-4622.**

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $657.25 |
| Subsidy/Buydown | $0.00 |
| Escrow | $50.83 |
| Amount Past Due | $4,956.56 |
| Outstanding Late Charges | $821.50 |
| Other | $237.22 |
| Total Amount Due | $6,723.36 |
| Account Due Date | August 01, 2009 |

## Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| PROP INSPECTION FEE | 07/01/09 | 02/03/10 | $11.25 | | | | | | $11.25 |
| PD PROP INSPECTION FEE | 07/01/09 | 02/01/10 | $1.53 | | | | | | $1.53 |
| PD PROP INSPECTION FEE | 07/01/09 | 02/01/10 | $11.25 | | | | | | $11.25 |
| PD PROP INSPECTION FEE | 07/01/09 | 02/01/10 | $11.25 | | | | | | $11.25 |
| PD PROP INSPECTION FEE | 07/01/09 | 02/01/10 | $13.00 | | | | | | $13.00 |
| PD PROP INSPECTION FEE | 07/01/09 | 02/01/10 | $11.25 | | | | | | $11.25 |
| PD PROP INSPECTION FEE | 07/01/09 | 02/01/10 | $11.25 | | | | | | $11.25 |
| PD PROP INSPECTION FEE | 07/01/09 | 02/01/10 | $11.25 | | | | | | $11.25 |
| PD PROP INSPECTION FEE | 07/01/09 | 02/01/10 | $11.25 | | | | | | $11.25 |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

Your special Repayment Plan request has been honored.  Your next installment due is  03/01/10
in the amount of  $355.00.

As a reminder, there are no grace days on repayment plans. Any questions
you have regarding this statement or your account may be directed to the number above.

xhibit 5B

**GMAC** Mortgage

#21

**CUSTOMER INFORMATION**

| | | PROPERTY ADDRESS |
|---|---|---|
| Name: | WILLIAM J FUTRELL | 8391 N 550 W |
| Account Number: | 7432626646 | BRYANT IN 47326 |
| Home Phone #: | (260)997-6976 | |

30722209 13:30:3   0007364 20110114 XA134202 GMREGX  1 OZ  DOM XA13272000F  146316   GM

WILLIAM J FUTRELL
8391 N 550 W
BRYANT IN 47326-9090



3177
705.53
2-3-11

For Customer Care inquiries call:  **1-800-766-4622**
For Insurance inquiries call:       **1-800-256-9962**

### MESSAGES

Please see your 1098 Mortgage
Interest Statement below. For your
convenience, we have printed this
information on an easily detachable
form.

**See Reverse Side For Important Information
And State Specific Disclosures**

### Account Information

| | |
|---|---|
| Account Number | 7432626646 |
| Statement Date | January 10, 2011 |
| Interest Rate | 8.50000 |
| Interest Paid Year-to-Date | $538.67 |
| Taxes Paid Year-to-Date | $0.00 |
| Escrow Balance | $143.18- |
| Principal Balance(PB)* | $75,929.67 |

### Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $656.86 |
| Subsidy/buydown | $0.00 |
| Escrow | $48.67 |
| Additional Products/Services | $0.00 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $705.53 |
| Account Due Date | February 01, 2011 |

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 01/01/11 | 01/10/11 | $705.53 | $118.19 | $538.67 | $48.67 | | | |
| PD SPEEDPAY FEE | 12/01/10 | 12/31/10 | $7.50 | | | | | | $7.50 |
| SPEEDPAY FEE | 12/01/10 | 12/31/10 | $7.50 | | | | | | $7.50 |
| PD PROP INSPECTION FEE | 12/01/10 | 12/31/10 | $11.25 | | | | | | $11.25 |
| PD PROP INSPECTION FEE | 12/01/10 | 12/31/10 | $11.25 | | | | | | $11.25 |
| PD PROP INSPECTION FEE | 12/01/10 | 12/31/10 | $11.25 | | | | | | $11.25 |
| PD PROP INSPECTION FEE | 12/01/10 | 12/31/10 | $11.25 | | | | | | $11.25 |
| PD PROP INSPECTION FEE | 12/01/10 | 12/31/10 | $11.25 | | | | | | $11.25 |

Exhibit 17

Please verify your mailing address shown below and correct any information. Make any necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

#22

## Account Information

| | |
|---|---|
| Account Number | 7432626646 |
| Statement Date | July 18, 2013 |
| Maturity Date | March 01, 2031 |
| Interest Rate | 8.50000 |
| Interest Paid Year-to-Date | $0.00 |
| Taxes Paid Year-to-Date | $117.32 |
| Escrow Balance | $0.00 |
| Principal Balance(PB)* | $75,326.06 |

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $656.86 |
| Subsidy/Buydown | $0.00 |
| Escrow | $0.00 |
| Amount Past Due | $16,421.50 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $17,078.36 |
| Account Due Date | July 01, 2011 |

For Customer Care inquiries call: **1-800-766-4622**
For Insurance inquiries call: **1-800-256-9962**
For Payment Arrangements call: **1-800-850-4622**

## Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Receipt | 06/01/11 | 06/24/13 | $332.00 | | | | | | |
| PD PROP INSPECTION FEE | 06/01/11 | 06/24/13 | $18.25 | | | | | | $18.25 |
| PD PROP INSPECTION FEE | 06/01/11 | 06/24/13 | $13.00 | | | | | | $13.00 |
| PD PROP INSPECTION FEE | 06/01/11 | 06/24/13 | $20.00 | | | | | | $20.00 |
| PD PROP INSPECTION FEE | 06/01/11 | 06/24/13 | $21.75 | | | | | | $21.75 |
| PD PROP INSPECTION FEE | 06/01/11 | 06/24/13 | $13.00 | | | | | | $13.00 |
| PD PROP INSPECTION FEE | 06/01/11 | 06/24/13 | $13.00 | | | | | | $13.00 |
| PD PROP INSPECTION FEE | 06/01/11 | 06/24/13 | $21.75 | | | | | | $21.75 |
| PD PROP INSPECTION FEE | 06/01/11 | 06/24/13 | $14.75 | | | | | | $14.75 |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

## Important News

!Attention Military Families! We are committed to doing what we can to support our customers in the military. If you or a member of your family are in the military and are experiencing a financial hardship, please contact us at 866-961-1412 or email us at Military.Families@mortgagebanksite.com to discuss your situation and identify possible alternatives.

See Reverse Side And Additional Pages For Important Information And State Specific Disclosures

PAGE 2 OF 2 PAGES
## Mail This Portion With Your Payment

Mortgage Payment Coupon

| Account Number | Due Date | Mortgage Payment | Total Amount Due | Amount Due With Late Fee if Received 15 Days AFTER Due Date | |
|---|---|---|---|---|---|
| 7432626646 | 07/01/11 | $656.86 | $17,078.36 | $656.86 | ◯ OCWEN |

WILLIAM J FUTRELL

| Please assist us in applying your payment | |
|---|---|
| Full Payment(s) | $_____ |
| ADDITIONAL Principal | $_____ |
| ADDITIONAL Escrow | $_____ |
| Late Charge | $_____ |
| Other Fees (please specify) | $_____ |
| Total Amount Enclosed | $_____ |

Sign here to receive information on monthly ACH. See back for details.

OCWEN LOAN SERVICING, LLC

xhibit 12 A p

#23

```
GMAC Mortgage, LLC                                      PAGE      1
PO Box 780                                              DATE 02/18/10


Waterloo                IA 50704-0780
                             REPAYMENT AGREEMENT-7432626646


--------------- MAIL -------------------- --------- PROPERTY ----------------

    WILLIAM J FUTRELL

    8391 N 550 W                          8391 N 550 W

    BRYANT            IN 47326            BRYANT            IN 47326

------------------------------------------------------------------------------
PMT  PLAN PMT   PLAN PMT   AMOUNT TO    AMT TO     UNAPPLIED    FIRST/LAST
NUM  DUE DATE   AMOUNT     REG PMT      LC/UNCOL   BALANCE      PMT APPLIED
---  --------   ---------- ----------   ---------- ----------   -----------
01   03/01/10    355.00        0.00        0.00      355.00
02   04/01/10    355.00E     708.08        0.00        1.92     08/09
03   05/01/10    355.00        0.00        0.00      356.92
04   06/01/10   7881.18     7080.80     1157.30        0.00     09/09 06/10




    PLAN TOTAL        8946.18

E - ESCROW CHANGE  A - ALTERNATIVE LOAN P&I CHANGE  B - BUYDOWN SUBSIDY CHANGE


000 COL 2502
```



Date Data as-of: Ma.

| Trans Added Date | Trans Type | Transaction Message | Trans User Name |
|---|---|---|---|
| 05/07/2010 | CIT | payment amount - adv 3p she has two options - | JENA JACKSON |
| 05/07/2010 | CIT | completing the trial and hopefully getting | JENA JACKSON |
| 05/07/2010 | CIT | perm mod, which will bring loan current, | JENA JACKSON |
| 05/07/2010 | DM | CANCEL ON ACCT, SHE STS SHE WILL LET HER STATES | SHANETRA CULPEPPER |
| 05/07/2010 | DM | ATTY OFFICE HANDLE, B.C SHE HAS A SIGNED | SHANETRA CULPEPPER |
| 05/07/2010 | DM | AGREEMENT, ADVS THE PREVIOUS PLAN WAS NOT SETUP | SHANETRA CULPEPPER |
| 05/07/2010 | DM | BASED ON THE MODIFICATON GUIDELINES.,,SCULPEP/6992 | SHANETRA CULPEPPER |
| 05/07/2010 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO OAAI | SHANETRA CULPEPPER |
| 05/07/2010 | DM | TT ARTP ALLICIA J. FUTRELL, ADVS REPAY PLAN AND | SHANETRA CULPEPPER |
| 05/07/2010 | DM | NEXT DUE 5/1 IAO 704.23, SHE STS SHE HAS BEEN | SHANETRA CULPEPPER |
| 05/07/2010 | DM | DEALING WITH JENNA WILLIAMS, AND SHE SETUP PLAN AS | SHANETRA CULPEPPER |
| 05/07/2010 | DM | 355.00, ADVS THAT PLAN WAS CANCELLED AND THE | SHANETRA CULPEPPER |
| 05/07/2010 | DM | 704.23 IS HER TARGET PYMT FOR THE LOAN MOD, ADVS | SHANETRA CULPEPPER |
| 05/07/2010 | DM | THE PYMT WAS DUE ON 5/1 AND AFTER 5/1 PLAN WILL | SHANETRA CULPEPPER |
| 05/07/2010 | DM | ACTION/RESULT CD CHANGED FROM OAPC TO OAAI | SHANETRA CULPEPPER |
| 05/05/2010 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 05/05/2010 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 05/05/2010 | DMD | 04/14/10 14:27:10 No answer | DAVOX INCOMING FILE |
| 05/04/2010 | DM | EARLY IND: SCORE 116 MODEL EI90S | SYSTEM ID |
| 05/03/2010 | DM | PROMISE BROKEN 05/03/10 PROMISE DT 05/01/10 | SYSTEM ID |
| 05/03/2010 | oL | WDOYCUS-PMT PROCESSING PART OF TOTAL DUE | EVELYN GONZALEZ |
| 05/03/2010 | NT | Senticheck for $355.00 to cus as: 0 of 8 pymts. | EVELYN GONZALEZ |
| 05/03/2010 | NT | due | EVELYN GONZALEZ |
| 04/29/2010 | CIT | 040 DONE 04/29/10 BY TLR 13944 | JENA JACKSON |
| 04/29/2010 | CIT | TSK TYP 246-ADVOCACY RESOLU | JENA JACKSON |
| 04/29/2010 | CIT | 040 new cit 246----conf acct on active | JENA JACKSON |
| 04/29/2010 | CIT | trial mod, nxt install due 05/01/10, last | JENA JACKSON |
| 04/29/2010 | CIT | install due 08/01/10, conf once completed, | JENA JACKSON |
| 04/29/2010 | CIT | will review for pm - adv default/breach | JENA JACKSON |
| 04/29/2010 | CIT | letters will cont as the account is | JENA JACKSON. |
| 04/29/2010 | CIT | contractually due for the 09/01/09 pymnt, if | JENA JACKSON |
| 04/29/2010 | CIT | pm approved or loan reinstated, def/breach | JENA JACKSON |
| 04/29/2010 | CIT | letters will cease, jenaw/2365257 | JENA JACKSON |
| 04/27/2010 | FSV | INSP TP R RESULTS RCVD;  ORD DT=04/15/10 | CORY STARR |
| 04/27/2010 | LMT | LMT BPO/APPRAISAL REC ADDED | CHRISTINE PRESTON |

| Trans Added Date | Trans Type | Transaction Message | Trans User Name |
|---|---|---|---|
| 06/18/2009 | DM | BREACH HOLD PLACED-EXPIRATION DATE 07/16/09 | TEMP XA1 |
| 06/18/2009 | CIT | 008 DONE 06/18/09 BY TLR 21138 | LANDON HUCK |
| 06/18/2009 | CIT | TSK TYP 316-TRIAL HMP NON-E | LANDON HUCK |
| 06/18/2009 | LMT | BPO OBTAINED    (5)  COMPLETED 06/18/00 | LANDON HUCK |
| 06/17/2009 | CIT | 008 retarget cit 316 to teller 21136 | CAMILLE WEILAND |
| 06/17/2009 | CIT | perm mod efft date: 11/09 | CAMILLE WEILAND |
| 06/17/2009 | CIT | cap amt:  82.93 | CAMILLE WEILAND |
| 06/17/2009 | CIT | shtg amt: 1,541.69 | CAMILLE WEILAND |
| 06/17/2009 | CIT | esc:pmt (1/12th):  124.97 | CAMILLE WEILAND |
| 06/17/2009 | CIT | 1/60th amt.of shtg:  25.69 | CAMILLE WEILAND |
| 06/17/2009 | VEA | ONLINE ESCROW ANALYSIS SENT TO PRINT VENDO | CAMILLE WEILAND |
| 06/17/2009 | CIT | 009 DONE 06/17/09 BY TLR 02431 | YOGESHWARI VENKATES |
| 06/17/2009 | CIT | TSK TYP 602-CASH FLOW ADDIT | YOGESHWARI VENKATES |
| 06/16/2009 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 06/16/2009 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 06/16/2009 | DMD | 06/16/09 15:10:20 MSG ANS MACH | DAVOX INCOMING FILE |
| 06/16/2009 | CIT | 008 retarget cit 316- balboa- loan changed from | KRISTINE KOWAL |
| 06/16/2009 | CIT | non escrow to escrow thank you | KRISTINE KOWAL |
| 06/16/2009 | CIT | Roxanne x 1342.            O TYPO? | KRISTINE KOWAL |
| 06/16/2009 | NT | outbound call made to advise borrower that | API CSRV |
| 06/16/2009 | Nt | complete workout package received and that we will | API CSRV |
| 06/16/2009 | NT | contact them. | API CSRV |
| 06/16/2009 | DM | B1 GAVE AUTH FOR ALECIA-VRY ALL*LIP  RFD-NONE LM | KATHY STRUBEL |
| 06/16/2009 | DM | ALERT-HOMECOMINGS LOANS-ADV STILL IN PROCESS OF | KATHY STRUBEL |
| 06/16/2009 | DM | REVEW-GAVE CORRECT NUMBER FOR HER TO CALL FOR | KATHY STRUBEL |
| 06/16/2009 | DM | UPDATES-ADV DID RECVD 08 TAX RETRN PER LG –60 TAT | KATHY STRUBEL |
| 06/16/2009 | DM | AND TO CONT TO MAKE PMT IF POSS–LC CALL LTS CREDI | KATHY STRUBEL |
| 06/16/2009 | DM | ACTION/RESULT CD CHANGED FROM BRTR TO LMDC, | KATHY STRUBEL |
| 06/16/2009 | DM | TT B1 V XREF TO LM | DEBORAH RIGEL |
| 06/16/2009 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO BRTR | DEBORAH RIGEL |
| 06/15/2009 | NT | See Previous Notes, glee1@2863 | OSMIN HERRERA |
| 06/15/2009 | CIT | 009 new cit #602, fax received: Income Tax Return, | OSMIN HERRERA |
| 06/15/2009 | CIT | Imaged as WOUT, glee1@2863 | OSMIN HERRERA |
| 06/15/2009 | CIT | 009 new cit #602, fax received: Income Tax Return, | OSMIN HERRERA |
| 06/15/2009 | CIT | Imaged as WOUT, glee1@2863 | OSMIN HERRERA |

Rescap Histories5.rep

| Trans Added Date | Trans Type | Transaction Message | Trans User Name |
|---|---|---|---|
| 10/30/2009 | DM | 1X AUTH TO SPK W/ WIFE ABT ACCT, SENT OUT AUTH | ROBERT TEAL |
| 10/30/2009 | DM | LTR, GV VERBAL AUTH FOR B1 TO SPK ON SD HE WANTS A | ROBERT TEAL |
| 10/30/2009 | DMF | QUALIFIED WRITTEN REQUEST | ROBERT TEAL |
| 10/30/2009 | DMF | ACTION/RESULT CD CHANGED FROM BRUN TO BRTR | ROBERT TEAL |
| 10/30/2009 | NT | B1 cld re: Letter mailed to customer. | ROBERT TEAL |
| 10/30/2009 | NT | Letter: 2:68 | ROBERT TEAL |
| 10/30/2009 | OL | WDOYCUS - RELEASE OF INFO COVER LTR & AU | ROBERT TEAL |
| 10/30/2009 | DM | TTB1 VFD INFO,B1 GV VERBAL AUTH FOR B1 TO SPK ON | BARBARA JONES |
| 10/30/2009 | DM | THE ACCT, SNT 3P AUTH FORM, SD HE WANTS A | BARBARA JONES |
| 10/30/2009 | DM | QUALIFIED WRITTEN REQUEST.FOR BREAKDOWN OF | BARBARA JONES |
| 10/30/2009 | DM | ESCROW.-BORR SD SNT IN QUAL WRITTEN REQUEST,WANT | BARBARA JONES |
| 10/30/2009 | DM | DETAILED INF | IARA JONES |
| 10/30/2009 | DM | PMTS. | IARA JONES |
| 10/30/2009 | DM | ACTION/RESU | IARA JONES |
| 10/30/2009 | NT | B1 cld re: Lette | IARA JONES |
| 10/30/2009 | NT | Letter: 2:68 | IARA JONES |
| 10/30/2009 | OL | WDOYCUS - F | IARA JONES |
| 10/30/2009 | DM | TT B1 VAI AD | VANDAGRIFF |
| 10/30/2009 | DM | NEW PMT WI | VANDAGRIFF |
| 10/30/2009 | DM | ADV BORROU | VANDAGRIFF |
| 10/30/2009 | DM | UP.. ADV DUE | VANDAGRIFF |
| 10/30/2009 | DM | NOT. RCVD T | VANDAGRIFF |
| 10/30/2009 | DM | HAVE TO ST/ | VANDAGRIFF |
| 10/30/2009 | DM | ACTION/RES | VANDAGRIFF |
| 10/22/2009 | FSV | INSP TYPE D | TEM ID |
| 10/22/2009 | NT | Loan on HFN | PT-DEB MCCREA |
| 10/22/2009 | NT | inspection if n | PT-DEB MCCREA |
| 10/21/2009 | DM | VAI ADVS OF ACCT STAT SPOKE WITH BR GAVE AUTH TO | SHANETRA CULPEPPER |
| 10/21/2009 | DM | SPEAK WITH WIFE ALISHA WIFE HAD QUESTIONS IN REGDS | SHANETRA CULPEPPER |
| 10/21/2009 | DM | TO MOD ADSV WILL TRANS TO MOD TEAM ADSV DID NOT | SHANETRA CULPEPPER |
| 10/21/2009 | DM | WANT TO BE TRANS ADSV WILL SIGN MOD DOCS AND SEND | SHANETRA CULPEPPER |
| 10/21/2009 | DM | BACK NO LTR 10/27 LJENKINS | SHANETRA CULPEPPER |
| 10/21/2009 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO OAAI | SHANETRA CULPEPPER |
| 10/21/2009 | DM | TT U3P ALISHA FUTRELL, XFERED TO LM. | MOSES MUNGAI |
| 10/21/2009 | DM | ACTION/RESULT CD CHANGED FROM BRTR TO OAAI | MOSES MUNGAI |

| Trans Added Date | Trans Type | Transaction Message | Trans User Name |
|---|---|---|---|
| 11/06/2009 | OL | WDOYW/DOYCUS - AUTHORIZATION CONFIRMATION | LEIGH FRAME |
| 11/05/2009 | CIT | 016 new cit 241 corr rcvd | SUSAN PARKER |
| 11/03/2009 | DM | EARLY IND: SCORE 196 MODEL EI90S | SYSTEM ID |
| 11/03/2009 | CIT | 015 new cit 241 corr rcvd | SUSAN PARKER |
| 11/03/2009 | CIT | 014 new cit 255-corr rec | JACOB HUTCHISON |
| 11/02/2009 | NF | Fax Recvd-Qualified Written Request; Initial | NOBIL JOSEPH |
| 11/02 | | rwarded to | NOBIL JOSEPH |
| 11/02 | | RR Glee1@2863 | NOBIL JOSEPH |
| 11/02 | | ial | NOBIL JOSEPH |
| 11/02 | | orwarded to | NOBIL JOSEPH |
| 11/02 | | DUT Glee1@2863 | NOBIL JOSEPH |
| 10/3 | | r10/22/09 | SYSTEM ID |
| 10/3 | | A FUTRELL ADVSD TO | JOHNSY JAYAPAL |
| 10/3 | | APPRVD ADVD TO | JOHNSY JAYAPAL |
| 10/3 | | PYMNT INCLUDS | JOHNSY JAYAPAL |
| 10/3 | | A LMDC TO LMDC | JOHNSY JAYAPAL |
| 10/3 | | A STATMNT TAT | JOHNSY JAYAPAL |
| 10/3 | | BE FORGVN & CHK | JOHNSY JAYAPAL |
| 10/3 | | DUE NOT PAID | JOHNSY JAYAPAL |
| 10/3 | | FORGVN AFTR MOD GETS | JOHNSY JAYAPAL |
| 10/3 | | PPRVL. | JOHNSY JAYAPAL |
| 10/30/2009 | DM | ACTION/RESULT CD CHANGED FROM LMDC TO LMDC | JOHNSY JAYAPAL |
| 10/30/2009 | DM | ALSO ADVSD ESCRW IS TAKECRE & DUE WILL BE SPREAD. | JOHNSY JAYAPAL |
| 10/30/2009 | DM | ADVD TO MKE FIRST PYMNT DUE FOR 11/01. A3P UNABLE | JOHNSY JAYAPAL |
| 10/30/2009 | DM | TO SEND IN THE DOCS& FUNDS ON 11/01 ADVSD TO SEND | JOHNSY JAYAPAL |
| 10/30/2009 | DM | IN BFR 11/15. ADVSD TO SEND IN THE AN AUTHR FOR | JOHNSY JAYAPAL |
| 10/30/2009 | DM | ATTRNEY HWVER LTTR IS SENT OUT ON 10/30 REGRDING | JOHNSY JAYAPAL |
| 10/30/2009 | DM | QULFY WRTTN REQST .......JOHNSY | JOHNSY JAYAPAL |
| 10/ | | M OAAI TO LMDC | JOHNSY JAYAPAL |
| 10/ | | 50 ADDED TO END OF | ROBERT TEAL |
| 10/ | | E TAXES ARE $500 AND | ROBERT TEAL |
| 10/ | | ER TO LMT. | ROBERT TEAL |
| 10/ | | M BRTR TO OAAI | ROBERT TEAL |
| 10/ | | F POSS F/C GAVE | ROBERT TEAL |

| Date | Type | Description | Trans User Name |
|---|---|---|---|
|  |  | 36 | KIM ALBERT ARAJA |
|  |  |  | DAVOX INCOMING FILE |
|  |  |  | DAVOX INCOMING FILE |
|  |  | E | DAVOX INCOMING FILE |
|  |  |  | JOHN SINK |
|  |  | D FROM LMDC TO LMDC | JOHN SINK |
|  |  |  | DAVOX INCOMING FILE |
|  |  |  | DAVOX INCOMING FILE |
|  |  | SFUL | DAVOX INCOMING FILE |
|  |  | 3 NOTES FOR RESULTS OF | JOSHUA KNEALE |
|  |  | WILLIAM/S WIFE | JOSHUA KNEALE |
| 11/24/2009 | NT | B/R does not agree with escrow on the PM Mod Docs | JOSHUA KNEALE |
| 11/24/2009 | NT | and will not sign until the situation is | JOSHUA KNEALE |
| 11/24/2009 | NT | addressed. They have informed their attorney. F | JOSHUA KNEALE |
| 11/24/2009 | NT | have sent email to responsible rep and asked rep | JOSHUA KNEALE |
| 11/24/2009 | NT | to address issue. | JOSHUA KNEALE |
| 11/23/2009 | FSV | INSP TYPE D ORDERED;   REQ CD =AUTO DELQ | SYSTEM ID |
| 11/19/2009 | CIT | 018 Open new CIT 130 - Balboa - borrower is | SHEILA CHECKETTS |
| 11/19/2009 | CIT | requesting a new analysis. The new Ins premium | SHEILA CHECKETTS |
| 11/19/2009 | CIT | is $352.37 Thank you Sheila 1380. | SHEILA CHECKETTS |
| 11/19/2009 | D28 | BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| 11/17/2009 | CIT | 017 Deleting CIT 734. Breakdown of escrow is in | CHRIS SCOTT |
| 11/17/2009 | CIT | notes from June. | CHRIS SCOTT |
| 11/17/2009 | DM | TTBR1,VAI,ADV BREACH,TAD,LC,CRD,UNAP FUNDS, LOAN | FELICIA JOHNSON |
| 11/17/2009 | DM | MOD PENDING, TTA3P ALISHA (WIFE) ASKED WHEN FORCED | FELICIA JOHNSON |
| 11/17/2009 | DM | PLACED INSUR MADE ON ACCT, ADV MRS NEED TO CL TR | FELICIA JOHNSON |
| 11/17/2009 | DM | TO ESCROW, PARTY H/U WHILE CL TR...F.JOHNSON 2532 | FELICIA JOHNSON |
| 11/17/2009 | DM | ACTION/RESULT CD CHANGED FROM LMDC TO BRUN | FELICIA JOHNSON |
| 11/17/2009 | DM | B/R CALLED AND GAVE AUTH FOR SPOUSE ALISHA | SARMISTHA CHOUDHURY |
| 11/17/2009 | DM | FUTRELL ASKED ABT THE INS DETIALS, ADV TO CONTACT | SARMISTHA CHOUDHURY |
| 11/17/2009 | DM | INS DEPT, SPOUSE WANTED TO BE TRANSFERRED TO LOAN | SARMISTHA CHOUDHURY |
| 11/17/2009 | DM | RES, XREF THE CALL, SARMI | SARMISTHA CHOUDHURY |
| 11/17/2009 | DM | ACTION/RESULT CD CHANGED FROM LMDC TO LMDC | SARMISTHA CHOUDHURY |

*[Handwritten annotation: "Shortage should" with signature]*

| Trans Added Date | Trans Type | Transaction Message | Trans User Name |
|---|---|---|---|
| 11/17/2009 | DM | B1 CALLEDIN TO KNOW THE FAX #, ADVD WITH THE | THARUN KUMAR |
| 11/17/2009 | DM | SAME... TKUMAR | THARUN KUMAR |
| 11/17/2009 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO LMDC | THARUN KUMAR |
| 11/16/2009 | NT | Auth recvd-added Mike Davis of Community | MARY GRACE CUENTA |
| 11/16/2009 | NT | Collections and Allicia J. Futrell (wife).. | MARY GRACE CUENTA |
| 11/16/2009 | NT | mgueta8976890 Imaged on ISS Case Id:4135481 | MARY GRACE CUENTA |
| 11/16/2009 | OL | WDOYWDOYCUS - AUTHORIZATION CONFIRMATION | MARY GRACE CUENTA |
| 11/16/2009 | DM | STD.WILL ESC MATTR AS B1 HS BEEN CLLNG SNCE 6/09 | JILL HESLIN |
| 11/16/2009 | | )GP IN INS COV | JILL HESLIN |
| 11/16/2009 | | ADVSD MTTR | JILL HESLIN |
| 11/16/2009 | | A3P DID NT | JILL HESLIN |
| 11/16/2009 | | STD WILL NT MKE | JILL HESLIN |
| 11/16/2009 | | N TO OAAI | JILL HESLIN |
| 11/16/2009 | | ITRELL, | JILL HESLIN |
| 11/16/2009 | | P OOC/A3P CLLD | JILL HESLIN |
| 11/16/2009 | | NVSD A3P TIL | JILL HESLIN |
| 11/16/2009 | | SKD A3P WHTHER | JILL HESLIN |
| 11/16/2009 | | T THT B1 ? ESCRW | JILL HESLIN |
| 11/16/2009 | | C TO BRUN | JILL HESLIN |
| 11/16/2009 | | | KIM BRANCH |
| 11/16/2009 | | | KIM BRANCH |
| 11/16/2009 | | | KIM BRANCH |
| 11/16/2009 | CIT | QUESTION, CUSTOMER STATES WE USED WRONG | KIM BRANCH |
| 11/16/2009 | CIT | CALCULATION FOR THE ESCROW; CAN WE GET A | KIM BRANCH |
| 11/16/2009 | CIT | BREAKDOWN OF THE ESCROW FOR THE LOAN MOD? | KIM BRANCH |
| 11/16/2009 | DM | TT B1 AND VERBALLY AUTHZD ALLICIA FUTRELL | REO VENDOR - CYPREXX |
| 11/16/2009 | DM | ..ADVSIED PM IS WORKED ON AND THEY WANT TO MAKE A | REO VENDOR - CYPREXX |
| 11/16/2009 | DM | PAYMNT...ADVISED THEY SHLD MAKE $730.76...A3P | REO VENDOR - CYPREXX |
| 11/16/2009 | DM | STATED THEY WILL MAKE A PAYNT WITHOUT CONRTBTN TO | REO VENDOR - CYPREXX |
| 11/16/2009 | DM | ESCROW...AS THE ESCROW CHARGE IS THRICE WHAT THEY | REO VENDOR - CYPREXX |
| 11/16/2009 | DM | NORMALLY PAY...SID/SABU | REO VENDOR - CYPREXX |
| 11/16/2009 | DM | ACTION/RESULT CD CHANGED FROM LMDC TO LMDC | REO VENDOR - CYPREXX |
| 11/16/2009 | NT | allicia futreil 3p wife with verbal auth ci asking | TOMAS RAGOT |

| Trans Added Date | Trans Type | Transaction Message | Trans User Name |
|---|---|---|---|
| 05/14/2010 | DM | CL BE REF TO FC..B1 BECAME ANGRY STAT'N JENA | RUFFIN FELICIA |
| 05/14/2010 | DM | WILLIAMS..TOLD HIM THAT HE CLD STILL MAKE THE | RUFFIN FELICIA |
| 05/14/2010 | DM | ACTION/RESULT CD CHANGED FROM BRUN TO OAAI | RUFFIN FELICIA |
| 05/14/2010 | DM | PYMT...AFTER READING THE ACCOUNT JENA DID NOTATE | RUFFIN FELICIA |
| 05/14/2010 | DM | THE ACCT INDICATING THIS..BC OF THIS I ACCEPTED | RUFFIN FELICIA |
| 05/14/2010 | DM | HIS PYMT AND ADV.B1 THAT AN EMAIL HAS BEEN SENT TO | RUFFIN FELICIA |
| 05/14/2010 | DM | JENA ADV'N OF THIS..ADV.B1 TT I ALSO ASKED JENA TO | RUFFIN FELICIA |
| 05/14/2010 | DM | CALL HIM ONCE CORRECTION WAS | RUFFIN FELICIA |
| 05/14/2010 | DM | MADE..RECAP..FELICIAL.. | RUFFIN FELICIA |
| 05/14/2010 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO BRUN | RUFFIN FELICIA |
| 05/13/2010 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 05/13/2010 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 05/13/2010 | DMD | 05/13/10 10:42:26 ANSWERING MACHINE | DAVOX INCOMING FILE |
| 05/13/2010 | LMT | FILE CLOSED     (7)    COMPLETED 05/13/10 | ARUL KUMAR |
| 05/13/2010 | LMT | LOSS MIT DENIED BORROWER REFUSES TO CONTRIBUTE | ARUL KUMAR |
| 05/13/2010 | LMT | TRIAL MOD FAILED    (1053) COMPLETED 05/13/10 | ARUL KUMAR |
| 05/13/2010 | LMT | PURSUE LN MODIFCATN (1000) COMPLETED 05/13/10 | ARUL KUMAR |
| 05/13/2010 | OL | WDOYLM - REPAY PLAN CANCEL | ARUL KUMAR |
| 05/11/2010 | DM | REPAY PLAN CANCELED AUTOMATIC | BRIAN FULGENCE |
| 05/10/2010 | NT | fyi—also adv a3p Alicia must have funds by | JENA JACKSON |
| 05/10/2010 | NT | 05/14/10 for trial to stay active, jenaw/2365257 | JENA JACKSON |
| 05/10/2010 | CIT | 042 DONE 05/10/10 BY TLR 13944 | JENA JACKSON |
| 05/10/2010 | CIT | TSK TYP 246-ADVOCACY RESOLU | JENA JACKSON |
| 05/10/2010 | CIT | 042 fyi—rec'd conf trial will stay intacd, even | JENA JACKSON |
| 05/10/2010 | CIT | if funds rec'd on 05/14/10--will check back on | JENA JACKSON |
| 05/10/2010 | CIT | acct to confirm funds rec'd. jenaw/2385257 | JENA JACKSON |
| 05/07/2010 | CIT | 042 fyi-snt req to kharris to conf if trial can | JENA JACKSON |
| 05/07/2010 | CIT | stay active until the 14th to give cust time | JENA JACKSON |
| 05/07/2010 | CIT | to come up with rest of may trial payment. | JENA JACKSON |
| 05/07/2010 | CIT | jenaw/2365257 | JENA JACKSON |
| 05/07/2010 | CIT | 042 new cit 246—rec'd call from a3p, adv they | JENA JACKSON |
| 05/07/2010 | CIT | will have the 704.xx needed for the may | JENA JACKSON |
| 05/07/2010 | CIT | install on 05/14 - inq if they could make | JENA JACKSON |
| 05/07/2010 | CIT | pymt then and stay on the trial, adv will | JENA JACKSON |
| 05/07/2010 | CIT | check but no guarantees, adv 3p will contact | JENA JACKSON |

| Trans Added Date | Trans Type | Transaction Message | Trans User Name |
|---|---|---|---|
| 11/21/2012 | DM | BREACH. | HEATHER MCCULLY |
| 11/21/2012 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO OAAI | HEATHER MCCULLY |
| 11/21/2012 | DM | LOSS MITIGATION DISCUSSED AND/OR FINANCIAL PACKAGE | HEATHER MCCULLY |
| 11/21/2012 | DM | SENT. INBOUND CALL | HEATHER MCCULLY |
| 11/21/2012 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO OAAI | HEATHER MCCULLY |
| 11/21/2012 | CIT | 087 cap amt: 1024.39 | DIANE VOLLENWEIDER |
| 11/21/2012 | CIT | shtg amt:  301.97 | DIANE VOLLENWEIDER |
| 11/21/2012 | CIT | esc pmt (1/12th):  50.32 | DIANE VOLLENWEIDER |
| 11/21/2012 | CIT | 1/60th amt of shtg:  5.03 | DIANE VOLLENWEIDER |
| 11/21/2012 | CIT | Monthly Hazard Insurance Amt  30.85 | DIANE VOLLENWEIDER |
| 11/21/2012 | CIT | Monthly Real Estate Tax Amt  19.47 | DIANE VOLLENWEIDER |
| 11/21/2012 | CIT | Monthly Mortgage Insurance Amt  0.00 | DIANE VOLLENWEIDER |
| 11/21/2012 | D28 | FORCED BILLING STATEMENT FROM REPORT R628 | SYSTEM ID |
| 11/20/2012 | CIT | 086 Retarget CIT#807; Escrow Reviewing for full | TERRI SMOCK-SCRIPT |
| 11/19/2012 | CIT | Decision 1 | TERRI SMOCK-SCRIPT |
| 11/19/2012 | CIT | 087 New CIT 326 Please run what if escrow | TERRI SMOCK-SCRIPT |
| 11/19/2012 | CIT | analysis; roll 2 months-effective APR 2013 and | TERRI SMOCK-SCRIPT |
| 11/19/2012 | CIT | retarget to teller 5995 when complete | TERRI SMOCK-SCRIPT |
| 11/16/2012 | CIT | 086 Opening CIT#807 Review for Traditional Mod | TIM WOODRUFF-SCRIPT |
| 11/16/2012 | CIT | 084 DONE 11/16/12 BY TLR 02571 | TIM WOODRUFF-SCRIPT |
| 11/16/2012 | CIT | TSK TYP 854-CORE CASH FLW P | TIM WOODRUFF-SCRIPT |
| 11/16/2012 | CIT | 084 Close CIT#854.  Post DTI below 25% or greater | TIM WOODRUFF-SCRIPT |
| 11/16/2012 | CIT | than 42%. | TIM WOODRUFF-SCRIPT |
| 11/16/2012 | NT | FC Sale dispute good through 12/17/12 | TIM WOODRUFF-SCRIPT |
| 11/16/2012 | NT | M020 Modification denial letter requested from | TIM WOODRUFF-SCRIPT |
| 11/16/2012 | NT | Vendor. | SCRIPT - TYLER GENT |
| 11/15/2012 | CIT | Failed HMP Decision 2 POSTDTI2 | SCRIPT - TYLER GENT |
| 11/15/2012 | CIT | 084 Retarget CIT#854, Failed HMP Decision 2 | SCRIPT - TYLER GENT |
| 11/15/2012 | CIT | sending denial letter | CLINT PETTIT |
| 11/15/2012 | CIT | 084 Retarget CIT 854 to 31282, 2nd took complete. | CLINT PETTIT |
| 11/14/2012 | NT | 2nd look income variance is 00%. | CLINT PETTIT |
| 11/14/2012 | LMT | INCOME 2ND LOOK CMPL (40)  COMPLETED 11/14/12 | SYSTEM ID |
| 11/14/2012 | FSV | INSP TP D RESULTS RCVD;  ORD DT=11/05/12 | MARY SAND-SCRIPT ID |
| 11/14/2012 | NT | Loss Mit Late Charge Suppression | SYSTEM ID |
| 11/14/2012 | NT | ON BUR RPT STATUS=N;EXPIRE DT =  11/29/12 | |

| Trans Added Date | Trans Type | Transaction Message | Trans User Name |
|---|---|---|---|
| 09/07/2012 | NT | Phone :260-997-6976 | HERBERT DIAZ |
| 09/07/2012 | NT | Time :9:00 am | HERBERT DIAZ |
| 09/07/2012 | HMP | FINANCIAL INFORMATION COLLECTED FOR HMP | HERBERT DIAZ |
| 09/07/2012 | HMP | LMT BORR FIN REC ADDED | HERBERT DIAZ |
| 09/07/2012 | CIT | 077 New CIT -854- Financial Package Rcvd, Imaged | HERBERT DIAZ |
| 09/07/2012 | CIT | as -WOUT- KSteimal 4673 | HERBERT DIAZ |
| 09/07/2012 | NT | Financial Package Rcvd, Imaged as -WOUT-, Package | HERBERT DIAZ |
| 09/07/2012 | NT | sent for review. KSteimal 4673 | HERBERT DIAZ |
| 09/07/2012 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO NOTE | HERBERT DIAZ |
| 09/06/2012 | DM | TT B1: ADVD CHECKING TO SEE IF THEY GOT THE FIN | MIRELA ALIC |
| 09/06/2012 | DM | PKG. B1 SD YES, AND HE IS IN THE PROCESS OF | MIRELA ALIC |
| 09/06/2012 | DM | COMPLETING THE DOCS. ADVD OF BRCH LTR AND ADVD | MIRELA ALIC |
| 09/06/2012 | DM | WILL FOLLOW UP ONCE THE DOCS ARE AV. | MIRELA ALIC |
| 09/06/2012 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO BRSS | MIRELA ALIC |
| 09/06/2012 | DM | LOSS_MIT_OPTIONS/HAMP_DISCUSSED | MIRELA ALIC |
| 09/06/2012 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO OAAI | MIRELA ALIC |
| 09/06/2012 | DM | OCCUPANCY_OBTAINED | MIRELA ALIC |
| 09/06/2012 | DM | ACTION/RESULT CD CHANGED FROM BRSS TO OAAI | MIRELA ALIC |
| 09/06/2012 | NT | "QWR Acknowledgement Letter sent to | DALE BUXTON |
| 09/06/2012 | NT | borrower." | DALE BUXTON |
| 09/05/2012 | OL | WDOYCorr recvd-response pending1 | DALE BUXTON |
| 09/05/2012 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| 09/05/2012 | CIT | 076 new cit 241 corr rcvd | SUSAN PARKER |
| 09/05/2012 | CIT | 076 new cit 241 corr rcvd | SUSAN PARKER |
| 09/04/2012 | CIT | 075 DONE 09/04/12 BY TLR 01504 | RACHEL KRUGER |
| 09/04/2012 | CIT | TSK TYP 155-CC TRACK - LM F | RACHEL KRUGER |
| 09/04/2012 | CIT | 075 Closing CIT 155 | RACHEL KRUGER |
| 08/31/2012 | NT | CIT 155-LM package sent | API CSRV |
| 08/30/2012 | DM | TT B1; CALLED TO SEE WHEN CUSTOMERS WILL BE | MIRELA ALIC |
| 08/30/2012 | DM | SENDING FIN PKG BACK?! B1 SD THEY NEED A NEW COPY. | MIRELA ALIC |
| 08/30/2012 | DM | SENT OUT A FIN PKG. ADVD OF BRCH LTR AND RISK OF | MIRELA ALIC |
| 08/30/2012 | DM | FCL STATUS. ADVD I WILL FOLLOW UP NEXT WEEK. | MIRELA ALIC |
| 08/30/2012 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO BRSS | MIRELA ALIC |
| 08/30/2012 | DM | LOSS_MIT_OPTIONS/HAMP_DISCUSSED | MIRELA ALIC |
| 08/30/2012 | DM | ACTION/RESULT CD CHANGED FROM OAAI TO OAAI | MIRELA ALIC |



| Trans Added Date | Trans Type | Transaction Message | Trans User Name |
|---|---|---|---|
| 06/02/2009 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 06/02/2009 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 06/02/2009 | DMD | 06/02/09 13:19:08 MSG TO VOICE | DAVOX INCOMING FILE |
| 06/02/2009 | NT | Ran cal customer appr for special forbearance plan | LOLYTA PEREZ |
| 06/02/2009 | NT | for large pymt wl fax in info | LOLYTA PEREZ |
| 06/02/2009 | CIT | 006 NEW CIT 808 please hold br customer mde pymt | LOLYTA PEREZ |
| 06/02/2009 | CIT | 657.25 appr for special forbearance plan | LOLYTA PEREZ |
| 06/02/2009 | DM | TT B1 VAI RFD ERROR IN PYMT ADV OF | LOLYTA PEREZ |
| 06/02/2009 | DM | TAD,BR,FCL,CRD,LC, WL MKE PYMT VIA 657.25+12.50FEE | LOLYTA PEREZ |
| 06/02/2009 | DM | 2009060269148678 APPR FOR 5 MONTH SPECIAL | LOLYTA PEREZ |
| 08/02/2009 | DM | FORBEARANCE PLAN ADV WL FAX IN W/O PACKET MONIQUE | LOLYTA PEREZ |
| 08/02/2009 | DM | D. | LOLYTA PEREZ |
| 06/02/2009 | DM | DFLT REASON 1 CHANGED TO: CURTAILMENT OF INCOME | LOLYTA PEREZ |
| 08/02/2009 | DM | ACTION/RESULT CD CHANGED FROM NOTE TO BRSS | LOLYTA PEREZ |
| 06/01/2009 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 06/01/2009 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 06/01/2009 | DMD | 06/01/09 15:31:03 NO ANS | DAVOX INCOMING FILE |
| 05/29/2009 | DM | AUTOMATED INTEREST ACCRUAL HOLD ACTIVE | SYSTEM ID |
| 05/29/2009 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 05/29/2009 | DMD | 05/29/09 11:43:36 NO ANS | DAVOX INCOMING FILE |
| 5/26/2009 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 5/26/2009 | DMD | 05/26/09 19:05:23 | DAVOX INCOMING FILE |
| 5/26/2009 | DMD | 05/26/09 11:14:54    LEFT MESSAGE | DAVOX INCOMING FILE |
| 5/26/2009 | DM | U3P MRS FUTRELL CI , ASKED ?S REGARDING THE FIN | KATHLEEN BERNARDINO |
| 5/26/2009 | DM | ANALYSIS FORM | KATHLEEN BERNARDINO |
| 5/26/2009 | DM | ACTION/RESULT CD CHANGED FROM BRLM TO NOTE | KATHLEEN BERNARDINO |
| 5/22/2009 | FSV | INSP TYPE D ORDERED;    REQ CD =AUTO DELQ | SYSTEM ID |
| 5/21/2009 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| 5/21/2009 | DMD | 05/21/09 08:16:15 UN-SUCCESSFUL | DAVOX INCOMING FILE |
| 5/20/2009 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |
| /20/2009 | DMD | 00/00/00 00:00:00 | DAVOX INCOMING FILE |

#25

981 F. 2d 916, 931 (7th Cir. 1992). Plaintiffs claiming civil rights violations under 42 U.S.C.

§ 1983 may also recover for emotional distress. *See Biggs v. Village of Dupo*, 892 F.2d 1298,

1304 (7th Cir. 1990). Plaintiffs who have suffered housing discrimination or civil rights

violations, the Trust argues, are likely to suffer psychological harm. Although it is possible that

a borrower may experience psychological frustration or distress due to a servicer's failure to

respond to a QWR, the Trust argues, distress is less likely and should not be compensable under

RESPA. (*See* ECF Doc. # 7118 at ¶ 20.)

The Court agrees with the Trust that the analysis does not end with the designation of

RESPA as a remedial statute. But the Court also agrees with other courts that have allowed

recovery of emotional distress damages in RESPA cases. First, although there are several district

court opinions discussing RESPA and emotional distress damages, few circuit courts have

addressed the issue. Of the circuits that have addressed the issue, two have indicated that

emotional distress damages should be allowed, while no circuit appears to have ruled that

emotional damages are *not* allowed. *See Houston v. U.S. Bank Home Mortg. Wisconsin

Servicing*, 505 Fed. App'x 543, 548, 548 n.6 (6th Cir. 2012) (remanding case for further fact

finding about alleged emotional damages arising from servicer's failure to respond to QWR and

holding that "[w]e find nothing in the text of § 2605(f), or in RESPA more broadly, to preclude

'actual damages' from including emotional damages, provided that they are adequately proven");

*Catalan*, 629 F.3d at 696 (acknowledging that GMACM conceded that RESPA allowed for

recovery of emotional distress damages). Additionally, the Eleventh Circuit explained that a

plaintiff alleging a RESPA violation "arguably may recover for non-pecuniary damages, such as

emotional distress and pain and suffering . . . ." *McLean v. GMAC Mortg. Corp.*, 398 Fed.

28

App'x 467, 471 (11th Cir. 2010) (rejecting emotional distress damages in RESPA claim because plaintiffs failed to adequately demonstrate causation).

Second, looking beyond the mere designation of RESPA as remedial, the Court still concludes that the consumers' interests at stake in RESPA warrant a consumer-oriented interpretation of "actual damages" to allow for emotional distress damages in appropriate cases. The statute requires servicers to provide a substantive response to borrowers who believe that their accounts are in error. 12 U.S.C. § 2605 (B)(ii). This information is not trivial—an error on a borrower's account can have significant consequences to a borrower, leading to improper charges, misapplied payments, or even wrongful foreclosure. The Court can imagine few things more important to borrowers than keeping their homes. Thus, interpreting "actual damages" in favor of consumers seems appropriate.

This case demonstrates exactly why responses to QWRs can be crucial. If GMACM had responded to the QWR, it could have saved all of the parties much grief. The Trust asserts that GMACM instructed its lawyer to dismiss the Foreclosure Action shortly after initiating the case in August 2009. GMACM should have been alarmed to learn from the QWR, sent in October 2009, that the Foreclosure Action was still continuing. If it had complied with its statutory duty, GMACM would have investigated and responded no later than December 28, 2009. Since GMACM had already allegedly acknowledged by telephone with Mrs. Mack that the Foreclosure Action was filed by mistake and should have be dismissed, there were no difficult or complex issues, or lender policies that could have made an appropriate response difficult or time-consuming to determine. GMACM has admitted that the Macks were not in default. What else did GMACM need to know to stop the chain of events that it set in motion? GMACM could and should have promptly investigated further, and perhaps most importantly, fired Stern, the lawyer

GMACM had hired and who failed to carry out GMACM's directive to dismiss the foreclosure
action. Instead, GMACM, by its inaction, allowed the case to linger.

None of this is to say that Mack has an easy road ahead of him. He faces an uphill battle
in demonstrating causation and damages—he must separate the emotional distress resulting from
the failure to respond to the QWR from the emotional distress due to the Foreclosure Action.
But the events here demonstrate why a borrower should be entitled to recover emotional distress
damages under RESPA. Faced with a maddening and admittedly unwarranted foreclosure, the
Macks got nothing but silence or misinformation from GMACM.

### III.    CONCLUSION

Mack may not assert against GMACM any damages relating to the commencement of the
Foreclosure Action or the decline in value of the Macks' property for which the Macks have
already been compensated by Deutsche Bank. Those claims are barred by res judicata. So, too,
are claims that the Macks could have raised in their counterclaims. The Court sustains the
Objection to the portions of the Claim arising from the initiation of the Foreclosure Action,
including allegations of (1) personal injury, (2) wrongful death, (3) malicious prosecution, (4)
intentional infliction of emotional distress, and (5) failure under RESPA to notify the Macks of a
transfer of servicing of their Loan. But Mack has alleged a plausible RESPA claim for
GMACM's failure to respond to the October 2009 QWR. The Court will deem the Proof of
Claim amended to include the QWR Claim, and the Objection to that part of the Claim is
overruled. To receive any damages for the QWR Claim, Mack must demonstrate how the
requested damages arise from GMACM's failure to respond to the QWR as opposed to its
initiation of the Foreclosure Action. This may be difficult, but Mack is entitled to make his case.

30

The Court therefore **SUSTAINS IN PART AND OVERRULES IN PART** the

Objection. Only Mack's QWR Claim survives. Counsel for the parties are directed within 14

days of the entry of this Opinion and Order to confer by telephone about the possibility of

settlement, or entering into mediation. The Court will also hold a case management and

scheduling conference, by telephone, on August 13, 2014, at 2:00 p.m. (Eastern Standard Time).

**IT IS SO ORDERED.**

Dated:  July 24, 2014
        New York, New York

_Martin Glenn_
MARTIN GLENN
United States Bankruptcy Judge

31

12-12020-mg    Doc 8315-22    Filed 03/16/15    Entered 03/16/15 16:35:27    Exhibit
12-12020-mg    Doc 845... filed 08/30/12    ... QWRs ... Pg 2 of 3 16:58:18    Designation
Doc ... Summary of Purported QWRs ... this ... Pg 2 of 53

**Purported QWRs Sent by Claimant and His Counsel**

| Letter Date | Exhibit | Address/Fax Number Listed |
|---|---|---|
| October 23, 2009 | N/A | Unknown |
| October 30, 2009 | Futrell Response, Exhibit 16 | GMAC Mortgage<br>Attn- Customer Care<br>P.O. Box 1330<br>Waterloo, IA 50704-1330 |
| October 31, 2009 | N/A | Unknown |
| November 13, 2009 | Futrell Response, Exhibit 14 | CCCS<br>Facsimile - 404-260-3342<br>Attn: Barbara Morris |
| December __, 2009[28] | Futrell Response, Exhibit 15 | GMAC 866-709-4744 Loss Mitigation;<br>Barbara Morris 404-260-3342 CCCS;<br>&<br>Lorna Ogala 240-699-3883 Fannie Mae |
| October 23, 2011 | Futrell Response, Exhibit 17 | GMAC<br>3451 Hammond Avenue<br>P.O. Box 780<br>Waterloo, IA 50704-0760<br>Attn: Jenna Williams |
| April 14, 2012 | Futrell Response, Exhibit 18 | GMAC Mortgage<br>3451 Hammond Avenue<br>P.O. Box 780<br>Waterloo, IA 50704[29]<br>Attn: Mirela |
| August 31, 2012 | Futrell Response, Exhibit 19 | GMAC<br>3451 Hammond Avenue<br>P.O. Box 780<br>Waterloo, IA 50704-0780<br>Attn: |
| March 14, 2013 | Futrell Response, Exhibit 20 | GMAC<br>3451 Hammond Avenue<br>P.O. Box 780<br>Waterloo, IA 50704 |

[28] This letter does not contain a date.
[29] The zip code is hand-written.