|  |  |
|---|---|
| **UNITED STATES BANKRUPTCY COURT**<br>**SOUTHERN DISTRICT OF NEW YORK** | |
| In re:                         )<br>                             )<br>RESIDENTIAL CAPITAL, LLC, *et al.*, )<br>                             )<br>                      Debtors. )<br>                             ) | **NOT FOR PUBLICATION**<br><br>Case No. 12-12020 (MG)<br><br>Chapter 11<br><br>Jointly Administered |

**MEMORANDUM OPINION AND ORDER OVERRULING RESCAP BORROWER
CLAIMS TRUST'S OBJECTION TO CLAIM NUMBER 960
FILED BY MICHAEL E. BOYD**

**MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the ResCap Borrower Claims Trust's (the "Trust") objection to Claim Number 960 (the "Claim") filed by Michael Boyd ("Boyd"). The Objection to the Claim is included in the *ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection," ECF Doc. # 8042).[1] The Trust argues that the Claim should be expunged based on res judicata. Boyd filed an opposition (the "Opposition," ECF Doc. # 8191)[2] and the Trust filed a reply (the "Reply," ECF Doc. # 8366).[3] The Court held a hearing on March 31, 2015 and took the Objection to the Claim under submission.

---

[1] The Objection is supported by the declarations of Kathy Priore (the "Priore Decl.," ECF Doc. # 8042-3) and Norman S. Rosenbaum (ECF Doc. # 8042-4).

[2] Boyd filed an opposition (ECF Doc. # 8190) and an amended Opposition to the Objection. The amended Opposition is operative for the purposes of this Objection and additionally objects to the ResCap Liquidating Trust's prior motion for a final decree in certain of the Debtors' cases, and purportedly acts as a "counter motion to hold case in abeyance during pendency of administrative claim before US Treasury Department." (Opp. at 1.) Because the other arguments raised in Boyd's Opposition relating to the final decree motion and his United States Treasury Department claims do not pertain to the Objection, they are not addressed in this Order. To the extent Boyd seeks to stay the Objection to his Claim until the Treasury Department claims are resolved, the requested relief is **DENIED**.

[3] The Reply is supported by the supplemental declaration of Ms. Priore (the "Priore Supp.," ECF Doc. # 8366-1).

Because Boyd has a petition for a writ of certiorari that remains pending in the United States Supreme Court (the "U.S. Supreme Court") from the United States Court of Appeals for the Ninth Circuit's (the "Ninth Circuit") affirmance of the dismissal of Boyd's complaint asserting state law claims against Debtor GMAC Mortgage, LLC ("GMACM") in the United States District Court for the Northern District of California (the "California District Court"), under the applicable California res judicata principles, there is no final judgment to which res judicata applies. Therefore, this Opinion and Order **OVERRULES** the Trust's Objection to Boyd's Claim without prejudice.

## I. BACKGROUND

### A. Boyd's Claim

Boyd's Claim relates to two separate loans (the "Loans") originated by Plaza Home Mortgage Inc. ("Plaza"): the January 16, 2007 loan secured by a mortgage on property located on Soquel Drive in Soquel, California (the "Soquel Loan"); and the December 22, 2006 loan secured by a mortgage on property located on Lakebird Drive in Sunnyvale, California (the "Lakebird Loan"). (*See* Obj. Ex. 1-A at 1; Reply ¶ 8; Priore Supp. Exs. C–F.) No Debtor owned either Loan. (Reply ¶ 8.) GMACM serviced the Soquel Loan from April 10, 2007 until servicing was transferred to Ocwen Loan Servicing LLC ("Ocwen") on February 16, 2013. (Obj. Ex. 1-A at 1; Reply ¶ 9.) GMACM serviced the Lakebird Loan from March 13, 2007 until servicing was transferred to Ocwen on February 16, 2013. (Obj. Ex. 1-A at 1; Reply ¶ 9.)

Boyd was in default on the Soquel Loan; the Soquel Loan was referred to foreclosure on February 9, 2011, and on March 1, 2011, ETS Services, LLC ("ETS"), acting as beneficiary for GMACM, recorded a notice of default. (Reply ¶ 9 (citing Priore Supp. Ex. G).) Boyd was also in default on the Lakebird Loan; it was referred to foreclosure on August 9, 2011, and on September 14, 2011, ETS recorded a notice of default. (*Id.* (citing Priore Supp. Ex. H).)

2

Boyd filed a chapter 13 bankruptcy petition in the United States Bankruptcy Court for the Northern District of California (the "California Bankruptcy Court") on December 12, 2011. (*See* Obj. Ex. 1-A at 1.) On May 14, 2014, the California Bankruptcy Court confirmed Boyd's chapter 13 plan (the "Chapter 13 Plan"), which provided for the payment of all arrears on the Loans and ongoing payments on the Loans. (*See id.*)

On September 11, 2011, Boyd filed a complaint in the California District Court, asserting California state law claims against GMACM and other defendants and seeking to invalidate the liens granted in connection with the Loans (the "California Action"). (*See id.*; Reply ¶ 12 (citing Reply Ex. 2).) The California Action was dismissed without prejudice on December 5, 2011, but Boyd filed an amended complaint on May 22, 2012, asserting state law causes of action to invalidate or contest the mortgage liens on the Soquel and Lakebird properties. (Reply ¶ 12 (citing Reply Ex. 3).) The amended complaint was dismissed with prejudice on August 22, 2012 for failure to state a claim. (*See* Obj. Ex. 1-A at 1; *id.* Ex. 5-5 at 2; Reply ¶ 13 (citing Reply Ex. 4).) Boyd appealed the dismissal to the Ninth Circuit; that court affirmed the California District Court's ruling on August 22, 2014. (*See* Obj. Ex. 1-A at 1; *id.* Ex. 5-5 at 7; Reply ¶ 13 (citing Reply Ex. 5).) Boyd's petition for rehearing of the Ninth Circuit decision (the "Petition for Rehearing") was filed on September 9, 2014 and denied on December 23, 2014. (Reply ¶ 14 (citing Reply Ex. 6).) The Ninth Circuit further ruled that it would not entertain further filings in the case. (*Id.* (citing Obj. Ex. 5).)

This Court previously overruled the Trust's objection to Boyd's Claim when the Petition for Rehearing of his appeal was pending. (*See* ECF Doc. # 7859.) Although the Petition for Rehearing was denied on December 23, 2014, Boyd filed a petition for a writ of certiorari with the U.S. Supreme Court on March 20, 2015. (Reply ¶ 16 (citing Reply Ex. 7).)

3

### B. The Parties' Arguments

The Trust objects to Boyd's Claim on the ground of res judicata, arguing that with the Ninth Circuit's denial of the Petition for Rehearing of Boyd's appeal, the judgment is now final and warrants preclusion of his Claim before this Court.  (Obj. Ex. 1-A at 1–2.)  Boyd argues that res judicata does not apply because he has filed a petition for a writ of certiorari with the U.S. Supreme Court and therefore his available remedies are not yet exhausted.  (Opp. at 8.)  The Trust argues that the petition for a writ of certiorari does not limit the res judicata effect of a final judgment under California law.  (Reply ¶¶ 25–27.)

## II. DISCUSSION

### A. The Objection to the Claim Is Overruled Without Prejudice

"The preclusive effect of a judgment is defined by claim preclusion and issue preclusion, which are collectively referred to as 'res judicata.'" *Taylor v. Sturgell*, 553 U.S. 880, 892 (2008).  The doctrine of res judicata precludes the same parties from litigating claims in a subsequent suit based on the same cause of action if there has been a final judgment on those claims.  *Id.*  Res judicata precludes "later litigation if [an] earlier decision was (1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) in a case involving the same parties or their privies, and (4) involving the same cause of action." *EDP Med. Computer Sys., Inc. v. United States*, 480 F.3d 621, 624 (2d Cir. 2007) (citing *In re Teltronics Servs., Inc.*, 762 F.2d 185, 190 (2d Cir. 1985)).  "In the bankruptcy context, [courts] ask as well whether an independent judgment in a separate proceeding would impair, destroy, challenge, or invalidate the enforceability or effectiveness of the reorganization plan." *Corbett v. MacDonald Moving Servs., Inc.*, 124 F.3d 82, 88 (2d Cir. 1997) (internal quotation marks omitted) (citing *Sure-Snap Corp. v. State St. Bank & Trust Co.*, 948 F.2d 869, 875–76 (2d Cir. 1991)).

4

Here, according to the Trust, the alleged "final" judgment is the Ninth Circuit's denial of Boyd's Petition for Rehearing in the California Action. Boyd's California Action is based on state law claims and was filed in federal court based on diversity jurisdiction; the Court must therefore apply California state law for res judicata purposes. *See Harrison v. Diamonds*, No. 14-CV-484 (VEC), 2014 WL 3583046, at *2 (S.D.N.Y. July 18, 2014) ("A federal court sitting in diversity jurisdiction determines the preclusive effect to be given a prior judgment by applying the res judicata law of the state in which the court that entered the prior judgment sat." (citing *Semtek Int'l Inc. v. Lockheed Martin Corp.*, 531 U.S. 497, 508 (2001)); *see also In re Morweld Steel Prods. Corp.*, 8 B.R. 946, 955 (W.D. Mich. 1981) ("In a diversity case, State law determines the applicability of collateral estoppel." (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).

Under California law, a judgment is not final for res judicata purposes until there is final disposition on appeal. CAL. CIV. PROC. CODE § 1049; CAL. R. CT. 8.264. When a timely petition for a writ of certiorari is filed with the U.S. Supreme Court, courts in California hold that the underlying state court decision is not final until the U.S. Supreme Court has denied the petition. *See In re Escondido W. Travelodge*, 52 B.R. 376, 381 n.11 (S.D. Cal. 1985) (stating that "a state court decision is not final until the U.S. Supreme Court has denied a petition for *certiorari*"); *see also Williams v. Bentley Motors Inc.*, No. CV 12-5685-GW (JCG), 2013 WL 3935196, at *4 (C.D. Cal. July 30, 2013) ("Res judicata also requires a final judgment on the merits. There was clearly such a final judgment here. As discussed above, the state trial court dismissed Plaintiff's 'lemon law' claims, the California Court of Appeal affirmed, and the United States Supreme Court thereafter denied the Petition for Writ of Certiorari. The Court thus finds that Plaintiffs' former suit was resolved by a final judgment on the merits." (internal citations omitted));

*Swaffield v. Univ. Ecsco Corp.*, 76 Cal. Rptr. 680, (Cal. Ct. App. 1969) ("Although the California rule is that a judgment is not final for purposes of collateral estoppel until final disposition on appeal, under federal rule which is the law of the forum, the pendency of an appeal does not suspend the operation of an otherwise final judgment for purposes of res judicata or collateral estoppel." (distinguishing the California state law rule from federal rule with respect to finality of judgments for res judicata purposes)). Because Boyd's petition for a writ of certiorari remains pending, the Ninth Circuit's denial of the Petition for Rehearing does not constitute a final judgment under California law.

  The two cases the Trust cites in support of its Objection are inapposite because both cases ultimately refer to the federal res judicata standard, which is different than California's standard. First, in *Kendrick v. City of Eureka*, the California Court of Appeal analyzed the finality of a judgment in a case involving claims arising under federal law and supplemental state law claims, 98 Cal. Rptr. 2d 153, 155 (Cal. Ct. App. 2000)—such procedural posture requires the application of the federal res judicata standard, not the state standard, *see In re Residential Capital, LLC*, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014) ("When federal jurisdiction in a prior case is based on federal question jurisdiction, with the court exercising supplemental—not diversity—jurisdiction over the plaintiff's remaining claims, federal preclusion doctrine applies." (citing cases)). Second, in *Sacramento County Department of Social Welfare v. Javier (In re Christy L)*, though the California Court of Appeal was discussing the finality of a judgment under California Civil Code section 232 declaring a child free from the parents' custody and control, the court relied on case law interpreting the federal standard for the finality of judgments. *See* 187 Cal. App. 3d 753, 759 (Cal. Ct. App. 1986) (citing *State v. Super. Ct. of Sacramento Cnty.*, 150 Cal. App. 3d 848, 859 n.9 (Cal. Ct. App. 1984) (stating that two Ninth Circuit decisions in cases involving

6

Federal Tort Claims Act, 28 U.S.C. § 2671 *et seq.*, claims were final despite the U.S. Supreme Court's grant of petition for writ of certiorari in both cases)).

Applying the California res judicata standard, Boyd's petition for a writ of certiorari in relation to the California Action renders the Ninth Circuit's denial of Boyd's Petition for Rehearing not final.  Therefore, the Objection, grounded in res judicata, is **OVERRULED**.

### B.    If Certiorari Is Denied, the Trust May Renew Its Objection Based on Res Judicata

Assuming the petition for writ of certiorari is denied, the Trust may renew its Objection to Boyd's Claim based on res judicata.

### III.    CONCLUSION

For the foregoing reasons, the Court **OVERRULES** the Objection with respect to Boyd's Claim without prejudice.

**IT IS SO ORDERED.**

Dated:    April 3, 2015
        New York, New York

*Martin Glenn*
MARTIN GLENN
United States Bankruptcy Judge