**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, *et al*., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## ORDER IMPOSING SANCTIONS PURSUANT TO FEDERAL RULE OF BANKRUPTCY PROCEDURE 9011 AGAINST PABLO E. BUSTOS, ESQ.

Conrad P. Burnett Jr. ("Burnett") filed proofs of claim numbers 345, 3743, and 7413 against the Debtors in these chapter 11 proceedings.  Each of these claims was filed by Burnett as a *pro se* litigant.  Burnett subsequently retained Pablo E. Bustos, Esq. ("Bustos") of Bustos & Associates, P.C. as counsel.

The ResCap Borrower Claims Trust (the "Trust") filed an objection to Burnett's proofs of claim numbers 345 and 3743, asserting that the Debtors are not liable to Burnett on account of any of Burnett's purported theories of relief (the "Objection," ECF Doc. # 7922).[1]  Bustos filed an opposition to the Objection on behalf of Burnett (the "Opposition," ECF Doc. # 7938).[2]  The Trust then filed a reply (the "Reply," ECF Doc. # 8068).[3]  The Court held a hearing on the Objection on February 11, 2015 (the "Hearing") and took the Objection under submission. Bustos failed to appear at the Hearing on behalf of his client, Burnett.

---

[1]    The Objection is supported by the declarations of Kathy Priore (the "Priore Decl.," ECF Doc. # 7922-2) and Norman S. Rosenbaum (the "Rosenbaum Decl.," ECF Doc. # 7922-3).

[2]    The Opposition is supported by the affidavit of David M. Petrovich, the Executive Director for the non-profit housing advocacy Society for the Prevention of Continued Homeownership, a New Jersey 501(c)(3) corporation (the "Petrovich Aff.," ECF Doc. # 8036).

[3]    The Reply is supported by the supplemental declaration of Kathy Priore (the "Priore Supp.," ECF Doc. # 8068-1).

On February 26, 2015, the Court issued a memorandum opinion and order sustaining in part and overruling in part the Objection (the "Opinion," ECF Doc. # 8206).[4]  That Opinion is incorporated in this Order.  With specific regard to Bustos's filing, the Court held

> Bustos, on behalf of Burnett, asserts eleven Affirmative Defenses in the Opposition. . . .[Bustos] fails to establish that any of the Affirmative Defenses actually support the Claims; not one provides even an inkling of a viable form of relief.  The Court concludes that the Affirmative Defenses are frivolous, untimely, unsubstantiated by the evidence in the record before the Court, and/or unsupported by current or applicable law, existing law, or by a nonfrivolous argument for the extension, modification, or reversal of existing law or the establishment of new law.  It is evident that Burnett's attorney did not adequately research these defenses and has attempted to throw anything at the wall in hopes that something may stick.  Needless to say, *nothing sticks!*

(Opinion at 16.)

On the same day it issued the Opinion, the Court entered an order to show cause (the "OTSC," ECF Doc. # 8207) why the Court should not impose sanctions against Bustos pursuant to Federal Rule of Bankruptcy Procedure 9011 ("Bankruptcy Rule 9011") in light of the Court's ruling with respect to the Opposition Bustos filed on Burnett's behalf.  The OTSC ordered that Bustos file a response to the OTSC, addressing each of the eleven Affirmative Defenses asserted in the Opposition and why each Affirmative Defense does not constitute a violation of Bankruptcy Rule 9011.  (*Id.*)  The OTSC further ordered that the Trust file a reply to Bustos's

---

[4]      Burnett is no stranger to the docket in these chapter 11 proceedings.  Burnett has also filed two adversary proceedings against the Debtors (*see* Adv. Proc. Nos. 12-0249, 15-01044) and sought leave to amend and for immediate payment of Claim Number 7413 on more than one occasion (*see, e.g.*, ECF Doc. ## 7523, 7658, 7710).  The parties stipulated to voluntarily dismiss the first adversary proceeding.  (*See* Adv. Proc. No. 12-0249, ECF Doc. # 9.)  The Court denied the immediate payment motion Bustos filed on behalf of Burnett without prejudice to the parties' respective rights to adjudicate Burnett's claims.  (*See* ECF Doc. # 7823.)  The Court expunged Burnett's Claim Number 7413 upon the Trust's Seventy-Ninth Omnibus Objection.  (*See* ECF Doc. # 8037.)  On behalf of his client, Bustos filed a motion for leave to amend the claim in lieu of an opposition to that objection; the Court's Order expunging the claim also denied the motion.  (*See id.*)  The second adversary proceeding was filed by Bustos on behalf of Burnett during the hearing on the Objection, which Bustos failed to attend.  (*See* Adv. Proc. No. 15-01044, ECF Doc. #1.)  Bustos filed a notice of withdrawal of this adversary proceeding on April 2, 2015.  (*See* ECF Doc. # 8419.)

response and that Bustos and counsel for the Trust appear in person at the scheduled hearing on

the OTSC on March 31, 2015 at 10:00 a.m. (*Id.*)

Bustos filed his response to the OTSC (the "Response," ECF Doc. # 8313), supported by

the declaration of Dennis J. Huelbig Jr. (the "Huelbig Declaration"), who purports to be Bustos's

"legal assistant" (*id.* at 4). The Response asserts that he "was brought in [by his client] to

forward certain arguments. What those arguments are is not germane to this motion, but in

general [he] believed them to have merit, to not be frivolous, and that they could be settled

without, relatively speaking, more protracted litigation." (*Id.* at 1.) The Response indicates that

he had a "scheduling conflict" with the prior Hearing on the Objection and mistakenly believed

that failing to appear before this Court "was not a problem." (*Id.* at 2.) The Response further

states that Bustos has advised Burnett to seek the assistance of different counsel.[5] (*Id.*) Neither

the Response nor the Huelbig Declaration addresses, as the Court ordered, the eleven

Affirmative Defenses asserted in the Opposition or why any, let alone each, of the Affirmative

Defenses does not constitute a violation of Bankruptcy Rule 9011.

The Trust filed a reply (the "OTSC Reply," ECF Doc. # 8373) to the Response, pointing

out Bustos's failure to comply with the OTSC in failing to address the merits of the Affirmative

Defenses and arguing that sanctions are warranted (*id.* at 2–3).

The Court held the hearing on the OTSC on March 31, 2015 at 10:00 a.m. (the "OTSC

Hearing"). Bustos appeared for the OTSC Hearing, but appeared late.[6] The Court advised

---

[5]     Burnett also filed a letter in response to the OTSC stating that he would like to keep Bustos as his counsel
to pursue his claims in this Court (the "Letter," ECF Doc. # 8371). The Letter further indicates that Burnett has paid
more than $11,000.00 for paperwork and attorney's fees to pursue his claims thus far, and that Bustos has failed to
provide invoices for services rendered to date to Burnett, despite Burnett's request. (*Id.* at 1.) This Order does not
resolve any issues between Bustos and Burnett regarding fees charged or collected. Nor does this Order relieve
Bustos as counsel of record for Burnett in the ResCap bankruptcy case.

[6]     Initially, the Court held the OTSC Hearing before Bustos had appeared in Court, as well as the initial pre-
trial conference in the second adversary proceeding Bustos filed on behalf of Burnett. Due to his failure to appear,

Bustos that he had not complied with the Court's OTSC in failing to address each of the eleven

Affirmation Defenses in his Response and requested that he address each of them on the record

during the hearing.  Bustos acknowledged that he failed to address the Affirmative Defenses in

the Response and stated that he could not address the merits of each off the top of his head at the

OTSC Hearing.  The Court inquired whether Bustos did any legal research in drafting the

Opposition and formulating the Affirmative Defenses.  Bustos responded that he did "very little"

research and that he "did the best he could."  At the conclusion of the OTSC Hearing, the Court

took the matter under submission.

The OTSC previously specified that Bustos, as an attorney before this Court, in the

Opposition he drafted, signed and filed, is potentially subject to sanctions under Bankruptcy Rule

9011.  Subsection (b) of Bankruptcy Rule 9011 provides, in part:

> By presenting to the court (whether by signing, filing, submitting,
> or later advocating) a petition, pleading, written motion, or other
> paper, an attorney or unrepresented party is certifying that to the
> best of the person's knowledge, information, and belief, formed
> after an inquiry reasonable under the circumstances,–
>
> . . .
>
>  (2) the claims, defenses, and other legal contentions therein are
> warranted by existing law or by a nonfrivolous argument for
> the extension, modification, or reversal of existing law or the
> establishment of new law; . . . .

FED. R. BANKR. P. 9011(b).

Bankruptcy Rule 9011(c)(1)(B) further provides:

> On its own initiative, the court may enter an order describing the
> specific conduct that appears to violate subdivision (b) and

---

the Court ordered on the record that Bustos be sanctioned $2,500.00 for his failure to appear on the OTSC and the
pre-trial conference.  When Bustos finally showed up in Court, the Court permitted argument in both matters and
withdrew the earlier imposition of sanctions for his failure to appear.

directing an attorney, law firm, or party to show cause why it has
not violated subdivision (b) with respect thereto.

*Id.* 9011(c)(1)(B).  The OTSC provided Bustos with the required notice.

Upon review of the parties' submissions and based on the OTSC Hearing, the Court finds

and concludes that Bustos failed to show cause why he should not be sanctioned by this Court

pursuant to Bankruptcy Rule 9011.  The prior Opinion explained why each of the eleven

Affirmative Defenses is "frivolous, untimely, unsubstantiated by the evidence in the record

before the Court, and/or unsupported by current or applicable law, existing law, or by a

nonfrivolous argument for the extension, modification, or reversal of existing law or the

establishment of new law."  (Opinion at 16.)  The OTSC gave Bustos an opportunity to address

why he should not be sanctioned.  Not only did Bustos fail to comply with the OTSC in failing to

address each of the eleven Affirmative Defenses in his Response, but he also failed during the

OTSC Hearing to provide any supportable argument why he had a good faith basis to assert any

of the Affirmative Defenses, and to explain why he did not violate Bankruptcy Rule 9011.

**NOW, THEREFORE**, it is hereby

**ORDERED,** that the Court imposes the following monetary sanctions pursuant to

Bankruptcy Rule 9011; and it is further

**ORDERED,** that Bustos shall pay sanctions in the amount of $5,500.00 (calculated as

$500 for each of the eleven Affirmative Defenses he asserted in the Opposition) payable to the

Clerk of the Court.  Payment shall be made within twenty-one (21) days after the date of this

Order; and it is further

**ORDERED,** that if Bustos fails to timely pay these monetary sanctions in compliance

with this Order, the Court reserves its right to impose additional monetary sanctions against

Bustos.

5

**IT IS SO ORDERED.**

Dated:  April 6, 2015
            New York, New York

                                    **/s/Martin Glenn**
                                    MARTIN GLENN
                            United States Bankruptcy Judge