**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*<br><br>                                    Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

### ORDER DENYING MOTION OF ALAN MOSS FOR REARGUMENT

Pending before the Court is a motion for reargument filed by Alan Moss (the "Motion," ECF Doc. # 8225). Moss asks the Court to reconsider its ruling sustaining the ResCap Borrower Claims Trust's objection to Moss's claim without prejudice. For the reasons explained below, the Motion is **DENIED**.

The ResCap Borrower Claims Trust (the "Trust") objected to claim number 4445 (the "Claim") as part of the *ResCap Borrower Claims Trust's Seventy-Fifth Objection to Claims (No Liability Borrower Claims)* (the "Objection," ECF Doc. # 7552). Moss filed a response to the Objection (the "Opposition," ECF Doc. # 7642). The Trust filed a notice of adjournment of the hearing on the Objection (ECF Doc. # 7829) and subsequently filed a supplemental objection and reply (the "Supplemental Objection," and together with the Objection, the "Objections," ECF Doc. # 7904). Moss filed an opposition to the Supplemental Objection (the "Supplemental Opposition," ECF Doc. # 8044), and the Trust filed a reply (the "Reply," ECF Doc. # 8073).

The Court held a hearing on February 11, 2015; Moss, who is an attorney, appeared by telephone. After hearing oral argument, the Court stated that it would enter an order sustaining the Objections without prejudice and with leave to amend within 30 days for the reasons stated on the record. (*See* Feb. 11, 2015 Hr'g Tr. 52:24–53:2, ECF Doc. # 8293.) On February 13, 2015, the Court entered an order disallowing and expunging the Claim without prejudice and

providing Moss leave to file an amended claim within 30 days (the "Order," ECF Doc. # 8127).[1]

On March 2, 2015, Moss filed the Motion seeking reconsideration of the Order pursuant to Local Bankruptcy Rule 9023-1.[2]

Moss argues that the Court erroneously relied on two decisions in sustaining the Trust's Objections to his Claim: *Kachlon v. Markowitz*, 85 Cal. Rptr. 3d 532 (Ct. App. 2008) and *Perez v. Wells Fargo Bank, N.A.*, 929 F. Supp. 2d 988 (N.D. Cal. 2013). (*See* Motion at 2.) Moss argues that these cases are inapposite to the issues relevant to his Claim. (*Id.*) According to Moss, the court in *Kachlon* held that a trustee "cannot be sued for damages arising out of the performance of its statutory duties absent a demonstration of 'malice,' and that such duties of a trustee in this context were privileged." (*Id.*) Moss asserts that the *Perez* court recited the statutory duties of a trustee but "held that the trustee was not a 'nominal defendant,' [and] therefore there was not complete diversity and remanded the case back to state court." (*Id.*) Both *Kachlon* and *Perez* assumed that the trustee was lawfully and legally appointed and therefore did not address the ultimate issue to his Claim: whether Debtor Executive Trustee Services, LLC ("ETS") "was negligent in not first determining if it had the legal authority to do anything, not having been legally and lawfully appointed." (*Id.*) Instead, Moss argues that the relevant controlling cases are *Dimock v. Emerald Properties*, 97 Cal. Rptr. 255 (Ct. App. 2000) and *Bank of America, N.A. v. La Jolla Group II*, 28 Cal. Rptr. 3d 825 (Ct. App. 2005). (Motion at 3.)

---

[1] The Order also provided the Trust 30 days from the date Moss files an amended claim to file an objection to such amended claim. (*Id.* at 3.)

[2] Since filing the Motion, Moss filed an amended claim on March 16, 2015. (*See* ECF Doc. # 8334.)

2

Under section 502(j) of the Bankruptcy Code, "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). The Bankruptcy Code does not define "cause," but when deciding a motion under section 502(j), the court should:

> [a]pply the same analysis that it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), depending on whether the movant . . . sought reconsideration within [fourteen] days after the entry of the order disallowing the claim, or did so only later.

*In re Terrestar Networks, Inc.*, No. 10–15446 (SHL), 2013 WL 781613, at *2 (Feb. 28, 2013) (collecting cases). The standard applicable to a motion for reargument or reconsideration is identical to that applicable to a motion to alter or amend a judgment under Federal Rule of Civil Procedure ("FRCP") 59(e). *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007); *accord Samuel's Temple Church of God in Christ v. Parade Place, LLC (In re Parade Place, LLC)*, 508 B.R. 863, 868–69 (Bankr. S.D.N.Y. 2014) (citations omitted). Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates FRCP 59 and provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment." FED. R. BANKR. P. 9023 (emphasis added). Further, Local Bankruptcy Rule 9023-1(a) provides, in relevant part:

> A motion for reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion.

BANKR. S.D.N.Y. R. 9023-1(a).[3] Bankruptcy Rule 9006, governing the computation of the 14-day time period, provides:

---

[3] Local Bankruptcy Rule 9023-1(a) derives from Former Local Bankruptcy Rule 13(j) and is an adaptation of Civil Rule 6.3 of the Local District Rules. *See* BANKR. S.D.N.Y. R. 9023-1 cmt.

3

When the period is stated in days or a longer unit of time:

(A) exclude the day of the event that triggers the period;

(B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and

(C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

*Id.* 9006(a)(1); *see also In re 231 Fourth Ave. Lyceum, LLC*, 513 B.R. 25, 29 (Bankr. E.D.N.Y. 2014) ("In bankruptcy cases, Bankruptcy Rule 9006 governs the computation of time periods, not [FRCP] 6." (citing FED. R. BANKR. P. 9006)). Moss's Motion was filed 17 days after the Court entered the Order, which prevents him from obtaining relief under Bankruptcy Rule 9023. *See In re Residential Capital, LLC*, No. 12-12020 (MG), 2014 WL 1410310, at *2 (Bankr. S.D.N.Y. 2014) (citing *Terrestar*, 2013 WL 781613, at *2) (holding that movants could not obtain relief under Bankruptcy Rule 9023 where reconsideration motion was filed twenty days after opinion was entered). The Court will therefore apply Bankruptcy Rule 9024, which incorporates FRCP 60.[4]

FRCP 60(b) permits a court to grant relief from a final judgment or order for the following reasons: (1) "mistake, inadvertence, surprise, excusable neglect"; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is "no longer equitable;" or (6) "any other reason that justifies relief." FED. R. CIV. P. 60(b). Whether to grant a motion for relief

---

[4] In any event, Moss has not established grounds for relief under Bankruptcy Rule 9023, as he has not identified any "intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). The Motion refers to decisions previously reviewed and considered by the Court. Moss has not met his burden of establishing that the Court "overlooked controlling decisions or factual matters that might materially have influenced its earlier decision." *Parade Place*, 508 B.R. at 869 (citation and internal quotation marks omitted).

under Rule 60 is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). A motion for relief from judgment under FRCP 60 "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). The party seeking relief under FRCP 60(b) bears the burden of proof. *See Int'l Bhd. of Teamsters*, 247 F.3d at 391 (citation omitted).

The Motion fails to identify adequate grounds for relief. Moss does not seek relief on the basis of any mistake, inadvertence, surprise, or excusable neglect, and he has not identified any newly discovered evidence, fraud, misrepresentation, or misconduct. *See* FED. R. CIV. P. 60(b)(1)–(3). Moss does not argue that the judgment is void or has been satisfied, released, discharged, or is otherwise no longer equitable. *See id.* 60(b)(4)–(5). Relief under FRCP 60(b)(6) is warranted "if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) (quoting *Motco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 758–59 (2d Cir. 1981)). However, Moss has not set forth any extraordinary circumstances or extreme and undue hardship required for relief under FRCP 60(b)(6). Moss merely attempts to distinguish legal precedent previously reviewed and considered by the Court. His Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:   April 7, 2015
         New York, New York

                                              _/s/Martin Glenn_
                                              MARTIN GLENN
                                              United States Bankruptcy Judge

5