**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*,

Debtors.

**NOT FOR PUBLICATION**

Case No. 12-12020 (MG)

Jointly Administered

**MEMORANDUM OPINION AND ORDER DENYING**
**MOTION OF KAREN MICHELE ROZIER**
**FOR RECONSIDERATION**

Pending before the Court is a motion for reconsideration (the "Motion," ECF Doc. # 8014) filed by Karen Rozier ("Rozier"). Rozier asks the Court to reverse its ruling sustaining the ResCap Borrower Claims Trust's (the "Trust") objection (the "Claims Objection," ECF Doc. # 7474) to Rozier's claims numbered 4738 and 5632 (the "Claims"). For the reasons explained below, the Motion is **DENIED**.

### I.    BACKGROUND

#### A.    Procedural History

The Trust filed the Claims Objection to Rozier's Claims, supported by the declarations of Deanna Horst (the "Horst Declaration," Obj. Ex. 3-A) and Yaron Shaham (the "Shaham Declaration," *id.* Ex. 3-B). Rozier filed a response to the Claims Objection (the "Opposition," ECF Doc. # 7620), attaching motions to strike the declarations in support of the Claims Objection (the "Motions to Strike," *id.* Exs. B–C). The Trust filed a reply to the Opposition (the "Reply," ECF Doc. # 7655) and an objection to the Motions to Strike (the "Strike Objection," ECF Doc. # 7654). The Trust also filed a supplemental declaration of Deanna Horst (the "Supplemental Horst Declaration," ECF Doc. # 7653), correcting certain errors made in the

Horst Declaration and attaching a corrected exhibit to the Claims Objection (*see id.* Ex. A). Rozier filed an objection to the Reply (the "Surreply," ECF Doc. # 7670).

The Court held a hearing on October 22, 2014 (the "Hearing"); Rozier appeared by telephone. At the Hearing, the Court directed the Trust to file a supplemental declaration addressing one of the exhibits submitted in support of the Claims Objection and provided Rozier an opportunity to respond to the Trust's supplemental filing. (*See* Oct. 22, 2014 Hr'g Tr. 44:1–4, 6–21, ECF Doc. # 7686.) The Trust subsequently filed the second supplemental declaration of Deanna Horst (ECF Doc. # 7679), and Rozier filed a supplemental opposition and declaration in response (ECF Doc. # 7730). On December 22, 2014, the Court issued an opinion disallowing and expunging Rozier's Claims in their entirety (the "Opinion," ECF Doc. # 7909). On January 6, 2015, Rozier filed a request for an extension of time to file a motion for reconsideration (the "Extension Request," ECF Doc. # 8001), requesting a seven day extension of time to file a motion for reconsideration of the Opinion because the Trust failed to properly serve her with a paper copy of the Opinion.[1] Rozier subsequently filed the Motion on January 21, 2015, seeking reconsideration of the Opinion pursuant to section 502(j) of the Bankruptcy Code and Rule 3008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"). On January 23, 2015, the Court entered an order directing the Trust to respond to the Motion by February 6, 2015 and permitting Rozier to file a reply to the Trust's response by February 13, 2015. (*See* ECF Doc. # 8025.) The Trust timely filed an objection to the Motion (the "Objection," ECF Doc. # 8081), and Rozier timely filed a response (the "Response," ECF Doc. # 8138). The facts giving rise to Rozier's Claims are discussed in the Opinion, and familiarity with those facts is assumed here.

---

[1]    In the Extension Request, Rozier acknowledges being in receipt of an electronic copy of the Opinion, but argues that she had not been properly served with a paper copy of the Opinion because her name was misspelled on an envelope received by Rozier on December 24, 2014. (*See* Ext. Req. ¶¶ 1, 6–8.)

**B.    The Motion**

Rozier argues that the Opinion "was based on clear error of facts and interpretation of California law." (Motion at 2.) Rozier asserts that under the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.*, a mortgage lender waives its right to demand tender from a borrower by failing to respond to the borrower's timely notice of rescission within 20 days. (*See id.* at 22.) She argues that WMC Mortgage Corporation ("WMC"), the lender that originated her home mortgage loan, did not respond to her notice of rescission within 20 days, and therefore, the Court erred by holding that Rozier waived her right to rescind the loan when she entered into a modification of the note evidencing her loan. (*See id.* at 26.) Rozier asserts that the Court erred by relying on *Ramsey v. Vista Mortgage Corp. (In re Ramsey)*, 176 B.R. 183 (9th Cir. B.A.P. 1994) in determining that she waived her right to rescind her loan under TILA because the lender in *Ramsey* still had the option of demanding tender under TILA, whereas WMC waived its right to demand tender by not responding to her notice of rescission within 20 days. (*See id.* at 25–26.) According to Rozier, the United States Supreme Court's decision in *Jesinoski v. Countrywide Home Loans, Inc.*, 135 S. Ct. 790 (2015), clarifies that "all a homeowner is required to do in order to rescind a loan within the three-year period is to write a letter." (*Id.* at 8 (emphasis omitted).)

In her lengthy Motion, Rozier further asserts that the Court made a litany of errors in the Opinion, including by mischaracterizing Rozier's allegations and misapplying law to alleged facts (*see* Motion at 21–44), and demonstrating bias in favor of the Trust by relying on inaccurate documents submitted by the Trust and overlooking facts alleged by Rozier (*see id.* at 11–14). Rozier argues that the Court erred in holding that she lacked standing to pursue any

3

claims that arose before she filed her chapter 7 case (the "Chapter 7 Case"),[2] contending that her chapter 7 trustee was negligent in performing his duties in the Chapter 7 Case. (*Id.* at 22.) She also asserts that the Court incorrectly relied on a March 2013 assignment of deed of trust filed in error by the Trust (the "March 2013 Assignment"). (*Id.* at 32.) According to Rozier, the March 2013 Assignment demonstrates that Bank of America, National Association ("BOA") could not have properly foreclosed on her property in September 2012 because (i) Westwood Associates ("Westwood"), the original trustee of Rozier's deed of trust, did not have any interest to transfer to BOA as of March 2008, since Westwood had already transferred its interest in the deed of trust to Debtor Executive Trustee Services, LLC ("ETS"); and (ii) to the extent BOA did obtain an interest in her property, it was transferred to U.S. Bank National Association ("U.S. Bank") in January 2012. (*See id.*) She asserts that "[s]ince nothing was transferred to BOA, clearly the April 2011 Notice of Default was also wrong." (*Id.* at 28.) Rozier further contends that her allegations of fraud are supported by the Debtors' misspelling of her name, including by spelling her middle name with an extra letter. (*See id.* at 43 ("Claimant is not Karen Michelle Rozier and for this court to sanction the theft of her identity is unconscionable. The Court was completely silent on this critical matter and Claimant is entitled to a written ruling on this specific allegation of fraud.").) She also asserts that the Opinion expressly overruled the Claims Objection with respect to her cause of action for violations of the California Business and Professional Code section 17200 *et seq.* (the "UCL") and therefore demands the entire amount of her Claims. (*Id.* at 44.)

---

[2] As set forth in the Opinion, Rozier filed a petition for relief under chapter 13 of the Bankruptcy Code on August 22, 2011. (Opinion at 10.) On January 12, 2012, her chapter 13 case was converted to a case under chapter 7 of the Bankruptcy Code. (*Id.*)

4

Rozier contends that she has established "extraordinary circumstances warranting reconsideration of the entire Opinion including but not limited to (1) the court relying on the wrong date of transfer to [U.S.] Bank; (2) applying [*I*]*n re Ramsey* when the 20-day period had already passed for WMC to collect the tender offered, thus making the Dec[ember] 2005 note a nullity; (3) the incontrovertible fact that if Westwood [] was replaced by ETS in 2008, then it could not have transfer[red] anything to BOA in 2009; [and] (4) the identity theft." (*Id.* at 45.)

### C.    The Objection

The Trust objects to the Motion, arguing that Rozier has failed to establish the statutory requirements warranting reconsideration of the Opinion. (*See* Obj. ¶ 1.) Specifically, the Trust argues that Rozier has not met her burden under either Federal Rule of Civil Procedure ("FRCP") 59 or 60, as incorporated by Rules 9023 and 9024 of the Bankruptcy Rules, respectively. (*See id.*) The Trust contends that the Court should apply the standards applicable to FRCP 60 when determining the Motion, since the Motion was filed 30 days after the Court issued the Opinion, outside the 14-day time period required for relief under FRCP 59. (*See id.* ¶¶ 24–25.)

According to the Trust, Rozier has not identified any extraordinary circumstances warranting reconsideration of the Opinion under FRCP 60(b). (*See id.* ¶ 26.) The Trust argues that none of the alleged errors made by the Court constitute mistakes warranting reversal of the Opinion. (*See id.* ¶¶ 27–34.) First, although the Court incorrectly referred to the March 2013 Assignment erroneously filed by the Trust, the Trust did not intend to make any misrepresentations in filing the March 2013 Assignment, it promptly corrected the record by

5

filing the correct assignment of deed of trust (the "Corrected Assignment"),[3] and it notified Rozier and the Court of the Corrected Assignment before the Hearing. (*Id.* ¶ 27.) The Trust asserts that "the Court has the ability to correct the order pursuant to Bankruptcy Rule 60(a) and reference the [Corrected] Assignment *sua sponte* without altering its ruling." (*Id.*) Second, the Trust contends that Rozier has not established that *In re Ramsey* was erroneously relied on by the Court, particularly since the Trust's arguments supported by the decision "focused on the waiver of a borrower's initial election to rescind a loan transaction." (*Id.* ¶ 28.) Third, the Trust argues that Rozier failed to establish that the Court did not properly consider her arguments regarding an allegedly defective April 2011 notice of default filed by ETS, which misidentifies the beneficiary of Rozier's deed of trust. (*Id.* ¶ 29–31.) To the contrary, the Court addressed alleged defects in the April 2011 notice at the Hearing and "[b]ased on this line of inquiry at the Hearing and the Court's reasoned [Opinion], there is ample evidence to demonstrate that the Court carefully considered the April 2011 notice issue . . . and reached a reasoned conclusion based on the facts and applicable law." (*Id.* ¶ 31.) Finally, the Trust asserts that "Rozier's allegations of identity theft, based on the mere misspelling of her middle name, are specious and unsubstantiated." (*Id.* ¶ 32.) According to the Trust, absolute accuracy in spelling names is not required in the context of legal proceedings, and the slight misspelling of Rozier's middle name does not constitute an error warranting reconsideration of the Opinion. (*Id.* ¶¶ 32–33.)

The Trust also contends that none of the exhibits attached to Rozier's Motion constitute "newly discovered" evidence for purposes of FRCP 60(b). (*See id.* ¶ 35.) According to the Trust, Rozier's request for reconsideration of the Opinion does not provide her an opportunity to supplement the record and, in any event, "the additional documents Rozier appends as exhibits

---

[3] The Corrected Assignment was submitted as Exhibit A to the Supplemental Horst Declaration and corrected Exhibit 3-A.21 to the Horst Declaration. (*See* Horst Supp. at 1–2.) The Corrected Assignment reflects a January 4, 2012 assignment of deed of trust from BOA to U.S. Bank. (*See id.* Ex. A.)

6

are wholly irrelevant to Rozier's Claims, as they have no bearing and provide no proof as to any wrongdoing by the Debtors and the Court's evaluation thereof." (*Id.*)  Additionally, the Trust asserts that "[d]espite Rozier's inflammatory and baseless allegations, she fails to offer any evidence of any fraud, misconduct, or misrepresentation on the part of the [] Trust in connection with any of its pleadings or this Court in connection with the Hearing or the [Opinion]." (*Id.* ¶ 36.)

Rozier fails to satisfy the standards for relief under Bankruptcy Rule 9023, the Trust argues, because she identifies no newly available evidence or overlooked data, no intervening change of controlling law, and no manifest injustice warranting reconsideration of the Opinion. (*See id.* ¶¶ 39–44.)  In *Jesinoski*, the Supreme Court held that "[a] borrower exercising his right to rescind under the [Truth in Lending] Act need only provide written notice to his lender within the 3-year period, not file suit within that period." (*Id.* ¶ 43 n.7 (citing *Jesinoski*, 135 S. Ct. at 790).)  The Trust argues that *Jesinoski* does not constitute an intervening change of controlling law because the "Trust never argued that Rozier's attempt to rescind the Note was untimely because she failed to commence a lawsuit seeking rescission, and the Court's determination of the validity of the Note was not premised on the timeliness argument." (*Id.* ¶ 43.)

Finally, the Trust asserts that the Court can correct two non-substantive errors in the Opinion pursuant to FRCP 60(a). (*Id.* ¶ 47.)  First, the Opinion contains a scrivener's error. (*Id.*)  The Opinion states that the Claims Objection is overruled with respect to Rozier's UCL cause of action; however, the Court's analysis makes clear that the Claims Objection was intended to be sustained with respect to this claim. (*Id.*)  "[W]ere the Court to amend 'OVERRULED' to instead state 'SUSTAINED,' it would conform the Court's determination and [Opinion] with the 'contemporaneous intent of the [C]ourt.'" (*Id.* (citing *Robert Lewis Rosen Assocs., Ltd. v. Webb*,

7

473 F.3d 498, 505 n.11 (2d Cir. 2007)).) Second, the Court has the authority to correct its references in the Opinion to reflect the Corrected Assignment instead of the March 2013 Assignment. (*Id.* ¶ 48.)

### D. The Response

In her Response, Rozier agrees that the Court should correct the Opinion and rely on the Corrected Assignment, but she argues that when the Court relies on the Corrected Assignment, "it must conclude that the Sept[ember] 2012 foreclosure was done contrary to law." (Resp. ¶ 3.) According to Rozier, BOA transferred its interest in the property to U.S. Bank before the foreclosure and therefore "was not legally allowed to enter a credit bid to purchase the property at foreclosure sale." (*Id.*) Rozier reiterates her argument that WMC waived its right to demand tender after receiving Rozier's notice of rescission and failing to respond within 20 days (*id.* ¶ 5), and she argues that TILA "specifically prohibits waiver of rescission rights unless there is an emergency or hardship," neither of which apply to her (*see id.* ¶¶ 4, 6). *Jesinoski* is relevant, Rozier asserts, because it "clarified what it takes to rescind a note." (*Id.* ¶ 7.) She contends that the reasoning of *Jesinoski* supports her argument that her note "became a nullity" after she sent WMC a notice of rescission and it failed to respond within 20 days. (*Id.*)

Finally, Rozier argues that the Trust failed to address each of her allegations and therefore the Court must conclude that the Trust has no defense to such allegations. (*See id.* ¶¶ 9–18.) Among other things, Rozier asserts that the Trust did not meaningfully respond to her assertions that (1) her name was misspelled on legal documents, as opposed to the mailing she received in December 2014 (*see id.* ¶ 9); (2) her home was fraudulently characterized by the Debtors, and absent such "fraudulent act, Rozier would have remained in Chapter 13 and maintained standing to pursue all claims" (*id.* ¶ 12); (3) the Shaham Declaration stated that U.S.

8

Bank was not a party to Rozier's prepetition California state court action, when in fact it still is (*id.* ¶ 13); (4) she signed a new note in June 2006 (*id.* ¶ 15); (5) Mortgage Electronic Registration Systems ("MERS") was operating illegally and therefore could not perform legal functions (*id.* ¶ 16); (6) her loan was assigned to two different securitization trusts (*id.* ¶ 17); and (7) "ETS harassed Rozier by scheduling the sale [of her property] multiple times in violation of a court order" (*id.* ¶ 18).

## II.     DISCUSSION

Under section 502(j) of the Bankruptcy Code, "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). The Bankruptcy Code does not define "cause," but when deciding a motion under section 502(j), the court should:

> [a]pply the same analysis that it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), depending on whether the movant . . . sought reconsideration within [fourteen] days after the entry of the order disallowing the claim, or did so only later.

*In re Terrestar Networks, Inc.*, No. 10–15446 (SHL), 2013 WL 781613, at *2 (Feb. 28, 2013) (collecting cases). Bankruptcy Rule 9023 incorporates FRCP 59, which allows a party to move to alter or amend a judgment. *See* FED. R. BANKR. P. 9023; FED. R. CIV. P. 59. Bankruptcy Rule 9024 incorporates FRCP 60, which authorizes relief from a final order under certain circumstances. *See* FED. R. BANKR. P. 9024; FED. R. CIV. P. 60(b). Because Rozier has not established that relief is warranted under either Bankruptcy Rule 9023 or Bankruptcy Rule 9024, her Motion for reconsideration of the Opinion is **DENIED**.

### A.     The Motion Fails to Satisfy the Requirements under Bankruptcy Rule 9023

The standard for granting a motion for reconsideration is "strictly construed to avoid repetitive arguments on issues that the court has already fully considered." *In re Asia Global*

*Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y. 2005) (citations omitted).  FRCP 59 is not a proper "vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a 'second bite at the apple' . . . ." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998) (citations omitted).  "[T]he decision to grant or deny a motion for reconsideration is within the sound discretion of the district court."  *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999) (citation omitted).

"A motion for reconsideration should be granted only when the defendant identifies 'an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice.'"  *Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)).  In particular, the party moving for reconsideration "must show that the court overlooked controlling decisions or factual matters that might materially have influenced its earlier decision."  *Samuel's Temple Church of God in Christ v. Parade Place, LLC (In re Parade Place, LLC)*, 508 B.R. 863, 869 (Bankr. S.D.N.Y. 2014) (internal quotation marks omitted) (quoting *Asia Global Crossing*, 332 B.R. at 524); *see Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995) (affirming district court's decision to grant reconsideration motion in light of the movant presenting the court "with data that the court had not previously considered"); *Sanluis Devs., L.L.C. v. CCP Sanluis, L.L.C.*, 556 F. Supp. 2d 329, 332 (S.D.N.Y. 2008) (granting reconsideration motion where the court's prior opinion "did not address the question raised by the parties' papers regarding the effect of a dismissal on the petitioner").

Bankruptcy Rule 9023 provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment." FED. R. BANKR. P. 9023 (emphasis added). Further, Local Bankruptcy Rule 9023-1(a) provides, in relevant part:

> A motion for reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion.

BANKR. S.D.N.Y. R. 9023-1(a).[4] Bankruptcy Rule 9006, governing the computation of the 14-day time period, provides:

> When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

FED. R. BANKR. P. 9006(a)(1); *see also In re 231 Fourth Ave. Lyceum, LLC*, 513 B.R. 25, 29 (Bankr. E.D.N.Y. 2014) ("In bankruptcy cases, Bankruptcy Rule 9006 governs the computation of time periods, not [FRCP] 6." (citing FED. R. BANKR. P. 9006)).

Rozier, appearing *pro se*, failed to comply with the strict filing rules of Bankruptcy Rule 9023 and Local Bankruptcy Rule 9023-1(a), as she filed her Motion 30 days after the Court

---

[4] Local Bankruptcy Rule 9023-1(a) derives from Former Local Bankruptcy Rule 13(j) and is an adaptation of Civil Rule 6.3 of the Local District Rules. *See* BANKR. S.D.N.Y. R. 9023-1 cmt.

11

entered the Opinion.[5] *See In re Residential Capital, LLC*, No. 12-12020 (MG), 2014 WL 1410310, at *2 (Bankr. S.D.N.Y. 2014) (citing *Terrestar*, 2013 WL 781613, at *2) (holding that movants could not obtain relief under Bankruptcy Rule 9023 where reconsideration motion was filed twenty days after opinion was entered). "Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (internal citations and quotation marks omitted). Because the Motion was not timely filed, Rozier cannot obtain relief under Bankruptcy Rule 9023. *See In re Residential Capital, LLC*, 2014 WL 1410310, at *2. Additionally, even if the Motion were timely filed, reconsideration of the Opinion is not warranted because Rozier has not identified any intervening change of controlling law, any newly available evidence, or the need to correct a clear error. *See Kolel Beth*, 729 F.3d at 104.

First, the Supreme Court's decision in *Jesinoski* does not constitute an intervening change of controlling law. A decision is "controlling" for purposes of ruling on a motion for reconsideration where it "might reasonably be expected to alter the conclusion reached by the court." *Shrader*, 70 F.3d at 257 (citations omitted). In *Jesinoski*, the Supreme Court addressed the issue whether a borrower may exercise his right to rescind certain loans under TILA "by providing written notice to his lender, or whether he must also file a lawsuit before the 3-year period elapses." 135 S. Ct. at 791. Although the petitioners exercised their rescission right within three years of the origination of their loan, the district court granted the respondents' motion for judgment on the pleadings because the petitioners did not file a lawsuit within such

---

[5] Rozier filed the Extension Request, requesting an extension of her time to file a motion for reconsideration, but the Extension Request was filed 15 days after the Court issued the Opinion, outside the 14-day time period for filing a motion for reconsideration pursuant to Bankruptcy Rule 9023 and Local Bankruptcy Rule 9023-1(a). *See* FED. R. BANKR. P. 9023; BANKR. S.D.N.Y. R. 9023-1(a).

period; the circuit court affirmed. *Id.* The Supreme Court reversed the judgment of the circuit court, holding that written notice of rescission within three years of a loan's origination is all that is required for a borrower to exercise his right to rescind under TILA. *Id.* at 793. While *Jesisnoski* is undoubtedly relevant to the issue whether Rozier exercised her right to rescind the loan originated by WMC, it does not address whether such rescission can subsequently be waived by entering into a modification of a note and deed of trust and signing a general release—the issue decided in the Opinion. (*See* Opinion at 24–25 (holding that the Trust established that Rozier waived her right to rescind her loan by entering into a modification of note, modification of deed of trust, and release).)

Second, Rozier has not identified any newly discovered evidence. *See Ins. Co. of N. Am. v. Pub. Serv. Mut. Ins. Co.*, 609 F.3d 122, 131 (2d Cir. 2010) ("In order to succeed on a motion pursuant to [FRCP] 60(b)(2), the movant must present evidence that is truly newly discovered or . . . could not have been found by due diligence." (internal quotation marks omitted) (quoting *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491, 493 (2d Cir. 1983))). Rozier attaches the following documents to her Motion: (i) the Opinion (Motion Ex. 1); (ii) the envelope by which the Trust attempted to serve Rozier with a copy of the Opinion, indicating Rozier's misspelled middle name (*id.* Ex. 2); (iii) Rozier's complaint to the Consumer Finance Protection Board (*id.* Ex. 3); (iv) an announcement from MERS, indicating that MERS became aware that individuals incorporated entities with MERS's corporate name (*id.* Ex. 4); (v) certain of Rozier's bank statements (*id.* Ex. 5); (vi) notices of postponement of foreclosure sales sent from ETS to Rozier (*id.* Ex. 6); (vii) an acknowledgment misspelling Rozier's middle name (*id.* Ex. 7); (viii) certain loan disclosures bearing purportedly fraudulent signatures not authorized by Rozier (*id.* Ex. 8); (ix) purportedly inaccurate documents filed by Debtor GMAC Mortgage, LLC

13

("GMACM") in Rozier's Chapter 7 Case (*id.* Ex. 9); (x) a letter dated March 31, 2006 from Rozier's counsel to WMC regarding Rozier's notice of rescission (*id.* Ex. 10); (xi) a March 4, 2008 notice of default (*id.* Ex. 11); and (xii) a letter dated March 12, 2013 from Ocwen Loan Servicing, LLC to Rozier in response to a Qualified Written Request (*id.* Ex. 12). Rozier does not establish that any of the exhibits attached to her Motion are truly newly discovered or could not have been discovered by due diligence and, in any event, they do not alter the Court's prior rulings in any way.

With respect to the litany of errors alleged by Rozier, the Court acknowledges that the Opinion contains two non-substantive errors; however, these errors do not warrant reversal of the Opinion. First, the Opinion erroneously refers to the March 2013 Assignment rather than the Corrected Assignment. (*See* Opinion at 8.) However, this mistake is immaterial to the Court's analysis of the merits of Rozier's Claims because it does not alter the Court's prior finding that "each substitution of trustee was recorded (1) before or concurrently with the recordation of the relevant notice of default; and (2) prior to the recordation of the relevant notice of sale." (*Id.* at 25.) The Corrected Assignment makes clear that BOA, not GMACM, transferred its interest in Rozier's deed of trust to U.S. Bank and that such assignment was made in January 2012 rather than March 2013. (*See* Horst Supp. Ex. A.) Contrary to Rozier's assertion otherwise, Westwood had the power to transfer its interest in the deed of trust to BOA in March 2011. (*See* Opinion at 7.) While Westwood had named ETS as substitute trustee prior to such assignment, it did not assign its interest in the deed of trust to ETS. (*See id.*) Second, the Opinion erroneously states that the Claims Objection is overruled with respect to Rozier's UCL cause of action. (*See* Opinion at 44.) This was a clerical mistake, and the Opinion should have stated that the Claims Objection is sustained with respect to Rozier's UCL claim.

14

Additionally, Rozier has not established that the Court made any other factual or legal errors warranting reconsideration. Although she now argues that her chapter 7 trustee was negligent in performing his duties in her Chapter 7 Case (*see* Motion at 22), that does not alter the Court's prior ruling that she lacks standing to assert claims that accrued prior to her Chapter 7 Case (*see* Opinion at 16–18). Nor is she successful in her attempt to argue that the Court erred by referencing *In re Ramsey* in the Opinion. (*See* Motion at 25–26, 45.) While the facts in *In re Ramsey* are distinguishable from the facts relevant to Rozier's Claims, the decision nevertheless supports the Court's ruling that Rozier waived her right to rescind her loan by entering into a modification of her note, modification of her deed of trust, and modification release after sending WMC a notice of rescission. (*See* Opinion at 24 (citing *In re Ramsey*, 176 B.R. at 189).) Finally, Rozier's allegations of identity theft based on the minor misspellings of her name are baseless and irrelevant to the issues resolved in the Opinion.

### B.    The Motion Fails to Satisfy the Requirements under Bankruptcy Rule 9024

FRCP 60(b) permits a court to grant relief from a final judgment or order for the following reasons: (1) "mistake, inadvertence, surprise, excusable neglect"; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is "no longer equitable"; or (6) "any other reason that justifies relief." FED. R. CIV. P. 60(b). Whether to grant a motion for relief under FRCP 60 is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). A motion for relief from judgment under FRCP 60 "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). "The moving party bears a heavy burden because [FRCP] 60

15

provides extraordinary relief and is, therefore, generally viewed with disfavor." *In re Barquest Grp., Inc.*, 477 B.R. 454, 460–61 (Bankr. S.D.N.Y. 2012) (citing *Bowman v. Jack Bond (In re Bowman)*, 253 B.R. 233, 240 (8th Cir. B.A.P. 2000)).

Because Rozier is *pro se*, the Motion is held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, the Motion fails to establish adequate grounds for relief. "In the Second Circuit, the reference to 'mistake' in [FRCP] 60(b)(1) has been held to include mistakes made by the court." *In re Old Carco LLC*, 423 B.R. 40, 45 (Bankr. S.D.N.Y. 2010) (citing *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 670 (2d Cir. 1977)). However, as set forth above, Rozier has not established that the Court made any substantive errors warranting reversal of the Opinion. Nor does she assert that relief under FRCP 60(b) is warranted on the basis of her own mistake, inadvertence, surprise, or excusable neglect, or that the judgment is void or has been satisfied, released, discharged, or is otherwise no longer equitable. *See id.* 60(b)(4)–(5). Relief under FRCP 60(b)(6) is warranted "if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) (quoting *Motco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 758–59 (2d Cir. 1981)). Rozier has not met her high burden of establishing extraordinary circumstances warranting relief under FRCP 60(b)(6). Accordingly, her Motion is **DENIED**.

### C.     The Court Corrects the Opinion under FRCP 60(a)

Rozier has not established any basis for relief under Bankruptcy Rules 9023 or 9024. However, the Court takes this opportunity to correct two non-substantive errors in the Opinion pursuant to FRCP 60(a). *See* FED. R. CIV. P. 60(a) ("The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or

other part of the record. The court may do so on motion or on its own, with or without notice."). First, the last sentence of section II.D.12 of the Opinion is corrected to state: "The Objection is **SUSTAINED** with respect to her UCL claim." Second, references in the Opinion to Exhibit 3-A.21 to the Horst Declaration are hereby corrected to refer to corrected Exhibit 3-A.21, attached as Exhibit A to the Supplemental Horst Declaration. (*See* Horst Supp. Ex. A.) Additionally, the last sentence of section I.B.1 of the Opinion is corrected to state: "On January 4, 2012, BOA transferred all beneficial interests and rights in the Deed of Trust to US Bank, as successor in interest to BOA. (*See* Horst Supp. ¶ 27.)"

**IT IS SO ORDERED.**

Dated:   April 9, 2015
         New York, New York

                                        ___*Martin Glenn*___
                                          MARTIN GLENN
                                    United States Bankruptcy Judge