**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al*., | ) ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**STIPULATION AND ORDER (A) RESOLVING PROOF OF CLAIM NUMBER 1150
FILED BY WEST VIRGINIA STATE AUDITOR'S OFFICE; AND
(B) MODIFYING THE AUTOMATIC STAY**

This stipulation and order (the "Stipulation and Order") is made and entered into between The ResCap Liquidating Trust (the "Trust") established pursuant to the terms of the Plan (as defined below) in the above-captioned bankruptcy cases (the "Chapter 11 Cases"), and West Virginia State Auditor's Office ("Tax Collector", and together with the Trust, the "Parties"), each through their respective counsel, to fix and allow the Proof of Claim (as such term is defined below) and provide Tax Collector with limited relief from the automatic stay necessary to effectuate the agreed treatment to be accorded to the Proof of Claim.

**WHEREAS**, on May 14, 2012 (the "Petition Date"), each of the debtors in the Chapter 11 Cases (collectively, the "Debtors") filed a voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of New York (the "Court"); and

**WHEREAS**, on the Petition Date, the Court entered an order jointly administering the Chapter 11 Cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure; and

**WHEREAS**, on May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in the

1

Chapter 11 Cases. Among other things, KCC is authorized to maintain an official claims register for the Debtors (the "Claims Register"); and

WHEREAS, on or about October 9, 2012, Tax Collector filed a proof of claim designated by KCC on the Claims Register as Claim No. 1150 (the "Proof of Claim"), which asserted a secured claim against Debtor Residential Capital, LLC ("ResCap") in the amount of $6,907.30; and

WHEREAS, on December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the Chapter 11 plan, as amended (the "Plan"), in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and, among other things, the Trust was established [Docket No. 6137]; and

WHEREAS, the Plan provides for the creation and implementation of the Trust, which, among other things, is "authorized to make distributions and other payments in accordance with the Plan and the Liquidating Trust Agreement." *See* Plan, Art. VI.A-D; *see also* Confirmation Order ¶ 22. Further, pursuant to the Confirmation Order:

> In accordance with the provisions of the Plan, pursuant to section 363 of the Bankruptcy Code and Bankruptcy Rule 9019(a), without any further notice to or action, order or approval of the Bankruptcy Court, after the Effective Date, the Liquidating Trust may compromise and settle Claims against the Debtors and Causes of Action against other Entities.

Confirmation Order ¶ 20; and

WHEREAS, the Trust disputes the validity of and/or the appropriate treatment required to be accorded to the Proof of Claim; and

WHEREAS, the Parties negotiated the terms of this Stipulation and Order in

2

good faith and at arms' length and agreed to enter into this Stipulation and Order in an effort to amicably resolve the Proof of Claim; and

**WHEREAS**, the Trust determined that entering into this Stipulation and Order is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest.

**NOW, THEREFORE**, in consideration of the foregoing, the Parties hereby stipulate and agree as follows:

1. The Recitals form an integral part of this Stipulation and Order and are incorporated fully herein.

2. The automatic stay under section 362(a) of Bankruptcy Code is hereby modified solely to the extent necessary to permit Tax Collector to sell the tax-defaulted property listed on <u>Exhibit A</u> at a public auction to satisfy the defaulted property taxes, subject to the terms and conditions set forth herein.

3. Upon the Parties' entry into this Stipulation and Order, the Proof of Claim shall be allowed as a secured claim against Debtor Homecomings Financial, LLC in the amount of $6,907.30, and shall receive the treatment provided for Allowed Other Secured Claims against the RFC Debtors set forth in Article III.D.3(b) of the Plan.  Specifically, in full and final satisfaction of the Proof of Claim, the Tax Collector shall have the ability, free from the automatic stay, to proceed against the real property listed on <u>Exhibit A</u> hereto in satisfaction of the tax lien securing the Proof of Claim pursuant to Article III.D.3(b)(ii)(b) of the Plan.

4. KCC is hereby authorized and directed to reflect on the Claims Register the treatment provided above for the Proof of Claim.

5.     At such time that the automatic stay has been modified on a final basis to permit Tax Collector to sell the tax-defaulted property listed on Exhibit A at a public auction to satisfy the defaulted property taxes, on account of the Proof of Claim, as set forth in paragraph 3 above, the Trust will notify KCC, at which point KCC will be authorized and directed to reflect on the Claims Register that the Proof of Claim has been satisfied.

6.     The terms of this Stipulation and Order shall be in full and final satisfaction of any and all claims (as defined in section 101(5) of the Bankruptcy Code) and rights that Tax Collector asserts, has or may have against the Debtors, their estates, the Trust, and the ResCap Borrower Claims Trust (as defined in the Plan), and Tax Collector waives, withdraws, releases and agrees not to assert any and all other claims (as defined in section 101(5) of the Bankruptcy Code) against the Debtors, their estates, the ResCap Borrower Claims Trust, and the Trust, including, without limitation, any and all other proofs of claim, if any, which Tax Collector has filed in the Chapter 11 Cases to the extent such claims have not already been allowed on a final basis.

7.     This Stipulation and Order is the result of a compromise and shall not be construed as an admission by any of the Parties of any liability or wrongdoing.

8.     The Parties represent and warrant that each has full power and authority to enter into and perform under this Stipulation and Order.

9.     This Stipulation and Order constitutes the entire agreement and understanding between the Parties with regard to the matters addressed herein, and supersedes all prior and contemporaneous discussions, negotiations, understandings and agreements, whether oral or written, express or implied, between and among the Parties hereto regarding the subject matter of this Stipulation and Order.

10. This Stipulation and Order may be executed in any number of counterparts by the Parties, all of which taken together shall constitute one and the same agreement. Any of the Parties may execute this Stipulation and Order by signing any such counterpart, and each such counterpart, including a facsimile or other electronic copy of a signature, shall for all purposes be deemed to be an original.

11. This Stipulation and Order shall be binding on the Parties (as well as any successor in interest) upon execution, and may not be altered, modified, changed or vacated without the prior written consent of the Parties or their respective counsel, as applicable.

12. The Parties hereby are authorized to take any and all actions reasonably necessary to effectuate the relief granted pursuant to this Stipulation and Order.

13. The Court shall retain jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and/or enforcement of this Stipulation and Order.

*[signature page follows]*

**IN WITNESS WHEREOF**, and in agreement herewith, the Parties have executed and delivered this Stipulation and Order as of the date set out below.

Dated: March 30, 2015

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for The ResCap Liquidating Trust*

Dated: March 27, 2015

/s/ Lisa Hopkins
Lisa Hopkins
General Counsel
West Virginia State Auditor's Office
1900 Kanawah Blvd E, Room W-100
Charleston, WV 25305
Telephone: (304) 558-2251

**IT IS SO ORDERED.**

Dated: April 9, 2015
New York, New York

　　　**/s/Martin Glenn**
MARTIN GLENN
United States Bankruptcy Judge

## Exhibit A

| Address | City | Zip | ASSESSMENT/ APN |
|---|---|---|---|
| 367 Bigfork Rd | Elkview | 25071 | 0173 0000 |