**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*,

                              Debtors.

Case No. 12-12020 (MG)

Jointly Administered

**ORDER SUSTAINING RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NUMBER 4497 FILED BY HEROLD GAY**

Pending before the Court is the ResCap Borrower Claims Trust's (the "Trust") objection to Claim Number 4497 (the "Claim") filed by Herold Gay ("Gay"). The objection to the Claim is included in the *ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection," ECF Doc. # 8042).[1] Gay filed an opposition (the "Opposition," ECF Doc. # 8188) and the Trust filed a reply (the "Reply," ECF Doc. # 8068).[2] The Court held a hearing on March 31, 2015 and took the Objection to the Claim under submission. This Order sustains the Objection with respect to Gay's Claim.

    **A.    Gay's Loan History**

Non-debtor Trust One Mortgage Corporation ("Trust One") originated a loan (the "Loan") to Gay on May 17, 2006. (Obj. Ex. 1-A at 37; Reply ¶ 22; Priore Supp. Exs. M–N.) Debtor Residential Funding Company LLC ("RFC") purchased the Loan from Trust One and subsequently transferred its interest in the Loan to non-debtor ETrade on May 30, 2006. (Obj. Ex. 1-A at 37; Reply ¶ 22.) Debtor Homecomings Financial LLC ("Homecomings") serviced the Loan from June 9, 2006 to July 1, 2009, at which time servicing was transferred to Debtor

---

[1]    The Objection is supported by the declarations of Kathy Priore (the "Priore Decl.," ECF Doc. # 8042-3) and Norman S. Rosenbaum (ECF Doc. # 8042-4).

[2]    The Reply is supported by the supplemental declaration of Ms. Priore (the "Priore Supp.," ECF Doc. # 8068-1).

GMAC Mortgage LLC ("GMACM"). (Obj. Ex. 1-A at 37;Reply ¶ 22.) On February 16, 2013, GMACM transferred servicing to non-debtor Ocwen Loan Servicing, LLC ("Ocwen"). (Obj. Ex. 1-A at 37; Reply ¶ 22.) When servicing of the Loan was transferred to Ocwen, Gay had not made the January 30, 2013 payment. (Obj. Ex. 1-A at 37; Reply ¶ 22.)

The Debtors' books and records indicate that Gay submitted a workout package for a loan modification on March 9, 2009, but the modification was denied because Gay's debt-to-income ratio was below the target payment. (Obj. Ex. 1-A at 38.) In February 2013, prior to the transfer of servicing to Ocwen, Gay applied to GMACM for a loan modification. (*Id.*) The application, however, was missing necessary documents; the review of the Loan account for modification did not continue by GMACM because servicing was transferred that month to Ocwen. (*Id.*)

### B. The Claim

Gay timely filed the Claim on November 13, 2012, asserting a general unsecured claim in the amount of $42,336 without specifying the Debtor from which he seeks relief. (*Id.* at 37; *see also* Priore Supp. Ex. L.) The Court entered an Order reclassifying the Claim to a claim against Homecomings on November 20, 2013. (*See* ECF Doc. # 5898.)

Gay asserts "high interest rate 11% above" as the basis for his Claim and attaches a copy of his note and a "modification to payment date/revised payment coupon" from Trust One. (Obj. Ex. 1-A at 37; Priore Supp. Ex. L.) In his response to the Trust's letter requesting further information in support of his Claim, Gay asserts that he "was forced into obtaining this high interest rate home equity loan in 2006 to date!" (Obj. Ex. 1-A at 37.) Attached to his response is a copy of a Homecomings account statement from August 2006. (*Id.*)

### C. The Parties' Arguments

The Trust objects to the Claim, arguing that the Debtors are not liable for any assertion involving the terms of Gay's Loan or for his being "forced" to obtain the Loan because no

2

Debtor was involved in the origination of the Loan. (*Id.* at 38.) To the extent Gay argues that the Debtors did not charge the correct interest rate, the Debtors are not liable because in every instance, the Debtors charged the rate in accordance with the terms of the note agreed to by Gay. (*Id.*)

In his opposition, Gay argues that the Claim was previously allowed by this Court and should not be objected to again. (Opp. at 1.) Gay further argues that his Claim arises out of the Loan, which originated with Trust One and was transferred to the Debtors for servicing. (*Id.*) He asserts that "[t]he Lender, was fully aware of my inability to afford and repay this loan, at such outrageous extortionate interest rate of 11%, which was only design [sic] to hinder my ability of ever repaying such Loan . . . . My debt to income Ratio at the time, I was ineligible to qualify for such Loan as per lending guidelines." (*Id.*) Gay attaches copies of two notices indicating that servicing rights were transferred to RFC and then to GMACM. (*Id.* at 2–3.)

In the Reply, the Trust argues that Gay fails to address the fact that the Debtors were not involved in the origination of the Loan. (Reply. ¶ 29.) Without being involved in the origination, the Trust argues that the Debtors cannot be liable for the high interest rate of the Loan. (*Id.*)

### A.    The Objection to the Claim Is Sustained

Correctly filed proofs of claim "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer*

3

*v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted).  If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim."  4 COLLIER ON BANKRUPTCY ¶ 502.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014).

Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable law."  11 U.S.C. § 502(b)(1).  To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law."  *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

Federal pleading standards apply when assessing the validity of a proof of claim.  *See, e.g.*, *In re Residential Capital, LLC*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014); *In re DJK Residential LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure." (citations omitted)).  Accordingly, Gay must allege "enough facts to state a claim for relief that is plausible on its face."  *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted).  Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully."  *Id.* (citation and internal quotation marks omitted).  The court must accept all factual allegations as true, discounting legal conclusions

clothed in factual garb. *See, e.g.*, *id.* at 677–78; *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true" (citing *Iqbal*, 556 U.S. at 678)). The court must then determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679 (citation omitted).

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). A claim that pleads only facts that are "merely consistent with a defendant's liability" does not meet the plausibility requirement. *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007)). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

Although "[claims] drafted by *pro se* [claimants] are to be construed liberally, [] they must nonetheless be supported by specific and detailed factual allegations sufficient to provide the court and the defendant with 'a fair understanding of what the [claimant] is complaining about and . . . whether there is a legal basis for recovery.'" *Kimber v. GMAC Mortg., LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (ellipsis in original) (quoting *Iwachiw v. N.Y.C. Bd. of Elections*, 126 F. App'x 27, 29 (2d Cir. 2005)).

The Court finds and concludes that Gay fails to meet federal pleading standards in establishing a plausible claim for relief and, as a result, the Objection to his Claim is **SUSTAINED**. The Claim is entirely based on the allegation that the terms of the Loan negotiated at the time of origination were purportedly unlawful. None of the Debtors were involved in the origination or negotiation of the terms of the original Loan. The mere fact that the Debtors serviced the Loan for some period of time does not support Gay's Claim.

*****************************************

For the foregoing reasons, the Court **SUSTAINS** the Objection with respect to Gay's Claim in its entirety.

**IT IS SO ORDERED.**

Dated:   April 9, 2015
         New York, New York

_____*Martin Glenn*_____
MARTIN GLENN
United States Bankruptcy Judge