**Exhibit V**

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION**

| | |
|---|---|
| **RICHARD D. RODE** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **C.A. No. 12-390** |
| ) | |
| **HOMECOMINGS FINANCIAL, LLC and** ) | |
| **GMAC MORTGAGE, LLC,** ) | |
| ) | |
| Defendants. ) | |

**NOTICE OF BANKRUPTCY**

**AND EFFECT OF AUTOMATIC STAY**

Defendants and debtors, Homecomings Financial, LLC and GMAC Mortgage, LLC (collectively, the "Debtors"), by and through their undersigned counsel, in accordance and consistent with section 362(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), respectfully submit this Notice of Bankruptcy and Effect of Automatic Stay, and state as follows:

1. On May 14, 2012 (the "Petition Date"), the Debtors and certain of their affiliates filed voluntary petitions under Chapter 11 of Title 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court"). The bankruptcy cases of the Debtors and their affiliates are jointly administered under the Chapter 11 Case for the affiliated debtor Residential Capital, LLC, which case is indexed as case number 12-12020.

2. The "automatic stay" is codified in section 362 of the Bankruptcy Code. Section 362(a), *inter alia*, operates as an automatic stay of: (i) the commencement or continuation of a "judicial, administrative, or other action or proceeding" against the Debtors (11 U.S.C. §

362(a)(1)); (ii) acts to "obtain possession of property" of the Debtors' estates (11 U.S.C. § 362(a)(3)); and (iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the Petition Date (11 U.S.C. § 362(a)(6)).

3. The above-captioned action constitutes a "judicial, administrative, or other action or proceeding" against the Debtors, an act to obtain possession of the Debtors' property, and/or an act to collect or recover on a claim against the Debtors.

4. Accordingly, the above-captioned lawsuit is stayed pursuant to 11 U.S.C. § 362(a).

5. Any action taken by the Plaintiff or any other party against any of the Debtors without obtaining relief from the automatic stay from the Bankruptcy Court may be void *ab initio* and may result in finding of contempt by the Bankruptcy Court against Plaintiff or such other party. The Debtors reserve and retain all of their rights to seek relief in Bankruptcy Court from any action, judgment, order, or ruling entered in violation of the automatic stay.

Dated: May 22, 2012
       Birmingham, AL

By: /s/ Graham Gerhardt
Bradley Arant Boult Cummings, LLP
One Federal Place, 1819 Fifth Avenue North
Birmingham, Alabama 35203
Telephone: (205) 521-8000
Facsimile: (205) 521-8800
Graham W. Gerhardt
(Bar No. 24075698)
D. Brian O'Dell
(Bar No. 24044319)

## **CERTIFICATE OF SERVICE**

     I hereby certify that on May 22, 2012, I served a copy of the foregoing via the Court's electronic filing system and facsimile upon the following:

Jeffrey H. Uzick  
UZICK & ONCKEN, P.C.  
238 Westcott  
Houston, Texas 77007  
Facsimile: (713) 869-6699

                                          **/s/ Graham Gerhardt**  
                                          OF COUNSEL