# Exhibit 3

# Proposed Order

ny-1170550

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------------------- )
                                                                          )
In re:                                                                    )    Case No. 12-12020 (MG)
                                                                          )
RESIDENTIAL CAPITAL, LLC, <u>et al</u>.,                                  )    Chapter 11
                                                                          )
                                  Debtors.                                )    Jointly Administered
                                                                          )
------------------------------------------------------------------------- 

**ORDER GRANTING OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST TO CLAIM NUMBERS 5610 AND 5612 FILED BY RICHARD D. RODE**

Upon the objection (the "<u>Objection</u>")[1] of The ResCap Borrower Claims Trust (the "<u>Borrower Trust</u>"), as successor to Residential Capital, LLC and its affiliated debtors (collectively, the "<u>Debtors</u>") with respect to Borrower Claims, seeking entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, disallowing and expunging the Rode Claims (Claim No. 5610 and 5612), for the reasons set forth in the Objection; and the Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the Declaration of Kathy Priore annexed to the Objection as <u>Exhibit 2</u>; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Borrower Trust, the Borrower Trust's beneficiaries, the Debtors, their estates, creditors,

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

2

ny-1170550

and other parties in interest, and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and responses to the Objection, if any, having been resolved, withdrawn or otherwise overruled by this Order; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Rode Claims are each disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the notice and claims agent in these Chapter 11 Cases, is directed to disallow and expunge the Rode Claims so that such claims are no longer reflected on the claims register maintained in the Chapter 11 Cases; and it is further

ORDERED that entry of this Order is without prejudice to the Borrower Trust's right to object to any other claims in these Chapter 11 Cases; and it is further

ORDERED that the Borrower Trust and the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, is deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ny-1170550

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
      New York, New York

 

|  |
|---|
| THE HONORABLE MARTIN GLENN<br>UNITED STATES BANKRUPTCY JUDGE |