# **Exhibit 4**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**DECLARATION OF KATHY PRIORE IN SUPPORT OF THE
RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO PROOFS
OF CLAIM NO. 2769 & 2772 FILED BY ALVIN AND SANDRA LABOSTRIE**

I, Kathy Priore, hereby declare as follows:

1. I serve as Associate Counsel for The ResCap Liquidating Trust (the "**Liquidating Trust**"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). During the Chapter 11 Cases, I served as Associate Counsel in the legal department at Residential Capital, LLC ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"). I joined ResCap on May 1, 2008 as in-house litigation counsel. Prior to my in-house litigation counsel position, I held various roles within the legal department at ResCap.

2. In my role as Associate Counsel of ResCap, I was responsible for the management of residential mortgage-related litigation. In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the Chapter 11 Cases, including with respect to borrower litigation matters pending before this Court. In my current position as Associate Counsel to the Liquidating Trust,

among my other duties, I continue to assist the Liquidating Trust and ResCap Borrower Claims Trust (the "**Borrower Trust**") in connection with the claims reconciliation process.[1]  I am authorized to submit this declaration (the "**Declaration**") in support of the *ResCap Borrower Claims Trust's Objection to Proofs of Claim No. 2769 and 2772 Filed by Alvin and Sandra LaBostrie* (the "**Objection**").[2]

3. In my current and former capacities as Associate Counsel to the Liquidating Trust and ResCap, respectively, I am intimately familiar with the Debtors' claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based on my familiarity with the Debtors' books and records (the "**Books and Records**"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "**Schedules**"), my review and reconciliation of claims, and/or my review of relevant documents.  I or other Liquidating Trust personnel have reviewed and analyzed the proof of claim forms and supporting documentation filed by Alvin and Sandra LaBostrie (the "**Claimants**").  Since the Plan went effective and the Borrower Trust was established, I, along with other personnel of the Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims and determine the appropriate treatment of the same.  In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed

---

[1] The Liquidating Trust and the Borrower Trust are parties to an Access and Cooperation Agreement, dated as of December 17, 2013, which, among of things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection.

proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

        4.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents maintained by the Debtors in the ordinary course of business and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, employees of the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in this Declaration on that basis.

## I. The Loan and the Property

        5.      On December 16, 2006, Wayne Arnold ("**Arnold**") obtained a $755,000 home refinance loan and executed a note (the "**Note**") in favor of GreenPoint Mortgage Funding, Inc. ("**GreenPoint**").[3] *See* First Amended Complaint[4] at ¶ 13. Arnold's obligations under the Note were secured by a deed of trust (the "**Deed of Trust**"[5] and, together with the Note, the "**Loan**") encumbering property located at 1414 – 1416 ½ West 132nd Street, Gardena, CA 90249 (the "**Property**"). The Deed of Trust named as its beneficiary Mortgage Electronic Registration Systems, Inc. ("**MERS**"), as nominee for GreenPoint and its successors and assigns. Marin Conveyancing Corp. was named as the Trustee under the Deed of Trust. The Note was subsequently endorsed in blank.

---

[3] A copy of the Note is attached hereto as Exhibit A.
[4] A copy of the First Amended Complaint is attached hereto as Exhibit B.
[5] A copy of the Deed of Trust is attached hereto as Exhibit C.

6. On February 1, 2007, GMAC Mortgage entered into a Securitization Servicing Agreement for GreenPoint Mortgage Funding Trust 2007-AR1, pursuant to which GMAC Mortgage began servicing the Loan on March 1, 2007.[6]

7. On February 16, 2013, servicing of the Loan was released to Ocwen Loan Servicing, LLC in connection with the closing of the sale of the Debtors' mortgage servicing platform.

8. Although some of Arnold's interest in the Property may have been transferred to the Claimants,[7] as far as I have been able to ascertain from my examination of the Debtors' Books and Records, Claimants never assumed any of Arnold's obligations under the Loan.

## II. The Default and the Trustee's Sale

9. The Loan went into default on July 1, 2008, and the default was not cured prior to the foreclosure sale described further below.

10. On October 9, 2008, MERS executed a Substitution of Trustee, substituting Executive Trustee Services, LLC dba ETS Services, LLC ("**ETS**") as trustee under the Deed of Trust.[8] The Substitution of Trustee was executed on behalf of MERS by Rosalie Solano, who had proper authority under a MERS corporate resolution.[9]

11. Also on October 9, 2008, ETS executed a Notice of Default.[10] The Notice of Default was served on Claimants on November 5, 2008 by Walz Group, LLC ("**Walz**"), a vendor that the Debtors utilized to effectuate service of foreclosure-related documents and notices in accordance with the California Civil Code. I know that the Notice of Default was

---

[6] A copy of the Servicing Agreement is attached hereto as Exhibit D.
[7] A copy of the Grant Deed transferring a portion of Arnold's interest to Claimants is attached hereto as Exhibit E.
[8] A copy of the Substitution of Trustee is attached hereto as Exhibit F.
[9] A copy of a MERS corporate resolution, along with a list of GMAC Mortgage employees who were authorized signatories as of May 28, 2008, is attached hereto as Exhibit G.
[10] A copy of the Notice of Default is attached hereto as Exhibit H.

4

ny-1178011

served on Claimants on November 5, 2008 because, in the ordinary course of the Debtors' business, they received Transaction Reports and Affidavits of Mailing from Walz to be kept in ETS' records that contain information regarding the notices mailed by Walz, along with unique tracking numbers for each mailing. In particular, attached as Exhibit I hereto is a "**Transaction Report**" related to the Loan (identified through the Loan number contained in the "Ref #" column) that was remitted by Walz to ETS and kept in ETS's business records. The "Record Indicator" column of the Transaction Report contains a code reflecting the type of notice sent, the "Article Number" column contains a unique identifier for each mailing, the "USPS Service Type" column reflects the type of service effectuated, and the "Name & Address" column reflects the name and address to which the notice was mailed on the respective date reflected in the "Date Mailed" column.

12. The phrases "CA30DAY_Certified" and "CA30DAY_FirstClass" in the Record Indicator column reflect that a notice of default was mailed by certified mail and first class mail, respectively, to respective name and address, and on the respective date reflected on the Transaction Report. As reflected in the Transaction Report, Claimants were each served with the Notice of Default on November 5, 2008 by first class and certified mail at both 855 W 125th St, Los Angeles, CA 90044-3811 and 1416 ½ W 132nd St, Gardena, CA 90249-2106. *See* Transaction Report at 2-3.

13. On January 15, 2009, a Notice of Trustee's Sale was served on Claimants by Walz, indicating that a trustee's sale of the Property would take place on February 13, 2009. The Notice of Trustee's Sale was thereafter recorded on January 16, 2009.[11]

14. I know that the Notice of Trustee's Sale was served on the Claimants on January 15, 2009 because the Transaction Report described above reflects the mailing. The

---

[11] A copy of the Notice of Trustee's Sale is attached hereto as Exhibit J.

5

ny-1178011

phrases "CANTS_Certified" and "CANTS_FirstClass" in the Record Indicator column reflect that a notice of trustee's sale was mailed by certified mail and first class mail, respectively, to respective name and address, and on the respective date reflected on the Transaction Report. As reflected in the Transaction Report, Claimants were each served with the Notice of Trustee's Sale on January 15, 2009 by first class and certified mail at each of (i) 855 W 125th St, Los Angeles, CA 90044-3811, (ii) 1416 ½ W 132nd St, Gardena, CA 90249-2106, and (iii) 1414-1416 ½ W 132nd Street, Gardena, CA 90249. *See* Transaction Report at 3-5.

15. On February 12, 2009, Arnold sought bankruptcy relief in the United States Bankruptcy Court for the Central District of California.[12] During the Arnold bankruptcy case, GMAC Mortgage was granted relief from the automatic stay to pursue its remedies with respect to its interest in the Property.[13]

16. On July 13, 2009, the Deed of Trust was assigned to GMAC Mortgage.[14]

17. Arnold received a chapter 7 discharge on July 23, 2009. Subsequently, he filed a new petition for chapter 13 relief (Case No. 09-37784) on October 13, 2009, which case was dismissed on November 30, 2009.[15]

18. The Trustee's Sale was ultimately conducted on January 13, 2010 after ten postponements,[16] and a Trustee's Deed Upon Sale was issued to the purchaser at the sale, U.S. Bank, N.A., as trustee of GPMFT 2007-AR1.[17]

---

[12] Arnold appears to have filed both a chapter 13 petition (Case No. 09-13157) and a chapter 7 petition (Case No. 09-13091) on February 12, 2009. The chapter 13 case was dismissed on March 10, 2009. Copies of the docket reports for Case Nos. 09-13157 and 09-13091 are attached hereto as Exhibits K and L, respectively.
[13] A copy of the bankruptcy court order in the Arnold bankruptcy case granting GMAC Mortgage relief from the automatic stay is attached hereto as Exhibit M.
[14] A copy of the Assignment of Deed of Trust is attached hereto as Exhibit N.
[15] A copy of the docket report for Case No. 09-37784 is attached hereto as Exhibit O.
[16] Copies of each of the ten certificates of postponement that were provided to ETS for its records by its vendor, LPS Agency Sales and Posting, are attached hereto collectively as Exhibit P.
[17] A copy of the Trustee's Deed Upon Sale is attached hereto as Exhibit Q.

6

ny-1178011

**III.    The Unlawful Detainer Action**

19.    On May 14, 2010, U.S. Bank N.A., as trustee of GPMFT 2007-AR1, filed an unlawful detainer action against, among others, Mr. LaBostrie seeking possession of the Property, captioned *US Bank NA, as Trustee of GPMFT 2007-AR1 v. Arnold*, Case No. SB10700668 (the "**Unlawful Detainer Case**").[18] On or about June 22, 2010, the court entered judgment in favor of U.S. Bank for possession of the Property.[19]

20.    Mr. LaBostrie appealed the judgment of the trial court and, on July 29, 2011, the Appellate Division of the Superior Court, State of California, County of Los Angeles (the "**Appellate Division**") affirmed the judgment for possession entered by the trial court.[20]

21.    While the appeal was pending, Claimants submitted information regarding their financial situation to GMAC Mortgage. Despite the fact that the Trustee's Sale had been completed approximately 16 months earlier, GMAC Mortgage considered the Claimants' financial information to determine if they could qualify for a Loan modification. GMAC Mortgage determined that Claimants had insufficient income and cash available to make even modified payments under the Loan.

**IV.    The State Court Action**

22.    On November 23, 2010, Claimants filed a complaint (the "**Complaint**") against GMAC Mortgage, U.S. Bank N.A., as trustee of GPMFT 2007-AR1, MERS, and ETS (collectively, the "**Defendants**") in the Superior Court of California, County of Los Angeles, Central Division (the "**State Court**"), captioned *LaBostrie* v. *GMAC Mortgage, LLC*, Case No. BC450042 (the "**State Court Action**").[21]

---

[18] Copies of the complaint and docket sheet in the Unlawful Detainer Action are attached hereto as Exhibits R & S.
[19] A copy of the judgment in the Unlawful Detainer Action is attached hereto as Exhibit T.
[20] A copy of the Appellate Division's decision in the Unlawful Detainer Action is attached hereto as Exhibit U.
[21] A copy of the docket report for the State Court Action is attached hereto as Exhibit V.

7

ny-1178011

23. On October 18, 2011, the Defendants filed their *Motion for Summary Judgment, or Alternatively, for Summary Adjudication* ("**Defendants' MSJ**").

24. The Defendants' MSJ, originally set for hearing on January 6, 2012, was continued to February 6, 2012, with a trial, if necessary, scheduled to commence on February 14, 2012. Both hearings were vacated as a result of Claimants' January 13, 2012 filing of a chapter 7 petition in the United States Bankruptcy Court for the Central District of California (Case No. 12-11261).[22] Claimants received a discharge on May 7, 2012.

## V. The Debtors' Request for Additional Information Regarding the Claims

25. On June 21, 2013, the Debtors sent a letter to Claimants requesting additional information regarding their Claims.

---

[22] A copy of the docket report for Claimants' chapter 7 case is attached hereto as Exhibit W.

8

ny-1178011

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated:  April 9, 2015

/s/ Kathy Priore
Kathy Priore
Associate Litigation Counsel for
The ResCap Liquidating Trust

## EXHIBIT LIST

| | |
|---|---|
| Exhibit A | Note |
| Exhibit B | First Amended Complaint |
| Exhibit C | Deed of Trust |
| Exhibit D | Servicing Agreement |
| Exhibit E | Grant Deed |
| Exhibit F | Substitution of Trustee |
| Exhibit G | MERS Corporate Resolution |
| Exhibit H | Notice of Default |
| Exhibit I | Transaction Report |
| Exhibit J | Notice of Trustee's Sale |
| Exhibit K | Chapter 13 Docket Report (Case No. 09-13157) |
| Exhibit L | Chapter 7 Docket Report (Case No. 09-13091) |
| Exhibit M | Order Granting Stay Relief to GMAC Mortgage |
| Exhibit N | Assignment of Deed of Trust |
| Exhibit O | Arnold Chapter 13 Docket Report (Case No. 09-37784) |
| Exhibit P | Certificates of Postponement |
| Exhibit Q | Trustee's Deed Upon Sale |
| Exhibit R | Unlawful Detainer Action Complaint |
| Exhibit S | Unlawful Detainer Action Docket |
| Exhibit T | Unlawful Detainer Action Judgment |
| Exhibit U | Unlawful Detainer Action Appellate Decision |
| Exhibit V | State Court Action Docket Report (Case No. BC450042) |
| Exhibit W | Chapter 7 Docket Report (Case No. 12-11261) |

ny-1178011