## **Exhibit B**

**CALENDARED**

Resp Due 10/1

1   BARBARA J GILBERT, ESQ. (SBN 102073)
    The Law Office of Barbara J Gilbert.
2   2230 W Chapman Ave #203
    Orange, Ca 92868
3   Tel:    (949)  854-1838
    Fax:    (949)  419-2279
4   Email: legallink1@gmail.com

5   Attorney for Plaintiffs
    Alvin LaBostrie, Sandra LaBostrie
6

7

8               **SUPERIOR COURT OF CALIFORNIA**

9           **COUNTY OF LOS ANGELES-CENTRAL DISTRICT**

10

11  ALVIN LABOSTRIE, SANDRA          )   CASE NO. BC450042
    LABOSTRIE                        )
12                                   )   Assigned To Hon Abraham A Khan
    Plaintiffs                       )   Dept. 51
13                                   )
       vs.                           )   FIRST AMENDED COMPLAINT FOR:
14                                   )
    GMAC MORTGAGE, LLC; U.S. BANK    )   1.  WRONGFUL FORECLOSURE
15  N.A., AS TRUSTEE OF GPMFT 2007-AR1; )  Violation of Civil Code section 2924b &
    MORTGAGE ELECTRONIC              )   2934a
16  REGISTRATION SYSTEMS, INC.; ETS  )   2.  UNLAWFUL, UNFAIR AND
    SERVICES, LLC and DOES 1-100     )   DECEPTIVE BUSINESS PRACTICES
17                                       Violation of Business and Professions Code
    Defendants                           section17200 et seq
18  _____     3.  DECLARATORY RELIEF

19

20

21

22  Plaintiffs, ALVIN LABOSTRIE and SANDRA LABOSTRIE respectfully allege and submit this

23  Complaint, as follows:

24  1. Plaintiffs ALVIN LABOSTRIE and SANDRA LABOSTRIE are an individuals who are and at

25  all times relevant to this action, were, residents of the County of Los Angeles, State of California

26  and 99% owners of a parcel of real property, improved with a multi-family four unit rental

27  dwelling in Los Angeles County, California, A.P.N.6102-009-012, commonly known as 1414,

28  1414 ½, 1416, and 1416 ½ W 132nd Street, Gardena, Ca 90249.

                                    1

1  2. Plaintiffs are informed and believe, and based thereon, allege that defendant GMAC

2  MORTGAGE, LLC ("GMAC") is a Delaware corporation, qualified to do business in California

3  and purports to be the servicing agent for US BANK, N.A. AS TRUSTEE.

4  3. Plaintiffs are informed and believe, and based thereon allege, that defendant U.S. BANK,

5  N.A., AS TRUSTEE FOR GPMFT 2007-AR1 ("US BANK") is a nationally chartered bank,

6  doing business in California, and purporting to be the trustee for trust GPMFT2007-AR1.

7  4. Plaintiffs are informed and believe, and based thereon allege, that defendant MORTGAGE

8  ELECTRONIC REGISTRATION SYSTEMS, INC, ("MERS") is, and at all times relevant

9  hereto was,  a Delaware Corporation doing business in California.

10  5. Plaintiffs are informed and believe, and based thereon allege, that defendant ETS SERVICES,

11  LLC, ("ETS") is a Delaware Limited Liability Company, doing business in the State of

12  California by providing non-judicial foreclosure services.  ETS is a subsidiary of GMAC

13  MORTGAGE, LLC.

14  6. The true names and capacities of DOES 1-10, inclusive, whether individual, corporate,

15  partnership, associate or otherwise, are presently unknown to Plaintiffs, who therefore sue such

16  Defendants by such fictitious names.  Plaintiffs allege on information and belief that each

17  fictitiously named Defendant is responsible in some manner for the events described herein and

18  is liable to Plaintiffs for the damages they have incurred.  Plaintiffs will amend this Complaint to

19  show the true names and capacities of the DOE Defendants when they have been ascertained.

20  7. Whenever reference is made in this Complaint to any act of any Defendant(s), that allegation

21  shall mean that each Defendant acted individually and jointly with the other Defendants.

22  8. Any allegation about acts of any corporate or other business Defendant means that the

23  corporation or other business did the acts alleged through its officers, directors, employees,

24  agents, brokers and/or representatives while they were acting with the actual or ostensible scope

25  of their authority.  The exact terms and conditions of the agency, representation, or employment

26  relationships are presently unknown to Plaintiffs, but when the information is ascertained, leave

27  of court will be sought.

28  9. At all relevant times, each Defendant committed the acts, caused or directed others to commit

2

1   the acts, or permitted others to commit the acts alleged in this Complaint.  Additionally, some or

2   all of the defendants acted as agent or assignee or the substitute of other Defendants and all of

3   Defendants acted within the scope of their agency if acting as an agent, the assignee or the

4   substitute of another.

5   10.  At all relevant times, each Defendant knew or realized that the other Defendants were

6   engaging in or planned to engage in the violations of law alleged in this Complaint.  Knowing or

7   realizing that other Defendants were engaging in or planning to engage in unlawful conduct,

8   each Defendant nevertheless facilitated the commission of those unlawful acts, and thereby aided

9   and abetted the other Defendants in the unlawful conduct.

10   11.  At all relevant times, Defendants have engaged in conspiracy, common enterprise, and

11   common course of conduct, the purpose of which is and was to engage in violations of law as

12   alleged in this complaint.  This conspiracy, common enterprise, and common course of conduct

13   continues to the present.

14   12.  Venue is proper in this court as the Subject Property is located within its' jurisdiction.  The

15   violations of law alleged in this complaint occurred in Los Angeles, California.

16   <center>**BACKGROUND FACTS**</center>

17   13. On December 15, 2004, Plaintiffs Alvin LaBostrie and Sandra LaBostrie's son, Wayne

18   Arnold ("Arnold") and his wife Vanessa Arnold, acquired title to the property herein, a four unit

19   multi family building commonly known as 1414 W. 132nd Street, Gardena, Ca. 90249 for

20   $650,000.  The property was financed with a 1st and 2nd loan from Sunset Mortgage.

21   Subsequently, on December 14, 2006, Wayne Arnold refinanced the property and obtained a

22   loan from Greenpoint Mortgage for $755,000.  The loan provided an adjustable interest rate with

23   incremental interest rate increases over the life of the loan and low and high interest caps.  The

24   Deed of Trust designated Greenpoint Mortgage as the lender, appointed Marin Conveyancing as

25   the trustee, and MERS, identified as a "separate corporation", acting as solely a nominee for the

26   lender.

27   14.  During 2007, the Gardena fourplex, which had built in the 1950's, required significant

28   repairs, management and maintenance.  Plaintiffs, Alvin LaBostrie, a retired disabled LAPD

<center>3</center>

1    officer, and Sandra LaBostrie, entered into an agreement with Arnold to undertake the property

2    repairs, management and maintenance.  Accordingly, on April 18, 2007, Wayne Arnold deeded

3    99% of his interest in the property to plaintiffs, his mother and step father, Alvin LaBostrie and

4    Sandra LaBostrie, while retaining a 1% ownership for himself.   The deed was subsequently

5    recorded in the office of the Los Angeles County Recorder on May 4, 2007. (Attached hereto as

6    Exhibit 1)

7    15. At all times, the plaintiffs were aware that they took the property subject to the existing note

8    and deed of trust with Greenpoint Mortgage, and accordingly, throughout 2007 and 2008,

9    plaintiffs continued to make the mortgage payments on the Greenpoint loan obtained by Wayne

10   Arnold in 2006.   Due to escalating cost of repairs, maintenance, unexpected tenant vacancies

11   and the overall decline in the economy, the plaintiffs were unable to make the mortgage payment

12   which came due and owing on July 1, 2008.  In October 2008, GMAC commenced foreclosure

13   proceedings on the property against Wayne Arnold as trustor, and Alvin LaBostrie and Sandra

14   LaBostrie as successors in interest, and assigned the foreclosure to Executive Trustee Services,

15   LLC (ETS).

16   16. Plaintiffs are informed and believe, following Arnold's execution of the promissory note and

17   deed of trust in December 2006,  all rights, title and interest the Arnold Greenpoint promissory

18   note and deed of trust were were sold to the investors of the GPMFT 2007-AR1.    Based on

19   defendants representations and appearance in this action, the current beneficial owner of the loan

20   is US Bank NA, as trustee for Greenpoint Mortgage Fund Trust 2007-AR1 (GPMFT 2007-AR1)

21   and defendant GMAC Mortgage is acting as servicer.

22   17.  Prior  to the sale of the Arnold loan to the GPMFT 2007-AR1, various registration

23   documents were filed with the SEC pertaining to the creation of the GPMFT 2007-AR1 trust

24   beginning February 26, 2007.  The SEC documents include the Prospectus, FW Prospectus,

25   Pooling and Servicing Agreement, Trust Agreement, Underwriting Agreement and Mortgage

26   Loan and Sale and Assignment Agreement.

27   http://www.secinfo.com/d12TC3.uCyj.c.htm

28

4

1  18. Pursuant to the Trust Agreement, Exhibit 4.1,  dated February 1, 2007, Lehman Brothers

2  Holdings, Inc (Lehman) as **seller** sold to Structured Asset Securities Corporation (SASC) as

3  **depositor,** all of its rights, title and interest in and to the Mortgage Loans and, Structured Asset

4  Securities Corporation transferred, assigned, deposited and conveyed, all right, title and interest

5  to the Mortgage Loans to US Bank as **Trustee** for the GPMTF 2007-AR1.    The closing date for

6  all loans in the trust was February 28, 2007.  In conjunction with the transfer and assignment,

7  SASC delivered to US Bank as trustee, a mortgage file for each mortgage loan in the trust which

8  contained, the original Mortgage Note endorsed without recourse to the trustee and all necessary

9  intervening endorsements and the original recorded mortgage (deed of trust CA) with evidence

10  of recording.   Accordingly, in order for the Arnold loan to be owned by this trust, as of the

11  closing date of February 28, 2007, the following endorsements were delivered to the trustee for

12  GPMFT 2007-AR1:

13  • Greenpoint Mortgage to Lehman Brothers

14  • Lehman Brothers to Structured Asset Securities Corporation

15  • Structured Asset Securities Corporation to US Bank as Trustee for GPMFT 2007-AR1

16  Pursuant to the terms of the trust agreement governing this sale, as of **February 28, 2007, the**

17  **beneficial owner of the Arnold loan was US Bank as Trustee, for the GPMFT 2007-AR1**,

18  for the benefit of the certificate holders under the trust agreement. (Pertinent portions of

19  February 1, 2007 Trust Agreement of GPMFT 2007 AR1 attached hereto as Exhibit 2).

20  19.  Throughout 2006-2010, it has been revealed through discovery, hearings, trials and motions,

21  in other nationwide litigation, GMAC has engaged in a pattern and practice of signing and

22  submitting false affidavits, declarations, documents, evidence and records in order to advance

23  their goal of foreclosing on property and depriving plaintiffs of their property.  In May 2006, the

24  Circuit Court of the Fourth Judicial Circuit in and Duvall County Florida sanctioned GMAC in a

25  mortgage foreclosure case because an employee of GMAC Mortgage had signed and submitted a

26  false affidavit to support a foreclosure when she had neither reviewed the documents, nor signed

27  in the presence of a notary.  In a 2009 Florida foreclosure case, GMAC employee Jeffrey

28  Stephan testified that he signed 10,000 affidavits per month without reviewing the accuracy of

5

1    the information or signing in the presence of a notary. Further deposition testimony revealed this

2    was the custom and practice in many GMAC foreclosures. In October, 2010, the Ohio Attorney

3    General, Richard Cordray filed an action against GMAC, referencing the Florida and Maine

4    lawsuits and addressing the pattern and practice of utilizing false and fraudulent documentation

5    to foreclose on Ohio residents. (http://www.ohioattorneygeneral.gov/GMACAllySuit)

6     In the above referenced matters, and many others, the agents of GMAC prepared the affidavits,

7    frequently utilizing MERS "titles", to mislead the courts on such matters as who kept applicable

8    records, who the holder of the note was, the amount due to whoever the holder of the note was

9    and whether proper notice alleging default had been sent.

10    20. GMAC referred the loan for foreclosure to ETS in October 2008, and the foreclosure referral

11    indicated that US Bank, NA as trustee was the beneficial owner of the loan. Despite the fact that

12    US Bank as trustee for the GPMFT 2007-AR1 was the beneficial owner of the loan, and that all

13    title rights and interest in the loan had been transferred three times prior to February 28, 2007,

14    ETS proceeded as if MERS retained some interest in the Deed of Trust. On October 14, 2008,

15    ETS employee Rosalie Solano, claiming to be an Assistant Secretary of MERS, filed a

16    Substitution of Trustee purporting to substitute ETS as trustee in place of Marin Conveyancing.

17    Ms. Solano represented that MERS was the original beneficiary under the original Deed of Trust

18    dated December 14, 2006, and falsely claimed that MERS was the ***"present beneficiary under***

19    ***said deed of Trust."*** The Substitution of Trustee was notarized by Dee C Ortega on October 9,

20    2008. MERS was not the beneficiary of the deed of trust on October 9, 2008, Rosalie Solano

21    was not a MERS "certifying officer", nor was ETS a MERS "member", both prerequisites to

22    being permitted to process non judicial foreclosures by executing documents on behalf of MERS.

23    (Attached hereto as Exhibit 3)

24    21. Pursuant to CC 2934a(b), a Notice of Substitution of Trustee must be mailed to all parties

25    entitled to notice of the Notice of Default under CC 2924b which requires two mailings, one by

26    certified mail, CC 2924b(c)(1) ***and*** one by first class mail CC 2924b(e). Plaintiffs are parties

27    entitled to notice as successors in interest, and defendants did not comply with the statutory

28    mailing requirements for the Notice of Substitution of Trustee.

22. On October 14, 2008 defendant ETS recorded a Notice of Default on the property which contained the following misrepresentations:

- The Notice of Default falsely ***represented that MERS was the beneficiary of the Deed of Trust***, and that the beneficial interest under the deed of trust and obligations were "presently held by the undersigned". The "undersigned" was Anabel Mardros, Trustee Sale Officer for ETS Services, LLC as agent for beneficiary.

- The Notice of Default falsely stated that said beneficiary, MERS, had delivered a Declaration of Default and Demand for payment and that the obligations were currently held by MERS. Despite the fact that plaintiffs were only four payments of $2999.92 in arrears, the amount due on the Notice of Default was $16,787.91. Anabel Mardros as an employee of ETS, had no personal knowledge of the loan status or the total amount of the arrearages.

- Ms. Mardros falsely states that the beneficiary or an agent had attempted to make contact with the borrower pursuant to Civil Code section 2923.5 when she had no knowledge of whether such contact had been made.

MERS was not a beneficiary of the deed of trust on October 8, 2008, Ms. Mardros was not a MERS "certifying officer", nor was ETS a MERS "member", both prerequisites to being permitted to process non judicial foreclosures by executing documents on behalf of MERS. (Attached hereto as Exhibit 4)

23. Pursuant to CC 2924b the Notice of Default must be mailed to all parties entitled to notice of which requires two mailings, one by certified mail, CC 2924b(c)(1) ***and*** one by first class mail CC 2924b(e). Plaintiffs are parties entitled to notice as successors in interest, and defendants did not comply with the statutory mailing requirements for the Notice of Default.

24. A Notice of Trustee Sale designating a sale date of February 13, 2008 was recorded on January 16, 2009. The Notice demanded the total balance of $849,621.67 as due and payable which as calculated by ETS employee Ileanna Petersen, an individual without personal knowledge of the loan status or default amount. (Attached hereto as Exhibit 5)

25. Pursuant to CC 2924b, Notice of the Trustee sale must be mailed to all parties entitled to

7

1 | notice which requires two mailings, one by certified mail, CC 2924b(c)(3) **_and_** one by first class
2 | mail CC 2924b(e).  Plaintiffs are parties entitled to notice as successors in interest, and
3 | defendants did not comply with the statutory mailing requirements for the Notice of Trustee's
4 | Sale.
5 | 26.  On February 12, 2009, Wayne Arnold filed a Voluntary Petition under Chapter 13 of Title
6 | 11 United States Code in the Central District of California and at that time, the foreclosure of the
7 | Gardena property was stayed.  The bankruptcy was dismissed on November 30, 2009, but prior
8 | to the dismissal, GMAC manufactured an Assignment of Deed of Trust assigning the Deed of
9 | Trust and Note to itself in order to submit it to the Bankruptcy Court to support a Motion For
10 | Relief From Stay pertaining to the property.  The document purported to assign and transfer to
11 | GMAC "all beneficial interest under the Deed of Trust Dated December 14, 2006", "together
12 | with the Note or Notes therein…the money due or to become due thereon with interest".  The
13 | Assignment was signed and notarized in Montgomery County Pennsylvania, by Sandy
14 | Broughton, representing herself to be an Assistant Secretary of MERS with authority to act as
15 | nominee for Greenpoint Mortgage Funding, Inc., when she was in fact a clerical employee of
16 | GMAC with no such authority to transfer the Deed of Trust and the note to her employer
17 | GMAC.  Greenpoint Mortgage had no authority to transfer any interest as they sold all rights and
18 | interest in the Arnold loan and, the beneficiary had been US Bank as trustee for the GPMFT
19 | 2007-AR1 since February 28, 2007. The Motion was granted on August 18, 2009 and one day
20 | later, on August 19, 2009, the Assignment of Deed of Trust was recorded. (Attached hereto as
21 | Exhibit 6).
22 | 27.  On January 13, 2010, ETS proceeded with the Trustee Sale on the property.  No notice was
23 | given to plaintiffs Alvin LaBostrie or Sandra LaBostrie.  In response to Requests for Admissions
24 | propounded to ETS, ETS admitted "The preparation, mailing and recording of an additional
25 | notice of trustee's sale setting a sale date of January 13, 2010 **_was not required_** under the plain
26 | language of the comprehensive and exhaustive statutory framework governing California
27 | nonjudicial foreclosure sales as well as case law interpreting that statutory framework. (Civil
28 | Code section 2924g. (RQA to ETS # 13, p. 7, Attached hereto as Exhibit 7)

<div align="center">8</div>

28. The sale went forward on January 13, 2010 at 10:30 AM and ETS claims the property reverted to "the beneficiary" US Bank NA, as trustee for GPMFT 2007-AR1 despite the fact that the Assignment of Deed of Trust recorded on August 19, 2009 transferred "all beneficial interest" to GMAC.  At 5:26 PM on January 13, 2010, ETS employee Phyllis Lam realized that the sale had gone forward improperly as US Bank NA, as trustee for GPMFT 2007-AR1 was not the foreclosing beneficiary as a result of the manufactured Assignment of Deed of Trust recorded on August 19, 2009 transferring all "beneficial interest" to GMAC.  In an email designated as "High Importance" to Elizabeth Ogbomon, she requests a manufactured assignment from GMAC to US Bank NA as trustee for GMPFT 2007-AR1 in an unsuccessful attempt to retroactively validate the trustee sale. ( ETS Response To Plaintiff's Request For Production of Documents ETS00148 attached hereto as Exhibit 8)

29. A Trustee's Deed Upon Sale was issued by Kathleen Gowen, as a Limited Signing Officer for ETS and the amount paid by the grantee, US Bank, NA as trustee of GPMFT 2007-AR1 was $517,000.  The declaration of Ms. Gowen, signed out of the presence of the notary Gisela A Clark,  under penalty of perjury, falsely stated that "the grantee was the foreclosing beneficiary", that "a conveyance was made in compliance with the terms and provisions of the Deed of Trust executed by Wayne Arnold", and that "Trustee (having) complied with all applicable statutory requirements of the California including….sending the Notice of Default and Election to Sell within ten days after it's recording…and Notice of Sale…to each person entitled to notice in compliance with California Civil Code section 2924b".  Said representations were false. Six days after the alleged signing, the document was notarized by ETS employee Gisela A Clark. (Attached hereto as Exhibit 9 ).

30. On March 24, 2011, defendant ETS produced all documents evidencing all notices sent by ETS which they claim satisfied their statutory duties of mailing in relation to the foreclosure sale of January 13, 2010 which included five documents constituting proof of mailing:

- An Affidavit of Mailing which representing the mailing of an unidentified document on October 21, 2008 to Wayne Arnold only, and not to plaintiffs.  The document did not provide proof of certified mailing pursuant to the USPS standard. (ETS00001)

9

1     • An Affidavit of Mailing which represented the mailing of an unidentified document on

2        November 5, 2008 to several recipients, including plaintiff at their address of record 855

3        W 125th Street, Los Angeles, Ca 90044.  Although the document claimed the mail was

4        sent certified, it did not provide proof of certified mailing pursuant to the USPS standard.

5        (ETS00002)

6     • An Affidavit of Mailing which represented the mailing of an unidentified document on

7        November 5, 2008 first class mail to plaintiffs at their address of record, 855 W 125th

8        Street, Los Angeles, Ca. 90044. (ETS00003)

9     • An Affidavit of Mailing which represented the mailing of an unidentified document on

10       December 30, 2008, but did not mail a copy to plaintiffs at their address of record, 855 W

11       125th Street, Los Angeles, Ca. 90044. (ETS00004)

12     • An Affidavit of Mailing which represented the mailing of an unidentified document on

13       January 15, 2009 to plaintiffs at their address of record, 855 W 125th Street, Los Angeles,

14       Ca.  Although the document claimed it was sent certified, it did not provide proof of

15       certified mailing pursuant to the USPS standard. (ETS00005-00006)

16    (Defendant ETS Responses To Plaintiffs' Request For Production of Documents 00001-

17    00006 attached hereto as Exhibit 10)

18  31.  The evidence produced by defendant ETS fails to establish that they meet the statutory

19  requirements of mailing by ***certified and first class mail, the Notice of Default*** to plaintiffs,

20  Alvin LaBostrie and Sandra LaBostrie pursuant to CC 2924b(c)(1) and 2924b(e) to their address

21  of record, 855 West 125th Street, Los Angeles, Ca 90044.

22  32.  The evidence produced by defendant ETS fails to establish that they met the statutory

23  requirements of mailing by ***certified and first class mail, the Substitution of Trustee*** to

24  plaintiffs, Alvin LaBostrie and Sandra LaBostrie pursuant to CC 2934a(b)  2924b(c)(1) and

25  2924b(e) to their address of record, 855 West 125th Street, Los Angeles, Ca 90044.

26  33.  The evidence produced by defendant ETS fails to establish that they meet the statutory

27  requirements of mailing by ***certified and first class mail, the Notice of Trustee Sale*** set for

28  February 13, 2009 to plaintiffs, Alvin LaBostrie and Sandra LaBostrie pursuant to  CC

<div align="center">10</div>

1    2924b(c)(3) and 2924b(e) to their address of record, 855 West 125th Street, Los Angeles, Ca

2    90044.

3    34. The evidence produced by defendant ETS fails to establish that they meet the statutory

4    requirements of mailing by *certified and first class mail*, *the Notice of Trustee Sale* set for

5    January 13, 2010 to plaintiffs, Alvin LaBostrie and Sandra LaBostrie pursuant to CC 2924b(c)(3)

6    and 2924b(e) to their address of record, *855 West 125th Street, Los Angeles, Ca 90044.* Further,

7    defendant ETS admitted in response to Requests for Admissions that Notice of Trustee Sale of

8    January 13, 2010 had not been sent to plaintiffs. (Exhibit 7).

9    35. On January 27, 2010, plaintiff Alvin LaBostrie received calls from all of the tenants of the

10    Gardena property advising him that a notice had been posted on the property stating that the

11    property had been foreclosed on and was being managed by GMAC agent Arico & Associates.

12    On January 29, 2010, plaintiff was further notified that agents of GMAC were cutting locks off

13    of the property doors, harassing, threatening and intimidating tenants some of whom had lived at

14    the property over ten years.

15    36. US Bank subsequently instituted an Unlawful Detainer action against the tenants Williams,

16    Kelly and Rodulfo. In support of that litigation, GMAC further submitted false and fraudulent

17    documentation to obtain a judgment against the tenants. Rodulfo was subsequently evicted from

18    the property. The UD matter is currently on appeal.

19    37. On April 13, 2011, The Board of Governors of the Federal Reserve and the FDIC released a

20    Consent Order signed by Ally Bank, on behalf of GMAC Mortgage pertaining to the servicing

21    activities of GMAC from January 1, 2009 to December 31, 2010. Although Ally Bank and

22    GMAC neither admitted nor denied the allegations, they *were ordered to cease and desist*

23    *unsound and unsafe banking practices* and take affirmative action to review foreclosures to

24    determine whether:

25        i.      at the time the foreclosure action was initiated or the pleading or affidavit filed

26                (including bankruptcy proceedings in defending suits brought by borrowers), the

27                foreclosing party of the agent of the party had properly documented ownership of the

28        the promissory note and mortgage (or deed of trust) under relevant state law, or was

<div align="center">11</div>

1    otherwise a proper party to the action as a result of agency or other similar status;

2    (ii) whether the foreclosure was in accordance with applicable federal

3    and state laws, including but not limited to, the Servicemembers Civil Relief Act and the

4    U.S. Bankruptcy Code;

5    (iii) whether, with respect to non-judicial foreclosures, the procedures

6    followed with respect to the foreclosure sale (including the calculation of the default period,

7    the amounts due, and compliance with notice periods) and post-sale confirmation were in

8    accordance with the terms of the mortgage loan and state law requirements;

9    (iv) whether a foreclosure sale occurred when the borrower had

10    requested a loan modification or other loss mitigation and the request was under

11    consideration, when the loan was performing in accordance with a trial or permanent loan

12    modification, or when the loan had not been in default for a sufficient period to authorize

13    foreclosure pursuant to terms of the mortgage loan documentation and related agreements;

14    (v) whether any delinquent borrower's account was charged fees or

15    penalties that were not permissible under the terms of the borrower's loan documents, state

16    or federal law, or were otherwise unreasonable.

17    (Ally Bank Consent Order p. 11-13, Plaintiffs RJN).

18    Within 45 days, GMAC Mortgage was ordered to submit to the Reserve Bank an acceptable

19    plan to:

20    i.    remediate, as appropriate, errors, misrepresentations, or other deficiencies in any

21         foreclosure filing or other proceeding;

22    iv.    take appropriate steps to *remediate any foreclosure sale where the foreclosure was*

23         *not authorized as described in paragraph 3.*

24    (Ally Bank Consent Order p. 13, Plaintiffs RJN).

25    38. The consent order was entered into by Ally Bank waiving rights to issuance of notice of

26    charges, a hearing for the purpose of taking evidence, judicial review of the Consent Order,

27    contest the issuance of the Order by the FDIC or the right to challenge, contest, in any manner,

28    the basis, issuance, validity, terms, effectiveness or enforceability of the Order of any provision.

12

1  The Order specifically declined to create a private right of action for any person on the basis of

2  the Order alone. (Ally Bank Consent Order p. 6, p.41 Plaintiffs RJN).

3

4  **FIRST CAUSE OF ACTION ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

5  **WRONGFUL FORECLOSURE**

6  Violation of Civil Codes section 2924b, 2934a(b)

7  39. Plaintiffs reallege and incorporate all paragraphs above, and incorporate them by reference

8  as if fully set forth herein.

9  40. At all times relevant hereto, there was in force and effect, California statutes, including, but

10  not limited to, Civil Code sections 2924 et. seq which regulate the manner in which non-judicial

11  foreclosures may be conducted in the State of California. Among other things, these statutes set

12  times limits on when a non-judicial foreclosure can be conducted, the manner in which the non-

13  judicial foreclosure can be conducted, the notices which must be provided to those grantors or

14  others with an interest in the subject property before any sale can be conducted. These statutes

15  were enacted to protect people in a class of which the plaintiffs were members, and said statutes

16  were intended to protect the plaintiffs from the very harm that they have suffered as a proximate

17  result of the conduct of the defendants, and each of them. Plaintiffs obtained title to the property

18  subject to the promissory note executed by Wayne Arnold, and the deed of trust security interest

19  which encumbered his property. Said deed of trust requires compliance with the statutory

20  requirements of California law.

21  41. Pursuant to CC 2924b the ***Notice of Default*** must be mailed to all parties entitled to notice

22  of which requires two mailings, one by certified mail, CC 2924b(c)(1) ***and*** one by first class mail

23  CC 2924b(e). Plaintiffs are parties entitled to notice as successors in interest and defendants

24  failed to comply with the statutory requirements for mailing of the Notice of Default.

25  42. Pursuant to CC 2934a(b), a ***Notice of Substitution of Trustee*** must be mailed to all parties

26  entitled to notice of the Notice of Default under CC 2924b which requires two mailings, one by

27  certified mail, CC 2924b(c)(1) ***and*** one by first class mail CC 2924b(e). Plaintiffs are parties

28  entitled to notice as successors in interest and defendants failed to comply with the statutory

13

1  requirements for mailing of the Notice of Substitution of Trustee.

2  43.  Pursuant to CC 2924b, ***Notice of the Trustee Sale*** must be mailed to all parties entitled to

3  notice which requires two mailings, one by certified mail, CC 2924b(c)(3) ***and*** one by first class

4  mail CC 2924b(e).  Plaintiffs are parties entitled to notice as successors in interest, and

5  defendants did not comply with the statutory mailing requirements for the Notice of Trustee's

6  Sale on January 13, 2010, or on February 13, 2009.

7  44.  On January 27, 2011, plaintiffs propounded A Request For Production of Documents on

8  defendant ETS requesting all documents evidencing mailings pertaining to the property 1414 W

9  132nd Street, Gardena by registered or certified mail on plaintiffs Alvin La Bostrie and Sandra

10  LaBostrie.  The verified responses submitted by ETS to the discovery propounded on the mailing

11  issue confirmed that ETS failed to comply with the statutory requirements. (Exhibit 10)

12  45.  The defendants, ETS as the agent of GMAC and US BANK, and each of them, by way of

13  the above described acts and/or omissions of their own or of their agents, violated California

14  Civil Code 2924b(c)(1) and 2924b(c)(3) and 2934a(b) by failing to give required notice by

15  certified mail, postage prepaid to plaintiffs of the Notice of Default, the Notice Trustee Sale and

16  the Notice of Substitution of Trustee.   Accordingly, based on defendants failure to comply with

17  the mandatory statutory mailing requirements, the foreclosure sale of January 13, 2010

18  pertaining to the property at 1414 132nd Street, Gardena, Ca is void.

19  46.  As a direct and proximate result of the wrongful acts of the defendants, and each of them,

20  the plaintiffs have suffered the permanent loss of their property without due process, as well as

21  all attributes thereto, including but not limited to, the loss of the value of the property, the future

22  value and earning capacity of said property, the loss of use and enjoyment of said property, the

23  loss of tenants and rental income on said property, and the loss of all improvements made to the

24  property over the past six years.

25  47.  As a further direct and proximate result of the wrongful acts of the defendants and each of

26  them, the plaintiffs have been forced to incur costs associated with assisting tenants wrongfully

27  displaced, threatened and harassed, utility bills and other expenses.

28  48.  Plaintiffs have and will in the future, incur expenses and costs and which they are entitled to

14

1  recover. The plaintiffs further seek pre and post judgment interest according to law.

2  **SECOND CAUSE OF ACTION ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

3  **UNLAWFUL, UNFAIR AND DECEPTIVE BUSINESS PRACTICES**

4  Violation of Business and Professions Code 17200et seq

5  49.  Plaintiffs reallege and incorporate all paragraphs above, and incorporate them by reference

6  as if fully set forth herein.

7  50.  The UCL defines unfair business competition to include any "unlawful, unfair or fraudulent"

8  act or practice, as well as any "unfair, deceptive, untrue or misleading" advertising.

9  51.  A business practice is "unlawful" if it violates any established state or federal law.

10  52.  Defendants ETS, MERS and GMAC as agents of US BANK, engaged in fraudulent

11  business practices and unlawful conduct in violation of Penal Code section 115.5 and US

12  Bankruptcy Code by filing false documents with the county recorder or notarizing said

13  documents with the intention of affecting title as follows:

14  • ETS employee Rosalie Solano executed a Substitution of Trustee on October 9, 2008

15  falsely alleging that she was an Assistant Secretary of MERS, and that MERS had the

16  authority to substitute ETS as trustee in place of Marin Conveyancing Corp, the original

17  trustee. ETS employee Dee C Ortega as notary fraudulently represented that Rosalie

18  Solano had appeared personally on October 9, 2008 and executed the Substitution of

19  Trustee, and that Solano was authorized to execute the Substitution of Trustee. In fact

20  any nominee interest that MERS held under the original Deed of Trust had been

21  superseded and extinguished by assignment and transfer of all rights to the note and deed

22  of trust from Greenpoint to Lehman Brothers, from Lehman Brothers to SASC, and from

23  SASC to US Bank NA as trustee for GPMFT 2007-AR1. These acts were undertaken by

24  Solano and Ortega at the direction of their employers and principals for the purpose of

25  recording documents to enable them to foreclose on plaintiffs property in violation of

26  Penal Code section 115.5.

27  • ETS employee Anabel Mardros fraudulently represented in preparing the Notice of

28  Default on October 9, 2008 that MERS was the beneficiary on the loan and had authority

15

to foreclose and issue a Notice of Default when in fact any nominee interest that MERS
held under the original Deed of Trust had been superseded and extinguished by
assignment and transfer of all rights to the note and deed of trust from Greenpoint to
Lehman Brothers, from Lehman Brothers to SASC, and from SASC to US Bank NA as
trustee for GPMFT 2007-AR1.  These acts were undertaken by Mardros at the direction
of her employers and principals for the purpose of recording documents to enable them to
foreclose on plaintiffs property in violation of Penal Code section 115.5.

- ETS prepared a Debt Validation letter which fraudulently represented that MERS was the
creditor when in fact MERS never had any right, title or interest in the loan proceeds.
ETS further represented that the default amount was $16,787.91 on October 9, 2008
when in fact only 4 payments of $2999.92 had been missed as of that date, and that the
total amount due was $815,067.60 despite the initial principal loan being $755,000.00;
that the total amount due on January 15, 2009 was $849,621.67 despite the fact that only
3 more payments had come due since the $815,067.60 estimate.  These acts were
undertaken by ETS at the direction of their employers and principals for the purpose of
recording documents to enable them to foreclose on plaintiffs property in violation of
Penal Code section 115.5.

- GMAC employee Sandy Broughton fraudulently represented in executing an Assignment
of Deed of Trust on July 13, 2009, that MERS had authority to assign the Deed of Trust
and the note to her employer GMAC on behalf of Greenpoint Mortgage when in fact
Greenpoint no longer had any interest to convey.  Any nominee interest that MERS held
under the original Deed of Trust had been superseded and extinguished by assignment
and transfer of all rights to the note and deed of trust from Greenpoint to Lehman
Brothers, from Lehman Brothers to SASC, and from SASC to US Bank NA as trustee for
GPMFT 2007-AR1.  GMAC employee Thomas P. Strain as notary,  fraudulently
represented, and declared under penalty of perjury under the laws of California while in
Pennsylvania,  that Sandy Broughton had personally appeared on July 13, 2009 and
executed the Assignment of Deed of Trust and that she was authorized as a secretary of

16

1 MERS to execute the document. These acts were undertaken by Broughton and Strain at

2 the direction of their employers and principals for the purpose of recording documents to

3 enable them to foreclose on plaintiffs property in violation of Penal Code section 115.5

4 and US Bankruptcy Code.

5 • GMAC fraudulently recorded the Assignment of Deed of Trust purporting to transfer all

6 interest in the Deed of Trust and Note to itself in order to prevail on a Motion For Relief

7 From Stay on August 18, 2009 in the Central District of California Bankruptcy Court. On

8 August 18, 2009, GMAC knew that Greenpoint no longer had any interest to convey, and

9 any nominee interest that MERS held under the original Deed of Trust had been

10 superseded and extinguished by assignment and transfer of all rights to the note and deed

11 of trust from Greenpoint to Lehman Brothers, from Lehman Brothers to SASC, and from

12 SASC to US Bank NA as trustee for GPMFT 2007-AR1. These acts were undertaken by

13 GMAC employees at the direction of their employers and principals for the purpose of

14 recording documents to enable them to foreclose on plaintiffs property in violation of

15 Penal Code section 115.5 and US Bankruptcy Code.

16 • ETS employee Kathleen Gowen, Limited Signing Officer swore, under penalty of perjury

17 and caused to be filed with the Los Angeles County Recorder, a "Trustee's Deed Upon

18 Sale", deeding the property to US Bank, NA as trustee for the GPMFT 2007 AR-1, dated

19 January 13, 2010 and recorded January 22, 2010. In order to record said deed, Ms

20 Gowen stated that she had complied with all the terms and provisions of the Deed of

21 Trust executed by Wayne Arnold and complied with all applicable statutory requirements

22 of the State of California including sending a Notice of Default and Notice of Sale to

23 each person entitled to notice in compliance with California Civil Code 2424b. This was

24 a fraudulent and unlawful misrepresentation since Gowen knew 1) the Trustee had not

25 complied with all applicable statutory requirements and that 2) all duties required by the

26 Deed of Trust had not been extinguished and that 3) GMAC had fraudulently recorded

27 and assigned the property to itself on August 19, 2009, and that US Bank, NA was in fact

28 not the beneficiary on the date of the sale, January 13, 2010. ETS employee Gisela A.

17

1    Clark, as notary, fraudulently represented, that although Gowen had signed the Trustee's

2    Deed Upon sale on January 13, 2010, she appeared on January 19, 2010 and executed the

3    Trustees Deed Upon Sale.  These acts were undertaken by ETS employees at the

4    direction of their employers and principals for the purpose of recording documents to

5    enable them to foreclose on plaintiffs property and transfer title to US Bank in violation

6    of Penal Code section 115.5.  Following the trustee sale, ETS employee Phyllis Lam

7    attempted to obtain a manufactured Assignment of Deed of Trust from GMAC to US

8    BANK, NA  in order to retroactively validate the sale of January 13, 2010 to US Bank,

9    NA.

10    53.  Defendants ETS, GMAC, and MERS as agents of US Bank,  have engaged in unfair acts in

11    violation of Business and Professions Code section 17200 by conduct defined as unsafe and

12    unsound banking practices as follows:

13    • At the time the foreclosure was initiated, the foreclosing party did not have proper

14    documented ownership of the promissory note and deed of trust and was not a proper

15    party

16    • The foreclosure was not conducted in accordance with applicable federal and state laws

17    • With respect to the non judicial foreclosure procedures, the procedures were not properly

18    followed with respect to the foreclosure sale, including the calculation of the default

19    period, the amounts due, and compliance with notice periods

20    • A foreclosure sale had occurred when the borrower had requested a loan modification

21    • The account was charged fees and penalties that were not permissible

22    54.  Defendants and each of them, have engaged in a pattern and practice of unfair, deceptive and

23    unconscionable acts in violation of Business and Professions Code section 17200 et seq as set

24    forth above, by authorizing and directing the filing of affidavits, declarations, assignments and

25    other documents that were false and not in compliance with statutory requirements and by

26    proceeding to foreclosure and in spite of the false affidavits, declarations, assignments and other

27    documents.

28    55.  Defendants' acts, omissions, misrepresentations, customs, practices and non disclosures as

18

1    set forth in this Complaint, whether or not in violation of any law, are otherwise unfair,

2    unconscionable, unlawful and fraudulent.

3    56. Plaintiffs have been injured and harmed directly by the acts of defendants, and each of them,

4    committed in violation of Business and Professions Code Section 17200. Specifically,

5    defendants initiated foreclosure proceedings on the subject property without due process or

6    notice to plaintiffs, without standing or lawful right to do so utilizing false and fraudulent

7    documentation . As a result, plaintiffs have suffered actual harm and damage

8    57. As a direct and proximate result of the wrongful acts of the defendants, and each of them,

9    the plaintiffs have suffered the permanent loss of their property without due process, as well as

10    all attributes thereto, including but not limited to, the loss of the value of the property, the future

11    value and earning capacity of said property, the loss of use and enjoyment of said property, the

12    loss of tenants and rental income on said property, and the loss of all improvements made to the

13    property over the past six years.

14    58. As a further direct and proximate result of the wrongful acts of the defendants and each of

15    them, the plaintiffs have been forced to incur costs associated with assisting tenants wrongfully

16    displaced, threatened and harassed, utility bills and other expenses.

17    59. Plaintiffs have and will in the future, incur expenses and costs and which they are entitled to

18    recover. The plaintiffs and Alvin Labostrie as a disabled man, are entitled to restitution and

19    restoration of their real property pursuant to Business and Professions Code section 17206.1(d).

20

21

22    **THIRD CAUSE OF ACTION ALL PLAINTIFFS AGAINST ALL DEFENDANTS**

23                          Declaratory Relief

24    60. Plaintiffs reallege each and every allegation as contained above and incorporate them by

25    reference as if fully set forth herein.

26    61. An actual controversy has arisen and now exists between plaintiff and defendant concerning

27    their respective rights and duties in that plaintiff contends that defendants failed to comply with

28

1  mandatory statutory notice of the foreclosure sale pursuant to CCP section 2924 et seq, whereas

2  defendant disputes these contentions and contends that the sale is valid.

3  62. Plaintiff desires a judicial determination of plaintiffs rights and defendants duties, and a

4  declaration that the foreclosure sale held on January 13, 2010 is void and that the Trustee Deed

5  upon Sale recorded on January 22, 2010 should be rescinded.

6  63.   A judicial declaration is necessary and appropriate at this time under the circumstances in

7  order that plaintiff may ascertain plaintiffs rights and defendants duties.

8

9  WHEREFORE, the plaintiffs, pray for judgment against defendants, and each of them, jointly

10  and severally, as follows:

11

12  1.   For special damages for all damages associated with the loss of their real property and

13       related items as ascertained;

14  2.   For general damages in excess of the jurisdiction of this court  according to proof

15  3.   For rescission of the Trustee's Deed Upon Sale

16  4.   For a declaratory judgment against Defendants stating that none of Defendants had the

17       right to foreclose on Plaintiffs' Property on January 13, 2010, that the foreclosure sale is

18       void, and that title should be restored to Plaintiffs pursuant to Business and Professions

19       Code section 17206.1(d).

20  5.   For costs of suit herein

21  6.   For interest according to law

22  7.   For attorneys fees as permitted by law

23  8.   For other relief as the Court may deem just and proper

24

25  April 27, 2011                         *Barbara J Gilbert*

26                                         Barbara J Gilbert, Esq.

27                                         Attorney for Plaintiffs Alvin LaBostrie,

28                                         Sandra LaBostrie

20

## PROOF OF SERVICE
## STATE OF CALIFORNIA, COUNTY OF ORANGE

I am employed in the County of Orange, State of California. I am over the age of 18 years and not a party to the within action. My business address is The Law Office of Barbara J Gilbert, 2230 W Chapman, #203, Orange Ca. 92868.

On **April 27, 2011**, I served the foregoing document described as: **First Amended Complaint, Case Management Statement** on the interested parties in this action.

By placing the original and/or a true copy thereof enclosed in a sealed envelope addressed as follows:

Chase R Biven
Kerry W Franich
Severson & Werson
19100 Von Karman Ave Suite 700
Irvine, Ca 92612

_x___ **BY REGULAR MAIL:** I deposited such envelope in the mail and the postage was fully prepaid. I am readily familiar with the firm's practice of collection and processing correspondence for mailing. It is deposited with the US Postal Service on the same day in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter is more than one day after date of deposit for mailing in affidavit.
BY THE ACT OF FILING OR SERVICE THAT THE DOCUMENT WAS PRODUCED ON PAPER THAT PURCHASED AS RECYCLED.

____ **BY FACSIMILE:** I faxed a copy of the original document to the above fax numbers.

____ **BY OVERNIGHT MAIL:** I deposited such documents at the Federal Express Drop Box located at Orange California with delivery fees fully prepaid.

__ **BY PERSONAL SERVICE:** I caused such envelope to be delivered by hand to the above addressee.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.   Executed on **April 27, 2011** at Orange, California.

21