**Exhibit U**

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF LOS ANGELES
JUL 29 2011
John A. Clarke, Executive Officer/Clerk
By_____ Deputy
CONNIE L. HUDSON

APPELLATE DIVISION OF THE SUPERIOR COURT

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

| | |
|---|---|
| US BANK NA, AS TRUSTEE OF GPMFT 2007-AR1, | No. BV 029280 |
| Plaintiff and Respondent, | Torrance Trial Court |
| v. | No. 10Z00668 |
| ALVIN LABOSTRIE and CHARLES WILLIAMS, | |
| Defendants and Appellants. | **OPINION** |

In this timely appeal from a post-foreclosure unlawful detainer judgment, defendants Alvin LaBostrie and Charles Williams contend that the trial court abused its discretion in ruling in favor of plaintiff US Bank NA. We interpret their brief on appeal as raising a challenge to the sufficiency of the evidence supporting the judgment. Finding substantial evidence in the record to support the judgment, we affirm.

BACKGROUND

On May 21, 2010, plaintiff filed a complaint in unlawful detainer against Wayne Arnold[1] and LaBostrie. Therein, plaintiff alleged that Arnold executed a deed of trust containing a power of sale for the property located at 1414 W. 132nd Street, Gardena,

---

[1] Arnold is not a party to this appeal.

90249 (the premises); that plaintiff purchased the premises at a trustee's sale held on January 13, 2010; that the sale was conducted pursuant to the power of sale and in compliance with Civil Code section 2924; and that title to the premises was duly perfected in plaintiff. The complaint further alleged that on February 3, 2010, a three-day notice to quit was served on Arnold, and a 90-day notice to quit was served on LaBostrie, who was also in possession of the premises; and that Arnold and LaBostrie remained in possession after expiration of the notice periods. Plaintiff sought possession, holdover damages of $60 per day, and costs.

On June 1, 2010, Williams was added to the complaint as a defendant based on the filing of a prejudgment claim of right of possession. (Code Civ. Proc., §§ 415.46, 1174.3, subd. (e)(2).) Thereafter, LaBostrie and Williams (collectively, defendants) jointly filed an answer to the complaint.[2]

The cause proceeded to a court trial on June 22, 2010.[3] Plaintiff's witnesses testified that Arnold had obtained a loan secured by a deed of trust for the premises; that he had defaulted on the obligation; that a non-judicial foreclosure sale compliant with Civil Code section 2924 was held on January 13, 2010; and that plaintiff acquired title to the premises at said sale and later perfected its title. Plaintiff's witnesses also testified that the notices to quit and the complaint were properly served.

LaBostrie testified that he filed a complaint against plaintiff seeking to set aside the foreclosure and obtained a lis pendens. He claimed ownership of the premises and identified Charles Williams as a tenant. LaBostrie asserted that the foreclosure was unlawful, without articulating any substantive basis for his position other than the fact of his ownership. Camilla Williams testified that she did a "complete legal research"

///

---

[2] The answer is not included in the record on appeal.

[3] The record of the trial proceedings is set forth in a statement on appeal as corrected and certified by the trial court.

-2-

showing that the foreclosure was unlawful.[4] She also confirmed that Charles Williams was currently a tenant at the premises. The only exhibits admitted at trial were the notices to quit and the deed of trust, all of which were offered by plaintiff.

Following trial, the court entered judgment for plaintiff for possession of the premises. No damages or costs were awarded.

## DISCUSSION

Defendants contend that the trial court abused its discretion by entering judgment for plaintiff without making findings with respect to the evidence presented at trial. Courts are not required to make express findings of fact and conclusions of law without a request from a party for a statement of decision. (Code Civ. Proc., § 632.) Since neither party made such a request in this case, the court was under no obligation to explain the factual and legal basis for its decision.

Although defendants identify their contention on appeal as one concerning the lack of findings by the court, we interpret it as raising a challenge to the sufficiency of the evidence supporting the judgment. Defendants argue variously that evidence of LaBostrie's complaint against plaintiff and related lis pendens should have resulted in a favorable judgment and thus must have been overlooked by the court; that they should not have been affected by Arnold's default because he had deeded LaBostrie a 99 percent interest in the premises in 2007, and LaBostrie thereafter made the required payments to the lender;[5] that the foreclosure sale was unlawful; and that Williams's status as a tenant precluded the entry of judgment against him. These arguments amount to a contention that the evidence did not support the judgment rendered in favor of plaintiff.

---

[4] The record does not indicate the nature of Camilla Williams's research or the basis for her conclusion.

[5] Defendants' assertions regarding Arnold's transfer of the premises to LaBostrie, and LaBostrie's subsequent payments on the underlying loan, are not supported by the record on appeal and thus cannot be considered by this court. (*Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 481, fn. 1.)

- 3 -

An appellate court applies the substantial evidence standard of review to determine whether a judgment is supported by sufficient evidence. (*Wilson v. County of Orange* (2009) 169 Cal.App.4th 1185, 1188.) This standard requires that we consider all of the evidence in the light most favorable to the judgment, draw all reasonable inferences therefrom to support the judgment, and resolve all conflicts in the evidence in a manner that favors the judgment. (*DiPirro v. Bondo Corp.* (2007) 153 Cal.App.4th 150, 189.) "'Our authority begins and ends with a determination as to whether, on the entire record, there is *any* substantial evidence, contradicted or uncontradicted, in support of the judgment.' [Citation.]" (*Baxter Healthcare Corp. v. Denton* (2004) 120 Cal.App.4th 333, 369, original italics.)

Applying the foregoing standard to the record before us, we conclude that it contains substantial evidence supporting the judgment. Plaintiff's witnesses testified to the elements of a post-foreclosure unlawful detainer — acquisition of title via a properly conducted foreclosure sale, service of appropriate notices to quit, and defendants' continuing possession after expiration of the notice period. (Code Civ. Proc., § 1161a, subd. (b)(3).) Defendants' witnesses did not directly contradict any of these facts. Defendants' perfunctory assertion that the foreclosure sale was flawed and their reference to the filing of another complaint alleging that fact does not undermine our finding of substantial evidence. The record is simply devoid of any indication that the sale at which plaintiff acquired title was invalid in some respect. Although defendants refer to the existence of a lis pendens, nothing in the record establishes that there was any bar against the court's entry of judgment. Furthermore, the mere fact that Williams was a tenant at the premises did not render him immune to eviction; it only entitled him to a 90-day, instead of a 3-day, notice to quit. (12 U.S.C. § 5220(a)(1); Code Civ. Proc.,

///

///

///

///

§ 1161c, subds. (b) & (c).) Since Williams was in fact served with a 90-day notice, there was no deficiency in the evidence based on his status as a tenant.

The judgment is affirmed. Plaintiff to recover its costs on appeal.

                                                   Dymant, J.

We concur.

                                                   P. McKay, P.J.

                                                 Keosian, J.