**Exhibit 5**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**DECLARATION OF ROD WALZ IN SUPPORT OF RESCAP
BORROWER CLAIMS TRUST'S OBJECTION TO PROOFS OF
CLAIM NOS. 2769 & 2772 FILED BY ALVIN AND SANDRA LABOSTRIE**

I, Rod Walz, hereby declare as follows:

1. I am a CEO at Walz Group, LLC ("**Walz**"). I have been employed by Walz since *June 1, 1982* and I am authorized to submit this declaration on the company's behalf. As demonstrated below, I have personally reviewed the Walz business records discussed herein. If called to testify, I could and would competently testify to these matters.

2. I submit this declaration in support of *ResCap Borrower Claims Trust's Objection to Proofs of Claim Nos. 2769 and 2772 Filed by Alvin and Sandra LaBostrie*.

3. One of my duties at Walz includes serving as a custodian of records. As Walz's custodian of records, I am familiar with the manner and procedures by which the records, letters, and memoranda contained in Walz's files are prepared and maintained. Those records, letters, and memoranda in Walz's files are prepared by agents or employees of Walz in performance of their regular business duties. The documents in the Walz files are made either by persons with knowledge of the matters they record or from information supplied by persons with such knowledge. The documents in the Walz files are prepared at or near the time of the act or event documented in the writing. It is Walz's regular business practice to maintain such records, letters, and memoranda in the normal course of its business. The documents referenced herein

ny-1175964

ny-1175964 v5

and attached hereto are business records produced and maintained in the manner described above.

4. Many of the company's clients include mortgage servicers, foreclosure trustees and foreclosure law firms, and other large organizations. Walz's services include but are not limited to mailing notices to borrowers and customers who are in delinquency, default or foreclosure on behalf of Walz's clients. Walz generates mailings based on information provided by its clients; images of these mailings are then saved into an electronic system of records. Depending on the type of mailing and the needs of the particular customer, Walz then assigns various due dates for each task that needs to be completed for the client. One of Walz's clients was ETS Services, LLC, and Walz maintains a system of records for ETS Services, LLC.

5. Walz assisted ETS Services, LLC by processing the various mailings that must be sent out to various interested parties pursuant to California Civil Code § 2924 et seq. before a nonjudicial foreclosure sale can be conducted. Walz received information from ETS Services, LLC for each foreclosure sale, such as borrower addresses and trustee sale numbers, which Walz then imported into various document templates. Walz then prepared the documents and their corresponding envelopes for mailing, physically deposited the documents into their envelopes, and then caused the envelopes to be deposited into the mail system. Walz takes a variety of precautions to ensure the reliability of this mailing system. For example:

   a. Walz keeps an electronic copy of each document that is mailed.
   b. Walz maintains an electronic copy of any envelopes received back from the U.S. Post Office in response to a document that was mailed.

      c.      Walz assigns a team of employees to monitor the progress of each individual customer's projects.

      d.      Each individual document that is mailed by Walz is stamped with a reference number at the bottom-center of the first page which corresponds with the tracking number assigned by Walz. For example, first class mailings are assigned a 10 digit number and certified mailings are assigned a 20 digit number. At the bottom of the first page of each notice of default and notice of trustee's sale that was mailed by Walz, a tracking number appears on the document which matches the tracking number provided by Walz.

6. Walz assisted ETS Services, LLC with the mailing of the foreclosure notices at issue in this litigation. I know this because I have personally reviewed the foreclosure notices and they bear the loan number 0359442947. Based on my experience in working with ETS Services, LLC, I know that loan numbers are common reference numbers used by ETS Services, LLC to identify specific foreclosure files. For this reason, Walz's electronic records are searchable by loan number.

7. I have located Walz's documents pertaining to the foreclosure sale at issue in this litigation by performing a search for loan number 0359442947. I have personally reviewed Walz's documents pertaining to the foreclosure at issue in this litigation and confirm that Walz performed the mailings of the notice of default and notice of trustee's sale.

I.  **Notice of Default.**

8. As set forth in further detail below, the notice of default was mailed by certified mail and first class mail to Alvin LaBostrie and Sandra LaBostrie.

### A. The Notice of Default was Mailed to Claimants by First Class Mail

9. On November 5, 2008, Walz mailed copies of the notice of default by first class mail to Alvin LaBostrie at 855 W. 125th Street, Los Angeles, CA 90044-3811, and that mailing was assigned a tracking number by Walz of 2212709738. A true and correct copy of that notice of default addressed to Alvin LaBostrie is attached hereto as Exhibit A.

10. The notice of default was also mailed to Alvin LaBostrie at 1416 ½ W. 132nd Street, Gardena, CA 90249-2106, and that mailing was assigned a tracking number by Walz of 2212709736. A true and correct copy of that notice of default addressed to Alvin LaBostrie is attached hereto as Exhibit B.

11. The notice of default was also mailed to Sandra LaBostrie by first class mail on November 5, 2008. Specifically, it was mailed to Sandra LaBostrie at 855 W. 125th Street, Los Angeles, CA 90044-3811, and that mailing was assigned a tracking number by Walz of 2212709739. A true and correct copy of that notice of default addressed to Sandra LaBostrie is attached hereto as Exhibit C.

12. The notice of default was also mailed to Sandra LaBostrie at 1416 ½ W. 132nd Street, Gardena, CA 90249-2106, and that mailing was assigned a tracking number by Walz of 2212709737. A true and correct copy of that notice of default addressed to Sandra LaBostrie is attached hereto as Exhibit D.

### B. The Notice of Default Was Also Mailed to Claimants By Certified Mail

13. On November 5, 2008, the notice of default was mailed to Alvin LaBostrie at 855 W. 125th Street, Los Angeles, CA 90044-3811, and that mailing was assigned a tracking number by Walz of 7113 8257 1472 9157 4590. After mailing that notice of default, Walz received a return envelope from the U.S. Post Office indicating that the envelope was unclaimed.

A true and correct copy of that notice of default addressed to Alvin LaBostrie, and the returned envelope from the U.S. Post Office are attached hereto as Exhibit E.

14. The notice of default was also mailed to Alvin LaBostrie at 1416 ½ W. 132nd Street, Gardena, CA 90249-2106, and that mailing was assigned a tracking number by Walz of 7113 8257 1472 9157 4576. After mailing that notice of default, Walz received a return envelope from the U.S. Post Office indicating that the envelope was unclaimed. A true and correct copy of that notice of default addressed to Alvin LaBostrie, and the return envelope from the U.S. Post Office are attached hereto as Exhibit F.

15. The notice of default was also mailed to Sandra LaBostrie by certified mail on November 5, 2008. Specifically, it was mailed to Sandra LaBostrie at 855 W. 125th Street, Los Angeles, CA 90044-3811, and that mailing was assigned a tracking number by Walz of 7113 8257 1472 9157 4606. After mailing that notice of default, Walz received a return envelope from the U.S. Post Office indicating that the envelope was unclaimed. A true and correct copy of that notice of default addressed to Sandra LaBostrie, and the return envelope from the U.S. Post Office are attached hereto as Exhibit G.

16. The notice of default was also mailed to Sandra LaBostrie at 1416 ½ W. 132nd Street, Gardena, CA 90249-2106, and that mailing was assigned a tracking number by Walz of 7113 8257 1472 9157 4583. After mailing that notice of default, Walz received a return envelope from the U.S. Post Office indicating that the envelope was unclaimed. A true and correct copy of that notice of default addressed to Sandra LaBostrie, and the return envelope from the U.S. Post Office are attached hereto as Exhibit H.

### C. The Post Office Stamped Confirmation that the Notice of Default Was Mailed to Claimants

17. In addition to the individual certified mailings described above, Walz also maintains a "firm mail book" which contains a list of all the certified mailings performed by Walz on behalf of ETS Services, LLC on the date referenced therein. That book lists each of the article numbers for the mailings sent on the date in question, along with their corresponding addresses, postage, and fees. In this case, a firm mail book exists for mailings performed by Walz on behalf of ETS Services, LLC on November 5, 2008. Alvin LaBostrie and Sandra LaBostrie are listed in lines 165 through 168 of that book (page 9 of 15). The first page and last page of the book also bear stamps that were affixed by the United States Postal Service, thereby confirming that each of the articles of mail referenced in the book, including the envelopes addressed to Alvin and Sandra LaBostrie, were physically mailed on November 5, 2008 to their respective destinations. A true and correct copy of the redacted firm mail book is attached hereto as Exhibit I.

### D. Walz Maintains Affidavits of Mailing that Further Confirm that the Notice of Default Was Mailed to Claimants

18. Affidavits of mailing were also prepared by Walz in connection with the mailings of the notice of default which further confirm that the notices were mailed to the addresses listed in the affidavits. A separate affidavit of mailing was prepared for the certified mailings on the one hand, and the first class mailings on the other. Both affidavits in this case bear the signature of Emily Salgado, a Walz employee at the relevant time. Each of the mailings of the notice of default to Alvin LaBostrie and Sandra LaBostrie listed on the affidavits of mailing have tracking numbers listed next to the names and addresses. Each of those tracking numbers correspond to the individual envelopes used to mail the notice of default to Alvin LaBostrie and Sandra LaBostrie by first class mail and certified mail, as described in further

detail above. A true and correct copy of the redacted affidavits of mailing are attached hereto as Exhibit J.

## II. Notice of Trustee's Sale

19. As set forth in further detail below, the notice of trustee's sale was mailed to Alvin and Sandra LaBostrie on January 15, 2009 by both first class mail and certified mail.

### A. The Notice of Trustee's Sale Was Mailed to Claimants By First Class Mail

20. The notice of trustee's sale was mailed by first class mail to Alvin LaBostrie at 855 W. 125th Street, Los Angeles, CA 90044-3811, and that mailing was assigned a tracking number by Walz of 2214490453. A true and correct copy of that notice of sale addressed to Alvin LaBostrie is attached hereto as Exhibit K.

21. The notice of trustee's sale was also mailed by first class mail to Alvin LaBostrie at 1416 ½ W. 132nd Street, Gardena, CA 90249, and that mailing was assigned a tracking number by Walz of 2214490451. A true and correct copy of that notice of sale addressed to Alvin LaBostrie is attached hereto as Exhibit L.

22. The notice of trustee's sale was also mailed by first class mail to Alvin LaBostrie at 1414-1416 ½ West 132nd Street, Gardena, CA 90249, and that mailing was assigned a tracking number by Walz of 2214490457. A true and correct copy of that notice of sale addressed to Alvin LaBostrie is attached hereto as Exhibit M.

23. The notice of trustee's sale was also mailed by first class mail to Sandra LaBostrie at 855 W. 125th Street, Los Angeles, CA 90044-3811, and that mailing was assigned a tracking number by Walz of 2214490454. A true and correct copy of that notice of sale addressed to Sandra LaBostrie is attached hereto as Exhibit N.

24. The notice of trustee's sale was also mailed by first class mail to Sandra LaBostrie at 1416 ½ W. 132nd Street, Gardena, CA 90249, and that mailing was assigned a

ny-1175964                                7
ny-1175964 v5

tracking number by Walz of 2214490452. A true and correct copy of that notice of sale addressed to Sandra LaBostrie is attached hereto as Exhibit O.

25.  The notice of trustee's sale was also mailed by first class mail to Sandra LaBostrie at 1414-1416 ½ West 132nd Street, Gardena, CA 90249, and that mailing was assigned a tracking number by Walz of 2214490458. A true and correct copy of that notice of sale addressed to Sandra LaBostrie is attached hereto as Exhibit P.

### B.    The Notice of Trustee's Sale Was Also Mailed to Claimants By Certified Mail

26.  The notice of trustee's sale was also mailed to Claimants by certified mail. The notice of trustee's sale was mailed by certified mail to Alvin LaBostrie at 855 W. 125th Street, Los Angeles, CA 90044-3811, and that mailing was assigned a tracking number by Walz of 7113 8257 1473 0300 8396. A true and correct copy of that notice of sale addressed to Alvin LaBostrie is attached hereto as Exhibit Q.

27.  The notice of trustee's sale was also mailed by certified mail to Alvin LaBostrie at 1416 ½ W. 132nd Street, Gardena, CA 90249, and that mailing was assigned a tracking number by Walz of 7113 8257 1473 0300 8372. After mailing that notice of trustee's sale, Walz received a return envelope from the U.S. Post Office indicating that the envelope was unclaimed. A true and correct copy of that notice of sale addressed to Alvin LaBostrie, and the return envelope from the U.S. Post Office are attached hereto as Exhibit R.

28.  The notice of trustee's sale was also mailed by certified mail to Alvin LaBostrie at 1414-1416 ½ West 132nd Street, Gardena, CA 90249, and that mailing was assigned a tracking number by Walz of 7113 8257 1473 0300 8433. After mailing that notice of trustee's sale, Walz received a return envelope from the U.S. Post Office indicating that the envelope was unclaimed. A true and correct copy of that notice of sale addressed to Alvin LaBostrie, and the return envelope from the U.S. Post Office are attached hereto as Exhibit S.

ny-1175964                                                        8

ny-1175964 v5

29.     The notice of trustee's sale was also mailed by certified mail to Sandra LaBostrie at 855 W. 125th Street, Los Angeles, CA 90044-3811, and that mailing was assigned a tracking number by Walz of 7113 8257 1473 0300 8402. A true and correct copy of that notice of sale addressed to Sandra LaBostrie is attached hereto as Exhibit T.

30.     The notice of trustee's sale was also mailed by certified mail to Sandra LaBostrie at 1416 ½ W. 132nd Street, Gardena, CA 90249, and that mailing was assigned a tracking number by Walz of 7113 8257 1473 0300 8389. After mailing that notice of trustee's sale, Walz received a return envelope from the U.S. Post Office indicating that the envelope was unclaimed. A true and correct copy of that notice of sale addressed to Sandra LaBostrie, and the return envelope from the U.S. Post Office are attached hereto as Exhibit U.

31.     The notice of trustee's sale was also mailed by certified mail to Sandra LaBostrie at 1414-1416 ½ West 132nd Street, Gardena, CA 90249, and that mailing was assigned a tracking number by Walz of 7113 8257 1473 0300 8440. A true and correct copy of that notice of sale addressed to Sandra LaBostrie is attached hereto as Exhibit V.

C.    **The Post Office Stamped Confirmation that the Notice of Trustee's Sale Was Mailed to Claimants**

32.     In addition to the individual certified mailings described above, Walz also maintains a "firm mail book" which contains a list of all the certified mailings performed by Walz on the date referenced therein. That book lists each of the article numbers for the mailings sent on the date in question, along with their corresponding addresses, postage, and fees. In this case, Walz has a firm mail book for mailings it performed on behalf of ETS Services, LLC on January 15, 2009. Alvin LaBostrie and Sandra LaBostrie are listed in lines 6 through 9 and 12 through 13 of that book (page 1 of 46). The first page and last page of the book also bear stamps that were affixed by the United States Postal Service, thereby confirming that each of the articles

of mail was physically mailed on January 15, 2009 to their respective destinations. A true and correct copy of the redacted firm mail book is attached hereto as Exhibit W.

D. **Walz Maintains an Affidavit of Mailing that Further Confirms that the Notice of Trustee's Sale Was Mailed to Claimants**

33. Affidavits of mailing were also prepared by Walz in connection with the mailings of the notice of trustee's sale. A separate affidavit of mailing was prepared for the certified mailings on the one hand, and the first class mailings on the other. Both affidavits in this case bear the signature of Emily Salgado, a Walz employee. Each of the mailings of the notice of default to Alvin and Sandra LaBostrie listed on the affidavits of mailing have tracking numbers listed next to the names and addresses. Each of those tracking numbers correspond to the individual envelopes used to mail the notice of default to Alvin and Sandra LaBostrie by first class mail and certified mail, as described in further detail above. A true and correct copy of the redacted affidavits of mailing for the notice of trustee's sale are attached hereto as Exhibit X.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated: March 31, 2015

                                                                                    _____
                                                                                    Rod Walz
                                                                                    CEO, Walz Group, LLC

ny-1175964                                                                10

ny-1175964 v5