**Exhibit 6**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |
| ) | |

**DECLARATION OF Carl J. Palermo II IN SUPPORT OF RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO PROOFS OF CLAIM NOS. 2769 & 2772 FILED BY ALVIN AND SANDRA LABOSTRIE**

I, Carl J. Palermo II, hereby declare as follows:

1. I am currently employed by ServiceLink Agency Sales and Posting, LLC f/k/a LPS Agency Sales and Posting, Inc. ("ASAP"). I submit this declaration in support of *ResCap Borrower Claims Trust's Objection to Proofs of Claim Nos. 2769 and 2772 Filed by Alvin and Sandra LaBostrie*. As set forth herein, I have personal knowledge of the documents described in this declaration from my personal review of ASAP's business records and could and would competently testify to them if asked to do so.

2. ASAP is one of the largest providers of foreclosure publication, posting and auctioneer services for attorneys and foreclosure trustees in the country. I have been an employee of ASAP for approximately 12 years, and I am one of the custodians of records for the company. As one of ASAP's custodian of records, I am familiar with the manner and procedures by which the records, letters, and memoranda contained in ASAP's files are prepared and maintained. Those records, letters, and memoranda are prepared by agents or employees of ASAP in performance of their regular business duties. The documents in the ASAP files are made either by persons with knowledge of the matters they record or from information supplied by persons with such knowledge. The documents in the ASAP files are prepared at or near the

ny-1175971

time of the act or event documented in the writing. It is ASAP's regular business practice to maintain such records, letters, and memoranda in the normal course of its business. The documents referenced herein and attached hereto are business records produced and maintained in the manner described above.

3. ASAP was retained by ETS Services, LLC to assist with the publication, posting, and auctioneering for the trustee's sale at issue in this litigation. I know this because I have searched ASAP's records pertaining to trustee sale number GM166021C, the trustee sale number that appears on the foreclosure notices at issue in this litigation, and confirmed that ASAP prepared and maintained documents pertaining to that trustee's sale number. In addition to tracking the foreclosure proceedings by trustee sale number, ASAP assigned its own internal tracking number commonly referred to as an "ASAP Number." The ASAP number for the foreclosure at issue in this litigation is 2969323.

4. Information is entered in to the ASAP computer system in connection with each postponement. The information for each requested postponement for this file was provided electronically by ETS Services, LLC. The information entered into the ASAP computer system in this manner is relied upon by ASAP in the ordinary course of its business. Postponement information contained in the ASAP computer system is used by ASAP to create a "Certificate of Postponement." The certificates of postponement prepared and maintained by ASAP typically refer to the applicable trustee sale number, the applicable ASAP number, the name of the trustor under the deed of trust which is currently in default, and the name of the applicable trustee. In addition, the certificates of postponement will identify the date on which the postponement of the foreclosure sale was announced, the approximate time of the announcement, the date and time of the postponed foreclosure sale, and the reason announced for the postponement.

ny-1175971                                            2

5.    In this case, my review of the ASAP file for this foreclosure indicates that the property was originally scheduled to be sold on February 13, 2009, but that the foreclosure sale did not occur until January 13, 2010. More specifically, ASAP's records confirm that the foreclosure sale was postponed on ten separate occasions. I can confirm this because ASAP has ten certificates of postponement for this particular foreclosure sale within its file, and they all identify the trustee's sale number and ASAP number that correspond to the foreclosure sale at issue in this litigation. Pursuant to ASAP's regular practice, the certificates also identify the date on which the postponement was announced, the postponed sale date, and the reason for the postponement. The foreclosure sale was postponed as follows:

a.    On February 13, 2009 it was announced that the foreclosure sale would be postponed to March 13, 2009. A true and correct copy of ASAP's certificate of postponement for that postponement is attached hereto as Exhibit A.

b.    On March 13, 2009 it was announced that the foreclosure sale would be postponed to April 22, 2009. A true and correct copy of ASAP's certificate of postponement for that postponement is attached hereto as Exhibit B.

c.    On April 22, 2009 it was announced that the foreclosure sale would be postponed to May 13, 2009. A true and correct copy of ASAP's certificate of postponement for that postponement is attached hereto as Exhibit C.

d.    On May 13, 2009 it was announced that the foreclosure sale would be postponed to June 16, 2009. A true and correct copy of ASAP's certificate of postponement for that postponement is attached hereto as Exhibit D.

ny-1175971                                                    3

    e. On June 16, 2009 it was announced that the foreclosure sale would be postponed to July 16, 2009. A true and correct copy of ASAP's certificate of postponement for that postponement is attached hereto as Exhibit E.

    f. On July 16, 2009 it was announced that the foreclosure sale would be postponed to August 18, 2009. A true and correct copy of ASAP's certificate of postponement for that postponement is attached hereto as Exhibit F.

    g. On August 18, 2009 it was announced that the foreclosure sale would be postponed to September 21, 2009. A true and correct copy of ASAP's certificate of postponement for that postponement is attached hereto as Exhibit G.

    h. On September 21, 2009 it was announced that the foreclosure sale would be postponed to October 22, 2009. A true and correct copy of ASAP's certificate of postponement for that postponement is attached hereto as Exhibit H.

    i. On October 22, 2009 it was announced that the foreclosure sale would be postponed to December 4, 2009. A true and correct copy of ASAP's certificate of postponement for that postponement is attached hereto as Exhibit I.

    j. On December 4, 2009 it was announced that the foreclosure sale would be postponed to January 13, 2010. A true and correct copy of ASAP's certificate of postponement for that postponement is attached hereto as Exhibit J.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated: April 1st, 2015

                        Printed Name: Carl J. Palermo II

                        ServiceLink Agency Sales and Posting, LLC