UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*,

Debtors.

NOT FOR PUBLICATION

Case No. 12-12020 (MG)

Jointly Administered

**MEMORANDUM OPINION AND ORDER DENYING TIMOTHY J. LAHRMAN'S
(I) MOTION FOR RELIEF FROM JUDGMENT OR ORDER; AND
(II) MOTION FOR LEAVE AND ORDER TO SHOW CAUSE**

Pending before the Court are Timothy J. Lahrman's (i) *Motion for Relief from Judgment or Order* (the "Motion for Relief," ECF Doc. # 8010);[1] and (ii) *Motion for Leave and Order to Show Cause Why Ally Financial, Inc.; GMAC Mortgage LLC, Debtor; and Attorney(s) Joel Bornkamp Together with Reisenfeld & Associates Should Not Be Held in Contempt* (the "Contempt Motion," ECF Doc. # 8066) (the Motion for Relief and the Contempt Motion together, the "Motions"). Through the Motion for Relief, Lahrman seeks vacatur of the Court's prior order (the "Order," ECF Doc. # 6702) enforcing the third party release and injunction provisions of the Debtors' confirmed chapter 11 plan (the "Plan," ECF Doc. # 6065-1) as to claims Lahrman asserted in Indiana state court against Ally Financial Inc. ("AFI") and the Court's opinion denying Lahrman's motion for reconsideration of the Order (the "Prior Opinion," ECF Doc. # 6816). Lahrman argues that relief from the Order and Prior Opinion is warranted because AFI and Debtor GMAC Mortgage, LLC ("GMACM") are taking affirmative actions against him in a pending state court foreclosure proceeding despite their representations to the contrary to this Court; such representations were allegedly relied on by the Court in ruling against Lahrman. (*See* Motion for Relief ¶¶ 3, 16.) Additionally, through the Contempt Motion,

---

[1]    In connection with the Motion for Relief, Lahrman filed a *Request to Take Judicial Notice* (the "Judicial Notice Request," ECF Doc. # 8011).

Lahrman seeks an order from the Court directing AFI and GMACM to show cause why they and their attorneys should not be held in contempt for their actions allegedly taken in Lahrman's foreclosure action. (*See* Contempt Motion at 5.) For the reasons explained below, both of Lahrman's Motions are wholly without merit and are therefore **DENIED**.

## I.     BACKGROUND

### A.    Procedural History

On January 3, 2014, Lahrman filed a complaint in Indiana state court (the "Lahrman Action") against a number of defendants, including AFI, asserting claims related to a mortgage foreclosure against property of Lahrman's "life partner," Cynthia Damron. (*See* Prior Op. at 4.) Lahrman filed a supplemental complaint in the Lahrman Action adding defendants and further foreclosure-related claims. (*Id.*) In his complaints, Lahrman alleged that AFI does business as GMACM, GMACM's predecessor-in-interest, GMAC Mortgage Corp. ("GMACM Corp."),[2] and Debtor Residential Funding Company, LLC ("RFC"). (*Id.*)

After Lahrman commenced the Lahrman Action, AFI's counsel sent him two letters. (*Id.* at 6.) First, AFI's local counsel sent Lahrman a letter dated January 29, 2014, informing Lahrman that the Court entered an order confirming the Plan (the "Confirmation Order," ECF Doc. # 6065) and that AFI is not a proper defendant in the Lahrman Action.[3] (Prior Op. at 6–7.) Lahrman did not respond to this letter but instead filed a motion for sanctions against AFI and its counsel in the Lahrman Action. (*Id.* at 7.) On February 21, 2014, AFI's counsel in these bankruptcy proceedings sent Lahrman a second letter, reiterating that the Plan's third party release provision releases AFI from all claims arising from or related in any way to the Debtors,

---

[2]    As set forth in the Opinion, GMACM Corp. merged with GMACM in 2006. (*See id.*) For purposes of this Opinion, GMACM refers to GMACM Corp. and GMACM.

[3]    Copies of the Plan and Confirmation Order were attached to this letter. (*Id.* at 7.)

including Residential Capital, LLC ("ResCap"), GMACM, and RFC. (*Id.*) AFI's counsel warned Lahrman that if he did not dismiss his claims against AFI and withdraw his motion for sanctions against AFI by February 25, 2014, AFI would seek relief from this Court. (*Id.*)

Lahrman failed to dismiss his claims against AFI, withdraw his motion for sanctions, or otherwise contact AFI's counsel to discuss the matter, and thereafter AFI filed a motion with this Court seeking to enforce the Plan's third party release and injunction provisions against Lahrman (the "AFI Motion," ECF Doc. # 6527). (Prior Op. at 7.) Specifically, AFI sought an order from the Court: (1) finding that Lahrman's claims against AFI in the Lahrman Action are barred by the Plan's injunction; (2) enforcing the Plan's injunction; and (3) permanently enjoining Lahrman from continuing the Lahrman Action against AFI. (*Id.*) Lahrman filed a response to the AFI Motion (ECF Doc. # 6635), and AFI filed a reply (ECF Doc. # 6661). (Prior Op. at 7.)

On March 26, 2014, the Court held a hearing on the AFI Motion. (*Id.*) Despite being personally served with the AFI Motion and notice of the hearing, Lahrman did not appear at the hearing in person or by telephone. (*Id.*) The Court granted the AFI Motion on the record and entered the Order the same day. (*See id.*) On April 11, 2014, Lahrman filed a motion seeking reconsideration of the Order (the "Reconsideration Motion," ECF Doc. # 6772). (Prior Op. at 8.) On April 23, 2014, the Court issued the Prior Opinion denying Lahrman's Reconsideration Motion. (*Id.* at 16.)

Nearly nine months later, Lahrman filed the Motion for Relief and Judicial Notice Request on January 20, 2015. On February 2, 2015, he filed the Contempt Motion. On February 11, 2015, the Court entered an order directing AFI and the ResCap Liquidating Trust (the "Trust") to respond to Lahrman's Motions and providing Lahrman an opportunity to file a reply to the responses. (*See* ECF Doc. # 8115.) On February 25, 2015, responses were filed by AFI

3

(the "AFI Response," ECF Doc. # 8199) and the Trust (the "Trust Response," ECF Doc. # 8202) (the AFI Response and the Trust Response together, the "Responses").[4] Lahrman did not file a reply to the Responses.

### B.    The Motion for Relief

Lahrman argues that contrary to AFI's and GMACM's representations that GMACM is not a plaintiff engaged in affirmative acts in a state court foreclosure action commenced against Damron's property (*see* Motion for Relief ¶ 3), GMACM continues "to hold itself out and participate as 'plaintiff' in the state court foreclosure proceeding and . . . has unquestionably and clearly taken affirmative action as 'plaintiff' to levy execution upon Lahrman's home by way of foreclosure" (*id.* ¶ 7). According to Lahrman, AFI and GMACM have taken and continue to take actions in violation of the Plan. (*See id.* ¶¶ 10–11.) Specifically, Lahrman asserts that Joel Bornkamp is counsel of record for GMACM in the foreclosure action (*see id.* ¶ 4), and on December 3, 2014, Lahrman was served with a "Notice of Sheriff's Sale" (*id.* ¶ 5). Additionally, Lahrman states that on December 16, 2014 he "received from attorney Bornkamp and his associates at the Reisenfeld firm and as 'Attorneys for Plaintiff' an 'Assignment of Bid' as the same was duly filed in and made of record in the state court foreclosure action." (*Id.* ¶ 6.)

According to Lahrman, Bornkamp and his associates have never appeared as counsel for Green Tree Servicing LLC ("Green Tree") in the state court foreclosure action, such that any clerical error could be attributed to the fact that they represent GMACM as plaintiff in the foreclosure action (*see id.* ¶ 19), and therefore GMACM and AFI have engaged in conduct in the foreclosure action "which, contrary to GMACM's prior representations to this Court, is . . . a transgression and misconduct remedial by this Court and its continuing jurisdiction and

---

[4]    The AFI Response is supported by the declaration of Robert Ellis, Esq. (the "Ellis Decl.," AFI Resp. Ex. 1). The Trust Response is supported by the declaration of Joel Bornkamp (the "Bornkamp Decl.," Trust Resp. Ex. 1).

supervision of AFI and its debtors under the Plan" (*id.* ¶ 14).  In support, Lahrman attaches to his Motion for Relief documents filed in the state court foreclosure action and the Notice of Sheriff's Sale, referencing GMACM as the plaintiff in the foreclosure action.  (*See id.* Exs. B–D.)  Lahrman asserts that relief from the Order and the Prior Opinion is warranted because GMACM and AFI allegedly "engag[ing] in the very acts they disavowed to this Court is a misconduct, misrepresentation and fraud upon the Court which warrants both monetary sanctions and absolution and vacation of the previous injunction entered against Lahrman."  (Motion for Relief ¶ 16.)

### C. The Contempt Motion

Lahrman's Contempt Motion is premised on the same allegations made in his Motion for Relief, namely, that AFI and GMACM, through counsel, continue to act "affirmatively as 'Plaintiff' in the state court foreclosure proceedings post-Plan confirmation . . . ."  (Contempt Motion at 4.)  Lahrman asserts that on January 27, 2015, he filed a motion in a case styled *United States v. Bank of America Corporation*, Case No. 1:12-cv-00361, pending in the United States District Court for the District of Columbia, seeking leave and an order to show cause why AFI and GMACM "should not be held in contempt of Court for their repeated and willful violations of the Content Judgment(s) entered in" that case.  (*Id.*)  By the Contempt Motion, Lahrman seeks an order from the Court commanding AFI and GMACM "to show cause why they and their attorneys should not be held in contempt of Court for their affirmative acts and conducts as 'Plaintiff' in the state court foreclosure proceeding . . . ."  (*Id.* at 5.)

### D. The Responses

AFI and the Trust argue that Lahrman's Motions should be denied because he has failed to establish that AFI or GMACM made any misrepresentations to the Court warranting relief

5

from the Order and Prior Opinion or that either party violated any Court order. (*See* AFI Resp. at 2–4; Trust Resp. at 1–2.)

AFI argues that Lahrman makes unsupported, false allegations that AFI has continued to take actions in the state court foreclosure proceeding. (*See* AFI Resp. at 8.) AFI asserts that AFI was never a party to Lahrman's foreclosure action; while it was a party to the Lahrman Action, that action was dismissed on June 13, 2014 and, "[a]fter such dismissal, [AFI] has not taken any action against Lahrman in any Indiana state court, or for that matter, this Court." (*Id.*) AFI objects to Lahrman's false assertions that AFI has any supervisory control over GMACM and its counsel (*id.*), and argues that the Motion for Relief should be denied for the additional reason that "it is a further act in contravention of this Court's Confirmation Order" (*id.* at 7). Additionally, AFI argues that the Contempt Motion should be denied as to AFI because it is based on alleged actions taken by GMACM and its counsel, and AFI "has not taken any action against Lahrman since June 13, 2014, which is the date the state court presiding in the Lahrman Action dismissed such action." (*Id.* at 11.)

The Trust admits that "the name 'GMAC Mortgage LLC' appears on [Lahrman's] referenced public filings; however, that was in name only." (Trust Resp. at 4.) According to the Trust, as of February 1, 2013, GMACM no longer serviced the loan held by Damron, after the note and servicing rights to the loan were transferred to Green Tree on January 30, 2013. (*Id.*) Pursuant to an order entered by the state court on April 23, 2013, Green Tree was substituted as plaintiff in the foreclosure action and "[t]he fact that the docket was not updated to reflect Green Tree as the plaintiff as of February 1, 2013 is nothing more than a clerical error." (*Id.*) According to the Trust, GMACM did not take any affirmative actions against Damron's property after Green Tree was substituted as plaintiff and therefore there is no truth to Lahrman's

6

allegations that the actions of GMACM, its counsel, and counsel for AFI, "are knowing, intentional and egregious when engaged in by officers of the court and licensed attorneys." (*Id.* (internal quotation marks omitted) (quoting Motion for Relief ¶ 18).) Nevertheless, to clarify the record in Lahrman's foreclosure action, Reisenfeld filed amended pleadings with the state court reflecting Green Tree as the proper plaintiff in such action, which were served on Damron on February 17, 2015 and entered on the docket on February 18, 2015. (*Id.* at 4–5.) Although Lahrman petitioned the state court presiding over the foreclosure action to stay a foreclosure sale based on these purported errors on January 27, 2015, his requested relief was denied. (*Id.* at 5.)

The Trust argues that notwithstanding these clerical errors made in the foreclosure action, Lahrman has not established exceptional grounds warranting relief under Federal Rule of Civil Procedure ("FRCP") 60(b). (*See id.* at 6–7.) Specifically, the Trust contends that GMACM has not engaged in fraud or misconduct or made any misrepresentation because after transferring servicing rights to Green Tree, GMACM could not have acted in a fraudulent manner toward Lahrman or "make any representations or take any actions on behalf of the investor/owner of the loan." (*Id.* at 7.) The Trust further argues that the documents Lahrman references in support of his Motion for Relief do not constitute "newly discovered evidence" warranting relief under FRCP 60(b)(2). (*Id.*) Finally, the Trust maintains that the Contempt Motion should be denied because Lahrman has not established that GMACM knowingly disobeyed any order. (*See id.* at 2.) According to the Trust, Lahrman's Contempt Motion is based on GMACM's alleged violation of the Order; however, the Order was "issued specifically against [Lahrman], not [AFI] or GMACM." (*Id.* (emphasis in original) (citing Order at 16 (directing Lahrman to dismiss the Lahrman Action against AFI with prejudice and instructing Lahrman that his failure to comply with the Order may be punishable contempt)).)

7

## II. DISCUSSION

### A. The Motion for Relief Is Denied

Federal Rule of Bankruptcy Procedure 9024 incorporates FRCP 60, which authorizes relief from a final order under certain circumstances. *See* FED. R. BANKR. P. 9024; FED. R. CIV. P. 60(b). FRCP 60(b) permits a court to grant relief from a final judgment or order for the following reasons: (1) "mistake, inadvertence, surprise, excusable neglect;" (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is "no longer equitable;" or (6) "any other reason that justifies relief." FED. R. CIV. P. 60(b). Whether to grant a motion for relief under FRCP 60 is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). A motion for relief from judgment under FRCP 60 "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). "The moving party bears a heavy burden because [FRCP] 60 provides extraordinary relief and is, therefore, generally viewed with disfavor." *In re Barquet Grp., Inc.*, 477 B.R. 454, 460–61 (Bankr. S.D.N.Y. 2012) (citing *Bowman v. Jack Bond (In re Bowman)*, 253 B.R. 233, 240 (8th Cir. B.A.P. 2000)).

Because Lahrman is *pro se*, the Motion for Relief is held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, Lahrman fails to establish adequate grounds for relief. The Motion for Relief is premised on the allegedly fraudulent actions of AFI and GMACM. FRCP 60(b)(3) specifically authorizes relief from a final order in the case of "fraud . . . , misrepresentation, or misconduct by an opposing party." FED. R. CIV. P. 60(b)(3). A movant seeking relief pursuant to FRCP 60(b)(3)

8

"must demonstrate by clear and convincing evidence that the adverse party engaged in fraud, misrepresentation, or other misconduct," *Catskill Dev., L.L.C. v. Park Place Entm't Corp.*, 286 F. Supp. 2d 309, 312 (S.D.N.Y. 2003) (citations omitted), and "that this conduct prevented [the movant] from fully and fairly presenting his case," *id.* (citation and internal quotation marks omitted).  Additionally, the saving provision of FRCP 60(d) makes clear that FRCP 60(b) does not constrain a court's power to "set aside a judgment for fraud on the court." *See* FED. R. CIV. P. 60(d)(3).  However, "'fraud upon the court' as distinguished from fraud on an adverse party is limited to fraud which seriously affects the integrity of the normal process of adjudication." *Gleason v. Jandrucko*, 860 F.2d 556, 559 (2d Cir. 1988) (citations omitted).  Lahrman has failed to meet his burden under either standard.

First, Lahrman has not demonstrated by clear and convincing evidence that AFI or GMACM engaged in any fraudulent act that prevented him from fully and fairly presenting his case in response to the AFI Motion.  The Trust Response, supported by the Bornkamp Declaration, sets forth that GMACM did not and has not taken any action post-Plan confirmation in the state court foreclosure action; rather, Green Tree was the substituted plaintiff in such action in spite of clerical errors that have since been corrected.  (*See* Trust Resp. at 4–5; Bornkamp Decl. ¶¶ 10–11.)  These assertions are consistent with GMACM's position at the time the Court issued the Order and Prior Opinion.  (*See* Prior Op. at 12 ("GMACM *did not* act post-Plan confirmation, nor is it a party to either the foreclosure proceeding or the [Lahrman] Action.") (emphasis in original).)  Moreover, Lahrman has failed to establish that AFI took any action against him in the foreclosure action, notwithstanding his repeated attempts to lump AFI and GMACM together.  Because Lahrman has not established that AFI or GMACM have engaged in any conduct contradicting their positions at the time the Court issued the Order and

9

Opinion, the Court concludes that Lahrman has failed to establish any "fraud on the court" warranting relief from the Court's prior rulings against him. Accordingly, his Motion for Relief is **DENIED**.[5]

### B. The Contempt Motion Is Denied

Lahrman's Contempt Motion is misguided because it seeks an order compelling AFI and GMACM to show cause why they should not be held in contempt of the Order, but the Order enforces the Plan's third party release and injunction provisions against Lahrman, not AFI or GMACM. (*See* Order at 1–2.) "A court may hold a party in civil contempt for failure to comply with an order where (1) the order is clear and unambiguous, (2) proof of noncompliance is clear and convincing, and (3) the party has not been reasonably diligent in attempting to accomplish what was ordered." *Stockschlaeder & McDonald v. Kittay (In re Stockbridge Funding Corp.)*, 158 B.R. 914, 917 (S.D.N.Y. 1993) (citing *EEOC v. Local 580, Int'l Ass'n of Bridge, Structural & Ornamental Ironworkers*, 925 F.2d 588, 594 (2d Cir. 1991)). Lahrman has failed to allege any facts establishing that AFI or GMACM have violated any Court order. Indeed, the Order enforces the Plan's third party release and injunction provisions against Lahrman. If any party were to be punishable by contempt for violating the Order, it would be Lahrman, not AFI or GMACM. Accordingly, the Contempt Motion is **DENIED**.

---

[5] The Court does not rule on whether the Judicial Notice Request is procedurally proper but notes that, in any event, the cases cited in the Judicial Notice Request are not relevant to the disposition of the Motion for Relief.

### III. CONCLUSION

For the foregoing reasons, Lahrman's Motion for Relief and Contempt Motion are **DENIED** in their entirety.

**IT IS SO ORDERED.**

Dated:   April 10, 2015
         New York, New York

                                    ___*Martin Glenn*___
                                    MARTIN GLENN
                                    United States Bankruptcy Judge