**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, *et al.*,<br><br>Debtors. | Case No. 12-12020 (MG)<br><br>Jointly Administered |

## ORDER DENYING MOTION OF STEPHANIE HARRIS FOR RECONSIDERATION

Pending before the Court is the *Motion to Strike Existing Order and Request for Evidentiary Hearing* (the "Motion," ECF Doc. # 8241) filed by Stephanie Harris ("Harris"). Through the Motion, Harris asks the Court to reverse its Opinion and Order (the "Opinion," ECF Doc. # 8108) sustaining the ResCap Borrower Claims Trust's (the "Trust") objection (the "Objection," ECF Doc. # 7666) to Claim Number 2536 (the "Claim") filed by Harris. For the reasons explained below, the Motion is **DENIED**.

The Trust filed the Objection to the Claim on the basis that the Debtors have no liability to Harris. Harris filed an opposition to the Objection (the "Opposition," ECF Doc. # 7818), and the Trust filed a reply (the "Reply," ECF Doc. # 7880). The Court held a hearing on December 18, 2014; Harris appeared in person. On February 11, 2015, the Court issued the Opinion disallowing and expunging the Claim in its entirety. On February 26, 2015, Harris filed the Motion seeking reversal of the Opinion and requesting an evidentiary hearing to resolve her Claim. The facts giving rise to Harris's Claim are discussed in the Opinion, and familiarity with those facts is assumed here.

In the Motion, Harris reiterates an argument she raised in her Opposition: Her Claim is valid because the Federal Reserve had not been paid with respect to her property. (*See* Motion at 1.) She also argues that the Court erred in ruling that her Claim was barred by judicial estoppel

because "[t]he loss of right to claim can't be lost for events that haven't happened yet, or ongoing events." (*Id.*) According to Harris, the following events occurred: "a. Bressler did not show up for evidentiary hearing.  b. Dismissed the objection and went away from case.  c. Lis Pendis [sic] removed[.]  d. Only with pacer was it obvious that the hidden in camera original note was nothing but an agreement that was never signed or recorded.  Exhibit B.  e. I had to write the Federal Reserve and the now enlarged financial watchdogs.  To find out so certainly just by time math [sic] it w[a]s impossible for me to claim before.  Exhibit [C.]"[1]  (*Id.* at 2.)

      Harris attaches to her Motion (1) the transcript of a hearing on Deutsche Bank's amended motion for relief from the automatic stay filed in her Chapter 7 Case (*see id.* Ex. A); (2) excerpts of a limited power of attorney granted by Deutsche Bank to Debtor Residential Funding Company, LLC ("RFC") with respect to certain enumerated transactions relating to mortgage loan documents (*see id.* Ex. B); (3) a letter dated September 27, 2010 from the Federal Reserve Bank of New York to Harris, identifying RFC as Harris's loan servicer and LaSalle Bank National Association, as trustee for the securitization trust that included Harris's loan (*see id.* Ex. C); (4) an email forwarded from Mordechai L. Breier, Esq. to Harris on December 30, 2013, which appears to reference the 2012 foreclosure action commenced against Harris (*id.* Ex. D); and (5) an affidavit filed in Harris's Chapter 7 Case, indicating that Florida Default Law Group, P.L. was the then-current document custodian of Harris's original note (*see id.*).

---

[1] Apparently, Bressler refers to Stacy Bressler, who appeared as counsel for Deutsche Bank Trust Company Americas ("Deutsche Bank")—a party to whom Harris's mortgage was mistakenly assigned to on two separate occasions and the plaintiff in two separate foreclosure actions commenced against Harris (Opinion at 3–7)—in Harris's chapter 7 case (the "Chapter 7 Case"). (*See* Motion Ex. A (transcript of hearing on Deutsche Bank's amended motion for relief from the automatic stay filed in Chapter 7 Case).) The sentence stating "[d]ismissed the objection and went away from case" is not clear with respect to "who" dismissed "which" objection, nor is it clear "who" or "what" went away from "which" case.

Under section 502(j) of the Bankruptcy Code, "[a] claim that has been allowed or disallowed may be reconsidered for cause." 11 U.S.C. § 502(j). The Bankruptcy Code does not define "cause," but when deciding a motion under section 502(j), the court should:

> [a]pply the same analysis that it would to a motion under Fed. R. Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr. P. 9024 (incorporating Fed. R. Civ. P. 60), depending on whether the movant . . . sought reconsideration within [fourteen] days after the entry of the order disallowing the claim, or did so only later.

*In re Terrestar Networks, Inc.*, No. 10–15446 (SHL), 2013 WL 781613, at *2 (Feb. 28, 2013) (collecting cases). Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates Federal Rule of Civil Procedure ("FRCP") 59, which allows a party to move to alter or amend a judgment. *See* FED. R. BANKR. P. 9023; FED. R. CIV. P. 59. Bankruptcy Rule 9024 incorporates FRCP 60, which authorizes relief from a final order under certain circumstances. *See* FED. R. BANKR. P. 9024; FED. R. CIV. P. 60(b). Because Harris has not established that relief is warranted under either Bankruptcy Rule 9023 or Bankruptcy Rule 9024, her Motion for reconsideration of the Opinion is **DENIED**.

The standard applicable to a motion for reargument or reconsideration is identical to that applicable to a motion to alter or amend a judgment under FRCP 59(e). *Henderson v. Metro. Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007); *accord Samuel's Temple Church of God in Christ v. Parade Place, LLC (In re Parade Place, LLC)*, 508 B.R. 863, 868–69 (Bankr. S.D.N.Y. 2014) (citations omitted). Bankruptcy Rule 9023 provides that "[a] motion . . . to alter or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment." FED. R. BANKR. P. 9023 (emphasis added). Further, Local Bankruptcy Rule 9023-1(a) provides, in relevant part:

> A motion for reargument of a court order determining a motion shall be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a

3

> court order resulting in a judgment, within fourteen (14) days after
> the entry of the judgment, and, unless the Court orders otherwise,
> shall be made returnable within the same amount of time as
> required for the original motion.

BANKR. S.D.N.Y. R. 9023-1(a).[2] Bankruptcy Rule 9006, governing the computation of the 14-day time period, provides:

> When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays, Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday.

*Id.* 9006(a)(1); *see also In re 231 Fourth Ave. Lyceum, LLC*, 513 B.R. 25, 29 (Bankr. E.D.N.Y. 2014) ("In bankruptcy cases, Bankruptcy Rule 9006 governs the computation of time periods, not [FRCP] 6." (citing FED. R. BANKR. P. 9006)).

Harris, appearing *pro se*, failed to comply with the strict filing rules of Bankruptcy Rule 9023 and Local Bankruptcy Rule 9023-1(a), as she filed her Motion 15 days after the Court entered the Opinion. *See In re Residential Capital, LLC*, No. 12-12020 (MG), 2014 WL 1410310, at *2 (Bankr. S.D.N.Y. 2014) (citing *Terrestar*, 2013 WL 781613, at *2) (holding that movants could not obtain relief under Bankruptcy Rule 9023 where reconsideration motion was filed twenty days after opinion was entered). "Although *pro se* litigants should be afforded latitude, they generally are required to inform themselves regarding procedural rules and to comply with them." *LoSacco v. City of Middletown*, 71 F.3d 88, 92 (2d Cir. 1995) (internal

---

[2]   Local Bankruptcy Rule 9023-1(a) derives from Former Local Bankruptcy Rule 13(j) and is an adaptation of Civil Rule 6.3 of the Local District Rules. *See* BANKR. S.D.N.Y. R. 9023-1 cmt.

4

citations and quotation marks omitted).  Because the Motion was not timely filed, Harris cannot obtain relief under Bankruptcy Rule 9023.  *See In re Residential Capital, LLC*, 2014 WL 1410310, at *2.  Additionally, even if the Motion were timely filed, reconsideration of the Opinion is not warranted because Harris has not identified any intervening change of controlling law, any newly available evidence, or the need to correct a clear error.  *See Kolel Beth*, 729 F.3d at 104.

Harris's Motion is premised on two alleged errors made by the Court:  (i) that Harris's allegations that the Federal Reserve had not been paid are without merit; and (ii) that Harris's Claim is barred by the doctrine of judicial estoppel.  (*See* Motion at 1.)  As set forth in the Opinion, Harris's allegations that the Debtors failed to pay the Federal Reserve lack merit and, in any event, fail to state a claim against the Debtors.  (*See* Opinion at 11 n.7.)  Additionally, Harris has identified no basis for the Court to reverse its prior ruling that judicial estoppel bars Harris's Claim to the extent it is premised on events occurring before January 27, 2010, the date on which she commenced her Chapter 7 Case.  The cryptic assertions Harris makes in her Motion do not establish any basis for the Court to conclude that it made any error in the Opinion.  Additionally, Harris does not establish that any of the documents attached to her Motion are newly discovered or could not have been discovered by due diligence and, in any event, they do not alter the Court's prior rulings in any way.

FRCP 60(b) permits a court to grant relief from a final judgment or order for the following reasons:  (1) "mistake, inadvertence, surprise, excusable neglect"; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5) the judgment has been satisfied, released, discharged, or it is "no longer equitable;" or (6) "any other reason that justifies relief."  FED. R. CIV. P. 60(b).  Whether to grant a motion for relief

5

under Rule 60 is within the discretion of the court. *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir. 2012). A motion for relief from judgment under FRCP 60 "is generally not favored and is properly granted only upon a showing of exceptional circumstances." *Marrero Pichardo v. Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001)). The party seeking relief under FRCP 60(b) bears the burden of proof. *See Int'l Bhd. of Teamsters*, 247 F.3d at 391 (citation omitted).

Because Harris is *pro se*, the Motion is held "to less stringent standards than formal pleadings drafted by lawyers . . . ." *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, Harris fails to establish adequate grounds for relief under FRCP 60(b). Harris has not established any mistake, inadvertence, surprise, or excusable neglect, nor has she identified any newly discovered evidence, fraud, misrepresentation, or misconduct. *See* FED. R. CIV. P. 60(b)(1)–(3). Additionally, Harris does not argue that the judgment is void or has been satisfied, released, discharged, or is otherwise no longer equitable. *See id.* 60(b)(4)–(5). Relief under FRCP 60(b)(6) is warranted "if extraordinary circumstances are present or the failure to grant relief would work an extreme hardship on the movant." *ISC Holding AG v. Nobel Biocare Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) (quoting *Motco, Inc. v. Barr (In re Emergency Beacon Corp.)*, 666 F.2d 754, 758–59 (2d Cir. 1981)). However, Harris has not set forth any extraordinary circumstances or extreme and undue hardship required for relief under FRCP 60(b)(6). Rather, she attempts to relitigate issues previously determined by the Court. Her Motion is **DENIED**.

**IT IS SO ORDERED.**

Dated:  April 10, 2015
　　　　New York, New York

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　/s/Martin Glenn
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　MARTIN GLENN
　　　　　　　　　　　　　　　　　　　　　　　　　　　United States Bankruptcy Judge