**Hearing Date:  April 16, 2015 at 10:00 a.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower*
*Claims Trust and the ResCap Liquidating*
*Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| _____ | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| _____ | ) | |

**THE RESCAP BORROWER CLAIMS TRUST AND THE RESCAP LIQUIDATING TRUST'S REPLY IN SUPPORT OF THEIR OBJECTION TO CLAIM NUMBERS 112, 114, 416, AND 417 FILED BY ERLINDA ABIBAS ANIEL, FERMIN SOLIS ANIEL, AND MARC JASON ANIEL**

ny-1182091

## TABLE OF CONTENTS

**Page**

I.    PRELIMINARY STATEMENT ................................................................................. 1

II.    REPLY ................................................................................................................... 2

    A.    The Claimants Fail to Demonstrate That They Have Standing to Challenge
    the Foreclosure Actions ................................................................................. 3

        i.    The Claimants' Reliance on Glaski is Misplaced ..................................... 3

        ii.    The Claimants' Allegations of Robo-Signing Are Not Supported ............ 4

    B.    The Claimants Have Not Demonstrated Any Liability Related to the
    Estiva Loan ..................................................................................................... 5

        i.    The Claimants Do Not Have Standing to Contest the Foreclosure
        of the Estiva Loan ................................................................................... 5

        ii.    The Claimants' UCL Claim Fails Because the Claimants Fail To
        Establish Any Wrongdoing Related to the Estiva Loan ........................... 6

    C.    The Claimants Have Not Demonstrated Any Liability related to the Aniel
    Loan ................................................................................................................ 7

        i.    The Debtors Satisfied All of the Requirements of Cal. Civ. Code
        §2923.5(e) ................................................................................................ 7

        ii.    The FDCPA Allegations ......................................................................... 8

        iii.    The Claimants Fail to Rebut the Presumption that the Debtors'
        Response to the Debt Validation Request Was Received ......................... 10

        iv.    The Claimants Fail to Demonstrate That They Are Excepted From
        the Tender Requirement .......................................................................... 11

        v.    The Claimants' UCL Claim Also Fails ................................................... 12

ny-1182091

**TABLE OF AUTHORITIES**

**Page(s)**

CASES

Allegheny Int'l, Inc. v. Snyder,
 954 F.2d 167 (3d Cir. 1992)........................................................................................2

Aniel v. E*Trade Bank,
 No. A-141246, 2015 WL 1138470 (Cal. Ct. App. Mar. 12, 2015)...........................13

Aniel v. EMC Mortg. Corp.,
 No. C 10-5170 (SBA), 2011 WL 835879 (N.D. Cal. Mar. 4, 2011) ........................10

Aniel v. Litton Loan Servicing, LP,
 No. 10-00951 (SBA), 2011 WL 635258 (N.D. Cal. Feb. 11, 2011)........................10

Anolik v. Bank of Am. Loans,
 No. 2:11-cv-00406-MCE-JFM, 2011 WL 1549291 (E.D. Cal. Apr. 21, 2011) ........6

Capital Data Corp. v. Capital Nat'l Bank,
 778 F. Supp. 669 (S.D.N.Y. 1991)...........................................................................11

Cedano v. Aurora Loan Servs., LLC (In re Cedano);
 470 B.R. 522 (B.A.P. 9th Cir. 2012).........................................................................8

Conteras v. JPMorgan Chase,
 No. 14-01145-JGB, 2014 WL 4247732 (C.D. Cal. Aug. 28, 2014)........................12

Daro v. Superior Court,
 61 Cal. Rptr. 716 (Cal. Ct. App. 2007) ....................................................................13

Feinberg v. Bank of N.Y. (In re Feinberg),
 442 B.R. 215 (Bankr. S.D.N.Y. 2010)........................................................................3

Glaski v. Bank of Am., NA,
 160 Cal. Rptr 3d 449 (Cal. Ct. App. 2013) ................................................................3

Hagner v. United States,
 285 U.S. 427 (1932).................................................................................................10

In re Adelphia Commc'ns Corp.,
 Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) ..........3

In re Oneida Ltd.,
 400 B.R. 384 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v.
 Oneida, Ltd., No. 09-CV-2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22,
 2010) ..........................................................................................................................3

In re Residential Capital, LLC,
   507 B.R. 477 (Bankr. S.D.N.Y. 2014)................................................................................2, 3

In re Rockefeller Ctr. Props.,
   272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr.
   Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed.
   Appx. 40 (2d Cir. 2002).......................................................................................................3

In re WorldCom, Inc.,
   No. 02-13533 (AJG), 2005 WL 3875192 (Bankr. S.D.N.Y. Oct. 27, 2005)
   (Gonzalez, J.) ....................................................................................................................10

Jenkins v. JP Morgan Chase Bank, N.A.,
   156 Cal. Rptr. 3d 912 (Cal. Ct. App. 2013).................................................................8, 13

Johnson v. Home State Bank,
   501 U.S. 78 (1991).............................................................................................................12

Kan v. Guild Mortg. Co.,
   178 Cal. Rptr. 3d 745 (Cal. Ct. App. 2014)........................................................................4

Lazo v. Summit Mgmt. Co.,
   LLC, No. 1:13-cv-02015-AWI-JLT, 2014 WL 3362289 (E.D. Cal. July 9, 2014)................12

McDonald v. IndyMac Mortg. Servcs.,
   No. 12-4610-MMC, 2013 WL 2252105 (N.D. Cal., May 22, 2013).....................................12

Perry v. Stewart Title Co.,
   756 F.2d 1197 (5th Cir. 1986) .............................................................................................9

Pham v. Bank of Am., N.A.,
   No. C10–02613 (HRL), 2010 WL 3184263 (N.D. Cal. Aug. 11, 2010) ..................................7

Quintero Family Trust v. OneWest Bank, F.S.B.,
   No. 09–CV–1561 (IEG) (WVG), 2010 WL 392312 (S.D. Cal. Jan. 27, 2010).......................8

Rajamin v. Deutsch Bank Nat'l Trust Co.,
   757 F.3d 79 (2d Cir. 2014)....................................................................................................4

Rivac v. Ndex West LLC,
   No. C13-1417 (PJH), 2013 WL 6662762 (N.D. Cal. Dec. 17, 2013)......................................5

Sandri v. Capital One, N.A. (In re Sandri),
   501 B.R. 369 (Bankr. N.D. Cal. 2013) ...............................................................................4

Shkolnikov v. JPMorgan Case Bank,
   No. 12-03996 (JCS), 2012 WL 6553988 (N.D. Cal., Dec. 14, 2012) ....................................4

Thomas v. JP Morgan Chase & Co.,
   811 F. Supp. 2d 781 (S.D.N.Y. 2011)....................................................................................9

iii

Welker v. JPMorgan Chase Bank, NA,
    No. G050241, 2014 WL 6810386 (Cal. Ct. App. Dec. 3, 2014) ..............................................3

**STATUTES**

11 U.S.C. § 502(a) ....................................................................................................................2

15 U.S.C. § 1692a(6) ................................................................................................................9

11 U.S.C. § 502(b)(1) ...............................................................................................................2

Cal. Civ. Code § 2920.5............................................................................................................9

**OTHER AUTHORITIES**

S. Rep. No. 95-382, 95th Cong., 1st Sess. 3, *reprinted in* 1977 U.S. Code Cong. & Ad.
    News 1695, 1698) ................................................................................................................2

ny-1182091

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the Chapter 11 plan (the "Plan") confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "Debtors") and the ResCap Borrower Claims Trust (the "Borrower Trust", and with the Liquidating Trust, the "Trusts"), established pursuant to the terms of the Plan, as successor in interest to Debtors with regard to Borrower Claims (as defined below), hereby submit this reply (the "Reply"), together with the Supplemental Declaration of Kathy Priore, Associate Counsel for The ResCap Liquidating Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the response of claimants Erlinda Abibias Aniel, Fermin Solis Aniel, and Marc Jason Aniel (the "Claimants") [Docket No. 8370] (the "Response") to the *Objection Of The Rescap Borrower Claims Trust To Claim Number 112, 114, 416, and 417 Filed By Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel* [Docket No. 8237] (the "Objection").[1]  In further support of the Objection, the Trusts respectfully represent as follows:

## I.    PRELIMINARY STATEMENT

1.     Based on the record before the Court, the Claimants have failed to meet their requisite burden of proof with respect to the Claims.  The Claims are based primarily on allegations that the Debtors did not have authority to commence foreclosure proceedings against the Claimants when both of the loans were substantially delinquent.  These allegations are premised on the mistaken belief that the loans were not properly securitized.  Furthermore, the Claimants lack standing to contest the assignments at issue under California law.

---

[1]    Capitalized terms not defined in this Reply have the meaning ascribed to such terms in the Objection.

ny-1182091

2.       Additionally, the Claimants' other state and federal causes of action also fail for

the following reasons.  In the first instance, the Trusts submitted evidence that the Debtors sent

the Claimants the necessary notices and responses to comply with section 2923.5 of the

California Civil Code or the Real Estate Settlement Procedures Act, but the Claimants have

failed to provide evidence to rebut the presumption that these notices and responses were

received.  Secondly, the Claimants' cause of action under the Fair Debt Collection Practices Act

fails because under the circumstances, the Debtors are not properly considered a "debt collector"

under the statute.  Moreover, the Claimants' quiet title claim fails because the Claimants fail to

comply with the tender requirement.  Finally, the Claimants' UCL claim fails because they have

not demonstrated how they were damaged by the Debtors' alleged actions.

3.       For these reasons, as set forth below and in the Objection, the Claim should be

disallowed and expunged from the Claims Register in its entirety.

## II.    REPLY

4.       A filed proof of claim is "deemed allowed, unless a party in interest …

objects."  11 U.S.C. § 502(a).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant

part, that a claim may not be allowed to the extent that "such claim is unenforceable against the

debtor and property of the debtor, under any agreement or applicable law…."  11 U.S.C. §

502(b)(1).  As noted previously by the Court, claims objections have a shifting burden of proof.

Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie

case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim.

The objecting party is thereafter required to produce evidence equal in force to that provided by

the claimant to rebut the presumption of the claimant's prima facie case.  In re Residential

Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014).  See also Allegheny Int'l, Inc. v.

Snyder, 954 F.2d 167, 173-74 (3d Cir. 1992).

ny-1182091

5.      Once an objection refutes an essential allegation of the claim, the burden of

persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a

preponderance of the evidence.  Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y.

(In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384,

389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v. Oneida, Ltd., No. 09-CV-

2229 (DC), 2010 U.S. Dist. LEXIS 6500 (S.D.N.Y. Jan. 22, 2010); In re Adelphia Commc'ns

Corp., Case  No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20,

2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom.,

NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001),

aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).

**A.      The Claimants Fail to Demonstrate That They Have Standing to Challenge the Foreclosure Actions**

**i.      The Claimants' Reliance on Glaski is Misplaced**

6.      In the Response, the Claimants contend that they have standing to contest the

assignment of the Aniel or Estiva loans, relying on Glaski v. Bank of Am., NA, 160 Cal. Rptr 3d

449 (Cal. Ct. App. 2013).  Glaski held that a borrower may challenge a securitized trust's chain

of ownership by alleging the attempts to transfer the deed of trust occurred after the trust's

closing date because transfers that violate the terms of the trust instrument are void under New

York trust law and borrowers have standing to challenge void assignments of their loans.  See

Glaski 160 Cal. Rptr 3d at 452.  However, as this Court noted in its *Memorandum Opinion and

Order Sustaining Objection to Claim No. 6423 of Neil Larkins* [Docket No. 7169], Glaski is an

outlier and has been soundly rejected by California courts as being inconsistent with California's

foreclosure jurisprudence.  See Welker v. JPMorgan Chase Bank, NA, No. G050241, 2014 WL

6810386, at *3-4 (Cal. Ct. App. Dec. 3, 2014) (rejecting Glaski and holding that a borrower

ny-1182091

cannot contest an assignment unless he can demonstrate how they were prejudiced by the alleged invalid assignment); Sandri v. Capital One, N.A. (In re Sandri), 501 B.R. 369, 374 (Bankr. N.D. Cal. 2013) (rejecting Glaski and noting that the weight of authority in California is against Glaski); Kan v. Guild Mortg. Co., 178 Cal. Rptr. 3d 745 (Cal. Ct. App. 2014) (collecting cases rejecting Glaski); Shkolnikov v. JPMorgan Case Bank, No. 12-03996 (JCS), 2012 WL 6553988, at *22 (N.D. Cal., Dec. 14, 2012) (noting that the majority of courts in California have held that a borrower cannot contest the assignment of a deed of trust and dismissing a plaintiff's UCL claim premised on an invalid assignment).   Furthermore, the Second Circuit rejected Glaski as being inconsistent with New York law.  See Rajamin v. Deutsch Bank Nat'l Trust Co., 757 F.3d 79, 90 (2d Cir. 2014) (rejecting the conclusion in Glaski and finding that under New York law, plaintiffs that are not beneficiaries of a trust cannot challenge the actions of a trustee).  In the Objection, the Trusts presented substantial authority in California finding that a borrower does not have standing to challenge a foreclosure based on issues with the assignment of the deed of trust or the securitization of a loan.  See Objection ¶ 49.  The Claimants' reliance on Glaski does not overcome the breadth of contrary authority cited by the majority of courts.  As a result, the Claimants cannot support their claims of wrongful foreclosure based on the alleged invalid assignments and improper securitizations.

### ii.    The Claimants' Allegations of Robo-Signing Are Not Supported

7.    The Claimants again allege that the Estiva Assignment and the Aniel Assignments were robo-signed, but do not present any relevant evidence to substantiate such allegations. Rather, the only evidence presented of the alleged robo-signing of the Estiva Assignment is a deposition by Jeffrey Stephan from another case.  As a result, the Claimants have failed to

4

factually support their robo-signing allegations, making such allegations insufficient to state a claim.  See Objection ¶ 47.

8.      The Claimants allege that the 2011 Assignment is void because Mira Smoot, who signed on behalf of HSBC, was not an employee of HSBC but rather an employee of GMACM. See Response ¶ 48.  The Claimants are correct that Ms. Smoot was an employee of GMACM and not HSBC.  See Supplemental Declaration ¶ 5.  However, Ms. Smoot had authority to execute the 2011 Assignment pursuant to a power of attorney that HSBC granted to GMACM. See HSBC Power of Attorney, attached to the Supplemental Declaration as Exhibit A.  As a result, Ms. Smoot had the authority to sign the document.

9.      Furthermore, as discussed in the Objection, the Claimants' allegations of robo-signing do not change the fact that the Claimants do not have standing to contest the assignments at issue.  Rivac v. Ndex West LLC, No. C13-1417 (PJH), 2013 WL 6662762, at *6 (N.D. Cal. Dec. 17, 2013) ("Where a plaintiff alleges that a document is void due to robo-signing, yet does not contest the validity of the underlying debt, and is not a party to the assignment, the plaintiff does not have standing to contest the alleged fraudulent transfer.")  Thus, the allegations of robo-signing cannot support a claim against the Debtors' estates.

**B.      The Claimants Have Not Demonstrated Any Liability Related to the Estiva Loan**

**i.      The Claimants Do Not Have Standing to Contest the Foreclosure of the Estiva Loan**

10.     The Claimants attempt to argue that the doctrine of res judicata bars the Trusts from objecting to the Claimants' standing with regard to the Estiva Loan because the Debtors did not object to the Claimants' assertions of 50% ownership of the Estiva Property in the Claimants' bankruptcy schedules.  See Response ¶ 67.  The Claimants asserted a 50% ownership in the Estiva Property in their amended Bankruptcy Schedules, which were filed on March 24,

5

2009.  See Bankruptcy Schedules, attached to the Priore Declaration as Exhibit K.  However, whether the Claimants possessed an interest in the Estiva Property at the time their bankruptcy schedules were filed is not the issue.  The issue is whether there is any evidence to demonstrate that the Claimants held an interest in the Estiva Property at the time the foreclosure process was initiated by the Debtors filing the Estiva 2008 Notice of Default on December 17, 2008.  See Objection ¶ 17.  As in Anolik v. Bank of Am. Loans, No. 2:11-cv-00406-MCE-JFM, 2011 WL 1549291, at *3 (E.D. Cal. Apr. 21, 2011) (discussed in ¶¶ 41-44 in the Objection), since the default had already occurred and the foreclosure proceeding had already commenced by the time the Claimants memorialized any ownership interest in the Estiva Property, the Claimants lack standing to bring a claim challenging the foreclosure.

11.    Furthermore, even if the Claimants could demonstrate that they had an interest in the Estiva Property prior to the commencement of the foreclosure proceeding, the Claimants still lack standing because they have failed to demonstrate that they tendered the obligation due.  See Objection ¶ 43.  The Claimants do not allege that they ever tendered the amount owed under the Estiva Loan or that they have the ability to do so.  Rather, they merely allege, without providing any legal or factual support, that the debt was cancelled because the Estiva Loan was allegedly transferred into the securitization trust after the closing date.  See Response ¶ 77.  As a result, the Claimants have failed to demonstrate standing to contest the foreclosure of the Estiva Loan.

### ii.    The Claimants' UCL Claim Fails Because the Claimants Fail To Establish Any Wrongdoing Related to the Estiva Loan

12.    As noted in the Objection, because the Claimants have failed to demonstrate any unlawful, unfair, or fraudulent activity with their other causes of action related to the Estiva Loan, the Claimants' UCL claim must also fail.  Furthermore, the Claimants have not

6

demonstrated that they have suffered any injury in fact as a result of the alleged wrongful

activity, and therefore do not have standing to bring a claim under § 17200.

> **C.     The Claimants Have Not Demonstrated Any Liability related to the Aniel Loan**
>
> > **i.      The Debtors Satisfied All of the Requirements of Cal. Civ. Code §2923.5(e)**

13.     The Claimants correctly list the requirements of 2923.5(e).  See Response ¶ 50.

The Claimants allege that the Debtors did not comply with these requirements because the

Debtors did not contact the Claimants. See id.  As noted in the Objection, the Debtors sent a

letter to the Claimants on October 11, 2011 via certified mail that provided a toll-free phone

number for the Debtors' loss mitigation department and a phone number for the Department of

Housing and Urban Development ("HUD").  See Exhibit EE to the Priore Declaration; see also

Aniel Servicing Notes, p. 128, attached to the Supplemental Declaration as Exhibit B.  After this

letter was sent, the Debtors attempted to contact the Claimants six additional times on January

25, 26, and 30, 2012.  See Objection ¶ 36; see also Aniel Servicing Notes. Pp. 123-125.  The

Debtors then sent another letter via certified mail on February 14, 2012 also providing phone

numbers for the Debtors' loss mitigation department and HUD.  See Exhibit FF to the Priore

Declaration; see also Aniel Servicing Notes, p. 122.  As a result, the evidence demonstrates that

the Debtors complied with section 2923.5 of the Cal. Civ. Code.

14.     Furthermore, the Aniel Notice of Default states that the beneficiary or its

underlying agent complied with Cal. Civ. Code §2923.5.  See Aniel 2012 Notice of Default

attached to the Objection as Exhibit HH.  Under California law, if a borrower pleads that the

foreclosing party did not comply with section 2923.5, then the court may judicially notice a

notice of default to show that the allegations in the complaint are false and do not state a claim.

Pham v. Bank of Am., N.A., No. C10–02613 (HRL), 2010 WL 3184263, at *3 (N.D. Cal. Aug.

ny-1182091

11, 2010); Quintero Family Trust v. OneWest Bank, F.S.B., No. 09–CV–1561 (IEG) (WVG), 2010 WL 392312, at *14 (S.D. Cal. Jan. 27, 2010). As a result, where compliance with section 2923.5 is sufficiently stated in the Aniel 2008 Notice of Default, the Court may find that the Claimants have not stated a cause of action. See id.

15.    Furthermore, as this Court held in its *Memorandum Opinion and Order Sustaining the ResCap Borrower Claims Trust's Objection to the Claims Filed by Karen Michele Rozier* [Docket No. 7909] "[t]he sole remedy for a failure to comply with California Civil Code section 2923.5 is 'limited to the postponement of an impending foreclosure.'" Cedano v. Aurora Loan Servs., LLC (In re Cedano); 470 B.R. 522, 533 (B.A.P. 9th Cir. 2012) (citation omitted). As the Debtors no longer service the Aniel Loan nor have any interest in the Aniel Deed of Trust, there is no remedy available against the Debtors even if there was an alleged failure by the Debtors to follow the requirements of section 2923.5.

### ii.    The FDCPA Allegations

16.    The Claimants' FDCPA claim is premised on the allegation that GMACM misrepresented to them that HSBC was the owner of loan. See Complaint ¶ 81. In the Response, the Claimants allege that even though GMACM acted as sub-servicer for the Aniel Loan since the loan's origination, GMACM still qualifies as a "debt collector" for purposes of the FDCPA because the Aniel Deed of Trust was assigned to GMACM in 2011 in anticipation of a foreclosure sale on the property.[2] See Response ¶ 52. This argument places form over

---

[2] The Claimants also attempt to argue that the Debtors did not have authority to initiate foreclosure because the 2011 Assignment separated the Aniel Note and the Aniel Deed of Trust. See Response ¶ 41. However, courts in California have held that California non-judicial foreclosure statutes "do not require that the foreclosing party have an actual beneficial interest in both the promissory note and the deed of trust to commence and execute a nonjudicial foreclosure sale." Jenkins v. JP Morgan Chase Bank, N.A., 156 Cal. Rptr. 3d 912, 926 (Cal. Ct. App. 2013) (holding that because the statutory provisions for non-judicial foreclosure permit a proceeding to be initiated by a trustee, mortgagee, or beneficiary, or any of their authorized agents, the foreclosing party does not need to hold a beneficial interest in a note and a deed of trust).

ny-1182091

substance.  GMACM always acted as the sub-servicer of the loan and never actually assumed the

role of owner of the loan.[3]  <u>See</u> Supplemental Declaration ¶ 7.  The legislative history of the

FDCPA is clear that the law was not intended to apply to loan servicers, but rather to debt

collectors that acquire their interest in the loan after the loan has defaulted.  <u>See</u> <u>Perry v. Stewart</u>

<u>Title Co.</u>, 756 F.2d 1197, 1208 (5th Cir. 1986) (<u>citing</u> S. Rep. No. 95-382, 95th Cong., 1st Sess.

3, *reprinted in* 1977 U.S. Code Cong. & Ad. News 1695, 1698).  While GMACM may have

accepted the assignment of the Aniel Deed of Trust as part of its role as sub-servicer, it obtained

the right to receive payment when it was acting as sub-servicer prior to the default of the Aniel

Loan, and it continued to act as sub-servicer even after the 2011 Assignment and therefore

cannot be considered a debt collector for purposes of the FDCPA.[4]

17.    Furthermore, assuming for the sake of argument that the Claimants are correct

and the Debtors did become the owners of the Aniel Loan as a result of the 2011 Assignment

(which they did not), the FDCPA would not apply, because under the Claimants' own logic, the

Debtors would no longer have been collecting a debt "owed to another."  <u>See</u> 15 U.S.C. §

1692a(6); <u>Thomas v. JP Morgan Chase & Co.</u>, 811 F. Supp. 2d 781, 801-02 (S.D.N.Y. 2011) (the

term debt collector under the FDCPA does not apply to entities collecting debts on their own

behalf). Therefore, no matter how the Claimants characterize the Debtors' relationship to the

Aniel Loan, the Debtors never acted as a debt collector (as that term is defined under the

FDCPA).

---

[3] It was the common practice of many investors to assign a deed of trust to the Debtors in their role as loan sub-servicer prior to the commencement of the foreclosure process.  GMACM accepted the assignment as sub-servicer of the Aniel Loan.  <u>See</u> Supplemental Declaration ¶ 7.

[4] The California "Homeowner Bill of Rights" defines a mortgage servicer as "a person or entity who directly services a loan, who is responsible for interacting with the borrower, managing the loan account on a daily basis including collecting and crediting periodic loan payments, managing any escrow account, or enforcing the note and security instrument, either as current owner of the promissory note or as the current owner's authorized agent."  Cal. Civ. Code § 2920.5.

9

18.      Additionally, courts in California have held that a claim under the FDCPA cannot

be based on the enforcement of a security interest under the subject deed of trust because

foreclosing on a mortgage does not constitute an attempt to collect a debt for purposes of the

FDCPA.  See Aniel v. EMC Mortg. Corp., No. C 10-5170 (SBA), 2011 WL 835879, at *5 (N.D.

Cal. Mar. 4, 2011) (suit involving the Claimants and another loan servicer; finding that the

FDCPA does not apply to a loan servicer conducting a non-judicial foreclosure); Aniel v. Litton

Loan Servicing, LP, No. 10-00951 (SBA), 2011 WL 635258, at *3 (N.D. Cal. Feb. 11, 2011)

(same).

### iii.      The Claimants Fail to Rebut the Presumption that the Debtors' Response to the Debt Validation Request Was Received

19.      The Claimants assert that even though the Debtors sent a response to the Debt

Validation Request, the Debtors are still liable for violating RESPA because the Claimants

allegedly did not receive the Debtors' response.  See Response ¶ 53.  The Debtors mailed a

response to the Debt Validation Request to the same address that was listed as the return address

on the Debt Validation Request and on file for the Claimants.  See Response Letter, attached to

the Priore Declaration as Exhibit KK. "A rebuttable presumption that an addressee received a

mailed notice arises when the mailing party submits sufficient evidence to demonstrate the notice

was properly addressed and mailed."  See In re WorldCom, Inc., No. 02-13533 (AJG), 2005 WL

3875192, at *3 (Bankr. S.D.N.Y. Oct. 27, 2005) (Gonzalez, J.) (finding that a claimant received

notice of a bar date based on evidence demonstrating that notice was properly addressed and

mailed); see also Hagner v. United States, 285 U.S. 427, 430 (1932) ("The rule is well settled

that proof that a letter properly directed was placed in a post office creates a presumption that it

reached its destination in usual time and was actually received by the person to whom it was

addressed."). "To invoke that presumption, a party must first produce evidence of mailing, either

10

by offering the testimony of the person who actually mailed the letter or though indirect evidence

such as proof that the mail was sent through office procedures followed in the regular course of

business." Capital Data Corp. v. Capital Nat'l Bank, 778 F. Supp. 669, 675 (S.D.N.Y. 1991).

Here, the copy of the letters attached to the Objection as Exhibit JJ and Exhibit KK demonstrate

that they were properly addressed, and the Debtors' servicing notes indicate that they were

mailed, in accordance with the Debtors' regular course of business. See Aniel Servicing Notes,

pp. 105, 111; see also Supplemental Declaration ¶ 8. Thus, there exists a presumption that the

letters were received by the Claimants.

20.    "Once [a] proof of mailing is established, … 'the mere denial of receipt does not

rebut the presumption. There must be … some proof that the regular office procedure was not

followed or was carelessly executed so that the presumption that notice was mailed becomes

unreasonable." See Capital Data, 778 F. Supp. at 675 (citation omitted). As the only evidence

presented by the Claimants is a denial of receipt, the Claimants have not sufficiently rebutted the

presumption that the letters were received.

### iv.    The Claimants Fail to Demonstrate That They Are Excepted From the Tender Requirement

21.    The Claimants assert that the tender requirement for standing to assert causes of

action for wrongful foreclosure or quiet title does not apply to them because the underlying debt

is not valid. See Response ¶¶ 56-59. The Claimants assert two bases for this allegation: (1) their

bankruptcy removed their obligation to pay the debt on the Aniel Property and (2) the debt on the

Aniel Property was cancelled when the Aniel Loan was allegedly not transferred into the

securitization trust. See Response ¶¶ 19 and 59.

22.    The Claimant is correct that their personal liability for the Aniel Loan was

discharged; however, the Debtors' lien on the Aniel Property was not removed. See McDonald

11

v. IndyMac Mortg. Servcs., No. 12-4610-MMC, 2013 WL 2252105, at *6 (N.D. Cal., May 22,

2013) ("Although 'a defaulting debtor can protect himself from personal liability by obtaining a

discharge in a Chapter 7 liquidation,' such a discharge 'extinguishes only the personal liability of

the debtor…[and] a creditor's right to foreclose on the mortgage survives or passes through the

bankruptcy.") (alterations in original) (citing Johnson v. Home State Bank, 501 U.S. 78, 82

(1991).  As a result, the Claimants' debt under the Aniel Loan was not discharged, and therefore

their ability to plead the ability to tender precludes their claim for quiet title.  See McDonald, at

*6 (holding that discharge of personal liability in chapter 7 bankruptcy did not remove the tender

requirement).

23.    Regarding the second basis, the Claimants fail to proffer any legal or factual basis

to support their allegation that the debt was cancelled as a result of alleged improper

securitization.  Courts in California have held that the tender rule still applies even where the

Claimants are alleging issues with the securitization of the loan.  See Conteras v. JPMorgan

Chase, No. 14-01145-JGB, 2014 WL 4247732, at *8 (C.D. Cal. Aug. 28, 2014) (holding that

where the plaintiff had failed to tender, the court must dismiss any claims alleging irregularities

in the foreclosure process, including claims for quiet title); Lazo v. Summit Mgmt. Co., LLC,

No. 1:13-cv-02015-AWI-JLT, 2014 WL 3362289, at *8 (E.D. Cal. July 9, 2014) (without

alleging the ability to tender, the plaintiffs lack standing to proceed on causes of action premised

on irregularities in the assignment, including quiet title).  As a result, the Claimants have failed

to demonstrate that the tender requirement for asserting a quiet title action does not apply, and

therefore have failed to state such a claim against the Debtors.

### v.    The Claimants' UCL Claim Also Fails

24.    In the Response, the Claimants assert two bases for liability of the Debtors under

the UCL, neither of which were alleged in the Aniel Claim: (1) "Debtors represented that

12

Claimant would have [to] be in default in order to be approved for a loan modification. In fact,
no such requirement is necessary to apply for a loan modification" and (2) "Debtors
misrepresented its role in the loan as a creditor when in fact it was still the sub-servicer of the
securitized trust." See Response ¶ 64.

25.    Regarding the first allegation, the Claimants present no evidence to support the
allegation and there is nothing in the servicing notes to suggest the Debtors made such a
statement. See Aniel Servicing Notes. Therefore, the Claimants have failed to meet their burden
of demonstrating by a preponderance of the evidence that the alleged misstatements occurred.

26.    Additionally, to sufficiently plead a cause of action under the UCL, the Claimants
must sufficiently demonstrate a causal link between their economic injury and the allegedly
unfair or unlawful acts. See Aniel v. E*Trade Bank, No. A-141246, 2015 WL 1138470, at *11
(Cal. Ct. App. Mar. 12, 2015) (citing to Jenkins) (held that the Claimants (in a suit involving
Claimants and the owner of a different loan) had not stated a cause of action under the UCL
because Claimants' foreclosure was caused by their own default and not the actions of the owner
of the loan); Jenkins v. JP Morgan Chase Bank, 156 Cal. Rptr. 3d at 933 ("A plaintiff fails to
satisfy the causation prong of the statute if he or she would have suffered 'the same harm
whether or not a defendant complied with the law.'") (quoting Daro v. Superior Court, 61 Cal.
Rptr. 716, 729 (Cal. Ct. App. 2007)).

27.    Here, the Claimants have not alleged how they were injured as a result of the
Debtors' alleged misstatement, nor can they. In December 2008, the time of the alleged
misstatement, the Claimants had not made a payment since June 17, 2008 and were in default.
See Objection ¶ 29. As a result, Claimants cannot allege that the statement caused them to
default on the Aniel Loan. The Claimants also do not allege that they failed to partake in any

13

other loss mitigation options during the month between the alleged fraudulent statement and the denial of their account for a loan modification,[5] nor do they allege that they would have cured the default had the statement not been made.

28.     The Claimants also premise their UCL claim on the allegation that GMACM misrepresented itself as the beneficiary of the deed of trust on the "foreclosure documents." However, nowhere on the Notice of Default or Notice of Trustee's Sale is GMACM listed as a beneficiary; these documents were executed by ETS.  See Aniel 2012 Notice of Default and the Aniel 2012 Notice of Trustee's Sale, attached to the Objection as Exhibit HH and Exhibit II, respectively.   The only place where GMACM is listed as the beneficiary is the 2012 Substitution of Trustee.  This was not a misstatement, as the deed of trust was assigned to GMACM so that GMACM could carry out the foreclosure.

29.     However, even if these allegations did amount to some sort of misrepresentation, the Claimants have failed to establish how they were harmed by the alleged misrepresentation. The Claimants disingenuously state that this caused them confusion regarding their ability to modify the Aniel Loan.  However, GMACM, as the sub-servicer, still would have been the Claimants' contact regarding modification of their loan, so it is unclear how a belief that GMACM was also the owner of the loan would cause confusion in this regard.

30.     As a result, even if the new and unsubstantiated allegations of the Claimants are true, the Claimants have not demonstrated that these allegations support a claim under the UCL.

31.     In sum, the Claimants make numerous allegations of the Debtors' wrongdoing that lack both legal and factual support.  As a result, the Claimants have failed to meet their

---

[5] The Claimants were informed on January 19, 2009 that the Debtors would not be able to approve them for a loan modification because they were overextended, and the Debtors' records do not show that the Claimants subsequently applied for any additional loan modifications.  See Supplemental Declaration ¶ 10; see also Aniel Servicing Notes, p. 249.

14

burden of demonstrating by a preponderance of the evidence any liability of the Debtors' estates related to the Debtors' dealings with the Claimant.

WHEREFORE, the Trusts respectfully request that the Court overrule the Response and grant the relief requested in the Objection by disallowing and expunging the Claims in their entirety.

Dated:  April 10, 2015                          /s/  Norman S. Rosenbaum
        New York, New York                    Norman S. Rosenbaum
                                    Jordan A. Wishnew
                                    Jessica J. Arett
                                    MORRISON & FOERSTER LLP
                                    250 West 55th St.
                                    New York, New York 10019
                                    Telephone: (212) 468-8000
                                    Facsimile: (212) 468-7900

                                    *Counsel for The ResCap Borrower Claims Trust*

15

ny-1182091