**Exhibit 1**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL DECLARATION OF KATHY PRIORE IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST AND THE RESCAP LIQUIDATING TRUST'S REPLY IN SUPPORT OF THEIR OBJECTION TO CLAIM NUMBERS 112, 114, 416, AND 417 FILED BY ERLINDA ABIBAS ANIEL, FERMIN SOLIS ANIEL, AND MARC JASON ANIEL**

I, Kathy Priore, hereby declare as follows:

1. I serve as Associate Counsel for the ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Associate Counsel in the legal department of Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). I joined ResCap on May 1, 2008 as in-house litigation counsel. Prior to my in-house litigation counsel position, I held various roles within the legal department at ResCap.

2. In my role as Associate Counsel at ResCap, I was responsible for the management of litigation, including, among others, residential mortgage-related litigation. In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the chapter 11 cases, including the borrower

1

ny-1183180

litigation matters pending before this Court. In my current position as Associate Counsel to the Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust and the Borrower Claims Trust (the "Borrower Trust" and with the Liquidating Trust, the "Trusts") in connection with the claims reconciliation process.[1] I am authorized to submit this declaration (the "Declaration") in support of the *Rescap Borrower Claims Trust and the ResCap Liquidating Trust's Reply in Support of its Objection to Claim Nos. 112, 114, 416 and 417 Filed By Erlinda Abibas Aniel, Fermin Solis Aniel, and Marc Jason Aniel* (the "Reply").[2]

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

4. In my current and former capacities as Associate Counsel to the Liquidating Trust and ResCap, I am intimately familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' Books and Records (the "Books and Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or other Liquidating Trust personnel have reviewed and

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Objection.

2

ny-1183180

analyzed the proof of claim form and supporting documentation filed by the Claimant. Since the Plan went effective and the Borrower Trust was established, I, along with other members of the Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

5.  Mira Smoot was an employee of GMACM and had authority to execute assignments on behalf of HSBC pursuant to a power of attorney that HSBC granted to GMACM. See HSBC Power of Attorney, attached hereto as Exhibit A.

6.  The Debtors sent a letter to the Claimants on October 11, 2011 via certified mail that provided a toll-free phone number for the Debtors' loss mitigation department and a phone number for the Department of Housing and Urban Development ("HUD"). See Aniel Servicing Notes, attached hereto as Exhibit B.

7.  It was the common practice of many investors to assign a deed of trust to the Debtors in their role as loan sub-servicer prior to the commencement of the foreclosure process. In this instance, GMACM accepted the assignment as sub-servicer of the Aniel Loan.

8.  In accordance with the Debtors' regular course of business, shortly after an employee of the Debtors addressed a letter and placed it in the outgoing USPS mail, the employee would make a note in the Debtors' servicing notes that the letter had been sent. The Aniel Servicing Notes indicate that on May 18, 2012, Denise Jungen ("Ms. Jungen"), a

3

ny-1183180

representative of the Debtors, sent the Acknowledgment Letter to the Claimants. See Aniel Servicing Notes. On June 8, 2012, Ms. Jungen sent the Response Letter to the Claimants. See id.

9. There is nothing in the Debtors' servicing notes to suggest the Debtors told the Claimants that they would have to be in default in order to be approved for a loan modification. See Aniel Servicing Notes.

10. The Claimants were informed on January 19, 2009 that the Debtors would not be able to approve them for a loan modification because they were overextended, and the Debtors' records do not show that the Claimants subsequently applied for any additional loan modifications. See Aniel Servicing Notes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 10, 2015

    /s/ Kathy Priore
Kathy Priore
Associate Counsel for ResCap Liquidating Trust