**Exhibit O**

IN THE DISTRICT COURT OF THE 1ST JUDICIAL DISTRICT IN AND FOR JEFFERSON COUNTY COLORADO

CIVIL DIVISION

**EFILED Document**
**CO Jefferson County District Court 1st JD**
**Filing Date: May 24 2010 4:12PM MDT**
**Filing ID: 31301878**
**Review Clerk: N/A**

GMAC MORTGAGE LLC

Petitioner

Vs.

KENNETH DLIN

Respondent Pro-Se

_____/

### RESPONDENTS AMENDED ANSWER AND OBJECTION TO NOTICE

COMES NOW: The, Respondent, Kenneth Dlin Pro-Se and upon new evidence and findings hereby amends the original answer and objection. It is Respondent's goal to be concise and to inform this Honorable Court of findings that lead to the issue of Standing of the Petitioner and events that can provide this Honorable Court with the sequence of events in order to give a fair conclusion to the matter before this Court.

### RESPONDENTS AMENDED ANSWER

1. **Carpenter v. Longan, 83 U.S. 16 Wall. 271 271 (1872) Carpenter v. Longan 83 U.S. (16 Wall.) 271 1.** The assignment of a negotiable note before its maturity raises the presumption of **a want of notice of any defense to it**, and this presumption stands till it is overcome by sufficient proof.

2. When a mortgage given at the same time with the execution of a negotiable note and to secure payment of it, is subsequently, but before the maturity of the note, transferred

EXHIBIT 8

bona fide for value, with the note, the holder of the note when obliged to resort to the mortgage is unaffected by any equities arising between the mortgagor and mortgagee subsequently to the transfer, and of which he, the assignee, had no notice at the time it was made. He takes the mortgage as he did the note.

3. This clearly illustrates that when MERS as the nominee lender could not operate as a lender, but was merely an electronic storage of documents, the deed of trust (mortgage) became separated from the note and therefore both instruments became a nullity.

4. The respondents loan is currently registered in the MERS system with registration # 100013802008167670 This is further proof that MERS acting as a nominee lender has clearly Separated the note from the deed of trust.

5. IN THE SUPREME COURT OF THE STATE OF KANSAS  No. 98,489 ruled On August 28, 2009 the Supreme Court of the State of Kansas rendered an opinion based calmly on existing law and relentlessly applying it to the chagrin of all participants in the securitization scheme. **MERS** was the appellant seeking to invoke due process rights which it said were violated when they failed to get notice of the fact that their "interest" was being wiped out. The Court said simply that MERS — or any nominee" didn't have any interest and proves its point by reference to simple statements in the documents and the simplest of laws and interpretation of the role of MERS and the requirements of recordation. The splitting of the note and mortgage creates an immediate and fatal flaw in title

6. Respondent has searched the Jefferson County Records and cannot find in any instance an

assignment, allonge or corporate resolution transferring the Deed of Trust and the Note from Green Point Mortgage to Country Wide Bank and from Country Wide Bank to Country Wide Loans and subsequently to GMAC.

7. Petitioner stands before this Honorable Court claiming ownership of Deed of Trust but has not provided the original note complete with all endorsements evidencing the chain of title and any allonge attached to the note for the Respondent to examine as the original note.

8. Petitioner provides to this Honorable Court a notarized copy of the original Notarized Deed of Trust but only provides a copy of the note of which there is no proof as to its being the original. The providing of the copy of the note without proper notarization is indicative of the practices of wholesale lenders in which they act as brokers to the deal, do not have any funds in the deal and in no way fund the mortgage. This securitization of notes has proven time and time again that the notes are bundled and sold on Wall St to investors by way of an Asset Based Trust.

9. It is respondent's belief that the original note has been sold over and over and that the holder in due course is not known and that GMAC is attempting to collect on an obligation of which it has no funds invested and hence cannot prove any damages. In the wake of Federal District Court Judge Boyko's decision on October 31, 2007. **Federal Judge Christopher A. BOYKO**, of the Northern District of Ohio (Eastern Division) gained national attention by a thoughtful, well reasoned order dismissing fourteen Ohio judicial foreclosure actions due to lack of standing of the plaintiffs. That order was dated **October 31, 2007**.

However, this well researched and well written dismal order was PRECEEDED by other dismissals of thirteen judicial foreclosure cases three weeks EARLIER on **October 10, 2007**.

The cases disposed of by Judge BOYKO's earlier October 10, 2007, order were:

- *Deutsche Bank National Trust Company v. Mason*; Filed 5/25/2007; Case No. 1:2007cv01547
- *Deutsche Bank National Trust Company v. Bowers*; Filed 5/10/2007; Case No. 1:2007cv01356
- *Deutsche Bank National Trust v. Pullum*; Filed 4/30/2007; Case No. 1:2007cv01272
- *Deutsche Bank National Trust v. Thompson*; Filed 4/25/2007; Case No. 1:2007cv01240
- *Deutsche Bank National Trust Company v. Jones*; Filed 4/23/2007; Case No. 1:2007cv01204
- *Wells Fargo Bank National Association v. Kinion*; Filed 8/20/2007; Case No. 1:2007cv02516
- *Wells Fargo Bank, N.A v. Davis*; Filed 7/30/2007; Case No. 1:2007cv02322
- *NovaStar Mortgage, Inc. v. Kovacs*; Filed 7/24/2007; Case No. 1:2007cv02228
- *Deutsche Bank National Trust Company v. Moore*; Filed 7/17/2007; Case No. 1:2007cv00357
- *Deutsche Bank National Trust Company v. Cook*; Filed 7/9/2007; Case No. 1:2007cv02033
- *Deutsche Bank National Trust Company v. Kamps*; Filed 6/26/2007; Case No. 1:2007cv01903
- *Deutsche Bank National Trust Company v. Toler*; Filed 6/22/2007; Case No. 1:2007cv01880
- *Deutsche Bank National Trust Company v. Long*; Filed 6/18/2007; Case No. 1:2007cv01803

10. Two further federal District Court judges have issued orders in mortgage foreclosure cases on the issue of standing. Judge Kathleen M. O'Malley issued an order on November 14, 2007 in the Case of In re Foreclosure Actions, Case Nos. 1:07cv1007, et al., (N. D. Ohio October 31, 2007)(O'Malley, J.)

11. Mortgage Electronics Registration Systems, Inc. (MERS) is a registry service that keeps track of mortgage loans and loan servicers throughout the nation. It is a database that registers transfers of mortgages from lender to lender as they are bought and sold in the secondary market. MERS is designated as a "nominee" for the lender. The ownership of the Deed of Trust (or mortgage) belongs to MERS. The lender is then the owner (Beneficial Holder) of the Note while MERS is the owner of the Deed of Trust. The borrower makes payments to the lender not to MERS. The effective of this is that the lender no longer owns the Deed of Trust since it has been assigned to MERS.

That fact means that the lender can no longer foreclose on the Deed of Trust since the lender no longer owns it.

12. MERS is not a Holder In Due Course, an assignee or the Beneficial Note Holder. They simply own the Deed of Trust but have no legal standing to collect on the Note since they do not own the note. They cannot foreclose on the Deed of Trust because MERS has no rights to collect on the Note.

The loan in this case has been assigned a Mortgage Identification Number (MIN#100013802008167670) and has been registered on MERS. As such, MERS gains no legal standing to pursue foreclosure or to enforce anyprovisions of the Note and/or Deed of Trust. The fact that this mortgage has been assigned a MERSIMIN number may mean that this loan has been sold into the secondary market, usually more than once. The lender has bundled this loan with several others and has pledged this group of mortgages as backing (or) securitization)for corporate bonds that the lender has also issued and sold into the secondary market.

13. As such, the originating lender will no longer own the loan (Promissory Note) since the loan has been bundled and sold to some third party and the Deed of Trust has been sold to MERS. The originating lender will no longer be the Beneficial Holder of the Note. That means that the original lender does not have standing to sue in order to enforce this contract or to enforce the *"Power of Sale"* clause in the Deed of Trust (Mortgage) by foreclosing. See *MERS, Inc. vs Southwest Homes of Arkansas 2009 ARK.LEXIS 458* and *Landmark National Bank VS. Kesler* 40 Kan. App 2d 325, 192 P.3d 177

RESPONDENTS OBJECTION TO NOTICE

14. It is respondent's claim that petitioner does not have standing as no proof has been submitted to this court showing ownership of the note with proper assignments and endorsements.

15. Without respondent having standing, this Honorable Court is without jurisdiction and without sufficient evidence from the petitioner, this action must be dismissed.

WHEREFORE: Petitioner hereby and upon presentation of the facts stated above, prays that this Honorable Court will dismiss the petitioners action with prejudice and award damages as the Court so deems.

CERTIFICATE OF SERVICE:

I certify that on this date ___5-24-10___ a copy of the foregoing was furnished by US Mail to:

Kimberley Martinez Esq, % Castle, Meinhold & Stawiarski LLC, 999 18th St, #2201, Denver, CO 80202

_____
Kenneth Dlin Pro-Se