UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, et. al., | Case No. 12-12020 (MG) |
| Debtors | Jointly Administered |

**STATEMENT OF ALLY FINANCIAL INC. AND ITS NON-DEBTOR SUBSIDIARIES AND AFFILIATES REGARDING THE RESCAP LIQUIDATING TRUST'S SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS (DIRECTOR, OFFICER, AND EMPLOYEE INDEMNIFICATION CLAIMS)**

1. Ally Financial Inc. ("AFI," and together with its non-debtor subsidiaries and affiliates, "Ally") submits this statement (the "Statement") to clarify for the record in the above-captioned chapter 11 cases (the "Chapter 11 Cases") certain assertions set forth in the ResCap Liquidating Trust's Sixty-Eighth Omnibus Objection to Claims (Director, Officer, and Employee Indemnification Claims) [ECF No. 7092] (the "Objection"). This Statement is not an objection to the relief sought by the ResCap Liquidating Trust (the "Liquidating Trust") in the Objection. Rather, Ally files this Statement to provide additional background and context for the Court in light of the nature and timing of the relief requested, particularly in connection with the ongoing investigation by the Department of Justice, and to correct the record.

**BACKGROUND**

2. On May 14, 2012, each of the debtors in the Chapter 11 Cases (the "Debtors") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code (the "Bankruptcy Code").

1

3. On March 21, 2013, the Court entered the Procedures Order [ECF No. 4099], which authorizes the Debtors to, among other things, file omnibus objections to no more than 150 claims at a time.

4. On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* [ECF No. 6065] (the "Confirmation Order") approving the terms of the chapter 11 plan, as amended, filed in these Chapter 11 Cases (the "Plan"). On December 17, 2013, the Effective Date[1] of the Plan occurred, and, among other things, the Liquidating Trust was established [ECF No. 6137].

5. On June 11, 2014, the Liquidating Trust filed the Objection seeking to disallow and expunge certain claims asserted by current or former directors, officers, or employees of each of the Debtors (the "Indemnification Claimants") on account of certain contingent, unliquidated claims for indemnification, contribution, and/or reimbursement (the "Indemnification Claims"). As a result of constructive discussions between Ally and the Liquidating Trust, the hearing on the Objection was repeatedly adjourned. Currently, a hearing to consider the Objection is scheduled for April 16, 2015 at 10:00 a.m. (Prevailing Eastern Time) (the "Hearing").

## DISCUSSION

6. As the Debtors have previously noted, there is an ongoing investigation by the U.S. Attorney's Office for the Central District of California (the "U.S. Attorney") for potential

---

[1] Capitalized terms used but not otherwise defined herein shall have the meaning ascribed to such terms under the Plan.

2

claims arising under 12 U.S.C. § 1833(a) of the Financial Institutions Reform, Recovery, and Enforcement Act of 1989 ("FIRREA").

7.     The Liquidating Trust acknowledges in its *Consolidated Financial Statements as of and for the Period Ended December 31, 2014 (Unaudited)* (the "2014 Financial Statement") that the U.S. Attorney's investigation concerning potential liability under FIRREA (the "FIRREA Investigation") remains ongoing. *See* 2014 Financial Statement § 10. The FIRREA Investigation relates to claims preserved under the DOJ/AG Settlement as well as potential claims in connection with various residential mortgage backed securities. The U.S. Attorney has served subpoenas on Residential Capital, LLC related to the FIRREA Investigation as recently as March 2, 2015. *Id.* The Liquidating Trust currently maintains a reserve of approximately $23.3 million to satisfy its obligations under the DOJ/AG Settlement. *Id.* § 2. The Liquidating Trust acknowledges that its "liability for such obligations is not limited by this reserve balance." *Id.*

8.     Article IX.E of the Plan contains a Third Party Release Carve-Out which excepts from the scope of Third Party Release claims related to, among other things, "liability concerning any monetary obligation the Ally Released Parties may have arising under the DOJ/AG Settlement or causes of action preserved under Article V and Exhibits F and G of the DOJ/AG Settlement." Plan Art. IX.E. Exhibit F of the DOJ/Settlement provides, among other things, that "the following claims of the United States are specifically reserved and not released:

> (b) Any liability of individuals (including current or former directors, officers, and employees of [AFI] *or any affiliated entity*) who have received *or receive in the future* notification that they are the target of a criminal investigation . . .
>
> (o) The parties agree that notwithstanding any other provision of this Release, the United States retains the right to investigate and sue [AFI] and *any affiliated entity* under FIRREA for [certain] conduct, statements or omissions . . . . [AFI] and its affiliated entities agree that they have not been released from any liability under FIRREA for such conduct or statements.

3

DOJ/AG Settlement at Exhibit F, ¶ 11 (emphasis added). Accordingly, the Indemnification Claimants may be liable for certain obligations under the DOJ/AG Settlement or in connection with the FIRREA Investigation not released pursuant to the Third Party Release. Likewise, the Liquidating Trust has assumed the Debtors' obligations under the DOJ/AG Settlement and such obligations are excepted from discharge under the Bankruptcy Code and the Plan. *See* 11 U.S.C. § 1141(d)(3); Confirmation Order ¶ 42; Plan Arts. IV.B, IX.E; *Amended and Restated ResCap Liquidating Trust Agreement* [ECF No. 6064-1] § 2.2(a).

9. Accordingly, the Liquidating Trust's assertion that "the Third Party Release extends to, among other things, tort, fraud, contract, and securities claims against each of the Indemnification Claimants in his or her capacity as an officer, director, or employee of the Debtors, as applicable" ignores the possibility that at least some of the Indemnification Claimants could face claims by the Department of Justice arising from the FIRREA Investigation. Objection ¶ 19. The Liquidating Trust admits as much in the Objection: "all of the potential or pending litigation described in the Indemnification Claims is forever released and enjoined pursuant to the Third Party Release, Exculpation, and Injunction, ***subject to limited exceptions***." *Id.* ¶ 22 (emphasis added).[2]

10. Moreover, Ally has not affirmatively indemnified all of the Indemnification Claimants for any unreleased FIRREA-based claims as the Liquidating Trust asserts in the Objection. Objection ¶¶ 24–25. The Liquidating Trust states that Ally "remains obligated to the Indemnification Claimants for the narrowly-defined exceptions to the Third-Party Releases" because the Indemnification Claimants retained the right to seek indemnification from Ally

---

[2] Ally takes no position here regarding the merits, if any, of any claims or potential claims by the U.S. Attorney or the Department of Justice and takes no position here regarding the conduct of any person or entity and reserves all defenses and all rights.

4

under the Plan *Id.* This is a misstatement. Article IX.M. of the Plan provides that the releases in the Plan "shall not extend to . . . any indemnity rights held by the Debtors' Representatives against Ally arising from the Claims not released by this Article IX." This provision is not a general indemnity by Ally to the Indemnification Claimants. Rather, it merely preserved the indemnification rights, *if any*, that the Indemnification Claimants had against Ally. The Liquidating Trust has not demonstrated that each of the Indemnification Claimants has the right to seek indemnification from Ally for potential liabilities arising from any unreleased FIRREA-based claims.

11. The Liquidating Trust also argues that the Indemnification Claimants released their Indemnification Claims against the Debtors in exchange for the Third Party Releases. Objection ¶¶ 23–24. Relying on language from the Confirmation Order, the Liquidating Trust reasons that the "Third Party Releases appropriately relieve the Debtors from . . . potential expenses" arising in connection with the Indemnification Claims because the Indemnification Claimants are beneficiaries of the Third Party Releases. *Id.* ¶ 23 (citing Confirmation Order ¶¶ QQ, SS). The Liquidating Trust's reasoning fails with respect to the Indemnification Claimants that asserted Indemnification Claims for which the underlying liabilities were exempted from the Third Party Release by the Third Party Release Carve-Out. Such claimants were not beneficiaries of the Third Party Release with respect to such claims because they continue to face potential liability on account thereof. Accordingly, such claimants cannot be deemed to have released their Indemnification Claims against the Debtors to the extent they were not released from the underlying liability pursuant to the Third Party Release Carve-Out.

5

## **CONCLUSION**

12. Although Ally does not object to the relief sought by the Liquidating Trust in the Objection, Ally files this Statement to clarify the matters discussed above for the record in these Chapter 11 Cases and to note certain problems with its timing. Based on the terms of the Confirmation Order and the Plan, the Liquidating Trust may retain liability on account of Indemnification Claims that seek indemnification for potential liabilities arising in connection with claims that were subject to the Third-Party Release Carve-Out. Moreover, one could view the Objection as premature in light of the U.S. Attorney's ongoing FIRREA Investigation in connection with potential liabilities arising under FIRREA that the United States preserved under the terms of the Plan, Confirmation Order, and DOJ/AG Settlement.

Dated: April 14, 2015
      New York, New York

Respectfully submitted,

 /s/ Ray C. Schrock, P.C.
Ray C. Schrock, P.C.
WEIL, GOTSHAL & MANGES LLP
767 Fifth Avenue
New York, NY 10153
Telephone:   (212) 310-8210
Facsimile:   (212) 310-8007

- And -

Justin R. Bernbrock (admitted *pro hac vice*)
KIRKLAND & ELLIS LLP
300 North LaSalle
Chicago, IL 60654
Telephone:   (312) 862-2000
Facsimile:   (312) 862-2200

*Counsel to Ally Financial, Inc.*