MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP LIQUIDATING TRUST'S STATEMENT IN RESPONSE TO STATEMENT OF ALLY FINANCIAL INC. AND ITS NON-DEBTOR SUBSIDIARIES AND AFFILIATES REGARDING THE RESCAP LIQUIDATING TRUST'S SIXTY-EIGHTH OMNIBUS OBJECTION TO CLAIMS
<u>(DIRECTOR, OFFICER, AND EMPLOYEE INDEMNIFICATION CLAIMS)</u>**

The ResCap Liquidating Trust (the "Trust"), established pursuant to the terms of the Plan filed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors, by and through its undersigned counsel, hereby submits this statement in response (the "Response") to the *Statement of Ally Financial Inc. and Its Non-Debtor Subsidiaries And Affiliates Regarding The ResCap Liquidating Trust's Sixty-Eighth Omnibus Objection To Claims (Director, Officer, and Employee Indemnification Claims)* (the "Statement") [Docket No. 8487]. The Trust respectfully states as follows:[1]

1. Ally does **not** object to the relief being sought in the Trust's claims objection. *Statement* at ¶1. Rather, Ally's Statement merely purports to contain additional unsolicited "background and context for the Court." *Id*. However, because the Statement contains mischaracterizations and attempts to distort certain facts, the Trust is compelled to provide this brief Response in an effort to correct the record.

2. First, contrary to what Ally seems to suggest, there is no evidence of which the Trust is aware that the FIRREA Investigation is connected in any way to the DOJ/AG Settlement (and Ally identifies none); to the contrary, the Trust's communications with the government indicate the investigation is not related to the DOJ/AG settlement in any way. In addition, the Trust's December 31, 2014 Consolidated Financial Statements do not indicate that the U.S. Attorney's FIRREA investigation concerns the Trust's potential liability. *ResCap Liquidating Trust Consolidated Financial Statements as of and for the Period Ended December 31, 2014* (the "RLT Fin. Stmt."), at n.10 (attached hereto as **Exh. A**).[2] In fact, the two matters

---

[1] Capitalized terms not otherwise defined herein shall have the meaning set forth in the Statement.

[2] The RLT Fin. Stmt. only indicates the receipt of three subpoenas by Residential Capital, LLC, a debtor. The Trust continues to cooperate with the U.S. Attorney's Office in connection with its investigation. Moreover, Ally conveniently fails to inform the Court that Ally also received subpoenas directly from the U.S. Attorney's Office as part of the FIRREA Investigation.

1

ny-1183933

are unrelated and entirely distinct from one another. Pursuant to the DOJ/AG Settlement, the Debtors were obligated to, among other things, perform a detailed review of its servicing and foreclosure practices, fund its share of certain civil penalties, and provide financial accommodations to eligible borrowers.[3] While the Debtors were not released from FIRREA claims pursuant to the pre-bankruptcy DOJ/AG Settlement, the United States has never asserted that any FIRREA claims against the Debtors exist, and the United States did not timely file a proof of claim seeking to preserve such claims against the Debtors. Accordingly, any suggestion by Ally that the Trust assumed any purported liability that may result from the FIRREA Investigation as a result of its continued performance under the DOJ/AG Settlement is simply false.[4]

3.  <u>Second</u>, the reserve referenced in the 2014 Consolidated Financial Statements is in place to only satisfy the Trust's remaining obligations under the DOJ/AG Settlement, which, as noted above, does not include any liability arising from the FIRREA Investigation. *RLT Fin. Stmt.*, at n.2.

4.  <u>Third</u>, notwithstanding that it does not object to the relief being sought in the Objection, Ally suggests that the individuals identified in Exh. A to the Objection "cannot be deemed to have released their Indemnification Claims against the Debtors to the extent they were

---

[3] Specifically, the Debtors were obligated to (i) pay their portion of the monetary penalty and provide their portion of the consumer relief (loan modifications, etc.) assessed by the U.S. government, the settling state Attorneys General and other state regulatory agencies; (ii) service mortgage loans in compliance with the National Servicing Standards as set out in the settlement, (iii) fund their share of the costs and expenses of an independent monitor to oversee such compliance during the enforcement period of the settlement, (iv) implement an internal review group to monitor, test and report compliance with the servicing metrics put in place by the monitor and his professionals during the enforcement period, and (v) conduct an independent review of their compliance with the Servicemembers Civil Relief Act over a specified period of time and remediate violations as directed by the US Department of Justice. Items (i) and (ii) have been completed in full, items (iii) and (iv) are continuing in conjunction with Ocwen and Green Tree as successor servicers during the remainder of the enforcement period, and item (v) is still in progress.

[4] While the United States did not seek to preserve FIRREA claims against the Trust, the Plan specifically carved out such claims against Ally from the Third Party Release. Plan, Art. IX.E.

2

not released from the underlying liability pursuant to the Third Party Release Carve Out." *Statement* at ¶11. Ally's interpretation is inconsistent with the terms of the Confirmation Order – "These parties will also forego their own claims for indemnity and contribution from the estates. By giving up their insurance and contractual indemnity claims, the Debtors' officers and directors have provided substantial consideration to the Debtors' Estates". *Confirmation Order* at ¶QQ. While the Claimants were not released from claims that were carved-out of the Third Party Release, the claims for indemnity against the Debtors were knowingly and consensually waived by these Claimants under the terms of the Plan and Confirmation Order. Thus, as evidenced by the fact that no Claimant opposed the relief sought in the Objection, the Debtors (and the Trust) do not have any current or future liability to the Claimants. Moreover, to the extent these Claimants are entitled to indemnification from Ally, the Plan specifically preserves that right. *Plan*, Art. IX.M.

## CONCLUSION

5.  In sum, the Objection is uncontested and the relief requested is both supported by the Plan and Confirmation Order. Therefore, the Objection should be granted.

Dated: April 14, 2015
New York, New York

*/s/ Jordan A. Wishnew*
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*

3