# **Exhibit 2**

# **Priore Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | ) Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) Chapter 11 |
| Debtors. | ) Jointly Administered |

**DECLARATION OF KATHY PRIORE IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO AMENDED CLAIM NO. 4445 FILED BY ALAN MOSS**

I, Kathy Priore, hereby declare as follows:

1. I serve as Associate Counsel for the ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Associate Counsel in the legal department of Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). I joined ResCap on May 1, 2008 as in-house litigation counsel. Prior to my in-house litigation counsel position, I held various roles within the legal department at ResCap.

2. In my role as Associate Counsel at ResCap, I was responsible for the management of litigation, including, among others, residential mortgage-related litigation. In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the chapter 11 cases, including the borrower litigation matters pending before this Court. In my current position as Associate Counsel to the

1

ny-1183367

Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust and the Borrower Claims Trust (the "Borrower Trust") in connection with the claims reconciliation process.[1] I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Borrower Claims Trust's Objection to Amended Claim No. 4445 Filed By Alan Moss* (the "Objection").[2]

    3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

    4. In my capacity as Associate Counsel, I am familiar with the claims reconciliation process in these Chapter 11 Cases with regard to Borrower Claims and I assist the Liquidating Trust with the claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records, the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or my designee at my direction have reviewed and analyzed the proof of claim form and supporting documentation filed by Mr. Moss, including the

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2] Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

2

ny-1183367

Amended Claim. Since the Plan became effective and the Borrower Trust was established, I, along with other members of the Liquidating Trust's management or other employees of the Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's and the Borrower Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Debtors' books and records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

5. The Debtors sent a Request Letter to Mr. Moss on June 21, 2013, requesting additional documentation in support of the Claim. The Request Letter stated that Mr. Moss must respond within 30 days with an explanation that states the legal and factual reasons why he believes he is owed money or is entitled to other relief from the Debtors, and that he must provide copies of any and all documentation that he believes supports the basis for his claim. The Request Letter further stated that if Mr. Moss does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the Claim, seeking to have the Claim disallowed and permanently expunged.

6. The Debtors received a response to the Request Letter from Mr. Moss on July 25, 2013 (the "Diligence Response"). A copy of the Diligence Response is attached hereto as Exhibit A. However, the Diligence Response failed to allege bases for claims against the Debtors' estates. Further, as stated in the Objection, the Books and Records do not show any liability due and owing to Mr. Moss.

3

ny-1183367

7. On or around November 7, 2012, Mr. Moss filed a proof of claim against Executive Trustee Services, LLC ("ETS"), designated as Claim No. 4445 (the "Moss Claim"), asserting a general unsecured claim for $750,000.00. See Exhibit B-1 attached hereto. The Amended Claim, filed by Mr. Moss on March 16, 2015 [Docket No. 8334] is attached hereto as Exhibit B-2.

8. The Debtors' books and records show that non-Debtor CJ Mortgage, Inc. originated a loan in the amount of $612,500.00 to Mr. Moss on June 22, 2005 (the "Moss Loan"), secured by a deed of trust on property located at 86 San Lucas Ave., Moss Beach, CA 94038 (the "Moss Property"). See Moss Note and Moss Deed of Trust, attached hereto as Exhibit C and Exhibit D, respectively. Subsequently, the Moss Loan was transferred to Option One Mortgage Corp. ("Option One") on or around June 27, 2005. See Option One Assignment, attached hereto as Exhibit E. Option One then transferred the Moss Loan to TCIF, LLC ("TCIF") on or around September 15, 2007, and TCIF subsequently assigned the Moss Loan to Bank of New York Trust Company ("Bank of New York") on or around April 29, 2008. See TCIF Assignment and Bank of New York Assignment, attached hereto as Exhibit F and Exhibit G.

9. Debtor GMAC Mortgage, LLC serviced the Moss Loan from March 14, 2006 until servicing was transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013.

10. ETS was appointed as substitute trustee on September 21, 2006. See Substitution of Trustee, attached hereto as Exhibit H.

11. On June 16, 2006, the Moss Loan was referred to foreclosure because the account was owing for the April 1, 2006 payment (the "June 16 Foreclosure").

4

ny-1183367

12.     ETS recorded a notice of default on June 20, 2006 (the "<u>2006 Notice of Default</u>").  <u>See</u> Notice of Rescission of 2006 Notice of Default, attached hereto as <u>Exhibit I</u>.  On May 4, 2007, a Notice of Rescission of the 2006 Notice of Default was recorded.

13.     On September 17, 2007, the Moss Loan was referred to foreclosure because the account was owing for the July 1, 2007 payment (with the June 16 Foreclosure, the "<u>Foreclosure Proceedings</u>").  <u>See</u> Moss Payment History, attached hereto as <u>Exhibit J</u>.

14.     ETS recorded a notice of default on September 18, 2007 (the "<u>2007 Notice of Default</u>").  <u>See</u> Notice of Rescission of the 2007 Notice of Default, attached hereto as <u>Exhibit K</u>.

15.     One June 11, 2008, two days before the scheduled trustee's sale, Mr. Moss contacted GMACM to request a loan modification. GMACM's servicing notes reflect that during this call GMACM offered Mr. Moss a six-month foreclosure repayment agreement consisting of a $50,000 down payment and six monthly payments of $6,740.78.  Mr. Moss accepted this and paid the $50,000.  The foreclosure sale set for June 13, 2008 was cancelled.  On June 13, 2008 GMACM mailed a copy of the foreclosure repayment agreement to Mr. Moss.  GMACM records do not indicate receiving an executed copy from Mr. Moss.  Further, Mr. Moss did not make the next payment which was due on July 12, 2008 in the amount of $6,740.78.  Foreclosure was recommenced on July 18, 2008.  On August 21, 2008 GMACM received a personal check from Mr. Moss in the amount of $6,000.  The check was returned to Mr. Moss as it was less than the amount owed under the foreclosure repayment agreement and made untimely.   A copy of the relevant sections of the servicing notes is included in <u>Exhibit L</u>.  A copy of the foreclosure repayment agreement sent to Mr. Moss is attached hereto as <u>Exhibit M</u>.

5

ny-1183367

16.  On May 7, 2009, ETS conducted a trustee sale and Bank of New York acquired title in the property. ETS recorded a Trustee's Deed Upon Sale on May 15, 2009 (the "Notice of Trustee's Deed Upon Sale" and with the 2006 Notice of Default and 2007 Notice of Default, the "Notices"), which granted title in the property to Bank of New York.[3] See Notice of Rescission of the Trustee's Deed Upon Sale, attached hereto as Exhibit N. A Notice of Rescission of the Trustee's Deed Upon Sale was recorded on September 18, 2012, and a Notice of Rescission of the 2007 Notice of Default was recorded on August 19, 2013. See Notices of Rescission. Upon information and belief, Mr. Moss continues to hold title to the Moss Property, subject to the note and the deed of trust.

17.  On July 22, 2009, Mr. Moss filed litigation against Bank of New York in Superior Court, San Mateo County, CA (the "Superior Court"), case number 486130. A copy of the complaint (the "Bank of New York Complaint") is attached to the Moss Response as Exhibit 2. In the Bank of New York Complaint, Mr. Moss sought to set aside the trustee sale due to it being void. See Bank of New York Complaint, p. 6.

18.  On May 5, 2011, Mr. Moss filed a parallel lawsuit against ETS in the Superior Court, case number 505386, for negligence, fraud, and intentional infliction of emotional distress resulting from ETS executing the Notice of Default and the Trustee's Deed Upon Sale. A copy of the complaint (the "ETS Complaint") is attached to the Moss Response as Exhibit 1. ETS did not enter an appearance in the case, and on June 17, 2011, a default was entered. See ETS Docket, attached hereto as Exhibit O. A motion to set aside the default was filed on April 4, 2012, and was not heard by the court before the imposition of the automatic stay in the Chapter 11 Cases. See id. No default judgment was ever entered against ETS. See id.

---

[3] The foreclosure sale was conducted by the Debtors in error due to a failure to communicate timely, notice of conditions that would have warranted a cancellation of the foreclosure. See Rescission of Notice of Trustee's Deed Upon Sale.

6

ny-1183367

19. In November 2013, Bank of New York, through Ocwen as loan servicer, completed a settlement with Mr. Moss that included a dismissal with prejudice of the Bank of New York Complaint. The terms of the settlement are subject to a confidentiality provision.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated:  April 15, 2015

        /s/ Kathy Priore
        Kathy Priore
        Associate Counsel for ResCap Liquidating Trust

7

ny-1183367