# EXHIBIT 1

# EXHIBIT 1

ADJUSTABLE RATE NOTE
(LIBOR Index - Rate Caps)

MIN 100200100081894218

THIS NOTE CONTAINS PROVISIONS ALLOWING FOR CHANGES IN MY INTEREST RATE AND MY MONTHLY PAYMENT. THIS NOTE LIMITS THE AMOUNT MY INTEREST RATE CAN CHANGE AT ANY ONE TIME AND THE MAXIMUM AND MINIMUM RATE I MUST PAY.

September 29, 2005                          Reno                          NV
(Date)                                      (City)                        (State)

5540 Twin Creeks Drive, Reno, NV  89523
(Property Address)

**1. BORROWER'S PROMISE TO PAY**
In return for a loan that I have received, I promise to pay U.S. $ 432,000.00 (this amount is called "principal"), plus interest, to the order of the Lender. The Lender is EquiFirst Corporation . I will make all payments under this Note in the form of cash, check or money order. I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2. INTEREST**
Interest will be charged on unpaid principal until the full amount of principal has been paid. I will pay interest at a yearly rate of   7.150 %. The interest rate I will pay may change in accordance with Section 4 of the Note.
The interest rate required by this Section 2 and Section 4 of this Note is the rate I will pay both before and after any default described in Section 7(B) of this Note.

**3. PAYMENTS**
(A) Time and Place of Payments
I will pay principal and interest by making a payment every month.
I will make my monthly payments on the 1st day of each month beginning on  December 1, 2005
I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before principal. If on  November 1, 2035   , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
I will make my monthly payments at
EquiFirst Corporation , 500 Forest Point Circle , Charlotte, NC 28273
or at a different place if required by the Note Holder.

(B) Amount of My Initial Monthly Payments
Each of my initial monthly payments will be in the amount of U.S. $ 2,574.00 .
This amount may change.

(C) Monthly Payment Changes
Changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

Multistate Adjustable Rate Note-Libor Index
EF815N (2/00)   (Nevada Version)
Loan Number  818942                        Page 1 of 4                        Initials

LONG-0003

4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Date
The interest rate I will pay may change on November 1, 2007, and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index
Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes
Before each Change Date, the Note Holder will calculate my new interest rate by adding 5.240 percentage points ( 5.240 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

The Note Holder will then determine the amount of the monthly payment that would be sufficient to repay the unpaid principal that I am expected to owe at the Change Date in full on the Maturity Date at my new interest rate in substantially equal payments. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes
The interest rate I am required to pay at the first Change Date will not be greater than 10.150% or less than 7.150 % . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.000%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 13.150% or less than the initial interest rate provided for in Section 2 of this Note.

(E) Effective Date of Change
My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes
The Note Holder will deliver or mail to me a notice of any changes in my interest rate and the amount of my monthly payment before the effective date of any change. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

5. BORROWER RIGHT TO PREPAY
(A) Prepayment    I have the right to make payments at any time before they are due. A payment of principal only is known as a "prepayment". When I make a prepayment, I will tell the Note Holder in writing I am doing so. If I make a partial prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes. My partial prepayment may reduce the amount of my monthly payments after the first Change Date following my partial prepayment. However, any reduction due to my partial prepayment may be offset by an interest rate increase.

(B) Prepayment Penalty

In the event, during the first 2 years after the execution of this Note, I make a prepayment and the prepayment exceeds twenty percent (20%) of the original principal amount of the loan in any twelve (12) month period, I will pay a prepayment charge in an amount equal to six (6) months' advance interest on the amount prepaid which is in excess of twenty percent (20%) of the original principal amount of the loan within the twelve (12) month period. The Note Holder will not assess a repayment penalty after the 2nd anniversary of the date of execution of this Note.

EF815N
Loan Number 818942

Page 2 of 4

Initials

LONG-0004

**6. LOAN CHARGES**
If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (i) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (ii) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the principal I owe under this Note or by making a direct payment to me. If a refund reduces principal, the reduction will be treated as a partial prepayment.

**7. BORROWER'S FAILURE TO PAY AS REQUIRED**

(A) Late Charge for Overdue Payments
If the Note Holder has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.00 % of my overdue payment of principal and interest. I will pay this late charge but only once on each late payment.

(B) Default
If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C) Notice of Default
If I am in default, the Note holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D) No Waiver By Note Holder
Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E) Payment of Note Holder's Costs and Expenses
If the Note Holder has required me to pay in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**8. GIVING OF NOTICES**
Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.
Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**9. OBLIGATIONS OF PERSONS UNDER THIS NOTE**
If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**10. WAIVERS**
I and any other person who has obligations under this Note waive the rights of presentment and notice of dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

11. UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises that I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

Transfer of the Property or a Beneficial Interest in Borrower. If all or any part of the Property or any interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred), without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if exercise is prohibited by Applicable Law. Lender also shall not exercise this option if: (a) Borrower causes to be submitted to Lender information required by Lender to evaluate the intended transferee as if a new loan were being made to the transferee; and (b) Lender reasonably determines that Lender's security will not be impaired by the loan assumption and that the risk of a breach of any covenant or agreement in this Security Instrument is acceptable to Lender.

To the extent permitted by Applicable Law, Lender may charge a reasonable fee as a condition to Lender's consent to the loan assumption. Lender may also require the transferee to sign an assumption agreement that is acceptable to Lender and that obligates the transferee to keep all the promises and agreements made in the Note and in this Security Instrument. Borrower will continue to be obligated under the Note and this Security Instrument unless Lender releases Borrower in writing.

If Lender exercises the option to require immediate payment in full, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

"WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED"

_____ (Seal)
Jean M Gagnon                -Borrower

_____ (Seal)
Pamela Longoni               -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

_____ (Seal)
                             -Borrower

EF815N
Loan Number 818942                Page 4 of 4                Initials _____

LONG-0006

## ADJUSTABLE RATE NOTE ADDENDUM
## FOR THE INTEREST ONLY PAYMENT PERIOD

**THIS ADDENDUM TO THE ADJUSTABLE RATE NOTE PROVIDES FOR AN INITIAL PERIOD OF MONTHLY PAYMENTS OF INTEREST ONLY AND FOR SUBSEQUENT MONTHLY PAYMENTS OF BOTH PRINCIPAL AND INTEREST.**

This Adjustable Rate Note Addendum is made this 29th day of September, 2005, and is incorporated into and shall be deemed to amend the Adjustable Rate Note of the same date (the "Note") and any Addenda to the Note given by the undersigned (the "Borrower") to evidence Borrower's indebtedness to EquiFirst Corporation (the "Lender"), which indebtedness is secured by a Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date and covering the property described in the Security Instrument located at:

5540 Twin Creeks Drive, Reno, NV 89523
(Property Address)

ADDITIONAL COVENANTS: Unless specifically defined in this Addendum, any capitalized terms shall have the same meaning as in the Note. Notwithstanding anything to the contrary set forth in the Note, Addenda to the Note or Security Instrument, Borrower and Lender further covenant and agree as follows:

I.  Section 3 and 4 of the Note are modified to provide for sixty (60) monthly payments of interest only ("Interest Only Period") at the interest rate determined in accordance with Sections 2 and 4 of the Note. Sections 3 and 4 of the Note are modified as follows:

**3. PAYMENTS**
**(A) Time and Place of Payments**
I will pay interest during the Interest Only Period, and principal and interest thereafter during the Amortization Period, by making a payment every month.

Interest Only Period: The "Interest Only Period" is the period from the date of the Note through 11/01/2010.

Amortization Period: The "Amortization Period" is the period after the Interest Only Period and continuing until the Maturity Date.

I will make my monthly payments on the 1st day of each month beginning on December 1, 2005. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to scheduled interest and principal. If on November 1, 2035, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at
EquiFirst Corporation, 500 Forest Point Circle, Charlotte, NC 28273
or at a different place if required by the Note Holder.

**(B) Amount of My Interest Only Payments**
The first 24 monthly payments will be in the full amount of U.S. $ 2,574.00, which equals one twelfth (1/12th) of the amount of yearly interest due on the principal at the time the loan was made. These payments are called the "Interest Only Payments". No payments of principal are due during the Interest Only Period. The Interest Only Payments will not reduce the principal amount of this Note. Additional Payments of principal may be made in accordance with the provisions of this Note.

**(C) Monthly Payment Changes**
During the Interest Only Period, changes in my monthly payment will reflect changes in the interest rate that I must pay. During the Amortization Period, changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

EF9691 (3/04)
Loan Number 818942                    Page 1 of 2

LONG-0007

4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

(A) Change Dates

The interest rate I will pay may change on November 1, 2007, and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

(B) The Index

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

(C) Calculation of Changes

Before each Change Date, the Note Holder will calculate my new interest rate by adding 5.240 percentage points ( 5.240 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

For the Interest Only Period, after calculating my new interest rate as provided above, the Note Holder will then calculate the amount of the monthly payment to be one-twelfth (1/12th) of one (1) year's interest at the new interest rate. The result of this calculation will be the new amount of my monthly payment until the next Interest Rate Change Date.

During the Amortization Period, after calculating my new interest rate as provided above, the Note Holder will then calculate the amount of the monthly payment that would be sufficient to fully repay the remaining unpaid principal in substantially equal monthly payments by the Maturity Date, assuming, for purposes of each calculation, that the interest rate remained unchanged during that period. The result of this calculation will be the new amount of my monthly payment.

(D) Limits on Interest Rate Changes

The interest rate I am required to pay at the first Change Date will not be greater than 10.150% or less than 7.150 % . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.000%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 13.150% or less than the initial interest rate provided for in Section 2 of this Note.

(E) Effective Date of Changes

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

(F) Notice of Changes

The Note Holder will deliver or mail to me a notice of any changes in my Interest Rate and the amount of my monthly payment before the effective date of any changes. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

II.    All other provisions of the Note and any Addenda are unchanged by this Addendum to Adjustable Rate Note and remain in full force and effect.

I understand that for the Interest Only Period I will not be reducing the principal balance. After Five (5) years if I only made my minimum payment, my principal balance will not be reduced.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and conditions contained in the Adjustable Rate Note Addendum.

_____    /s/ Pamela Longoni
Jean M Gagnon                      Pamela Longoni

_____    _____

BF9692 (3/04)                      Page 2 of 2
Loan Number 818942

LONG-0008

# ADJUSTABLE INTEREST RATE FLOOR &
# PREPAYMENT PENALTY Addendum to Note

This ADJUSTABLE INTEREST RATE FLOOR & PREPAYMENT PENALTY ADDENDUM is made this 29th day of September, 2005, and amends the Note in the amount of U.S. $ 432,000.00 dated the same date and given by the person(s) who signs below (the "Borrower(s)") to EquiFirst Corporation (the "Lender").

In addition to the agreements and provisions made in the Note and the Security Instrument, and notwithstanding any provisions to the contrary contained in said Note or the Security Instrument, both the Borrower(s) and the Lender further agree as follows:

## ADJUSTABLE INTEREST RATE FLOOR

This loan has an Interest Rate "Floor" which will limit the amount the Interest Rate can decrease. Regardless of any changes in the index, the Interest Rate during the term of this loan will never be less than the initial Interest Rate provided for in Section 2 of the Note.

## PREPAYMENT PENALTY

In the event, during the first 2 years after the execution of this Note, I make a prepayment and the prepayment exceeds twenty percent (20%) of the original principal amount of the loan in any twelve (12) month period, I will pay a prepayment charge in an amount equal to six (6) months' advance interest on the amount prepaid which is in excess of twenty percent (20%) of the original principal amount of the loan within the twelve (12) month period. The Note Holder will not assess a repayment penalty after the 2nd anniversary of the date of execution of this Note.

_____    _____
Jean M Gagnon                                                Pamela Longoni

_____    _____

_____    _____

_____    _____


818942
EF057 (12/99)