Francine Silver 8613 Franklin Ave Los Angeles,, CA 90069

Monday, April 13, 2015

The Honorable Judge Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, NY 10004 - 1408

RECEIVED

APR 1 5 2015

U.S. BANKRUPTCY COURT, SDNY

REGARDING 4/16/2015 HEARING

Dear Judge Glenn,

I am recovering from a broken rib recently sustained in a fall and will be physically unable to attend the limited evidentiary hearing on April 16th, 2015. I did not participate telephonically in the February 25th hearing because I only received notice that I could participate telephonically on the evening of February 24th and Court Call requires at least 3 days notice.

As already argued and as per the plain language meaning of the plan terms, I respectfully maintain that Debtor's objection is in violation of Article VIII - 2 of the plan terms and that my allowed claim should have already been paid as called for in the plan and regardless of the outcome of any hearing. Even if my interpretation of the plan is for some reason incorrect and an objection can still be asserted, this court has ruled *"Correctly filed proofs of claim "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (2d Cir. B.A.P. 2000)."* My proof of claim was very explicit, detailed, correctly and timely filed and thereby constituted prima facie evidence of the validity and amount of the claim. The Debtors however have been unable to come forth with a shred of evidence that can be believed. Debtors have proven themselves to be one of the most fraudulent companies in the history of the planet as detailed in my response to the Objection. Debtors are masters at document fabrication, fraud and forgery. The head of GMAC's document execution unit personally admitted signing as many as 10,000 affidavits a month. A handwriting expert and 2 Judges here in California have already recognized that the Keeley signatures are a "blatant example of robo-signing". A forensic loan audit confirms there could not have been a valid assignment by Keeley or anyone else without violating NY law governing the pool service agreement. Furthermore the Doctrine of Res Judicata applies and it is too late to re-litigate. Blatant fraud has already been established and as a direct result I no longer have the financial wherewithal to attend the hearing.

To the extent anyone purporting to be Keeley is brazen enough to attend the hearing, nothing they say or present can be believed. The doctrine of unclean hands applies. I am curios how many hands Keeley has. There is no plausible explanation for the multiple varying signatures or purported assignment other than the obvious fact that they are another blatant example of fraud and robo-signing and actively being done while under bankruptcy protection. The Keeley declaration states she signed both documents in Exhibit 4-A and Exhibit 4-B of the opposition but the facts show that if she did in fact sign her declaration, she has committed perjury. The Debtors have offered absolutely nothing to support their objection, the Priore declaration was blatantly inaccurate and is an example of perjury done with the intent of misleading the court and Keeley has also clearly committed perjury and the documentation in support of the objection has clearly been fabricated. Even if for some fanciful and whimsical reason the assignment is deemed valid, then Keeley and the Debtors should explain why they are selling and concealing assets without reporting the sale to the court and why their continued fraud including apparent fraud upon the court should not void their bankruptcy plan. If the court is to conclude that the assignment was valid, then the Trustee should investigate to see what other assets Debtor is concealing and selling.

This Court has also noted that *"If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." 4 COLLIER ON BANKRUPTCY ¶ 502.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014)."* In accordance with the aforementioned, the Debtors have not introduced any believable evidence whatsoever as to the invalidity of the claim or excessiveness of its amount. The proof of claim is very detailed and there is no need for me to offer any further proof as to the merits of the claim. I have suffered and continue to suffer serious financial losses that, had I not been unrelentingly defrauded for so many years would almost certainly have exceeded the claim amount. I am still in mortgage litigation and may still loose my home valued at $2 million due to Debtor's on-going fraud and document fabrication. I Have met and exceeded federal pleading standards. The court must accept all factual allegations as true, *See, e.g., id.* at 677–78; *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (stating that a court must "assum[e] all well-pleaded, non conclusory factual allegations in the complaint to be true" The Debtors have breached the settlement agreement, continued engaging in fraud throughout the bankruptcy proceedings and have increased my damages. The claim should finally be paid in full and without further delay.

Respectfully,

*[signature: Francine Silver]*

Francine Silver