**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | |
| RESIDENTIAL CAPITAL, LLC, *et al.* | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

## ORDER DENYING MOTION OF KENNETH C. THOMAS FOR RECONSIDERATION

      Pending before the Court is the motion for reconsideration (the "Motion," ECF Doc. # 8463) filed by Kenneth C. Thomas ("Thomas").[1]  Through the Motion, Thomas asks the Court to reconsider its Order (the "Order," ECF Doc. # 8108) sustaining the ResCap Borrower Claims Trust's (the "Trust") objection to Claim Number 3728 (the "Claim") filed by Thomas.  For the reasons explained below, the Motion is **DENIED**.

      The Trust's objection to the Claim was included in the *ResCap Borrower Claims Trust's Seventy-Sixth Omnibus Objection to Claims (No Liability Borrower Claims)* (the "Objection," ECF Doc. # 7736).[2]  Thomas filed an opposition to the Objection (the "Opposition," ECF Doc. # 7862), and the Trust filed a reply (the "Reply," ECF Doc. # 7967).[3]  The Court held a hearing on January 14, 2015 (the "Hearing"); Thomas appeared by telephone.  On February 17, 2015, the Court issued the Order sustaining the Trust's Objection and disallowing and expunging the Claim in its entirety.  On February 26, 2015, Thomas filed the Motion seeking reconsideration of the Opinion.

---

[1]     On February 26, 2015, Thomas filed the Motion styled as a notice of appeal, but it was not entered on the docket until April 10, 2015.  (*See id.*)  On March 3, 2015, Thomas filed a motion virtually identical to the Motion but re-styled as a motion for reconsideration (the "Second Motion," ECF Doc. # 8250).  While this Order pertains to both the Motion and the Second Motion, references will be made solely to the Motion.

[2]     The Objection was supported by the declarations of Kathy Priore (the "Priore Decl.," ECF Doc. # 7736-3) and Norman S. Rosenbaum (the "Rosenbaum Decl.," ECF Doc. # 7736-4).

[3]     The Reply was supported by the supplemental declaration of Kathy Priore (the "Priore Supp.," ECF Doc. # 7967-1).

In the Motion, Thomas argues that the Court erred by concluding that the Trust satisfied

its burden of rebutting the prima facie validity of Thomas's Claim to the extent it was based on

alleged inaccuracies in affidavits of non-service of a foreclosure complaint filed in Illinois state

court (the "Foreclosure Action").  (*See* Motion at 2–3.)  Thomas attaches to his Motion

documents filed in the Foreclosure Action, including affidavits of non-service (*see id.* Ex. A at

6–7), an affidavit to allow service by publication (*see id.* at 8–14), and a certification of

publication (*see id.* at 15).  According to Thomas, the affidavits of non-service set forth false

statements regarding the special process server's attempts to locate him.  (*See* Motion at 4.)

Under section 502(j) of the Bankruptcy Code, "[a] claim that has been allowed or

disallowed may be reconsidered for cause."  11 U.S.C. § 502(j).  The Bankruptcy Code does not

define "cause," but when deciding a motion under section 502(j), the court should:

> [a]pply the same analysis that it would to a motion under Fed. R.
> Bankr. P. 9023 (incorporating Fed. R. Civ. P. 59) or Fed. R. Bankr.
> P. 9024 (incorporating Fed. R. Civ. P. 60), depending on whether
> the movant . . . sought reconsideration within [fourteen] days after
> the entry of the order disallowing the claim, or did so only later.

*In re Terrestar Networks, Inc.*, No. 10–15446 (SHL), 2013 WL 781613, at *2 (Feb. 28, 2013) (collecting

cases).  Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules")

incorporates Federal Rule of Civil Procedure ("FRCP") 59, which allows a party to move to alter

or amend a judgment.  *See* FED. R. BANKR. P. 9023; FED. R. CIV. P. 59.  Bankruptcy Rule 9024

incorporates FRCP 60, which authorizes relief from a final order under certain circumstances.

*See* FED. R. BANKR. P. 9024; FED. R. CIV. P. 60(b).  Because Thomas has not established that

relief is warranted under either Bankruptcy Rule 9023 or Bankruptcy Rule 9024, his Motion for

reconsideration of the Order is **DENIED**.

The standard applicable to a motion for reargument or reconsideration is identical to that

applicable to a motion to alter or amend a judgment under FRCP 59(e).  *Henderson v. Metro.*

*Bank & Trust Co.*, 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007); *accord Samuel's Temple Church*

*of God in Christ v. Parade Place, LLC (In re Parade Place, LLC)*, 508 B.R. 863, 868–69 (Bankr.

S.D.N.Y. 2014) (citations omitted).  Bankruptcy Rule 9023 provides that "[a] motion . . . to alter

or amend a judgment shall be filed . . . *no later* than 14 days after entry of judgment."  FED. R.

BANKR. P. 9023 (emphasis added).  Further, Local Bankruptcy Rule 9023-1(a) provides, in

relevant part:

> A motion for reargument of a court order determining a motion
> shall be served within fourteen (14) days after the entry of the
> Court's order determining the original motion, or in the case of a
> court order resulting in a judgment, within fourteen (14) days after
> the entry of the judgment, and, unless the Court orders otherwise,
> shall be made returnable within the same amount of time as
> required for the original motion.

BANKR. S.D.N.Y. R. 9023-1(a).[4]  Bankruptcy Rule 9006, governing the computation of the 14-

day time period, provides:

> When the period is stated in days or a longer unit of time:
>
> (A) exclude the day of the event that triggers the period;
>
> (B) count every day, including intermediate Saturdays,
> Sundays, and legal holidays; and
>
> (C) include the last day of the period, but if the last day is a
> Saturday, Sunday, or legal holiday, the period continues to run
> until the end of the next day that is not a Saturday, Sunday, or
> legal holiday.

*Id.* 9006(a)(1); *see also In re 231 Fourth Ave. Lyceum, LLC*, 513 B.R. 25, 29 (Bankr. E.D.N.Y.

2014) ("In bankruptcy cases, Bankruptcy Rule 9006 governs the computation of time periods,

not [FRCP] 6." (citing FED. R. BANKR. P. 9006)).  Thomas's Motion was filed three days after

the Court entered the Order.  Accordingly, it is timely under Bankruptcy Rule 9023 and Local

---

[4]    Local Bankruptcy Rule 9023-1(a) derives from Former Local Bankruptcy Rule 13(j) and is an adaptation of
Civil Rule 6.3 of the Local District Rules.  *See* BANKR. S.D.N.Y. R. 9023-1 cmt.

Bankruptcy Rule 9023-1(a).  However, relief under Bankruptcy Rule 9023 is not warranted

because Thomas has not identified any "intervening change of controlling law, the availability of

new evidence, or the need to correct a clear error or prevent manifest injustice."  *Kolel Beth*

*Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust*, 729 F.3d 99, 104 (2d Cir. 2013)

(citation and internal quotation marks omitted).

A motion for reconsideration is not an appropriate "vehicle for relitigating old issues,

presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a

'second bite at the apple' . . . ."  *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)

(citations omitted).  The affidavits of non-service Thomas references in his Motion were

submitted by the Trust in connection with its Reply.  (*See* Priore Supp. Ex. Q.)  The Reply was

filed five days before the Hearing, and Thomas appeared at the Hearing by telephone and had the

opportunity to address any alleged inaccuracies in the affidavits of non-service at that time.

Thomas has offered no explanation for his failure to timely address purported inaccuracies in the

affidavits of non-service previously filed with the Court.  Nor has Thomas identified any clear

error the Court made in its review of such affidavits in the Order, particularly in light of the fact

that Thomas did not, and still has not, offered any countervailing evidence to rebut the

statements made in such affidavits, other than his own statements in the Motion.  However,

Thomas's time to respond to the Trust's arguments concerning improper service of process has

passed.  He may not use his Motion to relitigate old issues, and his Motion for relief under

Bankruptcy Rule 9023 is **DENIED**.

FRCP 60(b) permits a court to grant relief from a final judgment or order for the

following reasons:  (1) "mistake, inadvertence, surprise, excusable neglect"; (2) newly

discovered evidence; (3) fraud, misrepresentation, or misconduct; (4) the judgment is void; (5)

4

the judgment has been satisfied, released, discharged, or it is "no longer equitable;" or (6) "any

other reason that justifies relief." FED. R. CIV. P. 60(b).  Whether to grant a motion for relief

under Rule 60 is within the discretion of the court.  *Stevens v. Miller*, 676 F.3d 62, 67 (2d Cir.

2012).  A motion for relief from judgment under FRCP 60 "is generally not favored and is

properly granted only upon a showing of exceptional circumstances."  *Marrero Pichardo v.

Ashcroft*, 374 F.3d 46, 55 (2d Cir. 2004) (quoting *United States v. Int'l Bhd. of Teamsters*, 247

F.3d 370, 391 (2d Cir. 2001)).  The party seeking relief under FRCP 60(b) bears the burden of

proof.  *See Int'l Bhd. of Teamsters*, 247 F.3d at 391 (citation omitted).

Because Thomas is *pro se*, the Motion is held "to less stringent standards than formal

pleadings drafted by lawyers . . . ."  *Haines v. Kerner*, 404 U.S. 519, 520 (1972).  Even so,

Thomas fails to establish adequate grounds for relief under FRCP 60(b).  Thomas has not

established any mistake, inadvertence, surprise, or excusable neglect, nor has he identified any

newly discovered evidence, fraud, misrepresentation, or misconduct.  *See* FED. R. CIV. P.

60(b)(1)–(3).  Additionally, Thomas does not argue that the judgment is void or has been

satisfied, released, discharged, or is otherwise no longer equitable.  *See id.* 60(b)(4)–(5).  Relief

under FRCP 60(b)(6) is warranted "if extraordinary circumstances are present or the failure to

grant relief would work an extreme hardship on the movant."  *ISC Holding AG v. Nobel Biocare

Fin. AG*, 688 F.3d 98, 109 (2d Cir. 2012) (quoting *Motco, Inc. v. Barr (In re Emergency Beacon

Corp.)*, 666 F.2d 754, 758–59 (2d Cir. 1981)).  However, Thomas has not set forth any

extraordinary circumstances or extreme and undue hardship required for relief under FRCP

60(b)(6).  Rather, he attempts to relitigate issues previously determined by the Court.  To the

extent Thomas seeks relief under Bankruptcy Rule 9024, his Motion is **DENIED**.

5

**IT IS SO ORDERED.**

Dated:    April 20, 2015
          New York, New York

_____/s/Martin Glenn_____
MARTIN GLENN
United States Bankruptcy Judge