**Exhibit 1**

**Supplemental Priore Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et</u> <u>al</u>., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**SUPPLEMENTAL DECLARATION OF KATHY PRIORE**
**IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S**
**<u>OBJECTION TO PROOF OF CLAIM NO. 725 FILED BY WILLIAM J. FUTRELL</u>**

I, Kathy Priore, hereby declare as follows:

1. I serve as Associate Counsel for The ResCap Liquidating Trust (the "**Liquidating Trust**"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al., and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned chapter 11 cases (the "**Chapter 11 Cases**"). I submit this supplemental declaration in support of the *ResCap Borrower Claims Trust's Objection to Proof of Claim No. 725 Filed by William J. Futrell* (the "**Objection**").[1] Except as otherwise indicated, all facts set forth in this Supplemental Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in this Supplemental Declaration on that basis.

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Objection or my prior *Declaration in Support of The ResCap Borrower Claims Trust's Objection to Proof of Claim No. 725 Filed by William J. Futrell* [Docket No. 8315-3].

    2. Based upon a review of the Debtors' Books and Records, I understand that the GMAC Mortgage reported Claimant's mortgage loan account delinquent to at least one of the three major credit reporting agencies on two occasions during November and December of 2009. In particular, on November 13, 2009 and December 11, 2009, GMAC Mortgage reported that Claimant's mortgage loan account was 90-days and 120-days delinquent, respectively.

    3. I also understand from a review of the Debtors' Books and Records, that neither GMAC Mortgage, nor any of the other Debtors reported Claimant's mortgage loan account to be delinquent in September or October 2012.  Additionally, neither GMAC Mortgage nor any of the other Debtors reported Claimant's mortgage loan account to be delinquent after the transfer of servicing of the Loan to Ocwen on or about February 15, 2013.

    4. The Debtors' Books and Records also indicate that as of the date when the servicing of Claimant's Loan was transferred to Ocwen, Claimant's account was delinquent for the July 1, 2011 and subsequent payments.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that, to the best of my knowledge, the foregoing is true and correct.

Dated:  April 24, 2015

                /s/ Kathy Priore
                Kathy Priore
                Associate Litigation Counsel for
                The ResCap Liquidating Trust