**Hearing Date: June 4, 2015 at 10:00 a.m. (Prevailing Eastern Time)**
**Objection Deadline: May 15, 2015 at 4:00 p.m. (Prevailing Eastern Time)**

MORRISON & FOERSTER LLP
250 West 55th St.
New York, NY 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## RESCAP BORROWER CLAIMS TRUST'S OBJECTION
## TO CLAIM NO. 4418 FILED BY DAVID CRUZ JR.

ny-1178266

## TABLE OF CONTENTS

**Page**

PRELIMINARY STATEMENT ................................................................................................1
JURISDICTION, VENUE, AND STATUTORY PREDICATE ...................................................2
BACKGROUND ............................................................................................................................3
RELIEF REQUESTED ..................................................................................................................4
OBJECTION ..................................................................................................................................5
NOTICE .........................................................................................................................................9
CONCLUSION ............................................................................................................................10

12-12020-mg    Doc 8529    Filed 04/24/15    Entered 04/24/15 14:59:08    Main Document
Pg 3 of 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Benjamin v. CitiMortgage, Inc.,
   No. 12-62291-CIV, 2013 WL 1891284 (S.D. Fla. May 6, 2013) ............................................ 8

Feinberg v. Bank of N.Y. (In re Feinberg),
   442 B.R. 215 (Bankr. S.D.N.Y. 2010) .................................................................................... 5

Rollins, Inc. v. Butland,
   951 So. 2d 860 (Fla. Dist. Ct. App. 2006) ............................................................................... 7

Trent v. Mortgage Electronic Registration Sys., Inc.,
   618 F. Supp. 2d 1356 (M.D. Fla. 2007) .................................................................................. 8

**STATUTES**

11 U.S.C. §502(a) ............................................................................................................................ 5

11 U.S.C. § 502(b)(1) ...................................................................................................................... 5

15 U.S.C. §1692a(6)(F)(ii)-(iii) ....................................................................................................... 9

15 U.S.C. § 1692k(d) ...................................................................................................................... 9

Fla. Stat. Ann. § 95.11(3)(f) ............................................................................................................ 7

Fla. Stat. Ann. § 559.77(4) .............................................................................................................. 9

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE:**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above captioned debtors (collectively, the "Debtors") with regard to Borrower Claims (as defined below), hereby submits this objection (the "Objection") seeking to disallow and expunge, without leave to amend, proof of claim no. 4418 (the "Claim") filed by David Cruz Jr. (the "Claimant") against Debtor GMAC Mortgage, LLC ("GMACM") in an unliquidated amount pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 3007(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), on the grounds that the Claim fails to state a basis for liability against the Debtors.[1]  The Borrower Trust seeks entry of an order substantially in the form annexed hereto as Exhibit 1 (the "Proposed Order") granting the requested relief.  In support of the Objection, the Borrower Trust submits the declaration of Kathy Priore, Associate Counsel for the ResCap Liquidating Trust (the "Priore Declaration"), attached hereto as Exhibit 2, and the declaration of Norman S. Rosenbaum of Morrison & Foerster LLP, counsel to the Borrower Trust (the "Rosenbaum Declaration"), attached hereto as Exhibit 3.

**PRELIMINARY STATEMENT**

1.      The Borrower Trust examined the Claim and the statements and exhibits submitted in support thereof.  The asserted basis for liability is a lawsuit filed by the Claimant against GMACM in the state of Florida, which asserts causes of action under

---

[1] The Borrower Trust reserves all of its rights to object on any other basis to the Claim not set forth in this Objection, and the Borrower Trust reserves all of its rights to amend this Objection should any further bases come to light.

1

Florida and federal law related to GMACM's actions as originator of the Claimant's loan in June 2007 and servicer of the Claimant's loan through December 2008.  Since the lawsuit was not filed until July 2011, those causes of action premised on the origination of the Claimant's loan are barred by the applicable statute of limitations. Further, the Claimant's Fair Debt Collection Practices Act claim and Florida Consumer Practices Act claim, each of which concern the Debtors' actions in its capacity as servicer, are also barred by the relevant statute of limitations.  The claim under the Florida Unfair Trade Practices Act, as it relates to the Debtors' servicing activities, is not time barred, but nevertheless does not amount to a viable claim against GMACM because servicing a mortgage loan does not qualify as "trade or commerce" under the statute.  Therefore, the allegations related to GMACM's servicing of the Claimant's loan fail to state a claim under this statute as well. As a result, the Claimant cannot support any of the causes of action upon which the Claim is based, and as a result, fails to assert a valid basis for liability of the Debtors' estates.

## JURISDICTION, VENUE, AND STATUTORY PREDICATE

2.      This Court has jurisdiction over this Objection under 28 U.S.C. § 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper before this Court under 28 U.S.C. §§ 1408 and 1409.

3.      The statutory predicates for the relief requested herein are section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007(a).

**BACKGROUND**

4. On May 14, 2012, each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On May 16, 2012, the Court entered an order [Docket No. 96] appointing Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, and record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "Claims Register").

6. On November 9, 2012, the Claimant filed the Claim. See Claim, attached to the Priore Declaration as Exhibit A.

7. On March 21, 2013, this Court entered an order approving procedures for the filing of objections to proofs of claim filed in these Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"). The Procedures Order includes specific protections for Borrowers[2] and sets forth a process for the Debtors to follow before objecting to certain categories of Borrower Claims (the "Borrower Claim Procedures").

8. The Debtors sent Request Letters to certain Borrowers, including the Claimant, requesting additional documentation in support of their claims. See Priore Declaration ¶ 5. The Request Letters state that the claimant must respond within 30 days with an explanation that states the legal and factual reasons why the claimant believes he is owed money or is entitled to other relief from the Debtors, and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for his

---

[2] As used herein, the terms "Borrower" and "Borrower Claims" have the meanings ascribed to them in the Plan (defined below).

3

ny-1178266

claim. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged. A Request Letter was sent to the Claimant on June 21, 2013 but no response was received from the Claimant. See Priore Declaration ¶ 5.

9. On December 11, 2013, the Court entered an *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as amended (the "Plan"), filed in these Chapter 11 cases [Docket No. 6065]. On December 17, 2013, the Effective Date (as defined in the Plan) of the Plan occurred [Docket No. 6137].

10. The Plan provides for the creation and implementation of the Borrower Trust, which is established for the benefit of Borrowers who filed claims to the extent such claims are ultimately allowed either through settlement or pursuant to an Order of the Court. See Plan, Art. IV.F. The Borrower Trust was established to, among other things, "(i) direct the processing, liquidation and payment of the Allowed Borrower Claims in accordance with the Plan, and the distribution procedures established under the Borrower Claims Trust Agreement, and (ii) preserve, hold, and manage the assets of the Borrower Claims Trust for use in satisfying the Allowed Borrower Claims." See id.

**RELIEF REQUESTED**

11. The Borrower Trust files this Objection, pursuant to Bankruptcy Code section 502(b) and Bankruptcy Rule 3007, and seeks entry of an order, substantially in the

form annexed hereto as Exhibit 1, disallowing and expunging the Claim with prejudice from the Claims Register in its entirety.

**OBJECTION**

12. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. §502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. § 502(b)(1). Furthermore, the burden of persuasion once an objection refutes an essential allegation of the claim is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence. Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010).

**A.    Background Facts**

13. On June 8, 2007, the Claimant obtained a loan originated by GMACM, dba ditech.com, in the amount of $316,000 (the "Loan"), evidenced by a note (the "Note") and secured by a mortgage (the "Mortgage") on property located at 4672 NW 57th Ave, Coral Springs, FL 33067 (the "Property"). Copies of the Note and the Mortgage are attached to the Priore Declaration as Exhibit B and Exhibit C, respectively. On or about August 16, 2007, the Loan was transferred from GMACM to Fannie Mae within the MERS system.[3]

---

[3] The Claimant attached to the Proof of Claim a document he received from Nationstar entitled "Milestones for 1000375-0656742506-2." See Proof of Claim Exhibit J2. That document shows Fannie Mae becoming the new investor on August 7, 2007.

5

ny-1178266

14. GMACM serviced the loan from origination until servicing was transferred to non-Debtor Nationstar Mortgage, LLC on December 1, 2008. See Notice of Transfer of Servicing, attached to the Priore Declaration as Exhibit D.

15. On information and belief, on September 12, 2011, Nationstar sent a letter to the Claimant mistakenly informing him that GMACM was the owner of the Loan. See September 12, 2011 Letter, attached to the Claim. The Borrower Trust confirmed that the Debtors' books and records do not indicate that the Loan was transferred back to the Debtors after August 16, 2007, and such a transfer is not reflected in any public property records. See Priore Declaration ¶ 7.

16. On July 14, 2011, the Claimant filed a complaint (the "Complaint") in the County Court for the 17th Judicial Circuit in and for Broward County, Florida (the "County Court") (Case No. 11-13655) against non-Debtors Nationstar, Fannie Mae, and MERS. See Docket, attached hereto as Exhibit 4. On February 8, 2012, the Claimant filed an amended complaint (the "Amended Complaint") adding GMACM as a defendant. See Docket.

17. On April 25, 2012, GMACM filed a motion to dismiss the Amended Complaint. A notice of bankruptcy was filed thereafter on May 25, 2012. See Docket. The County Court dismissed the Amended Complaint with leave to amend on July 2012, and the Claimant filed a second amended complaint on September 10, 2012 (the "Second Amended Complaint"), a copy of which is attached to the Claim. The Second Amended Complaint asserted causes of action against GMACM under the Fair Debt Collection Practices Act

("FDCPA"), the Florida Consumer Collection Practices Act ("FCCPA") and the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA").

### B. Legal Argument

18. The causes of action against GMACM in the Second Amended Complaint are premised on two theories. First, as it concerns the origination of his loan, that GMACM is liable for failing to inform the Claimant that it was barred from originating loans in California. Second, the Claimant alleges that GMACM withheld the true identity of the Claimant's lender, thereby clouding the title on his property.

**A.**   *FDUTPA Claims*

19. The allegations relating to the origination of the Claimant's loan are barred by the statute of limitations. The statute of limitations for stating a claim under the FDUTPA is four years. See Fla. Stat. Ann. § 95.11(3)(f). Since the Loan was originated on June 8, 2007, the Claimant was barred by the statute of limitations when the Complaint was filed on July 14, 2011.[4]

20. Furthermore, all of the remaining allegations relate to the servicing of the Loan and do not fall under the purview of the FDUTPA. To state a claim under the FDUTPA, a plaintiff must allege (1) a deceptive or unfair practice in the course of trade or commerce, (2) causation, and (3) actual damages. Rollins, Inc. v. Butland, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006). However, courts in Florida have held that the servicing of a loan does not qualify as "trade or commerce" under the FDUTPA because a loan servicer

---

[4] Furthermore, the Claimant asserts that the origination of the loan was illegal because of an order by a California court to discontinue the origination of loans in California. See Second Amended Complaint ¶¶ 68-71. A copy of the order is attached to the Claim. However, the Claimant's loan was originated in Florida, and the Claimant fails to explain how the California court order impacts the Debtors' actions in Florida or how he was damaged by not being informed of the order. As a result, the Claimant's unsubstantiated allegations of wrongdoing cannot support a claim under the pleading standards of Fed. R. Civ. P. 8(a).

does not "advertise, solicit, provide, offer or distribute" anything to the borrower. See Benjamin v. CitiMortgage, Inc., No. 12-62291-CIV, at *4-5, 2013 WL 1891284 (S.D. Fla. May 6, 2013) (citing Trent v. Mortgage Electronic Registration Sys., Inc., 618 F. Supp. 2d 1356, 1365 (M.D. Fla. 2007). Therefore, even if the Claimant could demonstrate the requisite elements of a FDUTPA claim, the allegations related to the servicing of the Loan fail to state a claim under the FDUTPA.

21.     Additionally, all of the Claimant's servicing allegations relate to actions by Nationstar and do not create liability for the Debtors' estates. The Claimant alleges that the Debtors "hid the true identity of the Plaintiff's debt owner," (Second Amended Complaint ¶ 65); however, all of the allegations relate only to actions by Nationstar that took place well after the Debtors had any interest or connection to the Loan. The Claimant does not allege how the Debtors, in their capacity as servicer, did anything to prevent him from learning the identity of the owner of his loan.

22.     The Claimant also alleges that the Debtors clouded "the true identity of the Plaintiff's named Lender through the use of numerous interchangeable related entities and unclear legal classifications." See Second Amended Complaint ¶ 72. It is unclear what the Claimant means by this allegation. The Claimant asserts neither a specific action taken by the Debtors to cloud the identity of the Claimant's lender nor when this alleged action took place. As a result, the Claimant fails to plead the basic details that are necessary to support a claim against the Debtors' estates premised on a violation of the FDUTPA. See *Memorandum Opinion and Order Sustaining Objection to Claim No. 1467 of Suzanne Koegler and Edward Tobias* [Docket No. 7052] (discussing the requirements for meeting the pleading standard of Fed. R. Civ. P. 8(a)(2)).

**B.**   *FCCPA Claims*

23.   All of the Claimant's allegations under the FCCPA are barred by the statute of limitations.  The statute of limitations for the assertion of a claim under the FCCPA is two years.  See Fla. Stat. Ann. § 559.77(4).  The origination of the Loan occurred in June 2007, and the Debtors ceased having any interest in the Loan, either as servicer or as owner, in December 2008.  As a result, the statute of limitations ran for any FCCPA claim for liability of the Debtors arising from its connection to the Loan by the time the Complaint was filed.

**C.**   *FDCPA Claims*

24.   As with his other causes of action, the Claimant's FDCPA claim is barred by the statute of limitations, which is one year, see 15 U.S.C. § 1692k(d), and elapsed well before the Complaint was filed.

25.   In addition, even if the action was timely commenced, the Debtors would not be classified as a "debt collector" under the statute.  The FDCPA excludes anyone collecting a debt "originated by that entity" and anyone that collects debts that were "not in default at the time they were obtained" by the entity.  See 15 U.S.C. §1692a(6)(F)(ii)-(iii).   Therefore the FDCPA claim must fail because the Debtors cannot be considered a "debt collector under the FDCPA as the Loan was originated by the Debtors.

**NOTICE**

26.   The Borrower Trust has provided notice of this Objection in accordance with the Case Management Procedures Order, approved by this Court on May 23, 2012 [Docket No. 141] and the Procedures Order.

## CONCLUSION

WHEREFORE, the Borrower Trust respectfully requests entry of the Proposed Order granting the relief requested herein and such other and further relief as this Court may deem proper.

Dated: April 24, 2015
       New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th St.
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Borrower Claims Trust*