# Exhibit 2

# Priore Declaration

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ )
In re:                                                       )    Case No. 12-12020 (MG)
                                                             )
RESIDENTIAL CAPITAL, LLC, et al.,                            )    Chapter 11
                                                             )
         Debtors.                                            )    Jointly Administered
                                                             )
------------------------------------------------------------ )

**DECLARATION OF KATHY PRIORE IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NO. 4418 FILED BY DAVID CRUZ JR.**

I, Kathy Priore, hereby declare as follows:

1.  I serve as Associate Counsel for the ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases.  During the Chapter 11 Cases, I served as Associate Counsel in the legal department of Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors").  I joined ResCap on May 1, 2008 as in-house litigation counsel.  Prior to my in-house litigation counsel position, I held various roles within the legal department at ResCap.

2.  In my role as Associate Counsel at ResCap, I was responsible for the management of litigation, including, among others, residential mortgage-related litigation.  In connection with ResCap's chapter 11 filing, I also assisted the Debtors and their professional advisors in connection with the administration of the chapter 11 cases, including the borrower litigation matters pending before this Court.  In my current position as Associate Counsel to the Liquidating Trust, among my other duties, I continue to assist the Liquidating Trust and the

1

ny-1184917

Borrower Claims Trust (the "Borrower Trust") in connection with the claims reconciliation process.[1]  I am authorized to submit this declaration (the "Declaration") in support of the *ResCap Borrower Claims Trust's Objection to Claim No. 4418 Filed By David Cruz Jr.* (the "Objection").[2]

3. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

4. In my capacity as Associate Counsel, I am familiar with the claims reconciliation process in these Chapter 11 Cases with regard to Borrower Claims and I assist the Liquidating Trust with the claims reconciliation process.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records, the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim form and supporting documentation filed by the Claimant.  Since the Plan became effective and the Borrower Trust was established, I, along with other members of

---

[1] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated as December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

[2] Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Objection.

2

ny-1184917

the Liquidating Trust's management or other employees of the Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's and the Borrower Trust's professional advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Debtors' books and records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

5. The Debtors sent a Request Letter to the Claimant on June 21, 2013, requesting additional documentation in support of the Claim. The Request Letter stated that the Claimant must respond within 30 days with an explanation that states the legal and factual reasons why he believes he is owed money or is entitled to other relief from the Debtors, and that he must provide copies of any and all documentation that he believes supports the basis for his claim. The Request Letter further stated that if the Claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the Claim, seeking to have the Claim disallowed and permanently expunged. The Debtors did not receive a response to the Request Letter from the Claimant.

6. On November 9, 2012, the Claimant filed the Claim. See Claim, attached hereto as Exhibit A.

7. On June 8, 2007, the Claimant obtained a loan originated by GMACM, dba ditech.com, in the amount of $316,000 (the "Loan"), evidenced by a note (the "Note") and secured by a mortgage (the "Mortgage") on property located at 4672 NW 57th Ave, Coral Springs, FL 33067 (the "Property"). Copies of the Note and the Mortgage are attached hereto as

3

ny-1184917

Exhibit B and Exhibit C, respectively. On or about August 16, 2007, the Loan was transferred from GMACM to Fannie Mae within the MERS system.[3]

8.　GMACM serviced the loan from origination until servicing was transferred to non-Debtor Nationstar Mortgage, LLC on December 1, 2008. See Notice of Transfer of Servicing, attached hereto as Exhibit D.

9.　The Debtors' books and records do not indicate that the Loan was transferred back to the Debtors after June 2007, and such a transfer is not reflected in any public property records.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 24, 2015

/s/ Kathy Priore
Kathy Priore
Associate Counsel for ResCap
Liquidating Trust

---

[3] The Claimant attached to the Proof of Claim a document he received from Nationstar entitled "Milestones for 1000375-0656742506-2." See Proof of Claim Exhibit J2. That document shows Fannie Mae becoming the new investor on August 7, 2007.

4

ny-1184917