## **Exhibit A**

Claim #4418  Date Filed: 11/9/2012

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | PROOF OF CLAIM |
|---|---|

Name of Debtor and Case Number: **GMAC Mortgage, LLC, Case No. 12-12032**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

DAVID CRUZ JR

Name and address where notices should be sent:

DAVID CRUZ JR
4672 NW 57 Ave
Coral Springs,FL 33067

Telephone number:                    email: dcmailspot-gmac@yahoo.com

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**_____
(*If known*)

Filed on:_____

Name and address where payment should be sent (if different from above):

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Telephone number:                    email:

**1. Amount of Claim as of Date Case Filed: $** 316,000.00 plus interest and accruals  *contingent*

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Schedule F Also FL, BROWARD 17th Civil Pending Cases CACE11016288 and COCE11013655 Mortg.Fraud
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:** 4548

**3a. Debtor may have scheduled account as:** Contingent Asset or Mortgage Based Asset
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if your claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ■Real Estate ☐Motor Vehicle ☐Other
Describe:

**Value of Property: $** 316,000.00   **Annual Interest Rate** 6.75 % ■Fixed ☐Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim,**
if any: $ TBD - Contingent    **Basis for perfection:**_____

**Amount of Secured Claim: $** TBD - contingent    **Amount Unsecured: $** TBD - Contingent

RECEIVED
NOV 1 2 2012
KURTZMAN CARSON CONSULTANTS

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are **redacted** copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and **redacted** copies of documents providing evide definition of "*redacted*".)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED D

If the documents are not available, please explain:

121203121110900000000159

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**9. Signature:** (See instruction #9) Check the appropriate box.

■ I am the creditor.   ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: DAVID CRUZ JR
Title: DAVID CRUZ JR - Pro Se
Company:
Address and telephone number (if different from notice address above):                    11/7/12 (Date)

RECEIVED
NOV - 9 2012
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK
COURT USE ONLY

Telephone number:                    Email: dcmailspot-gmac@yahoo.com

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*

via Fed Ex  8001 1982 5671

HOWARD C. FORMAN
A TRUE COPY

**SEP** 1 0 2012

IN THE COUNTY COURT FOR THE
17TH JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

CASE NO:  11-13655 (50)

DAVID CRUZ, JR.

Plaintiff,

v.

NATIONSTAR MORTGAGE, LLC,
FEDERAL NATIONAL MORTGAGE ASSOCIATION
A/K/A FANNIE MAE, MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. A/K/A  MERS,
GMAC MORTGAGE, LLC, JOHN DOES 1-5
A/K/A ALL PERSONS UNKNOWN,
CLAIMING ANY LEGAL OR EQUITABLE RIGHT,
TITLE, ESTATE, LINE, OR INTEREST IN THE
PROPERTY DESCRIBED IN THE COMPLAINT
                    Defendant,

---

## SECOND AMENDED COMPLAINT

COMES NOW, the Plaintiff, David Cruz, by and through its undersigned counsel, and states as follows:

## PARTIES AND JURISDICTION

1.    At all times material to this action Plaintiff, David Cruz, is an ordinary consumer, and resides in Broward

County, Florida in property which is his homestead.

2.    At all times material hereto, Defendant, NATIONSTAR MORTGAGE, LLC (hereinafter

"NATIONSTAR"),  is a Delaware limited liability company with principal place of business of 350 Highland

Drive, Lewisville, TX 75067.  NATIONSTAR has collected and continues to seek collection of moneys

(principal, interest, fees) from Plaintiff and has declared default and acceleration of loan payments on behalf of

FANNIE MAE as Creditor and requests Plaintiff pay NATIONSTAR same.  NATIONSTAR maintains agents for

the transaction of its customary business in Florida.

3.    Defendant, FEDERAL NATIONAL MORTGAGE ASSOCIATION (hereinafter named FANNIE MAE), at

all times material to this action is a government sponsored publically-traded corporation, chartered in 1938

converted in 1968 to a privately held corporation to remove its activity and debt from the federal budget and split

into the current Fannie Mae and the <u>Government National Mortgage Association</u> ("Ginnie Mae").  Since 2010, Fannie Mae's common and preferred shares are traded on the OTC Bulletin Board and it maintains agents for the transaction of its customary business in the State of Florida out of 1111 Brickell Avenue #2775, Miami Florida 33131.  FANNIE MAE provides a secondary market in home mortgages, purchasing mortgages from the lenders who originate them.  FANNIE MAE has been named as the Investor/Creditor to Plaintiff's mortgage by NATIONSTAR and on whose behalf NATIONSTAR is pursuing debt collection against Plaintiff.  FANNIE MAE itself lists Plaintiff's mortgage on its loan lookup tool, and MERS milestone reports identify FANNIE MAE as the investor.

4.    At all times material to this action, Defendant, GMAC MORTGAGE, LLC, identified by the remaining Defendants as being GMAC MORTGAGE, LLC d/b/a ditech.com out of Costa Mesa California was the Lender on Plaintiff's promissory note and mortgage.  Past inspections of GMAC MORTGAGE, LLC's corporate structure reflect a tangled maze of similarly named entities at differing levels of existence with unclear ties to each other from 2007 to the present time.  According to Florida company annual reports, GMAC MORTGAGE, LLC is an active foreign LLC whose principal address changed to 1100 Virginia Drive, Fort Washington, PA  19034 on January 3, 2008 but whose prior principal place of business was 100 Witmer Road, Horsham PA 19044.  Prior to acquisition by GMAC, Ditech was known as an internet based lender with its principal place of business out of <u>Costa Mesa, Orange County California,</u> that offered mortgages and lines of credit and was purchased by GMAC in <u>1999.</u>  In late <u>2006,</u> a controlling interest (51%) of GMAC was purchased by <u>Cerberus Capital Management.</u> Ditech became a subsidiary of Residential Capital, LLC (also known as "<u>ResCap</u>") along with other GMAC-branded lending businesses sometime during 2008.  ResCap, LLC **itself states that it** "provides capital solutions to businesses in a variety of markets" and has corporate headquarters in Minneapolis, Minnesota.  According to ResCap's web page its subsidiaries include GMAC Mortgage and online home lender <u>Ditech</u> listed as two separate lenders.  It is both unknown and unclear to Plaintiff when ditech ceased to be its own entity and instead became a brand, if and when ditech stopped being a subsidiary and when ditech was absorbed by ResCap, LLC and/or if and/or it became a "brand then a "branch" or vice versa of GMAC Mortgage, LLC instead or if ditech functioned as part of both entities simultaneously.  Plaintiff has seen the name ditech used to mean an entity

directly under ResCap, LLC as a distinct subsidiary separate from GMAC Mortgage, LLC, an entity synonymous

with GMAC Mortgage, LLC, a name used to mean merely a "brand" and a name designating a "branch" of the

GMAC conglomerate.    Therefore, Plaintiff herein relies upon NATIONSTAR, FANNIE MAE, and MERS

identification of the Lender GMAC Mortgage, LLC d/b/a ditech.com as "GMAC Mortgage, LLC" and Plaintiff

designation of GMAC herewith includes any and all possible parent-subsidiary/branch/brand/agency/fiduciary

relationships of the GMAC entities to the Lender identified in the Plaintiff's loan documents.

5.    At all times material to this action Defendant, MORTGAGE ELECTRONIC REGISTRATION SYSTEMS,

INC. ("MERS") is an electronic registry system (Exhibit ⎿Patent and Trademark Office filings regarding same)

that purports to track the ownership and servicing rights of its members in residential mortgage loans (the MERS

System) and conducts business in Florida as Nominee for Lenders.    The MERS trademarked and patented

electronic system was subsequently incorporated as a Delaware corporation with its principal place of business in

Reston, Virginia by MERSCORP, INC.    MERSCORP, INC. claims to be the sole shareholder of the MERS

electronic registry/entity.    MERSCORP, INC is itself however owned by many of the stakeholders in the

mortgage industry, including FEDERAL NATIONAL MORTGAGE ASSOCIATION, First American Title

Insurance Corporation, and PMI Mortgage Insurance Company.    According to the MERS internet web site,

www.mersinc.org, GMAC MORTGAGE, LLC listed at address 3451 Hammond Ave, Mail Code 507-345-186,

Waterloo, IA 50702 is a foreign business entity that is a shareholder in MERS.    MERS is the enterprise and

primary innovation through which the Defendants will accomplish their objectives but MERS does not itself hold

any promissory notes and only acts as a Nominee of the Lender of a mortgage.

6.    Unknown Defendant(s) John Doe(s) is a person(s) or entities that hold or may have held an ownership

interest in plaintiff's promissory note at all times pertinent to this action.    The true names and capacities, whether

individual, corporate, associate or otherwise, of Defendant(s) Doe(s) is/are unknown to Plaintiffs at the present

time and Plaintiff therefore sues said Defendant(s) by such fictitious name(s).    Plaintiff is informed and believes

and thereon alleges that each of the Defendants designated herein as "DOE" is legally and/or equitably

responsible in some manner for the events, transactions, occurrences, and happenings alleged herein.    Plaintiff

will amend this Complaint to allege the true names and capacities of these fictitiously named Defendants when

they are ascertained.

7.    Plaintiff is informed and believes and thereon alleges that the Defendants named herein, and each of them, were at all times herein relevant the principals and/or agents of each of the remaining defendants, or worked jointly with other Defendants and that in doing the things herein alleged, the defendants, and each of them, were acting thus jointly and/or within the course and scope of said agency.

## GENERAL ALLEGATIONS

8.    In 2002, Plaintiff's purchased certain real property as his homestead and on or about June 8, 2007 Plaintiff signed loan documents to refinance and consolidate the two loans on his homestead with the Lender ditech.com out of 3200 Park Center Drive, Suite 150, Costa Mesa CA  92626.

9.    Plaintiff executed a promissory note in favor of ditech.com based upon the basic assumption that Lender was not under any orders from any state licensing department or lender licensing entity to discontinue lending or to suspend lending in any way shape or form for  improper lending practices or failure to meet legal licensure requirements.

10.  The representatives for ditech.com negotiated the terms of the loan directly from California via phone and fax including that said loan of funds from ditech were to be secured by a mortgage on Plaintiff's homestead.  (Exhibit A)

11.  Total settlement charges for the refinance totaled $12,963.24 and were added to the principal on the promissory note.  The promissory note reflecting a loan of $316,000 actually includes $12,963.24 of refinance charges by ditech.  These fees included a $2,075.00 ditech fee, interim interest of $1,066.50, document signing fee $220.00, mortgage tax fee of $1,106.00, title insurance fee (Lender Coverage) $593.00 and other title search fees, taxes, and recording fees. (Copy of Settlement Statement, Exhibit A)

12.  The funding resulting from the Plaintiff's execution of the debt and security instrument at the closing occurred on June 13, 2007.

13. Defendant, Ditech.com a/k/a Ditech a/k/a GMAC Mortgage, LLC provided Plaintiff with a Servicing Disclosure Statement at closing on June 8, 2007. GMAC's signature on the Servicing Disclosure Statement is dated June 15, 2007, not the day of closing for the date on which the Serving Disclosure Statement would have been obtained. June 15, 2007 is the date on which the order to discontinue lending was set aside.

14. Available filings on national registry of public licenses, yields between 72 and 332 different records related to the name "GMAC". Specifically, the name "GMAC" yielded 332 records, "GMAC Mortgage LLC" yielded 72 records, "GMAC Mortgage, LLC" yielded 28, "GMAC Mortgage", yielded 286 records, "Ditech" yielded 18 separate records and "Ditech.com" yielded two records. Florida Department of Corporations has two records for "ditech.com" but both are in cancelled status and registered to two different entities.

15. Florida Office of Financial Regulations indicates that the license for GMAC MORTGAGE LLC dba Ditech at 3200 Park Center Drive Costa Mesa California was terminated on August 31, 2010.

16. California licensing records show ditech.com no longer licensed as a loan originator as of 7/30/2008 (lic. Num. 8132004: DITECH.COM, LENDWELL HOME LOANS, CALDIRECT HOME LOANS {GMAC MORTGAGE CORPORATION, DBA}) out of branch address: 3200 PARK CENTER DRIVE COSTA MESA, CA 92626.

17. California licensing records show ditech.com no longer licensed as a loan originator as of 12/30/2010 (Lic. Num: 813D526: DITECH, LENDWELL HOME LOANS, CALDIRECT HOME LOANS (GMAC MORTGAGE, LLC, DBA) out of branch address: 3200 PARK CENTER DRIVE COSTA MESA, CA 92626

18. Ditech was acquired in 1999 by the GMAC organization and became a part of ResCap, LLC in 2008. The registration for the ditech name was not renewed. GMAC Mortgage, LLC and ditech are known as name brands that operated as wholly owned subsidiaries of ResCap, LLC, One Meridian Crossings Minneapolis, MN 55423 United States. ResCap, LLC is a wholly owned subsidiary of GMAC Mortgage Group, LLC. GMAC Mortgage Group, LLC with its principal place of business of 4 Walnut Grove Drive Horsham, PA 19044 is a subsidiary of Ally Financial previously known as GMAC after it obtained reclassification as a bank holding company on

December 24, 2008.

19.  According to Florida Office of Financial Regulation Ally Financial, Inc., dba GMAC, GMAC Financial

Services, ALLY FINANCIAL are currently licensed as a sales finance company branch out of 3200 Park Center

Drive, Costa Mesa California, the location of lender ditech.com.

20.  Defendants' MERS, FANNIE MAE, and NATIONSTAR independently identify GMAC MORTGAGE,

LLC out of Horsham, PA as the originating Lender that was doing business out of 3200 Park Center Drive, Costa

Mesa California by the name of Ditech.

21.  Plaintiff found out for the first time in January 2012 that on June 7, 2007 this same GMAC Mortgage, LLC

so identified by Nationstar, MERS and Fannie Mae in filings in the county court of Broward County, Florida was

ordered to immediately discontinue mortgage lending and/or servicing activities in the State of California.

(Exhibit  K page 1

22.  The order to discontinue lending was subsequently set aside by the State of California, Department of

Corporations but only for lending as of June 15, 2007.  (Exhibit K page 4

23.  Between June 7, 2007 and June 15, 2007 GMAC Mortgage, LLC was prohibited from making any and all

residential loans in California, the state where the Plaintiff's loan originated.   The mortgage, note and closing

documents confirm that the loan was originated out of 3200 Costa Mesa, Ca by GMAC Mortgage, LLC.

Defendant, GMAC, violated the order and laws of the State of California governing the very subject matter of the

contract rendering the contracts are void ab initio as illegal.

24.  There are no UCC filings on Plaintiff's promissory note nor are there any written or recorded assignments of

Plaintiff's promissory note.

25. Plaintiff's mortgage states that "MERS" MORTGAGE ELECTRONIC REGISTRATION SYSTEM, INC., is

the mortgagee under the Security Instrument and "is a separate corporation that is acting solely as the

Nominee for Lender and Lender's successors and assigns". (Copy of Mortgage, Exhibit  A  )

26.  MERS also known as Mortgage Electronic Registration Systems, Inc was created as a wholly owned subsidiary of Merscorp, Inc. on January 1, 1999 as a bankruptcy remote special purpose vehicle whose primary duty is to hold title to mortgages.

27.  MERS does not own any interest in promissory notes, is not itself a Lender, is not identified as a Payee to homeowners, does not assume any liability for loss and has no employees, paid or otherwise.

28.  MERS is a patented and trademarked computer registry recording and tracking system of the transfers of interests of the MERS registered products between a closed set of entities who have ownership interest in MERS.

29.  The use of MERS avoids public recordation of transfer of interests.  Except for the designation as "nominee" for the mortgagee on the mortgage document itself, a Homeowner is not disclosed information of who and what MERS is before, at, or subsequent to closing.

30.  Ditech d/b/a GMAC Mortgage, LLC was the original named servicer on the Note and Mortgage signed by Plaintiff.

31.  Sometime on or after December 2008, NATIONSTAR MORTGAGE LLC began requesting monthly mortgage payments from Plaintiff as Servicer of the mortgage loan.  Nationstar believed Plaintiff was in default on the loan at the moment the loan was transferred to Nationstar.

32.  On September 2010 a moratorium on GMAC related foreclosures took place in the following states as a result in defects in the transference of loans: Connecticut, Florida, Hawaii, Illinois, Indiana, Iowa, Kansas, Kentucky Louisiana, Maine, Nebraska, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Pennsylvania, South Carolina, South Dakota, Vermont, and Wisconsin.  Attorney Generals of several of the aforementioned states began investigations asking courts to not let GMAC simply submit new documents to cure defects.

33.  As a result of concern about the status of his own loan, Plaintiff wrote a request for Verification of Investor/Note Holder Identity on September 10, 2010 to Nationstar stating that in light of the foregoing facts and the growing trend of mortgage related troubles and inconsistencies with GMAC mortgages, since Nationstar was not the original Servicer nor Lender, Plaintiff requested Nationstar provide in writing the

identity of the current holder of his note and confirmation that the same entity is in possession of the original note. (Exhibit _B1_)

34. On September 14, 2010 Nationstar wrote a letter enclosing a payment History Transaction report, and what appeared to be an electronic stored copy of a promissory note bearing no endorsements or allonges and failed to provide the identity of the current holder of the note and failed to provide confirmation that such entity was in possession of the original note. (Exhibit _B2_)

35. On September 21, 2010, Plaintiff again wrote to Nationstar for a second time by certified mail, stating that this was his second request, referencing the first request, and specifically citing RESPA, 12 U.S.C. 2605(e) for disclosure of information including the name of the current note holder, current investor, current mortgage holder, and name of legal mortgage holder and for the date on which the current mortgage holder acquired the mortgage and from whom, a complete payment history from loan inception to September 21, 2010 (Exhibit _C1_)

36. On September 30, 2010 Nationstar responded that they would respond to the Qualified Written Request on or before 12/22/2010. (Exhibit _C2_)

37. In a response dated October 4, 2010, Nationstar stated that the originator of the loan was GMAC and advised Plaintiff to mail a request for origination information to 3451 Hammond Avenue, Waterloo, IA. Nationstar also stated it was the Servicer but provided no documents in support of this statement. Nationstar failed to respond to the Plaintiff's request for the current owner of the note and mortgage or for other information and documentation.(See Exhibit _C2 page 2_

38. On November 3, 2010 Plaintiff sent a Third Qualified Written Request to Nationstar again requesting ownership information of the note and security instrument, requesting that the original promissory note be made available, requested a true copy of the servicing agreement between Nationstar and the entity which hired Nationstar and if the entity that hired Nationstar is not the entity that owned the "note" then disclosure of the agreements to substantiate Nationstar's right to collect payment from Plaintiff, the disclosure pursuant to TILA 1641(f)(2) of the holder of the debt, the true copies of the UCC-1 papers for the original loan, transfer period servicing history and accounting, and copy of the deposit receipt pursuant to 12 USCA Sec 1813 that David Cruz, Jr. was to receive when the Lender deposited his promissory note. (Exhibit _D1_)

39. On a letter dated November 13, 2010, Nationstar confirmed receipt of the request without further disclosure and without providing the name of the holder of the debt as requested (Exhibit _D2_)

40. On November 22, 2010 Plaintiff through undersigned Counsel, Xiomara L. Cruz, sent written notice to

Nationstar disputing Nationstar's claim to late payment charges and right to collect on Plaintiff's debt pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809(b) and requesting Nationstar provide evidence of its right to collect same and requesting that all collection activity cease until such time. (Exhibit F )

41. On December 9, 2010 Nationstar sent a letter in response to a request received on November 12, 2010 stating GMAC out of Waterloo, IA as the originator of the referenced account and enclosing purportedly their copies of a settlement statement, residential loan application, and payment transaction report ending in December 2008. (Exhibit D3)

42. On December 10, 2010 Nationstar sent a letter in response to the November 22, 2010 validation request pursuant to the Fair Debt Collection Practice Act (Hereinafter "FDCPA") 15 U.S.C. 1692-1692p. (Exhibit E2) The letter included a limited payment history transaction report from December 2008 to date with conclusory statements that the loan and related documents have been reviewed, enclosed an unendorsed photocopy of a note and a mortgage, rider, and not same person affidavit but failed to answer the questions asked by Plaintiff and failed to evidence its right to collect both the late fees and monthly payments of the debt. (Exhibit E2) page 3-5

43. On March 1, 2011, Plaintiff once again wrote to Nationstar advising it was in receipt of Nationstar's January 2011 correspondence and that Nationstar's response did not provide an accounting from loan inception to present as requested, failed to validate Nationstar's right to collect, and failed to provide current ownership information of the note and made formal 30 day request for cure of the failure. (Exhibit F )

44. On March 21, 2011, Xiomara L. Cruz, as Counsel for Plaintiff received a letter from Nationstar reiterating the dates of mailing of prior correspondence by Nationstar. The letter recited the prior letters and again failed to state the name of the current holder of the note, verify its right to collect Plaintiff's loan payments, providing the same copy of the note as provided on all prior occasions bearing no changes. (Exhibit G2)

45. In late June 2011, Nationstar caused to be delivered to Plaintiff a letter advising of Plaintiff Nationstar was declaring default on behalf of Fannie Mae as Creditor of the Plaintiff. (Exhibit H)

46. On July 13, 2011 Plaintiff sent a formal letter disputing the authenticity and validity of the debt, Nationstar's right to attempt collection of the debt, of Nationstar's right to declare a default on this debt, of Nationstar's right to slander Plaintiff's credit and credit history, and dispute that Fannie Mae is the creditor of his debt (Exhibit I2).

47. On July 15, 2011 Plaintiff filed the instant suit and sought an emergency hearing for a temporary

injunction/restraining order at which Defendant, Nationstar, was present telephonically.  The temporary injunction was not granted as Plaintiff was unable to make adequate bond.  Presiding Judge Peter Skolnick advised in open court that the name of the owner of the note was not proprietary information and such must be disclosed to Borrower pursuant to a qualified written request.

48. Per the court's instructions, Plaintiff through undersigned counsel made another Qualified Written Request. (Exhibit J1)

49. On July 20, 2011 Defendant, Nationstar responded affirming receipt of the qualified written request.

50. On September 12, 2011 Defendant, Nationstar responded advising that GMAC Mortgage, LLC dba ditech.com out of 3200 Park Center Drive, Suite 150 Costa Mesa CA 92626 was the true owner and holder of the promissory note signed by Plaintiff.  Nationstar submitted a MERS MILESTONE REPORT to substantiate it was transferred the Servicer Rights, but no servicing agreement. Nationstar also resubmitted the same material it had previously provided (Exhibit J2)

51. Nationstar has continued to pursue collection of the debt from Plaintiff despite Plaintiff's continued dispute of the debt with Nationstar.

52. NATIONSTAR has not submitted a copy of the servicing agreement transferring servicing rights to NATIONSTAR.

53. FANNIE MAE has been identified as the owner of the mortgage by NATIONSTAR.

54. FANNIE MAE created and has implemented an online system which has directed homeowners to a as the Fannie Mae website loan look up tool to determine "Does Fannie Mae own your loan?".

55. MERS implements a limited website tool for homeowners.  The MERS website system does not show all the transfers of a homeowner's mortgage loan and makes no distinction between a transfer of the debt or the security.

56. ResCap, GMAC Mortgage, LLC, and ditech have filed for bankruptcy protection in federal court for the southern district of New York.

57. On or about May 13, 2012 Rescap and Nationstar entered into an Asset Purchase Agreement and asked permission of the Bankruptcy Court for an order authorizing and approving procedures with respect to the proposed sale (the "Sale") of the Debtors' business pursuant to Bankruptcy Code section 363(b) and 1123(a)(5)(B) between Nationstar Mortgage, LLC, as a stalking horse bidder and GMAC Mortgage, LLC,

ditech.com in the coming two months.  Based upon Nationstar's admissions in the instant case, Plaintiff's 'note' which is the subject of all this litigation is likely one of these contingent assets. (Exhibit "M")

58. The Debtors, GMAC Mortgage, LLC, Ditech, Rescap and other affiliated entities and Nationstar as one of the Purchasers have obtained an Order approving the sales and transfer of "assets" including "contingent assets" such as mortgage notes free of liens, claims, and any encumbrances to the purchasers and have stated to the court that the claims are too numerous and obtained permission to give specific notice only to the top 50 creditors.

### COUNT ONE- VIOLATION OF THE FLORIDA DECEPTIVE AND UNFAIR TRADE PRACTICES ACT F.S. 501.201 et seq.

59. This is an action for damages against the Defendants for unfair, deceptive and unconscionable acts or practices in the conduct of their trade or commerce.

60. The allegations of paragraphs 1 through 58 of this Complaint are realleged and incorporated by reference as if specifically pled here.

61. The Defendants are trade and business enterprises within the context of the Federal Trade Commission Act, 15 U.S.C. §45, and are not National Banks nor Savings and Loans Associations.

62. Defendants, GMAC, FANNIE MAE, MERS, and Nationstar are also entities engaged in trade or commerce and provide, offer, and distribute moneys, benefits, interest, membership, professional opportunities involving consumer debt and mortgage instruments as stated specifically in the general allegations above.

63. Plaintiff is a consumer within the meaning of the FLUDTPA.

64. 501.203(3)(a) creates a private cause of action for violation of an FTC rule even though none exits under federal law.

65. Defendants' collusion to cloud and/or hide the true identity of the Plaintiff's debt owner, providing collection services to collect funds regardless of whether the entities are the holders and owners of the actual debts, working together to hide the fact the debts are split from their securities so as to be unenforceable at law whilst pressuring consumer to pay are deceptive and unfair trade practices per FLDUTPA 501.204.

66. NATIONSTAR has made a per say violation of the FLDUTPA 501.203(a) and (c) engaging in unfair, deceptive, or unconscionable act by its continued failing from September 2010 through to September 2011 to disclose the

owner and holder of the debt instrument stating that the information was proprietary in derogation of the Frank-Dodd Act which makes disclosure of this information mandatory.

67. NATIONSTAR has violated FLDUTPA 501.203 and 501.204 engaging in unfair, deceptive, or unconscionable acts by giving partial information, and creating correspondence stating it has answered questions posed and provided information requested when it has not done so and knew or

should have known that its conduct was unfair or deceptive or prohibited.

68. GMAC violated the FLDUTPA 501.203(a) and (c)engaging in unfair, deceptive, or unconscionable acts by its failure to disclose that it was subject to an order not to lend to Plaintiff

69. GMAC violated the FLDUTPA 501.203(a) and (c)engaging in unfair, deceptive, or unconscionable acts by its material omissions of fact to Plaintiff and its continued failure to disclose this material fact at all times thereafter.

70. GMAC violated the FLDUTPA 501.203(a) and (c) engaging in unfair, deceptive, or unconscionable acts by falsely dating a servicing transfer notice to Plaintiff, the Borrower and Consumer, with the date on which it was again allowed to resume lending and never disclosing same.

71. a GMAC violated the FLDUTPA 501.203(a) and (c) engaging in unfair, deceptive, or unconscionable acts by GMAC's lack of disclosure and omission regarding its financial and legal status, and the existence of the order to discontinue residential lending .

72. GMAC violated the FLDUTPA 501.204 and 501.203(a) and (c) engaging in unfair, deceptive, or unconscionable acts by clouding the true identity of Plaintiff's named Lender through the use of numerous interchangeable related entities and unclear legal classifications.

73. MERS violated FLDUTPA 501.204 engaging in unfair, deceptive, or unconscionable acts by acquiescing to be designated as a Nominee on the Mortgage and not on the Promissory Note as this designation of nominee is incongruous at best and promotes obscurity

74. MERS violated FLDUTPA 501.204 engaging in unfair, deceptive, or unconscionable acts by effectuating a waiver of public recordation upon the consumer through the use of unintelligible legal language not easily understood by a regular consumer and presented to consumer for the first time at closing as part of a contract of adhesion. MERS is instead named as a "nominee" as opposed to a "privately held and controlled mortgage transference and tracking system owned and accessible by most major Lenders and government sponsored entities but not by you the consumer and borrower. It is replacing for you the public recording and tracking of sales of any part of your mortgage with or without a transfer of the note"

75. MERS violated FLDUTPA 501.204 engaging in unfair, deceptive or unconscionable acts by failing to provide all transfer of debt information to consumers on its internet portal and only showing who the 'investor' is without defining what 'investor' means.

76. FANNIE MAE violated FLDUTPA 501.204 engaging in unfair, deceptive, or unconscionable acts by stating through its internet portal that consumers could confirm whether FANNIE MAE owned their loan, and then only providing the information as to ownership of the mortgage thereby manipulating the words 'loan' and 'mortgage' to be interchangeable when they are not as ownership of a 'mortgage' does not effectuate ownership of a 'loan' by itself. Rather the actual debt instrument and not the security instrument dictates ownership of a consumer's loan.

77. Plaintiffs have met all conditions precedent.

78. Defendants' acts and omissions, as well as their failure to use reasonable care in this matter as alleged in this Complaint, are either deceptive or unfair acts or practices and Defendants' unconscionable, illegal, unfair and deceptive acts and practices violate FLUDTPA.

79. Plaintiff has suffered actual damage for which he is entitled to relief.

80. Plaintiff is entitled to recover his reasonable attorneys' fees pursuant to these statutes.

81. As a direct and proximate cause of Defendants' acts and omissions, Plaintiff has incurred economic damages and is entitled to recover monetary damages for court costs, research fees, document compilation fees, copy costs, postage for all mailings, lost time from work.

82. **WHEREFORE,** Plaintiff respectfully requests the court enter Judgment against Defendants as stated herein, for violation of the FLDUTPA and for economic damages, attorney's fees and costs, plus any further relief the Court sees fit

## COUNT TWO: VIOLATION OF THE FLORIDA
## (CONSUMER COLLECTION PRACTICES ACT FCCPA)

83. The allegations of paragraphs I through 80 of this Complaint are realleged and incorporated by reference as if specifically pled here.

84. Plaintiffs financial obligation to pay the loan on his home is a consumer debt as defined by F.S.559.55(i).

85. Plaintiff's financial obligation to pay late fees and associated fees of collection is a consumer debt as defined by F.S. 559.55(l).

86. The Plaintiff is a consumer as defined by 559.55(2).

87. Defendants, Nationstar, Fannie Mae are 'persons' within the definition of 559.72

88. In the alternative, Nationstar is a "Debt Collector" as defined by 559.55(6) or an "Out ofState debt collector" as defined by 559.55(8) doing business in Florida.

89. Defendant, FANNIE MAE is not the mortgage holder of record nor is it the original Lender, Bank, nor Savings and Loans Association and is not an entity seeking to collect on its owned mortgage loan but a debt collector as defined by 559.55(6) or 559.55(E).

90. Defendant, Fannie Mae is alternatively an unverified Creditor who is seeking to take and file an assignment of the debt while it is in default, is not the original Lender, a National Bank, nor a Savings and Loan Association but a private corporation and as such is subject to the FCCPA.

91. Defendants have engaged in consumer collection conduct which amounts to a violation of F.S. Section 559.72(9) as set out below and Plaintiff, as a proximate result thereof, has sustained economic damages for which the Defendants are entitled to compensation from the Defendants pursuant to FS. Section 559.77.

92. Specifically, Defendants' have disclosed or caused to be disclosed to others other than Plaintiff or his family, information affecting his reputation including his creditworthiness with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

93. Defendants have also disclosed or caused to be disclosed information concerning the existence of a debt known to be reasonably disputed by Plaintiff without disclosing the fact that the debt is disputed.

94. Defendant Nationstar has claimed, attempted, or threatened to enforce a debt when it knows that the debt is not legitimate, or assert the existence of some other legal right when Nationstar knows the right does not exist.

95. Defendant, Nationstar has refused to provide adequate identification of itself, of its employer, and of the entity who is the owner of the debt instrument forcing Plaintiff to file suit to obtain same.

96. These acts were wrongful and predatory acts by the Defendants and are intentional and deceptive.

**WHEREFORE** Plaintiff respectfully requests the court enter Judgment against Defendants as stated herein, for violation of the Florida Consumer Collection Practices Acts and for attorney's fees and costs, plus any further relief the Court sees fit.

## COUNT THREE: VIOLATION OF FDCPA

97. Plaintiff realleges and includes the general allegations in paragraphs 1 through 58 above as if specifically pled here.

98. Plaintiff is a consumer under the FDCPA.

99. FDCPA requires certain information to be provided to a consumer within five days of communication related to debt collection:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing:
>
> (1) the amount of the debt;
>
> (2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

a statement that, upon the consumer's written request within the thirty day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

100.    Under 15 U.S.C. § 1692g(a) if a debtor, within thirty days and in writing, disputes the debt or requests from the collector the name and address of the creditor, the debt collector must cease collection of the debt until it has validated the debt and/or obtained the required information and given it to the debtor. § 1692g(b).

101.    The Act applies to debts that were incurred primarily for "personal, family or household purposes, whether or not [a debt] has been reduced to judgment" such that the Plaintiff's refinance as a debt primarily incurred for personal, family, or household purposes is governed by the FDCPA.

102.    Nationstar is a debt collector who used the instrumentality of interstate commerce or the mails the principal purpose of which is the collection of Plaintiff's debt, and/or as relates to collecting mortgage payments for Fannie Mae and/or John Does regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. *15 U.S.C.A. § 1692a(6)*

103.    Defendant, Fannie Mae, is not currently the record mortgage holder nor is it the original Lender, is not a national Bank, and is not a Savings and Loans Association. Under the FDCPA, Fannie Mae, is then not an entity seeking to collect on its owned mortgage loan and is therefore a debt collector. *Olroyd v. Associates Consumer Discount Co.*, 863 F.2d 23 7 (D.C., E D. Penn 1994).

104.    Defendant, Fannie Mae, is an unverified Creditor who is seeking to take an assignment of the promissory note which is the evidence of the debt while it is in default is subject to the FDCPA as a debt collector.

105.    Defendant, Nationstar, Fannie Mae, and John Does as principals, agents, associates, and/or cohorts failed to provide within thirty days and in writing before judicial intervention the name of the current owner of

the note, have failed to validate their right to collect the Plaintiff debt, and have failed to cease collection efforts until such verification of the debt has been fully provided in contravention of 1692 g(a)

106.    Defendants made multiple violations of § 1692e (2)(a) and 1692e(10) due to the false and or misleading representation of the character or legal status of the debt in the letters written in response to Plaintiff's qualified written requests and the ascertains made verbally to the court and to Plainif.

107.    The debt evidenced by the promissory note is not held by Fannie Mae nor by Nationstar, the promissory note has been split from the mortgage making it a legal nullity such that the legal status of the debt was falsely represented to Plaintiff for years also in contravention of 1692e.

108.    Defendants jointly or Nationstar and/or GMAC individually have made further violations of the FDCPA by making a material misrepresentation and not disclosing to Plaintiff that on June 7, 2007 California had revoked the originator license of GMAC Mortgage LLC dba ditech.com such that GMAC Mortgage LLC dba ditech.com was not a licensed lender on June 8, 2007 when Plaintiff signed the original promissory note and mortgage, both adhesion contracts.

109.    The legal status of ditech.com and the Costa Mesa address vis a vis GMAC Mortgage LLC, ResCap, LLC and Ally Financial as subsidiaries, then 'brands', then 'dbas' has been confusing and deceptive.

110.    Defendant, Nationstar has violated the FDCPA 15 USC 1692f using unfair or unconscionable means to collect a debt.

111.    Defendant, Nationstar and vicariously GMAC, MERS, FANNIE MAE, and John Does have made violations of § 1692e communicating information which is deceptive, confusing, and/or false namely providing consumers a loan look up tool that only affirms whether FannieMae has an interest in the security which is NOT the same as having an interest in the actual promissory note, utilizing a MERS lookup tool that does not give complete nor accurate detail of the transfers of a consumer's debt as evidenced by the promissory note, inhibiting consumer from accurately obtaining information as to who is the true owner and holder of the note in question. These were deceptive and/or false representations of the character, amount, and/or legal status of the debt.

112.    Nationstar has further violated 1692e by failing to communicate that a disputed debt is disputed.

113.  Defendants are falsely representing or implying that the debt was clearly owed to Defendants when in fact such is not the case and Defendants vis a vis Nationstar, MERS, and the Fannie Mae look up tool used deceptive means to attempt to collect the debt, and/or the false implication that accounts had been turned over to innocent purchasers for value when they have not.

114.  The Defendants have failed to validate their right to collect the debt under the FDCPA.

115.  The foregoing violations of the FDCPA are among the Defendants' standard procedures and practices towards consumers such as the Plaintiff, for which the Defendants are motivated by enhanced profits from circumventing the public recordation process and manufacturing documents after the fact to cover financial dealings.

116.  Plaintiff has suffered significant mental anguish and emotional distress in that Plaintiff has had to resort to litigation to obtain straight answers he was legally obligated to have, has confirmation not only that there truly is not one creditor, but that the originator was not licensed when he entered into contract and Defendants knowing the note and mortgage have already been split still seek motions to dismiss and ancillary attacks to Plaintiff's counsel and ex-spouse in order to detract from the true merits of Plaintiff's claims.

117.  Because Plaintiff has had to pursue legal recourse through the undersigned to resolve the unfair debt collection practices of Defendants, he is entitled to an award for attorney's fees and costs.

WHEREFORE Plaintiff prays for Judgment granting Plaintiff's statutory damages pursuant to 15 U.S.C. 1692k(a)(2)(A) and actual damages pursuant to 15 U.S.C. 1692k(a)(1), for each failure including attorney's fees and costs pursuant to 15 U.S.C. 1692k(a)(3) from each and every Defendant.


## COUNT THREE: VIOLATION OF R.E.S.P.A. 12 USC § 2605(e) as to NATIONSTAR

118.  Plaintiff realleges and includes the general allegations in paragraphs 1 through 58 above as if specifically pled here.

119.  RESPA establishes the requirements for how a mortgage loan servicer or lender must conduct its post-closing servicing of the loan.

120.  Twelve 12 U. S. C. §2605(e) details the duties and statutory obligations of a loan servicer or lender in receiving and responding to borrower written inquiries.

121.  Under RESPA if a servicer receives a Qualifed Written Request ("QWR") the servicer must acknowledge receipt of the QWR within twenty (20) days.

122.  A QWR is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer that (i) includes, or otherwise enables the servicer to identify, the name and account of the borrower; and (ii) includes a statement of the reasons for the belief of the borrower, to the extent applicable, that the account is in error or provides sufficient detail to the servicer regarding other information sought by the borrower.

123.  The subject first, second, third and final QWRs were QWRs under RESPA in that they identified the subject borrower, the subject loan, the subject property, and included a statement of the reasons the borrower believed the account to be in error (i.e. collection by entity other than original lender or servicer, concerns over increasing mortgage fraud with GMAC loans, failure to provide information previously requested)

124.  Prior to July 22, 2010, Pursuant to 12 U.S.C. §2605(e)(1)(A) a loan servicer SHALL provide a written response acknowledging receipt of the correspondence within 20 days.  The Dodd-Fank Financial Reform Bill amended RESPA to require acknowledgment of a QWR within 5 days.    See http://www.nclc.org/dodd-frank/nclc-rpts-ccu-jul-aug 2010-web.pdf

125.  Prior to July 22, 2010, Pursuant to 12 U.S.C. §2605(e)(2) not later than sixty days after receipt of the QWR and servicer shall:

  (C) after conducting an investigation, provide the borrower with a written explanation or clarification that includes--

  1.    information requested by the borrower or an explanation of why the information requested is unavailable or cannot be obtained by the servicer; and

  2.    the name and telephone number of an individual employed by, or the office or department of, the servicer who can provide assistance to the borrower.

  The Dodd-Frank amendment has subsequently reduced this time from answering to 30 days.

126.  As set forth in the General Allegations paragraphs 33 thru 47 and the exhibits of same attached,

Nationstar failed to respond to the Qualified Written Requests requesting the name of the current owner of the promissory note, requesting the name of the entity who hired Nationstar and providing a copy of the servicing agreement after Plaintiff filed suit.

127. The responses and answers to Plaintiff's qualified written requests included photocopies of the Promissory Note without disclosure of whether they are true copies of the original promissory note in Nationstar's possession nor do the documents forwarded include any chain of custody. The correspondence failed to render an accounting from loan inception, and failed to produce the other information requested including verification of Nationstar's rights to collect the debt. The information for an accounting from Inception was provided as to Plaintiff's payments to principal, interest, and escrow after suit in September 2011, but did not include any other accounting regarding the promissory note such as what was paid to GMAC from Fannie for interest in the mortgage.

128. Prior to July 22, 2010, Pursuant to 12 U.S.C. §2605(f), whoever failed to comply with any provision of RESPA would be liable to the borrower for any amount equal to the sum of (a) any actual damages to the borrower and (b) any additional damages that the court may allow, in the case of a pattern or practice of noncompliance with the requirments of this section in the amount not to exceed $1,000.00. The Dodd Frank Amendment increased the amount of statutory damages on RESPA violation occurring after July 22, 2010 from $1,000 to $2,000.00.

129. The Defendant Nationstar has engaged in a pattern and practice of violating 12 U.S.C. 2605(e).

130. Nationstar is also in violation of § 2605(e) by its failure to comply with the continuing duty to respond to multiple information requests on four separate occasions in September, October, November 2010 and March 2011.

131. Nationstar is also in violation of the duty to disclose in the first instance under § 2605(a) to each one of Plaintiff's requests for the name of the owner of the note and the owner of the mortgage, as well as failure to answer or produce documents answering Plaintiff/Borrower's other proper and reasonable qualified written requests.

132. The Plaintiff was damaged by the Nationstar's failure to comply with RESPA because Plaintiff is facing

Defendant Nationstar and Defendant Fannie Mae's threats of imminent foreclosure and declaration of default without Defendant, Nationstar, ever responding to the RESPA requests or having a present ascertainable right.

**WHEREFORE**, Plaintiff respectfully requests the Court enter Judgment against Defendants for violation of R.E.S.P.A, for actual damages, cost, attorney's fees and statutory damages, plus any further relief the Court sees fit.

### COUNT FOUR: ACTION FOR INJUNCTION

133.    Plaintiff/Petitioner seeks an injunction pursuant to Fla. R. Civ. P. 1.610 prohibiting and estopping Defendants from spoliation of evidence and from changing the note itself and causing changes as to the mortgage holder and holder of the original note and from creating or submitting documents, or versions of the note or servicing interests heretofore not disclosed so as to give Fannie Mae and/or John Does rights to collect Plaintiff's debt and/or security.

134.    Plaintiff/Petitioner has a clear legal right to seek injunctive relief as Defendants not only failed to produce the requested for proof and documents for over one year despite repeated requests by Plaintiff and undersigned in writing, but since being disclosed after judicial intervention, facts reveal and confirm that only by changing the facts can Defendants begin to have arguable rights pursue debt collection against Plaintiff.

135.    The need for injunctive relief has only grown stronger because while the debt involved is one which is secured by the Plaintiff's homestead, there is confirmation that the note itself is still owned and held by GMAC Mortgage, LLC, not by Nationstar, not by Fannie Mae, not by anyone else.

136.    GMAC's bankruptcy filing in May 2012 while this action has been pending before the court, entering into an asset purchase agreement with Nationstar, seeking and being granted permission to sell all assets including "contingent" assets "free and clear of all liens, claim, and/or encumbrances" without notice, and effectively enjoining Plaintiff herein by virtue of the bankruptcy evidences greater need than ever to enjoin the remaining parties, including namely Nationstar from abusing the judicial process for unjust ends. (See Exhibits M, N, O)

137.    Plaintiff learned only in January 2012 that GMAC Mortgage, LLC was not supposed to lend on June 8, 2007 when Plaintiff signed the mortgage and promissory note but ordered to discontinue lending .

138.    Because the contingent assets are to be sold free and clear of all liens, claims, and encumbrances the instant action will be eviscerated by operation of any sale.

139.    Without a doubt, Nationstar, John Doe, and/or vicariously Fannie Mae along with GMAC will proceed to a change to the status quo, effectuate same under cover of the bankruptcy legitimacy and continue collection efforts, thereby re-creating clear rights by operation of law.    Thus the right to injunctive relief- is stronger and clearer than ever before.

140.    Nationstar's disclosures reveal evidence that Plaintiff is in fact in a precarious situation because in order to move forward with any suit against Plaintiff, Defendants HAVE to cause changes as to the holder of the note and/or the mortgagee as the two have been split and will likely utilize MERS and MERS 'certifying officers' to do so because the records do not presently exist. The information currently disclosed evidences there is in fact no one rightful party with whom Plaintiff may negotiate and mediate with regarding satisfaction or settlement of the debt evidenced by the promissory note.

141.    The failure to provide full disclosure has impaired the rights of Plaintiff as the Borrower, Consumer and Debtor in the collection of the debt since he was forced to suit to obtain the information that he was legally entitled to from the onset.    There is still information that has not been disclosed but which is necessary and equally indispensable.

142.    Defendant's have withheld the original promissory note and the only copy of the promissory note shown to Plaintiff shows no allonges nor endorsements.

143.    Defendants have not produced the original promissory note for inspection in response to any of the prior written requests because it was not yet endorsed in blank to anyone.  Such an alteration to the note will be or may have already been made in order to manufacture standing to Defendants to pursue collection against Plaintiff because under Florida Statute 695.01 (1)No conveyance, transfer, or mortgage of real property, or of any interest therein, nor any lease for a term of 1 year or longer, shall be good and effectual in law or equity ... unless the same be recorded according to law and under federal law, *Carpenter v. Longan*, 83 U.S. 271, 274, 21 L. Ed. 313 (1872), an assignment of a mortgage without an assignment of the note is a nullity so that even if Defendants are prohibited from filing a physical assignment to Fannie Mae, Defendants will seek to submit an altered note to avoid the legal nullity which at law currently exists.  Therefore Plaintiff has a strong likelihood of success on the merits based upon the facts as set forth above.

144.    Nationstar, individually, or as agent of Fannie Mae, MERS, and John Does has undertaken a orchestrated pattern of delay and evasive answering of questions posed and has not produced documents

validating their right of collection of Plaintiff's debt, only documents and answers confirming that a legal issue exists.

145.    By and through the partial responses to qualified written requests and requests for verification from September 2010 through February 2, 2012, Nationstar, individually and vicariously on behalf of MERS, Fannie Mae, GMAC and/or John Does should be estopped from introducing any new or altered documents as evidence in present or future proceedings.

146.    Borrowers and Consumers as members of the public ought to be able to rely on responses to proper legal requests and entities seeking collection of debt ought to be forced to stand by their own actions, answers and production or non-production in response to legal requests. Due to all these circumstances, the right to injunction is clear and free from reasonable doubt. See Generally, *Delta General Corp. v. Priess* 389 So. 2d 1083 (Fla. 3d DCA 1980)

147.    Petitioner's quiet enjoyment and governance of his own affairs; and the quiet enjoyment, peace, and welfare of his minor children have been wrongfully and unlawfully threatened by Defendant, Nationstar, GMAC, Fannie Mae and/or John Does' unsavory machinations with the Plaintiff's note and mortgage. Plaintiff has a strong likelihood of success on the merits based upon the facts as set in the instant complaint.

148.    Petitioner relies on the Florida Deceptive and Unfair Trade Practices Act ("FDUTPA"), Florida Statutes Section 501.201, *et. seq.*, which permits injunctive relief. Florida Statutes § 501.211(1) provides: "(1) Without regard to any other remedy or relief to which a person is entitled, anyone aggrieved by a violation of this part may bring an action to obtain a declaratory judgment that an act or practice violates this part and to enjoin a person who has violated, is violating, or is otherwise likely to violate this part." See also, *Big Tomato v. Tasty Concepts, Inc.*, 972 F. Supp. 662, 664 (S.D.Fla. 1997) (a competitor may seek an injunction under Section 501.211(1) of Florida's Uniform Deceptive and Unfair Trade Practices Act).

149.    Since Florida's Deceptive and Unfair Trade Practices Act grants a statutory right to injunction, this court is not bound to examination of the four factors in granting Plaintiff an injunction pursuant to the Florida Deceptive and Unfair Trade Practices Act and may grant the injunction without examination of the four factors to Plaintiff under the authority of the Florida Deceptive and Unfair Trade Practices Act. "when express authority for issuance of 'statutory' injunctions is provided by legislative enactment, an injunction may issue without resort to the traditional 'equitable' prerequisites of such relief" *Time Warner Entm't/Advance-NewHouse P'ship v. Worldwide Elecs. L.C.*, 50 F. Supp. 2d 1288, 1302 (S.D. Fl. 1999).

150.    Petitioner DAVID's current income is low and last year totaled a little over $30,000, he was the sole borrower on the loan, was separated at all times applicable and had already entered a dissolution of marriage settlement at the time of the filing of the instant suit in July 2011.

151.    Neither Nationstar, Fannie Mae, MERS, nor John Does would be unjustifiably harmed by preserving the record, letting Nationstar stand by the answers/lack of answers and documents it has produced, estopping the submission into subsequent legal proceedings of material not already disclosed by Nationstar although required under the law to do so. Granting the injunction should not cause any harm as the rightful parties will ultimately have to negotiate with each other and the injunction preserves the integrity of the evidence and the judicial process and unclogs the already clogged foreclosure docket forcing the parties to completely disclose matters as required by law before getting into the foreclosure courts. It is perfectly fair to expect that future legal actions of Defendants be based on the answers and disclosures they have already made.

152.    In fairness, any possible claim of harm by Nationstar Fannie Mae, MERS, GMAC and John Does is substantially outweighed by the fact that they have already been given more than enough time to disclose and to answer but have yet still not done so, and the harm to Plaintiff as a Borrower and Debtor under Florida's consumer protection laws, fair debt collection laws, Florida and Federal Deceptive and unfair trade practice laws. There is no disservice to the public good by having debt collectors verify their right to collect a debt before commencing litigation – that is what the debt collection laws are precisely in place for. There is no disservice in having parties stand by present ascertainable facts and held to their answers (or in this case evasive answers), thereby preserving the record and the integrity of the judicial process recognizing the judiciary's own reliance on such, the congestion that such issues are already having on the foreclosure courts and that these issues could better addressed before the matters reach those congested dockets.

153.    No additional bond should be required as a prerequisite to the granting of the relief because at this time there is no unjustifiable harm. First, Defendants, Nationstar and Fannie Mae have had the choice always to fully disclose all facts, having been asked and given ample opportunity for well over one year and a half to produce documents and proof of their right to collect Plaintiff's debt. Secondly, Defendants of their own volition, chose their own course of action, in answering in the manner in which they did. Three, Defendants have failed to show a lawful right to Petitioner's debt. Having failed to verify Fannie Mae's right to Petitioner's debt, having confirmed that the note has been split from the mortgage, Defendant, Nationstar does not presently have the legal right to accelerate Plaintiff's payments on Fannie Mae's behalf.

154.     If this Court directs that a bond be required, DAVID, hereby requests this Court recognize that the promissory note owed and the security interest to that note are themselves a bond. Whosoever prevails is indemnified and protected by the security interest in DAVID's property, thereby negating the necessity of a bond for the benefit of any party. If Defendants' prevail they will be free to seek foreclosure of the equity securing the debt. The requirement of an additional bond would be little more than punishment on DAVID and bias and prejudice in favor of Defendants who by their own actions have shown no lawful right to collect Petitioner's debt.     The Court's granting of injunction will force Nationstar and its principals, Fannie Mae, GMAC, MERS, and/or John Does solely to stand by answers they have already given and documents already disclosed as well as by the failure to answer.

**WHEREFORE,** Plaintiff respectfully requests for the issuance of a temporary and if applicable a permanent order enjoining Defendants, Nationstar, Fannie Mae, MERS, GMAC and John Does along with Defendants' officers, directors, employees, agents, attorneys, and any and all persons acting in concert with any of them, from any and all of the following acts:

(1) Submitting answers and documents into the court records not already provided and disclosed relating to Plaintiff's Qualified Written Requests and Verification of Debt Requests such as an altered promissory note and written assignments of mortgage, which differ from answers and documents already given to Plaintiff such that the Defendants stand by answers already given in preservation, integrity and fairness of the judicial process.

(2) Creating documents transferring, selling, or assigning interests to the original promissory note and mortgage to mask gaps in the chain of title and mask the inability to establish authority to pursue debt collection against the Plaintiff.

(3) Taking the following actions that could adversely affect David Cruz's rights to the quiet use and enjoyment of the SUBJECT PROPERTY until there is proper adjudication by court order on the merits of Defendants' rights to Plaintiff's debt:  including but not limited to (1) Entering on SUBJECT PROPERTY (2) seeking to change the locks of the home whether by employees or by appointment or contracting of third parties (3) appointing third parties or pursuing processes leading to creation of documents solely for the purpose of self-help possessory and/or retaliatory actions against the Plaintiff.

Respectfully submitted,

Xiomara L. Cruz
Law Office of XL Cruz, PLLC
9900 W. Sample Road, Suite 300
Coral Springs, FL 33065
xlcruz@xlcruz.com

1  PRESTON DUFAUCHARD
   CALIFORNIA CORPORATIONS COMMISSIONER
2  ALAN S. WEINGER (CA BAR NO. 86717)
   SUPERVISING COUNSEL
3  320 WEST 4th Street, Ste. 750
   LOS ANGELES, CALIFORNIA 90013-1105
4
5  Attorneys for Complainant

6              BEFORE THE DEPARTMENT OF CORPORATIONS
7                 OF THE STATE OF CALIFORNIA
8

9  In the Matter of the Accusation of THE         )  File No. 413 0831
   COMMISSIONER OF CORPORATIONS OF               )
10 THE STATE OF CALIFORNIA,                       )
                                                  )
11              Complainant,                       )
                                                  )
12       vs.                                       )
                                                  )
13 GMAC MORTGAGE, LLC,                             )
                                                  )
14                                                 )
15              Respondent.                        )
                                                  )
16 _____)

17
18        ORDER TO DISCONTINUE RESIDENTIAL MORTGAGE LENDING
              AND/OR SERVICING ACTIVITIES PURSUANT TO
19              SECTION 50319, CALIFORNIA FINANCIAL CODE

20
21 TO:  GMAC MORTGAGE, LLC
        100 WITMER ROAD
22      HORSHAM, PA 19044

23      THE COMMISSIONER OF CORPORATIONS OF THE STATE OF CALIFORNIA
   FINDS THAT:
24

25      GMAC MORTGAGE, LLC has failed to comply with the bonding requirements of the

26 California Residential Mortgage Lending Act (California Financial Code Section 50000 et seq.) in

27 that effective June 7, 2007 Bond No. LPM8841182 issued by FIDELITY AND DEPOSIT

28

                        EXHIBIT  K  1of 5

1  COMPANY OF MARYLAND in favor of GMAC MORTGAGE, LLC expired and no replacement

2  bond has been obtained.

3

4          Based on the foregoing, Respondent is conducting residential mortgage lending

5  and/or servicing business in violation of Section 50205 of the Financial Code and is conducting

6  business in such an unsafe and injurious manner as to render further operations hazardous to the

7  public or to customers.

8      NOW, BASED ON THE FOREGOING, AND GOOD CAUSE APPEARING

9  THEREFORE, it is hereby ORDERED, under the provisions of Section 50319 of the California

10  Financial Code, GMAC MORTGAGE, LLC immediately discontinue the disbursement, in whole

11  or in part, of trust funds held by the licensee and establish a separate trust account for all subsequent

12  trust funds received by the licensee.

13

14

15      THIS ORDER is to remain in full force and effect until further order of the Commissioner.

16  Section 50319 of the Financial Code provides as follows:

17          (a) If the commissioner, as a result of any examination or from any report
    made to him or her, shall find that any person subject to this division is in an
18      insolvent condition, is conducting business in an unsafe or injurious manner that
    renders further operations hazardous to the public or to customers, has failed to
19      comply with the provision of Section 50317, has permitted its tangible net worth to
    be lower than the minimum required by law, or has failed to comply with the
20      bonding requirements of Section 50205, the commissioner may, by an order
    addressed to and served by registered or certified mail, or by personal service on that
21      person, and on any other person having in his or her possession or control any trust
    funds or other property deposited in escrow with that person, direct discontinuance
22      of the disbursement, in whole or in part, of trust funds held by the licensee and order
    the establishment of a separate trust account for all subsequent trust funds received
23      by the licensee. No person having in his or her possession any of these funds or
    documents shall be liable for failure to comply with the order unless he or she has
24      received written notice of the order. Subject to subdivision (b), the order shall
    remain in effect until set aside by the commissioner, or the person has been adjudged
25      bankrupt.

26          (b) Within 15 days from the date of an order pursuant to subdivision (a), the
    person may request a hearing under the Administrative Procedure Act (Chapter 5
27      (commencing with Section 11500) of Part 2 of Division 3 of Title 2 of the
    Government Code). Upon receiving a request, the matter shall be set for hearing to
28      commence within 30 days after the receipt unless the person subject to this division
    consents to a later date. If no hearing is requested within 15 days after the mailing or

1    service of the notice and none is ordered by the commissioner, the failure to request
    a hearing shall constitute a waiver of the right to a hearing.  Neither the request for a
2    hearing nor the hearing itself shall stay the order issued by the commissioner under
    subdivision (a).
3

4    DATED:        June 7, 2007
              Los Angeles, California
5

6                          Preston DuFauchard
                          California Corporations Commissioner
7

8

9                          By_____
                          DiAun M. Burns
10                          Special Administrator
                          California Residential Mortgage Lending Act
11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

EXHIBIT K pg 3 of 5

1   PRESTON DUFAUCHARD
    CALIFORNIA CORPORATIONS COMMISSIONER
2   ALAN S. WEINGER (CA BAR NO. 86717)
    SUPERVISING COUNSEL
3   320 WEST 4th Street, Ste. 750
    LOS ANGELES, CALIFORNIA 90013-1105
4
5   Attorneys for Complainant

6               BEFORE THE DEPARTMENT OF CORPORATIONS

7                   OF THE STATE OF CALIFORNIA

8

9   In the Matter of the Accusation of THE      )   File No. 413 0831
    COMMISSIONER OF CORPORATIONS OF             )
10  THE STATE OF CALIFORNIA,                    )
                                                )
11              Complainant,                    )
                                                )
12          vs.                                 )
                                                )
13  GMAC MORTGAGE, LLC,                         )
                                                )
14                                              )
                                                )
15              Respondent.                     )
                                                )
16  _____)

17
      ORDER SETTING ASIDE ORDER TO DISCONTINUE RESIDENTIAL MORTGAGE
18          LENDING AND/OR SERVICING ACTIVITIES PURSUANT TO
19             SECTION 50319, CALIFORNIA FINANCIAL CODE

20  TO:   GMAC MORTGAGE, LLC
21        100 WITMER ROAD
          HORSHAM, PA  19044
22

23          NOW, THEREFORE, the Commissioner having found that GMAC

24  MORTGAGE, LLC has complied with the bonding requirements of the California Residential

25  Mortgage Lending Act (California Financial Code Section 50000 et seq.) of the Financial Code

26  as of June 15, 2007 the Order to Discontinue Residential Mortgage Lending and/or Servicing

27  Activities Pursuant to Section 50319, California Financial Code is hereby set aside as of June 15,

28  2007.


                        EXHIBIT _K_ pg 4 of 5

1

2

3    Dated:         Los Angeles, California
                    June 22, 2007

4    Effective      June 15, 2007

5                                          Preston DuFauchard
                                           California Corporations Commissioner
6

7

8                                          By_____
                                           DiAun M. Burns
9                                          Special Administrator
                                           California Residential Mortgage Lending Act

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



## SERVICING DISCLOSURE STATEMENT

Lender: GMAC Mortgage, LLC dba ditech.com          Loan Number ███2506   Date: June 6, 2007

NOTICE TO FIRST LIEN MORTGAGE LOAN APPLICANTS: THE RIGHT TO COLLECT YOUR MORTGAGE LOAN PAYMENTS MAY BE TRANSFERRED. FEDERAL LAW GIVES YOU CERTAIN RELATED RIGHTS. IF YOUR LOAN IS MADE, SAVE THIS STATEMENT WITH YOUR LOAN DOCUMENTS. SIGN THE ACKNOWLEDGMENT AT THE END OF THIS STATEMENT ONLY IF YOU UNDERSTAND ITS CONTENTS.

Because you are applying for a mortgage loan covered by the *Real Estate Settlement Procedures Act* (RESPA) (12 U.S.C. 2601 et seq.), you have certain rights under that Federal law. This statement tells you about those rights. It also tells you what the chances are that the servicing for this loan may be transferred to a different loan servicer. "Servicing" refers to collecting your principal, interest and escrow account payments, if any. If your loan servicer changes, there are certain procedures that must be followed. This statement generally explains those procedures.

**Transfer Practices and Requirements**

If the servicing of your loan is assigned, sold, or transferred to a new servicer, you must be given written notice of that transfer. The present loan servicer must send you notice in writing of the assignment, sale or transfer of the servicing not less than 15 days before the effective date of the transfer. The new loan servicer must also send you notice within 15 days after the effective date of the transfer. The present servicer and the new servicer may combine this information in one notice, so long as the notice is sent to you 15 days before the effective date of the transfer. The 15 day period is not applicable if a notice of prospective transfer is provided to you at settlement. The law allows a delay in the time (not more than 30 days after a transfer) for servicers to notify you, upon the occurrence of certain business emergencies.

Notices must contain certain information. They must contain the effective date of the transfer of the servicing of your loan to the new servicer, the name, address, and toll-free or collect call telephone number of the new servicer, and toll-free or collect call telephone numbers of a person or department for both your present servicer and your new servicer to answer your questions. During the 60-day period following the effective date of the transfer of the loan servicing, a loan payment received by your old servicer before its due date may not be treated by the new loan servicer as late, and a late fee may not be imposed on you.

**Complaint Resolution**

Section 6 of RESPA (12 U.S.C. 2605) gives you certain consumer rights, *whether or not your loan servicing is transferred.* If you send a "qualified written request" to your servicer, your servicer must provide you with a written acknowledgment within 20 Business Days of receipt of your request. A "qualified written request" is a written correspondence, other than notice on a payment coupon or other payment medium supplied by the servicer, which includes your name and account number, and the information regarding your request. Not later than 60 Business Days after receiving your request, your servicer must make any appropriate corrections to your account, or must provide you with a written clarification regarding any dispute. During this 60 Business Day period, your servicer may not provide information to a consumer reporting agency concerning any overdue payment related to such period or qualified written request.

A Business Day is any day in which the offices of the business entity are open to the public for carrying on substantially all of its business functions.

**Damages and Costs**

Section 6 of RESPA also provides for damages and costs for individuals or classes of individuals in circumstances where servicers are shown to have violated the requirements of that Section.

**Servicing Transfer Estimated by Lender**

1.  The following is the best estimate of what will happen to the servicing of your mortgage loan:

We may assign, sell or transfer the servicing of your loan while the loan is outstanding. We haven't decided whether to service your loan.

2.  For all the first lien mortgage loans that we make in the 12-month period after your mortgage loan is funded, we estimate that the percentage of mortgage loans for which we will transfer servicing is between:

0 to 25 %

This estimate does include assignments, sales or transfers to affiliates or subsidiaries. This is only our best estimate and it is not binding. Business conditions or other circumstances may affect our future transferring decisions.

3.  We have previously assigned, sold, or transferred the servicing of first lien mortgage loans.

This information does not include assignments, sales or transfers to affiliates or subsidiaries.

_6/15/07_____
Date

_____ GMAC Mortgage, LLC dba ditech.com          -Lender

**ACKNOWLEDGMENT OF MORTGAGE LOAN APPLICANT**

I/We have read this disclosure form, and understand its contents, as evidenced by my/our signature(s) below. I/We understand that this acknowledgment is a required part of the mortgage loan application.

_____          _____          _____          _4/6/07_
Applicant                                Date          Applicant David Cruz Jr.                      Date

_____          _____          _____          _____
Applicant                                Date          Applicant                                Date

159026GM  11/2006        [LASER PRO  Reg. U.S. Pat. & T.M. Off., Version 6.0.10.6  (c) 1997 CFI ProServices, Inc. All rights reserved.  IL6028 - (631)2HLL]

*EXHIBIT* U2 *pg.* 32 *of* 59                    32

U.S. POSTAGE
AND FEES PAID
ENGLEWOOD, CO
PERMIT NO. 1194

Nationstar Mortgage LLC
350 Highland Dr.
Lewisville, TX 75067



7104 5400 2100 4134 3935



0 0 0 9 0 5 9 1 2 1

David Cruz
4672 Nw 57th Ave
Coral Springs, FL 33067

9306784014 R029    ĿııııĿĿĿıııĿĿııĿĿııĿĿĿĿıııĿĿĿĿĿııĿĿĿĿĿ

## Nationstar
### MORTGAGE

06/15/2011        Re: ███4548        Re:    4672 Nw 57th Ave
                                            Coral Springs, FL 33067

Dear David Cruz:

You are hereby provided formal notice by Nationstar Mortgage LLC, the Servicer of the above-referenced loan, on behalf of Federal Nati
Mortgage Association, the Creditor to whom the debt is owed, that you are in default under the terms and conditions of the Note and Sect
Instrument (i.e. Deed of Trust, Mortgage, etc.), for failure to pay the required installments when due.

This letter serves as further notice that Nationstar Mortgage LLC intends to enforce the provisions of the Note and Security Instrument. You r
pay the full amount of the default on this loan by the thirty-fifth (35th) day from the date of this letter which is 07/20/2011 (or if said date fall
a Saturday, Sunday, or legal holiday, then on the first business day thereafter). If you do not pay the full amount of the default, we s
accelerate the entire sum of both principal and interest due and payable, and invoke any remedies provided for in the Note and Secu
Instrument, including but not limited to the foreclosure sale of the property. If you received a bankruptcy discharge which included this debt,
notice is not intended and does not constitute an attempt to collect a debt against you personally; notice provisions may be contained within y
mortgage/deed of trust which notice may be required prior to foreclosure.

You are hereby informed that you have the right to "cure" or reinstate the loan after acceleration and the right to assert in the foreclo
proceeding the non-existence of a default or any other defense you may have to acceleration and sale.

As of 06/15/2011 the amount of the debt that we are seeking to collect is $5,156.08, which includes the sum of payments that have come
on and after the date of default 05/01/2011 , any late charges, periodic adjustments to the payment amount (if applicable) and expense
collection. Because of interest, late charges, and other charges or credits that may vary from day to day, or be assessed during the processin
this letter, the amount due on the day that you pay may be greater. Please contact Nationstar Mortgage LLC at 1-888-725-2432 on the day
you intend to pay for the full amount owed on your account. This letter is in no way intended as a payoff statement for your mortgage, it me
states an amount necessary to cure the current delinquency.

Please note, however, that your right to cure this default as referenced herein does not suspend your payment obligations. Pursuant to the term
the Note, your 07/01/2011 installment is still due on 07/01/2011 (or if said date(s) falls on a Saturday, Sunday, or legal holiday, then on the
business day thereafter). In addition, any subsequent advances made by the Servicer to protect their lien position must be added to the t
amount necessary to cure the ████. Please disregard this notice if a payment sufficient to cure the default has already been sent.

Nationstar Mortgage LLC is attempting to collect a debt, and any information obtained will be used for that purpose.

A "CURE" or "Reinstatement Right" similar to that described in the prior paragraph may be available in many states.   If, at any time, you m
a written request to us not to be contacted by phone at your place of employment, we will not do so. If, at any time, you make a written reques
us not to contact you, we will not do so, except to send statutorily and/or contractually required legal notice.

Nationstar Mortgage LLC would like you to be aware that if you are unable to make payments or resume payments within a reasonable perio
time due to a reduction in your income resulting from a loss or reduction in your employment, you may be eligible for Homeowners
Counseling. Please contact the HUD toll free number (800-569-4287) to obtain a list of HUD approved nonprofit organizations servicing y
residential area.

You are notified that this default and any other legal action that may occur as a result thereof may be reported to one or more local and natio
credit reporting agencies by Nationstar Mortgage LLC. Nationstar Mortgage LLC requests that all payments be made in certified fun
cashier's check or money order(s) payable to and mailed to Nationstar Mortgage LLC at 350 Highland Drive Lewisville, TX 75067. Y
may have options available to you to help you avoid foreclosure; please contact Nationstar Mortgage LLC's Loss Mitigation Department a
888-480-2432 or visit them on the web at www.nationstarmtg.com for additional information and to see what options are available to you.

The matters discussed herein are of extreme importance. We trust you will give them appropriate attention.
Very truly yours,
Nationstar Mortgage LLC

*EXHIBIT H - pg 1 of 3*



### Law Office of X.L.Cruz, PLLC

**9900 W. Sample Road, Suite 300, Coral Springs, FL 33065  Tel: 954.755.6647  Fax: 954.755.4255**

July 15, 2011                    VIA CERTIFIED MAIL 7005 3110 0003 4305 8776

Nationstar Mortgage
350 Highland Drive
Lewisville, Texas 75067

Re: Loan – ████4548
      Borrower- DAVID CRUZ, JR.
      Property: 4672 NW 57th Avenue, Coral Springs, FL 33067

### QUALIFIED WRITTEN REQUEST

Please take notice that this is a "Qualified Written Request" under the Federal Servicer Act, which is a part of the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(e) and for accounting and legal records. Please be advised that this Qualified Written Request (QWR) is also made under the Real Estate Settlement Procedures Act, codified as Title 12 §2605(e)(1)(B)(e) and Regulation X §3500.21(f)(2) of the United States Code. In my presence, The Honorable Judge Peter B. Skolnik of Broward County, FL placed a call to you today at 888-480-2432 from his Chambers on 7/15/2011 at approximately 12:35 p.m. to demand that you provide information about this loan including the Name and Identity of the Holder of the Note. Judge Skolnick specifically held and confirmed that this information is NOT proprietary, you refused to divulge this information to the Judge or myself as the Borrower's legal representative. Your representatives Erick and Erica handled the call and stated that they were not authorized to comply.

Your past correspondence has been elusive and incomplete in that they failed to give a full accounting back to the time of loan creation, your letter responses go on to state that the requested information is proprietary in contradiction to fact. Borrower has not yet received documents responsive to any of his prior Qualified Written Requests although the requests were explicitly written citing 15 U.S.C. 1641 requesting current ownership information of both the note and the security instrument as these two documents comprise what is commonly known as the "mortgage loan" and represent the consumer credit transaction at issue as well as all transaction history commencing with closing of the loan including specifically the transfer period. As the Servicer of this loan, the information of current ownership of the note and mortgage was due upon request to the Borrower in the first instance. As you already know, the Dodd-Frank Act implements a 10-business day deadline to respond to a request for the identity and address of the owner, or assignee, of the loan. To date, you have failed to respond to multiple prior requests for the identity and address of the owner, or assignee, of the note and the mortgage, both which comprise the 'loan'.

In light of the current scandal involving GMAC mortgage loans, receipt of bailout funds by GMAC, and contradictory information in the current public records, to protect himself and his family, Mr. Cruz needs a complete response to the enclosed questions within ten days of your receipt of this notice along with a true copy of the servicing agreement between you, Nationstar Mortgage, and the

*EXHIBIT J1 1 of 2*



## Law Office of X.L.Cruz, PLLC

**9900 W. Sample Road, Suite 300, Coral Springs, FL 33065  Tel: 954.755.6647  Fax: 954.755.4255**

entity which hired you to service this loan  or at the very least the "portion" of the agreement that indicates your servicing rights including your rights to collect payment from Mr. David Cruz, Jr. on this note and mortgage and your obligations on disbursement of payments to repayment of the promissory note and interest to the current owner of the loan and/or the holder of the note.   If the owner of the "note" is not the entity which contracted with you, then this is notice that disclosure is demanded of the agreements between the "true" owner of the note and the entity which hired you, Nationstar Mortgage, Your response must be sent via official USPS only.

This Qualified Written Request is therefore made for the following additional information:

1. Once again and in accordance with Section 131(f) of the Truth-in-Lending Act, 15 U.S.C. Section 1641(f), provide full legal name, street and mailing address, and telephone number of the true owner and holder of the promissory Note signed by David Cruz, Jr. and secured by the mortgage/deed of trust in David Cruz, Jr's mortgage loan referenced above.
2. Copies of all endorsements and assignments of the instant mortgage and note and where and when the assignment(s) –if any- were recorded.
3. Copy of the contract retaining Nationstar to service Mr. David Cruz, Jr.'s Note and Security Instrument aka Mortgage.
4. The complete assignment, sale, or transfer of loan servicing history and treatment of loan payments during the transfer period.
5. Complete and original life of loan transaction history prepared by the Servicer from your own records using your own system and default servicing personnel including information obtained in any transfer of loan servicing transactions.
6. A copy of your Key Loan Transaction history, bankruptcy work form, or XLS spreadsheet of all accounts associated with this mortgage loan (this would include both recoverable and non-recoverable and restricted and non-restricted accounts).
7. A copy of the MERS Milestone Reports and MIN Reports.
8. Copy of the deposit receipt pursuant to 12 USCA Sec 1813 that Borrower, DAVID CRUZ, JR. was to receive when the Lender deposited his promissory note as Borrower has never received this receipt/

To the extent that the Servicer of this mortgage loan charges the debtor's mortgage loan account any fees as resulting from the Servicer's response to this letter that were not disclosed to the debtor(s) and approved by debtor in writing, the debtor(s) dispute(s) any such fees and costs and specifically requests that the account be corrected.

Sincerely,

Xiomara L. Cruz
Attorney At Law

*EXHIBIT* ___JI___ 2 of 2

2 of 2
dc



September 12, 2011

_Via Certified Mail 7011 1150 0000 5864 0896_

Law Office of X.L. Cruz, PLLC.
Attn: Xiomara L. Cruz
9900 W. Sample Road, Suite 300
Coral Springs, FL 33065

Re: Loan – ▮▮▮▮4548
    Borrower: David Cruz
    Property: 4672 NW57th Ave, Coral Springs, FL 33067

Dear Xiomara L. Cruz,

This letter is being sent in response to your qualified written request for information dated July 15, 2011. Nationstar cannot attest to the practices of the loan originator, however, in an effort to provide useful responses, we are providing the origination documents that have been requested and are in our possession. However, any origination disputes should be directed to the loan originator, GMAC.

As stated in previous resolutions, most of the items you requested in your letter are proprietary information and/or exceed the scope of information that must be provided under 12 U.S.C. §2605 (i) (3).

The above mentioned loan and related documents have been reviewed and they are found to comply with all state and federal guidelines that regulate them, and we respectfully refute all allegations mentioned in your letter. As such, the debt, in the form of a mortgage loan, may be due accordingly and the above mentioned loan account will continue to be serviced appropriate to its status.

Regarding your request for a full legal name, street, and mailing address, and telephone number of the true owner and holder of the promissory Note signed by David Cruz, Jr. please see the information below.

        GMAC Mortgage, LLC dba ditech.com
        3200 Park center Dr. Suite 150
        Costa Mesa CA 92626
        Contact # 800-713-4933

Regarding your request for copies of all endorsements and assignments of the instant mortgage and note and where and when the assignment(s)-if any-were recorded, please see the enclosed MERS Milestones and MIN Summary. The loan was registered on MERS by GMAC Mortgage, LLC on June 21, 2007. The servicing rights were then transferred to Nationstar Mortgage, LLC and recorded on MERS on 12/09/2008. There are no paper assignments.

Regarding your request for a copy of the contract retaining Nationstar to service David Cruz, Jr.'s Note and Security Instrument, please see the enclosed Servicing Disclosure Statement created by GMAC Mortgage, LLC.

Regarding your request for the complete assignment, sale, or transfer of loan servicing history and treatment of loan payments during the transfer period, please refer to the MERS Milestones report and complete life of loan transaction history.

Regarding your request for a complete and original life of loan transaction history prepared by the Servicer please see the enclosed documents.

_This is an attempt to collect a debt and any information obtained will be used for that purpose._

EXHIBIT J2 pg 6 of 59





Regarding your request for a copy of our Key Loan Transaction history, bankruptcy form, or XLS spreadsheet of all accounts associated with this mortgage loan (both recoverable and non-recoverable and restricted and non-restricted accounts) please refer to the enclosed Nationstar transaction key.

Regarding your request for a copy of the MERS Milestone Reports and MIN Reports please refer to the enclosed Milestone Report and MIN Summary.

Regarding your request for a copy of the deposit receipt David Cruz was to receive when the lender deposited his promissory note, this request exceed the scope of information that must be provided under 12 U.S.C. §2605 (i) (3). Nationstar does not have a copy of the receipt on file. Again, origination disputes should be directed to the loan originator, GMAC

These documents should answer the questions on your letter within the scope of information that must be provided. In addition, you will find the answer in the payment history transaction report for any questions related to amount, dates, and descriptions, of: any fees assessed, any payments received, and any disbursements made. There are no escrow analyses to provide, as the account is not escrowed.

Furthermore, the payment history appears to be reported accurately to credit repositories. If you have documentation that substantiates that any of the information reported by Nationstar on the credit report is incorrect, please provide the detailed information for review.

We thank you for your request and hope that the information provided answers all of your questions. In the case that you should have any additional questions or need any additional information, please feel free to contact Customer Service at 1-(888)-480-2432.

Sincerely,

Amanda Smith
Customer Care Specialist
Phone – (469) 549-3015
Fax – (972) 353-6579
E-mail – Amanda./@Nationstarmail.com
Nationstar Mortgage, LLC.
350 Highland Drive
Lewisville, TX 75067

*This is an attempt to collect a debt and any information obtained will be used for that purpose.*

EXHIBIT J2 pg. 7 of 59



# MILESTONES for ▮▮▮▮▮▮▮2506-2



| Description | Date | Initiating Organization / User | Milestone Information |
|---|---|---|---|
| Transfer Seasoned Servicing Rights | 12/09/2008 | <u>1000375</u>  GMAC Mortgage, LLC<br><br>Batch | MIN Status: Active (Registered)<br>New Servicer: 1003972 Nationstar Mortgage LLC<br>Old Servicer: 1000375 GMAC Mortgage, LLC<br>Batch Number: 5906714<br>Sale Date: 11/28/2008<br>Transfer Date: 11/28/2008 |
| Transfer Beneficial Rights - Option 1 | 08/07/2007 | <u>1000130</u>  Fannie Mae<br><br>Batch User ID | MIN Status: Active (Registered)<br>New Investor: 1000130 Fannie Mae<br>Old Investor: 1000375 GMAC Mortgage, LLC<br>Batch Number: 4828483<br>Transfer Date: 08/06/2007 |
| Registration | 06/21/2007 | <u>1000375</u>  GMAC Mortgage, LLC<br>Batch | MIN Status: Active (Registered)<br>Servicer: 1000375 GMAC Mortgage, LLC |

EXHIBIT J2 pg. 9 of 59    9



## Law Office of X.L.Cruz, PLLC

**9900 W. Sample Road, Suite 300, Coral Springs, FL 33065  Tel: 954.755.6647  Fax: 954.755.4255**

November 3, 2010          VIA CERTIFIED MAIL 7009 0820 0000 1605 8794

Nationstar Mortgage
350 Highland Drive
Lewisville, Texas  75067

Re: Loan - ████4548

### THIRD QUALIFIED WRITTEN REQUEST

Mr. David Cruz, Jr., the borrower on the above referenced Note has made two prior Qualified Written Requests. Enclosed are copies of same. As of October 21, 2010 the Borrower has not yet received documents responsive to his Qualified Written Requests.  Nationstar's correspondence dated October 4, 2010 a copy of which is also attached to this Third Request fails to provide the requested for information as it provides information only as to the supposed originator and only gives transaction history back to December 2008.  The requests were explicitly written citing 15 U.S.C. 1641 requesting current ownership information of both the note and the security instrument as these two documents comprise what is commonly known as the "mortgage loan", the consumer credit transaction at issue and all transaction history commencing with closing of the loan. As the servicer to this loan, the information of current ownership of the loan and mortgage should necessarily be in your possession.

Please take notice that this is the Third "Qualified Written Request" under the Federal Servicer Act, which is a part of the Real Estate Settlement Procedures Act, 12 U.S.C. 2605(e) and for accounting and legal records.  Please be advised that this Qualified Written Request (QWR) is also made under the Real Estate Settlement Procedures Act, codified as Title 12 §2605(e)(1)(B)(e) and Regulation X §3500.21(f)(2) of the United States Code. This request is made on behalf of the above-named debtor.  In light of the current scandal involving mortgage loans and receipt of bailout funds by GMAC and to protect himself and his family, Mr. Cruz needs confirmation of who has held and currently holds his Promissory Note and his Mortgage, the Instrument securing that Promissory Note to his principal residence. Within ten days of your receipt of this notice, you are requested to provide the name, address, and phone number of the banks or investors that owns the instant note and the mortgage.  Furthermore, in light of the recent allegations of foreclosure fraud, demand is made to make available for inspection the original promissory note proving ownership over Mr. David Cruz's home loan.

In addition, due to your lack of response request on behalf of David Cruz, Jr. is made for a true copy of the servicing agreement between you, Nationstar Mortgage, and the entity which hired you to service this loan  or at the very least the "portion" of the agreement that indicates your

*EXHIBIT* __DL__ page 1 of 3



## Law Office of X.L.Cruz, PLLC

**9900 W. Sample Road, Suite 300, Coral Springs, FL 33065  Tel: 954.755.6647  Fax: 954.755.4255**

servicing rights including your rights to collect payment from Mr. David Cruz, Jr. on this note and mortgage and your obligations on disbursement of my payments to repayment of the promissory note and interest to the current owner of the loan and/or the holder of the note. If the owner of the "note" is not the entity which contracted with you, then this is notice that disclosure is demanded of the agreements between the "true" owner of the note and the entity which hired you, Nationstar Mortgage, Your response must be sent via official USPS only. Please be advised that the Dodd-Frank Act implements a 10-business day deadline to respond to a request for the identity and address of the owner, or assignee, of the loan. To date, you have failed to respond to multiple prior requests for the identity and address of the owner, or assignee, of the note and the mortgage, both which comprise the 'loan'.

The Qualified Written Request is also being made for the following additional information:

1. Copies of all endorsements and assignments of the instant mortgage and note and where and when the assignment(s) –if any- were recorded.
2. Copy of the contract retaining Nationstar to service Mr. David Cruz, Jr.'s Note and Security Instrument aka Mortgage.
3. The complete assignment, sale, or transfer of loan servicing history and treatment of loan payments during the transfer period.
4. Complete and original life of loan transaction history prepared by the Servicer from your own records using your own system and default servicing personnel including information obtained in any transfer of loan servicing transactions.
5. A copy of your Key Loan Transaction history, bankruptcy work form, or XLS spreadsheet of all accounts associated with this mortgage loan (this would include both recoverable and non-recoverable and restricted and non-restricted accounts).
6. The Transaction Codes.
7. The Code definitions in plain English.
8. Please attach a copy of the MERS Milestone Reports and MIN Reports.
9. Please identify the full name, address and telephone number of the current holder of the original promissory note including the name, address and phone number of any Trustee under the Trust or other fiduciary. This request is being made pursuant to Section 1641(f)(2) of the Truth In Lending Act, which requires the servicer to identify the holder of the debt.
10. Copies of all collection notes, collection records, communication files or any other form of recorded data with respect to any communications between you and the debtor.
11. True copies of the UCC-1 papers for the original loan.
12. Copies of all written or recorded communications between you and any non-lawyer third parties regarding this mortgage (including but not limited to LPS Desktop communiqués, NewTrak communications, NewInvoice transmittals, NewImage transmittals, electronic

*EXHIBIT* <u>DI</u> page 2 of 3



## Law Office of X.L.Cruz, PLLC

**9900 W. Sample Road, Suite 300, Coral Springs, FL 33065  Tel: 954.755.6647  Fax: 954.755.4255**

communications by email or otherwise, collection notes, and any other form of written or electronic document related to the servicing of or ownership of this loan).

13. All P-309 screen shots of the history all of the accounts (principal, interest, escrow, late charges, legal fees, property inspection fees, broker price opinion fees, statutory expense fees, miscellaneous fees, corporate advance fees, etc.) associated with this loan.

14. Once again and in accordance with Section 131(f) of the Truth-in-Lending Act, 15 U.S.C. Section 1641(f), please provide full legal name, street and mailing address, and telephone number of the true owner and holder of the promissory Note signed by David Cruz, Jr. and secured by the mortgage/deed of trust in David Cruz, Jr's mortgage loan referenced above.

15. Cop of the deposit receipt pursuant to 12 USCA Sec 1813 that David Cruz, Jr/ was to receive when the Lender deposited his promissory note. To date he has not received a receipt and immediate demand for copies of same in your records is made with this writing.

Be advised that the Dodd-Frank Act has raised the available damages for failing to respond to RESPA requests for each violation under 12 U.S.C. § 2605 to actual damages plus $2,000.

As the debtor, borrower, and contracting party on the mortgage and the note David Cruz, Jr. is legally entitled to this information and for an accounting. To the extent that the servicer of this mortgage loan charges the debtor's mortgage loan account any fees as resulting from the servicer's response to this letter that were not disclosed to the debtor(s) and approved by debtor in writing, the debtor(s) dispute(s) any such fees and costs and specifically requests that the account be corrected. If you fail to produce the above, all of which is information that is available to you through access to immediate records, Mr. Cruz will be forced to consider all options available.

Conduct yourselves accordingly.

Sincerely,

Xiomara L. Cruz
Attorney At Law

David Cruz, Jr.
Borrower, Promissor

*EXHIBIT DI page 3 of 3*



December 9, 2010

_Via Certified Mail 7010 2780 0001 7131 1034_

Law Office of X.L.Cruz, PLLC
Attn: David Cruz
9900 W. Sample Road, Suite 300
Coral Springs, FL 33065

RE:    Loan – ████4548
       Property -- 4672 NW 57th Ave Coral Springs, FL 33067

Dear Mr. Cruz,

This letter is in response to your qualified written request received on November 12, 2010. Please note that most of the items you requested in your letter are proprietary information and/or exceed the scope of information that must be provided under 12 U.S.C. §2605 (i) (3).

Please be advised that Section 6 of the Real Estate Settlement Procedures Act [12 USC §2605(e)(1)(A)] states that qualified written requests pertain to "information relating to the servicing of such loan." Origination documents are not normally provided as any origination dispute should be addressed with the originating company, not the servicer.

Please note that GMAC is the originator of the above referenced account.    All origination requests and allegations should be forwarded to their attention at the following address:

GMAC Mortgage, LLC
3451 Hammond Avenue
P.O. Box 780
Waterloo, IA 50704

Nationstar Mortgage is the current loan servicer and we will gladly assist with any servicing questions or concerns. Our address is a follows:

Nationstar Mortgage
350 Highland Drive
Lewisville, TX 75067

Enclosed you will find a payment history transaction report, a transaction code guide for the payment history, mortgage note, deed of trust, loan application, truth in lending disclosure statement, right to cancel, and Settlement Statement. These documents should answer the questions on your letter within the scope of information that must be provided.

In addition, you will find the answer in the payment history transaction report for any questions related to amount, dates, and descriptions, of: any fees assessed, any payments received, and any disbursements made.

We thank you for your request and hope that the information provided answers all of your questions. In the case that you should have any additional questions or need any additional information, please contact customer service.

Sincerely,

Lauren Atkinson
Customer Care Specialist
350 Highland Dr
Lewisville, TX 75067
Phone: 469.549.2124
Fax: 972.315.6854
Email: lauren.atkinson@nationstarmail.com

_This is an attempt to collect a debt and any information obtained will be used for that purpose._






## Law Office of X.L.Cruz, PLLC

**9900 W. Sample Road, Suite 300, Coral Springs, FL 33065  Tel: 954.755.6647  Fax: 954.755.4255**

March 1, 2011

Nationstar Mortgage
350 Highland Drive
Lewisville, Texas 75067

VIA CERTIFIED RETURN RECEIPT MAIL
7005 3110 0003 4305 8752

30 Day Notice

Re: Loan - ████ 1548

We are in receipt of Nationstar's letter of January 2011 in which you fail to respond to the Third Qualified Written Request for current ownership information under the Federal Servicer Act, part of RESPA 12 U.S.C. 2605(e) and under section 131(f) of TILA, 15 USC 1641(f). Nationstar also failed to validate its right to collect pursuant to the Fair Debt Collection Practices Act, 15 USC 1692g Sec. 809 (b) as its claim for $102.00 is disputed as is its right to collect David Cruz's mortgage payment. It also failed to provide an accounting from inception of the loan, June 8, 2007, to the present.

Despite Nationstar's assertion that the information for current ownership information of the loan is proprietary, that assertion is not founded in law. Under 6(k)(1)(D) to RESPA: a servicer "shall not fail to respond within 10 business days to a request by the borrower to provide the identity, address, and other relevant information about the owner or assignee of a home mortgage loan". Your disclosure of the originator does not satisfy this legal requirement unless you also contend that the originator is the owner or assignee of the home mortgage and the promissory note. However, you made no such assertion. You have failed to provide the information on three separate requests.

This is formal 30 day notice demanding you cure your failure to provide information as requested under Federal law. Demand is made under all applicable laws as stated above and the three prior requests for the following information:

- *Provide the complete name and address of the entity(ties) that currently hold and possess the Promissory Note.*

- *Provide a copy of the front and back of all pages of that Note.*

- *Provide copies of all Endorsements of that Note.*

- *Provide a copy of all Allonges to that Note.*

- *Provide a copy of all Assignments of the mortgage or deed of trust securing this Note.*

- *Provide an accounting of escrow sums including payees, description of service for which payment was made, the amount paid, and the date upon which it was paid.*

- *Provide a copy of the servicing agreement under which you were hired to service this loan and which affirms your rights to collect payment from Mr. David Cruz on the debt.*

- *Provide verification of the debt, that is verification of transfer of loan servicing to Nationstar and an accounting of transfer of funds during the transfer period,*

As before, this is a request that you have no contact with Mr. David Cruz directly. All future communications must be with this office and MUST be done in writing and sent to the address noted in this letter by USPS.

Best Regards,

Xiomara L. Cruz
Attorney at Law

EXHIBIT  E