**<u>Exhibit 1</u>**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

|  |  |  |
|---|---|---|
| In re: | ) ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) ) | Chapter 11 |
| Debtors. | ) ) ) | Jointly Administered |

**ORDER GRANTING RESCAP LIQUIDATING TRUST'S**
**OBJECTION TO PROOFS OF CLAIM NOS. 5275 AND 7464**
**FILED BY THE LAW OFFICES OF DAVID J. STERN, P.A.**

Upon the objection (the "Objection")[1] of The ResCap Liquidating Trust (the "Liquidating Trust"), as successor to Residential Capital, LLC and its affiliated debtors (collectively, the "Debtors"), seeking entry of an order, pursuant to section 502(b) of the Bankruptcy Code and Bankruptcy Rule 3007, disallowing and expunging the Stern Claims (Claim Nos. 5275 and 7464) against GMACM, all as more fully described in the Objection; and the Court having jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Objection and the Declarations of David Cunningham and John W. Smith T, annexed to the Objection as Exhibit 2-A and Exhibit 2-B, respectively; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Debtors, their estates, creditors, and other parties in interest, and that the legal and factual

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Objection.

bases set forth in the Objection establish just cause for the relief granted herein; and responses to the Objection, if any, having been resolved, withdrawn or otherwise overruled by this Order; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Stern Claims are disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the notice and claims agent in these Chapter 11 Cases, is directed to disallow and expunge the Stern Claims so that such claims are no longer reflected on the claims register maintained in the Chapter 11 Cases; and it is further

ORDERED that entry of this Order is without prejudice to the Liquidating Trust's right to object to any other claims in these Chapter 11 Cases; and it is further

ORDERED that the Liquidating Trust and the Debtors are authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, is deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that the terms and conditions of this Order shall be immediately effective and enforceable upon its entry; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: _____, 2015
       New York, New York

                                            THE HONORABLE MARTIN GLENN
                                            UNITED STATES BANKRUPTCY JUDGE