**<u>Exhibit B</u>**

# Law Offices of David J. Stern, P.A.

900 South Pine Island Road, Suite 400

Plantation, Florida 33324-3920

David J. Stern
Managing Partner

Primary Phone (954)233-8000

Auto Attendant (954)233-8400

Primary/Foreclosure Fax (954)233-8333

Internet E-Mail dstern@dstern.com

September 27, 2010

Joseph A. Pensabene

Executive Vice President

Chief Servicing Officer

1100 Virginia Drive

Fort Washington, PA 19034

joe.pensabene@gmacrescap.com

    Re:  GMAC/Ally Affidavits in Support of Summary Judgment - Corrective Work on Current GMAC Foreclosure Files in the State of Florida

Dear Joe,

Thank you for taking the time to meet with me on Friday and discussing our continued partnership and on moving forward to correct the foreclosure files our office currently has that may have a potentially defective affidavit. As you are aware, we have been in constant and close communication with our ethics counsel. After analyzing and reconciling the general Florida Bar opinion he received with the black letter law of the Rules of Professional Responsibility regulating members of the Florida Bar and taking into account other legal considerations, including protecting GMAC's interests, we are pleased to provide you with our plan of action.

It was further discussed during our meeting that GMAC has agreed to continue to send to my firm normal referral volumes across the board once all the corrective pleadings in the pending cases are filed. We further spoke about billing these files on a spreadsheet sent directly to your business group. To keep things simple, we are proposing flat fee billing for each bucket or stage the foreclosure case is at. I believe this will be the most efficient way to manage the number of files that need curative work. My firm will provide GMAC with spreadsheets containing files separated into different buckets. Should the case not be resolved as proposed and become contested, we will request additional fee approval for the litigation at $180 per hour. The proposed flat fees do not include any costs that my firm may incur - such as retrieving files from

storage, documents from the court file, post judgment filing fees and publication fees to name a few. These fees are not all inclusive.

The following are the proposed buckets, the work needed to be done in each bucket and the suggested flat fee for that group of cases.

1) <u>Judgment motion filed but no hearing pending</u> - Flat Fee $500

- a notice will be prepared and filed with the court in each case;

- thereafter or simultaneously where feasible, a properly verified amended affidavit containing current judgment figures will be filed with the court before proceeding with hearing on the motion for summary judgment.

- a hearing will be set or requested at the time the amended affidavit is filed.

(2) <u>Judgment motion filed with hearing pending</u> -   Flat Fee $750

- a notice will be prepared and filed with the court in each case;

- thereafter or simultaneously where feasible, a properly verified amended affidavit containing current judgment figures will be filed with the court before proceeding with hearing on the motion;

- if the amended affidavits are not able to be produced and verified in sufficient time for filing with the court at least 25 days prior to hearings currently scheduled on the pending motions, we will cancel the hearings at issue.

- many counties are requiring that motions be filed to cancel summary judgment hearings setting forth the reason for the cancellation.

- the hearing will be re-scheduled upon receipt of the properly verified amended affidavit.

(3) <u>Judgment entered based on affected affidavit and sale pending-</u>   Flat Fee $1,000

We cannot allow the court to proceed with a pending judicial sale where we are on notice of a potential defect in the summary judgment evidence presented to the court upon which it relied in granting the judgment.

- we must file a motion with the court which reveals the defect in the affidavit, attach a properly verified supplemental affidavit that confirms the accuracy of the previously filed affidavit (mirrors the affidavit the court relied on in entering judgment) and seek as a suggested remedial measure, that the court ratify the summary final judgment nunc pro tunc to the original date of entry.

- where time constraints necessitate more expedient notice to the court because the supplemental affidavit review and execution are delayed, we will file a similar notice to the pre-judgment matters advising the court that a supplemental affidavit and motion will be forthcoming.

- a motion to cancel the sale will be drafted and may need to be set for hearing depending on the county where same is being filed.

- the motions seeking ratification of the judgment will require a hearing with notice to all parties. The purpose of the motion is to make certain the matter is properly before the court to propose a remedial measure to the court that is in the best interest of GMAC and its investors. The actual result or remedial measure will ultimately be at the discretion of the court.

**(4) Judgment entered based on affected affidavit and sale held** - Flat Fee $1,200

The same action as bucket 3 as we cannot allow further action to be taken in a matter where we are on notice of the issues stated herein. Thus, no pending evictions, REO sales, HUD or VA conveyances affected by this issue can move forward until the action in bucket 3 is taken.

- we must file a motion with the court which reveals the defect in the affidavit, attach a properly verified supplemental affidavit that confirms the accuracy of the previously filed affidavit (mirrors the affidavit the court relied on in entering judgment) and seek as a suggested remedial measure, that the court ratify the summary final judgment, sale and certificate of title nunc pro tunc to the original date of entry.

- the motions seeking ratification of the judgment, sale and CT will require a hearing with notice to all parties. The purpose of the motion is to make certain the matter is properly before the court to propose a remedial measure to the court that is in the best interest of GMAC and its investors. The actual result or remedial measure will ultimately be at the discretion of the court.

- motions will be filed in instances where the property reverted back to the Plaintiff and where the property went to a third party bidder.

- in evictions cases we will need to cancel lockouts and bill the file.

- GSE REO files have been placed on hold until the curative action has been taken. We have approximately 300 GMAC non-GSE files that have been transferred out, there has not been a commitment to return the files to our firm. Unless otherwise advised, we will bill the files for work performed to date. Please note that these files will need the curative work set forth above which we will undertake and bill regardless of whether they are returned to our office or not..

- we need instructions as to how GMAC would like us to handle the VA - FHA reconveyances.

Note that under Florida Rule of Civil Procedure 1.540 a motion for relief from judgment may be brought not more than one year after the entry of the final judgment. However, this rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment for fraud upon the court. Therefore, we recommend that the curative action should encompass the entire period during which affected affidavits were identified by GMAC to have existed and been used in support of summary judgment motions.

Please confirm the dates in question. Based on information received from GMAC it is our understanding that the potentially defective affidavits stem back to June 1, 2008 and that the verification process was rectified the week of July 6, 2010 with no date certain within that week stated, thus, the following Monday, July 12, 2010, was used as a benchmark to err on the side of caution.

Please do not hesitate to contact me should you have any questions or concerns about our proposed course of action. If this letter contains anything that does not reflect your understanding of our meeting kindly let me know immediately. After review, please confirm in writing that the suggested course of action and billing schedule set forth above are agreed to and approved by GMAC.

Cordially,

David J. Stern