**<u>Exhibit D</u>**

## ESCROW AGREEMENT

This Escrow Agreement is executed this 5TH day of November, 2010, by **Bradley Arant Boult Cummings LLP** (the "Escrow Agent"), **Law Offices of David J. Stern, P.A.** (the "Stern Firm") and **GMAC Mortgage, LLC** ("GMACM").

### Recitals

A. GMACM has agreed to place into escrow with the Escrow Agent, and the Stern Firm has agreed to the appointment of such Escrow Agent, by deposit into the trust account of Escrow Agent the sum of Three Million and No/100s Dollars ($3,000,000.00) (the "Attorney Fee & Expense Funds"), for the purpose of holding funds available until certain disputes over attorneys fees and expenses are resolved (the "Agreement").

B. Under the terms of the Agreement, the Escrow Agent is to hold the Attorney Fee & Expense Funds (as defined herein), subject to the terms of this Escrow Agreement.

### Agreement

NOW, THEREFORE, in consideration of the Recitals, the parties agree as follows:

(1) The Escrow Agent acknowledges receipt of a wire transfer of the Attorney Fee & Expense Funds.

(2) The Attorney Fee & Expense Funds shall be deposited by GMACM in a deposit trust account at RegionsBank, 1900 5th Avenue North, Birmingham, Alabama 35203, ABA 062005690, Account 0049604686, Name: Bradley Arant Boult Cummings LLP Attorney Trust Account, and the proceeds held and disbursed in accordance with the terms of the Agreement. Upon receipt and approval of any written agreement executed and notarized by both parties between Stern Firm and GMACM and/or any Court Order from a Court of competent jurisdiction, after appeals have been exhausted, Escrow Agent shall remit the Attorney Fee & Expense Funds in accordance with any agreement or Court Order. Either GMACM or Stern Firm may exercise its right to file suit as to the Attorney Fee & Expense Funds at any time pursuant to applicable limitations periods.

(3) In the event of any dispute or doubt as to the genuineness of any document or signature, or uncertainty as to Escrow Agent's duties, then Escrow Agent shall have the right either to continue to hold the Attorney Fee & Expense Funds in escrow or to pay the Attorney Fee & Expense Funds into court pursuant to relevant statute or rule of court.

(4) The parties agree jointly to defend (by attorneys selected by Escrow Agent), indemnify and hold harmless Escrow Agent against and from any claim, judgment, loss, liability, cost or expense resulting from any dispute or litigation arising out of or concerning Escrow Agent's duties or services hereunder. This indemnity includes, without limitation, disbursements and reasonable attorneys' fees either paid to retain attorneys or representing the fair value of legal services rendered by Escrow Agent to itself.

(5) Escrow Agent shall not be liable for any error in judgment or for any act done or step taken or omitted in good faith, or for any mistake of fact or law, except for Escrow Agent's own gross negligence or willful misconduct. Stern Firm and GMACM acknowledge and agree that (a) the amount of the Attorney Fee & Expense Funds may exceed the amount of FDIC insurance coverage applicable to the Attorney Fee & Expense Funds in the deposit account in which the

1/2102489.1

Attorney Fee & Expense Funds is deposited, (b) the Escrow Agent has deposited the Attorney Fee & Expense Funds in the deposit account at the direction of Stern Firm and GMACM and has not exercised (and does not have) investment discretion over the Attorney Fee & Expense Funds, and (c) the Escrow Agent shall have no liability to Stern Firm, GMACM, or any other person or entity in the event of any diminution in value of, or failure of the bank in which the Attorney Fee & Expense Funds is deposited to pay, any deposit account in which the Attorney Fee & Expense Funds or any part thereof is deposited at any time.

(6)    The parties acknowledge that Escrow Agent is merely a stakeholder. Upon payment of the Attorney Fee & Expense Funds pursuant to Paragraph 2 hereof, Escrow Agent shall be fully released from all liability and obligations with respect to the Attorney Fee & Expense Funds.

(7)    It is acknowledged that Escrow Agent is not the attorney for Stern Firm.

(8)    Escrow Agent shall serve without compensation.

(9)    The signing of this Escrow Agreement by Escrow Agent is only to evidence Escrow Agent's acceptance of the terms and conditions of Paragraph 2 of the Agreement.

IN WITNESS WHEREOF, the undersigned have executed this Escrow Agreement as of the date first set forth above.

**BRADLEY ARANT BOULT CUMMINGS LLP**

By _[signature]_
Its Partner

**GMAC Mortgage, LLC**

By _[signature] Joseph Pensler_
Its ~~Vice President~~ EVP

**DAVID J. STERN, P.A.**

By _[signature]_
Its PRES

1/2102489.1