## Exhibit G

# *GMAC*
# ATTORNEY EXPECTATION DOCUMENT

Firms shall utilize Process Management to update all files via intercoms, issues, and holds.  Firms will utilize Document Management to retrieve and return documents.  Firms will utilize Invoice Management to invoice their fees and costs for foreclosure and bankruptcy actions.  An overview of the general processes and procedures are outlined below.  If you have additional questions, please direct them to your GMAC contact.

## PROCESS MANAGEMENT, DOCUMENT MANAGEMENT AND INVOICE MANAGEMENT ............... 3

PROCESS MANAGEMENT ........................................................................................... 3
DOCUMENT MANAGEMENT ....................................................................................... 3
INVOICE MANAGEMENT ........................................................................................... 3

## GENERAL EXPECTATIONS ........................................................................................... 5

FEES .................................................................................................................... 5
ADDITIONAL FEES .................................................................................................. 5
NON-RECOVERABLE FEES AND COSTS ...................................................................... 5
PRIVACY STATEMENT .............................................................................................. 5
PRIVACY TRAINING ................................................................................................. 6
BPO'S .................................................................................................................. 6
COMMUNICATION AND CONTACTS ............................................................................. 6
DOCUMENT EXECUTION ........................................................................................... 6
FEE AND COSTS REQUESTS ...................................................................................... 6
LOSS MITIGATION .................................................................................................. 6
MISSING DOCUMENTS .............................................................................................. 6
ORIGINAL DOCUMENTS ........................................................................................... 7
DEMAND LETTER AND RE-DEMAND LETTER ................................................................ 7
REINSTATEMENTS AND PAYOFFS .............................................................................. 7
RECEIPT OF FUNDS ................................................................................................ 8
FUNDS FOR REINSTATEMENTS AND PAYOFFS, 3RD PARTY SALES AND CERTIFIED CHECKS: ..... 8
NOTIFICATION REQUIREMENTS ................................................................................. 8
SECURITIZED HOUSING ASSETS ............................................................................... 9
QUALIFIED WRITTEN REQUESTS ............................................................................... 9
OTHER SERVICES ................................................................................................... 9
SERVICE LEVELS .................................................................................................... 9

## FORECLOSURE ........................................................................................................ 11

BANKRUPTCY FILINGS DURING FORECLOSURE ............................................................ 11
BIDS .................................................................................................................... 11
FORECLOSE IN THE NAME OF ................................................................................... 11
MERS ................................................................................................................... 11
SSCRA ................................................................................................................. 11
JUDGMENT FIGURES .............................................................................................. 11
SALE POSTPONEMENT ............................................................................................ 12
JUNIOR LIENS ....................................................................................................... 12
VA APPRAISALS ..................................................................................................... 12
HUD OCCUPANCY LETTERS ...................................................................................... 12
SALES RESULTS ..................................................................................................... 12
VA POST SALE REQUIREMENTS ................................................................................ 13
MOBILE/MANUFACTURED HOMES ............................................................................. 13
TAX ISSUES ........................................................................................................... 13
TITLE ORDERS ....................................................................................................... 13
TITLE AND LITIGATED/CONTESTED MATTERS .............................................................. 13

POST SALE INSTRUCTIONS.................................................................................................14

BANKRUPTCY....................................................................................................................15
PROOF OF CLAIM AND PLAN REVIEW....................................................................................15
PLAN OBJECTION GUIDELINES.............................................................................................16
MOTIONS FOR RELIEF.......................................................................................................17
RELIEF ORDERS...............................................................................................................17
AGREED ORDER DEFAULT...................................................................................................17
CONSENT ORDERS/AGREED ORDERS/STIPULATIONS ................................................................18
MOTIONS TO DEEM CURRENT.............................................................................................19
MOTIONS TO EXTEND OR IMPOSE STAY.................................................................................19
MOTIONS TO VACATE RELIEF..............................................................................................19
MOTIONS TO VALIDATE.....................................................................................................19
MULTIPLE FILINGS...........................................................................................................19
PAYMENT NOTIFICATION REQUESTS......................................................................................20
REAFFIRMATIONS ............................................................................................................20
BANKRUPTCY LITIGATION...................................................................................................20
BANKRUPTCY LOSS MITIGATION ..........................................................................................20
AGREED ORDER GUIDELINES ..............................................................................................17
EXHIBIT 1......................................................................................................................22
EXHIBIT 2......................................................................................................................23

# Process Management, Document Management and Invoice Management

**Process Management**
Your firm is required to update all files via Process Management.

**Document Management**
All referral cover sheets will be delivered via Document Management. Referrals received from GMAC will have documents attached to the referral via Document Management. All return foreclosure or bankruptcy documents must be browsed into Document Management. If you do not receive the loan documents within 7 days, please obtain copies at a cost not to exceed $50.00. If a lost note affidavit can be utilized please raise an issue and image one for execution. Please ensure you provide the cost for the affidavit, and indicate clearly if any delay will result in the utilization of the lost note affidavit. Additional costs require prior approval

**Invoice Management**
All invoicing will be processed in Invoice Management. DO NOT submit your invoices directly to GMAC. ***All invoices must be submitted within the timelines below:***
  Bankruptcy Invoices – 5 days of Bankruptcy resolution (dismissal, discharge or relief)
  Foreclosure Invoices – 15 days of Foreclosure acquisition (FCL sale, end of redemption, ratification or confirmation)
  This supersedes all other instructions received for invoice submission.
In Pennsylvania, the attorney timeline will be extended to 45 days for the sheriff cost invoice, which would include the sheriff's cost and the deed recording cost for all FNMA loans and all investors who follow the FNMA guidelines. For FHLMC loans, all sheriff's cost invoices submitted greater than 30 days must have the 104DC submitted and have FHLMC approval for late submission attached to the invoice. The 15 day timeline will still be in effect for the final attorney invoice that will include all other attorney fees and costs associated with the sale of the property.

If a bankruptcy is filed on the subject property or if the loan is put on hold due to loss mitigation, the attorney must submit all outstanding foreclosure and/or eviction invoices up through the bankruptcy filing date or loss mitigation hold date within 5 business days after learning of the bankruptcy filing or the loss mitigation hold. All adjusted and rejected invoices must be reviewed and responded to within five (5) business days.

GMAC wants to remind counsel that we encourage counsel to interim bill at the end of each critical stage for all fees or costs that have reasonable been incurred to date. We allow interim billing to assist with the tight timeframes we have for final invoicing. For example, the POC filing may be billed once the POC is filed with the Court and MFR invoicing should be submitted once the hearing has been held. In order to ensure a bankruptcy loan is properly closed out we must have all invoices paid and reviewed for recoverability before closing the loan out of bankruptcy. Foreclosure must ensure final invoices are paid as the investors have very tight claims deadlines. When the foreclosure process is stopped, interim billing occurs or the file is placed on "Hold" at any time during the foreclosure process, the attorney is allowed to invoice a certain percentage of the allowable fee depending on the last process completed, based on the Graduated fee Schedule (below).

**GRADUATED FEE SCHEDULE FOR NON-JUDICIAL FORECLOSURES**

| Event | | Modified ResCap Allowable Fee |
|---|---|---|
| A. | File received by Firm | 25% of the fee |
| B. | 1st Action Complete | 50% of the fee |
| C. | Sale Scheduled | 100% of the fee |

**GRADUATED FEE SCHEDULE FOR JUDICIAL FORECLOSURES**

| Event | | Modified ResCap Allowable Fee |
|---|---|---|
| A. | File received by Firm | 25% of the fee |

| B. | 1st Action Complete | 50% of the fee |
|---|---|---|
| C. | Service Complete | 75% of the fee |
| D. | Sale Scheduled | 100% of the fee |

**All items deemed non recoverable must be itemized as such within Invoice Management and the appropriate issue must be immediately raised in Process Management**

**If you do not invoice your file timely, GMAC reserves the right to decline the payment of the invoice.** You may not charge for "soft costs" such as postage (including overnight mail), copies (non-certified), long distance (unless part of pre-approved litigation fees), bankruptcy service costs, faxes or PACER.

For litigated matters where GMAC's Legal Department is the point of contact and the attorney has signed an engagement letter from GMAC Legal, the attorney must submit invoices for litigation fees and costs to GMAC Legal Department in accordance with the terms in the engagement letter. Invoices for standard foreclosure or bankruptcy fees and costs must be billed separately via Invoice Management.

# General Expectations

**Fees**

Counsel will bill GMAC in accordance with investor/insurer (FNMA, FHLMC, HUD, VA, RFC, etc.) allowable and normal industry claimable items that are mutually agreed upon by all parties. Private label serviced loans and Private Investor loans must comply with the Fannie Mae fee schedule. All billing must be prorated to reasonably relate to the work actually performed and the allowable fee should not be billed unless the action being billed has been completed. All actions requiring additional fees must be approved by GMAC Mortgage/Investor prior to the action commencing unless the action is required to urgently protect the client's interest. Those items determined non recoverable by state or federal statue will be taken as a cost of doing business to GMAC.

Any charges that are over the allowable amount of the investor reimbursement, and do not have GMAC/investor approval, will be a bill back to Counsel. Reimbursement of such bill back amounts shall be sent to GMAC within 10 days of demand. GMAC reminds Counsel that fees charged to borrowers must be permitted under the terms of the note, security instrument, and applicable laws and be prorated to reasonably relate to the amount of work actually performed. If Counsel determines that fees are non-recoverable please ensure the appropriate issue in Process Management is opened at the time of bill submission.

For chapter 13 bankruptcy matters attorneys are expected to adhere to the investor allowable fee schedules. All applications for fees should be filed with the Court when deemed necessary by jurisdiction and local rules. Counsel must ensure the filing is appropriate under the circumstances and obtain attorney fee approval if there is a fee related to the filing.

Processing Errors - Counsel will be responsible for any and all costs incurred by GMAC resulting from processing errors or omissions from Counsel performing the services. If GMAC suffers a hard cost loss, GMAC will request reimbursement and said reimbursement will be delivered to GMAC within 10 business days of request.

**Additional Fees**

All actions requiring additional fees must be approved by GMAC Mortgage/ Investor prior to the action commencing, unless the action is required to urgently protect the client's interest. Firms are to open the "Additional Fees-BK", "Additional Fees-FC" or "Additional Fees-Contested" Issue in Process Management providing specific detail regarding the required action and the fee breakdown (e.g. 1 hour to prepare motion, 1 hour to research case law, 2 hours for attendance of hearing, etc.). Firms are allowed to bill up to a rate of $180.00 per hour. Additional fees are not to be requested should an action be necessary as a direct result of an error made by the firm or the firms associate.

**Non-Recoverable Fees and Costs**

If any fees and/or costs have been determined by counsel or by the Court to be uncollectible from the debtor, you must provide immediate notification to GMAC. *The notification should provide specific details of (1) the amount of fees and costs that are not recoverable, (2) the reason the fees and costs cannot be recovered (i.e., inappropriate charges, court order, etc), and (3) whether any portion or all of the fees and costs would be recoverable from the debtor should the Bankruptcy matter be dismissed or if GMAC obtains relief from stay.* GMAC will move all uncollectible amounts from the recoverable bucket so they do not show as a collectible item on the account during the Bankruptcy matter. Please ensure you utilize the issues in Process Management entitled "BK Non Recoverable Fees" and "FC Non Recoverable Fees". Please image all supporting documentation into Process Management.

**Privacy Statement**

Counsel affirms its commitment to treat any and all information pertaining to the borrowers, including but not limited to their name, address, phone number, loan number, principal balance, monthly payments, default status, employment information or any other information provided to it under this engagement as non-public, confidential and private information, and comply with all applicable laws pertaining thereto. Counsel will not use such information for any purpose other than the specific business purpose for which it is furnished to Counsel. Information will be released to third parties, independent agents, or independent sub-contractors, only to the extent necessary for the performance of the services requested hereunder. Counsel will monitor the handling of documents, data and reports to assure they remain secure and safeguarded against anticipated threats or hazards to the security of such information. Counsel is required to install hard drive and email encryption on machines/computing equipment which will be used to fulfill GMAC contractual obligations.

**Privacy Training**
During the term of this Statement of work and annually, Counsel will be responsible for Privacy training each year beginning 2010. Completion of the privacy training must be done annually and acknowledgement form (Exhibit 1) returned to Linda Walton, Relationship Manager, linda.walton@gmacm.com   or Will Watson, Vendor Management Team Lead, William.watson@gmacm.com by October 31st of each year. Non compliance will be considered a breach in security and could result in termination.

**BPO's**
GMAC will order BPO's as per their internal procedures. If a BPO is missing or needs to be updated, firms should open the "Appraisal/BPO Needed" Issue or Hold in Process Management.

**Communication and Contacts**
Firms should utilize Process Management intercoms, Issues or Holds for all communication. The reprojection process in Process Management is not to be used for requesting additional information from GMAC. Any requests for additional information from GMAC must be submitted through the Issues or Holds process. It is GMAC's expectation that telephone calls will be returned, correspondence will be answered and requests for specific information will be responded to within 24 hours of receipt. You should expect the same from the GMAC Processor. If you do not receive a timely response, please send a second request, and escalate to the appropriate senior or team lead. Firms are responsible for updating their scheduled steps through Process Management daily.

**Document Execution**
The Signature Required Module is to be used for all documents which require execution. Please ensure all documents uploaded for signature are **accurate** and necessary. If you are experiencing delays in receiving executed documents please send an intercom to the appropriate team player and, if necessary, elevate per the team matrix. Do not open multiple issues for the same document.

**Fee and Costs Requests**
All fees and costs requests will come through Process Management via the fees and costs module, and are to be responded to within 4 hours. GMAC is requiring firms to identify the itemized fee or cost as either recoverable or non-recoverable from the mortgagor in the description field within the Fees and Costs Module. In addition, the attorney is responsible for obtaining and documenting outstanding fees and costs from their downstream counsel, if applicable.

**Loss Mitigation**
Calls from mortgagors for loan workouts while in Foreclosure must be referred to GMAC's loss mitigation department at (800) 850-4622.

GMAC has a dedicated loss mitigation team for loans that are active in bankruptcy. Below are the email addresses to utilize to contact GMAC's bankruptcy loss mitigation department:
BK_LM_Escalated@gmacm.com        For all escalated bankruptcy loss mitigation requiring immediate attention.
BK_LM_New_Referrals@gmacm.com        For all new loss mitigation referrals on active bankruptcy accounts.
Legal_LM_New_Referrals@gmacm.com    For all new contested or litigated matters requiring loss mitigation to resolve the proceedings.

**Missing Documents**
If you determine that necessary documents are missing from the referral file, you must review the systems you have access to determine if the documents can first be obtained. For all other document requests you must open the applicable Issue in Process Management specific to the document(s) missing and complete the comment box. GMAC will review the Issue, obtain the documents, if available, and upload the required documents into Document Management. Assignments out of the name of MERS are not billable and are included in the investor allowable fee.

**Original Documents**

Where required, original documents will be mailed directly from GMAC to your office.  It is GMAC's expectation that <u>original legal documentation</u> (including Note/LNA, recorded Mortgage, Assignment, Title Policy) used in proceedings should be returned immediately upon foreclosure reinstatement/completion. The original legal documents are required in order to meet securitization and investor requirements.

Return all GMAC original documents to the following address:

        GMAC c/o ACS, Inc.
        9401 James Avenue South, Suite 140
        Minneapolis, MN  55431
        ATTN:  Trailing Mail

**Demand Letter and Re-demand Letter**

If a copy of an ACT/Demand Letter is needed, firms should first request the document by opening the applicable issue.  If the breach letter is not found, then firms should open the Hold or Issue in Process Management for "Copy of ACT/Demand Letter". You are required to ensure all applicable acceleration letters, notices of default requirements, demand letters, etc. were performed and are within state regulations.  If new notices are required and not received within 7 days, please prepare notices that fully comply with all state requirements and comply with the loan documents.  A fee of up to $50.00 is approved to prepare the notice. If more than $50.00, an additional fee request must be made.  The fee may not exceed $100.00.  Also, please ensure that when you review title, notices have been provided to all required parties.

When a file comes off a bankruptcy or forbearance hold, the firm must determine whether the account needs to be re-demanded. If a new Demand is required, the firm will raise the "ACT (PA) Letter/Demand Letter/NOI Expiration" Hold in Process Management.  GMAC expects firms to send a new demand and set the hold to expire on the demand expiration date.  The firm will receive notification that the "ACT (PA) Letter/Demand Letter/NOI Expiration" Hold in Process Management ended and will proceed with foreclosure.

**Reinstatements and Payoffs**

Reinstatement and payoff requests received from a borrower or borrower's representative should be requested by the firm opening the appropriate Issue in Process Management.  **All reinstatement/payoff quotes must be sent through GMAC counsel and supplied on Counsel's letterhead.**  Firms must include outstanding Foreclosure and Bankruptcy fees and costs describing each as recoverable or non-recoverable from the mortgagor, (including fees and costs from their downstream counsel, if applicable) and a good through date. For payoffs, the Issue must include a fax# to which the statement can be sent.  GMAC will send the quote back to the attorney for distribution to the requesting party.  There may be instances where a borrower contacts GMAC directly for a reinstatement or payoff quote.  In these cases GMAC will send the quote back to the attorney's office with direction to add fees and costs to the quote.  It will be the responsibility of the applicable law firm to send these quotes directly to the borrower on firm letterhead.  Firms are required to review all quotes prior to communicating figures to the borrower or borrower's representative to ensure recoverability follows all applicable statutory guidelines. Review the reinstatement quote for accuracy and compliance with the laws of your state and pursuant to the note and mortgage.  GMAC relies on Counsel to ensure that all figures comply with local and federal bankruptcy requirements, statutory requirements, state laws, local rules, note and mortgage terms, etc.   Amounts that cannot be recovered must be communicated back to GMAC in Process Management and must not be included in the final quote that is sent to the borrower. Once the figures have been provided to the debtor, a copy of the final quote is to be uploaded into Document Management.

**Receipt of Funds**

When funds are sent to GMAC for posting, firms should raise an "Awaiting Funds to Post" Hold in Process Management for files in foreclosure, and the "BK Awaiting Funds to Post" hold in Process Management for files in bankruptcy, stating that the funds have been forwarded to GMAC. Firms must document in Process Management a breakdown of all funds received. Firms must remit all funds and are not permitted to retain their fees and costs on payoffs, reinstatements or 3rd party sales. Firms must wire all payoff, reinstatement, redemption and 3rd party funds in accordance with the below instructions. If a check is received that is payable to GMAC, forward to:

> Attn: Payment Processing
> GMAC Mortgage, LLC
> 3451 Hammond Ave
> Waterloo, IA 50702

**Funds for Reinstatements and Payoffs, 3rd Party Sales and Certified Checks:**
- **Wiring Instructions**
  - Payoffs / 3rd party / redemption / reinstatements & attorney refunds:
    - ABA information: Wire – 021000021, New York, NY
    - Bank Account: 699282885
    - Bank Name: JPMorgan Chase
    - Beneficiary: GMAC Mortgage
    - Additional credit information: Include GMAC Mortgage account number
    - Send an excel spreadsheet with a breakdown of funds to: paymentwires@acsgs.com

**Notification Requirements**

Your firm must notify us via Process Management of the following events as they occur:
1. Date First action sent (i.e. Notice to quit, demand letter, etc.)
2. Date First legal action completed (i.e. summons and complaint, complaint and ejectment, show cause order, etc.)
3. Date Service complete (in those states that apply)
4. Date Judgment entered (in those states that apply)
5. Scheduled Sale Date (as soon as notified)
6. Sale results are to be reported the same day as the sale date
7. Date redemption expires, sale confirmation or ratification (in those states that apply)
8. Hearing/trial dates with results within 5 business days
9. Date Writ issued
10. Lockout date and time (i.e. date, time, sheriff information and special instructions. This will be communicated via a DDF in Process Management)
11. First time vacancies need to be reported within 24 hours of receiving the vacancy information via the Process Management Issue 'Vacant Property'.
12. Stipulation to vacate
13. Bankruptcy filings and resolutions (i.e. dismissals, discharges and relief granted)
14. Objections filed to any Bankruptcy Pleadings and any adversary or motion for sanctions.
15. Bankruptcy Hearing dates (as soon as notified)
16. Entry into an agreed order including the terms of the agreed order.
17. Contested evictions
18. Rent Control updates
19. Deed recording information - Process Management will be updated upon a deed being recorded. If your state has the ability to utilize a direct deed in some cases rather than recording a deed to GMAC, we require you notate Process Management at the time the eviction is started.
20. Any witness needed for hearings/trials as soon as notified of the hearing/trial date.

**Securitized Housing Assets**

GMAC expects that firms understand relevant securitization transactions, and related custodial practices, in sufficient detail for which they act to explain and prove those terms and the resulting ownership interests to courts and government agencies. It is expected that firms foreclosing on a property mortgaged to a securitization trust should name the securitization as "[Name], Attorney for [Servicer Name], Acting for [Name of Trustee] as Trustee of the [Name of Trust]". In no event should the firm mislead any 3rd party into believing that the Trustee directly controls the foreclosure process or any related litigation process. In addition, the Trustee should never be described as the party who "made" or is "in the business of making/securitizing loans as such descriptions inaccurately reflect the role of a securitization trustee.

**Qualified Written Requests**

If, during the course of a Foreclosure or Bankruptcy, a Firm receives a Qualified Written Request ("QWR") as defined in the Real Estate Settlement Practices Act ("RESPA"), the Firm *must immediately*: 1) place the file on hold, 2) enter the applicable hold reason code into the Process Management system, and 3) forward the QWR immediately upon receipt to the GMAC Voice of the Customer group (the "VOC") by faxing to 866-273-2413 or overnight to GMAC Mortgage, [Robinson, Sharon - IA] 3451 Hammond Ave, Waterloo IA 50702. All bankruptcy Qualified Written Requests should also be sent to the correct bankruptcy litigation team member at GMAC that can be found on the department matrix. GMAC may ask its Firms to assist in answering certain foreclosure or bankruptcy related QWR questions. Because response time is of the essence, GMAC expects that these requests receive expeditious attention. If a Firm needs additional information from GMAC, it should elevate the request by utilizing the "escalation matrix".

**Other Services**

It is the expectation of GMAC that law firms gain the best execution possible on all services contracted for by the law firm to effectuate the foreclosure and bankruptcy processes. GMAC expects the law firm to choose vendors (service of process, posting and publication, auctioneer fees, etc.) who will provide these services efficiently, expeditiously, economically and ethically. In the event that the law firm selects a vendor whose fee and cost schedules exceed the current market rate, or contain a vendor imposed surcharge, the law firm will be expected to provide GMAC and its investors with written justification as to the reasons for the imposed charges, as well as an indemnification for same. The law firm is prohibited from passing through to the borrower or to GMAC any amounts in excess of the reasonable and customary charges for these services.

**Service Levels**

The below tasks will be reviewed by GMAC and firm performance assessed on a monthly basis.
- 1. Delinquent vendor steps in Process Management. Scores will be based upon the total delinquent steps as a % of Process Management inventory.
- 2. First legal actions filed. State by state standards for timeliness of filing the first legal are attached as Exhibit 2. Scores will be based upon the % of first legals filed within the state standard.
- 3. Sales held. State by state standards for allowable days from referral to sale are attached as Exhibit 2. Scores will be based upon the % of sales held within the state standard.
- 4. POCs filed. Scores will be based upon the % of POCs filed within 30 days of the POC referral date.
- 5. MFRs filed. Scores will be based upon the % of MFRs filed within 30 days of the MFR referral date.

The scale for all performance measures will be:

| | |
|---|---|
| MEETS STANDARDS | 96% - 100% |
| NEEDS IMPROVEMENT | 90% - 95.9% |
| BREACH | <90% |

If Supplier fails to meet any of the committed service levels, upon GMAC's request, supplier will take the following actions:
- Provide GMAC with a single point of contact for the prompt resolution of all service level failures
- Promptly initiate an investigation to identify the root cause of the failure
- Notify GMAC of the plan to resolve the problem within five (5) business days
- Correct the problem or provide capability to work around the problem depending on the severity of the problem
- Advise GMAC of the status of corrective efforts being undertaken to solve the problem.

- Begin meeting the service levels, going forward, with ten (10) business days

# Foreclosure

**Bankruptcy Filings during Foreclosure**

Upon receipt of a new foreclosure referral, **and at the time of sale**, firms must run PACER to ascertain if a bankruptcy has been filed. If a bankruptcy is filed during a foreclosure action, raise the "Bankruptcy Filed" Hold in Process Management. Firms must provide complete bankruptcy information including: **Debtor(s) name; filing date; chapter; case number; state, district and division, trustee name, debtor's attorney  name, address and phone number, and sale date, if set.** If a sale was held, indicate whether it is valid or not. A Fees and Costs Request will be opened to document these items. All firms are required to search for bankruptcy filings, filed by the primary borrower, co-borrower, or real owner, via pacer in all districts in the property state within 48 hours prior to the sale date. Firms do not have automatic proceed approval for the bankruptcy matter.

**Bids**

In accordance with GMAC guidelines, GMAC will calculate foreclosure sale bids and deliver bids to firms via Document Management. If the firm has not received the bid within 3 days of the sale, raise the "Missing Bid" Issue. GMAC will provide FHLMC Designated firms with total debt figures. FHLMC Designated firms will continue to prepare bids as per existing procedures. If a bid has not been provided within 72 hours of either the sale or the state bid deadline requirement, please raise the "Missing Bid" issue.

**Foreclose in the Name Of**

Review the referral cover letter for the Action in the Name of instructions. If upon review of the referral you cannot clearly identify who to file in the name of, open the "Action in the Name of" Issue if the attorney can proceed with the foreclosure or the "Vesting Issue" Hold if the attorney cannot proceed. It is possible that at some point during the foreclosure process that the name of the initial beneficiary may change. Any changes in beneficiary will be communicated to the attorney at the time the bidding instructions are sent to the attorney. Firms are required to ensure that all final vesting occur in the name of the final beneficiary. Please ensure that the chain of title corresponds with the name that you are foreclosing in, if there are any discrepancies contact GMAC and do not file the first legal action.

**MERS**

- For all loans referred to foreclosure in judicial states that have been assigned to MERS, GMAC will require the attorney to prepare an assignment out of MERS and into the name of GMAC Mortgage, LLC or the designated beneficiary named in the foreclosure referral. GMAC considers the cost associated with preparing the assignment to be part of the foreclosure fee and we will not pay a document preparation fee associated with preparing the assignment. We will reimburse the attorney any cost associated with recording the applicable assignment. The cost for recording the assignment should be submitted through Invoice Management as a non-recoverable advance.
- Attorneys are authorized to proceed with the foreclosure action in the name of MERS in non-judicial states. If there are any concerns with proceeding in this manner please alert GMAC.

**SSCRA**

When notification of active military duty is received, please raise the Soldiers and Sailors Relief Act Hold in Process Management. After raising the hold request, please upload all supporting documentation for review. Once GMAC reviews, we will notify your office on how to proceed.

**Judgment Figures**

A Judgment Figures form will be provided for the Judgment Figures via Document Management. The Fees & Costs Module in Process Management should be reviewed prior to completing the final figures for outstanding fees and costs due to parties other than the firm. Do not complete the figures until the most recent request through the module has been closed. All attorneys addressing outstanding Fees & Costs within the module must take into consideration outstanding dollar amounts due to their 2nd party firms. Firms are expected to adjust the figures provided as per state law. Firms are to prepare the Affidavit and return via the Signature Required process for execution.

**Sale Postponement**

Your office is not authorized to postpone a sale without authorization from GMAC.    A postponement requested must include: the next possible sale date and any additional fees and costs that would apply if the sale postponement would be approved.

**Junior Liens**

GMAC requires that firms handling a junior lien foreclosure or a senior lien monitor file provide a monthly senior lien status update in Process Management.  Firms are expected to obtain a senior lien payoff amount on behalf of GMAC at least 5 days prior to the sale and upload the payoff into Document Management.  The firm is expected to return all funds advanced for a senior sale or excess funds after the senior sale back to GMAC within 3 days of the sale being held.  If you do not return senior lien advance funds or excess funds back to GMAC timely, the firm will be charged per diem interest for the advance amount as a result of any delays.

**VA Appraisals**

- Prior to ordering the appraisal, the attorney must place a message in Process Management requesting the occupancy status and any phone numbers.

- Register on the VA's website using GMAC Mortgage's information so we can retrieve the appraisal and invoice:

- GMAC Mortgage's VA SERVICER NUMBER:  **7250160000**  PIN NUMBER:  **0000**

    1. Email address – this would be the GMAC Mortgage rep's email address (request in Process Management)
    2. Your name and phone number
    3. This would be the GMAC rep's name and number.  (request in Process Management)
    4. Enter Condo # if property is a Condo
    5. Enter the property address
    6. Enter the legal description
    7. N/A
    8. This would be GMAC Mortgage as it is used by the appraiser for mailing purposes.  GMAC Mortgage, 1100 Virginia Drive Fort Washington, Pa 19034
    9. Borrower's name – address optional – phone number if we provide it.
    10. Based on GMAC Mortgage's response to occupancy request on Process Management
    11. N/A
    12. Contact person is the borrower if property is occupied.  GMAC reps are the contact ONLY if the property is vacant.
    13. Based on GMAC's response to occupancy request in Process Management
    14. & 15. N/A
    16. Only if Vacant, then it would be GMAC rep as noted in Process Management.
    17. thru 21. N/A
    22. Only if we know it's a mobile home.
    23. GMAC's Loan Number

**HUD Occupancy Letters**

Firms will prepare and send the HUD Occupancy letters in all states.

**Sales Results**

GMAC requires that firms place all sales results in Process Management on the same day that the sale was held. There are two fields within the DDF in Process Management for completing the sale results to indicate whether the property went to a third party or was acquired.  The comment box within the DDF needs to include:  sold to, sale amount, and if applicable, the redemption/confirmation/ratification with the anticipated date to expire. Copies of any and all checks should be uploaded to Document Management.

**VA Post Sale Requirements**
You must put the following information in Document Management upon completion of the foreclosure sale:
- Deeds which need to be executed, need to be provided right after sale
- Copies of all recorded foreclosure deeds
- Copies of title policy sent to Countrywide


**Mobile/Manufactured Homes**
Mobile, manufactured and/or modular homes (collectively referred to as "MH") must be converted or prepared to be converted to real property at the time of foreclosure sale. GMAC requires the attorney to obtain the certificate(s) of title and any other state applicable documentation to the MH in order for the investor to market and sell the property. State guidelines should be used for verification.
- The MH should have been specifically and accurately described in the legal description of the security deed and/or manufactured housing rider.
- The lending institution should have been referenced as "secured party" on the motor vehicle certificate of the title to the mobile home.


**Tax Issues**
After reviewing title, if it is determined that there are delinquent taxes on the account, firms must open the Delinquent Tax Issue via Process Management and complete the comment box. Firms are to provide tax information up to and including the year(s) for which the taxes are due, amounts due for each year, a good through date, information as to whom the taxes are payable, whether the taxes must be paid prior to attending the sale, and whether the client is in jeopardy of losing the property. If any of the necessary information is not available, please indicate within the Issue comment box.


**Title Orders**
GMAC does not direct attorneys to use a specific title company for the foreclosure process except in the states of FL, GA, IL, MI, OH, NJ and PA. GMAC expects the law firm to choose a vendor who will provide the necessary title work efficiently, expeditiously, economically and ethically. In the event that the law firm selects a vendor whose fee and cost schedules exceed the current market rate, or contain a vendor imposed surcharge, the law firm will be expected to provide GMAC and its investors with written justification as to the reasons for the imposed charges, as well as an indemnification for same. The law firm is prohibited from passing through to the borrower or to GMAC any amounts in excess of the reasonable and customary charges for these services.


**Title and Litigated/Contested Matters**
After reviewing Title, if it is determined that a Title Issue exists, or during the course of the Foreclosure an issue becomes litigated, firms must open the Title or Litigation related Issue (if the action is proceeding) or Hold (if the action must be stopped) in Process Management and complete the comment box outlining specifics of the Issue. GMAC expects all firms to review title within 3 days of receiving the title and to raise all title related issues within this timeframe. Firms must also browse into Document Management any additional fee requests, title reports, copies of court documents or pleadings.

When Title or Litigation issues exist in combination with issues relating to missing documents and/or delinquent taxes, firms must open Process Management Issues for each matter. For example, if there is a Title Issue and a missing Note, but neither requires that the file be placed on Hold, the firm will open an Issue for the Title and another for the Missing Document. However, if there is a Title Issue that prevents the firm from proceeding, and there is a missing Note, the firm will place file on Hold for the Title Issue and open the Missing Document Issue.

**If the title issue can be resolved through the title claim process, Law Firms have pre-authorization to file a title claim on GMAC's behalf at a flat rate of $180 per title claim.**

**Post Sale Instructions**

- On HUD loans, Attorney shall review the Foreclosure time frame utilized beginning with the first action through the completion of the foreclosure. If conveyance of title goes directly to HUD (3rd party deed), an additional 30 days is allowed. If the allowable time frame is exceeded, Lender requires Attorney to submit a full chronology detailing all delays with the Foreclosure package. Upon foreclosure sale, Attorney shall follow up on a bi-weekly basis with county recorders office to obtain recording information and notify GMAC when information is received via Process Management or email in order to meet conveyance deadlines. Attorney shall upload a copy of the recorded deed within 24 hours of receipt. Please send notification to GMAC Post Sale dept on Government accounts; please include chronology if deed receipt exceeds 30 days. If the time frame is exceeded due to delay or error on Attorney, Lender will require Attorney to reimburse them for all curtailed interest.

- When Lender instructs Attorney to record the Warranty Deed or Deeds conveying title to HUD, Attorney shall fax a copy of the transmittal letter addressed to the recording authority to Lender the same day of issuance by 3pm eastern time.

- Lender will monitor the process of obtaining and submitting title evidence to FHA and VA. Attorney shall bring any delays in obtaining or submitting title to Lender's attention. Attorney should file any required extension of time and monitor the receipt of same. Attorney shall upload to Document Management all approved or denied extension to Lender.

- Within forty-five (45) days of the date of conveyance, title evidence must be submitted to the local FHA or **60 days** for VA office UNLESS VA GUIDELINES permit otherwise along with a statement indicating title approval should be sent to Lender. The original title evidence invoices should be forwarded directly to Lender **via Invoice Management within 48 hours of submission**, with a copy of the cover letter submitting the title package to the appropriate HUD or VA office.

- For VA loans, Attorney shall forward Warranty Deeds conveying title on the warranty deeds to the Secretary of Veterans Affairs to Lender for execution at least thirty (30) days prior to the foreclosure sale thru Process Management under Signature required module. Lender will execute the deed and return it to Attorney. Attorney is authorized to record the deed immediately after completion of the Foreclosure sale, and upload thru Document Management once recorded. If No-bid instructions are given by the VA, title must remain in beneficiary's name.

- Lender is expected to be able to convey clear and marketable title after each foreclosure sale. Attorney should make every effort to obtain clear and marketable title so delays in recording the foreclosure deeds are not experienced.

# Bankruptcy

Bankruptcy referral packages (i.e. Proof of Claim, Plan Objection, and Motion for Relief) will be transmitted to your office via Document Management.  Referrals shall be reviewed upon receipt by your office for missing documents.  Bankruptcy case status shall be confirmed by your office via PACER prior to commencing legal action.

If the file came from Foreclosure, please file the POC/MFR in the name of "GMAC Mortgage, LLC as servicer for _____" and use the name that is being used in the foreclosure.  If the file has not been in foreclosure, file the POC/MFR in the name of "GMAC Mortgage, LLC as servicer for _____" and use the investor provided.  Also, if it is not the best practice in your jurisdiction to file the matter in the name of the servicer, please notify us.

Before you file the POC/MFR, if required in your jurisdiction, please ensure that the note is endorsed over to the investor or there is an appropriate assignment chain.  On any assignments to GMAC, please use 'GMAC Mortgage, LLC' and not 'GMAC Mortgage Corporation'.  GMAC Mortgage Corporation is no longer a valid name for GMAC.  Assignments involving MERS should read – 'Mortgage Electronic Registration Systems, Inc. ("MERS")'.  If you do not have the proper documentation or assignment chain to support the POC/MFR, please contact GMAC.  If your jurisdiction or judge requires a copy of the Power of Attorney utilized to give the signor of the document authority to sign, please raise the "Copy of Power of Attorney" issue.

**Proof of Claim and Plan Review**
Proofs of claim and plan reviews will be referred as per the GMAC approved attorney matrix. All Proofs of Claim (including supplemental and amended claims) and Plan Review documents should be placed in Document Management (including any filed attachments/exhibits).  Your office shall open the "Copy of Proof of Claim" or "BK Plan Copy Needed" Issue if the Proof of Claim or Plan is needed for the current legal action and not available to counsel.

When a Chapter 13 is filed plan review will be the initial process opened in Process Management.   Counsel is to review the bankruptcy plan within 10 days to determine if a Proof of Claim is needed or necessary under the circumstances of the case.  Once the DDF for plan review is completed, if appropriate, the Proof of Claim process will be opened and a Proof of Claim referral will be sent to counsel.   During the plan review process if counsel find any unusual requirements or attempts to modify the loan, notification must immediately be made to the appropriate GMAC representative.

All Proofs of Claim must have the necessary documentation attached, including the note, mortgage and any assignments.  If your office does not have the documents needed, please raise an issue in Process Management requesting the documents.  Proofs of claim without the proper documentation should not be filed until the proper documentation is obtained.  If the file was previously in foreclosure, ensure all fees and costs relating to the foreclosure that are allowable are included in the Proof of Claim.  If your office did not handle the foreclosure action, please alert the GMAC POC processor and do not file the POC until you receive the appropriate foreclosure fees and costs.    All Proofs of Claim containing a claim for fees and costs must include a complete itemization of all amounts claimed.  If, for any reason, any fees and costs cannot be claimed in the Proof of Claim, open the "BK Non Recoverable Issue" in PM.  Also, if counsel determines that fees or costs may be inappropriate or challenged please notify the appropriate GMAC representative prior to including those fees or costs in the POC.


**All proof of claims must have a complete itemization of the secured total debt and any arrearage.   If you office needs the breakdown of any figures please open up the appropriate issue in Process Management.**

All Proofs of Claim must provide the following mailing addresses

        All payments should be sent to:

        GMAC Mortgage, LLC
        ATTN: Payment Processing
        3451 Hammond Avenue
        Waterloo, IA 50702

        All correspondence should be sent to:

        GMAC Mortgage, LLC

ATTN: Bankruptcy Department
1100 Virginia Avenue
Ft. Washington, PA 19034

It is important that all Proofs of Claim filed on GMAC files meet these requirements and are as accurate as possible.  If you do not have the necessary information, we would prefer that you delay filing the Proof of Claim, rather than file an incomplete document with the Court.  If you do not have access to the necessary information, please request a "HOLD" while the information is being obtained.  **If a bar date is approaching and you have still have not received the proper information or documentation, you must immediately intercom bankruptcy management.**  All Proofs of Claim (including supplemental and amended claims) and Plan Review documents should be placed in Document Management.

Any loan where the plan states the loan will be paid in full during the bankruptcy should be forwarded to GMAC's bankruptcy litigation team for handling.  Counsel will be expected to file a total debt payoff POC.

GMAC has provided the following parameters regarding the type of Proof of Claim to be filed for chapter 13 cases:
1.  Claims should be filed on all chapter 13 bankruptcy cases except zero balance Home Equity Line of Credit loans, energy loans and charge off loans in which there has not been a request directly from GMAC.  Also, claims should not be filed if counsel believe based on the review of the plan and jurisdictional requirements that the filing is not necessary (i.e. Surrender, current accounts, lien strips, etc.).
2.  A Principal Balance Proof of Claim should be filed in all cases where the monthly payments are current and the total arrearage, including escrow shortage, is less than $400.00.  If it is not best practice to file a Proof of claim in your jurisdiction on these loans please advise us via intercom and completion of the Plan Review DDF in process management.
3.  An Arrearage Proof of Claim should be filed in all cases where the monthly payments are delinquent and or the total amount in arrears, including escrow shortage, is $400.00 or greater.  If it is not best practice to file a Proof of claim in your jurisdiction on a loan that has intent to surrender in the plan, please advise us via intercom and completion of the Plan Review DDF in process management.
4.  In the event a Principal Balance Proof of Claim will be filed but the bar date has passed, no POC should be filed UNLESS it is not necessary to file a motion to allow a late claim.

If the borrower is surrendering their property, Counsel is to review the plan to determine if GMAC is to obtain automatic relief upon confirmation.  If so, Counsel is to notify GMAC that the loan can be closed out when the plan is confirmed.

**Plan and POC Objections**
Counsel is required to ensure the plan adequately protects GMAC. Please ensure you are considering the best interest of GMAC and if the objection relates to an amount that is less then or equal to the fee for objection this should be brought to the attention of the appropriate GMAC Bankruptcy representative.  If the loan has matured, will mature within the next 5 years, is an expired balloon or is a balloon that will expire within the next 5 years, Counsel should object to the plan.  If the loan is a line of credit with a balance, ensure that there is appropriate language for the resets which may be monthly.  Any language limiting GMAC's ability to pay future taxes or insurance should be addressed.  **If there are special requirements stated in the Plan, counsel must notify GMAC so a discussion can be had to see if GMAC can comply with the special requirements.**

**Approval is required on all Plan objections**.  GMAC has provided parameters (see Plan Objection guidelines) to follow when determining when an objection is needed.  Your firm must update the Process Management Plan Review Terms DDF field "Objection Needed?" with "yes" when appropriate.  The request will be reviewed for approval.  If approved, the Plan Objection process will be opened on Process Management.  Do not proceed with filing an objection until the Plan Objection process has been opened and the "Plan Objection Referral Received" step comes due for your firm on Process Management.

**Plan Objection Guidelines**
*Following are the provisions provided by GMAC to determine when an objection to the debtor's plan is appropriate.*
1.  Request an objection if the trustee pays per the Plan and the difference between the Plan and POC is $1000.00 or more.
2.  Request an objection if the Plan is not feasible.
3.  Request an objection if GMAC or GMAC Mortgage Beneficiary/Investor is not listed in the plan.
4.  If the loan will be paid off within the Plan (Total Debt), please notify the Bankruptcy Litigation team for direction as to whether an objection is appropriate.

5. Request an objection to a "Cram down" if the property has enough equity to be paid in full.  Notify GMAC Bankruptcy's litigation team to determine if an objection is appropriate.
6. Request an objection if delinquent taxes are not included in the Plan
7. Request an objection if GMAC's claim is in jeopardy of not being paid in full.
8. For Lien Strips, if the property has equity, notify GMAC Bankruptcy's litigation team to determine if an objection is appropriate.

If an objection is not filed and GMAC will receive less then the Proof of Claim amount, you must notify GMAC so we can update our Pre Petition arrearage amount on our internal system.

Counsel must notify GMAC of any objections to POC.  A response should not be filed if an error was made and an amendment can resolve the matter.  Please ensure you are considering the best and most economical interest of GMAC and if the objection relates to an amount that is less than or equal to the fee for objection this should be brought to the attention of the appropriate GMAC Bankruptcy Representative.


**Motions for Relief**
The motion for relief should only be filed if appropriate under the circumstances of the Bankruptcy matter you are handling.  Accordingly, it is absolutely essential that you carefully review the payment history associated with the account to ensure that the motion for relief is appropriate.  We rely on counsel to advise us of any additional requirements necessary within your jurisdiction. Counsels is responsible for ensuring that all affidavits or information provided at the hearing is accurate

Motions for Relief must be mailed for filing or electronically filed within 30 days from receipt of a complete referral package and all necessary documentation.  **If your office receives a Motion for Relief referral and has any concerns about filing the motion, you must alert GMAC immediately via intercom to the assigned representative.**  Firms should include attorney fees and costs in all Motions for Relief and Orders for Adequate Protection, if allowed by the Court.  Motion mailing and filing dates should be communicated and updated in Process Management within 24 hours of receipt of information.  ***Please DO NOT forward copies of the Motion.*** .

Counsel must ensure all hearing dates are updated in Process Management.  If a witness is required GMAC must be notified immediately upon notification.  Hearing results must be updated in Process Management within 72 hours and if appropriate the loan closed in Process Management and final invoice submitted.


**Relief Orders**
GMAC requires that firms obtain Orders Granting Relief from Stay which includes language allowing GMAC to contact the debtor to explore loss mitigation opportunities and to perform property preservation.  **Relief orders must be uploaded to Document Management upon receipt.**


**Agreed Order Default**
The Agreed Order Default process on Process Management has been modified to follow the Motion for Relief process.  Firms will complete step "Agreed Order Default Results" with the appropriate result, which will launch a corresponding sub-process – "Cured", "Not Cured, Hearing Needed", "Not Cured, Relief Granted, No Abandonment Needed", "Not Cured, Relief Granted, Abandonment Needed", or "Amended APO or Agreed Order Needed".  Utilize the sub-process to provide the hearing results and the relief order.


**Agreed Order Default**
**Following are the provisions that are required by GMAC when entering into an Agreed Order between the debtor(s) and GMAC to cure post-petition arrearages.**

1. Please confirm the debtor is not delinquent in plan payments prior to entering into an Agreed Order to ensure the proposed order is not a delay tactic.

2.    GMAC will not approve Agreed Orders if:
⇒    Debtor has filed more than two bankruptcies (or relief was granted on a Agreed Order in a prior bankruptcy);
⇒    File was referred as an "abusive" filing;
⇒    File was referred to obtain a dismissal, In Rem relief or 180 day bar.

3.    The following terms apply to all Agreed Orders:
⇒    No longer than 6 months to cure post petition default;
⇒    "Good faith" payment up front, preferably one third of post petition arrearage;
⇒    Allowed attorney fees paid;
⇒    Late charges and other servicer incurred charges included;
⇒    "Drop dead" provision with no more than 3 defaults;
⇒    "Strict compliance" on remaining post petition payments.

4.    Actual Order format should be clear, easy to decipher, and must include:
⇒    **_Arrearage amounts_** clearly identified and broken down (i.e. "the post petition arrearage consists of: attorney fees equaling $860; 3/1/97, 4/1/97 and 5/1/97 monthly payments of $500 each equaling $1,500; 3 late charges for same months of $20 each equaling $60; resulting in a total post petition arrearage of $2,420");
⇒    **_Terms of payments_** clearly laid out (i.e. "payment of $860 due no later than 6/1/97; regular monthly payment of $500 made by the 1st of each month commencing 6/1/97; an additional payment of $260 made by the 15th of each month commencing 6/15/97 and ending 11/15/97; all other post petition payments made by the 1st of the month commencing 12/1/97").

5.    Payments must be **_sent directly to GMAC Mortgage_**  ( physical address, NOT lock box or P.O. Box):
GMAC Mortgage, LLC
3451 Hammond Ave
Waterloo, IA 50702
Attn:  Payment Processing

Agreed Order terms must be communicated via Process Management within 24 hours, even if the signed order has not yet been entered.

Attorneys are to make recommendations to GMAC when it is in GMAC's best interest that an amended Adequate Protection Order be proposed.


**Consent Orders/Agreed Orders/Stipulations**
Approval is required on Conditional Orders that fall outside of the approved parameters (see Agreed Order Guidelines).  On second bankruptcy filings, include In Rem/180 day bar language upon default of the Order.  Final terms of the Agreed Order should be communicated via Process Management utilizing the agreed order DDF available, even if the signed order is pending. Terms of the agreed order should not be communicated via intercom.  Once the final terms are agreed upon and signed by all parties, a copy must be uploaded to Document Management.  If the agreed order or stipulation requires that the plan be amended or an amended Proof of Claim be filed, counsel is required to ensure that these documents are appropriately filed and upload the document through document management to GMAC.

**Bankruptcy Closings**
Counsel is to advise GMAC immediately when they become aware of discharge, dismissal or relief.   If a Chapter 7 discharge requires a closing order the loan will be coded by GMAC and monitored for the closing order, if counsel learns of the closing please notify GMAC.  Counsel must update Process management within 24 hours of notification of MFR results.  If Bankruptcy can be closed or stay terminated as to our interest in any other way such as abandonment, intent to surrender, etc. please notify GMAC.  Counsel should ensure all loans are invoiced within 5 days of the bankruptcy resolution and if any fees or costs are not recoverable from the debtor the appropriate issue is opened in Process Management.

**Motions to Sell or Motion to Employ Auctioneer**
Counsel is required to review the Motion to sell/Motion to Employ Auctioneer to ensure GMAC's interest is protected.  If GMAC's interest is not protected counsel should raise an issue for additional fees, a BK Motion to Sell issue and include a recommendation for the course of action that is most economically beneficial to GMAC.

**Motions to Deem Current**
Immediately upon notification of a motion to deem current, Counsel must open the BK Motion to Deem Current issue in PM.  All pertinent information relating to the issue and the motion must be imaged in PM.  If a response is to be filed, then an additional fee request issue should be opened in PM.  GMAC will launch the corresponding process in Process Management.  GMAC may also request that a response to an up-coming discharge be filed by referring a Motion to Deem Current to your firm.

**Motions to Extend or Impose Stay**
Firms should open either the "BK Motion to Extend" or "BK Motion to Impose" Issue if either Motion has been filed by the debtor.  Note that the "Additional Fee Request-BK" Issue must also be raised.  Attorneys are to receive approval for the additional fees prior to commencing the action.  GMAC will launch the corresponding process on Process Management.

**Motions to Vacate Relief**
If Relief has been granted, and the borrower files a Motion to Vacate Relief, the firm is to raise the appropriate issue and GMAC will initiate this process. Note that the "Additional Fee Request-BK" Issue must also be raised.  The Motion to Vacate Relief Hearing Results selections in the process are:
> Relief from Stay Upheld
> Relief Vacated - New Agreed Order Entered Into
> Relief Vacated - Agreed Order reinstated
> Relief Vacated - Loan Current
> Relief Vacated - Trustee to sell
> Relief Vacated - Debtor to sell

**Motions to Validate**
The Motion to Validate process will be initiated when your office opens the "Post Sale BK Filed" Hold advising that the foreclosure sale needs to be validated.  Firms must request fee approval for the action.  Hearing Results selections will be:
> FC Sale Invalid, BK Stay in Effect
> FC Sale Valid, Relief Granted, Abandonment Needed
> FC Sale Valid, Relief Granted, No Abandonment

Selection of either "FC Sale Valid" result will launch the related relief granted process.  Your office must complete all steps in the relief granted process.   When the "FC Sale Invalid" selection is made, your office is not required to raise an Issue or take any other action.  GMAC will monitor for this result via the "Post Sale BK Filed" hold, and have the file opened on Process Management.  GMAC will then review to refer further actions.

**Multiple Filings**
Counsel must review all new BK filings to determine if they are multiple filers or filed in bad faith and appropriately address the matter (i.e. Motion to Dismiss, In Rem Relief, Comfort Order, No Stay Order, etc.).  If the loan is a FHLMC loan follow the FHLMC guidelines for multiple filings (Section 67.8 of the Servicing Guide).  Your office shall review for abusive filings upon receipt of Bankruptcy referrals for a chapter 13 or a chapter 7.  On all third bankruptcy filings, seek In Rem relief (desired) or a dismissal with bar.  When a No Stay Order is found to be the appropriate action, the attorney firm should open the "BK No Stay Request" Issue.

**Payment Notification Requests**

If you receive notification that a payment has been made during a Motion for Relief, you should respond within 24 hours as to whether the payment should be applied, returned to the debtor or mailed to your office. Cure payments should be in the form of Money Order or Cashier's Check to GMAC Mortgage. All debtor payments and trustee funds should be sent directly to:

> GMAC Mortgage, LLC
> 3451 Hammond Ave
> Waterloo, IA 50702
> Attn: Payment Processing

**Reaffirmations**

Your office shall raise a "Reaffirmation Requested" Issue upon receipt of a Reaffirmation request from the debtor or debtor's attorney. GMAC will prepare the Reaffirmation, send to the debtor's attorney for signatures, and debtor's counsel will be responsible to file the Reaffirmation. Reaffirmation Requests should be uploaded to Document Management. **GMAC will only enter into reaffirmations for Active Chapter 7 bankruptcy filings in which the loan is contractually current and it is within the 60 day required timeframe of the original meeting of creditors.**

**Payment Change Letters**

GMAC will provide Counsel with notification of all payment changes (ARM or Escrow) and Counsel is to determine if it is necessary to file the notification with the Court. GMAC will send copies to debtor, debtor's counsel and the trustee. If the notification must be filed with the Court Counsel will be expected to follow the appropriate court procedures and file supporting documentation according to court requirements. Any fee for this service must receive additional fee approval.

**Bankruptcy Litigation**

Any motions for sanctions, adversaries, discovery requests, lien strips, cram downs, total debt plans, title issues or QWR, brought against GMAC or relating to any loan that is serviced by GMAC must be brought to GMAC's attention immediately. Please contact the appropriate bankruptcy litigation team member.

**Bankruptcy Loss Mitigation**

GMAC has a dedicated loss mitigation team for loans that are active in bankruptcy. Below are the email addresses to utilize to contact GMAC's loss mitigation department:

BK_LM_Escalated@gmacm.com      For all escalated bankruptcy loss mitigation requiring immediate attention.
BK_LM_New_Referrals@gmacm.com      For all new loss mitigation referrals on active bankruptcy accounts.
Legal_LM_New_Referrals@gmacm.com      For all new contested or litigated matters requiring loss mitigation to resolve the proceedings.

Counsel Acknowledgement by a duly authorized representative of acceptance to the terms.

| FIRM NAME |
| --- |
| BY: |
|  |
| PRINTED NAME |
|  |
| TITLE |
| DATE |

**Exhibit 1**

PARTICIPANT ACKNOWLEDGEMENT FORM INDIVIDUAL


20_ _ Information Protection Training
Acknowledgement Form


By signing this form I acknowledge that I have completed the 20_ _ Information Protection Training.

| Name: | Signature: |
|---|---|
| Organization: | Date: |
|  |  |

Please fax this form to Linda Walton at 866-340-2924 or William Watson at 866-728-6113 or email to
Linda.walton@gmacm.com or William.Watson@gmacm.com.

**Exhibit 2**

|  | Referral to 1st Legal | Referral to Sale |
|---|---|---|
| Alabama | 30 | 90 |
| Alaska | 15 | 150 |
| Arizona | 15 | 125 |
| Arkansas | 15 | 130 |
| California | 10 | 150 |
| Colorado | 15 | 165 |
| Connecticut | 15 | 220 |
| District of Columbia | 20 | 120 |
| Delaware | 15 | 250 |
| Florida | 30 | 170 |
| Georgia | 40 | 80 |
| Guam | 15 | 120 |
| Hawaii | 15 | 150 |
| Idaho | 30 | 190 |
| Illinois | 15 | 275 |
| Indiana | 15 | 265 |
| Iowa | 15 | 315 |
| Kansas | 15 | 180 |
| Kentucky | 15 | 265 |
| Louisiana | 15 | 220 |
| Maine | 30 | 355 |
| Maryland | 30 | 150 |
| Massachusetts | 15 | 195 |
| Michigan | 35 | 100 |
| Minnesota | 30 | 110 |
| Mississippi | 15 | 130 |
| Missouri | 15 | 85 |
| Montana | 15 | 205 |
| Nebraska | 15 | 155 |
| Nevada | 15 | 155 |
| New Hampshire | 30 | 110 |
| New Jersey | 15 | 300 |
| New Mexico | 15 | 250 |
| New York | 15 | 280 |
| North Carolina | 15 | 120 |
| North Dakota | 15 | 190 |
| Ohio | 15 | 265 |
| Oklahoma | 15 | 250 |
| Oregon | 15 | 180 |
| Pennsylvania | 15 | 300 |
| Puerto Rico | 15 | 360 |
| Rhode Island | 15 | 90 |
| South Carolina | 15 | 215 |
| South Dakota | 30 | 150 |
| Tennessee | 15 | 90 |
| Texas | 40 | 90 |
| Utah | 15 | 165 |
| Vermont | 30 | 360 |
| Virgin Islands | 15 | 300 |
| Virginia | 30 | 60 |
| Washington | 15 | 160 |
| West Virginia | 30 | 150 |
| Wisconsin | 15 | 310 |
| Wyoming | 15 | 100 |