**Exhibit H**



**Announcement SVC-2010-12**                                                      **August 31, 2010**

## Foreclosure Time Frames and Compensatory Fees for Breach of Servicing Obligations

### Introduction

In the *Servicing Guide,* Fannie Mae has established time frames within which routine foreclosure proceedings are to be completed. This Announcement revises the time frames for four states, based on a review of foreclosure timeline standards.

To remediate a specific problem affecting a loan or correct the servicer's overall performance, Fannie Mae reserves the right to impose a compensatory fee as provided in the *Servicing Guide,* Part I, Section 207: Imposition of Compensatory Fees.

With this Announcement, Fannie Mae:

- has updated the allowable foreclosure time frames for four states;
- is monitoring all delinquent loans in Fannie Mae's portfolio or MBS pools, and will begin notifying servicers of delays in processing delinquent loans;
- may begin conducting reviews of servicer loan files, processes, or procedures;
- requires accurate and timely reporting on the delinquency status of mortgage loans; and,
- will exercise its remedy to assess compensatory fees as deemed necessary.

### Allowable Time Frames for Completing Foreclosure

*Servicing Guide* **(2010 version), Part VIII, 104.05: Allowable Time Frames for Completing Foreclosure**

Effective with the date of this Announcement, any mortgage loan referred to an attorney (or trustee) to initiate foreclosure proceedings with properties located in the States of Florida, Maryland, Nevada, and New York must meet the new foreclosure time frames noted below:

- Florida – 185 days
  - This timeline has an additional 35 days added to allow for a mediation referral prior to a foreclosure suit being commenced.
- Maryland – 90 days
  - This timeline begins when the case is referred to an attorney to file suit together with a Loss Mitigation Affidavit. The servicer must execute a Final Loss Mitigation Affidavit at the commencement of the case, if appropriate. If a Preliminary Loss Mitigation Affidavit is required, then the time frame allowed will be extended to 120 days.
- Nevada – 150 days
- New York (Upstate) – 300 days

- New York (Downstate) – 420 days
  - In the State of New York, a timeline of 300 days applies to all localities except for New York City and Long Island.
  - A timeline of 420 days applies for foreclosures conducted in the five boroughs of New York City -- Bronx, Brooklyn (Kings County), Manhattan (New York County), Queens, and Staten Island (Richmond County) -- and on Long Island (Nassau and Suffolk Counties).

Refer to Foreclosure Time Frames on eFannieMae.com for the allowable time lapses between the time the case is referred to the attorney (or trustee) for action and the completion of the foreclosure sale in all other jurisdictions. These allowable time frames represent the time typically required for routine, uncontested foreclosure proceedings, given the legal requirements of the applicable jurisdiction. The timelines presume that there are no delays outside the control of the servicer or attorney such as diligent participation in an opt-in mediation or unavoidable judicial process or administrative delays.

Fannie Mae monitors the servicer's management of the foreclosure process by reviewing at the first of each month each mortgage loan for which Fannie Mae expected action to be completed in the previous month (based on these time frames). If there appears to have been a delay in completing the foreclosure process, and the servicer is unable to provide a reasonable explanation for the delay, Fannie Mae may require the servicer to pay a compensatory fee. Fannie Mae will not impose compensatory fees for delays beyond the control of the servicer, such as unavoidable mediation or court delays, or sales delays by sheriffs or other selling officers.

Fannie Mae will continue to monitor foreclosure time frame standards for its book of business, and will adjust its timeline expectations accordingly (as it pertains to the determination of compensatory fees).

## Monitoring of Delinquent Loans

All whole mortgages, participation pool mortgages, and MBS pool mortgages with a special servicing option referred to an attorney or trustee to initiate foreclosure proceedings on or after July 1, 2010, will be monitored to ensure that all expected actions were taken in a timely manner and that the proceedings were completed within an acceptable time frame. (See the *Servicing Guide*, Part VII, Chapter 5, Exhibit 5: Bankruptcy Referral and Completion Timelines, and Part VIII, Section 104.05: Allowable Time Frames for Completing Foreclosure.)

## Servicer Reviews

Fannie Mae will utilize delinquent loan status code data and other information collected from the servicer during other interactions to identify delays in the default management process. Fannie Mae may elect to perform a servicing review to further evaluate the actions the servicer took in servicing those mortgage loans. Fannie Mae will notify the servicer of the intention to perform a desk review or an on site review. The servicers must send the requested documentation or make it available for an on site review within the time frame specified in the notification. If the servicer fails to do so, Fannie Mae may assess compensatory fees without first reviewing the loan or exercise other available remedies.

Fannie Mae will communicate any performance deficiencies noted to the servicer. The servicer will be given an opportunity to explain any mitigating circumstances or factors that justify the servicing actions it took or did not take within a time frame specified by Fannie Mae in its communication of the performance deficiencies.

**Note:** A desk or on site review of files is not a necessary precondition to assessing a compensatory fee.

## Delinquency Reporting

Servicers are reminded of the requirement to advise Fannie Mae of the action taken to resolve a delinquency, the effective date of the action taken, and the reason for the default, as indicated in the *Servicing Guide,* Part VII, Chapter 701: Delinquency Status and "Reason for Delinquency" Codes. Fannie Mae may rely on this data, in whole or in part, in its assessment of performance deficiencies and imposition of compensatory fees.

## Imposition of Compensatory Fees

In order to remediate a specific problem affecting a loan or correct the servicer's overall performance, Fannie Mae may decide to impose a compensatory fee as provided in the *Servicing Guide,* Part I, Section 207: Imposition of Compensatory Fees. Attachment 1 provides an overview of some specific situations for which a compensatory fee may be assessed.

A compensatory fee not only compensates Fannie Mae for damages but also emphasizes the importance placed on a particular aspect of the servicer's performance. In some cases, a compensatory fee will relate to the action the servicer took, or failed to take, in handling a specific mortgage loan. At other times, the compensatory fee reflects the impact of the servicer's performance deficiencies on Fannie Mae's cash flow. A compensatory fee may be imposed to provide the servicer with a financial incentive to comply with Fannie Mae policies and improve the overall quality of their performance.

Fannie Mae reserves the right to review all seriously delinquent loans currently in the default management process and to pursue remedies on such loans, when it deems appropriate.

If assessed, compensatory fees will be applied based on the outstanding principal balance of the mortgage loan, the applicable pass-through rate, the length of the delay, and any additional costs that are directly attributable to the delay.

*****

Servicers should contact their Servicing Consultant, Portfolio Manager, or the National Servicing Organization's Servicer Support Center at 1-888-FANNIE5 (888-326-6435) with any questions regarding this Announcement.

Gwen Muse-Evans
Vice President
Chief Risk Officer for Credit Portfolio Management

# Attachment 1

## Compensatory Fees for Specific Circumstances

(This table is not a comprehensive list of all circumstances that may result in a compensatory fee being assessed.)

| Type | *Servicing Guide (2006/2010) Section* | Summary | Remedy |
|---|---|---|---|
| **Delayed Remittance of Claim Proceeds** | *2006 I, 207.01* | When insurance claim settlements are sent directly to the mortgage servicer in error, the servicer must remit to Fannie Mae within 15 days after receipt. | Daily interest charge imposed for a delay. |
| **Late Submission of REOgram®** | *2006 I, 207.03* | REOgram must be submitted by the servicer within 24 hours after the foreclosure sale or date a deed-in-lieu is executed. | $100 daily charge imposed for a delay. |
| **Delays in Liquidation Process** | *2006 I, 207.07* | Servicer's handling of seriously delinquent mortgage loans serviced under the special servicing option to determine specific actions are being taken in a timely manner. | Based on the outstanding principal balance of the mortgage, the applicable pass-through rate, the length of the delay(s), and any additional costs that are directly attributable to the delay(s). |
| **Late Filing of Final Request for Reimbursement** | *2006 I, 207.13* | Final Form 571 must be submitted within 30 days after completion of a loss mitigation alternative, filing a mortgage insurance claim, acquisition of property by a third party at a foreclosure sale, or disposition of property. | Request can either be denied or assessed a late submission fee. |
| **Access to Records** | *2006 I, 406* | On our written request, the servicer must deliver all mortgage records and documents to Fannie Mae or to whomever Fannie Mae designates.<br><br>Each mortgage must be clearly identified. If the servicer is retaining any of the records in a format other than paper, it must reproduce them at its own expense. | If the servicer fails to provide a reasonable explanation or any evidence showing that the requirement was satisfied, Fannie Mae can take any action that is authorized under the Mortgage Selling and Servicing Contract or the Guides for the servicer's breach of requirements. |

| Type | Servicing Guide (2006/2010) Section | Summary | Remedy |
|---|---|---|---|
| **Timelines** | 2010 VII, 502.12 | Delay in completing the bankruptcy process and the servicer is unable to provide a reasonable explanation. | Fee calculated based on the outstanding principal balance of the mortgage loan, the applicable pass-through rate, the length of the delay, and any additional costs that are directly attributable to the delay. |
| | | Losses incurred as a result of the servicer's failure to properly apply and monitor payments during bankruptcy. | |
| | | The servicer will be responsible for any delays attributable to the servicer in all cases and for delays attributable to the bankruptcy attorney in all cases handled by servicer-retained attorneys. | |
| | 2010 VII, 503.02 | When the automatic stay is terminated or case is dismissed, the servicer must immediately send any required breach letter to the borrower and refer the mortgage loan for foreclosure proceedings. | |
| | 2010 VIII, 104.05 | To ensure that the foreclosure is handled in a timely and professional manner, the servicer is responsible for monitoring the attorney (or trustee).<br><br>Fannie Mae has established time frames within which it expects routine foreclosure proceedings to be completed. | |