**Exhibit K**

| ID | AccountNumber | InvestorName | CustomerName | WriteOffReason | TotAlWriteOffAmount | WriteOffComment |
|---|---|---|---|---|---|---|
| 96799 | 4704 | ROCHESTER COMMUNITY SAVINGS | Hafeeza | Discharged Chpt 13 - Plan Did Not Bring Loan Current | $2,142.70 | This is a dnc account with fc fee/cost on the account.. Request a billback be done as the fc atty and bky atty are the same and all of the fc fee/cost were not included/amended into the claim to recoup back in the bky. |
| 97037 | 969 | IMPAC | Novak | Discharged Chpt 13 - Plan Did Not Bring Loan Current | $700.00 | It has been found that the MFR filed listed no set fees and costs, but did request reimbursment. No answer was filed by borrower and Order submitted by the Stern Law Office failed to provide for the fees and costs billed by the office for this Motion. |
| 102950 | 5639 | GMACM HOME EQUITY TRUST | ANGELINA P TYTAR | Discharged Chpt 13 - Plan Did Not Bring Loan Current | $500.00 | DNC Loan with outstanding fees on the loan. The fees were pre petition but were omitted on the poc in error by the atty, David Stern.  Please make business decision to clear fees on loan and clear cus user. |
| 96783 | 7029 | Fannie Mae | Scott & Theresa Strickland | Improper Motion for Relief | $250.00 | Attorney billed $250.00 for MFR review on 5/10/10. Attorney referred themselves MFR when loan was current. Bill back submitted to VM as MFR review is part of DS servicing agreement. |
| 97043 | 4352 | CitiGroup | Encinas | Improper Motion for Relief | $700.00 | It has been found that the justified MFR filed in this matter conatined provisions for atty fees and costs. It further stated under note these fees are recoverable. MFR was undefended and Order submitted by counsel failed to provide for fees/costs billed.  A review of PACER indicated MFR asked for undefined fees/costs but Order submitted provided for none. Non recoverable fee issue raised by counsel stated they were "disallowed per court order", this is not true as Court did not strike or disallow in any manner, counsel did not provide for them in the Order they submitted. |
| 97055 | 4038 | Fannie Mae | Hysell | Improper Motion for Relief | $700.00 | It has been found that the justified MFR was filed requesting atty fees/costs iao $700.00. Even though Motion went undefended Order submitted to Court by Counsel did not include these fees/costs. Fees/costs iao $700.00 were left off Order submitted by Counsel in MFR. Fees/Costs were not disallowed by Court as nonted in non recoverable issue raised. Court did not strike from submitted Order, Order did not conatin fees/costs. |
| 97066 | 5943 | Residential Funding | Smith | Improper Motion for Relief | $700.00 | It has been found that MFR fees asked for in the MFR filed were not included in the Order submitted for signing- a non recoverable fee issue was opened to claim these fees as uncollectable per Court Order- but judge did not strike fees they were left off Order submitted in error. A review of PACER indicates the fees requested in MFR ($700.00 total) were left off submitted Order in error causing Order not to include these fees |

| ID | AccountNumber | InvestorName | CustomerName | WriteOffReason | TotAlWriteOffAmount | WriteOffComment |
|---|---|---|---|---|---|---|
| 97072 | 3033 | RFC Home Equity | Thomas | Improper Motion for Relief | $700.00 | It has been found that the MFR had requested atty fees and cost in Motion. In fact a review of PACER indicates request for atty fees.The Proposed Order attached to the Motion submitted by counsel neglected to incude these fees/costs.  As debtor did not respond the Court granted the propsed Order submitted. |
| 97085 | 6853 | Impac | Wallace | Improper Motion for Relief | $700.00 | It has been found that MFR fees asked for in the MFR filed were not included in the Order submitted for signing- a non recoverable fee issue was opened to claim these fees as uncollectable per Court Order- but judge did not strike fees they were left off Order submitted in error. A review of PACER indicates the fees requested in MFR ($700.00 total) were left off submitted Order in error causing Order not to include these fees . |
| 97101 | 6351 | Residential Funding | Rondon | Improper Motion for Relief | $250.00 | MFR FILE REVIEW FEE - LOAN WAS CURRENT AT TIME OF FILING AND SHOULD NOT HAVE BEEN REFERRED FOR MFR. |
| 97172 | 8806 | Fannie Mae | Spry | Improper Motion for Relief | $250.00 | 250.00 for bill back represents a fee for a motion for unclaimed funds filed by our direct source attorney. When asked why they did not ask for approval of this fee they stated they were following direct source discharge not current guidelines. After review by team lead it was determined the amount we would be filing for was not enough to justify the costs and this should be billed back because the attorney never was given authorization to file from us. |
| 97189 | 4232 | Residential Asset Mortgage | Stafford | Improper Motion for Relief | $700.00 | It has been found that the MFR had requested atty fees and cost in Motion. In fact a review of PACER indicates request for atty fees. Even though debtor did not answer an error (on their part) neglected to include these fees and costs in Order submitted for Judge to sign. |
| 97190 | 4465 | Residential Funding | Arocha | Improper Motion for Relief | $700.00 | It has been found that the MFR had requested atty fees and cost in Motion. In fact a review of PACER indicates request for atty fees. Even though debtor did not answer an error (on their part) neglected to include these fees and costs in Order submitted for Judge to sign. |
| 97193 | 1185 | residential funding | Gordon | Improper Motion for Relief | $700.00 | It has been found that the MFR had requested atty fees and cost in Motion. In fact a review of PACER indicates request for atty fees. Even though debtor did not answer an error (on counsel"s part) neglected to include these fees and costs in Order submitted for Judge to sign. MFR fees left off Order submitted to J. to sign.Court did not strike or disallow fees/costs in any way and as they were left off Order submitted for signing could not grant either.  It is not the Court"s responsibility to add in fees/costs on uncontested MFR. |

| ID | AccountNumber | InvestorName | CustomerName | WriteOffReason | TotAlWriteOffAmount | WriteOffComment |
|---|---|---|---|---|---|---|
| 97201 | 4884 | WELLS FARGO | Struve | Improper Motion for Relief | $700.00 | It has been found that the MFR had requested atty fees and cost in Motion. In fact a review of PACER indicates request for atty fees. Even though debtor did not answer an error (on counsel"s part) neglected to include these fees and costs in Order submitted for Judge to sign. |
| 97202 | 3075 | FREDDIE MAC | Murphey | Improper Motion for Relief | $655.00 | It has been found that the MFR had not requested atty fees and cost in Motion. In fact a review of PACER indicates no request for atty fees. Even though debtor did not answer an error (on counsel"s part) neglected to include these fees and costs in MFR and Order submitted for Judge to sign. |
| 97207 | 7791 | Residential Funding | Toussaint | Improper Motion for Relief | $700.00 | It has been found that the MFR had requested atty fees and cost in Motion. In fact a review of PACER indicates request for atty fees. Even though debtor did not answer an error (on counsel"s part) neglected to include these fees and costs in Order submitted for Judge to sign.  MFR fees left off Order submitted to J. to sign.Court did not strike or disallow fees/costs in any way and as they were left off Order submitted for signing could not grant either.  It is not the Court"s responsibility to add in fees/costs on uncontested MFR. |
| 97412 | 3933 | FANNIE MAE | Lasaponara | Improper Motion for Relief | $250.00 | MFR Fee of $250.00.  Debtor filed chapter 7 on 8/19/09 and was contractually due for 9/1/09 at this time.  David Stern"s office referred this account for an MFR on 8/26/09 and the account was current.  This fee needs to be billed back to David Stern"s office.  Fee amt moved to fee type 96 and cus user field 31 |
| 97528 | 0921 | RFC | Craig Vollmer | Improper Motion for Relief | $250.00 | $250.00 billed for MFR review on 4/19/10 needs to be billed back to investor as DS atty referred MFR to themselves before reviewing loan to see if MFR was warranted. Loan was current & MFR process had to be closed. |
| 98215 | 7327 | RFC | Wolf | Improper Motion for Relief | $1,250.00 | This is a dnc account with atty fee/cost on the loan. this loan was closed in error by David Stern"s office they thought relief was granted.No MFR was done, the prior atty, David Stern,  thought since JPMorgan?s lien was stripped (2nd lien) that we had automatic relief. This was not correct<br>F/C ATTY FEE (STERN$650.00ATTY CLOSED BK IN ERROR RELIEF NOT GRANTED<br>F/C TITLE SEARCH$275.00FEE ASSESSED POST PETITION NON-RECOVERABLE<br>F/C ATTY REFERAL FEE$325.00ASSESED IN ERROR BK SHOULD NOT WENT TO F/C |

| ID | AccountNumber | InvestorName | CustomerName | WriteOffReason | TotAlWriteOffAmount | WriteOffComment |
|---|---|---|---|---|---|---|
| 100775 | 5767 | FANNIE MAE | Ortiz | Improper Motion for Relief | $700.00 | It has been found that MFR fees were requested in the MFR filed and not included in the Order submitted for signing- a non recoverable fee issue was opened to claim these fees as uncollectable - but judge did not strike fees they were left off Order submitted in error. A review of PACER indicates that fees were requested in MFR ($700.00 total) and were left off submitted Order but were requested in filed MFR. The error caused Order not to include these fees. |
| 100786 | 5330 | Residential Funding | Murray | Improper Motion for Relief | $700.00 | It has been found that the MFR had requested atty fees and cost in Motion. In fact a review of PACER indicates request for atty fees. Even though debtor did not answer an error (on counsel"s part) neglected to include these fees and costs in Order submitted for Judge to sign. |
| 100787 | 0274 | GMAC | Pugliese | Improper Motion for Relief | $655.00 | It has been found that the MFR had not requested atty fees and cost in Motion. In fact a review of PACER indicates no request for atty fees. Even though debtor did not answer an error (on counsel"s part) neglected to include these fees and costs in MFR and Order submitted for Judge to sign. |
| 100798 | 2430 | Residential Funding | Lashbrook | Improper Motion for Relief | $700.00 | It has been found that the MFR had requested atty fees and cost in Motion. In fact a review of PACER indicates request for atty fees. Even though debtor did not answer an error (on counsel"s part) neglected to include these fees and costs in Order submitted for Judge to sign. MFR fees left off Order submitted to J. to sign.Court did not strike or disallow fees/costs in any way and as they were left off Order submitted for signing could not grant either.  It is not the Court"s responsibility to add in fees/costs on uncontested MFR. |
| 97073 | 9950 | RFC | Strebeigh | Delayed Invoice | $180.00 | Short sale 12/30/08<br>Attorney invoice iao $180.00 posted with an r instead of c<br>causing fee not to show on loan until 3/12/09<br>Investor will not reimburse for any expenses after 60 days of liquidation |
| 119032 | 8160 | FANNIE MAE | TERENCE D CLARKE | Delayed Invoice | $5,567.50 | This loan went to REO sale 7/15/10. The invoice from David Stern's office was posted to this  account on 9/15/10. Attorneys are required to have their bills submitted for final payment no less than 30 days after liquidation. GMAC cannot collect balances billed after this date on investor claims. |
| 149589 | 8494 | | Fakava | Delayed Invoice | $2,401.60 | LOAN WENT TO REO SALE ON 1/20/10, ATTORNEY FEES WERE BILLED TO THE ACOUNT ON 5/8/12.  PER THE INVESTOR GUIDELINES, ALL FEES MUST BE PAID WITHIN 6 MONTHS OF THE LIQUIDATION DATE.  THE TIMEFRAME FOR SUBMITTING A CLAIM HAS EXPIRED. |

| ID | AccountNumber | InvestorName | CustomerName | WriteOffReason | TotAlWriteOffAmount | WriteOffComment |
|---|---|---|---|---|---|---|
| 106553 | 8754 | FNMA | Malmut | Foreclosure Timeline Delay | $5,910.15 | UGIC paid the MI claim on 11/14/10. The MI claim proceeds were curtailed $5910.15 for Foreclosure Delays and Lack of Diligence in Pursuit of Title. FNMA sent a Demand Letter on 11/30/10 requesting the amount they would have received if the MI were not curtailed. An email was sent to fcl on 12/14/10 requesting addl information and the information was received from fcl on 12/17/10. The information provided by fcl was sent as an appeal to UGIC on 12/30/10. UGIC reviewed the information sent and denied our appeal on 06/01/11 stating the addl information recieved was not sufficient to overturn the curtailment. An email was sent to FCL on 06/06/11 informing fcl the appeal was denied. |
| 139693 | 4995 | | RICHARD P BONNER | Foreclosure Timeline Delay | $19,037.56 | due to court & process delays that occured during the time David Stern was working this file... unable to reach out to David Stern for justification to appeal the interest cut date of 01/23/09...property preservation...03/23/2010Insurance Advance - Forced place (annual)$2,090.00<br><br>03/31/2010Yard Maintenance Advance - Recut cut 10,000 s.f. or larger$105.00<br><br>04/14/2010Yard Maintenance Advance - Recut cut 10,000 s.f. or larger$105.00<br><br>04/29/2010Yard Maintenance Advance - Recut cut 10,000 s.f. or larger$105.00<br><br>05/17/2010Yard Maintenance Advance - Recut cut 10,000 s.f. or larger$105.00<br><br>06/03/2010Yard Maintenance Advance - Recut cut 10,000 s.f. or larger$105.00<br><br>06/18/2010Yard Maintenance Advance - Recut cut 10,000 s.f. or larger$105.00<br><br>07/01/2010Yard Maintenance Advance - Recut cut 10,000 s.f. or larger$105.00 |

| ID | AccountNumber | InvestorName | CustomerName | WriteOffReason | TotAlWriteOffAmount | WriteOffComment |
|---|---|---|---|---|---|---|
| 139710 | 5025 | GMAC MORTGAGE | DANIEL E. FORESTER | Foreclosure Timeline Delay | $4,541.02 | David Stern File... the following items were rejected due to delays during the time David Stern was working the file...unable to reach out for supporting documentation and or jusify the delay to fcl... the VA interest cut off date is 09/25/10...01/04/2012Securing Advance - Securing of the property$40.00<br><br>01/04/2012Securing Advance - Securing of the property$60.00<br><br>11/03/2010Tax Advance - County/ Parish$1,608.26<br><br>06/16/2011Insurance Advance - Homeowner's/Fire/Hazard$1,364.00<br><br>11/02/2011Tax Advance - County/ Parish$1,228.76<br>01/05/2012Attorney Expense - Foreclosure attorney fees balance 240.00... |
| 176011 | 7148 | WELLS FARGO BANK, N.A. | SIDNEY AMERSON | Foreclosure Timeline Delay | $1,643.20 | As a result of foreclosure delays mi claim was curtailed on the interest, preservation, and hazard insurance expenses, total amount reimbursed shouldve been $2,528.35 only 884.80 was reimbursed, so we still owe the investor $1,643.35. The breakdown is as follows:<br><br>Curtailment amount     7,223.89<br>MI Coverage (%)              x .35<br>Reimburse Trust          2,528.35<br>GMAC Reimbursed        - 884.80<br>Reimbursement            1,643.55 |
| 97047 | 5867 | FHLM | Marisol M Castillo | Over Allowable Expense | $103.00 | FCL Sale 5/7/09; FCL Acquire 5/7/09<br>The following BPO was ordered Valuation Costs Exterior BPO - 48 Hour Rush iao $103.00.  FHLM denied this expense stating that appraisals are not reimbursable without prior approval.<br>No prior approval from FHLM was found on ISS or looking glass.<br>Total Request of write off - $103.00 |
| 97224 | 3046 | FHLMC | Cook | Over Allowable Expense | $560.00 | Short Sale date: 08/25/09<br>The attny did not include $2053.50 in legal fees on the 104DC.  Loan mod funds iao $1493.50 were applied to fees on 10/20/08.  This results in a w/o iao $560.00. |

| ID | AccountNumber | InvestorName | CustomerName | WriteOffReason | TotalWriteOffAmount | WriteOffComment |
|---|---|---|---|---|---|---|
| 136204 | 4784 | | MARK MCDOWELL | Over Allowable Expense | $250.00 | Rejecting back to FCL Dept.-This is a billback to the attorney. They are still responsible for obtaining OTA. FNMA denied OTA Atty Fees pd on 6/17/10 for Reset Sale iao $250 stating that additional fees require excess fee approval. CIT 17 was opened on 05/10/11 and closed 05/19/11 (no comments). No approval has been uploaded to date. |
| 139176 | 7668 | FANNIE MAE | JAY H. GRANITZ | Short 3rd Party FC Sale Funds | $693.25 | The 3rd party funds were short when received from David Sterns office. Requests were sent and firm would not answer or provide a breakdown. The file transferred to Abertelli¿s office post sale and they did not have any information. Please billback to the atty. |
| | | | | | $57,139.98 | |