## **Exhibit 2-B**

**Smith T Declaration**

## Exhibit 2-B

**Smith T Declaration**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: )<br>RESIDENTIAL CAPITAL, LLC, *et. al.*, )<br> )<br>Debtors. )<br> )<br> )<br> )<br> ) | CASE NUMBER:<br>12–12020 |

### DECLARATION OF JOHN W. SMITH T

I, John W. Smith T, make this declaration under 28 U.S.C. § 1746 and hereby declare as follows:

1. I am an attorney with the law firm of Bradley Arant Boult Cummings LLP and co-counsel for the The ResCap Liquidating Trust.

2. I am licensed to practice law in the state of Alabama. I have been practicing law in the State of Alabama for more than twenty (20) years, and I have no record of discipline with the State Bar of Alabama or any state or federal bar.

3. I am over 19 years of age.

4. I am authorized to submit this declaration (the "Declaration") in support of the *RESCAP LIQUIDATING TRUST'S OBJECTION TO PROOFS OF CLAIM NOS. 5275 AND 7464 FILED BY DAVID J. STERN* (the "Objection").

5. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the litigation between the Law Offices of David J. Stern, P.A. ("DJSPA") and GMAC Mortgage, LLC ("GMACM"), information learned from my review of relevant documents, including those identified herein, and discussions with persons in my office who handled or are personally familiar with matters identified below that were previously

handled by DJSPA. If I were called upon to testify, I could and would testify competently as follows:

6. Publicly available information about the organizations of DJSPA and DJS Processing, LLC is available through the internet. True and correct copies of this information are attached as follows:

a. David J. Stern, P.A. Articles of Incorporation, Florida Department of State – Division of Corporations, http://search.sunbiz.org/Inquiry/CorporationSearch/ConvertTiffToPDF?storagePath=COR%5C2009%5C1007%5C61457623.Tif&documentNumber=P93000080387 (downloaded March 18, 2015), attached hereto as Exhibit A; and

b. DJS Processing, LLC Application for Authorization to Transact Business in Florida, Florida Department of State – Division of Corporations, http://search.sunbiz.org/Inquiry/CorporationSearch/ConvertTiffToPDF?storagePath=COR%5C2009%5C1005%5C00209278.Tif&documentNumber=M09000003832 (downloaded March 18, 2015), attached hereto as Exhibit B.

7. Based on publicly available news reports, the Florida Office of the Attorney General opened an investigation into DJSPA in August 2010. *E.g.*, http://jacksonville.com/opinion/blog/401574/abel-harding/2010-08-10/attorney-general-bill-mccollum-opens-investigations. A true and correct copy of this article is attached hereto as Exhibit C. True and correct copies of the following documents related to this investigation conducted by the Office of the Attorney General are attached hereto:

a. Order on Petitioner's Amended Petition to Quash the Investigative Subpoena Duces Tecum Issued by Florida's Attorney General, dated October 13, 2010, *Law Offices of*

2

*David J. Stern, P.A. v. State of Florida Department of Legal Affairs, et al.*, Case No. 10-32965 (17th Judicial Circuit of Broward County, Florida), attached as Exhibit D;[1]

b. Corrected Sworn Statement of Kelly Scott, *In re Investigation of Law Offices of David J. Stern, P.A.*, (AG# L10-3-1145), dated October 4, 2010, relating to her employment at DJSPA, attached as Exhibit E; and

c. Deposition of Tammie Lou Kapusta, *In re Investigation of Law Offices of David J. Stern, P.A.*, (AG# L10-3-1145), dated September 22, 2010, relating to her employment at DJSPA, attached as Exhibit F.

8. On April 17, 2013, The Florida Bar filed a Complaint against David J. Stern and that case reached the Florida Supreme Court. True and correct copies of the following documents related to that matter are attached hereto:

a. Complaint, *The Florida Bar v. David James Stern*, Florida Bar File Nos. 2010-51,725(17I), et al. (Fla. 2013), *available at* http://www.floridabar.org/DIVADM/ME/MPDisAct.nsf/DisActFS?OpenFrameSet&Frame=DisActToC&Src=%2FDIVADM%2FME%2FMPDisAct.nsf%2FdaToc!OpenForm%26AutoFramed%26MFL%3DDavid%2520James%2520Stern%26ICN%3D201051725%26DAD%3DDisbarment, attached hereto as Exhibit G;

b. Report of the Referee, *The Florida Bar v. David James Stern*, Supreme Court Case No. SC13-643 (Fla. 2013), *available at* http://www.floridabar.org/DIVADM/ME/MPDisAct.nsf/DisActFS?OpenFrameSet&Frame=DisActToC&Src=%2FDIVADM%2FME%2FMPDisAct.nsf%2FdaToc!OpenForm%26AutoFramed

---

[1] The Florida Court of Appeals subsequently ruled, on January 6, 2012, that the subpoena had been improvidently issued.

3

%26MFL%3DDavid%2520James%2520Stern%26ICN%3D201051725%26DAD%3DDisbarme nt, attached hereto as Exhibit H;

c. *The Florida Bar v. Jorge Luis Suarez*, Florida Bar File No. 2012-51,389(17I) (Fla. Jan. 14, 2014), Conditional Guilty Plea For Consent Judgment, at 2–5, *available at* http://www.floridabar.org/DIVADM/ME/MPDisAct.nsf/DisActFS?OpenFrameSet&Frame=Dis ActToC&Src=%2FDIVADM%2FME%2FMPDisAct.nsf%2FdaToc!OpenForm%26AutoFramed %26MFL%3DJorge%2520Luis%2520Suarez%26ICN%3D201251389%26DAD%3DSuspended %2520-%2520with%2520Conditions, attached hereto as Exhibit I;

d. Supreme Court of Florida, Order of Disbarment, Jan. 1, 2014, *The Florida Bar v. David James Stern*, SC13-643, *available at* http://www.floridabar.org/DIVADM/ME/MPDisAct.nsf/DisActFS?OpenFrameSet&Frame=Dis ActToC&Src=%2FDIVADM%2FME%2FMPDisAct.nsf%2FdaToc!OpenForm%26AutoFramed %26MFL%3DDavid%2520James%2520Stern%26ICN%3D201051725%26DAD%3DDisbarme nt, attached hereto as Exhibit J;

e. Supreme Court of Florida, Order of Suspension, Feb. 10, 2014, *The Florida Bar v. Miriam L. Mendieta*, SC13-2424, *available at* http://www.floridabar.org/DIVADM/ME/MPDisAct.nsf/DisActFS?OpenFrameSet&Frame=Dis ActToC&Src=%2FDIVADM%2FME%2FMPDisAct.nsf%2FdaToc!OpenForm%26AutoFramed %26MFL%3DMiriam%2520L%2520Mendieta%26ICN%3D201150538%26DAD%3DSuspensi on, attached hereto as Exhibit K.

9. In 2010, several news outlets reported irregularities on the part of DJSPA. True and correct copies of the following articles that are accessible on the internet are attached hereto:

a. Gretchen Morgenson & Geraldine Fabrikant, *Florida's High-Speed Answer to a*

4

*Foreclosure Mess*, N.Y. TIMES (Sept. 4, 2010), http://www.nytimes.com/2010/09/05/business/05house.html?pagewanted=all, attached hereto as Exhibit L; and

    b. Ray Sanchez, *Florida's Foreclosure King Investigated for Questionable Practices*, ABC NEWS (Oct. 12, 2010), http://abcnews.go.com/Business/florida-foreclosure-lawyer-david-stern-investigated/story?id=11854272, attached hereto as Exhibit M.

    10. David J. Stern has been deposed in connection with at least two lawsuits, including *Mowat, Mack, Rahming & Humphrey v. DJSP Enterprises, Inc.*, 10-623020-CIV-UNGARO (United States Dist. Court for the S.D. Fla.) and *The Law Offices of David J. Stern, P.A. v. Bank of America, Corp.*, No. aa-21349-CIV-MORENO (United States Dist. Court for the S.D. Fla.). A true and correct copy of the transcripts of these depositions are attached hereto as Exhibits N-1 and N-2, respectively.

    11. On June 6, 2011, DJSPA brought suit against GMACM in Broward County, Florida seeking $6,161,483.70, the value of allegedly unpaid legal services that DJSPA claims to have provided to GMACM ("the Florida Lawsuit"). In its Complaint, DJSPA summarized the amounts it contends are owed in the following categories:

| | | |
|---|---|---|
| 1). | FNMA matters | $ 411,687.15 |
| 2). | FHLMC matters | $ 271,820.73 |
| 3). | Remediation Work | $ 2,979,500.00 |
| 4). | Other FC Work | <u>$ 2,498,475.82</u> |
| **Total** | | **$ 6,161,483.70** |

A true and correct copy of the Complaint is attached as Exhibit O. GMACM removed the Florida Lawsuit to the United States District Court for the Southern District of Florida ("the Southern District Court of Florida") and filed an Answer and Counterclaims against DJSPA. A true and correct copy of the Answer and Counterclaim is attached as Exhibit P. The parties had

previously mediated the dispute unsuccessfully on May 25, 2011. While the Florida Lawsuit was pending, the parties engaged in some written discovery and document productions. As part of DJSPA's initial document production, DJSPA produced 17,694 allegedly unpaid invoices which it contends reflects unpaid work performed on 12,615 loan files on behalf of GMACM.[2] Following GMACM's filing of bankruptcy, the Florida Lawsuit was stayed on May 23, 2012.

13. Contemporaneous with the prosecution of the Florida Lawsuit, DJSPA was also in litigation involving alleged unpaid fees for legal services against other mortgage lenders as well as the Federal Home Loan Mortgage Corp. ("FHLMC") and the Federal National Mortgage Association ("FNMA"), entitled respectively: *The Law Offices of David J. Stern, P.A. v. Federal Home Loan Mortgage Corp.*, 0:11-60623-CIV-Seitz/Simonton (U.S. Dist. Ct. S.D. Fla.) (the "FHLMC Suit"); and *Federal National Mortgage Assoc. a/k/a Fannie Mae v. The Law Offices of David J. Stern, P.A.*, No. 32-194Y-0016411 (American Arbitration Association) ("the FNMA Arbitration"). As a result of the investigation of and potential misconduct by DJSPA, FHLMC and FNMA notified DJSPA that it was no longer authorized to participate in the designated counsel program. (*E.g.*, FHLMC Suit, Answer, Affirmative Defenses and Counterclaims of FHLMC, Doc. 63, at ¶ 39 and Exhibit B attached thereto, filed March 30, 2012, attached hereto as Exhibit Q.).

13. A significant number of the invoices that are the subject of DJSPA's claims involved loans owned by FHLMC and FNMA. Both FHLMC and FNMA requested that DJSPA's invoices relating to their loans be transferred to the FHLMC Suit and FNMA Arbitration, respectively. As reflected by the stipulations attached hereto as Exhibits R, the parties—DJSPA, GMACM, FHLMC and FNMA—jointly agreed to transfer these loans from the

---

[2] These figures do not account for duplications which are believed to exist in the documentation produced by DJSPA.

6

1/2723543.6

Florida Litigation to the FHLMC suit and the FNMA arbitration. There are believed to be 790 FHLMC loans and 1198 FNMA loans that were transferred by the Southern District Court of Florida to the FHLMC Suit and FNMA Arbitration, and such loans are no longer part of the Florida Litigation.[3] However, to the extent any work performed on FHLMC and FNMA loans related to remediation work, such invoices remained a part of the Florida Lawsuit. (*See* Plaintiff's and Defendant's Joint Stipulation (Doc. 44), filed February 3, 2012, attached as Exhibit R).

14.   As reflected in its Counterclaims, GMACM alleges that DJSPA committed numerous acts of malpractice during its representation of GMACM in various matters and that the acts of malpractice occurred as early as 2009. GMACM's investigation into DJSPA's malpractice continues, but the following matters, which are described by attorneys at my Firm who handled these matters in the Summary attached as Exhibit S, are known to have involved error and misconduct by DJSPA which resulted in damage to GMACM and its successor entities:

   a. *Deutsche Bank Trust Co. Americas as Trustee for RALI 2007QS3 v. Barry F. Mack, et al.*, Case No. 09-7336-CA, 20th Judicial Circuit Court for Collier County, Florida ("*Mack*"). True and correct copies of the following documents, attached hereto, are pleadings, orders, and transcripts in *Mack*:

   i. Complaint of Deutsche Bank Trust Co. Americas as Trustee for RALI 2007QS3, dated August 20, 2009, is attached hereto as Exhibit T;

---

[3] The transfer pleadings, which were based on loan information provided by DJSPA, reflect 980 FHLMC loans and 1488 FNMA loans, but the above numbers account for duplicate loan numbers that were provided by DJSPA.

7

1/2723543.6

      ii. Answer to Complaint to Foreclose Mortgage, Affirmative Defenses and Counterclaims of Barry and Cheryl Mack, dated September 11, 2009, is attached hereto as Exhibit U;

      iii. Final Judgment, dated May 11, 2011, is attached hereto as Exhibit V;

      iv. Final Order on Plaintiff's Motion to Set Aside Final Judgment and Set New Trial, dated Feb. 26, 2013, is attached hereto as Exhibit W;

      v. A true and correct copy of the Deposition of Forrest McSurdy, dated April 17, 2012, is attached hereto as Exhibit X; and

      vi. A true and correct copy of the Testimony of Forrest McSurdy, dated May 16, 2012, is attached hereto as Exhibit Y.

b. *GMAC Mortgage, LLC v. Michael Montroy, et al.*, Case No. 52-2008-CA-005375, Circuit Court for Pinellas County, Florida;

c. *Bank of New York Mellon Trust Company v. Dana Joy Allen, et al.*, Case No. 2010-985-CA, Circuit Court for Bay County, Florida;

d. *Deutsche Bank and Trust Co. v. Danny Armstrong*, Case No. 16-2008-CA-015892, Circuit Court for Duval County, Florida;

e. *U.S. Bank, N.A. v. Margaret Lipinski*, Case No. 10-15855-CI, Circuit Court for Pinellas County, Florida;

f. *Bank of New York Mellon Trust Co., N.A. v. Eric Tamayo*, Case No. 09-2229-CA, Circuit Court for Collier County, Florida;

g. *GMAC Mortgage, LLC v. Carrie Gasque*, Case No. 16-2008-CA-012971, Circuit Court for Duval County, Florida;

      h.  *GMAC Mortgage v. Patrick Hopper*, Case No. 2009-011026-CA, Circuit Court for Collier County, Florida; and

      i.  *GMAC Mortgage, LLC v. Christopher Contreras*, Case No. 2010-2868-CA, Circuit Court for Sarasota County, Florida.

As reflected in the attached Summary (Exhibit S), the damages include fees and costs incurred by counsel to attempt to address the errors committed by DJSPA.

[Signatures on next page]

1/2723543.6

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this declaration was executed this 27th day of April, 2015.

_____
John W. Smith T

STATE OF ALABAMA           )
                           :
JEFFERSON COUNTY           )

I, the undersigned, a notary public in and for said county in said state, hereby certify that JOHN SMITH T, whose name is signed to the foregoing instrument, and who is known to me, acknowledged before me on this day that, being informed of the contents of said instrument, and acting with the advice of counsel of his choosing, he executed the same voluntarily on the day the same bears date.

Given under my hand and official seal this 27th day of April, 2015.

_____
Notary Public

[NOTARIAL SEAL]        My commission expires: 10/2/2017

10

1/2723543.6