# EXHIBIT D
# TO THE DECLARATION OF
# JOHN W. SMITH T

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT IN
AND FOR BROWARD COUNTY, FLORIDA

LAW OFFICES OF DAVID J. STERN, PA.,

        Plaintiff,                                   CASE NO.: 10-32965 (04)

vs.

                                            HON. EILEEN M. O'CONNOR

THE STATE OF FLORIDA, DEPARTMENT
OF LEGAL AFFAIRS,

        Defendants.
_____/

### ORDER ON PETITONER'S AMENDED PETITION TO QUASH THE INVESTIGATIVE SUBPOENA DUCES TECUM ISSUED BY FLORIDA'S ATTORNEY GENERAL

**THIS CAUSE** having come before the Court on Petitioner's Amended Petition To Quash the Investigative Subpoena Duces Tecum Issued by Florida's Attorney General. The Court having considered the motion, the Attorney General's response, testimony and the supplemental authority filed by both parties, it is hereby

**ORDERED AND ADJUDGED** that the amended motion to quash [the amended] subpoena[1] based upon petitioner's argument that the Attorney General has no jurisdiction to issue a subpoena to a law firm on the basis of Florida Statutes, Chapter 501.203 (8) FDUTPA, is **DENIED**.

**DONE AND ORDERED** in Chambers, at Fort Lauderdale, Broward County, Florida ____ day of October, 2010.

                                                                     Hon. Eileen M. O'Connor
                                                                     Circuit Court Judge

---

[1] The petitioner apparently abandoned its original petition upon receipt of the amended investigative subpoena which addressed many of the original objections. The amended subpoena is attached hereto.

1

Copies furnished to:

Jeffrey Tew, Esq. and Andrew B. Thomson, Esq. TEW CARDENAS, LLP, 1441 Brickell Avenue, 15th Floor, Miami, FL 33131

June M. Clarkson, Esq. and Theresa B. Edwards, Esq. Office of the Attorney General, 110 SE 6th Street, 10th Floor, Fort Lauderdale, FL



**STATE OF FLORIDA
OFFICE OF THE ATTORNEY GENERAL
DEPARTMENT OF LEGAL AFFAIRS**

---

**ECONOMIC CRIMES
AMENDED INVESTIGATIVE SUBPOENA DUCES TECUM**

---

IN THE INVESTIGATION OF:   **Law Offices of David J. Stern, P.A.**
900 S. Pine Island Road
Suite 400
Plantation, Florida 33324

TO:   **Attention: REGISTERED AGENT and RECORDS CUSTODIAN
David J. Stern**
900 S. Pine Island Road
Suite 400
Plantation, Florida 33324

(or any other lawful address of service)

This investigative Subpoena Duces Tecum is issued pursuant to Florida's Deceptive and Unfair Trade Practices Act, Chapter 501, Part II, Florida Statutes, in the course and authority of an official investigation. The general purpose and scope of this investigation extends to possible unfair and deceptive trade practices, unconscionable acts and/or unfair competition of the above named recipient and/or associated entities. Your attention is directed to Sections 501.204 and 501.206, Florida Statutes, printed at the back of this document.

**YOU ARE HEREBY COMMANDED** to produce all documentary material and other tangible evidence as described herein, that is in your possession, custody or control, or in the possession custody or control of your agents or employees, and to make it available for inspection and copying or reproduction before Assistant Attorney Generals, June M. Clarkson and Theresa B. Edwards and/or their designated representative on **November 1, 2010 at 1:00 pm** at the following location:

DEPARTMENT OF LEGAL AFFAIRS
OFFICE OF THE ATTORNEY GENERAL
Attention: David J. Stern
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, Florida 33301

are responsive.

F. In the event that you seek to withhold any document on the basis that is properly entitled to some privilege or limitation, please provide the following information:

    1. A list identifying each document for which you believe a limitation exists;

    2. The name of each author, writer, sender or initiator of such document or thing, if any;

    3. The name of each recipient, addressee or party for whom such document or thing was intended, if any;

    4. The date of such document, if any, or an estimate thereof so indicated if no date appears on the document;

    5. The general subject matter as described in such document, or, if no such description appears, then such other description sufficient to identify said document; and

    6. The claimed grounds for withholding the document, including, but not limited to, the nature of any claimed privilege and grounds in support thereof.

G. For each request, or part thereof, which is not fully responded to pursuant to a privilege, the nature of the privilege and grounds in support thereof should be fully stated.

H. If you possess, control or have custody of no documents responsive to any of the numbered requests set forth below, state this fact in your response to said request.

I. For purposes of responding to this subpoena, the term "document" shall mean all writings or stored data or information of any kind, in any form, including the originals and all non-identical copies, whether different from the originals by reason of any notation(s) made on such copies or otherwise, including, without limitation: correspondence, notes, letters,

3

telegrams, minutes, certificates, diplomas, contracts, franchise agreements and other agreements, brochures, pamphlets, forms, scripts, reports, studies, statistics, inter-office and intra-office communications, training materials, analyses, memoranda, statements, summaries, graphs, charts, tests, plans, arrangements, tabulations, bulletins, newsletters, advertisements, computer printouts, teletype, telefax, microfilm, e-mail, electronically stored data, price books and lists, invoices, receipts, inventories, regularly kept summaries or compilations of business records, notations of any type of conversations, meetings, telephone or other communications, audio and videotapes; electronic, mechanical or electrical records or representations of any kind (including without limitation tapes, cassettes, discs, magnetic tapes, hard drives and recordings – to include each document translated, if necessary, through detection devices into reasonably usable form).

J. For purposes of responding to this subpoena, the term "affiliate" shall mean: a corporation, partnership, business trust, joint venture or other artificial entity which effectively controls, or is effectively controlled by you, or which is related to you as a parent or subsidiary or sibling entity. "Affiliate" shall also mean any entity in which there is a mutual identity of any officer or director. "Effectively controls" shall mean having the status of owner, investor (if 5% or more of voting stock), partner, member, officer, director, shareholder, manager, settlor, trustee, beneficiary or ultimate equitable owner as defined in Section 607.0505(11)(e), Florida Statutes.

K. The term "Florida affiliates" shall mean those of your affiliates which do business in Florida or which are licensed to do business in Florida.

4

L.  If production of documents or other items required by this subpoena would be, in whole or in part, unduly burdensome, or if the response to an individual request for production may be aided by clarification of the request, contact the Assistant Attorney General who issued this subpoena to discuss possible amendments or modifications of the subpoena, within five (5) days of receipt of same.

M.  Unless otherwise specified, the pertinent time period is January 1, 2008 to the present date (hereinafter "pertinent time period") and all questions pertain solely to that narrow time period.

N.  Documents maintained in electronic form must be produced in their native electronic form with all metadata intact. Data must be produced in the data format in which it is typically used and maintained. Moreover, to the extent that a responsive Document has been electronically scanned (for any purpose), that Document must be produced in an Optical Character Recognition (OCR) format and an opportunity provided to review the original Document. In addition, documents that have been electronically scanned must be in black and white and should be produced in a Group IV TIFF Format (TIF image format), with a Summation format load file (dii extension). DII Coded data should be received in a **(Comma-Separated Values) CSV format with a pipe (|) used for multi-value fields.** Images should be single page TIFFs, meaning one TIFF file for each page of the Document, not one .tiff for each Document. If there is no text for a text file, the following should be inserted in that text file: "Page Intentionally Left Blank." Moreover, this Subpoena requires all objective coding for the production, to the extent it exists.

5

For electronic mail systems using Microsoft Outlook or LotusNotes, provide all responsive emails and, if applicable, email attachments and any related Documents, in their native file format (i.e., .pst for Outlook personal folder, .nsf for LotusNotes). For all other email systems, provide all responsive emails and, if applicable, email attachments and any related Documents in OCR and TIFF formats as described above.

O.  DJS shall mean the business entity "David J. Stern, P.A."

P.  The relevant time period for the present request shall be from October 6, 2007 to present unless otherwise specifically stated.

**YOU ARE HEREBY COMMANDED** to produce at said time and place all documents, as defined above, relating to the following subjects:

1. A list of all current and former employees, independent contractors and/or subcontractors of DJS, including their job title(s), their duties and responsibilities and the length of their employment with DJS. This request would include any contracts between DJS and such employees, independent contractors or subcontractors.

2. The names and addresses of any and all lawyers and/or law firms that DJS hires/uses (or has hired/used) throughout the State to represent DJS clients in foreclosure cases. Describe the capacity in which said lawyers/law firms serve(d) DJS, including any contracts between DJS and said lawyer(s) and/or law firm(s).

3. The names and addresses of any and all lending institutions that DJS has represented in foreclosure cases, including any contracts between DJS and said institutions.

4. The names and addresses of any and all companies employed by DJS to draft and/or execute Assignments of Mortgage or Affidavits, including any contracts between the

lending institutions and DJS allowing for the use of the companies to draft and/or execute said Assignments of Mortgage.

5. The names and addresses of any and all persons and/or companies hired and/or used by DJS to perfect service of process on foreclosure defendants for the past 4 years, including their relationship to DJS and/or David J. Stern, individually including any and all contracts between the person or persons and/or company and DJS.

6. The names and addresses of any and all servicing companies DJS represents or represented.

7. The names and addresses of any corporations, companies, partnerships or associations that DJS has any interest in, including any foreign corporations, and detail what the business does and what type of interest is held by DJS. This request is only to businesses that in any way pertain to the respondents' foreclosure practices, including but not limited to Process Serving Companies, Title Companies and Document Preparation Companies.

8. Copies of all documents that are NOT attorney client privileged, in DJS's files for the following foreclosures:

    - Ernesto Diaz and Hayne Murcia
    - Ernest E. Harpster
    - William and Trisha Martin
    - Jorge Porter
    - Janice Epps
    - John Hewett

- Marianela Hernandez
- Marie G. Charles
- Claire Nesbeth
- Ticiane Andrade and Fabio Rodrigues
- Weston Walrond
- Barry and Shirley Staley

9. List all notaries that worked or works for DJS who notarized Affidavits as to fees and Assignments of Mortgage, include their names and addresses.

10. Copies of all non-disclosure agreements between DJS and any and all of its employees, subcontractor or independent contractors.

11. Copies of all checks and/or evidence of any other form of payment(s) from the plaintiffs that DJS represents in court in foreclosure cases to DJS and/or any of DJS's affiliates and/or subsidiaries for services rendered in foreclosure cases.

12. Documents, including emails, that evidence what the pay scales, pay grades and/or bonuses paid by DJS to employees, subcontractors or independent contractors for completion of foreclosure cases.

13. Documents, including emails, that evidence what the pay scales, pay grades and/or bonuses paid by lenders to DJS or its employees, subcontractors or independent contractors for completion of foreclosure cases

**WITNESS** the **FLORIDA OFFICE OF THE ATTORNEY GENERAL** in Fort Lauderdale, Florida, this __14th__ day of __October__, 2010.

*June M. Clarkson*
June M. Clarkson
Assistant Attorney General
Florida Bar Number: 785709

*Theresa B. Edwards*
Theresa B. Edwards
Assistant Attorney General
Florida Bar Number: 252794

OFFICE OF THE ATTORNEY GENERAL
110 S.E. 6th Street, 10th Floor
Fort Lauderdale, Florida 33301
Telephone:    954-712-4600
Facsimile:     954-712-4658

**NOTE**: In accordance with the Americans with Disabilities Act of 1990, persons needing a special accommodation to participate in this proceeding should contact George Rudd, Assistant Attorney General at (954) 712-4600 no later than seven days prior to the proceedings. If hearing impaired, contact the Florida Relay Service 1-800-955-8771 (TDD); or 1-800-955-8770 (Voice), for assistance.

## AUTHORITY
Florida Statute 501.206

**501.206 Investigative powers of enforcing authority.--**

(1) If, by his own inquiry or as a result of complaints, the enforcing authority has reason to believe that a person has engaged in, or is engaging in, an act or practice that violates this part, he may administer oaths and affirmations, subpoena witnesses or matter, and collect evidence. Within 5 days excluding weekends and legal holidays, after the service of a subpoena or at any time before the return date specified therein, whichever is longer, the party served may file in the circuit court in the county in which he resides or in which he transacts business and serve upon the enforcing authority a petition for an order modifying or setting aside the subpoena. The petitioner may raise any objection or privilege which would be available under this chapter or upon service of such subpoena in a civil action. The subpoena shall inform the party served of his rights under this subsection.

(2) If matter that the enforcing authority seeks to obtain by subpoena is located outside the state, the person subpoenaed may make it available to the enforcing authority or his representative to examine the matter at the place where it is located. The enforcing authority may designate representatives, including officials of the state in which the matter is located, to

9

inspect the matter on his behalf, and he may respond to similar requests from officials of other states.

(3) Upon failure of a person without lawful excuse to obey a subpoena and upon reasonable notice to all persons affected, the enforcing authority may apply to the circuit court for an order compelling compliance.

(4) The enforcing authority may request that the individual who refuses to comply with a subpoena on the ground that testimony or matter may incriminate him be ordered by the court to provide the testimony or matter. Except in a prosecution for perjury, an individual who complies with a court order to provide testimony or matter after asserting a privilege against self-incrimination to which he is entitled by law shall not have the testimony or matter so provided, or evidence derived there from, received against him in any criminal investigation proceeding.

(5) Any person upon whom a subpoena is served pursuant to this section shall comply with the terms thereof unless otherwise provided by order of the court. Any person who fails to appear with the intent to avoid, evade, or prevent compliance in whole or in part with any investigation under this part or who removes, destroys, or by any other means falsifies any documentary material in the possession, custody, or control of any person subject to any such subpoena, or knowingly conceals any relevant information with the intent to avoid, evade, or prevent compliance shall be liable for a civil penalty of not more than $5,000, reasonable attorney's fees, and costs.

**Affidavit of Service Attached**