# EXHIBIT G

# TO THE DECLARATION OF

# JOHN W. SMITH T

## IN THE SUPREME COURT OF FLORIDA

THE FLORIDA BAR,

    Complainant,

v.

DAVID JAMES STERN,

    Respondent.

_____/

Supreme Court Case
No. SC-

The Florida Bar File Nos.
2010-51,725(17I); 2011-50,154(17I);
2011-50,213(17I); 2011-50,216(17I);
2011-50,511(17I); 2011-50,695(17I);
2011-50,850(17I); 2011-50,949(17I);
2011-51,192(17I); 2011-51,322(17I);
2011-51,329(17I); 2011-51,369(17I);
2011-51,433(17I); 2011-51,497(17I);
2011-51,696(17I); 2011-51,868(17I);
2012-50,144(17I).

## COMPLAINT OF THE FLORIDA BAR

The Florida Bar, complainant, files this Complaint against David James

Stern, respondent (also referred to as David J. Stern), pursuant to the Rules

Regulating The Florida Bar and alleges:

1.    Respondent is, and at all times mentioned in the Complaint was, a

member of The Florida Bar, admitted on November 27, 1991 and is subject to the

jurisdiction of the Supreme Court of Florida.

2.    Respondent's law office was located in Broward County, Florida, at

all times material.

3.    The Seventeenth Judicial Circuit Grievance Committee "I" found

probable cause to file this Complaint pursuant to Rule 3-7.4, of the Rules

Regulating The Florida Bar, and this Complaint has been approved by the
presiding member of that committee.

4.    During all times material, respondent was the managing attorney and
sole shareholder of the Law Offices of David J. Stern, P.A. (also referred to as the
Stern law firm or Stern firm).

## COUNT I
[The Florida Bar File No. 2010-51,725(17I)]

5.    The Law Offices of David J. Stern, P.A. has prosecuted mortgage
foreclosure actions in various judicial circuits within the state of Florida on behalf
of lenders, financial institutions and other mortgage services-related entities,
including Mortgage Electronic Registration Services (c/k/a MERS), as well as on
behalf of Freddie Mac and Fannie Mae.

6.    During all times material, respondent elevated several staff to
managerial/supervisory positions in the Stern law firm, including, but not limited
to, attorneys Beverly McComas and Miriam Mendieta, and nonlawyer, Cheryl
Samons, who was the office manager of the foreclosure department and/or
manager of operations.

7.    Said individuals occupied high-ranking managerial, administrative
and supervisory positions with the Stern law firm.  Each reported directly to David
J. Stern as the managing attorney and sole shareholder.  Each position was above

those held by other firm employees, both lawyer associates and non lawyer support staff, which included a bevy of paralegals and notary publics.

8.     In their said capacities, David J. Stern charged these supervisory personnel with the duties and responsibilities attendant to the administration, management, supervision and oversight of the firm's foreclosure attorneys on a daily basis.

9.     In their supervisory capacity, Mendieta, McComas, and Samons were accountable and answerable only to David J. Stern as the managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A.

10.    Eventually, the Stern law firm employed in excess of 1,500 employees, of which approximately 150 were attorneys.

11.    The aforesaid supervisory echelon employees (who hereinafter may sometimes be referred to as the "supervisory echelon" or simply as "supervisors") were under the direct supervision, management, and oversight of David J. Stern.

12.    In addition to their supervisory authority, the supervisory echelon of the Stern law firm were charged with quality control functions and responsibilities that included, inter alia, management of the preparation of client files for summary judgment hearings wherein they were ultimately accountable for any deficiencies in the contents of a file that would forestall the entry of the final judgment.

13.     From on or about 2008, the Stern law firm's foreclosure case volume sky-rocketed, the success of which depended upon stringent start-to-finish timeline requirements which imposed substantial oversight and managerial responsibilities on David J. Stern and his supervisory level personnel.

14.     Ultimately, the firm's supervisory echelon employees such as Mensieta, McComas, and Samons, due to their extensive supervisory and managerial duties and responsibilities were given annual salaries that ranged from $200,000 to $600,000.

15.     David J. Stern knew, or with the exercise of reasonable diligence, should have known that during Mendieta's and McComas' tenures as a managing attorneys, Mendieta and  McComas failed to make reasonable efforts to ensure that she and the lawyers under her authority and supervision conformed to the applicable Rules of Professional Conduct.

16.     David J. Stern's lack of supervisory oversight, together with that of the supervisory echelon, contributed to many allegations of misconduct, including many judicial referrals to the Bar, on the part of the Stern law firm and its associates, which included, but were not limited to:

      A.     Missed hearings, trials, case management conferences and other court proceedings of which the Stern law firm had been duly noticed but for which no attorney appeared;

4

B.    Improperly executed and/or improperly notarized documents,

including, but not limited to, assignments of mortgage, and

affidavits of reasonable attorneys' fees;

C.    Improperly drafted and filed ex parte motions to cancel

foreclosure sales, set aside final judgments of foreclosure and to

restore cancelled loan documents involving real property in

various counties of the state of Florida;

D.    Hundreds of attorneys handling thousands of mortgage

foreclosure files with substandard administration, direction,

supervision, oversight or control; and

E.    Thousands of pending foreclosure cases and clients left without

proper representation in the courts of various judicial circuits of

the state of Florida.

17.    Further, in attempting to perform managerial and supervisory duties

and exercise of authority, David J. Stern failed to make reasonable efforts to ensure

that the Stern law firm had measures in effect that would give reasonable

assurances that the professional conduct of those handing the firm's files was

compatible with the professional obligations conferred upon an attorney by the

Rules Regulating The Florida Bar and the applicable Rules of Court

Administration.

18.    David J. Stern failed to take sufficient steps to prevent wrongdoing by the firm's employees despite the multiple allegations of misconduct and judicial referrals alleging such conduct as backdating and/or changing of dates on documents.

19.    Due to the aforesaid lack of proper management, administration, supervision, oversight and control, of which David J. Stern knew or should have known, David J. Stern failed to take sufficient steps to otherwise prevent misconduct that resulted in constant allegations and judicial referrals alleging that documents were frequently submitted to courts on behalf of the firm's clients that were incomplete, contained substantial inaccuracies and unconfirmed data, were backdated, improperly notarized and contained other improprieties.

20.    The above practices, along with the aforesaid failures to appear and/or to be properly prepared for hearings, gave rise to many judicial referrals to the Bar that contained allegations of fraudulent and improper practices and procedures and which resulted in the issuance of rules to show cause and sanction orders.

21.    In David J. Stern's capacity as managing attorney and sole shareholder in charge of all activities and functions of the Stern law firm, David J. Stern either knew or should have known that inaccurate and/or improperly executed documents were regularly being provided to courts throughout the state

of Florida and took insufficient action to investigate the activity or to stop or

prevent the improprieties.

22.    Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof.  The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.3 [A lawyer shall act with reasonable diligence and

promptness in representing a client.]; 4-5.1(a) [Duties Concerning Adherence to

Rules of Professional Conduct. A partner in a law firm, and a lawyer who

individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in

effect measures giving reasonable assurance that all lawyers therein conform to the

7

Rules of Professional Conduct.]; 4-5.1(b) [Supervisory Lawyer's Duties. Any

lawyer having direct supervisory authority over another lawyer shall make

reasonable efforts to ensure that the other lawyer conforms to the Rules of

Professional Conduct.]; 4-5.1(c) [Responsibility for Rules Violations. A lawyer

shall be responsible for another lawyer's violation of the Rules of Professional

Conduct if: (1) the lawyer orders the specific conduct or, with knowledge thereof,

ratifies the conduct involved; or (2) the lawyer is a partner or has comparable

managerial authority in the law firm in which the other lawyer practices or has

direct supervisory authority over the other lawyer, and knows of the conduct at a

time when its consequences can be avoided or mitigated but fails to take

reasonable remedial action.]; 4-5.3(b) [With respect to a nonlawyer employed or

retained by or associated with a lawyer or an authorized business entity as defined

elsewhere in these Rules Regulating The Florida Bar: (1) a partner, and a lawyer

who individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in

effect measures giving reasonable assurance that the person's conduct is

compatible with the professional obligations of the lawyer; (2) a lawyer having

direct supervisory authority over the nonlawyer shall make reasonable efforts to

ensure that the person's conduct is compatible with the professional obligations of

the lawyer; and (3) a lawyer shall be responsible for conduct of such a person that

would be a violation of the Rules of Professional Conduct if engaged in by a

lawyer if: (A) the lawyer orders or, with the knowledge of the specific conduct,

ratifies the conduct involved; or (B) the lawyer is a partner or has comparable

managerial authority in the law firm in which the person is employed, or has direct

supervisory authority over the person, and knows of the conduct at a time when its

consequences can be avoided or mitigated but fails to take reasonable remedial

action.]; 4-5.3(c) [Although paralegals or legal assistants may perform the duties

delegated to them by the lawyer without the presence or active involvement of the

lawyer, the lawyer shall review and be responsible for the work product of the

paralegals or legal assistants.]; 4-8.4(a) [A lawyer shall not violate or attempt to

violate the Rules of Professional Conduct, knowingly assist or induce another to do

so, or do so through the acts of another.]; 4-8.4(c) [A lawyer shall not engage in

conduct involving dishonesty, fraud, deceit, or misrepresentation ....]; and 4-8.4(d)

[A lawyer shall not engage in conduct in connection with the practice of law that is

prejudicial to the administration of justice, including to knowingly, or through

callous indifference, disparage, humiliate, or discriminate against litigants, jurors,

witnesses, court personnel, or other lawyers on any basis, including, but not limited

to, on account of race, ethnicity, gender, religion, national origin, disability, marital

status, sexual orientation, age, socioeconomic status, employment, or physical

characteristic.].

## COUNT II
[The Florida Bar File Nos. 2011-50,154(17I);
2011-50,216(17I); and 2011-50,511(17I)]

23.    During all times material, Cheryl Samons was the office manager for the foreclosure department and/or manager of operations of the Law Offices of David J. Stern, P.A., among other things.

24.    During all times material, Cheryl Samons occupied a desk and/or office in close proximity to respondent's office.

25.    Respondent, David J. Stern, was regularly present in the Law Offices of David J. Stern, P.A.

26.    In the hierarchy of the staff of the Law Offices of David J. Stern, P.A., Cheryl Samons answered directly to respondent.

27.    Cheryl Samons and respondent communicated openly during regular working hours.

28.    During all times material, Cheryl Samons, as Assistant Secretary of Mortgage Electronic Registration Systems (c/k/a MERS), or in some other official capacity, did execute thousands of documents, including assignments of mortgage, which were filed in courts throughout the state of Florida in foreclosure cases or recorded in the public record.

29.    Associate attorneys in the Stern firm utilized those assignments through filings in courts throughout the state of Florida in the firm's endeavor to foreclose these properties on behalf of the firm's lender clients.

30.    On a given day, Cheryl Samons executed approximately 500 documents which were either filed in courts throughout the state of Florida or recorded in the public record.

31.    Each assignment indicated that it was prepared by David J. Stern, Esq.

32.    Numerous assignments were not executed by Cheryl Samons on the date reflected on the document.

33.    The false representation of the execution of the assignment is evidenced by the date of the expiration of the notary commission. (Attached hereto and incorporated herein as **The Florida Bar Composite Exhibit A** are copies of some of the assignments of mortgage.)

34.    A review of the first document in The Florida Bar Composite Exhibit P reflects, as an example, that Cheryl Samons executed an assignment of mortgage regarding Lots 9 and 10, Block 4461, Unit 63, Cape Coral, Lee County, Florida on May 25, 2007. Said document reflects it was notarized by another individual, Michelle Camacho, whose notary commission expires on March 24, 2012.  A notary term is four years.  As such, Michelle Camacho possessed that stamp from

11

March 25, 2008 to March 24, 2012, making it impossible to have notarized the document on May 25, 2007, nearly a year before.

35.     Although the documents Cheryl Samons executed, which were filed in courts throughout the state of Florida or filed in the public record, indicated that they were signed in the presence of a notary, in truth and in fact many of the documents were not executed in the presence of a notary.

36.     Although the documents Cheryl Samons executed, which were filed in courts throughout the state of Florida or filed in the public record, indicated that they were executed in the presence of a notary, in truth and in fact many of the documents were not necessarily notarized by the reflected notary as the notaries in the office routinely exchanged their notary stamps to accomplish mass notarizing.

37.     Many of the documents purported to be executed by Cheryl Samons were in truth and in fact executed by others mimicking Cheryl Samons' signature, at Cheryl Samons' instructions and directive. Those documents did not indicate for the reader that Cheryl Samons was not the signatory. Those documents were filed in courts throughout the state of Florida or filed in the public record.

38.     Although the documents Cheryl Samons executed, which were filed in the courts throughout the state of Florida or filed in the public record, included witnesses' signatures which indicated that they witnessed Cheryl Samons as the

signatory, many witnesses did not actually observe Cheryl Samons sign the document.

39.    The documents heretofore mentioned were stacked side by side on long conference room tables on each of the four floors of the space occupied by the Law Offices of David J. Stern, P.A.

40.    On a daily basis during the material times, Cheryl Samons would approach each conference room table, generally twice a day, morning and midafternoon, and execute each document.

41.    Respondent knew or should have known that the aforementioned improprieties and irregularities committed by his office manager and other staff occurred on a regular basis.

42.    Cheryl Samons was rewarded for her loyalty and malfeasance.

43.    The rewards to Cheryl Samons included payment of many of Cheryl Samons' household bills and the purchase and/or lease of new automobiles.

44.    Wherefore, by reason of the foregoing, respondent has violated the following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of Professional Conduct as adopted by the rules governing The Florida Bar is a cause for discipline.]; 3-4.3 [The standards of professional conduct to be observed by members of the bar are not limited to the observance of rules and avoidance of prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof. The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-5.3(b) [With respect to a nonlawyer employed or retained

by or associated with a lawyer or an authorized business entity as defined

elsewhere in these Rules Regulating The Florida Bar: (1) a partner, and a lawyer

who individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in

effect measures giving reasonable assurance that the person's conduct is

compatible with the professional obligations of the lawyer; (2) a lawyer having

direct supervisory authority over the nonlawyer shall make reasonable efforts to

ensure that the person's conduct is compatible with the professional obligations of

the lawyer; and (3) a lawyer shall be responsible for conduct of such a person that

would be a violation of the Rules of Professional Conduct if engaged in by a

lawyer if: (A) the lawyer orders or, with the knowledge of the specific conduct,

ratifies the conduct involved; or (B) the lawyer is a partner or has comparable

managerial authority in the law firm in which the person is employed, or has direct

supervisory authority over the person, and knows of the conduct at a time when its

consequences can be avoided or mitigated but fails to take reasonable remedial

action.]; 4-5.3(c) [Although paralegals or legal assistants may perform the duties

delegated to them by the lawyer without the presence or active involvement of the

lawyer, the lawyer shall review and be responsible for the work product of the

paralegals or legal assistants.]; 4-8.4(a) [A lawyer shall not violate or attempt to

violate the Rules of Professional Conduct, knowingly assist or induce another to do

so, or do so through the acts of another.]; 4-8.4(c) [A lawyer shall not (c) engage in

conduct involving dishonesty, fraud, deceit, or misrepresentation ....]; and 4-8.4(d)

[A lawyer shall not engage in conduct in connection with the practice of law that is

prejudicial to the administration of justice, including to knowingly, or through

callous indifference, disparage, humiliate, or discriminate against litigants, jurors,

witnesses, court personnel, or other lawyers on any basis, including, but not limited

to, on account of race, ethnicity, gender, religion, national origin, disability, marital

status, sexual orientation, age, socioeconomic status, employment, or physical

characteristic.].

## COUNT III
[The Florida Bar File No. 2011-50,695(17I)]

45.    On or about July 29, 2008, an assignment of mortgage prepared by

David J. Stern, Esq. was filed in the public records in Citrus County, Florida on

behalf of Mortgage Electronic Registration Systems (c/k/a MERS) concerning

property described as a portion of Section 35, Township 20 South, Range 20 East,
Citrus County, Florida.  (Attached hereto and incorporated herein as **The Florida
Bar Exhibit B** is a copy of the assignment of mortgage.)

46.    The assignment was executed by Cheryl Samons, as Assistant
Secretary, on behalf of MERS.

47.    Cheryl Samons, as previously referenced and during all times
material, was the office manager for the foreclosure department and/or manager of
operations of the Law Offices of David J. Stern, P.A.

48.    The assignment contained a false representation as to the date it was
executed since the witnessing notary's term could not have been in existence on
September 18, 2007, the date Cheryl Samons executed the assignment.

49.    The notary's term of four years ran from March 25, 2008 until
March 24, 2012. The purported date of the execution of the assignment was on
September 7, 2007.

50.    On or about September 8, 2009, a corrected assignment of mortgage
prepared by David J. Stern, Esq. was filed in the public records in Citrus County,
Florida on behalf of MERS, as to the same property referenced above.  (Attached
hereto and incorporated here as **The Florida Bar Exhibit C** is a copy of the
corrected assignment of mortgage.)

16

51.    The "corrected" assignment did not appear to contain any false
representations.

52.    The corrected assignment was respondent's attempt to conceal and
correct the prior fraudulent assignment filed in the Citrus County public records on
July 29, 2008.

53.    The respondent knew or should have known that the aforementioned
improprieties and irregularities committed by his office manager and others
occurred.

54.    Wherefore, by reason of the foregoing, respondent has violated the
following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of
Professional Conduct as adopted by the rules governing The Florida Bar is a cause
for discipline.]; 3-4.3 [The standards of professional conduct to be observed by
members of the bar are not limited to the observance of rules and avoidance of
prohibited acts, and the enumeration herein of certain categories of misconduct as
constituting grounds for discipline shall not be deemed to be all-inclusive nor shall
the failure to specify any particular act of misconduct be construed as tolerance
thereof. The commission by a lawyer of any act that is unlawful or contrary to
honesty and justice, whether the act is committed in the course of the attorney's
relations as an attorney or otherwise, whether committed within or outside the state
of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

17

cause for discipline.]; 4-5.3(b) [With respect to a nonlawyer employed or retained

by or associated with a lawyer or an authorized business entity as defined

elsewhere in these Rules Regulating The Florida Bar: (1) a partner, and a lawyer

who individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in

effect measures giving reasonable assurance that the person's conduct is

compatible with the professional obligations of the lawyer; (2) a lawyer having

direct supervisory authority over the nonlawyer shall make reasonable efforts to

ensure that the person's conduct is compatible with the professional obligations of

the lawyer; and (3) a lawyer shall be responsible for conduct of such a person that

would be a violation of the Rules of Professional Conduct if engaged in by a

lawyer if: (A) the lawyer orders or, with the knowledge of the specific conduct,

ratifies the conduct involved; or (B) the lawyer is a partner or has comparable

managerial authority in the law firm in which the person is employed, or has direct

supervisory authority over the person, and knows of the conduct at a time when its

consequences can be avoided or mitigated but fails to take reasonable remedial

action.]; 4-5.3(c) [Although paralegals or legal assistants may perform the duties

delegated to them by the lawyer without the presence or active involvement of the

lawyer, the lawyer shall review and be responsible for the work product of the

paralegals or legal assistants.]; 4-8.4(a) [A lawyer shall not violate or attempt to

violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.]; 4-8.4(c) [A lawyer shall not (c) engage in conduct involving dishonesty, fraud, deceit, or misrepresentation ....]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic.].

### COUNT IV
[The Florida Bar File No. 2010-51,725(17I)]

55.    Respondent employed attorneys Richard Toledo and Jorge Suarez as independent contractors in the role of experts concerning the assessment of reasonable, acceptable, and appropriate attorneys' fees in the mortgage foreclosure actions that were being prosecuted by respondent's firm.

56.    Between 2006 and 2011, Toledo and Suarez executed between 200-225 attorneys fee affidavits per week.

57.    Many of the affidavits were not notarized in the presence of either Toledo or Suarez.

58.    Despite stating under oath that files were reviewed prior to the execution of the affidavits, Toledo and Suarez did not review all files.

59.    Between 2006 and 2011, attorney Richard Toledo was paid approximately $240,000 by the Law Offices of David J. Stern, P.A. for the execution of attorneys' fee affidavits and the purported review of files.

60.    Between 2006 and 2007 attorney Jorge Suarez was paid approximately $59,101 by the Law Offices of David J. Stern, P.A. for the execution of attorneys' fee affidavits and the purported review of files.

61.    Between 2008 and 2010 attorney Jorge Suarez was paid approximately $782,269 by the Law Offices of David J. Stern, P.A. for the execution of attorneys' fee affidavits and purported review of files, as well as other work performed on behalf of the Stern law firm.

62.    These affidavits of reasonable attorneys' fees containing falsehoods were filed by the Law Offices of David J. Stern, P.A. in various court cases throughout the state of Florida.

63.    The respondent knew or should have known that the aforementioned improprieties and irregularities committed by employees and independent contractors occurred on a regular basis.

64.    In respondent's performance of his duties and responsibilities as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A.,

respondent failed to make a reasonable effort to ensure that the firm had measures

in effect that would provide reasonable assurance that the professional conduct of

those handling the firm's files or preparing documents to be filed in various court

cases throughout the state of Florida in those firm files was compatible with the

professional obligations and standards conferred on them by the Rules Regulating

The Florida Bar.

65.    Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof. The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.3 [A lawyer shall act with reasonable diligence and

promptness in representing a client.]; 4-5.1(a) [Duties Concerning Adherence to

Rules of Professional Conduct. A partner in a law firm, and a lawyer who

individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in

effect measures giving reasonable assurance that all lawyers therein conform to the

Rules of Professional Conduct.]; 4-5.1(b) [Supervisory Lawyer's Duties. Any

lawyer having direct supervisory authority over another lawyer shall make

reasonable efforts to ensure that the other lawyer conforms to the Rules of

Professional Conduct.]; 4-5.1(c) [Responsibility for Rules Violations. A lawyer

shall be responsible for another lawyer's violation of the Rules of Professional

Conduct if: (1) the lawyer orders the specific conduct or, with knowledge thereof,

ratifies the conduct involved; or (2) the lawyer is a partner or has comparable

managerial authority in the law firm in which the other lawyer practices or has

direct supervisory authority over the other lawyer, and knows of the conduct at a

time when its consequences can be avoided or mitigated but fails to take

reasonable remedial action.]; 4-5.3(b) [With respect to a nonlawyer employed or

retained by or associated with a lawyer or an authorized business entity as defined

elsewhere in these Rules Regulating The Florida Bar: (1) a partner, and a lawyer

who individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in

effect measures giving reasonable assurance that the person's conduct is

compatible with the professional obligations of the lawyer; (2) a lawyer having

direct supervisory authority over the nonlawyer shall make reasonable efforts to

ensure that the person's conduct is compatible with the professional obligations of

the lawyer; and (3) a lawyer shall be responsible for conduct of such a person that

would be a violation of the Rules of Professional Conduct if engaged in by a

lawyer if: (A) the lawyer orders or, with the knowledge of the specific conduct,

ratifies the conduct involved; or (B) the lawyer is a partner or has comparable

managerial authority in the law firm in which the person is employed, or has direct

supervisory authority over the person, and knows of the conduct at a time when its

consequences can be avoided or mitigated but fails to take reasonable remedial

action.]; 4-5.3(c) [Although paralegals or legal assistants may perform the duties

delegated to them by the lawyer without the presence or active involvement of the

lawyer, the lawyer shall review and be responsible for the work product of the

paralegals or legal assistants.]; 4-8.4(a) [A lawyer shall not violate or attempt to

violate the Rules of Professional Conduct, knowingly assist or induce another to do

so, or do so through the acts of another.]; 4-8.4(c) [A lawyer shall not engage in

conduct involving dishonesty, fraud, deceit, or misrepresentation ….]; and 4-8.4(d)

[A lawyer shall not engage in conduct in connection with the practice of law that is

prejudicial to the administration of justice, including to knowingly, or through

callous indifference, disparage, humiliate, or discriminate against litigants, jurors,

witnesses, court personnel, or other lawyers on any basis, including, but not limited

to, on account of race, ethnicity, gender, religion, national origin, disability, marital

status, sexual orientation, age, socioeconomic status, employment, or physical

characteristic.].

### COUNT V
[The Florida Bar File No. 2011-51,497(17I)]

66.    The Law Offices of David J. Stern, P.A. represented the plaintiff,

BAC Home Loans Servicing, in its foreclosure action against Christine Noonan-

Smith, et al. in Gilchrist County, Florida, Case No. 2009CA000126 (hereinafter

referred to as BAC v. Noonan-Smith) beginning on or about September of 2009.

67.    On or about October 20, 2009, the Honorable Stanley H. Griffis III,

Circuit Judge of the Eighth Judicial Circuit of Florida, entered an Order Scheduling

Case Management Conference and/or Non-Jury Trial in which a Case Management

Conference in BAC v. Noonan-Smith was scheduled for December 15, 2009 at

11:00 a.m., in the Gilchrist County Courthouse. (Attached hereto and incorporated

herein as **The Florida Bar Exhibit D** is a copy of the Order dated October 20,

2009.)

68.    On or about December 15, 2009, Judge Griffis entered an Order of

Dismissal for Failure to Comply and Order Directing Clerk to Close File in BAC v.

Noonan-Smith. (Attached hereto and incorporated herein as **The Florida Bar

Exhibit E** is a copy of the Order dated December 15, 2009.)

69.    Judge Griffis found the following, among other things, in the

December 15, 2009 Order in BAC v. Noonan-Smith:

**THIS CAUSE** came before the Court on December 15, 2009,
for Case Management filed on the 20th day of October, 2009. The
Court, being otherwise fully advised in the premises, **FINDS:**

a.    Good cause was not shown at the hearing why the action should
not be dismissed for failure to comply with the Order
Scheduling Case Management Conference and/or Non-Jury
Trial filed on October 20, 2009, **by the Plaintiff's attorney
who is responsible for the file in this case failing to appear
at the Case Management Conference in person.** The Court
shall dismiss this action.

b.    The Court has previously dismissed the following case(s)
involving counsel's failure to appear at court ordered hearings.

Case No.: 21-2008-CA-0133
Case No.: 38-2008-CA-1264
Case No.: 38-2008-CA-0906
Case No.: 38-2008-CA-0855
Case No.: 38-2008-CA-0852
Case No.: 21-2008-CA-0113
Case No.: 38-2008-CA-0390
Case No.: 21-2008-CA-0072
Case No.: 38-2008-CA-1169
Case No.: 38-2009-CA-0148
Case No.: 38-2009-CA-0944
Case No.: 38-2009-CA-0950
Case No.: 38-2008-CA-0891
Case No.: 21-2009-CA-0132
Case No.: 21-2009-CA-0131

(See Exhibit E)

70.    In respondent's capacity as managing attorney and sole shareholder of

the Law Offices of David J. Stern, P.A. in charge of all of the functions and

activities, practices and procedures of the Stern law firm, respondent either knew, or should have known, that hearings, case management conferences and other duly noticed adjudicative proceedings were being dismissed for failure of the respondent or an associate of the firm to appear after timely notice.

71.    In respondent's performance of his duties and responsibilities as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A., respondent failed to make a reasonable effort to ensure that the firm had measures in effect that would provide reasonable assurance that the professional conduct of those handling the firm's files was compatible with the professional obligations and standards conferred on them by the Rules Regulating The Florida Bar.

72.    Wherefore, by reason of the foregoing, respondent has violated the following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of Professional Conduct as adopted by the rules governing The Florida Bar is a cause for discipline.]; 3-4.3 [The standards of professional conduct to be observed by members of the bar are not limited to the observance of rules and avoidance of prohibited acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof.  The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.3 [A lawyer shall act with reasonable diligence and

promptness in representing a client.]; 4-3.2 [A lawyer shall make reasonable efforts

to expedite litigation consistent with the interests of the client.]; 4-5.1(a) [A partner

in a law firm, and a lawyer who individually or together with other lawyers

possesses comparable managerial authority in a law firm, shall make reasonable

efforts to ensure that the firm has in effect measures giving reasonable assurance

that all lawyers therein conform to the Rules of Professional Conduct.]; 4-5.1(b)

[Any lawyer having direct supervisory authority over another lawyer shall make

reasonable efforts to ensure that the other lawyer conforms to the Rules of

Professional Conduct.]; and 4-5.1(c) [A lawyer shall be responsible for another

lawyer's violation of the Rules of Professional Conduct if: (1) the lawyer orders

the specific conduct or, with knowledge thereof, ratifies the conduct involved; or

(2) the lawyer is a partner or has comparable managerial authority in the law firm

in which the other lawyer practices or has direct supervisory authority over the

other lawyer, and knows of the conduct at a time when its consequences can be

avoided or mitigated but fails to take reasonable remedial action.].

## COUNT VI
[The Florida Bar File No. 2011-51,696(17I)]

73.    The Law Offices of David J. Stern, P.A. represented the plaintiff,

Aurora Loan Services, LLC, in its foreclosure action against Edward S. Gelman, et

al. in Nassau County, Florida, Case No. 2009CA000220 (hereinafter referred to as

Aurora v. Gelman) beginning on or about July of 2009.

74.    On or about October 12, 2010, the Honorable Brian J. Davis, Circuit

Court Judge of the Fourth Judicial Circuit of Florida, entered an Order on Motion

for Attorney's Fees in Aurora v. Gelman in which the Law Offices of David J.

Stern, P.A. was ordered to pay the sum of $1,225.00 as and for the defendant's

attorney's fees. (Attached hereto and incorporated herein as **The Florida Bar**

**Exhibit F** is a copy of the Order dated October 12, 2010.)

75.    Judge Davis found the following, among other things, in the

October 12, 2010 order in Aurora v. Gelman, which is paraphrased below:

A.    That the Stern law firm had been served with proper and timely

notice of the telephonic hearing and had thus been afforded an

ample opportunity to be heard.

B.    That the Stern law firm was familiar with the Court's

procedures for such hearings as same had been utilized for a

prior motion hearing less than a month earlier, but that the

firm's associate nevertheless failed to answer the telephone and attend the hearing.

C.    That the bad faith conduct of the Stern law firm's associate unreasonably prolonged the proceeding and increased the cost of representation of both parties.

D.    That the Stern law firm's associate knowingly sent a proposed Order granting the Stern law firm's motion for leave to file an amended foreclosure complaint to the Court without first providing a copy of the proposed Order to opposing counsel of record, an act Judge Davis characterized as a violation of Rule 4-3.5 of the Rules Regulating The Florida Bar.  Such ex parte communication was the basis of the Court's granting the said motion.

E.    That the defendants were forced to file a motion to vacate the Order.

F.    On September 28, 2010, following a hearing, Judge Davis also granted the defendants' motion to strike the amended complaint because Judge Davis found it was not properly verified, as required pursuant to Fla. R. Civ. P. 1.110(b).

G.     Further, Judge Davis found that the Stern law firm's associate's letter and proposed Order also violated Rule 4-3.3 of the Rules Regulating The Florida Bar requiring candor towards the tribunal.

H.     That, further, the Stern law firm's associate failed to disclose to the Court that defendants' attorney had previously filed and served an objection to the Motion For Leave to File Amended Foreclosure Complaint and that the Stern law firm's associate also failed to inform the Court of the verification requirement provided by Rule 1.110(b) as required by Rule 4-3.3(c) of the Rules Regulating The Florida Bar.  Such rule requires that all facts known to the attorney be disclosed in order to enable a Court to make an informed decision, whether or not the facts are adverse.

I.     That as a result, the defendants' attorney was required to prepare and file a motion to vacate the Order and strike the Amended Complaint, as well as to schedule, prepare for and attend the hearing on the motion.

(See Exhibit F)

30

76.     In respondent's capacity as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A. in charge of all of the functions and activities, practices and procedures of the Stern law firm, respondent either knew or should have known, that duly noticed hearings were missed, that files were not properly reviewed by firm associates, and that misrepresentations were made by associates to the court due to inadequate and incomplete review of the file and/or an overwhelming number of files assigned to each associate.

77.     In respondent's performance of his duties and responsibilities as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A., respondent failed to make a reasonable effort to ensure that the firm had measures in effect that would provide reasonable assurance that the professional conduct of those handling the firm's files was compatible with the professional obligations and standards conferred on them by the Rules Regulating The Florida Bar.

78.     Wherefore, by reason of the foregoing, respondent has violated the following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of Professional Conduct as adopted by the rules governing The Florida Bar is a cause for discipline.]; 3-4.3 [The standards of professional conduct to be observed by members of the bar are not limited to the observance of rules and avoidance of prohibited acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

31

the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline.]; 4-5.3(b) [With respect to a nonlawyer employed or retained by or associated with a lawyer or an authorized business entity as defined elsewhere in these Rules Regulating The Florida Bar: (1) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer; (2) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and (3) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if: (A) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or (B) the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its

32

consequences can be avoided or mitigated but fails to take reasonable remedial action.]; 4-5.3(c) [Although paralegals or legal assistants may perform the duties delegated to them by the lawyer without the presence or active involvement of the lawyer, the lawyer shall review and be responsible for the work product of the paralegals or legal assistants.]; 4-8.4(a) [A lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic.].

## COUNT VII
### [The Florida Bar File No. 2011-51,868(17I)]

79.    On or about November 4, 2010, the Honorable Paul B. Kanarek, Circuit Court Judge for the Nineteenth Judicial Circuit of Florida, wrote to The Florida Bar and forwarded a copy of the order entered striking a certificate of compliance filed by an associate in the Law Offices of David J. Stern, P.A., in Sovereign Bank, Plaintiff v. David A. Bishop, et al., Defendants, Case No. 2010CA010183 (hereinafter referred to as Sovereign Bank v. Bishop).

(Attached hereto and incorporated herein as **The Florida Bar Exhibit G** is a copy of Judge Kanarek's letter dated November 4, 2010 and attachment.)

80.    In Judge Kanarek's letter to The Florida Bar, he advised that the certificate of compliance filed in <u>Sovereign Bank v. Bishop</u> was struck because statements made were not true since the certificate indicated that mediation was not mandated due to the date that the underlying action was filed.

81.    In truth and in fact, mediation <u>was</u> mandated based on the date that the underlying action was filed.

82.    In response to The Florida Bar, the associate from the Law Offices of David J. Stern, P.A. stated that his review of his own office file was negligent which led to providing inaccurate information to the court in <u>Sovereign Bank v. Bishop</u>.

83.    In respondent's capacity as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A. in charge of all of the functions and activities, practices and procedures of the Stern law firm, respondent either knew or should have known that files were not properly reviewed by firm associates and that misrepresentations were made by associates to the court due to inadequate and incomplete review of the file and/or an overwhelming number of files assigned to each associate.

84.    In respondent's performance of his duties and responsibilities as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A., respondent failed to make a reasonable effort to ensure that the firm had measures in effect that would provide reasonable assurance that the professional conduct of those handling the firm's files was compatible with the professional obligations and standards conferred on them by the Rules Regulating The Florida Bar.

85.    Wherefore, by reason of the foregoing, respondent has violated the following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of Professional Conduct as adopted by the rules governing The Florida Bar is a cause for discipline.]; 3-4.3 [The standards of professional conduct to be observed by members of the bar are not limited to the observance of rules and avoidance of prohibited acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof.  The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline.]; 4-5.1(a) [Duties Concerning Adherence to Rules of Professional Conduct. A partner in a law firm, and a lawyer who individually or

35

together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers therein conform to the Rules of Professional Conduct.]; 4-5.1(b) [Supervisory Lawyer's Duties. Any lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.]; 4-5.1(c) Responsibility for Rules Violations. A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if (1) the lawyer orders the specific conduct or, with knowledge thereof, ratifies the conduct involved; or (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.]; 4-8.4(a) [A lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability,

marital status, sexual orientation, age, socioeconomic status, employment, or

physical characteristic.].

## COUNT VIII
[The Florida Bar File No. 2011-51,192(17I)]

86.     The Law Offices of David J. Stern, P.A. represented the plaintiff,

BAC Home Loans Servicing, in its foreclosure action against Nannette Fuste, et al.

in Indian River County, Florida, Case No. 2009CA012915 (hereinafter referred to

as BAC v. Fuste) beginning on or about November of 2009.

87.     On or about February 22, 2011, the Honorable Cynthia L. Cox,

Circuit Court Judge of the Nineteenth Judicial Circuit of Florida, issued an Order

in BAC v. Fuste Cancelling Foreclosure Sale 2/24/11 reflecting copies to counsels

for the defendant, Law Offices of David J. Stern, and The Florida Bar.  (Attached

hereto and incorporated herein as **The Florida Bar Exhibit H** is a copy of the

Order dated February 22, 2011.)

88.     Judge Cox found the following, among other things, in the

February 22, 2011 Order in BAC v. Fuste:

A.     Plaintiff's counsel has failed to prosecute this case.

B.     That the Order Granting Summary Judgment is pending appeal.

37

C.     That the above-referenced case was set for a foreclosure sale on

February 24, 2011; however the Plaintiff failed to publish the

sale or pay the Clerk's fees.

D.     This Court reserves jurisdiction over all legal and proper issues,

including but not limited to sanctions against Plaintiff's counsel

for its lack of diligence, untimely filing and continuous failure

to follow the Rules and Administrative Orders of this Court.

(See Exhibit G)

89.     On or about February 22, 2011, the Law Offices of David J.

Stern, P.A. was the attorney of record on behalf of the plaintiff in <u>BAC v. Fuste</u>.

90.     Approximately one month earlier, on or about January 11, 2011, the

Law Offices of David J. Stern, P.A. filed a Motion to Withdraw as Counsel and for

Continuance in <u>BAC v. Fuste</u>.  (Attached hereto and incorporated herein as **The

Florida Bar Exhibit I** is a copy of the Motion to Withdraw dated January 10,

2011.)

91.     The Motion to Withdraw did not enclose a proposed order or

substitution of counsel, was not set for hearing, and as a result the Law Offices of

David J. Stern, P.A. did not obtain a ruling granting their Motion to Withdraw.

92.     Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

38

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof. The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.16(a)(3) [Except as stated in subdivision (c), a lawyer

shall not represent a client or, where representation has commenced, shall

withdraw from the representation of a client if the lawyer is discharged.]; 4-1.16(d)

[Upon termination of representation, a lawyer shall take steps to the extent

reasonably practicable to protect a client's interest, such as giving reasonable

notice to the client, allowing time for employment of other counsel, surrendering

papers and property to which the client is entitled, and refunding any advance

payment of fee or expense that has not been earned or incurred. The lawyer may

retain papers and other property relating to or belonging to the client to the extent

permitted by law.]; 4-8.4(a) [A lawyer shall not violate or attempt to violate the

Rules of Professional Conduct, knowingly assist or induce another to do so, or do

so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage in conduct

in connection with the practice of law that is prejudicial to the administration of

justice, including to knowingly, or through callous indifference, disparage,

humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or

other lawyers on any basis, including, but not limited to, on account of race,

ethnicity, gender, religion, national origin, disability, marital status, sexual

orientation, age, socioeconomic status, employment, or physical characteristic.].

## COUNT IX
[The Florida Bar File No. 2011-50,949(17I)]

93.    On or about January 4, 2011, the Honorable Charles A. Francis, Chief

Judge of the Second Judicial Circuit of Florida, filed a grievance with The Florida

Bar against David J. Stern. (Attached hereto and incorporated herein as **The**

**Florida Bar Exhibit J** is a copy of Judge Francis' grievance dated January 4, 2011

and attachment.)

94.    In 10 separate cases pending in the Second Judicial Circuit between

July 28, 2010 and September 20, 2010 in which the Law Offices of David J.

Stern, P.A. was attorney of record, no attorney appeared for court ordered

mediations for the following cases: Case No. 2010CA003171 (Leon County), Case

No. 2010CA003125 (Leon County), Case No. 2010CA000946 (Gadsden County),

Case No. 2010CA000941 (Gadsden County), Case No. 2010CA000304 (Wakulla

County), Case No. 2010CA002491 (Leon County), Case No. 2010CA002485

(Leon County), Case No. 2010CA000290 (Wakulla County), Case No.

2008CA001907 (Leon County), Case No. 2010CA002382 (Leon County).

95.    On or about December 16, 2010, in four separate cases pending in the

Second Judicial Circuit in which the Law Offices of David J. Stern, P.A. was

attorney of record on behalf of U.S. Bank in Case No. 2008CA002458, National

City Mortgage in Case No. 2008CA001882, U.S. Bank in Case No.

2008CA001480, and CitiMortgage in Case No. 2008CA002094, no attorney

appeared for trial previously set by the court.

96.    The failure to appear for trial on December 16, 2010 by the Law

Offices of David J. Stern, P.A. resulted in dismissal of the four previously

referenced cases.  (Case Nos. 2008CA002458, 2008CA001882, 2008CA001480,

and 2008CA002094).  (Attached hereto and incorporated herein as **The Florida**

**Bar Composite Exhibit K** are copies of the Orders Dismissing Case Without

Prejudice filed December 16 and 17, 2010.)

97.    Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

41

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof.  The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.3 [A lawyer shall act with reasonable diligence and

promptness in representing a client.]; 4-1.16(a)(3) [Except as stated in subdivision

(c), a lawyer shall not represent a client or, where representation has commenced,

shall withdraw from the representation of a client if the lawyer is discharged.];

4-1.16(d) [Upon termination of representation, a lawyer shall take steps to the

extent reasonably practicable to protect a client's interest, such as giving

reasonable notice to the client, allowing time for employment of other counsel,

surrendering papers and property to which the client is entitled, and refunding any

advance payment of fee or expense that has not been earned or incurred.  The

lawyer may retain papers and other property relating to or belonging to the client to

the extent permitted by law.]; 4-3.2 [A lawyer shall make reasonable efforts to

expedite litigation consistent with the interests of the client.]; 4-8.4(a) [A lawyer

shall not violate or attempt to violate the Rules of Professional Conduct, knowingly

42

assist or induce another to do so, or do so through the acts of another.]; and

4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of

law that is prejudicial to the administration of justice, including to knowingly, or

through callous indifference, disparage, humiliate, or discriminate against litigants,

jurors, witnesses, court personnel, or other lawyers on any basis, including, but not

limited to, on account of race, ethnicity, gender, religion, national origin, disability,

marital status, sexual orientation, age, socioeconomic status, employment, or

physical characteristic.].

## COUNT X
[The Florida Bar File No. 2011-51,369(17I)]

98.   On or about March 10, 2011, the Honorable Martha Ann Lott, then

Chief Judge of the Eighth Judicial Circuit of Florida, filed a grievance with The

Florida Bar against David J. Stern.  (Attached hereto and incorporated herein as

**The Florida Bar Exhibit L** is a copy of Judge Lott's grievance dated March 10,

2011 and attachments.)

99.   On or about March of 2011, approximately 608 cases in which the

Law Offices of David J. Stern, P.A. was attorney of record remained pending in

the Eighth Judicial Circuit.

100.   On or about March 4, 2011, David J. Stern wrote to Judge Lott and

stated:

A short while ago, we wrote to your Honor advising that our

43

firm suffered a tremendous reduction of both clients and personnel.
Since our last communication, we have continued to file Motions to
Withdraw as Counsel in mass and have been attempting to set them as
quickly and efficiently as possible. The majority of our clients have
terminated the attorney-client relationship and have taken physical
possession of their files. The files were taken in November 2010, with
the promise from our clients that new counsel would file a stipulation
of substitution of counsel with the court and ask for entry of an order
substituting counsel within thirty (30) days. To date, in the vast
majority of cases, successor counsel has still not been named or
identified to us. In the instances where successor counsel has been
identified, we have either drafted Stipulation of Substitution of
Counsel or have signed the same by the thousands. For reasons
unbeknownst to us, of those aforementioned Stipulations, new counsel
has failed to file them with the court. In other cases our former clients
have simply failed to obtain new counsel altogether.

Given these circumstances, we estimate that we still need to
withdraw from approximately 100,000 files statewide. With our
extremely limited staff, we have attended as many hearings as
possible without new counsel coming forward to shoulder the
responsibility for the files they were assigned nearly five months ago.
As a result thereof, we have been forced to drastically reduce our
attorney and paralegal staff to the point where we no longer have the
financial or personnel resources to continue to file the Motions to
Withdraw in the tens of thousands of cases that we still remain as
counsel of record. Therefore, it is with great regret that <u>we will be
ceasing the servicing of clients with respect to all pending foreclosure
matters in the State of Florida as of March 31, 2011. If our former
clients do not cause new counsel to appear to represent them by
March 31, 2011, your Honor should treat the pending cases on the
enclosed list as you deem appropriate.</u> We are enclosing a list of all of
the active cases we have in your circuit. [Emphasis supplied.]

(See Exhibit L)

101.    David J. Stern did intentionally abandon the approximately 608 cases

referenced above in the Eighth Judicial Circuit despite the knowledge that they

remained active, as well as the remainder of the 100,000 cases statewide all of

which David J. Stern admitted, causing massive and irreconcilable damage to the

entire court system.

102.    Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof.  The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.16(a)(3) [Except as stated in subdivision (c), a lawyer

shall not represent a client or, where representation has commenced, shall

withdraw from the representation of a client if the lawyer is discharged.]; 4-1.16(d)

[Upon termination of representation, a lawyer shall take steps to the extent

reasonably practicable to protect a client's interest, such as giving reasonable

notice to the client, allowing time for employment of other counsel, surrendering

papers and property to which the client is entitled, and refunding any advance

payment of fee or expense that has not been earned or incurred.  The lawyer may

retain papers and other property relating to or belonging to the client to the extent

permitted by law.]; 4-8.4(a) [A lawyer shall not violate or attempt to violate the

Rules of Professional Conduct, knowingly assist or induce another to do so, or do

so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage in conduct

in connection with the practice of law that is prejudicial to the administration of

justice, including to knowingly, or through callous indifference, disparage,

humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or

other lawyers on any basis, including, but not limited to, on account of race,

ethnicity, gender, religion, national origin, disability, marital status, sexual

orientation, age, socioeconomic status, employment, or physical characteristic.].

## COUNT XI
[The Florida Bar File No. 2011-51,329(17I)]

103.   The Law Offices of David J. Stern, P.A. represented the plaintiff,

Deutsche Bank National Trust Company, in its foreclosure action against Paul

Wilder and Melody L. Pecot in Brevard County, Florida, Case No.

2007CA020455, beginning on or about July of 2007.

104.   On or about March 23, 2010, the defendant, Paul D. Wilder, filed a

Notice of Appeal in the Brevard County case referenced above with the District

Court of Appeal of the State of Florida, Fifth District (hereinafter referred to as the 5th DCA).

105.    On or about December 7, 2010, the 5th DCA issued an order in

Paul D. Wilder, Appellant v. Deutsche Bank National Trust Company, Appellee,

Case No. 5D10-1022 (hereinafter referred to as Wilder v. Deutsche Bank)

reflecting copies to Paul D. Wilder, David J. Stern (with copy of motion), and

Clerk of Court, Brevard County (2007CA020455) that provided in part:

> ORDERED that Appellee shall file a response to Appellant's Motion for Mediation, filed November 8, 2010, within ten days from the date hereof. A copy of the motion is provided to Appellee with this Order.

(Attached hereto and incorporated herein as **The Florida Bar Exhibit M** is

a copy of the Order dated December 7, 2010.)

106.    Appellee, Deutsche Bank, through its attorney, David J. Stern, failed

to file any response to the 5th DCA's December 7, 2010 Order.

107.    On or about January 10, 2011, the 5th DCA issued an order in Wilder

v. Deutsche Bank reflecting copies to Paul D. Wilder and David J. Stern, Esq. that

provided in part:

> ORDERED that counsel for Appellee, David J. Stern, Esq. shall show cause within ten days from the date hereof, why he shouldn't be sanctioned for failing to comply with the Court's December 7, 2010 Order.

(Attached hereto and incorporated herein as **The Florida Bar Exhibit N** is a

copy of the Order dated January 10, 2011.)

108.  David J. Stern failed to file any response to the 5th DCA's January 10, 2011 Order.

109.  On or about January 27, 2011, the 5th DCA issued an order in <u>Wilder v. Deutsche Bank</u> reflecting copies to David J. Stern, Esq. by certified mail and to Paul D. Wilder that provided:

> ORDERED that attorney David J. Stern shall personally appear before this Court at 10:00 a.m., Thursday February 24, 2011, to show cause why he should not be sanctioned for failing to comply with this Court's December 7, 2010 and January 10, 2011 Orders.

(Attached hereto and incorporated herein as **The Florida Bar Exhibit O** is a copy of the Order dated January 27, 2011.)

110.  The 5th DCA's January 27, 2011 Order directing David J. Stern to personally appear on February 24, 2011 was received in his office, as reflected by the certified mail receipt dated January 31, 2011. (Attached hereto and incorporated herein as **The Florida Bar Exhibit P** is a copy of the certified mail receipt dated January 31, 2011.)

111.  David J. Stern failed to appear before the 5th DCA on February 24, 2011.

112.  David J. Stern did not provide any explanation to the 5th DCA for his failure to appear on February 24, 2011.

113.  On or about February 25, 2011, the 5th DCA issued an order in <u>Wilder v. Deutsche Bank</u> reflecting copies to The Florida Bar (with copy of orders), David

J. Stern, Esq., Paul D. Wilder, and Deutsche Bank National Trust Company that

provided:

> ORDERED that David J. Stern, Esq. is hereby referred to The
> Florida Bar, for investigation and consideration of appropriate
> disciplinary action for failing to comply with the December 7, 2010
> and January 10, 2011 Orders of this Court and failing to personally
> appear before the Court in compliance with the Court's January 27,
> 2011 Order. Copies of the relevant Orders are provided herewith to
> The Florida Bar.

(Attached hereto and incorporated herein as **The Florida Bar Exhibit Q** is a

copy of the Order dated February 25, 2011 and attachments.)

114.   On or about February 25, 2011, Susan Wright, Clerk of the 5th DCA

wrote to The Florida Bar, at the direction of the 5th DCA referring David J. Stern

for appropriate disciplinary action for failures to comply with court orders and

failing to appear. (Attached hereto and incorporated herein as **The Florida Bar**

**Exhibit R** is a copy of Susan Wright's letter dated February 25, 2011 and

enclosures.)

115.   Even after the 5th DCA entered the February 25, 2011 Order referring

the matter to The Florida Bar for investigation and consideration of appropriate

disciplinary action, David J. Stern has <u>never</u> provided any response to the 5th DCA

for his failures to comply and appear.

116.   Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof.  The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-3.4(c) [A lawyer shall not knowingly disobey an obligation

under the rules of a tribunal except for an open refusal based on an assertion that

no valid obligation exists.]; 4-8.4(a) [A lawyer shall not violate or attempt to

violate the Rules of Professional Conduct, knowingly assist or induce another to do

so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage

in conduct in connection with the practice of law that is prejudicial to the

administration of justice, including to knowingly, or through callous indifference,

disparage, humiliate, or discriminate against litigants, jurors, witnesses, court

personnel, or other lawyers on any basis, including, but not limited to, on account

of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic.].

## COUNT XII
[The Florida Bar File No. 2011-50,213(17I)]

117.    The Law Offices of David J. Stern, P.A. represented the plaintiff, GMAC in its foreclosure action against Pablo Guerra, et al. in Miami-Dade County, Florida, Case No. 2008CA062193 (hereinafter referred to as GMAC v. Guerra) beginning on or about October of 2008.

118.    On or about November of 2008, Pablo Guerra was served with the lawsuit filed by the Law Offices of David J. Stern, P.A on behalf of GMAC.

119.    Pablo Guerra, who was served with process, had the same name as the debtor, but was not the debtor.  He was "the wrong" Pablo Guerra.

120.    On or about November 21, 2008, counsel for Guerra spoke with an associate of the Stern law firm by telephone to apprise of the error.

121.    A Stern associate advised Mr. Guerra's attorney to provide a copy of his client's driver's license and social security information to confirm that "the wrong" Pablo Guerra was served with process.

122.    According to the Stern associate, upon receipt and confirmation of the requested identifying information, "the wrong" Pablo Guerra would be removed as a defendant.

123.   On or about November 21, 2008, Mr. Guerra's attorney promptly
provided the requested information together with a letter to the same associate
from the Law Offices of David J. Stern, P.A. (Attached hereto and incorporated
herein as **The Florida Bar Exhibit S** is a copy of the letter and attachment from
Mr. Guerra's attorney dated November 21, 2008.)

124.   Despite immediate compliance with the Stern associate's requested
identifying information, "the wrong" Pablo Guerra continued to receive documents
from the case.

125.   On or about June 23, 2009, Mr. Guerra's attorney sent another letter
to the Stern law firm once again seeking the firm's assistance with regard to the
firm's suing and moving for summary judgment against "the wrong" Pablo Guerra.
(Attached hereto and incorporated herein as **The Florida Bar Exhibit T** is a copy
of the letter and attachment from Mr. Guerra's attorney dated June 23, 2009.)

126.   Despite Mr. Guerra's attorney's repeated requests for the Stern law
firm to correct their known mistake, "the wrong" Pablo Guerra continued to be
copied on documents filed by the Stern law firm in the foreclosure case despite
assurances by multiple Stern law firm employees that the mistake would be
corrected.

127.   On or about July 27, 2010, Mr. Guerra's attorney once again
communicated this error to the Stern law firm and sent a certified letter directly to

David J. Stern outlining the numerous failed efforts to correct the Stern law firm's

wrongful pursuit of his client, "the wrong" Pablo Guerra. (Attached hereto and

incorporated herein as **The Florida Bar Exhibit U** is a copy of the letter and

attachment from Mr. Guerra's attorney dated July 27, 2010.)

128.   On or about October 27, 2010, the court awarded attorneys' fees to

"the wrong" Pablo Guerra, as a result of the complete disregard shown for "the

wrong" Pablo Guerra and his attorney by the Law Offices of David J. Stern, P.A.

and found:

> Case is dismissed against Pablo Guerra.  In November 21, 2008, Stern
> firm was advised that they had served the wrong Pablo Guerra and yet
> failed to secure service on the proper Defendant or investigate and
> further submitted the case for S.J. knowing about the issue. The Court
> took testimony from Pablo Guerra served at 1004 NE 24th Ave.,
> Hallandale, FL 33009.  The testimony established he has no
> relationship with this property in Homestead or the borrowers.  The
> Court awards fees to Mr. Guerra as a sanction [unreadable] an
> amount.

(Attached hereto and incorporated herein as **The Florida Bar Exhibit V** is a

copy of the Order dated October 27, 2010.)

129.   In respondent's capacity as managing attorney and sole shareholder of

the Law Offices of David J. Stern, P.A. and in charge of all of the functions and

activities, practices and procedures of the Stern law firm, respondent either knew

or should have known that members of the Bar representing litigants could not

effectively communicate with members of the Stern staff in their efforts to resolve issues which would ameliorate prejudice to the administration of justice.

130.   In respondent's performance of his duties and responsibilities as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A., respondent failed to make a reasonable effort to ensure that the firm had measures in effect that would provide reasonable assurance that the professional conduct of those handling the firm's files was compatible with the professional obligations and standards conferred on them by the Rules Regulating The Florida Bar.

131.   Wherefore, by reason of the foregoing, respondent has violated the following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of Professional Conduct as adopted by the rules governing The Florida Bar is a cause for discipline.]; 3-4.3 [The standards of professional conduct to be observed by members of the bar are not limited to the observance of rules and avoidance of prohibited acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.3 [A lawyer shall act with reasonable diligence and promptness in representing a client.]; 4-5.1(a) [Duties Concerning Adherence to Rules of Professional Conduct. A partner in a law firm, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers therein conform to the Rules of Professional Conduct.]; 4-5.1(b) [Supervisory Lawyer's Duties. Any lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.]; 4-5.1(c) [Responsibility for Rules Violations. A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if: (1) the lawyer orders the specific conduct or, with knowledge thereof, ratifies the conduct involved; or (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.]; 4-5.3(b) [With respect to a nonlawyer employed or retained by or associated with a lawyer or an authorized business entity as defined elsewhere in these Rules Regulating The Florida Bar: (1) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in

effect measures giving reasonable assurance that the person's conduct is

compatible with the professional obligations of the lawyer; (2) a lawyer having

direct supervisory authority over the nonlawyer shall make reasonable efforts to

ensure that the person's conduct is compatible with the professional obligations of

the lawyer; and (3) a lawyer shall be responsible for conduct of such a person that

would be a violation of the Rules of Professional Conduct if engaged in by a

lawyer if: (A) the lawyer orders or, with the knowledge of the specific conduct,

ratifies the conduct involved; or (B) the lawyer is a partner or has comparable

managerial authority in the law firm in which the person is employed, or has direct

supervisory authority over the person, and knows of the conduct at a time when its

consequences can be avoided or mitigated but fails to take reasonable remedial

action.]; 4-5.3(c) [Although paralegals or legal assistants may perform the duties

delegated to them by the lawyer without the presence or active involvement of the

lawyer, the lawyer shall review and be responsible for the work product of the

paralegals or legal assistants.]; 4-8.4(a) [A lawyer shall not violate or attempt to

violate the Rules of Professional Conduct, knowingly assist or induce another to do

so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage

in conduct in connection with the practice of law that is prejudicial to the

administration of justice, including to knowingly, or through callous indifference,

disparage, humiliate, or discriminate against litigants, jurors, witnesses, court

personnel, or other lawyers on any basis, including, but not limited to, on account

of race, ethnicity, gender, religion, national origin, disability, marital status, sexual

orientation, age, socioeconomic status, employment, or physical characteristic.].

## COUNT XIII
[The Florida Bar File No. 2011-50,850(17I)]

132.    The Law Offices of David J. Stern, P.A. represented the plaintiff,

Bank of America, in its foreclosure action against the Estate of Frances J.

Vaxmonsky in Indian River County, Florida, Case No. 2009CA012998 beginning

on or about November of 2009.

133.    On or about August 31, 2010, counsel for the Estate of Vaxmonsky

reached a settlement with the Stern law firm through one of its associates.

134.    On or about August 31, 2010, counsel for the Estate, via his letter of

August 31, 2010, sent the Stern associate a cashiers check made payable to Bank

of America in the amount of $49,887.84.  (Attached hereto and incorporated herein

as **The Florida Bar Exhibit W** is a copy of the August 31, 2010 letter and cashiers

check from the Estate's attorney.)

135.    The August 31, 2010 letter confirmed the agreement between the

parties – the Estate and the Stern law firm – that the Stern firm would hold the

funds in escrow until a Satisfaction of Mortgage was signed by the Stern law firm

associate on behalf of Bank of America and provided to counsel for the Estate.

136.   In complete contravention of that agreement, the cashiers check was deposited in the law firm's trust account on September 7, 2010 and forwarded to Bank of America without providing an executed Satisfaction of Mortgage to the Estate's attorney.

137.   The attorney for the Estate of Vaxmonsky made multiple telephone calls to the Stern firm in an effort to obtain the agreed upon Satisfaction of Mortgage.

138.   Since all efforts were futile, on or about November 29, 2010, the attorney for the Estate of Vaxmonsky was forced to file a grievance with The Florida Bar seeking assistance. (Attached hereto and incorporated herein as **The Florida Bar Exhibit X** is a copy of the November 29, 2010 grievance and attachments filed on behalf of the Estate of Vaxmonsky.)

139.   In respondent's capacity as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A. in charge of all of the functions and activities, practices and procedures of the Stern law firm, respondent either knew, or should have known, that members of the Bar representing litigants or others could not effectively communicate with members of the Stern staff in their efforts to resolve issues which would ameliorate prejudice to the administration of justice.

140.   In respondent's performance of his duties and responsibilities as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A.,

58

respondent failed to make a reasonable effort to ensure that the firm had measures

in effect that would provide reasonable assurance that the professional conduct of

those handling the firm's files was compatible with the professional obligations

and standards conferred on them by the Rules Regulating The Florida Bar.

141.   Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof.  The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.3 [A lawyer shall act with reasonable diligence and

promptness in representing a client.]; 4-5.1(a) [Duties Concerning Adherence to

Rules of Professional Conduct. A partner in a law firm, and a lawyer who

individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers therein conform to the Rules of Professional Conduct.]; 4-5.1(b) [Supervisory Lawyer's Duties. Any lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.]; 4-5.1(c) [Responsibility for Rules Violations. A lawyer shall be responsible for another lawyer's violation of the Rules of Professional Conduct if: (1) the lawyer orders the specific conduct or, with knowledge thereof, ratifies the conduct involved; or (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.]; 4-5.3(b) [With respect to a nonlawyer employed or retained by or associated with a lawyer or an authorized business entity as defined elsewhere in these Rules Regulating The Florida Bar: (1) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer; (2) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to

ensure that the person's conduct is compatible with the professional obligations of

the lawyer; and (3) a lawyer shall be responsible for conduct of such a person that

would be a violation of the Rules of Professional Conduct if engaged in by a

lawyer if: (A) the lawyer orders or, with the knowledge of the specific conduct,

ratifies the conduct involved; or (B) the lawyer is a partner or has comparable

managerial authority in the law firm in which the person is employed, or has direct

supervisory authority over the person, and knows of the conduct at a time when its

consequences can be avoided or mitigated but fails to take reasonable remedial

action.]; 4-5.3(c) [Although paralegals or legal assistants may perform the duties

delegated to them by the lawyer without the presence or active involvement of the

lawyer, the lawyer shall review and be responsible for the work product of the

paralegals or legal assistants.]; 4-8.4(a) [A lawyer shall not violate or attempt to

violate the Rules of Professional Conduct, knowingly assist or induce another to do

so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage

in conduct in connection with the practice of law that is prejudicial to the

administration of justice, including to knowingly, or through callous indifference,

disparage, humiliate, or discriminate against litigants, jurors, witnesses, court

personnel, or other lawyers on any basis, including, but not limited to, on account

of race, ethnicity, gender, religion, national origin, disability, marital status, sexual

orientation, age, socioeconomic status, employment, or physical characteristic.].

61

## COUNT XIV
[The Florida Bar File No. 2012-50,144(17I)]

142.   The Law Offices of David J. Stern, P.A. represented Aurora Loan Services in its foreclosure action against Rodcliffe Griffiths, et al. in Broward County, Florida, Case No. 2009CA016554 (hereinafter referred to as Aurora v. Griffiths) beginning on or about March 2009.

143.   The Stern law firm filed a Notice of Lis Pendens in Aurora v. Griffiths on March 23, 2009.

144.   The property was sold by Aurora Loan Services and the new owner closed on the property on May 28, 2010.

145.   Beginning on or about May 28, 2010, the new owner's lender, Mackinac Savings Bank, attempted unsuccessfully to obtain a Release of Lis Pendens from the Stern law firm.

146.   The inability of the new lender, Mackinac Savings Bank, to obtain a Release of Lis Pendens from the Stern law firm made it impossible to obtain title insurance.

147.   Since all efforts were futile, on July 8, 2011, the closing supervisor for Mackinac Savings Bank was forced to file a grievance with The Florida Bar. (Attached hereto and incorporated herein as **The Florida Bar Exhibit Y** is a copy of the grievance and attachments filed on behalf of Mackinac Savings Bank.)

148.    In respondent's capacity as managing attorney and sole shareholder of

the Law Offices of David J. Stern, P.A. in charge of all of the functions and

activities, practices and procedures of the Stern law firm, respondent either knew,

or should have known, that members of the Bar or others could not effectively

communicate with members of the Stern staff in their efforts to resolve issues

which would ameliorate prejudice of the administration of justice.

149.    In respondent's performance of his duties and responsibilities as

managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A.,

respondent failed to make a reasonable effort to ensure that the firm had measures

in effect that would provide reasonable assurance that the professional conduct of

those handling the firm's files was compatible with the professional obligations

and standards conferred on them by the Rules Regulating The Florida Bar.

150.    Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof.  The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.3 [A lawyer shall act with reasonable diligence and

promptness in representing a client.]; 4-5.1(a) [Duties Concerning Adherence to

Rules of Professional Conduct. A partner in a law firm, and a lawyer who

individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in

effect measures giving reasonable assurance that all lawyers therein conform to the

Rules of Professional Conduct.]; 4-5.1(b) [Supervisory Lawyer's Duties. Any

lawyer having direct supervisory authority over another lawyer shall make

reasonable efforts to ensure that the other lawyer conforms to the Rules of

Professional Conduct.]; 4-5.1(c) [Responsibility for Rules Violations. A lawyer

shall be responsible for another lawyer's violation of the Rules of Professional

Conduct if: (1) the lawyer orders the specific conduct or, with knowledge thereof,

ratifies the conduct involved; or (2) the lawyer is a partner or has comparable

managerial authority in the law firm in which the other lawyer practices or has

direct supervisory authority over the other lawyer, and knows of the conduct at a

time when its consequences can be avoided or mitigated but fails to take

64

reasonable remedial action.]; 4-5.3(b) [With respect to a nonlawyer employed or

retained by or associated with a lawyer or an authorized business entity as defined

elsewhere in these Rules Regulating The Florida Bar: (1) a partner, and a lawyer

who individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in

effect measures giving reasonable assurance that the person's conduct is

compatible with the professional obligations of the lawyer; (2) a lawyer having

direct supervisory authority over the nonlawyer shall make reasonable efforts to

ensure that the person's conduct is compatible with the professional obligations of

the lawyer; and (3) a lawyer shall be responsible for conduct of such a person that

would be a violation of the Rules of Professional Conduct if engaged in by a

lawyer if: (A) the lawyer orders or, with the knowledge of the specific conduct,

ratifies the conduct involved; or (B) the lawyer is a partner or has comparable

managerial authority in the law firm in which the person is employed, or has direct

supervisory authority over the person, and knows of the conduct at a time when its

consequences can be avoided or mitigated but fails to take reasonable remedial

action.]; 4-5.3(c) [Although paralegals or legal assistants may perform the duties

delegated to them by the lawyer without the presence or active involvement of the

lawyer, the lawyer shall review and be responsible for the work product of the

paralegals or legal assistants.]; 4-8.4(a) [A lawyer shall not violate or attempt to

violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic.].

## COUNT XV
[The Florida Bar File No. 2011-51,322(17I)]

151.    The Law Offices of David J. Stern, P.A. represented the plaintiff, CitiMortgage, Inc., in its foreclosure action against Mohammed Siddiqui, et al. in Osceola County, Florida, Case No. 2008CA007307 (hereinafter referred to as CitiMortgage v. Siddiqui) beginning on or about August of 2008.

152.    Mohammed Shaikh was a tenant who occupied the property subject to the foreclosure action.

153.    Mohammed Shaikh notified the Law Offices of David J. Stern multiple times both telephonically and in writing of his tenancy beginning as early as March 13, 2010.  (Attached hereto and incorporated herein as **The Florida Bar Composite Exhibit Z** are copies of communications provided to the Stern law firm by Shaikh.)

66

154.   Subsequently on May 26, 2010, an associate with the Stern law firm

filed a Certificate of Compliance with the Protecting Tenants at Foreclosure Act of

2009 in <u>CitiMortgage v. Siddiqui</u> representing that "the subject property is not

believed to be tenant occupied." (Attached hereto and incorporated herein as **The**

**Florida Bar Exhibit AA** is a copy of the Certificate of Compliance.)

155.   In respondent's capacity as managing attorney and sole shareholder of

the Law Offices of David J. Stern, P.A. in charge of all of the functions and

activities, practices and procedures at the Stern law firm, respondent either knew or

should have known that files were not properly reviewed by firm associates, that

misrepresentations were made by associates to the court due to inadequate and

incomplete review of the file and failure to assure that all communications to the

firm were routed properly.

156.   In respondent's performance of his duties and responsibilities as

managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A.,

respondent failed to make a reasonable effort to ensure that the firm had measures

in effect that would provide reasonable assurance that the professional conduct of

those handling the firm's files was compatible with the professional obligations

and standards conferred on them by the Rules Regulating The Florida Bar.

157.   Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause for discipline.]; 3-4.3 [The standards of professional conduct to be observed by members of the bar are not limited to the observance of rules and avoidance of prohibited acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline.]; 4-1.3 [A lawyer shall act with reasonable diligence and promptness in representing a client.]; 4-5.1(a) [Duties Concerning Adherence to Rules of Professional Conduct. A partner in a law firm, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that all lawyers therein conform to the Rules of Professional Conduct.]; 4-5.1(b) [Supervisory Lawyer's Duties. Any lawyer having direct supervisory authority over another lawyer shall make reasonable efforts to ensure that the other lawyer conforms to the Rules of Professional Conduct.]; 4-5.1(c) [Responsibility for Rules Violations. A lawyer

68

shall be responsible for another lawyer's violation of the Rules of Professional

Conduct if: (1) the lawyer orders the specific conduct or, with knowledge thereof,

ratifies the conduct involved; or (2) the lawyer is a partner or has comparable

managerial authority in the law firm in which the other lawyer practices or has

direct supervisory authority over the other lawyer, and knows of the conduct at a

time when its consequences can be avoided or mitigated but fails to take

reasonable remedial action.]; 4-5.3(b) [With respect to a nonlawyer employed or

retained by or associated with a lawyer or an authorized business entity as defined

elsewhere in these Rules Regulating The Florida Bar: (1) a partner, and a lawyer

who individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in

effect measures giving reasonable assurance that the person's conduct is

compatible with the professional obligations of the lawyer; (2) a lawyer having

direct supervisory authority over the nonlawyer shall make reasonable efforts to

ensure that the person's conduct is compatible with the professional obligations of

the lawyer; and (3) a lawyer shall be responsible for conduct of such a person that

would be a violation of the Rules of Professional Conduct if engaged in by a

lawyer if: (A) the lawyer orders or, with the knowledge of the specific conduct,

ratifies the conduct involved; or (B) the lawyer is a partner or has comparable

managerial authority in the law firm in which the person is employed, or has direct

supervisory authority over the person, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.]; 4-5.3(c) [Although paralegals or legal assistants may perform the duties delegated to them by the lawyer without the presence or active involvement of the lawyer, the lawyer shall review and be responsible for the work product of the paralegals or legal assistants.]; 4-8.4(a) [A lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic.].

## COUNT XVI
[The Florida Bar File No. 2011-51,433(17I)]

158.    The Law Offices of David J. Stern, P.A. represented the Deutsche Bank National Trust Company in its foreclosure action against Susan M. Thompson, et al. in Seminole County, Florida in Case No. 2008CA003195 beginning on or about June of 2008.

159. Susan Thompson was represented by attorneys Wendy Anderson and Kristy L. Harrington.

160. Attorneys for Susan Thompson communicated repeatedly on her behalf with the Stern law firm.

161. Despite the Stern law firm's knowledge that Susan Thompson was represented by counsel, the Stern law firm communicated directly with Susan Thompson by noticing a sale of the property without providing notice to her attorneys.

162. As a result of the direct contact and notice, Circuit Court Judge Donna McIntosh, on behalf of Judge Clayton D. Simmons, ordered the parties to mediation and awarded attorneys' fees to Susan Thompson's attorneys in the amount of $1,050 and sanctions. Said orders dated July 14, 2010 were provided to the Law Offices of David J. Stern, P.A. and Kristy Harrington and Wendy Anderson, attorneys for Susan Thompson. (Attached hereto and incorporated herein as **The Florida Bar Composite Exhibit BB** are copies of the aforementioned orders.)

163. Despite the Stern firm's knowledge that Susan Thompson was represented by counsel, the Stern law firm again communicated directly with Susan Thompson by noticing a mediation without providing notice to her attorneys.

71

164. Ms. Thompson did appear at mediation and the mediator refused to proceed without the presence of Ms. Thompson's attorneys.

165. Despite the misconduct committed by the Stern law firm, the firm refused to pay the funds to Ms. Anderson and claimed that Deutsche Bank was responsible, which position is set forth in respondent's attorney's letter dated May 11, 2011 to The Florida Bar. (Attached hereto and incorporated herein as **The Florida Bar Exhibit CC** is a copy of Jeff Tew's letter dated May 11, 2011 and attachments.)

166. In respondent's capacity as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A. in charge of all of the functions and activities, practices and procedures at the Stern law firm, respondent either knew or should have known that files were not properly reviewed by firm associates, that misrepresentations were made by associates to the court due to inadequate and incomplete review of the file and failure to assure that all communications to the firm were routed properly.

167. In respondent's performance of his duties and responsibilities as managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A., respondent failed to make a reasonable effort to ensure that the firm had measures in effect that would provide reasonable assurance that the professional conduct of

those handling the firm's files was compatible with the professional obligations

and standards conferred on them by the Rules Regulating The Florida Bar.

168.    Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof.  The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.3 [A lawyer shall act with reasonable diligence and

promptness in representing a client.]; 4-5.1(a) [Duties Concerning Adherence to

Rules of Professional Conduct. A partner in a law firm, and a lawyer who

individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in

effect measures giving reasonable assurance that all lawyers therein conform to the

Rules of Professional Conduct.]; 4-5.1(b) [Supervisory Lawyer's Duties. Any

lawyer having direct supervisory authority over another lawyer shall make

reasonable efforts to ensure that the other lawyer conforms to the Rules of

Professional Conduct.]; 4-5.1(c) [Responsibility for Rules Violations. A lawyer

shall be responsible for another lawyer's violation of the Rules of Professional

Conduct if: (1) the lawyer orders the specific conduct or, with knowledge thereof,

ratifies the conduct involved; or (2) the lawyer is a partner or has comparable

managerial authority in the law firm in which the other lawyer practices or has

direct supervisory authority over the other lawyer, and knows of the conduct at a

time when its consequences can be avoided or mitigated but fails to take

reasonable remedial action.]; 4-8.4(a) [A lawyer shall not violate or attempt to

violate the Rules of Professional Conduct, knowingly assist or induce another to do

so, or do so through the acts of another.]; and 4-8.4(d) [A lawyer shall not engage

in conduct in connection with the practice of law that is prejudicial to the

administration of justice, including to knowingly, or through callous indifference,

disparage, humiliate, or discriminate against litigants, jurors, witnesses, court

personnel, or other lawyers on any basis, including, but not limited to, on account

of race, ethnicity, gender, religion, national origin, disability, marital status, sexual

orientation, age, socioeconomic status, employment, or physical characteristic.].

## COUNT XVII
[The Florida Bar File No. 2010-51,725(17I)]

169.    The Law Offices of David J. Stern, P.A. represented the plaintiff, U.S.

Bank National Association, et al., in its foreclosure action against the Estate of

Clayborn Castle in Volusia County, Florida, Case No. 2007CA011175 beginning

on or about June of 2007.

170.    Beginning in or about 2007, counsel for the personal representative of

the Estate of Clayborn Castle requested a reinstatement figure from the Stern law

firm.  (Attached hereto and incorporated herein as **The Florida Bar Composite**

**Exhibit DD** are copies of the requests.)

171.    A reinstatement letter from the Stern law firm was finally forwarded

to the Estate's attorney on or about April 14, 2008.  (Attached hereto and

incorporated herein as **The Florida Bar Exhibit EE** is a copy of the letter.)

172.    On or about April 23, 2008, the personal representative of the Estate

sent payment in full to the Stern firm requesting that the Stern firm hold the funds

in trust until the foreclosure action was dismissed. (Attached hereto and

incorporated herein as **The Florida Bar Exhibit FF** is a copy of the letter and

check.)

173.    The funds were in fact negotiated by the Stern firm without

dismissing the foreclosure action.

174. The attorney for the Estate sent multiple letters to the Stern law firm

to obtain a dismissal of the action. (Attached hereto and incorporated herein as

**The Florida Bar Composite Exhibit GG** are copies of the letters.)

175. The foreclosure action was dismissed 20 months after receipt of

payment in full despite multiple requests causing missed sales opportunities.

176. In respondent's capacity as managing attorney and sole shareholder of

the Law Offices of David J. Stern, P.A. in charge of all of the functions and

activities, practices and procedures of the Stern law firm, respondent either knew,

or should have known, that members of the Bar representing litigants or others

could not effectively communicate with members of the Stern staff in their efforts

to resolve issues which would ameliorate prejudice to the administration of justice.

177. In respondent's performance of his duties and responsibilities as

managing attorney and sole shareholder of the Law Offices of David J. Stern, P.A.,

respondent failed to make a reasonable effort to ensure that the firm had measures

in effect that would provide reasonable assurance that the professional conduct of

those handling the firm's files was compatible with the professional obligations

and standards conferred on them by the Rules Regulating The Florida Bar.

178. Wherefore, by reason of the foregoing, respondent has violated the

following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of

Professional Conduct as adopted by the rules governing The Florida Bar is a cause

for discipline.]; 3-4.3 [The standards of professional conduct to be observed by

members of the bar are not limited to the observance of rules and avoidance of

prohibited acts, and the enumeration herein of certain categories of misconduct as

constituting grounds for discipline shall not be deemed to be all-inclusive nor shall

the failure to specify any particular act of misconduct be construed as tolerance

thereof.  The commission by a lawyer of any act that is unlawful or contrary to

honesty and justice, whether the act is committed in the course of the attorney's

relations as an attorney or otherwise, whether committed within or outside the state

of Florida, and whether or not the act is a felony or misdemeanor, may constitute a

cause for discipline.]; 4-1.3 [A lawyer shall act with reasonable diligence and

promptness in representing a client.]; 4-5.1(a) [Duties Concerning Adherence to

Rules of Professional Conduct. A partner in a law firm, and a lawyer who

individually or together with other lawyers possesses comparable managerial

authority in a law firm, shall make reasonable efforts to ensure that the firm has in

effect measures giving reasonable assurance that all lawyers therein conform to the

Rules of Professional Conduct.]; 4-5.1(b) [Supervisory Lawyer's Duties. Any

lawyer having direct supervisory authority over another lawyer shall make

reasonable efforts to ensure that the other lawyer conforms to the Rules of

Professional Conduct.]; 4-5.1(c) [Responsibility for Rules Violations. A lawyer

shall be responsible for another lawyer's violation of the Rules of Professional

Conduct if: (1) the lawyer orders the specific conduct or, with knowledge thereof, ratifies the conduct involved; or (2) the lawyer is a partner or has comparable managerial authority in the law firm in which the other lawyer practices or has direct supervisory authority over the other lawyer, and knows of the conduct at a time when its consequences can be avoided or mitigated but fails to take reasonable remedial action.]; 4-5.3(b) [With respect to a nonlawyer employed or retained by or associated with a lawyer or an authorized business entity as defined elsewhere in these Rules Regulating The Florida Bar: (1) a partner, and a lawyer who individually or together with other lawyers possesses comparable managerial authority in a law firm, shall make reasonable efforts to ensure that the firm has in effect measures giving reasonable assurance that the person's conduct is compatible with the professional obligations of the lawyer; (2) a lawyer having direct supervisory authority over the nonlawyer shall make reasonable efforts to ensure that the person's conduct is compatible with the professional obligations of the lawyer; and (3) a lawyer shall be responsible for conduct of such a person that would be a violation of the Rules of Professional Conduct if engaged in by a lawyer if: (A) the lawyer orders or, with the knowledge of the specific conduct, ratifies the conduct involved; or (B) the lawyer is a partner or has comparable managerial authority in the law firm in which the person is employed, or has direct supervisory authority over the person, and knows of the conduct at a time when its

78

consequences can be avoided or mitigated but fails to take reasonable remedial action.]; 4-5.3(c) [Although paralegals or legal assistants may perform the duties delegated to them by the lawyer without the presence or active involvement of the lawyer, the lawyer shall review and be responsible for the work product of the paralegals or legal assistants.]; 4-8.4(a) [A lawyer shall not violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another.]; 4-8.4(c) [A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation ....]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic.].

WHEREFORE, The Florida Bar prays respondent will be appropriately

disciplined in accordance with the provisions of the Rules Regulating The Florida

Bar as amended.

Respectfully submitted,

RANDI KLAYMAN LAZARUS
Bar Counsel
The Florida Bar
Ft. Lauderdale Branch Office
Lake Shore Plaza II
1300 Concord Terrace, Suite 130
Sunrise, Florida 33323
(954) 835-0233
Florida Bar No. 360929
rlazarus@flabar.org

KENNETH LAWRENCE MARVIN
Staff Counsel
The Florida Bar
651 East Jefferson Street
Tallahassee, Florida 32399-2300
(850) 561-5600
Florida Bar No. 200999
kmarvin@flabar.org

## CERTIFICATE OF SERVICE

I certify that this document has been E-filed with The Honorable Thomas D. Hall, Clerk of the Supreme Court of Florida, using the E-Filing Portal and that a copy has been furnished by United States Mail via certified mail No. 7010 0780 0001 6735 8070, return receipt requested to Jeffrey Allen Tew, Counsel for Respondent, at Tew Cardenas, L.L.P., 1441 Brickell Avenue, Floor 15, Miami, FL 33131-3429, and via electronic mail to jt@tewlaw.com; with a copy by electronic mail to Randi Klayman Lazarus, Bar Counsel, rlazarus@flabar.org, on this 17th day of April, 2013.

KENNETH LAWRENCE MARVIN
Staff Counsel

## NOTICE OF TRIAL COUNSEL AND DESIGNATION OF PRIMARY EMAIL ADDRESS

PLEASE TAKE NOTICE that the trial counsel in this matter is Randi Klayman Lazarus, Bar Counsel, whose address, telephone number and primary email address are The Florida Bar, Ft. Lauderdale Branch Office, Lake Shore Plaza II, 1300 Concord Terrace, Suite 130, Sunrise, Florida 33323, (954) 835-0233 and rlazarus@flabar.org.  Respondent need not address pleadings, correspondence, etc. in this matter to anyone other than trial counsel and to Staff Counsel, The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, kmarvin@flabar.org.

## **MANDATORY ANSWER NOTICE**

RULE 3-7.6(h)(2), RULES OF DISCIPLINE, EFFECTIVE MAY 20, 2004, PROVIDES THAT A RESPONDENT SHALL ANSWER A COMPLAINT.