# EXHIBIT I

# TO THE DECLARATION OF

# JOHN W. SMITH T

IN THE SUPREME COURT OF FLORIDA

| | |
|---|---|
| THE FLORIDA BAR, | Supreme Court Case No. SC- |
| Complainant, | |
| v. | The Florida Bar File No. 2012-51,389 (17I) |
| JORGE LUIS SUAREZ, | |
| Respondent. | |
| _____/ | |

## CONDITIONAL GUILTY PLEA FOR CONSENT JUDGMENT

COMES NOW, the undersigned respondent, Jorge Luis Suarez, and files this Conditional Guilty Plea for Consent Judgment pursuant to R. Regulating Fla. Bar 3-7.9(a).

1. Respondent is, and at all times mentioned herein was, a member of The Florida Bar, subject to the jurisdiction of the Supreme Court of Florida.

2. The respondent is currently the subject of a Florida Bar disciplinary matter which has been assigned The Florida Bar file number above.

3. The respondent submits this Conditional Guilty Plea for Consent Judgment prior to the filing of a formal complaint, pursuant to R. Regulating Fla. Bar 3-7.9(a), as a final resolution of this disciplinary matter.

4. For purposes of this Consent Judgment, respondent stipulates that the following statements are true:

A. In or about 1997, respondent began executing attorney fee affidavits for the Law Offices of David J. Stern, P.A. Respondent performed these tasks as an independent contractor in the role of expert concerning the reasonable, acceptable, and appropriate attorney fees in mortgage foreclosure actions which were being prosecuted by the Stern law firm. The only cases wherein respondent rendered an expert opinion were in those cases wherein the Stern law firm was charging their client a minimal flat fee for all services rendered and respondent did not render expert opinions on contested cases wherein the Stern law firm was billing hourly for their services. It was respondent's understanding that the expert affidavits respondent provided were never challenged on the reasonableness of the fees charged by the Stern law firm.

B. In 2008, respondent was also retained by the Stern law firm as "coverage counsel" to attend hearings in the Miami-Dade County Courthouse, and respondent ceased acting as a fee expert for the Miami-Dade County foreclosure cases.

C. During the years 2006 - 2010, respondent processed approximately 700 - 1200 files/affidavits per month on average. The following represents an estimate by year of the total number of

affidavits respondent executed: 2006 - 8,500; 2007 - 8,500; 2008 - 12,000; 2009 - 12,000; 2010 - 12,000. Additionally, respondent was attended up to 300 hearings a month.

D.    For the majority of the time frame at issue, respondent personally appeared at the offices of the Stern law firm and reviewed files. In approximately mid-2010, a new system was begun whereby respondent could review files "remotely" from his home or office computer and download and print the corresponding affidavit. These affidavits done remotely were notarized by respondent's staff and delivered to the Stern law firm.

E.    An unknown number of the affidavits processed by respondent from 2007 - 2010 were not executed by him in the presence of a notary. After finishing a stack of files and affidavits, respondent would give them to a member of Stern's staff and acknowledge that he had executed the affidavits. On more than one occasion, respondent executed an expert affidavit without reviewing the pertinent file, but would note this was only done on flat fee cases. Due to the passage of time, and the large number of affidavits that were executed over a three year period, respondent is uncertain of the

3

accurate number of times that he executed affidavits outside the presence of a notary or without having reviewed a file.

5. The respondent is acting freely and voluntarily in this matter, and tenders this Plea without fear or threat of coercion. Respondent is represented in this matter.

6. Respondent admits that his participation in the flawed process as set forth above, constitutes a violation of the following Rules Regulating The Florida Bar: 3-4.2 [Violation of the Rules of Professional Conduct as adopted by the rules governing The Florida Bar is a cause for discipline.]; 3-4.3 [The standards of professional conduct to be observed by members of the bar are not limited to the observance of rules and avoidance of prohibited acts, and the enumeration herein of certain categories of misconduct as constituting grounds for discipline shall not be deemed to be all-inclusive nor shall the failure to specify any particular act of misconduct be construed as tolerance thereof. The commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney's relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline.]; 4-8.4(c) [A lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation, except that it shall not be professional misconduct for a lawyer

for a criminal law enforcement agency or regulatory agency to advise others about or to supervise another in an undercover investigation, unless prohibited by law or rule, and it shall not be professional misconduct for a lawyer employed in a capacity other than as a lawyer by a criminal law enforcement agency or regulatory agency to participate in an undercover investigation, unless prohibited by law or rule.]; and 4-8.4(d) [A lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis, including, but not limited to, on account of race, ethnicity, gender, religion, national origin, disability, marital status, sexual orientation, age, socioeconomic status, employment, or physical characteristic.].

7. Respondent asserts that the following mitigating factors set forth in Florida Standards for Imposing Lawyer Sanctions are applicable:

    A. Absence of a prior disciplinary record;

    B. Absence of a dishonest or selfish motive;

    C. Full and Free disclosure to the disciplinary board or cooperative attitude toward proceedings.

    D. Remorse.

8.  Respondent agrees to the following disciplinary sanction as the final resolution of this matter:

   A.  Suspension from the practice of law for a period of 91 days and continuing thereafter until reinstated in accordance with R. Regulating Fla. Bar 3-7.10.

   B.  Payment of The Florida Bar's costs in this matter.

9.  The Florida Bar has approved this proposed plea in the manner required by Rule 3-7.9.

10.  If this plea is not finally approved by the Supreme Court of Florida, then it shall be of no effect and may not be used by the parties in any way.

11.  If this plea is approved, then the respondent agrees to pay all reasonable costs associated with this case pursuant to R. Regulating Fla. Bar 3-7.6(q) in the amount of $1,250.00. These costs are due within 30 days of the court order. Respondent agrees that if the costs are not paid within 30 days of this court's order becoming final, the respondent shall pay interest on any unpaid costs at the statutory rate. Respondent further agrees not to attempt to discharge the obligation for payment of the Bar's costs in any future proceedings, including but not limited to, a petition for bankruptcy. Respondent shall be deemed delinquent and ineligible to practice law pursuant to R. Regulating Fla. Bar 1-3.6 if the cost

judgment is not satisfied within 30 days of the final court order, unless deferred by the Board of Governors of The Florida Bar.

12. The respondent acknowledges the obligation to pay the costs of this proceeding and that payment is evidence of strict compliance with the conditions of any disciplinary order or agreement, and is also evidence of good faith and fiscal responsibility. Respondent understands that failure to pay the costs of this proceeding will reflect adversely on any other Bar disciplinary matter in which the respondent is involved.

13. This Conditional Guilty Plea for Consent Judgment fully complies with all requirements of The Rules Regulating The Florida Bar.

Dated this ___14TH___ day of January, 2014.

                                                    Jorge Luis Suarez
                                                   Respondent
                                                   3735 S.W. 8th Street, Suite 101
                                                   Coral Gables, Florida 33134
                                                   (305) 445-2944
                                                   Florida Bar No. 844950
                                                   jorgesuarezlaw@aol.com

Dated this 22nd day of January, 2014.

                        Kevin P. Tynan
                        Counsel for Respondent
                        Richardson & Tynan, P.L.C.
                        8142 North University Drive
                        Tamarac, FL 33321-1708
                        (954) 721-7300
                        Florida Bar No. 810722
                        ktynan@rtlawoffice.com

Dated this 3 day of ~~January~~ February, 2014.

                        Randi Klayman Lazarus, Bar Counsel
                        The Florida Bar
                        Ft. Lauderdale Branch Office
                        Lake Shore Plaza II
                        1300 Concord Terrace, Suite 130
                        Sunrise, Florida 33323
                        (954) 835-0233
                        Florida Bar No. 360929
                        rlazarus@flabar.org
                        mcasco@flabar.org