# EXHIBIT W

# TO THE DECLARATION OF

# JOHN W. SMITH T

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR COLLIER COUNTY, FLORIDA
GENERAL JURISDICTION DIVISION

DEUTSCHE BANK TRUST COMPANY
AMERICAS AS TRUSTEE FOR RALI 2007QS3,

    Plaintiff,

v.     Case No.: 09-7336-CA

BARRY F. MACK A/K/A BARRY FRITZ
MACK A/K/A BERRY FRITZ MACK, ET AL.

    Defendants.
_____/

## FINAL ORDER ON PLAINTIFF'S MOTION TO SET ASIDE FINAL JUDGMENT AND SET NEW TRIAL

This cause having come before the Court on Plaintiff's Motion to Set Aside Final Judgment and Set New Trial dated July 13, 2011, and the court having reviewed the submissions of the parties and having received and considered testimony and evidence, and being otherwise fully advised in the premises, finds as follows:

1. Plaintiff filed Plaintiff's Motion to Set Aside Final Judgment and Set New Trial on July 13, 2011, seeking to set aside the default Final Judgment entered herein on May 5, 2011.

2. Under Fla. R. Civ. P. 1.540(b), Plaintiff was required to satisfy the burden of proof as to three prongs: due diligence, excusable neglect and meritorious defense. See *Geer v. Jacobsen*, 880 So.2d 717, 720 (Fla. 2d DCA 2004) (citing *Coquina Beach Club Condo Ass'n, Inc. v. Wagner*, 813 So.2d 1061, 1063 (Fla. 2d DCA 2002)).

    a. Due Diligence –

        i. Evidence was adduced at hearing that the Final Judgment entered on May 5, 2011 was received by Plaintiff on or about May 11, 2011, and that GMAC MORTGAGE, LLC (hereinafter GMAC) as agent for Plaintiff had the responsibility to investigate the Final Judgment and appropriately respond. GMAC filed a Notice of Appearance on June 29, 2011, and Plaintiff's Motion to Set Aside Final Judgment and Set New Trial on July 13, 2011. Due to confusion at GMAC upon receipt of the Final Judgment, a delay in moving to set aside the Final Judgment of 45 days was reasonable.

Page 1 of 4

    b. Excusable Neglect –
        i. Evidence was adduced at trial that the Law Offices of David J. Stern, P.A. (hereinafter the Stern Firm) received a plethora of pleadings notices and orders sent not only by counsel for Defendants MACK, but also the court. The receipt of the documents by the Stern Firm, as corroborated by their representative, Forrest McSurdy, conclusively shows there was a complete breakdown of the system at the Stern Firm. Although Plaintiff's agent, GMAC, presented evidence they never received notice of Defendants MACK's Counterclaim during one and a half years of litigation, nevertheless it is undeniable that the Stern Firm was guilty of gross negligence. The Stern Firm was repeatedly advised, on both the clerical and attorney level, of the ongoing nature of the proceedings, and still the Stern Firm did not take any action, did not protect rights of their client, GMAC and Plaintiff, DEUTSCHE BANK TRUST COMPANY AMERICAS, TRUSTEE, and therefore their behavior did not amount to excusable neglect. Neither Plaintiff nor GMAC is able to avoid the grossly negligent actions of the Stern Firm.
    c. Meritorious Defense –
        i. As the element of Excusable Neglect is not met, a finding as to whether or not Plaintiff has a meritorious defense need not be considered.

3. Plaintiff's Motion to Set Aside Final Judgment and Set New Trial also raises issues as to voidability of the May 5, 2011 Final Judgment, which are addressed as follows:
        i. Defendants MACK were required to properly plead and prove the causes of action set forth in their Counterclaim. Defendants MACK brought their counterclaims based upon violations of the Real Estate Settlement Procedures Act (12 U.S.C. § 2601, et seq.) and slander of title. The RESPA count alleged that Defendants MACK were not notified of a change of ownership of the loan itself, and that the failure to notify of a change of ownership resulted in damages including emotional pain and suffering. While RESPA does allow for such damages, RESPA requires that the mortgagor be notified upon a change in servicer, but is not required to be notified on a change of ownership of the loan itself. Evidence presented by Plaintiff in its motion to vacate showed GMAC was the servicer of this loan, and remained so throughout the litigation.

Page 2 of 4

        Defendants MACK did not plead or prove a violation of RESPA in this regard, and therefore, having no other basis for an award of pain and suffering damages, the $150,000.00 in damages for pain and suffering cannot be allowed.

  ii. Defendants MACK did properly plead slander of title in that the publication of the lis pendens and the lawsuit alleging they had failed to pay their mortgage in accordance with its terms led to third parties being reluctant to deal with them in their efforts to sell the property and pay off their loan, and significantly depressed its value. The foreclosure was not warranted because Defendants MACK in fact made their payments timely and servicer GMAC conceded that it mistakenly filed the foreclosure action without justification.

  iii. Although the May 5, 2011 Final Judgment found that there was a difference in the price at sale in Jan 28, 2010, and the appraised price of the property of $118,500.00 by Ted Hofferber, certified appraiser, evidence was also presented that Defendants MACK initially had listed the property for sale at $1,969,000.00, but due to the pressure of the foreclosure reduced the listing price to $1,499,000.00 and ultimately sold the property while under foreclosure for $1,156,500.00. The Court is not in the position to reevaluate the factual findings in the Final Judgment of May 5, 2011 and finds the award of $296,920.05 representing real estate damages is not voidable.

IT IS ORDERED, ADJUDGED, pursuant to this Court's extensive oral pronouncement at a hearing held on October 12, 2012, as follows:

1. The Final Judgment of May 5, 2011 is confirmed as to the amount of real estate damages in the amount of $296,920.05, plus prejudgment interest at 6% on the real estate damages of $22,550.22, plus $2,500.00 in pre-judgment attorney's fees, for a total of $321,970.77.

2. The portion of the Final Judgment of May 5, 2011 awarding any amounts due to Defendant's counterclaim based on RESPA (including the $150,000.00 in damages for emotional pain and suffering) is hereby vacated.

3. The Order Granting Plaintiff Deutsche Bank Trust Company Americas as Trustee for RALI2007QS3's Motion for Stay of Execution dated November 15, 2011 is hereby modified as follows; Plaintiff shall have 10 days from the entry of this Order to pay the judgment of $321,970.77. Defendants are permitted to seek payment of the awarded

amount through enforcement of the Stay Bond posted on November 21, 2011; the remainder of the bond shall remain in place pending a determination of the amount of attorney's fees and costs to be awarded.

4. The Court expressly reserves jurisdiction to determine entitlement and amount of any post-judgment attorney's fees and costs as well as the amount of any post-judgment interest. Defendants are given thirty (30) days to submit a pleading and supporting materials requesting post-judgment attorney's fees and costs. Plaintiff is permitted thirty (30) days to submit any response. The Court will schedule a hearing to consider any request for post-judgment attorney's fees.

DONE AND ORDERED in Naples, Collier County, Florida this 26th day of February, 2013.

HONORABLE RAMIRO MAÑALICH
CIRCUIT COURT JUDGE

cc: David F. Garber, Esq.
Garber & Hooley, LLP
700 Eleventh Street South, Suite 202
Naples, Florida 34102

John Smith T, Esq.
Bradley Arant Boult Cummings LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

Stanley A. Bunner, Jr., Esq.
Salvatori, Wood, & Buckel, P.L.
9132 Strada Place, Fourth Floor
Naples, FL 34108

Robert E. Morris, Esq.
Morris Law Firm
245 East Washington Street
Monticello, Florida 32344