Gale Gibbs
1200 Whitley Road
Keller [76248-9998] Texas USA




UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| In re: | ) | Case Number 12-12020 (MG) |
|---|---|---|
| | ) | |
| Residential Capital, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |

**Gale Gibbs**
**Objection to the Res Cap Objection topaying the Gale Gibbs Claim 4701 Unencumbered as originally agreed in October 2013.**

To the Honorable Judge of the court:

Comes now, Gale Gibbs, and shows the court the following evidence supporting her objection to the Residential Capital, LLC, et al objection of paying the Gale Gibbs Claim Unencumbered as originally agreed by telephony in August 2013 and by paper document in October 2013.

1. The Res Cap objection is not timely filed and is therefore barred by laches.

2. Within the body of the Res Cap objection it is admitted that the asset was converted on September 28, 2006, therefore proving the claim made by Gibbs.

3. Res Cap/ GMAC Mortgage LLC bankruptcy attorneys contacted by telephony Gibbs during the last week of August 2013 and discussed her claim and the conversion of the Gibbs note into a security and the fact that the secret escrow account was not delivered to Gibbs in exchange for the conversion and it was further discussed and agreed that Gibbs would not seek OID profits and derivatives nor derivative profits due her, and Gibbs would forgive the secret conversion of her note and the concealment of the secret escrow account in exchange for the secret escrow account being used to extinguish the alleged debt of 7429730542 even though all well educated CFO's and financial services officers know that the alleged borrower must first create the credits before there can be a loan and that makes the alleged borrower an actual unsecured lender of credits to the licensed banker making the loan. The bankruptcy attorneys agreed that the above description is very accurate and admitted that very few people are aware of these actual relationships.

4. The agreement also specified that the principle and interest and the downpayment would be returned to Gibbs as being unnecessary additional payments for a house that was already paid for and a note that was already made good by

conversion into a security and all parties made whole immediately after the conversion.

5. Res Cap GMAC Mortgage LLC, hereinafter "RESCAP/GMAC," perfected their agreement with Gibbs on September 02, 2013 by moving the credits required to pay off the loan into the account 7429730542 and paid off the loan and released the service and closed the account. [see exhibit A]

6. RESCAP/GMAC further perfected its agreement with Gibbs on October 2013 by having Silverman Acompora issue a Notice to Gibbs that her claim would be paid unencumbered. [see exhibit B]

7. Gibbs accepted the August 2013 telephony negotiated agreement, and Gibbs accepted the credits that GMAC moved into 7429730542 on September 02, 2013 that paid off the 7429730542 and released the service and closed the account, and Gibbs accepted the October 2013 Silverman Acompora Notice from the court that her claim would be paid in full unencumbered.

8. In good faith, Gibbs acted upon the perfected claim and telephony negotiated agreement.

9. Now that OCWEN loan servicer has erased all of the historical computer records of 7429730542 and started a foreclosure action backdated to September 01, 2013, the current objection to the Gibbs claim that has already been perfected by RESCAP/GMAC is most disingenuous and is barred by laches and perfection by action of GMAC.

10. The RESCAP/GMAC objection to the approved claim is barred by laches, and the partial payment of the claim cannot now be withdrawn, nor can be negated the balance of the claim due to Gibbs.

11 RESCAP/GMAC offers no proof and has never provided the forensic audit of the entire transaction that I requested for proving exactly how much profits I am giving up in exchange for the secret escrow account being used for paying off the loan.

Prayer for Relief

All of the foregoing is incorporated into this section.

For all of the foregoing, Gale Gibbs, petitions the judge of the court and prays for relief that the original claim and agreement be paid unencumbered as originally agreed.

Respectfully submitted,

Gale Gibbs

2015 April 24

Certificate of Service

I served a copy of the foregoing on April 24 2015 by first class mail upon Morrison and Foerster, the United States Trustee, and the RESCAP Borrower Claims Trust at their respective addresses for mail.

Gale Gibbs



Ocwen Loan Servicing®
Mortgage Customers

OCWEN

Ocwen is upgrading its systems to better serve your loan. As part of this upgrade, you may now register a new username and password at www.ocwencustomers.com for your active and future account management needs. This includes management of your online payment needs as well as payoff requests and other web functionality to which you are accustomed. Please note that some options may have changed. You may continue to log in at http://ocwen.mortgagebanksite.com for access to historical account information.

Go to ocwencustomers.com
***Borrowers with more than one account:** We may not have moved all of your loans to the new system, so you may not be able to access all of your accounts at www.ocwencustomers.com. We are working quickly to move all accounts. Until that time, you will continue to have access to manage the accounts that have not moved at http://ocwen.mortgagebanksite.com.

If you have questions, you may call our Customer Care Center at (800) 74-OCWEN / (800-746-2936).

## Closed

## 216 OVERHILL DRIVE

ARLINGTON, TX 76010
30 year FIXED Loan
I want to...

Select One ...

Account Number:
7429730542

## Account History

Original Loan Date:
08/17/2006
Original Loan Amount:
$50,000
Balance as of 09/23/2013:
$0.00
To search your account history, please specify the date range.

03/23/2013 through 09/23/2013.

From mm/dd/yyyy 03/23/2013 To mm/dd/yyyy 09/23/2013

Print

Save a copy as
Microsoft Excel

Comma-separated values

Adobe PDF

exhibit A

how to save and/or print your account history

| Date | Description | Monthly Payment | Applied to Principal | Applied to Interest | Applied to Escrow | Late Charges | Other |
|---|---|---|---|---|---|---|---|
| 09/02/2013 | Service Released | $0.00 | $44,775.24 | $0.00 | $0.00 | $0.00 | $0.00 |
| 08/16/2013 | Payment | $633.05 | $68.24 | $294.29 | $270.52 | $0.00 | $0.00 |
| 07/15/2013 | Payment | $633.05 | $67.80 | $294.73 | $270.52 | $0.00 | $0.00 |
| 06/17/2013 | Escrow Disbursement | ($3.83) | $0.00 | $0.00 | ($3.83) | $0.00 | $0.00 |
| 06/17/2013 | Escrow Disbursement | $3.83 | $0.00 | $0.00 | $3.83 | $0.00 | $0.00 |
| 06/12/2013 | Payment | $633.05 | $67.36 | $295.17 | $270.52 | $0.00 | $0.00 |
| 05/14/2013 | Payment | $633.05 | $66.92 | $295.61 | $270.52 | $0.00 | $0.00 |
| 04/15/2013 | Additional Principal | $51.95 | $51.95 | $0.00 | $0.00 | $0.00 | $0.00 |

1, 2 next »

TX Residents - View Associated Fees

# Help for Homeowners Center

Find out if you qualify for a loan modification program or check the status of your request.

continue

About homeowner assistance programs »

NMLS #1852 - NMLS Consumer Access Page

© Copyright 2013 Ocwen Financial Corporation. All rights reserved.

PRF # 60586***
Case No.: 12-12020 32 GMAC MORT LLC
Class: GS-6

BoxID:
NameID: 11080445
PackID: 237

Gale Gibbs
C/O Post Office Box 6741
Arlington, TX 76005-6741

*****IMPORTANT*****
**BALLOT ATTACHED**

Exhibit B

THE ... BORROWER CLAIM AS FOLLOWS:

**DEBTOR:** GMAC Mortgage, LLC 12-12032

**AMOUNT:** $33,352.55

**Your rights are described in the Plan and the Disclosure Statement, which were included in the Solicitation Package.** Please read the Plan and Disclosure Statement—including the defined terms therein—carefully before submitting a Ballot. You may wish to seek legal advice concerning the Plan and the classification and treatment of your Claim under the Plan.

**IN THE EVENT NO HOLDER OF A CLAIM WITH RESPECT TO A SPECIFIC CLASS FOR A PARTICULAR DEBTOR TIMELY SUBMITS A BALLOT THAT COMPLIES WITH THE DISCLOSURE STATEMENT ORDER INDICATING ACCEPTANCE OR REJECTION OF THE PLAN, SUCH CLASS WILL BE DEEMED TO HAVE ACCEPTED THE PLAN.**

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

**IF YOU: (1) VOTE TO ACCEPT THE PLAN, OR (2) FAIL TO TIMELY AND/OR PROPERLY SUBMIT A BALLOT, YOU WILL BE DEEMED TO HAVE CONSENTED TO THE THIRD PARTY RELEASE CONTAINED IN ARTICLE IX.D OF THE PLAN, THE EXCULPATION PROVISION CONTAINED IN ARTICLE IX.G OF THE PLAN, AND THE INJUNCTION PROVISION CONTAINED IN ARTICLE IX.H OF THE PLAN, EACH COPIED BELOW.**

**REGARDLESS AS TO HOW OR WHETHER YOU VOTED ON THE PLAN, IF THE PLAN IS CONFIRMED, THE RELEASE, EXCULPATION AND INJUNCTION PROVISIONS CONTAINED IN ARTICLE IX OF THE PLAN WILL BE BINDING UPON YOU.** THUS, YOU ARE ADVISED TO REVIEW AND CONSIDER THE PLAN CAREFULLY BECAUSE YOUR RIGHTS MIGHT BE AFFECTED THEREUNDER.

If you received the Solicitation Package in CD-ROM format and desire paper copies, or if you need to obtain additional solicitation materials, you may contact Kurtzman Carson Consultants LLC ("**KCC**") (a) at the ResCap restructuring website at www.kccllc.net/rescap, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, (c) upon request by calling the ResCap Restructuring hotline at (888) 251-2914, or (d) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

**If the Plan is confirmed by the Bankruptcy Court it will be binding on you whether or not you vote.** The Plan can be confirmed by the Bankruptcy Court and thereby made binding on you if it is accepted by the holders of at least two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each voting class who voted to either accept or reject the Plan, and if the Plan otherwise satisfies the applicable requirements of Section 1129(a) of the Bankruptcy Code. If the requisite acceptances are not obtained, the Bankruptcy Court nonetheless may confirm the Plan if it finds that the Plan (a) provides fair and equitable treatment to, and does not unfairly discriminate against, the Class or Classes rejecting the Plan and (b) otherwise satisfies the requirements under Section 1129(b) of the Bankruptcy Code.

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) 32 GMAC MNT LLC |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**NOTICE OF NON-VOTING STATUS WITH RESPECT TO UNIMPAIRED CLASSES PRESUMED TO ACCEPT THE PLAN PROPONENTS' PLAN**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. **APPROVAL OF DISCLOSURE STATEMENT**. By order dated August 23, 2013 (the "**Disclosure Statement Order**"), the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**") approved the *Disclosure Statement for the Joint Chapter 11 Plan Proposed By Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (as the same may be amended, modified, and/or supplemented, the "**Disclosure Statement**") as containing adequate information, and directed the Plan Proponents to solicit votes with regard to the approval or rejection of the *Joint Chapter 11 Plan of Reorganization Proposed By Residential Capital, LLC, et al and the Official Committee of Unsecured Creditors*, dated August 23, 2013 (as may be amended, modified or supplemented, including the Plan Supplement and all other exhibits and schedules, the "Plan"). Any capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

2. **NOTICE OF NON-VOTING STATUS.** You are receiving this notice because, pursuant to the terms of Article III of the Plan and the applicable provisions of the Bankruptcy Code, your Claim(s) against the Debtors are Unimpaired. Pursuant to section 1126(f) of the Bankruptcy Code, you are conclusively presumed to have accepted the Plan and are therefore, not entitled to vote on the Plan. Accordingly, this notice is being sent to you for informational purposes only.

3. **TEMPORARY CLAIM ALLOWANCE FOR VOTING PURPOSES**. If you have timely filed a proof of claim and you disagree with the classification of, objection to, or request for estimation of, your claim and believe that you should be entitled to vote on the Plan, then you must serve on the Debtors at the address set forth below and file with the Bankruptcy Court (with a copy to chambers) a motion (a "**Temporary Allowance Request Motion**") for an order pursuant to Rule 3018(a) of the Federal Rules of Bankruptcy Procedure temporarily allowing such claim in a different amount or in a different class for purposes of voting to accept or reject the Plan. All Temporary Allowance Request Motions must be filed and served before the 10th day after the later of (i) service of the Confirmation Hearing Notice if an objection to a specific claim is pending, and (ii) service of a notice of an objection, if any, as to the specific claim, but in no event later than September 30, 2013. In accordance with Bankruptcy Rule 3018, as to any creditor filing a Temporary Allowance Request Motion, such creditor's Ballot will not be counted except as may be otherwise ordered by the Court on or before October 23, 2013. Creditors may contact KCC at (888) 251-2914 to receive an appropriate ballot for any claim for which a proof of claim has been timely filed and a Temporary Allowance Request Motion has been granted.

4. **CONFIRMATION HEARING**. A hearing (the "**Confirmation Hearing**") to consider the confirmation of the Plan will be held on **November 19, 2013 at 10:00 a.m. (Eastern time)** before the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, in Room 501, One Bowling Green, New York, New York 10004-1408. The Confirmation Hearing may be adjourned from time to time by the Court or the Plan Proponents without further notice other than adjournments announced in open Court or as indicated in any notice of agenda of matters scheduled for a particular hearing that is filed with the Court. The Plan may be modified in accordance with the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure, the terms of the Plan, and other applicable law, without further notice, prior to, or as a result of, the Confirmation Hearing.

ARTICLE IX OF THE PLAN CONTAINS RELEASE, EXCULPATION, AND INJUNCTION PROVISIONS, AND ARTICLE IX.D CONTAINS A THIRD PARTY RELEASE.

| Debtor Group | Class |
|---|---|
| RFC Debtors | • RS-1 (Other Priority Claims)<br>• RS-2 (Other Secured Claims) |

9. Pursuant to the Disclosure Statement Order and the Plan, holders of Claims and Equity Interests in the following Classes were deemed to be reject the Plan because they will not receive or retain any property under the Plan (the "Rejecting Classes," and with the Unimpaired Classes, the "Non-Voting Classes"):

| Debtor Group | Class |
|---|---|
| ResCap Debtors | • R-9 (Intercompany Balances)<br>• R-10 (Equity Interests) |
| GMACM Debtors | • GS-8 (Intercompany Balances)<br>• GS-9 (Equity Interests) |
| RFC Debtors | • RS-9 (Intercompany Balances)<br>• RS-10 (Equity Interests) |

10. Pursuant to the Disclosure Statement Order and the Plan, holders of Claims in the following Classes are impaired under the Plan and are therefore entitled to vote on the Plan (the "Voting Classes"):

| Debtor Group | Class |
|---|---|
| ResCap Debtors | • R-3 (Junior Secured Notes Claims)<br>• R-4 (ResCap Unsecured Claims)<br>• R-5 (Borrower Claims)<br>• R-6 (Private Securities Claims)<br>• R-7 (NJ Carpenters Claims)<br>• R-8 (General Unsecured Convenience Claims)<br>• R-11 (FHFA Claims)<br>• R-12 (Revolving Credit Facility Claims) |
| GMACM Debtors | • GS-3 (Junior Secured Notes Claims)<br>• GS-4A (GMACM Unsecured Claims)<br>• GS-4B (ETS Unsecured Claims)<br>• GS-5 (Borrower Claims)<br>• GS-6 (Private Securities Claims)<br>• GS-7 (General Unsecured Convenience Claims)<br>• GS-10 (Revolving Credit Facility Claims) |