To: The Clerk of Court
United States Bankruptcy Court
Southern District of New York
1 Bowling Green (Alexander Hamilton Custom House)
New York, New York 10004-1408

Re: Rescap Case # 12-12020(MG) — MOTION FOR RECONSIDERATION OR ORDER GRANTING RESCAP BORROWER CLAIMS TRUST EIGTY-SECOND OMNIBUS OBJECTION TO CLAIMS CLAIMANTS/CREDITORS- PHILIP Emialsata & Sylvia Emialsata Claims Nos. — 3910 & 4085    ☆Judge Martin Glenn

Please enclosed for filing Creditors Motion for reconsideration ........... as stated above.
Please file accordingly.

Thanks
from Sylvia Emialsata (Creditor)
Tel: (512)992-9998; (512)791-2395

Pages 7 (Including this) Cover

Via: CERTIFIED MAIL # 7014 2120 0002 6165 7080
WITH RETURN RECEIPT REQUESTED

RECEIVED
APR 24 2015
U.S. BANKRUPTCY COURT, SDNY

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In re:                                              CASE No. 12- 12020 (MG)

RESIDENTIAL CAPITAL, LLC, et al.,                   Chapter 11

        Debtors.                                Jointly Administered

### MOTION FOR RECONSDERATION OF ORDER GRANTING RESCAP BORROWER CLAIMS TRUST EIGTHY –SECOND OMNIBUS OBJECTION TO CLAIMS:. CLAIMANTS/CREDITORS – Philip Emiabata and Sylvia Emiabata CLAIM Nos. - 3910 & 4085

TO THE HONORABLE JUDGE MARTIN GLENN:

    The creditors Philip Emiabata and Sylvia Emiabata (The Creditors), claims nos. 3910 & 4085 hereby ask the court to reconsider its order granting Rescap Borrowers Claim Trust (The Debtors/ Movant) eighty –second omnibus objection to claims "No liability borrower claims" (The Objection). See the order Doc. 8400 subsequently modified in a later date. These are based on the followings: -

1. Creditors /Claimants were not served with (a). The Motion of this stated Debtors omnibus objection to claims dated 01/29/15, which was filed with this court on 01/29/15 ( Doc. # 8042). (b). The Notice of Hearing of this Motion which was slated for March 31, 2015 at 10.00am was also not served on creditors
Thus creditors were not served according to the provisions of the Fed. R.Bankr. P. 3007. This Rule was even amended by 2007 Notes of Advisory Committee.
2. A mere certification with the court does not satisfy the general requirements of service. Even if this court belief debtors certification before this court (in this case, creditors were not served); issue of excusable neglect is called into question here to apply to the Fed. R. Bankr. P. 3007 debtors invoked herein.
As this Fed. Bankr. R. 3007 was amended in year 2007 to restrict the use of omnibus objection to squash claimant due process rights – See Notes of Advisory Committee 2007 Amendment to Fed. R. Bankr. P. 3007. Which Amendment make courts to apply the doctrine of excusable neglect to reconsider claims of creditors that had been expunged due to failure to respond to omnibus objection.
See also cases as regards excusable neglect as grounds for reconsideration Pro -Tec Servs LLC v. Inacom Corp. (In re Inacom Corp.), 2004 US Dist. Lexis 20822 (D. Del. Oct. 4 2004); Re Enron, 325 B.R 114 (Bankr. S.D.N.Y 2005).

1

Here in our case, we were not even served. Because there is no evidence of service to creditors –the address, the persons and what means!!

3. Furthermore on Notice of Hearing Fed. Bankr. R. P 3007(a). The court knows fully well that Claim Objections are contested matters that are governed by Fed. R. Bankr. 9014; which is incorporated with Fed.R. Bankr. 7004 –these all on services.
See also ( In re Comas Fin. Corp 212 B.R. 46,52 (Bankr. D. Del 1997).
    All which shows the importance of services of motions and its attachments, its Notice of Hearing et al to claimants or the other party.
See even debtors Notice of Hearing filed with this court on 01/29/15 paragraphs 1,2,3. Which spelt out the date to respond to this their omnibus objection motion. How can that respond be made when debtors served nothing .

4. By not serving Claimants (us)) ,debtors deprived us our legal right to put up our defense or response to that their omnibus objection to claim.
Hence the court should reconsider this its order granting debtors that objection dated April 1, 2015 –which order was modified again later.

5. Even up till date the modification of this your order as seen in the docket has not been served on us. And this court and debtors / its lawyers knows we are pro se who does not file electronically nor receive notices, processes electronically.
But we know that the Federal Rules provides for Pro se representations in our courts.

6. Further matters arising herein. Under the section which debtors brought this their omnibus objection to claim –section 502(b), creditors does not fall under it.
Our claim is enforceable against the debtors and property of debtors as it was guided under agreement and law ( Mortgage). Even section 502 (b) debtors quoted here, our claim does not fall under it supra. Our claim is not only enforceable, it is also contested; it does not happen after the commencement of debtors case here et al.
EVEN IF IT FALLS UNDER S. 502 (b); s. 502 OF THE U.S.C ON ALLOWANCE OF CLAIMS /INTEREST PROVIDES UNDER OTHER SUBSECTIONS WHERE A CLAIM SUCH AS OURS IS ALLOWED. NOT EXPUNGED, DISALLOWED OR DISMISSED. OR EVEN IN THE STRONG WORDS OF THIS COURT " DISALLOWED AND EXPUNGED WITH PREJUDICE." ( Doc. 8400 para. 2 at pg. 2 –Order of this court).

7. Creditors case has never been adjudicated between Creditors(Claimants) and the debtors by a Federal court. Neither has such court dismissed the claimants' complaint with prejudice. If , otherwise, let debtors show this. And there is non . So what is going on here.

8. To reiterate, if there is an objection to omnibus objection to claim or otherwise, it becomes a contested matter. And here if creditors were served with Motion of omnibus objection to claim with its supporting documents including the Notice of Hearing. Then Creditors will put in a timely filed response; in which this court will conduct an evidentiary hearing to establish the validity of the claims along with its amount as at the time of the petition date.

9. Following closely to this paragraph 8 above claimants would have been able to point or show the defect, falsehood, non-validity etc. of EXHIBIT A attached to the Order of this court granting debtors omnibus objection to claim supra-

2

For example, how can this court reconcile this as shown in debtors Exhibit A at page 5"......Debtors have no liability for allegations that they provided claimants with a "Subprime loan" or that they broke their promise that the loan would convert to a fixed rate loan" because the debtors were not involved in the origination of the loan".

But the law specifically states that the party who seeks justice must come with a clean hand. Here in one hand, debtors state that they are "not involved in the origination of the loan". So if debtors does not know and are not originator of the loan then why are they now seeking a relief from this court. When this loan they are claiming they are not the originator, has caused heavy damages to claimants / creditors.

Don't these courts see that the debtor does not have the ground to ask this court for a relief – expunge, disallow claim et al.

10. In this debtors EXHIBIT A, through and through, debtors repeated defence and evidence is : we make telephone call(s) without giving the telephone numbers, the time they made all those telephone calls. After debtors tired of singing with telephone calls, debtors jumped to their another communication to be fax. Without giving the number(s) of the fax & its proves that it was received.

When these "telephone calls", "fax", cannot be a satisfactory 'evidence'; debtors went to state they used emails –without giving the court what email address they used.

QUERY: Don't this court see how debtors make a mockery of what they claim to be evidence. Which this mockery, with due respect; this court still granted their omnibus objection (relief).

11. With all these, this court went further with iron hand: it not only granted debtors motion, the court inserted "DIALLOWED AND EXPUNGE WITH PREJUDICE".

Query: Claimants case was pending in a Federal District court of Massachusetts ( **Case # 1: 11 – CV- 11885 GAO**) which the court accepted and was pending before debtors went into Bankruptcy in May 2012. And has not been adjudicated supra ( para .7 above). If the District court accepted the case –one wonders why this court used that heavy penalty, iron hand phrases ".............. with prejudice".

Is it not the debtors (Residential Capital LLC et al ) with its lawyers that this court should have sanctioned on several grounds on it corruptive practices before this court. Not serving claimants/ creditors processes, notices etc; making false statements they cannot substantiate (stating telephones, fax, without giving the numbers used), stating emails without addresses as their means of communication.

12. (a).More of these corruptive practices, fraudulent manoverves etc.; debtors with its counsels are perpetrating with this their Chapter 11 Bankruptcy.

When they were filing this omnibus objection to claim on 01/29/15 with this court. They knew that there was a pending case of creditors before a Federal District court in Massachusetts supra. The district court has not relinquished their jurisdiction over creditors claim/ complaint before it; but debtors were filing this relief (Omnibus Objection to claim) with this court. Is this not a fragrant disobey of the law and deceit. As this said case # 1:11-CV-11885 supra was still pending before the district court as at 01/29/15 when debtors filed this their omnibus objection to claim.

3

(b). Even as at that 01/29/15, if the District court has relinquished their jurisdiction, creditors' (Plaintiffs) has 30 days Appeal rights plus its hearings. And in this case that March 31, 2015 for hearing of the motion ( which though, debtors never served) and this court order granting it would not have arisen. This is why this court should reconsider and vacate this order.

13. (i). For the debtors and its counsels ( be it Rescap Liquidating Trust, Rescap Borrower Claims Trust ) to put the cart before the horse as seen in creditors aforestated District court case –how do they know the outcome of a case that has not been relinquished by the said district court as at 01/29/15.

    (ii). If this debtors has followed Fed. Rules of Bankruptcy 3007(a); Fed. R Bankr. 9014 which is incorporated with Fed. R. Bankr. 7004; serving the creditors with this their omnibus objection to claim, it notice. Then creditors would have used this debtors Motion for omnibus objection to claim for the district court /Appeal court to see that the Rescap debtors with its counsels are only interested in bringing before this bankruptcy court to ask for dismissal or expunge without contention, nor settlement.

    Again ,**query**, what is going on here .The Borrower Trust established effective date on December 17 2013 (Doc. 6137), whose interest so far with what they are doing here so far are the benefiting. Is it not established for the benefit of Borrowers who filed Claims……??

14. When creditors (plaintiffs) case was pending in the Federal district court of Massachusetts, the debtors to avoid criminal prosecution, sanctions etc., by the Attorney- Generals of New york & Massachusetts similar case ( involving these debtors subprime loans, fraud, deceptive Trade practices even perpetrated with their so called **Modifications** et al) settled with these States Attorney generals coupled with their bankruptcy proceedings.

    How can this debtors Residential Capital LLC with its Affiliates come to this court to ask for dismissal and expunge our claim, which is similar with the ones debtors settled with these Attorney- generals .

    The same Settlement debtors should have had with us claimants herein: either by settlement or adversary…….. NOT THROUGH THEIR OMNIBUS OBJECTION TO CLAIM.

15. **Claimants are asking this court by disallowing this case and expunged "with prejudice". We ask now ,who is now accountable to the damages claimants sustained by the debtors acts which comprises of criminal and civil acts –subprime loan, shortage of land, not giving accurate account for payment made, deceptive trade practices, false foreclosure proceedings et al. THIS DEBTORS OMNIBUS OBJECTION TO CLAIM DOES NOT ANWER IT supra.**

16. For the debtors (Residential Capital LLC with its Affiliates coupled with the Rescap Liquidating Trust and Rescap Borrower Claim Trust ) to continue to renegade for what they settled with the Attorney – generals of New York, Massachusetts et al. We in these our Claims 3910 & 4085 with other claimants; debtors are using these omnibus objection to abuse their rights the second time around –we might be asking these Attorney Generals supra to look into debtors books. How debtors are using this their omnibus to abuse thousands of valid claimants. BECAUSE THESE SAID DEBTORS CAME INTO BANKRUPTCY/ ITS SETTLEMENTS WITH THESE ATTORNEY GENERALS BASED ON THEIR DEFRAUDING VIA SUBPRIME LOANS, ITS FRAUDULENT FORECLOSURE PRACTICSE/ PROCEEDINGS ETC.

AND AT THIS RATE, TO THE OFFICE OF SENATOR ELIZABETH WARREN ;TO SEE IF THE FEDERAL PROSECUTOR OF NEW YORK OTHER TO COME IN AND LOOK INTO THE DEBTORS BOOKS AND THE PRACTICES OF ITS COUNSELS VIS-A –VIS THIS THEIR BANKRUPTCY. HOW DEBTORS ARE USING THIS THEIR BANKRUPTCY TO CIRCUMVENT THEIR AGREED OBLIGATIONS.

17. These debtors and others are those that received millions of dollars for bailout from government/tax payers. After they almost sink the country as a result of their acts . For the debtors to come to this bankruptcy court to continue with those acts again is very very alarming. And that is why the above mentioned entities should come and look at the books, et al and vis-a vis the way they are using these their omnibus objection to claim, etc. to abdicate their responsibility –without appropriate trials, or settlements.

18. That phrase "disallowed and expunged with prejudice……" this court used in its order with due respect to this court, calls for a highly, very disturbing question!! Because in this claimants case, there is nothing prejudice here - Claimants were not served the motion, it notice of hearing supra; debtors filed this motion when claimants case was still pending in a Federal district court supra; subprime loan issue was never contested here; issue of land; payments not accounted for; to mention but a few.

From the FOREGINGS, Claimants respectfully request this court to (1). Reconsider and vacate it order granting debtors the eighty –second omnibus objection to claim regards claimants claims # 3910 & 4085
(2) Order debtors to settle claimants like what debtors did in similar cases which they settled with the Attorney General of this New York and Attorney General of Massachusetts where claimants case was pending then. Or;
(3) Alternatively remove that "……. with prejudice" in that your order. And at the same time send claimant case back to the Federal District court of Massachusetts.

April 17, 2015

            Respectfully Submitted
            /s/ Philip Emiabata
            Sylvia Emiabata
            508 Evening Grosbeak Drive
            Pflugerville Texas 78660
            Tel. # (512) 791-2395;
              (512) 992- 9998

            Pro se Creditors/Claimants

## CERTIFICATE OF SERVICE

A copy of this creditors /claimants 'Motion for Reconsideration of order granting Recap Borrowers Claim Trust eighty-second omnibus objection to claims ....................claims Nos. 3910 & 4085' was served on the named below:

Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th street
New york, New york 10019

6