MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S MOTION FOR PARTIAL RECONSIDERATION OF THE COURT'S MEMORANDUM OPINION AND ORDER SUSTAINING IN PART AND OVERRULING IN PART THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NUMBER 3862 FILED BY RHONDA GOSSELIN**

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Chapter 11 plan confirmed in the above captioned bankruptcy cases (the "Chapter 11 Cases"), as successor in interest to the above-captioned debtors (collectively, the "Debtors") with respect to Borrower Claims (defined below) matters, by and through its undersigned counsel, respectfully submits this motion for partial reconsideration of the Court's *Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Borrower Claims Trust's Objection to Clam Number 3862 Filed By Rhonda Gosselin* [Docket No. 8516] (the "Order"). In support of its motion, the Borrower Trust respectfully represents as follows:

**PRELIMINARY STATEMENT**

1. The Borrower Trust seeks reconsideration by the Court of one part of the Order on the basis that it was premised on an error of law and fact: its mischaracterization of Ms. Gosselin's allegations.

2. The Court's decision to overrule the Objection as to Ms. Gosselin's wrongful foreclosure claim is premised on its mischaracterization of Ms. Gosselin's allegations in the complaint attached to her claim. Ms. Gosselin only alleges that a proceeding in the Massachusetts Land Court Department of the Trial Court (the "Land Court") was initiated in October 2007. See Complaint ¶ 18. Under Massachusetts law, such a proceeding is not considered to be the equivalent of the commencement of a "foreclosure proceeding." As a result, Ms. Gosselin's allegation that the Debtors initiated such a proceeding cannot form the basis for a wrongful foreclosure claim. Therefore, the Court's mischaracterization of Ms. Gosselin's allegation amounted to a clear error of law and fact and warrants reconsideration of its decision to overrule the objection as to Ms. Gosselin's wrongful foreclosure cause of action.

1

**BACKGROUND**

3. On or around November 9, 2012, Ms. Gosselin filed a proof of claim against debtor GMAC Mortgage, LLC ("GMACM"), designated as Claim No. 3862 (the "Gosselin Claim"), asserting a secured claim for $153,669.00 and a general unsecured claim for $165,980.60. See Reply ¶ 6. The Gosselin Claim was premised on litigation commenced by Ms. Gosselin in the U.S. Bankruptcy Court, District of Massachusetts, Western Division, case number 10-ap-03014. In the underlying complaint (the "Complaint"), Ms. Gosselin asserted causes of action against GMACM for breach of contract, negligence, wrongful foreclosure, unfair and deceptive trade practices, breach of the implied covenant of good faith and fair dealing, violations of the Consumer Credit Disclosure Act, and declaratory judgment.[1]

4. On September 17, 2014, the Borrower Trust filed the *ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* [Docket No. 7552] (the "Objection"). The Gosselin Claim was one of the claims included in the Objection.

5. On October 18, 2014, Gosselin filed a response (the "Response") to the Objection [Docket No. 7652]. On December 8, 2014, the Borrower Trust filed the *ResCap Borrower Claims Trust's Supplemental Objection and Reply in Support of Its Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims) as to Claim No. 3862 Filed by Rhonda Gosselin* [Docket No. 7842] (the "Reply"). Gosselin did not respond to the Reply.

6. A hearing was held on the Objection on January 14, 2015.

7. On April 21, 2015, the Court entered the Order [Docket No. 8516]. Through the Order, the Court sustained the Objection as to Ms. Gosselin's breach of contract, breach of the implied covenant of good faith and fair dealing, negligence, and declaratory judgment claims;

---

[1] A copy of the Complaint is attached to the Gosselin Claim. The Gosselin Claim is attached as Exhibit B to the Supplemental Declaration of Deanna Horst in Support of the Objection.

2

however, the Court overruled without prejudice the Objection to Ms. Gosselin's wrongful foreclosure claim. The Court also overruled the Objection as to Ms. Gosselin's 93A and unfair and deceptive trade practices claims.

## RELIEF REQUESTED

8. The Borrower Trust files this motion pursuant to Bankruptcy Rule 9023, and seeks the reconsideration of the Order solely as to the overruling of the Objection to Ms. Gosselin's claim for wrongful foreclosure without prejudice.

## BASIS FOR RELIEF REQUESTED

9. Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") incorporates Federal Rule of Civil Procedure 59, which allows a party to move to alter or amend a judgment. See Fed. R. Bankr. P. 59. Courts have held that the standard for a motion for reconsideration is identical to the standard applied to a motion to alter or amend a judgment under Federal Rule of Civil Procedure 59(e). See Henderson v. Metro Bank & Trust Co., 502 F. Supp. 2d 372, 375 (S.D.N.Y. 2007). A motion for reconsideration should be granted only when there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citing Virgin Atl. Airways, Ltd. V. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); see also IBF Fund Liquidating, LLC v. Chadmoore Wireless Grp., Inc. (In re Interbank Funding Corp.), Adv. No. 07-1482, 2007 WL 2080512, at *2 (Bankr. S.D.N.Y. July 19, 2007) (To obtain relief under Bankruptcy Rule 9023 …, a party must present 'manifest errors of law or fact' or 'newly-discovered evidence.'). "The standard for granting … a motion [for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the

3

court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." Shrader v. CSX Transp., Inc., 70 F. 3d 255, 257 (2d Cir. 1995).

10.     The Borrower Trust submits that the rigorous standard for reconsideration is satisfied because a clear error has occurred.   In the Order, the Court states "Gosselin asserts that Fannie Mae initiated foreclosure proceedings in October 2007, before it was assigned the mortgage." See Order p. 19.  As a result of this determination, the Court held that Ms. Gosselin had alleged that a foreclosure proceeding was initiated in October 2007 and that the Borrower Trust had not refuted this allegation. See Order, pp. 20-21.

11.     However, the Court's characterization of Ms. Gosselin's allegation is incorrect. In the Complaint, Ms. Gosselin does not allege that a foreclosure proceeding was initiated in October 2007.  Rather, Ms. Gosselin alleges "On or about October 2007, FNMA, by and through its attorneys, initiated a **Complaint in Land Court**, seeking to foreclose Ms. Gosselin's property.  An Order of Notice was issued by the Land Court on or about October 19, 2007 and Ms. Gosselin was subsequently served with said Order."[2]  See Complaint ¶¶ 18-19.

12.     The cited allegation does not refer to the initiation of a foreclosure proceeding, but to a specific requirement in Massachusetts which provides that, **prior to** initiating a foreclosure proceeding, a mortgagee must first file a proceeding in Land Court (a "Land Court Action") to comply with the Servicemembers Civil Relief Act, which restricts foreclosures against active duty members of the uniformed services and requires that an entity initiating a foreclosure demonstrate that the borrower is not a member of the military.   Akar v. Fed. Nat'l Mortg. Ass'n, 845 F. Supp. 2d 381, 396 (D. Mass. 2011).

---

[2] The Borrower Trust does not refute that a Land Court proceeding was commenced in October 2007.

4

13. Under Massachusetts law, as stated in Akar, which the Court cited to in the Order, "actions taken to comply with the [Servicemember's Act] … are not in themselves mortgage foreclosure proceedings in the ordinary sense. Rather, they occur independently of the actual foreclosure itself and of any judicial proceeding determinative of the general validity of the foreclosure." Akar, 845 F. Supp. 2d at 396 (citing Beaton v. Land Court, 326 N.E. 2d 302, 305 (1975)). As a result, a Land Court Action does not mark the commencement of a foreclosure proceeding. Accordingly, the fact that a mortgagee does not have a valid assignment at the time of a Land Court Action cannot render a foreclosure sale unlawful. See Akar, 845 F. Supp. 2d at 396 (holding that a foreclosure sale was not wrongfully conducted where Wells Fargo did not obtain an assignment of a mortgage at the time it filed a Land Court Action but it did have authority at the time of the notice of the foreclosure sale).

14. Since Ms. Gosselin only alleges that a Land Court Action was initiated against her in October 2007, the Court committed clear error by characterizing this as an allegation that a foreclosure proceeding was initiated in October 2007. Ms. Gosselin makes no allegations either in the Response or in the Complaint that a foreclosure proceeding was initiated in October 2007.[3]

15. Therefore, there is nothing in the record to suggest that a foreclosure proceeding was initiated prior to the mortgage being assigned to Fannie Mae. As the Court noted in its opinion, "Massachusetts law requires only that the assignment of the mortgage be executed and recorded prior to the publication of the notice of sale." Akar, 845 F. Supp. 2d at 396 (citation omitted). Ms. Gosselin provides no evidence to suggest that a notice of sale was published prior

---

[3] The Court states that the Borrower Trust did not submit evidence of the assignments sufficient to rebut Ms. Gosselin's allegations. However, the date of the assignment to Fannie Mae, June 7, 2008, is not contested. See Response ¶ 5.

5

to the assignment of the mortgage.[4] As a result, there is nothing in the record to support the Court's characterization of Gosselin's allegations.

16. In sum, the Borrower Trust submits the Court's decision to overrule without prejudice the objection to Ms. Gosselin's claim for wrongful foreclosure was a clear error of law and fact. As a result, the motion to reconsider should be granted and the Objection, to the extent it seeks to disallow the wrongful foreclosure claim, should be granted.

Dated:  May 6, 2015　　　　　　　　　　　　　　/s/   Norman S. Rosenbaum
　　　　　New York, New York　　　　　　　　　Norman S. Rosenbaum
　　　　　　　　　　　　　　　　　　　　　　　Jordan A. Wishnew
　　　　　　　　　　　　　　　　　　　　　　　Jessica J. Arett
　　　　　　　　　　　　　　　　　　　　　　　MORRISON & FOERSTER LLP
　　　　　　　　　　　　　　　　　　　　　　　250 West 55th Street
　　　　　　　　　　　　　　　　　　　　　　　New York, New York 10019
　　　　　　　　　　　　　　　　　　　　　　　Telephone: (212) 468-8000
　　　　　　　　　　　　　　　　　　　　　　　Facsimile: (212) 468-7900

　　　　　　　　　　　　　　　　　　　　　　　*Counsel for the ResCap Borrower Claims Trust*

---

[4] In the Complaint, Ms. Gosselin makes an unsubstantiated allegation that "[d]efendants … sent or published statutorily mandated notices asserting authority to foreclose by assignment that did not exist." See Complaint ¶ 44. However, Ms. Gosselin neither provides the dates of these alleged notices nor any evidence to support this allegation. As a result, there is nothing to support the finding that a foreclosure proceeding commenced prior to June 7, 2008. Moreover, since there was no foreclosure proceeding, there was no need to submit evidence of the assignments.