**Hearing Date and Time: June 23, 2015 at 10:00 a.m. (Prevailing Eastern Time)**
**Response Date and Time: May 28, 2015 at 4:00 p.m. (Prevailing Eastern Time)**

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

-------------------------------------------------------------
|  | ) |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |
-------------------------------------------------------------

**NOTICE OF THE RESCAP LIQUIDATING TRUST'S EIGHTY-SIXTH**
**OMNIBUS OBJECTION TO CLAIMS ((A) NO LIABILITY**
**CLAIMS AND (B) MODIFY AND ALLOW CLAIMS)**

**PLEASE TAKE NOTICE** that the undersigned have filed the attached *ResCap Liquidating Trust's Eighty-Sixth Omnibus Objection to Claims ((A) No Liability Claims and (B) Modify and Allow Claims)* (the "Objection"), which seeks to alter your rights by disallowing your claim against the above-captioned Debtors.

**PLEASE TAKE FURTHER NOTICE** that a hearing on the Objection will take place on **June 23, 2015 at 10:00 a.m. (Prevailing Eastern Time)** before the Honorable Martin Glenn, at the United States Bankruptcy Court for the Southern District of New

York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408, Room 501.

**PLEASE TAKE FURTHER NOTICE** that responses, if any, to the Objection must be made in writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the Southern District of New York, and the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than **May 28, 2015 at 4:00 p.m. (Prevailing Eastern Time)**, upon: (a) Chambers of the Honorable Martin Glenn, United States Bankruptcy Court for the Southern District of New York, Alexander Hamilton Custom House, One Bowling Green, New York, New York 10004-1408; (b) co-counsel for the ResCap Liquidating Trust, Morrison & Foerster LLP, 250 West 55th Street, New York, NY 10019 (Attention: Norman S. Rosenbaum, Jordan A. Wishnew and Meryl L. Rothchild); (c) co-counsel for the ResCap Liquidating Trust, Kramer Levin Naftalis & Frankel, LLP, 1177 Avenue of the Americas, New York, NY 10036 (Attention: Douglas H. Mannal, Joseph A. Shifer and Nathaniel Allard); (d) the Office of the United States Trustee for the Southern District of New York, U.S. Federal Office Building, 201 Varick Street, Suite 1006, New York, NY 10014 (Attention: Linda A. Riffkin and Brian S. Masumoto); and (e) The ResCap Liquidating Trust, Quest Turnaround Advisors, 800 Westchester Avenue, Suite S-520, Rye Brook, NY 10573 (Attention: Jeffrey Brodsky).

**PLEASE TAKE FURTHER NOTICE** that if you do not timely file and serve a written response to the relief requested in the Objection, the Bankruptcy Court may deem

any opposition waived, treat the Objection as conceded, and enter an order granting the

relief requested in the Objection without further notice or hearing.

Dated:  May 7, 2015
      New York, New York

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild
**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for The ResCap Liquidating Trust*

**MORRISON & FOERSTER LLP**
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Meryl L. Rothchild

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------  )
                                                                  )
In re:                                                            )    Case No. 12-12020 (MG)
                                                                  )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                          )    Chapter 11
                                                                  )
                                        Debtors.                  )    Jointly Administered
                                                                  )
----------------------------------------------------------------  )

**THE RESCAP LIQUIDATING TRUST'S EIGHTY-SIXTH OMNIBUS OBJECTION TO**
**<u>CLAIMS ((A) NO LIABILITY CLAIMS AND (B) MODIFY AND ALLOW CLAIMS)</u>**

---

**THIS OBJECTION SEEKS TO DISALLOW AND EXPUNGE CERTAIN PROOFS OF CLAIM.
CLAIMANTS RECEIVING THIS OBJECTION SHOULD LOCATE THEIR NAMES AND
CLAIMS ON EITHER <u>EXHIBIT A</u> OR <u>EXHIBIT B</u> ATTACHED TO THE PROPOSED ORDER.**

**IF YOU HAVE QUESTIONS, PLEASE CONTACT
THE RESCAP LIQUIDATING TRUST'S COUNSEL,
JORDAN A. WISHNEW, AT (212) 468-8000.**

---

TO THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to terms of the Plan (defined below) confirmed in the above-captioned chapter 11 cases (the "Chapter 11 Cases"), as successor in interest to the Debtors (defined below), respectfully represents:

**RELIEF REQUESTED**

1.    The Liquidating Trust files this eighty-sixth omnibus objection to claims (the "Objection"), pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and this Court's order approving procedures for the filing of omnibus objections to proofs of claim filed in the Chapter 11 Cases [Docket No. 3294] (the "Procedures Order"), seeking entry of an order (the "Proposed Order"), in a form substantially similar to that attached hereto as Exhibit 2, (i) disallowing and expunging the claims listed on Exhibit A and (ii) modifying and allowing the claims listed on Exhibit B attached to the Proposed Order.[1]   In support of the Objection, the Liquidating Trust submits the Declaration of Deanna Horst, Chief Claims Officer for the ResCap Liquidating Trust (the "Horst Declaration"), attached hereto as Exhibit 1 and filed concurrently herewith.

2.    The Liquidating Trust examined the proofs of claim identified on Exhibit A to the Proposed Order (collectively, the "No Liability Claims") as well as the books and records the Debtors maintained in the ordinary course of business, and determined that the No Liability Claims are not reflected in the Debtors' historical accounts payable.  In addition, the Debtors' books and records do not reflect any sums owing to the claimants by any Debtor on account of

---

[1]    Claims listed on Exhibit A and Exhibit B are reflected in the same manner as they appear on the Claims Register maintained by KCC (as defined herein).

any prepetition or postpetition liabilities.  For these reasons, as set forth in more detail in <u>Exhibit A</u>, the Liquidating Trust determined that it has no liability regarding such claims.  Accordingly, the Liquidating Trust requests that the No Liability Claims be disallowed and expunged in their entirety.

3.        The Liquidating Trust also examined the proofs of claim identified on <u>Exhibit B</u> to the Proposed Order and determined that each proof of claim listed thereon (collectively, the "<u>Modify and Allow Claims</u>," and together with the No Liability Claims, each a "<u>Claim</u>" and collectively, the "<u>Claims</u>"[2]) was filed either in an amount that is greater than the actual amount for which the Debtors' estates are liable or in an unliquidated amount.  The Liquidating Trust seeks to modify the Modify and Allow Claims by (a) reducing or fixing them to the corresponding amounts set forth under the heading "*Modified Claim Amount*" on <u>Exhibit B</u> and (b) allowing each Modify and Allow Claim only to the extent of such modified amount.

4.        The Liquidating Trust expressly reserves all rights to object on any other basis to any Claim as to which this Court does not grant the relief requested herein.

## <u>JURISDICTION</u>

5.        This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.  This is a core proceeding pursuant to 28 U.S.C. § 157(b).

## <u>BACKGROUND</u>

6.        On May 14, 2012, each of the debtors in the Chapter 11 Cases (the "<u>Debtors</u>") filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.  These Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

---

[2]        No Borrower Claims (as defined in the Procedures Order) are included in the Objection.

ny-1186602

7.     On May 16, 2012, the Court entered an order [Docket No. 96] appointing

Kurtzman Carson Consultants LLC ("KCC") as the notice and claims agent in these Chapter 11

Cases.   Among other things, KCC is authorized to (a) receive, maintain, and record and

otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the

official Claims Register for the Debtors (the "Claims Register").

8.     On August 29, 2012, this Court entered the Bar Date Order, which established,

among other things, (i) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline

to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and

prescribed the form and manner for filing proofs of claim, and (ii) November 30, 2012 at 5:00

p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the

"Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar

Date").  (Bar Date Order ¶¶ 2, 3).  On November 7, 2012, the Court entered an order extending

the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time) [Docket No.

2093].  The Governmental Bar Date was not extended.

9.     On December 11, 2013, the Court entered the *Order Confirming Second Amended

Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of

Unsecured Creditors* (the "Confirmation Order") approving the terms of the Chapter 11 plan, as

amended (the "Plan"), filed in these Chapter 11 Cases [Docket No. 6065].  On December 17,

2013, the Effective Date (as defined in the Plan) of the Plan occurred, and, among other things,

the Liquidating Trust was established [Docket No. 6137].

10.    The Plan provides for the creation and implementation of the Liquidating Trust,

which, among other things, is "authorized to make distributions and other payments in

accordance with the Plan and the Liquidating Trust Agreement" and is responsible for the wind

down of the affairs of the Debtors' estates.  See Plan, Art. VI.A-D; see also Confirmation Order

3

¶ 22.    Pursuant to the Confirmation Order and the Plan, the Liquidating Trust was vested with broad authority over the post-confirmation liquidation and distribution of the Debtors' assets. See generally, Confirmation Order ¶¶ 26, 30, 48; Plan, Art. VI.

## BASIS FOR RELIEF

11.    A filed proof of claim is "deemed allowed, unless a party in interest . . . objects." 11 U.S.C. § 502(a).  If an objection refuting at least one of the claim's essential allegations is asserted, the claimant has the burden to demonstrate the validity of the claim.  See In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000).  The burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor.  In re Allegheny Int'l, Inc., 954 F.2d 167, 173-74 (3d Cir. 1992); see also Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010) (stating the claimant "bears the burden of persuasion as to the allowance of [its] claim.").  Moreover, section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1).

**A.**    **The No Liability Claims Should Be Disallowed and Expunged**

12.    The Liquidating Trust diligently analyzed the No Liability Claims and compared the claims set forth therein to the Debtors' books and records.  After such review, the Liquidating Trust determined that each of the No Liability Claims is asserted against a Debtor that does not have liability for such Claim.  See Horst Declaration ¶ 5.  This determination was made after the holders of the No Liability Claims were given an opportunity to supply additional documentation to substantiate their respective Claims.  See id.  Based on a diligent review of the Debtors' books

and records, the Liquidating Trust asserts that the Debtors have no liability to the claimants because: (i) there is no record of any invoice amounts or other sums owing to the claimant by the Debtors, (ii) the claimant did not attach an invoice to its proof of claim, and/or (iii) the amounts asserted in the Claim have been paid and satisfied by the Debtors or the Liquidating Trust, as applicable.  See id.  For these reasons, as described in greater detail on Exhibit A annexed to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors are not liable to these claimants for the amounts asserted in the respective Claims.  See id.

13.     To avoid the possibility that these claimants receive improper recoveries against the Debtors' estates, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced by such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge each of the No Liability Claims in its entirety.

**B**.     **The Modify and Allow Claims Should Be Reduced or Fixed and Allowed as Modified**

14.     Based upon its review of the proofs of claim filed on the Claims Register, the Liquidating Trust determined that each Modify and Allow Claim identified on Exhibit B attached to the Proposed Order was filed either in an amount that is greater than the actual amount for which the Debtors' estates are liable, or in an unliquidated amount for which the Liquidating Trust has determined the existing outstanding amount due to the claimant.  See Horst Declaration ¶ 6.

15.     One holder of a Modify and Allow Claim has asserted a liquidated claim amount based on outstanding tax liabilities of the Debtors.  After a review of the claimant's supporting documentation and the Debtors' books and records, the Liquidating Trust determined that this Modify and Allow Claim does not reflect the correct amount of liability owed by the Debtors to the claimant because it is based on outstanding balances that are higher than what is reflected in the Debtors' books and records, as set forth on Exhibit B under the column heading "*Reason For*

5

*Modification.*"  See 11 U.S.C. § 502(b); Horst Declaration ¶ 7.  In addition, two of the Modify

and Allow Claims were filed in unliquidated amounts.  As set forth on Exhibit B under the

column heading "*Reason for Modification*," the claimants failed to respond to requests for

additional information in support of their Claims.  See Horst Declaration ¶ 7.  Nonetheless, based

on a review of the Debtors' books and records, the Liquidating Trust determined the liquidated

amounts due to each of the claimants.  See id.

16.    The amounts listed on Exhibit B under the column heading "*Modified Claim*

*Amount*" represent the actual value of the Modify and Allow Claims as reflected in the Debtors'

books and records as of the Petition Date, less any amounts already satisfied after the Petition

Date (as applicable).  See Horst Declaration ¶ 8.  The holders of the Modify and Allow Claims

should not be allowed to recover more than the value of their claims.  Accordingly, in order to

properly reflect the actual value of these claims, the Liquidating Trust requests that this Court

reduce or fix, as appropriate, each Modify and Allow Claim to the corresponding amount listed

on Exhibit B under the column heading "*Modified Claim Amount*" and allow each such Modify

and Allow Claim only to the extent of such modified amount.

## NOTICE

17.    The Liquidating Trust has served notice of this Objection in accordance with the

Case Management Procedures [Docket No. 141] and the Procedures Order.  The Liquidating

Trust submits that no other or further notice need be provided.

## CONCLUSION

WHEREFORE, the Liquidating Trust respectfully requests that the Court enter an

order substantially in the form of the Proposed Order granting the relief requested herein and

granting such other relief as is just and proper.

ny-1186602

Dated:  May 7, 2015
        New York, New York

                                    /s/ Norman S. Rosenbaum
                                    Norman S. Rosenbaum
                                    Jordan A. Wishnew
                                    Meryl L. Rothchild
                                    **MORRISON & FOERSTER LLP**
                                    250 West 55th Street
                                    New York, New York 10019
                                    Telephone:  (212) 468-8000
                                    Facsimile:  (212) 468-7900

                                    *Counsel to The ResCap Liquidating Trust*

7

## **Exhibit 1**

**Horst Declaration**

ny-1186602

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------
                                                            )
In re:                                                      )        Case No. 12-12020 (MG)
                                                            )
RESIDENTIAL CAPITAL, LLC, <u>et al.</u>,                    )        Chapter 11
                                                            )
                                        Debtors.            )        Jointly Administered
                                                            )
---------------------------------------------------------------------

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE RESCAP**
**LIQUIDATING TRUST'S EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS**
**((A) NO LIABILTY CLAIMS AND (B) MODIFY AND ALLOW CLAIMS)**

I, Deanna Horst, hereby declare as follows:

1.        I am the Chief Claims Officer for The ResCap Liquidating Trust (the "<u>Liquidating</u> <u>Trust</u>"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>").  I have been employed by affiliates of ResCap since August of 2001.  In June 2012, I became Senior Director of Claims Management for ResCap and in October of 2013, I became the Chief Claims Officer of ResCap.  I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance— a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role.  In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery.  I am authorized to submit this declaration (the "<u>Declaration</u>") in support of

the *ResCap Liquidating Trust's Eighty-Sixth Omnibus Objection to Claims ((A) No Liability Claims and (B) Modify and Allow Claims)* (the "<u>Objection</u>").[1]

2.      Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust's employees, professionals and consultants, and/or Kurtzman Carson Consultants LLC ("<u>KCC</u>"), the Debtors' noticing and claims agent.  If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.      In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 Cases.  Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "<u>Books and Records</u>"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "<u>Schedules</u>"), my review and reconciliation of claims, and/or my review of relevant documents.  I or my designee at my direction have reviewed and analyzed the proof of claim forms and supporting documentation, if any, filed by the claimants listed on <u>Exhibit A</u> and <u>Exhibit B</u> annexed to the Proposed Order.  Since the Plan became effective and the Liquidating Trust was established, I, along with other members of the Liquidating Trust's management or other employees of the Liquidating Trust, have continued the claims reconciliation process, which includes analyzing claims and determining the appropriate treatment of the same.  In connection with such review and analysis, where applicable, I or the Liquidating Trust personnel under my supervision, and the Liquidating Trust's professional

---

[1]     Defined terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

advisors have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases.  Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

**A.      No Liability Claims**

5.      The Liquidating Trust diligently analyzed the No Liability Claims and compared the claims set forth therein to the Debtors' books and records.  After such review, the Liquidating Trust determined that each of the No Liability Claims is asserted against a Debtor that does not have liability for such Claim.  This determination was made after the holders of the No Liability Claims were given an opportunity to supply additional documentation to substantiate their respective Claims.  Based on a diligent review of the Debtors' books and records, the Debtors have no liability to the claimants because: (i) there is no record of any invoice amounts or other sums owing to the claimant by the Debtors, (ii) the claimant did not attach an invoice to its proof of claim, and/or (iii) the amounts asserted in the Claim have been paid and satisfied by the Debtors or the Liquidating Trust, as applicable.  For these reasons, as described in greater detail on Exhibit A annexed to the Proposed Order under the heading "*Reason for Disallowance*," the Debtors are not liable to these claimants for the amounts asserted in the respective Claims. Therefore, to avoid the possibility that these claimants receive improper recoveries against the Debtors' estates, and to ensure that the Liquidating Trust's beneficiaries are not prejudiced by

ny-1186613

such improper recoveries, the Liquidating Trust requests that this Court disallow and expunge each of the No Liability Claims in its entirety.

### B.    The Modify and Allow Claims

6.    Based upon its review of the proofs of claim filed on the Claims Register, the Liquidating Trust determined that each Modify and Allow Claim identified on <u>Exhibit B</u> attached to the Proposed Order was filed either in an amount that is greater than the actual amount for which the Debtors' estates are liable, or in an unliquidated amount for which the Liquidating Trust has determined the existing outstanding amount due to the claimant.

7.    One holder of a Modify and Allow Claim has asserted a liquidated claim amount based on outstanding tax liabilities of the Debtors.  After a review of the claimant's supporting documentation and the Debtors' books and records, the Liquidating Trust determined that this Modify and Allow Claim does not reflect the correct amount of liability owed by the Debtors to the claimant because it is based on outstanding balances that are higher than what is reflected in the Debtors' books and records, as set forth on <u>Exhibit B</u> under the column heading "*Reason For Modification*."  In addition, two of the Modify and Allow Claims were filed in unliquidated amounts.  As set forth on <u>Exhibit B</u> under the column heading "*Reason for Modification*," the claimants failed to respond to requests for additional information in support of their Claims. Nonetheless, based on a review of the Books and Records, the Liquidating Trust determined the liquidated amounts due to each of the claimants.  See <u>id.</u>

8.    The amounts listed on <u>Exhibit B</u> under the column heading "*Modified Claim Amount*" represent the actual value of the Modify and Allow Claims as reflected in the Debtors' books and records as of the Petition Date, less any amounts already satisfied after the Petition Date (as applicable).  The holders of the Modify and Allow Claims should not be allowed to

recover more than the value of their claims.  Accordingly, in order to properly reflect the actual

value of these claims, the Liquidating Trust requests that this Court reduce or fix, as appropriate,

each Modify and Allow Claim to the corresponding amount listed on Exhibit B under the column

heading "*Modified Claim Amount*" and allow each such Modify and Allow Claim only to the

extent of such modified amount.

9.    Based upon these reviews, and for the reasons set forth in the Objection

and Exhibit A and Exhibit B to the Proposed Order, I have determined that each Claim that is the

subject of the Objection should be accorded the proposed treatment described in the Objection.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the

foregoing is true and correct.

Dated:  May 7, 2015

_/s/_ Deanna Horst_____
Deanna Horst
Chief Claims Officer for The ResCap
Liquidating Trust

5

**Exhibit 2**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------
                                         )

In re:                         )     Case No. 12-12020 (MG)

                                         )

RESIDENTIAL CAPITAL, LLC, et al.,    )     Chapter 11

                                       )

              Debtors.        )     Jointly Administered

---------------------------------------------------------------)

### ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S EIGHTY-SIXTH OMNIBUS OBJECTION TO CLAIMS ((A) NO LIABILITY CLAIMS AND (B) MODIFY AND ALLOW CLAIMS)

Upon the *The ResCap Liquidating Trust's Eighty-Sixth Omnibus Objection to Claims ((A) No Liability Claims and (B) Modify and Allow Claims)* (the "Objection")[1] of The ResCap Liquidating Trust (the "Liquidating Trust") established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 Cases, as successor in interest to the Debtors, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), (i) disallowing and expunging the No Liability Claims on the basis that the Debtors' books and records reflect no liability for amounts owed for such Claims against the Debtors' estates and (ii) modifying and allowing the Modify and Allow Claims on the grounds that these Claims were filed either in an amount that is greater than the actual amount for which the Debtors' estates are liable or in an unliquidated amount, all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the

---

[1]    Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being

proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of

the Objection having been provided, and it appearing that no other or further notice need be

provided; upon consideration of the Objection and the *Declaration of Deanna Horst in Support

of The ResCap Liquidating Trust's Eighty-Sixth Omnibus Objection to Claims ((A) No Liability

Claims and (B) Modify and Allow Claims)*, annexed to the Objection as <u>Exhibit 1</u>; and the Court

having found and determined that the relief sought in the Objection is in the best interests of the

Liquidating Trust, its constituents, the Debtors, and all parties in interest, and that the legal and

factual bases set forth in the Objection establish just cause for the relief granted herein; and after

due deliberation and sufficient cause appearing therefor, it is

ORDERED that the relief requested in the Objection is granted to the extent

provided herein; and it is further

ORDERED that, pursuant to section 502(b) of the Bankruptcy Code, the Claims

listed on <u>Exhibit A</u> annexed hereto (collectively, the "<u>No Liability Claims</u>") are hereby

disallowed and expunged in their entirety with prejudice; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Claims

listed on <u>Exhibit B</u> annexed hereto (the "<u>Modify and Allow Claims</u>") are hereby reduced or fixed

and allowed in the amount provided under the column *Modified Claim Amount*, and it is further

ORDERED that the Liquidating Trust is authorized and empowered to take all

actions as may be necessary and appropriate to implement the terms of this Order; and it is

further

ORDERED that notice of the Objection, as provided therein, shall be deemed

good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a),

the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures

Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order has no res judicata, estoppel, or other effect on the

validity, allowance, or disallowance of any claim not listed on Exhibit A or Exhibit B annexed to

this Order, and the Liquidating Trust and any party in interest's rights to object on any basis is

expressly reserved with respect to any such claim not listed on Exhibit A or Exhibit B annexed

hereto; and it is further

ORDERED that this Order shall be a final order with respect to each of the

Claims identified on Exhibit A or Exhibit B annexed hereto, as if each such Claim had been

individually objected to; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all

matters arising from or related to this Order.


Dated:_____, 2015
        New York, New York


_____
THE HONORABLE MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE

## Exhibit A

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
EIGHTY-SIXTH OMNIBUS OBJECTION - NO LIABILITY (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | | | | | **Claims to be Disallowed and Expunged** | | | |
| 1 | BEVERLY GROUP INC<br>660 4TH STREET<br>STE 116<br>SAN FRANCISCO, CA 94107 | 2206 | 11/05/2012 | $7,500.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Basis of claim is for unpaid real estate commission for a short sale.  The closing fell through and commission was not earned as the transaction did not close.  Review of Books and Records confirms that Debtors did not have a commitment to pay unless transaction closed. |
| 2 | City of Stockton<br>Administrative Services<br>425 N El Dorado St<br>Stockton, CA 95202 | 6228 | 11/30/2012 | $6,414.88 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of the invoices, which were submitted with this claim, owing to claimant by any Debtor. The Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. Moreover, while the claim included information relating to a certain parcel of real property, the Trust's examination of the Debtors' books and records reflect that the Debtors had a pre-existing relationship with the identified parcel but only as the servicer of the 2nd mortgage.  Debtor received notice of the code violation and the invoices on multiple occasions and responded back to  the city that Debtor was the servicer of the 2nd mortgage, and Option One/Am Home Mtg was servicing the 1st mortgage. Debtor provided Claimant with Option One's contact information and notified the city that they needed to contact Option One to clear the code/lien. Therefore, there is no basis for liability against the Debtors. |
| 3 | Eldorado Neighborhood Second Homeowners Association<br>c/o Terra West Management Services<br>6655 S. Cimarron Road, Suite 200<br>Las Vegas , NV 89113 | 1289 | 10/15/2012 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$887.71 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Per claimant, the claim was paid and amounts are no longer due. |
| 4 | FARRIS ENTERPRISES LLC<br>94 1506 LANIKUHANA AVE 577<br>MILIANI, HI 96789 | 508 | 09/17/2012 | $525.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Per claimant, the claim was paid and amounts are no longer due. |
| 5 | Gilmer County Tax Commissioner<br>1 Broad Street Suite 105<br>Ellijay, GA 30540 | 447 | 08/31/2012 | $952.96 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Per claimant, the claim was paid and amounts are no longer due. |
| 6 | HARBOR BREEZE CONDOMINIUM<br>5471 VINELAND RD 7301<br>ORLANDO, FL 32811 | 723 | 09/24/2012 | $6,063.68 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. Moreover, while the claim included information relating to a certain parcel of real property, the Trust's examination of the Debtors' books and records did not reflect that the Debtors had any pre-existing relationship with the identified parcel, either in their capacity as a loan servicer or investor.  Therefore, there is no basis for liability against the Debtors. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
EIGHTY-SIXTH OMNIBUS OBJECTION - NO LIABILITY (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| 7 | LAW OFFICES OF MARSHALL C WATSON<br>C/O - Scott Weiss, Esq.<br>1800 NW 49th St Ste 120<br>Fort Lauderdale, FL 33309 | 3643 | 11/08/2012 | $5,959.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust requested that claimant provide additional detail to support the claim. Claimant has not provided any response. The Trust's examination of the Debtors' books and records confirmed that there were no outstanding pre- or post-petition invoice amounts owed to claimant by any Debtor. |
| 8 | Law Offices of Marshall C. Watson P.A.<br>c/o Scott Weiss, Esq.<br>1800 NW 49th St Ste 120<br>Ft Lauderdale, FL 33309 | 3745 | 11/08/2012 | $22,174.70 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | The Liquidating Trust requested that claimant provide additional detail to support the claim. Claimant has not provided any response. The Trust's examination of the Debtors' books and records confirmed that there were no outstanding pre- or post-petition invoice amounts owed to claimant by any Debtor. |
| 9 | LUNDBERG AND ASSOCIATES<br>3269 S MAIN ST STE 100<br>SALT LAKE CITY, UT 84115 | 2557 | 11/06/2012 | $6,085.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of the invoices, which were submitted with this claim, owing to claimant by any Debtor. The Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. |
| 10 | MARSHALL L COHEN PA<br>PO BOX 60292<br>FORT MYERS, FL 33906 | 4667 | 11/13/2012 | $5,000.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | ditech, LLC | 12-12021 | The Liquidating Trust reached out to claimant a number of times, through both email and phone calls, to obtain copies of invoices, loan numbers, or any additional identifying information to research the merits of the claim. None were provided. Moreover, the Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. |
| 11 | MARTIN COUNTY TAX COLLECTOR<br>3485 SE WILLOUGHBY BLVD<br>STUART, FL 34994 | 123 | 06/04/2012 | $2,427.83 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Per claimant, the claim was paid and amounts are no longer due. |
| 12 | MERIDEN TAX COLLECTOR<br>142 E MAIN ST<br>RM 117<br>MERIDEN, CT 06450 | 1884 | 10/29/2012 | $1,104.47 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Per claimant, the claim was paid and amounts are no longer due. |
| 13 | Mississippi Department of Revenue<br>Bankruptcy Section<br>P.O. Box 22808<br>Jackson, MS 39225 | 340 | 07/31/2012 | $996.75 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Per claimant, the claim was paid and amounts are no longer due. |
| 14 | Norfolk City Treasurer<br>Norfolk City<br>PO Box 3215<br>Norfolk, VA 23514 | 632 | 09/21/2012 | $0.00 Administrative Priority<br>$0.00 Administrative Secured<br>$0.00 Secured<br>$125.00 Priority<br>$0.00 General Unsecured | | GMAC Mortgage, LLC | 12-12032 | Per claimant, the claim was paid and amounts are no longer due. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
EIGHTY-SIXTH OMNIBUS OBJECTION - NO LIABILITY (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | |
| 15 | PAUL DAVIS RESTORATION AND REMODELING<br>77833 PALAPAS RD<br>PALM DESERT, CA 92211 | 625 | 09/21/2012 | <br><br><br><br>$10,159.81 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of the invoices, which were submitted with this claim, owing to claimant by any Debtor. Moreover, the Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. |
| 16 | Revenue Commissioner Morgan County<br>Amanda G. Scott<br>PO Box 696<br>Decatur, AL 35602 | 7296 | 10/28/2013 | <br><br>$694.90 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Per claimant, the claim was paid and amounts are no longer due. |
| 17 | Samuel I. White, P.C.<br>Donna J. Hall, Esq.<br>5040 Corporate Woods Drive,<br>Suite 120<br>Virginia Beach, VA 23452 | 5666 | 11/16/2012 | <br><br><br><br>$6,126.78 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of the invoices, which were submitted with this claim, owing to claimant by any Debtor. Moreover, the Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. |
| 18 | SERVPRO OF THE REND LAKE REGION<br>PO BOX 624<br>MOUNT VERNON, IL 62864-0014 | 4220 | 11/09/2012 | <br><br><br>$7,427.49 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Claimant is a contractor seeking payment in connection with property repairs done for a GMACM borrower. Claimant believes that it is entitled to the insurance proceeds related to the borrower's property. Claimant's recourse is with the borrower/homeowner, not with GMACM. GMACM had no agreement with the contractor. |
| 19 | Shore Line Realty & Associates Inc.<br>1407 Viscaya Parkway, # 2<br>Cape Coral, FL 33990 | 1671 | 10/25/2012 | $0.00<br>$0.00<br>$7,800.00<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | Per claimant, the claim was paid and amounts are no longer due. |
| 20 | SUN PRAIRIE CITY<br>300 E MAIN ST<br>SUN PRAIRIE CITY TREASURER<br>SUN PRAIRIE, WI 53590 | 2155 | 11/05/2012 | <br><br><br><br>$356.75 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | Per claimant, the claim was paid and amounts are no longer due. |
| 21 | Trenton Water Works<br>Trenton Water Works / City of Trenton / Accounts & Control<br>319 East State St., Room 113<br>Trenton, NJ 08608 | 479 | 09/14/2012 | <br><br>$515.22 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | Per claimant, the claim was paid and amounts are no longer due. |

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)
EXHIBIT A
EIGHTY-SIXTH OMNIBUS OBJECTION - NO LIABILITY (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Reason for Disallowance |
|---|---|---|---|---|---|---|---|---|
| | **Claims to be Disallowed and Expunged** | | | | | | | |
| 22 | WILLOWTREE HOMEOWNERS ASSOC 1111 STEVENS ST NO 17 MEDFORD, OR 97504 | 2480 | 11/06/2012 | $4,818.30 | Administrative Priority Administrative Secured Secured Priority General Unsecured | Residential Capital, LLC | 12-12020 | Books and records research found no record of the invoices, which were submitted with this claim, owing to claimant by any Debtor. The Debtors' books and records do not reflect any sums (pre- or post-petition) owing to this claimant by any Debtor. Moreover, while the claim included information relating to a certain parcel of real property, the Trust's examination of the Debtors' books and records did not reflect that the Debtors had any pre-existing relationship with the identified parcel, either in their capacity as a loan servicer or investor.  Therefore, there is no basis for liability against the Debtors. |
| 23 | Wise CAD Elizabeth Weller Linebarger Goggan Blair & Sampson, LLP 2323 Bryan Street, Ste 1600 Dallas, TX 75201 | 4879 | 11/16/2012 | $1,489.77 | Administrative Priority Administrative Secured Secured Priority General Unsecured | GMAC Mortgage, LLC | 12-12032 | Per claimant, the claim was paid and amounts are no longer due. |

**<u>Exhibit B</u>**

In re RESIDENTIAL CAPITAL, LLC, et al. (CASE NO. 12-12020 (MG)) (JOINTLY ADMINISTERED)

EXHIBIT B

EIGHTY-SIXTH OMNIBUS OBJECTION - MODIFY AND ALLOW CLAIMS (NON-BORROWER CLAIMS)

| | Name of Claimant | Claim Number | Date Filed | Claim Amount | | Asserted Debtor Name | Asserted Case Number | Modified Claim Amount | | Reason for Modification |
|---|---|---|---|---|---|---|---|---|---|---|
| 1 | CL RAFFERTY CPA<br>360 FAIR LN<br>PLACERVILLE, CA 95667 | 555 | 09/18/2012 | $14,418.34 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Residential Capital, LLC | 12-12020 | $0.00<br>$0.00<br>$11,459.74<br>$0.00<br>$0.00 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Claim reduced to $11,459.76 to eliminate tax penalties that were improperly included in original asserted amount. |
| 2 | Office of the State Treasurer<br>Unclaimed Property Division<br>One Players Club Dr<br>Charleston, WV 25311 | 644 | 09/24/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | Homecomings Financial, LLC | 12-12042 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$369.84 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | The Liquidating Trust requested on multiple occasions that claimant provide additional detail to support the claim. Claimant provided no response. Books and records research found that Debtor owed certain sums to claimant in a liquidated amount, which is reflected in the "Modified Claim Amount" column. |
| 3 | Office of the State Treasurer<br>Unclaimed Property Division<br>One Players Club Dr<br>Charleston, WV 25311 | 735 | 09/25/2012 | UNLIQUIDATED | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | GMAC Mortgage, LLC | 12-12032 | $0.00<br>$0.00<br>$0.00<br>$0.00<br>$26,135.25 | Administrative Priority<br>Administrative Secured<br>Secured<br>Priority<br>General Unsecured | The Liquidating Trust requested on multiple occasions that claimant provide additional detail to support the claim. Claimant provided no response. Books and records research found that Debtor owed certain sums to claimant in a liquidated amount, which is reflected in the "Modified Claim Amount" column. |