**Hearing Date: May 14, 2015 at 4:00 P.M. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS
EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS ((I) NO-LIABILITY
BORROWER CLAIMS, (II) REDUNDANT BORROWER CLAIMS, (III)
<u>MISCLASSIFIED BORROWER CLAIMS) AS TO CLAIM NO. 4701</u>**

ny-1186588

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] filed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this reply (the "Reply") and the Supplemental Declaration of David Cunningham, Director to the ResCap Liquidating Trust (the "Supplemental Declaration"), annexed hereto as Exhibit 1, to the responses filed by Gale Gibbs (the "Respondent") [Docket No. 8542] (the "Response") to the *ResCap Borrower Claims Trust's Eighty-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Redundant Borrower Claims, and (III) Misclassified Borrower Claims)* [Docket No. 8380] (the "Objection") and in further support of the Objection.  The Borrower Trust respectfully states as follows:

## PRELIMINARY STATEMENT

1. The Borrower Trust examined the Response and the statements submitted in support thereof.  For purposes of this Reply and the Objection, the Borrower Trust takes these statements at face value.  If the Court is not prepared to rule on the Objection with respect to the Respondent, then the Borrower Trust reserves the right to take discovery from the Respondent.

2. As described herein and in the Supplemental Declaration, the Borrower Trust thoroughly examined the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records") in an effort to validate the accuracy of the allegations made in the Response and the claim at issue, and for the reasons described herein, the Books and Records do not show any liability due and owing to the Respondent.

3. Moreover, as the Objection shifted the burden of proof back to the Respondent, the Respondent must demonstrate a valid claim against the Debtors' estates by a preponderance

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.

ny-1186588

of the evidence. For the reasons set forth in the Objection, this Reply, and the Supplemental Declaration, the Respondent has failed to provide any explanation as to why her claim is valid and should be allowed against the Debtors' estates. In the Response, the Respondent does not address the arguments in the Objection, but merely alleges that the Borrower Trust is barred from objecting to her claim based on the doctrine of laches. This allegation is premised on the mistaken and unsubstantiated belief that the Debtors purportedly entered into an agreement to not object to her claim. Therefore, the Respondent has failed to meet her burden of proof, and the relief sought in the Objection should be granted with respect to the Respondent.

## BACKGROUND

4.  In connection with the claims reconciliation process, the Borrower Trust identified certain claims filed by Borrowers that it believed did not constitute valid liabilities of the Debtors (together, the "No Liability Borrower Claims"). See Supplemental Declaration ¶ 4.

5.  The Debtors sent Request Letters to certain Borrowers, including the Respondent, requesting additional documentation in support of the No Liability Borrower Claims.[2] See Supplemental Declaration ¶ 5. The Request Letters state that the claimant must respond within 30 days with an explanation that states the legal and factual reasons why the claimant believes he or she is owed money or is entitled to other relief from the Debtors, and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for his or her claim. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged. See Supplemental Declaration ¶ 5.

---

[2] A Request Letter was sent to the Respondent on June 21, 2013. See Supplemental Decalration n. 2.

2

ny-1186588

6. The Debtors received a response to the Request Letter from the Respondent on July 29, 2013 (the "Diligence Response"), a copy of which is attached to the Supplemental Declaration as Exhibit A. However, the Diligence Response fails to allege a basis for a claim against the Debtors' estates. Further, as stated in the Objection, the Books and Records do not show any liability due and owing to the Respondent. See Supplemental Declaration ¶ 6.

*Background Facts*

7. On or around November 14, 2012, the Respondent filed a proof of claim against Debtor GMAC Mortgage, LLC ("GMACM"), designated as Claim No. 4701 (the "Claim"), asserting a secured claim for $50,000 and a general unsecured claim for $33,352.55. See Exhibit B to the Supplemental Declaration. See Exhibit A to the proposed order to the Objection ("Exhibit A to the Objection").

8. According to the Debtors' books and records, Debtor Homecomings Financial Network, Inc. ("Homecomings") originated a loan in the amount of $50,000 to the Respondent on August 17, 2006 (the "Loan"), secured by a deed of trust on property located at 216 Overhill Drive, Arlington, TX 76010 (the "Property"). See Exhibit A to the Objection; see also Note, attached to the Supplemental Declaration as Exhibit C, and Deed of Trust, attached to the Supplemental Declaration as Exhibit D.

9. Debtor Residential Funding Company ("RFC") purchased the loan from Homecomings and transferred its interest when the loan was securitized on or about September 28, 2006 where Deutsche Bank Trust Company Americas ("Deutsche") was appointed as trustee. See Exhibit A to the Objection.

10. Homecomings serviced the loan from August 17, 2006 until servicing was transferred to GMACM on or about July 1, 2009. GMACM serviced the loan until servicing

3

ny-1186588

transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013. See Exhibit A to the Objection.

## REPLY

11. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. § 502(b)(1). As noted previously by the Court, objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut the presumption of the claimant's prima facie case. In re Residential Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014). See also Allegheny Int'l, Inc. v. Snyder (In re Allegheny Int'l, Inc.), 954 F.2d 167, 173-74 (3d Cir. 1992).

12. Once an objection refutes an essential allegation of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence. Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009), aff'd sub nom., Peter J. Solomon Co. v. Oneida Ltd, No. 09-cv-2229 (DC), 2010 U.S. Dist. Lexis 6500 (S.D.N.Y. Jan. 22, 2010); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props. (In re Rockefeller Ctr. Props.), 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).

13.     In the Response, the Respondent asserts that she entered into an agreement with the Debtors' attorneys in August 2013 to forgive her loan.  See Response ¶¶ 3-4.  She further asserts that this agreement was "perfected" on September 2, 2013 when the Debtors paid off the loan and released service on the account.  See id ¶ 5.  However, the Debtors have no record of this conversation.  See Supplemental Declaration ¶ 9.  Furthermore, by August 2013, the servicing of the Loan had already been transferred to Ocwen.  See id ¶ 10.  Moreover, the purported evidence the Respondent attaches to demonstrate that the loan was forgiven is from Ocwen's website.  As a result, any purported agreement concerning any alleged forgiveness of her loan was only with Ocwen, and cannot form the basis of a claim against the Debtors' estates.

14.     The Respondent also asserts that the Debtors have already agreed to pay her claim unencumbered, and attaches the ballot that was sent to her permitting her to vote on the Plan (the "Ballot") as evidence of this.  See Response ¶ 6; Exhibit B.  However, the Respondent is mistaken as to the meaning of the Ballot and the treatment of the Claim as a result of the Plan. The Plan did not allow any claims against the Debtors' estates.  Rather it vested the power to object to Borrower Claims with the Borrower Trust. Per this Court's *Order Granting Motion to Extend Date By Which Objections to Claims Must Be Filed* [Docket No. 7445], entered on August 26, 2014, the Borrower Trust currently has until June 15, 2015 to object to Borrower Claims.[3]  The Ballot merely informed her of her right, as a holder of a claim against the Debtors' estate, to vote on the Plan. See Form Ballot, attached to the *Notice of Filing of Revised Order (I) Approving Disclosure Statement, (II) Establishing Procedures for Solicitation and Tabulation of Votes to Accept or Reject the Plan Proponents' Joint Chapter 11 Plan, (III) Approving the Form of Ballots, (IV) Scheduling a Hearing on Confirmation of the Plan, (V)*

---

[3] This date is subject to further extension with the approval of the Court.

*Approving Procedures for Notice of the Confirmation Hearing and for Filing Objections to Confirmation of the Plan, and (VI) Granting Related Relief* [Docket No. 4739].[4] Nowhere in the Ballot does it state that her claim will be paid unencumbered. As a result, the Objection is not barred by the doctrine of laches.

15. As stated in the Objection, the Claimant has provided nothing but conclusory allegations against the Debtors regarding "fraud in the factum deceptive trade practices" as to "every loan contract since about 1986." Such allegations fail to prove by a preponderance of the evidence a valid legal basis entitling the Respondent to a claim against the Debtors' estates.[5] Moreover, the Claimant fails to proffer any evidence of wrongdoing related to the Loan. In addition, the Debtors' books and records do not reflect that any sums are owed to the Respondent. As a result, the Claim should be disallowed and expunged from the Claims Register.

## CONCLUSION

16. WHEREFORE, the Borrower Trust respectfully submits that the relief requested in the Objection should be granted in its entirety.

---

[4] The Respondent received a ballot for the unsecured portion of her claim, as well as a notice of non-voting status with respect the secured portion of her claim.

[5] In the Response, the Respondent asserts that the Borrower Trust "admitted that the asset was converted on September 28, 2006, therefore proving the claim made by Gibbs." See Response ¶ 2. This is apparently a reference to the securitization of the Loan. However, the Respondent fails to demonstrate how the securitization of the Loan entitles her to a claim against the Debtors' estates.

| | |
|---|---|
| Dated: May 8, 2015<br>New York, New York | /s/ Norman S. Rosenbaum<br>Norman S. Rosenbaum<br>Jordan A. Wishnew<br>Jessica J. Arett<br>MORRISON & FOERSTER LLP<br>250 West 55th Street<br>New York, New York 10019<br>Telephone: (212) 468-8000<br>Facsimile: (212) 468-7900<br><br>*Counsel for the ResCap Borrower Claims Trust* |