## Exhibit 1

**Supplemental Cunningham Declaration**

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | Chapter 11 |
| Debtors. | Jointly Administered |

**SUPPLEMENTAL DECLARATION OF DAVID CUNNINGHAM IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS ((I) NO-LIABILITY BORROWER CLAIMS, (II) REDUNDANT BORROWER CLAIMS, (III) MISCLASSIFIED BORROWER CLAIMS) AS TO CLAIM NO. 4701**

I, David Cunningham, hereby declare as follows:

1. I serve as Director of Regulatory and Compliance for the ResCap Liquidating Trust (the "<u>Liquidating Trust</u>"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Director for Residential Capital, LLC ("<u>ResCap</u>"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "<u>Debtors</u>"). I have been employed by affiliates of ResCap since August of 2001. I began my association with ResCap in 2001 working as a Foreclosure Specialist in the Loan Servicing Operation. In 2002, I became a Team Leader in the Foreclosure Department, a position I held until 2003 when I became a Manager. In 2007, I became the Director, Foreclosure Operations. In February of 2013, I became Director of Regulatory and Compliance. In my current position, among other duties, I am responsible for ensuring that ResCap satisfies its obligations under

1

settlements entered into with the Department of Justice and the Federal Reserve Board. I also assist in the claims reconciliation process. I am authorized to submit this supplemental declaration (the "Supplemental Declaration") in support of the *ResCap Borrower Claims Trust's Reply in Support of Its Eighty-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Reduce and Allow Borrower Claim, and (III) Redesignate, Reduce, and Allow Borrower Claim) as to Claim No. 4701* (the "Reply").[1]

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3. In my capacity as Director to the Liquidating Trust and ResCap, I am familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' Books and Records (the "Books and Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or other Liquidating Trust personnel have reviewed and analyzed the proof of claim form and supporting documentation filed by the Respondent. Since the Plan went effective and the Borrower Trust was established, I, along with other members of the Liquidating Trust have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Reply.

2

ny-1187047

appropriate treatment of the same. In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

4. In connection with the claims reconciliation process, the Borrower Trust identified certain claims filed by Borrowers that are not liabilities of the Debtors (together, the "No Liability Borrower Claims").

5. The Debtors sent Request Letters to certain Borrowers, including the Respondent, requesting additional documentation in support of the No Liability Borrower Claims.[2] The Request Letters state that the claimant must respond within 30 days with an explanation that states the legal and factual reasons why the claimant believes he is owed money or is entitled to other relief from the Debtors, and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for his claim. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.

6. The Debtors received a response to the Request Letter from the Respondent on July 29, 2013 (the "Diligence Responses"), attached hereto as Exhibit A. However, the Diligence Response fails to allege bases for valid claims against the Debtors' estates. Further, as stated in the Objection, the Books and Records do not show any liability due and owing to the Respondent.

---

[2] A Request Letter was sent to the Respondent on June 21, 2013.

3

ny-1187047

7. On or around November 14, 2012, the Respondent filed a proof of claim against Debtor GMAC Mortgage, LLC ("GMACM"), designated as Claim No. 4701 (the "Claim"), asserting a secured claim for $50,000 and a general unsecured claim for $33,352.55. See Exhibit B attached hereto.

8. According to the Debtors' books and records, Debtor Homecomings Financial Network, Inc. ("Homecomings") originated a loan in the amount of $50,000 to the Respondent on August 17, 2006 (the "Loan"), secured by a deed of trust on property located at 216 Overhill Drive, Arlington, TX 76010 (the "Property"). See Note, attached hereto as Exhibit C, and Deed of Trust, attached hereto as Exhibit D.

9. There is nothing in the Debtors' books and records to indicate that the Debtors entered into any agreement with the Respondent on or around August 2013.

10. By August 2013, the servicing of the Loan had already been transferred to Ocwen.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 8, 2015

/s/ David Cunningham
David Cunningham
Director for ResCap Liquidating Trust

4

ny-1187047