UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |  |
|---|---|---|
| In re: | ) | **NOT FOR PUBLICATION** |
|  | ) |  |
|  | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | ) |  |
|  | ) | Chapter 11 |
| Debtors. | ) |  |
|  | ) | Jointly Administered |

**MEMORANDUM OPINION AND ORDER SUSTAINING THE RESCAP
LIQUIDATING TRUST'S OBJECTION TO CLAIM NUMBER 7466
FILED BY MARTHA S. PANASZEWICZ**

*A P P E A R A N C E S :*

MORRISON & FOERSTER LLP
*Attorneys for Liquidating Trust*
250 West 55th Street
New York, New York 10019
By:     Norman S. Rosenbaum, Esq.
        Jordan A. Wishnew, Esq.
        Meryl L. Rothchild, Esq.

ROSALES DEL ROSARIO, P.C.
*Attorney for Martha S. Panaszewicz*
39-01 Main Street
Suite 302
Flushing, New York 11354
By:     John B. Rosario, Esq.

**MARTIN GLENN
UNITED STATES BANKRUPTCY JUDGE**

Pending before the Court is the ResCap Liquidating Trust's (the "Trust") objection to

Claim Number 7466 (the "Claim," ECF Doc. # 8258-7) filed by Martha S. Panaszewicz

("Panaszewicz"). The objection to the Claim is included in the *ResCap Liquidating Trust's*

*Seventy-Ninth Omnibus Claims Objection (Purported Administrative Claims)* (the "Objection,"

ECF Doc. # 7841).[1]  On February 11, 2015, the Court held a hearing on the Objection to the

Claim (the "Hearing") and ordered a continuance of the Objection to permit Panaszewicz, who

had recently retained counsel, to respond to the Objection.  Panaszewicz then filed an opposition

(the "Opposition," ECF Doc. # 8201), and the Trust filed a reply (the "Reply," ECF Doc.

# 8258).[2]

    The Court heard argument on March 12, 2015 and directed the parties to file

supplemental memoranda.  (*See* March 12, 2015 Hr'g Tr. 121:7–12, ECF Doc. # 8367.)  Both

parties filed supplemental memoranda of law – *see* the "Panaszewicz Supplement," ECF Doc.

# 8336 and the "Trust Supplement," ECF Doc. # 8337.  This Opinion sustains the Objection to

Panaszewicz's Claim.

## I.    BACKGROUND

### A.    The Bar Date Notices

    On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition for

relief under chapter 11 of the Bankruptcy Code, commencing these chapter 11 cases (the

"Chapter 11 Cases").  On August 29, 2012, this Court entered an order (the "Bar Date Order,"

ECF Doc. # 1309), establishing (1) November 9, 2012 at 5:00 p.m. (prevailing Eastern Time) as

the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General

Bar Date") and prescribing the form and manner for filing proofs of claim (*id.* ¶ 2); and (2)

November 30, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental

units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar

---

[1]    The Objection is supported by the declarations of Deanna Horst (the "Horst Declaration," ECF Doc.
# 7841-1) and P. Joseph Morrow IV (the "Morrow Declaration," ECF Doc. # 7841-2).

[2]    The Reply is supported by the supplemental declarations of Deanna Horst (the "Horst Supp.," ECF Doc.
# 8258-1) and P. Joseph Morrow IV (the "Morrow Supp.," ECF Doc. # 8258-5).

Date, as applicable, the "Bar Date") (*id.* ¶ 3).  The Bar Date Order also approved the form of the

Bar Date notice, notifying potential creditors of the date by which they must file proofs of claim

(the "Bar Date Notice").  (*See id.* ¶ 4.)  On November 7, 2012, the Court entered an order

extending the General Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time).

(*See* ECF Doc. # 2093).

On March 21, 2013, the Court entered an order (the "Procedures Order," ECF Doc.

# 3294), authorizing the Debtors to file omnibus objections to no more than 150 claims at a time,

on various grounds, including those set forth in Rule 3007(d) of the Federal Rules of Bankruptcy

Procedure (the "Bankruptcy Rules") and those additional grounds set forth in the Procedures

Order.  (*See id.* at 2, 7.)  The Procedures Order includes specific protections for Borrowers and

sets forth a process for the Debtors (and now the Trust) to follow before objecting to certain

categories of Borrower Claims (the "Borrower Claims Procedures").[3]  (*See generally id.*)  For

example, the Borrower Claim Procedures require that before objecting to certain Borrower

Claims, the Trust must send the Borrower a letter (a "Request Letter") requesting additional

documentation in support of the purported claim.  (*See id.* at 4.)

The Court confirmed the *Second Amended Joint Chapter 11 Plan Proposed by Residential*

*Capital, LLC, et al. and The Official Committee of Unsecured Creditors* (the "Confirmed Plan,"

ECF Doc. # 6065-1) on December 11, 2013.  (*See* "Confirmation Order," ECF Doc. # 6065.)

The Confirmed Plan became effective on December 17, 2013 (the "Effective Date").  (*See* ECF

Doc. # 6137.)  On the Effective Date, in accordance with the Confirmed Plan, the Debtors filed

---

[3]      A "Borrower" is defined in the motion for entry of the Procedures Order as "a person who is or was a mortgagor under a mortgage loan originated, serviced, and/or purchased or sold by one or more of the Debtors." (ECF Doc. # 3123, ¶ 21.)  "Borrower Claims" are defined as the claims filed by current or former Borrowers.  (*See id.*)

the *Notice of Entry of the Confirmation Order Confirming the Second Amended Joint Chapter11*

*Plan Proposed by Residential Capital, LLC, et al. and The Official Committee of Unsecured*

*Creditors and Occurrence of the Effective Date* (ECF Doc. # 6137), which set January 16, 2014

as the deadline by which holders of administrative expense claims could file requests for

payment of such claims (the "Administrative Claim Bar Date"). (Obj. ¶ 15.) The Debtors sent

potential claimants and other parties in interest the *Notice of Deadline and Procedures for Filing*

*Certain Administrative Claims* (the "Administrative Claim Bar Date Notice," ECF Doc. # 6138)

via mail 23 days prior to the Administrative Claim Bar Date. (*Id.* ¶ 16; Morrow Decl. ¶ 4.)

### B.    Panaszewicz's Loan History

On March 6, 2007, Panaszewicz financed the purchase of real property located at 89

Belle Avenue, San Francisco, California 94132 (the "Property") with a $440,000 loan (the

"Loan") from Metrocities Mortgage LLC d/b/a No Red Tape Mortgage ("Metrocities"). (Reply

¶ 2.) She executed a promissory note (the "Note," Horst Supp. Ex. A at 2–14), secured by a deed

of trust on the Property (the "Deed of Trust," *id.* at 15–41).[4] (Reply. ¶ 2 n.2.) Debtor GMAC

Mortgage, LLC ("GMACM") serviced the Loan from March 20, 2007 until servicing was

transferred to Ocwen Loan Servicing, LLC ("Ocwen") on February 16, 2013. (*Id.* ¶ 2.) On June

12, 2012, Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for Metrocities

and its successors and assigns, assigned the Deed of Trust to Debtor Residential Funding

Company, LLC ("RFC") (the "DOT Assignment," Horst Supp. Ex. B). (Reply ¶ 2.)

Panaszewicz fell behind on her Loan payments. (Opp. ¶ 3.) She received a loss

mitigation letter and workout package from GMACM on February 23, 2012. (*Id.*) On July 10,

---

[4]    The Deed of Trust, recorded on March 14, 2007, originally named Metrocities as the beneficiary. (Reply ¶ 2 n.2.)

2012, Debtor Executive Trustee Services, LLC ("ETS"), as trustee or substituted trustee,

recorded a notice of default and election to sell under deed of trust (the "Notice of Default").

(Reply ¶ 3.)  The Notice of Default stated that Panaszewicz was $23,898.72 behind on her Loan

payments as of July 9, 2012.  (*Id.*; *id.* Ex. 9 at 3.)  After receiving the Notice of Default,

Panaszewicz's children actively pursued the loan workout offered by GMACM (Opp. ¶ 4);

nonetheless, ETS recorded a "Notice of Sale," setting a sale date of November 20, 2012 (Reply

¶ 4).  The sale was held and ETS transferred the Property to RFC as the foreclosing beneficiary.

(Reply ¶ 4; *id.* Ex. 9 at 3.)

Panaszewicz contends that on the same day the Notice of Sale was recorded, her children

agreed (on her behalf) with GMACM on a workout solution.  (Opp. ¶ 5.)  Panaszewicz's children

purportedly sent GMACM a completed set of the required documents together with letters

requesting that the trustee's sale be postponed.  (*Id.*)  On October 30, 2012, Panaszewicz's

daughter spoke by telephone to a GMACM representative, a Mr. Lee, reiterating her request for a

delay of the trustee's sale while the loan workout was finalized.  (*Id.*)  Lee allegedly said "don't

worry about it, you don't need it."  (*Id.*)  According to Panaszewicz, her daughter interpreted this

statement to mean that the sale would be postponed and "she desisted from instituting other legal

means to protect her interest in [the Property] because she relied on Mr. Lee's assurances."  (*Id.*

¶ 6.)  Mr. Lee later informed Panaszewicz's daughter that the documents submitted were old

forms and instructed her to complete new forms that could be obtained from GMACM's website.

(*Id.* ¶ 7.)  Panaszewicz's daughter faxed the new documents to Mr. Lee on November 1, 2012,

and again on November 19, 2012, when Mr. Lee failed to acknowledge receipt of the first fax

transmission.  (*Id.*)

On November 27, 2012, a trustee's deed upon sale was recorded (the "Deed Upon Sale," Horst Supp. Ex. C). (Reply ¶ 4.) That same day, Panaszewicz's daughter spoke with Mr. Lee, who informed her that the trustee's sale would not be postponed. (Opp. ¶ 8.) Servicing of the real estate owned Property was transferred to Ocwen on February 16, 2013. (Reply ¶ 4.) Panaszewicz no longer remains in possession of or resides at the Property. (*Id.* ¶ 5.)

### C.    Panaszewicz's Wrongful Foreclosure Action

On January 29, 2013, Panaszewicz filed a complaint (the "Complaint," Reply Ex. 3 at 4–11) alleging wrongful foreclosure against GMACM and RFC in the Superior Court of California for the County of San Francisco (the "Superior Court"). (Reply ¶ 10.) In this action (the "California Action"), Panaszewicz was represented by Errol J. Zshornack, Esq.; the Complaint lists Zshornack's business address as 7311 Mission Street, Suite E, Daly City, California 94104 (the "Mission Street Address"). (*Id.*) On March 14, 2013, the Debtors removed the California Action from the Superior Court to the United States District Court for the Northern District of California (the "District Court"). (*Id.*; *see id.* Ex. 4.)

On March 21, 2013, the Debtors filed a notice of bankruptcy and suggestion of automatic stay (the "Notice of Bankruptcy," *id.* Ex. 5). (Reply ¶ 11.) That same day, the Debtors, proceeding under the supplemental servicing order entered by this Court (the "Supplemental Servicing Order," ECF Doc. # 774), also filed a motion to dismiss certain portions of the Complaint (the "Motion to Dismiss," Reply Ex. 6). (Reply ¶ 11.) On May 15, 2013, Panaszewicz filed an objection to the Notice of Bankruptcy and the Motion to Dismiss (the "California Action Objection," *id.* Ex. 7). (Reply ¶ 12.) The California Action Objection listed Zshornack's address as the Mission Street Address. (*Id.*)

The District Court entered an order granting the Motion to Dismiss without prejudice on May 22, 2013, directing that any amended complaint be filed no later than June 13, 2013. (*Id.*;

*see id.* Ex. 8.)  Panaszewicz re-filed her Complaint (the "Amended Complaint"), and the Debtors

filed another motion to dismiss (the "Second Motion to Dismiss").  (Reply ¶ 12.)  The District

Court entered an order granting the Second Motion to Dismiss on July 29, 2013.  (*Id.*; *see id.* Ex.

9.)  On September 26, 2013, Panaszewicz filed a notice of appeal (the "Notice of Appeal," *id.*

Ex. 10) to the United States Court of Appeals for the Ninth Circuit (the "Ninth Circuit").  (Reply

¶ 14.)  The Notice of Appeal listed Zshornack's address as 2000 Crow Canyon Pl. #330, San

Ramon, California 94583 (the "Crow Canyon Address").  (*Id.*; *see id.* Ex. 10.)  Zshornack has

not filed a notice of change of address on the dockets of either the District Court or the Ninth

Circuit.  (Reply ¶ 15; *see id.* Ex. 11.)

On December 24, 2013, the Debtors' claims and noticing agent, Kurtzman Carson

Consultants, LLC ("KCC"), served a copy of the Administrative Claim Bar Date Notice on

Zshornack at the Mission Street Address.  (Reply ¶ 16.)  This mailing was returned to KCC as

"undeliverable."  (*Id.*)

On June 11, 2014, nearly five months after the Administrative Claim Bar Date,

Panaszewicz submitted the Claim.  (*Id.* ¶ 17.)  The Claim is asserted against GMACM and RFC

in an unliquidated amount.  (Claim at 2.)  The stated basis for the Claim is "[w]rongful

foreclosure, damages, [and] attorneys fees."  (*Id.*)  Panaszewicz appended the Complaint, but not

the Amended Complaint, to her Claim.  (*Id.*)  Zshornack's address listed on the Claim is 2429

Ocean Avenue, San Francisco, California 94127 (the "Ocean Avenue Address") rather than

either the Mission Street Address or the Crow Canyon Address.  (*Id.*)

### D.    The Objection

The Trust argues that Panaszewicz's Claim is barred as untimely.  (Obj. Ex. 2-A.)

Panaszewicz did not assert any claim against the Debtors before the Petition Date, and she did

not timely file a post-petition claim despite being served with the Bar Date Notice and the

Administrative Claim Bar Date Notice at the address listed in the Debtors' books and records.
(*Id.*)  Panaszewicz commenced litigation against the Debtors after the Petition Date; the
Supplemental Servicing Order permitted her to raise defenses to the foreclosure action and seek
equitable relief against her Loan servicer, but her only recourse to seek monetary damages is
through the claims reconciliation process.  (*Id.*)

The Morrow Declaration sets forth that KCC's employees served a copy of the
Administrative Claim Bar Date Notice upon Zshornack at the Mission Street Address via First
Class U.S. Mail on or before December 24, 2013, but it was returned to KCC as "undeliverable."
(Morrow Decl. ¶ 6.)  On June 6, 2014, KCC received the Claim, listing the Ocean Avenue
Address as the return address.  (*Id.*)

### E.    The Opposition

Panaszewicz opposes the Objection on the basis that (i) she was not timely served with an
Administrative Claim Bar Date Notice; (ii) her failure to timely file her Claim was due to
excusable neglect; and (iii) she filed an informal proof of claim prior to the Administrative Claim
Bar Date.  (*See* Opp. ¶ 1.)

Panaszewicz argues that the Debtors were required to provide her, a known creditor, with
actual notice of the Administrative Claim Bar Date.  (*Id.* ¶ 16.)  She asserts that she was a
"known" creditor of the Debtors because she was the plaintiff in the California Action, which has
been in the Debtors' books and records since January 28, 2013.  (*Id.* ¶ 23.)  Instead of the
Administrative Claim Bar Date Notice being sent to her, it was mailed to her attorney,
Zshornack, and was returned as "undeliverable."  (*Id.* ¶ 16.)  She asserts that the Debtors should
have sent a separate notice directly to Panaszewicz once the notice mailed to her attorney was
returned as "undeliverable."  (*Id.*)  Panaszewicz's name is purportedly not listed on the matrix of
creditors attached to the affidavit of service referenced in the Morrow Declaration.  (*Id.* ¶ 17.)

Panaszewicz asserts that her failure to timely file her Claim was the result of "excusable neglect" because she did not receive actual notice of the Administrative Claim Bar Date, which she was entitled to receive as a "known" creditor.  (*Id.* ¶ 21.)

Finally, Panaszewicz argues that the California Action constitutes an informal proof of claim to which her Claim relates back.  (*Id.* ¶¶ 25–26.)  Panaszewicz asserts that "[u]nlike other circuits, in the Ninth Circuit, an informal proof of claim need not be filed with the court; rather, the writing need only be received by either the bankruptcy court or a representative of the bankruptcy estate no later than the claims bar date."  (*Id.* ¶ 27.)

### F.    The Reply

In its Reply, the Trust reiterates that the Claim was untimely filed despite Panaszewicz being properly served with notices relating to the Debtors' Chapter 11 Cases.  (*See* Reply ¶¶ 18–21.)  Additionally, the Trust argues that (i) Panaszewicz does not meet the excusable neglect standard under the circumstances (*see id.* ¶¶ 22–32); and (ii) Panaszewicz has not properly filed an informal proof of claim (*see id.* ¶¶ 33–34).

First, the Trust asserts that the Debtors provided Panaszewicz with actual notice of the commencement of the Debtors' Chapter 11 Cases and the General Bar Date at her address, and neither of these notices was returned as "undeliverable."  (*Id.* ¶ 21.)  According to the Trust, it is incumbent on a creditor to notify a debtor of any changes to her mailing address to ensure that she receive reasonable notice, and Panaszewicz failed to provide the Debtors with such information.  (*See id.* ¶¶ 20–21.)  Because the Debtors' actions were "reasonably calculated" to inform Panaszewicz of the relevant notices in the Debtors' Chapter 11 Cases, she cannot claim her due process rights were violated.  (*See id.*)

Second, the Trust argues that the factors considered in determining whether a late-filed proof of claim was the result of excusable neglect weigh in favor of sustaining the Objection to

Panaszewicz's Claim.  (*See id.* ¶¶ 22–32.)  Finally, the Trust contends that Panaszewicz has not

properly filed an informal proof of claim because "it must have been filed in the record of these

Chapter 11 Cases prior to, at the very least, the Administrative Claim Bar Date."  (*Id.* ¶ 34.)

While the Complaint was filed in the Superior Court on January 28, 2013, it did not become part

of the record of the Debtors' Chapter 11 Cases until the Claim was filed in June 2014.  (*See id.*)

Accordingly, the Trust argues, the Claim does not meet the requirements of an informal proof of

claim.  (*See id.*)

### G.    The Supplemental Memoranda of Law

At the continued Hearing on March 12, 2015, the Court observed that neither the Trust nor

Panaszewicz addressed whether "service of a bar date notice on a claimant's counsel of record is

sufficient notice" and directed both parties to file supplemental memoranda of law addressing the

issue.  (March 12, 2015 Hr'g Tr. 121:7–12.)  In response, both parties filed Supplemental

Memoranda of Law on March 18, 2015.

Panaszewicz argues that there was no need for Zshornack, her counsel in the California

Action, to notify the Ninth Circuit of his change of address.  (*See* Panaszewicz Supp. at 3.)

According to Panaszewicz, Zshornack made his Crow Canyon Address a matter of record by

filing the Notice of Appeal; the Notice of Appeal included a "Representation Statement" in

conformance with Circuit Rule 3-2 and Rule 12 of the Federal Rules of Appellate Procedure (*id.*

at 3–4; *see id.* Ex. B), thus making the Crow Canyon Address the only proper address to which

matters could be sent to Zshornack (Panaszewicz Supp. at 4).

Panaszewicz further argues that service on Zshornack at his Mission Street Address does

not provide sufficient notice to Panaszewicz because "Zshornack has not in any way entered an

appearance [o]n her behalf [in the Chapter 11 Cases] and had no express or implied authority to

act for her at the time KCC sent the alleged notice of the Administrative [Claim] Bar Date."  (*Id.*)

Panaszewicz asserts that an attorney does not become authorized to receive service of process on behalf of his client solely by virtue of his capacity as an attorney, nor does an attorney's representation of a client in unrelated litigation confer authorization to receive service of process. (*See id.* at 4–5 (citing *United States v. Bosurgi*, 343 F. Supp. 815, 817 (S.D.N.Y. 1972)).) Rather, she argues that an attorney's authority to accept process on behalf of a client may be implied or explicit. (*See id.* at 5 (citation omitted).) To determine whether an attorney has implied authority to accept process on behalf of a client, courts look at all the circumstances of the attorney's representation. (*See id.* (citation omitted).) Where a creditor's attorney is active in a chapter 11 case, the attorney is implicitly authorized to accept service on behalf of the creditor. (*See id.* (citing *Ms. Interpret v. Rawe Druck–und–Veredlungs–GMBH (In re Ms. Interpret)*, 22 B.R. 409, 416 (Bankr. S.D.N.Y. 1998); *Reisman v. First N.Y. Bank of Bus. (In re Reisman)*, 139 B.R. 797, 801 (Bankr. S.D.N.Y. 1992)).) However, Panaszewicz argues, no badge of express or implied authority to accept service of process exists with respect to her Claim. (*Id.*)

The Trust asserts that the court in *In re WorldCom, Inc.*, No. 02-13533 (AJG), 2005 WL 3875192 (Bankr. S.D.N.Y. Oct. 27, 2005) held that service of a bar date notice on an attorney representing a creditor in a state court litigation that gave rise to the claim against the debtor was sufficient to satisfy due process requirements and impart notice of the bar date on the creditor, notwithstanding the attorney's limited representation of the creditor. (*See* Trust Supp. ¶ 1 (citing *WorldCom*, 2005 WL 3875192, at *2).) As in *WorldCom*, Panaszewicz's connection to these Chapter 11 Cases arises from her California Action against the Debtors, and the record of the California Action indicates that Zshornack was aware that the Debtors filed for bankruptcy protection. (*See id.* ¶ 2 (citing *WorldCom*, 2005 WL 3875192, at *3).) According to the Trust, "Zshornack's active representation of [Panaszewicz] in her litigation against the Debtors, which

evolved into her sole claim in the Chapter 11 Cases, 'forms a sufficient nexus between the two

proceedings that service upon [Zshornack] regarding [Panaszewicz's] claim in the bankruptcy

case is proper.'" (*Id.* (quoting *WorldCom*, 2005 WL 3875192, at \*3).)  Therefore, the Trust's

service of the Administrative Claim Bar Date Notice on Zshornack "is legally sufficient from a

due process standpoint and provided proper notice to [Panaszewicz] of the Administrative Claim

Bar Date."  (*Id.*)

## II.    DISCUSSION

### A.    Adequacy of Notice

Bankruptcy Rule 3003(c)(3) provides that a claimant must file a proof of claim before a

bar date established by order of the bankruptcy court.  *See* FED. R. BANK. P. 3003(c)(3).  "After

the passage of the bar date, the claimant cannot participate in the reorganization unless he

establishes sufficient grounds for the failure to file a proof of claim."  *In re Best Prods. Co.*, 140

B.R. 353, 358 (Bankr. S.D.N.Y. 1992) (citing *Certified Class in Charter Sec. Litig. v. Charter

Co. (In re Charter Co.)*, 876 F.2d 866 (11th Cir. 1989)).

"[T]he Due Process Clause of the Fifth Amendment dictates that a debtor's creditors

receive notice of the debtor's bankruptcy case and applicable bar date so that creditors have an

opportunity to make any claims they may have against the debtor's estate."  *In re XO Commc'ns,

Inc.*, 301 B.R. 782, 791–92 (Bankr. S.D.N.Y. 2003) (citing *In re Drexel Burnham Lambert Grp.

Inc.*, 151 B.R. 674, 679 (Bankr. S.D.N.Y. 1993)).  "[I]f a debtor who files for chapter 11

bankruptcy protection does not give 'reasonable notice' to a creditor of the bankruptcy

proceeding and the applicable bar date(s), the creditor's proof of claim cannot be constitutionally

discharged."  *Id.* at 792 (citing *Grant v. U.S. Home Corp. (In re U.S.H. Corp. of N.Y.)*, 223 B.R.

654, 658 (Bankr. S.D.N.Y. 1998)).  Whether notice is reasonable depends on whether a creditor

is "known" or "unknown" to the debtor. *Id.* "If a creditor is 'known' to a debtor, actual notice

of a debtor's bankruptcy filing and bar date must be given to the creditor in order to achieve a

legally effective discharge of the creditor's claim." *Id.* (citation omitted). "If the creditor is

'unknown' to the debtor, however, constructive notice is generally sufficient." *Id.*

"The proper inquiry in evaluating notice is whether the party giving notice acted

reasonably in selecting means likely to inform persons affected, not whether each person actually

received notice." *Best Prods. Co.*, 140 B.R. at 357–58 (citing *Weigner v. New York*, 852 F.2d

646, 649 (2d Cir. 1988), *cert. denied*, 488 U.S. 1005 (1989)). Accordingly, while "a debtor must

review its own books and records to ascertain the identity of creditors, a debtor is not required to

search elsewhere for those who might have been injured." *Id.* at 358 (citing *In re Waterman

Steamship Corp.*, 59 B.R. 724, 727 (Bankr. S.D.N.Y. 1986)).

> *1.    Service of the Administrative Claim Bar Date Notice on Panaszewicz's
> Attorney in the California Action*

Panaszewicz alleges that the Trust did not properly provide her with notice of the

Administrative Claim Bar Date by serving the Administrative Claim Bar Date Notice on her

attorney in the California Action at his old address. (*See* Opp. ¶¶ 16–20; *see also* Panaszewicz

Supp. at 4–6.) She argues that Zshornack, her attorney in the California Action, did not have

explicit or implied authority to accept service of process on her behalf for matters concerning the

Debtors' Chapter 11 Cases, and it was therefore improper for the Debtors to serve Zshornack

with the Administrative Claim Bar Date Notice. (*See* Opp. ¶¶ 16–20; *see also* Panaszewicz

Supp. at 4–6.)

Generally, notice served on a party's attorney satisfies the requirement to provide notice to

such party, *see WorldCom*, 2005 WL 3875192, at *2 (citing *Irwin v. Veterans Admin.*, 498 U.S.

89, 92 (1990)); however, "th[is] general proposition is limited by the fact that an attorney's

representation of a client in one case does not automatically extend to a second unrelated case between the same parties, and therefore, that attorney may not be the proper entity to serve notice upon in the second case," *id.* (citing *Schultz v. Schultz*, 436 F.2d 635, 640 (7th Cir. 1971)). "In bankruptcy cases however, notice to an attorney who is representing a client in a claim against the debtor is generally proper." *Id.* (citing *Maldonado v. Ramirez*, 757 F.2d 48, 51 (3d Cir. 1985) (finding that notice of a bankruptcy sent to a creditor's attorney imparts notice of the bankruptcy to the creditor when the attorney is representing the creditor in its claim against the debtor); *Chanute Prod. Credit Ass'n v. Schicke (In re Schicke)*, 290 B.R. 792, 802–03 (10th Cir. B.A.P. 2003)).

In *WorldCom*, the court held that notice of the bar date was imparted to a claimant where the debtor served the bar date notice on the claimant's attorney, notwithstanding that such attorney's representation of the claimant was limited solely to a prepetition state court action between the claimant and the debtor. *See id.* at *2–3. The court noted that the facts in *Linder v. Trumps Castle Associates*, 155 B.R. 102 (D.N.J. 1993) were similar to the factual scenario before the court, observing that the *Linder* court held that the debtor's service of the claims bar date notice to a creditor's attorney in a personal injury case against the debtor "was sufficient to impart notice on the creditor because the attorney was actively representing the creditor in its claim against the debtor." *Id.* at *3 (citing *Linder*, 155 B.R. at 103–04). The *WorldCom* court further observed that, as in *Linder*, the *WorldCom* claimant's attorney represented the claimant in a state court action against the debtor, the attorney was aware of the fact that the debtor filed a chapter 11 case, the claimant's only connection to the debtor as a potential creditor derived from its state court action, and the debtor's only contact with the claimant concerning the potential claim was via communications with its attorney. *See id.* The court in *WorldCom* concluded that

14

the attorney's "active representation of [the claimant] in its pre-petition state court claim against

the [d]ebtor, which evolved into [the claimant]'s sole claim within the [d]ebtor's bankruptcy

after the filing, forms a sufficient nexus between the two proceedings that service upon [the

attorney] regarding [the] claim in the bankruptcy case is proper." *Id.*

    The facts of the instant matter are very similar to the facts in *WorldCom* and *Linder*:

Zshornack represented Panaszewicz in the California Action against the Debtors, Zshornack

received notice that the Debtors filed for bankruptcy protection, since the Debtors filed the

Notice of Bankruptcy in the California Action (*see* Reply Ex. 5), and Panaszewicz's Claim

against the Debtors is based solely on the allegations and claims asserted in the California

Action. Accordingly, the Court concludes that service of the Administrative Claim Bar Date

Notice on Zshornack properly imparts notice of the Administrative Claim Bar Date on

Panaszewicz because there is a sufficient nexus between the California Action and the Debtors'

Chapter 11 Cases. The next issue is whether Zshornack received the Administrative Claim Bar

Date Notice.

### 2.    *Receipt of the Administrative Claim Bar Date Notice*

    "While the Second Circuit has recognized that the postal system is not one hundred

percent reliable, the Supreme Court has 'repeatedly recognized that mail service is an

inexpensive and efficient mechanism that is reasonably calculated to provide actual notice.'" *In*

*re R.H. Macy & Co., Inc.*, 161 B.R. 355, 359 (Bankr. S.D.N.Y. 1993) (quoting *Tulsa Prof'l*

*Collection Serv., Inc. v. Pope*, 485 U.S. 478, 490 (1988)). In evaluating the adequacy of service

by mail, courts in this circuit follow the so-called "mailbox rule." *In re Barquet Grp., Inc.*, 477

B.R. 454, 462 n.7 (Bankr. S.D.N.Y. 2012), *aff'd*, 486 B.R. 68 (S.D.N.Y. 2012) (citations

omitted); *see also R.H. Macy*, 161 B.R. at 359; *In re AMR Corp.*, 492 B.R. 660, 663–64 (Bankr.

S.D.N.Y. 2013). "A rebuttable presumption that an addressee received a mailed notice arises

when the mailing party submits sufficient evidence to demonstrate the notice was properly

addressed and mailed." *Barquet Grp.*, 477 B.R. at 462 n.7 (citations omitted). "This

presumption of receipt is 'very strong' and 'can only be rebutted by specific facts and not by

invoking another presumption and not by a mere affidavit to the contrary. . . . Evidence of an

objective nature going beyond the claimant's statement of non-receipt is necessary.'" *Id.* (ellipsis

in original) (quoting *In re FairPoint Commc'ns, Inc.*, 462 B.R. 75, 81 n.7 (Bankr. S.D.N.Y.

2012)).

"Mail properly (1) addressed (2) stamped and (3) deposited in the mail system is

presumed to have been received by the party to whom it is addressed." *Randbre Corp. v. Ladney*

*(In re Randbre Corp.)*, 66 B.R. 482, 485 (Bankr. S.D.N.Y. 1986) (citing *Hagner v. United States*,

285 U.S. 427, 430 (1932)). The presumption can be raised either by evidence showing that the

mail was sent through regular office procedures, or through an affidavit of the person who

actually supervised or carried out the mailing. *In re O.W. Hubbell & Sons, Inc.*, 180 B.R. 31, 34

(N.D.N.Y. 1995) (citation omitted). However, "[w]here an incorrect address is used the

presumption of receipt does not arise." *Randbre Corp.*, 66 B.R. at 485 (citing *Optivision, Inc. v.*

*Syracuse Shopping Ctr. Assoc.*, 472 F. Supp. 665, 693 (N.D.N.Y. 1979)).

The Trust produced a sworn affidavit verifying service of the Administrative Claim Bar

Date Notice to Zshornack at the Mission Street Address on December 24, 2013. (*See* Morrow

Decl. ¶ 6; "Affidavit of Service," ECF Doc. # 6187.) However, the Morrow Declaration also

sets forth that this mailing was returned to KCC as "undeliverable." (Morrow Decl. ¶ 6.)

Additionally, the Notice of Appeal was filed on September 26, 2013, before KCC served the

Administrative Claim Bar Date Notice, and listed the Crow Canyon Address as Zshornack's

address. (*See* Reply Ex. 10.) Accordingly, Zhornack's address of record at the time the

Administrative Claims Bar Date Notice was sent to him was the Crow Canyon Address, not the

Mission Street Address.  In light of the Trust's acknowledgment that the Administrative Claims

Bar Date Notice sent to Zshornack was returned as undeliverable; the Court cannot presume that

Zshornack received the Administrative Claims Bar Date Notice because the Trust has not

established that the mailing was properly addressed.

"The failure of actual notice is not determinative of the sufficiency of notice under due

process, particularly where, as here, the failure of actual notice is due to the fault of the movant."

*In re A.H. Robins Co.*, 197 B.R. 491, 492 (E.D. Va. 1994).  Where a creditor provides the debtor

with notice of her address, she is responsible for informing the debtor of any changes in her

mailing address to ensure she receives reasonable notice.  *See, e.g.*, *Greyhound Lines, Inc. v.

Rogers (In re Eagle Bus Mfg., Inc.)*, 62 F.3d 730, 736 (5th Cir. 1995) (holding that claimant's

due process rights were not violated where debtor mailed bar date notice to her last known

address, and there was no indication that the notice was not properly mailed or was returned as

undeliverable); *In re 2715 N. Milwaukee LLC*, 422 B.R. 675, 679 (Bankr. N.D. Ill. 2010)

(holding that claimant did not establish excusable neglect to file a late claim where he failed to

obtain mail from his former address or file a forwarding address with the postal service,

notwithstanding that the claimant sent notice of his change of address to the debtor's counsel in a

foreclosure suit); *In re Auto-Train Corp.*, 57 B.R. 566, 567–68 (Bankr. D.D.C. 1986) (holding

that creditors waived the right to receive notice of claims objections by failing to notify the court

and the trustee of their changed addresses).  It is not incumbent on the debtor "to search for

claimants or counsel who choose to change address without sharing that information with the

[debtor] or the [c]ourt."  *A.H. Robins*, 197 B.R. at 492; *cf. In re Nutri*Bevco, Inc.*, 117 B.R. 771,

781 (Bankr. S.D.N.Y. 1990) ("[A] debtor has no duty to urge its creditors to file claims or to

17

'follow up' as to those creditors who fail to do so." (citing *In re Chi., Rock Island & Pac. R.R. Co.*, 788 F.2d 1280, 1283 (7th Cir. 1986))).

The Debtors were represented by local counsel in the California Action.  (*See* March 12, 2015 Hr'g Tr. 112:8–11.)  The Debtors obtained Zshornack's original Mission Street Address from their local counsel; "[t]heir administrator would open a matter in their claims management system and input the address that was in the original complaint, at which point that is where it remained and that's where the [D]ebtors would import it over to KCC."  (*Id.* 112:11-15.)  Although Zshornack's changed address was clearly indicated on the Notice of Appeal, he did not notify the Trust or the Court of his changed address, despite having notice of the Chapter 11 Cases.  Counsel to the Debtors in the California Action filed the Notice of Bankruptcy in such action well before Zshornack filed the Notice of Appeal.  (*See* Reply Exs. 5, 10.)  Given that Zshornack had knowledge of the Debtors' Chapter 11 Cases but failed to inform the Debtors, the Trust, or the Court of his changed address, the Court concludes that Zshornack, not the Debtors, was responsible for his failure to receive the Administrative Claim Bar Date Notice. Panaszewicz's due process rights were not violated because the Debtors provided her reasonable notice of the Administrative Claims Bar Date by mailing the Administrative Claims Bar Date Notice to Zshornack's last known address.

### B.    Excusable Neglect

When creditors fail to file claims before a bar date despite having notice to do so, "Bankruptcy Rule 9006(b)(1) gives the court the discretion to enlarge the time to file claims 'where the failure to act was the result of excusable neglect.'"  *In re Lehman Bros. Holdings Inc.*, 433 B.R. 113, 119 (Bankr. S.D.N.Y. 2010) (quoting FED. R. BANKR. P. 9006(b)(1)).  "The Supreme Court has interpreted 'excusable neglect' to be a flexible standard—one that can

include 'inadvertence, mistake, or carelessness, as well as by intervening circumstances beyond the party's control.'" *Id.* (quoting *Pioneer Inv. Serv. Co. v. Brunswick Assoc. L.P.*, 507 U.S. 380, 395 (1993)). "However, 'the determination is at bottom an equitable one' that must take 'account of all relevant circumstances surrounding the party's omission.'" *Id.* (quoting *Pioneer*, 507 U.S. at 395). The *Pioneer* Court established four factors to assist bankruptcy courts in evaluating excusable neglect: (1) the danger of prejudice to the debtor; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. *Pioneer*, 507 U.S. at 395.

"The Second Circuit strictly observes bar dates and has adopted what has been characterized as a 'hard line' in applying the *Pioneer* test," meaning that this Court should focus its analysis "primarily on the reason for the delay, and specifically whether the delay was in the reasonable control of the movant." *Lehman Bros.*, 433 B.R. at 119–20. The Second Circuit has noted that "the equities will rarely if ever favor a party who fail[s] to follow the clear dictates of a court rule," and that "where the rule is entirely clear, we continue to expect that a party claiming excusable neglect will, in the ordinary course, lose under the *Pioneer* test." *In re BH S & B Holdings LLC*, 435 B.R. 153, 163 (Bankr. S.D.N.Y. 2010). Instead, "[o]nly in unusual instances would . . . ignorance of the rules, or mistakes construing the rules . . . constitute excusable neglect." *Id.* at 168. The movant bears the burden of establishing excusable neglect. *See id.*

Panaszewicz has not met her burden of establishing excusable neglect for filing her Claim after the Administrative Claim Bar Date had passed. The *Pioneer* factors weigh in favor of barring her Claim as untimely. First, allowing the Claim to be deemed timely filed would

potentially result in diminished recoveries to claimants who filed timely claims.  Second, the

Claim was filed nearly five months after the Administrative Claim Bar Date had passed.  Third,

Panaszewicz's delay in filing her Claim was within her reasonable control.

Panaszewicz argues that her delay in filing the Claim was reasonable because she did not

receive actual notice of the Administrative Claim Bar Date.  (*See* Opp. ¶ 21.)  Although she does

not explain how she became aware that she needed to file her Claim, she asserts that "when it

became clear she needed to submit a proof of claim . . . , she immediately did so."  (*Id.*)  But her

failure to receive notice of the Administrative Claim Bar Date is attributable to Zshornack's

failure to provide the Debtors or the Court with notice of his changed address.  A creditor is

responsible for notifying the debtor of his or her changed address.  *See 2715 N. Milwaukee*, 422

B.R. at 679.  Zshornack's filing of notice of his changed address in the California Action did not

sufficiently notify the Debtors of his changed address for purposes of bankruptcy-related

mailings.  *See id.*; *Global Indus. Techs., Inc. v. Ash Trucking Co. (In re Global Indus. Techs.,

Inc.)*, 375 B.R. 155, 159 n.6 (Bankr. W.D. Pa. 2007) (noting that a change of address notice filed

in the "District Court is ineffective with respect to Bankruptcy Court proceedings").

Panaszewicz's delay in filing the Claim was within her control because she, through her attorney,

failed to update the Debtors with the correct address to which the Administrative Claim Bar Date

Notice should be sent.

The only *Pioneer* factor that supports permitting allowing a late-filed claim based on

excusable neglect is the absence of any allegation that Panaszewicz did not act in good faith.

(*See* Reply ¶ 31.)  The other *Pioneer* factors all weigh against finding excusable neglect.

Accordingly, the Court concludes that Panaszewicz has failed to establish that excusable neglect

permits her late-filed Claim to be treated as timely filed.

### C.        Informal Proof of Claim

Panaszewicz's state court Complaint does not qualify as an informal proof of claim. "The informal proof of claim is an equitable principle developed by courts to alleviate the harsh results of strict enforcement of the bar date." *Houbigant, Inc. v. ACB Mercantile, Inc. (In re Houbigant, Inc.)*, 190 B.R. 185, 187 (Bankr. S.D.N.Y. 1995) (citing *In re Mother Hubbard, Inc.*, 152 B.R. 189, 192 (Bankr. W.D. Mich. 1993); 8 COLLIER ON BANKRUPTCY ¶ 3001.03 at 3001-14 (Lawrence P. King et al. eds., 15th ed. 1995)). "The doctrine of informal proof of claim provides that a creditor's filing of a document . . . which indicates, at a minimum, the basis for a claim and the creditor's intent to hold the estate liable, may constitute an informal proof of claim capable of being later amended by a formal proof of claim." *In re Dumain*, 492 B.R. 140, 149 (Bankr. S.D.N.Y. 2013) (citation and internal quotation marks omitted).  An original claim need not be a formal proof of claim so long as "it fulfills the purposes for which the filing of proof is required." *Id.* (quoting *In re Lipman*, 65 F.2d 366, 368 (2d Cir. 1933)); *accord In re Dana Corp.*, No. 06-10354 (BRL), 2008 WL 2885901, at *3 (Bankr. S.D.N.Y. 2008) ("Courts have long recognized the concept of informal proofs of claim where a creditor evidences intent to state a claim against an estate, but where the filings fail to conform to the technical requirements of a proof of claim." (citations omitted)).  "To qualify as an informal proof of claim, a document purporting to evidence such claim must have (1) been timely filed with the bankruptcy court and have become part of the judicial record, (2) state the existence and nature of the debt, (3) state the amount of the claim against the estate, and (4) evidence the creditor's intent to hold the debtor liable for the debt." *In re Enron Creditors Recovery Corp.*, 370 B.R. 90, 99 (Bankr. S.D.N.Y. 2007) (citing *Houbigant, Inc.*, 190 B.R. at 187).

The Complaint filed in the California Action does not constitute an informal proof of

claim because (i) it was filed after the Administrative Claim Bar Date passed; (ii) it was filed in

the Superior Court rather than in this Court; and (iii) it did not become part of the record in this

Court until June 2014.  Because the Complaint did not become part of the record in this Court

before the Administrative Claim Bar Date, it cannot constitute a timely informal proof of claim,

which may be amended by the Claim.

### III.    CONCLUSION

For the reasons set forth above, the Objection is **SUSTAINED**.  The Claim is

**DISALLOWED** and **EXPUNGED** in its entirety.

**IT IS SO ORDERED.**

Dated:    May 11, 2015
            New York, New York


_____*Martin Glenn*_____
MARTIN GLENN
United States Bankruptcy Judge