Duncan K. Robertson, Pro Se
3520 SE Harold Court
Portland, OR 97202-4344
Telephone: (503)775-9164
Uncaduncl@aol.com



Honorable Judge Martin Glenn

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | IN PROCEEDINGS |
| | UNDER CHAPTER 11 |
| RESIDENTIAL CAPITAL, LLC, et al., | BK Case No. 12-12020 (MG) |
| | (Jointly Administered) |
| GMAC Mortgage, LLC; | |
| Residential Funding Company, LLC; | |
| Residential Funding Real Estate Holdings, LLC; | |
| Homecoming Financial, LLC; | |
| Executive Trustee Services, LLC | |
| Debtors | |

MOTION FOR PARTIAL RECONSIDERATION
OF MEMORANDUM OPINION AND ORDER,
ON CLAIM NUMBERS 2385, 2386, 2387, 2388, AND 2389 (DOC. 8533)

i

## MOTION FOR PARTIAL RECONSIDERATION

1. Pro se Claimant Duncan K. Robertson ("Robertson") hereby moves that this Court reconsider in part its MEMORANDUM OPINION AND ORDER, DOC. 8533, issued April 28, 2015, granting in part and denying in part Objections to Robertson's Claim Numbers 2385, 2386, 2387, 2388, and 2389 against Debtor Defendants. This request for reconsideration is brought pursuant to Fed. R. Bankr. P. 8002, Local Bankrupcy Rules SD NY Rule 3008-1.

2. "Courts have observed that "[t]o succeed on a motion to reconsider, `the moving party must demonstrate controlling law or factual matters put before the court on the underlying motion that the movant believes the court overlooked and that might reasonably be expected to alter the court's decision.""" *In Re Nicholas*, No. 8-07-73330-dem (Bankr. Court, ED New York 2010) (quoting *In re Taub*, 421 B.R. 93, 101 (Bankr. E.D.N.Y. 2009) (quoting *Banco Cent. Del Paraguay v. Paraguay Humanitarian Found.*, 2007 WL 2493684 at *2 (S.D.N.Y. Sept. 5, 2007)(internal quotations omitted)). Addressed herein are such matters.

3. This Motion does not oppose the Court's findings of valid claims, and Robertson thanks the Court for its time and analysis in reaching its rulings.

4. Robertson's Response challenged the propriety of an omnibus hearing forum addressing issues that may only be heard in an adversary proceeding. Response at *5-6 ¶ 15. The Trust Reply improperly interpreted this as a challenge to this Court's jurisdiction, Reply at ¶ 9, as perhaps did the Court. *See* Opinion at 9. Robertson's ¶ 15 addresses the propriety of an omnibus forum in lieu of an adversary proceeding to adjudicate Complaint issues:

> 15. It is improper and prejudicial here to require Robertson to respond to massive challenges to the merits of his case and for this Court to then rule on those merits in lieu of the due process he has diligently sought.[7] Federal Bankruptcy Procedure Rule 3007(b): "A party in interest shall not include a demand for relief of a kind specified in Rule 7001 in an

Motion to Reconsider                                  1                     Duncan K. Robertson
                                                                                                        3520 SE Harold Ct.
                                                                                                         Portland, OR 97202

objection to the allowance of a claim, but may include the objection in an adversary proceeding."[1] *Id.* The suggestion that Robertson must lose it all unless he submits to having it tried here, rather than in a proper adversary action in a court of competent jurisdiction, which to date has been usurped, is also highly prejudicial to Robertson. Federal Bankruptcy Procedure Rule 7001(2).

Response at **5-6 (footnote omitted).

5. A foundational basis of <u>all</u> of Robertson's claims against Debtor Defendants is his assertion that *the subject Deed of Trust was void ab initio*. See Doc. 8072-2 at 8-73(Complaint – "Compl.") at *7, ¶¶ 5.6, 5.7; at 51 ¶¶ 19.1(3). This basis for claims was addressed, including facts and supporting authority in Response:

> "the Court is invited to read Robertson Decl. Exhibit 3 at **19-28,[2] showing facts and legal grounds (many omitted in Objection) that completely refute **any claim of validity of (a) the subject DOT** and (b) *each* of conveyance documents attached to Objection."

Response at 13 ¶ 30. (Emphasis added). *See also* Response at 11 n.21 (noting "RCW 11.04.250 [] and [ ] en banc Washington Supreme Court decisions that render the DOT void and all acts of Debtor Defendants against Robertson and his property based thereon without authority[.]"). A void Deed of Trust renders *all* of Debtor Defendants' acts without authority, yet this claim was never considered let alone addressed by the Court.

<u>*A ruling on the validity of the Debtor's asserted Lien necessitates consideration of the validity of the underlying deed of trust serving as the security instrument.*</u>

6. In Washington a deed of trust is a species of mortgage creating a lien on real property in support of the debt it is given to secure.[3] "Title in the property pledged as security for the debt

---

[1] Response fn. 8: "Rule 7001 addresses proper subject matter for adversary proceedings."
[2] Cited Exhibit 3, Dkt. 8238-2 at **19-20, addresses the factual and legal basis for the invalidity of the Deed of Trust, and (at **21-25) details the additional factual and legal basis for the invalidity of each of the filed conveyances against the Subject Property. *Id.*
[3] "A deed of trust is a type of security interest in real property. A deed of trust is essentially a three-party mortgage. The borrower (grantor) grants **a deed creating a lien** on the real property to a third party (the trustee) who holds the

2

is not conveyed by these deeds, even if "on its face the deed conveys title to the trustee, because it shows that it is given as security for an obligation, it is an equitable mortgage." *Bain v. Metro. Mortg. Grp., Inc.*, 175 Wn.2d 83, ¶ 10 (2013) (en banc) (quoting 18 William B. Stoebuck & John W. Weaver, *Washington Practice: Real Estate: Transactions* § 17.1, at 260 (2d ed. 2004) (citation omitted)). Here, the Court granted relief which exceeded the scope of the Debtor's Objection to Robertson's claims; a request for relief not properly brought cannot be adjudged:

> "Debtors' request for relief was brought by motion and not an adversary proceeding. [ ] Bankruptcy Rule 7001(2) [ ] provid[es] that "a proceeding to determine the validity, priority, or extent of a lien or other interest in property" is an adversary proceeding[.]"" *In re AMR Corp.*, 485 BR 279, 288 (Bankr. SD NY 2013) (quoting Id.; citing *Orion PicturesCorp. v. Showtime Networks, Inc. (In re Orion Pictures Corp.)*, 4 F.3d 1095 (2d Cir.1993).
>
> Under Rule 7001(2), an adversary proceeding is a proceeding to determine the validity, priority or extent of a lien or other interest in property. Debtor's Objection is not an adversary proceeding, and thus the validity of the Bank's security interest in the Skidsteer or other collateral is not before the Court in the manner required by the Rule.
> *In Re Bender*, No. 12-61449-13 (Bankr. D. Montana 2013).

In addition to the lack of a request for a declaration by this Court on the validity of the Lien, the Trust *did not object to Robertson's attack of the Lien*. This means objection to the fact of the Deed of Trust being void ab initio was waived by the Trust, in which case no ruling was required: the Court's findings can therefore be reevaluated in light of this waiver, *see Sharkey v. Quarantillo*, 541 F.3d 75, 88 (2d Cir. 2008)(to the extent an issue goes to the merits "the opposing party's failure to raise the issue waives the objection.").

7. By the Court simply bypassing the issue, Robertson has been prejudiced: the void Deed of Trust serves as the lynchpin of and thus is dispositive to establishment of virtually all of Robertson's dismissed claims. As the Court pointed out, If the objector does not "introduce[]

---

deed in trust as security for an obligation due to the lender (the beneficiary)." Washington Legislature Final Bill Report ESB 5810 C 292 L 09 Synopsis as Enacted (2009) (emphasis added).

3

evidence as to the invalidity of the claim…the claimant need offer no further proof of the merits of the claim." Opinion at 9-10 (citation omitted). At minimum, "Plaintiff has alleged facts, not directly refuted by the defendants, which entitle him to an opportunity to prove [his claims]." *Kletschka v. Driver*, 411 F.2d 436, 449 (2d Cir. 1969).[4]

### *Impact upon claims dismissed by the Court.*

8. A finding of evidence of "malice" in most of Robertson's claims modifies their character and affirms the claims' respective validity. In the civil action context, "Actual malice exists when a statement is made with knowledge of its falsity or with reckless disregard of its truth or falsity." *John Doe v. Gonzaga University*, 143 Wn.2d 687, 688 (2001).

9. The knowing filing of unauthorized instruments against Robertson's Property, especially notices of foreclosure (and leaving them there thus clouding his title and preventing any use of the property), is a felony in the State of Washington, WASH. REV. CODE § 40.16.030, and constitutes an "unlawful act and unlawful means." See, Compl. at *43 ¶ 15.6.

10. **"Conspiracy."** See Opinion at 31 § J. The Washington standard for establishing Conspiracy (which joins parties in joint liability) is significantly affected by malice, when it can be shown parties have -

> entered into an agreement with one or more persons to commit a criminal or unlawful act, or to commit a lawful act by criminal or unlawful means, and, **where there is an intentional interference with a right without lawful justification**, such is malicious in law for purposes of establishing a conspiracy, with no necessity of showing ill will or actual malice.
> [* * *]
> While a conspiracy need not be proved by direct and positive evidence but may be based on circumstantial evidence, either mode of proof must be accomplished by evidence that is clear and convincing, which is not the case when the evidence discloses acts as consistent with a lawful purpose as with an unlawful one.

---

[4] The facts of Ms. Nicholls granting the Deed of Trust on November 1, 1999 and not obtaining legal title to the property until November 5, 1999 are of Public Record; as is the Docket of *In Re Estate of Thelma Kent*, No. 98-4-01994-5 (King Cnty. Wash. Sup. Ct. (2001)) showing *Declaration of Completion* of the probate not being filed until September 11, 2001, the first date she could lawfully grant a lien and power of sale. Doc. 8238-2 at 20-21.

4

*Accurate Products, Inc. v. Snow*, 67 Wn.2d 416, 416 (1965) (emphasis added).

11. **Claims for emotional distress.** See Opinion at 25 § G. If it can be shown a party has literally "*intentionally* inflicted emotional distress" the nexus of the claim is present. *See Birchler v. Castello Land Co.*, _____, 942 P.2d 968 (1997) **(allowing recovery of emotional distress damages where there was an intentional interference with property interests)**; *Cagle v. Burns & Roe, Inc.*, _____, 916, 726 P.2d 434 (1986) (damages for emotional distress available upon proof of an intentional tort).

### *The Court Has Overlooked Certain Facts or their Signigicance.*

12. **Fraud against Homecomings**: The Opinion announces, "It is unclear what false statements Homecomings made to Robertson based on the facts alleged in the Complaint." Opinion at 23. Yet Homecomings' statement to Robertson that it would "provide a full payoff statement in five days" (following Robertson's offer to pay off any rightful lien) was false and followed by attempted foreclosures with no notice to Robertson. Compl. at ¶¶ 5.11-5.15, 5.20-5.27. The Complaint's described call to Homecomings, where the promise was made, is confirmed in Debtor Defendants' own Exhibit Q at *21:

> (Date 10/28/2008: "TRYING TO GET AN AMOUNT TO BRING CURENT AND PAY OFF. START WITH BRINGIN IT CURRENT. HAVE 2ND MORT THAT SAID HE'S FCL AND HE OWNS THE HOUSE...." Date 11/3/2008: "System updated for the following; event: User has denied the request; for the issue. Issue type: Payoff; Request Status: Issue Denied. Commen"). *Id.*

13. Opinion states, "the RFREH Assignment was executed by JPM, not by any Debtor. (*See* Priore Decl. Ex. G.)." Opinion at 30. However, Priore's Ex. G shows the Assignment was prepared and executed at GMAC's Ft. Washington facility by Thomas Strain, "a known employee of GMAC, putting GMAC on both sides of the assignment." See Compl. at **18-20, 5.66-5.68 and n. 23. Thus the claim is directed at both RFREH and GMAC Mortgage, LLC.

5

## CONCLUSION

14. For the foregoing reasons Robertson requests that the Court reconsider its rulings as to the dismissed claims based on the identified facts that had been overlooked, and points of law that were not considered. Robertson further again requests that any additional objection to or action on the affected claims which may be restored but not approved be stayed pending the resolution of his appeal to the Ninth Circuit.[5] Robertson has no objection to proceeding to evidentiary hearing as to the Claims ruled as valid, including claims for which the ruling may be amended, hopefully with sufficient time allowed for discovery, which has never been available in his case. Should the Ninth Circuit fail to remand the entire case to King County Superior Court, and this Court deny a motion for relief from stay to have any unresolved claims heard concurrently with his existing state court action, Robertson will request of this Court leave to amend his Complaint (which request was repeatedly denied in his District Court case currently on Appeal to the Ninth Circuit) to comply with federal pleading standards,[6] including further specific facts supporting his Little RICO, CPA and other causes of action, and bring any remaining claims before *this* Court in an adversary action.

Respectfully submitted this 7th day of May, 2015

Duncan K. Robertson

Duncan K. Robertson, Pro Se
3520 SE Harold Court
Portland, OR 97202-4344
Telephone: (503)775-9164

---

[5] See justification for stay in Response at 14-15 ¶ 32.
[6] See Doc. 8238-1 at *8 n.9 (9th Cir. Opening Brief) (Federal pleading standards "differ from the notice pleading standards utilized in Washington courts. See *McCurry v. Chevy Chase Bank*, FSB, 169 Wash. 2d 96, 102-103, 233 P.3d 861 (2010) (Rejecting plausibility pleading standard, and reiterating that Washington is a "notice pleading" jurisdiction.)).

Re: Duncan K. Robertson, Pro Se
3520 SE Harold Court
Portland, OR 97202-4344
Telephone: (503)775-9164
Uncaduncl@aol.com

Honorable Judge Martin Glenn

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br><br>GMAC Mortgage, LLC;<br>Residential Funding Company, LLC;<br>Residential Funding Real Estate<br>   Holdings, LLC;<br>Homecoming Financial, LLC;<br>Executive Trustee Services, LLC<br>                              Debtors | IN PROCEEDINGS<br>UNDER CHAPTER 11<br>BK Case No. 12-12020 (MG)<br>(Jointly Administered) |

# CERTIFICATE OF SERVICE

CERTIFICATION OF SERVICE - 1

STAFNE TRUMBULL, PLLC
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
Telephone (360)403-8700
Facsimile (360)4005

# CERTIFICATE OF SERVICE

I, Karrie Marschall, hereby certify that on May 8, 2015, I sent via email to the parties listed below, notification and copy of the pro se filing of Creditor Duncan K. Robertson of the following document:

MOTION FOR PARTIAL RECONSIDERATION
OF MEMORANDUM OPINION AND ORDER,
ON CLAIM NUMBERS 2385, 2386, 2387, 2388, AND 2389 (DOC. 8533)

Served via email:

Norman S. Rosenbaum
MORRISON & FOERSTER LLP
NRosenbaum@mofo.com

Erica Richards
MORRISON & FOERSTER LLP
ERichards@mofo.com

Jordan A. Wishnew
MORRISON & FOERSTER LLP
JWishnew@mofo.com

DATED this 8th day of May, 2015.

_____
Karrie Marschall, Paralegal
Stafne Trumbull, PLLC
239 N. Olympic Ave
Arlington, WA 98223

CERTIFICATION OF SERVICE - 2

**STAFNE TRUMBULL, PLLC**
239 NORTH OLYMPIC AVENUE
ARLINGTON, WA 98223
Telephone (360)403-8700
Facsimile (360)4005