EDGEWATER TRUST
PHENON WALKER
13880 Edgewater Drive
Lakewood, Ohio 44107
Ph. (440)779-0333 Fax:(877)395-4449
*Pro Se Claimant #4699*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC  et al.,

      Debtors.

Case No. 12-12020

Chapter 11

Jointly Administered

## RESPONSE TO OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST'S TO EXPUNGE PROOF OF CLAIM FILED BY PHENON WALKER EDGEWATER TRUST CLAIM NO. 4966.

COMES NOW  the Claimant, PHENON WALKER, *Pro se* individually and hereby submit the following response to the Objection to Claim Number 4966 (the "Claim") found in the *ResCap Borrower Claims Trust's Eighty-Fifth Omnibus Objection to Claims (I) No Liability Borrower Claims, (II) Redundant Borrower Claims and (III) Misclassified Borrower Claims.* (the "Objection," ECF Doc. #8380).

DATED this 7th day of May, 2015.

Respectfully Submitted,

By  /s/ Phenon Walker
      PHENON WALKER, *PRO SE*
      CLAIMANT NO. 4966


RECEIVED
MAY - 8 2015
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

EDGEWATER TRUST
PHENON WALKER
13880 Edgewater Drive
Lakewood, Ohio 44107
Ph. (440)779-0333 Fax:(877)395-4449
*Pro Se Claimant #4699*

# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRIC OF NEW YORK

In re:

RESIDENTIAL CAPITAL, LLC   et al.,

        Debtors.

Case No. 12-12020

Chapter 11

Jointly Administered

## RESPONSE TO OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST'S TO EXPUNGE PROOF OF CLAIM FILED BY PHENON WALKER EDGEWATER TRUST CLAIM NO. 4966.

COMES NOW  the Claimant, PHENON WALKER, ("Walker") *Pro se* individually and

hereby submit the following response to the Objection to Claim No. 4966 (the "Claim") found in

the *ResCap Borrower Claims Trust's Eighty-Fifth Omnibus Objection to Claims (I) No Liability*

*Borrower Claims, (II) Redundant Borrower Claims and (III) Misclassified Borrower Claims,* (the

"Objection," ECF Doc. #8380).  The ResCap Borrower Claims Trust (the "Borrower Trust"), seeks an

Order to disallow and expunge the Claim as listed in Exhibit A the "No Liability Borrower Claims",

and states that it is not a liabilities of the Debtors. And further states that:

> "This determination was made after the holders of the No Liability Borrower Claims were
> given an opportunity under the Procedures Order to supply additional documentation to
> substantiate their respective claim. Accordingly, the Borrower Trust seeks entry of the
> Proposed Order disallowing and expunging the No Liability Borrower Claims from the
> Claims Register." PP 2 pg 1-2

As will be set forth herein, the Debtors did not request additional documentation of Claimant to

substantiate its Claim and has failed to provide proof that the total amount of insurance funds due

1.

Claimant for property damage held by GMAC Mortgage LLC. ("GMAC") were transferred to Ocwen Loan Servicing LLC. As a result, they have failed to meet their burden of refuting an essential allegation of Walker's claim. Wherefore, this Court should deny the current motion to expunge Claim No. 4699.

## I.    HISTORY

As the Debtors have aptly noted, and for clarity Claimant state the following:

1.    On April 28, 2003, Phenon Walker executed and ratified the subject mortgage loan by executing a promissory note ("Note") and mortgage in favor of the lender, First National Bank of Arizona. The mortgage securing the Note was executed on the same date. The mortgagee was Mortgage Electronic Registration Systems, Inc. ("MERS") as nominee for the lender. (MERS ID# 1001355-3262005307-2) The mortgaged property is located at 13880 Edgewater Drive Lakewood, Ohio (the "Property"). An allonge to Note discloses that the promissory note was endorsed by First National Bank of Arizona, endorser to First National Bank of Nevada, endorsee and by First National Bank of Nevada to an unnamed bearer, endorsee. Serviced by Homecomings Financial, LLC. An affiliate of GMAC Mortgage Corp.

2.    On June 27, 2003 GMAC Mortgage Corp. ("owner holder seller, servicer") was responsible for initiating the GMACM Mortgage Loan Trust 2003-J4 ("Trust"), which was established under a Pooling and Servicing Agreement dated July 30, 2003 ("PSA") which is the operative and governing document of this Trust and authority over the subject loan. GMACM Mortgage Loan Trust 2003-J4 Prospectus Form 424B5, filed on July 29, 2003. The Prospectus Supplement and Prospectus link is provided herein. Http://www.secinfo.com/dsvrn.21pd.htm. PSA link herein: http://www.secinfo.com/d16bRk.2c.d.thm According to the PSA, the start up date for this Trust was elected to be the same date as the closing date which was on or about July 30, 2003. A search of the filings with the Securities and Exchange Commission ("SEC") for securitization trusts that were

2.

established in the year 2003 indicates that the Trust into which the subject loan was securitized was

GMACM Mortgage loan Trust 2003-J4. The Note became trust property in compliance with the

requirements set forth in the Pooling and Servicing Agreement. To avoid "Double Dipping" the Note

was permanently converted into a stock equivalent. Furthermore, a Mortgage-Pass Through Trust (i.e.

REMIC as defined in Title 26, Subtitle A, Chapter 1, Subchapter M, Part II § 850-860) can not hold

assets. If they do this will result in their tax exempt status to be violated, resulting in the Trust itself to

be void ab initio.  The Title of the Offered Securities is GMACM Mortgage Loan-Backed Certificates,

Series 2003-J4. The parties are Residential Asset Mortgage Products, Inc. as depositor, GMAC

Mortgage Corp. as servicer, and Bank One, NA as indenture trustee. The Prospectus Supplement to the

said Trust also lists GMAC Mortgage Corp. as seller. Bank One, NA was later merged with JP Morgan

Chase Bank N. A. The custodian for the Trust is Escrow Bank USA. GMAC Mortgage Corp.,

Residential Asset Mortgage Products, Inc. and Escrow Bank USA are all affiliate.

   GMACM Mortgage Loan Trust 2003-J4 Annual Report Form 10-K for the year ended

December 31, 2003 was filed on March 30, 2004 with the Securities and Exchange Commission. This

document listed GMAC Mortgage Corp. as master servicer compliant with the servicing criteria for the

asset-backed securities held by the Trust.  The Trust existed and operated according to its purpose as

shown by the certificates it issued bearing their respective CUSIP Numbers, the Statement of

Compliance by its servicer, and the Notice of Suspension of Duty to File Reports that was executed by

its trustee. The link to the Form 10-K is provided herein. http://www.secinfo.com/dv41y.15a.htm


   On January 22, 2004, Form 15-15D or Notice of Suspension of Duty to File  Reports terminating

the registration of the noted instrument vehicle was filed on behalf of the Trust by Bank One, NA as

trustee. The approximate number of holders of record as of certification or notice date was less than

300. The link to the Form 15-15D is provided herein. http://www.secinfo.com/dv41y11r.htm

3.   On March 1, 2006, an alleged corporate assignment was executed by assignor First National Bank of Arizona. This document names the assignee as JP Morgan Chase Bank, NA as trustee. This This indicates, as Debtors state, that the subject loan was securitized into a Trust in which the trustee is JP Morgan Chase Bank, N.A.

4.   According to a letter dated March 14, 2013 from Lerner Sampson and Rothfuss, Ohio Counsel, and Ocwen Loan Servicing, LLC dated April 9, 2013 states that they were representing " The Bank of New York Mellon Trust Co. NA, formerly known as The Bank of New York Trust Co., NA as successor to JP Morgan Chase Bank NA as Trustee for RAMP 2003-RS5. (See Exhibit A). Indicating that the subject loan was securitized into this Trust. However, a search of the filings by various securitization trusts with the Securities and Exchange Commission yielded no documents filed under a the Trust named RAMP 2003-RS5 ("RAMP") and therefore is considered an <u>unregistered securitization trust</u>. As of June 21, 2013 RAMP's cut off date was June 1, 2003 and its closing date was June 27, 2003.  According to its Prospectus Supplement dated June 23, 2003 which was obtained from Bloomberg, RAMP 2003-RS5 the parties to this trust were Residential Asset Mortgage Products, Inc. as depositor, Residential Funding Corp. as master servicer, and JP Morgan Chase Bank, NA as trustee. The mortgage pool of the trust comprised of 6,969 fixed and adjustable rate mortgage loans totaling approximately $1,100,001,694. It issued eight different kinds of offered certificates and six of non-offered certificates. Their CUSIP Numbers are not available.

5.   The Pooling and Servicing Agreement dated August 1, 2006 filed with the SEC is the operative and governing document of this trust. According to the Prospectus Supplement filing the issuing Entity (i.e. The "Trust") is a New York common law trust established pursuant to the PSA dated August 1, 2006.

4.

6. The Bank of New York is the Trustee. The Trust and the Trustee are governed by the Laws of State of New York as it relates to the governance of the Trust by the trustee and the activities of the Trust. According to the PSA the Trust elected to be treated as a Real Estate Mortgage Investment Conduit (a "REMIC") pursuant to the provisions and regulations of a REMIC found at 26 U.S.C.§§860 A-F; Internal Revenue Code, This election imposes strict and absolute requirements regarding the transfer of assets (ie mortgage loans or notes) to the trust which IRC Section 860 outlines and governs. New York Law says every sale, conveyance or other act of the trustee in contravention of the Trust is void. *"NY CLS EPTL§ 7-2.4, Application of Muratori, 183 Misc. 967,970 (NY Sup. Ct. 1944) See also Dye v Lewis 67 Misc 2d 426, 324 NYS2d 172 (1971), mod onothe rgrounds 39 App Div 2d 828, 332 NYS2d 968 (1972,4th Dept)*

7. In accordance with New York Law, IRS REMIC tax law, and the PSA Governance *Section 2.01 Conveyance of the Mortgage Loans,* No dispute exist with the Debtors records regarding the fact that securitization took place, forever separating the subject mortgage from the promissory note converting it into a stock or stock equivalent security. Securitization makes the deed and note unalienable. Moreover, once the certificates were issued, the Note can not legally be transferred, sold or conveyed. The securitized note forever hangs the nature of that instrument in an irreversible manner. The certificate holder holds a security to a bond with specific defined payments. The issuer of the trust certificates is selling segments of cash flow.

8. Current holder is an unregistered trust held by The Bank of New York Mellon Trust Company, National Association fka, The Bank of New York Trust Company N.A. As successor to JP Morgan Chase Bank N. A. as **Trustee for RAMP 2003RS5.**

## II.    BACKGROUND

9. At the time of filing, Claimant was Phenon Walker  mortgagor and trustee for Edgewater Trust. Edgewater Trust  no longer exists. Phenon Walker, mortgagor is responding *pro se,* individually.

5.

10.    Claimant received Notice from Residential Capital, LLC (ResCap) parent company of GMAC Mortgage announcing that it and its subsidiaries, are restructuring under Chapter 11. (See Exhibit B.)

> *"If you believe you have a claim against the Debtors for a matter or obligation that arose prior to May 14, 2012, you must file a Proof of Claims..."*

11.    In accordance with the procedures set forth in the Notice, Claimant filed claim #5429, property tax surplus escrow check for the amount of $143,913.10, claim #4942, monetary relief for a wrongful foreclosure against GMAC-MERS and claim #4699 insurance funds held for property damage repairs. Detailed supporting documentation was provided for claim's #5429 and #4699. (See Exhibit C)

12.    Claimant received Debtor's letter dated June 21, 2013 for all three claims stating:

> *"...After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information to support your "Basis for Claim' and we do not have sufficient information **to understand the calculations you used to determine the amount you claim to be owed."***        (See Exhibit D)

13.    On or about June 21, 2013, Walker spoke with a representative at Kurtzman Carson Consultants LLC. ("KCC"): to obtain clarity, and to explain that no additional calculation was needed. Claimant submitted the Proof of Claims with all available supporting documentation, including copies of checks, which required no calculation and clearly supported claim #5429 and claim #4699. However, legal action had not concluded and specific monetary documentation for claim #4942 could not be provided. Claimant was instructed that nothing further was needed for #4699 and #5429. Claimant then provided the herein letter dated June 12, 2013 (which should have been June 21, 2013) to further explain the lack of sufficient supporting documentation for claim #4942. (See Exhibit E)

14.    On February 16, 2013, GMAC Mortgage LLC transferred its servicing to Ocwen Loan Servicing LLC. ("Ocwen").

15.    Claimant received Debtor's *"Notice of Hearing on Twenty-Seventh Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)"*. Dated August 23, 2013 for claim #4942,

Dated August 16, 2013 for claim #5429. No Notice was issued for current claim #4699. (See Exhibit F)

16.    On September 13, 2013, Claimant requested an extension to obtain legal counsel in New York

to respond to Debtor's Objection to claim # 4942, and #5429. Debtors agreed to adjourn response date

and hearing for claim #4942 and claim #5429. Contray to the statement may in Debtor's Objection, No

further response, nor evidence supporting wrongdoing, nor amount owing was requested at this time by

Debtors for Claim No. 4699. (See Exhibit G)

17.    Claimant had to allow claim #5429 and #4942 to be expunged. (See Exhibit H)

18.    On April 21, 2015 Claimant spoke to Specialized Loan Servicing LLC. ("SLS") who stated

that they were in receipt of funds transferred from GMAC to Ocwen. The amount discussed was less

than the amount the Debtors in stated in their "Objection" that they received from QBE and transferred

to Ocwen. I have requested a letter from SLS verifying the amount transferred from GMAC to Ocwen

and subsequently to them. (See Exhibit I)

19. Claimant received letter from SLS dated April 22, 2015 stating that the requested letter would

take 30 days.  (See Exhibit J)

Debtors have provided no proof of record, that the full amount was transferred to Ocwen, nor is

there documentation as to what amount Ocwen actually received from GMAC. There currently

exists a shortage of funds due the Claimant. Wherefore, the assertion by Debtors that Claim #4699

should be expunged as a *"No Liability Borrower"* claim is without merit, and should be disallowed.

### III.    SUMMARY OF THE CLAIM #4699

18.    On August 9, 2012 Claimant's property located at 13880 Edgewater Drive Lakewood,

Ohio ("Property") suffered major basement Water Damage. QBE Americas Inc. ("QBE") is the third

party administrator for Walker's insurance company: Meritplan Insurance. QBE assigned this claim

(QBE #L12046399, GMAC #219147) to their in house adjuster and an outside adjuster:Eagle Adjusting

7.

Services Inc. (See Exhibit K) The outside adjuster did not account for all the sustained damage in his repair estimate. The following series of problems occurred: controversy over which adjuster should account for the additional loss. Dispute over completed work that QBE adjuster did not want to pay. Claimant was instructed to provide additional documentation supporting these cost which would go to upper management for approval. Meanwhile, Claimant had to research and employ plumbers, electrician, movers, flooring-carpet and related trades to cure damage.

QBE issued a partial check for $9,884.72 to GMAC Mortgage LLC. ("GMAC") for the account of Phenon Walker prematurely. This put more demands on Claimant. GMAC wanted one general contractor to be responsible for all the subcontractors to allow for the issuance of one check. They also required the completion of the following forms: *Home Owner's Statement, Affidavit of Bills Paid and Release of Liens, Work Contract, Inspection Report* in order to release escrow funds. (See Exhibit L ) The completion of these documents could not be provided. Partial work was performed based upon the initial adjuster's estimate. On February 16, 2013 GMAC transferred servicing to Ocwen Loan Servicing LLC. requiring Claimant to adhere to new guidelines.

As of today's date, workers who completed emergency work have not been paid, those who needed to finish work have not been paid and those who were waiting to be employed are still on hold. Much work is still remaining. Currently, the escrow funds for payment are short and not accounted for and this reason alone is why this claim should not be expunged.

19.    On August 16, 2012 Claimant filed a claim for the Thief and Vandalism of expensive yard waterscape fountain sculptures. (QBE claim #L12046416, GMAC #218146) (See Exhibit M).  These repairs required the professional team of a landscape architect, plumbers, electrician, landscapers, a general contractor, electrician, the local city building department to approval drawing and perform

8.

inspections. This claim was evolving into something much more than what was expected. Again,

Claimant had to research trade specialist that required the cooperation of other trades to produce plans,

drawing, and endure the back and forth with adjusters to obtain the correct total claim cost. QBE issued

GMAC a partial check for $1,333.10. based on an incomplete scope of work. These funds had to

remained in the escrow account until Claimant could provide the information necessary for the adjuster

to provide a more realistic supplemental report covering the increased work and allowing for additional

funds to start work. (See Exhibit N)

20.    On  August 16, 2012 Wind Storm Damage occurred to the Property, (QBE claim # L12046410,

GMAC #217513) (See Exhibit O) whereby several large trees caused major damage to the roof, garage,

mercedes, cougar, Walker's fence and neighbors fence, asphalt driveway, gutters, hole in attic roof.

These repair required a survey to determine boundary line for fence, local city building department's

approval of drawing, arborist, architect and possible litigation. Once again there was no way the 4

requirement forms to could be submitted to release funds that were turning out to be insufficient for the

needed repairs. This was the beginning of the real stand still. Workers who completed emergency

repairs were paid by Claimant. Others are still awaiting payment. A general contractor is now employed

to handle all claims, and is waiting Claimant's response to litigation. (See: Exhibit N)

21.    On  September 13, 2012 Claimant reported Vandalism & Malicious Mischief QBE claim #

L12051660, GMAC #223020 (See Exhibit P). Claimant's gas line in the front yard had been punctured,

requiring emergency repair by local gas company to ensure no explosion. Adjuster wrongfully

disallowed claim resulting in Claimant disputing with QBE and GMAC. This dispute is still open and

not resolved.

22.    On or before March 2012, two adjacent neighbors to the Property, cut down and destroyed

9.

Claimant trees. Walker had to file police reports, hire arborists to appraise damage, seek out expert

counsel, and  consulting arborist to initiate this criminal trespassing, property damage case. This

assault require a full boundary survey to allow for the necessary repairs, and a new fencing surrounding

the entire property. Additional research labors to clean and remove tress. All the claims relating to the

outside yard work now played an integral part in the overall restoration of the Property. The same

general contractor, landscape architect, surveyors and a few other trades had to look at doing more

supplemental work.  At this point, all repair work was on hold pending the pursuit of litigation. Funds

had to continue to be held by servicer.  (See Exhibit Q )

Contrary to Debtors assertions regarding numerous unreturned calls, Claimant constantly kept

in contact with GMAC. It was their policy to follow up once per month. In the beginning these calls

became excessive, harassing and overwhelming, as Debtor's dates suggest. The calls tapered down once

they understood that I could not provide them with the documents they were requesting.

## IN CONCLUSION

As of today's date, Claimant is under psychological and doctors care. *(Documentation*

*can be provided upon request.)* The stress of this matter being expunged without being in receipt of

rightfully due repair funds is unconscionable. Debtor's "Objection" motion to expunge this Claim is

solely based on the assertion that documentation to substantiate this Claim was not submitted. In

accordance with In re Oneida Ltd., 400 B.R.  384, 389 (Bankr. S.D.N.Y. 2009), The Claimant has

demonstrated the validity of Claim No. 4699 and has provided all relevant supporting documentation

with its initial Proof of Claims submission. As the facts have now show, after June 21, 2013 Debtors

never sought additional information, did not expunge Claim and sent Claimant voting ballots

designating Claimant as a Class R-5 Borrower Claim and proceeded with case. No additional validation

10.

of the Claim was requested. Demonstrating its satisfied with the documentation presented. In addition, a clear liability exist. Proper proof and accounting of the missing funds transferred to Ocwen has not been established.

Dated May 7, 2015

Respectfully Submitted,

By  /s/ Phenon Walker
PHENON WALKER, *PRO SE*
13880 Edgewater Drive  Lakewood, OH 44107
Ph.(440)779-0333  Fax:(877)395-4449
Claimant #4699

**11.**

## CERTIFICATE OF SERVICE

The undersigned hereby certify that a copy of this **Response to the Objection of The ResCap**

**Borrowers Claims Trust's to Expunge the Proof of Claims filed by Phenon Walker Edgewater**

**Trust Claim No. 4966** was served on the following parties via ordinary U. S. Regular parcel paid mail

on this 7th day of May, 2015 and electronically by the Federal Express Receipt date to the U. S.

Bankruptcy Court for the Southern District of New York Clerk of Courts. Attention Vito Genna.

**Chambers of the Honorable Martin Glenn**
United States Bankruptcy Court for the
Southern District of New York
Alexander Hamilton Custom House
One Bowing Green
New York, NY 10004-1408

**Counsel to the ResCap Borrower Claims Trust**
Morrison & Foerster LLP
250 West 55th Street
New York, NY 10019
Attention: Norman S. Rosenbaum, Jordan A. Wishnew, and Jessica J. Arett

**The Office of the United States Trustee for the**
Southern District of New York
U. S. Federal Office Building
201 Varick Street Suite 1006
New York, NY 10014
Attention: Linda A. Riffkin and Brian S. Masumoto

**The ResCap Borrower Claims Trust,**
Polsinelli PC
900 Third Avenue 21st Floor
New York, NY 10022
Attention: Daniel J. Flanigan

**The ResCap Liquidating Trust**
Quest Turnaround Advisors
800 Westchester Avenue Suite #S-520
Rey Brook, NY 10573
Attention: Jeffrey Brodsky

Dated May 7, 2015

Respectfully Submitted,
By  /s/ Phenon Walker
PHENON WALKER, *PRO SE* Claimant #4699

Ocwen Loan Servicing, LLC
3451 Hammond Ave
PO Box 780
Waterloo, IA 50704-0780



**O C W E N**

April 9, 2013

0404/13 12:00 3   0015854 20130411 4D7AB103 OCWN82MP 1 OZ DOU4/D7AB100001 160275  SIA

PHENON WALKER
13880 EDGEWATER DRIVE
LAKEWOOD OH  44107-1410

RE:   Account Number: 7435820477
      Property Address: 13880 EDGEWATER DRIVE
                        LAKEWOOD OH 44107

Dear PHENON WALKER:

You were recently sent a correspondence on February 16, 2013 from Ocwen Loan Servicing with regard to the referenced mortgage account. Due to a computer programming error, the creditor for the referenced loan was possibly misidentified. As part of our error-correction procedures, we are writing to inform you that the creditor to whom the debt is owed is The Bank of New York Mellon Trust Company, National Association fka The Bank of New York Trust Company, N.A. as successor to JPMorgan Chase Bank N.A., as Trustee for RAMP 2003-RS5 . We apologize if this caused any misunderstanding. Feel free to contact us at your convenience if you have any further questions or concerns.

**Please Note:** This is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have an active bankruptcy case or have received an Order of Discharge from a Bankruptcy Court, the following Notice Regarding Bankruptcy applies.

**Notice Regarding Bankruptcy:** Please be advised that if you are part of an active Bankruptcy case or if you have received an Order of Discharge from a Bankruptcy Court, this letter is in no way an attempt to collect either a pre-petition, post petition or discharged debt. If your bankruptcy case is still active, no action will be taken in willful violation of the Automatic Stay. If you have received an Order of Discharge in a Chapter 7 case, any action taken by us is for the sole purpose of protecting our lien interest in the underlying mortgaged property and is not an attempt to recover any amounts from you personally. Finally, if you are in an active Chapter 11, 12 or 13 bankruptcy case and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance with your plan.

M023



# R E S C A P

Residential Capital, LLC (ResCap), previously announced that it and its subsidiaries, including GMAC Mortgage, are restructuring under Chapter 11. Although you may not be familiar with our name, ResCap is the parent company of GMAC Mortgage. You are receiving this letter because you have been identified as a current customer, or were at one time considering completing a loan application with GMAC Mortgage.

From time to time throughout these Chapter 11 proceedings, you may receive legal notices in the mail related to ResCap's bankruptcy case. Enclosed with this letter is a legal document, which is being mailed to a wide range of parties. The legal notice enclosed with this letter relates to the process for filing "Proofs of Claim" in our Chapter 11 proceedings. This notice is being sent to <u>potential</u> creditors who are or may be owed payment for obligations that arose prior to May 14, 2012, the date that ResCap filed for Chapter 11.

ResCap is providing this notice to <u>all</u> customers and mortgage loan applicants not because ResCap believes that you have claims against ResCap, but because ResCap may be unaware of claims a customer believes he or she may have.

The enclosed notice describes the "Bar Date" – the legal deadline by which any creditor must file a Proof of Claim in these Chapter 11 proceedings for any obligations that arose prior to May 14, 2012. **The Bar Date is November 9, 2012 at 5:00 p.m. (Eastern Time).**

Please review the enclosed notice materials carefully. If you believe <u>you have a claim against the Debtors for a matter or obligation that arose prior to May 14, 2012,</u> you must file a Proof of Claim by November 9, 2012 at 5:00 p.m. (Eastern Time), in accordance with the procedures set forth in the notice. **A Proof of Claim form may be obtained at <u>www.kccllc.net/rescap</u>.**

If you are a defendant in a foreclosure action you do not need to file a Proof of Claim to protect your defense to foreclosure <u>unless you have asserted any affirmative defenses that request monetary relief.</u> You do not need to file a Proof of Claim for you mortgage amount. Your obligations under your loan agreement have not changed. As such, you should continue to make your scheduled loan payments on time and in full to the address listed on your monthly account statement.

For additional information, please contact the ResCap Restructuring Hotline at **888-926-3479,** or submit an inquiry at **<u>www.kccllc.net/rescap</u>.** If you require legal advice, however, you may also wish to consult a lawyer to discuss the filing of a Proof of Claim.

Thank you for your continued support.

Residential Capital, LLC

001KC0001_52271-5_DOMESTIC_4229/037349/186742

Exhibit C-1

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | Claim #4966    Date Filed: 11/15/2012 |
|---|---|
| Name of Debtor and Case Number: | PROOF OF CLAIM |

**Residential Capital, LLC, Case No. 12-12020**

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C § 503(b)(9)) may be filed pursuant to 11 U.S.C § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

**Phenon Walker**

Name and address where notices should be sent:

**Edgewater Trust
c/o Phenon Walker
13880 Edgewater Drive Lakewood, Ohio 44107**

Telephone number: (440) 779-0333        email: edgewatertrust@yahoo.com

Name and address where payment should be sent (if different from above):

Phenon Walker
13880 Edgewater Drive Lakewood, Ohio 44107

Telephone number:                             email:

☐ Check this box if this claim amends a previously filed claim.

**Court Claim Number:**
*(If known)*

Filed on:

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed: $**_____
If all or part of the claim is secured, complete item 4.
If all or part of the claim is entitled to priority, complete item 5.
☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** Insurance reimbursement claim funds
(See instruction #2)

| **3. Last four digits of any number by which creditor identifies debtor:** 5673 | **3a. Debtor may have scheduled account as:** $18,950.20 (See instruction #3a) | **3b. Uniform Claim Identifier (optional):** (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: ☐Real Estate ☐Motor Vehicle ■Other
Describe:

Value of Property: $_____ Annual Interest Rate_____% ☐Fixed ☐Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any: $_____        Basis for perfection: _____

Amount of Secured Claim: $_____        Amount Unsecured: $ 18,950.20

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, and commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. (*See instruction #8, and the definition of "redacted".*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature: (See instruction #9)** Check the appropriate box.
■ I am the creditor. ☐ I am the creditor's authorized agent. ☐ I am the trustee, or the debtor, or their authorized agent. ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.) (See Bankruptcy Rule 3004.) (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.
Print Name: Phenon Walker
Title:
Company:
Address and telephone number (if different from notice address above):
13880 Edgewater Drive Lakewood Ohio 44107

_____ (Signature)        11/12/12 (Date)

13880 Edgewater Drive Lakewood Ohio 44107

Telephone number: (216) 221-6222        Email: edgewatertrust@yahoo.com

**RECEIVED**

NOV 15 2012

KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U

Exhibit C-2

Our decision to deny part of your claim is based on our review of the facts known to us. If you have more information, please submit it to us for our review.

You may request copies of your claim file documents used in the evaluation of damages.

We are also providing a summary of the claim payment issued for the covered portion of your loss, which includes payment for carpet and carpet padding replacement, repairs to damaged doors, and emergency water mitigation.

The check is in the amount of $9,884.72 for the actual cash value of the repairs to your property, less your policy deductible.

Under the terms of your policy, some losses are settled based on actual cash value. Your claim is subject to this type of settlement. The actual cash settlement is based on the replacement cost less depreciation. Depreciation is based on the age, use and condition of your property at the time of the loss. The Damage Evaluation section of this letter provides further explanation.

The actual cash value payment has been sent to GMAC Mortgage, LLC. You may reach them at 1.800.766.4622. A photocopy of our adjuster's estimate is enclosed for your records.

You may claim the refundable depreciation by sending us your contractor's final repair invoices. If a contractor was not used, please submit repair receipts showing your repair costs. You must submit your claim for refundable depreciation within reasonable amount of time after the actual cash value payment is made. If you have replaced or repaired the covered damage(s) for less than the Replacement Cost, we will base the payment on your actual repair cost.

| | |
|---|---|
| **DAMAGE EVALUATION** | $11,598.41 |
| REPLACEMENT COST ESTIMATE: The amount to property repair your property. | |
| LESS CONTRACTORS PROFIT AND OVERHEAD: Withheld Profit & Overhead will be allowed if a contractor is used to complete repairs. Please submit the final repair invoices. | $0.00 |
| LESS NON-REFUNDABLE DEPRECIATION: The amount that you cannot recover. These item(s) are paid at actual cash value only: Carpet and Carpet Padding | ($598.44) |
| REPLACEMENT COST AVAILABLE: The amount to properly repair your property properly less the non refundable depreciation. | $10,999.97 |
| LESS REFUNDABLE DEPRECIATION: This amount deducted from the replacement cost to determine the actual cash value payment made to you. This is the maximum that can be refunded to you once the repairs are complete. | ($115.25) ✓ |
| LESS DEDUCTIBLE: This amount is your responsibility. | ($1,000.00) |
| LESS OTHER DEDUCTIONS: | $0.00 |
| **ACTUAL CASH VALUE PAYMENT** (This is the amount of the loss payment issued) | $9,884.72 ✓ |

If more damages are found, you should inform us immediately and allow inspection before repairs are made. Not doing so may impact coverage and/or payment for additional damages. We reserve the right to inspect the property or require more information before additional payment is made.

To protect your privacy and security, please remove or "black out" sensitive information on any document you submit. Our policy is to protect all personal information submitted.

This letter does not waive any of Meritplan's rights or defenses, under the policy at issue, or otherwise, which it may have now or in the future. All rights and defenses are reserved to Meritplan.

PO Box 19702, Irvine, CA 92623-9702

WATER DAMA

Exhibit C-3

| DAMAGE EVALUATION | |
|---|---|
| REPLACEMENT COST ESTIMATE: The amount to repair your property properly. | $3065.25 |
| LESS CONTRACTORS PROFIT AND OVERHEAD:  Withheld Profit & Overhead will be allowed if a contractor is used to complete repairs. Please submit the final repair invoices. | ($0) |
| LESS NON-REFUNDABLE DEPRECIATION: The amount that you cannot recover.   These item(s) are paid at actual cash value only. Fountain | ($560.00) |
| REPLACEMENT COST AVAILABLE: The amount to properly repair your property properly less the non refundable depreciation. | $2505.25 |
| LESS REFUNDABLE DEPRECIATION: This amount deducted from the replacement cost to determine the actual cash value payment.  This is the maximum that can be refunded after repairs are complete. | ($172.15) |
| LESS DEDUCTIBLE:  This amount is your responsibility. | ($1000.00) |
| LESS OTHER DEDUCTIONS: | ($0) |
| ACTUAL CASH VALUE PAYMENT (This is the amount of the loss payment issued) | $1333.10 |

If more damages are found, you should inform us immediately and allow inspection before repairs are made.  Not doing so may affect coverage and/or payment for these damages. We reserve the right to inspect the property or require more information before additional payment is made.

To protect your privacy and security, please remove or "black out" sensitive information on any document you submit.  Our policy is to protect all personal information submitted.

Finally, under the terms of the Policy, there is a suit limitation provision requiring any suit or action with regard to a claim to be filed within one year after the above captioned date of loss.

We are now closing our file.

If you have any questions, please contact our office at the number below.

The State of Ohio provides that we advise you of the following notice: Any person who, with intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an application or files a claim containing a false or deceptive statement is guilty of insurance fraud.

Sincerely,

Randell C. Furh

Randell Furrh
Claims Specialist
Meritplan Insurance Company
Phone:  1.888.898.1546
Fax#:    1.866.336.3804
Please be advised QBE FIRST Insurance Agency, Inc. is the managing general agent and/or program manager responding on behalf of the above listed insurer, and its designated third party administrator, QBE Americas, Inc.

Encl.:  Damage Report

CC:    Phenon Walker
        GMAC Mortgage, LLC

PO Box 19702, Irvine, CA 92623-9702

Fountain Vandalism

| | |
|---|---|
| REPLACEMENT COST ESTIMATE: The amount to properly repair your property. | $6,286.54 |
| LESS CONTRACTORS PROFIT AND OVERHEAD: Withheld Profit & Overhead will be allowed if a contractor is used to complete repairs. Please submit the final repair invoices. | ($1,027.94) |
| LESS NON-REFUNDABLE DEPRECIATION: The amount that you cannot recover. These item(s) are paid at actual cash value only: Replacement of the Section of the Chain Link Fence Unit | ($61.81) |
| REPLACEMENT COST AVAILABLE: The amount to properly repair your property properly less the non refundable depreciation. | $5,196.79 |
| LESS REFUNDABLE DEPRECIATION: This amount deducted from the replacement cost to determine the actual cash value payment made to you. This is the maximum that can be refunded to you once the repairs are complete. | ($1,010.86) |
| LESS DEDUCTIBLE: This amount is your responsibility. | ($1,000.00) |
| LESS OTHER DEDUCTIONS: | $0.00 |
| ACTUAL CASH VALUE PAYMENT (This is the amount of the loss payment issued) | $3,185.93 |

If more damages are found, you should inform us immediately and allow inspection before repairs are made. Not doing so may impact coverage and/or payment for additional damages. We reserve the right to inspect the property or require more information before additional payment is made.

To protect your privacy and security, please remove or "black out" sensitive information on any document you submit. Our policy is to protect all personal information submitted.

This letter does not waive any of Meritplan's rights or defenses, under the policy at issue, or otherwise, which it may have now or in the future. All rights and defenses are reserved to Meritplan.

Finally, under the terms of the Policy, there is a suit limitation provision requiring any suit or action with regard to a claim to be filed within one (1) year after the above captioned date of loss.

PO Box 19702, Irvine, CA 92623-9702

WIND DAMAGE

B 10 Modified (Official Form 10) (12/11)

**UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK**

Claim #5429  Date Filed: 11/16/20

**PROOF OF CLAIM**

| Name of Debtor and Case Number: |
| --- |
| Residential Capital, LLC, Case No. 12-12020 |

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Phenon Walker

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:

Edgewater Trust
c/o Phenon Walker
13880 Edgewater Drive Lakewood, Ohio 44107

**Court Claim Number:**_____
*(if known)*

Filed on:_____

Telephone number: (440) 779-0333          email: edgewatertrust@yahoo.com

Name and address where payment should be sent (if different from above):

Phenon Walker
13880 Edgewater Drive Lakewood, Ohio 44107

Telephone number:_____          email:_____

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

**1. Amount of Claim as of Date Case Filed: $** 143,931.01

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

**2. Basis for Claim:** surplus check for 2011-money loan
(See instruction #2)

**3. Last four digits of any number by which creditor identifies debtor:**

5673

**3a. Debtor may have scheduled account as:**
$3500.00
(See instruction #3a)

**3b. Uniform Claim Identifier (optional):**
_____
(See instruction #3b)

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:** $_____  **Annual Interest Rate**_____% ☐ Fixed ☐ Variable
(when case was filed)

**Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:** $_____    **Basis for perfection:**_____

**Amount of Secured Claim:** $_____    **Amount Unsecured:** $ 143,931.01

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**9. Signature: (See instruction #9)** Check the appropriate box.
☑ I am the creditor.  ☐ I am the creditor's authorized agent.  ☐ I am the trustee, or the debtor, or  ☐ I am a guarantor, surety, indorser, or other codebtor.
(Attach copy of power of attorney, if any.)          their authorized agent.       (See Bankruptcy Rule 3005.)
                                        (See Bankruptcy Rule 3004.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Phenon Walker
Title:_____
Company:_____
Address and telephone number (if different from notice address above):
13880 Edgewater Drive Lakewood Ohio 44107
13880 Edgewater Drive Lakewood Ohio 44107

Telephone number: (216) 221-5222      Email: edgewatertrust@yahoo.com

*(Signature)*  *Phenon Walker*      11/12/12
*(Date)*

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a).** If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**RECEIVED**
NOV 1 6 2012
KURTZMAN CARSON CONSULTANTS

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.

Exhibit C-6

# GMAC
## Mortgage

3451 Hammond Avenue
Waterloo, IA 50702
1 800 766 4622/Follow the Prompts

**Important Note** In accordance with RESPA requirements, this notice is being sent as a result of the review completed on your escrow account.

**INITIAL ESCROW ACCOUNT**
**DISCLOSURE STATEMENT**

ACCOUNT NUMBER: 7435820477

PROPERTY ADDRESS:
13880 EDGEWATER DRIVE
LAKEWOOD OH 44107

ANALYSIS DATE: OCTOBER 21, 2011

47371-0001413-001
PHENON WALKER
13880 EDGEWATER DR
LAKEWOOD OH  44107-1410

PLEASE KEEP THIS ESCROW ANALYSIS FOR COMPARISON TO NEXT YEAR'S STATEMENT.

Section 1:

| DESCRIPTION | NEXT DUE DATE | ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT | AMOUNT(S) USED IN PRIOR ANALYSIS |
|---|---|---|---|
| COUNTY | JANUARY 2012 | 17,231.40 | 0.00 |
| COUNTY | JUNE 2012 | 17,231.40 | 0.00 |
| TOTAL ANNUAL DISBURSEMENTS: | | 34,462.80 | 0.00 |
| TOTAL ESCROW PAYMENT: | | 2,871.90 | 11,367.86 |

The amounts above are based on either an estimate previously provided or the amount last disbursed.

New Payment Amount:                                                    8,254.67
New Payment Effective:                              DECEMBER 01, 2011
Next Scheduled Analysis:                            DECEMBER 01, 2012

Payment change:                        New      Prior Analysis
Escrow                               2,871.90     11,367.86


Total                                2,871.90     11,367.86
Principal/Interest                   5,382.77      5,382.77
Total Payment                        8,254.67     16,750.63

For details about the difference between the old and new payment amounts, please reference the ESTIMATED AMOUNT(S) OF NEXT DISBURSEMENT and AMOUNT(S) USED IN PRIOR ANALYSIS columns listed above.

**Any questions regarding changes in the "Estimated Amount of Next Disbursement"**
**should be directed to your Tax Authority and/or Insurance Company.**
**To reach our Insurance department call: 1-800-256-9962.**

If you are utilizing a military allotment, or third-party company to make payments on your behalf, please notify your service of any payment changes.

686-0680-1200F

## UNRELEASED SURPLUS NOTICE

# GMAC
## Mortgage

**THIS IS NOT A CHECK**

| Account Number | Surplus Amount |
|---|---|
| 7435820477 | 143,931.01 |

PHENON WALKER

C16387

B 10 Modified (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT FOR THE SOUTHERN DISTRICT OF NEW YORK | Claim #4942  Date Filed: 11/15/2012 |
|---|---|
| | PROOF OF CLAIM |

**Name of Debtor and Case Number:**

### Residential Capital, LLC, Case No. 12-12020

NOTE: *This form should not be used to make a claim for an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) arising after the commencement of the case. A "request" for payment of an administrative expense (other than a claim asserted under 11 U.S.C. § 503(b)(9)) may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):

Phenon Walker

□ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:

Edgewater Trust
c/o Phenon Walker
13880 Edgewater Drive Lakewood, Ohio 44107

**Court Claim Number:**
*(If known)*

Filed on:

Telephone number: (440) 779-0333        email: edgewatertrust@yahoo.com

□ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

Name and address where payment should be sent (if different from above):

Phenon Walker
13880 Edgewater Drive Lakewood, Ohio 44107

Telephone number:        email:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.**

1. Amount of Claim as of Date Case Filed: $ **1,096,291.07**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

□ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

□ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

**2. Basis for Claim:** monetary relief-foreclosure GMAC-MERS
(See instruction #2)

□ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. §507 (a)(4).

| 3. Last four digits of any number by which creditor identifies debtor: **5673** | 3a. Debtor may have scheduled account as: **$13,500.00** (See instruction #3a) | 3b. Uniform Claim Identifier (optional): (See instruction #3b) |
|---|---|---|

**4. Secured Claim (See instruction #4)**
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Nature of property or right of setoff: □ Real Estate  □ Motor Vehicle  ■ Other
Describe:

Value of Property: $_____  Annual Interest Rate_____% □Fixed □Variable
(when case was filed)

Amount of arrearage and other charges, as of the time case was filed, included in secured claim,

if any: $_____        Basis for perfection: _____

Amount of Secured Claim: $_____        Amount Unsecured: $ **1,096,291.07**

□ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

□ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

□ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

□ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**6. Claim Pursuant to 11 U.S.C. § 503(b)(9):**
Indicate the amount of your claim arising from the value of any goods received by the Debtor within 20 days before May 14, 2012, the date of commencement of the above case, in which the goods have been sold to the Debtor in the ordinary course of such Debtor's business. Attach documentation supporting such claim.
$_____ (See instruction #6)

**Amount entitled to priority:**

$_____

**7. Credits.** The amount of all payments on this claim has been credited for the purpose of making this proof of claim. (See instruction #7)

**8. Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #8, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

* Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

**9. Signature: (See instruction #9)** Check the appropriate box.

■ I am the creditor.   □ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)   □ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)   □ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name: Phenon Walker
Title:
Company:        (Signature)        11/12/12  (Date)
Address and telephone number (if different from notice address above):
13880 Edgewater Drive Lakewood Ohio 44107
13880 Edgewater Drive Lakewood Ohio 44107

**RECEIVED**

**NOV 15 2012**

KURTZMAN CARSON CONSULTANTS

Telephone number: (216) 221-8222        Email: edgewatertrust@yahoo.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.

ResCap Claims Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

| FIRST CLASS |
| US POSTAGE PAID |
| EL SEGUNDO CA |
| PERMIT NO. 45049 |

Phenon Walker
Edgewater Trust
13880 Edgewater Drive
Lakewood, OH 44107

## PROOF OF CLAIM CONFIRMATION  ⬅

Your proof of claim filed against **Residential Capital, LLC**,
case no **12-12020** was received on **11/15/2012**
and assigned claim number 4942

For more information, please visit **www.kccllc.net/rescap** or call 1-888-251-2914

ResCap Claims Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA  90245

FIRST CLASS
US POSTAGE PAID
EL SEGUNDO CA
PERMIT NO. 45049

Phenon Walker
Edgewater Trust
13880 Edgewater Drive
Lakewood, OH 44107

## PROOF OF CLAIM CONFIRMATION ⬅

Your proof of claim filed against **Residential Capital, LLC,**
case no **12-12020** was received on **11/16/2012**
and assigned claim number **5429**

For more information, please visit **www.kcclic.net/rescap** or call 1-888-251-2914

---

ResCap Claims Processing Center
c/o KCC
2335 Alaska Ave
El Segundo, CA  90245

FIRST CLASS
US POSTAGE PAID
EL SEGUNDO CA
PERMIT NO. 45049

Phenon Walker
Edgewater Trust
13880 Edgewater Drive
Lakewood, OH 44107

## PROOF OF CLAIM CONFIRMATION ⬅ *NOT IN DISPUTE*

Your proof of claim filed against **Residential Capital, LLC,**
case no **12-12020** was received on **11/15/2012**
and assigned claim number **4966**

For more information, please visit **www.kcclic.net/rescap** or call 1-888-251-2914

(10)

# RESCAP

MORRISON | FOERSTER

June 21, 2013

**Claim Number:** 5429

Dear Claimant: Phenon Walker

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against one or more of the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents, if any, that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. After reviewing the Proof of Claim form and any documents you submitted, we have determined that you did not provide sufficient information to support your "Basis for Claim" and we do not have sufficient information to understand the calculations you used to determine the amount you claim to be owed. In order to evaluate your claim, we need to understand the specific reasons as to why you believe you are owed money or are entitled to other relief from one or more of the Debtors. Please reply using the attached form and provide a written explanation, with supporting documentation, and include a detailed explanation of how you calculated the amount of your claim.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC   P.O. Box 385220  Bloomington, Minnesota 55438

Claim Number: 542
Phenon Walke
Type: PO

Exhibit D-2

# RESCAP                                    MORRISON | FOERSTER

**Claim Number:** 4942

Dear Claimant: Phenon Walker

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC, and other affiliated debtors and debtors in possession (collectively, the "Debtors"), pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case") and we need additional information from you regarding the claim(s) you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We received and reviewed a copy of the Proof of Claim form filed on your behalf, and noticed that it did not have any supporting documents attached to it. In order to evaluate your claim, we need to specifically understand why you believe you are owed money or are entitled to other relief from one or more of the Debtors. Although you may have stated the factual or legal basis for your claim on the first page of the Proof of Claim form, you have not provided any documentation to support this claim. Therefore, we need you to provide us with documents that support the basis for your asserted claim. A copy of your Proof of Claim form is enclosed for your reference.

**You Must Respond to this Letter by no Later Than June 24, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than June 24, 2013 with an explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases), and you **must** provide copies of any and all documentation that you believe supports the basis for your claim. Included with this letter is a form to assist you in responding to our request.

**Consequences of Failing to Respond:**
If you do not provide the *supporting documentation* by June 24, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including the basis that you failed to provide sufficient information and documentation to support your claim, and your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for your claim.

# RESCAP                              MORRISON | FOERSTER

June 21, 2013

**Claim Number:** 4966

Dear Claimant: Phenon Walker

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020 (MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s) ("claim") you are asserting against the Debtors.

**The Information we Need From You Regarding Your Proof of Claim:**
We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us know whether the basis for and amount of the claim contained in the Proof of Claim form are the same as or different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

**You Must Respond to this Letter by no Later Than July 22, 2013:**
In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must** respond to this letter by no later than July 22, 2013 with the requested information and an explanation stating the legal and factual reasons why you believe you are owed money or are entitled to other relief from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases). You **must** also provide copies of any and all documentation that you believe supports the basis for and amount of your claim. A form is included with this letter to assist you in responding to our request for additional information.

**Consequences of Failing to Respond:**
If you do not provide the requested information regarding the basis for and amount of your claim and the supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim on one or more bases, including that you failed to provide sufficient information and documentation to support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim will be denied. Therefore, it is very important that you respond by the date stated above with the requested information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC    P.O. Box 385220  Bloomington, Minnesota  55438

Claim Number: 4966
Phenon Walker
Type: POC

June 12, 2013

Claims.Management@gmacrescap.com
        Residentail Capital LLC
        PO Box 385220 Bloomington, Minnesota 55438

Claim Number# 4942 Bankruptcy Court Southern District of New York Case # 12-12020
Claiment: Phenon Walker Edgewater Trust 13880 Edgewater Dr. Lakewood, OH 44107
Mailing Address: PO Box 35596 Cleveland OH 44135

        Re: Unsecured Credit Amt of $1,096,291.07
            Respond to request for Proof of Claim documentation. Bankruptcy Court
            Order (Docket No. 3294 filed 3-21-13.) Due by June 24, 2013

Dear Claims Managmetn Rep.

The Proof of Claims Notice gave specific insturction:

> *"Claims based on acts or omissions of the Debtors that occured before the*
> *Petition Date must be filed on or before the applicable Bar Date, <u>even if</u>*
> *<u>such claims are not now fixed, contingent, matured, unmatured, disputed,</u>*
> *<u>undisputed, legal, equitable,</u> secured, or unsecured; or (b) a right to an*
> *equitable remedy for breach of performance is such breach gives rise to a*
> *right to payment, whether or not such right to an equitable remedy is reduced*
> *to judgment, fixed, contingent, matured, unmatured, disputed, undisputed,*
> *secured or unsecured."*

The herein Proof of Claims was submit as instructed. At the time of submission the
evidence against the affilitate was being gathered and the case formulated. This matter is
unresolved and in early litigation. The amount listed on the claim form is the disbuted
amount from the Debtor.

In your correspondence you seek to understand :

> *"why I believe I am owed money or are entitled to other relief from*
> *one or more or the Debtors."*

Base on the admission and court ordered settlement accross the country for fraudlent and
misleading acts of the Debtor(s), it is my firm belief that this matter will result in
compensation. Therefore, I had to assert my right to file a claim (as instructed by
Bankrupcty Court ) to make sure that I was in compliance to recieve compensation at the
end of my case.

This entire preparation and litigation process takes entirely too long. I appologize that I
am not able to submit more specific information, as not to damage my case. However, I

should be able to provide you with specific copies of legal and factual documentation supporting this claim once generated by the end of July 2013. I am certain of a settlement thereby providing a more accurate amount. Please note that I would have to send over 100 pages of documentation to support my position that in your view maybe or may not be relevant. I am not sure what to send. It is my preference to send you concrete and to the point legal information. Your letter states that:

*"I must send you the requested information and document(s) supporting your claim (s) on or before the date provided in this letter: June 24, 2013).* This letter should comply with providing the information part. As mentioned, the final documentation has yet to be generated and will be forwarded as soon as I am in reciept.

Sincerely

Phenon Walker
PO Box 35596
Cleveland, OH 44135

3

Exhibit F-1

**THIS IS A NOTICE REGARDING YOUR CLAIM. YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON TWENTY-SEVENTH
OMNIBUS OBJECTION TO CLAIMS
(BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)**

**Phenon Walker**

| Proposed Claim(s) to be Disallowed and Expunged | | | | *Reason for Disallowance* |
|---|---|---|---|---|
| Claim No(s); Date Filed | Debtor | Classification | Amount | |
| 4942<br><br>11/15/12 | Residential Capital, LLC | Administrative Priority | N/A | Claimant does not include sufficient supporting documents |
| | | Administrative Secured | N/A | |
| | | Secured | N/A | |
| | | Priority | N/A | |
| | | General Unsecured | $1,096,291.07 | |

PLEASE TAKE NOTICE that, on August 16, 2013, Residential Capital, LLC and certain of its affiliates (collectively, the "**Debtors**") filed their *Twenty-Seventh Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").[1] The category of claim objection applicable to you is identified in the table above in the column entitled "**Reason for Disallowance**".

The Objection requests that the Bankruptcy Court expunge, and/or disallow one or more of your claims listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED on the ground that the claim(s) does not contain sufficient documentation to substantiate the claim. **Any claim that the Bankruptcy Court expunges and disallows will be**

---

[1]    A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.kccllc.net/rescap.

9.    **ADDITIONAL INFORMATION**. Copies of the Disclosure Statement and Plan may be obtained (i) from KCC (a) at the ResCap restructuring website at www.kccllc.net/rescap, by clicking on the "Court Documents" link, (b) upon request by mail to ResCap Balloting Center, c/o, KCC, 2335 Alaska Ave., El Segundo, California, 90245, or (c) upon request by calling the ResCap restructuring hotline at (888) 926-3479 or (ii) for a fee via PACER at www.nysb.uscourts.gov (a PACER login and password are required to access documents on the Court's website and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov). Copies of the Plan and Disclosure Statement may also be examined by interested parties between the hours of 9:00 a.m. and 4:30 p.m. (Eastern Time) at the office of the Clerk of the Bankruptcy Court, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, Room 511, New York, New York 10004.

---

**IF YOU HAVE ANY QUESTIONS RELATED TO THIS NOTICE,
PLEASE CALL THE DEBTORS' BANKRUPTCY HOTLINE AT (888) 926-3479.**

**PLEASE NOTE THAT KCC IS NOT AUTHORIZED TO PROVIDE, AND WILL NOT PROVIDE, LEGAL ADVICE.**

---

**ATTENTION BORROWERS:**

**SilvermanAcampora LLP has been approved as special borrower counsel to the Official Committee of Unsecured Creditors and is available to answer any questions you may have as a borrower whose loan was originated, sold, consolidated, purchased, and/or serviced by Residential Capital LLC or any of its subsidiaries.**

**Please call 866-259-5217 if you have questions regarding any notice you received from Residential Capital, LLC or any of its subsidiaries.**

---

Dated: New York, New York
August 23, 2013

| | |
|---|---|
| MORRISON & FOERSTER LLP | KRAMER LEVIN NAFTALIS & |
| Gary S. Lee | FRANKEL LLP |
| Lorenzo Marinuzzi | Kenneth H. Eckstein |
| Todd M. Goren | Douglas H. Mannal |
| Jennifer L. Marines | Stephen D. Zide |
| Daniel J. Harris | 1177 Avenue of the Americas |
| 1290 Avenue of the Americas | New York, New York 10036 |
| New York, New York 10104 | |
| | |
| *Counsel for Debtors and Debtors in Possession* | *Counsel for the Official Committee of Unsecured Creditors* |

Exhibit F 3

**THIS IS A NOTICE REGARDING YOUR CLAIM. YOU MUST READ IT
AND TAKE ACTION IF YOU DISAGREE WITH THE OBJECTION.**

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**NOTICE OF HEARING ON TWENTY-SIXTH OMNIBUS OBJECTION TO CLAIMS
(BORROWER CLAIMS WITH INSUFFICIENT DOCUMENTATION)**

**Phenon Walker**

| Proposed Claim(s) to be Disallowed and Expunged | | | | Reason for Disallowance |
|---|---|---|---|---|
| Claim No(s); Date Filed | Debtor | Classification | Amount | |
| 5429

11/16/12 | Residential Capital, LLC | Administrative Priority | N/A | Claimant does not include sufficient supporting documents |
| | | Administrative Secured | N/A | |
| | | Secured | N/A | |
| | | Priority | N/A | |
| | | General Unsecured | $143,931.01 | |

PLEASE TAKE NOTICE that, on August 16, 2013, Residential Capital, LLC and certain of its affiliates (collectively, the "**Debtors**") filed their *Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation)* (the "**Objection**") with the United States Bankruptcy Court for the Southern District of New York (the "**Bankruptcy Court**").[1] The category of claim objection applicable to you is identified in the table above in the column entitled "**Reason for Disallowance**".

The Objection requests that the Bankruptcy Court expunge, and/or disallow one or more of your claims listed above under PROPOSED CLAIM(S) TO BE DISALLOWED AND EXPUNGED on the ground that the claim(s) does not contain sufficient documentation to substantiate the claim. **Any claim that the Bankruptcy Court expunges and disallows will be treated as if it had not been filed and you will not be entitled to any distribution on account thereof.**

---

[1]    A list of the Debtors, along with the last four digits of each Debtor's federal tax identification number, is available on the Debtors' website at http://www.kccllc.net/rescap.

Exhibit F 4

Debtors have the right to object on other grounds to the claim(s) (or to any other claims you may have filed, including any SURVIVING CLAIM(S) listed above) at a later date. You will receive a separate notice of any such objections.

You may participate in a hearing telephonically provided that you comply with the Bankruptcy Court's instructions, which can be found on the Bankruptcy Court's website at www.nysb.uscourts.gov.

If you wish to view the complete Objection, you can do so on the Bankruptcy Court's electronic docket for the Debtors' chapter 11 cases, which is posted on the internet at www.nysb.uscourts.gov (a PACER login and password are required and can be obtained through the PACER Service Center at www.pacer.psc.uscourts.gov), or for free at http://www.kccllc.net/rescap. If you have any questions about this notice or the Objection, or if you would like to request a complete copy of the Objection at the Debtors' expense, please contact the Debtors' approved claims agent Kurtzman Carson Consultants, LLC at (888) 926-3479. CLAIMANTS SHOULD NOT CONTACT THE CLERK OF THE BANKRUPTCY COURT TO DISCUSS THE MERITS OF THEIR CLAIMS.

DATED:        August 16, 2013
              New York, New York

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Jordan A. Wishnew

ATTORNEYS FOR DEBTORS AND
DEBTORS IN POSSESSION

Sept 13, 2013                                          Time: 4:44p

Morrison Foerster LLP
1290 Avenue of the Americas
New York, New York 10104
Ph. (212) 468-8000
Fax (212) 468-7900
Gary S. Lee, Esq.
Lorenzo Marinuzzi, Esq.
Jordon A. Wishnew, Esq.
          *Counsel for the Debtors and Debtors in Possession*


**RE: Claim # 4942, 4966, 5429 CASE NO. 12-12020 RESIDENTAIL CAPITAL LLC.**


## REQUEST FOR EXTENSION OF TIME TO FILE RESPONSE AND CONTINUANCE OF SEPTEMBER HEARING

On Thursday Sept 12, 2013 Attorney Craig Relman of Craig W. Relman Co. LPA (Ohio Counsel) left a message with your firm requesting an extension to file a response and move the hearing date back 30 days. There was no return call.

Just yesterday, it was recommendation that I obtain legal counsel in New York. This is Friday and the holiday weekend has proven to be virtually impossible to retain counsel to review the herein claims and file a written Objection with the Bankruptcy Court by 4:00p Monday Sept. 16, 2013.

Please consider this formal written request for an extension of time to file my objection opposing the expungement, and/or disallowance of my claim(s). I am requesting that the response deadline be moved to 2 weeks and the hearing date in 30 days.



                                   Respectfully,

                                   Phenon Walker
                                   Claiment
                                    PO Box 35596
                                   Cleveland, Ohio 44135
                                   PH. (440) 779-0333
                                   FAX. 877-395-4449

1

Exhibit 6 2

| | |
|---|---|
| Subject: | ResCap Bankruptcy_Adjournment of Hearing to October 9th |
| From: | Petts, Jonathan M. (JPetts@mofo.com) |
| To: | phenon.walker@yahoo.com; |
| Cc: | JWishnew@mofo.com; LGuido@mofo.com; |
| Date: | Monday, September 16, 2013 9:47 AM |

Dear Ms. Walker,


This email confirms our telephone conversation of a few minutes ago. The Debtors have agreed to adjourn their objections to your claims (4942 & 5429) to the hearing on October 9, 2013 at 10:00 a.m. In addition, the Debtors have agreed to adjourn your response date to September 30, 2013, at 4:00 p.m.


Sincerely,

Jonathan Petts


**Jonathan Petts**

Morrison & Foerster LLP

1290 Avenue of the Americas | New York, NY 10104

P: 212.336.4291 | C: 917.332.9750

JPetts@mofo.com | www.mofo.com

------------------------------------------------------------------------
To ensure compliance with requirements imposed by the IRS, Morrison & Foerster LLP informs you that, if any advice concerning one or more U.S. Federal tax issues is contained in this communication (including any attachments), such advice is not intended or written to be used, and cannot be used, for the purpose of (i) avoiding penalties under the Internal Revenue Code or (ii) promoting, marketing or recommending to another party any transaction or matter addressed herein.

For information about this legend, go to
http://www.mofo.com/Circular230/

=========================================================================

This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the

*Exhibit A-1*

# Creditor Data for Claim Number 5429

Help

| Creditor:<br>Phenon Walker<br>Edgewater Trust<br>13880 Edgewater Drive<br>Lakewood, OH 44107 | Date Claim Filed: 11/16/2012<br>Claim #: 5429<br>PDF: View Claim (585 k) |
|---|---|

**Debtor Name:** Residential Capital, LLC
**Debtor Case Number:** 12-12020

| | Schedule Amount | C* | U* | D* | Filed Claim Amount | Present Claim Amount |
|---|---|---|---|---|---|---|
| GU | | | | | $143,931.01 | EXPUNGED |
| PRI | | | | | | |
| SEC | | | | | | |
| AP | | | | | | |
| AS | | | | | | |
| TOTALS | | | | | $143,931.01 | $0.00 |

*C=Contingent, U=Unliquidated, D=Disputed

### Transfer History

| Date Filed | Date Effective | Transfer Type | Transferor | Transferee | Status |
|---|---|---|---|---|---|
| No records found | | | | | |

### Objection History

| Date Created | Name | Basis | Status |
|---|---|---|---|
| 8/16/2013 | Debtors' Twenty-Sixth Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) | Borrower Claims with Insufficient Documentation | Resolved Expunged |

### Claim Withdrawal History

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| No records found | | | |

### Stipulation History

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| No records found | | | |

This website is maintained for the public's convenience and for informational purposes only. Users of this website should not take or refrain from taking any action based upon content included in the website or in the results of any search made on this site without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") filed in the bankruptcy case/s of the debtor/s.

Without limiting the generality of the foregoing, any failure by a debtor to designate a claim listed on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission that such amounts are not "disputed", "contingent", or "unliquidated". Further, each debtor reserves the right to amend their Schedules and Statements of Financial Affairs as necessary and appropriate. Debtors further reserve the right to dispute, on any grounds, or to assert offsets or defenses to, any claim reflected on their schedules or filed against a Debtor, including objecting to the amount, liability classification or priority of such claim, or to otherwise subsequently designate any claim as "disputed", "contingent", or "unliquidated".

Exhibit H-2

# Creditor Data for Claim Number 4942

Help

| Creditor:<br>Phenon Walker<br>Edgewater Trust<br>13880 Edgewater Drive<br>Lakewood, OH 44107 | Date Claim Filed: 11/15/2012<br>Claim #: 4942<br>PDF: View Claim (144 k) |
|---|---|

**Debtor Name:** Residential Capital, LLC
**Debtor Case Number:** 12-12020

| | Schedule Amount | C* | U* | D* | Filed Claim Amount | Present Claim Amount |
|---|---|---|---|---|---|---|
| GU | | | | | $1,096,291.07 | EXPUNGED |
| PRI | | | | | | |
| SEC | | | | | | |
| AP | | | | | | |
| AS | | | | | | |
| TOTALS | | | | | $1,096,291.07 | $0.00 |

*C=Contingent, U=Unliquidated, D=Disputed

### Transfer History

| Date Filed | Date Effective | Transfer Type | Transferor | Transferee | Status |
|---|---|---|---|---|---|
| No records found | | | | | |

### Objection History

| Date Created | Name | Basis | Status |
|---|---|---|---|
| 8/16/2013 | Debtors' Twenty-Seventh Omnibus Objection to Claims (Borrower Claims with Insufficient Documentation) | Borrower Claims with Insufficient Documentation | Resolved Expunged |

### Claim Withdrawal History

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| No records found | | | |

### Stipulation History

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| No records found | | | |

This website is maintained for the public's convenience and for informational purposes only. Users of this website should not take or refrain from taking any action based upon content included in the website or in the results of any search made on this site without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") filed in the bankruptcy case/s of the debtor/s.

Without limiting the generality of the foregoing, any failure by a debtor to designate a claim listed on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission that such amounts are not "disputed", "contingent", or "unliquidated". Further, each debtor reserves the right to amend their Schedules and Statements of Financial Affairs as necessary and appropriate. Debtors further reserve the right to dispute, on any grounds, or to assert offsets or defenses to, any claim reflected on their schedules or filed against a Debtor, including objecting to the amount, liability classification or priority of such claim, or to otherwise subsequently designate any claim as "disputed", "contingent", or "unliquidated".

Exhibit H-3

## Creditor Data for Claim Number 4966

Help

| Creditor:<br>Phenon Walker<br>Edgewater Trust<br>13880 Edgewater Drive<br>Lakewood, OH 44107 | Date Claim Filed: 11/15/2012<br>Claim #: 4966<br>PDF: View Claim (524 k) |
|---|---|

Debtor Name: GMAC Mortgage, LLC
Debtor Case Number: 12-12032

| | Schedule Amount | C* | U* | D* | Filed Claim Amount | Present Claim Amount |
|---|---|---|---|---|---|---|
| GU | | | | | $18,950.20 | $18,950.20 |
| PRI | | | | | | |
| SEC | | | | | | |
| AP | | | | | | |
| AS | | | | | | |
| TOTALS | | | | | $18,950.20 | $18,950.20 |

*C=Contingent, U=Unliquidated, D=Disputed

### Transfer History

| Date Filed | Date Effective | Transfer Type | Transferor | Transferee | Status |
|---|---|---|---|---|---|
| No records found | | | | | |

### Objection History

| Date Created | Name | Basis | Status |
|---|---|---|---|
| 9/20/2013 | Notice of Debtors' Thirty-Eight Omnibus Objection to Claims (Wrong Debtors Borrower Claims) | Wrong Debtors Borrower Claims | Resolved Not Expunged |

### Claim Withdrawal History

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| No records found | | | |

### Stipulation History

| Date Filed | Docket Number | Document Name | File Size |
|---|---|---|---|
| No records found | | | |

This website is maintained for the public's convenience and for informational purposes only. Users of this website should not take or refrain from taking any action based upon content included in the website or in the results of any search made on this site without seeking legal counsel on the particular facts and circumstances at issue from a licensed attorney. All search results provided through this website are qualified in their entirety by the official register of claims and the Schedules of Assets and Liabilities ("Schedules") filed in the bankruptcy case/s of the debtor/s.

Without limiting the generality of the foregoing, any failure by a debtor to designate a claim listed on the Schedules as "disputed", "contingent", or "unliquidated" does not constitute an admission that such amounts are not "disputed", "contingent", or "unliquidated". Further, each debtor reserves the right to amend their Schedules and Statements of Financial Affairs as necessary and appropriate. Debtors further reserve the right to dispute, on any grounds, or to assert offsets or defenses to, any claim reflected on their schedules or filed against a Debtor, including objecting to the amount, liability classification or priority of such claim, or to otherwise subsequently designate any claim as "disputed", "contingent", or "unliquidated".

310-823-9000
www.KCCLLC.NET/Rescap

April 21, 2015

Specialized Loan Servicing LLC.
Attn.: Customer Support Dept.
Loan #1008463190
P. O. Box 636005
Littleton, CO 80163
Fax: (720) 241-7218
Ph. (800) 315-4757

Re: Proof of Insurance Escrow Funds Received

Dear Representative,

Please consider this formal written request for verification of the funds transferred to you by my prior servicer for insurance claims.

I would like for you to provide the exact amount, name of provider of funds, break down of what these funds were for and the receipt date.

You may fax this brief letter to 877-395-4449 and mail the hard copy to 13880 Edgewater Drive Lakewood, Ohio 44107.

Thank you,

Phenon Walker
13880 Edgewater Drive
Lakewood, Ohio 44107

2

# FAX COMMUNICATION

**Date: April 21, 2015**          **Time: 10:47a**

**1 page follows**

**TO:**   **Specialized Loan Servicing LLC.**
**Attn:** **Customer Support Dept.**
**Loan:** **#1008463190**
**Fax:**   **(720) 241-7218**
**Ph.**    **(800) 315-4757**

**MESSAGE:**
   **Request for Escrow Verification Letter.**

**FROM:**
**Phenon Walker**
**13880 Edgewater Drive**
**Lakewood, Ohio 44107**
**Ph. (440) 779-0333**
**Fax (877)395-4449**

3



8742 Lucent Boulevard · Suite 300 · Highlands Ranch, CO 80129                    ☏ 800-315-4757
04/22/2015                                                                         📠 720-241-7218

RE: Loan Number: 1008463190
Property Address:
PHENON WALKER                                                                     13880 EDGEWATER DR
13880 EDGEWATER DR                                                                LAKEWOOD, OH  44107
LAKEWOOD, OH  44107

Dear PHENON WALKER,

Specialized Loan Servicing LLC has received your letter regarding the above referenced loan. Your qualified
written request or general correspondence is currently under review. We realize the urgency of your inquiry and
we appreciate your patience. We will have a response issued to you within 30 business days. If your property is
in the state of North Carolina or Washington, a response will be issued within 15 days.

If you have any questions, please contact Customer Care at 1-800-315-4757 between 6:00 a.m. and 6:00 p.m.
MT Monday through Friday. TDD number – 1-800-268-9419 Monday through Friday between 8:00 a.m. and 5:00
p.m. MT.

Sincerely,

Customer Care Support
Specialized Loan Servicing, LLC

BANKRUPTCY NOTICE- IF YOU ARE A CUSTOMER IN BANKRUPTCY OR A CUSTOMER WHO HAS
RECEIVED A BANKRUPTCY DISCHARGE OF THIS DEBT: PLEASE BE ADVISED THAT THIS NOTICE IS TO
ADVISE YOU OF THE STATUS OF YOUR MORTGAGE LOAN. THIS NOTICE CONSTITUTES NEITHER A
DEMAND FOR PAYMENT NOR A NOTICE OF PERSONAL LIABILITY TO ANY RECIPIENT HEREOF, WHO
MIGHT HAVE RECEIVED A DISCHARGE OF SUCH DEBT IN ACCORDANCE WITH APPLICABLE
BANKRUPTCY LAWS OR WHO MIGHT BE SUBJECT TO THE AUTOMATIC STAY OF SECTION 362 OF THE
UNITED STATES BANKRUPTCY CODE. HOWEVER, IT MAY BE A NOTICE OF POSSIBLE ENFORCEMENT
OF THE LIEN AGAINST THE COLLATERAL PROPERTY, WHICH HAS NOT BEEN DISCHARGED IN YOUR
BANKRUPTCY. IF YOU HAVE ANY QUESTIONS, PLEASE CONTACT OUR CUSTOMER CARE CENTER AT
800-306-6057.

Letter 5.20  Loan Number: 1008463190 04/22/2015

Setting the Standard
www.sls.net

# GMAC Mortgage

P.O. Box 52052
Phoenix, AZ  85072-2052

November 28, 2012

54 - 328
PHENON WALKER
13880 EDGEWATER DRIVE
LAKEWOOD, OH  44107-1410

RE:    Borrower:            PHENON WALKER
       Property Address:    13880 EDGEWATER DRIVE
                            LAKEWOOD, OH  44107
       Tracking #:          219147
       Loan Number:         7435820477

Dear PHENON WALKER:

Thank you for contacting GMAC Mortgage, LLC regarding the insurance claim process. Since we realize that dealing with damage to your home can be very stressful, we will work hard to process your claim as quickly and efficiently as possible.

To assist in expediting the release of insurance funds for the repair of your home, we have enclosed the following documentation that you'll need to fill out and return to us as quickly as possible in order for us to process your claim. (Please refer to the enclosed Claim Procedures - What to Submit to GMAC Mortgage, LLC document for further details):

- Homeowner's Statement
- Affidavit of Bills Paid and Release of Liens by Contractor
- W-9 Form

Please note that checks will not be automatically endorsed if your loan is delinquent (please refer to the Claim Procedures - Frequently Asked Questions document for more information).

GMAC Mortgage, LLC appreciates having you as a customer and we value your business. If you have any questions or concerns, please feel free to contact us directly at 866-354-7281 between 7 AM - 10 PM (EST), Monday - Friday.

Sincerely,

Insurance Claims Center
Phone: 866-354-7281
Fax:    866-336-3811

Enclosures:    Claim Packet Cover Letter
               GMAC Claim Procedures
               Homeowner's Statement
               Affidavit of Bills Paid and Release of Liens by Contractor
               W-9 Form

*For your information, in compliance with the Security Instrument, GMAC Mortgage, LLC. is to be named on all insurance claim checks issued in conjunction with damage to the mortgaged premises. This procedure is designed to ensure that proper repairs are made to the property to restore it to the pre-damaged condition.*

Exhibit K-2

QBE Americas, Inc. (QBEAI)
P.O. Box 19702
Irvine, CA 92623-9702



**QBE**

August 6, 2014


Phenon Walker
PO Box 91470
Cleveland, OH  44101


RE: Insurance Company:  Meritplan Insurance Company
    Borrower:           Phenon Walker
    Insured Lender:     GMAC Mortgage, LLC
    Certificate No.:    GM7180824
    Claim No.:          L12046399
    Loss Type:          Water Damage
    Loss Cause:         Heating/Cooling System
    Date of Loss:       08/09/2012
    Claim Reported Date: 08/16/2012
    Loan No.:           7435820477
    Loss Location:      13880 Edgewater Drive
                        Lakewood, OH  44107

Dear Phenon Walker:

Copy of check

**The State of Ohio provides that we advise you of the following notice: Any person who, with
intent to defraud or knowing that he is facilitating a fraud against an insurer, submits an
application or files a claim containing a false or deceptive statement is guilty of insurance
fraud.**

Sincerely,

Randell C. Furrh
Claims Spec
QBE Americas, Inc.
Phone:  1.888.898.1546  Ext. 149110

Please be advised that QBE Americas, Inc. (QBEAI) is the designated third party administrator (TPA) for the
above listed insurance company, and QBEAI is handling the above captioned matter on its behalf.

Encl.:  Attachment

# HOMEOWNER'S STATEMENT

Homeowner:   PHENON WALKER

Property Address:   13880 EDGEWATER DRIVE
LAKEWOOD OH 44107

Account Number: 7435820477        Tracking Number: 219147        Date of Loss: 08/09/2012

I/we, the undersigned mortgagor(s), hereby state the damage to our property, located at the above address, has been or will be repaired in a good and workmanlike manner. The loss was as follows:

## (PLEASE COMPLETE THE FOLLOWING AND SIGN BELOW)

Type of Loss:_____Date of Loss:_____ Total Amount of Loss/Damages: _____

Actual/Estimated Repair Completion Date:_____

Amount Insurance Company Paid or Will Pay:_____ Amount of Insurance Deductible: _____

Amount of Recoverable OR Non-Recoverable Depreciation: _____

Name of Insurance Company:_____

Policy Number:_____ Claim Number:_____

Name of Insurance Adjuster:_____ Phone Number:_____

**Please identify current property condition:**

( ) All Walls Standing        ( ) Some Walls Standing        ( ) No Walls Standing

**Please select from the two repair options below:**
( )  I have done or will be doing the repairs myself -OR- I will be acting as my own GENERAL CONTRACTOR
   *(Account must be current to select the above option)*

( ) I have hired or will hire a GENERAL CONTRACTOR to do the repairs (only 1 contractor will be hired)

I/we, the undersigned mortgagor(s), do hereby acknowledge and agree that Ocwen Loan Servicing, LLC does not guarantee the quality of workmanship of any contractor or guarantee that the work will be accomplished within any specific time frame. The undersigned mortgagor(s) acknowledge and agree that **the contractor is hired by us, the mortgagor, and they work for us, the mortgagor**. The undersigned mortgagor(s) do further acknowledge and agree that, in reliance on the truthfulness and accuracy of the aforementioned assurances to Ocwen Loan Servicing, LLC by the undersigned mortgagors, Ocwen Loan Servicing, LLC has agreed to release insurance funds to the undersigned mortgagors in increments for the sole express purpose of completing repairs to the mortgaged property. The undersigned mortgagors promise and expressly warrant all repairs as set forth in the adjuster's report/contractor's estimate will be completed in a reasonable time and in a manner satisfactory to Ocwen Loan Servicing, LLC, and all contractor invoices for labor and materials will likewise be timely paid in full. The undersigned mortgagors agree and understand that we are personally liable for any debts, dues, fees, costs, liens, judgments, etc. ("claims"), which might be filed by any contractor or subcontractor whose legitimate work is not properly compensated, and that we will defend and indemnify Ocwen Loan Servicing, LLC against any and all loss or damages arising out of any such claims.

X_____        X_____
Mortgagor's (Borrower) Signature        Date        Mortgagor's (Borrower) Signature        Date

Home Phone: _____        Work Phone: _____        Fax Number: _____



219147 - HOST

Tracking No: 219147                                        Date of Loss: 08/29/2012

## Affidavit of Bills Paid and Release of Liens by Contractor
### *Conditional upon Final Payment*

The undersigned ("Contractor"), having furnished materials and/or performed labor in connection with the construction (the "Project") of certain improvements located at 13880 EDGEWATER DRIVE, LAKEWOOD, OH, 44107 In _____ County, (the "Property"), for and in consideration of the payment to the Contractor of the sum hereinafter specified, does hereby acknowledge and release as follows:

Upon receipt of the sum of _____Dollars ($_____), being full and final payment for all materials furnished and/or labor performed by Contractor for the Project (the "Work");

1. Contractor will waive and release any and all liens, rights and interests (whether choate or inchoate, and including, without limitation, all mechanics and materialmen's liens under the Constitution and statutes of the "Property" state) which are or may be owed, claimed or held by Contractor in and to the Property and the improvements constructed thereon by reason of the Work or otherwise, and Contractor will thereby RELEASE AND FOREVER DISCHARGE any and all claims, debts, demands or causes of action that Contractor has or may have as a result of the same including, without limitation, any liens of Contractor for the Work now or hereafter filed for record in said County.

2. Contractor represents, warrants and certifies that all bills owed by Contractor for materials furnished and labor performed in connection with the Work have been or will be fully paid and satisfied. If for any reason a lien or liens are filed for materials or labor against the Property by virtue of Contractor's participation in the Project by any person claiming by, through or under the Contractor, then Contractor will immediately obtain a settlement of such lien or liens and obtain and furnish to the owners of the Property a release thereof. Contractor shall indemnify such owners and their respective heirs, successors and assigns from any such bill or liens and from all costs and expenses, including attorney's fees, incurred in discharging any such bill or removing any such liens.

_____        _____        _____
Date                                                    Signature                                              Print your Name

_____        _____        _____
Your Title                                              Name of Company                                  Address of Company

_____        _____        _____
Telephone Number                                Fax Number                                          Federal Tax ID

### Please Complete Notarization of this document

Sworn to and subscribed before me this _____ day of _____, 20_____.

_____
Notary Signature

Notary Public in and for the State of_____

My Commission Expires:_____



219147 - BPAF

Exhibit L 3

Form **W-9**
(Rev. January 2011)
Department of the Treasury
Internal Revenue Service

# Request for Taxpayer
# Identification Number and Certification

**Give Form to the requester. Do not send to the IRS.**

Print or type
See Specific Instructions on page 2

Name (as shown on your income tax return)

Business name/disregarded entity name, if different from above

Check appropriate box for federal tax classification (required):
☐ Individual /sole proprietor    ☐ C Corporation    ☐ S Corporation    ☐ Partnership    ☐ Trust/estate    ☐ Exempt payee

☐ Limited liability company. Enter the tax classification (C=C corporation, S=S corporation, P=partnership) ⇨ ..............
☐ Other (see instructions) ⇨

Address (number, street, and apt. or suite no.)

City, state, and ZIP code

Requester's name and address (optional)

List account number(s) here (optional)

## Part I  Taxpayer Identification Number (TIN)

Enter your TIN in the appropriate box. The TIN provided must match the name given on the "Name" line to avoid backup withholding. For individuals, this is your social security number (SSN). However, for a resident alien, sole proprietor, or disregarded entity, see the Part I instructions on page 3. For other entities, it is your employer identification number (EIN). If you do not have a number, see 'How to get a TIN' on page 3.

**Note.** If the account is in more than one name, see the chart on page 4 for guidelines on whose number to enter.

Social security number

Employer identification number

## Part II  Certification

Under penalties of perjury, I certify that:

1.  The number shown on this form is my correct taxpayer identification number (or I am waiting for a number to be issued to me), and

2.  I am not subject to backup withholding because: (a) I am exempt from backup withholding, or (b) I have not been notified by the Internal Revenue Service (IRS) that I am subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the IRS has notified me that I am no longer subject to backup withholding, and

3.  I am a U.S. citizen or other U.S. person (defined below).

**Certification instructions.** You must cross out item 2 above if you have been notified by the IRS that you are currently subject to backup withholding because you have failed to report all interest and dividends on your tax return. For real estate transactions, item 2 does not apply. For mortgage interest paid, acquisition or abandonment of secured property, cancellation of debt, contributions to an individual retirement arrangement (IRA), and generally, payments other than interest and dividends, you are not required to sign the certification, but you must provide your correct TIN. See the instructions on page 4.

**Sign Here**

Signature of U.S. person

Date



219147 - W9

Cat. No. 10231X

Form **W-9** (Rev. 1-2011)



P.O. Box 19702
QBE FIRST    Irvine, CA 92623-9702

September 6, 2012

GMAC Mortgage, LLC
2711 North Haskell Road
Dallas, TX 75204



RE:  Borrower:              Phenon Walker
     Insured Lender:        GMAC Mortgage, LLC
     Certificate No.:       GM7124189
     Claim No.:             L12046416
     Loss Type:             Vandalism & Malicious Mischief
     Loss Cause:            Vandalism
     Date of Loss:          10/04/2011
     Claim Reported Date:   08/16/2012
     Loan No.:              7435820477
     Loss Location:         13680 Edgewater Drive
                            Lakewood, OH  44107

Dear GMAC Mortgage, LLC:

QBE FIRST, on behalf of Meritplan Insurance Company, is writing to provide you with a summary of the claim payment issued for your loss, which includes payment for theft/vandalism damage to the front water fountain. .

The check is in the amount of $1333.10 for the actual cash value of the repairs to your property, less your policy deductible.

Under the terms of your policy, some losses are settled based on actual cash value. Your claim is subject to this type of settlement. The actual cash value settlement is based on the replacement cost less depreciation. Depreciation is based on the age, use and condition of your property at the time of the loss. The Damage Evaluation section of this letter provides further explanation.

The actual cash value payment has been sent to GMAC Mortgage, LLC. You may reach them at 1.800.766.4622. A photocopy of our adjuster's estimate is enclosed for your records.

You may claim the refundable depreciation by sending us your contractor's final repair invoices. If a contractor was not used, please submit repair receipts showing your repair costs. You must submit your claim for refundable depreciation within reasonable amount of time after the actual cash value payment is made. If you have replaced or repaired the covered damage(s) for less than the Replacement Cost, we will base the payment on your actual repair cost.

Please review the Damage Evaluation below:

# GMAC Mortgage

P.O. Box 52052
Phoenix, AZ  85072-2052

October 29, 2012

PHENON WALKER
13880 EDGEWATER DRIVE
LAKEWOOD, OH  44107

RE:    Borrower:              PHENON WALKER
       Property Address:   13880 EDGEWATER DRIVE
                           LAKEWOOD, OH  44107
       Tracking #:           218146
       Loan Number:        7435820477

Dear PHENON WALKER:

In an effort to facilitate the repairs to your home we have performed an interim review of your claim file. We have determined that the following documentation/information is outstanding and needs to be submitted before we can process the initial draw.

- Homeowners Statement
- Work Contract
- W-9

If you have any questions or concerns, please feel free to contact us directly at 866-354-7281.

Sincerely,

Insurance Claims Center
Phone: 866-354-7281
Fax:    866-336-3811

Enclosures:  Return Envelope
             Homeowner's Statement
             W-9 Form

# *David Toguchi Landscape Architects*

23951 Lakeshore Blvd., 710-B, Euclid, OH 44123   Phone 216-731-7226   Fax 216-731-7257   toguchi@att.net
*www.LandscapeArchitect.biz*

March 24, 2013

Ms. Phenon Walker
13880 Edgewater Drive, Lakewood, OH 44107

**RE:** Fee Proposal for landscape architectural design services for the residence located at 13880 Edgewater Drive, Lakewood, OH. David Toguchi Landscape Architects is very pleased to submit this proposal for landscape architectural design services.

## PROPOSED SCOPE OF SERVICES:
- Redesign of the existing motor court at the front of the house which will include: renovation of the existing fountain, with a new fountain spray (by others) to replace the existing fountain ornaments. **(FOUNTAIN LOSS)**; new landscaping immediately adjacent to or within the motor court; new paving in the motor court; bench(s) in new small seating area in motor court.
- New paving to replace existing paving of front driveway plus possible new planting adjacent to new driveway.
- (3) Screening concepts along/near east property line *consisting of: (1) fence concept (located where existing trees allow room for fence)*; (1) planting screening concept; (1) combination planting and fence screening concept. All screening will be limited to the areas on top of the bluff and will not extend beyond the bluff down toward the lake. **(FENCING & SCREENING)**
- Fence (pre-manufactured) enclosing entire property including a gate (pre-manufactured) at the entrance to the driveway (if allowed by codes). Fence may tie into fence/screening along east side. **(FENCING & SCREENING)**
- Up to and including one meeting with the Owner/Owner's Representative on site. **(FOUNTAIN LOSS)**
- Up to and including one meeting with the Owner/Owner's Representative on site. **(FENCING & SCREENING)**
- (1) set of schematic drawings and (3) sets of final construction drawings including associated postage are included in the Proposed Scope of Services.

## Schematic Drawings:
- Schematic Plan showing the location, layout, size, materials of the above listed new improvements.
- Schematic storm drainage concept for the motor court and driveway area only.
- Simple elevation sketch of each fence noted above. **(FENCING & SCREENING)**
- Suggest paving material for the house entrance stoop.
- Schematic plan and a schematic section detail of the new fountain will be provided. **(FOUNTAIN LOSS)**
- Tree and large shrub varieties will be noted. Smaller shrubs and plants will be described in a general sense and exact varieties may not be identified during the Schematic Phase.

## Construction Drawings:
- Layout Plan showing the location, layout, size, materials and paving patterns of the above listed new improvements excluding the entrance stoop.
- Final construction drawings, details, materials, and specifications for the existing fountain basin, existing basin walls, and basin capstone. (Fountain mechanical, electrical, plumbing, and lighting shall be provided by others.) **(FOUNTAIN LOSS)**
- Cut sheets for pre-manufactured bench.
- (1) section or elevation detail of the new (pre-manufactured) fence and gate will be provided. **(FENCING & SCREENING)**
- (1) section or elevation detail of the new screening/fence. **(FENCING & SCREENING)**
- (1) section detail each of the driveway and motor court paving.
- Specifications for paving.
- Specifications for fences. *(FENCING & SCREENING)*
- Planting plan, plant varieties, planting details, plant list, planting specifications.

**SERVICES NOT INCLUDED IN THIS PROPOSAL (not necessarily limited to):**
- Arborist services and consulting
- Land, Topographical, Utilities, and Boundary Survey
- Architectural and engineering services
- Electrical engineering and lighting design services
- Any special consultants
- Investigation of subsurface soils and conditions
- Geotechnical services
- Stormwater Management
- Storm Water Pollution Prevention Plan
- Construction Drawings Phase Grading and Drainage Design
- Irrigation
- Permits, Governmental/Public Inspections, and approvals

**FEE PROPOSAL:**

David Toguchi Landscape Architects proposes to provide the above services listed under "Proposed Scope of Services" according to the following fee schedule:

**Fee Allocation:**

**Schematic Design and Construction Drawings**                      **$3,100.00**
    ( $800 Fountain) (FOUNTAIN LOSS)
    ( $900 Motor Court & Driveway Area)
    ( $1,400 Perimeter Fencing & Screening) (FENCING & SCREENING)
                            *Plus*
Construction Observation Phase
    Fountain (if authorized by the Owner)
        Estimate 2 visits @ $120/visit = $240 (FOUNTAIN LOSS)
    Motor Court & Driveway Area (if authorized by the Owner)
        Estimate 3 visits @ $120/visit = $360
    Perimeter Fencing & Screening (if authorized by the Owner)
        Estimate 3 visits @ $120/visit = $360 (FENCING & SCREENING)

Additional Construction Observation visits over the above estimated number of visits (if authorized by the Owner) will be charged at a rate of $120/visit.

Reimbursable business milage and a portion of travel will be charged at a rate of $25 per visit to site, and will take effect March 24, 2013. This charge shall be added on to all visits to the site with the exception, this charge will not be added onto the above stated Construction Observation Phase per visit fees.

Reimbursable Expense: Printing, postage, and handling of drawings and specifications for bidding, permit and construction, over and above the number of drawing sets included in the Proposed Scope of Services. Additional drawings shall be charged at a rate of $2 per drawing. Additonal postage and delivery charges shall be charged at cost.

A deposit check of $1000.00 is due prior to the startup of design services. Remaining balance of the fee shall be billed monthly for progress payment based upon percentage of work complete. Accounts are payable upon submittal of monthly invoice.

Significant changes in scope as described above, additional services, or requested changes by the Owner/Owner's Representative to the drawings after the drawings have been accepted by the Owner/Owner's Representative shall be considered as just cause for an increase in fee.

Significant changes in scope as described above or additional services required to meet the codes or requirements of any governing body having jurisdiction, shall be considered as just cause for an increase in fee.

David Toguchi Landscape Architects  03-24-13

Additional Services: The Landscape Architect shall provide additional services when authorized, at an hourly rate of $90.00/hour.

*The Landscape Architect and Landscape Architect's consultants shall have no responsibility for the discovery, presence,* handling, removal, or disposal of or exposure of persons to hazardous materials or toxic substances in any form at the Project site.

The Owner/Owner's Representative shall provide accurately scaled house floor plans and elevations.

A topographical and boundary survey in electronic (CAD) format showing the existing conditions and elevations of the entire project area, including building(s) footprint(s), shall be supplied by the Owner/Owner's Representative for use as a base map for the production of the Landscape Architect's work.

The Landscape Architect shall be entitled to rely on the accuracy and completeness of services and information furnished by the Owner, Owner's other consultants, and the Owner's Representative.

Drawings, specifications and other documents, including those in electronic form, prepared by the Landscape Architect and the Landscape Architect's consultants are Instruments of Service for use solely with respect to this Project, unless otherwise authorized in writing by the Landscape Architect. The Landscape Architect and the Landscape Architect's consultants shall be deemed the author and owner of their respective Instruments of Service and shall retain all common law, statutory and other reserved rights, including copyrights.
The Owner/Owner's Representative agrees that any unauthorized use of documents is at the Owner's/Owner's Representative's sole risk. Owner/Owner's Representative agrees to hold the Landscape Architect and the Landscape Architect's consultants harmless for damages sustained for unauthorized use of documents.
Upon execution of this Agreement, the Landscape Architect and the Landscape Architect's consultants grant to the Owner/Owner's Representative a nonexclusive license to reproduce the Landscape Architect's and the Landscape Architect's consultants' Instruments of Service solely for purposes of constructing, using and maintaining this Project, providing that the Owner/Owner's Representative shall comply with all obligations, including prompt payment of all sums when due, under this agreement.
The Owner/Owner's Representative may use the final schematic drawings and the final construction drawings produced by the Landscape Architect as an aid in estimating general construction costs for the proposed site improvements noted in the above Proposed Scope of Services.

Construction Observation Phase Services:
(A)     With authorization by the Owner/Owner's Representative to commence Construction Observation Phase Services, the Landscape Architect shall visit the site at intervals appropriate to the stage of the Contractor's operations, (1) to become generally familiar with and to keep the Owner/Owner's Representative informed about the progress and quality of the portion of the Work completed, (2) to endeavor to guard the Owner/Owner's Representative against defects and deficiencies in the Work, and (3) to determine in general if the Work is being performed in a manner indicating that the Work, when fully completed, will be in accordance with the Construction Documents. However, the Landscape Architect shall not be required to make exhaustive or continuous on-site inspections to check the quality or quantity of the Work. The Landscape Architect shall neither have control over or charge of, nor be responsible for, the construction means, methods, techniques, sequences or procedures, or for safety precautions and programs in connection with the Work, since these are solely the Contractor's rights and responsibilities.
(B)     The Landscape Architect shall report to the Owner/Owner's Representative known deviations from the Construction Documents and from the most recent construction schedule submitted by the Contractor. However, the Landscape Architect shall not be responsible for the Contractor's failure to perform the Work in accordance with the requirements of the Construction Documents. The Landscape Architect shall be responsible for the Landscape Architect's negligent acts or omissions, but shall not have control over or charge of and shall not be responsible for acts or omissions of the Contractor, Subcontractors, or their agents or employees, or of any other persons or entities performing portions of the construction work.

David Toguchi Landscape Architects  03-24-13                                    Page 3 of 4

Exhibit N 4

This Agreement may be terminated upon 5 working day's written notice, by one party to the other, if the other party substantially fails to perform its obligations to the terminating party under this Agreement, through no fault of the terminating party.

If terminated, the Owner/Owner's Representative agrees to pay the Landscape Architect for all Services rendered, authorized Additional Services rendered and Reimbursable Expenses incurred up to the date of termination.

This Agreement shall be governed by the laws of the State of the Landscape Architect's office address noted on page one.

This proposal is voided unless signed by both parties within 45 days.

I look forward to the opportunity to work with you on this very special project. If you have any questions or comments on this proposal please do not hesitate to call. I would be more than happy to review this proposal with you. Thank you for considering my professional landscape architectural design services.
To serve as our agreement please sign and return (3) copies of this letter. This Agreement is effective as of the date first above written.

Sincerely,

David Toguchi, ASLA
**David Toguchi Landscape Architects**

_____      **Date**
**Authorized Signature**
**Owner/Owner's Representative**

_____
**Printed Name and Title**

David Toguchi Landscape Architects  03-24-13

# CALVIN SINGLETON & ASSOCIATES
## Architects  °  Planners

## PROPOSAL/AGREEMENT

**To:**   Whole Sailing, LLC
       13880 Edgewater Drive
       Lakewood, OH  44107

September 27, 2012
CSA Proj. No.

**Re:**   Professional Architectural services for QBE – Gate & Associated Fence & Garage Repairs & Improvements at 13880 Edgewater Dr. – Lakewood, Ohio 44107

**Attn:**  Ms. Phenon Walker

Pursuant to our September 19, 2012 meeting and field review walk-through, the firm of Calvin Singleton & Associates (CSA) is more than pleased to submit this proposal for professional services for the above referenced project. Said Basic Services shall be provided as follows:

**SCOPE OF WORK:**
CSA's scope of services shall be defined as providing the necessary design services as required for Gate, Fence & Garage Repairs and Modifications. Said scope of Basic Services shall be further described as follows:

### QBE – GATE & ASSOCIATED FENCE & GARAGE REPAIRS & IMPROVEMENTS:
A.  Review, verification, field measure, & documentation of existing site conditions & data
B.  Zoning code review & analysis including site analysis and design plan for conformance with local zoning ordinances for setback requirements
C.  Design studies for wind damaged fence, gate & garage repairs (minimum 2 options)
D.  Review & coordination of fence & gate options with landscape architect
E.  Attend City review/presentation meetings as required (maximum of 2)
F.  Construction documentation & specification including the following work –
   1.  Provide necessary demolition plans for fence, gate & garage repairs
   2.  Fence, gate & garage details from the selected design plan option(s)
G.  Contractor Bid Assistance
H.  Periodic site review during construction
I.  Final project closeout & punch-listing

**COMPENSATION:**
Compensation shall be based on the following:
   Phase I – Gate, Fence & Garage Repairs/Improvements – Flat fee of Five Hundred & Fifty Dollars ($550.00)

   Reimbursable Expenses: Shall be billed on the basis of a multiple of One Point Zero Five (1.05) times the expenses incurred by CSA, its employees and consultants in the interest of the Project. Said reimbursable expenses shall include, but not be limited to, plan review meetings & fees, printing & reproduction costs, models & renderings, & postage & handling.

wd/hd
09/12
13426 Cedar Road - Cleveland Hts., OH  44118
(216) 321-9953 (ph)(fax); csa101@att.net (e-mail)
P/A #872a
Page 1 of 2

Additional Services shall be provided per written request and shall be billed based on an average hourly rate of Eighty-five Dollars ($85.00/hr).

## TERMS & CONDITIONS:

CSA shall commence said services upon the execution of this Proposal/Agreement and shall complete services for direct CSA work within three (3) weeks (barring any unforeseen delays or mishaps and allowing for periodic owner/City reviews).    An expedited schedule may be implemented if so desired, for which CSA's fee would be modified to accommodate said schedule.

Payment to CSA shall be based on the previously referenced flat fee for Basic Services and payable as follows:

| Fee | Fee %'age | |
|---|---|---|
| $  250.00 | 45.45 % | Project Retainer |
| $  300.00 | 54.55 % | Completion of construction documents plan review/approval |
| $  550.00 | 100.00% | Total |

All fees, as herein stated, shall remain in effect for a period not to exceed 90 days. Thereafter, all stated amounts are subject to change as required.

Payment to CSA shall be due and made payable within fifteen (15) days from receipt of invoicing and approval of work completed to the date of invoicing. Provided CSA is not in default under any of the terms and conditions of this Proposal/Agreement, CSA shall be paid in full for the amount invoiced. Any amounts outstanding after the due date is subject to an interest fee of 1.2% per month or fraction thereof.

The obligation to provide further services under this Agreement may be terminated by either party upon fourteen (14) days' written notice in the event of substantial failure by the other party to perform in accordance with the terms hereof, through no fault of the terminating party or for circumstances beyond the control of either party, or by mutual agreement.  In the event of any termination, both Ms. Phenon Walker and CSA shall come to terms of all settlement and/or termination expenses incurred by the terminating party and compensation due for all services rendered by CSA to the date of termination.

Any dispute between the parties to this Agreement which involves interpretation of the terms of this Agreement shall be submitted to arbitration under the Rules of the American Arbitration Association, and the award rendered by the Arbitrator(s) shall be final and judgment may be entered upon it in any court having jurisdiction thereof.

Ms. Phenon Walker and CSA mutually agree that this AGREEMENT represents the entire agreement and may only be altered, amended or repealed by duly executed written instrument. In witness whereof the parties hereto have entered into this AGREEMENT this_____day of _____, 2012 at Cleveland, Ohio.

By:_____     By:_____
    Ms. Phenon Walker                                           Calvin Singleton & Associates



L. V. Surveying, Inc.   Certified Female Business Enterprise

15145 Lorain Avenue • Cleveland, Ohio 44111 • Ph: 216.251.6972 • Fax: 216.251.7685

Edgewater Trust
Ph. 216-854-5283
Fax 216-221-8122
Email: edgewatertrust@yahoo.com                    October 1, 2012

# PROPOSAL

# 13880 Edgewater Drive
## Lakewood, Ohio

## Scope Of Services:

1. Perform Boundary Survey on three lots: PPN's 312-05-003, 312-05-041, and 312-05-042.
2. Prepare Map per State Minimum Requirements

# TOTAL COST:  $1,750.00

*Any restaking will be charged at a rate of $135.00 per hour.*
*Professional Surveyor services will be charged at a rate of $80.00 per hour, if needed.*

*L.V. Surveying, Inc. is a certified FBE/DBE CSB with:*
*City of Cleveland, CMHA, Cuyahoga County, EDGE, NEORSD, ODOT, GCRTA*

**We thank you for the opportunity to provide a quote on this project. Please call with any questions you may have. We look forward to working with you in the near future.**

# J.A.R. ENGINEERING & SURVEYING, INC.

24629 Detroit Avenue
Westlake, Ohio 44145
440-871-8345
440-871-6175 FAX
August 3, 2012                                      PAGE 1of 1

**ATTN:**    Phenom Walker

**COMPANY NAME**
**ADDRESS**    13880 Edgewater Drive
**ADDRESS**
**CITY, STATE ZIP**    Lakewood, Ohio 44107

e-mail: edgewatertrust@yahoo.com
Phone: 216-854-5263

**RE:**    Proposal for Surveying  Services
P.P.N. 312-05-003

## DESCRIPTION OF WORK AND BASIS OF CHARGES

Record research & calculations                                      $   600.00
Field Boundary survey of all 3 parcels including finding or setting pins near the shore;  $ 2,600.00
Prepare a map of the survey                                          $   400.00
Prepare an assembly plat and a combined legal description:           $   350.00

**The fee for all of the above is  $ 3,950.00**

Changes in scope will automatically make this contract into an hourly billed contract.  The above quoted price
and deadlines will not be honored if scope changes.  **Adequate notice must be given before deadlines to schedule
and perform this scope of work.**

Note: The above includes finding or setting iron pins at all property corners and setting or finding stakes at intermediate
points along the property lines as requested.

The project will be completed within 21 days of receipt of this returned signed form.

*All meetings (BZA, Planning, Council, **Teleconferencing**, site, etc...) are at the below rates:*
Any additional work will be invoiced at J.A.R. Engineering & Surveying, inc. hourly rates.

| | |
|---|---|
| TWO (2) MAN SURVEY CREW: | PER HOUR |
| PRINCIPAL: | PER HOUR |
| DRAFTSMAN: | PER HOUR |

**NO WORK TO PROCEED UNTIL SIGNED WORK AUTHORIZATION IS RETURNED BY THE OWNER.**
Invoices are due and payable within thirty(30) days after presentation.  Cancellation of this contract warrants billing of services
completed to date.  Balances past due shall incur finance charges at the rate of 2% per month and are subject to collection at the
owners expense.  Prices quoted hereon are subject to change if contract is not executed within thirty(30) days of the date of this
proposal.  An authorized signature below of both parties to this contract represents an agreement and understanding of the above
prices, specifications, and conditions.  Change of original scope described above warrants additional fees based on the above
hourly rates.  This contract is permission to enter upon subject property for the purposes of performing the above services.  The
signee accepts full responsibility and liability for delays and costs associated with being removed from the property.

By _____                   *James A. Rosan D.E.R.S.  August 3, 2012*
Authorized Signature                    Date              J.A.R. Engineering & Surveying, Inc.              Date

# The Western Reserve Surveying Co.

4705 STATE ROAD
CLEVELAND, OHIO 44109
PHONE: 216 / 741-0110   741-3243
FAX: 216 / 741-3926


July 30, 2012

Ms. Phenon Walker
13880 Edgewater Drive
Lakewood, Ohio 44107

Re:    P.P. No. 312-05-003, 041 & 042
       Lakewood, Ohio

Dear Ms. Walker:

This letter is to serve as a proposal for Professional Surveying
services on the above referenced property.

The Western Reserve Surveying Company will prepare a Boundary
Survey of the above noted parcel, setting or locating all
property corners, locate any existing fences, set points on lines
for construction on new fences, set points on bottom of bank as
existing conditions allow, note any encroachments and prepare a
Map of Survey for a cost of $2,300.00.

Thank you for the opportunity to submit this proposal.


Very truly yours,

WESTERN RESERVE SURVEYING COMPANY


RICHARD F. HANTEL

RFH/mmd


DIVISION OF WESTERN RESERVE PROFESSIONALS, INC.



QBE FIRST    P.O. Box 19702
Irvine, CA 92623-9702

August 30, 2012

GMAC Mortgage, LLC
2505 W. Chandler Blvd
Chandler, AZ 85224



RE: Borrower:                Phenon Walker
    Insured Lender:          GMAC Mortgage, LLC
    Certificate No.:         GM7124169
    Claim No.:               L12046410
    Loss Type:               Wind
    Loss Cause:              Wind
    Date of Loss:            08/24/2011
    Claim Reported Date:     08/16/2012
    Loan No.:                7435820477
    Loss Location:           13880 Edgewater Drive
                             Lakewood, OH  44107

Dear GMAC Mortgage, LLC:

QBE FIRST, on behalf of Meritplan Insurance Company, is writing about your claim.  After investigating your claim, we have found that the policy does not cover part of your claim.  Below is a summary of the facts and of our position.

## FACTS

The subject property is a single-family dwelling property located at 13880 Edgewater Drive, Lakewood, OH, 44107. With receipt of the claim, a field adjuster with Cunningham Lindsey was assigned to complete the inspection at the property. The inspection was completed on August 22, 2012 where the field adjuster noted damages to the attached garage roof, interior damages to the garage ceiling from water intrusion and chain link fencing unit.

## PERTINENT POLICY PROVISIONS

Meritplan Insurance Company issued master policy number 60430002 to your Lender.  Under this master policy, your Lender requested insurance coverage on the subject property, effective for the policy period of 12/26/2010 to 12/26/2011.  The policy provides coverage for damage to structures on the property. Coverage for the subject property was issued in the amount of $815,100.00 and was subject to a $1,000.00 deductible Form number 04A09-MFPL0003-E0504 contains these relevant provisions:



**GMAC Mortgage**

P.O. Box 52052
Phoenix, AZ 85072

October 26, 2012

PHENON WALKER
13880 EDGEWATER DRIVE
LAKEWOOD OH 44107

RE:    Borrower:           PHENON WALKER
       Property Address:   13880 EDGEWATER DRIVE
                           LAKEWOOD OH 44107
       Tracking No:        217513
       Loan Number:        7435820477

Dear PHENON WALKER:

In an effort to facilitate the repairs to your home we have performed an interim review of your claim file. We have determined that the following documentation/information is outstanding and needs to be submitted before we can process a draw.

•       Work Contract

**Please note:** Property inspections are required in order to confirm status of repairs to support the disbursement of insurance proceeds. Please contact us at (866) 354-7281 when repairs are 40 percent or greater complete so that we may proceed with an inspection. Please allow 3 business days for the inspector to contact you to make appointment and allow another 5 – 7 business days after the inspection for the results to be submitted and review.

If you have any questions or concerns, please feel free to contact us directly at (866) 354-7281.

Sincerely,

John Scott
Insurance Claims Center

Phone: (866) 354-7281
Fax:    (866) 336-3811

*GAS LINE.*



**QBE FIRST**   P.O. Box 19702
Irvine, CA 92623-9702

September 14, 2012

GMAC Mortgage, LLC
2711 North Haskell Road Suite 900
Dallas, TX 75204



RE: Borrower:              Phenon Walker
    Insured Lender:        GMAC Mortgage, LLC
    Certificate No.:       GM7180824
    Claim No.:             L12051660
    Loss Type:             Vandalism & Malicious Mischief
    Loss Cause:            Vandalism
    Date of Loss:          06/13/2012
    Claim Reported Date:   09/13/2012
    Loan No.:              7435820477
    Loss Location:         13880 Edgewater Drive
                           Lakewood, OH 44107

Dear GMAC Mortgage, LLC:

QBE FIRST, on behalf of Meritplan Insurance Company, acknowledges receipt of your claim on 09/13/2012 as referenced above. Your claim is being assigned to a claims representative who will contact you shortly. Please note your claim number for future use.

A field adjuster may need to complete an inspection of the property. If so, the field adjuster's office will contact you to arrange the inspection.

Please provide any Police or Fire Reports, or any receipts for your expenses to protect the property from further damages. These documents will help us complete the claims process.

Our records indicate that the above-referenced property is insured as follows:

Policy Period Dates:       12/26/2011 - 12/26/2012
Policy Limits:             $815,100.00

Please note that the Certificate of Insurance contains coverage for the dwelling, but it does not contain coverage for personal property, additional living expenses or personal liability.

Upon request, you may obtain copies of claim-related documents, which are documents that relate to the evaluation of damages.

To protect your privacy and security, please remove or "black out" sensitive information on any document you submit. Our policy is to protect all personal information submitted.

We appreciate this opportunity to be of service. If you should have any questions, please contact us.

# **GMAC** Mortgage
P.O. Box 52052
Phoenix, AZ 85072-2052

October 16, 2012

8-47
PHENON WALKER
13880 EDGEWATER DRIVE
LAKEWOOD, OH 44107-1410

RE:    Borrower:              PHENON WALKER
       Property Address:   13880 EDGEWATER DRIVE
                           LAKEWOOD, OH 44107
       Tracking #:           223020
       Loan Number:        7435820477

Dear PHENON WALKER:

Thank you for contacting GMAC Mortgage, LLC regarding the insurance claim process. Since we realize that dealing with damage to your home can be very stressful, we will work hard to process your claim as quickly and efficiently as possible.

To assist in expediting the release of insurance funds for the repair of your home, we have enclosed the following documentation that you'll need to fill out and return to us as quickly as possible in order for us to process your claim. (Please refer to the enclosed Claim Procedures - What to Submit to GMAC Mortgage, LLC document for further details):

- Homeowner's Statement
- Affidavit of Bills Paid and Release of Liens by Contractor
- W-9 Form

Please note that checks will not be automatically endorsed if your loan is delinquent (please refer to the Claim Procedures - Frequently Asked Questions document for more information).

GMAC Mortgage, LLC appreciates having you as a customer and we value your business. If you have any questions or concerns, please feel free to contact us directly at 866-354-7281 between 7 AM - 10 PM (EST), Monday - Friday.

Sincerely,

Insurance Claims Center
Phone: 866-354-7281
Fax:    866-335-3811

Enclosures:  GMAC Claim Procedures
             Homeowner's Statement
             Affidavit of Bills Paid and Release of Liens by Contractor
             W-9 Form

*For your information, in compliance with the Security Instrument, GMAC Mortgage, LLC, is to be named on all insurance claim checks issued in conjunction with damage to the mortgaged premises. This procedure is designed to ensure that proper repairs are made to the property to restore it to the pre-damaged condition.*



**DAVEY**
**RESOURCE GROUP**
*A Division of The Davey Tree Expert Company*

August 14, 2012

Corporate Headquarters

1500 North Mantua Street

P.O. Box 5193

Kent, Ohio 44240-5193

330.673.5685

Toll Free 1.800.828.8312

Fax 330.673.0860

Phenon Walker
13880 Edgewater Drive
Lakewood, Ohio 44107

RE:    *Tree Damage Investigation and Appraisal*

Dear Ms. Walker:

On July 30, 2012, you requested that an arborist visit your property located at 13880 Edgewater Drive, Lakewood, Ohio, to investigate the damage incurred to some of the landscape trees along your eastern shared property boundary. I visited the site on August 7, 2012 to observe and evaluate the subject trees, the apparent damage, and to document their current condition and landscape value.

**BACKGROUND**

A portion of the property's backyard along the eastern edge has several landscape trees growing in an informal planting area adjacent to several neighboring landowners from Kirtland Lane (see Map #1). According to you, damage was noticed to multiple trees during the spring of 2011. You contacted me to characterize the extent of damage and to document appraisal value of the trees that were removed.

**OBSERVATIONS**

During my site visit, I observed a naturalized vegetated buffer along the eastern property boundary in the backyard of 13880 Edgewater Drive where you pointed out several instances of pruning, cutting, and dumping near the fence. The subject area consists of a mix of herbaceous plants, ground cover, several species of mature shrubs, and several species of mature trees (Photograph 1). The majority of the subject area was covered in English ivy (*Hedera helix*), a non-native ground cover (Photograph 2). Shrubs included flowering dogwood (*Cornus florida*), honeysuckle (*Lonicera* spp.), and Canada yew (*Taxus canadensis*). The trees growing within the subject area included boxelder (*Acer negundo*), pignut hickory (*Carya glabra*), American beech (*Fagus grandifolia*), white ash (*Fraxinus americana*), green ash (*Fraxinus pennsylvanica*), and red oak (*Quercus rubra*) (Photograph 3).

No evidence of a property survey was in place during the time of my visit. Property boundaries were only visually estimated using the presence of privacy fencing apparently associated with the properties along Kirtland Lane and marking the approximate boundaries of those properties' respective backyards (Photograph 4). Overhead utility lines were present and running north-south along the backyards of the Kirtland Lane properties. The entire subject area is further described in this report into sub-areas that correspond with the adjacent neighbors' shared boundary and is roughly illustrated on Map #2. Area 1 is associated with neighboring property 1056 Kirtland Lane (parcel ID 312-05-029). Area #2 is associated with 1064 Kirtland Lane (parcel ID 312-05-028).

Phenon Walker
August 14, 2012
Page 2.

Past pruning and cutting activity was observed on some of the groundcover, shrubs, and trees in the subject area. In most cases the pruning activity occurred within close proximity to the fence line. Many of the subject plants are growing so close to the fence line that, in some cases, the fence is diverted around the vegetation (Photograph 5).

In four instances, entire tree trunks and/or shrubs have been removed from the subject area. The pruning and cutting activity did not appear recent (within the last few months). Dumping of the pruned branches and cut stems and evidence of debris piles were observed (Photograph 6). Additional piles of yard debris were observed along the fence line consisting of mulched leaves and grass clippings (Photograph 7).

I located and identified the four subject plants that had been extensively or entirely damaged. Those subject trees include three boxelder and one Canada yew. Subject Tree A is a 12-inch diameter boxelder with 2 trunks, one of which was cut completely off (Photograph 8). Subject Tree B is an approximately 4-inch diameter tree that was cut with only the stump remaining (Photograph 9). Subject Tree C is a multi-stemmed Canada yew that was completely cut with only the stumps remaining (Photograph 10). Subject Tree D is a multi-stemmed boxelder in which three of the four stems were completely cut (Photograph 11). The species, size, and condition of each subject tree is documented in the enclosed Tree Appraisal Form.

## CONCLUSIONS

The adjacent overhead utility lines possibly suggest that the local utility company could have performed this pruning activity to keep the utility lines clear, but the work seems generally inconsistent with the vegetation management standards of professional utility line clearance work because large, above-ground portions of stumps were left in place, the debris was left behind, and all of the subject trees were not pruned properly or uniformly along the utility corridor. Finally, it is unlikely that the subject trees that were pruned and/or cut would have interfered with the nearby utility lines.

It appears that the groundcover, shrubs, and trees were purposefully pruned and/or cut in attempt to keep the property lines clear of vegetation growing into and/or over the fence. In some instances, branches were pruned just behind the fence line and likely performed with some sort of common pruning hand tool. Most of the pruning activity observed could have been performed from the Kirtland Lane properties, over the fence. At the time of my visit, the English ivy has overgrown and covered some of the debris pile and stumps. The pruning cuts appeared not to be recent. Based on my observations and discussions with you, I estimate that the damage occurred during 2010 and 2011.

In the case of complete removal of stems, this work was likely performed using a chainsaw and would have required entering the subject property to perform the work safely. All of the subject plants that were affected by the complete removal of stems (Subject Trees A, B, C, and D) occurred in Area 1. The evidence of cut stems and debris from the pruning activity remains piled up on the subject property.

Light pruning activity also occurred within Area 2, resulting in some lower branches from trees and shrubs along the fence line being cut (Photograph 12). This pruning activity is unlikely to negatively affect plant health or plant value. Debris from this activity also remains on the subject property.

## APPRAISAL VALUE

A landscape tree appraisal was performed for the trees that were completely cut or had stems completely cut. The methods for appraising landscape plants are defined in the *Guide for Plant Appraisal* (9th edition), published by the International Society of Arboriculture, and in the *Guide to Appraisal of Trees and Other Plants in Ohio* (7th edition), published by the Ohio Chapter of the International Society of Arboriculture. My appraisal and the accompanying worksheet are based on the Trunk Formula Method and the Replacement Cost Method described in these guides. The Trunk Formula Method was used for trees greater than 8 inches diameter-at-breast height (DBH). The Replacement Cost Method was used for trees less than 8 inches DBH.

Phenon Walker
August 14, 2012
Page 3.

Several variables are considered when calculating the value of a landscape tree, including the species of the tree, its size (DBH), the condition of the tree, and the location of the tree. Condition and location ratings were determined by taking into consideration several characteristics and forming a percentage.

The Landscape Tree Appraisal Form also lists a numeric value for location rating (70%). This reflects the aesthetic and functional benefits that trees provide to the surrounding property. Those benefits included, but are not limited to: privacy, screening undesirable views, definition of backyard space, noise attenuation, shade, and attraction of wildlife.

Table 1 on the enclosed Landscape Tree Appraisal Form lists a numeric value for the condition of each tree prior to the damage. The condition rating of the subject trees was estimated to be good condition (80%). Table 2 on the enclosed Landscape Tree Appraisal Form lists a condition value after the damage. Based on the resulting effect on condition of the subject trees, a loss of landscape plant value was determined.

Based on my observations and measurements in the field, I estimate that the loss of value of the four subject trees to be approximately $1,230. See the Landscape Tree Appraisal Form for individual tree values and calculations.

If you have any questions regarding this report, or if I can provide any additional information, please contact me at 330-673-5685, extension 8024.

Respectfully Submitted,


Joseph Gregory
Urban Forester
Certified Arborist #OH 1420AM

# Knowles
## Municipal Forestry

**Jason Knowles**
*Consulting Forester*

February 4, 2013

Phenon Walker
13880 Edgewater Dr
Lakewood, OH 44107



Dear Ms. Walker,

Please accept this report as my appraisal of the tree and shrub damage on your property. I certify that all the statements of fact in this appraisal are true, complete, and correct to the best of my knowledge and belief, and that they are made in good faith.

The **Cost of Cure Method** was used for this appraisal as illustrated in the *Guide for Plant Appraisal, Ninth Edition, 2000* (International Society of Arboriculture). This method was chosen as an appropriate appraisal method for this circumstance. The following observations were made during my inspection and used in part to determine the appraised values:

- The appraised damage to your property was reportedly caused by activities conducted by the adjacent property owner at 1064 Kirtland Dr, Lakewood, Ohio.
- The removal of vegetation was excessive and extended well beyond the property line.
- The brush left from this careless removal of vegetation was left onsite.
- Vegetation that was not completely destroyed was pruned improperly and will need restoration pruning.
- The damaged and destroyed vegetation on your property provided privacy and aesthetically pleasing views.
- The cost of cure appraisal includes:
  - Debris removal                                              $225
  - Plant restoration cost for damaged trees and shrubs        $225

**My total appraisal value is $450.00**

Any and all supporting documentation may be made available upon request. If you have any question, comments, or require additional information, please do not hesitate to call me.

Sincerely,

Jason Knowles
Consulting Arborist
ISA Certified Arborist/
Municipal Specialist
#PD-0438AM

Exhibit Q-5

## Inspection Documentation



1. Improperly pruned tree and debris

2. Improperly pruned shrubs



## Inspection Documentation

1. Area of Concern (marked in Orange)



1293 Gale Drive, Kent, Ohio 44240 | Phone **330.554.3387**