MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards

*Counsel for The ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| —————————————————— | ) | |
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| ------------------------------------------------------------------------ | ) | |

**RESCAP LIQUIDATING TRUST'S MOTION FOR PARTIAL RECONSIDERATION
OF THE COURT'S MEMORANDUM OPINION AND ORDER SUSTAINING IN PART
AND OVERRULING IN PART THE RESCAP LIQUIDATING TRUST'S OBJECTION
<u>TO PROOFS OF CLAIM FILED BY DUNCAN K. ROBERTSON</u>**

# TABLE OF CONTENTS

**Page**

I.      PRELIMINARY STATEMENT ........................................................................................1

II.     BACKGROUND ........................................................................................................4

III.    RELIEF REQUESTED ................................................................................................5

IV.     BASIS FOR RELIEF REQUESTED ...............................................................................6

        A.      Robertson's Surviving Fraud Claims .................................................................6

                1.      Robertson Lacked Standing to Bring the Fraud Claims Against the
                        Debtor Defendants and Therefore Such Claims Must Be Dismissed........7

                2.      Robertson Did Not Establish Each of the Essential Elements of His
                        Fraud Claims Against RFREH and ETS ...................................................10

        B.      Robertson's Surviving WCPA Claims ...............................................................12

                1.      Robertson Lacked Standing to Bring the WCPA Claims Against
                        the Debtor Defendants and Therefore Such Claims Must Be
                        Dismissed ........................................................................................12

                2.      The Presumption Under <u>Bain</u> Regarding an "Unfair or Deceptive
                        Act or Practice" Does Not Apply ...........................................................12

                3.      Robertson's WCPA Claims Fail Because He Has Not Alleged
                        Facts Sufficient to Establish Causation ...................................................14

V.      CONCLUSION ........................................................................................................16

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Allen v. Wright,
  468 U.S. 737 (1984) ..................................................................................................... 2, 9

Bain v. Metro. Mortg. Grp., Inc.,
  285 P.3d 34 (Wash. 2012) ...................................................................................... 3, 12, 13

Bateman v. Countrywide Home Loans,
  No. 12-00033-SOM/BMK, 2012 U.S. Dist. LEXIS 162703 (D. Haw. Nov. 14, 2012)........... 8

Borowski v BNC Mortg. Inc.,
  No. C12-5867(RJB), 2013 U.S. Dist. LEXIS 122104 (W.D. Wash. Aug. 27, 2013) ............. 14

Bridge v. Aames Capital Corp.,
  No. 1:09-cv-2947, 2010 U.S. Dist. LEXIS 103154 (N.D. Ohio Sept. 29, 2010) ..................... 8

Brodie v. Nw. Tr. Servcs., Inc.,
  No. 12-CV-0469 TOR, 2012 U.S. Dist. LEXIS 176193
  (E.D. Wash. Dec. 12, 2012) ...................................................................................... 2, 7, 8, 12

Cagle v. Abacus Mortg., Inc.,
  No. 2:13-cv-02157-RSM, 2014 U.S. Dist. LEXIS 124425 (W.D. Wash. Sept. 5, 2014) ......... 8

Grove v. Mead Sch. Dist. No. 354,
  753 F.2d 1528 (9th Cir. 1985) .................................................................................................. 9

Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.,
  719 P.2d 531 (Wash. 1986) .............................................................................................. 3, 13

Henderson v. Metro. Bank & Trust Co.,
  502 F. Supp. 2d 372 (S.D.N.Y. 2007) ..................................................................................... 6

High Tide Seafoods v. Wash.,
  725 P.2d 411 (Wash. 1986) ..................................................................................................... 9

Hollingsworth v. Perry,
  133 S. Ct. 2652 (2013) ......................................................................................................... 7, 9

In re Interbank Funding Corp.,
  No. 02-41590 (BRL), 2007 WL 2080512 (Bankr. S.D.N.Y. July 19, 2007) ........................... 6

Indoor Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc.,
  170 P.3d 10 (2007) ................................................................................................................ 14

ii

Javaheri v. JPMorgan Chase Bank N.A.,
    No. 2:10-cv-08185 ODW (FFMx), 2012 U.S. Dist. LEXIS 114510 (C.D. Cal. Aug. 3,
    2012), aff'd, 561 Fed. Appx. 611 (9th Cir. 2014) ...................................................................8

Kolel Beth Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Trust,
    729 F.3d 99 (2d Cir. 2013) ...........................................................................................6

Krusee v. Bank of Am., N.A.,
    No. C13-824-RSM, 2013 U.S. Dist. LEXIS 107701 (W.D. Wash. July 30, 2013) ...............15

Peterson v. Citibank, N.A.,
    No. 67177-4-I, 2012 Wash. App. LEXIS 2197 (Wash. Ct. App. Sept. 17, 2012) .................15

Puget Sound Nat'l Bank v. McMahon,
    330 P.2d 559 (Wash. 1958) .........................................................................................10

Sherman v. Novak (In re Reilly),
    245 B.R. 768 (B.A.P. 2d Cir.), aff'd 242 F.3d 367 (2d Cir. 2000).........................................10

Shrader v. CSX Transp., Inc.,
    70 F.3d 255 (2d Cir. 1995) ..........................................................................................6

Stafford v. Sunset Mortg., Inc.,
    2013 U.S. Dist. LEXIS 61807 (W.D. Wash. Apr. 29, 2013) ..................................................15

Stiley v. Block,
    925 P.2d 194 (Wash. 1996) ....................................................................................10, 11

Trehuba v. Am. Home Mortg. Servicing, Inc.,
    No. 12-cv-5752-RBL, 2013 U.S. Dist. LEXIS 4819 (W.D. Wash. Jan. 11, 2013)................15

Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.,
    956 F.2d 1245 (2d Cir. 1992) .......................................................................................6

**OTHER AUTHORITIES**

Fed. R. Civ. P. 59 .................................................................................................................6

The ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the confirmed Chapter 11 plan filed in the above-captioned bankruptcy cases (the "Chapter 11 Cases") [Docket No. 6065], as successor in interest to the above-captioned debtors (collectively, the "Debtors"), by and through its undersigned counsel, respectfully submits this motion for partial reconsideration of the Court's *Memorandum Opinion and Order Sustaining in Part and Overruling in Part the ResCap Liquidating Trust's Objection to Proofs of Claim Filed by Duncan K. Robertson* [Docket No. 8533] (the "Order").[1]  In support of its motion, the Liquidating Trust respectfully represents as follows:

## I.  PRELIMINARY STATEMENT

1.      Pursuant to the Order, the Court held that Robertson had adequately pled five claims against certain of the Debtors, and that such claims could proceed to an evidentiary hearing.  Those five claims were: a trespass claim against Homecomings, a fraud claim against each of RFREH and ETS, and a claim for violations of the Washington Consumer Protection Act, Wash. Rev. Code. § 19.86, et seq. (2014) (the "WCPA") against each of RFREH and ETS. The Liquidating Trust respectfully requests that the Court reconsider those holdings in the Order relating to Robertson's surviving fraud claims and the WCPA claims on the basis that they were premised on one or more errors of law and fact, and a correction of those errors would materially alter the Court's ruling.

2.      Specifically, the Court found that Robertson had stated claims for fraud and WCPA violations against RFREH and ETS based on Robertson's allegations that RFREH and/or ETS prepared and recorded an appointment of substitute trustee designating LSI Title Agency, Inc. as successor trustee under the First Priority DOT (the "LSI Appointment"), and that the LSI Appointment was defective because RFREH did not hold an interest in the Note or First Priority

---

[1]     Capitalized terms used and not otherwise defined herein have the meanings ascribed to them in the Order.

DOT and therefore lacked authority to execute the appointment.  See Order at 23.  Additionally,

the Court overruled the Objection as to Robertson's fraud claim against ETS based on

Robertson's allegations that ETS represented to him that GMACM was the holder of the Note in

June 2009.  See Order at 24.  The Liquidating Trust respectfully submits that these rulings were

based on three clear errors that, if corrected, would dispose of Robertson's fraud and WCPA

claims against RFREH and ETS.

       3.     *First*, the Court noted, but failed to rule on, a dispositive issue raised by the

Liquidating Trust regarding Robertson's lack of standing to assert any claims against the Debtor

Defendants based on errors in instruments (*i.e.*, the LSI Appointment) to which Robertson is

neither a party nor a beneficiary.  See Order at 22.  It is undisputed that Robertson held a second

priority security interest in the Property, which was subject to a first priority loan serviced by the

Debtors.  See Objection at ¶ 20.  It is also undisputed that Robertson was not a borrower under

any loan serviced by the Debtors and was not in contractual privity with the Debtors.  Id.

Washington law is clear that a plaintiff that is not a party to, nor a beneficiary of, an appointment

of successor trustee lacks standing to challenge the authority of a party to execute, or the

propriety of, those documents because he cannot demonstrate an injury to a legally protected

right.  Brodie v. Nw. Tr. Servcs., Inc., No. 12-CV-0469 TOR, 2012 U.S. Dist. LEXIS 176193 at

*5-8 (E.D. Wash. Dec. 12, 2012).  To the extent Robertson's fraud claims and WCPA claims are

based on allegations that RFREH lacked authority to execute the LSI Appointment, he lacks

standing to assert those claims as a matter of law.  And where, as here, a plaintiff lacks standing

to assert claims, a court may not consider such claims on the merits but must instead dismiss

them.  Allen v. Wright, 468 U.S. 737, 750-751 (1984) (dismissing claims for relief where

plaintiff lacked to bring them, and observing that "the question of standing is whether the litigant

is entitled to have the court decide the merits of the dispute or of particular issues.").

4.      *Second*, with respect to Robertson's fraud claims against RFREH and ETS,

Robertson failed to plead allegations sufficient to establish every element of fraud.  See

Objection at ¶ 60.  The burden is on the plaintiff to plead allegations that, if taken as true, would

establish every element of a claim and Robertson failed to allege any facts sufficient to establish

at least one element of his fraud claims.  Specifically, Robertson did not adequately allege that:

(1) the Debtor Defendants intended that **he** act based on representations they made, (2) he was

entitled to rely on the LSI Appointment and statements by ETS regarding the identity of the

holder of the Note, and (3) he relied upon the LSI Appointment for the truth of the statements

therein.  Accordingly, the Court erred in finding that Robertson properly stated claims for fraud

against RFREH and ETS.

5.      And *third*, the Court misapplied Washington case law in concluding that

Robertson sufficiently pled a claim for violations of the WCPA for two reasons.  First, the

primary case relied on by the Court, Bain v. Metro. Mortg. Grp., Inc., 285 P.3d 34, 36 (Wash.

2012), found that a **borrower**, not a third party like Robertson, presumptively states a claim

under the WCPA.  Id. at 51. Because Robertson was not a borrower under the Note and had no

right or obligation to pay the Note, he is not entitled to benefit from the presumption under Bain.

And second, a WCPA claim requires the existence of a proximate causal connection between a

defendant's deceptive act and a plaintiff's injuries.  Hangman Ridge Training Stables, Inc. v.

Safeco Title Ins. Co., 719 P.2d 531, 539 (Wash. 1986); Bain at 51.  Robertson failed to allege

any causal connection between misstatements in the LSI Appointment and his purported injuries.

This allegation goes to a necessary element of the claim and, therefore, Robertson's failure to plead it requires the dismissal of his WCPA claims against RFREH and ETS.

6.      Because the Court's decision to overrule the Objection as to Robertson's fraud and WCPA claims against each of RFREH and ETS is based on clear errors as to controlling issues of law and fact, and because the reversal of those errors will reasonably result in the Court granting the Objection as to those claims, partial reconsideration of the Order is warranted.

## II.    **BACKGROUND**

7.      On or around November 5, 2012, Rode filed five proofs of claim (the "Robertson Claims"), which assert unsecured claims in an aggregate amount of $772,277.00 against Debtors GMACM, ETS, RFRE, RFC, and Homecomings (collectively, the "Debtor Defendants"). See Objection at ¶ 31. The Robertson Claims are premised on litigation commenced by Robertson in the Superior Court of Washington, County of King (the "State Court"), Case No. 12-2-19854-2-SEA (the "Robertson Litigation"). In the underlying complaint (the "Complaint"), Robertson asserted causes of action against the Debtor Defendants for 1) wrongful foreclosure; (2) quiet title; (3) trespass; (4) misrepresentation; (5) fraud and deception; (6) conspiracy; (7) intentional and negligent infliction of emotional distress; (8) violation of the Washington Criminal Profiteering Act; and (9) violations of the Washington Consumer Protection Act.[2]

8.      On February 5, 2015, the Liquidating Trust filed the *Objection of the ResCap Liquidating Trust to Claim Numbers 2385, 2386, 2387, 2388, and 2389 Filed by Duncan K. Robertson* [Docket No. 8072] (the "Objection").

---

[2] A copy of the Complaint is attached to the Robertson Claims, attached as Exhibits 1-A through 1-E the Declaration of Kathy Priore in support of the Objection [Docket No. 8072-7].

9.      On February 25, 2015, Robertson filed a response (the "Response") to the

Objection [Docket No. 8238].  On March 10, 2015, the Liquidating Trust filed a reply in further

support of the Objection [Docket No. 8279] (the "Reply").

10.     A hearing was held on the Objection on March 12, 2015.

11.     On April 28, 2015, the Court entered the Order [Docket No. 8533].  Through the

Order, the Court sustained the Objection as to Robertson's claims for declaratory judgment, quiet

title, fraud and violations of the WCPA against GMACM and Homecomings, intentional and

negligent infliction of emotional distress, violations of the Washington Criminal Profiteering

Act, and conspiracy.  The Court overruled without prejudice the Objection as to Robertson's for

(a) trespass against Homecomings alleged to have occurred on May 24, 2010, (b) fraud against

RFREH and ETS in connection with their execution of the LSI Appointment and representations

by ETS that GMACM was the holder of the Note, and (c) violation of the WCPA against

RFREH and ETS in connection with their preparation and execution of the LSI Appointment.

12.     On May 8, 2015, Robertson served the Liquidating Trust with a *Motion for

Partial Reconsideration of Memorandum Opinion and Order, on Claim Numbers 2385, 2386,

2387, 2388, and 2389 (Doc. 8533)* [Docket No. 8598], which was entered on the Court's docket

on May 11, 2015.[3]

### III.    RELIEF REQUESTED

13.     The Liquidating Trust files this motion pursuant to Bankruptcy Rule 9023, and

seeks reconsideration of the Order solely to the extent it overruled the Objection to Robertson's

claims against each of RFREH and ETS for fraud and violations of the WCPA.

---

[3]      The Liquidating Trust will file a response to Robertson's motion for reconsideration at the appropriate time if so
requested by the Court.

ny-1187014

## IV.    BASIS FOR RELIEF REQUESTED

14.    Rule 9023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules") incorporates Federal Rule of Civil Procedure 59, which allows a party to move to alter or

amend a judgment.  See FED. R. CIV. P. 59.  Courts have held that the standard for a motion for

reconsideration is identical to the standard applied to a motion to alter or amend a judgment

under Federal Rule of Civil Procedure 59(e).  See Henderson v. Metro. Bank & Trust Co., 502 F.

Supp. 2d 372, 375 (S.D.N.Y. 2007).  A motion for reconsideration should be granted only when

there is "an intervening change of controlling law, the availability of new evidence, or the need

to correct a clear error or prevent manifest injustice."  Kolel Beth Yechiel Mechil of Tartikov,

Inc. v. YLL Irrevocable Trust, 729 F.3d 99, 104 (2d Cir. 2013) (citing Virgin Atl. Airways, Ltd.

v. Nat'l Mediation Bd., 956 F.2d 1245, 1255 (2d Cir. 1992)); see also In re Interbank Funding

Corp., No. 02-41590 (BRL), 2007 WL 2080512, at *2 (Bankr. S.D.N.Y. July 19, 2007) (To

obtain relief under Bankruptcy Rule 9023, a party must present "manifest errors of law or fact"

or "newly-discovered evidence.")  "The standard for granting … a motion [for reconsideration]

is strict, and reconsideration will generally be denied unless the moving party can point to

controlling decisions or data that the court overlooked – matters, in other words, that might

reasonably be expected to alter the conclusion reached by the court."  Shrader v. CSX Transp.,

Inc., 70 F.3d 255, 257 (2d Cir. 1995).

15.    The Liquidating Trust submits that the rigorous standard for reconsideration is

satisfied because, as set forth below, clear error has occurred.

### A.    Robertson's Surviving Fraud Claims

16.    The Court's decision to overrule the Objection as to Robertson's fraud claims

against RFREH and ETS is premised on Robertson's allegations that RFREH and/or ETS

prepared and recorded the LSI Appointment, and that the LSI Appointment was defective

because RFREH did not hold an interest in the Note or First Priority DOT and therefore lacked

authority to execute the appointment.  See Order at 23.  Additionally, the Court overruled the

Objection as to Robertson's fraud claim against ETS based on Robertson's allegations that ETS

represented to him that GMACM was the holder of the Note in June 2009.  See Order at 24.

### 1.    Robertson Lacked Standing to Bring the Fraud Claims Against the Debtor Defendants and Therefore Such Claims Must Be Dismissed

17.    For there to be a case or controversy capable of adjudication by a court, "it is not

enough that the party invoking the power of the court have a keen interest in the issue.  That

party must also have 'standing,' which requires, among other things, that it have suffered a

concrete and particularized injury."  Hollingsworth v. Perry, 133 S. Ct. 2652, 2659 (2013).  As

set forth in the Objection (and is undisputed by Robertson), Robertson was not a party to the

Note, the First Priority DOT, or the LSI Appointment (collectively, the "First Lien Mortgage

Documents"), nor was he a third-party beneficiary under those documents.  See Objection at

¶ 43.  Under Washington law, as held in Brodie v. Northwest Trustee Services, Inc., 2012 U.S.

Dist. LEXIS 176193, at *5-8, a plaintiff that is not a party to, nor a beneficiary of, an assignment

of the deed of trust or an appointment of successor trustee lacks standing to challenge the

authority of a party to execute, or the propriety of, those documents because he cannot

demonstrate an injury to a legally protected right.

18.    In Brodie, a borrower facing a non-judicial foreclosure asserted claims for

wrongful foreclosure, lack of standing to foreclose, and violations of the WCPA based on

allegations that an assignment of deed of trust and appointment of substitute trustee had been

robo-signed by individuals who lacked proper authority to execute them.  The court dismissed

the borrower's claims, finding that the borrower lacked standing to challenge the validity of the

documents, stating:

ny-1187014

> Only someone who suffered a concrete and particularized injury
> that is fairly traceable to the substitution [of a trustee] can bring an
> action to declare the assignment [of the new trustee] as void ...
> [Plaintiff] was not party to this assignment, and did not suffer any
> injury as a result of the assignment.  Instead, the only injury
> [plaintiff] alleges is the pending foreclosure on his home, which is
> the result of his default on his mortgage.  The foreclosure would
> occur regardless of what entity was named as trustee, and so
> [plaintiff] suffered no injury as a result of this substitution....

Id. at *6-7, quoting Javaheri v. JPMorgan Chase Bank N.A., No. 2:10-cv-08185 ODW (FFMx),

2012 U.S. Dist. LEXIS 114510, at *6 (C.D. Cal. Aug. 3, 2012), aff'd, 561 Fed. Appx. 611 (9th

Cir. 2014).

        19.     The Brodie court's ruling has been followed by other Washington courts and is

also consistent with the rulings of several other courts addressing the issue of third party standing

to challenge assignments of deed of trust.  See, e.g., Cagle v. Abacus Mortg., Inc., No. 2:13-cv-

02157-RSM, 2014 U.S. Dist. LEXIS 124425, at *12 (W.D. Wash. Sept. 5, 2014) ("[T]he Court

finds persuasive the reasoning of other courts that have faced this issue and determined that a

plaintiff lacks standing to challenge an allegedly fraudulent assignment or appointment of a

successive trustee, irrespective of robo-signing."); Bridge v. Aames Capital Corp., No. 1:09-cv-

2947, 2010 U.S. Dist. LEXIS 103154, at *13 (N.D. Ohio Sept. 29, 2010) ("[B]orrower certainly

has an interest in avoiding foreclosure.  But the validity of the assignments does not affect

whether Borrower owes its obligations, but only to whom Borrower is obligated."); Bateman v.

Countrywide Home Loans, No. 12-00033-SOM/BMK, 2012 U.S. Dist. LEXIS 162703, at *11

(D. Haw. Nov. 14, 2012) (unpublished) ("The reason debtors generally lack standing to

challenge assignments of their loan documents is that they have no interest in those assignments,

and the arguments they make do not go to whether the assignments are void *ab initio*, but instead

to whether the various assignments are voidable.").

8

20.     If a borrower does not have standing to challenge an assignment of a deed of trust or appointment of successor trustee relating to the borrower's loan, then Robertson, as a third party lender who knowingly took a junior lien on property that was subject to an existing senior lien granted by the borrower, certainly lacks standing to challenge any such agreements or documents relating to the Note and First Priority DOT.  Where a party does not have standing to bring a claim, a court lacks subject matter jurisdiction to consider the merits of the claim and it must be dismissed.  Hollingsworth v. Perry, 133 S. Ct. at 2659 ("Because we find that petitioners do not have standing, we have no authority to decide this case on the merits, and neither did the [lower court].").  See also id. at 2663 ("It is . . . a 'fundamental restriction on our authority' that '[i]n the ordinary course, a litigant must assert his or her own legal rights and interests, and cannot rest a claim to relief on the legal rights or interests of third parties.'" (citing Powers v. Ohio, 499 U. S. 400, 410 (1991))); Grove v. Mead Sch. Dist. No. 354, 753 F.2d 1528, 1531 (9th Cir. 1985) ("If the plaintiffs lack standing to bring this suit, the courts lack jurisdiction to consider it. . . Prudential limitations on the exercise of jurisdiction include a general prohibition on a litigant's raising another's rights." (citing Allen v. Wright, 468 U.S. at 750 (internal citations omitted)); High Tide Seafoods v. Wash., 725 P.2d 411, 415 (Wash. 1986) ("[F]or a plaintiff to receive 'standing' to bring a lawsuit, it must allege a personal injury fairly traceable to the challenged conduct and likely to be redressed by the requested relief.  If a plaintiff lacks standing to bring a suit, courts lack jurisdiction to consider it.") (internal citations omitted).  The Court's implicit determination that Robertson has standing to assert claims based solely on the Debtor Defendants' execution and filing of the LSI Appointment was a clear error of law and, because a correction of that error would require the Court to dismiss such claims without reaching the merits, the Court's reconsideration is warranted.

**2.    Robertson Did Not Establish Each of the Essential Elements of His
Fraud Claims Against RFREH and ETS**

21.    Reconsideration is also warranted because Robertson has not pled allegations

sufficient to establish at least one of the requisite elements of his fraud claims against RFREH

and ETS.  "In an action for fraud, the burden is upon plaintiff to prove the existence of all the

essential and necessary elements 'that enter into its composition.'"  Puget Sound Nat'l Bank v.

McMahon, 330 P.2d 559, 560 (Wash. 1958) (internal citation omitted).  This failure was raised

by the Liquidating Trust (see Objection at ¶ 60), and is fatal to Robertson's fraud claims.  See

Order at 9 ("Correctly filed proofs of claim "constitute prima facie evidence of the validity and

amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come

forth with evidence which, if believed, would refute at least **one** of the allegations essential to the

claim." (citing Sherman v. Novak (In re Reilly), 245 B.R. 768, 773 (B.A.P. 2d Cir.)), aff'd 242

F.3d 367 (2d Cir. 2000) (emphasis added).

22.    A plaintiff asserting a fraud claim must show that a representation was made with

the intent that the ***plaintiff*** act on it, and that the plaintiff has a right to rely on the defendant's

misrepresentation.  Stiley v. Block, 925 P.2d 194, 204 (Wash. 1996) (emphasis added).  In

overruling the Objection with respect to the fraud claims against RFREH and ETS, the Court

necessarily found that Robertson established that he was entitled to rely on the First Lien

Mortgage Documents, and that they were made with the intent of inducing him to act upon them;

however, Robertson never alleged any facts to support such findings.  To the contrary, it is

uncontroverted that Robertson is neither a party to, nor a beneficiary of, the First Lien Mortgage

Documents, and that the Debtor Defendants believed that Robertson had no right or obligation to

pay off the Note.  See Objection at ¶ 43.  The Liquidating Trust also argued that, as a matter of

law, Robertson had no right or obligation to pay off the Note (see Objection at ¶ 53), a point

10

upon which the Court does not appear to have ruled.  Accordingly, the only facts alleged in connection with these elements of Robertson's fraud claims weigh against a determination that the Debtor Defendants intended to induce reliance by Robertson to take some action and that he was entitled to rely on the information in the LSI Appointment.

23.      Fraud also requires a showing that the plaintiff relied on the truth of the misrepresentation.  Stiley v. Block, 925 P.2d at 204.  Robertson has not alleged that he relied on the statements in the LSI Appointment that RFREH was the beneficiary under the First Priority DOT and that LSI was the successor trustee as being correct in taking any action.  Complaint at ¶¶ 5.58-5.59.

24.      The burden was on Robertson to plead each of the requisite elements of his fraud claim, and Robertson failed to assert any factual allegations that, even taken as true, support the existence of each of those elements.  Specifically, he failed to allege that: (i) the Debtor Defendants intended that he act based on representations they were making, (ii) he was entitled to rely on the LSI Appointment and statements by ETS regarding the identity of the holder of the Note, and (iii) he relied upon the LSI Appointment for the truth of the statements therein.  The Court failed to consider these material omissions, each of which is fatal to Robertson's *prima facie* fraud claim against RFREH and ETS, and there are no material issues of fact in dispute regarding the satisfaction of these elements of Robertson's fraud claims.  Accordingly, the Court erred in finding that Robertson alleged facts sufficient to support a claim for fraud against RFREH and ETS.  The correction of that error that would alter the Court's ruling by requiring the dismissal of Robertson's fraud claims against RFREH and ETS.  Therefore, reconsideration of the Order on this basis is also warranted.

ny-1187014

B.    **Robertson's Surviving WCPA Claims**

25.    The Court's decision to overrule the Objection as to Robertson's WCPA claims against RFREH and ETS is also based on the LSI Appointment.  See Order at 30.  The Court held that, under a decision by the Washington Supreme Court, Bain v. Metro. Mortg. Grp., Inc., 285 P.3d at 36, Robertson's allegations that RFREH and ETS characterized a non-holder of the Note (i.e., RFREH) as the beneficiary of the First Priority DOT by filing the LSI Appointment was sufficient to state a claim under the WCPA.  See Order at 30-31.  As set forth below, this ruling constituted clear error in three respects.

1.    **Robertson Lacked Standing to Bring the WCPA Claims Against the Debtor Defendants and Therefore Such Claims Must Be Dismissed**

26.    Robertson's surviving WCPA claims against RFREH and ETS arise solely out of his allegations that the LSI Appointment was deficient.  See Order at 30.  However, as set forth above (supra ¶¶ 16-18), Robertson lacks standing to challenge the validity of that document. See, e.g., Brodie v. Nw. Tr. Servcs., Inc., 2012 U.S. Dist. LEXIS 176193, at *5-8; Objection at ¶ 43.  As a result, he also lacks standing to bring claims that are wholly derivative of defects in the LSI Appointment, depriving this Court—or any court—of the authority to rule on the merits of those claims.  To the extent Robertson is not entitled to pursue the WCPA claims, they must be dismissed, and thus, reconsideration of the Order on this point is warranted.

2.    **The Presumption Under Bain Regarding an "Unfair or Deceptive Act or Practice" Does Not Apply**

27.    The Order also errs to the extent it relies on Bain for the proposition that Robertson presumptively established a claim under the WCPA.  In Bain, two borrowers sought an injunction to stop a nonjudicial foreclosure, as well as damages under the WCPA based on their contention that MERS lacked standing to appoint a substitute trustee to commence foreclosure proceedings.  Bain, 285 P.3d at 89-90.  The Washington Supreme Court was asked to

determine whether a homeowner is entitled to pursue a claim under the WCPA against a party

that is not a lawful beneficiary under a deed of trust (in that case, MERS) based upon a

representation that such party was a beneficiary.  <u>Bain</u>, 285 P.3d at 36-37.  The <u>Bain</u> court

concluded that, under the Washington Deed of Trust Act, WASH. REV. CODE § 61.24, only the

actual holder of the promissory note or other instrument evidencing the obligation may be a

beneficiary with the power to appoint a trustee to proceed with a nonjudicial foreclosure on real

property.  <u>Id</u>.

28.    The <u>Bain</u> court then analyzed the elements of a WCPA claim, which require that a

plaintiff show "(1) unfair or deceptive act or practice; (2) occurring in trade or commerce;

(3) public interest impact; (4) injury to plaintiff in his or her business or property; [and]

(5) causation." <u>Bain</u> at 49 (citing <u>Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.</u>,

719 P.2d at 535).  The court noted that an assignment that incorrectly identifies a party as a

beneficiary under a deed of trust is presumptively (but not *per se*) deceptive within the meaning

of the WCPA because it conceals the identity of the loan holder on whose behalf that party

purports to be acting, and that irregularities in foreclosure documents could lead to injury if a

"**homeowner-borrower** cannot locate the party accountable and with authority to correct the

irregularity. . . ." <u>Bain</u> at 51 (emphasis added).

29.    The presumption under <u>Bain</u> was predicated on the existence of a plaintiff that

potentially could be injured by irregularities in documents seeking to enforce rights against such

plaintiff.  In other words, under <u>Bain</u>, an "unfair or deceptive act or practice" should be

understood to mean one that could result in harm to a party in interest.

30.    Robertson was not a borrower under the Note, and therefore could not have

suffered a conceivable injury as a result of irregularities in documents executed in connection

with the enforcement of the Note.  He had no right, much less an obligation, to pay off the Note

so any confusion on his part regarding the identity of the holder of the Note could not have given

rise to a compensable injury.  See Borowski v BNC Mortg. Inc., No. C12-5867(RJB), 2013 U.S.

Dist. LEXIS 122104, at *13 (W.D. Wash. Aug. 27, 2013) ("[B]orrowers, as third parties to the

assignment of their mortgage . . . cannot mount a challenge to the chain of assignments unless a

borrower has a genuine claim that they are at risk of paying the same debt twice if the

assignment stands.").

31.     Accordingly, the Court erred in concluding that the presumption under Bain

applied to Robertson's WCPA claims, and that execution of the LSI Appointment constituted an

"unfair or deceptive act or practice" with respect to Robertson.  The Court's correction of this

error would alter the Order, which specifies the issues upon which an evidentiary hearing is

required, because it would require that the burden remain on Robertson to establish that the

execution of the LSI Appointment was unfair or deceptive within the meaning of the WCPA, and

that he, as a third party lender, is entitled to protection under the WCPA.  Accordingly, the

Court's reconsideration of this issue is warranted.

### 3.      Robertson's WCPA Claims Fail Because He Has Not Alleged Facts Sufficient to Establish Causation

32.     Reconsideration is also warranted because Robertson has not pled allegations

sufficient to establish the requisite element of causation under the WCPA.  See Indoor

Billboard/Wash., Inc. v. Integra Telecom of Wash., Inc., 170 P.3d 10, 22 (2007) (A plaintiff

must also establish that "but for the defendant's unfair or deceptive practice, the plaintiff would

not have suffered an injury."); Objection at ¶ 71.

33.     Washington courts have held that plaintiffs failed to establish the causation

element of a WCPA claim where the asserted injuries consisted of "the resources expended to

'avert an unlawful foreclosure' and 'the cloud of title arising from those foreclosure

proceedings'" but did not allege facts demonstrating how these injuries flowed from the

improper characterization of MERS as a beneficiary on the deed of trust.  Peterson v. Citibank,

N.A., No. 67177-4-I, 2012 Wash. App. LEXIS 2197, at *10 (Wash. Ct. App. Sept. 17, 2012).

See also Krusee v. Bank of Am., N.A., No. C13-824-RSM, 2013 U.S. Dist. LEXIS 107701, at

*14-15 (W.D. Wash. July 30, 2013) (dismissing WCPA claims where plaintiff failed to provide

any factual allegations that could provide the necessary causal link between such an injury and

the act in question where the cause of action was "predicated solely on flaws in deeds of trust"

and whether the defendants could pursue non-judicial foreclosure.  "As such, the only injury that

could be traced to [defendants' alleged] conduct is injury resulting from wrongful non-judicial

foreclosure, but plaintiff has not alleged that she is 'currently subject to foreclosure

proceedings.'") (citation omitted); Stafford v. Sunset Mortg., Inc., 2013 U.S. Dist. LEXIS 61807

(W.D. Wash. Apr. 29, 2013) (holding that plaintiff's WCPA claim based upon a letter with false

statements failed because she did not allege specific facts regarding causation or injury.  "As to

causation, she does not allege, for example, having read the April letter, her reliance on the

representations in it, or that she took any step based on the letter. Also fatal to the CPA claim is

her failure to allege any injury resulting from the April letter."); Trehuba v. Am. Home Mortg.

Servicing, Inc., No. 12-cv-5752-RBL, 2013 U.S. Dist. LEXIS 4819, at *3 (W.D. Wash. Jan. 11,

2013) (dismissing claims due to a failure to adequately plead causation where defendants

allegedly caused false and misleading documents to be recorded but did not explain how those

documents resulted in injury, noting that "[t]hat alone is grounds to halt a foreclosure under the

Deed of Trust Act, not to assert damages.").

34.    Robertson does not allege that he took *any* action based on his reliance on the representations in the LSI Appointment.  (Complaint at ¶¶ 5.58-5.69.)  His efforts to pay off the Note all took place before execution of the LSI Appointment (Complaint at 5.9-5.57), and the e-mails his counsel sent to First American, the prior successor trustee, were simply an effort to confirm whether the information in the LSI Appointment was accurate (Complaint at ¶¶ 5.61-5.62).

35.    Robertson's failure to plead causation is fatal to his WCPA claims against RFREH and ETS.  Accordingly, the Court erred in finding that Robertson alleged facts sufficient to support a claim under the WCPA against RFREH and ETS.  The correction of that error would alter the Court's ruling by requiring the dismissal of Robertson's WCPA claims against RFREH and ETS.  Therefore, reconsideration of the Order on this basis is also warranted.

## V.    CONCLUSION

36.    In sum, the Liquidating Trust respectfully submits that the Court's decision to overrule without prejudice the Objection to Robertson's claims against RFREH and ETS for fraud and violations of the WCPA was based on the misapplication of controlling law and fact, and a reversal of those errors would result in an alteration of the Order.  As a result, this motion for partial reconsideration should be granted and the Objection, to the extent it seeks to disallow Robertson's claims for fraud and violations of the WCPA against each of RFREH and ETS, should be granted.

16

Dated:  May 12, 2015
      New York, New York

/s/  Norman S. Rosenbaum

Norman S. Rosenbaum
Jordan A. Wishnew
Erica J. Richards
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the ResCap Liquidating Trust*

ny-1187014