**Hearing Date and Time:  June 4, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: May 26, 2015 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------------------------------

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

------------------------------------------------------------

**NOTICE OF MOTION TO FURTHER EXTEND THE**
**DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On May 14, 2015, the ResCap Liquidating Trust filed its *Motion to Further Extend the Date by Which Objections to Claims Must be Filed* (the "**Motion**").

2. A hearing (the "**Hearing**") to consider the Motion shall be held before the Honorable Martin Glenn, United States Bankruptcy Judge, in Room 501 of the United States Bankruptcy Court, Alexander Hamilton Custom House, One Bowling Green, New York, New York, 10004-1408, on **June 4, 2015 at 10:00 a.m.** (prevailing Eastern Time).

3. Any objections to the Motion must be made in writing, filed with the Court (with a copy to chambers), in accordance with the Notice, Case Management, and Administrative Procedures approved by the Bankruptcy Court (the "**Case Management Order**") [Docket No. 141], and served on the Special Service List, as the term is defined in the Case Management Order, so as to be received no later than **May 26, 2015 at 4:00 p.m.** (prevailing Eastern Time)(the "**Objection Deadline**").

4. If no objections to the Motion are timely filed and served to the relief requested in the Motion, the Bankruptcy Court may deem any opposition waived, treat the Motion as conceded, and enter an order granting the relief requested in the Motion without further notice or hearing.

5. A copy of the Motion can be obtained or viewed for a fee via PACER at www.pacer.gov or (without charge) on the Debtors' restructuring website at www.kccllc.net/rescap.

Dated: May 14, 2015
New York, New York

KRAMER LEVIN NAFTALIS & FRANKEL LLP

/s/ Joseph A. Shifer
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**Hearing Date and Time: June 4, 2015 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: May 26, 2015 at 4:00 p.m. (prevailing Eastern Time)**

KRAMER LEVIN NAFTALIS & FRANKEL LLP
Kenneth H. Eckstein
Douglas H. Mannal
Joseph A. Shifer
1177 Avenue of the Americas
New York, New York 10036
Telephone: (212) 715-9100
Facsimile: (212) 715-8000

*Counsel for the ResCap Liquidating Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**MOTION TO FURTHER EXTEND THE**
**DATE BY WHICH OBJECTIONS TO CLAIMS MUST BE FILED**

TO THE HONORABLE MARTIN GLENN,
UNITED STATES BANKRUPTCY JUDGE:

The ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), hereby submits this motion (the "**Motion**") for entry of an order, substantially in the form attached hereto as **Exhibit 1** (the "**Proposed Order**"), to extend the date by which objections to Claims (defined below) must be filed.  In support of the Motion, the Liquidating Trust submits the declaration of Deanna Horst, Chief Claims Officer for the Liquidating Trust (the "**Horst Declaration**"), attached hereto as **Exhibit 2**.  In support of the Motion, the Liquidating Trust respectfully represents as follows:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334 and Article XII of the Plan. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicates of this Motion are sections 105(a) and 1141 of title of the United States Code (the "**Bankruptcy Code**") and Rule 9006(b)(1) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

**BACKGROUND**

3. On May 14, 2012 (the "**Petition Date**"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. The Chapter 11 Cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). On June 30, 2012, each of the Debtors filed with the Court its schedule of assets and liabilities and statement of financial affairs [Docket Nos. 548 – 597 and 649] (the "**Schedules and Statements**").[1]

4. On July 17, 2012, the Court entered an order [Docket No. 798] appointing Kurtzman Carson Consultants LLC ("**KCC**") as the notice and claims agent in these Chapter 11 Cases. Among other things, KCC is authorized to (a) receive, maintain, record and otherwise administer the proofs of claim filed in these Chapter 11 Cases and (b) maintain the official claims register for the Debtors (the "**Claims Register**").

5. On August 29, 2012, this Court entered the *Order Establishing Deadline for Filing Proofs of Claim and Approving the Form and Manner of Notice Thereof* [Docket No.

---

[1] The Debtors filed amended schedules for Residential Capital, LLC, Residential Funding Company, LLC, GMAC Mortgage, LLC, GMAC-RFC Holding Company, LLC, GMAC Residential Holding Company, LLC, and Homecomings Financial, LLC on July 3, 2012. [Docket Nos. 683-688]. On June 9, 2014, the Court entered an order authorizing the reduction and amendment of the scheduled amounts for certain claims on the schedules for Residential Funding Company, LLC and GMAC Mortgage, LLC [Docket No. 7078].

- 2 -

1309] (the "**Bar Date Order**"). The Bar Date Order established, among other things, (i) November 9, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "**General Bar Date**") and prescribing the form and manner for filing proofs of claim; and (ii) November 30, 2012 at 5:00 p.m. (prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "**Governmental Bar Date**," with the General Bar Date, the "**Bar Date**"). Bar Date Order at ¶¶ 2-3. On November 7, 2012, the Court entered an order extending the General Bar Date to November 16, 2012 at 5:00 p.m. (prevailing Eastern Time) [Docket No. 2093]. The Governmental Bar Date was not extended. On March 21, 2013, the Court entered an order approving certain omnibus claim objection procedures [Docket No. 3294] (the "**Claims Objection Procedures Order**").

6.  On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "**Confirmation Order**") [Docket No. 6065] approving the terms of the Chapter 11 plan, as amended (the "**Plan**"), filed in these Chapter 11 Cases [Docket No. 6065-1].[2] On December 17, 2013, the Effective Date of the Plan occurred (the "**Effective Date**"), and, among other things, the Liquidating Trust was established [Docket No. 6137]. The Liquidating Trust was established to, among other things, wind down the affairs of the Debtors, *see* Plan, Art. VI. The ResCap Borrower Claims Trust (the "**Borrower Claims Trust**") was also established by the Plan to resolve Borrower Claims and make distributions to Borrowers on account of Allowed Borrower Claims from a fund transferred to the Borrower Claims Trust under the Plan. *See* Plan, Art. IV.F.

7.  Article VIII.A.3 of the Plan provides that the Liquidating Trust has the exclusive authority to "[f]ile, withdraw, or litigate to judgment, objections to Claims or Equity

---

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan.

Interests (other than Borrower Claims, Private Securities Claims, and the NJ Carpenters Claims)." In addition, Article IV.F of the Plan, as well as the provisions of the Borrower Claims Trust Agreement, provide similar resolution authority to the Borrower Claims Trust with respect to Borrower Claims.

8. The Confirmation Order required holders of Administrative Claims (as such term is defined in the Plan) to file their "requests for the payment of such Administrative Claims not already Allowed by Final Order in accordance with the procedures specified in the Confirmation Order, on or before the first Business Day that is thirty (30) days following the Effective Date." *See* Confirmation Order ¶ 50(f). As the Effective Date of the Plan occurred on December 17, 2013, the deadline by which holders of administrative claims must file requests for payment was January 16, 2014 (the "**Administrative Claims Bar Date**").

9. To date, approximately 7,488 unsecured, secured, priority, and administrative proofs of claim (collectively, the "**Claims**") have been filed in these cases, including late filed claims, with asserted liabilities in excess of $110.0 billion, plus unliquidated amounts. The Claims consist of approximately 3,042 Borrower Claims with asserted liabilities of approximately $15.5 billion, plus unliquidated amounts, and approximately 4,446 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion, plus unliquidated amounts. In addition, approximately 6,189 additional unsecured, secured, priority, and administrative claims were identified in the Schedules (including contingent, unliquidated, and disputed claims).

10. Under the Plan, a Claim is considered "Allowed" if (i) it is listed on the Schedules as neither disputed, contingent nor unliquidated, or (ii) is evidenced by a timely proof of claim and as to which an objection was not filed by the Claims Objection Deadline. *See* Plan,

- 4 -

Art. I.A.11.  Pursuant to Article I.A.54 of the Plan, the term "Claims Objection Deadline" is defined, as "(i) two hundred seventy (270) days following the Effective Date or (ii) such other later date the Bankruptcy Court may establish upon a motion by the Liquidating Trust, which motion may be approved without a hearing and without notice to any party." As the Effective Date of the Plan occurred on December 17, 2013, the initial Claims Objection Deadline was Monday, September 15, 2014.[3]  On August 26, 2014, the Court entered the *Order Granting Motion to Extend Date by Which Objections to Claims Must be Filed* (the "**Claims Objection Deadline Order**") [Docket No. 7445], extending the Claims Objection Deadline through and including June 15, 2015.

## REQUESTED RELIEF

11. Pursuant to the Claims Objection Deadline Order, the Claims Objection Deadline was previously extended to June 15, 2015.  The Court noted that, "[t]he Trusts may seek further extensions of time to file objections for good cause shown." Claims Objection Deadline Order, ¶ 5.  By this Motion, the Liquidating Trust (for itself and the Borrower Claims Trust) seeks an extension of the Claims Objection Deadline of approximately 9 months, through and including March 15, 2016.  The Liquidating Trust consulted with counsel to the Borrower Claims Trust prior to submitting the Motion, and the Borrower Claims Trust is supportive of the relief sought herein.

## BASIS FOR RELIEF REQUESTED

12. Pursuant to Rule 9006(b)(1) of the Bankruptcy Rules, "when an act is required or allowed to be done at or within a specified period . . . by order of the court, the court

---

[3] Pursuant to Article I.C. of the Plan, this date accounts for the application of Bankruptcy Rule 9006(a) to compute any period of time prescribed or allowed in the Plan. Since 270 days following the Effective Date fell on Saturday, September 13, 2014, the Claims Objection Deadline was not until the next day that is not a weekend day or legal holiday, *i.e.*, Monday, September 15, 2014.

for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed . . . ."  Fed. R. Bankr. P. 9006(b)(1).

13. Additionally, section 1141(a) of the Bankruptcy Code provides that the provisions of a confirmed plan bind all creditors and equity security holders under the plan "whether or not such creditor, equity security holder, or general partner has accepted the plan."  As indicated above, Article I.A.54 of the Plan expressly provides the Court with the discretion to extend the Claims Objection Deadline, without the need for a hearing or notice.  Here, there is ample cause supporting an extension of the Claims Objection Deadline.

14. To date, the Debtors (prior to the Effective Date) as well as the Liquidating Trust and the Borrower Claims Trust (after the Effective Date) have successfully filed and prosecuted 82 omnibus and approximately 41 individual claims objections that resulted in the expungement of approximately 3,897 Claims, consisting of more than $399.3 million in administrative expense claims, $16.7 billion in priority claims, $13.6 billion in secured claims, and $14.8 billion in general unsecured claims.  In addition, through negotiations and informal objections as contemplated in the Claims Objection Procedures Order and the Plan, the Debtors, the Liquidating Trust and the Borrower Claims Trust have resolved or otherwise effectuated the withdrawal of approximately 2,933 Claims, consisting of more than $6.0 million in administrative expense claims, $1.0 billion in priority claims, $2.5 billion in secured claims, and $60.2 billion in general unsecured claims.  To date, 2,703 Borrower Claims with asserted liabilities of approximately $14.9 billion have been resolved, expunged or withdrawn, and 4,127 Non-Borrower Claims with asserted liabilities of approximately $94.3 billion have been

resolved, expunged or withdrawn. Thus, as a result of these efforts, approximately 91.2% of the Claims have either been expunged, resolved or otherwise withdrawn.

15. Moreover, a significant portion of the Liquidating Trust's and Borrower Claims Trust's resolution of Claims has been achieved since the prior extension of the Claims Objection Deadline. In the last nine months, the Liquidating Trust and the Borrower Claims Trust have resolved or otherwise effectuated the withdrawal of approximately 862 Claims, consisting of more than $6.0 million in administrative expense claims, $5.4 million in priority claims, $149.1 million in secured claims, and $260.2 million in general unsecured claims.

16. While the claims reconciliation process to date has successfully addressed the vast majority of the Claims, there remain approximately 657 unresolved Claims (including duplicative claims against multiple Debtors), consisting of approximately $0.6 million in administrative expense claims, $453.2 million in priority claims, $16.1 million in secured claims, and $338.2 million in general unsecured claims, as well as approximately 264 unliquidated claims (together, the "**Unresolved Claims**"). The Unresolved Claims include approximately 338 Borrower Claims with asserted liabilities of approximately $554.6 million and approximately 319 Non-Borrower Claims with asserted liabilities of approximately $253.5 million. The Liquidating Trust (as well as the Borrower Claims Trust) is currently in the process of reconciling the Unresolved Claims which, by their nature, tend to require more time and involvement to assess and resolve than many of the Claims that have already been expunged, satisfied, or otherwise resolved.

17. Both the Liquidating Trust and the Borrower Claims Trust require additional time to continue their claims reconciliation processes. The Liquidating Trust believes that extending the Claims Objection Deadline to March 15, 2016 will allow it and the Borrower

Claims Trust to dedicate the necessary time and resources toward reviewing, objecting to, settling, satisfying, or otherwise resolving claims. This extension should not prejudice claimants; to the contrary, creditors should ultimately receive greater distributions if both the Liquidating Trust and the Borrower Claims Trust are given the opportunity to review, negotiate, and, where appropriate, seek to expunge or reduce those Claims that are improperly filed or unsubstantiated. During this extension, the Liquidating Trust and the Borrower Claims Trust will attempt to reach the consensual resolution of the Unresolved Claims, or, if necessary, seek to disallow certain Unresolved Claims.

18. While additional extensions of time may be necessary – and the Liquidating Trust (for itself and the Borrower Claims Trust) expressly reserves the right to seek such additional extensions – the Liquidating Trust and the Borrower Claims Trust will attempt to resolve, and, if necessary, file objections to, as many of the Unresolved Claims as possible before the expiration of the extended Claims Objection Deadline.

19. Similar relief has been granted in other cases. *See In re Gen. Mar. Corp.*, No. 11-15285 (Bankr. S.D.N.Y. Feb. 6, 2015) (granting the reorganized debtors' request to extend the claims objection deadline by a total of approximately thirty-five (35) months from the effective date of the plan); *In re Motors Liquidation Company (f/k/a General Motors Corp.)*, Case No. 09-50026 (REG) (Bankr. S.D.N.Y. Mar. 18, 2014) (granting the reorganized debtors' request to extend the claims objection deadline by a total of approximately forty-one (41) months from the effective date of the plan); *In re BGI, Inc. (f/k/a Borders Group, Inc.)*, Case No. 11-10614 (MG) (Bankr. S.D.N.Y. Sep. 16, 2014) (granting the liquidating trustee's request to extend the claims objection deadline by a total of approximately thirty-eight (38) months from the effective date of the plan).

## NOTICE

20.    Although Article I.A.54 of the Plan expressly states that the Liquidating Trust may move this Court to extend the Claims Objection Deadline without hearing or notice to any party, out of an abundance of caution, notice of this Motion has been given to the parties identified on the Special Service List and General Service List (as such terms are defined in the the Notice, Case Management, and Administrative Procedures approved by the Court [Docket No. 141]) and to all claimants with Unresolved Claims.  The Liquidating Trust submits that no further notice of the Motion is necessary.

## NO PRIOR REQUESTS

21.    No previous request for the relief sought herein has been made to this or any other Court.

## CONCLUSION

WHEREFORE, the Liquidating Trust (on its own behalf and on behalf of the Borrower Claims Trust) respectfully requests that the Court enter the Proposed Order, extending the Claims Objection Deadline to March 15, 2016; and grant such other and further relief as the Court may deem proper.

Dated:  May 14, 2015
         New York, New York

                                  KRAMER LEVIN NAFTALIS & FRANKEL LLP

                                  /s/ Joseph A. Shifer
                                  Kenneth H. Eckstein
                                  Douglas H. Mannal
                                  Joseph A. Shifer
                                  1177 Avenue of the Americas
                                  New York, New York 10036
                                  Telephone: (212) 715-9100

                                  *Counsel for the ResCap Liquidating Trust*

# **EXHIBIT 1**

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | ) | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**ORDER EXTENDING THE DATE BY WHICH**
**OBJECTIONS TO CLAIMS MUST BE FILED**

Upon the motion (the "**Motion**")[1] filed by the ResCap Liquidating Trust (the "**Liquidating Trust**"), as successor in interest to the debtors (collectively, the "**Debtors**") in the above-captioned cases (the "**Chapter 11 Cases**"), for an order to extend the Claims Objection Deadline, as more fully set forth in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§157 and 1334 and the Amended Standing Order of Referral of Cases to Bankruptcy Court Judges of the District Court for the Southern District of New York, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. §§ 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and no other or further notice need be provided; and the relief requested in the Motion being in the best interests of the Liquidating Trust, the Liquidating Trust's beneficiaries, the Borrower Claims Trust, the Borrower Claims Trust's beneficiaries, and the Debtors; and the Court having reviewed the Motion and the *Declaration of Deanna Horst in Support of the Motion to Further Extend the Date by Which Objections to Claims Must be Filed* annexed to the Motion as **Exhibit 2**; and the Court having

---

[1] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

- 2 -

determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is granted as provided herein.

2. The Claims Objection Deadline with respect to all Claims is extended to March 15, 2016, without prejudice to the Liquidating Trust's ability to seek further extensions for itself and the Borrower Claims Trust for good cause shown.

3. The Court shall retain jurisdiction relating to the interpretation and implementation of this Order.

Dated: _____, 2015
       New York, New York

_____
UNITED STATES BANKRUPTCY JUDGE

# **EXHIBIT 2**

**Horst Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, <u>et al</u>., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
|  | ) |  |

**DECLARATION OF DEANNA HORST IN SUPPORT OF THE
MOTION TO FURTHER EXTEND THE DATE BY WHICH
<u>OBJECTIONS TO CLAIMS MUST BE FILED</u>**

I, Deanna Horst, hereby declare as follows:

1. I am the Chief Claims Officer for the ResCap Liquidating Trust (the "**Liquidating Trust**"), and previously served as Chief Claims Officer for Residential Capital, LLC and its affiliates ("**ResCap**"), a limited liability company organized under the laws of the state of Delaware and the parent of the other post-effective date debtors in the above-captioned Chapter 11 Cases (collectively, the "**Debtors**"). I was formerly employed by affiliates of ResCap beginning in August of 2001. In June 2012, I became Senior Director of Claims Management for ResCap and became Chief Claims Officer of ResCap in October of 2013. I began my association with ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the Debtors' responsible lending on-site due diligence program. In 2002, I became the Director of Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—a position I held until 2006, at which time I became the Vice President of the Credit Risk Group, managing Correspondent and Broker approval and monitoring. In 2011, I became the Vice President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in this role. In my current position, I am responsible for Claims Management and Reconciliation and Client Recovery. I am authorized to submit this

declaration (the "**Declaration**") in support of the *Motion to Further Extend the Date by Which Objections to Claims Must be Filed* (the "**Motion**").[1]

2. Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations and finances, information learned from my review of relevant documents and information I have received through my discussions with other members of the Debtors' management or other employees of the Debtors, the Debtors' and the Liquidating Trust's professionals and consultants, and/or Kurtzman Carson Consultants LLC ("**KCC**"), the Debtors' notice and claims agent. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3. In my capacity as Chief Claims Officer, I am intimately familiar with the claims reconciliation process in these Chapter 11 cases. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records (the "**Books and Records**"), the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "**Schedules**"), my review and reconciliation of claims, and/or my review of relevant documents. Since the Plan went effective, I, along with other members of the Debtors' management or other employees of the Debtors have continued the claims reconciliation process, analyzed claims, and determined the appropriate treatment of the same. In connection with such review and analysis, where applicable, the Liquidating Trust has reviewed (i) information supplied or verified by personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the Claims Register maintained in the Debtors' Chapter 11 Cases.

---

[1] Defined terms used but not defined herein shall have the meanings ascribed to such terms as set forth in the Motion.

4.      Under my supervision, considerable resources and time have been expended to ensure a high level of diligence in reviewing and reconciling the proofs of claim filed in these Chapter 11 Cases. Such claims were reviewed and analyzed by the appropriate personnel and professional advisors.

5.      To date, approximately 7,488 unsecured, secured, priority, and administrative proofs of claim (collectively, the "**Claims**") have been filed in these cases, including late filed claims, with asserted liabilities in excess of $110.0 billion, plus unliquidated amounts. The Claims consist of approximately 3,042 Borrower Claims with asserted liabilities of approximately $15.5 billion, plus unliquidated amounts, and approximately 4,446 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion, plus unliquidated amounts. In addition, approximately 6,189 additional unsecured, secured, priority, and administrative claims are identified in the Schedules (including contingent, unliquidated, and disputed claims).

6.      Since the Effective Date, the Liquidating Trust, as well as the Borrower Claims Trust, has undertaken a comprehensive review of the Claims. To date, the Debtors (prior to the Effective Date) as well as the Liquidating Trust and the Borrower Claims Trust (after the Effective Date) have successfully filed and prosecuted 82 omnibus and approximately 41 individual claims objections that resulted in the expungement of approximately 3,897 Claims, consisting of more than $399.3 million in administrative expense claims, $16.7 billion in priority claims, $13.6 billion in secured claims, and $14.8 billion in general unsecured claims. In addition, through negotiations and informal objections as contemplated in the Claims Objection Procedures Order and the Plan, the Debtors, the Liquidating Trust and the Borrower Claims Trust have resolved or otherwise effectuated the withdrawal of approximately 2,933 Claims,

consisting of more than $6.0 million in administrative expense claims, $1.0 billion in priority claims, $2.5 billion in secured claims, and $60.2 billion in general unsecured claims. To date, approximately 2,703 Borrower Claims with asserted liabilities of approximately $14.9 billion have been resolved, expunged or withdrawn, and approximately 4,127 Non-Borrower Claims with asserted liabilities of approximately $94.3 billion have been resolved, expunged or withdrawn. Thus, as a result of these efforts, approximately 91.2% of the Claims have either been expunged, resolved or otherwise withdrawn.

7.  Moreover, a significant portion of the Liquidating Trust's and Borrower Claims Trust's resolution of Claims has been achieved since the prior extension of the Claims Objection Deadline. In the last nine months, the Liquidating Trust and Borrower Claims Trust have resolved or otherwise effectuated the withdrawal of approximately 862 Claims, consisting of more than $6.0 million in administrative expense claims, $5.4 million in priority claims, $149.1 million in secured claims, and $260.2 million in general unsecured claims.

8.  While the claims reconciliation process has successfully addressed the vast majority of the Claims, there remain approximately 657 unresolved Claims (including duplicative claims against multiple Debtors), consisting of approximately $0.6 million in administrative expense claims, $453.2 million in priority claims, $16.1 million in secured claims, and $338.2 million in general unsecured claims, as well as approximately 264 unliquidated claims (together, the "**Unresolved Claims**"). The Unresolved Claims include approximately 338 Borrower Claims with asserted liabilities of approximately $554.6 million and approximately 319 Non-Borrower Claims with asserted liabilities of approximately $253.5 million. The Liquidating Trust (as well as the Borrower Claims Trust) is currently in the process of reconciling the Unresolved Claims which, by their nature, tend to require more time and

involvement to assess and resolve than many of the claims that have already been expunged, satisfied, or otherwise resolved.

9. Both the Liquidating Trust and the Borrower Claims Trust require additional time to continue their claims reconciliation processes. The Liquidating Trust believes that extending the Claims Objection Deadline to March 15, 2016 will allow it and the Borrower Claims Trust to dedicate the necessary time and resources toward reviewing, objecting to, settling, satisfying, or otherwise resolving claims. This extension should not prejudice the claimants. To the contrary, creditors should ultimately receive greater distributions if both the Liquidating Trust and the Borrower Claims Trust are given the opportunity to review, negotiate and, where appropriate, seek to expunge or reduce those claims that are improperly filed or unsubstantiated. During this extension, the Liquidating Trust and the Borrower Claims Trust will attempt to reach the consensual resolution of the Unresolved Claims, or, if necessary, seek to disallow certain Unresolved Claims.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 14, 2015

/s/ Deanna Horst
Deanna Horst
Chief Claims Officer for the ResCap
Liquidating Trust