Pg 1 of 4

**MORRISON | FOERSTER**

425 MARKET STREET
SAN FRANCISCO
CALIFORNIA 94105-2482

TELEPHONE: 415.268.7000
FACSIMILE: 415.268.7522

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BERLIN, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

May 12, 2015

Writer's Direct Contact
+1 (415) 268.7232
ALewis@mofo.com

Via UPS Overnight Service

Hon. Martin Glenn
United States Bankruptcy Court
Southern District of New York
One Bowling Green
New York, New York 10004-1408

Re:   In re Residential Capital, LLC et al.
      United States Bankruptcy Court
      Southern District of New York
      Jointly Administered Under Case No. 12-12020 MG
      Objection to Mack Claim (No. 386)

Dear Judge Glenn:

In accordance with the Court's instructions, on behalf of the ResCap Borrower Claims Trust (the "Trust"), I am submitting by letter for filing the Trust's objections to the testimony of Cheryl Mack during her depositions of November 16, 2011 and April 4, 2012 that claimants Barry Mack individually and as executor of the estate of Cheryl Mack (the "Claimants") intend to offer into evidence at the trial of the above claim objection on June 10-11, 2015.

In this letter, I will use the following additional defined terms:

"Vol. I" means the November 15. 2011 deposition transcript.

"Vol. II" means the April 4, 2012 morning deposition transcript.

"Vol. III" means the April 4, 2012 afternoon deposition transcript.

The "Macks" means Cheryl and Barry Mack.

"GMACM" means GMAC Mortgage LLC.

"DB" means "Deutsche Bank Trust Company Americas as Trustee for RALI 2007Q3.

The "Letter" means the letter dated October 26, 2009 from the Macks to GMACM.

sf-3534691

MORRISON | FOERSTER

Hon. Martin Glenn
May 12, 2015
Page Two

"Section 2605(e)" means 12 U.S.C. section 2605(e).

"QWR" means a qualified written request within the meaning Section 2605(e).

The "Opinion" means the Court's July 24, 2014 Opinion and Order [etc.] (Dkt. No. 7297).

As a threshold matter, the Trust objects to the introduction of any of Vol. I, Vol. II or Vol. III except for Vol. I 87:11-88:9 and I 88:14-91:1, Vol III 40:16-43:6, 76:8-77:15 and 77:16-20[1] as evidence for the Claimants as being irrelevant. Per the Opinion, the *only* claim at issue in this proceeding is the Claimants' assertion that the Letter was a QWR and that they suffered damages from GMACM's alleged failure to respond to the Letter. (Opinion 31.) Furthermore, the Opinion makes it clear that to recover on the claim, the Claimants must establish injury and damages that flowed specifically from that alleged failure to respond, as distinct from injury and damages they suffered from GMACM's wrongfully-commenced foreclosure against their home. (Opinion 30.) The *only* testimony about the Letter in either Vol. I or Vol. II is in the passages cited above.[2] There is *no* testimony whatsoever about the fallout specifically from the Letter. All the other testimony is about the foreclosure and its aftermath. There is nothing in the transcripts to link the Letter to any specific subsequent events or consequences. To admit other portions of Vol. I and Vol. II is, in effect, to permit the Claimants to retry the foreclosure claims, an avenue the Court specifically prohibited in the Opinion. (Opinion 30.)

What follows below are objections to specific passages, assuming the Court does not sustain the general objection above:

| Source | Citation | Objection |
|--------|----------|-----------|
| Vol. II | 15:18-25:17 | Relevance |
|         | 26:6-30:20  | Relevance |

---

[1] The last two citations are Defendant's Exhibit V in the Joint Pretrial Order (Proposed) (Dkt. No. 8162 at 19) and relate to the timing of when the Macks knew that the foreclosure had been dismissed and when their response to the alleged QWR was due; the other citations relate to the authentication and origin of the Letter.
[2] Vol. I relates primarily though not exclusively to when DB learned of the Claimants' counterclaims against DB in the foreclosure proceeding for purposes of DB's motion to set aside the Florida judgment against DB. Indeed, it is unclear whether the Claimants intend to offer any of Vol. I as evidence or are limiting themselves to Vol. II and Vol. III (the videotaped depositions).

sf-3534691

MORRISON | FOERSTER

Hon. Martin Glenn
May 12, 2015
Page Three

|  | 32:2-36:11 | Relevance |
|---|---|---|
|  | 43:11-45:16 | Relevance |
|  | 47:7-50:1 | Relevance |
|  | 50:15-53:5 | Relevance |
|  | 54:1-56:13 | Relevance |
|  | 56:18-77:5 | Relevance |
|  | 78:9-79:19 | Relevance |
|  | 81:16-83:6 | Relevance |
|  | 89:1-92:24 | Relevance |
| Vol. III | 24:15-28:6 | Relevance |
|  | 29:1-31:5 | Relevance |
|  | 32:3-40:14 | Relevance |
|  | 43:7-46:11 | Relevance |
|  | 63:9-71:19 | Relevance |
|  | 72:6-75:19 | Relevance |

sf-3534691

MORRISON | FOERSTER

Hon. Martin Glenn
May 12, 2015
Page Four

|  | 88:4-90:8 | Relevance |
|---|---|---|
|  | 90:21-end | Relevance |

If you would like copies of the transcripts, please have your chambers so advise me and I will supply them immediately.

Respectfully submitted,

*[signature]*

Adam A. Lewis

cc:   David F. Garber, Esq. (Via UPS Overnight Service)

sf-3534691