

COPY
Judge Glenn

UNITED STATE BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE: | CASE No 12-12020 |
| RESIDENTIAL CAPITAL, LLC, ET AL., | CHAPTER 11 |
| DEBTORS | |

RECEIVED
MAY 11 2015
U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

UNITED STATE DISTRICT COURT FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

| | |
|---|---|
| RONALD P GILLIS | CASE No: 2:14-CV-418-FTM |
| PLAINTIFF | |
| V | |
| DEUTSCHE BANK TRUST COMPANY AMERICAS, ERIN MAE ROSE QUINN ANDREW LEE FIVECOAT | |
| DEFENDANT | |

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA
CIVIL ACTION

| | |
|---|---|
| UNKNOWN PURPORTED PLAINTIFF PURPORTED PLAINTIFF | |
| V | CASE NO.: 08-000252-CA |
| RONALD P GILLIS, et al, PURPORTED DEFENDANT | |

## Status Update

Comes now, Ronald Gillis, creditor in New York Bankruptcy Court, who is also noticing and informing the U. S. District Court in Fort Myers and Twentieth Judicial Circuit Court in Charlotte County of issues being addressed in the New York Bankruptcy Court related to the cases in the other Courts.

Mr Rosebaum was issued a verbal order to produce all information on March 12, 2015 by Judge Martin Glenn, except emails, pertaining to the undersigned or the property of the undersigned. Mr Rosebaum filed a Notice of Update with the Court (see exhibit 1) that stated

1 of 4   Status Update

US Bankruptcy Court Southern District NY 12-12020
USDistrict Court Fort Myers 2:14-CV-00418    20th Judicial Court 08-252-CA

in essence that all information had been produced and given to the undersigned in compliance with New York Bankruptcy Judge Martin Glenn's verbal order. However, Mr Rossenbaum stated the undersigned had faxed a request for additional information. Based upon the record, the information received by the undersigned does not appear to be complete, as the record indicates far more than what Mr Rosenbaum produced. As such, it appears Mr Rosenbaum is misleading the Court, or the GMAC entities are deliberately withholding information ordered released by the Court. Neither possibility are acceptable to the undersigned.

Mr Rosenbaum's response appears focused on the purported "servicing" of this purported "mortgage," yet the undersigned is concerned about ALL aspects surrounding this purported "mortgage" transaction. Mr Rosebaum produced a copy of the purported note which differs from the purported copy in the state court, if indeed an original exists. See Exhibit 2. The version in the state court files has endorsements to and from the GMAC entity "Residential Funding Corporation," yet no information regarding this purported ownership, change of ownership, or when these purported transactions occurred was provided by Mr Rosenbaum's reply. Further, the record also purports Homecomings Financial was utilized by the broker, Jason Johnson of Wachovia Mortgage, and it is Homecomings Financial that purports to have "lent" the money as well as did the underwriting of this purported "loan." See exhibit 3. Again, no corresponding information of purported lending or underwriting was produced in compliance with the Court Order. When this verbal order was given, the undersigned requested, but was denied a specific date for Mr Rosenbaum to respond. It has been two months, and to date Mr Rosenbaum has not yet fully complied with the Court Order. The undersigned has given Mr Rosenbaum a deadline of close of business Friday May 08, 2015 to FULLY comply with the Court's Order. With this filing, the undersigned is extending this deadline to the close of business Monday May 18, 2015. If Mr Rosenbaum continues to fail to fully reply, the undersigned will address this with the New York Bankruptcy Court appropriately.

Further, since it appears from the record none of the GMAC entities appears to have any

interest in the undersigned or the property of the undersigned, and since it will likely be necessary to do a Quiet Title Action to fix the title issues of the property, the undersigned did ask Mr Rosenbaum to stipulate such information in a general release.   However, Mr Rosenbaum has appeared to ignore said request.

Additionally, the undersigned feels it necessary to inform the New York Bankruptcy Court since the New York Bankruptcy Court has liquidated the various GMAC entities asset as of December 2013, the attorneys in the state court are attempting to "give" this purported asset to the GMAC entity Residential Accredit Loans Inc, which is part of the Bankruptcy case.   See Exhibit 4.   This pleading was filed July 26, 2013, but has not been ruled upon to date.   This attempt to transfer could effect the Bankruptcy case as well with Residential Accredit Loans Inc having had it's assets liquidated in December 2013.

Respectfully,

_/s/  Ronald P Gillis_

Ronald P Gillis
P O Box 380842
Murdock, FL 33938
(413) 622-2282

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that by signing this below, on May 05, 2015 a true and correct copy of the foregoing STATUS UPDATE  was furnished by  hand delivery or USPS 1st Class Mail to:

1.United States Bankruptcy Court - Southern District of New York (Copy to Judge Glenn)
One Bowling Green
New York, NY 10004

2. Florida Middle US District Court
2110 First Street
Fort Myers, FL 33901

3. 20th Judicial Circuit – Charlotte County (Copy Judge Porter)
350 East Marion Ave
Punta Gorda, FL 33950

4. Homecomings Financial LLC & GMAC-RFC Master Servicer

ATTN: Attorney Justin T. Wong
Troutman Saunders LLP
600 Peachtree St NE, Suite 5200
Atlanta, GA 30308-2216

5. Normal S Rosenbaum (also by fax 212-468-7900)
Morrison & Foerster
250 West 55th Street
New York, NY 10019


on this ___05th___ day of May, 2015

/s/  *Ronald P Gillis*
By:  Ronald P Gillis

4 of 4   Status Update

US Bankruptcy Court Southern District NY 12-12020
USDistrict Court Fort Myers 2:14-CV-00418    20th Judicial Court 08-252-CA

**EXHIBIT 1**

MORRISON & FOERSTER LLP
250 W. 55th Street
New York, New York 10019
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
James A. Newton

*Counsel for the ResCap Liquidating Trust*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, <u>et al.</u>, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

## THE RESCAP LIQUIDATING
## TRUST'S STATUS REPORT REGARDING
## <u>GILLIS RELIEF FROM STAY MOTION</u>

ny-1184703

1.      By order dated March 18, 2015 [Docket No. 8326], the Court denied a motion for relief from the automatic stay filed by Ronald P. Gillis [Docket No. 8257] (the "**Motion**").   At the hearing on the Motion, the Court directed the ResCap Liquidating Trust (the "**Liquidating Trust**") created pursuant to the chapter 11 plan confirmed by the above-captioned debtors (the "**Debtors**") in these chapter 11 cases to "undertake a search of electronic records for any records that relate to the Gilleses." *See* Tr. H'ring at 44:15-16.  The Court also directed the Liquidating Trust to attempt to locate the Gilleses' loan file and any servicing notes. *See id.* 45:12-21. The Court indicated, however, that searches of email correspondence was not necessary at this juncture. *See id.* at 1-2.  Finally, the Court directed the Liquidating Trust to file this status letter, indicating "whether [the Liquidating Trust] located documents and whether [it] provided them to the Gillises." *See* Tr. H'ring at 46:16-19.

2.      The Liquidating Trust undertook a search of the electronic records that it believed likely to contain information regarding the Gillis' loan.  Because Debtor Residential Funding Company, LLC acted only as the master servicer of the Gillis' loan – and not the subservicer – the Liquidating Trust's records did not contain substantial information regarding the Gillis' loan. For instance, the Liquidating Trust did not identify any servicing notes, which are typically kept by the subservicer of the loan in their records.  The Liquidating Trust nonetheless provided to Mr. Gillis each of the items that it was able to identify in its electronic records in unredacted form, including the following categories of documents: (i) the note related to the loan, (ii) the loan file contained in RFC's records, and (iii) certain documents related to affidavits prepared by Wells Fargo, N.A., as subservicer of the loan in connection with a foreclosure proceeding involving Mr. Gillis' property.  Additionally, as a courtesy the Liquidating Trust provided Mr. Gills with certain documents related to the trust into which his loan was securitized and an

ny-1184703

internet address at which he can find those and other related documents filed with the Securities

and Exchange Commission.

3.    Mr. Gillis was furnished with copies of the items located by the Liquidating Trust

by correspondence dated April 17, 2015, which was sent to the Mr. Gillis by an overnight courier

service.  Mr. Gillis has acknowledged receipt of the materials, but has requested additional

information by a notice faxed to counsel to the Liquidating Trust on April 22, 2015.  Although

the Liquidating Trust submits it has fully complied with the Court's directive, it is reviewing Mr.

Gillis' response and will respond in writing to Mr. Gillis.

Dated: April 24, 2015

                                     /s/ Norman S. Rosenbaum
                                     Norman S. Rosenbaum
                                     Jordan A. Wishnew
                                     James A. Newton
                                     MORRISON & FOERSTER LLP
                                     250 W. 55th Street
                                     New York, New York 10019
                                     Telephone:  (212) 468-8000
                                     Facsimile:  (212) 468-7900

                                     *Counsel for the ResCap Liquidating Trust*

ny-1184703

Residential Capital, LLC
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

PRF 70690***    1                     000001

Ronald P Gillis
PO Box 380842
Murdock FL 33938

**EXHIBIT 2**

5998168
GILLIS

## INTEREST FIRST NOTE

| May | 1 | , 2006 | CHARLOTTE | , FLORIDA |
|-----|---|--------|-----------|-----------|
| [Date] | | | [City] | [State] |

21238 COACHMAN AVE                    PORT CHARLOTTE, FL  33952

[Property Address]

**1.    BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $ __146,150.00__ (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is __WACHOVIA MORTGAGE CORPORATION__ . I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.    INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of __6.875__ %.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.    PAYMENTS**

**(A)    Time and Place of Payments**

I will make a payment every month. This payment will be for interest only for the first __120__ months, and then will consist of principal and interest.

I will make my monthly payment on the __1st__ day of each month beginning on __July__ __1__ , 2006. I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and if the payment includes both principal and interest it will be applied to interest before principal. If, on __June__ __1__ , 2036 , I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at __1100 CORPORATE CENTER DRIVE    RALEIGH, NC  27607-5066__ or at a different place if required by the Note Holder.

**(B)    Amount of Monthly Payments**

My monthly payment will be in the amount of U.S. $ __837.32__ for the first __120__ months of this Note, and thereafter will be in the amount of U.S. $ __1,122.16__ . The Note Holder will notify me prior to the date of change in monthly payment.

**4.    BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the Principal and the interest required under this Note will be paid prior to the Maturity Date.

FLORIDA INTEREST FIRST FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT                    Form 3271.10   1/01
241422  (02/01)  [14221]                                                    Page 1 of 3

LCW

6999168
GILLIS

**5.    LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

**6.    BORROWER'S FAILURE TO PAY AS REQUIRED**

(A)    Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of ___15___ calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)    Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)    Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D)    No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)    Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**7.    GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

**8.    OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

**9.    WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

FLORIDA INTEREST FIRST FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT
241422  (02/01)  [14222]                                                     Page 2 of 3

Form 3271.10    1/01

LCW

5999168
GILLIS

10.    UNIFORM SECURED NOTE

This Note is a uniform instrument with limited variations in some jurisdictions.  In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note.  That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note.  Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument.  However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration.   The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument.  If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

11.    DOCUMENTARY TAX

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____          _____(Seal)          _____( Seal)
RONALD P GILLIS                                              - Borrower                                                     -Borrower

_____(Seal)          _____(Seal)
- Borrower                                                     -Borrower

_____(Seal)          _____(Seal)
-Borrower                                                     -Borrower

_____(Seal)          _____(Seal)
-Borrower                                                     -Borrower

[Sign Original Only]

FLORIDA INTEREST FIRST FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT          Form 3271.10    1/01
241422  (02/01)  [14223]                                                    Page 3 of 3                                                    LCW

## INTEREST FIRST NOTE

May_____1_____, 2006                     CHARLOTTE_____, FLORIDA
    [Date]                                    [City]                [State]

21238 COACHMAN AVE                     PORT CHARLOTTE, FL  33952
                     [Property Address]

**1.     BORROWER'S PROMISE TO PAY**

In return for a loan that I have received, I promise to pay U.S. $___146,150.00_____ (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is __WACHOVIA MORTGAGE CORPORATION__ _____. I will make all payments under this Note in the form of cash, check or money order.

I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

**2.     INTEREST**

Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of ___6.875_____%.

The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

**3.     PAYMENTS**

(A)     Time and Place of Payments

I will make a payment every month. This payment will be for interest only for the first ____120____ months, and then will consist of principal and interest.

I will make my monthly payment on the __1st__ day of each month beginning on __July____1__, 2006. I will make these payments every month until I have paid all of the Principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and if the payment includes both principal and interest it will be applied to interest before principal. If, on ___June____1____, 2036, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."

I will make my monthly payments at __1100 CORPORATE CENTER DRIVE    RALEIGH, NC  27607-5066__ or at a different place if required by the Note Holder.

(B)     Amount of Monthly Payments

My monthly payment will be in the amount of U.S. $___837.32_____ for the first _120__ months of this Note, and thereafter will be in the amount of U.S. $____1,122.16_____. The Note Holder will notify me prior to the date of change in monthly payment.

**4.     BORROWER'S RIGHT TO PREPAY**

I have the right to make payments of Principal at any time before they are due. A payment of principal only is known as a "Prepayment." When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note.

I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date of my monthly payment unless the Note Holder agrees in writing to those changes. However, if the partial Prepayment is made during the period when my monthly payments consist only of interest, the amount of the monthly payment will decrease for the remainder of the term when my payments consist only of interest as well as during the time that my payments consist of principal and interest. If the partial Prepayment is made during the period when my payments consist of principal and interest, the amount of my monthly payment will not decrease; however, the Principal and the interest required under this Note will be paid prior to the Maturity Date.

FLORIDA INTEREST FIRST FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT      Form 3271.10   1/01
241422  (02/01)  [14221]                Page 1 of 3                          LCW

5.    **LOAN CHARGES**

If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

6.    **BORROWER'S FAILURE TO PAY AS REQUIRED**

(A)    **Late Charge for Overdue Payments**

If the Note Holder has not received the full amount of any monthly payment by the end of ____15____ calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be 5.000 % of my overdue payment of interest and/or principal and interest. I will pay this late charge promptly but only once on each late payment.

(B)    **Default**

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

(C)    **Notice of Default**

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least 30 days after the date on which the notice is mailed to me or delivered by other means.

(D)    **No Waiver By Note Holder**

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

(E)    **Payment of Note Holder's Costs and Expenses**

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

7.    **GIVING OF NOTICES**

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

8.    **OBLIGATIONS OF PERSONS UNDER THIS NOTE**

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

9.    **WAIVERS**

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

FLORIDA INTEREST FIRST FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT          Form 3271.10   1/01
241422   (02/01)   [14222]                                      Page 2 of 3

LCW

10.    **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

11.    **DOCUMENTARY TAX**

The state documentary tax due on this Note has been paid on the mortgage securing this indebtedness.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_Ronald P Gillis_ _____ (Seal)    _____ ( Seal)
RONALD P GILLIS                - Borrower                                              -Borrower

_____ (Seal)    _____ (Seal)
                                      - Borrower                                              -Borrower

_____ (Seal)    _____ (Seal)
                                      -Borrower                                              -Borrower

_____ (Seal)    _____ (Seal)
                                      -Borrower                                              -Borrower

                                                                                 [Sign Original Only]

PAY TO THE ORDER OF

_____

RESIDENTIAL FUNDING CORPORATION
WITHOUT RECOURSE
WACHOVIA MORTGAGE CORPORATION

BY: _____
        Assistant Vice President
        KAREN DAVIS

PAY TO THE ORDER OF
Deutsche Bank Trust Company Americas as Trustee
WITHOUT RECOURSE
Residential Funding Corporation

BY _____
Judy Faber, Vice President

FLORIDA INTEREST FIRST FIXED RATE NOTE—Single Family—Fannie Mae UNIFORM INSTRUMENT            Form 3271.10    1/01
241422  (02/01)  [14223]                                                    Page 3 of 3                                                    LCW

# FORECLOSURE HEADER SHEET

**WELLS FARGO | HOME MORTGAGE**

| Borrower Name | RONALD P GILLIS |
|---|---|
| Loan Number | 0005999168 |
| Barcode: (Loan Number) | |

## FILE HISTORY

| From | Date | To |
|---|---|---|
| Check In/ Review: | | NE REQ. / COLF.LRSH. / ASSIGN. / HMDC |
| | | IMAGING / NOTE ENDORSEMENT ISSUE |
| | | |
| | | |
| | | |

## Loan Status

| CHECK IN | REVIEW |
|---|---|
| Assignment Team Requesting collateral file | _____ File Missing Note ( Send to SAVO) |
| e-Note | _____ Note Endorsement Loan (Send to NE Team) |
| Open SLR Defi | |
| Nevada Mediation Alert Comments (Notify WD) | |

## Note Endorsement Team

| 4A: Endorsed to Blank | 4B: Endorsed Per Bene Vesting |
|---|---|
| 4C: Note Needs End State | 4D: Lost Note Affidavit Drafted |

Comments

## Note Endorsement Main Deficiency

| ☐ Satisfy | ☐ Error | ☐ Override |
|---|---|---|

## Lost Note Affidavit Team

| 4D Lost Note Affidavit or Lost Instrument Bond Prepared | Col. File Found without Note |
|---|---|
| Check Review Order Defi  (Special Routing Info) | Col. File not found, Pocket Folder Needed |
| 4D Prior Lender LNA Affidavit | Active |
| | Pro-Active |

Comments

Updated: 11/25/13

## AFFIDAVIT OF NOTE IN COURT POSSESSION

PERSONALLY appeared before me, _____Omar Yusuf Qanyare_____ (the "Affiant"),
who, upon being duly sworn, states on his/her oath as follows:

1.    Affiant is a **Vice President Loan Documentation** employed by WELLS
FARGO BANK, N.A. ("Wells Fargo"), Servicer.

2.    I am authorized to make this Affidavit on behalf of **WELLS FARGO BANK,
N.A., SERVICING AGENT TO DEUTSCHE BANK TRUST COMPANY AMERICAS,
AS TRUSTEE FOR RESIDENTIAL ACCREDIT LOANS, INC., MORTGAGE ASSET-
BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-QS8.** In the regular
performance of my job functions, I am familiar with business records maintained by Wells Fargo
for the purpose of servicing mortgage loans and I have personal knowledge of the operation of
and the circumstances surrounding the preparation, maintenance, and retrieval of records in
Wells Fargo's record keeping systems. These records (which include data compilations,
electronically imaged documents, and others) are made at or near the time by, or from
information provided by, persons with knowledge of the activity and transactions reflected in
such records, and are kept in the course of business activity conducted regularly by Wells Fargo.
It is the regular practice of Wells Fargo's mortgage servicing business to make these records. I
have acquired personal knowledge of all facts set forth in this affidavit by examining these
business records.

3.    **RONALD P GILLIS** executed and delivered to **WACHOVIA MORTGAGE
CORPORATION** a certain Note dated **MAY 1, 2006** in the original principal amount of
**$146,150.00** with an interest rate of **6.875 %**. The Note was secured by a Mortgage executed by
**RONALD P GILLIS**, the record owner of the property located at **21238 COACHMAN AVE,
PORT CHARLOTTE, FLORIDA 33952** , dated **MAY 1, 2006**, and recorded on **MAY 05,
2006** in **CHARLOTTE COUNTY, FLORIDA**, in **BOOK 2961 AND PAGE 416-433 OR** as
**INSTRUMENT # 1547619**.

4.    *Upon information and belief*, on **JUNE 18, 2009, JAMES E. ALBERTELLI,
PA**, Counsel for **DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE**,
submitted the original Note with **THE CIRCUIT COURT OF THE TWENTIETH
JUDICIAL CIRCUIT IN AND FOR CHARLOTTE COUNTY, FLORIDA** in relation to

098-NTL-V2

DEUTSCHE BANK TRUST COMPANY AMERICAS AS TRUSTEE vs. RONALD P. GILLIS, ET AL. As of APRIL 3, 2014, JAMES E. ALBERTELLI, PA confirmed that the Court still has possession of the Note. A copy of the Note is attached to this affidavit.

098-NTL-V2

FURTHER AFFIANT SAYETH NAUGHT.

WELLS FARGO BANK, N.A., SERVICING
AGENT TO DEUTSCHE BANK TRUST
COMPANY AMERICAS, AS TRUSTEE FOR
RESIDENTIAL ACCREDIT LOANS, INC.,
MORTGAGE ASSET-BACKED PASS-
THROUGH CERTIFICATES, SERIES 2006-
QS8

Sign: _____

Name: __Omar Yusuf Qanyare_____

Company: WELLS FARGO BANK, N.A._____

Title: Vice President Loan Documentation_____

Date: __04-10-14_____

State of Minnesota    )
County of Dakota      )

Sworn and subscribed to before me this __10__ day of __April_____, 2014.

_____ (Signature)            (Stamp or Seal)
         Kyle P. Blazovich

Name _____
Notary Public
My Commission expires: __Jan 31, 2017__

KYLE P. BLAZOVICH
NOTARY PUBLIC - MINNESOTA
My Commission Expires
January 31, 2017

098-NTL-V2

**EXHIBIT 3**

From: peggy.kerwin@wachovia.com
Sent: Thu 4/13/06 11:10 AM
To: ronald gillis
Cc: jason.johnson@wachovia.com

Thank you. I forwarded the information to Homecomings as soon as I received it. I have provided information to them as well that these are the only payments you have made on this brand new loan. If I do not hear anything from them by 2pm today, I will follow up with a phone call on status. Every lender has a system they work within. And conditions are reviewed in the order received. Because this loan is brokered, it is not a Wachovia U/W I can address. I have requested RUSH assistance from the processor at Homecomings in light of the circumstances and I will contact you as soon as I have something to report.

Please understand I am trying my best to assist you. The Title Company (your closing agent) handles the payoffs on your loan. Therefore, without this information disclosed on your credit report or your application I had no way of knowing this lien existed. I had requested information as to whom your title and insurance was with on several occasions. I did not receive this information from you, through Jason until 3/23 and ordered the title request immediately. I did not receive a copy of your title search from the title company, which did disclose the 2nd loan until 4/3, which is the same day that you sent me an email which included the subordination agreement in attachment form. This second lien was a complete surprise to me. Had it been listed as a liability on the application to begin with, I would have questioned it not appearing on the credit report and addressed this issue immediately by requesting a payment history long ago. I believe we all want to achieve the same goal, which is to close your loan. I empathize that you have experienced frustration and want to work to make your final closing experience as positive as possible. Again, thank you for your patience.

Kindly,
Peggy
*Peggy Kerwin*



IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR CHARLOTTE COUNTY, FLORIDA
CIVIL ACTION

DEUTSCHE    BANK    TRUST    COMPANY
AMERICAS AS TRUSTEE FOR GMAC-RFC
MASTER SERVICING,

      Plaintiff,

                                CASE NO.: 08-000252-CA
vs.                                DIVISION:

RONALD P. GILLIS, et al,

      Defendant(s).

_____/

**MOTION TO AMEND PLAINTIFF NAME TO INCLUDE NAME OF THE EXPRESS TRUST**

      Plaintiff, Deutsche Bank Trust Company Americas as Trustee, moves this Honorable Court for an

Order Granting Motion to Correct Name of Plaintiff and in support thereof states:

      1.      On or about January 15, 2008, a Complaint was filed listing the name of the Plaintiff as

"Deutsche Bank Trust Company Americas as Trustee."

      2.      On or about December 2, 2009, this Court entered an Order Granting Motion to Correct

Name of Plaintiff, allowing Plaintiff to incorporate the name of the master servicer, GMAC-RFC Master

Servicing, and amending the caption to include same.

      3.      On or about February 13, 2013, Ocwen Master Servicing purchased GMAC-RFC Master

Servicing.

      4.      Plaintiff believes it is pertinent to more fully describe the Trust associated with the subject

Trustee pursuant to Florida Rule of Civil Procedure 1.210(a) and at the request of the Defendant. As such,

Plaintiff requests this Honorable Court amend the Plaintiff name and caption to incorporate the specific Trust

associated with same pursuant to Florida Rule of Civil Procedure 1.540(a) and to remove the recently

purchased master servicer.

5.      Plaintiff desires to change the Plaintiff name to:  Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., Mortgage Asset-Backed Pass-Through Certificates, Series 2006-QS8.

6.      The documentation supporting the amendment is being filed contemporaneous with the instant Motion in Plaintiff's Affidavit in Support of Entry of Final Judgment and in Opposition to Motion to Vacate Default, which is incorporated herein by reference.

WHEREFORE, the Plaintiff prays that this Honorable Court will enter an Order Granting Motion to Amend Plaintiff Name in order to include the name of the express trust for which Plaintiff is the Trustee.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to all parties on the attached service list by mail or eService on this _2 6_ day of July, 2013.

Albertelli Law
P.O. Box 23028
Tampa, FL 33623
(813) 221-4743

By:
Erin M. Rose-Quinn, Esq.
Florida Bar No. 64446

EMRQ - 07-02944

## Service List

Ronald P. Gillis
P.O. Box 380842
Murdock, FL  33938

SunTrust Bank
c/o Authorized Representative
21260 Olean Boulevard
Port Charlotte, FL 33952