Court & Copy
Scanning Filing

**1**    Alan Gjurovich,
     C/O: 934 W. Henderson,
**2**    PMB #: 132, Porterville, California, 93257;

**3**
     Star: Hills,
**4**    C/O: General Post,
     Porterville, California;
**5**    Movants in person.

RECEIVED
MAY 11 2015
U.S. BANKRUPTCY COURT
S.D. DIST. OF NEW YORK

**6**

**7**

**8**    UNITED STATES BANKRUPTCY COURT SOUTHERN DISTRICT OF NEW YORK

**9**                          Case #: 12-12020
                         Chapter 11; Jointly Administered.
**10**   In re:

**11**
   RESIDENTIAL CAPITOL, LLC,         BY SPECIAL VISITATION:
**12**   GMAC MORTGAGE LLC,           AFFIDAVIT OF Alan Gjurovich & Star Hills
   ETS SERVICES, LLC,              IN SUPPORT OF & APPLICATION FOR WAIVER
**13**   ET AL,                            OF COURT FILING FEE FOR MOTION FOR
**14**                               RELIEF FROM AUTOMATIC STAY &
                               INJUNCTION PROVISIONS OF FINAL
**15**                              SUPPLEMENTAL ORDER;
                     Debtors.
**16**

**17**   Alan Gjurovich & Star: Hills,

**18**   Third party Movants
**19**   by Special Visitation

**20**

**21**   By special Visitation, not by personal appearance, & waiving no Jurisdictional Issue, Claim,

**22**   or Right, comes now Alan Gjurovich & Star Hills with their Affidavit in support of and

**23**
   Application for Waiver of the filing fee for their Motion for Relief from Automatic Stay
**24**
   & Injunction Provisions as follows;
**25**

**26**                      <u>INCORPORATION BY REFERNCE</u>

**27**   Movants herein incorporate the contents of their Affidavit in support of their Motion for

**28**

Relief from Automatic Stay which is accompanying the said Motion including the contents of the attached Exhibits 1-4, all of which are hereby made a part hereof this Affidavit.

1. Alan David & Star: Hills say and Declare:

2. We are the Appellants in 5th District Court of Appeal of the State of California, Case #:

   F064464  without counsel.

3. We were witness to & have direct personal knowledge of the following matters of fact; We are competent to testify to the truth of the same if we are called upon to do so; and we will so testify if we are called upon to do so;

4. This Affidavit is made in regard to our accompanying Motion for an Order for Relief from *Automatic Stay & Injunction provisions of Chapter 11 Plan, etc., in support of & for a Court Order Waiving the filing Fee for the accompanying Motion for Relief from Automatic Stay & Injunction Provisions of Final Supplemental Order in Southern District Bankruptcy Court Case 12-12020;*

5. *Previously  Alan Gjurovich & Star: Hills were Plaintiffs in Kern County Superior Court Civil Action  271292, suing GMAC Mortgage LLC & ETS Services LLC, among others. The Trial Court allowed Alan & Star to Proceed with a Waiver of the Court Filing Fees, due to their lack of income & assets. After the  Court  Sustained  the  Demurrer  of  GMAC Mort. LLC & ETS Services LLC, Et Al, & Dismissed the Case with Prejudice, &  issued a Writ of Possession for the Eviction of Star & Alan from their home at 3018 Linden Avenue, Bakersfield, California. Thereafter  Star & Alan  were  forced  out  onto  the  street  by  the  Kern  County  Sheriffs Department  in  December  of  2010.*

6. *Star & Alan filed an Appeal from the Dismissal & the trial court as well as the 5th DCA issued Orders allowing Star & Alan to proceed on the Appeal with a Waiver of the Filing fees in both*

1  *Courts. Since this time Star & Alan have served & Filed their Opening Brief on Appeal which*

2  *raises several important questions of Law that are issue of First Impression, that have never*

3  *before been Ruled on by any Court in a published Opinion in the State of California.*

4
5  *Thereafter receiving the Opening Brief of Alan & Star, GMAC Mort. LLC & ETS Services*

6  *LLC, issued a 'Notice of Bankruptcy & Effect of Automatic Stay', after holding it for more*

7  *than two weeks. After briefing on the issue, The 5th DCA issued an Order Staying the Appeal*

8  *as to all Respondents to prevent a 'Fragmented Appeal'. Thereafter Jon D. Ives issued a*

9  *written Ultimatum letter to Star & Alan threatening that if they did not dismiss their Appeal*

10  *as to GMAC Mort. LLC & ETS Services LLC within 30 days he would seek sanctions against*

11
12  *Star & Alan from this Court in S.D. of NY Bankruptcy Case 12-12020. More than 8 months*

13  *has passed & no one has served Star & Alan with any such Motion for Sanctions, etc. Star &*

14  *Alan have recently received a Notice of a Motion filed for an Order establishing procedures*

15  *for enforcing the Injunction provisions in the Chapter 11 Plan, & Conformation Order, which*

16  *was Granted in March, the 13th 2015. The Court stated that the Debtors could begin filing*

17
18  *Motions to enforce injunction provisions no sooner than thirty (30) days from the date of that*

19  *Order, which was April 13, 2015. As of the present date, May 1, 2015, no Motion to enforce the*

20  *Injunction provisions has been received by Star & Alan, & so they have brought their*

21  *Motion for Relief the Automatic Stay & the injunction Provisions.*

22  7. *Since being forced out of their home at 3018 Linden Avenue, Bakersfield, California, Star &*

23  *Alan have been homeless & without any income or assets with which to pay the Filing Fees*

24
25  *for their Court Actions, and have been living off of the Charity of friends, who have supplied*

26  *a place to sleep & the other necessities of life, to the present time, May of 2015.*

27  **REQUEST FOR ORDER WAIVING THE FILING FEE FOR MOTION
FOR RELIEF FROM AUTOMATIC STAY & INJUNCTION PROVISIONS**

28

8. *Star & Alan do not have the ability to pay the & $160 + dollar filing Fee for this Motion for Relief from Automatic Stay & from the Injunction Provisions of the Final Supplemental Order in Case 12-12020, & based on the foregoing hereby Request this Court to issue an Order Waiving the filing Fee so that they can have their Motion heard on the Merits of the Motion. This Motion is Meritorious & is made in good faith, and is not made with the purpose or intent to stall, or delay any proceedings of any Court, & is not made to vex or harass any party to any Case in the Courts. A proposed Order is provided herewith this Request, or this Court can in the alternative issue its own Order.*

9. *If this Court fails to issue the Relief herein Requested a Gross Miscarriage of Justice will be the result, & Star & Alan will suffer irreparable harm & injury, in that their Right to prosecute their Appeal in 5th DCA Case F064464 will be lost, for which there is no speedy Adequate Remedy in the Ordinary course of Law.*

10. *Based upon all the foregoing there is good cause to Waive the filing Fee for the Motion of Star & Alan for Relief from Automatic Stay & Injunction provisions, & this Court is hereby respectfully Requested to issue an Order Waiving the filing Fee, & allowing Star & Alan to proceed on their Motion for Relief from Automatic Stay & Injunction provisions.*

*On this day,*

*the-first-day-of-the-Fifth-month-of-Two-thousand-fifteen,*

_____

**Alan Gjurovich**
all Rights reserved.

**Star: Hills**
All Rights reserved.

## DECLARATION

1   We the undersigned hereby Declare under Penalty of Perjury under the Laws of the State of
    California & New York, that the foregoing is true and correct. Executed this first day of May

2   2015, in the County of Tulare, Republic of California,

3

4   Alan Gjurovich                      Star: Hills
    all Rights reserved.                all Rights reserved.

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   Alan Gjurovich,
    C/O: 934 W. Henderson,
2   PMB #: 132, Porterville,
3   California, [93257].

4   Star: Hills, Sui Juris,
    C/O: Alan Gjurovich,
5   934 W. Henderson,
    PMB#: 132, Porterville,
6   California [93257].

7

8        UNITED STATES BANKRUPTCY COURT; SOUTHERN DISTRICT OF NEW YORK

9

10                                    Case #: 12-12020

11  In re:
                                        Chapter 11 Jointly Administered.
12  RESIDENTIAL CAPITOL, LLC,
    GMAC MORTGAGE LLC,               BY SPECIAL VISITATION: NOTICE OF;
13  ETS SERVICES, LLC,              Third party Objections of Alan Gjurovich & Star Hills
    ET AL,                          TO APPLICATION OF AUTOMATIC STAY TO
14                                  CALIFORNIA CIVIL APPEAL IN 5th DCA #:
                                    F064464, & MOTION FOR ORDER GRANTING
15                      Debtors.    RELIEF FROM AUTOMATIC STAY &
                                    INJUNCTION PROVISIONS OF CHAPTER 11
16                                  PLAN INCLUDING FINDINGS OF NON
17  Alan Gjurovich & Star Hills,    APPLICABILITY OF AUTOMATIC STAY;
                                    NON APPLICABILITY OF INJUNCTION
18                                  PROVISIONS OF CHAPTER 11 PLAN, OR
    Third party Movants            GOOD CAUSE FOR RELIEF FROM STAY
19  by Special Visitation          & INJUNCTION PROVISIONS; Etc.

20

21  TO: The Clerk & Presiding Judge of the Above entitled Court, & all interested Parties in the
22      above entitled Bankruptcy Case No. 12-12020, Please take Notice of the following:

23  By special Visitation, not by personal appearance, & waiving no Jurisdictional Issue, Claim,

24  or Right, comes now Alan Gjurovich & Star Hills who are Appellants in 5th DCA Appeal #:

25  F064464, who give Notice to the above court & all interested parties of their Objections &

26  Motion for Relief from Automatic stay, & Injunction provisions of final plan & confirmation

27  order, etc., as follows:

28
                                    Page 1 of 11

1. On the day of   /   /2015, in Court room # 501, at the hour _____, or as soon thereafter as Movants can be heard, *Alan Gjurovich & Star: Hills will Move the Above named Court, & Presiding Judge thereof or his appointee, Judge Martin Glenn, for an Order Granting Relief from the Automatic Stay & Relief from injunction provisions of 'Final Plan',& confirmation Order, including for findings of non applicability of Automatic Stay; Non applicability of Injunction Provisions in the plan & confirmation Order; or good cause for Relief from Automatic Stay & Injunction Provisions; &/or an Order Abstaining from Ruling in any Proceeding to Enjoin the Appeal in California State Court of Appeal in 5th District Court of Appeal Case# F064464 including an Order clarifying certain portions of the Courts 'Final Supplemental Order' of 7/13/2012, based upon the following grounds:*

(1) The 'Final Supplemental Order Under Bankruptcy Code Sections 105 (a), 362, 363, 502, 1107(a), and 1108, and Bankruptcy Rule 9019 *(i) Authorizing the Debtors to continue implementing Loss Mitigation Programs; (ii) approving procedures for compromise and settlement of certain claims, litigations and causes of action;(iii) granting limited stay relief to permit foreclosure and eviction proceedings, borrower bankruptcy cases, and title disputes to proceed" of 7/13/12, appears to allow the Appeal in California 5th Appellate District Case #: F064464, at page 13 under (a) & (b), in that there is provision under (a) allowing third Party Claimants', to 'prosecute appeals','with respect to any direct claims or counter claims relating exclusively to the property that is the subject of the loan owned or serviced by a debtor in connection with any title dispute'; under subdivision (b) on page 13, it states: "absent further order of the Court, the automatic stay shall remain in full force and with respect to all pending and future third party claimant direct claims and counter claims: (i)for monetary relief of any kind and of any nature against the Debtors; (ii) for relief that is not necessary for the resolution of the Title Dispute; or (iii) asserted in the form of a class action or collective action;" However there is no injunctive language in reference to any appeal in*

subdivision (b) as there is in the preceding subdivision (a), which indicates an intention by the Court to allow any appeals pending prior to the time of the filing of the Bankruptcies in Case #:12-12012, from a final Judgment entered in an action against the debtors prior to the filing of Bankruptcy by debtors, which is the case here in 5th DCA # F064464; Movants request an Order clarifying these provisions, as to 5th DCA Appeal in # F064464; The Appeal in #: F064464 is not an In Rem Proceeding, has no direct impact on any Real Property or Assets of the Debtors in Southern District of New York Bankruptcy Case # 12-12020, it only concerns questions of Law bearing on the prior final Judgment of the Trial Court before the Bankruptcy filings, & does not 'block the path' of, or 'interfere' with, the Bankruptcy Court, or the purpose of the Bankruptcy Court Proceedings in case # 12-12020.

(2) Counsel for GMAC Mortgage, LLC, & ETS Services, LLC, Jon D. Ives, State Bar # 230582, has threatened Appellants Alan Gjurovich & Star Hills in written letters via US Mail, dated 7/1/14, that if said Appellants did not voluntarily Dismiss their Appeal in 5th DCA Case # F064464 against the Corporate Defendants GMAC Mort. LLC & ETS Services LLC, by the date of 7/31/14, he would seek sanctions against Appellants, Movants herein, in the Southern District Bankruptcy Court of New York, Case #:12-12020, asserting that such a Dismissal is Required by the Injunction provisions set out in the Final Plan in Case 12-12020, because said Appellants failed to file any Claim in Southern District of New York Bankruptcy Case 12-12020, (which said Court is more than 2,800 miles away from Appellants address) despite the fact said entities never listed Alan or Star as Creditors in their chapter 11 Case, which indicates they had personal knowledge that Alan & Star are not in fact Creditors with legally Enforceable claims, & Ives has failed to present any basis in fact or law to establish that Alan & Star meet the requirements of "Creditors" authorized to file a "Claim" under the Federal Bankruptcy Law, as set forth in 'Title 11 U.S.C. Section § 501: 'Filing of proofs of claims or interests''(a) A creditor or an indentured trustee may file a proof of claim.',& in Title 11, Sections 101, Definitions of 'Creditor' & 'Claim', which Require that there be a

1  *legally enforceable 'Right to payment', for there to be 'Proof of Claim'. Due to the Res*

2  *Judicata final Judgment in Kern County Superior Court Case CV-271292, subject to the*

3  *current Appeal in 5th DCA Case # F064464, Appellants have no 'legally enforceable' 'Right*

4  *to payment', ie: a 'Creditors Claim' under Title 11 USC, & are not authorized by Federal Law*

5  *to file any such Claim, & therefore do not come under the 'Proof of Claim' Requirements of*

6  *the Federal Bankruptcy Code, or the 'Injunction' provisions of the Final Plan in Southern*

7  *District of New York Bankruptcy Case 12-12020.*

8  (3) The aforesaid claims of Ives & said Bankrupt entities *are not made in good faith; there was*

9  *never any automatic stay under USC Title 11 Section 362 regarding the Real Property located*

10  *at 3018 Linden Avenue, Bakersfield, California, that is subject to the Appeal in 5th DCA #:*

11  *F064464, Pursuant to subdivision ( C ) of USC Title 11, Section 362, which states:*

12  *"(C) Except as provided in subsections (d), (e), (f), and (h) of this section - "*

13  *"(1) the stay of an act against property of the estate under subsection (a) of this*

14  *section continues until such property is no longer property of the estate;"*

15  *As of 3/8/2011 the Real Property at 3018 Linden Ave., Bakersfield California, was not the*

16  *property of the Estate of GMAC MORTGAGE LLC, OR ETS Services LLC; or any other*

17  *Related entity or party in New York Bankruptcy Case 12-12012, Appellants in 5th DCA Case*

18  *# F064464, herein, have recently discovered that GMAC Mortgage LLC, Et Al, thru their*

19  *Counsel, RUZICKA & WALLACE, LLP & Severson & Werson, both located in California,*

20  *had previously Deceived & Frauded both Movants herein, & the Trial Court in Kern County*

21  *Superior Court Cases # S-1500-CL-237061 (Unlawful Detainer) & # S-1500 CV-271292*

22  *( Civil Action for Enforcement of Rescission &Fraud, Quiet Title, Declaratory & Injunctive*

23  *Relief, etc.) & more recently Frauded the 5th Appellate District Court of Appeal of the State*

24  *of California in Appeal #F064464, due to the fact GMAC MORT. LLC, Dispossessed itself of*

25  *any claim to any Right or Interest in the Real Property at 3018 Linden Avenue Bakersfield*

26  *California, more than two years prior to their filing of Bankruptcy in Southern District of*

27

28

1  New York, Bankruptcy Case 12-12020, which was filed on 5/14/12, when they Quit Claimed

2  all interest in the property to REO PROPERTY CORPORATION of Tempe Arizona, on

3  3/8/10, & failed to Record the Quit Claim Deed for some sixteen (16) months afterward, until

4  7/12/2011, on which Quit Claim Deed, they expressly stated, the Real Property was a 'gift' to

5  the 'REO PROPERTY CORPORATION', Misleading Movants herein & also Misleading the

6  Trial Courts in Cases S-1500-CL-237061 & S-1500-CV-271292, as well as the 5th Appellate

7  District Court of Appeal of the State of California in 5th DCA Case F064464; See Kern County

8  Recorders Office Document 0211087782, in Exhibit # 2-a, attached to the here accompanying

9  supporting Affidavit of Movants served & filed herewith this Motion, which is incorporated

10  herein as if fully set forth, & is hereby made a part of this Motion. Thereafter the said "REO

11  PROPERTY CORPORATION" issued a Grant Deed, Kern County Recorders Office Doc

12  number 0211093375; on the date of 6/2/2011, to a single woman by the name of Martha

13  Beatriz Campos, who is the current occupant of the home at 3018 Linden Avenue, Bakersfield,

14  California, 93305. The said Grant Deed was not recorded until the date of 7/25/11. Said

15  Bankrupt entities, GMAC Mortgage LLC, Et Al, intentionally, knowingly, willfully concealed

16  the fact that they Quit Claimed all interest in the said Real Property at 3018 Linden Avenue,

17  Bakersfield, California, for 16 months, to Deceive Movants herein, & to Deceive the Kern

18  County Superior Court in the Unlawful Detainer Case & in the Civil Suit against them for

19  Enforcement of the prior Rescission, Quiet Title, etc.; They did not obtain any final Judgment

20  & Writ of Possession in the Unlawful Detainer Action in Case # S-1500-CL-237061, until

21  12/8/10, some nine (9) months after they had Quit Claimed all interest in the property, & they

22  thereafter Evicted Movants from their home at 3018 Linden Avenue, Bakersfield, California

23  on 12/21/2010, at which times GMAC Mortgage LLC, Et Al, had no Right or Interest in the

24  Property, thus had no Right to Evict Movants herein from their home & Property, as they had

25  no Right of possession. See Certified Copies of Kern County Recorders Documents attached

26

27

28

to accompanying *Affidavit of Movants herein, Exhibit 2a & b in Support of these Objections*

*& Motion for Relief from Default & Injunction Provisions, which are hereby incorporated*

*herein as if fully set forth, & are hereby made a part of this Motion; The said Bankrupt*

*entities have never informed any of the Courts or the interested parties of this transfer of the*

*Real Property at 3018 Linden Ave., Bakersfield, California, up to the present time, leading*

*everyone to believe they still had a Claim to Title of the property. In the papers they filed*

*regarding the Automatic stay in their Bankruptcy Case # 12-12020, Counsel  M. Elizabeth*

*Holt, Bar # 263206, for GMAC Mortgage LLC & ETS Services LLC, made knowing*

*Misrepresentations of Fact & Law to  the 5th District  Court of Appeal in the document she*

*filed in that Court on 7/30/12, Titled  "(Corrected)  Respondents' Notice of Bankruptcy and*

*Effect  of  Automatic Stay", with the apparent approval & co-operation of counsel Jan T.*

*Chilton, calif. Bar # 47582, when  she stated  at  page 2  paragraph 3:*

*"As a result of the Bankruptcy Filing, on the Petition Date, the protections of the automatic*
*stay codified in section 362(a) of the Bankruptcy Code arose with regard to the debtors. Section*
*362(a), among other things, operates as an automatic stay of: (i) "the commencement or*
*continuation, including the issuance or employment of process, of a judicial, administrative* or
*other action or proceeding" against the Chapter 11 Debtors (11 U.S.C. 362(a)(1); (ii) acts to*
*"obtain possession of property" of the Debtors' Chapter 11 estates (11 U.S.C. 362 (a)(3); and*
*(iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the Petition*
*Date (11 U.S.C. 362 (a)(6)."*

*In light of the fact of record that the Real Property at 3018 Linden Ave., Bakersfield, Calif.*

*was not their property as of 3/8/2010, it was not 'property of the Estate' under USC Title 11,*

*Section 362 (a) at the time of the filing of the Bankruptcy in Southern Dist. of New York, some*

*twenty six months later, on May 14, 2012, there could not have been a Stay relating to any*

*actions against that property, whatsoever. The representations to the contrary by counsel of*

*GMAC Mort. LLC  & ETS  Services, LLC,  to  the California State Court of Appeal in their*

*papers filed in July of 2012, is nothing short of a dishonest attempt to mislead the Court, & to*

*mislead Appellants in # F064464, which succeeded, but which can not be allowed to stand by*

1    *this Bankruptcy court; the 5th DCA, taking GMAC MORT. LLC counsel at their word, issued*

2    *a Stay of the Appeal as to all Respondents to avoid a 'fragmentary appeal'. The deception has*

3    *now gone on for almost three years; Movants move for Relief by Order of this Court;*

4    (4) Bankruptcy Petition is a form of Equitable Remedy in the Courts Equitable Jurisdiction,

5    under Article III of the Constitution of the United States of America Equity can not

6    be used to deny Justice or Due Process of Law. Bankruptcy proceedings are intended to

7    protect assets & property of the debtor, & to provide a 'new start'; the *Bankruptcy Courts*

8    *can not be used by a debtor to avoid adjudication of adverse claims of the debtors immoral*

9    *corrupt or unjustified, inequitable, prior Acts, which have caused injury & damage to others;*

10   *this is not the intent or purpose of Bankruptcy Laws, nor is it allowed under Article III of the*

11   *Federal Constitution, to avoid litigation of allegations against debtors of fraud, constructive*

12   *fraud, negligence, misfeasance, malfeasance, nonfeasance; The facts, evidence, final*

13   *Judgment & Appeal are part of Due Process of Law under State Law Causes of Action that*

14   *the Federal Government can not enjoin or interfere with under Article III & the 10th*

15   *Amendment of the Bill of Rights of the USA; Denying Movants here their Right to Appeal*

16   *against GMAC Mortgage LLC & ETS Services LLC is an Unconstitutional Denial of*

17   *both State & Federal Due Process of Law & Equal Protection;*

18

19   (5) *Case # F064464 of the 5th Appellate District Court of Appeal of the State of California*

20   *does not come under the provisions of USC Title 11, Section 362, as it is not an In Rem*

21   *Proceeding against any property of any debtors; & is not an action 'Against the debtor' as set*

22   *forth in Section 362, arising under the Bankruptcy Act, or any Federal Jurisdiction; The*

23   *Appellate process of the State of California is part of the Sovereign character & function of*

24   *the State Republic of California that can not be interfered with by the Federal Government,*

25   *any Federal Court Agency, or Officer of the Federal Government under the 10th Amendment*

26   *of the Federal Constitution, & the Requirements & Rules of Comity; A Judge of a Federal*

27

28

1   *Bankruptcy Court has no Power or Authority under Article III of the Federal Constitution*

2   *to Enjoin the State of California Appellate Department or any Court thereof;*

3   (6) Case # F064464 of the 5th Appellate District Court of the State of California *is not an action*

4   *to recover a claim against a debtor, or to recover money against a debtor in Bankruptcy Case*

5   *12-12020, nor is it an action against real property of a debtor, thus it does not 'block the path'*

6   *nor 'interfere with' the purpose of proceedings of the Bankruptcy Court in Case # 12-12020;*

7
    *The Appeal in 5th DCA # F064464 only presents questions of Law, (6) to be Answered by*
8
    *the Appeal Court, some or all of which may be issues of first impression about the Voidness of*
9
10  *the purported sale of real property at 3018 Linden Ave., Bakersfield, Calif., & Voidness of the*

11  *'Judgment' in Kern County Superior Court Case CV-271292; Alan & Star, Movants herein,*

12  *have the protected Rights under both State & Federal Due Process of Law Guarantees in the*

13  *State & Federal Constitutions to a determination of these Questions of Law which are*

14  *necessary to obtain full & complete Due Process of law & Res Judicata on the Merits of all*

15  *issues of Law bearing on the Judgment in the trial Court in # CV -271292; If one or more of*

16  *these questions are answered in favor of Appellants then the Sale & final Judgment will be*

17  *found to be Void Ab Initio, & will both be vacated & set aside, the effect will be that the Real*

18  *property at 3018 Linden ave. was never Property of any of the debtors in Southern District*

19  *Bankruptcy Court of New York Case #12-12020 & the purported Judgment in CV -271292*

20  *never existed; Interfering with this Appellate process would Violate the Sovereign Rights*

21  *of the State of California to control its own Appellate Procedures & its Duty to provide the*

22  *required Due Process of Law Mandated under both the California Constitution & the Federal*

23  *Constitution of the USA, & would Violate the 10th Amendment of the Constitution of the*

24  *USA which is established to Protect individuals & their inalienable Rights; There are no*

25  *grounds, cause, or authority to issue an injunction against the 5thAppellate Dist. Court of the*

26  *State of California, over which there is no Federal Jurisdiction;*

27
    (7) A prior Final Judgment by the Superior Court of the State of California, Kern County
28

1   Civil Action CV# 271292, after Sustaining the Demurrer of GMAC Mortgage LLC, ETS

2   Services LLC, Et Al, & *Entering an Order Dismissing the Case with Prejudice, which has*

3   *preclusive Res Judicata Effect under both State & Federal Law, precluded Appellants Alan*

4   *Gjurovich & Star Hills from re-litigating the same claims in any Federal Court including any*

5   *Bankruptcy Court, by way of a "Proof of Claim"; The Bankruptcy Court was thus precluded*

6   *from relitigating or redetermining any such claims in Kern County Superior court Civil Case*

7   *# CV-271292, thus there was no requirement to file any 'Proof of Claim' in Southern District*

8   *of New York Case 12-12020, In re: Residential Capitol, LLC, Et Al, & no Injunction for*

9   *'failure to file a claim' may be applicable to Alan Gjurovich & Star Hills in their Appeal*

10  *in F064464, as they were not & could not have been 'Creditors' with a 'Claim' as defined by*

11  *the Bankruptcy Laws under USC Title 11, 101 (5)(10)(15), & were barred from filing a Claim*

12  *by the provisions of the Bankruptcy Laws, including 11 USC Section 501, & 11 USC 101*

13  *(5)(10)(15); USC Title 28 Sections 157; 1334; 1652; 1738;*

14

15  (8) The Bankruptcy Court in this Case 12-12020, is barred from Enjoining the California

16  State Court of Appeal, Case F064464, under Federal Law, USC Title 11 Section 2283, as

17  it (1) is not expressly authorized by an Act of Congress, it (2) is not necessary to aid its

18  Jurisdiction, & it (3) is not necessary to protect or effectuate its judgments; Such an

19  injunction (4) is not necessary or appropriate to carry out the provisions of USC Title 11,

20  as required under USC Title 11, Section 105; such an injunction (5) is not within the

21  authority conferred under 28 USC Sect. 151 & 157 to Bankruptcy Judges; See *US Sup.*

22  *Court Ruling in Northern Pipeline Co. v. Marathon Pipe Line Co., Et Al, 458 U.S. 50 (1982)*

23  *at page 55 where the High Court stated: "The judges of the bankruptcy courts are vested*

24  *with all of the"powers of a court of equity, law, and admiralty," except that they "may not*

25  *enjoin another court" citing Title 28 USC Section 1481."*

26

27

28

(9) Bankruptcy Courts are limited in Jurisdiction by Article III of the Federal Constitution of the United States of America, & Federal Courts have no Jurisdiction over a States Constitutional Appellate Courts, which are Part of the inherent characteristics of State Sovereignty which can not be contracted away to the Federal Government or any Branch of the Federal Government, & can not be interfered with by the Federal Government or any agencies or Branch thereof under the 10th Amendment of the Federal Constitution, & the California Constitution, & Organic Law;

(10) *The Southern District Bankruptcy Court in the State of New York has no personal or 'in Personum' Jurisdiction over Appellants in California 5th District Court of Appeal Case #: F064464 in the Bankruptcy Court, & no Article III Jurisdiction over Appellants in the 5th District Court of Appeal Case # F064464; There is no territorial, geographical, legislative or subject matter Jurisdiction over Movants herein, over the Appeal in Case# F064464.*

2. Movants Request findings of fact & Conclusions of Law on each issue of Fact & Law raised herein this Motion & Supporting Papers.

3. Movants hereby Move the Above named Court for said Relief.

4. This Motion is based on this Notice, the accompanying supporting Affidavit, & Exhibits attached thereto, & the accompanying supporting Memorandum of Points & Authorities served & filed herewith said Motion; as well as the Proceedings in Southern District Bankruptcy Court in 12-12020, & 5th DCA of California Case #: F064464;

5. Wherefore Movants pray to the Creator of the Universe for the following Relief:

(1) This Court Grants the Relief prayed for in this Motion, and;

(2) This Court issues an Order allowing Movants herein to proceed on their Appeal in 5th District Court of Appeal for the State of California, #: F064464, without interference;

1  (3) This Court Grant whatever other Relief it deems right & Proper under all the facts law, &

2      Equities of this Case.

3  Executed by our hands, on this day,

4  the-1st-day-of-the-fifth-month-two-thousand-fifteen,

5

6  _____        _____
   Alan Gjurovich                   Star: Hills

7  all Rights reserved.             all Rights reserved.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1  Alan Gjurovich,
   C/O: 934 W. Henderson,
2  PMB #: 132, Porterville, California, 93257;

3
   Star Hills,
4  C/O: General Post,
   Porterville, California;
5  Movants in person.

6

7

8              UNITED STATES BANKRUPTCY COURT
               THE SOUTHERN DISTRICT OF NEW YORK
9

10                              Case #: 12-12020
                                Chapter 11; Jointly Administered.
11  In re:

12                              BY SPECIAL VISITATION:
   RESIDENTIAL CAPITOL, LLC,     AFFIDAVIT OF Alan Gjurovich & Star Hills
13  GMAC MORTGAGE LLC,           IN SUPPORT OF Third party Objections
   ETS SERVICES, LLC,            TO APPLICATION OF AUTOMATIC STAY TO
14  ET AL,                       CALIFORNIA CIVIL APPEAL IN 5th DCA #:
                                F064464, & MOTION FOR ORDER GRANTING
15                              RELIEF FROM AUTOMATIC STAY &
                       Debtors.  INJUNCTION PROVISIONS OF CHAPTER 11
16                              PLAN INCLUDING FINDINGS OF NON
                                APPLICABILITY OF AUTOMATIC STAY;
17 ───────────────────────────   NON APPLICABILITY OF INJUNCTION
                                PROVISIONS OF CHAPTER 11 PLAN, OR
18  Alan Gjurovich & Star Hills,  GOOD CAUSE FOR RELIEF FROM STAY
                                & INJUNCTION PROVISIONS; Etc.
19   Third party Movants
     by Special Visitation
20

21 ───────────────────────────

22  By special Visitation, not by personal appearance, & waiving no Jurisdictional Issue, Claim,

23  or Right, comes now Alan Gjurovich & Star Hills with their Affidavit in support of their

24  Objections, Motion for Relief from Automatic stay, & Injunction provisions of final plan &

25  confirmation order, etc., as follows:

26  1. Alan David & Star Hills say and Declare:

27  2. We are the Appellants in 5th DCA Appeal Case #: F064464 without counsel.

28
                              Page 1 of 16

RECEIVED
MAY 11 2015

3. We were witness to & have direct personal knowledge of the following matters of fact; We are competent to testify to the truth of the same if we are called upon to do so; and we will so testify if we are called upon to do so;

4. This Affidavit is made in support of our accompanying Motion for an Order for Relief from Automatic Stay & Injunction provisions of Chapter 11 Plan, etc.;

5. Previously, after Appellants timely served & filed their Opening Brief on Appeal, *in the 5th District Court of Appeal of the State of California, in Case # F064464, which was received by Respondents, who held it for 2 ½ weeks, Respondents belatedly served & filed a document with the 5th DCA, 'Notice of Bankruptcy & effect Automatic Stay', asking the court for a stay of the Appeal for all Respondents, even those not covered by the Automatic stay in the Bankruptcy Court. The 5th DCA issued a Stay as to the whole appeal to avoid a fragmented appeal, & stated Appellants could apply to the Bankruptcy Court for Relief. See Order of the 5th DCA in Exhibit # 3, attached hereto this supporting Affidavit, which is hereby incorporated herein by reference as if fully set forth, & made a part of this Motion & Affidavit.*

6. *The Bankruptcy was filed by the mother Corporation of GMAC Mortgage LLC, & ETS Services LLC, Residential Capital, LLC, on 5/14/12, months after a Notice of Appeal had been filed. No timely Notice of the Bankruptcy filing in the Southern District of New York was ever given to Appellants in 5th DCA # F064464, which was suspicious at best.*

7. Apparently two of the Respondents, *GMAC MORTGAGE LLC & their Trustee ETS Services LLC, filed Voluntary Bankruptcy also.*

8. *Appellants in 5th DCA Case # F064464, Affiants herein, have recently discovered, in April of 2015, through Stewart Title Company, located at 296 W. Henderson Avenue, Porterville, California, 93257, Ph. 559-789-9000, & the Kern County Recorders Office, that GMAC Mortgage LLC, Et Al, thru their California Counsel, RUZICKA & WALLACE, LLP & Severson & Werson, had previously Deceived & Frauded both Movants herein, & the Trial*

*Court in Kern County Superior Court Cases # S-1500-CL-237061 (Unlawful Detainer) &*

*# S-1500 CV-271292 (Civil Action for Enforcement of Rescission & Fraud, Quiet Title,*

*Declaratory & Injunctive Relief, etc.) & more recently Frauded the 5th Appellate District Court*

*of Appeal of the State of California, in Appeal # F064464, due to the fact GMAC MORT. LLC.*

*Dispossessed itself of any claim to any Right or Interest in the Real Property at 3018 Linden*

*Avenue Bakersfield California, more than two years prior to their filing of Bankruptcy in*

*Southern District of New York, Bankruptcy Case 12-12020, which was filed on 5/14/12, when*

*they Quit Claimed all interest in the property to REO PROPERTY CORPORATION of*

*Tempe Arizona, on 3/8/10, & failed to Record the Quit Claim Deed for some sixteen (16)*

*months afterward, until 7/12/2011, on which Quit Claim Deed, they expressly stated, that said*

*Real Property was a 'gift' to the 'REO PROPERTY CORPORATION', Misleading Movants*

*herein & also Misleading the Trial Courts in Cases S-1500-CL-237061 & S-1500-CV-271292,*

*as well as the 5th Appellate District Court of Appeal of the State of California in 5th DCA Case*

*F064464; See Kern County Recorders Office Doc. #: 0211087782,certified copy in Exhibit #:*

*2 a, attached to the here accompanying supporting Affidavit of Movants served & filed*

*herewith this Motion, which is incorporated herein as if fully set forth, & is hereby made a*

*part of this Motion. Thereafter the said "REO PROPERTY CORPORATION" issued a Grant*

*Deed, Kern County Recorders Office Doc number 0211093375 on the date of 6/2/2011, to a*

*single woman by the name of Martha Beatriz Campos who is the current occupant of the*

*home at 3018 Linden Avenue, Bakersfield, California, 93305. The said Grant Deed was not*

*recorded, until the date of 7/25/11. See certified copy of said Grant Deed in Exhibit 2 b,*

*attached hereto, which is made a part hereof this Motion. Said Bankrupt entities, GMAC*

*Mortgage LLC, Et Al, intentionally, knowingly, willfully concealed the fact that they Quit*

*Claimed all interest in the said Real Property at 3018 Linden Avenue, Bakersfield,*

*California, for 16 months, to Deceive Movants herein, & to Deceive the Kern County Superior*

*Court in the Unlawful Detainer Case & in the Civil Suit against them for Enforcement of the*

*prior Rescission, Quiet Title, etc. They did not obtain a 'final Judgment' & Writ of Possession*

*in the Unlawful Detainer Action in  Case # S-1500-CL-237061, until  12/8/10, some nine (9)*

*months after they had Quit Claimed all interest  in the property, & they thereafter Evicted*

*Movants from their home at 3018 Linden Avenue, Bakersfield, California on 12/21/2010, at*

*which times GMAC Mortgage LLC, Et Al, had no Right or Interest in the Property, thus had*

*no Right to Evict Movants herein from their said home & Property, they had no 'right of*

*possession' at that time. !!!!!!!!!The claims of Counsel Jon Ives & said Bankrupt entities*

*are not made in good faith, which is shown  by the  foregoing  &  the  following  facts:*

I. *On July 30, 2012, Counsel for GMAC Mort. LLC & ETS Services LLC, M. Elizabeth Holt, bar*

*# 263206, filed a document titled "(Corrected) Respondents' Notice of Bankruptcy and Effect*

*of Automatic Stay" in 5th Dist. Court of Appeal for the State of California, in case # F0064464*

*On page 1-2 said counsel expressly admitted the Bankruptcy was filed  some 2 ½ months prior.*

*They sent a belated Notice of Bankruptcy, some two (2) weeks after they received the opening*

*Brief on Appeal of Alan & Star, which had been served & filed on 7/12/12; page 1 stated:*

*'Defendants / respondents and debtors GMAC Mortgage LLC ("GMAC") and  ETS  Services*
*LLC ("ETS"), by and through their undersigned counsel, in accordance and consistent with*
*section 362(a) of the United States Bankruptcy Code, 11 U.S.C. 101 et seq. (the "Bankruptcy*
*Code"), respectfully submit this Notice of Bankruptcy and Suggestion of Automatic Stay, and*
*state as follows: 1.On May 14, 2012 (the"Petition Date"), Residential Capitol, LLC and certain*
*of its direct and indirect subsidiaries (collectively, the "Debtors"), including GMAC and  ETS,*
*filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the united*
*States Bankruptcy Court for the Southern District of New York, One Bowling Green, New*
*York, NY 10004-1408 (the "Bankruptcy Court")."*

*page 2 paragraph 3, counsel further expressly stated:*

II. "As a result of the Bankruptcy Filing, on the Petition Date, the protections of the automatic
stay codified in section 362 (a) of the Bankruptcy Code arose with regard to the debtors.
Section 362(a), among other things, operates as an automatic stay of: (I) "the
commencement or continuation, including the issuance or employment of process, of a
judicial, administrative or other action or proceeding" against the Chapter 11 Debtors (11
U.S.C.  362 (a)(1); *(ii) acts to "obtain possession of property" of the Debtors' Chapter 11*
*estates (11 U.S.C. 362 (a)(3); and (iii)* acts to "collect, assess, or recover a claim" against the
Debtors arising prior to the Petition Date (11 U.S.C. 362 (a)(6)." (emphasis added)

III. *At no time throughout the document filed in the Court of Appeal did said Counsel ever*

*inform the Court or Appellants that their client GMAC MORTGAGE LLC, had actually*

1
2
3
4
5
6
7
8
9
10

*dispossessed themselves of the Real Property in question, 3018 Linden Avenue Bakersfield, California, two (2) years prior on 3/ 8/ 2010, by way of a Quitclaim Deed to REO PROPERTY CORP, Kern County Recorders Office Doc. # 211087782, who thereafter sold it to Martha Beatriz Campos, a single woman, who still lives there. See Exhibits 1a &1b attached to this supporting Affidavit , certified copies of Official Kern County of Calif. Recorders Office Document #211087782, Quit Claim Deed Executed by GMAC Mort. LLC, & Doc. # 211093375, Grant Deed transferring Title of said Property to Martha Beatriz Campos. Counsel for GMAC Mort. LLC & ETS Services LLC, never mentioned the provision of USC Title 11, Sect. 362, subd. ( C ) which Mandates the following:*

11
12

*"(C) Except as provided in subsections (d), (e), (f), and (h) of this section - "*
*"(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate;"*

13
14

*The exceptions referred to above, "(d), (e), (f), and (h) of this section " do not apply in this case. They are as follows:*

15
16
17
18

*"(d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; (2) with respect to a stay of an act against property under subsection (a) of this section, if -(A) the debtor does not have an equity in such property; and (B) such property is not necessary to an effective reorganization;"*

19
20
21
22
23
24
25
26

*"(e)(1) Thirty days after a request under subsection (d) of this section for relief from the stay of any act against property of the estate under subsection (a) of this section, such stay is terminated with respect to the party in interest making such request, unless the court, after notice and a hearing, orders such stay continued in effect pending the conclusion of, or as a result of, a final hearing and determination under subsection (d) of this section. A hearing under this subsection may be a preliminary hearing, or may be consolidated with the final hearing under subsection (d) of this section. The court shall order such stay continued in effect pending the conclusion of the final hearing under subsection"(d)of this section if there is a reasonable likelihood that the party opposing relief from such stay will prevail at the con- clusion of such final hearing. If the hearing under this subsection is a preliminary hearing then such final hearing shall be concluded not later than thirty days after the conclusion of such preliminary hearing, unless the 30-day period is extended with the consent of the parties in interest or for a specific time which the court finds is required by compelling circumstances."*

27
28

*"(f) Upon request of a party in interest, the court, with or without a hearing, shall grant such relief from the stay provided under subsection (a) of this section as is necessary to prevent*

1   *irreparable damage to the interest of an entity in property, if such interest will suffer such*
2   *damage before there is an opportunity for notice and a hearing under subsection (d) or (e)*
    *of this section.*

3   *"(h) (1) In a case in which the debtor is an individual, the stay provided by subsection (a) is*
4   *terminated with respect to personal property of the estate or of the debtor securing in whole or*
    *in part a claim, or subject to an unexpired lease, and such personal property shall no longer*
5   *be property of the estate if the debtor fails within the applicable time set by section 521(a)(2)-*
6   *(A) to file timely any statement of intention required under section 521(a)(2) with respect to*
    *such personal property or to indicate in such statement that the debtor will either surrender*
7   *such personal property or retain it and, if retaining such personal property, either redeem*
    *such personal property pursuant to section 722, enter into an agreement of the kind specified*
8   *in section 524(c) applicable to the debt secured by such personal property, or assume such*
9   *unexpired lease pursuant to section 365(p) if the trustee does not do so, as applicable; and*
    *(B) to take timely the action specified in such statement, as it may be amended before*
10  *expiration of the period for taking action, unless such statement specifies the debtor's*
    *intention to reaffirm such debt on the original contract terms and the creditor refuses to*
11  *agree to the reaffirmation on such terms."*

12  *The foregoing establishes there was no Automatic Stay regarding Real Property at issue in*

13  *the Appeal in F064464, 3018 Linden Avenue, Bakersfield, California, because it was never*

14  *part of the Estate or Property of the Bankrupt Entities at the time they filed their Bankruptcy*

15  *on 5/14/12. Failure to inform the Court of Appeal & Star & Alan prior to or at the time they*

16  *filed their Motion for a Stay on the Appeal in July of 2012 was intentional deceit & fraud on*

17  *both the Court & Appellants, for which they should now be sanctioned by both Courts.*

18

19  9. The 'Final Supplemental Order Under Bankruptcy Code Sections 105 (a), 362, 363, 502,

20  1107(a), and 1108, and Bankruptcy Rule 9019 *(i) Authorizing the Debtors to continue*

21  *implementing Loss Mitigation Programs; (ii) approving procedures for compromise and*

22  *settlement of certain claims, litigations and causes of action;(iii) granting limited stay relief*

23  *to permit foreclosure and eviction proceedings, borrower bankruptcy cases, and title disputes*

24  *to proceed", of 7/13/12, appears to allow the Appeal in California 5ᵗʰ Appellate District Case*

25  *# F064464, at page 13 under (a) &(b), in that there is provision under (a) allowing third*

26  *Party Claimants', to:*

27  *'prosecute appeals','with respect to any direct claims or counter claims relating exclusively*

28

*to the property that is the subject of the loan owned or serviced by a debtor in connection with any title dispute';*

*Under subdivision (b) on page 13, it states:*
*"absent further order of the Court, the automatic stay shall remain in full force and with respect to all pending and future third party claimant direct claims and counter claims:(i) for monetary relief of any kind and of any nature against the Debtors; (ii) for relief that is not necessary for the resolution of the Title Dispute; or (iii) asserted in the form of a class action or collective action;"*

*However there is no injunctive language in reference to an appeal in subdivision (b) as there is in the preceding subdivision (a), which indicates an intention by the Court to allow any appeals pending prior to the time of the filing of the Bankruptcies in Case #12-12020, from a final Judgment entered in an action prior to the filing of Bankruptcy by debtors, which is the case here in 5th DCA # F064464; The Appeal in # F064464 is not an In Rem Proceeding, has no direct impact on any Real Property or Assets of the Debtors in Southern District of New York Bankruptcy Case # 12-12020, it only concerns questions of Law bearing on the prior final Judgment of the Trial Court before the Bankruptcy filings, & does not 'block the path' of, or 'interfere' with, the Bankruptcy Court, or the purpose of the Bankruptcy Court Proceedings in case # 12-12020.*

10. *Counsel for GMAC Mortgage, LLC, & ETS Services, LLC, Jon D. Ives, State Bar # 230582, has threatened Appellants Alan Gjurovich & Star Hills in written letters mailed via US Mail, that if they do not Voluntarily Dismiss their Appeal in 5th DCA # F064464 against GMAC Mort. LLC & ETS Services LLC, he will seek Sanctions against Star & Alan in the Southern District Bankruptcy Court of New York, Case # 12-12020, asserting that such a Dismissal is Required by Injunction provisions in the Final Plan in Case 12-12020, because Star & Alan did not file a Claim in the said Southern District of New York Bankruptcy Case 12-12020, (which said court is more than 2,800 miles away from Appellants address) despite the fact said entities never listed Star or Alan as Creditors in their chapter 11 Case, indicating they had personal knowledge that Star & Alan are not in fact Creditors with an Enforceable claim & Ives has failed to present any basis in fact or law to establish that Star or Alan*

*meet the requirements of "Creditors" authorized to file a "Claim" under Federal Bankruptcy Law, as set forth in 'Title 11 U.S.C. Sect. § 501: 'Filing of proofs of Claims or Interests": "(a) A creditor or an indentured trustee may file a proof of claim."& under Title 11, Sect. 101, Definitions of 'Creditor' & Claim', which Requires that there be a legally enforceable Right to payment, for their to be 'Proof of Claim'. Due to the Res Judicata final Judgment in Kern County Superior Court Case CV-271292, the subject of the current Appeal in 5th DCA Case # F064464, Appellants have no 'legally enforceable Right to payment' ie: a 'Creditors Claim' under Title 11 USC, & are not authorized by Federal Law to file a Claim, & therefore do not come under the 'Proof of Claim' Requirements of Federal Bankruptcy law or 'Injunction' provisions of the Final Plan in Southern Dist. of New York Bankruptcy Case 12-12020.*

11. **Bankruptcy Petition** *is a form of Equitable Remedy in the Courts Equitable Jurisdiction, set forth under Article III of the Federal Constitution of the USA. Equity can not be used to deny Justice or Due Process of Law, as Due Process of Law is Guaranteed by the Bill of Rights of the USA; Bankruptcy proceedings are intended to protect assets & property of the debtor, & to provide a 'new start'; the Bankruptcy Courts can not be used by debtors to avoid adjudication of adverse claims of debtors immoral, corrupt, or unjustified, inequitable, prior Acts, which have caused injury & damage to others; this is not the intent of Bankruptcy Laws, nor is it allowed under Article III of the Constitution, to avoid litigation of allegations against debtors of Fraud, Constructive Fraud, Negligence, Misfeasance, Malfeasance, Nonfeasance; The Facts, Evidence, final Judgment & Appeal are part of Due Process of Law under State Law Causes of Action that the Federal Government can not enjoin or interfere with under Article III & the 10th Amendment of the Bill of Rights of the USA; Denying Movants here their Right to Appeal against GMAC Mortgage, LLC & ETS Services, LLC is an Unconstitutional Denial of both State & Federal Due Process of Law & Equal Protection of / under the Laws;*

1    12. _Case # F064464 of the 5th Appellate District Court of Appeal of the State of California does_

2    _not come under provisions of USC Title 11, Sect. 362, as it is not an In Rem Proceeding_

3    _against any property of any debtors; & is not an action 'Against the debtor' is not 'an action_

4    _to recover a claim against a debtor', or to recover money against a debtor in Bnkrtcy Case #:_

5    _12-12020, nor is it action against real property of a debtor, in Sect. 362, arising under the_

6    _Bankruptcy Act, or any Federal Jurisdiction; thus it does not 'block the path' nor 'interfere_

7    _with' the purpose or proceedings of the Bankruptcy Court in Case#12-12020 & there are no_

8    _grounds, cause, or authority to issue an injunction against the 5th Appellate District Court of_

9    _the State of California, or the Appeal in F064464 over which there is no Federal Jurisdiction;_

10   _The Appellate process of the State of California is part of the Sovereign character & function_

11   _of the State Republic of California that can not be interfered with by the Federal Government,_

12   _any Federal Court Agency, or Officer of the Federal Government under the 10th Amendment_

13   _of the Federal Constitution, & the Requirements & Rules of Comity; A Judge of a Federal_

14   _Bankruptcy Court has no Power or Authority under Article III of the Federal Constitution_

15   _to Enjoin the State of California Appellate Department or any Court thereof,_

16

17   13. A prior Final Judgment by the Superior Court of the State of California, Kern County

18   Civil Action CV# 271292, after Sustaining the Demurrer of GMAC Mortgage, LLC, ETS

19   Services LLC, Et Al, & Entering an Order _Dismissing the Case with Prejudice, which has_

20   _preclusive Res Judicata Effect under both State & Federal Law, precluded Appellants Alan_

21   _Gjurovich & Star Hills from re-litigating the same claims in any Federal Court including_

22   _any Bankruptcy Court, by way of a "Proof of Claim"; The Bankruptcy Court was thus_

23   _precluded from relitigating or redetermining any such claims in Kern County Superior court_

24   _Civil Case #: CV-271292, thus there was no requirement to file any 'Proof of Claim' in_

25   _Southern District of New York Case 12-12020, In re: Residential Capitol, LLC, Et Al, &_

26   _no Injunction for 'failure to file a claim' may be applicable to Alan Gjurovich & Star Hills_

27   _in their Appeal in F064464, as they were not & could not have been 'Creditors' with a 'Claim'_

28

1    *as defined by the Bankruptcy Laws under USC Title  11, 101 (5)(10)(15), & were barred from*

2    *filing a Claim by the provisions of the Bankruptcy Laws, including 11 USC Section  501, &*

3    *11  USC  101 (5)(10)(15); USC  Title  28 Sections 157; 1334; 1652; 1738;*

4

5    14.  The Bankruptcy Court in this Case 12-12020, is barred from Enjoining the California

6        State Court of Appeal, Case F064464, under Federal Law, USC Title 11 Section 2283, as

7        it (1) is not expressly authorized by an Act of Congress, it (2) is not necessary to aid its

8        Jurisdiction, & it (3)  is not necessary to protect or effectuate its judgments; Such an

9        injunction (4) is not necessary or appropriate to carry out the provisions of USC Title 11,

10       as required under USC Title 11, Section 105; such an injunction (5) is not within the

11       authority conferred under 28 USC Section 151 to Bankruptcy Judges; [See *US Supreme*

12       *Court Ruling in Northern Pipeline Co. v. Marathon Pipe Line Co., Et Al, 458 U.S. 50 (1982)*

13       *at page 55 where the High Court stated: "The judges of the bankruptcy courts are vested*

14       *with all of the"powers of a court of equity, law, and admiralty," except that they "may not*

15       *enjoin another court" citing Title 28 USC Section 1481. "* ]

16

17   15. Bankruptcy Courts are limited in Jurisdiction by Article III of the Federal Constitution

18       of the United States of America, & Federal Courts have no Jurisdiction over a States

19       Constitutional Appellate Courts, which are Part of the inherent characteristics of State

20       Sovereignty which can not be contracted away to the Federal Government or any Branch

21       of the Federal Government, & can not be interfered with by the Federal Government or

22       any agencies or Branch thereof  under the 10th Amendment of the Federal Constitution, the

23       California Constitution, & Organic Law;

24

25   16. The Southern District Bankruptcy Court in the State of New York has no personal, 'in

26       Personum' Jurisdiction over Appellants in California 5th District Court of Appeal Case #:

27

28

1    F064464; There is no territorial, geographical, legislative, or subject matter Jurisdiction

2    over Movants herein, or over the Appeal in Case # F064464; There is no territorial,

3    geographical, legislative, or subject matter Jurisdiction over Movants herein, or over the

4
    Appeal in in 5th DCA Case # F064464.
5

6  17. If this court does not grant relief as requested it will cause a Gross Miscarriage of Justice

7    for which there is no speedy adequate remedy in the ordinary course of law, & it will

8    result in a continued multiplicity of court actions in the State courts, as it will not be an

9    end, but only a beginning of new legal challenges against GMAC Mortgage LLC, & ETS

10   Services  LLC under the Sovereign Laws of the State Republic of California.

11

12  18. Based upon all the foregoing, Affiant's, Movants herein respectfully Request that this court

13    Grant this Motion & issue an Order relieving them of the encumbrances of any automatic

14    stay or injunction provisions in Southern District Bankruptcy Case # 12-12020.

15  Executed by our hands on this day, the-first-day-of-the-fifth-month-two-thousand-fifteen,

16

17              *Alan Gjurovich*       *Star: Hills*

18              *all Rights reserved.*    *all Rights reserved.*

19                         *DECLARATION*

20  *We the Undersigned hereby Declare under penalty of perjury under the laws of the state of*
     *California & the state of New York, that the foregoing is true and correct. Executed by our hands*
21  *on this first day of May, two thousand fifteen, in the County of Tulare State Republic of*
22  *California,*

23              *Alan Gjurovich*       *Star: Hills*

24              *all Rights reserved.*    *all Rights reserved.*

25

26

27

28

1

2

### EXHIBIT PAGE
### INDEX OF EXHIBITS

3

4

5

6

7

8

9

10

11

12

13

**#1:** 'Respondents' Notice of Non-Opposition to Request to Augment Record and Extend Briefing Schedule' Filed on 6/7/2012 BY GMAC Mort. LLC & ETS Services LLC Counsel Jan T Chilton Calif. Bar # 47582, & M. Elizabeth Holt Calif. Bar # 263206; 'Corrected Notice of Bankruptcy and Effect of Automatic Stay' Filed on 7/30/2012 in 5th DCA OF THE STATE OF CALIFORNIA Case # F064464 By GMAC Mort. LLC & ETS Services LLC Counsel Jan T Chilton Calif. Bar # 47582, & M. Elizabeth Holt Calif. Bar # 263206; & 'Respondents Reply Re Notice of Bankruptcy and Effect of Automatic Stay Filed on 8/23/12 IN 5th DCA # FO64464 BY GMAC Mort. LLC & ETS Services LLC Counsel Jan T Chilton Calif. Bar # 47582, & M. Elizabeth Holt Calif. Bar # 263206, SHOWING NO MENTION OF THE 3/8/10 QUIT CLAIM BY GMAC MORT. LLC OF ALL INTERESTS IN THE REAL PROPERTY AT 3018 LINDEN AVENUE, BAKERFIELD CALIFORNIA IN ANY OF THE FILED DOCUMENTS

14

15

16

17

18

19

**#2:** (a) QUIT CLAIM DEED, DOC.# 0211087782, EXECUTED ON 3/8/10, BUT NOT RECORDED BY GMAC MORTGAGE RECORDED BY GMAC MORTGAGE UNTIL 7/12/2011, 16 MONTHS LATER, ONE MONTH AFTER THE GRANT DEED DOC. # 0211093375 WAS EXECUTED BY REO PROPERTY CORPORATION PURPORTING TO TRANSFERING THE REAL PROPERTY AT 3018 LINDEN AVENUE TO MARTHA BEATRIZ CAMPOS; (b) GRANT DEED DOC # 0211093375 EXECUTED ON 6/2/11 NOT RECORDED UNTIL 7/25/11 BY REO PROPERTY CORPORATION:

20

21

22

**#3:** ORDER OF 8/28/12 OF 5th DCA OF THE STATE OF CALIFORNIA IN CASE # F064464 GRANTING A COMPLETE STAY TO AVOID A FRAGMENTED APPEAL;

23

24

25

26

**#4:** PARTIAL COPY OF 'FINAL SUPPLEMENTAL ORDER' FILED 7/13/12 IN SOUTHERN DISTRICT OF NEW YORK BANKRUPTCY CASE #; 12-12020 HIGHLIGHTED IN YELLOW ON PAGE 13 WHERE THERE IS NO INJUNCTIVE LANGUAGE UNDER (b) REGARDING APPEALS;

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# 1

No. F064464

# Court of Appeal

OF THE

## State Of California

## Fifth Appellate District

By _____ MW
Deputy

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED

JUN 0 7 2012

---

Alan Gjurovich, et al.,

*Plaintiffs and Appellants,*

vs.

Mortgage Electronic Registration Inc., et al.,

*Defendants and Respondents.*

---

# Respondents' Notice of Non-Opposition to Request to Augment Record and Extend Briefing Schedule

---

Appeal from a Judgment of Dismissal of the Orange County Superior Court
After Order Sustaining a Demurrer Without Leave to Amend (No. 07CC05530)
Honorable Derek W. Hunt, Judge

---

Jan T. Chilton (State Bar No. 47582)
M. Elizabeth Holt (State Bar No. 263206)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants and Respondents
Mortgage Electronic Registration Systems, Inc.; GMAC Mortgage, LLC; ETS Services LLC; Bill
Beckman; Charles R. Hoecker; Omar Solorzano; Joseph A. Pensabene; Mark E. Lahiff; and Adam Leppo

On May 22, 2012, appellants Alan Gjurovich and Star Hills filed a motion to augment the record and for a 30 day extension of time within which to file their appellants' opening brief.

Respondents Mortgage Electronic Registration Systems, Inc.; GMAC Mortgage, LLC; ETS Services LLC; Bill Beckman; Charles R. Hoecker; Omar Solorzano; Joseph A. Pensabene; Mark E. Lahiff; and Adam Leppo hereby give notice that they do not oppose these requests.

Dated: June 5, 2012.

SEVERSON & WERSON
A Professional Corporation

By _M. Elizabeth Holt_
M. Elizabeth Holt

Attorneys for Respondents

Mortgage Electronic Registration
Systems, Inc.; GMAC Mortgage, LLC;
ETS Services LLC; Bill Beckman;
Charles R. Hoecker; Omar Solorzano;
Joseph A. Pensabene; Mark E. Lahiff;
and Adam Leppo

## PROOF OF SERVICE
## California Court of Appeal, Fourth Appellate District, Division Three
## Case No.: G041296

(Orange County Superior Court Case No.: 07CC05530)

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**Respondents' Notice of Non-Opposition to Request to Augment Record and Extend Briefing Schedule**

on all interested parties in said case addressed as follows:

Alan Gjurovich                          *In Pro Per*
c/o 934 W. Henderson, #132
Porterville, CA 93257

Star: Hills                             *In Pro Per*
c/o General Post
Porterville, CA 93257

☒ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California in sealed envelopes with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration is executed in San Francisco, California, on June 5, 2012.

*Sylvia Coleman*
Sylvia Coleman

No. F064464

# Court of Appeal

### OF THE

## State Of California

## Fifth Appellate District

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
F I L E D

JUL 3 0 2012

By _____ Desv
                            Deputy

### Alan Gjurovich, et al.,

*Plaintiffs and Appellants,*

vs.

## Mortgage Electronic Registration Inc., et al.,

*Defendants and Respondents.*

# (Corrected) Respondents' Notice of Bankruptcy and Effect of Automatic Stay

Appeal from a Judgment of Dismissal of the Kern County Superior Court
After an Order Sustaining a Demurrer Without Leave to Amend (No. CV-271292)
Honorable David R. Lampe, Judge

Jan T. Chilton (State Bar No. 47582)
M. Elizabeth Holt (State Bar No. 263206)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

### Attorneys for Defendants and Respondents

Mortgage Electronic Registration Systems, Inc.; GMAC Mortgage LLC; ETS Services LLC; Bill
Beckman; Charles R. Hoecker; Omar Solorzano; Joseph A. Pensabene; Mark E. Lahiff; and Adam Leppo

Defendants/respondents and debtors GMAC Mortgage LLC ("GMAC") and ETS Services LLC ("ETS"),[1] by and through their undersigned counsel, in accordance and consistent with section 362(a) of the United States Bankruptcy Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code"), respectfully submit this Notice of Bankruptcy and Suggestion of Automatic Stay, and state as follows:

1.     On May 14, 2012 (the "Petition Date"), Residential Capital, LLC and certain of its direct and indirect subsidiaries (collectively, the "Debtors"), including GMAC and ETS, filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code in the United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, NY 10004-1408 (the "Bankruptcy Court").

2.     The Debtors' Chapter 11 cases being jointly administered, indexed at case number 12-12020 (MG), and are captioned as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Chapter 11 |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Case No. 12-12020 (MG) |
| Debtors. | Jointly Administered |

---

[1] The term "Debtors" also includes Bill Beckman, Charles R. Hoecker, Omar Solorzano, Joseph A. Pensabene, Mark E. Lahiff, and Adam Leppo, to the extent each individual is sued in his capacity as employee or agent of GMAC or ETS.

3.      As a result of the Bankruptcy Filing, on the Petition Date, the protections of the automatic stay codified in section 362(a) of the Bankruptcy Code arose with regard to the Debtors. Section 362(a), among other things, operates as an automatic stay of: (i) "the commencement or continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding" against the Chapter 11 Debtors (11 U.S.C. § 362(a)(1)); (ii) acts to "obtain possession of property" of the Debtors' Chapter 11 estates (11 U.S.C. § 362(a)(3)); and (iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the Petition Date (11 U.S.C. § 362(a)(6)).

4.      On July 13, 2012, the Bankruptcy Court entered a final supplemental order granting, among other things, the Debtors' motion for limited relief from the automatic stay to permit non-Debtor parties in foreclosure and eviction proceedings, borrower bankruptcy cases and title disputes to continue to assert and prosecute certain defenses, claims and counter-claims (the "Final Supplemental Order"). Paragraphs 14, 15, 16 and 17 of the Final Supplemental Order identify the categories of defenses, claims and counter-claims for which the automatic stay has been modified (the "Permitted Claims"). A copy of the Final Supplemental Order is annexed hereto as **Exhibit A**.

5.      To the extent that the defenses, claims and counter-claims do not constitute Permitted Claims, they remain subject to the automatic stay and the continued prosecution of these claims is prohibited.

6.      Pursuant to paragraph 23 of the Final Supplemental Order, any dispute regarding the extent, application and/or effect of the automatic stay under the Final Supplemental Order, must be heard and determined in the United States Bankruptcy Court for the Southern District of New York, jointly administered under Case No. 12-12020, in accordance with the Case Management Order entered in the Debtors' case [Docket No. 141] and such

other and further orders as may be entered by the United States Bankruptcy
Court for the Southern District of New York.[2]

7.    A copy of this notice has been sent, with a cover letter, to
plaintiffs/appellants.

Dated:  July 27, 2012

SEVERSON & WERSON
A Professional Corporation

By _____
M. Elizabeth Holt

Attorneys for Respondents

Mortgage Electronic Registration
Systems, Inc.; GMAC Mortgage, LLC;
ETS Services LLC; Bill Beckman;
Charles R. Hoecker; Omar Solorzano;
Joseph A. Pensabene; Mark E. Lahiff;
and Adam Leppo

---

[2]    A copy of the Case Management Order may be obtained at no charge at
http://www.kccllc.net/rescap.

## PROOF OF SERVICE
## California Court of Appeal, Fifth Appellate District
## Case No. F064464

(Kern County Superior Court Case No. CV-271292)

I, the undersigned, declare that I am over the age of 18 and am not a party to this action. I am employed in the City of San Francisco, California; my business address is Severson & Werson, One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On the date below I served a copy, with all exhibits, of the following document(s):

**(Corrected) Respondents GMAC Mortgage LLC, and ETS Services LLC's Notice of Bankruptcy and Effect of Automatic Stay**

on all interested parties in said case addressed as follows:

| | |
|---|---|
| Alan Gjurovich<br>c/o 934 W. Henderson, #132<br>Porterville, CA 93257 | *In Pro Per* |
| Alan Gjurovich<br>PO Box 71537<br>Bakersfield, CA 93387 | *In Pro Per* |
| Star: Hills<br>c/o General Post<br>Porterville, CA 93257 | *In Pro Per* |

☒ **(BY MAIL)** By placing the envelope for collection and mailing following our ordinary business practices. I am readily familiar with the firm's practice of collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in San Francisco, California in sealed envelopes with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct. This declaration is executed in San Francisco, California, on July 27, 2012.

Sylvia Coleman

No. F064464

# Court of Appeal
### OF THE
### State of California

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
FILED

AUG 23 2012

By_____ ML
Deputy

## ALAN GJUROVICH, ET AL.,

*Plaintiffs and Appellants,*

vs.

## MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., ET AL.,

*Defendants and Respondents.*

# Respondents' Reply Re Notice Of Bankruptcy And Effect Of Automatic Stay

Appeal from a Judgment of the Kern County Superior Court
Case No. CV–271292, Honorable David R. Lampe, Judge

Jan T. Chilton (State Bar No. 47582)
M. Elizabeth Holt (State Bar No. 263206)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants and Respondents
Mortgage Electronic Registration Systems, Inc.; GMAC Mortgage LLC;
ETS Services LLC; Bill Beckmann; Nick Canale, Jr.; Charles R. Hoecker;
Omar Solorzano; Joseph A. Pensabene; Mark E. Lahiff; and Adam Leppo

# I.

## INTRODUCTION

In accordance with this Court's Order of July 31, 2012, defendants/respondents[1] submit this reply to plaintiffs/appellants Star: Hills and Alan Gjurovich's response to the GMAC defendants' notice of bankruptcy.

The bankruptcy stay applies, at a minimum, to certain portions of plaintiffs' claims against the GMAC defendants. While the bankruptcy court has granted limited relief from the stay, this relief extends only to claims which seek non-monetary forms of relief. For example, the stay does not apply to a third party claimant who files a lawsuit seeking to enjoin an imminent foreclosure sale. The stay does, however, apply to a claimant who seeks monetary compensation rather than an injunction.

In this instance, the most current version of plaintiffs' complaint purports to seek both monetary and non-monetary relief against the GMAC defendants. On the non-monetary side, they seek an "order enforcing rescission of the alleged mortgage," an "order enjoining the named defendants from taking any action against the said home and property," and similar types of relief. (CT, pp. 1202, 1203.) On the monetary side, they also seek compensatory, treble, and punitive damages. (CT, pp. 1200–1203.) Plaintiffs have not delineated which of their fourteen causes of action seek monetary relief, which seek non-monetary relief, and which seek both.

---

[1] Defendants/respondents are debtors GMAC Mortgage LLC ("GMAC"); and ETS Services LLC ("ETS") (collectively, the "GMAC defendants"). Also among the respondents are alleged employees of GMAC and/or ETS: Charles R. Hoecker, Omar Solorzano, Joseph A. Pensabene, Mark E. Lahiff, and Adam Leppo (collectively, the "employee defendants"). Finally, respondents also include Mortgage Electronic Registration Systems, Inc. ("MERS") and its alleged President, Bill Beckmann (collectively, the "MERS defendants").

In adjudicating the appeal with respect to the GMAC defendants, the Court is therefore authorized to consider—and rule upon—each cause of action only to the extent that cause of action seeks <u>non-monetary</u> relief (such as an injunction against eviction). Only after the stay is lifted may the Court consider each cause of action to the extent that it seeks <u>monetary</u> relief (such as compensatory damages). To the extent plaintiffs dispute this interpretation of the bankruptcy court's order, that dispute must be resolved in the bankruptcy court. By the same token, plaintiffs also have the ability to seek relief in the bankruptcy court from the automatic stay, pursuant to 11 U.S.C. § 362(d).

With respect to the remaining respondents, defendants agree with plaintiffs' position that the bankruptcy stay does not apply to either MERS or its CEO Bill Beckmann. Similarly, the automatic stay does not, at present, shield the GMAC defendants' individual employees (Hoecker, Solorzano, Pensabene, Lahiff, and Leppo). The MERS defendants and the employee defendants therefore stand ready to defend the appeal in the ordinary course, as soon as this Court lifts the blanket stay which it has temporarily imposed.

Alternatively, should the Court in its discretion find it unwieldy to adjudicate this appeal in a fragmented fashion, defendants have no objection to the imposition of a blanket stay, or a stay with respect to all claims against the two GMAC defendants.

## II.

### THE BANKRUPTCY COURT'S FINAL SUPPLEMENTAL ORDER GRANTS RELIEF FROM THE STAY AS TO THE GMAC DEFENDANTS, BUT ONLY WITH RESPECT TO PLAINTIFFS' NON-MONETARY PRAYERS FOR RELIEF

Approximately two months after the GMAC defendants' initial petition and the imposition of the automatic stay, the bankruptcy court issued the Final

Supplemental Order (the "Order") which the GMAC defendants have appended to their notice of bankruptcy stay in this case. The full title of the Order states that one of its express purposes is to "grant[ ] limited stay relief to permit foreclosure and eviction proceedings ... to proceed." (Order, p. 1.)

The body of the Order proceeds to modify "[t]he stay imposed by section 362(a) of the Bankruptcy Code applicable to (a) pending and future foreclosure actions initiated by the Debtors or in those states [such as California] providing for non-judicial foreclosures, by a borrower, and (b) pending and future eviction proceedings with respect to properties for which a foreclosure has been completed or is pending." (Final Supplemental Order, p. 7, ¶ 14.)

Specifically, the Order provides:

> (a) except as set forth herein, a borrower, mortgagor, or lienholder (each, an "Interested Party") shall be entitled to assert and prosecute direct claims and counter-claims relating exclusively to the property that is the subject of the loan owned or serviced by a Debtor for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure ... or eviction proceeding ... and to prosecute appeals with respect to any such direct claims or counter-claims;

> (b) absent further order of the Court, an automatic stay shall remain in full force and effect with respect to all pending and future Interested Party direct claims and counterclaims: (i) for monetary relief of any kind and of any nature against the Debtors, except where a monetary claim must be plead in order for an Interested Party to [ ] assert a claim to defend against or otherwise enjoin or preclude a foreclosure ... ; [or] (ii) for relief that if granted, would not terminate or preclude the

> prosecution and completion of a foreclosure or
> eviction[.]

(Order, pp. 7–8, ¶ 14(a)–(b).)

Here, plaintiffs' first amended complaint ("FAC") asserted fourteen causes of action against GMAC, ETS, or both: fraud, constructive fraud, deceit, abuse of process, breach of fiduciary duty, enforcement of rescission, quiet title, unlawful & fraudulent conversion & transfer of real property, conspiracy to commit fraud, conspiracy to commit unlawful & fraudulent conversion & transfer of real property, slander of title, involuntary trust, and equitable relief. (CT, pp. 1194–1199.) Based on these causes of action, plaintiffs requested the trial court to rescind Hills's mortgage loan, unwind the foreclosure sale, set aside the unlawful detainer judgment, quiet title in favor of plaintiffs, and enjoin defendants from "taking any further actions against [plaintiffs] based upon the alleged Foreclosure & Sale." (CT, pp. 1202–1203.)

Paragraph 14(a) of the Order applies to these non-monetary prayers for relief. It permits plaintiffs to pursue claims brought "for the purposes of defending, unwinding, or otherwise enjoining or precluding any foreclosure … or eviction proceeding"—goals which are similar to the FAC's requests. As a result, to the extent that each of plaintiffs' fourteen causes of action purports to seek this type of non-monetary relief, the Order authorizes this Court to consider whether the trial court properly sustained the GMAC defendants' demurrer to that cause of action.[2]

---

[2] Plaintiffs have not explained which of their fourteen causes of action seek monetary relief, which seek non-monetary relief, and which seek both. A few of the FAC's causes of action, however, appear to fall solely into the non-monetary category: for example, equitable and collateral estoppel (fourth claim; *see* CT, p. 1195); enforcement of rescission (seventh claim; *see* CT, p. 1196); quiet title (eighth claim; *see* CT, p. 1197); involuntary trust (thirteenth

## III.

## THE AUTOMATIC STAY DOES NOT
## APPLY TO THE MERS DEFENDANTS

The notice of bankruptcy and effect of automatic stay, filed July 30, 2012, did not purport to extend to the MERS defendants. It is true that this Court imposed a temporary stay on July 31, 2012, which applies to the entire case. But once the Court lifts that stay, the MERS defendants will stand by their obligation to defend all aspects of the appeal.

## IV.

## THE AUTOMATIC STAY DOES NOT CURRENTLY
## APPLY TO THE EMPLOYEE DEFENDANTS

In the absence of a specific order from the bankruptcy court, the employee defendants (Hoecker, Solorzano, Pensabene, Lahiff, and Leppo)—like the MERS defendants—do not presently enjoy the protection of the automatic stay. (*See In re Casgul of Nevada, Inc.* (B.A.P. 9th Cir. 1987) 22 B.R. 65, 66 (concluding that section 362(a) of Title 11 does not create an automatic stay in favor of the debtor's officers or their property); *Seiko Epson Corp. v. Nu-Kote Int'l, Inc.* (Fed. Cir. 1999) 190 F.3d 1360, 1364 ("It is clearly established that the automatic stay does not apply to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus with the debtor"); but *see Woodell v. Ormet Primary Aluminum Corp.* (Ohio Ct. App. 2004) 808 N.E.2d 402, 407 (holding that "it is clear from the record that [plaintiff] has advanced no theories … against these [debtor's] employees as individuals. Rather, every cause of action and argument that involves them revolves solely around their status as [debtor] employees. Thus, the causes of action and arguments asserted against these management employees are in actuality being asserted against [the debtor]. Therefore, the stay provision is equally applicable to any decision we would render as to these individuals.").)

The employee defendants, however, reserve the right to petition the bankruptcy court in the Southern District of New York to extend the provisions of the automatic stay to encompass plaintiffs' claims against them. Such relief rests in the bankruptcy court's discretion and is frequently granted, especially where, as here, the plaintiffs' real target appears to be the debtor itself. (*See In re Ionosphere Clubs, Inc.* (Bankr. S.D.N.Y. 1990) 111 B.R. 423, 434 (holding that a stay should be extended to third party defendants when the claims against co-defendants and the debtor are "inextricably interwoven, presenting common questions of law and fact, which can be resolved in one proceeding"); *In re Johns-Manville Corp.* (Bankr. S.D.N.Y. 1983) 26 B.R. 420, 426 (observing that "in great measure the suits being pursued against [the debtor's] officers and employees are in reality derivative of identical claims brought against [the debtor]" and concluding that "because there is an identity of interests between [the debtor] and these officers and employees, the stay must be extended for limited purposes for a short period of time only to cover some of these related entities or persons"); *In re S.I. Acquisition, Inc.* (5th Cir. 1987) 817 F.2d 1142, 1146 fn. 3 (discussing the bankruptcy court's broad discretion in expanding the reach of the automatic stay, including over non-bankrupt entities when appropriate).)

## V.

## THIS COURT RETAINS DISCRETION TO MANAGE ITS OWN DOCKET, AND DEFENDANTS RECOGNIZE THAT IT MAY BE EASIER TO SIMPLY STAY THIS ENTIRE CASE

"[C]ourts have inherent authority to control their own calendars and dockets." (*Walker v. Superior Court* (1991) 53 Cal.3d 257, 267; *see also R&A Vending Servs., Inc. of Los Angeles v. City of Los Angeles* (1985) 172 Cal. App.3d 1188, 1193 ("'The court for good cause has discretion in the control and regulation of its calendar or docket. It is permissible for good cause to

delay a trial or hearing to a later date or to drop or strike a case from the calendar, to be restored on motion of one or more of the litigants or on the court's own motion.'" (quoting *In re Lyle's Guardianship* (1946) 77 Cal.App.2d 153, 155–156; internal citation omitted)).)

Here, defendants recognize that it may be difficult or inefficient for this Court to adjudicate this appeal with respect to certain defendants and claims only, while staying the case with respect to other defendants and other claims. Particularly cumbersome is the apparent need to bisect those causes of action against the GMAC defendants, where plaintiffs seek <u>both</u> monetary and non-monetary relief. This task is further complicated by the FAC's lack of specificity as to which causes of action seek which type of relief.

Consequently, defendants have no objection if this Court wishes, in its discretion, to stay the case altogether pending the lifting of the GMAC defendants' automatic stay. Another possibility would be for the Court to allow the appeal to proceed with respect to the MERS defendants and the employee defendants, while staying the appeal altogether as against the GMAC defendants.

## VI.

## CONCLUSION

The automatic stay does not apply to the MERS defendants (MERS and Beckmann). Nor does it apply to the employee defendants (Hoecker, Solorzano, Pensabene, Lahiff, and Leppo).

The stay does, however, apply to GMAC and ETS, to the extent that plaintiffs are seeking monetary relief of any kind. To the extent they are seeking non-monetary relief from the GMAC defendants, the Order grants limited relief to allow plaintiffs to pursue their appeal.

Recognizing the difficulties that may result from this arrangement, defendants have no objection if the Court wishes to exercise its discretion to stay the entire appeal, or to stay all claims with respect to GMAC and ETS only.

Any dispute regarding the interpretation of the Order should be resolved in the bankruptcy court, and not in this Court.

DATED:  August 22, 2012          SEVERSON & WERSON
                                 A Professional Corporation


                          By: _____
                                 M/Elizabeth Holt

                          Attorneys for Defendants and Respondents
                          Mortgage Electronic Registration Systems,
                          Inc.; GMAC Mortgage LLC; ETS Services
                          LLC; Bill Beckmann; Nick Canale, Jr.;
                          Charles R. Hoecker; Omar Solorzano;
                          Joseph A. Pensabene; Mark E. Lahiff; and
                          Adam Leppo

## PROOF OF SERVICE
### Gjurovich v GMAC, et al.
### Case No. F064464

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of San Francisco, State of California. My business address is One Embarcadero Center, Suite 2600, San Francisco, CA 94111.

On August 22, 2012, I served true copies of the following document(s):

**RESPONDENTS' REPLY RE NOTICE OF BANKRUPTCY AND EFFECT OF AUTOMATIC STAY**

on the interested parties in this action as follows:

Alan Gjurovich                          Star: Hills
c/o 934 W. Henderson, #132              c/o General Post
Porterville, CA 93257                   Porterville, CA 93257
In Pro Per                              In Pro Per

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 22, 2012, at San Francisco, California.

_____
Sylvia Coleman

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# 2

James W. Fitch Assessor - Recorder
Kern County Official Records
7/12/2011
8:00 AM

Recorded at the request of
**Public**

| DOC#: | 0211087782 | Stat Types: 1 | Pages: | **4** |
|---|---|---|---|---|
| | | Fees | | 38.00 |
| | | Taxes | | 0.00 |
| | | Others | | 0.00 |
| | | PAID | | $38.00 |

33405208
FNT-16

PLEASE COMPLETE THIS INFORMATION

RECORDING REQUESTED BY:

REO PROPERTIES CORPORATION

AND WHEN RECORDED MAIL TO:

REO PROPERTIES CORPORATION
7360 SOUTH KYRENE ROAD
TEMPE, AZ 85283

SPACE ABOVE FOR RECORDER'S USE ONLY

QUITCLAIM DEED
**Title of Document**

# THIS AREA FOR

# RECORDER'S

# USE ONLY

**THIS COVER SHEET ADDED TO PROVIDE ADEQUATE SPACE FOR RECORDING INFORMATION**
**($3.00 Additional Recording Fee Applies)**

**RECORDING REQUESTED BY:**
REO PROPERTIES CORPORATION

**WHEN RECORDED MAIL TO:**
REO PROPERTIES CORPORATION
7360 SOUTH KYRENE ROAD
TEMPE, AZ 85283

Assessor Parcel No.:    123-330-06-00

SPACE ABOVE FOR RECORDER'S USE

**QUITCLAIM DEED**          THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX IS:  NONE
☐ Computed on full value of property conveyed, or ☐ computed
on full value less any liens or encumbrances remaining at time of
sale.
☑ Unincorporated area    ☐ City of _____

For no consideration, GMAC MORTGAGE, LLC FKA GMAC MORTGAGE CORPORATION (herein,
"Grantor"), whose address is 3451 Hammond Avenue, Waterloo, IA 50702, hereby remises, releases
and quitclaims to REO PROPERTIES CORPORATION (herein, "Grantee"), whose address is 7360 South
Kyrene Road, Tempe, AZ 85283, all of Grantor's interest in and to the following described real property
located in the County of Kern, State of California:  SEE LEGAL DESCRIPTION ATTACHED HERETO
AS EXHIBIT A

Consideration:     There was no consideration for this transfer.  This is a bona fide gift and the
grantor received nothing in return.  Pursuant to R&T Code Section 11930, no
documentary tax is due.

**GRANTOR:**

Dated: _____3/8/10_____          GMAC Mortgage, LLC fka GMAC
Mortgage Corporation

By: _____
Printed Name: _____
Title: _____

**Mail Future Tax Statements to:**

REO PROPERTIES CORPORATION
7360 SOUTH KYRENE ROAD
TEMPE, AZ 85283

STATE OF _PA_

COUNTY OF _montgomery_

On _3/8/10_ , before me, _Mary Lynch_ , the Notary Public, personally appeared _Jeffrey Stephan_ , who proved to me on the basis of satisfactory evidence to be the person(s) whose name is subscribed to the within instrument, and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity, and that by his/her/their signature(s) on the instrument the person(s), or the entity on behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

Witness my hand and official seal.

_____                    [Affix Notary Seal]
Signature of Notary Public

COMMONWEALTH OF PENNSYLVANIA
Notarial Seal
Mary Lynch, Notary Public
Upper Dublin Twp., Montgomery County
My Commission Expires Nov. 3, 2010
Member, Pennsylvania Association of Notaries

## EXHIBIT A

THE LAND REFERRED TO HEREIN BELOW IS SITUATED IN THE IN THE UNINCORPORATED AREA OF BAKERSFIELD, COUNTY OF KERN, STATE OF CALIFORNIA, AND IS DESCRIBED AS FOLLOWS:

All if Lot 17 in Block 26 of Skyline Park Subdivision No. 2, in the County of Kern, State of California, according to the Map thereof filed on August 13, 1923, and recorded in Book 3 Pages 88 to 93 inclusive of Maps, in the Office of the County Recorder of said County.

Assessor's Parcel No: 123-330-06-00

09-22463

RECORDING REQUESTED BY:
Fidelity National Title

AND WHEN RECORDED MAIL TO:

Martha Beatriz Campos
3018 Linden Avenue
Bakersfield, CA    93305

James W. Fitch, Assessor-Recorder
Kern County Official Records

JASON
7/25/2011
8:00 AM

Recorded at the request of
Public

DOC#:    0211093375

Stat Types: 1    Pages:    1

Fees          35.00
Taxes        115.50
Others         0.00
PAID        $150.50

THIS SPACE FOR RECORDER'S USE ONLY:

Title Order No.: 33405208

Escrow No.: 040888-SD

## GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)
DOCUMENTARY TRANSFER TAX is $115.50
[X] computed on full value of property conveyed, or
[ ] computed on full value less value of liens or encumbrances remaining at time of sale.
[ ] Unincorporated area    [X] City of Bakersfield AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

**REO Properties Corporation**

hereby GRANT(s) to:

**Martha Beatriz Campos** , *an unmarried woman*

the real property in the City of Bakersfield, County of Kern, State of California, described as:
All of Lot 17 in Block 26 of Skyline Park Subdivision No. 2, in the County of Kern, State of California, according to
the map thereof filed on August 13, 1923, and recorded in Book 3, Pages 88 to 93 inclusive of Maps, in the
office of the County Recorder of said County.
Also Known as: 3018 Linden Avenue, Bakersfield, CA  93305
AP#: 123-330-06
LOAN # 115600668

DATED June 2, 2011
STATE OF ~~CALIFORNIA~~ *Pennsylvania*
COUNTY OF *Washington*
On *6-7-2011*
before me, *Jenifer L. Dino*
A Notary Public in and for said State personally appeared
*Sharon Cerun*

REO Properties Corporation

BY: 

Single Source Property Solutions, its Attorney-in-Fact

who proved to me on the basis of satisfactory evidence to be
the person(s) whose name(s) is/are subscribed to the within
instrument and acknowledged to me that he/she/they
executed the same in his/her/their authorized capacity(ies),
and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s)
acted, executed the instrument.
I certify under PENALTY OF PERJURY under the laws of the State
of California that the foregoing paragraph is true and correct.
WITNESS my hand and official seal.

NOTARIAL SEAL
JENIFER L DINO
Notary Public
MOUNT PLEASANT TWP, WASHINGTON CNTY
My Commission Expires Nov 18, 2014

Signature *Jenifer L Dino*                    (Seal)
MAIL TAX STATEMENTS TO PARTY SHOWN BELOW; IF NO PARTY SHOWN, MAIL AS DIRECTED ABOVE:

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# 3

**IN THE**

# Court of Appeal of the State of California

**IN AND FOR THE**

## Fifth Appellate District

COURT OF APPEAL
FIFTH APPELLATE DISTRICT
F I L E D

AUG 28 2012

By_____

Deputy

ALAN GJUROVICH et al.,

    Plaintiffs and Appellants,

        v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC. et al.,

    Defendants and Respondents.

F064464

(Kern Sup. Ct. No. CV-271292)

**ORDER**

**BY THE COURT:**

    This court previously received notice that respondents, GMAC Mortgage LLC and ETS Services LLC, commenced bankruptcy proceedings in the United States Bankruptcy Court for the Southern District of New York, and that an automatic stay was then in effect. Thereafter, this court established a briefing schedule for the parties to address the stay request.

    Having read and considered the briefing submitted, this court concludes that portions of this appeal are covered by the automatic stay provisions of 11 United States Code, section 362(a). In order to avoid a fragmented appeal, all proceedings in this appellate action are stayed.

    Appellants can seek relief from this stay in the bankruptcy proceedings.

    The parties are directed to immediately inform this court of any modification of the automatic stay that impacts the proceedings at issue in this appeal or any order lifting or dissolving the bankruptcy in its entirety.

    On the first court days of January, April, July and October, the debtor or other party for whose benefit the stay is taken shall serve and file brief status reports to apprise the court of the current status of the bankruptcy proceedings.

_____ Presiding Justice

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# 4

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

---

**FINAL SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a), 362, 363, 502, 1107(a), AND 1108 AND BANKRUPTCY RULE 9019 (I) AUTHORIZING THE DEBTORS TO CONTINUE IMPLEMENTING LOSS MITIGATION PROGRAMS; (II) APPROVING PROCEDURES FOR COMPROMISE AND SETTLEMENT OF CERTAIN CLAIMS, LITIGATIONS AND CAUSES OF ACTION; (III) GRANTING LIMITED STAY RELIEF TO PERMIT FORECLOSURE AND EVICTION PROCEEDINGS, BORROWER BANKRUPTCY CASES, AND TITLE DISPUTES TO PROCEED; AND (IV) AUTHORIZING AND DIRECTING THE DEBTORS TO PAY SECURITIZATION TRUSTEE FEES AND EXPENSES**

Upon the motion (the "Motion")[1] of Residential Capital, LLC, and certain of its

affiliates, as debtors and debtors in possession (collectively, the "Debtors") for entry of a

supplemental order under Bankruptcy Code sections 105(a), 362, 363, 1107(a) and 1108, and

Bankruptcy Rule 9019 (i) authorizing the Debtors to continue implementing loss mitigation

programs; (ii) approving procedures for the compromise and settlement of certain claims,

litigations and causes of action in the ordinary course of the Debtors' business; (iii) granting

limited stay relief to permit (w) borrowers or their tenants, as applicable, to prosecute direct

claims and counter-claims in foreclosure and eviction proceedings (including in states in which

non-judicial foreclosure is followed), (x) borrowers to prosecute certain actions in borrower

bankruptcy cases, (y) the Debtors to prosecute foreclosure actions in those circumstances where

---

[1]    Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion. Creditors and parties-in-interest with questions or concerns regarding the Debtors' Chapter 11 cases or the relief granted herein may refer to http://www.kccllc.net/rescap for additional information.



1212020120713000000000011

properties that are subject to mortgages owned or serviced by the Debtors ("Title Disputes") is

hereby modified pursuant to the following terms and conditions:

      (a)     except as otherwise set forth herein, a Third Party Claimant shall be

entitled to assert and prosecute direct claims and counter-claims relating exclusively to the

property that is the subject of the loan owned or serviced by a Debtor in connection with

any Title Dispute, and to prosecute appeals with respect to any such direct claims or

counter-claims;

      (b)     absent further order of the Court, the automatic stay shall remain in

full force and effect with respect to all pending and future Third Party Claimant direct

claims and counter-claims:  (i) for monetary relief of any kind and of any nature against the

Debtors; (ii) for relief that is not necessary for the resolution of the Title Dispute; or

(iii) asserted in the form of a class action or collective action;

      (c)     absent further order of the Court, the stay shall remain in full force

and effect with respect to any party seeking to intervene to assert related claims against the

Debtors or any class action or collective action brought by any Third Party Claimant on

behalf of any other Third Party Claimant or class of Third Party Claimants;

      (d)     under no circumstances shall a Third Party Claimant be entitled to

enforce against, recoup, setoff or collect from the Debtors any judgment or award related

to any direct claim or counter-claim for which the automatic stay has been lifted by the

terms of the Order;

      (e)     the Debtors shall be entitled to take such actions as are necessary to

clear title with respect to property that is subject to a Title Dispute or to otherwise ensure

13

interposed and the amount of Trustee Expenses determined by the Court to be reasonable, shall

be entitled to administrative expense priority in the Debtors' Chapter 11 cases notwithstanding

the entry of an order authorizing the assumption and assignment or rejection of any Agreement.

However, the Debtors will not be responsible for any fees, costs and expenses incurred with

respect to any Agreement after the entry of an order in the Debtors' Chapter 11 cases authorizing

the rejection of such Agreement.

21.    If any or all of the provisions of this Order are hereafter reversed,

modified, limited, vacated or stayed, such reversal, stay, modification or vacatur shall not affect

the validity, priority or enforceability of any Trustee Expenses incurred prior to the actual receipt

of written notice by the Trustees of the effective date of such reversal, stay, modification or

vacatur (the "Notice Date").  Notwithstanding any such reversal, stay, modification or vacatur,

the payment of any Trustee Expenses incurred prior to the Notice Date and reimbursed prior to

or after the Notice Date by the Debtors shall be governed in all respects by the original

provisions of this Order, and the Trustees shall be entitled to all of the rights, remedies,

privileges and benefits granted in this Order with respect to payment of Trustee Expenses.

22.    Notwithstanding the Debtors' obligations set forth in paragraphs 18 and

19, nothing in this Order shall be deemed to limit, extinguish, or prejudice the Debtors' rights in

any way to assume and assign or reject any Agreement in accordance with Bankruptcy Code

section 365.

Other Relief

23.    Any disputes regarding the extent, application and/or effect of the

automatic stay under this Order shall be heard and determined in the Debtors' jointly

administered bankruptcy cases pending in the United States Bankruptcy Court for the Southern

17

District of New York, Case No. 12-12020 in accordance with the Case Management Order

entered in the Debtors' cases [Docket No. 141] and such other and further orders as may be

entered by the Court.

      24.    The Debtors are authorized and empowered to take all actions and execute

such documents as may be necessary or appropriate to carry out the relief granted herein.

      25.    Nothing herein shall be deemed to limit the rights of the Debtors to

operate their business in the ordinary course, and no subsequent order shall be required to

confirm such rights.

      26.    Notwithstanding the relief granted herein and any actions taken hereunder,

nothing contained herein shall constitute, nor is it intended to constitute, the assumption of any

contract or agreement under Bankruptcy Code section 365 or the waiver by the Debtors or their

non-Debtor affiliates of any of their rights pursuant to any agreement by operation of law or

otherwise.

      27.    Notwithstanding anything to the contrary in this Order, any action to be

taken pursuant to the relief authorized in this Order is subject to the terms of any cash collateral

order or debtor in possession financing order entered in these chapter 11 proceedings.  All

amounts authorized to be paid pursuant to this Order are subject to the limitations and

restrictions imposed by the Approved DIP Budget (as defined in the DIP Credit Agreement).  To

the extent that there is any inconsistency between the terms of this Order and the terms of any

order relating to postpetition financing or cash collateral, the terms of the orders relating to

postpetition financing or cash collateral shall govern.

      28.    Notwithstanding anything herein to the contrary, this Order shall not

modify or affect the terms and provisions of, nor the rights and obligations under, (a) the Board

ny-1046923

<u>i</u>
# TABLE OF CONTENTS

**HEADING**                                                                                                 **PAGE**

Table of Authorities: -------------------------------------------------------------------------------: ii

Statement Of Facts:---------------------------------------------------------------------------------: 1-3
Incorporation by Reference:-----------------------------------------------------------------------: 1
Issues of Law Presented:

**I**
GMAC Mort. LLC & ETS Services LLC ACTED IN BAD FAITH
BEFORE THE STATE COURT OF APEAL IN 5th DCA # F064464
IN JULY 2012 WHEN THEY FILED DOCUMENTS IN THAT
COURT CLAIMING AN AUTOMATIC STAY EXISTED FOR
THEIR REAL PROPERTY RELATED TO THE STATE COURT
PROCEEDINGS WHEN THEY HAD DISPOSSESSED THEMSELVES
OF THE REAL PROPERTY INVOLVED IN STATE COURT
PROCEEDINGS ON 3/8/10 MORE THAN 2 YEARS BEFORE
FILING THE BANKRUPTCY IN THE SOUTHERN DISTRICT
OF NEW YORK BANKRUPTCY COURT CASE 12-12012

**A**
THE CLAIM OF AN AUTOMATIC STAY ON ACTIONS
AGAINST THE REAL PROPERTY AT 3018 LINDEN
AVENUE BAKERSFIELDCALIFORNIA WAS A FRAUD
UPON THE STATE COURT OF APPEAL & A FRAUD
UPON Alan Gjurovich & Star Hills MOVANTS HEREIN

**B**
GMAC MORT. LLC & ETS SERVICES LLC & THEIR
COUNSEL SHOULD BE SANCTIONED FOR USING
FEDERAL LAW UNDER USC TITLE 11 § 362 TO
DECEIVE THE STATE COURT OF APPEAL & Star
Hills & Alan Gjurovich:------------------------------------------------------------------------: 3-6


**II**
THE 'FINAL SUPPLEMENTAL ORDER UNDER
BANKRUPTCY CODE SECT. 105 (A), 362, 363, 502,
1107(A), & 1108, & BANKRUPTCY RULE 9019
ISSUED BY THE BANKRUPTCY COURT IN CASE
# 12-12012 APPEARSTO ALLOW THE APPEAL IN
5th DCA CASE # F064464

**A**
THERE IS NO INJUNCTIVE LANGUAGE IN
REFERENCE TO AN APPEAL IN SUBDIVISION
(B) AT PAGE 13 AS THERE IS IN SUBDIVISION (A)

**B**
MOVANTS REQUEST A CLARIFICATION OF
THE COURTS INTENT BY EXCLUDING
INJUNCTIVE LANGUAGE IN SUBDIVISON

i

(B) REGARDING APPEALS & A DETERMINATION
OF THE QUESTION OF WHETHER SUBDICION (B)
ALLOWS THE APPEAL IN 5th DCA CASE # F064464
C
Star & Alan MOVE FOR AN ORDER THAT THEY
DO NOT COME UNDER THE INJUNCTION
PROVISIONS OF THE CHAPTER 11 PLAN & THERE
IS NO CAUSE FOR ISSUANCE OF AN INJUNCTION
UNDER USC TITLE 11 § 105; USC TITLE 28 § 157; &
ARE ALLOWED TO PROCEED WITH THEIR APPEAL
IN 5th DCA #: F064464:---------------------------------------------------------------------------------------------: 6-8

## III

THE FACT SAID ENTITIES NEVER LISTED
Star OR Alan AS CREDITORS IN THE  CHAPTER 11
CASE, INDICATES THEY HAD  PERSONAL
KNOWLEDGE THAT Star & Alan ARE NOT IN FACT
CREDITORS  WITH AN ENFORCEABLE CLAIM  & ARE
THUS NOT REQUIRED TO FILE ANY CLAIM WITH
THE BANKRUPTCY COURT
A
RESPONDENTS COUNSEL Jon Ives HAS FAILED TO
PRESENT ANY BASIS IN FACT  OR LAW TO ESTABLISH
THAT  Star  OR  Alan  MEET  THE  REQUIREMENTS  OF
"CREDITORS" AUTHORIZED TO  FILE A  "CLAIM" IN
FEDERAL BANKRUPTCY LAW, AS  SET FORTH IN
'TITLE 11 U.S.C. SECT. § 501: 'FILING OF  PROOFS OF
CLAIMS OR INTERESTS': "(A) A CREDITOR OR AN
INDENTURED TRUSTEE MAY FILE A PROOF OF CLAIM."
& UNDER TITLE 11, SECT. 101, DEFINITIONS OF
'CREDITOR' & CLAIM', WHICH REQUIRES THAT
THERE BE A LEGALLY  ENFORCEABLE 'RIGHT TO
PAYMENT', FOR THEIR TO BE 'PROOF OF CLAIM'
B
DUE TO THE RES JUDICATA FINAL JUDGMENT IN
KERN COUNTY SUPERIOR COURT CASE CV-271292,
THE SUBJECT OF THE CURRENT APPEAL IN 5TH DCA
CASE # F064464, THE FEDERAL COURTS ARE
PRECLUDED FROM HEARING THESTATE CLAIMS
OF Star & Alan UNDER USC TITLE 28 § 1738;
APPELLANTS HAVE NO 'LEGALLY ENFORCEABLE
RIGHT TO PAYMENT' IE: A 'CREDITORS CLAIM'
UNDER TITLE 11 USC, & ARE NOT AUTHORIZED
BY FEDERAL LAW TO FILE ANY SUCH CLAIM, &
THEREFORE DO  NOT COME UNDER 'PROOF OF
CLAIM' REQUIREMENTS OF FEDERAL
BANKRUPTCY LAW, OR  'INJUNCTION'

i

PROVISIONS OF THE FINAL PLAN IN SOUTHERN
DIST. OF NEW YORK BANKRUPTCY CASE # 12-12012

**C**
DEBTORS ARE BARRED BY THE FEDERAL
ANTI-INJUNCTION ACT UNDER USC TITLE 28
SECTION 2283 FROM ENJOINING THE STATE
APPEAL IN 5th DCA CASE #: F064464

**D**
THIS CASE DOES NOT COME UNDER ANY
OF THE COURT RULED EXCEPTIONS
TO USC TITLE 28 SECTION 2283

**E**
THE COURT IS REQUIRED TO GRANT THIS
MOTION & ISSUE THE APPROPRIATE RELIEF:----------------------------------------------: 8-15

CONCLUSION:------------------------------------------------------------------------------------: 14-15

ii

# TABLE OF AUTHORITIES

**HEADING**                                             **PAGE**

## FEDERAL CASES

*Northern Pipeline Co. v. Marathon Pipe Line Co.,*
*Et Al, 458 U.S. 50 (1982):*-------------------------------------------------------------------------------: 8,12,13

*Tripati VS Henman (1988, 9th Cir.) 857 F. 2d 1366, at page 1367:*--------------------------------: 11

*Allen v. McCurry, 449 U.S. 90 (1980):*-------------------------------------------------------------------: 11

*SSIH Equipment S.A. VS United States*
*Int'l Trade Com'n, 718 F.2d 365 at page 370 (Fed.Cir.1983):*------------------------------------: 11

*Warwick VS Maryland Dept. of Ztransp.,*
*573 F. Supp. 1011, 1014 (D.M.d 1983)*
*Aff'd without opinion, 735 F.2d 1359 (4th Cir. 1984):*------------------------------------------: 11

*Board of Regents v. Tomanio, 446 U.S. 478, 488, 491-492 (1980):*---------------------------------: 11

*New York VS US, 505 U.S. 144, (1992):*------------------------------------------------------------: 13,14

*Coleman v Thompson, 501 US 722, 759(1991):*----------------------------------------------------:13

*National League of Cities v. Usery, 426 U.S.,*
*at 842, n. 12. In INS v. Chadha, 462 U.S. 919, 944-959(1983):*---------------------------------:13,

*In Buckley v Valeo, 424 U.S. 1, 118 -137(1976):*----------------------------------------------:13,14

*Gregory v. Ashcroft, 501 US, at 458:*------------------------------------------------------------:13

## FEDERAL STATUTES

USC Title 11 § 362:------------------------------------------------------------------------------: 4,5
USC Title 28 § 105:------------------------------------------------------------------------------: 6,7
USC Title 28 § 157:------------------------------------------------------------------------------: 6,8
USC Title 11 § 101:----------------------------------------------------------------------------: 8,9,10
USC Title 28 § 152:------------------------------------------------------------------------------: 8,13
USC Title 11 § 501:------------------------------------------------------------------------------: 8,9
USC Title 28 § 1481:----------------------------------------------------------------------------: 8,12
USC Title 28 § 1738:--------------------------------------------------------------------------: 9-12,15

ii

USC Title 28 § 2283:-------------------------------------------------------------------------:9,10,12,13,15

USC Title 28 § 1471:---------------------------------------------------------------------------: 12


**CONSTITUTIONAL PROVISIONS**

Article III of the Constitution of the United States of America:---------------------------------: 8,12,13

10th Amendment of the Constitution of the United States of America:--------------------------: 13,15

**OTHER SOURCES**

Final Supplemental Order:-------------------------------------------------------------------: 2,3

7/30/12 'Corrected Notice of Bankruptcy
and Effect of Automatic Stay', OF GMAC
Mort. LLC & ETS Services LLC Jan T. Chilton,
State Bar # 47582, M. Elizabeth Holt, State Bar #
263206, of "SEVERSON & WERSON" (One
Embarcadero Center, Suite 2600, San Francisco,
California 94111; Tel. 415-398-3344):---------------------------------------------------: 3,4

Federal Bankruptcy Act of 1978:-----------------------------------------------------------: 7,8

Blacks Law Dictionary 5th Edition page 1189:--------------------------------------------: 10

1   Alan Gjurovich,
2   C/O: 934 W. Henderson,
    PMB #: 132,
3   Porterville, California, [93257];

4   Star: Hills, Sui Juris
    C/O: Alan Gjurovich,
5   934 W. Henderson,
6   Porterville, California [93257]

7

8

9

10   **UNTIED STATES BANKRUPTCY COURT; SOUTHERN DISTRICT OF NEW YORK**

11

12   In re:                              Case #: 12-12020
                                          Chapter 11; Jointly Administered.
13                                        BY SPECIAL VISITATION:

14   RESIDENTIAL CAPITOL, LLC,           **MEMORANDUM OF POINTS & AUTHORITIES OF**
     GMAC MORTGAGE LLC,                  *Alan Gjurovich & Star Hills IN SUPPORT OF Third Party*
15   ETS SERVICES, LLC,                  *Objections TO APPLICATION OF AUTOMATIC STAY*
     ET AL,                              *TO CALIFORNIA CIVIL APPEAL IN 5th DCA # F064464*
16              Debtors.                 *&MOTION FOR ORDER GRANTING RELIEF FROM*
                                          *AUTOMATIC STAY PROVISIONS OF CHAPTER 11*
17                                        *PLAN; FINDINGS OF NON APPLICABILITY OF*
     Alan Gjurovich & Star Hills,        *AUTOMATIC STAY & INJUNCTION PROVISIONS OF*
18   Third party Movants                 *CHAPTER 11 PLAN OR GOOD CAUSE FOR RELIEF*
     by Special Visitation               *FROM STAY & INJUNCTION PROVISIONS Etc.*
19

20                          <u>STATEMENT OF FACTS</u>
21                     <u>INCORPORATION BY REFERENCE</u>
     Movants hereby incorporate the Facts set forth in their here accompanying Supporting
22   Affidavit, served & filed herewith this Motion & Memorandum, which is hereby made a part
23   of this Memorandum.

24
     Previously, after Movants herein timely served & filed their Opening Brief on Appeal, in
25
     the 5th District Court of Appeal of the State of California, in Case # F064464, which was
26
27   received by Respondents, Debtors herein, GMAC Mort. LLC, & ETS Services LLC, said

28                              Page 1 of 15

1   'Bankrupt' parties, *after a delay of 2 ½ weeks, served & filed a document, 'Notice of*

2   *Bankruptcy & Automatic Stay', asking the 5th DCA for a Stay of the Appeal for all*

3   *Respondents, even those not covered by the Automatic stay in the Bankruptcy Court. The*

4
    *Bankruptcy was filed by the mother Corporation of GMAC Mortgage LLC, & ETS Services LLC*
5
    *Residential Capital, LLC, on 5/14/12, months after a Notice of Appeal had been filed, two of the*
6
7   *Respondents GMAC Mort. LLC & their Trustee ETS Services LLC, filed Voluntary Bankruptcy,*

8   *with many other subsidiaries. Respondent MERS (Mortgage Electronic Registration Systems*

9   *Inc.) & the individual Defendants / Respondents in this Appeal, Did not file any Bankruptcy*

10  *relating to the matter, & thus are not protected by any Bankruptcy stay in Case 12-12020; Said*

11  *Respondents, never the less, applied for an Order in the 5th DCA of the State of Calif. protecting*

12  *non filing Respondents, for mere convenience of the Court, with no consideration for the Rights*

13  *& Interests of Appellants to their Appeal, State & Federal Due Process of Law an Adequate*

14  *Speedy Remedy, etc.,which was Granted by the 5th DCA. No Injury, Prejudice, or Injustice was*

15  *alleged or shown by the Debtors regarding the Appeal in 5th DCA #: F064464. The:*

16

17  *'Final Supplemental Order Under Bankruptcy Code Sections 105 (a),362, 363, 502,1107(a),and*
    *1108, and Bankruptcy Rule 9019 (i) Authorizing the Debtors to continue implementing Loss*
18  *Mitigation Programs; (ii) approving procedures for compromise and settlement of certain claims,*
    *litigations and causes of action;(iii) granting limited stay relief to permit foreclosure and eviction*
19  *proceedings, borrower bankruptcy cases, and title disputes to proceed'*

20  *of 7/13/12, appears to allow the Appeal in Calif. 5th Appellate Dist. Case# F064464, at page 13*

21  *under (a) & (b), in that there is provision under (a) allowing third Party Claimants', to 'prosecute*

22  *appeals','with respect to any direct claims or counter claims relating exclusively to the property*

23  *that is the subject of the loan owned or serviced by a debtor in connection with any title dispute';*

24
    *under subdivision (b) on page 13, it states:*
25
26  *"absent further order of the Court, the automatic stay shall remain in full force and with*
    *respect to all pending and future third party claimant direct claims and counter claims:(i)for*
27  *monetary relief of any kind and of any nature against the Debtors; (ii) for relief that is not*
    *necessary for the resolution of the Title Dispute; or (iii) asserted in the form of a class action*
28

1 *or collective action;"*

2 *However there is no injunctive language in reference to any appeal in subdivision (b) as there*

3 *is in the preceding subdivision (a), which indicates an intention by the Court to allow any*

4 *appeals pending prior to the time of the filing of the Bankruptcies in Case #:12-12020, from a*

5 *final Judgment entered, in an action against the debtors prior to the filing of Bankruptcy by*

6 *debtors, which is the case here in 5th DCA # F064464, which is not an In Rem Proceeding,*

7 *has no direct impact on any Real Property or Assets of the Debtors in Southern District*

8 *of New York Bankruptcy Case # 12-12020, it only concerns questions of Law bearing on the*

9 *prior final Judgment of the Trial Court before the Bankruptcy filings, & does not 'block the*

10 *path' of, or 'interfere' with, the Bankruptcy Court, the purpose of the Bankruptcy Proceedings*

11 *in Case # 12-12020, its ability to enter final Orders & Judgments, & dispose of Case 12-12020.*

12 *Further facts relevant to the long drawn out proceedings are stated in the ten (10) page notice*

13 *of Objections & Motion for Relief served & filed herewith this Memorandum. The Southern*

14 *District of New York Bankruptcy Court in Case # 12-12020 is more than 2,800 miles away*

15 *from Appellants address & for obvious reasons & causes Movants can not physically appear*

16 *in said Court, & have no money for a telephone appearance.*

17

## ISSUES OF LAW PRESENTED

### I

18 GMAC Mort. LLC & ETS Services LLC ACTED IN BAD FAITH BEFORE THE STATE
COURT OF APPEAL IN 5th DCA # F064464 IN JULY 2012 WHEN THEY FILED
19 DOCUMENTS IN THAT COURT CLAIMING AN AUTOMATIC STAY EXISTED FOR
THEIR REAL PROPERTY RELATED TO THE STATE COURT PROCEEDINGS
20 WHEN THEY HAD DISPOSSESSED THEMSELVES OF THE REAL PROPERTY
INVOLVED IN STATE COURT PROCEEDINGS ON 3/8/10 MORE THAN 2 YEARS
21 BEFORE FILING THE BANKRUPTCY IN THE SOUTHERN DISTRICT OF NEW YORK
BANKRUPTCY COURT CASE 12-12020

### A

22 THE CLAIM OF AN AUTOMATIC STAY ON ACTIONS AGAINST THE REAL
PROPERTY AT 3018 LINDEN AVENUE BAKERSFIELDCALIFORNIA WAS A FRAUD
23 UPON THE STATE COURT OF APPEAL & A FRAUD UPON Alan Gjurovich & Star Hills
MOVANTS HEREIN

### B

1  **GMAC MORT. LLC & ETS SERVICES LLC & THEIR COUNSEL SHOULD BE**
2  **SANCTIONED FOR USING FEDERAL LAW UNDER USC TITLE 11 § 362 TO DECEIVE**
   **THE STATE COURT OF APPEAL & Star Hills & Alan Gjurovich**
3  ------------------------------------------------------------------------------------------------------

4  In July of 2012 GMAC Mortgage LLC & ETS Services LLC, by & through their Counsel

5  Jan T. Chilton, State Bar #  47582, M. Elizabeth Holt, State Bar # 263206, of "SEVERSON

6  & WERSON" (One  Embarcadero Center, Suite 2600, San Francisco, California 94111; Tel.

7  415-398-3344) filed a document: 'Notice of Bankruptcy & Effect of Automatic Stay', & there

8  after they filed a 'Corrected Notice of Bankruptcy and Effect of Automatic Stay', on  7/30/12.

9  *See copy of  'Corrected' document attached as Exhibit # 1 to the supporting Affidavit  served &*

10  *filed herewith this Motion & Supporting Memorandum, which is hereby incorporated herein by*

11  Reference as if fully set forth & made a part of this Motion. <u>*On page 1 they admitted that their*</u>

12  <u>*Bankruptcy Petition was filed on 5/14/12 (paragraph 1.)On page 2., in paragraph 3, they stated*</u>

13  <u>*to  the  Court  of  Appeal  & to  Alan  Gjurovich  &  Star  Hills  that:*</u>

14  'as a result of the Bankruptcy Filing, on the Petition Date, <u>*the protections of the automatic stay*</u>
15  <u>*codified in section 362(a) of the Bankruptcy Code arose with regard to the Debtors. Section 362*</u>
   <u>*(a), among other things, operates as an automatic stay of:*</u> (i) "the commencement or
16  continuation, including the issuance or employment of process, of a judicial, administrative,
   or other action or proceeding" against the chapter 11 Debtors (11 U.S.C. 362(a) (1); <u>*(ii) acts*</u>
17  <u>*to "obtain possession of property" of the Debtors' Chapter 11 estates (11 U.S.C.  362 (a)(3); and*</u>
18  <u>*(iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the Petition*</u>
   <u>*Date (11 U.S.C. 362(a)(6))."*</u>     (Emphasis added.)
19

20  *The above statement, under  "(ii)" stating :*

21  "acts to obtain possession of property of the Debtors Chapter 11 estates (11 U.S.C. 362(a)(3; and
   (iii) acts to "collect, assess, or recover a claim" against the Debtors arising prior to the Petition
22  Date (11 U.S.C. 362(a)(6)"

23  <u>*was totally misleading to the Court of Appeal  & to Appellants, who were lead to believe that the*</u>
24
   <u>*Real Property in  question  in  Trial  Court  Case  CV-271292, located  at  3018  Linden  Avenue,*</u>
25
26  <u>*Bakersfield, California, was still claimed by GMAC Mort. LLC & ETS Services LLC as  part of*</u>

27  <u>*their Estate property coming under the automatic stay; Nowhere in either of the said documents*</u>

28

1  *filed in the Court of Appeal by GMAC Mort. LLC & ETS Services LLC, did they ever inform the*

2  *Court of Appeal or Appellants that they had dispossessed themselves of the Title to said Real*

3  *Property two years prior, on 3/8/10, when they Executed a Quit Claim Deed, Kern County*

4
5  *Recorders Office Document # 211087782, transferring said Real property to REO PROPERTY*

6  *CORPORATION, of Tempe Arizona, as 'a gift', which 'Quit Claim Deed' was intentionally not*

7  *Recorded in the County Recorders Office until the late date of 7/12/11, some 16 months after it*

8  *was Executed, in Order to keep the true facts of dispossession of Title away from the awareness*

9  *of Alan & Star, who had no knowledge of the fact, & were still inside their home at the time of*

10  *the Quit  Claim  by  GMAC MORTGAGE  LLC. Thereafter  on  6/2/2011 REO PROPERTY*

11
12  *CORPORATION  Executed a Grant Deed, to a single woman named Martha Beatriz Campos on*

13  *the date of  6/2/2011, who purportedly bought the property for 'a valuable consideration'. See*

14  *Exhibit # 2 (a) & (b) attached to the Supporting Affidavit of Alan & Star served & filed with this*

15  *Motion,incorporated herein by reference as if fully set forth. The Court can see for itself that the*

16  *delay of GMAC MORTGAGE  LLC in Recording the Quit Claim Deed until 7/12/11 was timed*

17  *to keep anyone in the public from knowing about  it  until  the Real  Property at  3018 Linden*

18  *was Transfered by Grant Deed by REO PROPERTY CORPORATION on 6/2/11, the GMAC*

19  *MORT. LLC Quit Claim Deed not being Recorded until more than a month after the REO*

20  *PROPERTY CORP. Grant Deed to Martha Beatriz Campos on 6/2/11. This 16 month intentional*

21  *delay by GMAC MORT. LLC in Recording the Quit Claim Deed, guaranteed that by the time*

22  *anyone found out about the Quit Claim, the Real Property would already be transferred to*

23  *another third party who would already be living in the Home. Based on the deceptive, misleading*

24  *Motion of GMAC Mort. LLC & ETS Services LLC the Court of Appeal issued an Order Staying*

25  *the whole Appeal, See Exhibit 3 attached to the here accompanying supporting Affidavit, served*

26  *& filed with this Motion. The Court further stated that Appellants could seek Relief from the*

27  *Bankruptcy Court in New York. Movants herein only recently discovered the facts about transfer*

28

1 | *of Title to the Real Property at issue in Trial Ct. # CV-271292, located at 3018 Linden Ave.,*

2 | *Bakersfield, California. Pursuant to Subdivision (C) of USC Title 11, Sect. 362, which states:*

3 | *"(C) Except as provided in subsections (d), (e), (f), and (h) of this section - "*

4 | *"(1) the stay of an act against property of the estate under subsection (a) of this*
*section continues until such property is no longer property of the estate;"*

5 | *Due to the clear dishonest misleading tactics by GMAC Mort. LLC & ETS Services LLC, this Court*

6 | *should issue Sanctions against them, including an Order releasing any Automatic Stay*

7 | *from said 5th DCA Appeal Case #: F064464, as the Kern County Recorders Documents in*

8 | 9 | *Exhibit # 2 a & b, shows that the Real Property at 3018 Linden Avenue was never 'property of*

10 | *the estate' of Respondents, Debtors, GMAC MORT. LLC & ETS SERVICES LLC, at the time*

11 | *they filed their Bankruptcy on May 14, 2012.*

12 | **II**

13 | **THE 'FINAL SUPPLEMENTAL ORDER UNDER BANKRUPTCY CODE SECT. 105 (A), 362, 363, 502, 1107(A), & 1108, & BANKRUPTCY RULE 9019 ISSUED BY THE**

14 | **BANKRUPTCY COURT IN CASE # 12-12020 APPEARSTO ALLOW THE APPEAL IN 5th DCA CASE # F064464**

15 | **A**

16 | **THERE IS NO INJUNCTIVE LANGUAGE IN REFERENCE TO AN APPEAL IN SUBDIVISION (b) AT PAGE 13 AS THERE IS IN SUBDIVISION (a)**

17 | **B**

18 | **MOVANTS REQUEST A CLARIFICATION OF THE COURTS INTENT BY EXCLUDING**

19 | **INJUNCTIVE LANGUAGE IN SUBDIVISON (b) REGARDING APPEALS & A DETERMINATION OF THE QUESTION OF WHETHER SUBDICION (b) ALLOWS THE**

20 | **APPEAL IN 5th DCA CASE # F06446**

21 | **C**

22 | **Star & Alan MOVE FOR AN ORDER THAT THEY DO NOT COME UNDER THE INJUNCTION PROVISIONS OF THE CHAPTER 11 PLAN & THERE IS NO CAUSE FOR ISSUANCE OF AN INJUNCTION UNDER USC TITLE 11 § 105; USC TITLE 28 § 157; &**

23 | **ARE ALLOWED TO PROCEED WITH THEIR APPEAL IN 5th DCA #: F064464**

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

24 | 25 | *Movants have included a partial copy of this Courts prior 'Supplemental Order' in Exhibit 4,*

*attached to the supporting Affidavit served & filed herewith the Motion, with the appropriate*

26 | 27 | *portions highlighted in yellow for the Court. At page 13 of the Bankruptcy Courts 'Supplemental*

*Order', under (a) & (b), there is provision under (a) allowing third Party Claimants', to:*

28 |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*'prosecute appeals', 'with respect to any direct claims or counter claims relating exclusively to the property that is the subject of the loan owned or serviced by a debtor in connection with any title dispute';*

*Under subdivision (b) on page 13, it states:*

*"absent further order of the Court, the automatic stay shall remain in full force and with respect to all pending and future third party claimant direct claims and counter claims:(i) for monetary relief of any kind and of any nature against the Debtors; (ii) for relief that is not necessary for the resolution of the Title Dispute; or (iii) asserted in the form of a class action or collective action;"*

*However there is no injunctive language in reference to an appeal in subdivision (b) as there is in the preceding subdivision (a), which indicates an intention by the Court to allow any appeals pending prior to the time of the filing of the Bankruptcies in Case #12-12020, from a final Judgment entered in an action prior to the filing of Bankruptcy by debtors, which is the case here in 5th DCA # F064464; The Appeal in # F064464 is not an In Rem Proceeding, has no direct impact on any Real Property or Assets of the Debtors in Southern District of New York Bankruptcy Case # 12-12020, it only concerns questions of Law bearing on the prior final Judgment of the Trial Court before the Bankruptcy filings, & does not 'block the path' of, or 'interfere with', the Bankruptcy Court, or the purpose of the Bankruptcy Court Proceedings in Case # 12-12020. Based upon these considerations Movants contend the Appeal in 5th DCA does not come under the provisions of the said 'Supplemental Order', and hereby Request a Ruling on this point, & Clarification by the Bankruptcy Court of its original intent in issuing said language in subdivision (b) on page 13 of the 'Supplemental Order'.*

Under Federal Bankruptcy Law, in USC Title 11 Section 105, 'Power of Court' it expressly provides that:

"(a) The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process. (b) Notwithstanding subsection (a) of this section, a court may not appoint a receiver in a case under this title. (c) *The ability of any district judge or other officer or employee of a district court to exercise any of the authority or*

1  *responsibilities conferred upon the court under this title shall be determined by reference to the*
2  *provisions relating to such judge, officer, or employee set forth in title 28. This subsection shall*
   *not be interpreted to exclude bankruptcy judges and other officers or employees appointed*
3  *pursuant to chapter 6 of title 28 from its operation. (d)"  (emphasis added)*

4  *There are no express provisions in Title 11, USC Section 105, above, or in "Chapter 6 of Title*

5  *28", USC, "Bankruptcy Judges", cited above in USC Title 11 Sect. 105, authorizing, or even*
6  *mentioning a power to Enjoin another Court, much less a foreign State Court of Appeal. In light*

7  *of the fact former Title 28 Sect. 1481, under the former 1978 Bankruptcy Act, cited by the US*

8  *Supreme Court  in  the  Landmark Case of  Northern Pipeline Co. v. Marathon Pipe Line Co.,*

9  *Et Al, 458 U.S. 50 (1982), Mandated that:*

10
   *"The judges of the bankruptcy courts are vested with all of the "powers of a court of equity, law,*
11  *and admiralty," except that they "may not enjoin another court"*

12  *Title  28  USC  Section 152  Expressly  Mandates  that:*
13
14  *" Bankruptcy judges shall serve as judicial officers of the United States district court established*
   *under Article III of the Constitution."*

15  *Bankruptcy Judges are bound by the limits of Article III of the Federal Constitution, & there is*

16  *no language in USC Title 28, Section 157, Regarding "Procedures" relating to District  Court*
17
18  *Bankruptcy Judges, regarding, or even a mention of any Power  to  issue  Injunctions against*

19  *another Court  or  to  enjoin  other  State  Court  actions. In light of all the foregoing this Court*

20  *should  find that Alan & Star do not  come under the  Injunction provisions of  the Chapter 11*

21  *Plan provisions, & there is no cause for issuance of any Injunction under USC Title 11 § 105 or*

22  *USC Title  28 § 157, necessary & appropriate  to  carry  out  the  provisions  of USC Title 11,*
23
24  *Bankruptcy Code.*

## III

25  **THE FACT SAID ENTITIES NEVER LISTED Star OR Alan AS CREDITORS IN THE**
   **CHAPTER 11 CASE, INDICATES THEY HAD  PERSONAL KNOWLEDGE THAT  Star**
26  **& Alan ARE NOT  IN  FACT CREDITORS  WITH AN ENFORCEABLE CLAIM  & ARE**
27  **THUS NOT REQUIRED TO FILE ANY CLAIM WITH THE BANKRUPTCY COURT**

## A

28

1  RESPONDENTS COUNSEL Jon Ives HAS FAILED TO PRESENT ANY BASIS IN FACT
2  OR LAW TO ESTABLISH THAT Star OR Alan MEET THE REQUIREMENTS OF
   "CREDITORS" AUTHORIZED TO FILE A "CLAIM" IN FEDERAL BANKRUPTCY
3  LAW, AS SET FORTH IN 'TITLE 11 U.S.C. SECT. § 501: 'FILING OF PROOFS OF
   CLAIMS OR INTERESTS': "(A) A CREDITOR OR AN INDENTURED TRUSTEE MAY
4  FILE A PROOF OF CLAIM." & UNDER TITLE 11, SECT. 101, DEFINITIONS OF
   'CREDITOR' & 'CLAIM', WHICH REQUIRES THAT THERE BE A LEGALLY
5  ENFORCEABLE 'RIGHT TO PAYMENT', FOR THEIR TO BE 'PROOF OF CLAIM'
6  **B**
   DUE TO THE RES JUDICATA FINAL JUDGMENT IN KERN COUNTY SUPERIOR
7  COURT CASE CV-271292, THE SUBJECT OF THE CURRENT APPEAL IN 5TH DCA
   CASE # F064464, THE FEDERAL COURTS ARE PRECLUDED FROM HEARING THE
8  STATE CLAIMS OF Star & Alan UNDER USC TITLE 28 § 1738; APPELLANTS HAVE
9  NO 'LEGALLY ENFORCEABLE RIGHT TO PAYMENT' IE: A 'CREDITORS CLAIM'
   UNDER TITLE 11 USC, & ARE NOT AUTHORIZED BY FEDERAL LAW TO FILE ANY
10 SUCH CLAIM, & THEREFORE DO NOT COME UNDER 'PROOF OF CLAIM'
   REQUIREMENTS OF FEDERAL BANKRUPTCY LAW, OR 'INJUNCTION'
11 PROVISIONS OF THE FINAL PLAN IN SOUTHERN DIST. OF NEW YORK
12 BANKRUPTCY CASE # 12-12020
   **C**
13 DEBTORS ARE BARRED BY THE FEDERAL ANTI-INJUNCTION ACT UNDER USC
14 TITLE 28 SECTION 2283 FROM ENJOINING THE STATE APPEAL IN 5th DCA CASE
   #: F064464
15 **D**
   THIS CASE DOES NOT COME UNDER ANY OF THE COURT RULED EXCEPTIONS
16 TO USC TITLE 28 SECTION 2283
17 **E**
   THE COUIRT IS REQUIRED TO GRANT THIS MOTION & ISSUE THE APPROPRIATE
18 RELIEF

19 _____

20  The Record of this Court shows that GMAC MORT. LLC & ETS Services LLC, never listed

21  Alan or Star herein as Creditors, on their Creditors List, & therefore it should be presumed by

22  this Court, in absence of any proof provided by Counsel for Debtors to the contrary, that said

23  Debtors had personal knowledge that Alan & Star were not 'Creditors' as that term is defined

24  under the Federal Bankruptcy Law, in Title 11, Section 101 (5)(10)(15), & Section 501, & Star &

25  Alan, Movants herein, were not required or authorized under Said Law to file any 'Proof of

26  Claim'. USC Title 11, Section 501,'Filing of Proofs of Claims or Interests'', which provides that:

27  "(a) a Creditor or indentured Trustee may file a proof of Claim." Under USC Title 28 § 1738, &

28

*Supreme Court Rulings thereunder, Federal Courts are bound to give Preclusive Effect to the*

*final Judgment in Kern County Superior Court Civil Case CV- 271292. The U.S. Supreme Court*

*in the Case of Kremer v. Chemical Construction Corp., 456 U.S. 461 (1982), expressly stated that*

*Title 28 USC 1738 Requires Federal Courts to afford the same full faith and credit to state court*

*judgments that would apply in the State's own courts, as did its predecessors dating back to 1790.*

*Held: The District Court was required under 28 U.S.C. 1738 to give preclusive effect to the state*

*court decision. Justice White delivered the Opinion of the Court, & stated at pages 462-463 that:*
*'As one of its first acts, Congress directed that all United States courts afford the same full faith*
*and credit to state court judgments that would apply in the State's own courts. Act of May 26,*
*1790, ch. 11, 1 Stat. 122, 28 U.S.C. 1738 .'*

*The definition of a 'Creditor' & 'Claim', are set forth in Title 11, Section 101, (5) (10) (15) which*

*expressly state:*

"(5) The term "claim" means - (A) *right to payment*, whether or not such right is reduced to
   judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed,
   undisputed, legal, equitable, secured, or unsecured; or (B) right to an equitable remedy
   for breach of performance if such breach gives rise to a right to payment, whether or not
   such right to an equitable remedy is reduced to judgment, fixed, contingent, matured,
   unmatured, disputed, undisputed, *secured, or unsecured."*

"(10) *The term "creditor" means -* (A) entity that has a claim against the debtor that arose at
   the time of or before the order for relief concerning the *debtor;* (B) entity that has a claim
   against the estate of a kind specified in section 348(d), 502(f), 502(g) 502(h) or 502(i) of
   this title; or (C) entity that has a community claim."

"(15) The term "entity" includes person, estate, trust, *governmental unit, and United States*
   *trustee."*

*The definition of "right" is set out in Blacks Law Dictionary 5th Edition, at page 1189, wherein it*
*states:*

*"A legally enforceable claim of one person against another, that the other shall do a given act, or*
*shall not do a given act. Restatement of the Law of Property, § 1."*

*In his ultimatum letter to Alan & Star, dated 7/1/14, GMAC Mort. LLC & ETS Services LLC*

*Counsel Jon D. Ives Calif. State Bar # 230582, failed to set forth any basis in fact or Law to*

*support his contention that Star & Alan, movants herein, were required or authorized by the*

1  *Express provisions of Federal Bankruptcy Law to file a 'Creditors' 'Proof of Claim' in the*

2  *Southern District of New York Bankruptcy Court, in Case 12-12020. Said Counsel Jon D. Ives,*

3  *has threatened Alan & Star in written letters via US Mail, dated 7/1/14, that if said Appellants*

4  *did not voluntarily Dismiss their Appeal in 5th DCA Case # F064464 against the Corporate*

5  *Defendants GMAC Mort. LLC & ETS Services LLC, by the date of 7/31/14, he would seek*

6  *sanctions against Appellants, Movants herein, in the Southern District Bankruptcy Court of*

7  *New York, Case #:12-12020, asserting that such a Dismissal is Required by the Injunction*

8
9  *provisions set out in the Final Plan in Case 12-12020, because said Appellants failed to file any*

*Claim in Southern District of New York Bankruptcy Case 12-12020, (which said Court is more*

10
*than 2,800 miles away from Appellants address) despite the foregoing facts in the record. Said*

11
12  *Counsel Ives failed to seek sanctions against Star & Alan, though it has now been some nine+*

*months since the deadline given by Ives. Counsel for RESIDENTIAL CAPITAL, LLC, ET AL,*

13
14  *applied for 'an Order Establishing Procedures Enforcing Injunctive Provisions of Plan and*

15  *Confirmation Order' on 2/19/15 in # 12-12020, which was Granted by this Court on 3/13/15,*

16  *more than a month ago, & there has been no Motion to enforce any provisions received as of*

17  *the writing of these papers. Star & Alan Move for an Order that they do not come under the*

18  *Injunction Provisions of the Chapter 11 plan because they were not required to file any Claim;*

19  *Due to the prior Res Judicata Final Judgment in Kern County Superior Court Civil Case #*

20
21  *CV-271292, (the subject of the current Appeal in #: F064464) the Federal Bankruptcy Court is*

*bound by the Federal Preclusionary Rule, from rehearing the State 'Claims' of Star & Alan. See*

22
23  *USC Title 28, Section 1738, the federal Full Faith and Credit Act, 28 U.S.C. § 1738. Therefore*

*Star & Alan are allowed to Proceed with their Appeal in 5th DCA #: F064464;*

24
25  *"The established rule in the Federal Courts is that a final Judgment retains all its Res Judicata*
*Consequences pending decision of the Appeal".." See: 18 C. Wright, A Miller & E. Cooper,*
26  *Federal Practice and Procedure 4433, at 308 (1981) See SSIH Equipment S.A. VS United States*
*Int'l Trade Com'n, 718 F.2d 365, 370 (Fed.Cir.1983) "To deny preclusion in these circumstances*
27  *would lead to an absurd result: Litigants would be able to refile identicle Cases while appeals are*
28  *pending, enmeshing their opponents and the Court system in tangles of duplicative litigation. See*

1   *Warwick VS Maryland Dept. of Ztransp., 573 F. Supp. 1011, 1014 (D.M.d 1983) Aff'd without*
2   *opinion, 735 F.2d 1359 (4ᵗʰ Cir. 1984)."*

3   *Tripati VS Henman (1988, 9ᵗʰ Cir.) 857 F. 2d 1366, at page 1367. Also see the Ruling in Allen v.*

4   *McCurry, 449 U.S. 90 (1980), where the US Supreme Court Ruled:*

5   *'an exception to USC Title 28 Section 1738 will not be recognized unless a later statute contains*
6   *an express or implied repeal.'*

7   *The High Court has also Ruled that Comity and Federalism interests embodied in USC Title 28,*

8   *1738 are not compromised by the application of Res Judicata & Collateral Estoppel;*

9   *"on the contrary, stripping state court judgments of finality would be far more destructive*
10   *to the quality of adjudication by lessening the incentive for full participation by the parties and*
    *for searching review by state officials."*
11

12   *Further Ruling that 'Depriving state judgments of finality' would 'Violate basic tenets of comity,*

13   *and federalism', Board of Regents v. Tomanio, 446 U.S. 478, 488, 491-492 (1980).*

14   *The absence of any express authorization under USC Title 11, or USC Title 28 for a Bankruptcy*

15   *Court Judge to issue an Injunction against another Court enjoining a State Court Action or*

16   *Appeal, taken together with the Express provisions of USC Title 28, Section 2283, known as the*
17
18   *'Federal Anti-Injunction Act', it would appear that there is no authority in this Case for this*

19   *court to issue an Injunction against the State Appeal in 5ᵗʰ DCA # F064464.*

20   *Title 28 USC Section 2283- 'Stay of State Court Proceedings' Mandates the following:*

21   *"A court of the United States may not grant an injunction to stay proceedings in a State court*
22   *except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction,*
    *or to protect or effectuate its judgments." (emphasis added)*
23

24   *The US Supreme Court previously Declared the 1978 Federal Bankruptcy Act Unconstitutional*

25   *in the Landmark Case of Northern Pipeline Co. v. Marathon Pipe Line Co., Et Al, 458 U.S. 50*

26   *(1982), that:*

27   *"Section 1471 impermissibly removed most, if not all, of the essential attributes of the judicial*
28   *power from the Art. III district court and vested those attributes in a non-Art. III adjunct*

*Crowell v. Benson, 285 US 22, 52 S. Ct. 285, 76 L. Ed. 598 and United States v. Raddatz, 447 US 667, 100 S.Ct. 2406, 65 L.Ed. 2d. 424 distinguished. Congress does not have the same power to create adjuncts to adjudicate constitutionally recognized rights and state created rights as it does to adjudicate rights that it creates. The grant of jurisdiction to bankruptcy courts cannot be sustained as an exercise of Congress' power to create adjuncts to Art. III courts."*

*In that Case, the High Court also Stated at page 55:*

*"The judges of the bankruptcy courts are vested with all of the "powers of a court of equity, law, and admiralty," except that they" **may not enjoin another court"** citing Title 28 USC Section 1481.*

*The High Court further stated in Northern Pipeline Co., Supra:*

*"Article III bars Congress from establishing under its Article I powers legislative courts to exercise jurisdiction over all matters arising under the bankruptcy laws," further stating "there is no persuasive reason in logic, history or the Constitution, why bankruptcy courts lie beyond the reach of Art. III ."*

*The Northern Pipeline Case caused much change in the Federal Bankruptcy Laws. As cited previously, Title 28 USC Section 152 Expressly Mandates that:*

*" Bankruptcy judges shall serve as judicial officers of the United States district court established under Article III of the Constitution."*

*Movants here contend enjoining the 5th DCA Violates the 10th Amendment of the Federal Constitution, & the States Sovereignty to control its own Appellate processes, as the Appeal does not directly affect this Bankruptcy, & thus it does not come under any exception to USC Title 28 Sect. 1738, & USC Title 28 Sect. 2283. Thus such an injunction Violates the State & Federal Constitutionally Guaranteed Right of Alan & Star to Due Process of Law & Equal Protection under the Laws. The restrictive provisions of USC Title 28 Sect. 1738, & USC Title 28, Sect. 2283 are based on the policy of Comity, which lies at the heart of the 10th Amendment of the Constitution of the U.S.A. The Supreme Court of the USA Ruled in the Case of New York VS US, 505 U.S. 144, (1992), regarding the 10th Amendment, at pages 181-182, that:*

"Respondents note that the Act embodies a bargain among the sited and united States, a compromise to which New York was a willing participant, and from which New York has

1  reaped much benefit. Respondents then pose what appears at first to be a troubling question:
2  how can a federal statute be found an unconstitutional infringement of state sovereignty when
   state officials consented to the statute's enactment? The answer follows from an understanding
3  of the fundamental purpose served by our Government's federal structure. *The Constitution*
4  *does not protect the sovereignty of States for the benefit of the States or state governments as*
   *abstract political entities, or even for the benefit of the public officials governing the States.To the*
5  *contrary, the Constitution divides authority between federal and state governments for the*
6  *protection of individuals. State sovereignty is not just an end in itself, "Rather, federalism*
   *secures to citizens the liberties that derive from the diffusion of sovereign power." Coleman v*
7  *Thompson, 501 US 722, 759(1991)."* Just as the separation and independence of the coordinate
8  branches of the Federal Government serve to prevent the accumulation of excessive power in
   any one branch, a healthy balance of power between the States and the Federal Government
9  will reduce the risk of  tyranny and abuse from either front." Gregory v. Ashcroft, 501 US,
10 at 458. See The Federalist No. 51, p. 323. (C. Rossiter ed.*1961*). *Where Congress exceeds its*
   *authority relative to the States, therefore, the departure from the constitutional plan cannot be*
11 *ratified by the "consent" of state officials.* An analogy to the separation of  Powers among the
12 branches of the Federal Government clarifies this point.The Constitution's division of power
   among the three branches is violated where one branch invades the territory of another,
13 *whether or not the encroached-upon branch approves the encroachment. In Buckley v Valeo, 424*
14 *U.S. 1, 118 -137(1976),* for instance, the Court held that Congress had infringed the President's
   *appointment power, despite the fact that the President himself had manifested his consent to the*
15 *statute that caused the infringement by signing it into law. See National League of Cities v.*
16 *Usery, 426 U.S., at 842, n. 12. In INS v. Chadha, 462 U.S. 919, 944-959(1983) we held that the*
   *legislative veto violated the constitutional requirement that legislation be presented to the President,*
17 *despite Presidents' approval of hundreds of statutes containing a legislative veto provision .See id.,*
   *at 944-945.The constitutional authority of Congress cannot be expanded by the"consent"of the*
18 *governmental unit whose domain is thereby narrowed whether that unit is the Executive Branch or*
19 *the States. State officials thus cannot consent to the enlargement of the powers of Congress beyond*
   *those enumerated in the Constitution. Indeed, the facts of this case raise the possibility that*
20 *powerful incentives might lead both federal and state officials to view departures from the federal*
   *structure to be in their personal interests. "*
21

## CONCLUSION

22

23 In light of all the foregoing this Court should enter findings of fact & conclusions of law in the

24 record that *the Debtors GMAC Mortgage LLC & ETS Services LLC intentionally concealed the*

25 *facts from the State Court of Appeal in 5th DCA Case # F064464 that they had Executed a Quit*

26 *Claim Deed back on 3/8/2010, which they intentionally delayed Recording in the Kern County*

27 *Recorders Office, for some 16 months until a month after REO Property Corporation transferred*
28

1  *the Real Property at 3018 Linden Avenue, by Grant Deed, to Martha Beatriz Campos, on 6/2/11*

2  *leading the 5th DCA & Appellants Alan & Star to believe they still claimed Title to said Real*

3  *Property thereby obtaining a Stay on all causes from the 5th DCA, including those to which an*

4
5  *automatic stay never applied, & enter Sanctions against Debtors including an Order removing*

6  *Automatic Stay provisions & Injunction provisions from 5th DCA Appeal F064464. Furthermore*

7  *this Court should find that there was no requirement for Alan & Star to file a 'Proof of Claim'*

8  *under Federal Bankruptcy Law, & the Injunction Proceedings don't apply to 5th DCA Appeal #*

9  *F064464, as there is no exception to USC Title 28 Sect. 1738, & USC Title 28 Sect. 2283, no*

10
11 *express authority for a Bankruptcy Judge to Enjoin another States Court of Appeal, the Appeal*

12 *does not interfere with the Bankruptcy Courts fulfilling its purposes under USC Title 11, or its*

13 *Jurisdiction & ability to enter Orders & Judgments for the proper disposition of Case 12-12020;*

14 *Enjoining the State Court Appeal in 5th DCA Case F064464 would Violate Comity & the 10th*

15 *Amendment Sovereignty of the State of California to Control its own internal Court System,*

16 *which would also violate the State & Federal Due Process & Equal Protection Rights of Alan &*

17
18 *Star, & Star & Alan Move this Court to do just that.*

19 *Executed by our hands, on this day,*

20 *The- first-day- of-the-fifth-month-Two-thousand-Fifteen,*

21

22  _____        _____
    *Alan Gurovich*                 *Star: Hills*
23  *all rights reserved.*           *all rights reserved.*

24

25

26

27

28