THOMAS P. BEKO, ESQ.  (SBN  01250)
ERICKSON, THORPE & SWAINSTON, LTD.
99 W. Arroyo Street
Post Office Box 3559
Reno, NV 89505
Ph:  (775) 786-3930; Fax: (775) 786-4160
*Attorneys for Claimants Pamela D. Longoni,*
*Lacey Longoni and Jean M. Gagnon*

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF NEW YORK

In re:                                                    Case No. 12-12020 (MG)

RESIDENTIAL CAPITAL, LLC, et al.,          Chapter 11

        Debtors.                                        Jointly Administered
_____/

## MOTION TO EXCEED PAGE LIMITS ON RESPONSE TO OBJECTION OF THE RESCAP BORROWER CLAIMS TRUST TO PROOFS OF CLAIM FILED BY PAMELA D. LONGONI AND JEAN GAGNON - CLAIMS NOS. 2291, 2294, 2295 AND 2357

COME NOW, Claimants PAMELA D. LONGONI, individually and as the Guardian Ad Litem for LACEY LONGONI, and JEAN M. GAGNON (Claimants), by and through their attorneys, ERICKSON, THORPE & SWAINSTON, LTD., and Thomas P. Beko, Esq., and hereby move this Court for an order allowing the Defendants to exceed the currently authorized 30-page limit on their *Response to Objection of the Rescap Borrower Claims Trust to Proofs of Claim Filed by Pamela D. Longoni and Jean Gagnon Claim Nos. 2291, 2294, 2295 and 2358* filed herein on May 18, 2015.  For the reasons set forth below, the undersigned submits that this matter does present unique and extenuating circumstances which would justify this Court's limited waiver of its chamber order.

On March 24, 2015, the debtors filed their first consolidated Objection to four claims submitted by the claimants.  Their brief totaled 34 pages in length.  In response, the Claimants filed a brief which was 54 pages in length.  On April 20, 2015, this Court struck both briefs as exceeding the Court's 25 page limit Chamber rule.  On April 24, 2015, the debtors filed a renewed brief which was 28 pages in length (presumably with the consent of

Erickson, Thorpe & Swainston, Ltd.
P.O. Box 3559
Reno, Nevada 89505
Tel. (775) 786-3930 Fax (775) 786-4160

1   the Court).  Thereafter, the undersigned undertook efforts to revise the Claimants' 54-page

2   brief to bring it within the Court's 25-page limit.  During the process of preparing this brief,

3   the undersigned was able to locate a former GMACM employee who provided information

4   which completely disproved the arguments currently being proffered by the debtors.  A

5   declaration detailing that information was obtained and is attached to the Claimants'

6   Response.

7        As the Court will soon see, the Claimant's underlying action was based upon events

8   which began in March of 2009, and culminated in August of 2009.  Their claims are based

9   upon facts which spanned this entire period time period.  The defenses proffered by the

10  debtors are based entirely upon entries in log notes which were kept by GMACM during the

11  relevant time period.  To support their defenses, they have isolated certain log entries.

12  However, when those entries are considered along with the record as a whole, they simply

13  do not supported the proffered defenses.  The vast majority of the Claimants' brief is a

14  detailed chronology of these events.  It is believed that there is no other way to explain these

15  events without a detailed review of those facts.  Thus, they seek leave to add an additional

16  five pages.

17       The undersigned fully recognizes the truly insurmountable task this Court has been

18  faced with in this action, which now exceeds 8500 pleadings.  Nevertheless, the Claimants

19  in this action lost their home after making 14 years of mortgage payments, and only after they

20  had been informed *in writing* that their request for a permanent loan modification had been

21  approved, and that all actions toward foreclosure had been placed on hold.  This will be their

22  one and only chance to salvage something from the devastating loss they suffered when they

23  lost their home to foreclosure.  Thus, they would request that this Court grant them an

24  additional five pages to detail why their claims are valid. [1]

25

26  _____

[1] On May 14, 2015, a request was made in a telephone call to Stephanie Gal, Law
27  Clerk to the Honorable Martin Glenn, for authorization to exceed the 25-page limit (as set
    forth in Judge Glenn's Chamber Rules) for Claimants' Response to the Objection to their
28  Claims filed by the Rescap Borrower Claims Trust.  Permission was given for an
    additional five (5) pages, or a 30- page response.

-2-

1    DATED this 18th day of May, 2015.

2                                   ERICKSON, THORPE & SWAINSTON, LTD.

3

4                                   By    /s/ Thomas P. Beko
                                         THOMAS P. BEKO, ESQ.
5                                        *Attorneys for Claimants*
                                         *Pamela D. Longoni, Lacey Longoni*
6                                        *and Jean M. Gagnon*

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28