# EXHIBIT 6

# EXHIBIT 6

DAVID HILL BASHFORD (Nevada Bar # 11744)
Bradley Arant Boult Cummings LLP
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Phone: (704) 338-6000
Fax: (704) 332-8858
dbashford@babc.com

*Attorney for Defendants GMAC Mortgage, LLC,
Executive Trustee Services, LLC, Illeanna Peterson
and Kahleen Gowen*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA - RENO DIVISION

PAMELA D. LONGONI,
individually and as Guardian Ad
Litem for LACEY LONGONI,
and JEAN M. GAGNON,

Case No.: 3:10-CV-00297-LRH-(VPC)

Plaintiffs,

vs.

GMAC MORTGAGE, LLC., a Delaware
Limited Liability Company, EXECUTIVE
TRUSTEE SERVICES, LLC., a Delaware
Limited Liability Company, RESIDENTIAL
FUNDING COMPANY, LLC, a Delaware
Limited Liability Company, f/k/a
RESIDENTIAL FUNDING
CORPORATION, a Delaware Corporation,
ILLEANNA PETERSON, KATHLEEN
GOWEN, individuals, DOES **1-10**; BLACK
AND WHITE CORPORATIONS 1-10,
corporations; ABLE & BAKER
COMPANIES 1-10, co-partnerships and or
limited liability companies,

        Defendants.                    /

## AMENDED RESPONSES TO PLAINTIFFS' FIRST SET OF INTERROGATORIES TO DEFENDANT GMAC MORTGAGE, LLC

1

1/2202809.2

Defendant GMAC Mortgage, LLC ("GMAC") provides the following amended verified Responses to Plaintiffs' First Set of Interrogatories pursuant to Rule 33 of the Federal Rules of Civil Procedure. GMAC has amended these responses consistent with the recent discovery and clarification of the ownership information for the Loan at issue.

## *GENERAL RESPONSE TO INTERROGATORIES*

The available records underlying the events, acts, omissions or circumstances raised in these Interrogatories are contained in the documents previously produced to Defendants or in the documents produced contemporaneously with these Responses. Many of the records and correspondence referenced in these Interrogatories were generated by GMAC's automated system based upon the status of Defendant's account or information entered into the system, often for which there is no available record of specifically which GMAC employee initiated, authored, entered the information or made the ultimate decision. In addition, GMAC's system is only able to identify current employees associated with certain tasks or notes, as GMAC's system does not preserve individual employee information after departure of an employee. Where specific employee information is available, the employees involved have been named. Please note that while we have broadly attempted to identify the identity of individuals that were involved in each of these tasks, events or documents, an individual's listing in a Response below does not necessarily indicate that person made the decision at issue. Generally, however, GMAC will produce upon request a Rule 30(b)(6) corporate representative capable of testifying, to the best of GMAC's corporate knowledge, as to all acts or failures to act by GMAC through its employees related to the tasks and documentation at issue.

Below is information for all persons named in these responses. Where the individual is a current employee of GMAC, we have provided department and location information, and

2

1/2202809.2

undersigned counsel will accept service of any notices or other documents related to this litigation. Where the individual is a former employee of GMAC (information is italicized), GMAC has provided last known residential contact information where known (for some of these individuals, GMAC's human resources department has no available information).

*Joyce Petty – ETS, last known address: 20401-536 Soledad Canyon Rd, Canyon Country, CA 91351*

*Rosan Ylana – GMAC, last address unknown*

*Jeanne Masmilla – GMAC, last address unknown*

Henry Williams, Loss Mitigation – GMAC Dallas, TX

*Jefferson Boral – GMAC, last address unknown*

Logan Gill, Portfolio Manager - GMAC Dallas, TX

Ronald King, Loan Counselor – GMAD Dallas, TX

Landon Huck, Mod Team – GMAC Dallas, TX

Henry Casas, Loan Resolution - GMAC Dallas, TX

*Jefferson Boral - GMAC, last address unknown*

*Nate Stephenson - GMAC, last address unknown*

Elizabeth DeSilva, Associate Counsel - GMAC Dallas, TX

Kari Krull, Servicing Risk Team - GMAC Waterloo, IA

Kimberly Wells, Foreclosure Specialist - GMAC Ft. Washington, PA

Marybeth Scalzo, Accountant III Sr. - ETS Burbank, CA

Gillian Martil, Sr. Mortgage Default Specialist - GMAC Burbank, CA

*Rohan Wright, GMAC, last known address: 260 E Cheltenham Ave, Philadelphia, PA 19120*

*Catalina Aguirrejimenez, GMAC, last address unknown*

*Kenneth Ugwuado, GMAC, last known address: 1730 Ferndale Ave, Abington, PA 19001*

*Connie Canada, ETS, last address unknown*

*Sandra Guevara, ETS, last known address: 19815 Londelius St, Northridge, CA 91324*

*Joselita Aquisay, GMAC, last address unknown*

*Ricardo Napao, GMAC, last address unknown*

Chris Herrera, Mortgage Default Specialist - ETS Burbank, CA

*Michael Wallace, GMAC, last known address: 1504 McKee St, Dallas, TX 75215*

Nancy Penca, Sr. Business Analyst - GMAC Waterloo, IA

John Meinecke, Loss Mitigation - GMAC Waterloo, IA

Ann Langerhans, Retail Lending - GMAC Ft. Washington, PA

*Tosha Diehl Mowatt – GMAC, last known address: 1108 W 4th St, Waterloo, IA 50702*

Peggy Vernitsky, Sr. Bankruptcy/Foreclosure Specialist - GMAC Ft. Washington, PA

Henry Casas, Loan Resolution - GMAC Dallas, TX

Kelly Looby, Loss Mitigation - GMAC Waterloo, IA

Allison Higgins, Customer Service Rep III - GMAC Waterloo, IA

*Jeanne Masmila – GMAC, last address unknown*

*Michelle Manuel - GMAC, last address unknown*

Genova Lee, Sr. Lien Default Specialist - GMAC Dallas, TX

Mark Layton, Sr. Loan Counselor - GMAC Dallas, TX

Andrew Vidos, Mod Team - GMAC Dallas, TX

Joshua Yaklin, Mod Team - GMAC Dallas, TX

Kimberly Rojas, At Risk Loan Resolution - GMAC Dallas, TX

Landon Huck, Mod Team - GMAC Dallas, TX

4

Arthur Smith, At Risk Loan Resolution - GMAC Dallas, TX

Ginger Harrison, Portfolio Specialist - GMAC Dallas, TX

Christine Simpson, 1st Lien Loss Mitigation Specialist - GMAC Dallas, TX

*Farhanna Calala - GMAC, last address unknown*

Reece Sealock, Loss Mitigation - GMAC Dallas, TX

Derek Harkrider, Service Delivery Assurance - GMAC Dallas, TX

Kimberly Wells, Foreclosure Specialist - GMAC Ft. Washington, PA

Gillian Martil, Sr. Mortgage Default Specialist - GMAC Burbank, CA

Rebecca Magness, Modification Specialist - GMAC Dallas, TX

Henry Williams, Loss Mitigation - GMAC Dallas, TX

Ronald King, Sr. Loan Counselor – GMAC Dallas, TX

Cager Bradley, Loan & Loss Mitigation Collector - GMAC Dallas, TX

Paul Williams, Director of Modification Team – GMAC Dallas, TX

**INTERROGATORY NO 1:**

Please identify each individual or entity who currently has or has had, or who has claimed to have had, possession and/or an ownership interest in the Note (GMAC-01-0129-0138) and Deed of Trust (GMAC-01-0088-0108) executed by the plaintiffs on or about September 29, 2005, relative to the property at 5540 Twin Creeks Drive, Reno, Nevada. Further state, the following:

a) The date upon which said person or entity obtained possession and/or ownership of said Note and/or Deed of Trust;

b) The date which said person or entity transferred possession or ownership of said documents;

5

1/2202809.2

c)  The person or entity from which the person or entity obtained possession or a legal interest in the Note and/or Deed of Trust;

d)  The person or entity to whom the Note and/or Deed of Trust were transferred.

**RESPONSE NO.1:**

On September 29, 2005, Equifirst Corporation originated the Note and Deed of Trust in the amount of $432,000.00; said Deed of Trust was recorded on October 7, 2005. MERS was listed as "Nominee" on the Deed of Trust. Residential Funding Corporation, LLC ("RFC") purchased the Loan from Equifirst in November, 2005. On December 1, 2005, the Pooling and Servicing Agreement between Residential Asset Mortgage Products, Inc., RFC, and U.S. Bank ("the PSA") was executed. The closing date of the PSA was December 28, 2005, and that is the date all of the Loans became securitized. Also on December 28, 2005, the Assignment and Assumption Agreement between RFC and Residential Asset Mortgage Products, Inc. was generated. That document has been previously produced as part of documents labeled RFC-002. That Assignment and Assumption Agreement provided for a transfer of ownership of the loans from RFC to Residential Asset Mortgage Products, Inc., and then an automatic transfer of ownership to the Trust of the loans for a stated period of time. Pursuant to the Assignment and Assumption Agreement, ownership of the loan at issue transferred to the Trust on that date—December 28, 2005. GMAC Mortgage, LLC obtained the right to service the loan on behalf of RFC on May 1, 2007. The investor on the loan currently is the Trust, RAMP 2005-EFC7, RFC is the Master Servicer, and GMAC is the second tier servicer.

**INTERROGATORY NO. 2:**

Please identify each individual who made contact with any plaintiff relative to any of the following:

6

1/2202809.2

a) Any plaintiffs' failure to make timely payments of any loan amount;

b) Any plaintiffs' request for modifications or changes to any loan amount or payment;

c) Anything associated with a loan modification or request for changes in any loan;

d) Any notification to a plaintiff that their request for a loan modification had been approved, rejected, or that said request was under consideration

**RESPONSE NO. 2:**

a) Joyce Petty—ETS

b) Rosan Ylana—GMAC

Jefferson Boral—GMAC

Ronald King—GMAC

Landon Huck—GMAC

Henry Casas—GMAC

Nate Stephenson—GMAC

c) Rosan Ylana—GMAC

Jefferson Boral—GMAC

Ronald King—GMAC

Landon Huck—GMAC

Henry Casas—GMAC

Nate Stephenson—GMAC

d) Landon Huck—GMAC

Jefferson Boral—GMAC

7

1/2202809.2

    Henry Casas—GMAC

**INTERROGATORY NO. 3:**

Please identify each and every person who played any part in the following:

a)     The decision to allow a plaintiff to seek a loan modification;

b)     The decision to grant or deny a plaintiffs' request for loan modification;

c)     The recommendation that the plaintiffs seek an "Obama" plan loan modification;

d)     The decision to foreclose upon the plaintiffs' real property;

e)     The decision to seek to recover the plaintiffs' real property;

f)     The providing of any notice to the plaintiffs associated with the foreclosure process;

g)     The denial of the request by any plaintiff for a loan modification;

h)     The decision on when and what notices should be provided to a plaintiff;

i)     The request that any plaintiff provide documentation or information to GMAC MORTGAGE, LLC.

**RESPONSE NO. 3:**

a)     Rosan Ylana—GMAC

       Henry Williams—GMAC

       Jefferson Boral—GMAC

b)     Jefferson Boral—GMAC

       Henry Casas—GMAC

c)     Jefferson Boral—GMAC

       Landon Huck—GMAC

       Henry Casa—GMAC

        Nate Stephenson—GMAC

d)    Joyce Petty—ETS

        Jeane Masimilla—GMAC

e)    Objection—decision was part of potential settlement negotiations and involved counsel for GMAC—Privileged.

f)    Joyce Petty—ETS

        Ileanna Peterson—ETS

        Kathleen Gowen—ETS

        Rosan Ylana—GMAC

        Jeanne Masmilla—GMAC

        Henry Casas—GMAC

g)    Jefferson Boral—GMAC

        Henry Casas—GMAC

        Landon Huck—GMAC

h)    Formal notices were determined based upon Nevada Revised Statutes.

i)    Jeanne Masmilla—GMAC

        Jefferson Boral—GMAC

        Landon Huck—GMAC

        Henry Casas—GMAC

        Nate Stephenson—GMAC

**INTERROGATORY NO. 4:**

Please identify the individual who is referenced as "VP" in Jonathan Stephenson's email communication of May 5, 2009, at 2009 (Bates No. LONG-0149).

9

1/2202809.2

**RESPONSE NO. 4:**

Paul Williams, Director of Modification Team.

**INTERROGATORY NO. 5:**

Please identify any and all lawsuits or claims made against GMAC MORTGAGE, LLC during the last 3 years wherein it is alleged that the company wrongfully foreclosed upon any loan made by the company.

**RESPONSE NO. 5:**

Objection. This request is overly broad, overly burdensome and irrelevant.

**INTERROGATORY NO. 6:**

What role, if any, did GMAC MORTGAGE, LLC, play in the decision to grant or deny any plaintiff a modification of their loan with EquiFirst Corporation.

**RESPONSE NO. 6:**

As indicated in Response No. 1, EquiFirst was no longer the holder of the Plaintiffs' loan during the time period at issue. Accordingly, GMAC played no role in any decisions by EquiFirst concerning a loan modification for Plaintiffs in 2009.

As for the events at issue in this lawsuit, GMAC acted as the second tier loan servicer for Plaintiffs' loan, including for the process of considering loan modification and foreclosure. GMAC reviewed Plaintiffs' loan and financial information (to the extent provided) in light of (a) delegated authority criteria provided by RFC in the Servicer Guide between RFC and GMACM (recently produced at RFC-001-000293-000546); and (b) HAMP federally mandated criteria (note, however, that Plaintiff's failed to provide a responsive HAMP). Plaintiffs' loan and financial information (to the extent provided) did not satisfy the criteria for loan modification.

10

**INTERROGATORY NO. 7:**

Please identify any relationship between GMAC MORTGAGE, LLC, and any of the following companies:

    a)    EXECUTIVE TRUSTEE SERVICES, LLC.

    b)    EquiFirst Corporation

    c)    Homecomings Financial, LLC

**RESPONSE NO. 7:**

    a)    ETS is GMAC's foreclosure trustee and a wholly owned subsidiary of GMAC.

    b)    GMAC has no corporate relationship with EquiFirst.

    c)    GMAC is a related affiliate (sister company) of Homecomings.

**INTERROGATORY NO. 8:**

Please identify each individual who took any part in seeking the removal of negative information from the plaintiffs' credit history.

**RESPONSE NO. 8:**

Objection—decision was part of potential settlement negotiations and involved counsel for GMAC—Privileged. Notwithstanding the objection, Kari Krull—GMAC transmitted credit update.

**INTERROGATORY NO. 9:**

Please describe the nature of the GMAC document Bates Number GMAC-01-0001 through GMAC-01-0012. Further state:

    a)    Where, and in what format (electronic or otherwise) the document is maintained;

    b)    Each individual who made any entry of information or data into this document.

11

1/2202809.2

**RESPONSE NO. 9:**

This document is a print-out from LPS Desktop, which is the electronic system utilized by GMAC for foreclosure process / events tracking and document repository. LPS Desktop is the main system for communication between GMAC and outside vendors, including ETS, concerning the foreclosure process.

a)   LPS Desktop is maintained electronically on GMAC's network

b)   Kimberly Wells, GMAC

Marybeth Scalzo, ETS

Gillian Martil, GMAC

Rohan Wright, GMAC

Catalina Aguirrejimenez, GMAC

Kenneth Ugwuado, GMAC

Connie Canada, ETS

Sandra Guevara, ETS

Joselita Aquisay, GMAC

Ricardo Napao, GMAC

Chris Herrera, ETS

Michael Wallace, GMAC

Rosan Ylanan, GMAC

**INTERROGATORY NO. 10:**

Please describe the nature of the GMAC document Bates number GMAC-01-0013 through GMAC-01-0087. Further state:

a)   Where, and in what format (electronic or otherwise) the document is maintained;

12

1/2202809.2

b) Each individual who made any entry of information or data into this document.

**RESPONSE # 10:**

This document is a print-out of loan history from MortgageServ, GMAC's internal loan servicing database.

a) MortgageServ is maintained electronically on GMAC's network

b) The payment history entries in MortgageServ are generated by the posting of payments or disbursement of funds by GMAC's cashiering department. The servicing comments are entered by various individuals as well as automated entries for system generated notices.

| Teller # | Name |
|---|---|
| 1050 | Nancy Penca—GMAC |
| 1711 | John Meinecke—GMAC |
| 2007 | Ann Langerhans—GMAC |
| 7038 | Tosha Diehl Mowatt—GMAC |
| 8834 | Peggy Vernitsky—GMAC |
| 11449 | Henry Casas—GMAC |
| 12588 | Kelly Looby—GMAC |
| 12650 | Allison Higgins—GMAC |
| 17172 | Jeanne Masmila—GMAC |
| 17777 | Michelle Manuel—GMAC |
| 19961 | Genova Lee—GMAC |
| 20136 | Mark Layton—GMAC |
| 20311 | Andrew Vidos—GMAC |
| 20312 | Joshua Yaklin—GMAC |
| 20793 | Kimberly Rojas—GMAC |
| 21136 | Landon Huck—GMAC |
| 21293 | Arthur Smith—GMAC |
| 21317 | Ginger Harrison—GMAC |
| 21579 | Christine Simpson—GMAC |
| 21683 | Farhanna Calala—GMAC |
| 22084 | Reece Sealock—GMAC |
| 22539 | Derek Harkrider—GMAC |
| 23177 | Kimberly Wells—GMAC |
| 23862 | Gillian Martil—GMAC |
| 30011 | Rebecca Magness—GMAC |

| 30741 | Henry Williams—GMAC |
| 30762 | Ronald King—GMAC |
| 31951 | Cager Bradley—GMAC |

DATED this 5th day of August, 2011.

BRADLEY ARANT BOULT CUMMINGS LLP

David Hill Bashford, Nevada Bar # 11744
Bank of America Corporate Center
100 N. Tryon Street, Suite 2690
Charlotte, NC 28202
Phone: (704) 338-6000
Fax: (704) 332-8858
dbashford@babc.com

*Attorney for Defendants GMAC Mortgage, LLC, Executive Trustee Services, LLC, Illeanna Peterson and Kahleen Gowen*

1/2202809.2

## VERIFICATION

Juan Aguirre being duly sworn, deposes and states:

That he is a manager of litigation support for GMAC Mortgage, LLC and, as such, is authorized to verify the foregoing Amended Responses to Plaintiff's First Set of Interrogatories to Defendant GMAC Mortgage, LLC on behalf of GMAC Mortgage, LLC, that he has read said amended Responses and knows the contents thereof, and that the same are true of his own knowledge and review of GMAC Mortgage, LLC's available corporate records.

GMAC Mortgage, LLC

By: _____
Name: Juan Aguirre
Title: Manager—Litigation Support

SWORN TO AND SUBSCRIBED before me this 4 day of August, 2011.

_____
Notary Public
My Commission Expires: 9/21/11

[SEAL]



ROSEMARY E. MEEKER
MY COMMISSION EXPIRES
September 21, 2011

15

1/2202809.2

## CERTIFICATE OF SERVICE

I hereby certify that I have this date served the above and foregoing Response to Interrogatories on:

Thomas P. Beko, Esq.
Attorney for Plaintiffs
99 West Arroyo Street
P. O. Box 3559
Reno, Nevada 89505
Telephone: (775) 786-3930
*Attorneys for Plaintiffs*

by placing a copy of same in the United States Mail, first-class postage prepaid and addressed to his regular mailing address, on this 5th day of August.

David Hill Bashford

ADJUSTABLE RATE NOTE ADDENDUM
INTEREST ONLY PAYMENT PERIOD

THIS ADDENDUM TO THE ADJUSTABLE RATE NOTE PROVIDES FOR AN INITIAL PERIOD OF MONTHLY PAYMENTS OF INTEREST ONLY AND FOR SUBSEQUENT MONTHLY PAYMENTS OF BOTH PRINCIPAL AND INTEREST.

This Adjustable Rate Note Addendum is made this 29th day of September, 2005, and is incorporated into and shall be deemed to amend the Adjustable Rate Note of the same date (the "Note") and any Addenda to the Note given by the undersigned (the "Borrower") to evidence Borrower's indebtedness to EquiFirst Corporation (the "Lender"), which indebtedness is secured by a Mortgage, Deed of Trust or Security Deed (the "Security Instrument") of the same date and covering the property described in the Security Instrument located at:

5540 Twin Creeks Drive, Reno, NV 89523
(Property Address)

ADDITIONAL COVENANTS: Unless specifically defined in this Addendum, any capitalized terms shall have the same meaning as in the Note. Notwithstanding anything to the contrary set forth in the Note, Addenda to the Note or Security Instrument, Borrower and Lender further covenant and agree as follows:

I. Section 3 and 4 of the Note are modified to provide for sixty (60) monthly payments of interest only ("Interest Only Period") at the interest rate determined in accordance with Sections 2 and 4 of the Note. Sections 3 and 4 of the Note are modified as follows:

3. PAYMENTS
   (A) Time and Place of Payments
   I will pay interest during the Interest Only Period, and principal and interest thereafter during the Amortization Period, by making a payment every month.

   Interest Only Period: The "Interest Only Period" is the period from the date of the Note through 11/01/2010.

   Amortization Period: The "Amortization Period" is the period after the Interest Only Period and continuing until the Maturity Date.

   I will make my monthly payments on the 1st day of each month beginning on December 1, 2005. I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to scheduled interest and principal. If on November 1, 2035, I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date."
   I will make my monthly payments at
   EquiFirst Corporation, 500 Forest Point Circle, Charlotte, NC 28273
   or at a different place if required by the Note Holder.

   (B) Amount of My Interest Only Payments
   The first 24 monthly payments will be in the full amount of U.S. $ 2,574.00, which equals one twelfth (1/12th) of the amount of yearly interest due on the principal at the time the loan was made. These payments are called the "Interest Only Payments". No payments of principal are due during the Interest Only Period. The Interest Only Payments will not reduce the principal amount of this Note. Additional Payments of principal may be made in accordance with the provisions of this Note.

   (C) Monthly Payment Changes
   During the Interest Only Period, changes in my monthly payment will reflect changes in the interest rate that I must pay. During the Amortization Period, changes in my monthly payment will reflect changes in the unpaid principal of my loan and in the interest rate that I must pay. The Note Holder will determine my new interest rate and the changed amount of my monthly payment in accordance with Section 4 of this Note.

EF9691 (3/04)
Loan Number 818942                         Page 1 of 2

LONG-0007

### 4. INTEREST RATE AND MONTHLY PAYMENT CHANGES

**(A) Change Dates**

The interest rate I will pay may change on November 1, 2007, and on that day every sixth month thereafter. Each date on which my interest rate could change is called a "Change Date."

**(B) The Index**

Beginning with the first Change Date, my interest rate will be based on an Index. The "Index" is the average of interbank offered rates for six-month U.S. dollar-denominated deposits in the London market ("LIBOR"), as published in *The Wall Street Journal*. The most recent Index figure available as of the first business day of the month immediately preceding the month in which the Change Date occurs is called the "Current Index".

If the Index is no longer available, the Note Holder will choose a new index that is based upon comparable information. The Note Holder will give me notice of this choice.

**(C) Calculation of Changes**

Before each Change Date, the Note Holder will calculate my new interest rate by adding 5.240 percentage points ( 5.240 %) to the Current Index. The Note Holder will then round the result of this addition to the nearest one-eighth of one percentage point (0.125%). Subject to the limits stated in Section 4(D) below, this rounded amount will be my new interest rate until the next Change Date.

For the Interest Only Period, after calculating my new interest rate as provided above, the Note Holder will then calculate the amount of the monthly payment to be one-twelfth (1/12th) of one (1) year's interest at the new interest rate. The result of this calculation will be the new amount of my monthly payment until the next Interest Rate Change Date.

During the Amortization Period, after calculating my new interest rate as provided above, the Note Holder will then calculate the amount of the monthly payment that would be sufficient to fully repay the remaining unpaid principal in substantially equal monthly payments by the Maturity Date, assuming, for purposes of each calculation, that the interest rate remained unchanged during that period. The result of this calculation will be the new amount of my monthly payment.

**(D) Limits on Interest Rate Changes**

The interest rate I am required to pay at the first Change Date will not be greater than 10.150% or less than 7.150 % . Thereafter, my interest rate will never be increased or decreased on any single Change Date by more than one percentage point (1.000%) from the rate of interest I have been paying for the preceding six months. My interest rate will never be greater than 13.150% or less than the initial interest rate provided for in Section 2 of this Note.

**(E) Effective Date of Changes**

My new interest rate will become effective on each Change Date. I will pay the amount of my new monthly payment beginning on the first monthly payment date after the Change Date until the amount of my monthly payment changes again.

**(F) Notice of Changes**

The Note Holder will deliver or mail to me a notice of any changes in my Interest Rate and the amount of my monthly payment before the effective date of any changes. The notice will include information required by law to be given me and also the title and telephone number of a person who will answer any question I may have regarding the notice.

II.  All other provisions of the Note and any Addenda are unchanged by this Addendum to Adjustable Rate Note and remain in full force and effect.

I understand that for the Interest Only Period I will not be reducing the principal balance. After Five (5) years if I only made my minimum payment, my principal balance will not be reduced.

BY SIGNING BELOW, Borrower accepts and agrees to the terms and conditions contained in the Adjustable Rate Note Addendum.

_____        _____
Jean M Gagnon                                          Pamela Longoni

EF9692 (3/04)                        Page 2 of 2
Loan Number 818942

LONG-0008

# ADJUSTABLE RATE INTEREST RATE FLOOR &
## PREPAYMENT PENALTY Addendum to Note

This ADJUSTABLE INTEREST RATE FLOOR & PREPAYMENT PENALTY ADDENDUM is made this 29th day of September, 2005, and amends the Note in the amount of U.S. $ 432,000.00 dated the same date and given by the person(s) who signs below (the "Borrower(s)") to EquiFirst Corporation (the "Lender").

In addition to the agreements and provisions made in the Note and the Security Instrument, and notwithstanding any provisions to the contrary contained in said Note or the Security Instrument, both the Borrower(s) and the Lender further agree as follows:

### ADJUSTABLE INTEREST RATE FLOOR

This loan has an Interest Rate "Floor" which will limit the amount the Interest Rate can decrease. Regardless of any changes in the index, the Interest Rate during the term of this loan will never be less than the initial Interest Rate provided for in Section 2 of the Note.

### PREPAYMENT PENALTY

In the event, during the first 2 years after the execution of this Note, I make a prepayment and the prepayment exceeds twenty percent (20%) of the original principal amount of the loan in any twelve (12) month period, I will pay a prepayment charge in an amount equal to six (6) months' advance interest on the amount prepaid which is in excess of twenty percent (20%) of the original principal amount of the loan within the twelve (12) month period. The Note Holder will not assess a repayment penalty after the 2nd anniversary of the date of execution of this Note.

_____     _____
Jean M Gagnon                        Pamela Longoni

_____     _____

_____     _____

818942
EF057 (12/99)

LONG-0009