# EXHIBIT 14

# EXHIBIT 14

# Servicer Guide

# GMAC RFC

Version 2-08-G01
Effective July 1, 2008

© 2008 Residential Funding Company, LLC (GMAC-RFC)
All Rights Reserved.

RFC-001-000293

Ex 15



Servicer Guide | Bulletin

# 2-08-B01

**Effective: February 3, 2008**

# Servicer Guide Bulletin

This Bulletin constitutes an amendment to the Servicer Guide. The purpose of the Servicer Guide Bulletin is to give notice that the GMAC-RFC Servicer Guide has been amended. All clarifications or changes are effective February 3, 2008 for events that occurred during January 2008.

The Servicer Guide may also be accessed online at **GMACResidentialFunding.com**, with an individual User ID and Password.

Currently Servicers are required to report certain default and loss mitigation events as they occur throughout the month to GMAC-RFC's Servicer Management Department in Burbank, California. In an effort to mitigate daily disruptions for the Servicer and to automate and streamline reporting, Servicers will be required to begin reporting on the third business day of the month (for prior month activity), certain default and loss mitigation events. The format for reporting is described in the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File. The initial reporting is effective February 3, 2008 for January 2008 activity.

Default/Loss Mitigation questions can be directed to Sherri Ealey at 818.260.1459 or **sherri.ealey@gmacrfc.com**. Technical questions can be directed to Edgar Tupaz at 818.260.1613 or **edgar.tupaz@gmacrescap.com**.

The following sections of the GMAC-RFC Servicer Guide are being changed as a result of this action. The Servicer Guide online will be updated to reflect these changes on or before January 1, 2008.

## Chapter 4

### Section 411 Loans Paid In Full

The Servicer shall submit a Payoff/Liquidation Report GMAC-RFC 2308 and wire transfer Loan funds to GMAC-RFC within five Business Days after the event that caused the payoff/liquidation for a Loan paid in full or liquidated as a result of a third party sale in accordance with the Payoff/Liquidation File Section of this Servicer Guide.

Failure to remit the entire amount of the funds for a Loan paid in full or liquidated as a result of a third party sale within five Business Days from the event that caused the payoff liquidation will result in a cash adjustment. The cash adjustment will be equivalent to Per Diem interest calculated at the highest quoted prime rate printed on the first Business Day of each month in The Wall Street Journal in its regular column entitled "Money Rates," plus 3%. The cash adjustment will begin to accrue on the sixth Business Day from the event that caused the payoff/liquidation through and including the date that the funds are received in the appropriate GMAC-RFC account.

For delinquent loans, loans in foreclosure, bankruptcy, or subject to a loss mitigation alternative that are paid in full during the month, will be reported on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

**GMAC-RFC Servicer Guide**  **Bulletin**

### Section 429 Temporary Indulgence

Temporary indulgence is a relatively short period of leniency, not to exceed three months from the Due Date of the first unpaid installment, granted to a Borrower to allow time to cure a Delinquency through full reinstatement or satisfaction of the debt.

The Servicer may grant temporary indulgence under extraordinary circumstances, such as when a sale or rental of the Mortgaged Premises is pending, or when financial assistance from a social service agency is forthcoming. Temporary indulgence may also be appropriate when the Borrower needs time to trace lost payments. The Servicer need not seek GMAC-RFC approval of temporary indulgence, but must require adequate documentation from the Borrower before granting temporary indulgence, and must follow up to verify the Borrower's compliance with the terms under which the relief was granted. If it is anticipated that the total arrearage will not be cured within three months from the Due Date of the first unpaid installment, the Servicer must consider relief through a repayment plan or special forbearance relief agreement.

Delinquent loans subject to temporary indulgence must be reported on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default / Loss Mitigation Monthly Transaction and Reporting File.

Note: If the Delinquency has already exceeded three months the Servicer must use either a repayment plan or special forbearance agreement.

### Section 430 Repayment Plan

A repayment plan gives a Borrower a definite period, up to 18 months, in which to reinstate the Loan by immediately making, and continuing to make, payments in excess of the regular monthly installment.

If appropriate, the Servicer may enter into a plan to repay the total Delinquency within the shortest time possible, without GMAC-RFC's approval. The total repayment period should not exceed 18 months; however, when it is necessary for the total repayment period, as described above, to exceed 18 months, the plan must be in writing and requires financial documentation (e.g., most recent bank statements, most recent payroll check stub, and a financial statement) to support it. The Servicer and the Borrowers must both sign this repayment/forbearance agreement.

Delinquent loans subject to a repayment plan must be reported on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

### Section 431 Special Forbearance Relief Agreement

Delinquent loans subject to a special forbearance relief agreement must be reported on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

### Section 434 Loss Mitigation Workouts

Pursuing workout options reduces losses and avoids acquisition of the Mortgaged Premises. If the Servicer's evaluation of the individual circumstances of the Borrower reveals that it is unlikely that the Loan can be brought current, the Servicer must aggressively pursue a workout option as an alternative to foreclosure. If the Servicer has determined that all collection efforts have failed and all appropriate relief measures have been taken, one of the following workout options may be selected:

- Pre-foreclosure sale/short payoff
- Deed-in-lieu of foreclosure
- Loan modifications
- Write-off (applicable for mortgages with low unpaid principal balance and second mortgage liquidation)
- Note Sale and Assignment of Beneficial Interest

All loans with an open loss mitigation workout must be reported on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

All Loan modifications, short sales, write-offs, and Note sales are subject to GMAC-RFC approval.

© 2008 Residential Funding Company, LLC. All rights reserved.

**GMAC-RFC Servicer Guide**                                                                                            **Bulletin**

### Section 435 Deed-In-Lieu of Foreclosure
**(B) Servicers Recommendation**

The Servicer should only accept a deed in lieu of foreclosure if it believes that such action is in GMAC-RFC's best interest. Details of the Deed-In-Lieu (prior to completion / approval, if necessary) must be reported to GMAC-RFC as an open / pending loss mitigation alternative on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File. Cash consideration may be paid to the Borrower for voluntary conveyance of the Mortgaged Premises if such action is in GMAC-RFC's best interest.

### Section 436 Write Offs
**(B) Servicers Recommendation/Notification**

The Servicer's recommendation will be submitted on the Request for Loan Service Approval GMAC-RFC Form 2400 and be supported by a current Appraisal/Broker Price Option, recent credit bureau report and a Write-Off Evaluation GMAC-RFC Form 2406 along with all supporting documentation. Note: Any Loan that has primary mortgage or pool insurance must have been submitted to the appropriate Mortgage Insurer for approval prior to being submitted to GMAC-RFC.

Details of the Write Off (prior to submission/approval) must be reported to GMAC-RFC as an open / pending loss mitigation alternative on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

### Section 437 Loan Modifications
**(C) Servicers Recommendation/Notification**

The Servicer should recommend such approval to GMAC-RFC's Servicer Management Department if it believes that such action is in GMAC-RFC's best interest. Details of the Servicer analysis must be reported to GMAC-RFC on a Request for Loan Service Approval GMAC-RFC Form 2400, accompanied by a copy of the appraisal report and supporting documentation.

Details of the Loan Modification (prior to submission / approval) must be reported to GMAC-RFC as an open / pending loss mitigation alternative on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

### Section 438 Bankruptcies
**(C) Monthly/Periodic Reports**

All open Bankruptcies and changes to the Bankruptcy status (dismissal, discharge, relief) must be reported to GMAC-RFC on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

If there is any change in the Mortgaged Premises occupancy status or condition (i.e. waste, vacancy, and/or abandonment, etc.), delay in court proceedings, confirmation of a plan of reorganization that provides for changes in the terms of the Loan, etc. Such information should be forwarded promptly to GMAC-RFC's Servicer Management Department in Burbank. Where appropriate, supporting documentation must be attached.

### Section 440 Institution of Foreclosure
(This will be deleted.)

**(B) Servicer Responsibilities**

All open foreclosures and changes / updates to the foreclosure status / milestone events (with the exception of the actual sale date / acquisition of an REO as described in the Notification of Foreclosure Sale and Acquisition of Title section of the Guide) must be reported to GMAC-RFC on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

**(D) Attorneys and Trustees**
(This will be an additional paragraph.)

The Servicer must notify their assigned GMAC-RFC asset manager in Burbank, California of the foreclosure referral date/1st legal Action date within 10 days of the event occurring.

© 2008 Residential Funding Company, LLC. All rights reserved.                                                3 of 5
                                                                                                         RFC-001-000301

**GMAC-RFC Servicer Guide**  **Bulletin**

### Section 440 Institution of Foreclosure
**(F) Broker's Price Opinion**

Within 30 days following the completion of the first legal action relating to a delinquent GMAC-RFC Loan, the Servicer is required to obtain and to provide GMAC-RFC on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File, a valuation of the property completed as either an Automated Valuation Model (AVM) or a Broker's Price Opinion (BPO). AVMs must be provided by a GMAC-RFC AVM approved vendor as listed in GMAC-RFC Form 2414. The Servicer is expected to utilize this updated and reviewed valuation in developing appropriate loss mitigation strategies to assist the borrower and mitigate investor losses while attempting to avoid the foreclosure of the property.

### Section 443 Foreclosure Sale Bidding Instructions
**(A) Foreclosure Sale Bidding Instructions**

(third paragraph)

The fair market Value must be supported by a Broker's Price Opinion (BPO) as reviewed by the Servicer

obtained no more than 120 days prior to a scheduled foreclosure sale. The BPO must reflect the Value of the property in an "as is" condition. The BPO must be completed by a licensed real estate broker free from any conflict of interest or financial interest in the transactions. Any updates to the property valuation must be reported to GMAC-RFC on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File

### Section 441 Action During Foreclosure
**(E) Inspections**

During the foreclosure process, the Servicer must inspect the Mortgaged Premises at least monthly, and more frequently if the property is vacant or as other circumstances warrant. Care and condition of the property, as well as economic variables, can affect the value of the mortgaged property as the foreclosure process continues. It is incumbent upon the Servicer to review in detail the required monthly property inspections for signs of waste and deterioration, and to be aware of regional economic trends affecting property values. If during the foreclosure process (especially in a long or delayed foreclosure) a Servicer finds that the property value has been adversely affected, the Servicer should request a current fair market valuation (BPO) to make sure that foreclosure remains a viable resolution in mitigating investor losses. If the property is found to be vacant or unsecured, the BPO obtained should include an interior inspection and the property should be secured. Current values must also be used in driving loss mitigation solutions to avoid foreclosure whenever possible. Any updates to property inspections on delinquent loans must be reported to GMAC-RFC on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction

### Section 443 Foreclosure Sale Bidding Instructions
**(B) Notification**

The Servicer must notify GMAC-RFC of a scheduled foreclosure sale and the bidding strategy no later than ten days prior to the scheduled foreclosure sale only if notified to do so as an Investor Special Handling requirement as described in the Name in Which to Foreclose section of the Guide. The Servicer must provide the BPO value and statement of total indebtedness as of the scheduled foreclosure sale date and report same on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

Failure to submit the aforementioned information/documentation in accordance with timelines and investor requirements may require the Servicer to postpone the scheduled foreclosure sale date and subject the Servicer to a Per Diem Penalty

### Section 422 Interview With Borrower; Property Inspection
**(A) Inspection Dates**

A property inspection must be made before the 60th day of Delinquency and again every month thereafter until satisfactory repayment arrangements have been made. Results noted in the most recent inspection must be reported on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

© 2008 Residential Funding Company, LLC. All rights reserved.    4 of 5
RFC-001-000302

**GMAC-RFC Servicer Guide** **Bulletin**

### Section 445 Real Estate Owned (REO)
**(D) Evictions**

Evictions should be completed in accordance with the State timelines. The guidelines for these timelines can be found in the USFN eviction timeline matrix or from the servicer's eviction attorneys. Eviction delays should be thoroughly explained in the servicer's records and an action plan should be established. It is GMAC-RFC's expectation that eviction files are closed as soon as possible and that Loss Mitigation efforts (such as cash for keys) are being offered when they are likely to minimize GMAC-RFC's costs.

All properties in the eviction process must be reported by the entity managing and marketing the property, with the required milestone dates (start/end) on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

### Section 447 Rehabilitation
(This will be an additional paragraph)

The current aggregate of rehabilitation / repair expenses must be reported by the Servicer managing and marketing the property on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

### Section 453 Reporting Requirements
(This will be an additional paragraph)

All REO properties must be reported by the Servicer managing and marketing the property, with the required milestone data (as described within GMAC-RFC **Form 2415**), on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

### Section 455 Multipurpose Loan Service Report

For delinquent loans (greater than two payments delinquent), loans in foreclosure, bankruptcy or loans subject to a loss mitigation alternative must be reported to GMAC-RFC on the 3rd business day of the following month using the GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

Please review details of the file format and method of delivery in the attached GMAC-RFC **Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

© 2008 Residential Funding Company, LLC. All rights reserved.

The Servicer may grant temporary indulgence under extraordinary circumstances, such as when a sale or rental of the **Mortgaged Premises** is pending, or when financial assistance from a social service agency is forthcoming. Temporary indulgence may also be appropriate when the Borrower needs time to trace lost payments. The Servicer need not seek GMAC-RFC approval of temporary indulgence, but must require adequate documentation from the Borrower before granting temporary indulgence, and must follow up to verify the Borrower's compliance with the terms under which the relief was granted. If it is anticipated that the total arrearage will not be cured within three months from the Due Date of the first unpaid installment, the Servicer must consider relief through a repayment plan or special forbearance relief agreement.

Delinquent loans subject to temporary indulgence must be reported on the third **Business Day** of the following month using the **GMAC-RFC Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

Note: If the Delinquency has already exceeded three months the Servicer must use either a repayment plan or special forbearance agreement.

## 430 Repayment Plan

A repayment plan gives a Borrower a definite period, up to 18 months, in which to reinstate the Loan by immediately making, and continuing to make, payments in excess of the regular monthly installment.

If appropriate, the Servicer may enter into a plan to repay the total **Delinquency** within the shortest time possible, without GMAC-RFC's approval. The total repayment period should not exceed 18 months; however, when it is necessary for the total repayment period, as described above, to exceed 18 months, the plan must be in writing and requires financial documentation (e.g., most recent bank statements, most recent payroll check stub, and a financial statement) to support it. The Servicer and the Borrowers must both sign this repayment/forbearance agreement.

Delinquent Loans subject to a repayment plan must be reported on the third **Business Day** of the following month using the **GMAC-RFC Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

## 431 Special Forbearance Relief Agreement

A special forbearance relief agreement is a written agreement to reduce or suspend regular payments for a forbearance period of up to 18 months. At the conclusion of the special forbearance relief period, regular payments must be resumed and satisfactory arrangements made to repay the amount suspended.

The Servicer may enter into a special forbearance relief agreement, without GMAC-RFC's approval, if the following conditions are met:

- The reason for default and the circumstances of the Borrower justify the relief action contemplated
- The default is curable
- The agreement outlines specific dates for repayment and specific forbearance amounts to be paid
- The Servicer obtains credit documentation (credit report, verifications of deposit, income, and employment and an itemized statement of monthly expenses including household and debt obligations) in order to ascertain the Borrower's financial position and evaluate the prospect of the Borrower's compliance with the repayment plan
- The Servicer obtains any necessary approval where applicable from the **Mortgage Insurer**, and superior lienholders before executing the agreement
- The Servicer prepares the agreement and has it executed by all parties (a copy of the executed agreement, with supporting documentation must be retained in the Loan file)
- The Servicer inspects the **Mortgaged Premises** before execution of the agreement and reinspects it at least every 60th day in accordance with the requirements of the **Interview with Borrower; Property Inspection** Section of this Servicer Guide. If an inspection, required before the execution of the forbearance agreement, reveals that the Mortgaged Premises have been abandoned or are in poor physical condition, the Servicer may not enter into a forbearance agreement without GMAC-RFC's prior approval
- The forbearance agreement permits the institution or continuation of foreclosure proceedings in the event of any default under the terms of that agreement

If the Borrower fails to comply with the terms of the forbearance agreement, the Servicer may agree to a new plan, provided that the aggregate forbearance period does not exceed 18 months from the **Due Date** of the first unpaid installment. If there is no reasonable expectation that additional relief will bring the Loan current and maintain it in that status, the Servicer must immediately recommend one of the following:

- The Servicer is subject to the following schedule of penalties, based on the timelines of GMAC-RFC's receipt of the Statement of Foreclosure Expenses **GMAC-RFC Form 2409**.

| Receipt by GMAC-RFC | Penalty Amount |
|---|---|
| 31 - 35 calendar days | $250.00 |
| 36 - 40 calendar days | $500.00 |
| 41 - 45 calendar days | $750.00 |
| 46 or more calendar days | no reimbursement/denial of claim |

- For further clarification, refer to the **Indemnification** Section and the **Right of Set-Off** Section of this Servicer Guide.

## 437 Loan Modifications

### (A) General

Not all Loans will be eligible for modification. A Loan Modification occurs when a change is made to one or more of the original terms of a Mortgage Note. Such changes could entail a change to the interest rate, payment amount, maturity date or the principal balance of the Loan. All Loan Modifications must be reduced to writing (recordable format) and the Servicer must obtain the approval of GMAC-RFC prior to accepting/approving a Loan Modification. Servicers must submit all requests for Loan Modifications using prudent servicing judgment. If GMAC-RFC determines the submitted Loan is not eligible for modification the Servicer will at least have a financial package to analyze for another Loss Mitigation Alternative.

### (B) Modification Analysis

The Servicer must:

- Obtain a request for the Loan Modification, from the Borrowers indicating that a hardship exists, along with a narrative as to efforts previously taken to overcome the hardship and the reasons why the Borrowers believe the modification will resolve the hardship
- Obtain from all Borrowers a credit report with credit score from a national credit reporting agency
- Obtain the most recent paycheck stub, copies of the most recent *signed* tax return, and a completed **Fannie Mae/Freddie Mac** Form 1003 (Residential Loan Application). If the Borrower is self-employed, the Servicer must obtain a current financial statement in addition to the Fannie Mae/Freddie Mac Form 1003
- Obtain a current title report to determine the priority of the lien, outstanding property taxes and other encumbrances
- Obtain written confirmation from all junior lien creditors of their agreement to the Loan Modification and their willingness to subordinate to same as is necessary
- Obtain a current value of the **Mortgaged Premises** from a disinterested, qualified appraiser/broker and report the results on the applicable valuation form. If repairs to the Mortgaged Premises are necessary, the valuation must state the estimated market Value of the Mortgaged Premises after repair and the estimated costs of the repairs
- Ascertain that the full benefits of any mortgage insurance will be available to cover any losses and provide a copy of the **Mortgage Insurer**'s acceptance of the Loan Modification

Costs associated with the acceptance of a Loan Modification, such as appraisal, credit report, title search, attorneys' fees, etc. should be collected from the Borrower to the maximum extent permitted by applicable law. In the event the Borrower is unable to pay such costs or applicable law does not permit the collection of such costs from the Borrower, the Servicer shall pay such costs and request reimbursement in accordance with the **Reimbursements** Section of this Servicer Guide.

### (C) Servicer's Recommendation/Notification

The Servicer should recommend such approval to GMAC-RFC's Servicer Management Department if it believes that such action is in GMAC-RFC's best interest. Details of the Servicer analysis must be reported to GMAC-RFC on a Request for Loan Service Approval **GMAC-RFC Form 2400**, accompanied by a copy of the appraisal report and supporting documentation.

Details of the Loan Modification (prior to submission/approval) must be reported to GMAC-RFC as an open/pending loss mitigation alternative on the third **Business Day** of the following month using the **GMAC-RFC Form 2415** Servicer Default/Loss Mitigation Monthly Transaction and Reporting File.

### (D) Documentation

Upon receiving GMAC-RFC's written approval, the Servicer must prepare any documents necessary to process the Loan Modification. The Servicer must prepare all modification/subordination documents and see that they are prepared, executed and recorded in accordance with the applicable local and State law and regulations. The Servicer must make sure that GMAC-RFC's lien priority is not altered. For Loans registered with MERS, the Servicer shall be required to prepare and execute all instruments, notices and other documents in connection with the modification of the Loan in accordance with MERS' rules and procedures, as amended from time to time.

The Servicer may receive an incentive payment in the amount of $400 for each successfully completed Loan modification. For Loan modifications that include capitalization the Servicer will request the incentive payment along with the reimbursement request for the capitalized arrearages. For Loan modifications other than capitalizations the Servicer is required to submit a spreadsheet at month end for Loan modifications completed during that month. See the **Marketing REO Assets** section. The Spreadsheet should be sent to GMAC-RFC's Claims Administration Department at **Bur-MSClaims@gmacrescap.com**.

Only one Loan modification incentive fee is allowed for the life of a Loan. Loan modifications where the next and/or first adjustment date is delayed into the future do not qualify for the incentive payment.

## 438 Bankruptcies

### (A) General

The Servicer must take appropriate action to protect GMAC-RFC's interest during bankruptcy proceedings in which the Borrower is the debtor. At a minimum, the Servicer must:

- Comply with all applicable laws and regulations
- Obtain competent legal counsel
- Obtain a copy of the Borrower's (debtor's) bankruptcy petition and other bankruptcy notices
- Accurately complete and file a Proof of Claim within the time limitations set by the Bankruptcy Court
- Maintain copies of all relevant documents including the notice of first meeting of creditors, Proof of Claim, pleading, notices, etc.
- Determine whether the Borrower wishes to keep the **Mortgaged Premises** and reaffirm the debt
- Review any repayment plan proposed under Chapter 11 or 13 of the Bankruptcy Code, and respond in a manner that represents GMAC-RFC's best interest
- If appropriate, file an action with the Bankruptcy Court to obtain abandonment of the Mortgaged Premises and an order lifting the Automatic Stay
- Monitor receipt of payments under any approved repayment plan and, if the Borrower defaults on these payments while under a court-approved repayment plan, instruct its designated attorney to take immediate action to modify the stay order and institute or resume foreclosure proceedings
- Perform a monthly drive-by inspection of the Mortgaged Premises for any Loan delinquent 60 days or more unless a repayment plan is in place and being followed
- Obtain the Fair Market Value in accordance with judicial requirements, where relief is possible due to a lack of equity

The Servicer must be familiar with non-reimbursable fees and costs and allowable limits as referenced in the **Non-reimbursable Expenses** Section of this Servicer Guide and the Expense Reimbursement Guidelines **GMAC-RFC Form 2404**.

**The Servicer must adhere to the appropriate timelines as follows:**

| Bankruptcy | Delinquency Status | Referral to Attorney | Timeline |
|---|---|---|---|
| Chapter 7 | Loan is current or less than 30 days delinquent when the bankruptcy is filed | After the 30th day of delinquency | Case completion no later than the Loan's 135th day of delinquency. |
| For Chapter 7, case completion is defined as: Termination of Automatic Stay, case dismissed or closed, or Trustee's abandonment of interest in the secured property. | | | |

# Modification Program Overview

The program provides loan modifications to our homeowners to achieve its dual objectives:

- Keep homeowners in their homes by making the loan more affordable
- Reduce investor losses by reducing loan defaults

Typically, homeowners who require loan modification have experienced some type of life event that has temporarily or permanently reduced their income or increased their expenses

However, homeowners who have not experienced any financial hardship but whose loan has become unaffordable due to an interest rate increase are also eligible for loan modification.

All modification decisions are made on an asset-level and are not influenced by factors such as loan type, loan amount, or legal representation status.

Modifications take the form of changes to the terms of the mortgage loan. A modification may include reduction of the interest rate, and extension of the repayment term, or a reduction in the principal balance of the loan, or a combination of all three. All changes are made to make the payment more affordable to the homeowner.

GMAC offers four different modification programs:

- **HAMP** – HAMP stands for the Home Affordable Modification Program as is a program designed by the US Treasury Department and overseen by FNMA and FHLMC. A loan does not have to be a conforming loan (owned by FNMA or FHLMC) to be eligible for HAMP.

- **Traditional Modification** – Offered on qualified first and second lien mortgages that are not eligible for HAMP. The eligibility requirements and modification types offered vary by investor.

- **Second Lien Bulk Modification** - Offered on loans that are 62 plusdays delinquent where in the past we have been unable to establish contact with a homeowner. The eligibility requirements and modification types vary by investor.

- **Framework (Bush) Modification** - Offered to qualified homeowners to prevent payment shock from the initial ARM interest rate resets. With this modification, the interest rate is frozen for five years. No other adjustments, including term extension or capitalization of arrearages, are made. Loans that are up to 60 days delinquent may qualify for the Framework modification program.

- **GMAC ResCap Preemptive Modification** (Retired) - Offered to homeowners whose ARM loans are current in payment but did not meet the criteria for the

**CONFIDENTIAL**                                                        GMAC-02-000193

Fx 22

Exhibit 14   Pg 12 of 12

Framework Modification. This modification is also offered to qualified homeowners to prevent payment shock from ARM interest rate resets. With this modification, the interest rate is frozen for five years. No other adjustments, including term extension or capitalization of arrearages, are made.

Revised Date: 02/13/2009

# Custom Modification Types

The table below describes custom Modification types and usage.

| Modification Types Addressing Arrearages: | |
|---|---|
| **Type** | **Definition** |
| Capitalization | Adds delinquent amount (delinquent interest, escrow shortage, and/or unpaid default fees) to the unpaid principal balance (UPB) of the loan.<br>• The loan is reamortized in conjunction with the capitalization. |
| Debt Forgiveness | Forgives all or part of the delinquent amount (delinquent interest, escrow shortage, and/or unpaid default fees).<br>• Any forgiven amounts are essentially written off and no longer due from the borrower. |
| **Modification Types for Long-Term Affordability:** | |
| **Type** | **Definition** |
| Term Extension | The loan's maturity date is extended beyond the contractual maturity date from closing.<br>• The loan is reamortized over the increased term. |
| Permanent Interest Rate Reduction | The loan's interest rate is permanently reduced for future payments.<br>• The reduction in interest rate lowers the monthly P&I payment for the remaining term of the loan. |
| Debt Forgiveness | Forgives a portion of the loan balance.<br>• Any forgiven amounts are essentially written off and no longer due from the borrower.<br>• The monthly payment is recalculated using the reduced loan balance. |

**Modification Approval Guide**

CONFIDENTIAL                                              GMAC-02-000194