**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

RECEIVED MAY 22 2015 U.S. BANKRUPTCY COURT SD DIST. OF NEW YORK

### Motion for Clarification Re: Bankruptcy Stay

Litigant herein, William Hendricks, (acting *pro se* herein and without counsel of record), is the Plaintiff in litigation initiated in the State Superior Court, Third Judicial District at Anchorage, State of Alaska, (*William Hendricks v. GMAC Mortgage, LLC.*, 3AN-10-12839 CI). Defendant, GMAC Mortgage, LLC., is, upon information and belief, a subsidiary of, and included as a debtor in, the above referenced action in bankruptcy, for which a stay has been issued with respect to certain actions for recovery of sums and/or real property parcels which might be or are subject of these proceedings. In reliance upon the subject stay, GMAC Mortgage, LLC., sought, and was granted, a stay of proceedings in the state court action referenced hereinabove. Litigant herein now requests an order of clarification as to whether the subject stay actually applies to the subject state court proceedings pursuant to the provisions of the Final Supplemental Order Under Bankruptcy Code Sections 105(a), 362, 363, 502, 1107(a), and 1108 and Bankruptcy Rule 9019 (I) Authorizing the Debtors to Continue Implementing Loss Mitigation Programs, issued by this Court on July 13, 2012, Docket #0774.

1

At page 8, numbered paragraph 14(b), of the above referenced Final Supplemental Order, this Court has provided that the subject bankruptcy stay applies to all claims of interested parties to monetary relief "except where a monetary claim must be plead in order for an Interested Party to assert a claim to defend against or otherwise enjoin or preclude a foreclosure . . .". Litigant herein asserts that the state court action referenced above was filed to prevent foreclosure by debtor, GMAC, of real property to which the Litigant maintains otherwise legitimate claim and title. Therefore, pursuant to paragraph 14(b) of the above referenced Final Supplemental Order, it would appear that the subject bankruptcy stay does not apply to the state court action referenced hereinabove.

Litigant maintains that the above referenced state court litigation involves claims that the movant is owed damages exceeding any amount currently owed the debtor, GMAC, under the loan agreement secured by the subject property. Litigant's interest in the property, i.e., equity in the subject property, is being eroded by delay in resolution of the movant's claims against GMAC based on GMAC's reliance on the bankruptcy stay issued by this Court. Such reliance has been upheld by the Superior Court, Third Judicial District, State of Alaska, subject to an Order of this Court either lifting the subject stay or clarifying that the stay does not apply to the state court litigation. [Paragraphs 1-5 of the litigant's attached affidavit.]

Resolution of the subject state court litigation will either provide GMAC with sole interest in the subject property or no interest whatsoever in the property. In the event of a state court determination in Litigant's favor, the subject property, in which GMAC will have no interest, will not be subject to foreclosure and will therefore not be necessary

2

to, (or available for), any effective reorganization in this bankruptcy case. [Paragraphs 6-11 of the litigant's affidavit.] Consequently, it would appear that the bankruptcy stay in this matter does not apply to the state court litigation referenced hereinabove and an order of clarification to that effect should be issued in this case without the necessity of a motion to lift the stay pursuant to section 362(d) of the Bankruptcy Code.

In the event that hearing in this matter is deemed necessary, Litigant would request leave to appear telephonically at such hearing inasmuch as he is resident of the State of Alaska and cannot travel to New York based on financial and health considerations. [Paragraphs 12-13 of the litigant's affidavit.]

Dated: 5/19/15

William Hendricks (movant, *pro se*)
16810 Easy Street, Apt. 00
Anchorage, AK 99577
(907) 227-7249

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

RECEIVED MAY 22 '15 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

|  |  |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |

## AFFIDAVIT OF WILLIAM HENDRICKS

|  |  |
|---|---|
| STATE OF ALASKA ) | |
| ) ss. | |
| THIRD JUDICIAL DISTRICT ) | |

I, **WILLIAM HENDRICKS**, being first duly sworn, depose and state as follows:

1. I am the Plaintiff in *William Hendricks v. GMAC*, 3AN-10-12839 CI, a state court action for damages and relief from foreclosure brought in the Third Judicial District, State of Alaska;

2. GMAC, one of the named debtors in this action in bankruptcy and the defendant in *Hendricks v. GMAC*, has used the automatic bankruptcy stay order issued in this case to delay resolution of the state court action;

3. The Superior Court judge in *Hendricks v. GMAC* has upheld, in open court, the subject bankruptcy stay pending resolution of the bankruptcy litigation, a lifting of the bankruptcy stay by this Court or a

1

determination by this Court that the bankruptcy stay does not apply to the state court litigation between myself and GMAC;

4. One of the claims in the state court action is that GMAC cannot prove any interest in the property subject of the action and has violated provisions of the Deceptive Trade Practices Act to conceal this fact;

5. Prior to seeking bankruptcy stay protection, GMAC had agreed to sale of the property subject of the case in order to preserve the value of the asset pending resolution of the state cause of action;

6. The property, which is at present unoccupied, was valued at over $100,000.00 at the beginning of the litigation but has more recently been valued at $65,000.00;

7. Continued depreciation and deterioration of the subject property during the period of this bankruptcy stay will result in further irreparable damage to my equity interest in the subject real property;

8. Relief from stay in this matter will permit the state court to determine whether GMAC has any interest in the subject property whatsoever;

9. Resolution of the state court case in my favor will establish that GMAC has no interest in my real property, leaving nothing subject of the state court litigation for this Court to apply to the debtors' reorganization in this bankruptcy action;

10. Resolution of the state court case in GMAC's favor will deprive me of any interest in the subject property but, in the event of substantial delay

2

in such resolution, will result in a substantial loss in value of the asset, making it even less necessary to the debtor's reorganization than it might otherwise be;

11. In any event, relief from stay will establish whether the subject property has any part or value for reorganization purposes in this bankruptcy litigation.

12. I suffer from type II diabetes and accompanying complications which preclude my being able to safely travel from Alaska to New York for any hearing necessary to resolve my request for clarification in this matter;

13. My illness, and attendant complications have also left me substantially unemployed and unemployable, subjecting me to a limited fixed income that will also not permit my travel from Alaska to and from the State of New York, and

14. I would therefore request leave to appear telephonically (907-227-7249), at any hearing deemed necessary by this Court to resolve my request for clarification with respect to the bankruptcy stay currently being relied upon by GMAC in this matter.

**FURTHER YOUR AFFIANT SAITH NAUGHT.**

_____
William Hendricks

**SUBSCRIBED AND SWORN** to before me this 15th day of May, 2015.

_____
Notary Public in and for Alaska

My Commission Expires: Nov 18, 2018

> Notary Public
> MELISSA M. BENSON
> State of Alaska
> My Commission Expires Nov. 18, 2018

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| In re: ) | Case No. 12-12020 (MG) |
| ) | |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) | |
| Debtors. ) | Jointly Administered |

### Certificate of Service

Litigant herein, William Hendricks, (acting *pro se* herein and without counsel of record), hereby certifies that, on this 19th day of May, 2015, the accompanying Motion for Clarification and Affidavit of William Hendricks have been served by mail on counsel for the debtors:

> Gary S. Lee
> MORRISON & FOERSTER LLP
> 1290 Avenue of the Americas
> New York, New York 10104

Dated: 5/19/15

William Hendricks (movant, *pro se*)
16810 Easy Street, Apt. 00
Anchorage, AK 99577
(907) 227-7249