UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPTIAL, LLC, *et al.*, | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

**STIPULATION AND ORDER BETWEEN THE RESCAP LIQUIDATING TRUST
AND OCWEN LOAN SERVICING, LLC REGARDING THE
SERVICING ADVANCES DISPUTE**

This stipulation and order (the "Stipulation") is made and entered into by The ResCap Liquidating Trust (the "Trust") established pursuant to the terms of the Plan (defined below) in the above-captioned Chapter 11 cases (the "Chapter 11 Cases"), on the one hand, and Ocwen Loan Servicing, LLC ("Ocwen," and together with the Trust, the "Parties") on the other.

## RECITALS

**WHEREAS**, on May 14, 2012, each of the above-captioned debtors (collectively, the "Debtors") filed voluntary petitions for relief under chapter 11 of title 11 of the United States Code;

**WHEREAS**, Ocwen purchased the Debtors' servicing platform and other servicing-related assets pursuant to an Asset Purchase Agreement dated November 2, 2012, as amended from time to time (the "APA"). The sale to Ocwen closed on February 15, 2013;

**WHEREAS**, on December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* approving the terms of the chapter 11 plan, as amended (the

"Plan"), filed in the Chapter 11 Cases [Docket No. 6065]. On December 17, 2013, the effective date of the Plan occurred and, among other things, the Trust was established [Docket No. 6137];

**WHEREAS**, the Plan provided for the treatment of certain types of claims, including administrative expense claims, and set January 16, 2014 as the bar date by which administrative expense claims were required to be asserted against the estates (see Plan, Art.V.A.1).

**WHEREAS**, on January 16, 2014, Ocwen filed requests for payment of administrative expense claims [Docket Nos. 6296 and 6297] (collectively, the "Administrative Claim Requests");

**WHEREAS**, on February 14, 2014, Ocwen sent a letter to the Trust providing notice of various asserted indemnification claims (the "Initial Claim Notice"), which raised various alleged breaches of the APA, including an alleged breach of the Core Representations (as defined in the APA) related to Section 4.9 (Mortgage Servicing Portfolio; Servicing Agreements; the Business) of the APA (the "Servicing Advances Claim"). In the Initial Claim Notice, Ocwen asserted that it incurred losses in the amount of $2,211,962.17 in connection with the Servicing Advances Claim as set forth in more detail on Exhibit A to the Initial Claim Notice;

**WHEREAS**, on February 13, 2015, the Trust filed an objection to the Administrative Claim Requests with respect to certain of the remaining claims not previously withdrawn by Ocwen [Docket No. 8129], asserting an objection to the Servicing Advances Claim that was included in the Initial Claim Notice. On March 13, 2015, Ocwen filed a response to the objection [Docket No. 8301], pursuant to which Ocwen's only remaining administrative expense claim against the estates was the so-called "Secure Axcess claim." In its response, Ocwen also asserted that the Servicing Advances Claim was not part of its Administrative Claim Requests and not properly adjudicated pursuant to the administrative claim process. On April 3, 2015, the

Trust filed its reply in support of its objection [Docket No. 8421] in which it continued to assert that the Servicing Advances Claim was properly before the Court;

**WHEREAS**, on April 29, 2015, Ocwen sent to the Trust a revised claim notice (the "Revised Claim Notice"), which withdrew the Secure Axcess claim and revised the Servicing Advances Claim from $2,211,962.17 to $12,054,975.55, as set forth in more detail on Exhibit A to the Revised Claim Notice;

**WHEREAS**, the Trust advised Ocwen that it intended to object or challenge the Revised Claim Notice;

**WHEREAS**, on May 4, 2015, the Parties submitted a letter to the Court, requesting a status conference to apprise the Court of these developments and propose how the Parties should proceed procedurally with respect to their positions concerning whether Ocwen has the right to revise and increase the Servicing Advances Claim in the Revised Claim Notice;

**WHEREAS**, the Parties have conferred and wish to resolve the Servicing Advances Claim as expeditiously and cost-effectively as possible pursuant to the terms of this Stipulation and have determined to seek to bifurcate the issues and to address the revision to the Initial Claim Notice (*i.e.*, whether Ocwen has the right to revise the Servicing Advances Claim through the Revised Claim Notice) primarily.

NOW THEREFORE, it is hereby stipulated and agreed as between the Parties to this Stipulation, through their undersigned counsel, that:

1. The Parties will meet and confer and attempt to agree on a stipulated set of undisputed facts ("Stipulated Facts") with respect to the issues raised by the Revised Claim Notice (the "Servicing Advances Issues") on or before June 11, 2015.

2. If the Parties are able to agree on Stipulated Facts, the Parties will submit supplemental briefing to the Court with respect to the Servicing Advances Issues pursuant to the following schedule, as it may be amended by the Parties:

   a. The Trust shall file a memorandum of law with respect to the Servicing Advances Issues, on or before June 18, 2015;

   b. Ocwen shall file a response to the Trust's brief, on or before July 9, 2015;

   c. The Trust shall file a reply on or before July 23, 2015; and

   d. The Servicing Advances Issues shall be heard before the Court at the omnibus hearing scheduled for July 30, 2015.

3. If the Parties are unable to agree on Stipulated Facts, the Parties will meet and confer regarding a modified briefing schedule, including any discovery that may be necessary on the Servicing Advances Issues.

4. Each of the Parties' rights pursuant to Rule 9014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including with respect to contested matter discovery, are preserved.

5. Based on the Court's ruling on the Servicing Advances Issues, the Parties will meet and confer following the ruling to determine what issues, if any, remain to be litigated with respect to the Revised Claim Notice and to set a reasonable schedule for the resolution of such remaining issues, including any appropriate discovery with respect thereto.

6. The Parties agree that issues with respect to the Revised Claim Notice arise under the APA and that this Court has jurisdiction and is the appropriate forum in which to resolve the dispute.

7. The Parties further agree that all of the Parties' respective rights with respect to whether the Servicing Advances Claim is properly litigated as part of the claim objection process are fully reserved. The Parties agree that the manner in which the dispute with respect to the Revised Claim Notice is being litigated shall not affect any Parties' rights or claims under the APA all of which are specifically preserved.

8. This Stipulation shall not be modified, altered, amended, or vacated without the prior written consent of the Parties. Any such modification, alteration, amendment, or vacation in whole or part shall be subject to the approval of this Court.

9. This Stipulation is the entire agreement among the Parties in respect of the subject matter hereof.

10. Each person who executes this Stipulation on behalf of a Party hereto represents that he or she is duly authorized to execute this Stipulation on behalf of such Party.

11. This Stipulation may be executed in multiple counterparts, each of which shall be deemed an original but all of which when taken together shall constitute one and the same instrument. Further, electronic signatures or transmissions of an originally signed document by facsimile or PDF shall be as fully binding on the Parties as an original document.

12. The 14-day stay period under Bankruptcy Rule 4001(a)(3) is hereby waived and this Stipulation shall be immediately effective upon its entry.

13. This Stipulation shall be of no force or effect unless and until it is approved by the Court.

14. This Court shall retain jurisdiction to resolve all matters relating to the implementation of this Stipulation.

New York, New York
Dated: May 27, 2015

| | |
|---|---|
| /s/ Todd M. Goren | /s/ Jennifer C. DeMarco |
| Todd M. Goren | Jennifer C. DeMarco |
| Jamie A. Levitt | CLIFFORD CHANCE US LLP |
| MORRISON & FOERSTER LLP | 31 West 52nd Street |
| 250 West 55th Street | New York, New York 10019 |
| New York, New York 10019 | Telephone: (212) 878-8000 |
| Telephone: (212) 468-8000 | Facsimile: (212) 878-8375 |
| Facsimile: (212) 468-7900 | |
| | |
| *Counsel for The ResCap Liquidating Trust* | *Counsel for Ocwen Loan Servicing, LLC* |

**IT IS SO ORDERED.**

Dated: June 1, 2015
  New York, New York

  **/s/Martin Glenn**
  MARTIN GLENN
  United States Bankruptcy Judge