# **Exhibit M**

3451 Hammond Avenue
Waterloo, IA 50702

———————————————[Space Above This Line For Recorder's Use]———————————

# FIXED RATE LOAN MODIFICATION AGREEMENT WITH
# TERM EXTENSION, DEFERRED PRINCIPAL AND DEBT FORGIVENESS

(Balloon \ Deferred Payment Disclosure Attached)

This Loan Modification Agreement ("Agreement") made this December 1, 2009 ("Effective Date") between ROCIO PICHARDO   JULIO PICHARDO    ("Borrower") and GMAC Mortgage, LLC the Lender/Servicer or agent for Lender/Servicer ("Lender"), amends and supplements that certain promissory note ("Note") dated July 31, 2003 in the original principal sum of One Hundred Ninety Nine Thousand Dollars and No Cents ($ 199,000.00)executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on with Instrument Number in Book and/or Page Number of the real property records of ORANGE County, CA. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 1201 EAST SUDENE AVENUE   FULLERTON CA 92831-4711, which real property is more particularly described as follows:

( Legal Description if Applicable for Recoding Only )

Borrower acknowledges that Lender is the legal holder and the owner, or agent\servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of "Lender" the Principal Balance, consisting of the amount(s) loaned to Borrower by "Lender" and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.  Borrower acknowledges that as of the Effective Date, the amount payable under the Note and Security Instrument (New Principal Balance) is $63,272.87. This represents a reduction in my old principal balance (the balance due prior to the date of this loan modification) by $120,000.00 (Total Deferred + Forgiven Principal) of which $0.00 is being forgiven in full and $120,000.00 is being deferred (the "Deferred Principal Balance") until the extended Term of my loan expires (the New Maturity Date) or when I payoff my loan at the time when I sell or transfer any interest in my

FARP 11-10-2009 GMAC mail merge master.doc

home, refinance the loan, or when the last scheduled payment is due, and the Lender will be under no obligation to refinance my loan. Until I am required to payoff the Deferred Principal Balance, I will not be required to pay interest or make monthly payments on the deferred amount.

2. Borrower will make monthly payments of principal and interest in the amount of 250.28 which will begin on January 1, 2010. Borrower's payment will be calculated based on the non-deferred principal balance, a fixed interest rate of 1.00000 per year and an extended term\amortization period of 284 months in new remaining term 284. Each monthly payment will be applied as of its scheduled due date, and it will be applied to interest before principal. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

3. If borrower pays an amount in excess of the required monthly payment of principal and interest, that amount will serve to reduce both the non-deferred principal balance and the remaining Term of the loan, but will not cause the monthly payment of principal and interest to be re-calculated.

4. If on August 1, 2033 (the "New Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including the "Deferred Principal Balance " as provided for in this Agreement, Borrower will pay the amounts in full on that date. Borrower will make such payments at 3451 Hammond Ave Waterloo, IA 50702 or at such other place as Lender may require.

5. If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

6. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been extended) until the indebtedness, evidenced by the Note and this Agreement, has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

7. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without "Lender's" prior written consent, "Lender" may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by "Lender" if prohibited by applicable law. In addition, if "Lender" exercises this option, "Lender" shall give Borrower all notice(s) that may be required by law before accelerating the debt after which, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument. For purposes of this

FARP 11-10-2009 GMAC mail merge master.doc

paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

8. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

9. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_____
ROCIO PICHARDO

_____
JULIO PICHARDO

_____

_____

BORROWER ACKNOWLEDGMENT

State of California
County of Orange

On this 12 day of November, 2009 before me, the undersigned, a Notary Public in and for said county and state, personally appeared ROCIO PICHARDO JULIO PICHARDO , personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

BRIAN ARTEAGA
Commission # 1746903
Notary Public - California
Orange County
My Comm. Expires May 24, 2011

Notary Public
My Commission Expires: May 24, 2011

GMAC Mortgage, LLC

By: _____

Title: _____


LENDER ACKNOWLEDGMENT

State of _____
County of _____

On this ___ day of _____, ___, before me, the undersigned, a Notary Public in and for said county and state, personally appeared Kristi M. Caya, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing Officer of GMAC Mortgage, LLC GMAC Mortgage, LLC, and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

    Witness my hand and official seal.

                                            _____
                                            Notary Public
                                            My Commission Expires: _____

Date:  11/10/2009                                                  Loan# ████9299

Borrower's Name: ROCIO PICHARDO JULIO PICHARDO

Lender's Name and Address:  GMAC Mortgage, LLC
3451 Hammond Avenue
Waterloo, IA 50702

<u>IMPORTANT INFORMATION ABOUT YOUR
LOAN MODIFICATION WHICH FEATURES A **DEFERRED** PAYMENT</u>
Please Read Carefully

This disclosure describes the features of your loan modification.

How Is Your Interest Rate and Initial Payment Determined?

- According to your mortgage payment calculated for long-term affordability, your modified loan will now provide for a Deferred Payment.
- The amount of the initial monthly payment on your modified loan will be based on three factors:
    (1) the interest rate reflected in the agreement;
    (2) the "New Principal Balance" of the loan; and
    (3) the remaining term and amortization periods of the loan.

Based on a scheduled of interest rate and payment adjustments, your monthly payment of principal and interest will be calculated in order to repay the "non-deferred principal balance" by the end of the Term of your loan. (the Maturity Date) Although your new scheduled monthly payments will pay down your non-deferred principal balance, a payment for the entire amount of your "Deferred Principal Balance" will be due when the Term of your loan expires or when you pay off the modified loan, which will be when you sell or transfer an interest in your house, refinance the loan, or when the last scheduled payment is due, and the Lender will be under no obligation to refinance your loan.

You will be notified in writing at least 90 but not more than 120 days before the date the deferred principal payment is due. This notice will be mailed to you at the most current mailing address you supply and will contain information about the amount of the deferred principal, the date it is due and the telephone number of the Lender's representative (or loan servicer's representative) available to answer questions you may have about the notice.

AN AMOUNT OF YOUR UNPAID PRINCIPAL BALANCE HAS BEEN DEFRRED. AS A RESULT, YOU WILL BE REQUIRED TO PAY FULL DEFERRED PRINCIPAL BALANCE WHEN THE TERM OF YOUR LOAN EXPIRES (THE MATURITY DATE), OR WHEN YOU PAY OFF THE MODIFIED LOAN, WHICH WILL BE WHEN YOU SELL OR TRANSFER AN INTEREST IN YOUR HOUSE, REFINANCE THE LOAN, OR WHEN THE LAST SCHEDULED PAYMENT IS DUE.

THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM. THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN.

FARP 11-10-2009 GMAC mail merge master.doc

ASSUMING THIS LENDER OR ANOTHR LENDER REFINANCES THE LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN. YOU MAY ALSO HAVE TO PAY SOME OF ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

Example of **Deferred** Payment

- The payment amount due at loan maturity can change substantially based upon amount of the loan, interest rate, and any principal payments you choose to make before loan maturity, among other factors.

| | |
|---|---|
| Modified Loan Balance | $100,000 |
| Modified Balance That Does Not Accrue Interest (Deferred Amt.) | $25,000 |
| Loan Balance That Does Accrue Interest | $75,000 |
| Remaining Loan Term | 20 years |
| Deferred Principal Balance Due at Maturity | $ 25,000.00 |

In the example above, the outstanding **deferred loan balance of $25,000.00** would be due and payable at the end of 20 years.

This summary is intended for reference purposes only. Important information relating specifically to your loan modification will be contained in the loan modification documents, which alone will establish your rights and obligations under the loan modification plan. This disclosure does not address any other payments that may be required under the terms of your loan, for example, monthly escrow payments

THE PURPOSE OF THIS DISCLOSURE IS TO PROVIDE VARIOUS DETAILS ON THE TYPE OF LOAN MODIFICATION FOR WHICH YOU HAVE EXPRESSED INTEREST. THE DISCLOSURE DOES NOT CONSTITUTE A COMMITMENT ON THE PART OF THE LENDER TO MODIFIY YOUR LOAN.

Receipt of a copy of this Disclosure is hereby acknowledged.

_11-12-09_
Date                         ROCIO PICHARDO

_11-12-09_
Date                         JULIO PICHARDO

_____
Date

_____
Date

## CALIFORNIA ALL-PURPOSE
## CERTIFICATE OF ACKNOWLEDGEMENT

State of California

County of Orange

On November 12, 2009 before me, Brian Arteaga - Notary Public,
(Here insert name and title of the officer)

Personally appeared Rocio Pichardo, Julio Pichardo,

Who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed this instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature of Notary Public

(Notary Seal)

BRIAN ARTEAGA
Commission # 1746903
Notary Public - California
Orange County
My Comm. Expires May 24, 2011