**<u>Exhibit R</u>**

AMID T. BAHADORI (SBN 242351)
BRYAN M. THOMAS (SBN 238409)
**BAHADORI & THOMAS, LLP**
2 Park Plaza, Suite 450
Irvine, CA 92612
Tel: (949) 954-8164
Fax: (949) 954-8163

Attorneys for Plaintiff JULIO PICHARDO

### SUPERIOR COURT OF STATE OF CALIFORNIA

### COUNTY OF ORANGE, CENTRAL JUSTICE CENTER

| | |
|---|---|
| JULIO PICHARDO,<br><br>Plaintiff<br><br>vs.<br><br>GMAC MORTGAGE; DOES 1 to 10,<br><br>Defendants | CASE NO: 30-2012 00581642<br><br>**COMPLAINT FOR:**<br><br>1. VIOLATION OF THE FAIR DEBT COLLECTIONS PRACTICE ACT<br>2. NEGLIGENT MISREPRESENTATION<br>3. VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200<br>4. VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17500<br><br>JUDGE ROBERT J. MOSS<br>DEPT C23 |

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER
JUL 06 2012
ALAN CARLSON, Clerk of the Court

### I.

### GENERAL ALLEGATIONS

COMES NOW Plaintiff, JULIO PICHARDO (hereinafter "Plaintiff"), who by reason of the following causes of action against the above-captioned defendants, and each of them, alleges as follows:

### II.

### JURISDICTIONAL ALLEGATIONS

1
COMPLAINT

1. Plaintiff, JULIO PICHARDO is a resident of the State of California and owns the property located at 1201 East Sudene Avenue, Fullerton, CA 92831.

2. Defendant GMAC MORTGAGE (hereinafter "GMAC") is a residential lending and serving business, conducting business in the State of California, including in the County of Orange.

3. The acts, occurrences, omissions, events and transactions which give rise to this complaint primarily occurred in the County of Orange, California. The sum total of all claims meets the jurisdictional limits of the above-captioned court.

4. Plaintiff is ignorant of the true names and capacities of defendants sued herein as DOES 1-10 inclusive, and therefore sues these defendants by such fictitious names. Plaintiff will amend this Complaint to allege their true names and capacities when ascertained. Defendants are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages as herein alleged were proximately caused by their conduct.

## III.

## FACTS COMMON TO ALL CAUSES OF ACTION

5. Plaintiff acquired the real Property located at 1201 East Sudene Avenue, Fullerton, CA 92831 in 1991.

6. In approximately 1998, Plaintiff refinanced his mortgage.

7. In August of 2009, Plaintiff was granted a loan modification for the subject Property.

8. From the outset of GMAC's involvement with Plaintiff, they have claimed that the loan was in default.

9. Thereafter, Plaintiff continued to make his regular monthly mortgage payments to GMAC.

10. Beginning soon after the loan modification was granted and continuing through 2012, Plaintiff has received numerous threatening phone calls from agents and employees of Defendant GMAC. During each and every phone call, Plaintiff was told that his mortgage was in default and that GMAC would begin foreclosing on the property.

11.   Plaintiff responded each and every time that his loan was current and that he had already made the payments which GMAC identified as being past due.

12.   Each and every time, GMAC responded by repeating that his loan was past due and by using verbally abusive language, including threats of criminal liability and obscene and profane language.

13.   The phone calls made by Defendant GMAC contained numerous false and misleading representations about the character, amount and legal status of the debt owed to Defendant GMAC.

14.   Plaintiff often received numerous phone calls throughout 2011 and 2012, the intent of which was to engage Plaintiff on the phone repeatedly and continuously to annoy, harass and abuse Plaintiff.

15.   Plaintiff is informed and believes that each and every phone call from Defendant GMAC was done by an agent and employee of GMAC.

16.   Plaintiff attempted to ascertain the names and identification of the persons responsible for the phone calls but was unable to do so because the person or persons responsible for the calls would only identify themselves as being employees of GMAC.

17.   The conduct of Defendant GMAC in harassing Plaintiff in an effort to collect this debt by repeatedly engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous provisions of the Fair Debt Collections Practices Act, including, but not limited to, 15 U.S.C. sections 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10 and 1692f.

18.   As a result of the above-described conduct, Plaintiff has suffered, and continued to suffer from severe emotional distress. Plaintiff has been hospitalized numerous times and has incurred substantial medical bills as a result of the harassing conduct of Defendant GMAC.

### FIRST CAUSE OF ACTION
(Violation of the Fair Debt Collection Practices Act)

19.   Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

20. Plaintiff has received numerous threatening phone calls from agents and employees of Defendant GMAC. During each and every phone call, Plaintiff was told that his mortgage was in default and that GMAC would begin foreclosing on the property.

21. Plaintiff responded each and every time that his loan was current and that he had already made the payments which GMAC identified as being past due.

22. Each and every time, GMAC responded by repeating that his loan was past due and by using verbally abusive language, including threats of criminal liability and obscene and profane language.

23. The phone calls made by Defendant GMAC contained numerous false and misleading representations about the character, amount and legal status of the debt owed to Defendant GMAC.

24. Plaintiff often received numerous phone calls throughout 2011 and 2012, the the intent of which was to engage Plaintiff on the phone repeatedly and continuously to annoy, harass and abuse Plaintiff.

25. Plaintiff is informed and believes that each and every phone call from Defendant GMAC was done by an agent and employee of GMAC.

26. Plaintiff attempted to ascertain the names and identification of the persons responsible for the phone calls but was unable to do so because the person or persons responsible for the calls would only identify themselves as being employees of GMAC.

27. The conduct of Defendant GMAC in harassing Plaintiff in an effort to collect this debt by repeatedly engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous provisions of the Fair Debt Collections Practices Act, including, but not limited to, 15 U.S.C. sections 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10 and 1692f.

28. As a result of the above-described conduct, Plaintiff has suffered, and continued to suffer from severe emotional distress. Plaintiff has been hospitalized numerous times and has incurred substantial medical bills as a result of the harassing conduct of Defendant GMAC.

///

///

## SECOND CAUSE OF ACTION
### (Negligent Misrepresentation)

29. Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

30. Defendant GMAC, through its agents and employees, represented to Plaintiff that his loan was in default and made numerous other false and misleading representations about the character, amount and legal status of the debt owed to Defendant GMAC.

31. These representations were false.

32. Defendant, through its agents and employees, made these representations to Plaintiff either knowing they were false, or with reckless disregard for the truth.

33. Defendant intended Plaintiff to rely on these representations.

34. Plaintiff reasonably relied on these representations. Plaintiff's health deteriorated quickly upon learning that his loan was in default. Plaintiff believed Defendant's threats of criminal liability and feared for his own safety and for the loss of his home.

35. Plaintiff was and continues to be harmed in a monetary amount to be proven at trial.

36. Plaintiff's reliance upon the above described representations by the herein named defendant was a substantial factor in causing his harm.

37. The acts of Defendant were willful, wanton, malicious and oppressive, and thus justify the awarding of exemplary and punitive damages.

## THIRD CAUSE OF ACTION
### (Violation of Bus. & Prof. Code Section 17200)

38. Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

39. Defendant GMAC has violated and continues to violate Business and Professions Code section 17200 by engaging in unlawful, unfair and fraudulent business practices. Specifically, Defendant, through its agents and employees, falsely informed Plaintiff that his

---
5
COMPLAINT

loan was in default and that he was subject to foreclosure and criminal liability if he did not make additional payments which were not due.

40. Defendant GMAC's action and representations, which were made with intent to induce Plaintiff's reliance, constitute unfair and unlawful business practices under California law.

## FOURTH CAUSE OF ACTION

### (Violation of Bus. & Prof. Code Section 17500)

41.  Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

42.  Defendant has violated and continue to violate Business and Professions Code section 17500 by making or disseminating untrue or misleading statements, or by causing untrue or misleading statements to be made or disseminated, in or from California. These untrue and misleading statements include but are not limited to:

    a.  Throughout 2011 and 2012, Plaintiff received numerous threatening phone calls from agents and employees of Defendant GMAC. During each and every phone call, Plaintiff was told that his mortgage was in default and that GMAC would begin foreclosing on the property.

    b.  GMAC told Plaintiff on numerous occasions that his loan was past due and that he would be subject to criminal liability if he did not make additional payments.

43.  Defendant GMAC knew, or by the exercise of reasonable care should have known, that these statements were untrue or misleading at the time they were made.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as follows:

1. For actual, compensatory and/or consequential damages in amounts according to proof at trial;

2. For restitution;

3. For punitive damages;

6
COMPLAINT

4. For costs of suit;

5. For attorneys fees where permitted by law;

6. For such other and further relief as this Court deems just and proper.

Dated: June 20, 2012             **BAHADORI & THOMAS, LLP**

By: _____
**AMID T. BAHADORI
BRYAN M. THOMAS
Attorneys for Plaintiff**

CM-010

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to *sanctions* under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)—Personal Injury/Property Damage/Wrongful Death
  Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/ Wrongful Death
  Product Liability *(not asbestos or toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice— Physicians & Surgeons
    Other Professional Health Care Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip and fall)
    Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
    Intentional Infliction of Emotional Distress
    Negligent Infliction of Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business Practice (07)
  Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
  Defamation (e.g., slander, libel) (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)

**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
    Contract/Warranty Breach—Seller Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/ Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open book accounts) (09)
    Collection Case—Seller Plaintiff
    Other Promissory Note/Collections Case
  Insurance Coverage *(not provisionally complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
  Eminent Domain/Inverse Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court Case Matter
    Writ–Other Limited Court Case Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic relations)*
    Sister State Judgment
    Administrative Agency Award *(not unpaid taxes)*
    Petition/Certification of Entry of Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-harassment)*
    Mechanics Lien
    Other Commercial Complaint Case *(non-tort/non-complex)*
    Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
  Partnership and Corporate Governance (21)
  Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

CM-010 [Rev. July 1, 2007]    **CIVIL CASE COVER SHEET**    Page 2 of 2

ntitl/petitioner: __JULIO PICHARDO__                           bankruptcy case number __12-12020  DOC# 1026__

endant/ respondent: __GMAC DOES 1 TO 10__

## PROOF OF SERVICE SUMMONS

he time of service I was a citizen of the United States, at least 18 years of age.
rved proof of service to person authorized to receive it described herein.

TE OF HEARING: __AUGUST 29TH AT 10:00 AM__

ACE OF HEARING: AT NEW YORK SOUTHERN DISTRICT BANKRUPTCY COURT
IE BOWLING GREEN NEW YORK, N.Y. 10004-1408

DGE GLENN    COURT 501  CASE 12-12020 -- DOC# 1026

aring held for: relief from automatic stay

By mail acknowledgment: I mailed documents via confirmation of mailing to defendant to:
__10 N. GATEWAY OAKS DR. STE 150  SACRAMENTO CA. 95833__

son served: CSC - BECKY DEGEORGE - person authorized service of process

te mail sent: August 9th 2012

rved on behalf of: GMAC MORTGAGE DOES 1 TO 10

rved by confirmation of mailings by: ROCIO PICHARDO
                Address: 1201 E. Sudene Ave Fullerton Ca. 92831

eclare under penalty of perjury under the laws of the united state of America that the foregoing is true and correct
me of person who served papers: ROCIO PICHARDO _____    SIGNATURE __Rocio Pichardo__

S. Postal Service
ERTIFIED MAIL RECEIPT
mestic Mail Only; No Insurance Coverage Provided
delivery information visit our website at www.usps.com.

| | | |
|---|---|---|
| Postage | $ | $0.45 |
| Certified Fee | | $2.95 |
| Return Receipt Fee (endorsement Required) | | $0.00 |
| stricted Delivery Fee (endorsement Required) | | $0.00 |
| al Postage & Fees | $ | $3.40 |

08/09/2012

ATT: BECKY DE GEORGE