**Exhibit U**

# MORRISON | FOERSTER

1290 AVENUE OF THE AMERICAS
NEW YORK, NY 10104-0050

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

NEW YORK, SAN FRANCISCO,
LOS ANGELES, PALO ALTO,
SACRAMENTO, SAN DIEGO,
DENVER, NORTHERN VIRGINIA,
WASHINGTON, D.C.

TOKYO, LONDON, BRUSSELS,
BEIJING, SHANGHAI, HONG KONG,
SINGAPORE

June 3, 2014

Writer's Direct Contact
212.336.4320
ERichards@mofo.com

**BY OVERNIGHT MAIL**

Thomas Gillen
Law Offices of Thomas W. Gillen
1440 N. Harbor Blvd., Ste. 811
Fullerton, California 92835

Re:    Julio Pichardo v. GMAC Mortgage, 30-2012-00581642 (Cal. Sup. Ct.)

Dear Counsel:

   I write on behalf of the ResCap Liquidating Trust, as successor-in-interest to Residential Capital, LLC and certain of its direct and indirect subsidiaries, including GMAC Mortgage LLC ("GMAC Mortgage" and, collectively, the "Debtors"), each a debtor in chapter 11 cases currently pending in the United States Bankruptcy Court for the Southern District of New York (the "Bankruptcy Court").  As you may be aware, the Debtors filed petitions for relief under Chapter 11 of the United States Bankruptcy Code on May 14, 2012 (the "Petition Date") in the Bankruptcy Court, which are being jointly administered under Case No. 12-12020(MG).  As a result, as of the Petition Date, the automatic stay under section 362(a) of the United States Bankruptcy Code went into and remains in effect as to the Debtors.

   On July 6, 2012, without leave of the Bankruptcy Court and in violation of the automatic stay, Julio Pichardo commenced an action against GMAC Mortgage in the Superior Court of California, captioned Julio Pichardo v. GMAC Mortgage; Does 1 to 10, Case No. CIV581642 (Ca. Sup.) (the "California Action").  We understand based on correspondence from GMAC Mortgage's counsel in the California Action, Severson & Werson, P.C., that you are now representing Mr. Pichardo in connection with that lawsuit. Accordingly, we are writing to advise you regarding the effect of GMAC Mortgage's chapter 11 case on the California Action and to request that GMAC Mortgage be dismissed immediately from the California Action.

ny-1144218

**MORRISON | FOERSTER**

Thomas Gillen
June 3, 2014
Page Two

*Relevant Procedural Background*

By way of background,[1] on July 30, 2012, the Debtors caused a notice of bankruptcy and suggestion of automatic stay to be served on Mr. Pichardo's prior counsel in the California Action, Bahadori & Thomas, LLP, advising that the California Action was subject to the automatic stay.

On August 6, 2012, Mr. Pichardo, appearing *pro se*, filed a letter with the Bankruptcy Court requesting relief from the automatic stay [Docket No. 1026],[2] which was subsequently amended and supplemented by Mr. Pichardo's motion for relief from stay filed on August 17, 2012 [Docket No. 1212] (together with the letter request, the "Motion for Stay Relief"), pursuant to which Mr. Pichardo sought relief from the automatic stay to proceed with the California Action.  The Debtors filed an objection to the Motion for Stay Relief and, following a hearing held on August 29, 2012, the Bankruptcy Court entered an order denying the Motion for Stay Relief [Docket No. 1307] (the "Order Denying Stay Relief").  Among other things, the Order Denying Stay Relief states that "Pichardo may file a proof of claim in these cases and pursue recovery through the claims allowance process."  Order Denying Stay Relief at 2.

On September 4, 2012, Mr. Pichardo filed a proof of claim against the Debtors' estates, which was assigned Claim Number 452 (the "Proof of Claim").

On December 11, 2013, the Court entered an order [Docket No. 6065] (the "Confirmation Order") confirming the Debtors' chapter 11 plan of liquidation (the "Plan"). The Plan became effective on December 17, 2013 (the "Effective Date") (see Docket No. 6137).

On or about March 7, 2014, Mr. Pichardo submitted three filings to the Bankruptcy Court:  (1) a request for verification that the Debtors had "emerged from bankruptcy" [Docket No. 6633]; (2) an "Action Filed against Ocwen Loan Servicing for Breaches & Violations" [Docket No. 6627]; and (3) a "Motion for Payment of Claim Number: 452" [Docket No. 6626).  On March 13, 2014, the Bankruptcy Court entered an order disposing of

---

[1]    The limited procedural history set forth below is provided solely for the purpose of providing helpful context, and does not constitute a complete recitation of Mr. Pichardo's involvement in the Debtors' chapter 11 cases.

[2]    Copies of the Bankruptcy Court filings referenced herein are available on PACER for a fee, or may be obtained free of charge at http://www.kccllc.net/rescap.

ny-1144218

MORRISON | FOERSTER

Thomas Gillen
June 3, 2014
Page Three

each of these filings [Docket No. 6642] (the "March 2014 Order").[3]  A copy of the March 2014 Order is enclosed, and is discussed in further detail below.

*Effect of the Plan and Confirmation Order on the California Action*

The March 2014 Order provides, in relevant part:

> "To the extent Mr. Pichardo seeks verification about the automatic stay imposed by Bankruptcy Code section 362, while ResCap's plan of liquidation was confirmed on December 11, 2013 (see ECF Doc. # 6065), and became effective on December 17, 2013 (see ECF Doc. # 6137), Bankruptcy Code section 362(a)(2)(A) provides that **the stay continues until the case is closed; the case has not been closed.  Therefore, Mr. Pichardo may not proceed with any legal action against any Debtor entity** unless and until he obtains relief from the automatic stay (which the Court has previously denied, see ECF Doc. # 1307), or until the automatic stay terminates pursuant to the Bankruptcy Code.

See March 2014 Order at 1 (emphasis added).  In addition, the Plan and Confirmation Order effect a broad discharge and injunction in favor of the Debtors, pursuant to which Mr. Pichardo is precluded from pursuing his claims against GMAC Mortgage in any forum except the Bankruptcy Court via the claims resolution process set forth in Article VIII of the Plan.  Specifically, paragraph 42 of the Confirmation Order (the "Discharge"), excerpted below, provides as follows:

> Except as expressly provided in the Plan or the Confirmation Order, (a) each holder . . . of a Claim against or Equity Interest in a Debtor shall be deemed to have forever waived, released and discharged the Debtors, to the fullest extent permitted by section 1141 of the Bankruptcy Code, of and from any and all Claims, Equity Interests, rights and liabilities that arose prior to the Effective Date and (b) all such holders shall be forever precluded and enjoined, pursuant to section 524 of the Bankruptcy Code, from prosecuting or asserting any discharged Claim against or terminated Equity Interest in the Debtors.

---

[3]    A copy of the March 2014 Order was served on Mr. Pichardo electronically and via overnight mail on March 13, 2014.  See Affidavit of Service [Docket No. 6653].

ny-1144218

MORRISON | FOERSTER

Thomas Gillen
June 3, 2014
Page Four

See also Confirmation Order ¶ 43 ("Except as otherwise expressly specified in the Plan, after the Effective Date, any holder of such Claim or Equity Interest shall be precluded from asserting against the Debtors, the Plan Trusts, or any of their respective assets or properties, any other or further Claim based on any document, instrument, act, omission, transaction, or other activity of any kind or nature that occurred before the entry of this Order.").

To enforce the Discharge, the Plan contains an injunction (the "Plan Injunction") providing that:

> [a]ll Entities[4] . . . who have held, hold or may hold Claims, Equity Interests, Causes of Action or liabilities that constitute Released Claims, are permanently enjoined and precluded, from and after the effective date of the Plan, from: (a) . . . continuing in any manner or action or other proceeding of any kind against any Released Party whether directly, derivatively or otherwise, on account of or in connection with or with respect to any Released Claims . . . .

See Plan Art. IX.I; see also Confirmation Order ¶ 40. "Released Claims" include any claim or liability that has been discharged, terminated, or satisfied pursuant to the terms of the Plan, and the definition of "Released Party" includes GMAC Mortgage as a Debtor. See Plan Arts. I.A.242; I.A.243; I.A.102.

As set forth above, the March 2014 Order, which was served on Mr. Pichardo immediately following its entry, explicitly provides that the automatic stay continues to bar his prosecution of the California Action against GMAC Mortgage, notwithstanding the effectiveness of the Plan. In the event Mr. Pichardo, or you, as his counsel, disregard the March 2014 Order, we will have no choice but to take appropriate action before the Bankruptcy Court to enforce the automatic stay. You should be aware that all actions taken in violation of the automatic stay are void, and parties may be held in contempt of court for violating the stay. See, e.g., Bartel v. Eastern Airlines, 1998 U.S. App. LEXIS 71, at *5 (2d Cir. 1998) (acknowledging bankruptcy court's power to impose civil contempt sanctions where a party is aware of the automatic stay and willfully ignores it); Fidelity Mortgage Investors v. Camelia Builders, Inc., 550 F.2d 47 (2d Cir. 1976).

Moreover, as a result of the Discharge and Plan Injunction, Mr. Pichardo is barred from pursuing any claims against the Debtors except to the extent they have already been asserted in his Proof of Claim, which remains pending. Accordingly, we hereby request that you immediately dismiss GMAC Mortgage from the California Action.

---

[4] "Entity" has the meaning set forth in 11 U.S.C. § 101(15), which includes individuals, such as Mr. Pichardo. See Plan Art. I.A.95.

ny-1144218

**MORRISON | FOERSTER**

Thomas Gillen
June 3, 2014
Page Five

      The ResCap Liquidating Trust reserves, and this letter shall in no way prejudice, any and all of its rights, claims, remedies, or defenses with respect to the California Action and the Proof of Claim.

      Should you have any questions, please feel free to contact me.

Very truly yours,

/s/ Erica J. Richards

Enclosure

cc:    Lauren Graham Delehey
       Norman S. Rosenbaum
       Yaron Shaham
       Mr. Julio Pichardo

ny-1144218

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

NOT FOR PUBLICATION

In re:

RESIDENTIAL CAPITAL, LLC, *et al.*,

Debtors.

Case No. 12-12020 (MG)

Jointly Administered

## ORDER REGARDING JULIO PICHARDO'S FURTHER REQUESTS FOR RELIEF

Pending before the Court are three filings by Julio Pichardo: (1) a request for verification that ResCap "has emerged from bankruptcy" (ECF Doc. # 6633); (2) an *Action Filed against Ocwen Loan Servicing for Breaches & Violations* (the "Ocwen Filing," ECF Doc. # 6627); and (3) a *Motion for Payment of Claim Number: 452* (the "Claim Payment Motion," ECF Doc. # 6626). The Court previously issued an *Order Denying Julio Pichardo's Requests for Relief* (ECF Doc. # 3521), but Mr. Pichardo's pending requests appear to seek different relief from his earlier filings. The Court addresses each pending request in turn.

*First*, the Court **DENIES** Mr. Pichardo's request for verification that ResCap "has emerged from bankruptcy." The Court is unsure what this phrase means in the context of Mr. Pichardo's request, so it declines to verify ResCap's "emergence from bankruptcy." To the extent Mr. Pichardo seeks verification about the automatic stay imposed by Bankruptcy Code section 362, while ResCap's plan of liquidation was confirmed on December 11, 2013 (*see* ECF Doc. # 6065), and became effective on December 17, 2013 (*see* ECF Doc. # 6137), Bankruptcy Code section 362(a)(2)(A) provides that the stay continues until the case is closed; the case has not been closed. Therefore, Mr. Pichardo may not proceed with any legal action against any Debtor entity unless and until he obtains relief from the automatic stay (which the Court has

‖1212020140313000000000001‖

previously denied, *see* ECF Doc. # 1307), or until the automatic stay terminates pursuant to the Bankruptcy Code.

*Second*, the Court is unclear what relief Mr. Pichardo requests in the Ocwen Filing. To the extent Mr. Pichardo requests verification that the automatic stay does not apply to Ocwen, absent further order of the Court, the automatic stay applies to the Debtors in these chapter 11 cases; it does not apply to Ocwen.

*Third,* Mr. Pichardo's Claim Payment Motion is **DENIED**. On December 11, 2013, the Court entered the *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Confirmation Order," ECF Doc. # 6065). Although the Debtors did not object to Mr. Pichardo's claim before the Court issued the Confirmation Order, the objection deadline has not passed. The Confirmation Order provides that the ResCap Liquidation Trust, which is the Debtors' successor in interest, has until September 15, 2014, to object to proofs of claim. Mr. Pichardo's claim has not been deemed allowed, and the Liquidation Trust may still object to his claim. Therefore, Mr. Pichardo is not presently entitled to any distribution. *See* FED. R. BANKR. P. 3021.

**IT IS SO ORDERED.**

Dated:  March 13, 2014
         New York, New York

                                                     **_/s/Martin Glenn_**
                                                       MARTIN GLENN
                                     United States Bankruptcy Judge