# **Exhibit W**

Sent/Received

# RESCAP    JUL 09 2013    MORRISON | FOERSTER

To_____
By_____

## Claim Information

| Claim Number | 452 |
|---|---|
| **Basis of Claim**<br><br>Explanation that states the legal and factual reasons why you believe you are owed money or are entitled to other relief from one of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases) and, you **must** provide copies of any and all documentation that you believe supports the basis for your claim. | GMAC's Default, foreclosure short sale demand for undue payment threatening calls misapplied escrow payments, due to this raised monthly mortgage payments. All documentation provided to: Erika Richards, Justin Ferrell, Severson + Werson, Morrison + Foerster, notary to certifie. As result of GMACs actions caused hospitalizations, regressive uncontrollable condition to deteriorate, depression + anxiety, similar actions to cases filed at court. Financial hardship continued even after advised of GMACs actions continued at bankruptcy court cases conditions, alleged violations at bankruptcy court cases action pending on action for GMAC demands settlement or separate action. Filed attorney general offices + kicked with action. Reviewed by |

If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the following loan information, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

| Loan Number: | ████ 9299 |
|---|---|

Address of property related to the above loan number:
1201 E. Sudene Ave

| City: Fullerton | State: CA | ZIP Code: 92831 |
|---|---|---|

Additional resources may be found at - http://www.kccllc.net/rescap

Residential Capital, LLC    P.O. Box 385220   Bloomington, MN  55438

Claim Number: 452
Julio Pichardo
Type: POC

**RESCAP/MORRISON/FOERSTER**
**C/O KCC**
**2335 ALASKA AVE**
**EL SEGUNDO BLVD CA, 90245**

*6/28/2013*

**RESCAP RE: PRF 59050  / PROOF OF CLAIM #452**

**ENCLOSED ARE FORM SENT BY YOU CONCERNING CLAIM.**
**AS PER COURT DOCUMENTS ALL INFORMATION WAS SUBMITTED TO COURT & REQUESTED**
**BY YOUR COUNSEL ERIKA RICHARDS.   ADDITIONAL COPIES WERE REQUESTED TO BE SENT**
**TO MR JUSTIN KRELL FOR ADDITIONAL REVIEW TO BE FORWARDED ACCORDING TO HIM TO**
**YOUR OFFICES.**
**IN ADDITION ENCLOSED PLEASE FIND DOCUMENTS FILED IN CA ACTION WHICH ADRESSES**
**SOME OF THE ISSUES CONCERNING MY LOAN.**

**COLLECTIONS: NUMEROUS HOSPITALIZATION ON FORECLOSURE, DEFAULT, SHORT SALE**
**NOTICES UNDUE PAYMENTS, IMPROPER COLLECTION CALLS, DEMANDING PAYMENTS**
**AFTER POSTING, HOME LOG SHOWS DEMAND CALLS, RAISED MONTHLY PAYMENTS FROM**
**8/5/2009 TO DATE AFTER SHORTAGE PAYMENT WAS MADE. MIS-APPLIED ESCROW**
**PAYMENTS TO PRINCIPAL FOR SEVERAL YEARS. ALL MADE IN CASHIERS CHECKS.**

**I MUST ADVISE OF PENDING FILING ON OCWEN & WELL'S FARGO FOR DOCUMENTS**
**RELATED TO 8/5/2009 MODIFICATION.   THIS IS NON-RELATED TO PREVIOUSLY CA. 7/6/2012**
**ACTION FILED.**

**ALL RELEVANT DOCUMENTS WAS FURNISHED FOR YOUR REVIEW VIA ELECTRONIC MAIL**
**& CERTIFIED MAIL SHOWN, IN ADDITION TO DOCKETS 1185,1026,1212,1233,1273.**

**OCWEN HAS RECOMMENDED TO TRANSFER AMOUNTS MISAPPLIED TO PRINCIPAL OF**
**ABOUT $1,200.00 DOLLARS, & I ADVISED NOT TO DO SO UNTIL SUCH TIME AS NOW WHEN I**
**CAN SHOW THE FINANCIAL HARDSHIP & INCREASED MONTHLY PAYMENT AMOUNTS TO**
**DATE.**

**ESCROW AMOUNTS WERE MISAPPLIED TO PRINCIPAL INSTEAD OF PREVENTING FOUR**
**YEARS OF INCREASED MONTHLY PAYMENTS.**

**DOCUMENTATION MAY BE OBTAINED FROM ESCROW ANALYSYS 8/5/2009 TO DATE**
**SUCH CAUSED INTOLERABLE FINANCIAL HARDSHIP.**
**THANK YOU.**
**JULIO PICHARDO**

HEARING HELD BEFORE JUDGE: GLENN MARTIN 8/24/12 ON, OF ARMS
HE ORDERED FILING PROOF OF CLAIM
#452 ASSIGNED



Residential Capital, LLC
c/o KCC
2335 Alaska Ave
El Segundo, CA 90245

**000170**

PRF # 59050***
Case No.: 12-12020
Svc: 3

PackID: 170
NameID: 11003433

Julio Pichardo
1201 E. Sudene Ave
Fullerton, CA 92831

# RESCAP                          MORRISON | FOERSTER

June 21, 2013

**Claim Number:** 452

Dear Claimant: Julio Pichardo

You are receiving this letter because you or someone on your behalf filed a Proof of Claim form in the
jointly-administered chapter 11 bankruptcy cases of Residential Capital, LLC ("ResCap"), GMAC
Mortgage, LLC and other affiliated debtors and debtors in possession (collectively, the "Debtors") pending
before the United States Bankruptcy Court for the Southern District of New York, Case No. 12-12020
(MG) (the "ResCap bankruptcy case"), and we need additional information from you regarding the claim(s)
("claim") you are asserting against the Debtors.

### The Information we Need From You Regarding Your Proof of Claim:

We reviewed a copy of the Proof of Claim form and documents that you filed in the ResCap bankruptcy
case. A copy of your Proof of Claim form is enclosed for your reference. According to our records, you
have filed a lawsuit against one or more of the Debtors. Please reply using the attached form and let us
know whether the basis for and amount of the claim contained in the Proof of Claim form are the same or
different in any way from the claim you have asserted in your lawsuit against the Debtors. Please ensure
that you provide specific detail and support as to the basis for and amount of claim referenced in your Proof
of Claim. If your lawsuit has been dismissed or withdrawn, please provide a specific explanation as to why
you believe that you are still owed money or entitled to other relief from one or more of the Debtors.

### You Must Respond to this Letter by no Later Than July 22, 2013:

In accordance with the Order of the Bankruptcy Court (Docket No. 3294, filed March 21, 2013), you **must**
respond to this letter by no later than July 22, 2013 with the requested information and an explanation
stating the legal and factual reasons why you believe you are owed money or are entitled to other relief
from one or more of the Debtors as of May 14, 2012 (the date the Debtors filed their bankruptcy cases).
You **must** also provide copies of any and all documentation that you believe supports the basis for and
amount of your claim. A form is included with this letter to assist you in responding to our request for
additional information.

### Consequences of Failing to Respond:

If you do not provide the requested information regarding the basis for and amount of your claim and the
supporting documentation by July 22, 2013, the Debtors may file a formal objection to your Proof of Claim
on one or more bases, including that you failed to provide sufficient information and documentation to
support your claim. If the Debtors file such an objection and it is successful, your claim may be disallowed
and permanently expunged. If your claim is disallowed and expunged, you will not receive any payment
for your claim and any other requests you may have made for non-monetary relief in your Proof of Claim
will be denied. Therefore, it is very important that you respond by the date stated above with the requested
information and documentation supporting the basis for and amount of your claim.

Residential Capital, LLC     P.O. Box 385220  Bloomington, Minnesota 55438

Claim Number: 452
Julio Pichardo
Type: POC

**For Those With a Mortgage Loan Originated or Serviced by One of the Debtors:**
If your claim relates to a mortgage loan that you believe was originated or serviced by one of the Debtors, please be sure to include the loan number and property address that the loan relates to in the information and any documentation that you send us, so that we can effectively search our records for information on your property and loan, and evaluate your claim.

**Questions:**
If you have any questions about this letter, or need help in providing the requested information and document(s), you should contact an attorney. You may also contact the Special Counsel to the Official Committee of Unsecured Creditors[1] with general questions (contact information provided below):

**SPECIAL COUNSEL TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS**
SILVERMANACAMPORA LLP
100 Jericho Quadrangle, Suite 300
Jericho, New York 11753
Telephone: 866-259-5217
Website: http://silvermanacampora.com
E-mail address: rescapborrower@silvermanacampora.com

**You must send the requested information and document(s) supporting your claim on or before the date provided in this letter to either:**

    **(i)**    **Claims.Management@gmacrescap.com; or**
    **(ii)**    **Residential Capital, LLC**
                **P.O. Box 385220**
                **Bloomington, Minnesota 55438**

**Please mark each document you send with the Claim Number referenced above.**

Sincerely,

Claims Management
Residential Capital, LLC

---

[1] Please be advised that SilvermanAcampora LLP does not represent you individually and, therefore, cannot provide you with legal advice.

Claim Number: 45
Julio Pichard
Type: PO

Claim #452  Date Filed: 9/4/2012

B 10 (Official Form 10) (12/11)

| UNITED STATES BANKRUPTCY COURT    Southern District of New York | PROOF OF CLAIM |
|---|---|

Name of Debtor:
**GMAC LLC 3451 HAMMOND AVE WATERLOO IA 50780**

Case Number:
**12-12020 –doc 1026**

**RECEIVED**
SEP 0 4 2012
KURTZMAN CARSON CONSULTANTS

NOTE: *Do not use this form to make a claim for an administrative expense that arises after the bankruptcy filing. You may file a request for payment of an administrative expense according to 11 U.S.C. § 503.*

Name of Creditor (the person or other entity to whom the debtor owes money or property):
**JULIO PICHARDO**

COURT USE ONLY

☐ Check this box if this claim amends a previously filed claim.

Name and address where notices should be sent:
**JULIO PICHARDO**
**1201 E. SUDENE AVE**
**FULLERTON CA, 92831**

Telephone number: **(714) 447-4207**  email: **rj7sam1@yahoo.com**

Court Claim Number: **00561642**
(If known)

Filed on: **07/06/2012**

Name and address where payment should be sent (if different from above):
**SAME AS ABOVE**

Telephone number:    email: **SAME**

☐ Check this box if you are aware that anyone else has filed a proof of claim relating to this claim. Attach copy of statement giving particulars.

1. Amount of Claim as of Date Case Filed:    $ **650,000.00**

If all or part of the claim is secured, complete item 4.

If all or part of the claim is entitled to priority, complete item 5.

☐ Check this box if the claim includes interest or other charges in addition to the principal amount of the claim. Attach a statement that itemizes interest or charges.

2. Basis for Claim: **COLLECTION PRACTICES – PERSONAL INJURY**
(See instruction #2)

3. Last four digits of any number by which creditor identifies debtor:  **7 3 7 4**

3a. Debtor may have scheduled account as:
**JULIO- ROCIO PICHARDO**
(See instruction #3a)

3b. Uniform Claim Identifier (optional):
(See instruction #3b)

4. Secured Claim (See instruction #4)
Check the appropriate box if the claim is secured by a lien on property or a right of setoff, attach required redacted documents, and provide the requested information.

Amount of arrearage and other charges, as of the time case was filed, included in secured claim, if any:
$

Nature of property or right of setoff: ☐Real Estate  ☐Motor Vehicle  ☐Other
Describe: **1201 E Sudene Ave Fullerton Ca, 92831**

Basis for perfection: _____

Value of Property: $ **245,000.00**

Amount of Secured Claim: $

Annual Interest Rate **1.000%** ☑Fixed  or  ☐Variable
(when case was filed)

Amount Unsecured: $

5. Amount of Claim Entitled to Priority under 11 U.S.C. § 507 (a). If any part of the claim falls into one of the following categories, check the box specifying the priority and state the amount.

☐ Domestic support obligations under 11 U.S.C. § 507 (a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before the case was filed or the debtor's business ceased, whichever is earlier – 11 U.S.C. § 507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. § 507 (a)(5).

Amount entitled to priority:
$

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. § 507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. § 507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. § 507 (a)(__).

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.

6. Credits. The amount of all payments on this claim has been credited for the purpose

B 10 (Official Form 10) (12/11)                                                                                                2

7. **Documents:** Attached are redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. If the claim is secured, box 4 has been completed, and redacted copies of documents providing evidence of perfection of a security interest are attached. *(See instruction #7, and the definition of "redacted".)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**RECEIVED**
SEP 0 4 2012
KURTZMAN CARSON CONSULTANTS

8. **Signature:** (See instruction #8)

Check the appropriate box.

☑ I am the creditor.  ☐ I am the creditor's authorized agent. (Attach copy of power of attorney, if any.)  ☐ I am the trustee, or the debtor, or their authorized agent. (See Bankruptcy Rule 3004.)  ☐ I am a guarantor, surety, indorser, or other codebtor. (See Bankruptcy Rule 3005.)

I declare under penalty of perjury that the information provided in this claim is true and correct to the best of my knowledge, information, and reasonable belief.

Print Name:   JULIO PICHARDO
Title:   self
Company:   n/a
Address and telephone number (if different from notice address above):
   1201 E SUDENE AVE
   FULLERTON CA 92831

_Julio Richards_  (Signature)     8/16/12 (Date)

Telephone number: (714) 447-4207    email: rj7sam1@yahoo.com

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

---

**INSTRUCTIONS FOR PROOF OF CLAIM FORM**

*The instructions and definitions below are general explanations of the law. In certain circumstances, such as bankruptcy cases not filed voluntarily by the debtor, exceptions to these general rules may apply.*

**Items to be completed in Proof of Claim form**

**Court, Name of Debtor, and Case Number:**
Fill in the federal judicial district in which the bankruptcy case was filed (for example, Central District of California), the debtor's full name, and the case number. If the creditor received a notice of the case from the bankruptcy court, all of this information is at the top of the notice.

**Creditor's Name and Address:**
Fill in the name of the person or entity asserting a claim and the name and address of the person who should receive notices issued during the bankruptcy case. A separate space is provided for the payment address if it differs from the notice address. The creditor has a continuing obligation to keep the court informed of its current address. See Federal Rule of Bankruptcy Procedure (FRBP) 2002(g).

**1. Amount of Claim as of Date Case Filed:**
State the total amount owed to the creditor on the date of the bankruptcy filing. Follow the instructions concerning whether to complete items 4 and 5. Check the box if interest or other charges are included in the claim.

**2. Basis for Claim:**
State the type of debt or how it was incurred. Examples include goods sold, money loaned, services performed, personal injury/wrongful death, car loan, mortgage note, and credit card. If the claim is based on delivering health care goods or services, limit the disclosure of the goods or services so as to avoid embarrassment or the disclosure of confidential health care information. You may be required to provide additional disclosure if an interested party objects to the claim.

**3. Last Four Digits of Any Number by Which Creditor Identifies Debtor:**
State only the last four digits of the debtor's account or other number used by the creditor to identify the debtor.

**3a. Debtor May Have Scheduled Account As:**
Report a change in the creditor's name, a transferred claim, or any other information that clarifies a difference between this proof of claim and the claim as scheduled by the debtor.

**3b. Uniform Claim Identifier:**
If you use a uniform claim identifier, you may report it here. A uniform claim identifier is an optional 24-character identifier that certain large creditors use to facilitate electronic payment in chapter 13 cases.

**4. Secured Claim:**
Check the box where the claim is fully or partially secured. Skip this section if the claim is entirely unsecured. (See Definitions.) If the claim is secured, check the box for the nature and value of property that secures the claim, attach copies of lien documentation, and state, as of the date of the bankruptcy filing, the annual interest rate (and whether it is fixed or variable), and the amount past due on the claim.

**5. Amount of Claim Entitled to Priority Under 11 U.S.C. § 507 (a).**
If any portion of the claim falls into any category shown, check the appropriate box(es) and state the amount entitled to priority. (See Definitions.) A claim may be partly priority and partly non-priority. For example, in some of the categories, the law limits the amount entitled to priority.

**6. Credits:**
An authorized signature on this proof of claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

**7. Documents:**
Attach redacted copies of any documents that show the debt exists and a lien secures the debt. You must also attach copies of documents that evidence perfection of any security interest. You may also attach a summary in addition to the documents themselves. FRBP 3001(c) and (d). If the claim is based on delivering health care goods or services, limit disclosing confidential health care information. Do not send original documents, as attachments may be destroyed after scanning.

**8. Date and Signature:**
The individual completing this proof of claim must sign and date it. FRBP 9011. If the claim is filed electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what constitutes a signature. If you sign this form, you declare under penalty of perjury that the information provided is true and correct to the best of your knowledge, information, and reasonable belief. Your signature is also a certification that the claim meets the requirements of FRBP 9011(b). Whether the claim is filed electronically or in person, if your name is on the signature line, you are responsible for the declaration. Print the name and title, if any, of the creditor or other person authorized to file this claim. State the filer's address and telephone number if it differs from the address given on the top of the form for purposes of receiving notices. If the claim is filed by an authorized agent, attach a complete copy of any power of attorney, and provide both the name of the individual filing the claim and the name of the agent. If the authorized agent is a servicer, identify the corporate servicer as the company. Criminal penalties apply for making a false statement on a proof of claim.

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Amid T. Bahadori (242351)<br>Bryan M. Thomas (238409)<br>2 Park Plaza, Suite 450<br>Irvine, CA 92614 | **FILED**<br>SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF ORANGE<br>CENTRAL JUSTICE CENTER |

TELEPHONE NO.: 9499548164    FAX NO.: 9499548163

ATTORNEY FOR *(Name):* Julio Pichardo

**JUL 06 2012**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Orange

STREET ADDRESS: 700 W. Civic Center Dr.

ALAN CARLSON, Clerk of the Court

MAILING ADDRESS:

CITY AND ZIP CODE: Santa Ana, 92701

BRANCH NAME: Central Justice Center

CASE NAME:

Julio Pichardo v. GMAC Mortgage, Inc., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **30-2012** |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **00581642**<br>JUDGE:<br>DEPT: ~~JUDGE ROBERT J MOSS~~<br>DEPT C23 |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [✓] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   - a. [ ] Large number of separately represented parties
   - b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   - c. [ ] Substantial amount of documentary evidence
   - d. [ ] Large number of witnesses
   - e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   - f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[✓] monetary  b.[ ] nonmonetary; declaratory or injunctive relief  c.[✓] punitive
4. Number of causes of action *(specify):* 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 7/5/12

Amid T. Bahadori
(TYPE OR PRINT NAME)                                        (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

**CIVIL CASE COVER SHEET**
Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

JUL 06 2012

ALAN CARLSON, Clerk of the Court

1  AMID T. BAHADORI (SBN 242351)
   BRYAN M. THOMAS (SBN 238409)
2  **BAHADORI & THOMAS, LLP**
   2 Park Plaza, Suite 450
3  Irvine, CA 92612
   Tel: (949) 954-8164
4  Fax: (949) 954-8163

5

6  Attorneys for Plaintiff JULIO PICHARDO

7

8            **SUPERIOR COURT OF STATE OF CALIFORNIA**

9        **COUNTY OF ORANGE, CENTRAL JUSTICE CENTER**  **30-2012**

10

11  JULIO PICHARDO,                    | CASE NO:

12              Plaintiff             |                    **0 0 5 8 1 6 4 2**

            vs.                        | **COMPLAINT FOR:**

13                                      | 1. **VIOLATION OF THE FAIR DEBT**
                                           **COLLECTIONS PRACTICE ACT**
14  GMAC MORTGAGE; DOES 1 to 10,       | 2. **NEGLIGENT**
                                           **MISREPRESENTATION**
15          Defendants                 | 3. **VIOLATION OF BUSINESS AND**
16                                         **PROFESSIONS CODE SECTION**
                                           **17200**
17                                      | 4. **VIOLATION OF BUSINESS AND**
                                           **PROFESSIONS CODE SECTION**
18                                         **17500**

19                                           JUDGE ROBERT J. MOSS

20                                              DEPT C23

21                              **I.**

22                    **GENERAL ALLEGATIONS**

23      COMES NOW Plaintiff, JULIO PICHARDO (hereinafter "Plaintiff"), who by reason of

24  the following causes of action against the above-captioned defendants, and each of them, alleges

25  as follows:

26                              **II.**

27                 **JURISDICTIONAL ALLEGATIONS**

28

                                    1
                              COMPLAINT

1    1.    .    Plaintiff, JULIO PICHARDO is a resident of the State of California and owns the

2    property located at 1201 East Sudene Avenue, Fullerton, CA 92831.

3    2.    Defendant GMAC MORTGAGE (hereinafter "GMAC") is a residential lending

4    and serving business, conducting business in the State of California, including in the County of

5    Orange.

6    3.    The acts, occurrences, omissions, events and transactions which give rise to this

7    complaint primarily occurred in the County of Orange, California.  The sum total of all claims

8    meets the jurisdictional limits of the above-captioned court.

9    4.    Plaintiff is ignorant of the true names and capacities of defendants sued herein as

10    DOES 1-10 inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff will

11    amend this Complaint to allege their true names and capacities when ascertained.  Defendants

12    are responsible in some manner for the occurrences herein alleged, and that plaintiff's damages

13    as herein alleged were proximately caused by their conduct.

14    **III.**

15    **FACTS COMMON TO ALL CAUSES OF ACTION**

16    5.    Plaintiff acquired the real Property located at 1201 East Sudene Avenue,

17    Fullerton, CA 92831 in 1991.

18    6.    In approximately 1998, Plaintiff refinanced his mortgage.

19    7.    In August of 2009, Plaintiff was granted a loan modification for the subject

20    Property.

21    8.    From the outset of GMAC's involvement with Plaintiff, they have claimed that

22    the loan was in default.

23    9.    Thereafter, Plaintiff continued to make his regular monthly mortgage payments to

24    GMAC.

25    10.    Beginning soon after the loan modification was granted and continuing through

26    2012, Plaintiff has received numerous threatening phone calls from agents and employees of

27    Defendant GMAC. During each and every phone call, Plaintiff was told that his mortgage was in

28    default and that GMAC would begin foreclosing on the property.

11.    Plaintiff responded each and every time that his loan was current and that he had already made the payments which GMAC identified as being past due.

12.    Each and every time, GMAC responded by repeating that his loan was past due and by using verbally abusive language, including threats of criminal liability and obscene and profane language.

13.    The phone calls made by Defendant GMAC contained numerous false and misleading representations about the character, amount and legal status of the debt owed to Defendant GMAC.

14.    Plaintiff often received numerous phone calls throughout 2011 and 2012, the intent of which was to engage Plaintiff on the phone repeatedly and continuously to annoy, harass and abuse Plaintiff.

15.    Plaintiff is informed and believes that each and every phone call from Defendant GMAC was done by an agent and employee of GMAC.

16.    Plaintiff attempted to ascertain the names and identification of the persons responsible for the phone calls but was unable to do so because the person or persons responsible for the calls would only identify themselves as being employees of GMAC.

17.    The conduct of Defendant GMAC in harassing Plaintiff in an effort to collect this debt by repeatedly engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous provisions of the Fair Debt Collections Practices Act, including, but not limited to, 15 U.S.C. sections 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10 and 1692f.

18.    As a result of the above-described conduct, Plaintiff has suffered, and continued to suffer from severe emotional distress. Plaintiff has been hospitalized numerous times and has incurred substantial medical bills as a result of the harassing conduct of Defendant GMAC.

### FIRST CAUSE OF ACTION
#### (Violation of the Fair Debt Collection Practices Act)

19.    Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

20.    Plaintiff has received numerous threatening phone calls from agents and employees of Defendant GMAC. During each and every phone call, Plaintiff was told that his mortgage was in default and that GMAC would begin foreclosing on the property.

21.    Plaintiff responded each and every time that his loan was current and that he had already made the payments which GMAC identified as being past due.

22.    Each and every time, GMAC responded by repeating that his loan was past due and by using verbally abusive language, including threats of criminal liability and obscene and profane language.

23.    The phone calls made by Defendant GMAC contained numerous false and misleading representations about the character, amount and legal status of the debt owed to Defendant GMAC.

24.    Plaintiff often received numerous phone calls throughout 2011 and 2012, the the intent of which was to engage Plaintiff on the phone repeatedly and continuously to annoy, harass and abuse Plaintiff.

25.    Plaintiff is informed and believes that each and every phone call from Defendant GMAC was done by an agent and employee of GMAC.

26.    Plaintiff attempted to ascertain the names and identification of the persons responsible for the phone calls but was unable to do so because the person or persons responsible for the calls would only identify themselves as being employees of GMAC.

27.    The conduct of Defendant GMAC in harassing Plaintiff in an effort to collect this debt by repeatedly engaging Plaintiff in phone calls and verbally abusing Plaintiff was a violation of numerous provisions of the Fair Debt Collections Practices Act, including, but not limited to, 15 U.S.C. sections 1692d, 1692e, 1692e(5), 1692e(7), 1692e(10 and 1692f.

28.    As a result of the above-described conduct, Plaintiff has suffered, and continued to suffer from severe emotional distress. Plaintiff has been hospitalized numerous times and has incurred substantial medical bills as a result of the harassing conduct of Defendant GMAC.

/ / /

/ / /

## SECOND CAUSE OF ACTION
### (Negligent Misrepresentation)

29.    Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

30.    Defendant GMAC, through its agents and employees, represented to Plaintiff that his loan was in default and made numerous other false and misleading representations about the character, amount and legal status of the debt owed to Defendant GMAC.

31.    These representations were false.

32.    Defendant, through its agents and employees, made these representations to Plaintiff either knowing they were false, or with reckless disregard for the truth.

33.    Defendant intended Plaintiff to rely on these representations.

34.    Plaintiff reasonably relied on these representations. Plaintiff's health deteriorated quickly upon learning that his loan was in default. Plaintiff believed Defendant's threats of criminal liability and feared for his own safety and for the loss of his home.

35.    Plaintiff was and continues to be harmed in a monetary amount to be proven at trial.

36.    Plaintiff's reliance upon the above described representations by the herein named defendant was a substantial factor in causing his harm.

37.    The acts of Defendant were willful, wanton, malicious and oppressive, and thus justify the awarding of exemplary and punitive damages.

## THIRD CAUSE OF ACTION

### (Violation of Bus. & Prof. Code Section 17200)

38.    Plaintiff herein repeats and incorporates each of the preceding paragraphs above as though fully set forth.

39.    Defendant GMAC has violated and continues to violate Business and Professions Code section 17200 by engaging in unlawful, unfair and fraudulent business practices. Specifically, Defendant, through its agents and employees, falsely informed Plaintiff that his

1   loan was in default and that he was subject to foreclosure and criminal liability if he did not

2   make additional payments which were not due.

3       40. Defendant GMAC's action and representations, which were made with intent to

4   induce Plaintiff's reliance, constitute unfair and unlawful business practices under California

5   law.

6                               **FOURTH CAUSE OF ACTION**

7                       **(Violation of Bus. & Prof. Code Section 17500)**

8       41.    Plaintiff herein repeats and incorporates each of the preceding paragraphs above

9   as though fully set forth.

10      42.    Defendant has violated and continue to violate Business and Professions Code

11  section 17500 by making or disseminating untrue or misleading statements, or by causing untrue

12  or misleading statements to be made or disseminated, in or from California. These untrue and

13  misleading statements include but are not limited to:

14
15          a.      Throughout 2011 and 2012, Plaintiff received numerous threatening phone

16  calls from agents and employees of Defendant GMAC. During each and every phone call,

17  Plaintiff was told that his mortgage was in default and that GMAC would begin foreclosing on

18  the property.

19          b.      GMAC told Plaintiff on numerous occasions that his loan was past due

20  and that he would be subject to criminal liability if he did not make additional payments.

21      43.    Defendant GMAC knew, or by the exercise of reasonable care should have

22  known, that these statements were untrue or misleading at the time they were made.

23                              **PRAYER FOR RELIEF**

24      WHEREFORE, Plaintiff prays for judgment against defendants, and each of them, as

25  follows:

26      1. For actual, compensatory and/or consequential damages in amounts according to

27  proof at trial;

28      2. For restitution;

        3. For punitive damages;

                                        6
                                   COMPLAINT

4. For costs of suit;

5. For attorneys fees where permitted by law;

6. For such other and further relief as this Court deems just and proper.

Dated: June 20, 2012                 **BAHADORI & THOMAS, LLP**

                                     By:_____
                                     **AMID T. BAHADORI**
                                     **BRYAN M. THOMAS**
                                     **Attorneys for Plaintiff**

7
COMPLAINT

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

## CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
Damage/Wrongful Death
Uninsured Motorist (46) *(if the
case involves an uninsured
motorist claim subject to
arbitration, check this item
instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/
Wrongful Death
Product Liability *(not asbestos or
toxic/environmental)* (24)
Medical Malpractice (45)
Medical Malpractice–
Physicians & Surgeons
Other Professional Health Care
Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip
and fall)
Intentional Bodily Injury/PD/WD
(e.g., assault, vandalism)
Intentional Infliction of
Emotional Distress
Negligent Infliction of
Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
Practice (07)
Civil Rights (e.g., discrimination,
false arrest) *(not civil
harassment)* (08)
Defamation (e.g., slander, libel)
(13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice
*(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease
Contract *(not unlawful detainer
or wrongful eviction)*
Contract/Warranty Breach–Seller
Plaintiff *(not fraud or negligence)*
Negligent Breach of Contract/
Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open
book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections
Case
Insurance Coverage *(not provisionally
complex)* (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property *(not eminent
domain, landlord/tenant, or
foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
drugs, check this item; otherwise,
report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court
Case Matter
Writ–Other Limited Court Case
Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor
Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
*(arising from provisionally complex
case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of
County)
Confession of Judgment *(non-
domestic relations)*
Sister State Judgment
Administrative Agency Award
*(not unpaid taxes)*
Petition/Certification of Entry of
Judgment on Unpaid Taxes
Other Enforcement of Judgment
Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
above)* (42)
Declaratory Relief Only
Injunctive Relief Only *(non-
harassment)*
Mechanics Lien
Other Commercial Complaint
Case *(non-tort/non-complex)*
Other Civil Complaint
*(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
Governance (21)
Other Petition *(not specified
above)* (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult
Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late
Claim
Other Civil Petition

ntiff/petitioner: _____JULIO PICHARDO_____          bankruptcy case number ___12-12020  DOC# 1026___

endant/ respondent: ____GMAC DOES 1 TO 10___

# *PROOF OF SERVICE SUMMONS*

he time of service I was a citizen of the United States, at least 18 years of age.
rved proof of service to person authorized to receive it described herein.

TE OF HEARING:  AUGUST 29TH AT 10:00 AM

ACE OF HEARING:  AT NEW YORK SOUTHERN DISTRICT BANKRUPTCY COURT
JE BOWLING GREEN NEW YORK, N.Y. 10004-1408

DGE GLENN    COURT 501  CASE 12-12020 -- DOC# 1026

aring held for: relief from automatic stay

         By mail acknowledgment:  I mailed documents via confirmation of mailing to defendant to:
10 N. GATEWAY OAKS DR. STE 150  SACRAMENTO CA. 95833

son served: CSC - BECKY DEGEORGE - person authorized service of process

te mail sent: August 9th 2012

rved on behalf of:  GMAC MORTGAGE  DOES 1 TO 10

rved by confirmation of mailings by: ROCIO PICHARDO
                Address: 1201 E. Sudene Ave Fullerton Ca. 92831

lecclare under penalty of perjury under the laws of the united state of America that the foregoing is true and correct

ume of person who served papers: ROCIO PICHARDO          SIGNATURE____Rocio Pichardo____

S. Postal Service
ERTIFIED MAIL  RECEIPT
mestic Mail Only; No Insurance Coverage Provided)

delivery information visit our website at www.usps.com

OFFICIAL USE

| | | | |
|---|---|---|---|
| Postage | $ | $0.45 | |
| Certified Fee | | $2.95 | |
| Return Receipt Fee<br>ement Required) | | $0.00 | |
| ricted Delivery Fee<br>ement Required) | | $0.00 | |
| al Postage & Fees | $ | $3.40 | 08/09/2012 |

MC / BECKY DeGeORGE

www.credit.org

# Springboard

## Client Action Plan

October 23, 2012

| | | |
|---|---|---|
| Julio Pichardo | ID # | 17429539 |
| 1201 E. Sudnen Ave | Lender | GMAC Mortgage |
| Fullerton, CA 92831 | Loan # | ▉299 |

Julio,

Your monthly expenses are exceeding your monthly fixed income you are receiving of $934. You stated this was caused by the increase cost of living and the permanent disability benefits of not being adjusted accordingly. To try to solve your financial situation you have called some of your credit cards to try to reduce the monthly payments. You have also had to borrow money from your relatives about $4000 in the past 12 months to keep your mortgage account current. You mention you increase your credit card debts to cover some living expenses and this caused you to have high monthly credit card payments. You have not filed tax returns in the past 20 years. You stated your wife is also on a fixed income and receiving social security benefits of $233 monthly and that has remained the same. Your goal is to keep your home, lower your monthly mortgage payment, and reduced your principal amount through the HAMP loan modification.

My recommendation to you is to apply for a HAFA short sale program to avoid foreclosure. Short sale option is sometimes known as Pre-foreclosure sale; where the homeowner sells the home for less than what is owed on the mortgage.

On October 23, 2012 you called in expressing concern about modification violation with the mortgage servicer GMAC in regards to principle reduction on the loan. You stated you received documents in June 2009 approving a modification plan, which reduced the principle from $188,000 to $63,000 and interest rate lower to 1%. You stated the modification was for 24 years, which you had agreed to accept. You stated in September 2009 you received a second set of modification documents, along with foreclosure notices and short sale option. You stated you received a third set of documents in October 2009 again with foreclosure notice and short sale option and a fourth set of modification documents in November 2009, with foreclosure notice and short sale option but also you had noticed they inserted a balloon payment of $120,000 as deferred principle balance to be paid at the end of the loan modification term.

You stated you would not be able to pay the balloon payment because you are on a fixed income receiving $900 disability benefits and your spouse is also disabled. You stated you contacted the mortgage servicer to ask why you were receiving additional sets of modification documents and was informed an error was made and that they needed the original documents and not copies of the modification plan. You stated when you had received the documents in November 2009 you were in the hospital and under medication, and were not aware of the changes made on the modification plan. You stated the first set of documents did not include the balloon payment and the last set of documents included the amount of balloon payment at the end of the modification plan. You stated the mortgage servicer had continuously contacted you with threats to foreclosed along with the notices and you have never been late on the mortgage in the past 12 years. You stated you had contacted the attorney general office informing them of of the situation and you spoke with a representative with the US Treasury department. You stated you have been advised to contact Springboard for further assistance. You also stated that you had contacted a legal office regarding the situation.

A conference call was placed to GMAC to obtain the status of the modification that was completed indicating

1

TO: JULIO PICHARDO                                FROM: CLARISSA CO

12-12020-mg    Doc 8676-26    Filed 06/01/15    Entered 06/01/15 17:43:47    Exhibit W to
12-12020-mg    Doc 3447    Filed 04/16/13    Entered 04/16/13 10:46:03    Main Document
Exhibit 13    Pg 20 of 42
Pg 1 of 8

Hearing Date: To Be Scheduled Only If Required by the Court

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Erica J. Richards

*Counsel for the Debtors and*
*Debtors in Possession*

## UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

## DEBTORS' RESPONSE TO LETTERS
## FILED BY JULIO PICHARDO [DOCKET NOS. 3241, 3346]

Residential Capital, LLC ("**ResCap**") and its affiliated debtors and debtors in possession
in the above-captioned Chapter 11 cases (collectively, the "**Debtors**") hereby submit this
response (the "**Response**") to the *"Objection of Sale for Free & Clear Proceeds"* [Docket
No. 3241] (the "**First Letter**"), filed on March 15, 2013 by *pro se* movant Julio Pichardo ("**Mr.
Pichardo**") and the *"Request for Order to Be Entered to GMAC/Ocwen to Subordinate to
Document Shown on Docket #3241"* [Docket No. 3346] (the "**Second Letter**" and, together with
the First Letter, the "**Letters**"), filed on March 22, 2013 by Mr. Pichardo.

ny-1082772

TO: JULIO PICHARDO                                    FROM: CLARISSA CO

12-12020-mg    Doc 8676-26    Filed 06/01/15    Entered 06/01/15 17:43:47    Exhibit W to
12-12020-mg    Doc 3447    Filed 04/16/13    Entered 04/16/13 10:46:03    Main Document
Exhibit W
Pg 21 of 42
Pg 2 of 8

## I.    PRELIMINARY STATEMENT

1.    By the First Letter, Mr. Pichardo purports to object to the sale of the Debtors' mortgage loan servicing platform to Ocwen Loan Servicing, LLC ("Ocwen") pursuant to Bankruptcy Code section 363. Putting aside the fact that the deadline to object to the sale is well past, Mr. Pichardo appears to take issue with the fact that he has not been provided assurances that Ocwen is assuming liability for the proof of claim filed by Mr. Pichardo against the Debtors' estates. Mr. Pichardo also raises various concerns regarding the servicing of his mortgage loan, which was transferred to Ocwen as of February 15, 2013. Finally, by the Second Letter, Mr. Pichardo appears to be asserting that there is an inconsistency between the terms of his note and security deed, on the one hand, and his loan modification on the other, and seeks to have this Court enter an order reconciling such inconsistency.

2.    The Debtors, through their own counsel and with the assistance of Silverman Acampora LLP ("**Silverman Acampora**") as special counsel to the official committee of unsecured creditors (the "**Creditors' Committee**") for borrower issues, have endeavored on numerous occasions, both via e-mail and telephonically, to understand and respond to Mr. Pichardo's inquiries and concerns, as the attachments to Mr. Pichardo's First Letter attest. Among other things, the Debtors have referred Mr. Pichardo to Ocwen in connection with any servicing questions following the transfer of servicing of Mr. Pichardo's mortgage loan to Ocwen, and confirmed that Mr. Pichardo's proof of claim against the Debtors is unaffected by the sale to Ocwen and will be addressed in the ordinary course through the claims reconciliation process.

3.    Despite extensive efforts by both Debtors' counsel and Silverman Acampora to be responsive and to educate Mr. Pichardo about the bankruptcy process, Mr. Pichardo remains unsatisfied. Although the precise nature of his claims is somewhat unclear, they seem to stem

from a fundamental misunderstanding of the claims process. The Debtors, both directly and through their counsel, have also investigated each of Mr. Pichardo's allegations, including reviewing a loan file and fact package that dates back to 2004 and runs to many hundreds of pages. Based on that review, the Debtors have determined that the allegations raised by Mr. Pichardo in the Letters appear to be baseless and/or the product of Mr. Pichardo's repeated failure to understand the explanations that the Debtors have previously provided to him. In fact, Mr. Pichardo's allegations of servicer misconduct are contradicted by the fact that Mr. Pichardo successfully obtained a loan modification in December 2009, and, as of the date that servicing was transferred to Ocwen, was current on his payments under the modified mortgage loan.[1]

4.    In any event, Mr. Pichardo's Letters fail to state a cognizable claim for relief. To the extent there was any mishandling of the servicing of Mr. Pichardo's loan (a fact the Debtors dispute) that may give rise to a claim for damages, Mr. Pichardo has filed a proof of claim against the Debtors' estates, and that claim will be addressed in the ordinary course. To the extent Mr. Pichardo has complaints or concerns regarding the current servicing of his loan, or disputes the terms of his mortgage documents, those issues must be raised with Ocwen as the successor servicer. To the extent Mr. Pichardo is seeking reformation or modification of the documents governing his loan, the Debtors respectfully assert that the power to grant such relief is not within this Court's jurisdiction. Accordingly, any request for relief within the Letters should be overruled.

---

[1]    See Campbell Declaration filed in support of *Debtors' Objection To Motion For Relief From The Automatic Stay Filed By Julio Pichardo [Docket Nos. 1026 And 1212]* [Docket No. 1233] (the "**Objection to Stay Relief**"), at ¶ 6.

## II.    BACKGROUND

### A.    General Chapter 11 Case Background

5.    On the Petition Date, each of the Debtors filed a voluntary petition in this Court
for relief under Chapter 11 of the Bankruptcy Code.  The Debtors are managing and operating
their businesses as debtors in possession pursuant to Bankruptcy Code sections 1107(a) and
1108.  These cases are being jointly administered pursuant to Rule 1015(b) of the Federal Rules
of Bankruptcy Procedure.  No trustee has been appointed in the Chapter 11 Cases.

6.    On May 16, 2012, the United States Trustee for the Southern District of New
York appointed the nine member Creditors' Committee.

7.    On September 14, 2012, the Debtors filed a notice of public auction and sale
hearing in connection with the proposed sale of their servicing and origination platform (the
"**Platform Assets**"), which set October 29, 2012 the deadline to file an objection to the sale.[2]
Due to the closure of the Court on October 29, 30 and 31, 2012, that deadline was extended by
operation of Rule 9006(a)(3)(A) of the Federal Rules of Bankruptcy Procedure to November 1,
2012.

8.    On October 23, 2012 and October 24, 2012, the Debtors successfully conducted
an auction for the sale of the Platform Assets to Ocwen.

9.    At a hearing held on November 19, 2012, the Court approved the Debtors' motion
to sell the Platform Assets to Ocwen[3] on the record.  On November 21, 2012, the Court entered

---

[2]    *Amended Notice Of Public Auctions And Sale Hearing To Sell Certain Of Debtors' Assets Pursuant To Asset
Purchase Agreements With Nationstar Mortgage LLC And Berkshire Hathaway Inc. And Related Relief And
Dates* [Docket No. 1446]

[3]    *Debtors' Motion Pursuant to 11 U.S.C. §§ 105, 363(b), (f) and (m), 365 and 1123 and Fed R. Bankr. P. 2002,
6004, 6006 and 9014 for Order: (A)(I) Authorizing and Approving Sale Procedures, Including Break-Up Fee
and Expense Reimbursement; (II) Scheduling Bid Hearing and Sale Deadline; (III) Approving Form and
Manner of Notice Thereof and (IV) Granting Related Relief and (B)(I) Authorizing the Sale of Certain Assets
Free and Clear of Liens, Claims, Encumbrances, and Other Interests; (II) Authorizing and Approving Asset*

To: JULIO PICHARDO          From: CLARISSA CO

12-12020-mg    Doc 8676-26    Filed 06/01/15    Entered 06/01/15 17:43:47    Exhibit W to
12-12020-mg    Doc 3447    Filed 04/16/13    Entered 04/16/13 10:46:03    Main Document
Exhibit 2    Pg 24 of 42
Pg 5 of 8

an order approving the sale to Ocwen (the "**Ocwen Sale**") [Docket No. 2246] (the "**Ocwen Sale Order**").

10.    On November 30, 2012, the Court entered an order approving the retention of SilvermanAcampora as special counsel to the Creditors' Committee [Dkt. No. 2315].

11.    The Ocwen Sale closed on February 15, 2013.

**B.    Events Giving Rise to the Letters**

12.    As of the Petition Date, Mr. Pichardo was a borrower under a mortgage loan serviced by Debtor GMAC Mortgage, LLC ("**GMAC Mortgage**").[4] Following the closing of the Ocwen Sale on February 15, 2013, servicing of Mr. Pichardo's loan was transferred to Ocwen.

13.    On July 6, 2012, without leave of this Court, Mr. Pichardo, represented by counsel, commenced an action against Debtor GMAC Mortgage in the Superior Court of California, captioned _Julio Pichardo v. GMAC Mortgage; Does 1 to 10_, Case No. CIV581642 (Ca. Sup.) (the "**California Action**"). The California Action sought the imposition of monetary damages against GMAC Mortgage.

14.    On July 30, 2012, the Debtors caused a notice of bankruptcy and suggestion of automatic stay to be served on Mr. Pichardo's counsel in the California Action.

15.    On August 6, 2012, Mr. Pichardo, appearing _pro se_, filed a letter requesting relief from the automatic stay [Docket No. 1026] (the "**Letter Request**"), as amended and supplemented by Mr. Pichardo's motion for relief from stay filed on August 17, 2012 (the

_Purchase Agreements Thereto; (III) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases Related Thereto; and (IV) Granting Related Relief (the "Sale Motion") [Docket No. 61]._

[4]    See Campbell Declaration in support of Objection to Stay Relief, at ¶ 6.

ny-1082772                                    5

"**Supplement**" and, together with the Letter Request, the "**Motion for Stay Relief**"), pursuant to which Mr. Pichardo sought relief from the automatic stay to proceed with the California Action.

16.    The Debtors filed the Objection to Stay Relief opposing the Motion for Stay Relief and, following a hearing held on August 29, 2012, the Court entered an order denying the Motion for Stay Relief [Docket No. 1307] (the "**Order Denying Stay Relief**"). Among other things, the Order Denying Stay Relief states that "Pichardo may file a proof of claim in these cases and pursue recovery through the claims allowance process." *Order Denying Stay Relief* at 2.

17.    On September 4, 2012, Mr. Pichardo filed a proof of claim against the Debtors' estates, which was assigned Claim Number 452 (the "**Proof of Claim**").

18.    Beginning in February 2013, Mr. Pichardo initiated contact with Debtors' counsel via e-mail and telephone raising various concerns regarding, among other things, the impact of the Ocwen Sale on his Proof of Claim, as well as various allegations regarding ongoing servicing errors with respect to Mr. Pichardo's mortgage loan.

19.    At Mr. Pichardo's prompting, Debtors' counsel obtained and reviewed copies of Mr. Pichardo's entire loan file and payment history from the Debtors. In addition, at the request of the Debtors, SilvermanAcampora reached out to Mr. Pichardo to discuss his concerns. Following a review of Mr. Pichardo's loan files, as well as of various materials forwarded by Mr. Pichardo, Debtors' counsel confirmed that, as was the case in August 2012 when Mr. Pichardo filed the Motion for Stay Relief, Mr. Pichardo remained current on his loan through the date that servicing of his loan was transferred to Ocwen, and no foreclosure proceedings were pending.

20.    Debtors' counsel notified Mr. Pichardo of this fact, reiterated that his Proof of Claim would be addressed in the ordinary course as part of the claims reconciliation process, and

TO: JULIO PICHARDO                                           FROM: CLARISSA US

12-12020-mg     Doc 8676-26     Filed 06/01/15     Entered 06/01/15 17:43:47     Exhibit W to
12-12020-mg     Doc 3447     Filed 04/16/13     Entered 04/16/13 10:46:03     Main Document
Pg 7 of 8

indicated that future inquiries regarding the servicing of Mr. Pichardo's loan should be directed to Ocwen.

21.     On March 15, 2013, the First Letter was docketed and assigned Docket Number 3241.

22.     On March 22, 2013, the Second Letter was docketed and assigned Docket Number 3346.

## III.   OBJECTION

23.     It is well established that *pro se* papers are to be held "to less stringent standards than formal pleadings drafted by lawyers." See Haines v. Kerner, 404 U.S. 519, 520 (1972). See also Satchell v. Dilworth, 745 F.2d 781, 785 (2d Cir. 1984) (instructing that "a pro se litigant should be afforded every reasonable opportunity to demonstrate that he [or she] has a valid claim"). Even under this flexible standard, however, Mr. Pichardo's Letters fail to state a claim upon which relief can be granted and should be overruled.

24.     As an initial matter, the November 1, 2012 deadline to object to the Ocwen Sale expired months ago. The Ocwen Sale was approved by this Court following an extensive evidentiary hearing in November, and has already closed. On that basis alone, to the extent the Letters constitute an objection to the Ocwen Sale, they should be overruled.

25.     Furthermore, even if Mr. Pichardo's objection to the sale was timely, it lacks merit. Mr. Pichardo seems to contend that Ocwen should assume liability for his Proof of Claim. As the Debtors have repeatedly attempted to explain to Mr. Pichardo, there is no basis for this position under the Bankruptcy Code or under the Ocwen Sale Order.[5] Rather, the Proof of Claim

---

[5]   See Ocwen Sale Order, ¶ O (providing that the "transfer of the Purchased Assets to [Ocwen] will be . . . free and clear of all Interests, including . . . Claims or Liabilities relating to any act or omission of any originator, holder or servicer of Mortgage Loans prior to the Closing Date. . . ")

is a claim against the Debtors, and will be addressed in the ordinary course as part of the claims

reconciliation process. To the extent Mr. Pichardo's Letters are deemed to encompass a request

for some additional form of relief, including relief relating to any allegations regarding errors in

the current servicing of his loan or errors in the loan documents themselves, those concerns are

properly addressed to Ocwen as the successor servicer.

26.     As set forth above, Mr. Pichardo has failed to adequately articulate the nature of

the relief he is seeking, much less establish any facts or authority demonstrating that he is

entitled to such relief. Accordingly, the Court should overrule any request for relief in the

Letters.

## IV.     CONCLUSION

WHEREFORE, for the foregoing reasons, the Debtors request that the Court enter an

Order overruling any request for relief set forth in the Letters, and grant such other relief as the

Court deems proper.

New York, New York           /s/ Norman S. Rosenbaum
Dated: April 16, 2013        Gary S. Lee
                             Norman S. Rosenbaum
                             Erica J. Richards
                             MORRISON & FOERSTER LLP
                             1290 Avenue of the Americas
                             New York, New York 10104
                             Telephone: (212) 468-8000
                             Facsimile: (212) 468-7900

                             *Counsel to the Debtors and*
                             *Debtors in Possession*

MAIL 

**further gmac violation**                                                        Sunday, March 3, 2013 6:30 AM

From: "rocio pichardo" <rj7sam1@yahoo.com>
To: "EricaRichards" <ERichards@mofo.com>

Mrs. Richards;  It has been necessary to advise you about gmac's further violation.
for several years now, once an analysis was done on account, I have paid this amount by sending such in a
seperate check along with the appropiate payment.

For the last two years gmac has willingly & knwongly charged inappropiate amounts knowing my financial
limitations & constraints caused an additional hardship by decieptful
practices. This again shows that there are no limits to what Gmac is fraudulently done.
one I was notified of overage, I continued to send those amounts in the same envelope
with corresponding month payment with an additional money order included.
now Gmac is attributing this to more errors.
I am fed up woth errors, teo more years of overpayments to now say it's more errors.
I recommend you advise Gmac/Ocwen I am seeking additional cures to such decieptful
practices.  as seen on court documents, this is not the only case where Gmac has deceived borrowers & tryied
covering it up.
I have the paid money orders from the banks to show over & over every month overpayment placing additional
hardship on me & my family.
I suggest you verify reports & advise Gmac\Ocwen to acknowledge & desist as additional court filing will be
done against such actions.
whether Gmac is called by its name or new name of Ocwen.
I will follow up to correct such fruad.  this is not just errors, It a willful violation of law.

I also suggest you advise Gmac/Ocwen counsel this has place the last straw to the camel's back.  I am not
willing to continue to put up with these arrogance.
again I advise you I have all this very well documented in order not to allow any more
 excuse.  In order to avoid this you must warn gmac cousel my decision.
YOUR IMMEDIATE RESPONSE IS NECESSARY.  DO NOT PUT THIS OFF AS I AM
FILING IMMEDIATELY.

HAVE GMAC PRODUCE ABOVE REFFERENCED PAYMENT FOR YOU TO REVIEW.
I AWAIT YOUR PROMPT E-MAIL. JULIO PICHARDO

## MAIL



**PRESENT GMAC ADVERSE ACTIONS**                    Sunday, November 11, 2012 6:17 AM

From: "rocio pichardo" <rj7sam1@yahoo.com>
   To: "Joel Tuffaha" <jht@severson.com>

Mr, Toffaha; it has comw to my attention by actions from gmac, that I am to contact you concerning my loan with gmac as wells fargo processor.
soon after SpringBoard's observation of GMAC's acrions as improper, GMAC has proceeded to decline in any & every request to address any issue with my loan.
As the borrower on this loan, I understand that disclosing payments, interests, notices. & omissions, charges, past & present processes cannot be denied me by Gmac.
these actions have been observed by other agencies & determined as irregular.
Such have prompted these agencies to inquire answers from Gmac.
To date there has been no answers or resolutions to questions posted by me & springboard's concerns, much less information of my loan.

Gmac's answer to this is that account is in litigiation, & to resort to atourney to litigate account. I was even prompted to contact you directly on any issue to do with my loan.

I was also informed by Consumer Financial Protection Bureau, that this goes against banking practices, & violates any & every rule.

you must advise whether further actions will resolve issues or advise Gmac of their obligations to this loan. so far there is a proof of claim on several other unresolved issues
to be addressed.   I have very little doubt that I will let these go by thwe wayside specially with more of the same.

Gmac has been advised that they should have answered above concerns within 14 days.
it has been nore than a month & Gmac has no intentions of responding. All indications show aggravations of existing harm done to me.
I will be reachng out to the offices of the atourney general in ordder to resolve any oustanding issues Gmac is confronting.

I have contacted your offices numerous times leaving messeges, with your personal secretary to no avail.

should your suggestions is to resolve all these matters, please do not hesitate to inform me.

should you confirm that additional actions will be necessary please inform in order to procced.

this is more of the actions that precipitated last filing.
your prompt response is necessary in such important matter.

thank you
julio pichardo

# MAIL



**Fw:**                                                                  Wednesday, September 5, 2012 2:16 PM

From: "rocio pichardo" <rj7sam1@yahoo.com>
 To: jht@severson.com


Mr. Tuffaha; enclosed you may find e-mail addressing gmac case addressed to Mrs. Erika Richards. she had advised me on 8/19/12 e-mail GMAC case for possible settlement.

please note I have filed proof of claim as per judge glenn's indication.

please indicate whether counsel will attend 11/5/12 conference on above referenced matter.
— On **Tue, 9/4/12, rocio pichardo <rj7sam1@yahoo.com>** wrote:

From: rocio pichardo <rj7sam1@yahoo.com>
Subject:
To: "EricaRichards" <ERichards@mofo.com>
Date: Tuesday, September 4, 2012, 12:12 PM

Mrs Richards; I have filed proof of claim as per your instructions at proper offices.
upon reviewing motion I noticed judge glenn has denied motion at this time, & recommends filing as mentioned above.
please inform me whether you are interested on settling case against gmac as per your 8/19/12 e-mail.

I understand there are provisions on documents sent should gmac choose to.
in addition in your filings to N.S.D.B.C. your offices make mention of 11/5/12 conference with judge moss. Should gmac be attending such please inform me.

thank you
julio pichardo

MAIL

**proof of claim #452**                                        Monday, January 14, 2013 12:58 AM

From: "rocio pichardo" <rj7sam1@yahoo.com>
To: susan.fitzpatrick@gmacrescap.com

my name is mr. pichardo concerning gmac's actions on loan # 9299.
there are serious issues gmac has caused to me by trying to foreclose default & shortsale my home without
reason whatsoever.  the offices of the atourney general has referred this account for further review & possible
continued banking violations, as gmac has restricted me from any loan information to ba accessible or
answered to me.

you must contact me as I need to know if you are acquiring gmac liabilities as well as their assests.
my e-mail address is                    .
your prompt response is neccessary
thank you
julio pichardo

## NEW YORK SOUTHERN DISTRICT BANKRUPTCY COURT
### ONE BOWLING GREEN
### NEW YORK. N.Y. 10004-1408

8/10/2012

## MOTION RELIEF REQUEST FROM GMAC AUTO STAY TO CONTINUE CA. CIVIL CASE
## FOR CAUSED PERSONAL INJURY WITH CAUSES OF ACTION

CASE: 12-12020 GMAC - DOC# 1026
JUDGE GLENN - HEARING ON 8/29/2012  10:am
DEFENDANT NOTIFIED VIA CERTIFIED MAIL -          proof of service filed on case.

1- GMAC CAUSED HARM TO ME BY KNOWINGLY USING ABUSIVE MEANS TO VACATE ME FROM
   OUR HOME CUASING PERSONAL INJURY & HARM.
2- MANY TIMES GMAC WAS TOLD OF HOW THESE ACTIONS WERE AFFECTING ME.
3- DURING AND AFTER MODIFICATION INCLUDING RECENTLY, GMAC THREATENED ME MY
   WIFE & TWO KIDS TO PUT ME OUT OF MY HOME.
4- CRYING I ASKED WHY & WHERE WAS I GOING TO GO.  GAMC SAID THAT WAS MY PROBLEM.
5- AS I SAW GMAC INSISTANCE ON VACATING US FROM OUR HOME, I PROCEEDED TO INFORM
   GMAC I HAD ALL RECIEPT FOR EACH MORTGAGE PAYMENT & WOULD MAKE THEM
   AVAILABLE SHOWING NO PAYMENT WAS EVER MISSED, THEY DECLINED THEM.
6- PROOF OF PAYMENTS WERE SENT TO GMAC TO NO AVAIL.
7- GMAC CALLS NEVER CEASED DEMANDING PAYMENTS ALREADY MADE.
8- WITHOUT MOTIVE GMAC PROCEEDED TO ADVISE ME OF SHORT SALE OF HOME.
9- GMAC INSITED IN GROSSLY EXAGERATING AMOUNT OWED THOUGH ALL PAYMENT MADE.
10- GMAC INFORMED ME HOME WOULD SOON GO INTO FORECLOSURE.
11- GMAC INFORMED ME BY LETTER LOAN WAS IN DEFAULT BUT NO EVIDENCE OF SUCH.
12- WITHOUT RECORSE MY CONDITION KEPT DETERIORATING, WITH SEVERE DEPRESSION,
    STRESS, HIGH BLOOD PRESSURE.
13- DOCTORS WERE ASKING WHAT WAS CAUSING SUCH DETERIORATING CONDITION.
14- EVEN UNDER THREAT OF LEGAL ACTION GMAC WOULD NOT DESIST.
15- ONLY NOW WITH ACTION HAS GMAC'S CALLS HAVE STOPPED. TOO LITTLE TOO LATE.
16- I ASKED GMAC TO CURE CONDITION CAUSED TO NO AVAIL
17- DUE TO DEPRESSION MARITAL PROBLEMS AROSE. SEXUAL DISFUNCION FOR WHICH I AM
    & WILL BE TREATED.
18- I ASK TO BE GIVEN THE OPORTUNITY TO SHOW GMAC ACTIONS HAVE BEEN DETREMENTAL
    PROVOQUING MY CONDITION.
20- PERSONAL INJURY WAS CAUSED BY CAUSING NUMEROUS HOPITALIZATION THAT KEPT ME
    AWAY FROM MY FAMILY.
21- THIS SHOULD NOT BE DONE TO A HUMAN BEING.
22- I HEARD OF OTHER CASES ON TV BUT NONE LIKE THIS.
23- I ASK TO BE GIVEN THE OPPORTUNITY TO PRESENT MY CASE IN SUPERIOR COURT IN CA.
24- NOW GMAC IS TRYING TO BLANKET THEMSELVES WITH STAY AVOIDING CASE LIABILITY.
25- CONFERENCE HEARING IS SET FOR NOVEMBER 5TH WITH JUDGE MOSS.
26- I REQUEST CASE CONTINUANCE BE GRANTED ON MOTION FOR RELIEF FROM AUTOMATIC
    STAY ON ALL 4 COURSES OF ACTIONS.

*JULIO PICHARDO*
*1201 E SUDENE AVE*
*FULLERTON CA 92831*

*PRE SE PRO PER*

*UNITED STATES BANKRUPTCY COURT*
*SOUTHERN DISTRICT OF NEW YORK*

| | |
|---|---|
| Re: )<br>*JULIO PICHARDO* )<br>Vs: )<br>)  *Case No 12-12020*<br>*RESIDENTIAL CAPITAL LLC* )<br>*Debtor* )<br>) |  |

### TO THE HONORABLE JUDGE: GLENN MARTIN

#### *JULIO PICHARDO'S RESPONSE TO DEBTOR'S REPLY DOCKET 3447*
DOCKET 3346 - 3241

*1_ As Gmac claimed the Stay, it Gives the court jurisdiction over these matters.*
*2_matters must to be addressed as I tried to no avail with regards to terms of modification documents.*
*3_ Documents stand on their own.  Imposing is necessary as they cause foreclosure in acceleration.*
*4_Once more, it unconscionable counsels actions, as it would have the court ignore matter as it show*
   *Violations perpetrated.*
*5_ Counsel is trying to lecture the court when in reality is trying to circumvent the law as declared.*
*6_ Actions demonstrated places serious consequences averting liens on modification created 2009.*
*7_ consumer protection bureau determined these actions were to be addressed in a civil court.*
   *In submission to Court Stay I addressed all issues to this Court.*
   *Declaration of Substitution served to Gmac & counsel docket 3241 in Ca. action.*
*8_Loan modification documents are not in question, violations of those terms are.*
*9_In order to avoid terms, Counsel is steamrolling over this Court & anyone who stand in their way.*
*10_I requested governing clause in documents be imposed as clearly Gmac/Ocwen do not want To submit.*
*11_governing factor restricts any portion be violated.*
*12_Of course it is not in their best interest to implement their own documents, as they place Gmac/Ocwen*
   *second to liens, & this is something they don't want, but this is what I agreed to & agreed by lender.*
*13_no amount of document can divert governing factor.*
*14_Lender has requested I keep applying for modification in order to deny them, & in turn demand*
   *Home be short sale.*
*15_Several payments increase sent for shortage has been sent & was not applied causing financial hardship.*
   *Ocwen informed me they do not intend to cure this either.*
*16_Counsel expects that actions such as these be overlooked in continuance of disregard for the law.*
*17_paid checks for shortage are available should the Court schedule for hearing.*
   *Please inform should matter be place on calendar to be heard.*
   *By imposition of clause, must non monetary issues are resolved.*
   *I request court applied all remedy, & allow implementation of modification clauses.*
*Thank you.   Julio Pichardo*


1212020130419000000000005

*JULIO PICHARDO*
*1201 E SUDENE AVE*
*FULLERTON CA 92831*

*IN RE:*

)
*JULIO PICHARDO*                    )
                                   )
*VS*                               )    *CASE NO 12-12020*
*RESIDENTIAL CAPITAL*              )
*DEBTORS*                          )
                                   )

*TO THE HONORABLE JUDGE GLENN MARTIN:*

*MOTION TO RECONSIDER RELIEF REQUESTED.*
*ALLOW FILING OF NEW PROOF OF CLAIM FAILURE TO PERFORM*
*UNDER AGREEMENT (BREACH)*
*(REQUEST E-MAIL rj7sam1@yahoo.com TO PLACED ON MONTHLY SERVICE LIST)*
*NOTIFICATION REQUEST ELECTRONICALLY SENT VIA MAIL TO: CLARISSADCU@KCCLLC*
*ADRIAN XAVIER CUEVAS Acuevaya.kccll...om*

*1- AS PER COURT'S REPLY DOCKET NO. 3521 OCWEN'S FAILURE TO COMPLY AS ENCLOSED CERTIFIED*
*MAILINGS BASED ON PREMISE THAT DOCUMENTS WERE DRAWNED BY GMAC AUGUST 5TH 2009.*
*2- INCONSISTANCY BETWEEN AUGUST 5 2009 & NOV 2009 DOCUMENTS EXISTS.*
*3- OCWEN ASSERTS THAT THIS IS A GMAC FAILURE & SHOULD BE LITIGATED TO RESOLVE DOCUMENT*
*DIFFERENCES & INCONSITANCIES CREATED.*
*4- MATTER OF DOCUMENTS HAD NOT & WAS NOT AN ISSUE ON PREVIOUS PROOF OF CLAIMS.*
*5- PER DOCKET NO.3838 ALLOWING LATE FILING OF CLAIMS, CONSIDERATION AS PREVIOUS REQUEST*
*IS HEREBY MADE TO ALLOW UNDER THESE CIRCUMSTANCES.*
*6- AS ADRESSED TO COURT BEFORE, LIENS INSERTION PREVENTED ACCELARATION ULTIMATELY*
*FORECLOSURE.*
*7- SHOULD LITIGATION BE COMMENCED, IT WOULD DRAW GMAC TO LITIGATE DOCUMENTS DRAWNED.*
*8- FOR THIS REASON & OTHERS STATED, PROOF OF CLAIM SHOULD BE ALLOWED TO CURE GMAC SELF*
*INFLICTED WOUND ON SUCH A SERIOUS MATTER.*
*9- NO ACTION ADRESSING DOCUMENTS HAS BEEN FILED AT ANY COURT.*

*HEARING REQUESTED TO RESOLVE ABOVE ISSUES ONCE & FOR ALL.*

Request for filing action on Ocwen
as it will Draw GMAC to originator

**GMAC MORTGAGE LLC**
**ATT: ;OAN MODIFICATION**
**3451 HAMMOND AVE**
**WATERLOO IA, 50702**

**10/01/09**

**ATT: LOAM MODIFICATION - MR. MARK CLAYTON.**

**PLEASE BE ADVISED THAT ON 08/08/09, I SENT NOTARIZED DOCUMENTS WITH TWO
MONEY ORDER, A $620.00 & A $622.53 IN THE SAME ENVELOPE.**

**ON 08/28/09 I SENT ANOTHER MONEY ORDER FOR THE MONTH OF OCTUBER FOR $622.53.**

**PLEASE NOTE THAT NOTARIZATION COST $20.00 PER SIGNATURE. MINE & MY WIFE.**

**SO FAR I HAVE REQUESTED YOU SEND THE NEW STATEMENT WITH MODIFICATION TO
NO AVAIL.**

**ALL I GET IS THAT THE MODIFICATION WAS RESET FOR ANOTHER DATE BY MR.
CLAYTON. I DON'T KNOW WHY THIS WOULD BE DONE AS I HAVE COMPLIED WITH EVERY
DETAIL TOLD FOR THIS PROCESS. I WAS ALSO ADVISED THAT NEW DOCUMENTATION
WAS BEING SENT BY MR CLAYTON. THIS WILL COST ME ANOTHER $40.00 FOR NO REASON
WHATSOEVER.**

**YOU MUST APPRECIATE THE FACT OF ANY NEW DOCUMENTS A COST AS WE DON'T HAVE
THE MEANS TO WASTE. PLEASE VERIFY IF GMAC WILL PAY FOR NEW NOTARIZATION.**

**I REQUEST THAT YOU APPLY THIS OTHER MONEY ORDER OF $622.53 FOR THE MONTH OF
NOVEMBER 1ST.**

**PLEASE SEND NEW STATEMENT WITH MODIFICATION AS I HAVE WAITED SEVERAL
MONTHS FOR IT.**

**THANK YOU. JULIO PICHARDO.**

10/1/09

### WELL'S FARGO MAIN OFFICE
### 530 5TH AVE  (fifth floor)
### NEW YORK, NEW YORK 10036

5/12/2012

**TO: MR. MATTHEW HEIL - (AT WELL'S FARGO - CEO OFFICE)**
**RE: REPORTED GMAC IRREGULARITIES ON LOAN#** ███ **9299.**

*ATT: MR HEIL; AS YOU OWN THE ABOVE LOAN, IT HAS BEEN NECESSARY TO INFORM YOU OF SEVERAL ISSUES WHICH HAVE CAUSED ME TO REPORT THESE TO THE CONSUMER FINANCIAL PROTECTION BUREAU. PER MY CONVERSATION WITH YOU LAST WEEK, I POINTED TO SEVERAL IRREGULARITIES BY GMAC APPOINTED BY YOU AS PROCESSORS FOR MY LOAN #0359019299.*

*AS PREVIOUSLY REPORTED TO YOU MY DISABILITY OF A VERY DELICATE SITUATION WITH MY BLOOD PRESSURE AMONG OTHER COMPLICATIONS.*

*SINCE GMAC SENT ME SEVERAL FORECLOSURE, SHORT SALE & DEFAULT NOTICES.*
*THAT PLACED ME IN THE HOSPITAL NUMEROUS TIMES. I EVEN ADRESSED THE ISSUE OF NUMEROUS MODIFICATIONS, WHICH CONTENTS WERE NOT DISCLOSED TO ME ONLY THAT THEY NEEDED ANOTHER COPY AS THEY HAD NOT RECEIVED THE ONE SENT CERTIFIED MAIL.*

*I HAVE NEVER MISSED A PAYMENT DURING THIS LOAN, & THEY WERE NOT TO USE THIS AS A TOOL OF SUCH NOTIFICATIONS IN ORDER NOT TO DISCLOSE OR TO OBTAIN A SIGNED CORRECTED MODIFICATION. THIS ACCORDING TO THE DISCLOSURE ACT.*

*IT WILL BE NECESSARY FOR YOU TO REMEDY WHAT HURT GMAC CAUSED ME. ALSO THE ATTEMPT TO COVER THIS UP WITH THE BUREAU.*

*IN ADDITION I HAVE REQUESTED THE ATOURNEY GENERAL REVIEW CASE.*

*AFTER REVIEWING MEDICAL COSTS, ONE HOSPITALIZATION COST MORE THAN $30,000.00 SUCH METHODS CAUSED MEDICAL THIS NUMEROUS TIMES OVER FOR HOSPITALIZATIONS & MANY TESTS ALONG WITH MEDICATIONS AS A RESULT OF GMAC ACTIONS.*

*I HAVE REQUESTED THEY REOPEN CASE AS ONLY MODIFICATION WAS ADRESSED.*

*THE ISSUES OF FORECLOSURE SHORT SALE & DEFAULT, WHICH WERE NOT IN ORDER WAS USED TO ADVISE ME THAT I SHOULD SIGN NEW DOCUMENTS ALTHOUGH MODIFICATION WAS FINALIZED SIX MONTHS.*

*MY NEXT STEP WILL BE TO PLACE THIS IN HANDS OF THE COURTS TO DETERMINE THE EXTEND OF GMAC'S HARM. I MAY ALSO ADVISE MEDICAL REASONS FOR HOPITALIZATIONS & WHAT HAD CAUSED SUCH SEVERE CONDITION OF OUT OF CONTROL BLOOD PRESSURE.*

*I ASKED GMAC TO REMEDY BY*

*GMAC TOLD ME THEY HAD NOT RECEIVED DOCUMENTS THEREFORE THEY NEEDED ANOTHER
COPY. I RESPONDED I WOULD SEND THEM A COPY, THEY SAID THEY NEEDED THEM ORIGINAL
I SAID I WOULD SEND COPY WITH ORIGINAL SIGNATURES.  WHEN THWY SAW MY INSISTANCE
THEY SAID NO I EITHER SIGN ANOTHER COPY OR I WOULD FORECLOSED.  THIS PUT ME IN THE
HOSPITAL AGAIN.*

*MRS. VERSLUIS ASSERTION THAT OY WAS AN ERROR IS FALSE.   YOU MAY READ IT ON
DOCUMENTS DRWANED BY GMAC 7 ALL MY DSIAGREEMENTS & COMPLAINTS FOR SUCH.*

*I THEREFORE DEMAND LANGUAGE ON DOCUMENT BE IMPLEMENTED AS THIS FORESEES
SUCH AS I EXPECTED IT.*

*I MENTIONED I WAS IN HOPITALIZATION WHEN MY WIFE BROUGHT NEW SET TO MY BEDSIDE.
I CALLED & COMPLAINT THAT MODIFICATION HAS BEEN FINALIZED WITH NEW PRINCIPAL ON
MORTGAGE STATEMENT AS REQUESTED BY ME IN ENCLOSED LETTER.*

*PLEASE NOTE ATOURNEY GENERAL IS REQUESTING REVIEW FOR IRREGULARITY WHICH ARE
SEVERAL IN THIS CASE.*

*THEY ADVISED ME OF FORECLOSURE WHEN I HAD NOT MISSED A PAYMENT.
THEY CHARGED FIR MODIFICATION.  PLEASE SEE TWO MONEY ORDERS SENT WITH
DOCUMENTS, & ANOTHER BEFORE THE MONTH WAS OUT.*

*COMPANIES MAY WANT TO DO WHATEVER THEY WANT BUT THEY CANNOT.
I UNDERSTAND THIS IS PART OF ACTION BY ATOURNEY GENERAL DUE TO SUCH AS THIS.*

*GMAC KNEW HOME TO BE UNDER WATER.  PROCESSOR INCLUDED SUCH BY CITING EXISTING
NOTES, & FINALLY THIS GOVERNS EVNTUALLITY.*

*I INFORMED GMAC THAT EVEN IF I WERE TO TRY TO CHANGE THIS IT WOULD NOT BECAUSE I
CLAIM GOVERNING CLAUSE.*

*SHOULD YOU NEED ADDITIONAL DOCUMENTATION, PLEASE DO NOT HESITATE TO REQUEST
IT.*

*JULIO & ROCIO PICCHARDO*

Please note they hi;d have modifications, which
I complained about.
I understand they cannot foreclose without default
+ three months is not to exceed modifications

**3451 HAMMOND AVE
WATERLOO, IA 50702**

**5/26/12**

**TO: GMAC LLC
RE: NOTICES & PHONE CALLS REQUESTING PAYMENTS.**

**AS PER MY CONVERSATIONS WITH YOU 7 YOUR MANAGERS, ON
THE ABOVE MATTERS, I HAVE INFORMED YOU OF EFFECTS ON
MY CONDITION THAT THE SUM OF THESE NOTICES & PHONE
CALLS HAD ASKING FOR MORTGAGE PAYMENT ALTHOUGH
PAYMENT WAS RECEIVED BY YOU & HAD POSTED.**

**I HAVE MADE YOU AWARE THAT ALL THESE NOTICES RECEIVED
FROM YOU WHETHER INTENTIONALLY OR UNINTENTIONALLY
HAS AFFECTED MY CONDITION.**

**YOU HAVE NOT ADDRESSED SUCH & HAVE CONTINUED  EVEN
UNDER PROTEST. IN REQUESTING TO SPEAK TO YOUR
MANAGERS I ADVISED OF ACTION TO BE FILE FOR EFFECTS
CAUSED.**

**TO DATE, YOU HAVE CHOSEN TO IGNORE SUCH ISSUES & HAVE
DECIDED NOT TO ADDRESSED THEM.**

**IN ADDITION TO NOTICES TO YOU, I HAVE SEND LETTER OF
COMPLAINT TO WELL'S FARGO CORPORATE OFFICES WHICH
ACCORDING TO THEM WAS FORWARDED TO YOU TO NO AVAIL.**

**NO FURTHER NOTICES WILL BE SENT TO YOU REQUESTING
RESPONSE.**

**JULIO PICHARDO.**

Julio Pichardo
1201, E. SUDENE AVE
Fullerton CA 92831

GMAC MORTGAGE LLC
3451 HAMMOND AVE
WATERLOO IA 50702

## LAW OFFICES OF SEVERSON & WERSON
### 19100 KARMAN AVE STE700
### IRVINE CA, 92612

11/13/12

TO: MR JOEL TOFFAHA
RE: GMAC LOAN ACCOUNT

ATT; MR TOFFAHA;  AS GMAC REPRESENTATIVE FOR GMAC, IN
CASE ACTION FILED FOR ALLEGED VIOLATIONS PRACTICES IN
WHICH GMAC CLAIMED BANKRUPTCY AT DISTRICT COURT IN
NEW YORK, SUBTITUTON IN CA CASE IS ENCLOSED HEREIN.

AS YOU KNOW, GMAC HAS RESTRICTED ME ANY ACCESS TO MY
ACCOUNT.  AS I UNDERSTAND BORROWERS HAVE ACCESS TO
LOAN ACCOUNT AND THIS IS INDICATION OF IRREGULAR
BANKING PRACTICES.

UPON CONTACTING YOU & GMAC NO ANSWER HAS BEEN
GIVEN.   THIS IS MY SECOND ATTEMPT TO REQUEST EVEN VIA
CEERTIFIED MAIL.

THIS ADDS INSULT TO INJURY, AS SITUATION IS AGGRAVATED
BY THIS ACTION.

SHOULD GMAC WANT TO RESOLVE ALL ISSUES, PLEASE
INFORM ME PROMPTLY.
I AWAIT YOUR EXPEDITED.
THANK YOU .
JULIO PICHARDO

OCWEN LOAN SERVICING, LLC
P.O. BOX 780
WATERLOO IA, 50704-0780

04/25/13

TO: LOAN SERVICING
RE: LOAN # ████ 9299

ATT: LOAN SERVICING;        AS PER N.Y. COURTS REPLY, I AM INFORMING OF JUDGE'S
INSTRUCTIONS TO DIRECT YOU TO DOCUMENTS INSERTIONS HOME LIENS WITH  GOVERNING
FACTOR OF SECURITY INSTRUMENT.

IN ADDITION DOCUMENTS DIRECTS TO ANY INCONSISTANCIES CONTROLLED.

AS THIS IS PART OF DOCUMENTS, THERE SHOULD BE NO FURTHER REQUESTS OF
IMPLEMENTATION OF THESE PARAGRAPHS.  NO FEES SHOULD BE REQUIRED AS CLEARLY
INCLUSSION WAS DONE.

AS OCWEN IS NOT A PART OF BANKRUPTCY, FILING CIVIL COURT ACTION WILL COMMENCE
SHORTLY TO IMPOSE DOCUMENTS.

IMMEDIATE ATTENTION IS REQUIRED ON ABOVE LIEN INSERTED MATTER.

THIS IN LIGHT THAT THIS HAS BEEN ADDRESSED SEVERAL TIME TO NO AVAIL.

SHOULD FILING BE REQUIRED, ADDITIONAL REMEDIES WILL BE DEMANDED FROM COURT
AS CURE INCLUDING MONETARY COSTS & DAMAGES FOR FAILURE TO ACT CAUSING
FINANCIAL HARDSHIP.   DIRELC. OF DUTIES, BREACH, AMONGST OTHER UNRESOLVED ISSUES.

PLEASE BE ADVISED THAT ABSENT IMPLEMENTATION REQUIRED, AS WELL AS NO RESPONSE,
SUCH WILL CONSTRUDED NON-RESPONSIVE, OTHER LIABILITY IN ACTION.

ENCLOSED YOU MAY FIND COPY OF N.Y.S. JUDGE INSTRUCTING I DIRECT YOU TO IMPOSE
GOVERNING DOCUMENTS.

YOUR IMMEDIATE RESPONSE IS REQUIRED.

JULIO PICHARDO
   CC: FILE
:ERTIFIED MAILINGS

## *INDEPENDENT REVIEW BOARD*

*10/08/12*

*REVIEW BOARD;    I REQUIRE YOU TO CONSIDER EVIDENCE PROVIDED BY
ME SHOWING GMAC'S ACTIONS WHICH CAUSED HARM & FINANCIAL
LOSS BY THEIR ACTIONS ALONE.    THEIR DOCUMENTS SENT TO ME
SEVERAL TIMES, CLEARLY INDICATES MY LOAN DEFAULTED &
REFFERED FOR FORECLOSURE.*
*SUCH*

*THIS MATTER IS DOCUMENTED IN GMAC'S CORRESPONDENCE TO ME &
MY WIFE.    THIS ATTEMPT TO CIRCUMVENT THE LAW & DO THIS ON
THEIR OWN REQUIRES YOUR INTERVENTION & SWIFT ACTION.*

*THERE IS NO JUSTIFICATION FOR SUCH WHICH MERITS YOUR ACTIONS &
CONSIDERATION.    YOU MAY NOT CLOSE YOUR EYES TO SUCH INJUSTICE.
YOU MUST REPAIR HARM THROUGH YOUR PROGRAM.*

*PLEASE BE ADVISED THAT THE EVIDENCE PROVIDED SHOWS GMAC'S
ACTIONS DEFAULTING LOAN & REFERING IT FOR FORECLOSURE. THIS IS
WHAT IS APPAULING, GMAC WAS IN VIOLATION OF THE LAW IN DOING
SO.    THIS REVIEW WAS CONSIDERED & REFFERED BY THE OFFICE OF
THE ATOURNEY GENERAL, AFTER THEY CONSIDERED IRREGULARITIES
CARRIED OUT BY GMAC MORTGAGE COMPANY AS THE SERVICER FOR
WELLS'S FARGO BANK.    PLEASE NOTE GMAC IS LIABLE FOR THIS, &
WILL NOT ADMIT UNLESS THIS EVIDENCE IS CLOSELY EXAMINED.*

*PLEASE NOTE I HAVE INFORMED N.Y. COURT JUDGE OF THIS & HE HAS
ADVISED TO FILE PROOF OF CLAIM AS GMAC IS CLAIMING BANKRUPTCY
IN NEW YORK.    NO AMOUNT OF MONEY COULD COMPENSATE FOR WHAT
THEY HAVE CAUSED ME.    THIS SHOULD NOT GO UN-NOTICED AS SUCH
BANKING PRACTICES SHOULD NOT BE TOLERATED.*

*PLEASE ADVISE WHETHER YOU HAVE CONSIDERED DOCUMENTS SENT
MY ME WHICH ARE SIMILAR TO WHAT BANKRUPTCY COURT JUDGE HAD
BEFORE HIM TO INDICATE I FILE PROOF OF CLAIM AGAINST GMAC.*

*PLEASE INDICATE IF YOU HAVE REVIEWED DEFAULT & FORECLOSURE
DOCUMENTS SENT TO US BY GMAC OR ARE YOU ACCEPTING GMAC'S
INDICATION AS FACTUAL.*

*YOUR PROMPT RESPONSE IS GREATLY APPRECIATED*

*JULIO PICHARDO*

7013 1090 0001 7322 8549

CERTIFIED MAIL

UNITED STATES
POSTAL SERVICE

1000

55438

U.S. POST
PAID
FULLERTON
JUL 05
AMOUNT
$7.
00084