# **Exhibit C**

ROBERT J. GANDY (State Bar No. 225405)
rjg@severson.com
YARON SHAHAM (State Bar No. 217192)
ys@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendants
GMAC MORTGAGE, LLC and OCWEN LOAN SERVICING, LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**02/28/2014** at 02:41:00 PM

Clerk of the Superior Court
By Enrique Veloz, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE — CENTRAL JUSTICE CENTER

JULIO PICHARDO,

　　　　Plaintiff,

　　vs.

GMAC MORTGAGE; DOES 1 to 10,

　　　　Defendants.

Case No. 30-2012-00581642-CU-CL-CJC
Assigned for All Purposes to:
Hon. Frederick P. Aguirre
Dept. C23

**DEFENDANT OCWEN LOAN SERVICING, LLC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

[*Filed concurrently with Request for Judicial Notice and Proposed Order*]

Date:　　　　May 12, 2014
Time:　　　　1:30 p.m.
Dept.:　　　　C23
Reservation No:　71907715

Action Filed:　　July 6, 2012
Trial Date:　　　Not Set

21000.0018/3141694.1

DEMURRER TO FAC

**TO THE HONORABLE COURT, PLAINTIFF, AND ALL OTHER INTERESTED PARTIES:**

  **PLEASE TAKE NOTICE** that on May 12, 2014, at 1:30 p.m., or as soon thereafter as counsel may be heard in Department C-23 of the above-entitled Court, located at 700 Civic Center Drive West, Santa Ana, CA 92701, a hearing will be held on the Demurrer of Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") to the First Amended Complaint filed by Plaintiff Richard Pichardo ("Plaintiff").

  This Demurrer is made on the grounds that each and every cause of action set forth in the First Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant pursuant to Code of Civil Procedure Section 430.10(e), and is uncertain pursuant to Code of Civil Procedure Section 430.10(f).

  The Demurrer is based on this Notice, the Demurrer, Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, as well as the First Amended Complaint and all other papers on file in this action.

DATED: February 28, 2014

          SEVERSON & WERSON
          A Professional Corporation

          By: _____
             Yaron Shaham

          Attorneys for Defendants GMAC MORTGAGE, LLC
          and OCWEN LOAN SERVICING, LLC

**DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant Ocwen Loan Servicing, LLC ("Ocwen") hereby demurs to the First Amended Complaint of Plaintiff Richard Pichardo ("Plaintiff") on the following grounds:

**Demurrer to First Cause of Action**

**(Breach of Contract)**

1.   Plaintiff's first cause of action for Breach of Contract fails to state facts sufficient to constitute a cause of action against Ocwen. (Code Civ. Proc. § 430.10(e).)

2.   Plaintiff's first cause of action for Breach of Contract fails as it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

**Demurrer to Second Cause of Action**

**(Breach of the Implied Covenant of Good Faith and Fair Dealing)**

1.   Plaintiff's second cause of action for Breach of the Implied Covenant of Good Faith and Fair Dealing fails to state facts sufficient to constitute a cause of action against Ocwen. (Code Civ. Proc. § 430.10(e).)

2.   Plaintiff's second cause of action for Breach of the Implied Covenant of Good Faith and Fair Dealing fails as it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

**Demurrer to Third Cause of Action**

**(Negligence)**

1.   Plaintiff's third cause of action for Negligence fails to state facts sufficient to constitute a cause of action against Ocwen. (Code Civ. Proc. § 430.10(e).)

2.   Plaintiff's third cause of action for Negligence fails as it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

**Demurrer to Fourth Cause of Action**

**(Unjust Enrichment)**

1.   Plaintiff's fourth cause of action for Unjust Enrichment fails to state facts sufficient to constitute a cause of action against Ocwen. (Code Civ. Proc. § 430.10(e).)

2. Plaintiff's fourth cause of action for Unjust Enrichment fails as it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

### Demurrer to Fifth Cause of Action

**(Violation of Business and Professions Code section 17200)**

1. Plaintiff's fifth cause of action for Violation of Business and Professions Code section 17200 fails to state facts sufficient to constitute a cause of action against Ocwen. (Code Civ. Proc. § 430.10(e).)

2. Plaintiff's fourth cause of action for Violation of Business and Professions Code section 17200 fails as it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

DATED: February 28, 2014

SEVERSON & WERSON
A Professional Corporation

By: _____
Yaron Shaham

Attorneys for Defendants GMAC MORTGAGE, LLC
and OCWEN LOAN SERVICING, LLC

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.

## INTRODUCTION

Plaintiff Richard Pichardo ("Plaintiff") alleges in his First Amended Complaint ("FAC") he is the lawful owner of the real property located at 1201 East Sudene Avenue, Fullerton, CA 92381 (the "Subject Property"). Plaintiff obtained a loan modification in or around August 2009. Plaintiff alleges the handling of the modification and what is owed is not being properly handled. In light of Ocwen's alleged wrongdoing, Plaintiff is seeking to recover monetary damages and equitable relief

Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") was doed in as a defendant in this case on or about October 23, 2013.[1] The First Amended Complaint makes very little mention or allegations concerning Ocwen. Plaintiff's Breach of Contract claim fails since he has failed to allege the material terms or how said contract was breached and his resulting damage. The Breach of the Implied Covenant of Good Faith and Fair Dealing fails because Ocwen was not a party to the purported loan modification negotiations. Plaintiff's Negligence claim fails since Ocwen does not owe a duty to Plaintiff. Plaintiff's Unjust Enrichment claim is a remedy and not a cause of action, so it cannot succeed. Finally, Plaintiff's Business and Professions Code claim is insufficiently plead.

## II.

## FACTUAL BACKGROUND

Plaintiff alleges he acquired his interest in the Subject Property in 1991. (First Amended Complaint ("FAC"), ¶6.)

---

[1] Co-defendant GMAC Mortgage, LLC has filed a Notice of Bankruptcy with the Court on February 27, 2014 in response to Plaintiff's First Amended Complaint. All claims alleged against GMAC Mortgage, LLC are currently stayed. Plaintiff's previous attempt to obtain relief from stay in the subject bankruptcy case was denied.

21000.0019/2844095.1

DEMURRER TO FAC

On or about July 31, 2003, Plaintiff obtained a re-finance loan ("Subject Loan") from Home Star Mortgage Services, LLC in the amount of $199,000.00, secured by a Deed of Trust ("Subject Deed of Trust"), which was recorded on August 7, 2003. (Ocwen's Request for Judicial Notice ("RJN"), Ex. A.)

On or about August 8, 2009, Plaintiff entered into a Fixed Rate Loan Modification Agreement with GMAC Mortgage, LLC ("GMACM") concerning the Subject Loan. (FAC, ¶8). Plaintiff alleges he continues to make the required payments per the terms of the loan modification. (FAC, ¶15).

Plaintiff further alleges servicing of the Subject Loan was transferred by GMACM to Ocwen on or about February 7, 2013. (FAC, ¶17). Plaintiff further alleges that on or about April 12, 2013, he received an unsolicited Loan Payoff Statement from Ocwen. (FAC, ¶19).

Plaintiff initiated this litigation on July 6, 2012. In response to his initial complaint, Ocwen filed a Demurrer which was heard by the Court on February 7, 2014. At the Demurrer hearing, the Court sustained Ocwen' Demurrer and the Court provided Plaintiff with twenty days leave to amend. Plaintiff filed his FAC on February 24, 2014.

### III.
### LEGAL STANDARD FOR A DEMURRER

Code of Civil Procedure §§ 430.30(a) and 430.50(a) authorize a response to a complaint by demurrer. Code of Civil Procedure § 430.30(a) supports the sustaining of a demurrer when the grounds for the objection appear on the face of the complaint. (See *id.*, at § 430.30(a).) The grounds for the objection include the failure of the complaint to state facts sufficient to constitute a cause of action. (*Id.*, at § 430.10(e).)

For the purposes of testing the sufficiency of the pleadings, the demurrer must admit the truth of all material facts properly pleaded but not the truth of "contentions, deductions or conclusions of law." (*Aubry v. Tri-City Hosp. Dist.* (1992) 2 Cal.4th 962, 967.) Conclusory averments and conclusions of law do not constitute a statement of fact upon which relief may be granted. (*Davaloo v. State Farm Ins. Co.* (2005) 135 Cal.App.4th 409, 415; *Smith v. Busniewski* (1952) 115 Cal.App.2d 124.) Allegations referring generally to "defendants" do not state a claim.

1  (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 829.)

2  Furthermore, "facts appearing in exhibits attached to the complaint will also be accepted as true and, if contrary to the allegations in the pleading, will be given precedence." (*Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627; *Holland v. Morse Diesel Int'l Co.* (2001) 86 Cal.App.4th 1443, 1447 ("If facts appearing in the exhibits contradict those alleged, the facts in the exhibits take precedence.").) A demurrer may also be based on facts subject to judicial notice, including documents referenced in the complaint and facts which may be reasonably implied or inferred therefrom. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Young v. Gannon* (2002) 97 Cal.App.4th 209, 220.)

## IV.

## PLAINTIFF'S BREACH OF CONTACT CLAIM FAILS

The requirement to plead Breach of Contract is well settled.

> To state a cause of action for breach of contract, [plaintiff] must plead the contract, his performance of the contract or excuse for nonperformance, [defendant's] breach and the resulting damage. Further, the complaint must indicate on its face whether the contract is written, oral, or implied by conduct. If the action is based on an alleged breach of written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference.

(*Otworth v. Southern Pacific Transportation Co.* (1985) 166 Cal.App.3d 452, 458-459 (interior citations omitted).)

The FAC served on Ocwen's counsel does not contain a full and complete copy of the August 2009 Fixed Rate Loan Modification. (*See* Plaintiff's FAC, Exhibit A). Therefore, it is entirely unclear what the true terms and conditions are. Additionally, Plaintiff attaches the November 2009 Fixed Rate Loan Modification Agreement with Term Extension, Deferred Principal and Debtor Forgiveness (the "November 2009 Modification"), which he executed. (*See* Plaintiff's FAC, Exhibit B). Plaintiff is upset the November 2009 Modification contains a deferment of $120,000.00. Rather than oppose this offer, Plaintiff accepted it. There has been no foreclosure process initiated against the Subject Property. In no way has Plaintiff successfully plead Breach of Contract nor has he plead any damages by way of any alleged breach.

Based thereon, the Demurrer should be sustained without leave to amend.

V.

**PLAINTIFF'S BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM FAILS**

The FAC contains no allegations that would support a claim for Breach of the Implied Covenant of Good Faith and Fair Dealing. The elements of this cause of action are: (1) Existence of contractual relationship; (2) implied duty; (3) breach; and (4) causation of damages. (*See Smith v. San Francisco* (1990) 225 Cal.App.3d 38, 49.) "[I]t is universally recognized [that] the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express terms of the contract." (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 373.) The implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." (*Agosta v. Astor* (2004) 120 Cal.App.4th 596, 607; *accord: Guz v. Bechtel Nat'l, Inc.* (2000) 24 Cal.4th 317, 349-50.) In particular, the implied covenant cannot be stretched to prohibit a party from doing that which the agreement expressly permits. (*Carma Developers (Cal.), Inc., supra*, 2 Cal.4th at 374-75.)

Here, Plaintiff has not sufficiently alleged how Ocwen breached any loan modification with Plaintiff when it was GMACM who negotiated the loan modifications with Plaintiff. Additionally, Ocwen continues to accept Plaintiff's mortgage payments and no foreclosure process has been initiated. Plaintiff still remains in the Subject Property.

Therefore, the Demurrer to this claim must be sustained without leave to amend.

VI.

**PLAINTIFF'S NEGLIGENCE CLAIM FAILS**

Plaintiff's claim for Negligence fails because he cannot show a duty on behalf of Ocwen. "The existence of a duty of care . . . is the essential prerequisite to a negligence cause of action, determined as a matter of law by the court." (*Nymark v. Heart Federal Savings & Loan Ass'n* (1991) 231 Cal.App.3d 1089, 1095.)

With respect to lenders, "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." "Liability to a borrower for negligence arises only when the lender 'actively participates' in the financed enterprise 'beyond the domain of the usual money lender.'" (*Wagner v. Benson* (1980) 101 Cal.App.3d 27, 35.)

Plaintiff provides no facts to show Ocwen's role was anything more than that of a mere money lender, or agent thereof. As discussed above, a lender does not owe a duty of care to a borrower. Accordingly, Ocwen's Demurrer should be sustained without leave to amend.

## VII.

## PLAINTIFF'S UNJUST ENRICHMENT CLAIM FAILS

The fourth cause of action for Unjust Enrichment fails because Unjust Enrichment is not a separate cause of action – rather, it is synonymous with restitution. (*McBride v. Boughton* (2004) 123 Cal.App.4th 379, 387 ("Unjust enrichment is not a cause of action, however, or even a remedy, but rather 'a general principle, underlying various legal doctrines and remedies'... It is synonymous with restitution.") A claim for restitution is only viable if one unjustly receives a benefit from another. (*See First Nationwide Savings v. Perry* (1992) 11 Cal.App.4th 1657, 1663 ("The person receiving the benefit is required to make restitution only if the circumstances are such that, as between the two individuals, it is unjust for the person to retain it.").) According to the Court of Appeal, restitution may be awarded "in lieu of breach of contract damages" or where a defendant "obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct." (*McBride*, 123 Cal.App.4th at 388.)

Here, there is nothing in Plaintiff's FAC for the "Unjust Enrichment" claim to stand on. The contractual allegations are incomplete. Plaintiff therefore states no independently viable claim here. Therefore, the Demurrer to this cause of action should be sustained without leave to amend.

# VIII.

## PLAINTIFF'S CLAIM FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 FAILS

Courts have made clear that California's Business and Professions Code § 17200 ("UCL") cannot be used as an end-run around the requirements of other statutes. (*Glenn K. Jackson Inc. v. Roe* (2001) 273 F.3d 1192, 1203 [dismissing UCL claim where underlying negligence and fraud claims were insufficient as a matter of law]; see also *Krantz v. BT Visual Images, L.L.C.* (2001) 89 Cal.App.4th 164, 178 [the viability of a UCL claim stands or falls with the antecedent substantive causes of action].) "A court may not allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition." (*Chabner v. United of Omaha Life Ins. Co.* (2000) 225 F.3d 1042, 1048; see also *Rubio v. Capital One Bank (USA)* (2008) 572 F.Supp.2d 1157, 1168 [since plaintiff's TILA claim failed, plaintiff's UCL predicated on TILA likewise failed].)

Plaintiff predicates his UCL claim on the same theories which provide the basis for each of his other causes of action. Indeed, his UCL claim is a mere recasting of his other claims. As all of Plaintiff's causes of actions fail—as do the faulty theories upon which they are predicated—so, too, does Plaintiff's UCL claim.

### A.    Plaintiff Has Not Identified Unlawful Activity

A section 17200 requires an underlying violation of law, any defense to the predicate claim is a defense to the alleged violation of the UCL. (See *Krantz v. BT Visual Images, L.L.C.* (2001) 89 Cal.App.4th 164, 178 [the viability of a UCL claim stands or falls with the antecedent substantive causes of action]; *People v. Duz-Mor Diagnostic Lab., Inc.* (1998) 68 Cal.App.4th 654, 673 (a defense to the underlying offense is a defense under the UCL); see also *Glenn K. Jackson Inc. v. Roe* (9th Cir. 2001) 273 F.3d 1192, 1203 [dismissing section 17200 claim where underlying negligence and fraud claims were insufficient as a matter of law].) As discussed above, each of Plaintiff's causes of action fail. Plaintiff's UCL claim is predicated on the same conduct which accounts for Plaintiff's other claims. Consequently, this claim, too, must fail.

### B. Plaintiff Has Not Alleged Unfair Activity

A business practice is considered "unfair" if it threatens to violate or violates the policy or spirit of an anti-trust law or otherwise significantly threatens or harms competition. (*Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 187.) However, if the customer has a meaningful market choice, i.e. other venders that offer reasonably available alternatives to the defendant's product, the challenged procedures cannot be considered "unfair." (*Dean Witter Reynolds, Inc. v. Sup. Ct.* (1989) 211 Cal.App.3d 758.) It can hardly be said that Plaintiff did not have alternative financial institutions that were reasonably available for his mortgage needs offering products and services other than those of Ocwen. As such, Plaintiff cannot allege that Ocwen's actions are "unfair" under Section 17200.

### C. Plaintiff Fails To Allege Fraudulent Conduct Under The UCL

A business practice is considered "fraudulent" within the meaning of § 17200 if the "public is likely to be deceived." (*Massachusetts Mutual Life Ins. Co. v. Superior Court* (2002) 97 Cal.App.4th 1282, 1290.) "The determination as to whether a business practice is deceptive is based on the likely effect such practice would have on a reasonable consumer." (*McKell v. Washington Mutual, Inc. et al.* (2006) 142 Cal.App.4th 1457, 1472, citing *Lavie v. Procter & Gamble Co.* (2003) 105 Cal.App.4th 496, 507.)

Plaintiff fails to allege any Fraud claim in his FAC. Based thereon, the Demurrer should be sustained without leave to amend.

## IX.
## CONCLUSION

Because each cause of action against Ocwen fails to state a claim, Ocwen respectfully requests the Court sustain its Demurrer as to each cause of action without leave to amend.

DATED: February 28, 2014

SEVERSON & WERSON
A Professional Corporation

By: *Yaron Shaham*
Yaron Shaham

Attorneys for Defendants GMAC MORTGAGE, LLC and OCWEN LOAN SERVICING, LLC

21000.0018/3141694.1

7

DEMURRER TO FAC

## PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On February 28, 2014, I served true copies of the following document(s):

**DEFENDANT OCWEN LOAN SERVICING, LLC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in this action as follows:

| | |
|---|---|
| Julio Pichardo<br>1201 East Sudene Avenue<br>Fullerton, CA 92831 | Plaintiff In Pro Per<br><br>Telephone: (714) 447-4207 |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on February 28, 2014, at Irvine, California.

_____
Stephanie A. Crisp