## **Exhibit D**

YARON SHAHAM (State Bar No. 217192)
ROBERT J. GANDY (State Bar No. 225405)
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, CA 92612-6578
Telephone:   (949) 442-7110
Facsimile:   (949) 442-7118

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

**05/19/2014** at 10:49:00 AM
Clerk of the Superior Court
By e Clerk, Deputy Clerk

JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, CA 94111-3715
Telephone:   (415) 398-3344
Facsimile:   (415) 956-0439

Attorneys for Defendants
GMAC MORTGAGE, LLC and OCWEN LOAN SERVICING,
LLC

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE – CENTRAL JUSTICE CENTER

JULIO PICHARDO,

       Plaintiff,

vs.

GMAC MORTGAGE, DOES 1 TO 10,

       Defendants.

Case No.: 30-2012-00581642-CU-CL-CJC
Hon. Frederick P. Aguirre
Dept. C23

**NOTICE OF RULING ON DEFENDANT
OCWEN LOAN SERVICING, LLC'S
DEMURRER TO PLAINTIFF'S FIRST
AMENDED COMPLAINT**

Date:      May 12, 2014
Time:      1:30 p.m.
Dept.:      C23

21000.0018/3141629.1

Notice of Ruling

1 **TO THE HONORABLE COURT, PLAINTIFF, HIS COUNSEL OF RECORD, AND ALL**

2 **OTHER INTERESTED PARTIES:**

3     **PLEASE TAKE NOTICE** that a true and correct copy of the Court's May 12, 2014

4 Minute Order is attached hereto and incorporated herein as Exhibit 1.

5

6 DATED:  May 16, 2014

                SEVERSON & WERSON
7                 A Professional Corporation

8                 By: _____

9                             Yaron Shaham

10                 Attorneys for Defendants GMAC MORTGAGE, LLC
and OCWEN LOAN SERVICING, LLC

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

21000.0018/3141629.1

# EXHIBIT "1"

**SUPERIOR COURT OF CALIFORNIA,**
**COUNTY OF ORANGE**
**CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 05/12/2014                    TIME: 01:30:00 PM        DEPT:  C23

JUDICIAL OFFICER PRESIDING: Frederick P. Aguirre
CLERK:  Joanne M Schwartz
REPORTER/ERM: Patrick Richard Brezna CSR# 5288
BAILIFF/COURT ATTENDANT:  Maria Concepcion

CASE NO: **30-2012-00581642-CU-CL-CJC**  CASE INIT.DATE: 07/06/2012
CASE TITLE: **Pichardo vs. GMAC Mortgage**
CASE CATEGORY: Civil - Unlimited        CASE TYPE: Other Collections

---

EVENT ID/DOCUMENT ID: 71907715

**EVENT TYPE**: Demurrer to Amended Complaint
MOVING PARTY: Ocwen Loan Servicing
CAUSAL DOCUMENT/DATE FILED: Demurrer to Amended Complaint, 02/28/2014

EVENT ID/DOCUMENT ID: 71914210

**EVENT TYPE**: CMC: Bankruptcy Removal

---

**APPEARANCES**
Thomas W. Gillen, counsel, present for Plaintiff(s).
Yaron Shaham, from Severson & Werson, present for Defendant(s) telephonically.

Tentative Ruling posted on the Internet .

The court (1) **grants** Defendant Ocwen Loan Servicing's request for judicial notice; (2) **sustains** the demurrer **with 20 days leave to amend** as to the third cause of action; (3) **sustains without leave to amend** as to the fourth cause of action; and (4) **overrules** as to all other causes of action.
Defendant's request to take judicial notice of the deed of trust to the subject property (Ex. A) is **granted**. As no opposition was filed, Plaintiff does not challenge the authenticity of this document or otherwise object.  Judicial notice is appropriate as to the existence of the document, its contents, and the clear legal effects thereof; but not the truth of any statements therein.  (Evid. Code, §§ 452, subds. (c), (h), 453; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264-265.)
**Demurrer to the first cause of action for breach of contract is overruled.**
Although Defendant Ocwen may not have received a full copy of the 08/10/09 loan modification agreement, the court-filed copy of the FAC appears to contain the full agreement.  (See FAC, Ex. A.)  In any event, a written contract may be pleaded either word for word or generally "according to its legal intendment and effect." (See *Construction Protective Services, Inc. v. TIG Specialty Ins. Co.* (2002) 29 Cal.4th 189, 198–199.) Here, Plaintiff pled the latter, alleging that the 08/10/08 agreement modified the loan by reducing the monthly payments and forgiving $120,000.
To the extent Defendant Ocwen is arguing that the 11/10/09 loan modification supersedes the 08/10/09 agreement, it appears that Plaintiff is asserting he signed the 11/10/09 version under duress.  The doctrine "can apply when one party has done a wrongful act which is sufficiently coercive to cause a

---

reasonably prudent person, faced with no reasonable alternative, to agree to an unfavorable contract." (*CrossTalk Prods., Inc. v. Jacobson* (1998) 65 Cal.App.4th 631, 644.) Duress may consist of threats to property interests, and wrongful acts include the assertion of a claim known to be false and a bad faith threat to breach a contract. (*Id.* at 645.) Whether Plaintiff had a reasonable alternative "is a factual one, rarely if ever susceptible to determination on demurrer." (*Id.* at 644) Here, Plaintiff alleges he was in the hospital when GMAC insisted he sign another "original" loan modification agreement or be faced with foreclosure, and the agreement submitted to him turned out to be a revised agreement that eliminated the $120,000 loan forgiveness. (FAC, ¶¶ 11-12.)

Finally, Plaintiff alleges damages from Defendants' demand of $120,000 that was allegedly forgiven on the loan. To the extent Defendant Ocwen argues that there are no damages because Plaintiff has not paid the additional $120,000, the court **construes** this claim as one for declaratory relief as to whether an additional $120,000 is owed on the loan. (See *Quelimane Co., Inc. v. Stewart Title Guar. Co.* (1998) 19 Cal.4th 26, 38–39 [if the essential facts of some valid cause of action are alleged, the complaint is good against a general demurrer].)

**Demurrer to the second cause of action for breach of covenant of good faith and fair dealing is overruled.**

"It has long been recognized, of course, that every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.* (1992) 2 Cal.4th 342, 374.) A loan servicer has an implied duty to service the loan under the terms of the operative loan agreement. (See *Barroso v. Ocwen Loan Servicing, LLC* (2012) 208 Cal.App.4th 1001, 1014-1015 [liability may attach for loan servicer's failure to modify loan documents pursuant to modification agreement].)

Here, Plaintiff essentially alleges Defendant Ocwen was obligated to service the loan under the terms of the 08/10/09 loan modification agreement and breached the duty of good faith and fair dealing by servicing the loan under the 11/10/09 modification agreement, which demands $120,000 more in principal from Plaintiff. (FAC, ¶¶ 18-19.)

**Demurrer to the third cause of action for negligence is sustained with 20 days' leave to amend.**

Defendant Ocwen correctly points out that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (*Ragland v. U.S. Bank Nat. Assn.* (2012) 209 Cal.App.4th 182, 206 [internal quotations omitted].) Thus, there is no generalized duty imposed on Defendant Ocwen to properly administer the loan modification program.

**Demurrer to fourth cause of action for unjust enrichment is sustained without leave to amend.**

Unjust enrichment is a remedy, not a cause of action. (*Melchior v. New Line Productions, Inc.* (2003) 106 Cal.App.4th 779, 793.) Accordingly, it fails as a matter of law to state a cause of action.

**Demurrer to fifth cause of action for violation of Bus. & Prof. Code, § 17200 is overruled.**

As set forth above, Plaintiff has alleged duress in the execution of the 11/10/09 agreement. Such conduct and the subsequent efforts to collect on a loan amount wherein a substantial portion has allegedly been forgiven may constitute unfair and fraudulent activity.

Moving Party is ordered to give notice.

The Court having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

The Court confirms the tentative ruling as follows:

CASE TITLE: Pichardo vs. GMAC Mortgage     CASE NO: **30-2012-00581642-CU-CL-CJC**

---

The Court orders Demurrer sustains the demurrer with 20 days leave to amend as to the third cause of action; sustains without leave to amend as to the fourth cause of action; and overrules as to all other causes of action.

Plaintiff is granted leave to amend Complaint within 20 days.

Moving party/Defendant is ordered to prepare the Notice of Ruling and give notice.

Bankruptcy remains pending as to Defendant GMAC.

CMC: Bankruptcy Removal continued to 07/21/2014 at 08:30 AM in this department.

Court orders Plaintiff to give notice.

---

## PROOF OF SERVICE

1

2      At the time of service, I was over 18 years of age and not a party to this action. I am
employed in the County of Orange, State of California. My business address is The Atrium,
3      19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

4      On May 16 2014, I served true copies of the following document(s):

5      **NOTICE OF RULING ON DEFENDANT OCWEN LOAN SERVICING, LLC'S
DEMURRER TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

6

7      on the interested parties in this action as follows:

8      Julio Pichardo                          Plaintiff In Pro Per
1201 East Sudene Avenue
Fullerton, CA  92831

9                                              Telephone:    (714) 447-4207

10     **BY MAIL:**  I enclosed the document(s) in a sealed envelope or package addressed to the
persons at the addresses listed in the Service List and placed the envelope for collection and
11     mailing, following our ordinary business practices. I am readily familiar with Severson &
Werson's practice for collecting and processing correspondence for mailing. On the same day that
12     the correspondence is placed for collection and mailing, it is deposited in the ordinary course of
business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

13

14     I declare under penalty of perjury under the laws of the State of California that the
foregoing is true and correct.

15     Executed on May 16 2014, at Irvine, California.

16

17

18                                      Stephanie A. Crisp

19

20

21

22

23

24

25

26

27

28

21000.0018/3141629.1