# **Exhibit E**

THOMAS W. GILLEN (SBN 152569)
1440 N. Harbor Blvd., Suite 811
Fullerton, CA 92835
Phone: (714) 449-3387    Fax: (714) 879-0938

Attorney for JULIO PICHARDO

ELECTRONICALLY FILED
Superior Court of California,
County of Orange

06/02/2014 at 09:18:00 AM

Clerk of the Superior Court
By Maria Gina Barr, Deputy Clerk

# SUPERIOR COURT OF CALIFORNIA – COUNTY OF ORANGE

## CENTRAL JUSTICE CENTER – UNLIMITED

| | |
|---|---|
| JULIO PICHARDO, an Individual; and<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC AS DOE 1, Does 2-10 Inclusive<br><br>Defendants | CASE NO. 30-2012-00581642 – CU CL CJC<br><br>Assigned to Hon. Frederick Aguirre<br>Dept. C23<br><br>SECOND AMENDED COMPLAINT FOR:<br>1. BREACH OF CONTRACT;<br>2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING;<br>3. STATUTORY RELIEF;<br>4. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200<br>5. INJUNCTIVE RELIEF |

Plaintiff JULIO PICHARDO complains alleges:

## GENERAL ALLEGATIONS

1. Plaintiff JULIO PICHARDO ("PICHARDO") is an adult over the age of 18 and at all relevant times herein a resident of Orange County, California.

2. Plaintiff is informed and believes and based thereon alleges that previous Defendant GMAC MORTGAGE ("GMAC") has sought relief by a proceeding in the Bankruptcy Court. This action is presently directed against Ocwen, LLC.

3. Plaintiff is informed and believes and based thereon alleges that Defendant

---

SECOND AMENDED COMPLAINT FOR: 1. BREACH OF CONTRACT; 2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; 3. STATUTORY RELIEF; 4. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200; 5. INJUNCTIVE RELIEF

1

1   OCWEN LOAN SERVICING ("OCWEN") sued herein as DOE 1 is a residential lending
2   service company authorized to do business in the State of California, including the County of
3   Orange. Plaintiff is further informed and believes and based thereon alleges that OCWEN
4   LOAN SERVICING purchased the mortgage portfolio of Defendant GMAC MORTGAGE
5   and serviced the loans of former GMAC customers, including Plaintiff.

6       4.   Plaintiff is ignorant of the true names and capacities of Defendants sued as DOES 2
7   through 10, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff
8   believes that each fictitiously sued Defendant was in some way responsible for the acts alleged
9   in the Complaint. Plaintiff will amend his complaint to allege the true names and capacities
10  when ascertained.

## FACTUAL ALLEGATIONS

5.  Plaintiff is an individual with modest means and limited fixed income.

6.  In 1991 Plaintiff purchased the real property located at 1201 East Sudene Avenue, Fullerton, California 92831.

7.  On or about August 5, 2009, after months of negotiation and proof of financial hardship Plaintiff received preliminary approval from GMAC Mortgage for a loan modification (hereinafter "FIXED RATE LOAN MODIFICATION AGREEMENT") for the subject property. The FIXED RATE LOAN MODIFICATION AGREEMENT reduced Plaintiff's monthly mortgage payment to $622.53. The FIXED RATE LOAN MODIFICATION AGREEMENT also provided Plaintiff with $120,000 in principal forgiveness from $199,000 to $63,272.87. The FIXED RATE LOAN MODIFICATION AGREEMENT stated:

> **Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by the Security Instrument (the "Principal Balance") is Sixty Three Thousand Two Hundred Seventy Two Dollars and Eighty Seven Cents ($ 63,272,87). Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting**

SECOND AMENDED COMPLAINT FOR: 1. BREACH OF CONTRACT; 2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; 3. STATUTORY RELIEF; 4. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200; 5. INJUNCTIVE RELIEF

2

of the amounts(s) loaned to the Borrower by Lender and any accrued but unpaid interest capitalized to date.

8. In acceptance of the agreement, on August 8, 2009, Plaintiff executed and notarized the FIXED RATE LOAN MODIFICATION AGREEMENT and returned it to GMAC along with the required first payment. (A true and correct copy of the FIXED RATE LOAN MODIFICATION AGREEMENT is attached as Exhibit "A".)

9. On August 10, 2009, GMAC through its Limited Signing Officer, Kris M. Caya, executed and notarized the FIXED RATE LOAN MODIFICATION AGREEMENT.

10. In September 2009, despite having just reached a loan modification agreement with GMAC, Plaintiff began to receive telephone calls from GMAC representatives stating that Plaintiff was behind on his monthly mortgage payments and threatening him with foreclosure on his home. These statements were false and GMAC knew they were false as Plaintiff had maintained his mortgage account in current standing.

11. In November 2009, Plaintiff was admitted to the hospital for a serious medical condition. While in the hospital, Plaintiff received a call from GMAC demanding another signed "original" of the FIXED RATE LOAN MODIFICATION AGREEMENT, which GMAC had already signed back on August 10, 2009. When Plaintiff advised GMAC that he had a copy of the August 2009 signed and notarized FIXED RATE LOAN MODIFICATION AGREEMENT, GMAC rejected Plaintiff's offer and stated that they would overnight to Plaintiff a new document for signature. Plaintiff insisted that a new document did not need to be delivered overnight, and in response GMAC threatened Plaintiff with foreclosure of his home if he did not sign the new document to be overnighted to Plaintiff.

12. On or about November 10, 2009, Plaintiff received via overnight mail a document which purported to be an original of the FIXED RATE LOAN MODIFICATION AGREEMENT, but in fact, was a loan document that unilaterally modified the terms of the August 2009 FIXED RATE LOAN MODIFICATION AGREEMENT. The new document unilaterally changed the terms of the unpaid principal balance on Plaintiff's mortgage from

SECOND AMENDED COMPLAINT FOR: 1. BREACH OF CONTRACT; 2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; 3. STATUTORY RELIEF; 4. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200; 5. INJUNCTIVE RELIEF

principal forgiveness to principal deferment. The new document entitled "FIXED RATE LOAN MODIFICATION AGREEMENT WITH TERM EXTENSION, DEFERRED PRINCIPAL AND DEBT FORGIVENESS" stated:

> Borrower acknowledges that as of the Effective Date, the amount payable under the Note and Security Instrument (New Principal Balance is $63,272.87. This represents a reduction in my old principal balance (the balance due prior to the date of this loan modification) by $120,000.00 (Total Deferred + Forgiven Principal) of which $0.00 is being forgiven in full and $120,000.00 is being deferred (the "Deferred Principal Balance") until the extended Term of my loan expired (the New Maturity Date or when I payoff my loan the time when I sell or transfer any interest in my home, refinance the loan, or when the last scheduled payment is due, and the Lender will be under no obligation to refinance my loan. Until I am required to payoff the Deferred Principal Balance, I will be required to pay or make monthly payments on the deferred amount.

13. At no time prior to Plaintiff's stay in the hospital and receipt of the November loan modification documents did GMAC ever raise or discuss the option of principal deferment with Plaintiff. Under the threat of home foreclosure and faced with Plaintiff's immediate medical emergency requiring hospitalization, Plaintiff reluctantly signed the document to save his home. On November 12, 2009, Plaintiff executed and notarized the FIXED RATE LOAN MODIFICATION AGREEMENT WITH TERM EXTENSION, DEFERRED PRINCIPAL AND DEBT FORGIVENESS. (A true and correct copy of the FIXED RATE LOAN MODIFICATION AGREEMENT WITH TERM EXTENSION, DEFERRED PRINCIPAL AND DEBT FORGIVENESS is attached as Exhibit "B".)

14. While continuing to threaten Plaintiff with foreclosure if he did not sign the FIXED RATE LOAN MODIFICATION AGREEMENT WITH TERM EXTENSION, DEFERRED PRINCIPAL AND DEBT FORGIVENESS, GMAC itself refused to sign the agreement.

15. Between November 2009 and 2012, Plaintiff continued to make the monthly mortgage payments. Despite Plaintiff's efforts to keep his mortgage account current, he continually received statements from GMAC that he owed more money in undisclosed fees

---

SECOND AMENDED COMPLAINT FOR: 1. BREACH OF CONTRACT; 2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; 3. STATUTORY RELIEF; 4. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200; 5. INJUNCTIVE RELIEF

4

and costs. When Plaintiff would inquire about these fees and costs, GMAC would again threaten Plaintiff with home foreclosure if he did not pay the additional fees and costs. Out of fear that Plaintiff would lose his home to foreclosure, Plaintiff continued to make the irregular payments to GMAC despite the fact that Plaintiff lived on a fixed income and has limited means.

16. On or about July 6, 2012, Plaintiff filed a Complaint in the Orange County Superior Court for Violation of the Fair Debt Collections Practice Act, Negligent Misrepresentation, Violation of Business and Professions Code Section 17200 and Violation of Business and Professions Code Section 17500 against GMAC MORTGAGE.

17. On or about February 7, 2013, Plaintiff received notice that GMAC transferred servicing of his mortgage from GMAC to OCWEN LOAN SERVICING LLC. The notice further stated that "transfer of servicing does not affect any term or condition of the mortgage documents, other than those directly related to the servicing of your loan." The principal balance Plaintiff owed on his mortgage loan was $54,101.68.

18. Shortly after OCWEN began servicing of Plaintiff's mortgage, Plaintiff began receiving unsolicited letters purporting to state Plaintiff's request for additional loan modifications. At no time did Plaintiff request another loan modification on the subject property as Plaintiff had already modified the mortgage loan back in August 2009.

19. On or about April 12, 2013, Plaintiff received an unsolicited Loan Payoff Statement from OCWEN. The Payoff Statement had a total due of $173,781.77, with a deferred amount of $120,000. This deferred principal amount was contrary to any term in the August 2009 FIXED RATE LOAN MODIFICATION AGREEMENT executed between Plaintiff and GMAC.

20. As a direct and proximate result of Defendants' actions, Plaintiff has and continues to be harmed and threatened with foreclosure of his home.

SECOND AMENDED COMPLAINT FOR: 1. BREACH OF CONTRACT; 2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; 3. STATUTORY RELIEF; 4. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200; 5. INJUNCTIVE RELIEF

# FIRST CAUSE OF ACTION

# BREACH OF CONTRACT

### (Against all Defendants)

21. Plaintiff re-alleges paragraphs 1 through 20 and incorporates them herein by reference as though restated herein in full.

22. Plaintiff's August 8, 2009, FIXED RATE LOAN MODIFICATION AGREEMENT sets forth the terms, including outstanding principal balance, date the monthly principal and interest payments that are due.

23. Defendants refuse to accept Plaintiff's payment under the terms of the August 8, 2009, FIXED RATE LOAN MODIFICATION AGREEMENT and threatened to foreclose on Plaintiff's home.

24. As a direct and proximate result of Defendants' breach, Plaintiff has suffered compensatory damages in an amount to be proven at trial.

# SECOND CAUSE OF ACTION

# BREACH OF COVENANT OF

# GOOD FAITH AND FAIR DEALING

### (Against All Defendants)

25. Plaintiff re-alleges paragraphs 1 through 23 and incorporates them herein by reference as though restated herein in full.

26. Every contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement. This implied covenant of good faith and fair dealing requires that no party will do anything that will have the effect of impairing, destroying, or injuring the rights of the other party to receive the benefits of their agreement. The covenant implies that in all contacts each party will do all things reasonably contemplated by the terms of the contract to accomplish its purpose. This covenant protects the benefits of the contract that the parties reasonably contemplated when they entered into the agreement.

SECOND AMENDED COMPLAINT FOR: 1. BREACH OF CONTRACT; 2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; 3. STATUTORY RELIEF; 4. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200; 5. INJUNCTIVE RELIEF

6

27. The August 2009 FIXED RATE LOAN MODIFICATION AGREEMENT states that Plaintiff would enjoy the benefit of a loan modification with a new principal balance of $63,272.87.

28. The Defendants did not act in good faith when they demanded that Plaintiff execute another "original" loan modification when in fact Defendants intended to unilaterally change the terms of the loan modification from a principal forgiveness to principal deferment.

29. Defendants will fully breached the implied covenant of good faith and fair dealing with Plaintiff when Defendants threatened Plaintiff with foreclosure if he did not sign the November 2009 Loan Modification changing to the terms to principal deferment.

30. As a direct and proximate result of Defendants' breach of this covenant, Plaintiff has suffered general and special damages in an amount to be determined at trial.

## THIRD CAUSE OF ACTION
## FOR EQUITABLE RELIEF

**Pursuant to the Consumer Financial Protection Act of 2010 12 U.S.C. § 5481 (CFPA) California Law Prohibiting Unfair and Deceptive Practices With Respect to Loan Servicing and Foreclosure Processing Per Civil Code §§ 2920.5 and 2923.7**

**(All Defendants)**

31. Plaintiff incorporates herein, in haec verba, paragraphs 1 through 23 and 26 through 27, and further alleges.

32. Defendant OCWEN failed to service Plaintiff's loan in accordance with the express terms of the written agreement, the implied terms of good faith and fair dealing, and the multiple provisions of the California Civil Code. These failures include, but are not limited to:

    (a) Assessing improper or excessive account fees;

    (b) Improperly characterizing customer's accounts as being late or in default;

    (c) Improperly threatening customers' homes as on the verge of foreclosure proceedings;

SECOND AMENDED COMPLAINT FOR: 1. BREACH OF CONTRACT; 2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; 3. STATUTORY RELIEF; 4. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200; 5. INJUNCTIVE RELIEF

(d) Misapplying or failing to apply customer payments;

(e) Failing to provide adequate monthly statements to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed;

(f) Seeking to collect, and collecting, various improper fees, costs and charges, that are either not legally due under the mortgage contract or California law, or that are in excess of amounts legally due;

(g) Mishandling borrowers' mortgage payments and failing to timely or properly credit payments received, resulting in late charges, delinquencies or defaults;

(h) Treating borrowers as if in default on their loans even though the borrowers have tendered timely and sufficient payments or have otherwise complied with mortgage requirements or California law;

(i) Failing to disclose fees, costs and charges allowable under the mortgage contract;

(j) Ignoring grace periods; and

(k) Executing and recording false and misleading documents.

33. Further, Defendant OCWEN has not complied with Civil Code Sections 2920.5, 2923.7, 2943, 2954.1, 2954.2, 2954.4, 2954.5 and such other and further requirements as may be determined upon receipt of the requested accounting.

34. Defendant OCWEN has not corrected the above abuses although requested to do so.

35. Notwithstanding the statutory mandate, Defendant OCWEN has not established a single point of contact which would have provided Plaintiff with a direct means of communication to discuss, and correct, the many abuses described herein.

36. Plaintiff has performed all matters required of him by the loan documents.

37. By reason of the facts herein alleged, Plaintiff requests Orders of this Court directing Defendant OCWEN to:

(a) Establish a single point of contact;

SECOND AMENDED COMPLAINT FOR: 1. BREACH OF CONTRACT; 2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; 3. STATUTORY RELIEF; 4. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200; 5. INJUNCTIVE RELIEF

 (b) Provide a full and complete accounting;

 (c) Correct its accounting to conform to California statutes;

 (d) To initiate the foreclosure prevention program if the accounting indicates any possibility of a default, and

 (e) Award to Plaintiff his attorney fees and costs.

## FOURTH CAUSE OF ACTION

## VIOLATION OF BUSINESS AND PROFESSIONS CODE SECTION 17200

### (Against All Defendants)

38. Plaintiff re-alleges paragraphs 1 through 20 and 23 and incorporates them herein by reference as though restated herein in full.

39. California Business and Professions Code Section 17200, et seq., prohibits acts of unfair competition, which means and includes any "unlawful, unfair or fraudulent business act or practice...."

40. As more fully described above, the acts and practices of Defendants are likely to constitute an unlawful, unfair and fraudulent business practice. Defendants' conduct is ongoing and continues to this date.

41. Specifically, Defendants engage in the deceptive business practices with respect to mortgage loan servicing, preparation and recordation of notes and security instruments, foreclosure of residential property and related matters by:

 (a) Assessing improper or excessive account fees;

 (b) Improperly characterizing customers' accounts as being late or in default;

 (c) Improperly threatening customers' homes as on the verge of foreclosure proceedings;

 (d) Misapplying or failing to apply customer payments;

 (e) Failing to provide adequate monthly statements to customers regarding the status of their accounts, payments owed, and/or basis for fees assessed.

SECOND AMENDED COMPLAINT FOR: 1. BREACH OF CONTRACT; 2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; 3. STATUTORY RELIEF; 4. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200; 5. INJUNCTIVE RELIEF

Plaintiff is therefore entitled to injunctive relief and attorneys' fees as available under California Business and Professions Code Section 17200 and related sections.

### FIFTH CAUSE OF ACTION
### EQUITABLE RELIEF
### TRO AND INJUNCTIVE RELIEF

45. Plaintiff incorporates herein, in haec verba, the allegations of preceding paragraphs 1 through 44 inclusive, and further alleges.

46. Notwithstanding Plaintiff's performance, Defendant OCWEN continues to threaten to initiate non judicial foreclosure proceedings.

47. Notwithstanding the fact that the operative agreement between the parties is the Agreement attached hereto as Exhibit 1, Defendant OCWEN continues to assert that its rights are established by the document attached hereto as Exhibit 2.

48. Plaintiff has no adequate remedy at law, as damages are by law inadequate to compensate one for the loss of one's home.

49. By reason of the facts herein alleged, Plaintiff is entitled to TRO and/or preliminary injunctions to preclude Defendants from any foreclosure proceeding until after Plaintiff's rights and payments are properly defined and ascertained; and then only if Plaintiff is determined to be at fault.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant, and each of them, as follows:

1. An Order of the Court declaring the operative contract is the document between the parties dated August 10, 2009 and attached as Exhibit A;

2. Orders directing OCWEN to:

SECOND AMENDED COMPLAINT FOR: 1. BREACH OF CONTRACT; 2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; 3. STATUTORY RELIEF; 4. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200; 5. INJUNCTIVE RELIEF

10

(a) Establish a single point of contact;

(b) Provide a full and complete accounting;

(c) Correct its accounting to conform to California statutes; and

(d) Initiate a foreclosure prevention program, if needed;

3. For actual, compensatory and consequential damages in an amount to be proved at trial;

4. For restitution;

5. For injunctive relief;

6. For punitive damages;

7. For other cost of suit herein;

8. For attorneys' fees where permitted by law; and

9. For such other and further relief as this Court deems just and proper.

Date: 5/30/14

THOMAS W. GILLEN
Attorney for Plaintiff

SECOND AMENDED COMPLAINT FOR: 1. BREACH OF CONTRACT; 2. BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING; 3. STATUTORY RELIEF; 4. VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200; 5. INJUNCTIVE RELIEF

1

PROOF OF SERVICE
(Section 1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA )

COUNTY OF ORANGE )

I am employed in the county of Orange, State of California. I am over the age 18 and not a party to the within action. My business address is 1440 N. Harbor Blvd., Suite 811, Fullerton, CA 92835.

On May 30, 2014                              , I served the foregoing document(s) described as SECOND AMENDED COMPLAINT
on interested parties in this action.

       Yaron Shaham
       Severson & Werson
       19100 Von Karman Ave. Suite 700
       Irvine, CA 92612

### BY MAIL OR PERSONAL SERVICE

_____ For additional interested parties, see attached.
_____ by placing a true copy thereof enclosed in sealed envelopes addressed as follows:
_____ (BY OVERNIGHT EXPRESS MAIL) I deposited such envelope with postage thereon fully prepaid in the United States mail at facility regularly maintained by the United States Postal Service at Fullerton, CA.
__X__ (BY MAIL) I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with U.S. Postal service on that same day in the ordinary course of business with postage thereon fully prepaid. I am aware that on motion of party service, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.
_____ BY PERSONAL SERVICE. By causing to be personally delivered copies to the person served.
_____ BY PERSONAL SERVICE. Messenger Service delivered such envelope by hand to the office of the addressee.

### DECLARATION OF SERVICE BY FACSIMILE

_____ BY FACSIMILE. I transmitted from a facsimile transmission machine whose telephone number is 714/879-0938 the documents described above and an unsigned copy of this Declaration to the person(s) listed above.

Executed on May 30 May 30, 2014                , at Fullerton, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Ken Hagen
Type or Print Name                              (Signature)