# **Exhibit F**

ROBERT J. GANDY (State Bar No. 225405)
rjg@severson.com
YARON SHAHAM (State Bar No. 217192)
ys@severson.com
SEVERSON & WERSON
A Professional Corporation
The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, California 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

JOHN B. SULLIVAN (State Bar No. 96742)
SEVERSON & WERSON
A Professional Corporation
One Embarcadero Center, Suite 2600
San Francisco, California 94111
Telephone: (415) 398-3344
Facsimile: (415) 956-0439

Attorneys for Defendant
OCWEN LOAN SERVICING, LLC

**ELECTRONICALLY FILED**
Superior Court of California,
County of Orange

**06/10/2014** at 03:51:00 PM

Clerk of the Superior Court
By Enrique Veloz, Deputy Clerk

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF ORANGE — CENTRAL JUSTICE CENTER

| | |
|---|---|
| JULIO PICHARDO,<br><br>Plaintiff,<br><br>vs.<br><br>OCWEN LOAN SERVICING, LLC AS DOE 1; DOES 2 – 10 INCLUSIVE,<br><br>Defendants. | Case No. 30-2012-00581642-CU-CL-CJC<br>Assigned for All Purposes to:<br>Hon. Frederick P. Aguirre<br>Dept. C23<br><br>**DEFENDANT OCWEN LOAN SERVICING, LLC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>[*Filed concurrently with Request for Judicial Notice and Proposed Order*]<br><br>Date:            August 25, 2014<br>Time:           1:30 p.m.<br>Dept.:           C23<br>Reservation No:  71968430<br><br>Action Filed:   July 6, 2012<br>Trial Date:     Not Set |

12475.0008/3300880.1

DEMURRER TO SAC

**TO THE HONORABLE COURT, PLAINTIFF, HIS COUNSEL OF RECORD, AND ALL OTHER INTERESTED PARTIES:**

**PLEASE TAKE NOTICE** that on August 25, 2014, at 1:30 p.m., or as soon thereafter as counsel may be heard in Department C-23 of the above-entitled Court, located at 700 Civic Center Drive West, Santa Ana, CA 92701, a hearing will be held on the Demurrer of Defendant Ocwen Loan Servicing, LLC ("Ocwen" or "Defendant") to the Second Amended Complaint filed by Plaintiff Richard Pichardo ("Plaintiff").

This Demurrer is made on the grounds that each and every cause of action set forth in the Second Amended Complaint fails to state facts sufficient to constitute a cause of action against Defendant pursuant to Code of Civil Procedure Section 430.10(e), and is uncertain pursuant to Code of Civil Procedure Section 430.10(f).

The Demurrer is based on this Notice, the Demurrer, Memorandum of Points and Authorities, the concurrently filed Request for Judicial Notice, as well as the Second Amended Complaint and all other papers on file in this action.

DATED: June 9, 2014

SEVERSON & WERSON
A Professional Corporation

By: /s/ Yaron Shaham
Yaron Shaham

Attorneys for Defendant OCWEN LOAN SERVICING, LLC

## DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT

Defendant Ocwen Loan Servicing, LLC ("Ocwen") hereby demurs to the Second Amended Complaint of Plaintiff Richard Pichardo ("Plaintiff") on the following grounds:

### Demurrer to First Cause of Action

### (Breach of Contract)

1. Plaintiff's first cause of action for Breach of Contract fails to state facts sufficient to constitute a cause of action against Ocwen. (Code Civ. Proc. § 430.10(e).)

2. Plaintiff's first cause of action for Breach of Contract fails as it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

### Demurrer to Second Cause of Action

### (Breach of the Implied Covenant of Good Faith and Fair Dealing)

1. Plaintiff's second cause of action for Breach of the Implied Covenant of Good Faith and Fair Dealing fails to state facts sufficient to constitute a cause of action against Ocwen. (Code Civ. Proc. § 430.10(e).)

2. Plaintiff's second cause of action for Breach of the Implied Covenant of Good Faith and Fair Dealing fails as it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

### Demurrer to Third Cause of Action

### (Equitable Relief)

1. Plaintiff's third cause of action for Equitable Relief fails to state facts sufficient to constitute a cause of action against Ocwen. (Code Civ. Proc. § 430.10(e).)

2. Plaintiff's third cause of action for Equitable Relief fails as it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

### Demurrer to Fourth Cause of Action

### (Violation of Business and Professions Code section 17200)

1. Plaintiff's fourth cause of action for Violation of Business and Professions Code section 17200 fails to state facts sufficient to constitute a cause of action against Ocwen. (Code Civ. Proc. § 430.10(e).)

    2.    Plaintiff's fourth cause of action for Violation of Business and Professions Code section 17200 fails as it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

### Demurrer to Fifth Cause of Action

### (Injunctive Relief)

    1.    Plaintiff's fifth cause of action for Injunctive Relief fails to state facts sufficient to constitute a cause of action against Ocwen. (Code Civ. Proc. § 430.10(e).)

    2.    Plaintiff's fifth cause of action for Injunctive Relief fails as it is uncertain, ambiguous, and unintelligible. (Code Civ. Proc. § 430.10(f).)

DATED: June 9, 2014

SEVERSON & WERSON
A Professional Corporation

By: _____
Yaron Shaham

Attorneys for Defendant OCWEN LOAN SERVICING, LLC

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

Plaintiff Richard Pichardo ("Plaintiff") alleges in his Second Amended Complaint ("SAC") he is the lawful owner of the real property located at 1201 East Sudene Avenue, Fullerton, CA 92381 (the "Subject Property"). Plaintiff obtained a loan modification in or around August 2009. Plaintiff alleges the handling of the modification and what is owed is not being properly handled. In light of Defendant Ocwen Loan Servicing, LLC's ("Ocwen" or "Defendant") alleged wrongdoing, Plaintiff is seeking to recover monetary damages and equitable relief

Plaintiff's Breach of Contract claim fails since he has failed to allege the material terms or how said contract was breached and his resulting damage. The Breach of the Implied Covenant of Good Faith and Fair Dealing fails because Ocwen was not a party to the purported loan modification negotiations. Plaintiff's third cause of action fails since the cited Federal Statute only applies to "Definitions" and not a private right of action. Additionally, the third cause of action fails since the probable California Homeowners Bill of Rights allegations do not apply. Plaintiff's Violation of Business and Professions Code section 17200 claim is insufficiently plead. Finally, Plaintiff's Injunctive Relief claim is a remedy and not a cause of action, so it cannot succeed.

## II.

## FACTUAL BACKGROUND

Plaintiff alleges he acquired his interest in the Subject Property in 1991. (SAC, ¶6.)

On or about July 31, 2003, Plaintiff obtained a re-finance loan ("Subject Loan") from Home Star Mortgage Services, LLC in the amount of $199,000.00, secured by a Deed of Trust ("Subject Deed of Trust"), which was recorded on August 7, 2003. (Ocwen's Request for Judicial Notice ("RJN"), Ex. A.)

On or about August 8, 2009, Plaintiff entered into a Fixed Rate Loan Modification Agreement with GMAC Mortgage, LLC ("GMACM") concerning the Subject Loan. (SAC, ¶8). Plaintiff alleges that between November 2009 and 2012, he continued to make the required

21000.0019/2844095.1

DEMURRER TO SAC

payments per the terms of the loan modification. (SAC, ¶15).

In November 2009, Plaintiff alleges he executed a Fixed Rate Loan Modification Agreement with Term Extension, Deferred Principal and Debt Forgiveness. (SAC, ¶13). Though Plaintiff alleges this Agreement is attached to the SAC as "Exhibit B", it is missing.

Plaintiff further alleges servicing of the Subject Loan was transferred by GMACM to Ocwen on or about February 7, 2013. (SAC, ¶17). Plaintiff further alleges that on or about April 12, 2013, he received an unsolicited Loan Payoff Statement from Ocwen. (SAC, ¶19).

### III.

### LEGAL STANDARD FOR A DEMURRER

Code of Civil Procedure §§ 430.30(a) and 430.50(a) authorize a response to a complaint by demurrer. Code of Civil Procedure § 430.30(a) supports the sustaining of a demurrer when the grounds for the objection appear on the face of the complaint. (See *id.*, at § 430.30(a).) The grounds for the objection include the failure of the complaint to state facts sufficient to constitute a cause of action. (*Id.*, at § 430.10(e).)

For the purposes of testing the sufficiency of the pleadings, the demurrer must admit the truth of all material facts properly pleaded but not the truth of "contentions, deductions or conclusions of law." (*Aubry v. Tri-City Hosp. Dist.* (1992) 2 Cal.4th 962, 967.) Conclusory averments and conclusions of law do not constitute a statement of fact upon which relief may be granted. (*Davaloo v. State Farm Ins. Co.* (2005) 135 Cal.App.4th 409, 415; *Smith v. Busniewski* (1952) 115 Cal.App.2d 124.) Allegations referring generally to "defendants" do not state a claim. (*Falahati v. Kondo* (2005) 127 Cal.App.4th 823, 829.)

Furthermore, "facts appearing in exhibits attached to the complaint will also be accepted as true and, if contrary to the allegations in the pleading, will be given precedence." (*Dodd v. Citizens Bank of Costa Mesa* (1990) 222 Cal.App.3d 1624, 1627; *Holland v. Morse Diesel Int'l Co.* (2001) 86 Cal.App.4th 1443, 1447 ("If facts appearing in the exhibits contradict those alleged, the facts in the exhibits take precedence.").) A demurrer may also be based on facts subject to judicial notice, including documents referenced in the complaint and facts which may be reasonably implied or inferred therefrom. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318; *Young v.*

*Gannon* (2002) 97 Cal.App.4th 209, 220.)

## IV.

## PLAINTIFF'S BREACH OF CONTACT CLAIM FAILS

The requirement to plead Breach of Contract is well settled.

> To state a cause of action for breach of contract, [plaintiff] must plead the contract, his performance of the contract or excuse for nonperformance, [defendant's] breach and the resulting damage. Further, the complaint must indicate on its face whether the contract is written, oral, or implied by conduct. If the action is based on an alleged breach of written contract, the terms must be set out verbatim in the body of the complaint or a copy of the written instrument must be attached and incorporated by reference.

(*Otworth v. Southern Pacific Transportation Co.* (1985) 166 Cal.App.3d 452, 458-459 (interior citations omitted).)

The SAC served on Ocwen's contains an incomplete copy of the August 2009 Fixed Rate Loan Modification. Therefore, it is unclear what the entire true terms and conditions are. Additionally, Plaintiff fails to attach the November 2009 Fixed Rate Loan Modification Agreement with Term Extension, Deferred Principal and Debtor Forgiveness (the "November 2009 Modification"), which he executed. (SAC, ¶13). Plaintiff is upset the November 2009 Modification contains a deferment of $120,000.00. Rather than oppose this offer, Plaintiff accepted it. There has been no foreclosure process initiated against the Subject Property. In no way has Plaintiff successfully plead Breach of Contract nor has he plead any damages by way of any alleged breach.

Based thereon, the Demurrer should be sustained without leave to amend.

## V.

## PLAINTIFF'S BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING CLAIM FAILS

The SAC contains no allegations that would support a claim for Breach of the Implied Covenant of Good Faith and Fair Dealing. The elements of this cause of action are: (1) Existence of contractual relationship; (2) implied duty; (3) breach; and (4) causation of damages. (*See Smith v. San Francisco* (1990) 225 Cal.App.3d 38, 49.) "[I]t is universally recognized [that] the scope of conduct prohibited by the covenant of good faith is circumscribed by the purposes and express

1 terms of the contract." (*Carma Developers (Cal.), Inc. v. Marathon Development California, Inc.*
2 (1992) 2 Cal.4th 342, 373.) The implied covenant "cannot impose substantive duties or limits on
3 the contracting parties beyond those incorporated in the specific terms of their agreement."
4 (*Agosta v. Astor* (2004) 120 Cal.App.4th 596, 607; *accord: Guz v. Bechtel Nat'l, Inc.* (2000) 24
5 Cal.4th 317, 349-50.) In particular, the implied covenant cannot be stretched to prohibit a party
6 from doing that which the agreement expressly permits. (*Carma Developers (Cal.), Inc., supra*, 2
7 Cal.4th at 374-75.)

8       Here, Plaintiff has not sufficiently alleged how Ocwen breached any loan modification
9 with Plaintiff when it was GMACM who negotiated the loan modifications with Plaintiff.
10 Additionally, Ocwen continues to accept Plaintiff's mortgage payments and no foreclosure process
11 has been initiated. Plaintiff still remains in the Subject Property.

12       Therefore, the Demurrer to this claim must be sustained without leave to amend.

## VI.

## PLAINTIFF'S THIRD CAUSE OF ACTION FAILS

15       Plaintiff's third cause of action pertains to "Equitable Relief"; however, Plaintiff refers "to
16 the Consumer Financial Protection Act of 2010 12 U.S.C. § 5481 (CFPA) California Law
17 Prohibiting Unfair and Deceptive Practices with Respect to Loan Servicing and Foreclosure
18 Processing per Civil Code §§ 2920.5 and 2923.7" (SAC, Page 7, Lines 14 – 17).

19       United States Code section 5481 contains "Definitions" which apply to the Consumer
20 Financial Protection Bureau ("CFPB"). The CFPB is an independent agency of the United States
21 government responsible for consumer protection in the financial sector. Plaintiff's SAC contains
22 no allegations of which "Definitions" Ocwen ever violated. Additionally, section 5481 contains
23 no private right of action. Thus, the Demurrer to this claim should be sustained without leave to
24 amend.

25       Furthermore, Plaintiff's reference to California statutes within this claim is really just an
26 attempt to allege a violation of the California Homeowners Bill of Rights ("HBR"). The HBR
27 amended certain foreclosure statutes beginning at Civil Code sections 2920.5. But the HBR's
28 effective date is January 1, 2013. The HBR is not retroactive, and therefore does not apply to

conduct that took place prior to its effective date. Plaintiff's SAC concerns his attempts to acquire a loan modification in August 2009 and the amendment to the August 2009 loan modification in November 2009; all of which occurred well prior to January 1, 2013.

There is a strong presumption against retroactivity in the absence of such express language. See Civ. Code, § 3; Code Civ. Proc., § 3. "Generally, '[t]he presumption is very strong that a statute was not meant to act retrospectively, [wherein] [i]t ought not receive such a construction unless the words used are so clear, strong and imperative that no other meaning can be annexed to them, or unless the intention of the legislature cannot be otherwise satisfied.'" (*Yoshioka v. Superior Court* (1997) 58 Cal. App. 4th 972, 980, *quoting U.S. Fidelity Co. v. Struthers Wells Co.* (1908) 209 U.S. 306, 314.) Indeed, the presumption against retroactive application is especially strong when retroactive application would "increase a party's liability for past conduct, or impose new duties with respect to transactions already completed." (*Landgraf v. USI Film Products* (1994) 511 U.S. 244, 280.)

By its own, specific terms, the HBR does not take effect until January 1, 2013. The amended statutes contain no language suggesting that they are meant to apply before January 1, 2013. Further, "in the absence of an express retroactivity provision, a statute will not be applied retroactively unless it is very clear from extrinsic sources that the Legislature . . . must have intended a retroactive application." (*Evangelatos v. Superior Court* (1988) 44 Cal.3d 1188, 1209.) Nothing in the HBR suggests that the amendments are meant to apply retroactively.

Here, Plaintiff alleges "Ocwen failed to service Plaintiff's loan in accordance with the express terms of the written agreement (i.e., the 2009 loan modification), the implied terms of good faith and fair dealing, and the multiple provisions of the California Civil Code." (SAC, ¶32).

The 2009 loan modification agreement occurred more than three years before the HBR became law. Therefore, the third cause of action fails as a matter of law because the HBR does not apply retroactively to actions that took place almost three years earlier.

Therefore, the Demurrer to this cause of action should be sustained without leave to amend.

# VII.

## PLAINTIFF'S CLAIM FOR VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE SECTION 17200 FAILS

Courts have made clear that California's Business and Professions Code § 17200 ("UCL") cannot be used as an end-run around the requirements of other statutes. (*Glenn K. Jackson Inc. v. Roe* (2001) 273 F.3d 1192, 1203 [dismissing UCL claim where underlying negligence and fraud claims were insufficient as a matter of law]; see also *Krantz v. BT Visual Images, L.L.C.* (2001) 89 Cal.App.4th 164, 178 [the viability of a UCL claim stands or falls with the antecedent substantive causes of action].) "A court may not allow plaintiff to plead around an absolute bar to relief simply by recasting the cause of action as one for unfair competition." (*Chabner v. United of Omaha Life Ins. Co.* (2000) 225 F.3d 1042, 1048; see also *Rubio v. Capital One Bank (USA)* (2008) 572 F.Supp.2d 1157, 1168 [since plaintiff's TILA claim failed, plaintiff's UCL predicated on TILA likewise failed].)

Plaintiff predicates his UCL claim on the same theories which provide the basis for each of his other causes of action. Indeed, his UCL claim is a mere recasting of his other claims. As all of Plaintiff's causes of actions fail—as do the faulty theories upon which they are predicated—so, too, does Plaintiff's UCL claim.

### A.   Plaintiff Has Not Identified Unlawful Activity

A section 17200 requires an underlying violation of law, any defense to the predicate claim is a defense to the alleged violation of the UCL. (See *Krantz v. BT Visual Images, L.L.C.* (2001) 89 Cal.App.4th 164, 178 [the viability of a UCL claim stands or falls with the antecedent substantive causes of action]; *People v. Duz-Mor Diagnostic Lab., Inc.* (1998) 68 Cal.App.4th 654, 673 (a defense to the underlying offense is a defense under the UCL); see also *Glenn K. Jackson Inc. v. Roe* (9th Cir. 2001) 273 F.3d 1192, 1203 [dismissing section 17200 claim where underlying negligence and fraud claims were insufficient as a matter of law].) As discussed above, each of Plaintiff's causes of action fail. Plaintiff's UCL claim is predicated on the same conduct which accounts for Plaintiff's other claims. Consequently, this claim, too, must fail.

### B. Plaintiff Has Not Alleged Unfair Activity

A business practice is considered "unfair" if it threatens to violate or violates the policy or spirit of an anti-trust law or otherwise significantly threatens or harms competition. (*Cal-Tech Communications, Inc. v. Los Angeles Cellular Telephone Co.* (1999) 20 Cal.4th 163, 187.) However, if the customer has a meaningful market choice, i.e. other venders that offer reasonably available alternatives to the defendant's product, the challenged procedures cannot be considered "unfair." (*Dean Witter Reynolds, Inc. v. Sup. Ct.* (1989) 211 Cal.App.3d 758.) It can hardly be said that Plaintiff did not have alternative financial institutions that were reasonably available for his mortgage needs offering products and services other than those of Ocwen. As such, Plaintiff cannot allege that Ocwen's actions are "unfair" under Section 17200.

### C. Plaintiff Fails To Allege Fraudulent Conduct Under The UCL

A business practice is considered "fraudulent" within the meaning of § 17200 if the "public is likely to be deceived." (*Massachusetts Mutual Life Ins. Co. v. Superior Court* (2002) 97 Cal.App.4th 1282, 1290.) "The determination as to whether a business practice is deceptive is based on the likely effect such practice would have on a reasonable consumer." (*McKell v. Washington Mutual, Inc. et al.* (2006) 142 Cal.App.4th 1457, 1472, citing *Lavie v. Procter & Gamble Co.* (2003) 105 Cal.App.4th 496, 507.)

Plaintiff fails to allege any Fraud claim in his SAC. Based thereon, the Demurrer should be sustained without leave to amend.

## VIII.

## PLAINTIFF FAILS TO STATE A CLAIM FOR INJUNCTIVE RELIEF

Injunctive relief is a remedy and not a cause of action. (*Guessous v. Chrome Hearts, LLC* (2009) 179 Cal.App.4th 1177, 1187.) It is a remedy that must be tethered to some independent legal duty owed by the defendant to the plaintiff. (*McDowell v. Watson* (1997) 59 Cal.App.4th 1155, 1159; *Cox Commc'ns PCS, L.P. v. City of San Marcos* (S.D. Cal. 2002) 204 F.Supp.2d 1272, 1283.) Plaintiff's injunctive relief claim, therefore, cannot stand on its own. As shown herein, Plaintiff's other claims are defective. Consequently, there is nothing to support Plaintiff's request for an injunction, and the Demurrer to this claim should be sustained without leave to

amend.

## IX.

## CONCLUSION

Because each cause of action against Ocwen fails to state a claim, Ocwen respectfully requests the Court sustain its Demurrer as to each cause of action without leave to amend.

DATED: June 9, 2014

SEVERSON & WERSON
A Professional Corporation

By: _____
　　　　Yaron Shaham

Attorneys for Defendant OCWEN LOAN SERVICING, LLC

# PROOF OF SERVICE

At the time of service, I was over 18 years of age and not a party to this action. I am employed in the County of Orange, State of California. My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On June 10, 2014, I served true copies of the following document(s):

**DEFENDANT OCWEN LOAN SERVICING, LLC'S NOTICE OF DEMURRER AND DEMURRER TO PLAINTIFF'S SECOND AMENDED COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**

on the interested parties in this action as follows:

| | |
|---|---|
| Thomas W. Gillen, Esq.<br>1440 N. Harbor Blvd., Suite 811<br>Fullerton, CA 92835 | Attorney for Plaintiff<br>JULIO PICHARDO<br><br>Telephone: (714) 449-3387<br>Facsimile: (714) 879-0938 |

**BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List and placed the envelope for collection and mailing, following our ordinary business practices. I am readily familiar with Severson & Werson's practice for collecting and processing correspondence for mailing. On the same day that the correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service, in a sealed envelope with postage fully prepaid.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 10, 2014, at Irvine, California.

_____
Stephanie A. Crisp

12475.0008/3300880.1

DEMURRER TO SAC