**<u>Exhibit G</u>**

**SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER**

**MINUTE ORDER**

DATE: 09/08/2014                    TIME: 01:30:00 PM           DEPT:  C23
JUDICIAL OFFICER PRESIDING: Frederick P. Aguirre
CLERK:  Nanci Turner-Mitani
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT:  Jason Phu

CASE NO: **30-2012-00581642-CU-CL-CJC**  CASE INIT.DATE: 07/06/2012
CASE TITLE: **Pichardo vs. GMAC Mortgage**
CASE CATEGORY: Civil - Unlimited       CASE TYPE: Other Collections

EVENT ID/DOCUMENT ID: 72014353

**EVENT TYPE**: Demurrer to Amended Complaint
MOVING PARTY: Ocwen Loan Servicing
CAUSAL DOCUMENT/DATE FILED: Demurrer to Amended Complaint, 06/10/2014

EVENT ID/DOCUMENT ID: 72014354

**EVENT TYPE**: CMC: Bankruptcy Removal

**APPEARANCES**
Thomas W. Gillen, counsel, present for Plaintiff(s).
Charles Meyer, specially appearing for Ocwen Loan Servicing, LLC, self represented Defendant.
Plaintiff, Julio Pichardo present

Tentative Ruling posted on the Internet and outside the courtroom doors.

Per counsel for defendant, GMAC Bankruptcy still pending.

Parties submit on the Courts tentative ruling.

The Court confirms the tentative ruling as follows:

Defendant Ocwen Loan Servicing, LLC's Demurrer to the Second Amended Complaint is SUSTAINED in part and is OVERRULED in part, with 10 days to Answer.

**The Demurrer to the 1st Cause of Action for Breach of Contract, 2nd Cause of Action for Breach of Covenant of Good Faith and Fair Dealing, and 4th Cause of Action for Violation of Bus. & Prof. Code § 17200, is OVERRULED.**

The issues raised in the Demurrer to the Second Amended Complaint for the above causes of action are the same as the issues raised in the Demurrer to the First Amended Complaint for the above causes of action. The court OVERRULES the demurrer to the Second Amended Complaint for the same reasons the demurrer to the First Amended Complaint was OVERRULED. (*See* 5/12/14 Minute Order.)

12-12020-mg    Doc 8676-34    Filed 06/01/15    Entered 06/01/15 17:43:47    Exhibit G to Exhibit 3    Pg 3 of 4

CASE TITLE: Pichardo vs. GMAC Mortgage                                   CASE NO: **30-2012-00581642-CU-CL-CJC**

### The Demurrer to the 3rd Cause of Action for Statutory Relief is SUSTAINED, Without Prejudice.

Where statutory claims are invoked, the facts must be pled with particularity. (*See, Covenant Care, Inc. v. Superior Court* (2004) 32 Cal.4th 771, 790 and *Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 410.)

With respect to the alleged violation of the Consumer Financial Protect Act of 2010 (12 U.S.C. § 5481), Plaintiff has failed to plead facts with particularity showing *how* this statute was purportedly violated. Moreover, 12 U.S.C. § 5481 sets forth definitions that apply to Title 12 (Banks and Banking), and does not set forth a valid cause of action.

With respect to the alleged violations of Civil Code §§ 2920.5, section 2920.5 is used for definition purposes or Article 1 (Mortgages in General). Therefore, this section does not provide a valid cause of action.

With respect to Civil Code § 2923.7 (violation of a single point of contract), this provision was effective as of 1/1/13 and remains effective until 1/1/18. This new provision is part of the newly enacted "California Homeowner Bill of Rights" ("HBOR"). The Code provision applies to loans in which Plaintiffs submit loan modification applications and/or received foreclosure documents on and after 1/1/13. Here, the loan modifications were received in 2009, and therefore HBOR does not apply with respect to the subject modification agreements and conduct at issue prior to 1/1/13. Moreover, to the extent that Plaintiff contends he was not afforded with a single point of contact (Civil Code § 2923.7), Plaintiff has failed to allege facts with particularity showing that: (1) he *requested* a foreclosure prevention alternative; and (2) he was not afforded a single point of contact.

With respect to the alleged violation of Civil Code § 2943, Plaintiff has failed to plead facts with particularity showing a violation of this statute. Plaintiff has failed to allege a violation of this Code because he did not request the statement and did not rely on the statements contained therein.

Further, with respect to the alleged violation of Civil Code §§ 2954.1-2954.5, Plaintiff has failed to plead facts with particularity showing a violation of these statutory provisions.

Finally, although this issue was not raised, this is a new cause of action that was not previously asserted in the prior complaints. "Following an order sustaining a demurrer or a motion for judgment on the pleadings with leave to amend, the plaintiff may amend his or her complaint only as authorized by the court's order." (*Harris v. Wachovia Mortg., FSB* (2010) 185 Cal.App.4th 1018, 1023, 111.) "The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend." (*Id.*)

Therefore, in light of the fact that this is a new cause of action asserted in the pleading, the court SUSTAINS the demurrer, without prejudice. Plaintiff may seek leave to amend if he discovers evidence supporting the above statutory claims.

### The Demurrer to the 5th Cause of Action for Injunctive Relief is OVERRULED.

Defendant has failed to establish that injunctive relief is not an appropriate remedy for the causes of action alleged in the Second Amended Complaint.

12-12020-mg    Doc 8676-34    Filed 06/01/15    Entered 06/01/15 17:43:47    Exhibit G to Exhibit 3    Pg 4 of 4

CASE TITLE: Pichardo vs. GMAC Mortgage                              CASE NO: **30-2012-00581642-CU-CL-CJC**

**The Demurrer to the Each Cause of Action Based on Uncertainty is OVERRULED.**

Defendant has failed to specify exactly how or why the pleading is uncertain, and where such uncertainty appears. (*Khoury v. Maly's of Calif., Inc.* (1993) 14 Cal.App.4th 612, 616; *Fenton v. Groveland Community Services Dist.* (1982) 135 Cal.App.3d 797, 809 [disapproved on other grounds].)

**Defendant's RJN:** The court GRANTS judicial notice of the Deed of Trust (Exhibit A). Judicial notice of the existence and recordation of those documents is appropriate, as well as the clear legal effects thereof, pursuant to Evid. Code, § 452, subd. (h), but not the truth of any matters asserted therein. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264-265.)

CMC: Bankruptcy Removal:

CMC: Bankruptcy Removal continued to 12/01/2014 at 08:30 AM in Department C23.

Verified Answer to be filed and served within 30 days.

Court orders Plaintiff to give notice.