**Exhibit 2**

EXECUTION COPY

# AMENDMENT

RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC.,

Depositor,

RESIDENTIAL FUNDING CORPORATION,

Master Servicer,

and

U.S. BANK NATIONAL ASSOCIATION,

Trustee

POOLING AND SERVICING AGREEMENT

DATED AS OF DECEMBER 1, 2005

MORTGAGE ASSET-BACKED PASS-THROUGH CERTIFICATES

Series 2005-EFC7



EXHIBIT 2

## ARTICLE I
## DEFINITIONS

Section 1.01. Definitions .................................................................................................. 3
Section 1.02. Determination of LIBOR ............................................................................ 43

## ARTICLE II
## CONVEYANCE OF MORTGAGE LOANS; ORIGINAL ISSUANCE OF CERTIFICATES

Section 2.01. Conveyance of Mortgage Loans ................................................................. 44
Section 2.02. Acceptance by Trustee ................................................................................ 48
Section 2.03. Representations, Warranties and Covenants of the Master Servicer and the Depositor .............................................................................................. 49
Section 2.04. Representations and Warranties of Residential Funding .......................... 52
Section 2.05. Execution and Authentication of Certificates; Conveyance of REMIC Regular Interests ........................................................................................ 54
Section 2.06. Purposes and Powers of the Trust ............................................................. 54
Section 2.07. Agreement Regarding Ability to Disclose ................................................. 55

## ARTICLE III
## ADMINISTRATION AND SERVICING OF MORTGAGE LOANS

Section 3.01. Master Servicer to Act as Servicer ............................................................. 55
Section 3.02. Subservicing Agreements Between Master Servicer and Subservicers; Enforcement of Subservicers' Obligations ............................................... 58
Section 3.03. Successor Subservicers ............................................................................... 59
Section 3.04. Liability of the Master Servicer .................................................................. 59
Section 3.05. No Contractual Relationship Between Subservicer and Trustee, Insurer or Certificateholders .................................................................................. 60
Section 3.06. Assumption or Termination of Subservicing Agreements by Trustee ...... 60
Section 3.07. Collection of Certain Mortgage Loan Payments; Deposits to Custodial Account ...................................................................................................... 60
Section 3.08. Subservicing Accounts; Servicing Accounts ............................................. 63
Section 3.09. Access to Certain Documentation and Information Regarding the Mortgage Loans ......................................................................................... 65
Section 3.10. Permitted Withdrawals from the Custodial Account ................................. 65
Section 3.11. Maintenance of Primary Insurance Coverage ............................................ 67
Section 3.12. Maintenance of Fire Insurance and Omissions and Fidelity Coverage ..... 67
Section 3.13. Enforcement of Due-on-Sale Clauses; Assumption and Modification Agreements; Certain Assignments ............................................................ 69
Section 3.14. Realization Upon Defaulted Mortgage Loans ........................................... 71

| | | |
|---|---|---|
| Section 3.15. | Trustee to Cooperate; Release of Mortgage Files | 73 |
| Section 3.16. | Servicing and Other Compensation; Eligible Master Servicing Compensation | 75 |
| Section 3.17. | Reports to the Trustee, the Insurer and the Depositor | 76 |
| Section 3.18. | Annual Statement as to Compliance | 76 |
| Section 3.19. | Annual Independent Public Accountants' Servicing Report | 77 |
| Section 3.20. | Right of the Depositor in Respect of the Master Servicer | 77 |
| Section 3.21. | Advance Facility | 78 |

ARTICLE IV
PAYMENTS TO CERTIFICATEHOLDERS

| | | |
|---|---|---|
| Section 4.01. | Certificate Account | 81 |
| Section 4.02. | Distributions | 82 |
| Section 4.03. | Statements to Certificateholders; Statements to Rating Agencies; Exchange Act Reporting | 88 |
| Section 4.04. | Distribution of Reports to the Trustee and the Depositor; Advances by the Master Servicer | 91 |
| Section 4.05. | Allocation of Realized Losses | 93 |
| Section 4.06. | Reports of Foreclosures and Abandonment of Mortgaged Property | 95 |
| Section 4.07. | Optional Purchase of Defaulted Mortgage Loans | 95 |
| Section 4.08. | Limited Mortgage Loan Repurchase Right | 95 |
| Section 4.09. | The Yield Maintenance Agreement | 96 |
| Section 4.10. | The Policy | 97 |
| Section 4.11. | Derivative Contracts | 98 |
| Section 4.12. | Tax Treatment of Yield Maintenance Payments | 99 |

ARTICLE V
THE CERTIFICATES

| | | |
|---|---|---|
| Section 5.01. | The Certificates | 99 |
| Section 5.02. | Registration of Transfer and Exchange of Certificates | 101 |
| Section 5.03. | Mutilated, Destroyed, Lost or Stolen Certificates | 106 |
| Section 5.04. | Persons Deemed Owners | 106 |
| Section 5.05. | Appointment of Paying Agent | 107 |

ARTICLE VI
THE DEPOSITOR AND THE MASTER SERVICER

| | | |
|---|---|---|
| Section 6.01. | Respective Liabilities of the Depositor and the Master Servicer | 107 |

| | | |
|---|---|---|
| Section 6.02. | Merger or Consolidation of the Depositor or the Master Servicer; Assignment of Rights and Delegation of Duties by Master Servicer | 107 |
| Section 6.03. | Limitation on Liability of the Depositor, the Master Servicer and Others | 108 |
| Section 6.04. | Depositor and Master Servicer Not to Resign | 109 |

ARTICLE VII
DEFAULT

| | | |
|---|---|---|
| Section 7.01. | Events of Default | 109 |
| Section 7.02. | Trustee or Depositor to Act; Appointment of Successor | 111 |
| Section 7.03. | Notification to Certificateholders | 113 |
| Section 7.04. | Waiver of Events of Default | 114 |
| Section 7.05. | Servicing Trigger; Removal of Master Servicer | 114 |

ARTICLE VIII
CONCERNING THE TRUSTEE

| | | |
|---|---|---|
| Section 8.01. | Duties of Trustee | 115 |
| Section 8.02. | Certain Matters Affecting the Trustee | 117 |
| Section 8.03. | Trustee Not Liable for Certificates or Mortgage Loans | 118 |
| Section 8.04. | Trustee May Own Certificates | 118 |
| Section 8.05. | Master Servicer to Pay Trustee's Fees and Expenses; Indemnification | 118 |
| Section 8.06. | Eligibility Requirements for Trustee | 119 |
| Section 8.07. | Resignation and Removal of the Trustee | 120 |
| Section 8.08. | Successor Trustee | 121 |
| Section 8.09. | Merger or Consolidation of Trustee | 121 |
| Section 8.10. | Appointment of Co-Trustee or Separate Trustee | 122 |
| Section 8.11. | Appointment of Custodians | 123 |
| Section 8.12. | Appointment of Office or Agency | 123 |
| Section 8.13. | DTC Letter of Representations. | 123 |
| Section 8.14. | Yield Maintenance Agreement | 123 |

ARTICLE IX
TERMINATION

| | | |
|---|---|---|
| Section 9.01. | Termination Upon Purchase by Residential Funding or Liquidation of All Mortgage Loans | 123 |
| Section 9.02. | Additional Termination Requirements | 127 |

## ARTICLE X
## REMIC PROVISIONS

| | | |
|---|---|---|
| Section 10.01. | REMIC Administration | 128 |
| Section 10.02. | Master Servicer, REMIC Administrator and Trustee Indemnification | 132 |

## ARTICLE XI
## MISCELLANEOUS PROVISIONS

| | | |
|---|---|---|
| Section 11.01. | Amendment | 132 |
| Section 11.02. | Recordation of Agreement; Counterparts | 135 |
| Section 11.03. | Limitation on Rights of Certificateholders | 135 |
| Section 11.04. | Governing Law | 136 |
| Section 11.05. | Notices | 136 |
| Section 11.06. | Notices to Rating Agencies | 137 |
| Section 11.07. | Severability of Provisions | 138 |
| Section 11.08. | Supplemental Provisions for Resecuritization | 138 |
| Section 11.09. | Rights of the Insurer | 139 |
| Section 11.10. | Third Party Beneficiaries | 139 |

RFC-001-000638

12-12020-mg    Doc 8682-2    Filed 06/02/15    Entered 06/02/15 11:41:25    Exhibit 2
Pg 7 of 13

**Exhibits**

Exhibit A       Form of Class A Certificate
Exhibit B       [Reserved]
Exhibit C       [Reserved]
Exhibit D       Form of Class SB Certificate
Exhibit E       Form of Class R Certificate
Exhibit F       Form of Custodial Agreement
Exhibit G-1     Group I Mortgage Loan Schedule
Exhibit G-2     Group II Mortgage Loan Schedule
Exhibit H       Forms of Request for Release
Exhibit I-1     Form of Transfer Affidavit and Agreement
Exhibit I-2     Form of Transferor Certificate
Exhibit J       Form of Investor Representation Letter
Exhibit K       Form of Transferor Representation Letter
Exhibit L       Text of Amendment to Pooling and Servicing Agreement Pursuant to Section 11.01(e) for a Limited Guaranty
Exhibit M       Form of Limited Guaranty
Exhibit N       Form of Lender Certification for Assignment of Mortgage Loan
Exhibit O       Form of Rule 144A Investment Representation
Exhibit P       Financial Guaranty Insurance Policy
Exhibit Q       [Reserved]
Exhibit R-1     Form 10-K Certification
Exhibit R-2     Form 10-K Back-up Certification
Exhibit S       Information to be Provided by the Master Servicer to the Rating Agencies Relating to Reportable Modified Mortgage Loans
Exhibit T       [Reserved]
Exhibit U       Yield Maintenance Agreement

This Pooling and Servicing Agreement, effective as of December 1, 2005, among RESIDENTIAL ASSET MORTGAGE PRODUCTS, INC., as depositor (together with its permitted successors and assigns, the "Depositor"), RESIDENTIAL FUNDING CORPORATION, as master servicer (together with its permitted successors and assigns, the "Master Servicer"), and U.S. BANK NATIONAL ASSOCIATION, a banking association organized under the laws of the United States, as trustee (together with its permitted successors and assigns, the "Trustee").

PRELIMINARY STATEMENT:

The Depositor intends to sell mortgage asset-backed pass-through certificates (collectively, the "Certificates"), to be issued hereunder in eight Classes, which in the aggregate will evidence the entire beneficial ownership interest in the Mortgage Loans (as defined herein) and certain other related assets.

REMIC I

As provided herein, the REMIC Administrator will make an election to treat the segregated pool of assets consisting of the Mortgage Loans and certain other related assets (exclusive of the Yield Maintenance Agreement and any payments thereunder) subject to this Agreement as a real estate mortgage investment conduit (a "REMIC") for federal income tax purposes, and such segregated pool of assets will be designated as "REMIC I." The Class R-I Certificates will represent the sole Class of "residual interests" in REMIC I for purposes of the REMIC Provisions (as defined herein) under federal income tax law. The following table irrevocably sets forth the designation, remittance rate (the "Uncertificated REMIC I Pass-Through Rate") and initial Uncertificated Principal Balance for each of the "regular interests" in REMIC I (the "REMIC I Regular Interests"). The "latest possible maturity date" (determined for purposes of satisfying Treasury regulation Section 1.860G-1(a)(4)(iii)) for the REMIC I Regular Interests shall be the 360th Distribution Date. The REMIC I Regular Interests will not be certificated.

| Designation | Uncertificated REMIC I Pass-Through Rate | Initial Uncertificated REMIC I Principal Balance | Latest Possible Maturity Date |
|---|---|---|---|
| I-AA | Variable[1] | $507,604,194.72 | December 2035 |
| I-A-I-1 | Variable[1] | $1,921,770.00 | December 2035 |
| I-A-I-2 | Variable[1] | $829,610.00 | December 2035 |
| I-A-I-3 | Variable[1] | $1,535,100.00 | December 2035 |
| I-A-I-4 | Variable[1] | $701,510.00 | December 2035 |
| I-ZZ | Variable[1] | $5,371,279.28 | December 2035 |
| II-AA | Variable[2] | $202,895,998.24 | December 2035 |
| II-A-II | Variable[2] | $1,993,760.00 | December 2035 |
| II-ZZ | Variable[2] | $2,146,987.76 | December 2035 |

[1] Calculated in accordance with the definition of "Uncertificated Group I REMIC I Pass-Through Rate" herein.
[2] Calculated in accordance with the definition of "Uncertificated Group II REMIC I Pass-Through Rate" herein.

such date. Furthermore, the Trustee shall supply to any Certificateholder so requesting by calling the Trustee at 1-800-934-6802 the Pass-Through Rate on the Class A Certificates for the current and the immediately preceding Interest Accrual Period.

### ARTICLE II
### CONVEYANCE OF MORTGAGE LOANS;
### ORIGINAL ISSUANCE OF CERTIFICATES

Section 2.01. <u>Conveyance of Mortgage Loans</u>.

(a)    The Depositor, concurrently with the execution and delivery hereof, does hereby assign to the Trustee without recourse all the right, title and interest of the Depositor in and to (i) the Mortgage Loans, including all interest and principal on or with respect to the Mortgage Loans due on or after the Cut-off Date (other than Monthly Payments due on the Mortgage Loans in the month of the Cut-off Date); and (ii) all proceeds of the foregoing. In addition, on the Closing Date, the Trustee is hereby directed to enter into the Yield Maintenance Agreement on behalf of the Trust Fund with the Yield Maintenance Agreement Provider.

The Depositor, the Master Servicer and the Trustee agree that it is not intended that any mortgage loan be included in the Trust Fund that is either (i) a "High-Cost Home Loan" as defined in the New Jersey Home Ownership Security Act effective November 27, 2003, (ii) a "High-Cost Home Loan" as defined in the New Mexico Home Loan Protection Act effective January 1, 2004, (iii) a "High Cost Home Mortgage Loan" as defined in the Massachusetts Predatory Home Loan Practices Act effective November 7, 2004 or (iv) a "High-Cost Home Loan" as defined in the Indiana Home Loan Practices Act effective as of January 1, 2005.

(b)    In connection with such assignment, and contemporaneously with the delivery of this Agreement, the Depositor delivered or caused to be delivered hereunder to the Trustee, the Yield Maintenance Agreement (the delivery of which shall evidence that the fixed payment for the Yield Maintenance Agreement has been paid and the Trustee and the Trust Fund shall have no further payment obligation thereunder and that such fixed payment has been authorized hereby), the Policy and except as set forth in Section 2.01(c) below and subject to Section 2.01(d) below, the Depositor does hereby deliver to, and deposit with, the Trustee, or to and with one or more Custodians, as the duly appointed agent or agents of the Trustee for such purpose, the following documents or instruments (or copies thereof as permitted by this Section) with respect to each Mortgage Loan so assigned:

(i)    The original Mortgage Note, endorsed without recourse to the order of the Trustee and showing an unbroken chain of endorsements from the originator thereof to the Person endorsing it to the Trustee, or with respect to any Destroyed Mortgage Note, an original lost note affidavit from the related Seller or Residential Funding stating that the original Mortgage Note was lost, misplaced or destroyed, together with a copy of the related Mortgage Note;

(ii)    The original Mortgage, noting the presence of the MIN of the Mortgage Loan (if the Mortgage Loan is registered on the MERS® System) and language indicating that the Mortgage Loan is a MOM Loan if the Mortgage Loan is a MOM

Loan, with evidence of recording indicated thereon or, if the original Mortgage has not yet been returned from the public recording office, a copy of the original Mortgage with evidence of recording indicated thereon;

(iii) Unless the Mortgage Loan is registered on the MERS® System, the Assignment (which may be included in one or more blanket assignments if permitted by applicable law) of the Mortgage to the Trustee with evidence of recording indicated thereon or a copy of such assignment with evidence of recording indicated thereon;

(iv) The original recorded assignment or assignments of the Mortgage showing an unbroken chain of title from the originator to the Person assigning it to the Trustee (or to MERS, if the Mortgage Loan is registered on the MERS® System and noting the presence of a MIN) with evidence of recordation noted thereon or attached thereto, or a copy of such assignment or assignments of the Mortgage with evidence of recording indicated thereon; and

(v) The original of each modification, assumption agreement or preferred loan agreement, if any, relating to such Mortgage Loan, or a copy of each modification, assumption agreement or preferred loan agreement.

The Depositor may, in lieu of delivering the original of the documents set forth in Section 2.01(b)(ii), (iii), (iv) and (v) (or copies thereof as permitted by Section 2.01(b)) to the Trustee or the Custodian, deliver such documents to the Master Servicer, and the Master Servicer shall hold such documents in trust for the use and benefit of all present and future Certificateholders and the Insurer until such time as is set forth in the next sentence. Within thirty Business Days following the earlier of (i) the receipt of the original of all of the documents or instruments set forth in Section 2.01(b)(ii), (iii), (iv) and (v) (or copies thereof as permitted by such Section) for any Mortgage Loan and (ii) a written request by the Trustee to deliver those documents with respect to any or all of the Mortgage Loans then being held by the Master Servicer, the Master Servicer shall deliver a complete set of such documents to the Trustee or the Custodian that is the duly appointed agent of the Trustee.

(c) Notwithstanding the provisions of Section 2.01(b), in the event that in connection with any Mortgage Loan, if the Depositor cannot deliver the original of the Mortgage, any assignment, modification, assumption agreement or preferred loan agreement (or copy thereof as permitted by Section 2.01(b)) with evidence of recording thereon concurrently with the execution and delivery of this Agreement because of (i) a delay caused by the public recording office where such Mortgage, assignment, modification, assumption agreement or preferred loan agreement as the case may be, has been delivered for recordation, or (ii) a delay in the receipt of certain information necessary to prepare the related assignments, the Depositor shall deliver or cause to be delivered to the Trustee or the respective Custodian a copy of such Mortgage, assignment, modification, assumption agreement or preferred loan agreement.

The Depositor shall promptly cause to be recorded in the appropriate public office for real property records the Assignment referred to in clause (iii) of Section 2.01(b), except (a) in states where, in the Opinion of Counsel acceptable to the Insurer and the Master Servicer, such recording is not required to protect the Trustee's interests in the Mortgage Loan or (b) if MERS

RFC-001-000684

is identified on the Mortgage or on a properly recorded assignment of the Mortgage as the mortgagee of record solely as nominee for Residential Funding and its successors and assigns. If any Assignment is lost or returned unrecorded to the Depositor because of any defect therein, the Depositor shall prepare a substitute Assignment or cure such defect, as the case may be, and cause such Assignment to be recorded in accordance with this paragraph. The Depositor shall promptly deliver or cause to be delivered to the Trustee or the respective Custodian such Mortgage or Assignment, as applicable (or copy thereof as permitted by Section 2.01(b)), with evidence of recording indicated thereon upon receipt thereof from the public recording office or from the related Subservicer or Seller.

If the Depositor delivers to the Trustee or Custodian any Mortgage Note or Assignment of Mortgage in blank, the Depositor shall, or shall cause the Custodian to, complete the endorsement of the Mortgage Note and the Assignment of Mortgage in the name of the Trustee in conjunction with the Interim Certification issued by the Custodian, as contemplated by Section 2.02.

Any of the items set forth in Sections 2.01(b)(ii), (iii), (iv) and (v) that may be delivered as a copy rather than the original may be delivered to the Trustee or the Custodian.

In connection with the assignment of any Mortgage Loan registered on the MERS® System, the Depositor further agrees that it will cause, at the Depositor's own expense, within 30 Business Days after the Closing Date, the MERS® System to indicate that such Mortgage Loans have been assigned by the Depositor to the Trustee in accordance with this Agreement for the benefit of the Certificateholders and the Insurer by including (or deleting, in the case of Mortgage Loans which are repurchased in accordance with this Agreement) in such computer files (a) the code in the field which identifies the specific Trustee and (b) the code in the field "Pool Field" which identifies the series of the Certificates issued in connection with such Mortgage Loans. The Depositor further agrees that it will not, and will not permit the Master Servicer to, and the Master Servicer agrees that it will not, alter the codes referenced in this paragraph with respect to any Mortgage Loan during the term of this Agreement unless and until such Mortgage Loan is repurchased in accordance with the terms of this Agreement.

(d)   It is intended that the conveyances by the Depositor to the Trustee of the Mortgage Loans as provided for in this Section 2.01 and the Uncertificated Regular Interests be construed as a sale by the Depositor to the Trustee of the Mortgage Loans for the benefit of the Certificateholders and the Insurer.  Further, it is not intended that any such conveyance be deemed to be a pledge of the Mortgage Loans by the Depositor to the Trustee to secure a debt or other obligation of the Depositor. However, in the event that the Mortgage Loans are held to be property of the Depositor or of Residential Funding, or if for any reason this Agreement is held or deemed to create a security interest in the Mortgage Loans, then it is intended that (a) this Agreement shall also be deemed to be a security agreement within the meaning of Articles 8 and 9 of the New York Uniform Commercial Code and the Uniform Commercial Code of any other applicable jurisdiction; (b) the conveyances provided for in this Section 2.01 shall be deemed to be (1) a grant by the Depositor to the Trustee of a security interest in all of the Depositor's right (including the power to convey title thereto), title and interest, whether now owned or hereafter acquired, in and to (A) the Mortgage Loans, including (a) the related Mortgage Note and Mortgage, and (b) any insurance policies and all other documents in the related Mortgage File,

(B) all amounts payable pursuant to the Mortgage Loans or the Yield Maintenance Agreement in accordance with the terms thereof and (C) any and all general intangibles, payment intangibles, accounts, chattel paper, instruments, documents, money, deposit accounts, certificates of deposit, goods, letters of credit, advices of credit and investment property and other property of whatever kind or description now existing or hereafter acquired consisting of, arising from or relating to any of the foregoing, and all proceeds of the conversion, voluntary or involuntary, of the foregoing into cash, instruments, securities or other property, including without limitation all amounts from time to time held or invested in the Certificate Account or the Custodial Account, whether in the form of cash, instruments, securities or other property and (2) an assignment by the Depositor to the Trustee of any security interest in any and all of Residential Funding's right (including the power to convey title thereto), title and interest, whether now owned or hereafter acquired, in and to the property described in the foregoing clauses (1)(A), (B) and (C) granted by Residential Funding to the Depositor pursuant to the Assignment Agreement; (c) the possession by the Trustee, the Custodian or any other agent of the Trustee of Mortgage Notes or such other items of property as they constitute instruments, money, payment intangibles, negotiable documents, goods, deposit accounts, letters of credit, advices of credit, investment property, certificated securities or chattel paper shall be deemed to be "possession by the secured party," or possession by a purchaser or a person designated by such secured party, for purposes of perfecting the security interest pursuant to the Uniform Commercial Code as in effect in the States of New York and Minnesota and any other applicable jurisdiction; and (d) notifications to persons holding such property, and acknowledgments, receipts or confirmations from persons holding such property, shall be deemed notifications to, or acknowledgments, receipts or confirmations from, securities intermediaries, bailees or agents of, or persons holding for, (as applicable) the Trustee for the purpose of perfecting such security interest under applicable law.

The Depositor and, at the Depositor's direction, Residential Funding and the Trustee shall, to the extent consistent with this Agreement, take such reasonable actions as may be necessary to ensure that, if this Agreement were deemed to create a security interest in the Mortgage Loans and the other property described above, such security interest would be deemed to be a perfected security interest of first priority under applicable law and will be maintained as such throughout the term of this Agreement. Without limiting the generality of the foregoing, the Depositor shall prepare and deliver to the Trustee not less than 15 days prior to any filing date and, the Trustee shall forward for filing, or shall cause to be forwarded for filing, at the expense of the Depositor, all filings necessary to maintain the effectiveness of any original filings necessary under the Uniform Commercial Code as in effect in any jurisdiction to perfect the Trustee's security interest in or lien on the Mortgage Loans, as evidenced by an Officers' Certificate of the Depositor with a copy delivered to the Insurer, including without limitation (x) continuation statements, and (y) such other statements as may be occasioned by (1) any change of name of Residential Funding, the Depositor or the Trustee (such preparation and filing shall be at the expense of the Trustee, if occasioned by a change in the Trustee's name), (2) any change of location of the place of business or the chief executive office of Residential Funding or the Depositor or (3) any transfer of any interest of Residential Funding or the Depositor in any Mortgage Loan.

RFC-001-000686

Section 2.02. <u>Acceptance by Trustee</u>.

The Trustee acknowledges receipt (or, with respect to Mortgage Loans subject to a Custodial Agreement, and based solely upon a receipt or certification executed by the Custodian, receipt by the respective Custodian as the duly appointed agent of the Trustee) of the documents referred to in Section 2.01(b)(i) above (except that for purposes of such acknowledgment only, a Mortgage Note may be endorsed in blank and an Assignment of Mortgage may be in blank) and declares that it, or a Custodian as its agent, holds and will hold such documents and the other documents constituting a part of the Mortgage Files delivered to it, or a Custodian as its agent, in trust for the use and benefit of all present and future Certificateholders and the Insurer. The Trustee or Custodian (such Custodian being so obligated under a Custodial Agreement) agrees, for the benefit of Certificateholders and the Insurer, to review each Mortgage File delivered to it pursuant to Section 2.01(b) within 45 days after the Closing Date to ascertain that all required documents (specifically as set forth in Section 2.01(b)), have been executed and received, and that such documents relate to the Mortgage Loans identified on the Mortgage Loan Schedule, as supplemented, that have been conveyed to it, and to deliver to the Trustee a certificate (the "Interim Certification") to the effect that all documents required to be delivered pursuant to Section 2.01(b) above have been executed and received and that such documents relate to the Mortgage Loans identified on the Mortgage Loan Schedule, except for any exceptions listed on Schedule A attached to such Interim Certification. Upon delivery of the Mortgage Files by the Depositor or the Master Servicer, the Trustee shall acknowledge receipt (or, with respect to Mortgage Loans subject to a Custodial Agreement, and based solely upon a receipt or certification (the "Final Certification") executed by the Custodian, receipt by the respective Custodian as the duly appointed agent of the Trustee) of the documents referred to in Section 2.01(c) above.

If the Custodian, as the Trustee's agent, finds any document or documents constituting a part of a Mortgage File to be missing or defective, upon receipt of notification from the Custodian as specified in the succeeding sentence, the Trustee shall promptly so notify or cause the Custodian to notify the Master Servicer and the Depositor; provided, that if the Mortgage Loan related to such Mortgage File is listed on Schedule A of the Assignment Agreement, no notification shall be necessary. Pursuant to Section 2.3 of the Custodial Agreement, the Custodian will notify the Master Servicer, the Depositor and the Trustee of any such omission or defect found by it in respect of any Mortgage File held by it in respect of the items received by it pursuant to the Custodial Agreement. If such omission or defect materially and adversely affects the interests in the related Mortgage Loan of the Certificateholders or the Insurer, the Master Servicer shall promptly notify the related Subservicer of such omission or defect and request that such Subservicer correct or cure such omission or defect within 60 days from the date the Master Servicer was notified of such omission or defect and, if such Subservicer does not correct or cure such omission or defect within such period, that such Subservicer purchase such Mortgage Loan from the Trust Fund at its Purchase Price, in either case within 90 days from the date the Master Servicer was notified of such omission or defect; provided that if the omission or defect would cause the Mortgage Loan to be other than a "qualified mortgage" as defined in Section 860G(a)(3) of the Code, any such cure or repurchase must occur within 90 days from the date such breach was discovered; and provided further, that no cure, substitution or repurchase shall be required if such omission or defect is in respect of a Mortgage Loan listed on Schedule A of the Assignment Agreement. The Purchase Price for any such Mortgage Loan shall