**Exhibit 1**

**Supplemental Declaration**

12-12020-mg    Doc 8683-1    Filed 06/02/15    Entered 06/02/15 11:55:40    Exhibit 1
Pg 1 of 6

1

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------------------------
                                                  )
   In re:                                     )   Case No. 12-12020 (MG)
                                                  )
   RESIDENTIAL CAPITAL, LLC, et al.,           )   Chapter 11
                                                  )
            Debtors.                        )   Jointly Administered
---------------------------------------------------------------------------------  )

**SUPPLEMENTAL DECLARATION OF DAVID CUNNINGHAM IN SUPPORT OF THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS ((I) NO-LIABILITY BORROWER CLAIMS, (II) REDUNDANT BORROWER CLAIMS, (III) MISCLASSIFIED BORROWER CLAIMS) AS TO CLAIM NO. 4966**

I, David Cunningham, hereby declare as follows:

      1.     I serve as Director of Regulatory and Compliance for the ResCap Liquidating Trust (the "Liquidating Trust"), established pursuant to the terms of the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [Docket No. 6030] confirmed in the above-captioned Chapter 11 Cases. During the Chapter 11 Cases, I served as Director for Residential Capital, LLC ("ResCap"), a limited liability company organized under the laws of the state of Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases (collectively, the "Debtors"). I have been employed by affiliates of ResCap since August of 2001. I began my association with ResCap in 2001 working as a Foreclosure Specialist in the Loan Servicing Operation. In 2002, I became a Team Leader in the Foreclosure Department, a position I held until 2003 when I became a Manager. In 2007, I became the Director, Foreclosure Operations. In February of 2013, I became Director of Regulatory and Compliance. In my current position, among other duties, I am responsible for ensuring that ResCap satisfies its obligations under

1

ny-1189807

settlements entered into with the Department of Justice and the Federal Reserve Board. I also assist in the claims reconciliation process. I am authorized to submit this supplemental declaration (the "Supplemental Declaration") in support of the *ResCap Borrower Claims Trust's Reply in Support of Its Eighty-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Reduce and Allow Borrower Claim, and (III) Redesignate, Reduce, and Allow Borrower Claim) as to Claim No. 4966* (the "Reply").[1]

2.  Except as otherwise indicated, all facts set forth in this Declaration are based upon my personal knowledge of the Debtors' operations, information learned from my review of relevant documents and information I have received through my discussions with other former members of the Debtors' management or other former employees of the Debtors, the Liquidating Trust, and the Borrower Trust's professionals and consultants. If I were called upon to testify, I could and would testify competently to the facts set forth in the Objection on that basis.

3.  In my capacity as Director to the Liquidating Trust and ResCap, I am familiar with the Debtors' claims reconciliation process. Except as otherwise indicated, all statements in this Declaration are based upon my familiarity with the Debtors' books and records that were prepared and kept in the course of their regularly conducted business activities (the "Books and Records"), as well as the Debtors' schedules of assets and liabilities and statements of financial affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and reconciliation of claims, and/or my review of relevant documents. I or other Liquidating Trust personnel have reviewed and analyzed the proof of claim form and supporting documentation filed by the Respondent. Since the Plan went effective and the Borrower Trust was established, I, along with other members of the Liquidating Trust have consulted with the Borrower Trust to

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Reply.

ny-1189807

continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same. In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (vi) the official claims register maintained in the Debtors' Chapter 11 Cases.

4. In connection with the claims reconciliation process, the Borrower Trust identified certain claims filed by Borrowers that are not liabilities of the Debtors (together, the "No Liability Borrower Claims").

5. The Debtors sent Request Letters to certain Borrowers, including the Respondent, requesting additional documentation in support of the No Liability Borrower Claims.[2] The Request Letters state that the claimant must respond within 30 days with an explanation that states the legal and factual reasons why the claimant believes he is owed money or is entitled to other relief from the Debtors, and the claimant must provide copies of any and all documentation that the claimant believes supports the basis for his claim. The Request Letters further state that if the claimant does not provide the requested explanation and supporting documentation within 30 days, the Debtors may file a formal objection to the claimant's claim, seeking to have the claim disallowed and permanently expunged.

6. The Debtors did not receive a response to the Request Letter from the Respondent, and, as stated in the Objection, the Books and Records do not show any liability due and owing to the Respondent.

---

[2] A Request Letter was sent to the Respondent on June 21, 2013.

3

ny-1189807

7. On or around November 15, 2012, the Respondent filed a proof of claim against Debtor Residential Capital, LLC ("ResCap"), designated as Claim No. 4966 (the "Claim"), asserting a general unsecured claim for $18,950.20. See Exhibit A attached hereto.

8. According to the Debtors' books and records, non-Debtor First National Bank of Arizona ("First National") originated a loan in the amount of $975,000 to the Respondent on April 28, 2003 (the "Loan"), secured by a deed of trust on property located at 13880 Edgewater Drive, Lakewood, OH 44107 (the "Property"). See Note, attached hereto as Exhibit B, and Deed of Trust, attached hereto as Exhibit C.

9. The Debtors received an insurance payment $3,185.93 related to a claim filed by the Respondent on or around September 7, 2012. See Servicing Notes, attached hereto as Exhibit D. The Debtors placed the funds in escrow, as the Debtors' standard policies and procedures required the Respondent to submit a contract for repairs from the general contractor and obtain an inspection prior to the release of insurance proceeds.

10. The Debtors received another insurance payment of $1,333.10 related to a second claim filed by the Respondent on September 14, 2012. See Servicing Notes. The Debtors placed the funds in escrow, as the Debtors' standard policies and procedures required the Respondent to submit a contract for repairs from the general contractor and obtain an inspection prior to the release of insurance proceeds.

11. The Debtors received a third insurance payment of $9,884.72 related to a third claim on or around September 19, 2012. See id; see also Servicing Notes. Once again, the Debtors placed the funds in escrow and waited for the necessary documentation from the Respondent in order to release the funds.

12. The Respondent filed a fourth insurance claim in September 2012 with a non-Debtor third party. See Response ¶ 21. A review of this claim was re-opened on October 15, 2012 and was still pending at the time servicing of the Loan was transferred to Ocwen Loan Servicing LLC on February 16, 2013 ("Ocwen"). The Debtors were not involved in the review of the claim, as reviews for insurance claims were conducted by third party insurance adjusters. The Debtors, in accordance with their regular business practice, acted as a conduit for the disbursement of insurance proceeds received on account of insurance claims related to the Property.

13. The Debtors attempted to contact the Respondent on October 16, 18, 19, 26, 29, and 30, 2012; November 26, 27, and 29 2012; December 31, 2012; and January 3, 18, and 30 2013 to inquire about the Respondent's status in obtaining a contract for the repairs for each instance of damage. See Servicing Notes, attached hereto as Exhibit D. However, the Respondent neither answered nor returned these calls. See id

14. When servicing of the Loan was transferred to Ocwen the Debtors also transferred the $14,403.75 in insurance proceeds that were being held in escrow. See Servicing Notes. The amount of the insurance proceeds transferred when servicing was transferred to Ocwen is shown as the "Unapplied" current balance on page 1 of the Servicing Notes.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: June 2, 2015

/s/ David Cunningham
David Cunningham
Director for ResCap Liquidating Trust

5

ny-1189807