MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew

*Counsel for The ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | Chapter 11 |
| Debtors. | Jointly Administered |

**REPLY OF THE RESCAP BORROWER CLAIMS TRUST IN SUPPORT OF MOTION
TO FURTHER EXTEND THE DATE BY WHICH OBJECTIONS
TO CLAIMS MUST BE FILED**

ny-1189637

**TO THE HONORABLE MARTIN GLENN**
**UNITED STATES BANKRUPTCY JUDGE**:

The ResCap Borrower Claims Trust (the "Borrower Trust"), as successor-in-interest[1] to Residential Capital, LLC and its affiliated debtors (collectively, the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") with respect to Borrower Claims (as such term is defined in the Plan),[2] hereby submits this reply (the "Reply") in support of the *Motion to Further Extend the Date by Which Objections to Claims Must Be Filed* [D.E. 8618] (the "Motion") and in response to those parties objecting to the Motion (collectively, the "Objectors").[3] In further support hereof, the Borrower Trust respectfully states as follows:

## REPLY

### A.     The Claims Reconciliation Process

1.     Since their formation in December 2013, the Trusts' mission has been to maximize distributions to holders of Allowed Claims. The Trusts, with the Court's extraordinary diligence and cooperation, have worked industriously to resolve (either through objections or negotiated stipulations or withdrawals) the claims filed against the Debtors' estates. As of the date of the Motion, the Trusts have resolved approximately 6,830 of the 7,487[4] Claims filed

---

[1]   On December 11, 2013, the Court entered its *Order Confirming Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC, et al. and the Official Committee of Unsecured Creditors* [D.E. 6065] confirming the Plan. The Plan [D.E. 6065-1] created The ResCap Liquidating Trust (the "Liquidating Trust," and together with the Borrower Trust, the "Trusts") charged with, among other things, overseeing and administering the claim resolution process after the Plan's Effective Date. The Borrower Trust is responsible for the "processing, liquidation and payment of Allowed Borrower Claims in accordance with the Plan." See Art. IV.F.2. The Effective Date occurred on December 17, 2013 [D.E. 6137].

[2]   Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[3]   See D.E. 8656 (filed by Ms. Elda M. and Ms. Maria M. Thompson); D.E. 8668 (filed by Mr. Pichardo); D.E. 8669 (filed by Mr. Abu); and D.E. 8670 (filed by Mr. Boyd) (collectively, the "Objections").

[4]   Upon the Borrower Trust's further review, this number revises the 7,488 figure used in the Motion (see Motion at ¶ 9).

ny-1189637

against the Debtors' estates, leaving approximately 657 claims to be resolved, consisting of 337 Borrower Claims and 320 Non-Borrower Claims. Additionally, since the filing of the Motion, an additional 58 claims have been resolved,[5] consisting of 57 Borrower Claims and 1 Non-Borrower Claim, leaving approximately 599 claims to be resolved, consisting of 280 Borrower Claims and 319 Non-Borrower Claims.

2. As set forth in the Motion, the Plan contemplated that the Trusts' claim reconciliation work might take longer than the initial 270-day period following the Effective Date; therefore, the Plan allowed for further extensions, as was previously requested by the Trusts and as is being requested in the Motion. See Motion at ¶¶ 10, 11, 17. Although the Trusts have made significant progress in reconciling the Claims filed against the Debtors' estates since the Court entered the Claims Objection Deadline Order [D.E. 7445], as discussed in the Motion, the work is not yet complete, and the Trusts require additional time to resolve the Unresolved Claims.

3. The Trusts are committed to addressing the Unresolved Claims in a timely and expeditious manner. For example, during the months of June, July, and August, there will be six (6) scheduled omnibus hearings (*excluding* additional hearing dates scheduled to address specific Borrower Claim and Non-Borrower Claim objections) during which contested claims matters will be heard by the Court. See D.E. 8252, 8617. To the extent that they are not able to consensually resolve Borrower Claims that are among the Unresolved Claims, the Borrower Trust intends to utilize those hearing dates to bring as many contested claims matters before the

---

[5] See, e.g., D.E. 8620 (Order Granting Borrower Trust's Eighty-Fifth Omnibus Objection to Claims); D.E. 8623 (Memorandum Opinion and Order Sustaining Borrower Trust's Objection to Claim No. 5067 Filed by Gwendell L. Philpot); D.E. 8625 (Order Sustaining Borrower Trust's Objection to Claim Nos. 2769 and 2772 Filed by Alvin and Sandra LaBostrie). The remaining three Claims are subject to stipulations either withdrawing or modifying the Claims pursuant to the parties' respective agreements with the Trusts.

Court at the earliest possible time. Similarly, the Liquidating Trust will continue its efforts to consensually resolve, or, if necessary, seek to disallow certain Unresolved Claims pending against the Liquidating Trust during this period.

### B.    The Objections

4.    The Borrower Trust understands the concerns voiced by the Objectors that their respective proofs of claim have not yet been allowed and/or adjudicated by the Court, see D.E. 8670, 8669, 8668, 8656; however, the Borrower Trust has already filed objections to the Borrower Claims filed by two of the four Objectors (see D.E. 7435 (Seventy-Sixth Omnibus Objection to Claims against the Thompsons' proof of claim) and D.E. 8676 (Objection to Mr. Pichardo's proof of claim)). An evidentiary hearing concerning the Borrower Trust's objection to the Thompsons' proof of claim is scheduled to go forward on June 4, 2015 at 2:00 p.m. (ET), and an initial hearing concerning the Borrower Trust's objection to Mr. Pichardo's proof of claim is scheduled to go forward on July 16, 2015. Accordingly, these Objections are moot.

5.    With respect to the other Objectors, Mr. Abu and Mr. Boyd, the Debtors and the Borrower Trust, respectively, previously objected to Mr. Abu's proofs of claim (Claim Nos. 241 and 246) in the *Debtors' Fiftieth Omnibus Objection to Claims (No Liability Borrower Claims – Books and Records)* [D.E. 5162], which was subsequently withdrawn (see D.E. 8680), and to Mr. Boyd's proof of claim (Claim No. 960) in the (i) *ResCap Borrower Claims Trust's Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* [D.E. 7552], which was overruled without prejudice (see D.E. 7859), and the (ii) *ResCap Borrower Claims Trust's Eighty-Second Omnibus Objection to Claims (No Liability Borrower Claims)* [D.E. 8042], which was overruled without prejudice (see D.E. 8420).

6. Mr. Abu specifically asserts that extending the Claims Objection Deadline to March 15, 2016 "will be prejudicial to creditors who have filed claims in this case" and "will enable the Debtors to ignore those who are entitled to compensation for their claims giving them more time to deny claims." D.E. 8669 at 1. Additionally, Mr. Abu also claims that the Plan and the distributions made to creditors with Allowed Claims in connection therewith are being affected by the extensions to the Claims Objection Deadline, and further asserts that the Debtors (and now the Trusts) have not disclosed to the Court "their method used to resolve claims," a methodology which may be "very prejudicial to Claimants." See id. at 2. Mr. Boyd contends that should the Court grant the Motion, thereby permitting the Borrower Trust to file a third objection to Mr. Boyd's proof of claim, this would be extremely prejudicial to the claimant. See D.E. 8670 at 3. However, with respect to the Borrower Claims of Mr. Abu and Mr. Boyd, the Borrower Trust's right to renew its objections to these Borrower Claims has been expressly preserved both in the previous objections themselves and in the notice of withdrawal (with respect to Mr. Abu) and the Court's Memorandum and Opinion (with respect to Mr. Boyd), respectively.[6] The Borrower Trust is in the process of moving these Claims through the claims reconciliation and objection process.

7. The Borrower Trust, with the invaluable support of the Liquidating Trust's personnel, has undertaken an exhaustive review of each of the Borrower Claims that are Unresolved Claims (a process that is ongoing) and where appropriate, prepares very fact-intensive objections to such claims that address the multitude of legal theories often raised by the claimant. As demonstrated in the Trusts' omnibus and individual claim objections filed since the

---

[6] On May 26, 2015, the United States Supreme Court denied Mr. Boyd's Writ of Certiorari and entered an order reflecting this ruling. As this Court noted in its Memorandum and Opinion, "[a]ssuming the petition for writ of certiorari is denied, the Trust may renew its Objection to Boyd's claim based on res judicata." D.E. 8420 at 7.

4

ny-1189637

Effective Date, the Trusts have made clear to the Court and parties in interest the steps the Trusts have taken to review, analyze, and reconcile the Claims on the Claims Register as part of the claims reconciliation and objection process. Over the past nine months, the Borrower Trust, in furtherance of its duties to its constituents and the goal of maximizing recoveries to holders of Allowed Borrower Claims, has continued to prosecute omnibus and individual claims objections (where appropriate) in order to eliminate overstated and non-meritorious claims from the Claims Register utilizing such claims objection mechanism. In certain instances, the Court has overruled, in part, the claim objection; however, that is the exception and not the rule. In addition, since February of 2015, in an effort to avoid the unnecessary litigation of certain Claims and waste of the Borrower Trust's and the Court's valuable resources, the Borrower Trust has sent letters to Borrowers holding unresolved Borrower Claims in an effort to consensually resolve such Claims without further litigation. This effort has been a tremendous success and has led to the resolution of a total of 151 claims against the Debtors' estates.[7]

8. If, however, Claims cannot be resolved consensually by the parties through informal negotiations (which the Borrower Trust has successfully pursued in many instances), then the most efficient way to address the number of unresolved Borrower Claims is to file and prosecute objections to proofs of claim (and, where applicable, identify the potential contested matters in the context of such objection). As contemplated by the Plan, the Borrower Trust is being administered by a trustee (Peter S. Kravitz), and his efforts are overseen by a Borrower Claims Trust Committee. See Plan, Art. IV.F.5. In an effort to keep Borrowers apprised of material developments in the administration of Borrower Claims, Mr. Kravitz established a website that is regularly updated and provides a resource for Borrowers to make inquiries of him.

---

[7] Of these resolved Claims, approximately 145 Borrower Claims were settled and deemed "Allowed Borrower Claims" and six Borrower Claims were withdrawn from the Claims Register.

See www.rescapborrowerclaimstrust.com. Therefore, the Court does not need to mandate any further progress reports to creditor Borrowers, as such reports are already being prepared and can be found at the aforementioned website.[8] The Trusts and counsel (including numerous local counsel throughout the U.S.) engage in both formal meetings and communication several times a week all directed at expediting the claims resolution process.

9. In addition, Mr. Pichardo and Mr. Abu have raised concerns about the service of the Motion. As an initial matter, although the Plan expressly provides that the Liquidating Trust may move to extend the Claims Objection Deadline without hearing or notice, see Plan, Art. I.A.54, out of an abundance of caution, the Liquidating Trust provided notice of the Motion to all claimants with Unresolved Claims. See Motion, Affidavit of Service, and Supplemental Affidavit of Service [D.E. 8618, 8633, 8671]. Further, notice of the Motion was placed into First Class Mail on May 14, 2015, the same day the Motion was filed with the Bankruptcy Court, and provided a response deadline of May 26, 2015. See Affidavit of Service [D.E. 8633]. Thus, although the Court's Notice, Case Management, and Administrative Procedures approved by the Court [D.E. 141]) required that the Liquidating Trust only give ten (10) days from the date of mailing to object to the Motion, parties were given twelve (12) days to object to the Motion. The Trusts never deprived any party from voicing its concerns about the relief being sought in the Motion, and the Objectors will have an opportunity to be heard during the hearing on the Motion.

[*Remainder of Page Intentionally Left Blank*]

---

[8] For example, by clicking on the "Reports" tab, one could find a spreadsheet that clearly identifies the progress between the Effective Date and December 31, 2014 in reducing the number of Unresolved Claims. The Borrower Trust is in the process of preparing an updated progress report to show updated claims reconciliation figures as of June 30, 2015.

**CONCLUSION**

10.  The Trusts have worked tirelessly to resolve the entire universe of Claims, both Borrower Claims and Non-Borrower Claims.  They have made enormous progress and remain committed to completing their tasks in an expeditious and efficient manner.  However, additional time is needed.  Therefore, for all the reasons set forth in the Motion and this Reply, the Borrower Trust respectfully requests that the Court approve the relief sought in the Motion and extend the Claims Objection Deadline to March 15, 2016, while preserving the right of the Trusts to seek further extensions of the Claims Objection Deadline, if necessary.

Dated: June 2, 2015

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum
Jordan A. Wishnew
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone:  (212) 468-8000
Facsimile:  (212) 468-7900

*Counsel for The ResCap Borrower Claims Trust*