**MORRISON | FOERSTER**

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

June 3, 2015

Writer's Direct Contact
+1 (212) 336.4116
JNewton@mofo.com

Via ECF

Honorable Judge Martin Glenn
One Bowling Green
New York, NY 10004-1408

Re:     *In re Residential Capital, LLC, et. al.*, Case No. 12-12020 – Request for Status
        Conference Regarding Proof of Claim Number 5257 filed by Kenneth Taggart

Dear Judge Glenn:

We write on behalf of the ResCap Borrower Claims Trust (the "Borrower Trust") to request a status conference at the Court's earliest convenience regarding Proof of Claim Number 5257 (the "Claim") filed by Kenneth Taggart ("Claimant"), and the Borrower Trust's objection thereto [Docket No. 7847] (the "Objection").

After filing the Objection in December 2014, the Borrower Trust agreed to extensions of Claimant's response deadline on two occasions. At the same time, the Borrower Trust informed Claimant that it desired to reconcile the claim as expeditiously as possible, in part because the Claim, asserted in the amount of $450 million, is far and away the single largest remaining outstanding borrower claim and, as such, the single biggest obstacle to achieving a reduction of the claims pool to an amount sufficiently manageable to justify an interim distribution to the borrower claimants. Briefing of the matter was completed in March.

When the Borrower Trust was unexpectedly forced at the end of March to adjourn the hearing on the Objection due to a personal emergency of one of the Borrower Trust's counsel, the Borrower Trust requested Claimant's agreement to adjourn the hearing to the omnibus hearing dates on either April 16 or April 30, 2015. Claimant responded that he was not available on either date, so the hearing was adjourned to a date to be determined. Shortly thereafter, Claimant filed his *Withdrawal of Claim for Kenneth Taggart re: Claim No. 5257* [Docket No. 8398], in which he withdrew his Claim (as allegedly amended by his response to the Objection) <u>without prejudice</u>.

The Borrower Trust has reached out to Claimant on several occasions in May with a proposed stipulation, intended to effectuate a withdrawal of the Claim in accordance with the

ny-1190136

**MORRISON | FOERSTER**

Honorable Judge Martin Glenn
June 3, 2015
Page Two

Federal Rules of Bankruptcy Procedure (the "Withdrawal Stipulation") and Claimant's apparent desire. The Borrower Trust offered to speak with Claimant to discuss the intent behind his withdrawal notice and the contents of the proposed stipulation in an effort to quickly and consensually resolve the Objection. In the alternative, the Borrower Trust indicated that it intended to reschedule the Objection for hearing and pursue an expeditious resolution of the Claim.

On May 20, 2015, the Borrower Trust advised Claimant via email that, having not received any response from Claimant to several communications regarding the Withdrawal Stipulation, the Borrower Trust intended to set the Objection for hearing at the June 23, 2015 omnibus hearing. The Borrower Trust anticipated that this provided Claimant with ample time to plan accordingly. Within a few hours of receiving this news, Claimant sent to the Borrower Trust's counsel a three sentence email indicating that he had been out of town, that he was not available on June 23, and that he would respond regarding the proposed stipulation by the following Tuesday, May 26, 2015.

On the afternoon of May 26, 2015, having still heard nothing from Claimant other than that he was unavailable for the June 23 hearing date, the Borrower Trust once again followed up with Claimant to inquire whether he was available for a phone call to discuss the stipulation sent on May 11 or to otherwise discuss the appropriate next steps. After he was advised of the Borrower Trust's intent to request a status conference due to his lack of responsiveness, Claimant – still failing to provide any substantive response regarding the Withdrawal Stipulation – indicated that he would respond by June 4 and inquired about July hearing dates.

This matter is fully briefed and the Borrower Trust desires to move this matter forward toward the resolution of Claimant's $450 million Claim. It has proposed three separate hearing dates subsequent to the previously scheduled March 30 hearing date. Claimant has rejected each date without explanation, other than stating that he was unavailable. Claimant should not be permitted to delay the resolution of this matter indefinitely, only responding to communications when faced with an imminent request by the Borrower Trust for court intervention. The Borrower Trust is ready, willing and able to discuss the potential resolution of the Claim through a stipulation with respect to the filed withdrawal if Claimant so desires, or if Claimant is not prepared to enter into a stipulation, then the Borrower Trust would like to schedule a hearing on the Objection on the earliest possible date rather than potentially having the hearing delayed until the mid-July omnibus date (i.e., July 16). The Borrower Trust requests that the Court set a status conference on this matter at its earliest convenience to facilitate the resolution of this matter.

ny-1190136

MORRISON | FOERSTER

Honorable Judge Martin Glenn
June 3, 2015
Page Three


Respectfully Submitted,

 /s/ James A. Newton
James A. Newton


Cc: Kenneth Taggart (via email)

ny-1190136