MORRISON | FOERSTER

250 WEST 55TH STREET
NEW YORK, NY 10019-9601

TELEPHONE: 212.468.8000
FACSIMILE: 212.468.7900

WWW.MOFO.COM

MORRISON & FOERSTER LLP

BEIJING, BERLIN, BRUSSELS, DENVER,
HONG KONG, LONDON, LOS ANGELES,
NEW YORK, NORTHERN VIRGINIA,
PALO ALTO, SACRAMENTO, SAN DIEGO,
SAN FRANCISCO, SHANGHAI, SINGAPORE,
TOKYO, WASHINGTON, D.C.

June 4, 2015

Writer's Direct Contact
+1 (212) 506.7341
NRosenbaum@mofo.com

Via ECF

Honorable Judge Martin Glenn
One Bowling Green
New York, NY 10004-1408

Re:   *In re Residential Capital, LLC, et. al.*, Case No. 12-12020 – Request for Status Conference in Follow-up to Motion for Relief from Stay Filed by Ronald Gillis

Dear Judge Glenn:

As the Court is aware, we serve as counsel to The ResCap Liquidating Trust (the "Liquidating Trust").  We write to request a status conference at the Court's earliest convenience in connection with and by way of follow-up to the Court's March 18, 2015 memorandum opinion and order [Docket No. 8326] denying the *Amended Motion for Relief of Automatic Stay Regarding "RFC" and Homecomings Financial" to Persue [sic] Discovery* [Docket No. 7785 (the "Motion") filed by Ronald Gillis ("Movant").  Despite the Liquidating Trust's full compliance with this Court's direction at the hearing on the Motion and the Liquidating Trust's further efforts to engage with Movant to address his concerns, Movant has now filed court papers alleging rule 11 violations and purporting to give 21 days' notice of a motion for sanctions.  Movant continues to press for additional documents – which the Liquidating Trust has repeatedly informed Movant it does not have – despite the recent dismissal **with prejudice** of the federal court action in connection with which he previously sought discovery.  Movant's threats must cease, and the Liquidating Trust requests a status conference on this matter.

At the hearing on the Motion, the Court indicated that it would deny the Motion, but directed the Liquidating Trust to "undertake a search of electronic records for any records that relate to the Gilleses."  *See* Tr. H'ring at 44:15-16.  The Court also directed the Liquidating Trust to attempt to locate the Gilleses' loan file and any servicing notes.  *See id.* 45:12-21. The Court indicated, however, that searches of email correspondence was not necessary at this juncture. *See id.* at 1-2.  Finally, the Court directed the Liquidating Trust to file a status update, indicating "whether [the Liquidating Trust] located documents and whether [it] provided them to the Gilleses."  *See* Tr. H'ring at 46:16-19.

ny-1190145

MORRISON | FOERSTER

June 4, 2015
Page Two

Consistent with the Debtors' limited involvement with Movant's loan (Residential Funding Company ("RFC") acted as the master servicer the loan), the Liquidating Trust noted at the hearing and to Movant after the hearing that the other parties to the litigation were likely to have better and more complete access to documents relevant to Movant's lawsuit pending in the United States District Court for the Middle District of Florida, Case No. 14-00418 (the "Federal Action"). Nonetheless, the Liquidating Trust agreed to undertake a search of its electronic records and to produce records located through that search.

By correspondence dated April 17, 2015, the Liquidating Trust provided copies of the documents that it located through its search of its electronic records. A copy of the Liquidating Trust's April 17, 2015 correspondence is attached hereto as Exhibit 1.[1]

Dissatisfied with the Liquidating Trust's production, Movant responded by letter dated April 22, 2015, a copy of which is attached hereto as Exhibit 2. Movant's April 22, 2015 correspondence included as an exhibit a purported email communication between Movant and an employee of Wachovia. The exhibit made reference to a "second lien."

Although the Liquidating Trust was unsure of the purported import of the email and associated concerns expressed by Movant, the Liquidating Trust believed that perhaps Movant was suggesting that he desired information regarding this "second lien." Consequently, the Liquidating Trust undertook a further search of its electronic records to ensure that it was not missing information regarding a second lien mortgage on the property. The Liquidating Trust uncovered no records regarding any other loan and also did not discover any further records regarding the loan for which RFC acted as master servicer. The Liquidating Trust advised Movant of its further efforts and their results by correspondence dated May 6, 2015, attached hereto as Exhibit 3. In its May 6, 2015 letter, the Liquidating Trust requested additional information from Movant regarding the purported second lien (on the belief that Movant was concerned with that lien) and indicated that upon receipt of that information the Liquidating Trust would determine whether additional search efforts were required.

On May 11, 2015, Movant filed a Status Update with the Court [Docket No. 8627] alleging that the Liquidating Trust had ignored his request for a stipulation indicating that none of the Debtors had any interest in the property. In fact, the Liquidating Trust did not ignore Movant's request and, instead, had indicated in its May 6 letter that given the lack of clarity in Movant's correspondence, the Liquidating Trust would need to better understand the facts before it was in a position to consider the propriety of any such stipulation. *See* Exhibit 3 at

---

[1] The Liquidating Trust has included in Exhibit 1 documents that were identified through its review of the Debtors' electronic records and produced to Movant, but has not included other documents that it produced to Claimant, including voluminous agreements and other documents relating to the securitization trust into which Movant's loan was securitized.

ny-1190145

MORRISON | FOERSTER

June 4, 2015
Page Three

1-2.  Movant followed-up his May 11 Status Update with a another letter to the Liquidating Trust, May 19, 2015 and attached hereto as Exhibit 4.

In an attempt to resolve Movant's purported concerns without the need for further Court intervention, the Liquidating Trust once again responded to Movant's inquiry and requested the additional information that had been previously requested but not provided.  A copy of the Liquidating Trust's May 22, 2015 responsive correspondence is attached hereto as Exhibit 5.

Meanwhile, on May 21, 2015 the Federal Action was dismissed with prejudice.  A copy of the Order dismissing the Federal Action is attached hereto as Exhibit 6.

On May 27, 2015, **despite the Federal Action having been dismissed with prejudice**, Movant sent to this Court his *Judicial Notice pursuant to FRCP* [Docket No. 8711].  Movant's judicial notice filing represented just the latest in a spate of unsupported threats, and notified the Court of his intent to file a motion for sanctions in twenty-one days.

The Liquidating Trust has fully complied with the Court's direction at the March 12, 2015 hearing and has continued to try to address Movant's concerns.  The Liquidating Trust's efforts have been to no avail, and instead have been met with continuous and frivolous threats.  The Liquidating Trust therefore requests that the Court set this matter for a status conference at the June 23, 2015 omnibus hearing currently scheduled in these chapter 11 cases.

Respectfully submitted,

/s/ Norman S. Rosenbaum
Norman S. Rosenbaum


cc: Ronald Gillis

ny-1190145