**Exhibit 6**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RONALD P. GILLIS,

       Plaintiff,

v.                                      Case No:  2:14-cv-418-FtM-38DNF

DEUTSCHE BANK TRUST
COMPANY AMERICAS, GMAC-RFC
MASTER SERVICING,
HOMECOMINGS FINANCIAL, ERIN
MAE ROSE QUINN and ANDREW
LEE FIVECOAT,

       Defendants.
_____/

## ORDER[1]

This matter comes before the Court on Defendants Andrew Lee Fivecoat and Erin Mae Rose Quinn's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #93) and Defendant Deutsche Bank Trust Company Americas' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #94) filed on April 28, 2015, and May 1, 2015, respectively. Plaintiff Ronald P. Gillis failed to file a response to either Motion. The matter is now ripe for review.

### Background

Defendant Deutsche Bank Trust Company Americas ("DBTCA") is a New York Corporation with its principal place of business in New York. (Doc. #92 at 4). Defendants

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or Web sites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other Web sites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the Court has no agreements with any of these third parties or their Web sites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

Andrew Lee Fivecoat ("Fivecoat") and Erin Mae Rose Quinn ("Quinn") are Florida residents who served as counsel for DBTCA in previous litigation. (Doc. #92 at 5). Plaintiff is a Florida resident who previously engaged in litigation with Defendants. (Doc. #92 at 1-4). In 2008, DBTCA filed a state-court foreclosure action against Plaintiff, seeking to recover on a note assigned to it and secured by Plaintiff's residence. (Doc. #92 at 2). Throughout the state-court litigation, Plaintiff avers that, through the acts of its counsel, Fivecoat and Quinn, DBTCA committed various frauds on the state court. (Doc. #92 at 2-4). These acts include repeatedly misidentifying itself, filing false documents, and failing to identify the mortgage-backed trust that purports to own the mortgage that it sought to foreclose on. (Doc. #92 at 2-4).

Plaintiff believes that this conduct illustrates, among other things, that Defendants are operating a "criminal enterprise to illegally enrich themselves through the extortion of legal fees and the sale of ill-gotten real estate assets to which they are not entitled. . . ." (Doc. #92 at 3). To that end, Plaintiff filed an Amended Complaint asserting nine counts total, including three counts against all Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1962 et seq. (Counts 1-3); three counts against Defendants Fivecoat and Quinn for violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962 et seq. (Counts 6-8); one count against Defendant DBTCA for a violation of RICO (Count 4); and two counts against all Defendants for a violation of RICO (Counts 5 and 9). (Doc. #92 at 5-11). In response, Defendant DBTCA and Defendants Fivecoat and Quinn filed Motions to Dismiss. (Doc. #94; Doc. #93). The Court will address both Motions in this Order.

2

## Legal Standard

In deciding a Rule 12(b)(6) motion to dismiss, the Court limits its consideration to well-pleaded factual allegations, documents central to, or referenced in, the complaint, and matters judicially noticed. *La Grasta v. First Union Sec., Inc.,* 358 F.3d 840, 845 (11th Cir. 2004). The Court must accept all factual allegations in a plaintiff's complaint as true and take them in the light most favorable to the plaintiff. *Pielage v. McConnell,* 516 F.3d 1282, 1284 (11th Cir.2008). Conclusory allegations, however, are not entitled to a presumption of truth. *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (discussing a Rule 12(b)(6) dismissal); *Marsh v. Butler County, Ala.,* 268 F.3d 1014, 1036 n. 16 (11th Cir. 2001).

The Court employs the *Twombly–Iqbal* plausibility standard when reviewing a complaint subject to a motion to dismiss. *Randall v. Scott,* 610 F.3d 701, 708, n. 2 (11th Cir. 2010). A claim is plausible if the plaintiff alleges facts that "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal,* 556 U.S. at 678, 129 S.Ct. 1937. The plausibility standard requires that a plaintiff allege sufficient facts "to raise a reasonable expectation that discovery will reveal evidence" that supports the plaintiff's claim. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007); *Marsh,* 268 F.3d at 1036 n. 16. Thus, "the-defendant-unlawfully harmed me accusation" is insufficient. *Iqbal,* 556 U.S. 662, 677, 129 S.Ct. 1937, 173 L.Ed.2d 868. "Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement." *Id.* (internal modifications omitted). Further, courts are not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986).

3

Because Plaintiff is proceeding *pro se*, the Court construes his complaint more liberally than had it been drafted by an attorney. See Powell v. Lennon, 914 F.2d 1459, 1463 (11th Cir.1990).

### Discussion

There are two Motions to Dismiss pending before the Court. Defendant DBTCA seeks dismissal of Plaintiff's Amended Complaint on the basis that Plaintiff failed to correct the deficiencies that the Court identified when it dismissed his original Complaint. Namely, Plaintiff's FDCPA claims lack sufficient grounds and Plaintiff's RICO claims fail to possess the specificity required by Fed. R. Civ. P. 9(b). (Doc. #94 at 4-16). Similarly, Defendants Fivecoat and Quinn seek a dismissal of Plaintiff's Amended Complaint on many of the same grounds as their original Motion to Dismiss. Those grounds include that Plaintiff's FDCPA claims fail as a matter of law; Plaintiff fails to allege any acts that violate the FDCPA; Plaintiff fails to state a cause of action under RICO; and the litigation privilege bars all of Plaintiff's claims. (Doc. #93 at 4-21). The Court will address Defendants' Motions on a count-by-count basis.

*Violations of the FDCPA (Counts 1-3):*

To assert a violation of the FDCPA, Plaintiff must allege that (1) he has been the object of collection activity arising from consumer debt, (2) Defendants are debt collectors as defined by the FDCPA, and (3) Defendants have engaged in an act or omission prohibited by the FDCPA. *Salazar v. MFP, Inc.*, 847 F.Supp.2d 1329, 1331 (M.D. Fla. 2012) (internal quotations and citations omitted). As illustrated below, each of Plaintiff's counts asserting FDCPA violations lack one or more of these requisite elements.

4

In Counts 2 and 3, Plaintiff alleges that Defendants violated the FDCPA by making "false, deceptive, and misleading representations concerning their standings to sue Plaintiff and their interest in the debt." (Doc. #92 at 5-8). But this allegation, even if true, fails to constitute a *prima facie* FDCPA violation. As the Eleventh Circuit has explained, the "enforcement of a security interest through the foreclosure process is not debt collection for the purposes of [the FDCPA]." Warren v. Countrywide Home Loans, Inc., 342 F. App'x 458 (11th Cir. 2009); *see also Dunavant v. Sirote & Permutt, P.C.,* --- F. App'x  ----, No. 14-13314, 2015 WL 525536, at *1 (11th Cir. Feb. 9, 2015). By focusing solely on Defendants' actions in the state-court foreclosure action, Plaintiff fails to allege a requisite element in Counts 2 and 3 – that he was the object of debt collection activity. And without such an allegation, Plaintiff fails to allege a *prima facie* FDCPA violation. Because of this, Counts 2 and 3 must be dismissed.

Count 1 fairs no better. While Counts 2 and 3 fail to allege the first requisite element, Count 1 fails to allege the second and third requisite elements. That is, there are no allegations that Defendants are debt collectors as defined by the FDCPA or that they engaged in an act or omission prohibited by the FDCPA. Instead, Count 1 consists of two sentences. The first sentence notes that Plaintiff received four "demand letters" prior to the state-court foreclosure action. (Doc. #92 at 5). The second sentence describes how Defendants' filings in the state-court proceedings sought not only "the foreclosure of the security agreement[,] but also a 'deficiency judgment' and 'fees, costs[,] and attorney's fees.'" (Doc. #92 at 5). Clearly, these two sentences are not enough to allege a *prima facie* FDCPA violation. As such, Count 1 must be dismissed.

5

*Violations of RICO (Counts 4-9):*

The federal civil RICO statute, § 1962(c), makes it illegal "for any person employed by or associated with any enterprise engaged in, or the activities of which affect, interstate or foreign commerce, to conduct or participate, directly or indirectly, in the conduct of such enterprise's affairs through a pattern of racketeering activity." *Williams v. Mohawk Indus., Inc.*, 465 F.3d 1277, 1282 (11th Cir. 2006) (citations and quotations omitted). To assert a federal civil RICO claim, a plaintiff must allege (1) conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Id.* Moreover, when the alleged conduct is an act of fraud, the plaintiff must also meet the heightened pleading requirement set out in Fed. R. Civ. P. 9(b). The Eleventh Circuit held that, in the RICO context, Rule 9(b) requires the plaintiff to allege "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements misled the [p]laintiff[]; and (4) what the defendants gained by the alleged fraud." *Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (citations and quotations omitted).

Previously, the Court warned Plaintiff that if he wished to replead his RICO claims, he must do so in accordance with the pleading standards set out in *Williams*, 465 F.3d 1277. (Doc. #90 at 9). Unfortunately, Plaintiff did not heed these instructions, and instead repeated the same pleading errors in his Amended Complaint. Once again, Plaintiff continually references "forged documents," "misrepresentations," and "fraud." (Doc. #92 at 8-11). And once again, there is no information regarding the precise misrepresentations or the precise forged documents; there is no information regarding the time or place these forged documents or misrepresentations were presented; there is

6

no information regarding how these alleged forged documents or misrepresentations misled Plaintiff; and there is no information regarding what Defendants gained by the alleged fraud. (*See* Doc. #92 at 8-11). Without providing additional factual details in the Amended Complaint that meet Rule 9(b)'s heightened pleading standard, Plaintiff's RICO claims must be dismissed, again.

*Future Amendments Would be Futile*

Because Plaintiff is proceeding *pro se*, the Court was lenient in its previous dismissal order, granting him leave to file the Amended Complaint. (Doc. #90 at 9). In fact, the Court even directed Plaintiff's attention to case law that would assist him in meeting the pleading standards that are required to survive a motion to dismiss. (Doc. #90 at 9). It is unfortunate that Plaintiff ignored this assistance, hastily refiling nearly the exact same allegations, with minimal additions and alterations. The Court is not inclined to let Plaintiff repeat these errors for a third time, and finds that future amendments would be futile.

Accordingly, it is now

**ORDERED:**

1. Defendants Andrew Lee Fivecoat and Erin Mae Rose Quinn's Motion to Dismiss Plaintiff's Amended Complaint (Doc. #93) is **GRANTED.**

2. Defendant Deutsche Bank Trust Company Americas' Motion to Dismiss Plaintiff's Amended Complaint (Doc. #94) is **GRANTED**.

3. Plaintiff Robert Gillis' Amended Complaint (Doc. #92) is **DISMISSED with prejudice.**

7

4. The Clerk of the Court is directed to terminate all pending motions and deadlines, and close this case. All other pending Motions are **DENIED as moot**.

**DONE** and **ORDERED** in Fort Myers, Florida, this 21st day of May, 2015.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record

8