To: The Clerk of Court ※ (Hon. Judge Martin Glenn)
US Bankruptcy Court
Southern District of New York
Alexander Hamilton Custom House
1 Bowling Green New York, New York 10004-1408

RE: Residential Capital LLC, et al — Case No. 12-12020
— Response of Claimants/Creditors Objecting to Rescap Borrower Claims Trust's Eighty-Second Omnibus to Claim (Claims Nos. 3910 & 4085.

Date: 06/01/15

Please enclosed for filing with the Court (Hon. Judge Martin Glenn) Claimants/Creditors above-Stated Response (Opposition).

Do file accordingly
Thank you

from: Sylvia Emielata
Tel (512) 791-2395;
    (512) 992-9998

※ Via: U.S EXPRESS MAIL #:
EK 934514145 US

RECEIVED JUN 3 2015 U.S. BANKRUPTCY COURT SO DIST OF NEW YORK

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**



In re:                                                          Case No. 12-12020

RESIDENTIAL CAPITAL, LLC, et al                Chapter 11

    Debtors.                                                  Jointly Administered

### RESPONSE OF CLAIMANTS/CREDITORS OBJECTING TO RESCAP BORROWER CLAIMS TRUST'S EIGHTY –SECOND OMNIBUS OBJECTION TO CLAIM:
    CLAIMANTS/CREDITORS – Philip Emiabata and Sylvia Emiabata
    <u>CLAIMS NOS. – 3910 & 4085</u>

TO THE HONORABLE JUDGE MARTIN GLENN:

1. The claimants/creditors Philip Emiabata and Sylvia Emiabata (The Creditors), claims Nos. 3910 & 4085 by and respectfully represents and objects to the Debtors/ Movant Rescap Borrower Claim Trust Eighty –second omnibus objection to claim.
2. The creditors reserves the right to amend, add to this our original response ( opposition) to this debtors eighty-second omnibus to claim and also to ask the court for a continuum on the Hearing after Rescap Borrowers Claims Trust (Debtors) herein have supplied creditors with all our discoveries, Interrogatories. Which discoveries will enable creditors to cite factual and legal bases upon which creditors will be relying on opposing or objecting to this eighty –second omnibus. Since most of the evidence, documents are originated, authored by the debtors' including this very Rescap Borrowers Claim Trust.
3. (a) Description of the basis for creditors claims is as seen in creditors proof of claim as provided by s. 101 (5) of the Bankruptcy code. Which also includes creditors right to receive payment against the debtors. Also based on equitable remedy for a breach.
    a. (b) See also creditors complaint at the Federal District of Massachusetts (Case# 11:1: CV -11885 GAO). Which case was pending before the filing of the Chapter 11 Bankruptcy of these debtors (Residential Capital LLC with its affiliated debtors).
4. Creditors claims not only merit Settlement or for Settlement negotiations; but also it is enforceable. All these will be supported by affidavit in creditors additional, cum futuristic amended opposition to this debtors objection to claim.

1

5. The declaration of one Kathy Priore, Associate counsel for the Rescap Liquidation Trust (Exhibit 2) in support of this Rescap Borrower Claim Trust's eighty second omnibus objection to claims. Also coupled with declaration of Norman S. Rosenbaum, a partner in the Law firm of Morrison & Foerster – counsel to debtors/ counsel to the Rescap borrower Claims Trust. Priore cited in her affidavit that she studied and is familiar with issues concerning or ranging from "general servicing issue", "Origination Issues", "Escrow Issues", Wrongful Foreclosure", et al. These are not only fuzzy; most of these issues she declared in this her declaration are not true, is unfounded or bizarre.
**Creditors will use opportunity of discoveries to ask Priore to supply documents, evidence that she or debtors used otherwise in arriving or making the conclusions in these her declaration dated January 29, 2015. And also to check, see the correctness and authenticity of the discovery. As the State Attorneys of these states(Massachusetts, New York, Delaware) behind the Settlements and leading subsequently to Residential Capital & its affiliated companies into Bankruptcy has through debtors books, activities, practices, et al found debtors wanting.**

6. Creditors are asking why even in the first place that the Borrower Trust put these creditors claims (3910 & 4085) as "No liability Claims". When this our claims are enforceable.
According to the Borrower Trust, what makes other peoples claims to qualify for liability or in their words "Allowable Claims". Can it be said with a straight face both factually and legally that a claimant/creditor who was damaged by the actions of the debtors (Rescap & its affiliated debtors) whether one is a successor in interest to the debtors. For example, when the act(s) involved shortage of land (acreage; to mention just one example) by the debtors when this issue of shortage if acreage has been raised both in writing and also in the court. Can this not be seen as "Allowable Claim" in order to make claimant whole: either by settlement through negotiations.
And this is one of the reasons creditors are opposing this omnibus objection.

7. (i) Failing to attach documents or due to lack of documentation according to the bankruptcy Rules does not and cannot thwart, nor contravene the substantive rights as contained in the Bankruptcy codes. The lack of documentation in and of itself cannot be a ground for disallowance of a claim.
Here the debtors/ its counsels who are now acting as the Borrowers Claim Trust ( The Trust) and Liquidation trust are asking for the disallowance and expunge of creditors claim, when debtors knew that there were actual fraud, or constructive fraud committed by debtors. To disallow our claims where there is a violation inherent in creditors rights (fraud – for example on acreage of land) supra. This omnibus objection is not means to settle thus.
**Moreso, debt is defined within the Bankruptcy codes as "liability on a claim" -11 U.S.C. s. 101 (12).**

8. Closely associated with these para. 6, 7 above, no court that seek for justice and guided by the rule of law will allow be it debtors (or it successor in interest which here in this Bankruptcy is the Borrower Trust) to allow this violation or act to be swept under the rug; by mere phrase of "No liability", disallow" and to be expunged".

2

9. Which court of the land that seeks justice will allow debtors to expunge their bad acts without making claimant whole by settlement negotiations.
10. With all these, the debtors (Rescap & its affiliates) went so far, forgetting that we are a nation of law. Debtors/ their counsel Morrison & Foerster herein went further to ask the court in their enclosed Proposed order to "disallow, expunge with prejudice". Creditors wonder what is prejudicial herein. **The only prejudicial here in this bankruptcy is the way the debtors (Residential Capital LLC with the counsels representing them is going about these their Chapter 11 Bankruptcy, which also amongst others, includes the abuse of the eighty –second omnibus objection to claim.**
11. **The Borrower Trust/ its counsels and the Liquidating Trust (its counsel) knows fully the debtors – Rescap (Residential Capital LLC – JP Morgan Chase, GMAC, et al) are insolvent. Quote the Movant of these eighty – second omnibus objection to claim, they keep stating that there is no sufficient funds to disburse. Then why where Residential Capital & its affiliate debtors (Rescap) allowed for their Chapter 11 Bankruptcy to be confirmed in the first place.**
12. Whether the Bankruptcy disallows or expunges creditors' claims, creditors has the right to object, and other grounds through other legal avenues to seek justice for their claims.

WHEREFORE, the claimants /creditors respectfully request the court not to grant the Rescap Borrower Trust eighty-second omnibus objection to claims and neither the Proposed Order.

Dated June 1st, 2015

/s/ Philip Emiabata, Sylvia Emiabata
508 Evening Grosbeak Drive
Pflugerville TX 78660
Tel (512)791-2395;
(512) 992- 9998

EK934514145US

3