1  Alan Moss
   In Pro Per
2  P.O. Box 721
   Moss Beach CA 94038
3  Telephone: (415)494-8314
   Facsimile:   (650)728-0738
4
   In Propria Personum
5

RECEIVED

JUN   3 2015

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK

6

7

8               IN THE UNITED STATES BANKRUPTCY COURT

9          IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

10

11

12  IN RE                        )   BANKRUPTCY CASE No.  12-12020-MG
                                 )   CHAPTER 11
13                               )
                                 )
14  RESIDENTIAL CAPITAL LLC,     )   Jointly Administered
                                 )   (Executive Trustee Services, Case No. 12-
15                               )   12028)
                                 )
16                               )   [Claim No. 4445]
                                 )
17                               )
                    Debtors.     )   CREDITOR ALAN MOSS' RESPONSE
18                               )   TO DEBTOR'S OBJECTION TO
                                 )   AMENDED CLAIM [CLAIM NO. 4445]
19  _____  )

20

21

22

23

24

25

26

1

2

# TABLE OF CONTENTS

3  TABLE OF CONTENTS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

4  TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . iii

5  INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

6  I.    **THE DEBTOR'S DEFAULT IN THE ETS CASE
       CONCLUSIVELY PERFECTS THIS CLAIM** . . . . . . . . . . . . . . . . . . . **1**

7         A.    CALIFORNIA DEFAULT LAW . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

8         B.    THE SOLE CASE CITED BY DEBTOR SHOULD NOT, AND CANNOT,
                BE RELIED UPON FOR THE PROPOSITION THAT A DEFAULT
9               IS OF NO EFFECT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

10        C.    CALIFORNIA CASES CITING FERRARO DO NOT CITE IT FOR ITS
                ALLEGED HOLDING RE: EFFECT OF DEFAULT  . . . . . . . . . . . . . . . . . . 4

11

12        D.    ON THE CONTRARY, ALL CALIFORNIA CASES DECIDING THE EFFECT
                OF ENTRY OF DEFAULT COMPEL THE CONCLUSION THAT THE ALLE-
13              GATIONS OF THE UNDERLYING COMPLAINT ARE ACCEPTED AS TRUE. . . . . 5

14        E.    FEDERAL CASE LAW IN THIS CIRCUIT ARE IN AGREEMENT WITH
                CALIFORNIA LAW REGARDING DEFAULT . . . . . . . . . . . . . . . . . . . . . . 6

15        F.    THE COMPLAINT IN THE UNDERLYING CASE SHOULD BE ACCEPTED
                BY THE COURT AS BEING WELL-PLED AND ADVANCING THE CAUSES
16              OF ACTION OF THE AMENDED CLAIM . . . . . . . . . . . . . . . . . . . . . . . . 7

17

18  II.   **THE ACTIONS OF ETS ARE NOT PRIVILEGED** . . . . . . . . . . . . . . . . . **10**

19        A.    DEBTOR'S AUTHORITY ARE INAPPOSITE TO THE ISSUE OF PRIVILEGE . . . . 10

20        B.    IF MALICE IS REQUIRED, IT HAS BEEN ESTABLISHED BY THE
                ENTRY OF DEFAULT OF THE COMPLAINT . . . . . . . . . . . . . . . . . . . . . . 10

21        C.    MALICE IS ESTABLISHED UNDER THE SECOND PRONG OF KACHLON . . . . . 11

22        D.    KACHLON HAS NEVER BEEN CITED AS AUTHORITY IN A CASE
                WHERE THE ALLEGED TRUSTEE WAS ILLEGALLY APPOINTED,
23              ACTED  WITHOUT LEGAL AUTHORITY, AND WHOSE ACTIONS
                WERE FOUND TO BE PRIVILEGED  . . . . . . . . . . . . . . . . . . . . . . . . . 13
24

25

26

E.    KACHLON'S APPLICATION TO THIS AMENDED CLAIM REGARDING WITHDRAWING THE NOTICES IS INAPPOSITE TO THIS AMENDED CLAIM. . . . 16

III.    **CLAIMANT HAS FULLY ESTABLISHED THE CAUSES OF ACTION CON-TAINED IN THE COMPLAINT COMPRISING THE CLAIM** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

A.    THE CAUSES OF ACTION IN THE COMPLAINT HAVE BEEN ESTABLISHED BY THE ENTRY OF DEFAULT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 17

B.    EVEN IF THE ENTRY OF DEFAULT DOES NOT ESTABLISH THE CAUSES OF ACTION, THE AMENDED CLAIM SETS FORTH THE REQUISITE ELEMENTS OF THE CAUSES OF ACTION . . . . . . . . . . . . . . . . . . . . . . . 18

1.    THE NEGLIGENCE CLAIM . . . . . . . . . . . . . . . . . . . . . . . 18

A. ETS, AS TRUSTEE, UNEQUIVOCALLY OWED CLAIMANT A DUTY    18

B. ETS BREACHED THE DUTY IT OWED TO CLAIMANT . . . . . . . . . 21

C. ETS'S BREACHED CAUSED HARM TO CLAIMANT . . . . . . . . . . . 23

2.    EMOTIONAL DAMAGES LIE EVEN ABSENT PHYSICAL HARM/NEGLIGENT INFLICTION OF EMOTIONAL DAMAGES . . . . . . . 26

3.    NEGLIGENCE PER SE . . . . . . . . . . . . . . . . . . . . . . . . . 29

4.    FRAUD . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 30

5.    INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS . . . . . . . . . . . 32

IV.    **THE DISCOVERY DISPUTE, THE EFFECT OF DEBTOR'S REFUSAL TO COOPERATE IN DISCOVERY, AND THE RESULTANT PREJUDICE TO CLAIMANT** . . . . . . . . . . . . . . . . . . . . 33

V.    **CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 34

# TABLE OF AUTHORITIES

**FEDERAL AUTHORITIES**

**STATUTES AND RULES**

FRCP 55 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

**CASES**

*Aguinaldo vs. Ocwen Loan Serv. LLC* 2012 WL 3835080 . . . . . . . . . . . . . . . . . . 32

*Arthur vs. JPMorgan Chase Bank, N.A.*(2011) 2011WL 1882078 . . . . . . . . . . . . . . 14

*Barrionuevo vs. Chase Bank, N.A.* (N.D. Cal. 2012) 885 F.Supp.2nd 964 . . . . . . . . . . 14

*Beagle vs. Vasold*(1966) 65 Cal.2nd 166, 173. . . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Bergman vs. Bank of America*, 2013 WL 5863057(Bergman I) . . . . . . . . . . . . 13, 14, 25

*Bergman vs. Bank of America*, 2014 WL 265577(Bergman II) . . . . . . . . . . . . . . . 13,14

*Clifton vs. Tomb*(4th Cir. 1927) 21 F.2nd 893. . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Davenport vs. Litton Loan Servicing* (N.D. Cal. 2010) 725 F.Supp.2d 862 . . . . . . . . . . 32

*De La Cerra Frances vs. de Anda*(224 Fed.Appx. 637(9th Cir. 2007) . . . . . . . . . . . . 31

*Freeman vs. King*, 2007 WL 1289810 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 24

*Garfoot vs. Avila*(1989)213 Cal.App.3rd 1205.. . . . . . . . . . . . . . . . . . . . . . . . . . 27

*Greyhound Exhibit Group, Inc. vs. E.L.U.L Realty Corp.*(1992) 973 F.2nd 155 . . . . . . . 7

*In Re Tome* (1990) 113 B.R. 626, Bkrtcy C.D. Cal. . . . . . . . . . . . . . . . . . . . . . . . 13

*Maomanivong vs. National City Mtg.*(2014) 2014 WL 4623873 . . . . . . . . . . . . . . . 29

*Mehta vs. Wells Fargo Bank*(N.D. Cal. 2010) 737 F.Supp.2d1185 . . . . . . . . . . . . . . 32

*Ottovich vs. Washington Mutual*(2010) 2010WL 3769459 . . . . . . . . . . . . . . . . . . . 32

*Perreault vs. NDEX West, LLC*, 2011 WL 11682629 . . . . . . . . . . . . . . . . . . . . . . 20

*TeleVideo Systems, Inc. Vs. Heidenthal*(9th Cir. 1987) 826 F.2nd 915. . . . . . . . . . . . 6

1  **CALIFORNIA AUTHORITIES**

2  **STATUTES**

3  Cal. Civil Procedure Code §366.3 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  5

4  Cal. Civil Procedure Code §431.20 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6

5  Cal. Civil Procedure Code §473 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  2

6  Cal. Civil Code §2924-2924h . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  13, 16, 24

7  Cal. Civil Code §2934a(a)(1) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  14

8  Cal. Civil Code §2934a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  21

9  Cal. Civil Code §2934a . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  27

10  California Rule Of Court §8.1115 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  25, 29

11  **CASES**

12  *Agarwal vs. Johnson*(1979) 25 Cal.3rd 932, 946 . . . . . . . . . . . . . . . . . . . . . .  33

13  *Ainsa vs. Mercantile Trust Co. Of San Francisco* (1917) 174 Cal. 504 . . . . . . . . . . . .  19

14  *Anderson vs. Heart Federal Savings*(1989) 208 Cal.App.3rd 202 . . . . . . . . . . . . . . .  21

15  *Ballengee vs. Sadlier* (1986) 179 Cal.App.3rd 1 . . . . . . . . . . . . . . . . . . . . . . .  13

16  *Bank of America vs. La Jolla Group II*(2005) 129 Cal.App.4th 706 . . . . . . . . . . . . .  21

17  *Bank of Seoul & Trust Co.* (1988) 198 Cal.App.3rd 113 . . . . . . . . . . . . . . . . . . .  19

18  *Baron vs. Colonial Mortgage Service Co.*(1980) 111 Cal.App.3rd 316 . . . . . . . . . . . . .  19

19  *Branch vs. Homefed Bank* (1992) 6 Cal.App.4th 793 . . . . . . . . . . . . . . . . . . . . .  28

20  *Capelouto vs. Kaiser*(1972) 7 Cal. 3rd 889 . . . . . . . . . . . . . . . . . . . . . . . . .  27

21  *Carlsen vs. Koivumaki*(2014) 227 Cal.App.4th 879 . . . . . . . . . . . . . . . . . . . . . .  5

22  *Carter vs. Continental Land Title Co.* (1991)233 Cal.App.3rd 1597 . . . . . . . . . . . . . .  19

23  *Dahl-Beck Electric Co. vs. Rogge*(1969) 275 Cal.App.2nd 893 . . . . . . . . . . . . . . . . .  20

24  *Devlin vs. Kearny Mesa AMC/Jeep/Renault, Inc.*(1984) 155 Cal.App.3rd 381 . . . . . . . . .  6

25

26

1   *Dimock vs. Emerald Properties* (2000) 81 Cal.App.Cal.App.4th 868 . . . . . . . . . . .   20, 21

2   *Estate of Avila vs. Gomez* (2012) 1012 WL 3289375 . . . . . . . . . . . . . . . . . . . . . . . . .   4

3   *Ferraro vs. Camarlinghi* (2008) 161 Cal.App.4th 509 . . . . . . . . . . . . . . . . . . . . .   2, 4, 5

4   *Fleisher vs. Continental Aux. Co.* (1963) 215 Cal. App.2nd 136 . . . . . . . . . . . . . .   19

5   *Fletcher vs. Western Nat. Life Ins. Co.*(1970) 10 Cal.App.3rd 376 . . . . . . . . . . . . .   33

6   *Friedman vs. Merck & Co.* (2003) 107 Cal.App.4th 454 . . . . . . . . . . . . . . . . . . . .   10, 17

7   *Garber & Associates vs. Eskandarian* (2007) 150 Cal.App.4th 813 . . . . . . . . . . . . . .   5

8   *Grimes vs. Carter* (1966) 241 Cal.App.2nd 694 . . . . . . . . . . . . . . . . . . . . . . . . . .   33

9   *Gudger vs. Manton*, (1943) 21 Cal.2nd 537 . . . . . . . . . . . . . . . . . . . . . . . . . . .   14

10  Kachlon vs. Markowitz (2008)168 Cal.App.4th 316. . . . . . . . . . . . . . . .   11, 12, 15, 17, 20

11  *Kerivan vs. Title Ins. & Trust Co.* (1983) 147 Cal.App.3rd 225 . . . . . . . . . . . . . . .   13

12  *Kim vs. Westmoore Partners, Inc.*(2012) 201 Cal.App.4th 267 . . . . . . . . . . . . . .   5, 6

13  *Kleckner vs. Bank of America* (1950) 97 Cal.App.2nd 30 . . . . . . . . . . . . . . . . . . .   19

14  *Merrill vs. Los Angeles Gas & Elec. Co.*(1910) 158 Cal. 499 . . . . . . . . . . . . . . . . .   26

15  *Molen vs. Friedman* (1998) 64 Cal.App.4th 1149 . . . . . . . . . . . . . . . . . . . . . . .   3, 4, 6

16  *Molien vs. Kaiser Found. Hosp.*(1980) 27 Cal.App.3rd 916 . . . . . . . . . . . . . . . . .   26, 27

17  *Munger vs. Moore* (1970) 11 Cal.App.3rd 1 . . . . . . . . . . . . . . . . . . . . . . . . . .   20, 28

18  *Niles vs. City of San Rafael* (1974) 42 Cal.App.3rd 230 . . . . . . . . . . . . . . . . . . . . . .   26

19  *People vs. One 1986 Toyota Pickup* (1995) 31 Cal.App.4th 254 . . . . . . . . . . . . . . . . . .   4

20  *Pintor vs. Ong* (1989) 211 Cal.App.3rd 837, 841 . . . . . . . . . . . . . . . . . . . . . . . .   27

21  *Potter vs. Firestone Tire and Rubber* (1993) 6 Cal.4th 965 . . . . . . . . . . . . . . . . .   19, 26

22  *Pro Value Props., Inc. vs. Qual, Loan Ser. Corp.* (2009) 170 Cal.App.4th 579 . . . . . . .   23

23  *Rowland vs. Christian* (1968) 69 Cal.2nd 108 . . . . . . . . . . . . . . . . . . . . . . . . . .   18

24  *Schroeder vs. Auto Driveway Co.*(1974) 11 Cal.3rd 908 . . . . . . . . . . . . . . . . . . . .   31

25  *Smith vs. Superior Court* (1992) 10 Cal.App.4th 1033 . . . . . . . . . . . . . . . . .   21, 28, 29

26

1  *Spinks vs. Equity Residential Briarwood Apartments* (2009) 171 Cal.App.4th 1004 . . . .  28

2  *Vasey vs. California Dance Co., Inc.*(1977) 70 Cal.App.3rd 742 . . . . . . . . . . . . . . . . .  4

3  *W.A. Rose Co. vs. Mun. Court(Fitzsimmons)* (1959) 176 Cal.App.2nd 67 . . . . . . . . . . .  22

4  *Woodworth vs. Redwood Emp. Sav. & Loan Assn.*(1971) 22 Cal.App.3rd 347 . . . . . . . .  19

5

6    **OTHER AUTHORITIES AND TREATISES**

   Bernhardt, *California Mortgages, Deeds of Trust and Foreclosure
7       Litigation, 4th Ed., §2.25* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  23

8  *48 California Forms of Pleading and Practice §555.57 (1) (a)* . . . . . . . . . . . . . . . . . .  27

9  Miller And Starr, *California Real Estate, 3rd Ed., §§10.4, 10.117* . . . . . . . . . . . . . . . .  19

10  Rutter, *California Practice Guide*, Weil & Brown,
       *Civil Procedure Before Trial, §§5.4 −5.8, 5:116.* . . . . . . . . . . . . . . . . . . . . . . . .  3

11  Witkin, *California Procedure*, 5th Ed., 6 Proceedings Without Trial *§175-176* . . . . . . . . .  3

12  Witkin, 4 *Summary of California Law*, 10th Ed. Torts§1022 . . . . . . . . . . . . . . . . . .  3, 18, 26

13  Witkin, 4 *Summary of California Law*, 10th Ed. Torts§452 . . . . . . . . . . . . . . . . . . . . .  33

14

15

16

17

18

19

20

21

22

23

24

25

26

# INTRODUCTION

As was set forth in the undersigned Response to debtor's objection to the claim(Doc#8044), this claim has been conclusively proven by the default that was taken against debtor in the case below. This Court did not address this issue at the time of the hearing on the original claim, but rather concentrated instead on whether "malice" was a requirement of the claim. It is creditor's position that even if "malice" is required under California law in order to overrule debtor's objection, this element has been conclusively proven by the effects of the undisputed default taken against the debtor, Executive Trustee Services(hereinafter "ETS").

## I.

## THE DEBTOR'S DEFAULT IN THE ETS CASE
## CONCLUSIVELY PERFECTS THIS CLAIM

This claim is based upon an action filed by creditor in the California Superior Court.[1] The debtor dos not dispute that a default was perfected and duly entered by the California court. It should not be forgotten that debtor *did not respond to the admittedly served Complaint for more than nine months–despite being served with multiple documents.* Although ETS filed a motion to have the default set aside, that never happened. The position of the debtor regarding the effect of the default is that it has absolutely no legal effect; i.e., it is a complete nullity and has no "preclusive effect." Relying on a single California case in support of its proposition(indeed, as explained infra, it is the single California case to contain

---

[1]  *Moss vs. Executive Trustee Services, LLC. et al.*, Action No. 505386, San Mateo County, filed May 5, 2011. This action arose out of *Moss vs. The Bank Of New York et al..*, Action No. 486130, San Mateo County, filed July 22, 2009.

1   the language quoted from it by debtor), *Ferraro vs. Camarlinghi* (2008) 161 Cal.App.4[th] 509,

2   the debtor argues that the default is of no importance, has no effect whatsoever, and does not

3   support this claim. The debtor argues that because the undisputed entry of default is not a final

4   judgment, it has no preclusive effect and "does not bar an objection to the Amended Claim."[2]

5         Put simply, the debtor is wrong. California law is absolutely clear that the

6   default admits the allegations of the Complaint. At most, the debtor can dispute the claimed

7   damages arising from the allegations of the Complaint[3], but it cannot dispute the material

8   allegations of the case below. Therefore, the claim is established is established by the

9   allegations of the complaint.

10         A reasonable person could wonder why, if the default had no effect, legal or

11   otherwise, ETS fought so hard to have it set aside in the trial court in the case below.[4]

12         But for the filing of this bankruptcy, this matter was set to be heard the next day

13   in a "default prove-up hearing" where the issue to be decided by the court would be the amount

14   of damages to be contained in a judgment.

15

16   **A.    CALIFORNIA DEFAULT LAW**

17         The two leading authorities on California law, relied on by judges and lawyers

18   alike in California, are (1) Witkin's treatises entitled *Summary of California Law* and a

19

20

21      [2] The documents verifying entry of default are contained in the Declaration of Alan Moss, filed in support of Claimants response To Debtor's Objection To Claim.

22      [3] *See* Complaint, Exhibit 1, to the Declaration of Alan Moss, filed in support hereof.

23      [4] ETS filed two separate motions to have the default set aside pursuant to California Code of Civil Procedure §473(hereinafter "CCP"). The first motion was voluntarily withdrawn when it was pointed out that the motion was in

24   excess of the jurisdictional time limits. The second motion was pending at the time of filing of this bankruptcy. Had the bankruptcy filing been delayed by a day, this default would have gone to judgment, because, on that day, the Court

25   had scheduled a "prove-up" hearing to set the amount of damages and enter judgment accordingly. ETS had no standing to contest the default, the Complaint's allegations or the request for damages thereunder.

26

1  separate multi-volume set entitled *California Procedure*[5], and (2) California Practice Guides

2  by the Rutter Group.  The CPG has separate volumes covering various topics; in this case the

3  relevant volume is *Civil Procedure Before Trial*.

4  According to 6 Witkin, 5th Ed., *California Procedure*, Proceedings Without Trial,

5  §175:

6  "The clerk's entry of default cuts off the defendant's right to take fur-
ther affirmative steps such as filing a pleading or motion, and the de-
7  fendant is not entitled to notices or service of pleadings or papers
......and the defendant, still being in default, could not be heard in oppo-
8  sition to it. [citations omitted]....*the defendant's failure to answer has
the same effect as an express admission of the matters well pleaded
9  in the complaint* ....the defendant here is presumed to have acceded to
the proposition embraced in the complaint and to have consented that
10  plaintiff should obtain the relief therein prayed for, upon the conditions
and facts set forth in the complaint. Brown v. Brown(1915) 170 Cal.1."
11  (Emphasis supplied).

12

13  In Rutter, California Practice Guide, *Civil Procedure Before Trial*, Weil &
Brown, states at §5.7:

14

15  "*Entry of default ousts the court of jurisdiction to consider any
motion other than a motion for relief from default.*[citation
16  omitted].(Emphasis supplied)

17  At §5:6, the text explains the effect of the entry of default and states thusly:

18  "*Entry of defendant's default instantaneously cuts off its right
to appear in the action. The defendant is "out of court."* It has
19  no right to participate in the proceedings until either (a) its de-
fault is set aside...or (b) a default judgment is entered(in which
20  event, it may appeal).  [*Devlin vs. Kearny Mesa AMC/
Jeep*(1984) 155 Cal.App.3rd 381]" (Emphasis supplied)

21

22  At §5:8, the text further explains:

23  "By defaulting, defendant is deemed to admit the material alle-
gations of the complaint for purposes of the action.[See *Vasey
24  vs. California Dance Co., Inc.*(1977) 70 CA 3d 742; *Molen vs.*

25  [5]  Witkin is cited as authority in, *inter alia, Molen vs. Friedman*(1998) 64 Cal.App.4th 1149

26

1    *Friedman*(1998) 64 CA 4th 1149].'"

2

**B.    THE SOLE CASE CITED BY DEBTOR SHOULD NOT, AND CANNOT, BE RELIED UPON
3    FOR THE PROPOSITION THAT A DEFAULT IS OF NO EFFECT**

4         Debtor argues that the default is of no effect.  The sole case relied upon by

5    debtor, *Ferraro vs. Camarlingh*(2008) 161 Cal.App.4th 509, has never been followed by any

6    other California court regarding the quoted language on default and its effect.[6]  The default

7    issue arose in this case because the Court had to determine if the default, assuming it had been

8    properly entered, had any preclusive effect;  or as the Court stated, at P. 534, "the peculiar

9    alignment of the parties meant not only that a default judgment was unwarranted, but that even

10   the clerk's entry of default was wholly improper and ineffectual."  The language quoted by

11   debtor has never been cited by any other California court/case, published or otherwise.

12        Any mention of default in this decision is thus merely dicta and is not authority

13   for the proposition for which debtor is advancing it.  This cherry-picking should not be

14   allowed.

15

16

**C.    CALIFORNIA CASES CITING *FERRARO* DO NOT CITE IT FOR ITS ALLEGED HOLDING
17   RE: EFFECT OF DEFAULT.**

18        The *Ferraro* case has never been cited in *any* California case for its holding on

19   the effect of the entry of default.  Rather, it is cited for a variety of its holdings but never for

20   its statement on the effect of the entry of default.

21        For example, in *Estate of Avila vs. Gomez* (2012) 1012 WL 3289375[7], *Ferraro*

22

23   _____

     [6] This case has been cited regarding the effect of stipulations in the context of estate proceedings.

24   [7] *Ferraro* is explained by the Court: " a husband and wife, each of whom had two children from previous
     marriages, agreed "orally and in writing" that the surviving spouse would leave all of their remaining assets to the four
25   children in equal shares....After the husband died, the wife made a will and trust leaving everything to her own two
     children." The *Ferraro* court stated: "The question presented is whether the trial court properly struck the complaint

26

_____

is cited regarding CCP §366.3 regarding a promise or agreement concerning distribution of estate proceeds. Most cases citing *Ferraro* is because of this issue.

*Ferraro* thus cannot be cited and relied upon to hold that a default entry has no effect.

### D. ON THE CONTRARY, ALL CALIFORNIA CASES DECIDING THE EFFECT OF ENTRY OF DEFAULT COMPEL THE CONCLUSION THAT THE ALLEGATIONS OF THE UNDERLYING COMPLAINT ARE ACCEPTED AS TRUE.

In *Garber vs. Eskandarian*(2007) 150 Cal.App.4th 813, a dispute between a law firm and client regarding fees, the Court held that the "defendant's failure to answer has the same effect as an express admission of the matters well pleaded in the complaint... procedurally the entry of default cuts off the right to file pleadings and motions, and the right to notices and the service of pleadings....appellants' efforts to argue the merits of their case are barred procedurally by the entry of default" *Id.* at P. 823, 824.

In *Kim vs. Westmoore Partners, Inc.*(2012) 201 Cal.App.4th267, the Court stated: "...the defendant's failure to answer has the same effect as an express admission of the matters well pleaded in the complaint....Because the default confesses those properly pleaded facts, plaintiff has no responsibility to provide the court with sufficient evidence to prove them–they are treated as true for purposes of obtaining a default judgment." *Id.* at 786, 787.

In *Carlsen vs. Koivumaki*(2014) 227 Cal.App.4th 879, the Court stated: "A defendant's failure to answer the complaint has the same effect as admitting the well-pleaded allegations of the complaint, and as to these admissions no further proof of liability is

---

on the grounds that it was precluded by prior judgments or orders, the statute of limitations, or the compulsory cross-complaint rule."

1  required(§431.20(a)[8]; *Kim vs. Westmoor*, 201 Cal.App.4[th] at 281). Thus, in a default situation

2  such as this, if the complaint properly states a cause of action, the only additional proof

3  required for the judgment is that needed to establish the amount of damages(citations

4  omitted)."

5       In *Molen vs. Friedman*(1998) 64 Cal.App.4[th] 1149, the Court stated: "If the

6  complaint in the default action is sufficient to apprise the Molens of the nature of the

7  Friedmans' demand, it is immaterial that it might have been subject to a demurrer for failure

8  to make an allegation necessary to state a cause of action or warrant damages for loss..." P.

9  1157.

10       In *Devlin vs. Kearny Mesa AMC/Jeep* (1984) 155 Cal.App.3[rd] 381, the Court

11  stated: "A defendant against whom a default has been entered is out of court and is not entitled

12  to take any further steps in the cause affecting plaintiff's right of action..." P. 385.

13

14  **E.    FEDERAL LAW AND CASE LAW IN THIS CIRCUIT ARE IN AGREEMENT WITH
       CALIFORNIA LAW REGARDING DEFAULT**

15       Federal procedural law is identical to California law concerning the entry of

16  default and its effect. Pursuant to FRCP 55(a), the court clerk is required to enter the default

17  of a non-responding party. Entry of default cuts off defendant's right to appear in the action.

18  *Clifton vs. Tomb*(4th Cir. 1927) 21 F.2nd 893. Upon default, the factual allegations of the

19  complaint are taken as true. *TeleVideo Systems, Inc. Vs. Heidenthal*(9th Cir. 1987) 826 F.2d

20  915.

21       In particular, in the Second Circuit, case law in this regard is congruent with the

22  law of California.

23

24  _____

25  [8] CCP §431.20(a) states: "Every material allegation of the complaint or cross-complaint, not controverted by
    the answer, shall for the purposes of the action, be taken as true."

26

1   In *Greyhound Exhibit Group, Inc. vs. E.L.U.L Realty Corp.*(1992) 973 F.2nd 155,

2   the Court stated the issue to be decided: "The question before us now is whether and to what

3   extent at a post-default inquest, a defaulting party may seek to mitigate damages by interposing

4   set-off claims." *Id.* at 158.  The Court's starting point was stated thusly: "While a party's

5   default is deemed to constitute a concession of all well pleaded allegations of liability, it is not

6   considered an admission of damages(citations omitted)." *Id.*  The Court went on to state:

7   "Where it is properly alleged in a complaint, proximate cause–going to liability–is completely

8   and irrefutably established upon the defendant's default....(citations omitted)...the concept of

9   proximate cause was merely used to set the limits of recovery according to the injuries that

10  were conceded by default." *Id.*

11          To the extent that this case and its progeny are instructive, coming within the

12  Second Circuit, on the proper meaning and effect of default, the case provides further authority

13  for Creditor's position on default, and the erroneous assertion of debtor.

14

15  **F.    THE COMPLAINT IN THE UNDERLYING CASE SHOULD BE ACCEPTED BY THE COURT
        AS BEING WELL-PLED AND ADEQUATELY SUPPORTING THE CAUSES OF ACTION OF**
16      **THE AMENDED CLAIM**

17          Thus, it is beyond cavil that all of the material allegations of the ETS complaint

18  are final and this Court cannot re-visit those allegations.  Therefore, ETS must be determined

19  to have negligently harmed Claimant; i.e., for the purposes of this claim, Claimant has con-

20  clusively proven the three factors necessary to demonstrate that ETS was negligent in its

21  treatment of claimant and that Claimant is entitled to money damages as a result:  (1) ETS had

22  a duty it owed to Claimant, (2) ETS breached that duty, and (3) that breach caused harm and

23  damage to claimant.

24          For the very same reasons, Claimant has conclusively proven his causes of ac-

25  tion for (1) negligence per se, (2) fraud, (3) negligent infliction of emotional distress, and (4)

26

1    intentional infliction of emotional distress.

2        As a result, this Court cannot re-visit the allegations and causes of action set

3    forth in the ETS Complaint. Contrary to debtor's statement in its brief(at P. 8 thereof) that "As

4    a result, the fact that a default was entered against ETS has no preclusive effect and does not

5    bar an objection to the Moss claim," that is exactly the effect the default has on Claim-ant's

6    claim and debtor's instant objection.   The claim is entirely valid and precludes debtor's

7    objection.

8        Therefore, the following allegations in the ETS complaint must be taken as true:

9            a.  First Cause Of Action: Negligence

10               i.  ¶24: ETS had a duty it owed to claimant to comply with the

11                   laws of California and the deed of trust;

12              ii.  ¶¶25 – 31: ETS breached that duty because it failed to

13                   ascertain whether or not it had the power to conduct a sale

14                   which resulted in the loss of Claimant's home; and

15             iii.  ¶32: ETS's breach caused damage to Claimant.

16

17           b.  Second Cause Of Action: Negligence *Per Se*

18               I.  ¶¶33–41: Violation of California statute caused negligent harm

19                   to Claimant; and

20              ii.  ¶42: Debtor's negligence caused harm to Claimant.

21

22           c.  Third Cause Of Action: Fraud

23               I.  ¶¶44–50: Debtor made representations to intentionally mislead

24                   Claimant into believing that the foreclosure sale noticed on

25                   plaintiff's residence would not occur;

26

ii. ¶¶51–52: Claimant reasonably relied on these representations to believe that there would be no sale of Claimant's residence;

iii. ¶53: Because of these intentional misrepresentations, Claimant was harmed when his residence was sold at a trus-tee's sale; and

iv. ¶54: Claimant is entitled to damages, both compensatory and punitive, for physical, emotional and financial damages.

d. Fourth Cause Of Action: Intentional Infliction Of Emotional Distress

I. ¶56: Debtor's actions were intentional and malicious with the purpose of causing plaintiff humiliation, mental anguish and physical distress;

ii. ¶¶59-61: Debtor's actions were willful, wanton, malicious and oppressive;

iii. ¶62: As a result of debtor's actions, Claimant suffered physical, emotional and financial damages.

e. Fifth Cause Of Action: Negligent Infliction Of Emotional Distress

I. ¶63-64: Debtor violated both California law and the deed of trust;

ii. ¶¶65-67: As a proximate result of these violations, Claimant was injured and suffered severe emotional damage.

/ / /

## II.

## THE ACTIONS OF ETS ARE NOT PRIVILEGED

### A.   DEBTOR'S AUTHORITY ARE INAPPOSITE TO THE ISSUE OF PRIVILEGE

Debtor argues that the amended claim is not viable because documents required by California law to perfect foreclosure are "privileged." But debtor misapprehends the nature of the lawsuit, as set forth in the Complaint, about the Amended Claim (and the original Claim).

The lawsuit nowhere accused ETS of *publishing erroneous forms*;  rather, the lawsuit accused ETS of *simple negligence* because it did not act reasonably in failing to ascertain whether it had any authority to take any action as a trustee in this matter; i.e., ETS did not act as a reasonable trustee in similar circumstances.  ETS conducted a sale of claimant's property without any requisite authority to do so; this has nothing to do with publishing legal notices.  Debtor has not set forth any authority that requires malice in this context.  There is none.

### B.   IF MALICE IS REQUIRED, IT HAS BEEN ESTABLISHED BY THE ENTRY OF DEFAULT OF THE COMPLAINT

Without conceding that malice is required in order to establish a claim against ETS, "malice" has been conclusively established by the entry of default.

As set forth *supra*, malice has been established by the allegations of the Complaint, specifically ¶¶44-50, 56, 59-61, and 62:

1.   ¶56 states: "Defendant's conduct, as hereinabove set forth, was intentional and *malicious*...";

2.   ¶59 states "The acts of defendants alleged above were willful, wanton, *malicious* and oppressive....";

1          3.    ¶61 states "Defendants intentionally, with callous disregard for

2          plaintiff, and with *malice* aforethought violated numerous requirements

3          of State law...."

4    These allegations must be taken as *admitted* pursuant to California law(and federal law as

5    well).  *See* Part I hereinabove.  Therefore, the actions of ETS were not privileged and are

6    actionable.

7

8    **C. MALICE IS ALSO ESTABLISHED UNDER THE SECOND PRONG OF *KACHLON***

9          Debtor argues that, in order to overcome the "privilege" which allegedly protects

10   ETS, claimant must demonstrate "malice."

11         Under *Kachlon*, "malice" can be established by either of two prongs: (1)

12   publication was motivated by hatred or ill will towards plaintiff, or (2) defendant lacked

13   reasonable grounds for believing the truth of the publication and therefore acted in reckless

14   disregard of plaintiff's rights."

15         ETS had no reasonable grounds for believing that the notices it published and

16   the actions that it took were truthful or correct or warranted or legal.  *Indeed, none have been*

17   *advanced by Debtor in its Objection.*  And under the law it cites, debtor has the burden of

18   doing so: it is not up to claimant to argue against himself, or to have to dream up what the

19   debtor says may reasonable grounds.  This is yet another reason that discovery from debtor

20   should be compelled.

21         ETS, as the trustee, had a duty to determine if it had the legal authority to act;

22   under California law, it cannot stick its head in the sand and simply assume it had the proper

23   authority.  At a minimum, ETS, claiming to be the lawful trustee, had a duty to this claimant

24   to do nothing until and unless it conducted due diligence, i.e., it ascertained it was properly

25   substituted in as trustee.  This is particularly true, where as here, it would have taken a mere

26

1  minute or two to determine.  All that had to be done is to go online and look at the recorded

2  dates.

3          This is also particularly true where, as here, the trustee was wholly owned by

4  ResCap.  Pointedly, if ResCap can, *in this action*, make the determination and *admit* that ETS

5  was improperly substituted in as trustee, then ResCap as servicer of claimant's loan, who

6  controlled the underlying litigation, could have made that very same conclusion, at anytime

7  during the four-plus years of litigation. But it did not do so: it steadfastly refused to make such

8  an admission, and fought every effort of claimant herein(plaintiff below) to perfect such a

9  claim.  And ResCap's admission in this litigation is based *on the very same documents it*

10 *possessed in the underlying litigation.*  The chain-of-title documents that *clearly demonstrate*

11 this lack of authority/improper substitution were set forth in detail in both underlying actions:

12 the Complaint against ETS and the case litigated against the note-holder for four years, but in

13 reality totally controlled by ResCap.[9] And these documents were gleaned from the official San

14 Mateo County Recorders Office.

15          This ownership did not entitle ETS to just assume that the substitution was

16 proper.  If anything, the converse is true: it should have double-checked to make sure it was

17 properly substituted.   It can't just "rubberstamp" such a clear and important responsibility on

18 so important a subject.

19          The burden should be on the trustee: it goes along with its duties and

20 responsibilities. The burden should be on the alleged trustee, not on the claimant.

21          And in this case, the debtor makes it even more onerous by arguing that the

22 claimant has to present evidence that the trustee knew the substitution was invalid. How can

23

24          [9]  It is interesting to note that the debtor and its declarant do not state *when* they realized and concluded that
25      the substitution was improper and illegal, or even bother explaining why they could now make a determination that
        couldnt have been done earlier–on very same documents..

26

1   that possibly be? It is an impossibility. That is arguing for ETS to cut its own throat, and then

2   only if it is assumed that it was trying to act honestly and fulfilling its duties. But this is even

3   more attenuated once it becomes known that ETS was owned by ResCap: how could it possibly

4   blow the whistle on its owner?

5           That is why debtor refuses to provide information that is extant on this point.

6   The amended Claim alleges that ETS received no communication informing it that it had the

7   power to substitute, or that it was legally substituted or that it made any inquiry on its own to

8   determine its status.[10] This is why the Court should order the discovery requested by claimant:

9   because it will demonstrate malice.

10

11  **D.    KACHLON HAS NEVER BEEN CITED AS AUTHORITY IN A CASE WHERE THE
        ALLEGED TRUSTEE WAS ILLEGALLY APPOINTED, ACTED WITHOUT LEGAL
12      AUTHORITY, AND WHOSE ACTIONS WERE FOUND TO BE PRIVILEGED**

13          Despite a diligent search, Claimant has found no California case that followed

14  *Kachlon* and held that an illegally substituted trustee could be privileged in taking actions

15  under the guise of law. There is none.

16          Debtor does cite the case of *Bergman vs. Bank of America, N.A.* (2013) 2013 WL

17  5863057(claimant's citation), a case interpreting California law.[11] In actuality, this citation is

18  *Bergman I*; there is a subsequent opinion issued in this case, *Bergman II*, 2014 WL 265577.[12]

19          Contrary to debtor's assertions about the holding of *Bergman I*, the court did *not*

20

21      [10]  *See* Amended Claim at P. 6.

22      [11]  A Federal District Court opinion is not binding on any court outside of its district. It may be instructive on
23  another Federal court, but it has no conclusive precedential effect, on either another Federal court or on a California
    court. On the other hand, an opinion issued by a California appellate court that is officially published is binding
24  precedent on both California courts and Federal courts interpreting California law. Thus, *Bergman* may be instructive,
    but it is not binding.

25      [12]  Neither of these opinions were published in either the Federal Supplement or the Federal Appendix.

26

1   hold that the privilege applied notwithstanding an improper substitution.  Rather, the Court

2   held that "...Plaintiffs have adequately pled that Bank of America acted with malice and

3   therefore without privilege." *Id.* at P. 18.  The Court then went on to find that the plaintiff

4   failed to adequately plead pecuniary harm, and on this basis, and this basis alone, dismissed

5   the complaint on this point.[13]

6           More importantly and significantly for this instant claim, the Court did find, that

7   the "...plaintiffs have not pled facts to suggest that Trustee Corps should have been able to

8   discover Bank of America's alleged lack of authority[to substitute a new trustee]."  The Court

9   allowed the plaintiff the opportunity to amend the complaint in this regard.  In this instant case,

10  Claimant has pled, in the ETS complaint below, in the original claim, and in the amended

11  Claim, that ETS could have, and should have, discovered this lack of authority.  By parity of

12  reasoning, therefore, the debtor's objections should be overruled.

13          The Court followed this same reasoning and holding in *Bergman II. Id.* at P. 6.

14          And in *Arthur vs. JPMorgan Chase Bank, N.A.*(2011) 2011WL 1882078, the

15  Court refused to dismiss the Complaint, when the allegation of an improper substitution of

16  trustee was challenged on the basis of *Kachlon*, because "[it] is distinguishable because

17  *Kachlon* was decided after a trial, and this the Court of Appeal reviewed the factual record to

18  conclude that the trustee was entitled to immunity."  That is the very same situation here.

19  The second prong of *Kachlon*, in order to establish malice and erase the privilege, is that "the

20  defendant *lacked reasonable grounds for belief* in the truth of the publication and therefore

21  acted in reckless disregard for the plaintiff's rights." 168 Cal.App.4th 316, 336.

22          Although a trustee in this context is not a true trustee in terms of fiduciary duty,

23  the position carries with it definite responsibility and statutory duties, if only because of the

24  _____

25  [13]  The Court cited, in support, *Barrionuevo vs. Chase Bank, N.A.* (N.D. Cal. 2012) 885 F.Supp.2nd 964, which
cited a California case, *Gudger vs. Manton*, (1943) 21 Cal.2nd 537, a California Supreme Court case.

26

1  effects of their actions, which include foreclosing on people's homes. Can it be that this
2  responsibility carries with it no duty or responsibility to act carefully and responsibly? To
3  make inquiry? To perform even a minimal amount of due diligence? The answer has to be
4  "no." Certainly, a trustee is required to have reasonable grounds for believing in the truth of
5  the documents they cause to be published, certainly they can't act in reckless disregard of
6  people's rights, and it would seem to be beyond cavil that the necessary first step is to ascertain
7  whether they had the fundamental right to take any statutorily required acts.

8          This is not a difficult act. In California, in San Mateo County, this would require
9  going online and looking at the grantor-grantee index. Had ETS done this, a matter of minutes
10 would have revealed that they were illegally appointed–a fact which debtor has now conceded,
11 based on this very same recorder's index. The evident disregarding of this responsibility
12 caused claimant more than four years of litigation.

13         This is further compounded by the Catch22 claimant is in. Claimant believes that
14 the ETS file contains the information necessary to establish malice. If that file contains
15 communication appointing ETS as trustee, instructs ETS to initiate foreclosure proceedings,
16 to publish a certain amount of monetary arrears, and proceed with the procedural requirements,
17 then perhaps no malice can be shown. But if, as suspected, there is no such communication,
18 malice will be demonstrated, and uncontrovertedly so. The debtor actually argues that the
19 claimant cannot establish that the ETS was aware of an illegal substitution. Without the file,
20 how could I? Claimant has attempted to get this information for more than four years. In the
21 underlying litigation, numerous discovery requests were issued, without success. Requests
22 for admission on this point were routinely denied. But one of the reasons that matter settled
23 was because it would have had to be admitted that ETS was illegally substituted.

24         Debtor's remaining argument is almost absurd: even though it is conceded that
25 ETS had notice of its improper appointment because of the underlying lawsuit, it could do

26

1  nothing, i.e., retract the illegal publications, for more than four years until that litigation was

2  concluded. ETS wasn't a party to that litigation, the attorneys for defendants(i.e., ResCap)

3  undoubtedly had access to ETS, and ETS, if it wanted to avoid "reckless disregard for

4  plaintiff's rights," per *Kachlon*, could have easily done so. These allegations were in the

5  litigation for more than four years. ETS deliberately and intentionally did nothing, and that

6  amply demonstrates maliciousness. This Court should not condone such actions.

7

8  E.   *KACHLON'S* APPLICATION TO THIS AMENDED CLAIM REGARDING WITHDRAWING
       THE NOTICES IS INAPPOSITE TO THIS AMENDED CLAIM.

9

10  Debtor argues that it is privileged, under *Kachlon*, for failing to withdraw the

11  Notices. The debtor attempts to excuse its actions by stating that "ETS took no further action

12  until the contested issue was resolved, at which time it rescinded the Notices. As a result, Mr.

13  Moss cannot demonstrate that ETS' actions amounted to actual malice." P.11-12.

14  First, this is entirely inaccurate and misleading *in extremis*. Debtor provides no

15  evidentiary support for this statement and just asserts it without support. The underlying

16  lawsuit against the note-holder(Bank of New York) was *settled prior to trial*. There were no

17  findings of fact pursuant to a trial. The settlement was voluntary; ETS was not a party. And

18  in fact the notices were withdrawn *prior to settlement*. In this accurate context, ETS engaged

19  with ResCap in a litigation tactic–nothing more. They could have done it four years sooner.

20  They didn't. Therefore, *Kachlon* doesn't apply in this context. The basis for the *Kachlon* court

21  to find a lack of malice in failing to withdraw the Notices was that "...[the trustee] took no

22  further action to enforce the foreclosures." P. 344.

23  In pointed contrast in this claim, ETS took *every step necessary to perfect and*

24  *enforce the foreclosure of claimant's home*. It is clear that ETS, in contrast to *Kachlon*, did

25  act with malice.

26

## IV.

## CLAIMANT HAS FULLY ESTABLISHED

## THE CAUSES OF ACTION CONTAINED IN THE COMPLAINT

## COMPRISING THE CLAIM

**A.    THE CAUSES OF ACTION IN THE COMPLAINT HAVE BEEN ESTABLISHED BY THE ENTRY OF DEFAULT**

In Part I hereinabove, it has been established that the entry of default renders allegations in the Complaint in the case below true, because the default amounts to admissions.

The debtor cannot now dispute those allegations which form the bases of the various causes of action comprising the Complaint.  The damages flowing from these causes of action may be disputed, but that is all.  It is far beyond the time to raise issues about the requisite showing of duty, breach and damages in perfecting a negligence claim.

**B.    EVEN IF THE ENTRY OF DEFAULT DOES NOT ESTABLISH THE CAUSES OF ACTION, THE AMENDED CLAIM SETS FORTH THE REQUISITE ELEMENTS OF THE CAUSES OF ACTIONS**

The debtor goes to great lengths in its objection to this claim to try to eliminate the causes of action of the ETS complaint.  Notwithstanding the effects of the default on these issues, i.e., even if the default does not have the effect of conclusively proving these claims, the debtor cannot succeed for the following reasons.

### 1.  The Negligence Claim

First, as set forth above, the elements of negligence have been satisfied because of the default of ETS.

1    But secondly, even if this were not so, the elements of negligence on the part of

2    ETS have more than amply been satisfied.

3    Debtor argues that of the requisite elements of negligence in California, claimant

4    cannot demonstrate that (1) ETS owed him a duty, and (2) claimant was damaged by ETS's

5    actions. Both assertions are false.

6    **a. ETS, as trustee, unequivocally owed Claimant a duty**

7    Debtor argues that under California law, ETS acting as trustee was not a fidu-

8    ciary. While that may be true in its strictest sense, debtor has neither argued or cited any case

9    that stands for the proposition that only a fiduciary can breach a duty. And that is not the law.

10   Put another way, debtor cannot cite to any California case which holds that a trustee does not

11   owe a duty to a trustor such as Claimant herein.

12   As a general matter, in California: "Duty is not sacrosanct in itself, but only an

13   expression of the sum total of those considerations of policy which lead the law to say that the

14   particular plaintiff is entitled to protection." *Friedman vs. Merck & Co.* (2003) 107 Cal.

15   App.4th 454, 464. "The policy considerations to be taken into account in determining whe-ther

16   a duty is imposed by law were set forth in *Rowland vs. Christian* (1968) 69 Cal.2nd 108. "The

17   major considerations are the foreseeability of harm to the plaintiff, the degree of cer-tainty that

18   the plaintiff suffered injury, the closeness of the connection between the defen-dants conduct

19   and the injury suffered, the moral blame attached to the defendants conduct the policy of

20   preventing future harm, the extent of the burden to the defendant and the conse-quences to the

21   community of imposing a duty to exercise care with resulting liability for breach, and the

22   availability, cost, and prevalence of insurance for the risk involved." At P. 464.

23   Under California law, the trustee has a duty to the Claimant herein, as an *equal*

24   *agent of both the trustor and the beneficiary*. "As a common agent, the trustee must repre-sent

25   the interests of both parties." *Ainsa vs. Mercantile Trust Co. Of San Francisco* (1917) 174 Cal.

26

1  504, 510; *Ballengee vs. Sadlier* (1986) 179 Cal.App.3rd 1, 5; *Kerivan vs. Title Ins. & Trust Co.*

2  (1983) 147 Cal.App.3rd 225, 229; Miller And Starr, *California Real Estate*, 3rd Ed., §§10.4,

3  10.117[14]; 48 California Forms of Pleading and Practice §555.57 (1) (a)[15].

4        Moreover, "The trustee is liable to the parties for all damages resulting from its

5  wrongful acts contrary to the terms of the deed of trust if its conduct is negligent, fraudulent,

6  or illegal.  For example, a trustee may be liable for damages for any unauthorized re-

7  conveyance...." *Id.* citing *Kerivan supra, Fleisher vs. Continental Aux. Co.* (1963) 215 Cal.

8  App.2nd 136, 140; *Woodworth vs. Redwood Empire Sav. & Loan Assn.* (1971) 22 Cal.App.3rd

9  347, 366; *Bank of Seoul & Trust Co.* (1988) 198 Cal.App.3rd 113, 118.

10        The Court in *Kerivan* stated:

11        "In *Woodworth vs. Redwood Empire Sav. & Loan Assn.* (1971) 22
          Cal.App.3rd 347, 366, the court stated as follows: "It is well esta-

12        blished, however, that a trustee under a deed of trust is not a trustee
          in the technical sense.  Rather, he is the agent of all the parties to the

13        escrow at all times prior to performance of the conditions of the es-
          crow and bears a fiduciary relationship to each of them.  His obli-

14        gation to each is measured by an application of the ordinary prin-
          ciples of agency."

15

16  As an agent, the trustee may be liable for negligence in the performance of his duties.  This

17  principle was found applicable in *Munger vs. Moore* (1970) 11 Cal.App.3rd 1 where the court

18  stated: "That rule is that a trustee.....may be liable to the trustor..... for damages sustained

19  where there has been an illegal, fraudulent or willfully oppressive sale of property under a

20  power of sale contained in a mortgage or deed of trust.  An agent has the duty to use reason-

21

22        [14] "A trustee may be liable for damages for wrongful reconveyance.  The trustee is a common agent of both

23  parties and is liable for any losses suffered as a result of any intentional or negligent breach of trustee duties." citing
     *Carter vs. Continental Land Title Co.* (1991)233 Cal.App.3rd 1597, 1599.

24        [15] "The trustee has a duty to conduct the sale fairly and openly, with due diligence and sound discretion to

25  protect the rights of the trustor and others..." citing *Baron vs. Colonial Mortgage Service Co.*(1980) 111 Cal.App.3rd 316,
     322; *Kleckner vs. Bank of America* (1950) 97 Cal.App.2nd 30, 33.

26

1  able skill and diligence and if he violates this duty, he is liable for any loss which his princi-pal

2  may sustain s the result of his negligence." *Dahl-Beck Electric Co. vs. Rogge* (1969) 275

3  Cal.App.2nd 893."

4          Debtor relies on one case for its argument that ETS did not owe a duty to

5  Claimant: *Kachlon vs. Markowitz* (2008)168 Cal.App.4th 316. This case is inapposite at best.

6  Its factual pattern is incredibly complicated, but what is abundantly clear is that there was no

7  doubt that whatever the trustee or substituted trustee did in *Kachlon*, it had the power to do it

8  because it had been properly appointed. That is pointedly not the case here. The debtor cannot

9  point to one California case that holds that an improperly and illegally appointed trustee's

10  actions were upheld. Quite the contrary is true; if improperly appointed, the trustee has no

11  power to do anything, and any actions it takes are void *ab initio*. *Dimock vs. Emerald*

12  *Properties* (2000) 81 Cal.App.Cal.App.4th 868

13          *Kachlon* was not followed by *Perreault vs. NDEX West, LLC*, 2011 WL

14  11682629. In the *Perreault* case, the plaintiff alleged violation of a subsection of Civil Code

15  2924(the statute regarding trustees), the same statute that Claimant herein alleges was breached

16  by debtor.

17          There is simply no question that ETS, as trustee, was operating under a duty to

18  act properly to Claimant. And debtor has not cited a single case, *decided by a California court,*

19  *that so holds.*

20          **b. ETS breached the duty it owed to Claimant.**

21          There can be nothing so basic to the statutory scheme than ascertaining whether

22  the trustee had the power to act in that capacity when, as in the instant case, ETS issued the two

23  requisite notices prior to the sale, and thereafter issued the Trustee's Deed after it con-ducted

24  the sale.

25          It is beyond doubt that ETS was not properly substituted in as the new trustee,

26

1  and therefore had no power to issue the requisite notices or to conduct the sale or to issue the

2  trustee's deed.  As set forth above, the entity who attempted to substitute in ETS was not yet

3  the beneficiary, and wouldn't become the beneficiary for a year, and had no power to do so.

4  *See* Debtor's brief at P. 4, ¶¶ 9, 11 which sets forth the relevant dates which demonstrate that

5  ETS had no power.  ETS was substituted in as trustee on September 21, 2006 by TCIF, LLC;

6  however, as stated in its brief, "Option One then transferred the Moss loan to TCIF, LLC on

7  or around September 15, 2007."  Therefore, ETS could not do anything: it had no power.

8         In California, the power of sale allowed in a non-judicial foreclosure process is

9  a creature of statute(CC§2924-2924h), and any attempt to invoke the power of sale must be

10  strictly reviewed in order to insure compliance with these statutory requirements:

11         "No non-judicial foreclosure of a security interest in real property is permitted

12  except in compliance with this statutory system. Cal.Civ.Code §2924....Strict compliance with

13  the statutory requirements is obligatory: any statutory deficiency requires that the sale be set

14  aside, provided that the purchaser is not a bona fide purchaser for value without notice of the

15  deficiency. *Anderson vs. Heart Federal Savings*(1989) 208 Cal.App.3rd 202." *In Re Tome*

16  (1990) 113 B.R. 626, Bkrtcy C.D. Cal.

17         Under the statute, it is only the *present* beneficiary that has the power to sub-

18  stitute a new trustee–but TCIF was not the beneficiary at the time it recorded the Substitution

19  of Trustee to attempt to make ETS the trustee.  Under the deed of trust, only the beneficiary

20  had the power to substitute the trustee, and again TCIF was NOT the beneficiary on Novem-

21  ber 10, 2006 when the purported substitution was recorded.[16]  On that date, it was Option One

22

23      [16]  Under the statute, a substitution becomes effective on recordation, and not before.  CC §2934a(a)(1).  But
of course the statute requires the substitution to be done by "all of the beneficiaries" and TCIF was not a beneficiary.

24      In addition, there are other irregularities present here.  First, the substitution was done by an officer(allegedly)
of TCIF REO2, LLC.  The Notice of Default was issued on behalf of TCIF REO2, LLC.  But the assignment did not go

25  to this entity, it went to TCIF, LLC–a completely different legal entity.  Thus, even if the substitution had been timely,
it was done by a different entity and thus no good.

26

1   who was the beneficiary;  Option One never substituted ETS to act as trustee.

2       Because ETS was not duly substituted in as the trustee, ETS had no authority,

3   *ab initio* or ever, to this day, to issue the Notice of Default, or the Notice of Trustees Sale, or

4   the Trustees Deed by which defendant purports to claim  title.

5       Further, Civil Code §2934a provides:

6       "(a)(1). The trustee under a trust deed upon real property
        or an estate for years therein given to secure an obligation to pay
7       money and conferring no other duties upon the trustee than those
        which are incidental to the exercise of the power of sale therein
8       conferred, may be substituted by the recording in the county in
        which the property is located of a substitution executed and
9       acknowledged by:
        (A) **all of the beneficiaries** under the deed of
10      trust...." (emphasis supplied)

11      ETS was named as trustee in derogation of this statute, because it was not named

12  by a beneficiary of the deed of trust.

13      There are two cases which specifically hold that any sale conducted by a trustee

14  without the appropriate power to do so are void.  This is patently clear from *Dimock vs.*

15  *Emerald Properties* (2000) 81 Cal.App.4th 868, where there had been a substitution of trustee

16  that had been properly done;  however, the original trustee did not have knowledge of the

17  substitution and went ahead and conducted a sale.  The Court ruled that, under the statute and

18  the terms of the deed of trust, once the substitution had been effectuated, the original trustee

19  lost all power to conduct a sale or indeed to do any-thing else, and thus the sale was void

20      In *Bank of America vs. La Jolla Group II*(2005) 129 Cal.App.4th 706, the duly

21  appointed trustee who issued a Notice of Sale, was the same ETS. But prior to the sale date,

22  unbeknownst to ETS, payment had been made and the loan reinstated. When ETS went ahead

23  with the sale to a BFP, pointedly not the case herein, the Court set aside the sale as void,

24  because once reinstated, the trustee was deprived of the power of sale.

25      A leading treatise on California real estate, Bernhardt, *California Mortgages,*

26

1  *Deeds of Trust and Foreclosure Litigation*, 4th Ed., §2.25 states: "A party who is not a trustee

2  of record will not have the authority to conduct the foreclosure or deliver a valid trustee's

3  deed." *See also Pro Value Props., Inc. Vs. Quality Loan Service Corp.* (2009) 170 Cal.App.

4  4th 579.

5         The debtor cannot argue that it would have been too difficult to discover that it

6  did not have the power of sale. As it states in its brief, it set forth recorded documents which

7  are easily obtainable online.

8         Thus, debtor breached the duty it owed to Claimant.

9

10        **c. ETS's Breach Caused Harm To Claimant**

11         First, debtor argues that damages did not flow from anything that ETS did, ar-

12  guing that ETS's only role in these proceedings was "to record the Notices(at the direction of

13  the owner of the Moss Loan and conduct the sale of the Moss Property, both of which have

14  been rescinded. ETS' recording of the notices did not cause the commencement of the

15  foreclosure process, and therefore cannot be the cause of Mor. Moss' alleged damages."[17]

16         As explained above, *before* ETS could issue any notices or conduct a property

17  sale, it had to first ascertain whether it was *empowered* to act as the lawful trustee to actually

18  do these acts. This was neither a difficult task, nor so convoluted that ETS could not have

19  figured it out or done it. After all, this was their business, and on information and belief, it

20  existed solely to service the actions of ResCap. All they had to do was go online and look at

21  the very recorded documents that debtor has attached in support of its instant motion. And

22  evidently, all that ETS did, as a wholly-owned subsidiary of ResCap, was to initiate and carry

23  out this process.

24

25      [17] Debtor's brief at P. 10, ¶30.

26

1       The fact is, as explained above, was that ETS was not duly substituted in as

2   trustee, and would not, for at least a year, be so empowered–if then.

3       To hold otherwise would be to conclude that an entity could act as trustee with-

4   out ever checking on who had appointed them, when, and whether they had such power to

5   affect so dramatically peoples lives.  Some entity, whether or not the owner of a loan, could

6   just place a call or write a letter and say "Start the foreclosure process.  Send out a notice."  Of

7   course, that cannot possibly be the legislative intent when these statutes were adopted, and

8   especially where the process is supposed to be strictly adhered to.

9       And the debtor's further statement that "ETS' recording of the notices did not

10  cause the commencement of the foreclosure process"(whatever that means–it is far from clear)

11  is entirely wrong.  Under the statute, it was the recording of the notice of default that did cause

12  the commencement of the foreclosure process.  *See* Cal. Civil Code 2924a.  Otherwise, under

13  the statute, it doesn't start.

14      Debtor relies on the case of *Freeman vs. King*, 2007 WL 1289810 for authority

15  for their novel proposition.  They cannot do so.  This California appellate case is *not citable*

16  *as authority*[18].  The second line of the Westlaw version states: "Not Officially Published(Cal.

17  Rules of Court, Rule 8.1105 and 8.1110, 8.1115)" and then states "California Rules of Court,

18  Rule 8.1115, restricts citation of unpublished opinions in California courts."[19]  This Cali-fornia

19  case is not citable in any California court or any other court.

20

21      [18]  Claimant therefore moves to strike any mention of, or reliance on this case.

22      [19]  California Rule Of Court 8.1115:
    (A) Unpublished Opinions

23  "Except as provided in (b), an opinion of a California Court of Appeal ......that is not certified for publication or ordered
    published must not be cited or relied on by a court or a party in any other action.

24  (B) Exceptions
    An unpublished opinion may be cited or relied on:

25  (1) When the opinion is relevant under the doctrines of law of the case, res judicata, or collateral estoppel.

26

1    Debtor's reliance on *Bergman vs. Bank of America*, 2013 WL 5863057 as
2   holding that "plaintiff could not show that her damages were caused by an alleged improper
3   substitution of trustee where the loan was in default at the time of foreclosure" is also
4   misplaced as discussed hereinabove. Further, debtor's rendition of the facts is also erroneous
5   and disregards the litigation below. ETS went ahead with a sale of claimant's home *after*
6   claimant and ResCap entered into an agreement, complied with by claimant, that took the
7   matter out of default. ETS totally, for whatever reason, disregard this and went ahead with the
8   sale. It took four years plus to undo ETS's illegal actions.

9    Lastly, debtor makes the uninformed statement that Claimant did not pay his
10  mortgage(it wasn't a mortgage) which resulted in the commencement of foreclosure and
11  therefore can't show that his damages were caused by ETS. First, there is no authority for this
12  statement, and none can be given because it isn't the law.    Second, at the time of the
13  foreclosure, there was no default and debtor has merely argued a heresay statement. As pointed
14  out above, the debtor has admitted that there was supposed to be no sale. Third, even if there
15  was a default, that cannot possibly excuse a violation of California law, especially where it has
16  been repeatedly held that the procedural aspects of the foreclosure process must be "strictly
17  adhered to." Is the debtor's argument something like "Because Claimant *supposedly* missed
18  a payment(s), that caused me to violate California law?" If a negligent driver sustains injuries
19  as a result of his driving, is that a defense as to a physician who thereafter negligently treats
20  him for those injuries?  Of course not.

21

22  **d. Emotional damages lie even absent physical harm/Negligent Infliction**
23  **of Emotional Distress**

24   First, debtor has no standing to raise this issue because of its default and the
25  established factors set forth above.

26

1    Debtor's protestations notwithstanding, physical harm is not a requirement in

2  California to be awarded damages for negligent infliction of emotional distress.  California

3  recognizes a right to recover damages for serious emotional distress in a negligence action.

4  *Molien vs. Kaiser Found. Hosp.*(1980) 27 Cal.App.3rd 916, 930.  A plaintiff may recover

5  general damages for emotional distress, pain and suffering, along with other compensatory

6  damages. *Merrill vs. Los Angeles Gas & Elec. Co.*(1910) 158 Cal. 499, 511; *Niles vs. City of*

7  *San Rafael* (1974) 42 Cal.App.3rd 230, 244.  *See* Witkin, 4 *Summary of California Law*, 10th

8  Ed. §1022.

9    Negligent infliction of emotional distress refers to the recovery of damages by

10  a plaintiff who has not otherwise suffered any physical or bodily injury, for emotional dis-tress

11  arising from a defendant's negligent conduct.  *Molien, supra* at 924.  In 1980, the Cali-fornia

12  Supreme Court abolished the "physical injury" requirement.  *Molien supra,* 930; *Potter vs.*

13  *Firestone Tire and Rubber* (1993) 6 Cal.4th 965, 986.  Under this rule, one may recover for

14  emotional distress suffered as the result of a negligent act that placed the plaintiff in fear for

15  his personal well-being, regardless of whether there is any physical impact and regardless of

16  whether the emotional distress is accompanied by any physical manifestation of injury. *Molien*

17  *supra* at 924; *Burgess vs. Superior Court* (1992) 2 Cal.4th 1064, 1074.[20]

18    Damages for emotional distress may be recovered in a tort action for fraud.

19  *Branch vs. Homefed Bank*(1992)6 Cal.App.4th 793, 799.

20    Further, all detriment proximately caused by the breach of a duty imposed by

21  statute, as here, is compensable, including damages of emotional distress.  *Pintor vs. Ong*

22  (1989) 211 Cal.App.3rd 837, 841. It is not necessary that the plaintiff suffer other injury in

23  addition to the emotional distress. *Pintor supra at 845.*  For example, damages for emotional

24

25    [20] *See* 32 California Forms of Pleading and Practice §362.11 *et seq.*

26

1  distress have been awarded for a breach of the duty imposed by Cal. Civil Code §2941, re-

2  quiring reconveyance of real property after a debt secured by a deed of trust has been satis-fied.

3  *Pintor at 841; this is part of the statutory scheme imposing a duty on trustees.*

4        In California, the courts have adopted a unitary concept of pain and suffering,

5  without attempting to bifurcate them, and this term has been used ad applied to a plaintiff who

6  may recover not only for physical pain but also for fright, nervousness, grief, anxiety, worry,

7  mortification, shock m humiliation, indignity, embarrassment, apprehension, terror, ro ordeal.

8  *Capelouto vs. Kaiser*(1972) 7 Cal. 3rd 889, 893. Medical testimony is not required. No definite

9  method of calculation is prescribed by law by which to fix compensation for pain and

10  suffering. It is required only that the award be just and reasonable in light of the evidence.

11  *Garfoot vs. Avila*(1989)213 Cal.App.3rd 1205. Lastly, a jury may compute pain and suffering

12  damages by the per diem method by which damages are measured in terms of a stated number

13  of dollars for specific period of time. *Beagle vs. Vasold*(1966) 65 Cal.2nd 166, 173.

14        This is exactly what Claimant did in calculating his damages. Although criti-

15  cized by debtor, this is perfectly allowable in California. And the calculations were based on

16  the severe emotional distress and shock as this matter was unrolling. *See* Declaration of Alan

17  Moss filed herewith.

18        Claimant's right to emotional distress damages is clearly mandated by *Munger*

19  *vs. Moore* (1970) 11 Cal.App.3rd 11, which held: "The measure of damages for a wrong other

20  than breach of contract will be an amount sufficient to compensate the plaintiff for all detri-

21  ment, foreseeable or otherwise, proximately occasioned by the defendant's wrong."

22        In *Spinks vs. Equity Residential Briarwood Apartments* (2009) 171 Cal.App.4th

23  1004, 1040, a wrongful eviction case, the Court stated: "The recovery includes all conse-

24  quential damages occasioned by the wrongful eviction(personal injury, including infliction of

25  emotional distress, and property damage),,,and upon a proper showing of malice, punitive

26

CLAIMANT'S RESPONSE TO DEBTOR'S
OBJECTION TO AMENDED CLAIM                    Page -27-                    Action No. 12-12020

1    damages." At 1039.

2         Debtor's reliance on *Friedman, supra*, is misplaced and whose connection with

3 this instant case is attenuated at best, especially keeping in mind the *Rowland* factors.

4 *Friedman* is a complex case wherein a vegan underwent a medical procedure, after asking and

5 being told that there were no animal products involved. It is hard to imagine a case further

6 away from this case, where the debtor admittedly violated a statutory duty.[21]

7         First, the holding that debtor relies on is part of the decision involving negli-gent

8 misrepresentation. This case does not involve such a cause of action and is therefore

9 inapposite.

10         Second, to the extent that this case stands for the proposition that emotional

11 distress damages do not lie in the absence of physical harm, as debtor argues, it is inapposite

12 to the instant case. The operative complaint in this matter alleges that, at ¶32: "As a direct and

13 proximate result of the negligence of defendant ETS, as set forth above, plaintiff sus-tained

14 damage, both physically, emotionally and financially, and plaintiff prays judgment against

15 defendant as hereinafter set forth."

16         Thus, debtor's arguments are of no avail. Because of the default, it must be

17 taken as true that Claimant suffered physical and emotional and economic injury.

18         Nor does its reliance on the only other case it cites, fare any better. *Smith vs.*

19 *Superior Court* (1992) 10 Cal.App.4th 1033 is at least as attenuated from the case at bar as

20 *Friedman*. This is a legal malpractice case, arising from a divorce. This case holding is

21 restricted to legal malpractice cases.

22

23      [21] Debtor sets forth in its brief that this case relies on *Branch vs. Homefed Bank* (1992) 6 Cal.App.4th 793, 798
even to the extent of quoting it. But this is what the brief did not quote, the actual holding of the case: "We conclude,
however, that the award of damages for emotional distress must be reversed. We restate that which we believe to be

24 settled law, namely that damages for emotional distress are ordinarily not recoverable in an action for negligent
misrepresentation when the injury other than the emotional distress is only economic." Pointedly, the instant case is not

25 such a case and this is no authority to support debtors argument. Further, debtor's other cited case, *Smith vs. Superior
Court*, states that this holding in Branch is dicta. At P. 1040.

26

CLAIMANT'S RESPONSE TO DEBTOR'S
OBJECTION TO AMENDED CLAIM
           Page -28-
         Action No. 12-12020

1    But if it were broader, its holding is that emotional distress damages are

2 recoverable where there is an allegation of intentional or affirmative misconduct. Claimant's

3 complaint alleges just such activity.

4

5    **2. Negligence *per se***

6

7    Debtor argues that negligence *per se* cannot be maintained. It cites two cases.

8 One case, *LeBeau vs. Bank of America*(2014) 2014 WL 4809843, cannot be cited or relied on.

9 See California Rules of Court 8.1115. The opinion on WestLaw says just that.

10    As to the other case, *Maomanivong vs. National City Mtg.*(2014) 2014 WL

11 4623873, this was a loan modification case, against the lender, not the trustee. Thus it is totally

12 inapposite. And there is no case cited by debtor that supports its position. That is hardly

13 authority for debtor to rely on.

14

15    **3. Fraud**

16    First, debtor has no standing to raise this issue because of its default and the

17 established factors set forth above.

18    Notwithstanding this, debtor argues that Claimant cannot demonstrate that he

19 suffered the damage element required of fraud because the statutory notices *illegally* issued by

20 ETS, and which then caused significant and continuing damage to Claimant, have been

21 withdrawn. Further, debtor argues that any damages incurred in fighting and reversing the

22 foreclosure was caused, not by the illegal actions of the debtor itself, but by Claimant's de-

23 fault.

24    This argument is an affront to logic, propriety, the law, and just common sense

25 and decency. And it ignores the basic facts that ETS acted illegally and in contravention of the

26

1 California statutes when it did issue these two notices(Notice of Default and Notice of Trustee

2 Sale) and, after selling Claimant's home, conveying the trust deed to the bank. That the notices

3 have been withdrawn, and that Claimant's home has been returned to him *does not obviate all*

4 *of the damage, including extreme emotional damage he incurred for the three plus years of*

5 *litigating against a major corporation, with unlimited assets, to accomplish this. It is beyond*

6 *cavil that the debtor would not have rescinded the notices nor reversed the sale absent this*

7 *enormous amount of litigation.*    Perhaps if debtor could demonstrate to this court that it

8 voluntarily admitted its mistakes, withdrew these notices and reversed the sale of Claimant's

9 home, thereby not necessitating all of this litigation, that might be one thing. But that is not the

10 case or the truth.  The fact is that debtor used every means at its disposal to attempt to bury

11 Claimant, and did so for a period exceeding three years. Debtor attempts to circumvent this by

12 arguing that the beneficiary was not ResCap, but this is fallacious at best.  It was ResCap, as

13 the servicer, who conducted this litigation, forced it to go on and on, and refused to concede

14 the most basic facts which have now been admitted in this matter.

15         By way of example, if a motorist negligently causes an accident with resultant

16 harm to himself, would he be barred from suing a physician who thereafter negligently treated

17 him, on the grounds that the motorist brought the injuries on himself? Hardly. The physician's

18 negligence is separate and apart from whatever negligence the motorist may have committed:

19 it was not the negligence of the driver who forced the physician to be negligent.  Likewise,

20 even if Claimant was in default, which he wasn't, that did not cause ETS to violate the law.

21 That violation, which caused all of claimant's damages, occurred only because of debtor's

22 callous disregard for California law.

23         Debtors reliance on *De La Cerra Frances vs. de Anda*(224 Fed.Appx. 637(9th

24 Cir. 2007) is, to state it (or perhaps understate it) bluntly, misplaced. This case does state that

25 a fraud claim cannot rest solely on emotional distress damages, but relies specifically on a

26

1  California case, *Schroeder vs. Auto Driveway Co.*(1974) 11 Cal.3rd 908.  But had debtor

2  bothered to read *Schroeder*, they would not have found such a holding in this case.  Rather, the

3  Court held just the opposite: "Consequently, defendants, having failed to move for a new trial,

4  cannot now contend that the award of damages is excessive.[fn omitted]."  At P.918.[22]  This

5  case actually upheld an award of damages for fraud.

6         Second, the debtor offers no evidence to this Court that the Claimant was in

7  default at the time of these actions.  Therefore, this argument is of no avail.  And it cannot.

8         Third, the argument ignores that Claimant has proved the elements necessary for

9  fraud.

10         Fourth, Claimant has set forth compensable damages.  *See* Declaration of Alan

11  Moss, filed herewith.

12         Thus, Debtor has not advanced any theory to defeat the Fraud cause of Action,

13  and the damages flowing therefrom.

14

15  **4. Intentional Infliction of Emotional Distress**(IIED)

16         Lastly, debtor argues that Claimant cannot assert a cause of action for IIED,

17  relying on *Aguinaldo vs. Ocwen Loan Serv. LLC* 2012 WL 3835080, which in turn relied on

18  *Davenport vs. Litton Loan Servicing* (N.D. Cal. 2010) 725 F.Supp.2d 862; *Mehta vs. Wells*

19  *Fargo Bank*(N.D. Cal. 2010) 737 F.Supp.2d1185; and *Ottovich vs. Washington Mutual*(2010)

20  2010WL 3769459.

21         These cases are inapposite to this instant case.  The holdings of these cases are

22

23

24  [22]  However, even though the Court did ot review the challenge to the award of damages, it stated some
concepts that are helpful to the challenges raised by debtor herein.  For example, "recovery will not be denied because
the damages are difficult of ascertainment."(P. 921); "Mrs. Schroeder is entitled to compensation for pain, suffering, and

25  emotional distress"; "If the action is one in tort, exemplary damages may be recovered upon a proper showing of malice,
fraud, or oppression even though the tort incidentally involves a breach of contract.'"

26

1  necessarily limited to the facts of the cases.

2         In *Aguinaldo*, the allegations of the case were, according to the Court,
3  "conditional" promises and therefore unable to support a classification of outrageous con-duct.
4  In *Davenport*, the Court found the allegations of "certified mail failure and the refusal, after
5  meeting with her and her legal representative to modify her loan also do not, *by them-selves,*
6  qualify as outrageous...."(P. 884, emphasis supplied).  In *Mehta*, the Court found only a
7  conditional promise to forestall a sale.  In *Ottovich*, the IIED claim was dismissed because it
8  was inadequately pled, and plaintiff was allowed to amend.

9         Thus, two of the four cases were allowed to amend, and all were found to be
10 insufficient because of "conditional" promises and inadequate specificity.

11        Not one of these cases rises to the level of the instant case, wherein ETS deli-
12 berately and intentionally violated California statutes controlling the activities of trustees. This
13 is categorically different than, and far more serious than, these four cases.  None of them
14 pointed to a violation of California law or could.

15        Therefore, these cases are not authority to hold that Claimant cannot obtain
16 damages for IIED.

17        Further, the allegations of the complaint, that ETS intentionally violated state law
18 with the intent to harm Claimant, have to be taken as true because of the default.  This is yet
19 another factor in finding that debtor's four cases are inapposite to this case.

20        Behavior may b e considered outrageous if a defendant (1) abuses a relation or
21 position that gives him power to damage the plaintiff's interest; (2) know the plaintiff is
22 susceptible to injuries through mental distress; or (3) acts intentionally or unreasonably with
23 the recognition that the acts are likely to result in illness through mental distress. *Agarwal vs.*
24 *Johnson*(1979) 25 Cal.3rd 932, 946. Neither physical injury or monetary loss is required to be
25 actionable. *Grimes vs. Carter* (19660 241 Cal.App.2nd 694.

26

1        Severe emotional distress was found to exist in *Fletcher vs. Western Nat. Life*

2  *Ins. Co.*(1970) 10 Cal.App.3rd 376 even though testimony showed the plaintiff suffered no

3  shock, horror, or similar physical effects and that most of his distress resulted from his

4  unfortunate economic situation.  The Court held it may "consist of any highly unpleasant

5  mental reaction such as fright, grief, shame, humiliation, embarrassment, anger, chagrin, dis-

6  appointment, and worry." P. 397.  When this involved losing his home, all continuing for

7  many months, this was adequate for IIED.[23]

8

9                            **IV.**

10      **THE DISCOVERY DISPUTE, THE EFFECT OF DEBTOR'S**

11        **REFUSAL TO COOPERATE IN DISCOVERY, AND THE**

12          **RESULTANT PREJUDICE TO CLAIMANT**

13        Creditor/cclaimant has advised the Court of a discovery dispute between the

14  parties. Creditor has asked for the entire file maintained by debtor regarding the actions taken

15  as against creditor's loan. Debtor has refused to provide the file, stating only that it is under

16  no obligation to provide the file because the Court sustained its original objection; in its

17  response, the debtor did not mention the leave of court granted to creditor to file an amended

18  claim.[24]

19        The Court has decided to defer consideration of this dispute until the hearing on

20  the merits of the objection.

21        To the extent that debtor's refusal prevents creditor from perfecting his claim,

22  any ruling on the merits should be delayed until the ETS file can be received and reviewed by

23

---

24     [23]  *See* Witkin, 5 Summary of California Law, §452.

25     [24]  *See* Declaration of Alan Moss filed herewith.

26

1    creditor.  It is elemental that if the file lacks the legally required documents pursuant to

2    California law, then "malice" would be shown.  Therefore, any ruling at this juncture would

3    be premature.  Creditor would be irreparably injured without this information; debtor would

4    suffer no prejudice in turning over the file.

5              Therefore, debtor's objections should be overruled.

6                                        **V.**

7                                  **CONCLUSION**

8              For the foregoing reasons and each of them, the debtor's objections should be

9    overruled and the claim allowed to stand.

10

11   DATED: June ____, 2015                    _____

12                                                  ALAN MOSS

13                                               Attorney In Pro Per

14

15

16

17

18

19

20

21

22

23

24

25

26

1  Alan Moss
   P.O. Box 721
2  Moss Beach CA 94038
   Telephone:   (415)494-8314
3  Facsimile:   (650)728-0738

4  Attorney *In Pro Per*

5

6

7

8

9

10

```
RECEIVED

JUN  3 2015

U.S. BANKRUPTCY COURT
SO DIST OF NEW YORK
```

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK
## MANHATTAN DIVISION

11

12  IN RE:

13

14

15  RESIDENTIAL CAPITAL, LLC, *ET AL.*)

16

17                            Debtors.)

18  _____

19

20          Claimant, ALAN MOSS, declares as follows:

21          I am the Claimant in Claim NO. 4445.  If called to testify, I would aver as fol-

22  lows:

23          1.  In my prior declaration filed in support of my opposition to the original

24  objection of debtors, I set forth the official filed documents proving that in the Moss vs. ETS

25  case, default was properly entered.  The case was set for a default prove-up hearing to

26

)  BANKRUPTCY CASE NO.  12-12020-MG
)  CHAPTER 11
)
)
)  Jointly Administered
)  (Executive Trustee Services, Case No. 12-
)  12028)
)
)  **DECLARATION OF ALAN MOSS IN SUPPORT**
)  **OF HIS RESPONSE IN OPPOSITION TO**
)  **RESCAP BORROWER CLAIMS TRUST'S**
)  **OBJECTIONS TO AMENDED CLAIM**
)  [Claim No. 4445]
)  Hearing Date: June 23, 2015
)  Hearing Time: 10:00 A.M.

1  determine the amount of damages to be entered in a judgment, but one day before the date set

2  for hearing, ETS filed for bankruptcy protection.  Those documents should be considered as

3  though fully set forth herein.

4         2.  The lawsuit against ETS was pled in negligence, based on its duty, which it

5  breached, to determine if it had legal authority to facilitate a foreclosure process.  It was not

6  based on the publication of documents required to perfect a foreclosure.

7         3.  At the time I filed the case against ETS, I did not know that it was owned by

8  ResCap.

9         4.  ETS did not retract its publication of documents as a result of learning in the

10  BONY case that it was illegally substituted in as trustee.  That case was settled, it was not tried,

11  and the withdrawals came before the settlement.

12         5.  In that BONY case, the litigation was controlled by attorneys retained and

13  controlled by ResCap.  The very same attorneys represented ETS in the ETS case.

14         6.  For four years, I attempted to ascertain and prove that ETS was illegally

15  substituted as trustee.  These same attorneys steadfastly refused to admit this, and at no time

16  throughout the four years of litigation did they concede that ETS was illegally substituted in

17  as trustee.

18         7.  In the County of San Mateo, in California, in order to ascertain title, the

19  Recorders Office maintains a website that contains a grantor-grantee index.  All recorded

20  documents are set forth in this database.  I first learned that ETS was illegally substituted as

21  a result of looking at this index.

22         8.  By ResCap and ETS maintaining the lawsuit against BONY for over four

23  years, it caused me great harm, physical, mental and monetary, which continues to this day.

24         9.  As part of the lawsuit against BONY, it was proven that, pursuant to an

25  agreement I reached with ResCap, prior to the foreclosure and the initiation of the lawsuit, I

26

1  was not in default at the time of the actions mentioned in this mattered.

2        10.  As to the discovery dispute, I requested from the attorney representing

3  debtor that the ETS file on me be produced. It was refused.  Attached hereto and made a part

4  hereof as **Exhibit 1** is a true and correct copy of the e-mails between myself and Jessica Arett,

5  the attorney who I have been I contact with throughout this matter;

6        11.  Ms. Arett refused to produce the ETS file on the basis that my claim had

7  been dismissed, notwithstanding that I had been allowed to file an amended claim;

8        12.  Attached hereto and made a part hereof as **Exhibit 2** is a true and correct

9  copy of the formal discovery I caused to be served on counsel for the debtor, in order to receive

10  a copy of the ETS file maintained on me by them.

11        13.  My prior declaration is incorporated by reference into this declaration..

12

13      I declare under penalty of perjury under the laws of California that the foregoing is true

14  and correct and that this Declaration was executed on the _____ th day of June, 2015.

15

16

17                  ALAN MOSS

18

19

20

21

22

23

24

25

26

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22

# EXHIBIT ONE

23
24
25
26



From: **Alan Moss** alanmoss.office@gmail.com
Subject: Question re: ETS records
Date: February 20, 2015 at 11:18 AM
To: Arett, Jessica Jean jarett@mofo.com

Dear Ms. Arett:

You have provided the Court with what is claimed to be records of my loan history; that is, as to GMAC.
Would you agree to provide me with whatever records are available to you from ETS? It seems to me that you
should have those available to you.

Thank you.
Alan Moss
alanmoss.office@gmail.com



From: **Arett, Jessica Jean** JArett@mofo.com
Subject: RE: Question re: ETS records
  Date: February 20, 2015 at 11:32 AM
    To: Alan Moss  alanmoss.office@gmail.com
    Cc: Wishnew, Jordan A.  JWishnew@mofo.com

Dear Mr. Moss,

The dispute between you and the Borrower Claims Trust has been decided by Judge Glenn.  Accordingly, please identify the legal predicate to support your discovery request.

-Jessica Arett

Jessica Arett
Morrison & Foerster LLP
250 West 55th Street | New York, NY 10019-9601
P: +1 (212) 336.4353
JArett@mofo.com | www.mofo.com


-----Original Message-----
From: Alan Moss [mailto:alanmoss.office@gmail.com]
Sent: Friday, February 20, 2015 2:18 PM
To: Arett, Jessica Jean
Subject: Question re: ETS records

Dear Ms. Arett:

You have provided the Court with what is claimed to be records of my loan history;  that is, as to GMAC.
Would you agree to provide me with whatever records are available to you from ETS?  It seems to me that you should have those available to you.

Thank you.
Alan Moss
alanmoss.office@gmail.com


This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail JArett@mofo.com, and delete the message.



**From: Arett, Jessica Jean** JArett@mofo.com
**Subject:** RE: Question re: ETS records
**Date:** February 23, 2015 at 12:31 PM
**To:** Alan Moss alanmoss.office@gmail.com

Mr. Moss,

While Judge Glenn granted you leave to amend your claim, he only did so once your claim against the Debtors' bankruptcy estates was expunged by order of the Court. Accordingly, it remains your burden to try and state a claim based on the facts presently in your possession, without seeking discovery from the Borrower Trust.

-Jessica Arett

Jessica Arett
Morrison & Foerster LLP
250 West 55th Street | New York, NY 10019-9601
P: +1 (212) 336.4353
JArett@mofo.com | www.mofo.com

-----Original Message-----
From: Alan Moss [mailto:alanmoss.office@gmail.com]
Sent: Monday, February 23, 2015 2:36 PM
To: Arett, Jessica Jean
Subject: Re: Question re: ETS records

Dear Ms. Arett:

I believe it would have been more accurate to say that Judge Glenn has decided my claim, and granted leave to amend. That being said, you have provided the Court with records from GMAC. It would seem equally appropriate, if not more so, to provide the records from ETS, since that is the relevant entity against whom the claim was made. Judge Glenn asked for facts, which I believe are contained in the records of ETS.

Alan Moss
   On Feb 20, 2015, at 11:32 AM, Arett, Jessica Jean <JArett@mofo.com> wrote:

   Dear Mr. Moss,

   The dispute between you and the Borrower Claims Trust has been decided by Judge Glenn. Accordingly, please identify the legal predicate to support your discovery request.

   -Jessica Arett

   Jessica Arett
   Morrison & Foerster LLP
   250 West 55th Street | New York, NY 10019-9601
   P: +1 (212) 336.4353
   JArett@mofo.com | www.mofo.com

   -----Original Message-----
   From: Alan Moss [mailto:alanmoss.office@gmail.com]
   Sent: Friday, February 20, 2015 2:18 PM
   To: Arett, Jessica Jean
   Subject: Question re: ETS records

   Dear Ms. Arett:

   You have provided the Court with what is claimed to be records of my loan history; that is, as to GMAC.
   Would you agree to provide me with whatever records are available to you from ETS? It seems to me that you should have those available to you.

   Thank you.
   Alan Moss
   alanmoss.office@gmail.com

   This message contains information which may be confidential and privileged. Unless you are the addressee (or authorized to receive for the addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender by reply e-mail JArett@mofo.com, and delete the message.

Alan Moss
alanmoss.office@gmail.com

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# EXHIBIT TWO

1   Alan Moss
    In Pro Per
2   P.O. Box 721
    Moss Beach CA 94038
3   Telephone:  (415)494-8314
    Facsimile:   (650)728-0738
4
    In Propria Personum
5

6

7

8                   IN THE UNITED STATES BANKRUPTCY COURT

9              IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

10

11

12  IN RE                          )    BANKRUPTCY CASE No. 12-12020-MG
                                   )    CHAPTER 11
13                                 )
                                   )
14                                 )    Jointly Administered
    RESIDENTIAL CAPITAL LLC,       )    (Executive Trustee Services, Case No. 12-
15                                 )    12028)
                                   )
16                                 )    [Claim No. 4445]
                                   )
17                                 )
                                   )    **CREDITOR ALAN MOSS' REQUESTS
18                    Debtors.     )    FOR PRODUCTION OF DOCUMENTS
                                   )    TO DEBTOR SET ONE**
19

20  **PROPOUNDING PARTY:**         **CLAIMANT ALAN MOSS**

21  **RESPONDING PARTY:**          **DEBTOR RESIDENTIAL CAPITAL, LLC**

22  **DISCOVERY DOCUMENT:**        **REQUESTS FOR PRODUCTION OF DOCUMENTS**

23  **SET NUMBER:**                **ONE(1)**

24

25          Plaintiff requests that Debtor produce the documents set forth in **Attachment**

26

---

1  A hereto, propounded pursuant to FRCP 34 and this Court's Local Rule 7034-1, and

2  cognizant of U.S. District Court Local Rule 26.4, within thirty(30) days from the date of ser-

3  vice hereof.  In preparing your responses, and pursuant to FRCP 34, you are required to

4  provide all information known to you, available to you, or discoverable through the exercise

5  of reasonable diligence, from information in the possession of you, your employees, agents,

6  representatives, and investigators. If you cannot respond in full after exercising due diligence,

7  you must state the reasons for your inability to completely respond and providing whatever

8  information you have.

9        Pursuant to FRCP 34(b)(1)(B), this request may be complied with by serving

10 copies of the requested documents at the requester's address hereinabove.  Any documents

11 produced in electronic form may be produced at the same address on CD's.

12       Please note that all words that are in bold and capitalized letters are specifically

13 defined for purposes of these Requests.

14       Please note the following definitions to be used in responding to these

15 interrogatories.

16       If you cannot respond in full after exercising due diligence, you must state the

17 reasons for your inability to completely respond and providing whatever information you

18 have. These requests are to be deemed continuing, requiring you to submit by way of supple-

19 mental answer any additional response and future information that may become known to you

20 or your attorney prior to trial of this action.  The responses should include all information

21 known up to the date of their verification.

22

23           **DEFINITIONS**

24     The word **YOU** or **YOUR** means **RESIDENTIAL CAPITAL, LLC** and includes any

25 and all of its predecessors in interest, including but not limited to **GMAC MORTGAGE**

26

1    **LLC** and **ALLY FINANCIAL,** and also includes its or theirs sub-corporations and

2    subsidiaries, the party to whom these requests for documents are directed, and includes its

3    agents, its employees, its in-surance company(ies), their agents, their employees, its attorneys,

4    its accountants, its inves-tigators, and anyone else acting on its behalf.

5        The word **INCIDENT** includes the circumstances and events surrounding the action

6    filed by claimant in San Mateo County California, Action No. 505386, entitled *Moss vs.*

7    *Executive Trustee Services et al.* and the alleged sale of plaintiff's property wherein Executive

8    Trustee Services and /or ETS Services Inc. acted as trustee.

9        The phrase **YOU OR YOUR OR ANYONE ACTING ON YOUR BEHALF** in-

10   cludes you, your predecessors, your sub-corporations, your subsidiaries, your agents, your em-

11   ployees, your insurance company(ies), their agents, their employees, your attorneys, your

12   accountants, your investigators, and anyone else acting on your behalf.

13       The word **PERSON** includes natural persons, employees, firms, associations, organi-

14   zations, partnerships, businesses, trusts, corporations, or public entities.

15       The term **IDENTIFY** or **IDENTIFIED** means the name of the person or other entity

16   as contained in the definition of **PERSON** hereinabove, and his or her address and telephone

17   number, and email address.

18       The term **PROPERTY** means 86 San Lucas, Moss Beach CA 94038.

19       The word **DOCUMENT** means a writing, as defined in FRCP 34(a) and Federal Rules

20   of Evidence 1001, and includes the original or a copy of handwriting, typewriting, printing,

21   photostating, photocopying, photographing, and every other means of recording upon any tan-

22   gible thing and form of communicating or representation, including letters, words, pictures,

23   sounds or symbols, or combinations of any or all of them. and includes the original or a copy

24   of handwriting, typewriting, printing, photostating, photocopying, photographing, and every

25   other means of recording upon any tangible thing and form of communicating or represen-

26

1 tation, including letters, words, pictures, sounds or symbols, e-mail, hard drives, floppy disks

2 or other electronic recording method or combinations of any or all of them.

3     The term **SERVICER FILE** means and refers to any and all files kept in the normal

4 course of business by **YOU**, as defined hereinabove, during the time period beginning when

5 GMAC began servicing Claimant's note/deed of trust on behalf of the Bank of New York up

6 to and including the present time.

7     The word **ADDRESS** means the street address, including city, state, and zip code.

8     The term **COMMUNICATION** means and refers to any transmission, transfer, con-

9 veyance or exchange of meaning or information, opinions, questions, or comments or any

10 kind, in any manner, at any time or place and under any circumstances, whether by spoken or

11 written language or other means or transmission or conveyance.

12     The term **ENTITY** means and refers to any firm, sole proprietorship, corporation,

13 limited partnership, general partnership, association, joint venture, business organization or

14 governmental unit, agency, department or division.

15     The term **DEED OF TRUST** means Deed of Trust No. 15070373 which was entered

16 into between the plaintiff and CJ Mortgage on June 27, 2005.

17     The term **TRUSTEE** means the term "trustee" as defined in the Civil Code of the State

18 of California.

19     In preparing your responses, you are required to provide all information known

20 to you, available to you, or discoverable through the exercise of reasonable diligence, from

21 information in the possession of you, your employees, agents, representatives, and inves-

22 tigators. If you cannot respond in full after exercising due diligence, you must state the rea-

23 / / /

24 / / /

25 / / /

26

CLAIMANT'S REQUESTS FOR PRODUCTION OF
DOCUMENTS SET ONE TO DEBTOR RESCAP     - 4 -     Action No. 12-12020

1  sons for your inability to completely respond and providing whatever information you have.

2

3

4  DATED: May **20**, 2015

 

**ALAN MOSS**

5

Attorney In Pro Per

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*IN RE RESCAP*
Action No. 12-12020

## ATTACHMENT A

CLAIMANT'S REQUESTS FOR DOCUMENTS– *SET ONE* TO DEBTOR RESCAP

1.    Any and all **DOCUMENTS** between **YOU** and **EXECUTIVE TRUSTEE SER-VICES, LLC**, concerning in any way, the **PROPERTY;**

2.    Any and all **DOCUMENTS** between **YOU** and **EXECUTIVE TRUSTEE SER-VICES, INC**, concerning in any way, the **PROPERTY;**

3.    Any and all **DOCUMENTS** between **YOU** and **ETS SERVICES, LLC** concerning in any way, the **PROPERTY;**

4.    Any and all **DOCUMENTS** between **YOU** and GMAC Mortgage LLC concerning in any way, the **PROPERTY;**

5.    Any and all **DOCUMENTS** between **YOU** and Ally Financial concerning in any way, the **PROPERTY;**

6.    Any and all **DOCUMENTS** in **YOUR** possession from Executive Trustee Services, LLC, concerning in any way, the **PROPERTY;**

7.    Any and all **DOCUMENTS** in **YOUR** possession from Executive Trustee Services, INC, concerning in any way, the **PROPERTY;**

8.    Any and all **DOCUMENTS**, in **YOUR** possession, from ETS Services, LLC, concerning in any way, the **PROPERTY;**

9.    Any and all **DOCUMENTS**, in **YOUR** possession, from GMAC Mortgage LLC concerning in any way, the **PROPERTY;**

10.   The complete **SERVICER FILE** on the **PROPERTY**, maintained in the normal course of business, in **YOUR** possession, as servicer for **DEED OF TRUST** No. 15070373.

9.    All contracts between **YOU** and **Executive Trustee Services, LLC**, pursuant to which **YOU** contracted with Executive Trustee Services, LLC to act as **TRUSTEE** for **DEED OF TRUST** No. 15070373 on the **PROPERTY.**

10.   All contracts between **YOU** and **Executive Trustee Services, INC**, pursuant to which **YOU** contracted with Executive Trustee Services, INC to act as **TRUSTEE** for **DEED OF TRUST** No. 15070373 on the **PROPERTY.**

11.   All contracts between **YOU** and **ETS Services, LLC**, pursuant to which **YOU**

contracted with ETS Services, LLC to act as **TRUSTEE** for **DEED OF TRUST** No. 15070373 on the **PROPERTY.**

12. Any and all **DOCUMENTS**, in **YOUR** possession, that demonstrate that Executive Trustee Services LLC or Executive Trustee Services Inc. or ETS Services LLC was the duly appointed trustee of Deed of Trust No. 15070373.

13. Any and all **DOCUMENTS**, in **YOUR** possession, that demonstrate that **YOU** performed due diligence in determining that Executive Trustee Services LLC was the duly appointed trustee of Deed of Trust No. 15070373.

14. Any and all **DOCUMENTS**, in **YOUR** possession, that demonstrate that **YOU** performed due diligence in determining that Executive Trustee Services INC was the duly appointed trustee of Deed of Trust No. 15070373.

15. Any and all **DOCUMENTS**, in **YOUR** possession, that demonstrate that **YOU** performed due diligence in determining that ETS Services LLC was the duly appointed trustee of Deed of Trust No. 15070373.

16. Any and all **DOCUMENTS** upon which **YOU** relied in denyng any Requests for Admission served on **YOU** concurrent with this Request For Documents Set One.

## PROOF OF SERVICE

**COURT:**    **UNITED STATES BANKRUPTCY COURT IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK**

**CASE NAME:** *IN RE RESCAP, LLC ET AL.*

**ACTION NO.:** ACTION NO. 12-12020

      I am employed in the County of San Francisco, California. I am over the age of 18 and not a party to the within action. On this date, I served the foregoing document(s) described as:

**CLAIMANT'S REQUESTS FOR PRODUCTION OF DOCUMENTS SET ONE TO DEBTOR RESCAP**

on the party(ies) set out in said document by causing a true copy thereof to be:

[ ]    Telecopied via facsimile to the addressee's facsimile number listed below per CRC 2008(b).

[ ]    Telecopied via facsimile to the addressee's telephone number listed below, and thereafter mailed according to the procedures set forth immediately hereinbelow.

[ ]    By U.S. mail, by placing said document(s) in a sealed envelope with first class postage thereon fully prepaid, and then placed in the designated office area for outgoing mail.

[ X ]    By U.S. mail, Return Receipt Requested, by placing said document(s) in a sealed envelope with appropriate postage thereon fully prepaid and then placed in the designated office area for outgoing mail.

[ ]    Delivered by hand to the person or person's office set forth below, or by handing said document in a sealed envelope to a messenger service for delivery as addressed.

[ ]    Sent via Priority overnight mailing, by handing said document in a sealed envelope to an agent for the USPS for overnight delivery.

and if mailed, addressed as follows and sent to the following address(es):

Jessica Arett, Esq.
MORRISON & FOERSTER
250 West 55th Street
New York NY 10019

      I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

      Executed this 10 nd day of May, 2015, at San Francisco, California.

_____

1  Alan Moss
   In Pro Per
2  P.O. Box 721
   Moss Beach CA 94038
3  Telephone:  (415)494-8314
   Facsimile:    (650)728-0738
4
   In Propria Personum
5

6

7

8              IN THE UNITED STATES BANKRUPTCY COURT

9          IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

10

11

12  IN RE                           )    BANKRUPTCY CASE NO.  12-12020-MG
                                    )    CHAPTER 11
13                                  )
                                    )
14                                  )    Jointly Administered
    RESIDENTIAL CAPITAL LLC,        )    (Executive Trustee Services, Case No. 12-
15                                  )    12028)
                                    )
16                                  )    [Claim No. 4445]
                                    )
17                                  )    **CREDITOR ALAN MOSS' REQUESTS
                                    )    FOR PRODUCTION OF DOCUMENTS
18                 Debtors.         )    TO DEBTOR SET ONE**
                                    )
19  ─────────────────────────────

20  **PROPOUNDING PARTY:**       **CLAIMANT ALAN MOSS**

21  **RESPONDING PARTY:**        **DEBTOR EXECUTIVE TRUSTEE SERVICES, LLC** *AKA* **EXECUTIVE
                                 TRUSTEE SERVICES, INC.** *AKA* **ETS SERVICES LLC(HEREINAFTER
22                               REFERRED TO AS "ETS")**

23  **DISCOVERY DOCUMENT:**      **REQUESTS FOR PRODUCTION OF DOCUMENTS**

24  **SET NUMBER:**              **ONE(1)**

25

26
    ─────────────────────────────
    CLAIMANT'S REQUESTS FOR PRODUCTION OF                        Action No. 12-12020
    DOCUMENTS SET ONE TO DEBTOR ETS

1    Plaintiff requests that Debtor produce the documents set forth in **Attachment**

2  **A** hereto, propounded pursuant to FRCP 34 and this Court's Local Rule 7034-1, and cogni-

3  zant of U.S. District Court Local Rule 26.4, within thirty(30) days from the date of service

4  hereof. In preparing your responses, and pursuant to FRCP 34, you are required to provide

5  all information known to you, available to you, or discoverable through the exercise of reason-

6  able diligence, from information in the possession of you, your employees, agents, represen-

7  tatives, and investigators. If you cannot respond in full after exercising due diligence, you

8  must state the reasons for your inability to completely respond and providing whatever infor-

9  mation you have.

10    Pursuant to FRCP 34(b)(1)(B), this request may be complied with by serving

11  copies of the requested documents at the requester's address hereinabove. Any documents

12  produced in electronic form may be produced at the same address on CD's.

13    Please note that all words that are in bold and capitalized letters are specifically

14  defined for purposes of these Requests.

15    Please note the following definitions to be used in responding to these

16  interrogatories.

17    If you cannot respond in full after exercising due diligence, you must state the

18  reasons for your inability to completely respond and providing whatever information you

19  have. These requests are to be deemed continuing, requiring you to submit by way of supple-

20  mental answer any additional response and future information that may become known to you

21  or your attorney prior to trial of this action. The responses should include all information

22  known up to the date of their verification.

23

24                    **DEFINITIONS**

25    The word **YOU** or **YOUR** means and includes, severally and jointly, **EXECUTIVE**

26

**TRUSTEE SERVICES, LLC, EXECUTIVE TRUSTEE SERVICES, INC.** and **ETS SERVICES, LLC,** and includes any and all of its predecessors in interest, and also includes its or theirs sub-corporations and subsidiaries, the party to whom these requests for documents are directed, and includes its agents, its employees, its insurance company(ies), their agents, their employees, its attorneys, its accountants, its investigators, and anyone else acting on its behalf.

The word **INCIDENT** includes the circumstances and events surrounding the action filed by claimant in San Mateo County California, Action No. 505,386, entitled *Moss vs. Executive Trustee Services et al.* and the alleged sale of plaintiff's property wherein Executive Trustee Services and /or ETS Services Inc. acted as trustee.

The phrase **YOU OR YOUR OR ANYONE ACTING ON YOUR BEHALF** includes you, your predecessors, your sub-corporations, your subsidiaries, your agents, your employees, your insurance company(ies), their agents, their employees, your attorneys, your accountants, your investigators, and anyone else acting on your behalf.

The word **PERSON** includes natural persons, employees, firms, associations, organizations, partnerships, businesses, trusts, corporations, or public entities.

The term **IDENTIFY** or **IDENTIFIED** means the name of the person or other entity as contained in the definition of **PERSON** hereinabove, and his or her address and telephone number, and email address.

The term **PROPERTY** means 86 San Lucas, Moss Beach CA 94038.

The word **DOCUMENT** means a writing, as defined in FRCP 34(a) and Federal Rules of Evidence 1001, and includes the original or a copy of handwriting, typewriting, printing, photostating, photocopying, photographing, and every other means of recording upon any tangible thing and form of communicating or representation, including letters, words, pictures, sounds or symbols, or combinations of any or all of them, and includes the original or a copy

1  of handwriting, typewriting, printing, photostating, photocopying, photographing, and every
2  other means of recording upon any tangible thing and form of communicating or represen-
3  tation, including letters, words, pictures, sounds or symbols, e-mail, hard drives, floppy disks
4  or other electronic recording method or combinations of any or all of them.

5      The term **SERVICER FILE** means and refers to any and all files kept in the normal
6  course of business by **YOU**, as defined hereinabove, during the time period beginning when
7  GMAC began servicing Claimant's note/deed of trust on behalf of the Bank of New York up
8  to and including the present time.

9      The word **ADDRESS** means the street address, including city, state, and zip code.

10     The term **COMMUNICATION** means and refers to any transmission, transfer, con-
11 veyance or exchange of meaning or information, opinions, questions, or comments or any
12 kind, in any manner, at any time or place and under any circumstances, whether by spoken or
13 written language or other means or transmission or conveyance.

14     The term **ENTITY** means and refers to any firm, sole proprietorship, corporation,
15 limited partnership, general partnership, association, joint venture, business organization or
16 governmental unit, agency, department or division.

17     The term **DEED OF TRUST** means Deed of Trust No. 15070373 which was entered
18 into between the plaintiff and CJ Mortgage on June 27, 2005.

19     The term **TRUSTEE** means the term "trustee" as defined in the Civil Code of the State
20 of California.

21         In preparing your responses, you are required to provide all information known
22 to you, available to you, or discoverable through the exercise of reasonable diligence, from
23 information in the possession of you, your employees, agents, representatives, and inves-
24 tigators. If you cannot respond in full after exercising due diligence, you must state the rea-

25

26

1    / / /

2    sons for your inability to completely respond and providing whatever information you have.

3

4    DATED: May _____, 2015

**ALAN MOSS**

Attorney In Pro Per

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

*IN RE RESCAP*
*JOINTLY ADMINISTERD*
Action No. 12-12028

## ATTACHMENT A

CLAIMANT'S REQUESTS FOR DOCUMENTS– *SET ONE* TO DEBTOR ETS

1. Any and all **DOCUMENTS** between **YOU** and **Residential Capital LLC,** including any and all of its sub-entitites included in its filing of Bankruptcy Action 12-12020 in this court, concerning in any way, the **PROPERTY;**

2. Any and all **DOCUMENTS** in **YOUR** possession, concerning in any way, the **PROPERTY,** as of the date that Bankruptcy Action No. 12-12028 was filed;

3. Any and all **DOCUMENTS** between **YOU** and GMAC Mortgage LLC concerning in any way, the **PROPERTY;**

4. Any and all **DOCUMENTS** between **YOU** and Ally Financial concerning in any way, the **PROPERTY;**

5. The complete file on the **PROPERTY,** maintained by **YOU** in the normal course of business, in **YOUR** possession, for **DEED OF TRUST** No. 15070373.

6. All contracts between **YOU** and **Residential Capital LLC** for acting as **TRUSTEE** for **DEED OF TRUST** No. 15070373 on the **PROPERTY.**

7. All contracts between **YOU** and GMAC Mortgage LLC for acting as **TRUSTEE** for **DEED OF TRUST** No. 15070373 on the **PROPERTY.**

8. Any and all **DOCUMENTS** in **YOUR** possession, which demonstrate that **YOU** performed due diligence in ascertaining that **YOU** were duly appointed as Trustee of Deed of Trust No. 15070373 pursuant to California law.

9. Any and all **DOCUMENTS** in **YOUR** possession which demonstrate that **YOU** performed due diligence in ascertaining that **YOU** had the legal authority to act as Trustee of Deed of Trust No. 15070373 pursuant to California law.

## PROOF OF SERVICE

**COURT:**    UNITED STATES BANKRUPTCY COURT IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

**CASE NAME:** *IN RE RESCAP, LLC ET AL.*

**ACTION NO.: ACTION NO. 12-12020**

I am employed in the County of San Francisco, California. I am over the age of 18 and not a party to the within action. On this date, I served the foregoing document(s) described as:

**Claimant's Requests For Production Of Documents Set One to Debtor Executive Trustee Services, LLC**

on the party(ies) set out in said document by causing a true copy thereof to be:

[  ]    Telecopied via facsimile to the addressee's facsimile number listed below per CRC 2008(b).

[  ]    Telecopied via facsimile to the addressee's telephone number listed below, and thereafter mailed according to the procedures set forth immediately hereinbelow.

[  ]    By U.S. mail, by placing said document(s) in a sealed envelope with first class postage thereon fully prepaid, and then placed in the designated office area for outgoing mail.

[ X ]    By U.S. mail, Return Receipt Requested, by placing said document(s) in a sealed envelope with appropriate postage thereon fully prepaid and then placed in the designated office area for outgoing mail.

[  ]    Delivered by hand to the person or person's office set forth below, or by handing said document in a sealed envelope to a messenger service for delivery as addressed.

[  ]    Sent via Priority overnight mailing, by handing said document in a sealed envelope to an agent for the USPS for overnight delivery.

and if mailed, addressed as follows and sent to the following address(es):

Jessica Arett, Esq.
MORRISON & FOERSTER
250 West 55th Street
New York NY 10019

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed this /l/0 nd day of May, 2015, at San Francisco, California.

_____

1  Alan Moss
   In Pro Per
2  P.O. Box 721
   Moss Beach CA 94038
3  Telephone:  (415)494-8314
   Facsimile:   (650)728-0738
4
   In Propria Personum
5

6

7

8              IN THE UNITED STATES BANKRUPTCY COURT

9          IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

10

11

12  IN RE                              )  BANKRUPTCY CASE No.  12-12020-MG
                                       )  CHAPTER 11
13                                     )
                                       )
14                                     )  Jointly Administered
    RESIDENTIAL CAPITAL LLC,           )  (Executive Trustee Services, Case No. 12-
15                                     )  12028)
                                       )
16                                     )  [Claim No. 4445]
                                       )
17                                     )  **CREDITOR ALAN MOSS' REQUESTS
                                       )  FOR ADMISSIONS TO DEBTOR SET
18                      Debtors.       )  ONE**
                                       )
19  _____

20  **PROPOUNDING PARTY:**      **CLAIMANT ALAN MOSS**

21  **RESPONDING PARTY:**       **DEBTOR EXECUTIVE TRUSTEE SERVICES, LLC AKA EXECUTIVE
                                TRUSTEE SERVICES, INC. AKA ETS SERVICES,
22                              LLC.(HEREINAFTER "ETS")**

23  **DISCOVERY DOCUMENT:**     **REQUESTS FOR ADMISSION**

24  **SET NUMBER:**             **ONE(1)**

25

26

---

CLAIMANT'S REQUESTS FOR ADMISSION
SET ONE TO DEBTOR ETS                                    Action No. 12-12020

1   Plaintiff requests that Debtor ResCap admit or deny the truthfulness of the facts

2   set forth in **Attachment A** hereto, propounded pursuant to FRCP 36, within thirty(30) days

3   from the date of service hereof. In preparing your responses, you are required to provide all

4   information known to you, available to you, or discoverable through the exercise of rea-

5   sonable diligence, from information in the possession of you, your employees, agents, repre-

6   sentatives, and investigators. If you cannot respond in full after exercising due diligence, you

7   must state the reasons for your inability to completely respond and providing whatever

8   information you have.

9   Please note that all words that are in bold and capitalized letters are specifically

10   defined for purposes of these Requests.

11   If you cannot respond in full after exercising due diligence, you must state the

12   reasons for your inability to completely respond and providing whatever information you

13   have. These requests are to be deemed continuing, requiring you to submit by way of supple-

14   mental answer any additional response and future information that may become known to you

15   or your attorney prior to trial of this action. The responses should include all information

16   known up to the date of their verification.

17

18   ### DEFINITIONS

19   The word **YOU** or **YOUR** means and includes, severally and individually,

20   **EXECUTIVE TRUSTEE SERVICES, LLC, EXECUTIVE TRUSTEE SERVICES,**

21   **INC.,** and **ETS Services, LLC** and including any and all of its sub-corporations and

22   subsidiaries, the party to whom these interrogatories are directed, and in-cludes its agents, its

23   employees, its insurance company(ies), their agents, their employees, its attorneys, its

24   accountants, its investigators, and anyone else acting on its behalf.

25   The word **INCIDENT** includes the circumstances and events surrounding the action

26

1   filed by claimant in San Mateo County California, Action No. 505386, entitled *Moss vs.*

2   *Executive Trustee Services et al.* and the alleged sale of plaintiff's property where ETS acted

3   as trustee.

4       The phrase **YOU or YOUR** or **ANYONE ACTING ON YOUR BEHALF** includes

5   you, your sub-corporations, your subsidiaries, your agents, your employees, your insurance

6   company(ies), their agents, their employees, your attorneys, your accountants, your inves-

7   tigators, and anyone else acting on your behalf.

8       The word **PERSON** includes natural persons, employees, firms, associations, organi-

9   zations, partnerships, businesses, trusts, corporations, or public entities.

10       The term **IDENTIFY** or **IDENTIFIED** means the name of the person or other entity

11   as contained in the definition of **PERSON** hereinabove, and his or her address and telephone

12   number, and email address.

13       The term **PROPERTY** means 86 San Lucas, Moss Beach CA 94038.

14       The word **DOCUMENT** means a writing, as defined in FRCP 34(a) and Federal Rules

15   of Evidence 1001, and includes the original or a copy of handwriting, typewriting, printing,

16   photostating, photocopying, photographing, and every other means of recording upon any tan-

17   gible thing and form of communicating or representation, including letters, words, pictures,

18   sounds or symbols, or combinations of any or all of them. and includes the original or a copy

19   of handwriting, typewriting, printing, photostating, photocopying, photographing, and every

20   other means of recording upon any tangible thing and form of communicating or represen-

21   tation, including letters, words, pictures, sounds or symbols, e-mail, hard drives, floppy disks

22   or other electronic recording method or combinations of any or all of them.

23       The term **SERVICER FILE** means and refers to any and all files kept in the normal

24   course of business by **YOU**, as defined hereinabove, during the time period beginning when

25   GMAC began servicing the note on behalf of the Bank of New York up to and including the

26

1    present time.

2         The word **ADDRESS** means the street address, including city, state, and zip code.

3         The term **COMMUNICATION** means and refers to any transmission, transfer, con-

4    veyance or exchange of meaning or information, opinions, questions, or comments or any

5    kind, in any manner, at any time or place and under any circumstances, whether by spoken or

6    written language or other means or transmission or conveyance.

7         The term **ENTITY** means and refers to any firm, sole proprietorship, corporation,

8    limited partnership, general partnership, association, joint venture, business organization or

9    governmental unit, agency, department or division.

10        The term **DEED OF TRUST** means Deed of Trust No. 15070373 which was entered

11   into between the plaintiff and CJ Mortgage on June 27, 2005.

12            In preparing your responses, you are required to provide all information known

13   to you, available to you, or discoverable through the exercise of reasonable diligence, from

14   information in the possession of you, your employees, agents, representatives, and inves-

15   tigators.  If you cannot respond in full after exercising due diligence, you must state the rea-

16   sons for your inability to completely respond and providing whatever information you have

17

18   DATED: May _10_ , 2015

19                                          **ALAN MOSS**

20                                          Attorney In Pro Per

21

22

23

24

25

26

*IN RE RESCAP*
**Action No. 12-12020**

## ATTACHMENT A

CLAIMANT'S REQUESTS FOR ADMISSIONS–SET ONE TO DEBTOR ETS

**EACH OF THE FOLLOWING FACTS ARE TRUE:**

1.  At no time did **YOU** receive instructions from ResCap to issue a Notice of Default as against the **PROPERTY**.

2.  At no time did **YOU** receive instructions from GMAC Mortgage to issue a Notice of Default as against the **PROPERTY**.

3.  At no time did **YOU** receive instructions from Ally Financial to issue a Notice of Default as against the **PROPERTY**.

4.  At no time did **YOU** receive instructions from ResCap to issue a Notice of Trustee Sale as against the **PROPERTY**.

5.  At no time did **YOU** receive instructions from GMAC Mortgage to issue a Notice of Trustee Sale as against the **PROPERTY**.

6.  At no time did **YOU** receive instructions from Ally Financial to issue a Notice of Trustee Sale as against the **PROPERTY**.

7.  **YOU** do not have in **YOUR** possession any **DOCUMENT** in which **YOU** were instructed to issue a Notice of Default as against the **PROPERTY**.

8.  **YOU** do not have in **YOUR** possession any **DOCUMENT** in which **YOU** were instructed to issue a Notice of Trustee Sale as against the **PROPERTY**.

9.  Subsequent to September 18, 2007, the only Notice of Trustees Sale that was recorded as to the **PROPERTY** was recorded on or about May 22, 2008.

10. On June 13, 2008, the trustee conducting the trustee sale of the property did not announce a continuation of the sale to the exact date of May 7, 2009.

11. On June 13, 2008, **YOU** were instructed to cancel the sale of the **PROPERTY**.

12. As to Deed of Trust No. 15070373, ResCap did not substitute **YOU** as trustee.

13. As to Deed of Trust No. 15070373, GMAC did not substitute **YOU** as trustee.

14. As to Deed of Trust No. 15070373, Ally Financial did not substitute **YOU** as trustee.

15.    On May 7, 2009, **YOU** were not the trustee of Deed of Trust No. 15070373.

16.    At no time did **YOU** undertake any investigation to ascertain whether **YOU** were lawfully substituted in as trustee of Deed of Trust No. 15070373.

17.    The Scalifornia Superior Court in and for the County of San Mateo entered default against **YOU** on June 17, 2011.

1

## PROOF OF SERVICE

2

**COURT:** **UNITED STATES BANKRUPTCY COURT IN AND FOR THE**
3 **SOUTHERN DISTRICT OF NEW YORK**

4 **CASE NAME:** *IN RE RESCAP, LLC ET AL.*

5 **ACTION NO.:** ACTION NO. 12-12020

6        I am employed in the County of San Francisco, California.  I am over the age
of 18 and not a party to the within action.  On this date, I served the foregoing document(s)
7 described as:

8        **Claimant's Requests For Production Of Documents Set One to Debtor**
       **ResCap**
9
on the party(ies) set out in said document by causing a true copy thereof to be:
10
[ ]        Telecopied via facsimile to the addressee's facsimile number listed below per
11           CRC 2008(b).
[ ]        Telecopied via facsimile to the addressee's telephone number listed below, and
12           thereafter mailed according to the procedures set forth immediately
           hereinbelow.
13 [ ]        By U.S. mail, by placing said document(s) in a sealed envelope with first class
           postage thereon fully prepaid, and then placed in the designated office area for
14           outgoing mail.
[ ]        By U.S. mail, Return Receipt Requested, by placing said document(s) in a
15           sealed envelope with appropriate postage thereon fully prepaid and then placed
           in the designated office area for outgoing mail.
16 [ ]        Delivered by hand to the person or person's office set forth below, or by
           handing said document in a sealed envelope to a messenger service for
17           delivery as addressed.
[ ]        Sent via Priority overnight mailing, by handing said document in a sealed
18           envelope to an agent for the USPS for overnight delivery.

19 and if mailed, addressed as follows and sent to the following address(es):

20 Jessica Arett, Esq.
MORRISON & FOERSTER
21 250 West 55th Street
New York NY 10019

22        I declare under penalty of perjury under the laws of the State of California that
23 the foregoing is true and correct.

24        Executed this 22nd day of May, 2015, at San Francisco, California.

25                                          _____

26

1  Alan Moss
   In Pro Per
2  P.O. Box 721
   Moss Beach CA 94038
3  Telephone:  (415)494-8314
   Facsimile:    (650)728-0738
4
   In Propria Personum
5

6

7

8              IN THE UNITED STATES BANKRUPTCY COURT

9           IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

10

11

12  IN RE                        )   BANKRUPTCY CASE NO.  12-12020-MG
                                 )   CHAPTER 11
13                               )
                                 )
14                               )   Jointly Administered
    RESIDENTIAL CAPITAL LLC,     )   (Executive Trustee Services, Case No. 12-
15                               )   12028)
                                 )
16                               )   [Claim No. 4445]
                                 )
17                               )
                                 )   **CREDITOR ALAN MOSS' REQUESTS**
18                  Debtors.     )   **FOR ADMISSIONS TO DEBTOR SET**
                                 )   **ONE**
19  _____

20  PROPOUNDING PARTY:      CLAIMANT ALAN MOSS

21  RESPONDING PARTY:       DEBTOR RESIDENTIAL CAPITAL LLC

22  DISCOVERY DOCUMENT:     REQUESTS FOR ADMISSION

23  SET NUMBER:             ONE(1)

24

25          Plaintiff requests that Debtor ResCap admit or deny the truthfulness of the facts

26

CLAIMANT'S REQUESTS FOR ADMISSION
SET ONE TO DEBTOR RESCAP                                    Action No. 12-12020

1   set forth in **Attachment A** hereto, propounded pursuant to FRCP 36, within thirty(30) days

2   from the date of service hereof.  In preparing your responses, you are required to provide all

3   information known to you, available to you, or discoverable through the exercise of rea-

4   sonable diligence, from information in the possession of you, your employees, agents, repre-

5   sentatives, and investigators.  If you cannot respond in full after exercising due diligence, you

6   must state the reasons for your inability to completely respond and providing whatever

7   information you have.

8           Please note that all words that are in bold and capitalized letters are specifically

9   defined for purposes of these Requests.

10          If you cannot respond in full after exercising due diligence, you must state the

11  reasons for your inability to completely respond and providing whatever information you

12  have.  These requests are to be deemed continuing, requiring you to submit by way of supple-

13  mental answer any additional response and future information that may become known to you

14  or your attorney prior to trial of this action.  The responses should include all information

15  known up to the date of their verification.

16

17

18                              **<u>DEFINITIONS</u>**

19          The word **YOU** or **YOUR** means **RESIDENTIAL CAPITAL, LLC, GMAC**

20  **Mortgage LLC, ALLY FINANCIAL**, and including any and all of its sub-corporations and

21  subsidiaries, the party to whom these interrogatories are directed, and includes its agents, its

22  employees, its insurance company(ies), their agents, their employees, its attorneys, its

23  accountants, its investigators, and anyone else acting on its behalf.

24          The word **INCIDENT** includes the circumstances and events surrounding the action

25  filed by claimant in San Mateo County California, Action No. 505386, entitled *Moss vs.*

26

1  *Executive Trustee Services et al.* and the alleged sale of plaintiff's property where ETS acted
2  as trustee.

3      The phrase **YOU or YOUR** or **ANYONE ACTING ON YOUR BEHALF** includes
4  you, your sub-corporations, your subsidiaries, your agents, your employees, your insurance
5  company(ies), their agents, their employees, your attorneys, your accountants, your inves-
6  tigators, and anyone else acting on your behalf.

7      The word **PERSON** includes natural persons, employees, firms, associations, organi-
8  zations, partnerships, businesses, trusts, corporations, or public entities.

9      The term **IDENTIFY** or **IDENTIFIED** means the name of the person or other entity
10  as contained in the definition of **PERSON** hereinabove, and his or her address and telephone
11  number, and email address.

12      The term **PROPERTY** means 86 San Lucas, Moss Beach CA 94038.

13      The word **DOCUMENT** means a writing, as defined in FRCP 34(a) and Federal Rules
14  of Evidence 1001, and includes the original or a copy of handwriting, typewriting, printing,
15  photostating, photocopying, photographing, and every other means of recording upon any tan-
16  gible thing and form of communicating or representation, including letters, words, pictures,
17  sounds or symbols, or combinations of any or all of them. and includes the original or a copy
18  of handwriting, typewriting, printing, photostating, photocopying, photographing, and every
19  other means of recording upon any tangible thing and form of communicating or represen-
20  tation, including letters, words, pictures, sounds or symbols, e-mail, hard drives, floppy disks
21  or other electronic recording method or combinations of any or all of them.

22      The term **SERVICER FILE** means and refers to any and all files kept in the normal
23  course of business by **YOU**, as defined hereinabove, during the time period beginning when
24  GMAC began servicing the note on behalf of the Bank of New York up to and including the
25  present time.

26

1    The word **ADDRESS** means the street address, including city, state, and zip code.

2    The term **COMMUNICATION** means and refers to any transmission, transfer, con-

3    veyance or exchange of meaning or information, opinions, questions, or comments or any

4    kind, in any manner, at any time or place and under any circumstances, whether by spoken or

5    written language or other means or transmission or conveyance.

6    The term **ENTITY** means and refers to any firm, sole proprietorship, corporation,

7    limited partnership, general partnership, association, joint venture, business organization or

8    governmental unit, agency, department or division.

9    The term **DEED OF TRUST** means Deed of Trust No. 15070373 which was entered

10   into between the plaintiff and CJ Mortgage on June 27, 2005.

11   In preparing your responses, you are required to provide all information known

12   to you, available to you, or discoverable through the exercise of reasonable diligence, from

13   information in the possession of you, your employees, agents, representatives, and inves-

14   tigators.  If you cannot respond in full after exercising due diligence, you must state the rea-

15   sons for your inability to completely respond and providing whatever information you have

16

17   DATED: May **20**, 2015                    _____

18                                                        **ALAN MOSS**

19                                                        Attorney In Pro Per

20

21

22

23

24

25

26

*IN RE RESCAP*
**Action No. 12-12020**

## ATTACHMENT A

**CLAIMANT'S REQUESTS FOR ADMISSIONS–SET ONE TO DEBTOR RESCAP**

**EACH OF THE FOLLOWING FACTS ARE TRUE:**

1. At no time did **YOU** instruct Executive Trustee Services, LLC to issue a Notice of Default as against the **PROPERTY**.

2. At no time did **YOU** instruct Executive Trustee Services, Inc. to issue a Notice of Default as against the **PROPERTY**.

3. At no time did **YOU** instruct ETS Services, LLC to issue a Notice of Default as against the **PROPERTY**.

4. **YOU** do not have in **YOUR** possession any **DOCUMENT** in which Executive Trustee Services, LLC was instructed to issue a Notice of Default as against the **PROPERTY**.

5. **YOU** do not have in **YOUR** possession any **DOCUMENT** in which Executive Trustee Services, INC. was instructed to issue a Notice of Default as against the **PROPERTY**.

6. **YOU** do not have in **YOUR** possession any **DOCUMENT** in which ETS Services, LLC was instructed to issue a Notice of Default as against the **PROPERTY**.

7. At no time did **YOU** instruct Executive Trustee Services, LLC to issue a Notice of Trustee Sale as against the **PROPERTY**.

8. At no time did **YOU** instruct Executive Trustee Services, Inc. to issue a Notice of Trustee Sale as against the **PROPERTY**.

9. At no time did **YOU** instruct ETS Services, LLC to issue a Notice of Trustee Sale as against the **PROPERTY**.

10. **YOU** do not have in **YOUR** possession any **DOCUMENT** in which Executive Trustee Services, LLC was instructed to issue a Notice of Trustee Sale as against the **PROPERTY**.

11. **YOU** do not have in **YOUR** possession any **DOCUMENT** in which Executive Trustee Services, INC. was instructed to issue a Notice of Trustee Sale as against the **PROPERTY**.

12. **YOU** do not have in **YOUR** possession any **DOCUMENT** in which ETS Services, LLC was instructed to issue a Notice of Trustee Sale as against the **PROPERTY**.

13.   Subsequent to September 18, 2007, the only Notice of Trustees Sale that was recorded as to the **PROPERTY** was recorded on or about May 22, 2008.

14.   The Notice of Trustees Sale which was recorded on or about May 22, 2008 did not contain any information regarding efforts to contact the defendant herein to ascertain his financial situation.

15.   On June 13, 2008, the trustee conducting the trustee sale of the property did not announce a continuation of the sale to the exact date of May 7, 2009.

16.   On June 13, 2008, **YOU** instructed the trustee to cancel the sale of the **PROPERTY.**

17.   At no time did **YOU** substitute a new trustee pursuant to Deed of Trust No. 15070373.

18.   **YOU** were not a beneficiary pursuant to Deed of Trust No. 15070373 on or before September 20, 2006.

19.   On May 7, 2009, Executive Trustee Services was not the trustee of Deed of Trust No. 15070373.

20.   On May 7, 2009, Executive Trustee Services, LLC was not the trustee of Deed of Trust No. 15070373.

21.   On May 7, 2009, ETS Services, LLC was not the trustee of Deed of Trust No. 15070373.

1    <u>**PROOF OF SERVICE**</u>

2

3    **COURT:    UNITED STATES BANKRUPTCY COURT IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK**

4    **CASE NAME:** *IN RE RESCAP, LLC ET AL.*

5    **ACTION NO.: ACTION NO. 12-12020**

6        I am employed in the County of San Francisco, California. I am over the age of 18 and not a party to the within action. On this date, I served the foregoing document(s)
7    described as:

8        **CLAIMANT'S REQUESTS FOR ADMISSION SET ONE TO DEBTOR RESCAP**

9    on the party(ies) set out in said document by causing a true copy thereof to be:

10   [  ]        Telecopied via facsimile to the addressee's facsimile number listed below per CRC 2008(b).

11   [  ]        Telecopied via facsimile to the addressee's telephone number listed below, and thereafter mailed according to the procedures set forth immediately
12            hereinbelow.

     [  ]        By U.S. mail, by placing said document(s) in a sealed envelope with first class
13            postage thereon fully prepaid, and then placed in the designated office area for outgoing mail.

14   [  ]        By U.S. mail, Return Receipt Requested, by placing said document(s) in a sealed envelope with appropriate postage thereon fully prepaid and then placed
15            in the designated office area for outgoing mail.

     [  ]        Delivered by hand to the person or person's office set forth below, or by
16            handing said document in a sealed envelope to a messenger service for delivery as addressed.

17   [  ]        Sent via Priority overnight mailing, by handing said document in a sealed envelope to an agent for the USPS for overnight delivery.

18
     and if mailed, addressed as follows and sent to the following address(es):
19
     Jessica Arett, Esq.
20   MORRISON & FOERSTER
     250 West 55th Street
21   New York NY 10019

22        I declare under penalty of perjury under the laws of the State of California that
     the foregoing is true and correct.
23
          Executed this ____ day of May, 2015, at San Francisco, California.
24

25        _____

26

1  Alan Moss
   In Pro Per
2  P.O. Box 721
   Moss Beach CA 94038
3  Telephone: (415)494-8314
   Facsimile:   (650)728-0738
4
   In Propria Personum
5

6

7

8              IN THE UNITED STATES BANKRUPTCY COURT

9            IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

10

11

12  IN RE                          )
                                   )   BANKRUPTCY CASE NO. 12-12020-MG
13                                 )   CHAPTER 11
                                   )
14                                 )   Jointly Administered
    RESIDENTIAL CAPITAL LLC,       )   (Executive Trustee Services, Case No. 12-
15                                 )   12028)
                                   )
16                                 )   [Claim No. 4445]
                                   )
17                                 )
                                   )   **CREDITOR ALAN MOSS'**
18                 Debtors.        )   **INTERROGATORIES TO DEBTOR**
                                   )   **SET ONE**
19

20  **PROPOUNDING PARTY:**     **CLAIMANT ALAN MOSS**

21  **RESPONDING PARTY:**      **DEBTOR EXECUTIVE TRUSTEE SERVICES, LLC** *AKA* **EXECUTIVE**

22                             **TRUSTEE SERVICES, INC.** *AKA* **ETS SERVICES LLC(HEREINAFTER**

23                             **REFERRED TO S "ETS")**

24  **DISCOVERY DOCUMENT:**    **INTERROGATORIES**

25  **SET NUMBER:**            **ONE(1)**

26

1

2     Plaintiff hereby demands, pursuant to FRCP 33, that you answer the following

3     interrogatories, within thirty(30) days from the date of service hereof.

4     Please note that all words that are in bold and capitalized letters are specifically

5     defined for purposes of these interrogatories.

6     In preparing your responses, you are required to provide not only all information

7     known to you, but also information that is available to you, or discoverable through the exercise of

8     reasonable diligence, from information in the possession of you, your employees, agents,

9     representatives, and investigators.

10     If you cannot respond in full after exercising due diligence, you must state the reasons

11     for your inability to completely respond and providing whatever information you have.  These

12     requests are to be deemed continuing, requiring you to submit by way of supple-mental answer any

13     additional response and future information that may become known to you or your attorney prior to

14     trial of this action.  The responses should include all information known up to the date of their

15     verification.

16

17

18                              **DEFINITIONS**

19     The word **YOU** or **YOUR** means **EXECUTIVE TRUSTEE SERVICES, LLC,**

20     **EXECUTIVE TRUSTEE SERVICES INC.** ,and **ETS Services LLC** and including any and

21     all of its sub-corporations and subsidiaries, the party to whom these interrogatories are

22     directed, and includes its agents, its employees, its insurance company(ies), their agents, their

23     employees, its attorneys, its accountants, its investigators, and anyone else acting on its behalf.

24     The word **INCIDENT** includes the circumstances and events surrounding the action

25     filed by claimant in San Mateo County California, Action No. 505386, entitled *Moss vs.*

26

1   *Executive Trustee Services et al.* and the alleged sale of plaintiff's property where ETS acted

2   as trustee.

3       The phrase **YOU OR YOUR OR ANYONE ACTING ON YOUR BEHALF**

4   includes you, your sub-corporations, your subsidiaries, your agents, your employees, your

5   insurance company(ies), their agents, their employees, your attorneys, your accountants, your

6   investigators, and anyone else acting on your behalf.

7       The word **PERSON** includes natural persons, employees, firms, associations, organi-

8   zations, partnerships, businesses, trusts, corporations, or public entities.

9       The term **IDENTIFY** or **IDENTIFIED** means the name of the person or other entity

10   as contained in the definition of **PERSON** hereinabove, and his or her address and telephone

11   number, and email address.

12       The term **PROPERTY** means 86 San Lucas, Moss Beach CA 94038.

13       The word **DOCUMENT** means a writing, as defined in FRCP 34(a) and Federal Rules

14   of Evidence 1001, and includes the original or a copy of handwriting, typewriting, printing,

15   photostating, photocopying, photographing, and every other means of recording upon any tan-

16   gible thing and form of communicating or representation, including letters, words, pictures,

17   sounds or symbols, or combinations of any or all of them. and includes the original or a copy

18   of handwriting, typewriting, printing, photostating, photocopying, photographing, and every

19   other means of recording upon any tangible thing and form of communicating or represen-

20   tation, including letters, words, pictures, sounds or symbols, e-mail, hard drives, floppy disks

21   or other electronic recording method or combinations of any or all of them.

22       The term **SERVICER FILE** means and refers to any and all files kept in the normal

23   course of business by **YOU**, as defined hereinabove, during the time period beginning when

24   GMAC began servicing the note on behalf of the Bank of New York up to and including the

25   present time.

26

1   The word **ADDRESS** means the street address, including city, state, and zip code.

2   The term **COMMUNICATION** means and refers to any transmission, transfer, con-
3   veyance or exchange of meaning or information, opinions, questions, or comments or any
4   kind, in any manner, at any time or place and under any circumstances, whether by spoken or
5   written language or other means or transmission or conveyance.

6   The term **ENTITY** means and refers to any firm, sole proprietorship, corporation,
7   limited partnership, general partnership, association, joint venture, business organization or
8   governmental unit, agency, department or division.       .

9   The term **DEED OF TRUST** means Deed of Trust No. 15070373 which was entered
10  into between the plaintiff and CJ Mortgage on June 27, 2005.

11  In preparing your responses, you are required to provide all information known
12  to you, available to you, or discoverable through the exercise of reasonable diligence, from
13  information in the possession of you, your employees, agents, representatives, and inves-
14  tigators. If you cannot respond in full after exercising due diligence, you must state the rea-
15  sons for your inability to completely respond and providing whatever information you have

16

17                                **INTERROGATORIES**

18  **INTERROGATORY NO. 1:**

19  If **YOU** response to each of the Requests For Admission Set One, served on **YOU**
20  concurrently herewith, are other than an unqualified affirmative, state each and every fact
21  upon which **YOU** relied in denying said Request For Admission.

22

23  DATED: May 10, 2015

24                                          **ALAN MOSS**

25                                          Attorney In Pro Per

26

1

## PROOF OF SERVICE

2

**COURT:**    UNITED STATES BANKRUPTCY COURT IN AND FOR THE
3    SOUTHERN DISTRICT OF NEW YORK

4    **CASE NAME:** *IN RE RESCAP, LLC ET AL.*

5    **ACTION NO.:** ACTION NO. 12-12020

6            I am employed in the County of San Francisco, California.  I am over the age
of 18 and not a party to the within action.  On this date, I served the foregoing document(s)
7    described as:

8                 **Claimant's Interrogatories to Debtor ETS**

9    on the party(ies) set out in said document by causing a true copy thereof to be:

10    [   ]        Telecopied via facsimile to the addressee's facsimile number listed below per
                  CRC 2008(b).

11    [   ]        Telecopied via facsimile to the addressee's telephone number listed below, and
                  thereafter mailed according to the procedures set forth immediately
12                hereinbelow.

13    [   ]        By U.S. mail, by placing said document(s) in a sealed envelope with first class
                  postage thereon fully prepaid, and then placed in the designated office area for
                  outgoing mail.

14    [   ]        By U.S. mail, Return Receipt Requested, by placing said document(s) in a
                  sealed envelope with appropriate postage thereon fully prepaid and then placed
15                in the designated office area for outgoing mail.

16    [   ]        Delivered by hand to the person or person's office set forth below, or by
                  handing said document in a sealed envelope to a messenger service for delivery
                  as addressed.

17    [   ]        Sent via Priority overnight mailing, by handing said document in a sealed
                  envelope to an agent for the USPS for overnight delivery.

18
and if mailed, addressed as follows and sent to the following address(es):
19
Jessica Arett, Esq.
20    MORRISON & FOERSTER
250 West 55th Street
21    New York NY 10019

22            I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.
23
            Executed this _____ day of May, 2015, at San Francisco, California.
24

25    _____

26

1    Alan Moss
     In Pro Per
2    P.O. Box 721
     Moss Beach CA 94038
3    Telephone: (415)494-8314
     Facsimile:   (650)728-0738
4
     In Propria Personum
5

6

7

8                    IN THE UNITED STATES BANKRUPTCY COURT

9                IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

10

11

12   IN RE                          )
                                    )   BANKRUPTCY CASE NO. 12-12020-MG
13                                  )   CHAPTER 11
                                    )
14                                  )   Jointly Administered
     RESIDENTIAL CAPITAL LLC,       )   (Executive Trustee Services, Case No. 12-
15                                  )   12028)
                                    )
16                                  )   [Claim No. 4445]
                                    )
17                                  )
                                    )   **CREDITOR ALAN MOSS'**
18                      Debtors.    )   **INTERROGATORIES TO DEBTOR**
                                    )   **SET ONE**
19   _____)

20   **PROPOUNDING PARTY:**     **CLAIMANT ALAN MOSS**

21   **RESPONDING PARTY:**      **DEBTOR RESCAP**

22   **DISCOVERY DOCUMENT:**    **INTERROGATORIES**

23   **SET NUMBER:**            **ONE(1)**

24

25              Plaintiff hereby demands, pursuant to FRCP 33, that you answer the following

26

CLAIMANT'S INTERROGATORIES
TO DEBTOR RESCAP SET ONE                                    Action No. 12-12020

1  interrogatories, within thirty(30) days from the date of service hereof.

2      Please note that all words that are in bold and capitalized letters are specifically
3  defined for purposes of these interrogatories.

4      In preparing your responses, you are required to provide not only all information
5  known to you, but also information that is available to you, or discoverable through the exercise of
6  reasonable diligence, from information in the possession of you, your employees, agents,
7  representatives, and investigators.

8      If you cannot respond in full after exercising due diligence, you must state the reasons
9  for your inability to completely respond and providing whatever information you have. These
10  requests are to be deemed continuing, requiring you to submit by way of supple-mental answer any
11  additional response and future information that may become known to you or your attorney prior to
12  trial of this action. The responses should include all information known up to the date of their
13  verification.

14

15

16                    **<u>DEFINITIONS</u>**

17      The word **YOU** or **YOUR** means **RESIDENTIAL CAPITAL, LLC, GMAC**
18  **MORTGAGE LLC, ALLY FINANCIAL**, and including any and all of its sub-corporations
19  and subsidiaries, the party to whom these interrogatories are directed, and in-cludes its agents,
20  its employees, its insurance company(ies), their agents, their employees, its attorneys, its
21  accountants, its investigators, and anyone else acting on its behalf.

22      The word **INCIDENT** includes the circumstances and events surrounding the action
23  filed by claimant in San Mateo County California, Action No. 505386, entitled *Moss vs.*
24  *Executive Trustee Services et al.* and the alleged sale of plaintiff's property where ETS acted
25  as trustee.

26

---

1    The phrase **YOU OR YOUR OR ANYONE ACTING ON YOUR BEHALF**
2 includes you, your sub-corporations, your subsidiaries, your agents, your employees, your
3 insurance company(ies), their agents, their employees, your attorneys, your accountants, your
4 investigators, and anyone else acting on your behalf.

5    The word **PERSON** includes natural persons, employees, firms, associations, organi-
6 zations, partnerships, businesses, trusts, corporations, or public entities.

7    The term **IDENTIFY** or **IDENTIFIED** means the name of the person or other entity
8 as contained in the definition of **PERSON** hereinabove, and his or her address and telephone
9 number, and email address.

10    The term **PROPERTY** means 86 San Lucas, Moss Beach CA 94038.

11    The word **DOCUMENT** means a writing, as defined in FRCP 34(a) and Federal Rules
12 of Evidence 1001, and includes the original or a copy of handwriting, typewriting, printing,
13 photostating, photocopying, photographing, and every other means of recording upon any tan-
14 gible thing and form of communicating or representation, including letters, words, pictures.
15 sounds or symbols, or combinations of any or all of them. and includes the original or a copy
16 of handwriting, typewriting, printing, photostating, photocopying, photographing, and every
17 other means of recording upon any tangible thing and form of communicating or represen-
18 tation, including letters, words, pictures, sounds or symbols, e-mail, hard drives, floppy disks
19 or other electronic recording method or combinations of any or all of them.

20    The term **SERVICER FILE** means and refers to any and all files kept in the normal
21 course of business by **YOU**, as defined hereinabove, during the time period beginning when
22 GMAC began servicing the note on behalf of the Bank of New York up to and including the
23 present time.

24    The word **ADDRESS** means the street address, including city, state, and zip code.

25    The term **COMMUNICATION** means and refers to any transmission, transfer, con-

26

1    veyance or exchange of meaning or information, opinions, questions, or comments or any

2    kind, in any manner, at any time or place and under any circumstances, whether by spoken or

3    written language or other means or transmission or conveyance.

4        The term **ENTITY** means and refers to any firm, sole proprietorship, corporation,

5    limited partnership, general partnership, association, joint venture, business organization or

6    governmental unit, agency, department or division.

7        The term **DEED OF TRUST** means Deed of Trust No. 15070373 which was entered

8    into between the plaintiff and CJ Mortgage on June 27, 2005.

9        In preparing your responses, you are required to provide all information known

10    to you, available to you, or discoverable through the exercise of reasonable diligence, from

11    information in the possession of you, your employees, agents, representatives, and inves-

12    tigators. If you cannot respond in full after exercising due diligence, you must state the rea-

13    sons for your inability to completely respond and providing whatever information you have

14

15                        **INTERROGATORIES**

16    **Interrogatory No. 1:**

17        If **YOUR** response to each of the Requests For Admission Set One, served on **YOU**

18    concurrently herewith, are other than an unqualified affirmative, state each and every fact

19    upon which **YOU** relied in denying said Request For Admission.

20

21    DATED: May ___, 2015

22                            **ALAN MOSS**

23                         Attorney In Pro Per

24

25

26

1

## PROOF OF SERVICE

2

**COURT:**   UNITED STATES BANKRUPTCY COURT IN AND FOR THE
3   SOUTHERN DISTRICT OF NEW YORK

4   **CASE NAME:** *IN RE RESCAP, LLC ET AL.*

5   **ACTION NO.:** ACTION NO. 12-12020

6          I am employed in the County of San Francisco, California.  I am over the age
of 18 and not a party to the within action.  On this date, I served the foregoing document(s)
7   described as:

8          **Claimant's INterrogatories to Debtor ResCap**   .

9   on the party(ies) set out in said document by causing a true copy thereof to be:

10   [   ]      Telecopied via facsimile to the addressee's facsimile number listed below per
CRC 2008(b).
11   [   ]      Telecopied via facsimile to the addressee's telephone number listed below, and
thereafter mailed according to the procedures set forth immediately
12          hereinbelow.
[   ]      By U.S. mail, by placing said document(s) in a sealed envelope with first class
13          postage thereon fully prepaid, and then placed in the designated office area for
outgoing mail.
14   [   ]      By U.S. mail, Return Receipt Requested, by placing said document(s) in a
sealed envelope with appropriate postage thereon fully prepaid and then placed
15          in the designated office area for outgoing mail.
[   ]      Delivered by hand to the person or person's office set forth below, or by
16          handing said document in a sealed envelope to a messenger service for delivery
as addressed.
17   [   ]      Sent via Priority overnight mailing, by handing said document in a sealed
envelope to an agent for the USPS for overnight delivery.
18
and if mailed, addressed as follows and sent to the following address(es):
19
Jessica Arett, Esq.
20   MORRISON & FOERSTER
250 West 55th Street
21   New York NY 10019

22          I declare under penalty of perjury under the laws of the State of California that
the foregoing is true and correct.
23
        Executed this 10 nd day of May, 2015 at San Francisco, California.
24

25   _____

26

PROOF OF SERVICE

COURT:       UNITED STATES BANKRUPTCY COURT IN AND FOR THE SOUTHERN DISTRICT OF NEW YORK

CASE NAME: In Re ResCap, LLC et al.

ACTION NO.: Action No. 12-12020

        I am employed in the County of San Francisco, California. I am over the age of 18 and not a party to the within action. On this date, I served the foregoing document(s) described as:

        Claimant's Opposition to Debtors Objection To Amended Claim; Declaration of Alan Moss In Support of Opposition

on the party(ies) set out in said document by causing a true copy thereof to be:

[X]    Sent via e-mail to the address listed below.

[ ]    Telecopied via facsimile to the addressee's telephone number listed below, and thereafter mailed according to the procedures set forth immediately hereinbelow.

[ ]    By U.S. mail, by placing said document(s) in a sealed envelope with first class postage thereon fully prepaid, and then placed in the designated office area for outgoing mail.

[ ]    By U.S. mail, Return Receipt Requested, by placing said document(s) in a sealed envelope with appropriate postage thereon fully prepaid and then placed in the designated office area for outgoing mail.

[ ]    Delivered by hand to the person or person's office set forth below, or by handing said document in a sealed envelope to a messenger service for delivery as addressed.

[ ]    Sent via Priority overnight mailing, by handing said document in a sealed envelope to an agent for the USPS for overnight delivery.

and if mailed, addressed as follows and sent to the following address(es):

Jessica Arett, Esq.[jarett@mofo.com]
MORRISON & FOERSTER
250 West 55th Street
New York NY 10019

        I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

        Executed this ___ day of , 2015, at San Francisco, California.

C:\Users\Owner\Desktop\ETS BK\Pleadings\RESP0NSE TO OBJECTION TO AMENDED CLAIM.wpd