**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| | ) | |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| | ) | |
| Debtors. | ) | Jointly Administered |
| | ) | |

# ORDER GRANTING RESCAP BORROWER CLAIMS TRUST'S EIGHTY-FIFTH OMNIBUS OBJECTION TO CLAIMS ((I) NO LIABILITY BORROWER CLAIMS, (II) REDUNDANT BORROWER CLAIMS, AND (III) MISCLASSIFIED BORROWER CLAIMS) AS TO CLAIM 6272 FILED BY THOMAS G. AND CATHERINE D. COOPER

Upon the eighty-fifth omnibus objection to claims (the "Objection")[1] of the ResCap Borrower Claims Trust (the "Trust"), established pursuant to the terms of the confirmed Plan filed in the above-referenced Chapter 11 cases, as successor in interest to the Debtors with regard to Borrower Claim matters, seeking entry of an order, pursuant to section 502(b) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 3007(d) of the Federal Rules of Bankruptcy Procedure, and this Court's order approving procedures for the filing of omnibus objections to proofs of claim [Docket No. 3294] (the "Procedures Order"), disallowing and expunging, among others, claim number 6272 filed by Thomas G. and Catherine D. Cooper (the "Claim"), all as more fully described in the Objection; and it appearing that this Court has jurisdiction to consider the Objection pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Objection and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Objection having been provided, and it appearing that no other or

---

[1] Capitalized terms used herein and not otherwise defined herein shall have the meanings ascribed to such terms in the Objection.

further notice need be provided; upon consideration of the Objection and the *Declaration of David Cunningham in Support of the ResCap Borrower Claims Trust's Eighty-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Redundant Borrower Claims, and (III) Misclassified Borrower Claims)* annexed thereto as Exhibit 2, and the *Declaration of Norman S. Rosenbaum in Support of the ResCap Borrower Claims Trust's Eighty-Fifth Omnibus Objection to Claims ((I) No Liability Borrower Claims, (II) Redundant Borrower Claims, and (III) Misclassified Borrower Claims)*, annexed thereto as Exhibit 3; and for the reasons stated on the record at the hearing held on June 4, 2015; and the Court having found and determined that the relief sought in the Objection is in the best interests of the Trust, the Trust's constituents, the Debtors, and other parties in interest and that the legal and factual bases set forth in the Objection establish just cause for the relief granted herein; and the Court having determined that the Objection complies with the Borrower Claim Procedures set forth in the Procedures Order; and after due deliberation and sufficient cause appearing therefor, it is

ORDED that the relief requested in the Objection is granted to the extent provided herein; and it is further

ORDERED that pursuant to section 502(b) of the Bankruptcy Code, the Claim is hereby disallowed and expunged with prejudice; and it is further

ORDERED that Kurtzman Carson Consultants LLC, the Debtors' claims and noticing agent, is directed to disallow and expunge the Claim so that it is no longer maintained on the Claims Register; and it is further

ORDERED that claim number 6270 will remain on the Claims Register and is neither allowed nor disallowed at this time; and it is further

ORDERED that the Trust is authorized and empowered to take all actions as may be necessary and appropriate to implement the terms of this Order; and it is further

ORDERED that notice of the Objection, as provided therein, shall be deemed good and sufficient notice of such objection, and the requirements of Bankruptcy Rule 3007(a), the Case Management Procedures entered on May 23, 2012 [Docket No. 141], the Procedures Order, and the Local Bankruptcy Rules of this Court are satisfied by such notice; and it is further

ORDERED that this Order shall be a final order with respect to the Claim as if it had been objected to individually; and it is further

ORDERED that this Court shall retain jurisdiction to hear and determine all matters arising from or related to this Order.

Dated: June 5, 2015
      New York, New York

                                         **/s/Martin Glenn**
                                         MARTIN GLENN
                              United States Bankruptcy Judge