**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al*., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**ORDER SUSTAINING THE RESCAP BORROWER CLAIMS TRUST'S OBJECTION TO CLAIM NUMBER 4418 FILED BY DAVID CRUZ JR.**

Pending before the Court is the ResCap Borrower Claims Trust's (the "Trust") objection (the "Objection," ECF Doc. # 8529) to Claim Number 4418 (the "Claim," ECF Doc. # 8529-4) filed by David Cruz Jr. ("Cruz"). The Objection is supported by the declarations of Kathy Priore (the "Priore Declaration," ECF Doc. # 8529-3), Norman S. Rosenbaum (the "Rosenbaum Declaration," ECF Doc. # 8529-8), and David Cunningham (the "Cunningham Declaration," ECF Doc. # 8681). Cruz did not file an opposition to the Objection. The Court held a hearing on June 4, 2015 (the "Hearing") and took the Objection to the Claim under submission. This Order **SUSTAINS** the Objection with respect to Cruz's Claim.

**A. Cruz's Loan History**

Cruz obtained a $316,000 home mortgage loan (the "Loan") from GMAC Mortgage, LLC d/b/a ditech.com ("GMACM") on June 8, 2007. (Obj. ¶ 13.) The Loan was evidenced by a note (the "Note," Priore Decl. Ex. B), secured by a mortgage (the "Mortgage," *id.* Ex. C) encumbering real property located in Coral Springs, Florida (the "Property"). (Obj. ¶ 13.) According to the Trust, GMACM transferred the Loan to the Federal National Mortgage Association ("Fannie Mae") in August 2007. (*See id.*; Claim Ex. J2.) GMACM serviced the Loan from origination until December 1, 2008, when servicing was transferred to non-debtor

Nationstar Mortgage, LLC ("Nationstar"). (*See* "Notice of Transfer of Servicing," Priore Decl. Ex. D).)

According to the Trust, Nationstar sent Cruz a letter dated September 12, 2011, mistakenly identifying GMACM as the owner of the Note at that time. (Obj. ¶ 15 (citing Claim Ex. J2).) In fact, the Loan was never transferred back to GMACM. (Priore Decl. ¶ 9.)

**B. The Florida State Court Action**

On July 14, 2011, Cruz filed a complaint in Florida state court against non-debtors Nationstar, Fannie Mae, and Mortgage Electronic Registration System ("MERS"). (Obj. ¶ 16). On February 8, 2012, Cruz filed an amended complaint (the "Amended Complaint"), adding GMACM as a defendant. (*Id.*) On April 25, 2012, GMACM filed a motion to dismiss the Amended Complaint. (*Id.* ¶ 17.) GMACM filed a notice of bankruptcy in the state court action on May 25, 2012. (*See id.*)

The Amended Complaint was dismissed with leave to amend in July 2012. (*Id.*) On September 10, 2012, Cruz filed a second amended complaint (the "Second Amended Complaint," Claim at 3–26), asserting causes of action against GMACM under (i) the federal Fair Debt Collection Practices Act (the "FDCPA"); (ii) the Florida Consumer Collection Practices Act (the "FCCPA"); and (iii) the Florida Deceptive and Unfair Trade Practices Act (the "FDUTPA") (Obj. ¶ 17).

**C. The Claim**

On November 9, 2012, Cruz timely filed the Claim against GMACM, asserting a general unsecured claim in the amount of $316,000 plus interest and accruals and a contingent amount. (*See* Claim at 2.) The stated basis for the Claim is Cruz's Florida state court action against

GMACM for "mortg[age] fraud." (*See id.*) Cruz attached the Second Amended Complaint filed in the Florida action to the proof of claim. (*See id.* at 3–26.)

**D. The Objection**

The Trust argues that Cruz's FDCPA and FCCPA causes of action are barred by the applicable statutes of limitations for such claims, which are one year and two years, respectively. (*See* Obj. ¶¶ 23–24.) Because the Debtors ceased having any interest in the Loan, as owner or servicer, as of December 2008, the statutes of limitations applicable to Cruz's FDCPA and FCCPA claims expired well before he commenced the Florida state court action in July 2011. (*See id.*)

The Trust further argues that the FDUPTA claim is time-barred to the extent it is premised on allegations relating to GMACM's origination of the Loan because the applicable four-year statute of limitations expired before Cruz commenced his state court action. (*Id.* ¶ 19.) Additionally, the Trust contends that Cruz fails to state a claim under the FDUPTA. First, Cruz's servicing-based allegations are not cognizable under the FDUPTA because servicing of a mortgage loan does not constitute an action taken in the course of "trade or commerce," a necessary element of an FDUPTA claim. (*Id.* ¶ 20.) Second, Cruz's allegations that GMACM withheld the true identity of the Loan owner relate solely to actions taken by Nationstar well after GMACM no longer had any interest in the Loan. (*Id.* ¶ 21.) Accordingly, these allegations fail to establish liability on the part of GMACM. (*Id.*) Finally, Cruz alleges that GMACM clouded "the true identity of [his] named Lender through the use of numerous interchangeable related entities and unclear legal classifications." (*Id.* ¶ 22 (quoting Sec. Am. Compl. ¶ 72).) However, according to the Trust, these allegations are too vague to satisfy the pleading standards of Federal Rule of Civil Procedure 8(a). (*See id.*)

**E. The Objection to the Claim Is Sustained**

Correctly filed proofs of claim "constitute prima facie evidence of the validity and amount of the claim . . . . To overcome this prima facie evidence, an objecting party must come forth with evidence which, if believed, would refute at least one of the allegations essential to the claim." *Sherman v. Novak (In re Reilly)*, 245 B.R. 768, 773 (2d Cir. B.A.P. 2000). By producing "evidence equal in force to the prima facie case," an objector can negate a claim's presumptive legal validity, thereby shifting the burden back to the claimant to "prove by a preponderance of the evidence that under applicable law the claim should be allowed." *Creamer v. Motors Liquidation Co. GUC Trust (In re Motors Liquidation Co.)*, No. 12 Civ. 6074 (RJS), 2013 WL 5549643, at *3 (S.D.N.Y. Sept. 26, 2013) (internal quotation marks omitted). If the objector does not "introduce[] evidence as to the invalidity of the claim or the excessiveness of its amount, the claimant need offer no further proof of the merits of the claim." 4 COLLIER ON BANKRUPTCY ¶ 502.02 (Alan N. Resnick & Henry J. Sommer eds., 16th ed. 2014).

Bankruptcy Code section 502(b)(1) provides that claims may be disallowed if "unenforceable against the debtor and property of the debtor, under any agreement or applicable law." 11 U.S.C. § 502(b)(1). To determine whether a claim is allowable by law, bankruptcy courts look to "applicable nonbankruptcy law." *In re W.R. Grace & Co.*, 346 B.R. 672, 674 (Bankr. D. Del. 2006).

Federal pleading standards apply when assessing the validity of a proof of claim. *See, e.g.*, *In re Residential Capital, LLC*, 518 B.R. 720, 731 (Bankr. S.D.N.Y. 2014); *In re DJK Residential LLC*, 416 B.R. 100, 106 (Bankr. S.D.N.Y. 2009) (citations omitted) ("In determining whether a party has met their burden in connection with a proof of claim, bankruptcy courts have looked to the pleading requirements set forth in the Federal Rules of Civil Procedure.").

Accordingly, Cruz must allege "enough facts to state a claim for relief that is plausible on its face." *Vaughn v. Air Line Pilots Ass'n, Int'l*, 604 F.3d 703, 709 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (citation and internal quotation marks omitted). Plausibility "is not akin to a probability requirement," but rather requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citation and internal quotation marks omitted). The court must accept all factual allegations as true, discounting legal conclusions clothed in factual garb. *See, e.g.*, *id.* at 677–78; *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 124 (2d Cir. 2010) (citing *Iqbal*, 556 U.S. at 678) (stating that a court must "assum[e] all well-pleaded, nonconclusory factual allegations in the complaint to be true"). The court must then determine if these well-pleaded factual allegations state a "plausible claim for relief." *Iqbal*, 556 U.S. at 679 (citation omitted).

Courts do not make plausibility determinations in a vacuum; it is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). A claim is plausible when the factual allegations permit "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citation omitted). "A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). "The pleadings must create the possibility of a right to relief that is more than speculative." *Spool v. World Child Int'l Adoption Agency*, 520 F.3d 178, 183 (2d Cir. 2008) (citation omitted).

Although "[claims] drafted by *pro se* [claimants] are to be construed liberally, [] they must nonetheless be supported by specific and detailed factual allegations sufficient to provide the court and the defendant with 'a fair understanding of what the [claimant] is complaining about and . . . whether there is a legal basis for recovery.'" *Kimber v. GMAC Mortg., LLC (In re Residential Capital, LLC)*, 489 B.R. 489, 494 (Bankr. S.D.N.Y. 2013) (ellipsis in original) (quoting *Iwachiw v. N.Y.C. Bd. of Elections*, 126 F. App'x 27, 29 (2d Cir. 2005)).

The Court finds and concludes that Cruz fails to establish a plausible claim for relief; as a result, the Objection to his Claim is **SUSTAINED**. Cruz's FDCPA and FCCPA claims are time-barred. "[C]laims under the FDCPA must be brought 'within one year from the date on which the violation occurs.'" *Shetiwy v. Midland Credit Mgmt.*, 980 F. Supp. 2d 461, 473 (S.D.N.Y. 2013) (citing 15 U.S.C. § 1692k(d)); *accord Schuh v. Druckman & Sinel, L.L.P.*, 602 F. Supp. 2d 454, 466 (S.D.N.Y. 2009). A claim brought under the FCCPA "must be commenced within 2 years after the date the alleged violation occurred." FLA. STAT. ANN. § 559.77(4) (West 2010). GMACM transferred the Loan to Fannie Mae in August 2007 and servicing rights to Nationstar in December 2008. GMACM's alleged actions supporting Cruz's FDCPA and FCCPA claims occurred more than two years before Cruz filed the state court action in July 2011.

A statute of limitations may be equitably tolled "in extraordinary circumstances, if a plaintiff establishes that: (1) the defendant concealed from him the existence of his cause of action; (2) he remained in ignorance of that cause of action until some length of time within the statutory period before commencement of his action; and (3) his continuing ignorance was not attributable to lack of diligence on his part." *Shetiwy*, 980 F. Supp. 2d at 474 (citation and internal quotation marks omitted). However, Cruz has not submitted an opposition alleging any of the required elements to establish that equitable tolling is warranted.

Cruz's FDUPTA claim is also time-barred to the extent it is based on GMACM's alleged actions in June 2007, including: (i) GMACM's origination of the Loan; (ii) GMACM's failure to disclose that it was "prohibited from making any and all residential loans in California" between June 7 and 15, 2007 (Sec. Am. Compl. ¶ 23); and (iii) GMACM "falsely dat[ing] a servicing transfer notice . . . with the date on which it was again allowed to resume lending and never disclosing same" (*id.* ¶ 70; *see id.* ¶ 13 ("GMAC's signature on the Servicing Disclosure Statement is dated June 15, 2007, not the day of closing for the date on which the Servicing Disclosure Statement would have been obtained")). A four-year statute of limitations applies to claims brought under the FDUPTA. *Marlborough Holdings Grp., Ltd. v. Azimut-Benetti, Spa, Platium Yacht Collection No. Two, Inc.*, 505 F. App'x 899, 906 (11th Cir. 2013) (per curiam) (unpublished decision) (holding that four-year statute of limitations applies to FDUTPA claims and delayed discovery rule is inapplicable to such claims); *see* FLA. STAT. ANN. § 95.11(3)(f) (West 2013). Cruz commenced the Florida state court action in July 2011, more than four years after June 2007.

Additionally, Cruz fails to state a claim under the FDUPTA. To state a claim under the FDUPTA, a plaintiff must allege: "(1) a deceptive act or unfair practice in the course of trade or commerce; (2) causation; and (3) actual damages." *Alhassid v. Bank of Am., N.A.*, Case No. 14-CIV-20484 (BB), __ F. Supp. 3d __, 2014 WL 6480656, at *17 (S.D. Fla. Nov. 17, 2014) (citing *Rollins, Inc. v. Butland*, 951 So. 2d 860, 869 (Fla. Dist. Ct. App. 2006); *KC Leisure, Inc. v. Haber*, 972 So. 2d 1069, 1073 (Fla. Dist. Ct. App. 2008)). "[D]eception occurs if there is a representation, omission, or practice that is likely to mislead the consumer acting reasonably in the circumstances, to the consumer's detriment." *Zlotnick v. Premier Sales Grp., Inc.*, 480 F.3d 1281, 1284 (11th Cir. 2007) (quoting *PNR, Inc. v. Beacon Prop. Mgmt., Inc.*, 842 So. 2d 773,

777 (Fla. 2003)) (internal quotation marks omitted). "This standard requires a showing of 'probable, not possible, deception' that is 'likely to cause injury to a reasonable relying consumer.'" *Id.* (quoting *Millenium Commc'ns & Fulfillment, Inc. v. Office of the Att'y Gen.*, 761 So. 2d 1256, 1263 (Fla. Dist. Ct. App. 2000)). Cruz fails to adequately allege that GMACM engaged in any deceptive or unfair practices. Cruz asserts that GMACM "cloud[ed] the true identity of [his] named Lender through the use of numerous interchangeable related entities and unclear legal classifications." (Sec. Am. Compl. ¶ 72.) However, Cruz does not allege any facts as to what the misrepresentation or omission might have been that would lead a reasonable consumer to act as Cruz did under the circumstances.

*************************************

For the foregoing reasons, the Court **SUSTAINS** the Objection with respect to Cruz's Claim in its entirety and the Claim is hereby **DISALLOWED** and **EXPUNGED**.

**IT IS SO ORDERED.**

Dated: June 10, 2015
New York, New York

_____*Martin Glenn*_______
MARTIN GLENN
United States Bankruptcy Judge