**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|   |   |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

**ORDER GRANTING THE RESCAP LIQUIDATING TRUST'S MOTION
TO FURTHER EXTEND THE DATE BY WHICH OBJECTIONS
TO CLAIMS MUST BE FILED**

Pending before the Court is the *Motion to Further Extend the Date by which Objections to Claims Must Be Filed* (the "Motion," ECF Doc. # 8618).[1] By the Motion, the ResCap Liquidating Trust (the "Liquidating Trust") seeks an order extending the deadline to object to claims to March 15, 2016, an extension of approximately nine months. This extension would apply to the Liquidating Trust and the ResCap Borrower Claims Trust (the "Borrower Trust," and together with the Liquidating Trust, the "Trusts").[2]

Oppositions to the Motion were filed by: (i) Elda M. Thompson and Maria M. Thompson (the "Thompson Objection," ECF Doc. # 8656); (ii) Julio Pichardo (the "Pichardo Objection," ECF Doc. # 8668); (iii) Felix O. Abu (the "Abu Objection," ECF Doc. # 8669); and (iv) Michael E. Boyd (the "Boyd Objection," ECF Doc. # 8670) (collectively, the "Objections"). The Borrower Trust filed a reply in support of the Motion (the "Reply," ECF Doc. # 8684); the Liquidating Trust filed a joinder to the Reply (the "Reply Joinder," ECF Doc. # 8686). The Court held a hearing on June 4, 2015 and took the matter under submission. None of the

---

[1]    The Motion is supported by the declaration of Deanna Horst (the "Horst Declaration," *id.* Ex. 2).

[2]    The Liquidating Trust filed an affidavit of service establishing that all borrowers with outstanding claims were timely served with the Motion. (*See* ECF Doc. # 8633.)

objecting parties appeared at the hearing. This Order **GRANTS** the Motion and further extends the date by which objections to claims must be filed to **March 15, 2016**.

### A.      Background

On May 14, 2012 (the "Petition Date"), each of the Debtors filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code. (Motion ¶ 3.) On August 29, 2012, this Court entered an order (the "Bar Date Order," ECF Doc. # 1309), which established, among other things: (1) November 9, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline to file proofs of claim by virtually all creditors against the Debtors (the "General Bar Date") and prescribed the form and manner for filing proofs of claim; and (2) November 30, 2012 at 5:00 p.m. (Prevailing Eastern Time) as the deadline for governmental units to file proofs of claim (the "Governmental Bar Date" and, together with the General Bar Date, as applicable, the "Bar Date"). (Motion ¶ 5 (citing Bar Date Order ¶¶ 2, 3).) On November 7, 2012, the Court entered an order (ECF Doc. # 2093) extending the General Bar Date to November 16, 2012 at 5:00 p.m. (Prevailing Eastern Time); the Governmental Bar Date was not extended. (Motion ¶ 5.)

On March 21, 2013, the Court entered an order (the "Procedures Order," ECF Doc. # 3294), authorizing the Debtors to file omnibus objections to no more than 150 claims at a time, on various grounds, including those set forth in Bankruptcy Rule 3007(d) and those additional grounds set forth in the Procedures Order. (*See generally id.*) The Procedures Order also includes specific protections for Borrowers,[3] and creates a process for the Debtors (and now the Borrower Trust) to follow before objecting to certain categories of Borrower Claims.[4]

---

[3]      Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the *Second Amended Joint Chapter 11 Plan Proposed by Residential Capital, LLC et al. and the Official Committee of Unsecured Creditors* (the "Plan," ECF Doc. # 6065-1).

(Footnote continues on next page.)

2

On December 11, 2013, the Court entered an order confirming the Plan (the "Confirmation Order," ECF Doc. # 6065). The Plan became effective on December 17, 2013 (the "Effective Date") and the Trusts were established. (*See* ECF Doc. # 6137.) The two Trusts were established to wind down the affairs of the Debtors (Motion ¶ 6 (citing Plan art. VI).), resolve Claims, and make distributions. Distributions are to be made on account of the Allowed Borrower Claims from a fund transferred to the Borrower Trust under the Plan. (*Id.* (citing Plan art. IV.F).)

When the Liquidating Trust filed the Motion, 7,488 proofs of claim (collectively, the "Claims") had been filed against the Debtors' estates, alleging over $110 billion in liabilities (plus unliquidated amounts). (*Id.* at ¶ 9.) The Claims consist of: (i) approximately 3,042 Borrower Claims with asserted liabilities of approximately $15.5 billion (plus unliquidated amounts); and (ii) approximately 4,446 Non-Borrower Claims with asserted liabilities of approximately $94.5 billion (plus unliquidated amounts). (*Id.*) Approximately 6,189 additional unsecured, secured, priority, and administrative claims were identified in the Debtors' schedules, including contingent, unliquidated, and disputed claims. (*Id.*)

### B. The Motion

The Plan originally granted the Trusts 270 days after the Effective Date to object to claims, or alternatively, any later date set by the Court following a motion from the Liquidating Trust (the "Claims Objection Deadline"). (*See* Plan art. I.A.54.) Accordingly, the Claims Objection Deadline was initially September 15, 2014. (Motion ¶ 10.) On August 26, 2014, the

---

(Footnote continued from previous page.)

[4] For example, the Borrower Claim Procedures require that before objecting to certain Borrower Claims, the Trust must send the Borrower a letter (a "Request Letter") requesting additional documentation in support of the purported claim. (*See* Procedures Order at 4.)

Court entered an order (the "Claims Objection Deadline Order," ECF Doc. # 7445) extending the Claims Objection Deadline through and including June 15, 2015. (Motion ¶ 10.) The Claims Objection Deadline Order provided that "[t]he Trusts may seek further extensions of time to file objections for good cause shown." (Claims Obj. Deadline Order ¶ 5.) The Liquidating Trust, for itself and the Borrower Trust, now seeks a nine-month extension of the Claims Objection Deadline to March 15, 2016. (Motion ¶ 11.)

As of the filing of the Motion, the Debtors and the Trusts successfully filed and prosecuted 82 omnibus claims objections and approximately 41 individual claims objections, resulting in the expungement of approximately 3,897 Claims, consisting of more than (1) $399.3 million in administrative expense claims; (2) $16.7 billion in priority claims; (3) $13.6 billion in secured claims; and (4) $14.8 billion in general unsecured claims. (*Id.* ¶ 14.) Through negotiations and informal objections, the Debtors and the Trusts have also resolved or effectuated the withdrawal of approximately 2,933 Claims, consisting of more than (i) $6.0 million in administrative expense claims; (ii) $1.0 billion in priority claims; (iii) $2.5 billion in secured claims; and (iv) $60.2 billion in general unsecured claims. (*Id.*) In total, approximately 91.2% of the Claims have been expunged, resolved, or withdrawn. (*Id.*) 2,703 Borrower Claims with asserted liabilities of approximately $14.9 billion have been resolved, expunged, or withdrawn. (*Id.*) 4,127 Non-Borrower Claims with asserted liabilities of approximately $94.3 billion have been resolved, expunged, or withdrawn. (*Id.*)

Approximately 657 unresolved Claims (including duplicative Claims against multiple Debtors) remain, consisting of approximately (a) $0.6 million in administrative expense claims; (b) $453.2 million in priority claims; (c) $16.1 million in secured claims; (d) $338.2 million in general unsecured claims; and (e) 264 unliquidated claims (the "Unresolved Claims"). (*Id.* ¶ 16.)

4

The Unresolved Claims include approximately 338 Borrower Claims with asserted liabilities of approximately $554.6 million and approximately 319 Non-Borrower Claims with asserted liabilities of approximately $253.5 million.  (*Id.*)

### C.    The Objections

The Objections generally convey the objecting parties' frustration with the delay of the claims reconciliation process and their concerns of potential prejudice they may suffer in light of an extended Claims Objection Deadline.  Although their frustration is understandable, the Objections fail to present this Court with legal bases upon which the Motion should be denied.[5]  The Debtors (and now the Trusts) have been diligently and expeditiously attempting to resolve the numerous claims filed in these chapter 11 cases; however, additional time is warranted to resolve the remaining Unresolved Claims.

### D.    The Motion Is Granted

Federal Rule of Bankruptcy Procedure 9006(b)(1) provides that a court may extend deadlines "for cause shown" at the court's discretion, so long as an extension request is made before expiration of the original deadline. FED. R. BANKR. P. 9006(b)(1).  In support of the relief requested in the Motion, the Liquidating Trust cites earlier cases where this Court has granted extensions of claims objection deadlines.  (*Id.* ¶ 19 (citing this Court's previous orders in *In re General Maritime Corp.*, Case No. 11-15285 (Bankr. S.D.N.Y. Feb. 6, 2015) (granting request to extend claims objection deadline by 35 months from plan effective date), and *In re BGI, Inc.*, Case No. 11-10614 (Bankr. S.D.N.Y. Sept. 16, 2014) (granting request to extend claims objection deadline by 38 months from plan effective date).)

---

[5]    The Borrower Trust has already objected to the claims filed by the Thompsons and Pichardo, making the Thompson Objection and the Pichardo Objection moot.

5

Here, cause exists as the Trusts diligently and consistently continue to pursue claim reconciliation. The Trusts require more time to assess and to resolve the remaining Unresolved Claims. (*See* Motion ¶ 16.) Further, allowing more time for the Trusts to expunge, reduce, or negotiate claims benefits all creditors with valid claims by reducing the number of claimants drawing from the recovery pool. (*See id.* ¶ 17.)

The Court finds and concludes that the relief sought by the Trusts is reasonable in light of the volume and complexity of the Unresolved Claims filed against the Debtors in these cases.

****************************************

For the foregoing reasons, the Court **OVERRULES** the Objections and **GRANTS** the Motion.

**IT IS SO ORDERED.**

Dated:   June 10, 2015
         New York, New York

                                                   **/s/Martin Glenn**
                                                   MARTIN GLENN
                                       United States Bankruptcy Judge