*UNITED STATES BANKRUPTCY COURT*
*SOUTHERN DISTRICT OF NEW YORK*
*ONE BOWLING GREEN*
*NEW YORK, N.Y. 004-1408*

*6/4/2015*

*TO: CLERK'S OFFICE*
*RE: DISPUTED FACTUAL EVIDENCE.*

*ENCLOSED PLEASE FIND DISPUTED FACTUAL EVIDENCE TO SUPPORT MY PROOF OF CLAIM #452.*
*PLEASE BE ADIVSED THAT I WILL BE CALLING TO SETUP TELEPHONE CONFERENCE FOR JULY 16 AT 10:A.M. PLEASE NOTE I HAVE NUMBERED PERTINENT DOCUMENTS IN RELATION TO OBJECTION TO BE PRESENTED AT HEARING DATE.*
*AT SUCH TIME I WILL BE REF\ERENCING THESE TO SUPPORT CLAIM.*

*AS THE COURT IS DECIDING ON MATTERS RELSTED TO THIS CLAIM ON 6/29/15, I WLL BE MAKING SUCH DOCUMENTS AVAILABLE UPON COURT'S DECISION.*

*THIS DECISION WILL BE MADE IN ADDITION TO DOCUMENTS SENT WHICH ARE NOT AVAILABLE AT THIS TIME, BUT WILL BE SENT AS SOON AS THE COURT MAKES THEM AVAILABLE TO ME*

*PLEASE DOCKET DOCUMENTS.*

*THANK YOU*

*JULIO PICHCARDO.*

JUN  8 2015
U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

Julio Pichardo
1201 E. Sudene Ave
Frllerton Ca 92831

UNITED STATES BANKRUPTCY COURT
SOUTHER DISTRICT OF NEW YORK

Julio Pichardo          )    12-12020
          Creditor      )
Residential capital LLC )
          Debtors       )

### JULIO PICHARDO REQUEST A EVIDENTIARY HEARING ON CLAIM #452.

It is evident that key documents on the Rescap Borrowers Claim Trust are missing the most important evidence regarding this this claim which has been purposely omitted for unknown reasons.

In addition objection has been found to be lacking the must important elements evidence of this claim which proves the fraudulent banking perpetrated by Servicers in this loan.

1- In order to present all evidence as complete as possible, creditor is hereby including an attached file that entails the most important issues of this claim.

2- Creditor declares that debtor's objection fall short of exact date of event and lacks factual details that does not exactly corresponding to this Proof of Claim.

3- Creditor declares that condition was has been aggravated by these action placing me in the hospital shown on herein medical report from Doctor Azzam of how my health deteriorated, a result of foreclosure threats, demand for undue payments, escrow payments sent applied to principal.

4- When Creditor directed debtor to 8/5/09 contract principal reduction debtor proceeded to demand an unsolicited payoff.

5- In addition Creditor requested carried Liens provision declared on contract terms be imposed fees were undue demanded to insert liens already embedded into contract.

6- Existing property liens were calculated in creating principal shown on 8/5/09 contract.

7- Debtor placed creditor's loan in default conveniently unjustifiably when no payment has ever been missed on loan. To debunk default creditor provided certified payment sent.

8- Creditor's documents show purpose in obtaining modification due to creditor's inability obtaining financing as existing liens in contract carried absorbed all home equity.

9- In addition Creditor prefers to make declarations with evidence at requested hearing to rebut rescap objection to this proof of Claim.    Julio Pichardo, _Julio Pichardo_ date _6/1/15_

1  Julio Pichardo
2   1201 E. Sudene Ave
   Fullerton Ca, 92831
3  **In Pro Per**

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

4

5                                    JUN 0 1 2015

6                                    ALAN CARLSON, Clerk of the Court

7           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8                     **COUNTY OF ORANGE**

9          _____CENTRAL_____    **JUSTICE CENTER**

10  In Re the Matter of:              )  Case No.: 30-2012-00581642
                                      )  Assigned for all purposes to:
11    JULIO PICHARDO                  )  The Hno. Frederick P. Aguirre
                              ,       )  Dept: C23
12        Plaintiff / Petitioner,     )  Plaintiff Julio Pichardo's response to
                                      )  defendant's separate statement of
13        vs.                         )  its motion for judgement or alternatively
                                      )  summary judgement adjudication
14    OCWEN LOAN SERVICING LLC        )    date:  September 8, 2015
         Defendant / Respondent       )    Time: 8:30 a.m.
15                                    )    Dept: C23
                                         Action filed: July 6, 2012
16

17     Plaintiff Julio Pichardo presents the following separate statement and fact submitted
18  in evidence showing disputed facts to Ocwen Loan Servicing LLC's motion for
    Summary Judgement or Alternatively Summary Adjudication on Separate Statement
19  submitted pursuant to Code 437 c(b)(3) and Rule of Court 3.1350.
20  FOR SUMMARY JUDGMENT IN FAVOR OF JULIO PICHARDO AND AGAINST
21  DEFENDANT OCWEN LOAN SERVICING LLC DEFENDANT ON FAC & SAC
    AND ON PROPOSED THIRD AMENDED COMPLAINT.
22  Evidenced documents submitted show GMAC advising resolving contract issues by
23  way of more modification applications which never happened.  Plaintiff points to lapsed
24  time of three years before servicer accordingly asserts errors in in documents, contrary
    to attorney general's Consent Order against Ocwen. Plaintiff submits Ocwen's counsel
25  own letter advising more modifications as means to resolve case being  rejected by
26  plaintiff as other provisions are being breached using unlawful banking tactics in order
27  to obtain goal.  Motion is presently before Court to resolve these serious breaches in
28  provisions and prevent further harm caused by defendant's action.  documents speak
    for themselves, it resulted in aggravating plaintiff's health which placed him in hospital.

1   Defendant retaliated against plaintiff and family by sending person to cause disturbance and
2   harassment at plaintiff's home knocking on door and window ringing doorbell continuously at
3   late hours after 10 p.m under police incident #15-16402 person's Lic. plate number 7ANC593.
    This went on for two weeks reported to police who came to inspect neighborhood area.
4   Counsel sent person caused confrontation at plaintiff's doorstep. person was advised to stop
5   as family had emergency at hospital to no avail. Ocwen sent person was advise of presiding
    judge in this case to address matters in Court to no avail. the following week Ocwen sent
6   another person and we had no choice but to raise incident with police Dept.
7      In regards to defendant's summary judgement plaintiff asks Court rule in plaintiff's favor as
8   all documents show plaintiff addresses all issues with Servicer with no results. In regards of
    the so called error in documents this was never mentioned or addressed until plaintiff saw no
9   results from modification applications as advised by GMAC & this so call error was brought
10  about three years after and this when plaintiff contacted the attorney general's office which
11  referred the matter to CFPB advising plaintiff of to file complaint, as this was a violation of
    Consent order against Ocwen's.  Plaintiff to point Court the very first provision on 8/5/2009
12  modification contract is the provision made for the existing Liens recorded or not requested
13  be listed on the financial analysis doc#3 & #4 of the subject property to be carried as existing
14  giving liens priority on 8/5/09 Modification Contract "Borrowers have requested and lender
    has agreed to carry forward the Liens on the property whether or not created by the Security
15  Instrument. This clear provision was made to calculate $63,272.87 Principal balance shown
16  on 8/5/09 Modification Contract the first priority. Following this Principal balance it proceeded
17  to give details of % rate monthly payment & conditions.  Since plaintiff was aware of issues in
18  Court dealings with banking practices specific clauses were required preventing any party
    from tampering with 8/5/09 modification Contract.  Plaintiff declares that at no time did
19  servicer advise of any document error until complaint filing made. As plaintiff never saw
20  results from Servicers' that more modifications would resolve contract issue plaintiff filed.
21     Plaintiff therefore request Court grant summary judgment in favor of plaintiff as documents
    submitted into evidence before this Court show scope of issues plaintiff is confronting.
22     Finally, 8/5/09 contract was finalized sealing declaration that no representations agreements
23  were made by the other party or any of their representatives other than those representation,
24  agreements or promises specifically contained herein. This agreement, and the note and
    security instrument (as amended hereby) sets forth the entire understanding between the
25  parties.  This provision does not allow for additional agreements, adding, amending, inserts,
26  preventing abuses of any party. as such plaintiff does not yield this contract as it was created
27  to specifically address all issues confronting Plaintiff. Plaintiff requests summary in his favor.
28  This & all court deems just & proper. Respectfully Submitted by; ~~~~~~~~ dated 6/1/15

1  IN RESPONSE TO DEFENDANT'S SUMMARY JUDGMENT PLAINTIFF SUBMITS THE

2  FOLLOWING AS THE CORRECT FACTUAL EVIDENCE.

3  PLAINTIFF SUBMITS DOCUMENTS SUPPORTING DISPUTED OCWEN LOAN
   SERVICING LLC SUBMITTED SO CALLED FACTUAL EVIDENCE HEREIN.

4  *EVIDENCE DOCS NUMBERED 1—80*

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE OF CORRECTED FACTUAL EVIDENCE |
|---|---|
| 1. On or about July 31, 2003, Plaintiff obtained a re-finance loan ("Subject Loan") from Home Star Mortgage Services, LLC in the amount of $199,000.00, secured by a Deed of Trust ("Subject Deed of Trust"), which was recorded on August 7, 2003.<br><br>See Ocwen's Request for Judicial Notice ("RJN"), Ex. A. | Liens contained in loan were never paid and were reassumed & replaced as unpaid for signing Deed of Trust over to Plaintiff shown on financial analysis required by Servicer. # (2) & (3) same financial analysis submitted for modification showing existing liens to carried on contract. (9) |
| 2. In March 2009, Plaintiff requested a reduction in principal and interest payments on the Subject Loan.<br><br>See Declaration of Kevin Flannigan, ¶4, Ex. 1, March 6, 2009 letter. | Plaintiff submits Servicer's financial analysis notice requirement to obtaining modification on loan dated 4/21/09 #(3) (2) (9) |
| 3. Plaintiff reiterated this request a number of times while his loan modification application remained pending.<br><br>See Declaration of Kevin Flannigan, ¶4, Ex. 2, Comment History at pp. 34, 35, 47. | Plaintiff makes known to servicer calls from mortgage company demanding payments made. demand persisted for several months sending plaintiff to emergency room tab# (5) |
| 4. Plaintiff was consistently advised that no principal forgiveness would be provided.<br><br>See Declaration of Kevin Flannigan, ¶4, Ex. 2, Comment History at pp. 35, 47. | Plaintiff was never advised not to request principal reduction. Plaintiff persisted on program's benefits # (7) |
| 5. On August 3, 2009, GMAC Mortgage, LLC ("GMACM") notified Plaintiff the Subject Loan was in default.<br><br>See Declaration of Kevin Flannigan, ¶5, Ex. 3, August 3, 2009 letter. | Plaintiff evidence notice of default dated 7/10/09 with reference to foreclosure on notice. (11). evidence of payments sent on 6/19/09 #12 requesting correction. |
| 6. On or about August 8, 2009, Plaintiff entered into a Fixed Rate Loan Modification Agreement with GMACM concerning the Subject Loan (the "August 2009 Loan Modification Agreement").<br>See Declaration of Kevin Flannigan, ¶6, | notice denying modification 7/15/09. tab# (14). Notice from treasury dept. to process denied modification tab# (15) dated 7/15/09. original modification dated 8/5/09 # (15) |

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| Ex. 4. | Plaintiff notified Servicer to send Statements showing new reduced principal, rate and payments per Original 8/5/09 modification contract # (17). *(19)* |
| 7. Under the terms of the approved modification, the interest on the Subject Loan was reduced from 4% to 1% and $120,000 of the principal balance was deferred, meaning that Plaintiff was to pay interest only on the current principal balance of $63,272.87, with the non-interest bearing principal deferment coming due when the Subject Loan, was paid in full, or the Subject Property was sold.<br><br>See Declaration of Kevin Flannigan, ¶6, Exs. 2 and 5, Comment History at p. 46, March 20, 2012 letter. | 8/5/09 contract did not declare deferred amounts Only reduced principal & 1%interest 8/5/09 contract contained correct terms on Original Operative 8/5/09 Contract with $120,000.00 principal forgiveness & 1% rate as required to show on monthly statement on 8/28/09 noticed # (17). Calls about foreclosure should I not sign new contract put plaintiff in hospital emergency as Servicer would not desist with threats. |
| 8. As a result of the modification, Plaintiff's monthly loan payments were to be reduced by more than $900.00 a month.<br><br>See Declaration of Kevin Flannigan, ¶6. | persisted phone calls to sign another contract or be foreclosed placed plaintiff in hospital. numerous times. (16) |
| 9. The August 2009 Loan Modification Agreement was intended to memorialize the terms of the approved modification.<br><br>See Declaration of Kevin Flannigan, ¶6. | 8/5/09 agreement was complete & finalized to the terms of principal reduction 1% rate & carried existing liens # (15). |
| 10. After receiving the executed August 2009 Loan Modification Agreement from Plaintiff, GMACM discovered the August 2009 Loan Modification Agreement inadvertently failed to reference the amount of the principal balance deferment.<br><br>See Declaration of Kevin Flannigan, ¶7, Ex. 2, Comment History at p. 54. | Condition to Modification was a reduction to principal, rate, & carried Liens. Contract did not provide for an additional contracts, or to amend, change, or override Original contract. document (5) (6) (7) & (15) Contract at close declare there no other agreements promises other than those contained therein. This sets forth Entire understanding between the parties |
| 11. In order to rectify this error, GMACM voided the August 2009 Loan Modification Agreement and sent Plaintiff corrected loan modification documents in October 2009.<br><br>See Declaration of Kevin Flannigan, ¶7. | Plaintiff protested to signing any other contract & offered a copy of original contract. Servicer disagreed & threatened foreclosure instead plaintiff presented claim to CFPB & Treasury Dept who advised to pursue original contract CFPB advised to obtain legal help, Attorney General referred matters to the CFPB.*3/ 33 39* |
| 12. Plaintiff executed the corrected documents on or about November 12, 2009, which were returned to GMACM and became effective as of December 1, 2009 (the "Corrected Agreement"). | While in hospital, plaintiff contacted Servicer protesting & opposing any further contract changing 8/5/09 Modification contract terms. attempts by servicer to classify modification as error was only after CFPB filing 3 years*92* after the fact. no responds to plaintiff's protest |

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| See Declaration of Kevin Flannigan, ¶7, Ex. 6. | Contract obtained under duress of threat of foreclosure, was not executed by Servicer. plaintiff requested statements fearing changes plaintiff relied on entire year of statements & documents sent by Ocwen 7/24/13, 2/7/13 4/11/13 & 4/25/13. *(19)* |
| 13. Following entry of the Corrected Agreement, in March 2010 Plaintiff applied for a further loan modification. See Declaration of Kevin Flannigan, ¶8, Exs. 2 and 7, Comment History at p. 65, and March 26, 2010 letter. | Servicer advised to apply for modification to correct issues. Never happened service used means to charge fees disputed charges on 10/18/2010 monthly statement. Undue charges made for liens inserted on 8/5/09 Contract doc#19   *(50)* |
| 14. Despite having been previously advised that principal forgiveness could not be provided, Plaintiff renewed his request for cancellation of principal, which he pursued through numerous calls and letters to GMACM. See Declaration of Kevin Flannigan, ¶8, Exs. 2, 7, and 8, Comment History at pp. 66, 69, 70, 75, 81, 82, 83, 85, 86, 87, 89, 90, 92, 93, 94, 95, 112, 113, 116, 121, 140, 145, March 26, 2010 letter, and July 1, 2011 letter. | Plaintiff only complied with Servicer's request to apply for modification to correct contract issues which never happened. Servicer insisted plaintiff fax in request with hardship even after denying previous applications. (21) shows explanation demanding 8/5/09 Contract be imposed. letter to Rebecca Magnus of Modification inconsistencies (22).  (23) shows payments sent to escrow applied to principal (25) (26) (27). |
| 15. GMACM ultimately determined Plaintiff was ineligible for a further loan modification, including any principal reductions. See Declaration of Kevin Flannigan, ¶8, Ex. 2, Comment History at pp. 70, 85, 88, 92, 94, 117, 147. | (29) (30) (31) Plaintiff's CFPB complaint letter. Letter to Servicer to implement 8/5/09 terms. Letter to Mrs.Tammy Versluis contradicting servicer's so called error. (32). CPFB letters contradicting Contract obtained under duress (33) (34) (35). (350 Letter addressing effects of notices & phone calls for undue payments |
| 16. The servicing rights for the Subject Loan were transferred by GMACM to Ocwen on or about February __, 2013. See Declaration of Kevin Flannigan, ¶9. | Counsel for GMAC was & is Ocwen Counsel Ocwen sent1098 showing reduced Principal Bankruptcy Court (39) thru (43).  Ocwen has a duty to comply with obtained Contract*(19.)* |
| 17. At this time, there is no non-judicial foreclosure process concerning the Subject Property. See Declaration of Kevin Flannigan, ¶10. | Plaintiff presents 11/11/2012 to severson & Werson directed to Mr. Toffaha advising of filing should contract issue no be resolved (41), (42) Plaintiff reaches out to Severson & trying to resolve contract issues. no results. |
| 18. On July 6, 2012, Plaintiff initiated this lawsuit. See Declaration of Yaron Shaham, ¶3. | reply opposition letter to Mr. Shaham. (44). Letter to Mr. shaham addressing 8/5/09 Contract with no response. (46) |

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFF'S RESPONSE |
|---|---|
| 19. After multiple pleading challenges, Ocwen answered Plaintiff's Second Amended Complaint on September 11, 2014.<br><br>See Declaration of Yaron Shaham, ¶4, Ex. A. | GMAC & Ocwen's CEOS letter confirming 8/5/09 Modification Terms.(48). (49) 2/15/13 GMAC answers Contract issues for Ocwen. Ocwen demand for fee in response to 8/5/09 Contract (50). Ocwen demand for pay-off in response to 8/5/09 contract terms (51) |
| 20. The surviving claims in this case are Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Violation of Business and Professions Code § 17200, and Injunctive Relief. The third cause of action in Plaintiff's Second Amended Complaint was titled, "Statutory Relief". Ocwen's Demurrer to this claim was sustained, without prejudice, per the Court's September 8, 2014 Minute Order.<br><br>See Declaration of Yaron Shaham, ¶5, Ex. B. | Plaintiff file TAC to include key element as Code 2943 Violation. Plainttiff relied a year on monthly statements(19) & Ocwens document 7/24/13(15) 2/7/13(48); 4/11/13; 4/25/13. Property liens carried on 8/5/09 contract at at issue. Ocwen insists violating terms on contract provision relating to liens inserted. |
| 21. The parties did participate in mediation on April 21, 2015; however, it was unsuccessful.<br><br>See Declaration of Yaron Shaham, ¶6. | no ADR results as Ocwen insisted on contract obtained under duress (18) while retaliating on plaintiff & family with harassment from Ocwen sent person. Police called for incident #15-16402; incident person plate #7ANC593 |
| 22. As of the filing of this Motion, the Court has not set a trial date.<br><br>See Declaration of Yaron Shaham, ¶6. | ADR review hearing for 6/1/15 1:30 p.m. |
| 23. The servicing records show that although Plaintiff requested a principal reduction, he was informed prior to receiving the August 2009 Loan Modification Agreement he would not be receiving a principal reduction, but would instead be granted a principal deferment.<br><br>See Declaration of Kevin Flannigan, ¶11, Ex. 2, Comment History at p. 43. | Plaintiff refused to abide by 11/10/09 contract obtained under duress. per 5/24/14 & 9/8/14 rulings. plaintiff never accepted any other terms of what 8/5/09 Contract dictates. Plaintiff advised Servicer that 8/5/09 contract terms were finalized and sealed not to be tampered with & provided no additional terms Court's ruling of Bus. & Prof. Violation when portion is forgiven constitute fraudulent acts. plaintiff has resisted un-executed contract. |
| 24. Those records further show GMACM explained the deferred principal would remain outstanding and would need to be repaid if Plaintiff paid off or refinanced the Subject Loan, and Plaintiff indicated he understood.<br><br>See Declaration of Kevin Flannigan, ¶11, Ex. 2, Comment History at p. 43. | Plaintiff never recognized or acknowledged contract with deferred amounts as 8/5/09 Contract contained forgiven principal. Plaintiff would never & has not agree to terms different to 8/5/09 Contract. Contrary to this declaration from a person unknown to plaintiff Plaintiff history shows insistence repudiating any inconsistency contradicting 8/5/09 terms This fact is what constitute fraudulent activity imposing a contract that cannot be superceded as claimed by Ocwen per Court's rulings. |

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| 25. The Corrected Agreement, which was executed by Claimant and notarized, and contains an express statement that, together with the Note and Deed of Trust, it sets forth the entire understanding between the parties.<br><br>See Declaration of Kevin Flannigan, ¶7, Ex. 6, Corrected Agreement at ¶ 9. | This contradicts sealing terms on 8/5/09 Contract not allowing added agreement or amending Contract. In the event inconsistency this agreement shall govern to prevent any displacement or alterations in Contract. (15) Court has been asked to rule on contained provision sealed contract preventing tampering Terms 8/5/09 Contract forbids any changes |
| 26. Ocwen has found no evidence that any improper charges were applied to his account.<br><br>See Declaration of Kevin Flannigan, ¶12, Ex. 9, Payment History. | curtailment payment sent was undue escrow payment demand. payment sent misapplied to principal instead of escrow. monthly payment inexplicably increased from $623 to $748 a month (20) undue lien insertion charges(50) Plaintiff loan placed on default(57). |
| 27. The payment history for the Subject Loan reflects that, where Plaintiff remitted payment in excess of the monthly amounts due, the excess amounts were recorded as "curtailment" payments and applied to reduce the principal balance of the Subject Loan pursuant to the terms of the Note.<br><br>See Declaration of Kevin Flannigan, ¶12, Ex. 9, Payment History. | on demand of undue charges payment loan was placed on default status (58) proof of payments sent on time to no default (58). Ocwen undue escrow charges.(20). payment miscalculated escrow analysis app. to principal. Demand for more payments made by Ocwen (57) |
| 28. A review of the Payment History for the subject loan shows Plaintiff is making his loan payments.<br><br>See Declaration of Kevin Flannigan, ¶13, Ex. 9, Payment History. | Loan placed on past due status (57). proof of timely payment (58). |

## II.    FOR SUMMARY ADJUDICATION ON THE FIRST CAUSE OF ACTION FOR

## BREACH OF CONTRACT.

| UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| 29. On or about July 31, 2003, Plaintiff obtained a re-finance loan ("Subject Loan") from Home Star Mortgage Services, LLC in the amount of $199,000.00, secured by a Deed of Trust ("Subject Deed of Trust"), which was recorded on August 7, 2003.<br><br>See Ocwen's Request for Judicial Notice ("RJN"), Ex. A. | existing Liens drawn 10/12/95 reassigned as unpaid on plaintiff's property servicer made aware (8) & (9). unrecorded lien asserted. |
| 30. In March 2009, Plaintiff requested a reduction in principal and interest payments on the Subject Loan. | Recorded & unrecorded liens sent to servicer for insertion as carried on 8/5/09 modification granted (15). |

5

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| See Declaration of Kevin Flannigan, ¶4, Ex. 1, March 6, 2009 letter. | 8/5/09 Contract drawn by servicer. |
| 31. Plaintiff reiterated this request a number of times while his loan modification application remained pending.<br><br>See Declaration of Kevin Flannigan, ¶4, Ex. 2, Comment History at pp. 34, 35, 47. | Servicer defaulted loan while processing loan modification with timely payments made (12) Plaintiff notified of loan foreclosing (11). proof of payment sent cert. mail (12). |
| 32. Plaintiff was consistently advised that no principal forgiveness would be provided.<br><br>See Declaration of Kevin Flannigan, ¶4, Ex. 2, Comment History at pp. 35, 47. | Plaintiff required principal reduction on 8/5/09 contract as condition to modification. analysis required inserting liens on 8/5/09 as carried existing as a condition (4) (5) (6) & (7). conditions agreed by plaintiff & mortgagor(15) plaintiff never spoke to a Kevin Flannigan. |
| 33. On August 3, 2009, GMAC Mortgage, LLC ("GMACM") notified Plaintiff the Subject Loan was in default.<br><br>See Declaration of Kevin Flannigan, ¶5, Ex. 3, August 3, 2009 letter. | Plaintiff objected providing proof of payment debunking default & foreclosure notice sent by GMAC(12). Plaintiff complained wrongly loan default to Treasury Dept.(14). treasury Dept advised GMAC to process modification (14). |
| 34. On or about August 8, 2009, Plaintiff entered into a Fixed Rate Loan Modification Agreement with GMACM concerning the Subject Loan (the "August 2009 Loan Modification Agreement").<br><br>See Declaration of Kevin Flannigan, ¶6, Ex. 4. | 8/5/09 Modification carried property Liens(6) (7) (8) (9). 8/5/09 Contract contained specific terms & provision forgiven principal 1% rate reduction agreed & executed by both parties (15). Terms clearly stated as condition to any agreement. as plaintiff has no means on fixed income. Plaintiff never spoke to a Flannigan concerning modification terms & agreement. |
| 35. Under the terms of the approved modification, the interest on the Subject Loan was reduced from 4% to 1% and $120,000 of the principal balance was deferred, meaning that Plaintiff was to pay interest only on the current principal balance of $63,272.87, with the non-interest bearing principal deferment coming due when the Subject Loan matured, was paid in full, or the Subject Property was sold.<br><br>See Declaration of Kevin Flannigan, ¶6, Exs. 2 and 5, Comment History at p. 46, March 20, 2012 letter. | Terms of contract contradicts this declaration deferred amount was not in 8/5/09 contract this declaration is wrong(15). Flannigan was never contacted by plaintiff. had no part in 8/5/09 Contract negotiation. Plaintiff has never spoken to a Mr. Flannigan. All documents in plaintiff possession contradict this false untrue declaration. Plaintiff could never agree to pay without means to do so. This dispute is caused by servicer's fraudulent assertion such as this. Contract dictates terms not Mr. Flanningan's delusional declaration. Plaintiff's documented evidence show different facts. (15) |
| 36. As a result of the modification, Plaintiff's monthly loan payments were to be reduced by more than $900.00 a month.<br><br>See Declaration of Kevin Flannigan, ¶6. | Plaintiff was granted principal, rate & payment with added provision of existing liens carried. (15). |
| 37. The August 2009 Loan Modification Agreement was intended to memorialize the terms of the approved modification.<br><br>See Declaration of Kevin Flannigan, ¶6. | Plaintiff modification 8/5/09 Contract details all benefits clearly given on 8/5/09 Contract Contracts do not consider intent or emotions they are written to preserve perpetuate words Plaintiff & Gmac consented to 8/5/09 terms only |

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| 38. After receiving the executed August 2009 Loan Modification Agreement from Plaintiff, GMACM discovered the August 2009 Loan Modification Agreement inadvertently failed to reference the amount of the principal balance deferment.<br><br>See Declaration of Kevin Flannigan, ¶7, Ex. 2, Comment History at p. 54. | Gamc conveniently classify 8/5/09 Contract. Plaintiff required terms on monthly statements fearing changes may be made to 8/5/09 terms (5) (6) (7) & (17) & (19) Plaintiff required terms granted clear due to banking issues in Court. Plaintiff could not trust Contract future fearful of what may occur. Plaintiff refuted changes presenting & preserving documents evidence to prevent usurping rights on contract (32). |
| 39. In order to rectify this error, GMACM voided the August 2009 Loan Modification Agreement and sent Plaintiff corrected loan modification documents in October 2009.<br><br>See Declaration of Kevin Flannigan, ¶7. | 8/5/09 contract does not provide for amend, change or modify terms. (15). Plaintiff resisted any attempts on 8/5/09 contract. Defendant conveniently decides not to address contract carried Liens preferring to ignore calculated debts into modification 8/5/09 Contract (15). Matter has been at center of this action filed. |
| 40. Plaintiff executed the corrected documents on or about November 12, 2009, which were returned to GMACM and became effective as of December 1, 2009 (the "Corrected Agreement").<br><br>See Declaration of Kevin Flannigan, ¶7, Ex. 6. | Defendants calls put plaintiff in hospital due to severe stress from threat to foreclose (16) under protest contract obtained under duress was signed but never executed by Gmac(18) Complaint filed with attorney generals office. Plaintiff was referred to CFBP(31). |
| 41. Following entry of the Corrected Agreement, in March 2010 Plaintiff applied for a further loan modification.<br><br>See Declaration of Kevin Flannigan, ¶8, Exs. 2 and 7, Comment History at p. 65, and March 26, 2010 letter. | Gmac advised plaintiff to remedy issue with another modification. This never happened. Gamc insisted on modifications applications with no results. Plaintiff advised court filing if no remedy was done. CFPB also advised to obtain legal representation to preserve rights Plaintiff advised there of Operative Contract |
| 42. Despite having been previously advised that principal forgiveness could not be provided, Plaintiff renewed his request for cancellation of principal, which he pursued through numerous calls and letters to GMACM.<br><br>See Declaration of Kevin Flannigan, ¶8, Exs. 2, 7, and 8, Comment History at pp. 66, 69, 70, 75, 81, 82, 83, 85, 86, 87, 89, 90, 92, 93, 94, 95, 112, 113, 116, 121, 140, 145, March 26, 2010 letter, and July 1, 2011 letter. | Gamc required more modification applications advising plaintiff short sale the home instead. Due to increased monthly payments plaintiff protested to Gmac to no avail. With increased undue payments & payment sent for escrow applied to principal, plaintiff resorted to Court for relief. Plaintiff's calls fell on deft ears. Defendant resorted to demand pay-off tactics when prompted to impose 8/5/09 contract(51) When plaintiff pointed liens terms fee demand was required to insert liens on contract (50). Principal reduction was part of 8/5/09 contract already. plaintiff insisted but Gmac wanted to keep applying for modification as remedy. |
| 43. GMACM ultimately determined Plaintiff was ineligible for a further loan modification, including any principal reductions.<br><br>See Declaration of Kevin Flannigan, ¶8, Ex. 2, Comment History at pp. 70, 85, 88, 92, 94, 117, 147. | To an unbearable situation, no one in Gmac wanted to assume responsibility for Contract terms. Plaintiff pointed to principal reduction liens carried & complained of increased payments to no avail. (36). |

7

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| 44. The servicing rights for the Subject Loan were transferred by GMACM to Ocwen on or about February __, 2013.<br><br>See Declaration of Kevin Flannigan, ¶9. | Ocwen was aware of loan issues as counsel was sent numerous correspondence from plaintiff with no answer.(41) (42) & (44). |
| 45. At this time, there is no non-judicial foreclosure process concerning the Subject Property.<br><br>See Declaration of Kevin Flannigan, ¶10. | Plaintiff's counsel sent person to harass lien holders to plaintiff home late after 10p.m. in retaliation against plaintiff. police incident # 15-16402. plate #7ANC593. Police were called for confrontation at plaintiff's doorsteps |
| 46. On July 6, 2012, Plaintiff initiated this lawsuit.<br><br>See Declaration of Yaron Shaham, ¶3. | Plaintiff had no remedy but to seek relief from Court for such egregious offenses. plaintiff advised servicers of court filings if matters were not resolved by servicers. |
| 47. After multiple pleading challenges, Ocwen answered Plaintiff's Second Amended Complaint on September 11, 2014.<br><br>See Declaration of Yaron Shaham, ¶4, Ex. A. | Plaintiff & defendant submitted to Court rulings with dispositive an all demurrers. Court must rule on Carried lien motion. |
| 48. The surviving claims in this case are Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Violation of Business and Professions Code § 17200, and Injunctive Relief. The third cause of action in Plaintiff's Second Amended Complaint was titled, "Statutory Relief". Ocwen's Demurrer to this claim was sustained, without prejudice, per the Court's September 8, 2014 Minute Order.<br><br>See Declaration of Yaron Shaham, ¶5, Ex. B. | TAC has been filed to be heard on 6/29/15 at 1:30 p.m. at C23. to show plaintiff relied on a years statements & Ocwen sent documents & previously filed causes of action on motion. demurrer was sustained without prejudice & plaintiff evidence shows he relied not only on a years statements but also on Ocwen sent documents detailing loan status of principal, reduction rate reduction & payment amounts. This verifies 8/5/09 Contract mirroring same on 8/5/09 Contract. evidence validates terms on 8.5/09 Contract. |
| 49. The parties did participate in mediation on April 21, 2015; however, it was unsuccessful.<br><br>See Declaration of Yaron Shaham, ¶6. | ADR had no results as foreseen by plaintiff as Ocwen Counsel did not want to address 8/5/09 Modification Contract issues. |
| 50. As of the filing of this Motion, the Court has not set a trial date.<br><br>See Declaration of Yaron Shaham, ¶6. | Plaintiff awaits Court to determine filed motion of 2943 Violation & other contract provisions. |
| 51. The servicing records show that although Plaintiff requested a principal reduction, he was informed prior to receiving the August 2009 Loan Modification Agreement he would not be receiving a principal reduction, but would instead be granted a principal deferment.<br><br>See Declaration of Kevin Flannigan, ¶11, Ex. 2, Comment History at p. 43. | Condition to 8/5/09 Contract modification to calculate existing lien & be carried on contract This was a condition as plaintiff has no means as he is set on a limited SSI fixed income There was never a request for a deferment as plaintiff would not agree to an unfavorable contract. the 8/5/09 agreement was agreed & signed by all parties. Ocwen needs to address liens issues to resolve case matters Defendant needs to answer interrogatories, special interrogatories & document production |

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| 52. Those records further show GMACM explained the deferred principal would remain outstanding and would need to be repaid if Plaintiff paid off or refinanced the Subject Loan, and Plaintiff indicated he understood.<br><br>See Declaration of Kevin Flannigan, ¶11, Ex. 2, Comment History at p. 43. | 8/5/09 contract contained all pertinent terms to plaintiff's satisfaction (15). Plaintiff would only agree to realistic shown terms. 8/5/09 Contract is clear writing. That is what plaintiff signed & believes to have agreed to in signing Plaintiff cant agree to an unfavorable contract Mr. Flannigan was never involved in contract creation. Only plaintiff can determine what he agreed or understood then. |
| 53. The Corrected Agreement, which was executed by Claimant and notarized, and contains an express statement that, together with the Note and Deed of Trust, it sets forth the entire understanding between the parties.<br><br>See Declaration of Kevin Flannigan, ¶7, Ex. 6, Corrected Agreement at ¶ 9. | Plaintiff was never consulted on any corrected Contract obtained under duress was sent overnight to plaintiff. no consultation made on contents of November contract. Hud tried to discuss matters with sevicer to no avail. |
| 54. Ocwen has found no evidence that any improper charges were applied to his account.<br><br>See Declaration of Kevin Flannigan, ¶12, Ex. 9, Payment History. | Plaintiff incorporates response    - 26 |
| 55. The payment history for the Subject Loan reflects that, where Plaintiff remitted payment in excess of the monthly amounts due, the excess amounts were recorded as "curtailment" payments and applied to reduce the principal balance of the Subject Loan pursuant to the terms of the Note.<br><br>See Declaration of Kevin Flannigan, ¶12, Ex. 9, Payment History. | plaintiff incorporates response     - 27 |
| 56. A review of the Payment History for the subject loan shows Plaintiff is making his loan payments.<br><br>See Declaration of Kevin Flannigan, ¶13, Ex. 9, Payment History. | Plaintiff incorporates response    - 28 |

III.   **FOR SUMMARY ADJUDICATION ON THE SECOND CAUSE OF ACTION FOR BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING.**

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| 57. On or about July 31, 2003, Plaintiff obtained a re-finance loan ("Subject Loan") from Home Star Mortgage Services, LLC in the amount of $199,000.00, secured by a Deed of Trust ("Subject Deed of Trust"), which was recorded on August 7, 2003. See Ocwen's Request for Judicial Notice ("RJN"), Ex. A. | Plaintiff incorporates answer to - 1 |
| 58. In March 2009, Plaintiff requested a reduction in principal and interest payments on the Subject Loan. See Declaration of Kevin Flannigan, ¶4, Ex. 1, March 6, 2009 letter. | Plaintiff incorporates response to - 2 |
| 59. Plaintiff reiterated this request a number of times while his loan modification application remained pending. See Declaration of Kevin Flannigan, ¶4, Ex. 2, Comment History at pp. 34, 35, 47. | Plaintiff incorporates response to - 3 |
| 60. Plaintiff was consistently advised that no principal forgiveness would be provided. See Declaration of Kevin Flannigan, ¶4, Ex. 2, Comment History at pp. 35, 47. | Plaintiff incorporates response to - 4 |
| 61. On August 3, 2009, GMAC Mortgage, LLC ("GMACM") notified Plaintiff the Subject Loan was in default. See Declaration of Kevin Flannigan, ¶5, Ex. 3, August 3, 2009 letter. | Plaintiff incorporates response to - 5 |
| 62. On or about August 8, 2009, Plaintiff entered into a Fixed Rate Loan Modification Agreement with GMACM concerning the Subject Loan (the "August 2009 Loan Modification Agreement"). See Declaration of Kevin Flannigan, ¶6, Ex. 4. | Plaintiff incorporates response yo - 6 |
| 63. Under the terms of the approved modification, the interest on the Subject Loan was reduced from 4% to 1% and $120,000 of the principal balance was deferred, meaning that Plaintiff was to pay interest only on the current principal | Plaintiff incorporates response to - 7 |

10

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| balance of $63,272.87, with the non-interest bearing principal deferment coming due when the Subject Loan matured, was paid in full, or the Subject Property was sold. See Declaration of Kevin Flannigan, ¶6, Exs. 2 and 5, Comment History at p. 46, March 20, 2012 letter. | Plaintiff incorporates answer - 7 |
| 64. As a result of the modification, Plaintiff's monthly loan payments were to be reduced by more than $900.00 a month. See Declaration of Kevin Flannigan, ¶6. | Plaintiff incorporates answer - 8 |
| 65. The August 2009 Loan Modification Agreement was intended to memorialize the terms of the approved modification. See Declaration of Kevin Flannigan, ¶6. | Plaintiff incorporates answer - 9 |
| 66. After receiving the executed August 2009 Loan Modification Agreement from Plaintiff, GMACM discovered the August 2009 Loan Modification Agreement inadvertently failed to reference the amount of the principal balance deferment. See Declaration of Kevin Flannigan, ¶7, Ex. 2, Comment History at p. 54. | Plaintiff incorporates answer - 10 |
| 67. In order to rectify this error, GMACM voided the August 2009 Loan Modification Agreement and sent Plaintiff corrected loan modification documents in October 2009. See Declaration of Kevin Flannigan, ¶7. | Plaintiff incorporates answer - 11 |
| 68. Plaintiff executed the corrected documents on or about November 12, 2009, which were returned to GMACM and became effective as of December 1, 2009 (the "Corrected Agreement"). See Declaration of Kevin Flannigan, ¶7, Ex. 6. | Plaintiff incorporates response - 12 |
| 69. Following entry of the Corrected Agreement, in March 2010 Plaintiff applied for a further loan modification. See Declaration of Kevin Flannigan, ¶8, Exs. 2 and 7, Comment History at p. 65, and March 26, 2010 letter. | Plaintiff incorporates answer - 13 |
| 70. Despite having been previously advised that principal forgiveness could not be provided, Plaintiff renewed his request for | Plaintiff incorporates answer - 14 |

11

SEPARATE STATEMENT OF    DISPUTED MATERIAL FACTS

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| cancellation of principal, which he pursued through numerous calls and letters to GMACM.<br><br>See Declaration of Kevin Flannigan, ¶8, Exs. 2, 7, and 8, Comment History at pp. 66, 69, 70, 75, 81, 82, 83, 85, 86, 87, 89, 90, 92, 93, 94, 95, 112, 113, 116, 121, 140, 145, March 26, 2010 letter, and July 1, 2011 letter. | Plaintiff incorporates answer - 14 |
| 71. GMACM ultimately determined Plaintiff was ineligible for a further loan modification, including any principal reductions.<br><br>See Declaration of Kevin Flannigan, ¶8, Ex. 2, Comment History at pp. 70, 85, 88, 92, 94, 117, 147. | Plaintiff incorporates answer - 15 |
| 72. The servicing rights for the Subject Loan were transferred by GMACM to Ocwen on or about February __, 2013.<br><br>See Declaration of Kevin Flannigan, ¶9. | Plaintiff incorporates answer - 16 |
| 73. At this time, there is no non-judicial foreclosure process concerning the Subject Property.<br><br>See Declaration of Kevin Flannigan, ¶10. | Plaintiff incorporates answer - 17 |
| 74. On July 6, 2012, Plaintiff initiated this lawsuit.<br><br>See Declaration of Yaron Shaham, ¶3. | Plaintiff incorporates answer - 18 |
| 75. After multiple pleading challenges, Ocwen answered Plaintiff's Second Amended Complaint on September 11, 2014.<br><br>See Declaration of Yaron Shaham, ¶4, Ex. A. | plaintiff incorporates answer - 19 |
| 76. The surviving claims in this case are Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Violation of Business and Professions Code § 17200, and Injunctive Relief. The third cause of action in Plaintiff's Second Amended Complaint was titled, "Statutory Relief". Ocwen's Demurrer to this claim was sustained, without prejudice, per the Court's September 8, 2014 Minute Order.<br><br>See Declaration of Yaron Shaham, ¶5, Ex. B. | Plaintiff incorporates answer - 20 |
| 77. The parties did participate in mediation on April 21, 2015; however, it was | Plaintiff incorporates answer to - 21 |

12

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| unsuccessful.<br><br>See Declaration of Yaron Shaham, ¶6. | Plaintiff incorporates answer - 21 |
| 78. As of the filing of this Motion, the Court has not set a trial date.<br><br>See Declaration of Yaron Shaham, ¶6. | Plaintiff incorporates answer - 22 |
| 79. The servicing records show that although Plaintiff requested a principal reduction, he was informed prior to receiving the August 2009 Loan Modification Agreement he would not be receiving a principal reduction, but would instead be granted a principal deferment.<br><br>See Declaration of Kevin Flannigan, ¶11, Ex. 2, Comment History at p. 43. | Plaintiff 9ncorporates answer - 23 |
| 80. Those records further show GMACM explained the deferred principal would remain outstanding and would need to be repaid if Plaintiff paid off or refinanced the Subject Loan, and Plaintiff indicated he understood.<br><br>See Declaration of Kevin Flannigan, ¶11, Ex. 2, Comment History at p. 43. | plaintiff incorporates answer - 24 |
| 81. The Corrected Agreement, which was executed by Claimant and notarized, and contains an express statement that, together with the Note and Deed of Trust, it sets forth the entire understanding between the parties.<br><br>See Declaration of Kevin Flannigan, ¶7, Ex. 6, Corrected Agreement at ¶ 9. | Plaintiff incorporates answer - 25 |
| 82. Ocwen has found no evidence that any improper charges were applied to his account.<br><br>See Declaration of Kevin Flannigan, ¶12, Ex. 9, Payment History. | Plaintiff incorporates answer - 26 |
| 83. The payment history for the Subject Loan reflects that, where Plaintiff remitted payment in excess of the monthly amounts due, the excess amounts were recorded as "curtailment" payments and applied to reduce the principal balance of the Subject Loan pursuant to the terms of the Note.<br><br>See Declaration of Kevin Flannigan, ¶12, Ex. 9, Payment History. | plaintiff incorporates answer - 27 |

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| 84. A review of the Payment History for the subject loan shows Plaintiff is making his loan payments.<br><br>See Declaration of Kevin Flannigan, ¶13, Ex. 9, Payment History. | Plaintiff incorporates answer - 28 |

## IV.    FOR SUMMARY ADJUDICATION ON THE FOURTH CAUSE OF ACTION FOR

## VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE § 17200.

| UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| 85. On or about July 31, 2003, Plaintiff obtained a re-finance loan ("Subject Loan") from Home Star Mortgage Services, LLC in the amount of $199,000.00, secured by a Deed of Trust ("Subject Deed of Trust"), which was recorded on August 7, 2003.<br><br>See Ocwen's Request for Judicial Notice ("RJN"), Ex. A. | plaintiff incorporates answer - 29 |
| 86. In March 2009, Plaintiff requested a reduction in principal and interest payments on the Subject Loan.<br><br>See Declaration of Kevin Flannigan, ¶4, Ex. 1, March 6, 2009 letter. | Plaintiff incorporates answer - 30 |
| 87. Plaintiff reiterated this request a number of times while his loan modification application remained pending.<br><br>See Declaration of Kevin Flannigan, ¶4, Ex. 2, Comment History at pp. 34, 35, 47. | Plaintiff incorporates answer - 31 |
| 88. Plaintiff was consistently advised that no principal forgiveness would be provided.<br><br>See Declaration of Kevin Flannigan, ¶4, Ex. 2, Comment History at pp. 35, 47. | Plaintiff incorporates answer - 32 |
| 89. On August 3, 2009, GMAC Mortgage, LLC ("GMACM") notified Plaintiff the Subject Loan was in default.<br><br>See Declaration of  Kevin Flannigan, ¶5, Ex. 3, August 3, 2009 letter. | Plaintiff incorporates answer - 33 |
| 90. On or about August 8, 2009, Plaintiff entered into a Fixed Rate Loan Modification Agreement with GMACM concerning the Subject Loan (the "August 2009 Loan Modification Agreement"). | Plaintiff incorporates answer  ⸌34 |

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| See Declaration of Kevin Flannigan, ¶6, Ex. 4. | Plaintiff incorporates answer - 34 |
| 91. Under the terms of the approved modification, the interest on the Subject Loan was reduced from 4% to 1% and $120,000 of the principal balance was deferred, meaning that Plaintiff was to pay interest only on the current principal balance of $63,272.87, with the non-interest bearing principal deferment coming due when the Subject Loan matured, was paid in full, or the Subject Property was sold.<br><br>See Declaration of Kevin Flannigan, ¶6, Exs. 2 and 5, Comment History at p. 46, March 20, 2012 letter. | Plaintiff incorporates answer - 35 |
| 92. As a result of the modification, Plaintiff's monthly loan payments were to be reduced by more than $900.00 a month.<br><br>See Declaration of Kevin Flannigan, ¶6. | Plaintiff incorporates answer - 36 |
| 93. The August 2009 Loan Modification Agreement was intended to memorialize the terms of the approved modification.<br><br>See Declaration of Kevin Flannigan, ¶6. | Plaintiff incorporates answer - 37 |
| 94. After receiving the executed August 2009 Loan Modification Agreement from Plaintiff, GMACM discovered the August 2009 Loan Modification Agreement inadvertently failed to reference the amount of the principal balance deferment.<br><br>See Declaration of Kevin Flannigan, ¶7, Ex. 2, Comment History at p. 54. | Plaintiff incorporates answer - 38 |
| 95. In order to rectify this error, GMACM voided the August 2009 Loan Modification Agreement and sent Plaintiff corrected loan modification documents in October 2009.<br><br>See Declaration of Kevin Flannigan, ¶7. | Plaintiff incorporates answer - 39 |
| 96. Plaintiff executed the corrected documents on or about November 12, 2009, which were returned to GMACM and became effective as of December 1, 2009 (the "Corrected Agreement").<br><br>See Declaration of Kevin Flannigan, ¶7, Ex. 6. | Plaintiff incorporates answer - 40 |

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| 97. Following entry of the Corrected Agreement, in March 2010 Plaintiff applied for a further loan modification. See Declaration of Kevin Flannigan, ¶8, Exs. 2 and 7, Comment History at p. 65, and March 26, 2010 letter. | Plaintiff incorporates answer - 41 |
| 98. Despite having been previously advised that principal forgiveness could not be provided, Plaintiff renewed his request for cancellation of principal, which he pursued through numerous calls and letters to GMACM. See Declaration of Kevin Flannigan, ¶8, Exs. 2, 7, and 8, Comment History at pp. 66, 69, 70, 75, 81, 82, 83, 85, 86, 87, 89, 90, 92, 93, 94, 95, 112, 113, 116, 121, 140, 145, March 26, 2010 letter, and July 1, 2011 letter. | Plaintiff incorporates answer - 42 |
| 99. GMACM ultimately determined Plaintiff was ineligible for a further loan modification, including any principal reductions. See Declaration of Kevin Flannigan, ¶8, Ex. 2, Comment History at pp. 70, 85, 88, 92, 94, 117, 147. | Plaintiff incorporates answer - 43 |
| 100.    The servicing rights for the Subject Loan were transferred by GMACM to Ocwen on or about February __, 2013. See Declaration of Kevin Flannigan, ¶9. | Plaintiff incorporates answer - 44 |
| 101.    At this time, there is no non-judicial foreclosure process concerning the Subject Property. See Declaration of Kevin Flannigan, ¶10. | Plaintiff incorporates answer - 45 |
| 102.    On July 6, 2012, Plaintiff initiated this lawsuit. See Declaration of Yaron Shaham, ¶3. | Plaintiff incorporates answer - 46 |
| 103.    After multiple pleading challenges, Ocwen answered Plaintiff's Second Amended Complaint on September 11, 2014. See Declaration of Yaron Shaham, ¶4, Ex. A. | Plaintiff incorporates answer - 47 |
| 104.    The surviving claims in this case are Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Violation of Business and Professions | Plaintiff incorporates answer - 48 |

SEPARATE STATEMENT OF  DISPUTED MATERIAL FACTS

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| Code § 17200, and Injunctive Relief. The third cause of action in Plaintiff's Second Amended Complaint was titled, "Statutory Relief". Ocwen's Demurrer to this claim was sustained, without prejudice, per the Court's September 8, 2014 Minute Order.<br><br>See Declaration of Yaron Shaham, ¶5, Ex. B. | Plaintiff incorporates answer - 48 |
| 105. The parties did participate in mediation on April 21, 2015; however, it was unsuccessful.<br><br>See Declaration of Yaron Shaham, ¶6. | Plaintiff incorporates answer - 49 |
| 106. As of the filing of this Motion, the Court has not set a trial date.<br><br>See Declaration of Yaron Shaham, ¶6. | Plaintiff incorporates answer - 50 |
| 107. The servicing records show that although Plaintiff requested a principal reduction, he was informed prior to receiving the August 2009 Loan Modification Agreement he would not be receiving a principal reduction, but would instead be granted a principal deferment.<br><br>See Declaration of Kevin Flannigan, ¶11, Ex. 2, Comment History at p. 43. | Plaintiff incorporates answer - 51 |
| 108. Those records further show GMACM explained the deferred principal would remain outstanding and would need to be repaid if Plaintiff paid off or refinanced the Subject Loan, and Plaintiff indicated he understood.<br><br>See Declaration of Kevin Flannigan, ¶11, Ex. 2, Comment History at p. 43. | Plaintiff incorporates answer - 52 |
| 109. The Corrected Agreement, which was executed by Claimant and notarized, and contains an express statement that, together with the Note and Deed of Trust, it sets forth the entire understanding between the parties.<br><br>See Declaration of Kevin Flannigan, ¶7, Ex. 6, Corrected Agreement at ¶ 9. | Plaintiff incorporates answer - 53 |
| 110. Ocwen has found no evidence that any improper charges were applied to his account.<br><br>See Declaration of Kevin Flannigan, ¶12, | Plaintiff incorporates answer - 54 |

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| Ex. 9, Payment History. | Plaintiff incorporates answer - 54 |
| 111.    The payment history for the Subject Loan reflects that, where Plaintiff remitted payment in excess of the monthly amounts due, the excess amounts were recorded as "curtailment" payments and applied to reduce the principal balance of the Subject Loan pursuant to the terms of the Note.<br><br>See Declaration of Kevin Flannigan, ¶12, Ex. 9, Payment History. | Plaintiff incorporates answer - 55 |
| 112.    A review of the Payment History for the subject loan shows Plaintiff is making his loan payments.<br><br>See Declaration of Kevin Flannigan, ¶13, Ex. 9, Payment History. | Plaintiff incorporates answer - 56 |

## V.    FOR SUMMARY ADJUDICATION ON THE FIFTH CAUSE OF ACTION FOR INJUNCTIVE RELIEF.

| UNDISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| 113.    On or about July 31, 2003, Plaintiff obtained a re-finance loan ("Subject Loan") from Home Star Mortgage Services, LLC in the amount of $199,000.00, secured by a Deed of Trust ("Subject Deed of Trust"), which was recorded on August 7, 2003.<br><br>See Ocwen's Request for Judicial Notice ("RJN"), Ex. A. | Plaintiff incorporates answer - 1 |
| 114.    In March 2009, Plaintiff requested a reduction in principal and interest payments on the Subject Loan.<br><br>See Declaration of Kevin Flannigan, ¶4, Ex. 1, March 6, 2009 letter. | Plaintiff incorporates answer - 2 |
| 115.    Plaintiff reiterated this request a number of times while his loan modification application remained pending.<br><br>See Declaration of Kevin Flannigan, ¶4, Ex. 2, Comment History at pp. 34, 35, 47. | Plaintiff incorporates answer - 3 |
| 116.    Plaintiff was consistently advised that no principal forgiveness would be provided. | Plaintiff incorporates answer - 4 |

18

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| See Declaration of Kevin Flannigan, ¶4, Ex. 2, Comment History at pp. 35, 47. | Plaintiff incorporates answer - 4 |
| 117.    On August 3, 2009, GMAC Mortgage, LLC ("GMACM") notified Plaintiff the Subject Loan was in default.<br><br>See Declaration of _Kevin Flannigan,__ ¶5, Ex. 3, August 3, 2009 letter. | Plaintiff incorporates answer - 5 |
| 118.    On or about August 8, 2009, Plaintiff entered into a Fixed Rate Loan Modification Agreement with GMACM concerning the Subject Loan (the "August 2009 Loan Modification Agreement").<br><br>See Declaration of Kevin Flannigan, ¶6, Ex. 4. | Plaintiff incorporates answer - 6 |
| 119.    Under the terms of the approved modification, the interest on the Subject Loan was reduced from 4% to 1% and $120,000 of the principal balance was deferred, meaning that Plaintiff was to pay interest only on the current principal balance of $63,272.87, with the non-interest bearing principal deferment coming due when the Subject Loan matured, was paid in full, or the Subject Property was sold.<br><br>See Declaration of Kevin Flannigan, ¶6, Exs. 2 and 5, Comment History at p. 46, March 20, 2012 letter. | Plaintiff incorporates answer - 7 |
| 120.    As a result of the modification, Plaintiff's monthly loan payments were to be reduced by more than $900.00 a month.<br><br>See Declaration of Kevin Flannigan, ¶6. | Plaintiff incorporates answer - 8 |
| 121.    The August 2009 Loan Modification Agreement was intended to memorialize the terms of the approved modification.<br><br>See Declaration of Kevin Flannigan, ¶6. | Plaintiff incorporates answer - 9 |
| 122.    After receiving the executed August 2009 Loan Modification Agreement from Plaintiff, GMACM discovered the August 2009 Loan Modification Agreement inadvertently failed to reference the amount of the principal balance deferment.<br><br>See Declaration of Kevin Flannigan, ¶7, Ex. 2, Comment History at p. 54. | Plaintiff incorporates answer - 10 |
| 123.    In order to rectify this error, GMACM voided the August 2009 Loan Modification | Plaintiff incorporates answer - 11 |

19
SEPARATE STATEMENT OF    DISPUTED MATERIAL FACTS

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| Agreement and sent Plaintiff corrected loan modification documents in October 2009. See Declaration of Kevin Flannigan, ¶7. | Plaintiff incorporates answer - 11 |
| 124. Plaintiff executed the corrected documents on or about November 12, 2009, which were returned to GMACM and became effective as of December 1, 2009 (the "Corrected Agreement"). See Declaration of Kevin Flannigan, ¶7, Ex. 6. | Plaintiff incorporates answer - 12 |
| 125. Following entry of the Corrected Agreement, in March 2010 Plaintiff applied for a further loan modification. See Declaration of Kevin Flannigan, ¶8, Exs. 2 and 7, Comment History at p. 65, and March 26, 2010 letter. | Plaintiff incorporates answer - 13 |
| 126. Despite having been previously advised that principal forgiveness could not be provided, Plaintiff renewed his request for cancellation of principal, which he pursued through numerous calls and letters to GMACM. See Declaration of Kevin Flannigan, ¶8, Exs. 2, 7, and 8, Comment History at pp. 66, 69, 70, 75, 81, 82, 83, 85, 86, 87, 89, 90, 92, 93, 94, 95, 112, 113, 116, 121, 140, 145, March 26, 2010 letter, and July 1, 2011 letter. | Plaintiff incorporates answer - 14 |
| 127. GMACM ultimately determined Plaintiff was ineligible for a further loan modification, including any principal reductions. See Declaration of Kevin Flannigan, ¶8, Ex. 2, Comment History at pp. 70, 85, 88, 92, 94, 117, 147. | Plaintiff incorporates answer - 15 |
| 128. The servicing rights for the Subject Loan were transferred by GMACM to Ocwen on or about February __, 2013. See Declaration of Kevin Flannigan, ¶9. | Plaintiff incorporates answer - 16 |
| 129. At this time, there is no non-judicial foreclosure process concerning the Subject Property. See Declaration of Kevin Flannigan, ¶10. | Plaintiff incorporates answer - 17 |
| 130. On July 6, 2012, Plaintiff initiated this | Plaintiff incorporates answer - 18 |

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| lawsuit.<br><br>See Declaration of Yaron Shaham, ¶3. | Plaintiff incorporates answer - 18 |
| 131.    After multiple pleading challenges, Ocwen answered Plaintiff's Second Amended Complaint on September 11, 2014.<br><br>See Declaration of Yaron Shaham, ¶4, Ex. A. | Plaintiff incorporates answer - 19 |
| 132.    The surviving claims in this case are Breach of Contract, Breach of the Covenant of Good Faith and Fair Dealing, Violation of Business and Professions Code § 17200, and Injunctive Relief. The third cause of action in Plaintiff's Second Amended Complaint was titled, "Statutory Relief". Ocwen's Demurrer to this claim was sustained, without prejudice, per the Court's September 8, 2014 Minute Order.<br><br>See Declaration of Yaron Shaham, ¶5, Ex. B. | Plaintiff incorporates answer - 20 |
| 133.    The parties did participate in mediation on April 21, 2015; however, it was unsuccessful.<br><br>See Declaration of Yaron Shaham, ¶6. | Plaintiff incorporates answer - 21 |
| 134.    As of the filing of this Motion, the Court has not set a trial date.<br><br>See Declaration of Yaron Shaham, ¶6. | Plaintiff incorporates answer - 22 |
| 135.    The servicing records show that although Plaintiff requested a principal reduction, he was informed prior to receiving the August 2009 Loan Modification Agreement he would not be receiving a principal reduction, but would instead be granted a principal deferment.<br><br>See Declaration of Kevin Flannigan, ¶11, Ex. 2, Comment History at p. 43. | Plaintiff incorporates answer - 23 |
| 136.    Those records further show GMACM explained the deferred principal would remain outstanding and would need to be repaid if Plaintiff paid off or refinanced the Subject Loan, and Plaintiff indicated he understood.<br><br>See Declaration of Kevin Flannigan, ¶11, Ex. 2, Comment History at p. 43. | Plaintiff incorporates answer - 24 |

SEPARATE STATEMENT OF DISPUTED MATERIAL FACTS

| DISPUTED MATERIAL FACTS AND SUPPORTING EVIDENCE | PLAINTIFFS' RESPONSE |
|---|---|
| 137. The Corrected Agreement, which was executed by Claimant and notarized, and contains an express statement that, together with the Note and Deed of Trust, it sets forth the entire understanding between the parties. See Declaration of Kevin Flannigan, ¶7, Ex. 6, Corrected Agreement at ¶ 9. | Plaintiff incorporates answer - 25 |
| 138. Ocwen has found no evidence that any improper charges were applied to his account. See Declaration of Kevin Flannigan, ¶12, Ex. 9, Payment History. | Plaintiff incorporates answer - 26 |
| 139. The payment history for the Subject Loan reflects that, where Plaintiff remitted payment in excess of the monthly amounts due, the excess amounts were recorded as "curtailment" payments and applied to reduce the principal balance of the Subject Loan pursuant to the terms of the Note. See Declaration of Kevin Flannigan, ¶12, Ex. 9, Payment History. | Plaintiff incorporates answer - 27 |
| 140. A review of the Payment History for the subject loan shows Plaintiff is making his loan payments. See Declaration of Kevin Flannigan, ¶13, Ex. 9, Payment History. | Plaintiff incorporates answer - 28 |

DATED: ___, 2015

By: _____

SEPARATE STATEMENT OF  DISPUTED MATERIAL FACTS

PROOF OF SERVICE
(Section 1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA   )

COUNTY OF ORANGE   )

I am *RESIDENT in* the county of Orange, State of California. I am over the age 18 and not a party to the within action. My address is 1201 E. Sudene Ave Fullerton, CA 92831

On ___6/1/2015___ I served the foregoing document(s) request for Request for Judicial notice. Julio Pichardo's respond to summary judgment requested by Ocwen Loan Servicing LLC. Evidence documenting Liens inserted into 8/5/09 Contract. Evidence supporting 8/5/09 as the Operative Contract. recorded & unrecorded notes, 1- 80 plus           TO:   Yaron Shaham
                    Severson & Werson
                    19100 Von Karmen Avenue #700
                    Irvine, CA 92612

## BY MAIL OR PERSONAL SERVICE

_____For additional interested parties, see attached.

_____by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

_____(BY OVERNIGHT EXPRESS MAIL) I deposited such envelope with postage thereon fully prepaid in the United States mail at facility regularly maintained by the United States Postal Service at Fullerton, CA.

__X__(BY MAIL) I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with U.S. Postal service on that same day in the ordinary course of business with postage thereon fully prepaid. I am aware that on motion of party service, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____BY PERSONAL SERVICE. By causing to be personally delivered copies to the person served.

_____BY PERSONAL SERVICE. Messenger Service delivered such envelope by hand to the office of the addressee.

## DECLARATION OF SERVICE BY FACSIMILE

_____BY FACSIMILE. I transmitted from a facsimile transmission machine whose telephone number is 714447 4707 the documents described above and an unsigned copy of this Declaration to the person(s) listed above.

Executed on ___6/1/2015___ at Fullerton, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Rocio Pichardo                              *Rocio Pichardo*

Type or Print Name                          (Signature)

## *TABLE OF CONTENTS (1-80)*

1- DOCUMENTS LETTER SENT TO GMAC LOSS MITIGATION ———————————— 3/23/2009  (1 PG)
2- GMAC REQUESTED ANALYSIS FORM TO INSERT LIENS AS A REQUIREMENT ———— FEB/2009   "
3-    "      "       "        "        "        "        "      "      "     "       " ————— FEB/2009   "
4- GMAC LETTER OF RESPONSE TO MODIFICATION ——————————————— 4/21/2009   "
5- LETTER ADVISING OF AGGRAVATING CONDITION BY GMAC FORECLOSURE THREATS —— 4/23/2009   "
6- SUPV. LETTER REFFERENCING TO LIENS W/ DEED OF TRUST & ASSIGNMENT OF RENT—— 6/23/2009   "
7- LETTER REFERING TO NEGOTIATING PRINCIPAL ON MODIFICATION——————— 5/13/2009   "
8- ASSINGMENT OF DEED OF TRUST REQUESTED BY GMAC INSERTED ON 8/5/09 CONTRACT— 2/2009   "
9- SHORT FORM DEED OF TRUST & ASSIGMENT OF RENTDRAWNED 10/12/95 RECORDED —— 11/30/04   "
10- GMAC MODIFICATION DENIAL LETTER DATED ——————————————— 7/62009   "
11- DEFAULT NOTICE SENT BY GMAC THREATENING  FORESCLOSURE & DEFAULT ———— 7/10/09   "
12- PROOF OF PAYMENT SENT UPON DEFAULT & FORECLOSURE THREATS ——— 6/19/09   "
13- GMAC MODIFICATION DENIAL LETTER SENT————————————————— 7/15/09   "
14- TREASURY DEPT. SENT TO WELLS FARGO TO INTERVENE WITH GMAC MODIFICATION —— 7/15/09   "
15- OPERATIVE MODIFICATION AGREEMENT DRAWNED 8/5/09 ————————— 8/5/09   "
16- MEDICAL RECORD SHOWING HOSPITALIZATION DUE TO GMAC FORCLOSURE THREATS —— 9/15/09
17- LETTER ASKING PAYMENT TO SHOW STATEMENT WITH NEW PRINCIPAL, INTEREST, LIENS- 8/28/09   "
18- UNEXECUTED AGREEMENT CREATED UNDER DURESS———————————— 11/10/09
19- MORTGAGE STATEMENTS SHOWING 8/5/09 OPERATIVE AGREEMENT TERMS & DETAILS ——ALL OF 2010
20- CHECK COPIES SHOWING EXTRA PAYMENTS REQUESTED BE MADE ——————— 2011 - 2013
21- LETTER OF HARDSHIP REQUESTED BY GMAC FOR MORE MODIFICATIONS —————— 3/26/10
22- FAX SENT TO REBECCA MAGNUS OF INCONSISTANCY ON 8/5/09 AGREEMENT ———— 3/31/10
23- HARDSHIP LETTER REQUESTED BY GMAC TO RESOLVE CONTRACT ISSUES ———— 4/14/10
24- GMAC REQUESTED LETTER OF HARDSHIP TO RESOLVE CONTRACT ISSUES ———— 4/28/10
25- LETTER ADVISING TO RESOLVE 8/5/09 AGREEMENT ISSUES ———————— 10/6/10
26- LETTER SENT TO GMAC CONCERNING AGREEMENT INCONSISTANCY ———— 2/22/12
27- LETTER ADDRESSING LIENS INSERTED ON AGREEMENT ——————————— 2/28/11
28- GMAC MODIFICATION DENIAL LETTER ——————————————————— 7/6/11
29- MODIFICATION DENIAL & DEFAULT LETTER SEN BY GMAC ——————————— 7/11/11
30- GMAC LETTER REQUESTING COMPLETED MODIFICATION PACKAGE ———————— 3/8/12
31- CFPB COMPLAINT SENT ———————————————————————— 3/20/12
32- RESPONSE TO TAMMY VERSLUIS AT GMAC —————————————————— 3/15/12
33- REDUCED PRINCIPAL LETTER TO CFPB ——————————————————— 3/20/12
34- LETTER SHOWING GMAC REFUSAL TO ANSWER TO HUD ON MODIFICATION AGREEMENT ——3/23/12
35- CFPB LETTERS REQUESTING REVIEW OF GMAC ACTIONS ——————————— 3/29/12
36- NOTICES & PHONE CALLS FROM GMAC REQUESTING PAYMENTS ———————— 5/26/12
37- GMAC RESPONSE TO 8/5/09 DOCUMENTS AGREEMENT ISSUES ——————————6/11/12
38- GMAC 2012 STATEMENT RESPONSE TO TERMS ON 8/5/09 AGREEMENT———————— 12/12
39- HEARING NOTICE FOR  HOSPITALIZATIONS & INJURY CAUSED BY GMAC ACTIONS ———— 8/16/12
40- OCWEN;S APPROVAL TO BUY GMAC LOANS ————————————————— 10/24/12
41- LETTER TO SEVERSON & WERSON OF IMPROPER HNADLING OF LOAN CONTRACT ——— 11/11/12
42- NOTICE TO SEVERSON & WERSON OF ALLEDGED LOAN VIOLATION ———————— 11/13/12
43- APPROVAL NOTIFICATION OF OCWEN LOAN PORTFOLIO PURCHASE FROM GMAC ——11/21/12
44- NOTIFICATION TO OCWEN OF COURT'S AGREEMENT CONTRACT ISSUES ————— 12/3/13
45- NOTICE FROM GMAC OF INTENTION TO DEMAND PAY-OFF ————————— 12/20/12
46- NOTIFICATION TO YAROM SHAHAM OF DEMURRER REMOVAL———————— 12/26/13
47- NOTIFICATION OF OCWEN'S PURCHASE OF GMAC LOANS ——————————— 1/31/13
48- NOTIFICATION FROM GMAC & OCWEN'S CEOS TRANSFER OF RATE, PRINCIPAL & PAYMENTS - 2/7/13
49- NOTICE TO IMPOSE 8/5/09 AGREEMENT TERMS W/LIENS INSERTED —————— 2/15/13
50- OCWEN'S NOTICE OF FEES CHARGED TO INSERT LIENS ALREADY IN AGREEMENT ———— 3/22/13
51- OCWEN'S DEMAND FOR PAY-OFF IN RESPONSE TO PRINCIPAL, RATE, & LIEN ON CONTRACT —— 4/12/13
52- NOTICE TO OCWEN TO IMPOSE 8/5/09 AGREEMENT ————————————— 4/25/13
53- NOTICE TO OCWEN TO RESOLVE AGREEMENT ISSUES TO COMFORM TO 8/5/09 AGREEMENT —— 7/23/13
54- NOTICE OF RULING TO ADDRESS ALL ISSUES TO OCWEN FROM N.Y.B.C. ——————— 4/24/13
55- NOTICE TO SEVERSON & WERSON OF N.Y.B.C. JUDGE TO DIRECT ALL ISSUES YO OCWEN ———— 7/24/13
56- OCWEN'S NOTIFICATION OF HALF TAXES FOR 2013 YEAR ———————————— 12/31/13
57- STATEMENT SHOWING OCWEN PALCING LOAN IN PAST-DUE STATUS ————————— 2/17/14

*(CONTINUED)*

58- PAYMENT OF CHECKS MADE TO OCWEN SHOWIN TIMELY MADE ————————12/13, 1/14, 2/14

59- LETTER TO YAROM SHAHAM ———————————————————————— 2/16/14

60- COMPLAINT OF SHORT SALE NOTICE FROM OCWEN ——————————————— 4/29/14

61- LETTERS TO OCWEN OF BREACHES ————————————————————— 4/30/14

62- OCWEN'S REQUESTS FOR MORE MODIFICATIONS ——————————————— 11/12/13

63- AMR. GURUPRASAD LETTER ADVISING OF PROPERTY SHORTSALE ——————— 11/12/13

64- MORE SHORTSALE NOTICES FROM OCWEN —————————————————— 5/19/14

65- PROOF OF CERTIFIED MAILING SENT TO OCWEN LOAN SERVICING LLC ————————————

66- PROOF OF CERTIFIED MAILING WITH NO RESPONSE SENT TO OCWEN'S REPRESENTATIVE —————

67- PROOF OF CERTIFIED MAILS SENT TO OCWEN, REPRESENTATIVE TO RESOLVE CONTRACT ISSUES

68- MORE CERTIFIED MAILING SENT TO OCWEN & COUNSEL WITH NO RESPONSE —————————————

69- 5/19/14 RULING

70- 9/8/14 RULING

71- DR. AZZAM SAMIR DECLARATION

**COURTFOLIO TABS®**   ~~SVGM1 PG30 OTA 99 BRIEFS~~
RESPONSE TO SEPARATED DISPUTED STATEMENT
FOR ALTERNATIVE SUMMARY JUSGEMENT   **LEGAL DIMENSIONS®**

| | ITEM DOC LET | TABLE OF CONTENTS 1-80+ | DATE |
|---|---|---|---|
| 1 | DATED | LETTER TO GMAC LOSS MITIGATION LOAN MODIFICATION | |
| 2 | #1 | REQUIRED FINANCIAL ANALYSIS LISTING RECEDED + UNRECORDED LIENS ASSIGNED TO REBECCA PICHARDO, ANGELA MORALES + LUZ SANTANA ... INSERTED AS AGREED ON 8/5/09 CONTRACT WITH INSTRUCTION NOT TO RECORD UNTIL PAID | |
| 3 | #2 | FINANCIAL ANALISYS DESCRIBING DEBTS WITH ACCRUED INTEREST FROM PURCHASE | |
| 4 | 4/21/09 | GMAC LETTER REQUESTING FINANCIAL ANALYSIS WITHIN 10 DAYS | 4/21/09 |
| 5 | 4/23/09 | LETTER DESCRIBING THREATS BY GMAC + PRINCIPAL FORGINESS | 4/23/09 |
| 6 | 6/23/09 | LETTER TO MODIFICATION PROCESSOR ADVISING LIENS SENT WERE REQUIRED TO CALCULATED + INSERT INTO MODIFICATION ASHWIN SUPV. | 6/23/09 |
| 7 | 5/18/09 | LETTER TO REVIEW OFFICER MARK CLAYTON DISCUSSED CLASSIFICATION OF REDUCTION + TERMS | 5/18/09 |
| 8 | 9/21/91 | ASSIGNMENT OF DEED OF TRUST TO LUZ SANTANA + ANGELA MORRES | 9/21/91 |
| 9 | 10/12/95 | 5TH DEED OF TRUST + ASSIGNMENT OF RENT MADE TO REBECCA PICHARDO 10/12/95 RECORDED 11/2004 AS CONDITION TO EX WIFES DIVORCE | 10/12/95 |
| 10 | 7/6/09 | GMAC DENIAL LETTER DUE TO FINANCIAL STATUS - NO PAYMENT MISSED | 7/6/09 |
| 11 | 7/10/09 | LETTER DEFAULTING LOAN - ERRONIOUSLY - REFERING LOAN FOR FORECLOSURE ERRONIOUSLY | 7/10/09 |
| 12 | 6/19/09 | PROOF THAT PAYMENT WAS TIMELY SENT + RECEIVED BY GMAC JUNE + JULY PAYMENT ENCLOSED | 6/19/09 |
| 13 | 7/15/09 | GMAC DENIAL LETTER + NOTICE TO SHORT SALE HOME - NO PAYMENT HAS BEEN MISSED | 7/15/09 |
| 14 | 7/15/09 | LETTER FROM TREASURY DEPT. ADVISING TO MODIFY LOAN - PAYMENT MADE | 7/15/09 |
| 15 | 7/24/13 | OCWEN CONTRACT SENT OF 8/5/09 MODIFICATION UPON REQUESTED OPERATIVE CONTRACT BE SENT. RULED BY COURT 5/12/14 + 9/8/14 CONTRACT EXECUTED + AGREED BY ALL PARTIES | 7/24/13 |
| 16 | 9/15/09 | MEDICAL REPORTS SHOWING HOSPITALIZATION AS EFFECT OF FORECLOSURE NOTICE FROM GMAC. DR AZZAM'S REPORT, GMAC THREAT TO SIGN A NEW CONTRACT OR BE FORECLOSED AGAIN WHILE AT HOSPITAL | 9/15/09 |
| 17 | 5/28/09 | REQUIRED STATMENTS WITH 8/5/09 CONTRACT TERMS OF PRINCIPAL FORGIVEN | 5/28/09 |
| 18 | 11/10/09 | UNEXECUTED CONTRACT OBTAINED UNDER DURESS THREAT OF FORECLOSURE SIGNED BY PLAINTIFF UNDER PROTEST TO SAVE HOME | 11/10/09 |
| 19 | 1/1/10 | ENTIRE 2010 YEAR STATEMENTS RELIED UPON BY PLAINTIFF WITH 8/5/09 CONTRACT TERMS | 1/1/10 THRU 12/1/10 |
| 20 | 11/3/09 | CHECK COPIES OF PAYMENTS SHOWING UNDUE PAYMENT AMOUNTS FROM 622.53 TO 748.45 PAYMENT SENT TO ESCROW APPLIED TO PRINCIPAL | 11/3/09 |

Case Name PICHARDO V. OCWEN LOANS/LL No. 30-2012-00581642 -S/L

©Legal Dimensions
(800) 535-7753

# GMAC LOSS MITIGATION LOAN MODIFICATION

### LOAN# 0359019299

### ENCLOSED PLEASE FIND DOCUMENTS REQUESTED BY YOUR AGENTS & MAIL FOR MODIFICATION.

### PLEASE BE ADVISED THAT I HAVE SENT FAXES AFTER FAXES WITH REQUIRED DOCUMENTS OVER & OVER AGAIN.

*(handwritten across top)* AVD #1 4660 & FERNRIA
To FIGUEROA 932 4/1/

## FINANCIAL ANALYSIS FORM

Account Number 035901 8299

| I want to: | ☑ Keep the Property | ☐ Sell the Property | |
|---|---|---|---|
| The property is my: | ☑ Primary Residence | ☐ Second Home | ☐ Investment |
| The property is: | ☑ Owner Occupied | ☐ Renter occupied | ☐ Vacant |

| BORROWER | CO-BORROWER |
|---|---|
| BORROWER'S NAME  Rocio Richardo | CO-BORROWER'S NAME  Julio C Richardo |
| SOCIAL SECURITY NUMBER  617 11 4304 | DATE OF BIRTH  5/6/78 | SOCIAL SECURITY NUMBER  110 407 7374 | DATE OF BIRTH  3/10/54 |
| HOME PHONE NUMBER WITH AREA CODE  714 447-4207 | HOME PHONE NUMBER WITH AREA CODE  714 447-4207 |
| CELL OR WORK NUMBER WITH AREA CODE | CELL OR WORK NUMBER WITH AREA CODE |

MAILING ADDRESS  1201 E. Sudene Ave Fullerton CA 92831

PROPERTY ADDRESS (IF SAME AS MAILING ADDRESS, JUST WRITE SAME)  SAME      EMAIL ADDRESS

| Is the property listed for sale?  ☐ Yes ☑ No | Have you contacted a credit-counseling agency for help? |
|---|---|
| Have you received an offer on the property?  ☐ Yes ☑ No | ☑ Yes   ☐ No |
| Date of offer _____ Amount of Offer $ _____ | If yes, please complete counselor contact information below. |
| Agent's Name: | Counselor's Name: |
| Agent's Phone Number: | Counselor's Phone Number: |
| For Sale by Owner?  ☐ Yes  ☐ No | Counselor's Email: |

| Who pays the Real Estate Tax bill on your property?  ☐ I do  ☑ Lender does | Who pays the hazard insurance policy for your property?  ☐ I do  ☑ Lender Does  ☐ Paid by Condo or HOA |
|---|---|
| Are the taxes current?  ☑ Yes  ☐ No | Is the policy current?  ☑ Yes  ☐ No |
| Condominium or HOA Fee  ☐ Yes  ☐ No $ ___ | Name of Insurance Co.  Farmers |
| Paid to: | Insurance Co. Tel #:  714 |

| Have you filed for bankruptcy?  Yes ☐ No ☑ | If yes:  ☐ Chapter 7  ☐ Chapter 13   Filing Date: _____ |
|---|---|
| Has your bankruptcy been discharged?  ☐ Yes ☐ No | Bankruptcy case number: _____ |

If there are additional Liens/Mortgages or Judgments on this property, please name the person(s), company or firm and their telephone numbers.
Lien Holder's Name/Servicer      Balance        Contact Number 714-227664   Loan Number

*(handwritten lien entries)*

## HARDSHIP AFFIDAVIT

I am having difficulty making my monthly payment because of financial difficulties created by (Please check all that apply).

☑ My household income has been reduced or lost. For example unemployment, underemployment, reduced pay or hours, decline in business earnings, death in family, serious or chronic illness, permanent or short-term disability, incarceration, increased family responsibilities (adoption or birth of a child, taking care of elderly relatives or other family members) or divorce of a borrower or co-borrower.

☑ My monthly debt payments are excessive and I am overextended with my creditors. Debt includes credit cards, home equity or other debt.

☑ My expenses have increased. For example: monthly mortgage payment has increased or will increase, high medical or health care costs, uninsured losses (such as those due to fires or natural disasters), increased property taxes, or unexpectedly high utilities.

☐ My cash reserves, including all liquid assets, are insufficient to maintain my current mortgage payment and cover basic living expenses at the same time. Cash reserves include assets such as cash, savings, money market funds, marketable stocks or bonds (excluding retirement accounts). Cash reserves do not include assets that serve as an emergency fund (generally equal to three times my monthly debt payments).

☐ Other

Explanation (Required):  HARDSHIP letter enclosed
Please see documentation enclosed showing debt & bills past due
Update and records & enclosed documents
Please do not take acceleration thank you

If additional space is needed for Explanation, please include an additional page.

# FINANCIAL ANALYSIS FORM
(Continued)

Account Number 0359019299

## INCOME/EXPENSES FOR HOUSEHOLD ___4___ NUMBER OF PEOPLE IN HOUSEHOLD

| 1 - Monthly Household Income | | 2 - Monthly Household Expenses/Debt | | 3 - Household Assets | |
|---|---|---|---|---|---|
| Gross Salary/Wages | | | | | |
| Gross salary/wages = total monthly income before any tax withholding or employer deductions. | $ | First Mortgage Payment | $ 656.54 | Checking Account(s) Balance | $15.00 |
| Overtime | $ | Second Mortgage Payment/Lien/Rent | $ 800.00 | Checking Accounts Balance | $ |
| Child Support/Alimony* | $ | Insurance -- hazard, wind, flood, etc (if not escrowed and included in your current mortgage payment) | $ | Savings/Money Market | $ |
| Social Security/SSDI | $ 434.00 / $ 437.00 | Property Taxes (if not escrowed and included in your current mortgage payment) | $ | CDs | $ |
| Other monthly income from pensions, annuities or retirement plans | $ | Credit Cards/Installment Loan(s) (total minimum payment per month) | $ 100.00 | Stocks/Bonds | $ |
| Tips, commissions, bonus and self-employed income | $ | Alimony, child support payments | $ | Other Cash on Hand | $ |
| Rents Received | $ | Health Insurance MEDICARE MEDICAID | $ | Other Real Estate (estimated value) | $ |
| Unemployment Income | $ | HOA/Condo Fees/Property Maintenance | $ | Other | $ |
| Food Stamps/Welfare | $ | Car Payments | $ 160.00 | | |
| Other (investment income, royalties, interest, dividends etc) | $ | Medical Expenses MEDICARE MEDICAL | $ | Do not include the value of life insurance or retirement plans when calculating assets (401k, pension funds, annuities, IRAs, Keogh plans, etc) | |
| | | Child Care | $ | | |
| | | Student Loans/Personal Loans | $ | | |
| | | Auto Expenses/Gasoline/Insurance | $ 140.00 | | |
| | | Food/Household Supplies | $ 80.00 | | |
| | | Water/Sewer/Utilities/Phone(s)/Cable | $ 640.00 | | |
| | | Other | $ | | |
| Total (Gross Income) | $1400.00 | Total Debt/Expenses | $ 1776.55 | Total Assets | $15.00 |

****ALL INCOME MUST BE DOCUMENTED****

*Include combined income and expenses from the borrower and co-borrower (if any). If you include income and expenses from a household member who is not a borrower, please specify using a separate page if necessary. You are not required to disclose Child Support, Alimony or Separation Maintenance income, unless you choose to have it considered by your servicer.

If additional space is needed, please include an additional page.

## INFORMATION FOR GOVERNMENT MONITORING PURPOSES

The following information is requested by the federal government in order to monitor compliance with federal statutes that prohibit discrimination in housing. You are not required to furnish this information, but are encouraged to do so. The law provides that a lender or servicer may not discriminate either on the basis of this information, or on whether you choose to furnish it. If you furnish the information, please provide both ethnicity and race. For race, you may check more than one designation. If you do not furnish ethnicity, race, or sex, the lender or servicer is required to note the information on the basis of visual observation or surname if you have made this request for a loan modification in person. If you do not wish to furnish the information, please check the box below.

| BORROWER | I do not wish to furnish this information | CO-BORROWER | I do not wish to furnish this information |
|---|---|---|---|
| Ethnicity: | ☒ Hispanic or Latino<br>☐ Not Hispanic or Latino | Ethnicity: | ☐ Hispanic or Latino<br>☐ Not Hispanic or Latino |
| Race: | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White | Race: | ☐ American Indian or Alaska Native<br>☐ Asian<br>☐ Black or African American<br>☐ Native Hawaiian or Other Pacific Islander<br>☐ White |
| Sex: | ☒ Female<br>☐ Male | Sex: | ☐ Female<br>☑ Male |

| To be Completed by Interviewer | | | |
|---|---|---|---|
| This application was taken by: | Interviewer's Name (print or type) & ID Number | | Name/Address of Interviewer's Employer |
| ☐ Face-to-face interview<br>☐ Mail<br>☐ Telephone<br>☐ Internet | Interviewer's Signature | Date | |
| | Interviewer's Phone Number (include area code) | | |

GMAC Mortgage
3451 Hammond Ave
PO Box 780
Waterloo, IA 50704-0780

**GMAC Mortgage**

April 21, 2009

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON, CA 92831-4711

lllmllllllllllllllllllllllllllllllllllllllll

RE:     Account Number          0359019299
        Property Address        1201 EAST SUDENE AVENUE
                                FULLERTON, CA 92831

Dear ROCIO PICHARDO JULIO PICHARDO

Thank you for contacting our offices to discuss your loan. In our current economy we understand and sympathize with families like yours where you are experiencing unfortunate financial difficulties. It is our commitment to you that we will work with you towards identifying possible options which may provide a solution to your situation.

Enclosed is our Financial Analysis Form. This document was designed to help us determine the best possible solution to meet your specific needs. Please complete and return these forms and the requested documentation to our office within 10 days. You may qualify for programs including the Obama administration's Making Home Affordable Refinance and Modification plan. To learn more about this program and eligibility requirements visit www.financialstability.gov.

At times like these we feel it is important for you to seek financial advice from a trusted source experienced with situations like yours. We therefore, would recommend you call **1.800.CALL.FHA** to find a HUD-certified housing counseling agency to discuss your needs. If possible, we appreciate you continuing to make your monthly payment until you are notified of possible options. For many customers, a home is their biggest and most important investment. To help solidify your financial ability to protect this investment, we ask you to review other monthly expenses to determine if any costs can be reduced or eliminated. Reducing cost related to non-necessities can free additional funds, and may increase the available options for assistance.

If you have any questions completing these financial analysis forms please contact our office at 1-866-262-5363, Monday-Friday from 8:00AM-5:00PM, Central Time.

Customer Care
Loan Servicing

Enclosures

*LOSS MITIGATION DEPARTMENT*
*GMAC DEBT FORGIVENESS DEPARTMENT*      04/23/09
*2711 NOTH HASKELL AVE*
*DALLAS TEXAS 75204*

**TO: LOAN OFFICERS**
**RE: DEBT FORGIVENESS PROGRAM**
    **LOAN NUMBER # 359019299.**

GENTLEMEN; PLEASE SEE THAT I HAVE SUBMITTED LOAN DOCUMENTS SEVERAL TIMES ALREADY.

MY REQUEST IS THAT YOU MAY PLACE ME INTO THE DEBT FORGIVENESS PROGRAM AS WE CANNOT
CONTINUE TO MAKE THE MORTGAGE PAYMENT AS USUAL DUE TO THE FOLLOWING.

I HAVE BEEN BORROWING MONEY FROM MY FAMILY, BUT THIS HAS CHANGED, AS THEY CANNOT KEEP
LENDING ME MONEY INDEFINITELY.

PLEASE BE ADVISED THAT I HAVE BEEN & WILL BE PERMANENTLY DISABLED DUE TO: HEART PROBLEM,
(4) FOUR HERNIAS IN MY BACK WITH DEGENERATIVE DISEASE, ARTHRITIS, HIGH BLOOD PRESSURE,
MIGRAINES, & STRESS. MY FATHER HAD (5) FIVE HEART BYPASSES DIED & MY MOTHER ALSO DIED WITH
COMPLICATIONS.

    ENCLOSED YOU MAY FIND VERIFICATION OF DEPOSITS FROM SOCIAL SECURITY OF MY INCOME
OF $934.00 FOR MYSELF, $233.00 FOR RUTH JOYCE PICHARDO MY DAUGHTER (10) 233.00 FOR ROCIO PICHARDO
MY WIFE. THERE IS NO INCOME FOR MY SON SAMUEL PICHARDO (5), AS WE ARE AT MAXIMUM BENEFITS.

PLEASE NOTE THAT I WAS WARNED BY GMAC TO MAKE THE JANUARY PAYMENT OR FACE THE CONSEQUENCES.
THIS SENT ME TO HOSPITAL IN EMERGENCY WITH HEART PROBLEM AND HIGH BLOOD PRESSURE.

IN FEBRUARY I WAS ADVISED OF THE SAME THING. AGAIN I ENDED UP IN THE HOSPITAL.

IN MARCH, AGAIN I WAS WARNED TO MAKE THE MORTGAGE PAYMENT OR FACE THE CONSEQUENCES.
AGAIN THIS PLACED ME IN THE HOSPITAL AT EMERGENCY.

IN APRIL THE SAME HAPPENED. A FEW TIMES I WAS ADMITTED AT HOSPITAL BECAUSE OF THE SAME REASON.
THE DOCTORS WERE CONCERNED AND ASKED ME WHAT WAS SO SEVERE THAT WAS CAUSING MY BLOOD
PRESSURE TO GO OUT OF CONTROL. I ADVISED THEM THAT MY WORRY WAS MY FAMILY WITH MY SITUATION.

I WAS ADMITTED SEVERAL TIMES TO THE HOSPITAL AND IT TOOK THEM SEVERAL WEEKS TO HAVE CONTROL
MY BLOOD PRESSURE.

PLEASE NOTE I HAVE MEDICARE & MEDICAL, MY WIFE & KIDS HAVE MEDICAL.
I HAVE SPOKEN MANY TIMES WITH LOAN MODIFICATION OFFICERS TO NO AVAIL.

PLEASE NOTE I HAVE REQUESTED SENATOR'S FIENSTEIN TO INTERFERE AS I SEE NO HELP SO FAR.
THEY HAVE ADVISED ME TO OBTAIN CONTACT IN LOAN MODIFICATION DEPARMENT IN ORDER TO DO FOLLOW
UP AS THEY INFORMED ME I QUALIFY FOR THE DEBT FORGIVENESS PROGRAM.

PLEASE PROCESS REQUEST IMMEDIATELY AS I HAVE SUBMITTED DOCUMENTS SEVERAL TIMES SINCE JANUARY
AND TO DATE I HAVE NO RESPONSE FROM GMAC ABOUT DEBT FORGIVENESS PROGRAM REQUEST.

PLEASE NOTE I WILL NOT BE ABLE TO MAKE MAY'S PAYMENT DUE TO SITUATION MENTIONED ABOVE

IN ADDITION I WILL HAVE TO RESOLVE THE ISSUE OF TAXES AND INSURANCE . I DON'T KNOW HOW.
PLEASE NOTE THESE ARE THE REASONS FOR REQUESTING THE DEBT FORGIVENESS PROGRAM AS MY INCOME
WONT ALLOW ME TO DO MUCH.
YOUR PROMPT RESPONSE IS GREATLY APPRECIATED.

    JULIO PICHARDO

MODIFICATION DEPARTMENT
LOSS MITIGATION
2711 NORTH HASKELL AVE
DALLAS TEXAS 75204

06/23/09

TO: ASHWIN SUPERVISOR.
RE: NOTES PREDATING GMAC LOAN

ATT; ASHWIN; AS PER MY CONVERSATION WITH YOU SEVERAL DAYS AGO, IT HAS BEEN
NECESSARY TO ADDRESS PROMISSORY NOTES EXISTING PRIOR TO GMAC LOAN.

ACCORDING TO YOU THIS INFORMATION WILL MAKE POSSIBLE THE MODIFICATION OF THIS
LOAN. I REPEATED TO YOU THE IMPORTANCE OF NOT CAUSING NOTES TO BE CALLED AS IT
DEALT WITH MY EX-WIFE, SOMETHING I DO NOT NEED TO DO, & IT COULD CAUSE OTHER
UNRESOLVABLE ISSUES.

IN REALITY MY CONDITION HAS WORSENED WHERE I HAVE TO TAKE MORE MEDICATION
EACH TIME.

ENCLOSED YOU MAY FIND COPIES OF DRAWN UP DOCUMENTS WHEN PROPERTY WAS SOLD
TO ME & MY EX-WIFE IN 1991.    AS I CAN REMEMBER, PARTIES AT INTEREST WERE
DELEGATED ASSIGNMENT OF DEED OF TRUST DATING FROM 1991, 1994, 1995, WITH INTEREST
DISTRIBUTED, 2004. 2005. ASSUMING REPLACEMENT OF BENEFICIARIES ON NOTES FROM
ORIGINAL PARTIES RANDOLF ICE, DIANE ICE & MARY ROBERTA ICE IN 1991 SALE.

WE WERE SIMPLY ASKED TO SIGN IN THE DOTTED LINE, & THE PERSON WOULD HANDLE
FILLING IN THE BLANKS.    SUCH WAS THE PROCESS OF THE MORTGAGE LOAN THEN.

THIS WAS NECESSARY, AS WE HAD NOT THE AMOUNT REQUESTED FOR PURCHASE, SO THE
PREVIOUS OWNERS DECIDED TO ISSUE A NOTE WITH ASSIGNMENT OF RENT SECURED BY
DEED OF TRUST IN THE FORM OF A NOTE WHICH WAS ASSIGNED & DISTRIBUTED TO
PARTIES BELOW AS FOLLOWS:

NOTE WAS TO BE REASSIGNED FROM: RANDOLF ICE, DIANE ICE, & MARY ROBERTA ICE
TO: LUZ M. SANTANA 1991, ANGELA MORALES 1995, & REBECCA PICHARDO. ALL WITH POWER
OF DEED OF TRUST, & SECURED WITH UNRECORDED QUIT CLAIM THUS SECURING THEIR
INVESTMENT. ANY & ALL ACTIONS IN THIS MATTER WERE INDUCED BY LOAN PROCESSOR.

I AM REQUESTING THAT YOU NOT CAUSE NOTES TO BE CALLED, AS IT WILL EQUAL
PRIMARILY MOST OF THIS HOME VALUE ABSORBING LOAN AMOUNT WITH THE 9% INTEREST
RATE WITH ACCRUED ASSIGNED RENT DUE FROM DATE ISSUED OF 1991 TO PRESENT.

THE ABOVE NOTE AMOUNTS TO $85,000.00 NOT TO INCLUDE 9% INTEREST UNPAID TO DATE
& ASSIGNED RENT DUE.

SHOULD YOU HAVE ANY QUESTIONS PLEASE BE SO KIND AS TO REQUESTED FROM ME ANY
TIME.
THANK YOU KINDLY.
JULIO PICHARDO

**GMAC MORTGAGE COMPANY**
**2711 NORTH HASKELL AVE, AVE SUITE 900**                    05/18/09

TO: LOAN MODIFICATION DEPARTMENT
FROM: JULIO PICHARDO
RE: LOAN MODIFICATION STATUS
     LOAN NUMBER: 0359019299

ATT: MARK CLAYTON -- LOAN MODIFICATION REVIEW OFFICER.

MARK; AS YOU ARE THE PERSON IN CHARGE OF MY LOAN FOR MODIFICATION; PLEASE
INFORM ME OF STATUS ON LOAN.

AFTER SPEAKING WITH A HUD AGENT IN THE LOS ANGELES DISTRICT, HE ADVISED ME
TO REQUEST AN ANSWER FROM YOU WITHIN 14 DAYS.

HE IS THE PERSONA IN CHARGE OF THE FREDDY MACK & FREDDY MAE LOANS IN THAT
DIVISION.

AS MY LAST MAILING TO YOU CERTIFIED, THIS REQUEST IS BEING DONE IN THE SAME
FASHION.  THIS OFFICER HAS ADVISED THAT YOU SHOULD BE ANSWERING IN 14 DAYS.

I WAS ADVISED BY RAI YOUR MANAGER, WE WOULD BE PLACED UNDER THE
CLASSIFICATION REQUESTED, INCLUDING HE QUOTED TO ME A MONTHLY PAYMENT I
WOULD BE REQUIRED TO PAY $531.00A MONTH. SHOULD THIS BE SO, PLEASE INFORM ME
THAT I MAY START PUTTING THIS MONEY TOGETHER AS SSON AS POSSIBLE.

WE ARE SORRY FOR THE INCONVENIENCE & REGRET HAVING TO CALL FOR STATUS, BUT I
HAVE NO OTHER CHOICE.

     YOUR PROMPT WRITTEN  RESPONSE IS GREATLY REQUIRED & APPRECIATED.
MY PHONE NUMBER IS 714 447-4207.

     JULIO PICHARDO

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO.

NAME ⌜ ANGELA MORALES
STREET    1201 E. SUDENE AVE.
ADDRESS
CITY      FULLERTON
STATE      CA.
ZIP    ⌞ 92831          ⌟

THIS SPACE FOR RECORDER'S USE ONLY

ASSESSOR'S PARCEL NO. 033-291-11
TITLE ORDER NO:
ESCROW NO:

## PROMISSORY NOTE
## SECURED BY DEED OF TRUST

This promissory NOTE MADE  4-30-98,                    , between
JULIO PICHARDO and ROCIO PICHARDO

herein called TRUSTOR,

whose address is 1201 E SUDENE AVE. FULLERTON CA. 92831
                    (Number and Street)                    (City)                    (State)

LUZ M. SANTANA & ANGELA MORALES herein called TRUSTEE, and BENEFICIARY

LUZ M. SANTANA & ANGELA MORALES

herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in Trust, with Power of Sale, that property in the CITY OF FULLERTON
                                        County of ORANGE    , State of California, described as

1201 E. Sudene Ave  LOT #5 TRACT 1354

INSTRUMENT REPLACES    DOCUMENT NUMBER: 91-529044 in book 45.

TOGETHER WITH the rents, issues and profits thereof. SUBJECT, HOWEVER, to the right, power and
authority hereinafter given to and conferred upon Beneficiary by Paragraph (10) of the provisions
incorporated herein by reference to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: 1. Performance of each agreement of Trustor incorporated by
reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of
even date herewith, and any extension or renewal thereof.

In the principal sum of $            $24,000.00 dollars            , executed by Trustor in favor
of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property
hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so
assured.

The undersigned Trustor requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbelow set forth.

STATE OF CALIFORNIA,
COUNTY OF _____ } ss.

_____ before me, the
undersigned, a Notary Public in and for said State, personally appeared
_____
_____
                                        personally
_____
_____
instrument and acknowledged that ____ executed the same.
WITNESS my hand and official seal.

_____

Signature of Trustor

_____
JULIO PICHARDO
ROCIO PICHARDO

Stephen Charles Iverson
COMM. # 1193576
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
COMM. EXP. AUG. 24, 2002

S · 9

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:

NAME    Rebecca Pichardo
STREET
ADDRESS    1201 E. Sudene ave
CITY    Fullerton ca 92831
STATE
ZIP

**Recorded in Official Records, Orange County**
**Tom Daly, Clerk-Recorder**

15.00

2004001063297 03:51pm 11/30/04
130 51 D11 A36  2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

THIS SPACE FOR RECORDER'S USE ONLY

# SHORT FORM DEED OF TRUST
# AND ASSIGNMENT OF RENTS

ASSESSOR'S PARCEL NO. 033-291-11
TITLE ORDER NO:
ESCROW NO:

This DEED OF TRUST, made    10-12-95    , between
JULIO PICHARDO

herein called TRUSTOR,

whose address is    1201 East Sudene Avenue, Fullerton, Ca.  92631.
(Number and Street)          (City)          (State)

REBECA PICHARDO    herein called TRUSTEE. and

REBECCA PICHARDO

herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in Trust, with Power of Sale, that property in the    City of Fullerton
a County of Orange    . State of California, described as:

Lot #5 Tract 1354    1201 E. Sudene avenue Fullerton California, 92831
INSTRUMENT REPLACES    DOCUMENT NUMBER: 91-529044

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary by Paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof,

in the principal sum of $24,000.00, Twenty 4 thousand dollars executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured. 9% INTEREST IMPOUNDED FROM DATE ISSUED

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA
COUNTY OF ORANGE    } ss.
ON OCTOBER 31 1995    before me, the
undersigned, a Notary Public in and for said State, personally appeared
JULIO C. PICHARDO

Signature of Trustor

Julio Pichardo    11/20/04

personally
known to me or proved to me on the basis of satisfactory evidence) to be
the person S   whose name ARE subscribed to the within
instrument and acknowledged that THEY executed the same.
WITNESS my hand and official seal.

Signature

Name (Typed or printed)    DANIEL L. COLOMAN

DANIEL L. COLOMAN
COMM # 1007090
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Commission Expires Oct. 17, 1997

(This area for official notarial seal)

Document Number: 2004001063297 Page: 1 of 3

STATE OF CALIFORNIA          }
COUNTY OF ORANGE             } SS.
                            }

On November 30, 2004 before me, ELEONORE DUTKUS _____ personally
appeared JULIO PICHARDO _____ personally known to me (or proved to
me on the basis of satisfactory evidence) to be the person (s) whose name (s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity (ies), and that by his /her/their signatures (s) on the instrument the person (s)
or entity upon behalf of which the person (s) acted, executed the instrument.

WITNESS my hand and official seal.

Signature _Eleonore Dutkus_

ELEONORE DUTKUS
COMM. # 1433903
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
COMM. EXP. SEPT. 2, 2007

(this area for official notarial seal)

## GOVERNMENT CODE 27361.7

I certify under penalty of perjury that the Notary Seal on the document to which this statement is
attached reads as follows:

NAME OF THE
NOTARY: _____

DATE COMMISSION EXPIRES: _____

COUNTY WHERE BOND IS FILED: _____

COMMISSION NUMBER: _____

MANUFACTURER/VENDOR NUMBER: _____

PLACE OF EXECUTION: _____ DATE: _____

SIGNATURE: _____

I certify under penalty of perjury and the laws of the State of California that the illegible portion
of this document to which this statement is attached reads as follows:

Place Execution_____ Date _____

Signature _____



THIS IS A CERTIFIED COPY OF THE
RECORD IF IT BEARS THE SEAL, AND
SIGNATURE OF THE ORANGE
COUNTY CLERK-RECORDER.
DATE: 12/1/2014
CERTIFICATION FEE: 3.00

COUNTY CLERK-RECORDER

*Hugh Nguyen*

ORANGE COUNTY
STATE OF CALIFORNIA

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704 0780

07/06/09

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE

FULLERTON        CA 92831-4711

RE:    Account Number        0359019299
       Property Address      1201 EAST SUDENE AVENUE

                             FULLERTON        CA 92831-4711

Dear    ROCIO PICHARDO
        JULIO PICHARDO

The financial information submitted by you for consideration of a x has been reviewed.  We are
unable to approve your request for the following reason(s):

[ ]  The financial information provided shows you have insufficient income to support your
request.  We recommend you consider selling your property. If the value of your property has
declined and would not result in a full payoff of the mortgage please contact our office when an
offer is received so we can review for a possible short sale.

[ ]  The financial information provided shows that your income is sufficient to cover your
mortgage obligation.

[ ]  You do not have sufficient income to support your monthly expenses; however, some of
your expenses could be reduced.  We recommend you contact your other creditors to lower
their monthly payments before workout solutions can be considered on your mortgage.

03/20/2012   6:43PM (GMT-04:00)

Account Number   0359019299
Page Two

[ ]   We previously requested additional information from you which has not been received; therefore, we are unable to continue our review for workout solutions.

[ ]   Denied by Investor

[X]   Modification

At times like these we feel it is important for you to seek financial advice from a trusted source experienced with situations like yours.  Therefore, we recommend you call 1.800.CALL.FHA to find a HUD-Certified housing counseling agency to discuss your needs.

If you have any questions regarding the above decision, please contact our office at 800-850-4622, between the hours of 7:00 a.m. and 9:00 p.m. Monday through Thursday Central Standard time, 7:00 a.m. to 6:00 p.m. Central Standard time Friday, and 8:00 a.m. to 12:00 p.m. Central Standard time on Saturday.

Loss Mitigation Department
Loan Servicing

Notice:  Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

If you are currently involved in a bankruptcy proceeding or have been discharged of your personal liability for the repayment of this debt, this notice is being provided for informational purposes only, it is not an attempt to hold you personally responsible for the debt and any rights we may chose to pursue will be exercised against the property only.

5:90

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

07/10/09                    047910-000719

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE

FULLERTON CA 92831-4711

RE:   Account Number   .   0359019299
      Property Address     1201 EAST SUDENE AVENUE

                           FULLERTON CA 92831-4711



Dear ROCIO PICHARDO
     JULIO PICHARDO

Disclosure:  If you are already working with the Loss Mitigation
department on a special forbearance or other foreclosure
prevention alternatives, this letter does not apply to you.
However, you may want to take advantage of the Homeownership
Counseling information contained within this letter.

Your account is in default under the terms of the mortgage.
The mortgage payments of $         3216.70 for the months
of 06/01/09 through 07/01/09, are past due.  If you have
already mailed these payments, please accept our thanks.

Due to the unresolved delinquency on your account, you may be
experiencing temporary or permanent financial problems that led
to the default.  Your account could soon be referred to
foreclosure if the default is not resolved.  We would like to
discuss possible loss mitigation options, which may be available
to you to resolve the delinquency and avoid foreclosure.  A brief
description of these options follows.

If you have experienced a temporary loss of income or increase
in expenses and now have sufficient income to make increased
payments, we may be able to work out a REPAYMENT PLAN.

LOAN MODIFICATION: A loan modification capitalizes delinquent
payments into the unpaid principal balance.  This may be
completed if you are unable to make temporary increased monthly
payments, yet can still afford your mortgage payments.

*Loan # 0359019291*

*170 302005/61*

```
FULLERTON MAIN POST OFFICE
       FULLERTON, California
            928349000
        0569190350 -0098
06/19/2009   (800)275-8777      01:05:56 PM

              Sales Receipt
Product              Sale  Unit      Final
Description          Qty   Price     Price
-----------------------------------------------
DALLAS TX 75204 Zone-6               $17.50
Express Mail PO-Add
Flat Rate
2.40 oz.
Label #:     EN693174572US
Next Day Noon  / Normal Delivery
Signature Requested
Return Rcpt (Green Card)             $2.30
                                  ----------
Issue PVI:                          $19.80

                                  ==========
Total:                              $19.80

Paid by:
Cash                                $20.00
Change Due:                         -$0.20

Order stamps at USPS.com/shop or call
1-800-stamp24. Go to USPS.com/clicknship
to print shipping labels with postage.
For other information call 1-800-ASK-USPS.

Bill#: 1000202657350
Clerk: 05

     All sales final on stamps and postage
     Refunds for guaranteed services only
          Thank you for your business
*********************************
*********************************
            PICK UP A FREE
         RECYCLING ENVELOPE
    Take an envelope to recycle your inkjet
cartridge, cell phone or small electronics
               free of charge!
*********************************
*********************************

*********************************
*********************************
         HELP US SERVE YOU BETTER

      Go to: http://gx.gallup.com/pos

      TELL US ABOUT YOUR RECENT
          POSTAL EXPERIENCE

         YOUR OPINION COUNTS
*********************************
*********************************


               Customer Copy
```

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780



07/15/09

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE

FULLERTON       CA 92831-4711

RE:     Account Number        0359019299
        Property Address       1201 EAST SUDENE AVENUE

                               FULLERTON        CA 92831-4711

Dear    ROCIO PICHARDO
        JULIO PICHARDO

The financial information submitted by you for consideration of a has been reviewed. We are
unable to approve your request for the following reason(s):

[ X ]   The financial information provided shows you have insufficient income to support your
request. We recommend you consider selling your property. If the value of your property has
declined and would not result in a full payoff of the mortgage please contact our office when an
offer is received so we can review for a possible short sale.

[ ]   The financial information provided shows that your income is sufficient to cover your
mortgage obligation.

[ ]   You do not have sufficient income to support your monthly expenses; however, some of
your expenses could be reduced. We recommend you contact your other creditors to lower
their monthly payments before workout solutions can be considered on your mortgage.

**14**

LAURIE MAGGIANO                              rj7sam1     Profile          Sign Out     Home

Contacts

Actions          Apply

Laurie MaggianoGetFreePhone, Address, Pics b/b... www.Spo...     Sponsored

Inbox (2)

Drafts (48)          **Re: Customer Concern**

Sent                 From: "rocio pichardo" <rj7sam1@yahoo.com>

Spam (783)           To: Laurie.Maggiano@do.treas.gov

Trash (41)

My Folders           mrs maggiano please note name correction my name is julio pichardo.  thank you

— On Wed, 7/15/09, Laurie.Maggiano@do.treas.gov
<Laurie.Maggiano@do.treas.gov> wrote:

From: Laurie.Maggiano@do.treas.gov <Laurie.Maggiano@do.treas.gov>
Subject: Customer Concern
To: Edward.R.Delgado@wellsfargo.com
Cc: catherine_a_short@fanniemae.com, RJ7Sam1@yahoo.com
Date: Wednesday, July 15, 2009, 9:04 AM

Ed,

Mr. Julio Petrado (714-447-4207) is a GMAC customer in California.  He is
on permanent disability and is unable to make his current scheduled
payment.  He has been working with GMAC/Wells for several months to
obtain a loan modification and represents that he has been offered a
number of payment plans ranging from $400 per month which is 31% of his
income to $1,200 per month when his disability income is $1,400.  He
indicated that he made payments of $800 per month for May and June,
thinking that this was a modification but is now being told he is delinquent.

Can you please have staff, contact him, review the case history and report
back to Catherine and me the numeric results of the NPV test, to determine
if Mr. Petrado is eligible for a Home Affordable Modification.  If he is not
eligible, can you please let us know what other loss mitigation options you
can offer him in writing, so that he has a definite plan of action.

Thank you,

Laurie Maggiano

Actions          Apply



# EXHIBIT
## A

EXHIBIT A



O C W E N

Ocwen Loan Servicing, LLC
PO Box 780
Waterloo IA 50704-0780
HELPING HOMEOWNERS IS WHAT WE DO!™
OCWEN.MORTGAGEBANKSITE.COM

07/24/13

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE

FULLERTON    CA 92831-4711

RE:    Account Number        0359019299
       Property Address      1201 EAST SUDENE AVENUE

                             FULLERTON        CA 92831-4711

Dear    ROCIO PICHARDO
        JULIO PICHARDO

Thank you for contacting us about your account. Enclosed is the information you
requested.

If you have any questions, we are here to help. Please call our office at 800-766-4622
(weekdays, 6:00 a.m. - 10:00 p.m. CT; Saturday, 9:00 a.m. - 1:00 p.m.).

Customer Care
Loan Servicing

Enclosure

2:01

Record & Return To:

GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702

---

————————————————[Space Above This Line For Recorder's Use]————————————————

# FIXED RATE LOAN MODIFICATION AGREEMENT

*3590192 99*
*1701102338*

This Loan Modification Agreement ("Agreement") made this September 1, 2009 ("Effective
Date") between ROCIO PICHARDO   JULIO PICHARDO      ("Borrower") and GMAC Mortgage, LLC
("Lender"), amends and supplements that certain promissory note ("Note") dated July 31, 2003 in the original
principal sum of One Hundred Ninety Nine Thousand  Dollars and No Cents ($ 199,000.00)executed by
Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"),
dated the same date as the Note, and if applicable, recorded on  with Instrument Number  in Book  and/or Page
Number  of the real property records of ORANGE County, CA.  Said Security Instrument covers the real and
personal property described in such Security Instrument (the "Property") located at 1201 EAST SUDENE
AVENUE   FULLERTON CA 92831-4711, which real property is more particularly described as follows:

### (Legal Description – Attach as Exhibit if Recording Agreement)

Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument
and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be
the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of
the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security
Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good
and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be
legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or
Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by
the Security Instrument (the "Principal Balance") is Sixty Three Thousand Two Hundred Seventy Two Dollars and
Eighty Seven Cents ($ 63,272.87). Borrower hereby renews and extends such indebtedness and promises to pay
jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower
by Lender and any accrued but unpaid interest capitalized to date.

2. Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid.
Borrower will pay interest at the rate of  1.00000% per year from the Effective Date.

3. Borrower promises to make monthly principal and interest payments of $ 247.96, beginning on October
1, 2009, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in
full. If on August 1, 2033 (the "Maturity Date"), Borrower still owes amounts under the Note and Security
Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date.
Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender
may require. The amounts indicated in this paragraph do not include any required escrow payments for items such

as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

4. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, Borrower will pay a late charge to Lender. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue payment of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

6. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

7. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

8. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH

THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

**Executed effective as of the day and year first above written.**

ROCIO PICHARDO

JULIO PICHARDO

_____

_____

**BORROWER ACKNOWLEDGMENT**

State of California
County of Orange

On this 8 day of August 2009, before me, the undersigned, a Notary Public in and for said county and state, personally appeared ROCIO PICHARDO JULIO PICHARDO    personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

    Witness my hand and official seal.

Notary Public
My Commission Expires: May 24, 2011

GMAC Mortgage, LLC

By: Kris M Caya

Title: Limited Signing Officer

BRIAN ARTEAGA
Commission # 1746903
Notary Public - California
Orange County
My Comm. Expires May 24, 2011

**LENDER ACKNOWLEDGMENT**

State of IOWA
County of BLACKHAWK

On the 10 day of A___ 200 9, before me, the undersigned, a Notary Public in and for said county and state, personally appeared KRIS M. CAYA, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing Officer of GMAC Mortgage, LLC, and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

    Witness my hand and official seal.

Notary Public
My Commission Expires:

BRITT BORCHERDING
COMMISSION NO. 757639
MY COMMISSION EXPIRES
March 23, 2012

# CALIFORNIA ALL-PURPOSE
# CERTIFICATE OF ACKNOWLEDGEMENT

State of California

County of _Orange_

On _8/8/09_ before me, _Brian Arteaga - Notary Public_
(Here insert name and title of the officer)

Personally appeared _Rocio Pichardo, Julia Pichardo_ .

Who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s) or the entity upon behalf of which the person(s) acted, executed this instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

_____        (Notary Seal)
Signature of Notary Public

BRIAN ARTEAGA
Commission # 1746903
Notary Public - California
Orange County
My Comm. Expires May 24, 2011

| Medications & Herbs Patient is Taking (please PRINT clearly) | Dose | How Often | Route | Last Dose | | Source | Admit Medication | | Discharge Medication | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Date | Time | | Cont | Stop | Cont | Stop |

**Allergy:** NKA

Information was obtained from: ☑Patient ☑Old Chart ☐Med Container

Patient was sent by Dr

☐No medication ☐Cannot obtain medication history, because

| ASA | 162 | | | | | | | | | |
| Diovan | 160 | Daily | po | | | | | | | |
| HCTZ | 25 | Daily | | | | | | | | |
| Labetalol | 100 | BID | po | | | | | | | |

* Source Info:   1 - verbal from patient / family   3 - list from home   4 - med container   5 - medical record   6 - MAR   7 - other

Home meds were ☑Never brought to the hospital
☐Sent home   ☐Sent to Hospital Pharmacy

History taken by _____ RN

Page ___ 1 ___ of ___

Transcribed by _____ Date /Time

Noted by _____ Date /Time

DISCHARGE PRESCRIPTION: ( Page identifier at the bottom of this page in RED indicates original prescription)

PRESCRIBERS: All hospital medications are discontinued upon discharge. Please indicate in the columns above which home medications to resume or discontinue on discharge. Use the space below for NEW medications or NEW doses.

| | Medication | Dose | Frequency | Indication | Qty | Refill | RBTO |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | ☐ |
| 2 | | | | | | | ☐ |
| 3 | | | | | | | ☐ |
| 4 | | | | | | | ☐ |
| 5 | | | | | | | ☐ |

OUT-PATIENT DISCHARGES

☐Consult with primary care physician to continue or stop home medications after discharge

☐Fax a copy to my office

Fax # _____
Phone # _____
Name _____  License # _____
DEA # _____
MD Sign _____  Date /Time _____

**PATIENT MEDICATION RECONCILIATION FORM**

80820412 RM-    000555401  P/T-E/R
PICHARDO JULIO    M   55

DISCHARGE PRESCRIPTION    08/15/08  B/D 03/10/54

M-13

*PATIENT: JULIO PICHARDO'S RELATED MEDICAL CONDITION*

*RE: CONDITION AND HOPITALIZATIONS OF HIS DEPRESSION, ANXHIETY, UNCONTROLABLE HIGH BLOOD PRESSURE.*

*HAS PATIENT BEEN UNDER YOUR CARE FOR THE ABOVE RELATED CONDITION? YES (✓) NO ( )*

*DOES PATIENT'S HISTORY RELATES TO MORTGAGE PROBLEMS YES (✓) NO ( ).*

*AS A RESULT IN YOUR OPINION, HAS PATIENT CONDITION WORSTENED YES (✓) NO ( ).*

*HAVE PATIENT BEEN PRESCRIBED MEDICATIONS TO TREAT CONDITION? YES (✓) NO ( ).*

*WAS PATIENT HOSPITALIZED & TREATED FOR ABOVE CONDITION? YES (✓) NO ( ).*

*IN 2009, WAS PATIENT HOSPITALIZED UNDER YOUR CARE? YES (✓) NO ( ).*

*IN 2009, WAS PATIENT ADMITTED TO HOSPITAL FOR ABOVE CONDITION YES (✓) NO ( ).*

*HOW MANY TIMES HAS PATIENT BEEN IN THE HOSPITAL ABOVE RELATED MATTER* ? 3-4 times

*WHAT HOSPITAL WAS PATIENT ADMITTED TO?* Anhein Regional Hospital (formerly Anhein Memorial).

*CAN YOU DESCRIBE JULIO PICHARDO"S ASSOCIATED CONDITION IN RELATION TO HIS MENTION OF MORTGAGE ISSUES?* it is causing him depression, anxiety and uncontrolled HTN

*WHAT IS YOUR ASSESTMENT OF JULIO PICHARDOS' PROGNOSIS?* persistent uncontrolled HTN

. but get and have hospital records here

*CAN YOU PROVIDE PATIENT'S MEDICAL HISTORY AND HOSPITALIZATIONS YES (✓) NO ( ).*

_____                    _____
S Anya MD MD                                  MD. SIGNATURE
**PRINT NAME**

*M5*

A.H.M.C. ☒ Anaheim
Regional Medical Center

**PATIENT DISCHARGE INSTRUCTIONS**
Page 2 of 2

ADDRES

```
60820412 RM- T2311 000555401   P/T-O/P
PICHARDO JULIO                 M  55
AEZRM SAMI
                    09/15/09  B/D 03/10/56
```

**REASON FOR HOSPITAL STAY:** HIGH BLOOD PRESSURE ; abd. pain    **DISCHARGE DATE:** 9/16/09

**FOLLOW UP APPOINTMENTS:**

| | DATE | PHYSICIAN/SPECIALTY | PHONE |
|---|---|---|---|
| 1 | | Follow up with Primary care Physician | |
| 2 | | in 2 weeks | |
| 3 | | | |

**FOLLOW UP TESTS:**

Labs _____    Xrays _____

- All acute MI's will have a lipid profile drawn on follow up visit

**ACTIVITY INSTRUCTIONS:**    ☐ CABG: Follow Activity/Progress in "Heart Owners Manual"
- ☑ Resume your normal activity level.
- **FOR HEART FAILURE PATIENTS:** Talk to your physician before starting an exercise program. Perform everyday activities as your body allows. Plan for rest periods every day. It is helpful to put your feet up while resting. Stop activity if you have pain, shortness of breath, or feel dizzy.
- ☐ When you arrive home go to bed or relax on couch and take it easy.
- ☐ Avoid heavy lifting, exercise or excessive bending for 48 hours.
- ☐ Gradually increase activity to include walking and bending.
- ☐ Resume your normal activities after 72 hours.
- ☐ Other: _____

**DIET:**
- ☑ Regular (resume your normal diet)
- ☐ Heart Healthy Diet: 2 grams (2000 mg) sodium, 300 mg cholesterol, low fat (less than 30% of total calories), high fiber (as tolerated)
- Diabetic: _____
- Special: _____
- ☐ Restrict Fluids to: _____ milliliters (ml), in 24 hours. (120 ml = Small paper coffee cup)
- ☐ Drink plenty of fluids for the first 8 hours after procedure - this will help to flush the contrast out of your system.
- ☐ Avoid coffee and drinks containing caffeine. Water is best.

**BATHING RESTRICTIONS:**
- ☑ As desired
- ☐ Showers are permitted, but NO tub baths for 24 hours.
- ☐ Keep affected area clean and dry.
- Special Instructions: _____

| When to drive a car, if applicable: | ☐ Do not drive until cleared by physician at follow up appointment. |
| | ☐ You are cleared to drive on _____ (date) |

| When to return to work/school: | ☐ Do not return to work/school until cleared by physician at follow up appointment. |
| | ☐ Return to work/school with the following restrictions: N-14 |
| | ☐ Return to work/school with no restrictions on (Date): _____ |

# PHYSICIAN-PATIENT ARBITRATION AGREEMENT

**Article 1: Agreement to Arbitrate:** It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional rights to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.

**Article 2: All Claims Must be Arbitrated:** It is the intention of the parties that this agreement bind all parties whose claims may arise out of or relate to treatment or service provided by the physician including any spouse or heirs of the patient and any children, whether born or unborn, at the time of the occurrence giving rise to any claim. In the case of any pregnant mother, the term "patient" herein shall mean both the mother and the mother's expected child or children.

All claims for monetary damages exceeding the jurisdictional limit of the small claims court against the physician, and the physician's partners, associates, association, corporation or partnership, and the employees, agents and estates of any of them, must be arbitrated including, without limitation, claims for loss of consortium, wrongful death, emotional distress or punitive damages. Filing of any action in any court by the physician to collect any fee from the patient shall not waive the right to compel arbitration of any malpractice claim. However, following the assertion of any claim against the physician, any fee dispute, whether or not the subject of any existing court action, shall also be resolved by arbitration.

**Article 3: Procedures and Applicable Law:** A demand for arbitration must be communicated in writing to all parties. Each party shall select an arbitrator (party arbitrator) within thirty days and a third arbitrator (neutral arbitrator) shall be selected by the arbitrators appointed by the parties within thirty days of a demand for a neutral arbitrator by either party. Each party to the arbitration shall pay such party's pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees, or other expenses incurred by a party for such party's own benefit. The parties agree that the arbitrators have the immunity of a judicial officer from civil liability when acting in the capacity of arbitrator under this contract. This immunity shall supplement, not supplant, any other applicable statutory or common law.

Either party shall have the absolute right to arbitrate separately the issues of liability and damages upon written request to the neutral arbitrator.

The parties consent to the intervention and joinder in this arbitration of any person or entity which would otherwise be a proper additional party in a court action, and upon such intervention and joinder any existing court action against such additional person or entity shall be stayed pending arbitration.

The parties agree that provisions of California law applicable to health care providers shall apply to disputes within this arbitration agreement, including, but not limited to, Code of Civil Procedure Sections 340.5 and 667.7 and Civil Code Sections 3333.1 and 3333.2. Any party may bring before the arbitrators a motion for summary judgment or summary adjudication in accordance with the Code of Civil Procedure. Discovery shall be conducted pursuant to Code of Civil Procedure Section 1283.05; however, depositions may be taken without prior approval of the neutral arbitrator.

**Article 4: General Provisions:** All claims based upon the same incident, transaction or related circumstances shall be arbitrated in one proceeding. A claim shall be waived and forever barred if (1) on the date notice thereof is received, the claim, if asserted in a civil action, would be barred by the applicable California statute of limitations, or (2) the claimant fails to pursue the arbitration claim in accordance with the procedures prescribed herein with reasonable diligence. With respect to any matter not herein expressly provided for, the arbitrators shall be governed by the California Code of Civil Procedure provisions relating to arbitration.

**Article 5: Revocation:** This agreement may be revoked by written notice delivered to the physician within 30 days of signature. It is the intent of this agreement to apply to all medical services rendered any time for any condition.

**Article 6: Retroactive Effect:** If patient intends this agreement to cover services rendered before the date it is signed (including, but not limited to, emergency treatment) patient should initial below.

**Effective as of the date of first medical services**

Patient's or Patient Representative's Initials

If any provision of this arbitration agreement is held invalid or unenforceable, the remaining provisions shall remain in full force and shall not be affected by the invalidity of any other provision.

I understand that I have the right to receive a copy of this arbitration agreement. By my signature below, I acknowledge that I have received a copy.

**NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL. SEE ARTICLE 1 OF THIS CONTRACT.**

By: _____    By: _____

Physician's or Authorized Representative's Signature    (Date)      Patient's or Patient Representative's Signature      (Date)

By: _____

Print or Stamp Name of Physician, Medical Group, or    Print Patient's Name
Association Name

(If Representative, Print Name and Relationship to Patient)

A signed copy of this document is to be given to the Patient. Original is to be filed in Patient's medical records.

**GMAC MORTGAGE LLC**
**ATT: LOAN MODIFICATION**
**3451 HAMMOND AVE**
**WATERLOO, IOWA 50702**

*08/28/09*

**TO: LOAN MODIFICATION**
**RE: LOAN NUMBER 0359019299**

**ATT: LOAN OFFICER.    ENCLOSED YOU MAY FIND PAYMENT REQUIRED FOR THE MONTH OF OCTOBER 1ST.**

**IN KEEPING WITH SEPT 1ST DEADLINE I HAVE ENCLOSED THIS PAYMENT, AS IT WAS UNCLEAR TO ME SUCH DATE.**

**I UNDERSTAND NEW COUPON & STATEMENT IS TO BE SENT OF MODIFIED PAYMENT ONCE OCTOBER PAYMENT IS RECEIVED.    PLEASE BE SO KIND AS TO SEND COUPON & STATEMENT AT YOUR EARLIEST CONVENIENCE.**

**THANK YOU.**

**JULIO & ROCIO PICHARDO**





11/10/2009

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON CA 92831-4711

Re: Account Number          0359019299
                            1201 EAST SUDENE AVENUE
                            FULLERTON CA 92831-4711

Dear ROCIO PICHARDO JULIO PICHARDO

**Congratulations! Your request for a loan modification has been approved subject to the following:**
  -Receipt of your contribution in the form of certified funds
  -Receipt of the signed and notarized loan modification agreement and any attachments
  -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of $ 623.00 in the form of certified funds, is due in our office by November 23, 2009.
- The interest rate is 1.00000%.
- The first modified payment begins January 1, 2010.

|                        |          |
|------------------------|----------|
| Principal and Interest | $ 250.28 |
| Escrow                 | $ 374.57 |
| **Total Payment**      | **$624.85** |

Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary. This document must be signed in the presence of a notary and (if applicable) other witnesses. All of the documents must be executed and the signatures must be exactly as the names are typed.

- The signed and notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding.

The contribution and executed loan modification documents are due back by November 23, 2009. Please return to:

GMAC Mortgage, LLC
Attn: Loan Modification
3451 Hammond Avenue
Waterloo, IA 50702

IMPORTANT! The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday – Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures
Record & Return To:

GMAC Mortgage, LLC
Attention: Loss Mitigation

FARP 11-10-2009 GMAC mail merge master.doc

3451 Hammond Avenue
Waterloo, IA 50702

---

———————————————[Space Above This Line For Recorder's Use]———————————————

# FIXED RATE LOAN MODIFICATION AGREEMENT WITH
# TERM EXTENSION, DEFERRED PRINCIPAL AND DEBT FORGIVENESS
## (Balloon \ Deferred Payment Disclosure Attached)

This Loan Modification Agreement ("Agreement") made this December 1, 2009 ("Effective Date") between ROCIO PICHARDO    JULIO PICHARDO          ("Borrower") and GMAC Mortgage, LLC the Lender/Servicer or agent for Lender/Servicer ("Lender"), amends and supplements that certain promissory note ("Note") dated July 31, 2003 in the original principal sum of One Hundred Ninety Nine Thousand Dollars and No Cents ($ 199,000.00)executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on  with Instrument Number  in Book  and/or Page Number  of the real property records of ORANGE County, CA. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 1201 EAST SUDENE AVENUE   FULLERTON CA 92831-4711, which real property is more particularly described as follows:

( Legal Description if Applicable for Recoding Only )

Borrower acknowledges that Lender is the legal holder and the owner, or agent\servicer for the legal holder and owner, of the Note and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of "Lender" the Principal Balance, consisting of the amount(s) loaned to Borrower by "Lender" and any accrued but unpaid interest capitalized to date as applicable, along with any other amounts that may come due under the terms of the original Note and security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1.    Borrower acknowledges that as of the Effective Date, the amount payable under the Note and Security Instrument (New Principal Balance) is $63,272.87. This represents a reduction in my old principal balance (the balance due prior to the date of this loan modification) by $120,000.00 (Total Deferred + Forgiven Principal) of which $0.00 is being forgiven in full and $120,000.00 is being deferred (the "Deferred Principal Balance") until the extended Term of my loan expires (the New Maturity Date) or when I payoff my loan at the time when I sell or transfer any interest in my

home, refinance the loan, or when the last scheduled payment is due, and the Lender will be under no obligation to refinance my loan. Until I am required to payoff the Deferred Principal Balance, I will not be required to pay interest or make monthly payments on the deferred amount.

2.  Borrower will make monthly payments of principal and interest in the amount of 250.28 which will begin on January 1, 2010. Borrower's payment will be calculated based on the non-deferred principal balance, a fixed interest rate of 1.00000 per year and an extended term\amortization period of 284 months in new remaining term 284. Each monthly payment will be applied as of its scheduled due date, and it will be applied to interest before principal. The amounts indicated in this paragraph do not include any required escrow payments for items such as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

3.  If borrower pays an amount in excess of the required monthly payment of principal and interest, that amount will serve to reduce both the non-deferred principal balance and the remaining Term of the loan, but will not cause the monthly payment of principal and interest to be re-calculated.

4.  If on August 1, 2033 (the "New Maturity Date"), Borrower still owes any amounts under the Note and Security Instrument, including the "Deferred Principal Balance " as provided for in this Agreement, Borrower will pay the amounts in full on that date. Borrower will make such payments at 3451 Hammond Ave Waterloo, IA 50702 or at such other place as Lender may require.

5.  If "Lender" has not received the full amount of any monthly payment within the grace period provided for in the original Note or as otherwise provided for by law, Borrower will pay a late payment fee to "Lender" in an amount calculated based on the late charge percentage provided for in the original Note, or as otherwise provided for by law, and the monthly payment required under this Agreement, with a maximum as provided for in the Note, or otherwise provided by law. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

6.  It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been extended) until the indebtedness, evidenced by the Note and this Agreement, has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

7.  If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without "Lender's" prior written consent, "Lender" may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by "Lender" if prohibited by applicable law. In addition, if "Lender" exercises this option, "Lender" shall give Borrower all notice(s) that may be required by law before accelerating the debt after which, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument. For purposes of this

paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

8.    As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

9.    Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement.

EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

Executed effective as of the day and year first above written.

_____          _____
ROCIO PICHARDO

_____          _____
JULIO PICHARDO

**BORROWER ACKNOWLEDGMENT**

State of _California_
County of _Orange_

On this 12 day of _November 2009_ before me, the undersigned, a Notary Public in and for said county and state, personally appeared ROCIO PICHARDO JULIO PICHARDO , personally known to me or identified to my satisfaction to be the person(s) who executed the within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

BRIAN ARTEAGA
Commission # 1746903
Notary Public - California
Orange County
My Comm. Expires May 24, 2011

Notary Public
My Commission Expires: _May 24, 2011_

FARP 11-10-2009 GMAC mail merge master.doc

GMAC Mortgage, LLC

By: _____

Title: _____


LENDER ACKNOWLEDGMENT

State of _____
County of _____

On this ___ day of _____, ___, before me, the undersigned, a Notary Public in and for said county and state, personally appeared Kristi M. Caya, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing Officer of GMAC Mortgage, LLC GMAC Mortgage, LLC, and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

_____
Notary Public
My Commission Expires: _____

Date:  11/10/2009                          Loan# 0359019299

Borrower's Name: ROCIO PICHARDO JULIO PICHARDO

Lender's Name and Address:  GMAC Mortgage, LLC
                            3451 Hammond Avenue
                            Waterloo, IA 50702

### IMPORTANT INFORMATION ABOUT YOUR
### LOAN MODIFICATION WHICH FEATURES A DEFERRED PAYMENT
Please Read Carefully

This disclosure describes the features of your loan modification.

How Is Your Interest Rate and Initial Payment Determined?

- According to your mortgage payment calculated for long-term affordability, your modified loan will now provide for a Deferred Payment.
- The amount of the initial monthly payment on your modified loan will be based on three factors:
  - (1) the interest rate reflected in the agreement;
  - (2) the "New Principal Balance" of the loan; and
  - (3) the remaining term and amortization periods of the loan.

Based on a scheduled of interest rate and payment adjustments, your monthly payment of principal and interest will be calculated in order to repay the "non-deferred principal balance" by the end of the Term of your loan. (the Maturity Date) Although your new scheduled monthly payments will pay down your non-deferred principal balance, a payment for the entire amount of your "Deferred Principal Balance" will be due when the Term of your loan expires or when you pay off the modified loan, which will be when you sell or transfer an interest in your house, refinance the loan, or when the last scheduled payment is due, and the Lender will be under no obligation to refinance your loan.

You will be notified in writing at least 90 but not more than 120 days before the date the deferred principal payment is due.  This notice will be mailed to you at the most current mailing address you supply and will contain information about the amount of the deferred principal, the date it is due and the telephone number of the Lender's representative (or loan servicer's representative) available to answer questions you may have about the notice.

AN AMOUNT OF YOUR UNPAID PRINCIPAL BALANCE HAS BEEN DEFRRED. AS A RESULT, YOU WILL BE REQUIRED TO PAY FULL DEFERRED PRINCIPAL BALANCE WHEN THE TERM OF YOUR LOAN EXPIRES (THE MATURITY DATE), OR WHEN YOU PAY OFF THE MODIFIED LOAN, WHICH WILL BE WHEN YOU SELL OR TRANSFER AN INTEREST IN YOUR HOUSE, REFINANCE THE LOAN, OR WHEN THE LAST SCHEDULED PAYMENT IS DUE.

THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM. THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN.

ASSUMING THIS LENDER OR ANOTHR LENDER REFINANCES THE LOAN AT MATURITY, YOU WILL PROBABLY BE CHARGED INTEREST AT MARKET RATES PREVAILING AT THAT TIME AND SUCH RATES MAY BE HIGHER THAN THE INTEREST RATE PAID ON THIS LOAN. YOU MAY ALSO HAVE TO PAY SOME OF ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW MORTGAGE LOAN.

**Example of Deferred Payment**

- The payment amount due at loan maturity can change substantially based upon amount of the loan, interest rate, and any principal payments you choose to make before loan maturity, among other factors.

| | |
|---|---|
| Modified Loan Balance | $100,000 |
| Modified Balance That Does Not Accrue Interest (Deferred Amt.) | $25,000 |
| Loan Balance That Does Accrue Interest | $75,000 |
| Remaining Loan Term | 20 years |
| Deferred Principal Balance Due at Maturity | $ 25,000.00 |

In the example above, the outstanding deferred loan balance of $25,000.00 would be due and payable at the end of 20 years.

This summary is intended for reference purposes only. Important information relating specifically to your loan modification will be contained in the loan modification documents, which alone will establish your rights and obligations under the loan modification plan. This disclosure does not address any other payments that may be required under the terms of your loan, for example, monthly escrow payments

THE PURPOSE OF THIS DISCLOSURE IS TO PROVIDE VARIOUS DETAILS ON THE TYPE OF LOAN MODIFICATION FOR WHICH YOU HAVE EXPRESSED INTEREST. THE DISCLOSURE DOES NOT CONSTITUTE A COMMITMENT ON THE PART OF THE LENDER TO MODIFIY YOUR LOAN.

Receipt of a copy of this Disclosure is hereby acknowledged.

11-12-09
Date

11-12-09
Date

_____
Date

_____
Date

ROCIO PICHARDO

JULIO PICHARDO

_____

_____

## GMAC Mortgage Account Statement

# GMAC Mortgage

**CUSTOMER INFORMATION**

Name:      Rocio Pichardo
                 Julio Pichardo

Account Number:   0359019299
Home Phone #:   (714)447-4207

**PROPERTY ADDRESS**

1201 EAST SUDENE AVENUE
FULLERTON     CA 92831

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

```
1120608 11003  0007225 20 00204 D003713F 00480.0  2 02 DOM JD03710000F 148310  CM
#BWNHJPY
#KW04724A35106#
```

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON CA 92831-4711



For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 0359019299 |
| Current Statement Date | February 01, 2010 |
| Maturity Date | August 01, 2033 |
| Interest Rate | 1.00000 |
| Current Principal Balance* | $62,877.60 |
| Current Escrow Balance | $606.94 |
| Interest Paid Year-to-Date | $52.56 |
| Taxes Paid Year-to-Date | $0.00 |

**For Customer Care inquiries call: 1-800-766-4622**
**For Insurance inquiries call:     1-800-256-9962**
**For Payment Arrangements call:**

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $250.28 |
| Subsidy/Buydown | $0.00 |
| Escrow | $398.17 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $648.45 |
| Account Due Date | March 01, 2010 |

## Account Activity Since Last Statement

| Description | Due Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| PD PROP INSPECTION FEE | 02/01/10 | 01/25/10 | $18.25 | | | | | | $18.25 |
| PD CORP ADV 3 DRM | 02/01/10 | 01/25/10 | $83.00 | | | | | | $83.00 |
| Payment | 02/01/10 | 01/25/10 | $648.45 | $197.72 | $52.56 | $398.17 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full. For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

## Important News

If you are considering a new home purchase or refinancing your existing mortgage, we are here to help. Simply call the number above or visit our website for fast, convenient service.

Introducing Ally Interest Checking: free checks, no monthly fees, and no ATM fees nationwide. Call 877-247-ALLY (2559) anytime or visit us at www.ally.com to learn more.

# GMAC Mortgage Account Statement

## CUSTOMER INFORMATION

| | |
|---|---|
| Name: | Rocio Pichardo |
| | Julio Pichardo |
| Account Number: | 0359019299 |
| Home Phone #: | (714)447-4207 |

## PROPERTY ADDRESS

1201 EAST SUDENE AVENUE
FULLERTON    CA 92831

# GMAC Mortgage

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

02/11/10 11:00:3   0023121 20100305 JC052208 GAR531   1 02 00M JC052200007 1A0316   GM

‖‖ɪ‖ɪʅ‖ɪɪ‖ɪɪ‖ɪ‖‖ɪ‖ʅ‖ɪɪ‖ʅ‖ʅ‖ɪ‖ɪ‖‖ɪ‖ɪɪ‖ɪ‖
ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON CA  92831-4711



For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 0359019299 |
| Current Statement Date | March 01, 2010 |
| Maturity Date | August 01, 2033 |
| Interest Rate | 1.00000 |
| Current Principal Balance* | $62,679.42 |
| Current Escrow Balance | $1,005.11 |
| Interest Paid Year-to-Date | $104.96 |
| Taxes Paid Year-to-Date | $0.00 |

**For Customer Care inquiries call: 1-800-766-4622**
**For Insurance inquiries call:    1-800-256-9962**
**For Payment Arrangements call:**

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $250.28 |
| Subsidy/Buydown | $0.00 |
| Escrow | $398.17 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $648.45 |
| Account Due Date | April 01, 2010 |

## Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Principal Curtailment | 03/01/10 | 02/26/10 | $0.30 | $0.30 | | | | | |
| Payment | 03/01/10 | 02/26/10 | $648.45 | $197.88 | $52.40 | $398.17 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

## Important News

If you are considering a new home purchase or refinancing your existing mortgage, we are here
to help.  Simply call the number above or visit our website for fast, convenient service.

Introducing Ally Interest Checking: free checks, no monthly fees, and no ATM fees nationwide.
Call 877-247-ALLY (2559) anytime or visit us at www.ally.com to learn more.

See Reverse Side For Importa...

# GMAC Mortgage Account Statement

**CUSTOMER INFORMATION**

| | |
|---|---|
| Name: | Rocio Pichardo |
| | Julio Pichardo |
| Account Number: | 0359019299 |
| Home Phone #: | (714)447-4207 |

**PROPERTY ADDRESS**

1201 EAST SUDENE AVENUE
FULLERTON     CA 92831

## GMAC Mortgage

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

037IHD 41 00 5  0011732 20100406 J0061803 GMSEO   1 02 DCM J00518090* 146016  CIM

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON CA  92831-4711



For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information. Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 0359019299 |
| Current Statement Date | April 02, 2010 |
| Maturity Date | August 01, 2033 |
| Interest Rate | 1.00000 |
| Current Principal Balance* | $62,481.37 |
| Current Escrow Balance | $392.89- |
| Interest Paid Year-to-Date | $157.19 |
| Taxes Paid Year-to-Date | $1,793.50 |

**For Customer Care inquiries call: 1-800-766-4622**
**For Insurance inquiries call:     1-800-256-9962**
**For Payment Arrangements call:  1-800-850-4622**

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $250.28 |
| Subsidy/Buydown | $0.00 |
| Escrow | $406.25 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $2.67 |
| Total Amount Due | $659.20 |
| Account Due Date | May 01, 2010 |

## Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 04/01/10 | 04/02/10 | $645.78 | $198.05 | $52.23 | $395.50 | | | |
| County Tax Paid | 03/01/10 | 03/10/10 | $1,793.50 | | | $1,793.50 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

## Important News

Have you considered refinancing to an FHA loan? You can borrow up to 97.5% of the current value of
your home and reduce your mortgage payment with a low, fixed rate loan. Learn more at 877-528-3817.

Ally has a new 2 Year CD.  With the Raise Your Rate CD, you lock in a great rate with the option of a
1-time rate increase if you notice the rate goes up. Call 877-247-ALLY (2559) or visit allybank.com

**See Reverse Side For Important Information**

# GMAC Mortgage Account Statement

# GMAC Mortgage

## CUSTOMER INFORMATION

**Name:** Rocio Pichardo
Julio Pichardo

**Account Number:** 0359019299
**Home Phone #:** (714)447-4207

## PROPERTY ADDRESS

1201 EAST SUDENE AVENUE
FULLERTON    CA 92831

Visit us at www.gmacmortgage.com for account information or to apply on-line.

02/11/10 11 00 5  000061 20100005 JF065001 00A52G  1 02 DOM JF065300027 146318  GM

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON CA  92831-4711

For information about your existing account, please call: 1-800-766-4622.

For information about refinancing or obtaining a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 0359019299 |
| Current Statement Date | June 07, 2010 |
| Maturity Date | August 01, 2033 |
| Interest Rate | 1.00000 |
| Current Principal Balance* | $62,083.98 |
| Current Escrow Balance | $422.28 |
| Interest Paid Year-to-Date | $261.16 |
| Taxes Paid Year-to-Date | $1,793.50 |

**For Customer Care inquiries call:** 1-800-766-4622
**For Insurance inquiries call:** 1-800-256-9962
**For Payment Arrangements call:** 1-800-850-4622

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $250.28 |
| Subsidy/Buydown | $0.00 |
| Escrow | $406.25 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $656.53 |
| Account Due Date | July 01, 2010 |

## Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 06/01/10 | 06/07/10 | $656.53 | $198.38 | $51.90 | $406.25 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week). See back for automatic payment sign-up information and other payment options.

## Important News

Have you considered refinancing to an FHA loan? You can borrow up to 97.5% of the current value of your home and reduce your mortgage payment with a low, fixed rate loan. Learn more at 877-528-3817.

Consider the Ally Bank 11 Month No Penalty CD with a fixed rate and no fee early withdrawal (not allowed in first six days). Call 877-247-ALLY (2559) and press "0" to speak to a real person.

See Reverse Side



## GMAC Mortgage Account Statement

### CUSTOMER INFORMATION

| | |
|---|---|
| Name: | Rocio Pichardo |
| | Julio Pichardo |
| Account Number: | 0359019299 |
| Home Phone #: | (714)447-4207 |

### PROPERTY ADDRESS

1201 EAST SUDENE AVENUE
FULLERTON    CA 92831

# GMAC Mortgage

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

0011FD 11 001 9   0011548 001010T0 J170380 026023   1 02 DOM J170000G* 140210   GM

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON CA  92831-4711



```
For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322
```

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed  for inquiries on the reverse side.

### Account Information

| | |
|---|---|
| Account Number | 0359019299 |
| Current Statement Date | October 18, 2010 |
| Maturity Date | August 01, 2033 |
| Interest Rate | 1.00000 |
| Current Principal Balance* | $61,273.19 |
| Current Escrow Balance | $2,258.27 |
| Interest Paid Year-to-Date | $467.11 |
| Taxes Paid Year-to-Date | $1,793.50 |

**For Customer Care inquiries call:** 1-800-766-4622
**For Insurance inquiries call:** 1-800-256-9962
**For Payment Arrangements call:** 1-800-850-4622

### Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $250.28 |
| Subsidy/Buydown | $0.00 |
| Escrow | $476.58 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $726.86 |
| Account Due Date | November 01, 2010 |

### Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Fee Waived | 10/01/10 | 10/18/10 | $30.00 | | | | | | $30.00- |
| PAYOFF STATEMENT | 10/01/10 | 10/11/10 | $30.00 | | | | | | $30.00 |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

### Important News

The Ally Bank Online Savings Account: named "Best Savings Account" in Money magazine,
May 2010, ©Time, Inc. Call 1-877-247-2559 or visit www.allybank.com to open yours today.

### See Reverse Side For Important Information

GMAC Mortgage Account Statement

**CUSTOMER INFORMATION**

Name:

Account Number:
Home Phone #:

Rocio Pichardo
Julio Pichardo
0359019299
(714)447-4207

**PROPERTY ADDRESS**

1201 EAST SUDENE AVENUE
FULLERTON    CA 92831

# GMAC Mortgage

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

0021910 11 00 1   0012427 20101000 L077004 0L010GJ   1 OE DOM L0077B0007 149916   CU4

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON CA 92831-4711



---

For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

---

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed  for inquiries on the reverse side

## Account Information

| | |
|---|---|
| Account Number | 0359019299 |
| Current Statement Date | October 06, 2010 |
| Maturity Date | August 01, 2033 |
| Interest Rate | 1.00000 |
| Current Principal Balance* | $61,273.19 |
| Current Escrow Balance | $2,258.27 |
| Interest Paid Year-to-Date | $467.11 |
| Taxes Paid Year-to-Date | $1,793.50 |

**For Customer Care inquiries call: 1-800-766-4622**
**For Insurance inquiries call:      1-800-256-9962**
**For Payment Arrangements call: 1-800-850-4622**

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $250.28 |
| Subsidy/Buydown | $0.00 |
| Escrow | $476.58 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $726.86 |
| Account Due Date | November 01, 2010 |

## Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Products | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Payment | 10/01/10 | 10/06/10 | $726.86 | $199.05 | $51.23 | $476.58 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

## Important News

The Ally Bank Online Savings Account: named "Best Savings Account" in Money magazine,
May 2010, ©Time, Inc. Call 1-877-247-2559 or visit www.allybank.com to open yours today.

**See Reverse Side For Important Information**

# GMAC Mortgage Account Statement

## CUSTOMER INFORMATION

**Name:** Rocio Pichardo
Julio Pichardo

**Account Number:** 0359019299
**Home Phone #:** (714)447-4207

## PROPERTY ADDRESS

**1201 EAST SUDENE AVENUE**
**FULLERTON     CA 92831**

# GMAC Mortgage

Visit us at www.gmacmortgage.com for
account information or to apply on-line.

---

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON CA  92831-4711



For information about your existing account,
please call: 1-800-766-4622.

For information about refinancing or obtaining
a new loan, please call: 1-866-690-8322

Please verify your mailing address, borrower and co-borrower information.  Make necessary corrections on this portion of the statement, detach and mail to address listed  for inquiries on the reverse side.

## Account Information

| | |
|---|---|
| Account Number | 0359019299 |
| Current Statement Date | November 08, 2010 |
| Maturity Date | August 01, 2033 |
| Interest Rate | 1.00000 |
| Current Principal Balance* | $60,973.97 |
| Current Escrow Balance | $2,734.85 |
| Interest Paid Year-to-Date | $518.17 |
| Taxes Paid Year-to-Date | $1,793.50 |

**For Customer Care inquiries call: 1-800-766-4622**
**For Insurance inquiries call:     1-800-256-9962**
**For Payment Arrangements call:  1-800-850-4622**

## Details of Amount Due/Paid

| | |
|---|---|
| Principal and Interest | $250.28 |
| Subsidy/Buydown | $0.00 |
| Escrow | $476.58 |
| Amount Past Due | $0.00 |
| Outstanding Late Charges | $0.00 |
| Other | $0.00 |
| Total Amount Due | $726.86 |
| Account Due Date | December 01, 2010 |

## Account Activity Since Last Statement

| Description | Pmt Date | Tran. Date | Tran. Total | Principal | Interest | Escrow | Add'l Prodcts | Late Charge | Other |
|---|---|---|---|---|---|---|---|---|---|
| Principal Curtailment | 11/01/10 | 11/08/10 | $100.00 | $100.00 | – $5060 N | Not | R Prdcd | | |
| Payment | 11/01/10 | 11/08/10 | $726.86 | $199.22 | $51.06 | $476.58 | | | |

*This is your Principal Balance only, not the amount required to pay the loan in full.  For payoff figures and mailing instructions, call the
Customer Care number above or you may obtain necessary payoff figures through our automated system (24 hours a day, 7 days a week).
See back for automatic payment sign-up information and other payment options.

## Important News

The Ally Raise Your Rate 2-Year CD: Get a great rate now with the option of a 1-time rate increase
if current rates go up. Call 1-877-247-2559 or visit www.allybank.com. Ally Bank, Member FDIC.

**See Reverse Side For Important Information And State Specific Disclosures**

**20**

FOR YOUR PROTECTION SAVE THIS COPY
## MONEY ORDER

Customer Copy

1133700095

Service Instructions
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER
INFORMATION ABOUT THIS ITEM.

California                                                           11/03/2009

Pay To The
Order Of                                                    $ ***********400.00***

Pay      FOUR HUNDRED DOLLARS AND 00 CENTS

## NON NEGOTIABLE

NOT VALID FOR MORE THAN $1000.00          SENDER

TERMS
PURCHASER/DRAWER AGREES TO ENTER THE NAME OF A PAYEE AND SIGN THE INSTRUMENT IMMEDIATELY UPON
PURCHASE. FAILURE TO DO SO WILL RESULT IN THE PURCHASER/DRAWER BEARING THE RISK OF ANY LOSS OR
THEFT OF THE INSTRUMENT.

---

FOR YOUR PROTECTION SAVE THIS COPY
## CASHIER'S CHECK

Customer Copy

1133700186

11/12/2009

California

Remitter  JULIO PICHARDO

Pay To The
Order Of      GMAC MORTGAGE                          $ ***********623.00  ***

Drawer:  JPMORGAN CHASE BANK, N.A.
## NON NEGOTIABLE

TERMS
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

12/01/2009

---

California

Remitter  JULIO PICHARDO

                                                           $ ***********648.45  ***

Pay To The
Order Of      GMAC MORTGAGE

Drawer:  JPMORGAN CHASE BANK, N.A.
## NON NEGOTIABLE

TERMS
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

01/04/2010

California

                                                           $ ***********748.00***

Pay To The    GMAC
Order Of  tn75mn10799

**FOR YOUR PROTECTION SAVE THIS COPY**
**MONEY ORDER**

Customer Copy

1133701912

Service Instructions

PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

California

04/26/2010

Pay To The
Order Of

$ ************300.00***

Pay    THREE HUNDRED DOLLARS AND 00 CENTS

**NON NEGOTIABLE**
SENDER

NOT VALID FOR MORE THAN $1000.00

TERMS
PURCHASER/DRAWER AGREES TO ENTER THE NAME OF A PAYEE AND SIGN THE INSTRUMENT IMMEDIATELY UPON PURCHASE. FAILURE TO DO SO WILL RESULT IN THE PURCHASER/DRAWER BEARING THE RISK OF ANY LOSS OR THEFT OF THE INSTRUMENT.

FOR YOUR PROTECTION SAVE THIS COPY
**CASHIER'S CHECK**

Customer Copy

1133701849

California

Remitter  PICHARDO J. CESAR

05/03/2010

Pay To The
Order Of    GMAC

$ ************660.00   ***

Drawer: JPMORGAN CHASE BANK, N.A.
**NON NEGOTIABLE**

TERMS
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

FOR YOUR PROTECTION SAVE THIS COPY
**CASHIER'S CHECK**

1113102771

California

Remitter  JULIO PICHARDO

06/03/2010

Pay To The
Order Of    GMAC

$ ************656.53   ***

Drawer: JPMORGAN CHASE BANK, N.A.
**NON NEGOTIABLE**

TERMS
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

FOR YOUR PROTECTION SAVE THIS COPY
**CASHIER'S CHECK**

Customer Copy

1133702357

07/06/2010

California

Remitter  JULIO PICHARDO

$ ************656.00   ***

Pay To The    GMAC
Order Of

**CASHIER'S CHECK**

1113103529

08/06/2010

California

**Remitter JULIO PICHARDO**

$ ***********728.00 ***

**Pay To The Order Of**   GMAC

Drawer:/ JPMORGAN CHASE BANK, N.A.
**NON NEGOTIABLE**

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

**Pay To The Order Of**   GMAC

$ ***********741.87 ***

Drawer: JPMORGAN CHASE BANK, N.A.
**NON NEGOTIABLE**

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

**Pay To The Order Of**   GMAC

$ ***********726.86 ***

Drawer: JPMORGAN CHASE BANK, N.A.
**NON NEGOTIABLE**

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

California

**Remitter JULIO PICHARDO**

$ ***********100.00 ***

**Pay To The Order Of**   GMAC

Drawer: JPMORGAN CHASE BANK, N.A.
**NON NEGOTIABLE**

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

FOR YOUR PROTECTION SAVE THIS COPY   · **Customer Copy**
**CASHIER'S CHECK**

1113105032

12/03/2010

California

**Remitter JULIO PICHARDO**

$ ***********726.86 ***

**Pay To The Order Of**   GMAC

Drawer: JPMORGAN CHASE BANK, N.A.

OCC# 0359019299

FOR YOUR PROTECTION SAVE THIS COPY
**CASHIER'S CHECK**

Customer Copy

1113105784

02/02/2011

California

Remitter  JULIO PICHARDO

$ ***********726.86  ***

Pay To The
Order Of     **GMAC MORTGAGE**

Drawer: JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

GMC

Keep this receipt as a record of your purchase.

Principal Not Escrow

Acc# 0359019299

FOR YOUR PROTECTION SAVE THIS COPY
**MONEY ORDER**

Customer Copy

1133704790

**Service Instructions**
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER
INFORMATION ABOUT THIS ITEM.

02/03/2011

California

FOR YOUR PROTECTION SAVE THIS COPY
**CASHIER'S CHECK**          Customer Copy

1133704386

03/03/2011

California

Remitter  JULIO PICHARDO

$ ***********726.86  ***

Pay To The
Order Of     **GMAC**

Drawer: JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

1133704387

03/03/2011

California

**Remitter  JULIO PICHARDO**

$ ***********400.00  ***

**Pay To The
Order Of**    GMAC

Drawer: JPMORGAN CHASE BANK, N.A.

NON NEGOTIABLE

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

FOR YOUR PROTECTION SAVE THIS COPY

**CASHIER'S CHECK**    Customer Copy

California    1133704531

04/01/2011

**Remitter  JULIO PICHARDO**

**Pay To The
Order Of**    GMAC

$ ***********400.00  ***

FOR YOUR PROTECTION SAVE THIS COPY    Customer Copy

**CASHIER'S CHECK**    1133704533

California    04/01/2011

**Remitter  JULIO PICHARDO**

$ ***********726.86  ***

**Pay To The
Order Of**    GMAC

acc#0359019299

Drawer: JPMORGAN CHASE BANK, N.A.

NON NEGOTIABLE

**TERMS**
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

06/03/2011

California

**Remitter  JULIO PICHARDO**

$ ***********637.94  ***

**Pay To The
Order Of**    GMAC

9019299

Drawer: JPMORGAN CHASE BANK, N.A.

NON NEGOTIABLE

FOR YOUR PROTECTION SAVE THIS COPY    Customer Copy

**CASHIER'S CHECK**    1133704853

California    06/04/2011

**Remitter  JULIO PICHARDO**

$ ***********637.94  ***

**Pay To The
Order Of**    GMAC

JPMORGAN CHASE BANK, N.A.

FOR YOUR PROTECTION SAVE THIS COPY
**CASHIER'S CHECK**

**Customer Copy**

1133704977

07/02/2011

California

**Remitter** JULIO PICHARDO

$ ***********637.94  ***

**Pay To The Order Of**    GMAC

0359019299

Drawer: JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

---

FOR YOUR PROTECTION SAVE THIS COPY
**CASHIER'S CHECK**

**Customer Copy**

1133705262

09/02/2011

California

**Remitter** JULIO PICHARDO

$ ***********637.94  ***

**Pay To The Order Of**    GMAC MORTGAGE

---

**CASHIER'S CHECK**

1133705412

10/03/2011

California

**Remitter** JULIO PICHARDO

$ ***********637.94  ***

**Pay To The Order Of**    GMAC MORTGAGE

Drawer: JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

---

**CASHIER'S CHECK**

**Customer Copy**

1113108266

11/01/2011

California

**Remitter** JULIO PICHARDO

$ ***********637.94  ***

**Pay To The Order Of**    GMAC

0359019299

Drawer: JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

---

TERMS OF THIS TRANSACTION

**MONEY ORDER**

1113103873

**Service Instructions**
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

11/28/2011

California

**Pay To The Order Of**

$ ***********100.00***

1133705709

Remitter  JULIO PICHARDO

12/01/2011

Pay To The
Order Of    GMAC                                    $ ***********637.94  ***

Drawer: JPMORGAN CHASE BANK, N.A.
NON NEGOTIABLE
FOR YOUR PROTECTION SAVE THIS COPY
CASHIER'S CHECK                          Customer Copy

California                                          1133705839

Remitter  JULIO PICHARDO                 12/31/2011

Pay To The
Order Of    GMAC                                    $ ***********637.94  ***

Drawer: JPMORGAN CHASE BANK, N.A.
NON NEGOTIABLE
FOR YOUR PROTECTION SAVE THIS COPY      Customer Copy
CASHIER'S CHECK

California                                          1113109061

02/02/2012

Remitter  JULIO PICHARDO

Pay To The
Order Of    GMAC MORTGAGE                           $ ***********637.94  ***

Drawer: JPMORGAN CHASE BANK, N.A.
NON NEGOTIABLE

TERMS                                      1113104066

Service Instructions
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER
INFORMATION ABOUT THIS ITEM.

California                                          02/02/2012

Pay To The
Order Of                                            $ ***********100.00***

Pay      ONE HUNDRED DOLLARS AND 00 CENTS

NON NEGOTIABLE

NOT VALID FOR MORE THAN $1000.00
                                        SENDER
CASHIER'S CHECK                          1133706109

California                                          02/28/2012

Remitter  JULIO PICHARDO

                                                   $ ***********637.94  ***

Pay To The    GMAC

**CASHIER'S CHECK**

California

06/01/2012

Remitter    JULIO PICHARDO

Pay To The
Order Of     GMAC MORTGAGE

$ ***********640.42 ***

Drawer: JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

TERMS
FOR YOUR PROTECTION SAVE THIS COPY        Customer Copy

**CASHIER'S CHECK**        1133707214

California                                    08/31/2012

Remitter    JULIO PICHARDO

Pay To The
Order Of     GMAC

$ ***********640.42 ***

Drawer: JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

California                        1113112118

Remitter    J & R PICHARDO        01/03/2013

Pay To The
Order Of     GMAC MORTGAGE

$ ***********640.42 ***

Drawer: JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

TERMS
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

**CASHIER'S CHECK**        1133708050

California                                    02/01/2013

Remitter    JULIO PICHARDO

Pay To The
Order Of     GMAC

$ ***********640.37 ***

Drawer: JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

TERMS
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

COURTFOLIO TABS®                                                    LEGAL DIMENSIONS®

| ITEM | TABLE OF CONTENTS | DATE |
|---|---|---|
| 21 | REQUESTED GMAC APPLICATION FOR MODIFICATION TO RESOLVE CONTRACT ISSUES BY MORE MODIFICATION ACCORDING TO GMAC 2009 REFERENCED CONTRACT | 3/26/10 |
| 22 | LETTER TO REBECCA MAGNUS TO IMPLEMENT 8/5/09 CONTRACT AND INCONSISTENCIES | 3/31/10 |
| 23 | GMAC REQUESTED I KEEP SENDING HARDSHIP LETTER TO RESOLVE CONTRACT ISSUES. ADVISED WHAT TO SAY IN LETTER | 4/14/10 |
| 24 | GMAC REQUESTED I ADDRESS LIENS ON HARDSHIP LETTER AGAIN WITH NO RESULTS I EXPLAINED 8/5/09 CONTRACT TERMS | 4/28/10 |
| 25 | PLAINTIFF PLEADING TO REVIEW 8/5/09 CONTRACT WHAT TERM TO DO AWAY WITH THIS ANNOYING AMOUNT NOT IN 8/5/09 CONTRACT | 10/6/10 |
| 26 | PLAINTIFF PLEADING TO CANCEL THIS DIFFERED AMOUNT THAT IS NOT PART OF 8/5/09 CONTRACT-RESPONSE FROM GMAC ASKING FOR HELP | 2/22/12 |
| 27 | PLAINTIFF ADVISES TO OBSERVE 8/5/09 PRINCIPLE TO NO AVAIL PAYMENTS UNDUE REQUESTED RAISED FOR NO REASON | 2/28/11 |
| 28 | DENIAL LETTER FROM GMAC. LETTER ADVISES OF CREDIT BEING AFFECTED + REPORTED TO AGENCIES | 7/6/11 |
| 29 | GMAC SENT NOTICE TO HAVE PLAINTIFF START SALE/FORMS. NO MISSED PAYMENTS. NOTICE OF DEFAULT - NO PAYMENTS MISSED | 7/11/11 |
| 30 | REQUEST FOR MORE MODIFICATION APPLICATION FROM GMAC | 3/8/12 |
| 31 | COMPLAINT FILED WITH CFPB FOR BREACHES | 3/20/12 |
| 32 | EVIDENCE PROVIDED TO CFPB OF PRINCIPAL REDUCTION ON 8/5/09 CONTRACT CONTRADICTING A MRS VERSLUIS | 3/15/12 |
| 33 | EVIDENCE INVESTIGATED BY CFPB IN RESPONSE TO VIOLATIONS | 3/20/12 |
| 34 | CFPB INQUIRY AS TO WHY GMAC DID NOT ALLOW AGENCY TO REVIEW DOCS AND WOULD NOT DISCUSS CASE EVEN WITH PLAINTIFF ON FILE | 3/23/12 |
| 35 | 8/5/09 CONTRACT ADDRESSED WITH CFPB | 3/29/12 |
| 36 | PROTEST FROM PLAINTIFF FOR CONTINUED CALLS FOR PAYMENT ALREADY MADE TO GMAC | 5/26/12 |
| 37 | GMAC RESPONDS WITH CORRECTED PRINCIPAL AND ADDRESS 2010 ENTIRE YEAR OF STATEMENTS PLAINTIFF ASSUMED GMAC CORRECTED MATTERS | 6/11/12 |
| 38 | OWEN SENT 2012 1098 SHOWING CORRECT PRINCIPAL ON 8/5/09 CONTRACT | 12/31/12 |
| 39 | NOTICE GMAC FILED FOR BANKRUPTCY. REQUESTED HEARING FOR RELIEF AT N.Y. BANK. COURT | 8/29/12 |
| 40 | APPROVAL OF BID FROM OWEN TO BUY LOAN FROM GMAC. COUNSEL FOR GMAC IS COUNSEL FOR OWEN | 10/24/12 |

Case Name_____No._____S/L_____

© **Legal Dimensions**
   (800) 535-7753

### LOSS MITIGATION LOAN MODIFICATION
### 233 GIBRALTAR ROAD SUITE 600
### HORSHAM PA, 19044

*03/26/10*

TO:  LOSS MITIGATION - LOAN MODIFICATION
FROM: JULIO & ROCIO PICHARDO    *LOAN # 0359019299*
RE: REQUEST FOR PRINCIPAL REDUCTION OR CANCELLATION.
- - HARDSHIP- LETTER.
PLEASE MAKE AN ANALYSIS OF ENCLOSED FINANCIAL DOCUMENTATION,
IN ORDER TO ALLOW US PARTICIPATION OF LOAN REDUCTION PROGRAM AND
OR CANCELLATION OF DEFERRED PRINCIPAL.

AS SUCH WE ARE BARELY ABLE TO MAKE PRESENT MORTGAGE PAYMENT,
LEAVING US WITH MONTHS OF UNPAID UTILITIES.
NOT INCLUDING ESCROW ANALYSIS DATED 03/05/10 WHICH RAISES MONTHLY
PAYMENT TO $656.53.

WE ASK DEFFERED AMOUNT REDUCTION TO PRINCIPAL PRESENTLY BEING PAID.

WE HAVE BEEN ADVISED THAT THE PRESIDENT HAS MADE IT POSSIBLE FOR
US TO OBTAIN  ASSISTANCE ON REDUCTION OF PRINCIPAL & CANCELLATION.

THIS WAS POSSIBLE AT THE TIME OF SUBMISSION OF MODIFICATION REQUEST
LAST YEAR.    WHICH WAS NEVER CONSIDERED.

AS PER ENCLOSED LETTER TO LOSS MITIGATION DATED 06/23/09.
I ADVISED THE LOAN PROCESSOR THAT EXISTING DEBT PREDATES GMAC LOAN
AND ABSORBS EQUITY OF THIS HOME IN IT'S ENTIRITY, LEAVING A NEGATIVE NOW
OF $130,000.00 DOLLARS. A 9% INTEREST FROM DATE OF ISSUANCE WHICH HAS NOT
BEEN APPLIED.   SHOULD SUCH BE APPLIED AT 9% INTEREST ON $85,000.00 FOR 15
YEARS, IT WOULD AMOUNT IN THE $200,000.00 DOLLARS RANGE.

AGAIN, THESE WERE MADE AVAILABLE TO GMAC FOR MODIFICATION MORE THAN A
YEAR AGO, WITH A REQUEST TO CANCEL DEFFERED AMOUNT.

AGAIN I ASK THESE NOT BE CAUSED TO BE CALLED AS WE WOULD BE PUT OUT OF
THE HOUSE. *PLEASE DO NOT CAUSE ACCELARATION of DEBTS.*

ALL THIS DOCUMENTATION WAS MADE AVAILABLE TO GMAC UPON INITIAL REQUEST
FOR MODIFICATION ON FEB 2009.
PLEASE IMPLEMENT SUCH IMMEDIATELY DUE TO SEVERITY OF OUR LIMITATIONS.
WE THANK YOU FOR YOUR PATIENCE.

JULIO & ROCIO PICHARDO.

*Julio Pichardo*
*Rocio Pichardo*

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

03/31/10

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE

FULLERTON        CA 92831-4711

RE:   Account Number      0359019299
      Property Address     1201 EAST SUDENE AVENUE

                          FULLERTON        CA 92831-4711

Dear   ROCIO PICHARDO
       JULIO PICHARDO

Thank you for your inquiry regarding your account. We are currently processing your request and will respond in writing within 20 business days.

We apologize for any inconvenience this may cause. If you have any further questions, please contact Customer Care at 800-766-4622.

Customer Care
Loan Servicing

2:21

*FAX to Rebecca Magnus on Mod Contract Inconsistancy*

## *LOSS MITIGATION LOAN MODIFICATION*
### *233 GIBRALTAR ROAD SUITE 600*
### *HOSHAM PA, 19044*

*04/14/10*

*ATT: LOAN PROCESSOR    LOAN # 035901929*
*RE: EVIDENCE OF PREVIOUS & NEW HARSHIP*

*GENTLEMEN: AS PER SUBMITTED DOCUMENTED EVIDENCE; PLEASE REVIEW THAT I AM FACED WITH NUMEROUS MONTHS OF UTILITY BILLS. FOOD MONEY IS NOT THERE. MY KIDS WIFE & I HAVE BEEN UNDER MEDICAL TREAMENT FOR COLDS & FEVER FOR LACK OF HOME HEAT. COPIES OF SUCH HAVE BEEN SENT TO YOU ALONG WITH DOCUMENTS REQUESTING LOAN PRINCIPAL MOUNT BE REDUCED OR CANCELLED. AS YOU CAN APPRECIATE THE DISABILITY INCOME OF $943.00 CANNOT MITIGATE SITUATION EVEN CUTTING DOWN TO BARE ECCENTIALS. THIS WAS NOT THE CASE AT TIME OF LAST MODIFICATION, AS I WAS UP TO DATE ON BILLS.*

*NOW I RISK HAVING UTILITIES TURNED OFF AND RESORTING TO FOOD HANDOUTS, THROUGH FOOD PROGRAMS.*

*THIS SHOULD NOT BE SO, AS I TRIED TO COMPLY WITH THE GMAC. FOR MORE THAN EIGHT YEARS I HAVE PAID INTO THIS MORTGAGE WITH THE HELP OF FAMILY, BUT NOW IS A DIFFERENT BALL GAME. NOW MY FAMILY IS NOT WILLING TO KEEP PUTTING MONEY MY WAY. THEY FELL THEY HAVE DONE ENOUGH, WHICH I DON'T BLAME THEM FOR.*

*THEY KEEP REMINDING ME OF DUE AMOUNTS, ACCUMULATED PAYMENTS WITH INTEREST NEVER PAID.*

*I HAVE BEEN TOLD TIME AFTER TIME THAT EXISTING DEBTS HAVE ACCUMULATED ENORNOUSLY EXCEEDING HOME VALUE. NOW GMAC HAS RAISED PAYMENT FOR TAXES.*

*AGAIN PLEASE REDUCE LOAN PRINCIPAL AMOUNT & ANY ADJUSTMENT IN PAYMENT THAT CAN BE MADE IN ORDER TO MAKE IT POSSIBLE TO SURVIVE.*

*MY WIFE & TWO KIDS APPRECIATE YOUR CONSIDERATION. THANK YOU. JULIO PICHARDO.*

#24

**LOSS MITIGATION / LOAN MODIFICATION**
**233 GIBRALTAR RD SUITE 600**
**HORSHAM PA, 19044**
**LOAN NUMBER 0359019299.**

04/28/10

**TO: LOSS MITIGATION LOAN MODIFICATION**
**RE: PREVIOUS &NEW HARDSHIP**

*LOSS MITIGATION; AS PER MY MANY PREVIOUS REQUIRED DOCUMENTS WHICH I HAVE FAXED A DOZEN TIMES,, I AGAIN REQUEST YOUR ASSISTANCE AS I CANNOT CONTINUE MAKING PAYMENTS WITH MY INCOME FROM DISABILITY.*
*PLEASE BE ADVISED I AM SEVERAL MONTHS BEHIND IN BILLS AND FACE DISCONNECTIONS.    WE ARE UNDER  MEDICAL CARE FOR LACK  OF HEATWIH FLU & COLDS.*
*IN ADDITION, I SUBMITTED DOCUMENTS OF PRE-EXISTING DEBT WHICH I HAVE BEEN ADVISED OF BALANCE AND INTEREST RATE OWED AS I HAVE NOT BEEN ABLE TO MAKE REQUIRED MONTHLY PAYMENTS OF ACRUDED INTEREST OF 9% AND I CANNOT AVOID IT FOR LONG.*
*I ADVISED YOU THAT MY FAMILY HAS HELP BUT THEY NO LONGER WILL.*
*AS DOCUMENTS SHOW THIS ACCUMULATED AN ACCRUDED INTEREST WHICH CANNOT EVEN BE MADE MUCH LESS THE DEBT.*
*THIS IS THE REASON WHY I REQUEST YOU CANCEL PRINCIPAL AMOUNT AS I HAVE CONTACTED NOTE HOLDERS IN ORDER TO INFORM OF MY SITUATION.    THE RESPONSE IS THAT THEY HAVE NOT SEEN ANY PAYMENTS AND THAT THEY ARE NOT WILLING TO ALLOW THIS TO CONTINUE.*

*I INFORMED THEM THAT I AM GREATFUL FOR THEIR PATIENCE ALL THESE YEARS, NOW I ASK  YOURS TOO,  BUT NOW I HAVE NO RECOURSE BUT TO MAKE CLEAR THIS SITUATION.*

*SHOULD YOU NOT BE ABLE TO CANCEL PRINCIPAL AMOUNT & ACCELARATION ACCURS, I FEAR I WILL BE PUT OUT OF THIS HOME WITH NOWHERE TO GO, & GMAC WILL NOT ACQUIRE MUCH AS DEBT ABSORTS ALL OF HOME EQUITY.*
*PLEASE CONSIDER MY SITUATION.*
*THANK YOU.        JULIO PICHARDO.*

*GMAC MORTGAGE*
*LOSS MITIGATION*
*253 GIBRALTAR RD. SUITE 600*
*HORSHAM PA, 19044*

*10/06/10*

*TO: LOSS MITIGATION LOAN MODIFICATION*
*RE: LOAN NUMBER #0359019299*

*LOSS MITIGATION;  AS PER DOCUMENTATION ISSUED TO YOU AT TIME OF MODIFICATION,*
*THESE DOCUMENTS ARE PRE-EXHISTING TO YOUR LOAN WHICH ABSORB THE VALUE OF THIS*
*HOME, & ANY FUTURE EQUITY THIS PROPERTY MAY ACQUIRE.*
*IN ORDER TO ASSIST YOU IN DETERMINING SUCH, DOCUMENTS WERE ISSUED.*
*SINCE THER IS NO WAY FOR ME TO ACQUIRE A BALOON AMOUNT OF $120,000 NOW NOR AT*
*MATURITY OF THIS LOAN, I REQUEST THAT ONLY THE AMOUNT SHOWN ON STATEMENT BE*
*ALLOWED  THEREFORE CANCELLING THE DEFFRRED AMOUNT.*
*AGAIN PLEASE REVIEW EXISTING DOCUMENTS SENT TO YOU AT TIME OF MODIFICATION IN*
*ORDER TO RESOLVE THIS SERIOUS MATTER  I CONFRONT.*

*IN ADDITION YOU SENT A PAYMENT INCREASE OF ANALYSYS DONE FOR TAX PURPOSES,*
*WHICH HAS ALREADY BEEN APPLIED TO MONTHLY PAYMENT, THEREFORE AFTER SPEAKING*
*WITH YOUR AGENTS ON THE PHONE, IT WAS DETERMINED TO SEND YOU THIS LETTER*
*ADDRESSING THE ISSUE AT HAND.  PLEASE DO NOT POSTPONE SUCH SERIOUS ISUUE AS THIS.*
*IT IS IMPERATIVE THAT A DETERMINATION ON THIS BE DONE, AS MY DISABILITY IS*
*PERMANENT & ASIDE FROM ANY INCREASE OF COST OF LIVING TO MY DISABILITY WHICH IS*
*USUALLY ABOUT $38.00 A MONTH, NO OTHER INCOME IS EXPECTED AT ANY TIME TO COVER*
*SUCH AMOUNT DEFFERED.*

*YOUR PROMPT RESPONSE IS GREATLY APPRECITATED.*
*THANK YOU.*
*JULIO PICHARDO   TEL -&- FAX 714 447-4207*

# GMAC Mortgage

February 22, 2012

Rocio Pichardo
Julio Pichardo
1201 East Sudene Avenue
Fullerton CA 92831-4711

RE:     Account Number        0359019299
        Property Address       1201 East Sudene Avenue
                               Fullerton CA 92831-4711

Dear Rocio Pichardo and Julio Pichardo:

This letter is in response to your inquiry regarding the above-referenced account dated March 15, 2012 and received in our office on March 16, 2012.

GMAC Mortgage has provided a response to your inquiry on March 20, 2012. As no new information has been submitted in your most recent correspondence, we trust that we have addressed you concerns.

If you have any further questions, please contact Customer Care at 1-800-766-4622 between the hours of 6:00 am to 10:00 pm CT Monday through Friday and 9:00 am to 1:00 pm CT on Saturday.

Customer Care
Loan Servicing

Enclosure

JS

27

## GMAC LOAN RESOLUTION/LOSS MITIGATION
## LOAN MODIFICATION DEPARTMENT

2/28/11

LOSS MITIGATION/LOAN MODIFICATION
ACCOUNT NUMBER 0359019299.
RE: RULE 29-58

GENTLEMEN; AS PER MANY CORRESPONDENCE TO YOU CONCERNING
MODIFICATION, ENCLOSED YOU MAY FIND DOCUMENTATIONS PREVIOUSLY SENT
WHICH SHOWS VALUE & EQUITY OF HOME ABSORBED BY DEBTS PREVIOUSLY
EXISTING TO YOUR LOAN IN FORM OF DEED OF TRUST, NOTES & INTEREST.
IT HAS COME TO MY ATTENTION THAT RULE 29-58 SHOULD HAVE BEEN OBSERVED &
APPLIED REDUCING PRINCIPAL LOAN BALANCE TO $59,574.74.
UNDER MY UNDERSTANDING OF SUCH, I REQUESTED OWNERS OF SUCH DEEDS &
NOTES TO ALLOW ME TO FOCUS THEIR $400.00 PAYMENT TO THIS AMOUNT IN ORDER
TO TRY TO PAY THIS OFF TO ALIVIATE MY FINANCIAL SITUATION.
THIS VERELY IS THE INTEREST ON THESE DEEDS.

SHOULD THIS BE SO, I WOULD BE ALLOWED TO DIVERT THIS INTEREST PAYMENT TO
PAY YOUR PRINCIPAL BALANCE SOONER SHOWN ON PREVIOUS STATEMENTS.

THANK YOU FOR THE OPPORTUNITY TO RESOLVE THIS DIRE SITUATION, AS THIS IS
THE ONLY RECOURSE LEFT TO ME.

AS DOCUMENTED MANY TIMES, MY SOCIAL SECURITY DISABILITY IS $946.00 A
MONTH, MY WIFE'S $233.00 A MONTH, & MY DAUGHTER'S $233.0 A MONTH.

YOUR PROMPT RESPONSE IS APPRECIATED.
JULIO & ROCIO PICHARDO_____

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

07/06/11

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE

FULLERTON        CA 92831-4711

RE:    Account Number    0359019299
       Property Address    1201 EAST SUDENE AVENUE

              FULLERTON        CA 92831-4711

Dear    ROCIO PICHARDO
        JULIO PICHARDO

In connection with your request for a Loan Modification, we regret to inform you that your request has been denied for the following reason(s):

[]    The financial information provided shows you have insufficient income to support your request. We recommend you consider selling your property. If the value of your property has declined and would not result in a full payoff of the mortgage please contact our office when an offer is received so we can review for a possible short sale.

[]    The financial information provided shows that your income is sufficient to cover your existing mortgage obligation; therefore, we are unable to modify your existing obligation.

[]    While you do not have sufficient income to support all of your monthly expenses, some of your expenses could be reduced. We recommend you contact your other creditors to lower their monthly payments before workout solutions can be considered on your mortgage.

[]    We previously requested additional information from you which has not been received; therefore, we are unable to continue our review for workout solutions.

[X]    We service your loan on behalf of an investor or group of investors that has not given us authority to modify your loan under the program requested.

07/06/11
Account Number 0359019299
Page Two

[] The payment we received does not represent the correct amount as specified in the agreement.

[] The required payment was not received by the payment due date as specified in the agreement.

[] We have not received the properly signed and executed agreement.

[] You did not meet the requirement (s) for the Home Affordable Unemployment Program.

[] We have been unable to clear/resolve outstanding title issues in order to meet recording requirements.

[X] HAMP Program denied. Loan Modifications are not allowed.

[X] Interest rate cannot be lowered or remaining term extended.

At times like these we feel it is important for you to seek financial advice from a trusted source experienced with situations like yours. Therefore, we recommend you call 1.800.CALL.FHA to find a HUD-Certified housing counseling agency to discuss your needs. You can also call the HOPE hotline number (888-995-HOPE) to seek assistance at no charge from HUD-approved housing counselors and can request assistance in understanding this borrower notice letter by asking for MHA HELP.

We will continue to work with you to explore other options that may be available for your circumstances. If you have any questions regarding the above decision, please contact our office at , between the hours of 7:00 a.m. and 9:00 p.m. Monday through Thursday Central Standard time, 7:00 a.m. to 6:00 p.m. Central Standard time Friday, and 8:00 a.m. to 12:00 p.m. Central Standard time on Saturday.

Loss Mitigation Department

Loan Servicing

07/06/11
Account Number 0359019299
Page Three

Notice:  Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

**Notice Regarding Bankruptcy:**  If you have filed for bankruptcy and your case is still active or if you have received an order of discharge, please be advised that this is not an attempt to collect a pre-petition or discharged debt. Any action taken by us is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from you personally.

**Residents of North Carolina:  If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks, website, www.nccob.gov.**

**Residents of New York:  If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the New York State Banking Department at 1-877-226-5697 or www.banking.state.ny.us.**

Disclosure of the Use of Information Obtained From an Outside Source

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below.  You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency.  The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you.  You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice.  In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Name:  Equifax Information Services LLC,

Address: P.O. Box 740241, Atlanta, GA 30374-0241

Telephone number: 800-685-1111    www.equifax.com

*If you have any questions regarding this notice, you should contact:*
Creditor's name: GMAC Mortgage, LLC
Creditor's address:  PO Box 780  Waterloo IA 50704-0780
Creditor's telephone number: 800-766-4622

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Federal Trade Commission, 5:90

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

07/11/11

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE

FULLERTON        CA 92831-4711

RE:    Account Number    0359019299
       Property Address    1201 EAST SUDENE AVENUE

                FULLERTON        CA 92831-4711

Dear    ROCIO PICHARDO
        JULIO PICHARDO

In connection with your request for a loan modification, we regret to inform you that your request has been denied for the following reason(s):

[]    The financial information provided shows you have insufficient income to support your request. We recommend you consider selling your property. If the value of your property has declined and would not result in a full payoff of the mortgage please contact our office when an offer is received so we can review for a possible short sale.

[]    The financial information provided shows that your income is sufficient to cover your existing mortgage obligation; therefore, we are unable to modify your existing obligation.

[]    While you do not have sufficient income to support all of your monthly expenses, some of your expenses could be reduced. We recommend you contact your other creditors to lower their monthly payments before workout solutions can be considered on your mortgage.

[]    We previously requested additional information from you which has not been received; therefore, we are unable to continue our review for workout solutions.

[]    We service your loan on behalf of an investor or group of investors that has not given us authority to modify your loan under the program requested.

07/11/11
Account Number 0359019299
Page Two

[]    The payment we received does not represent the correct amount as specified in the agreement.

[]    The required payment was not received by the payment due date as specified in the agreement.

[]    We have not received the properly signed and executed agreement.

[]    You did not meet the requirement (s) for the Home Affordable Unemployment Program.

[]    We have been unable to clear/resolve outstanding title issues in order to meet recording requirements.

[X]    Reason for default does not meet program requirements.

[]

At times like these we feel it is important for you to seek financial advice from a trusted source experienced with situations like yours. Therefore, we recommend you call 1.800.CALL.FHA to find a HUD-Certified housing counseling agency to discuss your needs. You can also call the HOPE hotline number (888-995-HOPE) to seek assistance at no charge from HUD-approved housing counselors and can request assistance in understanding this borrower notice letter by asking for MHA HELP.

We will continue to work with you to explore other options that may be available for your circumstances. If you have any questions regarding the above decision, please contact our office at , between the hours of 7:00 a.m. and 9:00 p.m. Monday through Thursday Central Standard time, 7:00 a.m. to 6:00 p.m. Central Standard time Friday, and 8:00 a.m. to 12:00 p.m. Central Standard time on Saturday.

Loss Mitigation Department
Loan Servicing

07/11/11
Account Number 0359019299
Page Three

Notice: Federal law requires that we advise you that this notice is from a debt collector attempting to collect on a debt and any information obtained will be used for that purpose.

**Notice Regarding Bankruptcy:** If you have filed for bankruptcy and your case is still active or if you have received an order of discharge, please be advised that this is not an attempt to collect a pre-petition or discharged debt. Any action taken by us is for the sole purpose of protecting our lien interest in your property and is not to recover any amounts from you personally.

**Residents of North Carolina: If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the North Carolina Office of the Commissioner of Banks, website, www.nccob.gov.**

**Residents of New York: If you believe the loss mitigation request has been wrongly denied, you may file a complaint with the New York State Banking Department at 1-877-226-5697 or www.banking.state.ny.us.**

Disclosure of the Use of Information Obtained From an Outside Source

Our credit decision was based in whole or in part on information obtained in a report from the consumer reporting agency listed below. You have a right under the Fair Credit Reporting Act to know the information contained in your credit file at the consumer reporting agency. The reporting agency played no part in our decision and is unable to supply specific reasons why we have denied credit to you. You also have a right to a free copy of your report from the reporting agency, if you request it no later than 60 days after you receive this notice. In addition, if you find that any information contained in the report you receive is inaccurate or incomplete, you have the right to dispute the matter with the reporting agency.

Name: Equifax Information Services LLC,

Address: P.O. Box 740241, Atlanta, GA 30374-0241

Telephone number: 800-685-1111    www.equifax.com

*If you have any questions regarding this notice, you should contact:*
Creditor's name: GMAC Mortgage, LLC
Creditor's address: PO Box 780  Waterloo IA 50704-0780
Creditor's telephone number: 800-766-4622

Notice: The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex, marital status, age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Federal Trade Commission, 5:90

# GMAC Mortgage

PO Box 780
Waterloo, IA 50704-0780

March 08, 2012

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON CA 92831-4711

**Property Address:**

1201 EAST SUDENE AVENUE
FULLERTON CA 92831

Account Number 0359019299

Please check the box that best
describes your situation.

Dear ROCIO PICHARDO and JULIO PICHARDO:

We understand how difficult it may be to ask for help when you
need it the most.

The best way to find out what options are available is to help us
understand your financial situation by completing the attached
application package, including all the required documentation.
Upon receipt of the documentation we will assign a relationship
manager to assist you throughout the process.

As an alternative, if you are experiencing any difficulty
completing the full package you may complete this form by
checking all of the appropriate boxes to the right. This will help
us identify potential programs available to meet your needs.
Once we have received this information, we will assign a
Relationship Manager to personally help you through this
process.

Once your relationship manager is assigned they will stay with
you throughout the process and assist with all documentation
needs as well as explain every step of the process.

We look forward to working through this with you.

Thank you.

Loan Servicing

I want to:
Keep the property
Sell the property

This home is:
Where I live
Second Home
Investment Property

I, or a member of my family is or has been
on active duty with our military
You may be eligible for benefits and
protection under the Servicemembers
Civil Relief Act (SCRA)

I need help because I have/am:
A loss of income
Increase in expenses
Can't sell/rent my home
Marital problems
Unemployed
Incarceration
Damage to the home due to
hurricane, flood, earthquake, etc.
Death or illness of family member
Other

**Fax this letter with your documentation attached to 1-866-709-4744 -or- Mail to:  Loss Mitigation, 233
Gibraltar Rd., Suite 600, Horsham PA 19044**

What is the best number/time to reach you? ( _____ ) _____

NC060

00044

*GMAC TOLD ME THEY HAD NOT RECEIVED DOCUMENTS THEREFORE THEY NEEDED ANOTHER COPY. I RESPONDED I WOULD SEND THEM A COPY, THEY SAID THEY NEEDED THEM ORIGINAL I SAID I WOULD SEND COPY WITH ORIGINAL SIGNATURES. WHEN THWY SAW MY INSISTANCE THEY SAID NO I EITHER SIGN ANOTHER COPY OR I WOULD FORECLOSED. THIS PUT ME IN THE HOSPITAL AGAIN.*

*MRS. VERSLUIS ASSERTION THAT OY WAS AN ERROR IS FALSE.    YOU MAY READ IT ON DOCUMENTS DRWANED BY GMAC 7 ALL MY DSIAGREEMENTS & COMPLAINTS FOR SUCH.*

*I THEREFORE DEMAND LANGUAGE ON DOCUMENT BE IMPLEMENTED AS THIS FORESEES SUCH AS I EXPECTED IT.*

*I MENTIONED I WAS IN HOPITALIZATION WHEN MY WIFE BROUGHT NEW SET TO MY BEDSIDE. I CALLED & COMPLAINT THAT MODIFICATION HAS BEEN FINALIZED WITH NEW PRINCIPAL ON MORTGAGE STATEMENT AS REQUESTED BY ME IN ENCLOSED LETTER.*

*PLEASE NOTE ATOURNEY GENERAL IS REQUESTING REVIEW FOR IRREGULARITY WHICH ARE SEVERAL IN THIS CASE.*

*THEY ADVISED ME OF FORECLOSURE WHEN I HAD NOT MISSED A PAYMENT. THEY CHARGED FIR MODIFICATION.  PLEASE SEE TWO MONEY ORDERS SENT WITH DOCUMENTS, & ANOTHER BEFORE THE MONTH WAS OUT.*

*COMPANIES MAY WANT TO DO WHATEVER THEY WANT BUT THEY CANNOT. I UNDERSTAND THIS IS PART OF ACTION BY ATOURNEY GENERAL DUE TO SUCH AS THIS.*

*GMAC KNEW HOME TO BE UNDER WATER. PROCESSOR INCLUDED SUCH BY CITING EXISTING NOTES, & FINALLY THIS GOVERNS EVNTUALLITY.*

*I INFORMED GMAC THAT EVEN IF I WERE TO TRY TO CHANGE THIS IT WOULD NOT BECAUSE I CLAIM GOVERNING CLAUSE.*

*SHOULD YOU NEED ADDITIONAL DOCUMENTATION, PLEASE DO NOT HESITATE TO REQUEST IT.*

*JULIO & ROCIO PICCHARDO*

Please note they tried four modifications, which I complained about.
I understand they cannot foreclose without default + three months is not to exceed modifications



## GMAC MORTGAGE CO./ WELLSFARGO INVESTOR

**3451 HAMMOND AVE**
**WATERLOO IA, 50702**

LOAN# 03590/9299                    03/15/2012

MRS. TAMMY VERSLUIS.
EXECUTIVE ACCOUNT MANAGER.
RE: MAIL CERTIFICATION SHOWING MODIFICATION & PAYMENT AS PER MR. CLAYTON & HIS MANAGER RAI.

IN YOUR QUEST TO REVIEW DOCUMENTS I POINT TO SEVERAL MATTERS COVERED AS FOLLOWS:

ENCLOSED YOU MAY FIND DOCUMENTS SHOWING PAYMENTS FOR MAY 1ST & JUNE 1ST ON MODIFICATION AS REQUESTED BY MR. CLAYTON REVIEWED & AUTHORIZED BY RAI HIS MANAGER PER MODIFICATION SHOWING RECIEPT FOR THESE THREE MONTHS, AS APRIL PAYMENT HAD ALREADY BEEN MADE.
ENCLOSED YOU MAY ALSO FIND DOCUMENTS DRAWNED NOTARIZED & SIGNED BY MY ME & MY WIFE.
AS REQUESTED BY BOTH ABOVE PERSONS, AS PROCESSORS IN YOUR LOSS MITIGATION LOAN MODIFICATION DEPT. NOTES & LIENS ON THE HOME EXISTING WERE PREVIOUSLY SENT SHOWING OBLIGATIONS ON THE HOME IN COMPLIANCE WITH REQUEST. IT WAS MADE VERY CLEAR BY ABOVE REPRESENTATIVES PROCESSORS & HIS MANAGER, THE STRICT COMPLIANCE WITH THREE CONSECUTIVE PAYMENTS AFTER TRIAL PERIOD IN JUNE MODIFICATION WOULD BE FINALIZED, & MODIFICATION DOCUMENTS WOULD BE SENT FOR SIGNATURE & NOTARIZATIONS.  ALL CALCULATIONS WERE DONE WHILE ON THE PHONE WITH ME TO INCLUDE ABOVE NOTES, & SHOWING THAT THESE DOCUMENTS ADDRESSED THE PRINCIPAL NOTE & LIENS IN DRAWNED DOCUMENTS WHICH ARE CLEARLY NOTED IN ORDER TO AVOID CONFLICTS ARISING IN FUTURE AS HOME EQUITY & VALUE WERE ABSORBED BY SUCH NOTES.   THIS WAS THE CALCULATION WHICH BROUGTH ABOUT THE PRINCIPAL BALANCE OF $63,272.87.   AS YOU MAY SEE ON MODIFICATION, THIS GOVERNS IN THE EVENTUALITY OF INCONSISTANCY THAT WOULD OR MAY ARISE.   SECOND PARAGRAPH UNDER HEADING "FIXED LOAN MODIFICATION AGREEMENT" CLEARLY STATES: "THAT BORROWER HAS REQUESTED & LENDER HAS AGREED TO CARRY FORWARD LIENS ON PROPERTY SENT BY ME, EVEN IF NOT CREATED BY SECURITY NOTE.

ACKNOWLEDGEMENT IS MADE THAT THIS DOCUMENT GOVERNS ADDRESSING EVEN THE ORIGINIAL NOTE, IT WAS CLEAR THAT DETAILED DOCUMENTS WERE BEING SENT COVERING NOTES & TO AVOID ANY FURTHER COMPLICATIONS.    WITH HEALTH CONDITIONS OF B/P PRESSURE & HOSPITALIZATIONS AMONG OTHER COMPLICATIONS, MENTIONED SEEN IN MEDICAL RECORDS, EVERY CONCERN WAS COVERED IN SUCH DOCUMENTS DRAWNED BY GMAC.  I THEREFORE REQUEST THAT CLAUSE IN SECOND PARAGRAPH OF COVERING LIENS NOT CREATED BY ORIGINAL NOTE & PARAGRAPH 7 GOVERNING ANY EVENTUALLITY DESCRIBED IN SUCH PARAGRAPH BE IMPLEMENTED.

ONCE MODIFICATION MADE, I REQUESTED NEW PRINCIPAL ON MODIFICATION SHOW ON STATEMENT OF $63,272.87 AS ONLY PRINCIPAL.  LETTER DATED 10/01/09 TO PROCESSOR CLAYTON ENCLOSED FOR REFERENCE.

MONTHS AFTER, GMAC PROCEDED TO CREATE MORE MODIFICATION NOT REQUESTED CONFLICTING WITH ABOVE MODIFICATION.    AGAIN IN SUCH EVNETUALLITY, ABOVE DOCUMENTS GOVERN THIS, & ANY OTHER CREATED BY ME OR YOU.

MANY LETTERS ADDRESSING THESE MATTER HAVE BEEN SENT, TO NO AVAIL.  I  KNEW THAT SUCH THINGS WOULD HAPPEN, YET I CHOSE NOT TO DEVIATE FROM GOVERNING FACTOR.

I WAS TOLD NOT TO PROCEED WITH FURTHER ACTION AS ISSUE IS BEING RESOLVED.

PLEASE INDICATE IF IT IS SO, AS DOCUMENTS HAVE BEEN REVIEWED & ARE AWATING YOUR RESPONSE TO ME OR TO CFPB.  ALSO SEVERAL CALLS WERE RECIEVED FROM THE OFFICE OF THE ATOURNEY GENERAL TO SEE IF REGULATIONS WERE FOLLOWED AS THREE CHECKS WERE REQUESTED IN THE MONTH OF AUGUST & THROUGH ALL MODIFICATION PROCESS.  SUCH IS BEING LOOKED AS FORECLOSURE NOTICES WERE SENT BY YOU SHOULD I NOT SIGN NEW DOCUMENTS.  I KNEW THIS WOULD NOT AFFECT ORIGINAL DOCUMENTS AS CITED ABOVE, THAT IS WHY EVEN IT PUT ME IN THE HOSPITAL I DO NOT REGRET SUFFERING SUCH.
I ASK THAT HOME NOTES NOT BE ACCELARATED AS IT WOULD EXACERBATE SITUATION WE ARE CONFRONTING.
YOUR PROMPT RESPONSE IS APPRECIATED,  JULIO & ROCIO PICHARDO.

CASE # 1 20 302 - 0003

33

## CONSUMER FINANCIAL PROTECTION AGENCY

03/20/12

RE:NOTES REQUESTED BY GMAC TO REDUCE PRINCIPAL.
CFPA - ASSIGNED INVESTIGATOR

THE ASSITANCE REQUESTED FROM GMAC WAS PRINCIPAL REDUCTION IN THE DEBT
FORGIVENESS PROGRAM DUE TO NOTES SHOWING HOME UNDER WATER IN DEBT.
AS I HAD PREVIOSLY INFORMED GMAC THE EXISTANCE OF 4 NOTES DATING PURCHASE DATE
OF 1991 TO 2004 PLACING HOME UNDER WATER, GMAC PROCEDDED TO REQUESTED NOTES ON
THE HOME TO VERIFY VALIDITY. I EXPLAINED NOTES WERE DRAWNED FOR HELP RECEIVED
MAKING POSSIBLE MORTGAGE PAYMENT TO SUCH DATE. DOCUMENT #91-529044 REPLACED
ASSINGNMENT & BENEFICIARIES.
PROCESSOR INFORMED ME NOTES WERE NEEDED IN ORDER TO INCLUDE THEM IN
MODIFICATION & WHAT PRINCIPAL AMOUNT WOULD REMAIN AFTER FIGURING NOTES
WHICH THEY ADVISED ME SUCH. THIS IS WHERE THE $63,272.87 FIGURES.
ENCLOSED DOCUMENTS & LETTER CONTRADICTS GMAC INCONSISTANCIES.
DOCUMENTS SHOW 4 NOTES REQUESTED BY LOSS MITIGATION TO BE CONSIDERED AS HOME
HAD NO EQUITY OR VALUE TO BACK GMAC LOAN. LETTERS TO PROCESSOR ADVICE THAT
UNLESS PRINCIPAL IS REDUCED FROM IT'S TOTALITY LOAN AMOUNT WAS IMPOSIBLE TO BE
MET NEITHER THEN NOR AT TERM. THIS WAS THE REASON FOR THE HOLDUP ON THE
MODIFICATION. ITS WAS MADE CLEAR TO GMAC THAT THESE NOTES MADE PRIOR TO LOAN
WOULD COMPLETELY INHIBIT LOAN, AS EQUITY & VALUE WAS ABSORBED AS DESCRIBED
ABOVE. PROCESSOR WAS CONTACTED BY ME NUMEROUS TIMES REQUESTING EXPLANATION
OF CONSIDERATION OF NOTES AS LOAN PRINCIPAL COULD NEVER BE COVERED IN CASE OF
FORECLOSURE.

ONCE PROCESSOR OBTAINED NOTES, THE RESPONSE WAS PRICIPAL WOULD BE RECUCED IN
IT'S TOTALITY. THESE FIGURES WERE MADE WHILE I WAS ON THE PHONE WITH LOAN
PROCESSOR. HE ADVICED THAT ALL NOTES WERE BEING FIGURED IN DOCUMENTS MAKING
AN ADJUSTED PRICIPAL. I INQUIRED HOW THIS WOULD SQUARE WITH $199,000.00 ORIGINAL
PRINCIPAL. AS I HAD SEEN THE MISHANDLING OF MANY DOCUMENTS, I PROCEEDED TO
MADE CLEAR THAT SITUATION MAY ARISE QUESTIONING SUCH MODIFICATION & PRINCIPAL
REDUCTION. THE RESPONSE WAS: IT BEING MADE CLEAR ON DOCUMENT THE SPECIFIC
CLAUSE IN CASE ANY EVENTUALITY CONTROLLING SUCH & IF QUESTIONABLE DOCUMENTS
FACTURED IN NOTES & IT WOULD STATE GOVERNING ORIGINAL A FACTOR.

THIS MODIFICATION TOOK MORE THAN SIX MONTHS TO PROCESS, DUE TO FACTORS
MENTIONED ABOVE.

I POINT TO THIRD PARAGRAPH SECTION NOTING: BORROWER HAS REQUESTED NOTES &
FLIENS BE EXTENDED & CARRIED FORWARD WHETHER OR NOT CREATED BY PRINCIPAL
NOTE.

I PERSISTED TO HAVE EVENT ADDRESSED WHERE GMAC DUE TO MANNER IN WHICH THEY

HANDLED LOAN MODIFICATION & DOCUMENTS LOSS, I REQUESTED TO HAVE SUCH CLEARED
IN WRITTINGS. THIS IS ON PARAGRAH #7 WHICH STATES: THIS DOCUMENT GOVERNS I ANY
EVENTUALITY. I KNEW THIS WOULD HAPPEN AGAIN.

**CONSUMER FINANCIAL PROTECTION AGENCY**    3/23/12

RE: ADITIONAL CORRESPONDENCE TO GMAC ON DOCUMENTS.
ATT: CFPA - INVESTIGATOR -- CONTRADICTING LETTERS TO GMAC FOUND.

ENCLOSED YOU MAY FIND ADDITIONAL PROOF OF IRREGULARITY WITH GMAC UNWILLIGNESS
TO ANSWER TO MY REPEADETLY REFERENCES ABOUT EXISTING LIENS (NOTES) ON HOMES &
PRINCIPAL REDUCTION ON MODIFICATION DOCUMENTS. PER LETTERS FOUND IN MY PAPERS.
THESE LETTERS POINT TO HUD MGR. ADVISING GMAC ON THREE WAY LINE, TO HAVE 14 DAY
RESPONSE WITH (LIENS)NOTES & PRINCIPAL REDUCTION AS MODIFICATION PAYMENTS WERE
REQUESTED. AT THAT TIME THE ARGUMENT WAS: AS MODIFICATION WAS PROCESSED IN
MARCH, WHY WERE THE DOCUMENTS DELAYED. PLEASE NOTE MODIFICATION PAYMENTS
BEGAN AROUND APRIL 2009, GMAC ADVISED MODIFICATION PROCESS PRIOR TO THIS DATE.
THIS PUTS MRS. VERSLUIS CONTRARY TO FACTS. HER EXPLANATION DOES NOT FIT ASNWERS.
BUT SINCE THIS WAS BEING DONE IN THIS FASHION, I REQUESTED HUD MGR. TO SPEAK TO
GMAC DISCUSS MODIFICATIONS CONCERNS, & ACCURACIES ON MODIFICATION. AFTER HUD
MANAGER'S HEATED ARGUMENT WITH GMAC, IT WAS RESOLVED THAT MODIFICATION
DOCUMENTS WERE ON THEIR WAY. PLEASE SEE FAXED CERTIFIED MAIL NOTE CHECKS SENT.
LIENS ON PROPERTY WERE DISCUSSED TO INCLUDED AS PRINCIPAL REDUCTION TO FIGURING
IN DOCUMENTS. SHOULD I WERE SO HAPPY WITH PROCESS WHY WOULD I CONTACT HUD
AGENT COMPLAINING OF PAYMENTS MADE & ONCE HUD AGENT WAS INVOLVED THINGS
APPEARED TO BE CORRECTED?. PLEASE NOTE THAT HUD AGENT ARGUED & REQUESTED A
MANAGER BE PLACED ON LINE TO RESOLVE THESE ISSUES. IF THIS WAS SO, WHY WOULD
GMAC APPEAR AS ALL THINGS OK. I NEVER CONTACTED HUD AGAIN. I SAW NO NEED.
AS THIS BEGAN MARCH, APRIL, & MAY TRIAL PERIOD PUTS FINALIZATION BY MAY. THIS IS
WHERE MY WORRIES BEGAN. WITH MODIFICATION PAYMENTS BEING SENT BY ME TO GMAC,
AS YOU CAN SEE THEY APPEARED TO EXPLAIN TO HUD AGENT THAT ALL WAS OK. BUT I
WOULD GET FORECLOSURE NOTICES WHICH PLACED ME IN HOSPITAL AGAIN.    SINCE
MODIFICATION WAS FINALIZED I ASKED GMAC FOR RECORDED COPY. THEY SAID I WAS NOT
TO WORRY ABOUT IT, ALL WAS OK.  GMAC CONTROLLED ALL FACTORS OF DOCUMENTATIONS.
THEY'RE TRYING DOING IT NOW. PLEASE SEE MY RESPONSE TO DISAGREEING WITH
ANYTHING BEING DONE ABOUT CHANGES. NEVER WAS I INFORMED OF CHANGES, ONLY THAT
THEY NEVER RECEIVED DOCUMENTS A CONTRADICTING FACTS.    THEY COULD HAVE
CONTACTED HUD AGENT, BUT THEY WANTED TO SLIP THIS UNADVERTENTLY BY TO SEE IF
THERE WAS NO PROTEST FROM ME. WELL THERE WAS QUESTIONS TO ANOTHER COPY. SEE
MY ENCLOSED LETTER. PLEASE NOTE AS I TOOK FOR GRANTED HUD CLOSURE WITH GMAC,
BEING UNDER STRONG MEDICATIONS & BEING TOLD EVERYTHING WAS FINE, I NEVER
EXPECTED TO HAVE DOCUMENTS COMPLETELY CHANGED WITHOUT ANYONE NOTICING
CHANGES. I WOULD NOT AGREE. ONCE HUD INFORMED ME IT WOULD OK I THOUGHT I WAS
OUT OF THE WOODS, BUT NOT WITH GMAC. PLEASE NOTE GMAC REVIEWED MODIFICATION
DOCUMENTS ON FILE WITH ME VIA PHONE, NOT DONE AWAY AS MRS. VERSLUIS SAYS.
I SUPPOSE ONE WAY TO RESOLVE THIS IS TO ASK GMAC WHY EXISTING HOME LIENS
(NOTES)EXCECUTED IN DOCUMENTS DO NOT FIGURE LATER, HOPEFULLY THEY'LL ADMIT.
THIS MAY RESOLVE ALL ISSUES, AS THIS HAS BEEN ADDRESS TO GMAC THE ENTIRE TIME.
THEY KNOW THAT THIS WOULD DISOLVE CLAIM THAT HOME WOULD COVER LOAN PRINCIPAL
AS DESCRIBED ON DOCUMENTS. ONLY NOW I ASK GMAC NOT BE ALLOW TO DO SO.
PLEASE HAVE GMAC INCLUDE THESE EXISTING LIENS ON PROPERTY TO FIGURE ON
DOCUMENTS. MAYBE THIS WOULD RESOLVE ISSUES. THANK YOU.    JULIO PICHARDO.



**CONSUMER FINANCIAL PROTECTION BUREAU**       *CASE 120302000561*
*3/29/12*

ATT: CFPB INVESTIGATOR
RE: MORTGAGE STATEMENT REQUESTED SHOWING LOAN PRINCIPAL REDUCTION.

CFPB IVESTIGATOR; ENCLOSED PLEASE FIND LETTER SHOWING PAYMENT REQUESTED EVEN
PRIOR TO DUE DATE UNDER THE PRETENCES THAT SHOULD I MAKE OCTOBER PAYMENT
STAMENT WOULD BE SENT SHOWING PRINCIPAL REDUCTION.   I CONTACTED MY FAMILY
ONCE AGAIN WITH THE GOOD NEWS OF PRINCIPAL REDUCTION, & ADVISED THAT ONCE
OCTUBER PAYMENT WAS MADE RECORDED MODIFICATION DOCUMENTS WOULD BE SENT TO
ME ALONG WITH MORTGAGE STATEMENT SHOWING NEW PRINCIPAL.   THEY AGREED TO HELP
ONCE MORE.   NEVERTHELESS, NO SUCH RECORDED DOCUMENTS WERE EVER SENT.

ENCLOSED PLEASE FIND RECEIVED STATEMENTS FOR ABOUT SIX MONTHS SHOWING THE
BREAKDOWNS AS DESCRIBED ON PRINCIPAL REDUCTION DOCUMENTS WHICH INCLUDE
EXISTING PROPERTY LIENS CARRIED FORWARD.

ENCLOSED LETTER DATED 8/28/09 REQUESTING STATEMENTS SHOW PRINCIPAL IS EVIDENCE
WHICH CONTRADICTS MRS. VERSLUIS.  THERE WERE NO INADVERTENTIES.
PLEASE NOTE GMAC'S QUEST TO OBTAIN PAYMENTS EVEN IF THEY ARE NOT DUE.
A FALSE SENCE OF SECURITY IS WHAT PLACES ME IN HOSPITAL AGAIN & AGAIN WITH
ANXIETY.

WE ACCEPTED PRINCIPAL REDUCTION AS GOOD FAITH BANKING.  PLEASE NOTE I NEVER
ACTED AGAINST GMAC NEVER.   WHY SHOULD THEY BE ALLOWED TO DEMOSTRATE BAD
BANKING PRACTICES UNDER FALSE PROMISES.
WITH MY FIXED SOCIAL SECURITY INCOME AS GMAC KNOWS, IS NOT FUNNY TO SYPHON AS
MUCH AS THEY COULD FROM THIS.   PLEASE OBSERVE THEY KNOW FAMILY HAVE DECIDED
TO HELP ME OUT & THEY HAVE PRAYED ON THIS PREMISE.

HOW CAN THIS BE?   HOW CAN THEY DO THIS?  WILL THIS CONTINUE?  WHAT CAN I EXPECT
NEXT? WILL CFPB ALLOW THEM TO CONTINUE SUCH PRACTICES?

SORRY FOR MY FRUSTRATION, BUT I DON'T KNOW WHAT TO DO NEXT.

I SENT THEM SHUT OFF NOTICES TO ALL MY UTILITIES, & ADVISED THAT WE ENTERED A
NEIGHBORHOOD FOOD PROGRAM THAT MY CHILDREN WERE IN THE HOSPITAL WITH EAR &
THROAT INFECTIONS WITH MONTHS OF ELECTRICITY DUE PAYMENTS WHICH GENERATED
NOTICES, TO PAYMENT BUT THIS DID NOT MATTER.   ON MY LAST FAX I SHOWED EVIDENCE
OF REQUESTED DOCUMENTS WITH PRINCIPAL REDUCTION TO BE NOTARIZED WHICH HELPS
MY CAUSE TO SHOW MRS. VERSLUIS FALSE ASERTIONS OF ERROR.  AN ADDITIONAL COPY
FROM GMAC TO BE NOTARIZED SUPPORTS MY CASE.   I DO THANK GMAC FOR TRYING TO
HELP, BUT I FELT I WAS PAYING DEARLY FOR IT.

I APOLOGIZE FOR NOT HAVING ALL DOCUMENTS TOGETHER, BUT IS WHAT MY MEDS ALLOW
ME TO DO.  PLEASE FORGIVE ME BUT I THINK YOU NEED THE WHOLE PICTURE.
I DO NOT WISH TO HARM GMAC OR ANYONE I ONLY ASK TO BE FARE.
         THANK YOU.                  JULIO & ROCIO PICHARDO.

3451 HAMMOND AVE
WATERLOO, IA 50702

5/26/12

TO: GMAC LLC
RE: NOTICES & PHONE CALLS REQUESTING PAYMENTS.

AS PER MY CONVERSATIONS WITH YOU 7 YOUR MANAGERS, ON THE ABOVE MATTERS, I HAVE INFORMED YOU OF EFFECTS ON MY CONDITION THAT THE SUM OF THESE NOTICES & PHONE CALLS HAD ASKING FOR MORTGAGE PAYMENT ALTHOUGH PAYMENT WAS RECEIVED BY YOU & HAD POSTED.

I HAVE MADE YOU AWARE THAT ALL THESE NOTICES RECEIVED FROM YOU WHETHER INTENTIONALLY OR UNINTENTIONALLY HAS AFFECTED MY CONDITION.

YOU HAVE NOT ADDRESSED SUCH & HAVE CONTINUED EVEN UNDER PROTEST. IN REQUESTING TO SPEAK TO YOUR MANAGERS I ADVISED OF ACTION TO BE FILE FOR EFFECTS CAUSED.

TO DATE, YOU HAVE CHOSEN TO IGNORE SUCH ISSUES & HAVE DECIDED NOT TO ADDRESSED THEM.

IN ADDITION TO NOTICES TO YOU, I HAVE SEND LETTER OF COMPLAINT TO WELL'S FARGO CORPORATE OFFICES WHICH ACCORDING TO THEM WAS FORWARDED TO YOU TO NO AVAIL.

NO FURTHER NOTICES WILL BE SENT TO YOU REQUESTING RESPONSE.

JULIO PICHARDO.   *Julio Pichado*

Julio Pichado
1201 E. SUDENE AVE
FULLERTON CA 92831

GMAC MORTGAGE LLC
3451 HAMMOND AVE
WATERLOO IA 50702

# GMAC Mortgage

June 11, 2012

Rocio Pichardo
Julio Pichardo
1201 East Sudene Avenue
Fullerton CA 92831-4711

Re:    Account Number    0359019299
        Property Address    1201 East Sudene Avenue
                            Fullerton CA  92831-4711

Dear Rocio Pichardo and Julio Pichardo:

This letter is in response to your inquiry dated May 26, 2012 and received in our office on June 4, 2012 regarding the above-referenced account.

According to our records, the account was modified effective November 3, 2009. Since the modification, payments from January 2010 to present have been received within the month due and prior to the expiration of the grace period. For your reference, enclosed is a copy of the payment history.

Our records indicate mortgage account statements are issued each month advising of the current status of the account. As the account has been current the past three years, no notices regarding delinquency have been issued. Any financial packages issued to you were in an attempt to assist you with your financial concerns.

If an account is delinquent, letters are mailed and phone contact is attempted in order to try to contact the borrower(s) on the account to discuss the account and the options that may be available. Our records do not indicate we have sent letters to you recently regarding any default on the account.

If your inquiry is in regards to the Attorneys General Settlement, please be advised, we will proactively reach out to those customers who may be eligible for assistance. Unfortunately, you are unable to specifically request assistance through the settlement.

www.gmacmortgage.com       Tel: (800) 766-4622
3451 Hammond Ave
Waterloo, IA 50702

June 11, 2012
Account Number 0359019299
Page Two

Our records indicate the current principal balance is $55,737.08 and the next payment due is July 1, 2012 in the amount of $640.42. If you are experiencing a financial hardship and wish to discuss the payment assistance options, which may be available, you may contact our Collection Department at 1-800-850-4622.

If you have any further questions, please contact Customer Care at 1-800-766-4622 between the hours of 6:00 am to 10:00 pm CT Monday through Friday and 9:00 am to 1:00 pm CT on Saturday.

Customer Care
Loan Servicing

Enclosure

KS

**Copy B For Payer**

LENDER'S name, address, and telephone number

...GAGE
...OND AVE
...OO IA 50702
...4622

The information in boxes 1, 2, and 3 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points or because you did not report this refund of interest on your return.

*Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person.*

Department of the Treasury - Internal Revenue Service

| RECIPIENT'S Federal I.D. Number | PAYER'S Social Security Number | IRS REPORTING YEAR |
|---|---|---|
| 23-1694840 | XXX-XX-4304 | 2012 |

PAYER'S/BORROWER'S name, street address (including apt. no.), city, state, and ZIP code

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON        CA 92831-4711

| 1 Mortgage interest received from Payer(s)/Borrower(s)* | 2 Points paid directly by Payer(s)/Borrower on purchase of principal residence |
|---|---|
| $        558.40 | $        0.00 |
| 3 Refund of Overpaid Interest (see box 3 on back) | 4 Real Estate Taxes Paid |
| $        0.00 | $     3,697.90 |

**STATEMENT OF ACCOUNT THROUGH 12-31-2012**
**ACCOUNT NUMBER:** 0359019299

**PROPERTY LOCATION:**
**1201 EAST SUDENE AVENUE**
**FULLERTON CA 92831-4711**

| | |
|---|---|
| INTEREST PAID DURING 2012: | 558.40 |
| PRINCIPAL PAID DURING 2012: | 2,444.96 |
| HAZARD INSURANCE PAID IN 2012: | 1,057.32 |
| LATE CHARGES PAID DURING 2012: | 0.00 |
| INTEREST ON ESCROW 2012: | 33.43 |
| ESCROW INTEREST WITHHELD 2012: | 0.00 |
| PRIOR YEAR PREPAID INTEREST | 0.00 |
| TOTAL ESCROW DEPOSITS | 4,678.00 |
| TOTAL ESCROW DISBURSEMENTS | 4,755.22 |

| DATE OF TRANSACTION | TRANS | PRINCIPAL | INTEREST | ESCROW | MISC | PRINCIPAL BALANCE | ESCROW BALANCE |
|---|---|---|---|---|---|---|---|
| 01-03-12 | PAYMENT | 202.82 | 47.46 | 387.66 | 0.00 | 56,753.69 | 1,431.38 |
| 02-06-12 | PAYMENT | 202.99 | 47.29 | 387.66 | 0.00 | 56,550.70 | 1,819.04 |
| 03-05-12 | PAYMENT | 203.15 | 47.13 | 387.66 | 0.00 | 56,347.55 | 2,206.70 |
| 03-07-12 | COUNTY TAX PD | 0.00 | 0.00 | 1,819.65- | 0.00 | 56,347.55 | 387.05 |
| 04-06-12 | PAYMENT | 203.32 | 46.96 | 387.66 | 0.00 | 56,144.23 | 774.71 |
| 05-07-12 | PAYMENT | 203.49 | 46.79 | 390.46 | 0.00 | 55,940.74 | 1,165.17 |
| 05-07-12 | RECEIPT | 0.00 | 0.00 | 5.72 | 0.00 | 55,940.74 | 1,170.89 |
| 06-04-12 | PAYMENT | 203.66 | 46.62 | 390.14 | 0.00 | 55,737.08 | 1,561.03 |
| 07-05-12 | PAYMENT | 203.83 | 46.45 | 390.34 | 0.00 | 55,533.25 | 1,951.37 |
| 08-03-12 | PAYMENT | 204.00 | 46.28 | 390.14 | 0.00 | 55,329.25 | 2,341.51 |
| 09-03-12 | PAYMENT | 204.17 | 46.11 | 390.14 | 0.00 | 55,125.08 | 2,731.65 |
| 10-05-12 | PAYMENT | 204.34 | 45.94 | 390.14 | 0.00 | 54,920.74 | 3,121.79 |
| 11-05-12 | PAYMENT | 204.51 | 45.77 | 390.14 | 0.00 | 54,716.23 | 3,511.93 |
| 11-07-12 | COUNTY TAX PD | 0.00 | 0.00 | 1,878.25- | 0.00 | 54,716.23 | 1,633.68 |
| 11-27-12 | FIRE INS PAID | 0.00 | 0.00 | 1,057.32- | 0.00 | 54,716.23 | 576.36 |
| 12-03-12 | PAYMENT | 204.68 | 45.60 | 390.14 | 0.00 | 54,511.55 | 966.50 |
| 12-31-12 | INT ON ESC | 0.00 | 0.00 | 33.43 | 0.00 | 54,511.55 | 999.93 |

**Hearing Date and Time: August 29, 2012 at 10:00 a.m. (prevailing Eastern Time)**
**Objection Deadline: August 22, 2012 at 4:00 p.m. (prevailing Eastern Time)**

MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone:    (212) 468-8000
Facsimile:    (212) 468-7900
Gary S. Lee
Norman S. Rosenbaum
Lorenzo Marinuzzi

*Counsel for the Debtors and*
*Debtors in Possession*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |

**NOTICE OF HEARING ON MOTION OF JULIO**
**PICHARDO FOR RELIEF FROM THE AUTOMATIC STAY**

PLEASE TAKE NOTICE that an omnibus hearing (the "Hearing") has been

scheduled for **August 29, 2012 at 10:00 a.m. (prevailing Eastern Time)** before the Honorable

Martin Glenn, United States Bankruptcy Judge, in Courtroom 501 at the Bankruptcy Court, One

Bowling Green, New York, New York 10004.

PLEASE TAKE FURTHER NOTICE that the following Motion for relief from the

automatic stay which was filed but not noticed, will be heard at the Hearing (the "Motion"):

(a)    Motion for Relief from Stay *Re: Letter from Julio Pichardo regarding*
*Relief from the Automatic Stay As this Involves Personal Injury* filed by
Julio Pichardo [Docket No. 1026].

PLEASE TAKE FURTHER NOTICE that any objections to the Motion must be in

writing, conform to the Federal Rules of Bankruptcy Procedure, the Local Bankruptcy Rules for the

Southern District of New York, and the Notice, Case Management, and Administrative Procedures

approved by the Bankruptcy Court [Docket No. 141], be filed electronically by registered users of the

Bankruptcy Court's electronic case filing system, and be served, so as to be received no later than

**August 22, 2012 at 4:00 p.m. (prevailing Eastern Time)**, upon (a) the Office of the United States

Trustee for the Southern District of New York; (b) counsel to the Debtors, Morrison & Foerster LLP,

1290 Avenue of the Americas, New York, NY 10004 (Attn: Gary S. Lee, Esq., Norman S.

Rosenbaum, Esq., and Lorenzo Marinuzzi, Esq.); (c) Julio Pichardo, 1201 E. Sudene Avenue,

Fullerton, CA 92831; (d) the Office of the United States Trustee for the Southern District of New

York, 33 Whitehall Street, 21st Floor, New York, NY 10004 (Attn: Tracy Hope Davis, Linda A.

Riffkin and Brian S. Masumoto); (e) the Office of the United States Attorney General, U.S.

Department of Justice, 950 Pennsylvania Avenue NW, Washington, DC 20530-0001 (Attn: US

Attorney General, Eric H. Holder, Jr.); (f) Office of the New York State Attorney General, The

Capitol, Albany, NY 12224-0341 (Attn: Nancy Lord, Esq. and Neal Mann, Esq.); (g) Office of the

U.S. Attorney for the Southern District of New York, One St. Andrews Plaza, New York, NY 10007

(Attn: Joseph N. Cordaro, Esq.); (h) counsel for Ally Financial Inc., Kirkland & Ellis LLP, 153 East

53rd Street, New York, NY 10022 (Attn: Richard M. Cieri); (i) counsel to Barclays Bank PLC, as

administrative agent for the DIP lenders, Skadden, Arps, Slate, Meagher & Flom LLP, Four Times

Square, New York, New York 10036 (Attn: Ken Ziman & Jonathan H. Hofer); (j) counsel for the

official committee of unsecured creditors, Kramer Levin Naftalis & Frankel LLP, 1177 Avenue of

the Americas, New York, NY 10036 (Attn: Kenneth Eckstein & Greg Horowitz); (k) counsel for

Nationstar Mortgage LLC, Sidley Austin LLP, One South Dearborn, Chicago, Illinois 60603 (Attn:

Jessica C.K. Boelter); (l) Internal Revenue Service, P.O. Box 7346, Philadelphia, PA 19101-7346 (if

by overnight mail, to 2970 Market Street, Mail Stop 5-Q30.133, Philadelphia, PA 19104-5016); and

(m) Securities and Exchange Commission, New York Regional Office, 3 World Financial Center,

Suite 400, New York, NY 10281-1022 (Attn: George S. Canellos, Regional Director).

PLEASE TAKE FURTHER NOTICE that if no objections to the Motion are timely

filed and served, the Bankruptcy Court may enter an order granting the relief requested in the Motion

without further notice or opportunity to be heard afforded to any party.

Dated:  August 16, 2012
         New York, New York

/s/ Norman S. Rosenbaum
Gary S. Lee
Norman S. Rosenbaum
Lorenzo Marinuzzi
MORRISON & FOERSTER LLP
1290 Avenue of the Americas
New York, New York 10104
Telephone: (212) 468-8000
Facsimile: (212) 468-7900

*Counsel for the Debtors and
Debtors in Possession*

## ResCap Board of Directors Approves Bid by Ocwen and Walter Investment for Sale of Mortgage Servicing and Origination Platform Assets

*Decision subject to Court approval*

**October 24, 2012 - NEW YORK**- The ResCap Board of Directors has given its preliminary approval of the bid by the team of Ocwen Loan Servicing, LLC and Walter Investment Management Corp. of $3 billion as the highest and best bid for ResCap's mortgage servicing and origination platform assets. The sale approval hearing before the Bankruptcy Court will commence on November 19, 2012.

ResCap will continue to work with all parties involved to ensure the best possible outcome for its creditors and other stakeholders in its Chapter 11 cases.

Final approval of a sale transaction is subject to, among other things, definitive documentation and Bankruptcy Court approval.

### About Residential Capital (ResCap)

Residential Capital, LLC is one of the largest originators, sellers and servicers of residential mortgage loans in the United States. ResCap is a wholly owned subsidiary of Ally Financial Inc. ResCap conducts certain of its mortgage operations through GMAC Mortgage, a wholly owned subsidiary that is not affiliated with General Motors. ResCap is an approved Fannie Mae and Freddie Mac servicer and approved issuer for Ginnie Mae.

ResCap is a leader in facilitating mortgage refinancing and mortgage modifications through HAMP and other government programs. At March 31, 2012, ResCap was servicing over 2.4 million mortgage loans, with an aggregate unpaid principal balance of approximately $374 billion. Of these, approximately 68% of the loans (by unpaid principal balance) are owned, insured or guaranteed by Fannie Mae, Freddie Mac or Ginnie Mae. Since 2008, GMAC Mortgage has executed over 784,000 default workouts for borrowers. GMAC Mortgage is a leading HAMP participant and has effected more than 51,000 permanent HAMP modifications to date. GMAC Mortgage was the first major originator of loans to roll out the Treasury's HAMP 2.0 program. ResCap's executive offices are located in New York City, and it has major operations in Fort Washington, Pennsylvania, Minneapolis, Minnesota, Waterloo, Iowa, Dallas, Texas, and Burbank, California.

**Contacts**
Susan Fitzpatrick, +1 (215) 734-4400
Director of Communications
Mobile: +1 (267) 565-7581
susan.fitzpatrick@gmacrescap.com

## TABLE OF CONTENTS

| ITEM | | | DATE |
|---|---|---|---|
| 41 | | LETTER FROM PLAINTIFF TO SEVERSON + WERSON ADVISING OF BREACHES + CASE FILING | 11/11/2012 |
| 42 | | LETTER TO SEVERSON + WERSON WITH NO RESPONSE | 11/13/12 |
| 43 | | SALE OF GMAC LOANS TO OCWEN | 11/21/12 |
| 44 | | COURT FILING ADDRESSING 8/5/09 CONTRACT ISSUES | 12/3/2013 |
| 45 | | GMAC LETTER TO SHORT SALE HOME | 12/20/12 |
| 46 | | LETTER TO OCWEN COUNSEL TO TAKE DEMURRER OFF CALENDAR WITH NO RESPONSE | 12/26/12 |
| 47 | | OCWEN COMPLETES PURCHASE OF GMAC LOANS | 1/31/13 |
| 48 | | GMAC + OCWEN'S CEO'S LETTER WITH 8/5/09 CONTRACT TERMS WITH PRINCIPAL REDUCTION | 2/1/13 |
| 49 | | KEN FRAN'S EXECUTIVE LETTER | 2/5/13 |
| 50 | | OCWEN'S DEMAND FOR FEES TO INSERT LIENS ALREADY IN 8/5/09 CONTRACT | 3/22/13 |
| 51 | | OCWEN'S DEMAND FOR PAY-OFF IN RESPONSE TO BANKRUPTCY COURT TO ADDRESS 8/5/09 CONTRACT TO OCWEN | 4/12/13 |
| 52 | | FILING COURT ACTION: ON OCWEN LSLLC FOR BREACHES NOTIFYING TO COMMENCE ACTION NO RESPONSE | 4/25/13 |
| 53 | | PLAINTIFF NOTIFIED. OCWEN-SEVERSON + WERSON NOTIFIED | 7/23/13 |
| 54 | | BANKRUPTCY COURT RULING SENT TO OCWEN-NO RESPONSE | 4/24/13 |
| 55 | | LETTER SENT TO MR SHAHAM/SEVERSON + WERSON | 7/24/13 |
| 56 | | OCWEN SENT 1098 WITH PRINCIPAL ON 8/5/09 CONTRACT | 8/1/13 |
| 57 | | OCWEN STATEMENT SHOWING PLACING LOAN IN PAST DUE STATUS INCORRECTLY | 2/1/14 |
| 58 | | PROOF OF TIMELY PAYMENT MADE - OCWEN UNDUE PRINCIPAL AMOUNT DEMANDED | 12/3/13 1/3/14 2/1/14 |
| 59 | | LETTER TO SEVERSON + WERSON OCWENS COUNSEL | 2/26/14 |
| 60 | | LETTER TO C.F.P.B. OF FURTHER VIOLATIONS FROM OCWEN | 4/29/14 (2 PGS) |

Subject:   PRESENT GMAC ADVERSE ACTIONS

From:    rocio pichardo (rj7sam1@yahoo.com)

To:      jht@severson.com;

Date:    Sunday, November 11, 2012 6:17 AM

Mr, Toffaha; it has comw to my attention by actions from gmac, that I am to contact you concerning my loan
with gmac as wells fargo processor.
soon after SpringBoard's observation of GMAC's acrions as improper, GMAC has proceeded to decline in
any & every request to address any issue with my loan.
As the borrower on this loan, I understand that disclosing payments, interests, notices. & omissions,
charges, past & present processes cannot be denied me by Gmac.
these actions have been observed by other agencies & determined as irregular.
Such have prompted these agencies to inquire answers from Gmac.
To date there has been no answers or resolutions to questions posted by me & springoard's concerns, much
less information of my loan.

Gmac's answer to this is that account is in litigation, & to resort to atourney to litigate account. I was even
prompted to contact you directly on any issue to do with my loan.

I was also informed by Consumer Financial Protection Bureau, that this goes against banking practices, &
violates any & every rule.

you must advise whether further actions will resolve issues or advise Gmac of their obligations to this loan.
so far there is a proof of claim on several other unresolved issues
to be addressed.   I have very little doubt that I will let these go by thwe wayside specially with more of the
same.

Gmac has been advised that they should have answered above concerns within 14 days.
it has been nore than a month & Gmac has no intentions of responding. All indications show aggravations
of existing harm done to me.
I will be reachng out to the offices of the atourney general in ordder to resolve any oustanding issues Gmac
is confronting.

I have contacted your offices numerous times leaving messeges, with your personal secretary to no avail.

should your suggestions is to resolve all these matters, please do not hesitate to inform me.

should you confirm that additional actions will be necessary please inform in order to procced.

this is more of the actions that precipitated last filing.
your prompt response is necessary in such important matter.

thank you
julio pichardo

42

*LAW OFFICES OF SEVERSON & WERSON*
*19100 KARMAN AVE STE700*
*IRVINE CA, 92612*

*11/13/12*

*TO: MR JOEL TOFFAHA*
*RE: GMAC LOAN ACCOUNT*

*ATT; MR TOFFAHA; AS GMAC REPRESENTATIVE FOR GMAC, IN CASE ACTION FILED FOR ALLEGED VIOLATIONS PRACTICES IN WHICH GMAC CLAIMED BANKRUPTCY AT DISTRICT COURT IN NEW YORK, SUBTITUTON IN CA CASE IS ENCLOSED HEREIN.*

*AS YOU KNOW, GMAC HAS RESTRICTED ME ANY ACCESS TO MY ACCOUNT. AS I UNDERSTAND BORROWERS HAVE ACCESS TO LOAN ACCOUNT AND THIS IS INDICATION OF IRREGULAR BANKING PRACTICES.*

*UPON CONTACTING YOU & GMAC NO ANSWER HAS BEEN GIVEN. THIS IS MY SECOND ATTEMPT TO REQUEST EVEN VIA CEERTIFIED MAIL.*

*THIS ADDS INSULT TO INJURY, AS SITUATION IS AGGRAVATED BY THIS ACTION.*

*SHOULD GMAC WANT TO RESOLVE ALL ISSUES, PLEASE INFORM ME PROMPTLY.*
*I AWAIT YOUR EXPEDITED.*
*THANK YOU .*
*JULIO PICHARDO*

#43

### U.S. Bankruptcy Court Approves Sale of ResCap Mortgage Servicing and Origination Platform Assets to Ocwen and Walter Investment, and Sale of Whole Loan Portfolio to Berkshire Hathaway

**November 21, 2012 – NEW YORK –** The United States Bankruptcy Court, Southern District of New York, has approved the sale of the Residential Capital, LLC's (ResCap) mortgage servicing and origination platform assets to Ocwen Loan Servicing, LLC and Walter Investment Management Corporation. The Court also approved the sale of ResCap's whole loan portfolio to Berkshire Hathaway. The case, number 12-12020 (MG), is presided over by the Honorable Judge Martin Glenn.

"We are very pleased to have obtained the Court's approval as it has resulted in the best possible outcome for our creditors," said ResCap Chief Executive Officer Thomas Marano. "Working closely with Berkshire Hathaway and both Ocwen and Walter Investment, the ResCap management team will create a smooth transition for our employees and ensure the servicing transfer is as seamless as possible for homeowners."

The Court-approved joint bid from Ocwen and Walter is a total purchase price of $3 billion. The Court-approved bid from Berkshire Hathaway is a purchase price of $1.5 billion for a loan portfolio made up of approximately 50,000 whole loans. The sale of the assets, subject to satisfaction of customary closing conditions including certain third party consents, is expected to close in the first quarter of 2013.

Centerview Partners LLC and FTI Consulting are acting as financial advisors to ResCap. Morrison & Foerster LLP is acting as legal advisor to ResCap. Morrison Cohen LLP is advising ResCap's independent directors.

### *About Residential Capital (ResCap)*
Residential Capital, LLC is one of the largest originators, sellers and servicers of residential mortgage loans in the United States. ResCap is a wholly owned subsidiary of Ally Financial Inc. ResCap conducts certain of its mortgage operations through GMAC Mortgage, a wholly owned subsidiary that is not affiliated with General Motors. ResCap is an approved Fannie Mae and Freddie Mac servicer and approved issuer for Ginnie Mae.

ResCap is a leader in facilitating mortgage refinancing and mortgage modifications through HAMP and other government programs. At March 31, 2012, ResCap was servicing over 2.4 million mortgage loans, with an aggregate unpaid principal balance of approximately $374 billion. Of these, approximately 68% of the loans (by unpaid principal balance) are owned, insured or guaranteed by Fannie Mae, Freddie Mac or Ginnie Mae. Since 2008, GMAC Mortgage has executed over 784,000 default workouts for borrowers. GMAC Mortgage is a leading HAMP participant and has effected more than 51,000 permanent HAMP modifications to date. GMAC Mortgage was the first major originator of loans to roll out the Treasury's HAMP 2.0 program. ResCap's executive offices are located in New York City, and it has major operations in Fort Washington, Pennsylvania, Minneapolis, Minnesota, Waterloo, Iowa, Dallas, Texas, and Burbank, California.

**Contacts**
Susan Fitzpatrick

Director of Communications
(215) 734-4400
susan.fitzpatrick@gmacrescap.com

FILED
SUPERIOR COURT OF CALIFORNIA
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

DEC 03 2013

ALAN CARLSON, Clerk of the Court

1  *JULIO PICHARDO*
   *1201 E SUDENE AVE*
2  *FULLERTON CA 92831*

3

4  ## SUPERIOR COURT OF THE STATE OF CALIFORNIA

5  ### FOR THE COUNTY OF ORANGE

6  *JULIO PICHARDO*                )
                                   )   *CASE: 30-2012-00581642-CU-CL-CJC*
7         *PLANTIFF:*              )   *ASSIGNED TO Hno: ROBERT J. MOSS*
                                   )   *DEPT C-23*
8  *OCWEN LOAN SERVICING LLC*  )   *HEARING DATE: 12/16/2013*
                                   )   *TIME: 8:30 AM*
9         *DEFENDANT:*             )   *DEPT: C-23*
   .........................................)  *U.S.C. 1692(d), 1692(e), 1692e(5), 1692e(7), 1692e, & 1692f*
                                      *Bus. & Prof. Code Sections 17200 & & 17500 Violations. (CAUSES OF ACTIONS)*

10  *THIS ACTION IS BASED ON GOVERNING DOCUMENT DATED 8/5/2009 & ABOVE VIOLATIONS.*

11  *WITH INSERTED LIENS, REDUCED PRINCIPAL & INTEREST AS DECLARED TERMS.*

12  *ALL ASPECT OF LOAN & EVERY INCONSISTENCY IS MADE CLEAR TO IT'S PURPOSE.*

13  *THIS INVALIDATES ANY & ALL OCWEN'S CLAIMS, AS IT'S IS THE PERTINENT DOCUMENT.*

12  *PLAINTIFF CLAIMS VIOLATION OF FDCA-COLLECTING PAYMENTS NOT DUE.*

13  *RESORTING TO DECEIPTFUL PRACTICES BY OCWEN'S REPRESENTATIVE, MANAGER,*

14  *GROSSLY EXAGERATING AMOUNTS THRU LETTERS, & BY PHONE WITH A TROAS TALBERT*

15  *ACCORDNGLY ASSIGNED TO ASSIST.  OCWEN VIOLATED  15 U.S.C. SECTIONS 1692d, 1692e,*

16  *1692e(5), 1692e (7), 1692e 10 & 1692f.  IN EVERY ASPECT MENTIONED IN THIS CASE.*

17  *OCWEN NEGLIGENT MISREPRESENTED FALSE STATEMENTS IN LETTERS FOR SUBMISSION.*

18  *BLANTLY REFUSING TO INCOPORATE NEGOTIATED AGREEMENT THUS BREACHING SUCH.*

19  *OCWEN THREATS SHOULD I PERSIST TO DEMAND AGREEMENT IMPOSSITION*

20  *OCWEN RESORTING TO SENDING LETTERS TO HAVE HOME SHORTSALE ALTHOUGH*

21  *MONTHLY PAYMENTS HAVE ALWAYS BEEN CURRENT ON TIME & WITHOUT DEFAULTING.*

22  *WHEN OCWEN WAS ADVISED TO SUBMITT TO LIENS & TERMS IN DOCUMENT PER*

*- 1 -*



# GMAC
# Mortgage

| | |
|---|---|
| *Date* | December 20, 2012 |

*Number of pages including cover sheet:* 3

**TO:**    J. Pichardo

**FROM:**    N. Kurt

**GMAC MORTGAGE**

3451 Hammond Avenue

Waterloo, IA 50702

**Phone**

**Fax Phone**    7144474207

**Phone**    1-800-766-4622

**Fax Phone**    319-236-5167

**Account**

**Number**    359019299

| **REMARKS:** | ☐ Urgent | ☐ For your review | ☐ Reply ASAP | ☐ Please Comment | ☒ See Attached |
|---|---|---|---|---|---|

The information contained in this communication is confidential and privileged proprietary information intended only for the personal and confidential use of the individual or entity to whom it is addressed. If you are not the addressee indicated in this message (or an agent responsible for delivery of the message to such person), you are hereby notified that you have received this communication in error and that any review, dissemination, copying or unauthorized use of this message is strictly prohibited. In such case, you should destroy this message and kindly notify the sender by reply fax. Please advise immediately if you or your employer do not consent to fax messages of this kind. Opinions, conclusions and other information in this message that do not relate to the official business of the Company shall be understood as neither given nor endorsed by it. It is the Company's policy that faxes are intended for and should be used for business purposes only.

*SEVERSON & WERSON*
*19100 VON KARMAN AVE SUITE 700*
*IRVINE CALIFORNIA, 92612*

*12/26/2013*

*ATT: MR. YAROM SHAHAM/JOHN B. SULLIVAN*
*RE: FILED DEMURRER.*  CASE # 30-2012-00581642

*MR. YAROM SHAHAM;    THIS REQUEST IS MADE IN LIEU OF 8/5/2009*
*GOVERNING DOCUMENT SERVED & FILED WITH THE COURTS,*
*AS SUCH YOU ARE REQUESTED TO TAKE DEMURRER OFF CALENDAR.*

*SUCH DOCUMENTS CLEARLY GOVERN THE TERMS OF THIS LOAN.*

*A RESPONSE IS REQUIRED ON ABOVE REQUEST.*

*THANK YOU.*

*JULIO PICHARDO*

SERVED VIA: ELECTRONIC MAIL/FAX
To COUNSEL YAROM SHAHAM
AT 949. 442-0439

#47

### ResCap Completes Sale Of Origination and Capital Markets Platform Assets To Walter Investment Management Corp.

**January 31, 2013 – NEW YORK** – Residential Capital, LLC (ResCap) has completed the sale of the originations and capital markets platform to Walter Investment Management Corp. The sale also includes the Fannie Mae mortgage servicing rights (MSR) portion of ResCap's servicing portfolio, representing approximately $50.4 billion in unpaid principal balance (UPB) at August 31, 2012. The United States Bankruptcy Court, Southern District of Manhattan had approved the sale of the assets last November.

"We are pleased to complete the sale of these assets to Walter Investment Management," said ResCap Chief Executive Officer Thomas Marano. "Since the Court's approval of the deal, we have been working diligently with the executives at Walter, our employees and Fannie Mae to ensure a smooth transition for homeowners."

The Court-approved sale of ResCap's servicing platform and related assets to Ocwen Loan Servicing, LLC and the sale of a whole loan portfolio to Berkshire Hathaway are still pending completion.

Centerview Partners LLC and FTI Consulting are acting as financial advisors to ResCap. Morrison & Foerster LLP is acting as legal advisor to ResCap. Morrison Cohen LLP is advising ResCap's independent directors.

### *About Residential Capital (ResCap)*
Residential Capital, LLC is one of the largest originators, sellers and servicers of residential mortgage loans in the United States. ResCap is a wholly owned subsidiary of Ally Financial Inc. ResCap conducts certain of its mortgage operations through GMAC Mortgage, a wholly owned subsidiary that is not affiliated with General Motors. ResCap is an approved Fannie Mae and Freddie Mac servicer and approved issuer for Ginnie Mae.

ResCap is a leader in facilitating mortgage refinancing and mortgage modifications through HAMP and other government programs. At March 31, 2012, ResCap was servicing over 2.4 million mortgage loans, with an aggregate unpaid principal balance of approximately $374 billion. Of these, approximately 68% of the loans (by unpaid principal balance) are owned, insured or guaranteed by Fannie Mae, Freddie Mac or Ginnie Mae. Since 2008, GMAC Mortgage has executed over 784,000 default workouts for borrowers. GMAC Mortgage is a leading HAMP participant and has effected more than 51,000 permanent HAMP modifications to date. GMAC Mortgage was the first major originator of loans to roll out the Treasury's HAMP 2.0 program. ResCap's executive offices are located in New York City, and it has major operations in Fort Washington, Pennsylvania, Minneapolis, Minnesota, Waterloo, Iowa, Dallas, Texas, and Burbank, California.

### Contacts
Susan Fitzpatrick
Director of Communications
(215) 734-4400
susan.fitzpatrick@gmacrescap.com



**HELPING HOMEOWNERS IS WHAT WE DO!™**
OCWEN.MORTGAGEBANKSITE.COM

## GMAC Mortgage

### Notice of Servicing Transfer and Welcome to Ocwen Loan Servicing, LLC

February 7, 2013

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON CA 92831-4711



**Your Loan Account Details**
02/16/02/04/000

Account Number:
0359019299

Property Address:
1201 EAST SUDENE AVENUE
FULLERTON CA 92831

Transfer Date:
02/16/2013

Principal Balance:
$54,101.69

Escrow Balance:
$1,780.16

Loan Rate:
1.000%

Next Payment Due:
3/1/2013

Payment Amount:
$640.42

Dear ROCIO PICHARDO and JULIO PICHARDO,

The servicing of your mortgage loan, that is, the right to collect payments from you, is transferring from your current servicer, GMAC Mortgage ("GMACM") to your new servicer, Ocwen Loan Servicing, LLC ("Ocwen") effective February 16, 2013.

Rest assured this transfer of servicing does not affect any term or condition of the mortgage documents, other than those directly related to the servicing of your loan. There will be no change to your account number or payment address; only to the name of the company to which you make your payment. All mailing addresses and phone numbers you previously used to contact GMACM will remain the same but, as of February 16, 2013, they will be maintained by Ocwen. You will continue to be served in a knowledgeable and professional manner, just as you have in the past.

GMACM will stop accepting payments on February 15, 2013. Ocwen will begin to accept payments on February 16, 2013. Send all payments due on or after that date to Ocwen. A temporary coupon is provided below for your convenience. Any account notices prepared prior to February 16, 2013 will reflect GMACM; all notices prepared on or after February 16, 2013 will reflect Ocwen. In addition any payments received by GMACM after February 15, 2013 will automatically be processed by Ocwen.

If you are currently using GMACM's automatic payment service, this program will continue with no lapse in service. If you previously made your payment through GMACMortgage.com, on or after February 16, 2013 you can go to ocwen.mortgagebanksite.com and use your same login ID and password for account access. If you use a third party payment service, please request they update their records to have payments made payable to Ocwen Loan Servicing, LLC effective February 16, 2013.

Because GMACM is the subject of a bankruptcy proceeding, federal law requires either GMACM or Ocwen to send you this notice not more than 30 days after the effective date of the transfer of the servicing of your loan. In this case, all necessary information is combined in this one notice. Please review the reverse side of this letter for legal disclosures, notices and state requirements. It's our goal to make this transfer as seamless as possible.

Enclosed are your (1) final GMAC Mortgage annual privacy notice and (2) your Ocwen initial privacy notice that becomes effective with the start of your new customer relationship with Ocwen. Please see the Ocwen initial privacy notice for important opt-out elections.

We appreciate the opportunity to serve your home loan needs. If you have questions relating to the transfer of servicing please contact our Transfer Hotline at 1-888-316-3479 weekdays from 8:00 AM to 7:00 PM, Central Time. If you have questions about the general servicing of your loan please call GMACM Customer Care at 800-766-4622, 6:00 a.m. - 10:00 p.m. CT M-F and 8:00 a.m. - 2:00 p.m. Sat.

**Ocwen Loan Servicing, LLC Customer Care Contact Information**

Phone:
800-766-4622

Personal assistance:
6:00 a.m. - 10:00 p.m. CT M-F
and 8:00 a.m. - 2:00 p.m. Sat

24-hour automated service

Email:
ocwen@mortgagebanksite.com

Web:
ocwen.mortgagebanksite.com

Mail:
PO Box 780
Waterloo, IA 50704-0780

Sincerely,

Charles R. Hoecker
Sr. Vice President, Customer Care
GMAC Mortgage

Sincerely,

William C. Erbey
President and Chief Executive Officer
Ocwen Loan Servicing, LLC

Enclosure(s)

02-(453-7395)(1/3)

---

### Mortgage Payment Coupon

**Ocwen Loan Servicing, LLC**

Account Number:
0359019299

Due Date:
3/1/2013

Mortgage Payment:
$640.42

ROCIO PICHARDO

| Please assist us in applying your payment | |
|---|---|
| Full Payments | $ |
| ADDITIONAL Principal | $ |
| ADDITIONAL Escrow | $ |
| Late Charge | $ |
| Other Fees (Specify) | $ |
| Total Amount Enclosed | $ |

Extra Funds

OCWEN
PO BOX 78136
PHOENIX, AZ 85062-8136

02  0313  0359019299  00064042  00000  22222  9

## IMPORTANT INFORMATION

### Schedule of Standard Servicing Fees for California

| Fee Name | Fee Description | Estimated Fee Amount |
|---|---|---|
| Balloon Repmt/Cost | Fee required to meet balloon loans because a loan when loan documents allow for this function | $170 - $1200 (includes hard dollar costs which range by county) |
| Broker Price Opinion (BPO) | Brokers or other qualified individuals provide an estimate of the market value of property. | $83.00 - $150.00 |
| Inspection | Inspections are performed to ensure that the property is occupied and appropriately maintained | NO CHARGE |
| Late Charges | Penalty charged to the borrower if a payment is received past the grace days. | Fees assessed according to loan documents |
| Non Sufficient Funds (NSF) Fee | Fee charged for a check that was applied to the borrowers account but returned unpaid by the borrower's depository institution (bank, savings bank, etc). | NO CHARGE |
| Pay by Phone | One time charge to a borrower to make a payment using the pay by phone service. Use of this service is optional. Other payment options are available that have no additional costs. | $7.50 via phone $12.50 via customer service |
| Payoff Statement | Fee charged when a payoff statement is requested to be mailed or faxed. | $30.00 |
| Recording Fee | Fee charged by the county recorder's office to record the release / satisfaction when the loan is paid-in-full. | $14.00 - $35.00 |
| Subordination | Processing/underwriting fee to review new loan details and your existing second lien loan to consider permitting the new loan to have priority, or first lien position, over our existing second lien loan. | $100.00 |
| Wire | Fee assessed for wired payments. Use of this service is optional. Other payment options are available that have no additional costs. | $7.50 |

All fees and amounts are subject to change without prior notice. Additional fees and amounts may apply depending on your specific request and the status of your loan.

Properties in California: The state Rosenthal Fair Debt Collection Practices Act and the Federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 am or after 9 pm. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason that you may not receive personals calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may not contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at (877) FTC-HELP or www.ftc.gov.





# GMAC Mortgage

February 15, 2013

Rocio Pichardo
Julio Pichardo
1201 East Sudene Avenue
Fullerton CA  92831-4711


RE:   Account Number:   0359019299
      Property Address:   1201 East Sudene Avenue
                          Fullerton CA  92831


Dear Rocio Pichardo and Julio Pichardo,

This letter is in response to a HAMP Escalation Case regarding the above referenced account.  We are researching this request and will respond within 30 calendar days.

If you have any further questions, please contact me at 1-866-924-8409, extension 2365567.

Sincerely,

Kay Frey

Kay Frey
Executive Account Manager


www.gmacmortgage.com          Tel: (800) 766-4622
3451 Hammond Ave
Waterloo, IA 50702





**OCWEN**

*Ocwen Loan Servicing, LLC*
*PO Box 780*
*Waterloo IA 50704-0780*
HELPING HOMEOWNERS IS WHAT WE DO!™
OCWEN.MORTGAGEBANKSITE.COM

03/22/13

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE

FULLERTON       CA 92831-4711

RE:     Request for Subordination
        Account Number      0359019299
        Property Address    1201 EAST SUDENE AVENUE

                FULLERTON        CA 92831-4711

Thank you for your recent inquiry about the subordination of the above-referenced account.
Please complete the attached forms and return them with the following items to:

                Ocwen Loan Servicing, LLC
                Subordination Unit, Suite 700
                233 Gibraltar Road
                Horsham, PA 19044

1.  _____    A signed letter from the customer authorizing a line decrease/freeze (if applicable).
2.  _____    Current preliminary title report including all lien amounts and recording
             information.
3.  _____    A pre-addressed Express Mail label, including billing account number and address
             to which the subordination document is to be delivered.

**The following are ineligible transactions:  Cash Out, Stated Income, No Income, and
Investment properties and Additional Liens or Judgments on Title.**   Account must be
current, with no 30-day delinquency in the last 12 months.  Customer is responsible for all
recording fees.  We do not fax or email completed documents.

A decision will be made within 15 days of receipt of a complete subordination package.  All
incomplete packages will be suspended until a complete package is supplied.  If you have any
questions, please call us at 800-766-4622 Monday through Friday, 8:00 a.m. to 10:00 p.m. CT;
Saturday 9:00 a.m. to 1:00 p.m. CT.

The Subordination Unit
5:60

0359019299,
ROCIO PICHARDO
1201 EAST SUDENE AVENUE

FULLERTON        CA
92831-4711

**New First Lien Info (Exhibit A):**

New Lender Name (to appear on Sub
Document):                                     _____

Estimated Loan Amount (Not to
Exceed):                                       _____

Fees and Costs:                                _____

Anticipated Funding Date:                      _____

Property Value:                                _____

Appraisal Product Used (Circle One):
- \*   Walk in Appraisal
- \*   Drive by Appraisal
- \*   Desktop Appraisal
- \*   GSE Evaluation _____
- \*   AVM _____

Payoff of Existing 1$^{st}$Mortgage            _____
    Effective Date ("Good through"
    date):                                _____

Debt to Income Ratio:                          _____

LTV:                                           _____

CLTV:                                          _____

Contact Name and Phone Number:                 _____
                                               _____


Ocwen Loan Servicing, LLC

## Authorization Agreement for Subordination Processing

0359019299

I/we hereby request and authorize you to subordinate my/our account.

I/we understand that this signed authorization allows Ocwen Loan Servicing, LLC to charge a Subordination Fee to your account in the amount of $100, unless otherwise prohibited by law.

The Subordination Fee is NON-REFUNDABLE even if the subordination is not approved.

Signature(s)    _____

Date Signed     _____

*[handwritten: Payoff in Response to Judge Martin Glenn's Reply with EXACT Correct New Amounts. See 8/5/200? Doc's Payoff. NOT REQUESTED]*

**51**

---

### Payoff Statement

_____ Servicing, LLC
____ 3451 Hammond Avenue
____, IA 50704-0780

04/12/13

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE

FULLERTON        CA 92831-4711

Property Address:
1201 EAST SUDENE AVENUE

FULLERTON        CA 92831-4711

Statement Sent to Name: J.SINK
RE: Account Number: 0359019299

Statement Sent to Fax Number: 714-447-4207

Dear    ROCIO PICHARDO
        JULIO PICHARDO

The following is your loan payoff statement. Your total payoff amount as of 04/30/13 is $173781.77. For every day after this date, you will need to add $1.4710 in per diem (daily) interest to the total. (See information to the right for a breakdown of your Payoff Amount.)

All figures will be confirmed once your payoff is received by Ocwen Loan Servicing, LLC.
Please be sure to make your payment in U.S. dollars by cashier's check, certified check or bank wire.

If any tax or insurance bills are due within 30 days of the interest to/closing date listed on this statement, they may be paid before your payoff funds are received. This information is located on page 2 of this statement.

To receive same-day credit and avoid additional per diem (daily) interest, payoff funds must be sent via wire by 2:00 p.m. Eastern Time. Also, be sure to include all required information outlined below. Please include $7.50 in addition to the "total due" for the incoming wire fee.

> JPMorgan Chase Bank, N.A.
> For Ocwen Loan Servicing, LLC
> ABA #021000021
> Account #662631175
> Ocwen Loan Servicing, LLC
> Account Number: 0359019299
> ROCIO PICHARDO
> Remitter Name:
> Remitter Phone #:

To receive next-day credit and avoid additional interest, payoff funds must be sent in U.S. Dollars by cashier's check, certified check or bank wire by 2:00 p.m. Eastern Time. All payoff funds received after 2:00 p.m. ET will be applied with interest on the next business day. Payoff funds will not be applied or credited on weekends or holidays.

When paying by certified or cashier's check, please include the following information on the check: Customer's name, account number, remitter's name and remitter's phone number. Please forward to the following address:

> Ocwen Loan Servicing, LLC
> Payoff Processing Unit
> 6716 Grade Lane
> Building 9, Suite 910C
> Louisville KY 40213-3439

Please see the accompanying pages of this letter for additional information about your loan payoff.

**Current Loan Status:**
Loan Type: CONVENTIONAL
Interest Rate: 1.00000%
Next Payment Due: 05/01/13
Loan Maturity Date: 08/2033
Escrow Balance: $682.24
Escrow to be Retained: $0.00
Mortgage Insurance: $0.00

**Payoff Amount:**

| | | |
|---|---|---|
| Principal | $ | 53691.11 |
| Interest Calculated to but not including anticipated closing date of 04/30/13 | $ | 42.66 |
| Escrow/Impound Funds Due | $ | 0.00 |
| Late Charges Outstanding | $ | 0.00 |
| Unapplied Funds | $ | 0.00 |
| Statement Fee | $ | 30.00 |
| Recording Fee | $ | 18.00 |
| Reconveyance/Trust | $ | 0.00 |
| Release Fee | $ | 0.00 |
| Fax Fee | $ | 0.00 |
| Other Fees and Costs | $ | 0.00 |
| Deferred Amount | $ | 120000.00 |
| Deferred Amount Waived | | .00 |
| Prepayment Penalty Fee | $ | 0.00 |
| Optional Products | $ | 0.00 |
| Uncollected P&I | | .00 |
| Total Due | $ | 173781.77 |
| Per Diem Interest | $ | 1.4710 |

04/12/13    09:36 AM

p

Page 1

Number: 0359019299

### Escrow Account Access Authorization for Escrowed

**Authorization to apply escrow funds toward the payoff of your loan:**

If the pay of funds received are not enough to pay the account in full, we can use available funds from your to up the difference. However, we will need your authorization to do so. Please sign below and fax this page back Processing Unit at 888-395-6626 for payoff application only.

Please apply escrow toward any payoff.

_____          _____
_____ Signature                          **JULIO PICHARDO** Signature

Escrow Account Activity: from    Next Due    Amount

## Here is additional information about your loan payoff:

Be sure to add any in per diem (daily) interest for every day between interest good to date referenced on page 1 and the date your payoff is received by Ocwen Loan Servicing, LLC. Interest is calculated on a partial-month basis based on a 365-day year. February is calculated based on a 30-day month. You are responsible for any additional interest due as a result of a math error on your part.

If you are currently enrolled in our monthly ACH program and your scheduled draft date is within three days of your anticipated payoff date, your draft will still be deducted. Be sure to call 800-766-4622 right away to cancel this service.

A late fee may be charged for any payment or payoff not received within the grace period.

The amount required to pay this loan in full is subject to final verification by Ocwen Loan Servicing, LLC. You are responsible for any shortage resulting from a returned payment. Do not "stop payment" on any previous payment (check or draft) that has already been credited to your account.

If this is an adjustable rate mortgage, you may be responsible for interest rate changes and/or principal balance increases. Please call our office at 800-766-4622 to confirm before your escrow account is closed.

If there is a penalty for prepayment on your account, the fee will be included in the total funds due for payoff. If your mortgage terms indicate that the prepayment penalty can be waived due to the sale of the property, you will need to include copies of 1) the certified final HUD I and 2) the sales contract - each signed by the buyer and seller. These documents should be included with the total amount due for your payoff. If your payoff is wired, these documents can be faxed to 888-395-6626. The prepayment penalty will not be removed until these documents are received. If you are presently on active duty in military service please call our office at 800-766-4622 to review any prepayment penalty that is reflected in this statement.

If the funds received are not enough to pay the account in full, we can use funds from your escrow account to make up the difference. However, we will need your authorization to do so. Please sign the authorization on this page and fax it back to 888-395-6626. If you do not have an escrow account or do not authorize us to use escrow funds, we will return your payoff funds in the same way they were sent. Interest will continue to accrue and late fees may be charged until sufficient funds are received to pay the account in full. To avoid this, you can confirm the actual payoff amount by calling 800-766-4622.

If your loan has a Homestrength/Homestretch/Silent Second, the outstanding balance owed is included in the Other Fees and Costs on page 1.

04/12/13    09:37 AM

0359019299

...ts on this loan must be up to date. The escrow holder is responsible for determining the current status of your loan before
...your escrow account. This statement does not release you of your responsibility to make monthly mortgage payments on
your escrow account. This statement does not release you of your responsibility to make monthly mortgage payments on

This statement does not release Ocwen Loan Servicing, LLC of its responsibility to pay your taxes and insurance on time. If a bill for
these items is received before we receive your payoff funds, we will pay the bill from your escrow account. Payment of any deficit in
your escrow account is required before the loan can be paid in full. Ocwen Loan Servicing, LLC is not responsible for private
agreements between the borrower and a third party regarding the disbursement of the escrow funds. If funds have accumulated in an
escrow account, and if we have been required to pay interest on these funds according to state law, interest will be paid to the date the
escrow account closes. Following the loan payoff, any excess funds will be sent back to you. If forced-place insurance has been
charged to the escrow account prior to the loan payoff, the full amount will be required to pay off the loan. If appropriate evidence of
insurance is received, the applicable refund will be issued to you within 4-6 weeks. Any escrow balance will be refunded after payoff,
provided the last payment applied to the account clears the institution from which it is drawn.

If this account is two months or more past due, in foreclosure and/or in bankruptcy, you must obtain an updated payoff statement with
updated fees within 5 business days of closing.

If you have a Fannie Mae Home Saver Advance (H.S.A.) unsecured note, it is due and payable in full in the event of a sale or transfer
of ownership in the property. The payoff of the H.S.A. is not required to release the first lien loan and must continue to be paid in the
event of a refinance.

The reconveyance/satisfaction of mortgage will be forwarded to the county recorder's office by the Lien Release Unit, once
Ocwen Loan Servicing, LLC receives your payoff funds.

If you have new address information, please contact Customer Care at 800-766-4622. This will allow us to send any refund due to
you, as well as your release and year-end information.

To arrange for payment or discuss your payment options, please call our office at 800-850-4622 (weekdays, 8:00 a.m. - 11:00 p.m.
CT; Saturday, 8:00 a.m. - 12:00 p.m.).

Collection Department
Loan Servicing
7:70

**Please Note:** This is an attempt to collect a debt and any information obtained will be used for that purpose, provided if you have an
active bankruptcy case or have received a discharge, the following Notice Regarding Bankruptcy applies.

**Notice Regarding Bankruptcy:** If you are a debtor in an active bankruptcy case, this letter is not an attempt to collect either a pre-
petition, post petition or discharged debt and no action will be taken in willful violation of the Automatic Stay that may be in effect in
your bankruptcy case. Furthermore, if you have received a Discharge in a Chapter 7 case, any action taken by us is for the sole
purpose of protecting our lien interest in your property and is not an attempt to recover any amounts from you personally. If you have
surrendered your property during your bankruptcy case, please disregard this notice. Finally, if you are in an active Chapter 11, 12 or
13 case, and an Order for Relief from the Automatic Stay has not been issued, you should continue to make payments in accordance
with your bankruptcy plan.

**OCWEN LOAN SERVICING, LLC**
**P.O. BOX 780**
**WATERLOO IA, 50704-0780**

*04/25/13*

TO: *LOAN SERVICING*
RE: *LOAN # 0359019299*

ATT: *LOAN SERVICING;      AS PER N.Y. COURTS REPLY, I AM INFORMING OF JUDGE'S INSTRUCTIONS TO DIRECT YOU TO DOCUMENTS INSERTIONS HOME LIENS WITH  GOVERNING FACTOR OF SECURITY INSTRUMENT.*

*IN ADDITION DOCUMENTS DIRECTS TO ANY INCONSISTANCIES CONTROLLED.*

*AS THIS IS PART OF DOCUMENTS, THERE SHOULD BE NO FURTHER REQUESTS OF IMPLEMENTATION OF THESE PARAGRAPHS.  NO FEES SHOULD BE REQUIRED AS CLEARLY INCLUSSION WAS DONE.*

*AS OCWEN IS NOT A PART OF BANKRUPTCY, FILING CIVIL COURT ACTION WILL COMMENCE SHORTLY TO IMPOSE DOCUMENTS.*

*IMMEDIATE ATTENTION IS REQUIRED ON ABOVE LIEN INSERTED MATTER.*

*THIS IN LIGHT THAT THIS HAS BEEN ADDRESSED SEVERAL TIME TO NO AVAIL.*

*SHOULD FILING BE REQUIRED, ADDITIONAL PENALTIES WILL BE DEMANDED FROM COURT AS CURE INCLUDING MONETARY COSTS & DAMAGES FOR FAILURE TO ACT CAUSING FINANCIAL HARDSHIP.   DIRELC. OF DUTIES, BREACH, AMONGST OTHER UNRESOLVED ISSUES.*

*PLEASE BE ADVISED THAT ABSENT IMPLEMENTATION REQUIRED, AS WELL AS NO RESPONSE, SUCH WILL CONSTRUDED NON-RESPONSIVE, ADMISSION OF FURTHER LIABILITY IN  ACTION.*

*ENCLOSED YOU MAY FIND COPY OF N.Y.B. JUDGE INSTRUCTING YOU SUBMMIT TO DOCUMENTS AS THEY GOVERN.*

*YOUR IMMEDIATE RESPONSE IS REQUIRED.*

*JULIO PICHARDO*
  *CC: FILE*



*CLERK OF THE NEW YORK BANKRUPTCY COURT*
*SOUTHER DISTRICT*
*ONE BOWLING GREEN*
*NEW YORK, N.Y. 10004-1408*

*PROOF OF SERVICE*

*OCWEN LOAN SERVICING/ MITIGATION*   DoCKet # 4112 # 4357   7/23/2013
*RE: LOAN # 0359019299 - AUGUST 5TH DOCUMENTS*   8/5/2009 ☀
                                                    Docs

*ATT: OCWEN LOAN SERVICING;  AS SHOWN IN ENCLCLOSED PROOF OF DOCUMENTS HAS BEEN SERVED ON ALL INTERESTED PARTIES.*
*1- OCWEN LOAN SERVICING  2- GMAC REPRESENTATIVES A) MORRISON & FOERSTER*
*3- SERVERSON & WERSON 4- CLERK OF THE N.Y. SOUTHERN DISTRICT BANKRUPTCY COURT.*

*ENCLOSED EVIDENCE SHOWS CERTIFIED MAILING SENT TO OCWEN FOR ACKNOWLEDGEMENT AS THE GOVERNING DOCUMENTS, WHICH OCWEN HAS NOT ACKNOWLEGED TO DATE.*

*AS PER PREVIOUSLY REQUESTED MOTION; ON 7/15/2013, A CONFERENCE HEARING HELD SCHEDULED BY JUDGE ROBERT MOSS AT CIVIC CENTER CIVIL COURT TO BE INFORMED OF GMAC STAY, IN ORDER TO RESOLVE ISSUES WITH DOCUMENTS DATED 5/9/2009. AT SUCH TIME JUDGE MOSS INQUIRED ABOUT STATUS OF GMAC STAY.*

*REPRESENTATIVE FROM GMAC WAS TELEPHONICALLY PRESENT.*
*ISSUES OF DOCUMENTS MUST BE RESOLVED, REASONS WHY I MOTIONED BEFORE THE HONORABLE JUDGE MARTIN GLENN THAT GMAC WOULD BE DRAWN AS THE DOCUMENTS ORIGINATOR.*

*JUDGE ROBERT MOSS HAS SCHEDULED ANOTHER CONFERENCE HEARING FOR DECEMBER AS PER DOCUMENTS SENT TO JUDGE MARTIN GLENN.*

*IN ADDITION FILLED RESCAP DOCUMENTS WERE SENT TO ALL PARTIES:*

*CC: RESIDENTIAL CAPITAL LLC.*
   *SEVERSON & WERSON - NEW YORK & IRVINE OFFICES*
   *MORRISON & FOERSTER*
   *(SEE NUMEROUS ENCLOSED MAIL CERTIFICATION)*



Claim filed in this case. The Proof of Claim is a claim against the Debtors, and will be addressed in the ordinary course as part of the claims reconciliation process.

As to Pichardo's second point, the Debtors no longer service Pichardo's loan, and to the extent Pichardo is seeking relief regarding errors in the current servicing of his loan or of the loan documents, those concerns are properly addressed to Ocwen as the successor servicer, and not to the Debtors. Moreover, this Court does not have jurisdiction to adjudicate a dispute over loan documents between Pichardo and Ocwen; the sale of Debtors' Platform Assets to Ocwen concluded months ago, therefore this dispute would have no conceivable effect on the Debtors' estate. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 994 (3d Cir. 1985) (holding that civil proceeding is related to bankruptcy case when "the outcome of that proceeding could conceivably have any effect on the estate being administered in bankruptcy.").

## III.  CONCLUSION

For all these reasons, the relief Pichardo seeks in his filings is **DENIED**.

**IT IS SO ORDERED.**

Dated:   April 24, 2013
         New York, New York

_Martin Glenn_
**MARTIN GLENN**
**United States Bankruptcy Judge**



*SEVERSON & WERSON*
*19100 KARMAN AVE*
*IRVINE CA, 92612*

*7/24/2013*

*ATT: MR. SHAHAM*

*AS YOU ALREADY KNOW, THERE ARE SEVERAL ISSUES FACING GMAC ACTION. NUMEROUS VIOLATIONS BROUGHT BEFORE THE COURTS.*
*IN CALIFORNIA BEFORE JUDGE ROBERT MOSS, & BEFORE JUDGE MARTIN GLENN. JUDGE MARTIN RESPONSE TO SPECIFIC DOCUMENTS DATING 8/5/2009 IS ENCLOSED HEREIN.*
*THESE DOCUMENTS WERE GIVEN INCONSISTANCY CLAUSE DUE TO ACTIONS FILED ON GMAC FOR IRREGULAR BANKING PRACTICES. NOT TO BE OVERRIDEN. ISSUES ADDRESSED WERE: INSERTIONS OF EXISTING LIENS CARRIED. CALCULATING AN ABTAINABLE ONLY PRINCIPAL, CALCULATED BY GMAC & APPROVED BY WELLS GARGO.*
*THESE DOCUMENTS WAS GIVEN SPECIFIC LANGUAGE TO PREVENT ANY PARTIES ALTERING SUCH. SPECIFIC IN CASE OF ANY INCONISTANCIES THESE DOCUMENTS WILL GOVERN. I DEMANDED TO HAVE SUCH DUE TO ILLEGAL ACTIONS DISCLOSED FROM PUBLIC RECORDS & AGENCIES SUCH AS INTERNAL REVENUE SERVICE.*
*MONTHS AFTER FINALIZING 8/5/2009 MODIFICATION GMAC THREATENED FORCLOSURE SHOULD I NOT SIGN NEW SET. I REPLIED DOCUMENTS WERE EXECUTED & COULD NT BE OVERIDDEN AS CLUASES PREVENTED SUCH.*
*WHILE IN HOSPITAL FOR THREATS OF DEFAULT & FORECLOSURES GMAC INSISTED ON THEIR QUEST TO OVERIDE PRIOR FINALIZATION.*
*I ALSO CONTACTED REGULATORS WHICH ASSURE ME THAT THEY COULD NOT FORECLOSE OR DEFAULT AS I WAS UP TO DATE ON PAYMENTS ON MODIFICATION.*
*NUMEROUS TIMES TO GMAC & TO THEIR REPRESENTATIVES I DEMANDED TO IMPOSE & ACKNOWLEDGE 8/5/2009 AS THE GOVERNING DOCUMENTS HAVE BEEN MADE TO NO AVAIL.*
*HOPEFULLY AFTER YOU REVIEW DOCUMENTS ENCLOSED, YOU WILL CONCLUDE THEY HAVE GOVERNING IMPOSING CLAUSES INSERTED.*
*I HAVE ALSO ADVISED GMAC OF IMPROPERLY APPLYING ESCROW AMOUNTS TO PRINCIPAL TRYING TO CAUSE DEFAULT ALTHOUGH ALL SHORTAGE AMOUNTS WERE SENT TO MAINTAIN MONTHLY PAYMENTS. ALL PAYMENTS MADETO DATE WERE SENT FOR 15 YEARS IN CASHIERS CHECK FORM. VERIFIABLE BY MY BANK.*
*SHOULD YOU WANT TO RESOLVE THE 8/5/2009 DOCUMENT ISSUE PLEASE ADVISE, AS THIS WILL BE CONSIDERED IN NEXT HEARING HELD AS PUNITIVE. THESE WILL BE CONSIDERED AS ADDITIONAL PREDICTORY EVIDENCE. NOTE GMAC PREVENTED ACCESS TO LOAN SEVERAL YEARS. YOUR PROMPT RESPONSE IS GREATLY APPRECIATED.*
*THANK YOU. JULIO PICHARDO. CC: FILE*

**OCWEN LOAN SERVICING, LLC**
P.O. Box 24646
West Palm Beach, FL 33416-4646

If you have any questions, call toll-free 1-800-746-2936

RECIPIENT'S/LENDER'S name, address and telephone number

Copy B For Payer.

The information in boxes 1, 2, 3, and 4 is important tax information and is being furnished to the Internal Revenue Service. If you are required to file a return, a negligence penalty or other sanction may be imposed on you if the IRS determines that an underpayment of tax results because you overstated a deduction for this mortgage interest or for these points because you did not report this refund of interest on your return.

* Caution: The amount shown may not be fully deductible by you. Limits based on the loan amount and the cost and value of the secured property may apply. Also, you may only deduct interest to the extent it was incurred by you, actually paid by you, and not reimbursed by another person.

Department of the Treasury - Internal Revenue Service

| RECIPIENT'S Federal ID Number | PAYER'S Social Security Number | OMB 1545-0901 IRS REPORTING YEAR |
|---|---|---|
| 01-0681100 | XXX-XX-4304 | 2013 |

PAYER'S/BORROWER'S name, street address (including apt. no.), city, state and ZIP code

Rocio Pichardo
Julio Pichardo
1201 East Sudene Avenue
Fullerton CA 928317110

| 1 Mortgage Interest received from Payer(s)/Borrower(s)* | 2 Points paid directly by Payer(s)/Borrowers on purchase of principal residence |
|---|---|
| $ 314.39 | $ 0.00 |
| 3 Refund of Overpaid interest (see box 3 on back) | 4 Mortgage Insurance Premiums |
| $ 0.00 | $ 0.00 |
| 5 Real estate taxes paid | $ 1,878.25 |

## STATEMENT OF ACCOUNT THROUGH 12-31-2013
## ACCOUNT NUMBER: 0359019299

| | |
|---|---|
| INTEREST PAID DURING 2013: | 314.39 |
| PRINCIPAL PAID DURING 2013: | 54,511.55 |
| LATE CHARGES PAID DURING 2013: | 0.00 |
| INTEREST ON ESCROW 2013: | 16.13 |
| PRIOR YEAR PREPAID INTEREST: | 0.00 |
| TOTAL ESCROW DEPOSITS: | 2,977.45 |
| TOTAL ESCROW DISBURSEMENTS: | 1,878.25 |

| DATE OF TRANSACTION | TRANSACTION DESCRIPTION | DISTRIBUTION OF TRANSACTION | | | | PRINCIPAL BALANCE | ESCROW BALANCE |
|---|---|---|---|---|---|---|---|
| | | PRINCIPAL | INTEREST | ESCROW | MISC | | |
| 01-07-13 | PAYMENT | 204.85 | 45.43 | 390.14 | 0.00 | 54,306.70 | 1,390.07 |
| 02-04-13 | PAYMENT | 205.02 | 45.26 | 390.09 | 0.00 | 54,101.68 | 1,780.16 |
| 03-04-13 | PAYMENT | 205.20 | 45.08 | 390.19 | 0.00 | 53,896.48 | 2,170.35 |
| 03-14-13 | COUNTY TAX PD | 0.00 | 0.00 | 1,878.25- | 0.00 | 53,896.48 | 292.10 |
| 04-03-13 | PAYMENT | 205.37 | 44.91 | 390.14 | 0.00 | 53,691.11 | 682.24 |
| 04-12-13 | FEE ASSESSED | 0.00 | 0.00 | 0.00 | 30.00 | 0.00 | 0.00 |
| 04-15-13 | FEE WAIVED | 0.00 | 0.00 | 0.00 | 30.00- | 0.00 | 0.00 |
| 05-07-13 | PAYMENT | 205.54 | 44.74 | 390.14 | 0.00 | 53,485.57 | 1,072.38 |
| 05-07-13 | RECEIPT | 0.00 | 0.00 | 252.20 | 0.00 | 53,485.57 | 1,324.58 |
| 06-05-13 | PAYMENT | 205.71 | 44.57 | 388.23 | 0.00 | 53,279.86 | 1,712.81 |
| 06-17-13 | REVERSAL | 205.71- | 44.57- | 388.23- | 0.00 | 53,485.57 | 1,324.58 |
| 06-17-13 | REVERSAL | 205.54- | 44.74- | 390.14- | 0.00 | 53,691.11 | 934.44 |
| 06-17-13 | PAYMENT | 205.54 | 44.74 | 388.23 | 0.00 | 53,485.57 | 1,322.67 |
| 06-17-13 | PRIN CURTAIL | 1.91 | 0.00 | 0.00 | 0.00 | 53,483.66 | 1,322.67 |
| 06-17-13 | PAYMENT | 205.71 | 44.57 | 388.23 | 0.00 | 53,277.95 | 1,710.90 |
| 07-03-13 | PAYMENT | 205.88 | 44.40 | 388.23 | 0.00 | 53,072.07 | 2,099.13 |
| 07-31-13 | INT ON ESC | 0.00 | 0.00 | 16.13 | 0.00 | 53,072.07 | 2,115.26 |
| 08-01-13 | LOAN TRANSFER | 0.00 | 0.00 | 2,115.26- | 0.00 | 53,072.07 | 0.00 |
| 08-01-13 | LOAN TRANSFER | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 |



Ocwen Loan Servicing, LLC
PO Box 24738
West Palm Beach, FL 33416-4738

**O C W E N**

www.ocwencustomers.com

2/12/14 2:13 PM 3   0034738 20140220 JBQ6A111 OCWSTMT 1 oz.DOM JBQ5A10000° 146951 MB

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON CA  92831-4711

## Mortgage Account Statement

| | |
|---|---|
| **Property Address** | 1201 East Sudene Avenue Fullerton, CA 928314711 |

| | |
|---|---|
| **Statement Date** | 02/17/14 |
| **Account Number** | 0359019299 |
| **Payment Due Date** | 03/01/14 |
| **Amount Due** | **$1,355.92** |

*If payment is received after 03/17/14, a $12.51 late fee will be charged.*

| | |
|---|---|
| Customer Care | 800-746-2936 |
| Insurance | 866-825-9265 |

### Account Information

| | |
|---|---|
| Principal Balance* | $51,832.69 |
| Deferred Prin. Bal. (inc. in PB) | 120,000.00 |
| Escrow Balance | $1,558.31 |
| Maturity Date | August 1, 2033 |
| Interest Rate | 1.00000% |
| Prepayment Penalty | No |

\* This is your Principal Balance only, not the amount required to pay the loan in full.

### Explanation of Amount Due

| | |
|---|---|
| Principal | $207.26 |
| Interest | $43.02 |
| Escrow | $427.68 |
| **Total Regular Payment** | **$677.96** |
| Past Due Payment(s) Amount | $677.96 |
| **Total Amount Due** | **$1,355.92** |

### Transaction Activity Since Last Statement (01/18/14 to 02/17/14)

| Tran Date | Pmt Date | Description | Tran Total | Principal | Interest | Escrow | Opt Prods | Late Charges Fees/Other | Unapplied Funds |
|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | |

### Past Payments Breakdown

| | Paid Since Last Statement | Paid Year to Date |
|---|---|---|
| Principal | $.00 | $206.91 |
| Interest | $.00 | $43.37 |
| Escrow (Taxes & Insurance) | $.00 | $388.23 |
| Fees/Other Charges | $.00 | $.00 |
| Unapplied Funds** | $.00 | $.00 |
| Total | $.00 | $638.51 |

### Special Notices

### Important News

You must use this address for all qualified written requests, notices of error, and/or requests for information.  Research Department, PO Box 24736, West Palm Beach, FL 33416-4736.

Payments received are to be applied in accordance with  your mortgage note. Payments will be first applied to  bring your loan contractually current. Any additional  funds received will be applied to outstanding fees and advances prior to being applied to principal. If you have any questions about your loan, please call 1-800-746-2936 (ext:) and ask to set up an appointment with Guruprasad S, your relationship manager, or schedule an appointment at Ocwencustomers.com.

**See reverse side for important information and state specific disclosures.**

FOR YOUR PROTECTION SAVE THIS COPY

**CASHIER'S CHECK**

Customer Copy

1133709818

12/03/2013

California

Remitter    JULIO PICHARDO

Pay To The    OCWEN
Order Of

$ ***********638.51 ***

Memo: Acct#0259019299

Note: For information only. Comment has no effect on bank's payment.

Drawer: JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

TERMS
KEEP THIS COPY FOR YOUR RECORD OF THE TRANSACTION.
PLEASE CONTACT CHASE TO REPORT A LOSS OR FOR ANY OTHER INFORMATION ABOUT THIS ITEM.

---

FOR YOUR PROTECTION SAVE THIS COPY

**CASHIER'S CHECK**

Customer Copy

1133709975

01/03/2014
Void after 7 years

Remitter:    JULIO PICHARDO

$** 638.51 **

Pay To The    OCWEN
Order Of:

Memo: Acc#0259019299

Note: For information only. Comment has no effect on bank's payment.

Drawer: JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

---

* Please visit a Chase branch to report a loss,
or for any other information about this item

---

FOR YOUR PROTECTION SAVE THIS COPY

**CASHIER'S CHECK**

Customer Copy

1133710122

02/01/2014
Void after 7 years

Remitter:    JULIO PICHARDO

$** 639.00 **

Pay To The    OCWEN
Order Of:

Memo:

Note: For Information only. Comment has no effect on bank's payment.

Drawer: JPMORGAN CHASE BANK, N.A.

**NON NEGOTIABLE**

#59

**SEVERSON & WERSON**
*19100 VON KARMAN AVE   (SUITE 700)*
*IRVINE CALIFORNIA, 94111*

2/26/2014

TO: YARON SHAHAM
RE:  CASE#30-2012-00581642
     JULIO PICHARDO VS GMAC/OCWEN DOE 1

ATT: MR SHAHAM;  AS PER CERTIFIED MAIL SENT, AMENDED COMPLAINT HAS BEEN FILE 2/24/2014. RECEIPT DATE POST OF TODAY DELIVERY TO ATTORNEYS OF RECORD.

THE BULK OF EVIDENCE ON CASE WILL BE PROVIDED TO COURT, SOME OF WHICH HAS BEEN PROVIDED VIA CERTIFIED MAIL.

AS THERE NOT BEEN A RESOLUTION MENTION TO DATE; I WILL DO SO; IN ORDER TO SHOW THAT THE ATTEMPT WAS MADE ON MY BEHALF TO YOUR OFFICES.

SHOULD YOU REQUEST SUCH I WILL BE PROVIDING IT UPON REQUEST.

JULIO PICHARDO _____

OCWEN LOAN SERVICING LLC
CNSUMER FINACIAL PROTECTION BUREAU
P.O. BOX 780
WATERLOO IA, 50704-0780

4/29/2014

ATT: GENTLEMEN; IN RESPONSE TO A 4/23/14 OCWEN LETTER; LET IT BE KNOWN THAT AS SERVICER'S RESPONSE TO ORIGINAL GOVERNING DOCUMENTS; AN ADVISE TO APPLY FOR AN ADDITIONAL MODIFICATION WAS ACCORDING TO GMAC & OCWEN'S MENAS TO RESOLVE ISSUES. TO THAT EFFECT UPON ASKING WHY, THIS WAS THE REMEDY SUGGESTED BY SERVICERS. WHEN QUESTIONED THE RESPONSE WAS THIS WILL RESOLVE THE ISSUE OF 8/5/2009 DOCUMENT. TO MY SURPRISE WHAT I GOT WAS A DENIAL WITH A SHORT SALE NOTICES, SERVICER PROVIDED SPECIFICS TO BE WRITTEN INTO APPLICATIONS + WHAT TO PROVIDE IN EACH INSTANCE IS PROMISE OF DOCS SOLUTIONS. THESE RESPONSES WERE INADECUATE, UNREASONABLE, & A DECEPTIVE TACTIC TO AVOID MATTERS ADDRESSED OF UN-SIGNED UN-EXCECUTED UN-NOTARIZED DOCUMENTS.

THIS WAS REQUESTED FROM ME NUMEROUS TIMES WITH NO RESULTS. AS TACTICS DID NOT WORK, I RESORTED TO ADDRESS ISSUES AT N.Y.BC. TO DATE GMAC & OCWEN HAVE RESORTED TO MORE TACTICS TO AVERT DOCUMENTS & VIOLATIONS AT HAND.

A CALCULATED PREDECTORY FACTOR DESCRIBED IN COURT ACTION BRINGING HOMEOWNER TO FINANCIAL CAOS. THERE ARE MANY OTHER SERVICING IRREGULARITY NOT RESOLVED IN ANY FASHION IN THIS LOAN HERE.

THE ORIGINAL DOCUMENTS WERE MADE WITH SPECIFIC TERMS TO AVOID TAMPERING OR OVERIDE. GMAC & OCWEN'S SUGGESTIONS TO APPLY & RE-APPLY FOR MORE MODIFICATIONS, YET THE RESULTS WERE SHORT OF ANY RESOLUTION.

ALL THESE INCONSISTACIES ARE ADDRESSED IN THE 8/5/2009 ORIGINAL DOCUMENTS. AVERTING DOCUMENTS ARE ISSUES DEALT IN ATOURNEY GENERAL CONSENT ORDER AGAINST OCWEN.

IN ADDITION, IN TRYING TO AVERT DOCUMENTS, OTHER SERVICING IRREGULARITIES WERE COMITTED BY OCWEN, OF WHICH NONE ARE ADDRESSED HERE.

DOCUMENTS PRESENTED TO COURT SHOW ATTEMPTS BY GMAC & OCWEN TO AVIOD ALL MATTER USING WHATEVER MEANS NECESSARY.

APPARENTLY NOTHING IN THE WAY OF DOCUMENTS, EVIDENCE, OR ANY AGENCY, WILL PERSUADE OF WRONG DOING.

THIS IS THE REASON WHY MATTERS WERE SUBMITTED TO COURT TO RULE THESE ALLEGATIONS.

SHOULD AGENCY REVIEW CONSENT ORDER; WILL FIND AMONGST OTHER THINGS THESE ISSUES OF SERVICER ACCENTUATED AS PUBLIC RECORDS.



AS A RESULT THIS LOAN ALONG WITH ABUSES WILL CONTINUE ITS COURSE.
OCWEN DOES NOT IN ANY WAY RESOLVES ANY ISSUES.

SERVICERS ONLY ADMIT THEIR OWN DOCUMENTS WHEN THEY SERVE THEIR PURPOSES.
EVIDENCED OF DOCUMENTS PROVIDED BY OCWEN ITSELF IN RESPONSE TO COURT'S
RULING, ONLY VERIFIES THE THRUTHFULNESS IN MY EVIDENCE.

SUBMITTED DOCUMENT LETTER FROM GMAC DATING JUNE 11 2011 AS RESPONSE TO SAME
ISSUE OF PRINCIPAL ALONG WITH OCWENS OWN SUBMITTED DOCUMENT DATED 7/24/2013,
12/31/2013, SPECIFICALLY ADRESSING PRINCIPAL ON ORIGINAL DOCUMENT IS EVIDENCED.

I AM ALSO SUBMITTING SECOND MODIFICATION OBTAINED UNDER THREAT OF
FORECLOSURE SHOWS UN-SIGNED UN-NOTARIZED, UN-EXCECUTION OF SUCH WHICH MAKES
THE DOCUMENT VOID & INVALID AS NO-ONE IS AGREEING TO SUCH.
UNLESS DOCUMENTS ARE SIGNED BY PARTIES IT CANNOT BE LEGALLY IMPOSED

UN-APPLIED MONTHLY PAYMENTS, MISHANDLE ESCROW, DEMAND FOR PAY OFFS.

THIS IS WHAT MAKES DOCUMENTS VALID: SIGNATURES OF AGREEING PARTIES.
AND IN THESE CASES NOTARIZATION FROM BOTH PARTIES WHERE REQUIRED TO PREVENT
TAMPERING.

IN PREVIOUS CASE WHERE GMAC ALUDED TO DOCUMENTS, IT REFERED TO THEM AS ERROR.
THIS TIME IS USING THEIR OWN DECEPTIVE TACTICS EITHER DOCUMENTS HAVE MEANING
OR THEY DON'T.

THERE ARE TOO MANY DOCUMENTS HERE EVIDENCING SHOWING SERVICER PERPETRATED
SERVICING BREACHES, DELIBERATELY BY OMITTING PARAGRAPHS TO COVER THIS UP.

I NEED SERVICER TO EXPLAIN WHY AN UN-SOLICITED PAY-OFF DEMAND WAS SENT, WHEN MY
INCOME DOES NOT ALLOW SUCH PAY-OFF.
THIS CANNOT BE EXPLAINED THAT I WAS REFINACING, AS NO ONE WILL REFINACE WITH
$954.00 DISBILITY INCOME A MONTH WHICH WAS THE REASON FOR THE ORIGINAL
MODIFICATION REDUCING RATE, PRINCIPAL & AGREEING TO THERMS.

ONLY AS I WAS HOSPITALIZED CAN THEY CHANGES AS THESE. EVEN UNDER PROTEST.
I NEED SERVICER TO EXPLAIN THE INSERTION OF DOCUMENT GOVERNACE & IMPLEMENT
LIENS INSERTION WHICH MAY REMEDY SOME OF THE WRONG DOING.

THEY MAY TRY TO EXPLAIN THAT ALL DOCUMENT WAS A MISTAKE, BUT IT IS HARD TO
BELIEVE SO.
ALL THIS DOES NOT MAKE SENSE.   PLEASE NOTE PREVIOUS MENTION FROM SERVICER
SAYING THIS WAS ERROR.
NOW SINCE THERE IS A CONSENT ORDER WHICH CONSIDERS ERROR AS EVIDENCE OF
MALICE, & SERVICER MUST USE ERROR FACTOR TO LOAN FOR CONSENT ORDER, THIS ALSO IS
BEING DIVERTED.
IF ERRORS WERE PERPETRATED, OCWEN MUST REFER LOAN TO CONSENT ORDER, AND
CALCULATE THE PERCENTAGE OF ERRORS TO MEET CONSENT ORDER.   JULIO PICHARDO.

COURTFOLIO TABS®                                    LEGAL DIMENSIONS®

| | | ITEM — **TABLE OF CONTENTS** | DATE |
|---|---|---|---|
| 61 | | Letter to Ocwen of undue payment - Overpayment made - Request to correct | 4/30/14 |
| 62 | | Modification application sent by Ocwen | 11/12/13 |
| 63 | | Ocwen advises to give up Plaintiffs. Home no payments missed | 4/29/14 |
| 64 | | Ocwen advises to short sale home no payments have been missed on loan | 5/9/14 |
| 65 | | Certified mailings to Ocwen to impose 8/5/09 contract - no response | 5/6/13 |
| 66 | | Multiple request to Ocwen to abide by 8/5/09 contract no response | 7/30/13 |
| 67 | | Certified mailings to Ocwen | 11/22/13 thru 12/9/13 |
| 68 | | Numerous certified mailings to Ocwen | 10/24/13 thru 11/15/13 |
| 69 | | Court minute order | 5/12/14 |
| 70 | | Court minute order | 9/8/14 |
| 71 | | Ocwen's counsel solution for more modification | 12/3/14 |
| 72 | | Plaintiff response to form interrogatories | 11/4/14 |
| 73 | | Plaintiff response to special form interrogatories | 11/4/14 |
| 74 | | Plaintiff response to form interrogatories #1 - denied admissions | 11/4/14 |
| 75 | | Plaintiffs supplemental No. 1 to production of documents | 11/4/14 |
| 76 | | | |
| 77 | | | |
| 78 | | | |
| 79 | | | |
| 80 | | | |

Case Name_____No._____S/L_____

©Legal Dimensions
(800) 535-7753



**OCWEN RESEARCH DEPT**
**P.O. BOX 24736**
**WEST PALM BEACH FL, 33416-4736**

**LOAN # 0359019299 - LOAN BREACHES ADDRESSED WITH NO RESULTS.**

4/30/2014

TO: RESEARCH DEPT.   ENCSLOED YOU MAY FIND EVIDENCE OF THE MANY ATTEMPTS I MADE WHICH ONLY RESULTED IN ARGUMENTING THE SAME ISSUE WITH PREVIOUS SERVICER.

THE ONLY SUGGESTION FROM SERVICER WAS TO INSERT INFORMATION IN APPLICATIONS WHICH WOULD LEAD TO NO RESULTS.

THE ONLY SOLUTION SERVICERS WERE OFFERING WAS TO SHORT SALE THE HOME.

YOU MAY SEE IN EVIDENCE THE OVERPAYMENTS REQUESTED BY SERVICERS, WHICH I MADE AS I TRIED TO AVOID DEFAULT & FORECLOSURE IN SERVICER'S CORRESPONDENCE TO ME.

THIS ONLY SHOW WHAT LENTH SERVICERS ARE WILLING TO GO TO OBTAIN FEES.
THEIR ATTEMPTS TO ACHIEVE ITS MEANS.

THERE IS NO ATTMEPTS TO HELP THE SITUATION BY SERVICERS.

1- THE ATTEMPTS TO DEFAULT LOAN:

   2- THE MISAPPLIED AMOUNTS RAISING MONTHLY PAYMENTS
   3- THE ESCROW MISHANDLED
   4- BREACHES ON LOAN
   5- SERVICER'S INSTRUCTING TO SHORT SALE HOME
   6- MY PHONE CALL LOG SHOWS HOW MANY TIMES I TRIED TO PERSUADE SERVICERS TO
      DESIST FROM DEFAULTING, & TO CORRECT ISSUES AFFECTING LOAN
   7 - THERE WAS NEVER A SINGLE POINT OF CONTACT AS MORE THAN SEVEN MANAGERS
      WERE REQUESTED BY ME TO BRING A REMEDY TO SITUATION ON LOAN.
   8- THIS IS WHY IS INCONCEBIBLE THAT SERVICER COULD NOT ASSIT WITH ALL THE
      RESOURCES GIVEN BY TREASURY DEPT. AVAILABLE FOR HOMEOWNERS.

SERVICERS GUIDED BORROWER TO KEEP APPLYING FOR MODIFICATION IN ORDER TO ACCESS FEES IN RELATION TO PROPERTY VALUATION. SOMETHING I OPPOSED.

IN ENCLOSED EVIDENCE YOU MAY FIND THAT OCWEN RESORTED ALONG WITH IT'S REPRESENTATIVE TO IGNORE CORRESPONDANCE SENT MANY TIMES BY ME.

WHEN PRESSED ON LIENS INSERTED INTO DOCUMENTS CAUSING PROPERTY TRANSFERANCE SERVICER WOULD PROCURE MORE PAYMENTS TO AS A REMEDY.

WHEN FEES WERE ASESSED FOR PAY-OFF DEMAND, I PROCEEDED TO HAVE THEM REMOVED AFTER A GREAT DEAL OF ARGUMENTS.



*YOU MAY NOTICE HOW SERVICER TRIED TO IMPOSE NUMEROUS UNDUE FEES DURING THE SERVICING OF THIS LOAN.   WHEN THIS WAS NOT EFFECTIVE SERVICERS TRIED SHORTGAGES CHARGES EVEN IF THEY WERE PAID, PER EVIDENCE SHOWN.*

*SERVICER HAS NOT ADDRESSED LIEN INSERTED IN DOCUMENTS WHICH IS ALSO A KEY COMPONENT IN RESOLVING ON MAIN ISSUE ON LOAN.*

## *I REQUIRE OCWEN REMEDY LIENS INSERTED ON LOAN ISSUE INMMEDIATELY.*

*IN ALL SERVICER MAY NOT CALL THESE BREACHES, BUT THAT WHAT HAPPENS WHEN TERMS ON A CONTRACT ARE VIOLATED, TO IMPOSE ANY RULE AS IT GOES.*

*CHANGING THE RULES IN THE MIDDLE OF THE GAME IS WHAT SERVICER HAVE BEEN FOUND TO HAVE DONE IN CONSENT ORDER AGAINST OCWEN.*

*IN ALL I HAVE SHOWN THE FOLLOWING:*

*A) THERE WAS NO CURE TO MISAPPLIED PAYMENTS*
*B) THERE WAS NO REMEDY FOR DEMAN PAY-OFF*
*C) THERE WAS NO REMEDY FOR DEMANDING FEES TO INSERT LIENS IN DOCUMENTS.*
*D) SERVICERS ASSURED WELL'S FARGO WAS THE INVESTOR IN LOAN. EVIDENCED DOCUMENTS SHOW THIS NO TO BE TRUE, PER WELL'S FARGO ENCLOSED LETTER.*

*SINCE OCWEN AS WELL AS PREVIOUS SERVICER CAUSED INCONSISTANCY IN DOCUMENTS I DEMAND GOVERNING CLAUSE BE IMPOSED & AGAIN TO HAVE LOAN REFFERED TO CONSENT ORDER TO REMEDY ALL ISSUES.*

*AS PREVIOUSLY ASSERTED BY SERVICERS THESE WERE ADMITTED ERROR AS IN RESPONSE TO CFPB CASE# 120302-000561. (SEE)*

*WHETHER THIS WERE MISTAKES OR ERRORS MADE BY SERVICERS CONSENT ORDER CRITERIA SHOULD BE APPLIED AS DELIGNIATED IN ERROR TABLE OF CONTENT IN THOSE DOCUMENTS.*

*ALL ADDITONAL MATERIAL WILL BE MADE AVAILABLE UPON RESPONSE TO LIEN INSERTED MATTER FROM OCWEN LOAN SERVICING.*
*JULIO PICHARDO*

Ocwen Loan Servicing LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

11/12/2013

Rocio Pichardo
Julio Pichardo
1201 East Sudene Avenue
Fullerton, CA 928314711

| | |
|---|---|
| Loan Number: | 359019299 |
| Property Address: | 1201 East Sudene Avenue, Fullerton, CA 928314711 |

# MORTGAGE ASSISTANCE RESOURCES
## Your Relationship Manager is assigned and ready to help

Dear Borrower(s),

We are pleased to assist you in identifying solutions for your mortgage. No matter what your situation, we are committed to working with you. **We have also assigned a dedicated mortgage assistance expert to help you, your personal Relationship Manager, Guruprasad S.** Guruprasad S will carefully review your situation and application materials, make sure your information is complete, and work with you to identify the best options.

**1. Schedule time with your Relationship Manager**
Schedule a dedicated phone appointment at your convenience – schedule, re-schedule, or cancel your phone appointment online or by phone:

- Go online – www.ocwencustomers.com. Log into your account and click '*Talk to Your Relationship Manager*'.
- Call us toll-free – **(800) 74-Ocwen / (800) 746-2936**. We're available Monday through Friday 8 am to 9 pm, Saturday 8 am to 5 pm and Sunday 9 am to 9 pm ET.

**2. Send us your Application materials**
Please continue to email any application documents and/or attachments to your Relationship Manager at mod@ocwen.com

- Be sure to put your name and loan number on all documents and communications.
- Your Relationship Manager can receive your emailed documents, but underline cannot reply to you by email. Please give us a call to ask questions or schedule an appointment at (800) 746-2936.

For fastest processing, email or fax documents to:

**Email** mod@ocwen.com

**Fax** (407) 737-5919

Or mail documents to:

Ocwen Loan Servicing, LLC. Attn: Home Retention Department
1661 Worthington Road, Suite 100
West Palm Beach, FL 33409

RMLETTER – VER – 07/30/2013

NMLS # 1852
This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is not intended as and does not constitute an attempt to collect a debt.

**OCWEN**

04/29/14

Ocwen Loan Servicing, LLC
WWW.OCWEN.COM
*Helping Homeowners is What We Do!™*

1661 Worthington Road, Ste 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

Loan Number: 359019299

# IMPORTANT NOTICE TO BORROWERS

Be advised that by signing this document you understand that any documents and information you submit to your servicer in connection with the Making Home Affordable Program are under penalty of perjury. Any misstatement of material fact made in the completion of these documents including but not limited to misstatement regarding your occupancy of your property, hardship circumstances, and/or income, expenses, or assets will subject you to potential criminal investigation and prosecution for the following crimes: perjury, false statements, mail fraud, and wire fraud. The information contained in these documents is subject to examination and verification. Any potential misrepresentation will be referred to the appropriate law enforcement authority for investigation and prosecution. By signing this document you certify, represent and agree that: "Under penalty of perjury, all documents and information I have provided to my Servicer in connection with the Making Home Affordable Program, including the documents and information regarding my eligibility for the program, are true and correct.

If you are aware of fraud, waste, abuse, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program, please contact the SIGTARP Hotline by calling 1-877-SIG-2009 (toll-free), 202-622-4559 (fax), or www.sigtarp.gov and provide them with your name, our name as your servicer, your property address, loan number and the reason for escalation. Mail can be sent to Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L St NW, Washington, DC 20220

Making Home Affordable Program
Request For Mortgage Assistance (RMA)

**MAKING HOME AFFORDABLE.gov**

IMPORTANT. When you sign and date this form, you will make important certifications, representations and agreements, including certifying that all of the information in this RMA is accurate and truthful.

| SECTION 1 | STATEMENT OF INTENTION |
| --- | --- |

I want to:  ☐ KEEP the property   ☐ GIVE BACK the property   ☐ SELL the property   ☐ UNSURE/No Preference (Review all my options)

| SECTION 2 | BORROWER INFORMATION FORM |
| --- | --- |

| Borrower(s) Name | Rocio Pichardo | Julio Pichardo | |
| --- | --- | --- | --- |
| Social Security Number | - - | - - | - - |
| Home Phone Number | ( ) - | ( ) - | ( ) - |
| Cell or Work Number | ( ) - | ( ) - | ( ) - |
| Email Address | | | |

Property Address:  **1201 East Sudene Avenue**
**Fullerton, CA 928314711**

NMLS # 1852

HMPRM

*This communication is from a debt collector attempting to collect a debt; any information obtained will be used for that purpose. However, if the debt is in active bankruptcy or has been discharged through bankruptcy, this communication is purely provided to you for informational purposes only with regard to our secured lien on the above referenced property. It is not intended as an attempt to collect a debt from you personally.*

**Ocwen Loan Servicing**®
*Helping Homeowners is What We Do!*™
www.ocwen.com

1661 Worthington Road, Ste. 100
West Palm Beach, FL 33409
Toll Free: (800) 746-2936

5/19/2014

Loan Number 359019299

Rocio Pichardo
Julio Pichardo
1201 East Sudene Avenue
Fullerton CA 928314711

Loan Number: 359019299
Property Address: 1201 East Sudene Avenue
Fullerton CA 928314711

# REQUEST FOR MORTGAGE ASSISTANCE (RMA) / HARDSHIP AFFIDAVIT

*Dear Borrower,*

If you are facing financial difficulties, you are not alone. We are here to help you. Since 2010, we've found solutions for more than 100,000 Americans struggling to make mortgage payments.

No matter what your situation, you may have options. We offer multiple solutions to help you through difficult times, including, but not limited to, the Home Affordable Modification Program (HAMP) and Home Affordable Foreclosure Alternative Program (HAFA). We also offer our own modification options and foreclosure alternatives. Please note, the options available to you may vary due to the requirements of the owner of your loan.

The table below outlines the variety of solutions available. We encourage you to complete and return the enclosed Request for Mortgage Assistance (RMA) / Hardship Affidavit application.

**The sooner you apply, the sooner we can help.**

65

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OCWEN Loan Servicing
Real Estate
PO Box 79135
Phoenix
Diek Fina

2. Article Number

7012 3460 0001 3998 1990

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

A. Signature

X _____

B. Received by (Printed Name)  STEVE J. DEG

☐ Agent
☐ Addressee

C. Date of Delivery  MAY 20 2013

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☐ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

OCWEN Loan Servicing
3451 Hammond Ave
PO Box 780 Waterloo
continues Ocwen

2. Article Number
(Transfer from service label)

7013 1090 0001 7323 4144

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-1540

A. Signature

X  **Greg Caya**

☐ Agent
☐ Addressee

B. Received by (Printed Name)    C. Date of Delivery

D. Is delivery address different from Item 1?  ☐ Yes
   If YES, enter delivery address below:  ☐ No

3. Service Type
   ☑ Certified Mail    ☐ Express Mail
   ☐ Registered    ☐ Return Receipt for Merchandise
   ☐ Insured Mail    ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)    ☐ Yes

**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

7012 1010 0001 8451 8764

OFFICIAL USE

SACRAMENTO CA 958__

| | | |
|---|---|---|
| Postage | $ | $0.45 | 0350 |
| Certified Fee | | $2.95 | |
| Return Receipt Fee (Endorsement Required) | | $0.00 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $3.40 | 08/07/2012 |

FULLERTON CA 92834
Postmark Here

Sent To: M C/ BECKY DeGEORGE
Street, Apt. No; or PO Box No: 710 N. GATEWAY OAKS STE 150
City, State, ZIP+4: SACRAMENTO CA 95833

---

U.S. Postal Service Delivery Confirmation Receipt
Postage and Delivery Confirmation fees must be paid before mailing.

0312 1430 0001 1478 4478

BEVESON + WEBON
19100 Von Karman Ste 700  5/5  700
IRVINE CA 92612
See inst boxes & ocs

Postmark Here
TERM POST OFFICE NOV 30 2012 FULLERTON CA 92838

**POSTAL CUSTOMER:**
Keep this receipt. For inquiries: Access internet web site at www.usps.com or call 1-800-222-1811.

CHECK ONE (POSTAL USE ONLY):
[X] Priority Mail Service
[ ] First-Class Mail parcel
[ ] Package Services parcel

---

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.46 | 0350 .03 |
| Certified Fee | | $3.10 | |
| Return Receipt Fee (Endorsement Required) | | $0.00 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | | 07/17/2013 |

2013  Postmark Here

Sent To: BEVESON + WEBON
Street, Apt. No; or PO Box No: 19100 VON KARMAN STE 700
City, State, ZIP+4: IRVINE CA 92612

---

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

7011 1150 0001 1966 6741

PHOENIX...
OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.00 | |
| Certified Fee | | $0.00 | |
| Return Receipt Fee (Endorsement Required) | | $0.00 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $3.56 | 07/17/2013 |

Postmark Here

Sent To: OCWEN LOAN SERVICING
Street, Apt. No; or PO Box No: PO BOX 79135
City, State, ZIP+4: PHOENIX AZ 85062-9135

---

Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

MONTERAL CA 50700

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.66 | 0350 |
| Certified Fee | | $3.10 | |
| Return Receipt Fee (Endorsement Required) | | $2.5_ | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $6.31 | 07/30/2013 |

Postmark Here

Sent To: OWEN LOAN SOLUTION G
Street, Apt. No; or PO Box No: 751 HAMMOND AVE
City, State, ZIP+4: WATERLOO IA 50704-0780

---

U.S. Postal Service
**CERTIFIED MAIL RECEIPT**
(Domestic Mail Only; No Insurance Coverage Provided)
For delivery information visit our website at www.usps.com

7013 1090 0001 7323 6229

IRVINE CA...
OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | $0.66 | 0350 .16 |
| Certified Fee | | $3.10 | |
| Return Receipt Fee (Endorsement Required) | | $0.00 | |
| Restricted Delivery Fee (Endorsement Required) | | $0.00 | |
| Total Postage & Fees | $ | $3.76 | 07/30/2013 |

Postmark Here

Sent To: BEVESON + WEBON
Street, Apt. No; or PO Box No: 19 VON KARMAN AVE STE 700
City, State, ZIP+4: IRVINE CA 92612








1  THOMAS W. GILLEN (SBN 152569)
   1440 N. Harbor Blvd., Suite 811
2  Fullerton, CA  92835
   Phone: (714) 449-3387   Fax: (714) 879-0938
3
   Attorney for JULIO PICHARDO
4

5

6              SUPERIOR COURT OF CALIFORNIA -- COUNTY OF ORANGE
7
               CENTRAL JUSTICE CENTER -- UNLIMITED
8

9

10 JULIO PICHARDO, an Individual; and      )   CASE NO.   30-2012-00581642 -- CU CL CJC
                                           )
11                         Plaintiff,      )   Assigned to Hon. Robert Moss
                                           )              Dept. C23
12     v.                                  )
                                           )
13                                         )
   OCWEN LOAN SERVICING, LLC AS            )   PLAINTIFF'S SUPPLEMENTAL
14 DOE 1, Does 2-10 Inclusive              )   RESPONSE TO FORM INTERROGATORIES
                                           )
15                         Defendants      )
                                           )
16 _____)

17

18     PROPOUNDING PARTY:    OCWEN LOAN SERVICING, LLC

19     RESPONDING PARTY:     JULIO PICHARDO

20

21     Responding Party herewith supplements his response to the following Form

22 Interrogatories:

23 F.I. 9.1(a)        To finance the purchase of the real property located at 1201 East Sudene

24                    Avenue, Fullerton, his family funded the purchase with four loans:

25                        Sister Angles Morales        $ 24,000

26                        Sister Rocio Pichardo        $ 24,000

27                        Sisters Angles and Rocio     $ 24,000

28

There is due on these four loans approximately $ 253,000.

At all times during the negotiations of the Fixed Rate Loan Modification

Agreement dated August 2009, the personnel at GMAC had actual and

constructive notice of these loans and the accrued interest and related charges.

And to protect the primacy of these loans, the August agreement included

protective language in the 2nd paragraph in the preamble and paragraph 1 (both

on page 1) and paragraph 7 (page 2).

Further, the August agreement is based on a loan of $199,000, reduced

principal of $63,270 at 1% interest.

The personnel at GMAC created a new document in December, 2009, which

reverses and deletes many of the favorable provisions of the August agreement,

i.e. the principal reduction is only to $170,000 with $ 50,000 at 1% and

$120,000 without interest, and attempts to reduce the family loans to second

priority, although the family creditors have refused to consent to this change.

GMAC has never executed the December document.  Plaintiff has made all

payments in accordance with the terms of the August agreement, and the

payments have been accepted by GMAC without objection.

F.I. 9.1(b) & (c):  Date damages were incurred will be the date established by the judge or jury

when and if a verdict is issued sustaining the validity of the December

document; if the verdict sustained the validity of the August agreement,

damages for defendants bad faith conduct including severe emotional distress,

hospital and medical expenses and related tort damages to depend upon proof

at time of trial, from the date defendant OCWEN entered into the picture to

date of trial, plus attorney fees and costs.

F.I. 9.1(d):    The family members can only be contacted through plaintiff's counsel.  The

names of all family members are disclosed in the document being produced in

the related production of documents, or their participation in the financing of

the purchase, as well as in the recital in paragraph 9.1(a).

F.I. 12.1:    To this responding party's knowledge, there has been no such described

investigation.

F.I. 12.2:    To this responding party's knowledge, there has been no such surveillance

conducted.

F.I. 50.1:    (a) The two documents are in everyone's possession.

(b) None.

(c) None.

(d) None.

(e) None.

(f) None.

F.I. 50.2:    The breach of the August agreement is the attempted December agreement.

F.I. 50.3:    Not application to this lawsuit.

F.I. 50.4:    No.

F.I. 50.5:    The December agreement.

Date: _Nov 4, 2014_

THOMAS W. GILLEN
Attorney for Plaintiff

## VERIFICATION

I am a party to this action, and I have read the foregoing PLAINTIFF'S

SUPPLEMENTAL RESPONSE TO FORM INTERROGATORIES and know its contents.

The matters stated in the PLAINTIFF'S SUPPLEMENTAL RESPONSE TO FORM

INTERROGATORIES are true based on my own knowledge, except as to those matters

stated on information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed on _Nov 1, 2014_____, at _Fullerton_____,

California.

_Julio Pichardo_____

JULIO PICHARDO

PROOF OF SERVICE
(Section 1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA    )

COUNTY OF ORANGE      )

I am employed in the county of Orange, State of California. I am over the age 18 and not a party to the within action. My business address is 1440 N. Harbor Blvd., Suite 811, Fullerton, CA 92835.

On _*Nov 4, -*_____, 2014___, I served the foregoing document(s) described as PLAINTIFF'S SUPPLEMENTAL RESPONSE TO FORM INTERROGATORIES  on interested parties in this action.

> Yaron Shaham
> Severson & Werson
> 19100 Von Karmen Avenue #700
> Irvine, CA 92612

### BY MAIL OR PERSONAL SERVICE

_____For additional interested parties, see attached.

_____by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

_____(BY OVERNIGHT EXPRESS MAIL) I deposited such envelope with postage thereon fully prepaid in the United States mail at facility regularly maintained by the United States Postal Service at Fullerton, CA.

__X__(BY MAIL) I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with U.S. Postal service on that same day in the ordinary course of business with postage thereon fully prepaid. I am aware that on motion of party service, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____BY PERSONAL SERVICE. By causing to be personally delivered copies to the person served.

_____BY PERSONAL SERVICE. Messenger Service delivered such envelope by hand to the office of the addressee.

### DECLARATION OF SERVICE BY FACSIMILE

_____BY FACSIMILE. I transmitted from a facsimile transmission machine whose telephone number is 714/879-0938 the documents described above and an unsigned copy of this Declaration to the person(s) listed above.

Executed on _____*Nov 4*_____, 2014___, at Fullerton, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_*KEN HAGEN*_____          _*Ken Hagen*_____
Type or Print Name                                  (Signature)

THOMAS W. GILLEN (SBN 152569)
1440 N. Harbor Blvd., Suite 811
Fullerton, CA  92835
Phone: (714) 449-3387  Fax: (714) 879-0938

Attorney for JULIO PICHARDO

SUPERIOR COURT OF CALIFORNIA – COUNTY OF ORANGE

CENTRAL JUSTICE CENTER – UNLIMITED

| | | |
|---|---|---|
| JULIO PICHARDO, an Individual; and | ) | CASE NO.   30-2012-00581642 – CU CL CJC |
| Plaintiff, | ) | Assigned to Hon. Robert Moss |
| | ) | Dept. C23 |
| v. | ) | |
| OCWEN LOAN SERVICING, LLC AS | ) | PLAINTIFF'S RESPONSES TO |
| DOE 1, Does 2-10 Inclusive | ) | DEFENDANTS SPECIAL INTERROGATORIES |
| Defendants | ) | |

PROPOUNDING PARTY:   OCWEN LOAN SERVICING, LLC

RESPONDING PARTY:    JULIO PICHARDO

SET NO.:                          1

**PRELIMINARY STATEMENT**

The following responses are made by Plaintiff and Responding Party on information currently available and based upon a diligent search and a reasonable inquiry.  These responses are made without prejudice to any rights, including the right at any time to revise, correct, add to, or clarify any of the responses set forth herein, and notwithstanding this, Responding Party undertakes no obligation to amend any response(s).

## STATEMENT OF FACTS

Plaintiff purchased the Sudene home in 1991 for $167,000. $24,000 of the purchase price was financed by the sellers which, in November 2004, they sold to Plaintiffs sister for $24,000. That obligation (deed of trust) was first recorded in 1992 by sellers, and in 2004 by Luz Santana and Angela Morales. Both trust deeds were recorded. Pertinent documents are 3, 4, 5, 9, 25, 31-35, 50-53, 55, 69, 70.

The escrow costs and disbursements were financed by a $24,000 loan from Luz Santana. Pertinent documents are in the previously made production, see Exhibits 5, 9, 25, 31-35, 50-53, 55, 69, 70.

Subsequently, Angeles Morales loaned her brother $24,000 in 1995. That loan was evidenced by a deed of trust. Pertinent documents were in the previously made production. Pertinent documents are 3, 4, 5, 9, 25, 31-35, 51-53, 55, 69, 70.

The last $24,000 loan was made in 1995 by plaintiffs daughter Rebecca Pichardo. Pertinent documents were in the previously made production and are 3, 4, 5, 9, 25, 31-35, 50-53, 55, 69, 70. The deed of trust was recorded in 2005.

The four loans, in their face amount, and the amount of accrued interest and costs, now approximate over twice their face amount are hereinafter referred to as the Family Loans.

When GMAC issued its loan in 2004, its local and its out of state loan processing department had actual notice of the Family Loans and that the Family Loans had primacy over the GMAC loan. Similarly, when GMAC made the August 2009 Fixed Rate Loan Modification Agreement (official date is September 1, 2009) all local personnel of GMAC, and those in the out of state loan modification department, had actual notice of the primacy of the Family Loans. And that primacy is evidenced by the text of said Modification: See 3rd paragraph "..and to extend and carry forward the liens on the property." See also paragraph 7 "In the event of any inconsistency between this agreement and the terms of the Note and Security Agreement, this Agreement shall govern."

The Modification also reduced plaintiffs monthly mortgage payment to $622.53 and also

provided a $120,000 principal forgiveness, reducing principal to $63,276.87.

The Modification agreement is the only document signed by both Lender and Borrower, and is the only document to which both Lender and Borrower consented to.

**Special No. 1.** Plaintiff incorporates the preceding Statement of Facts. Plaintiff further contends that when defendant purchased the loan obligation from GMAC, it was bound by the terms of the only properly executed and consented to agreement, i.e. the August Modification of plaintiff's loan. That defendant in bad faith refused to service the loan per the August Modification, insisted in bad faith to service the loan per an unexecuted December document, in bad faith, misapplying plaintiff's timely monthly payments, in bad faith demanding the loan be paid in full, in bad faith mentioning the option of foreclosure, and in bad faith assessing improper penalties, all of which were acts in violation of the express terms of the August Modification, and proximately damaged plaintiff's relations with his family, emotional distress, physical damage and hospitalization in amounts not yet determined.

**Special No. 2.** Refer to documents already provided, including without limitation, those in tab numbers 41, 42, 45, 50-53, 55, 69 and 70. See also documents in plaintiff's "Supplement No. 1 to Production of Documents."

**Special No. 3.** Plaintiff, the two sisters, and daughter, described in the Statement of Facts, and the medical doctor, Azzam Aguirre. All requested contacts to these person are to be made through plaintiff's legal counsel.

**Special No. 4.** Plaintiff incorporates herein, his response to Special No. 1.

**Special No. 5.** Plaintiff incorporates herein, his response to Special No. 1.

**Special No. 6.** Plaintiff incorporates herein, his response to Special No. 2.

**Special No. 7.** Plaintiff incorporates herein, his response to Special No. 3.

**Special No. 8.** Plaintiff incorporates herein, his response to Special No. 1. See also letter from Loan Service Department dated April 12, 2013.

**Special No. 9.** Plaintiff incorporates herein, his response to Special No. 3.

**Special No. 10.** Plaintiff incorporates herein, his response to Special No. 4.

**Special No. 11.**  To enjoin any servicing of the loan that is not in conformance with the August Modification to including the private right to initiate foreclosure except for a default related to the August Modification.  Plaintiff also incorporates his response to Special No. 1.

**Special No. 12.**  Plaintiff incorporates herein, his response to Special No. 2.

**Special No. 13.**  Plaintiff incorporates herein, his response to Special No. 3.

**Special No. 14.**  Plaintiff incorporates herein, his response to Special No. 1.

**Special No. 15.**  Plaintiff incorporates herein, his response to Special No. 2.

**Special No. 16.**  Plaintiff incorporates herein, his response to Special No. 3.

**Special No. 17.**  Plaintiff incorporates herein, his response to Special No. 1.  In addition, should defendant fail to comply with the servicing requirements of the Homeowners' Bill of Rights, and should the legislation permit equitable relief, then to seek equitable relief from the court.  For example, if in the future, defendant were to file, as threatened, a Notice of Default, when there was no default as to the August Modification, equitable relief is permitted per the HBOR.

**Special No. 18.**  Plaintiff incorporates herein, his response to Special No. 2.

**Special No. 19.**  Plaintiff incorporates herein, his response to Special No. 3.

Date: _Nov 4, 2014_

_____
THOMAS W. GILLEN
Attorney for Plaintiff

1

2

## VERIFICATION

3      I am a party to this action, and I have read the foregoing PLAINTIFF'S RESPONSES

4   TO DEFENDANTS SPECIAL INTERROGATORIES and know its contents.  The matters

5   stated in the PLAINTIFF'S RESPONSES TO DEFENDANTS SPECIAL

6   INTERROGATORIES are true based on my own knowledge, except as to those matters

7   stated on information and belief, and as to those matters I believe them to be true.

8      I declare under penalty of perjury under the laws of the State of California that the

9   foregoing is true and correct.

10      Executed on ___Nov 4, 2014___ , at ___Fullerton___ ,

11   California.

12

13                                        _____
                                          JULIO PICHARDO
14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PROOF OF SERVICE
(Section 1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA    )

COUNTY OF ORANGE    )

I am employed in the county of Orange, State of California. I am over the age 18 and not a party to the within action. My business address is 1440 N. Harbor Blvd., Suite 811, Fullerton, CA  92835.

On _____*Nov 4 2014*_____, 2014    , I served the foregoing document(s) described as PLAINTIFF'S RESPONSES TO DEFENDANTS SPECIAL INTERROGATORIES  on interested parties in this action.

Yaron Shaham
Severson & Werson
19100 Von Karmen Avenue #700
Irvine, CA  92612

## BY MAIL OR PERSONAL SERVICE

_____For additional interested parties, see attached.

_____by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

_____(BY OVERNIGHT EXPRESS MAIL) I deposited such envelope with postage thereon fully prepaid in the United States mail at facility regularly maintained by the United States Postal Service at Fullerton, CA.

__X__(BY MAIL) I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with U.S. Postal service on that same day in the ordinary course of business with postage thereon fully prepaid. I am aware that on motion of party service, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____BY PERSONAL SERVICE. By causing to be personally delivered copies to the person served.

_____BY PERSONAL SERVICE. Messenger Service delivered  such envelope by hand to the office of the addressee.

## DECLARATION OF SERVICE BY FACSIMILE

_____BY FACSIMILE. I transmitted from a facsimile transmission machine whose telephone number is 714/879-0938 the documents described above and an unsigned copy of this Declaration to the person(s) listed above.

Executed on _____*Nov 4*_____, 2014    , at Fullerton, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

*KEN HAGEN*
Type or Print Name

*(Signature)*

THOMAS W. GILLEN (SBN 152569)
1440 N. Harbor Blvd., Suite 811
Fullerton, CA 92835
Phone: (714) 449-3387  Fax: (714) 879-0938

Attorney for JULIO PICHARDO

SUPERIOR COURT OF CALIFORNIA – COUNTY OF ORANGE

CENTRAL JUSTICE CENTER – UNLIMITED

| | |
|---|---|
| JULIO PICHARDO, an Individual; and | CASE NO.   30-2012-00581642 – CU CL CJC |
| Plaintiff, | Assigned to Hon. Robert Moss<br>Dept. C23 |
| v. | |
| OCWEN LOAN SERVICING, LLC AS DOE 1, Does 2-10 Inclusive | PLAINTIFF'S RESPONSE TO FORM INTERROGATORY NO. 17 RE DENIED ADMISSIONS |
| Defendants | |

PROPOUNDING PARTY:    OCWEN LOAN SERVICING, LLC

RESPONDING PARTY:    JULIO PICHARDO

SET NO.:                        1

### PRELIMINARY STATEMENT

The following responses are made by Plaintiff and Responding Party on information currently available and based upon a diligent search and a reasonable inquiry.  These responses are made without prejudice to any rights, including the right at any time to revise, correct, add to, or clarify any of the responses set forth herein, and notwithstanding this, Responding Party undertakes no obligation to amend any response(s).

REQUEST FOR ADMISSION NO. 1:

The denial is based upon (1) the facts alleged in the First Cause of Action in the SAC; (2) Defendant's demurrer; and (3) the court's ruling on the demurrer as set forth in the court's tentative ruling, a copy of which is in requestor's possession. The denial is also based on the documents already provided to Propounding Party per a request to produce including, without limitation, the documents at Index Tabs 40, 44, 47 and 48.

REQUEST FOR ADMISSION NO. 2:

The denial is based upon (1) the facts alleged in the Second Cause of Action in the SAC; (2) Defendant's demurrer; and (3) the court's ruling on the demurrer as set forth in the court's tentative ruling, a copy of which is in requestor's possession. The denial is also based on the documents already provided to Propounding Party per a request to produce including, without limitation, the documents at Index Tabs 44, 48, 49, 50, 51 and 57.

REQUEST FOR ADMISSION NO. 3:

The denial is based upon (1) the facts alleged in the Fourth Cause of Action in the SAC; (2) Defendant's demurrer; and (3) the court's ruling on the demurrer as set forth in the court's tentative ruling, a copy of which is in requestor's possession. The denial is also based on the documents already provided to Propounding Party per a request to produce including, without limitation, the documents at Index Tabs 50, 69 and 70.

REQUEST FOR ADMISSION NO. 4:

The denial is based upon the continuing threats by the personnel of Defendant Ocwen (Troas Talbert and others) that the terms of the document dated August 8, 2009 (described in paragraph 8 of the SAC) would be enforced by a demand that the full amount of unpaid principal be immediately paid by Plaintiff and that said demand would be enforced by initiating a foreclosure proceeding. The denial is

also based on the documents already provided to Propounding Party per a request to

produce including, without limitation, the documents at Index Tabs 44, 48, 49, 50,

51 and 57.

REQUEST FOR ADMISSION NO. 5:

The denial is based on Ocwen's acquisition of the GMAC loan to Plaintiff,

whereby all rights and obligations memorialized by the August 8, 2009 document

and any part of the November 10, 2009 document which may be found by this court

to be a part of the Pichardo-GMAC transaction, became the rights and obligations

of Ocwen.

REQUEST FOR ADMISSION NO. 6:

The denial is based upon (1) the facts alleged in the Third Cause of Action in

the SAC; (2) Defendant's demurrer; and (3) the court's ruling on the demurrer as

set forth in the court's tentative ruling, a copy of which is in requestor's possession.

The denial is also based on the documents already provided to Propounding Party

per a request to produce.

The denial is also based upon the fact that Ocwen is not only the owner of the

loan, but the loan servicer (as that term is defined in Civil Code Section 2920.3) and

has obligations and duties as enumerated in the Civil Code at 2920 et seq. and as

alleged in the SAC including, without limitation, paragraphs 32 through 37 (c).

REQUEST FOR ADMISSION NO. 7, NO. 8, NO. 9:

Admitted.

REQUEST FOR ADMISSION NO. 10:

The denial is based upon the facts alleged in paragraph 9 of the SAC. The

denial is also based on the documents already provided to Propounding Party as per

its request to produce including, without limitation, the document in Index Tab 15.

REQUEST FOR ADMISSION NO. 11:

The denial is based on Ocwen's acquisition of the GMAC loan to Plaintiff, whereby all rights and obligations memorialized by the August 8, 2009 document and any part of the November 10, 2009 document which may be found by this court to be a part of the Pichardo-GMAC transaction, became the rights and obligations of Ocwen.

REQUEST FOR ADMISSION NO. 12:

This denial is based upon the fact that Plaintiff at all times, verbalized that he did not "accept" the November 12, 2009 document as an agreement between the parties and contends that any action on his part, in any way, manifested an "acceptance" is invalid per Civil Code §§ 1565-1570.

REQUEST FOR ADMISSION NO. 13:

The denial is based upon the fact that neither GMAC nor Ocwen sent to Plaintiff a fully executed copy of the November 19 document and it is presumed from this fact that if either entity had a fully executed copy, that copy would have been provided to Plaintiff.

Further, the May 19 letter attached hereto, in its penultimate paragraphs, contains language with infers that there is no GMAC signed copy of the November 19 document.

REQUEST FOR ADMISSION NO. 14:

The denial is based upon the fact that the November 29, 2009 document does not mention the August 8, 2009 agreement. Nor does it contain any language indicating it amends or replaces or supersedes or modifies any or all terms of the August 8, 2009 agreement.

Date: _Nov 4, 2014_          _signature_

THOMAS W. GILLEN
Attorney for Plaintiff

1

2

## VERIFICATION

3

I am a party to this action, and I have read the foregoing PLAINTIFF'S RESPONSE

4

TO FORM INTERROGATORY NO. 17 RE DENIED ADMISSIONS and know its contents.

5

The matters stated in the PLAINTIFF'S RESPONSE TO FORM INTERROGATORY NO.

6

17 RE DENIED ADMISSIONS are true based on my own knowledge, except as to those

7

matters stated on information and belief, and as to those matters I believe them to be true.

8

I declare under penalty of perjury under the laws of the State of California that the

9

foregoing is true and correct.

10

Executed on _Nov 1, 2014_____, at _Fullerton_____,

11

California.

12

13

_Julio Pichardo_____

JULIO PICHARDO

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S RESPONSE TO FORM INTERROGATORY NO. 17 RE DENIED ADMISSIONS

5

PROOF OF SERVICE
(Section 1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA    )

COUNTY OF ORANGE    )

I am employed in the county of Orange, State of California. I am over the age 18 and not a party to the within action. My business address is 1440 N. Harbor Blvd., Suite 811, Fullerton, CA 92835.

On _Nov 4_____, 2014____, I served the foregoing document(s) described as PLAINTIFF'S RESPONSE TO FORM INTERROGATORY NO. 17 RE DENIED ADMISSIONS__ on interested parties in this action.

Yaron Shaham
Severson & Werson
19100 Von Karmen Avenue #700
Irvine, CA 92612

## BY MAIL OR PERSONAL SERVICE

_____For additional interested parties, see attached.

_____by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

_____(BY OVERNIGHT EXPRESS MAIL) I deposited such envelope with postage thereon fully prepaid in the United States mail at facility regularly maintained by the United States Postal Service at Fullerton, CA.

__X__(BY MAIL) I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with U.S. Postal service on that same day in the ordinary course of business with postage thereon fully prepaid. I am aware that on motion of party service, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____BY PERSONAL SERVICE. By causing to be personally delivered copies to the person served.

_____BY PERSONAL SERVICE. Messenger Service delivered such envelope by hand to the office of the addressee.

## DECLARATION OF SERVICE BY FACSIMILE

_____BY FACSIMILE. I transmitted from a facsimile transmission machine whose telephone number is 714/879-0938 the documents described above and an unsigned copy of this Declaration to the person(s) listed above.

Executed on _Nov 4_____, 2014____, at Fullerton, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_KEN HAGEN_____          _Ken Hagen_____
Type or Print Name                                  (Signature)

THOMAS W. GILLEN (SBN 152569)
1440 N. Harbor Blvd., Suite 811
Fullerton, CA 92835
Phone: (714) 449-3387  Fax: (714) 879-0938

Attorney for JULIO PICHARDO

## SUPERIOR COURT OF CALIFORNIA – COUNTY OF ORANGE

## CENTRAL JUSTICE CENTER – UNLIMITED

| | |
|---|---|
| JULIO PICHARDO, an Individual; and | CASE NO.  30-2012-00581642 – CU CL CJC |
| Plaintiff, | Assigned to Hon. Robert Moss |
| v. | Dept. C23 |
| OCWEN LOAN SERVICING, LLC AS DOE 1, Does 2-10 Inclusive | PLAINTIFF'S SUPPLEMENTAL NO. 1 TO PRODUCTION OF DOCUMENTS |
| Defendants | |

PROPOUNDING PARTY:    OCWEN LOAN SERVICING, LLC

RESPONDING PARTY:    JULIO PICHARDO

SET NO.:    1

Responding Party herewith supplements his responses to the following Requests No. 13 and 14, with documents numbered S.1 - S.14, and documents M-1 – M-10.

Date: _Nov 4, 2014_

_[signature]_
THOMAS W. GILLEN
Attorney for Plaintiff

1

2

## VERIFICATION

I am a party to this action, and I have read the foregoing PLAINTIFF'S

SUPPLEMENTAL NO. 1 TO PRODUCTION OF DOCUMENTS and know its contents.

The matters stated in the PLAINTIFF'S SUPPLEMENTAL NO. 1 TO PRODUCTION OF

DOCUMENTS are true based on my own knowledge, except as to those matters stated on

information and belief, and as to those matters I believe them to be true.

I declare under penalty of perjury under the laws of the State of California that the

foregoing is true and correct.

Executed on _Nov 4, 2014_____, at _Fullerton_____,

California.

_Julio Pichardo_
JULIO PICHARDO

PROOF OF SERVICE
(Section 1013a, 2015.5 C.C.P.)

STATE OF CALIFORNIA   )

COUNTY OF ORANGE   )

I am employed in the county of Orange, State of California. I am over the age 18 and not a party to the within action. My business address is 1440 N. Harbor Blvd., Suite 811, Fullerton, CA 92835.

On ___Mar 4___, 2014___, I served the foregoing document(s) described as PLAINTIFF'S SUPPLEMENTAL NO. 1 TO PRODUCTION OF DOCUMENTS__ on interested parties in this action.

Yaron Shaham
Severson & Werson
19100 Von Karmen Avenue #700
Irvine, CA 92612

**BY MAIL OR PERSONAL SERVICE**

_____ For additional interested parties, see attached.

_____ by placing a true copy thereof enclosed in sealed envelopes addressed as follows:

_____ (BY OVERNIGHT EXPRESS MAIL) I deposited such envelope with postage thereon fully prepaid in the United States mail at facility regularly maintained by the United States Postal Service at Fullerton, CA.

__X__ (BY MAIL) I am "readily familiar" with this firm's practice of collection and processing correspondence for mailing. Under that practice, it is deposited with U.S. Postal service on that same day in the ordinary course of business with postage thereon fully prepaid. I am aware that on motion of party service, service is presumed invalid if postal cancellation or postage meter date is more than one day after date of deposit for mailing in affidavit.

_____ BY PERSONAL SERVICE. By causing to be personally delivered copies to the person served.

_____ BY PERSONAL SERVICE. Messenger Service delivered such envelope by hand to the office of the addressee.

**DECLARATION OF SERVICE BY FACSIMILE**

_____ BY FACSIMILE. I transmitted from a facsimile transmission machine whose telephone number is 714/879-0938 the documents described above and an unsigned copy of this Declaration to the person(s) listed above.

Executed on ___Mar 4___, 2014___, at Fullerton, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

_____KEN HAGEN_____          ___Ken Hagen_____
Type or Print Name                        (Signature)

*PATIENT: JULIO PICHARDO'S RELATED MEDICAL CONDITION*

*RE: CONDITION AND HOPITALIZATIONS OF HIS DEPRESSION, ANXHIETY, UNCONTROLABLE HIGH BLOOD PRESSURE.*

*HAS PATIENT BEEN UNDER YOUR CARE FOR THE ABOVE RELATED CONDITION? YES(✓) NO ( )*

*DOES PATIENT'S HISTORY RELATES TO MORTGAGE PROBLEMS YES (✓) NO ( ).*

*AS A RESULT IN YOUR OPINION, HAS PATIENT CONDITION WORSTENED YES (✓) NO ( ).*

*HAVE PATIENT BEEN PRESCRIBED MEDICATIONS TO TREAT CONDITION? YES (✓) NO ( ).*

*WAS PATIENT HOSPITALIZED & TREATED FOR ABOVE CONDITION? YES (✓) NO ( ).*

*IN 2009, WAS PATIENT HOSPITALIZED UNDER YOUR CARE? YES (✓) NO ( ).*

*IN 2009, WAS PATIENT ADMITTED TO HOSPITAL FOR ABOVE CONDITION YES (✓) NO ( ).*

*HOW MANY TIMES HAS PATIENT BEEN IN THE HOSPITAL ABOVE RELATED MATTER* 2  3-4 times

*WHAT HOSPITAL WAS PATIENT ADMITTED TO?* Anaheim Regional Hospital (formaly Anaheim Memorial).

*CAN YOU DESCRIBE JULIO PICHARDO'S ASSOCIATED CONDITION IN RELATION TO HIS MENTION OF MORTGAGE ISSUES?* it is causing him depression, anxiety and uncontrolled HTN

*WHAT IS YOUR ASSESTMENT OF JULIO PICHARDOS' PROGNOSIS?* persistent uncontrolled HTN

. but do not have hospital records here

*CAN YOU PROVIDE PATIENT'S MEDICAL HISTORY AND HOSPITALIZATIONS* YES (✓) NO ( ).

Sama Mrs no
**PRINT NAME**                          **MD. SIGNATURE**

M4

Personal Pharmacy: 199

| Physician: ☐ None | | | Ht: | cm / in |
| Phone: ☐ Do not remember | Phone: ☐ Do not remember | | Wt: | kg / lb |

Information was obtained from:
☐ Patient  ☑ Old Chart  ☐ Med Container

Patient was sent by Dr

Allergy: NKA

| Medications & Herbs Patient Is Taking (please PRINT clearly) | Dose | How Often | Route | Last Dose | | Source | Admit Medication | | Discharge Medication | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Date | Time | | Cont | Stop | Cont | Stop |
| ☐ No medication  ☐ Cannot obtain medication history, because | | | | | | | | | | |
| ASA | 160 | dose | po | | | | | | | |
| Diovan | 160 | Daily | po | | | | | | | |
| HCTZ | 25 | Daily | po | | | | | | | |
| Labetolol | 100 | BID | po | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| | | | | | | | | | | |
| 10 | | | | | | | | | | |
| 11 | | | | | | | | | | |
| 12 | | | | | | | | | | |
| 13 | | | | | | | | | | |
| 14 | | | | | | | | | | |

* Source Info:  1 - verbal from patient / family   3 - list from home   4 - med container   5 - medical record   6 - MAR   7 - other

Home meds were: ☑ Never brought to the hospital
☐ Sent home  ☐ Sent to Hospital Pharmacy

History taken by _____ RN

Page ____ of ____
Transcribed by _____  Date /Time
Noted by _____  Date /Time

**DISCHARGE PRESCRIPTION:** ( Page identifier at the bottom of this page in RED indicates original prescription).

**PRESCRIBERS:** All hospital medications are discontinued upon discharge. Please indicate in the columns above which home medications to resume or discontinue on discharge. Use the space below for NEW medications or NEW doses.

| | Medication | Dose | Frequency | Indication | Qty | Refill | RBTO |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | ☐ |
| 2 | | | | | | | ☐ |
| 3 | | | | | | | ☐ |
| 4 | | | | | | | ☐ |
| 5 | | | | | | | ☐ |

**OUT-PATIENT DISCHARGES**
☐ Consult with primary care physician to continue or stop home medications after discharge

☐ Fax a copy to my office

Name _____
MD Sign _____

Fax # _____
Phone # _____
License # _____
DEA # _____
Date /Time _____

## PATIENT MEDICATION RECONCILIATION FORM

80829412 RW-
RICHARDO JULIO   M  55   000555401   P/Y-E/1

MG

00820412 NR- T2311 000355401 P/T-O/P
PICKANDO JULIO    M   55
ASSAM RAMI
09/15/09   D/D 03/10/54

**A·H·M·C ✚ ANAHEIM**
*Regional Medical Center*

## PATIENT DISCHARGE INSTRUCTIONS
### Page 2 of 2

REASON FOR HOSPITAL STAY: _HIGH BLOOD PRESSURE ; abd. pain_    DISCHARGE DATE: _9/16/09_

**FOLLOW UP APPOINTMENTS:**

|   | DATE | PHYSICIAN/SPECIALTY | PHONE |
|---|------|---------------------|-------|
| 1 |      | Follow up with Primary care Physician | |
| 2 |      | in 2 weeks | |
| 3 |      | | |

**FOLLOW UP TESTS:**

Labs _____    Xrays _____

- All acute MI's will have a lipid profile drawn on follow up visit

**ACTIVITY INSTRUCTIONS:**    ☐ CABG: Follow Activity/Progress in "Heart Owners Manual"

☑ Resume your normal activity level.

- **FOR HEART FAILURE PATIENTS:** Talk to your physician before starting an exercise program. Perform everyday activities as your body allows. Plan for rest periods every day. It is helpful to put your feet up while resting. Stop activity if you have pain, shortness of breath, or feel dizzy.

☐ When you arrive home go to bed or relax on couch and take it easy.

☐ Avoid heavy lifting, exercise or excessive bending for 48 hours.

☐ Gradually increase activity to include walking and bending.

☐ Resume your normal activities after 72 hours.

☐ Other: _____

**DIET:**

☑ Regular (resume your normal diet)

☐ Heart Healthy Diet: 2 grams (2000 mg) sodium, 300 mg cholesterol, low fat (less than 30% of total calories), high fiber (as tolerated)

Diabetic: _____

Special: _____

☐ Restrict Fluids to: _____ milliliters (ml), in 24 hours. (120 ml = Small paper coffee cup)

☐ Drink plenty of fluids for the first 8 hours after procedure - this will help to flush the contrast out of your system.

☐ Avoid coffee and drinks containing caffeine. Water is best.

**BATHING RESTRICTIONS:**

☑ As desired

☐ Showers are permitted, but NO tub baths for 24 hours.

☐ Keep affected area clean and dry.

Special Instructions: _____

| When to drive a car, if applicable: | ☐ Do not drive until cleared by physician at follow up appointment. |
|---|---|
|  | ☐ You are cleared to drive on _____ (date) |

| When to return to work/school: | ☐ Do not return to work/school until cleared by physician at follow up appointment. |
|---|---|
|  | ☐ Return to work/school with the following restrictions: |
|  | ☐ Return to work/school with no restrictions on (Date): _____ |

MJ

# PHYSICIAN-PATIENT ARBITRATION AGREEMENT

**Article 1: Agreement to Arbitrate:** It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional rights to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.

**Article 2: All Claims Must be Arbitrated:** It is the intention of the parties that this agreement bind all parties whose claims may arise out of or relate to treatment or service provided by the physician including any spouse or heirs of the patient and any children, whether born or unborn, at the time of the occurrence giving rise to any claim. In the case of any pregnant mother, the term "patient" herein shall mean both the mother and the mother's expected child or children.

All claims for monetary damages exceeding the jurisdictional limit of the small claims court against the physician, and the physician's partners, associates, association, corporation or partnership, and the employees, agents and estates of any of them, must be arbitrated including, without limitation, claims for loss of consortium, wrongful death, emotional distress or punitive damages. Filing of any action in any court by the physician to collect any fee from the patient shall not waive the right to compel arbitration of any malpractice claim. However, following the assertion of any claim against the physician, any fee dispute, whether or not the subject of any existing court action, shall also be resolved by arbitration.

**Article 3: Procedures and Applicable Law:** A demand for arbitration must be communicated in writing to all parties. Each party shall select an arbitrator (party arbitrator) within thirty days and a third arbitrator (neutral arbitrator) shall be selected by the arbitrators appointed by the parties within thirty days of a demand for a neutral arbitrator by either party. Each party to the arbitration shall pay such party's pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees, or other expenses incurred by a party for such party's own benefit. The parties agree that the arbitrators have the immunity of a judicial officer from civil liability when acting in the capacity of arbitrator under this contract. This immunity shall supplement, not supplant, any other applicable statutory or common law.

Either party shall have the absolute right to arbitrate separately the issues of liability and damages upon written request to the neutral arbitrator.

The parties consent to the intervention and joinder in this arbitration of any person or entity which would otherwise be a proper additional party in a court action, and upon such intervention and joinder any existing court action against such additional person or entity shall be stayed pending arbitration.

The parties agree that provisions of California law applicable to health care providers shall apply to disputes within this arbitration agreement, including, but not limited to Code of Civil Procedure Sections 340.5 and 667.7 and Civil Code Sections 3333.1 and 3333.2. Any party may bring before the arbitrators a motion for summary judgment or summary adjudication in accordance with the Code of Civil Procedure. Discovery shall be conducted pursuant to Code of Civil Procedure section 1283.05; however, depositions may be taken without prior approval of the neutral arbitrator.

**Article 4: General Provisions:** All claims based upon the same incident, transaction or related circumstances shall be arbitrated in one proceeding. A claim shall be waived and forever barred if (1) on the date notice thereof is received, the claim, if asserted in a civil action, would be barred by the applicable California statute of limitations, or (2) the claimant fails to pursue the arbitration claim in accordance with the procedures prescribed herein with reasonable diligence. With respect to any matter not herein expressly provided for, the arbitrators shall be governed by the California Code of Civil Procedure provisions relating to arbitration.

**Article 5: Revocation:** This agreement may be revoked by written notice delivered to the physician within 30 days of signature. It is the intent of this agreement to apply to all medical services rendered any time for any condition.

**Article 6: Retroactive Effect:** If patient intends this agreement to cover services rendered before the date it is signed (including, but not limited to, emergency treatment) patient should initial below:

_____
Patient's or Patient Representative's Initials

**Effective as of the date of first medical services**

If any provision of this arbitration agreement is held invalid or unenforceable, the remaining provisions shall remain in full force and shall not be affected by the invalidity of any other provision.

I understand that I have the right to receive a copy of this arbitration agreement. By my signature below, I acknowledge that I have received a copy.

**NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL. SEE ARTICLE 1 OF THIS CONTRACT.**

By: _____  (Date) _____    By: _____  (Date) _____
Physician's or Authorized Representative's Signature        Patient's or Patient Representative's Signature

                                                By: _____

_____                _____
Print or Stamp Name of Physician, Medical Group, or        Print Patient's Name
Association Name

                                                _____
                                                (If Representative, Print Name and Relationship to
                                                Patient)

Signed copy of this document is to be given to the Patient. Original is to be filed in Patient's medical records.

08                                                                              M-8



OCWEN

*Ocwen Loan Servicing, LLC*
*PO Box 780*
*Waterloo IA 50704-0780*
HELPING HOMEOWNERS IS WHAT WE DO!™
OCWEN.MORTGAGEBANKSITE.COM

07/24/13

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE

FULLERTON        CA 92831-4711

RE:    Account Number        0359019299
       Property Address      1201 EAST SUDENE AVENUE

                             FULLERTON        CA 92831-4711

Dear   ROCIO PICHARDO
       JULIO PICHARDO

Thank you for contacting us about your account. Enclosed is the information you
requested.

If you have any questions, we are here to help. Please call our office at 800-766-4622
(weekdays, 6:00 a.m. - 10:00 p.m. CT; Saturday, 9:00 a.m. - 1:00 p.m.).

Customer Care
Loan Servicing

Enclosure

2:01

M9

8/5/2009

**GMAC Mortgage**

ROCIO PICHARDO
JULIO PICHARDO
1201 EAST SUDENE AVENUE
FULLERTON CA 92831-4711

Re: Account Number    0359019299
                      1201 EAST SUDENE AVENUE
                      FULLERTON CA 92831-4711

Dear ROCIO PICHARDO JULIO PICHARDO

**Congratulations! Your request for a loan modification has been approved subject to the following:**
    -Receipt of your contribution in the form of certified funds
    -Receipt of the signed and notarized loan modification agreement and any attachments
    -Receipt of clear title, if applicable

Highlights of the enclosed Loan Modification Agreement and instructions for completing and returning it are as follows:

- The contribution amount of $ 620.00 in the form of certified funds, is due in our office by September 1, 2009.
- The interest rate is 1.00000%.
- The first modified payment begins October 1, 2009.

| | |
|---|---|
| Principal and Interest | $ 247.96 |
| Escrow | $ 374.57 |
| **Total Payment** | **$622.53** |

Do NOT sign the enclosed Loan Modification Agreement unless you are in the presence of a notary. This document must be signed in the presence of a notary and (if applicable) other witnesses. All of the documents must be executed and the signatures must be exactly as the names are typed.

- The signed and notarized Loan Modification Agreement should be returned using the enclosed pre-paid overnight envelope.
- If any modification closing costs are more than projected, the difference will be assessed to the account.
- All miscellaneous fees and costs – excluding late charges – may not have been included in the loan modification and will remain outstanding.

The contribution and executed loan modification documents are due back by September 1, 2009. Please return to:

GMAC Mortgage, LLC
Attn: Loan Modification
3451 Hammond Avenue
Waterloo, IA 50702

IMPORTANT! The loan modification will not be complete until we receive all properly executed documents and the contribution amount. If the modification is not completed we will continue to enforce our lien. If the conditions outlined above are not satisfied the modification will be withdrawn.

If you have any questions regarding this modification offer, please contact a modification specialist directly at 1-800-799-9250 Monday ~ Thursday 8:00 AM to 7:00 PM, Friday 8:00 AM to 5:00 PM, Central Time.

Loan Modification Specialist
Enclosures

M10

Record & Return To:

GMAC Mortgage, LLC
Attention: Loss Mitigation
3451 Hammond Avenue
Waterloo, IA 50702

―――――――――――――――――[Space Above This Line For Recorder's Use]――――――――――――――

# FIXED RATE LOAN MODIFICATION AGREEMENT

This Loan Modification Agreement ("Agreement") made this September 1, 2009 ("Effective Date") between ROCIO PICHARDO    JULIO PICHARDO        ("Borrower") and GMAC Mortgage, LLC ("Lender"), amends and supplements that certain promissory note ("Note") dated July 31, 2003 in the original principal sum of One Hundred Ninety Nine Thousand Dollars and No Cents ($ 199,000.00)executed by Borrower. The Note is secured by a Mortgage, Deed of Trust, or Deed to Secure Debt (the "Security Instrument"), dated the same date as the Note, and if applicable, recorded on with Instrument Number in Book and/or Page Number of the real property records of ORANGE County, CA. Said Security Instrument covers the real and personal property described in such Security Instrument (the "Property") located at 1201 EAST SUDENE AVENUE  FULLERTON CA 92831-4711, which real property is more particularly described as follows:

### (Legal Description – Attach as Exhibit if Recording Agreement)

Borrower acknowledges that Lender is the legal holder and the owner of the Note and Security Instrument and further acknowledges that if Lender transfers the Note, as amended by this Agreement, the transferee shall be the "Lender" as defined in this Agreement.

Borrower has requested, and Lender has agreed, to extend or rearrange the time and manner of payment of the Note and to extend and carry forward the lien(s) on the Property whether or not created by the Security Instrument.

Now, therefore, in consideration of the mutual promises and agreements contained herein, and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and intending to be legally bound, the parties hereto agree as follows (notwithstanding anything to the contrary contained in the Note or Security Instrument):

1. Borrower acknowledges that as of the Effective Date, the amount payable under the Note and secured by the Security Instrument (the "Principal Balance") is Sixty Three Thousand Two Hundred Seventy Two Dollars and Eighty Seven Cents ($ 63,272.87). Borrower hereby renews and extends such indebtedness and promises to pay jointly and severally to the order of Lender the Principal Balance, consisting of the amount(s) loaned to Borrower by Lender and any accrued but unpaid interest capitalized to date.

2. Interest will be charged on the unpaid Principal Balance until the full amount of principal has been paid. Borrower will pay interest at the rate of 1.00000% per year from the Effective Date.

3. Borrower promises to make monthly principal and interest payments of $ 247.96, beginning on October 1, 2009, and continuing thereafter on the same day of each succeeding month until principal and interest are paid in full. If on August 1, 2033 (the "Maturity Date"), Borrower still owes amounts under the Note and Security Instrument, as amended by this Agreement, Borrower will pay these amounts in full on the Maturity Date. Borrower will make such payments at 3451 Hammond Avenue, Waterloo, IA 50702 or at such other place as Lender may require. The amounts indicated in this paragraph do not include any required escrow payments for items such

*M.11*

as hazard insurance or property taxes; if such escrow payments are required the monthly payments will be higher and may change as the amounts required for escrow items change.

4. If Lender has not received the full amount of any monthly payment by the end of 15 calendar days after the date it is due, Borrower will pay a late charge to Lender. The amount of the charge will be the late charge percentage provided for in the Note multiplied by the overdue payment of principal and interest required under this Agreement. Borrower will pay this late charge promptly but only once on each late payment. The late charge is not in lieu of any other remedy of Lender, including any default remedy.

5. It is the intention of the parties that all liens and security interests described in the Security Instrument are hereby renewed and extended (if the Maturity Date of the original Note has been changed) until the indebtedness evidenced by the Note and this Agreement has been fully paid. Lender and Borrower acknowledge and agree that such renewal, amendment, modification, rearrangement or extension (if applicable) shall in no manner affect or impair the Note or liens and security interests securing same, the purpose of this Agreement being simply to modify, amend rearrange or extend (if applicable) the time and the manner of payment of the Note and indebtedness evidenced thereby, and to carry forward all liens and security interests securing the Note, which are expressly acknowledged by Borrower to be valid and subsisting, and in full force and effect so as to fully secure the payment of the Note.

6. If all or any part of the Property or any interest in it is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by the Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by applicable law. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by the Security Instrument without further notice or demand on Borrower. For purposes of this paragraph, "interest in the Property" means any legal or beneficial interest in the Property, including, but not limited to, those beneficial interests transferred in a bond for deed, contract for deed, installment sales contract or escrow agreement, the intent of which is transfer of title by Borrower at a future date to a purchaser.

7. As amended hereby, the provisions of the Note and Security Instrument shall continue in full force and effect, and the Borrower acknowledges and reaffirms Borrower's liability to Lender thereunder. In the event of any inconsistency between this Agreement and the terms of the Note and Security Instrument, this Agreement shall govern. Nothing in this Agreement shall be understood or construed to be a satisfaction or release in whole or in part of the Note and Security Instrument. Except as otherwise specifically provided in this Agreement, the Note and Security Instrument will remain unchanged, and Borrower and Lender will be bound by, and comply with, all of the terms and provisions thereof, as amended by this Agreement, including but not limited to, in the case of the Borrower, the obligation to pay items such as taxes, insurance premiums or escrow items, as applicable. Any default by Borrower in the performance of its obligations herein contained shall constitute a default under the Note and Security Instrument, and shall allow Lender to exercise all of its remedies set forth in said Security Instrument.

8. Lender does not, by its execution of this Agreement, waive any rights it may have against any person not a party hereto. This Agreement may be executed in multiple counterparts, each of which shall constitute an original instrument, but all of which shall constitute one and the same Agreement. EACH OF THE BORROWER AND THE LENDER ACKNOWLEDGE THAT NO REPRESENTATIONS, AGREEMENTS OR PROMISES WERE MADE BY THE OTHER PARTY OR ANY OF ITS REPRESENTATIVES OTHER THAN THOSE REPRESENTATIONS, AGREEMENTS OR PROMISES SPECIFICALLY CONTAINED HEREIN. THIS AGREEMENT, AND THE NOTE AND SECURITY INSTRUMENT (AS AMENDED HEREBY) SETS FORTH

THE ENTIRE UNDERSTANDING BETWEEN THE PARTIES. THERE ARE NO UNWRITTEN AGREEMENTS BETWEEN THE PARTIES.

M-11

Executed effective as of the day and year first above written.

ROCIO PICHARDO

JULIO PICHARDO

_____

_____

**BORROWER ACKNOWLEDGMENT**

State of California
County of Orange

On this 8 day of August 200 9, before me, the undersigned, a Notary Public in and for said county and state, personally appeared
ROCIO PICHARDO, JULIO PICHARDO        personally known to me or identified to my satisfaction to be the person(s) who executed the
within instrument, and they duly acknowledged that said instrument is their act and deed, and that they, being authorized to do so, executed
and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

Notary Public
My Commission Expires: May 24, 2011

GMAC Mortgage, LLC

By: _____

Title: Limited Signing Officer

BRIAN ARTEAGA
Commission # 1746903
Notary Public - California
Orange County
My Comm. Expires May 24, 2011

**LENDER ACKNOWLEDGMENT**

State of IOWA
County of BLACKHAWK

On this 10 day of Aug 200 9, before me, the undersigned, a Notary Public in and for said county and state, personally appeared KRIS
M. CAYA, personally known to me or identified to my satisfaction to be the person who executed the within instrument as Limited Signing
Officer of GMAC Mortgage, LLC. and they duly acknowledged that said instrument is the act and deed of said entity, and that they, being
authorized to do so, executed and delivered said instrument for the purposes therein contained.

Witness my hand and official seal.

Notary Public
My Commission Expires: _____

BRETT BORCHERDING
COMMISSION NO. 757639
MY COMMISSION EXPIRES
March 23, 2012

M/2

| | | | |
|---|---|---|---|
| Phone: | ☐ None | Personal Pharmacy: | ☐ None | Ht: cm / in |
| Phone: | ☐ Do not remember | Phone: | ☐ Do not remember | Wt: kg / lb |

Information was obtained from:
☒ Patient  ☒ Old Chart  ☐ Med Container

Patient was sent by
Dr

Allergy: NKA

| Medications & Herbs Patient is Taking (please PRINT clearly) | Dose | How Often | Route | Last Dose | | Source | Admit Medication | | Discharge Medication | |
|---|---|---|---|---|---|---|---|---|---|---|
| | | | | Date | Time | | Cont | Stop | Cont | Stop |

☐ No medication  ☐ Cannot obtain medication history, because

| | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| ASA | | | | | | | | | | | |
| Diovan | 160 | Daily | po | | | | | | | | |
| HCTZ | 25 | Daily | po | | | | | | | | |
| Labetolol | 100 | BID | po | | | | | | | | |

* Source Info:  1 – verbal from patient / family  3 – list from home  4 – med container  5 – medical record  6 – MAR  7 – other

Home meds were: ☒ Never brought to the hospital
☐ Sent home  ☐ Sent to Hospital Pharmacy

History taken by _____ RN

Page ____ of ____

Transcribed by _____   Date /Time

Noted by _____   Date /Time

**DISCHARGE PRESCRIPTION:** ( Page identifier at the bottom of this page in RED indicates original prescription)

**PRESCRIBERS:** All hospital medications are discontinued upon discharge. Please indicate in the columns above which home medications to resume or discontinue on discharge. Use the space below for NEW medications or NEW doses.

| | Medication | Dose | Frequency | Indication | Qty | Refill | RBTO |
|---|---|---|---|---|---|---|---|
| 1 | | | | | | | ☐ |
| 2 | | | | | | | ☐ |
| 3 | | | | | | | ☐ |
| 4 | | | | | | | ☐ |
| 5 | | | | | | | ☐ |

**OUT-PATIENT DISCHARGES**

☐ Consult with primary care physician to continue or stop home medications after discharge

☐ Fax a copy to my office

Fax # _____
Phone # _____
Name _____   License # _____
DEA # _____
MD Sign _____   Date /Time _____

## PATIENT MEDICATION RECONCILIATION FORM

00620412 RN-   000555401   F/T-E/R
PICHARDO JULIO   M   55

M.13

004 (08/09)   DISCHARGE PRESCRIPTION   09/15/09   B/D 03/10/54

80820412 RM- T2311 000555401 P/T-O/P
PICHARDO JULIO H 55
AKRAM SAMI
09/15/09 B/D 03/10/54

# A H M C ANAHEIM
## Regional Medical Center

## PATIENT DISCHARGE INSTRUCTIONS
### Page 2 of 2

REASON FOR HOSPITAL STAY: _HIGH BLOOD PRESSURE ; abd. pain_  DISCHARGE DATE: _9/16/09_

**FOLLOW UP APPOINTMENTS:**

| | DATE | PHYSICIAN/SPECIALTY | PHONE |
|---|---|---|---|
| 1 | | Follow up with Primary care Physician | |
| 2 | | in 2 weeks | |
| 3 | | | |

**FOLLOW UP TESTS:**

Labs _____  Xrays _____

- All acute MI's will have a lipid profile drawn on follow up visit

**ACTIVITY INSTRUCTIONS:**   ☐ CABG: Follow Activity/Progress in "Heart Owners Manual"

☑ Resume your normal activity level.

- **FOR HEART FAILURE PATIENTS: Talk to your physician before starting an exercise program.** Perform everyday activities as your body allows. Plan for rest periods every day. It is helpful to put your feet up while resting. Stop activity if you have pain, shortness of breath, or feel dizzy.

☐ When you arrive home go to bed or relax on couch and take it easy.

☐ Avoid heavy lifting, exercise or excessive bending for 48 hours.

☐ Gradually increase activity to include walking and bending.

☐ Resume your normal activities after 72 hours.

☐ Other: _____

**DIET:**

☑ Regular (resume your normal diet)

☐ Heart Healthy Diet: 2 grams (2000 mg) sodium, 300 mg cholesterol, low fat (less than 30% of total calories), high fiber (as tolerated)

Diabetic: _____

Special: _____

☐ Restrict Fluids to: _____ milliliters (ml), in 24 hours. (120 ml = Small paper coffee cup)

☐ Drink plenty of fluids for the first 8 hours after procedure - this will help to flush the contrast out of your system.

☐ Avoid coffee and drinks containing caffeine. Water is best.

**BATHING RESTRICTIONS:**

☑ As desired

☐ Showers are permitted, but NO tub baths for 24 hours.

☐ Keep affected area clean and dry.

Special Instructions: _____

| When to drive a car, if applicable: | ☐ Do not drive until cleared by physician at follow up appointment. |
| | ☐ You are cleared to drive on _____ (date) |

| When to return to work/school: | ☐ Do not return to work/school until cleared by physician at follow up appointment. |
| | ☐ Return to work/school with the following restrictions: _M-14_ |
| | ☐ Return to work/school with no restrictions on (Date): _____ |

## PHYSICIAN-PATIENT ARBITRATION AGREEMENT

**Article 1: Agreement to Arbitrate:** It is understood that any dispute as to medical malpractice, that is as to whether any medical services rendered under this contract were unnecessary or unauthorized or were improperly, negligently, or incompetently rendered, will be determined by submission to arbitration as provided by California law, and not by a lawsuit or resort to court process except as California law provides for judicial review of arbitration proceedings. Both parties to this contract, by entering into it, are giving up their constitutional rights to have any such dispute decided in a court of law before a jury, and instead are accepting the use of arbitration.

**Article 2: All Claims Must be Arbitrated:** It is the intention of the parties that this agreement bind all parties whose claims may arise out of or relate to treatment or service provided by the physician including any spouse or heirs of the patient and any children, whether born or unborn, at the time of the occurrence giving rise to any claim. In the case of any pregnant mother, the term "patient" herein shall mean both the mother and the mother's expected child or children.

claims for monetary damages exceeding the jurisdictional limit of the small claims court against the physician, and the physician's partners, associates, association, corporation or partnership, and the employees, agents and estates of any of them, must be arbitrated including, without limitation, claims for loss of consortium, wrongful death, emotional distress or punitive damages. Filing of any action in any court by the physician to collect any fee from the patient shall not waive the right to compel arbitration of any malpractice claim. However, following the assertion of any claim against the physician, any fee dispute, whether or not the subject of any existing court action, shall also be resolved by arbitration.

**Article 3: Procedures and Applicable Law:** A demand for arbitration must be communicated in writing to all parties. Each party shall select an arbitrator (party arbitrator) within thirty days and a third arbitrator (neutral arbitrator) shall be selected by the arbitrators appointed by the parties within thirty days of a demand for a neutral arbitrator by either party. Each party to the arbitration shall pay such party's pro rata share of the expenses and fees of the neutral arbitrator, together with other expenses of the arbitration incurred or approved by the neutral arbitrator, not including counsel fees or witness fees, or other expenses incurred by a party for such party's own benefit. The parties agree that the arbitrators have the immunity of a judicial officer from civil liability when acting in the capacity of arbitrator under this contract. This immunity shall supplement, not supplant, any other applicable statutory or common law.

Either party shall have the absolute right to arbitrate separately the issues of liability and damages upon written request to the neutral arbitrator.

The parties consent to the intervention and joinder in this arbitration of any person or entity which would otherwise be a proper additional party in a court action, and upon such intervention and joinder any existing court action against such additional person or entity shall be stayed pending arbitration.

The parties agree that provisions of California law applicable to health care providers shall apply to disputes within this arbitration agreement, including, but not limited to Code of Civil Procedure Sections 340.5 and 667.7 and Civil Code Sections 3333.1 and 3333.2. Any party may bring before the arbitrators a motion for summary judgment or summary adjudication in accordance with the Code of Civil Procedure. Discovery shall be conducted pursuant to Code of Civil Procedure section 1283.05; however, depositions may be taken without prior approval of the neutral arbitrator.

**Article 4: General Provisions:** All claims based upon the same incident, transaction or related circumstances shall be arbitrated in one proceeding. A claim shall be waived and forever barred if (1) on the date notice thereof is received, the claim, if asserted in a civil action, would be barred by the applicable California statute of limitations, or (2) the claimant fails to pursue the arbitration claim in accordance with the procedures prescribed herein with reasonable diligence. With respect to any matter not herein expressly provided for, the arbitrators shall be governed by the California Code of Civil Procedure provisions relating to arbitration.

**Article 5: Revocation:** This agreement may be revoked by written notice delivered to the physician within 30 days of signature. It is the intent of this agreement to apply to all medical services rendered any time for any condition.

**Article 6: Retroactive Effect:** If patient intends this agreement to cover services rendered before the date it is signed (including, but not limited to, emergency treatment) patient should initial below:

effective as of the date of first medical services

_____
Patient's or Patient Representative's Initials

If any provision of this arbitration agreement is held invalid or unenforceable, the remaining provisions shall remain in full force and shall not be affected by the invalidity of any other provision.

I understand that I have the right to receive a copy of this arbitration agreement. By my signature below, I acknowledge that I have received a copy.

**NOTICE: BY SIGNING THIS CONTRACT YOU ARE AGREEING TO HAVE ANY ISSUE OF MEDICAL MALPRACTICE DECIDED BY NEUTRAL ARBITRATION AND YOU ARE GIVING UP YOUR RIGHT TO A JURY OR COURT TRIAL. SEE ARTICLE 1 OF THIS CONTRACT.**

By: _____        By: _____        _____
Physician's or Authorized Representative's Signature    (Date)        Patient's or Patient Representative's Signature        (Date)

                                                     By: _____

_____
Print or Stamp Name of Physician, Medical Group, or        Print Patient's Name
Association Name

                                                     _____
                                                     (If Representative, Print Name and Relationship to
                                                     Patient)

M 15

Signed copy of this document is to be given to the Patient. Original is to be filed in Patient's medical records.

Date:   11/10/2009                          Loan# 0359019299

Borrower's Name: ROCIO PICHARDO JULIO PICHARDO


Lender's Name and Address:   GMAC Mortgage, LLC
                             3451 Hammond Avenue
                             Waterloo, IA 50702

## IMPORTANT INFORMATION ABOUT YOUR
## LOAN MODIFICATION WHICH FEATURES A DEFERRED PAYMENT
### Please Read Carefully

This disclosure describes the features of your loan modification.

How Is Your Interest Rate and Initial Payment Determined?

- According to your mortgage payment calculated for long-term affordability, your modified loan will now provide for a Deferred Payment.
- The amount of the initial monthly payment on your modified loan will be based on three factors:
    (1) the interest rate reflected in the agreement;
    (2) the "New Principal Balance" of the loan; and
    (3) the remaining term and amortization periods of the loan.

Based on a scheduled of interest rate and payment adjustments, your monthly payment of principal and interest will be calculated in order to repay the "non-deferred principal balance" by the end of the Term of your loan. (the Maturity Date)  Although your new scheduled monthly payments will pay down your non-deferred principal balance, a payment for the entire amount of your "Deferred Principal Balance" will be due when the Term of your loan expires or when you pay off the modified loan, which will be when you sell or transfer an interest in your house, refinance the loan, or when the last scheduled payment is due, and the Lender will be under no obligation to refinance your loan.

You will be notified in writing at least 90 but not more than 120 days before the date the deferred principal payment is due.  This notice will be mailed to you at the most current mailing address you supply and will contain information about the amount of the deferred principal, the date it is due and the telephone number of the Lender's representative (or loan servicer's representative) available to answer questions you may have about the notice.

AN AMOUNT OF YOUR UNPAID PRINCIPAL BALANCE HAS BEEN DEFRRED. AS A RESULT, YOU WILL BE REQUIRED TO PAY FULL DEFERRED PRINCIPAL BALANCE WHEN THE TERM OF YOUR LOAN EXPIRES (THE MATURITY DATE), OR WHEN YOU PAY OFF THE MODIFIED LOAN, WHICH WILL BE WHEN YOU SELL OR TRANSFER AN INTEREST IN YOUR HOUSE, REFINANCE THE LOAN, OR WHEN THE LAST SCHEDULED PAYMENT IS DUE.


THE LENDER HAS NO OBLIGATION TO REFINANCE THIS LOAN AT THE END OF ITS TERM. THEREFORE, YOU MAY BE REQUIRED TO REPAY THE LOAN OUT OF ASSETS YOU OWN OR YOU MAY HAVE TO FIND ANOTHER LENDER WILLING TO REFINANCE THE LOAN.

FARP 11-10/2009 GMAC mail merge master.doc

Page 7 of 9

M 16

**PERSONAL MONEY ORDER**

HOLD THE DOCUMENT AT A SMALL ANGLE TO SEE THIS SECURITY FEATURE

THE BACK OF THIS DOCUMENT HAS AN ARTIFICIAL WATERMARK PRINTED IN A SPECIAL WHITE INK.

Washington Mutual Bank, FA

190746455

MATCH THE AMOUNT IN WORDS WITH THE AMOUNT IN NUMBERS

WASHINGTON MUTUAL

PAY EXACTLY
NOT GOOD FOR MORE THAN $1,000.00

Mar 5, 2001 FOUR HUNDRED SEVENTY ONE DOLLARS AND 99 CENTS

TO THE ORDER OF  ORANGE Co. Tax Collector

Rosie Richard
PURCHASER'S SIGNATURE

1201 E. SUDENE AVE
PURCHASER'S ADDRESS

1537 106

Issued By Integrated Payment Systems Inc., Englewood, Colorado To Citibank (New York State); Buffalo, N.Y.

1201 E. SUDENE AVE
FULLERTON, CA 92831    033-291-16

⑈022000868⑈68⑈054086 190746455

---

THE VARIABLE TONE BACKGROUND AREA OF THIS DOCUMENT CHANGES GRADUALLY AND SMOOTHLY FROM DARKER TONES AT THE TOP AND BOTTOM TO THE LIGHTEST TONE IN THE MIDDLE.

**PERSONAL MONEY ORDER**

HOLD THE DOCUMENT AT A SMALL ANGLE TO SEE THIS SECURITY FEATURE

THE BACK OF THIS DOCUMENT HAS AN ARTIFICIAL WATERMARK PRINTED IN A SPECIAL WHITE INK.

Washington Mutual Bank, FA

190746456

MATCH THE AMOUNT IN WORDS WITH THE AMOUNT IN NUMBERS

WASHINGTON MUTUAL

PAY EXACTLY
NOT GOOD FOR MORE THAN $1,000.00

Mar 5, 2001 ONE THOUSAND DOLLARS AND 00 CENTS

TO THE ORDER OF  ORANGE Co. Tax Collector

Rosie Richard
PURCHASER'S SIGNATURE

1201 E. SUDENE AVE
PURCHASER'S ADDRESS

1537 106

Issued By Integrated Payment Systems Inc., Englewood, Colorado To Citibank (New York State); Buffalo, N.Y.    033-291-16

C

⑈022000868⑈68⑈054086 190746456

---

THE VARIABLE TONE BACKGROUND AREA OF THIS DOCUMENT CHANGES GRADUALLY AND SMOOTHLY FROM DARKER TONES AT THE TOP AND BOTTOM TO THE LIGHTEST TONE IN THE MIDDLE.

**PERSONAL MONEY ORDER**

HOLD THE DOCUMENT AT A SMALL ANGLE TO SEE THIS SECURITY FEATURE

THE BACK OF THIS DOCUMENT HAS AN ARTIFICIAL WATERMARK PRINTED IN A SPECIAL WHITE INK.

Washington Mutual Bank, FA

190746457

033-291-16

MATCH THE AMOUNT IN WORDS WITH THE AMOUNT IN NUMBERS

WASHINGTON MUTUAL

PAY EXACTLY
NOT GOOD FOR MORE THAN $1,000.00

Mar 5, 2001 ONE THOUSAND DOLLARS AND 00 CENTS

TO THE ORDER OF  ORANGE Co. Tax Collector

Rosie Richard
PURCHASER'S SIGNATURE

1201 E. SUDENE AVE
PURCHASER'S ADDRESS

1537 106

Issued By Integrated Payment Systems Inc., Englewood, Colorado To Citibank (New York State); Buffalo, N.Y.

1201 E. SUDENE AVE
FULLERTON, CA 92831

Order No.
Escrow No.
Loan No.

WHEN RECORDED MAIL TO:

Mr. and Mrs. Randolph Ice
2728 E. Live Oak Park Rd.
Fallbrook, Ca 92028

91-529044

Recorded at the request of
ORANGE COAST TITLE CO.

8:00 A.M.  SEP 30 1991

Official Records
Orange County, California
Lee A. Branch  Recorder

| | Titles | $ |
|---|---|---|
| @$ 5.- | | $ |
| | Add. | $ |
| Pg@$ | | |
| | Lien | $ |
| @$ | | |
| | Other | $ |
| Total Rec. Fee | | $ 5.- |
| D.T.T. | $ | |
| PCOR | $ | |
| SMF | $ | |
| | | RDE-1 |

SPACE ABOVE THIS LINE FOR RECORDER

## DEED OF TRUST WITH ASSIGNMENT OF RENTS
### (SHORT FORM)

This DEED OF TRUST, made    9-21-91                                    , between
JULIO PICHARDO and JACQUELINE PICHARDO

                                                              herein called TRUSTOR,

whose address is    1201 East Sudene Avenue, Fullerton, Ca.
                    (Number and Street)                    (City)              (State)

RIVIERA ESCROW, a California corporation, herein called TRUSTEE, and
RANDOLPH G. ICE and DIANE C. ICE, husband and wife and MARY ROBERTA ICE, a widow
all as joint tenants

                                                   herein called BENEFICIARY,
WITNESSETH: That Trustor grants to Trustee in Trust, with Power of Sale, that property in the    City of Fullerton
                                         County of    Orange          State of California, described as:
Lot 5 of Tract 1354 as per map recorded in Book 45, page 32 of Miscellaneous
Maps in the office of the County Recorder of said County.

This deed of trust is second and junior to deed of trust to record concurrently

Together with the rents, issues and profits thereof, subject, however, to the right, power and authority hereinafter given to and conferred upon Beneficiary to collect and apply such rents, issues and profits.
For the Purpose of Securing (1) payment of the sum of $ 23,380.00    with interest thereon according to the terms of a promissory note or notes of even date herewith made by Trustor, payable to order of Beneficiary, and extensions or renewals thereof, and (2) the performance of each agreement of Trustor incorporated by reference or contained herein (3) Payment of additional sums and interest thereon which may hereafter be loaned to Trustor, or his successors or assigns, when evidenced by a promissory note or notes reciting that they are secured by this Deed of Trust.
To protect the security of this Deed of Trust, and with respect to the property above described, Trustor expressly makes each and all of the agreements, and adopts and agrees to perform and be bound by each and all of the terms and provisions set forth in subdivision A, and it is mutually agreed that each and all of the terms and provisions set forth in subdivision B of the fictitious deed of trust recorded in Orange County August 17, 1964, and in all other counties August 18, 1964, in the book and at the page of Official Records in the office of the county recorder of the county where said property is located, noted below opposite the name of such county, namely:

| COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE | COUNTY | BOOK | PAGE |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Alameda | 1288 | 556 | Kings | 858 | 713 | Placer | 1028 | 379 | Sierra | 38 | 187 |
| Alpine | 3 | 130-31 | Lake | 437 | 110 | Plumas | 166 | 1307 | Siskiyou | 506 | 762 |
| Amador | 133 | 438 | Lassen | 192 | 367 | Riverside | 3778 | 347 | Solano | 1287 | 621 |
| Butte | 1330 | 513 | Los Angeles | T-3878 | 874 | Sacramento | 5039 | 124 | Sonoma | 2057 | 427 |
| Calaveras | 185 | 338 | Madera | 911 | 136 | San Benito | 300 | 405 | Stanislaus | 1970 | 56 |
| Colusa | 323 | 391 | Marin | 1849 | 122 | San Bernardino | 6213 | 768 | Sutter | 655 | 585 |
| Contra Costa | 4684 | 1 | Mariposa | 90 | 453 | San Francisco | A-804 | 596 | Tehama | 457 | 183 |
| Del Norte | 101 | 549 | Mendocino | 667 | 99 | San Joaquin | 2855 | 283 | Trinity | 108 | 595 |
| El Dorado | 704 | 635 | Merced | 1660 | 753 | San Luis Obispo | 1311 | 137 | Tulare | 2530 | 108 |
| Fresno | 5052 | 623 | Modoc | 191 | 93 | San Mateo | 4778 | 175 | Tuolumne | 177 | 160 |
| Glenn | 469 | 76 | Mono | 69 | 302 | Santa Barbara | 2065 | 681 | Ventura | 2607 | 237 |
| Humboldt | 801 | 83 | Monterey | 357 | 239 | Santa Clara | 6626 | 664 | Yolo | 769 | 16 |
| Imperial | 1189 | 701 | Napa | 704 | 742 | Santa Cruz | 1638 | 607 | Yuba | 398 | 603 |
| Inyo | 165 | 672 | Nevada | 363 | 94 | Shasta | 800 | 633 | | | |
| Kern | 3756 | 690 | Orange | 7182 | 18 | San Diego SERIES 5  Book 1964, Page 149774 | | | | | |

shall inure to and bind the parties hereto, with respect to the property above described. Said agreements, terms and provisions contained in said subdivision A and B, (identical in all counties, and printed on the reverse side hereof) are by the within reference therein, incorporated herein and made a part of this Deed of Trust for all purposes as fully as if set forth at length herein, and Beneficiary may charge for a statement regarding the obligation secured hereby, provided the charge therefor does not exceed the maximum allowed by law.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA                                       Signature of Trustor
COUNTY OF  Orange        } SS.
ON    9-26-91       before me, the                Julio Pichardo
undersigned, a Notary Public in and for said State, personally appeared
Julio Pichardo & Jacqueline                        Julio Pichardo
Pichardo
                                                   Jacqueline Pichardo
                                    , personally
known to me (or proved to me on the basis of satisfactory evidence) to be
the person S  whose name S  subscribed to the within
instrument and acknowledged that they  executed the same.
WITNESS my hand and official seal.

Signature  Patty Beverly
          Name (Typed or Printed)

OFFICIAL SEAL
PATTY BEVERLY
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My comm. expires SEP 23, 1992

S-3

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL THIS DEED AND UNLESS OTHERWISE SHOWN
BELOW MAIL TAX STATEMENT TO:

Name ⌐ Mr. and Mrs. Pichardo
Street Address   1201 Sudene Avenue
City & State   Fullerton, CA

MAIL TAX STATEMENTS TO

Name ⌐

Street Address   *Same as above.*

City & State

TITLE ORDER NO. _____ ESCROW NO. 3215.

Recorded at the request of
ORANGE COAST TITLE CO.

8:00 A.M.    SEP 3 0 1991

Official Records
Orange County, California

*Lee A. Branch* Recorder

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED

THE UNDERSIGNED GRANTOR(S) DECLARE(S)

DOCUMENTARY TRANSFER TAX is $_____ 183.70

☒ computed on full value of property conveyed, or
☐ computed on full value less value of liens or encumbrances remaining at time of sale.
☐ unincorporated area    ☒ city of ___Fullerton___, AND

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,

RANDOLPH G. ICE and DIANE C. ICE, husband and wife and MARY ROBERTA ICE

hereby GRANT(s) to

JULIO PICHARDO and JACQUELINE PICHARDO, husband and wife, as joint tenants

the following described real property in the _____
County of Orange _____, State of California:

Lot 5 of Tract Number 1354, as per Map recorded in Book 45, pages 32 of
Miscellaneous Maps in the office of the county recorder of said County.

S-4

Dated    June 11  1991

RECORDING REQUESTED BY:

Southland Title

WHEN RECORDED MAIL TO:

Rocio Pichardo
1201 East Sudene Avenue
Fullerton, CA 92831

This Document was electronically recorded by
Southland Title Company

Recorded in Official Records, County of Orange
Tom Daly, Clerk-Recorder

|||||||||||||||||||||||||||||||||| 10.00
2003000952443 04:19pm 08/07/03
110 8 G02 3
0.00 0.00 0.00 0.00 4.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## G R A N T   D E E D

The undersigned Grantor(s) declare(s): Documentary transfer tax is $
ASSESSOR'S PARCEL NO.:                (X) computed on full value of property conveyed, or
TITLE ORDER NO.: 23593825             ( ) computed on the full value less liens or
ESCROW NO.: 22960-D                       encumbrances remaining at the time of sale

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
        Rocio Pichardo, a married woman as her sole and separate property
    who aquired title as Rocio Pichardo and Angela Morales, as joint tenants
※ *a married woman as her sole and separate property who acquired title as*
    hereby GRANT(S) to

    Julio Pichardo and Rocio Pichardo, husband and wife, as joint tenants,

The following real property in the City of Fullerton, Orange County, State of
California,
described as: Exact legal description as per Exhibit 'A', Attached hereto and made a
part hereof.

Commonly known as: 1201 East Sudene Avenue, Fullerton, CA 92831

Date: March 26, 2003

                                        *Rocio Pichardo*
                                        Rocio Pichardo

                                        *Angela Morales*
STATE OF CALIFORNIA        )            Angela Morales
COUNTY OF Orange           )
On Aug.1, 2003  before me, E. Bergquist
personally appeared
Rocio Pichardo and Angela Morales
personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose
name(s) is/are subscribed to the within instrument
and acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument
the person(s) or the entity upon behalf of which the
person(s) acted, executed the instrument.

Witness my hand and official seal.

Signature *E. Bergquist*

Name (typed or printed)              (This area for official notarial seal)

> E. BERGQUIST
> Commission # 1421155
> Notary Public - California
> Orange County
> My Comm. Expires Jun 28, 2007

MAIL TAX STATEMENTS TO: 1201 East Sudene Avenue, Fullerton, CA 92831

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

Luz M. Santana
25885 Trabucco Rd. #4
Lake Forest, Ca. 92630

——— SPACE ABOVE THIS LINE FOR RECORDER'S USE ———

## ASSIGNMENT OF DEED OF TRUST

FOR VALUE RECEIVED, The undersigned hereby grants, assigns and transfers to
Luz M. Santana

all beneficial interest under that certain Deed of Trust dated _9/21/91_
and executed by _Julio and Jacqueline Pichardo_

to _RIVIERA ESCROW_
and recorded as Instrument Number _91-529044_ on _9/26/91_ ___ Book _45_
Page _32_ , of Official Records in the County Recorder's office of
_Orange_ County, California, describing land therein as:

    1201 E. Sudene Avenue
    Fullerton, Ca.  92631

Together with the note or notes therein described or referred to, the money
due and to become due thereon with interest, and all rights accrued under
said Deed of Trust.   The following signatures verify all sums secured.

Dated: _14 March 1995_

Assignor(s)

STATE OF CALIFORNIA
COUNTY OF _San Diego_
On _18 March 1995_ before me _John T. Egan  Notary Public_

personally appeared
_Randolph G. Lee_
personally known to me (or proved to me on the
basis of satisfactory evidence) to be the
person(s) whose name(s) is/are subscribed to the
within instrument, and acknowledged to me that
he/she/they executed the same in his/her/their
authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s) or the
entity upon behalf of which the person(s) acted,
executed the instrument.

OFFICIAL SEAL
JAMES T. EGAN
NOTARY PUBLIC-CALIFORNIA
COMMISSION NUMBER 949019
PRINCIPAL OFFICE IN SAN DIEGO COUNTY
MY COMMISSION EXP. SEP 5, 1995

OFFICIAL SEAL
DEBORAH LEE LOVELACE
NOTARY PUBLIC-CALIFORNIA
COMM. NO. 1023648

RECORDING REQUESTED BY

Recorded in the County of Orange, California
Gary L. Granville, Clerk/Recorder

7.00

19960218502 08:44am 05/01/96

004 12007440 12 22
G02 1 03 0.00 7.00 0.00 0.00 0.00 0.00 0.00
0.00 0.00

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENT TO:

NAME *Julio Richardo*
STREET ADDRESS *1201 E. Sudene Ave*
CITY, STATE & ZIP CODE *Fullerton CA 92631*

TITLE ORDER NO._____ ESCROW NO._____

SPACE ABOVE THIS LINE FOR RECORDER'S USE

## GRANT DEED

DOCUMENTARY TRANSFER TAX $ *No Consideration*
☐ computed on full value of property conveyed, or
☐ computed on full value less liens and
encumbrances remaining at time of sale.

_____   _____
Signature of Declarant or Agent Determining Tax   Firm Name

FOR VALUABLE CONSIDERATION, receipt of which is acknowledged, I (We), *Julio Richardo*
_____
                (NAME OF GRANTOR(S))
*and Jacqueline Richardo*

grant to _____*Julio Richardo*_____
                (NAME OF GRANTEE(S))

all that real property situated in the City of _____*Fullerton*_____ (or in an unincorporated area of)
*Orange* _____ County, *State* _____ described as follows (insert legal description):
(NAME OF COUNTY)                    (STATE)

*1201 E. Sudene Ave                Lot #5 Tract 1354
Fullerton CA 92631*

Assessor's parcel No. *033-291-11*

Executed on ____*April*____, *22 1996* at *Fullerton CA.*
                                                    (CITY AND STATE)

STATE OF ____*California*____

COUNTY OF ____*Orange*____

On *4-22-1996* before me, *Daniel L. Coloman*
                                        (NAME, TITLE, E.G., "JUE COLLMAN, NOTARY PUBLIC")
personally appeared *Julio and Jacqueline Richardo* personally known to me
(or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed
to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacities, and that by his/her/their signature(s) on the instrument the person(s), or the entity
upon behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
(SIGNATURE OF NOTARY)                    (SEAL)

DANIEL L. COLOMAN
COMM # 1007090
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Commission Expires Oct. 17, 1997

RIGHT THUMBPRINT (Optional)

TOP OF THUMB HERE

CAPACITY CLAIMED BY SIGNER(S)
☒ INDIVIDUAL(S)
☐ CORPORATE _____
☐ OFFICER(S) _____
                              (TITLES)
☐ PARTNER(S) ☐ LIMITED
                    ☐ GENERAL
☐ ATTORNEY IN FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

MAIL TAX STATEMENTS TO: *Same as above*

SIGNER IS REPRESENTING:
(Name of Person(s) or Entity(ies)    *S-7*

Before you use this form, fill in all blanks, and make whatever changes are appropriate and necessary to your particular
transaction. Consult a lawyer if you doubt the form's fitness for your purpose and use. Wolcotts makes no
representation or warranty, express or implied, with respect to the merchantability or fitness of this form for an intended
use or purpose.

WOLCOTTS FORM 778 - Rev. 3-94b (price class 3A)
GRANT DEED      ©1994 WOLCOTTS FORMS, INC.

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

AND WHEN RECORDED MAIL TO:

NAME    REBECCA PICHARDO

STREET
ADDRESS    1201 E. Sudene ave
CITY       Fullerton ca 92831
STATE
ZIP

15.00
2004001063297 03:51pm 11/30/04
130 51 D11 A36 2
0.00 0.00 0.00 0.00 3.00 0.00 0.00 0.00

ASSESSOR'S PARCEL NO. 033-291-11
TITLE ORDER NO: _____
ESCROW NO: _____

—— THIS SPACE FOR RECORDER'S USE ONLY ——

# SHORT FORM DEED OF TRUST AND ASSIGNMENT OF RENTS

This DEED OF TRUST, made    10-12-95
JULIO PICHARDO                                    , between

herein called TRUSTOR,

whose address is    1201 East Sudene Avenue, Fullerton, Ca.   92631.
(Number and Street)                        (City)                        (State)

REBECCA PICHARDO    herein called TRUSTEE, and

REBECCA PICHARDO

herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in Trust, with Power of Sale, that property in the   City of fullerton
a   County of   Orange   . State of California, described as:

Lot #5 Tract 1354    1201. E. Sudene avenue Fullerton California, 92831

INSTRUMENT REPLACES   DOCUMENT NUMBER: 91-529044

TOGETHER WITH the rents, issues and profits thereof, SUBJECT, HOWEVER, to the right, power and authority hereinafter given to and conferred upon Beneficiary by Paragraph (10) of the provisions incorporated herein by reference to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: 1. Performance of each agreement of Trustor incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of even date herewith, and any extension or renewal thereof,

in the principal sum of $24,000.00, Twenty 4 thousand dollars executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so secured. 9% INTEREST IMPOUNDED FROM DATE ISSUED

undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA,
COUNTY OF   ORANGE            } SS.
OCTOBER 31 1995            before me, the
undersigned, a Notary Public in and for said State, personally appeared
JULIO C. PICHARDO

_____, personally
known to me or proved to me on the basis of satisfactory evidence) to be
person   S   whose name   ARE   subscribed to the within
instrument and acknowledged that THEY executed the same.
WITNESS my hand and official seal.
Signature _____
DANIEL I. COLOMAN
Name (Typed or Printed)

Signature of Trustor

Julio Pichardo

Julio Pichardo    11/30/04

DANIEL L. COLOMAN
COMM # 1007090
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Commission Expires Oct. 17, 1997

S - 5

(This area for official notarial seal)

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO.

NAME     ANGELA MORALES
STREET   1201 E. SUDENE AVE.
ADDRESS

CITY     FULLERTON
STATE    CA.
ZIP      92831

THIS SPACE FOR RECORDER'S USE ONLY

ASSESSOR'S PARCEL NO: 033-291-11
TITLE ORDER NO:
ESCROW NO:

## PROMISSORY NOTE
## SECURED BY DEED OF TRUST

This promissory NOTE MADE 4-30-98 ,between
JULIO PICHARDO and ROCIO PICHARDO

herein called TRUSTOR,

whose address is 1201 E SUDENE AVE. FULLERTON CA. 92831
     (Number and Street)          (City)          (State)

LUZ M. SANTANA & ANGELA MORALES herein called TRUSTEE, and BENEFICIARY

LUZ M. SANTANA & ANGELA MORALES
herein called BENEFICIARY,

WITNESSETH: That Trustor grants to Trustee in Trust, with Power of Sale, that property in the CITY OF FULLERTON
         County of ORANGE      , State of California, described as:

1201 E. Sudene Ave   LOT #5 TRACT 1354

INSTRUMENT REPLACES   DOCUMENT NUMBER: 91-529044 in book 45.

TOGETHER WITH the rents, issues and profits thereof. SUBJECT, HOWEVER, to the right, power and
authority hereinafter given to and conferred upon Beneficiary by Paragraph (10) of the provisions
incorporated herein by reference to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: 1. Performance of each agreement of Trustor incorporated by
reference or contained herein. 2. Payment of the indebtedness evidenced by one promissory note of
even date herewith, and any extension or renewal thereof,

In the principal sum of $      $24,000.00 dollars      , executed by Trustor in favor
of Beneficiary or order. 3. Payment of such further sums as the then record owner of said property
hereafter may borrow from Beneficiary, when evidenced by another note (or notes) reciting it is so
secured.

The undersigned Trustor, requests that a copy of any notice of default and any notice of sale hereunder be mailed to him at his address hereinbefore set forth.

STATE OF CALIFORNIA,
COUNTY OF Orange     } ss.

On 2 July 98       before me, the
undersigned, a Notary Public in and for said State, personally appeared
Julio Cesar Pichardo and
Rocio D. Pichardo

, personally
known to me or proved to me on the basis of satisfactory evidence to be
person whose name are subscribed to the within
instrument and acknowledged that executed the same.
WITNESS my hand and official seal.

Signature

Signature of Trustor

Julio Pichardo
JULIO PICHARDO
Rocio Pichardo
ROCIO PICHARDO

Stephen Charles Iverson
COMM. # 1193516
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
COMM. EXP. AUG. 24, 2001

S. 5

Fidelity National Title Insurance Co.

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

NAME  JULIO PICHARDO
STREET ADDRESS  1201 EAST SUDENE AVENUE
STATE  FULLERTON, CA 92831

THIS ORIGINAL DOCUMENT WAS SCANNED
AND ELECTRONICALLY RECORDED ON

APR 07 1998

Document No. 98- 204326

Fidelity National Title Insurance Co.

SPACE ABOVE THIS LINE FOR RECORDERS USE

MAIL TAX STATEMENTS TO

NAME  JULIO PICHARDO
STREET ADDRESS  1201 EAST SUDENE AVENUE
CITY & STATE  FULLERTON, CA 92831

DOCUMENTARY TRANSFER TAX $  *NO CONSIDERATION*

_ _Computed on the consideration of value of property conveyed;

or

_ _Computed on the consideration or value less liens or encumbrances remaining at the time of sale

_The undersigned_

Signature of declarant or agent determining tax-firm name

# GRANT DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
JULIO PICHARDO AND ROCIO PICHARDO, HUSBAND AND WIFE ( who acquired title as Julio Pichardo)

HEREBY GRANT(S) TO JULIO PICHARDO, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

the following described real property in the City of FULLERTON
County of Orange, State of California:

LOT 5 OF TRACT 1354, AS PER MAP RECORDED IN BOOK 45, PAGE 32 OF MISCELLANEOUS MAPS, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.  AP #033-292-11

Dated April 2, 1998

STATE OF CALIFORNIA
COUNTY OF  Orange                                    } ss

On _____ before me, the undersigned, a Notary
Public in and for said State, personally appeared

personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose
name is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and
that by his/her/their signatures on the instrument
the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.
WITNESS my hand and official seal

_Julio Pichardo_
JULIO PICHARDO

_Rocio Pichardo_
ROCIO PICHARDO

3 - 10

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENTS TO:

NAME    ROCIO PICHARDO
STREET
ADDRESS 1201 E. Sudene Ave.
CITY     Fullerton CA. 92831
STATE
ZIP

Title Order No. _____ Escrow No. _____

Recorded in the County of Orange, California
Gary L Granville, Clerk/Recorder    6.00

20000155741  1:42PM 03/27/00

004 00191989 111 67
587 01 0 0.00 6.00 0.00 0.00 0.00 0.00
0.00 0.00
Doc Types: 587

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# GRANT DEED
## JOINT TENANCY

DOCUMENTARY TRANSFER TAX $ no consideration
☐ computed on full value of property conveyed, or
☐ computed on full value less liens and
   encumbrances remaining at time of sale.

SIGNATURE OF DECLARANT OR AGENT DETERMINING TAX    FIRM NAME

FOR VALUABLE CONSIDERATION, receipt of which is acknowledged, I (We), __JULIO PICHARDO__
(NAME OF GRANTOR(S))
__AND ROCIO PICHARDO__

grant to __ROCIO PICHARDO AND ANGELA MORALES__
(NAME OF GRANTEES)
_____, AS JOINT TENANTS,

all that real property situated in the City of __FULLERTON__ (or in an unincorporated area of)

__ORANGE__ County, State of __CA.__, described as follows (insert legal description):

1201 E. SUDENE AVE.    LOT #5 TRACT 1354
FULLERTON CA. 92831

Assessor's parcel No. _____

Executed on __3/27/2000__, __2000__, at __ORANGE CO.__
(CITY AND STATE)

STATE OF __California__
COUNTY OF __Orange__

On __3.27.2000__ before me, __Lois Reade Notary Public__
(NAME/TITLE, I.E., JANE DOE, NOTARY PUBLIC)

personally appeared __Julio Pichardo and__
__Rocio Pichardo__
personally known to me (or __proved__ to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to
the within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

_____
(SIGNATURE)

[Notary seal:]
LOIS READE
COMM # 1110418
NOTARY PUBLIC - CALIFORNIA
ORANGE COUNTY
My Commission Expires Sept. 4, 2000
(SEAL)

RIGHT THUMBPRINT (Optional)    RIGHT THUMBPRINT (Optional)
TOP OF THUMB HERE              TOP OF THUMB HERE

CAPACITY CLAIMED BY SIGNER(S)
☐ INDIVIDUAL(S)
☐ CORPORATE

OFFICERS _____
                        (TITLES)
☐ PARTNER(S)  ☐ LIMITED
              ☐ GENERAL
☐ ATTORNEY IN FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER _____

SIGNER IS REPRESENTING:
(NAME OF PERSON(S) OR ENTITY(IES)):

MAIL TAX STATEMENT TO: __SAME AS ABOVE__

WOLCOTTS FORM 768 - (price class 3A)
GRANT DEED--JOINT TENANCY-Rev. 3-94b

Before you use this form, fill in all blanks, and make whatever changes are appropriate
and necessary for your particular transaction. Consult a lawyer if you doubt the form's
fitness for your purpose and use. Wolcotts makes no representation or warranty,
express or implied, with respect to the merchantability or fitness of this form for an
intended use or purpose.

AND WHEN RECORDED MAIL THIS DEED AND, UNLESS
OTHERWISE SHOWN BELOW, MAIL TAX STATEMENT TO:

NAME  REBECCA PICHARDO

STREET
ADDRESS  1201 E. SUDENE AVE.

CITY, STATE &
ZIP CODE  FULLERTON CA. 92831

TITLE ORDER NO. _____ ESCROW NO. _____

Recorded in Official Records, Orange County
Tom Daly, Clerk-Recorder

6.00

2005000504436 03:42pm 06/29/05

116 33 D10 1
0.00 0.00 0.00 0.00 0.00 0.00 0.00 0.00

SPACE ABOVE THIS LINE FOR RECORDER'S USE

# QUITCLAIM DEED

DOCUMENTARY TRANSFER TAX $ NO CONSIDERATION
☐ computed on full value of property conveyed, or
☐ computed on full value less liens and
encumbrances remaining at time of sale.

Signature of Declarant or Agent Determining Tax    Firm Name

JULIO PICHARDO
(NAME OF GRANTOR(S))

the undersigned grantor(s), for a valuable consideration, receipt of which is hereby acknowledged, do__ hereby remise, release and

forever quitclaim to _____ REBECCA PICHARDO _____
(NAME OF GRANTEE(S))

the following described real property in the City of ___ FULLERTON ___, County of ___ ORANGE ___, State of ___ CA. ___:

DESCRIBED AS: LOT 5 OF TRACT NO. 1354 IN THE CITY OF FULLERTON
STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 45 PAGES (32),
OF MISCELLANEOUS MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF
SAID COUNTY.

SUBJECT TO GMAC MORTGAGE.

Assessor's parcel No. __ 033-291-11 __

Executed on 30 June , 2004 , at ___ FULLERTON, CALIFORNIA ___
(CITY AND STATE)

STATE OF CALIFORNIA

COUNTY OF ORANGE

On 30 June 2004 before me, Stephen Iverson, Notary Public
(NAME, E.G. "JANE DOE, NOTARY PUBLIC")

personally appeared ___ JULIO PICHARDO ___ personally
known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s)
is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same
in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the
person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

RIGHT THUMBPRINT (Optional)

TOP OF THUMB HERE

WITNESS my hand and official seal.

(SIGNATURE OF NOTARY)    (SEAL)

STEPHEN IVERSON
COMM. # 1392345
NOTARY PUBLIC-CALIFORNIA
ORANGE COUNTY
Comm. Exp. AUG. 24, 2008

CAPACITY CLAIMED BY SIGNER(S)
☐ INDIVIDUAL(S)
☐ CORPORATE
   OFFICER(S) _____
                    (TITLES)
☐ PARTNER(S)  ☐ LIMITED
                ☐ GENERAL
☐ ATTORNEY IN FACT
☐ TRUSTEE(S)
☐ GUARDIAN/CONSERVATOR
☐ OTHER: _____

MAIL TAX
STATEMENTS TO: ___ REBECCA PICHARDO ___
1201 E. Sudene Ave Fullerton Ca. 92831

Before you use this form, fill in all blanks, and make whatever changes are appropriate and necessary to your particular
transaction. Consult a lawyer if you doubt the form's fitness for your purpose and use. Wolcotts makes no
representation or warranty, express or implied, with respect to the merchantability or fitness of this form for an
intended use or purpose.

WOLCOTTS FORM 790   ©1994 WOLCOTTS FORMS, INC.
QUITCLAIM DEED         Rev. 3-94b (price class 3A)

7  67775 39790  1

SIGNER IS REPRESENTING:
(Name of Person(s) or Entity(ies)

S12

Fidelity National Title Insurance Co.

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL TO

NAME JULIO PICHARDO
STREET ADDRESS 1201 EAST SUDENE AVENUE
STATE FULLERTON, CA 92831

THIS ORIGINAL DOCUMENT WAS SCANNED
AND ELECTRONICALLY RECORDED ON

APR 07 1998

Document No. 9X. 304326
Fidelity National Title Insurance Co.

————SPACE ABOVE THIS LINE FOR RECORDERS USE————

MAIL TAX STATEMENTS TO

NAME  JULIO PICHARDO
STREET ADDRESS 1201 EAST SUDENE AVENUE
CITY & STATE FULLERTON, CA 92831

DOCUMENTARY TRANSFER TAX $   NO CONSIDERATION
__Computed on the consideration of value of property conveyed;
__or
__Computed on the consideration or value less liens or encumbrances remaining at the time of sale
_____
Signature of declarant or Agent determining tax-firm name

## GRANT DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged,
JULIO PICHARDO AND ROCIO PICHARDO, HUSBAND AND WIFE ( who acquired title as Julio Pichardo)

HEREBY GRANT(S) TO JULIO PICHARDO, A MARRIED MAN AS HIS SOLE AND SEPARATE PROPERTY

the following described real property in the City of FULLERTON
County of Orange, State of California:

LOT 5 OF TRACT 1354, AS PER MAP RECORDED IN BOOK 45, PAGE 32 OF MISCELLANEOUS MAPS, IN THE
OFFICE OF THE COUNTY RECORDER OF SAID COUNTY. AP #033-292-11

Dated April 2, 1998
STATE OF CALIFORNIA
COUNTY OF  Orange            } ss
On                   before me, the undersigned, a Notary
Public in and for said State, personally appeared
_____
personally known to me (or proved to me on the basis
of satisfactory evidence) to be the person(s) whose
name is/are subscribed to the within instrument and
acknowledged to me that he/she/they executed the
same in his/her/their authorized capacity(ies), and
that by his/her/their signature(s) on the instrument
the person(s), or the entity upon behalf of which the
person(s) acted, executed the instrument.

JULIO PICHARDO

ROCIO PICHARDO

S-14.

COUNTY OF ORANGE
CENTRAL JUSTICE CENTER
## MINUTE ORDER

DATE: 05/12/2014              TIME: 01:30:00 PM      DEPT: C23

JUDICIAL OFFICER PRESIDING: Frederick P. Aguirre
CLERK: Joanne M Schwartz
REPORTER/ERM: Patrick Richard Brezna CSR# 5288
BAILIFF/COURT ATTENDANT: Maria Concepcion

CASE NO: 30-2012-00581642-CU-CL-CJC   CASE INIT.DATE: 07/06/2012
CASE TITLE: Pichardo vs. GMAC Mortgage
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Other Collections

EVENT ID/DOCUMENT ID: 71907715
EVENT TYPE: Demurrer to Amended Complaint
MOVING PARTY: Ocwen Loan Servicing
CAUSAL DOCUMENT/DATE FILED: Demurrer to Amended Complaint, 02/28/2014

EVENT ID/DOCUMENT ID: 71914210
EVENT TYPE: CMC: Bankruptcy Removal

APPEARANCES
Thomas W. Gillen, counsel, present for Plaintiff(s).
Yaron Shaham, from Severson & Werson, present for Defendant(s) telephonically.

Tentative Ruling posted on the Internet .

The court (1) grants Defendant Ocwen Loan Servicing's request for judicial notice; (2) sustains the demurrer with 20 days leave to amend as to the third cause of action; (3) sustains without leave to amend as to the fourth cause of action; and (4) overrules as to all other causes of action. Defendant's request to take judicial notice of the deed of trust to the subject property (Ex. A) is granted. As no opposition was filed, Plaintiff does not challenge the authenticity of this document or otherwise object. Judicial notice is appropriate as to the existence of the document, its contents, and the clear legal effects thereof; but not the truth of any statements therein. (Evid. Code, §§ 452, subds. (c), (h), 453; *Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264-265.)
Demurrer to the first cause of action for breach of contract is overruled.
Although Defendant Ocwen may not have received a full copy of the 08/10/09 loan modification agreement, the court-filed copy of the FAC appears to contain the full agreement. (See FAC, Ex. A.) In any event, a written contract may be pleaded either word for word or generally "according to its legal intendment and effect." (See *Construction Protective Services, Inc. v. TIG Specialty Ins. Co.* (2002) 29 Cal.4th 189, 198–199.) Here, Plaintiff pled the latter, alleging that the 08/10/08 agreement modified the loan by reducing the monthly payments and forgiving $120,000.
To the extent Defendant Ocwen is arguing that the 11/10/09 loan modification supersedes the 08/10/09 agreement, it appears that Plaintiff is asserting he signed the 11/10/09 version under duress. The doctrine "can apply when one party has done a wrongful act which is sufficiently coercive to cause a

DATE: 05/12/2014                    MINUTE ORDER                         Page 1
DEPT: C23                                                            Calendar No.

reasonably prudent person, faced with no reasonable alternative to agree to an unfavorable contract." (CrossTalk Prods., Inc. v. Jacobson (1998) 65 Cal.App.4th 631, 644.) Duress may consist of threats to property interests, and wrongful acts include the assertion of a claim known to be false and a bad faith threat to breach a contract. (Id. at 645.) Whether Plaintiff had a reasonable alternative "is a factual one, rarely if ever susceptible to determination on demurrer." (Id. at 644.) Here, Plaintiff alleges he was in the hospital when GMAC insisted he sign another "original" loan modification agreement or be faced with foreclosure, and the agreement submitted to him turned out to be a revised agreement that eliminated the $120,000 loan forgiveness. (FAC, ¶¶ 11-12.)

Finally, Plaintiff alleges damages from Defendants' demand of $120,000 that was allegedly forgiven on the loan. To the extent Defendant Ocwen argues that there are no damages because Plaintiff has not paid the additional $120,000, the court construes this claim as one for declaratory relief as to whether an additional $120,000 is owed on the loan. (See Quelimane Co., Inc. v. Stewart Title Guar. Co. (1998) 19 Cal.4th 26, 38–39 [if the essential facts of some valid cause of action are alleged, the complaint is good against a general demurrer].)

**Demurrer to the second cause of action for breach of covenant of good faith and fair dealing is overruled.**

"It has long been recognized, of course, that every contract imposes upon each party a duty of good faith and fair dealing in the performance of the contract such that neither party shall do anything which will have the effect of destroying or injuring the right of the other party to receive the fruits of the contract." (Carma Developers (Cal.), Inc. v. Marathon Development California, Inc. (1992) 2 Cal.4th 342, 374.) A loan servicer has an implied duty to service the loan under the terms of the operative loan agreement. (See Barroso v. Ocwen Loan Servicing, LLC (2012) 208 Cal.App.4th 1001, 1014-1015 [liability may attach for loan servicer's failure to modify loan documents pursuant to modification agreement].)

Here, Plaintiff essentially alleges Defendant Ocwen was obligated to service the loan under the terms of the 08/10/09 loan modification agreement and breached the duty of good faith and fair dealing by servicing the loan under the 11/10/09 modification agreement, which demands $120,000 more in principal from Plaintiff. (FAC, ¶¶ 18-19.)

**Demurrer to the third cause of action for negligence is sustained with 20 days' leave to amend.**

Defendant Ocwen correctly points out that "as a general rule, a financial institution owes no duty of care to a borrower when the institution's involvement in the loan transaction does not exceed the scope of its conventional role as a mere lender of money." (Ragland v. U.S. Bank Nat. Assn. (2012) 209 Cal.App.4th 182, 206 [internal quotations omitted].) Thus, there is no generalized duty imposed on Defendant Ocwen to properly administer the loan modification program.

**Demurrer to fourth cause of action for unjust enrichment is sustained without leave to amend.**

Unjust enrichment is a remedy, not a cause of action. (Melchior v. New Line Productions, Inc. (2003) 106 Cal.App.4th 779, 793.) Accordingly, it fails as a matter of law to state a cause of action.

**Demurrer to fifth cause of action for violation of Bus. & Prof. Code, § 17200 is overruled.**

As set forth above, Plaintiff has alleged duress in the execution of the 11/10/09 agreement. Such conduct and the subsequent efforts to collect on a loan amount wherein a substantial portion has allegedly been forgiven may constitute unfair and fraudulent activity.

Moving Party is ordered to give notice.

The Court having fully considered the arguments of all parties, both written and oral, as well as the evidence presented, now rules as follows:

The Court confirms the tentative ruling as follows:

The Court orders Demurrer sustains the demurrer with leave to amend as to the third cause of action; sustains without leave to amend as to the fourth cause of action; and overrules as to all other causes of action.

Plaintiff is granted leave to amend Complaint within 20 days.

Moving party/Defendant is ordered to prepare the Notice of Ruling and give notice.

Bankruptcy remains pending as to Defendant GMAC.

CMC: Bankruptcy Removal continued to 07/21/2014 at 08:30 AM in this department.

Court orders Plaintiff to give notice.

---

DATE: 05/12/2014                    MINUTE ORDER                    Page 3
DEPT: C23                                                           Calendar No.

SUPERIOR COURT OF CALIFORNIA,
COUNTY OF ORANGE
CENTRAL JUSTICE CENTER

MINUTE ORDER

DATE: 09/08/2014                 TIME: 01:30:00 PM        DEPT: C23

JUDICIAL OFFICER PRESIDING: Frederick P. Aguirre
CLERK: Nanci Turner-Mitani
REPORTER/ERM: None
BAILIFF/COURT ATTENDANT: Jason Phu

CASE NO: **30-2012-00581642-CU-CL-CJC**  CASE INIT.DATE: 07/06/2012
CASE TITLE: **Pichardo vs. GMAC Mortgage**
CASE CATEGORY: Civil - Unlimited     CASE TYPE: Other Collections

EVENT ID/DOCUMENT ID: 72014353
EVENT TYPE: Demurrer to Amended Complaint
MOVING PARTY: Ocwen Loan Servicing
CAUSAL DOCUMENT/DATE FILED: Demurrer to Amended Complaint, 06/10/2014

EVENT ID/DOCUMENT ID: 72014354
EVENT TYPE: CMC: Bankruptcy Removal

**APPEARANCES**
Thomas W. Gillen, counsel, present for Plaintiff(s).
Charles Meyer, specially appearing for Ocwen Loan Servicing, LLC, self represented Defendant.
Plaintiff, Julio Pichardo present

Tentative Ruling posted on the Internet and outside the courtroom doors.

Per counsel for defendant, GMAC Bankruptcy still pending.

Parties submit on the Courts tentative ruling.

The Court confirms the tentative ruling as follows:

Defendant Ocwen Loan Servicing, LLC's Demurrer to the Second Amended Complaint is SUSTAINED in part and is OVERRULED in part, with 10 days to Answer.

**The Demurrer to the 1st Cause of Action for Breach of Contract, 2nd Cause of Action for Breach of Covenant of Good Faith and Fair Dealing, and 4th Cause of Action for Violation of Bus. & Prof. Code § 17200, is OVERRULED.**

The issues raised in the Demurrer to the Second Amended Complaint for the above causes of action are the same as the issues raised in the Demurrer to the First Amended Complaint for the above causes of action. The court OVERRULES the demurrer to the Second Amended Complaint for the same reasons the demurrer to the First Amended Complaint was OVERRULED. (See 5/12/14 Minute Order.)

CASE TITLE: Pichardo vs. GMAC Mortgage

## The Demurrer to the 3rd Cause of Action for Statutory Relief is SUSTAINED, Without Prejudice.

Where statutory claims are invoked, the facts must be pled with particularity. (See, *Covenant Care, Inc. v. Superior Court* (2004) 32 Cal.4th 771, 790 and *Carter v. Prime Healthcare Paradise Valley LLC* (2011) 198 Cal.App.4th 396, 410.)

With respect to the alleged violation of the Consumer Financial Protect Act of 2010 (12 U.S.C. § 5481), Plaintiff has failed to plead facts with particularity showing *how* this statute was purportedly violated. Moreover, 12 U.S.C. § 5481 sets forth definitions that apply to Title 12 (Banks and Banking), and does not set forth a valid cause of action.

With respect to the alleged violations of Civil Code §§ 2920.5, section 2920.5 is used for definition purposes or Article 1 (Mortgages in General). Therefore, this section does not provide a valid cause of action.

With respect to Civil Code § 2923.7 (violation of a single point of contract), this provision was effective as of 1/1/13 and remains effective until 1/1/18. This new provision is part of the newly enacted "California Homeowner Bill of Rights" ("HBOR"). The Code provision applies to loans in which Plaintiffs submit loan modification applications and/or received foreclosure documents on and after 1/1/13. Here, the loan modifications were received in 2009, and therefore HBOR does not apply with respect to the subject modification agreements and conduct at issue prior to 1/1/13. Moreover, to the extent that Plaintiff contends he was not afforded with a single point of contact (Civil Code § 2923.7), Plaintiff has failed to allege facts with particularity showing that: (1) he *requested* a foreclosure prevention alternative; and (2) he was not afforded a single point of contact.

With respect to the alleged violation of Civil Code § 2943, Plaintiff has failed to plead facts with particularity showing a violation of this statute. Plaintiff has failed to allege a violation of this Code because he did not request the statement and did not rely on the statements contained therein.

Further, with respect to the alleged violation of Civil Code §§ 2954.1-2954.5, Plaintiff has failed to plead facts with particularity showing a violation of these statutory provisions.

Finally, although this issue was not raised, this is a new cause of action that was not previously asserted in the prior complaints. "Following an order sustaining a demurrer or a motion for judgment on the pleadings with leave to amend, the plaintiff may amend his or her complaint only as authorized by the court's order." (*Harris v. Wachovia Mortg., FSB* (2010) 185 Cal.App.4th 1018, 1023, 111.) "The plaintiff may not amend the complaint to add a new cause of action without having obtained permission to do so, unless the new cause of action is within the scope of the order granting leave to amend." (*Id.*)

Therefore, in light of the fact that this is a new cause of action asserted in the pleading, the court SUSTAINS the demurrer, without prejudice. Plaintiff may seek leave to amend if he discovers evidence supporting the above statutory claims.

## The Demurrer to the 5th Cause of Action for Injunctive Relief is OVERRULED.

Defendant has failed to establish that injunctive relief is not an appropriate remedy for the causes of action alleged in the Second Amended Complaint.

CASE TITLE: Pichardo vs. GMAC Mortgage                    CASE NO: 30-2012-00581642-CU-OR-CJC

**The Demurrer to the Each Cause of Action Based on Uncertainty is OVERRULED.**

Defendant has failed to specify exactly how or why the pleading is uncertain, and where such uncertainty appears. (*Khoury v. Maly's of Calif., Inc.* (1993) 14 Cal.App.4th 612, 616; *Fenton v. Groveland Community Services Dist.* (1982) 135 Cal.App.3d 797, 809 [disapproved on other grounds].)

**Defendant's RJN:** The court GRANTS judicial notice of the Deed of Trust (Exhibit A). Judicial notice of the existence and recordation of those documents is appropriate, as well as the clear legal effects thereof, pursuant to Evid. Code, § 452, subd. (h), but not the truth of any matters asserted therein. (*Fontenot v. Wells Fargo Bank, N.A.* (2011) 198 Cal.App.4th 256, 264-265.)

CMC: Bankruptcy Removal:

CMC: Bankruptcy Removal continued to 12/01/2014 at 08:30 AM in Department C23.

Verified Answer to be filed and served within 30 days.

Court orders Plaintiff to give notice.

DATE: 09/08/2014                    MINUTE ORDER                    Page 3
DEPT: C23                                                          Calendar No.

# Severson & Werson
### A Professional Corporation

Yaron Shaham
Attorney
Direct Line: (949) 225-7963
ys@severson.com

The Atrium
19100 Von Karman Avenue, Suite 700
Irvine, CA 92612
Telephone: (949) 442-7110
Facsimile: (949) 442-7118

December 3, 2014

**VIA FACSIMILE AND U.S. MAIL**

Thomas W. Gillen, Esq.
1440 N. Harbor Blvd., Suite 811
Fullerton, CA 92835

Re:    *Julio Pichardo v. Ocwen Loan Servicing, LLC* (Orange County Superior Court
Case No. 30-2012-00581642-CU-CL-CJC)

Dear Mr. Gillen:

As you are aware, this office represents Defendant Ocwen Loan Servicing, LLC ("Ocwen") in the above referenced case. In an effort to possibly resolve this matter by way of a loan modification, I have enclosed a loan modification application for Plaintiff Julio Pichardo ("Plaintiff") to complete and return to my attention. Upon receipt, I will forward it to my client for its consideration. Submission of a loan modification application to Ocwen does not guarantee a loan modification offer will be made to Plaintiff. If Plaintiff is interested in being considered for a loan modification as a possible mechanism to resolve this litigation, please have your client complete the enclosed application and return it to my attention.

Please contact me with any questions.

Very truly yours,

Yaron Shaham

YS:sac
Enclosure

21000.0018/3608540.1

San Francisco ~ Orange County