**Hearing Date and Time:** June 23, 2015 at 10:00 a.m. (Prevailing Eastern Time)
**Response Date and Time:** June 8, 2015 at 4:00 p.m. (Prevailing Eastern Time)

Joycelyn W. Unciano, Pro se
91-590 Farr. Hwy. 210-226
Kapolei, Hi. 96707
808 672-4323
junciano@hawaii.rr.com



# UNITED STATES BANKRUPTCY COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>RESIDENTIAL CAPITAL, LLC, et al.,<br><br>Debtors | Case No.  12-12020  (MG)<br><br>Chapter 11<br><br>Jointly Administered |

### Joycelyn W. Unciano's OBJECTION AGAINST:
### RESCAP TRUST'S EIGHTY SEVENTH OMNIBUS OBJECTION TO CLAIMS
### (I) NO LIABILITYBORROWER CLAIMS, (II) REDUCE AND ALLOW BORROWER
### CLAIM, AND (III) REDESIGNATE, REDUCE AND ALLOW BORROWER CLAIM.
### Case No. 12-12020-mg   Doc. 8588 Filed 05/08/15 Entered 05/08/15

Joycelyn W. Unciano, represents self in this matter and hereby file this Objection Against ResCap Trust's Eighty-Seventh Omnibus Objection to Claims (I) No Liability Borrower Claims, (II) Reduce and Allow Borrower Claim, and (III) Redesignate, Reduce and Allow Borrower Claim (the "Omnibus Objection"), which seeks to alter my rights by disallowing my Claim No. 4091 against the above-captioned Debtors.

With the reasons set forth in the attached Declaration of Joycelyn W. Unciano of Objections Against ResCap Trust's Eighty-Seventh Omnibus Objection to Claims (the "Omnibus Objection") with reference to documents filed in the record, adopted herein by reference and with exhibits attached thereto.

Dated: June 5, 2015
      Kapolei, Hawaii  96707

                                         Respectfully Submitted,

                                         Joycelyn W. Unciano, Pro se

### DECLARATION of Joycelyn W. Unciano of Objection
## Against ResCap Trust's Eighty-Seventh Omnibus Objection to Claims (I), (II), & (III), (the "Omnibus Objection)"

Declarant, Joycelyn W. Unciano, Declares that this Declaration of Objections Against ResCap Trust's Eighty-Seventh Omnibus Objection to Claims (I), (II), & (III). (the "Omnibus Objection") is made in Good Faith, with personal first-hand knowledge, over the age of maturity and with competence to testify in this matter.

Declarant Objects to ResCap's Trust's Eighty-Seventh Omnibus Objection to Claims (the "Omnibus Objection") which seeks to Alter Declarant's Rights and by Disallowing Declarant's Claim No. 4091 against the above-captioned Debtor's. ***See Claim No. 4091, Doc. 8588, Exhibit A @ pp. 42-43***, *adopted herein for reference.*

### BACKGROUND:

1.    My claim arises from the October, 2010 attempt by GMAC Mortgage, LLC ("GMACM") to pursue a Non-Judicial Foreclosure Auction of my property.

2.    On August 10, 2010, *a known Robo Signer*, KRISTINE WILSON, as Vice-president for ***Homecomings Financial Network, Inc.*** executed a Fraudulent Invalid *Assignment of Mortgage* ("A/M") to GMACM; recorded in the *Land Court of the State of Hawaii as Document No. 3999824 and Noted on TCT 546,739. **See Doc 8588, Exhibit 7-A, <u>Order Dismissing Complaint;</u>** pg. 167; See ECF 26-1. Adopted herein by reference.*

3.    Then on September 15, 2010, a little more than a month and after executing the above A/M to GMACM.  The same KRISTINE WILSON, only this time as a Limited Signing Officer for GMACM issued a Notice of Mortgagee's Intention to Foreclose Under Power of Sale. *Id. @ pg. 167; See ECF 26-2 Adopted herein by reference*

4.    October 6, 2010, affiant spoke to Defendant, David Rosen, Esq. the attorney listed in the Non-Judicial Foreclosure proceeding.  David Rosen admitted knowledge of the parallel state-court judicial foreclosure proceeding and said, ***"I do not see how it affects my clients."*** *Id. @ pg. 167-168; See FAC ¶ 18. Adopted herein by reference*

2


RECEIVED

JUN 8 2015

U.S. BANKRUPTCY COURT
SO. DIST. OF NEW YORK

5.    On October 25, 2010, Affiant was forced to file a Complaint, Civil No. 1CC10-002273 in the Circuit Court of the First Circuit of the State of Hawaii to preclude the scheduled Non-Judicial Foreclosure Auction. *Id. @ pg. 168 See FAC ¶ 24. Adopted herein by reference*

6.    October 27, 2010, the state-court granted my <u>ex parte</u> motion to enjoin GMACM'S non-judicial foreclosure auction. Judge Sakamoto was concerned about the simultaneous judicial foreclosure and non-judicial foreclosure by *"separate competing mortgagees, Homecomings Financial, LLC and GMAC Mortgage, LLC."* Id. ¶ 14.    The state-court judge was also concerned about Wilson's signing of the A/M to GMACM on behalf of Homecomings Financial and later issuing of the Notice of the Non-Judicial Foreclosure on behalf of GMACM.. Id. ¶ 15. *Id. @ pg. 168 Adopted herein by reference; See Judge Sakamoto's Order, Exhibit <u>"A"</u> attached hereto.*

7.    GMACM initiated this Non-Judicial Foreclosure Auction while there was an active Judicial Foreclosure Complaint that was filed on May 15, 2003 as Civil No. 1CC 03-1-1029-05 in the Circuit Court of the First Circuit in the State of Hawaii, GMACM refused to enter the Judicial Foreclosure case, Washington Mutual Bank, FA v. Wayne Noelani Tom, et al. *Id. @ pp. 165-204*;   First Amended Complaint *("FAC") ¶ 1*, Dec. 13, 2010, *ECF No. 26*; Complaint *ECF No. 26-3* ("2003 State Court Complaint"). *Adopted herein by reference*

a.    In the Judicial Foreclosure case the Plaintiff's Motion for Summary Judgment was DENIED on 2 occasions, and copies were attached as Exhibits to Plaintiffs' FAC. *Id at ECF 26. Adopted herein by reference*

b.    The Order from Judge Mollway also addressed the **December 10, 2008,** Order entered in the state-court that substituted Homecomings Financial LLC, as PLAINTIFF. *See Doc 8588 at pg. 166; See ECF No. 26-5. Adopted herein by reference*.

c.    In addition, Judge Mollway acknowledges that GMACM initiated the non-judicial foreclosure while the judicial foreclosure case was pending*. Id. @ p. 167*. Judge Mollway acknowledges GMACM rescinded the Non-Judicial Foreclosure on November 8, 2010, but fails to address the Ex Parte Order Enjoining GMACM Non-Judicial Foreclosure Sale. *Id. See also Exhibit A attached hereto.*

d.    Also, in the Order Denying FAC, Judge Mollway took judicial notice of the
Land Court Order filed March 2, 2011, (Land Court Order 186175, Petition of GMACM to
Amend Assignment of Mortgage and Order) referred to as the Notice of Correction of the Name
of Assignor from Homecomings Network, Inc., to Homecomings Financial, LLC. Id at pg 167
Fn4.

8.    November 9, 2010, Defendants GMACM & Kristine Wilson's Notice to Adverse
Party & Clerk for Removal of Action to the United States District Court of the District of
Hawaii, in Civ. No. 10-00653 SOM/BMK. *See Doc 8588, at pg. 168, ECF No. 1*

9.    In Civ. No. 10-00653 SOM/BMK, Declarant and Coleen Tom, appealed to the
United States Court of Appeals for the Ninth Circuit, 11-17905 and 117906, consolidated. *See
Ninth Circuit Court of Appeals Memorandum, Doc 8588 @ Exhibit 7C @ pp. 201-204*

10.    In the Judicial Foreclosure case, Declarant filed appeals to the Hawaii
Intermediate Court of Appeals, from the August 18, 2011, Judgment of Foreclosure and Order
Granting Motion to Substitute GMAC as Plaintiff, and for Summary Judgment on all claims in
the Complaint; from the March 25, 2013 Final Judgment re: Confirmation of Sale and
Judgment/Writ of Possession. In addition, Declarant filed a Petition in the Land Court to Cancel
Land Court Order 186175, recorded on March 2, 2011 (Petition of GMACM to Amend Land
Court Order 186175, correction of assignor's name). The three separate appeal cases were
Consolidated In the Intermediate Court of Appeals of the State of Hawaii as follows

(1) *CAAP-11-0001081*/Civ. No. 03-1-1029-05
    August 18, 2011 Judgment of Foreclosure;
(2) *CAAP-13-0000306*/Civ. No. 03-1-1029-05
    March 25, 2013 Final Judgment Conformation of Sale/Judgment of Possession;
(3) **CAAP-*13-0001307***/1LD11-1-002518, Application 1069, Case No. 11-1069
    May 20, 2013 Final Order Denying Unciano's Petition to Cancel LCO 186175.

11.    On June 30, 2014, the Intermediate Court of Appeals of the State of Hawaii
entered it's Summary Disposition Order that held GMAC failed to prove that it was the holder of
the Western Pacific Mortgage, and failed to show any connection from Homecomings Financial

4

Network Inc., a MN corporation to the Homecomings Delaware entities, and VACATED ALL JUDGMENTS AND ORDERS issued in CAAP 11-0001081, CAAP 13-0000306, and CAAP 13-0001307. **A certified copy of the HAWAII ICA June 30, 2014, SDO Order is attached hereto as *Exhibit "B"*, *see pp. 8-9.***

12.    *The Hawaii ICA also issued an* Order of Correction dated August 27, 2014 regarding a case number. **A certified copy of the August 27, 2014; Order of Correction is attached hereto as *Exhibit "C".***

13.    Also on August 27, 2014, the Hawaii ICA entered its Judgment on Appeal dated August 27, 2014. **A certified copy of the August 27, 2014 Judgment on Appeal is attached hereto as *Exhibit "D"*.**

14.    On July 7, 2014, Declarant notified the 9th Circuit Court of Appeals of the June 30, 2014 Hawaii ICA Summary Disposition Order vacating all Judgments and Orders.   **A true and exact copy of No. 11-17906, Dkt Entry 52-2, filed July 7. 2014 is attached as Exhibit E.**

15.    The December 18, 2014 Memorandum Opinion filed in the 9th Circuit Court of Appeals, Case No.'s 11-17905 and 11-17906, fails to make any reference to June 30, 2014 Hawaii ICA Summary Disposition Order. ***See Doc 8588 Exhibit 7-C at pgs 201-204.***

**OBJECTION**

16.    This Honorable Court *should* DENY the Borrowers Trustee's Objection to my Claim No. 4091. It's true the 9th Circuit Court of Appeals DENIED my appeal, and AFFIRMED the Order Dismissing Plaintiffs' First Amended Complaint and *Order Denying Motion for Reconsideration* issued by the Honorable Judge Susan Mollway of the U.S. District Court-District of Hawaii, CV 10-00653 SOM/BMK. See Doc. 8588 Exhibits 7A-7C. However, there are Cogent Reasons for re-litigation of my Complaint that was removed to Federal Court by GMACM.

17.    According to Hawaii State Law and Federal Law, under *the Law of the Case Doctrine*, a second court may disturb another court's ruling where "*Cogent Reasons Exist*":

> The normal hesitancy that a court would have in modifying its own prior rulings is even greater when a judge is asked to vacate the order of a brother or sister judge. The general rule which requires adherence to a prior interlocutory order of another judge of the same

5

court thus commands even greater respect than the doctrine of "*law of the case*" which refers to the usual practice of courts to refuse to disturb all prior rulings in a particular case, including rulings made by the judge himself.

*Wong v. City & County of Honolulu*, 66 Haw. 389, 395-396, 665 P.2d 157, 163 (Hawaii Supreme Court 1983) (*See* 132 A.L.R. at 15. *Cf. Jordan v. Hamada*, 64 Haw. 446, 450, 643 P.2d *70, 72 (1982); Cain v. Cain, 59 Haw. 32, 36, 575 P.2d 468, 472-473, (1978); Gallas v. Sanchez*, 48 Haw. 370, 382, 405 P.2d 772, 779 (1965); *Glover v. Fong*, 42 Haw. 560, 578 (1958).

> Unless *cogent reasons* support the second court's action, any modification of a prior ruling of another court of equal and concurrent jurisdiction will be deemed an abuse of discretion.

*Id.* (*See Greyhound Computer Corp., Inc. v. International Business Machines Corp.*, 559 F.2d 488, 508 (9th Cir.1977), cert. denied, 434 U.S. 1040, 98 S.Ct. 782, 54 L.Ed. 790 (1978); *Shreve v. Cheesman*, 69 F. at 791; *In re Airport Car Rental Antitrust Litigation*, 521 F.Supp. 568, 572 (N.D.Cal.1981), aff'd. 693 F.2d 84 (9th Cir.1982)).

18.     The Law of the Case Doctrine exception for *Cogent Reasons* is also approved by the United States Supreme Court:

> An issue decided on a prior appeal is not foreclosed with all the finality of *res judicata* when the case comes back to this court. While informing the court's discretion, law of the case does not limit the tribunal's power." However, we do not revisit such a final decision "absent ' cogent' or 'compelling' reasons.

*Arizona v. California*, 460 U.S. 605 618, 103 S.Crt. 1382, 75 L.Ed. 318(1983) *see also 18 Charles A. Wright, Arthur R. Miller, Edward H. Cooper, Federal Practice and Procedure § 4478, at 788-89 (1981).*

19.     In this case there are *Cogent Reasons* for ignoring both the decision of the United States District Court-District of Hawaii and the Memorandum Opinion from the 9th Circuit Court of Appeals. ***See Doc. 8588; (1)Order Dismissing Complaint, Exhibit 7-A, @ pp 163-189; (2) Order Denying Motion for Reconsideration, Exhibit 7-B,@ pp 190-200; (3) Ninth Circuit's MEMORANDUM Opinion, Exhibit 7-C, @ pp 201-204.***

20.     When you compare the US District Court Order Dismissing FAC, with the June 30, 2014 Hawaii ICA Summary Disposition Order, all of the issues Judge Mollway refers to in support of GMACM, have been vacated by the ICA. ***See Doc 8858 Exhibit 7-A.  See Also Exhibit B, @ pp. 8-9.***

21.    Further, the 9th Circuit Opinion fails to address the Hawaii Intermediate Court of
Appeals decision in my Hawaii Consolidated Appeals cases, CAAP 11-0001081 (Foreclosure
Judgment & Order Substituting GMACM as Plaintiff; CAAP 13-0000306 (Judgment
Confirmation of Sale, and Judgment of Possession); and CAAP 13-0001307 (Land Court Appeal
Order Denying Unciano's Petition to Cancel Assignment of Mortgage to GMAC), where the
Hawaii Appellate Court specifically held that GMAC Mortgage, LLC failed to prove that it
owned the Western Pacific Mortgage, that GMACM lacked standing to pursue foreclosure AND
*VACATED* all of the GMACM Judgments and Orders that I appealed from. *See Id*. See June 30,
2014 Hawaii *Exhibit  "B"   ICA Summary Disposition Order; @ pp. 8-9, Exhibit "C" Order
of Correction; Exhibit "D" Judgment; attached hereto.*

22.    Further, on remand, GMACM will not be allowed to proceed as Plaintiff, in the
Judicial Foreclosure Case or serve as Respondent in the Land Court Case, unless it can prove it
owns the mortgage. *Id. at Exhibit(s) "B", @ pp. 8-9.*

23.    Upon GMACM's, or its successors' failure to prove ownership the Land Court
Order 186175 Amending the A/M to GMACM will be canceled and removed from my
Certificate of Title. This is the document GMACM obtained March 2, 2011, after filing its
Motion to Dismiss my First Amended Complaint in the Federal Court, on Dec. 29, 2010.  This
document was filed in the GMACM Reply Brief as Exhibit D, and the Honorable Judge Susan
Mollway relied on that document to reach her decision in her Order Dismissing Complaint. *See
Order, Doc. 8588, Exhibit 7-A, pp 163-189, 167 fn4. See also Exhibit B, @ pp. 8-9.*

24.    These are cogent reasons for the next court to ignore the 9th Circuit Memorandum
Opinion as well as the U.S. District Court-District of Hawaii Order Dismissing Plaintiffs' First
Amended Complaint.

25.    My Claim No.4091 should not be dismissed as the documents attached to my
original claim show that this case arises from GMACM'S attempt to foreclose on my property
through the Hawaii Non-Judicial Foreclosure Statute in October 2010. *See Claim No.4091, See
Order Denying FAC, Doc 8858 Exhibit 7A.*  Coleen Tom and I immediately filed suit in the

7

First Circuit Court State of Hawaii, Case No. 10-1- 2273-10, where we obtained an Order

Granting Ex Parte Motion to Enjoin Foreclosure Auction of my property. See Claim No. 4091.

*Copy of TRO attached hereto as Exhibit "A"*.

26.    According to the Borrower Trust's Objection to my Claim #4091, the Supplement

Servicing Order permits foreclosure cases to proceed. *See Borrower Trustee's Objection, See*

*Supplement Servicing Order*. The federal case, as well as the State case, being a foreclosure

case, the Automatic Stay does not prevent further litigation of Claim 4091.

27.    Further the Consent Order issued April 12, 2012 expressly provides for payments

to be made regarding foreclosures made during the period of 2009 and 2010, of which my claim

falls within. *See Doc 8588 at p. 10.*

28.    The Hawaii Intermediate Court of Appeals has provided me with some relief in

vacating the GMACM Judgments and Orders, as well as holding GMACM failed to prove it has

any interest in the Western Pacific Mortgage. *See Exhibit B, SDO @ pp.8-9.*

29.    I was displaced from my home for over 14 months as the result of GMACM'S

wrongful acts, and incurred considerable expenses in storage fees and loss of use of my property,

etc. *If the Consent Order is not to protect persons in my situation who would ever be eligible for*

*compensation from the Consent Order?*

30.    Further, it is my understanding this Honorable Court has approved the transfer of

the GMACM'S interest in the Western Pacific Mortgage to a different entity, who then

transferred to another entity, and my Certificate of Title now has two additional clouds, and it

will take additional litigation to have those interests removed.

31.    I do wonder if anyone has informed the transferee that GMAC never had any

interest in the Western Pacific Mortgage recorded on my property, but that is not my kuleana.

32.    Respectfully, I request this Honorable Court grant me relief in this matter, and allow my Claim #4091 to survive the Borrower's Trust Objection, and to make the determination my Claim is eligible for payment from the Consent Order.

Declarant, Declares under penalty of perjury that the foregoing is true and correct.

Executed this **5**th day of **June**, 2015.
Kapolei, Hawaii

Joycelyn W. Unciano, Declarant

1ST CIRCUIT COURT
STATE OF HAWAII
FILED

2010 OCT 27 PM 2:35

A. MARPLE
CLERK

IN THE CIRCUIT COURT OF THE FIRST CIRCUIT

STATE OF HAWAII

| | |
|---|---|
| COLEEN ETSUKO TOM and<br>JOYCELYN WANDA UNCIANO,<br><br>      Plaintiffs,<br><br>   v.<br><br>GMAC Mortgage, LLC, a<br>Delaware Limited Liability<br>Company, registered to do<br>Business in the State of<br>Pennsylvania; DAVID B. ROSEN,<br>ESQ., an attorney licensed<br>to practice law in the State<br>of Hawaii; KRISTINE WILSON,<br>individually and in her<br>capacity as Limited Signing<br>Officer for GMAC Mortgage,<br>LLC; DOE INDIVIDUALS 1-10;<br>DOE BUSINESS ENTITIES 1-10;<br>DOE LLCs 1-10; and DOE<br>CORPORATE ENTITIES 1-10,<br><br>      Defendants. | Civ. No. 10-1-2273-10<br><br>ORDER GRANTING PLAINTIFFS'<br>EX PARTE MOTION FOR TEMPORARY<br>RESTRAINING ORDER TO ENJOIN<br>DEFENDANTS' NON-JUDICIAL<br>FORECLOSURE AUCTION SCHEDULED<br>FOR OCTOBER 29, 2010 |

ORDER GRANTING PLAINTIFFS' EX PARTE MOTION FOR TEMPORARY
RESTRAINING ORDER TO ENJOIN DEFENDANTS' NON-JUDICIAL
FORECLOSURE AUCTION SCHEDULED FOR OCTOBER 29, 2010

Upon review of (1) Plaintiffs' Ex Parte Motion for

Temporary Restraining Order to Enjoin Defendants' Non-Judicial

Foreclosure Auction Scheduled for October 29, 2010 and (2)

Plaintiffs' Verified Complaint and attached exhibits filed in

this court on October 25, 2010, the court, pursuant to Hawaii

Rules of Civil Procedure Rule 65(b), hereby GRANTS Plaintiffs'

motion for the following reasons:

**EXHIBIT "A"**

CV 10-00653(SOM)(BMK)

EXHIBIT 8

1.   Plaintiffs have shown, and the court takes judicial notice, that a judicial foreclosure proceeding upon the same real property is pending before this court (The Honorable Judge Bert I. Ayabe presiding) in Civ. No. 03-1-1029-05, Homecomings Financial, LLC v. Coleen Etsuko Tom (et al.), the complaint having been originally filed on May 15, 2003.

2.   It appears that the real property in question is described as 92-309 Nohona Place, Kapolei, Hawaii (as reflected in the May 15, 2003 complaint in Civ. No. 03-1-1029-05) or, in the alternative, as 92-309 Nohona Street, Kapolei, Hawaii (as described by plaintiffs in their ex parte motion for temporary restraining order, and as asserted by the May 15, 2003 complaint in Civ. No. 03-1-1029-05 to be the true property address).

3.   The court takes judicial notice that the judicial foreclosure proceeding in Civ. No. 03-1-1029-05 is still pending.

4.   The court takes judicial notice that as of December 10, 2008, in Civ. No. 03-1-1029-05, party Homecomings Financial, LLC substituted itself as plaintiff in place of Homecomings Financial Network, Inc., pursuant to court order granting the substitution.

5.   The court takes judicial notice that the May 15, 2003 complaint in Civ. No. 03-1-1029-05 seeks judicial foreclosure upon an alleged mortgage dated March 21, 1995,

CV 10-00653(SOM)(BMK)

2

EXHIBIT $\mathcal{B}$

executed by Wayne Noelani Tom and Coleen Etsuko Tom, filed in the Office of the Assistant Registrar, Land Court, State of Hawaii on March 24, 1995, allegedly recorded as Document No. 2226366 and noted on Transfer Certificate of Title No. 546,739.

6.   It appears that an Assignment of Mortgage was recorded in the State of Hawaii Land Court and/or in State of Hawaii the Bureau of Conveyances on September 16, 2010, in which entity Homecomings Financial Network, Inc. assigned from itself to GMAC Mortgage, LLC a mortgage purportedly dated March 21, 1995, executed by Wayne Noelani Tom and Coleen Etsuko Tom, filed in the Office of the Assistant Registrar, Land Court, State of Hawaii on March 24, 1995, recorded as Document No. 2226366 and noted on Transfer Certificate of Title No. 454,267.

7.   This Assignment of Mortgage recorded September 16, 2010 appears to bear hand-written corrections referencing a "CT 546,739."

8.   This Assignment of Mortgage recorded September 16, 2010 is signed on behalf of Homecomings Financial Network, Inc. by a certain Kristine Wilson as Vice President.

9.   The court has also received from Plaintiffs a "Notice of Mortgagee's Intention to Foreclose Under Power of Sale" dated September 15, 2010, which references a mortgage dated March 21, 1995, recorded on March 24, 1995 in the Office of the Assistant Registrar in the County of Honolulu, State of

CV 10-00653(SOM)(BMK)

3

EXHIBIT 8

Hawaii, Land Court, as Document No. 2226366, on Transfer

Certificate Title No. 454,267, the subject real property located

at "92-309 NOHONA PLACE ALSO APPEARING OF RECORD AS 92-309

NOHONA STREET KAPOLEI HI 96707".

10.   The aforementioned "Notice of Mortgagee's

Intention to Foreclose Under Power of Sale" dated September 15,

2010 was signed for GMAC Mortgage, LLC by Kristine Wilson, who

was designated as "Limited Signing Officer".

11.   According to the aforementioned "Notice of

Mortgagee's Intention to Foreclose Under Power of Sale" dated

September 15, 2010, inquiries are to be directed to David B.

Rosen, Esq.

12.   It appears to this court that both (a) the

judicial foreclosure pending in Civ. No. 03-1-1029-05 before

this court and (b) the non-judicial foreclosure proceedings

apparently initiated and/or reflected by the "Notice of

Mortgagee's Intention to Foreclose Under Power of Sale" dated

September 15, 2010 concern the same mortgage upon the same real

property.

13.   It further appears to this court that party

Kristine Wilson, who is nominally Vice President of entity

Homecomings Financial Network, Inc., is also acting as "Limited

Signing Officer" for GMAC Mortgage, LLC for purposes of

attempting, or noticing, a non-judicial foreclosure of the

CV 10-00653(SOM)(BMK)

4

EXHIBIT 8

subject mortgage in the instant matter.

14. The court is concerned by what appears to be
simultaneous judicial and non-judicial foreclosure proceedings
upon the same mortgage and same real property, by two apparently
separate competing mortgagees, Homecomings Financial, LLC and
GMAC Mortgage, LLC.

15. The court is additionally concerned by Kristine
Wilson acting as Vice President of apparently former plaintiff
Homecomings Financial Network, Inc. in Civ. No. 03-1-1029-05 and
as "Limited Signing Officer" for GMAC Mortgage, LLC in the non-
judicial foreclosure proceedings, and cannot ascertain, at
minimum, whether Kristine Wilson has proper authority to act as
GMAC Mortgage, LLC's "Limited Signing Officer" and/or to act on
behalf of GMAC Mortgage, LLC in signing a "Notice of Mortgagee's
Intention to Foreclose Under Power of Sale".

16. Because the non-judicial foreclosure auction upon
the real property described as 92-309 Nohona Place, Kapolei,
Hawaii or 92-309 Nohona Street, Kapolei, Hawaii, which is
alleged to be Plaintiffs' family home, is allegedly scheduled to
occur on Friday, October 29, 2010, the court finds that it
clearly appears from specific facts shown by Plaintiffs'
verified complaint and the attached exhibits thereto that
immediate and irreparable injury or loss will result to
Plaintiffs-applicants before Defendants or Defendants' attorneys

CV 10-00653(SOM)(BMK)

EXHIBIT 8

can be heard in opposition to Plaintiffs' motion for temporary
restraining order (submitted *ex parte*).

## TEMPORARY RESTRAINING ORDER

THEREFORE, it is hereby ordered, adjudged and decreed
that:

1.   Plaintiffs' motion is hereby granted, and the
Temporary Restraining Order is hereby issued.

2.   Defendants GMAC MORTGAGE, LLC, KRISTINE WILSON,
and DAVID B. ROSEN, ESQ. are enjoined from taking any
further action to conduct a non-judicial foreclosure sale
regarding the real property located at 92-309 Nohona
Street, Kapolei, HI (also known as 92-309 Nohona Place,
Kapolei, HI).

3.   This Temporary Restraining Order is effective
until Friday, November 5, 2010, at 4:00 P.M.   The hearing
on Plaintiffs' "Motion for Preliminary Injunction to Enjoin
Defendants' Non-Judicial Foreclosure Auction Scheduled for
October 29, 2010 Pursuant to Rule 65 HRCP and HRS §480-
13(b)2) [sic]" is scheduled for hearing before the
Honorable Karl. K. Sakamoto on ___*Nov. 3*___, 2010, at
_*9:30*_(A.M./P.M., in his Courtroom at Kaahumanu Hale,
777 Punchbowl Street, Honolulu, HI 96813.

CV 10-00653(SOM)(BMK)

EXHIBIT _8_

ε

OCT 2 7 2010

DATED:   Honolulu, Hawaii _____,

at _____ /2 _____ A.M. / (P.M.)


_Karl K. Sakamoto_
_____
KARL K. SAKAMOTO
Judge of the above-entitled Court


CV 10-00653(SOM)(BMK)

EXHIBIT 8

**NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER**

Electronically Filed
Intermediate Court of Appeals
CAAP-11-0001081
30-JUN-2014
09:39 AM

NOS. CAAP-11-0001081, CAAP-13-0000396,
and CAAP-13-0001307

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

**CAAP-11-0001081**

GMAC MORTGAGE, LLC, a Delaware Limited Liability Company,
Plaintiff-Appellee,
vs.
JOYCELYN WANDA UNCIANO, Defendant-Appellant
and
WAYNE NOELANI TOM, et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 03-1-1029-05)

and

**CAAP-13-0000306**

GMAC MORTGAGE, LLC, a Delaware Limited Liability Company,
Plaintiff-Appellee,
vs.
JOYCELYN WANDA UNCIANO, Defendant-Appellant
and
WAYNE NOELANI TOM, et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 03-1-1029-05)

and

EXHIBIT "B"

I hereby certify that the foregoing
is a true copy of the original.
Dated, Honolulu, Hawai'i
APR 2 9 2015

Clerk, Appellate Courts
State of Hawai'i

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

**CAAP-13-0001307**
JOYCELYN W. UNCIANO, Petitioner-Appellant,
vs.
GMAC MORTGAGE, LLC, Respondent-Appellee

APPEAL FROM THE LAND COURT OF THE STATE OF HAWAIʻI
(APPLICATION NO. 1069; CASE NO. 11-1069)

SUMMARY DISPOSITION ORDER
(By: Nakamura, Chief Judge, and Fujise and Reifurth, JJ.)

In these consolidated appeals, Defendant-Appellant
Joycelyn W. Unciano (Unciano) appeals from: (1) the Judgment
filed in the Circuit Court of the First Circuit (Circuit Court)[1]
on August 18, 2011 (Foreclosure Judgment), entered pursuant to
the Circuit Court's "Findings of Fact; Conclusions of Law; and
Order Granting Plaintiff's Motion to (1) Substitute Party and
Amend Caption, and (2) for Summary Judgment and for Interlocutory
Decree of Foreclosure";[2] (2) the Judgment filed in the Circuit
Court on March 25, 2013 (Confirmation of Sale Judgment), entered
pursuant to the Circuit Court's "Order Granting in Part and
Denying in Part Plaintiff's Motion for (1) Confirmation of Sale,
(2) Approval of Commissioner's Report, (3) Attorneys' Fees and
Costs; and (4) a Deficiency Judgment, filed on May 23, 2012";[3]
(3) the Judgment for Possession filed by the Circuit Court on
March 25, 2013; and (4) the "Final Order and Decree Denying
Petition of Joycelyn Wanda Unciano to Cancel Land Court Order
186175 and Amendment of Transfer Certificate of Title No.
546,739, Filed August 4, 2011" (Order Denying Land Court

---

[1] The Honorable Bert I. Ayabe presided over the entry of the pertinent
judgments and orders issued by the Circuit Court after July 1, 2009.   The
Honorable Karen N. Blondin presided over the entry of orders in the Circuit
Court prior to that time.

[2] The Circuit Court certified the Foreclosure Judgment as a final
judgment under Hawaiʻi Rules of Civil Procedure (HRCP) Rule 54(b) (2000).

[3] The Circuit Court certified the Confirmation of Sale Judgment as a
final judgment under HRCP Rule 54(b).

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Petition) filed in the Land Court of the State of Hawai'i (Land Court)[4] on May 20, 2013.[5]

Unciano's primary argument underlying all her consolidated appeals is that Plaintiff-Appellee GMAC Mortgage, LLC (GMAC) did not establish that, and there were genuine issues of material fact concerning whether, GMAC was the valid holder of the note and mortgage on which the foreclosure action regarding the subject property is based. As explained below, we conclude that there were genuine issues of material fact regarding whether GMAC was the valid holder of the note and mortgage on the subject property. We therefore vacate the Foreclosure Judgment, Confirmation of Sale Judgment, Judgment for Possession, and Order Denying Land Court Petition, and we remand for further proceedings.[6]

I.

On March 21, 1995, Wayne and Coleen Tom (collectively, the "Toms") executed a promissory note (Note) in favor of Western Pacific Mortgage, Inc. (Western Pacific). The Note was secured by a mortgage (Mortgage) executed by the Toms in favor of Western Pacific on property located at 92-309 Nohona Place, Kapolei,

---

[4] The Honorable Gary W.B. Chang presided.

[5] GMAC filed separate requests for judicial notice in CAAP-11-0001081, CAAP-13-0000306, and CAAP-13-0001307, requesting that we take judicial notice of various matters filed and proceedings held in the cases underlying these consolidated appeals and in related cases filed in Circuit Court and federal court, as well as certain documents regarding the Subject Property filed in Land Court. We grant GMAC's requests for judicial notice as we conclude that its requests pertain to materials that are the proper subjects of judicial notice. See Hawai'i Rules of Evidence Rule 201 (1993); Roxas v. Marcos, 89 Hawai'i 91, 110 n.9, 969 P.2d 1209, 1228 n.9 (1998).

[6] We reject Unciano's claim that the Circuit Court and Land Court were divested of jurisdiction to enter the challenged judgments and orders based on GMAC's removal to federal court of a separate lawsuit filed by Unciano and the Toms. The removed action raised issues and sought relief that were different than the issues raised and relief sought in the actions underlying this appeal, and the federal court itself recognized that the Circuit Court and Land Court cases at issue here were ongoing.

Hawai'i (Subject Property).[2]   The Mortgage was recorded in Land
Court and noted on the Subject Property's certificate of title.

On December 1, 1999, the Toms conveyed the Subject
Property to Unciano by Warranty Deed, and the Land Court issued
Transfer Certificate of Title (TCT) No. 546,739, which identified
Unciano as the registered owner of the Subject Property.   Unciano
did not assume the Toms' obligations under the Note and Mortgage.
After transferring the Subject Property to Unciano, the Toms
defaulted on their obligations under the Note and Mortgage.

The Mortgage was transferred by various assignments.
In 2000, Fleet Mortgage Corp. (Fleet), the holder of the Mortgage
at that time, instituted a non-judicial foreclosure of the
Mortgage, which resulted in the sale of the Subject Property to
Fleet as the successful bidder at the public auction.   However,
Fleet subsequently rescinded its non-judicial foreclosure, and
Fleet obtained an order from the Land Court cancelling the
transfer certificate of title issued pursuant to the non-judicial
foreclosure and reinstating TCT No. 546,739, which identified
Unciano as the registered owner.

Subsequently, Washington Mutual Bank, FA (WAMU) became
the holder of the Note and Mortgage.   On May 15, 2003, WAMU filed
a complaint for judicial foreclosure in the Circuit Court
(Foreclosure Action), which is the action that underlies the
appeals from the Circuit Court.   After WAMU filed the Foreclosure
Action, the Circuit Court granted motions to substitute other
parties as the plaintiff based on the purported assignment of the
Mortgage.   GMAC was the last party substituted as the plaintiff,
and the Circuit Court's judgments challenged by Unciano on appeal
were all issued in favor of GMAC.

II.

Unciano's primary argument on appeal is that GMAC was
not entitled to pursue foreclosure of the Subject Property

_____

[2] The Note and Mortgage erroneously identified the address of the
Subject Property as 92-309 Nohona Street.

4

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

because it did not establish that it was the valid holder of the
Note and Mortgage on the Subject Property.  The following
evidence in the record is pertinent to this claim:

     1.  On May 1, 2006, WAMU assigned the Mortgage to
Homecomings Financial Network, Inc.  The Assignment of Mortgage
executed by WAMU identifies the "Assignee" of the mortgage as
"HOMECOMINGS FINANCIAL NETWORK, INC., a MINNESOTA CORPORATION,
whose address is 1 MERIDIAN CROSSING, SUITE 100, MINNEPOLIS, MN
55423[.]"  (Emphasis added.)

     2.  On September 10, 2008, Homecomings Financial, LLC,
a Delaware limited liability company, petitioned the Land Court
for an order regarding conversion of entity.  The petition
asserted that "HOMECOMINGS FINANCIAL NETWORK, INC., a Delaware
corporation, was converted into and under the charter and title
of HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability
company[.]"  (Emphasis added.)  Attached to the petition was a
Delaware certificate of conversion showing that on October 6,
2006, "Homecomings Financial Network, Inc., a Delaware
corporation" (emphasis added), which was first incorporated in
Delaware on October 10, 1995, and was incorporated in Delaware
immediately prior to filing the certificate of conversion, was
converted to Homecomings Financial, LLC, a Delaware limited
liability company.  The Land Court issued an order on September
10, 2008, granting Homecomings Financial, LLC's petition, which
authorized the Assistant Registrar of the Land Court to accept
for filing documents executed in the petitioner's new name,
Homecomings Financial, LLC.

     GMAC's claim that it was the valid holder of the
Mortgage is based on an assignment from Homecomings Financial,
LLC.[8/]  Significant to this appeal, GMAC has not cited to any

---

    [8/] On August 27, 2010, GMAC recorded an assignment of mortgage from
"Homecomings Financial Network, Inc." (with no reference to the state of
incorporation) to GMAC in the Land Court on TCT No. 546,739.  On March 2,
2011, GMAC filed a "Petition of GMAC Mortgage, LLC for Amendment of Transfer
Certificate of Title No. 546,739 and Order" (Petition for Correction).  The
(continued...)

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

evidence in the record (and we are not aware of any evidence) which shows (1) that Homecomings Financial Network, Inc., a Minnesota corporation (hereinafter, "Homecomings, Inc. (Minnesota)"), the entity to which WAMU assigned the Mortgage, was the same entity as Homecomings Financial Network, Inc., a Delaware corporation (hereinafter, "Homecomings, Inc. (Delaware)"), which was converted into Homecomings Financial, LLC; or (2) that Homecomings, Inc. (Minnesota) transferred the Mortgage to Homecomings, Inc. (Delaware) or to Homecomings Financial, LLC.[9]

III.

GMAC moved in the Circuit Court to substitute as the plaintiff for Homecomings Financial, LLC in the Foreclosure Action and for summary judgment and decree of foreclosure.[10] Unciano opposed GMAC's motion arguing, among other things, that there were genuine issues of material fact as to whether GMAC was the owner and holder of the Mortgage and had the authority to foreclose on the Subject Property.  In opposing GMAC's motion, Unciano cited to evidence in the record showing that WAMU assigned the Mortgage to Homecomings, Inc. (Minnesota) as well as to the absence of any evidence in the record linking GMAC to any assignment derived from Homecomings, Inc. (Minnesota).  In particular, Unciano asserted and demonstrated that GMAC had

---

[9] (...continued)
Petition for Correction sought to amend TCT No. 546,739 to show that the assignment of the Mortgage was from Homecomings Financial, LLC, instead of Homecomings Financial Network, Inc.  In support of its Petition for Correction, GMAC cited the Land Court's prior order granting Homecomings Financial, LLC's petition regarding the conversion of entity from Homecomings, Financial Network, Inc., a Delaware corporation, to Homecomings Financial, LLC.  The Land Court issued Order 186175, which granted the Petition for Correction, and it recorded Order 186175 on TCT No. 546,739 on March 3, 2011. Unciano subsequently petitioned the Land Court to cancel Order 186175 and the amendment it made to TCT No. 546,739.

[9] GMAC also has not cited to any evidence in the record that shows that Homecomings, Inc. (Minnesota) and Homecomings, Inc. (Delaware) were related in some fashion.

[10] The motion was jointly filed by GMAC and Homecomings Financial, LLC, which the Circuit Court had previously substituted as the plaintiff.

6

failed to present any evidence showing that Homecomings, Inc.
(Minnesota) was the same entity as Homecomings, Inc. (Delaware),
or that Homecomings, Inc. (Minnesota) was in any way related to
Homecomings, Inc. (Delaware).  Despite the specific showing and
assertions made by Unciano, GMAC did not respond by presenting
any evidence that Homecomings, Inc. (Minnesota) and Homecomings,
Inc. (Delaware) were the same entity or were related in some
fashion.  GMAC also did not present any evidence showing that
Homecomings, Inc. (Minnesota) has assigned the Mortgage to
Homecomings Inc. (Delaware) or to Homecomings Financial, LLC.

IV.

We review a trial court's grant or denial of summary
judgment de novo, Querubin v. Thronas, 107 Hawai'i 48, 56, 109
P.3d 689, 697 (2005), using the same standard applicable to the
trial court.  Iddings v. Mee-Lee, 82 Hawai'i 1, 5, 919 P.2d 263,
267 (1996).  Summary judgment is proper "if the pleadings,
depositions, answers to interrogatories, and admissions on file,
together with the affidavits, if any, show that there is no
genuine issue as to any material fact and that the moving party
is entitled to a judgment as a matter of law."  HRCP Rule 56(c)
(2000).  "A fact is material if proof of that fact would have the
effect of establishing or refuting one of the essential elements
of a cause of action or defense asserted by the parties."  Blair
v. Ing, 95 Hawai'i 247, 252, 21 P.3d 452, 457 (2001) (internal
quotation marks and citation omitted; format altered).  The
evidence and the inferences drawn from the evidence must be
viewed in the light most favorable to the non-moving party.
Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104,
176 P.3d 91, 103 (2008).

> The burden is on the party moving for summary judgment
> (moving party) to show the absence of any genuine issue as
> to all material facts, which, under applicable principles of
> substantive law, entitles the moving party to judgment as a
> matter of law.  This burden has two components.
>
> First, the moving party has the burden of producing
> support for its claim that: (1) no genuine issue of material
> fact exists with respect to the essential elements of the

7

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

> claim or defense which the motion seeks to establish or
> which the motion questions; and (2) based on the undisputed
> facts, it is entitled to summary judgment as a matter of
> law.  Only when the moving party satisfies its initial
> burden of production does the burden shift to the non-moving
> party to respond to the motion for summary judgment and
> demonstrate specific facts, as opposed to general
> allegations, that present a genuine issue worthy of trial.
>
> Second, the moving party bears the ultimate burden of
> persuasion.  This burden always remains with the moving
> party and requires the moving party to convince the court
> that no genuine issue of material fact exists and that the
> moving party is entitled to summary judgment as a matter of
> law.

French v. Hawaii Pizza Hut, Inc., 105 Hawai'i 462, 470, 99 P.3d
1046, 1054 (2004) (emphasis in original omitted; format altered)
(quoting GECC Fin. Corp. v. Jaffarian, 79 Hawai'i 516, 521, 904
P.2d 530, 535 (App. 1995)).

As summarized above, in opposition to GMAC's motion for
summary judgment, Unciano made a specific showing (through
presenting evidence and identifying the absence of evidence) of a
clear break or gap between the assignment of the Mortgage to
Homecomings Inc. (Minnesota) and the purported acquisition by
Homecomings Inc. (Delaware) of the Mortgage.  GMAC's claim to
ownership of the Mortgage was based on an assignment by
Homecomings Financial, LLC, the entity into which Homecomings
Inc. (Delaware) had been converted.  However, GMAC failed in the
Circuit Court to present evidence showing how Homecomings Inc.
(Delaware) had acquired the Mortgage.  Based on the existing
record, we conclude that there were genuine issues of material
fact as to whether Homecomings Inc. (Delaware) had been a valid
owner and holder of the Mortgage.  This, in turn, created genuine
issues of material fact regarding whether GMAC (whose interest in
the Mortgage was derived from Homecomings Inc. (Delaware)) was
the owner of the Mortgage and was entitled to foreclose on the
Subject Property.  Accordingly, we conclude that the Circuit
Court erred in granting GMAC's motion for summary judgment and
decree of foreclosure.[11/]

---

[11/] GMAC argues that Unciano did not prove that Homecomings Inc.
(Minnesota) and Homecomings, Inc. (Delaware) were separate entities.  However,
(continued...)

8

For essentially the same reasons, we conclude that the
Circuit Court erred in substituting GMAC for Homecomings
Financial, LLC as the plaintiff.  GMAC lacks standing to pursue
the Foreclosure Action unless GMAC can show that it is the owner
of the Mortgage.  Therefore, we vacate the Circuit Court's
Foreclosure Judgment, which was based on the Circuit Court's
order granting GMAC's motion to substitute as the plaintiff and
for summary judgment and decree of foreclosure, and we remand the
case for further proceedings.[12]

V.

The Circuit Court's Confirmation of Sale Judgment and
Judgment for Possession were based on its Foreclosure Judgment.
Our decision to vacate the Foreclosure Judgment requires that we
also vacate the Confirmation of Sale Judgment and Judgment for
Possession.  We also vacate the Land Court's Order Denying Land
Court Petition.  The question of whether the assignment of
mortgage to GMAC is properly recorded on TCT No. 546,739 will
depend upon how the dispute over whether GMAC is the valid owner
of the Mortgage is resolved on remand.

VI.

For the foregoing reasons, we: (1) vacate the Circuit
Court's Foreclosure Judgment, Confirmation of Sale Judgment, and
Judgment for Possession; (2) vacate the Land Court's Order

---

[11] (...continued)
as the movant in the motion for summary judgment and decree of foreclosure,
GMAC had the burden of establishing the absence of a genuine issue of material
fact and its entitlement to relief.

[12] We reject Unciano's claim that she was entitled to summary judgment
in the Foreclosure Action.  GMAC would be entitled to the relief it requests
in the Foreclosure Action if it can show on remand that it is the owner of the
Mortgage.

9

Denying Land Court Petition; and (3) remand the matters for
further proceedings consistent with this Summary Disposition
Order.

DATED: Honolulu, Hawai'i, June 30, 2014.

On the briefs:

Joycelyn W. Unciano
Defendant-Appellant Pro Se

Chief Judge

Louise K.Y. Ing
Laura P. Mortiz
(Alston Hunt Floyd & Ing)
for Plaintiff-Appellee

Associate Judge

Associate Judge

10

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001307
27-AUG-2014
01:27 PM

NOS. CAAP-11-0001081, CAAP-13-0000306,
and CAAP-13-0001307

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

### CAAP-11-0001081
GMAC MORTGAGE, LLC, a Delaware Limited Liability Company,
Plaintiff-Appellee,
vs.
JOYCELYN WANDA UNCIANO, Defendant-Appellant
and
WAYNE NOELANI TOM, et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 03-1-1029-05)

and

### CAAP-13-0000306
GMAC MORTGAGE, LLC, a Delaware Limited Liability Company,
Plaintiff-Appellee,
vs.
JOYCELYN WANDA UNCIANO, Defendant-Appellant
and
WAYNE NOELANI TOM, et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 03-1-1029-05)

and

EXHIBIT "C"

I hereby certify that the foregoing
is a true copy of the original.
Dated, Honolulu, Hawai'i

APR 2 9 2015

Clerk, Appellate Courts
State of Hawai'i

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

**CAAP-13-0001307**
JOYCELYN W. UNCIANO, Petitioner-Appellant,
vs.
GMAC MORTGAGE, LLC, Respondent-Appellee

APPEAL FROM THE LAND COURT OF THE STATE OF HAWAI'I
(APPLICATION NO. 1069; CASE NO. 11-1069)

ORDER OF CORRECTION
(By: Nakamura, Chief Judge, for the court[1/])

The Summary Disposition Order of the court, filed on
June 30, 2014, is hereby corrected as follows:

On page 1, in first line of the caption, the reference
to "CAAP-13-0000396" should be corrected to read "CAAP-13-
0000306."

The clerk of the court is directed to take all
necessary steps to notify the publishing agencies of this change.

DATED: Honolulu, Hawai'i, August 27, 2014.

FOR THE COURT:

*Craig H. Nakamura*

Chief Judge

---

[1/] Nakamura, Chief Judge, and Fujise and Reifurth, JJ.

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001307
27-AUG-2014
01:32 PM

NOS. CAAP-11-0001081, CAAP-13-0000306,
and CAAP-13-0001307

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

### CAAP-11-0001081

GMAC MORTGAGE, LLC, a Delaware Limited Liability Company,
Plaintiff-Appellee,
vs.
JOYCELYN WANDA UNCIANO, Defendant-Appellant
and
WAYNE NOELANI TOM, et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 03-1-1029-05)

and

### CAAP-13-0000306

GMAC MORTGAGE, LLC, a Delaware Limited Liability Company,
Plaintiff-Appellee,
vs.
JOYCELYN WANDA UNCIANO, Defendant-Appellant
and
WAYNE NOELANI TOM, et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 03-1-1029-05)

and

## EXHIBIT "D"

I hereby certify that the foregoing
is a true copy of the original.
Dated, Honolulu, Hawai'i

APR-29 2015

Clerk Appellate Courts
State of Hawai'i

**CAAP-13-0001307**
JOYCELYN W. UNCIANO, Petitioner-Appellant,
vs.
GMAC MORTGAGE, LLC, Respondent-Appellee

APPEAL FROM THE LAND COURT OF THE STATE OF HAWAI'I
(APPLICATION NO. 1069; CASE NO. 11-1069)

JUDGMENT ON APPEAL
(By: Nakamura, Chief Judge, for the court[1]/)

        Pursuant to the Summary Disposition Order of the
Intermediate Court of Appeals of the State of Hawai'i entered on
June 30, 2014, and the Order of Correction filed on August 27,
2014, (1) the Judgment filed in the Circuit Court of the First
Circuit (Circuit Court) on August 18, 2011; (2) the Judgment
filed in the Circuit Court on March 25, 2013; (3) the Judgment
for Possession filed by the Circuit Court on March 25, 2013; and
(4) the "Final Order and Decree Denying Petition of Joycelyn
Wanda Unciano to Cancel Land Court Order 186175 and Amendment of
Transfer Certificate of Title No. 546,739, Filed August 4, 2011,"
which was filed in the Land Court of the State of Hawai'i on May
20, 2013, are vacated, and the matters are remanded for further
proceedings consistent with the Summary Disposition Order.

        DATED: Honolulu, Hawai'i, August 27, 2014.

                                FOR THE COURT:

                                _Craig H. Nakamura_
                                Chief Judge

---

[1]/    Nakamura, Chief Judge, and Fujise and Reifurth, JJ.

2

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Electronically Filed
Intermediate Court of Appeals
CAAP-13-0001307
30-JUN-2014
09:48 AM

NOS. CAAP-11-0001081, CAAP-13-0000396,
and CAAP-13-0001307

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

### CAAP-11-0001081

GMAC MORTGAGE, LLC, a Delaware Limited Liability Company,
Plaintiff-Appellee,
vs.
JOYCELYN WANDA UNCIANO, Defendant-Appellant
and
WAYNE NOELANI TOM, et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 03-1-1029-05)

and

### CAAP-13-0000306

GMAC MORTGAGE, LLC, a Delaware Limited Liability Company,
Plaintiff-Appellee,
vs.
JOYCELYN WANDA UNCIANO, Defendant-Appellant
and
WAYNE NOELANI TOM, et al., Defendants

APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(Civil No. 03-1-1029-05)

and

EXHIBIT "E"

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

<u>CAAP-13-0001307</u>
JOYCELYN W. UNCIANO, Petitioner-Appellant,
vs.
GMAC MORTGAGE, LLC, Respondent-Appellee

APPEAL FROM THE LAND COURT OF THE STATE OF HAWAI'I
(APPLICATION NO. 1069; CASE NO. 11-1069)

<u>SUMMARY DISPOSITION ORDER</u>
(By: Nakamura, Chief Judge, and Fujise and Reifurth, JJ.)


In these consolidated appeals, Defendant-Appellant
Joycelyn W. Unciano (Unciano) appeals from: (1) the Judgment
filed in the Circuit Court of the First Circuit (Circuit Court)[1]
on August 18, 2011 (Foreclosure Judgment), entered pursuant to
the Circuit Court's "Findings of Fact; Conclusions of Law; and
Order Granting Plaintiff's Motion to (1) Substitute Party and
Amend Caption, and (2) for Summary Judgment and for Interlocutory
Decree of Foreclosure";[2] (2) the Judgment filed in the Circuit
Court on March 25, 2013 (Confirmation of Sale Judgment), entered
pursuant to the Circuit Court's "Order Granting in Part and
Denying in Part Plaintiff's Motion for (1) Confirmation of Sale,
(2) Approval of Commissioner's Report, (3) Attorneys' Fees and
Costs; and (4) a Deficiency Judgment, filed on May 23, 2012";[3]
(3) the Judgment for Possession filed by the Circuit Court on
March 25, 2013; and (4) the "Final Order and Decree Denying
Petition of Joycelyn Wanda Unciano to Cancel Land Court Order
186175 and Amendment of Transfer Certificate of Title No.
546,739, Filed August 4, 2011" (Order Denying Land Court

---

[1] The Honorable Bert I. Ayabe presided over the entry of the pertinent
judgments and orders issued by the Circuit Court after July 1, 2009. The
Honorable Karen N. Blondin presided over the entry of orders in the Circuit
Court prior to that time.

[2] The Circuit Court certified the Foreclosure Judgment as a final
judgment under Hawai'i Rules of Civil Procedure (HRCP) Rule 54(b) (2000).

[3] The Circuit Court certified the Confirmation of Sale Judgment as a
final judgment under HRCP Rule 54(b).

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

Petition) filed in the Land Court of the State of Hawai'i (Land Court)[1] on May 20, 2013.[2]

Unciano's primary argument underlying all her consolidated appeals is that Plaintiff-Appellee GMAC Mortgage, LLC (GMAC) did not establish that, and there were genuine issues of material fact concerning whether, GMAC was the valid holder of the note and mortgage on which the foreclosure action regarding the subject property is based. As explained below, we conclude that there were genuine issues of material fact regarding whether GMAC was the valid holder of the note and mortgage on the subject property. We therefore vacate the Foreclosure Judgment, Confirmation of Sale Judgment, Judgment for Possession, and Order Denying Land Court Petition, and we remand for further proceedings.[3]

I.

On March 21, 1995, Wayne and Coleen Tom (collectively, the "Toms") executed a promissory note (Note) in favor of Western Pacific Mortgage, Inc. (Western Pacific). The Note was secured by a mortgage (Mortgage) executed by the Toms in favor of Western Pacific on property located at 92-309 Nohona Place, Kapolei,

---

[1] The Honorable Gary W.B. Chang presided.

[2] GMAC filed separate requests for judicial notice in CAAP-11-0001081, CAAP-13-0000306, and CAAP-13-0001307, requesting that we take judicial notice of various matters filed and proceedings held in the cases underlying these consolidated appeals and in related cases filed in Circuit Court and federal court, as well as certain documents regarding the Subject Property filed in Land Court. We grant GMAC's requests for judicial notice as we conclude that its requests pertain to materials that are the proper subjects of judicial notice. See Hawai'i Rules of Evidence Rule 201 (1993); Roxas v. Marcos, 89 Hawai'i 91, 110 n.9, 969 P.2d 1209, 1228 n.9 (1998).

[3] We reject Unciano's claim that the Circuit Court and Land Court were divested of jurisdiction to enter the challenged judgments and orders based on GMAC's removal to federal court of a separate lawsuit filed by Unciano and the Toms. The removed action raised issues and sought relief that were different than the issues raised and relief sought in the actions underlying this appeal, and the federal court itself recognized that the Circuit Court and Land Court cases at issue here were ongoing.

Hawai'i (Subject Property).[2/]  The Mortgage was recorded in Land
Court and noted on the Subject Property's certificate of title.

On December 1, 1999, the Toms conveyed the Subject
Property to Unciano by Warranty Deed, and the Land Court issued
Transfer Certificate of Title (TCT) No. 546,739, which identified
Unciano as the registered owner of the Subject Property.  Unciano
did not assume the Toms' obligations under the Note and Mortgage.
After transferring the Subject Property to Unciano, the Toms
defaulted on their obligations under the Note and Mortgage.

The Mortgage was transferred by various assignments.
In 2000, Fleet Mortgage Corp. (Fleet), the holder of the Mortgage
at that time, instituted a non-judicial foreclosure of the
Mortgage, which resulted in the sale of the Subject Property to
Fleet as the successful bidder at the public auction.  However,
Fleet subsequently rescinded its non-judicial foreclosure, and
Fleet obtained an order from the Land Court cancelling the
transfer certificate of title issued pursuant to the non-judicial
foreclosure and reinstating TCT No. 546,739, which identified
Unciano as the registered owner.

Subsequently, Washington Mutual Bank, FA (WAMU) became
the holder of the Note and Mortgage.  On May 15, 2003, WAMU filed
a complaint for judicial foreclosure in the Circuit Court
(Foreclosure Action), which is the action that underlies the
appeals from the Circuit Court.  After WAMU filed the Foreclosure
Action, the Circuit Court granted motions to substitute other
parties as the plaintiff based on the purported assignment of the
Mortgage.  GMAC was the last party substituted as the plaintiff,
and the Circuit Court's judgments challenged by Unciano on appeal
were all issued in favor of GMAC.

II.

Unciano's primary argument on appeal is that GMAC was
not entitled to pursue foreclosure of the Subject Property

---

[2/] The Note and Mortgage erroneously identified the address of the
Subject Property as 92-309 Nohona Street.

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

because it did not establish that it was the valid holder of the
Note and Mortgage on the Subject Property.  The following
evidence in the record is pertinent to this claim:

     1.    On May 1, 2006, WAMU assigned the Mortgage to
Homecomings Financial Network, Inc.  The Assignment of Mortgage
executed by WAMU identifies the "Assignee" of the mortgage as
"HOMECOMINGS FINANCIAL NETWORK, INC., a MINNESOTA CORPORATION,
whose address is 1 MERIDIAN CROSSING, SUITE 100, MINNEPOLIS, MN
55423[.]"  (Emphasis added.)

     2.    On September 10, 2008, Homecomings Financial, LLC,
a Delaware limited liability company, petitioned the Land Court
for an order regarding conversion of entity.  The petition
asserted that "HOMECOMINGS FINANCIAL NETWORK, INC., a Delaware
corporation, was converted into and under the charter and title
of HOMECOMINGS FINANCIAL, LLC, a Delaware limited liability
company[.]"  (Emphasis added).  Attached to the petition was a
Delaware certificate of conversion showing that on October 6,
2006, "Homecomings Financial Network, Inc., a Delaware
corporation" (emphasis added), which was first incorporated in
Delaware on October 10, 1995, and was incorporated in Delaware
immediately prior to filing the certificate of conversion, was
converted to Homecomings Financial, LLC, a Delaware limited
liability company.  The Land Court issued an order on September
10, 2008, granting Homecomings Financial, LLC's petition, which
authorized the Assistant Registrar of the Land Court to accept
for filing documents executed in the petitioner's new name,
Homecomings Financial, LLC.

     GMAC's claim that it was the valid holder of the
Mortgage is based on an assignment from Homecomings Financial,
LLC.[8/]  Significant to this appeal, GMAC has not cited to any

---

[8/] On August 27, 2010, GMAC recorded an assignment of mortgage from
"Homecomings Financial Network, Inc." (with no reference to the state of
incorporation) to GMAC in the Land Court on TCT No. 546,739.  On March 2,
2011, GMAC filed a "Petition of GMAC Mortgage, LLC for Amendment of Transfer
Certificate of Title No. 546,739 and Order" (Petition for Correction).  The
                                                            (continued...)

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

evidence in the record (and we are not aware of any evidence) which shows (1) that Homecomings Financial Network, Inc., a Minnesota corporation (hereinafter, "Homecomings, Inc. (Minnesota)"), the entity to which WAMU assigned the Mortgage, was the same entity as Homecomings Financial Network, Inc., a Delaware corporation (hereinafter, "Homecomings, Inc. (Delaware)"), which was converted into Homecomings Financial, LLC; or (2) that Homecomings, Inc. (Minnesota) transferred the Mortgage to Homecomings, Inc. (Delaware) or to Homecomings Financial, LLC.[9]

III.

GMAC moved in the Circuit Court to substitute as the plaintiff for Homecomings Financial, LLC in the Foreclosure Action and for summary judgment and decree of foreclosure.[10] Unciano opposed GMAC's motion arguing, among other things, that there were genuine issues of material fact as to whether GMAC was the owner and holder of the Mortgage and had the authority to foreclose on the Subject Property. In opposing GMAC's motion, Unciano cited to evidence in the record showing that WAMU assigned the Mortgage to Homecomings, Inc. (Minnesota) as well as to the absence of any evidence in the record linking GMAC to any assignment derived from Homecomings, Inc. (Minnesota). In particular, Unciano asserted and demonstrated that GMAC had

---

[8](...continued)
Petition for Correction sought to amend TCT No. 546,739 to show that the assignment of the Mortgage was from Homecomings Financial, LLC, instead of Homecomings Financial Network, Inc. In support of its Petition for Correction, GMAC cited the Land Court's prior order granting Homecomings Financial, LLC's petition regarding the conversion of entity from Homecomings, Financial Network, Inc., a Delaware corporation, to Homecomings Financial, LLC. The Land Court issued Order 186175, which granted the Petition for Correction, and it recorded Order 186175 on TCT No. 546,739 on March 3, 2011. Unciano subsequently petitioned the Land Court to cancel Order 186175 and the amendment it made to TCT No. 546,739.

[9] GMAC also has not cited to any evidence in the record that shows that Homecomings, Inc. (Minnesota) and Homecomings, Inc. (Delaware) were related in some fashion.

[10] The motion was jointly filed by GMAC and Homecomings Financial, LLC, which the Circuit Court had previously substituted as the plaintiff.

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

failed to present any evidence showing that Homecomings, Inc. (Minnesota) was the same entity as Homecomings, Inc. (Delaware), or that Homecomings, Inc. (Minnesota) was in any way related to Homecomings, Inc. (Delaware).  Despite the specific showing and assertions made by Unciano, GMAC did not respond by presenting any evidence that Homecomings, Inc. (Minnesota) and Homecomings, Inc. (Delaware) were the same entity or were related in some fashion.  GMAC also did not present any evidence showing that Homecomings, Inc. (Minnesota) has assigned the Mortgage to Homecomings Inc. (Delaware) or to Homecomings Financial, LLC.

IV.

We review a trial court's grant or denial of summary judgment de novo, Querubin v. Thronas, 107 Hawai'i 48, 56, 109 P.3d 689, 697 (2005), using the same standard applicable to the trial court.  Iddings v. Mee-Lee, 82 Hawai'i 1, 5, 919 P.2d 263, 267 (1996).  Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  HRCP Rule 56(c) (2000).  "A fact is material if proof of that fact would have the effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties."  Blair v. Ing, 95 Hawai'i 247, 252, 21 P.3d 452, 457 (2001) (internal quotation marks and citation omitted; format altered).  The evidence and the inferences drawn from the evidence must be viewed in the light most favorable to the non-moving party. Kamaka v. Goodsill Anderson Quinn & Stifel, 117 Hawai'i 92, 104, 176 P.3d 91, 103 (2008).

> The burden is on the party moving for summary judgment (moving party) to show the absence of any genuine issue as to all material facts, which, under applicable principles of substantive law, entitles the moving party to judgment as a matter of law.  This burden has two components.
>
> First, the moving party has the burden of producing support for its claim that: (1) no genuine issue of material fact exists with respect to the essential elements of the

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

> claim or defense which the motion seeks to establish or
> which the motion questions; and (2) based on the undisputed
> facts, it is entitled to summary judgment as a matter of
> law.  Only when the moving party satisfies its initial
> burden of production does the burden shift to the non-moving
> party to respond to the motion for summary judgment and
> demonstrate specific facts, as opposed to general
> allegations, that present a genuine issue worthy of trial.
>
> Second, the moving party bears the ultimate burden of
> persuasion.  This burden always remains with the moving
> party and requires the moving party to convince the court
> that no genuine issue of material fact exists and that the
> moving party is entitled to summary judgment as a matter of
> law.

French v. Hawaii Pizza Hut, Inc., 105 Hawaiʻi 462, 470, 99 P.3d
1046, 1054 (2004) (emphasis in original omitted; format altered)
(quoting GECC Fin. Corp. v. Jaffarian, 79 Hawaiʻi 516, 521, 904
P.2d 530, 535 (App. 1995)).

As summarized above, in opposition to GMAC's motion for
summary judgment, Unciano made a specific showing (through
presenting evidence and identifying the absence of evidence) of a
clear break or gap between the assignment of the Mortgage to
Homecomings Inc. (Minnesota) and the purported acquisition by
Homecomings Inc. (Delaware) of the Mortgage.  GMAC's claim to
ownership of the Mortgage was based on an assignment by
Homecomings Financial, LLC, the entity into which Homecomings
Inc. (Delaware) had been converted.  However, GMAC failed in the
Circuit Court to present evidence showing how Homecomings Inc.
(Delaware) had acquired the Mortgage.  Based on the existing
record, we conclude that there were genuine issues of material
fact as to whether Homecomings Inc. (Delaware) had been a valid
owner and holder of the Mortgage.  This, in turn, created genuine
issues of material fact regarding whether GMAC (whose interest in
the Mortgage was derived from Homecomings Inc. (Delaware)) was
the owner of the Mortgage and was entitled to foreclose on the
Subject Property.  Accordingly, we conclude that the Circuit
Court erred in granting GMAC's motion for summary judgment and
decree of foreclosure.[11]

---

[11] GMAC argues that Unciano did not prove that Homecomings Inc.
(Minnesota) and Homecomings, Inc. (Delaware) were separate entities.  However,
(continued...)

NOT FOR PUBLICATION IN WEST'S HAWAI'I REPORTS AND PACIFIC REPORTER

For essentially the same reasons, we conclude that the Circuit Court erred in substituting GMAC for Homecomings Financial, LLC as the plaintiff. GMAC lacks standing to pursue the Foreclosure Action unless GMAC can show that it is the owner of the Mortgage. Therefore, we vacate the Circuit Court's Foreclosure Judgment, which was based on the Circuit Court's order granting GMAC's motion to substitute as the plaintiff and for summary judgment and decree of foreclosure, and we remand the case for further proceedings.[12/]

V.

The Circuit Court's Confirmation of Sale Judgment and Judgment for Possession were based on its Foreclosure Judgment. Our decision to vacate the Foreclosure Judgment requires that we also vacate the Confirmation of Sale Judgment and Judgment for Possession. We also vacate the Land Court's Order Denying Land Court Petition. The question of whether the assignment of mortgage to GMAC is properly recorded on TCT No. 546,739 will depend upon how the dispute over whether GMAC is the valid owner of the Mortgage is resolved on remand.

VI.

For the foregoing reasons, we: (1) vacate the Circuit Court's Foreclosure Judgment, Confirmation of Sale Judgment, and Judgment for Possession; (2) vacate the Land Court's Order

---

[11/] (...continued)
as the movant in the motion for summary judgment and decree of foreclosure, GMAC had the burden of establishing the absence of a genuine issue of material fact and its entitlement to relief.

[12/] We reject Unciano's claim that she was entitled to summary judgment in the Foreclosure Action. GMAC would be entitled to the relief it requests in the Foreclosure Action if it can show on remand that it is the owner of the Mortgage.

NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER

Denying Land Court Petition; and (3) remand the matters for further proceedings consistent with this Summary Disposition Order.

DATED: Honolulu, Hawaiʻi, June 30, 2014.

On the briefs:

Joycelyn W. Unciano
Defendant-Appellant Pro Se

Louise K.Y. Ing
Laura P. Mortiz
(Alston Hunt Floyd & Ing)
for Plaintiff-Appellee

_Craig H. Nakamura_
Chief Judge

_Associate Judge_

_Associate Judge_

## CERTIFICATE OF SERVICE

The undersigned certifies that on <u>June 5, 2015</u> the foregoing, Joycelyn W, Unciano's

Objections, is duly served by is served by Hand Delivery _____, Deposited in Court Jacket_____,

or USPS Mail, 1st Class postage prepaid __X__ to the following at their last known addresses;


Morrison & Foerester, LLP
Attn: Norman S. Rosenbaum, Jordan A.
Wishnew, & Jessica Arett
250 West 55th Street,
NY, NY 10022

Counsel for
Res Cap Borrowers Claim Trust

Res Cap Liquidating Trust, Quest Turnaround
Advisors Attn Jeffrey Brodsky
800 Westchester Avenue, Suite S-520
Rye Brook NY 10573

Res Cap Borrowers Claim Trust, Polsinelli PC
ATTN Daniel J. Flanagan
900 Third Avenue, 21st Floor
NY, NY 10022


Office of the United States Trustee, SDNY
ATTN: Linda Riffkin and Brian S. Masumoto
US Federal Building
201 Varick Street, Suite 1006
NY, NY 10022

Chambers of the Honorable Martin Glenn
United States Bankruptcy Court, SDNY
One Bowling Green
NY, NY 10004-1408


Dated: June 5, 2015  Kapolei Hawaii

Joycelyn W, Unciano, Pro Se

10