Exhibit 2

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| In re: | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, *et al.*, | Chapter 11 |
| Debtors. | Jointly Administered |

## CONSENT ORDER MODIFYING
## AUTOMATIC STAY WITH RESPECT TO LOMBARD V. YACOOB

Upon the Motion [ECF Doc. # 7392] (the "**Motion**"), of HSBC Bank USA, N.A., as trustee for registered holders of ACE Securities Corp. Home Equity Loan Trust Series 2005-HE3, Asset Backed Pass-Through Certificates (the "**Movant**") seeking relief from the automatic stay (the "**Stay**") pursuant to section 362 of title 11 of the United States Code (the "**Bankruptcy Code**") in connection with a civil action filed by Lucienne Lombard ("**Plaintiff**") in the Supreme Court of the State of New York, County of Kings, Case No. 2005/36016 (the "**Action**"); and it appearing that this Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and upon consideration of the Motion, the *ResCap Liquidating Trust's Response to Motion for Relief From the Automatic Stay Filed by HSBC Bank USA, N.A. as Trustee* [ECF Doc. # 7569] (the "**Liquidating Trust's Response**") and the *Affirmation in Limited Opposition to HSBC Motion for Relief from Automatic Stay* [Docket No. 7564] ("**Plaintiff's Response**") and Movant's *Reply Affirmation in Support of Motion for Relief from Automatic Stay* [ECF Doc. # 7568] (the "**Reply**"); and Movant, the Plaintiff and The ResCap Liquidating Trust on behalf of the debtors in the above-

captioned chapter 11 cases (collectively, the "**Debtors**") having agreed to the entry of this Order; and no objections to the Court's granting of the relief requested in the Motion having been filed; and after due deliberation and sufficient cause appearing therefor, it is hereby

**ORDERED THAT:**

1. The Stay shall be modified solely to the extent set forth herein.

2. To the extent necessary, the Stay is hereby modified to permit the Action to proceed, including permitting any party to seek to sever debtor Residential Funding Company, LLC ("**RFC**"), provided that the Stay shall remain in full force and effect with respect to (i) the Twenty-Third Cause of Action in Plaintiff's Third Verified Amended Complaint in the Action and (ii) Movant's cross-claim, in each case solely to the extent that such causes of action are asserted against RFC.

3. Notwithstanding anything in this Order or the Motion to the contrary, absent further order of this Court no current or future party to the Action, including Movant, shall be permitted to assert any claims against RFC or any of the other Debtors.

4. Nothing contained in this Order shall constitute an admission by Movant, Plaintiff, the Debtors or The ResCap Liquidating Trust for any purpose concerning the Action, nor shall this Order be interpreted to preclude Movant, Plaintiff, the Debtors or The ResCap Liquidating Trust from contesting in the Action any of the allegations and statements set forth in the Motion, the Liquidating Trust's Response, Plaintiff's Response, the Reply or any of their accompanying documents or exhibits.

5. The 14-day stay period under Rule 4001(a)(3) of the Federal Rules of Bankruptcy Procedure is hereby waived and this Order shall be immediately effective upon its entry.

6. This Court shall retain jurisdiction to resolve all matters relating to the implementation or interpretation of this Order.

**IT IS SO ORDERED:**

Dated: October 7, 2014
      New York, New York

                                            /s/Martin Glenn
                                              MARTIN GLENN
                                    United States Bankruptcy Judge