# **Exhibit E**

# ResCap

LIQUIDATING TRUST

March 25, 2015

**VIA FEDERAL EXPRESS**

Mr. Timothy Hayes
General Counsel
Ocwen Financial Corporation
1661 Worthington Road, Suite 100
West Palm Beach, Florida 33409

      Re: Indemnity Escrow Account

Dear Tim:

    I am writing in reference to the Indemnity Escrow Account established pursuant to the asset purchase agreement, dated November 12, 2012 and as amended from time to time (the "APA"), between Ocwen Loan Servicing, LLC ("Ocwen") and Residential Capital, LLC and certain of its direct and indirect subsidiaries (collectively, the "Debtors"). By this letter, the ResCap Liquidating Trust (the "Trust"), as successor-in-interest to the Debtors, requests that Ocwen jointly execute and deliver a certificate and joint instruction letter to the Indemnity Escrow Agent requesting a disbursement to the Trust of certain undisputed funds held in the Indemnity Escrow Account and a separate account holding the Lewisville Stipulation Escrowed Funds (as defined in the APA).

    The Indemnity Escrow Account, established pursuant to Section 2.17(a) of the APA, has a balance of $21,639,805.95 as of February 2015, representing approximately 1% of the purchase price of the sale transaction paid by Ocwen to the Debtors. Section 2.17(a) further provides that these funds are designated exclusively for amounts the Debtors may owe to Ocwen on account of allowed indemnification claims.[1] Pursuant to Sections 2.17(b) and 11.4(b) of the APA,[2] the parties stipulated and agreed to establish a separate escrow account comprised of $50,000 to fund indemnification obligations of the Debtors in connection with any claims brought by Digital Lewisville, LLC[3] against Ocwen during the first two years following the sale's closing date. Section 11.4 of the APA further provides the process by which the parties may request a release of funds from these accounts by the Indemnity Escrow Agent. Pursuant to the APA, the Debtors shall receive any funds held in such accounts that exceed the sum of any amounts subject to Ocwen's Outstanding Claims and Lewisville Outstanding Claims (as such terms are defined in the APA).

---

[1]   The APA also provides that amounts in the Indemnity Escrow Account could be used for purchase price adjustments. As all such adjustments have been resolved, the sole remaining use of these funds is for indemnification claims.

[2]   As contemplated by Amendment No. 4 to the APA.

[3]   Digital Lewisville, LLC is the successor landlord of a certain lease agreement (as amended) related to certain real property located in Lewisville, Texas. Debtor GMAC Mortgage, LLC, assigned its interest in this lease and the related premises to Ocwen as part of the sale transaction.

The Trust and Ocwen are working to resolve a number of claims that Ocwen initially identified after the closing date of the parties' sale transaction.[4] To date, the Trust and Ocwen have been successful in this endeavor. Accordingly, the only remaining claims at issue between the parties relate to: (a) the Records Management SOW claim, for which Ocwen claims that the Trust must pay approximately $11,200,000 to segregate and ship Ocwen's loan files; (b) the lawsuit filed against Ocwen by Secure Axcess relating to alleged infringement of patent rights, for which Ocwen estimates that the Trust must indemnify Ocwen for $2,550,000 (plus $150,000 in expenses allegedly incurred by Ocwen before Ally assumed the defense of the action); and (c) the servicing advances dispute, for which Ocwen estimates its damages as approximately $2,211,962.17. In sum, the aggregate amount of Ocwen's remaining claims is approximately $16,111,962.17.

Accordingly, as a result of the parties' ability to narrow the universe of indemnification claims asserted by Ocwen against the Debtors' estates, the Trust believes that the balance of the Indemnity Escrow Account in the amount of $5,527,843.78 must be released, as it does not appear that such amount is subject to any Outstanding Claims by Ocwen. The account will still hold approximately $16,111,962.17 that remains subject to such Outstanding Claims. In addition, the two-year escrow period for the escrowed $50,000 has expired with no existing Lewisville Outstanding Claims. As communicated via email dated February 19, 2015, a copy of which, including its attachments, is appended hereto as <u>Annex I</u>, the Trust also requests that Ocwen execute a joint instruction letter to the Indemnity Escrow Agent to release the full amount of the Lewisville Stipulation Escrow Funds.

In the event you believe Ocwen's Outstanding Claims total a different amount, please notify us promptly of such amount and provide support for the same. Regardless, the parties should coordinate on the prompt execution and delivery of a certificate and joint instruction letter to the Indemnity Escrow Agent releasing all undisputed funds to the Trust as required by the APA.

The Trust's request for release of the undisputed portion of the Indemnity Escrow Funds should not be construed as an acknowledgement of the validity or asserted amount of Ocwen's Outstanding Claims and the Trust reserves all rights in connection therewith and with respect to the release of the escrowed funds. Please do not hesitate to contact us with any questions.

Sincerely yours,

RESCAP LIQUIDATING TRUST

Tammy Hamzehpour
Chief Business Officer

---

[4] On January 16, 2014, the administrative claim bar date, Ocwen filed certain administrative expense claims against certain Debtor entities. *In re Residential Capital, LLC, et al.*, No. 12-12020 (Bankr. S.D.N.Y. Jan. 16, 2014), ECF# 6296, 6297. In connection with one claim related to a dispute over the Records Management SOW, Ocwen filed an adversary proceeding in the aforementioned bankruptcy cases, *Ocwen Loan Serv., LLC v. The ResCap Liquidating Trust*, Adv. Pro. No. 14-02388 (MG) (Bankr. S.D.N.Y. Oct. 24, 2014) (the "Complaint").

Prior and subsequent to the Trust's objection to Ocwen's administrative expense claims (ECF # 8129), Ocwen withdrew a number of its administrative expense claims against the estates.