**Hearing Date: June 23, 2015 at 10:00 A.M. (ET)**

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | | |
|---|---|---|
| In re: | ) | Case No. 12-12020 (MG) |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
| Debtors. | ) | Jointly Administered |

**RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS OBJECTION TO AMENDED CLAIM NUMBER 4445 FILED BY ALAN MOSS**

# TABLE OF CONTENTS

**Page**

I. PRELIMINARY STATEMENT .......... 1

II. REPLY .......... 2

A. Entry of Default in State Court Action Does Not Limit ETS's Ability to Dispute Mr. Moss's Claim in this Forum .......... 3

B. Claimant Has Failed to Allege That ETS Acted with Malice in the Performance of Its Duties as Trustee .......... 4

C. Claimant Has Failed to Establish Any Element of a Negligence or Negligence Per Se Cause of Action Against ETS .......... 6

D. Claimant's Arguments Regarding His Fraud and Intentional Infliction of Emotion Distress Claims Are Identical to Those Previously Made In His Prior Response and Addressed in the Previous Reply .......... 9

E. The Discovery Dispute .......... 9

CONCLUSION .......... 9

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

Arthur v. JPMorgan Chase Bank, N.A.,
No. C-11-435-SI, 2011 WL 1882078 (N.D. Cal., May 17, 2011) .......... 5

Bergman v. Bank of Am., N.A.,
Case No. C-13-00741-JCS, 2013 WL 5863057 (N.D. Cal. Oct. 23, 2013) .......... 1, 4, 7

Burgess v. Superior Court of Los Angeles,
831 P.2d 1197 (Cal. 1992) .......... 8

Feinberg v. Bank of N.Y. (In re Feinberg),
442 B.R. 215 (Bankr. S.D.N.Y. 2010) .......... 3

Ferraro v. Camarlinghi,
75 Cal. Rptr. 3d 19 (Cal. Ct. App. 2008) .......... 3

In re Adelphia Commc'ns Corp.,
Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) .......... 3

In re Oneida Ltd.,
400 B.R. 384 (Bankr. S.D.N.Y. 2009) .......... 3

In re Residential Capital, LLC,
507 B.R. 477 (Bankr. S.D.N.Y. 2014) .......... 3

In re Rockefeller Ctr. Props.,
272 B.R. 524 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props., 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002) .......... 3

Kachlon v. Markowitz,
85 Cal. Rptr. 3d 532 (Cal. Ct. App. 2008) .......... 4

Merrill v. Los Angeles Gas Co.,
111 P. 534 (Cal. 1910) .......... 8

Molen v. Friedman,
75 Cal. Rptr. 2d 651 (Cal. Ct. App. 1998) .......... 4

Molien v. Kaiser Found. Hosp.,
616 P. 2d 813 (Cal. 1980) .......... 8

Niles v. City of San Rafael,
116 Cal. Rptr. 733 (Cal. Ct. App. 1974) .......... 8

Pintor v. Ong,
259 Cal. Rptr. 577 (Cal. Ct. App. 1989) .......... 8

Potter v. Firestone Tire & Rubber Co.,
863 P.2d 795 (Cal. 1993) .......... 8

Russell v. Washington Mutual Bank, FA,
No. G026703, 2002 WL 378406 (Cal. Ct. App. Mar. 11, 2002) .......... 8

Smith v. Superior Court,
10 Cal. App. 4th 1033 (Cal. Ct. App. 1992) .......... 8

Snyder v. Allegheny Int'l, Inc. (In re Allegheny Int'l, Inc.),
954 F.2d 167 (3d Cir. 1992) .......... 3

Spinks v. Equity Residential Briarwood Apartments,
90 Cal. Rptr. 3d 453 (Cal. Ct. App. 2009) .......... 8

Vasey v. Cal. Dance Co.,
139 Cal. Rptr. 72 (Cal. Ct. App. 1977) .......... 4

**STATUTES**

11 U.S.C. § 502(b)(1) .......... 2

11 U.S.C. § 502(a) .......... 2

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7026 .......... 9

Fed. R. Civ. P. 26(d)(1) .......... 9

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] confirmed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this reply (the "Reply") to the response of claimant Alan Moss ("Mr. Moss" or "Claimant") [Docket No. 8727] (the "Moss Response" or the "Response") to the *ResCap Borrower Claims Trust's Objection To Amended Claim No. 4445 Filed By Alan Moss* [Docket No. 8502] (the "Supplemental Objection") and in further support of the Supplemental Objection. The Borrower Trust respectfully represents as follows:

## I. PRELIMINARY STATEMENT

1. Based on the record before this Court, Claimant has again failed to meet the burden of proof required to support any component of the claim (the "Claim") he asserts against Executive Trustee Services, LLC ("ETS"). The Borrower Trust examined the Moss Response and the Amended Claim and the statements submitted in support thereof. The Borrower Trust has thoroughly examined the Debtors' Books and Records relating to the Claim and asserts that the Claim is without merit.

2. The Amended Claim is the Claimant's second attempt to sufficiently state a cause of action to support his claim against the Debtors' estates. As the Court is aware, the allegations all stem from ETS' purportedly improper substitution of trustee. However, as the Court noted previously,[2] an improperly appointed substitute trustee is not liable for damages stemming from the execution of its duties as a trustee where there is no evidence that the trustee acted with actual malice. See Bergman v. Bank of Am., N.A., Case No. C-13-00741-JCS, 2013 WL 5863057 (N.D. Cal. Oct. 23, 2013).

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Objection.
[2] See Transcript of Hearing at 52, In re Residential Capital, LLC, No. 12-12020 (MG) (Bankr. S.D.N.Y. Feb. 11, 2015) [Docket No. 8293], attached hereto as Exhibit 2 (the "Transcript").

3. The Claimant has now had two opportunities to allege facts that would support a finding that ETS acted with actual malice, and he is still unable to offer any facts to support such an allegation. Rather, he simply continues to repeat the same arguments that are contradicted by California case law and that have been rejected by this Court.

4. Mr. Moss fails to satisfy the requisite elements of the causes of action he asserts. For example, Mr. Moss's negligence and negligence *per se* claims fail because he has not provided legal support to establish a duty on the part of a substitute trustee to investigate whether it was properly appointed as trustee. As such, absent an applicable duty, there can be no breach and no causation. Damages (which, unless accompanied by the other elements of a negligence claim, are irrelevant) are also lacking because Mr. Moss was in default at the time of the foreclosure and the related Notices. Similarly, Claimant has not pled facts supporting fraud, or either cause of action relating to emotional distress.

5. For these reasons, and as set forth and in the Supplemental Objection, the Claim should be disallowed and expunged from the Claims Register in its entirety with prejudice.

## II.    REPLY

6. A filed proof of claim is "deemed allowed, unless a party in interest … objects." 11 U.S.C. § 502(a). Section 502(b)(1) of the Bankruptcy Code provides, in relevant part, that a claim may not be allowed to the extent that "such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C. § 502(b)(1). Claims objections have a shifting burden of proof. Pursuant to Federal Rule of Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon filing a proof of claim alleging facts sufficient to support the claim. The objecting party is thereafter required to produce evidence equal in force to that provided by the claimant to rebut

the presumption of the claimant's prima facie case. In re Residential Capital, LLC, 507 B.R. 477, 490 (Bankr. S.D.N.Y. 2014). See also Snyder v. Allegheny Int'l, Inc. (In re Allegheny Int'l, Inc.), 954 F.2d 167, 173-74 (3d Cir. 1992).

7. Once an objection refutes an essential allegation of the claim, the burden of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a preponderance of the evidence. Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y. (In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384, 389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272 B.R. 524, 539 (Bankr. S.D.N.Y. 2000), aff'd sub nom., NBC v. Rockefeller Ctr. Props., 266 B.R. 52 (S.D.N.Y. 2001), aff'd, 46 Fed. Appx. 40 (2d Cir. 2002).

**A. Entry of Default in State Court Action Does Not Limit ETS's Ability to Dispute Mr. Moss's Claim in this Forum**

8. Claimant fails to adequately address ETS's arguments distinguishing between the legal effect of entry of default and default judgment under California law. As plainly stated in the Supplemental Objection, entry of a default is not a final judgment and has no preclusive effect on the Claim. See Ferraro v. Camarlinghi, 75 Cal. Rptr. 3d 19, 39 (Cal. Ct. App. 2008) ("A clerk's entry of default possesses none of the characteristics of a preclusive judgment. It is not final; it is not on the merits; it does not decide anything; it results from no litigation of any issue. Indeed it does not adjudicate anything; it is not a judicial act.") (emphasis omitted). Because there was no default judgment entered in the state court action against ETS, the entry of default alone has no bearing on the merits of Mr. Moss's claim.

9. Mr. Moss does not cite any legal authority rebutting this clear point of law. Instead, he proffers factually distinguishable cases that deal with default judgments, not

entries of default, including Vasey v. Cal. Dance Co., 139 Cal. Rptr. 72 (Cal. Ct. App. 1977) and Molen v. Friedman, 75 Cal. Rptr. 2d 651 (Cal. Ct. App. 1998). Claimant seeks to further distract the Court with discussion regarding limits on a defaulting party's right to contest the default in the state court action, see Response at 6-7, even though ETS is not seeking to appear in the state court action, but is rather seeking to resolve Mr. Moss' claim in Bankruptcy Court. Therefore, what ETS' rights may or may not be if it were to appear in the state court are not relevant to the matter before this Court. What is relevant is whether this Court is bound by the entry of the default in determining the Debtors' liability, and per Ferraro, the entry of a default in one action has no preclusive effect on a completely different action. Therefore, this Court is not bound by the entry of the default when making a determination on the Claim.

**B. Claimant Has Failed to Allege That ETS Acted with Malice in the Performance of Its Duties as Trustee**

10. The Claimant admits that he cannot make any specific allegations that ETS acted with malice when it executed the required notices. See Response at 13. Rather, he continues to assert that Kachlon v. Markowitz, 85 Cal. Rptr. 3d 532, 545 (Cal. Ct. App. 2008), cannot be applied to cases where the Trustee was not properly appointed. Such an argument is contradicted by binding precedent and has been rejected by the Court. See *Order Denying Motion of Alan Moss for Reargument*, entered on April 7, 2015 [Docket No. 8439]; Bergman, 2013 WL 5863057, at *20.[3]

11. Mr. Moss attempts to get around Bergman by arguing that, unlike the Plaintiffs in Bergman, he has alleged that ETS could have and should have discovered their lack of authority. See Response at 15. However, as previously noted by the Court and discussed

[3] While Mr. Moss accurately notes that the Bergman court held that Bank of America, the owner of the loan, acted with malice and therefore without privilege, this is not relevant to the Court's determination that the Trustee's actions were privileged even though it was not properly appointed.

above, Mr. Moss' allegations of ETS' knowledge at the time it issued the Notices are conclusory and unsubstantiated, and therefore fail to meet the standard for pleading malice. He also attempts to argue that this case is distinguishable from Bergman because Bergman went to trial, essentially arguing that, no matter how conclusory his allegations, the Court should order a trial on the Supplemental Objection to his claim. The Claimant cites to Arthur v. JPMorgan Chase Bank, N.A., No. C-11-435-SI, 2011 WL 1882078 (N.D. Cal., May 17, 2011) for such a proposition, as the court in that case determined that there were sufficient allegations to hold a trial as to the trustee's liabilities. However, just because the court in Arthur determined that it needed a trial to decide whether the allegations against the substitute trustee were colorable does not require this Court to ignore the deficiencies in Mr. Moss' pleadings. Mr. Moss has not met his burden of sufficiently alleging that ETS acted with actual malice, and therefore has failed to state a claim against the Debtors' estates.

12. Mr. Moss argues that ETS' failure to rescind the notices once the Claimant filed his action against Bank of New York demonstrates actual malice. See Response at 17. As an initial matter, Mr. Moss' causes of action are premised on ETS' actions when it was trustee, *i.e.* filing the notices and conducting the trustee sale. As noted in the Supplemental Objection, the lawsuit against Bank of New York was filed after ETS completed its role as substitute trustee. As a result, because the only evidence of knowledge Mr. Moss proffers to demonstrate malice occurred after all of the relevant events that allegedly support the elements of his causes of action took place, he cannot support a finding that ETS acted with malice.

13. Additionally, the court in Kachlon held that a trustee's failure to rescind notices upon being shown evidence that a note was satisfied did not demonstrate actual malice where the trustee took no further action until the matter was resolved between the borrower and

ny-1191403

the holder of the loan. This is identical to the circumstances before the Court. ETS did not act until Mr. Moss and Bank of New York resolved the dispute regarding the foreclosure sale. Mr. Moss attempts to distinguish Kachlon by arguing that ETS actually took every step necessary to enforce the foreclosure. However, as noted above, all of the steps were taken prior to the event that allegedly put ETS on notice. Subsequent to Mr. Moss filing suit against Bank of New York, just like in Kachlon, ETS maintained the status quo until the issue was resolved.

### C. Claimant Has Failed to Establish Any Element of a Negligence or Negligence Per Se Cause of Action Against ETS

14. In the Response, Mr. Moss repeats the arguments previously made in his previous response to the objection to his original claim. Specifically, Mr. Moss argues that ETS owed him a duty to investigate the chain of assignments. See Response at 12. The Borrower Trust already addressed all of these allegations and legal arguments in its previous reply and incorporates those arguments herein. See *ResCap Borrower Claims Trust's Reply in Support of its Supplemental Objection to Claim Number 4445 Filed by Alan Moss* [Docket No. 8073] (the "Previous Reply"), attached hereto as Exhibit 1. Put simply, Mr. Moss has failed to put forward any legal authority for his proposition that a substitute trustee has a duty to launch an investigation into whether it was properly appointed as substitute trustee.[4]

15. The Borrower Trust will highlight that Mr. Moss again alleges that ETS "went ahead with a sale of claimant's home after claimant and ResCap entered into an agreement, complied with by claimant, that took the matter out of default." See Response at 25. However, as noted in the Supplemental Objection, while the Debtors entered into a repayment agreement with Mr. Moss on June 13, 2008, and even cancelled the pending foreclosure sale, Mr.

[4] Given that his negligence action is not premised on ETS' failure to rescind the Notices, the Borrower Trust does not address this point other than to note that the Borrower Trust has found no case law or statute that would require a substitute trustee to rescind Notices after its role in the foreclosure process is complete.

Moss did not execute the repayment agreement and did not make the payments required under the agreement. See Supplemental Objection at ¶ 27. As a result, the repayment agreement was not in effect when ETS conducted the foreclosure sale in May of 2009, and did not prevent ETS from continuing with the foreclosure sale. See id.

16. Most importantly, Mr. Moss has failed to demonstrate how he was harmed by ETS' actions. On this point, the Bergman case is instructive. The court held that plaintiffs were not prejudiced by the trustee's actions, even if it was technically not authorized to act at substitute trustee, because plaintiffs failed to "plausibly allege that they did not default on their loan obligations, and they have failed to allege any facts to suggest that they would not have been foreclosed upon anyway." Bergman at *23. Similarly, it was Mr. Moss' failure to pay his loans that caused the default and subsequent foreclosure.[5] There is no question that, due to this default, the owner of the Loan had the right to initiate foreclosure proceedings. In fact, if it was not for the irregularities related to the appointment of ETS, Mr. Moss would have had no basis to contest the foreclosure, and likely would not have retained his property. Thus, Mr. Moss cannot demonstrate that he was in a worse position as a result of ETS' actions than if ETS had been properly appointed at the time it issued the Notices.

17. Finally, Mr. Moss' negligence claim cannot support an award of damages for his alleged emotional distress. While Mr. Moss cites to numerous cases where damages were awarded for emotional distress in negligence actions, none of these cases involved emotional distress resulting from property loss. Moreover, Mr. Moss fails to address the numerous cases cited by the Borrower Trust that "mere negligence will not support a recovery

[5] Mr. Moss asserts that the Debtors have provided no evidence that he was in default at the time the Notices were executed, seemingly ignoring the payment history showing that as of September 2007 his account was owing for the July 1, 2007 payment. See Payment History, attached to the Supplemental Objection as Exhibit J. In fact, it is Mr. Moss that has provided no evidence that he was not in default at the time the time the Notices were filed.

for mental suffering where the defendant's tortious conduct resulted in only economic injury to the plaintiff." Smith v. Superior Court, 10 Cal. App. 4th 1033, 1040 (Cal. Ct. App. 1992). Rather, he cites to cases that involve either personal injury, medical malpractice, or wrongful eviction claims[6] or involve non-negligence tort actions,[7] none of which are relevant to the argument made by the Borrower Trust.

18. As discussed in the Objection, California law is quite clear on this point. For example, in Russell v. Washington Mutual Bank, FA, a borrower was asserting a negligence claim against the owner of her loan for wrongfully selling her house in a foreclosure sale. Russell, No. G026703, 2002 WL 378406, at *3 (Cal. Ct. App. Mar. 11, 2002). The court held that the plaintiff could not recover for emotional distress under a negligence claim because the plaintiff had only alleged injury to her property. Here, like in Russell, Mr. Moss' only asserted injury stems from the (now withdrawn) sale of his property, and thus he cannot be awarded emotional distress damages for his negligence claim.

19. With respect to negligence *per se*, Claimant again makes the same arguments that were previously made and addressed by the Borrower Trust in the Previous Reply and Objection.

---

[6] Potter v. Firestone Tire & Rubber Co., 863 P.2d 795 (Cal. 1993) involved emotional distress damages related to medical problems resulting from the dumping of toxic substances; Burgess v. Superior Court of Los Angeles, 831 P.2d 1197 (Cal. 1992) involved emotional distress of a mother after her child was the victim of medical malpractice; Merrill v. Los Angeles Gas Co., 111 P. 534 (Cal. 1910) involved injuries associated with the explosion of a restaurant; Niles v. City of San Rafael, 116 Cal. Rptr. 733 (Cal. Ct. App. 1974) involved a personal injury action related to a medical malpractice suit; Molien v. Kaiser Found. Hosp., 616 P. 2d 813 (Cal. 1980) involved a claim for loss of marital consortium due to medical malpractice; Spinks v. Equity Residential Briarwood Apartments, 90 Cal. Rptr. 3d 453 (Cal. Ct. App. 2009) involved a wrongful eviction action where the Plaintiff was forcibly removed from her home.

[7] The Claimant cites to Pintor v. Ong, 259 Cal. Rptr. 577 (Cal. Ct. App. 1989), however, this case was not a negligence claim, but a claim involving a statutory requirement not applicable here.

      **D. Claimant's Arguments Regarding His Fraud and Intentional Infliction of Emotion Distress Claims Are Identical to Those Previously Made In His Prior Response and Addressed in the Previous Reply**

20. In the Response, Mr. Moss merely copy and pastes the arguments made in his response to the original objection, and thus the Borrower Trust has already fully addressed these arguments in the Previous Reply. Briefly, the Claimant's fraud claim fails because, like with his negligence claim, his damages were the result of his own default. His intentional infliction of emotional distress claim fails because courts in California have held that foreclosing on a property does not amount to outrageous conduct and Mr. Moss has failed to rebut the Borrower Trust's authority on this point.

**E. The Discovery Dispute**

21. Since Mr. Moss has nothing to support his conclusory allegations of malice, he has attempted to seek discovery from the Borrower Trust in a last ditch attempt to bolster his factually deficient claims. However, as the Court noted during the hearing,[8] Mr. Moss is not entitled to discovery prior to sufficiently pleading a cause of action that would support a claim. Furthermore, while Mr. Moss has served interrogatories on the Borrower Trust, such discovery is not permissible prior to a discovery conference under Federal Rule of Civil Procedure 26(f) without leave of the Court. See Fed. R. Bankr. P. 7026; see also Fed. R. Civ. P. 26(d)(1). Thus, the Borrower Trust objects to Mr. Moss' interrogatories on the grounds that they are premature.

## CONCLUSION

22. WHEREFORE, the Borrower Trust respectfully submits that the relief requested in the Objection should be granted in its entirety.

---

[8] See Transcript at 50.

Dated: June 18, 2015
New York, New York

/s/ Norman S. Rosenbaum

Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett
MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
*Counsel for the ResCap Borrower Claims Trust*