**<u>Exhibit 1</u>**

Hearing Date: February 11, 2015 at 10:00 A.M. (ET)

MORRISON & FOERSTER LLP
250 West 55th Street
New York, New York 10019
Telephone: (212) 468-8000
Facsimile: (212) 468-7900
Norman S. Rosenbaum
Jordan A. Wishnew
Jessica J. Arett

*Counsel for the ResCap Borrower Claims Trust*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |  |
|---|---|---|
| ------------------------------------- | ) |  |
| In re: | ) | Case No. 12-12020 (MG) |
|  | ) |  |
| RESIDENTIAL CAPITAL, LLC, et al., | ) | Chapter 11 |
|  | ) |  |
| Debtors. | ) | Jointly Administered |
| ------------------------------------- | ) |  |


**RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS**
**SUPPLEMENTAL OBJECTION TO CLAIM NUMBER 4445 FILED BY ALAN MOSS**

12-12020-mg   Doc 8766-1   Filed 06/18/15   Entered 06/18/15 12:15:00   Exhibit 1
Pg 2 of 15

## <u>TABLE OF CONTENTS</u>

**Page**

I.  PRELIMINARY STATEMENT ......................................................................................... 1

II.  REPLY ......................................................................................................................... 3

    A.  Entry of Default in State Court Action Does Not Limit ETS's Ability to Dispute Mr. Moss's Claim in this Forum ...................................................................................... 3

    B.  Claimant Has Failed to Establish Any Element of a Negligence or Negligence Per Se Cause of Action Against ETS ................................................................................... 4

    C.  Claimant Has Failed to Plausibly Allege Facts that Support His Claim Against ETS for Fraud .................................................................................................................. 8

    D.  Without A Viable Claim for Negligence or Fraud, Claimant Has No Valid Claim for Emotional Distress ................................................................................................... 9

    E.  Claimant Fails to Offer any Plausible Evidence to Support His Claim for Intentional Infliction of Emotional Distress ............................................................................... 9

CONCLUSION ....................................................................................................................... 10

i

# TABLE OF AUTHORITIES

**Page(s)**

CASES

Aguinaldo v. Ocwen Loan Servicing, LLC,
    No. 12-CV-01393-EJD, 2012 WL 3835080 (N.D. Cal. Sep. 4, 2012) ...................................10

Allegheny International, Inc. v Snyder (In re Allegheny International, Inc.),
    954 F.2d 167 (3d Cir. 1992)...........................................................................................3

Bergman v. Bank of America, N.A.,
    Case No. C-13-00741-JCS, 2013 WL 5863057 (N.D. Cal. Oct. 23, 2013).................... passim

Bock v. Hansen,
    225 Cal. App. 4th 215 (Cal. App. 1st Dist. 2014)..................................................................10

Feinberg v. Bank of New York (In re Feinberg),
    442 B.R. 215 (Bankr. S.D.N.Y. 2010) ............................................................................3

Ferraro v. Camarlinghi,
    75 Cal. Rptr. 3d 19 (Cal. Ct. App. 2008) .........................................................................4

Friedman v. Merck & Co.,
    107 Cal. App. 4th 454 (2003) ........................................................................................5

In re Adelphia Communications Corp.,
    Case No. 02-41729 (REG), 2007 Bankr. LEXIS 660 (Bankr. S.D.N.Y. Feb. 20, 2007) .........3

In re Oneida Ltd.,
    400 B.R. 384 (Bankr. S.D.N.Y. 2009) ..........................................................................3

In re Residential Capital, LLC,
    507 B.R. 477 (Bankr. S.D.N.Y. 2014) ............................................................................3

In re Rockefeller Center Properties,
    272 B.R. 524 (Bankr. S.D.N.Y. 2000) ...........................................................................3

Kachlon v. Markowitz,
    168 Cal. App. 4th 316 (Cal. Ct. App. 2008) ...................................................................4

Lazar v. Superior Court of Los Angeles County,
    909 P.2d 981 (Cal. 1996) ...............................................................................................8

Maomanivong v. National City Mortgage Co.,
    No. C-13-05433 DMR, 2014 U.S. Dist. LEXIS 130513 (N.D. Cal. Sept. 15, 2014)...............7

Molen v. Friedman,
    64 Cal. App. 4th 1149 (1998) ........................................................................................4

Rowland v. Christian,
    69 Cal. 2d 108 (1968) ...................................................................................................5

Vasey v. California Dance Co., Inc.,
    70 Cal. App. 3d 742 (1977) ...........................................................................................4

**STATUTES**

11 U.S.C. 502(b)(1) ..............................................................................................................3

11 U.S.C. § 502(a) ...............................................................................................................3

Cal. Civil Code §§ 2924 and 2934..........................................................................................7

**OTHER AUTHORITIES**

Federal Rule of Bankruptcy Procedure 3001(f)........................................................................3

sf-3500247

The ResCap Borrower Claims Trust (the "Borrower Trust"), established pursuant to the terms of the Plan[1] confirmed in the above-captioned Chapter 11 Cases, as successor in interest to the above-captioned Debtors with respect to Borrower Claims, by and through its undersigned counsel, hereby submits this reply (the "Reply"), together with the Second Supplemental Declaration of Deanna Horst, Chief Claims Officer of the ResCap Liquidating Trust (the "Second Supplemental Declaration"), annexed hereto as Exhibit 1, to the response of claimant Alan Moss ("Mr. Moss" or "Claimant") [Docket No. 8044] (the "Moss Response" or the "Response") to the *ResCap Borrower Claims Trust's Supplemental Objection and Reply Regarding Seventy-Fifth Omnibus Objection to Claims (No Liability Borrower Claims)* [Docket No. 7904] (the "Supplemental Objection") and in further support of the Supplemental Objection. The Borrower Trust respectfully represents as follows:

## I.   PRELIMINARY STATEMENT

1.      Based on the record before this Court, Claimant has failed to meet the burden of proof required to support any component of the claim (the "Claim") he asserts against Executive Trustee Services, LLC ("ETS").   The Borrower Trust has examined the Moss Response and the Claim and the statements submitted in support thereof.   The Borrower Trust has thoroughly examined the Debtors' Books and Records relating to the Claim and asserts that the Claim is without merit.

2.      In short, Claimant's allegations all stem from one core technicality—an alleged improper substitution of trustee.   That is, while ETS was appointed substitute trustee on September 21, 2006 by TCIF, the loan itself was transferred to TCIF only after that date, on June

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Supplemental Objection.

15, 2007.[2]  This timing discrepancy, and related questions regarding ETS's authority to act as substitute trustee, underpins Mr. Moss's entire Claim.

3.       However, there is clear and binding law that resolves this Claim. Specifically, the United States District Court for the Northern District of California has ruled that an improperly appointed substitute trustee is not liable for damages stemming from execution of its duties as trustee where the substitute trustee was not aware that it was not validly the trustee when it acted.  See Bergman v. Bank of Am., N.A., Case No. C-13-00741-JCS, 2013 WL 5863057 (N.D. Cal. Oct. 23, 2013).  Claimant utilizes accusatory adverbs, such as "deliberately" and "intentionally" to describe ETS's actions in carrying out its duties as substitute trustee. However, Claimant fails to substantiate such colorful language with factual evidence to indicate that ETS had knowledge (or should have had knowledge) of a possible deficiency in its appointment as substitute trustee.

4.       Claimant has failed to satisfy the requisite elements of the causes of action he asserts.  Mr. Moss's negligence and negligence per se claims fail on each element. Claimant has not provided legal support to establish a duty on the part of a substitute trustee to investigate whether it was properly appointed as trustee.  As such, absent an applicable duty, there can be no breach, and no causation.  Damages (which, unless accompanied by the other elements of a negligence claim, are irrelevant) are also lacking because Mr. Moss was in default at the time of the foreclosure and related Notices.  Similarly, Claimant has not pled facts supporting fraud, or either cause of action relating to emotional distress.

5.       For these reasons, and as set forth and in the Supplemental Objection, the Claim should be disallowed and expunged from the Claims Register in its entirety.

---

[2] A comprehensive review of the facts is set forth in the Supplemental Objection, Docket No. 7904, pages 4-6.

sf-3500247

## II.   **REPLY**

6.      A filed proof of claim is "deemed allowed, unless a party in interest …

objects."  11 U.S.C. § 502(a).  Section 502(b)(1) of the Bankruptcy Code provides, in relevant

part, that a claim may not be allowed to the extent that "such claim is unenforceable against the

debtor and property of the debtor, under any agreement or applicable law…." 11 U.S.C.

502(b)(1).  Claims objections have a shifting burden of proof.  Pursuant to Federal Rule of

Bankruptcy Procedure 3001(f), a claimant establishes a prima facie case against a debtor upon

filing a proof of claim alleging facts sufficient to support the claim.  The objecting party is

thereafter required to produce evidence equal in force to that provided by the claimant to rebut

the presumption of the claimant's prima facie case. In re Residential Capital, LLC, 507 B.R. 477,

490 (Bankr. S.D.N.Y. 2014).  See also Allegheny Int'l, Inc. v Snyder (In re Allegheny Int'l,

Inc.), 954 F.2d 167, 173-74 (3d Cir. 1992).

7.      Once an objection refutes an essential allegation of the claim, the burden

of persuasion is on the holder of a proof of claim to establish a valid claim against a debtor by a

preponderance of the evidence.  Residential Capital, 507 B.R at 490; Feinberg v. Bank of N.Y.

(In re Feinberg), 442 B.R. 215, 220-22 (Bankr. S.D.N.Y. 2010); In re Oneida Ltd., 400 B.R. 384,

389 (Bankr. S.D.N.Y. 2009); In re Adelphia Commc'ns Corp., Case  No. 02-41729 (REG), 2007

Bankr. LEXIS 660, at *15 (Bankr. S.D.N.Y. Feb. 20, 2007); In re Rockefeller Ctr. Props., 272

B.R. 524, 539 (Bankr. S.D.N.Y. 2000).

### A.      **Entry of Default in State Court Action Does Not Limit ETS's Ability to Dispute Mr. Moss's Claim in this Forum**

8.      Claimant fails to adequately address ETS's arguments distinguishing

between the legal effect of entry of default and default judgment under California law.  As

plainly stated in the Supplemental Objection, entry of a default is not a final judgment and has no

3

preclusive effect on the Claim.  See Ferraro v. Camarlinghi, 75 Cal. Rptr. 3d 19, 39 (Cal. Ct.

App. 2008) ("A clerk's entry of default possesses none of the characteristics of a preclusive

judgment.  It is not final; it is not on the merits; it does not decide anything; it results from no

litigation of any issue.  Indeed it does not adjudicate anything; it is not a judicial act.") (emphasis

omitted).  Because there was no default judgment entered in the state court action against ETS,

the entry of default alone has no bearing on the merits of Mr. Moss's claim.

    9.   Mr. Moss cannot cite any legal authority rebutting this clear point of

law.  Instead, Claimant points the Court to factually distinguishable cases that deal with default

judgments, not entries of default, including Vasey v. Cal. Dance Co., Inc. and Molen v.

Friedman.  70 Cal. App. 3d 742 (1977), 64 Cal. App. 4th 1149 (1998).  Claimant seeks to further

distract the Court with discussion regarding limits on a defaulting party's right to appear in the

state court action following an entry of default.  ETS is not seeking to appear in the state court

action, but is rather seeking to resolve its bankruptcy claims in Bankruptcy Court.  Claimant has

provided no authority to indicate that a state court entry of default limits ETS's rights to appear

in this forum.

    10.   In sum, the fact that a default was entered against ETS has no preclusive

effect and does not bar an objection to the Claim.

 **B.**  **Claimant Has Failed to Establish Any Element of a Negligence or Negligence**
    **Per Se Cause of Action Against ETS**

    11.   Mr. Moss has failed to establish that ETS breached a duty owed to

Claimant.  ETS's duties as a substitute trustee are circumscribed by statute:  "The scope and

nature of the trustee's duties are **exclusively defined by the deed of trust and the governing**

**statutes.  No other common law duties exist**." Kachlon v. Markowitz, 168 Cal. App. 4th 316,

335 (Cal. Ct. App. 2008) (emphasis added).  While Claimant asks the Court to read into the

statute an implied duty to investigate chain of title relating to a substitute trustee's appointment, no such duty exists.

12.    Mr. Moss peppers his Response with irrelevant cases written on profoundly distinguishable facts.[3]    But he has not offered one case finding that a substitute trustee has a duty to launch an investigation into whether it was properly appointed as substitute trustee.    By contrast, binding case law has established that a substitute trustee does not incur liability for acting as trustee despite an alleged defect in chain of title.    See Bergman, 2013 WL 5863057.

13.    Mr. Moss avoids the plain implications of the Bergman decision in his Response by lamenting its length (52 pages) and apparent complexity.    As such, the Borrower Trust will highlight the relevant facts and holdings in more detail to underscore the case's relevance.    In Bergman, plaintiffs entered into a deed of trust (a "DOT") with Bank of America and PRLAP, Inc. in connection with a refinance of their home in California.    After recording the DOT, Bank of America allegedly sold its beneficial interest in the DOT to a securitized trust, and thereafter appointed Trustee Corps as substitute trustee.    Although Trustee Corps was appointed after Bank of America allegedly sold its interest in the DOT, the substitute trustee purported to act for Bank of America, not the securitized trust.    Trustee Corps recorded a notice of trustee's sale and sold the property.    Plaintiffs sued Trustee Corps, and others, asserting that because Bank of America had previously sold the DOT, it did not have authority to execute the substitution of trustee appointing Trustee Corps.    Accordingly, plaintiffs alleged that Trustee Corps did not have

---

[3] See e.g. Friedman v. Merck & Co., 107 Cal. App. 4th 454 (2003) (examining duty to warn of animal byproducts in tuberculous test where plaintiff was strict ethical vegan and asserted injuries from exposure to animal byproduct in test); Rowland v. Christian, 69 Cal. 2d 108 (1968) (examining duty of host to warn social guest of defects in bathroom fixtures).  Mr. Moss does cite certain cases that deal more directly with the duties of a trustee, but not one case supports the assertion that ETS had a duty to examine the chain of title before accepting and executing its duties as substitute trustee.

authority to exercise any trustee duties, such as recording a notice of trustee sale or selling the property.  Bergman, 2013 WL 5863057 at *13.

14.  In rejecting plaintiffs' claims against the substitute trustee, the Bergman court explained that plaintiffs "have not plausibly alleged that Trustee Corps was aware, or should have been aware, that it was not validly the trustee when it recorded [the notice of trustee's sale and trustee's deed]"  Id. at *20.  Further, the court noted that plaintiffs failed to assert "facts to suggest that Trustee Corps should have been able to discover Bank of America's alleged lack of authority."  Id.  The court, therefore, refused to expand the duties of a substitute trustee to include a duty to investigate the authority of the entity appointing the substitute trustee.

15.  The Bergman case is also instructive on damages in this case.  The court held that plaintiffs were not prejudiced by Trustee Corps' actions, even if it was technically not authorized to act at substitute trustee, because plaintiffs failed to "plausibly allege that they did not default on their loan obligations, and they have failed to allege any facts to suggest that they would not have been foreclosed upon anyway."  Id. at *23.  Similarly, Mr. Moss has provided no plausible evidence that he did not default on his loan obligations, and no evidence that he would not have faced foreclosure in any event (that is, if there was no allegation that ETS was improperly appointed as substitute trustee).  See Second Supplemental Declaration at ¶ 4 (describing documentary evidence of Claimant's default status at relevant times).

16.  Mr. Moss newly asserts in his Response that he was not in default at the time of the "actions," however he has provided no evidence to support that statement.  See Moss Response at p. 23.  It is not clear what "actions" Mr. Moss is referencing, however the Books and Records reflect that Mr. Moss was indeed in default at the time ETS filed the Notice of Default and the Notice of Trustee's Deed Upon Sale.  To aid the Court, the Borrower Trust has attached

sf-3500247

to the Second Supplemental Declaration evidence of Mr. Moss's payment defaults.  See Exhibit A to Second Supplemental Declaration.  Mr. Moss also newly asserts in the Response that ETS foreclosed despite "a written agreement to cancel the scheduled foreclosure sale."  Moss Response at p. 2.  The Borrower Trust examined the Debtors' Books and Records in an effort to validate the accuracy of this assertion.  In short, the Borrower Trust found no evidence of such a written agreement.[4]

17.    In sum, Mr. Moss has failed to show that ETS owed him a duty to investigate the authority of TCIF to appoint ETS as substitute trustee.  Mr. Moss has failed to establish damages.  All other elements of claims for negligence similarly fail.

18.    With respect to negligence per se, Claimant fails to meaningfully rebut Borrower Trust's legal authority holding that violations of Cal. Civil Code sections 2924 and 2934 cannot give rise to a claim of negligence per se.  See Maomanivong v. Nat'l City Mortg. Co., No. C-13-05433 DMR, 2014 U.S. Dist. LEXIS 130513, 51-53 (N.D. Cal. Sept. 15, 2014) (refusing to allow violations of sections 2924 and 2934 to serve as basis for negligence per se claim because "permitting negligence liability [for such violations] would expand the scope of the remedies the California legislature contemplated for a violation of those statutes.").  Claimant grasps at a factual distinction, asserting that the Maomanivong case related to a claim against a lender not a trustee and is thus "totally inapposite."  Moss Response at p. 21.  However

---

[4] The Books and Records do not support this allegation.  One June 11, 2008, two days before the scheduled trustee's sale, Mr. Moss contacted GMAC Mortgage LLC ("GMACM") to request a loan modification. GMACM's servicing notes reflect that during this call GMACM offered Mr. Moss a six-month foreclosure repayment agreement consisting of a $50,000 down payment and six monthly payments of $6,740.78.  Mr. Moss accepted this and paid the $50,000.  The sale set for June 13, 2008 was postponed.  On June 13, 2008 GMACM mailed a copy of the foreclosure repayment agreement to Mr. Moss.  GMACM records do not indicate receiving an executed copy from Mr. Moss.  Further, Mr. Moss did not make the next payment which was due on July 12, 2008 in the amount of $6,740.78.  Foreclosure was recommenced on July 18, 2008.  On August 21, 2008 GMACM received a personal check from Mr. Moss in the amount of $6,000.  The check was returned to Mr. Moss as it was less the amount owed under the foreclosure repayment agreement and untimely.  See Second Supplemental Declaration at ¶ 5.

.

nothing in the <u>Maomanivong</u> case suggests that the holding should be limited to lender claims or that negligence per se could arise under the same statutory provisions on different facts.

### C.    Claimant Has Failed to Plausibly Allege Facts that Support His Claim Against ETS for Fraud

19.    In the Moss Response, Claimant fails to proffer sufficient facts to satisfy the elements of a cause of action for fraud.  Again, the elements of fraud in California are: (1) defendant made a false representation as to a past or existing material fact; (2) the defendant knew the representation was false at the time it was made; (3) in making the representation, the defendant intended to deceive the plaintiff; (4) the plaintiff justifiably and reasonably relied on the representation; and (5) the plaintiff suffered resulting damages.  <u>See</u> <u>Lazar v. Superior Court of L.A. Cnty.</u>, 909 P.2d 981, 984 (Cal. 1996).  Even if Claimant believes the first prong is satisfied by recording the Notices (it is not), Claimant offers no facts whatsoever to show that ETS had knowledge of a possible deficiency in its authority as substitute trustee or intent to deceive when it filed the Notices.  Mr. Moss has asserted no facts with respect to the fourth prong, reliance, and his assertions regarding damages fail.

20.    Mr. Moss has failed to show how ETS' actions resulted in any compensable damages that would support his Claim.  Again, the <u>Bergman</u> case is helpful on damages.  The plaintiffs in <u>Bergman</u> asserted damages because they were ousted from their home through the foreclosure process, lost their equity in the home, and were forced to retain counsel to challenge the foreclosure.  <u>Bergman</u>, 2013 WL 5863057 at *23.  Even so, Mr. and Mrs. Bergman were not prejudiced by the foreclosure according to the District Court, notwithstanding the allegation that the successor trustee did not have authority to conduct the sale.  The court classified the alleged lack of authority on the part of the substitute trustee as a "mere irregularity" in the process, which did not ultimately harm the plaintiffs who would have

8

been subjected to foreclosure regardless of that irregularity.  <u>Bergman</u>, 2013 WL 5863057 at *21

(discussing cases where no prejudice was found because plaintiff "would have been foreclosed

on anyway.").

21.    Compared with the Bergmans, Mr. Moss has fared better—the Notices

have been rescinded and Mr. Moss has retained title to his property.  More importantly, just like

the Bergmans, Mr. Moss's foreclosure happened as a result of his own default, not as a result of

"mere irregularities" in the process, such as an improper substitution of trustee.  In short, there is

no fraud based on these facts.

### D.    Without A Viable Claim for Negligence or Fraud, Claimant Has No Valid Claim for Emotional Distress

22.    Mr. Moss has failed to show that he is entitled to emotional damages.

Even if Mr. Moss suffered emotional distress during the litigation and foreclosure process, his

suffering does not give rise to a claim against ETS without a showing that ETS is liable for

negligence or fraud—neither of which is supported by the facts.  Mr. Moss includes in his

Response several cases discussing damages for emotional distress.  However, not one of those

cases awards damages for emotional distress absent a negligent act or fraud or other underlying

wrong.  In short, ETS committed no wrong against Mr. Moss.  <u>See</u> <u>Bergman</u>, 2013 WL 5863057

at *21 ("Plaintiffs must make allegations that prejudice was caused by defects in the foreclosure

process, rather than their own default.").

### E.    Claimant Fails to Offer any Plausible Evidence to Support His Claim for Intentional Infliction of Emotional Distress

23.    Finally, Mr. Moss fails to support his claim for intentional infliction of

emotional distress.  Again, the elements of a cause of action for intentional infliction of

emotional distress are (1) the defendant engaged in extreme and outrageous conduct with the

intention of causing, or reckless disregard of the probability of causing, severe emotional

sf-3500247

distress to the plaintiff; (2) the plaintiff actually suffered severe or extreme emotional distress;

and (3) the outrageous conduct was the actual and proximate cause of the emotional distress.

See Bock v. Hansen, 225 Cal. App. 4th 215, 232-233 (Cal. App. 1st Dist. 2014).

24.     Mr. Moss failed to meaningfully rebut Borrower Trust's authority for the

proposition that foreclosing on a property does not amount to "outrageous conduct."  See e.g.

Aguinaldo v. Ocwen Loan Serv., LLC, No. 12-CV-01393-EJD, 2012 WL 3835080, at *7 (N.D.

Cal. Sep. 4, 2012) ("[A]s a matter of law . . . foreclosing on property does not amount to the

'outrageous conduct' required to support a claim for intentional infliction of emotional

distress.").   Mr. Moss simply dismisses the authority saying that the cases are "necessarily

limited to the facts", but without providing any specific factual distinctions.  Moss Response at

24 (also offering an irrelevant case regarding loan modifications).  Fundamentally, again, Mr.

Moss does not provide any support for the argument that ETS intended to cause, or acted with

reckless disregard of the probability of causing, severe emotional distress to Claimant.

25.     As a result, Mr. Moss cannot assert a cause of action for intentional

infliction of emotional distress.

## CONCLUSION

26.     WHEREFORE, the Borrower Trust respectfully submits that the relief

requested in the Objection should be granted in its entirety.

10

12-12020-mg    Doc 8766-1    Filed 06/18/15    Entered 06/18/15 12:15:00    Exhibit 1
Pg 16 of 42

Dated: February 5, 2015         /s/ Norman S. Rosenbaum
     New York, New York        Norman S. Rosenbaum
                                          Jordan A. Wishnew
                                          Jessica J. Arett
                                        MORRISON & FOERSTER LLP
                                        250 West 55th Street
                                          New York, New York 10019
                                          Telephone: (212) 468-8000
                                          Facsimile: (212) 468-7900
                                        *Counsel for the ResCap Borrower Claims Trust*

11

12-12020-mg    Doc 8766-1    Filed 06/19/15    Entered 06/19/15 12:15:09    Exhibit 1
Pg 17 of 42

**Exhibit 1**

**Second Supplemental Declaration**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------

|   |   |
|---|---|
| ) |   |
| In re: ) | Case No. 12-12020 (MG) |
| ) |   |
| RESIDENTIAL CAPITAL, LLC, et al., ) | Chapter 11 |
| ) |   |
| Debtors. ) | Jointly Administered |
| ) |   |

---------------------------------------------------------------

**SECOND SUPPLEMENTAL DECLARATION OF DEANNA HORST IN SUPPORT OF**
**THE RESCAP BORROWER CLAIMS TRUST'S REPLY IN SUPPORT OF ITS**
**SUPPLEMENTAL OBJECTION TO CLAIM NUMBER 4445 FILED BY ALAN MOSS**

I, Deanna Horst, hereby declare as follows:

1.      I am the Chief Claims Officer for The ResCap Liquidating Trust (the

"Liquidating Trust"), and previously served as Chief Claims Officer for Residential Capital, LLC

and its affiliates ("ResCap"), a limited liability company organized under the laws of the state of

Delaware and the parent of the other debtors in the above-captioned Chapter 11 Cases

(collectively, the "Debtors").  I have been employed by affiliates of ResCap since August of

2001.  In June 2012, I became Senior Director of Claims Management for ResCap and, in

October of 2013, I became the Chief Claims Officer of ResCap.  I began my association with

ResCap in 2001 as the Director, Responsible Lending Manager, charged with managing the

Debtors' responsible lending on-site due diligence program.  In 2002, I became the Director of

Quality Asset Management, managing Client Repurchase, Quality Assurance and Compliance—

a position I held until 2006, at which time I became the Vice President of the Credit Risk Group,

managing Correspondent and Broker approval and monitoring.  In 2011, I became the Vice

President, Business Risk and Controls, and supported GMAC Mortgage, LLC and Ally Bank in

this role.  In my current position, I am responsible for Claims Management and Reconciliation

1

and Client Recovery.  I am authorized to submit this declaration (the "Second Supplemental

Declaration") in support of *ResCap Borrower Claims Trust's Reply in Support of Its*

*Supplemental Objection to Claim No. 4445 Filed by Alan Moss* (the "Reply").[1]  This Second

Supplemental Declaration supports the Reply and serves to supplement my prior declaration filed

on December 19, 2014 (the "Supplemental Declaration") [Docket No. 7904, Ex. 1], which is

incorporated herein by reference.  This Second Supplemental Declaration does not address the

points previously set forth in the Supplemental Declaration, but rather addresses those new issues

raised by Mr. Moss in the Moss Response.

   2. Except as otherwise indicated, all facts set forth in this Declaration are

based upon my personal knowledge of the Debtors' operations and finances, information learned

from my review of relevant documents and information I have received through my discussions

with other former members of the Debtors' management or other former employees of the

Debtors, the Liquidating Trust's employees, professionals, and consultants, and/or Kurtzman

Carson Consultants LLC, the Debtors' noticing and claims agent.  If I were called upon to

testify, I could and would testify competently to the facts set forth in the Reply and Second

Supplemental Objection on that basis.

   3. In my capacity as Chief Claims Officer, I am intimately familiar with the

claims reconciliation process in these Chapter 11 Cases.  Except as otherwise indicated, all

statements in this Declaration are based upon my familiarity with the Debtors' books and records

that were prepared and kept in the course of their regularly conducted business activities (the

"Books and Records"), the Debtors' schedules of assets and liabilities and statements of financial

affairs filed in these Chapter 11 Cases (collectively, the "Schedules"), my review and

reconciliation of claims, and/or my review of relevant documents.  I or other Liquidating Trust

---

[1] Capitalized terms not defined herein shall have the meanings ascribed to them in the Reply.

sf-3500708

personnel under my supervision have reviewed and analyzed the proof of claim form and supporting documentation filed by Mr. Moss. Since the Plan became effective and the Borrower Trust was established, I, along with other members of the Liquidating Trust, have consulted with the Borrower Trust to continue the claims reconciliation process, analyze claims, and determine the appropriate treatment of the same.[2] In connection with such review and analysis, where applicable, I or other Liquidating Trust personnel, together with the Liquidating Trust's and the Borrower Trust's professional advisors, have reviewed (i) information supplied or verified by former personnel in departments within the Debtors' various business units, (ii) the Books and Records, (iii) the Schedules, (iv) other filed proofs of claim, and/or (v) the official claims register maintained in the Debtors' Chapter 11 Cases.

4.      In the Moss Response, Mr. Moss asserts that he was not in default at the relevant "actions". See Moss Response at p. 23. However, the Books and Records reflect that Mr. Moss was indeed in default at the time of the filing of the Notice of Default and the Notice of Trustee's Deed Upon Sale. A copy of Mr. Moss's payment history is attached hereto as Exhibit A.

5.      In the Moss Response, Mr. Moss also asserts that ETS foreclosed despite a written agreement to cancel the scheduled foreclosure sale. A review of the Books and Records do not support this allegation. One June 11, 2008, two days before the scheduled trustee's sale, Mr. Moss contacted GMAC Mortgage LLC ("GMACM") to request a loan modification. GMACM's servicing notes reflect that during this call GMACM offered Mr. Moss a six-month foreclosure repayment agreement consisting of a $50,000 down payment and six monthly

---

[2] The ResCap Liquidating Trust and the ResCap Borrower Claims Trust are parties to an Access and Cooperation Agreement, dated December 17, 2013, which, among other things, provides the Borrower Trust with access to the books and records held by the Liquidating Trust and Liquidating Trust's personnel to assist the Borrower Trust in performing its obligations.

sf-3500708

payments of $6,740.78.  Mr. Moss accepted this and paid the $50,000.  The foreclosure sale set

for June 13, 2008 was cancelled.  On June 13, 2008 GMACM mailed a copy of the foreclosure

repayment agreement to Mr. Moss.  GMACM records do not indicate receiving an executed copy

from Mr. Moss.  Further, Mr. Moss did not make the next payment which was due on July 12,

2008 in the amount of $6,740.78.  Foreclosure was recommenced on July 18, 2008.  On August

21, 2008 GMACM received a personal check from Mr. Moss in the amount of $6,000.  The

check was returned to Mr. Moss as it was less than the amount owed under the foreclosure

repayment agreement and made untimely.    A copy of relevant sections of the servicing notes

are included in Exhibit B.  A copy of the foreclosure repayment agreement sent to Mr. Moss is

attached hereto as Exhibit C.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true

and correct.

Dated:  February 5, 2015

 /s/ Deanna Horst
Deanna Horst
Chief Claims Officer for ResCap
Liquidating Trust

4

sf-3500708

# **Exhibit A**

Date Data as-of: February 3, 2015

| Account Number | Name Primary Borrower | Name Secondary Borrower | Property Address | Mailing Address |
|---|---|---|---|---|
| ███████ | ALAN IRVING MOSS | | 86 SAN LUCAS AVE | PO BOX 721 |
| | | | MOSS BEACH | MOSS BEACH |
| | | | CA | CA |
| | | | 94038-0000 | 94038-0000 |

**Investor Info**

| | |
|---|---|
| Investor Acct No - Prim | 11076028 |
| Investor Number | 41728 |
| Investor Name Full | THE BANK OF NEW YORK MELLON |
| Investor Id | |

**Previous Servicer Info**

| | |
|---|---|
| Previous Account Number | 0017565698 |
| Seller Company Name | OPTION ONE MORTGAGE |

**Loan Info**

| | |
|---|---|
| Arm Flag | Y |
| Loan Type | Conventional |
| Lien Position | 01 |
| Interest Rate | 12.375% |
| Collection Status | PO |

**Dates**

| | |
|---|---|
| Int Collected To | 12/01/2007 |
| Next Due | 01/01/2008 |
| Last Payment | 06/13/2008 |
| Last Activity | 02/24/2014 |
| Setup Date | 03/13/2006 |
| Maturity Date | 07/01/2035 |

**Current Balances**

| | |
|---|---|
| Principal | $0.00 |
| Escrow | $0.00 |
| Unapplied | $0.00 |
| Buydown | $0.00 |

**Uncollected**

| | |
|---|---|
| Late Charges | $0.00 |
| Interest | $0.00 |
| Fees | $0.00 |
| Opt | $0.00 |

**Year-To-Date**

| | |
|---|---|
| Interest | $0.00 |
| Taxes | $0.00 |

**Financial**

| Account Number | Trans Added Date | Date Interest Paid Current | Prin Bal after trans | Transaction Description | Transaction Reason Code | Trans Type | Trans Amount | To Principal | To Interest Amt | To Escrow Amt | To Fee Amt | To Unapplied Funds Amt | To Credit Insurance Amt | To Late Charge Amt |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ██ | ██ | ██ | | | ██ | ██ | ██ | ██ | ██ | ██ | ██ | | ██ | ██ |
| ██ | ██ | ██ | | | ██ | ██ | ██ | ██ | ██ | ██ | ██ | | ██ | ██ |
| ██ | ██ | ██ | | | ██ | ██ | ██ | ██ | ██ | ██ | ██ | | ██ | ██ |
| ██ | ██ | ██ | ██ | | | ██ | ██ | ██ | ██ | ██ | ██ | | ██ | ██ |
| ██ | ██ | ██ | ██ | | | ██ | ██ | ██ | ██ | ██ | ██ | ██ | ██ | ██ |
| ██ | ██ | ██ | ██ | | | ██ | ██ | ██ | ██ | ██ | ██ | | ██ | ██ |
| ██ | ██ | ██ | ██ | | | ██ | ██ | ██ | ██ | ██ | ██ | | ██ | ██ |
| ██ | ██ | ██ | ██ | | | ██ | ██ | ██ | ██ | ██ | ██ | | ██ | ██ |
| ██ | ██ | ██ | ██ | | | ██ | ██ | ██ | ██ | ██ | ██ | | ██ | ██ |
| ██ | ██ | ██ | ██ | | | ██ | ██ | ██ | ██ | ██ | ██ | | ██ | ██ |
| ██ | ██ | ██ | ██ | | | ██ | ██ | ██ | ██ | ██ | ██ | | ██ | ██ |

| | | | | | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ▮ | 02/07/2013 | 12/01/2007 | $604,642.14 Escrow Refund | | R04 | $10,870.21 | $0.00 | $0.00 | $10,870.21 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 01/17/2013 | 12/01/2007 | $0.00 Comment | | SLC | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 01/04/2013 | 12/01/2007 | $0.00 FEE | 040 | FB | $300.00 | $0.00 | $0.00 | $0.00 | $300.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 01/03/2013 | 12/01/2007 | $604,642.14 Escrow Refund-REO Fire | | R23 | $280.00 | $0.00 | $0.00 | $280.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 12/27/2012 | 12/01/2007 | $604,642.14 Non-Cash | | AA | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $4,329.19 |
| ▮ | 12/27/2012 | 12/01/2007 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $4,329.19 |
| ▮ | 12/26/2012 | 12/01/2007 | $604,642.14 PAYMENT | | PT | ($61,929.57) | $0.00 | $0.00 | ($67,633.17) | $0.00 | $5,703.60 | $0.00 | $0.00 |
| ▮ | 12/26/2012 | 12/01/2007 | $604,642.14 PAYMENT | | RT | $61,929.57 | $0.00 | $0.00 | $67,633.17 | $0.00 | ($5,703.60) | $0.00 | $0.00 |
| ▮ | 12/26/2012 | 12/01/2007 | $0.00 Unapplied | | UFU | $5,703.60 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 12/10/2012 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 11/09/2012 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 11/07/2012 | 12/01/2007 | $604,642.14 Escrow Disb-Tax County | | E90 | ($5,502.30) | $0.00 | $0.00 | ($5,502.30) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 10/09/2012 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 09/10/2012 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 08/09/2012 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 07/09/2012 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 06/11/2012 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 05/09/2012 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 04/09/2012 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 03/09/2012 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 03/07/2012 | 12/01/2007 | $604,642.14 Escrow Disb-Tax County | | E90 | ($5,353.96) | $0.00 | $0.00 | ($5,353.96) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 02/09/2012 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 01/09/2012 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 12/09/2011 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 11/09/2011 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 11/09/2011 | 12/01/2007 | $604,642.14 Escrow Disb-Tax County | | E90 | ($5,353.96) | $0.00 | $0.00 | ($5,353.96) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 10/10/2011 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 09/09/2011 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 08/09/2011 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 07/11/2011 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 06/09/2011 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 05/09/2011 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 04/11/2011 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 03/09/2011 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 03/09/2011 | 12/01/2007 | $604,642.14 Escrow Disb-Tax County | | E90 | ($5,088.01) | $0.00 | $0.00 | ($5,088.01) | $0.00 | $0.00 | $0.00 | $0.00 |
| ▮ | 02/09/2011 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |

| Date | Date | Amount / Description | Code# | Code | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/10/2011 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/09/2010 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/10/2010 | 12/01/2007 | $604,642.14 Escrow Disb-Tax County | | E90 | ($5,088.01) | $0.00 | $0.00 | ($5,088.01) | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/09/2010 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/11/2010 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 09/09/2010 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 08/09/2010 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 07/09/2010 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 06/24/2010 | 12/01/2007 | $0.00 FEE | 040 | FB | $6,198.60 | $0.00 | $0.00 | $0.00 | $6,198.60 | $0.00 | $0.00 | $0.00 |
| 06/09/2010 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/10/2010 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/09/2010 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/10/2010 | 12/01/2007 | $604,642.14 Escrow Disb-Tax County | | E90 | ($2,587.88) | $0.00 | $0.00 | ($2,587.88) | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/09/2010 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/09/2010 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($579.00) | $0.00 | $0.00 | ($579.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/25/2010 | 12/01/2007 | $0.00 FEE | 164 | FB | $83.00 | $0.00 | $0.00 | $0.00 | $83.00 | $0.00 | $0.00 | $0.00 |
| 01/11/2010 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($634.00) | $0.00 | $0.00 | ($634.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/09/2009 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($634.00) | $0.00 | $0.00 | ($634.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/11/2009 | 12/01/2007 | $604,642.14 Escrow Disb-Tax County | | E90 | ($2,587.88) | $0.00 | $0.00 | ($2,587.88) | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/09/2009 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($634.00) | $0.00 | $0.00 | ($634.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/09/2009 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($634.00) | $0.00 | $0.00 | ($634.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 09/09/2009 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($634.00) | $0.00 | $0.00 | ($634.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 08/10/2009 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($663.00) | $0.00 | $0.00 | ($663.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 07/09/2009 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($663.00) | $0.00 | $0.00 | ($663.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 06/09/2009 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($663.00) | $0.00 | $0.00 | ($663.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/13/2009 | 12/01/2007 | $604,642.14 Escrow Disb-REO Fire | | E23 | ($663.00) | $0.00 | $0.00 | ($663.00) | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/11/2009 | 12/01/2007 | $0.00 FEE | 040 | FB | $7.00 | $0.00 | $0.00 | $0.00 | $7.00 | $0.00 | $0.00 | $0.00 |
| 05/08/2009 | 12/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 04/22/2009 | 12/01/2007 | $0.00 FEE | 164 | FB | $83.00 | $0.00 | $0.00 | $0.00 | $83.00 | $0.00 | $0.00 | $0.00 |
| 04/13/2009 | 12/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 03/11/2009 | 12/01/2007 | $604,642.14 Escrow Disb-Tax County | | E90 | ($2,365.65) | $0.00 | $0.00 | ($2,365.65) | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/11/2009 | 12/01/2007 | $0.00 FEE | 040 | FB | $7.00 | $0.00 | $0.00 | $0.00 | $7.00 | $0.00 | $0.00 | $0.00 |
| 03/10/2009 | 12/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 02/13/2009 | 12/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 01/13/2009 | 12/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 12/31/2008 | 12/01/2007 | $604,642.14 Interest On Escrow | | EI | $6.94 | $0.00 | $0.00 | $6.94 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/05/2008 | 12/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 11/11/2008 | 12/01/2007 | $604,642.14 Escrow Disb-Tax County | | E90 | ($2,365.65) | $0.00 | $0.00 | ($2,365.65) | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/10/2008 | 12/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |

| Date | Date | Amount / Desc | Code | Type | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| 10/29/2008 | 12/01/2007 | $0.00 FEE | 164 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $83.00 | $0.00 | $0.00 | $0.00 |
| 10/07/2008 | 12/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 09/09/2008 | 12/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 06/16/2008 | 12/01/2007 | $0.00 FEE | 040 | FB | $2,517.90 | $0.00 | $0.00 | $0.00 | $2,517.90 | $0.00 | $0.00 | $0.00 |
| 06/13/2008 | 07/01/2007 | $605,690.39 PAYMENT | | RP | $6,740.78 | $312.35 | $5,176.27 | $1,252.16 | $0.00 | $0.00 | $0.00 |
| 06/13/2008 | 08/01/2007 | $605,485.02 PAYMENT | | RP | $7,703.71 | $205.37 | $6,246.18 | $1,252.16 | $0.00 | $0.00 | $0.00 |
| 06/13/2008 | 09/01/2007 | $605,277.53 PAYMENT | | RP | $7,703.71 | $207.49 | $6,244.06 | $1,252.16 | $0.00 | $0.00 | $0.00 |
| 06/13/2008 | 10/01/2007 | $605,067.90 PAYMENT | | RP | $7,703.71 | $209.63 | $6,241.92 | $1,252.16 | $0.00 | $0.00 | $0.00 |
| 06/13/2008 | 11/01/2007 | $604,856.11 PAYMENT | | RP | $7,703.71 | $211.79 | $6,239.76 | $1,252.16 | $0.00 | $0.00 | $0.00 |
| 06/13/2008 | 12/01/2007 | $604,642.14 PAYMENT | | RP | $7,703.71 | $213.97 | $6,237.58 | $1,252.16 | $0.00 | $0.00 | $0.00 |
| 06/13/2008 | 12/01/2007 | $604,642.14 PAYMENT | | SR | $4,740.67 | $0.00 | $0.00 | $0.00 | $0.00 | $4,740.67 | $0.00 | $0.00 |
| 06/13/2008 | 12/01/2007 | $0.00 Unapplied | | UFF | $4,740.67 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 06/13/2008 | 06/12/2008 | $0.00 Comment | | RPL | $50,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 06/11/2008 | 06/01/2007 | $606,002.74 Non-Cash | | AA | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($2,857.37) |
| 06/11/2008 | 06/01/2007 | $0.00 Unapplied | | UFF | $962.93 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 06/11/2008 | 06/01/2007 | $0.00 Unapplied | | UFU | ($962.93) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 06/11/2008 | 06/01/2007 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($2,857.37) |
| 06/05/2008 | 06/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 05/13/2008 | 06/01/2007 | $0.00 FEE | 164 | FB | $85.00 | $0.00 | $0.00 | $0.00 | $85.00 | $0.00 | $0.00 | $0.00 |
| 04/29/2008 | 06/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 04/02/2008 | 06/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 03/17/2008 | 06/01/2007 | $606,002.74 Escrow Disb-Tax County | | E90 | ($2,328.43) | $0.00 | $0.00 | ($2,328.43) | $0.00 | $0.00 | $0.00 |
| 02/21/2008 | 06/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 01/23/2008 | 06/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 01/14/2008 | 06/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 12/11/2007 | 06/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 12/07/2007 | 06/01/2007 | $0.00 FEE | 040 | FB | $1,792.61 | $0.00 | $0.00 | $0.00 | $1,792.61 | $0.00 | $0.00 | $0.00 |
| 12/03/2007 | 06/01/2007 | $0.00 FEE | 164 | FB | $85.00 | $0.00 | $0.00 | $0.00 | $85.00 | $0.00 | $0.00 | $0.00 |
| 11/08/2007 | 06/01/2007 | $606,002.74 Escrow Disb-Tax County | | E90 | ($2,328.43) | $0.00 | $0.00 | ($2,328.43) | $0.00 | $0.00 | $0.00 |
| 10/26/2007 | 06/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 10/08/2007 | 06/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 09/06/2007 | 06/01/2007 | $0.00 FEE | 028 | FB | $30.00 | $0.00 | $0.00 | $0.00 | $30.00 | $0.00 | $0.00 | $0.00 |
| 08/29/2007 | 06/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 08/01/2007 | 06/01/2007 | $606,002.74 PAYMENT | | AP | $6,740.78 | $309.70 | $5,178.92 | $1,252.16 | $0.00 | $0.00 | $0.00 |
| 08/01/2007 | 06/01/2007 | $606,002.74 PAYMENT | | SWA | $962.93 | $0.00 | $0.00 | $0.00 | $0.00 | $962.93 | $0.00 | $0.00 |
| 08/01/2007 | 06/01/2007 | $0.00 Unapplied | | UFU | $962.93 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 08/01/2007 | 06/01/2007 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($274.43) |
| 07/27/2007 | 05/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |
| 06/28/2007 | 05/01/2007 | $0.00 FEE | 011 | FB | $11.25 | $0.00 | $0.00 | $0.00 | $11.25 | $0.00 | $0.00 | $0.00 |

| Date | Eff. Date | Amount / Type | Ref | Code | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 06/25/2007 | 05/01/2007 | $606,312.44 PAYMENT | | AP | $5,488.62 | $301.?? | $5,187.94 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 06/25/2007 | 05/01/2007 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($548.86) |
| 04/25/2007 | 04/01/2007 | $0.00 FEE | 164 | FB | $135.00 | $0.00 | $0.00 | $0.00 | $135.00 | $0.00 | $0.00 | $0.00 |
| 04/23/2007 | 03/01/2007 | $606,924.00 PAYMENT | | RP | $5,488.62 | $301.90 | $5,186.72 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/23/2007 | 03/01/2007 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($274.43) |
| 04/23/2007 | 04/01/2007 | $606,619.52 PAYMENT | | RP | $6,511.38 | $304.48 | $5,184.14 | $0.00 | $0.00 | ($942.41) | $0.00 | $1,965.17 |
| 04/23/2007 | 04/01/2007 | $0.00 Unapplied | | UFU | ($942.41) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/23/2007 | 04/01/2007 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $1,965.17 |
| 04/16/2007 | 02/01/2007 | $0.00 FEE | 040 | FE | $4,546.21 | $0.00 | $0.00 | $0.00 | $4,546.21 | $0.00 | $0.00 | $0.00 |
| 04/16/2007 | 02/01/2007 | $607,225.90 PAYMENT | | PR0 | $0.00 | ($301.90) | ($5,186.72) | $0.00 | $0.00 | $5,488.62 | $0.00 | $0.00 |
| 04/16/2007 | 02/01/2007 | $607,225.90 PAYMENT | | SR | ($4,546.21) | $0.00 | $0.00 | $0.00 | $0.00 | ($4,546.21) | $0.00 | $0.00 |
| 04/16/2007 | 02/01/2007 | $0.00 Unapplied | | UFE | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/16/2007 | 02/01/2007 | $0.00 Unapplied | | UFF | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/16/2007 | 02/01/2007 | $0.00 Unapplied | | UFU | $942.41 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/16/2007 | 03/01/2007 | $0.00 FEE | 040 | FE | $445.29 | $0.00 | $0.00 | $0.00 | $445.29 | $0.00 | $0.00 | $0.00 |
| 04/16/2007 | 03/01/2007 | $606,924.00 PAYMENT | | SR | ($445.29) | $0.00 | $0.00 | $0.00 | $0.00 | ($445.29) | $0.00 | $0.00 |
| 04/16/2007 | 03/01/2007 | $0.00 Unapplied | | UFF | ($445.29) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/22/2007 | 01/01/2007 | $607,525.24 PAYMENT | | PA | $0.00 | $296.81 | $5,191.81 | $0.00 | $0.00 | ($5,488.62) | $0.00 | $0.00 |
| 03/22/2007 | 01/01/2007 | $0.00 Unapplied | | UFU | ($5,488.62) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/22/2007 | 01/01/2007 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($274.43) |
| 03/22/2007 | 02/01/2007 | $607,225.90 PAYMENT | | PA | $0.00 | $299.34 | $5,189.28 | $0.00 | $0.00 | ($5,488.62) | $0.00 | $0.00 |
| 03/22/2007 | 02/01/2007 | $0.00 Unapplied | | UFU | ($5,488.62) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/22/2007 | 03/01/2007 | $606,924.00 PAYMENT | | PA | $0.00 | $301.90 | $5,186.72 | $0.00 | $0.00 | ($5,488.62) | $0.00 | $0.00 |
| 03/22/2007 | 03/01/2007 | $0.00 Unapplied | | UFE | ($2,351.90) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/22/2007 | 03/01/2007 | $0.00 Unapplied | | UFF | ($2,113.96) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/22/2007 | 03/01/2007 | $0.00 Unapplied | | UFU | ($1,022.76) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/21/2007 | 12/01/2006 | $607,822.05 PAYMENT | | SR | $12,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $12,000.00 | $0.00 | $0.00 |
| 03/21/2007 | 12/01/2006 | $0.00 Unapplied | | UFU | $12,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 03/13/2007 | 12/01/2006 | $0.00 FEE | 040 | FB | $4,991.50 | $0.00 | $0.00 | $0.00 | $4,991.50 | $0.00 | $0.00 | $0.00 |
| 03/09/2007 | 12/01/2006 | $607,822.05 Escrow Disb-Tax County | | E90 | ($2,263.14) | $0.00 | $0.00 | ($2,263.14) | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/10/2007 | 11/01/2006 | $608,116.34 PAYMENT | | RP | $5,488.62 | $291.80 | $5,196.82 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/10/2007 | 12/01/2006 | $607,822.05 PAYMENT | | RP | $5,488.62 | $294.29 | $5,194.33 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/10/2007 | 12/01/2006 | $607,822.05 PAYMENT | | SR | $1,022.76 | $0.00 | $0.00 | $0.00 | $0.00 | $1,022.76 | $0.00 | $0.00 |
| 02/10/2007 | 12/01/2006 | $0.00 Unapplied | | UFF | $1,022.76 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 02/10/2007 | 02/08/2007 | $0.00 PAYMENT | | RPY | $12,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/16/2007 | 09/01/2006 | $608,697.47 PAYMENT | | RP | $5,488.62 | $286.88 | $5,201.74 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/16/2007 | 10/01/2006 | $608,408.14 PAYMENT | | RP | $5,488.62 | $289.33 | $5,199.29 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 01/16/2007 | 10/01/2006 | $608,408.14 PAYMENT | | SR | $1,090.03 | $0.00 | $0.00 | $0.00 | $0.00 | $1,090.03 | $0.00 | $0.00 |
| 01/16/2007 | 10/01/2006 | $0.00 Unapplied | | UFF | $1,090.03 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| Date | Effective Date | Amount / Transaction | Code | Type | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| 01/16/2007 | 01/08/2007 | $0.00 PAYMENT | | RPY | $1,246.25 | $4,239.01 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/16/2006 | 08/01/2006 | $608,984.35 PAYMENT | | SR | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/16/2006 | 08/01/2006 | $0.00 Unapplied | | UFE | $2,351.90 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/16/2006 | 08/01/2006 | $0.00 Unapplied | | UFU | ($2,351.90) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/11/2006 | 04/01/2006 | $610,107.77 PAYMENT | | RP | $5,488.62 | $274.93 | $5,213.69 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/11/2006 | 05/01/2006 | $609,830.49 PAYMENT | | RP | $5,488.62 | $277.28 | $5,211.34 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/11/2006 | 06/01/2006 | $609,550.84 PAYMENT | | RP | $5,488.62 | $279.65 | $5,208.97 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/11/2006 | 07/01/2006 | $609,268.80 PAYMENT | | RP | $5,488.62 | $282.04 | $5,206.58 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/11/2006 | 08/01/2006 | $0.00 FEE | 011 | FE | $105.00 | $0.00 | $0.00 | $0.00 | $105.00 | $0.00 | $0.00 | $0.00 |
| 12/11/2006 | 08/01/2006 | $0.00 FEE | 164 | FE | $100.00 | $0.00 | $0.00 | $0.00 | $100.00 | $0.00 | $0.00 | $0.00 |
| 12/11/2006 | 08/01/2006 | $608,984.35 PAYMENT | | RP | $5,488.62 | $284.45 | $5,204.17 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/11/2006 | 08/01/2006 | $608,984.35 PAYMENT | | SWP | $2,351.90 | $0.00 | $0.00 | $0.00 | $0.00 | $2,351.90 | $0.00 | $0.00 |
| 12/11/2006 | 08/01/2006 | $0.00 Unapplied | | UFU | $2,351.90 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/11/2006 | 12/08/2006 | $0.00 PAYMENT | | RPY | $30,000.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/05/2006 | 03/01/2006 | $0.00 FEE | 011 | FB | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $0.00 | $0.00 | $0.00 |
| 12/04/2006 | 03/01/2006 | $610,382.70 Non-Cash | | AA | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($1,646.58) |
| 12/04/2006 | 03/01/2006 | $0.00 Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | ($1,646.58) |
| 12/01/2006 | 03/01/2006 | $610,382.70 PAYMENT | | SR | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/01/2006 | 03/01/2006 | $0.00 Unapplied | | UFF | $446.46 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 12/01/2006 | 03/01/2006 | $0.00 Unapplied | | UFU | ($446.46) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 11/09/2006 | 03/01/2006 | $0.00 FEE | 011 | FB | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $0.00 | $0.00 | $0.00 |
| 11/08/2006 | 03/01/2006 | $610,382.70 Escrow Disb-Tax County | | E90 | ($2,263.14) | $0.00 | $0.00 | ($2,263.14) | $0.00 | $0.00 | $0.00 | $0.00 |
| 10/18/2006 | 03/01/2006 | $0.00 FEE | 164 | FB | $100.00 | $0.00 | $0.00 | $0.00 | $100.00 | $0.00 | $0.00 | $0.00 |
| 09/26/2006 | 03/01/2006 | $0.00 FEE | 011 | FB | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $0.00 | $0.00 | $0.00 |
| 09/19/2006 | 03/01/2006 | $610,382.70 Escrow Disb-Tax County | | M90 | ($102.05) | $0.00 | $0.00 | ($102.05) | $0.00 | $0.00 | $0.00 | $0.00 |
| 08/23/2006 | 03/01/2006 | $0.00 FEE | 011 | FB | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $0.00 | $0.00 | $0.00 |
| 07/31/2006 | 03/01/2006 | $610,382.70 PAYMENT | | PT | ($4,293.28) | $0.00 | $0.00 | ($4,739.74) | $0.00 | $446.46 | $0.00 | $0.00 |
| 07/31/2006 | 03/01/2006 | $610,382.70 PAYMENT | | RT | $4,293.28 | $0.00 | $0.00 | $4,739.74 | $0.00 | ($446.46) | $0.00 | $0.00 |
| 07/31/2006 | 03/01/2006 | $0.00 Unapplied | | UFU | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 07/24/2006 | 03/01/2006 | $0.00 FEE | 011 | FB | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $0.00 | $0.00 | $0.00 |
| 07/17/2006 | 03/01/2006 | $610,382.70 Escrow Disb-Tax County | | M90 | ($4,739.74) | $0.00 | $0.00 | ($4,739.74) | $0.00 | $0.00 | $0.00 | $0.00 |
| 06/28/2006 | 03/01/2006 | $0.00 FEE | 011 | FB | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $0.00 | $0.00 | $0.00 |
| 05/23/2006 | 03/01/2006 | $0.00 FEE | 011 | FB | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $0.00 | $0.00 | $0.00 |
| 05/15/2006 | 03/01/2006 | $0.00 FEE | 011 | FWA | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $0.00 | $0.00 | $0.00 |
| 05/15/2006 | 03/01/2006 | $610,382.70 PAYMENT | | AP | $5,488.62 | $272.61 | $5,216.01 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 05/15/2006 | 03/01/2006 | $610,382.70 PAYMENT | | SWA | ($15.00) | $0.00 | $0.00 | $0.00 | $0.00 | ($15.00) | $0.00 | $0.00 |
| 05/15/2006 | 03/01/2006 | $0.00 Unapplied | | UFU | ($15.00) | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| 04/25/2006 | 02/01/2006 | $0.00 FEE | 011 | FB | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $0.00 | $0.00 | $0.00 |
| 04/13/2006 | 08/01/2005 | $612,243.15 PAYMENT | | RP | $5,488.62 | $256.85 | $5,231.77 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |

| | Date | Date | Amount | Type | Num | Code | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ■ | 04/13/2006 | 08/01/2005 | $0.00 | Unapplied | | UF | | | | | | $0.00 | $0.00 | ($2,195.44) |
| ■ | 04/13/2006 | 09/01/2005 | $611,984.11 | PAYMENT | | RP | $5,488.62 | $259.04 | $5,229.58 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 04/13/2006 | 10/01/2005 | $611,722.85 | PAYMENT | | RP | $5,488.62 | $261.26 | $5,227.36 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 04/13/2006 | 11/01/2005 | $611,459.36 | PAYMENT | | RP | $5,488.62 | $263.49 | $5,225.13 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 04/13/2006 | 12/01/2005 | $611,193.62 | PAYMENT | | RP | $5,488.62 | $265.74 | $5,222.88 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 04/13/2006 | 01/01/2006 | $610,925.61 | PAYMENT | | RP | $5,488.62 | $268.01 | $5,220.61 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 04/13/2006 | 02/01/2006 | $0.00 | FEE | 011 | FWP | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $0.00 | $0.00 | $0.00 |
| ■ | 04/13/2006 | 02/01/2006 | $0.00 | FEE | 040 | FWP | $723.40 | $0.00 | $0.00 | $0.00 | $723.40 | $0.00 | $0.00 | $0.00 |
| ■ | 04/13/2006 | 02/01/2006 | $610,655.31 | PAYMENT | | RP | $7,684.06 | $270.30 | $5,218.32 | $0.00 | $0.00 | $0.00 | $0.00 | $2,195.44 |
| ■ | 04/13/2006 | 02/01/2006 | $610,655.31 | PAYMENT | | SWP | $461.46 | $0.00 | $0.00 | $0.00 | $0.00 | $461.46 | $0.00 | $0.00 |
| ■ | 04/13/2006 | 02/01/2006 | $0.00 | Unapplied | | UFU | $461.46 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 |
| ■ | 04/13/2006 | 02/01/2006 | $0.00 | Unapplied | | UI | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $0.00 | $2,195.44 |
| ■ | 03/21/2006 | 07/01/2005 | $0.00 | FEE | 011 | FB | $15.00 | $0.00 | $0.00 | $0.00 | $15.00 | $0.00 | $0.00 | $0.00 |
| ■ | 03/16/2006 | 07/01/2005 | $0.00 | FEE | 040 | FR | ($723.40) | $0.00 | $0.00 | $0.00 | ($723.40) | $0.00 | $0.00 | $0.00 |

# Exhibit B

**DISPLAY/HISTORY**

| | | | | | | | | | |
|---|---|---|---|---|---|---|---|---|---|
| **Acct:** | | **Name:** | **ALAN IRVING MOSS** | | | | **Investor: 41728  Warn: 5 Lock: 1 Stop: 0** | | **Page:** |
| **SSN:** | 369446898 | | | | **Type:** | | | | **Refresh Date:** |
| **- Dates -** | **Paid To:** | 12/1/2007 | **Next Due:** | | **1/1/2008** | **Last Pmt:** | 6/13/2008 | | |
| **- Bal -** | **Prin:** | $0.00 | **Esc:** | | $0.00 | | | | |
| **- Uncol -** | **LC:** | $0.00 | **P&I Adv:** | | $0.00 | **Esc Sht:** | $0.00 | | |

**NOTES:**

| Trans Added Date | Trans Type | Area ID that Originated the Message | Document Notice Id | Document Text Id | Document Text Type Code | Add Teller | TransactionDescription |
|---|---|---|---|---|---|---|---|
| 6/3/2008 | DM | | | | | T:00000 | EARLY IND: SCORE 222 MODEL EIFRC |
| 6/5/2008 | FSV | | 0 | 00 | 1 | T:00000 | INSP TP F RESULTS RCVD;  ORD DT=05/15/08 |
| 6/5/2008 | FOR | | | | | | 06/05/08 - 14:27 - 57127 |
| 6/5/2008 | FOR | | | | | | User has updated the system for the |
| 6/5/2008 | FOR | | | | | | following event: Bidding |
| 6/5/2008 | FOR | | | | | | Instructions Received By Attorney, |
| 6/5/2008 | FOR | | | | | | completed on 6/5/2008 |
| 6/5/2008 | FOR | | | | | | 06/05/08 - 13:07 - 00007 |
| 6/5/2008 | FOR | | | | | | Foreclosure - Bidding Instructions |
| 6/5/2008 | FOR | | | | | | (NIE Id# 7237867) sent to Executive |
| 6/5/2008 | FOR | | | | | | Trustee Services, Inc. at 6/5/2008 |
| 6/5/2008 | FOR | | | | | | 12:56:13 PM by Michelle Swaim |
| 6/5/2008 | FOR | | | | | | 06/05/08 - 12:36 - 39281 |
| 6/5/2008 | FOR | | | | | | User has updated the system for the |
| 6/5/2008 | FOR | | | | | | following event: Bidding |
| 6/5/2008 | FOR | | | | | | Instructions To Attorney, completed |
| 6/5/2008 | FOR | | | | | | on 6/5/2008 |
| 6/5/2008 | FOR | | | | | | BIDDING INSTRUCTIONS (609)  COMPLETED 06/05/08 |
| 6/6/2008 | CBR | | 0 | 00 | 1 | T:00000 | FORECLOSURE STARTED |
| 6/6/2008 | CBR | | 0 | 00 | 1 | T:00000 | DELINQUENT:  180+ DAYS |
| 6/9/2008 | ET | | 0 | 0 | 0 | | ARM CHANGE NOTICE SCHEDULED FOR  06/10/08 |
| 6/11/2008 | D19 | | 0 | 04 | 8 | | ARM CHANGE NOTICE CREATED - LETTER |
| 6/11/2008 | NT | LMT | | | | T:21629 | submitted for approval |
| 6/11/2008 | NT | LMT | | | | T:21629 | will be required.  I have advised of the terms, |
| 6/11/2008 | NT | LMT | | | | T:21629 | due date, payment options and consequences if the |
| 6/11/2008 | NT | LMT | | | | T:21629 | plan fails. Additional Notes: mortgagor is an |
| 6/11/2008 | NT | LMT | | | | T:21629 | attorney and became very sick 7/07 and went back |
| 6/11/2008 | NT | LMT | | | | T:21629 | into full practice 10/07 had lawsuits tied up in |
| 6/11/2008 | NT | LMT | | | | T:21629 | the court system and he was not being paid,he just |

| Date | Code | Code2 | | | | T | Description |
|------|------|-------|---|---|---|---|-------------|
| 6/11/2008 | NT | LMT | | | | T:21629 | received funds for a case that was recently |
| 6/11/2008 | NT | LMT | | | | T:21629 | settled,I suggest we place mortgagor on a 6 month |
| 6/11/2008 | NT | LMT | | | | T:21629 | trial mod to establish a payment history.He has |
| 6/11/2008 | NT | LMT | | | | T:21629 | not paid since 8/07. Whe he completes trial we can |
| 6/11/2008 | NT | LMT | | | | T:21629 | cap his delinquency and modify the loan to a |
| 6/11/2008 | NT | LMT | | | | T:21629 | current status;  Additional Lien(s): N/A;  Policy |
| 6/11/2008 | NT | LMT | | | | T:21629 | "Trial Modification Justification: Hardship: |
| 6/11/2008 | NT | LMT | | | | T:21629 | Illness of mortgagor; Date: 7/1/2007-10/1/2007; |
| 6/11/2008 | NT | LMT | | | | T:21629 | Monetary Impact: $200000; Income : $11000; |
| 6/11/2008 | NT | LMT | | | | T:21629 | Expenses (Post Mod): $9880.78; Residual : |
| 6/11/2008 | NT | LMT | | | | T:21629 | $1119.22; Access To Savings/401k: $0; OAV : |
| 6/11/2008 | NT | LMT | | | | T:21629 | $875000; BPO : $835000; Change In Market: $-40000; |
| 6/11/2008 | NT | LMT | | | | T:21629 | UPB : $606002; LTV : 0.73;Proposed Solution: GMAC |
| 6/11/2008 | NT | LMT | | | | T:21629 | Mortgage proposes a 6 month trial modification |
| 6/11/2008 | NT | LMT | | | | T:21629 | consisting of a down payment of $50000 and a |
| 6/11/2008 | NT | LMT | | | | T:21629 | monthly contribution of $6740.78 followed by an |
| 6/11/2008 | NT | LMT | | | | T:21629 | assessment of the financials to determine if a |
| 6/11/2008 | NT | LMT | | | | T:21629 | permanent modification or an alternative solution |
| 6/11/2008 | LMT | | | | | | REPAY PLAN STARTED   (4001) COMPLETED 06/11/08 |
| 6/11/2008 | RPA | 00 | | | | | REPAY PLAN SET UP |
| 6/11/2008 | LMT | | | | | | LMT SOLUTN PURSUED  (6)   COMPLETED 06/11/08 |
| 6/11/2008 | LMT | | | | | | COMPLETE FIN PKG REC (3)   COMPLETED 06/11/08 |
| 6/11/2008 | LMT | | | | | | ASSESS FINANCL PKG  (2)   COMPLETED 06/11/08 |
| 6/11/2008 | LMT | | | | | | REFERRD TO LOSS MIT  (1)   COMPLETED 06/11/08 |
| 6/11/2008 | LMT | | | | | | PURSUE REPAY PLAN   (4000) COMPLETED 06/11/08 |
| 6/11/2008 | LMT | | | | | | PURSUE LN MODIFCATN  (1000) COMPLETED 06/11/08 |
| 6/11/2008 | LMT | | | | | | APPROVED FOR LMT 06/11/08 |
| 6/11/2008 | DM | | | | | T:21629 | HTO STATED CAN COME UP WITH 50K TOLD HIM WILL |
| 6/11/2008 | DM | | | | | T:21629 | SUBMIT FOR PLAN |
| 6/11/2008 | DM | | | | | T:21629 | ACTION/RESULT CD CHANGED FROM LMDC TO LMDC |
| 6/11/2008 | DM | | | | | T:21629 | HTO SD HAS 25K TO PAY ON LOAN ,R4D=STATED HE IS |
| 6/11/2008 | DM | | | | | T:21629 | S/E A LAWYER 7/07,8/07,9/07 HE WAS SICK HAS NOT |
| 6/11/2008 | DM | | | | | T:21629 | BEEN PAID FOR SERVICES TOLD HIM MUST PAY AT LEAST |
| 6/11/2008 | DM | | | | | T:21629 | HALF OF DELINQUENCY TO BE CONSIDERED FOR A PMT |
| 6/11/2008 | DM | | | | | T:21629 | PLAN |
| 6/11/2008 | DM | | | | | T:21629 | ACTION/RESULT CD CHANGED FROM LMDC TO LMDC |
| 6/11/2008 | DM | | | | | T:29807 | TT B1 VIC, CALL TO SEEK POSS MOD, ADV HE WILL HAVE |
| 6/11/2008 | DM | | | | | T:29807 | 25-30K READY TO FED-EX TODAY, TRANS FILE TO CITI |
| 6/11/2008 | DM | | | | | T:29807 | REP FOR ASSIST. CSLOAN 6512 |
| 6/11/2008 | DM | | | | | T:29807 | ACTION/RESULT CD CHANGED FROM BRLM TO LMDC |

| | | | | | | |
|---|---|---|---|---|---|---|
| 6/12/2008 | DM | | | | T:00000 | PROMISE-BROKEN 06/12/08 PROMISE DT 06/12/08 |
| 6/12/2008 | FOR | | | | | 06/11/08 - 18:12 - 57127 |
| 6/12/2008 | FOR | | | | | Fees and costs response: Good |
| 6/12/2008 | FOR | | | | | Through:6/12/2008 Fees: 1000.00 |
| 6/12/2008 | FOR | | | | | Costs: 1578.90 Comment: |
| 6/12/2008 | FOR | | | | | 06/11/08 - 17:53 - 42783 |
| 6/12/2008 | FOR | | | | | A fees and costs request has been |
| 6/12/2008 | FOR | | | | | entered for this loan by Alford |
| 6/12/2008 | FOR | | | | | Hudspeth, good through 6/12/2008 |
| 6/12/2008 | NT | LMT | | | T:21629 | calld fcl atty sale is postponed as a result of a |
| 6/12/2008 | NT | LMT | | | T:21629 | repayment plan |
| 6/12/2008 | NT | LMT | | | T:21629 | recvd via fax confirmation that 50k was sent out |
| 6/12/2008 | NT | LMT | | | T:21629 | in a cashier check fedex tracking# 792714594908 |
| 6/12/2008 | NT | LMT | | | T:17624 | viewed acct for dep. no payment made yet. per prev |
| 6/12/2008 | NT | LMT | | | T:17624 | notes Alford would put acct on hold if copy of |
| 6/12/2008 | NT | LMT | | | T:17624 | check and airbill were recvd. at this time 4:55pm |
| 6/12/2008 | NT | LMT | | | T:17624 | fcl sale still scheduled, and no hold. |
| 6/12/2008 | DM | | | | T:21629 | HTO WILL MAIL O/N MAIL 50K HE WILL FAX COPY OF |
| 6/12/2008 | DM | | | | T:21629 | CHECK AND AIRBILL ASAP,THEN I WILL POSTPONE SALE |
| 6/12/2008 | DM | | | | T:21629 | ACTION/RESULT CD CHANGED FROM LMDC TO LMDC |
| 6/12/2008 | NT | FSV | | | T:01952 | Loan on pres new repay report. Ran CINS |
| 6/12/2008 | NT | FSV | | | T:01952 | script to cancel any open insp on mtg. |
| 6/13/2008 | FOR | | | | | 06/12/08 - 18:25 - 08736 |
| 6/13/2008 | FOR | | | | | System updated for the following |
| 6/13/2008 | FOR | | | | | event: User has ended the Issue |
| 6/13/2008 | FOR | | | | | associated with this loan. Issue |
| 6/13/2008 | FOR | | | | | Type: Sale Postponement Request. Com |
| 6/13/2008 | FOR | | | | | 06/12/08 - 18:25 - 08736 |
| 6/13/2008 | FOR | | | | | ments: we will pp sale  fro repay. |
| 6/13/2008 | FOR | | | | | 06/13/08 - 07:22 - 11960 |
| 6/13/2008 | FOR | | | | | User has completed the  Sale |
| 6/13/2008 | FOR | | | | | Scheduled For data form with the |
| 6/13/2008 | FOR | | | | | following entries:  Sale |
| 6/13/2008 | FOR | | | | | Postponement Reason: : Loss Mitigati |
| 6/13/2008 | FOR | | | | | 06/13/08 - 07:22 - 11960 |
| 6/13/2008 | FOR | | | | | on |
| 6/13/2008 | FOR | | | | | 06/13/08 - 07:22 - 11960 |
| 6/13/2008 | FOR | | | | | Process opened 6/13/2008 by user |
| 6/13/2008 | FOR | | | | | Kathleen Gowen. |
| 6/13/2008 | FOR | | | | | 06/13/08 - 07:22 - 11960 |

| 6/13/2008 | FOR | | | | | | postpone sale we have a repay plan |
|---|---|---|---|---|---|---|---|
| 6/13/2008 | FOR | | | | | | in place  Resolution: |
| 6/13/2008 | FOR | | | | | | 06/13/08 - 07:22 - 11960 |
| 6/13/2008 | FOR | | | | | | User has updated the system for the |
| 6/13/2008 | FOR | | | | | | following event: Sale Scheduled |
| 6/13/2008 | FOR | | | | | | For. User changed date completed |
| 6/13/2008 | FOR | | | | | | from 6/13/2008 to completed on 7/14/ |
| 6/13/2008 | FOR | | | | | | 06/13/08 - 07:22 - 11960 |
| 6/13/2008 | FOR | | | | | | 2008. Reason: From: Fitton, Donna - |
| 6/13/2008 | FOR | | | | | | CA  Sent: Thursday, June 12, 2008 |
| 6/13/2008 | FOR | | | | | | 4:26 PM  To: Gowen, Kathleen - CA |
| 6/13/2008 | FOR | | | | | | Subject: sale for 06-13-08 GM-117076 |
| 6/13/2008 | FOR | | | | | | 06/13/08 - 07:22 - 11960 |
| 6/13/2008 | FOR | | | | | |   Issue: Sale Postponement |
| 6/13/2008 | FOR | | | | | | Request : Active  Start Date: |
| 6/13/2008 | FOR | | | | | | 06/12/2008 Close Date: n.a. |
| 6/13/2008 | FOR | | | | | | Entered By: Alford Hudspeth, GMAC Cl |
| 6/13/2008 | FOR | | | | | | 06/13/08 - 07:22 - 11960 |
| 6/13/2008 | FOR | | | | | | osed By: n.a.  Reviewed By: n.a. |
| 6/13/2008 | FOR | | | | | | Reviewed: n.a.  Projected End: n.a. |
| 6/13/2008 | FOR | | | | | |  Days Open: 0  Comments: PI |
| 6/13/2008 | FOR | | | | | | 06/12/08 - 18:24 - 42783 |
| 6/13/2008 | FOR | | | | | | System updated for the following |
| 6/13/2008 | FOR | | | | | | event: User has created a |
| 6/13/2008 | FOR | | | | | | Process-Level issue for this |
| 6/13/2008 | FOR | | | | | | loan.Issue Type: Sale Postponement R |
| 6/13/2008 | FOR | | | | | | 06/12/08 - 18:24 - 42783 |
| 6/13/2008 | FOR | | | | | | equest. Issue Comments: Please |
| 6/13/2008 | FOR | | | | | | postpone sale we have a repay plan |
| 6/13/2008 | FOR | | | | | | in place Status: Active |
| 6/13/2008 | FOR | | | | | | 06/12/08 - 18:23 - 42783 |
| 6/13/2008 | FOR | | | | | | Process opened 6/12/2008 by user |
| 6/13/2008 | FOR | | | | | | Alford Hudspeth. |
| 6/13/2008 | FOR | | | | | | 06/12/08 - 18:22 - 42783 |
| 6/13/2008 | FOR | | | | | | Process opened 6/12/2008 by user |
| 6/13/2008 | FOR | | | | | | Alford Hudspeth. |
| 6/13/2008 | FOR | | | | | | TASK:0605-FCL-CHANGD FUPDT  07/14/08 |
| 6/13/2008 | NT | LMT | | | | T:23001 | snt rpy pln agreemnt overnite tk# 7970 1263 0862 |
| 6/13/2008 | OL | | 0 | 15 | 5 | | WDOYLM - FORECLOSURE REPAYMENT AGREEMENT |

| Date | | | | | | | |
|---|---|---|---|---|---|---|---|
| 6/13/2008 | RES | | | | | | ON-LINE REPAYMENT SCHEDULE |
| 6/16/2008 | LMT | | | | | | TRIAL MOD EXECUTED   (1055) COMPLETED 06/16/08 |
| 6/16/2008 | LMT | | | | | | TRIAL MOD APPROVED   (1052) COMPLETED 06/16/08 |
| 6/16/2008 | D28 | | 0 | DT | 8 | | BILLING STATEMENT FROM REPORT R628 |
| 7/2/2008 | DM | | | | | T:00000 | EARLY IND: SCORE 249 MODEL EIFRC |
| 7/2/2008 | CIT | FCL20 | | | | T:01845 | 014 LOAN HAS REPAYMENT PLAN - O/R |
| 7/2/2008 | CIT | FCL20 | | | | T:01845 | Loan Number =　　　　　   PIR = 0.00 |
| 7/2/2008 | CIT | FCL20 | | | | T:01845 | Private Label = 0.00 |
| 7/2/2008 | CIT | FCL20 | | | | T:01845 | Taxes = 0.00 PMI = 0.00 |
| 7/2/2008 | CIT | FCL20 | | | | T:01845 | THE BANK OF NEW YORK, N.A. = 110.00 |
| 7/2/2008 | CIT | FCL20 | | | | T:01845 | P&I = 0.00 |
| 7/2/2008 | CIT | FCL20 | | | | T:01845 | Silent 2nd = 0.00 |
| 7/3/2008 | CIT | CSH30 | | | | T:19338 | 014 DONE 07/03/08 BY TLR 19338 |
| 7/3/2008 | CIT | CSH30 | | | | T:19338 | TSK TYP 724-POP USE-TOT DUE |
| 7/9/2008 | FOR | | | | | | BIDDING INSTRUCTIONS (609)  COMPLETED 07/09/08 |
| 7/9/2008 | FOR | | | | | | BIDDING INSTRUCTIONS (609)  UNCOMPLETED |
| 7/11/2008 | FOR | | | | | | 07/11/08 - 14:17 - 38579 |
| 7/11/2008 | FOR | | | | | | Intercom Message:  / Sent: |
| 7/11/2008 | FOR | | | | | | 7/11/2008 2:16:42 PM / From: |
| 7/11/2008 | FOR | | | | | | Michael Mora, at-exet / To: |
| 7/11/2008 | FOR | | | | | | Kathleen Gowen (GMAC) / CC: Jessica |
| 7/11/2008 | FOR | | | | | | 07/11/08 - 14:17 - 38579 |
| 7/11/2008 | FOR | | | | | | Hill (GMAC) / Message Type: General |
| 7/11/2008 | FOR | | | | | | Update / Subject: Fw:  / Message: |
| 7/11/2008 | FOR | | | | | | Sent: 7/11/2008 9:24:00 AMFrom: |
| 7/11/2008 | FOR | | | | | | Hill, JessicaTo: Fitton, Donna(at-ex |
| 7/11/2008 | FOR | | | | | | 07/11/08 - 14:17 - 38579 |
| 7/11/2008 | FOR | | | | | | et); Mora, Michael(at-exet)CC: |
| 7/11/2008 | FOR | | | | | | Message Type: Response |
| 7/11/2008 | FOR | | | | | | NeededSubject: Message: Please |
| 7/11/2008 | FOR | | | | | | postpone 7/14 sale for 30 days. Than |
| 7/11/2008 | FOR | | | | | | 07/11/08 - 14:17 - 38579 |
| 7/11/2008 | FOR | | | | | | ks |
| 7/11/2008 | FOR | | | | | | 07/11/08 - 15:00 - 08736 |
| 7/11/2008 | FOR | | | | | | Intercom Message:  / Sent: |
| 7/11/2008 | FOR | | | | | | 7/11/2008 2:59:55 PM / From: Donna |
| 7/11/2008 | FOR | | | | | | Fitton, at-exet / To: Kathleen |
| 7/11/2008 | FOR | | | | | | Gowen (GMAC) / CC:  / Message Type: |
| 7/11/2008 | FOR | | | | | | 07/11/08 - 15:00 - 08736 |
| 7/11/2008 | FOR | | | | | | General Update / Subject: Fw:  / |

| Date | Code | | | | | T | Description |
|---|---|---|---|---|---|---|---|
| 7/11/2008 | FOR | | | | | | Message Sent 7/11/2008 9:24:00 AMFrom: Hill, JessicaTo: Fitton, |
| 7/11/2008 | FOR | | | | | | Donna(at-exet); Mora, Michael(at-exe |
| 7/11/2008 | FOR | | | | | | 07/11/08 - 15:00 - 08736 |
| 7/11/2008 | FOR | | | | | | t)CC: Message Type: Response |
| 7/11/2008 | FOR | | | | | | NeededSubject: Message: Please |
| 7/11/2008 | FOR | | | | | | postpone 7/14 sale for 30 days. |
| 7/11/2008 | FOR | | | | | | Thanks |
| 7/11/2008 | FOR | | | | | | 07/11/08 - 09:22 - 39123 |
| 7/11/2008 | FOR | | | | | | Process opened 7/11/2008 by user |
| 7/11/2008 | FOR | | | | | | Jessica Hill. |
| 7/11/2008 | FOR | | | | | | 07/11/08 - 11:54 - 57127 |
| 7/11/2008 | FOR | | | | | | User has updated the system for the |
| 7/11/2008 | FOR | | | | | | following event: Attorney Confirmed |
| 7/11/2008 | FOR | | | | | | File on Hold, completed on 7/11/2008 |
| 7/11/2008 | FOR | | | | | | 07/11/08 - 09:24 - 39123 |
| 7/11/2008 | FOR | | | | | | Intercom From: Jessica Hill, GMAC - |
| 7/11/2008 | FOR | | | | | | To: Donna Fitton (at-exet), Michael |
| 7/11/2008 | FOR | | | | | | Mora (at-exet) / Message: Please |
| 7/11/2008 | FOR | | | | | | postpone 7/14 sale for 30 days. Than |
| 7/11/2008 | FOR | | | | | | 07/11/08 - 09:24 - 39123 |
| 7/11/2008 | FOR | | | | | | ks |
| 7/11/2008 | FOR | | | | | | 07/11/08 - 09:22 - 39123 |
| 7/11/2008 | FOR | | | | | | User has updated the system for the |
| 7/11/2008 | FOR | | | | | | following event: Attorney Notified |
| 7/11/2008 | FOR | | | | | | to Place File on Hold, completed on |
| 7/11/2008 | FOR | | | | | | 7/11/2008 |
| 7/11/2008 | LMT | | | | | | REC'D EXECUTED DOCS  (4100) COMPLETED 07/11/08 |
| 7/14/2008 | DM | | | | | T:00000 | PROMISE BROKEN 07/14/08 PROMISE DT 07/12/08 |
| 7/15/2008 | FOR | | | | | | file on hold |
| 7/15/2008 | FOR | | | | | | TASK:0606-FCL-CHANGD FUPDT  08/14/08 |
| 7/15/2008 | FOR | | | | | | file on hold |
| 7/15/2008 | FOR | | | | | | TASK:0605-FCL-CHANGD FUPDT  08/14/08 |
| 7/16/2008 | NT | LMT | | | | T:16659 | Repay Plan Late, Phoned. |
| 7/16/2008 | NT | LMT | | | | T:16659 | Repay Plan Late, Phoned. |
| 7/18/2008 | CBR | | 0 | 00 | 1 | T:00000 | FORECLOSURE STARTED |
| 7/18/2008 | CBR | | 0 | 00 | 1 | T:00000 | DELINQUENT:  180+ DAYS |
| 7/18/2008 | CBR | | 0 | 00 | 1 | T:00000 | CHANGE IN PRIMARY BORROWERS ADDR |
| 7/21/2008 | D28 | | 0 | DT | 8 | | BILLING STATEMENT FROM REPORT R628 |
| 7/23/2008 | FSV | | 0 | 00 | 1 | T:00000 | INSP TYPE F ORDERED;    REQ CD =AUTO DELQ |

| Date | Code | Code 2 | | | | T-No. | Description |
|------|------|--------|---|---|---|-------|-------------|
| 8/4/2008 | DM | | | | | T:00000 | EARLY IND: SCORE 244 MODEL:EIFRC |
| 8/8/2008 | CBR | | 0 | 00 | 1 | T:00000 | FORECLOSURE STARTED |
| 8/8/2008 | CBR | | 0 | 00 | 1 | T:00000 | DELINQUENT: 180+ DAYS |
| 8/12/2008 | DM | | | | | T:21319 | TT B1 TRFR EXT.3283. TCERTAIN EXT.6142 |
| 8/12/2008 | DM | | | | | T:21319 | ACTION/RESULT CD CHANGED FROM LMDC TO LMDC |
| 8/19/2008 | D28 | | 0 | DT | 8 | | BILLING STATEMENT FROM REPORT R628 |
| 8/21/2008 | CIT | CSH10 | | | | T:01659 | 015 New Cit #827-recd prsnl ck #1294 $6000.00 for |
| 8/21/2008 | CIT | CSH10 | | | | T:01659 | this FCLs Dallas3P Loan.  Please advise. |
| 8/21/2008 | CIT | CSH10 | | | | T:01659 | Retarget to T1659 |
| 8/25/2008 | FSV | | 0 | 00 | 1 | T:00000 | INSP TYPE F ORDERED;    REQ CD =AUTO DELQ |
| 8/25/2008 | CIT | COL10 | | | | T:21383 | 015 retargeting CIT 827: please return $6000.00 as |
| 8/25/2008 | CIT | COL10 | | | | T:21383 | rpp amount is $6740/78: gsaverin x2909 |
| 8/27/2008 | OL | | 0 | 53 | 7 | | WDOYCSH-PYMT PROC-RTRN PYMT TO CUSTOMER |
| 8/27/2008 | NT | STOP | | | | T:01655 | WARNING CODE 5; Returning personal check 1294 in |
| 8/27/2008 | NT | STOP | | | | T:01655 | the amount of $6,000.00; not enough to reinstate |
| 8/27/2008 | CIT | CSH10 | | | | T:01655 | 015 DONE 08/27/08 BY TLR 01655 |
| 8/27/2008 | CIT | CSH10 | | | | T:01655 | TSK TYP 827-LOSS MIT INSTRU |

## Exhibit C

# GMAC Mortgage

3451 Hammond Ave
P.O. Box 780
Waterloo, IA 50704-0780

06/13/08

## FORECLOSURE REPAYMENT AGREEMENT

ALAN IRVING MOSS

86 SAN LUCAS AVE
MOSS BEACH        CA 94038-0000

RE:   Account Number      REDACTED
      Property Address    86 SAN LUCAS AVE
                          MOSS BEACH      CA 94038-0000

ALAN IRVING MOSS  ("Customer") and GMAC Mortgage, LLC ("Lender"), in consideration for the mutual covenants set forth in this Foreclosure Repayment Agreement (the "Agreement"), hereby agree as follows:

1. There is an outstanding debt to the Lender pursuant to a note and mortgage or deed of trust or equivalent security instrument (the "Mortgage") executed on 06/22/05, in the original principal amount of $612500.00.

2. The account is presently in default for non-payment to Lender of the 01/01/08 installment and all subsequent monthly payments due on the Mortgage for principal, interest, escrows and charges.

3. The amount necessary to cure the default is $97,608.50 plus such additional amounts that are presently due under the terms of the loan documents as of 06/13/08, and will increase until the default in the account is brought current.

4. Lender has instituted foreclosure proceedings against the property securing the Mortgage indebtedness, which proceedings will continue until the default(s) described herein is/are brought current under the terms of the Mortgage, or otherwise cured as provided for in this Agreement.

5. Notwithstanding the foregoing, Lender agrees to suspend but not terminate foreclosure activity on the default account, provided we receive the executed Agreement and we receive the initial installment in the amount of $50,000.00 no later than 6/12/2008. This executed Agreement can be mailed or faxed to us at:

06/13/08
Account REDACTED
Page Two


GMAC Mortgage, LLC
Attention: Default Payment Processor
3451 Hammond Avenue
Waterloo, IA 50702
Fax: 866-340-5043

6.  Pursuant to your request you agree to pay the remainder of the default, $47,608.50, as
    indicated in the Payment Schedule enclosed and made a part hereof by reference.  Customer
    understands that payments due under the Payment Schedule may include amounts due for
    real estate taxes and insurance, and the Payment Schedule amounts may, in such event, have
    to be increased, at the sole option of the Lender, if the items for such escrow purposes
    should increase during the duration of the Agreement.


7.  All payments under this Agreement, including the regular monthly payments, shall be made
    in certified funds or cashier's check, shall include the account number on the Customer's
    check or on a written attachment to the check, and shall be sent to the following address:


GMAC Mortgage, LLC
Attention: Default Payment Processor
3451 Hammond Avenue
Waterloo, IA 50702

Additional methods of remitting payments under this agreement are:
    - Money Gram using a Receive Code of 2365
    - Western Union using a Code City and State of HOME,IOWA

If payment is tendered in any other form, Lender may return the payment and invoke any
remedies available under the loan documents and this Agreement.


8.  In the event we do not receive timely payment called for under this Agreement, Lender
    may, without further notice to Customer, undertake or continue collection or foreclosure
    activities.  In such event, any payments tendered under this Agreement shall be applied to
    the account in the manner specified in the Mortgage, and there will be no right to a refund
    of the tendered funds.  In the event Lender chooses to accept any payment not in the full
    amount called for under this Agreement, such acceptance shall not be deemed a waiver of
    Lender's right to declare a default under this Agreement.  Upon any default in meeting the
    terms of this Agreement, any such payments received under the terms of this Agreement
    shall be applied first against the default in the account, with the excess, if any, then applied
    according to the terms of the Mortgage.  The parties expressly understand and agree time
    shall be of the essence as to the obligation under this Agreement.

06/13/08
Account Number REDACTED
Page Three

9.  Customer understands and agrees that all other provisions, covenants and agreements set
    forth in the Mortgage shall remain in force and effect during the duration of this Agreement
    and thereafter, and this Agreement shall not constitute a modification or extension of the
    Mortgage.

10. If a notice of a new or subsequent bankruptcy is received during the duration of this
    Agreement, the Agreement will automatically be voided.

11. Acceptance of any payment hereunder shall not constitute a cure nor be deemed a waiver of
    the existing default, and in no manner shall such acceptance prejudice any rights of Lender
    to proceed with the Trustee Sale Action noticed in the Notice of Default, and shall not
    constitute a violation of California Code of Civil Procedure Section 726.580(a), 580(d) (the
    One Form of Action Rule), and shall not invalidate the Notice of Default. Customer
    expressly relinquishes and waives any rights, claims and defenses Customer may have under
    any of the Code of Civil Procedure Sections or under the Loan with regard to any whole or
    partial payments, whether current, past or future.

12. If any additional amounts are added to the loan to be collected that have not been addressed
    in this agreement, those amounts will need to be paid at the conclusion of this agreement.

Notice: This is an attempt to collect a debt, and any information obtained will be used for
that purpose. If your debt has been discharged in bankruptcy, our rights are being
exercised against the collateral for the above-referenced account, not as a personal
liability.

If you have any additional questions, please contact us at 800-850-4622, extension
8746820.

Loss Mitigation Department
Loan Servicing

Enclosure

06/13/08
Account REDACTED
Page Four

********************CERTIFIED FUNDS ONLY************************

NOTE:  There is no grace period during this Agreement.  Pursuant to your request and in order
to cure the default on this account, all payments must be received on or before the due date.

RECEIVED AND AGREED:

_____ (Seal)        _____
ALAN IRVING MOSS                                 Date
Customer


_____                _____
                                                 Date
Customer


Upon receipt of the signed agreement, we as the Servicer will also execute to indicate our
concurrence with this agreement.


_____
Servicer


5:15


## SIGN AND RETURN THIS PAGE ONLY

*****************************FAX TO 866-340-5043 **************************